**Hearing Date and Time: December 17, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: December 10, 2013 at 10:00 a.m. (ET)**

**PACHULSKI STANG ZIEHL & JONES LLP**
Robert J. Feinstein
Maria A. Bove
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

In re:                                                    :    Chapter 11

                                                          :

RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al.</u>,            :    Case No. 12-12020 (MG)

                                   Debtors.                :    Jointly Administered

-------------------------------------------------------- x

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED**
**OBJECTION TO CERTAIN INTERIM FEE APPLICATIONS AND THE FINAL FEE**
**<u>APPLICATIONS OF THE EXAMINER'S PROFESSIONALS</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[1] of the above-

captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby files this

limited objection (the "<u>Limited Objection</u>") to (i) the interim fee applications of the Debtors' and

the Examiner's professionals (collectively, the "<u>Fourth Interim Fee Applications</u>"), and (ii) the

final applications for professional compensation and reimbursement of expenses for the period

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the *Revised Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, filed on December 6, 2013 [Docket No. 6030].

from July 3, 2012 through and including October 31, 2013 filed by the Examiner's professionals

(collectively, the "Examiner Professionals") [Docket Nos. 5844, 5846, 5848, 5849].  In support

of the Limited Objection, the Committee respectfully represents as follows:

**Preliminary Statement**

After months of intense mediation, in May of this year, the Committee and the

Debtors, together with the Consenting Claimants and AFI, ultimately reached an agreement-in-

principle, enabling the parties to move forward towards resolution of these challenging chapter

11 cases.  From virtually the minute of its filing, the Committee has been engaged in the all-

consuming process of bringing the promise of that initial term sheet to fruition in the form of a

confirmable chapter 11 plan that has almost unanimous creditor support.  As the Court well

knows, that process has included, among many other things, contentious litigation with the

Junior Secured Noteholders, culminating in two separate week-long trials in October and

November of this year.  Sandwiched between the two trials, and on the very eve of the first day

of the contested confirmation hearing, the estate professionals filed the Fourth Interim Fee

Applications seeking approval of over $60 million in fees and the Examiner Professionals filed

their requests for final approval of approximately $90 million dollars in fees and expenses,

complete with supporting documents in excess of 600 pages.

Following the Effective Date, the Liquidating Trust intends to review the final fee

applications of all estate professionals for reasonableness.  In anticipation of this review and in

light of the substantial payments already received by the estate professionals on an interim basis,

all professionals for the Committee have agreed to forego their receipt of remaining amounts

being held back from current and prior fee applications, until final approval of such fees and

expenses at the final fee hearing.  The Committee requests that the Court apply this treatment

- 2 -

DOCS_NY:30668.2

uniformly to all estate professionals with respect to the Fourth Interim Fee Applications and all prior fee applications. The estate professionals will suffer no prejudice by allowing the Debtors to continue to maintain the held-back amounts until the final fee hearing, as professionals have already received all or substantial portions of their requested fees for prior fee periods and the hearing on final fee applications for all estate professionals will occur in early 2014.

With respect to the Examiner Professionals final fee applications, the Committee requested from the Examiner Professionals the courtesy of a consensual adjournment of the December 17, 2013 hearing date noticed for their applications. That courtesy was denied. A subsequent similar request to the Court was met with a forceful and antagonistic response from the Examiner Professionals. Rather than state their affirmative reasons -- such as they are -- for somehow needing to be paid in full before any other estate professionals in the case, the Examiner Professionals instead resorted to criticizing the Committee's professionalism and diligence. This pleading responds to those unwarranted criticisms, and requests certain limited relief in connection with the fee applications of the Examiner Professionals.[2]

## Limited Objection

### A. The Court Should Maintain Current Holdback Amounts for All Estate Professionals.

1.      The estate professional fees in these chapter 11 cases are significant. While the Court continues to review and approve fee applications on an interim basis, interim approval of such fees remains expressly subject to final review by the Court, the U.S. Trustee, and all other parties in interest in connection with a final fee hearing.

---

[2] The Committee does not object to the final fee application of the Honorable Arthur J. Gonzalez, as Examiner [Docket No. 5850]. Given the limited amount of fees requested by the Examiner and because his final fee application only requests compensation for the professional services of one individual, the Committee has adequately reviewed his time records and is comfortable that his final fee application requests appropriate compensation.

