Hearing Date:  December 17, 2013 at 10:00 a.m. (ET)
Objection Deadline:  December 10, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM STAY
FILED ON BEHALF OF LEANETHA DARBY [DOCKET NO. 5784]**

ny-1120340

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession

in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this

objection (the "**Objection**") to the *Motion for Relief From Stay,* filed on behalf of Leanetha

Darby ("**Movant**") by and through her counsel, on November 15, 2013 [Docket No. 5784] (the

"**Motion**"). In support hereof, the Debtors submit the Declaration of Lauren Graham Delehey,

dated December 10, 2013 (the "**Delehey Decl.**"), attached hereto as **Exhibit 1**, and respectfully

represent as follows:

## PRELIMINARY STATEMENT

1.      Movant purportedly seeks relief from the automatic stay in order to

prosecute a wrongful foreclosure suit (the "**California Action**") against Debtor GMAC

Mortgage, LLC ("**GMACM**") pending in the Superior Court of the State of California, County

of Los Angeles – Van Nuys (the "**California State Court**"). (Motion at 2.) Under the

Supplemental Servicing Order (defined below), the automatic stay has already been modified to

permit Movant to assert claims and counterclaims against the Debtors to the extent such claims

and counterclaims constitute a defense to a foreclosure or eviction action against Movant.

However, the foreclosure that is the subject of the California Action was completed over two

years ago, and the property was sold to a third party in March 2012. Accordingly, Movant's

available remedies are limited to monetary compensation. To the extent Movant is seeking stay

relief in order to prosecute pre-petition monetary claims, such relief should be denied, as those

claims must be asserted through the filing of a timely proof of claim, which Movant failed to do.

2.      For the above reasons, and as more fully set forth below, the Debtors

respectfully request that this Court enter an order denying the Motion.

ny-1120340

**BACKGROUND**

A.    **General Chapter 11 Case Background**

3.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  No trustee has been appointed in these chapter 11 cases.

4.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.    On June 20, 2012, the Court directed that an examiner be appointed (the "**Examiner**"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3698].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

6.    On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

2

7.      On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date (the "**Bar Date**").  The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

8.      In accordance with the Bar Date Order, the estate of Ray Darby, Movant's now deceased husband who was the sole borrower under the Loan (defined below) was served with the notice of the Bar Date, as was Movant's counsel.  See Affidavits of Service, attached hereto as **Exhibit 2**.  Movant has not filed a proof of claim in these chapter 11 cases.

9.      On November 21, 2012, the Court entered orders approving the sale of the Debtors' mortgage loan origination and servicing platform to Ocwen Loan Servicing, LLC[1] ("**Ocwen**") and the sale of the Debtors' whole loan portfolio to Berkshire Hathaway, Inc.[2] ("**Berkshire**").

10.     On February 1, 2013, the sale of the Debtors' whole loan portfolio to Berkshire closed.

11.     On February 15, 2013, the sale of the Debtors' mortgage loan servicing platform to Ocwen closed.

---

[1]   See *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246].

[2]   See *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [Docket No. 2247].

ny-1120340

12.    On July 3, 2013, the Debtors filed the Joint Chapter 11 Plan Proposed by
Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No.
4153] (as amended, modified, or supplemented, the "**Plan**") and the Disclosure Statement for the
Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors [Docket No. 4157] (as amended, modified, or supplemented, the
"**Disclosure Statement**").  On August 16, 2013, the Plan Proponents filed a revised Disclosure
Statement, which included a revised copy of the plan filed on July 3, 2013 [Docket No. 4733],
each of which were further revised on August 20, 2013 [Docket No. 4770] and August 23, 2013
[Docket No. 4819]. On August 23, 2013, the Court entered an order approving, *inter alia*, the
Disclosure Statement, as amended [Docket No. 4809].

13.    The hearing to consider confirmation of the Plan was conducted on
November 19-22, and 25-26, 2013.

14.    On December 6, 2013, the Debtors filed a second amended version of the
Plan [Docket No. 6030].

15.    Closing arguments regarding confirmation of the Plan are scheduled to be
held on December 11, 2013.

**B.    Events Giving Rise To The California Action**

16.    On or about February 4, 2004, Ray Darby ("**Borrower**"), Movant's now
deceased husband, obtained a loan (the "**Loan**") evidenced by a note (the "**Note**") and secured
by a deed of trust (the "**Deed of Trust**") from GMAC Mortgage Corporation (now GMACM) in
the amount of $340,00 against the property located at 7700 Oso Ave., Winnetka, California
91306 (the "**Property**").  (Delehey Decl., ¶ 4). GMACM was also the servicer of the Loan.  Id.
Borrower was the sole signatory on both the Note and the Deed of Trust.  See Note and Deed of
Trust, attached to Delehey Decl. as Exhibits A and B.

17.    Following Borrower's death in December 2008, Movant purportedly became the successor in interest with respect to Borrower's interest in the Property although Movant failed to provide adequate documentation substantiating this contention despite multiple requests by GMACM.  (Delehey Decl., ¶ 5).

18.    California law allows for non-judicial foreclosures.  As a result of Borrower and/or Movant's continuing default under the Loan, on or about February 25, 2011, Executive Trustee Services ("**ETS**"), acting as agent for GMACM, served and recorded a notice of default on the Loan.  (Delehey Decl., ¶ 6).

