Hearing Date: December 17, 2013 at 10:00 a.m. (ET)
Objection Deadline: December 10, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
In re:                                                            )   Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                                 )   Chapter 11
                                                                  )
                              Debtors.                            )   Jointly Administered
                                                                  )
----------------------------------------------------------------- )

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM STAY
FILED ON BEHALF OF ROSALIND ALEXANDER-KASPARIK [DOCKET NO. 5621]**

ny-1120571

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1
BACKGROUND ............................................................................................................................2
    A.    General Chapter 11 Case Background.................................................................2
    B.    Events Giving Rise To The California Action .......................................................4
OBJECTION ..................................................................................................................................6
    A.    Applicable Authority ...............................................................................................6
    B.    Analysis of the Relevant Sonnax Factors...............................................................8
CONCLUSION .............................................................................................................................11

EXHIBITS:

Exhibit 1     Delehey Declaration

ny-1120571

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow),
    126 F.3d 43 (2d Cir. 1997) ............................................................................................... 7

Carrera v. Bally Total Fitness (In re Bally Total Fitness of Greater N.Y., Inc.),
    411 B.R. 142 (S.D.N.Y.) ................................................................................................. 9

City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.),
    28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) ..................................................................... 9

In re Bally Total Fitness of Greater N.Y., Inc.,
    402 B.R. 616, 624, (Bankr. S.D.N.Y. 2009) ............................................................ 9, 11

In re Leibowitz,
    147 B.R. 341 (Bankr. S.D.N.Y. 1992) ............................................................................ 7

In re Motors Liquidation Co.,
    No. 10 Civ. 36 (RJH), 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010) ........................... 7

Mazzeo v. Lenhart (In re Mazzeo),
    167 F.3d 139, 143 (2d Cir. 1999) ................................................................................... 7

Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.,
    474 U.S. 494 (1986) ....................................................................................................... 6

Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.),
    922 F.2d 984 (2d Cir. 1990) ........................................................................................... 6

Sonnax Indus., Inc. v. Tri Component Prods. (In re Sonnax Indus., Inc.),
    907 F.2d 1280 (2d Cir. 1990) ......................................................................................... 7

Teachers Ins. & Annuity Ass'n of Am. v. Butler,
    803 F.2d 61 (2d Cir. 1986) ............................................................................................. 6

Zenith Labs., Inc. v. Sinay (In re Zenith Labs., Inc.),
    104 B.R. 659, 666 (D.N.J. 1989) ................................................................................. 11

**STATUTES**

Bankruptcy Code § 362(a)(1) ................................................................................................. 6

Bankruptcy Code § 362(d)(1) ................................................................................................. 6

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this objection (the "**Objection**") to the *Motion for Relief From Stay,* filed on behalf of Rosalind Alexander-Kasparik ("**Movant**") by and through her counsel, on November 7, 2013 [Docket No. 5621] (the "**Motion**"). In support hereof, the Debtors submit the Declaration of Lauren Graham Delehey, dated December 10, 2013 (the "**Delehey Decl.**"), attached hereto as **Exhibit 1**, and respectfully represent:

## PRELIMINARY STATEMENT

1. Movant seeks relief from the automatic stay in order to prosecute monetary claims in connection with a wrongful foreclosure suit (the "**California Action**") against Debtor GMAC Mortgage, LLC ("**GMACM**") pending in the Superior Court of the State of California, County of San Diego (the "**California State Court**"). (Motion at 2.) The Motion should be denied because Movant has not satisfied her burden of establishing sufficient cause as to why her case should be permitted to proceed notwithstanding the statutorily imposed breathing spell to which the Debtors are entitled under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. Movant has not analyzed any of the relevant Sonnax factors in support of her request for relief from the stay, and has failed to satisfy her requisite burden of proof. For the above reasons, and as more fully set forth below, the Debtors respectfully request that this Court deny the Motion.

1
ny-1120571

## BACKGROUND

A.     **General Chapter 11 Case Background**

3. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). No trustee has been appointed in these chapter 11 cases.

