MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF STIPULATION RESOLVING THE DEBTORS' OBJECTION TO**
**PROOF OF CLAIM NUMBER 5286 FILED BY AILETTE CORNELIUS**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Stipulation*

*Resolving the Debtors' Objection to Proof of Claim Number 5286 Filed by Ailette Cornelius.*

Dated:  December 10, 2013          Respectfully submitted,
        New York, New York

                                    /s/ Norman S. Rosenbaum
                                    Gary S. Lee
                                    Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel to the Debtors and*
                                    *Debtors in Possession*

ny-1121447

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION RESOLVING THE DEBTORS' OBJECTION TO
PROOF OF CLAIM NUMBER 5286 FILED BY AILETTE CORNELIUS**

This stipulation ("Stipulation") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and Ailette Cornelius ("Ms. Cornelius" and together with the Debtors, the "Parties"), to resolve the Debtors' objection to the Proof of Claim (defined below) that was filed in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as well as to fix and allow the Proof of Claim.

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on July 17, 2012, this Court entered an order [Docket No. 798]

1

ny-1119391

appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors;

**WHEREAS**, on or about November 16, 2012, Ms. Cornelius filed a proof of claim designated as Claim No. 5286 (the "Proof of Claim"), asserting an unliquidated secured claim against Debtor GMAC Mortgage, LLC;

**WHEREAS**, on March 7, 2013, the Debtors filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) for Approval of (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3123] (the "Claims Procedure Motion");

**WHEREAS**, on March 21, 2013, the Court entered an order approving the Claims Procedure Motion [Docket No. 3294]. Pursuant to the Borrower Claim[1] procedures set forth therein, the Debtors are authorized to settle any and all Borrower Claims without prior approval of the Court or any other party in interest if the allowed amount for an individual Borrower Claim is less than or equal to $50,000;

**WHEREAS**, on July 4, 2013, the Debtors filed the *Debtors' Eighteenth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4154] (the "Objection"), asserting, among other things, that the Proof of Claim should be disallowed and expunged on the basis that it lacks sufficient supporting documentation as to its validity and amount;

**WHEREAS**, on or about August 5, 2013, Ms. Cornelius, appearing *pro se*, filed a

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such term in the Claims Procedure Motion.

2

response to the Objection [Docket No. 4518] (the "Response");

**WHEREAS**, the Debtors dispute the validity of the Proof of Claim;

**WHEREAS**, subsequent to the filing of the Objection and the Response, the Parties engaged in negotiations in good faith and at arms' length and agreed to enter into this Stipulation in an effort to amicably resolve the Objection;

**WHEREAS**, the Debtors have determined that entering into this Stipulation is in the best interest of the Debtors, their estates, the Debtors' creditors, and other parties in interest.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. Upon the Parties' entry into this Stipulation, the Proof of Claim shall be allowed as a general unsecured claim in the amount of $13,000 against Debtor GMAC Mortgage, LLC to be paid in accordance with any Chapter 11 plan confirmed in these Chapter 11 Cases. KCC is hereby authorized and directed to reflect this treatment of the Proof of Claim on the claims register.

3. This Stipulation is the result of a compromise and shall not to be construed as an admission by any of the Debtors or their estates of any liability or wrongdoing.

4. The Parties represent and warrant that each has full power and authority to enter into and perform their respective obligations under this Stipulation. In connection therewith, the undersigned counsel for the Debtors is authorized to enter into this Stipulation on behalf of the Debtors.

5. This Stipulation constitutes the entire agreement and understanding

3

between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation.

6. This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

7. This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

8. This Stipulation shall be binding upon the Parties as well as any successor, trustee or receiver appointed in the Chapter 11 Cases. No provision in any plan of liquidation or reorganization subsequently confirmed in the Chapter 11 Cases shall contain any provisions inconsistent with the terms of this Stipulation.

9. No notice to creditors or other parties in interest, or further approval by the Court is required to effectuate the terms and conditions of this Stipulation.

10. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed

and delivered this Stipulation as of the date set out below.

| | |
|---|---|
| Dated:  December 3, 2013 | /s/  Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jonathan M. Petts<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession* |
| Dated:  December 3, 2013 | /s/  Ailette Cornelius<br>Ailette Cornelius<br>26 Brenford Street<br>Hartford, CT 06112<br>Telephone: (860) 890-7823<br><br>*Acting Pro Se* |

5

ny-1119391

# Petts, Jonathan M.

| | |
|---|---|
| **From:** | Ailette Cornelius <andersonsize@gmail.com> |
| **Sent:** | Tuesday, December 03, 2013 3:12 PM |
| **To:** | Petts, Jonathan M. |
| **Subject:** | RE: ResCap - Settlement of Claim of Ailette Cornelius (Claim No. 5286) |

Ailette Cornelius conforming our agreement Ailette Cornelius

On Dec 2, 2013 8:45 PM, "Petts, Jonathan M." <JPetts@mofo.com> wrote:

Ms. Cornelius,


As discussed, attached is the settlement agreement cementing your rights against the Debtors: an allowed $13,000 unsecured claim against GMAC Mortgage, LLC.  Tomorrow, please confirm that we may add your digital signature to the agreement.


Many thanks,

Jonathan  Petts



**Jonathan Petts**

Morrison & Foerster LLP

1290 Avenue of the Americas | New York, NY 10104

P: 212.336.4291 | C: 917.332.9750

JPetts@mofo.com | www.mofo.com

