# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,   )   Case No. 12-12020 (MG)

Debtors.   )   Chapter 11

**CLAIMANT JAMIE L. GINDELE'S RESPONSE IN OPPOSITION TO DEBTORS OBJECTION AND PROPOSED CLAIMS TO BE DISALLOWED AND EXPUNGED.**
**CLAIM NOS. 5422 AND 5431**
**FILED 11/16/2012**

Come now the Claimants and respectfully move the Court to overrule the Debtors Objection to the proposed claims captioned above. The reasons in support of this motion are set forth in the Memorandum attached hereto.

_____
Jamie L. Gindele, Pro Se

_____
Gary D. Gindele, Pro Se
9827 Old Chimney Court
Cincinnati, OH 45241
(513)793-5044      as to both



## **Memorandum**

The claimants respectfully move the Court for all relief available to them as contemplated by the Court in its approval of the *General Unsecured* claims classification. It is in the interest of justice that this matter be decided on its merits. The claimants have been diligent in this within matter, having previously filed all responses to the court's inquiries timely and within the parameters of the prescribed protocols.

Contained within the <u>NOTICE OF HEARING ON DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS...</u> , Debtors attempt to assert that the reason for disallowance is due to **Res Judicata and/or Wrong Debtor.** These assertions are meritless and without foundation. Copies of the front pages of the Notices as to both Claim Nos. 5422 and 5431 are attached as Exhibit A. We will take up these arguments separately.

## **Res Judicata**

**Res judicata** also known as claim preclusion, is the Latin term for "a matter [already] judged", and may refer to two concepts: in both civil law and common law legal systems, a case in which there has been a final judgment and is no longer subject to appeal; and the legal doctrine meant to bar (or preclude) continued litigation of such cases between the same parties, which is different between the two legal systems. In this latter usage, the term is synonymous with "preclusion".

In the case of *res judicata*, the matter cannot be raised again, either in the same court or in a different court. A court will use *res judicata* to deny reconsideration of a matter. In this matter before the Court, *res judicata* does not apply.  A simple review of the litigation history between the Debtors and Claimants reveals that on June 9, 2009, Debtors filed a foreclosure action against Claimants in Hamilton County, Ohio Common Pleas Court. (Case No. A 0905631, styled *Residential Funding Real Estate Holdings, LLC. v. Jamie L. Gindele.)* In their response to the lawsuit, Claimants filed their Answer containing 10 Defenses and 28 Counterclaims.  This matter worked its way through the legal system and without benefit of trial the Court eventually ruled in favor of Debtors in <u>an appealable judgment</u> on June 8, 2012 with Notice of Appealable Judgment on June

12, 2012. This action by the local court certainly brought into question the legal issue of jurisdiction given the Debtors were already under the "protection" and legal standing of the US Bankruptcy Court, Southern District of New York effective May 12, 2012.

On June 26, 2012 Claimant filed a Notice of Appeal assigned Case No. C1200440. The matter is currently under stay in the Court of Appeals First Appellate District of Ohio pending the outcome of the Chapter 11 bankruptcy proceedings of the Debtors.

Debtors *res judicata* Reason for Disallowance of Claimants proposed claims is without merit and its Objection should be overruled.

### Wrong Debtor

As stated above, Debtors' affiliate Residential Funding Real Estate Holdings, LLC filed a foreclosure action against Claimants on June 9, 2009. This original action resulted in the Claimants Answer with 10 Defenses and 28 Counterclaims, sufficient to defeat the foreclosure. It appears from the stated Reason for Disallowance that Debtor is now claiming in bankruptcy court that it was not the proper party to bring the foreclosure action, thus their conclusion that they were/are a "Wrong Debtor."

It should be further noted that the record will show that on or about January 10, 2010 Debtors' affiliate Residential Funding Real Estate Holdings, LLC claims to have "assigned" the underlying note and mortgage of the aforementioned transaction to Debtors' affiliate Residential Funding Company, LLC. As a result on July 16, 2010, an Agreed Order of Substitution was filed in Case No. A 0905631. It appears from the stated Reason for Disallowance that this Debtor is also claiming in bankruptcy court that it was not the proper party to bring the foreclosure action, thus the same conclusion that they were/are a "Wrong Debtor."

The independent evidence established by the relevant court filings is uncontroverted and concludes that both Residential Funding Real Estate Holdings, LLC., and Residential Funding Company, LLC., are the correct Debtors and responsible for the underlying claims filed by the claimants under Claim No. 5422 and 5431 on 11/16/2012.

Debtors' *Wrong Debtors* Reason for Disallowance of Claimants proposed claims is without merit and its Objection should be overruled.

In conclusion, Debtors have no merit to either basis for claims being disallowed or expunged and therefore the Objection should be overruled.

_____          _____
Jamie L. Gindele, Pro Se          Gary D. Gindele, Pro Se

## CERTIFICATE OF SERVICE

Jamie L. Gindele hereby certifies that a copy of the foregoing CLAIMANT JAMIE L. GINDELE'S RESPONSE IN OPPOSITION TO DEBTORS OBJECTION AND PROPOSED CLAIMS TO BE DISALLOWED AND EXPUNGED.

In re: Claim Nos.: 5422 and 5431 dated November 16, 2012

has been timely filed and served upon:

Honorable Martin Glenn, One Bowling Green, New York, NY 10004, Courtroom 501
Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104
    Att: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew /Attorneys for the Debtors
Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036
    Att: Kenneth H. Eckstein, Douglas H. Mannal /Attorneys for the Official Committee of Unsecured Creditors

BY: _____
Jamie L. Gindele
9827 Old Chimney Court
Cincinnati, OH 45241
(513)793-5044