MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 (A) GRANTING CLAIMANTS LIMITED RELIEF FROM AUTOMATIC STAY AND (B) APPROVING THE DEBTORS' ENTRY INTO THE SETTLEMENT AGREEMENT REGARDING THE PENDING STATE COURT CLASS ACTION LITIGATION, AUTHORIZING THE DEBTORS TO PERFORM THE OBLIGATIONS THEREUNDER AND FIXING THE AMOUNT OF AN ALLOWED GENERAL <u>UNSECURED CLAIM FOR THE CLASS ACTION PLAINTIFFS</u>**

1.   The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following Motion, filed by the Debtors on November 12, 2013 (the "<u>Motion</u>"):

> *Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 9019 (A) Granting Claimants Limited Relief from the Automatic Stay and (B) Approving the Debtors' Entry Into the Settlement Agreement Regarding the Pending State Court Class Action Litigation, Authorizing the Debtors to Perform the Obligations Thereunder and Fixing the Amount of an Allowed General Unsecured Claim for the Class Action Plaintiffs* [Docket No. 5700].

ny-1121816

2.     The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any answer, objection or other responsive pleading to the Motion appears thereon. The deadline for filing objections to the Motion, November 29, 2013, has passed.

3.     In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.     Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order granting the Motion (the "Order"), annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 12, 2013          Respectfully submitted,
       New York, New York

                                  /s/ Norman S. Rosenbaum
                                  Gary S. Lee
                                  Norman S. Rosenbaum
                                  Jordan A. Wishnew
                                  MORRISON & FOERSTER LLP
                                  1290 Avenue of the Americas
                                  New York, New York 10104
                                  Telephone: (212) 468-8000
                                  Facsimile: (212) 468-7900

                                  *Counsel for the Debtors and
                                  Debtors in Possession*

# **EXHIBIT 1**

ny-1121816

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors | ) | Jointly Administered |
|  | ) |  |

**ORDER (A) GRANTING CLAIMANTS LIMITED RELIEF
FROM AUTOMATIC STAY AND (B) APPROVING THE DEBTORS'
ENTRY INTO THE SETTLEMENT AGREEMENT REGARDING
THE PENDING STATE COURT CLASS ACTION LITIGATION,
AUTHORIZING THE DEBTORS TO PERFORM THE OBLIGATIONS
THEREUNDER AND FIXING THE AMOUNT OF AN ALLOWED
<u>GENERAL UNSECURED CLAIM FOR THE CLASS ACTION PLAINTIFFS</u>**

Upon the motion (the "**Motion**")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 362 and Bankruptcy Rule 9019 (a) granting relief from the automatic stay and (b) approving the Debtors' entry into the Settlement Agreement regarding the pending state court class action litigation, authorizing the Debtors to perform the obligations thereunder and fixing the amount of an allowed general unsecured claim for the Mitchell Settlement Class; and upon consideration of the Thompson Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1121816

pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified solely to allow the Plaintiffs and the Mitchell Settlement Class to proceed in the Class Action to permit the Settlement Agreement to be approved, the Final Settlement Hearing to go forward and a final judgment to be entered in accordance with the Settlement Agreement (the "**Settlement Condition**").

3. The Settlement Agreement is approved and, upon satisfaction of the Settlement Condition, the Settlement Agreement shall be in full force and effect.

4. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby further modified solely to allow the State Court to take any action it deems, in its sole discretion, to be necessary and appropriate to approve the Settlement Agreement on a final basis.

5. Provided that the State Court approves the Settlement Agreement on a final basis, the Mitchell Settlement Class, through the Plaintiffs Steven and Ruth Mitchell as the representatives of the Mitchell Settlement Class (the "**Class Representatives**"), shall have an allowed general unsecured claim against the estate of Residential Funding

Company, LLC in the amount of fourteen million five hundred thousand dollars ($14,500,000.00) (the "**Allowed Claim**"), and the Allowed Claim shall be reflected on the Claims Register for the estate of Residential Funding Company, LLC.

6.      The members of the Mitchell Settlement Class shall not be required to file individual proofs of claim for their respective claims arising out of the terms of the Settlement Agreement. To the extent that individual claims have been or are subsequently filed by any individual member of the Mitchell Settlement Class with respect to the Class Action, such claim shall be deemed disallowed and expunged in its entirety as being duplicative of the Allowed Claim without further order of the Court.

7.      The members of the Mitchell Settlement Class shall share in the distribution on account of the Allowed Claim in accordance with the terms of the Settlement Agreement, and shall not be entitled to receive any distribution from the Debtors' estates under any plan confirmed in these cases on account of their individual claims relating to the Class Action.

8.      The bar date for the Plaintiffs shall be extended until thirty (30) days after the State Court issues a ruling on the Plaintiffs' request for final approval of the Settlement Agreement.

9.      Provided that the State Court approves the Settlement Agreement on a final basis, (a) the Mitchell Settlement Class and their Class Counsel (as such term is defined in the Mitchell Settlement Agreement) shall convey, transfer, and assign their rights under that certain Substitute Supersedeas Bond described in subsection Section 4(m) of the Mitchell Settlement Agreement (the "**Bond Rights**") to the Debtors and their respective successors and assigns; (b) the Debtors and their respective successors and

3

assigns, shall look solely and exclusively to those Bond Rights and/or their respective Insurance Rights (as provided in Section 5 of the Kessler Settlement Agreement) to avoid, collect, recover, or be reimbursed for the $2,780,365.38 payment made to Class Counsel in resolution of the Attorneys' Fee Motion (as such term in defined in the Mitchell Settlement Agreement); and (c) the Debtors shall convey, transfer, and assign their rights to the Insurance Rights (as provided in Section 5 of the Kessler Settlement Agreement) to the Mitchell Settlement Class.

10. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

11. To the extent there may be any inconsistency between the terms of the Motion and this Order, the terms of this Order shall govern.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2013
    New York, New York

    THE HONORABLE MARTIN GLENN
    UNITED STATES BANKRUPTCY JUDGE

ny-1053977