Hearing Date and Time: January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------------

**NOTICE OF DEBTORS' FIFTY-SECOND OMNIBUS OBJECTION
<u>TO CLAIMS (INSUFFICIENT DOCUMENTATION)</u>**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*
*Fifty-Second Omnibus Objection to Claims (Insufficient Documentation)* (the "<u>Omnibus</u>
<u>Objection</u>"), which seeks to alter your rights by disallowing your claim against the above-
captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the

Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) conflicts

counsel (b) the Office of the United States Trustee for the Southern District of New York,

U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014

(Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office

of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania

Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H.

Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany,

NY 12224-0341 (Attention: Nancy Lord and Enid N. Stuart); (e) Office of the U.S.

Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY

10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland

& Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri

and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin

Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036

(Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman) and (m) conflicts counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 (Attention: Steven J. Reisman, Theresa A. Foudy and Maryann Gallagher).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

*(Signature Page to Follow)*

Dated:  December 12, 2013
        New York, New York

Respectfully submitted,


 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors
and Debtors in Possession*

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ————————————————————— ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------- ) | | |

**DEBTORS' FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(INSUFFICIENT DOCUMENTATION)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON**
**<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

    Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "<u>Chapter 11 Cases</u>"), as debtors and debtors in possession (collectively, the

"<u>Debtors</u>"), respectfully represent:

**<u>RELIEF REQUESTED</u>**

    1.  The Debtors file this fifty-second omnibus claims objection (the

"<u>Objection</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy</u>

<u>Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases [Docket No. 3294] (the "<u>Procedures Order</u>"), seeking entry

of an order (the "<u>Proposed Order</u>"), in a form substantially similar to that attached hereto as

**Exhibit 2**, disallowing and expunging the claims listed on **Exhibit A**[1] annexed to the Proposed

Order.  In support of the Objection, the Debtors submit the declaration of Deanna Horst, Chief

Claims Officer for Residential Capital, LLC (the "<u>Horst Declaration</u>"), attached hereto as

**<u>Exhibit 1</u>**.

    2.  The Debtors have examined the proofs of claim identified on **Exhibit A** to

the Proposed Order and determined that the proofs of claim listed on **Exhibit A** (collectively, the

"<u>Insufficient Documentation Claims</u>") lack sufficient supporting documentation as to their

validity and amount and have no basis in the Debtors' books and records.  Accordingly, the

Debtors request that the Insufficient Documentation Claims be disallowed and expunged in their

entirety.

---

[1] Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

3.      The Debtors expressly reserve all rights to object on any other basis to any

Insufficient Documentation Claim as to which the Court does not grant the relief requested

herein.

4.      No Borrower Claims (as defined in the Procedures Order) are included in

this Objection.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the

official Claims Register for the Debtors (the "Claims Register").

9.      On June 20, 2012, the Court directed that an examiner be appointed (the

"Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

3

[Docket Nos. 454, 674]. The Examiner's report was filed under seal on May 13, 2013 [Docket No. 3698]. The report was subsequently unsealed on June 26, 2013 [Docket No. 4099].

10.    On July 3, 2013, the Plan Proponents filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "<u>Disclosure Statement</u>"). On August 16, 2013, the Plan Proponents filed a revised Disclosure Statement, which included a revised copy of the plan filed on July 3, 2013 [Docket No. 4733], each of which were further revised on August 20, 2013 [Docket No. 4770] and August 23, 2013 [Docket No. 4819]. On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

11.    On December 3, 2013, the Debtors and Creditors Committee filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as amended from time to time, the "<u>Plan</u>"). The hearing to consider confirmation of the Plan was held on November 19-22, and 25-26, 2013. On December 11, 2013, parties appeared before the Court for closing arguments, and the Court entered an order confirming the Plan [Docket No. 6065].

12.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "<u>Bar Date Order</u>"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "<u>General Bar Date</u>") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "<u>Governmental Bar Date</u>").   Bar Date Order at ¶¶ 2, 3.   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

13.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including that "the Claims do not include sufficient documentation to ascertain the validity of the Claims[.]"  <u>See</u> Procedures Order at 2, 3.

14.     To date, approximately 7,310 proofs of claim have been filed in these Chapter 11 Cases as reflected on the claims register.

<u>**THE INSUFFICIENT DOCUMENTATION CLAIMS**<br>**SHOULD BE DISALLOWED AND EXPUNGED**</u>

15.     Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that the Insufficient Documentation Claims listed on <u>Exhibit A</u> to the Proposed Order are claims that should be disallowed and expunged because they lack sufficient documentation to substantiate the asserted claim and are unsupported by the Debtors' books and records.  <u>See</u> Horst Declaration at ¶¶ 4, 5.

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  <u>See In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re Adelphia Commc'ns Corp.</u>, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  <u>In re Allegheny</u>

Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim.").

