Hearing Date and Time: January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------
)
In re:                                                  )     Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )     Chapter 11
)
                                    Debtors.    )     Jointly Administered
)
--------------------------------------------------------

**NOTICE OF DEBTORS' FIFTY-THIRD OMNIBUS OBJECTION
TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

        **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Fifty-Third Omnibus Objection to Claims (Amended and Superseded Claims)* (the

"<u>Omnibus Objection</u>"), which seeks to alter your rights by disallowing your claim against

the above-captioned Debtors.

        **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY  11753 (Attention:  Ronald J. Friedman) and (m) conflicts counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 (Attention: Steven J. Reisman, Theresa A. Foudy and Maryann Gallagher).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

*(Signature Page to follow)*

Dated:  December 12, 2013
       New York, New York

                                     Respectfully submitted,


                                      /s/ Norman S. Rosenbaum
                                      Gary S. Lee
                                      Norman S. Rosenbaum
                                      Jordan A. Wishnew
                                      **MORRISON & FOERSTER LLP**
                                      1290 Avenue of the Americas
                                      New York, New York 10104
                                      Telephone:  (212) 468-8000
                                      Facsimile:  (212) 468-7900

                                      *Counsel for the Debtors and*
                                      *Debtors in Possession*

                                      -and-

                                      /s/ Steven J. Reisman
                                      Steven J. Reisman
                                      Theresa A. Foudy
                                      Maryann Gallagher
                                      **CURTIS, MALLET-PREVOST,**
                                      **COLT & MOSLE LLP**
                                      101 Park Avenue
                                      New York, New York 10178-0061
                                      Telephone:  (212) 696-6000
                                      Facsimile:  (212) 697-1559

                                      *Conflicts Counsel for the Debtors*
                                      *and Debtors in Possession*

| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
|---|---|
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone: (212) 468-8000 | New York, New York 10178-0061 |
| Facsimile: (212) 468-7900 | Telephone: (212) 696-6000 |
| Gary S. Lee | Facsimile: (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Theresa A. Foudy |
| | Maryann Gallagher |

*Counsel for the Debtors and*
*Debtors in Possession*

*Conflicts Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------

## DEBTORS' FIFTY-THIRD OMNIBUS OBJECTION
## TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

          Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

          1.     The Debtors file this fifty-third omnibus objection to claims (the "Fifty-Third Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of the Fifty-Third Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Fifty-Third Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

          2.     The Debtors have examined the proofs of claim identified on Exhibit A to the Proposed Order and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") have been amended and superseded by at least one subsequently-filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims").  The

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the Claims Register (defined herein) maintained by KCC.

Debtors seek the disallowance and expungement from the Claims Register (defined below) maintained for the Debtors in the Chapter 11 Cases of the Amended and Superseded Claims and preservation of the Debtors' right to later object to any Surviving Claim on any other basis.

3.      This Fifty-Third Omnibus Claims Objection does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims.  Further, the Debtors expressly reserve all rights to object on any other basis to any Surviving Claim and to any Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

4.      No Borrower Claims (as defined in the Procedures Order) are included in this Fifty-Third Omnibus Claims Objection.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

9. On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697]. On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

10. On July 3, 2013, the Plan Proponents filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 16, 2013, the Plan Proponents filed a revised Disclosure Statement, which included a revised copy of the plan filed on July 3, 2013 [Docket No. 4733], each of which were further revised on August 20, 2013 [Docket No. 4770] and August 23, 2013 [Docket No. 4819]. On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

11. On December 3, 2013, the Debtors and Creditors Committee filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as amended from time to time, the "Plan"). The hearing to consider confirmation of the Plan was held on November 19-22, and 25-26, 2013. On December 11, 2013, parties appeared before the Court for closing arguments, and the Court entered an order confirming the Plan [Docket No. 6065].

12.    On August 29, 2012, this Court entered an order approving the Debtors'
motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.
1309] (the "Bar Date Order").    The Bar Date Order established, among other things,
(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of
claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the
form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing
Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental
Bar Date").    (Bar Date Order ¶¶ 2, 3).    On November 7, 2012, the Court entered an order
extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)
[Docket No. 2093].  The Governmental Bar Date was not extended.

13.    On March 21, 2013, the Court entered the Procedures Order, which
authorizes the Debtors, among other things, to file omnibus objections to no more than 150
claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and
those additional grounds set forth in the Procedures Order.

14.    To date, approximately 7,310 proofs of claim have been filed in the
Chapter 11 Cases as reflected on the Debtors' Claims Register.

## THE AMENDED AND SUPERSEDED CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

15.    Based upon their review of the claims filed on the Claims Register, the
Debtors have determined that each Amended and Superseded Claim identified on Exhibit A
annexed to the Proposed Order has been amended and superseded by the corresponding
Surviving Claim that was subsequently filed by or on behalf of the same creditor against the
same debtor.  (See Horst Declaration ¶¶ 3, 4).

16.    A filed proof of claim is "deemed allowed, unless a party in interest . . .
objects."  11 U.S.C.  § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged.  See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

18.    The Debtors are not required to pay on the same claim more than once.  See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of the Amended and Superseded Claims will also enable the Debtors to maintain a claims register that more accurately reflects the claims asserted against the Debtors.

19.    Upon reviewing the proofs of claim that are the subject of this Fifty-Third Omnibus Claims Objection, the Debtors seek to disallow and expunge the Amended and Superseded Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim filed by the same creditor.  (See Horst Declaration ¶¶ 3, 4).

5

20.    Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Claims listed on <u>Exhibit A</u> to the Proposed Order.[2]  The Surviving Claims will remain on the Claims Register subject to further objections on any other basis.

## NOTICE

21.    The Debtors have served notice of this Fifty-Third Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

22.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

---

[2]    Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

6

Dated:   December 12, 2013
        New York, New York

           /s/ Norman S. Rosenbaum
           Gary S. Lee
           Norman S. Rosenbaum
           Jordan A. Wishnew
           MORRISON & FOERSTER LLP
           1290 Avenue of the Americas
           New York, New York 10104
           Telephone:  (212) 468-8000
           Facsimile:  (212) 468-7900

           *Counsel for the Debtors and*
           *Debtors in Possession*

           -and-

           /s/ Steven J. Reisman
           Steven J. Reisman
           Theresa A. Foudy
           Maryann Gallagher
           **CURTIS, MALLET-PREVOST,**
           **COLT & MOSLE LLP**
           101 Park Avenue
           New York, New York 10178-0061
           Telephone:  (212) 696-6000
           Facsimile:  (212) 697-1559

           *Conflicts Counsel for the Debtors and*
           *Debtors in Possession*

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
                                                                )
In re:                                                          )        Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,                               )        Chapter 11
                                                                )
                                        Debtors.                )        Jointly Administered
                                                                )
--------------------------------------------------------------- )

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'
### FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### (AMENDED AND SUPERSEDED CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for Residential Capital, LLC and its

affiliates ("ResCap"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "Debtors").[1] I have been employed by affiliates of ResCap

since August of 2001. In June 2012, I became Senior Director of Claims Management for

ResCap and have held my current position since October of 2013. I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role. In my current position, I am responsible for Claims Management and Reconciliation

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1119884

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Fifty-Third Omnibus Objection to Claims (Amended and Superseded Claims)* (the "<u>Objection</u>").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Chief Claims Officer, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on <u>Exhibit A</u> to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1119884

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the Amended and Superseded Claims at issue, whether or not the Surviving Claims specifically state on their face that they are amendments of the corresponding Amended and Superseded Claims, the Debtors have determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed and Expunge*d" on <u>Exhibit A</u> annexed to the Proposed Order has been amended and superseded by a later-filed claim or claims by the same claimant that the Debtors have determined relate to the same subject matter as to the Amended and Superseded Claim.  The Debtors' examination of those claims revealed that the Surviving Claims were filed by the same claimant, and on account of the same obligations, as that creditor's corresponding claim previously filed with the Court and/or KCC.  If the Amended and Superseded Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive a wholly improper recovery to the detriment of other creditors.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Amended and Superseded Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 12, 2013

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|                                              |     |                           |
|----------------------------------------------|-----|---------------------------|
| In re:                                       | )   | Case No. 12-12020 (MG)    |
|                                              | )   |                           |
| RESIDENTIAL CAPITAL, LLC, et al.,            | )   | Chapter 11                |
|                                              | )   |                           |
|                               Debtors.       | )   | Jointly Administered      |

------------------------------------------------------------

### ORDER GRANTING DEBTORS' FIFTY-THIRD OMNIBUS OBJECTION
### TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the fifty-third omnibus objection to claims, dated December 12, 2013 (the

"Fifty-Third Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the

above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the

"Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294]

(the "Procedures Order"), disallowing and expunging the Amended and Superseded Claims on

the basis that such claims have been amended and superseded by at least one subsequently-filed,

corresponding claim, all as more fully described in the Fifty-Third Claims Objection; and it

appearing that this Court has jurisdiction to consider the Fifty-Third Claims Objection pursuant

to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Third Claims Objection and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Fifty-Third Claims Objection having been provided, and it appearing that no other or further

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
      in the Debtors' Fifty-Third Claims Objection.

notice need be provided; upon consideration of the Fifty-Third Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Fifty-Third Objection to Claims (Amended and Superseded Claims), annexed to the Fifty-Third Claims Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Fifty-Third Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fifty-Third Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifty-Third Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the claims listed on <u>Exhibit A</u> annexed hereto under the heading "Surviving Claims" (collectively, the "<u>Surviving Claims</u>") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Amended and Superseded Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ny-1119887

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Third Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Claims, and the Debtors' and all parties-in-interests' rights to object on any basis are expressly reserved with respect to any Surviving Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Claims identified on Exhibit A, annexed hereto, as if each such Amended and Superseded Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
         New York, New York

                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE

3

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-THIRD OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | 2255 Partners, L.P.<br>Leo Divinsky<br>Worthe Real Estate Group<br>100 Wilshire Blvd., Suite 1600<br>Santa Monica , CA 90401 | 5268 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | 2255 Partners, L.P.<br>Leo Divinsky<br>Worthe Real Estate Group<br>100 Wilshire Blvd., Suite 1600<br>Santa Monica , CA 90401 | 6874 | 07/15/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 2 | Butte County Treasurer - Tax Collector<br>25 County Center Drive, Suite 125<br>Oroville, CA 95965 | 472 | 09/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,274.25 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Butte County Treasurer-Tax Collector<br>25 County Center Drive, Suite 125<br>Oroville, CA 95965 | 1105 | 10/10/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$794.86 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 3 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 435 | 08/27/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 3610 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 4 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 3613 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 7292 | 10/21/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 5 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 3620 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 7293 | 10/21/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 6 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 3622 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Credit Suisse Securities (USA) LLC f/k/a<br>Credit Suisse First Boston LLC<br>R. Colby Allsbrook, Esq., Director &<br>Counsel<br>11 Madison Avenue<br>New York, NY 10010 | 7294 | 10/21/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 7 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 5733 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$587.97 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 6954 | 08/13/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$503.06 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 8 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 166 | 06/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$11,330.78 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 6833 | 03/19/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$8,094.04 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 167 | 06/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$12,416.59 Secured<br>$13,140.25 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 6832 | 03/19/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$5,777.90 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-THIRD OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | | | Claims to be Disallowed and Expunged | | | | | | | Surviving Claims | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 10 | Metropolitan Trustee of Metropolitan Government of Nashville & Davidson County Metropolitan Department of Law PO Box 196300 Nashville, TN 37219-6300 | 224 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $384.10 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | | Metropolitan Trustee of Metropolitan Government of Nashville & Davidson County Metropolitan Trustee PO Box 196358 Nashville, TN 37219-6358 | 7186 | 10/03/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $384.10 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 11 | Michigan Bell Telephone Company James Grudus, Esq. c/o AT&T Services, Inc One AT&T Way, Room 3A218 Bedminster, NJ 07921 | 3595 | 11/12/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,581.48 General Unsecured | Residential Capital, LLC | 12-12020 | | Michigan Bell Telephone Company Karen A. Cavagnaro Lead Paralegal AT&T Services, Inc. One AT&T Way, Room 3A104 Bedminster, NJ 07921 | 7179 | 09/13/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $101.97 General Unsecured | RFC REO LLC | 12-12070 |
| 12 | Nationstar Mortgage LLC Jessica C.K. Boelter Sidley Austin LLP 1 S. Dearborn Chicago, IL 60603 | 5575 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | | Nationstar Mortgage LLC Jessica C.K. Boelter Sidley Austin LLP 1 S. Dearborn Chicago, IL 60603 | 6880 | 07/23/2013 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 425 | 08/21/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $5,124,597.09 Priority $1,302,680.88 General Unsecured | RFC Construction Funding, LLC | 12-12069 | | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 7301 | 10/29/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $766,812.60 Priority $0.00 General Unsecured | RFC Construction Funding, LLC | 12-12069 |
| 14 | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 426 | 08/21/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $5,118,681.88 Priority $1,301,940.21 General Unsecured | Executive Trustee Services, LLC | 12-12028 | | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 7298 | 10/29/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $766,812.60 Priority $0.00 General Unsecured | Executive Trustee Services, LLC | 12-12028 |
| 15 | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 427 | 08/21/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $5,118,681.88 Priority $1,301,940.21 General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 | | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 7299 | 10/29/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $766,812.60 Priority $0.00 General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 |
| 16 | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 428 | 08/21/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $5,118,681.88 Priority $1,301,940.21 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | | Ohio Department of Taxation Rebecca L. Daum 30 East Broad Street, 23rd Floor Columbus, OH 43215 | 7300 | 10/29/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $766,812.60 Priority $0.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 17 | PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation C/O Walter Wronka and Doria Sutton 1 Mortgage Way Mount Laurel, NJ 08054 | 4462 | 11/12/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $6,287,518.92 General Unsecured | Residential Funding Company, LLC | 12-12019 | | PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation c/o Joshua A. Gelman Jacobs Law Group, P.C. 2005 Market St., Suite 1120 Philadelphia, PA 19103 | 7173 | 09/18/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $167,759.11 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 18 | SAN MATEO COUNTY TAX COLLECTOR-TREASURER 555 COUNTY CENTER, 1ST FLOOR REDWOOD CITY, CA 94063-0966 | 99 | 06/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $12,218.98 Secured $25,811.22 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | | San Mateo County Tax Collector 555 County Center, 1st Floor Redwood City, CA 94063-0966 | 2202 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $12,477.96 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-THIRD OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 19 | State of Florida - Department of Revenue<br>Frederick F. Rudzik, Claimants Attorney<br>Bankruptcy Section<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | 337 | 07/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$112.88 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | State of Florida - Department of Revenue<br>Frederick F. Rudzik, Claimants Attorney<br>Bankruptcy Section<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | 7165 | 09/06/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 20 | Tennessee Department of Revenue<br>c/o Attorney General<br>P.O Box 20207<br>Nashville, TN 37202-0207 | 1042 | 10/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$289.77 Priority<br>$50.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Tennessee Department of Revenue<br>c/o Attorney General<br>P.O Box 20207<br>Nashville, TN 37202-0207 | 7311 | 11/19/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$145.68 Priority<br>$25.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 21 | Wise County<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 4883 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,568.13 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wise County<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 6952 | 08/12/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$394.50 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 22 | Wright, Finlay & Zak, LLP<br>Attn Nichole Glowin<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | 470 | 09/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$7,027.72 General Unsecured | Residential Capital, LLC | 12-12020 | Wright, Finlay & Zak, LLP<br>Attn Nichole Glowin<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | 6870 | 06/27/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$10,050.72 General Unsecured | Residential Capital, LLC | 12-12020 |