**Hearing Date and Time: January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

--------------------------------------------------------------

## NOTICE OF DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED AND DUPLICATE DEBT CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*
*Fifty-Fourth Omnibus Objection to Claims (Late-Filed and Duplicate Debt Claims)* (the
"Omnibus Objection"), which seeks to alter your rights by disallowing your claim against
the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman) and (m) conflicts counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 (Attention: Steven J. Reisman, Theresa A. Foudy and Maryann Gallagher).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

*(Signature page to follow)*

Dated:  December 12, 2013
        New York, New York

                                                Respectfully Submitted,


                                                 /s/ Norman S. Rosenbaum
                                                Gary S. Lee
                                                Norman S. Rosenbaum
                                                Jordan A. Wishnew
                                                **MORRISON & FOERSTER LLP**
                                                1290 Avenue of the Americas
                                                New York, New York 10104
                                                Telephone:  (212) 468-8000
                                                Facsimile:  (212) 468-7900

                                                *Counsel for the Debtors and*
                                                *Debtors in Possession*

                                                -and-

                                                /s/ Steven J. Reisman
                                                Steven J. Reisman
                                                Theresa A. Foudy
                                                Maryann Gallagher
                                                **CURTIS, MALLET-PREVOST,**
                                                **COLT & MOSLE LLP**
                                                101 Park Avenue
                                                New York, New York 10178-0061
                                                Telephone:  (212) 696-6000
                                                Facsimile:  (212) 697-1559

                                                *Conflicts Counsel for the Debtors*
                                                *and Debtors in Possession*

**Hearing Date and Time: January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone:  (212) 468-8000 | New York, New York  10178-0061 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 696-6000 |
| Gary S. Lee | Facsimile:  (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Theresa A. Foudy |
| | Maryann Gallagher |
| | |
| *Counsel for the Debtors and* | *Conflicts Counsel for the Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------

## DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION
## TO CLAIMS (LATE-FILED CLAIMS AND DUPLICATE DEBT CLAIM)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### RELIEF REQUESTED

1.    The Debtors file this fifty-fourth omnibus claims objection (the "Fifty-

Fourth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures

Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that

attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1] annexed

to the Proposed Order.  In support of this Fifty-Fourth Omnibus Claims Objection, the Debtors

submit the *Declaration of Deanna Horst in Support of the Debtors' Fifty-Fourth Omnibus

Claims Objection* (the "Horst Declaration"), attached hereto as Exhibit 1-A and the *Declaration

of P. Joseph Morrow IV in Support of Debtors' Fifty-Fourth Omnibus Claims Objection* (the

"Morrow Declaration"), attached hereto as Exhibit 1-B, each filed concurrently herewith.

2.    The Debtors have examined the proofs of claim identified on Exhibit A to

the Proposed Order (collectively, the "Late-Filed Claims") and have determined that the Late-

Filed Claims violate this Court's August 29, 2012 order setting forth the procedures and

deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309] (the "Bar Date

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the Claims Register (defined
herein) maintained by KCC.

Order"), as these claims were filed after the Bar Date (defined herein).  Because the Late-Filed

Claims fail to comply with the terms of the Bar Date Order, the Debtors request that they be

disallowed and expunged in their entirety.

3.      The Debtors examined the proof of claim identified on <u>Exhibit B</u> to the

Proposed Order and have determined that the identified proof of claim (the "<u>Duplicate Debt</u>

<u>Claim</u>") is a duplicate of the surviving Master Proof of Claim 5256 filed by Wilmington Trust,

National Association.   The Debtors seek the disallowance and expungement from the Claims

Register (defined below) of the Duplicate Debt Claim.

4.      No Borrower Claims (as defined in the Procedures Order) are included in

this Fifty-Fourth Omnibus Claims Objection.

5.      The Debtors expressly reserve all rights to object on any other basis to any

Late-Filed Claim or the  Duplicate Debt Claim as to which the Court does not grant the relief

requested herein.

## <u>JURISDICTION</u>

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## <u>BACKGROUND</u>

7.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.   The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

2

8.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

9.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

10.     On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

11.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

12.     On July 3, 2013, the Plan Proponents filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*

[Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 16, 2013, the Plan Proponents filed a revised Disclosure Statement, which included a revised copy of the plan filed on July 3, 2013 [Docket No. 4733], each of which were further revised on August 20, 2013 [Docket No. 4770] and August 23, 2013 [Docket No. 4819].  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

13.    On December 3, 2013, the Debtors and Creditors Committee filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as amended from time to time, the "Plan").  The hearing to consider confirmation of the Plan was held on November 19-22, and 25-26, 2013.  On December 11, 2013, parties appeared before the Court for closing arguments, and the Court entered an order confirming the Plan [Docket No. 6065].

14.    In order to be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date.  (Bar Date Order ¶¶ 2, 3).  The Bar Date Order permitted the filing of proofs of claim with KCC and the Court in accordance with the deadlines established therein.  (Id. ¶¶ 1, 3).  The Bar Date Order also expressly provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ."  (Id. ¶ 11).

15.    In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and

collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date.[2]  KCC served Bar Date Notices on approximately 2.2 million borrowers and over 275,000 creditors. KCC mailed the Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses as reflected in the Debtors' records shortly before the service of the Bar Date Notices. The Bar Date Notice, which was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. (Bar Date Notice ¶¶ 1, 3).  The Bar Date Notice prominently states the Bar Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted from the requirements of the Bar Date Order, as described in section 4 above, and that fails to timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined from asserting such claim against the debtors . . . ." (Id. ¶ 5).

16.    While only 35 days' advance notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Debtors provided creditors with at least 72 days' notice of the Bar Date, which was subsequently extended an additional nine days with respect to the General Bar Date. (Bar Date Order ¶ 15). The General Bar Date occurred nearly six months after the Petition Date, and 81 days after the entry of the Bar Date Order, thus providing ample time for creditors to determine, prepare and file their claims against the Debtors.

17.    In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

---

[2]    See Affidavit of Service of Notices of Deadlines for Filing Proofs of Claim [Docket No. 1412].

18.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order [Docket No. 3294].

19.    To date, approximately 7,310 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' Claims Register.

## BASIS FOR RELIEF

## A. The Late-Filed Claims Should Be Disallowed and Expunged

20.    Based upon their review of the claims filed on the Claims Register in these Chapter 11 Cases maintained by KCC, the Debtors identified the Late-Filed Claims on Exhibit A, annexed to the Proposed Order, as claims that should be disallowed and expunged because they failed to comply with the terms of the Bar Date Order.  (See Horst Declaration ¶¶ 3, 4).

21.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

22.    "Bar dates are 'critically important to the administration of a successful chapter 11 case.'"  Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital,

LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process."  In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize.  See In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

             23.    The Bar Date Order specifically requires proofs of claim to be actually received either by KCC or the Court on or before the Bar Date.  (Bar Date Order ¶¶ 2, 3). Potential claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the Bar Date would result in their claims being barred.  (See Bar Date Notice ¶¶ 1, 3, 6).  In addition, the Debtors confirmed with KCC that each of these claimants who filed a Late-Filed Claim was timely served with both a notice of the commencement of the Chapter 11 Cases and a notice of the Bar Date.  KCC mailed both notices to each claimant who filed a Late-Filed Claim at the address reflected in the Debtors' books and records shortly before the service of the Bar Date Notice.  (See Horst Declaration ¶ 4).   Nevertheless, the holders of the Late-Filed Claims filed their proofs of claim after the Bar Date.  (See Horst Declaration ¶ 4).  Moreover, these Late-Filed Claims do not amend any previously filed claims.  (See Morrow Declaration ¶¶ 5-18).

24.     Because the Late-Filed Claims violate the terms of the Bar Date Order and are thus untimely, the Debtors request that the Court disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit A to the Proposed Order.

**B. The Duplicate Debt Claim Should Be Disallowed and Expunged**

25.     Based upon their review of the proofs of claim filed on the Claims Register in these cases maintained by KCC, the Debtors determined that the Duplicate Debt Claim identified on Exhibit B annexed to the Proposed Order is duplicative of the claim filed by Wilmington Trust, National Association.  (See Horst Declaration ¶¶ 3, 6).

26.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."   11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtor.  See, e.g., In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate debt claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate debt claim); In re Drexel Burnham Lambert Grp., Inc., 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (expunging duplicate debt claim).

27.     The Debtors are not required to make a distribution to a creditor on the same claim more than once.  See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Moreover, elimination of the Duplicate Debt Claim will enable the Debtors to maintain a claims register in a manner that more accurately reflects the proper claims asserted against the Debtors.

28.     Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Debtors request that the Court disallow and expunge in its entirety the Duplicate Debt Claim listed on <u>Exhibit B</u> to the Proposed Order.[3]   The Surviving Claim will remain on the Claims Register subject to further objections on any other basis.

## **NOTICE**

29.     The Debtors have served notice of this Fifty-Fourth Omnibus Claims Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

---

[3]     To the extent that the creditor has filed different documentation in support of the Duplicate Debt Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

ny-1119903

Dated:  December 12, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
Debtors in Possession*

ny-1119903

**Exhibit 1-A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
                                                              )
In re:                                                        )        Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                      )        Chapter 11
                                                              )
                                          Debtors.            )        Jointly Administered
                                                              )
------------------------------------------------------------- )

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'
### FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
### <u>(LATE-FILED AND DUPLICATE DEBT CLAIMS)</u>

I, Deanna Horst, hereby declare as follows:

        1.      I am the Chief Claims Officer for Residential Capital, LLC and its

affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of ResCap

since August of 2001. In June 2012, I became Senior Director of Claims Management for

ResCap and have held my current position since October of 2013.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1119911

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the *Debtors' Fifty-Fourth Omnibus Objection to Claims (Late-Filed Claims and Duplicate Debt*

*Claim)* (the "<u>Objection</u>").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees of the Debtors, the

Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the

Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify

competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Chief Claims Officer, I am intimately familiar with the

Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this

Declaration are based upon my familiarity with the Debtors' books and records (the "<u>Books and</u>

<u>Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed

in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of

claims, and/or my review of relevant documents.  I or my designee at my direction have

reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by

the claimants listed on <u>Exhibit A and Exhibit B</u> annexed to the Proposed Order.  In connection

with such review and analysis, where applicable, the Debtors have reviewed (i) information

supplied or verified by personnel in departments within the Debtors' various business units,

(ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or

(v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Objection.

ny-1119911

4.     Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the Late-Filed Claims at issue, the Debtors have determined that each claim listed on Exhibit A annexed to the Proposed Order was received by the Court and/or KCC, after the Bar Date passed.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Claims included on Exhibit A to the Proposed Order were each date-and-time-stamped after the General Bar Date by which these claims were required to be filed.  In addition, the Debtors confirmed with KCC that each of these claimants who filed a Late-Filed Claim was timely served with both a notice of the commencement of the Chapter 11 Cases [Docket No. 336] and a notice of the Bar Date [Docket No. 1412].  KCC mailed both notices to each claimant of a Late-Filed Claim at the address reflected in the Debtors' books and records shortly before the service of the Bar Date Notice. See *Declaration of P. Joseph Morrow IV in Support of Debtors' Fifty-Fourth Omnibus Objection to Claims (Late Filed Claims)* attached to the Objection as Exhibit 1-B and filed concurrently herewith.  In addition, the Debtors confirmed that these Late-Filed Claims do not amend any previously filed claims.

5.     To my knowledge, none of the claimants who have a Late-Filed Claim included on Exhibit A to the Proposed Order ever filed a motion with the Court, or contacted the Debtors, requesting permission to file a late proof of claim or proffered to the Debtors or their counsel an excuse for such Late-Filed Claim.  If the Late-Filed Claims are not disallowed and expunged, the claimants who filed the Late-Filed Claims may potentially receive distributions to

3

the detriment of other creditors in these Chapter 11 Cases that they are not entitled to, because such claims were untimely.

6.      The Debtors have determined that the claim listed on <u>Exhibit B</u> annexed to the Proposed Order is duplicative of Claim No. 5256 filed by Wilmington Trust, National Association.  To the extent it is a valid claim, the claimant that filed the Duplicate Debt Claim will be paid from any recovery out of the Surviving Claim.  If the Duplicate Debt Claim is not disallowed and expunged, the claimant who filed this Duplicate Debt Claim would receive a wholly improper recovery to the detriment of other creditors.

7.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Late-Filed Claim and the Duplicate Debt Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 12, 2013

  /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC

4

**Exhibit 1-B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

--------------------------------------------------------------

### DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1.      I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent retained by Residential Capital, LLC, *et al.*, (collectively with its affiliated debtors and debtors in possession, the "Debtors") in the above-captioned Chapter 11 cases, pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

2.      I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Fifty-Fourth Omnibus Objection to Claims (Late-Filed Claims)* (the "Objection").[1]

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3.      All facts set forth in this Declaration are based upon information learned

from my review of relevant documents and information I have received through my discussions

with KCC employees and the Debtors' professionals and consultants.  If I were called upon to

testify, I could and would testify competently to the facts set forth herein on that basis.

4.      Acting as the Debtors' claims and noticing agent, KCC serves notices and

other mailings upon parties and/or their representatives at the direction of the Debtors and the

Court.  I understand that the Debtors have advised KCC that the full list of the Debtors'

customers, which includes information for over two million parties, is confidential and not made

publicly available for privacy reasons (as Borrower information is included therein).

5.       On or before June 4, 2012, at my direction and under my supervision,

employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy

Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit A</u>) to be served upon

**Jones Pavan at 4225 W Jacaranda Ave, Burbank, CA 91505** via First Class U.S. Mail.

6.      On or before October 5, 2012, at my direction and under my supervision,

employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs

of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Jones Pavan at 4225 W Jacaranda**

**Ave, Burbank, CA 91505** via First Class U.S. Mail. The service address matches the address on

the returned Proof of Claim.

7.      On or before June 4, 2012, at my direction and under my supervision,

employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy

Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit A</u>) to be served upon

**Guy S Yogi and Associates at 6915 56th Ave Northeast, Seattle, WA 98115, c/o Guy S Yogi**

via First Class U.S. Mail.

8.        On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as Exhibit B) to be served upon **Guy S Yogi and Associates at 6915 56th Ave Northeast, Seattle, WA 98115, c/o Guy S Yogi** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

9.        On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as Exhibit A) to be served upon **The Hartford at Group Benefits Division, PO Box 8500-3690, Philadelphia, PA 19178-3690** via First Class U.S. Mail.

10.       On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as Exhibit B) to be served upon **The Hartford at Group Benefits Division, PO Box 8500-3690, Philadelphia, PA 19178-3690** via First Class U.S. Mail. The address on the returned Proof of Claim is **Eric J. Ryan, Esq., John A. Halpern & Associates 12 South Sixth Street, Suite 500 Minneapolis, MN  55402**.

11.       On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as Exhibit A) to be served upon **Milliman at 15800 Bluemound Road, Ste 400, Brookfield, WI 53005-6069** via First Class U.S. Mail.

12.       On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs

of Claims (attached hereto as Exhibit B) to be served upon **Milliman at 15800 Bluemound Road, Ste 400, Brookfield, WI 53005-6069** via First Class U.S. Mail. The address on the returned Proof of Claim is **15800 Bluemound Road, Ste 100, Brookfield, WI 53005-6069.**

      13.    On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as Exhibit A) to be served upon **Deutsche Bank Trust Co Americas at three separate addresses: Corporate Trust & Agency Services, PO Box 1757-Church Street Station, New York, NY 10008; Harborside Financial Center, 100 Plaza One, Jersey City, NJ 07311-3901, Attn Brendan Meyer; and 60 Wall Street, MS NYC 60-2802, New York, NY 10005, c/o Marco Caputi** via First Class U.S. Mail.

      14.    On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as Exhibit B) to be served upon **Deutsche Bank Trust Co Americas at three separate addresses: Corporate Trust & Agency Services, PO Box 1757-Church Street Station, New York, NY 10008; Harborside Financial Center, 100 Plaza One, Jersey City, NJ 07311-3901, Attn Brendan Meyer; and 60 Wall Street, MS NYC 60-2802, New York, NY 10005, c/o Marco Caputi** via First Class U.S. Mail. The address on the returned Proof of Claim is **Attn Bankruptcy Department, Nationstar Mortgage, LLC, PO Box 630267, Irving , TX  75063.**

      15.    On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as Exhibit A) to be served upon

**Franklin County at 373 South High Street / 17th Floor, Columbus, OH 43215** via First Class U.S. Mail.

16.     On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Franklin County at 373 South High Street / 17th Floor, Columbus, OH 43215** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

17.     On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit A</u>) to be served upon **Tri State Realty Inc at 3870 Frontage Rd Hwy 95, Bullhead, AZ 86442** via First Class U.S. Mail.

18.     On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Tri State Realty Inc at 3870 Frontage Rd Hwy 95, Bullhead, AZ 86442** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

19.     In accordance with KCC's standard procedure, each of the foregoing documents was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail. The envelopes were clearly marked with KCC's return address.

20.    As of the date of this Declaration, none of the foregoing mailings identified in this Declaration were returned to KCC as "undeliverable."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 12, 2013

/s/ P. Joseph Morrow IV
P. Joseph Morrow IV

**Exhibit A to Morrow Declaration**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG) (Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

**If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914. You may also submit an inquiry online at www.kccllc.net/rescap.**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| **Proposed Attorneys for Debtors** | **DATE, TIME, AND LOCATION OF MEETING OF** |
| Larren M. Nashelsky | **CREDITORS PURSUANT TO BANKRUPTCY** |
| Gary S. Lee | **CODE SECTION 341(a)** |
| Lorenzo Marinuzzi | **June 25, 2012 at 1:00 p.m. (ET)** |
| MORRISON & FOERSTER LLP | 80 Broad Street, Fourth Floor |
| 1290 Avenue of the Americas | New York, New York 10004 |
| New York, New York 10104 | |
| Telephone: (212) 468-8000 | |
| Facsimile: (212) 468-7900 | |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Clerk of the Bankruptcy Court Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

ny-1041611

| | |
|---|---|
| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3

**<u>Exhibit B to Morrow Declaration</u>**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|                                      | )   |                            |
| In re:                               | )   | Case No. 12-12020 (MG)     |
|                                      | )   |                            |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )   | Chapter 11                 |
|                                      | )   |                            |
|                          Debtors.    | )   | Jointly Administered       |
|                                      | )   |                            |
---------------------------------------------------------------

## <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)    Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

**8.      RESERVATION OF RIGHTS**

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
         August 29, 2012

                                        BY ORDER OF THE COURT

                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

**<u>Exhibit 2</u>**

**Proposed Order**

ny-1119903

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                 )
                                   Debtors.                      )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

## ORDER GRANTING DEBTORS' FIFTY-FOURTH OMNIBUS
## OBJECTION TO CLAIMS (LATE-FILED AND DUPLICATE DEBT CLAIM)

Upon the fifty-fourth omnibus claims objection, dated December 12, 2013 (the

"Fifty-Fourth Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the

above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the

"Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Late-Filed Claims

on the basis that they were filed after the applicable Bar Date and the Duplicate Debt Claim on

the basis that it is a duplicate of a corresponding claim all as more fully described in the Fifty-

Fourth Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-

Fourth Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-

Fourth Claims Objection and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Fifty-Fourth Claims Objection having been provided, and

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
        in the Debtors' Fifty-Fourth Claims Objection.

it appearing that no other or further notice need be provided; and upon consideration of the Fifty-Fourth Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Fifty-Fourth Objection to Claims (Late-Filed Claims and Duplicate Debt Claim), annexed thereto as Exhibit 1; and the Court having found and determined that the relief sought in the Fifty-Fourth Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fifty-Fourth Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifty-Fourth Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "Late-Filed Claims") are hereby disallowed and expunged in their entirety with prejudice;

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit B annexed hereto (the "Duplicate Debt Claim") is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Late-Filed and Duplicate Debt Claims identified on the schedule attached as Exhibit A and Exhibit B hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ny-1119914

ORDERED that notice of the Fifty-Fourth Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A or Exhibit B annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Late-Filed or Duplicate Debt Claims identified on Exhibit A or Exhibit B, annexed hereto, as if each such Late-Filed or Duplicate Debt Claim had been individually objected to; and it is further

ORDERED that the Debtors reserve all rights to object on any other basis to any Late-Filed or Duplicate Debt Claim as to which the Court does not grant the relief requested herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-FOURTH OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc Pass Through Certificates 2006-Q06 Attn Bankruptcy Department Nationstar Mortgage, LLC PO Box 630267 Irving , TX 75063 | 7183 | 10/07/2013 | $0.00 $0.00 $239,744.60 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 2 | Franklin County, Ohio Treasurer 373 S High St, 17th Floor Columbus, OH 43215 | 7184 | 09/27/2013 | $0.00 $0.00 $8,705.39 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Guy S. Yogi and Associates Guy S. Yogi 6915 56th Ave NE Seattle, WA 98115 | 7167 | 09/09/2013 | $0.00 $0.00 $0.00 $550.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | JONES PAVAN 4225 W JACARANDA AVE BURBANK, CA 91505 | 7166 | 09/06/2013 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | Milliman, Inc. 15800 W. Bluemound Road, Suite 100 Brookefield, WI 53005 | 7182 | 09/26/2013 | $0.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-FOURTH OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Re/Max Executives 1901 S Center Marshalltown, IA 50158 | 7295 | 10/23/2013 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | The Hartford Eric J. Ryan, Esq. John A. Halpern & Associates 12 South Sixth Street, Suite 500 Minneapolis, MN 55402 | 7180 | 09/19/2013 | $0.00 $0.00 $0.00 $0.00 $28,199.36 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 8 | Tri State Realty, Inc. Michelle Basso 3870 Hwy 95 - Frontage Rd Bullhead City, AZ 86442 | 7287 | 10/15/2013 | $0.00 $0.00 $0.00 $345.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

**<u>Exhibit B</u>**

ny-1119914

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-FOURTH OMNIBUS OBJECTION - DUPLICATE DEBT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Mr. Jurgen Altig<br>Wette 3<br>Oberderdingen, 75038, Germany | 1411 | 10/19/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$62,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the surviving Master Proof of Claim 5256 filed by Wilmington Trust, National Association |