Hearing Date and Time: January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------------------ ) | | |

### NOTICE OF DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY FOR (A) NON-DEBTOR CLAIMS AND (B) PAID AND SATISFIED CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors'*

*Fifty-Sixth Omnibus Claims Objection (No Liability for (A) Non-Debtor Claims and*

*(B) Paid and Satisfied Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your

rights by disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

2

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  December 12, 2013
      New York, New York

 

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

4

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------- ) | | |

**DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY FOR (A) NON-DEBTOR CLAIMS AND**
**<u>(B) PAID AND SATISFIED CLAIMS)</u>**

<table>
<tr><td>

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

</td></tr>
</table>

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### RELIEF REQUESTED

1.      The Debtors file this fifty-sixth omnibus objection to claims (the "Fifty-

Sixth Omnibus Claims Objection"), pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in the Chapter 11 Cases [Docket No. 3294] (the "Procedures

Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that

attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A and

Exhibit B attached to the Proposed Order.[1]    In support of the Fifty-Sixth Omnibus Claims

Objection, the Debtors submit the *Declaration of Deanna Horst in Support of Debtors' Fifty-*

*Sixth Omnibus Objection to Claims (No Liability for (A) Non-Debtor Claims and (B) Paid and*

*Satisfied Claims)* (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently

herewith.

2.      The Debtors have examined the proofs of claim identified on Exhibit A

attached to the Proposed Order and have determined that each of the proofs of claim listed

thereon (collectively, the "Non-Debtor Claims") either (a) asserts claims against entities that are

not one of the Debtors in the Chapter 11 Cases or (b) asserts claims against a Debtor entity for

---

[1]      Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the Claims
Register (defined herein) maintained by KCC (defined herein).

liabilities of non-debtor entities.  Accordingly, the Debtors request that the Non-Debtors Claims be disallowed and expunged in their entirety.

3.       The Debtors also have examined the proofs of claim identified on <u>Exhibit B</u> attached to the Proposed Order and have determined that each of the proofs of claim listed on that exhibit (collectively, the "<u>Paid and Satisfied Claims</u>") are no longer valid because the Debtors fully satisfied such claims in the ordinary course of business.  Accordingly, the Debtors seek entry of the Proposed Order disallowing and expunging the Paid and Satisfied Claims from the Claims Register.

4.       The Debtors expressly reserve all rights to object on any other basis to any claims listed on either <u>Exhibit A</u> or <u>Exhibit B</u> as to which this Court does not grant the relief requested herein.

5.       No Borrower Claims (as defined in the Procedures Order) are included in this Fifty-Sixth Omnibus Claims Objection.

## JURISDICTION

6.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.       General**

7.       On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3

8.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 102].

9.    On June 20, 2012, this Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, this Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

10.    On December 3, 2013, the Debtors and Creditors' Committee filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as amended from time to time, the "Plan").  The hearing to consider confirmation of the Plan was held on November 19-22, and 25-26, 2013.  On December 11, 2013, parties appeared before the Court for closing arguments, and the Court entered an order confirming the Plan [Docket No. 6065].

**B.    Proceedings Related to Claims**

11.    On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

12.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").  The Bar Date Order established, among other things,

4

(a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, this Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

13.    On March 21, 2013, this Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

14.    To date, approximately 7,310 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' Claims Register.

**BASIS FOR RELIEF**

15.    Based upon their review of the proofs of claim filed on the Claims Register maintained by KCC, the Debtors have determined that: (a) the Non-Debtor Claims listed on Exhibit A annexed to the Proposed Order should be disallowed and expunged because they either assert claims against (i) entities that are not Debtors in the Chapter 11 Cases or (ii) a Debtor entity for liabilities of non-Debtor entities; and (b) the Paid and Satisfied Claims listed on Exhibit B annexed to the Proposed Order should be disallowed and expunged because such claims have been Paid and Satisfied by the Debtors in the ordinary course of business during the Chapter 11 Cases.  See Horst Declaration ¶¶ 5, 7.

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).   Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

17.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  In addition, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order."  Fed. R. Bankr. P. 3007(d)(5).

## A.    The Non-Debtor Claims Should Be Disallowed and Expunged

18.     The Debtors diligently analyzed the Non-Debtor Claims and determined that the Non-Debtor Claims are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors, and do not set forth any valid legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.  See Horst Declaration ¶ 5.  The basis for objecting to each of the Non-Debtor Claims is set forth in more detail on Exhibit A attached to the Proposed Order under

the heading titled "*Reason for Disallowance.*"  Accordingly, the Debtors are not liable to the

claimants identified on <u>Exhibit A</u> attached to the Proposed Order.  <u>See id.</u>

19.    Therefore, to avoid the possibility that the claimants at issue receive

improper recoveries against the Debtors' estates, and to ensure that the Debtors' creditors are not

prejudiced by such improper recoveries, the Debtors request that this Court disallow and

expunge in their entirety each of the Non-Debtor Claims.  <u>See</u> Horst Declaration ¶ 6.

**B.    <u>The Paid and Satisfied Claims Should Be Disallowed and Expunged</u>**

20.    Based upon their review of the proofs of claim filed on the Claims

Register maintained by KCC, the Debtors determined that each Paid and Satisfied Claim

identified on <u>Exhibit B</u> annexed to the Proposed Order has been satisfied in full during these

Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court,

applicable law, or otherwise.  Accordingly, these claims do not represent valid prepetition claims

against the Debtors.  If the Paid and Satisfied Claims are not disallowed and expunged, the

claimants who filed these proofs of claim may potentially receive a wholly improper recovery to

the detriment of other creditors in these Chapter 11 Cases.  (<u>See</u> Horst Declaration ¶ 7).

21.    Accordingly, to avoid the possibility that certain claimants receive

improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not

prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge

in their entirety each of the Paid and Satisfied Claims.  <u>See id.</u>  Further, the Debtors reserve the

right to object to any Paid and Satisfied Claim as to which the Court does not grant the relief

requested herein on any other basis.

## <u>NOTICE</u>

22.    The Debtors have served notice of this Fifty-Sixth Omnibus Claims

Objection in accordance with the Case Management Procedures entered on May 23, 2012

ny-1120193

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  December 12, 2013
          New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

8

## <u>Exhibit 1</u>

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,       )        Chapter 11
)
Debtors.                         )        Jointly Administered
)
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY FOR (A) NON-DEBTOR AND (B) PAID AND SATISFIED CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for Residential Capital, LLC and its

affiliates ("ResCap"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of ResCap

since August of 2001.   In June 2012, I became Senior Director of Claims Management for

ResCap and have held my current position since October of 2013.   I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.   In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance --

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.   In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

the *Debtors' Fifty-Sixth Omnibus Objection to Claims (No Liability for (A) Non-Debtor and (B)*

*Paid and Satisfied Claims)* (the "Objection").[2]

        2.        Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents, and information I have received through my discussions

with other members of the Debtors' management or other employees, the Debtors' professionals

and consultants, and/or KCC.  If I were called upon to testify, I could and would testify

competently to the facts set forth in the Objection on that basis.

        3.        In my capacity as Chief Claims Officer, I am intimately familiar with the

Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this

Declaration are based upon my familiarity with the Debtors' books and records (the "Books and

Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed

in the Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims,

and/or my review of relevant documents.  I or my designee at my direction have reviewed and

analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants

listed on Exhibit A and Exhibit B attached to the Proposed Order.  In connection with this

analysis, where applicable, the Debtors have reviewed (a) information supplied or verified by

personnel in departments within the Debtors' various business units, (b) the Books and Records,

(c) the Schedules, (d) other filed proofs of claim, and/or (e) the official Claims Register

maintained in the Debtors' Chapter 11 Cases.

---

[2]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
    Objection.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

### A.      The Non-Debtor Claims

5.      The Non-Debtor Claims listed on <u>Exhibit A</u> annexed to the Proposed Order are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors.  Moreover, the Debtors diligently evaluated any information provided by the claimants in the Non-Debtor Claims and determined that the Non-Debtor Claims do not set forth any valid legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.[3]  Therefore, the Debtors are not liable to the claimants identified on <u>Exhibit A</u> attached to the Proposed Order.

6.      If each of the Non-Debtor Claims is not disallowed and expunged in its entirety, the claimants who filed the Non-Debtor Claims may potentially receive a wholly improper recovery to the detriment of other creditors.

### B.      The Paid and Satisfied Claims

7.      Based on a thorough review of the Paid and Satisfied Claims at issue, the Debtors have determined that each claim listed on <u>Exhibit B</u> annexed to the Proposed Order should be disallowed and expunged because these claims were satisfied in full during these Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court.  If each of the Paid and Satisfied Claims is not disallowed and expunged in its entirety, the claimants

---

[3]    The basis for objecting to each of the Non-Debtor Claims is set forth in more detail on <u>Exhibit A</u> to the Proposed Order under the heading titled "*Reason for Disallowance.*"

who filed such claims may potentially receive a wholly improper recovery to the detriment of other creditors.

8.      Accordingly, based upon these reviews, and for the reasons set forth in the Objection, I have determined that each Non-Debtor Claim and Paid and Satisfied Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 12, 2013

                                                         /s/ Deanna Horst
                                                        Deanna Horst
                                                        Chief Claims Officer for Residential Capital,
                                                        LLC

ny-1120220

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|                          |     |                          |
|--------------------------|-----|--------------------------|
| In re:                   | )   | Case No. 12-12020 (MG)   |
|                          | )   |                          |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|                          | )   |                          |
| Debtors.                 | )   | Jointly Administered     |

-------------------------------------------------------------

### ORDER GRANTING DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY FOR (A) NON-DEBTOR AND <u>(B) PAID AND SATISFIED CLAIMS</u>)

Upon the fifty-sixth omnibus claims objection, dated December 12, 2013 (the "<u>Fifty-Sixth Omnibus Claims Objection</u>")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Non-Debtor Claims on the grounds that they assert claims against entities that are not Debtors in these jointly administered Chapter 11 Cases, and the Paid and Satisfied Claims on the grounds that each Paid and Satisfied Claim represents an obligation for which the Debtors have no liability, all as more fully described in the Fifty-Sixth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Sixth Omnibus Claims Objection and the relief

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fifty-Sixth Omnibus Claims Objection.

requested    therein    being    a    core    proceeding    pursuant    to    28    U.S.C.
§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and
due and proper notice of the Fifty-Sixth Omnibus Claims Objection having been provided, and it
appearing that no other or further notice need be provided; and upon consideration of the Fifty-
Sixth Omnibus Claims Objection and the Declaration of Deanna Horst annexed thereto as
Exhibit 1; and the Court having found and determined that the relief sought in the Fifty-Sixth
Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all
parties in interest, and that the legal and factual bases set forth in the Fifty-Sixth Omnibus
Claims Objection establish just cause for the relief granted herein; and after due deliberation and
sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Fifty-Sixth Omnibus Claims Objection
is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Non-
Debtor Claim listed on Exhibit A attached hereto under the heading "*Claims to be Disallowed
and Expunged*" is hereby disallowed and expunged in its entirety; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Paid
and Satisfied Claim listed on Exhibit B attached hereto is disallowed and expunged in its
entirety; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and
claims agent, is authorized and directed to expunge from the Claims Register the Non-Debtor
Claims identified on the schedule attached as Exhibit A hereto and the Paid and Satisfied Claims
identified on the schedule attached as Exhibit B hereto pursuant to this Order; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not otherwise listed on <u>Exhibit A</u> or <u>Exhibit B</u> attached to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> or <u>Exhibit B</u> as to which the Court does not grant the relief requested in the Fifty-Sixth Omnibus Claims Objection; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Sixth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Non-Debtor Claims identified on <u>Exhibit A</u> attached hereto and the Paid and Satisfied Claims identified on <u>Exhibit B</u> attached hereto, as if each such Non-Debtor Claim and Paid and Satisfied Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
     New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

## Exhibit A

**Non-Debtor Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SIXTH OBJECTION - NO LIABILITY - NON-DEBTOR (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Cincinnati Bell Telephone 221 E. 4th Street ML 121-800 Cincinnati, OH 45202 | 245 | 07/02/2012 | $0.00 $0.00 $0.00 $0.00 $4,741.09 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |
| 2 | City of Reading c/o Portnoff Law Associates, Ltd PO Box 3020 Norristown, PA 19401 | 6011 | 11/29/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim was for services provided to a non-debtor entity. |
| 3 | OLD TOWN TOWNHOUSES CONDOMINIUMS 2006 N 30TH Unit  No. 8 TACOMA, WA 98403 | 943 | 10/04/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |
| 4 | W B MASON COMPANY INC 59 CENTRE ST BROCKTON, MA 02301-4014 | 5276 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 $403.26 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |

## **Exhibit B**

**Paid and Satisfied Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | COMMISSIONER OF ACCOUNTS<br>P.O. BOX 320337<br>ALEXANDRIA, VA 22320 | 4042 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$316.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ETS of Virginia, Inc. | 12-12026 |
| 2 | SHAPIRO AND COMPANY<br>30 S 42ND AVE E<br>DULUTH, MN 55804 | 2415 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$400.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |