# EXHIBIT B

30 Rockefeller Plaza, New York, NY 10112
**tel** (212) 408-5100 **fax** (212) 541-5369

# CHADBOURNE
## & PARKE LLP

December 4, 2013

*VIA ELECTRONIC MAIL AND ECF*

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: In re Residential Capital, LLC *et al.*, No. 12-12020 (MG)

Dear Judge Glenn:

I am writing on behalf of the Examiner in response to the letter to your Honor from Kenneth H. Eckstein, dated December 3, 2013 [Docket No. 5994], on behalf of the Official Committee of Unsecured Creditors (the "Committee"), in which the Committee requests an adjournment of the hearing on the final fee applications filed by the Examiner's professionals "to the date on which the final fee applications for all other estate professionals are to be heard." For the reasons set forth herein, the Examiner and his professionals respectfully request that the Court deny the Committee's request for an adjournment, and hold the hearing to consider the final fee applications of the Examiner and his professionals, as scheduled, on December 17, 2013.

The Committee argues that the hearing should be adjourned for three reasons: (1) reviewing the final fee applications now is a "burden" on the Committee that may cause a "distraction" from the chapter 11 plan process; (2) the Committee may wish to obtain additional information from the Examiner's professionals; and (3) the Committee believes that all final fee applications, except the application of the Examiner himself, should be considered after the conclusion of the case so that there is a "consensual final fee hearing" for all estate professionals.[1]

None of these reasons provide a legitimate basis to adjourn the hearing. By its letter, the Committee apparently acknowledges that it has not to date performed a review of the interim fee applications of the Examiner's professionals. But that is not a basis to delay the final fee hearing for professionals whose roles in these cases ended months ago. The request for an adjournment is particularly meritless here because the Examiner and his professionals

---

[1]    To the extent the Court grants the Committee's request for an adjournment, the Examiner requests, despite the fact that the Committee has not sought to adjourn his application, that his final fee application [Docket No. 5850] be considered by the Court at the same time the Court considers the final fee applications of the Examiner's professionals.



CHADBOURNE
& PARKE LLP

The Honorable Martin Glenn            -2-                    December 4, 2013

did not request an earlier hearing date, but rather waited for the next scheduled interim fee hearing and simply sought a final determination of the Court under Bankruptcy Code section 330. The procedure followed by the Examiner and his professionals is completely appropriate given that neither the Examiner nor his professionals have a continuing role in these cases. Moreover, the Examiner informed certain Committee members some time ago that the Examiner and his professionals would seek approval of final fee applications at the December fee hearing.

The Committee first asserts that it will be a "burden" for the Committee's professionals to "dedicate resources" to review the Examiner's professionals' final fee applications now. The Examiner and his professionals filed their final fee applications on November 18, 2013, *see* Docket Nos. 5844, 5846, 5848, 5849, 5850, giving any party wishing to review the final fee applications twenty-one days before the December 9, 2013 objection deadline. Tellingly, the Committee has not requested some additional limited extension of that objection deadline in order to complete its review.

Furthermore, as the Committee acknowledges, over 90% of the total fees requested by the Examiner's professionals have already been considered and provisionally approved by the Court at interim fee hearings. Therefore, the Court and the U.S. Trustee have already performed a thorough review of over 90% of the requested fees, and adjustments and reductions have been made to those fee requests. The Committee and other parties in interest had an opportunity to weigh in as well. The Examiner and his professionals have also served monthly fee statements on various parties in interest, including the Committee, giving an additional opportunity for review.

In short, the Committee has had ample opportunity to review all of the fees requested by the Examiner and his professionals in the final fee applications. The Committee's obligation to review fees in this case has existed from the outset. Although the Examiner understands the Committee's desire to concentrate on plan confirmation now, the Committee could have sought an alternative method to address its obligations to review fees on an ongoing basis, but instead chose to wait until final applications were filed to complain of its "burden." As your Honor recently stated on the record in the *MF Global* case, the Court "spen[ds] a lot of hours toiling over interim fee applications before they get approved." *See* Transcript of Hearing at 16:24–17:19, *In re MF Global Holdings, Ltd.*, No. 11-15059 (Bankr. S.D.N.Y. Oct. 29, 2013). The Committee's apparent failure to review the fee applications of the Examiner and his professionals with the same care exercised by the Court (and the U.S. Trustee) does not justify an adjournment of the hearing.

Second, the Committee argues that an adjournment is necessary because the Committee may wish to "obtain additional information and resolve any concerns regarding the final fee requests." They do not specify what "additional information" they require. The Examiner has met and spoken with certain members of the Committee on several occasions



The Honorable Martin Glenn                    -3-                    December 4, 2013

and provided them with all the additional information they requested, whether informally or through the filed fee applications. No further requests have been received.

Finally, the Committee writes that an adjournment is necessary to allow parties to analyze the requested fees "in the context of the case as a whole." But the issue before the Court is the reasonableness of the fees requested by the Examiner and his professionals under Bankruptcy Code section 330. The relevant "context" here is services rendered in connection with the investigation. In this case, the scope of the Examiner's investigation was approved by the Committee and set forth in the Examiner's filings with the Court. The Committee cannot possibly now question the scope of the examination or the magnitude of the undertaking. The Court should not countenance the Committee's unsupported view that review of the Examiner's professionals' fees requires a view of the "the case as a whole." Indeed, if the Court were to adopt the view that the outcome of a case should be considered in assessing the reasonableness of the fees of an examiner's professionals, it would set a precedent that could undermine the independence of future examiners.

The Examiner filed his report on May 13, 2013 and, on September 24, 2013, the Court discharged the Examiner and his professionals from any further duties. *See* Docket No. 5187. Accordingly, there is simply no reason to delay the final fee applications of the Examiner's professionals. The Examiner respectfully requests that the Court deny the Committee's request for an adjournment.

Respectfully submitted,

Howard Seife

cc:   *Via Electronic Mail*
      Gary S. Lee, Esq.
      Lorenzo Marinuzzi, Esq.
      Kenneth H. Eckstein, Esq.
      Brian S. Masumoto, Esq.
      Ralph Tuliano
      Arthur J. Gonzalez, Esq.