**Exhibit 4**

```
 1  ROBERT J. GANDY (State Bar No. 225405)
    rjg@severson.com
 2  KERRY W. FRANICH (State Bar No. 245857)
    kwf@severson.com
 3  BENJAMIN A. EILENBERG (State Bar No. 261288)
    bac@severson.com
 4  SEVERSON & WERSON, A Professional Corporation
    The Atrium-19100 Von Karman Avenue, Suite 700
 5  Irvine, California 92612-6578
    Telephone: (949) 442-7110
 6  Facsimile: (949) 442-7118

 7  Attorneys for Defendants
    GMAC MORTGAGE, LLC, WELLS FARGO
 8  BANK, N.A. as Trustee for Holders of IMPAC
    SECURED ASSETS CORP. MORTGAGE PASS-
 9  THROUGH CERTIFICATES SERIES 2004-4, and
    MORTGAGE ELECTRONIC REGISTRATION
10  SYSTEMS, INC. (erroneously sued as Mortgage
    Electronic Registration System, Inc.)
11
```

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 14 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SEPIDEH CIRINO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC, a Delaware Limited Liability Company; WELLS FARGO BANK, N.A., a Federally Chartered Bank, as Trustee for Holders of IMPAC SECURED ASSETS CORP. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-4; IMPAC FUNDING CORPORATION, a California Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware Corporation; and DOES 1 THROUGH 10 inclusive,<br><br>Defendants. | Case No. 8:11-CV-01890 AG JPR<br>Hon. Andrew J. Guilford<br>Ctrm. 10-D<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Action Filed: September 27, 2011 |

19000.1157/2223914.1

8:11-CV-01890 AG JPR
[~~PROPOSED~~] JUDGMENT

The motion of Defendants GMAC MORTGAGE, LLC, WELLS FARGO BANK, N.A. as Trustee for Holders of IMPAC SECURED ASSETS CORP. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-4, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (collectively "Defendants") to dismiss Plaintiff SEPIDEH CIRINO's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted came on regularly for hearing on May 14, 2012 at 10:00 a.m. before the Honorable Andrew J. Guilford. After considering all of the papers submitted by the parties, and the arguments of counsel in connection with this matter, good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant's motion to dismiss is granted.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's first amended complaint is dismissed with prejudice. Plaintiff is to recover nothing from Defendants. JUDGMENT IS ENTERED FOR THE DEFENDANTS.

DATED: JUNE 14, 2012

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Nancy Boehme | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Formerly pro se Plaintiff Sepideh Cirino ("Plaintiff") filed this foreclosure-related lawsuit in December 2011 seeking $1,651,030,464.00 in damages from Defendants GMAC Mortgage LLC, Wells Fargo Bank as Trustee for Holders of IMPAC Secured Assets Corp. Mortgage Pass-Through Certificates Series 2004-4, IMPAC Funding Corporation, and Mortgage Electronic Registration Systems, Inc. (together, "Defendants"). After the Court dismissed Plaintiff's original Complaint with leave to amend, Plaintiff retained counsel and filed a First Amended Complaint ("FAC"). Defendants now file a Motion to Dismiss Plaintiff's FAC ("Motion"). After reviewing the arguments and papers submitted, the Court GRANTS the Motion.

## BACKGROUND

The following facts comes from Plaintiffs' FAC, and for purposes of this Motion, the Court assumes them to be true.

Plaintiff bought property in Laguna Hills, California ("Property") in January 1996. She refinanced the Property in October 2004 with two loans – one for $1,320,000 and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

other for $400,000 – secured by deeds of trust on the Property. Plaintiff eventually defaulted on the loans. A Notice of Default and Notice of Trustee's sale were subsequently recorded.

The thrust of Plaintiff's FAC is that Defendants have no authority to foreclose on her Property because her loans were improperly securitized. Based primarily on this allegation, and variations of it, Plaintiff asserts six claims, numbered as follows: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Fair Credit Reporting Act ("FCRA"); (3) violation of the Securities Act of 1933; (4) violation of the Securities Exchange Act of 1934; (5) mail fraud; and (6) violations of the Racketeering-Influenced Corrupt Organizations Act ("RICO").

## PRELIMINARY MATTERS

To support their Motion, Defendants request that the Court take judicial notice of the following seven documents recorded in the official records of Orange County: (1) a January 1996 Grant Deed; (2) an October 2004 Deed of Trust; (3) a second October 2004 Deed of Trust; (4) a January 2011 Assignment of Deed of Trust; (5) a January 2011 Substitution of Trustee; (6) a January 2011 Notice of Default and Election to Sell Under Deed of Trust; and (7) an April 2011 Notice of Trustee's Sale. Plaintiff filed no opposition to Defendants' request for judicial notice, and the Court GRANTS the request.

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

In a recent foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Id.* (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The complaint must also "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the particular misconduct to be able to defend against the charge. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citations omitted). To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997). Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

476 F.3d 756, 764 (9th Cir. 2007).

Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Dismissal for failure to comply with Rule 9(b) "should ordinarily be without prejudice . . . if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1108 (internal quotation marks and citations omitted).

"A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## ANALYSIS

1.   **PLAINTIFF'S ALLEGATIONS CONCERNING SECURITIZATION**

As noted, the thrust of Plaintiff's Complaint is that Defendants have no authority to foreclosure because her loans were improperly securitized. These allegations are insufficient to state any of the six claims for relief Plaintiff asserts. *See, e.g.*, *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (California does not "provide for a judicial action to determine whether the entity initiating the foreclosure is indeed authorized . . . ."). Under California law, a beneficiary may "initiate foreclosure proceedings . . . against a defaulting borrower, even when the beneficiary is not the holder of the original promissory note." *Ferguson v. Avelo Mortg., LLC*, 195 Cal. App. 4th 1618, 1627 (2011) (holding that "California law does not require possession of the note as a precondition to foreclosure under a Deed of Trust.").

Plaintiff's allegations concerning securitization are also insufficient because she does not allege the ability to tender the amount owed and overdue on the Loan. *See Abdallah v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

*United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (holding that plaintiff-appellant was "required to allege tender of the amount [owed] in order to maintain a cause of action for irregularity in the sale procedure"); *see also Alicia v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (dismissing plaintiff's wrongful foreclosure claims for failure to tender despite plaintiff's allegation that the securitization of her loan made it impossible to identify the true beneficiary).

2.   **PLAINTIFF'S FIRST CLAIM, FOR VIOLATIONS OF THE FDCPA**

Plaintiffs FDCPA claim fails for the simple reason that Defendants are not "debt collectors" under the FDCPA. *See, e.g., Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009) (holding that a successor mortgagee who bought a loan and its underlying promissory note from the original mortgagee and initiated non-judicial foreclosure was not a "debt collector" under the FDCPA); *Lal v. Am. Home Serv. Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt."); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("[M]ortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'").

3.   **PLAINTIFF'S SECOND CLAIM, FOR VIOLATIONS OF THE FCRA**

Plaintiff alleges that Defendants violated the FCRA by providing notice of Plaintiff's default to credit reporting agencies ("CRAs"). This claim fails because the limited private right of action under the FCRA is unavailable to Plaintiff. Although FCRA § 1681s-2(a) imposes certain duties on entities, like Defendants, who furnish information to CRAs, the Ninth Circuit has "held that consumers may not maintain an action violation of Section 1681s-2(a)." *Marshall v. Swift River Academy, LLC*, 327 Fed. Appx. 13, 14 (9th Cir. 2009). Indeed, the "[d]uties imposed on furnishers under Section 1681s-2(a) are enforceable only by federal or state agencies." *Id.* (citing *Gorman v. Wolpoff &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

*Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009)).

The FRCA does contain a limited private right of action for violations of FCRA § 1681s-2(b), which imposes additional duties on furnishers. *Marshall*, 327 Fed. Appx. at 14. But "these duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from *the consumer* does not trigger fruinshers' duties." *Id.* (citing *Gorman*, 552 F.3d at 1014) (emphasis in original). Consumers who believe that furnishers have given incorrect information to a CRA must directly notify the CRA before bringing an FCRA action against the furnisher. *See Nelson v. Chase Manhattan Bank Corp.*, 292 F.3d 1057, 1059-60 (9th Cir. 2002) (describing Section 1681s-2(b) as a "filtering mechanism . . . by making the disputatious consumer notify a CRA.") Because Plaintiff does not allege that she notified CRAs of her dispute with Defendants, the FCRA's private right of action is unavailable to Plaintiff and her FCRA claim fails.

### 4. PLAINTIFF'S THIRD AND FOURTH CLAIMS, FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

Plaintiff's securities-related claims fail because she has no standing to bring them. *See e.g., Binder v. Gillespie*, 184 F.3d 1059, 1067 (9th Cir. 1999) ("Only a purchaser or seller of securities has standing to bring an action under [the Securities Exchange Act of 1934].")

In her Opposition to Defendants' Motion, Plaintiff states that she "has no opposition to the granting of Defendants' motion as to the Third and Fourth Causes of Action."

### 5. PLAINTIFF'S FIFTH CLAIM, FOR MAIL FRAUD

Plaintiff's claim for mail fraud fails because it is based on the flawed securitization arguments discussed in Section 1. The two paragraphs that Plaintiff allots to this claim in her Opposition do nothing to convince the Court otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

**6.    PLAINTIFF'S SIXTH CLAIM, FOR RICO VIOLATIONS**

Plaintiff's RICO claims are frivolous. Indeed, in her Opposition, Plaintiff states that "she has no opposition to the granting of Defendants' motion as to the Sixth Cause of Action for Civil RICO." (Opp'n at 12:10-12.)

**7.    LEAVE TO AMEND**

The Court has already granted Plaintiff leave to amend her Complaint on one occasion. But instead of substantively amending her pleadings before filing the FAC, Plaintiff simply made a few cosmetic changes to it. Most noticeably, she increased the font size and rearranged the order of her exhibits.

On March 5, 2012, eight days before the FAC was filed, Plaintiff's counsel submitted a declaration to this Court under penalty of perjury stating that

> To the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, this lawsuit is not being presented for any improper purpose . . . ; the claims, defenses, and other legal contentions are warranted by [law] . . . ; [and] the factual contentions have evidentiary support.

(Dkt. No. 11.) Despite this sworn declaration, *half* of the claims in Plaintiff's FAC were so frivolous that Plaintiff ultimately conceded their dismissal. And the amount of damages requested– 1.6 *billion* dollars – is absurdly high for a case of this sort. (FAC at 35:28.)

Plaintiffs failure to substantively amend her pleadings when leave to do so was first given suggests that Plaintiff will be unable to cure the deficiencies in her FAC if granted leave to amend once again. Leave to amend is therefore DENIED. *See Telesaurus*, 623 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1890 AG (JPRx) | Date | May 14, 2012 |
|---|---|---|---|
| Title | SEPIDEH CIRINO v. GMAC MORTGAGE, LLC, et al. | | |

1003.

**DISPOSITION**

Defendants' Motion is GRANTED. Leave to amend is DENIED. Defendants shall promptly submit a proposed judgment consistent with this Order.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　0

Initials of
Preparer        nkb