Jeffrey A. Lipps (admitted *pro hac vice*)
Jennifer A.L. Battle (admitted *pro hac vice*)
David A. Beck (admitted *pro hac vice*)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Phone:  (614) 365-4100
Fax:  (614) 365-9145

*Special Litigation Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------ ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ------------------------------------------------------------ ) | |

**REPLY OF CARPENTER LIPPS & LELAND LLP TO THE**
**OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE**
**REGARDING FEE APPLICATIONS FOR FOURTH INTERIM AWARDS**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**INCURRED FOR THE PERIOD MAY 1, 2013 THROUGH AUGUST 30, 2013**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Carpenter Lipps & Leland LLP ("**CLL**"), special litigation counsel to the above-

captioned debtors and debtors in possession (collectively, the "**Debtors**"), respectfully replies to

the portion of the United States Trustee's (the "**UST**")'s omnibus objection (Docket No. 6047)

(the "**Objection**") objecting to CLL's fourth interim fee application (Docket No. 6047).  CLL

respectfully replies as follows:

**BACKGROUND**

1.      The UST objects to CLL's request for reimbursement of $13,970.97 of expenses

related to travel to New York City for meetings, depositions, and hearings.  *See* Objection at 21.

The UST has not asserted these expenses were excessive or otherwise failed to comply with the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 or the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

Instead, the UST's sole basis for objecting was its belief that the travel expenses should be

considered overhead based on statements the Court made at the September 11, 2013 hearing with

regards to expense reimbursement requested by another professional.  *See id.*  (citing Sept. 11,

2013 Transcript 50:13-19).  CLL respectfully submits that its travel expenses to New York City

are not properly considered overhead and meet the "reasonable and necessary" standard to be

reimbursed under section 330(a)(1)(B) of the Bankruptcy Code.[1]

2.      In 2010, the Debtors retained CLL to represent them in monoline and

securitization litigation.  The Debtors understood that CLL would be staffing cases, including

pending cases in New York City, from CLL's primary office in Columbus, Ohio and that CLL

did not have an office in New York City.  The Debtors agreed to reimburse CLL for travel

expenses to New York City as they were also able to take advantage of CLL's lower Midwestern

billing rates.

3.      The Declaration of Jeffrey A. Lipps in support of the Debtors' application to

retain CLL as special counsel disclosed that the firm's office was located in Columbus, Ohio.

---

[1] CLL has been in discussions with the UST regarding the Objection, but to date the parties have been unable to reach a settlement..

*See* Docket No. 508 Ex. 2 at 12.  The Lipps Declaration also disclosed that "CLL customarily

charges its clients for all reimbursable expenses including . . . travel . . . ." *See id.* at 10.

4.        The Court has previously approved CLL's request for reimbursement of

expenses, including travel expenses to New York City, as part of all three interim fee orders.

**ARGUMENT**

5.        Under section 330(a)(1)(B) of the Bankruptcy Code "expenses are 'necessary'

when incurred if they were properly required to accomplish the task for which the professional

was employed." *In re Borders Group, Inc.*, 456 B.R. 195, 202 (Bankr. S.D.N.Y. 2011) (Judge

Glenn).  As this Court previously noted "Black's Law Dictionary defines 'overhead' as

'[b]usiness expenses (such as rent, utilities, or support-staff salaries) that cannot be allocated to a

particular product or service; fixed or ordinary operating costs." *Id.* at 211.

6.        CLL's request for reimbursement of travel expenses to New York City reflects

both its long-standing practice with the Debtors and its customary practice with other clients in

its national litigation practice.  These travel expenses were necessary for CLL to perform

services for the Debtors.  For instance, during the Fourth Compensation Period, many of the

travel expenses related to Mr. Lipps's service as a witness in the FGIC 9019.  This required

CLL's professionals to travel to New York for meetings with Morrison & Foerster LLP

regarding trial strategy, the deposition of Mr. Lipps in connection with the FGIC hearing, and

the court hearing on approval of the FGIC 9019.

7.        The Debtors' reimbursement of CLL for travel expenses has allowed the Debtors

to save significant fees during these cases. CLL's extensive knowledge base from the firm's

years of experience with the Debtors has helped save the Debtors' estate untold amounts in

investigating the complicated factual issues which faced the Debtors in these cases.  In addition,

by paying CLL's travel expenses, CLL has been able to take advantage of CLL's lower

midwestern rates.  For instance, during the Fourth Compensation Period CLL's blended hourly

rate for lawyers was only $241.58.  *See* Fourth Interim Fee Application of Carpenter Lipps &

Leland (Docket No. 5801) at Exhibit C at 2.  This is significantly below prevailing rates for

sophisticated litigation counsel based in New York City.

8.      CLL also believes reimbursement of its travel expenses to New York is

compatible with the Court's statements at the September 11, 2013 fee hearing.  In discussing the

expenses for Morrison & Foerster attorneys traveling to New York, which is a city where

Morrison & Foerster has a very large office, the Court noted that "I want to be consistent with

what I've done in the past, which is namely, if for *convenience* you are staffing the matters

which is in the court in New York with lawyers from other offices . . . I consider their travel

expenses, hotel and air fare, to appropriately be considered as part of overhead, and not

appropriately charged to the estate."  Sept. 11 Transcript at 48:6-12.  This was following up on

concerns the Court had at a prior fee hearing about a Morrison & Foerster attorney from an

office outside of New York who were spending extended periods in New York.

9.      CLL's charging of travel expenses to New York City is distinguishable as it was

not for CLL's convenience or internal firm staffing decisions or for travel from one CLL office

to another, but instead required for the Debtors to take advantage of the special knowledge and

experience of the CLL lawyers who represented them prepetition. CLL respectfully submits that

these expenses are "actual and necessary" and comply with the standard set forth in

section 330(a)(1)(B) of the Bankruptcy Code.

Dated: December 13, 2013

/s/ David A. Beck
Jeffrey A. Lipps (admitted *pro hac vice*)
lipps@carpenterlipps.com
Jennifer A.L. Battle (admitted *pro hac vice*)
battle@carpenterlipps.com
David A. Beck (admitted *pro hac vice*)
beck@carpenterlipps.com
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Phone:  (614) 365-4100
Fax:  (614) 365-9145

*Special Litigation Counsel to the Debtors and*
*Debtors in Possession*