**Hearing Date: December 17, 2013 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**MORRISON & FOERSTER LLP'S REPLY TO (I) OMNIBUS OBJECTION OF
THE UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR FOURTH
INTERIM AWARDS OF COMPENSATION AND REIMBURSEMENT OF
OUT-OF-POCKET EXPENSES AND (II) OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' LIMITED OBJECTION TO CERTAIN INTERIM FEE APPLICATIONS
AND THE FINAL FEE APPLICATIONS OF THE EXAMINER'S PROFESSIONALS**

ny-1121345

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Morrison & Foerster LLP ("M&F"), bankruptcy counsel to the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submits this reply (the "Reply") to the (i) *Omnibus Objection of the United States Trustee* (the "U.S. Trustee") *Regarding Fee Applications for Fourth Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses* [Docket No. 6047] (the "Objection")[1] and (ii) *Official Creditors' Committee of Unsecured Creditors' Limited Objection to Certain Interim Fee Applications and the Final Fee Applications of the Examiner's Professionals* [Docket No. 6050] (the "UCC Objection"). In further support of the *Fourth Interim Application of Morrison & Foerster LLP as Bankruptcy Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 Through August 31, 2013* [Docket No. 5839] (the "Application"), M&F states as follows:

**BURDEN OF PROOF**

1. The applicant bears the initial burden of proof on its claim for compensation. See, e.g., Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'Ship, 369 B.R. 111, 115 (S.D.N.Y. 2007) (citing In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997)). However, "[o]bjectors have the responsibility to challenge this information and to produce evidence controverting that produced by the applicant. In re Hunt's Health Care, 161 B.R. 971, 981 (Bankr. N.D. Ind. 1993). M&F submits that, except as otherwise noted herein, the Application is sufficient to establish the reasonableness of its requested compensation and expenses. Set forth below are additional disclosures and information that respond to each of the points raised in the U.S. Trustee's Objection.

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection or the Application, as applicable.

ny-1121345

**BACKGROUND**

2.      Throughout the course of these Chapter 11 cases (the "Chapter 11 Cases"), M&F endeavors to provide complete and accurate time records sufficient to enable the U.S. Trustee and the Court to ascertain the reasonableness of the fees being requested, and devotes a notable amount of (unbilled) time ensuring that time entry and disbursement descriptions are simultaneously comprehensive and succinct in order to facilitate the U.S. Trustee's and the Court's review.

3.      As the Court is well-aware, the Chapter 11 Cases involve many moving parts and are unquestionably complex, whereby the culmination of the Debtors' efforts to emerge from bankruptcy were reflected just a few weeks ago at the six-day contested confirmation hearing during which the Debtors presented their case in support of the Plan proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Prior to the confirmation hearing, during the Fee Period, the Debtors achieved several undeniably significant accomplishments in the Chapter 11 Cases—the Debtors successfully negotiated and obtained Court approval to enter into and perform under the PSA, immersed themselves in around the clock negotiations with the Creditors' Committee and other parties in interest and filed the Plan, as amended from time to time, and received Court approval of the Disclosure Statement and authorization to solicit acceptances of the Plan. Further, during the Fee Period, in the midst of Plan negotiations and modifications, the Debtors successfully litigated the FGIC 9019 settlement and Phase I of the JSN Adversary Proceedings through trial. Managing the Debtors' bankruptcy cases in this Fee Period has also entailed, among other activities performed by M&F, preparing for and attending numerous omnibus hearings with agendas for a number of those hearings that ran to dozens of pages, addressing a multitude of issues arising therefrom, working with the Creditors' Committee and other key constituents to reach settlements to be reflected in a

consensual Plan, continuing the review and reconciliation of thousands of proofs of claim filed in the cases, including attending to various borrower-related matters with the Creditors' Committee and SilvermanAcampora LLP, conducting extensive negotiations with various parties in interest regarding the Debtors' obligations under the DOJ/AG Settlement and FRB Consent Order, and managing various litigation faced by the estates. These efforts have required reliance on many attorneys and para-professionals at M&F with various areas of expertise, many of whom worked on multiple aspects of the Debtors' cases.

4. In light of the extraordinary accomplishments achieved in the Debtors' Chapter 11 Cases to date, M&F submits that the fees and expenses requested in the Application were incurred in connection with services that provided a clear benefit to the Debtors' estates. M&F further submits that its Application, including the time records and disbursement information appended thereto, as supplemented by this Reply, provides sufficient information to ascertain the reasonableness of the fees and necessity of the expenses for which M&F seeks allowance, which were incurred in furtherance of those accomplishments. Accordingly, M&F requests that the Court overrule the U.S. Trustee's Objection except as otherwise agreed herein, and approve M&F's Application on an interim basis.

5. M&F and other of the Debtors' retained professionals[2] have also worked with the Creditors' Committee in an effort to address and fully resolve the UCC Objection, which opposes the payment of any holdbacks to any professionals until the time the Court gives approval of their final fee applications. Such proposed settlement includes M&F's agreement to

---

[2] As of the filing of this Reply, the Debtors' other retained professionals who have agreed to resolve the UCC Objection in the same manner as M&F include: Bradley Arant Bout Cummings LLP; Bryan Cave LLP; Carpenter Lipps & Leland LLP; Centerview Partners LLC; Curtis, Mallet-Prevost, Colt & Mosle LLP; Deloitte & Touche LLP; Fortace; FTI Consulting, Inc.; Hudson Cook LLP; Kurtzman Carson Consultants LLC; Mercer (US) Inc.; Morrison Cohen LLP; Orrick, Herrington & Sutcliffe LLP; Pepper Hamilton LLP; Perkins Coie LLP; Severson & Watson, P.C.; Towers Watson; and Troutman Sanders LLP.

only seek payment of half of the holdback amounts for the Monthly Invoices comprising the Fee Period, and to not seek payment of the remaining 10% holdback amounts for the Third Interim Fee Period at this time. Further, M&F agrees that it will seek payment of the 20% holdback amount for the monthly invoices it submits for the fees incurred during the months of September, October, November, and December (through the Effective Date) at the final fee hearing. It is M&F's understanding that this settlement satisfies the concerns raised in the UCC Objection, and that there are no longer any outstanding issues relating to the payment of fees as between the Creditors' Committee and M&F.

## GENERAL RESPONSES

6.   M&F notes that as part of its efforts to minimize the costs to the Debtors' estates, M&F has staffed the matter as efficiently as possible, as described in greater detail below. Moreover, M&F believes that all time billed to the matter provided a direct benefit to the Debtors' estates in that it was incurred in the furtherance of the Debtors' fiduciary obligations pursuant to sections 1106 and 1107 of the Bankruptcy Code.

7.   M&F believes that its requested compensation and expenses are reasonable and appropriate. Nevertheless, in the interest of avoiding the unnecessary expense and delay for the Debtors' estates that would be incurred if M&F were to engage in protracted litigation regarding the fees that are the subject of the Objection, M&F has proposed aggregate reductions of $127,500.00 in fees and $15,034.40 in expenses, as set forth in more detail below.[3]

---

[3] To the extent the proposed reductions are not acceptable to the U.S. Trustee, M&F reserves its right to contest any additional reductions recommended by the U.S. Trustee at the hearing to approve the Application.

## SPECIFIC RESPONSES

### A. Vague Time Entries

8.   The U.S. Trustee asserts that time entries totaling $490,353.50 are impermissibly vague, and that the Court should disallow those fees in their entirety. (Obj. at 45.) The Objection on this point should be overruled for several reasons. First, M&F respectfully suggests that no further detail would be necessary for many of these entries if they were reviewed in the context of surrounding time entries (including in particular reference to the project code under which the entry is found) and/or by individuals familiar with the Debtors' Chapter 11 Cases. Second, M&F further suggests that certain tasks performed by attorneys, by their very nature—such as document review, privilege log editing, or revisions to the entire Disclosure Statement, which, in these Chapter 11 Cases, equals approximately 200 pages—are time-intensive and not easily capable of being divided into smaller time increments.

9.   Nevertheless, M&F has endeavored to revise its time detail to address the U.S. Trustee's Objection. Revised entries have been provided to the U.S. Trustee and are annexed hereto as Exhibit 1. In light of the revised entries, M&F suggests that a reduction of $89,656 is appropriate to address this objection.

### B. Transitory Timekeepers

10.  The U.S. Trustee objects to $20,406.50 for services rendered by 13 partners (fees totaling $8,290.50) and 20 para-professionals (fees totaling $12,116.00) because such timekeepers billed fewer than five hours for the Fee Period. (Obj. at 45.) As set forth in the Application, and pursuant to past practice, M&F has already taken a voluntary reduction of $11,998.50 in the aggregate for all associate timekeepers who billed less than five hours during the Fee Period in connection with this engagement. For these reasons, M&F submits that its

voluntary reduction is sufficient based on the standards and guidelines followed by the U.S. Trustee and this Court.

11. In light of Judge Chapman's pronouncement in <u>Ambac</u> that the transitory timekeeper rule should not apply to partners or other senior attorneys who, due to their experience and expertise, can provide legal advice that materially benefits the estate in a relatively brief period of time,[4] the $8,290.50 of fees incurred by M&F partners during the Fee Period should be permitted as reasonable and not deducted from the Application. In addition, para-professionals provide valuable non-legal services at a cost-effective billing rate. The performance of these services—such as cite-checking briefs, preparing binders and hearing materials, among others—generally requires little case-specific knowledge to provide material benefits to the estates, even if such tasks require such timekeeper's involvement for a limited period of time. By assisting the Debtors with the numerous issues and tasks arising from the various streams of litigation throughout these Chapter 11 Cases, such as those involving preparations for the RMBS 9019 settlement hearing, the preparation and trial for the FGIC 9019 Settlement, the JSN Adversary Proceedings, and all components relating to the Plan, both transitory timekeeper partners and paralegals alike provided necessary and cost-effective services that aided in moving these cases forward.

12. Accordingly, M&F respectfully submits that individuals in those positions do not need to devote more than five hours to the Chapter 11 Cases during the Fee Period in order to contribute valuable services to the estates. Nevertheless, M&F has agreed to reduce by $2,500.00 in the aggregate the compensation sought by these transitory timekeepers.

---

[4] See Hearing Transcript at 6:12-9:1, <u>In re Ambac Fin. Group, Inc.</u>, Case No. 10-15973 (SCC) (Bankr. S.D.N.Y. Nov. 27, 2012), annexed hereto as <u>Exhibit 2</u>.

### C. Charges for Associates Not Yet Admitted to Practice and Law Clerks

13. The U.S. Trustee objects to fees in the amount of $35,344.00 for certain services provided by three associates not admitted to practice in any jurisdiction (J. Kamen, M. Castro, A.N. Muhannad) and one summer associate (G. Kelsy). (Obj. at 46.)

14. Associate timekeepers Justin Kamen, Monica Castro, and Muhannad Al-Najjab were admitted to the New York Bar on October 7, 2013, August 20, 2013, and November 10, 2013, respectively. In addition, timekeeper Kelsey Green worked in these Chapter 11 Cases as a summer associate. Because all services provided by these individuals were provided prior to their admittance to a bar in any jurisdiction and/or were provided by a summer associate, M&F agrees to bill the three associate timekeepers at the rate of $315 per hour (as requested by the U.S. Trustee), and to fully deduct the fees incurred for work performed by Kelsey Green. Accordingly, this will result in the reduction of M&F's requested fees in the amount of $35,344.00 to address this objection.

### D. Discovery Expenses

15. The U.S. Trustee objects to $409,941.40 in discovery-related expenses charged by M&F to the Debtors' estates, and requests additional substantiation for the same. (Obj. at 46-47.) The Debtors acknowledge that the $5,034.40 expense relating to an August 22, 2013 charge from Centerview Partners, LLC was included in error, and such amount will be deducted from requested expenses in full. The Debtors submit that the following expenses—for which, pursuant to the U.S. Trustee's request, the engagement letters and their corresponding invoices are annexed hereto as <u>Exhibit 3</u>—relate to services required by the Debtors in connection with the RMBS 9019 settlement trial preparation, the FGIC 9019 Settlement trial, Phase I and Phase II of the JSN Adversary Proceedings, and/or preparations for the Plan confirmation hearing:

| | DATE | AMOUNT | DESCRIPTION | REASON FOR EXPENSE |
|---|---|---|---|---|
| 1. | 8/22/2013 | $5,034.40 | Expert Fees, Centerview Partners LLC | To be deducted in full. |
| 2. | 7/15/2013 | $6,800.00 | Expert Fees, Cornerstone Research, Inc. ("Cornerstone") | In connection with FGIC 9019 trial, Cornerstone provided analyses in connection with losses relating to FGIC-insured bonds/trusts. |
| 3. | 6/28/2013 | $7,650.00 | Expert Fees, Katherine Schipper | Provided expert testimony in connection with RMBS 9019 settlement trial. |
| 4. | 6/30/2013 | $11,244.38 | eDiscovery Fees, Innovative Discovery ("Innovative") | In connection with RMBS 9019 settlement and Examiner discovery requests, Innovative provided e-discovery services, including Relativity repository and hosting. |
| 5. | 5/31/2013 | $12,642.30 | eDiscovery Fees, Innovative | See Row 4 above. |
| 6. | 8/31/2013 | $24,617.25 | eDiscovery Fees, Iris Data Services, Inc. | In connection with the JSN Adversary Proceedings and miscellaneous discovery requests, Iris provided e-discovery services, including Relativity repository and hosting. |
| 7. | 6/12/2013 | $51,278.07 | Expert Fees, Cornerstone | See Row 2 above. |
| 8. | 6/28/2013 | $290,675.00 | Expert Fees, NewOak Capital Advisors, LLC | In connection with FGIC 9019 trial, provided analyses in connection with expert witness testimony in support of the FGIC 9019 Settlement. |

16.    Accordingly, the Debtors respectfully submit that, after deducting the aforementioned $5,034.40, the $404,906.00 in discovery-related expenses reflects necessary expenses that should be reimbursed by the estates.

E.  **Meal and Travel Expenses**

17.    The U.S. Trustee objects to $16,857.37 in meal and travel-related expenses charged by M&F to the Debtors' estates. M&F has endeavored to provide additional information in connection with these disbursements to address the U.S. Trustee's Objection. However, in an effort to resolve this objection without further litigation, M&F agrees to reduce the amount of expenses requested by $10,000.00 to address the U.S. Trustee's Objection.

8

ny-1121345

**CONCLUSION**

In light of the points made above, M&F submits that an aggregate reduction of $142,534.40 in fees and expenses is appropriate. Accordingly, M&F proposes to seek interim compensation for the Fee Period in the amount of $21,525,639.30, and reimbursement for expenses for the Fee Period in the amount of $536,354.16.

WHEREFORE, M&F respectfully requests that the Court enter an order: (a) approving interim compensation in the sum of $21,525,639.30 and interim reimbursement of expenses in the sum of $536,354.16 for the Fee Period, (b) authorizing the release of 10% of the Applicant's holdback in the sum of $2,158,266.03 in connection with the Application, (c) approving and directing prompt payment of all compensation and expenses not previously paid, and (d) granting to M&F such other and further relief as the Court may deem proper.

Dated: December 13, 2013  
      New York, New York

/s/ Lorenzo Marinuzzi  
Gary S. Lee  
Lorenzo Marinuzzi  
Erica J. Richards  
Meryl L. Rothchild  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

9

ny-1121345