**Exhibit 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

AMBAC FINANCIAL GROUP, INC.

*Debtor.*

Case No. 10-15973-scc
New York, New York
November 27, 2012
10:13 a.m. - 10:30 a.m.

TRANSCRIPT - CASE 10-15973-SCC - CHAPTER 11

FIRST APPLICATION OF HOGAN LOVELLS US LLP AS ATTORNEYS FOR THE DEBTOR FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 18, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1106];

FIRST APPLICATION OF SHEARMAN & STERLING LLP AS ATTORNEYS FOR THE DEBTOR FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 29,2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1121];

FIRST INTERIM APPLICATION OF MAYER BROWN LLP, AS SPECIAL CORPORATE COUNSEL TO THE DEBTOR, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM APRIL 12, 2012 THROUGH AUGUST 31,2012 [DOCKET NO. 1108];

THIRD INTERIM APPLICATION OF WHYTE HIRSCHBOECK DUDEK S.C. AS SPECIAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2012 THROUGH AUGUST 31,2012 [DOCKET NO. 1105];

FIFTH INTERIM APPLICATION OF LAZARD FRERES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1104];

(Agenda Continued)

FIFTH INTERIM APPLICATION OF MORRISON & FOERSTER LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1103];

FIFTH INTERIM FEE APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL TO THE DEBTOR FOR INTERIM ALLOWANCE FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1102]

FIRST APPLICATION OF WINSTON & STRAWN LLP, AS SPECIAL COUNSEL TO THE DEBTOR, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 9, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1096];

THIRD INTERIM FEE STATEMENT OF PRICEWATERHOUSECOOPERS LLP, ACCOUNTING AND VALUATION ADVISORS TO THE DEBTOR, FOR COMPENSATION FOR SERVICES AND FOR REIMBURSEMENT OF EXPENSES [DOCKET NO. 1101];

FIFTH FEE APPLICATION OF KPMG LLP, AS AUDITORS, TAX CONSULTANTS AND BANKRUPTCY ADMINISTRATION CONSULTANTS TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR INTERIM ALLOWANCE AND COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1098];

THIRD INTERIM FEE APPLICATION OF BUTTNER HAMMOCK & CO. P.A. AS LITIGATION CONSULTANTS FOR THE DEBTOR FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED FROM APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1099]; AND

(Agenda Continued)

FIFTH APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR TO THE DEBTORS FOR INTERIM ALLOWANCE OF COMPENSATION FOR ACTUAL AND NECESSARY SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES INCURRED FOR THE PERIOD OF APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1100].

APPEARANCES ON BEHALF OF

| | |
|---|---|
| *The Debtor:* | ALLISON H. WEISS, ESQ.<br>Hogan Lovells US, LLP<br>(212) 918-3000; (212) 918-3100 fax |
| *Unsecured Creditor's Committee:* | AARON KLEIN, ESQ.<br>Morrison & Foerster LLP<br>(212) 468-8000; (212) 468-7900 fax |
| *The U.S. Trustee:* | BRIAN S. MASUMOTO, ESQ.<br>(212) 510-0500; (212) 668-2255 fax |
| *The U.S. Attorney:* | CARINA H. SCHOENBERGER, ESQ.<br>(212) 637-2822; (212) 637-2717 fax |
| *Unsecured Creditor's Committee:*<br>*(via telephone)* | BRUCE ARNOLD, ESQ.<br>Whyte Hirschboeck Dudek S.C.<br>(414) 978-5501; (414) 223-5000 fax |
| *Interested party:*<br>*(via telephone)* | TIMOTHY BASS<br>Barclays Capital, Inc.<br>(212) 412-3606 |
| *Interested party:*<br>*(via telephone)* | MICHAEL B. CUNNINGHAM<br>Avenue Capital<br>(310) 882-3012 |
| *Interested party:*<br>*(via telephone)* | LUKE KWIATKOWSKI<br>KPMG LLP<br>(212) 954-6273 |
| *Transcribed by:* | AAA ELECTRONIC SOUND REPORTERS<br>(888) 866-5135; (888) 677-6131 fax<br>electronicsound@court-transcripts.net |

*(Proceedings recorded by electronic sound recording)*

I'm sorry, Your Honor, we did have one other application with respect to Shearman & Sterling. With respect to those objections, that begins on page 20, paragraph 40. They agreed to reduce their transitory timekeepers by $750.50. And they provided time records to review, and that's acceptable. They're also taking a further reduction for the $40 in word processing, and $123.75 for word processing and proofreading expenses.

THE COURT: Okay. Thank you.

MR. KLEIN: Good morning, Your Honor --

THE COURT: Good morning.

MR. KLEIN: -- Aaron Klein. Morrison & Foerster for the Committee.

Your Honor, we did have some substantive discussions earlier with the Office of the United States Trustee regarding our fee application. I think the issues that are still on the table are the objection to the so-called transitory timekeepers.

THE COURT: Mm-hm.

MR. KLEIN: Those timekeepers that throughout the fee period billed less than five hours. And also we have still some open items with respect to review of our retained professionals' fee applications.

If I can address the timekeepers' issue first; we acknowledge the position of the United States Trustee with respect to writing off time billed by those timekeepers that are

less than five hours. We understand that's written into the proposed rules for the United States Trustee fee guidelines that are not yet in affect. Our position is this -- and we're definitely willing to be reasonable about who we can write off and who we don't wrote off.

Our position is there were certain issues in this case which required us to consult certain professionals who were not regular timekeepers on this case. The U.S. Trustee has identified I think five of them, and I can go through each one of them and say why they made a valuable contribution to the case.

I think, taking it down the line, they mention Barbara Mendelson who's a partner in our Corporate Department at Morrison & Foerster. We had an issue with a Bermuda entity. We wanted -- the Debtor wanted to liquidate.

THE COURT: Let me stop you because this is a topic on which I have an opinion that Mr. Masumoto may or may not have had the pleasure of hearing from me before. A transitory timekeeper generally, as it's come to be called, is someone that as you say bills fewer than -- I don't know what the particular cutoff is -- ten hours/five hours; some small amount of hours.

There are two kinds of such timekeepers. One, the kind that you're describing, which is you have a discreet issue that only requires someone to think about it for an hour; some arcane issue of the law, a foreign jurisdiction, a tax issue,

something of that sort. So somebody who works full time on the case goes to that person and says, hey, I want to pick your brain on this issue, and you talk. And then you say to the person, bill .5 to Ambac. Here's the number and that's it. That's compensable. Whether it's .5 or whether it's five, that's compensable because that person's given their expertise.

What's not compensable is junior associate is on vacation so another junior associate gets asked to do some task, or a paralegal is on vacation, and another paralegal gets asked to do a task. And part of that person's time is spent making up for the fact that the other person really isn't there. Those are the kinds of transitory timekeepers that frankly professionals should bill off by themselves without having to be prompted by the U.S. Trustee.

So the only thing that I'm interested in is which is which and that's the way it needs to be resolved. So if you want to go through each of them we're rapidly getting to the point that this is going to cost more than what you're writing off, which is another one of my pet peeves.

MR. KLEIN: Agreed, Your Honor. I can represent to the Court that each of these are senior level people, where we went to them with discreet issues of law for the very purpose of picking their brain, as opposed to a junior associate --

THE COURT: All right. So to the extent that the U.S. Trustee has a continuing objection to those timekeepers, it's

overruled. Okay? And then what's the other category?

MR. KLEIN: The other category, Your Honor, is review of our own fee applications, billing for the time taken for our fee applications, and also the fee applications of our retained professionals, Lazard and Whyte Hirschboeck. The United States Trustee noted in his objection that you can't -- it's impermissible to bill for manipulation of time records or review of time records.

THE COURT: Not manipulation. That's an unfortunate choice of words.

MR. KLEIN: Sorry. Pardon me, Your Honor. For revision or review of time records.

THE COURT: Right.

MR. KLEIN: Verses a fee application. Now, you understand, Your Honor, when you go to build a fee application, we're talking about a six month fee period; you have to review the actual time records --

THE COURT: Right.

MR. KLEIN: -- in order to build out the narratives.

THE COURT: Sure.

MR. KLEIN: And so that's what we've had. And I can represent to the Court that in each of the line items that the United States Trustee has highlighted in the objection that is what was going on here, which is we were reviewing the time records, and then we were building out, and reviewing and