**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
Robert K. Dakis, Esq.

*Attorneys for the Independent Directors*
*of the Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | : | |
| | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**RESPONSE TO OMNIBUS OBJECTION OF UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS AND STATEMENT IN FURTHER SUPPORT OF FOURTH INTERIM APPLICATION OF MORRISON COHEN LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED DURING THE PERIOD MAY 1, 2013 THROUGH AUGUST 31, 2013**

Morrison Cohen LLP ("MoCo"), Counsel to the Independent Directors of Residential Capital, LLC (the "Independent Directors"), hereby submits this reply to the Omnibus Objection of the United States Trustee Regarding Fee Applications for Fourth Interim Awards For Compensation and Reimbursement of Out of Pocket Expenses, dated December 9, 2013 (Docket No. 6047) (the "Omnibus Objection"). In response to the Omnibus Objection and in further support of MoCo's Fourth Interim Fee Application (Docket No. 5841) (the "Fourth Interim Application"), MoCo respectfully represents as follows:

#4828217 v3 \020530 \0002

**The Amount in Dispute is Actually $23,108.50
and MoCo's Fees Have Been Properly Documented and Justified**

1.  The US Trustee has objected to $108,344 of MoCo's fees, based solely on MoCo having more than three attorneys present at certain meetings. *See* Omnibus Objection at 42-43. The US Trustee concedes in the Omnibus Objection that the amount of fees to which it objects is a plug number calculated simply by multiplying the total fees relating to meetings where more than three attorneys were present in May 2013 - $27,086.00 - by four, for the four months covered by the Fourth Interim Application. See Omnibus Objection at Note 11. There are three fatal errors contained in the Omnibus Objection - two, mathematical and one, legal.

2.  First, the US Trustee starts with the wrong number. $27,086 is the total amount of time incurred by ***all*** attorneys where more than three attorneys were present at a meeting. Assuming that this Court has enunciated a *per se* rule that a firm may only charge the estate for three professionals, regardless of how many attorneys actually participated and provided legal advice to clients – which we address below – the only reductions that would be appropriate based on the Omnibus Objection are for the time incurred by the "excess" attorneys. The time incurred by the three permitted attorneys would not be disallowed.

3.  Second, simply multiplying the amount charged for meetings occurring in May by four presumes the same number of meetings were held in each month of the Fee Period, and each meeting took the same amount of time as the meetings in May. This is an incorrect presumption: there were twelve meetings in May with more than three attorneys in attendance, only five meetings in June, six meetings in July, and four meetings in August.

4.      The chart attached at Exhibit A provides an accurate calculation of the amounts at issue. When the fees attributable to all attorneys in excess of three are removed and only those meetings actually held are considered, the maximum amount in dispute for the entire Fee Period is $23,108.50.

5.      Third, the sole legal argument in the Omnibus Objection is that this Court has enunciated a *per se* rule that a firm may only charge the estate for three professionals at a meeting, regardless of the nature of the meeting or how many attorneys participated and provided legal advice to clients. We do not believe that this Court has done so. If we are mistaken, then MoCo acknowledges that its fees should be reduced by $23,108.50 and this Court need not read any further. If, however, this Court has not done so, then MoCo requests that the Court consider the balance of its argument and submits its has provided this Court with sufficient detail concerning those meetings at which more than three attorneys were present, and the US Trustee's objection should be overruled.

6.      During the hearing with respect to the Third Interim Fee Applications filed by various parties, the US Trustee raised a similar objection to MoCo's fee application. The Court noted that it was "concerned" with the number of attorneys at meetings. H'rng Tr. At 45:15-18. The Court asked counsel for MoCo for more information about the appropriateness of having more than three attorneys at meetings. H'rng Tr. At 43:5-6. Mr. Moldovan from MoCo provided a detailed explanation on the record addressing (i) the nature of the meetings at issue, (ii) the unique pre and post petition roles played by MoCo with respect to these Debtors, (iii) the specific roles played by the various attorneys, each having expertise in various legal disciplines, at the meetings in question in providing both factual and historical information relevant to the matters being litigated, negotiated, examined, or mediated, and (iv) the need for each attorney at each meeting. See H'rng Tr. At 43:9-45:10. This explanation was accepted by both the Court and the US Trustee. See H'rng

#4828217 v3 \020530 \0002

3

Tr. At 45:17-21 (Mr. Masumoto responding to the Court's question that he was satisfied with MoCo's explanation for more than three attorneys attending certain meetings); 47:7-9 (approving MoCo's Third Application based on MoCo's explanation and the US Trustee's affirming its acceptance of the explanation). The relevant pages from the Hearing Transcript are attached as Exhibit B.

7. Interpreting the statements made by the Court both to MoCo and others during the Third Interim Hearing as imposing a heightened burden on an applicant to demonstrate that compensation for meetings at which more than three attorneys are present to demonstrate that the number of attorneys actually staffed at a meeting is reasonable and necessary, but not as imposing a *per se* proscription, MoCo provided in its Fourth Interim Application nearly four pages attempting to detail each meeting where more than three attorneys were in attendance, providing the substance of the meeting, and explaining why each attorney was necessary to that meeting. See Fourth Interim Application at 16-20.[1] In order to make more clear the necessity for the attendance of more than three attorneys at the listed meetings, MoCo prepared a schedule showing each attorney in attendance and provided more detail about the meeting. See Exhibit A, attached hereto.[2] The US Trustee concedes, as it must, that MoCo provided this narrative in its initial fee application justifying the attendance of multiple attorneys at each meeting where more than three attorneys was necessary; however, the US Trustee, without explanation, denies that it has any import.

---

[1] MoCo unintentionally omitted four meetings from that list. Those meetings are addressed in the table attached hereto as Exhibit A.

[2] The US Trustee notes that time records reflect that certain timekeepers in attendance at certain meetings did not bill for their time spent at the meeting, even though their attendance may be reflected by others. This is the result of voluntary writedowns of time incurred by certain professionals. These writedowns were taken before invoices were prepared and therefore are not reflected on MoCo's bills.

#4828217 v3 \020530 \0002

8.  In addition, after receipt of the Omnibus Objection, MoCo immediately contacted the US Trustee and though we trust that the US Trustee accepts the calculation of the maximum amount at issue - $23,108.50, we were unable to persuade the US Trustee that its imposition of a *per se* rule was not appropriate.

9.  MoCo takes very seriously its obligations to fairly charge these estates for only the work actual and necessary to its representation of the Independent Directors, who during the Fee Period have comprised virtually the full Board of Directors of ResCap LLC. MoCo leanly staffs these cases, has, at the Debtors' request, not increased its hourly rates since 2011, and has rates far less than those of other New York professionals. MoCo certainly understands the difficult task borne by the US Trustee and this Court in reviewing these fee applications. However, where fees incurred are actual and necessary, it would prejudice these Estates to rely on *per se* rules that were neither established by this Court, the Guidelines, or the Bankruptcy Code. As such, MoCo respectfully requests that the Court overrule the Omnibus Objection as it relates to MoCo's Fourth Interim Application, and grant the full award of fees set forth therein.

### MoCo Properly Documented Its Request For Reimbursement of Merrill Communications, LLC Expenses.

10. The US Trustee further requests more information regarding MoCo's request for reimbursement of $15,871.13 on account of payments made to Merrill Communications LLC. These invoices were previously provided to the US Trustee. The invoices are also annexed hereto as Exhibit C. MoCo notes for the Court that it is a medium sized law firm with a small back office operation, consequently, large and time-sensitive duplicating, binding, or similar jobs are sent to outside vendors such as Merrill. MoCo passes the cost of such services directly to its clients without any mark-up or enhancement.

#4828217 v3 \020530 \0002

## **CONCLUSION**

WHEREFORE, MoCo respectfully requests the Court to enter an order, (a) overruling the Omnibus Objection as to MoCo's fees, (b) allowing MoCo (i) interim compensation for professional services rendered as counsel for the Independent Directors during the Fee Period in the amount of $1,231,368.50 and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $36,075.45, for a total award of $1,267,443.95; and (c) granting such further relief as is just and necessary.

Dated: New York, New York
       December 13, 2013

MORRISON COHEN LLP

By:   */s/ Joseph T. Moldovan*
      Joseph T. Moldovan
      Robert K. Dakis
      909 Third Avenue
      New York, New York 10022
      Telephone:  (212) 735-8600
      Fax:  (212) 735-8708
      jmoldovan@morrisoncohen.com
      www.morrisoncohen.com

#4828217 v3 \020530 \0002