OFFICE OF THE ATTORNEY GENERAL
OF MASSACHUSETTS, MARTHA COAKLEY
Genevieve Nadeau
Justin J. Lowe (*pro hac vice* pending)
Assistant Attorney General
Consumer Protection Division
One Ashburton Place
Boston, MA  02108
Telephone: (617) 727-2200, ext. 2912
Facsimile: (617) 727-5765
E-mail: justin.lowe@state.ma.us

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

**OBJECTION OF THE COMMONWEALTH OF
MASSACHUSETTS TO THE PLAN PROPONENTS'
MOTION FOR ORDER ESTABLISHING THE
DISPUTED CLAIMS RESERVE IN CONNECTION
WITH THE JOINT CHAPTER 11 PLAN PROPOSED BY
RESIDENTIAL CAPITAL, LLC, ET AL. AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Commonwealth of Massachusetts, by and through its Attorney General, Martha Coakley (the "Commonwealth"), hereby files a limited Objection to the Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors (the "Motion").

While the Commonwealth does not object to the establishment of a disputed claims reserve, the Commonwealth objects to the Motion's characterization of the Commonwealth's Proof of Claim # 6025 as a "No Liability Claim."  The Commonwealth further objects to the Plan

Proponents' failure to consider the potential liability set forth in the Commonwealth's Proof of Claim # 6025 arising out of the Commonwealth's separate state court action against Debtor GMAC Mortgage, LLC ("GMACM") in calculating the amount to be set aside in the disputed claims reserve.

The Commonwealth filed the following three separate proofs of claim in the above-captioned proceeding: Proof of Claim # 6025 asserting a $9,420,000 claim against GMACM; Proof of Claim # 6028 asserting a $7,420,000 claim against Residential Capital, LLC; and Proof of Claim # 6033 asserting a $7,420,000 claim against Residential Funding Company, LLC. Proofs of Claim ## 6028 and 6033 consist entirely of an estimated claim of $7,420,000, which is the estimated amount of consumer relief owed by the debtors to the Commonwealth under the National Mortgage Settlement[1]. In addition to amounts estimated to be due under the National Mortgage Settlement, Proof of Claim # 6025, the only Proof of Claim at issue here, also includes a separate estimated claim of $2,000,000 relating to a lawsuit filed on December 1, 2011, by the Commonwealth against Debtor, presently pending in the Suffolk Superior Court (<u>Commonwealth of Massachusetts v. Bank of America, N.A., et al.</u> (Civ. A. No. 11-4363), Superior Court of Massachusetts, Suffolk County) (the "Enforcement Action").

While the Commonwealth agrees that the estimated $7,420,000 liability relating to the National Mortgage Settlement is properly excluded from consideration for the purpose of the Motion[2], the estimated $2,000,000 liability relating to the pending Enforcement Action should not

---

[1] The National Mortgage Settlement refers to the Consent Judgments filed in the United States District Court for the District of Columbia (Case: 1:12-cv-00361-RMC) on April 4, 2012.

[2] On February 14, 2013, Joseph A. Smith, Jr., Monitor of the National Mortgage Settlement, filed a report with the Federal District Court for the District of Columbia, certifying that certain debtors satisfied their consumer relief obligations under the National Mortgage Settlement. As a result, the Commonwealth intends to withdraw Proofs of Claim ## 6028 and 6033. Further, the

be ignored. The Enforcement Action is a police and regulatory action alleging violations of the Massachusetts Consumer Protection Act in connection with GMACM's unlawful foreclosure of residential property in Massachusetts. The Commonwealth specifically negotiated a carve-out of the Ally Released Parties' claims or obligations under the National Mortgage Settlement and the Enforcement Action in the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Second Amended Plan") and *Proposed Order Confirming Second Amended Joint Chapter 11 Plan*. See Second Amended Plan, Article IX, §§ E and H [Docket No. 5993-1]; and Proposed Confirmation Order, ¶¶ 39C and F [Docket No. 6021-1]. Moreover, the Proposed Confirmation Order specifically preserves any liability of the Debtors or the Liquidating Trust "that is not a Claim[3];" and further contemplates that the Commonwealth will pursue its Enforcement Action to judgment or settlement, and that any resulting monetary liability will be pursued through the claims process set forth in the Second Amended Plan. See Proposed Confirmation Order ¶¶ 44(b) and (g) [Docket No. 6021-1].

Given that the Enforcement Action is still pending and that GMACM's liability has yet to be determined, and that the Commonwealth specifically negotiated with the Plan Proponents for the inclusion of the aforementioned provisions in the Second Amended Plan and Proposed Confirmation Order relating to the Enforcement Action, Proof of Claim # 6025 is incorrectly characterized in the Motion as a "No Liability Claim." Rather, the Motion should characterize GMACM's estimated $2,000,000 monetary liability as set forth in Proof of Claim # 6025 as a

---

Commonwealth intends to amend Proof of Claim # 6025 to reflect only the $2,000,000 claim relating to the pending Enforcement Action.

[3] The term "Claim" is defined in the Second Amended Plan to mean "a 'claim' as such term is defined in section 101(5) of the Bankruptcy Code." Such definition does not include injunctive relief.

disputed unliquidated claim. Furthermore, to the extent the Motion fails to take into consideration the $2,000,000 estimated liability arising out of the Enforcement Action, the amounts set aside for the disputed claims reserve should be recalculated to account for the Commonwealth's potential $2,000,000 claim.

Respectfully submitted,

DATED: December 13, 2013

OFFICE OF THE ATTORNEY GENERAL
OF MASSACHUSETTS

By: /s/ Genevieve Nadeau
GENEVIEVE NADEAU
JUSTIN J. LOWE (*pro hac vice* pending)
Assistant Attorneys General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel.: (617) 963-2912
Fax.: (617) 727-5765
Email: justin.lowe@state.ma.us
Email: genevieve.nadeau@state.ma.us

Attorneys for the
Commonwealth of Massachusetts

## CERTIFICATE OF SERVICE

   I hereby certify that on December 13, 2013, a true and correct copy of the foregoing <u>Objection of the Commonwealth of Massachusetts to the Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors</u> was caused to be served upon the persons who have electronically entered a notice of appearance and are served through the Court's CM/ECF System, and to the persons listed below and in the manner indicated:

VIA FIRST CLASS MAIL:

| | |
|---|---|
| Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, New York  10104<br>Attn: Lorenzo Marinuzzi<br>    Samantha Martin | Office of the United States Trustee for the Southern District of New York<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, New York  10014<br>Attn: Brian S. Masumoto |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York  10036<br>Attn: Kenneth H. Eckstein<br>    Douglas H. Mannal | Kirkland & Ellis<br>601 Lexington Avenue<br>New York, New York  10022<br>Attn: Ray C. Schrock<br>    Stephen E. Hessler<br>    Craig A. Bruens |

                    */s/* Genevieve Nadeau
                    Genevieve Nadeau