| | |
|---|---|
| CROWE & DUNLEVY, P.C.<br>William H. Hoch, III<br>20 N. Broadway Ave., Ste. 1800<br>Oklahoma City, OK  73102<br>(405) 235-7700 – Phone<br>(405) 239-6651 – Fax<br>will.hoch@crowedunlevy.com<br><br>THOMPSON & KNIGHT, LLP<br>Ira L. Herman,<br>Jennifer A. Christian<br>900 Third Avenue, 20th Floor<br>New York, New York 10022<br>212-751-3001 - Phone<br>212-751-3113 - Fax<br>Jennifer.Christian@tklaw.com | **Hearing Date: December 20, 2013, 10:00 a.m. (ET)**<br>**Obj. Deadline: December 13, 2013, 4:00 pm (ET)** |

*Counsel for MidFirst Bank*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:                                            ) | |
|                                                        ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., ) | Case No.12-12020 (MG) |
|                                                        ) | (Jointly Administered) |
|            Debtors.                           ) | |

**OBJECTION OF MIDFIRST BANK TO PLAN PROPONENTS' MOTION FOR ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

MidFirst Bank ("MidFirst"), creditor of GMAC Mortgage, LLC, hereby files an objection to the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Dkt. No. 6020] (the "Claims Reserve Motion") and, in doing so, incorporates the arguments and authority set forth by CIBM Bank ("CIBM") through its objection to the Claims Reserve Motion (the "CIBM Objection") [Dkt. No. 6101]. MidFirst respectfully states as follows:

**BACKGROUND**

1. On October 1, 2008, MidFirst Bank ("MidFirst") and Debtor GMAC Mortgage, LLC ("GMAC") entered into a Mortgage Servicing Purchase Agreement ("MSPA") whereby MidFirst acquired mortgage servicing rights from GMAC.

2. Under the MSPA, GMAC made various representations and warranties to MidFirst including, but not limited to, the following: (1) that GMAC properly serviced the underlying loans before transfer to MidFirst, (2) there existed no events of default on the underlying loans, (3) GMAC held good title to transfer, (4) that the underlying security interests were valid, first priority liens, and (5) that GMAC would not transfer any loans that were listed as "excluded." Many of these representations and warranties were breached by GMAC upon transfer to MidFirst. MidFirst timely notified GMAC of these defaults and issued a repurchase demand to GMAC as authorized by the MSPA.

3. Additionally, under the MSPA, GMAC agreed to indemnify, defend and hold MidFirst harmless from any claims, losses, costs or damages arising out of GMAC's conduct, including its failure to perform under the MSPA or breach of any warranty or representation made to MidFirst under the MSPA

4. On May 14, 2012, the above-captioned debtors, including GMAC, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 9, 2012, MidFirst timely filed its Proof of Claim [No. 4377] in GMAC's bankruptcy case [Case No. 12-12032] which verifies MidFirst's unsecured claim against GMAC in the amount of $62,604,092 (the "MidFirst Claim") resulting from GMAC's breach of its obligations under the MSPA. To date, no objection has been lodged against the MidFirst Claim. Therefore, the MidFirst Claim is deemed "allowed," pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 3001(f).

12-12020-mg    Doc 6104    Filed 12/13/13    Entered 12/13/13 15:31:22    Main Document
                                Pg 3 of 4


6. On December 3, 2013, the Plan Proponents filed the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (the "Plan"). The Court entered an order confirming the Plan on December 11, 2013. [Docket No. 6065].

7. The Plan classifies the MidFirst Claim as a Class GS-4A (GMACM Unsecured Claim).

8. Although the MidFirst Claim is deemed to be allowed by operation of law, the Plan Proponents have identified the MidFirst Claim as "Disputed."

9. Article VIII.D of the Plan contemplates the creation of a Disputed Claims Reserve for the purpose of addressing unliquidated and/or Disputed Claims.

10. The Claims Reserve Motion seeks entry of an order pursuant to sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code approving the amount of the Disputed Claims Reserve to be established pursuant to Article VIII.D of the Plan.

## **ARGUMENTS**

11. MidFirst incorporates the argument and authorities set forth in the CIBM Objection.

12. MidFirst has provided a significant amount of information to GMAC in support of the amount of the MidFirst Claim - both as part of its filed proof of claim and in response to informal inquiries (*i.e.,* by agreement) of the Debtors. As a result, there exists no justification to estimate the MidFirst Claim and, as a result, a separate reserve should be established to fund the MidFirst Claim, plus interest.

13. Similar to CIBM, if the Court approves the Claims Reserve Motion, the total amount of the reserve proposed by the Plan Proponents may be insufficient to provide an appropriate recovery for MidFirst as a holder of a Disputed Claims if its claim is ultimately

allowed.  As a result, MidFirst, like CIBM, runs the risk that it will be treated differently than other holders of claims in the same class (GS-4A) and this proposed treatment runs afoul of the Bankruptcy Code without sufficient justification.

WHEREFORE MidFirst Bank respectfully requests that the Court either deny the Claims Reserve Motion or, in the alternative, require that the Plan Proponents separately reserve the full amount of MidFirst's claim, plus interest, that shall not be affected by the resolution of any other Disputed Claim and for any other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ *William H. Hoch*
William H. Hoch, OBA #15788
-Of the Firm-
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
will.hoch@crowedunlevy.com

And

Ira L. Herman,
Jennifer A. Christian
-Of the Firm-
THOMPSON & KNIGHT, LLP
900 Third Avenue, 20th Floor
New York, New York 10022
212-751-3001 - Phone
212-751-3113 - Fax
Jennifer.Christian@tklaw.com

Counsel for MidFirst Bank