**Hearing Date and Time: January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: January 6, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS ((A) REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW CLAIMS; (B) RECLASSIFY CLAIMS; (C) REDESIGNATE AND ALLOW CLAIMS; AND (D) REDESIGNATE, REDUCE AND ALLOW CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors' Fifty-Seventh Omnibus Claims Objection ((A) Redesignate, Reclassify, Reduce and Allow Claims; (B) Reclassify Claims; (C) Redesignate and Allow Claims; and (D) Redesignate, Reduce and Allow Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by modifying (*i.e.*, redesignating, reclassifying, and/or reducing) and allowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before

the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 6, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin

ny-1120358

Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

ny-1120358

Dated:   December 13, 2013
       New York, New York

/s/ Norman S. Rosenbaum

Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date and Time: January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: January 6, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------- ) | | |

**DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**((A) REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW CLAIMS;**
**(B) RECLASSIFY CLAIMS; (C) REDESIGNATE AND ALLOW CLAIMS; AND**
**(D) REDESIGNATE, REDUCE AND ALLOW CLAIMS)**

---

**THIS OBJECTION SEEKS TO MODIFY CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### RELIEF REQUESTED

1.       The Debtors file this fifty-seventh omnibus objection to claims (the "Fifty-Seventh Omnibus Claims Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in the Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, modifying (by redesignating,[1] reclassifying, and/or reducing) and/or allowing the claims listed on **Exhibits A**, **B**, **C** and **D** attached to the Proposed Order.[2]  In support of the Fifty-Seventh Omnibus Claims Objection, the Debtors submit the *Declaration of Deanna Horst in Support of Debtors' Fifty-Seventh Omnibus Claims Objection ((A) Redesignate, Reclassify, Reduce and Allow Claims; (B) Reclassify Claims; (C) Redesignate and Allow Claims; and (D) Redesignate, Reduce and Allow Claims)* (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

2.       The Debtors examined the proof of claim identified on **Exhibit A** to the Proposed Order and determined that such proof of claim (the "Redesignate, Reclassify, Reduce

---

[1]       As used herein, the term "redesignate" (or "redesignating") means modify or modifying a proof of claim filed against the incorrect Debtor to accurately reflect the Debtor that may be liable on the Claims Register (as defined herein).

[2]       Claims listed on **Exhibits A** through **D** are reflected in the same manner as they appear on the Claims Register maintained by KCC (as defined herein).

and Allow Claim") was filed against the incorrect Debtor, improperly asserts against the Debtors

an administrative priority claim under section 503 and 507 of the Bankruptcy Code, and was

filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.

The Debtors seek to (a) modify the Redesignate, Reclassify, Reduce and Allow Claim by (x)

reclassifying it as a general unsecured claim on the Claims Register and (y) reducing it to the

corresponding amount set forth under the heading "*Modified Claim Amount*" on **Exhibit A**, and

(b) allow such Redesignate, Reclassify, Reduce and Allow Claim against the corresponding

Debtor set forth under the heading "*Modified Debtor Name*" on **Exhibit A** only to the extent of

such modified amount.

3.     The Debtors examined the proofs of claim identified on **Exhibit B** to the

Proposed Order and determined that each proof of claim listed thereon (collectively, the

"Reclassify Claims") improperly asserts against the Debtors a priority claim under section 507 of

the Bankruptcy Code.  The Debtors seek to modify the Reclassify Claims by reclassifying them

as general unsecured claims on the Claims Register.

4.     The Debtors examined the proofs of claim identified on **Exhibit C** to the

Proposed Order and determined that each proof of claim listed thereon (collectively, the

"Redesignate and Allow Claims") was filed against the incorrect Debtor.  The Debtors seek to

(a) modify the Redesignate and Allow Claims to reflect a liability asserted against the

corresponding Debtor set forth under the heading "*Modified Debtor Name*" on **Exhibit C** and (b)

allow each Redesignate and Allow Claim in the asserted amount against the modified Debtor.

5.     The Debtors examined the proofs of claim identified on **Exhibit D** to the

Proposed Order and determined that each proof of claim listed thereon (collectively, the

"Redesignate, Reduce and Allow Claims", and together with the Redesignate, Reclassify,

Reduce and Allow Claim, the Reclassify Claims, and the Redesignate and Allow Claims, the

"Claims") was filed against the incorrect Debtor and in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Debtors seek to (a) modify the Redesignate, Reduce and Allow Claims by reducing them to the corresponding amounts set forth under the heading "*Modified Claim Amount*" on **Exhibit D** and (b) allow each Redesignate, Reduce and Allow Claim against the corresponding Debtor set forth under the heading "*Modified Debtor Name*" on **Exhibit D** only to the extent of such modified amount.

6.     The Debtors expressly reserve all rights to object on any other basis to any Claim as to which this Court does not grant the relief requested herein.

7.     No Borrower Claims (as defined in the Procedures Order) are included in this Fifty-Seventh Omnibus Claims Objection.

## JURISDICTION

8.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.     General**

9.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10.     On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 102].

ny-1119856

11.     On June 20, 2012, this Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, this Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

12.     On December 3, 2013, the Debtors and the Creditors' Committee filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as amended from time to time, the "Plan").  The hearing to consider confirmation of the Plan was held on November 19-22, and 25-26, 2013.  On December 11, 2013, parties appeared before the Court for closing arguments, and the Court entered an order confirming the Plan [Docket No. 6065].

**B.      Proceedings Related To Claims**

13.     On July 17, 2012, this Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain an official claims register for the Debtors (the "Claims Register").

14.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

4

Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, this Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was **not** extended.

15. To date, approximately 7,300 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Claims Register.

16. On March 21, 2013, this Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## OBJECTION

### A.    Applicable Legal Standard

17. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

5

**B.    The Redesignate, Reclassify, Reduce and Allow Claim Should Be Redesignated, Reclassified, Reduced and Allowed As Modified**

18.    Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims and seek their disallowance where such claims "assert priority in an amount that exceeds the maximum amount under § 507 of the Code." Fed. R. Bankr. P. 3007(d)(8).

19.    Based upon their review of the proofs of claim filed on the Claims Register, the Debtors determined that the Redesignate, Reclassify, Reduce and Allow Claim identified on **Exhibit A** attached to the Proposed Order improperly asserts administrative priority status for all or a portion of such claim, where such proof of claim does not contain any valid basis for treatment as an administrative priority claim. (See Horst Declaration ¶¶ 3, 4, 5).

20.    To allow the Redesignate, Reclassify, Reduce and Allow Claim to be treated as an administrative priority claim would result in the claimant receiving a disproportionately higher distribution on account of the asserted liability to the detriment of other similarly situated claimants. Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, the Debtors request that this Court reclassify the Redesignate, Reclassify, Reduce and Allow Claim as a general unsecured claim on the Claims Register.

21.    The Debtors also determined that the Redesignate, Reclassify, Reduce and Allow Claim identified on **Exhibit A** attached to the Proposed Order was filed against the incorrect Debtor and in an amount that is greater than the actual amount for which the Debtors' estates are liable. (See Horst Declaration ¶¶ 3, 4, 6).

22.    In its proof of claim, the holder of the Redesignate, Reclassify, Reduce and Allow Claim has asserted a liquidated claim amount based on invoices for goods or services provided to the Debtors. After a review of the claimant's supporting documentation and the Debtors' books and records, the Debtors determined that the Redesignate, Reclassify, Reduce

6

and Allow Claim does not reflect the correct amount of liability owed by the Debtors to the claimant because it fails to value the Redesignate, Reclassify, Reduce and Allow Claim as of the Petition Date, fails to take into account the Debtors' satisfaction of certain claimed liabilities, and/or asserts a claim for invoices not found in the Debtors' books and records, as set forth on **Exhibit A** under the column heading "*Reason For Modification*." (See 11 U.S.C. § 502(b); Horst Declaration ¶ 6). The Debtors further determined based on their review of the claimant's supporting documentation and the Debtors' books and records that the Redesignate, Reclassify, Reduce and Allow Claim was filed against a Debtor that is not liable for the claim asserted therein, and that a different Debtor is liable for such claim in the reduced amount. (See Horst Declaration ¶ 6).

23.    The amount listed on **Exhibit A** under the column heading "*Modified Claim Amount*" represents the actual value of the Redesignate, Reclassify, Reduce and Allow Claim as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date. (See Horst Declaration ¶ 7). The Debtor listed on **Exhibit A** under the column heading "*Modified Debtor Name*" represents the Debtor reflected in the Debtors' books and records that is liable for the Redesignate, Reclassify, Reduce and Allow Claim, as reduced. (See Horst Declaration ¶ 7). The holder of the Redesignate, Reclassify, Reduce and Allow Claim should not be allowed to recover more than the value of its claim, or to recover on its claim from the incorrect Debtor's estate. Accordingly, in order to properly reflect the actual value of this claim, the Debtors request that this Court reduce the Redesignate, Reclassify, Reduce and Allow Claim to the corresponding amount listed on **Exhibit A** under the column heading "*Modified Claim Amount*" and allow such Redesignate, Reclassify, Reduce and Allow Claim only to the extent of such modified amount and only against the corresponding Debtor listed on **Exhibit A** under the column heading "*Modified Debtor Name*."

7

C.    **The Reclassify Claims Should Be Reclassified**

24.    Based upon their review of the proofs of claim filed on the Claims Register, the Debtors determined that both Reclassify Claims identified on **Exhibit B** attached to the Proposed Order -- Claim No. 722 filed by the Commissioner of Accounts of the City of St. Petersburg (the "St. Petersburg Claim") and Claim No. 751 filed by Traci Frazier (the "Frazier Claim") -- improperly assert priority status for all or a portion of such claim, where such proofs of claim do not contain any valid basis for treatment as a priority claim under the relevant provisions of the Bankruptcy Code.  (See Horst Declaration ¶¶ 3, 4, 8).

25.    To allow the Reclassify Claims to be treated as priority claims would result in certain claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, the Debtors request that this Court reclassify the Reclassify Claims as general unsecured claims on the Claims Register.

26.    The Debtors will allow the St. Petersburg Claim in the asserted amount as a general unsecured claim.  The Debtors reserve all rights to object to the reclassified Frazier Claim at a later date.

D.    **The Redesignate and Allow Claims Should Be Redesignated and Allowed As Modified**

27.    Based upon their review of the proofs of claim filed on the Claims Register, the Debtors determined that each Redesignate and Allow Claim identified on **Exhibit C** attached to the Proposed Order was filed against the incorrect Debtor.  (See Horst Declaration ¶¶ 3, 4, 9).

28.    In their proofs of claim, holders of the Redesignate and Allow Claims have asserted liquidated claim amounts based on invoices for goods and services provided to the Debtors.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that each of the Redesignate and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the claimed amounts.  (See Horst Declaration ¶ 9).

29.    The Debtor listed on **Exhibit C** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate and Allow Claims, as reflected in the Debtors' books and records as of the Petition Date.  (See Horst Declaration ¶ 10). The holders of the Redesignate and Allow Claims should not be allowed to recover on claims from the incorrect Debtor's estate to the detriment of other creditors with valid claims against such Debtor.  Accordingly, the Debtors request that this Court modify and allow each such Redesignate and Allow Claim against the corresponding Debtor listed on **Exhibit C** under the column heading "*Modified Debtor Name*".

E.    **The Redesignate, Reduce and Allow Claims Should Be Redesignated, Reduced and Allowed As Modified**

30.    Based upon their review of the proofs of claim filed on the Claims Register, the Debtors determined that each Redesignate, Reduce and Allow Claim identified on **Exhibit D** attached to the Proposed Order was filed against the incorrect Debtor and in an amount that is greater than the actual amount for which the Debtors' estates are liable.  (See Horst Declaration ¶¶ 3, 4, 11).

31.    In their proofs of claim, holders of the Redesignate, Reduce and Allow Claims have asserted liquidated claim amounts based on invoices for goods or services provided to the Debtors.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that the Redesignate, Reduce and Allow Claims do

9

not reflect the correct amount of liability owed by the Debtors to the claimant because they fail to value the Redesignate, Reduce and Allow Claims as of the Petition Date, fail to take into account the Debtors' satisfaction of certain claimed liabilities, and/or assert claims for invoices not found in the Debtors' books and records, as set forth on **Exhibit D** under the column heading "*Reason For Modification*." (See 11 U.S.C. § 502(b); Horst Declaration ¶ 11).  The Debtors further determined based on their review of the claimants' supporting documentation and the Debtors' books and records that each of the Redesignate, Reduce and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the reduced amounts.  (See Horst Declaration ¶ 11).

32.    The amounts listed on **Exhibit D** under the column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date.  (See Horst Declaration ¶ 12).  The Debtor listed on **Exhibit D** under the column heading "*Modified Debtor Name*" represents the Debtor reflected in the Debtors' books and records that is liable for the Redesignate, Reduce and Allow Claims, as reduced.  (See Horst Declaration ¶ 12).  The holders of the Redesignate, Reduce and Allow Claims should not be allowed to recover more than the value of their claims, or to recover on claims from the incorrect Debtor's estate.  Accordingly, in order to properly reflect the actual value of these claims, the Debtors request that this Court reduce each Redesignate, Reduce and Allow Claim to the corresponding amount listed on **Exhibit D** under the column heading "*Modified Claim Amount*" and allow each such Redesignate, Reduce and Allow Claim only to the extent of such modified amount and only against the corresponding Debtor listed on **Exhibit D** under the column heading "*Modified Debtor Name*."

## NOTICE

33.    The Debtors have served notice of this Fifty-Seventh Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

34.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  December 13, 2013
       New York, New York

                                      /s/ Norman S. Rosenbaum
                                      Gary S. Lee
                                      Norman S. Rosenbaum
                                      Jordan A. Wishnew
                                      MORRISON & FOERSTER LLP
                                      1290 Avenue of the Americas
                                      New York, New York 10104
                                      Telephone:  (212) 468-8000
                                      Facsimile:  (212) 468-7900

                                      *Counsel for the Debtors and*
                                      *Debtors in Possession*

11

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF
### DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
### ((A) REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW CLAIMS;
### (B) RECLASSIFY CLAIMS; (C) REDESIGNATE AND ALLOW CLAIMS; AND
### (D) REDESIGNATE, REDUCE AND ALLOW CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.     I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, QA and Compliance -- a

position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.   In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the *Debtors' Fifty-Seventh Omnibus Objection To Claims ((A) Redesignate, Reclassify, Reduce*

*and Allow Claims;  (B) Reclassify  Claims;  (C) Redesignate  and Allow  Claims;  and*

*(D) Redesignate, Reduce and Allow Claims)* (the "<u>Objection</u>").[2]

 2. Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees, the Debtors' professionals

and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims

agent.  If I were called upon to testify, I could and would testify competently to the facts set forth

in the Objection on that basis.

 3. In my capacity as Senior Director of Claims Management, I am intimately

familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

(the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of

financial affairs filed in the Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on **Exhibits <u>A</u>**, **<u>B</u>**, **<u>C</u>**, and **<u>D</u>** attached to the Proposed Order.  In

connection with this analysis, where applicable, the Debtors and their professional advisors have

reviewed (a) information supplied or verified by personnel in departments within the Debtors'

various business units, (b) the Books and Records, (c) the Schedules, (d) the other filed proofs of

claim, and/or (e) the official claims register maintained in the Chapter 11 Cases.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1120060

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.      Based on a thorough review of the Redesignate, Reclassify, Reduce and Allow Claim at issue, as well the claimant's supporting documentation and the Books and Records, the Debtors determined that the claim listed on **Exhibit A** attached to the Proposed Order should be reclassified as a non-priority, general unsecured claim and accorded the proposed treatment described in the Objection.

6.      The Debtors also determined based on review of the claimant's supporting documentation and the Books and Records that the claim listed on **Exhibit A** does not reflect the correct amount of liability owed by the applicable Debtor to the claimant because it fails to value the Redesignate, Reclassify, Reduce and Allow Claim as of the Petition Date, fails to take into account the Debtors' satisfaction of certain claimed liabilities, and/or asserts claims for invoices not found in the Debtors' books and records, as set forth on **Exhibit A** under the column heading "*Reason For Modification*."   The Debtors further determined based on their review of the claimant's supporting documentation and the Books and Records that the Redesignate, Reclassify, Reduce and Allow Claim was filed against a Debtor that is not liable for the claim asserted therein, and that a different Debtor is liable for such claim in the reduced amount.

7.      The Debtors determined that the amount listed on **Exhibit A** under the column heading "*Modified Claim Amount*" represents the actual value of the Redesignate, Reclassify, Reduce and Allow Claim as reflected in the Books and Records as of the Petition Date, less any amounts already satisfied after the Petition Date.  The Debtors also determined

3

that the Debtor listed on **Exhibit A** under the column heading "*Modified Debtor Name*" represents the Debtor reflected in the Books and Records that is liable for the Redesignate, Reclassify, Reduce and Allow Claim, as reduced.  If the Redesignate, Reclassify, Reduce and Allow Claim is not modified as requested, the claimant who filed such claim would recover in excess of that to which it is legally entitled, to the detriment of other creditors, and such recovery would be paid from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

8.     Based on a thorough review of the Reclassify Claims at issue, as well the claimants' supporting documentation and the Books and Records, the Debtors determined that each claim listed on **Exhibit B** attached to the Proposed Order should be reclassified as a non-priority, general unsecured claim and accorded the proposed treatment described in the Objection.  The Debtors have determined that the St. Petersburg Claim, as reclassified, should be allowed as a general unsecured claim in the asserted amount, but the Debtors reserve all rights to object to the Frazier Claim as reclassified at a later date.

9.     Based on a thorough review of the Redesignate and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, the Debtors determined that each claim listed on **Exhibit C** attached to the Proposed Order was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the claimed amounts.

10.     The Debtors determined that that the Debtor listed on **Exhibit C** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate and Allow Claims, as reflected in the Books and Records as of the Petition Date.  If the Redesignate and Allow Claims are not modified as requested, the claimants who filed these

4

Redesignate and Allow Claims would receive a recovery from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

11.    Based on a thorough review of the Redesignate, Reduce and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, the Debtors determined that each claim listed on **Exhibit D** attached to the Proposed Order does not reflect the correct amount of liability owed by the applicable Debtor to the claimant because it fails to value the Redesignate, Reduce and Allow Claim as of the Petition Date, fails to take into account the Debtors' satisfaction of certain claimed liabilities, and/or asserts claims for invoices not found in the Books and Records, as set forth on **Exhibit D** under the column heading "*Reason For Modification*."   The Debtors further determined based on their review of the claimants' supporting documentation and the Books and Records that each of the Redesignate, Reduce and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the reduced amounts.

12.    The Debtors determined that the amounts listed on **Exhibit D** under the column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce and Allow Claims as reflected in the Books and Records as of the Petition Date, less any amounts already satisfied after the Petition Date.  The Debtors also determined that the Debtor listed on **Exhibit D** under the column heading "*Modified Debtor Name*" represents the Debtor reflected in the Books and Records that is liable for the Redesignate, Reduce and Allow Claims, as reduced.  If the Redesignate, Reduce and Allow Claims are not modified as requested, the claimants who filed these Redesignate, Reduce and Allow Claims would recover in excess of that to which they are legally entitled, to the detriment of other creditors, and such recovery

5

would be paid from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

13.     Accordingly, based upon these reviews, and for the reasons set forth in the Objection, I have determined that each Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 13, 2013

   /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

6

**Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|                                          |   |                        |
|------------------------------------------|---|------------------------|
|                                          | ) |                        |
| In re:                                   | ) | Case No. 12-12020 (MG) |
|                                          | ) |                        |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11             |
|                                          | ) |                        |
|                          Debtors.        | ) | Jointly Administered   |
|                                          | ) |                        |

---------------------------------------------------------------

## ORDER GRANTING DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS ((A) REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW CLAIMS; (B) RECLASSIFY CLAIMS; (C) REDESIGNATE AND ALLOW CLAIMS; AND <u>(D) REDESIGNATE, REDUCE AND ALLOW CLAIMS)</u>

Upon the fifty-seventh omnibus objection to claims, dated December 13, 2013 (the "<u>Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), modifying and/or allowing (i) the Redesignate, Reclassify, Reduce and Allow Claim, (ii) the Reclassify Claims, (iii) the Redesignate and Allow Claims, and (iv) the Redesignate, Reduce and Allow Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the Debtors' Fifty-Seventh Omnibus Claims Objection ((A) Redesignate, Reclassify, Reduce and Allow Claims; (B) Reclassify Claims; (C) Redesignate and Allow Claims; and (D) Redesignate, Reduce and Allow Claims)*, annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Objection is granted to the extent provided herein; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on **Exhibit A** attached hereto (the "<u>Redesignate, Reclassify, Reduce and Allow Claim</u>") is redesignated, reclassified, reduced and allowed in the amount and priority set forth on **Exhibit A** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*", and any asserted amounts in excess of the reduced amount are disallowed and expunged; and it is further

**ORDERED** that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent ("<u>KCC</u>"), is directed to allow the Redesignate, Reclassify, Reduce and Allow Claim in the amount and priority set forth on **Exhibit A** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*" and to disallow and expunge any asserted amounts in excess of the reduced amount; and it is further

ny-1120098

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit B** attached hereto (collectively, the "Reclassify Claims") is reclassified as set forth on **Exhibit B** under the column heading "*Modified Claim Amount*" and the St. Petersburg Claim is allowed in the amount and priority set forth under the column heading "*Modified Claim Amount*"; and it is further

**ORDERED** that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of the Frazier Claim listed on **Exhibit B**, and all rights to object on any basis are expressly reserved with respect to the Frazier Claim; and it is further

**ORDERED** that KCC is directed to reclassify the Reclassify Claims as set forth on **Exhibit B** under the column heading "*Modified Claim Amount*"; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit C** attached hereto (collectively, the "Redesignate and Allow Claims") is redesignated against the Debtor set forth on **Exhibit C** under the column heading "*Modified Debtor Name*" and allowed in the amount and priority set forth on **Exhibit C** under the column heading "*Claim Amount*"; and it is further

**ORDERED** that KCC is directed to allow the Redesignate and Allow Claims in the amount and priority set forth on **Exhibit C** under the column heading "*Claim Amount*" against the Debtor set forth on **Exhibit C** under the column heading "*Modified Debtor Name*"; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit D** attached hereto (collectively, the "Redesignate, Reduce and Allow Claims") is redesignated, reduced and allowed in the amount and priority set forth on **Exhibit D** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit D** under the

ny-1120098

column heading "*Modified Debtor Name*", and any asserted amounts in excess of the reduced amount are disallowed and expunged; and it is further

ORDERED that KCC is directed to allow the Redesignate, Reduce and Allow Claims in the amount and priority set forth on **Exhibit D** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit D** under the column heading "*Modified Debtor Name*", and to disallow and expunge any asserted amounts in excess of the reduced amount; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on **Exhibits A**, **B**, **C**, and **D** attached hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibits A**, **B**, **C**, and **D** attached hereto; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

5

## **Exhibit A**

**Redesignate, Reclassify, Reduce and Allow Claim**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SEVENTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE, RECLASSIFY, REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | McDowell Riga Posternock<br>c/o Joseph F. Riga, Esq.<br>McCabe, Weisberg & Conway<br>123 S. Broad St., Ste. 1400<br>Philadelphia, PA 19109 | 4561 | 11/13/2012 | $35,675.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$742.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to (1) different balances in the claim vs in books and records, (2) post petition amounts paid in ordinary course of business, (3) invoices not found in books and records and (4) difference between claim amount and POC supporting documentation. Claim asserted against the wrong debtor entity. Claim does not meet classification definition. |

**<u>Exhibit B</u>**

**Reclassify Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SEVENTH OMNIBUS OBJECTION - MODIFY -  RECLASSIFY CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount |
|---|---|---|---|---|---|---|---|
| 1 | COMMISSIONER OF ACCOUNTS CITY OF PETERSBURG C/O CHARLES BASK 43 RIVES ROAD PETERSBURG, VA 23805 | 722 | 09/24/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $282.00 Priority $0.00 General Unsecured | ETS of Virginia, Inc. | 12-12026 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $282.00 General Unsecured |
| 2 | Traci Frazier 2300 Boca Raton Mesquite, TX 75150 | 751 | 09/25/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $9,862.12 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $9,862.12 General Unsecured |

## **Exhibit C**

**Redesignate and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SEVENTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|
| 1 | ALSTON HUNT FLOYD & ING -PRIMARY<br>1001 Bishop Street<br>Honolulu, HI 96813 | 3686 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,249.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 2 | BASS & MOGLOWSKY SC - PRIMARY<br>501 West Northshore Drive<br>Suite 300<br>MILWAUKEE, WI 53217 | 529 | 09/17/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,160.26 General Unsecured | Residential Funding Company, LLC | 12-12019 | GMAC Mortgage, LLC | 12-12032 |
| 3 | IPC Information Systems Inc<br>Harborside Financial Center<br>3 Second Street Plaza 10, 15th Floor<br>Jersey City, NJ 07311 | 921 | 10/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,731.05 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 4 | JACKSON BOGHOS SEARCH GROUP CORP<br>370 CENTER POINTE CIRCLE STE 1102<br>ALTAMONTE SPRINGS, FL 32701 | 3598 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$20,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 5 | RICHARDS LAYTON & FINGER PA<br>ATTN MARISA A. TERRANOVA, ESQ.<br>ONE RODNEY SQUARE<br>920 NORTH KING STREET<br>WILMINGTON, DE 19801 | 4318 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,019.50 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Residential Funding Company, LLC | 12-12019 |
| 6 | States Recovery Systems Inc.<br>PO Box 2860<br>Rancho Cordova, CA 95741 | 289 | 07/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,300.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 7 | Tannor Partners Credit Fund, LP<br>150 Grand Street, Suite 401<br>White Plains, NY 10601 | 1326 | 10/17/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$13,826.86 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

## **Exhibit D**

**Redesignate, Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SEVENTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE, REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | BETTS PATTERSON AND MINES PS 701 PIKE ST ONE CONVENTION PL STE 1400 SEATTLE, WA 98101 | 4060 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $5,760.54 General Unsecured | Homecomings Financial, LLC | 12-12042 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $4,060.54 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to different balances in the claim versus in books and records and invoices paid. Claim asserted against the wrong debtor entity. |
| 2 | IPC SYSTEMS INC PO BOX 35634 NEWARK, NJ 07193-5634 | 922 | 10/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,661.88 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,114.76 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to post-petiton amounts paid in ordinary course of business. Claim asserted against the wrong debtor entity. |