UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re                                                      :     Chapter 11
                                                           :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                       :     Case No. 12-12020 (MG)
                                                           :
                                                           :
                                                           :     (Jointly Administered)
              Debtors.                                     :
-----------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Stephanie Delgado, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On December 2, 2013, at my direction and under my supervision, employees of KCC caused the following document to be served per postal forwarding address via First Class Mail upon the service list attached hereto as **Exhibit A**:

- **Notice of Disclosure Statement Hearing**, dated July 9, 2013
  [Docket No. 4189]

B. Additionally, on or before December 5, 2013, at my direction and under my supervision, employees of KCC caused the following document to be served per postal forwarding address via First Class Mail upon the service list attached hereto as **Exhibit B**:

- **Notice of Filing of Revised Exhibit 2 (Liquidating Trust Agreement), Exhibit 4 (Borrower Claims Trust Agreement), Exhibit 13 (Liquidating Trust Causes of Action) and Exhibit 15 (Borrower-Related Causes of Action)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1

**Comprising the Plan Supplement to the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors** [Docket No. 5719]

C. Additionally, on December 2, 2013, at my direction and under my supervision, employees of KCC caused the following document to be served per postal forwarding address via First Class Mail upon the service list attached hereto as **Exhibit D**:

- **Notice of (I) Approval of Disclosure Statement, (II) Deadline for Voting on Plan, (III) Hearing to Consider Confirmation of Plan, and (IV) Deadline for Filing Objections to Confirmation of Plan**, attached hereto as **Exhibit C**

D. Additionally, on December 3, 2013, at my direction and under my supervision, employees of KCC caused the following document to be served per postal forwarding address via First Class Mail upon the parties on the service list attached hereto as **Exhibit E**:

- **Notice of Hearing and Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 9019 (A) Granting the Claimants Limited Relief from Automatic Stay and (B) Approving the Debtors' Entry Into the Settlement Agreement Regarding the Pending State Court Class Action Litigation, Authorizing the Debtors to Perform the Obligations Thereunder and Fixing the Amount of an Allowed General Unsecured Claim for the Class Action Plaintiffs** [Docket No. 5700]

Dated: December 13, 2013

/s/ Stephanie Delgado
Stephanie Delgado

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 13th of December, 2013, by Stephanie Delgado proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

JENNIFER GRAGEDA
Commission # 2013634
Notary Public - California
Los Angeles County
My Comm. Expires Mar 21, 2017

2

# Exhibit A

| CREDITOR NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Joy Lisa | 2274 E Sawgrass Ave | Fresno | CA | 93730-5164 |
| Paul, Walita M | PO Box 640572 | Kenner | LA | 70064-0572 |
| Sandberg, Anthony B | 3793 Highway 213 | Mansfield | GA | 30055-3268 |

# Exhibit B

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| Bernardino Briceno | | 3044 Webb St | Vallejo | CA | 94591-5539 |
| Calvin Gu | | 1604 Seneca Ave | Mc Lean | VA | 22102-2942 |
| Division of Banking | | 900 Pennsylvania Ave Ste 306 | Charleston | WV | 25302-3542 |
| Jacqueline A. Warner | | 3053 W Craig Rd Ste E | N Las Vegas | NV | 89032-5128 |
| Michael M Kurbs and | Baker Restoration Svcs LLC & Dalton Direct Fl Cove | 1001 Turtle Creek CC Ct | Normal | IL | 61761-5298 |
| Paul Homer & Melinda Carpenter | c/o Natale & Wollinetz | 116 Oak St | Glastonsbury | CT | 06033-2300 |

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) DEADLINE FOR VOTING ON PLAN, (III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **APPROVAL OF DISCLOSURE STATEMENT**. By order dated August 23, 2013 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "Disclosure Statement") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "Plan"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. **RECORD DATE FOR VOTING PURPOSES**. Only creditors who hold Claims on August 16, 2013 (the "Voting Record Date") are entitled to vote on the Plan.

3. **VOTING DEADLINE**. All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Kurtzman Carson Consultants, LLC ("KCC") by no later than **7:00 p.m. (Eastern Time) on October 21, 2013** (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote. Ballots received by facsimile or e-mail, or any other means other than by mail, hand delivery or overnight courier, **will not** be counted.

4. **ENTITLEMENT TO VOTE ON PLAN**. Holders of Claims in the following classes are entitled to vote to accept or reject the Plan: **R-3, R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-3, GS-4A, GS-4B, GS-5, GS-6, GS-7, GS-10, RS-3, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**.

The following creditors are **not** entitled to vote on the Plan: (i) holders of Claims in the following classes: **R-1, R-2, R-9, R-10, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, and RS-10**; (ii) holders of Claims that are the subject to filed objections by September 20, 2013, (iii) holders of Claims with an outstanding amount of not greater than zero ($0.00) as of the Voting Record Date, (iv) holders of Claims that have been disallowed or expunged as of the Voting Record Date, (v) holders of Claims scheduled by the Debtors as contingent, unliquidated, or disputed when a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Bankruptcy Court at least five (5) business days prior to the Voting Deadline, and (vi) creditors who are not included in the Schedules and who have not filed a Proof of Claim by the General Bar Date.

5. **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES.** If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than **September 30, 2013**. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before **October 23, 2013**. Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

6. **CONFIRMATION HEARING.** A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

7. Article IX of the Plan provides for the following Third Party Release, Exculpation and Injunction provisions:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR

AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

8. **OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

9. **ADDITIONAL INFORMATION.** Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**IF YOU HAVE ANY QUESTIONS RELATED TO THIS NOTICE,
PLEASE CALL THE DEBTORS' BANKRUPTCY HOTLINE AT (888) 251-2914.**

**PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

---

**ATTENTION BORROWERS:**

SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.

Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.

---

Dated: New York, New York
August 23, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| Gary S. Lee | Kenneth H. Eckstein |
| Lorenzo Marinuzzi | Douglas H. Mannal |
| Todd M. Goren | Stephen D. Zide |
| Jennifer L. Marines | 1177 Avenue of the Americas |
| Daniel J. Harris | New York, New York 10036 |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | |
| | |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

# Exhibit D

| CREDITOR NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Sandberg, Anthony B | 3793 Highway 213 | Mansfield | GA | 30055-3268 |

# Exhibit E

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| Jane Hubbs as successor to Harvey Hubbs | Sarah as successor to Harvey Hubbs Hubbs | 1210 Harmony St | New Orleans | LA | 70115-3423 |