VACHAGAN ABED-STEPHEN
SUSIE ABED-STEPHEN
1606 GLENMONT DR.
GLENDALE, CA  91207

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No.: 12-12020 (MG) |
|---|---|
|  | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., Debtors | **VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN'S OPPOSITION TO DEBTORS' OBJECTION TO CLAIM NO. 5420** |

VACHAGAN ABED-STEPHEN and SUSIE ABED-STEPHEN (hereinafter "Claimants") oppose Debtors' Objection to Claim No. 5420 ("Objection") as follows:

GMAC Mortgage, LLC ("GMACM") is not the lender, creditor or beneficiary under the subject note and deed of trust.  GMACM is a loan servicer that has made false statements over the past five years perpetrating as the "investor" and "owner" of the loan when it is not. These material misrepresentations are evidenced by correspondence issued directly from


RECEIVED
DEC 0 6 2013
KURTZMAN CARSON CONSULTANTS

-1-
VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN'S
OPPOSITION TO DEBTORS' OBJECTION TO CLAIM NO. 5420

GMACM. Notably, there is a significant difference between a servicer and a trust deed beneficiary, and to hold otherwise is meritless and nonsensical.

The Assignment of Deed of Trust recorded 10-30-08 is a false document because GMACM never received an assignment of the debt in connection with the operative language and constructive notice of said recorded assignment. Claimants contend that the loan was sold immediately after closing in 2006 and that the subsequent correspondence generated by GMACM with claims that Deutsche Bank and Wells Fargo Bank are instead the investors, gives rise to the plausibility that Deutsche Bank is acting as indenture trustee of the mortgage-backed securities trust for which Wells Fargo Bank is acting as master servicer for. The purported trust has never perfected its secured interest in the subject note and deed of trust as required by its governing trust documents, including, but not limited to, the Pooling and Servicing Agreement ("PSA") and 424B5 Prospectus ("Prospectus"). Due to the fact that the trust's alleged assets, in this case, the subject note and deed of trust, were never properly transferred, assigned and delivered to the trust in accordance with its governing trust documents and New York Trust Law, the trust does not own the asset and cannot enforce the underlying debt obligation memorialized by the subject note and deed of trust herein. Under New York Estates Powers and Trust Law Section 7-2.4, "[I]f the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." In sum, the trustee cannot act as if it owns an asset which it does not. The trustee cannot instruct GMACM to service the loan because the trust failed to comply with the strict terms of the PSA and failed to acquire the assets it attempts to enforce. These acts are void as a matter of law. GMACM is not a loan servicer with authorized agency to enforce

any collection of the alleged debt because its principal has no legal capacity to enforce the debt obligation.

This matter may be too complex to discern having merely a claim, objection and opposition for review. Claimants suggest that an evidentiary hearing be scheduled in order to examine the Claimants' allegations based on the failed securitization and unauthorized collection of payments made to GMACM from January 2007 through June 2008 plus the forbearance payments of $19,000 in the total amount of $63,872.20. Claimants are prepared to amend the amount of their claim to reflect this change. Additionally, Claimants vehemently object to Debtors' request for attorney fees and costs associated with their objection. GMACM committed several wrongful acts. Claimants are not responsible for any costs associated with their needing to defend their own misconduct.

DATED: December 4, 2013

_____
VACHAGAN ABED-STEPHEN
Plaintiff, Pro Per

_____
SUSIE ABED-STEPHEN
Plaintiff, Pro Per

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES   )

I, _Antonio Mejia_, declare as follows:

I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 1171 N. Kenmore Ave. #15 LA, CA 90029.

On December _4_, 2013, I served the following:

### VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN'S OPPOSITION TO DEBTORS' OBJECTION TO CLAIM NO. 5420

On interested parties in said action by United States Mail, postage prepaid, addressed as follows:

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

SEVERSON & WERSON P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

I personally deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am not a registered California process server.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2013, at Glendale, California

_Antonio Mejia_