MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
In re:                                                       )        Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                     )        Chapter 11
                                                             )
                                      Debtors.               )        Jointly Administered
                                                             )
------------------------------------------------------------- )

**AMENDED[1] PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON DECEMBER 17, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:   United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY
10004-1408

**I.**          **RESOLVED/WITHDRAWN MATTERS**

**1.**          Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and
                to Certify Class Claims [Docket No. 2044]

                **Related Document(s)**:

                **a.**          Memorandum of Law in Support of Motion to Apply Bankruptcy Rule
                                7023 and to Certify Class Claims [Docket No. 2045]

                **b.**          Declaration of R. Fredrick Walters, David M. Skeens and R. Bruce Carlson
                                in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class
                                Claims [Docket No. 2047]

---

[1] Amended items appear in **bold**.

**c.**     Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 7, 2013 at 10:00 a.m. [Docket No. 2399]

**d.**     Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 28, 2013 at 2:00 p.m. [Docket No. 2730]

**e.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 3029]

**f.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to May 30, 2013 at 10:00 a.m. [Docket No. 3299]

**g.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to June 12, 2013 at 10:00 a.m. [Docket No. 3360]

**h.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to July 10, 2013 at 10:00 a.m. [Docket No. 3851]

**i.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to August 21, 2013 at 10:00 a.m. [Docket No. 4177]

**j.**     Notice of Adjournment of Certain Matters Scheduled for August 21, 2013 Omnibus Hearing to August 28, 2013 at 10:00 a.m. [Chapter 11 Case Docket No. 4311]

**k.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to September 24, 2013 at 10:00 a.m. [Docket No. 4806]

**l.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to November 7, 2013 at 2:00 p.m. [Docket No. 5111]

**m.**     Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5458]

**Response(s)**:

a.    Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2337]

b.    Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2338]

c.    Response and Reservation of Rights of PNC Bank, N.A. to Motion of Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2343]

d.    Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to the Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims Filed by Rowena Drennen [Docket No. 2869]

**Replies**:

a.    Reply to Debtors' Objection to Class Certification Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2874]

b.    Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2875]

c.    Declaration of David M. Skeens and R. Keith Johnston in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2876]

d.    Declaration of Roy Fredrick Walters in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2877]

e.    Second Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2880]

**Status**:    This matter has been settled.  No hearing is required.

2.    Plaintiffs' [New Jersey Carpenters Health Fund, *et al.*] Motion for Order Certifying Class for Purposes of Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3480]

**Related Document(s)**:

| | |
|---|---|
| **a.** | Memorandum of Law in Support of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3481] |
| **b.** | Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3663] |
| **c.** | Notice of Adjournment of Hearing of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3854] |
| **d.** | Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 4129] |
| **e.** | Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 4305] |
| **f.** | Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 4749] |
| **g.** | Notice of Adjournment of Hearing of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 5052] |
| **h.** | Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 5241] |
| **i.** | Letter to Judge Glenn from Michael S. Etkin dated October 15, 2013 regarding Developments in the Securities Class Action [Docket No. 5354] |
| **j.** | Notice of Adjournment of Hearing of Plaintiffs' [New Jersey Carpenters Health Fund, *et al.*] Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 5490] |
| **k.** | Notice of Withdrawal Without Prejudice of Plaintiff's [New Jersey Carpenters Health Fund, *et al.*] Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 6106] |

**Response(s)**:    None.

**Status**:     This matter has been withdrawn.  No hearing is required.

3.     Motion of Winland and Irma Elizabeth Smith for Relief from Stay [Docket No. 4615]

**Related Document(s)**:

a.     Notice of Adjournment of Hearing on Winland and Irma Elizabeth Smith for Relief from Stay to October 9, 2013 at 10:00 a.m. [Docket No. 4973]

b.     Notice of Adjournment of Hearing on Motion of Winland and Irma Elizabeth Smith for Relief from Stay to November 7, 2013 at 2:00 p.m. [Docket No. 5279]

c.     Notice of Adjournment of Hearing on Motion of Winland and Irma Elizabeth Smith for Relief from Stay to December 17, 2013 at 10:00 a.m. [Docket No. 5593]

d.     Notice of (I) Withdrawal with Prejudice of Motion of Winland and Irma Elizabeth Smith for Relief from Stay and (II) Disallowance and Expungement of Proof of Claim No. 4825] [Docket No. 5928]

**Response(s)**:     None.

**Status**:     This matter has been withdrawn.  No hearing is required.

4.     Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 4744]

**Related Document(s)**:

a.     Notice of Adjournment of Hearing on Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 4986]

b.     Notice of Adjournment of Hearing on Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 5298]

c.     Supplemental Declaration of David A. Upton in Support of Limited Objection of The Impac Companies to Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holding, Inc. [Docket No. 5761]

d.        Supplemental Declaration of David A. Upton in Support of Limited Objection of The Impac Companies to Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holding, Inc. [Docket No. 5763]

e.        Notice of Revised Form of Order Granting Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing-Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 6059]

f.        Order Granting Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 6084]

**Response(s)**:

a.        Limited Objection of the Impac Companies to Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 4882]

**Reply**:

a.        Debtors' Reply in Support of Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc. [Docket No. 5634]

**Status**:    This matter has been settled.  No hearing is required.

5.        Debtors' Objection to the West Virginia Investment Management Board's Proof of Claim (Claim No. 3818) [Docket No. 5116]

**Related Document(s)**:

a.        Declaration of James J. Beha II in Support of Debtors' Objection to the West Virginia Investment Management Board's Proof of Claim [Docket No. 5117]

b.        Notice of Adjournment of Hearing on Debtors' Objection to The West Virginia Investment Management Board's Proof of Claim (Claim No. 3818) to December 17, 2013 at 10:00 a.m. [Docket No. 5513]

**Response(s)**:    None.

**Status**:    This matter has been resolved.  No hearing is required.

## II.        RESOLVED/WITHDRAWN ADVERSARY PROCEEDING MATTERS

### *Universal Restoration Services, Inc. v. GMAC Mortgage, LLC*, Adv. Proc. No. 13-01278

**1.**        Pretrial Conference

**Related Document(s)**:

**a.**        Universal Restoration Services, Inc.'s Adversary Complaint to Recover Money Pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure [Docket No. 1]

**b.**        Summons and Notice of Pretrial Conference in Adversary Proceeding [Docket No. 2]

**c.**        Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 3]

**d.**        Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 5]

**e.**        So-Ordered Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 7]

**f.**        Defendant's Motion to Dismiss Plaintiff's Adversary Complaint [Docket No. 9]

**g.**        Notice of Adjournment of Pretrial Conference [Docket No. 11]

**h.**        Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 12]

**i.**        Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 13]

**j.**        Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 17]

**k.**        Notice of Adjournment of Certain Matters Scheduled for August 21, 2013 Omnibus Hearing to August 28, 2013 at 10:00 a.m. [Chapter 11 Case Docket No. 4311]

**l.**        Notice of Adjournment of Pretrial Conference [Docket No. 19]

    **m.**      Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 20]

    **n.**      Universal Restoration Services, Inc.'s Response to GMAC Mortgage, LLC's Motion to Dismiss Adversary Complaint [Docket No. 21]

    **o.**      Stipulation and Order Extending the Time for Defendant GMAC Mortgage to Reply to Plaintiff Universal Restoration Services, Inc.'s Opposition to Motion to Dismiss [Docket No. 23]

    **p.**      Stipulation and Order Extending the Time for Defendant GMAC Mortgage to Reply to Plaintiff Universal Restoration Services, Inc.'s Opposition to Motion to Dismiss [Docket No. 25]

    **q.**      Stipulation and Order Extending the Time for Defendant GMAC Mortgage to Reply to Plaintiff Universal Restoration Services, Inc.'s Opposition to Motion to Dismiss [Docket No. 26]

    **r.**      Notice of Adjournment of Pretrial Conference [Docket No. 28]

**<u>Status</u>**:    This matter has been settled.  The pretrial conference on this matter will not be going forward.

**2.**    Defendant's Motion to Dismiss Plaintiff's Adversary Complaint [Docket No. 9]

**<u>Related Document(s)</u>**:

    **a.**      Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 12]

    **b.**      Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 13]

    **c.**      Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 17]

    **d.**      Notice of Adjournment of Pretrial Conference [Docket No. 19]

    **e.**      Stipulation and Order Extending the Time for Plaintiff Universal Restoration Services, Inc. to Respond to Defendant GMAC Mortgage LLC's Motion to Dismiss [Docket No. 20]

**f.**    Stipulation and Order Extending the Time for Defendant GMAC Mortgage to Reply to Plaintiff Universal Restoration Services, Inc.'s Opposition to Motion to Dismiss [Docket No. 23]

**g.**    Stipulation and Order Extending the Time for Defendant GMAC Mortgage to Reply to Plaintiff Universal Restoration Services, Inc.'s Opposition to Motion to Dismiss [Docket No. 25]

**Response(s)**:

**a.**    Universal Restoration Services, Inc.'s Response to GMAC Mortgage, LLC's Motion to Dismiss Adversary Complaint [Docket No. 21]

**Status**:    This matter has been settled. No hearing is required.

## III.    ADJOURNED MATTERS

**1.**    Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2401]

**Related Document(s)**:

**a.**    Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2421]

**b.**    [Proposed] Order Granting Connecticut Housing Finance Authority ("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11 U.S.C. §§ 105 & 362(d) [Docket No. 2422]

**c.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29, 2013 at 10:00 a.m. [Docket No. 2624]

**d.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7, 2013 at 10:00 a.m. [Docket No. 2729]

**e.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 28, 2013 at 2:00 p.m. [Docket No. 2848]

**f.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief

from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 21, 2013 at 10:00 a.m. [Docket No. 3008]

g.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to April 30, 2013 at 10:00 a.m. [Docket No. 3239]

h.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to May 14, 2013 at 10:00 a.m. [Docket No. 3539]

i.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to June 12, 2013 at 10:00 a.m. [Docket No. 3682]

j.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 10, 2013 at 10:00 a.m. [Docket No. 3948]

k.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 26, 2013 at 10:00 a.m. [Docket No. 4186]

l.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to August 29, 2013 at 10:00 a.m. [Docket No. 4348]

m.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to September 24, 2013 at 10:00 a.m. [Docket No. 4855]

n.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to October 2, 2013 at 10:00 a.m. [Docket No. 5120]

o.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to November 7, 2013 at 2:00 p.m. [Docket No. 5255]

**p.**      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to December 17, 2013 at 10:00 a.m. [Docket No. 5751]

**q.**      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 30, 2014 at 10:00 a.m. [Docket No. 6087]

**Response(s)**:

**a.**      Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

  **Status**:    The hearing on this matter has been adjourned to January 30, 2014.

2.      Notice of Hearing on Motion of U.S. Bank National Association as, Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order [Docket No. 3511]

**Related Document(s)**:

**a.**      Declaration of Constance Boland in Support of the Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Discovery from the Debtor and Relief from the Stay Imposed by the FHFA Order [Docket No. 3512]

**b.**      Memorandum of Law in Support of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA [Docket No. 3513]

**c.**      Stipulation and Order with Respect to the Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from the Stay Imposed by the FHFA Order [Docket No. 3839]

**d.**      Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 10, 2013 at 10:00 a.m. [Docket No. 3928]

**e.**      Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 24, 2013 at 10:00 a.m. [Docket No. 4159]

    **f.**       Amended Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 26, 2013 at 10:00 a.m. [Docket No. 4160]

    **g.**       Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to September 11, 2013 at 10:00 a.m. [Docket No. 4317]

    **h.**       Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the and Relief from Stay Imposed by the FHFA Order to October 9, 2 013 at 10:00 a.m. [Docket No. 4901]

    **i.**       Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to December 17, 2013 at 10:00 a.m. [Docket No. 5270]

    **j.**       **Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to January 9, 2014 at 10:00 a.m. [Docket No. 6126]**

**Response(s)**:    None.

**Status**:    **The hearing on this matter has been adjourned to January 9, 2014**.

**3.**    Derrius Silmon's Motion for Relief from Stay [Docket No. 3585]

    **Related Document(s)**:

    **a.**       Notice of Hearing on Motion for Relief from Stay [Docket No. 5084]

    **b.**       Notice of Adjournment of Hearing on Derrius Silmon's Motion for Relief from Stay to November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time) [Docket No. 5223]

    **c.**       Notice of Adjournment of Hearing on Motion of Derrius Silmon for Relief from Stay to December 17, 2013 at 10:00 a.m. [Docket No. 5627]

    **d.**       Notice of Adjournment of Hearing on Motion of Derrius Silmon for Relief from Stay to January 9, 2014 at 10:00 a.m. [Docket No. 6051]

**Response(s)**:    None.

**Status**:    The hearing on this matter has been adjourned to January 9, 2014.

4.   Motion of Simona Robinson for Relief from Stay [Docket No. 4948]

   **Related Document(s)**:

   a.  Notice of Adjournment of Hearing on Motion of Simona Robinson for Relief from Stay [Docket No. 5063]

   b.  Notice of Adjournment of Hearing on Motion of Simona Robinson for Relief from Stay to December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5311]

   c.  Notice of Adjournment of Hearing on Motion of Simona Robinson for Relief from Stay to January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 6081]

   **Response(s)**:

   a.  Debtors' Objection to Motion of Simona Robinson for Relief from Stay [Docket No. 5261]

   b.  Objection of Ocwen Loan Servicing LLC to Motion of Simona Robinson for Relief from Stay [Docket No. 5262]

   **Reply**:

   a.  Robinson's Reply to the Opposition of ResCap and Ocwen to Motion for Relief from Automatic Stay [Docket Nos. 5285 and 5304]

   **Status**:  The hearing on this matter has been adjourned to January 9, 2014.

5.   Motion of Rosalind Alexander-Kasparik for Relief from Stay [Docket No. 5621]

   **Related Document(s)**:

   a.  Notice of Adjournment of Hearing on Motion of Rosalind Alexander-Kasparik for Relief from Stay to January 9, 2014 at 10:00 a.m. [Docket No. 6105]

   **Response(s)**:

   a.  Debtors' Objection to Motion for Relief from Stay Filed on Behalf of Rosalind Alexander-Kasparik [Docket No. 6056]

   **Status**:  The hearing on this matter has been adjourned to January 9, 2014.

IV.    **ADJOURNED ADVERSARY PROCEEDING MATTERS**

***Von Brincken v. GMAC Mortgage, LLC***, **Adv. Proc. No. 13-01436**

1.    Status Conference

    **Related Document(s)**:

        **a.**    Complaint [Docket No. 1]

        **b.**    Amended Summons with Notice of Pre-Trial Conference [Docket No. 3]

        **c.**    Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 4]

        **d.**    Joint Progress Report [Docket No. 7]

        **e.**    Notice of Adjournment of Status Conference to January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 11]

    **Status**:    The status conference on this matter has been adjourned to January 30, 2014.

V.    **UNCONTESTED MATTERS**

1.    Debtors' Motion, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for Approval of Stipulation Resolving Dispute [Docket No. 5526]

    **Related Document(s)**:    None.

    **Response(s)**:    None.

    **Status**:    The hearing on this matter will be going forward.

2.    Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc. [Docket No. 5501]

    **Related Document(s)**:

        **a.**    Debtors' Motion, Pursuant to Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, to File Under Seal Redacted Portions of (I) The Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc. and (II) The Settlement Agreement [Docket No. 5499]

        **b.**    Notice of Filing of Amended Proposed Order Granting Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy

Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc. [Docket No. 5737]

**Response(s)**:    None.

**Status**:    The hearing on this matter will be going forward.

**3.**    Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 9019 (A) Granting the Claimants Limited Relief from Automatic Stay and (B) Approving the Debtors' Entry Into the Settlement Agreement Regarding the Pending State Court Class Action Litigation, Authorizing the Debtors to Perform the Obligations Thereunder and Fixing the Amount of an Allowed General Unsecured Claim for the Class Action Plaintiffs [Docket No. 5700]

**Related Document(s)**:

**a.**    Certificate of No Objection Regarding Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 9019 (A) Granting the Claimants Limited Relief from Automatic Stay and (B) Approving the Debtors' Entry Into the Settlement Agreement Regarding the Pending State Court Class Action Litigation, Authorizing the Debtors to Perform the Obligations Thereunder and Fixing the Amount of an Allowed General Unsecured Claim for the Class Action Plaintiffs [Docket No. 6071]

**Response(s)**:    None.

**Status**:    **The hearing on this matter will be going forward.**

## VI.    FEE APPLICATIONS[2]

**Debtors' Professionals**

**1.**    Fourth Interim Application of Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5838]

**Response(s)**:

**a.**    The U.S. Trustee's Omnibus Objection

**b.**    The Committee's Limited Objection

---

[2] As used in this Section VI, the "U.S. Trustee's Omnibus Objection" refers to the *Omnibus Objection of the United States Trustee Regarding Fee Applications for Fourth Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses* [Docket No. 6047] and the "Committee's Limited Objection" refers to the *Official Committee of Unsecured Creditors' Limited Objection to Certain Interim Fee Applications and The Final Fee Applications of the Examiner's Professionals* [Docket No. 6050].

**Status**: The U.S. Trustee's Omnibus Objection **and the Committee's Limited Objection** to this application have been resolved.  The hearing on this application will be going forward.

2.    Interim Fee Application of Bryan Cave LLP as Ordinary Course Professional for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through June 2013 [Docket No. 5826]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

b.    The Committee's Limited Objection

**Reply**:

a.    Reply in Support of Interim Application of Bryan Cave LLP as Ordinary Course Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 6086]

**Status**: **The U.S. Trustee's Omnibus Objection and the Committee's Limited Objection to this application have been resolved.**  The hearing on this application will be going forward.

3.    Fourth Interim Application of Carpenter Lipps & Leland LLP as Special Litigation Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5801]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

b.    The Committee's Limited Objection

**Reply**:

a.    Reply of Carpenter Lipps & Leland LLP to the Omnibus Objection of the United States Trustee Regarding Fee Applications for Fourth Interim Awards of Compensation and Reimbursement of Expenses [Docket No. 6092]

**Status**: **The U.S. Trustee's Omnibus Objection and the Committee's Limited Objection to this application have been resolved.**  The hearing on this application will be going forward.

4.        Fourth Interim Application of Centerview Partners LLC as Investment Banker for the
          Debtors for Compensation and Reimbursement of Expenses Incurred for the Period
          May 1, 2013 through August 31, 2013 [Docket No. 5830]

          **Response(s)**:

          **a.**        The U.S. Trustee's Omnibus Objection

          **b.**        The Committee's Limited Objection

          **Status**:        The U.S. Trustee's Omnibus Objection **and the Committee's Limited
                     Objection** to this application have been resolved.  The hearing on this
                     application will be going forward.

5.        Fourth Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Conflicts
          Counsel to the Debtors and Debtors in Possession, for Allowance and Payment of
          Compensation for Professional Services Rendered and for Reimbursement of Actual
          and Necessary Expenses Incurred from May 1, 2013 Through and Including August
          31, 2013 [Docket No. 5825]

          **Response(s)**:

          **a.**        The U.S. Trustee's Omnibus Objection

          **b.**        The Committee's Limited Objection

          **Status**:        The U.S. Trustee's Omnibus Objection **and the Committee's Limited
                     Objection** to this application have been resolved.  The hearing on this
                     application will be going forward.

6.        Fourth Interim Fee Application of Deloitte & Touche LLP for Compensation for
          Services Rendered and Reimbursement of Expenses as Independent Auditor and
          Attest Service Provider to the Debtors for the Period from May 1, 2013 through
          August 31, 2013 [Docket No. 5831]

          **Response(s)**:

          **a.**        The U.S. Trustee's Omnibus Objection

          **b.**        The Committee's Limited Objection

          **Status**:        The U.S. Trustee's Omnibus Objection **and the Committee's Limited
                     Objection** to this application have been resolved.  The hearing on this
                     application will be going forward.

7.        Fourth Interim Application of Dorsey & Whitney LLP as Special Securitization and
          Investigatory Counsel for the Debtors for Compensation and Reimbursement of

Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5793]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

8.        Second Interim Application of Ernst & Young LLP for Allowance and Payment of Compensation for Professional Services and Reimbursement of Actual and Necessary Expenses [Docket No. 5840]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Status**:    **The U.S. Trustee's Omnibus Objection and the Committee's Limited Objection to this application have been resolved.**  The hearing on this application will be going forward.

9.        Third Interim Application of Fortace LLC as Consultant for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2013 through August 31, 2013 [Docket No. 5833]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Status**:    **The U.S. Trustee's Omnibus Objection and the Committee's Limited Objection to this application have been resolved.**  The hearing on this application will be going forward.

10.       Fourth Interim Application of FTI Consulting, Inc. as Financial Advisor for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5853]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Reply**:

a.        Declaration of William J. Nolan on Behalf of FTI Consulting, Inc. in Reply to Omnibus Objection of the United States Trustee Regarding Fee Applications for Fourth Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses and in Support of Third Interim Fee Application of FTI Consulting, Inc. [Docket No. 6109]

**Status**:    **The U.S. Trustee's Omnibus Objection has been resolved in part and the Committee's Limited Objection to this application has been resolved.**  The hearing on this application will be going forward.

11.    Third Interim and Final Application of Hudson Cook, LLP as Special Counsel to the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 15, 2012 through June 30, 2013 [Docket No. 5980]

**Related Document(s)**:

a.        Notice of Adjournment of Hearing on Third Interim And Final Application Of Hudson Cook, LLP As Special Counsel To The Debtors For Compensation And Reimbursement Of Expenses Incurred For The Period May 15, 2012 Through June 30, 2013 [Docket No. 6103]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Status**:    The hearing on this application has been adjourned to a date to be determined.

12.    Fourth Fee Application of KPMG LLP, as Tax Compliance Professionals and Information Technology Advisors to the Debtors and Debtors in Possession, for Interim Allowance and Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013 through August 31, 2013 [Docket No. 5835]

**Related Document(s)**:

a.        Notice of Adjournment of Hearing on Fourth Fee Application of KPMG LLP, as Tax Compliance Professionals and Information Technology Advisors to the Debtors and Debtors in Possession, for Interim Allowance and Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013 through August 31, 2013 [Docket No. 6100]

**Response(s)**:

a.      The U.S. Trustee's Omnibus Objection

b.      The Committee's Limited Objection

**Status**:   The hearing on this application has been adjourned to January 9, 2014.

13.     Fourth Interim Fee Application of Locke Lord LLP for Compensation and
        Reimbursement of Expenses for the Period from May 1, 2013 through August 31,
        2013 as Litigation Counsel for Debtors [Docket No. 5796]

**Related Document(s)**:

**a.      Statement of Resolution of Omnibus Objection of The United States
        Trustee regarding the Fourth Interim Fee Application of Locke Lord
        LLP for Compensation and Expenses for the Period from May 1, 2013
        through August 31, 2013 as Litigation Counsel for the Debtors [Docket
        No. 6121]**

**Response(s)**:

a.      The U.S. Trustee's Omnibus Objection

b.      The Committee's Limited Objection

**Status**:   **The U.S. Trustee's Omnibus Objection and the Committee's Limited
        Objection to this application have been resolved.**   The hearing on this
        application will be going forward.

14.     Fourth Interim Application of Mercer (US) Inc. as Compensation Consultant to the
        Debtors for the Period from May 1, 2013 through August 31, 2013 [Docket No. 5832]

**Related Documents(s)**:

a.      Notice of Adjournment of Hearing on the Fourth Interim Application of
        Mercer (US) Inc. as Compensation Consultant to the Debtors for the Period
        from May 1, 2013 through August 31, 2013 [Docket No. 6085]

**Response(s)**:

a.      The U.S. Trustee's Omnibus Objection

b.      The Committee's Limited Objection

**Status**:   The hearing on this application will be adjourned to a date to be
        determined.

15.     Fourth Interim Application of Morrison Cohen LLP for Allowance of Interim
        Compensation and Professional Services Rendered and Expenses Incurred During the
        Period May 1, 2013 through August 31, 2013 [Docket No. 5841]

        **Response(s)**:

        a.      The U.S. Trustee's Omnibus Objection

        b.      The Committee's Limited Objection

        **Reply**:

        a.      Morrison Cohen LLP's Response to Omnibus Objection of U.S. Trustee
                Regarding Fee Applications [Docket No. 6094]

                (i)     Corrected Exhibit B to Morrison Cohen LLP's Response to
                        Omnibus Objection of U.S. Trustee Regarding Fee
                        Applications [Docket No. 6095]

                (ii)    Corrected Exhibit C to Morrison Cohen LLP's Response to
                        Omnibus Objection of U.S. Trustee Regarding Fee
                        Applications [Docket No. 6096]

        **Status**:    **The U.S. Trustee's Omnibus Objection and the Committee's Limited
                Objection to this application have been resolved.**  The hearing on this
                application will be going forward.

16.     Fourth Interim Application of Morrison & Foerster LLP as Bankruptcy Counsel for
        the Debtors for Compensation and Reimbursement of Expenses Incurred for the
        Period May 1, 2013 through August 31, 2013 [Docket No. 5839]

        **Response(s)**:

        a.      The U.S. Trustee's Omnibus Objection

        b.      The Committee's Limited Objection

        **Reply**:

        a.      Morrison & Foerster LLP's Reply to (I) Omnibus Objection of the United
                States Trustee Regarding Fee Applications for Fourth Interim Awards of
                Compensation and Reimbursement of Out-of-Pocket Expenses and (II)
                Official Committee of Unsecured Creditors' Limited Objection to Certain
                Interim Fee Applications and the Final Fee Applications of the Examiner's
                Professionals [Docket No. 6093]

**Status**:    **The U.S. Trustee's Omnibus Objection and the Committee's Limited Objection to this application have been resolved.**  The hearing on this application will be going forward.

17.    Fourth Interim Application of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5811]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

**Status**:    The U.S. Trustee's Omnibus Objection **and the Committee's Limited Objection** to this application have been resolved.  The hearing on this application will be going forward.

18.    Third Interim and Final Application of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 15, 2012 through October 31, 2013 [Docket No. 5819]

**Related Document(s)**:

a.    Notice of Adjournment of Hearing on Third Interim and Final Application of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 15, 2012 Through October 31, 2013 [Docket No. 6102]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

b.    The Committee's Limited Objection

**Status**:    The hearing on this application has been adjourned to a date to be determined.

19.    Second Interim Application of Perkins Coie LLP as Special Insurance Coverage Counsel to the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5836]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

b.    The Committee's Limited Objection

**Status**:    The U.S. Trustee's Omnibus Objection **and the Committee's Limited Objection** to this application have been resolved.  The hearing on this application will be going forward.

20.    Fourth Interim Application of Severson & Werson, P.C. as Special California Litigation Counsel for Debtors for Compensation and Reimbursement of Expenses Incurred for the Time Period Between May 1, 2013 through August 31, 2013 [Docket No. 5815]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

b.    The Committee's Limited Objection

**Reply**:

a.    Statement of Resolution of Omnibus Objection of the United States Trustee and Errata [Docket No. 6082]

**Status**:    The U.S. Trustee's Omnibus Objection **and the Committee's Limited Objection** to this application have been resolved.  The hearing on this application will be going forward.

**Committee's Professionals**

21.    Fourth Interim Application of AlixPartners, LLP, Financial Advisor to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period May 1, 2013 through August 31, 2013 [Docket No. 5858]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

**Reply**:

a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

22.    Third Interim Application of Coherent Economics, LLC as Consultant to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5852]

**Response(s)**:        None.

**Status**:    This application is uncontested.  The hearing on this application will be going forward.

23.    Third Interim Application of Epiq Bankruptcy Solutions, LLC, as Information Agent for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013 through August 31, 2013 [Docket No. 5857]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

**Reply**:

a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

24.    Third Interim Application of J F. Morrow, Consultant to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013 through August 31, 2013 [Docket No. 5866]

**Response(s)**:    None.

**Status**:    This application is uncontested.  The hearing on this application will be going forward.

25.    Fourth Application of Kramer Levin Naftalis & Frankel LLP, Counsel for the Official Committee of Unsecured Creditors, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013 through August 31, 2013 [Docket No. 5867]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

**Reply**:

a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**

> **Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

26.    Fourth Interim Application of Moelis & Company LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Official Committee of Unsecured Creditors for the Period from May 1, 2013 through August 31, 2013 [Docket No. 5856]

> **Response(s)**:
>
> a.    The U.S. Trustee's Omnibus Objection
>
> **Reply**:
>
> a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**
>
> **Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

27.    Third Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel for the Official Committee of Unsecured Creditors for the Period from May 1, 2013 through August 31, 2013 [Docket No. 5814]

> **Response(s)**:
>
> a.    The U.S. Trustee's Omnibus Objection
>
> **Reply:**
>
> a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**
>
> **Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

28.    Third Interim Application of San Marino Business Partners LLC as Consultant to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 through August 31, 2013 [Docket No. 5862]

**Response(s)**:    None.

**Status**:    This application is uncontested.  The hearing on this application will be going forward.

29.    Third Interim Application of SilvermanAcampora LLP, Special Counsel to the Official Committee of Unsecured Creditors, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013 through August 31, 2013 [Docket No. 5809]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

**Reply**:

a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

30.    Second Interim Fee Application of Wilmer Cutler Pickering Hale and Door LLP, as Special Counsel for Certain Regulatory Matters to the Official Committee of Unsecured Creditors of Residential Capital, LLC, *et al.* for Interim Allowance of Compensation and for the Reimbursement of Expenses for Services Rendered During the Period from May 1, 2013 through August 31, 2013 [Docket No. 5859]

**Response(s)**:

a.    The U.S. Trustee's Omnibus Objection

**Reply**:

a.    **Omnibus Response of Certain Committee Professionals With Respect to the U.S. Trustee's Objection to the Fourth Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 6115]**

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

## Examiner's Professionals

31.    Final Application of Chadbourne & Parke LLP, Counsel to the Examiner, for Allowance of Compensation and Reimbursement of Expenses [Docket No. 5849]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Reply**:

a.        Reply in Support of Final Application of Chadbourne & Parke LLP, Counsel to the Examiner, for Allowance of Compensation and Reimbursement of Expenses [Docket No. 6088]

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

32.    Final Application of Arthur J. Gonzalez, as Chapter 11 Examiner, for Allowance of Compensation and Reimbursement of Expenses [Docket No. 5850]

**Response(s)**:

a.        The Committee's Limited Objection

**Status**:    The hearing on this application will be going forward.

33.    Final Fee Application of Leonard, Street and Deinard Professional Association for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Minnesota Counsel for the Examiner [Docket No. 5844]

**Response(s)**:

a.        The Committee's Limited Objection

**Status**:    The hearing on this application will be going forward.

34.    Fourth and Final Fee Application of Mesirow Financial Consulting, LLC for Compensation and Reimbursement of Expenses as Financial Advisor to the Examiner for the Period July 24, 2012 through October 31, 2013 [Docket No. 5848]

**Response(s)**:

a.        The U.S. Trustee's Omnibus Objection

b.        The Committee's Limited Objection

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**   The hearing on this application will be going forward.

35.    Final Fee Application of Wolf Haldenstein Adler Freeman & Herz LLP, Conflicts Counsel to the Examiner, for Allowance of Compensation and Reimbursement of

Expenses for the Period from October 15, 2012 Through and Including April 30, 2013 [Docket No. 5846]

**Response(s)**:

a.          The Committee's Limited Objection

**Status**:      The hearing on this application will be going forward.

## VII.      CONTESTED MATTERS

1.      Lilia Medrano's Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court [Docket No. 5098]

**Related Document(s)**:

a.          Notice of Lilia Medrano's Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court [Docket No. 5280]

b.          Notice of Adjournment of Hearing on Lilia Medrano's Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court to December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5762]

**Response(s)**:

a.          Debtors' Objection to (I) Motion of Lilia Medrano for Reconsideration of Entry of Order Approving the Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims) and (II) Defendant's Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court [Docket No. 5642]

**Status**:      The hearing on this matter will be going forward.

2.      Motion of Leanetha Darby for Relief from Stay [Docket No. 5784]

**Related Document(s)**:      None.

**Response(s)**:

a.          Debtors' Objection to Motion for Relief from Stay Filed on Behalf of Leanetha Darby [Docket No. 6055]

**Status**:      The hearing on this matter will be going forward.

## VIII.      CLAIMS OBJECTIONS

1.      Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Docket No. 4838]

**Related Document(s)**:

a.       Notice of Adjournment of Hearing on Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(B) of the Bankruptcy Code and Bankruptcy Rule 3007 to November 7, 2013 at 2:00 p.m. [Docket No. 5119]

b.       Notice of Adjournment of Hearing on (i) Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 and (ii) Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster and Elizabeth Foster (Claim No 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to December 11, 2013 at 10:00 a.m. [Docket No. 5643]

**Response(s)**:       None.

**Status**:       The hearing on this matter will be adjourned.  A notice of adjournment will be filed prior to the hearing.

2.       Debtors' Objection to Proof of Claim No. 3835 Filed by Becky Spence [Docket No. 5105]

**Related Document(s)**:

a.       Amended Notice of Debtors' Objection to Proof of Claim No. 3835 Filed by Becky Spence [Docket No. 5202]

b.       Notice of Adjournment of Hearing on Debtors' Objection to Proof of Claim No. 3835 Filed by Becky Spence to December 17, 2013 at 10:00 a.m. [Docket No. 5753]

**Response(s)**:

a.       Response of Becky Spence to Debtors' Objection to Proof of Claim No. 3835 Filed by Becky Spence [Docket No. 5897]

**Reply**:

a.       Debtors' Reply to Response of Becky Spence to Debtors' Objection to Proof of Claim No. 3835 Filed by Becky Spence [Docket No. 6090]

**Status**:       The hearing on this matter will be going forward.

3.         Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster and Elizabeth Foster (Claim No 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Docket No. 5163]

        **Related Document(s)**:

        **a.**         Notice of Adjournment of Hearing on (i) Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 and (ii) Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster and Elizabeth Foster (Claim No 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to December 11, 2013 at 10:00 a.m. [Docket No. 5643]

        **Response(s)**:      None.

        **Status**:      The hearing on this matter will be adjourned.  A notice of adjournment will be filed prior to the hearing.

4.         Debtors' Objection to Claim No. 5420 of Vachagan Abed-Stephen and Suzie Abed-Stephen [Docket No. 5786]

        **Related Document(s)**:

        **a.**         Notice of Adjournment of Hearing on Debtors' Objection to Claim No. 5420 of Vachagan Abed-Stephen and Susie Abed-Stephen [Docket No. 6097]

        **Response(s)**:

        **a.**         Vachagan Abed-Stephen and Susie Abed-Stephen's Opposition to Debtors' Objection to Claim No. 5420 **[Docket No. 6122]**

        **Status**:      The hearing on this matter has been adjourned to January 9, 2014.

5.         Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) [Docket No. 4119]

        **Related Document(s):**

        **a.**         Declaration of Lewis Kruger in Support of the Debtors' Tenth Omnibus Claims Objection [Docket No. 4120]

        **b.**         Notice of Adjournment of Certain Matters Scheduled for August 21, 2013 Omnibus Hearing to August 29, 2013 [Docket No. 4312]

**c.**      Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to September 11, 2013 at 10:00 a.m. [Docket No. 4726]

**d.**      Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to September 24, 2013 at 10:00 a.m. [Docket No. 4983]

**e.**      Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to November 7, 2013 at 2:00 p.m. [Docket No. 5135]

**f.**      Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to December 17, 2013 at 10:00 a.m. [Docket No. 5479]

**g.**      Notice of Presentment of Stipulation and Order Resolving the MetLife Claimants' RMBS-Related Claims [Docket No. 6044]

**h.**      Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against the Everest Companies to January 9, 2014 at 10:00 a.m.  [Docket No. 6057]

**i.**      Stipulation and Order Resolving the MetLife Claimants' RMBS-Related Claims [Docket No. 6080]

**Response(s):**

**a.**      Everest Reinsurance (Bermuda), Ltd.'s Opposition to Tenth Omnibus Objection to Claims (Facially Defective and Time-Barred Securities Claims) (Claim No. 3480) [Docket No. 4334]

**b.**      Everest Reinsurance (Bermuda), Ltd.'s Opposition to Tenth Omnibus Objection to Claims (Facially Defective and Time-Barred Securities Claims) (Claim No. 3481) [Docket No. 4337]

**Status**:      The hearing on this matter as it relates to the MetLife Companies has been resolved.  The hearing on this matter as it relates to the Everest Companies has been adjourned to January 9, 2013.

**6.**      Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) [Docket No. 4158]

**Related Document(s):**

**a.**  Notice of Adjournment of Certain Matters Scheduled for August 21, 2013 Omnibus Hearing to August 29, 2013 [Docket No. 4312]

**b.**  Notice of Adjournment of Hearing on Debtors' Twentieth and Twenty-First Omnibus Claims Objections with Respect to Certain Claimants to September 11, 2013 at 10:00 a.m. [Docket No. 4854]

**c.**  Notice of Adjournment of Hearing on Debtors' Seventeenth, Eighteen, Nineteenth, Twentieth and Twenty-First Omnibus Objections to Claims with Respect to Certain Claimants to September 11, 2013 at 10:00 a.m. (Prevailing Eastern Time [Docket No. 4872]

**d.**  Notice of Adjournment of Hearing on Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) Solely with Respect to the Claims Filed by Sheldon Williams (Claim No. 1520) and Robert and Amanda Duenner (Claim No. 1473) to September 11, 2013 at 10:00 a.m. [Docket No. 4898]

**e.**  Notice of Adjournment of Hearing on Debtors' Nineteenth, Twentieth and Twenty-First Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 5007]

**f.**  Notice of Adjournment of Hearing on Debtors' Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, and Twenty-Seventh Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 5143]

**g.**  Notice of Adjournment of Hearing on Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) Against Sonya Anthony Curry (Claim No. 5288) to November 7, 2013 at 2:00 p.m. [Docket No. 5303]

**h.**  Notice of Adjournment of Hearing on Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) Against Sonya Anthony Curry (Claim No. 5288) to December 11, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5765]

**Response(s):**

**a.**  Borrower Sonya Anthony Curry's Response to Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) [Docket No. 4668]

**Reply**:

a.      Debtors' Omnibus Reply in Support of Debtors' Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth and Twenty-Seventh Omnibus Claims Objections (Borrower Claims with Insufficient Documentation) [Docket No. 5294]

**Status**:   The hearing on this matter, solely as it relates to the claim filed by Sonya Anthony Curry, has been resolved.  No hearing is required.

7.    Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) [Docket No. 4734]

**Related Document(s)**:

a.      Notice of Adjournment of Hearing on Debtors' Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, and Twenty-Seventh Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 5143]

b.      Notice of Adjournment of Hearing on Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) Solely with Respect to the Claim Filed by the Estate of Felecia Victoria Mitchell (Claim No. 5724) to November 7, 2013 at 2:00 p.m. [Docket No. 5170]

c.      Motion of Karen Mitchell-Smith for the Estate of Felecia Victoria Mitchell for Extension of Time to File Creditor's Objection to Debtors' Twenty-Sixth Omnibus Objection to Claims and Motion for Continuance of Hearing Thereof [Docket No. 5165]

d.      Motion of Karen Mitchell-Smith for the Estate of Felecia Victoria Mitchell for Continuance of Hearing Regarding Debtors' Objections to the Estate's Proof of Claim [Docket No. 5739]

e.      Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

**Response(s)**:    None.

**Replies**:

a.      Debtors' Second Omnibus Reply in Support of Debtors' Twenty-Sixth Omnibus Claim Objection (Borrower Claims with Insufficient Documentation) [Docket No. 5731]

    **Status**:    The hearing on this matter, solely as it relates the claim filed by Karen Mitchell-Smith for the Estate of Felecia V. Mitchell, has been adjourned to January 9, 2014.

8.    Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 4887]

    **Related Document(s)**:

    a.    Notice of Adjournment of Hearing on Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) Against Gwendell L. Philpot (Claim No. 5067) to November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time) [Docket No. 5268]

    b.    Notice of Adjournment of Hearing on Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) Against Gwendell L. Philpot (Claim No. 5067) to December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5467]

    c.    Notice of Hearing on Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) Against Francine M. Modderno (Claim No. 4866) on December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 6060]

    d.    Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

    **Response(s)**:

    a.    Gwendell L. Philpot's Opposition to Objection, Expungement and Disallowance of Claim [Docket No. 5233]

    b.    M. Francine Modderno's Objection to Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5317]

    c.    M. Francine Modderno's Sur-Reply to Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5882]

    **Reply**:

    a.    Debtors' Supplemental Omnibus Reply in Support of Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5728]

b.      Debtors' Second Supplemental Omnibus Reply in Support of Debtors'
Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims -
Books and Records) [Docket No. 6089]

**Status**:   The hearing on this matter, solely as it relates to the claim filed by
Gwendell L. Philpot, has been adjourned to January 30, 2014.  The hearing
on this matter, solely as it relates to the claim filed by M. Francine
Modderno, will be going forward.

9.      Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor
Borrower Claims) [Docket No. 5138]

**Related Documents**

a.      Notice of Adjournment of Hearing on Debtors' Thirty-Sixth Omnibus
Objection to Claims (Misclassified and Wrong Debtor Borrower Claims) in
Respect of Claim No. 4927 Filed by Rhonda Deese to December 17, 2013
at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5658]

b.      **Notice of Adjournment of Hearings on Debtors' Thirty-Sixth, Fiftieth
and Fifty-First Omnibus Objections to Claims Against Certain
Claimants [Docket No. 6123]**

**Responses**:

a.      Response of Rhonda Deese to Debtors' Thirty-Sixth Omnibus Objection to
Claims (Misclassified and Wrong Debtor Borrower Claims) [Docket No.
5492]

**Reply**:

a.      Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-
Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor
Borrower Claims) [Docket No. 5730]

**Status**:   **The hearing on this matter, solely as it relates to the claim filed by
Rhonda Deese, has been adjourned to January 30, 2014.**

10.     Debtors' Forty-Second Omnibus Objection to Claims (Reduce and Allow Borrower
Claims) [Docket No. 5150]

**Related Documents**

a.      Notice of Adjournment of Hearing on Debtors' Forty-Second Omnibus
Objection to Claims (Reduce and Allow Borrower Claims) Against
Jennifer and Jason Schermerhorn (Claim Nos. 338 and 339) to December
17, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5438]

b.          Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

**Responses**:

a.          Opposition Brief of Jason and Jennifer Schermerhorn (Opposition to Debtor's Forty-Second Omnibus Objection to Claims) [Docket No. 5905]

          **(i)**      Declaration of Michael Y. MacKinnon in Support of the Opposition of Jennifer and Jason Schermerhorn [Docket No. 5909]

**Status**:      The hearing on this matter, solely as it relates to the claim filed by Jennifer and Jason Schermerhorn, has been adjourned to January 9, 2014.

11.      Debtors' Forty-Third Omnibus Objection to Claims (Insufficient Documentation) [Docket No. 5151]

**Related Document(s)**:

a.          Notice of Adjournment of Hearing on Debtors' Forty-Third Omnibus Objection to Claims (Insufficient Documentation) in Respect of CitiMortgage, Inc. (Claim No. 5360) to December 11, 2013 at 10:00 A.M. (Prevailing Eastern Time) [Docket No. 5747]

**Responses**:      None.

**Status**:      This matter, solely as it relates to the claim filed by CitiMortgage, Inc., has been settled.  No hearing is required.

12.      Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims) [Docket No. 5152]

**Related Documents**:

a.          Notice of Adjournment of Hearing on Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims) Against ISGN Solutions, Inc. (Claim No. 5688) to December 11, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5512]

b.          Notice of Adjournment of Hearing on Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C)

Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims) Against Elevenhome Limited (Claim No. 6841) and Redwood Recovery Services, LLC (Claim No. 6842) to December 11, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5644]

    **c.**    Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

**Responses**:

    **a.**    Response of Redwood Recovery Services, LLC and Elevenhome Limited to the Debtors' Forty-Fourth Omnibus Objection to Claims [Docket No. 5348]

    **b.**    ISGN Solution, Inc.'s Response to Debtors' Forty-Fourth Omnibus Objection to Claims Seeking to Reduce and Allow ISGN Solution Inc.'s Proof of Claim No. 5688 [Docket No. 5431]

**Status**:    The hearing on this matter, solely as it relates to the claim filed by ISGN Solutions, Inc., has been adjourned to January 9, 2014.  The hearing on this matter, solely as it relates to the claims filed by Elevenhome Limited and Redwood Recovery Services, LLC, has been adjourned to January 30, 2014.

**13.**    Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5161]

**Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) Solely as it Relates to Certain Claimants [Docket No. 5673]

    **b.**    Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

**Responses**:

    **a.**    Response of Randall D. Branson to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5380]

b.      Response of Virginia Mattson to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5384]

c.      Response of Ramona M. Roberts to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5386]

d.      Response of Roger J. and Karen Evans to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5435]

e.      Corrected Response of Bonnie Bonita Rose to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5449]

f.      Response of Deborah L. Wetzel to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5477]

g.      Response of William J. Futrell to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5484]

h.      Response of Irene Schmidt to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket Nos. 5505/5552]

i.      Response of James Ladd and Anne M. Ladd to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket Nos. 5529/5583]

j.      Response of Mary R. Biancavilla to Debtors' Forty-Ninth Omnibus Objection to Claims ("No Liability Borrower Claims – Books and Records") and Request for Enlargement of Time Limitations Specified by Notice of Filing of Exhibits 2 through 21 Compromising the Plan Supplement to the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors, and Declaration of Mary R. Biancavilla Pursuant to Title 28 U.S.C. Section 1746 [Docket No. 5755]

**Status**:   The hearing on this matter, solely as it relates to the claims filed by Bonnie Bonita Rose, James and Anne Ladd, William J. Futrell and Virginia Mattson has been adjourned to January 30, 2014. The hearing on this matter, solely as it relates to the claims filed by Irene Schmidt and Mary R. Biancavilla, has been adjourned to January 9, 2014. The hearing on this matter, solely as it relates to the claims filed by Deborah L. Wetzel,

Randall D. Branson and Roger J. and Karen Evans and Ramona M. Roberts will not be going forward because such claims have been settled.

14.     Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5162]

**Related Documents**:

a.      Notice of Adjournment of Hearing on Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) Solely as it Relates to Certain Claimants to December 11, 2013 at 10:00 a.m. [Docket No. 5735]

b.      Notice of Withdrawal of Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) Solely as it Relates to the Claim Filed by Allison L. Randle (Claim No. 4199) [Docket No. 6073]

c.      Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

**d.      Notice of Adjournment of Hearings on Debtors' Thirty-Sixth, Fiftieth and Fifty-First Omnibus Objections to Claims Against Certain Claimants [Docket No. 6123]**

**Responses**:

a.      Response of Stewart Title Guaranty Company to Debtors' Fiftieth Omnibus Objection to Claims with Respect to Claim No. 1400 [Docket No. 5433]

b.      Response of Claimant Allison L. Randle to the Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5468]

c.      Response of Guerrino Degli Esposti to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5486]

d.      Response of Gerald Gandrup to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5541]

e.      Response of Philip G. Wright to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5504]

**Status**:    The Debtors have withdrawn their objection to the claim filed Allison L. Randle.  The hearing on this matter, solely as it relates to the claims filed by Stewart Title Guaranty Company and Gerald Gandrup, has been adjourned to January 30, 2014.  The hearing on this matter, solely as it relates to the claims filed by Guerrino Degli Esposti **and Philip G. Wright**, has been adjourned to January 9, 2014.

15.    Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) [Docket No. 5646]

**Related Document(s)**:

a.    **Notice of Adjournment of Hearings on Debtors' Thirty-Sixth, Fiftieth and Fifty-First Omnibus Objections to Claims Against Certain Claimants [Docket No. 6123]**

b.    **Notice of Withdrawal of Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) Solely as it Relates to the Claim Filed by Teddy Halstead (Claim No. 2009) [Docket No. 6125]**

**Response(s)**:

a.    Sepideh Cirino's Opposition to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 6045]

b.    Jeffrey M. Davis' Memorandum in Response to Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) [Docket No. 6042]

c.    Jeffrey M. Davis' Memorandum in Response to Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) **[Docket No. 6119]**

d.    Marlow and Monique Hooper's Opposition to Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) [Docket No. 6046]

e.    Response of Jamie L. and Gary D. Gindele to Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) [Docket No. 6069]

**Reply**:

a.    Debtors' Omnibus Reply In Support of Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims - Res Judicata and Wrong Debtor) [Docket No. 6091]

**Status**:    The hearing on this matter, solely as it relates to the claim filed by Jamie L. and Gary D. Gindle, has been adjourned to January 30, 2014. The objection to the claim filed by Teddy Halstead has been withdrawn. The hearing on this matter as it relates to all other claimants will be going forward.

## IX.    ADVERSARY PROCEEDING MATTERS

### *Pruitt v. Residential Capital, LLC*, Adv. Proc. No. 13-01350

1.    Debtor Defendants' Motion to Dismiss Plaintiff's Adversary Complaint [Docket No. 26]

   **Related Document(s)**:    None.

   **Response(s)**:

   a.    Answer of Alfredia Pruitt to Defendant's Motion To Dismiss [Docket No. 28]

   b.    Answer of Alfredia Pruitt to Defendant's Motion To Dismiss [Docket No. 33]

   **Reply**:

   a.    Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Adversary Complaint [Docket No. 30]

   **Status**:    The hearing on this matter will be going forward.

### *Jenkins v. Residential Funding Co., LLC*, Adv. Proc. No. 12-01935

1.    Notice of Motion of Defendants Wells Fargo Bank, N.A. and U.S. Bank, N.A., as Trustee for RASC 2006-EMX4 to Dismiss the Adversary Complaint [Docket No. 43] and Memorandum of Law In Support of Defendants Wells Fargo N.A. and U.S. Bank, National Association, as Trustee's Motion to Dismiss Plaintiffs' Complaint [Docket No. 44]

   **Joinder**:

   a.    Residential Funding Company's Joinder to Motion of Wells Fargo Bank, N.A. and U.S. Bank, National Association, as Trustee's Motion to Dismiss Plaintiff's Complaint [Docket No. 46]

   **Response(s)**:    None.

**Status**:    The hearing on this matter will be going forward.


Dated:  December 16, 2013                    /s/ Norman S. Rosenbaum
        New York, New York                   Gary S. Lee
                                             Lorenzo Marinuzzi
                                             Norman S. Rosenbaum
                                             MORRISON & FOERSTER LLP
                                             1290 Avenue of the Americas
                                             New York, New York 10104
                                             Telephone: (212) 468-8000
                                             Facsimile: (212) 468-7900

                                             *Counsel for the Debtors and
                                             Debtors in Possession*