# **EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-5016 JAK (AGRx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | Carolyn Hairston, et al. v. Ally Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Sasan Behnood | Rebecca Saelao |

**Proceedings:**   **MOTION TO DISMISS FILED BY ALLY BANK, ALLY FINANCIAL INC., AND GMAC MORTGAGE GROUP LLC (Dkt. 9)**

The motion hearing is held with respect to Defendants' Motion to Dismiss each of the eight causes of action set forth in the Complaint. The Court states its detailed, tentative views on the record. The Court is inclined to grant the motion to dismiss, without prejudice, as to each of the following causes of action: (i) Fraudulent Concealment (First); (ii) Intentional Misrepresentation (Second); (iii) Negligent Misrepresentation (Third); (iv) Cal. Bus. & Prof. Code § 17200 (Fourth); (v) Wrongful Foreclosure (Fifth); and (vi) Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") (Sixth). The Court is inclined to grant the motion to dismiss, with prejudice, as to the following claims: (i) Violation of Appraisal Independence in violation of Dodd-Frank, 12 U.S.C. § 1640 et seq. (Seventh); and (ii) Violation of Appraiser Independence in violation of 12 C.F.R. § 225.65 and 12 C.F.R. § 323.5 (Eighth).

The Court's general view is that the complaint suffers from an overall lack of clarity and specificity. Thus, despite its great length, it fails to present a clear and meaningful statement of each claim by each Plaintiff against each Defendant. It, therefore, fails to meet the standards of Rule 8. In any amended complaint, Plaintiffs must correct this overarching problem by properly addressing, with sufficient particularity and clarity, the claims that each individual Plaintiff is advancing against each individual Defendant.

Turning to the challenge to each of the eight causes of action, the first cause of action should be dismissed with leave to amend. A cause of action for fraudulent concealment must contain five elements: "(1) the defendant must have concealed or suppressed a material fact, (2) *the defendant must have been under a duty to disclose the fact to the plaintiff,* (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Levine v. Blue Shield of California*, 189 Cal. App. 4th 1117, 1126-27 (2010) (internal quotations omitted, italics in original).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-5016 JAK (AGRx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | Carolyn Hairston, et al. v. Ally Bank, N.A., et al. | | |

of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); s*ee also Resolution Trust Corp. v. BVS Dev, Inc.*, 42 F.3d 1206, 1214 (9th Clr.1994) ("Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists.")

A fraudulent concealment claim is subject to Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) has three goals: "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiffs[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (brackets in original). Claims based on fraud must include "the who, what, when, where, and how" of the alleged misconduct, and the claims must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1124 (internal quotations omitted). Rule 9(b) "does not allow a complaint to merely lump defendants together"; the plaintiff must "inform each defendant separately of the allegations surrounding his alleged participating in the fraud," identifying the role of each defendant in the scheme. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

The first cause of action contains only very general allegations about Defendants, *i.e.,* that all Defendants concealed material facts about their business practices in an attempt to defraud all Plaintiffs, to damage the housing market, and to make profits. As pleaded, the cause of action suffers from two major deficiencies.

First, the complaint fails to allege the nature or basis for any duty each Defendant had to each Plaintiff from which a disclosure obligation would arise. A claim for fraudulent concealment requires that "the defendant must have been under a duty to disclose the fact to the plaintiff," *Levine*, 189 Cal. App. 4th at 1126. But under *Nyman*, a financial institution owes no duty of care to a borrower when it is acting in its traditional role. Here, it is unclear from the allegations in the complaint how Defendants exceeded the scope of their traditional roles as money lenders in their relationships with Plaintiffs.

Second, the complaint fails to meet the requirements of Rule 9(b). Plaintiffs lump defendants together and fail to describe their individual roles in the alleged fraudulent scheme. The "who, what, when, where, why, and how" of the allegedly fraudulent conduct are vague at best; there are no specifics about which Defendants allegedly took actions that may have affected which Plaintiffs. And, although most of the allegations refer to events that took place between 2003 and 2008, there is no specificity as to when during that five-year period any specific conduct occurred or where it allegedly occurred. The allegations are, in short, vague and general rather than particular, as required by Rule 9.

The second cause of action for intentional misrepresentation, should be dismissed with leave to amend for similar reasons. Intentional misrepresentation has five elements: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Anderson v. Deloitte &*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-5016 JAK (AGRx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | Carolyn Hairston, et al. v. Ally Bank, N.A., et al. | | |

*Touche LLP*, 56 Cal. App. 4th 1468, 1474 (1997). Intentional misrepresentation is a claim for fraud; it is, therefore, subject to aforementioned heightened pleading requirements set forth in Fed. R. Civ. P. 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (a claim "'grounded in fraud' . . . must satisfy the particularity requirement of Rule 9(b).").

The second cause of action suffers from the same particularity defects described above with respect to the first cause of action. Thus, once again, the allegations of the complaint lump Defendants together, and fail to specify the relationships between any individual Defendants and each of the Plaintiffs or the dates and places where the alleged events took place. Again, as pleaded, this claim is presented as a long, generalized theory, rather than a specific statement of alleged wrongdoing that provides to each Defendant notice of its particular, alleged misconduct.

The third cause of action, for negligent misrepresentation, should be dismissed with leave to amend for the same reasons. Negligent misrepresentation has five elements: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (internal quotations omitted). A negligent misrepresentation claim must meet the requirements of Rule 9(b). *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1149 (N.D. Cal. 2010).

The fourth cause of action, for unfair competition under Cal. Bus. & Prof. Code § 17200, should be dismissed without prejudice. To state a claim for unfair competition, a plaintiff must allege that a defendant engaged in an "unlawful, unfair or fraudulent business act or practice" or in "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Fraud is not a necessary element of an unfair competition claim, but a "plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim." *Kearns*, 567 F.3d at 1125. In such a case, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* As a claim dependent on the conduct described in the first three causes of action, the fourth cause of action suffers from the same particularity defects.

The fifth cause of action, for wrongful foreclosure under Cal. Civ. Code § 2924, should be dismissed without prejudice. In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011), a California Court of Appeal rejected a plaintiff's contention that § 2924 "allows for an action to test whether the person initiating the foreclosure has the authority to do so," after the plaintiff challenged the authority of MERS to initiate a foreclosure. The court stated that the "recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process" under § 2924. *Id.* However, the court differentiated *Gomes* from other cases where "the plaintiff's complaint identified a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party." *Id.* at 1156 (noting that "Gomes has not asserted *any* factual basis to suspect that MERS lacks authority" and that he "simply seeks the right to bring a lawsuit to find out *whether* MERS has such authority"). Similarly, other courts have found that *Gomes* allows for some judicial challenges to foreclosure under § 2924. *See, e.g.*,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-5016 JAK (AGRx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | Carolyn Hairston, et al. v. Ally Bank, N.A., et al. | | |

*Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1051 (C.D. Cal. 2012) ("This case is a challenge to the principal's authority to foreclose rather than to whether an agent had the authorization of its principal to initiate foreclosure."); *Sacchi v. Mortg. Elec. Registration Sys., Inc.*, No. CV 11-1658 AHM (CWx), 2011 WL 2533029, *8 (C.D. Cal. 2011) (noting that *Gomes* "suggested that a cause of action for wrongful foreclosure might survive if 'the plaintiff's complaint identified a *specific factual basis*'" and that "[h]ere, Plaintiffs have alleged just such a specific factual basis"). Plaintiffs' assertions under the fifth cause of action fall far short of a "specific factual basis." The allegation in the complaint that "Defendants are not the holders of the notes and deeds of trust and are not operating under a valid power" is not sufficient, under *Gomes*, to state a claim pursuant to § 2924. Furthermore, to the extent that Plaintiffs seek to rely simply on the theory that MERS was not properly authorized to proceed with foreclosures, Plaintiffs' cause of action fails under *Gomes*.

The sixth cause of action, for violations of the TILA, 15 U.S.C. § 1601 et seq., should be dismissed without prejudice. Fed. R. Civ. P. 8(a)(2), requires that, to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading is required to have "enough facts to state a claim to relief that is plausible on its face," and it is not enough to just leave "open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561, 570 (2007) (brackets in original). The sixth claim fails to meet these requirements. Plaintiffs' assertions are no more than a laundry list of supposed violations, rather than a statement of facts that supports a plausible basis to assert a claim for the violation of the TILA. Plaintiffs must provide more specific facts that state a claim for relief that is plausible on its face.

The seventh cause of action, for violations of appraisal independence under 15 U.S.C. § 1639e, should be dismissed with prejudice. Under 15 U.S.C. § 1639e, it is "unlawful, in extending credit or in providing any services for a consumer credit transaction secured by the principal dwelling of the consumer, to engage in any act or practice that violates appraisal independence." The statute was passed in July 2010, as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act. But, the wrongdoing that is alleged in the complaint occurred prior to the enactment of this legislation. Plaintiffs' argument that this provision in the statute has a retroactive effect is unpersuasive. There is no statement to that effect in the statute itself. And, there is a "traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 278 (1994). When Congress has not expressly called for the retroactive application of a statute, "the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Id.* at 280. Plaintiffs point to a recent district court decision that found that a whistleblower provision of Dodd-Frank was to have retroactive effect. But, the provision had nothing to do with 15 U.S.C. § 1639e and involved "an amendment under Dodd-Frank operat[ing] retroactively because it is a clarification of the original statute." *Leshinsky v. Telvent GIT, S.A.*, No. 10 Civ. 4511(JPO), 2012 WL 2686111, *18 (S.D.N.Y. July 9, 2012). There is no similar

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-5016 JAK (AGRx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | Carolyn Hairston, et al. v. Ally Bank, N.A., et al. | | |

reason to find that Congress intended to have 15 U.S.C. § 1639e apply retroactively.

The eighth cause of action, for violations of appraiser independence under 12 C.F.R. § 225.65 and 12 C.F.R. § 323.5, should be dismissed with prejudice. The regulations, 12 C.F.R. § 225.65 and 12 C.F.R. § 323.5, were adopted by the Federal Reserve System and the Federal Deposit Insurance Corporation, respectively. Each provides that "[i]f an appraisal is prepared by a staff appraiser, that appraiser must be independent of the lending, investment, and collection functions and not involved, except as an appraiser, in the federally related transaction, and have no direct or indirect interest, financial or otherwise, in the property." In determining whether a private right of action arises from either of these regulations, the statute that gave rise to the regulation must be examined. Thus, the "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001); *see also N. Cnty. Commc'ns Corp. v. California Catalog & Tech.*, 594 F.3d 1149, 1155 (9th Cir. 2010) (explaining that "it is not enough for North County to broadly proclaim that it is entitled to a compensation under the Federal Communications Act. Instead, North County 'must demonstrate that a federal statute vests [North County] with such a right'" (brackets in original)). There is nothing presented here that shows any Congressional intent through 12 U.S.C. § 1818 or 12 U.S.C. § 1819 -- which are the basis for the regulations on which Plaintiffs rely -- to create such a private right of action. Standing alone, the regulations cannot do so.

The Court adheres to its tentative views. The Court GRANTS the motion to dismiss with regard to the first, second, third, fourth, fifth, and sixth causes of action, without prejudice, *i.e.,* with leave to amend. The Court GRANTS the motion to dismiss with regard to the seventh and eighth causes of action, with prejudice.

The Court confers with counsel regarding the parties' September 19, 2012 Joint Report and sets the following deadlines:

| | |
|---|---|
| October 31, 2012: | Last day to amend or add parties |
| December 14, 2013: | Joint Report re Settlement Procedure |
| January 7, 2013 at 1:30 p.m.: | Status Conference re Settlement |
| July 2, 2013: | Non-Expert Discovery Cut-Off |
| July 9, 2013: | Initial Expert Disclosures |
| July 23, 2013: | Rebuttal Expert Disclosures |
| August 6, 2013: | Expert Discovery Cut-Off |
| August 6, 2013: | Last day to hear motions |
| September 23, 2013 at 3:00 p.m.: | Final Pretrial Conference / Motions in Limine |

12-12020-mg    Doc 6180-5    Filed 12/16/13    Entered 12/16/13 20:53:24    Exhibit 3
Case 2:12-cv-05016-JAK-AGR    Document 17    Filed 09/24/12    Page 6 of 6    Page ID #:342
Pg 7 of 7

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-5016 JAK (AGRx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | Carolyn Hairston, et al. v. Ally Bank, N.A., et al. | | |

October 4, 2013 at 3:00 p.m.:     Status Conference re Exhibits

October 8, 2013 at 9:00 a.m.:     Jury Trial (est. 18 days)

Counsel shall meet and confer regarding a possible settlement method and include in the December 14, 2012 Joint Report a description of their respective views as to the type of alternative dispute resolution that may be effective in this matter, the name of any neutral agreed upon by the parties and the proposed date by which the process can be completed.

Counsel for all parties are reminded of their respective obligations to comply with this Court's standing orders with respect to documents to be prepared for, and filed in connection with, the Final Pretrial Conference.

**IT IS SO ORDERED.**

                                                                  :   32

                                         Initials of Preparer    ak