# **EXHIBIT 8**

ny-1107957

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   - - - - - - - - - - - - - - - - - - - -x
 5   In the Matters of:
 6   RESIDENTIAL CAPITAL, LLC, et al.,
 7              Debtors.                        Case No. 12-12020-mg
 8   - - - - - - - - - - - - - - - - - - - -x
 9   RESIDENTIAL CAPITAL, LLC, et al.,
10                 Plaintiffs,
11            - against -                       Case No. 13-01343-mg
12   UMB BANK, N.A. IN ITS CAPACITY AS
13   INDENTURE TRUST,
14                 Defendant.
15   - - - - - - - - - - - - - - - - - - - -x
16   OFFICIAL COMMITTEE OF UNSECURED
17   CREDITORS, et al.,
18                 Plaintiffs,
19            - against -                       Case No. 12-01277-mg
20   UMB BANK, N.A., et al.
21                 Defendants.
22   - - - - - - - - - - - - - - - - - - - -x
23
24
25
```

RESIDENTIAL CAPITAL, LLC, ET AL.

1       MR. ROSENBAUM: We'll do so.

2       Your Honor, the next matter on the calendar is --

3  sorry, Your Honor. This is the debtors' objection to the proof

4  of claim filed by the -- in the California litigation.

5       THE COURT: Yes.

6       MR. ROSENBAUM: I'm going to cede the podium to my

7  colleague, Daniel Harris.

8       THE COURT: Mr. Harris.

9       MR. HARRIS: Good morning.

10      THE COURT: I usually disclose at times like this,

11 that Mr. Harris is one of my former law clerks, and I'm happy

12 to have him here appearing before me.

13      Go ahead, Mr. Harris.

14      MR. HARRIS: Good morning, Your Honor. Daniel Harris

15 from Morrison & Foerster, on behalf of the debtors. With me is

16 Regina McClendon from Locke Lord, as special litigation counsel

17 to the debtors in this matter.

18      MR. TORCHIA: And Vito Torchia on behalf of the -- on

19 behalf of the Hairston debtors (sic).

20      THE COURT: All right. Go ahead Mr. --

21      MR. TORCHIA: Creditors, excuse me.

22      THE COURT: Go ahead, Mr. Harris.

23      MR. HARRIS: Ms. McClendon is most familiar with the

24 underlying litigation, and can answer any questions Your Honor

25 has regarding the underlying allegations made and what I'll

1   refer to as the California litigation claims.

2          Your Honor, I corresponded with chambers on Monday and

3   respectfully requested that this be converted into a status

4   conference in light of recent actions taken by opposing counsel

5   in responding to the debtors' objection.  I understand that

6   opposing counsel has objected to calling this a status

7   conference, and instead it will be going forward as a hearing.

8          THE COURT:  I'm having a hearing.  That's what I'm

9   having.  And you can call it what you want.  It's a hearing.

10         MR. HARRIS:  And in that event, we're prepared to go

11  forward to address our objection to the 549 proofs of claim

12  filed by counsel, alleging over 713 million dollars in claims

13  against the debtors.

14         THE COURT:  Well, let me ask you this, Mr. Harris.

15  You filed the claim objection and the claimants filed amended

16  claims.  That much is right?

17         MR. HARRIS:  That's correct.

18         THE COURT:  And you've not filed a new objection to

19  the claims?

20         MR. HARRIS:  We have not.  Not yet, Your Honor.  They

21  are -- there are sixty claims, and we'll need -- they attached

22  a 250-page complaint.  It'll take some time to go through that.

23         THE COURT:  Yes, I went to look at it today yesterday,

24  and I saw it was over 250 pages, and I found that daunting,

25  since I don't really have an objection to the new claim.  But

1    it raised -- it seemed to me to raise a number of issues.

2    There are -- let me find my notes on this.

3               Let me ask -- before I do that, let me ask a couple of

4    questions.  There was prior litigation in another court before

5    the bankruptcy was filed.  What court was that in?

6               MR. HARRIS:  It was in the central -- federal court in

7    the Central District of California.

8               THE COURT:  Okay.  And am I correct that on September

9    24th, 2012, the court granted the motion to dismiss the

10   complaint without prejudice as to the first six causes of

11   action, and with prejudice as to the seventh and eighth causes

12   of action?

13              MR. HARRIS:  That's correct, Your Honor.

14              THE COURT:  Okay.  And the plaintiffs then filed an

15   amended complaint?

16              MR. HARRIS:  That's right.  And it is that amended

17   complaint which serves as the basis for the initial claims that

18   were filed prior to the bar date.

19              THE COURT:  And then the nondebtor defendants filed a

20   motion to dismiss the amended complaint, and before that was

21   heard, the plaintiffs withdrew the complaint?

22              MR. HARRIS:  That's -- they voluntarily withdrew the

23   complaint in California.  That's correct, Your Honor.

24              THE COURT:  Okay.  And in the amended claims that they

25   have filed here, they've asserted new causes of action that

1    were not asserted in the original claims?

2            MR. HARRIS:  Yeah.  Your Honor, based on our review of

3    the supposed amended claims or the amended complaint attached

4    to the claims, they raise at least one new cause of action that

5    wasn't raised in the first complaint and at last on its face

6    raise several additional -- up to eighteen additional counts in

7    the complaints.

8            THE COURT:  Okay.

9            MR. TORCHIA:  Your Honor, this is actually a --

10           THE COURT:  No --

11           MR. TORCHIA:  -- here.  We raised --

12           THE COURT:  Could you wait until I call on you?  Can

13   you please be quiet until I call on you?  I permit people to

14   appear by phone, but I'll -- when it comes time for you to

15   speak, I'll give you an opportunity to do that.

16           MR. TORCHIA:  I apologize.

17           THE COURT:  All right.  So, Mr. Harris, one of the

18   things that's sort of vexing me is that -- and particularly

19   because you haven't filed a new objection to the amended

20   claims, is whether -- because of the additional claims that are

21   added, whether they're timely filed.  And as I understand the

22   rule, courts generally follow the rule that amending a timely

23   filed claim is permitted only where the original claim states

24   "as an explicit demand showing the nature and amount of the

25   claim against the estate and evidences an intent to hold the

1   debtor liable."  That's from 4 Collier paragraph 501.02(4).

2               And the First Circuit, in Hemingway Transportation,

3   954 F.2d 1 (1st Cir. 1992) sets forth the standard for when to

4   permit a creditor to amend a proof of claim.  And I don't know

5   whether you're going to contest the amended claim as asserting

6   claims that they're not -- that are not timely and they're not

7   permitted to assert.  Neither party has, at this stage, briefed

8   the issue whether the claimants' amended proofs of claim are

9   proper.  And to the extent that the Court ultimately determines

10  they are, it would be true that your objection to the original

11  claim would be mooted, if the new claims they assert are

12  properly asserted now.

13              So I'll hear from other counsel.  But my initial

14  reaction is okay, they -- you filed your objection; they filed

15  amended claims.  I'm going to give the debtors an opportunity

16  to file objections to the amended claims, including if you're

17  going to contest that they're not timely, that they can't

18  assert the additional claims that they purport to assert, you

19  can raise that.

20              I'm not sure why the claimants objected to this going

21  forward as a status conference.  They argue that your objection

22  is moot.  It may or may not be.  I don't know.  But the debtors

23  need to have an opportunity to assess the extremely lengthy

24  amended claims that have been filed.  What's your response to

25  that, Mr. Harris?

24

RESIDENTIAL CAPITAL, LLC, ET AL.

1           MR. HARRIS:  Your Honor, we're certainly prepared to

2  brief the issue of whether or not the claims are timely filed

3  post bar date amendments, or whether or not they assert new

4  claims.  Just our review -- our initial review of the claims

5  suggests that we'll be able to meet the standards announced by

6  the Second Circuit in Enron and by Your Honor in Barquet Group,

7  about amending proofs of claim.

8           We haven't briefed that issue mostly because of the

9  process here.

10          THE COURT:  Sure.

11          MR. HARRIS:  The claims were filed on the same date

12  that the objection was due.  We had a couple-of-day lag until

13  we were able to get the claims.  And then eleven days after the

14  objection deadline, a response arguing that the amendments make

15  our objection moot was filed.  I looked at -- I've studied

16  their objection; I've looked at the cases.  I think their

17  suggestion that the claims are somehow mooted -- or our

18  objection is mooted by the filing of the amended claims is

19  dubious at best.  I don't think the cases that were cited stand

20  for that proposition.  We're certainly prepared to brief the

21  issue on the amended claims.

22          THE COURT:  What I'm not -- let me just interrupt you

23  for this purpose.  What I'm not going to permit is for you to

24  file another objection, and then as soon as it's filed, they

25  file another amended claim.  We're not going to do this over

1    and over again.  So let me hear from the claimants' counsel,

2    and then I'll give you a chance to respond, Mr. Harris.  Okay?

3                MR. HARRIS:  Thank you, Your Honor.

4                THE COURT:  Thank you.  Counsel, now it's your turn to

5    go ahead.

6                MR. TORCHIA:  Thank you, Your Honor.

7                THE COURT:  Tell me your name again?

8                MR. TORCHIA:  Our amended complaint --

9                THE COURT:  Tell me your name again?

10               MR. TORCHIA:  -- the nature of the complaint is

11   exactly the same.  It was just reorganized.  Claimants -- it's

12   the same operative, we feel, facts.  And has -- it states the

13   existence, nature, and amount of claims, they're not -- it does

14   not differ.  There's nothing different.  The conditions are the

15   same, and the nature of the claims are the same.

16               They've just been reorganized for the Court and for

17   opposing counsel for clarity.  So -- which they first called

18   for in their objections.  So that's what -- that was the nature

19   of the amended complaint.  So we're allowed to amend the

20   complaint.

21               THE COURT:  Are you finished amending?

22               MR. TORCHIA:  Yes.

23               THE COURT:  All right.  Mr. Harris --

24               MR. TORCHIA:  And -- excuse me, Your Honor.  I'm

25   sorry.  But Your Honor, and our amendments were aimed to

1    address opposing counsel's objections.

2            THE COURT:  Yeah, but one thing I want to make

3    clear --

4            MR. TORCHIA:  More specificity.  We added more

5    specificity.

6            THE COURT:  What I want to make clear is, because for

7    example, you had fraud claims and you didn't allege fraud with

8    particularity -- that was among the objections, probably well

9    taken to the original claim.  But the point I want to make and

10   I'll have an order entered to this effect, we're not going to

11   do this over and over again.

12           If you're prepared to stand on the amended claims you

13   filed, that's fine.  The debtor will go forward, and if it

14   chooses, file objections to the claims.  You can respond, and

15   we'll go forward with a hearing.  But with a 250-page -- pages

16   of claims, I'm not going to have this done over and over,

17   because the expense to the estate of having to go forward each

18   time and address newly amended claims.

19           I'm not saying it was improper for you to amend the

20   claims.  I'm not saying that at all.  But I just -- what I want

21   to be clear is, I'm asking you, are you prepared to stand on

22   the claims as amended?

23           MR. TORCHIA:  Yes.

24           THE COURT:  Okay.

25           MR. TORCHIA:  To the extent that the opposing counsel

1    doesn't object and/or we're allowed to respond to any

2    objections that they have due to lack of specificity.

3              THE COURT:  No, we'll go forward.  I mean, I'm

4    assuming the debtor's going to go forward and file an objection

5    to the amended claims.  And you'll have an opportunity to

6    respond to that, and they'll have an opportunity to reply, and

7    a hearing will be set, and the Court will render a decision.

8              MR. TORCHIA:  Well, I would respectfully --

9              THE COURT:  But you're going to have to be here for

10   the next hearing.  We're not going to do this with you on the

11   telephone.  So here's what I --

12             MR. TORCHIA:  Understandable.

13             THE COURT:  -- I'm asking you to do.  Stop.

14             MR. TORCHIA:  But --

15             THE COURT:  Stop.

16             MR. TORCHIA:  -- to --

17             THE COURT:  Stop.  Here's what I'm directing.  Mr.

18   Harris, confer with counsel -- opposing counsel, and try and

19   work out a schedule for the filing of objections to the amended

20   claim, his response, your reply.  And we'll get it set for one

21   of the omnibus -- see if you can agree on an omnibus hearing

22   date when they'll be heard.

23             As you know, I like to have the reply brief at least a

24   week before the hearing.  And put that schedule in a

25   stipulation and submit it to chambers.  If you can't agree,

                    RESIDENTIAL CAPITAL, LLC, ET AL.                    28

 1   we'll arrange a telephone conference with opposing counsel, and

 2   I'll set the schedule.  But you ought to be able to agree on

 3   it, okay?

 4              MR. HARRIS:  Sure. Just one point --

 5              THE COURT:  Go ahead.

 6              MR. HARRIS:  -- Your Honor.  We have deadlines in our

 7   solicitation procedures to get objections on file for voting

 8   purposes.

 9              THE COURT:  Okay.

10              MR. HARRIS:  So I anticipate that we'll want to get

11   our objection to this claim on file before September 20th,

12   which is in our solicitation procedures, and we'll go from

13   there.

14              THE COURT:  Okay.  Well, that's -- the sooner you -- I

15   have no problem.  Earlier filing your objection is better from

16   my standpoint.  But you need to work out -- I want a

17   stipulation that -- because it's so voluminous, that I want a

18   stipulation that sets the schedule for your deadline for your

19   objection, their response, your reply and a hearing date.

20   Okay?

21              MR. HARRIS:  Will do, Your Honor.

22              THE COURT:  All right.  Counsel, do you understand?

23   You'll talk with Mr. Harris, work this out?

24              MR. TORCHIA:  Will do.  Will do.

25              THE COURT:  Okay.  Thank you.