# **EXHIBIT 4**

# **Throm Settlement Agreement**

## SETTLEMENT AND RELEASE AGREEMENT

A. **Parties**

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between GMAC Mortgage, LLC ("GMACM") and Dennis Throm ("Throm") for the purpose of resolving by compromise and settlement all claims, controversies and alleged liabilities arising out of a dispute as set forth below. GMACM and Throm are herein referred to individually as a "Party" and collectively as the "Parties."

B. **Recitals**

This Agreement is entered into with reference to the following facts.

1. On or about November 3, 1997, Vernon and Agnes Throm executed a note (the "Throm Note") in favor of Manning Financial Group, secured by a mortgage (the "Throm Mortgage") encumbering the real property commonly known as 138 Kildare Drive, Sebastian, Florida a/k/a Lot 14, Block 559, Sebastian Highlands, Unit 16 (the "Throm Property"). (The Throm Note, Throm Mortgage and associated origination documents are collectively referred to as the "1997 Throm Loan Documents," setting forth the terms of the "1997 Throm Loan."). The 1997 Throm Loan Documents and the 1997 Throm Loan were subsequently assigned to GMACM. On or about August 25, 2010, Throm and his wife executed an Assumption of Liability Agreement with respect to the 1997 Throm Loan Documents and 1997 Throm Loan (the "Assumption Agreement") and a Non-HAMP Loan Modification Agreement with respect to the 1997 Throm Loan Documents and 1997 Throm Loan (the "Modification Agreement"). (The 1997 Throm Loan Documents, the Assumption Agreement, and the Modification Agreement are collectively referred to as the "Throm Loan Documents," setting forth the terms of the "Throm Loan.").

2. On October 31, 2011, Throm, individually and purportedly on behalf of all others similarly situated, commenced a lawsuit styled as *Throm v. GMAC Mortgage, LLC*, Case No. 2:11-cv-06813 in the United States District Court for the Eastern District of Pennsylvania (the "Lawsuit"). A class has not been certified in the Lawsuit.

3. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including GMACM, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). The Debtors' Chapter 11 cases are being jointly administered.

4. On November 15, 2012, Throm filed a putative class action proof of claim in the amount of $35,000,000 in GMACM's Chapter 11 case (the "Claim"). The Claim alleges that GMACM holds the Throm Loan and has improperly purchased, and charged his for, flood insurance on the property, which is set forth in greater detail in the lawsuit annexed to the Claim. Throm did not file a motion to certify the Claim pursuant to Bankruptcy Rule 7023.

ny-1110717

5.   GMACM denies liability for both the Lawsuit and the Claim.

6.   The Debtors are seeking approval from the Bankruptcy Court of a Joint Chapter 11 Plan (the "Plan"), and once the Plan is confirmed by the Bankruptcy Court, will then seek to implement the terms of the Plan and have the Plan go effective (the "Effective Date").

7.   Throm has concluded that a settlement as stated herein will be fair, just, equitable, reasonable, adequate after taking into account the contested issues involved, the expense and time necessary to prosecute the Lawsuit and the Proof of Claim against GMACM through trial and/or an appeal, the uncertainties of complex litigation, the benefits to be received pursuant to this Settlement, the collectability from GMACM to satisfy a judgment, and the complexities and issues raised by and in the Bankruptcy Cases.

C.   **Agreements, Releases and Promises**

THEREFORE, in consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the sufficiency and receipt of which is acknowledged by each Party hereto, and intending to be legally bound, the Parties promise and agree as follows:

1. Payment of Settlement Funds.   GMACM agrees to make a cash payment to Throm of $30,000.00 and an additional cash payment to Throm's counsel, Berger & Montague, P.C., of $95,000.00 for a total cash payment of $125,000.00 (the "Settlement Amount"). Upon execution of this Agreement, the Settlement Amount shall be remitted by GMACM to Morrison & Foerster LLP, as escrow agent, to be held for further disbursement by Morrison & Foerster LLP to Throm's counsel within five business days after the occurrence of the Effective Date of the Plan provided that GMACM has received a W-9 from Throm.

2. Dismissal of Lawsuit.   Throm agrees to dismiss the Lawsuit with prejudice and without costs. The Parties shall execute the Stipulation For Dismissal with Prejudice ("Stipulation") (attached as Exhibit A to this Agreement) as part of this Agreement which Stipulation shall be held in escrow by GMACM pending the effectiveness of this Agreement. Upon the occurrence of the Effective Date of the Plan and disbursement of the Settlement Amount to Throm's counsel, GMACM shall be authorized to file the Stipulation without further notice to Throm upon payment of the Settlement Amount.

3. Treatment of Proof of Claim.   Pursuant to Federal Rule of Bankruptcy Procedure 3018(a), upon execution of this Agreement, the Claim is temporarily allowed in the amount of $1.00 against GMACM for purposes of voting on the Plan and determining the Borrower Trust True-Up (as defined in the Plan). Throm agrees that, so long as his vote has been solicited in a manner sufficient to comply with the requirements of section 1125 and 1126 of the Bankruptcy Code, including his receipt of the Disclosure Statement, he agrees to (a) vote (to the extent entitled to vote) to accept the Plan by delivering their duly executed and completed ballots accepting the Plan on a timely basis; and (b) not change or withdraw (or cause to be changed or withdrawn) such vote in favor of the Plan and the release and exculpation provisions contained therein. In

addition, Throm agrees that upon the effectiveness of this Agreement (as set forth in Section 6 herein), the Debtors may take any and all necessary steps to expunge the Claim from the claims register without further notice to Throm.

4. Release. Throm, for and on behalf of himself and his children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through them (collectively, the "Releasors"), hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue GMACM and all entities related to GMACM, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, owners, partners, joint venturers, principals, agents, contractors, trustees, creditors, attorneys, representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, and assigns, or anyone acting or purporting to act for them or on their behalf (collectively, the "Releasees"), from the Claim, any and all other claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known up until the Effective Date, arising at law or in equity, by right of action or otherwise, relating to GMACM's flood insurance requirements, policies and practices whether or not they could have been asserted in the Lawsuit or the Claim, which Throm has or may have against the Releasees up until the Effective Date, including without limitation, express or implied: (a) any and all claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et. seq. or its implementing regulations; (b) any and all claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et. seq., or its implementing regulations; (c) any and all claims for unfair and/or deceptive trade practices; (d) any and all claims for consumer fraud or for fraudulent and/or predatory lending practices; (e) any and all claims for attorneys' fees and costs of any kind or nature, by statute or otherwise; and (f) any and all claims that were or that could have been asserted in the Lawsuit. It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees relating to GMACM's flood insurance requirements, policies and practices up until and including the Effective Date.

Throm acknowledges that he is aware that he may hereafter discover facts in addition to, or different from, those facts which he now knows or believes to be true with respect to the subject matter of the settlement, but that he releases fully, finally and forever all Released Claims, and in furtherance of such intention, this release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

5. Release, Limitations. This Agreement does not release: (1) claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement; (2) any future disputes between Throm and GMACM, including its successors and assigns, which arise out of or relate to the Parties' continuing relationship as mortgagor and mortgagee, if any; and (3) GMACM's (including its successors' and assigns') right to foreclose.

ny-1110717

6. Conditions Precedent to Effectiveness. The Agreement is conditioned upon, and shall become effective upon (i) this Agreement being approved by a final order of the Bankruptcy Court, (ii) the Plan being confirmed by the Bankruptcy Court and (iii) the Effective Date of the Plan having occurred. In the event that the Bankruptcy Court ultimately declines to approve the Plan, this Agreement shall be null and void and of no effect.

7. Tax Consequences. This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the modifications and payments set forth in this Agreement reflect the settlement of disputed legal claims and that GMACM makes no representations regarding the Agreement's tax consequences. Throm, however, specifically agrees that he is solely responsible for any and all taxes, interest and penalties due and owing, if any.

8. No Admission of Liability. This Agreement is entered into by the Parties for the purpose of compromising and settling the dispute between them. This Agreement does not constitute, and shall not be construed as, an admission by either Party of the truth or validity of any claims asserted or contentions advanced by the other Party.

9. Costs. Except as provided in Paragraph 1, each Party shall bear its own costs and attorneys' fees in connection with the Claim, the Lawsuit and this Agreement, and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys' fees. In further consideration of the general releases, promises and payment set forth in this Agreement, counsel for Throm and his/her firm release all claims for attorneys' or other liens against GMACM and its counsel in connection with the settlement of the Claim and Lawsuit. In executing this Agreement, Throm represents and certifies that no other person is entitled to any sum for attorneys' fees in connection with the Lawsuit.

10. Choice of Law, Jury Waiver. This Agreement and any rights, remedies, or obligations provided for in this Agreement shall be construed and enforced in accordance with the laws of New York. The Parties voluntarily and intentionally waive any right that they may have to a trial by jury in any action, proceeding or litigation directly or indirectly arising out of, or relating to, this Agreement. The Bankruptcy Court shall retain jurisdiction to resolve all matters relating to the implementation of this Agreement.

11. Construction of Agreement. This Agreement shall be construed as a whole according to its fair meaning and as if both Parties jointly prepared it. Any uncertainty or ambiguity in the Agreement shall not be strictly interpreted or construed against either Party.

12. Severability. The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

13. No Oral Modification. This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

14. **Representations.** The Parties represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each releases in this Agreement and that they have not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claim or other matter. Throm further represents that he does not believe he possesses, and is not otherwise aware of, any claim that he might have against the Releasees that is not a Released Claim.

15. **Knowing and Voluntary Assent.** The Parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have had the opportunity for representation in the negotiations for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement and/or have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal effect.

16. **Final and Binding Agreement.** The Parties acknowledge that this Agreement is a full and final accord and satisfaction and shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assigns.

17. **Complete Agreement.** This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. No other agreement, written or oral, expressed or implied, exists between the parties with respect to the subject matter of this Agreement, and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

18. **Counterparts and Facsimile Signatures.** This Agreement may be executed in any number of counterparts and with facsimile or emailed signatures, and all such counterparts shall be construed together and constitute a single form of this Agreement.

19. **Headings and Captions.** The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed as of the last day set forth below.

Date: 12/5/13

GMAC Mortgage, LLC

By: _____
Lauren Graham Delehey

Its: Legal Officer

- 5 -

ny-1110717

Date: 11-18-2013

Dennis Throm

*/s/ Dennis Throm*

The undersigned represents that s/he is one of the attorneys for Throm. In that capacity, s/he has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.

Date: 11/19/13

Berger & Montague, PC
Shanon J. Carson, Esq.

11/20/13

Taus, Cebulash, & Landau, LLP
Brett Cebulash, Esq.
Kevin Landau, Esq.