## EXHIBIT 5

## Gardner/Smith Settlement Agreement

1

EXECUTION COPY

2

Hon. Laura Gene Middaugh

3

4

5

6

7

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8

| | |
|---|---|
| ALAN GARDNER, on behalf of himself and others similarly situated, | No. 10-2-36902-3 SEA |
| Plaintiff, | |
| v. | |
| GMAC MORTGAGE, LLC, a foreign corporation, | |
| Defendant. | |
| TIFFANY SMITH, on behalf of herself and others similarly situated, | No. 11-2-10126-6 SEA |
| Plaintiff, | |
| v. | |
| HOMECOMINGS FINANCIAL, LLC, a foreign corporation, | AMENDED CLASS ACTION SETTLEMENT AGREEMENT |
| Defendant. | |

21

This Amended Class Action Settlement Agreement (the "Amended Agreement") is

22

made and entered into between and among (a) plaintiffs Alan Gardner and Tiffany Smith

23

("Plaintiffs"), on behalf of themselves and a Settlement Class (as defined below), and (b)

24

defendants GMAC Mortgage, LLC ("GMACM") and Homecomings Financial, LLC

25

("Homecomings" and, together with GMACM, the "Settling Defendants").

26

27

28

AMENDED SETTLEMENT AGREEMENT - 1

# RECITALS[1]

WHEREAS, on October 20, 2010, plaintiff Alan Gardner filed a putative class action against GMACM captioned *Alan Gardner, et al. v. GMAC Mortgage, LLC*, Case No. 10-2-36902-3 SEA (the "*Gardner* Action"), on behalf of borrowers in the State of Washington alleging that GMACM improperly recouped from borrowers fees that GMACM incurred to record substitution of trustee or appointment of substitute trustee documents with county recorders ("Substitution Recording Fees") when borrowers paid off loans serviced by GMACM; and

WHEREAS, on March 18, 2011, plaintiff Tiffany Smith filed a putative class action against Homecomings captioned *Tiffany Smith, et al. v. Homecomings Financial, LLC*, Case No. 11-2-10126-6 SEA (the "*Smith* Action" and, together with the *Gardner* Action, the "Actions"), on behalf of borrowers in the State of Washington alleging that Homecomings improperly recouped from borrowers Substitution Recording Fees when borrowers paid off loans serviced by Homecomings; and

WHEREAS, on or about March 2, 2012, Plaintiffs and the Settling Defendants entered into an agreement to settle the Actions under the terms of a written Class Action Settlement Agreement (the "Original Settlement"), which was presented to and preliminarily approved by the Court on March 15, 2012; and

WHEREAS, on May 14, 2012, after notice of the Original Settlement had been mailed to the Settlement Class, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including the Settling Defendants, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court ("Bankruptcy Court") for the Southern District of New York, Case No. 12-12020 (MG) (the "Bankruptcy Proceeding"); and

WHEREAS, commencement of the Bankruptcy Proceeding subjected the Actions to a stay of proceedings pursuant to 11 U.S.C. § 362(a); and

---

[1] All capitalized terms not specifically defined in the following Recitals are defined in Section I below.

AMENDED SETTLEMENT AGREEMENT - 2

1     WHEREAS, on October 23, 2012, Plaintiffs' Counsel filed two Proofs of Claim in the

2   Bankruptcy Proceeding, (i) an unsecured claim against GMACM in the amount of $1,926,222.33 on

3   behalf of the putative class in the Gardner Action, which was designated as Claim No. 2881 on the

4   Debtors' claims register and (ii) an unsecured claim against Homecomings in the amount of $740,591.98

5   on behalf of the putative class in the Smith Action, which was designated as Claim No. 2764 on the

6   Debtors' claims register (together, the "Claims"); and

7     WHEREAS, the Settling Defendants unequivocally deny Plaintiffs' allegations in the Actions,

8   deny the validity of the Claims, and maintain, among other things, that the disputed fees were permitted

9   by the contracts, were authorized and voluntarily paid by the borrowers, that the borrowers received a

10  substantial benefit in exchange for payment of the fees, that the manner of charging, disclosing and

11  requesting payment of the fees was not unfair or deceptive and did not have the capacity to deceive or

12  mislead borrowers, and has denied that certification of any class is appropriate and contends that they

13  would prevail in the Actions; and

14    WHEREAS, Plaintiffs contend that certification of a class would be appropriate, that their

15  claims are meritorious, and that they would prevail in the Actions and/or on the Claims if litigated in the

16  Bankruptcy Proceeding; and

17    WHEREAS, GMACM has identified approximately 41,369 instances where Substitution

18  Recording Fees were recouped and retained from borrowers on Loans secured by properties in the State

19  of Washington during the Settlement Class Period; and

20    WHEREAS, Homecomings has identified approximately 23,669 instances where Substitution

21  Recording Fees were recouped and retained from borrowers on Loans secured by properties in the State

22  of Washington during the Settlement Class Period; and

23    WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiffs'

24  claims in the Actions, and the Claims in the Bankruptcy Proceeding, and taking into account the

25  extensive burdens and expense of litigation, including the risks and uncertainties associated with

26

27

28
AMENDED SETTLEMENT AGREEMENT - 3

1  protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the

2  claims of the Settlement Class in light of the Bankruptcy Proceeding, Plaintiffs and Plaintiffs' Counsel

3  have concluded that this Amended Agreement provides substantial benefits to the Settlement Class and

4  is fair, reasonable, adequate and in the best interests of the Settlement Class; and

5       WHEREAS, although Settling Defendants deny the assertions by Plaintiffs in the Actions, deny

6  the validity of the Claims, and deny any wrongdoing or liability to Plaintiffs or any putative class of any

7  kind, Settling Defendants have concluded that this Amended Agreement is in the best interests of the

8  Plaintiffs, Settling Defendants, and Released Parties; and

9       WHEREAS, Plaintiffs and the Settling Defendants intend by this Amended Agreement to

10  resolve, terminate and finally conclude any and all Settled Class Claims, including the Claims in the

11  Bankruptcy Proceeding, and that the Settling Defendants and the Released Parties shall receive complete

12  releases and final peace from all such Settled Class Claims on behalf of Plaintiffs and the Settlement

13  Class; and

14       WHEREAS, Plaintiffs and the Settling Defendants intend by this Amended Agreement to

15  resolve, terminate and finally conclude any and all Settled Class Claims, including the Claims in the

16  Bankruptcy Proceeding, and that Plaintiffs and the Settlement Class have received adequate

17  consideration for all such Settled Class Claims;

18       NOW THEREFORE, subject to approval by both the Bankruptcy Court and the King County

19  Superior Court in the Actions as provided herein, the Parties stipulate and agree that, in consideration of

20  the promises and covenants set forth in this Amended Agreement and upon the entry by the King County

21  Superior Court of a Final Approval Order and the occurrence of the Effective Date, the Actions and the

22  Claims shall be fully settled, compromised and dismissed with prejudice upon the terms and conditions

23  set forth below.

24

25

26

27

28  AMENDED SETTLEMENT AGREEMENT - 4

# I. DEFINITIONS

As used in this Amended Agreement and the exhibits hereto, in addition to any definitions elsewhere in this Amended Agreement, the following capitalized terms shall have the meanings set forth below:

1.01    "Actions" means putative class actions against (i) GMACM captioned *Alan Gardner, et al. v. GMAC Mortgage, LLC*, Case No. 10-2-36902-3 SEA and (ii) Homecomings captioned *Tiffany Smith, et al. v. Homecomings Financial, LLC*, Case No. 11-2-10126-6 SEA, which are both pending in King County Superior Court.

1.02    "Administration Costs" means the costs of administering the Settlement by the Claims Administrator, including, but not limited to, the costs of mailing the all Class Notices to the Settlement Class Members, providing Awards to Award Recipients and administering the Settlement Fund.

1.03    "Amended Agreement" means this Amended Class Action Settlement Agreement, including all exhibits hereto.

1.04    "Attorney Fee Award" means the amount awarded by the Court to be paid to Plaintiffs' Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Plaintiffs' Counsel's claim or request (and any request made by any other attorneys) for payment of attorney fees, costs, disbursements and compensation in the Actions.

1.05    "Award" means the amount remitted by the Claims Administrator to Award Recipients out of the Settlement Fund as provided in Sections V and VI of this Amended Agreement.

1.06    "Award Expiration Date" means the date ninety (90) calendar days after the issuance by the Claims Administrator of checks paying Awards.

1.07    "Award Recipients" means all Settlement Class Members *other than* those Settlement Class Members meeting at least one of the following conditions:  (1) the Class Notice mailed to them was returned as undeliverable after the initial mailing and after the Claims Administrator re-mailed the Class Notice as required by Section VIII of this Amended Agreement; or (2) the Claims Administrator

has otherwise determined that the Settlement Class Member does not reside at the address used for mailing or re-mailing the Class Notice, including, but not limited to, by the return as undeliverable of the Class Notice mailed pursuant to the Original Settlement Agreement.

1.08    "Bankruptcy Court" means the U.S. Bankruptcy Court, Southern District of New York, which is presiding over the Bankruptcy Proceeding.

1.09    "Bankruptcy Proceeding" means the jointly administered Chapter 11 cases styled *In re Residential Capital, LLC*, Case No. 12-12020 (MG), pending in the Bankruptcy Court.

1.10    "Claims" means the two Proofs of Claim Plaintiffs' Counsel filed in the Bankruptcy Proceeding on October 23, 2012 on behalf of the putative class in the Gardner Action and on behalf of the putative class in the Smith Action.

1.11    "Claims Administrator" means Tilghman & Co., P.C., or, in the event Tilghman & Co., P.C., declines or is unable to act as the Claims Administrator, such other vendor as is acceptable to the Settling Defendants.

1.12    "Class Member" means a member of the Settlement Class.  When one or more person was obligated on a single Loan, those persons collectively shall be treated as only one Class Member.

1.13    "Class Notice" means the mailed notice of this Settlement that is contemplated by this Amended Agreement, substantially in the form attached hereto as *Exhibit 2*.

1.14    "Court" means the Superior Court of Washington for King County.

1.15    "Defendants' Counsel" means Thomas J. Cunningham, J. Matthew Goodin, and Regina J. McClendon, each of LOCKE LORD LLP.

1.16    "Effective Date" means the date on which Final Approval occurs.

1.17    "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Amended Agreement and the proposed Settlement of the Actions and Claims, and with Plaintiffs' Counsel's application for the Attorney Fee Award and the Representative Plaintiff Awards.

AMENDED SETTLEMENT AGREEMENT - 6

1.18    "Final Approval" means the last date on which all of the following have occurred:

(a)    The court in the Bankruptcy Proceeding has issued all necessary orders approving the establishment of the Settlement Fund as described in the Amended Agreement.

(b)    The Court has issued all necessary orders under CR 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Amended Agreement, including the Final Approval Order;

(c)    The Court enters a judgment, included as part of the Final Approval Order, (i) dismissing all claims in the Action with prejudice, and (ii) finally approving the Settlement in a manner substantially consistent with the terms and intent of this Amended Agreement;

(d)    Either: (i) thirty (30) days have passed after entry of the Final Approval Order and within such time no appeal is taken from the Final Approval Order and no motion or other pleading has been filed with the Court or any appellate court to set aside or in any way alter the judgment and/or orders of the Court finally approving the Settlement; or (ii) all appellate, reconsideration, or other forms of review and potential review of the Court's orders and judgment finally approving the Settlement are exhausted or become unavailable by virtue of the passage of time, and the Court's orders and judgment are upheld, or not altered in a manner that is substantially inconsistent with the judgment contemplated by subparagraph (b) *provided that* and without limitation, any change or modification that may increase the Settling Defendants' liability, or reduce the scope of the Release, or reduce the scope of the Settlement Class shall prevent the occurrence of Final Approval at the sole option of the Settling Defendants; and

(e)    No Party with a right to do so has terminated the Amended Agreement.

1.19    "Final Approval Order" means the Court's Final Judgment and Order of Dismissal with Prejudice, substantially in the form attached hereto as *Exhibit 3*, which, among other things, approves this Amended Agreement and the Settlement as fair, adequate and reasonable and confirms the final certification of the Settlement Class.

AMENDED SETTLEMENT AGREEMENT - 7

1      1.20    "*Gardner* Action" means the putative class action lawsuit captioned *Alan Gardner, et al.*

2  *v. GMAC Mortgage, LLC*, Case No. 10-2-36902-3 SEA, pending in King County Superior Court.

3      1.21    "GMACM" means GMAC Mortgage, LLC.

4      1.22    "Homecomings" means Homecomings Financial, LLC.

5      1.23    "Loan" means a residential mortgage loan of a Class Member secured by property

6  located in the State of Washington upon which the Class Member was an obligor and that can qualify

7  him, her, or them as a member of the Settlement Class.

8      1.24    "Notice Date" means the date on which the Class Notice is mailed.

9      1.25    "Opt Out" means a Settlement Class Member (i) who timely submits a properly

10  completed and executed Request for Exclusion, and (ii) who does not rescind that Request for Exclusion

11  before the end of the Opt Out Period, and (iii) as to which there is not a successful challenge to the

12  Request for Exclusion.

13      1.26    "Opt Out Period" means the period commencing on the Notice Date and ending forty-

14  five (45) calendar days thereafter during which Settlement Class Members may submit a timely Request

15  for Exclusion.  The last day of the Opt Out Period shall be specifically set forth in the Class Notice.

16      1.27    "Original Settlement" means the Class Action Settlement Agreement between the

17  Plaintiffs and Settling Defendants presented to and preliminarily approved by the Court on March 15,

18  2012.

19      1.28    "Parties" mean Plaintiffs, GMACM, and Homecomings.

20      1.29    "Person" means an individual, marital community, corporation, partnership, limited

21  partnership, limited liability company, association, joint stock company, estate, legal representative,

22  trust, unincorporated organization, and any other type of legal entity, and their or its respective heirs,

23  predecessors, successors, representatives and assigns.

24      1.30     "Plaintiffs' Counsel" means (i) Berry & Beckett PLLP; (ii) Williamson & Williams;

25  (iii) Schroeter Goldmark & Bender; (iv) any other firms, professional legal corporations, partnerships,

28  AMENDED SETTLEMENT AGREEMENT - 8

1   other entity or attorney that, to the knowledge of Class Counsel as of the date of this Amended

2   Agreement have represented or purport to represent a Class Member with respect to matters within the

3   scope of the Release; (v) any law firm, professional legal corporation, partnership, or other entity or

4   attorney that has or may claim to have a right to any attorneys' fees or costs in connection with the

5   Actions; and (vi) each partner, shareholder, or other part or full owner of any of the foregoing.

6       1.31   "Potential Class Members" means all Persons from whom (a) GMACM collected and

7   retained a Substitution Recording Fee, during the period from October 20, 2004 to the date of this

8   Amended Agreement, in connection with the payoff of a Loan serviced by GMACM; or (b)

9   Homecomings collected and retained a Substitution Recording Fee, during the period from March 18,

10   2005 to the date of this Amended Agreement, in connection with the payoff of a Loan serviced by

11   Homecomings.

12       1.32   "Preliminary Approval Order" means the Court's order granting, among other things,

13   conditional certification of the Settlement Class, preliminary approval of this Amended Agreement and

14   the Settlement, and approval of the form and method of Class Notice, substantially in the form attached

15   hereto as *Exhibit 1*.

16       1.33   "Preliminary Approval Date" means the date on which the Preliminary Approval Order

17   is entered by the Court.

18       1.34   "Release(s)" means the release(s) set forth in Section XII of this Amended Agreement.

19       1.35   "Released Party or Parties" means GMACM, Homecomings, and each of their

20   respective predecessors, successors, parents, subsidiaries, affiliates and assigns, together with their past,

21   present and future officers (whether acting in such capacity or individually), directors, employees,

22   independent contractors, shareholders, investors, owners of any kind, representatives, controlling

23   persons, partners, joint ventures, associates, attorneys, accountants, service providers, agents, managers,

24   consultants, insurers, reinsurers, subrogees, trustees and creditors, including without limitation, the heirs,

25

26

27

28   AMENDED SETTLEMENT AGREEMENT - 9

1    marital communities, executors, administrators, custodians, successors and assigns of any or all of them,

2    or anyone acting or purporting to act for them or on their behalf.

3        1.36    "Releasing Party or Parties" means Plaintiffs and each Settlement Class Member or any

4    Person acting on behalf of or claiming by or through a Settlement Class Member, that Settlement Class

5    Member's spouse, marital community, heir, associate, co-owner, attorney, agent, administrator, devisee,

6    predecessor, successor, parent, subsidiary, affiliate, custodian, agent, representative of any kind,

7    shareholder, partner, director, employee, owner of any kind, custodian, executor, trustee, administrator,

8    subrogee or assignee.

9        1.37    "Representative Plaintiffs" means Alan Gardner and Tiffany Smith, each individually

10   and in their capacity as proposed representatives of the Settlement Class.

11       1.38    "Representative Plaintiffs' Award" means the amount, if any, that is approved by the

12   Court for payment to the Representative Plaintiffs for acting as plaintiffs and class representatives in the

13   Actions.

14       1.39    "Request for Exclusion" means a fully completed and properly executed written request

15   that is delivered to the Claims Administrator by a Settlement Class Member under Section IX of this

16   Amended Agreement and is postmarked on or before the end of the Opt Out Period.  For a Request for

17   Exclusion to be properly completed and executed, it must (a) state the Settlement Class Member's full

18   name, address, telephone number, and the last four digits of his/her Social Security Number; (b) contain

19   the Class Member's personal and original signature or the original signature of a person previously

20   authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf

21   of the Class Member with respect to a claim or right such as those asserted in the Actions (*i.e.*,

22   conformed, reproduced, facsimile, or other non-original signatures are not valid); and (c) state

23   unequivocally the Settlement Class Member's intent to be excluded from the Settlement.  In those cases

24   where a Settlement Class Member's Request for Exclusion includes persons who were co-obligors on

25   the same loan, the Settlement Class Member's Request for Exclusion shall be deemed to be properly

26

27

28
AMENDED SETTLEMENT AGREEMENT - 10

1   completed and executed as to that loan only if all obligors elect to and validly opt-out in accordance with

2   the provisions of this paragraph. If a Settlement Class Member wishes to opt out with respect to fewer

3   than all of the loans for which s/he is eligible for reward, the Request for Exclusion must specify the

4   loan(s) as to which the Settlement Class Member is opting out by identifying the loan(s) as to which the

5   Settlement Class Member is opting out by loan number, property address or date of loan. If a Settlement

6   Class Member is submitting a Request for Exclusion as to more than one loan and the Request for

7   Exclusion does not specifically identify the loan as to which the Settlement Class Member is opting out,

8   the Settlement Class Member will be deemed to be requesting exclusion as to all loans. Settlement Class

9   Members may, but are not required to use the Request for Exclusion form appended as *Exhibit 4* to this

10   Amended Agreement, which shall be posted on Class Counsel's website with this Amended Agreement.

11         1.40    "Settlement" means the resolution of the matters within the scope of this Amended

12   Agreement, the Settled Class Claims, and the Release.

13         1.41    "Settlement Fund" means TWO HUNDRED EIGHTY-FIVE THOUSAND DOLLARS

14   ($285,000), the aggregate and absolute maximum amount that the Settling Defendants will become

15   obligated to pay by operation of the Amended Class Action Settlement Agreement, if it receives Final

16   Approval.

17         1.42    "Settlement Fund Account" means the account established and maintained by the

18   Claims Administrator or, at the discretion of the Settling Defendants, the Settling Defendants, into which

19   the Settlement Fund will be deposited.

20         1.43    "Settlement Class" means all Potential Class Members, excluding: (i) the Settling

21   Defendants, any entity in which either of the Settling Defendants has a controlling interest, and the

22   Settling Defendants' legal representatives, assigns and successors; (ii) the judge and staff to whom the

23   Actions and Bankruptcy Proceeding are assigned, and any member of the judges' immediate family, and

24   (iii) all Opt Outs. The Settlement Class is being proposed for certification solely for settlement purposes

25

26

27

28   AMENDED SETTLEMENT AGREEMENT - 11

1   under CR 23(b)(3) and without waiver of any contention by the Settling Defendants of any challenges or

2   defenses to the existence or propriety of a certifiable class under CR 23.

3       1.44    "Settled Class Claims" means collectively any and all claims, demands, rights,

4   liabilities, suits, matters, obligations, damages, losses, costs, actions and causes of action of every nature

5   and description whatsoever, in law or equity, known or unknown, latent or patent, asserted, unasserted or

6   that might have been asserted (including, without limitation, assigned claims and common law claims for

7   breach of contract, unjust enrichment, violations of any Consumer Protection Act or state or federal

8   statutes, rules or regulations) either directly, in a representative capacity or in any other capacity, by the

9   Releasing Parties against the Released Parties, arising from or in any way relating to the Settling

10  Defendants' demand for, or collection or retention from Settlement Class Members of, Substitution

11  Recording Fees or the Settling Defendants' making of alleged misrepresentations, omissions, statements,

12  misleading disclosures or failures to disclose information about such Substitution Recording Fees.

13  Settled Class Claims include without limitation Claims asserted in the Bankruptcy Proceeding, Unknown

14  Class Claims and all claims asserted in any complaint on file in the Actions, and all claims alleged or

15  asserted, or which could have been alleged or asserted, against the Released Parties which arise from the

16  alleged acts, omissions, representations, facts, events, matters, transactions or occurrences at issue in the

17  Actions.

18      1.45    "Settlement Class Member" means a Person in the Settlement Class as of the Effective

19  Date.  When more than one person was obligated on a single loan, those Persons collectively shall be

20  treated as only one Settlement Class Member.  Further, if a Settlement Class Member had two or more

21  loans potentially entitling the Settlement Class Member to relief under this Amended Agreement, the

22  Settlement Class Member shall be considered a separate Settlement Class Member as to each such loan,

23  **provided that** such Settlement Class Members need receive only one Class Notice under this Amended

24  Agreement for all such loans and, if Award Recipients, may receive a single, combined Award check for

25  all such loans.

26

27

28  AMENDED SETTLEMENT AGREEMENT - 12

1    1.46    "Settling Defendants" means GMAC Mortgage, LLC and Homecomings Financial,

2    LLC.

3    1.47    "*Smith* Action" means the putative class action lawsuit *Tiffany Smith, et al. v.*

4    *Homecomings Financial, LLC*, Case No. 11-2-10126-6 SEA, currently pending in King County Superior

5    Court.

6    1.48    "Substitution Recording Fee" means any fee(s) that the Settling Defendants incurred to

7    record substitution of trustee or appointment of substitute trustee documents with county auditors in the

8    State of Washington when borrowers paid off loans serviced by one of the Settling Defendants.

9    1.49    "Unknown Class Claims" means any and all claims by the Releasing Parties against the

10    Released Parties arising from the facts and circumstances that were alleged in the Actions based on facts

11    which now exist, may hereafter exist, or have previously existed that the Releasing Parties may hereafter

12    discover in addition to, or different from, those which Class Counsel and the Releasing Parties now

13    know or believe to be true concerning the Settled Class Claims, without regard to the subsequent

14    discovery of those facts by the Releasing Parties or the existence of any such different or additional facts.

15    For purposes of this Amended Agreement, the Parties hereby waive any and all rights which they may

16    have under or pursuant to (i) the provisions of Section 1542 of the Civil Code of the State of California

17    and/or (ii) the provisions of any similar statutory, regulatory or common law of any state or of the United

18    States.  Section 1542 of Civil Code of the State of California provides:

19    A general release does not extend to claims which the creditor does not know or suspect

20    to exist in his or her favor at the time of executing the releases, which if known by him

21    or her must have materially affected his or her settlement with the debtor.

22    The Parties understand fully the statutory language of Section 1542 of the Civil Code of the State of

23    California and, having been so apprised, nevertheless agree that Plaintiffs and the Settlement Class

24    Members release all Unknown Claims as provided above.  This reference to California law does not

25

26

27

28    AMENDED SETTLEMENT AGREEMENT - 13

evince and shall not be construed as indicating an intent by the Parties that California law should apply to this Amended Agreement.

Other terms are defined in the text of this Amended Agreement, and shall have the meaning given those terms in the text. The Parties intend that in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Amended Agreement.

## II.    BANKRUPTCY APPROVAL

2.01    This Amended Agreement is contingent upon the approval by a final order of the Bankruptcy Court of the resolution of the Claims as contemplated in the Amended Agreement, confirmation of the Chapter 11 bankruptcy plan ("Plan") in the Bankruptcy Proceeding, and the Effective Date (as defined in the Plan) of the Plan having occurred.

2.02    Promptly after the execution of this Amended Agreement, Defendants' Counsel shall submit this Amended Agreement to the Bankruptcy Court in connection with a joint motion pursuant to Federal Rule of Bankruptcy Procedure 9019 for an order approving this Amended Agreement.

## III.    PRELIMINARY SETTLEMENT APPROVAL

3.01    Promptly upon obtaining the approval of the Bankruptcy Court, as contemplated in Section 2 above, Plaintiffs' Counsel shall submit this Amended Agreement to the Court and shall request that the Court enter the Preliminary Approval Order, which, consistent with the terms of this Amended Agreement, shall:

1.    Suspend all current deadlines in the case schedule for the Actions and stay all proceedings other than those related to approval of the Settlement;

2.    Approve the form, contents and method of dissemination of the Class Notice;

3.    Schedule appropriate opt-out, objection, and other settlement-related dates and deadlines to be included in the Class Notice; and

4.    Schedule the Final Approval Hearing.

AMENDED SETTLEMENT AGREEMENT - 14

3.02    The Settling Defendants will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as *Exhibit 1*, and is otherwise consistent with this Amended Agreement.

3.03    At the time of Preliminary Approval, the Parties shall request a date for the Final Approval Hearing that is at least twenty-five (25) calendar days after the end of the Opt Out Period.

3.04    The Parties, through their counsel, shall cooperate, assist and undertake reasonable actions in order to accomplish these required events on the schedule set by the Court.

## IV.    CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES ONLY

4.01    The continuing conditional certification of the Settlement Class for purposes of effectuating this Settlement shall be without prejudice to, or waiver of, the Settling Defendants' rights to contest all issues in the Actions and in the Claims asserted in the Bankruptcy Proceeding, including, without limitation, all issues under CR 23 relating to the certification of a class, if this Amended Agreement is terminated, is not approved, or if the Effective Date does not occur for any reason.  The Settling Defendants' agreement not to oppose continuing certification of the Settlement Class for settlement purposes is being made without any admission of liability, responsibility or wrongdoing, and without any admission or concession about the merits of the claims asserted on behalf of the Settlement Class or the existence or certifiability of the class as alleged in the Actions.

## V.  SETTLEMENT CONSIDERATION

5.01    In consideration for the Settlement and the Release provided herein, upon execution of this Amended Agreement, the Settling Defendants will deliver the Settlement Fund in the amount of TWO HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($285,000) to Locke Lord LLP, as escrow agent, to be held for further disbursement by Locke Lord LLP in accordance with the terms of this Amended Agreement.  The Settlement Fund will be the aggregate and absolute maximum amount that the Settling Defendants will become obligated to pay by operation of the Amended Class Action Settlement Agreement, if it receives Final Approval, and will be the only source of payment for (a)

AMENDED SETTLEMENT AGREEMENT - 15

Awards to Settlement Class Members who are Award Recipients; (b) the Attorneys' Fee Award, if any, to Class Counsel; (c) the Settlement Administration Costs; and (d) the Representative Plaintiffs' Award, if any.

5.02    The Award that will be payable to each Award Recipient after the Effective Date will be determined according to the following formula:

> *Settlement Fund ($285,000) minus (-) Administration Costs minus (-) Representative Plaintiffs' Awards minus (-) Attorneys' Fee Award divided by (÷) total number of Award Recipients.*

It is estimated that the Award payable to each Award Recipient will be approximately $1.65. After the Award is determined in accordance with the above formula, this will constitute the absolute maximum amount that any Award Recipient will be entitled to receive under this Amended Agreement.

5.03    The Representative Plaintiffs may petition the Court, without opposition from the Settling Defendants, for a Representative Plaintiffs' Award, payable exclusively from the Settlement Fund, up to the following amounts:  (a) Alan Gardner – $8,000; (b) Tiffany Smith – $4,000.

5.04    Locke Lord LLP, as escrow agent, will deliver the Settlement Fund to the Claims Administrator within fifteen (15) business days after the Effective Date.  The Claims Administrator will promptly mail Award checks to the Award Recipients as provided in Section VI below.

5.05    No later than thirty (30) days after the Award Expiration Date, the Claims Administrator shall distribute amounts remaining in the Settlement Fund by checks payable to the Legal Foundation of Washington (50%) and the Northwest Consumer Law Center (50%) .

## VI.    THE AWARD PAYMENT PROCESS

6.01    No later than ten (10) business days after the end of the Opt Out Period, the Claims Administrator shall provide a report to the Settling Defendants' counsel indicating which Settlement Class Members are Award Recipients.

6.02    The Claims Administrator shall mail the Award checks within five (5) business days after receiving the Settlement Fund from the Settling Defendants.  All Award checks shall be mailed on the same day.

6.03    Award checks will be valid and redeemable only if they are cashed by the Award Recipient before the Award Expiration Date.  The Award checks will include a legend indicating that they are invalid, cannot be cashed and will not be honored after the Award Expiration Date.  The Final Approval Order will include a provision to this effect and will direct the bank holding the Settlement Fund Account that it is prohibited from paying or honoring any Award check after the Award Expiration Date.

6.04    Settlement Class Members shall be bound by the Releases of the Settled Class Claims as provided in this Amended Agreement and in the Final Approval Order whether or not (1) they are Award Recipients, (2) they cash an Award check sent to them by the Claims Administrator, or (3) they in fact received the Class Notice.

6.05    The Claims Administrator's and the Settling Defendants' respective obligations with respect to the distribution of the Class Notice, the Awards, the Settlement Administration Costs, the Attorney Fee Award, the Representative Plaintiff Award and the amounts (if any) remaining in the Settlement Fund after payment of Awards and the Attorney Fee Award shall be performed reasonably and in good faith.  So long as they do, the Settling Defendants and the Claims Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the releases in this Amended Agreement and the Final Approval Order and any judgment shall be effective as of the Effective Date as to Plaintiffs, Plaintiffs' Counsel, and every Settlement Class Member notwithstanding any such error and regardless of whether such error is corrected.

## VII.  CLAIMS ADMINISTRATION:  COSTS, REVIEW

7.01    All reasonable and necessary expenses incurred by the Claims Administrator in administering this Amended Agreement, including without limitation the cost of sending the Class

AMENDED SETTLEMENT AGREEMENT - 17

Notice and related materials to Settlement Class Members, the cost of sending the Class Notice and related materials pursuant to the Original Settlement Agreement, and of implementing and administering the Award payment process, shall be paid and reimbursed exclusively from the Settlement Fund.

7.02    Plaintiffs' Counsel shall have the right until the Award Expiration Date to review materials received or generated by the Claims Administrator. Such review may be conducted solely for purposes of implementing the Settlement.

## VIII.  NOTICE TO THE CLASS

8.01    Upon Preliminary Approval, and as the Court may direct consistent with the notice plan set forth below, Plaintiffs' Counsel and the Settling Defendants shall cause the Claims Administrator to provide the Class Notice to the Settlement Class Members.

8.02    The Settling Defendants have provided the Claims Administrator with last known mailing addresses reflected in its records for all Settlement Class Members. The Claims Administrator shall update this address information using the United States Postal Service National Change of Address ("NCOA") database once before mailing the Class Notice to the Settlement Class Members.

8.03    As soon as is reasonably practicable, but in no event more than thirty (30) calendar days after the Preliminary Approval Date, the Claims Administrator shall mail the Class Notice to the Settlement Class Members at the address provided by the Settling Defendants or such address as may be provided by the NCOA update, provided that the Claims Administrator shall have no obligation to mail the Class Notice to Settlement Class Members whose addresses have already been determined to be invalid during the mailing of Class Notice pursuant to the Original Settlement Agreement or who validly executed a Request for Exclusion in response to such Class Notice.

8.04    The Claims Administrator will re-mail once all returned Class Notices that the Claims Administrator receives with forwarding addresses noted on them or where the Claims Administrator can obtain an updated address via a reasonable address trace. The Claims Administrator shall have no

AMENDED SETTLEMENT AGREEMENT - 18

obligation to forward re-mail or re-deliver any other Class Notices. Nothing in this paragraph shall be construed as extending the Opt Out Period or the Claims Period.

## IX.    OPT OUT RIGHTS

9.01    Potential Settlement Class Members may exclude themselves from the Settlement Class at any time during the Opt Out Period in accordance with this Section IX.

9.02    To be excluded from the Settlement Class, a Potential Settlement Class Member must return a written, complete and properly executed Request for Exclusion to the Claims Administrator postmarked before the end of the Opt Out Period, provided that Potential Settlement Class Members who already submitted a valid Request for Exclusion in response to the Class Notice mailed pursuant to the Original Settlement Agreement shall be considered already excluded from the Settlement Class.

9.03    Except for Opt Outs, each Person in the Settlement Class will be deemed to be a Settlement Class Member for all purposes under this Amended Agreement. Settlement Class Members will be bound by the Final Approval Order and the Release concerning the Settled Class Claims in this Amended Agreement, whether or not the Settlement Class Member is an Award Recipient, cashes an Award Check or actually received the Class Notice or Request for Exclusion form.

9.04    Opt Outs shall not (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be affected by this Amended Agreement; (iii) gain any rights by virtue of this Amended Agreement; or (iv) be entitled to object to any aspect of this Amended Agreement.

9.05    A Potential Settlement Class Member who timely files a written Request for Exclusion with the Claims Administrator may subsequently withdraw the Request for Exclusion by filing with the Claims Administrator written notification of such withdrawal. Such written notification of withdrawal of the Request for Exclusion must be actually received by the Claims Administrator before the end of the Opt Out Period.

9.06    If more than ten percent (10%) of the total number of Potential Settlement Class Members become Opt Outs, either of the Settling Defendants may, in its sole discretion, terminate the Settlement and this Amended Agreement.

## X.  RIGHT TO OBJECT

10.01   If a Settlement Class Member wishes to have the Court consider an objection to the Settlement or this Amended Agreement, such Person (1) must be and remain a Settlement Class Member and may not be an Opt Out; and (2) must file with the Court and serve on Plaintiffs' Counsel and Defendants' Counsel a written objection, along with any supporting documentation that the Person wishes the Court to consider, no later than the conclusion of the Opt Out Period.

10.02   Any objecting Settlement Class Member who wishes to be heard at the Final Approval Hearing must state in the objection their intention to attend and speak at that hearing.  If such an objection is submitted and overruled by the Court, the objecting Settlement Class Member shall remain fully bound by the terms of this Amended Agreement and the Final Approval Order.

## XI.    DISMISSAL OF ACTION; JURISDICTION OF COURT

11.01   Upon the Effective Date, pursuant to the Final Approval Order and this Amended Agreement, the Actions shall be dismissed with prejudice and without an award of costs or fees except as expressly provided herein.  Any Opt Out identified in a schedule that shall be attached under seal to the Final Approval Order shall retain whatever rights he/she/it may have against the Settling Defendants.

11.02   No later than five (5) business days after the Effective Date, pursuant to the Final Approval Order and this Amended Agreement, Plaintiffs shall withdraw their Claims in the Bankruptcy Proceeding.

11.03   Until the Claims Administrator sends the remaining funds in the Settlement Fund to the Legal Foundation of Washington and the Northwest Consumer Law Center, the Court retains jurisdiction over the Actions, the Parties, the Settlement Class Members and the Claims Administrator solely for the

AMENDED SETTLEMENT AGREEMENT - 20

1  purposes of interpreting and enforcing the terms, conditions and obligations under this Amended

2  Agreement.

## XII.  RELEASES

12.01    Upon the Effective Date, the Releasing Parties, whether or not they received an Award, will be deemed by this Amended Agreement and by operation of the Final Approval Order to have completely and unconditionally released, forever discharged and acquitted the Released Parties from any and all of the Settled Class Claims, including Unknown Class Claims and Claims asserted in the Bankruptcy Proceeding.

12.02    Upon the Effective Date, pursuant to the Final Approval Order, the Releasing Parties and anyone claiming through or on behalf of any of them will be forever barred and enjoined from commencing, instituting or prosecuting any action, litigation, investigation or other proceeding in any court of law or equity, arbitration, tribunal, proceeding, governmental forum, administrative forum or any other forum, directly, representatively or derivatively, asserting against the Settling Defendants or any of the Released Parties any claims that constitute any of the Settled Class Claims, including Unknown Class Claims and the Claims asserted in the Bankruptcy Proceeding.

12.03    Nothing in this Section XII shall affect a release for any claim arising out of or relating to a breach of this Amended Agreement.

## XIII.  CLASS COUNSEL FEES AND COSTS

13.01    Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees, payable solely from the Settlement Fund, in an amount not to exceed thirty percent (30%) of the Settlement Fund, plus actual litigation costs.  Plaintiffs' Counsel will apply to the Court for approval of the Attorney Fee Award and will serve Defendants' Counsel with such application no later than six (6) court days before the Final Approval Hearing.  The Settling Defendants shall not object to Plaintiffs' Counsel's application for the Attorney Fee Award, except that the Settling Defendants reserve the right to dispute any statements in such application that are inconsistent with this Amended Agreement.

AMENDED SETTLEMENT AGREEMENT - 21

1    13.02   The Claims Administrator shall pay the Attorney Fee Award in equal shares to (i) Berry

2  & Beckett PLLP, (ii) Williamson & Williams, and (iii) Schroeter Goldmark & Bender within ten (10)

3  court days after the Effective Date.

4    13.03   Plaintiffs' Counsel shall not seek or receive any other funds in payment of attorney fees,

5  costs or otherwise in connection with the Actions or Claims, except that Plaintiff's Counsel may obtain

6  reimbursement from the Settlement Fund of Administration Costs advanced in the Action.

7                      ## XIV.  FINAL APPROVAL ORDER

8    This Amended Agreement is subject to and conditioned upon the issuance by the Court,

9  following the Final Approval Hearing, of the Final Approval Order granting final approval of the

10 Amended Agreement and providing the below-specified relief, and upon the Effective Date occurring

11 with regard to the Final Approval Order.  Such Final Order and Judgment shall:

12        1.      Confirm the certification of the Settlement Class solely for settlement purposes;

13        2.      Find and determine that the Class Notice was sent to the Settlement Class

14 Members in accordance with the Amended Agreement and that such notice constitutes the best notice

15 practicable under the circumstances and satisfies all requirements of CR 23 and the constitutional due

16 process requirements under state and federal law;

17        3.      Dismiss the Actions with prejudice, except to the extent that Opt Outs exercise

18 rights pursuant to Section IX of this Amended Agreement;

19        4.      Order that Plaintiffs and the Settlement Class Members are deemed to and, upon

20 the Effective Date, shall have released the Released Parties from any and all Settled Class Claims,

21 including Unknown Class Claims; and

22        5.      Enjoin the Releasing Parties from asserting against the Released Parties any and

23 all Settled Class Claims, including Unknown Class Claims; and

24        6.      Direct the Parties and the Claims Administrator to consummate the Settlement

25 as provided in this Amended Agreement and reserve as provided above the Court's continuing

26

27

28 AMENDED SETTLEMENT AGREEMENT - 22

1   jurisdiction over the Parties to this Amended Agreement, and all Settlement Class Members to

2   administer, supervise, construe and enforce this Amended Agreement in accordance with its terms for

3   the mutual benefit of the Parties.

4                               **XV.  NO ADMISSIONS; NO USE**

5          15.01   This Amended Agreement, whether or not consummated or approved by the Court, and

6   any proceedings taken or statements made pursuant to this Amended Agreement or papers filed seeking

7   approval of this Amended Agreement, are not and shall not in any event be construed as, offered in

8   evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession or an

9   admission of any kind by any of the Parties of the truth or untruth of any fact alleged or the validity or

10  invalidity of any claim or defense that has been, could have been, or in the future might be asserted in

11  any litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action,

12  administrative proceeding or other forum, or of any liability, responsibility, fault, wrongdoing or

13  otherwise of the Settling Defendants or Plaintiffs.  The Settling Defendants have denied and continue to

14  deny the claims asserted by Plaintiffs.

15         15.02   Notwithstanding the foregoing, nothing contained herein shall be construed to prevent a

16  party from offering this Amended Agreement into evidence for the purposes of enforcement of this

17  Amended Agreement.

18                            **XVI.  MISCELLANEOUS PROVISIONS**

19         16.01   This Amended Agreement, including all exhibits hereto, shall constitute the entire

20  Amended Agreement among the Parties and shall supersede any previous agreements, representations,

21  communications and understandings among the Parties.  This Amended Agreement may not be changed,

22  modified, or amended except in writing signed by all Parties.

23         16.02   This Amended Agreement shall be construed under and governed by the laws of the

24  State of Washington, applied without regard to laws applicable to choice of law.

25

26

27

28  AMENDED SETTLEMENT AGREEMENT - 23

16.03   This Amended Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Amended Agreement.

16.04   This Amended Agreement may be executed by the Parties or their authorized representatives in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Signatures by facsimile shall be as effective as original signatures.

16.05   This Amended Agreement shall be binding upon and inure to the benefit of the Settlement Class Members, the Parties, the Released Parties and their respective heirs, successors and assigns.

16.06   The headings of the Sections of this Amended Agreement are included for convenience only and shall not be deemed to constitute part of this Amended Agreement or to affect its construction.

16.07   Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Amended Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage paid, if to the Settling Defendants to the attention of Defendants' Counsel, or if to the Settlement Class to Plaintiffs' Counsel, or to other recipients as the Court may specify.

## XVII.  TERMINATION OF THIS AMENDED AGREEMENT

17.01   This Amended Agreement shall, without notice, be automatically terminated if the Final Approval Order is not entered, or if the Final Approval Order is reversed on appeal and the reversal becomes final or the Effective Date does not occur for any other reason.  Upon termination, all Parties shall be restored to their respective positions immediately prior to the date on which this Amended Agreement is signed by all Parties.

AMENDED SETTLEMENT AGREEMENT - 24

17.02   In the event of termination, this Amended Agreement shall have no further force or effect regarding the Parties' rights and the Parties shall jointly request the Court to hold a scheduling conference for the purpose of establishing a new case schedule and trial date for the Actions.

## XVIII.   AUTHORITY TO SIGN

Any individual signing this Amended Agreement on behalf of any Person represents and warrants that he or she has full authority to do so.

*[Remainder of Page Blank – Signature Page Follows]*

AMENDED SETTLEMENT AGREEMENT - 25

***FOR THE PLAINTIFFS AND***

***SETTLEMENT CLASS:***

BERRY & BECKETT PLLP                    WILLIAMSON & WILLIAMS

By: Guy W. Beckett, WSBA No. 14939      By: Rob Williamson, WSBA No. 11387

Date: _12/12/13_                         Date: _12/11/13_

SCHROETER GOLDMARK & BENDER

By: Adam J. Berger, WSBA No. 20714

Date: _12/11/13_

***FOR THE DEFENDANTS:***

AMENDED SETTLEMENT AGREEMENT - 26

GMAC MORTGAGE, LLC                          HOMECOMINGS FINANCIAL, LLC

By: WILLIAM R. THOMPSON                      By: WILLIAM R. THOMPSON
    GENERAL COUNSEL                              GENERAL COUNSEL

Date: 12 / 11 / 13                           Date: 12 / 11 / 13

LOCKE LORD LLP

By: J. Matthew Goodin, *pro hac vice*

Date: 12 / 11 / 13

AMENDED SETTLEMENT AGREEMENT - 27

1    **EXHIBITS**

2

3         **Preliminary Approval Order**

4         **Notice**

5         **Final Approval Order**

6         **Request for Exclusion**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED SETTLEMENT AGREEMENT - 28

# EXHIBIT 1

1

2                                                  Hon. Laura Gene Middaugh

3

4

5

6

7

8          SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

9    ALAN GARDNER, on behalf of himself and        No. 10-2-36902-3 SEA
     others similarly situated,
10
                          Plaintiff,
11
12          v.

13   GMAC MORTGAGE, LLC, a foreign
     corporation,
14
                          Defendant.
15   _____
16   TIFFANY SMITH, on behalf of herself and       No. 11-2-10126-6 SEA
     others similarly situated,
17                                                 ORDER PRELIMINARILY
                          Plaintiff,               APPROVING CLASS ACTION
18                                                 SETTLEMENT, AUTHORIZING
            v.                                     DISTRIBUTION OF CLASS NOTICE
19                                                 AND SETTING FINAL APPROVAL
     HOMECOMINGS FINANCIAL, LLC, a                 HEARING DATE
20   foreign corporation,
                                                   **CLERK'S ACTION REQUIRED**
21                        Defendant.               **[See Page 3, Paragraph 5, Page 4,**
                                                   **Paragraph 3, and Page 7, Paragraph 12]**
22

23

24          This matter came before the Court on Plaintiffs' motion for preliminary approval of an

25   Amended Class Action Settlement Agreement (the "Amended Agreement") which, if finally

26

27

28   ORDER PRELIMINARILY APPROVING CLASS ACTION
     SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
     NOTICE AND SETTING FINAL APPROVAL HEARING
     DATE - 1

approved by the Court, would resolve the above-captioned putative class actions (the

"Actions").   The Court considered the motion, supporting declaration and the Amended

Agreement (*Exhibit 1* to the Declaration of Adam Berger in Support of Plaintiffs' Motion for

Preliminary Approval) and considered the reasonableness of proceeding with the proposed

Settlement, and is advised that the motion for preliminary approval is not opposed by

Defendants.  Good cause having been shown, the Court now finds and rules as follows:[1]

## I. FINDINGS

1.     Continued certification for settlement purposes only of the previously certified

Settlement Class is appropriate under CR 23(a) and CR 23(b)(3).   In light of the Amended

Agreement, Settlement Class members will have another opportunity to opt out of the

Settlement Class.

2.     The Settlement appears to be fair, reasonable and adequate and has been entered

into in good faith.  Counsel have represented to the Court that the Settlement is the product of

arm's-length, serious, informed, and non-collusive negotiations between Plaintiffs' Counsel and

Defendants' Counsel.  The negotiations resulting in the Original Settlement Agreement took

place following lengthy contested litigation, an exchange of information concerning the claims

of the Settlement Class, a day-long mediation before the Hon. Terry Lukens (Retired), and

several months of subsequent negotiations.   The negotiations resulting in the Amended

Agreement took place following Defendants' petition for bankruptcy and also involved many

months of negotiations.  Plaintiffs' Counsel and Defendants' Counsel are knowledgeable and

experienced in class action litigation and in the subject matter involved in this case.

3.     Neither the fact of the Settlement nor the submission of the Amended Agreement

for court approval constitute, or shall be construed as, an admission of liability or responsibility

on the part of Defendants GMAC Mortgage, LLC ("GMACM") and/or Homecomings

---

[1]  All capitalized terms not otherwise defined in this Order shall have the same meaning as
defined in the Agreement.

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
NOTICE AND SETTING FINAL APPROVAL HEARING
DATE - 2

1   Financial, LLC ("Homecomings" and, together with GMACM, the "Settling Defendants"),

2   which continue to deny all liability and disclaim all responsibility.

3        4.    On _____, 2014, the Settling Defendants' Counsel submitted the Amended

4   Agreement to the United States Bankruptcy Court ("Bankruptcy Court") for the Southern

5   District of New York, Case No. 12-12020 (MG), in connection with a joint motion pursuant to

6   Federal Rule of Bankruptcy Procedure 9019, and the Bankruptcy Court entered an order

7   approving the Amended Agreement on _____, 2014.

8        5.    A hearing is appropriate to consider whether or not to grant final approval of the

9   Settlement, at which time the Court will hear from the parties and Settlement Class Members

10  and will evaluate the proposed Settlement and the application of Plaintiffs' Counsel for the

11  Attorney Fee Award and the Representative Plaintiff Awards.  Holding the Final Approval

12  Hearing on _____, **2014** will allow sufficient time for Settlement Class

13  Members to receive notice of and comment on the Settlement and for Settlement Class

14  Members to opt out of the Settlement Class, if they so desire.

15       6.    The plan for notifying class members ("Notice Plan") set forth in the Amended

16  Agreement and the Class Notice proposed by the Parties comports with all of the requirements

17  of CR 23 and state and federal standards of constitutional due process as the best notice

18  practicable under the circumstances of this case.  The Notice Plan provided in the Amended

19  Agreement and the proposed Class Notice will provide the Settlement Class members with the

20  information necessary to make an informed decision regarding their participation in the

21  Settlement.  The Class Notice is accurate and informative regarding the claims and defenses

22  asserted in the Actions, and the reasons for and the terms of the Settlement.  The Notice Plan

23  provided in the Amended Agreement should be approved, the Class Notice attached hereto as

24  *Exhibit A* should be distributed to the Settlement Class, and the detailed Class Notice attached

25

26

27

28  ORDER PRELIMINARILY APPROVING CLASS ACTION
    SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
    NOTICE AND SETTING FINAL APPROVAL HEARING
    DATE - 3

1   hereto as *Exhibit B* should be posted on Plaintiffs' Counsel's website and made available to

2   Settlement Class members upon request to the Settlement Administrator.

3   ## II. ORDER

4   GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

5   1.      Certification of the Settlement Class as previously defined and certified by this

6   Court shall be maintained for settlement purposes only.  Potential Class Members who timely

7   requested exclusion from the Settlement Class following the original Class Notice are excluded

8   from the Settlement Class.  If for any reason the Amended Agreement is not approved or the

9   Effective Date does not occur, this provisional appointment and certification shall be null and

10  void and shall not be used or referred to for any purpose in this Action or in any other action or

11  proceeding.

12  2.      Pending a final determination on whether the Settlement should be approved,

13  neither Plaintiffs nor any Person in the Settlement Class shall commence, maintain or prosecute

14  any action or proceeding other than the Actions asserting any of the Settled Class Claims.  **All**

15  **proceedings in the Actions, except those relating to approving the Settlement, are stayed**

16  **and all current case deadlines in the Action are stricken except as provided in this**

17  **Preliminary Approval Order pending final determination of whether the Settlement**

18  **should be approved.**

19  3.      Tilghman & Co., PC, shall continue to act as the Claims Administrator.  The

20  Claims Administrator's and the Settling Defendants' respective obligations with respect to the

21  distribution of the Class Notice, the Awards, the Settlement Administration Costs, the Attorney

22  Fee Award, the Representative Plaintiff Awards, and the amounts (if any) remaining in the

23  Settlement Fund after payment of Awards shall be performed reasonably and in good faith.  So

24  long as they do, the Settling Defendants and the Claims Administrator shall not be liable for

25  erroneous, improper, or inaccurate distribution, and the releases in the Amended Agreement, the

26

27

28  ORDER PRELIMINARILY APPROVING CLASS ACTION
    SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
    NOTICE AND SETTING FINAL APPROVAL HEARING
    DATE - 4

Final Approval Order, and any judgment in the Actions including the Final Approval Order shall be effective as of the Effective Date as to Plaintiffs, Plaintiffs' Counsel and every Settlement Class Member notwithstanding any such error and regardless of whether such error is corrected.

4.      The Settling Defendants have previously delivered to the Claims Administrator a list of the last known mailing or property addresses for the Persons in the Settlement Class.  The Claims Administrator shall update this address information using the United States Postal Service National Change of Address ("NCOA") database once before mailing the Class Notice to the Settlement Class Members.  As soon as is reasonably practicable, but in no event more than thirty (30) calendar days from the date this Preliminary Approval Order is entered, the Claims Administrator shall mail the Class Notice to the Settlement Class Members at the addresses provided by the Settling Defendants or such addresses as may be provided by the NCOA update.  However, the Claims Administrator shall have no obligation to mail the Class Notice to Settlement Class Members whose addresses have already been determined to be invalid during the mailing of Class Notice pursuant to the Original Settlement or who validly executed a Request for Exclusion in response to such Class Notice.

5.      Proof of mailing of the Class Notices as provided above shall be filed at or prior to the Final Approval Hearing.  The mailing and the form of the Class Notice are hereby authorized and approved, and satisfy the Amended Agreement, the notice requirements of CR 23 and federal and state constitutional due process as the best notice practicable under the circumstances.

6.      Class Counsel shall file with the Court and serve on counsel for the Settling Defendants the application for final approval of the Settlement, the Attorney Fee Award and the Representative Plaintiff Awards no later than six (6) court days before the Final Approval Hearing.

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
NOTICE AND SETTING FINAL APPROVAL HEARING
DATE - 5

7.    Any Person in the Settlement Class may request exclusion by mailing or delivering a Request for Exclusion that satisfies the requirements of the Amended Agreement to the Claims Administrator within 45 days of the first mailing of the Class Notice (*Exhibit A*). The Claims Administrator shall email .pdf copies of each Request for Exclusion to Plaintiffs' Counsel and Defendants' Counsel within ten (10) court days of receiving such Request for Exclusion.

8.    Any Person in the Settlement Class who becomes an Opt Out by properly and timely exercising the right to be excluded from the Settlement Class will not (i) be bound by any judgment entered in the Actions in connection with the Settlement, including, without limitation, the Final Approval Order, (ii) be entitled to relief or be affected by the Settlement, (iii) gain any rights by virtue of the Settlement, or (iv) be entitled to object to any aspect of the Settlement.  Each Person in the Settlement Class who does not submit a timely and properly completed and executed Request for Exclusion shall be a Settlement Class Member, and shall be bound by the terms of the Amended Agreement and the Final Approval Order, if Final Approval and the Effective Date occur, whether or not such Settlement Class Member receives an Award under the Settlement.  The Final Approval Order shall have attached to it a schedule of the Opt Outs.

9.    Settlement Class Members who do not enter an appearance through their own attorneys will be represented at the Final Approval Hearing by Plaintiffs as class representatives and by Plaintiffs' Counsel as counsel for the Settlement Class.

10.    Settlement Class Members who wish to receive an Award are not required to submit a claim form.  If Final Approval occurs, (i) the Settling Defendants shall deliver the Settlement Fund to the Claims Administrator as provided in Section VI of the Amended Agreement, (ii) Awards shall be calculated and mailed as provided in Section V of the

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
NOTICE AND SETTING FINAL APPROVAL HEARING
DATE - 6

1    Amended Agreement, and (iii) any remainder of the Settlement Fund shall be distributed as

2    provided in Section V of the Amended Agreement.

3        11.    **The Court will conduct the Final Approval Hearing pursuant to Rule 23 of**

4    **the Washington Rules of Civil Procedure at _____, on _____, 2014**

5    **in Courtroom _____ of the King County Superior Court, Seattle, Washington**, to determine

6    (a) whether the proposed Settlement, on the terms and conditions set forth in the Amended

7    Agreement, is fair, reasonable and adequate, (b) whether the Amended Agreement should be

8    finally approved by the Court, including whether the Class Notice and the Request for

9    Exclusion forms have been distributed according to this Preliminary Approval Order, (c)

10   whether the Settled Class Claims should be dismissed on the merits, with prejudice, (d) whether

11   to grant or overrule any objections to the Settlement, the Amended Agreement, the Attorney Fee

12   Award or the Representative Plaintiff Awards, (e) to consider Plaintiffs' Counsel's application

13   for an Attorney Fee Award and Representative Plaintiff Awards and (f) to consider whether the

14   Final Approval Order should be entered.  The Final Approval Hearing may be continued from

15   time to time without further notice to the Settlement Class.

16       12.    Any Settlement Class Member may appear at the Final Approval Hearing and

17   object to the Settlement or the application of Plaintiffs' Counsel for the Attorney Fee Award or

18   the Representative Plaintiff Awards.  For any objection to be considered at the Final Approval

19   Hearing, the objecting Settlement Class Member (a) must not be an Opt Out, (b) must file a

20   statement with the Clerk of this Court setting forth the specific grounds for objection and

21   attaching any supporting papers the Settlement Class Member desires the Court to consider

22   (collectively, the "Objection"), and (c) provide a copy of the Objection to Plaintiffs' Counsel

23   and counsel for Defendants by mailing, postmarked no later than 45 days from the date of the

24   initial mailing of the Class Notice (*Exhibit A*), to Schroeter Goldmark & Bender (c/o Adam

25   Berger), 500 Central Building, 810 Third Avenue, Seattle, WA 98104, and to LOCKE LORD LLP

26

27

28   ORDER PRELIMINARILY APPROVING CLASS ACTION
     SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
     NOTICE AND SETTING FINAL APPROVAL HEARING
     DATE - 7

(c/o J. Matthew Goodin), 111 South Wacker Drive, Chicago, IL 60606, referring on the envelope to *Gardner v. GMAC Mortgage, LLC*, Case No. 10-2-36902-3 SEA. The filing of an objection shall not extend the time within which a Settlement Class Member may file a Request for Exclusion.

13.    This Order is without prejudice to the Settling Defendants' rights to contest all issues in the Actions including (without limitation) all issues under Rule 23 relating to the certification of a class, if the Settlement is terminated, is not approved, or the Effective Date does not occur for any reason. The certification of the Settlement Class is conditional and preliminary, solely for purposes of settlement, and is not a concession by Defendants on the merits of the Settled Class Claims or the existence of any certifiable class in the Actions.

15.    If the Settlement is terminated, is not approved, or the Effective Date does not occur for any reason, this Order shall be rendered null and void and the parties shall return to their respective litigation positions as of the date immediately prior to its entry; provided, however that a new case schedule shall be set by the Court.

IT IS SO ORDERED.

DATED this _____ day of _____, 2014

_____
Hon. Laura Gene Middaugh

Submitted by:

SCHROETER GOLDMARK & BENDER

_____
Adam J. Berger, WSBA No. 20714

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
NOTICE AND SETTING FINAL APPROVAL HEARING
DATE - 8

1

2  BERRY & BECKETT, PLLP

3  Guy W. Beckett, WSBA No. 14939

4

5  WILLIAMSON & WILLIAMS

6  Rob Williamson, WSBA No. 11387

7

8  *Attorneys for Plaintiffs*

9  Approved as to form by:

10  LOCKE LORD LLP

11  _____

12  Thomas J. Cunningham, *pro hac vice*

13  J. Matthew Goodin, *pro hac vice*

14  Regina I. McClendon, *pro hac vice*

15

16  SUSSMAN SHANK LLP

17  William G. Fig, WSBA No. 33943

18  *Attorneys for Defendants*

19

20

21

22

23

24

25

26

27

28  ORDER PRELIMINARILY APPROVING CLASS ACTION
    SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS
    NOTICE AND SETTING FINAL APPROVAL HEARING
    DATE - 9

# EXHIBIT A

Honorable Laura Gene Middaugh

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ALAN GARDNER, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, a foreign corporation,<br><br>      Defendant. | No. 10-2-36902-3 SEA |
| TIFFANY SMITH, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HOMECOMINGS FINANCIAL, LLC, a foreign corporation,<br><br>      Defendant. | No. 11-2-10126-6 SEA<br><br>NOTICE OF CLASS ACTION CERTIFICATION AND PROPOSED SETTLEMENT |

**THIS NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY**

You may have received a notice of class action settlement regarding an agreement dated March 2, 2012 (the "Original Settlement") to settle these cases because you paid a fee to GMAC Mortgage, LLC ("GMACM") or Homecomings Financial, LLC ("Homecomings") to record a Substitution of Trustee (SOT) or similar form when you paid off your home loan in Washington State.  GMACM and Homecomings subsequently filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

NOTICE OF CLASS ACTION CERTIFICATION AND
PROPOSED SETTLEMENT – 1
863125

1  ("Bankruptcy Court") on May 14, 2012 (the "Bankruptcy Proceeding"). The Bankruptcy

2  Proceeding abrogated the effect of the Original Settlement. Plaintiffs' Counsel filed two

3  Proofs of Claim in the Bankruptcy Proceeding on October 23, 2012 (the "Claims").

4      The purpose of this notice is to provide you with information about the Court's

5  continued certification of these cases as a class action for settlement purposes, the parties'

6  proposed settlement of the cases and the Claims (the "Settlement"), and your rights with

7  respect to the settlement class certification and the Settlement.

8                          **WHAT ARE THESE CASES ABOUT?**

9      Plaintiffs Alan Gardner and Tiffany Smith allege that GMACM and Homecomings

10  breached their contracts with borrowers and violated the Washington Consumer Protection

11  Act by collecting SOT recording fees from borrowers at the time borrowers paid off their

12  Washington home loans.

13      GMACM and Homecomings deny Plaintiffs' claims and allegations and assert that

14  they were allowed to charge SOT recording fees by the applicable contracts, and that their

15  collection of such fees fully complied with all applicable Washington state laws.

16      The Court has not ruled on the merits of Plaintiffs' claims and has not decided

17  whether Plaintiffs or Defendants would win these cases. However, the parties have engaged

18  in lengthy settlement negotiations and have agreed on a proposed settlement of the lawsuits

19  and Claims in the Bankruptcy Proceeding that they believe is fair, adequate and reasonable,

20  and in the best interests of the members of the Settlement Class. The terms of the proposed

21  Settlement are summarized below. If the Settlement is approved first by the Bankruptcy

22  Court, and then by this Court at the final settlement approval hearing on _____, 2014,

23  settlement payments will be distributed to members of the Settlement Class as described

24  below. In addition, the Court will enter an order permanently dismissing all claims that were

25  or could have been asserted in the lawsuit as explained below.

26

27

28  NOTICE OF CLASS ACTION CERTIFICATION AND
PROPOSED SETTLEMENT – 2
863125

## WHAT IS A CLASS ACTION?

The Court provisionally certified these cases as a class action for purposes of the Original Settlement on March 14, 2012. On _____ the Court granted continued certification of these cases as a class action for purposes of an Amended Class Action Settlement Agreement (the "Amended Agreement") dated _____. A "class action" is a type of lawsuit in which the named plaintiffs are entitled to bring a lawsuit for themselves and on behalf of a larger group of similarly situated "Class Members."  In a class action, the final outcome of the lawsuit will apply in the same manner to all class members unless they choose to be excluded from the lawsuit.

In these cases, the Court approved Alan Gardner and Tiffany Smith (the "Named Plaintiffs") to serve as class representatives and Adam J. Berger and Martin S. Garfinkel of Schroeter Goldmark & Bender, Guy Beckett of Berry & Beckett PLLP, and Roblin Williamson of  Williamson & Williams to act as attorneys for the Settlement Class ("Class Counsel").  The Court has certified this Class for settlement purposes only, and should the Court fail to grant final approval of the Settlement for any reason, the Settlement Class will be decertified and the Parties will proceed with litigation of the cases and Claims in the Bankruptcy Proceeding.  If the Court grants final approval of the Settlement described below, and you choose to remain a member of the Settlement Class, you will be bound by the proposed Amended Agreement.

## WHAT ARE THE REASONS FOR THIS SETTLEMENT?

Since Plaintiffs filed their Complaints, Plaintiffs and Defendants have conducted extensive litigation and discovery concerning the claims asserted by Plaintiffs and have vigorously investigated the facts and law applicable to the case.

Plaintiffs and their counsel reached the Settlement after considering the risks and benefits to the class of settlement or continued litigation.  Among the factors considered were the likelihood that the settlement will provide fair, cost-effective and assured compensation

NOTICE  OF  CLASS  ACTION  CERTIFICATION  AND
PROPOSED SETTLEMENT – 3
863125

1    for class members in light of the Bankruptcy Proceeding, the risks, difficulties, and

2    uncertainties in obtaining and maintaining certification of a litigation class and in proving

3    liability and damages at trial, and the expense and delay inherent in continued litigation and

4    appeals.  Plaintiffs and their counsel balanced these risks in determining that the proposed

5    Settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class.

6          GMACM and Homecomings have concluded that further litigation of the class action

7    and Claims would be protracted and expensive for all parties.  Substantial amounts of time,

8    energy and resources have been and, unless this Settlement is made, will continue to be,

9    devoted to the companies' defense of Plaintiffs' claims.  Defendants also recognize that

10   litigating these cases on a class action basis would be expensive and time consuming.

11   Defendants have, therefore, agreed to the terms set forth in the proposed Amended

12   Agreement to finally resolve all claims in the class actions.

13        As noted above, GMACM and Homecomings have denied and continue to deny each

14   of the claims and contentions alleged by Plaintiffs in these class actions and in the

15   Bankruptcy Proceeding.  Neither the proposed Amended Agreement, nor any action taken to

16   carry out the proposed Amended Agreement is, may be construed as, or may be used as an

17   admission, concession, or indication by or against GMACM or Homecomings, or their

18   officers, directors, members, employees or representatives, of any fault, wrongdoing or

19   liability whatsoever.

20                **DESCRIPTION OF THE PROPOSED SETTLEMENT**

21        The following is a summary of the basic provisions of the proposed Settlement.  The

22   specific and complete terms are contained in the proposed Amended Agreement, a copy of

23   which is on file with the Clerk of the Court, King County Courthouse, Seattle, Washington.

24       •  Defendants will create a Settlement Fund of $285,000 that will be used to pay all

25   individual Class Member awards, Class Counsel's attorneys' fees and costs, settlement

26   administration costs, and any class representative fees in the case.

27

28   NOTICE OF CLASS ACTION CERTIFICATION AND
PROPOSED SETTLEMENT – 4
863125

1  • There are two relevant time periods in the case. The claims against GMACM will be

2  settled for the time period from October 20, 2004 through the Date of the Settlement

3  Agreement. The claims against Homecomings will be settled for the time period from March

4  18, 2005 through the Date of the Settlement Agreement. Collectively, these dates constitute

5  the "Settlement Class Period."

6  • The net balance of the Settlement Fund, after deduction of any attorneys' fees and

7  costs, settlement administration costs, and class representative fees awarded by the Court,

8  will be divided equally among the award recipients. Class Counsel estimate that the

9  individual settlement award for each award recipient will be approximately $1.65 if the Court

10  approves the requested attorneys' fees and costs, settlement administration costs, and class

11  representative fees described below.

12  • Upon final approval of the Settlement by the Court, individual settlement awards will

13  be sent automatically to all Settlement Class Members for whom the Claims Administrator

14  has a valid address. The Claims Administrator shall be deemed to have a valid address for a

15  Settlement Class Member when the Summary Class Notice sent to that Class Member has not

16  been returned as undeliverable after the initial mailing or remailing following a reasonable

17  address trace. Settlement Class Members need not submit a claim form or take any other

18  action in order to receive the individual settlement awards.

19  • Settlement Class Members shall have ninety (90) days following distribution of the

20  individual settlement awards to cash the individual settlement award checks.

21  • Subject to approval by the Court, Class Counsel will request an attorneys' fee award

22  of up to 25% of the Settlement Fund, plus out-of-pocket costs incurred in litigation of the case

23  and administration of the Settlement.

24  • Subject to approval by the Court, Plaintiff Alan Gardner and Plaintiff Tiffany Smith

25  will receive payments out of the Settlement Fund of up to $8,000 and $4,000, respectively, as

26  class representative fees. These sums are intended to compensate the Plaintiffs for their time

27

28  NOTICE OF CLASS ACTION CERTIFICATION AND
PROPOSED SETTLEMENT – 5
863125

1   and effort expended as the representatives of the class and will be in addition to their
2   individual settlement awards.

3   • Any amounts remaining in the Settlement Fund after distribution of the individual
4   settlement awards as a result of opt-outs, undeliverable Notices, or uncashed settlement
5   award checks will be distributed equally to the Legal Foundation of Washington (50%) and
6   the Northwest Consumer Law Center (50%).

7   ## WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT

8   If the Court approves the Settlement, the Court will enter a Final Judgment dismissing
9   the Class Actions with prejudice, and within five (5) business days, Plaintiffs will withdraw
10  their Claims in the Bankruptcy Proceeding. The effect of such a Final Judgment will be to
11  release and discharge GMACM and Homecomings from all claims for collection of the SOT
12  recording fees under any state, federal, contract, or other law arising during the Settlement
13  Class Period described above that were or could have been asserted by the named Plaintiffs
14  or Class Members based on the facts and circumstances alleged in the Complaints. When
15  claims are "released," that means that a person covered by the release cannot later sue or
16  recover from GMACM or Homecomings for any of the claims that are covered by the
17  Release.

18  ## WHAT OPTIONS DO I HAVE
19  ## WITH RESPECT TO THE CASE AND THE SETTLEMENT?

20  **1.    Option to Remain in Class Action**:

21  You do not need to do anything to remain a member of this class. Unless you
22  specifically request to be excluded from the class or have already requested to be excluded
23  from the class, you will be deemed a member of the class. As a member of the class, you
24  will be bound by all terms of any settlement and judgment finally approved by the Court.

25  You will not need to file a claim form to receive compensation under the proposed
26  settlement if you remain in the class. If the Court grants final approval of the settlement, you

27

28  NOTICE OF CLASS ACTION CERTIFICATION AND
    PROPOSED SETTLEMENT – 6
    863125

1  will receive your individual settlement award check approximately 30 days after the date that

2  final approval becomes final and not subject to any appeal.

3      **2.      Option to Decline Participation in the Settlement:**

4      If you do not want to remain a member of the Settlement Class, you must make a

5  written request to be excluded from the class in writing.  A form for requesting exclusion is

6  appended to this Notice.  You do not need to make a written request to be excluded from the

7  class if you have already done so.

8      Your request for exclusion must include your name, current address, telephone

9  number, last four digits of your social security number, your signature, and an unequivocal

10  statement that you intend to be excluded from the Settlement.  If there was more than one

11  borrower obligated on a loan for which GMACM or Homecomings collected an SOT

12  recording fee, a request for exclusion will be valid for such transaction only if all borrowers

13  request exclusion from the Settlement.  If you paid multiple SOT recording fees during the

14  Settlement Class Period, your request for exclusion will presumptively apply to all such

15  transactions, unless you specify by loan number, date, or address of the real property subject

16  to the loan payoff which transaction(s) you wish to be excluded from the Settlement.

17      In order for your request for exclusion to be valid, you must mail it to the Claims

18  Administrator at the following address, postmarked no later than _____, 2014:

19      GMAC/Homecomings Class Action Settlement

20      PO Box 11250

21      Birmingham, AL 35202-2983

22      If you submit a valid and timely request for exclusion from the Settlement Class you

23  will not be entitled to receive any benefits under the proposed Amended Agreement, nor will

24  you be bound by its terms or any Final Judgment if the Settlement is approved by the

25  Superior Court.  In that event, you may pursue any claims you may have against GMACM or

26  Homecomings by filing your own lawsuit, subject to all applicable defenses.

27

28  NOTICE OF CLASS ACTION CERTIFICATION AND
PROPOSED SETTLEMENT – 7
863125

**3.    To Object to the Settlement:**

If you wish to remain in the class action but object to the settlement, the attorneys' fee award, or the class representative fee, you must file an objection in writing with the Court by ____, 2014 and serve copies upon Class Counsel and Defendants' Counsel at the following addresses, postmarked no later than _____, 2014:

| Class Counsel | Defendants' Counsel |
|---|---|
| Adam J. Berger & Martin Garfinkel | Thomas J. Cunningham & J. Matthew Goodin |
| Re: GMACM/Homecomings Settlement | Re: GMACM/Homecomings Settlement |
| Schroeter Goldmark & Bender | LOCKE LORD LLP |
| 810 Third Avenue, Suite 500 | 111 S. Wacker Drive |
| Seattle, WA  98115 | Chicago, IL 60606 |

Your objection must contain your name, current address, and the substance of your objections.

You may also appear in person at the final approval hearing in order to explain your objection to the settlement, if you state your desire to do so in your written objections.  You may hire an attorney at your own expense to represent you at this hearing and in making objections to the settlement.  If you do not file written objections and state your intent to appear in advance of the hearing, you will not be allowed to present oral objections at the hearing.

Only Class Members who object to the proposed Settlement in accordance with these procedures shall be permitted to appeal or otherwise seek review of the Superior Court's decision approving the proposed Settlement.  Class Members who fail to present objections to the proposed Settlement in the manner provided above shall be deemed to have waived any such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

## FINAL SETTLEMENT APPROVAL HEARING

On _____ 2014, at 8:30 a.m., at the King County Courthouse in Seattle, Washington, the Honorable Laura Gene Middaugh will conduct a hearing (the "Final Settlement Approval

NOTICE OF CLASS ACTION CERTIFICATION AND PROPOSED SETTLEMENT – 8
863125

1   Hearing") to determine whether the proposed Settlement is fair, adequate and reasonable, and

2   should be granted final approval.   The date and time of the Final Settlement Approval

3   Hearing are subject to change without further notice.

4                   **EXAMINATION OF COURT PAPERS AND INQUIRIES**

5           The foregoing is only a summary of this class action and the proposed Settlement and

6   does not purport to be comprehensive.   For more detailed information, interested persons

7   should refer to the pleadings filed in this case, which may be inspected at the Office of the

8   Clerk of the King County Superior Court in Seattle, Washington.   All questions concerning

9   the proposed Settlement should be directed to the Claims Administrator at 1-888-465-9207.

10  **PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE,**

11  **DEFENDANT OR THE DEFENDANT'S ATTORNEYS WITH INQUIRIES**.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## **REQUEST FOR EXCLUSION**

3

*Gardner v. GMAC Mortgage LLC,* No. 10-2-36902-3 SEA

4

*Smith v. Homecomings Financial LLC,* No. 11-2-10126-6 SEA

5

6 Name: _____

7 Address: _____

8 Telephone No.: _____

9 Last Four Digits of Your Social Security No.: _____

10
11 ☐    I wish to be excluded from the Settlement Class in *Gardner v. GMAC Mortgage LLC,*
No. 10-2-36902-3 SEA, and *Smith v. Homecomings Financial, LLC,* No. 11-2-10126-6

12 SEA (King Co. Superior Court).  **This Request for Exclusion does not need to be**

13 **submitted if you previously submitted a Request for Exclusion from this**

14 **Settlement Class.**

15
16 _____

17 Signature

18

19 If more than one borrower was obligated on your mortgage, all borrowers must submit a

20 request for exclusion in order for your request for exclusion to be valid.

21

22 If you wish to request exclusion for only some, but not all, of your transactions with

23 GMACM or Homecomings during the Settlement Class Period, please provide as much of

24 the following information as possible for each transaction you wish excluded.  You do not

25 need to provide this information if you want all of your transactions excluded.

26
27
28 NOTICE OF CLASS ACTION CERTIFICATION AND
PROPOSED SETTLEMENT – 10
863125

Loan No.: _____

Loan Payoff Date: _____

Address of Mortgaged Property:    _____

_____

In order to exclude yourself from the Settlement Class in this case, you must complete and

mail this form, postmarked no later than ____, 2014, to:

       GMAC/Homecomings Class Action Settlement

       PO Box 11250

       Birmingham, AL 35202-2983

# EXHIBIT 2

1

2

3                                                         Hon. Laura Gene Middaugh

4

5

6

7

8

9            SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

10
ALAN GARDNER, on behalf of himself and          No. 10-2-36902-3 SEA
11   others similarly situated,

12          Plaintiff
       v.
13
GMAC MORTGAGE, LLC, a foreign
14   corporation,

15          Defendant
     _____
16   TIFFANY SMITH, on behalf of herself and      No. 11-2-10126-6 SEA
     others similarly situated,
17
          Plaintiff                             ORDER, JUDGMENT AND DECREE
18                                              GRANTING FINAL APPROVAL TO
       v.                                       CLASS ACTION SETTLEMENT,
19                                              APPROVING ATTORNEY FEE AWARD,
HOMECOMINGS FINANCIAL, LLC, a                APPROVING REPRESENTATIVE
20   foreign corporation,                        PLAINTIFF AWARD AND DISMISSING
                                                CLAIMS WITH PREJUDICE[1]
21          Defendant
     _____

22

23

24

25
     _____
26   [1] The written Amended Class Action Settlement Agreement (the "Amended Agreement")
     hereby approved is attached as _Exhibit A_ and made part of this Order in its entirety.
27

28   ORDER, JUDGMENT AND DECREE GRANTING FINAL
     APPROVAL TO CLASS ACTION SETTLEMENT,
     APPROVING ATTORNEY FEE AWARD, APPROVING
     REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
     CLAIMS WITH PREJUDICE - 1

# I. FINDINGS OF FACT

1.    On October 20, 2010, plaintiff Alan Gardner filed a putative class action against GMAC Mortgage, LLC ("GMACM"), *Alan Gardner, et al. v. GMAC Mortgage, LLC*, Case No. 10-2-36902-3 SEA (the "*Gardner* Action"), on behalf of borrowers in the State of Washington alleging that GMACM improperly recouped from borrowers fees that GMACM incurred to record substitution of trustee or appointment of substitute trustee documents with county recorders ("Substitution Recording Fees") when borrowers paid off loans serviced by GMACM.

2.    On March 18, 2011, plaintiff Tiffany Smith filed a putative class action against Homecomings Financial, LLC ("Homecomings" and, together with GMACM, the "Settling Defendants"), *Tiffany Smith, et al. v. Homecomings Financial, LLC*, Case No. 11-2-10126-6 SEA (the "*Smith* Action" and, together with the *Gardner* Action, the "Actions"), on behalf of borrowers in the State of Washington alleging that Homecomings improperly recouped from borrowers Substitution Recording Fees when borrowers paid off loans serviced by Homecomings.

3.    On or about March 2, 2012, Plaintiffs and the Settling Defendants entered into an agreement to settle the Actions under the terms of a written Class Action Settlement Agreement (the "Original Settlement"), which was presented to and preliminarily approved by the Court on March 15, 2012.

4.    On May 14, 2012, after notice of the Original Settlement had been mailed to the Settlement Class, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including the Settling Defendants, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court ("Bankruptcy Court") for the Southern District of New York, Case No. 12-12020 (MG) (the "Bankruptcy Proceeding").

5.    Commencement of the Bankruptcy Proceeding subjected the Actions to a stay of proceedings pursuant to 11 U.S.C. § 362(a).

6. On October 23, 2012, Plaintiffs' Counsel filed two Proofs of Claim in the Bankruptcy Proceeding (together, the "Claims").

7. The Settling Defendants deny plaintiffs' allegations in the Actions, and the Claims in the Bankruptcy Proceeding, and contend, among other things, that (1) the Substitution Recording Fees were permitted by the contracts, (2) the Substitution Recording Fees were authorized by the borrowers, (3) the borrowers received a substantial monetary benefit in exchange for payment of the Substitution Recording Fees, (4) the manner of charging, disclosing and requesting payment of the Substitution Recording Fees was not unfair or deceptive and did not have the capacity to deceive or mislead borrowers, (5) no class should be certified in the Actions, and (6) they would prevail in the Actions if they proceeded.

8. GMACM has identified approximately 41,369 instances where Substitution Recording Fees were recouped and retained from borrowers on loans secured by properties in the State of Washington during the period from October 20, 2004 to the date when GMACM stopped collecting Substitution Recording Fees.

9. Homecomings has identified approximately 23,669 instances where Substitution Recording Fees were recouped and retained from borrowers on loans secured by properties in the State of Washington during the period from March 18, 2005 to the date when Homecomings stopped collecting Substitution Recording Fees.

10. The parties have engaged in contested litigation and have exchanged substantial information about the facts underlying Plaintiffs' claims and the claims of the Settlement Class Members. They have conducted extensive, arms-length settlement discussions over the terms of the proposed Settlement, including providing pre-mediation submissions and engaging in a day-long mediation before the Hon. Terry Lukens (Retired).

11. Based upon extensive analysis of the facts and the law applicable to plaintiffs' claims in the Actions, and the Claims in the Bankruptcy Proceeding, and taking into account the

1  extensive burdens and expense of litigation, including the risks and uncertainties associated with

2  protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving

3  the claims of the Settlement Class in light of the Bankruptcy Proceeding, plaintiffs and

4  Plaintiffs' Counsel have concluded that the proposed Settlement provides substantial benefits to

5  the Settlement Class and is fair, reasonable, adequate and in the best interests of the Settlement

6  Class.

7        12.    Although the Settling Defendants deny the assertions by plaintiffs in the Actions,

8  deny the validity of the Claims, and deny any wrongdoing or liability to plaintiffs or the putative

9  class of any kind, the Settling Defendants have concluded that the Amended Agreement is in

10  their best interests to avoid the time, expense and management distraction of defending

11  potentially protracted litigation.

12        13.    On _____, 2014, Settling Defendants' Counsel submitted the Amended

13  Agreement to the Bankruptcy Court in connection with a joint motion pursuant to Federal Rule

14  of Bankruptcy Procedure 9019, and the Bankruptcy Court entered an order approving the

15  Amended Agreement on _____, 2014.

16        14.    This Court previously considered Plaintiffs' motion for preliminary approval of a

17  Settlement in the Actions, together with supporting materials, including the Amended

18  Agreement, the Notice Plan, and the proposed Class Notice.  On _____, 2014, this

19  Court entered its Order Preliminarily Approving Class Action Settlement, Authorizing

20  Distribution of Class Notice and Setting Final Approval Hearing (the "Preliminary Approval

21  Order").   Among other things, the Preliminary Approval Order approved and directed the

22  distribution of the Class Notice regarding the proposed Settlement, set deadlines for the filing of

23  requests for exclusion and objections, and set the date for the Final Approval Hearing.

24        15.    The Parties and the Claims Administrator have submitted declarations and

25  exhibits demonstrating that they have complied with all of the requirements of the Preliminary

28  ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 4

1    Approval Order concerning the distribution of the Class Notice to the Settlement Class. On

2    _____, 2014, Plaintiffs' Counsel filed a motion seeking final approval of the

3    Settlement and seeking an Attorney Fee Award and Representative Plaintiff Awards.

4        16.    On _____, 2014, this Court held the Final Approval Hearing to

5    consider, among other things, whether to grant final approval to (a) the Settlement, (b)

6    Plaintiffs' Counsel's application for the Attorney Fee Award and the Representative Plaintiff

7    Awards, and (c) the entry of this Final Approval Order.

8        17.    Having read, reviewed and considered the papers filed with this Court, the oral

9    arguments of counsel, and the written and oral objections and comments of all those who

10    appeared at the Final Approval Hearing, and based on the entire record in the Actions, the Court

11    finds that the Settlement and the Amended Agreement are fair, reasonable, adequate and in the

12    best interests of the Settlement Class and should be finally approved.

13            **II.    ORDER, JUDGMENT AND DECREE**

14        The Court having considered the record in the Actions, the materials submitted in

15    connection with the Preliminary Approval Motion, the materials submitted in connection with

16    the motion for final approval of the Settlement and the Amended Agreement and good cause

17    having been shown,

18        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

19        1.    This Court has subject matter jurisdiction over the claims asserted in this

20    proceeding including the Settled Class Claims, has personal jurisdiction over the settling parties

21    (including the Persons in the Settlement Class), and subject matter jurisdiction to approve the

22    Settlement.

23        2.    As demonstrated by declarations, the parties have complied with the terms of the

24    Preliminary Approval Order regarding notice to the Persons in the Settlement Class. Notice

25    given to the Persons in the Settlement Class was reasonably calculated under the circumstances

26

27

28    ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 5

to apprise the Persons in the Settlement Class of the pendency of this action, all material terms

of the Amended Agreement, their opportunity to exclude themselves from the Settlement Class,

to object to or to comment on the Amended Agreement, and to appear at the Final Approval

Hearing. The notice was reasonable and the best notice practicable under the circumstances,

was due, adequate, and sufficient notice to all Persons in the Settlement Class, and complied

fully with the laws of the State of Washington, the Washington Civil Rules, state and federal

constitutional due process, and any other applicable rules of the Court. Settlement Class

Members were provided a full opportunity to participate in the Final Approval Hearing, and all

Settlement Class Members and other persons wishing to be heard have been heard.

Accordingly, the Court determines that all Persons in the Settlement Class, except those who are

Opt Outs because they timely and properly excluded themselves from the Settlement Class, are

bound by the Amended Agreement and this Final Approval Order.

3.    The Opt Outs are identified on a list appended to this Order. The Opt Outs are

not bound by the Amended Agreement or this Final Approval Order.

4.    The Settlement Class (as defined in the Preliminary Approval Order) is granted

final certification for purposes of the Settlement.

5.    The Court hereby grants final approval to the Settlement as set forth in the

Amended Agreement and finds that it is fair, adequate and reasonable, and in the best interests

of the Settlement Class as a whole. The parties entered into the Amended Agreement after

contested litigation and in good faith after extensive, non-collusive and arms-length

negotiations, including a full-day mediation before a knowledgeable retired judge. The Court

has considered and overrules all of the filed objections, if any.

6.    Neither this Final Approval Order nor the Amended Agreement is an admission

or indication by the Released Parties of the validity of any claims in the Action, Claims in the

Bankruptcy Proceeding, or of any liability or wrongdoing. This Final Approval Order and the

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 6

1  Amended Agreement are not a concession, and neither of them shall be used as an admission or

2  indication with respect to any claim of any wrongdoing, fault or omission by any Released Party

3  or any other person in connection with any transaction or occurrence or any statement, release

4  or written document issued, filed or made.  Neither this Final Approval Order nor the Amended

5  Agreement, nor any related document, proceeding or action, nor any reports or accounts thereof,

6  shall be offered or received in evidence in any civil, criminal or administrative proceeding,

7  other than proceedings that may be necessary to enforce the Amended Agreement and the

8  releases granted in the Amended Agreement or this Final Approval Order.

9      7.    Plaintiffs and all Settlement Class Members shall be and hereby are conclusively

10  deemed to have fully, finally, and forever released and discharged the Released Parties from the

11  Settled Class Claims as provided in the Amended Agreement.  This release is binding and

12  effective on each Settlement Class Member and any of their predecessors, successors, partners,

13  parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, marital

14  communities, heirs, executors, trustees, administrators and any other person or entity having any

15  legal or beneficial interest in the Settled Class Claims, including Unknown Class Claims.

16      8.    In connection with the releases in the Amended Agreement and this Final

17  Approval Order, the following capitalized terms have the following meanings:

18      (a)    "Released Party or Parties" means GMACM, Homecomings, and each of

19  their respective predecessors, successors, parents, subsidiaries, affiliates and assigns, together

20  with their past, present and future officers, directors, employees, independent contractors,

21  shareholders, investors, owners of any kind, representatives, controlling persons, partners,

22  associates, attorneys, accountants, service providers, agents, consultants, insurers, reinsurers,

23  subrogees, trustees and creditors, including without limitation, the heirs, marital communities,

24  executors, administrators, custodians, successors and assigns of any or all of them.

25

26

27

28  ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 7

(b)    "Settled Class Claims" means collectively any and all claims, demands, rights, liabilities, suits, matters, obligations, damages, losses, costs, actions and causes of action of every nature and description whatsoever, in law or equity, known or unknown, latent or patent, asserted, unasserted or that might have been asserted (including, without limitation, assigned claims and common law claims for breach of contract, unjust enrichment, violations of any Consumer Protection Act or state or federal statutes, rules or regulations) either directly, in a representative capacity or in any other capacity, by the Releasing Parties against the Released Parties, arising from or in any way relating to the Settling Defendants' demand for, or collection or retention from Settlement Class Members of, Substitution Recording Fees or the Settling Defendants' making of alleged misrepresentations, omissions, statements, misleading disclosures or failures to disclose information about such Substitution Recording Fees.  Settled Class Claims includes without limitation Unknown Class Claims and all claims asserted in any complaint on file in the Actions, and all claims alleged or asserted, or which could have been alleged or asserted, against the Released Parties which arise from the alleged acts, omissions, representations, facts, events, matters, transactions or occurrences at issue in the Actions.

(c)    "Unknown Class Claims" means any and all claims by the Releasing Parties against the Released Parties arising from the facts and circumstances that were alleged in the Actions based on facts which now exist, may hereafter exist, or have previously existed that the Releasing Parties may hereafter discover in addition to, or different from, those which Plaintiffs' Counsel and the Releasing Parties now know or believe to be true concerning the Settled Class Claims, without regard to the subsequent discovery of those facts by the Releasing Parties or the existence of any such different or additional facts.

The Releasing Parties have waived any and all rights which they may have had under or pursuant to (i) the provisions of section 1542 of the Civil Code of the State of California and/or

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 8

(ii) the provisions of any other similar statutory, regulatory or common law of any state, or of the United States.

9.     Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from prosecuting, commencing or continuing any proceedings regarding the Settled Class Claims against the Released Parties.

10.     No later than five (5) business days after entry of this Final Approval Order, and pursuant to the Amended Agreement, Plaintiffs shall withdraw their Claims in the Bankruptcy Proceeding.

11.     Without affecting the finality of this Final Approval Order, the Court reserves continuing jurisdiction over the Parties to the Amended Agreement and the Settlement Class, to administer, supervise, construe and enforce the Amended Agreement in accordance with its terms.

12.     The Amended Agreement is approved and expressly incorporated herein by this reference.  The parties shall consummate the Amended Agreement according to its terms.

13.     Without prejudice to the Opt Outs, the Actions are dismissed with prejudice and without an award of costs or fees to any party except as provided below.

14.     Within 15 days of the entry of this Order, Locke Lord LLP, as escrow agent, will deliver to the Claims Administrator Two Hundred Eighty-Five Thousand Dollars ($285,000) (the "Settlement Fund") to be held and disbursed by the Claims Administrator in accordance with the terms of this Order.  The Claims Administrator is authorized and directed to deposit the Settlement Fund into a segregated account, to calculate and pay Awards from the Settlement Fund to Award Recipients and distribute any remainder in the Settlement Fund Account as provided by this or subsequent orders of this Court.

15.     Plaintiffs' Counsel's request for the Attorney Fee Award, payable solely from the Settlement Fund, is approved in the amount of $_____, plus actual, reasonable

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 9

1    litigation costs of $_____.    The Claims Administrator shall pay the Attorney Fee Award

2    to the trust account of _____.

3        16.    Plaintiffs' Counsel's request for the Representative Plaintiff Awards is approved

4    in the amount of $8,000 for Alan Gardner and $4,000 for Tiffany Smith, payable solely from the

5    Settlement Fund.    The Claims Administrator shall pay the Representative Plaintiff Awards by

6    delivering checks payable to the Representative Plaintiffs to Plaintiffs' Counsel.

7        17.    The Claims Administrator shall calculate the amount payable to each Award

8    Recipient as provided in Paragraph 5.02 of the Amended Agreement and shall mail Award

9    checks within five business days after receiving the Settlement Fund.

10        18.    Award checks will be valid and will only be paid if they are cashed on or before

11    the Award Expiration Date.    Award checks shall include a legend indicating that after the

12    Award Expiration Date they are invalid, cannot be cashed and will not be honored.    The bank

13    holding the Settlement Fund Account established by the Claims Administrator is hereby

14    prohibited from paying or honoring any Award checks not cashed on or before the Award

15    Expiration Date.    The Claims Administrator is directed to provide the bank holding the

16    Settlement Fund Account with a copy of this Final Approval Order at the time that account is

17    opened and to draw its attention to this paragraph 18.

18        19.    Not later than thirty (30) calendar days after the Award Expiration Date, the

19    Claims Administrator shall distribute the funds remaining in the Settlement Fund Account, if

20    any, as provided in the Amended Agreement.

21        20.    If the Settlement does not become effective as provided in the Amended

22    Agreement, then this Final Approval Order shall be rendered null and void and shall be vacated.

23    In such event, all orders entered in connection with the Settlement (including, without

24    limitation, the Preliminary Approval Order) shall be vacated and the Parties shall return to their

25    respective litigation positions as of the date immediately preceding the entry of the Preliminary

26

27

28    ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 10

Approval Order.  In such event, the parties shall as soon as practicable meet and confer among themselves and, if needed, conduct an additional mediation session, to seek a revised proposed settlement, such meet and confer process and mediation to be concluded within 60 days after the failure of the Effective Date to occur.  If no revised settlement is reached, the Court shall set a new case schedule.

IT IS SO ORDERED.

DATED this _____ day of _____, 2014

_____

Hon. Laura Gene Middaugh

Submitted by:

SCHROETER GOLDMARK & BENDER

_____

Adam J. Berger, WSBA No. 20714

BERRY & BECKETT, PLLP

Guy W. Beckett, WSBA No. 14939

WILLIAMSON & WILLIAMS

Rob Williamson, WSBA No. 11387

*Attorneys for Plaintiffs*

ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 11

1    <u>Approved as to form by:</u>

2    LOCKE LORD LLP

3    _____

4    Thomas J. Cunningham, *pro hac vice*

5    J. Matthew Goodin, *pro hac vice*

6    Regina I. McClendon, *pro hac vice*

7

8    SUSSMAN SHANK LLP

9    William G. Fig, WSBA No. 33943

10    *Attorneys for Defendants*

28    ORDER, JUDGMENT AND DECREE GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT,
APPROVING ATTORNEY FEE AWARD, APPROVING
REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING
CLAIMS WITH PREJUDICE - 12

# EXHIBIT 3

## NOTICE OF CLASS ACTION SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE MAY AFFECT YOUR RIGHTS. A WASHINGTON COURT HAS AUTHORIZED THIS NOTICE.

Records show that you paid a fee to GMAC Mortgage LLC (GMACM) or Homecomings Financial LLC to record a Substitution of Trustee (SOT) or similar form when you paid off your home loan in Washington State sometime between 2004 and 2011. You are a class member in two consolidated lawsuits pending in King County Superior Court, Washington, *Gardner v. GMACM*, No. 10-2-36902-3 SEA, and *Smith v. Homecomings Financial, LLC*, No. 11-2-10126-6 SEA. The lawsuits were filed against GMACM and Homecomings alleging they improperly charged borrowers the SOT recording fee. GMACM and Homecomings deny these allegations. This notice informs you of a proposed amended settlement of this lawsuit and your options and rights with respect to the proposed amended settlement. This proposed amended settlement replaces the original settlement reached in March 2012 that was effectively abrogated by the bankruptcy of GMACM and Homecomings, and reflects the impact of that bankruptcy on the availability of assets to settle the claims in these actions.

The proposed settlement will resolve claims related to collection of the SOT recording fees by GMACM and Homecomings. It is anticipated that class members will receive approximately $1.65 for each fee they paid. If the Court grants final approval to the settlement, you will receive this money automatically and need not do anything further to receive payment. The proposed settlement also provides that class counsel may be awarded up to 25% of the settlement fund in attorneys' fees, plus actual litigation costs, and that the named plaintiffs may receive an additional incentive fee, subject to Court approval. **Your legal rights will be affected whether you act or do not act**. If you wish to exclude yourself from the class and the settlement or object to all or part of the proposed settlement, you must do so by _____, **2014**. If you do not exclude yourself from the settlement, you will be bound by any ruling the Court makes on the settlement. The Court will hold a hearing on final approval of the settlement on _____, **2014. A copy of the settlement agreement and a more detailed notice—including instructions on how to exclude yourself from the class or object to the proposed settlement—may be obtained by contacting the claims administrator at PHONE NUMBER and ADDRESS or by visiting class counsel's website at: www.sgb-law.com/case-updates/.**

# EXHIBIT 4

## REQUEST FOR EXCLUSION

### *Gardner v. GMAC Mortgage LLC*, No. 10-2-36902-3 SEA
### *Smith v. Homecomings Financial LLC*, No. 11-2-10126-6 SEA

Name: _____

Address: _____

Telephone No.: _____

Last Four Digits of Your Social Security No.: _____

☐    I wish to be excluded from the Settlement Class in *Gardner v. GMAC Mortgage LLC,* No.
10-2-36902-3 SEA, and *Smith v. Homecomings Financial, LLC,* No. 11-2-10126-6 SEA
(King Co. Superior Court). **This Request for Exclusion does not need to be submitted if
you previously submitted a Request for Exclusion from this Settlement Class.**

_____
Signature

If more than one borrower was obligated on your mortgage, all borrowers must submit a request
for exclusion in order for your request for exclusion to be valid.

If you wish to request exclusion for only some, but not all, of your transactions with GMACM or
Homecomings during the Settlement Class Period, please provide as much of the following
information as possible for each transaction you wish excluded.  You do not need to provide this
information if you want all of your transactions excluded.

Loan No.: _____

Loan Payoff Date: _____

Address of Mortgaged Property: _____

_____

In order to exclude yourself from the Settlement Class in this case, you must complete and mail
this form, postmarked no later than _____, 2014, to:

      Tilghman & Co., P.C.
      Re: GMACM/Homecomings Class Action Settlement
      P.O. Box 11250
      Birmingham, AL 35202