| | |
|---|---|
| MORRISON & FOERSTER LLP<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Todd M. Goren<br>Jennifer L. Marines<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 336-4323<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Debtors and*<br>*Debtors in Possession* | KRAMER LEVIN NAFTALIS &<br>FRANKEL LLP<br>Kenneth H. Eckstein<br>Douglas H. Mannal<br>Stephen D. Zide<br>Rachael L. Ringer<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone:  (212) 715-3280<br>Facsimile:  (212) 715-8000<br><br>*Counsel for the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| Debtors. | : | Jointly Administered |

**NOTICE OF THE DEADLINE AND PROCEDURES FOR**
**FILING CERTAIN ADMINISTRATIVE CLAIMS**

    **PLEASE TAKE NOTICE THAT**, on December 11, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Residential Capital, LLC and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (as may be amended, modified or supplemented from time to time, the "**Plan**").[1] On December 17, 2013, pursuant to the satisfaction of the conditions set forth in Article X.B of the Plan, the Effective Date of the Plan occurred, and the Plan was substantially consummated.

    Pursuant to the Plan, the Administrative Claim Bar Date shall be the first Business Day that is thirty (30) days following the Effective Date, **January 16, 2014** (the "**Administrative Claims Bar Date**"), unless otherwise ordered by the Bankruptcy Court.  This date, **January 16, 2014**, is the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units as defined in section 101(27) of the Bankruptcy Code) to file a request for payment (a "**Request for Payment**") for each Administrative Claim (as defined below) against any of the Debtors.

**1.     WHO MUST FILE A REQUEST FOR PAYMENT**

    **You MUST file a Request for Payment if you have an Administrative Claim and it is <u>not</u> among the types of claims described in section 2 below.**

    Pursuant to section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

ny-1121535

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

An **Administrative Claim** means any Claim for costs and expenses of administration under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses **incurred on and after May 14, 2012 through December 17, 2013** of preserving the Estates and operating the businesses of the Debtors, any indebtedness or obligations assumed by the Debtors in connection with the conduct of their businesses, and any Claim for goods delivered to the Debtors within twenty (20) days of the Petition Date and entitled to administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code.

Please consult your legal advisor if you have any uncertainty as to whether your proposed claim may constitute an Administrative Claim. The preceding explanation is intended to provide guidance, not to serve as legal advice.

2.  WHO NEED **NOT** FILE A REQUEST FOR PAYMENT

You do not need to file a Request for Payment on or prior to the Administrative Claim Bar Date if you are a:

(a)  holder of an Allowed Administrative Claim;

(b)  holder of an Administrative Claim paid in the ordinary course of business;

(c)  holder of a Claim of a Governmental Unit not required to be filed pursuant to section 503(b)(1)(D) of the Bankruptcy Code;

(d)  holder of a Professional Claim; or

(e)  holder of a Claim for U.S. Trustee Fees.

**You should not file a request for payment for an Administrative Claim if you do not have an Administrative Claim against the Debtors, or if the Administrative Claim you held against the Debtors has been paid in full.**

**This notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this notice does not mean that you have an Administrative Claim or that the Debtors or the Court believe that you have an Administrative Claim.**

3.  WHAT TO FILE AND SERVE

All requests for payment of an Administrative Claim must be made in writing, conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court Southern District of New York (the "**Local Bankruptcy Rules**"), be filed with the Bankruptcy Court, and served on the Plan Proponents or the Liquidating Trust, as applicable, so as to be received **no later than January 16, 2014**.

Any holder of an Administrative Claim against more than one debtor must file a separate claim with respect to each such Debtor and all holders of claims must identify on their Request for Payment the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.

ny-1121535

**4. CONSEQUENCES OF FAILURE TO FILE A REQUEST FOR PAYMENT BY THE ADMINISTRATIVE CLAIM BAR DATE**

Any holder of an Administrative Claim who is required to, but does not, file and serve a Request for Payment of an Administrative Claim pursuant to the procedures specified herein on or prior to the Administrative Claim Bar Date shall be barred from asserting such Administrative Claim against the Debtors, the Plan Trusts, or their assets or properties, and such Administrative Claims shall be deemed discharged as of the Effective Date. **A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this notice, such as whether the holder should file a Request for Payment. Neither the attorneys for the Plan Proponents, the Liquidating Trust, nor the Debtors' Court-appointed noticing and claims agent, Kurtzman Carson Consultants LLC, are authorized to provide you with any legal advice.**

## RESERVATION OF RIGHTS

The Debtors and Liquidating Trust reserve the right to object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Claim on any ground, or to dispute, or to assert offsets against or defenses to, any claim, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent and/or unliquidated.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE DEBTORS' RESTRUCTURING HOTLINE AT (888) 251-2914**

---

Dated: December 17, 2013
New York, New York

Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 336-4323
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

-and-

Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
Rachael L. Ringer
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors*