| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| Gary S. Lee | Kenneth H. Eckstein |
| Norman S. Rosenbaum | Douglas H. Mannal |
| Jordan A. Wishnew | Stephen D. Zide |
| Samantha Martin | Joseph A. Shifer |
| 1290 Avenue of the Americas | 1177 Avenue of the Americas |
| New York, New York 10104 | New York, New York 10036 |
| Telephone: (212) 468-8000 | Telephone: (212) 715-9100 |
| Facsimile: (212) 468-7900 | Facsimile: (212) 715-8000 |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PLAN PROPONENTS' REPLY TO THE OBJECTIONS TO**
**PLAN PROPONENTS' MOTION FOR ORDER ESTABLISHING THE DISPUTED**
**CLAIMS RESERVE IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE**
<u>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**</u>

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Plan Proponents submit this reply (the "Reply") to the objections to the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6020] (the "Motion").[1]  In support thereof, the Plan Proponents respectfully represent:

### RECENT CASE DEVELOPMENTS

1. On December 6, 2013, the Plan Proponents filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan").

2. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065].

3. The Effective Date of the Plan occurred on December 17, 2013 [Docket No. 6137]. In accordance with the Plan, the Liquidating Trust was established and vested with the authority to, among other things, wind down the affairs of the Debtors, resolve any Disputed Claims, and effect distributions to holders of Disputed Claims following the resolution thereof. See Plan, Article VIII.

4. The Plan provides that "to effect distributions to holders of Allowed Unsecured Claims in a timely manner, prior to the Effective Date, the Plan Proponents shall file a motion for an order establishing the Disputed Claims Reserve with respect to unliquidated and/or Disputed Claims." See Plan, Article VIII. Accordingly, on December 5, 2013, the Plan

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2

Proponents filed the Motion and scheduled a hearing on the Motion for December 20, 2013 at 10:00 a.m. (Eastern). As the Effective Date has occurred, the Plan Proponents seek to establish the Disputed Claims Reserve so the Liquidating Trust can promptly make initial distributions to holders of Allowed Unsecured Claims.

### REPLY

5.    Four parties objected to the Motion: (i) the Commonwealth of Massachusetts ("Massachusetts") [Docket No. 6099]; (ii) CIBM Bank ("CIBM") [Docket No. 6101]; (iii) MidFirst Bank ("MidFirst Bank") [Docket No. 6104]; and (iv) Basic Life Resources ("BLR") and Pamela Z. Hill [Docket No. 6118] (collectively, the "Objections"). To resolve the Objections in advance of the hearing on the Motion, the Plan Proponents reached out to, and communicated with, each of the objecting parties. Based on those discussions, and as set forth below, the Plan Proponents have revised the Proposed Order to address the Objections of Massachusetts, CIBM, and MidFirst and understand that such revisions will resolve the Objections of these parties. The Plan Proponents will file a revised proposed order (the "Proposed Order") reflecting the resolutions of these Objections in advance of the hearing on the Motion. For the reasons discussed herein, the remaining Objection by BLR is misplaced, without merit and should be overruled.

**A.    The Addressed Objections**

6.    The Objections of CIBM and MidFirst do not dispute the amount reserved for their Claims, but argue that CIBM and MidFirst may suffer prejudice as the result of the aggregate nature of the Disputed Claims Reserve. As discussed in the Motion, the Units held in the Disputed Claims Reserve are not allocated to specific Claims, and, thus, all Units are available for the satisfaction of all subsequently Allowed Claims. Although the Plan Proponents believe that the Disputed Claims Reserve will hold Units far in excess of the eventual Allowed

3

Disputed Class 4 Claims, to address the Objections of CIBM and MidFirst, the Plan Proponents agreed to modify the Proposed Order so that the Disputed Claims Reserve associated with the claims of CIBM and MidFirst will first be used to satisfy the Claims of CIBM and MidFirst to the extent such Claims become Allowed Claims. To the extent the MidFirst or CIBM Claim is disallowed, allowed (either in whole or in part), or estimated for distribution purposes in an amount less than the reserved amounts of such claims, the excess reserve amounts would become available for the benefit of the all holders of subsequently Allowed Disputed Class 4 Claims.

7. With respect to the Massachusetts Objection, Massachusetts asserts that the Reserve Amount does not reflect a $2 million Claim against Debtor GMAC Mortgage, LLC that it does not intend to withdraw.[2] Accordingly, in resolution of the Massachusetts Objection, the Plan Proponents have increased the Reserve Amount by $2 million to an aggregate amount of $382.3 million.

### B. BLR Objection

8. BLR and Pamela Z. Hill[3] argue without any support that the Court cannot consider the Motion with respect to BLR's Claim because the Claim is currently the subject of a pending claims objection.[4] What BLR fails to appreciate, however, is that the Plan Proponents specifically took into account the pending claim objection and, in the Motion, seek to reserve for the full face amount of BLR's Claim. The Plan Proponents proposed to reserve the full face amount of BLR's Claim—$1.7 million—even though the Plan Proponents believe that BLR's

---

[2] In the Massachusetts Objection, Massachusetts advises that it intends to withdraw Claim Nos. 6028 and 6033, and intends to amend proof of claim # 6025 to reduce the asserted amount of its claim to $2 million. See Massachusetts Objection, at n. 2.

[3] Ms. Hill is no longer a party in interest in these cases, because the only proof of claim filed by Ms. Hill [Claim No. 2429] was expunged on October 17, 2013 [Docket No. 5378].

[4] BLR's proof of claim [Claim No. 2427] is subject to the *Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims – Books And Records)* [Docket No. 2427] (the "**Claim Objection**"). At a hearing on the Claims Objection held on October 9, 2013, the Court took the objection to BLR's Claim under submission.

Claim is without merit and will be expunged in due course. Accordingly, the allowance or disallowance of BLR's Claim is immaterial to the relief sought in the Motion because the Plan Proponents reserved for the full amount of BLR's Claim. [See Motion, Exhibit 3D, # 3].

## CONCLUSION

WHEREFORE, the Plan Proponents respectfully request that the Court overrule the Objections, grant the relief requested in the Motion as modified by the Revised Order, and grant such other and further relief as is just and proper.[5]

*[remainder of page intentionally left blank]*

---

[5] The Motion is scheduled to be heard on December 20, 2013 at 10:00 a.m. (Eastern Time). Due to an error in service, some parties whose claims are subject to the Motion may not have received timely notice of the Motion. Accordingly, on December 17, 2013, the Plan Proponents sent (by overnight mail) those parties supplemental notice of the Motion, and such parties may file an objection by December 23, 2013 at 5:00 p.m. (Eastern Time) (the "Supplemental Objection Deadline"). If an objection to the Motion is received by the Supplemental Objection Deadline that is not withdrawn or resolved, a telephonic hearing solely to consider any objection filed by the Supplemental Objection Deadline will be held on December 27, 2013 at 3:00 p.m. **(Eastern Time).** If no objections to the Motion are timely filed and served on or before the Supplemental Objection Deadline, the Court may enter an order granting the Motion on a final basis without the Supplemental Hearing or any further notice to any party. A copy of the Supplemental Notice is annexed hereto as Exhibit 1.

5

| | |
|---|---|
| Dated: December 18, 2013<br>New York, New York | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Samantha Martin<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York  10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession*<br><br>-and-<br><br>KRAMER LEVIN NAFTALIS &<br>FRANKEL LLP<br>Kenneth H. Eckstein<br>Douglas H. Mannal<br>Stephen D. Zide<br>Joseph A. Shifer<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-3280<br>Facsimile:  (212) 715-8000<br><br>*Counsel for the Official Committee of Unsecured*<br>*Creditors* |

**Exhibit 1**

ny-1122696

**Exhibit 1**

Hearing Date: **December 20, 2013 at 10:00 a.m. (Eastern Time)**
Supplemental Objection Deadline: **December 23, 2013 at 5:00 p.m. (Eastern Time)**
Supplemental Telephonic Hearing Date: **December 27, 2013 at 3:00 p.m. (Eastern Time)**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| Gary S. Lee | Kenneth H. Eckstein |
| Norman S. Rosenbaum | Douglas H. Mannal |
| Jordan A. Wishnew | Stephen D. Zide |
| Samantha Martin | Joseph A. Shifer |
| 1290 Avenue of the Americas | 1177 Avenue of the Americas |
| New York, New York 10104 | New York, New York 10036 |
| Telephone: (212) 468-8000 | Telephone: (212) 715-9100 |
| Facsimile: (212) 468-7900 | Facsimile: (212) 715-8000 |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
In re:                                        )   Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )   Chapter 11
                                              )
                            Debtors.          )   Jointly Administered
                                              )
------------------------------------------------------------- )

**SUPPLEMENTAL NOTICE OF PLAN PROPONENTS' MOTION FOR
ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE IN CONNECTION
WITH THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL,
LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On December 5, 2013, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and with the Debtors, the "Plan Proponents") filed the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, Et Al. and the Official Committee of Unsecured Creditors* [Docket No. 6020] (the "Motion").

2.     The deadline for filing objections to the Motion was December 13, 2013 (the "Objection Deadline") and a hearing on the Motion will be held on December 20, 2013 at 10:00 a.m. (Eastern Time) before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408 (the "Hearing"). Due to an error in service, some parties whose claims are subject to the Motion may not have received timely notice of the Motion. Accordingly, the Plan Proponents are sending you this supplemental notice of the Motion. To the extent you did not receive timely notice of the Motion, you may file an objection by **December 23, 2013 at 5:00 p.m. (Eastern Time)** (the "Supplemental Objection Deadline").

3.      Any objection to the Motion must be made in writing, filed with the Court (with a copy to Chambers) and served in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than the Supplemental Objection Deadline.

4.      If no objections to the Motion are timely filed and served on or before the Supplemental Objection Deadline, the Court may enter an order granting the Motion on a final basis without a hearing or any further notice to any party.  If an objection to the Motion is received in accordance with the terms of the above paragraph that is not withdrawn or resolved, a telephonic hearing on objections filed by the Supplemental Objection Deadline will be held on **December 27, 2013 at 3:00 p.m. (Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge (the "Supplemental Hearing").

5.      Copies of the Motion and the Case Management Order can be viewed and obtained for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:  December 17, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors
and Debtors in Possession*

-and-

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors*

- 2 -
ny-1122704