UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re:

RESIDENTIAL CAPITAL, LLC, *et al*.

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**MEMORANDUM OPINION AND ORDER DENYING PHILLIP SCOTT'S MOTION TO (1) DETERMINE THAT BANKRUPTCY ESTATE OWNS TITLE TO NOTE, (2) VOID STATE COURT TITLE TRANSFER, AND (3) ENJOIN POST PETITION STATE <u>COURT PROSECUTION</u>**

*A P P E A R A N C E S:*

LAW OFFICES OF KIM DSOUZA
*Counsel for Phillip Scott*
2 Bordi Lane
Highland, NY 12528
By:    Kim DSouza, Esq.


MORRISON & FOERSTER LLP
*Counsel for the Debtors and Debtors in Possession*
1290 Avenue of the Americas
New York, New York 10104
By:    Jonathan M. Petts, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is Phillip Scott's *Motion to (1) Determine that Bankruptcy Estate Owns Title to Note, (2) Void State Court Title Transfer, and (3) Enjoin Post Petition State Court Prosecution* (the "Motion," ECF Doc # 4649). Through his Motion, Phillip Scott ("Scott") seeks: (1) declaratory relief determining that the bankruptcy estate owns title to the note and mortgage secured by the property at 12 Inverness Road, Scarsdale, NY 10583 (the "Property"); (2) injunctive relief enjoining, restraining, and prohibiting the mortgage foreclosure action in the Supreme Court of New York, County of Westchester; and (3) judgment for costs, including

1

attorneys' fees. Residential Capital, LLC ("ResCap") and its affiliated debtors in the above captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), filed an objection to the Motion (the "Objection," ECF Doc. #5263). In support of their Objection, the Debtors filed the Declaration of Lauren Graham Delehey (the "Delehey Decl."). (ECF Doc. #5263-1.)

Scott concedes he is *not* a creditor in this case. He does *not* contest that he defaulted on the underlying note and mortgage. The note and mortgage are *not* owned or serviced by any of the Debtors. Yet Scott is attempting to use this bankruptcy case and this Court to block a foreclosure action properly pending in state court, filed by the trustee for the trust that owns the note and mortgage. None of the Debtors is a party to the foreclosure action. Scott does not have standing to seek relief from foreclosure from this Court. Therefore, the Motion is **DENIED.**

## I.    BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On August 29, 2012, the Court entered an order setting the bar date of November 9, 2012 for filing non-governmental proofs of claim. (ECF Doc. #1309.) The Court thereafter entered an Order Extending the Bar Date for Filing Proofs of Claim to November 16, 2012. (ECF Doc. #2093.) Kurtzman Carson Consultants LLC ("KCC") was appointed as the notice and claims agent. (ECF Doc. # 798.) According to the Debtors' claims register maintained by KCC, Scott has not filed a proof of claim in these Chapter 11 Cases. (Delehey Decl. at ¶ 7.) Scott does not contend otherwise.

On November 21, 2012, the Court entered an order approving the sale of the Debtors' loan servicing and origination platform (the "Platform Assets") to Ocwen Loan Servicing, LLC ("Ocwen"). (ECF Doc. #2246.) The sale closed on February 15, 2013.

A.     The Foreclosure Action

On June 16, 2005, Barbara Campbell, Marlene Gaethers Langley, and Scott (collectively, the "Defendants" in the state court foreclosure action) signed a $725,000.00 note and mortgage (the "Mortgage") secured by the Property. (Delehey Decl. at ¶ 3.) Finance America, LLC ("Finance America") originated the Mortgage and subsequently conveyed it to one of the Debtors, Residential Asset Mortgage Products, Inc., as Depositor, which then assigned the Mortgage to JPMorgan Chase as trustee for the residential mortgage-backed securities trust, RAMP 2005 RZ3, pursuant to a Pooling and Servicing Agreement dated September 1, 2005. (*Id.*) The Bank of New York Trust Company, N.A. ("BONY") has served as trustee of the trust since May 2008. (*Id.*) The Mortgage was serviced by Debtor Residential Funding Corporation, and subserviced by Debtor GMAC Mortgage, LLC ("GMACM"), before the servicing rights were transferred to Ocwen as part of the sale of the Platform Assets. (*Id.* at ¶ 4.)

On July 29, 2008, after the Defendants defaulted on their loan, BONY, as trustee, filed a foreclosure complaint (the "Foreclosure Action") in the Supreme Court of New York in Westchester County (the "State Court"). (*Id.* at ¶ 5.) The Defendants were served with the summons and complaint, but failed to appear. (*Id.*) On March 25, 2009, the State Court entered a judgment of foreclosure. (*Id.*) Scott then brought three orders to show cause seeking to vacate the judgment of foreclosure; all were denied. (*Id.*)

On or about May 6, 2013, Scott filed a "Notice of Bankruptcy and Effect of Automatic Stay" with the State Court (the "Borrower Notice," attached to the Motion as Exhibit A). The Borrower Notice states that a foreclosure sale of the Property would constitute, *inter alia*, "enforcement against property of the estate" of a prepetition judgment and "an act to obtain possession of property of the estate . . . ." (Borrower Notice at ¶ 11.)

3

The Borrower Notice further states that:

> In the event that the foreclosure sale [of the Property] occurs, without the express directive of the bankruptcy court, Defendant will move the Bankruptcy court for an order for Violation of the Automatic Stay, in which Defendant will request that the Bankruptcy Court void the sale as if it had never occurred, and for costs, attorney's fees, sanctions, and/or contempt of court.

(*Id.* at ¶ 19.)

### B.    Scott's Motion and the Debtors' Objection

Scott filed the Motion on August 9, 2013. The Motion claims that the Mortgage was owned by RAMP 2005 RZ3, "a subsidiary of Debtor," whose assets, as of the Petition Date, "passed into the bankruptcy estate." (Motion at ¶¶ 6–7.) The Motion states that the assets of RAMP 2005 RZ3 were sold by the Debtors after the Petition Date and that the proceeds from that asset sale were "caused to be placed in a liquidating trust" for creditors. (*Id.* at ¶ 9.) Scott appears to argue that the Mortgage was "property" of the bankruptcy estate, and therefore BONY's continued prosecution of the Foreclosure Action would deprive the bankruptcy estate of the proceeds of the Mortgage's sale. Based on this theory, Scott asserts that BONY's postpetition prosecution of the Foreclosure Action violates the automatic stay in these Chapter 11 Cases. (*See id.* at ¶¶ 21–22, 25.)

The Debtors' Objection argues that the Motion should be denied for three independent reasons: first, Scott lacks standing to complain about violations of the automatic stay or to avoid liens against purported property of the estate; second, the Motion is procedurally defective because it requests declaratory relief that requires commencement of an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure; and, third, even if Scott has standing and if the Motion is procedurally proper, the Motion fails on the merits because the Mortgage is not property of the estate, and the Court lacks subject matter jurisdiction to enjoin

4

the Foreclosure Action since it would have no conceivable effect on the Debtors' estates. (*See* Objection at ¶ 2.) In support of the Objection, the Delehey Declaration establishes that "[t]he RAMP 2005 RZ3 trust that owns Movant's Mortgage is not a debtor entity in these Chapter 11 Cases. The Debtors did not own the Mortgage as of the Petition Date, nor did the Debtors sell the Mortgage during the Chapter 11 Cases." (*Id.* at ¶ 6).

        C.       **The October 9, 2013 Hearing**

The Court held a hearing on the Motion on October 9, 2013. Scott's counsel did not address the arguments raised in the Objection. Indeed, counsel acknowledged that he was arguing the supposed interest of RAMP as a creditor of the Debtors in the Chapter 11 Cases. Counsel contended that "knowledge of fraud" is sufficient to confer standing on a third party, such as Scott, but that "in the absence of indicating the nature of fraud," a third party would not have standing to assert a violation of the automatic stay. (Oct. 9, 2013 Tr. 26:5, 11–12.) This argument makes no sense. No case law supporting the argument was provided; counsel asserted "a number of cases that have dicta on this," referencing the Fifth Circuit's decision in *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.2d 533, 543 (5th Cir. 2009). (*Id.* at 27:5–6, 9.) Counsel also referred to 11 U.S.C. § 362(k) ("[A]n individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."). (*Id.* at 30:16–17, 19, 21.)

In response to the Debtors' argument that the Court does not have subject matter jurisdiction to grant the requested relief, Scott's counsel argued that the basis for jurisdiction is the "property of the estate," which "would be used to pay the creditor for which the creditor otherwise will not receive payment." (*Id.* at 30:25–31:1, 31:3–5.)

5

## II.     DISCUSSION

Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Section 1109(b) of the Bankruptcy Code provides that a party in interest may appear and be heard on any issue in the case. That section does not confer standing in the absence of a legally protected interest affected by the bankruptcy proceeding, and the party asserting standing must show that he is a beneficiary of the bankruptcy provision that he invokes." *In re Martin Paint Stores*, 199 B.R. 258, 263 (Bankr. S.D.N.Y. 1996) (citing *In re James Wilson Assocs.,* 965 F.2d 160, 169 (7th Cir. 1992); *In re Caldor*, 193 B.R. 182, 186 (Bankr. S.D.N.Y. 1996); *McLean Indus., Inc. v. Medical Laboratory Automation, Inc. (In re McLean Indus., Inc.)*, 96 B.R. 440, 444–45 (Bankr. S.D.N.Y.1989)) (internal citations omitted). "To have standing a party must assert its own legal rights and interests and cannot rest its claim to relief on the legal rights or interest of third parties." *Caldor*, 193 B.R. at 186 (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 474 (1982); *Warth*, 422 U.S. at 499; *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1091 (2d Cir.1995)).

### A.     Scott Is Not a "Party In Interest" to Debtors' Bankruptcy Proceedings

Section 1109(b) of the Bankruptcy Code provides that any "party in interest" may raise, appear, and be heard on "any issue" in a chapter 11 case. 11 U.S.C. § 1109(b). "Party in interest" is interpreted broadly to allow parties affected by the chapter 11 case to be heard. 7 COLLIER ON BANKRUPTCY ¶ 1109.01 (16th ed. 2013). Scott is not a creditor of the Debtors, nor has he filed a claim in the Chapter 11 Cases. These facts alone do not automatically disqualify him as a "party in interest" because the term is broader than the term "creditor."

6

The Bankruptcy Code does not define the term "party in interest." *Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 573 (2d Cir. 1983). A "real party in interest" is generally "the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit." *Id.* (citing *Coe v. United States District Court for the District of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982); *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256–57 (5th Cir. 1980); *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973); *Weniger v. Union Center Plaza Assocs.*, 387 F. Supp. 849, 855 (S.D.N.Y. 1974)). In the context of chapter 11 cases, the Code provides a non-exclusive listing of "parties in interest":

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b).

All of the entities listed in section 1109(b) "have some type of *direct relationship* with the debtor, his property or the process of administering his bankruptcy estate." *In re Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (emphasis added). Scott does not have a direct relationship with the Debtors. "Although the term 'party in interest' is broader than the term 'creditor,' it does not encompass entities [or individuals] that are merely 'concerned' with the results of a debtor's bankruptcy proceedings." *Id.* Scott has no claim against the estate's assets but instead claims to bring his Motion "on behalf of a creditor . . . seeking to get paid out of the estate." (Oct. 9 Tr. 24:24–25:1.)

Scott does not have a stake in this case or in the relief sought in the Motion. Scott's contention that individuals with "knowledge that will protect the assets of the bankruptcy estate"

7

have standing is unsupported by any case law and contrary to precedent. Scott attempts to misuse this case for his own purposes. He may not do so.

    B.  **Scott's Reliance on the Fifth Circuit's Decision in *Labuzan* is Misplaced.**

Scott argues that he has standing because "[t]he automatic stay provision provides standing to . . . any individual . . . provided that they can show . . . damage." (Oct. 9 Tr. 30:16–21.) During argument Scott's counsel cited the Fifth Circuit's decision in *Labuzan*, 579 F.2d at 543, which arguably expanded the protection of the automatic stay provision to include *creditors* of the estate.

*Labuzan* addressed the issue whether individuals other than the debtor who claim injury from an automatic stay violation under section 362(k) have standing to pursue claims for resulting damages.

Section 362(k) provides in part:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k).

The Fifth Circuit read section 362(k) in conjunction with section 1109(b) and determined that a prepetition *creditor*, whether secured or unsecured, is an "individual" who, when injured by a willful violation of the automatic stay, has standing to bring a claim for damages. *Labuzan*, 579 F.3d at 543, 545.

The *Labuzan* decision arguably conflicts with the earlier Ninth Circuit decision in *In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991) (holding that "a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay"), and a still earlier Ninth Circuit Bankruptcy Appellate Panel decision in *Washington Mut. Sav.*

8

*Bank v. James (In re Brooks)*, 79 B.R. 479, 481 (B.A.P. 9th Cir. 1987) ("Other parties affected by the stay are afforded no substantive or procedural rights under these provisions of the Bankruptcy Code.  Consequently, if the debtor or the trustee chooses not to invoke the protections of § 362, no other party may attack any acts in violation of the automatic stay.") (internal citations omitted), *aff'd on other grounds*, 871 F.2d 89 (9th Cir. 1989).

It is unnecessary for this Court to weigh-in on this split in authority since Scott cannot satisfy the requirement for standing under either rule.  Scott is *not* a creditor; he did not file a proof of claim, and he may not do so now long after the bar date has passed.  (Delehey Decl. at ¶ 7.)  Even under *Lubazan*, a *creditor* must be able to allege an injury *as a creditor* from the violation of the automatic stay.  Here, Scott alleges no injury to himself as a creditor; he brought the Motion "on behalf of a creditor [RAMP]," something he may not do.  (Oct. 9 Tr. 24:24–25:1.)

Whatever "interest" Scott may have in the Property from a personal standpoint, it is not an interest recognized by the Bankruptcy Code and is irrelevant to this proceeding.  Scott cannot use this bankruptcy case to avoid foreclosure of the Mortgage.

## CONCLUSION

For the reasons stated above, the Court holds that Scott is not a party in interest and has no standing to assert a violation of the automatic stay.  The Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 19, 2013
      New York, New York

                                      *Martin Glenn*
                                  MARTIN GLENN
                         United States Bankruptcy Judge