**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al*.<br><br>                                                       Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTION TO ALLOW AMENDMENT TO CLAIM #3856 AND FOR RECONSIDERATION BY THOMAS JAMES LA CASSE**

Pending before the Court is the *Motion to Allow Amendment to Claim #3856*, filed by Thomas James La Casse (the "Motion," ECF Doc. # 5923). Through the Motion, La Casse asks the Court to reconsider its Memorandum Opinion and Order disallowing and expunging Claim Number 3856 (the "Opinion," ECF Doc. # 5620). La Casse also seeks permission to amend Claim Number 3856 to provide more detail on (1) the ownership of the note evidencing a loan secured by a mortgage to La Casse's property, and (2) certain RICO allegations.

    **A. Reconsideration**

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to

complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

La Casse failed to satisfy the standards for reconsideration. He argues that the Court misapplied Connecticut law regarding standing to foreclose. But the cases La Casse cites do not contradict the Court's ruling. In its Opinion, the Court cited *RMS Residential Props, LLC v. Miller*, 32 A.3d 307 (Conn. 2011) for the proposition that the holder of a note in Connecticut may foreclose on the property, even if that party does not own the mortgage. (*See* Opinion at 10–11.) La Casse asserts that (1) only the owner of the debt secured by a note may foreclose, and (2) holding note only creates a rebuttable presumption of ownership of the underlying debt. (Motion ¶ 9.) The Court does not disagree, given that *Miller* holds precisely that. 32 A.3d at 313. Even so, the Debtors submitted evidence that Residential Funding Company, LLC held the La Casse note at the time it initiated foreclosure, and that note was indorsed in blank. The *Miller* court explained that when analyzing the presumption that a noteholder is the owner of the debt, a note indorsed in blank "imports prima facie evidence" that the noteholder is the owner of the debt. 32 A.3d at 314. Since La Casse did not impeach the Debtors' assertion that RFC possessed the note indorsed in blank at the time it commenced the foreclosure proceeding, but instead challenged ownership of debt relating to the note on the grounds that the mortgage and note had been securitized and was held in trust for another party, La Casse did not rebut the Debtors' evidence that RFC was entitled to foreclose. *See id.* ("'[T]he production of the note

2

[indorsed in blank] establishes [the noteholder's] case prima facie . . . and [the noteholder] may rest there.'") (quoting *Garris v. Calechman*, 170 A. 789 (Conn. 1934)).  Therefore, the Court declines to reconsider its Opinion.

**B. Amendment to Proof of Claim**

Attached to the Motion, La Casse submitted a proposed Amended Proof of Claim Number 3856 (Exhibit 1), a new Affidavit of Thomas James La Casse (Exhibit 2), and a new Affidavit of Marie McDonnell (Exhibit 3).  Through these documents, La Casse seeks to amend Claim Number 3856 by adding more detail about the securitization of his note and about his civil RICO allegations, which the Court previously found to be insufficient.  (*See* Opinion at 11–12.) The Bar Date in these chapter 11 cases passed on November 16, 2012.  (*See* ECF Doc. # 2093.) Amendment after a bar date is only possible if the amendment "(1) corrects a defect of form to the original claim; (2) describes the original claim with greater particularity; or (3) pleads a new theory of recovery on the facts set forth in the original claim." *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 Civ. 2232 (NRB), 2011 U.S. Dist. LEXIS 120734, *16–17 (S.D.N.Y. Oct. 19, 2011) (internal quotation marks omitted).  Here, not only has the bar date passed, but the Debtors' plan of reorganization has been confirmed, imposing another obstacle on La Casse's request for amendment.  *See id.* at 17 n.7 (citing *In re Winn Dixie Stores, Inc.*, 639 F.3d 1053, 1056–57 (11th Cir. 2011) (holding that post-confirmation amendment is only justified in "the most compelling circumstances")).  The Court does not find that La Casse's Motion presents those "compelling circumstances."

First, the Court has already explained that further detail about the securitization of La Casses's mortgage does not impeach the Debtors' evidence that RFC held the note indorsed in blank when it commenced foreclosure.  Second, La Casse's affidavit provides more detail about

3

what he believes to be the Debtors' violations of civil RICO laws. In theory, this detail could support an allegation of civil RICO violations, but La Casse's allegations are premised on one fundamental point that the court already rejected: the claim that RFC was not entitled to foreclose on La Casse's home. If RFC was entitled to foreclose by virtue of holding the La Casse note indorsed in blank, then the actions it took to foreclose on the property would not support civil RICO violations. Thus, La Casse's proposed amended proof of claim would not indicate any Debtor liability, so amendment is appropriate, particularly here since the Debtors' plan has been confirmed. La Casse's Motion to Allow Amended Claim #3856 is therefore **DENIED.**

Dated:   December 19, 2013
         New York, New York

                                             ___*Martin Glenn*_____
                                                  MARTIN GLENN
                                             United States Bankruptcy Judge