**Hearing Date and Time: December 20, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
1290 Avenue of the Americas
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

**NOTICE OF FILING OF AMENDED PROPOSED ORDER ESTABLISHING THE
DISPUTED CLAIMS RESERVE IN CONNECTION WITH THE JOINT CHAPTER 11
PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, *ET AL.* AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that on December 5, 2013, the undersigned filed the *Plan
Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the
Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee
of Unsecured Creditors* [Docket No. 6020] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit the amended
proposed *Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter
11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured
Creditors* (the "Amended Proposed Order"), annexed hereto as Exhibit 1. A comparison of the
Proposed Order and the Amended Proposed Order is annexed hereto as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and Proposed Order

may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring

website at www.kccllc.net/rescap.

Dated:  December 19, 2013
        New York, New York

/s/ Norman S. Rosenbaum                          
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors*
*and Debtors in Possession*

-and-

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of Unsecured*
*Creditors*

2

## <u>EXHIBIT 1</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                       Debtors.              )    Jointly Administered
                                                             )
------------------------------------------------------------ )

## ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE
## IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN PROPOSED
## BY RESIDENTIAL CAPITAL, LLC, *ET AL.* AND THE
## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors*, dated December 5, 2013 (the "Motion")[1] seeking entry of an order establishing a disputed claims reserve (the "Disputed Claims Reserve") for disputed claims in Classes R-4 (ResCap Unsecured Claims), GS-4 (GMACM Unsecured Claims), and RS-4 (RFC Unsecured Claims) (collectively, the "Disputed Class 4 Claims") in connection with distributions to be made under the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5993] (as may be amended, the "Plan"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Deanna Horst, Chief Claims Officer for Residential Capital, LLC and its affiliates, in support of the Motion (the "Declaration"); and the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court having considered the objections (the "Objections") to the Motion having been filed by the Commonwealth of Massachusetts ("Massachusetts"), CIBM Bank ("CIBM"), and MidFirst Bank ("MidFirst"), and Basic Life Resources/ Pamela Z. Hill ("BLR", and collectively with Massachusetts, CIBM, and MidFirst, the "Objecting Parties"), as well as the reply filed by the Plan Proponents; and the Court having held a hearing on the Motion on December 20, 2013 (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion, Declaration and at the Hearing establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1.    The Motion is GRANTED on an interim basis on the terms set forth herein.

2.    To the extent not cured by the relief granted herein, all objections, including the Objections, or other responses to the motion are hereby OVERRULED in their entirety and on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

3.    The Reserve Amount, for the sole purpose of establishing the Disputed Claims Reserve with respect to Disputed Class 4 Claims is $382.3 million, which is allocated among the Debtor Groups as follows: (i) $21.8 million against the ResCap Debtor Group, (ii) $244.6 million against the GMACM Debtor Group, and (iii) $115.9 million against the RFC Debtor Group.

4.      The Liquidating Trust shall separately hold Units (and any distributions on account of such Units) in the Disputed Claims Reserve on account of the Disputed Class 4 Claims of (i) MidFirst (the "MidFirst Claim") based upon an allowed claim in the amount of $62,604,092 against the GMACM Debtor Group (the "MidFirst Reserve") and (ii) CIBM (the "CIBM Claim") based upon an allowed claim in the amount of $30,022,203 against the RFC Debtor Group (the "CIBM Reserve").  The amounts reserved for the MidFirst Claim and the CIBM Claim are inclusive to the Reserve Amount in Paragraph 3.  The MidFirst Reserve and the CIBM Reserve shall be held by the Liquidating Trust for the sole satisfaction of the MidFirst Claim and CIBM Claim, respectively, pending the allowance, disallowance, or estimation for distribution purposes, of the MidFirst Claim and the CIBM Claim, respectively, pursuant to a final order or by written agreement of the parties.  To the extent the amount reserved for either the MidFirst Claim or the CIBM Claim exceeds the ultimately allowed amount of such claim or the amount estimated for distribution purposes, Units (and distributions on account of such Units) held in the MidFirst Reserve or the CIBM Reserve, as the case may be, on account of such excess amount shall be made available for the satisfaction of the other Disputed Class 4 Claims.

5.      The estimation of the Disputed Class 4 Claims is without prejudice to the rights of the Plan Proponents or the Liquidating Trust, as applicable, to contest the merits and allowance of the Disputed Class 4 Claims.  By estimating the Disputed Class 4 Claims, the Plan Proponents and this Court are not making a determination that the Debtors or the Debtors' estates are liable on account of any Disputed Claims in any amount.

6.      The Claims identified on Exhibits 3A–3E constitute Disputed Claims under the Plan and shall remain so unless and until they are disallowed or become "Allowed Claims" under the Plan.

3

7.     The Initial Unit Distribution Record Date under the Plan shall be December 5, 2013.  Solely for the purposes of the Initial Unit Distribution Record Date, to the extent the allowance of a Claim as of the Initial Unit Distribution Record Date is contingent only upon the effectiveness of the Plan, such Claim shall be deemed to be Allowed as of the Initial Unit Distribution Record Date.

8.     The Plan Proponents and the Liquidating Trust, as applicable, are authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan and to implement the terms of this Order.  Nothing herein or in the Motion, nor any action by the Plan Proponents or the Liquidating Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim, and the Plan Proponents and the Liquidating Trust reserve all of their rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve.

9.     The relief granted herein shall be granted on an interim basis; *provided*, *however*, that if no objections (each, a "Supplemental Objection") are served and filed with the Court by any party that was mailed supplemental service of the Motion on December 17, 2013 (each, a "Supplemental Notice Party") in accordance with the terms set forth in the *Supplemental Notice of Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6143, Exhibit 1] (the "Supplemental Notice") by December 23, 2013 at 5:00 p.m. (Eastern Time) (the "Supplemental Objection Deadline"), the Plan Proponents shall file a notice of no objections, and this Order shall be final in all respects without the need for a further hearing.  To the extent any Supplemental Notice

4

Party files and serves a Supplemental Objection in accordance with the terms set forth in the Supplemental Notice, a telephonic hearing to consider the Supplemental Objections shall be held on December 27, 2013 at 3:00 p.m. (the "Supplemental Hearing").   If all Supplemental Objections are withdrawn or resolved prior to the Supplemental Hearing, the Plan Proponents shall file a notice of resolved objections, and this Order shall be final in all respects without the need for a further hearing.

        10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:    _____, 2013
        New York, New York

                          _____
                          THE HONORABLE MARTIN GLENN
                          UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 2</u>**

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                            Debtors.         )    Jointly Administered
                                                             )
----------------------------------------------------------- )

### ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, *ET AL.* AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors*, dated December 5, 2013 (the "Motion")[1] seeking entry of an order establishing a disputed claims reserve (the "Disputed Claims Reserve") for disputed claims in Classes R-4 (ResCap Unsecured Claims), GS-4 (GMACM Unsecured Claims), and RS-4 (RFC Unsecured Claims) (collectively, the "Disputed Class 4 Claims") in connection with distributions to be made under the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5993] (as may be amended, the "Plan"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Deanna Horst, Chief Claims Officer for Residential Capital, LLC and its affiliates, in support of the Motion (the "Declaration"); and the Court having considered the

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1119409

objections (the "Objections") to the Motion having been filed by the Commonwealth of Massachusetts ("Massachusetts"), CIBM Bank ("CIBM"), and MidFirst Bank ("MidFirst"), and Basic Life Resources/ Pamela Z. Hill ("BLR", and collectively with Massachusetts, CIBM, and MidFirst, the "Objecting Parties"), as well as the reply filed by the Plan Proponents; and the Court having held a hearing on the Motion on December 20, 2013 (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion, Declaration and at the Hearing establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1.      The Motion is GRANTED ason an interim basis on the terms set forth herein.

2.      The Disputed Claims Reserve as set forth in the Motion is approved in all respects.  To the extent not cured by the relief granted herein, all objections, including the Objections, or other responses to the motion are hereby OVERRULED in their entirety and on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

3.      The Reserve Amount, for the sole purpose of establishing the Disputed Claims Reserve, is $380.3 with respect to Disputed Class 4 Claims is $382.3 million, which is allocated among the Debtor Groups as follows: (i) $21.8 million against the ResCap Debtor Group, (ii), $242.6244.6 million against the GMACM Debtor Group, and (iii) $115.9 million against the RFC Debtor Group.

4.    The Liquidating Trust shall separately hold Units (and any distributions on account of such Units) in the Disputed Claims Reserve on account of the Disputed Class 4 Claims of (i) MidFirst (the "MidFirst Claim") based upon an allowed claim in the amount of $62,604,092 against the GMACM Debtor Group (the "MidFirst Reserve") and (ii) CIBM (the "CIBM Claim") based upon an allowed claim in the amount of $30,022,203 against the RFC Debtor Group (the "CIBM Reserve").  The amounts reserved for the MidFirst Claim and the CIBM Claim are inclusive to the Reserve Amount in Paragraph 3.  The MidFirst Reserve and the CIBM Reserve shall be held by the Liquidating Trust for the sole satisfaction of the MidFirst Claim and CIBM Claim, respectively, pending the allowance, disallowance, or estimation for distribution purposes, of the MidFirst Claim and the CIBM Claim, respectively, pursuant to a final order or by written agreement of the parties.  To the extent the amount reserved for either the MidFirst Claim or the CIBM Claim exceeds the ultimately allowed amount of such claim or the amount estimated for distribution purposes, Units (and distributions on account of such Units) held in the MidFirst Reserve or the CIBM Reserve, as the case may be, on account of such excess amount shall be made available for the satisfaction of the other Disputed Class 4 Claims.

5.    4. The estimation of the Disputed Class 4 Claims is without prejudice to the rights of the Plan Proponents or the Liquidating Trust, as applicable, to contest the merits and allowance of the Disputed Class 4 Claims.  By estimating the Disputed Class 4 Claims, the Plan Proponents and this Court are not making a determination that the Debtors or the Debtors' estates are liable on account of any Disputed Claims in any amount.

6.    5. The Claims identified on Exhibits 3A–3E constitute Disputed Claims under the Plan and shall remain so unless and until they are disallowed or become "Allowed Claims" under the Plan.

7.    ~~6.~~ The Initial Unit Distribution Record Date under the Plan shall be December 5, 2013.  Solely for the purposes of the Initial Unit Distribution Record Date, to the extent the allowance of a Claim as of the Initial Unit Distribution Record Date is contingent only upon the effectiveness of the Plan, such Claim shall be deemed to be Allowed as of the Initial Unit Distribution Record Date.

~~7.    The relief granted in this Order is contingent upon the occurrence of the Effective Date under the Plan, and in the event the Effective Date does not occur, any relief granted in this Order shall be deemed void.~~

8.    The Plan Proponents and the Liquidating Trust, as applicable, are authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan and to implement the terms of this Order.  Nothing herein or in the Motion, nor any action by the Plan Proponents or the Liquidating Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim, and the Plan Proponents and the Liquidating Trust reserve all of their rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve.

9.    The relief granted herein shall be granted on an interim basis; *provided, however,* that if no objections (each, a "Supplemental Objection") are served and filed with the Court by any party that was mailed supplemental service of the Motion on December 17, 2013 (each, a "Supplemental Notice Party") in accordance with the terms set forth in the *Supplemental Notice of Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6143, Exhibit 1] (the "Supplemental

Notice") by December 23, 2013 at 5:00 p.m. (Eastern Time) (the "Supplemental Objection

Deadline"), the Plan Proponents shall file a notice of no objections, and this Order shall be final in

all respects without the need for a further hearing.  To the extent any Supplemental Notice Party

files and serves a Supplemental Objection in accordance with the terms set forth in the

Supplemental Notice, a telephonic hearing to consider the Supplemental Objections shall be held

on December 27, 2013 at 3:00 p.m. (the "Supplemental Hearing").  If all Supplemental Objections

are withdrawn or resolved prior to the Supplemental Hearing, the Plan Proponents shall file a

notice of resolved objections, and this Order shall be final in all respects without the need for a

further hearing.

        10.     9. This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:   _____, 2013
           New York, New York

                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Thursday, December 19, 2013 9:05:01 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1119409/4 |
| Description | NEW YORK-#1119409-v4-ResCap_-_Order_re:_Disputed_Claims_Reserve_Motion |
| Document 2 ID | PowerDocs://NEW YORK/1119409/9 |
| Description | NEW YORK-#1119409-v9-ResCap_-_Order_re:_Disputed_Claims_Reserve_Motion |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 9 |
| Deletions | 10 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 19 |