**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>                                          Debtors. | Chapter 11<br><br>Case No. 12-12020 |

**ORDER SUSTAINING THE DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION**
**AS TO CLAIM NUMBER 2427 FILED BY BASIC LIFE RESOURCES**

Pending before the Court is the *Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims—Books and Records)* (the "Objection," ECF Doc. # 5159). This Order pertains only to Claim Number 2427 filed by Basic Life Resources ("BLR"), which is subject to the Objection. In support of the Objection, the Debtors filed the Declaration of Deanna Horst (Objection Exhibit 1), which describes the Debtors' efforts to assess the liability asserted by the claims subject to the Objection. BLR filed a response to the Objection (the "Response," ECF Doc. # 5733-1), and the Debtors filed a reply (the "Reply," ECF Doc. # 5726). The Debtors also filed a Supplemental Declaration of Deanna Horst in further support of their reply to BLR (the "Supp. Horst Decl.," ECF Doc. # 5726-2).

BLR's claim (the "BLR Claim") relates to a purported cloud on title for certain tidelands in Washington. The BLR Claim asserts that BLR entered into an agreement with Pamela Hill to buy tidelands in Washington associated with specific lots of land.[1] Hill had previously encumbered those lots by a deed in trust in favor of Peoples Bank (the "Hill Loan"), but the recorded deed regarding those lots made no mention of the tidelands. Thus, BLR asserts an unencumbered interest in those tidelands. BLR believes that due to the recorded deed

---

[1] The facts recited in this order on drawn from BLR's proof of claim, BLR's Response, the Debtors' Reply, and the Supp. Horst Decl.

mentioning the lots, but not the tidelands, there is a potential cloud on title about the true owner of the tidelands.  BLR and Hill apparently requested that the Debtors clear that purported cloud on title, and the BLR Claim asserts Debtor liability for failing to comply.

The problem for BLR, though, is that no Debtor entity ever owned the Hill Loan.  Rather, the Hill Loan was originated by Peoples Bank, transferred to non-Debtor GMAC Bank (now Ally Bank), and transferred again to Fannie Mae.  Thus, the Debtors could not provide the relief BLR requested.  BLR submitted documentation indicating that Debtor GMACM once serviced the loan, but servicing the loan did not give GMACM the ability to clear any cloud on title.  Since no Debtor ever had the ability to clear the purported cloud on title, BLR's proof of claim provides no basis for any Debtor liability.  The Debtors' objection to BLR's claim is therefore **SUSTAINED**, and BLR's claim is **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED**.

Dated:  December 20, 2013
          New York, New York

                                              _/s/Martin Glenn_____
                                              MARTIN GLENN
                                              United States Bankruptcy Judge