MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Post–Effective
Date Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |
| LINTON C. LAYNE;<br>NANCY K. LAYNE, | [Filed in reference to Docket No. 4655] |
| Plaintiff, | |
| v. | |
| GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC, | |
| Defendants. | |

**POST-EFFECTIVE DATE DEBTORS'
OBJECTION TO NOTICE OF COMPLAINT TO
DETERMINE SECURED STATUS AND GRANT RELEASE OF LIEN
<u>OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C. § 506(A) AND § 1322</u>**

ny-1122502

Residential Capital, LLC ("**ResCap**") and GMAC Mortgage, LLC ("**GMAC Mortgage**"), as post-effective date debtors in the above-captioned Chapter 11 cases hereby submit this objection (the "**Objection**") to the *Notice of Complaint to Determine Secured Status and Grant Release of Lien of GMAC Mortgage, LLC, Pursuant to 11 U.S.C. § 506(a) and § 1322* [Docket No. 4655] (the "**Complaint**") filed by Linton C. Layne and Nancy K. Layne (the "**Plaintiffs**").[1] In support hereof, the Debtors submit the Declaration of Lauren Graham Delehey, dated December 20, 2013 (the "**Delehey Decl.**"), attached hereto as <u>Exhibit 1</u>, and respectfully represent:

## BACKGROUND

**I.    General Chapter 11 Case Background**

1. On May 14, 2012, each of the above-captioned Debtors (the "**Debtors**") filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

2. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

3. On December 6, 2013, the Debtor and the Creditors' Committee, as joint plan proponents, filed the *Revised Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the

---

[1] Although captioned as a "Notice of Complaint" no adversary proceeding was opened in connection with the filing of the Complaint. However, to the extent the Court treats this contested matter as an adversary proceeding, the Debtors assert each of the arguments in this Objection as a basis for dismissal under Rule 12(b)(6) of the Federal Rule of Civil Procedure 12(b)(6), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for failure to state a claim upon which relief may be granted.

"**Plan**"). On December 11, 2013, the Court entered an order [Docket No. 6065] confirming the Plan.

4. The Effective Date of the Plan occurred on December 17, 2013. (*See* Docket No. 6137).

## II.    The Property and the Complaint

5. Plaintiffs claim to be the owner of real property located at 2186 E. Main Street, Hillsboro, Oregon 97420 (the "**Property**"). For their Complaint, Plaintiffs allege that (i) the junior mortgage on the Property is owned by GMAC Mortgage, (ii) the junior mortgage is entirely unsecured because the amount of a senior lien on the Property exceeds the value of the Property, and, as a result, (iii) they are entitled, "[u]pon discharge of [Debtors'] Bankruptcy proceeding . . . ." (*see* Complaint at 5), to the release of the junior mortgage lien pursuant to Bankruptcy Code sections 506(a) and 1322.

6. In fact, neither the Debtors nor the Liquidating Trust have any interest in a mortgage or associated loan related to the Property. (*See* Delehey Decl. ¶ 4). The Property is subject to a second lien mortgage, however, in favor of U.S. Bank as trustee for the SACO I 2006-9 residential mortgage trust. (*See* Delehey Decl. ¶ 4). Servicing for the second lien mortgage was transferred to Ocwen Loan Servicing, LLC on February 15, 2013, in connection with the Debtors' sale of their mortgage servicing platform (the "**Platform Sale**"). (*See* Delehey Decl. ¶ 4).

7. On or about August 9, 2013, Plaintiffs filed the Complaint on the main bankruptcy case docket. No adversary proceeding was opened in connection with the filing of the Complaint.

8.   As far as the Debtors have been able to ascertain from a PACER search, neither of the Plaintiffs currently has a bankruptcy proceeding pending.[2] Similarly, Ms. Layne indicated in phone conversations with the Debtors' counsel that she is not currently a debtor in a pending bankruptcy.

**OBJECTION**

9.   The Complaint alleges generally, that the Property is subject to two mortgages, a first priority mortgage in favor of CHL Mortgage Pass Through Trust 2006-HYB4 in the amount of $140,800 and a second priority mortgage in favor of GMAC Mortgage in the amount of $35,200. The Complaint further alleges that Plaintiffs are entitled to judgment discharging the second mortgage on the Property pursuant to Bankruptcy Code sections 506(a) and 1322(b). Although the Debtors dispute the facts as alleged in the Complaint, if the Court determines that it has subject-matter jurisdiction over this dispute, the Court need not decide any disputed issues of fact because the relief requested by the Plaintiffs fails as a matter of law.[3]

10.   First and foremost, Bankruptcy Code section 1322(b) is contained in Chapter 13 of the Bankruptcy Code and Chapter 13 of the Bankruptcy Code applies only in Chapter 13 bankruptcy cases. 11 U.S.C. § 103(i) ("Chapter 13 of this title applies only in a case under such chapter."). The Debtors' bankruptcy cases were filed under and pending as Chapter 11 bankruptcy cases. Accordingly, Chapter 13 of the Bankruptcy Code has no application in these cases.

---

[2] Mr. Layne appears to have been a Debtor in a chapter 7 case in the Bankruptcy Court for the District of Oregon, Case No. 10-41697. The bankruptcy case was commenced on December 14, 2010, and Mr. Layne was granted a chapter 7 discharge on March 16, 2011.

[3] Moreover, because the mortgage and loan on the Property are not owned or serviced by any of the Debtors or the Liquidating Trust, it is questionable whether the Court has subject-matter jurisdiction to hear this dispute in the first instance. The Debtors reserve all rights with respect to all jurisdictional issues.

3

ny-1122502

11. Second, Bankruptcy Code section 1322(b) provides protections and benefits available to Chapter 13 debtors, setting forth certain terms that may be included in a Chapter 13 plan to permit a Chapter 13 debtor to discharge certain claims as part of its bankruptcy case. *See* 11 U.S.C. § 1322(b)(2) (Chapter 13 "plan may . . . modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtor's principal residence . . . ."); *accord Pond v. Farm Specialist Reality, In re Pond*, 252 F.3d 122, 124 n.2 (2d Cir. 2001) (Section 1322(b)(2) — permits a Chapter 13 debtor's plan to "modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence . . . .") (emphasis in *Pond*). Because the Debtors' bankruptcy cases are pending under Chapter 11 of the bankruptcy code, the Debtors have proposed and the Court has confirmed the Plan pursuant to Bankruptcy Code sections 1123 and 1129, respectively.

12. Consistent with the purpose of Bankruptcy Code section 1322(b), the cases cited by Plaintiffs generally permit a Chapter 13 debtor, as part of a plan proposed in the ***debtor's own Chapter 13 bankruptcy case***, to avoid a fully unsecured junior mortgage. *See, e.g.*, *In re Pond*, 252 F.3d at 126. These cases reason that because a fully unsecured junior mortgage is not "secured" as that term is used in Bankruptcy Code section 506(a), the antimodification clause in Bankruptcy Code section 1322(b) is inapplicable and Chapter 13 debtors may modify the rights of a holder of a fully unsecured junior mortgage. *See, e.g.*, *In re Pond*, 252 F.3d at 126-27. However, none of the cases cited by the Plaintiffs support the Plaintiffs' contention that they should be entitled to avoid an undersecured junior lien on their property in connection with a Chapter 11 plan in ***another entity's bankruptcy case***. Such a result would be at odds with the purpose of Bankruptcy Code section 1322(b) – which sets forth one of the benefits a Chapter 13

debtor may obtain by complying with the other terms of Chapter 13 of the Bankruptcy Code – and is not supported by any authority of which the Debtors are aware.

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying and/or dismissing the Complaint and granting such other relief as the Court deems proper.

New York, New York  
Dated: December 20, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
James A. Newton  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Post–Effective Date Debtors*

5

ny-1122502