**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY**
**OF THE RESCAP LIQUIDATING TRUST, IN SUPPORT**
**OF DEBTORS' OBJECTION TO NOTICE OF COMPLAINT**
**TO DETERMINE SECURED STATUS AND GRANT RELEASE OF LIEN**
**OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C. § 506(A) AND § 1322**

I, Lauren Graham Delehey, declare as follows:

**BACKGROUND AND QUALIFICATIONS**

1. I am currently an employee of the ResCap Liquidating Trust (the "**Liquidating Trust**"). Prior to the Effective Date of the Revised Second Amended Joint Chapter 11 Plan [Docket No. 5993], I acted as Chief Litigation Counsel in the legal department of Residential Capital, LLC ("**ResCap**"), one of the affiliated post-effective date debtors in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"). I have served as in-house litigation counsel since I joined ResCap on August 1, 2011. I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Objection to Notice of Complaint to Determine Secured Status and Grant Release of Lien of GMAC Mortgage, LLC, Pursuant to 11 U.S.C. § 506(a) and § 1322* (the "**Objection**").[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

ny-1123034

2.	In connection with my capacities as Chief Litigation Counsel of ResCap and now with the Liquidating Trust, I am generally familiar with the Debtors' borrower-related litigation matters both within and outside of the Debtors' Chapter 11 cases.  In connection with these borrower-related matters, I am regularly called upon to verify information in the Debtors' business records regarding the ownership and servicing of mortgage loans underlying the disputes.

3.	Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' or Liquidating Trust's various business units; my review of the Debtors' or Liquidating Trust's litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' or Liquidating Trust's legal department; information supplied by the Debtors' or Liquidating Trust's consultants and counsel; or my experience, expertise, and knowledge of the Debtors' and Liquidating Trust's litigation matters, financial condition and history.  In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

## **OWNERSHIP OF THE MORTGAGE AND LOAN**

4.	In their Complaint, the Plaintiffs allege that they are the owners of real property located at 2186 E. Main Street, Hillsboro, Oregon 97420 (the "**Property**").  Prior to the closing of the sale of the Debtors' mortgage servicing platform on February 15, 2013, Debtor GMAC Mortgage, LLC acted as servicer of a mortgage loan related to the Property on behalf of the

ny-1123034

owner of the loan, U.S. Bank, National Association, as trustee of the SACO I 2006-9 residential mortgage trust.  On February 15, 2013, servicing for the loan was transferred to Ocwen Loan Servicing, LLC.  Accordingly, as far as I have been able to ascertain, as of the date hereof, neither the Debtors nor the Liquidating Trust have any interest in a junior mortgage or associated note related to the Property.

Dated:  December 20, 2013

> */s/ Lauren Graham Delehey*
> Lauren Graham Delehey
> ResCap Liquidating Trust

ny-1123034