Karen Michele Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(410) 458-3773



# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re RESIDENTIAL CAPITAL, LLC et. al,<br>            Debtors. | ) Judge Hon. Martin Glenn, Presiding<br>)<br>) Case No. 12-12020 (MG)<br>)<br>) Chapter 11<br>)<br>) **Re Claim No. 5632, KAREN MICHELE**<br>) **ROZIER'S REQUEST FOR PAYMENT**<br>) **FROM EXECUTIVE TRUSTEE**<br>) **SERVICES, LLC dba ETS, LLC**<br>) |

**TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

In accordance with Appendix 3 Notice of the Deadline and Procedures for Filing Certain Administrative Claims (page 89 of 92) on the Notice of Filing of Revised Proposed Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, Et AL. and the Official Committee of Unsecured Creditors filed on 12/10/2013, KAREN MICHELE ROZIER hereby requests payment of her unopposed claim. Claimant made her initial demand as per the original claims deadline schedule and was requested to provide a final demand with justification in the June 2012 timeframe. Claimant provided her answer entitled LEGAL AND

FACTUAL REASONS IN SUPPORT OF CLAIMANTS PROOF OF CLAIM AND DEMAND, a true and correct copy of the filing without exhibits is attached hereto as EXHIBIT (1). The exhibits are available upon request. Claimant has spoken with Mr. Brian Powers of Silverman Acampo and Mr. Joshua Wilson of KCC during December 2013 and assured that her claim remains unopposed. Claimant has also reviewed fifty-one omnibus objections and has not seen her claim listed.

Demand was made for the following causes:

1) Active/ Fraudulent Concealment;

2) Fraud and Conspiracy to Commit Fraud;

3) Violation of California Business and Professions Code Section 17200;

4) Intentional Infliction of Emotional Damages;

5) Wrongful Foreclosure (rescinded on October 4, 2012);

Total demand made on July 21, 2013 = **$666,000 at 100%**

Dated: December 16, 2013

Executed in Buena Park, California

/Karen Michele Rozier



# Direct Deposit Set-Up Form

## CUSTOMER INFORMATION

**Customer**
KAREN M ROZIER

**Address**
7957 DAHLIA CIR

**City**
BUENA PARK

**State**
CA

**Zip**
90620-1901

**Social Security**
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

## ACCOUNT INFORMATION

**Chase Routing Number**
[redacted]

**Account Number**
3060085718

**Deposit To:**
    Checking
X Savings



JPMorgan Chase Bank, N.A. Member FDIC
© 2008 JPMorgan Chase & Co.

CHASE

TS No. GM-134373-C

Karen M. Rozier

7957 Dahlia Circle

Buena Park, CA 90620

(714) 512-5740

RECEIVED
DEC 23
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

| | |
|---|---|
| Karen M. Rozier,<br>        Claimant,<br><br>vs.<br>Executive Trustee Services, LLC<br>        Debtor(s) | ) Claim No. 5632. Executive Trustee Services, LLC<br>)<br>) [Submitted concurrently with claim 4738]<br>)<br>) LEGAL AND FACTUAL REASONS IN SUPPORT OF<br>) CLAIMANTS PROOF OF CLAIM AND DEMAND<br>) |

**AS TO DEBTOR EXECUTIVE TRUSTEE SERVICES, LLC,** Claimant, Karen M. Rozier, on personal information and belief alleges the following:

### BACKGROUND

Claimant Karen M. Rozier accuses Debtor Executive Trustee Services, LLC (ETS) of violating California and Federal law beginning March 4, 2008 and asserts that these violations caused her financial harm including loss of her $120,000 per year job, higher credit costs and denial of credit, costs of litigation, and emotional duress. Plaintiff previously sued ETS in Orange County Superior Court but that cased was dismissed after GMACM rescinded the default; Claimant likewise sued ETS in Superior Court in 2012 but ETS invoked this bankruptcy to hide from its responsibility. As Residential Funding has abused its size to convince the California courts that ETS is immune from prosecution in the state court for acts committed since the bankruptcy stay was lifted, Claimant has no active litigation against Debtor ETS. Claimant's only demand for relief is by and through the bankruptcy court.

TS No. GM-134373-C

1. Claimant Karen M. Rozier [herein referred to as Claimant] accuses ETS of the violations hereinafter described. These violations have been and are now being committed within and from the County of Orange and elsewhere within the State of California:

    a. Active Concealment

    b. Fraud and Conspiracy to Commit Fraud

    c. Violations of Fair California Business and Professional Act

    d. Intentional Infliction of Emotional Duress

    e. Wrongful Foreclosure

2. Claimant demands $666,000 in damages from ETS for these acts, plus punitive damages should the court permit.

**CLAIMANT**

3. Claimant Karen M. Rozier, an individual and American citizen by birth, is and at all times herein mentioned an individual residing in the City of Buena Park, County of Orange, State of California.

**DEBTOR**

4. Debtor ETS is a 100% wholly-owned subsidiary of Debtor GMAC Mortgage. Debtor claims that it was substituted as Trustee on March 4, 2008 to a deed of trust allegedly executed by Claimant. A true and correct copy of the Substitution of Trustee ["SOT"] is attached hereto as **Exhibit 1**.

5. This SOT was executed by someone claiming to work for "Mortgage Electronic Registration System, Inc." Ms. Rozier has consistently denied the validity of the December 23, 2005 DOT. That DOT is secured by a note dated December 23, 2005. That December 23, 2005 note was rescinded on February 28, 2006 and a new note signed on June 1, 2006. A true and correct copy of that 3-Day Notice to Cancel is attached hereto as **Exhibit 2**. According to the voidable Deed of Trust (as described in the same notice), the original Beneficiary was "Mortgage Electronic Registration System**s**, Inc." According to the California Department of Corporations, neither

TS No. GM-134373-C

"Mortgage Electronic Registration System, Inc." nor "Mortgage Electronic Registration System**s**, Inc." was a legal entity in the state of California at the time.

6. Despite being a 100% wholly owned subsidiary of Debtor GMAC Mortgage, LLC (who was pretending to service a loan allegedly executed by Claimant), Debtor ETS pretended to be a "Trustee" and pretended to be authorized to conduct a foreclosure sale in the state of California as such even though it knew that legally, it could not.

**GENERAL ALLEGATIONS**

7. Between December 4, 2007 and February 26, 2008 Claimant contacted Debtor GMAC Mortgage, LLC several times by telephone and twice by mail, attempting to work in earnest with the Loan Loss Mitigator, Ms. Latina Dawn. After informing Claimant on December 4, 2007 that GMACM could not help Claimant because Claimant was current on her alleged mortgage payments, Ms. Dawn failed to return any of Claimant's phone calls. On or about February 26, 2008 Claimant sent a payment to GMAC Mortgage LLC, which was returned by GMAC Mortgage in early March.

8. On March 4, 2008 Debtors recorded a Notice of Default and Election to Sell under Deed of Trust (NOD), a true and correct copy which is attached hereto as **Exhibit 3**. As per the notice, Debtor used a fictitious name "Executive Trustee Services, LLC" to record the document. As per the California Department of Corporations, "Executive Trustee Services, LLC" was not a legally recognized corporation in the state of California. Debtor's act of recording this document was therefore illegal under California law.

9. Moreover, careful analysis of the March 2008 NOD reveals that Debtor also refers to "MERS" as "Mortgage Electronic Registration System, Inc." on page 1 of the NOD, but as "Mortgage Electronic Registration System**s**, Inc." when quoting the Deed of Trust. Claimant argued in her federal case that this was a deliberate act done to mislead the courts and public into believing

Claim 5632 ETS – Page 3 of 13

that "Mortgage Electronic Registration System, Inc." was "Mortgage Electronic Registration Systems, Inc.".

10. This NOD referred only to the voidable Deed of Trust executed on December 23, 2005. Shortly after declaring default, co-Debtor GMACM returned Claimant's payments and this fact is reflected in her account history and their ledgers.

11. Debtor ETS took out an advertisement in Claimant's local small town newspaper, thus causing Claimant emotional harm and embarrassment. A true and correct copy of the newspaper advertisement is attached hereto as **Exhibit 4**. Claimant lives in the largest physical home in Buena Park, California as her home it at the maximum allowable height and more than 3x-the size of the surrounding homes in the area. Claimant is also African-American, and at the time, Buena Park was less than 1.8% African America. Debtor's wrongful and illegal actions thus portrayed the African American Claimant as a "deadbeat" in a town unfriendly to Blacks, putting Claimant and her family's life in jeopardy.

12. Moreover, Claimant's spouse's business – Othello Enterprises Corporation – suffered and was eventually forced out of business. Othello Enterprises Corporation was a Developer and the Dahlia Circle property was its showcase property. A true and correct copy of Othello's newspaper advertisement is attached hereto as **Exhibit 5**. When Debtors portrayed Claimant as a "deadbeat" and also described the 4,206 square foot million-dollar resident as a "2,096 square foot home worth less than $500,000", they destroyed Claimant's African American's husband credibility. Punitive damages are deserved.

13. Debtor recorded a Notice of Trustee's Sale as instrument 2008000272617 at 11:00am on 06/06/08 in the Official Records, Orange County with a date of sale set for 6/27/2008. A true and correct copy which is attached hereto as **Exhibit 6**. As per the notice, Debtor used a fictitious name to record the document. As per the California Department of Corporations,

TS No. GM-134373-C

Debtor was not recognized in the state of California. Debtor's act of recording this document was therefore illegal under California law.

14. On or about October 25, 2008, it became apparent to Claimant that Debtor GMAC Mortgage, LLC was attempting to foreclosure in violation of California Civil Code 2924 foreclosure statutes. Claimant notified the Trustee of the fraud and requested that the Trustee, in her official capacity, file for a judicial proceeding to ascertain the true holder of the note. A true and correct copy of the letter is attached hereto as **Exhibit 7**.

15. Debtor ETS failed to respond Claimant filed suit on October 28, 2008. A true and correct copy of the initial pleading is attached hereto as **Exhibit 8.** Debtor eventually "temporarily halted" the sale at the direction of Debtor GMAC Mortgage, LLC , still threading to complete the foreclose sale after January 9, 2009. A true and correct copy of the letter is attached hereto as **Exhibit 9.**

16. A year later on December 22, 2009, they rescinded the NOD. A true and correct copy of the rescission of NOD is attached hereto as **Exhibit 10**. Neither Debtor GMACM nor ETS ever compensated Claimant for the financial and emotional harm they caused.

17. Claimant was expecting co-Debtor GMACM to contact her to work out their issues and repeatedly attempted to work with them in good faith. Claimant did not expect them to generate false document in their attempt to perfect their fraud and shoddy business practices. Instead of contacting her, Debtor ETS recorded an assignment of the DOT to "Bank of America, National Association as successor by merger to LaSalle Bank National Association as Trustee **RAMP** 2007RP1" [emphasis added. Later Debtor tried to pretend that the Trust was **RAAC** 2007RP1 and accused Claimant of "being confused". Time has proven that Claimant was right and the GMACM was virtually a criminal enterprise.] A true and correct copy of the assignment of DOT is attached hereto as **Exhibit 11**.

TS No. GM-134373-C

18. This assignment was signed by a "Maribel Tellis" who claimed to be an "Assistant Secretary" with "Mortgage Electronic Registration Systems, Inc." According to publicly available information, Ms Telles is a low-level employee at GMACM. At the time of the assignment, her GMACM phone number was (214) 874-2195. At no time was she ever a MERS-employee.

19. As evidence that the **Exhibit 1** SOT was invalid, the newly substituted beneficiary [to the voidable DOT] Bank of America **RAMP 2007RP1** did its own Substitution of Trustee to add Debtor ETS as the Trustee. A true and correct copy of the assignment of DOT is attached hereto as **Exhibit 12**. This SOT is one of the most troubling aspects of the transaction because it shows the length that Debtors and their co-conspirators went to in order to perfect their crime:

   a. Document was recorded by "ETS Services, LLC", a company not recognized by the California Department of Corporation

   b. Document was signed by GMACM employee Tracie Schmidheiser an "Authorized Officer" of "Bank of America, National Association as successor by merger to LaSalle Bank National Association as Trustee RAMP 2007RPI by Residential Funding Company, L.L.C. fks Residential Funding Corporation, Attorney-in-Fact." According to her Linked In profile, Ms. Schmidheiser was employed with GE Capital Corporation as an Underwriter. GE Money, the parent company of GE Capital Corporation, is the entity that sent the check on 6-6-6 with the loan closing letter.

   c. The document was notarized by Nicole Shelton. Ms. Shelton was subsequently stripped of her notarial duties after admitting to failing to perform her notarial duties including admitting to robo-stamping documents. [See **Exhibits 13 -14**] Recently, the Register of Deeds for Essex County in Massachusetts placed Ms. Shelton on his list of known or suspected robo-signers. A true and correct copy of his affidavit is attached hereto as **Exhibit 15.**

TS No. GM-134373-C

20. The new beneficiary BANA RAMP 2007RPI immediately declared default, with the NOD being recorded by an unknown entity called "LSI Title Company, Inc." "LSI Title Company" is a subsidiary of Lender Processing Services, or LPS. The former president of LPS (DOCX), was recently sentenced to 5-years in prison for forgery and making false declarations related to mortgage documents processed by LPS. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 16**.

21. Shortly after the new "beneficiary" declared default, Claimant again contacted Debtor ETS in its capacity as "Trustee" and demanded Validation of Debt. A true and correct copy of the letter is attached hereto as **Exhibit 17**. On page 2 of that letter, Claimant wrote:

> "Finally, I dispute that you, Executive Trustee Services, Inc., are acting in any legal capacity as Trustee or beneficiary under any Deed of Trust executed by me, and I assert that you are attempting to further the fraud you initially initiated back in March 2008 when you claimed I owed this debt to Mortgage Electronic Registration System, Inc. [Exhibit (1)]. I informed you then that the information you were providing was false [Exhibit (2)], just as I am informing you now that the information you are providing is false and misleading. You willingly committed fraud back then and you are committing fraud right now.
>
> "Just three years ago you pretended to be a Limited Liability Corporation representing Mortgage Electronic Registration System, Inc and you validated that I was indebted to them, which I disputed. We both know that I was correct, just as we both know that you tried to deny the truth that ETS, LLC did not legally exist, something which has also been proven true."

22. Debtor ignored Claimant's written demand, continued to pretend as though they were a legal entity and distinct from GMAC Mortgage, and scheduled the property for sale. A true and correct copy of that notice of sale is attached hereto as **Exhibit 18**. Claimant wrote ETS again on August 17, 2011 and informed them of her intent to specifically sue them for their violations. A true and correct copy of that letter is attached hereto as **Exhibit 19**.

**SPECIFIC ALLEGATIONS**

**[Active/ Fraudulent Concealment]**

Claim 5632 ETS - Page **7** of **13**

TS No. GM-134373-C

23. In a contracts' setting, active concealment refers to the situation where a party conceal any information which they have a duty to disclose. Active concealment may occur if the party goes out of their way to hide information or obstruct the other party's access to it.

24. Claimant informed Debtor ETS of its duties as "Trustee" and gave Debtor every opportunity to be honest and forthright, but Debtor choose to flagrantly break the law instead. **[Exhibit 7]**

25. Debtor(s) ETS and GMACM concealed their relationship, had knowledge that the most likely outcome of their cover-up was that the general public would wrongly conclude that ETS was an independent Trustee, that Claimant could not easily obtain that information (especially in light of their failure to register in the state of California), that ETS and GMACM suppressed and concealed their relationship with the intention and that Claimant, general public, and Orange County Clerk Recorder be misled as to the true identity of ETS.

26. The Debtor misrepresented their relationship intending to either force Claimant to pay large sums of money to Debtor GMACM and each of them to which they were not entitled under the law, or for Claimant to abandon her property to foreclosure sale for Debtor's and GMACM's (Debtor's parent company) monetary gain.

27. As a result of their illegal and predatory behavior, Claimant was driven into bankruptcy, which caused her to be denied a security clearance and the right to earn a living. **[Exhibit 20]**

28. Claimant is entitled to monetary damages.

### [Fraud and Conspiracy to Commit Fraud]

29. All Debtors engaged in behavior in violation of U.S.C. Title 18, Part I, Chapter 19 § 371. Conspiracy to commit offense or to defraud United States and California Penal Code § 182, paragraph (4) against Claimant.

30. Claimant had informed Debtor of problems with GMACM's actions assuming that Debtor ETS was in fact "a Trustee", but Debtor ETS ignored Claimant's repeated written request(s) for them

TS No. GM-134373-C

to exercise due diligence and instead harmed Claimant in order to help their parent company illegally profit.

31. In all of the wrongful acts in this complaint, Debtor ETS used and abused the United States mail in furtherance of their pattern of illegal conduct, often mailing Claimant eight (8) copies of the same document, each requiring a signature.

### [Violation of California Business and Professions Code 17200]

32. California Business and Professions Code § 17200, *et seq* prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature. ETS's bad conduct is ongoing and continues.

33.

34. Claimant alleges that by engaging in the above described acts and/or practices as alleged herein, Debtor violated several California laws and regulations and said predicate acts are therefore per se violations of Cal Bus and Prof. Code § 17200, *et seq*.

35. Claimant has a private right of action as per the Minute Order from Orange County Superior Court case 30-2012-00601310-CU-OR-CJC. According to the Minute Order, the California Court recognizes Claimant's right to sue for violation of CalBusProfCode 17200 et seq. A true and correct copy of a few of the Minute Order are attached hereto as **Exhibit 21.**

### [Intentional Infliction of Emotional Damages]

36. Debtor ETS was rude and unprofessional to Claimant and her spouse each and every time they called Claimant to resolve issues, obtain information, or work to cancel wrongfully planned sales. Debtor knew it was engaged in illegal practices including Active Concealment and doing business in California without registering its corporation, yet Debtors intentionally treated Claimants as worthless people, causing Claimant and her spouse emotional harm.

TS No. GM-134373-C

37. Debtor repeatedly scheduled sales of Claimant's property despite clear and compelling evidence that GMACM had no legal right to foreclose in California. Between June 2008 and May 2013, ETS planned at least 30-sales of Claimant's property, requiring that Claimant work to stop each and every sale.

38. On three occasions, between July 11, 2012 and February 15, 2013 Claimant or her spouse stopped illegal sales in progress, including one attempted sale that was being held in violation of a federal bankruptcy stay. Additionally, ETS scheduled a sale for February 6, 2013 less than 24-hours after Judge Derek Hunt issued a Preliminary Injunction (PI) preventing a sale, in violation of California law, resulting in Judge Ronald Bauer issuing an emergency Temporary Restraining Order (TRO) the next day. A true and correct copy of the PI is attached hereto as **Exhibit 22** and of the TRO attached hereto as **Exhibit 23.**

### [Wrongful Foreclosure]

39. ETS conducted a trustee sale on 9/24/12. [A true and correct copy of the Trustee Deed Upon Sale is attached hereto as **Exhibit 24**]. The sale was rescinded on 10/4/12. A true and correct copy of the Rescission of Trustee Deed Upon Sale is attached hereto as **Exhibit 25**.

40. In the rescission document, ETS deliberately made false statements knowing these statements to be false. The effect of them writing this incorrect language is that ETS essentially gave validity to the voidable Deed of Trust despite them having clear and compelling evidence that the Deed of Trust is voidable and should be cancelled. Specifically, Debtor writes:

   a. "That Bank of America, National Association as successor by merger to LaSalle Bank National Association as Trustee RAMP 2007RP1 is the beneficiary of record under that Deed of Trust by virtue of an Assignment of Beneficial Interest recorded." The true fact is that BANA RAMP 2007 assigned its beneficial interest in the voided Deed of Trust on

TS No. GM-134373-C

January 12, 2012. [A true and correct copy of the assignment is attached hereto as **Exhibit 26.**]

b. "THAT BY VIRTUE OF a default under the terms of the Deed of Trust, the beneficiary did declare a default …". The true fact is that there was no default and that the true beneficiary never declared any default.

c. Para 5. "THAT THE TRUSTEE has been informed by the Beneficiary" Both BANA and US Bank denies this. However, the evidence suggests that Severson and Werson, APC, attorney for Residential Funding Company any U.S. Bank directed ETS to rescind the Trustee's Deed.

d. "THAT THE EXPRESS PURPOSE of this Notice of Rescission is to return the priority and existence of all title and lien holders to the status quo-ante as existed prior to the trustee's sale." The truth is that the sale was rescinded because it was wrongful and the December 23, 2005 Deed of Trust voidable.

41. Claimant is presently suing Bank of America, NA and US Bank for the wrongful foreclosure, as well as for their attempted constructive eviction. Claimant is suing them for their specific wrongful acts which are separate and distinct from ETS's and GMAC's wrongful acts. Had Claimant be allowed to sue both Debtors (instead of them invoking bankruptcy protection), this would have been easier for Claimant.

**SUMMARY**

42. Claimant's position is that each party caused her harm by and through their wrongful acts and each party should suffer commensurate with the harm they caused. By claiming it was a "Trustee" and therefore a "trusted entity", Debtor ETS not only broke several California and federal laws, but they violated the *Public Trust*.

TS No. GM-134373-C

43. Claimant is entitled to all relief and compensation requested. Claimant demands a one-time after-tax payment of $666,000, U.S. Dollars;

44. Claimant also is entitled to Cancellation and or Rescission of the following recorded documents:

   a. **Exhibit 1**: 3/04/06 Substitution of Trustee was

   b. **Exhibit 11.** Assignment of Deed of Trust recorded as instrument 2011000126176 at 01:46pm on 03/09/11 in the Official Records, Orange County, California

   c. **Exhibit 12.** Substitution of Trustee recorded as instrument 2011000181719 at 08:00am on 04/11/11 in the Official Records, Orange County, California

   d. **Exhibit 16.** Notice of Default and Election to Sell Under Deed of Trust recorded as Instrument 2011000181720 on 04/11/11 in the Official Records, Orange County, California

Dated this 19th day of July, 2013

*/s/ Karen M. Rozier*
Karen M. Rozier, Claimant in Pro Per

TS No. GM-134373-C

**LIST OF ATTACHMENTS**

| | |
|---|---|
| Exhibit 1 | Substitution of Trustee recorded as Instrument 2008000098585 on 03/04/08 in the Official Records, Orange County, California |
| Exhibit 2 | Notice of Right To Cancel |
| Exhibit 3. | Notice of Default and Election to Sell Under Deed of Trust recorded as Instrument 2008000098586 on 03/04/08 in the Official Records, Orange County, California |
| Exhibit 4. | Publication Notice, Buena Park/ Anaheim Independent Published June 6, 13, 20, 2008. |
| Exhibit 5. | Othello Enterprises Corporation LA Times Newspaper Advertisement |
| Exhibit 6 | Notice of Sale recorded as instrument 2008000272617 at 11:00am on 06/06/08 in the Official Records, Orange County |
| Exhibit 7 | Letter dated 25 March 2008 sent via certified mail receipt 7005 3110 003 3709 9167 |
| Exhibit 8 | Case 30-2008 00217056 filed October 28, 2008 in Orange County Superior Court, California |
| Exhibit 9 | Letter from ETS Temporarily Halting Foreclosure dated 12/8/2008 |
| Exhibit 10 | Notice of Rescission of Notice of Default recorded as Instrument No 2009000685227 on 12/22/09 in the Official Records, Orange County, California |
| Exhibit 11 | Assignment of Deed of Trust recorded as instrument 2011000126176 at 01:46pm on 03/09/11 in the Official Records, Orange County, California |
| Exhibit 12 | Substitution of Trustee recorded as instrument 2011000181719 at 08:00am on 04/11/11 in the Official Records, Orange County, California |
| Exhibit 13 | Page 11 of 18 from Pennsylvania Department of State Re: March 2012 disciplinary actions |
| Exhibit 14 | Letter from PA notary |
| Exhibit 15 | Affidavit of John O'Brien, Commonwealth of Massachusetts, Register of Deeds |
| Exhibit 16. | Notice of Default and Election to Sell Under Deed of Trust recorded as Instrument 2011000181720 on 04/11/11 in the Official Records, Orange County, California |
| Exhibit 17 | Letter to ETS re: Demand for Validation/ Dispute of Debt dated April 30, 2011 |
| Exhibit 18 | Notice of Sale recorded as Instrument 2011000338270 at 01:15pm on 07/12/11 in the Official Records, Orange County, California |
| Exhibit 19 | Letter to ETS re: Demand for Satisfaction of Mortgage dated August 17, 20122 |
| Exhibit 20 | Job Offer and Rescission of Chief Engineer Air-to-Ground Missile position |
| Exhibit 21 | Case 30-2012-00601310-CU-OR-CJC Minute Order dated 01/24/2013 |
| Exhibit 22 | Order of Preliminary Injunction signed by Judge Derek Hunt, 2-5-13 |
| Exhibit 23 | Temporary Restraining Order signed by the Honorable Ronald Baer on 2-13-13. |
| Exhibit 24 | Trustees Deed Upon Sale recorded as Instrument 20120000564076 on 09/26/12 in the Official Records, Orange County, California |
| Exhibit 25 | Rescission of Deed Upon Sale recorded as Instrument 2012000604833 at 2:17pm on 10/04/12 in the Official Records, Orange County, California |
| Exhibit 26 | Assignment of Deed of Trust recorded as instrument 2012000022516 at 04:07pm on 01/13/12 in the Official Records, Orange County, California. |