# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## ATTORNEY DECLARATION OF DISINTERESTEDNESS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) |
| | ) |
| COUNTY OF SUFFOLK | ) |

Matthew A. Martel, being duly sworn, upon his oath, deposes and says:

1. I am a partner of the law firm Jones Day ("Jones Day" or the "Firm"), which has been employed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases ("the Chapter 11 Cases") in the ordinary course of the Debtors' businesses. My office is located at 100 High Street, 21st Floor, Boston, Massachusetts 02110. Prior to joining the Firm in July 2013, I was a partner of the law firm McDermott Will & Emery, which also was employed by the Debtors in the ordinary course of their business. The Debtors wish to retain Jones Day to provide ordinary-course professional services during the pendency of the Chapter 11 Cases. This affidavit is submitted in compliance with the Order Under Bankruptcy Code Sections 105(a), 327, and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business Nunc Pro Tunc to the Petition Date (the "OCP Order").

2. While at my previous firm, I represented and advised the Debtors with respect to certain litigation involving a claim under the Massachusetts Consumer Protection law,

Mass. Gen. Laws Ch. 93A. Since I joined Jones Day, the Debtors have requested that the Firm provide such services to the Debtors during the pendency of the Chapter 11 Cases, and the Firm has agreed to do so.

3. To the best of my knowledge, information and belief, insofar as I have been able to ascertain through reasonable inquiry, the Firm does not represent or hold any interest adverse to the Debtors or to the estate with respect to the matter on which the Firm is to be employed.[1]

4. As part of its customary practice, the Firm is retained in lawsuits, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

5. The Firm may have provided services in the past, may currently provide services, and may provide services in the future, in matters unrelated to the Chapter 11 Cases, for persons that are parties in interest in the Chapter 11 Cases, other than the FGIC representation disclosed in the footnote below. Insofar as I have been able to ascertain through reasonable inquiry, none of those past or current representations are material. The Firm will make any further disclosures as may be appropriate in the future upon learning additional or different information.

6. The Debtors owe $0.00 to the Firm for prepetition services.

7. The Firm intends to submit ordinary-course billing statements to the Debtors for compensation for professional services rendered, in accordance with the OCP Order,

---

[1] The Firm represents Financial Guaranty Insurance Company ("FGIC"), a creditor in the Chapter 11 Cases, in connection with its claims against and ultimate settlement with the Debtors, which was approved by this court on September 9, 2013. *See* Dkt. 5274. That engagement does not involve the Massachusetts state court litigation proceeding for which the Firm is to be engaged hereunder and FGIC has agreed to waive any potential conflict regarding the Firm's representation of GMACM in this matter. No Jones Day attorney representing FGIC is involved with the Firm's representation in this matter.

based on the Firm's standard hourly fee rates in effect at that time for the applicable professionals (unless the Debtors and the Firm agree otherwise in the ordinary course of business), plus reimbursement of actual necessary expenses and other charges incurred by the Firm.

8. The Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions. The rates are set at a level designed to fairly compensate the Firm for the work of its professionals and to cover fixed and routine overhead expenses. In addition, the Firm will seek reimbursement from the Debtors for typical incurred expenses in an manner and at rates consistent with such charges made generally to the Firm's other clients.

9. The Firm has no agreement with any other entity to share with such entity any portion of the compensation received by the Firm hereunder.

10. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

11. At any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained herein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 16, 2013.

_____
Matthew A. Martel
Partner
Jones Day
100 High Street, 21st Floor
Boston, Massachusetts 02110

<023/13    Entered 12/23/13 21:41:45    Main Document
                                         Pg 4 of 6
</023/13>

*In re Residential Capital, LLC, et al.*
Chapter 11 Case No. 12-12020 (MG)

<u>RETENTION QUESTIONNAIRE</u>[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY RESIDENTIAL CAPITAL, LLC, *et al.* (the "<u>Debtors</u>")

<u>THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF, PLEASE REMIT IT TO THE FOLLOWING ADDRESS</u>:

> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, NY 10104
> Attention: Norman S. Rosenbaum and Jordan A. Wishnew

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

    Jones Day
    100 High Street, 21st Floor
    Boston, MA 02110

2. Date of original retention:

    Jones Day's initial retention was on or about July 9, 2013. Prior to the petition date, I was a partner of the law firm McDermott Will & Emery, which also was employed by the Debtors in the ordinary course of their business.

3. Brief description of legal services to be provided:

    Jones Day is defending GMAC Mortgage, LLC ("GMACM") in connection with a civil action brought by the Massachusetts Attorney General against a group of mortgage loan servicers. The single-count operative complaint in that matter alleges that the defendants are liable under the Massachusetts Consumer Protection law, Mass. Gen. Laws Ch. 93A, in connection with certain alleged mortgage foreclosures.

4. Arrangements for compensation (hourly, contingent, etc.)

---

[1] All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based upon the applicable exchange rate in effect on the Petition Date.

BOI-32832v2

    (a)    Average hourly rate (if applicable):  $225 - $725

    (b)    Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):  $15,000 - $35,000

5.    Prepetition claims against any of the Debtors held by the firm:

    Amount of claim: <u>None</u>

    Date claim arose: _____

    Source of claim: _____

6.    Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the firm:

    Name: <u>None</u>

    Status: _____

    Amount of claim: _____

    Date claim arose: _____

    Source of claim: _____

7.    Stock of any of the Debtors currently held by the firm:

    Kind of shares: <u>None</u>

    No. of shares: _____

8.    Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

    Name: <u>None</u>

    Status: _____

2

        Kind of shares: _____

        No. of shares: _____

9. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named Firm is to be employed.

   None[2]

10. Amount of any retainer received from the Debtors held by the firm:

    (a) As of May 14, 2012:  None

    (b) Balance remaining after application to invoices due and owing prior to May 14, 2012:

    None

Name:  Matthew A. Martel

Title:  Partner, Jones Day

---

[2] The Firm represents Financial Guaranty Insurance Company ("FGIC"), a creditor in the Chapter 11 Cases, in connection with its claims against and ultimate settlement with the Debtors, which was approved by this court on September 9, 2013. See Dkt. 5274. That engagement does not involve the Massachusetts state court litigation proceeding for which the Firm is to be engaged hereunder and FGIC has agreed to waive any potential conflict regarding the Firm's representation of GMACM in this matter. No Jones Day attorney representing FGIC is involved with the Firm's representation in this matter.