UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING SUPPLEMENTAL NOTICE OF PLAN PROPONENTS' MOTION FOR ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

1. Pursuant to paragraph nine of the *Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6166] (the "<u>Order</u>"), the undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6020] (the "<u>Motion</u>") following service of the Supplemental Notice [Docket No. 6143, Exhibit 1] of the Motion, which was served by overnight mail on December 17, 2013.

2. The undersigned further declares that he has caused a review of the Court's docket in these cases and has been advised that no party, including all parties receiving the Supplemental Notice, filed an answer, objection or other responsive pleading to the Motion or the Order following service of the Supplemental Notice. Pursuant to the Order, the deadline for filing supplemental objections to the relief sought in the Motion and Order, December 23, 2013

ny-1123480

at 5:00 p.m. (Eastern Time), has passed.

3. In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures*, entered on May 23, 2012 [Docket No. 151], the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4. Accordingly, by its terms, the Order (a copy of which is annexed hereto as Exhibit 1), is a final order in all respects without the need for a further hearing.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

ny-1123480

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 24, 2013  /s/ Norman S. Rosenbaum
New York, New York  Lorenzo Marinuzzi
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Post-Effective Date Debtors*

-and-

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors*

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------  )
                                                  )
In re:                                            )   Case No. 12-12020 (MG)
                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                 )   Chapter 11
                                                  )
                                    Debtors.      )   Jointly Administered
                                                  )
------------------------------------------------  )
```

**ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE
IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN PROPOSED
BY RESIDENTIAL CAPITAL, LLC, *ET AL*. AND THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Upon the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors*, dated December 5, 2013 (the "Motion")[1] seeking entry of an order establishing a disputed claims reserve (the "Disputed Claims Reserve") for disputed claims in Classes R-4 (ResCap Unsecured Claims), GS-4 (GMACM Unsecured Claims), and RS-4 (RFC Unsecured Claims) (collectively, the "Disputed Class 4 Claims") in connection with distributions to be made under the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (ECF Doc. # 5993) (as may be amended, the "Plan"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Deanna Horst, Chief Claims Officer for Residential Capital, LLC and its affiliates, in support of the Motion (the "Declaration"); and the

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.



1212020131220000000000001

Court having considered the objections (the "Objections") to the Motion having been filed by the Commonwealth of Massachusetts ("Massachusetts"), CIBM Bank ("CIBM"), and MidFirst Bank ("MidFirst"), and Basic Life Resources/ Pamela Z. Hill ("BLR", and collectively with Massachusetts, CIBM, and MidFirst, the "Objecting Parties"), as well as the reply filed by the Plan Proponents; and the Court having held a hearing on the Motion on December 20, 2013 (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion, Declaration and at the Hearing establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    1.    The Motion is GRANTED on an interim basis on the terms set forth herein.

    2.    To the extent not cured by the relief granted herein, all objections, including the Objections, or other responses to the motion are hereby OVERRULED in their entirety and on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

    3.    The Reserve Amount, for the sole purpose of establishing the Disputed Claims Reserve with respect to Disputed Class 4 Claims is $382.3 million, which is allocated among the Debtor Groups as follows: (i) $21.8 million against the ResCap Debtor Group, (ii) $244.6 million against the GMACM Debtor Group, and (iii) $115.9 million against the RFC Debtor Group.

4.  The Liquidating Trust shall separately hold Units (and any distributions on account of such Units) in the Disputed Claims Reserve on account of the Disputed Class 4 Claims of (1) MidFirst (the "MidFirst Claim") based upon an allowed claim in the amount of $62,604,092 against the GMACM Debtor Group (the "MidFirst Reserve") and (2) CIBM (the "CIBM Claim") based upon an allowed claim in the amount of $30,022,203 against the RFC Debtor Group (the "CIBM Reserve"). The amounts reserved for the MidFirst Claim and the CIBM Claim are inclusive to the Reserve Amount in Paragraph 3. The MidFirst Reserve and the CIBM Reserve shall be held by the Liquidating Trust for the sole satisfaction of the MidFirst Claim and CIBM Claim, respectively, pending the allowance, disallowance, or estimation for distribution purposes, of the MidFirst Claim and the CIBM Claim, respectively, pursuant to a final order or by written agreement of the parties. To the extent the amount reserved for either the MidFirst Claim or the CIBM Claim exceeds the ultimately allowed amount of such claim or the amount estimated for distribution purposes, Units (and distributions on account of such Units) held in the MidFirst Reserve or the CIBM Reserve, as the case may be, on account of such excess amount shall be made available for the satisfaction of the other Disputed Class 4 Claims.

5.  The estimation of the Disputed Class 4 Claims is without prejudice to the rights of the Plan Proponents or the Liquidating Trust, as applicable, to contest the merits and allowance of the Disputed Class 4 Claims. By estimating the Disputed Class 4 Claims, the Plan Proponents and this Court are not making a determination that the Debtors or the Debtors' estates are liable on account of any Disputed Claims in any amount.

6.  The Claims identified on Exhibits 3A–3E constitute Disputed Claims under the Plan and shall remain so unless and until they are disallowed or become "Allowed Claims" under the Plan.

12-12020-mg    Doc 6166    Filed 12/20/13    Entered 12/20/13 10:45:53    Main Document
Pg 4 of 5

7. The Initial Unit Distribution Record Date under the Plan shall be December 5, 2013. Solely for the purposes of the Initial Unit Distribution Record Date, to the extent the allowance of a Claim as of the Initial Unit Distribution Record Date is contingent only upon the effectiveness of the Plan, such Claim shall be deemed to be Allowed as of the Initial Unit Distribution Record Date.

8. The Plan Proponents and the Liquidating Trust, as applicable, are authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan and to implement the terms of this Order. Nothing herein or in the Motion, nor any action by the Plan Proponents or the Liquidating Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim, and the Plan Proponents and the Liquidating Trust reserve all of their rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve.

9. The relief granted herein shall be granted on an interim basis; *provided*, *however*, that if no objections (each, a "Supplemental Objection") are served and filed with the Court by any party that was mailed supplemental service of the Motion on December 17, 2013 (each, a "Supplemental Notice Party") in accordance with the terms set forth in the *Supplemental Notice of Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (ECF Doc. # 6143, Exhibit 1) (the "Supplemental Notice") by December 23, 2013 at 5:00 p.m. (Eastern Time) (the "Supplemental Objection Deadline"), the Plan Proponents shall file a notice of no objections, and this Order shall be final in all respects without the need for a further hearing. To the extent any Supplemental Notice

Party files and serves a Supplemental Objection in accordance with the terms set forth in the Supplemental Notice, a telephonic hearing to consider the Supplemental Objections shall be held on December 27, 2013 at 3:00 p.m. (the "Supplemental Hearing"). If all Supplemental Objections are withdrawn or resolved prior to the Supplemental Hearing, the Plan Proponents shall file a notice of resolved objections, and this Order shall be final in all respects without the need for a further hearing.

      10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  December 20, 2013
       New York, New York

                                            _____/s/Martin Glenn_____
                                                 MARTIN GLENN
                                          United States Bankruptcy Judge