**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS) WITH RESPECT TO CLAIM NO. 5282 OF MICHELLE LAWSON**

Pending before the Court is the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Objection," ECF Doc. # 5138). Through the Objection the Debtors seek to disallow and expunge Claim No. 5282 of Michelle Lawson (the "Lawson Claim"). Ms. Lawson's proof of claim asserts an $89,667.98 priority claim and a $51,300 secured claim against Residential Capital, LLC ("ResCap"). Through the Objection, the Debtors seek to reclassify and redesignate the Lawson Claim as a $140,967.98 general unsecured claim against GMAC Mortgage, LLC ("GAMCM"). The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection). Ms. Lawson filed a response (the "Response," ECF Doc. # 5528). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Reply," ECF Doc. # 5730), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the Court held a hearing and Ms. Lawson appeared telephonically. The Court reserved decision on the Objection.

The stated basis for the Lawson Claim is "Secondary Mortgage Note," related to property located at 22 East Gorgas Lane, Philadelphia, PA 19119 (the "Property"). According to the Debtors' books and records, the subject loan originated with Trident Mortgage on or about December 3, 2004. (Supp. Horst. Decl. ¶ 15.) GMACM serviced the loan on behalf of investor Wells Fargo Bank, N.A. Series ID BSSLT 2007-SV1 from March 13, 2007 to February 16, 2013, when servicing of the loan was subsequently transferred to Ocwen.

The proof of claim attaches a "Statement of Claims" (Ex. A), a copy of a "Secondary Mortgage Note" (Ex. B), an amortization schedule (Ex. C), and several mortgage account statements from GMACM (Ex. D). In the Statement of Claims, Ms. Lawson asserts that the Secondary Mortgage Note and corresponding mortgage "should be considered voidable and rescinded upon the theory of mistake," that the loan and mortgage had "predatory characteristics," that the lender and/or mortgage originator engaged in "abusive or unfair lending practices" and "mischarcteriz[ed] the consumer's credit history and/or the appraised value of the property," and that the Secondary Mortgage Note and corresponding mortgage "should be rescinded on the grounds of misrepresentation of fact and/or law" and that Ms. Lawson "was fraudulently induced to contract for the Mortgage and the Note."

In the Response, Ms. Lawson claims that she has an enforceable security interest in the Property because (1) she has possession of the Property, (2) her security interest in the Property was perfected upon attachment when the Secondary Mortgage Note was sold to GMACM, (3) she has given something of value to the Debtors in the form of monthly mortgage payments in the amount of $408.17 per month beginning February 1, 2005, (4) the Debtors have rights on the property through a secondary mortgage note, (5) she has a right to setoff, and (6) notice was provided to all third parties via the recording of the deed.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Federal Rule of Bankruptcy Procedure 3001(d) provides that if a claimant is asserting a security interest in property of the debtor, then "the proof of claim shall be accompanied by evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d). In order to be entitled to an administrative expense or other priority claim, a claimant must demonstrate that they have one of the categories of claims set forth in section 507(a) of the Bankruptcy Code. "Every claim granted priority status reduces the funds available to general unsecured creditors and may diminish the recovery of other claimants qualifying for equal or lesser priorities." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006). "To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer." *Id.* (citation omitted).

Ms. Lawson has not provided any evidence that she holds a security interest in any of the Debtors' assets; she is therefore not entitled to a secured claim. The proof claim and the

3

Response are also devoid of any basis for granting Ms. Lawson an administrative priority claim. None of the documents attached to the proof of claim or the Response establish that Ms. Lawson has a lien against or valid security interest in any of Debtors' property or assets.  Further, although Ms. Lawson asserts that she has a right of setoff against the Debtors, the Debtors state that they do not hold any claims against Ms. Lawson.  Therefore, there is no claim for Ms. Lawson to setoff her claims against.  Last, as evidenced by the only documents submitted by Ms. Lawson implicating any of the Debtors (the mortgage account statements), GMACM appears to be the only Debtor entity with any relation to Ms. Lawson's claim.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 5282 is hereby **RECLASSIFIED** and **REDESIGNATED** as a $140,967.98 general unsecured claim against GMAC Mortgage, LLC.  Nothing in this Order should be construed as a judgment on the merits as to Claim No. 5282, and the rights of all parties are preserved with respect to the newly classified and designated claim.

**SO ORDERED.**

Dated: December 23, 2013
       New York, York

                                                  _____/s/Martin Glenn_____
                                                      MARTIN GLENN
                                          United States Bankruptcy Judge