**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

      RESIDENTIAL CAPITAL, LLC, *et al.*

                        Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER (1) SUSTAINING DEBTORS' OBJECTION TO CLAIM NO. 3893 OF**
**SEPHIDEH CIRINO AND (2) LIFTING THE AUTOMATIC STAY**

Pending before the Court is the *Debtors' Fifty-First Omnibus Objection to Claims*

*(Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* (the "Objection," ECF

Doc. # 5646). Through the Objection the Debtors are seeking to disallow and expunge Claim

No. 3893 filed by Sephideh Cirino. In support of the Objection, the Debtors submitted the

Declarations of Lauren Graham Delehey (the "Horst Decl.," attached as Ex. 1 to Objection),

Norman Rosenbaum (the "Rosenbaum Decl.," attached as Ex. 2 to Objection), and Robert Nosek

(the "Nosek Decl.," attached as Ex. 3 to Objection). Sephideh Cirino filed a response (the

"Response," ECF Doc. # 6045). The Debtors filed a reply (the "Reply," ECF Doc. # 6190). On

December 18, 2013, the Court held a hearing and Ms. Cirino appeared telephonically. The Court

reserved decision on the Objection.

Section 502(a) of the Bankruptcy Code provides, in relevant part, that a filed proof of

claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section

502(b)(1) of the Code provides, in relevant part, that a claim may not be allowed to the extent

that "such claim is unenforceable against the debtor and property of the debtor, under any

agreement or applicable law . . ." 11 U.S.C. § 502(b)(1). The burden of persuasion rests with

the holder of a proof of claim to establish a valid claim against a debtor. *Feinberg v. Bank of*

*N.Y. (In re Feinberg)*, 442 B.R. 215, 220–22 (Bankr. S.D.N.Y. 2010).

*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Furthermore, in the bankruptcy context, the court must also consider "whether an independent judgment in a separate proceeding would 'impair, destroy, challenge, or invalidate the enforceability or effectiveness' of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.,* 124 F.3d 82, 88 (2d Cir. 1997) (quoting *Sure-Snap Corp. v. State St. Bank and Trust Co.,* 948 F.2d 869, 875–76 (2d Cir. 1991)). Ordinarily, "[i]n applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted). But "[i]n federal-question cases, the law applied is federal law." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324, n.12 (1971). Accordingly, when deciding whether to apply the doctrine of *res judicata* in federal question cases, courts look to federal preclusion law. *See Heiser v. Wodruff*, 327 U.S. 726, 733 (1946) ("It has been held in non-diversity cases, since *Erie v. Tompkins*, that the federal courts will apply their own rule of *res judicata*." (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403(1940); *Jackson v. Irving Trust Co.*, 311 U.S. 494, 503 (1941))).

To establish *res judicata* under federal law, the proponent must establish three elements: (1) a final judgment on the merits; (2) that is between the same parties or their privies; and (3) a subsequent suit based on the same cause of action or same nucleus of operative facts. *Montana v. U.S.*, 440 U.S. 147, 153 (1979); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955) ("under the doctrine of

res judicata, a judgment 'on the merits' in a prior suit involving the same parties . . . bars a second suit

based on the same cause of action.") (citations omitted).  "Dismissal with prejudice constitutes an

adjudication of the merits as fully and completely as if the order had been entered after trial." *Gambocz*

*v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) (citing *Lawlor*, 349 U.S. at 327).  Under federal law, the

pendency of an appeal does not alter the preclusive effect of a trial court's ruling.  *See Hunt v. Liberty*

*Lobby, Inc.*, 707 F.2d 1493, 1497–8 (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312

U.S. 183, 188–89 (1941) (dictum); *Reed v. Allen*, 286 U.S. 191, 199 (1932); *Fidelity Standard Life Ins.*

*Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) ("A case pending appeal is *res*

*judicata* and entitled to full faith and credit unless and until reversed on appeal.").

Ms. Cirino's claim relates to two loans obtained in 2004.  Ms. Cirino already filed a

lawsuit against Debtor entities in California relating to these loans, alleging various violations of

federal law, including:  (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2)

violations of the Fair Credit Reporting Act ("FCRA"); (3) violations of the Securities Act of

1933; (4) violation of section 10(b) of the Securities Exchange Act of 1934; (5) mail fraud; and

(6) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

Accordingly, the Central District of California court had federal question jurisdiction over this

matter.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.")  The California

court ultimately dismissed Ms. Cirino's complaint with prejudice for failure to state a claim upon

which relief can be granted.  Ms. Cirino then filed a brief in the United States Court of Appeal

for the Ninth Circuit appealing the dismissal by the District Court.  The appeal is currently

stayed as to GMACM.

Ms. Cirino acknowledged that her bankruptcy claim is premised on the same liability

alleged in her California lawsuit, but argues that the California judgment is not final since she is

appealing the judgment to the Ninth Circuit.  But the district court had federal question

jurisdiction over Ms. Cirino's lawsuit since she was alleging violations of federal law.

Therefore, federal preclusion law, rather than state preclusion law, applies to the matter, and the

pendency of her appeal does not alter the preclusive effect of the California District Court's

ruling.  Accordingly, Ms. Cirino's claim is barred by *res judicata*.  For these reasons, it is hereby

**ORDERED** that the Objection is sustained as to Claim No. 3893.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy

petition

> "operates as a stay, applicable to all entities, of . . . [the] continuation . . . of a
> judicial . . . proceeding against the debtor that was or could have been
> commenced before the commencement of the case under this title, or to recover a
> claim against the debtor that arose before the commencement of the case under
> this title."

11 U.S.C. § 362(a)(1).  Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that

"[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from

the stay . . . (1) for cause."  11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define

"cause."  In determining whether "cause" exists to lift the stay for prepetition litigation, courts

consider the "*Sonnax* Factors."  *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax*

*Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413

(Bankr. S.D.N.Y. 2001).  The Court has considered the *Sonnax* Factors and finds that they weigh

in favor of lifting the automatic stay in Ms. Cirino's case.  For these reasons, it is hereby

**ORDERED** that the automatic stay of Bankruptcy Code section 362 is modified to permit Ms.

Cirino's appeal to the Ninth Circuit to proceed through resolution.  Should Ms. Cirino's appeal

4

005f70d70927ec4b

be successful, of course, she may move for her claim to be reinstated under Bankruptcy Code

section 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause. . . .

."").

       **ORDERED, ADJUDGED, AND DECREED THAT:**

       1.      The Debtors' Objection is sustained as to Claim No. 3893 and Ms. Cirino's claim

is disallowed and expunged.

       2.      The automatic stay of Bankruptcy Code section 362 is modified as provided in

this Order.

       3.      This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

       **IT IS SO ORDERED.**

Dated: January 2, 2014
      New York, New York

                                      **/s/Martin Glenn**
                                        MARTIN GLENN
                          United States Bankruptcy Judge