UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

# ORDER (1) SUSTAINING DEBTORS' OBJECTION TO CLAIM NO. 1007 OF MARLOW HOOPER AND MONIQUE HOOPER AND (2) LIFTING THE AUTOMATIC STAY

Pending before the Court is the *Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* (the "Objection," ECF Doc. # 5646). Through the Objection the Debtors are seeking to disallow and expunge Claim No. 1007 filed by Marlow Hooper and Monique Hooper (the "Hoopers"). In support of the Objection, the Debtors submitted the Declarations of Lauren Graham Delehey (the "Horst Decl.," attached as Ex. 1 to Objection), Norman Rosenbaum (the "Rosenbaum Decl.," attached as Ex. 2 to Objection), and Robert Nosek (the "Nosek Decl.," attached as Ex. 3 to Objection). The Hoopers filed a response (the "Response," ECF Doc. # 6046). The Debtors filed a reply (the "Reply," ECF Doc. # 6190). On December 18, 2013, the Court held a hearing and the Hoopers were represented by counsel, who appeared telephonically. The Court reserved decision on the Objection.

Section 502(a) of the Bankruptcy Code provides, in relevant part, that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). The burden of persuasion rests with

1

the holder of a proof of claim to establish a valid claim against a debtor. *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220–22 (Bankr. S.D.N.Y. 2010).

*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Furthermore, in the bankruptcy context, the court must also consider "whether an independent judgment in a separate proceeding would 'impair, destroy, challenge, or invalidate the enforceability or effectiveness' of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.,* 124 F.3d 82, 88 (2d Cir. 1997) (quoting *Sure-Snap Corp. v. State St. Bank and Trust Co.,* 948 F.2d 869, 875–76 (2d Cir. 1991)). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted).

Under California law, "[o]nly a final judgment on the merits between the same parties or their privies and upon the same cause of action is entitled to the res judicata effect of bar or merger." *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1391–92 (Cal. 1972). "In California, a 'cause of action' is defined by the 'primary right' theory. 'The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.'" *Amin v. Khazinder*, 5 Cal Rptr. 3d 224, 229 (Cal. Ct. App. 2003) (quoting *Crowley v. Katleman*, 881 P.2d 1083, 1090 (Cal. 1994). Thus, *res judicata* under California law can be said to require: (1) a final

judgment on the merits; (2) privity between the parties in the prior action and the present action; and (3) the same primary right at issue in the present action as in the prior action.

The Hoopers acknowledge that their claim in bankruptcy is premised on the same alleged liability as an adversary proceeding relating to their bankruptcy in California. There, the Chapter 7 trustee sought to avoid transfers to GMACM, which had filed a proof of claim. The Chapter 7 Trustee filed a motion seeking approval of a settlement of the adversary proceeding. The Hoopers opposed the settlement and objected to GMAC's claim. The bankruptcy judge approved the settlement and overruled the objection to GMAC's claim. The Hoopers appealed both of those decisions, and the BAP affirmed the bankruptcy court. The Hoopers then appealed the BAP's decision to the Ninth Circuit, and that appeal remains pending. The Hoopers assert that their claim against GMAC is contingent upon the outcome of this appeal and should not be disallowed under res judicata since the Ninth Circuit may hold in the Hoopers' favor. The Debtors argue res judicata applies because "[a] judicially approved settlement agreement is considered a final judgment on the merits." *Rein v. Providian Financial Corp.*, 270 F.3d 895, 903 (9th Cir. 2001); *see also In re Dominelli*, 820 F.2d 313, 316–17 (9th Cir. 1987) (giving preclusive effect to settlement of trustee's action in bankruptcy proceeding).

Since the settlement agreement should be treated as a final judgment, the appeal of a federal judgment does not alter that judgment's finality. Accordingly, the Hoopers' claim is barred by *res judicata*. For these reasons, it is hereby **ORDERED** that the Objection is sustained as to Claim No. 1007.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition

> "operates as a stay, applicable to all entities, of . . . [the] continuation . . . of a judicial . . . proceeding against the debtor that was or could have been

3

commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

11 U.S.C. § 362(a)(1). Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the "*Sonnax* Factors." *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). The Court has considered the *Sonnax* Factors and finds that they weigh in favor of lifting the automatic stay in the Hoopers' case. For these reasons, it is hereby

**ORDERED** that the automatic stay of Bankruptcy Code section 362 is modified to permit the Hoopers' appeal to the Ninth Circuit to proceed through resolution. Should the Hoopers' appeal be successful, of course, she may move for her claim to be reinstated under Bankruptcy Code section 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause. . . . .").

    **ORDERED, ADJUDGED, AND DECREED THAT:**

    1.    The Debtors' Objection is sustained as to Claim No. 1007 and the Hoopers' claim is disallowed and expunged.

    2.    The automatic stay of Bankruptcy Code section 362 is modified as provided in this Order.

3. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: January 2, 2014
New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge