UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER
CLAIMS) WITH RESPECT TO CLAIM NO. 4381 OF ERNESTINE RAY**

Pending before the Court is the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Objection," ECF Doc. # 5138). Through the Objection, the Debtors seek to reclassify and redesignate Claim No. 4381 of Ernestine Ray (the "Ray Claim") as an unliquidated general unsecured claim against Homecomings Financial, LLC ("Homecomings").[1] Ms. Ray's proof of claim asserts a $90,000.00 secured claim against Residential Capital, LLC ("ResCap"). The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection). Ms. Ray filed a response (the "Response," ECF Doc. # 5527). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Reply," ECF Doc. # 5730), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the Court held a hearing and Ms. Ray did not appear. The Court reserved decision on the Objection.

---

[1] Although the Objection sought to redesignate the claim to GMAC Mortgage, LLC, the Debtors subsequently amended their Objection and seek instead to redesignate the Ray Claim to Homecomings Financial, LLC, rather than GMAC Mortgage, LLC. (*See* ECF Doc. # 5730, 60 n.7.)

Ms. Ray filed a proof of claim against ResCap on November 9, 2012 that asserts a $90,000.00 secured claim for "Mortgage Note Payment and Taxes" equal to the purported value of certain real estate, ostensibly related to property located at 11323 Roxbury St. Detroit, MI 48224 (the "Property"). She also asserts a priority claim in excess of $1,300.00 pursuant to section 507(a)(8) of the Bankruptcy Code for taxes or penalties owed to governmental units. Ms. Ray's proof of claim attaches a one-page GMAC Mortgage, LLC ("GMACM") account statement but provides no further documentation.

According to the Debtors' books and records, the subject loan originated with Old Kent Mortgage (DBA Novelle Financial Services) on or about April 11, 2001. (Suppl. Horst Decl. ¶ 10.) Eventually, after the loan's origination, Residential Funding Company, LLC purchased the loan and placed the loan in a securitization trust RASC 2005-KS11. (*Id.*) Homecomings serviced the loan from 2001 to 2009 and GMACM serviced the loan from 2009 to February 16, 2013, when it was transferred to Ocwen Loan Servicing, LLC ("Ocwen"). (*Id.*) The basis of Ms. Ray's claim is a servicing issue that appears to span the period of time in which Homecomings and GMACM serviced the loan and the bulk of Ms. Ray's allegations appear to have occurred when Homecomings was the servicer.

In the Response, Ms. Ray makes several unsubstantiated claims: (1) the amount of her claim "exceeds $100,000" for a "bogus and predatory mortgage," (2) Homecomings, GMACM, and Ocwen are "predators" that have ruined her credit, (3) she has been unable to obtain information from the City of Detroit because the mortgagors "put some type of mortgage code" on her city taxes, (4) she has paid more than required but has never received an escrow check for the overage, and (5) she paid her taxes but that the mortgagors took over her taxes without her

knowledge or consent. Ms. Ray's Response does not address either of the Debtors' contentions that her claim is unsecured or that her claim was filed against the incorrect Debtor.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Federal Rule of Bankruptcy Procedure 3001(d) provides that if a claimant is asserting a security interest in property of the debtor, then "the proof of claim shall be accompanied by evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d). In order to be entitled to an administrative expense or other priority claim, a claimant must demonstrate that they have one of the categories of claims set forth in section 507(a) of the Bankruptcy Code. "Every claim granted priority status reduces the funds available to general unsecured creditors and may diminish the recovery of other claimants qualifying for equal or lesser priorities." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006). "To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer." *Id.* (citation omitted).

Ms. Ray has not provided any evidence that she holds a security interest in any of the Debtors' assets; she is therefore not entitled to a secured claim. No documents attached to her Response or to her proof of claim contain evidence that Ms. Ray has a lien against or a security interest in any of the Debtors' property or assets. In addition, she has provided no evidence or documentation in either her Response or her proof of claim that dispute the Debtors' contention that her claim was filed against the incorrect Debtor. In fact, to the extent Ms. Ray has a valid claim, it is a claim against Homecomings rather than against ResCap. Moreover, to the extent that Ms. Ray asserts a priority claim pursuant to section 507(a)(8) of the Bankruptcy Code, her claim fails because she has not asserted a claim for taxes or penalties owed to governmental units.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 4381 is hereby **RECLASSIFIED** and **REDESIGNATED** as an unliquidated general unsecured claim against Homecomings. Nothing in this Order should be construed as a judgment on the merits as to Claim No. 4381, and the rights of all parties are preserved with respect to the newly classified and designated claim.

**IT IS SO ORDERED.**

Dated: January 2, 2014
      New York, New York

                                                 _____/s/Martin Glenn_____
                                                     MARTIN GLENN
                                        United States Bankruptcy Judge