UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS) WITH RESPECT TO CLAIM NO. 3728 OF KENNETH C. THOMAS**

Pending before the Court is the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Objection," ECF Doc. # 5138). Through the Objection, the Debtors seek to reclassify and redesignate Claim No. 3728 of Kenneth C. Thomas (the "Thomas Claim") as a $291,472.15 general unsecured claim against GMAC Mortgage, LLC ("GMACM"). Mr. Thomas's proof of claim asserts a $291,472.15 secured claim against Residential Capital, LLC ("ResCap"). The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection). Mr. Thomas filed a response (the "Response," ECF Doc. # 5495). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Reply," ECF Doc. # 5730), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the Court held a hearing and Mr. Thomas did not appear. The Court reserved decision on the Objection.

Mr. Thomas filed a proof of claim against ResCap on November 9, 2012 that asserts a $291,472.15 secured claim for "Mortgage." Mr. Thomas's proof of claim attaches a copy of a

mortgage naming Mr. Thomas as a co-borrower and United Home Loans, Inc. as lender, but provides no further documentation. The proof of claim does not assert any claims against ResCap.

According to the Debtors' books and records, the subject loan originated with United First Mortgage on or about March 28, 2008. (Suppl. Horst Decl. ¶ 26.) GMACM serviced the loan from May 1, 2008 through February 16, 2013, when servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen"). (*Id.*) The basis of Mr. Thomas' claim appears to be a servicing issue.

In the Response, which does not include any supporting documentation, Mr. Thomas indicates that the basis for the amount of the claim is the "balance owed on condominium that was in foreclosure with GMAC despite attempts to modify that occurred only after sale to Ocwen." (Response at 1.) Mr. Thomas contends that his claim is secured because "[b]y definition, a mortgage loan is a 'secured' loan." (*Id.* at 2.) In addition, Mr. Thomas argues that his claim is properly classified against ResCap because "ResCap is parent to GMAC Mortgage LLC and is under its umbrella reflected by the term 'et al.' naming Debtors in the case," "GMAC Mortgage LLC securitized its loans under ResCap," and "ResCap did not seek to disavow itself from GMAC Mortgage LLC during its heyday and should not be allowed to do so now." (*Id.* at 1–2.)

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick

& Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Federal Rule of Bankruptcy Procedure 3001(d) provides that if a claimant is asserting a security interest in property of the debtor, then "the proof of claim shall be accompanied by evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d). In order to be entitled to an administrative expense or other priority claim, a claimant must demonstrate that they have one of the categories of claims set forth in section 507(a) of the Bankruptcy Code. "Every claim granted priority status reduces the funds available to general unsecured creditors and may diminish the recovery of other claimants qualifying for equal or lesser priorities." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006). "To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer." *Id.* (citation omitted).

Mr. Thomas has not provided any evidence that he holds a security interest in any of the Debtors' assets; rather, the lender has a security interest in the property to secure repayment of the loan. The property secures the lender's claim against Mr. Thomas, not Mr. Thomas' claim. No documents attached to his Response or to his proof of claim contain evidence that Mr. Thomas has a lien against or a security interest in any of the Debtors' property or assets. Consequently, there is no basis for a secured claim. In addition, he has provided no evidence or documentation in either his Response or his proof of claim that dispute the Debtors' contention

that his claim was filed against the incorrect Debtor.  To the extent Mr. Thomas has a valid claim, it is a claim against GMACM rather than against ResCap.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 3728 is hereby **RECLASSIFIED** and **REDESIGNATED** as a $291,472.15 general unsecured claim against GMACM.  Nothing in this Order should be construed as a judgment on the merits as to Claim No. 3728, and the rights of all parties are preserved with respect to the newly classified and designated claim.

**IT IS SO ORDERED.**

Dated: January 2, 2014
    New York, York

                                                                             _/s/Martin Glenn_
                                                                          MARTIN GLENN
                                                        United States Bankruptcy Judge