**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### SUPPLEMENTAL ORDER GRANTING DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS) WITH RESPECT TO CLAIM NO. 2578 OF FLOYD GREEN

Pending before the Court is the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 5162). Through the Objection, the Debtors seek to disallow and expunge Claim No. 2578 of Floyd Green (the "Green Claim"). Mr. Green's proof of claim asserts a $428,667.07 secured claim against Residential Capital, LLC ("ResCap"). The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection), the Declaration of Norman S. Rosenbaum (the "Rosenbaum Decl.," attached as Ex. 2 to Objection), and the Declaration of Robert D. Nosek (the "Nosek Decl.," attached as Ex. 3 to Objection). Mr. Green filed a response (the "Response," ECF Doc. # 5530). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Reply," ECF Doc. # 5736), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the Court held a hearing and Mr. Green did not appear. The Court reserved decision on the Objection.

Mr. Green filed a proof of claim on November 6, 2012 that asserts a $428,677.08 secured claim for a "Mortgage Note," without specifying a debtor on the proof of claim form.  In support of his claim, Mr. Green attached a Federal Truth-In-Lending Disclosure Statement that indicates Residential Finance Corp. is the creditor.  Residential Finance Corp. is a non-debtor company. Mr. Green's Response does not further clarify which debtor his claim is against.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate.  11 U.S.C. § 501(a).  "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).  Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date."  *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be allowed to the extent that "such a claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

Neither Mr. Green's proof of claim nor his Response establish any basis for a claim against any of the Debtors.  Mr. Green's claim specifically fails to name a debtor on the proof of claim form and his supporting documentation identifies the creditor as Residential Finance Corp., a non-debtor, as associated with his home loan.  His Response fails to clarify either of these issues.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 2578 is hereby **DISALLOWED** and **EXPUNGED** with prejudice; and it is further

**ORDERED** that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the Debtors' claims register; and it is further

**ORDERED** that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: January 2, 2014
      New York, New York

          **/s/Martin Glenn**
          MARTIN GLENN
      United States Bankruptcy Judge