**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS) WITH RESPECT TO CLAIM NO. 2198 OF DEBORAH L. WETZEL**

Pending before the Court is the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Objection," ECF Doc. # 5138). Through the Objection, the Debtors seek to reclassify and redesignate Claim No. 2198 of Deborah L. Wetzel (the "Wetzel Claim") as a $255,000.00 general unsecured claim against GMAC Mortgage, LLC ("GMACM").[1] Ms. Wetzel's proof of claim asserts a $205,000.00 secured claim and a $50,000.00 general unsecured claim against Residential Capital, LLC ("ResCap"). The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection). Ms. Wetzel filed a response (the "Response," ECF Doc. # 5474). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Reply," ECF Doc. # 5730), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the

---

[1] Although the Objection sought to redesignate the claim to ditech, LLC, the Debtors subsequently amended their Objection and seek instead to redesignate the Wetzel Claim to GMAC Mortgage, LLC, rather than ditech, LLC. (*See* ECF Doc. # 5730 at p. 60 n.7.)

Court held a hearing and Ms. Wetzel did not appear. The Court reserved decision on the Objection.

Ms. Wetzel filed a proof of claim against ResCap that asserts a $255,000.00 claim, of which $205,000.00 is secured, for breach of fiduciary duty, breach of contract, fraud, misrepresentation, and discrimination. The proof of claim attaches a copy of a "Deed of Trust" and a "Modification of Deed of Trust Rider."

According to the Debtors' books and records, the subject loan originated with ditech, LLC ("ditech"), and GMACM serviced the loan. (Suppl. Horst Decl. ¶ 20.) ditech sold the loan to Freddie Mac and GMACM continued to service the loan after the sale. (*Id.*) As servicer, GMACM had the right to commence, and did commence, foreclosure proceedings against Ms. Wetzel on behalf of Freddie Mac. (*Id.*)

In the Response, Ms. Wetzel claims that the "Debtor," defined by Ms. Wetzel as "GMAC Mortgage, LLC as a subsidiary of Residential Capital, LLC," fraudulently foreclosed on her property. According to Ms. Wetzel, because the "Debtor" sold her Deed of Trust and note to Freddie Mac in 2007, it did not have a fiduciary interest in her Deed of Trust or note at the time of foreclosure. She further contends that ditech never had a fiduciary interest in the Deed of Trust or note. Ms. Wetzel's Response does not address either of the Debtors' contentions that her claim is unsecured or that her claim was filed against the incorrect Debtor beyond her statement that GMACM is a subsidiary of ResCap.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy

2

3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Federal Rule of Bankruptcy Procedure 3001(d) provides that if a claimant is asserting a security interest in property of the debtor, then "the proof of claim shall be accompanied by evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d). In order to be entitled to an administrative expense or other priority claim, a claimant must demonstrate that they have one of the categories of claims set forth in section 507(a) of the Bankruptcy Code. "Every claim granted priority status reduces the funds available to general unsecured creditors and may diminish the recovery of other claimants qualifying for equal or lesser priorities." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006). "To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer." *Id.* (citation omitted).

Ms. Wetzel has not provided any evidence that she holds a security interest in any of the Debtors' assets; she is therefore not entitled to a secured claim. No documents attached to her Response or to her proof of claim contain evidence that Ms. Wetzel has a lien against or a valid security interest in any of the Debtors' property or assets. In addition, she has provided no evidence or documentation in either her Response or her proof of claim that dispute the Debtors'

contention that her claim was filed against the incorrect Debtor.  In fact, to the extent Ms. Wetzel has a valid claim, it is a claim against GMACM rather than against ResCap.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 2198 is hereby **RECLASSIFIED** and **REDESIGNATED** as a $255,000.00 general unsecured claim against GMACM.  Nothing in this Order should be construed as a judgment on the merits as to Claim No. 2198, and the rights of all parties are preserved with respect to the newly classified and designated claim.

**IT IS SO ORDERED.**

Dated: January 2, 2014
      New York, York

                                                            **_/s/Martin Glenn_**
                                                               MARTIN GLENN
                                            United States Bankruptcy Judge