**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

----------------------------------------------------------

**SUPPLEMENTAL ORDER GRANTING DEBTORS' FIFTIETH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND
RECORDS) WITH RESPECT TO CLAIM NO. 4602 OF ISO GRADJAN**

Pending before the Court is the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 5162). Through the Objection, the Debtors seek to disallow and expunge Claim No. 4602 of Iso Gradjan (the "Gradjan Claim"). Mr. Gradjan's proof of claim appears to assert a secured claim against Residential Capital, LLC ("ResCap"), in an amount that is listed as both $189,000 and $220,000. The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection), the Declaration of Norman S. Rosenbaum (the "Rosenbaum Decl.," attached as Ex. 2 to Objection), and the Declaration of Robert D. Nosek (the "Nosek Decl.," attached as Ex. 3 to Objection). Mr. Gradjan filed a response (the "Response," ECF Doc. # 5523). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Reply," ECF Doc. # 5736), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the Court held a hearing and Mr. Gradjan did not appear. The Court reserved decision on the Objection.

On April 23, 2009, Virgin Money USA originated a mortgage to Mr. Gradjan in the amount of $197,000 (the "Loan").  *See* Supp. Horst Decl. ¶ 53.  Also on April 23, 2009, GMAC Mortgage, LLC began servicing the Loan, and on February 16, 2013, servicing of the Loan was transferred to Ocwen Loan Servicing, LLC.  *See id.*  Mr. Gradjan filed proof of claim number 4602 on November 13, 2012, asserting a secured claim against ResCap, the stated basis for which is "Mortgage Note."  The proof of claim lists the amount of the claim as both $189,000 and $220,000.  In support of his claim, Mr. Gradjan attached a copy of his mortgage with Virgin Money USA.

The Debtors objected to Mr. Gradjan's claim for failure to state any basis for liability on the part of the Debtors.  Mr. Gradjan responded by stating that (i) he is entitled to a release of all or part of the Loan since Bank of America over-appraised the value of the home in 2006 and therefore the loan amount at the time of origination was unrealistic, and (ii) he has been unable to refinance his home since 2011 because of the pendency of this chapter 11 case.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate.  11 U.S.C. § 501(a).  "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013).  Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date."  *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).  If an objection refuting at least one of the claim's essential allegations is asserted, the

claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Bankruptcy Code section 502(b)(1) provides that a claim may not be allowed to the extent that "such a claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

Neither Mr. Gradjan's proof of claim nor his Response establish any basis for a claim against any of the Debtors. First, ResCap is not associated with Bank of America and cannot be held responsible for a purportedly faulty appraisal accepted by another lending institution three years before the Debtors began servicing the Loan. Second, the Debtors state in their reply that a review of their books and records confirmed that the Debtors were not involved with the origination of the loan or any refinancing of the loan. Therefore, there is no basis to support a claim against the Debtors based on Mr. Gradjan's conclusory allegation that he has been precluded from refinancing the Loan due to this chapter 11 case.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 4602 is hereby **DISALLOWED** and **EXPUNGED** with prejudice; and it is further

**ORDERED** that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge Claim No. 4602; and it is further

**ORDERED** that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

3

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: January 2, 2014
      New York, New York

                                              _____/s/Martin Glenn_____
                                                 MARTIN GLENN
                                      United States Bankruptcy Judge