**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESPONSE TO DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION**

**Claimant: McDowell Riga Posternock**
**Claim Number: 4561**

Claimant, McDowell Riga Posternock (the "Claimant") provided legal services to both Residential Capital, LLC and GMAC Mortgage, LLC (the "Debtors"). On November 13, 2012, the Claimant filed a priority proof of claim in the amount of $35,675.00 representing unpaid invoices for legal services provided, for the most part, pre-petition and in two instances, post-petition (the "Claim").

As part of the Debtors' Fifty-Seventh Omnibus Objection to Claims (the "Objection"), the Debtors' objected to the claim on three bases: (1) the Claim allegedly was filed against the wrong Debtor; (2) the Claim amount is incorrect; and (3) the Claim should be an unsecured claim, not a priority claim. Claimant responds to each of these objections below.

**ARGUMENT**

A.    **Proper Debtor:** As noted above, the Claimant provided legal services to both Residential Capital, LLC and GMAC Mortgage, LLC. In the interest of resolving the Objection to the Claim, Claimant does not oppose the treatment of its Claim as a claim against GMAC Mortgage, LLC only.

B.     **Proper Claim Amount**: The Debtors argue that the Claim amount is improper because, inter alia, they could not confirm the amounts outstanding in its books and records and because, they assert, certain of the invoices were paid. It is respectfully submitted that the Debtors' accounting analysis is not entitled to credence. First, the analysis was performed by a sub-contractor long after the performance of the legal services. The Debtors secured no affidavit or other declaration from the Debtor employees actually involved in the legal matters from which the legal invoices arise. The Claimant, on the other hand, is intimately familiar with the Claim and the component parts reconcile to the penny with the invoices submitted to the Debtors when the services were performed. See Exhibit "A" attached hereto (invoices for past due legal services by legal matter represented by the Claim). Furthermore, when representatives of the Debtor requested copies of the underlying legal invoices making up the Claim, they were provided. Not once did the Debtors indicated they required more than was provided or that they had any problem or concern with what was provided.

Moreover, as the exchange of email communications attached hereto as Exhibit "B" illustrates, the Debtors were often unable to even identify the files for which the legal services where provided despite the Claimant's provision of account and loan numbers assigned to the various matters *by the Debtors themselves*. See also Exhibit "C," lists of account/matters provided to Debtors by the Claimant. An objection to invoices on the basis that the underlying legal matters cannot be identified in the Debtors' books and records is not a valid objection when the inability arises from Debtors' poor record keeping as is the case here.

Debtors also assert that certain of the Claimant's invoices making up the Claim were paid. Debtors have not provided any evidence of payment, however, such as wire orders or copies of checks. Claimant, on the other hand, maintains voluminous records concerning client

payment of invoices, including copies of payments checks and wire arrival notices, and none of these proofs of payment concern the invoices making up the Claim. Curiously, the amount Debtors are willing to acknowledge ($742.50 – a mere 2% of the actual Claim) does not correspond with any outstanding invoice (nor represent a whole fraction of Claimant's billable rate of $295/hour) thus further calling into question the Debtors' calculus.

It is respectfully submitted that the Claimants' evidence concerning the amount of its Claim is essentially unmet by the Debtors, and far more compelling than the naked, boilerplate declaration of Deanna Horst. <u>Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)</u>, 2013 U.S. Dist. LEXIS 143957, at * 12-*13 (S.D.N.Y. Sept. 26, 2013) (objector must present evidence of equal weight to claimant's prima facie case to shift burden of proof back to claimant). <u>See also</u> <u>In re Spiegel, Inc. (JPMorgan Sec., Inc. v. Spiegel Cred. Trust)</u>, 2007 U.S. Dist. LEXIS 45589, at *41-*52 (S.D.N.Y. June 19, 2007).

C. **Proper Claim Designation**: On May 15, 2012, Claimant received a letter from Anthony Princi, Esquire of Morrison/Foster, bankruptcy counsel for the Debtors. A true and correct copy of the letter is attached hereto as Exhibit "D." The letter stresses that the continuation of Claimant's legal services was "critical" to the Debtor's success. Moreover, the letter states that "we have filed a motion with the Bankruptcy Court for authority to implement procedures for the retention and payment of *ordinary course professionals, such as yourself*, in order for you and/or your firm to receive compensation for services **rendered**, subject to certain monthly case fee limitations." (emphasis added). The letter was designed to, and did communicate the message that critical service providers such as the Claimant would be paid their pre-petition claims for "rendered" services in return for continuing to provide legal services post-petition. <u>See</u>, <u>e.g.</u>, <u>In re Just for Feet, Inc.</u>, 242 B.R. 821 (D. Del. 1999); <u>In re Jeans.com, Inc.</u>,

3

2013 Bankr. LEXIS 4985 (Bankr. D.P.R. Nov. 20, 2013) (both cases discussing the Necessity of Payment doctrine concerning pre-petition claims of critical vendors). Claimant did so diligently and to great effect for the direct benefit of the Debtors. It would be inequitable to permit the Debtors, who never once indicated that they had any issues with the Claim while Claimant continued to provide legal services, to change the terms of the arrangement now.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that Claim 4561 should be allowed as filed.

Dated: Philadelphia, PA  
January 3, 2014

Respectfully submitted,  
**McCABE, WEISBERG & CONWAY**  
123 S. Broad Street  
Suite 1400  
Philadelphia, PA 19109  
(215) 790-1010

By: /s/ *Joseph F. Riga*  
Joseph F. Riga, jriga@mwc-law.com

Counsel for Claimant, McDowell Riga Posternock