MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S OBJECTION TO
THE MOTION OF PAUL N. PAPAS II TO "REINSTATE"
CLAIM NO. 242 AND AMENDED CLAIM NO. 17**

sf-3364180

**TABLE OF CONTENTS**

**Page(s)**

I. BACKGROUND ................................................................................................................ 2
    A.    The Chapter 11 Cases ............................................................................................ 2
    B.    Origin and Litigation of the Claims ...................................................................... 3
II. THE MOTION ................................................................................................................... 7
III. ARGUMENT ..................................................................................................................... 8
    A.    Legal Framework .................................................................................................. 8
    B.    FRBP 9023/Rule 60 ............................................................................................ 10
    C.    FRBP 9024/Rule 60 ............................................................................................ 12
IV. PROCEDURAL OBJECTION ........................................................................................ 13
V. CONCLUSION ................................................................................................................ 13

sf-3364180

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Bakst v. Scarpa (In re Ocean Dev. of Am., Inc.),
 24 B.R. 51 (Bankr. S.D. Fla. 1982) ...................................................................................... 10

Daniggelis v. E. Airlines, Inc. (In re Ionosphere Clubs, Inc.),
 103 B.R. 501 (Bankr. S.D.N.Y. 1989) .................................................................................. 10

Frietsch v. Refco, Inc.,
 56 F.3d 825 (7th Cir. 1995) ................................................................................................... 11

In re Best Payphones, Inc.,
 2008 Bankr. LEXIS 2555 (Bankr. S.D.N.Y. July 3, 2008) ..................................................... 9

In re Crozier Bros., Inc.,
 60 B.R. 683 (Bankr. S.D.N.Y. 1986) .................................................................................... 10

In re Enron Corp.,
 352 B.R. 363 (Bankr. S.D.N.Y. 2006) .................................................................................... 9

In re Greco,
 113 B.R. 658 (D. Haw. 1990), aff'd sub nom., Greco v. Troy Corp., 952 F.2d 406
 (9th Cir. 1991) ................................................................................................................. 10, 11

In re Hillis Motors, Inc.,
 120 B.R. 556 (Bankr. D. Haw. 1990) .................................................................................... 11

In re Lionel Corp.,
 29 B.R. 694* (Bankr. S.D.N.Y. 1983) ................................................................................... 11

In re Miller,
 No. 07-13481 (MG), 2008 WL 110907 (Bankr. S.D.N.Y. Feb. 28, 2008) ............................ 10

In re Terrestar Networks, Inc.,
 2013 WL 781613 (Bankr. S.D.N.Y. Feb. 28, 2013) .......................................................... 9, 12

In re Tyrone F. Conner Corp., Inc.,
 140 B.R. 771 (Bankr. E.D. Cal. 1992) ............................................................................ 10, 11

Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC),
 330 F.3d 111 (2d Cir. 2003) .................................................................................................. 10

Lesman v. Mitchell (In re Mitchell),
 70 B.R. 524 (Bankr. N.D. Ill. 1987) ...................................................................................... 11

MGIC Indem. Corp. v. Weisman,
  803 F.2d 500 (9th Cir. 1986) ..................................................................................................11

Papas v. Bertrum,
  600 F. Supp. 174 (D. Mass. 1985) ............................................................................................7

Public Serv. Co. of N.H. v. Hudson Light and Power Dep't,
  938 F.2d 338 (1st Cir. 1991)....................................................................................................10

United States v. Int'l Bhd. Of Teamsters,
  247 F.3d 370 (2d Cir. 2001)....................................................................................................12

**OTHER AUTHORITIES**

Fed. R. Bankr. P.
  1015(b)......................................................................................................................................2
  3007..........................................................................................................................................5
  9013........................................................................................................................................13
  9014..........................................................................................................................................5
  9024..........................................................................................................................................9


Fed. R. Civ. P.
  59........................................................................................................................................9, 10
  59(b).......................................................................................................................................12
  59(e) ............................................................................................................................9, 10, 11
  60......................................................................................................................................9, 12
  60(b).......................................................................................................................................12

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Liquidating Trust (as identified in ¶ 7 below, the "Liquidating Trust") submits this brief in opposition to the Motion to Reinstate Claim (the "Motion") of Paul N. Papas II (the "Claimant"). By its *Memorandum Opinion and Order Sustaining Objection to Proof of Claim No. 242 and Amended Claim No. 17 Filed by Paul N. Papas II* (Dkt. No. 5964, entered November 27, 2013) (the "Opinion"), the Court disallowed and expunged Claim Nos. 242 ("Claim 242") and claim register no. 17 ("Claim 17", and together with Claim 242, the "Claims") filed by the Claimant. By the Motion, the Claimant asks the Court to "reinstate his claims." It is based entirely on unsupported allegations, most of which have nothing whatsoever to do with the Claims themselves, and it fails to meet any of the criteria for granting such a motion found in the potentially applicable procedural predicates for the Motion: Code[1] section 502(j) and FRBP[2] 3008 (reconsideration of a disallowed claim), FRBP 9023 (New Trials; Amendment of Judgments) or FRBP 9024 (Relief from Judgment or Order). Accordingly, the Court should deny the Motion. Moreover, given the Claimant's litigious history, the Liquidating Trust urges the Court to do so in a way that makes clear that the Court will not tolerate the Claimant wasting the time and resources of this Court or other parties in interest such as the Liquidating Trust ever again.

---

[1] The "Code" is the Bankruptcy Code, 11 U.S.C. §§ 101-1532.
[2] The "FRBP" are the Federal Rules of Bankruptcy Procedure.

1

I. **BACKGROUND**[3]

A. **The Chapter 11 Cases**

1. On May 14, 2012 (the "Petition Date"), each of the Debtors[4] filed a voluntary petition with the Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2. On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, as amended, the "Schedules") and listed the claims of their known prepetition creditors therein.

3. On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

4. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[5]

---

[3] Most of the relevant background can be found in the Objection (defined below in ¶ 10). Here it is worth repeating only a few points and describing some other developments that bear on this proceeding.

[4] The names of the Reorganized Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[5] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). Bar Date Order ¶¶ 2, 3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended. (Cont.'d)

2

5. The Bar Date Order set the relevant bar date for the Claimant as November 9, 2012.

6. On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (which thereafter was amended several times) (as amended, the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (which also thereafter was amended (as amended, the "Disclosure Statement"). On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement.

7. On December 11, 2013, the Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6065] confirming the Plan as amended. The Plan as amended [Docket No. 6030] created the ResCap Liquidating Trust to, among other things, oversee and administer the claim resolution process after the Plan's Effective Date. The Effective Date occurred on December 17, 2013 per Docket No. 6137.

### B. Origin and Litigation of the Claims

8. On July 2, 2012, Claimant filed Claim 242 against Debtor Residential Capital, LLC ("ResCap"), asserting a secured claim in the amount of $10 billion. The Claim alleges that Debtor GMAC Mortgage, LLC ("GMACM") interfered with the Claimant's rights as the alleged holder of a purchase option on the property located at 8025 East Krail Street, Scottsdale, Arizona (the "Arizona Property"). The owner had mortgaged the Arizona Property to GMACM's predecessor, who assigned the mortgage to GMACM.

---

To date, approximately 7,286 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

3

9. Ultimately, the Claim relates to the litigation (the "Arizona Litigation") that the Claimant brought against GMACM in Arizona in Case No. 2012-051622, Superior Court of Arizona, Maricopa County (the "Arizona Court"). On January 8, 2013, the Arizona Court dismissed the Arizona Litigation with prejudice and quashed the Lis Pendens that the Claimant had filed. The Claimant appealed and that appeal is proceeding pursuant to the Supplemental Servicing Order.

10. Thereafter, the Debtors filed the *Debtors' Objection to the Proof of Claim Filed by Paul N. Papas II* (filed September 4, 2013, Dkt. No. 4947) (the "Objection").

11. In the Objection, , the Debtors argued that the Claim had to be disallowed because, *inter alia*:

- The Complaint charges only GMACM, but not any of the other Debtors, with misconduct, but the Claimant filed the Claim against ResCap alone;

- Even if the Claimant had filed the Claim against GMACM, it is barred by *res judicata*, collateral estoppel and the Rooker-Feldman doctrine because it is based on the same nucleus of facts, and is a final judgment; and

- The Claim is deficiently pleaded.

12. On September 10, 2013, ten months after the Bar Date and six days after the Debtors filed the Objection, Claimant physically filed Claim 17 (which KCC then add to its claim register as claim no. 17-1) as a purported amendment to Claim 242 that Claimant asserted superseded Claim 242. Claim 17, also filed against ResCap, concerned not the Arizona Property to which Claim 242 relates, but 114 additional properties in numerous states, as well. Claim 17 states in Box 2 that the basis of the claim is "conversion of collateral, RICO, fraud, interference with contract." This passage does not, however, describe what alleged conduct by what Debtor forms the basis of Claim 17.

4

13. A few days later, Claimant filed his *Response to Objection to Claim #242 in the Record of Kurtzman Carlson Consultants, LLC (KCC LLC) of Paul N. Papas II and Demand for Contested Proceeding Under Bankruptcy Rules 3007 and 9014 Upon Proper Objection, If Any* (filed September 25, 2013, Dkt. No. 5204) (the "Response"). Claimant contended in the Response that because he filed Claim 17, the Objection is moot. Rather, he said, the operative claim now was Claim 17. (Response 1-2 ("By filing his Amended Proof of Claim as Claim No. 17, his previously filed claim in the private claim registry has been amended and KCC, LLC's Claim No. 242 *has been replaced and is no longer before the Court*.") (emphasis added).) That was really the sum and substance of the Response insofar as it is a response *to the Objection*. Claimant also claimed that filing Claim 242 against ResCap as the lead case for the administratively-consolidated cases was the equivalent of filing it against any or all of the Debtors. Thus, far from being moot, the Objection was effectively unopposed.

14. While not addressing the Objection at all (other than to claim that it was moot). Claimant's Response described at length in general terms—without any specific reference to any of the Debtors or any evidence—some alleged massive national and even international conspiracy, aided by this Court in various ways, to victimize borrowers whose trampled rights he claims to be vindicating. This material, even were it includable in the Claimant's filed claims, was irrelevant to the Objection.

15. On October 17, 2013, the Debtors filed *Debtors' Reply to Response of Paul N. Papas II to Debtors' Objection to Claim of Paul N. Papas II* [Docket No. 5293] (the "Reply"). In the Reply, the Debtors argued:

- that the Court should sustain the Objection to Claim 242 because the Response did not address any of its grounds;

5

- that Claim 242 was, indeed, misfiled because the proof of claim form specifically requires that a claimant use the caption of the specific Debtor(s) against whom the claimant is making a claim and that administrative consolidation is not the same as substantive consolidation;

- that Claim 17 should be disallowed as an untimely amendment to Claim 242 because in adding 114 properties, it did not relate to the nucleus of facts underlying Claim 242;

- that even if Claim 17 was timely because it somehow did relate to the nucleus of facts underlying Claim 242, it had to be disallowed because its belated filing was prejudicial to the Reorganized Debtors;

- that even if Claim 17 was timely because it somehow did relate to the nucleus of facts underlying Claim 242, it had to be disallowed on *res judicata*, collateral estoppel and Rooker-Feldman grounds, just as was so for Claim 242, in light of the judgment against Claimant in the Arizona Litigation;

- that Claim 17 should be disallowed because, like Claim 242, it was deficiently plead in failing to describe the allegedly improper underlying conduct; and

- that Claim 17 should be disallowed because, like Claim 242, it was filed against the wrong Debtor.

16. In addition, in the Objection and Reply, the Reorganized Debtors noted Claimant's history of frivolous litigation, Claimant actually having been declared a vexatious litigant in another forum and having filed frivolous pleadings repeatedly in these Cases.

17. On October 9, 2013, the Court heard argument on the matter. On November 27, 2013, it entered its Opinion. It sustained every ground asserted by the Reorganized Debtors except for application of Rooker-Feldman, finding that the situation did not meet one of the four elements of that doctrine. The Court also found that "[a]lmost everything asserted in the Claimant's Response is frivolous—most of the Response contains unsupported allegations of

6

fraud and various constitutional violations against numerous non-debtors—and irrelevant to the Debtor's Objection." (Opinion 5-6.) The Motion carries on this tradition.[6]

## II. THE MOTION

18. In the Motion, Claimant asks the Court to "reinstate" the claims." (Motion 1.) Claimant does not specify whether by "claims" he means Claim 242, Claim 17, or the Claims.

19. In a reprise of the approach of the Response, for the most part, the Motion consists of unsupported, unexplained and frivolous allegations and contentions about the Opinion, the Court and the Debtors. For example:

- *Misconduct/Bias of the Court and Debtors.* The Claimant asserts that the Court and Debtors attacked the Claims because they wanted vengeance for Claimant's duty-bound exposure of criminal conduct that the Court and Debtors wanted to suppress. (Motion 1.) The Claimant also asserts that the Court sustained the Objection because the Claimant joined in another claimant's motion to disqualify the Court. (Motion 2.) The Motion also mentions the issue of disqualification of the Court, but does not ask for the result. (Motion 3-4.) In keeping with his well-established practice, the Claimant of course supplies no *evidence* to support these contentions or their underlying alleged facts. He just makes charges and proffers conclusions.

- *Mistaken Analysis.* The Claimant asserts that "[t]he Denial of his claims is based upon an outdated, delusional, contradictory compilation of facts, fiction, inaccurate, misapplied, and/or eviscerated doctrine and case law, and events and a compilation of unrelated facts to fabricate a desired outcome." (Motion 1-2.) He adds, "[t]he Denial of his claims relies on facts not in evidence." (Motion 2.) Again, [t]he Denial of his claims ignores the ADMISSIONS of the Debtors against their interests." (Motion 2.) Once again, the Claimant does not *support* any of these positions with evidence; in fact, he does not even explain what specifically he is complaining about: what is "outdated", "delusional", "contradictory", "fiction[al]", "inaccurate", "misapplied", "eviscerated", "unrelated", "not

---

[6] Indeed, Claimant's affinity for frivolous pleadings goes back at least as far as 1986. Since the hearing on the Objection, the Debtors have located a reported case in which the United States District Court for the District of Massachusetts found that Claimant had made frivolous claims in a vindictive lawsuit against various officials and others who had a role in obtaining his conviction and incarceration on a cocaine offense. Papas v. Bertrum, 600 F. Supp. 174 (D. Mass. 1985).

7

> in evidence", or "ADMISSIONS".  Without that kind of minimal detail, there simply is not any way for the Court to grant the Motion.

- Again, the Claimant makes unsupported allegations of a widespread fraud. (Motion 3.)  In that connection, he repeats the Response's allegation that this Court found a fraudulent scheme.  (Motion 2.)  But as the Reorganized Debtors noted in the Reply, the passage nowhere even uses the word "fraud" or any variant of it.  It merely states what the Court found to be an empirical fact:  that Ally Financial Inc. tried to protect its assets.  Moreover, these allegations, too, are irrelevant to the Objection and Opinion.

- Finally, the Claimant repeats his arguments why his filing of the Claims against ResCap rather than GMACM was effective to assert a claim against the latter, arguments the Court flatly rejected for want of legal support.

20. As the preceding bullet point review of the Motion foreshadows, even without being tested under the appropriate procedural predicates, the Motion must be denied because it is wholly vacuous.  Moreover, Claimant never sets forth the legal basis for the relief he seeks.  Nevertheless, the Liquidating Trust, which has succeeded to the Debtors as the party authorized to administer the claim resolution process, next will evaluate the Motion under what it believes would be the relevant legal predicates.

### III.   ARGUMENT

#### A.   Legal Framework

21. The Motion asked the Court to "reinstate" the Claims.  It does not specify what that means, but it is in essence a motion for reconsideration.  However, it does not identify the legal grounds under which Claimant moves for reconsideration of the Opinion.  Indeed, it mentions no underlying law (statutes, rules or cases) at all.

22. In the context of the Motion, it appears that there are three possible avenues for reconsideration.  First, under FRBP 3008, a claimant may move for "reconsideration of an order allowing or disallowing a claim against the estate."  Similarly, under Code section 502(j) "A

8

claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Reconsideration of a claim is within the discretion of the Court. See In re Best Payphones, Inc., 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y. July 3, 2008). Second, under FRBP 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedures ("Rule 59"), a party may move for amendment of a judgment. Lastly, under FRBP 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), a party may move for relief from a judgment or order on various equitable grounds.

23. Courts in this district hold that if a motion to reconsider an order disallowing a claim is filed within fourteen days after entry of the order, it is analogous to a motion under FRBP 9023 and should be governed by the same principles as a motion under Rule 59; if filed later, it should be considered as if it were a motion under Rule 60 as incorporated by FRBP 9024. In re Terrestar Networks, Inc., 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (applying a Rule 60 standard of review to a motion for reconsideration because the claimant filed his motion six months after the court entered the order expunging the claims); In re Enron Corp., 352 B.R. 363 (Bankr. S.D.N.Y. 2006) (treating a motion for reconsideration, filed outside the Rule 59 statutory period, as a motion for relief from judgment under Rule 9024). Whichever rule applies, its standards for relief govern any motion for reconsideration under Code § 502(j) and FRBP 3008. Terrastar Networks, id.

24. In this instance, Claimant filed the Motion within 14 days of entry of the Opinion. Hence, technically, FRBP 9023 should govern. However, to ensure comprehensive treatment of the Motion, the Liquidating Trust will also apply FRBP 9024.

9

### B. FRBP 9023/Rule 60

25. A motion for reconsideration under FRBP 9023 is deemed a motion to alter or amend a judgment under subsection (e) of Rule 59 of the Federal Rules of Civil Procedure ("Rule 59(e)"). Public Serv. Co. of N.H. v. Hudson Light and Power Dep't, 938 F.2d 338, 340 n.5 (1st Cir. 1991); In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 784 (Bankr. E.D. Cal. 1992); In re Crozier Bros., Inc., 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986).

26. Relief under Rule 59(e) is extraordinary. The burden is on the moving party to show that relief is justified. Daniggelis v. E. Airlines, Inc. (In re Ionosphere Clubs, Inc.), 103 B.R. 501, 503 (Bankr. S.D.N.Y. 1989); Crozier Bros., 60 B.R. at 688.

27. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). Under FRBP 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, No. 07-13481 (MG), 2008 WL 110907, at *4 (Bankr. S.D.N.Y. Feb. 28, 2008) (rejecting a motion for reconsideration that "simply present[ed] the same arguments again" and noting that "[a]s a second effort to persuade the Court to change its mind, the Motion for Reconsideration must fail") (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).

28. Stated generally, the issue under Rule 59(e) is whether there has been a "manifest injustice," In re Greco, 113 B.R. 658, 664 (D. Haw. 1990), aff'd sub nom., Greco v. Troy Corp., 952 F.2d 406 (9th Cir. 1991), or a "miscarriage of justice," Bakst v. Scarpa (In re Ocean Dev. of

10

Am., Inc.), 24 B.R. 51, 52 (Bankr. S.D. Fla. 1982). The moving party "must set forth facts or law of a strongly convincing nature such as would induce a court to reverse its prior decision." Greco, 113 B.R. at 664. In particular, the moving party must demonstrate that the prior decision involved a manifest error of law or fact, or that there is newly discovered evidence that he could not have developed previously by a diligent effort. E.g., Tyrone F. Conner Corp., 140 B.R. at 784; Lesman v. Mitchell (In re Mitchell), 70 B.R. 524, 525-26 (Bankr. N.D. Ill. 1987); In re Lionel Corp., 29 B.R. 694, 695 n.* (Bankr. S.D.N.Y. 1983).

29.    A Rule 59(e) motion is not the opportunity for a disappointed litigant to relitigate old matters. In re Hillis Motors, Inc., 120 B.R. 556, 557-58 (Bankr. D. Haw. 1990). Thus, the moving party cannot raise new arguments or facts he could have raised at the prior hearing or "rehash the same arguments made the first time or simply express an opinion that the court was wrong. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986)." Greco, 113 B.R. at 664. Accord Hillis Motors, supra; Mitchell, 70 B.R. at 526. Thus, too, a motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

30.    The Motion should be denied because it wholly fails to meet any of the standards for granting FRBP 9023 relief. Rather than identifying facts and law in support of, let alone carrying the burden of proof to show that there has been a "manifest injustice," that there has been any manifest mistake of law or fact, that there is new controlling law, or that there is new, let alone compelling evidence that he could not have developed by diligence previously, Claimant does little more than re-hash his Response (and other pleadings) and its unsupported, largely unintelligible and irrelevant charges and allegations. At most, the Motion supplements those materials with more unsupported, unintelligible and irrelevant allegations in the same vein.

11

It is thus, generously construed, a naked attempt to relitigate the Objection.  That is, of course, not the office of a FRBP 9023 motion.

### C. FRBP 9024/Rule 60

31. If applicable, FRBP 9024 incorporates Rule 60, which sets forth the grounds for relief from a final judgment, order, or proceeding.  Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

> 1) mistake, inadvertence, surprise, or excusable neglect;
>
> 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> 4) the judgment is void;
>
> 5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of *exceptional* circumstances."  United States v. Int'l Bhd. Of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (emphasis added).  Whether to grant a motion for relief under Rule 60 is within the discretion of the Court.  Terrestar Networks, Inc., 2013 WL 781613, at *3.  Rule 60 may not be used to re-litigate matters settled by the Opinion.  See id.

32. For essentially the same reasons as with respect to FRBP 9023, the Motion does not even attempt to come within the ambit of the standards for relief applicable under FRBP 9024:  it is nothing more than a somewhat-supplemented re-hash of what Claimant said in the Response. It does not address any of the six grounds set forth in Rule 60(b).  Thus, the Court also should deny Claimant relief under FRBP 9024.

### IV. PROCEDURAL OBJECTION

33. On top of its other manifest shortcomings, the Motion is procedurally defective in that it fails to satisfy the requirements of the FRBP 9013 and Rule 9013-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York, which require that each motion "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief." As previously noted, the Motion both fails to adequately state the relief sought or grounds upon which relief could be granted as well as the law upon which the requested relief is predicated.

34. Because the Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Motion should be denied.

### V. CONCLUSION

The Motion makes no attempt to address the grounds for reconsideration of the Opinion found in Code § 502(j) and FRBP 3008, FRBP 9023 or FRBP 9024 in light of the Objection; instead, it is more of the same irrelevant diatribe found in the Response. Nor does it measure up to the standards for a cognizable motion of any kind. It is a further waste of the resources and time of this Court and the Reorganized Debtors. The Liquidating Trust respectfully requests that the Court deny the Motion in its entirety.

| | |
|---|---|
| Dated: January 3, 2014 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Adam A. Lewis<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Samantha Martin<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Liquidating Trust* |

14