**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

----

**SUPPLEMENTAL ORDER GRANTING DEBTORS' FIFTIETH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND**
**RECORDS) WITH RESPECT TO CLAIM NO. 5935 OF TOMAS DIAZ**

Pending before the Court is the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 5162). Through the Objection, the Debtors seek to disallow and expunge Claim No. 5935 of Tomas Diaz (the "Diaz Claim"). Mr. Diaz's proof of claim asserts a $400,000 secured claim against Residential Funding Company, LLC ("RFC").[1]  The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection), the Declaration of Norman S. Rosenbaum (the "Rosenbaum Decl.," attached as Ex. 2 to Objection), and the Declaration of Robert D. Nosek (the "Nosek Decl.," attached as Ex. 3 to Objection). Mr. Diaz filed a response (the "Response," ECF Doc. # 5507). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Reply," ECF Doc. # 5736), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On November 15, 2013, the Court held a hearing and Mr. Diaz did not appear. The Court reserved decision on the Objection.

----

[1] Mr. Diaz also filed Claim No. 4702 asserting a $400,000 secured claim against Homecomings Financial, LLC, the stated basis for which is "Mortgage/Note Down Payment." According to the records maintained by the Debtors' claims and noticing agent, the Debtors have not objected to Claim No. 4702, and this Order has no effect on that claim.

On April 26, 2006, Platinum Capital Group originated a mortgage to Mr. Diaz in the amount of $1,000,000 (the "Loan"). *See* Supp. Horst Decl. at ¶ 51. On June 1, 2006, Homecomings Financial, LLC ("Homecomings") began servicing the Loan, and on April 1, 2008, servicing of the Loan was transferred to Aurora Loan Servicing ("Aurora"). *See id*. Deutsche Bank is the current investor in the Loan, under series RALI 2006-QO6. *See id*.

On November 27, 2012, Mr. Diaz filed proof of claim number 5935, asserting a $400,000 secured claim against RFC, the stated basis for which is "Mortgage/Note Down Payment/and Investor." Attached to the proof of claim are several documents relating to the Loan, including a Lost Loan Affidavit in which RFC states that it was the holder of the original note securing the Loan, and that the original note had been lost, misplaced, or destroyed. There is no explanation of the basis for Mr. Diaz's claim against RFC and no indication as to how he was damaged. The Debtors objected to the Diaz Claim (Claim No. 5935) on the basis that a review of their books and records showed no liability owing to Mr. Diaz on the part of any of the Debtors. Mr. Diaz responded by asserting that the Debtors' books and records show no liability owing to him because RFC "intentionally lost, misplaced and destroyed the document and records, and deleted all evidence to confuse the records of the court . . . ." Response at 1. Mr. Diaz also states in the Response that he published several notices in Florida newspapers requiring anyone with a legal claim to his land to timely assert such claim, and that he solicited the United States Department of Interior for resolution of issues related to his land. The Response attaches some of the same documents as the proof of claim, as well as a copy of a letter sent to Mr. Diaz from the Bureau of Land Management, ostensibly related to ownership of Mr. Diaz's property.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of

2

claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Bankruptcy Code section 502(b)(1) provides that a claim may not be allowed to the extent that "such a claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

Neither Mr. Diaz's proof of claim nor his Response establish any basis for a claim against RFC. RFC did not originate the Loan. Further, Homecomings transferred servicing of the Loan to Aurora in 2008. According to the Debtors, neither Homecomings nor any of the Debtors have had any interest in the Loan since the transfer of servicing. Reply ¶ 83. At the time of the transfer, the Loan was in foreclosure. *See* Supp. Horst. Decl. ¶ 52. To the extent Mr. Diaz is a party in ongoing foreclosure litigation, the Debtors are not involved in that litigation. The Debtors also state in their Reply that their records show that the endorsement chain was proper. Deutsche Bank was the investor, and Homecomings serviced the Loan on behalf of the investor. The Debtors also state that Mr. Diaz sent in a Qualified Written Request to GMAC Mortgage,

3

LLC in 2012, requesting account information and loan documents in connection with the Debtors' involvement with the Loan between 2006–2008. The Debtors responded by providing all relevant documentation. *See id.* ¶ 52. Mr. Diaz has failed to offer any explanation for the basis of his claim against RFC.

For these reasons, the Court **SUSTAINS** the Objection and Claim No. 5935 is hereby **DISALLOWED** and **EXPUNGED** with prejudice; and it is further

**ORDERED** that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge Claim No. 5935; and it is further

**ORDERED** that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: January 7, 2014
      New York, New York

                                    ____/s/Martin Glenn_____
                                        MARTIN GLENN
                                    United States Bankruptcy Judge