MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Post-Effective Date Debtors. | ) | Jointly Administered |
-------------------------------------------------------------------

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS'**
**FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY FOR**
**(A) NON-DEBTOR CLAIMS AND (B) PAID AND SATISFIED CLAIMS)**

1.      The undersigned hereby certifies that, as of the date hereof, he is not aware of any

answer, objection or other responsive pleading to the relief sought in the following claims

objection, filed by the Debtors on December 12, 2013 (the "<u>Claims Objection</u>"):

> *Debtors' Fifty-Sixth Omnibus Objection to Claims (No Liability for*
> *(A) Non-Debtor Claims and (B) Paid and Satisfied Claims)*
> [Docket No. 6078].

2.      The undersigned further declares that he has caused a review of the Court's

docket in these cases and has not been advised that any other answer, objection or other

responsive pleading to the Claims Objection appears thereon. The deadline for filing responses to

the Claims Objection, January 3, 2014, has passed.

ny-1124497

3.      In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.      Accordingly, for the reasons set forth in the Claims Objection, the Debtors respectfully request that the proposed order granting the Claims Objection, annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 7, 2014          Respectfully submitted,
       New York, New York

                                /s/ Norman S. Rosenbaum
                                Gary S. Lee
                                Norman S. Rosenbaum
                                Jordan A. Wishnew
                                MORRISON & FOERSTER LLP
                                1290 Avenue of the Americas
                                New York, New York 10104
                                Telephone: (212) 468-8000
                                Facsimile: (212) 468-7900

                                *Counsel for the ResCap Liquidating Trust*

## EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------------

### ORDER GRANTING DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY FOR (A) NON-DEBTOR AND (B) PAID AND SATISFIED CLAIMS)

Upon the fifty-sixth omnibus claims objection, dated December 12, 2013 (the "Fifty-Sixth Omnibus Claims Objection")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Non-Debtor Claims on the grounds that they assert claims against entities that are not Debtors in these jointly administered Chapter 11 Cases, and the Paid and Satisfied Claims on the grounds that each Paid and Satisfied Claim represents an obligation for which the Debtors have no liability, all as more fully described in the Fifty-Sixth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Sixth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fifty-Sixth Omnibus Claims Objection.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Fifty-Sixth Omnibus Claims Objection having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the Fifty-

Sixth Omnibus Claims Objection and the Declaration of Deanna Horst annexed thereto as

Exhibit 1; and the Court having found and determined that the relief sought in the Fifty-Sixth

Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all

parties in interest, and that the legal and factual bases set forth in the Fifty-Sixth Omnibus

Claims Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Fifty-Sixth Omnibus Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Non-Debtor

Claim listed on Exhibit A attached hereto under the heading "Claims to be Disallowed and

Expunged" is hereby disallowed and expunged in its entirety; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Paid and

Satisfied Claim listed on Exhibit B attached hereto is disallowed and expunged in its entirety;

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and claims

agent, is authorized and directed to expunge from the Claims Register the Non-Debtor Claims

identified on the schedule attached as Exhibit A hereto and the Paid and Satisfied Claims

identified on the schedule attached as Exhibit B hereto pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity,

allowance, or disallowance of any claim not otherwise listed on Exhibit A or Exhibit B attached

2

to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit A or Exhibit B as to which the Court does not grant the relief requested in the Fifty-Sixth Omnibus Claims Objection; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Sixth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Non-Debtor Claims identified on Exhibit A attached hereto and the Paid and Satisfied Claims identified on Exhibit B attached hereto, as if each such Non-Debtor Claim and Paid and Satisfied Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
       New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1120231

## Exhibit A

**Non-Debtor Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SIXTH OBJECTION - NO LIABILITY - NON-DEBTOR (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Cincinnati Bell Telephone<br>221 E. 4th Street<br>ML 121-800<br>Cincinnati, OH 45202 | 245 | 07/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,741.09 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |
| 2 | City of Reading<br>c/o Portnoff Law Associates, Ltd<br>PO Box 3020<br>Norristown, PA 19401 | 6011 | 11/29/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim was for services provided to a non-debtor entity. |
| 3 | OLD TOWN TOWNHOUSES CONDOMINIUMS<br>2006 N 30TH<br>Unit  No. 8<br>TACOMA, WA 98403 | 943 | 10/04/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |
| 4 | W B MASON COMPANY INC<br>59 CENTRE ST<br>BROCKTON, MA 02301-4014 | 5276 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$403.26 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |

**<u>Exhibit B</u>**

**Paid and Satisfied Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | COMMISSIONER OF ACCOUNTS P.O. BOX 320337 ALEXANDRIA, VA 22320 | 4042 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $316.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | ETS of Virginia, Inc. | 12-12026 |
| 2 | SHAPIRO AND COMPANY 30 S 42ND AVE E DULUTH, MN 55804 | 2415 | 11/06/2012 | $0.00 $0.00 $0.00 $0.00 $400.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |