MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Post-Effective
Date Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS' MOTION PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 APPROVING DEBTORS' ENTRY INTO SETTLEMENT
AGREEMENTS RELATED TO CERTAIN PENDING BORROWER
PUTATIVE CLASS ACTION LITIGATIONS, AND AUTHORIZING
DEBTORS TO PERFORM OBLIGATIONS THEREUNDER**

1. The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading with respect to the relief sought in the following motion, filed by the Debtors on December 16, 2013 (the "Motion"):

   *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Debtors' Entry Into Settlement Agreements Related to Certain Pending Borrower Putative Class Action Litigations, and Authorizing Debtors to Perform Obligations Thereunder* [Docket No. 6131].

2. The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any answer, objection or other responsive

ny-1124479

pleading with respect to the Motion appears thereon. The deadline for filing objections to the Motion, December 30, 2013, has passed.

3. In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4. Accordingly, for the reasons set forth in the Motion, the Borrower Claims Trust respectfully requests that the proposed order granting the Motion (the "Order"), annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 7, 2014         Respectfully submitted,
       New York, New York

                               _____
                               Gary S. Lee
                               Norman S. Rosenbaum
                               Jordan A. Wishnew
                               MORRISON & FOERSTER LLP
                               1290 Avenue of the Americas
                               New York, New York 10104
                               Telephone: (212) 468-8000
                               Facsimile: (212) 468-7900

                               *Counsel for the Post-Effective Date Debtors*

# **EXHIBIT 1**

ny-1124479

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------
|                                        )
In re:                                   )    Case No. 12-12020 (MG)
                                         )
RESIDENTIAL CAPITAL, LLC, et al.,        )    Chapter 11
                                         )
                          Debtors.       )    Jointly Administered
                                         )
------------------------------------------------------------------------------

**ORDER APPROVING DEBTORS' ENTRY INTO**
**SETTLEMENT AGREEMENTS RELATED TO CERTAIN PENDING**
**BORROWER CLASS ACTION LITIGATIONS, AND AUTHORIZING**
**DEBTORS TO PERFORM OBLIGATIONS THEREUNDER**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Debtors' entry into four (4) settlement agreements related to certain pending borrower putative class action litigations, and authorizing the Debtors to perform their obligations thereunder; and upon consideration of the Thompson Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is fair, reasonable, equitable, and in the best interests of the Debtors' estates and creditors and other parties in interest, and that the Debtors have exercised sound business judgment in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1124479

determining to enter into each of the Settlement Agreements; and after due deliberation thereon; and sufficient cause appearing therefor; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Each of the Cronk Settlement Agreement, the Throm Settlement Agreement, the Gardner/Smith Settlement Agreement, and the Peel Settlement Agreement is approved.

3. GMACM is authorized to make a one-time cash payment of $30,000.00 to Cronk and a one-time cash payment of $95,000.00 to Cronk's counsel in accordance with the terms and conditions of the Cronk Settlement Agreement.

4. GMACM is authorized to make a one-time cash payment of $30,000.00 to Throm and a one-time cash payment of $95,000.00 to Throm's counsel in accordance with the terms and conditions of the Throm Settlement Agreement.

5. GMACM and Homecomings are authorized to deliver the sum of $285,000.00 to counsel for GMACM and Homecomings, as escrow agent, to be held for further disbursement in accordance with the terms and conditions of the Gardner/Smith Settlement Agreement.

6. RFC, or its successor in interest under the Chapter 11 Plan, is authorized to make a one-time cash payment of $600,000.00 to the Peel Plaintiffs and their counsel in accordance with the terms and conditions of the Peel Settlement Agreement.

7. Upon the Debtors' payment of the one-time cash payments pursuant to this Order and the respective Settlement Agreements, Cronk, Throm, Gardner, Smith and the Peel Plaintiffs are directed to take any and all steps necessary to dismiss the Cronk Action, the

2

ny-1124479

Throm Action, the Gardner/Smith Actions, and the Peel Action in accordance with the terms of the respective Settlement Agreements.

8. Upon the Debtors' payment of the one-time cash payments pursuant to this Order and the respective Settlement Agreements, Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent, is authorized and directed to modify the Claims Register to reflect that each of the Claims has been expunged and/or withdrawn, in each case with prejudice, as appropriate.

9. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

10. To the extent there may be any inconsistency between the terms of the Motion and this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2014
      New York, New York

 

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1124479