**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re:<br><br>    RESIDENTIAL CAPITAL, LLC, et al.,<br><br>                                    Debtors. |

Chapter 11

Case No. 12-12020

### ORDER DENYING WITHOUT PREJUDICE THE DEBTORS' FIFTIETH OMNIBUS OBJECTION AS TO CLAIM NUMBER 1574 FILED BY RAINER P. WARNER

Pending before the Court is the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims—Books and Records)* (the "Objection," ECF Doc. # 5162). This Order pertains solely to Claim Number 1574 filed by Rainer P. Warner (the "Warner Claim"), which is subject to the Objection. In support of the Objection, the Debtors attach the Declarations of Deanna Horst (Exhibit 1), Norman S. Rosenbaum (Exhibit 2), and Robert D. Nosek (Exhibit 3). Warner filed a response to the Objection (the "Response," ECF Doc. # 5369), and the Debtors filed a reply (the "Reply," ECF Doc. # 5736). The Debtors support their Reply with the Supplemental Declaration of Deanna Horst (the "Supplemental Declaration" ECF Doc. # 5736-3).

In his proof of claim, Warner asserts a $207,947.59 secured claim and a $292,052.41 unsecured claim against the Debtors on the grounds that the Debtors (1) wrongfully denied loan modifications despite Warner's eligibility; (2) improperly assessed certain fees and charges; (3) wrongfully foreclosed on Warner's property; and (4) failed to conduct property inspections.

Warner's proof of claim attaches an answer and cross-claim he filed against Deutsche Bank Trust Company Americas ("Deutsche Bank") and Homecomings Financial ("Homecomings") in a foreclosure proceeding initiated by Deutsche Bank. Homecomings is a

Debtor in these chapter 11 cases. The answer and cross-claim asserted that Deutsche Bank and Homecomings failed to modify Warner's mortgage despite hardship and changes in his medical condition. The cross-claim also alleged that Deutsche Bank and Homecomings were wrongfully forcing foreclosure of Warner's home.

Aside from the answer and cross-claim, the Warner Claim also attaches (1) an order setting Warner's foreclosure case for trial,[1] (2) a letter from Homecomings informing Warner that his loan modification was approved pending fulfillment of certain conditions, (3) two pages from Warner's original note, and (4) two pages from Warner's loan modification agreement. On the pages from the original note and loan modification agreement, Warner circled the original loan amount ($208,000), the original amount of his initial interest-only payments, which were subject to change ($1,235.00), and the modified loan amount ($220,228.03).

In the Objection, the Debtors do not specifically discuss the Warner Claim, but instead state that the Warner Claim falls in a category of claims for which the Debtors determined that they bear no liability based on a review of their books and records, including payment histories, loan modification documents, foreclosure related documents, and internal servicing notes.

In his Response, Warner asserts that ownership of his note was not properly established before foreclosure. Warner also argues that the Debtors could not locate his note during the foreclosure proceeding, so the Court should not take the Debtors' review of their books and records as reliable.

The Debtors' Reply and Supplemental Declaration contain explicit discussions of the Warner Claim and provide new reasons not stated in the Objection for disallowing the Claim. For example, the Debtors (1) detail Warner's loan modification requests and the bases for the Debtors' determinations regarding those requests, (2) explain the reasons for the fees and charges

---

[1] The state court entered a final judgment of foreclosure in August 2012.

that Warner contests, (3) argue that ownership of Warner's note was properly established in the foreclosure proceeding, and (4) assert that all necessary property inspections were conducted.

But Warner never had an opportunity to respond to these new arguments and factual allegations. Claims objections have a shifting burden of proof. Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Here, the Debtors' Objection failed to adequately rebut the assertions leveled in the Warner Claim. First, the Objection treated the Warner Claim as a "wrongful foreclosure claim," when in fact the Warner Claim asserts more bases for liability. Second, the Objection only generically discussed a review of the Debtors' records. The Objection therefore did not shift the burden back to Warner. In their Reply, the Debtors seemingly provided sufficient detail to shift the burden back to Warner, but Warner had no opportunity to respond. The Court therefore **DENIES** the Objection without prejudice. The Debtors may re-file an objection to the Warner Claim providing all of the substantive bases for the objection in the opening papers so Warner can have an adequate opportunity to respond the Debtors' objection. This Court shall retain

3

jurisdiction with respect to all matters relating to the interpretation or implementation of this

Order.

**IT IS SO ORDERED.**

Dated: January 8, 2014
New York, New York

_____**/s/Martin Glenn**_____
MARTIN GLENN
United States Bankruptcy Judge