**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION
TO CLAIMS (NO LIABILITY FOR (A) NON-DEBTOR AND
(B) PAID AND SATISFIED CLAIMS)**

Upon the fifty-sixth omnibus claims objection, dated December 12, 2013 (the "<u>Fifty-Sixth Omnibus Claims Objection</u>")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF Doc. # 3294) (the "<u>Procedures Order</u>"), disallowing and expunging the Non-Debtor Claims on the grounds that they assert claims against entities that are not Debtors in these jointly administered Chapter 11 Cases, and the Paid and Satisfied Claims on the grounds that each Paid and Satisfied Claim represents an obligation for which the Debtors have no liability, all as more fully described in the Fifty-Sixth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Sixth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fifty-Sixth Omnibus Claims Objection.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifty-Sixth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Fifty-Sixth Omnibus Claims Objection and the Declaration of Deanna Horst annexed thereto as Exhibit 1; and the Court having found and determined that the relief sought in the Fifty-Sixth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Fifty-Sixth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Fifty-Sixth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Non-Debtor Claim listed on Exhibit A attached hereto under the heading "Claims to be Disallowed and Expunged" is hereby disallowed and expunged in its entirety; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Paid and Satisfied Claim listed on Exhibit B attached hereto is disallowed and expunged in its entirety; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent, is authorized and directed to expunge from the Claims Register the Non-Debtor Claims identified on the schedule attached as Exhibit A hereto and the Paid and Satisfied Claims identified on the schedule attached as Exhibit B hereto pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not otherwise listed on Exhibit A or Exhibit B attached

2

to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit A or Exhibit B as to which the Court does not grant the relief requested in the Fifty-Sixth Omnibus Claims Objection; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Sixth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 (ECF Doc. # 141), the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Non-Debtor Claims identified on Exhibit A attached hereto and the Paid and Satisfied Claims identified on Exhibit B attached hereto, as if each such Non-Debtor Claim and Paid and Satisfied Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: January 8, 2014
       New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                  United States Bankruptcy Judge

**Exhibit A**

**Non-Debtor Claims**

12-12020-mg    Doc 6242    Filed 01/08/14    Entered 01/08/14 10:34:53    Main Document
Pg 4 of 7

**Exhibit A**

**Non-Debtor Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SIXTH OBJECTION - NO LIABILITY - NON-DEBTOR (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Cincinnati Bell Telephone<br>221 E. 4th Street<br>ML 121-800<br>Cincinnati, OH 45202 | 245 | 07/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,741.09 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |
| 2 | City of Reading<br>c/o Portnoff Law Associates, Ltd<br>PO Box 3020<br>Norristown, PA 19401 | 6011 | 11/29/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim was for services provided to a non-debtor entity. |
| 3 | OLD TOWN TOWNHOUSES CONDOMINIUMS<br>2006 N 30TH<br>Unit No. 8<br>TACOMA, WA 98403 | 943 | 10/04/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |
| 4 | W B MASON COMPANY INC<br>59 CENTRE ST<br>BROCKTON, MA 02301-4014 | 5276 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$403.26 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim was for services provided to a non-debtor entity. |

**Exhibit B**

**Paid and Satisfied Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | COMMISSIONER OF ACCOUNTS<br>P.O. BOX 320337<br>ALEXANDRIA, VA 22320 | 4042 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$316.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ETS of Virginia, Inc. | 12-12026 |
| 2 | SHAPIRO AND COMPANY<br>30 S 42ND AVE E<br>DULUTH, MN 55804 | 2415 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$400.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |