MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO MOTION FOR RECONSIDERATION OF ORDER GRANTING DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (LATE-FILED BORROWER CLAIMS) WITH RESPECT TO CLAIM NO. 6866 FILED BY OF ANAISSA B. GERWALD**

ny-1120235

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Borrower Claims Trust (the "Trust") established pursuant to the terms of the Chapter 11 plan filed and confirmed in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"),[1] as successor in interest to the Debtors (defined below), hereby files this objection (the "Objection") to the claimant's *Response to Debtors' Objection and Court Order Granting Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims) with Respect to Claim No. 6866* [Docket No. 5553] (the "Reconsideration Motion") filed by Anaissa B. Gerwald ("Movant"), a borrower appearing *pro se*. In support of the Objection, the Trust submits the Declaration of P. Joseph Morrow IV (the "Morrow Declaration"), annexed hereto as Exhibit 2, and respectfully represents as follows:

## BACKGROUND

1. On May 14, 2012, each of the debtors in the Chapter 11 Cases (collectively, the "Debtors")[2] filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. On August 29, 2012, this Court entered the bar date order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"). On

---

[1] The Chapter 11 plan was approved and confirmed by the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065], entered by the Court on December 11, 2013.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date* [Docket No. 6].

2

ny-1120235

November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].

3. On or about June 19, 2013, Movant filed a proof of claim designated as Claim No. 6866 against GMAC Mortgage, LLC, annexed hereto as <u>Exhibit 1</u>, asserting a claim in the amount $469,098.00 as a secured claim in connection with certain allegations involving, among other things, purported fraud by the Debtors involving two parcels of real property located at (i) 12 Bluegrass Lane, Savannah, Georgia, 31405 and (ii) 3786 Viewcrest Drive South, Salem, Oregon 97302.  <u>See</u> <u>Exhibit 1</u>.  The proof of claim form is signed and dated October 2012, but includes in the form's "claim amendment" section a reference to a purported prior claim dated "December 28, 2012." <u>See</u> <u>id.</u> In addition, there is a handwritten certificate of service appended to the proof of claim form, purporting that Movant served a copy of the proof of claim on the Court on October 28, 2012.  <u>See</u> <u>id.</u>  There is no supporting documentation included in any of Movant's filings to date to evidence this mailing or completed service.  Further, Kurtzman Carson Consultants ("<u>KCC</u>"), the Debtors' notice and claims agent, did not receive any proof of claim from Movant prior to receiving Claim No. 6866 on or about June of 2013.  <u>See</u> <u>Exhibit 2</u>, Morrow Declaration ¶ 8.

4. On August 30, 2013, the Debtors filed the *Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* [Docket No. 4902] (the "<u>Thirty-First Omnibus Claims Objection</u>"), which included an objection to Movant's Claim No. 6866 because it was filed more than seven months after the General Bar Date.  The response deadline to the Thirty-First Omnibus Claims Objection was October 1, 2013.

5. On or around October 4, 2013, Movant filed a *Motion to Request Original Mortgage Loan Presented to the Debtor and the Court* [Docket No. 5290] (the "<u>October 4</u>

3

ny-1120235

Filing"). It is not clear whether the October 4 Filing was in response to the Thirty-First Omnibus Claims Objection.

6. On October 9, 2013, the Court presided over an omnibus hearing during which the Debtors presented the Thirty-First Omnibus Claims Objection and reply to any and all filed responses in connection therewith. During the hearing, at which Movant did not appear, counsel to the Debtors and the Court discussed the October 4 Filing. At the hearing, the Court ultimately sustained the Debtors' objection to Claim No. 6866. On October 17, 2013, the Court entered an order sustaining the Thirty-First Omnibus Claims Objection [Docket No. 5377] (the "Disallowance Order"), which resulted in the disallowance and expungement of Claim No. 6866 from the claims register. On that same date, KCC served notice of the Disallowance Order to Movant and other parties in interest [Docket No. 5545].

7. On October 28, 2013, Movant filed the Reconsideration Motion, asserting, among other things, that Movant has submitted her claim three times, the first time in October of 2012 to the Court, and therefore, her claim must be deemed timely filed.

8. On November 20, 2013, Movant filed two proposed orders in connection with the relief sought by Movant [Docket No. 5881] relating to the properties noted in Claim No. 6866 and referenced in Paragraph 3 above.

## ARGUMENT

**I.    Movant's Request Set forth in the Reconsideration Motion Should Be Denied**

9. This Court should deny the Reconsideration Motion because Movant has not satisfied the standard for reconsideration of Movant's request for relief from the Disallowance Order. Further, the allegations set forth in the Reconsideration Motion do not satisfy the standards under the applicable Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by the Federal Rules for Bankruptcy Procedure (the "Bankruptcy Rules").

4

ny-1120235

10. Bankruptcy Rule 9023 incorporates Federal Rule 59, which regulates motions for amendment of a judgment. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004); see also Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) ("reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'") (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

11. Movant fails to satisfy the requisite burden of proof required for relief pursuant to Bankruptcy Rule 9023. Movant has neither introduced any new evidence, established that the Court overlooked available evidence, identified any new arguments, nor presented new facts to the Court not previously available to Movant that would either indicate that Movant meets the Second Circuit's excusable neglect standard for filing a late proof of claim or warrant the Court's reconsideration of its Disallowance Order. Moreover, Movant did not rebut the presumption that she received notice of the General Bar Date, as KCC did not receive a returned mailing sent to Movant as undeliverable. See Exhibit 2, Morrow Declaration ¶ 7. In addition, there has not been a change in applicable law since the Court entered the Disallowance Order.

12. In addition, Bankruptcy Rule 9024 incorporates Federal Rule 60, which sets forth the grounds for relief from a final judgment, order, or proceeding. A party may be relieved from a final judgment or order where there is evidence of "fraud, misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b).

13. Movant fails to demonstrate that she should be relieved from the Disallowance Order pursuant to Bankruptcy Rule 9024. As an initial matter, there is no evidence of any act of fraud, misconduct, or misrepresentation in filing the Thirty-First Omnibus Claims Objection. The Thirty-First Omnibus Claims Objection sought to disallow and expunge certain proofs of claim from the claims register on the basis that such claims were filed after the General Bar Date. By the Reconsideration Motion, Movant asserts that she has never been in contract with the Debtors, nor does she have any business or debt with the Debtors. Movant simply restates her claims and requested relief as set forth in Claim No. 6866.

14. The Debtors respectfully submit that for the aforementioned reasons, the Reconsideration Motion should be denied.

## II. Movant Fails to Adequately State Grounds Upon Which Relief Could Be Granted

15. The Reconsideration Motion also fails to satisfy the requirements of Bankruptcy Rule 9013 and Rule 9013-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York, which require that each motion "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief." Local Bankruptcy Rule 9013-1; see also Fed. R. Bankr. P. 9013. As previously noted, the Reconsideration Motion both fails to adequately state the relief sought or grounds upon which relief could be granted as well as the law upon which the requested relief is predicated. The bulk

6

ny-1120235

of the Reconsideration Motion merely sets forth conclusory allegations concerning the Debtors' purported fraud in connection with Movant's properties.

16. Because the Reconsideration Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Reconsideration Motion should be denied.

## CONCLUSION

17. For the reasons set forth above, the Court should deny the Reconsideration Motion and, to the extent that it seeks affirmative relief, the Foreclosure Motion, and grant such other relief as is just and proper. Accordingly, the Debtors request that the Disallowance Order stand as entered.

| | |
|---|---|
| Dated: January 8, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, NY  10104-0050<br>Telephone:  (212)-468-8000<br>Facsimile:  (212)-468-7900<br><br>*Counsel for The ResCap Borrower Claims Trust* |