Hearing Date: February 6, 2014 at 10:00 a.m. (ET)
Objection Deadline: January 20, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Stacy L. Molison

*Counsel for the Post-Effective Date Debtors and
The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN GMAC MORTGAGE, LLC AND LYNN MCLAUGHLIN-MONTERO AND LYNN MCLAUGHLIN P.L.L.C.**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for an Order Pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement Between GMAC Mortgage, LLC and Lynn McLaughlin-Montero and Lynn McLaughlin P.L.L.C.* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **February 6, 2014 at 10:00 a.m. (prevailing Eastern Time)** before the

ny-1123593

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Post-Effective Date Debtors and The ResCap Liquidating Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee and Norman S. Rosenbaum); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10004 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP,

1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated:  January 8, 2014
        New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Stacy L. Molison
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust*

Hearing Date: February 6, 2014 at 10:00 a.m. (ET)
Objection Deadline: January 20, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Stacy L. Molison

*Counsel for the Post-Effective Date Debtors and
The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**MOTION FOR AN ORDER PURSUANT TO SECTION 105 OF THE
BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT
AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND LYNN
MCLAUGHLIN-MONTERO AND LYNN MCLAUGHLIN P.L.L.C.**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits, on behalf of Residential Capital, LLC ("ResCap") and its affiliated post-effective date debtors (collectively, the "Debtors")[1], this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6] (the "Whitlinger Affidavit").

ny-1123592

Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A to the Proposed Order, between Debtor GMAC Mortgage, LLC ("GMACM") and Lynn McLaughlin-Montero ("McLaughlin") and Lynn McLaughlin P.L.L.C. ("McLaughlin P.L.L.C." and together with McLaughlin and GMACM, the "Parties"). In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Lauren Delehey (the "Delehey Declaration"), attached hereto as Exhibit 2. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

A.  **The Chapter 11 Cases**

3. As of May 14, 2012 (the "Petition Date"), the Debtors were a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors were the fifth largest servicer of residential mortgage loans in the United States, servicing over 2.4 million domestic mortgage loans with an aggregate unpaid principal balance of approximately $374.2 billion. In addition, prior to the Petition Date, the Debtors and their non-debtor affiliates, including Ally Bank, were collectively the tenth largest originator of residential mortgage loans in the United States.

4. On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5. On June 30, 2012, GMACM filed its Schedules of Assets and Liabilities (collectively, as amended, the "Schedules") and listed, inter alia, its personal property therein.

6. On December 11, 2013, the Bankruptcy Court entered an Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and the Liquidating Trust was created [Docket No. 6137].

7. The Plan provides for the creation and implementation of the Liquidating Trust, which is among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement." See Plan, at Art. VI.A-D; see also Confirmation Order at ¶ 22. Further, pursuant to the Confirmation Order:

> In accordance with the provisions of the Plan, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Liquidating Trust may compromise and settle Claims against the Debtors and Causes of Action against other Entities.

Confirmation Order at ¶ 20. Notwithstanding the relief granted by the Confirmation Order and because the Settlement Agreement was executed by the Debtors prior to the Plan's effective date, the Debtors and the Liquidating Trust seek the instant relief out of an abundance of caution.

**B.      The Adversary Proceeding**

8.      On or about May 21, 2010, GMACM obtained ownership of certain real property located at 3555 Yosemite Street, San Diego, California 92109 (the "Property"). See Delehey Declaration at ¶ 6.

9.      In April 2011, GMACM and McLaughlin entered into a property listing agreement (the "Property Listing Agreement"), under which GMACM granted McLaughlin the right to list the Property for sale. See id. at ¶ 7. Under the Property Listing Agreement, McLaughlin, among other things, agreed to (i) use her best efforts to sell the Property and (ii) submit all purchase offers to GMACM. See id.

10.     On or around May 2011, McLaughlin submitted to GMACM an offer of $662,000 (the "Submitted Offer"). See id. at ¶ 8. GMACM accepted the Submitted Offer, believing it to be the highest offer received, and, on or around May 9, 2012, the sale of the Property closed. See id. For this sale, McLaughlin acted as the agent for both GMACM and the potential buyer, TLCD, LTD ("TLCD"). See id.

11.     In connection with the purchase, $30,901.50 in funds was placed in escrow (the "Escrow Funds"). See id. at ¶ 9. The Escrow Funds represented the commission that McLaughlin alleged she was owed as the agent for GMACM and TLCD. See id. Ultimately, $19,050.00 of the Escrow Funds was returned to TLCD, leaving $11,851.50 in the escrow account (the "Remaining Escrow Funds"). See id.

12.     Subsequent to the sale of the Property, GMACM learned of an all-cash offer in the amount of $675,000.00 (the "All-Cash Offer"), which GMACM believes was transmitted by a real estate agent associated with another firm to McLaughlin on or about May 4,

4

2011.[2]  See id. at ¶ 10.  GMACM contends that McLaughlin, in breach of the Property Listing Agreement, failed to submit the All-Cash Offer to GMACM because, had she done so, GMACM would have accepted such offer and McLaughlin would not have earned a dual commission as the agent to both the buyer and the seller.  See id.  As a result of this alleged breach, GMACM asserts that McLaughlin is not entitled to the Remaining Escrow Funds.  See id.  Consequently, the Remaining Escrow Funds are claimed by both GMACM and McLaughlin.  See id.

13. In connection with McLaughlin's claim to the Remaining Escrow Funds, McLaughlin P.L.L.C., on June 2, 2011, recorded a mechanics' lien (the "Mechanics' Lien") on the Property.  See id. at ¶ 11.  The Mechanics' Lien was released after GMACM obtained and recorded a lien release bond (the "Lien Release Bond"), which, as of the date of this Motion, remains outstanding.  See id.

14. On October 16, 2012, McLaughlin filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California (the "California Bankruptcy Court").  See In re Lynn McLaughlin-Montero, Case No. 12-13935-MM7 (S.D. Ca. 2012).

15. On January 3, 2013, GMACM filed an adversary proceeding against McLaughlin and McLaughlin P.L.L.C. in the California Bankruptcy Court (the "Adversary Proceeding").  See GMAC Mortgage, LLC v. Lynn McLaughlin-Montero, Case No. 13-90001-MM  (S.D. Ca. 2013).  In the Adversary Proceeding, GMACM alleged that McLaughlin breached the Property Listing Agreement and violated other contractual duties to GMACM by failing to submit the All-Cash Offer to GMACM.  See Delehey Declaration at ¶ 13.  GMACM further alleged that such failure resulted in harm to GMACM including, without limitation: (i)

---

[2] The Settlement Agreement incorrectly states that McLaughlin failed to submit to GMACM an all-cash offer in the amount of $675,00.  Nevertheless, the All-Cash Offer was actually in the amount of $675,000.00.

5

ny-1123592

loss of the difference between the Submitted Offer and the All-Cash Offer; (ii) exposure of GMACM to claims by the prospective purchaser that submitted the All-Cash Offer; and (iii) delay in the closing of the sale, which resulted in increased carrying costs for GMACM. See id.

16. On June 7, 2013, the California Bankruptcy Court entered an order compelling the Chapter 7 trustee to abandon all interests of the bankruptcy estate in the Escrow Funds to McLaughlin (the "Abandonment Order"). See Abandonment Order, a copy of which is attached hereto as Exhibit 3.

17. GMACM's asserted interest in the Remaining Escrow Funds is currently property of the Liquidating Trust. The Adversary Proceeding is listed in the Schedules for GMACM as personal property on Schedule B35, and is described as general litigation with an unknown value [Docket No. 550].

**C.     The Settlement Agreement**

18. On or about October 16, 2013, the Parties entered into the Settlement Agreement with respect to their rights and obligations in connection with the Remaining Escrow Funds and the Lien Release Bond. See Settlement Agreement.

19. A condition to the Settlement Agreement is that GMACM must, within 120 days of the effective date of the Settlement Agreement, obtain this Court's approval of the Settlement Agreement (the "Approval Condition"). See id. at ¶ 1.

20. The Settlement Agreement provides that, absent a court order to the contrary, the Adversary Proceeding will be stayed until either the satisfaction of the Approval Condition or the expiration of the aforementioned 120 day period.[3] See id. at ¶ 2.

---

[3] Paragraph 2 of the Settlement Agreement incorrectly indicates that the Adversary Proceeding will be stayed until either the Approval Condition is satisfied or the "expiration of the one hundred day period" described in paragraph 1 of the Settlement Agreement; however, based on paragraph 1 of the Settlement Agreement, the Debtors believe the time frame indicated in paragraph 2 should be 120 days. See Settlement Agreement at ¶¶ 1-2.

6

ny-1123592

21.   Under the Settlement Agreement, GMACM has agreed to dismiss the Adversary Proceeding as to all of the Parties with prejudice. See id. at ¶ 3. In exchange, McLaughlin and McLaughlin P.L.L.C. will execute any documents or perform any acts necessary to release any claim and transfer any interest they have in the Remaining Escrow Funds and the Lien Release Bond to GMACM. See id. at ¶ 4.

## RELIEF REQUESTED

22.   By this Motion, the Debtors seek entry of an order under Bankruptcy Code section 105 and Bankruptcy Rule 9019 approving the Settlement Agreement and authority for the Debtors to perform their obligations thereunder.

## BASIS FOR RELIEF

23.   Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise and settlement," Fed. R. Bankr. P. 9019(a), if it is in the best interests of the estate. Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re The Drexel Burnham Lambert Grp., Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Settlements and compromises are "'a normal part of the process of reorganization.'" Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (citations omitted). "'[C]ompromises are favored in bankruptcy' because they minimize the costs of litigation and further the parties' interest in expediting the administration of a bankruptcy estate." Inv. Exch. Grp., LLC v. Colo. Capital Bank (In re The 1031 Tax Grp., LLC), Case No. 07-11448, 2007 WL 2455176, at *3 (Bankr. S.D.N.Y. Aug. 23, 2007) (citation omitted); see also Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 455 (2d Cir. 2007).

24.   To approve a compromise and settlement under Bankruptcy Rule 9019(a), courts have held that the proposed compromise and settlement should be fair and equitable,

7

ny-1123592

reasonable and in the best interests of the debtor's estate. See Plaza Equities LLC v. Pauker (In re Copperfield Invs.), 401 B.R. 87, 91 (Bankr. E.D.N.Y. 2009); In re Worldcom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); Air Line Pilots Ass'n Int'l v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd subnom., Subchack v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.), 17 F.3d 600 (2d Cir. 1994). "The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'" In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citations omitted). Moreover, the Bankruptcy Court should exercise its discretion to approve a settlement "in light of the general public policy favoring settlements." In re Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

25. In the Second Circuit, this analysis is guided by six factors: (i) the balance between the litigation's possibility of success and the settlement's future benefits; (ii) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (iii) the paramount interest of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object or affirmatively support the proposed settlement; (iv) whether other parties in interest support the settlement; (v) the competency and experience of counsel supporting the settlement; and (vi) the extent to which the settlement is the product of arms-length bargaining. In re Iridium Operating LLC, 478 F.3d at 462; see also Bildirici v. Kittay (In re East 44th Realty, LLC), No. 07-CV-8799, 2008 WL 217103, at *12 (S.D.N.Y. Jan. 23, 2008) (applying Iridium factors and approving settlement as within the range of reasonableness); In re 1031 Tax Grp.,

8

LLC, 2007 WL 2455176, at *3-4 (applying Iridium factors and approving settlement as fair and equitable and in the best interest of the estates).

26. In determining whether to approve a proposed settlement, a Bankruptcy Court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted); see also In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993). "[T]he court only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment about the settlement." In re Adelphia Commc'ns Corp., 327 B.R. at 159.

27. The relevant factors set forth above support a finding that the Settlement Agreement is well within the range of reasonableness and that the compromise that is embodied in the Settlement Agreement is fair and equitable. More specifically, the Settlement Agreement should be approved because: (i) continued litigation with McLaughlin and McLaughlin P.L.L.C. would be costly and time consuming; (ii) any uncertainty regarding the causes of action raised by GMACM and the defenses that may be asserted by McLaughlin and McLaughlin P.L.L.C. would be resolved; and (iii) the Debtors would be assured of the release of the Remaining Escrow Funds and the Mechanics Lien.

28. Furthermore, the settlement is fair and reasonable, and is in the best interests of the Debtors' estates. "When determining whether a compromise is in the best interests of the estate, the Court must 'assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal.'" Key3Media Grp., Inc. v. Pulver.com, Inc. (In re Key3Media Grp., Inc.), 336 B.R. 87, 93 (Bankr.

9

D. Del. 2005), aff'd, Civ. No. 05-828, 2006 U.S. Dist. Lexis 72049 (Del. 2006) (quoting <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996) (citing <u>TMT Trailer Ferry</u>, 390 U.S. at 424-25)).  The Debtors believe that the Liquidating Trust will realize appropriate value from the Settlement Agreement and avoid the costs that would inevitably accrue if the Debtors were required to continue litigating the claims against McLaughlin and McLaughlin P.L.L.C.

29.     Accordingly, the Debtors respectfully request that the Court approve the Settlement Agreement pursuant to Bankruptcy Rule 9019.

### NOTICE

30.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

### NO PRIOR MOTION

31.     No previous motion requesting the relief sought herein has been made to this or any other Court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated:  January 8, 2014                    /s/ Norman S. Rosenbaum
                                                                Gary S. Lee
                                                                Norman S. Rosenbaum
                                                                Stacy L. Molison
                                                                MORRISON & FOERSTER LLP
                                                                1290 Avenue of the Americas
                                                                New York, New York 10104
                                                                Telephone:  (212) 468-8000
                                                                Facsimile:  (212) 468-7900

                                                                *Counsel for the Post-Effective Date Debtors and*
                                                                 *The ResCap Liquidating Trust*

ny-1123592