# **EXHIBIT 2**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Stacy L. Molison

*Counsel for the Post-Effective Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND LYNN MCLAUGHLIN-MONTERO AND LYNN MCLAUGHLIN P.L.L.C.**

I, Lauren Graham Delehey, declare as follows:

**A.    Background and Qualifications**

1.    I serve as Chief Litigation Counsel in the legal department of The ResCap Liquidating Trust (the "Liquidating Trust"), and previously served as Chief Litigation Counsel at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors").  I joined ResCap as in-house litigation counsel on August 1, 2011.

ny-1123635

2.  In my role as Chief Litigation Counsel at ResCap, I was responsible for the management of litigation for the Debtors and am now responsible for the management of litigation for the Liquidating Trust. I am generally familiar with the Debtors' litigation matters, including the Adversary Proceeding (defined below) brought by GMAC Mortgage, LLC ("GMACM") against Lynn McLaughlin-Montero ("McLaughlin") and Lynn McLaughlin P.L.L.C. ("McLaughlin P.L.L.C." and together with GMACM and McLaughlin, the "Parties"). I am authorized to submit this declaration (the "Declaration") in support of the Motion for an Order Pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement Between Debtor GMAC Mortgage, LLC and Lynn McLaughlin-Montero and Lynn McLaughlin P.L.L.C. (the "Motion").[1]

3.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Motion.

ny-1123635               2

        4.       If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

        5.       On or about May 21, 2010, GMACM obtained ownership of certain real property located at 3555 Yosemite Street, San Diego, California 92109 (the "Property").

        6.       In April 2011, GMACM and McLaughlin entered into a property listing agreement (the "Property Listing Agreement"), in which GMACM granted McLaughlin the right to list the Property for sale.  Under the Property Listing Agreement, McLaughlin, among other things, agreed to (i) use her best efforts to sell the Property and (ii) submit all purchase offers to GMACM.

        7.       On or around May 2011, McLaughlin submitted to GMACM an offer of $662,000 (the "Submitted Offer").  GMACM accepted the Submitted Offer, believing it to be the highest offer received, and, on or around May 9, 2012, the sale of the Property closed.  McLaughlin acted as the agent for both GMACM and the potential buyer, TLCD, LTD ("TLCD").

        8.       As part of the purchase, $30,901.50 in funds was placed in escrow (the "Escrow Funds").  The Escrow Funds represented the commission that McLaughlin alleged she was owed as the agent for GMACM and TLCD.  Ultimately, $19,050.00 of the Escrow Funds was returned to TLCD, leaving $11,851.50 in the escrow account (the "Remaining Escrow Funds").

        9.       Subsequent to the sale of the Property, GMACM learned of an all-cash offer in the amount of $675,000.00 (the "All-Cash Offer"), which GMACM believes was transmitted by a real estate agent associated with another firm to McLaughlin on or about May 4, 2011.  GMACM contends that McLaughlin, in breach of the Property Listing Agreement, failed

ny-1123635                 3

to submit the All-Cash Offer to GMACM because, had she done so, GMACM would have accepted such offer and McLaughlin would not have earned a dual commission as the agent to both the buyer and the seller. As a result of this alleged breach, GMACM asserts that McLaughlin is not entitled to the Remaining Escrow Funds. Consequently, the Remaining Escrow Funds are claimed by both GMACM and McLaughlin.

10. In connection with McLaughlin's claim to the Remaining Escrow Funds, McLaughlin P.L.L.C., on June 2, 2011, recorded a mechanics' lien (the "Mechanics' Lien") on the Property. The Mechanics' Lien was released after GMACM obtained and recorded a lien release bond (the "Lien Release Bond"), which, as of the date of this Declaration, remains outstanding.

11. On October 16, 2012, McLaughlin filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California (the "California Bankruptcy Court"), and, on January 3, 2013, GMACM filed an adversary proceeding against McLaughlin and McLaughlin P.L.L.C. in the California Bankruptcy Court (the "Adversary Proceeding").

12. In the Adversary Proceeding, GMACM alleged that McLaughlin breached the Property Listing Agreement and violated other contractual duties to GMACM by failing to transmit the All-Cash Offer to GMACM. GMACM further alleged that such failure resulted in harm to GMACM including, without limitation: (i) loss of the difference between the Submitted Offer and the All-Cash Offer; (ii) exposure of GMACM to claims by the prospective purchaser that submitted the All-Cash Offer; and (iii) delay in the closing of the sale, which resulted in increased carrying costs for GMACM.

13. On June 7, 2013, the California Bankruptcy Court entered an order compelling the Chapter 7 trustee to abandon all interests of the bankruptcy estate in the Escrow Funds to McLaughlin.

14. On or about October 16, 2013, the Parties entered into the Settlement Agreement regarding their rights and obligations in connection with the Remaining Escrow Funds and the Lien Release Bond.

15. Based upon my analysis of the Adversary Proceeding, the Settlement Agreement constitutes a fair and reasonable resolution. This conclusion is based upon an extensive review of the facts underlying the Adversary Proceeding and the allegations made therein. Among other factors, we, along with outside litigation counsel, assessed the strengths and weaknesses of the asserted claims and defenses in the Adversary Proceeding and determined that continued litigation with McLaughlin and McLaughlin P.L.L.C. would be costly and time consuming. To avoid the costs that would inevitably accrue if the Debtors were required to continue litigating the claims against McLaughlin and McLaughlin P.L.L.C. and recover the Escrow Funds, the Debtors determined that entry into the Settlement Agreement was in the best interest of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 8, 2014

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for
The ResCap Liquidating Trust