Darrell W. Clark, *Pro Hac Vice*  
STINSON LEONARD STREET LLP  
1775 Pennsylvania Ave., NW, Suite 800  
Washington, DC  20006  
Tel:  (202) 785-9100  
Fax: (202) 785-9163  
E-mail: darrell.clark@stinsonleonard.com  

Hearing Date: January 30, 2014 at 10:00 a.m.  
Objection Deadline: January 21, 2014 at 4:00 p.m.

*Attorneys for Verizon Business Network Services Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
: 
In re                                                                   :         Chapter 11
                                                                           :
RESIDENTIAL CAPITAL, LLC, *et al.*,[1]       :         Case No. 12-12020 (MG)
                                                                           :
                          Debtors.                          :         Jointly Administered
----------------------------------------------------------------x

### REQUEST OF VERIZON BUSINESS NETWORK SERVICES INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Verizon Business Network Services Inc., on behalf of itself and its subsidiaries, parents and affiliates ("Verizon"), by and through undersigned counsel, files this Request for Allowance and Payment of Administrative Expense Claim against Residential Capital, LLC, Case No. 12-12020 (MG).  In support of its request, Verizon states as follows:

1. On May 14, 2012, (the "Petition Date"), Residential Capital, LLC ("ResCap") and fifty direct and indirect subsidiaries (collectively, the "Debtors") commenced the above-captioned bankruptcy proceedings by filing voluntary petitions for relief under Chapter 11 of 11 U.S.C. §§ 101 -1532 (the "Bankruptcy Code").

2. Prior to the filing of the Chapter 11 proceedings, ResCap was a party to a telecommunications agreement with Verizon (together with all amendments, supplements,

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11Petitions and First Day Pleadings.

DB04/0048629.0501/9603461.1

purchase orders, riders, change orders and other documents related thereto, the "Agreement") under which Verizon delivered advanced IP, data, voice and/or wireless solutions (collectively, the "Services") to one or more of the Debtors.

3. After the Petition Date, Verizon continued to provide the Services to the Debtors.

4. In accordance with the Court's order entered on June 28, 2012 [Docket No. 538], approving, among other things, procedures for the sale of substantially all of the Debtors' assets pursuant to § 363 of the Bankruptcy Code (the "Sale Transaction"), the Debtors served a cure notice ("Cure Notice") on certain contract and lease counterparties.

5. The Cure Notice identified certain executory contracts and/or unexpired leases that the Debtors proposed to assume and assign to the purchaser(s) of all or a portion of the Debtors' assets in connection with the Sale Transaction. The Cure Notice also set forth the Debtors' proposed amount to cure all pre-petition defaults under the contracts and leases.

6. The Agreement was included in the Cure Notice, and after Verizon filed an objection to the proposed cure amount, ResCap and Verizon entered into a confidential letter agreement resolving the objection and providing for the assumption of the Agreement (the "Cure Agreement").

7. The Cure Agreement did not specifically address amounts due for Services provided under the Agreement after the Petition Date. In particular, the Cure Agreement did not address disputed post-petition balances under the Agreement.

8. Verizon is owed $393,305.75 for certain Services provided under Account No. Y2651326 pursuant to the Agreement in the post-filing period (the "Account No. Y2651326 Services"). *See* Exhibit A.[2] Although provided under the Agreement, Account No. Y2651326 is

---

[2] Copies of the invoices evidencing the balances due for the Services are withheld from this filing due to their voluminous nature and are available upon request.

listed in the name Ally Financial, Inc. ("AFI"). AFI is the non-debtor indirect parent of ResCap. AFI and ResCap shared many services both prior to and after the Petition Date.[3] A dispute has arisen between ResCap and AFI concerning their responsibilities for these post-petition balances for the Account No. Y2651326 Services.

9. Section 503 of the Bankruptcy Code states that an entity shall be allowed an administrative expense claim for the "actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. § 503(b)(1)(A). The threshold test for an administrative expense is that it made a "substantial contribution." *In re United States Lines, Inc.*, 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989). This test is satisfied when "the services rendered have substantially contributed to an actual and demonstrable benefit to the debtor's estate, its creditors, and to the extent relevant, the debtor's shareholders." *Id.*

10. Here, the Account No. Y2651326 Services were provided by Verizon under the Agreement. The Debtors were able to offer the Agreement as part of their assets sales, and ResCap ultimately wound up assuming and assigning the Agreement to one of the primary purchasers of the Debtors' assets, Ocwen Loan Servicing, LLC. The sales were instrumental in allowing the Debtors to pursue the *Second Amended Joint Chapter11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, which was confirmed on December 11, 2013 and went effective on December 17, 2013. Accordingly, pursuant to §503(b)(1)(A) of the Bankruptcy Code, Verizon is entitled to allowance of its post-petition claim in the amount of $393,305.75.

---

[3] On June 15, 2012, the Court entered a *Final Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter into a Shared Services Agreement with Ally Financial Inc Nunc Pro Tunc to the Petition Date for the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors Businesses* [Docket No. 387]. Telecommunications services were among those discussed in the *Debtors' Motion for Interim and Final Orders Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter Into a Shared Services Agreement with Ally Financial Inc. Nunc Pro Tunc to the Petition Date for the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors' Businesses* [Docket No. 41].

DB04/0048629.0501/9603461.1

11. Further, the post-petition Services must be paid in order to fully cure the Agreement under § 365 of the Bankruptcy Code.

WHEREFORE, Verizon Business Network Services Inc. respectfully requests that this Court enter an order finally allowing Verizon's administrative expense claim in the amount of $393,305.75; directing payment of the full balance to Verizon within fourteen (14) days; and granting such other and further relief as this Court deems just and equitable.

Dated: January 10, 2014

Respectfully submitted,

/s/ Darrell W. Clark
Darrell W. Clark, *Pro Hac Vice*
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., N.W.
Suite 800
Washington, D.C. 20006
Tel:  (202) 785-9100
Fax:  (202) 785-9163
E-mail:  darrell.clark@stinsonleonard.com

*Attorneys for Verizon Business Network Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2014, I served a copy of the foregoing Request of Verizon Business Network Services Inc. for Allowance and Payment of Administrative Expense Claim, Notice of Hearing and Proposed Order via first-class mail, postage prepaid on the Residential Capital Special Service List as of January 2, 2014 ("Special Service List").  I further certify that I also served a copy of the foregoing by electronic mail on all e-mail addresses included on the Special Service List, except the U.S. Trustee for the Southern District of New York, who was served via fax.

/s/ Darrell W. Clark
Darrell W. Clark