UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, *et al*. <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Jointly Administered |

**ORDER DENYING MOTION OF PAUL N. PAPAS II TO REINSTATE CLAIM NO. 242
AND AMENDED CLAIM NO. 17**

Pending before the Court is the *Motion to Reinstate Claims*, filed by Paul N. Papas II ("Papas") (the "Motion," ECF Doc. # 6040). While not styled as a motion for reconsideration, that is what this Motion effectively is and that is how the Court will treat it. Through the Motion, Papas asks the Court to reconsider its Memorandum Opinion and Order disallowing and expunging Claim No. 242 ("Claim 242") and Amended Claim 17 ("Claim 17") filed by Papas (the "Opinion," ECF Doc. # 5964). The Liquidating Trust (the "Trust") filed an Objection to the Motion (the "Objection," ECF Doc. # 6222).

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A Motion may not be used "to enable a party to complete presenting his

case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Papas fails to satisfy the standards for reconsideration. Papas has not introduced any new evidence or established that the Opinion is based upon a "clear error of law." He identifies no new controlling law that should alter the Court's analysis. In fact, Papas fails to provide any legal authority for the relief requested but instead merely restates his *Response to Objection to Claim #242 in the Record of Kurtzman Carlson [sic] Consultants, LLC (KCC LLC) of Paul N. Papas II and Demand for Contested Proceeding Under Bankruptcy Rules 3007 and 9014 Upon Proper Objection, If Any* (ECF Doc. # 5204) and other pleadings. To the extent Papas does provide new arguments, they are unsubstantiated allegations of (1) the Court's bias against Papas and (2) misconduct by the Court.

Moreover, Papas' Motion fails to satisfy the requirements of Bankruptcy Rule 9013 and Rule 9013-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York, which require that each motion "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief." As explained above, the Motion fails to provide any legal authority upon which the requested relief is predicated and the Motion is procedurally deficient.

Therefore, based on the foregoing, the Motion is **DENIED**. Furthermore, Papas' reconsideration motion is frivolous. Any future frivolous filings by Papas will result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:   January 14, 2014
         New York, New York

                                              /s/Martin Glenn
                                           MARTIN GLENN
                                    United States Bankruptcy Judge