**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY, CHIEF LITIGATION COUNSEL FOR THE RESCAP LIQUIDATING TRUST, IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOFS OF CLAIM FILED BY <u>CAREN WILSON (CLAIM NOS. 4754 AND 7181)</u>**

I, Lauren Graham Delehey, declare as follows:

**A. Background and Qualifications**

1. I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors (collectively, the "<u>Debtors</u>"). I have served as in-house litigation counsel since I joined ResCap on August 1, 2011.

2. In my role as Chief Litigation Counsel at ResCap, I was responsible for the management of litigation. In my role as Chief Litigation Counsel for the Liquidating Trust, I am providing services to the Liquidating Trust and the Borrower Trust as necessary, including in connection with the prosecution of objections to claims. I am authorized to submit this

1

declaration (the "Declaration") in support of the *The ResCap Borrower Claims Trust's Objection to Proofs of Claim Filed by Caren Wilson (Claim Nos. 4754 and 7181)* (the "Objection").[1]

3.      In my capacity as Chief Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the actions involving Ms. Wilson ("Ms. Wilson").  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.  In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

### B. Loan History and Prepetition Litigation

4.      On December 13, 2006, Ms. Wilson obtained a home mortgage loan (the "Loan") evidenced by an executed note (the "Note") in favor of Homecomings Financial, LLC

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

2

("Homecomings"),[2] which was secured by an executed deed of trust ("DOT") on property located at 211 W. Chandler Street, Culpepper, Virginia 22701 (the "Property").

     5.     The Property was subject to four prior foreclosure referrals (occurring on December 10, 2008, January 29, 2010, May 20, 2010 and October 26, 2010) before the foreclosure proceeding in which the Property was eventually sold. The first four foreclosures were vacated for different reasons, including the negotiation of a repayment plan, a foreclosure being opened in error and Ms. Wilson's bankruptcy filing. The final foreclosure referral occurred on February 11, 2012. The Property was sold to a third party at foreclosure on October 4, 2012.

     6.     On April 18, 2011, Ms. Wilson filed an emergency motion in the Culpepper County Circuit Court, Virginia, Case No. CL11000304-00 (the "First State Action") against the Defendants, seeking to cancel an impending foreclosure involving the Property. *See* Wilson Letter (defined below). Two days later, on April 20, 2011, Ms. Wilson filed a complaint in the First State Action. *See id.* On November 8, 2011, Judge John. G. Berry, assigned to preside over the First State Action, issued a letter (the "Wilson Letter") to the parties to the State Action that requested that Ms. Wilson file an amended complaint so as to comply with pleading standards. A copy of the Wilson Letter is attached hereto as Exhibit A.

     7.     On November 28, 2011, Ms. Wilson filed an Amendment and Complaint to Quiet Title (the "Amended Wilson Complaint") against the Defendants in the First State Action seeking to quiet title in connection with the Property and to rectify alleged improprieties such as fraud and deceit that supposedly occurred in connection with the origination of the Loan. The Amended Wilson Complaint is attached hereto as Exhibit B.

---

[2] The Note was endorsed from Homecomings to Debtor Residential Funding Company, LLC ("Residential Funding"), and then from Residential Funding to Deutsche Bank Trust Company America as Trustee.

3

8. During the pendency of the First State Action, on or around August 4, 2011, Ms. Wilson filed a complaint (the "Second Wilson Complaint") against the Defendants in the Culpepper County Circuit Court, Virginia, Case No. 2011-L-578 (the "Second State Action"), alleging fraud, wrongful foreclosure, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, action to quiet title and slander of title arising out of the origination of the Note and DOT (on which Ms. Wilson had defaulted leading to foreclosure proceedings and her attempt to stem the foreclosure in the First State Action). The Second Wilson Complaint is attached hereto as Exhibit C.

9. On September 15, 2011, the Second State Action was removed to the United States District Court for the Western District of Virginia (the "District Court"), Charlottesville Division Case No. 3:11-cv-00057 (the "Federal Action"). On September 16, 2011, the Defendants in the Federal Action, including Debtors Homecomings and GMACM, filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Ms. Wilson failed to file a memorandum or other pleading in opposition to the motion to dismiss. On October 26, 2011, the District Court entered a Final Order (the "Dismissal Order") dismissing the Federal Action pursuant to Federal Rule of Civil Procedure 41(b). The Dismissal Order is attached hereto as Exhibit D. Ms. Wilson did not appeal the Dismissal Order.

10. On December 16, 2011, the Debtors filed a motion to dismiss (the "Motion to Dismiss") the Amended Wilson Complaint in the First State Action on that grounds that it was barred by the doctrine of *res judicata* by virtue of the Dismissal Order.

11. On February 28, 2012, prior to any ruling on the Motion to Dismiss, the court in the First State Action nonsuited the case as a dismissal without prejudice at Ms. Wilson's request. The nonsuit order is attached hereto as Exhibit E.

4

### C. Proof of Claim

12. On November 14, 2012, Ms. Wilson filed, *pro se,* proof of claim number 4754 against ResCap[3] (the "Wilson Claim").[4] Although it is not clearly so on its face, based on a review of the documents attached to the Wilson Claim, the Debtors believe that the Wilson Claim relates to the First State Action and the Federal Action.

13. On September 23, 2013, claim number 7181 was filed on behalf of Ms. Wilson by her former counsel Wendy Alison Nora purporting to amend the Wilson Claim (the "Purported Amended Wilson Claim"). The Purported Amended Wilson Claim asserts an unsecured claim in the amount $4,150,000 and a secured claim in the amount of $350,000.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 14, 2014

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for
the ResCap Liquidating Trust

---

[3] The face of the Wilson Claim states that it is asserted against ResCap. The Wilson Claim also includes a notation to "See Exhibit A." Exhibit A is a list of all of the Debtors. There are handwritten numbers next to various Debtor entities.

[4] On June 21, 2013, the Debtors sent a Request Letter to Ms. Wilson. The Request Letter is attached hereto as Exhibit F. Ms. Wilson did not respond to the Request Letter.

5