# **Exhibit A**

# COMMONWEALTH OF VIRGINIA



Edward L. Hogshire
315 East High Street
Charlottesville, Virginia 22902
(434) 970-3760
(434) 970-3038 (fax)

Daniel R. Bouton
P.O. Box 230
Orange, Virginia 22960
(540) 672-2433
(540) 672-2189 (fax)

Sixteenth Judicial Circuit

Albemarle   Culpeper   Fluvanna   Goochland
Greene   Louisa   Madison   Orange   Charlottesville

Timothy K. Sanner
P.O. Box 799
Louisa, Virginia 23093
(540) 967-5300
(540) 967-5681 (fax)

Cheryl V. Higgins
501 E. Jefferson St., 3rd Floor
Charlottesville, Virginia 22902
(434) 972-4015
(434) 972-4071 (fax)

John G. Berry
135 West Cameron Street
Culpeper, Virginia 22701
(540) 727-3440
(540) 727-7535 (fax)

November 8, 2011

Caren J. Wilson
211 W. Chandler Street
Culpeper, Virginia 22701

William W. Tunner, Esquire
Thompson McMullan, PC
100 Shockoe Slip
Richmond, Virginia 23219-4140

RE: <u>Wilson v. GMAC Mortgage LLC, et al.</u>
Culpeper County Circuit Court Case No. 2011-L-304

Dear Ms. Wilson and Mr. Tunner:

On April 18, 2011, Caren J. Wilson, the Plaintiff, filed a "Verified Emergency Motion…" seeking to cancel an impending foreclosure involving property she then owned located at 211 West Chandler Street, Culpeper, Virginia 22701 and sought an immediate hearing on her motion. Based on what it could glean from the factual allegations contained in the motion, the court scheduled a hearing at 9:30 a.m. on April 19, 2011, and the Plaintiff sent, or attempted to send, notice of the same to Samuel White, PC, the original Trustee under the deed of trust securing the loan in default, and GMAC Mortgage LLC. At the hearing that occurred on the morning of the impending foreclosure, the court heard sworn testimony from the Plaintiff and granted a temporary injunction. The Plaintiff posted bond with surety later on April 19th. The temporary injunction was not served on the Defendants in advance of the foreclosure, which went ahead as scheduled.

Consistent with the terms of the Temporary Injunction, the court held a hearing on April 26, 2011. Though no written pleading or notice of appearance was filed, Mr. Tunner appeared for the Defendants or their successors. The Plaintiff testified and submitted certain exhibits into evidence. Mr. Tunner proffered that he (or his client) was in possession of the original note secured by the deed of trust under which the foreclosure had occurred; that the noteholder had no actual or other notice of the entry of the Temporary Injunction prior to the

Ms. Caren J. Wilson
William W. Tunner, Esquire
November 8, 2011
page two

foreclosure sale occurring; that the noteholder had "bid in" the property at the foreclosure sale; that the foreclosure proceeding was being rescinded; that the noteholder did not intend to record a deed of foreclosure or otherwise transfer ownership of the property as a consequence of the foreclosure; and that the injunction should not be extended.

At the conclusion of the hearing, the court declined to extend the injunction, and it took the matter under advisement to review the Plaintiff's pleadings and the other material in the record to determine whether the pleadings as filed sought any other relief. The court urged Ms. Wilson to seek the advice of counsel and to consider filing a motion seeking leave to amend her pleadings if she intended to further pursue a cause of action relying on the papers filed in this case.

Without any leave of court, on April 20, 2011 (prior to the hearing on whether to extend the Temporary Injunction), the Plaintiff filed her "Complaint and Motion to Sequester Evidence," then on May 13, 2011 she filed a Memorandum. Finally, on July 18, 2011, she filed other papers labeled "Mortgage Forensic Securitization Analysis Report."

Rule 1:4 contains certain requirements governing the filing of any pleading. An unrepresented party who files a pleading, for instance, must sign it and state his address on the face of the pleading. Further, Rule 1:4(d) provides that "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Further, as the Rule goes on to point out, "... a simple statement, in numbered paragraphs, of the essential facts is sufficient." Rule 1:4(j). Additionally, Rule 3:2 addresses the filing of civil actions and indicates that the specific relief sought by a party filing a complaint, or the equivalent of a complaint, should be stated therein.

In consideration of the prayer for relief in the Plaintiff's Verified Motion and the proffer of Mr. Tunner concerning the circumstances and outcome of the foreclosure, it appears that the case, as it is currently pled, is moot, yet Ms. Wilson apparently continues to seek the court's intervention.[1] Accordingly, in an effort to allow Ms. Wilson to properly frame her allegations so the court and the Defendants can understand what she seeks to accomplish in this litigation, the court directs the following: Ms. Wilson shall have twenty-one (21) days from this date to file an amended complaint in the case complying with the Rules of the Virginia Supreme Court, including those specifically mentioned above, with a duplicate copy of the amended complaint to be mailed to Mr. Tunner at the time of filing with the Clerk. A certificate is to be included at the foot of the amended complaint confirming the mailing to defense counsel. Ms. Wilson shall

---

[1] Ms. Wilson's complaint does include, in her prayer for relief, a request that the court "deny any motion or petition for eviction on the grounds of fraud upon the court," however there is no motion before the court requesting eviction of Ms. Wilson from the property.

Ms. Caren J. Wilson
William W. Tunner, Esquire
page three
November 8, 2011

file no other papers with the Clerk of this court in this case in advance of filing an amended complaint complying with the Rules of the Virginia Supreme Court. In the event that Ms. Wilson chooses to file no amended pleading in response to this order, the court will dismiss the action.

    Since Mr. Tunney did not clearly indicate otherwise and has not filed any written notice of appearance or other pleading in the case, the court finds that he has noted his appearance on behalf of all named Defendants.

    An order implementing this decision will be entered, a copy of which will be provided to counsel and Ms. Wilson.

Sincerely yours,

John G. Berry
Judge

JGB/m