MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:　(212) 468-8000
Facsimile:　(212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO MOTION FOR RECONSIDERATION OF THE MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 1984 FILED BY KATHERINE PARKER-LOWE AND PROOF OF CLAIM NO. 1991 FILED BY REX T. GILBERT, JR. AND DANIELA GILBERT**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

　　The ResCap Borrower Claims Trust (the "Trust"), as successor-in-interest to the above-captioned debtors established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan") in the above-captioned cases, hereby files this objection (the "Objection") to the *Motion for Reconsideration of the Memorandum Opinion and Order Sustaining in Part and Overruling in Part Debtors' Objection to Proof of Claim No. 1984 Filed by Katherine Parker-Lowe and Proof of Claim No. 1991 Filed by Rex T. Gilbert, Jr. and*

1

ny-1120706

*Daniela Gilbert* [Docket No. 5983] (the "Reconsideration Motion").[1] In support of the Objection, the Trust, by and through its undersigned counsel, respectfully represents as follows:

## BACKGROUND

**A.    General Background**

1.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

3.    On December 11, 2013, the Court entered an order confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Plan") [Docket No. 6065].

4.    On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred and the Plan was substantially consummated. The Plan provides for the establishment of the Trust to, among other things, administer, reconcile and provide a distribution to holders of Allowed Borrower Claims (as defined in the Plan). *See* Plan, Art. IV.F.

**B.    The Reconsideration Motion and Procedural History**

5.    On October 30, 2012, Rex T. Gilbert, Jr. and Daniela Gilbert (the "Gilberts") filed proof of claim no. 1991 against the Debtors in the amount of $5,948,900 ("Claim No. 1991"). Also on October 30, 2012, Katherine Parker-Lowe ("Parker-Lowe" and together with the Gilberts, the "Claimants"), the Gilberts' attorney, filed proof of claim no. 1984 in the amount of $83,181.11 ("Claim No. 1984" and together with Claim No. 1991, the "Claims").

---

[1] Claimants also filed eight exhibits in support of the Reconsideration Motion [Docket Nos. 5984 and 5985].

6. On August 20, 2013, the Debtors filed the *Debtors' Objection to Proofs of Claim Filed by Rex and Daniela Gilbert and Katherine Parker-Lowe* [Docket No. 4767] (the "Claims Objection").

7. On September 10, 2013, the Claimants filed a response to the Claims Objection [Docket No. 5004] (the "Claimants' Response").

8. On September 20, 2013, the Debtors filed a reply to the Claimants' Response [Docket No. 5129] (the "Debtors' Reply").

9. On September 24, 2013, the Court held a hearing on the Claims Objection.

10. On November 12, 2013, the Court issued the *Memorandum Opinion and Order Sustaining in Part and Overruling in Part Debtors' Objection to Proof of Claim No. 1984 Filed by Katherine Parker-Lowe and Proof of Claim No. 1991 Filed by Rex and Daniela Gilbert* (the "Opinion"). *In re Residential Capital, LLC*, No. 12-12020 (MG), 2013 WL 5977504 (Bankr. S.D.N.Y. Nov. 12, 2013) [Docket No. 5660].

11. On December 2, 2013, twenty days after the Court issued the Opinion, the Claimants filed the Reconsideration Motion.

## ARGUMENT

**A.    Claimants' Request for Reconsideration of the Opinion Should Be Denied**

12. This Court should deny the Reconsideration Motion because the Claimants have not satisfied any applicable standard for reconsideration of the Opinion.

**a.    Standard of Review**

13. Three possible avenues for reconsideration are available in the context of these cases; however, the Claimants fail to specify any legal predicate for the Reconsideration Motion. *First*, under Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a claimant may move for "reconsideration of an order allowing or disallowing a claim against the

3

ny-1120706

estate." Similarly, under Bankruptcy Code section 502(j) "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Reconsideration of a claim is within the discretion of the Court. *See In re Best Payphones, Inc.*, 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y. July 3, 2008); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). *Second*, under Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"), a party may move for amendment of a judgment. *Lastly*, under Bankruptcy Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), a party may move for relief from a judgment or order on various equitable grounds.

14. Courts in this district hold that if a motion to reconsider an order disallowing a claim is filed within fourteen days after entry of the order, it is analogous to a motion under Bankruptcy Rule 9023 and should be governed by the same principles as a motion under Rule 59; however, if filed later, then it should be considered as if it were a motion under Rule 60. *See In re Terrestar Networks, Inc.*, No. 10-15446 (SHL), 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (applying a Rule 60 standard of review to a motion for reconsideration because the claimant filed his motion six months after the court entered the order expunging the claims and noting that the six month time period precluded application of a Rule 59 standard); *see also In re Enron Corp.*, 352 B.R. 363 (Bankr. S.D.N.Y. 2006) (treating a motion for reconsideration, filed outside the Rule 59 statutory period, as a motion for relief from judgment under Rule 9024).

15. Claimants filed the Reconsideration Motion twenty days after the Court issued the Opinion. Therefore, in considering the Reconsideration Motion, the Court should apply a Rule 60 standard.

### b. The Reconsideration Motion Fails to Meet the Rule 60 Requirements

16. Bankruptcy Rule 9024 incorporates Rule 60, which sets forth the grounds for relief from a final judgment, order, or proceeding. Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

   1) mistake, inadvertence, surprise, or excusable neglect;

   2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   4) the judgment is void;

   5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

17. Claimants fail to demonstrate that they should be relieved from the Opinion pursuant to Bankruptcy Rule 9024. "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Whether to grant a motion for relief under Rule 60 is within the discretion of the Court. *Terrestar Networks*, No. 10-15446 (SHL), 2013 WL 781613, at *3.

18. Rule 60 may not be used to re-litigate matters settled by the Opinion, *see id*; yet the Claimants devote the majority of the Reconsideration Motion to simply reiterating arguments previously rejected by the Court in the Opinion. For example, the Claimants repeatedly re-allege GMACM's supposed status as "assignee and functional holder of the obligation."

5

ny-1120706

Reconsideration Motion ¶¶ 13, 14, 15. As noted in the Opinion, however, the "Claimants offer no legal support for their 'functional holder' theory." Opinion at 10. Another example involves the Claimants' repeated allegations regarding their attempted wrongful foreclosure claim. Reconsideration Motion ¶¶ 39-48. As stated in the Opinion, no authority has been provided for "a claim for 'attempted' wrongful foreclosure." Opinion at 11.

19. Furthermore, nothing in the Reconsideration Motion or the supporting declarations of Katherine Parker-Lowe or Keith Parker-Lowe justifies reconsideration under the standard set forth in Rule 60. Notably absent from the Reconsideration Motion are any arguments that the Court should reconsider the Opinion because of mistake, inadvertence, surprise, or excusable neglect. Neither the Reconsideration Motion nor the supporting declarations provide any newly discovered evidence that could not have been discovered earlier. Moreover, the Claimants do not allege fraud or misconduct on the part of the Debtors or that the judgment is void or satisfied. In sum, the Claimants fail to even allege, much less establish, that the standard for reconsideration has been met.

20. Therefore, the Debtors respectfully submit that for the aforementioned reasons, the Reconsideration Motion should be denied.

**c. The Reconsideration Motion Fails to Meet the Rule 59 Standard**

21. Even if the Court were to apply a Rule 59 standard, the Reconsideration Motion fails on the merits. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, No. 07-13481 (MG), 2008 WL 110907, at *4 (Bankr. S.D.N.Y. Jan. 4, 2008) (rejecting a motion for reconsideration that "simply present[ed] the same arguments again" and noting that "[a]s a

6

second effort to persuade the Court to change its mind, the Motion for Reconsideration must fail") (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

22.  *First*, the Reconsideration Motion should be denied because the Claimants do not identify an "intervening change of controlling law" that merits reconsideration. Rather than identifying any new law in their favor, the Claimants merely try to distinguish the cases cited by the Court in the Opinion. Reconsideration Motion ¶ 17.

23.  *Second*, the Claimants have not set forth any new evidence or facts that would justify granting the Reconsideration Motion.

24.  *Third*, and finally, the Claimants have failed to identify any clear error by the Court or manifest injustice requiring reconsideration.

25.  Because the Reconsideration Motion fails to identify any change in the law in their favor, fails to adduce any new evidence in their favor, and fails to point to any clear error by this Court that would require this Court to change its previous ruling, the Reconsideration Motion should be denied.

**B.    Movant Fails to Adequately State Grounds Upon Which Relief Could Be Granted**

26.  The Reconsideration Motion also fails to satisfy the requirements of the Bankruptcy Rule 9013 and Rule 9013-1 of the Local Rules for the Bankruptcy Court for the

Southern District of New York, which require that each motion "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief." *See* Bankr. S.D.N.Y.R. 9013-1(a). As previously noted, the Reconsideration Motion both fails to adequately state the relief sought or grounds upon which relief could be granted as well as the law upon which the requested relief is predicated.

27. Because the Reconsideration Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Reconsideration Motion should be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny the Reconsideration Motion, and grant such other relief as is just and proper.

Dated: January 15, 2014
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Borrower Claims Trust*