# **Exhibit 2**

**Horst Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Erica J. Richards

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**DECLARATION OF DEANNA HORST IN SUPPORT OF MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND BAY-VALLEY MORTGAGE GROUP**

I, Deanna Horst, declare as follows:

**A.     Background and Qualifications**

1.     I am the Chief Claims Officer for The ResCap Liquidating Trust (the "Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[1] I was formerly employed by affiliates of

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1104781

ResCap beginning in August of 2001.  In June 2012, I became Senior Director of Claims Management for ResCap and became Chief Claims Officer of ResCap in October of 2013.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.

    2. I am authorized to submit this declaration (the "Declaration") in support of the *Motion of the ResCap Liquidating Trust for an Order Pursuant to Bankruptcy Code Section 105(a) Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC And Bay-Valley Mortgage Group* (the "Motion").[2]

    3. In my capacity as Chief Claims Officer, I am familiar with the Debtors' loan repurchase recovery practices, including the Settlement Agreement and circumstances giving rise to it.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' files, books and records, as well as other relevant documents; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' operations, financial condition and history.  In making these statements based on my review of the Debtors'

---

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1104781  2

files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**B.    The Client Contracts and the Repurchase Demands**

4.     EZ Funding Corporation ("EZ Funding") and GMACM were parties to two agreements dated June 14, 2005 and April 28, 2006 (together, the "Assigned Client Contracts" and, collectively with the Bay-Valley Client Contract, the "Client Contracts") pursuant to which GMACM acquired certain residential mortgage loans from EZ Funding as part of GMACM's correspondent mortgage loan business.

5.     On October 7, 2008 Bay-Valley entered into an Assignment and Assumption Agreement with EZ Funding, pursuant to which EZ Funding assigned its business operations to Bay-Valley. Bay-Valley agreed to assume all of EZ Funding's ongoing business commitments, including representations and warranties in the Assigned Client Contracts. The Assignment and Assumption Agreement was acknowledged by GMACM.

6.     On or about August 20, 2008, GMACM and Bay-Valley separately entered into the Bay-Valley Client Contract, pursuant to which GMACM acquired certain residential mortgage loans from Bay-Valley (collectively with loans acquired pursuant to the Assigned Client Contracts, the "Loans") as part of its correspondent mortgage loan business. GMACM subsequently sold the Loans to various third party purchasers (the "Third Party Purchasers").

7.     Following the sale of the Loans to the Third Party Purchasers, the Third Party Purchasers submitted repurchase demands to GMACM on account of certain of the Loans

ny-1104781                                            3

(the "Repurchased Loans").  After conducting its own thorough analysis of the basis for the repurchase demands submitted by the Third Party Purchasers, in accordance with the terms of the Client Contracts, GMACM in turn demanded that Bay-Valley honor its Repurchase Obligations under the Client Contracts with respect to certain of the Loans (the "Repurchase Demands") in the aggregate amount of $1,988,892.84, asserting that Bay-Valley and/or EZ Funding (as predecessor in interest to Bay-Valley) negligently misrepresented information in the mortgage loan application packages relating to the Repurchased Loans in violation of Bay-Valley's representations, warranties and covenants under the Client Contracts.

8. Bay-Valley disputed the Repurchase Demands, and the Parties ultimately entered into a settlement agreement dated October 22, 2010 (the "Prior Settlement Agreement"). A copy of the Prior Settlement Agreement is attached to the Settlement Agreement as Exhibit 1. Under the Prior Settlement Agreement, Bay-Valley was required to pay GMACM $1,072,842.00 (the "Prior Settlement Amount") in exchange for a release of any claims of GMACM related to the Repurchased Loans.

9. Bay-Valley breached the Prior Settlement Agreement by only paying $260,000.00 of the Prior Settlement Amount, leaving a balance of $812,842.00 (the "Unpaid Prior Settlement Amount") owing under the Prior Settlement Agreement.

10. On April 1, 2013, GMACM filed a complaint (the "Complaint") against Bay-Valley in the United States District Court for the District of Minnesota, Case No. 13-CV-751-ADM-JJK (the "Minnesota Action"), related to Bay-Valley's failure to satisfy the Unpaid Prior Settlement Amount.  A copy of the Complaint is attached hereto as **Exhibit A**.

ny-1104781                                     4

C.   **The Settlement Agreement**

11.   Following arms' length and good faith settlement discussions after the Minnesota Action was commenced, the Parties entered into the Settlement Agreement on August 13, 2013.

12.   Based upon my analysis of the circumstances surrounding GMACM's Repurchase Demands and the claims asserted in the Complaint, the Settlement Agreement constitutes a fair and reasonable resolution.  This conclusion is based upon a review and analysis of the basis for the Repurchase Demands and claims asserted in the Complaint, as well as potential defenses that might be asserted by, and difficulties in collecting any judgment from, Bay-Valley.  Among other factors, we, along with outside litigation counsel, assessed the strengths and weaknesses of claims that GMACM could bring against Bay-Valley with respect to the claims asserted in the Complaint.  The Debtors also took into account Bay-Valley's execution of the Confession of Judgment Statement.  The Debtors determined that GMACM's ability to collect on any judgment obtained in the Minnesota Action entails inherent uncertainty and delays, which risks are efficiently mitigated by the Settlement.

13.   The Debtors also determined that the scope of the release under the Settlement, which provides for a mutual release of all claims by each of the Parties and their various affiliates and representatives related to the Repurchased Loans and Unpaid Prior Settlement Amount, including the claims asserted by GMAMC in the Complaint, is appropriately limited and reasonable under the circumstances.

14.   To ensure that the Debtors maximize repayment of the Unpaid Prior Settlement Amount, and to avoid the costs that would inevitably accrue if the Debtors were required to fully litigate the Complaint against Bay-Valley, the Debtors and the Liquidating Trust

ny-1104781                             5

determined that entry into the Settlement Agreement was in the best interest of the Debtors, the Liquidating Trust, and the beneficiaries of the Liquidating Trust.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 15, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for
   The ResCap Liquidating Trust

Horst Declaration    Pg 8 of 14

## Exhibit A

**Complaint**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Bay-Valley Mortgage Group, a California Corporation, | |
| Defendant. | |

Plaintiff, as and for its Complaint against the above-named Defendant, states and alleges as follows:

**Parties**

1.  Plaintiff GMAC Mortgage, LLC ("GMAC") is a Delaware limited liability company. GMAC primarily operates its business in Pennsylvania and Minnesota.

2.  Upon information and belief, Defendant Bay-Valley Mortgage Group ("Bay-Valley") is a California corporation with its principal place of business located at 22320 Foothill Boulevard, #260, Hayward, California 94541.

**Venue and Jurisdiction**

3.  This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. GMAC Mortgage, LLC, a Delaware limited liability company, is a wholly owned subsidiary of GMAC Residential Holding Company, LLC, a Delaware limited liability company. GMAC Residential Holding Company, LLC is a wholly owned subsidiary of Residential Capital, LLC, a Delaware limited liability company.

454028.1

Residential Capital, LLC is a wholly owned subsidiary of GMAC Mortgage Group LLC, a Delaware limited liability company. GMAC Mortgage Group LLC is a wholly owned subsidiary of Ally Financial, Inc., a Delaware corporation. Ally Financial, Inc.'s principal place of business is in Michigan.

4. Defendant Bay-Valley is a California corporation with its primary place of business in a state other than Minnesota, Michigan or Delaware. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a).

5. This Court is also the proper venue because Bay-Valley expressly consented to have its disputes with GMAC heard in any state or federal court located in Hennepin County, Minnesota as part of its contractual relationship with GMAC.

6. The venue in this Court is also proper pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or admissions giving rise to the claims occurred in Minnesota.

7. Per the terms of Paragraph 8 of the October 22, 2010 Settlement Agreement signed by and between GMAC and Bay-Valley (the "Settlement Agreement"), the parties agree Minnesota law applies to this dispute. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A and incorporated herein by reference.

**Background**

8. GMAC is engaged, among other things, in the business of purchasing residential mortgage loans.

454028.1                                2

9. Bay-Valley is engaged, among other things, in the business of originating, processing, underwriting, closing and selling residential mortgage loans.

10. On October 7, 2008 Bay-Valley entered into an Assignment and Assumption Agreement with EZ Funding Corporation ("EZ Funding"). Per the Assignment and Assumption Agreement, EZ Funding was the assignor and Bay-Valley was the assignee.

11. EZ Funding agreed to essentially assign its business operations to Bay-Valley. Bay-Valley agreed to assume all of EZ Funding's ongoing business commitments, including representations and warranties in contracts EZ Funding had signed with GMAC. Specifically, EZ Funding had entered into previous contract with GMAC, including a June 14, 2005 contract and an April 28, 2006 contract. The Assignment and Assumption Agreement was acknowledged by GMAC.

12. On August 20, 2008, Bay-Valley entered into a separate Client Contract with GMAC (the "Contract"). The Contract set forth the terms and conditions for sales to GMAC of residential mortgage loans originated by Bay-Valley.

13. The Contract incorporated the terms and conditions of GMAC's Client Guide. The terms and conditions of GMAC's Client Guide applied to the sale of loans from Bay-Valley to GMAC.

14. After Bay-Valley refused to repurchase or make GMAC whole for losses on several different residential mortgage loans ("Repurchase Claim"), GMAC and Bay-Valley entered into a Settlement Agreement on October 22, 2010.

454028.1                                3

15. In settlement of GMAC's Repurchase Claim, Bay-Valley agreed to pay GMAC $1,072,842.00 (the "Settlement Amount"). Bay-Valley agreed to pay the Settlement Amount in forty equal monthly payments of $26,000.00, with a final payment due of $32,842.00. Payments were scheduled to begin in November 2010 and to end in March of 2014.

16. After executing the Settlement Agreement, Bay-Valley made the first ten monthly payments of $26,000.00 and then stopped paying GMAC. Thus, pursuant to the Settlement Agreement, Bay-Valley only paid $260,000.00 of the Settlement Amount due to GMAC. Consequently, Bay-Valley still owes GMAC $812,842.00 of the Settlement Amount pursuant to the terms of the Settlement Agreement.

17. Pursuant to the terms of the Settlement Agreement, Bay-Valley agreed to reimburse GMAC for all reasonable attorneys' fees and costs incurred in connection with the enforcement of the Settlement Agreement, provided GMAC is the prevailing party in any dispute regarding the Settlement Agreement.

18. As of April, 2013, Bay-Valley is in default of the Settlement Agreement in an amount of $812,842.00, plus accrued interest, attorneys' fees, and other costs.

## COUNT I
## BREACH OF CONTRACT

19. GMAC realleges each and every allegation contained in preceding paragraphs and incorporates the same herein.

20. GMAC and Bay-Valley entered into the Settlement Agreement.

21. Bay-Valley breached the Settlement Agreement by failing to pay the entire Settlement Amount to GMAC.

454028.1  4

22. Bay-Valley's breach of the Settlement Agreement is the actual and proximate cause of GMAC's damages.

23. As a result of Bay-Valley's breach of the Settlement Agreement, GMAC has been damaged in an amount of $812,842.00, plus accrued interest, attorneys' fees, and other costs, the exact amount to be proven at trial.

## COUNT II
## ATTORNEYS' FEES

24. GMAC realleges each and every allegation contained in preceding paragraphs and incorporates the same herein.

25. As a direct result of Bay-Valley's failure to faithfully perform under and satisfy the terms of the Settlement Agreement, GMAC has been forced to incur expenses, including but not limited to attorneys' fees and court costs.

26. Paragraph 4 of the Settlement Agreement provides that GMAC is entitled to its expenses, including its attorneys' fees and costs incurred in connection with the enforcement of the Settlement Agreement if GMAC is the prevailing Party.

## COUNT III
## INDEMNITY

27. GMAC realleges each and every allegation contained in preceding paragraphs and incorporates the same herein.

28. Under the indemnity provision of the Contract and specifically the Client Guide, Bay-Valley is liable to GMAC for GMAC's attorneys' fees, costs and disbursements incurred in this action.

454028.1                                    5

**WHEREFORE**, GMAC demands judgment against Bay-Valley as follows:

1. Judgment against Bay-Valley in an amount not less than $812,842.00, plus interest;

2. Judgment against Bay-Valley for GMAC's attorneys' fees and costs incurred by GMAC related to Bay-Valley's breach of the Settlement Agreement;

3. Judgment against Bay-Valley for GMAC's attorneys' fees, costs and disbursements payable to GMAC by Bay-Valley as provided by the Contract;

4. Judgment awarding GMAC interest from and through the date of the judgment; and

5. For such other and further relief as the Court may deem just and equitable.

Dated: April 1, 2013.   FELHABER, LARSON, FENLON & VOGT, P.A.

By: s/Donald G. Heeman
   Donald G. Heeman, #286023
   Randi J. Winter, #0391354
   220 South Sixth Street, Suite 2200
   Minneapolis, MN 55402-4504
   (612) 339-6321
   ATTORNEYS FOR PLAINTIFF GMAC
   MORTGAGE, LLC

454028.1