# Exhibit 3

## Settlement Agreement

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GMAC Mortgage, LLC, a Delaware Limited Liability Company, | Court File No. 13-CV-751-ADM-JJK |
| Plaintiff, | |
| v. | **SETTLEMENT AGREEMENT AND RELEASE** |
| Bay-Valley Mortgage Group, a California Corporation, | |
| Defendant. | |

---

This Settlement Agreement (the "Agreement") is made by and is between Plaintiff GMAC Mortgage, LLC ("GMAC") and Defendant Bay-Valley Mortgage Group ("Bay-Valley"). GMAC and Bay-Valley collectively are the "Parties."

## RECITALS

WHEREAS, GMAC purchased from Bay-Valley, pursuant to the terms and conditions of that certain Client Contract, dated August 20, 2008 (hereafter referred to as the "Client Contract"), a large number of residential mortgage loans;

WHEREAS, GMAC made written demands for Bay-Valley to repurchase or make GMAC whole for residential mortgage loans that GMAC purchased from Bay-Valley;

WHEREAS, after Bay-Valley refused to make GMAC whole for losses on the residential mortgage loans pursuant to the terms and conditions of the Client Contract, GMAC and Bay-Valley entered into a Settlement Agreement on October 22, 2010 (hereafter referred to as the "Prior Settlement Agreement");

WHEREAS, the Prior Settlement Agreement is attached, referenced and incorporated into this Agreement as Exhibit 1;

517638.1

WHEREAS, the eleven residential mortgage loans that were included in the Prior Settlement Agreement are specifically identified in Exhibit A to the Prior Settlement Agreement ("Subject Loans");

WHEREAS, the Prior Settlement Agreement required Bay-Valley to pay GMAC One Million Seventy-Two Thousand Eight Hundred Forty-Two Dollars ($1,072,842.00) (hereafter referred to as the "Prior Settlement Amount") to settle all claims related to the Subject Loans;

WHEREAS, Bay-Valley breached the Prior Settlement Agreement by only paying Two Hundred Sixty Thousand Dollars ($260,000.00) of the Prior Settlement Amount, leaving Eight Hundred Twelve Thousand Eight Hundred Forty-Two Dollars ($812,842.00) (hereafter referred to as the "Unpaid Prior Settlement Amount") owing under the Prior Settlement Agreement;

WHEREAS, GMAC brought the above-captioned lawsuit against Bay-Valley related to Bay-Valley's failure to satisfy the Unpaid Prior Settlement Amount owed under the Prior Settlement Agreement;

WHEREAS, the Parties wish to settle all claims between them relating to the Subject Loans in the Prior Settlement Agreement and the Unpaid Prior Settlement Amount;

NOW, THEREFORE, in consideration of the promises set forth herein in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, GMAC and Bay-Valley hereby agree as follows:

1. **Parties.** The named parties shall be defined as follows:

"GMAC" includes GMAC Mortgage, LLC, all its divisions, parent companies, subsidiaries, and successors, and all affiliated organizations, companies, foundations, and other corporations, as well as past and present employees, agents, officials, officers, directors, board members, representatives, insurers and attorneys, both individually and in their representative capacities.

517638.1                                    2

"Bay-Valley" includes Bay-Valley Mortgage Group, all its divisions, parent companies, subsidiaries, predecessors and successors, and all affiliated organizations, companies, foundations, and other corporations, as well as past and present employees, agents, officials, officers, directors, board members, representatives, insurers and attorneys, both individually and in their representative capacities.

2.  **Subject Loans.** The Subject Loans are identified in Exhibit A to the October 22, 2010 Prior Settlement Agreement (attached as Exhibit 1).

3.  **Consideration.** In consideration of the representations, agreements, and promises set forth in this Agreement, the Parties agree to the terms set forth herein.

   a.  In settlement of GMAC's claims detailed in its April 1, 2013 Complaint, and in consideration of GMAC releasing its claims against Bay-Valley related to the Unpaid Prior Settlement Amount and Subject Loans, Bay-Valley will pay GMAC ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (hereafter referred to as the "Settlement Amount"). Bay-Valley agrees to make payments to satisfy the Settlement Amount as follows:

   1.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ within three business days after the Parties execute this Settlement Agreement (hereafter referred to as the "Down Payment");

   2.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before September 15, 2013;

   3.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before October 15, 2013;

   4.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before November 15, 2013;

   5.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before December 15, 2013;

   6.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before January 15, 2014;

   7.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before February 15, 2014;

8. ████████████████████████ on or before March 15, 2014;

9. ████████████████████████ on or before April 15, 2014;

10. ████████████████████████ on or before May 15, 2014;

11. ████████████████████████ on or before June 15, 2014;

12. ████████████████████████ on or before July 15, 2014; and

13. ████████████████████████ on or before August 15, 2014

(hereafter referred to as the "Settlement Payments").

All Settlement Payments by Bay-Valley are due on or before the specific dates listed above (hereafter referred to as the "Payment Due Date"). In the event a timely Settlement Payment is not made by the Payment Due Date, GMAC shall give written notice by email to Bay-Valley's counsel (bmohandesi@yumollp.com) and Bay-Valley shall have two business days from the written notice to cure and submit payment. Any Settlement Payment not made by the Payment Due Date and not cured within two business days following written notice to Bay-Valley's counsel will be considered a Default under this Agreement. Bay-Valley shall make all Settlement Payments in accordance with the instructions in paragraph 23 of this Agreement. The Down Payment and any Settlement Payments will be returned to Bay-Valley should this Agreement not be approved pursuant to paragraph 24 of this Agreement.

    b.    As further consideration for settlement of GMAC's claims detailed in its April 1, 2013 Complaint, and in consideration of GMAC releasing its claims related to said Complaint, Bay-Valley will sign and notarize a Confession of Judgment Statement (Confession of Judgment attached hereto as Exhibit 2) to GMAC for the total sum of Eight Hundred Twelve Thousand Eight Hundred Forty-Two Dollars ($812,842.00) (hereafter referred to as the "Confessed Judgment Amount"). Bay-Valley will sign the Confession of Judgment

517638.1                                    4

simultaneous with this Agreement. Counsel for Bay-Valley will also provide a signed certificate consistent with the requirements of the California Code of Civil Procedure, Section 1132(b). At its option, GMAC will file the Confession of Judgment in any Court of any jurisdiction at any time after any Default (as described in paragraph 3(a) above) by Bay-Valley for either the Confessed Judgment Amount (if no Settlement Amount payment is ever made by Bay-Valley), or for the difference between the Confessed Judgment Amount and the total Settlement Amount payments made by Bay-Valley to GMAC prior to the Default. All payments by Bay-Valley to GMAC made on or before the Default shall be credited against the Confessed Judgment Amount as paid. Once Bay-Valley makes the final Settlement Payment of $▮▮▮▮ on or before July 1, 2014, GMAC will return the Confession of Judgment to counsel for Bay-Valley, and the Confession of Judgment Amount will be fully satisfied.

4.   **Release of Claims/Dismissal with Prejudice.**

  a.   Bay-Valley for itself, its present and past representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents and attorneys does hereby release and discharge GMAC, and any entity affiliated with GMAC, and its representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents and attorneys from any and all claims, demands, torts, damages, obligations, liabilities, costs, expenses, rights of action, or causes of action strictly related to the Unpaid Prior Settlement Amount and Subject Loans as detailed in GMAC's April 1, 2013 Complaint.

  b.   Upon GMAC's receipt of the executed Settlement Agreement, Confession of Judgment and Down Payment, GMAC for itself, its present and past representatives, heirs, executors, administrators, trustees, successors, assigns, family, partners, employees, agents and attorneys does hereby release and discharge Bay-Valley, and any entity affiliated with Bay-Valley, and its representatives, heirs, executors, administrators, successors, assigns, family,

517638.1                               5

partners, employees, agents and attorneys from any and all claims, demands, torts, damages, obligations, liabilities, costs, expenses, rights of action, or causes of action strictly related to the Unpaid Prior Settlement Amount and Subject Loans as detailed in GMAC's April 1, 2013 Complaint.

5. **Non-Admission of Liability.** This Agreement shall not be constructed as an admission of responsibility, liability or fault whatsoever by any Party. The Parties deny any such responsibility, and deny engaging in any improper, illegal, or wrongful conduct toward one another.

6. **Representations and Warranties.** Each Party does hereby represent and warrant to the other Party that this Agreement is a valid and binding obligation of each Party enforceable in accordance with its terms.

7. **Enforcement Expenses of Prevailing Party.** Each Party agrees that in the event of any dispute regarding this Agreement, the losing Party will be liable to reimburse, on demand, the prevailing Party for any and all expenses and costs, including, without limitation, the fees and expenses of the prevailing Party's counsel and of any other counsel, experts, consultants or agents that the prevailing Party may incur after the date hereof in connection with the enforcement of this Agreement.

8. **Confidentiality.** All terms of this Agreement are and shall remain confidential and shall not be disclosed to persons other than to a Party's attorneys, accountants, insurers or other professionals, or in conjunction with a due diligence investigation of either Party's business, except: a) to the extent that a Party is obligated to make disclosure as a result of legal process (including GMAC's existing Chapter 11 bankruptcy proceeding, which is specifically acknowledged by Bay-Valley) or to perform other legal duty; or b) except as agreed by each Party in separate writing.

9. **Further Assurances.** Each Party agrees to execute all such further documents as shall be reasonably necessary or helpful to carry out the provisions of this Agreement.

10. **No Prior Assignment of Claims.** Each Party represents and warrants that said Party has not previously assigned or transferred any claim, demand, liability or cause of action that is the subject of this Agreement.

11. **Amendments and Waiver.** No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by the Parties. No waiver of any provision of this Agreement, and no consent to any departure by either Party, shall be effective unless it is in writing and signed by the Parties, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

12. **Construction.** This Agreement constitutes a negotiated document. In case of any alleged ambiguity in any term of this Agreement, such term shall not be constructed in favor of or against either Party by reason of the participation of such Party or its attorneys in the negotiation or drafting of this Agreement.

13. **Applicable Law.** This Agreement shall be subject to and construed and enforced in accordance with the internal laws of the State of Minnesota without giving effect to any conflict of laws principles. With respect to any future disputes regarding this Agreement, the Parties also otherwise consent to the jurisdiction and/or venue of the United States District Court for the District of Minnesota. In so doing, Bay-Valley waives any objection that venue in the United States District Court for the District of Minnesota is not convenient.

14. **Binding Effect and Assignment.** This Agreement shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors and assigns.

15. **Severability.** Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be effective to the extent of such

prohibition or unenforceability without invalidating the remaining portions hereof or affecting the validity or enforceability of such provision in any other jurisdiction, and to this end, the provisions hereof are severable.

16. **Factual Investigation.** Each Party has made such investigation of the facts pertaining to this Agreement as it deems necessary.

17. **Section Headings.** Section headings in this Agreement are for convenience only and shall not in any way limit or affect the meaning or interpretation of any provision of this Agreement.

18. **Entire Agreement.** This Agreement embodies the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements and understandings relating to the subject matter hereof. Without limiting the generality of the foregoing, this Agreement represents the final agreement between the Parties as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the Parties, and there are no unwritten oral agreements between the Parties. Neither Party, nor any officer, agent, employee, representative or attorney thereof, has made any statement or representation to the other Party regarding any facts relied upon in entering this Agreement, and neither Party has relied upon any such statement or representation in executing this Agreement.

19. **Comprehension of Agreement and Due Authorization.** Each Party hereto has read this Agreement and understands the contents thereof. Each of the officers or agents executing this Agreement on behalf of their respective principals is empowered to do so and thereby bind his or her respective principal.

20. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which, taken together, shall constitute one Agreement. Facsimile or scanned copies of signatures shall have the validity of original signatures.

517638.1                                    8

21. **Dismissal of Civil Action.** Upon the execution of this Agreement, GMAC will promptly file a Rule 41(a) Dismissal pursuant to the Federal Rules of Civil Procedure with the Court.

22. **No Other Actions.** Each Party represents and warrants that it has not brought and will not bring any other suits or actions, however denominated, concerning any claim, demand, liability or cause of action that is the subject of this Agreement.

23. **Method of Payment.** All payments by Bay-Valley shall be made in lawful money of the United States of America in immediately available funds via wire transfer to the trust account at Felhaber, Larson, Fenlon & Vogt, P.A. at:

| | |
|---|---|
| Credit to: | US Bank<br>800 Nicollet Mall<br>Minneapolis, MN 55402<br>ABA Routing Number: 0■■■ |
| Beneficiary's Bank: | Felhaber Larson Fenlon & Vogt, P.A.<br>MN Iolta Trust Account<br>DDA Account Number: ■■■<br>Address: 220 South Sixth Street, Suite 2200<br>Minneapolis, MN 55402-4504 |
| Reference to: | GMAC Mortgage, LLC/Bay-Valley Settlement<br>■■■<br>Attention: Maggie Babcock |

Notice of any payment shall also be provided by counsel for Bay-Valley to GMAC's counsel via e-mail at dheeman@felhaber.com.

24. **Bankruptcy Approval.** This Agreement is subject to the approval of the United States Bankruptcy Court for the Southern District of New York presiding over the Chapter 11 Case of Residential Capital, LLC (Case No. 12-12020 (MG)), and shall be of no force or effect until and unless such approval is obtained.

517638.1                                         9

Dated: August 6, 2013            GMAC Mortgage, LLC

                                 By: _____*Charles Laulash*_____
                                 Its  Claims Management Officer


Dated:  *aug 13*    , 2013       Bay-Valley Mortgage Group

                                 By: _____*[signature]*_____
                                 Its  president

517638.1                          10

# Exhibit

## October 22, 2010 Settlement Agreement

## AGREEMENT

This Settlement Agreement effective as of October 22, 2010 ("Agreement") is between GMAC Mortgage, LLC, and/or Ally Bank, formerly known as GMAC Bank, (collectively, "Correspondent Funding") and Bay-Valley Mortgage Group, ("Client"), collectively the Parties and individually a Party.

### RECITALS:

WHEREAS, Correspondent Funding purchased from Client pursuant to a Correspondent Agreement dated August 20, 2008, and Correspondent Funding purchased from EZ Funding Corporation pursuant to a Correspondent Agreement dated June 14, 2005 (collectively, the "Correspondent Agreement") the residential mortgage loans described on the attached Exhibit A (the "Subject Loans");

WHEREAS, Correspondent Funding has demanded that Client repurchase the Subject Loans pursuant to the Correspondent Agreement;

WHEREAS, Client has not repurchased the Subject Loans;

WHEREAS, the Parties have agreed that it is in their respective best interests to settle their disputes with respect to the Subject Loans on the terms and conditions hereinafter set forth;

NOW THEREFORE, Correspondent Funding and Client hereby agree as follows:

1. **PAYMENT:**

    (a) In settlement of Correspondent Fundings's claims, and in consideration of Correspondent Funding releasing its claims against Client relating to the Subject Loan and all other undertakings stated in this Agreement, Client will pay to Correspondent Funding the amount of $1,072,842.00 (the "Settlement Amount"). The Settlement Amount will be paid by Client to Correspondent Funding as follows:

    (i) Forty (40) equal payments of $26,000 due no later than the 28th day of each month beginning November 28, 2010 and ending February 28, 2014
    (ii) One (1) payment of $32,842.00 due March 28, 2014
    (ii) The above payments shall all be made to Correspondent Funding no later than 12:00 Noon (Minneapolis time) on the due date, and shall be made in lawful money of the United States of America in immediately available funds transferred via wire to Correspondent Funding's account at:

    GMAC Mortgage, LLC
    Wachovia Bank of NJ/PA/NY
    ABA ▮▮▮▮▮▮▮
    Acct ▮▮▮▮▮▮▮▮▮▮
    Attn: John Larson; Bay Valley/EZ Funding Settlement 10/22/10

1 of 4

(b) If Client fails to pay the Settlement Amount on a timely basis in accordance with the payment schedule, or if Client otherwise breaches its obligation under the Correspondent Agreement or any other agreement it has with Correspondent Funding, then Correspondent Funding may, by notice to Client, either (i) accelerate the remaining balance of the Settlement Amount or (ii) terminate this Agreement and proceed against Client with respect to the Subject Loans under the Correspondent Agreement.

2.  **RELEASES:**

(a) Client for itself, its present and past representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents and attorneys does hereby fully and forever release and discharge Correspondent Funding, and any entity affiliated in any manner with Correspondent Funding, and its representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents, and attorneys from any and all claims, demands, torts, damages, obligations, liabilities, costs, expenses, rights of action, or causes of action, arising out of the Subject Loans.

(b) Upon full payment of the Settlement Amount by Client and the performance by Client of all other terms and conditions of this Agreement, Correspondent Funding for itself, its present and past representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents, and attorneys will fully and forever release and discharge Client, and its respective representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, agents and attorneys from all claims, demands, torts, damages, obligations, liabilities, costs, expenses, rights of action, or causes of action arising out of the Subject Loans.

(c) The Parties acknowledge that they may hereafter discover facts different from or in addition to those, which they know or believe to be true with respect to the Subject Loans and agree that this Agreement shall remain effective in all respects notwithstanding such different or additional facts or the discovery thereof. Nothing in this Agreement shall be deemed to release any claims arising (i) under the Correspondent Agreement but unrelated to the Subject Loans, or (ii) under any other agreements now or hereafter in effect to which Correspondent Funding, and/or any entity affiliated in any manner with Correspondent Funding, and Client are parties.

3.  **NO ADMISSION OF WRONGDOING:** This instrument shall not be construed as an admission of responsibility, liability or fault by any Party.

4.  ENFORCEMENT EXPENSES OF PREVAILING PARTY: Each Party agrees that in the event of any dispute regarding this Agreement, the non-prevailing Party will be liable to reimburse the generally prevailing Party for all reasonable attorneys' fees and costs incurred in connection with the enforcement of this Agreement.

5.  CONFIDENTIALITY: All terms of this Agreement shall remain confidential and shall not be disclosed except to the given Party's attorneys, accountants or other professionals, except to the extent that the given Party is obligated to make disclosure as a result of legal, administrative or government subpoena.

6.  FURTHER ASSURANCES: Each Party agrees to execute all such further documents as shall be reasonably necessary or helpful to carry out to the provisions of this Agreement.

7.  AMENDMENTS: No amendment to this Agreement shall be effective unless it is in writing and signed by all Parties.

8.  APPLICABLE LAW: This Agreement shall be subject to and construed and enforced in accordance with the internal laws of the State of Minnesota without giving effect to any conflict of laws principles.

9.  BINDING EFFECT AND ASSIGNMENT; INTENDED THIRD PARTY BENEFICIARY: This Agreement shall inure to the benefit of, and shall be binding upon Client and Correspondent Funding and their respective successors and assigns.

10. ENTIRE AGREEMENT: This Agreement embodies the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements and understandings relating to the subject matter hereof.

11. COUNTERPARTS AND FACSIMILE SIGNATURES: This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute but one and the same instrument. Delivery of executed signature pages by facsimile transmission will constitute effective and binding execution and delivery.

Bay-Valley Mortgage Group
By: _____
Name: RICHARD SEUNG
Title: S.V.P
Date: 10/22/10

GMAC Mortgage, LLC
By: _____
Name: _____
Title: Limited Signing Officer
Date: 10/25/10

3 of 4

Exhibit A

| ResCap # | Client # | Borrower |
|---|---|---|
| ▮ | ▮ (Bay-Valley) | ▮ |
| ▮ | ▮ (Bay-Valley) | ▮ |
| ▮ | ▮ (Bay-Valley) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |
| ▮ | ▮ (EZ Funding) | ▮ |