Hearing Date: February 6, 2014 at 10:00 a.m. (ET)
Objection Deadline: January 30, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**NOTICE OF MOTION OF THE RESCAP LIQUIDATING TRUST, PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018, TO FILE UNDER SEAL REDACTED PORTIONS OF (I) THE MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT AMONG DEBTOR RESIDENTIAL FUNDING COMPANY, LLC AND CTX MORTGAGE COMPANY, PULTE HOMES, INC., AND PULTEGROUP, INC., AND (II) THE SETTLEMENT AGREEMENT**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. to File Under Seal Redacted Portions of (I) The Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Among Debtor Residential Funding Company, LLC and CTX Mortgage Company, Pulte Homes, Inc. and PulteGroup, Inc., and (II) The Settlement Agreement* (the "Motion").

ny-1125760

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **February 6, 2014 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 30, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Post-Effective Date Debtors and The ResCap Liquidating Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum and Erica J. Richards); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10004 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland

& Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

ny-1125760

Dated: January 15, 2014  
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Erica J. Richards  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust*

4

Hearing Date: February 6, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Deadline: January 30, 2014 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel to the Post-Effective Date Debtors and
The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Post-Effective Date Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**MOTION OF THE RESCAP LIQUIDATING TRUST, PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018, TO FILE UNDER SEAL REDACTED PORTIONS OF (I) THE MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT AMONG DEBTOR RESIDENTIAL FUNDING COMPANY, LLC AND CTX MORTGAGE COMPANY, PULTE HOMES, INC., AND PULTEGROUP, INC., AND (II) THE SETTLEMENT AGREEMENT**

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits, on behalf of Residential Capital, LLC ("ResCap") and its affiliated post-effective date debtors (collectively, the "Debtors")[1] this motion (the "Motion") pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

ny-1104939

Rules") for leave to file under seal, pending further order of this Court, redacted portions of (i) the *Motion Of The ResCap Liquidating Trust For An Order Pursuant To Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Among Debtor Residential Funding Company, LLC And CTX Mortgage Company, Pulte Homes, Inc., And PulteGroup, Inc.* (the "9019 Motion"),[2] together with any supporting declaration and (ii) the Settlement Agreement (defined below). In support of this Motion, the Liquidating Trust respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

3. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the 9019 Motion.

On December 17, 2013, the effective date of the Plan occurred and the Liquidating Trust was created [Docket No. 6137].

4. Contemporaneous with the filing of the Motion, the Liquidating Trust is filing the 9019 Motion requesting that the Court approve the settlement agreement (the "Settlement Agreement"), dated June 19, 2013, entered into by and among Residential Funding Company, LLC ("RFC") and CTX Mortgage Company ("CTX"), Pulte Homes, Inc. ("Pulte Homes") and PulteGroup, Inc. ("PulteGroup" and, together with CTX and Pulte Homes, the "Pulte Parties"). RFC and the Pulte Parties are referred to collectively herein as the "Parties". The Settlement Agreement seeks to settle and release certain claims for Repurchase Obligations held by RFC arising under a Client Contract, dated March 26, 2002, by and between RFC and CTX.

5. The 9019 Motion, as well as the corresponding declaration in support thereof, and the Settlement Agreement contain certain commercially sensitive details, including, without limitation, the economic terms of the Settlement. Were such information to be publically disclosed, it could be damaging to the Debtors as it may adversely affect the ability of the Liquidating Trust, within the context of the Chapter 11 Cases, to maximize recoveries on pending and future litigation involving repurchase demands and pending litigation asserted against third party correspondent lenders for the benefit of beneficiaries of the Liquidating Trust.

## RELIEF REQUESTED

6. The Liquidating Trust requests entry of an order (the "Sealing Order") pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018: (i) granting leave to file partially redacted copies of (a) the 9019 Motion, and (b) the Settlement Agreement (collectively, the "Sealed Documents"); (ii) ordering that unredacted copies of the Sealed

3

ny-1104939

Documents be made available only to (a) the Court, (b) the United States Trustee, and (c) parties that enter into confidentiality agreements that are reasonably acceptable to the Liquidating Trust; and (iii) ordering that parties receiving the Sealed Documents shall treat them as confidential and not available for public dissemination until the Liquidating Trust has completed the resolution of all outstanding repurchase litigation and/or demands asserted against third party correspondent lenders, or for such other period as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

## BASIS FOR RELIEF REQUESTED

7.  Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8.  In addition, Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain commercially sensitive or confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

9.  Bankruptcy Rule 9018 further outlines the procedures by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

4

Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

10. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assocs. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Bankruptcy Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements).

11. The Liquidating Trust believes that cause exists to file under seal partially redacted copies of the 9019 Motion and the Settlement Agreement because such documents contain commercially sensitive information regarding the economic terms of the Settlement, the disclosure of which would be potentially harmful to the Liquidating Trust.

12. Specifically, the Liquidating Trust is (i) engaged in various stages of litigation and/or settlement discussions with various counterparties on account of claims related to outstanding repurchase demands the Debtors hold against such counterparties and (ii) has

5

ny-1104939

recently commenced actions against approximately eighty-three (83) correspondent lenders related to repurchase recovery demands, and will likely be filing additional actions. Public dissemination of the economic terms of the Settlement with the Pulte Parties could negatively affect the Liquidating Trust by allowing other counterparties access to information that would enable such parties to gain a strategic advantage in any future negotiations or litigation. This, in turn, could adversely affect the Liquidating Trust's ability to maximize the value of these assets.

13. Importantly, the Liquidating Trust is not seeking to prevent creditors or other interested persons such as the press from receiving access to the sealed information. As set forth in the form of Sealing Order attached as <u>Exhibit 1</u> hereto, the Liquidating Trust proposes to provide copies of the Sealed Documents to parties other than correspondent lenders against whom the Debtors have asserted repurchase demands that enter into a reasonably acceptable confidentiality agreement. Moreover, at the request of the United States Trustee and in accordance with the relief granted by the *Court in the Order Granting Debtors' Motion, Pursuant to Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, to File Under Seal Redacted Portions of (I) the Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtors GMAC Mortgage, LLC and GVC Mortgage, Inc., and (II) the Settlement Agreement* [Docket No. 6146], the Liquidating Trust will file unredacted copies of the Sealed Documents upon the earlier to occur of (i) the resolution of all repurchase recovery litigation and/or demands against third party correspondent lenders asserted by or on behalf of the Debtors, or (ii) the closing of the Chapter 11 Cases.

14. The commercial concerns set forth above constitute good cause to file portions of the 9019 Motion and the Settlement Agreement with the Bankruptcy Court under seal

6

ny-1104939

subject to the limitations described herein, and the Liquidating Trust respectfully requests leave to do so.

## NOTICE

15.     The Liquidating Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

16.     No previous Motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Liquidating Trust requests that this Court enter an order, a form of which is attached hereto as <u>Exhibit 1</u>, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: January 15, 2014
      New York, New York

           MORRISON & FOERSTER LLP

           By: /s/ Norman S. Rosenbaum
           Gary S. Lee
           Norman S. Rosenbaum
           Erica J. Richards
           MORRISON & FOERSTER LLP
           1290 Avenue of the Americas
           New York, New York 10104
           Telephone: (212) 468-8000
           Facsimile: (212) 468-7900

*Counsel to the Post-Effective Date Debtors and The ResCap Liquidating Trust*

# EXHIBIT 1

**Proposed Order**

ny-1104939

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                   :    Chapter 11
                                                         :
Residential Capital, LLC, et al.,                        :    Case No. 12-12020 (MG)
                                                         :
       Post-Effective Date Debtors.              :    Jointly Administered
                                                         :
------------------------------------------------------------ x

**ORDER GRANTING MOTION OF THE RESCAP LIQUIDATING TRUST, PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018, TO FILE UNDER SEAL REDACTED PORTIONS OF (I) THE MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT AMONG DEBTOR RESIDENTIAL FUNDING COMPANY, LLC AND CTX MORTGAGE COMPANY, PULTE HOMES, INC., AND PULTEGROUP, INC., AND (II) THE SETTLEMENT AGREEMENT**

Upon the motion (the "Motion"),[1] of The ResCap Liquidating Trust (the "Liquidating Trust") on behalf of the above-captioned post-effective date debtors in these Chapter 11 Cases (collectively, the "Debtors"), for an order, pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing the Liquidating Trust to file under seal redacted portions of (i) the 9019 Motion and (ii) the Settlement Agreement, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been provided to all parties in interest in the chapter 11 cases, and no other or further notice being necessary; and the legal and factual bases set forth in the Motion

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

ny-1104939

establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Liquidating Trust is authorized to file portions of the 9019 Motion and the Settlement Agreement, under seal.

3. Subject to paragraph 5 of this Order, the unredacted 9019 Motion and the Settlement Agreement (collectively, the "Sealed Documents") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court, (b) the United States Trustee, and (c) other parties that enter into confidentiality agreements reasonably acceptable to the Liquidating Trust; provided, that the Liquidating Trust shall not be required to provide access to the Sealed Documents to parties that the Liquidating Trust has reason to believe are seeking access in order to obtain an unfair commercial advantage in litigation or in negotiations with the Liquidating Trust; provided, further, that nothing in this Order shall be deemed to prejudice the ability of any person to file a motion with the Court requesting access to the Sealed Documents in the event the Liquidating Trust does not consent to provide such access.

4. Parties receiving Sealed Documents shall treat them as confidential and not for public dissemination so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

5. Upon the earlier to occur of (i) the resolution of all repurchase recovery demands and litigation against third party correspondent lenders asserted by or on behalf of the Debtors, or (ii) the closing of the Debtors' chapter 11 cases, the Liquidating Trust shall file

2

ny-1104939

unredacted copies of the 9019 Motion and the Settlement Agreement, excluding any account information or other confidential personally identifiable borrower information contained in the Settlement Agreement, which shall remain sealed.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2014
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3