Hearing Date: February 6, 2014 at 10:00 a.m. (ET)
Objection Deadline: January 30, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**NOTICE OF MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT AMONG DEBTOR RESIDENTIAL FUNDING COMPANY, LLC AND CTX MORTGAGE COMPANY, PULTE HOMES, INC., AND PULTEGROUP, INC.**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Among Debtor Residential Funding Company, LLC and CTX Mortgage Company, Pulte Homes, Inc. and PulteGroup, Inc.* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **February 6, 2014 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

ny-1125757

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 30, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Post-Effective Date Debtors and The ResCap Liquidating Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum and Erica J. Richards); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10004 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: January 15, 2014  
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Erica J. Richards  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust*

Hearing Date: February 6, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Deadline: January 30, 2014 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT AMONG DEBTOR RESIDENTIAL FUNDING COMPANY, LLC AND CTX MORTGAGE COMPANY, PULTE HOMES, INC., AND PULTEGROUP, INC.**

ny-1104649

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits, on behalf of Residential Capital, LLC ("ResCap") and its affiliated post-effective date debtors (collectively, the "Debtors")[1] this motion (the "Motion") for entry of an order, the proposed form of which is attached hereto as Exhibit 1, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the settlement agreement (the "Settlement Agreement"), dated June 19, 2013, entered into by and among Residential Funding Company, LLC ("RFC") and CTX Mortgage Company ("CTX"), Pulte Homes, Inc. ("Pulte Homes") and PulteGroup, Inc. ("PulteGroup" and, together with CTX and Pulte Homes, the "Pulte Parties").  RFC and the Pulte Parties are referred to collectively herein as the "Parties".  In support of the Motion, the Liquidating Trust relies upon and incorporates by reference the Declaration of Deanna Horst (the "Horst Decl."), attached hereto as Exhibit 2.  In further support of the Motion, the Liquidating Trust, by and through its undersigned counsel, respectfully represents:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334.  Venue is proper under 28 U.S.C. sections 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. section 157(b)(2).  The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

-2-

ny-1104649

## INTRODUCTION

2. By this Motion, the Liquidating Trust seeks approval, pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019, of the Settlement Agreement, attached hereto as <u>Exhibit 3</u>, by and among RFC and the Pulte Parties settling and releasing certain claims related to repurchase, indemnification and/or reimbursement obligations (the "<u>Repurchase Obligations</u>") held by RFC arising under a Client Contract (the "<u>Client Contract</u>"), dated March 26, 2002, by and between RFC and CTX.

## BACKGROUND

**A.   The Chapter 11 Cases**

3. On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

4. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "<u>Confirmation Order</u>") approving the terms of the Chapter 11 plan, as amended (the "<u>Plan</u>"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and the Liquidating Trust was created [Docket No. 6137].

5. The Plan provides for the creation and implementation of the Liquidating Trust, which is among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement." *See* Plan, at Art. VI.A-D; *see also* Confirmation Order at ¶ 22. Further, pursuant to the Confirmation Order:

> In accordance with the provisions of the Plan, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Liquidating Trust may compromise and settle Claims against the Debtors and Causes of Action against other Entities.

Confirmation Order at ¶ 20. Notwithstanding the relief granted by the Confirmation Order and because the Settlement Agreement was executed by the Debtors prior to the Plan's effective date, the Debtors and the Liquidating Trust seek the instant relief out of an abundance of caution.

B.  **The Client Contract and the Repurchase Demands**

6.  On or about March 26, 2002, RFC and CTX, which subsequently became an affiliate of Pulte Homes and PulteGroup, entered into the Client Contract. Horst Decl. ¶ 4. Pursuant to the Client Contract, RFC acquired certain residential mortgage loans from CTX (collectively, the "Loans") as part of its correspondent mortgage loan operations. *Id*. RFC subsequently sold the Loans to various third party purchasers (the "Third Party Purchasers"). *Id*.

7.  Following the sale of the Loans to the Third Party Purchasers, the Third Party Purchasers submitted repurchase demands to RFC on account of certain of the Loans (the "Repurchased Loans"). Horst Decl. ¶ 5. After conducting its own thorough analysis of the basis for the repurchase demands submitted by the Third Party Purchasers, in accordance with the terms of the Client Contract, RFC in turn demanded that CTX honor its Repurchase Obligations under the Client Contract with respect to certain of the Loans (the "Repurchase Demands") in the aggregate amount of $512,723.40, asserting that CTX negligently misrepresented information in the mortgage loan application packages relating to the Repurchased Loans in violation of CTX's representations, warranties and covenants under the Client Contract. *Id*. RFC submitted the Repurchase Demands to CTX between September 2009 and March 2010. *Id*.

4

8. CTX disputed the Repurchase Demands, and refused to repurchase the Loans. Horst Decl. ¶ 6.

9. On April 9, 2013, RFC filed a complaint (the "Complaint") against the Pulte Parties in the District Court for the State of Minnesota, County of Hennepin, Civil File No. 27-CV-12-18292 (the "Minnesota Action"), seeking damages for CTX's failure to honor its Repurchase Obligations. Horst Decl. ¶ 7.

C. The Settlement Agreement[2]

10. Following arms' length and good faith settlement discussions after the Minnesota Action was commenced, the Parties entered into the Settlement Agreement on June 19, 2013.[3] Horst Decl. ¶ 8.

11. Under the Settlement Agreement, RFC has agreed to accept $ ▮ (the "Settlement Amount") in exchange for a mutual release of all claims between RFC, on the one hand, and the Pulte Parties, on the other hand, related to the Repurchased Loans under the Client Contract, including RFC's Repurchase Demands (the "Settlement"), without admission as to liability by any Party. See Settlement Agreement, ¶¶ 3-5. RFC further agreed to execute a stipulation dismissing the Minnesota Action with prejudice, with each Party to bear its own fees and costs upon payment of the Settlement Amount. See Settlement Agreement, ¶ 4(c).

12. The Settlement Agreement provides that it is subject to approval of this Court. See Settlement Agreement, ¶ 22. A copy of the Settlement Agreement is attached hereto as Exhibit 3.

---

[2] The summary of the Settlement Agreement set forth below is provided solely for the convenience of the Court and parties in interest. To the extent there is any inconsistency between this Motion and the terms of the Settlement Agreement, the Settlement Agreement shall govern.

[3] The Liquidating Trust is also requesting by separate motion authority to file portions of the Motion and the Settlement Agreement under seal.

**RELIEF REQUESTED**

13. By this Motion, the Liquidating Trust seeks entry of an order under Bankruptcy Code section 105 and Bankruptcy Rule 9019 approving the Settlement Agreement and granting authority for the Debtors to perform their obligations thereunder.

**BASIS FOR THE RELIEF REQUESTED**

A. **The Settlement is Fair, Reasonable and Adequate Pursuant to Bankruptcy Rule 9019**

14. Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise and settlement," Fed. R. Bankr. P. 9019(a), if it is in the best interests of the estate. *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). "[C]ompromises are favored in bankruptcy because they minimize the costs of litigation and further the parties' interest in expediting the administration of the bankruptcy estate." *In re 1031 Tax Group, LLC*, 2007 WL 2455176, *3 (Bankr. S.D.N.Y. Aug. 23, 2007). *See also In re Iridium Operating LLC*, 478 F.3d 452, 455 (2d Cir. 2007) ("In Chapter 11 bankruptcies, settlements . . . help clear a path for the efficient administration of the bankruptcy estate," and are therefore encouraged).

15. To approve a compromise and settlement under Bankruptcy Rule 9019(a), courts have held that the proposed compromise and settlement should be fair and equitable, reasonable and in the best interests of the debtor's estate. *See Plaza Equities LLC v. Pauker (In re Copperfield Invs.)*, 401 B.R. 87, 91 (Bankr. S.D.N.Y. 2009); *In re Worldcom, Inc.*, 347 B.R. 123,

6

137 (Bankr. S.D.N.Y. 2006); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'" *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citations omitted). Moreover, the Bankruptcy Court should exercise its discretion to approve a settlement "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

16. In the Second Circuit, this analysis is guided by six factors: (i) the balance between the litigation's possibility of success and the settlement's future benefits; (ii) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (iii) the paramount interest of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object or affirmatively support the proposed settlement; (iv) whether other parties in interest support the settlement; (v) the competency and experience of counsel supporting the settlement; and (vi) the extent to which the settlement is the product of arms-length bargaining. *In re Iridium Operating LLC*, 478 F.3d at 462; *see also In re East 44th Realty, LLC*, 2008 WL 217103, *12 (S.D.N.Y. Jan. 23, 2008) (applying *Iridium* factors and approving settlement as within the range of reasonableness); *In re 1031 Tax Group, LLC*, 2007 WL 2455176, *3 (applying *Iridium* factors and approving settlement as fair and equitable and in the best interest of the estates).

17. In determining whether to approve a proposed settlement, a Bankruptcy Court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of

reasonableness.'"  *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation").  "[T]he court only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment about the settlement." *In re Adelphia Commc'ns*, 327 B.R. at 159.

18.     "When determining whether a compromise is in the best interests of the estate, the Court must 'assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal.'" *Key3Media Group, Inc. v. Pulver.com, Inc.* (*In re Key3Media Group, Inc.*), 336 B.R.87, 93 (Bankr. D. Del. 2005 (quoting *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (citing *TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968))).  The relevant factors set forth above support a finding that the Settlement is well within the range of reasonableness and the compromises that are embodied in the Settlement Agreement are fair and equitable, in the best interests of the Debtors and their creditors and should be approved.

19.     The discovery related associated with repurchase litigation can be arduous and challenging.  Horst Decl. ¶ 10.  The Debtors estimate that litigation of the Minnesota Action through trial would cost well in excess of $100,000, and that it would be unlikely to resolve before March 2014.  *Id*.  Such costs are relatively large compared to the disputed Repurchase Demands.

20.     In addition, the Settlement was negotiated at arms' length and is fair and reasonable.  The Debtors—working with the assistance of experienced internal and external counsel—undertook a thorough review and analysis of the basis for the Repurchase Demands, as

well as potential defenses that might be asserted by, and difficulties in collecting any judgment from, the Pulte Parties. Horst Decl. ¶ 9. The Debtors also believe that the scope of the release under the Settlement, which provides for a mutual release of all claims by each of the Parties and their various affiliates and representatives related to the Repurchased Loans, is reasonable under the circumstances. *Id*. Based on their analysis of all the factors above, the Debtors determined that the Settlement strikes a favorable balance between maximizing recoveries while minimizing litigation and collection risks on account of the Repurchase Demands. *Id*. ¶ 11.

21.  In light of each of the above factors, the Liquidating Trust asserts that the Settlement is in the best interests of the Debtors, the Liquidating Trust and its beneficiaries, and respectfully request that the Court approve the Settlement and the terms of the Settlement Agreement pursuant to Bankruptcy Rule 9019.

## NOTICE

22.  The Liquidating Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR MOTION

23.  No previous motion requesting the relief sought herein has been made to this or any other Court.

## CONCLUSION

The Liquidating Trust respectfully requests that the Court enter the Order, attached hereto as <u>Exhibit 1</u>, approving the Settlement Agreement and authorizing the Debtors to perform their obligations thereunder and grant such other and further relief as the Court deems just and proper.

Dated: January 15, 2014
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust*