# **Exhibit 2**

# **Horst Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Erica J. Richards

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**DECLARATION OF DEANNA HORST IN SUPPORT OF MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT AMONG DEBTOR RESIDENTIAL FUNDING COMPANY, LLC AND CTX MORTGAGE COMPANY, PULTE HOMES, INC., AND PULTEGROUP, INC.**

I, Deanna Horst, declare as follows:

**A.    Background and Qualifications**

1.    I am the Chief Claims Officer for The ResCap Liquidating Trust (the "Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I was formerly employed by affiliates of

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1104686

ResCap beginning in August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and became Chief Claims Officer of ResCap in October of 2013. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.

2.  I am authorized to submit this declaration (the "Declaration") in support of the *Motion of the ResCap Liquidating Trust for an Order Pursuant to Bankruptcy Code Section 105(a) Bankruptcy Rule 9019 Approving Settlement Agreement Among Debtor Residential Funding Company, LLC And CTX Mortgage Company, Pulte Homes, Inc., And PulteGroup, Inc.* (the "Motion").[2]

3.  In my capacity as Chief Claims Officer, I am familiar with the Debtors' loan repurchase recovery practices, including the Settlement Agreement and circumstances giving rise to it. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' files, books and records, as well as other relevant documents; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' operations,

---

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1104686                                    2

financial condition and history. In making these statements based on my review of the Debtors' files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

        B.        **The Client Contract and the Repurchase Demands**

        4.        On or about March 26, 2002, RFC and CTX, which subsequently became an affiliate of Pulte Homes and PulteGroup, entered into the Client Contract, pursuant to which RFC acquired certain residential mortgage loans from CTX (collectively, the "Loans") as part of its correspondent mortgage loan business. RFC subsequently sold the Loans to various third party purchasers (the "Third Party Purchasers").

        5.        Following the sale of the Loans to the Third Party Purchasers, the Third Party Purchasers submitted repurchase demands to RFC on account of certain of the Loans (the "Repurchased Loans"). After conducting its own thorough analysis of the basis for the repurchase demands submitted by the Third Party Purchasers, in accordance with the terms of the Client Contract, RFC in turn demanded that CTX honor its Repurchase Obligations under the Client Contract with respect to certain of the Loans (the "Repurchase Demands") in the aggregate amount of $512,723.40, asserting that CTX negligently misrepresented information in the mortgage loan application packages relating to the Repurchased Loans in violation of CTX's representations, warranties and covenants under the Client Contract. RFC submitted the Repurchase Demands to CTX between September 2009 and March 2010.

        6.        CTX disputed the Repurchase Demands, and refused to repurchase the Loans.

ny-1104686        3

7. On April 9, 2013, RFC filed a complaint (the "Complaint") against the Pulte Parties in the District Court for the State of Minnesota, County of Hennepin, Civil File No. 27-CV-12-18292 (the "Minnesota Action"), seeking damages for CTX's failure to honor its Repurchase Obligations. A copy of the Complaint is attached hereto as **Exhibit A**.

C. **The Settlement Agreement**

8. Following arms' length and good faith settlement discussions after the Minnesota Action was commenced, the Parties entered into the Settlement Agreement on June 19, 2013.

9. Based upon my analysis of the circumstances surrounding RFC's Repurchase Demands, the Settlement Agreement constitutes a fair and reasonable resolution. This conclusion is based upon a review and analysis of the basis for the Repurchase Demands, as well as potential defenses that might be asserted by, and difficulties in collecting any judgment from, the Pulte Parties. Among other factors, we, along with outside litigation counsel, assessed the strengths and weaknesses of claims that RFC could bring against the Pulte Parties with respect to the Repurchase Demands and determined that continuing litigation against the Pulte Parties would be costly and time consuming relative to the amounts at issue.

10. Among other considerations, the Debtors took into account the fact that discovery related to repurchase litigation can be arduous and challenging. The Debtors estimate that litigation of the Minnesota Action through trial would cost well in excess of $100,000, and that it would be unlikely to resolve before March 2014. Additionally, the Debtors determined that the scope of the release under the Settlement, which provides for a mutual release of all claims by each of the Parties and their various affiliates and representatives related to the Repurchased Loans, is reasonable under the circumstances.

ny-1104686                                  4

11. To ensure that the Debtors receive a meaningful recovery on account of the Repurchase Demands, and to avoid the costs that would inevitably accrue if the Debtors were required to fully litigate the Repurchase Demands against the Pulte Parties, the Debtors and Liquidating Trust determined that entry into the Settlement Agreement was in the best interest of the Debtors, the Liquidating Trust, and the beneficiaries of the Liquidating Trust.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 15, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for
 The ResCap Liquidating Trust

## Exhibit A

**Complaint**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>CASE TYPE: CONTRACT |

Residential Funding Company, LLC,            Civil File No. _____
Limited Liability Company,

                Plaintiff,

v.
                                          **SUMMONS**

CTX Mortgage Company, LLC, Pulte Homes,
Inc. and PulteGroup, Inc.,

                Defendants.

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANTS:

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

                Donald G. Heeman
                Felhaber, Larson, Fenlon & Vogt, P.A.
                220 South Sixth Street, Suite 2200
                Minneapolis, MN 55402-4504

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

265791.1

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

The object of this action is to recover make whole losses suffered by Plaintiff that Defendants failed to pay pursuant to a contract between the parties.

Dated: April 9, 2012                FELHABER, LARSON, FENLON & VOGT, P.A.


By: _____
    Donald G. Heeman, #286023
    Randi J. Winter, #0391354
    220 South Sixth Street, Suite 2200
    Minneapolis, MN 55402-4504
    (612) 339-6321
    ATTORNEYS FOR PLAINTIFF

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>CASE TYPE: CONTRACT |

| | |
|---|---|
| Residential Funding Company, LLC,<br>Limited Liability Company,<br><br>           Plaintiff,<br><br>v.<br><br>CTX Mortgage Company, Pulte Homes, Inc.<br>and PulteGroup, Inc.,<br><br>           Defendants. | Civil File No. _____<br><br><br><br>**COMPLAINT** |

Residential Funding Company, LLC ("RFC"), for its Complaint against Defendants CTX Mortgage Company, LLC ("CTX"), Pulte Homes, Inc. ("PHI") and PulteGroup, Inc. ("Pulte"), states and alleges as follows:

## PARTIES

1.    RFC is a Delaware Limited Liability Company with its headquarters and primary place of business in Hennepin County, Minnesota.

2.    Upon information and belief, Defendant CTX is a mortgage company founded in 1973 based in Dallas, Texas. CTX has operated in many states, including Minnesota. Until August 2009, CTX was a wholly owned subsidiary of Centex Corporation.

3.    Upon information and belief, Defendants PHI and Pulte are Michigan corporations with their principal place of business in Michigan. In August 2009, PHI acquired Centex Corporation. As part of the acquisition, PHI and Pulte also acquired CTX's assets and liabilities. CTX is a subsidiary of Pulte.

4.    This Court is the proper forum and venue for this action as CTX has previously done a substantial amount of business in Minnesota, including numerous branch locations in

265741.1

Minnesota. In addition, Pulte is an active foreign business registered in Minnesota, and Pulte regularly conducts business in Minnesota. This is also the proper forum and venue because CTX expressly consented to the jurisdiction of any state or federal court located in Hennepin County, Minnesota as part of its contractual relationship with RFC.

## FACTUAL BACKGROUND

5. RFC is engaged, among other things, in the business of purchasing residential mortgage loans.

6. CTX is engaged, among other things, in the business of originating, processing, closing, underwriting and selling residential mortgage loans.

7. On or about March 26, 2002, RFC entered into a Client Contract with CTX, which set forth the terms and conditions for sales to RFC of residential mortgage loans originated by CTX.

8. The Client Contract incorporated the terms and conditions of RFC's Client Guide. The terms and conditions of RFC's Client Guide applied to the sale of loans from CTX to RFC.

9. In the Client Contract and the Client Guide (collectively, the "Contract"), CTX represented and warranted, *inter-alia*, that the loans it sold to RFC were of investment quality, had been prudently originated and had been properly underwritten.

10. In the Contract, CTX also represented and warranted that all loan documents submitted by CTX to RFC were complete and accurate, and would remain complete and accurate throughout the term of each purchased loan.

11. In the Contract, CTX agreed to specifically underwrite loans pursuant to the Contract Guidelines contained in the Client Guide at the time the loan was funded. CTX also agreed to abide by the specific loan Program Guidelines contained in the Client Guide.

265741.1                                                  2

12. CTX also agreed that a violation of the Contract's representations and warranties would constitute an Event of Default. Specifically, CTX agreed that an Event of Default included the following:

> The Borrower or any other person or entity involved in the Loan transaction or in its underwriting or documentation (including any appraiser, broker, third-party originator, credit reporting agency, or other provider of underwriting information) has made any false representation and/or has failed to provide information that is true, complete and accurate in connection with such transaction, whether or not the Client [CTX] was a party to or had knowledge of such misrepresentation or incorrect information.

13. CTX is contractually obligated to either repurchase any loan containing one or more Events of Default or to make RFC whole for any losses for any loans containing one or more Events of Default. Specifically, if RFC determines that an Event of Default had occurred with respect to a specific Loan, CTX contractually agreed to either repurchase the Loan or make RFC whole within thirty days of receiving a demand for repurchase or make whole or other written notification from RFC.

14. Between September 2009 and March 2010, RFC sent make whole demand letters to CTX on five different residential mortgage loans (the "Loans") demanding make whole for RFC's pursuant to the terms of the Contract. RFC identified reasons for the make whole demands associated with the Loans including, *inter-alia*, breaches of representations and warranties and Events of Default by CTX in the form of borrower employment misrepresentation, borrower income misrepresentation and a program violation related to a temporary buy-down on an interest only loan. A partially redacted list of the Loans is attached as Exhibit A.

15. RFC discovered the Events of Default leading to the make whole demands to CTX by either routine loan level audits performed by RFC or audits performed by Freddie Mac

265741.1                                3

or Fannie Mae. Prior to the dates of the loan level audits, RFC had not discovered the employment misrepresentations, income misrepresentations, or program violations leading to the make whole request to CTX. CTX was considered a delegated originator of RFC loans, meaning that CTX entirely underwrote the Loans. RFC did not underwrite any of the Loans sold to RFC that are the subject of this lawsuit. The Events of Default leading to the make whole request from RFC to CTX were discovered no earlier than 2009.

16. Despite RFC's make whole demands to CTX, CTX has refused to make RFC whole for the losses associated with the Loans.

17. After sending the make whole request to CTX, RFC has been contacted repeatedly by PHI and/or Pulte in an attempt to discuss resolution of RFC's make whole demands. Upon information and belief, PHI and/or Pulte, by virtue of having CTX as a subsidiary, have responsibility for the liabilities of CTX.

18. As of the date of this Complaint, the make whole amount due to RFC from CTX for the Loans referenced in Exhibit A is $512,723.40.

## COUNT 1: BREACH OF CONTRACT

19. RFC realleges the preceding paragraphs as if fully set forth herein.

20. CTX has a contractual duty to only sell loans to RFC consistent with the terms and conditions of the Contract.

21. CTX breached the Contract with RFC when it sold the Loans to RFC that violated the terms and conditions of the Contract, and specifically the representations and warranties contained in the Client Guide and program violations associated with selling RFC an interest-only loan with a temporary buy-down.

22. RFC made specific written demands to CTX to make RFC whole for the losses associated with the Loans that breached the terms and conditions of the Contract between RFC and CTX.

23. CTX has a contractual duty to make RFC whole for its losses.

24. CTX's refusal to make RFC whole for its losses constitutes a breach of the Contract.

25. As a consequence of CTX's breach, RFC is entitled to damages of $512,723.40, together with costs, disbursements and attorneys' fees.

### COUNT 2: INDEMNITY

26. RFC realleges the preceding paragraphs as if fully set forth herein.

27. Under the indemnity provision of the Contract, CTX is liable to RFC for RFC's attorneys' fees, costs and disbursements incurred in this action due to a breach of the Contract.

28. RFC has had to incur attorneys' fees associated with CTX's refusal to make RFC whole for losses on the Loans.

**WHEREFORE**, RFC respectfully prays for judgment against CTX, PHI and Pulte as follows:

1. Awarding damages in favor of RFC and against CTX, PHI and Pulte in an amount of at least $512,723.40, to be established at trial, for RFC's losses arising from CTX, PHI and Pulte's breach of contract and/or duty to indemnify under the Contract;

2. Awarding attorneys' fees, costs and disbursements payable to RFC by CTX, PHI and Pulte as provided by the Contract;

3. Awarding RFC interest from and through the date of the judgment; and

4. Awarding such other relief as the Court deems just and equitable.

265741.1                              5

Dated: April 9, 2012　　　　　　　　FELHABER, LARSON, FENLON & VOGT, P.A.

By: _____
　　Donald G. Heeman, #286023
　　Randi J. Winter, #0391354
　　220 South Sixth Street, Suite 2200
　　Minneapolis, MN  55402-4504
　　(612) 339-6321
　　ATTORNEYS FOR PLAINTIFF

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, subdivision 3, to the party against whom the allegations in this pleading are asserted.

_____
Donald G. Heeman

265741.1　　　　　　　　　　　　　　　　6

# EXHIBIT A

| BORROWER NAME | RFC LOAN NO. | CTX/PULTE LOAN NO. | MAKE WHOLE AMOUNT |
|---|---|---|---|
| SOUXX | 103932XX | 2298000XX | $69,233.03 |
| STAXX | 104149XX | 2144110XX | $45,493.73 |
| VISCOXX | 106072XX | 2023211XX | $21,883.09 |
| DICKEXX | 108935XX | 1033286XX | $202,232.70 |
| JONXX | 109235XX | 1033284XX | $173,880.85 |
| TOTAL | | | **$512,723.40** |

265741.1

Serial # FELLA2 100113 5028

Re: 14757.423

**STATE OF TEXAS**   **AFFIDAVIT OF SERVICE**

**COUNTY OF TRAVIS**

___JERRY MELBER___, being duly sworn, on oath says that on
(Name of Server)

__4__/__9__/2012 at __12:30__ PM
(Date of Service)   (Time of Service)

s(he) served the attached: Summons & Complaint

upon: CTX Mortgage Company, LLC

therein named, personally at:   Corp. Service Company
211 East 7th Street
Suite 620
Austin, TX 78701

by handing to and leaving with:

___SUE VERTREES___ - Service of Process Specialist
(Name of the Person with whom the documents were left)

at Corp. Service Company, the Registered Agent for CTX Mortgage Company, LLC, expressly authorized to accept service of process for same, a true and correct copy thereof.

Subscribed and Sworn to before me

__4__/__9__/2012.

(Signature of Notary)

(Signature of Server)

DANA L. MCMICHAEL
Notary Public, State of Texas
My Commission Expires
April 23, 2012

* Service was completed by an independent contractor retained by Metro Legal Services, Inc.

Metro Legal Services, Inc.
330 2nd Avenue South, Suite 150, Minneapolis, MN 55401
T (612) 332-0202 or (800) 488-8994   F (612) 332-5215

Serial # PELLA2 160114 5029

Re: 14757.423

**STATE OF MICHIGAN**                                              **AFFIDAVIT OF SERVICE**

**COUNTY OF INGHAM**

__BRANDON EAREGOOD__, being duly sworn, on oath says that on
(Name of Server)

__4__/__9__/2012 at __1__:__15__ __p__M
(Date of Service)    (Time of Service)

s(he) served the attached: Summons & Complaint

upon: Pulte Homes, Inc.

therein named, personally at:    CSC
                                 601 Abbott Road
                                 East Lansing, MI 48823

by handing to and leaving with:

__Andrea Garlitz__ - Service of Process Specialist
(Name of the Person with whom the documents were left)

at CSC, the Registered Agent for Pulte Homes, Inc., expressly authorized to accept service of process for same, a true and correct copy thereof.

Subscribed and Sworn to before me

APRIL / 9, /2012.

_(Signature of Notary)_
State of Michigan
County of Ingham
My commisson expires 2/6/2014

__Brandon Earegood__
(Signature of Server)

---

* Service was completed by an independent contractor retained by Metro Legal Services, Inc.

Metro Legal Services, Inc.
330 2nd Avenue South, Suite 150, Minneapolis, MN 55401
T (612) 332-0202 or (800) 488-8994   F (612) 332-5215

Serial # FELLA2 100115 5030

Re: 14757.423

**STATE OF MICHIGAN**

**COUNTY OF INGHAM**

**AFFIDAVIT OF SERVICE**

____Brandon Earegood____, being duly sworn, on oath says that on
(Name of Server)

__4__/__9__/2012 at __1__:__15__ __p__ M
(Date of Service)     (Time of Service)

s(he) served the attached: Summons & Complaint

upon: PulteGroup, Inc.

therein named, personally at:    CSC
                                 601 Abbott Road
                                 East Lansing, MI 48823

by handing to and leaving with:

____Andrea Garlitz____ - Service of Process Specialist
(Name of the Person with whom the documents were left)

at CSC, the Registered Agent for PulteGroup, Inc., expressly authorized to accept service of process for same, a true and correct copy thereof.

Subscribed and Sworn to before me

____Brandon Earegood____
(Signature of Server)

APRIL 9, /2012.

_____
(Signature of Notary)
State of Michigan
County of Ingham
my commission expires 2/6/2014

---

\* Service was completed by an independent contractor retained by Metro Legal Services, Inc.

**Metro Legal Services, Inc.**
330 2nd Avenue South, Suite 150, Minneapolis, MN 55401
T (612) 332-0202 or (800) 488-8994   F (612) 332-5215