# Exhibit 3

## Settlement Agreement

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>CASE TYPE: CONTRACT |

| | |
|---|---|
| Residential Funding Company, LLC,<br>Limited Liability Company, | Civil File No. 27-CV-12-18292<br>The Honorable Marilyn Brown Rosenbaum |
| Plaintiff, | |
| v. | **SETTLEMENT AGREEMENT AND RELEASE** |
| CTX Mortgage Company, Pulte Homes, Inc.<br>and PulteGroup, Inc., | |
| Defendants. | |

This Settlement Agreement and Release is made by and is between Plaintiff Residential Funding Company, LLC ("RFC") and Defendants CTX Mortgage Company ("CTX"), Pulte Homes, Inc. ("Pulte Homes"), and PulteGroup, Inc. ("PulteGroup") (collectively, "Defendants"). Plaintiff and Defendants are referred to individually as a "Party" and collectively as the "Parties."

RECITALS

WHEREAS, RFC alleges that it purchased from CTX, pursuant to the terms and conditions of that certain Client Contract (the "Client Contract"), dated March 26, 2002, a large number of residential mortgage loans;

WHEREAS, RFC alleges that CTX was a wholly owned subsidiary of Centex Corporation, which was acquired by Pulte Homes in August 2009;

WHEREAS, RFC alleges that as part of Pulte Homes acquiring Centex Corporation, Pulte Homes and PulteGroup also acquired CTX's assets and liabilities;

WHEREAS, RFC alleges that CTX is a subsidiary of PulteGroup while Defendants state that CTX was an indirect subsidiary of PulteGroup;

5434205v5

WHEREAS, RFC made a demand for CTX to repurchase from or make RFC whole for certain residential mortgage loans (identified in Exhibit A) sold to RFC by CTX (hereafter referred to as the "Subject Loans");

WHEREAS, CTX refused to repurchase from or make RFC whole for the Subject Loans;

WHEREAS, On April 9, 2013, RFC initiated a lawsuit in the State of Minnesota, County of Hennepin, Civil File No. 27-CV-12-18292 (the "Lawsuit"), against CTX, Pulte Homes and PulteGroup seeking damages for CTX's failure to repurchase from or make RFC whole for the Subject Loans;

WHEREAS, the Defendants deny all allegations in the Lawsuit as well as any claims of damages asserted by RFC;

WHEREAS, the Parties agree to settle all claims that RFC has made or could make against any one or more of CTX, Pulte Homes and PulteGroup regarding the Subject Loans;

NOW, THEREFORE, in consideration of the promises set forth herein in this Settlement Agreement and Release (hereafter the "Settlement Agreement"), and the Recitals, which are incorporated by reference, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, RFC and the Defendants hereby agree as follows:

1. **Parties.** The named parties shall be defined as follows:

"RFC" includes Residential Funding Company, LLC, f/k/a Residential Funding Corporation, and all its divisions, parent companies, subsidiaries, successors, affiliated organizations, companies, foundations, and other corporations, as well as past and present employees, agents, officials, officers, directors, board members, trustees, representatives, insurers and attorneys, both individually and in their representative capacities.

5434205v5

"CTX" includes CTX Mortgage Company, LLC, and all divisions, parent companies, subsidiaries, successors, affiliated organizations, companies, foundations, and other corporations, as well as past and present employees, agents, officials, officers, directors, board members, trustees, representatives, insurers and attorneys, both individually and in their representative capacities.

"Pulte Homes" includes Pulte Homes, Inc., and all divisions, parent companies, subsidiaries, successors, affiliated organizations, companies, foundations, and other corporations, as well as past and present employees, agents, officials, officers, directors, board members, trustees, representatives, insurers and attorneys, both individually and in their representative capacities.

"PulteGroup" includes PulteGroup, Inc., and all divisions, parent companies, subsidiaries, successors, affiliated organizations, companies, foundations, and other corporations, as well as past and present employees, agents, officials, officers, directors, board members, trustees, representatives, insurers and attorneys, both individually and in their representative capacities.

"Defendants" include CTX, Pulte Homes and PulteGroup.

2.  **Subject Loans**.  The Subject Loans are specifically identified in the attached Exhibit A.

3.  **Consideration**.  In consideration of the representations, agreements, and promises set forth in this Settlement Agreement, the Parties agree to the full release and waiver pursuant to the terms set forth herein.  In full and final settlement of RFC's claims related to the Subject Loans, and in consideration of RFC's release of any and all claims known or unknown against any one or more of the Defendants in the Lawsuit related to the Subject Loans as provided

3

below, and all other undertakings stated in this Settlement Agreement, the Defendants will pay RFC ███████████████████████████████ (hereafter referred to as the "Settlement Amount"). The Defendants agree to make payment of the Settlement Amount within ten (10) business days of both (1) the date of Bankruptcy Court approval as referenced in Paragraph 22, and (2) providing notice of the same to Defendants through their counsel.

4. **Release of Claims/Dismissal with Prejudice**.

    a. Upon RFC's receipt of the executed the Settlement Agreement and the Settlement Amount, RFC for itself, its present and past principals, representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, trustees, agents and attorneys, does hereby fully and forever release and discharge the Defendants and any entities affiliated with any one or more of them, and their present and past representatives, heirs, executors, administrators, successors, assigns, family, partners, employees, trustees, agents and attorneys from any and all claims, demands, torts, damages, obligations, liabilities, fees, costs, disbursements, expenses, rights of action, or causes of action related in any way to the Subject Loans.

    b. The Parties acknowledge that they may hereafter discover facts different from or in addition to those which they know or believe to be true up through and including the date of this Settlement Agreement, and the Parties agree that this Settlement Agreement shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

    c. Upon payment of the Settlement Amount by the Defendants to RFC, the Parties to the Lawsuit also agree to sign a Stipulation of Dismissal with Prejudice to be filed with

4

the Court for dismissal of the Lawsuit with prejudice, and without fees or costs to any of the Parties to the Lawsuit.

5. **Non-Admission of Liability**. This instrument shall not be constructed as an admission of fact, responsibility, liability or fault whatsoever by any Party, including without limitation whether Minnesota courts have jurisdiction over Pulte Homes and PulteGroup. The Parties deny any such responsibility, and deny engaging in any improper, illegal, or wrongful conduct toward each other.

6. **Enforcement Expenses of Prevailing Party**. Each Party agrees that in the event of any dispute regarding this Settlement Agreement or the claims, demands, liabilities, and causes of action included within its scope, the losing Party will be liable to reimburse, on demand, the prevailing Party for any and all expenses and costs, including, without limitation, the fees and expenses of the prevailing Party's attorneys, experts, consultants or agents that the prevailing Party may incur after the date hereof in connection with the enforcement of this Settlement Agreement.

7. **Confidentiality**. All terms of this Settlement Agreement are and shall remain confidential and shall not be disclosed to persons other than to a Party's attorneys, accountants, insurers or other professionals, or in conjunction with a due diligence investigation of either Party's business, except: a) to the extent that a Party is obligated to make disclosure as a result of legal process (including RFC's existing Chapter 11 Bankruptcy proceeding, which is specifically acknowledged by Defendants) or to perform other legal duty, or b) as agreed by each Party in a separate writing.

8. **Further Assurances**. Each Party agrees to execute all such further documents as shall be reasonably necessary or helpful to carry out the provisions of this Settlement Agreement.

5

5434205v5

9. **No Prior Assignment of Claims.** Each Party represents and warrants that said Party has not previously assigned or transferred any claim, demand, liability or cause of action that is the subject of this Settlement Agreement.

10. **Amendments and Waiver.** No amendment of any provision of this Settlement Agreement shall be effective unless it is in writing and signed by the Parties. No waiver of any provision of this Settlement Agreement, and no consent to any departure therefrom by any Party, shall be effective unless it is in writing and signed by the Parties, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

11. **Construction**. This Settlement Agreement constitutes a negotiated document. In case of any alleged ambiguity in any term of this Settlement Agreement, such term shall not be constructed in favor of or against any Party by reason of the participation of such Party or its attorneys in the negotiation or drafting of this Settlement Agreement.

12. **Applicable Law.** This Settlement Agreement shall be subject to and construed and enforced in accordance with the internal laws of the State of Minnesota without giving effect to any conflict of laws principles. The Parties also otherwise consent to jurisdiction or venue in Minnesota. In so doing, the Parties waive any objection that venue in any state or federal court in Minnesota is not convenient.

13. **Binding Effect and Assignment; Third-Party Beneficiaries**. This Settlement Agreement shall inure to the benefit of, and shall be binding upon the Parties and their respective successors and assigns.

14. **Severability**. Any provision of this Settlement Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be effective to the extent of such

5434205v5

prohibition or unenforceability without invalidating the remaining portions hereof or affecting the validity or enforceability of such provision in any other jurisdiction, and to this end, the provisions hereof are severable.

15. **Factual Investigation**. Each Party has made such investigation of the facts pertaining to this Settlement Agreement as it deems necessary.

16. **Section Headings**. Section headings in this Settlement Agreement are for convenience only and shall not in any way limit or affect the meaning or interpretation of any provision of this Settlement Agreement.

17. **Entire Agreement**. This Settlement Agreement embodies the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements and understandings relating to the subject matter hereof. Without limiting the generality of the foregoing, this Settlement Agreement represents the final agreement between the Parties as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the Parties; and there are no unwritten oral agreements between the Parties. No Party, or any officer, agent, employee, representative or attorney thereof, has made any statement or representation to any other Party regarding any facts relied upon in entering this Settlement Agreement, and no Party has relied upon any such statement or representation in executing this Settlement Agreement.

18. **Comprehension of Agreement and Due Authorization**. All Parties hereto have read this Settlement Agreement and understand the contents thereof. Each of the officers or agents executing this Settlement Agreement on behalf of their respective principals is empowered to do so and thereby bind the respective principal.

19. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts each of which, taken together, shall constitute one Settlement Agreement. Facsimile or scanned copies of signatures shall have the validity of original signatures.

20. **No Other Actions**. Each Party to this Settlement Agreement represents and warrants that it has not brought and will not bring any other suits or actions, however denominated, concerning any claim, demand, liability or cause of action that arose in any way related to the Subject Loans up through and including the date of this Settlement Agreement.

21. **Method of Payment**. Payment by the Defendants shall be made in lawful money of the United States of America in immediately available funds paid via wire transfer to RFC's account at:

> JP Morgan Chase, Chicago, Illinois 60670
> ABA ▮▮▮▮
> Credit to ▮▮▮▮▮▮▮▮▮▮
> DDA Account ▮▮▮▮
> Reference to:  CTX Mortgage Company
> Attention:  John Larson

Notice of payment shall also be provided to RFC's counsel, Donald G. Heeman, Felhaber, Larson, Fenlon & Vogt, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402.

22. **Bankruptcy Approval**. This Settlement Agreement is subject to the approval of the United States Bankruptcy Court for the Southern District of New York presiding over the Chapter 11 Case of Residential Capital, LLC (Case No. 12-12020 (MG)), and shall be of no force or effect until and unless such approval is obtained. This Settlement Agreement is equally enforceable as against the interests of the bankruptcy estate.

5434205v5

Dated: JUNE 6, 2013    Residential Funding Company, LLC

By: *[signature]*
Its: Claims Management Officer

Dated: 6/19/2013, 2013    CTX Mortgage Company

By: *[signature]*
Its: SVP, General Counsel

Dated: _____, 2013    Pulte Homes, Inc.

By: _____
Its: _____

Dated: _____, 2013    PulteGroup, Inc.

By: _____
Its: _____

5434205v5

Dated: _____, 2013   CTX Mortgage Company

By: _____
Its: _____

Dated: June 19, 2013   Pulte Homes, Inc.

By: _[signature]_____
Its: Authorized Representative

Dated: June 19, 2013   PulteGroup, Inc.

By: _[signature]_____
Its: Authorized Representative

5434205v5

EXHIBIT A

| BORROWER | RFC LOAN NUMBER | CTX LOAN NUMBER |
|---|---|---|
| ██████ | ██████ | ██████ |
| ██ | ██████ | ██████ |
| ██ | ██████ | ██████ |
| ██ | ██████ | ██████ |
| ████ | ██████ | ██████ |

5434205v5