# IN THE CIRCUIT COURT OF MOBILE COUNTY ALABAMA

GMAC MORTGAGE LLC, ET AL

GMAC MORTGAGE CORPORATION

**Plaintiff,**



V.                                    CASE NO: CV-2013-902219.00

CORLA JACKSON

**Defendant**.

## MOTION FOR RECONSIDERATION TO DISMISS AND VACATE EJECTMENT

11 U.S.C. § 362 : US Code (d) (4) (As Listed Below)

## MOTION TO REMOVED EJECTMENT OVER TO THE UNITED STATES DISTRICT COURTS UNDER DEVISERTY JURISDICTION"
Pursuant to 28 U.S.C. § 1441(a),

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW"** CORLA JACKSON hereinafter called the (DEFENDANT) files this (MOTION FOR RECONSIDERATION TO DISMISS AND VACATE EJECTMENT)" under the following grounds" by both State and Federal Laws. Grounds for Relief from a Final Judgment, Order, or Proceeding On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

☐ Diversity jurisdiction legal definition of Diversity ... Diversity of Citizenship. A phrase used with reference to the jurisdiction of the federal courts which, under the U.S. Constitution, Art.

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

Page 1 of 16

III, § 2, extends to cases. <u>(a) The district courts shall have original jurisdiction of all civil actions and matter in controversy exceeds the sum or value of $75,000,</u> exclusively" which included motions to dismiss" ejectments" unlawful detainers " violations of a prior judge orders" <u>which is all part of the plaintiffs or defendants defense.</u>

☐ Lower courts cannot make these decisions" in reference to the jurisdiction of the federal courts which, under the U.S. Constitution, Art. III, § 2, extends to cases. <u>(a) The district courts shall have original jurisdiction of all civil actions and matter in controversy exceeds the sum or value of $75,000,</u> exclusively" which included motions to dismiss" ejectments" unlawful detainers " violations of a prior judge orders" <u>which is all part of the plaintiffs or defendants defense on cases that is stayed pending federal damages and trial; on criminal offenses" such as identity theft and theft of property under federal laws.</u>

### 11 U.S.C. § 362 : US Code

(d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing; (21) under subsection (a), of any act to enforce any lien against or security interest in real property - <u>(A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title; or (B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title;</u> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition.

### 28 U.S. Code

Current through Pub. L. <u>113-52</u>. (See <u>Public Laws for the current Congress</u>.)

> (a) Generally.— A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

(b) Requirements; Generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2) : (A) When a civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; Removal Based on Diversity of Citizenship.—

(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332 (a).

(3): (A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332 (a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

(B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

(d) Notice to Adverse Parties and State Court.— Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(e) Counterclaim in 337 Proceeding.— With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.

(g) [1] Where the civil action or criminal prosecution that is removable under section 1442 (a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455 (b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

GMAC/GMAC MORTGAGE/GMAC MORTGAGE CORPORATION/GMAC MORTGAGE LLC" Has Violated Both the Automatic Stay and the Discharge Order" Issued By Judge Mahoney Under Bankruptcy Case #: (05-13142 MAM 13)" Which Prevented GMAC/GMAC MORTGAGE/GMAC MORTGAGE CORPORATION/GMAC MORTGAGE LLC" From Being A Debtor Period.

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

This Alone Was Grounds For An Injunction And Grounds To Vacate And Void An Ejectment" Under Federal Bankruptcy Laws Which Cannot Be Denied" <u>Under Bankruptcy Discharge Enforcement In New York under 11 U.S.C. 524" by means of a contempt motion of the automatic stay under 362 of the Bankruptcy.</u> Facts" (GMAC MORTGAGE CORPORATION/GMAC MORTGAGE LLC)" Their Lawyers" And The Judges They Used Has Violated A Discharge And Stay Order That Was Issued Under Judge Mahoney" Under Bankruptcy Case #: (05-13142 MAM 13).

GMAC MORTGAGE CORPORATION/GMAC MORTGAGE LLC." PROOF OF CLAIMS WERE DENIED AND CANCELLED" By Judge Mahoney Prior To The Defendant Being Discharged On (01/20/2010)" Which Prevented (Judge Shulman) From Issuing An Illegal Relief Based Upon Fake Arrearages And A Proof Of Claim Which Was Denied" And Cancelled Under Judge Mahoney" Under Bankruptcy Case #: (05-13142 MAM 13)" Under Federal Laws" Protected Jackson" And Her Property And This Was Filed" (ECF) Which Cannot Be Denied" And The Plaintiffs Covered This Up.

GMAC Mortgage Corporation/GMAC Mortgage LLC" And Their Lawyers Had Defrauded The Courts To Get An Illegal Order In Violation Of Federal Laws That Protected Jackson And Her Property" Which Was Filed (ECF)" Under Bankruptcy Case #: (05-13142 MAM 13).

JUDGE MAHONEY ORDER DISMISSING JACKSON BANKRUPTCY PRIOR TO (01/20/2010)" AND JUDGE DOBOSE ORDER GRANTING A Judgment Granting Foreclosure Order" Or Sale On Jackson Home Prior To (06/01/2012)" As Well As A Dismissal Order" Under (<u>Diversity Jurisdiction</u>) On A Case That Was Stayed In Reference To The Violations Of A Judge Order Under" Bankruptcy Case #: (05-13142 MAM 13)" Which Prevented (GMAC Mortgage) And Its Subsidiary (GMAC Mortgage Corporation/GMAC Mortgage From Becoming A Debtor.

In Addition To This" The Mortgage Contract And Deed Between Corla Jackson And GMAC Mortgage Never Existed" Which Was Required Under Banking And Federal Laws" On Mortgages That Was Secured In Pools Of Loans Backed By Security's For Illegal Profits. Also Where Is All Jackson Policy's GMAC Mortgage Stole For Additional Profits" And The Funds From Her Mortgage She Was Suppose To Receive On Her Adjustable Rate Mortgage" During The Lowest Interest Drop In A Decade. It Is Crystal Clear Corla Jackson Has Been Robbed By GMAC Mortgage Lawyers And GMAC Mortgage And Its Subsidiary's Which Cannot Be Ignored" This Is A White Collar Crime Robbery That Turned Into A Hate Crime That They Have Covered Up Here In Alabama" Because Jackson Busted The Law Firms That Actually Committed The Crime For GMAC Mortgage For Profits.

<u>Sturdivant</u> v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In <u>Sturdivant</u>, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

Page 5 of 16

This Case Just Got Worse For GMAC/GMAC MORTGAGE CORPORATION/ GMAC Mortgage LLC" And Their Lawyers That Committed Crime And More. This Case And Issue" Has Been Removed From Mobile Country Circuit Courts" Under Diversity Jurisdiction Laws" In Reference To Major Damages On A Violation Of A Prior Judges Order" That Prevented GMAC Mortgage Corporation/GMAC Mortgage LLC" From Being A Debtor Period.

The United States District Courts For The Southern Division Of Alabama" (Judge Dobose)" Did Not Issue A Judgment Granting Foreclosure Order" Or Sale On Jackson Home" And Neither Did She Dismiss This Case" Under (<u>Diversity Jurisdiction</u>) Prior To Or After The Case Was Stayed In Violation Of Bankruptcy Case #: (05-13142 MAM 13)" Which Prevented (GMAC Mortgage) And Its Subsidiary (GMAC Mortgage Corporation/GMAC Mortgage **LLC**)" From Becoming A Debtor. GMAC Mortgage Proof Of Claims Were All Denied By The Judge And Courts" As Well As All Checks Was Cancelled" That Was Being Paid To Them Under" Bankruptcy Case #: (05-13142 MAM 13)" Because They Did Not Own Jackson Note Or An Assignment Prior To Option One Mortgage Closing **On April 30, 2008" Period.**

**The Fabricated Their Assignment On A Loan That Did Not Belong To Jackson Or Option On Mortgage Attaching It To Her Property Illegally" Causing Massive Damages To Date. GMAC Mortgage Corporation/GMAC Mortgage LLC" Fabricated Their Fake Assignment On (June 19, 2008)" With The Intent To Rob Jackson" Violating A Judges Prior Order That Denied Their Proof Of Claims"** Bankruptcy Case #: (05-13142 MAM 13)" Which Prevented (GMAC Mortgage Corporation/GMAC Mortgage **LLC**) And Its Subsidiary (GMAC Mortgage Corporation/GMAC Mortgage From Becoming A Debtor.

In Addition To The Above" The Loan Number And Servicing Number Did Not Match Jackson Recorded Deeds" Or Her Loan Documents With Option One Mortgage. GMAC Mortgage Corporation/GMAC Mortgage LLC" Committed A Robbery Linked To Insurance Policy's And More That They Profited From Under False **Pretense** Using Corla Jackson Identity As Well As Her Assets" And More" Knowing" JUDGE MAHONEY ORDER DISMISSING JACKSON BANKRUPTCY PRIOR TO (01/20/2010)" AND JUDGE DOBOSE ORDER GRANTING A Judgment Granting Foreclosure Order" Or Sale On Jackson Home Prior To (06/01/2012)" As Well As A Dismissal Order" Under (<u>Diversity Jurisdiction</u>) On A Case That Was Stayed In Reference To The Violations Of A Judge Order Under" Bankruptcy Case #: (05-13142 MAM 13)" Which Prevented (GMAC Mortgage) And Its Subsidiary (GMAC Mortgage Corporation/GMAC Mortgage From Becoming A Debtor.

<u>Sturdivant v. BAC Home Loans, LP</u>, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In <u>Sturdivant</u>, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

In Addition To This" The Mortgage Contract And Deed Between Corla Jackson And GMAC Mortgage Never Existed" Which Was Required Under Banking And Federal Laws" On Mortgages That Was Secured In Pools Of Loans Backed By Security's For Illegal Profits. Also Where Is All Jackson Policy's GMAC Mortgage Stole For Additional Profits" And The Funds From Her Mortgage She Was Suppose To Receive On Her Adjustable Rate Mortgage" During The Lowest Interest Drop In A Decade.  It Is Crystal Clear Corla Jackson Has Been Robbed By GMAC Mortgage Lawyers And GMAC Mortgage And Its Subsidiary's Which Cannot Be Ignored" This Is A White Collar Crime Robbery That Turned Into A Hate Crime That They Have Covered Up Here In Alabama" Because Jackson Busted The Law Firms That Actually Committed The Crime For GMAC Mortgage For Profits.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have jurisdiction over.  The Ejectment And Dismissal Is Corla Jackson Defense And A Part Of Her Complain In Violation Of"


GMAC MORTGAGE IS NOT LISTED ON THIS EJECTMENT" BECAUSE THEY WERE SOLD AND NO LONGER IS IN BUSINESS SERVICING ANYONE LOANS AFTER WHAT HAPPEN TO ALL THE VICTIMS NATIONWIDE BY THEIR SUBSIDIARY'S LIKE" GMAC MORTGAGE CORPORATION/GMAC MORTGAEG LLC.



Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

Page 7 of 16

GMAC MORTGAGE LLC DID NOT HAVE LACK OF STANDING TO FILE AN EJECTMENT OR A UNLAFULLY DETAINER" UNDER JUDGE JOHNSTON" OR JUDGE HARDESTY JR. WHAT HAS HAPPEN HERE" GMAC MORTGAGE LLC" AND THEIR LAWYERS HAS DEFRAUDED THE COURTS" TO GET AN ILLEGAL EJECTMENT OUTSIDE FEDERAL AND STATE LAWS" THEY DID NOT OWN JACKSON NOTE OR THE ASSIGNMENT AND THEIR PROOF OF CLAIMS WERE ALL DENIED" UNDER BANKRUPCTY CASE #: (05-13142 MAM 13) UNDER JUDGE MAHONEY.

JACKSON WAS DISCHARGED ON (01/20/2010) WHICH JUDGE MAHONEY DENIED GMAC MORTGAGE PROOF OF CLAIMS AND CANCELLED ALL CHECKS BEING MADE TO THEM AND THEY KNEW AND VIOLATED HER ORDERS" AFTER (01/20/2010)" WITH THE INTENT TO DEFRAUD THE COURTS AND ROB JACKSON FOR ILLEGAL PROFITS UNDER FALSE PRETENSE AT HER EXPENSE" IN MORE THAN ONE WAY. JACKSON CASE" IS STAYED AND IS PENDING TRIAL IN THE UNITED STATES DISTRICT COURTS" (12-00111-KD-B) WHO DID NOT STAY GMAC MORTGAGE RELIEF" THIS CASE IS STILL PENDING TRIAL" ON BOTH ISSUES AND MASSIVE DAMAGES TO DATE CAUSED BY GMAC MORTGAGE CORPORATION/GMAC MORTGE LLC et, al., AND THEY KNEW THIS.

THIS IN THIS MOTION FILED TODAY" CAN BE VERIFIED THROUGH THE JUDICIAL SYSTEM" WHICH IS PUBLIC RECORDS" WHICH CANNOT BE IGNORED" OR VIOLATED UNDER STATE AND FEDERAL LAWS" THIS IS A ROBBERY THAT TOOK PLACE HERE" THAT THE PLAINTIFF'S COVERED UP" WHICH IS UNCOVERED " BACKED BY THE EVIDENCE TO DATE" AND MUCH MORE. SEE ORIGINAL DOCUMENTS FILED" UNDER THIS CASE FOR REFERENCE IF NEEDED: **CASE NO: CV-2013-902219.00 & NOTICE OF REMOVAL"** CASE #: CV 2012-00049" ON DIVERSITY JURISDICTION CASE STAYED ON ALL THE ISSUES PERTAINING THIS ISSUE AND CASE" THAT WAS MOVED FROM MOBILE COUNTY CIRCUIT COURTS TO THE FEDERAL COURTS" IN THE UNITED STATES DISTRICT COURTS" (12-00111-KD-B) WHO DID NOT JUST STAY GMAC MORTGAGE DISMISSAL" SHE STAYED JACKSON ENTIRE COMPLAINT WHICH INCLUDED THE ISSUES THAT INVOVLED AN INJUNCTION/CEJECTMENT" AND MUCH MORE.

_Corla Jackson_ 1/13/2014
Corla Jackson
Corla Reeves Jackson
_Corla Reeves Jackson_ 1/13/2014
13230 Tom Gaston Road

Mobile, Alabama. 36695

Phone: 251.554.1785

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.