Jessica C.K. Boelter
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000 (tel)
(312) 853-7036 (fax)

Alex Rovira
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300 (tel)
(212) 839-5599 (fax)

Attorney for Nationstar Mortgage LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
|   :   |
In re:                                     :          Chapter 11
                                           :
RESIDENTIAL CAPITAL, LLC, et al.,[1]       :          Case No. 12-12020 (MG)
                                           :
                                           :          Jointly Administered
                            Debtors.       :
-------------------------------------------------------- x

### REQUEST OF NATIONSTAR MORTGAGE LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

Nationstar Mortgage LLC ("Nationstar"), by and through its undersigned counsel,

files this Request for Allowance and Payment of Administrative Claim ("Request for Payment")

against GMAC Mortgage, LLC ("GMAC"), one of the debtors in these administratively

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

consolidated cases (collectively, the "<u>Debtors</u>").  In support of its request, Nationstar respectfully

states as follows:[2]

## I.    BACKGROUND

1.    On November 14, 2008, Nationstar and GMAC entered into an Asset

Purchase Agreement between GMAC and Nationstar (the "<u>GMAC APA</u>"), pursuant to which

Nationstar purchased from GMAC the right to service certain mortgage loans held by the Federal

National Mortgage Association ("<u>FNMA</u>") (the "<u>GMAC Transaction</u>").[3]  <u>See</u> Decl. of Edward

Lam, attached hereto as <u>Exhibit A</u> (the "<u>Lam Decl.</u>"), at ¶ 3.

2.    The GMAC APA expressly provides that "Excluded Liabilities" are

deemed to include, among other things, all repurchase obligations that are owed to FNMA or any

other third party as a result of acts or omissions of GMAC or any prior servicer with respect to

the servicing of mortgage loans prior to the closing of the GMAC Transaction or the obligor or

any originator with respect to the origination of any mortgage loans.  <u>See</u> GMAC APA § 5.8.

Although Nationstar asserts that it has no obligation to purchase mortgage loans in these

circumstances because such repurchase obligations are Excluded Liabilities, if Nationstar were

required to purchase such mortgage loans, Nationstar is entitled to require GMAC to repurchase

any such mortgage loans from Nationstar.[4]  <u>See</u> Lam Decl. at ¶ 4.

3.    Additionally, on the Petition Date, the Debtors filed their *Motion for*

*Interim and Final Orders Under Sections 105(a), 363, 364, 503(b), 1107(a), and 1108 of the*

---

[2] Capitalized terms used in this Request for Payment but not otherwise defined shall have the meaning ascribed to them in the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al, and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (as may be amended, modified or supplemented from time to time, the "<u>Plan</u>").

[3] The GMAC APA is voluminous and is thus not attached hereto.  In addition, GMAC is a party to the GMAC APA and, based on information and belief, has a copy of the GMAC APA in its custody and control.

[4] Additionally, Nationstar has the right to be indemnified by GMAC under the terms of the GMAC APA for any repurchased mortgages.

*Bankruptcy Code Authorizing the Debtors to (I) Process and Where Applicable Fund Prepetition Mortgage Loan Commitments, (II) Continue Brokerage, Origination and Sale Activities Related to Loan Securitization, (III) Continue to Perform, and Incur Postpetition Secured Indebtedness, Under the Mortgage Loan Purchase and Sale Agreement with Ally Bank and Related Agreements, (IV) Pay Certain Prepetition Amounts Due to Critical Origination Vendors, and (V) Continue Honoring Mortgage Loan Repurchase Obligations Arising In Connection with Loan Sales and Servicing, Each In the Ordinary Course of Business* [Docket No. 44] (the "<u>Motion for Continuation of Origination Activities</u>") in which the Debtors requested, among other things, authorization to honor their mortgage loan repurchase obligations.

4.      The Court entered a final order approving the Debtors' Motion for Continuation of Origination Activities on July 25, 2012.  <u>See</u> *Final Order Under Sections 105(a), 363, 364, 503(b), 1107(a), and 1108 of the Bankruptcy Code Authorizing the Debtors to (I) Process and Where Applicable Fund Prepetition Mortgage Loan Commitments, (II) Continue Brokerage, Origination and Sale Activities Related to Loan Securitization, (III) Continue to Perform, and Incur Postpetition Secured Indebtedness, Under the Mortgage Loan Purchase and Sale Agreement with Ally Bank and Related Agreements, (IV) Pay Certain Prepetition Amounts Due to Critical Origination Vendors, and (V) Continue Honoring Mortgage Loan Repurchase Obligations Arising In Connection with Loan Sales and Servicing, Each In the Ordinary Course of Business* [Docket No. 898] (the "<u>Final Order Authorizing Continuation of Origination Activities</u>" or the "<u>Final Order</u>").  The Final Order authorized the Debtors to honor their loan repurchase obligations up to certain aggregate amounts specified in the Final Order which, to Nationstar's knowledge, the Debtors have not be exceeded as of the date of filing this Request for Payment.  <u>See</u> Final Order at ¶ 26.

3

5.      On December 17, 2013, the Debtors filed their *Notice of the Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138] ("Admin. Claims Notice").  Pursuant to the Admin. Claims Notice, all holders of administrative claims (excluding certain categories of holders listed therein—none of which apply to Nationstar) must file a Request for Payment so as to be received no later than January 16, 2014, or will be barred from asserting such administrative claims against the Debtors.

## II.      REPURCHASE CLAIMS

6.      Between May 14, 2012 and December 17, 2013, Nationstar received demands to repurchase eight mortgage loans as a result of acts or omissions of GMAC.  The total amount of the mortgage loans at issue is $928,764.08.  These repurchase obligations are GMAC's obligations and, pursuant to the GMAC APA and the Final Order, must be satisfied by GMAC.  Accordingly, Nationstar hereby submits this Request for Payment for the amount of repurchase demands noted above.  See Lam Decl. at ¶ 5.

## III.      RESERVATION OF RIGHTS

7.      In filing the Request for Payment, Nationstar expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against GMAC and the other Debtors.  The description of the claim and the classification thereof herein by Nationstar is not a concession or admission as to the correct characterization or treatment of any such claim or a waiver of any rights of Nationstar.  Furthermore, Nationstar expressly reserves all rights to amend, modify and/or supplement the Request for Payment in any respect, including, without limitation, with respect to the filing of a further Request for Payment for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional Requests for Payment for additional claims, including, without limitation, claims for interest, fees, and related expenses that are not ascertainable at this time.

4

8.      Without limiting any of the foregoing, Nationstar reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal and administrative fees and expenses (including, without limitation, fees incurred in connection with the preparation, filing, and prosecution of this Request for Payment) that exist or arise as of or after the date of the filing of the Request for Payment, as may be provided for, permitted, or contemplated under applicable laws.

9.      In addition, Nationstar hereby reserves the right to assert any and all rights of setoff that it may have in respect of the claim, including, without limitation, the right to setoff its claim against any claims that the Debtors (or any successor, assignee, or person claiming through the Debtor) may assert against it.  The administrative claim is filed as a secured claim to the extent of the value of the rights of setoff securing the claim and as a general unsecured claim to the extent that the amount of the claim exceeds the value of such setoff rights.

10.      The Request for Payment is filed without prejudice to the filing by Nationstar of additional proofs of claim or requests for payment with respect to any other indebtedness, liability, or obligation of the Debtor(s).

11.      In executing and filing this Request for Payment, Nationstar does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Request for Payment against GMAC and does not waive or release: (a) its rights and remedies against any other person or entity who may be liable for all or part of the claim set forth herein, whether an affiliate or subsidiary of GMAC, an assignee, guarantor, or otherwise, (b) any obligation owed to Nationstar, or any right to any security that may be determined to be held by Nationstar or for its benefit, (c) any past, present, or future defaults (or events of default) by

GMAC or others, or (d) any right to the subordination, in favor of Nationstar, of indebtedness or liens held by other creditors of the Debtors. The filing of the Request for Payment is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

12. Nothing contained in the Request for Payment nor subsequent appearance, pleading, claim, or suit is intended to be a waiver or release of: (i) the right of Nationstar to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of Nationstar to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Nationstar to move to withdraw the reference, assert that the reference has already been withdrawn, or otherwise challenge the jurisdiction of the Court, with respect to the subject matter of this Request for Payment, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in these cases against or otherwise involving Nationstar; (iv) the right of Nationstar to have any unliquidated portions of its claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs, or recoupments to which Nationstar is or may be entitled under agreements, documents, or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

## IV.    NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT

13. All communications in connection with the Request for Payment should be sent to:

Nationstar Mortgage LLC
Attn: Office of General Counsel
350 Highland Drive
Lewisville, TX 75067

Sidley Austin LLP
Attn: Jessica Boelter
One South Dearborn
Chicago, IL 60603

## V.    REQUEST FOR RELIEF

WHEREFORE, Nationstar respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, finally allowing Nationstar's administrative claim in the amount of $928,764.08; directing payment of the full balance to Nationstar within fourteen (14) days; and granting such other and further relief as this Court deems just and equitable.

Dated: New York, New York
     January 16, 2014

SIDLEY AUSTIN LLP

By:    /s/ Alex R. Rovira
    Alex R. Rovira
    SIDLEY AUSTIN LLP
    787 Seventh Avenue
    New York, NY  10019
    (212) 839-5300 (tel)
    (212) 839-5599 (fax)

    Jessica C.K. Boelter
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL  60603
    (312) 853-7000 (tel)
    (312) 853-7036 (fax)

    Attorney for Nationstar Mortgage LLC

## CERTIFICATE OF SERVICE

I, Jessica C.K. Boelter, an attorney, certify that a true and correct copy of the

*Request of Nationstar Mortgage LLC for Allowance and Payment of Administrative Claim* was

filed with the Clerk of the U.S. Bankruptcy Court, Southern District of New York, using the

CM/ECF filing system, which caused a copy to be electronically mailed to all CM/ECF

participants registered to receive electronic notices in the above captioned case on this 16th day

of January, 2014.  I further certify that I caused to be served, via e-mail, a true and correct copy

of the foregoing pleading and Proposed Order to the U.S. Trustee for the Southern District of

New York and the Plan Proponents listed below, per the *Notice of the Deadline and Procedures*

*for Filing Certain Administrative Claims*.

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>Gary S. Lee (glee@mofo.com)<br>Lorenzo Marinuzzi<br>(lmarinuzzi@mofo.com)<br>Todd M. Goren (tgoren@mofo.com)<br>Jennifer L. Marines (jmarines@mofo.com)<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | KRAMER LEVIN NAFTALIS & FRANKEL<br>LLP<br>Kenneth H. Eckstein<br>(keckstein@kramerlevin.com)<br>Douglas H. Mannal (dmannal@kramerlevin.com)<br>Stephen D. Zide (szide@kramerlevin.com)<br>Rachael L. Ringer (rringer@kramerlevin.com)<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000 |
| Counsel for Debtors and Debtors-in-<br>Possession | Counsel for the Official Committee of Unsecured<br>Creditors |

Dated: New York, New York
        January 16, 2014

   /s/ Jessica C.K. Boelter
   Jessica C.K. Boelter

## EXHIBIT A

### DECLARATION OF EDWARD LAM

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | : | Case No. 12-12020 (MG) |
|  | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |

-------------------------------------------------------- x

### DECLARATION OF EDWARD LAM IN SUPPORT OF THE REQUEST OF NATIONSTAR MORTGAGE LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

Edward Lam declares, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.      I am Executive Vice President Finance of Nationstar Mortgage LLC ("Nationstar").  I submit this declaration (the "Declaration") in support of the *Request of Nationstar Mortgage LLC for Allowance and Payment of Administrative Claim* (the "Request for Payment"), filed contemporaneously herewith.

2.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience.  If I were called upon to testify, I could and would testify to each of the facts set forth herein based upon such personal knowledge, review of the documents, or opinion.

3.      On November 14, 2008, Nationstar and GMAC[2] entered into an Asset Purchase Agreement between GMAC and Nationstar (the "GMAC APA"), pursuant to which

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

[2] Capitalized terms used in this Request for Payment but not otherwise defined shall have the meaning ascribed to them in the *Request for Payment*.

1

Nationstar purchased from GMAC the right to service certain mortgage loans held by the Federal

National Mortgage Association ("FNMA") (the "GMAC Transaction").[3]

4.      The GMAC APA expressly provides that "Excluded Liabilities" are

deemed to include, among other things, all repurchase obligations that are owed to FNMA or any

other third party as a result of acts or omissions of GMAC or any prior servicer with respect to

the servicing of mortgage loans prior to the closing of the GMAC Transaction or the obligor or

any originator with respect to the origination of any mortgage loans.  Although Nationstar asserts

that it has no obligation to purchase mortgage loans in these circumstances because such

repurchase obligations are Excluded Liabilities, if Nationstar were required to purchase such

mortgage loans, Nationstar is entitled to require GMAC to repurchase any such mortgage loans

from Nationstar.[4]

5.      Between May 14, 2012 and December 17, 2013, Nationstar received

demands to repurchase eight mortgage loans as a result of acts or omissions of GMAC.  The total

amount of the mortgage loans at issue is $928,764.08.  These repurchase obligations are

GMAC's obligations and, pursuant to the GMAC APA and the Debtors' Final Order Authorizing

Continuation of Origination Activities, must be satisfied by GMAC.

---

[3] The GMAC APA is voluminous and is thus not attached hereto.  In addition, GMAC is a party to the GMAC APA and, based on information and belief, has a copy of the GMAC APA in its custody and control.

[4] Additionally, Nationstar has the right to be indemnified by GMAC under the terms of the GMAC APA for any repurchased mortgages.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.


Executed this 16th day of January 2014.

                                           /s/ Edward Lam
                                           By: Edward Lam

**E**XHIBIT **B**

**P**ROPOSED **O**RDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                         :
In re:                                                   :          Chapter 11
                                                         :
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1]              :          Case No. 12-12020 (MG)
                                                         :
                                                         :          Jointly Administered
                                      Debtors.           :
-------------------------------------------------------- x

## ORDER GRANTING REQUEST OF NATIONSTAR MORTGAGE LLC
## FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

This matter came before the Court on the Request of Nationstar Mortgage LLC

("<u>Nationstar</u>") for Allowance and Payment of Administrative Claim ("<u>Request for Payment</u>").  In

the Request for Payment, Nationstar requests allowance of an administrative claim totaling

$928,764.08 for mortgage repurchase obligations of GMAC Mortgage, LLC ("<u>GMAC</u>"), one of

the debtors in these administratively consolidated cases (collectively, the "<u>Debtors</u>").  Upon

consideration of the Request for Payment and any opposition filed thereto, it is hereby:

**ORDERED**, that Nationstar is granted an allowed administrative claim in the

amount of $928,764.08, which is entitled to priority status; and it is

**FURTHER ORDERED**, that the Debtors are directed to pay Nationstar

$928,764.08 within fourteen (14) days of entry of this Order.

Dated: _____, 2014
New York, New York

_____
HON. MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

1