CLIFFORD CHANCE US LLP
31 West 52 Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Adam Lesman
Leah S. Edelboim

*Counsel for Ocwen Loan Servicing, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**OCWEN LOAN SERVICING, LLC'S REQUEST
FOR PAYMENT OF ADMINISTRATIVE CLAIMS**

Ocwen Loan Servicing, LLC ("Ocwen"), by its undersigned counsel, hereby files its

Request For Payment of Administrative Claims (the "Request for Payment") pursuant to section

503(b)(1)(A) of the Bankruptcy Code and in accordance with the terms of the *Order Confirming*

*Second Amended Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the*

*Official Committee of Unsecured Creditors* [Docket No. 6065] (the "Confirmation Order"); the

*Second Amended Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the*

*Official Committee of Unsecured Creditors* [Docket No. 6030] (as may be amended, modified or

supplemented from time to time, the "Plan") and the *Order Under 11 U.S.C. §§ 105, 363, and*

*365 and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets*

*Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "Sale Order").  In support of its Request for Payment, Ocwen respectfully represents as follows:

**BACKGROUND**

1. Ocwen and Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC ("GMAC") and certain other entities that are Debtors in the above-captioned chapter 11 cases (collectively, the "Sellers")[1] are parties to that certain Asset Purchase Agreement, dated as of November 2, 2012, pursuant to which Ocwen, as Purchaser, acquired, among other things, the servicing platform, certain mortgage servicing rights ("MSRs") and related assets of the Sellers, and pursuant to which the parties agreed to enter into certain ancillary agreements in connection therewith (the "Ocwen APA").[2]

2. The Ocwen APA, as defined in the Sale Order, includes a number of Ancillary Agreements (as that term is defined in the Ocwen APA) pursuant to which the Sellers had material continuing obligations during the post-petition period.  The Ancillary Agreements include, but are not limited to the Servicing Transfer Agreement and each of the agreements set forth in Section 2.10 of the Ocwen APA.

3. The Ocwen APA provides, among other things, that "any claims arising from breaches by any Sellers of their obligations pursuant to the terms of this Agreement shall

---

[1] The Seller Parties to the Ocwen APA include Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, Executive Trustee Services, LLC, ETS of Washington, Inc., EPRE LLC, GMACM Borrower LLC and RFC Borrower LLC.

[2] As used herein, the defined term "Ocwen APA" shall have the meaning ascribed to it in the Sale Order.

constitute administrative expense claims against the Sellers under Sections 503(b)(1) and 507(a)(1), as applicable, of the Bankruptcy Code." *See* Ocwen APA at § 12.1.

4. On November 21, 2012, the Court entered the Sale Order authorizing the Sellers' entry into the Ocwen APA and approving, among other things, the sale of the servicing platform and the MSRs to Ocwen pursuant to the terms of the Ocwen APA (the "Sale"). The Sale Order mandates that "the Debtors are authorized and directed to perform their obligations under, and comply with the terms of, the Ocwen APA . . . ." *See* Sale Order at ¶ 3

5. On January 31, 2013, Ocwen, ResCap, Ally Financial Inc. ("AFI") and Walter Investment Management Corporation ("Walter") entered into that certain AFI/ResCap/Ocwen/Walter Cooperation Agreement (the "Cooperation Agreement") (which for the purposes hereof shall be included in the definition of Ocwen APA).

6. On February 15, 2013, the Sale closed (the "Closing Date").

7. On December 11, 2013, the Court entered the Confirmation Order confirming the Plan. The Confirmation Order provides that "holders of Administrative Claims[3] that arose prior to the Effective Date[4] . . . must File and serve on the Plan Proponents or the Liquidating Trust, as applicable, requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation

---

[3] An "Administrative Claim" is defined in the Plan, in relevant part, as "any Claim for costs and expenses of administration under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date through the Effective Date of preserving the Estates and operating the businesses of the Debtors; . . . (d) any indebtedness or obligations assumed by the Debtors in connection with the conduct of their businesses . . . ." *See* Plan at Art. I(A)(4).

[4] The Confirmation Order explicitly provides that "Ocwen shall *not* be required to file an Administrative Claim to preserve its rights or Claims arising *after* the Effective Date from or related to the Ocwen APA." *See* Confirmation Order at ¶ 31 (emphasis added).

3

Order, on or before the first Business Day that is thirty (30) days following the Effective Date . . . ." *See* Confirmation Order at ¶ 50(f); s*ee also* Plan at Art. II(A)(2).

8. On December 17, *2013*, the Debtors filed the *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors and Occurrence of Effective Date* [Docket No. 6137] providing notice that the Effective Date of the Plan occurred on December 17, 2013 and that requests for payment of an Administrative Claim accrued on or before the Effective Date must be submitted no later than January 16, 2014 (the "Administrative Claims Bar Date").  Also on December 17, 2013, the Debtors filed the *Notice of the Deadline and Procedures For Filing Certain Administrative Claims* [Docket No. 6138] providing notice of the Administrative Claims Bar Date and setting forth the procedures for the filing of Administrative Claims.

## REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIMS

9. The Plan provides that Administrative Claims are to consist of, among other things, "any indebtedness or obligations assumed by the Debtors in connection with the conduct of their businesses . . . ." *See* Plan at Art. I(A)(4).  As stated above, the "Ocwen APA" is comprised of the Asset Purchase Agreement, several other Ancillary Agreements (as that term is defined in the Ocwen APA) and the Cooperation Agreement, all of which are post-petition agreements containing indebtedness and/or obligations explicitly assumed by certain Debtors, including Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, Executive Trustee Services, LLC, ETS of Washington, Inc., EPRE LLC, GMACM Borrower LLC and RFC Borrower LLC.  The Sale Order mandates the Debtors' compliance with the terms and the performance of all their obligations under the Ocwen APA.  *See* Sale Order at

4

3. To the extent any Debtor should fail to perform its obligations or comply with the terms of the Ocwen APA, Ocwen is entitled to administrative expense claims against that Debtor under Sections 503(b)(1) of the Bankruptcy Code. *See* Ocwen APA at § 12.1. As set forth in the Confirmation Order at Paragraph 31, all Ocwen's rights against the Debtors were preserved and enforceable against the Liquidating Trust.[5] As such Ocwen is not required to file an administrative claim to preserve its rights under the Ocwen APA and Ancillary Agreements. *See* Confirmation Order at ¶ 31. Notwithstanding, Ocwen makes this Request for Payment out of an abundance of caution with respect to certain amounts identified as of the date hereof for which Ocwen is entitled to a claim pursuant to the Ocwen APA. The failure to include all amounts that may be asserted shall not impair Ocwen's rights with respect to enforcement of the Ocwen APA and Ancillary Agreements pursuant to the Sale Order and the Confirmation Order.

   10.  Ocwen hereby asserts an Administrative Claim in the amount of $136,928.82 for amounts paid erroneously to Residential Capital LLC for usage of SAS Institute Inc. ("SAS") software and for any amounts asserted by SAS to be owing by Ocwen in connection with the purported unauthorized use of the SAS software license.

   11.  Pursuant to that certain Master License Agreement dated January 18, 2007, SAS granted to Residential Funding Corporation a license to use certain software as set forth in the agreement between the parties (the "SAS License"). Pursuant to that certain Bill of Sale dated as of February 15, 2013, the Sellers under the Ocwen APA conveyed to Ocwen certain of the Ocwen Purchased Assets (as defined in the Ocwen APA) which included a number of Assumed

---

[5] The Confirmation Order provides that "[t]he Liquidating Trust shall assume and perform any and all rights, benefits, duties and obligations of the Debtors under the Ocwen APA and the Ocwen Sale Order in accordance with their terms, and such rights, benefits, duties and obligations shall not be deemed to have been released or discharged by the occurrence of the Effective Date, by any provisions of the Plan (including, but not limited to, the provisions of Article IX of the Plan), or otherwise." *See* Confirmation Order at ¶ 31

Contracts (as defined in the Ocwen APA). The list of Assumed Contracts is set forth in Schedule A to the Bill of Sale and included the SAS License.

12. Nonetheless, ResCap continued to charge Ocwen for amounts owed in connection with the SAS License. As such, when Ocwen received an invoice from Residential Capital LLC dated June 30, 2013 for use of IT resources including use of the SAS License, Ocwen made payment for the amount due with respect to the SAS License in the amount of $136,928.82.

13. Because the SAS License was in fact property of Ocwen as per the Bill of Sale, this invoice generated by Residential Capital LLC and the amount paid by Ocwen were both in error. Accordingly, Ocwen hereby asserts an Administrative Claim in the amount of $136,928.82 for the return of the payment made erroneously to Residential Capital LLC.

14. SAS also has asserted a claim against Ocwen in connection with the purported unauthorized use of the SAS license by the Debtors, AFI and DiTech in connection with certain transition services agreements by among such parties and dated as of February 15, 2013. Ocwen reserves its rights in connection therewith and disputes that any such amount is payable by Ocwen. Notwithstanding, Ocwen asserts a contingent Administrative Claim in an unliquidated amount to the extent that Ocwen is obligated for any amounts in connection therewith.

**RESERVATION OF RIGHTS**

15. Ocwen expressly reserves the right to amend or supplement this Request for Payment at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, liquidating, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the

Administrative Claims set forth herein. Ocwen does not waive any right to amounts due for any Administrative Claim asserted herein by not stating a specific amount due for any such claim at this time, and Ocwen reserves the right to amend or supplement this Request for Payment, if Ocwen should deem it necessary or appropriate, to assert and state an amount for any such claim.

16. Ocwen does not, by filing this Request for Payment, waive any of its rights under the Ocwen APA or any other agreements between it and any other Debtor, at law or in equity. This Administrative Claim is not intended to be and shall not be construed as (i) an election of remedies or choice of law or (ii) as a waiver or limitation of any rights, remedies, claims, defenses or interests of Ocwen. By filing this Request for Payment, Ocwen does not waive, and expressly reserves, its right to pursue any and all claims accruing prior to the Effective Date (including, but not limited to, the Administrative Claims described herein) against any Debtor based upon additional or alternative legal theories. Ocwen further reserves any and all of its rights remedies, claims, defenses or interests with respect to the obligations of the Liquidating Trust to assume and perform upon the Effective Date any and all rights, benefits, duties and obligations of the Debtors under the Ocwen APA and the Ocwen Sale Order in accordance with their terms.

17. The documents in support of the foregoing Adminstrative Claims are voluminous and will be provided to the Liquidating Trustee and the Committee upon consent.

Dated: New York, New York
January 16, 2014

Respectfully submitted,

CLIFFORD CHANCE US LLP

By: /s/ *Jennifer C. DeMarco*
Jennifer C. DeMarco
Adam Lesman
Leah S. Edelboim
31 West 52 Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Counsel for Ocwen Loan Servicing, LLC*