LAIRD J. HEAL, ESQ.
120 Chandler Street #2R
Worcester, MA 01609
Telephone:    508-459-5095
Facsimile:    508-459-5320
Laird J. Heal (*admitted pro hac vice*)

Counsel for Creditor Mary F. Singleton

# United States Bankruptcy Court
## Southern District of New York
## Manhattan Division

|  |  |
|---|---|
| In Re RESIDENTIAL CAPITAL, LLC, et al, ) <br>     Debtors ) <br> ) <br> ) <br> ) | Debtor Case No. 12-12020-MG <br><br> Chapter 11 <br><br><br> (Jointly Administered) |

REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM OF MARY F. SINGLETON

    Mary F. Singleton ("Mary") by and through her undersigned counsel, hereby requests (the "Request") allowance of her administrative expense claim pursuant to 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") for a post-petition debt incurred by the above-captioned debtors (the "Debtors"). Mary also requests payment of the Administrative Expense Claim pursuant to the Plan (defined below). In support of this Request, Mary respectfully represents as follows:

    1.    On May 14, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

    2.    Mary has a mortgage loan which was, on the Petition Date, being serviced by GMAC Mortgage, LLC, one of the jointly administered Debtors.

    3.    On December 11, 2013, this Court entered an Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the

Official Committee of Unsecured Creditors [#6065] (the "Confirmation Order"), confirming the Plan.

4. As of December 11, 2013, GMAC owed Mary $2,700 for an insurance check she sent for endorsement but which was never returned and which the insurer reports as cashed, so will not reissue as stale. Mary saved the tear-off stub from the check but did not record the exact amount or the date, but she states that it was in the period after the Petition Date. An Exhibit is attached.

5. Upon information and belief, GMAC took this money which was intended to be used to repair Mary's property at 438 Huntington Avenue, Hyde Park, Massachusetts 02136, and did so after assuring her that the check would be endorsed and returned to her.

6. Such an act qualifies as an unfair and deceptive practice under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, which provides for treble damages for violations of said c. 93A. Mary should therefore be paid $8,100 as a debt incurred by the Debtors during the pendency of the Bankruptcy Case.

7. Mary submits that the above qualifies as an administrative expense under the general rule of 11 U.S.C. § 503(b).

**RESERVATION OF RIGHTS**

8. May reserves her rights to amend and/or supplement this Request. May files this Request without prejudice to any other claims Mary may hold against the Debtors.

9. WHEREFORE, Mary F. Singleton respectfully requests that her Administrative Expense Claim be (i) allowed in the amount of $2,700, (ii) enhanced by operation of Mass. G. L. c. 93A to $8,100, and (iii) be paid as an Allowed Administrative

Expense Claim under the Plan.

Dated:  January 16, 2014
       Worcester, Massachusetts       Respectfully submitted

                                              /s/ Laird J. Heal
                                              Laird J. Heal, pro hac vice
                                              120 Chandler St. # 2R
                                              Worcester, MA 01609
                                              Telephone (508) 459-5095
                                              Facsimile: (508) 459-5320

                                              *Attorney for Mary F. Singleton*