**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

　　　　　　　　　　　　　Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING KENNETH RUSSO JR. AND RAYIETTA HILL'S OBJECTION TO**
**SUPPLEMENTAL ORDER**

　　　Pending before the Court is the *Objection to Supplemental Order* (the "Objection," ECF Doc. # 6151), filed by Kenneth Russo Jr. and Rayietta Hill (the "Movants"). While not styled as a motion for reconsideration, that is what this Objection effectively is and that is how the Court will treat it. Through the Objection, the Movants ask the Court to reconsider its *Supplemental Order Granting Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims) With Respect to Claim No. 6843 of Kenneth Russo Jr. and Rayietta Hill* (the "Order," ECF Doc. # 6000).

　　　Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56

F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

The Movants filed a late proof of claim in this bankruptcy proceeding. It is well established that proper mailing of the notice of a bar date raises a rebuttable presumption of receipt. *In re AMR Corp.*, 492 B.R. 660, 663–64 (Bankr. S.D.N.Y. 2013). As detailed by the Court in the Order, the Debtors successfully raised this presumption and the Movants failed to rebut it. In the Objection, the Movants do not introduce any new evidence bearing on the Court's decision or establish that the Order is based upon a "clear error of law." Nor do the Movants identify any new controlling law that should alter the Court's analysis. Instead, the Movants reassert that they were financially damaged and plead with the Court "to allow this small, late file[d] claim to be allowed in this isolated situation." The Movants also include a cryptic statement indicating that a photo in their recently received loan refinancing application was "photo shopped to artificially increase the value of the property." It is unclear to the Court how this relates to the Movants' late-filed claim or to their reasons for filing that claim after the bar date. For these reasons, the Movants have failed to satisfy the standards for reconsideration. Therefore, the Objection is **DENIED**.

    **IT IS SO ORDERED.**

Dated:   January 17, 2014
           New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                     United States Bankruptcy Judge