UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    Residential Capital, LLC, *et. al.*

Debtors.

Chapter 11

Case No. 12-12020

## ORDER DENYING WITHOUT PREJUDICE THE DEBTORS' THIRTIETH OMNIBUS OBJECTION AS TO CLAIM 3582 FILED BY JUDITH AND JAMES WINKLER

Pending before the Court is the *Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 4887). This Order pertains only to Claim Number 3582 filed by Judith and James Winkler (the "Winkler Claim"). In support of the Objection, the Debtors filed the Declarations of Deanna Horst (Objection Ex. 1), Norman S. Rosenbaum (Objection Ex. 2), and Robert D. Nosek (Objection Ex. 3). The Winklers filed a response to the Objection (ECF Doc. # 5306), and the Debtors filed a reply (the "Reply," ECF Doc. # 5728). The Debtors also a Supplemental Declaration of Deanna Horst in support of the Objection (ECF Doc. # 5728-3). Through the Objection, the Debtors' seek expungement of the Winkler Claim, although the grounds for expungement differ between the Debtors' Objection and their Reply.

The Winkler Claim, asserting a $298,682.96 unsecured claim against the Debtors, did not state the basis for the Claim, but the Winklers attached two letters from their attorney to GMAC Mortgage ("GMACM"). In those letters, the Winklers' attorney described GMACM's misapplication of payments, the difficulties that ensued with the Winklers' attempted HAMP loan modification, and the Winklers' request to begin the modification process anew. The Debtors acknowledge that they misapplied two payments from the Winklers. (*See* Reply ¶ 12.) The Debtors objected to the Claim on the grounds that the Claim seeks damages related to

litigation against the Debtors that was previously dismissed with prejudice. (*See* Objection ¶ 22; *see also* Objection Ex. A, row 80). Neither letter attached to the Winkers' proof of claim mentioned any litigation, and the Debtors did not identify the litigation supposedly precluding the Winkler Claim in their Objection. Only in their Reply did the Debtors address the substance of the Winkler Claim—asserting that the Claim is moot because the Winklers have now obtained a loan modification. Whether or not that contention is true, the Debtors denied the Winklers an opportunity to respond to that argument by only offering the argument for the first time on Reply.

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Here, the Debtors misidentified the basis of their Objection in their initial filing. They admitted as much in their Reply. (*See* Reply ¶ 5.) The Objection therefore did not shift the burden back to the Winklers. In their Reply, the Debtors seemingly provided sufficient detail to shift the burden back to the Winklers, but the Winklers must have an opportunity to respond. The Court therefore **DENIES** the Objection without prejudice. The Debtors may re-file an

objection to the Winkler Claim providing all of the substantive bases for the objection in the opening papers so the Winklers can have an adequate opportunity to respond the Debtors' objection.  This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

    **IT IS SO ORDERED.**

Dated: January 17, 2014
       New York, New York

                                                           /s/Martin Glenn
                                                          MARTIN GLENN
                                      United States Bankruptcy Judge