IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

STEVEN AND RUTH MITCHELL,

    Plaintiffs,

Vs.

RESIDENTIAL FUNDING CORPORATION, et al.,

    Defendants.

Case No. 03-CV-220489-01

Division 4

## FINAL JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The settlement of the claims of the RFC Settlement Class Members on the terms set forth in the Parties' Settlement Agreement and Release ("Agreement") is approved, and the following settlement class is granted final certification for settlement purposes under Mo. Rule 52.08:

> All persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan," as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on real property located in Missouri that was purchased by, assigned to, and/or serviced and/or master serviced by Residential Funding Company, LLC (f/k/a Residential Funding Corporation), and who did not timely exclude themselves from the litigation class that the Court certified in the Litigation on December 8, 2006.

(the "RFC Settlement Class").

2. Individual notice complying with Rule 52.08 was sent to the last-known address of each member of the RFC Settlement Class as identified on Exhibit E to the Agreement as warrantied by RFC. The Court finds all members of the RFC Settlement Class to be "RFC Settlement Class Members" as defined in Paragraph 2.26 of the Agreement and that all such persons are bound by this Final Judgment.

3. The Litigation and all of the claims that Plaintiffs Steven L. and Ruth E. Mitchell are asserting individually and as representatives on behalf of the RFC Settlement Class against Defendant Residential Funding Company, LLC ("RFC") and Defendant Homecomings Financial, LLC are dismissed on the merits and with prejudice in accordance with the terms set forth in the Agreement and the Court's *Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes*, which is dated this same date (the "Final Approval Order"), without costs to any Party except as provided in the Agreement and Final Approval Order.

4. All members of the RFC Settlement Class shall be bound by the Releases provided in Paragraph 6 of the Agreement, as no class members excluded themselves from the Settlement Class. The Releases shall become effective as of the Effective Date specified in Paragraph 12 of the Agreement.

5. As of the Effective Date specified in Paragraph 12 of the Agreement, the Releasors, as defined in Paragraph 2.21 of the Agreement, are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims, as defined in Paragraph 2.23 of the Agreement, against the Released Persons, as defined in Paragraph 2.22 of the Agreement.

6. On December 8, 2006, this Court certified a litigation class that included numerous borrowers whose Second Mortgage Loans were originated by Mortgage Capital Resource Corporation, but were not purchased by, assigned to or serviced or master serviced by RFC. Based on this fact as stipulated by the Parties, the Court finds and concludes that such borrowers (being defined collectively in Paragraph 2.18 of the Agreement as the "Non-RFC Plaintiff Borrowers") cannot recover any damages, penalties or other relief from RFC with

respect to the "MCR Loans," as defined in the Agreement. This finding and/or conclusion shall not be deemed or construed as a holding that any of the Non-RFC Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to the MCR Loans or otherwise.

7. The dismissal of the Litigation and claims against RFC as provided in the Agreement and Final Approval Order shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge, or other adjudication of the Litigation or any other claims including, but not limited to, the claims of any Non-RFC Plaintiff Borrowers against HFC and WFB.

8. All claims for contribution, indemnity and other claims over, whether asserted, unasserted or asserted in a representative capacity, inclusive of interest, taxes and costs, related to the "Released Claims," as defined in Paragraph 2.23 of the Agreement, which could have been brought in the Litigation by any person or party against a "Released Persons" as defined in Paragraph 2.22 of the Agreement (unless such claim is made with respect to a claim by a person or party who is not a "Releasor," as defined in Paragraph 2.21 of the Agreement), are permanently barred, prohibited and enjoined.

9. The Court will retain continuing jurisdiction over the Litigation and each of the matters set forth in Paragraph 13 of the Final Approval Order for the purposes set forth in the Final Approval Order.

10. The Court expressly determines that there is no just reason for delay under Mo. Rule 74.01.

11. Unless otherwise provided herein, all capitalized terms in this Final Judgment shall have the same meaning as those terms in the Agreement.

Dated: Jan. 14, 2014

_____
Justine E. Del Muro, Circuit Judge