IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

STEVEN AND RUTH MITCHELL,

        Plaintiffs,

Vs.

RESIDENTIAL FUNDING CORPORATION,
et al.,

        Defendants.

Case No. 03-CV-220489-01

Division 4

## ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES

Upon careful review and consideration of the Parties' Settlement and Release Agreement dated February 27, 2012 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on December 17, **2013**, the suggestions and memoranda filed with this Court, and all other filings in connection with the Parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     **Incorporation of Other Documents**.  This Order incorporates and makes the following a part hereof:

     a.     The Agreement, filed with the above Court on or about April 13, 2012; and

     b.     The following exhibits to the Agreement: (i)  Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," **filed under seal**); (ii) Exhibit A (Proposed Class Mail Notice); (iii)  Exhibit B (Proposed Order Preliminarily Approving Class Action Settlement); (iv)  Exhibit C (Proposed Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes); (v)  Exhibit D

(Proposed Final Judgment); (vi)  Exhibit E (list of members of the RFC Settlement Class,
**filed under seal**); (vii) Exhibit F (list of RFC affiliates); (viii) Exhibit G (list of
Litigation Class Members – Household Loans); (ix) Exhibit H (list of Litigation Class
Members – Wells Fargo Loans); and (x) Exhibit I (the Court's Nunc Pro Tunc Judgment
and Order).

Unless otherwise provided herein, all capitalized terms in this Order shall have the same
meaning as those terms in the Agreement.

2.    **Jurisdiction**.  Because adequate notice was disseminated and all potential
members of the RFC Settlement Class (as defined below) were given notice of and an
opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of
the RFC Settlement Class.   The Court has subject matter jurisdiction over the Litigation,
including, without limitation, jurisdiction to approve the proposed Settlement, to grant final
certification of the RFC Settlement Class, and to dismiss the Litigation against Defendant RFC
with prejudice.

3.    **Final Class Certification**.   The RFC Settlement Class, which this Court
previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to
Mo. Rule 52.08, the Court finding that for purposes of settlement the RFC Settlement Class fully
satisfies all of the applicable requirements of Mo. Rule 52.08 and due process.   The RFC
Settlement Class is defined as follows:

> All persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan,"
> as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on
> real property located in Missouri that was purchased by, assigned to and/or
> serviced and/or master serviced by Residential Funding Company, LLC (f/k/a
> Residential Funding Corporation), and who did not timely exclude themselves
> from the litigation class that the Court certified in the Litigation on December 8,
> 2006.

2

No members of the RFC Settlement Class timely requested to be excluded from or "opted out" of the RFC Settlement Class.

4.    **Adequacy of Representation**.    There are no conflicts of interest between the Named Plaintiffs and the RFC Settlement Class, or among the members of the RFC Settlement Class.    Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the RFC Settlement Class.    Accordingly, the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), have satisfied the requirements of Mo. Rule 52.08 and are hereby appointed and approved as representatives of the RFC Settlement Class and Counsel for the RFC Settlement Class, respectively.

5.    **Class Notice**.    The Court finds that the Class Mail Notice and its distribution to the RFC Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

a.    Constituted the best practicable notice to the members of the RFC Settlement Class under the circumstances of this Litigation;

b.    Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the RFC Settlement Class of (i) the pendency of the remaining claims for punitive damages against RFC and the proposed Settlement and the motion for sanctions, (ii) their right to exclude themselves from the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement if they did not timely exclude themselves (including, but not limited to, final certification of the RFC Settlement Class, the fairness, reasonableness or adequacy of the Settlement as proposed, the adequacy of the Named Plaintiffs and/or Class Counsels' representation of

3

the RFC Settlement Class, the proposed awards of attorney's fees and expenses, and the proposed incentive award to Plaintiffs Steven L. and Ruth E. Mitchell), (iv) their right to appear at the Fairness Hearing if they did not timely exclude themselves, and (v) the binding effect of this Final Approval Order and the accompanying Final Judgment on all members of the RFC Settlement Class who did not timely exclude themselves from the Settlement;

        c.      Constituted due, adequate, sufficient and reasonable notice to all persons and entities entitled to be provided with notice; and

        d.      Constituted notice that fully satisfied the requirements of Mo. Rule 52.08, due process, and all other applicable law.

        6.      **Final Settlement Approval**.  The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of arm's length negotiations, and the Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the RFC Settlement Class Members, and in full compliance with all applicable requirements of the laws of the state of Missouri, the United States Constitution (including the Due Process Clause), and all other applicable law.  The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions.

        7.      **Binding Effect**.  The terms of the Agreement, this Final Approval Order and accompanying Final Judgment shall be forever binding on the RFC Settlement Class Members and the Named Plaintiffs individually and as representatives of the RFC Settlement Class, as well as their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.  The terms of the Agreement,

4

this Final Approval Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

8.    **Releases**.  The "Releasors," as defined in Paragraph 2.21 of the Agreement, shall be bound by the Releases provided in Paragraph 6 of the Agreement, which is incorporated herein in all respects, regardless of whether such Releasors received any compensation under the Agreement and Settlement.   The Releases shall become effective as of the Effective Date specified in Paragraph 12 of the Agreement.  The Court expressly adopts all defined terms in Paragraph 6 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases (which are set forth at Paragraphs 2.21, 2.22 and 2.23 of the Agreement).

9.    **Enforcement of Settlement.**  Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

10.    **Additional Payment to the Named Plaintiffs.**   The Court hereby awards $25,000.00 to be paid from the Settlement Fund to Plaintiffs Steven L. and Ruth E. Mitchell as an incentive award for their continued services as representative plaintiffs for the RFC Settlement Class.

11.    **Attorney's Fees and Expenses.**  Plaintiffs' Counsel are awarded $57,779.28, representing an allocated share of the litigation expenses and court costs that Plaintiffs' Counsel has incurred and advanced in connection with the Litigation and Settlement from April 27, 2011 (when the case was remanded by the Court of Appeals) through April 6, 2012. The award of expenses and costs to Plaintiffs' Counsel shall be deducted from the "Settlement Fund" as

defined in the Agreement. In addition, the Court awards Plaintiffs' Counsel attorney's fee of $6,487,749.32, representing 45% of the "Net Settlement Fund" as defined in the Agreement. The Court finds and concludes that both the expense and fee awards to Plaintiffs' Counsel for their work and services in the Litigation, and in connection with the remaining claims for punitive damages and the Settlement, is reasonable for the reasons stated in *Plaintiffs' Application for Award of Attorney's Fees, Litigation Expenses and Court Costs*, and finds and concludes as follows:

a.    The time and labor required to obtain the Settlement was extensive. Class Counsel has been prosecuting the claims of the RFC Settlement Class for an extraordinarily lengthy period of time (since 2003) and performed a substantial amount of work to achieve the Settlement on behalf of the RFC Settlement Class.

b.    After remand, pre-trial discovery and trial preparation was extensive in this case. Pursuant to the Plaintiffs' discovery requests, Defendants produced hundreds of thousands of pages of emails, attorney time records and other documents. In addition, the parties took no fewer than 23 depositions – 13 expert deposition and 10 fact depositions. All these discovery responses, documents and records obtained by Plaintiffs' Counsel, as well as all of the deposition transcripts and prior trial testimony, had to be reviewed, analyzed, and summarized in order to prepare the *Motion for Sanctions*, prepare for the hearing on sanctions and prepare the punitive damages claim for re-trial. In addition, throughout this case and after remand, Counsel has expended significant time in their representation of the Class members, including in verifying and keeping personal information and contact information as to each class member current and updated through

address changes and changes in marital status, and in ensuring that any legal successors to the class members through death or bankruptcy were substituted in this action.

c.    The legal issues raised in prosecuting the punitive damages claims of the RFC Settlement Class were (and remain) complex and difficult. This factor is illustrated by the contentious and vigorous litigation following the remand of this matter from the Court of Appeals, the extensive discovery that needed to be performed, and the amount of documents that had to be reviewed by Class Counsel in prosecuting the claims of the RFC Settlement Class and in their investigation of Defendants' alleged discovery misconduct.

d.    The skill required of Class Counsel was unusually high in this case. Both the substantive and procedural aspects pertaining to the prosecution of the punitive damages claims of the RFC Settlement Class were far more complex than the typical lawsuit.

e.    Because of the volume of work required on this matter, Class Counsel was effectively precluded from taking on other matters and was forced to dedicate extensive resources to prosecuting the claims of the RFC Settlement Class since the case was filed in 2003 and since remand. In addition, given the volume of work and the risks engendered by this type of litigation, this lawsuit was undesirable to other attorneys. Few law firms would have been willing to proceed against RFC on these claims with the dedication and for the length of time necessary to obtain the Settlement.

f.    The results obtained for the RFC Settlement Class are extraordinary in light of the significant risks posed by the assertions of RFC to the RFC Settlement Class Members' claims. The Court specifically notes the substantial actual benefits made

available to the RFC Settlement Class. The results achieved were truly extraordinary and are of paramount importance when considering the fee request and most unquestionably justify the fee request.

g.     The fee in this case was contingent. Class Counsel would have received no fee had they not been successful. In addition, Class Counsel risked large amounts of expenses and advances on the successful outcome of this matter. The prosecution of the claims of the RFC Settlement Class had an overall high risk profile from its inception which is the point in time at which risk should and must be evaluated. For matters with an overall high risk profile a contingency percentage in the range of 40% to 50% would be usual and expected. Here, the proposed contingency fee of 45% of the common fund to which the Parties agreed will be applied to the net recovery, after deduction for expenses, and not to the gross recovery. A percentage fee award of 45% of the common fund obtained for the RFC Settlement Class is fair and reasonable in this matter with its overall high risk profile.

h.     Class Counsel's experience, reputation and ability played a large role in obtaining the Settlement. Less experienced or able counsel would have likely achieved a lesser result or perhaps no result at all. In addition, RFC was likewise represented by skilled and experienced defense attorneys of national reputation.

i.     No member of the RFC Settlement Class has objected to any aspect of the settlement and no members of the RFC Settlement Class have timely opted out or excluded themselves from the Settlement. The reaction of the Class to the Settlement has been unanimously favorable.

j.    The litigation costs and expenses that have been allocated to the prosecution of the punitive damages claims for the members of the RFC Settlement Class are also reasonable and equitable for a matter of this complexity and duration.

Given the factors to be considered in making and approving contingency fee awards in class actions including, among others, those listed above and the nature and extent of the legal work provided by Class Counsel since 2003 and the truly extraordinary results obtained for the RFC Settlement Class, the proposed awards of attorney's fees and litigation expenses are approved as reasonable. Such attorney's fees and expenses shall be paid subject to the conditions set forth in the Agreement.

12.    **No Other Payments**.  The preceding paragraphs of this Final Approval Order cover, without limitation, any and all claims for attorney's fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel and any other counsel representing the Named Plaintiffs Steven L. and Ruth E. Mitchell individually and/or as representatives of the RFC Settlement Class and/or incurred by the RFC Settlement Class Members in connection with or related in any manner to the Litigation since April 27, 2011, when the case was remanded, the Settlement of the remaining claims for punitive damages and motion for sanctions, the administration of the Settlement, and/or the Released Claims, except to the extent otherwise specified in the Agreement or this Final Approval Order.

13.    **Retention of Jurisdiction**.  The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final

9

Judgment, and for any other necessary purpose as permitted by Missouri law, including, without limitation:

       a.      enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the RFC Settlement Class or an RFC Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

       b.      entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund; and

       c.      entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

    14.    **No Admissions.** Neither this Final Approval Order, nor the accompanying Final Judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Order or the Final Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion, or any claim for sanctions; (ii) the truth or relevance of any fact alleged by the Named Plaintiffs; (iii) the existence of any class alleged by the Named

Plaintiffs; (iv) the propriety of class certification if the remainder of the Litigation were to be litigated rather than settled; (v) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (vi) that the consideration to be given to RFC Settlement Class Members hereunder represents the amount that could be or would have been recovered by any such persons if the punitive damages claims were retried; or (vii) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, factual or legal positions of Defendant RFC, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Agreement or to prove or show that a compromise in settlement of the Released Claims per the Agreement, in fact, was reached; provided, however, that this Final Approval Order and the Agreement may be filed by RFC in any action by or against RFC or other Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15.    **Dismissal of Litigation Against RFC.**    The Litigation against RFC and Homecomings Financial, LLC, including all individual and class claims, is dismissed with prejudice as to the Named Plaintiffs and the RFC Settlement Class Members, without fees or costs to any party, except as otherwise provided in the Agreement, this Final Approval Order and/or the accompanying Final Judgment, and subject to the Court's retention of jurisdiction to vacate, rescind, cancel, annul and deem "void" and/or "no longer equitable" for purposes of Mo.

11

Rule 74.06 this Final Approval Order and/or the Final Judgment and reinstate the punitive damages claims and motions for sanctions of the Named Plaintiffs and the RFC Settlement Class Members against RFC pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in Paragraph 12 of the Agreement.

16.    **Claims of Non-RFC Plaintiff Borrowers.**   The Court finds and concludes that the "MCR Loans" of the "Non-RFC Plaintiff Borrowers" as defined in Paragraph 2.18 of the Agreement were not purchased by, assigned to or serviced by Defendant RFC and that, given this fact, as stipulated by the Parties, the Non-RFC Plaintiff Borrowers cannot recover any damages, penalties or other relief from RFC with respect to the MCR Loans.   This finding and/or conclusion shall not be deemed or construed as a holding that any of the Non-RFC Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to any MCR Loans or otherwise.

17.    **Separate Judgment.**   The Court will separately enter the accompanying Final Judgment.

Dated: _14 Jan. 2014_

_____
Justine E. Del Muro, Circuit Judge