MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**REPLY OF THE RESCAP LIQUIDATING TRUST IN SUPPORT OF DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SOLELY AS TO CLAIM NUMBERS 338 AND 339 FILED BY JASON AND JENNIFER SCHERMERHORN)**

ny-1124048

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .............................................................................................................................3

LEGAL ANALYSIS ......................................................................................................................5

    Point I.    Claimants Never Filed A Timely Request For Attorneys' Fees ....................... 5

    Point II.   Claimants Have No Reciprocal Right to Collect Attorneys' Fees
                Because The Prepetition Litigation Was Not An Action "On The
                Contract" ............................................................................................................. 7

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Dell Merk, Inc. v. Franzia*,
   132 Cal. App. 4th 443 (2005) ................................................................................................. 7

*Feinberg v. Bank of New York (In re Feinberg)*,
   442 B.R. 215 (Bankr. S.D.N.Y. 2010) .................................................................................... 1

*GMAC Mortgage, LLC, et al. v. Mark Tozier, et al.*,
   Case No. RIC-541193 ............................................................................................................ 3

*Hyduke's Valley Motors v. Lobel Financial Corp.*,
   189 Cal. App. 4th 430 (2010) ................................................................................................. 8

*In re Oneida Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) ................................................................................................................................. 1, 2

*In re Rockefeller Center Properties*,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000), *aff'd sub nom.*, *NBC v. Rockefeller Center Properties (In re Rockefeller Center Properties)*, 266 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. Appx. 40 (2d Cir. 2002) ............................................................................................. 2

*Kachlon v. Markowitz*,
   168 Cal. App. 4th 316 (2008) ................................................................................................. 7

*Loduca v. Polyzos*,
   153 Cal. App. 4th 334 (2007) ............................................................................................... 10

*Reynolds Metals Co. v. Alperson*,
   25 Cal. 3d 124 (1979) ............................................................................................................ 7

**STATUTES**

11 U.S.C. 502 ................................................................................................................................. 1

Cal. Civ. Code §1717 ..................................................................................................................... 7

Cal. Code Civ. Proc. §1021 ............................................................................................................ 7

Cal. Code Civ. Proc. §1033.5(c)(5) ................................................................................................ 5

**OTHER AUTHORITIES**

Rule 3.1702 of the California Rules of Court ..................................................................... 5, 6

Rule 8.104 of the California Rules of Court ........................................................................ 5

ny-1124048

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**:

The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), as successor-in-interest[1] to Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), hereby submits this reply (the "<u>Reply</u>") to the response (the "<u>Response</u>", [D.E. 5905]) of Jason and Jennifer Schermerhorn (the "<u>Claimants</u>") to the *Debtors' Forty-Second Omnibus Objection to Claims* [D.E. 5150] (the "<u>Objection</u>").[2] In further support hereof, the Liquidating Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1). Furthermore, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

2. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See *In re Oneida*

---

[1] On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (which thereafter was amended several times) (as amended, the "Plan"). On December 11, 2013, the Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6065] confirming the Plan. The Plan [Docket No. 6030] created The ResCap Liquidating Trust that is charged with, among other things, overseeing and administering the claim resolution process after the Plan's Effective Date. The Effective Date occurred on December 17, 2013. [Docket No. 6137].

[2] The Debtors initially identified the claims at issue, Claim Nos. 338 and 339 (together, the "<u>Schermerhorn Claims</u>", copies of which are attached hereto as **Exhibits 1-A and 1-B**) as "Borrower" claims; however, after further review, the Liquidating Trust acknowledges that the Schermerhorn Claims are not Borrower claims, but should be administered by the Liquidating Trust.

ny-1124048

*Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), *aff'd sub nom.*, *NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props)*, 266 B.R. 52 (S.D.N.Y. 2001), *aff'd,* 46 Fed. Appx. 40 (2d Cir. 2002).

3. The Debtors filed the Forty-Second Omnibus Objection to reduce the claims at issue, Numbers 338 (against GMACM) and 339 (against ETS) from the filed amount of $582,662.25 to $14,463.51 (the amount the Debtors and Claimants agreed to in February 2012 as the acceptable costs associated with the litigation) and allow the claims as general unsecured claims in the amount of $14,463.51. The difference between the proposed allowed claim and the filed claim represent the Claimants' purported attorneys' fees in defending the prepetition litigation between the parties. The attorneys' fees claim is both unenforceable against the Debtors and property of the Debtors under any agreement or applicable law. The California Rules of Court are very clear and specific as to the time within which a party may seek a post-judgment award of attorneys' fees, and the Claimants failed to follow those rules in a timely manner and have forfeited their right to attorneys' fees. In addition, the Claimants do not have a valid legal basis for the allowance of attorneys' fees. The prepetition litigation between the parties was not an "action on the contract" and therefore, to the extent the Claimants seek to exploit the reciprocal benefits provided to litigants under section 1717 of the California Code of Civil Procedure as the legal predicate for an award of attorneys' fees, such reliance is misplaced

2

ny-1124048

and invalid. Accordingly, for the reasons discussed herein, the relief sought in the Objection should be granted with respect to the Claimants.[3]

## BACKGROUND

4.  The Claimants, Jason and Jennifer Schermerhorn, are defendants in a California state court action commenced by plaintiffs GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS," together with GMACM, the "Debtor Plaintiffs"), captioned *GMAC Mortgage, LLC, et al. v. Mark Tozier, et al.*, Case No. RIC-541193 (the "Declaratory Judgment Action") on or about November 30, 2009, in which the Debtor Plaintiffs sought declaratory relief as to the priority of liens against the underlying real property. The real property in issue was originally owned by Mark Tozier before it was acquired by the Schermerhorns.[4] Mr. Tozier had two liens against his property. It is uncontested that the Debtors never serviced the first priority lien, and the Debtors serviced only the second priority lien.

5.  On November 29, 2005, the Debtors inadvertently released the first priority lien, arising out of a deed of trust in favor of California Empire Financial Group (the "Deed of Trust"), by recording a Full Reconveyance in the County Recorder's Office of Riverside County (the "Mistaken Reconveyance").[5] On June 17, 2008, the Debtors sought to

---

[3] To the extent that the Court denies the Objection as to the Schermerhorn Claims, then the Liquidating Trust reserves the right to separately address the reasonableness of the attorneys' fees sought at a future point in time.

[4] Bank of America held a second lien against the real property based on a loan it provided to Mark Tozier. On November 9, 2007, Bank of America recorded a "Notice of Default and Election to Sell Under Deed of Trust" based on Mr. Tozier's failure to pay amounts due under the line of credit. Bank of America subsequently foreclosed on the real property and became owner of the property on or about March 21, 2008 when it credit bid the amount due and owing from Mr. Tozier. On June 4, 2008, Bank of America entered into a sale agreement with the Schermerhorns. *See* Exhibit 1 to the Schermerhorn Claims at pp. 6-7.

[5] At the time of the Mistaken Reconveyance, a valid Notice of Substitution of Trustee was also recorded wherein MERS, as beneficiary under the Deed of Trust, authorized the substitution of ETS, even though such substitution was actually a mistake. *See* Statement of Decision One at 15-17 (court noted that MERS, as beneficiary

3
ny-1124048

correct this error in the Recorder's Office of Riverside County by recording a "Rescission: A Notice of Void Reconveyance" (the "<u>Rescission</u>") in the weeks before the Schermerhorns closed on the sale of the real property at issue with Bank of America. *See* Schermerhorn Claims at Exhibit 1 (Statement of Decision One (defined herein), pp. 4-7, 10).

6.  Thereafter, the Debtor Plaintiffs commenced the Declaratory Judgment Action in the state courts of California to re-establish and re-institute the Deed of Trust as being a first priority lien against the real property then owned by the Schermerhorns. The Schermerhorns filed a cross-complaint against the Debtor Plaintiffs asserting a variety of causes of action, but ultimately only pursued two causes of action – cancellation of certain instruments and quiet title.

7.  As reflected in the Judgment (defined below) against the plaintiffs and explained in great detail in the Statement of Decisions (defined below), GMACM and ETS were not successful in the underlying litigation. On August 29, 2011, the California state court issued its first decision on the plaintiffs' complaint (the "<u>Statement of Decision One</u>"), and then a second decision on November 3, 2011 addressing the causes of action set forth in the cross-complaints of the Schermerhorns and other co-defendants (the "<u>Statement of Decision Two</u>",[6] together with the Statement of Decision One, the "<u>Statements of Decision</u>"). Thereafter, on January 10, 2012, a judgment was entered against GMACM and ETS (the "<u>Judgment</u>").[7] In the Judgment, the court held that "[t]he evidence is clear that the Schermerhorn's were not parties to the first deed of trust. Therefore, there was no privity of contract between them and the

---

under the Deed of Trust, had the ostensible authority to substitute the trustee, and a third party could justifiably rely on the filing of a facially valid notice).

[6] A copy of the Statement of Decision Two is attached hereto as **Exhibit 2**.

[7] *See* Exhibit 2 to the Schermerhorn Claims.

plaintiffs. Therefore, the Schermerhorn's are not entitled to an award of damages against any of the plaintiffs." *See* Statement of Decision Two at 5. In addition, paragraph seven of the Judgment provides, in pertinent part, that "[t]he lis pendens filed by [the Debtor] Plaintiffs with respect to the subject property is hereby expunged" and "[i]ssues concerning costs, including claims for attorney's fees, shall be adjudicated via post-judgment proceedings…."

8. As noted in Exhibit 3 to the Schermerhorn Claims (the "Memorandum of Costs"), the Schermerhorns, through counsel, submitted a timely Memorandum of Costs aggregating $14,463.51, which the Debtor Plaintiffs agreed to; however, the Claimants did not file a motion seeking attorneys' fees.

## LEGAL ANALYSIS

### Point I.   Claimants Never Filed A Timely Request For Attorneys' Fees

9. In California, a request for attorneys' fees is filed by separate motion.[8] More specifically, Cal. Code Civ. Proc. §1033.5(c)(5) provides, in pertinent part,

> Attorney's fees allowable as costs pursuant to subparagraph (A) or (C) of paragraph (10) of subdivision (a) shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties.

10. In addition, Rule 3.1702(b)(1) of the California Rules of Court provides that, "[a] notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court-including attorney's fees on an appeal before the rendition of judgment in the trial court must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a limited civil case."

---

[8] *See* Statement of Decision Two at 7.

11. Rule 8.104(a)(1) of the California Rules of Court provides, in pertinent part, that "[u]nless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, showing the date either was served."

12. In Exhibit 2 to the Schermerhorn Claims, the claimants include the Judgment, together with the "Proof of Service by Mail," which notes that the clerk served counsel for the parties with a copy of the Judgment on January 10, 2012. Nothing in either the Schermerhorn Claims or the Response indicates that the claimants filed or served a notice for approval of attorneys' fees within sixty days of January 10, 2012.

13. Rule 3.1702 allows the parties to stipulate to an extension of time to file the attorneys' fees motion, *see* CRC 3.1702(b), and a court may extend the 60-day filing period for "good cause." *See* CRC 3.1702(d). The Schermerhorns neither asserted that the Debtor Plaintiffs ever stipulated to such an extension of time, nor that the California trial court granted the claimants an extension for good cause, nor proffered any evidence to demonstrate that the state court entered an order or otherwise granted the Claimants relief from the 60-day restriction.

14. In fact, on May 25, 2012, Debtors' counsel sent a letter (the "May 25 Letter")[9] to counsel for the Claimants advising them of the relevant statutes (as discussed above) that govern their entitlement to attorneys' fees and highlighting for them the untimeliness of their ongoing request for same. Claimants' counsel never responded to the May 25 Letter.

---

[9] A copy of the May 25 Letter is attached hereto as **Exhibit 3**.

6

ny-1124048

15. Therefore, before the Petition Date, the Claimants were not legally entitled to an award for attorneys' fees under California state law, and as such, they are not entitled to an allowed claim for such amounts against the estates of GMACM and ETS.

**Point II.     Claimants Have No Reciprocal Right to Collect Attorneys' Fees Because The Prepetition Litigation Was Not An Action "On The Contract"**

16. Even if the Court were to decide that the cited California statutes are somehow not applicable to the Claimants, the Court should still deny the Schermerhorn Claims (to the extent they seek attorneys' fees) because the Claimants are not entitled to such fees under section 1717 of the California Code of Civil Procedure, since the prepetition litigation was not an action on the contract and the Schermerhorns were never in contractual privity with the Debtor Plaintiffs.

17. Ordinarily, each party to a lawsuit must pay its own attorneys' fees except where a statute or contract provides otherwise. *See* Cal. Code Civ. Proc. §1021. Cal. Civ. Code §1717(a) provides, "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." *See* Cal. Civ. Code §1717(a). As courts have observed, section 1717 "'provide[s] a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.'" *Dell Merk, Inc. v. Franzia*, 132 Cal. App. 4th 443, 450 (2005)*, quoting Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 128 (1979).

7

18.  In order to gain the benefit of Section 1717, the action in which the attorneys' fees are incurred must be an action "on the contract." *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 347 (2008) ("the proper focus is not on the nature of the remedy, but on the basis of the cause of action."). Here, the Debtor Plaintiffs neither sought to enforce the Deed of Trust against the Schermerhorns nor collect attorneys' fees from the Schermerhorns or any other party. Therefore, one of the prerequisites for relief under section 1717 (i.e., suit on a contract) is entirely absent and as a result, relief cannot be granted in the Claimants' favor. *See Hyduke's Valley Motors v. Lobel Fin. Corp.*, 189 Cal. App. 4th 430, 435-36 (2010) (holding that an action in which a claim is labeled a breach of contract but does not seek to enforce anyone's rights under a contract containing an attorneys' fees clause, is not an "action on the contract").

19.  Contrary to the Claimants' assertions, *Kachlon*[10] is not analogous to the facts before the Court, and therefore, is not a basis to award attorneys' fees to the Claimants. In *Kachlon*, the Markowitzes (one of the named defendants) were parties and signatories to the promissory note and the deed of trust with the plaintiff (Kachlon). *See Id.* at 324. Under the terms of the promissory note and deed of trust between parties, the Markowitzes agreed to pay attorneys' fees in any action instituted on the promissory note, and in any action affecting the security of the deed of trust or the rights or powers of the Kachlons. The Markowitzes sought a declaration that the note was paid off and should be cancelled and that the deed of trust must be reconveyed because the foreclosure commenced by the Kachlons was improper. In this instance, the court held that "'[a]ctions for a declaration of rights based upon an agreement are 'on the contract' within the meaning of Civil Code section 1717.'" *See Id.* at 348 (citations omitted).

---

[10] 168 Cal. App. 4th 316 (2008).

The Markowitzes ultimately prevailed and consistent with Section 1717, were awarded attorneys' fees. *See Id*.

20. By comparison, the Schermerhorns were not parties to the Deed of Trust at issue in the underlying litigation. *See* Statement of Decision Two at 5. The Toziers (the owners of the residence before the Schermerhorns) were the Trustors on the Deed of Trust and the related note. In addition, the construction of the Deed of Trust was not the focus of the litigation between the Debtors and the Schermerhorns. Rather, the Mistaken Reconveyance and the effect of the Rescission was the focus of the litigation. The declaratory judgment action was only intended to obtain affirmation from the court of the validity of first priority lien of the Deed of Trust as a result of the Schermerhorns having constructive notice of a mistakenly-released lien by the Debtors. It was <u>not</u> a collection action on the Deed of Trust. The key issue before the California state court in the Declaratory Judgment Action was whether the MERS Min Number on the Mistaken Reconveyance gave constructive notice to the Schermerhorns that the November 2005 reconveyance was mistaken. In addition, the Debtor Plaintiffs argued that the Rescission gave the Schermerhorns constructive notice of the mistake under the recording statutes.

21. Moreover, the Schermerhorns were never in privity of contract with the Debtors,[11] and as a result, the Debtor Plaintiffs never had a right to collect their costs from the Schermerhorns. Accordingly, the reciprocal benefit provided by section 1717 of the California Code of Civil Procedure does not apply to the Schermerhorns and does not entitle them to an award of attorneys' fees against the Debtors.

---

[11] *See* Exh. 1 to the Schermerhorn Claims at "pages 7 and 8 of 42" in which the state court's recitation of the underlying facts acknowledges that the Schermerhorns purchased the real property from Bank of America and financed their purchase with a loan from the National Bank of Kansas City that was secured by a Deed of Trust in favor of the National Bank of Kansas City.

22. In light of the state court's denial of the Schermerhorns' request for damages against the Debtor Plaintiffs, the Claimants proffer a new theory to support their argument for attorneys' fees. *See* Response at 15. However, such efforts are nothing more than a misguided attempt to take a very fact-specific holding and apply it to a distinguishable set of facts utilizing an overly broad interpretation of Section 1717. As discussed above, section 1717 was not designed to make attorneys' fee awards necessary in all cases, irrespective of which third party was involved. The Schermerhorns' suggestion that they **would have been** responsible for the amount secured by the Deed of Trust **if** the Debtor Plaintiffs were successful in the state court litigation is simply a hypothetical and ignores the fact that the Debtor Plaintiffs were not authorized to service (or enforce the terms of) the Deed of Trust, and did not seek to enforce the terms of the Deed of Trust against the Schermerhorns. Recognizing the fallacy of their argument, the Schermerhorns dismiss the facts that they were not signatories to the note or the Deed of Trust as "irrelevant", *see* Response at 16, and cite third-party beneficiary cases in further support of their position. However, to succeed on a third-party beneficiary theory, there must be an action "on the contract", which is not the case in the matter before the Court. Moreover, even if there was an action of the contract, there is nothing in the underlying documents that conferred or created any rights or benefits for third parties such as the Claimants. *See Loduca v. Polyzos*, 153 Cal. App. 4th 334, 341 (2007) (citations omitted) ("a party not named in the contract may qualify as a beneficiary under it where the unnamed party and the agreement reflects that intent").

## CONCLUSION

23. For the reasons discussed above, the Schermerhorns may have been the prevailing party in the Declaratory Judgment Action with the Debtor Plaintiffs, but that does not in and of itself entitle them to attorneys' fees from the Debtors. The rules in California are very

10

ny-1124048

specific and unambiguous as to the steps a prevailing party must take to have a court decide whether they can recover attorneys' fees. In this case, the Claimants' first fatal mistake was that they did not take such actions in a timely manner, thereby cutting off their right to seek relief from this Court. Moreover, the Schermerhorns proffer an overly broad interpretation of Section 1717 in an attempt to obtain the benefit of the reciprocal nature of the rule; however, because (i) the parties' prepetition litigation was not an "action on the contract", (ii) the Debtor Plaintiffs did not (and could not) enforce the terms of the note or the Deed of Trust against the Schermerhorns and (iii) the state court held there was no privity of contract between the Debtor Plaintiffs and the Claimants, the Schermerhorns are not entitled to rely on section 1717 to extract attorneys' fees from the Debtors. Therefore, the Objection, which seeks to reduce each of the Schermerhorn Claims to an allowed general unsecured amount of $14,463.51, should be granted.

Dated: January 17, 2014

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Liquidating Trust*