# **Exhibit 2**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
NOV 03 2011

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | |
|---|---|---|
| TITLE: GMAC MORTGAGE V. TOZIER | DATE & DEPT<br>11/2/11<br>Dept. 6 | CASE NUMBER:<br>RIC 541193 |
| COUNSEL: Please see attached certificate of Mailing | REPORTER:<br>N/A | |

PROCEEDING:

## STATEMENT OF INTENDED DECISION (PHASE TWO)

This case came on regularly for a trial setting conference for Phase Two before this court on September 16, 2011. The plaintiffs and cross-defendants, GMAC Mortgage, LLC fka GMAC Mortgage Corporation (hereinafter referred to as "GMAC") and Executive Trustee Services, LLC, fka Executive Trustee Services Inc. (hereinafter referred to as "ETS") were represented by Stephen E. Ensberg, Esq. The defendant and cross-complainants, Jason S. Schermerhorn and Jennifer M. Schermerhorn (hereinafter referred to as "the Schermerhorns") were present and they were represented by Michael Y. MacKinnon, Esq. and Kathleen A. Cashman-Kramer, Esq.

The defendant, cross-complainant and cross-defendant Wells Fargo Bank (hereinafter referred to as "WFB") was represented by Thomas P. Davis, Esq. The defendant and cross-defendant, Bank of America, N.A. (hereinafter referred to as "B of A") and the defendants, Mortgage Electronic Registration Systems, Inc., (hereinafter referred to as "MERS and PRLAP, Inc.) were represented by Magdalena D. Kozinska, Esq.

In order to determine what issues remained to be resolved in Phase Two of the trial of this case, this court reviewed with Counsel the causes of action that were alleged by WFB and the Schermerhorns in their respective cross-complaints.

The cross-complaint filed by WFB alleged three causes of action. The first was for cancellation of certain instruments recorded by the plaintiffs. The second was for declaratory relief and the third was for injunctive relief. Counsel for WFB indicated that the second and third causes of action alleged by his client were moot and WFB's first cause of action for cancellation of certain instruments recorded by the plaintiff's was the only matter that still needed to be ruled on by this court.

The first amended cross-complaint filed by the Schermerhorns contains seven causes of action. Their first cause of action was also for cancellation of certain instruments. Their second was for recession. Their third was for quiet title. Their fourth is also for declaratory relief. Their fifth was for indemnity and contribution. Their sixth was for breach of contract, warranties and representations. Finally, their seventh cause of action was for recession of purchases. Their sixth and seventh causes of action were alleged only against the Bank of America. Counsel for the Schermerhorn's moved to dismiss his clients second, sixth and seventh causes of action <u>without prejudice</u>. He agreed with counsel for WFB that his clients' fourth cause of action for declaratory has already been ruled on in Phase One of the trial. He indicated further that his client's fifth cause of action for indemnity and contribution was rendered moot by the court's rulings in Phase One.

Therefore only Schermerhorns first and third causes of action remain viable and subject to rulings in Phase Two.

Counsel for WFB indicated that this client was willing to rest on the basis of the evidence and arguments that were submitted during Phase One of the trial. Counsel for the Schermerhonrs requested that he be given until 4:00 p.m. on Friday, September 30,

2011, to submit the depositions of this clients and further written arguments on his client's remaining issues. He was also to file an appropriate motion to expunge the lis pendens that the plaintiffs had filed against his clients' real property.

Counsel for the plaintiffs was giving until 4:00 p.m. on Friday, October 14, 2011, to submit opposition to the matters submitted by the Schermerhorns. Counsel for the Schermerhorns was giving until 4:00 p.m., October 21, 2011, to submit a reply to any matters submitted by counsel for the plaintiffs.

On Friday, October 21, 2011, or at such earlier date that this court received all of the arguments, etc mentioned above, the issues remaining to be decided at the end of Phase Two were to be deemed to be submitted for decision.

This court has received all of the briefs, etc., mentioned above and also additional briefs filed by the plaintiffs and the Schermerhorns. The Phase Two issues are now ready for decision. As noted above, the first cause of action in the WFB's cross-complaint and also the first cause of action in the Schermerhorn's first amended cross-complaint both seek cancellation of certain instruments by the plaintiffs. The judgment that is ultimately awarded to the various defendants/cross-complainants against the plaintiffs/cross-defendants will grant to WFB and the Schermerhorns the relief they have sought in the first cause of action in their respective cross-complaints.

Therefore, the only issue that remains for this court to decide in the Second Phase of the trial of this case are whether the Schermerhorns are entitled to any award of general damages on their third cause of action to quiet title or on their defense of the lis pendens filing by the plaintiffs.

In both their opening briefs and reply briefs in connection with Phase Two of this trial, the Schermerhorns seek an award of damages against GMAC and ETS on the second, third and fifth causes of action contained in their first amended Cross-Complaint. These items of damage consist of the following:

1. The loss of many "leave days".
2. Mileage to and from court and their depositions
3. Child care costs
4. Loss of rental income
5. Expenses incurred to maintain the subject property
6. Potential loss of security clearance

In their Trial Brief for Phase Two, the plaintiffs properly pointed out that the Schermerhorns cannot be awarded any damages in connection with their second, third and fifth causes of action. At the hearing on September 16, 2011, their counsel moved to dismiss their second cause of action without prejudice. He also agreed that his client's fifth cause of action for indemnity and contribution was rendered moot by this court's rulings in Phase One of the trial.

With reference to the Schermerhorn's third cause of action for quiet title, the plaintiffs contended that the Schermerhorn's cannot be awarded damages for that cause of action even if they are awarded judgment in their favor on that cause of action because it is equitable in nature and does not involve either a breach of contract or a tort.

In their brief, the plaintiffs state that "where a party wishes to recover monetary damages in connection with a title dispute, any quiet title cause of action (itself an

Statement of Decision - Page 4

equitable action to determine title, in the nature of declaratory relief) must be accompanied by a tort or contract claim under which monetary damages may be awarded. (e.g., Howard v. Schaniel (1980) 113 Cal. App. 3d 256, 268 (slander of title); Contra Costa County Title Co. v. Waloff (1960) 184 Cal. App. 2d 59, 67-68 (slander of title).) A party may not have judgment for damages under a slander of title claim which it did not plead. (Howard v. Schaniel (1980) 113 Cal. App. 3d 256,265.) "The rule is that a plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed in the proof." (Id. At pp. 265-266, citing Kredo v. Phelps (1904) 145 Cal. 526, 528-529.)"

The Schermerhorns pled no causes of action based on a tort or breach of contract against the plaintiffs. The only breach of contract cause of action was pled against the B of A.

In their reply brief, the Schermerhorns contend that they are entitled to collect damages from the plaintiff's because of some language in the first deed of trust (Trial Exhibit 1). That contention is misplaced.

The evidence is clear that the Schermerhorn's were not parties to the first deed of trust. Therefore, there was no privity of contact between them and the plaintiffs. Therefore, the Schermerhorn's are not entitled to an award of general damages against any of the plaintiffs.

Regarding, the matter of the lis pendens which the plaintiffs recorded against the Schermerhorn's real property, the plaintiffs state in their trial brief for Phase Two that: "The only procedure by which a notice of pendency of action may be expunged is via noticed motion made to the court in which the action pending. (Code of Civ. Pro. §

405.30; Weil & Brown et al., CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2011), ¶9:427 (copy attached).)  Such a motion is required whether expungement is sought pre-trial, or post judgment and while an appeal is pending. (Ibid. at ¶9:426.1.)  The Schermerhorns have yet to file any such motion. Accordingly, the issue of expungement is not yet before the Court."

The statement that "the Schermerhorns have yet to file any such motion is not true. At this court's suggestion, the Schermerhorns included a motion for an order expunging the plaintiffs Notice of Pendency of Action (Lis Pendens) in their "Opening Brief in Connection with Phase Two of the trial" (at pp. 7-10).

In their Trial Brief for Phase Two, the plaintiffs in a footnote (on pp. 13-14) in their brief make the following request:

"At such time as the Court may entertain such a motion, however, Plaintiffs request that expungement be denied, and the Notice of Pendency of Action remains in place upon Plaintiffs' posting of a bond in the amount of the damages claimed by the Schermerhorns, or such other amount as the Court deems appropriate. In this case, Plaintiffs have no direct contractual relationship with, or right to recover damages from, either the Schermerhorns or Bank of America, which has in fact absconded with windfall profits at the expense of Plaintiffs and Aurora. Thus, under the peculiar circumstances of this case, the only means of maintaining the status quo, and of ensuring an adequate remedy for Plaintiffs should they prevail on appeal, is to ensure that the property does not pass into the hands of a bona fide purchaser. If the lis pendens is expunged, any subsequent purchaser will be deemed a bfp, even if he has actual notice of the pendency of this action and appeal. Thus, the only means of affording Plaintiffs meaningful relief in this action should they prevail upon appeal is to maintain the status quo through maintenance of the Notice of Pendency of action upon appropriate bond sufficient to protect the Schermerhorn's valid interest."

For the reasons discussed above, the Schermerhorns are not entitled to recover any of the items of general damages they seek. Therefore the request of the plaintiffs that this court reconsider its prior ruling regarding the admissibility of the declaration of plaintiff's witness John Aube and the Schermerhorn's objections to the consideration of

that testimony are both overruled based on the above ruling on the issues of general damages.

The matter of the entitlement of attorney's fees for any of the successful cross-complainants which he handled by post judgment motions for attorney's fees pursuant to CCP§1033.5 (a)(10)) and allowable costs (pursuant to CCP §1021).

This court will defer ruling of the Schermerhorns' motion for expungement of the lis pendens to give counsel for the affected parties the opportunity to work out a solution that is acceptable to all affected parties. If the affected parties are unable to reach an agreement regarding the expungement of the lis pendens, then counsel should request that a date be set for a hearing on that matter that is agreeable to all affected parties and their counsel. This court will retain jurisdiction to rule on that issue if necessary.

Meanwhile, each party will have the opportunity within 15 days hereof to object in writing to any of the rulings made herein or to request in writing additional findings. If no such objections or requests are timely made, then this Statement of Intended Decision (Phase Two) will be deemed to be the final Statement of Decision for Phase Two of the trial of this case.

If no such objections or requests are timely made, then counsel for the prevailing Cross-Defendants shall meet and confer and jointly prepare a single form of judgment that covers all of the essential rulings that have been made at the end of both phases of this trial and submit same to counsel for the plaintiff's for approval as to form and content and then submission to this court for signature, filing and entry.

Dated: November 2, 2011

Kenneth G. Ziebarth
Judge of the Superior Court (Ret.)

## PROOF OF SERVICE BY MAIL
### Case No. RIC 541193

I, the undersigned, say: I am a resident of or employed in the County of Riverside, over the age of 18 years and not a party to the within action or proceeding. My residence or business address is 46200 Oasis Street, Indio, California 92201.

That on November 3, 2011, I served a copy of the paper to which this proof of service is attached, Statement of Intended Decision (Phase Two), by depositing said copy enclosed in a sealed envelope with postage thereon fully prepaid (addressed as follows) in a Riverside County Central Mail depository. Said depository is emptied daily and deposited (with postage thereon fully prepaid) in a United States Postal Service mailbox, in the City of Indio, State of California:

Law offices of Stephen E. Ensberg
1609 W. Garvey Ave., North
West Covina, CA 91790

Pyle, Sims, Duncan & Stevenson
401 "B" Street, #1500
San Diego, CA 92101

Wright Finlay & Zak
4665 MacArthur Ct., Ste. 280
Newport Beach, CA 92660

Davis Law, A Professional Law Corp.
580 Broadway, Ste. 301
Laguna Beach, CA 92651

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2011, at Indio, California.

_____
K. Amidei

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

CERTIFICATE OF ~~MAILING~~ Fax

GMAC MORTGAGE LLC

    vs.                      CASE NO. RIC541193

MARK TOZIER

TO: Law Office of Stephen E. Ensberg (626) 813-3886
     Wright Finlay & Zak (949) 608-9142
     Pyle, Sims, Duncan & Stevenson (619) 687-5210
     Davis Law, A Professional Law Corp (949) 376-3875

I certify that I am currently employed by the Superior Court of California, County of Riverside and I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with ~~the mailing~~ faxing of correspondence. ~~Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business~~. I certify that I served a copy of the attached STATEMENT OF INTENDED DECISION on this date, by depositing said copy as stated above.

                                        Court Executive Officer/Clerk

Dated: 11/03/11        by: _____
                                  SANDRA PORTILLO, Deputy Clerk