**Hearing Date and Time: March 11, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: February 17, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Borrower Claims
Trust*

-------------------------------------------------------
In re:

RESIDENTIAL CAPITAL, LLC, et al.,

      Post Effective Date Debtors.
-------------------------------------------------------

)
)
)
)
)
)
)
)
)

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S
FIFTY-EIGHTH OMNIBUS OBJECTION TO (A) AMENDED
AND SUPERSEDED BORROWER CLAIMS; (B) LATE-FILED
BORROWER CLAIMS; AND (C) NON-DEBTOR BORROWER CLAIMS**

      **PLEASE TAKE NOTICE** that the undersigned have filed the attached *The
ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to Claims (A)
Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; and (C)
Non-Debtor Borrower Claims* (the "Omnibus Objection"), which seeks to alter your
rights by disallowing your claim against the above-captioned Debtors.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **March 11, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 17, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); and (f) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.


Dated:  January 17, 2014
        New York, New York

                                        Respectfully Submitted,


                                         /s/ Norman Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        **MORRISON & FOERSTER LLP**
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel to The ResCap Borrower*
                                        *Claims Trust*

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ————————————————— ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 | |
| ) | | |
| Post Effective Date Debtors. ) | Jointly Administered | |
| ----------------------------------------------------------------- ) | | |

**THE RESCAP BORROWER CLAIMS TRUST'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (A) AMENDED AND SUPERSEDED BORROWER CLAIMS; (B) LATE FILED BORROWER CLAIMS; AND (C) NON-DEBTOR BORROWER CLAIMS**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EITHER <u>EXHIBIT A</u>, <u>EXHIBIT B</u>, AND <u>EXHIBIT C</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust"), established pursuant to terms of the Plan (defined below) in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

## RELIEF REQUESTED

1.     The Trust files this fifty-eighth omnibus claims objection (the "Fifty-Eighth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Article VIII.B of the Plan (defined herein), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A, Exhibit B, and Exhibit C,[1] annexed to the Proposed Order.  In support of this Fifty-Eighth Omnibus Claims Objection, the Trust submits the *Declaration of Deanna Horst in Support of The ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Claims Objection* (the "Horst Declaration"), attached hereto as Exhibit 1-A and the *Declaration of P. Joseph Morrow IV in Support of The ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Claims Objection* (the "Morrow Declaration"), attached hereto as Exhibit 1-B.

2.     The Trust examined the proofs of claim identified on Exhibit A to the Proposed Order and determined that the proofs of claim listed under the heading "*Claims to be*

---

[1]    Claims listed on Exhibit A, Exhibit B, and Exhibit C are reflected in the same manner as they appear on the Claims Register (defined herein) maintained by KCC.

*Disallowed and Expunged*" (collectively, the "Amended and Superseded Borrower Claims")

have been amended and superseded by at least one subsequently-filed, corresponding claim

identified under the heading "*Surviving Claims*" (collectively, the "Surviving Borrower

Claims").   The Trust seeks the disallowance and exupungement from the Claims Register

(defined below) maintained for the Debtors in the Chapter 11 Cases of the Amended and

Superseded Borrower Claims and preservation of the Trust's right to later object to any

Surviving Borrower Claim on any basis.

      3.    The Trust also examined the proofs of claim identified on Exhibit B to the

Proposed Order (collectively, the "Late-Filed Borrower Claims") and have determined that the

Late-Filed Borrower Claims violate this Court's August 29, 2012 order setting forth the

procedures and deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309]

(the "Bar Date Order"), as these claims were filed after the Bar Date (defined herein).

Furthermore, Article VIII.B of the Plan, confirmed by the Confirmation Order (defined herein),

automatically disallows and expunges any proof of claim filed after the applicable bar date

without the need of a further order from the Court.   Therefore, because the Late-Filed Borrower

Claims fail to comply with the terms of the Bar Date Order and are deemed disallowed and

expunged by the Plan, the Trust requests that they be disallowed and expunged in their entirety.[2]

      4.    The Trust also examined the proofs of claim identified on Exhibit C to the

Proposed Order and have determined that each of the proofs of claim listed thereon (collectively,

the "Non-Debtor Borrower Claims") either (a) assert a claim against entities that are not one of

the Debtors in the Chapter 11 cases or (b) assert a claim against a Debtor entity for liabilities of

---

[2] In light of the terms of the Plan the Trust seeks this relief out of an abundance of caution.

non-debtor entities.   Accordingly, the Trust requests that the Non-Debtor Borrower Claims be disallowed and expunged in their entirety.

5.      The proofs of claim identified on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>").   As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[3]

6.      This Fifty-Eighth Omnibus Objection does not affect any of the Surviving Borrower Claims and does not constitute any admission or finding with respect to any of the Surviving Borrower Claims.   Further, the Trust expressly reserves all rights to object on any other basis to any Surviving Borrower Claim.   The Trust further reserves all rights to object on any other basis to any Amended and Superseded Borrower Claim, Late-Filed Borrower Claim, or Non-Debtor Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

8.      On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "<u>Debtors</u>") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy

---

[3] The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1124683

Code.   These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

9.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

10.     On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

11.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].   The Governmental Bar Date was not extended.

12.     In order to be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date.   (Bar Date Order ¶¶ 2, 3).   The Bar Date Order permitted the filing of proofs of claim with KCC and the Court in accordance with the deadlines established therein.   (Id. ¶¶ 1, 3).   The Bar Date Order also expressly provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim

in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ." (Id. ¶ 11).

13.    In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date.[4]  KCC served Bar Date Notices on approximately 2.2 million borrowers and over 275,000 creditors. KCC mailed the Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses as reflected in the Debtors' records shortly before the service of the Bar Date Notices. The Bar Date Notice, which was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. (Bar Date Notice ¶¶ 1, 3).  The Bar Date Notice prominently states the Bar Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted from the requirements of the Bar Date Order, as described in section 4 above, and that fails to timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined from asserting such claim against the debtors . . . ." (Id. ¶ 5).

14.    While only 35 days' advance notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Debtors provided creditors with at least 72 days' notice of the Bar Date, which was subsequently extended an additional nine days with respect to the General Bar Date. (Bar Date Order ¶ 15).

---

[4]    See Affidavit of Service of Notices of Deadlines for Filing Proofs of Claim [Docket No. 1412].

ny-1124683

The General Bar Date occurred nearly six months after the Petition Date, and 81 days after the entry of the Bar Date Order, thus providing ample time for creditors to determine, prepare and file their claims against the Debtors.

15.      In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

16.      On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order [Docket No. 3294].

17.      The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

18.      However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim was not timely filed, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's Claim.  (See Procedures Order at 3).

ny-1124683

19.    To date, approximately 7,313 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' Claims Register.

20.    On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "<u>Confirmation Order</u>") approving the terms of the Chapter 11 plan, as amended (the "<u>Plan</u>"), in these Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137].

21.    The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court.  <u>See</u> Plan, Art. IV.F.  The Trust was established to, among other things, "(i) direct the process, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust or use in satisfying the Allowed Borrower Claims."  <u>See</u> <u>id</u>.

**BASIS FOR RELIEF**

22.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  <u>See</u> <u>In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re Adelphia Commc'ns Corp.</u>, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

23.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged.  See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

**A. The Amended and Superseded Borrower Claims Should be Disallowed and Expunged**

24.    Based upon its review of the claims filed on the Claims Register, the Trust determined that each Amended and Superseded Borrower Claim identified on Exhibit A annexed to the Proposed Order has been amended and superseded by the corresponding Surviving Borrower Claim that was subsequently filed by or on behalf of the same creditor against the same debtor.  (See Horst Declaration ¶¶ 3, 4).

25.    The Debtors are not required to pay on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of the Amended and Superseded Borrower Claims will also enable the maintenance of the Claims Register that more accurately reflects the claims asserted against the Trust.

26.    The Trust submits that given the basis of the objection to the Amended and Superseded Borrower Claims is that such Borrower Claims have been amended by

8

subsequently filed proofs of claim, the Trust is not required to send a Request Letter seeking additional information from such Borrowers.  Accordingly, the parties remain in compliance with the Borrower Claims Procedures set forth in the Procedures Order.  (See Horst Declaration ¶ 9).

27.    Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Trust requests that the Court disallow and expunge in their entirety the Amended and Superseded Borrower Claims listed on Exhibit A to the Proposed Order.[5]  The Surviving Borrower Claims will remain on the Claims Register subject to further objections on any other basis.

**B. The Late-Filed Borrower Claims Should Be Disallowed and Expunged**

28.    Based upon its review of the claims filed on the Claims Register in these Chapter 11 Cases maintained by KCC, the Trust identified the Late-Filed Borrower Claims on Exhibit B, annexed to the Proposed Order, as claims that should be disallowed and expunged because they failed to comply with the terms of the Bar Date Order.  (See Horst Declaration ¶¶ 3, 5, 6).

29.    "Bar dates are 'critically important to the administration of a successful chapter 11 case.'"  Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital,

---

[5]    Where a creditor has filed different documentation in support of the Amended and Superseded Borrower Claim and the Surviving Borrower Claim, the Trust will treat all documentation filed with the claims as having been filed in support of the Surviving Borrower Claim.

ny-1124683

LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process."  In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize.  See In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

30.    The Bar Date Order specifically requires proofs of claim to be actually received either by KCC or the Court on or before the Bar Date.  (Bar Date Order ¶¶ 2, 3). Potential claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the Bar Date would result in their claims being barred.  (See Bar Date Notice ¶¶ 1, 3, 6).  In addition, the Trust confirmed with KCC that each of the Borrowers who filed a Late-Filed Borrower Claim, with one exception,[6] was timely served with both a notice of the commencement of the Chapter 11 Cases and a notice of the Bar Date.  KCC mailed both notices to each claimant who filed a Late-Filed Borrower Claim at the address reflected in the Debtors' books and records shortly before the service of the Bar Date Notice.   Nevertheless, these Borrowers filed their proofs of claim after the Bar Date.

---

[6] Borrower Walter Olszewski did not receive a Notice of Commencement because he was part of the schedules and was not listed in KCC's matrix at the time of the service of the Notice of Commencement. Nevertheless a Bar Date Notice was mailed to Mr. Olszewski in a timely fashion. (See Horst Declaration ¶ 5; see also Morrow Declaration ¶ 5).

10

(See Horst Declaration ¶ 5).   Moreover, these Late-Filed Borrower Claims do not amend any previously filed claims.  (See Morrow Declaration ¶¶ 5-19).

31.    Article VIII.B of the Plan provides that, except as otherwise agreed by the Debtors, Liquidating Trust, or the Trust, any and all proofs of claim filed after the applicable bar date shall be deemed disallowed, discharged, released, and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court.  See Plan at Art. VIII.B. None of the Borrowers submitted a formal or informal request seeking permission to either file a late claim or be exempt from this Plan provision.  Further, none of the Trust, the Liquidating Trust, or the Debtors agreed to exempt any of the Late-Filed Borrower Claims from this Plan provision.  As a result, by the Court's entry of the Confirmation Order, the Late-Filed Borrower Claims were already deemed to be disallowed and expunged by this Court without the need for further Court order.   Thus, the Trust seeks this relief out of an abundance of caution.

32.    The Trust submits that given the basis of the objection to the Late-Filed Borrower Claims is that such Borrower Claims were not timely filed, the Trust is not required to send a Request Letter seeking additional information from such Borrowers with respect to the Late-Filed Borrower Claims.  Accordingly, the parties remain in compliance with the Borrower Claim Procedures set forth in the Procedures Order. (See Horst Declaration ¶ 9).

33.    Because the Late-Filed Borrower Claims violate the terms of the Bar Date Order and are thus untimely, and are deemed to be disallowed and expunged without the need of a further order from the Court pursuant to the Confirmation Order, the Trust requests that the Court disallow and expunge in their entirety the Late-Filed Borrower Claims listed on Exhibit B to the Proposed Order.

C. <u>**The Non-Debtor Borrower Claims Should Be Disallowed and Expunged**</u>

34.    Based upon its review of the proofs of claim filed on the Claims Register in these cases maintained by KCC, the Trust determined that the Non-Debtor Borrower Claims identified on <u>Exhibit C</u> annexed to the Proposed Order should be disallowed and expunged because they assert claims against either (i) entities that are not Debtors in the Chapter 11 Cases or (ii) a Debtor entity for liabilities of non-Debtor entities.  (<u>See</u> Horst Declaration ¶¶ 3, 8).

35.    The Trust diligently analyzed the Non-Debtor Borrower Claims and determined that the Non-Debtor Borrower Claims are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors, and do not set forth any valid legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.  Furthermore, because these claimants are Borrowers, the Trust did additional diligence and reviewed the Debtors' books and records to confirm none of the Borrowers making Non-Debtor Borrower Claims have any basis for a claim against the Debtors. <u>See</u> Horst Declaration ¶ 7.  The basis for objecting to each of the Non-Debtor Borrower Claims is set forth in more detail on <u>Exhibit C</u> attached to the Proposed Order under the heading titled "*Reason for Disallowance.*"  Accordingly, the Debtors are not liable to the claimants identified on <u>Exhibit C</u> attached to the Proposed Order.  <u>See id.</u>

36.    Therefore, to avoid the possibility that the claimants at issue receive improper recoveries, and to ensure that the Trust's Beneficiaries are not prejudiced by such improper recoveries, the Trust requests that this Court disallow and expunge in their entirety each of the Non-Debtor Borrower Claims.  <u>See</u> Horst Declaration ¶ 8.

ny-1124683

## NOTICE

37.    The Trust has served notice of this Fifty-Eighth Omnibus Claims

Objection in accordance with the Case Management Procedures [Docket No. 141] and the

Procedures Order.  The Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  January 17, 2014
          New York, New York

                                        /s/ Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        **MORRISON & FOERSTER LLP**
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel to the ResCap Borrower Claims
                                        Trust*

13

**<u>Exhibit 1-A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )        Chapter 11
                                                    )
            Post Effective Date Debtors.            )        Jointly Administered
                                                    )
-------------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER**
**CLAIMS TRUST'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**(A) AMENDED AND SUPERSEDED BORROWER CLAIMS; (B) LATE-FILED**
**<u>BORROWER CLAIMS; AND (C) NON-DEBTOR BORROWER CLAIMS)</u>**

I, Deanna Horst, hereby declare as follows:

        1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC

and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other post-effective date debtors in the above-captioned

Chapter 11 Cases (collectively, the "<u>Debtors</u>").  I was formerly employed by affiliates of ResCap

beginning in August of 2001.  In June 2012, I became Senior Director of Claims Management

for ResCap and became Chief Claims Officer of ResCap in October of 2013.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

1

12-12020-mg    Doc 6305    Filed 01/17/14    Entered 01/17/14 17:46:49    Main Document
Pg 20 of 63

Reconciliation and Client Recovery. I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to Claims (A) Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; and (C) Non-Debtor Borrower Claims* (the "Objection").[1]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A, Exhibit B, and Exhibit C annexed to the Proposed Order. Since the Plan went effective and the Trust was created, I, along with other members of the Debtors' management or other employees of the Debtor have consulted with the Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

treatment of the same.[2]    In connection with such review and analysis, where applicable, the

Debtors have reviewed (i) information supplied or verified by personnel in departments within

the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other

filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11

Cases.

4.    Under my supervision, considerable resources and time have been

expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

filed in these Chapter 11 Cases.    Such claims were reviewed and analyzed by the appropriate

personnel and professional advisors.    Based on a thorough review of the Amended and

Superseded Borrower Claims at issue, whether or not the Surviving Borrower Claims

specifically state on their face that they are amendments of the corresponding Amended and

Superseded Borrower Claims, it was determined that each claim listed in the rows below the

column entitled "*Claim to be Disallowed*" on Exhibit A annexed to the Proposed Order has been

amended and superseded by a later-filed claim or claims by the same claimant that was

determined to relate to the same subject matter.    The examination of those claims revealed that

the Surviving Borrower Claims were filed by the same claimant, and on account of the same

obligations, as that creditor's corresponding claim previously filed with the Court and/or KCC.

If the Amended and Superseded Borrower Claims are not disallowed and expunged, the

claimants who filed these Claims may potentially receive a wholly improper recover to the

detriment of other creditors.

5.    Based on a thorough review of the Late-Filed Borrower Claims at issue, it

was determined that each claim listed in the rows below the column entitled "*Claim to be*

---

[2]    The ResCap Liquidating Trust and the Trust are parties to an Access and Cooperation Agreement, dated as
December 17, 2013 that, among of things, provides access to the books and records held by the Liquidating
Trust and Liquidating Trust's personal to assist the Trust in performing its obligations.

3

*Disallowed*" on Exhibit B annexed to the Proposed Order was received by the Court and/or KCC, after the Bar Date passed.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Borrower Claims included on Exhibit B to the Proposed Order were each date-and-time-stamped after the General Bar Date by which these claims were required to be filed.  In addition, the Debtors confirmed with KCC that each of these claimants who filed a Late-Filed Borrower Claim was timely served with both a notice of the commencement of the Chapter 11 Cases [Docket No. 336] and a notice of the Bar Date [Docket No. 1412], with only one exception.  Borrower Walter Olszewski did not receive a Notice of Commencement because he was first identified in the Schedules and was not listed in KCC's matrix at the time of the service of the Notice of Commencement.  Nevertheless, the Bar Date Notice was mailed to Mr. Olszewski in a timely fashion.  See *Declaration of P. Joseph Morrow IV in Support of the ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to Claims (Late-Filed Borrower Claims)* attached to the Objection as Exhibit 1-B.  KCC mailed both notices to each claimant of a Late-Filed Borrower Claim at the address reflected in the Debtors' books and records shortly before the service of the Bar Date Notice.  In addition, these Late-Filed Borrower Claims do not amend any previously filed claims.

6.    To my knowledge, none of the claimants who have a Late-Filed Borrower Claim included on Exhibit B to the Proposed Order ever filed a motion with the Court, or contacted the Debtors, requesting permission to file a late proof of claim or proffered to the Debtors or their counsel an excuse for such Late-Filed Borrower Claim.  If the Late-Filed Borrower Claims are not disallowed and expunged, the claimants who filed the Late-Filed Borrower Claims may potentially receive distributions to the detriment of other beneficiaries of the Trust that they are not entitled to, because such claims were untimely.

7.    The Non-Debtor Borrower Claims listed on Exhibit C annexed to the Proposed Order are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors.  The Debtors diligently evaluated any information provided by the claimants in the Non-Debtor Borrower Claims and determined that the Non-Debtor Borrower Claims do not set forth any valid legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.[3] Moreover, because these claimants are Borrowers, on behalf of the Trust, we performed additional diligence and reviewed the Debtors' books and records to confirm that none of the Borrowers making Non-Debtor Borrower Claims have any basis for a claim against the Debtors. Therefore, the Debtors are not liable to the claimants identified on Exhibit C attached to the Proposed Order.

8.    If each of the Non-Debtor Borrower Claims is not disallowed and expunged in its entirety, the claimants who filed the Non-Debtor Borrower Claims may potentially receive a wholly improper recovery to the detriment of other Trust beneficiaries.

9.    The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order. In this case, given the basis of the Objection, it was determined that the Trust may object to these Amended and Superseded Borrower Claims, Late-Filed Borrower Claims, and Non-Debtor Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

10.    Accordingly, based upon this review and in consultation with the Trust, and for the reasons set forth in the Objection, I have determined that each Amended and

---

[3]    The basis for objecting to each of the Non-Debtor Borrower Claims is set forth in more detail on Exhibit C to the Proposed Order under the heading titled "*Reason for Disallowance.*"

ny-1124682

Superseded Borrower Claim, Late-Filed Borrower Claim and Non-Debtor Borrower Claim that

is the subject of the Objection should be accorded the proposed treatment described in the

Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  January 17, 2014

_/s/ Deanna Horst_____
Deanna Horst
Chief Claims Officer for Residential Capital,
LLC

**Exhibit 1-B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post Effective Date Debtors. | Jointly Administered |

------------------------------------------------------------

### DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED BORROWER CLAIMS)

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1.      I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent retained by Residential Capital, LLC, *et al.*, (collectively with its affiliated debtors (the "Debtors") in the above-captioned Chapter 11 cases, pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

2.      I am authorized to submit this declaration (the "Declaration") in support of

*The ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to Claims (Late-Filed*

*Borrower Claims)* (the "Objection").[1]

3.      All facts set forth in this Declaration are based upon information learned

from my review of relevant documents and information I have received through my discussions

with KCC employees, the Trust's Professionals, and the Debtors' professionals and consultants.

If I were called upon to testify, I could and would testify competently to the facts set forth herein

on that basis.

4.      Acting as the Debtors' claims and noticing agent, KCC serves notices and

other mailings upon parties and/or their representatives at the direction of the Debtors and the

Court.    I understand that the Debtors have advised KCC that the full list of the Debtors'

customers, which includes information for over two million parties, is confidential and not made

publicly available for privacy reasons (as Borrower information is included therein).    For these

reasons, KCC executed an Affidavit of Service, annexed hereto as Exhibit A, in connection with

KCC's mailing and service of the Bar Date Notice to Individual Borrowers [Docket No. 2179],

which includes as an exhibit thereto the Notice of Deadlines for Filing Proofs of Claims.

5.      On or before September 7, 2012, at my direction and under my

supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for

Filing Proofs of Claims (attached hereto as Exhibit B) to be served upon **Walter Olszewski vs**

**Bank of America a corporation Bank of America Home Loans a corporation Bank of**

**America NA a et al** at **104 W Loma Alta Dr, Altadena, CA 91101** via First Class U.S. Mail.

The service address matches the address on the returned Proof of Claim. The Proof of Claim was

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
        in the Objection.

subsequently amended and the zip code was updated to 91001. A Notice of Commencement was not sent to Mr. Olszewski because he was first identified in the Schedules and was not listed in KCC's matrix at the time of the service of the Notice of Commencement.

6.      On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit C</u>) to be served upon **Twanda Randall** at **109 Dauntly St, Upper Marborow, MD 20774** via First Class U.S. Mail.

7.      On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Twanda Randall** at **109 Dauntly St, Upper Marborow, MD 20774** via First Class U.S. Mail. The address on the returned Proof of Claim is **109 Dauntly Street, Upper Marlboro, MD 20774**.

8.      On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit C</u>) to be served upon **Mamie D Caldwell** at **318 E Arch St, Mansfield, OH 44902** via First Class U.S. Mail.

9.      On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Mamie D Caldwell** at **318 E Arch St, Mansfield, OH 44902** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

10.     On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy

Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit C</u>) to be served upon **Bonnie S Bucio** at **7040 Dayton Liberty Rd, Dayton, OH 45417** via First Class U.S. Mail.

11.    On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Bonnie S Bucio** at **2149 Matrena Drive, Beavercreek, OH 45431** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

12.    On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit C</u>) to be served upon **Suzanne Simonovich** at **12322 87th Avenue, Pleasant Prairie, WI 53158** via First Class U.S. Mail.

13.    On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Suzanne Simonovich** at **12322 87th Avenue, Pleasant Prairie, WI 53158** via First Class U.S. Mail. The service address matches the property description on the returned Proof of Claim. The address on the returned Proof of Claim is **Suzanne and Melvin Simonovich, c/o Attorney Wendy Alison Nora, 310 Fourth Avenue South, Suite 5010 Minneapolis, MN 55415**.

14.    On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as <u>Exhibit C</u>) to be served upon

**Michael G Harkey** at **4742 42nd Av Sw PMB#511, Seattle, WA 98116** via First Class U.S. Mail.

15.    On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as Exhibit B) to be served upon **Michael G Harkey** at **4742 42nd Av Sw PMB#511, Seattle, WA 98116** via First Class U.S. Mail. The address on the returned Proof of Claim is **Michael Harkey, c/o Attorney Wendy Alison Nora, 310 Fourth Avenue South, Suite 5010 Minneapolis, MN 55415**. The Notice of Appearance for Michael Harkey filed by Wendy Alison Nora on September 10, 2013 [Docket No. 5014] states "Michael Harkey of Seattle, Washington," and does not list a mailing address for Michael Harkey.

16.    On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as Exhibit C) to be served upon **Verlindred Long at 2535 Mercer St, Germanton, NC 27019** via First Class U.S. Mail.

17.    On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as Exhibit B) to be served upon **Verlindred Long at 2535 Mercer St, Germanton, NC 27019** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

18.    On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (attached hereto as Exhibit C) to be served upon **Leroy Hines at 4466 Fairway Drive, Shreveport, LA 71109** via First Class U.S. Mail.

19.     On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Leroy Hines at 4466 Fairway Drive, Shreveport, LA 71109** via First Class U.S. Mail. The service address matches the address on the returned Proof of Claim.

20.     In accordance with KCC's standard procedure, each of the foregoing documents was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail. The envelopes were clearly marked with KCC's return address.

21.     As of the date of this Declaration, none of the foregoing mailings identified in this Declaration were returned to KCC as "undeliverable."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 17, 2014

                                             /s/ P. Joseph Morrow IV
                                             P. Joseph Morrow IV

**Exhibit A to Morrow Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC, et al., [1]               :          Case No. 12-12020 (MG)
                                                    :
                                                    :
                                                    :          (Jointly Administered)
                                                    :
              Debtors.                              :
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail on the Individual Borrowers whose loans are serviced by the Debtors (Due to the voluminous and confidential nature of this list, the Exhibits are not attached hereto and are on file with KCC):

1.  Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit A**

Dated:  November 14, 2012

_____
                                            Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th of November, 2012, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc (1445); ETS of Washington, Inc (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc (8240); Residential Asset Mortgage Products, Inc (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc (6294); Residential Funding Mortgage Securities II, Inc (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

# EXHIBIT A

> **If you have any questions related to this notice, please call (888) 926-3479**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1.      WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.      WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

## 3.    WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

> (i) **If by mail or overnight courier**:
>
> **ResCap Claims Processing Center, c/o KCC**
> **PO Box 5004**
> **Hawthorne, CA 90250**

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

## 4.    WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

(k)    Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
       August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and*
*Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 926-3479**

**Exhibit B to Morrow Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------
                                                    )
In re:                                              )     Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )     Chapter 11
                                                    )
                                        Debtors.    )     Jointly Administered
                                                    )
------------------------------------------------------------------

## <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New
York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing
**November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last
date and time for each person or entity (including individuals, partnerships, corporations, joint
ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against
Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those
proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order
established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and
time for each such governmental unit to file a proof of claim against the Debtors (the
"Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims
against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced
cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for
those holders of the claims listed in section 4 below that are specifically excluded from the
General Bar Date filing requirement.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

## 3.    WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

## 4.    WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)    Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)    Any person or entity whose claim has been paid in full by any of the Debtors;

(e)    Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)    Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)    Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)    Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)    Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)    Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)    Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
       August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and*
*Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

**Exhibit C to Morrow Declaration**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG) (Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

**If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914. You may also submit an inquiry online at www.kccllc.net/rescap.**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
|---|---|---|
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| | |
|---|---|
| **Proposed Attorneys for Debtors**<br>Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>**June 25, 2012 at 1:00 p.m. (ET)**<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time.  When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| | |
|---|---|
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the Bankruptcy Court.  You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan.  You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

ny-1041611

| | |
|---|---|
| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief. <br><br> The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

**<u>Exhibit 2</u>**

**Proposed Order**

ny-1124683

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                         )    Chapter 11
                                                                 )
            Post Effective Date Debtors.                         )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

### ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (A) AMENDED AND SUPERSEDED BORROWER CLAIMS; (B) LATE-FILED BORROWER CLAIMS; (C) AND NON-DEBTOR BORROWER CLAIMS

Upon the fifty-eighth omnibus claims objection, dated January 17, 2014 (the

"<u>Fifty-Eighth Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the

above-referenced Chapter 11 Cases, seeking entry of an order, pursuant to section 502(b) of title

11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and

expunging the Amended and Superseded Borrower Claims on the basis that such claims have

been amended and superseded by at least one subsequently-filed, corresponding claim; Late-

Filed Borrower Claims on the basis that they were filed after the applicable Bar Date; and the

Non-Debtor Borrower Claims on the basis that they assert claims against either (i) entities that

are not Debtors in these Chapter 11 Cases or (ii) a Debtor entity for liabilities of non-Debtor

entities, all as more fully described in the Fifty-Eighth Claims Objection; and it appearing that

this Court has jurisdiction to consider the Fifty-Eighth Claims Objection pursuant to 28 U.S.C.

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-Eighth Claims Objection.

§§ 157 and 1334; and consideration of the Fifty-Eighth Claims Objection and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifty-Eighth

Claims Objection having been provided, and it appearing that no other or further notice need be

provided; and upon consideration of the Fifty-Eighth Claims Objection, the *Declaration of*

*Deanna Horst in Support of The ResCap Borrower Claims Trust's Fifty-Eighth Objection to*

*Claims (A) Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; (C)*

*and Non-Debtor Borrower Claims*, annexed thereto as <u>Exhibit 1-A</u>; and the *Declaration of P.*

*Joseph Morrow IV in Support of The ResCap Borrower Claims Trust's Fifty-Eighth Omnibus*

*Objection to Claims (Late-Filed Borrower Claims)*, annexed thereto as <u>Exhibit 1-B</u>; and the

Court having found and determined that the relief sought in the Fifty-Eighth Claims Objection is

in the best interests of the Trust, the Trust's beneficiaries, the Debtors, and all parties in interest

and that the legal and factual bases set forth in the Fifty-Eighth Claims Objection establish just

cause for the relief granted herein; and the Court having determined that the Fifty-Eighth

Omnibus Claims Objection complies with the Borrower Claims Procedures set forth in the

Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifty-Eighth Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "<u>Amended and Superseded Borrower Claims</u>") are hereby disallowed and

expunged in their entirety with prejudice;

ORDERED that the claims listed on Exhibit A annexed hereto under the heading "Surviving Borrower Claims" (collectively, the "Surviving Borrower Claims") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Amended and Superseded Borrower Claims does not constitute any admission or finding with respect to any of the Surviving Borrower Claims; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (the "Late-Filed Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C annexed hereto (the "Non-Debtor Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded, Late-Filed, and Non-Debtor Borrower Claims identified on the schedule attached as Exhibit A, Exhibit B, and Exhibit C hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Eighth Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

3

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of (1) any Surviving Borrower Claim, and (ii) any claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such Surviving Borrower Claim and any claim that is not listed on Exhibit A,  Exhibit B, or Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Borrower Claims, Late-Filed Borrower Claims or Non-Debtor Borrower Claims identified on Exhibit A,  Exhibit B, or Exhibit C, annexed hereto, as if each such Amended and Superseded, Late-Filed or Non-Debtor Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
         New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1124697

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | Gregory Balensiefer c/o Dessaules Law Group 2700 North Central Avenue, Suite 1250 Phoenix, AZ 85004 | 4918 | 11/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Gregory Balensiefer c/o Dessaules Law Group 5353 North 16th Street, Ste. 110 Phoenix , AZ 85016 | 7302 | 11/13/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $148,611.86 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | Joseph La Costa and Elizabeth La Costa Joseph La Costa, Esq. 7840 Mission Center Court, Suite 104 San Diego, CA 92108 | 6860 | 06/11/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $120,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Joseph and Elizabeth La Costa 7840 Mission Center Court #104 San Diego, CA 92108 | 7160 | 08/28/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $150,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | Monifa Ajanaku 1020 Rayner Street Memphis, TN 38114 | 3795 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,323.08 General Unsecured | Residential Capital, LLC | 12-12020 | Monifa Jamila Ajanaku Monifa J. Ajanaku 1020 Rayner St Memphis, TN 38114 | 7288 | 10/16/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $792.72 Secured $0.00 Priority $1,530.36 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**Exhibit B**

ny-1124697

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Bonnie Bucio<br>2149 Matrena Dr<br>Beaver Creek, OH 45431 | 7175 | 09/23/2013 | $0.00<br>$0.00<br>$165,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | Leroy Hines<br>4466 Fairway Drive<br>Shreveport, LA 71109 | 7312 | 11/20/2013 | $0.00<br>$0.00<br>$38,789.36<br>$2,600.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | MAMIE D CALDWELL<br>MAMIE D CALDWELL-DAVIS<br>318 E ARCH ST<br>MANSFIELD, OH 44902 | 7169 | 09/11/2013 | $0.00<br>$0.00<br>$0.00<br>$334.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | Michael Harkey<br>4742 42nd Av SW<br>PMB#511<br>Seattle, WA 98116 | 7178 | 09/10/2013 | $0.00<br>$0.00<br>$950,000.00<br>$0.00<br>$3,150,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | Suzanne and Melvin Simonovich<br>12322 87th Avenue<br>Pleasant Prairie, WI 53158 | 7177 | 09/10/2013 | $0.00<br>$0.00<br>$500,000.00<br>$0.00<br>$1,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Twanda Randall<br>109 Dauntly Street<br>Upper Marlboro, MD 20774 | 7168 | 09/09/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,054,416.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | Verlindred Long<br>2535 Mercer St<br>Germanton, NC 27019 | 7309 | 11/15/2013 | $0.00<br>$0.00<br>$28,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | Walter Olszewski vs Bank of America a coperation Bank of America Home Loans a corporation Bank of America NA a et al<br>104 W Loma Alta Dr<br>Altadena, CA 91001 | 7172 | 09/09/2013 | $0.00<br>$0.00<br>$612,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Walter Olszewski vs Bank of America a coporation Bank of America Home Loans a corporation Bank of America NA a et al<br>104 W Loma Alta Dr<br>Altadena, CA 91001 | 7163 | 09/03/2013 | $0.00<br>$0.00<br>$612,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**<u>Exhibit C</u>**

ny-1124697

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - NON-DEBTOR (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Elizabeth Zavala McMillen 1409 North 15th Avenue Melrose Park, IL 60160 | 2672 | 11/06/2012 | $0.00 $0.00 BLANK $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No-Liability, Alleged basis for claim does not involve a Debtor entity. Claim appears to relate to an alleged divorce proceeding. |
| 2 | Franklin H. Johnson 817 Overlook Circle Hueytown, AL 35023 | 4678 | 11/13/2012 | $0.00 $0.00 $0.00 $0.00 $1,119.50 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No-Liability, Alleged basis for claim does not involve a Debtor entity. Claim appears to relate to uncollected fees owed by claimant. |
| 3 | Kimberly Fisher P.O. Box 754634 Memphis, TN 38175 | 1343 | 10/18/2012 | $981.30 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No-Liability, Alleged basis for claim does not involve a Debtor entity. Claim appears to be asserted against Chase Home Finance LLC. |