2.      The Plan presently before the Court contemplates an Effective Date in December 2013, and the establishment of a Liquidating Trust to manage the wind-down of the Debtors' estates and distributions to creditors, with a duty towards maximizing the value of the Debtors' estates for the benefit of creditors.   In furtherance of its duties, the Committee understands that the Liquidating Trust is prepared and intends to conduct a review of the final fee requests of all estate professionals post-Effective Date, simultaneous with the final review by the Court and the U.S. Trustee.  The Plan and proposed Confirmation Order also provide that final fee applications will be due within seventy-five (75) days of the Effective Date, with a hearing to occur no sooner than sixty (60) days thereafter.  Given the significance of the holdback amounts released during prior fee periods,[3] the Committee believes it appropriate to maintain the current holdback amounts (i.e., 20% of amounts requested in the Fourth Interim Fee Applications, and 10% of amounts requested in the fee applications for the period from January 1, 2013 through April 30, 2013), pending final approval of requested fees and expenses at the final fee hearing to be held in early 2014.

3.      The estate professionals will suffer no prejudice as a result of maintaining the holdback pending final approval of the estate professionals' fee requests.  The Committee professionals have agreed to the maintenance of such held-back amounts. Accordingly, the Committee requests that this Court apply similar treatment uniformly to all estate professionals.

---

[3] Specifically, the Court authorized the release of 100% of the holdback amounts for the first and second interim fee periods, resulting in payment of 100% of the requested fees and expenses during the first and second interim fee periods, and half of the holdback amounts for the third interim fee period, resulting in payment of 90% of the requested fees and expenses during this period.

- 4 -

**B. The Court Should Defer Final Approval of the Examiner Professionals' Final Fee Applications to the Final Fee Hearing for All Estate Professionals.**

4.    In addition to maintaining previously held-back amounts for all estate professionals, the Committee continues to believe it is not appropriate for the hearing on the Examiner Professionals' final fee applications to occur prior to the Effective Date of the Plan and in advance of the hearing on the final fee applications of all other estate professionals, particularly in light of the substantial sums involved.[4]   The Examiner Professionals seek final approval of approximately $90 million, which comprises approximately 25% of the total fees requested by all estate professionals to date.   While the Committee recognizes the Court has ruled that the hearing on the Examiner Professionals' fee applications will go forward on December 17, 2013, the Committee respectfully requests that approval continue to be on an interim basis until all parties in interest are afforded an opportunity to finally review the Examiner Professionals' substantial   fee applications in conjunction with the final fee applications of all other estate professionals once they are filed in accordance with the Plan.

5.    Contrary to the suggestions of the Examiner's counsel, the Committee has regularly reviewed the interim fee requests of all estate professionals.   However, given the unprecedented breadth, speed, and contentious nature of these chapter 11 cases, the Committee believed it was more productive to focus first on reaching consensual resolutions of the numerous complex issues involved in these cases, rather than burdening the Court with periodic fee disputes over estate professionals' quarterly interim fee applications.   In fact, this judgment

---

[4] Hudson Cook LLP and Pepper Hamilton LLP are also seeking final approval of their fees and expenses at the December 17, 2013 hearing [Docket Nos. 5980, 5819] and, Hudson Cook filed its third interim and final application two weeks after the deadline required by the notice scheduling the hearing on interim fee applications. The Committee likewise requests they agree to defer final approval of these fee applications until the final fee applications of all other estate professionals are filed and heard in accordance with the Plan post-Effective Date. To the extent they do not consent to such adjournment, the Committee requests similar relief from the Court to that requested of the Examiner Professionals herein.

- 5 -

has proved to be effective.  In less than 18 months, we are on the verge of an almost entirely

consensual chapter 11 plan, something that seemed impossible at the outset of these cases.

6.      In contrast to all other estate professionals, the Examiner Professionals

filed their final fee applications on November 18, 2013, literally the eve of the Phase II trial and

contested confirmation hearing.  Rather than diverting Committee attention to the details of the

Examiner Professionals' substantial final fee applications and incurring the related expenses in

the midst of the confirmation hearing, the Committee devoted its time and resources over the

past 30 days to resolving the remaining open issues in these cases (many of which, as the Court

is aware, were resolved in the few weeks since the commencement of the confirmation hearing).

7.      It is disingenuous for the Examiner's counsel to suggest that the

Committee has abdicated its responsibility or forfeited its right to review final fee applications

for reasonableness and accuracy.  Indeed, this Court has noted that approval of fees on an interim

basis does not constitute final approval, and that "until they're approved on a final basis, they're

subject to disgorgement, they're subject to all the usual rights that remain."  Sept. 11, 2013

Hearing Tr. at 79:24-80:4.  Consistent with customary practice in most chapter 11 cases, the

Committee has conducted a general review of each of the Examiner Professionals' monthly fee

statements and interim fee applications, with the understanding that an additional opportunity to

review the final fee applications of all estate professionals, including detailed review of time

records, would occur on a collective basis at the conclusion of the cases.

8.      Reviewing the final fee applications of all estate professionals

simultaneously at the conclusion of these cases ensures that there is a uniform review of such

applications and provides the parties a perspective that a premature, piece-meal review does not

yield.  Only once the cases are complete and upon analysis of all final fee applications in the

- 6 -

context of the cases as a whole can the reviewing party obtain a complete picture of the scope of issues handled, efficiency, and staffing levels by various parties throughout the entire duration of the cases.  The Committee believes that the Liquidating Trust Board should have the opportunity to perform such a coherent review post-Effective Date and is confident that the Liquidating Trust Board, representing the interests of all the creditors whose funds will be used to pay the fees of the professionals, will be able to perform such review promptly.

9.    The sheer size of the Examiner Professionals' requested fees properly makes them the focus of interest of many constituencies in these cases.  Even acknowledging the complexity of this case, a fee award of $90 million incurred in about nine months' time merits a careful examination following the Effective Date.[5]  It is only appropriate that professionals requesting such sizeable fees submit to a proper inquiry into their substance rather than seek a strategic advantage by insisting on a hasty review.  The Committee is surprised and disappointed that the Examiner Professionals are unwilling to make allowances concerning the timing of the Committee's review, particularly in light of the events of the past few months and the substantial interim awards and payments that have been and will be made.

---

[5] The Examiner Professionals' requested fees are significant.  *Compare In re Residential Capital*, No. 12-12020 (Bankr. S.D.N.Y. Nov.18, 2013) (Examiner Professionals requesting final approval of fees and expenses totaling approximately $90 million, with the Examiner's report filed approximately ten months after the appointment of the Examiner), *with In re Extended Stay, Inc.*, No. 09-13764 (Bankr. S.D.N.Y. Nov. 12, 2010) (counsel and financial advisor to the examiner requested final approval of fees and expenses in the aggregate amount of approximately $5.8 million, with the examiner's report being filed within six months of the appointment of the examiner) [Docket Nos. 1315, 1318]; *In re Tribune Co.*, No. 08-13141 (Bankr. D. Del. Oct. 22, 2010) (two law firms serving as counsel and financial advisor to the examiner awarded final fees in the aggregate amount of approximately $11.4 million, with the examiner's report being filed within three months of the appointment of the examiner)  [Docket No. 6077]; *In re SemCrude, L.P.*, No. 08-11525 (Bankr. D. Del. Aug. 31, 2009) (two law firms serving as counsel and two advisors to the examiner requested final approval of fees and expenses in the aggregate amount of approximately $5.3 million, with the examiner report completed approximately five months after the appointment of the examiner) [Docket No. 5482, 5483, 5484, 5485]; *In re Dynegy Holdings, LLC,* No. 11-38111 (Bankr. S.D.N.Y. Oct. 26, 2012) (counsel and financial advisor to the examiner requested final approval of fees and expenses in the aggregate amount of approximately $6 million, with the examiner's report being filed within sixty days of the appointment of the examiner) [Docket Nos. 1135, 1136].

10. Further, Chadbourne & Parke LLP's requested reservation of rights to seek additional fees and expenses from November 1, 2013 through the Effective Date underscores their inappropriate timing and the need to defer consideration of these applications until truly final fee applications covering all fees and expenses incurred through the Effective Date are filed and heard.[6] At the very least, if this Court does not defer ruling on the Examiner's Professionals fees on a final basis, it should require such professionals to provide an estimate of any such additional fees or expenses.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court (i) maintain all amounts held back in the Fourth Interim Fee Applications and all prior fee periods for all estate professionals, and (ii) approve the fee applications of the Examiner Professionals on an interim basis and defer final approval of each of the Examiner Professionals' final fee requests until the final fee applications of all other estate professionals are filed and heard in accordance with the Plan.

Dated: New York, New York
       December 10, 2013

                    **PACHULSKI STANG ZIEHL& JONES LLP**

                    */s/ Robert J. Feinstein*
                    Robert J. Feinstein
                    Maria A. Bove
                    780 Third Avenue, 36th Floor
                    New York, New York 10017
                    Telephone:  (212) 561-7700
                    Facsimile:  (212) 561-7777

                    *Co-Counsel for the Official Committee*
                    *of Unsecured Creditors*

---

[6] *See Final Application of Chadbourne & Park LLP, Counsel to the Examiner, for Allowance of Compensation and reimbursement of Expenses* [Docket No. 5849] at ¶ 69.