19.    On or about June 6, 2011, ETS recorded a notice of trustee's sale of the Property, which was scheduled to be held on June 27, 2011.  (Delehey Decl., ¶ 7).

20.    The trustee's sale was ultimately held on August 23, 2011, at which time the Property reverted to GMACM.  (Delehey Decl., ¶ 8).

21.    On or about March 20, 2012, the Property was sold to a third party purchaser.  (Delehey Decl., ¶ 9).

22.    One year later, on or about March 20, 2013, Movant filed a complaint (the "**Complaint**") commencing the California Action against GMACM, ETS, and various unspecified defendants in the California State Court (Case No. LC100069), asserting claims for: (I) Fraudulent Concealment; (II) Intentional Misrepresentation; (III) Negligent Misrepresentation; (IV) Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692(E)); (V) Violation of the Rosenthal Fair Debt Collection Practices Act (California Civil Code § 1812.700(A)); and (VI) Negligence.  See Motion, Ex. A.  The Complaint seeks: (a) rescission of the notice of default and foreclosure on the Property; (b) compensatory damages; (c) attorneys' fees and costs; and (d) an accounting.  Id.

23.     On April 26, 2013, GMACM filed a Notice of Bankruptcy and Suggestion

of Automatic Stay (the "**NOB**") with the California State Court.  (Delehey Decl., ¶ 11).

24.     The California Action has remained stayed since the NOB was filed.

(Delehey Decl., ¶ 12).

25.     On November 15, 2013, Movant filed the Motion.

## OBJECTION

### A.     Applicable Authority

26.     The automatic stay imposed by section 362(a) of the Bankruptcy Code is a

core provision of bankruptcy law that promotes the reorganization process by providing the

debtor with "a breathing spell from [its] creditors."[3]  Teachers Ins. & Annuity Ass'n of Am. v.

Butler, 803 F.2d 61, 64-65 (2d Cir. 1986) (holding that the automatic stay applied to an appeal

that otherwise would "distract . . . debtor's attention from its primary goal of reorganizing").  It

affords "one of the fundamental debtor protections provided by the bankruptcy laws."  Midlantic

Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986) (citation and internal

quotation marks omitted).  Likewise, it allows the debtor to manage and, where appropriate,

centralize all creditor actions against property of the estate, "so that reorganization can

proceed efficiently, unimpeded by uncoordinated proceedings in other arenas."  Shugrue v.

Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir. 1990).

---

[3]     Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition:

operates as a stay, applicable to all entities, of –

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

6

27.     Section 362(d)(1) of the Bankruptcy Code provides that a court may grant relief from the automatic stay for "cause."  See 11 U.S.C. § 362(d)(1).  The moving party bears the initial burden to demonstrate that good cause exists for lifting the stay.[4]  The movant's burden is especially heavy if it is an unsecured creditor.  "The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief."[5]

### B.     The Motion Should Be Denied

28.     Movant requests that the Court lift the automatic stay to allow Movant to prosecute her pre-petition monetary claims against GMACM.  Motion at 2-3.  Pursuant to the Supplemental Servicing Order, this Court granted limited stay relief to permit borrowers to assert claims and counterclaims to the extent they constitute defenses to a pending foreclosure or eviction proceeding.  See Supplemental Servicing Order, ¶ 14.  A copy of the Supplemental Servicing Order was provided to Movant and filed with the California State Court as an attachment to the NOB.

29.     Although the Supplemental Servicing Order grants stay relief to parties to pursue equitable causes of action that would be defenses to a foreclosure, that relief is inapplicable to the California Action.  Movant's Complaint includes a request to set aside the foreclosure sale, but the Property was sold to a third party good faith purchaser over a year and a half ago, rendering rescission unavailable.  See, e.g., Moeller v. Lien, 25 Cal. App. 4th 822, 831 (Cal. Ct. App. 1994) ("[A]s a general rule, a trustor has no right to set aside a trustee's deed as

---

[4]    See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285  (2d Cir. 1990).  See also  Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (quotation omitted).

[5]    In re Leibowitz, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); see also In re Motors Liquidation Co., No. 10 Civ. 36 (RJH), 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010).

7

against a bona fide purchaser for value by attacking the validity of the sale."). Accordingly,

monetary damages are the only remedy available to Movant in the event she was to prevail in the

California Action.

30.    Movant's request for stay relief in order to prosecute her pre-petition

monetary claims against the Debtors should be denied, as those claims must be asserted through

the filing of a timely proof of claim. Although Borrower's estate and Movant through her

counsel were timely served with notice of the Bar Date, Movant failed to file a proof of claim.

Accordingly, she is now barred from asserting such claims, and a grant of stay relief to liquidate

those claims would serve no purpose.

## CONCLUSION

31.    For the reasons set forth above, the Debtors respectfully submit that

Movant has failed to show cause justifying stay relief. As such, the Court should deny the

Motion.

WHEREFORE, the Debtors request that the Court enter an Order (a) denying the Motion

and (b) granting such other relief as the Court deems proper.

New York, New York                         /s/ Norman S. Rosenbaum
Dated: December 10, 2013                    Gary S. Lee
                                            Norman S. Rosenbaum
                                            Erica J. Richards
                                            MORRISON & FOERSTER LLP
                                            1290 Avenue of the Americas
                                            New York, New York 10104
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel to the Debtors and
                                            Debtors in Possession*