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5. On June 20, 2012, the Court directed that an examiner be appointed (the "**Examiner**"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3698]. On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

6. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

ny-1120571

7.  On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date (the "**Bar Date**"). The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

8.  On November 21, 2012, the Court entered an order[1] approving the sale of the Debtors' mortgage loan origination and servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**").

9.  On February 15, 2013, the sale of the Debtors' mortgage loan servicing platform to Ocwen closed.

10. On July 3, 2013, the Debtors filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 4153] (as amended, modified, or supplemented, the "**Plan**") and the Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 4157] (as amended, modified, or supplemented, the "**Disclosure Statement**"). On August 16, 2013, the Plan Proponents filed a revised Disclosure Statement, which included a revised copy of the plan filed on July 3, 2013 [Docket No. 4733], each of which were further revised on August 20, 2013 [Docket No. 4770] and August 23, 2013 [Docket No. 4819]. On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

---

[1] See *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246].

3

ny-1120571

11.　　The Plan provides for the establishment of a trust (the "**Borrower Claims Trust**") for the benefit of the holders of allowed Borrower Claims (as defined in the Plan). Among other things, the Borrower Claims Trust will direct the processing, liquidation and payment of the allowed Borrower Claims.

12.　　The hearing to consider confirmation of the Plan was conducted on November 19-22, and 25-26, 2013.

13.　　On December 6, 2013, the Debtors filed a second amended version of the Plan [Docket No. 6030].

14.　　Closing arguments regarding confirmation of the Plan are scheduled to be held on December 11, 2013.

**B.　　Events Giving Rise To The California Action**

15.　　On or about May 16, 2006, Movant obtained a loan (the "**Loan**") secured by a first deed of trust from Unitrust Mortgage, Inc. in the amount of $314,240.00 against the property located at 1021 Scott Street #149, San Diego, California 92106 (the "**Property**"). (Delehey Decl., ¶ 4). GMACM was the servicer for the Loan. Id.

16.　　California law allows for non-judicial foreclosures. As a result of Movant's continuing default under the Loan, on or about October 14, 2010, Executive Trustee Services ("**ETS**"), acting as agent for GMACM, served and recorded a notice of default on the Loan. (Delehey Decl., ¶ 5).

17.　　On or about May 24, 2012, ETS recorded a notice of trustee's sale of the Property, which was scheduled to be held on June 19, 2012. (Delehey Decl., ¶ 6).

18.　　GMACM purchased the Property at the trustee's sale, which was ultimately held on July 3, 2012. (Delehey Decl., ¶ 7). Shortly thereafter, GMACM deeded the

Property to Federal Home Loan Mortgage Corporation ("**Freddie Mac**"). Id. Following the closing of the Ocwen sale, Ocwen took over servicing of the Property. Id.

19. On or about July 31, 2012, Movant filed a complaint (the "**Complaint**") commencing the California Action against GMACM, Freddie Mac, and various unspecified defendants in the California State Court (Case No. 37-2012-101531), asserting claims for: (I) Intentional Misrepresentation; (II) Negligent Misrepresentation; (III) Breach of Fiduciary Duty; (IV) Unjust Enrichment; (V) Breach of Contract; (VI) Quiet Title; (VII) Violation of California Civil Code § 2923.6; and (V) Violation of California Business & Professions Code §§ 17200, *et seq*. See Motion, Ex. A. The Complaint seeks: (a) monetary damages; (b) cancellation of the foreclosure and trustee's sale of the Property; (c) declaratory relief; and (d) quiet title relief. Id.

20. On October 10, 2012, GMACM filed a Notice of Bankruptcy and Suggestion of Automatic Stay (the "**NOB**") with the California State Court. (Delehey Decl., ¶ 9).

21. The California Action has remained stayed since the NOB was filed. (Delehey Decl., ¶ 10).

22. On November 8, 2012, Movant's counsel filed a proof of claim (Claim No. 3695) on Movant's behalf against GMACM, asserting a secured claim on account of the California Action in the amount of $1.5 million. (Delehey Decl., ¶ 11).

23. On November 7, 2013, Movant filed the Motion.

**OBJECTION**

A.  **Applicable Authority**

24. The automatic stay imposed by section 362(a) of the Bankruptcy Code is a core provision of bankruptcy law that promotes the reorganization process by providing the debtor with "a breathing spell from [its] creditors."[2] Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 64-65 (2d Cir. 1986) (holding that the automatic stay applied to an appeal that otherwise would "distract . . . debtor's attention from its primary goal of reorganizing"). It affords "one of the fundamental debtor protections provided by the bankruptcy laws." Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986) (citation and internal quotation marks omitted). Likewise, it allows the debtor to manage and, where appropriate, centralize all creditor actions against property of the estate, "so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir. 1990).

25. Section 362(d)(1) of the Bankruptcy Code provides that a court may grant relief from the automatic stay for "cause." See 11 U.S.C. § 362(d)(1). In the context of stayed prepetition litigation, the Second Circuit has outlined the following 12-factor test to determine whether good cause exists to lift the stay to allow the litigation to proceed:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference

---

[2] Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

6

ny-1120571

> with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending the action; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms.

Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990); see also Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999) (vacating a district court order granting stay relief where the bankruptcy court had not applied the Sonnax Factors, made only sparse factual findings and ultimately did not provide the appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate"). In a given case, however, not all of the factors will be relevant, and the court may disregard irrelevant factors. See Mazzeo, 167 F.3d at 143.

26. The moving party bears the initial burden to demonstrate, using the relevant Sonnax factors, that good cause exists for lifting the stay.[3] The movant's burden is especially heavy if it is an unsecured creditor. "The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief."[4]

---

[3] See Sonnax, 907 F.2d at 1285. See Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (quotation omitted).

[4] In re Leibowitz, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); see also In re Motors Liquidation Co., Case. No. 10 Civ. 36 (RJH), 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010).

7

ny-1120571

### B. Analysis of the Relevant Sonnax Factors

27. Here, Movant has not performed any analysis of the Sonnax factors, and has failed to satisfy her burden of proof. However, even a cursory analysis of the relevant Sonnax factors[5] demonstrates that the stay should not be lifted.

28. The first Sonnax factor (complete resolution of the issues) does not support stay relief. No proceedings have taken place to date in the California Action because it was stayed immediately following its filing. Assuming Movant was granted stay relief in order to prosecute the California Action, lifting the stay would only give rise to preliminary motion practice. However, to execute on any judgment, Movant would be required to come to this Court.

29. The second Sonnax factor (interference with the bankruptcy case) weighs in favor of denying the Motion. The Debtors are on the verge of confirming the Plan, following which administration of claims filed by borrowers will be transferred to the Borrower Claims Trust to be established under the Plan. The Borrower Claims Trust will be responsible for reconciling Borrower Claims. The Bankruptcy Code provides an orderly and centralized claims process meant to prevent a debtor from being forced to litigate claims in a piecemeal, ad hoc manner. Granting relief from the stay at this late date where the underlying acting is in its very earliest stages would be inimical to this process. There are numerous similarly situated claims pending resolution. As a consequence, requiring the estates and the Borrower Claims Trust to

---

[5] Sonnax Factors numbers 3 and 9 are not applicable to the facts here. The Debtors do not address Sonnax Factor 8 in their objection, but reserve all rights with regard thereto.

8

ny-1120571

litigate proofs of claims in forums across the country for purposes of liquidating them will inhibit the ability of the Borrower Claims Trust to effectively and efficiently resolve Borrower Claims.[6]

30. The fourth Sonnax factor (creation of a specialized tribunal) does not support relief from the stay because no specialized tribunal has been created to hear the claims brought in the California Action. (Delehey Decl. ¶ 13.) The Bankruptcy Code specifically contemplates resolving prepetition claims against the Debtors via a centralized claims resolution process shepherded by the bankruptcy courts. This Court has recognized that it can interpret and apply state law in resolving claims through the bankruptcy process.[7] Movant's claims are no exception.

31. The fifth Sonnax factor (assumption of defense by insurer) does not support relief because the Debtors pay their legal defense fees and costs out-of-pocket for this action (and many others). As a result, requiring the Debtors to defend the California Action will result in increased out-of-pocket defense costs for outside counsel fees and expenses alone. (Delehey Decl. ¶ 14.)

32. The sixth Sonnax factor (whether the action primarily involves third parties) does not support relief because GMACM is a key party to the California Action.[8]

33. The seventh Sonnax factor (whether litigation in another forum would prejudice the interests of other creditors) also does not support relief, because the interests of the

---

[6] The Debtors acknowledge that, in certain limited circumstances, granting such relief may be warranted and efficient, and the Debtors have stipulated to such relief in those instances. However, such circumstances do not exist here.

[7] See, e.g., In re Bally Total Fitness of Greater N.Y., Inc., 402 B.R. 616, 624, (Bankr. S.D.N.Y. 2009) aff'd sub nom., Carrera v. Bally Total Fitness (In re Bally Total Fitness of Greater N.Y., Inc.), 411 B.R. 142 (S.D.N.Y.) ("[T]his Court has significant experience in applying state law….").

[8] See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the automatic stay where the debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's] estate, suggesting that continuance of the stay [was] proper").

9

Debtors' other creditors will be prejudiced if the automatic stay is lifted to allow the California Action to proceed against the Debtors at this juncture in the Chapter 11 Cases. Having to defend such an action would deplete the limited resources of the Borrower Claims Trust, thereby prejudicing other similarly situated borrowers.

34.     The tenth and eleventh <u>Sonnax</u> factors (judicial economy and readiness for trial, respectively) both weigh in favor of denying relief from the stay. As set forth above, the California Action has not proceeded beyond the filing of the Complaint. (Delehey Decl. ¶ 10.) Accordingly, the California Action is not ready for trial, and few judicial resources have been expended in resolving the California Action. Thus, the interests of judicial economy and the economical resolution of litigation would best be served by resolving Movant's claims against the Debtors through the uniform bankruptcy claims process, and those procedures adopted by the Borrower Claims Trust, which will be utilized to address the hundreds of Borrower Claims filed against these estates that have yet to be reconciled.

35.     The twelfth <u>Sonnax</u> factor (balance of harms) weighs in favor of denying the Motion. Movant has not demonstrated how the continued suspension of the California Action results in any material prejudice to Movant. Even if Movant's claims are meritorious, they will be accorded general unsecured claims against the Debtors' estates, and those claims may well be addressed as quickly by the Borrower Claims Trust as they would be by the California State Court. On the other hand, the cost to the Borrower Claims Trust of lifting the automatic stay at this late stage of the Chapter 11 Cases is substantial, particularly in light of the fact that the Borrower Claims Trust will be responsible for funding the administration of borrower claims from a finite pool of assets. Forcing the Borrower Claims Trust to defend against suits and proceedings brought in other venues would distract from and hinder the

efficient, centralized reconciliation of claims, to the detriment of all borrowers.[9] The balance of the harms clearly favors maintaining the automatic stay with respect to the California Action.

## CONCLUSION

36.  Based on the weight of settled authority and its application to the Motion as described above, the Debtors respectfully submit that Movant has failed to meet her burden. Substantially all of the applicable Sonnax Factors weigh heavily in favor of maintaining the automatic stay. As such, the Court should deny the Motion.

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying the Motion and grant such other relief as the Court deems proper.

New York, New York
Dated: December 10, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

---

[9]  See Bally, 402 B.R. at 624 (finding that class actions distract the debtor from the central tasks of stabilizing operations and cash flows and hence harms all creditors); Zenith Labs., Inc. v. Sinay (In re Zenith Labs., Inc.), 104 B.R. 659, 666 (D.N.J. 1989) (finding that allowing debtors a sufficient window to reorganize their estates serves the public interest more than allowing class actions to be resolved sooner).

ny-1120571