17.     Bankruptcy Rule 3001(c)(1) instructs that:

> [W]hen a claim, or an interest in property of the debtor securing
> the claim, is based on a writing, a copy of the writing shall be filed
> with the proof of claim. If the writing has been lost or destroyed, a
> statement of the circumstances of the loss or destruction shall be
> filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

18.     If a claim fails to comply with the documentation requirements of

Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consolidated

Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995),

aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y.

2010).

19.     Where creditors fail to provide adequate documentation supporting the

validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held

that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in

certain circumstances claims can be disallowed for failure to support the claim with sufficient

evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the

objector to concede the validity of a claim"); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn.

2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

20.     Additionally, several courts, including those in this District, have applied

the federal pleadings standards when assessing the validity of a proof of claim.  See In re DJK

Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party

has met their burden in connection with a proof of claim, bankruptcy courts have looked to the

pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re

Rockefeller Ctr. Props., 272 B.R. 529, 542, n.17 (Bankr. S.D.N.Y. 2000)), aff'd sub nom., NBC

v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46

Fed. App'x 40 (2d Cir. 2002); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA,

Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of

claim should be treated, for purposes of a motion to disallow claims, like documents that are

attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . . ")

(citation omitted).  Indeed, since a claim objection is a contested matter under Fed. R. Bankr. P.

9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c).

21.    In this case, the claimants who filed the Insufficient Documentation

Claims failed to attach any or adequate supporting documentation to demonstrate the validity of

their claims. See Horst Declaration at ¶ 4.  Certain of those claimants failed to provide any

explanation as to why such documentation is unavailable, while others provided explanations

that attempt to place the onus on the Debtors to provide evidence of the claims against the

Debtors.  In each case, the Debtors diligently evaluated any information provided by the

claimants in their proofs of claim.  See id.  To the extent the claimants provided information in

their proofs of claim that allowed the Debtors to identify the claimants in the Debtors' books and

records, the Debtors confirmed that their books and records do not reflect any present liability

due and owing to the claimants identified in **Exhibit A** to the Proposed Order.  See id.

22.    Therefore, to avoid the possibility that the claimants at issue receive

improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not

prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety each of the Insufficient Documentation Claims.

## NOTICE

23.     The Debtors have served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein as against the holders of the Insufficient Documentation Claims has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  December 12, 2013
          New York, New York

                                         /s/ Norman S. Rosenbaum
                                         Gary S. Lee
                                         Norman S. Rosenbaum
                                         Jordan A. Wishnew
                                         MORRISON & FOERSTER LLP
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Telephone:  (212) 468-8000
                                         Facsimile:  (212) 468-7900

                                         *Counsel for the Debtors and
                                         Debtors in Possession*

8

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
<u>**(INSUFFICIENT DOCUMENTATION)**</u>

I, Deanna Horst, hereby declare as follows:

        1.      I am the Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and have held my current position since October of 2013. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the *Debtors' Fifty-Second Omnibus Objection to Claims (Insufficient Documentation)* (the
"Objection").[1]

2.          Except as otherwise indicated, all facts set forth in this Declaration are
based upon my personal knowledge of the Debtors' operations and finances, information learned
from my review of relevant documents and information I have received through my discussions
with other members of the Debtors' management or other employees of the Debtors, the
Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the
Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify
competently to the facts set forth in the Objection on that basis.

3.          In my capacity as Chief Claims Officer, I am intimately familiar with the
Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this
Declaration are based upon my familiarity with the Debtors' books and records, the Debtors'
schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11
Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review
of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof
of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A**
annexed to the Proposed Order.  In connection with such review and analysis, where applicable,
the Debtors have reviewed (i) information supplied or verified by personnel in departments
within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the
Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in
the Debtors' Chapter 11 Cases.

---

[1]          Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Objection.

4.       Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.   In this case, the claimants who filed the Insufficient Documentation Claims, listed on **Exhibit A** to the Proposed Order, failed to attach any or adequate supporting documentation to demonstrate the validity of these claims.   The Debtors diligently evaluated any information provided by the claimants in their proofs of claim.   To the extent the claimants provided information in their proofs of claim that allowed the Debtors to identify the claimants in the Debtors' books and records, the Debtors confirmed that their books and records do not reflect any present liability due and owing to such claimants.

5.       Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Insufficient Documentation Claim that is the subject of the Objection should be afforded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 12, 2013

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC

3

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|   |   |   |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

## ORDER GRANTING DEBTORS' FIFTY-SECOND
## <u>OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)</u>

Upon the fifty-second omnibus claims objection (the "<u>Fifty-Second Claims</u> <u>Objection</u>")[1], dated December 12, 2013 [Docket No. __ ] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Insufficient Documentation Claims on the grounds that each Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity and amount and has no basis in the Debtors' books and records, all as more fully described in the Fifty-Second Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Second Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Second Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-Second Claims Objection.

1409; and due and proper notice of the Fifty-Second Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Fifty-Second Claims Objection and the *Declaration of Deanna Horst In Support of Debtors' Fifty-Second Omnibus Objection to Claims (Insufficient Documentation)* annexed to the Fifty-Second Claims Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Fifty-Second Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fifty-Second Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifty-Second Claims Objection is granted to the extent provided herein; and it is further

ORDERED that each Insufficient Documentation Claim listed on **Exhibit A** annexed hereto is hereby disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge from the claims register the Insufficient Documentation Claims identified on the schedule annexed as **Exhibit A** hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Second Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

2

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A** annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim that is not listed on **Exhibit A** annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Insufficient Documentation Claims identified on **Exhibit A**, annexed hereto, as if each such Insufficient Documentation Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1117334

## Exhibit A to Proposed Order

**Insufficient Documentation Claims**

ny-1117334

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SECOND OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | CALEY DEHKHODA AND QADRI LLP<br>2340 130TH AVE NE STE D-105<br>BELLEVUE, WA 98005 | 588 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$63,568.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 2 | CODE ENFORCEMENT RELIEF<br>8832 SHIRLEY AVE 1<br>NORTHRIDGE, CA 91324 | 519 | 09/17/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Countrywide Home Loans, Inc.<br>Michael Schloessmann<br>Bank of America<br>Legacy Asset Servicing<br>4500 Park Granada<br>Calabasas, CA 91302 | 4949 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | CSH Fund IV, LLC<br>c/o Ronald E. Michelman, Esq<br>Michelman & Michelman, LLP<br>20265 Ventura Blvd, Suite D<br>Woodland Hills, CA 91364 | 988 | 10/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities, et al.<br>Attn Bankruptcy Department<br>Ocwen Loan Servicing, LLC<br>1661 Worthington Rd<br>Suite 100<br>West Palm Beach, FL 33409 | 408 | 08/17/2012 | $0.00<br>$0.00<br>$316,212.97<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SECOND OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

|   | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Deutsche Bank Trust Company Americas as Indenture Trustee for the registered holders of Saxon Asset Securities Trust 2004-3 Mortgage Loan Asset Backed Notes, Series 2004-3 Attn Bankruptcy & Cashiering Department Ocwen Loan Servicing, LLC 1661 Worthington Rd, Suite 100 West Palm Beach, FL 33409 | 344 | 07/27/2012 | $0.00 $0.00 $64,300.74 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. (RALI) 2006-QS17 Attn Bankruptcy Department/Cashiering Department Ocwen Loan Servicing, LLC 1661 Worthington Rd Suite 100 West Palm Beach, FL 33409 | 276 | 07/12/2012 | $0.00 $0.00 $272,387.84 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | LECLAIR APPRAISALS 275 SOUTH WINOOSKI AVENUE BURLINGTON, VT 05401-4542 | 496 | 09/17/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 9 | Office of the State Treasurer Attorney Liz Austin Pullman & Comley, LLC 850 Main Street, 8th Floor Bridgeport, CT 06601-7006 | 4671 | 11/13/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SECOND OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 10 | Prodigus Opportunity Fund, LLC<br>c/o Montage Financial Group, Inc.<br>22292 Rancho Viejo Rd., Suite 216<br>San Juan Capistrano, CA 92675 | 6862 | 06/17/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,401,964.43 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 11 | RIVER PARK REALTY GROUP<br>3100 W 95TH STREET<br>EVERGREEN PARK, IL 60805-2405 | 618 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | SAFEGUARD PROPERTIES, INC.<br>PO BOX 714441<br>COLUMBUS, OH 43271-4441 | 2606 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | Tammy Holly<br>7951 Collin McKinney Parkway #5060<br>McKinney, TX 75070 | 4699 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$15,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | Taunton Municipal Lighting Plant<br>33 Weir Street<br>Taunton, MA 02780 | 90 | 06/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SECOND OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 15 | U.S. Bank National Association as Successor Trustee to Bank of America, N.A., et al. Yolanda Mariscal 1757 Tapo Canyon Rd Simi Valley, CA 93063 | 4374 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 16 | U.S. Bank National Association as Successor Trustee to Bank of America, N.A., et al. Yolanda Mariscel 1757 Tapo Canyon Rd Simi Valley, CA 93063 | 4385 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 17 | UBS Real Estate Securities Inc. William Chandler Chairman 1285 Avenue of the Americas, 14th Floor New York, NY 10019-6028 | 4200 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 18 | UBS Real Estate Securities Inc. William Chandler Chairman 1285 Avenue of the Americas, 14th Floor New York, NY 10019-6028 | 4453 | 11/10/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |