Hearing Date: January 27, 2014 at 2:00 p.m. (ET)

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:    (212) 468-8000<br>Facsimile:    (212) 468-7900<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Melissa A. Hager<br>Jonathan M. Petts | SEVERSON & WERSON P.C.<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: (415) 398-3344<br>Facsimile: (415) 956-0439<br>Donald H. Cram *(admitted pro hac vice)* |

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY**
**IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 5420**
**<u>OF VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN</u>**

ny-1121931

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan")[1] in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits, on behalf of Residential Capital, LLC ("ResCap") and its affiliated post-effective date debtors (collectively, the "Debtors") in the Chapter 11 Cases, this reply (the "Reply") to the opposition [Docket No. 6122] (the "Opposition") of Vachagan Abed-Stephen and Susie Abed-Stephen (the "Claimants") to the *Debtors' Objection to Claim No. 5420 of Vachagan Abed-Stephen and Susie Abed-Stephen* [Docket No. 5786] (the "Objection").[2]  In support of the Reply, the Borrower Trust submits the supplemental declaration of Lauren Graham Delehey, formerly the Chief Litigation Counsel in ResCap's legal department and currently the Chief Litigation Counsel to the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1.  In further support of the Reply, the Borrower Trust respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     In the Opposition, the Claimants argue that they are entitled to recover the payments they made to Debtor GMAC Mortgage, LLC ("GMACM") in connection with the Loan.  Opposition at 3.  The Claimants apparently assert that GMACM, as servicer, had

---

[1] The Plan was confirmed by order of this Court dated December 11, 2013 [Docket No. 6065] and the effective date of the Plan occurred on December 17, 2013.  The Plan provides for the creation and implementation of the Borrower Trust.  Among other things, the Borrower Trust is responsible for prosecuting objections to Borrower Claims, including those objections previously filed by the Debtors.  *See* Plan, Art. IV.F.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

no authority to collect payments from them for two reasons.[3]  First, the Claimants assert that the assignment of the Deed of Trust from First Federal Bank of California ("First Federal") to GMACM in May 2006 was invalid because the underlying debt was purportedly not transferred to GMACM in connection with the assignment.  Opposition at 2.  The Claimants are mistaken.  The assignment of the Deed of Trust plainly states that the Deed of Trust is being assigned to GMACM together with the associated promissory note.  This is consistent with the Claimants' loan documents, which state that the Loan could be assigned by First Federal and that the Claimants' repayment obligations would apply to any of First Federal's assignees, such as GMACM.  Thus, nothing in the Deed of Trust's assignment obviated the need for the Claimants to make Loan payments to GMACM.

2. Second, the Claimants contend that the securitization of the Note (as such term is defined in the Supplemental Declaration) in April 2007 was purportedly defective, which, apparently in their view, also abrogated their obligation to make payments to GMACM.  *See* Opposition at 2-3.  This premise is also easily refuted.  Because the Claimants have not alleged that they were parties to, or beneficiaries of, any securitization agreement involving their Note, they lack standing to complain of any alleged defects in connection with such securitization.  Moreover, even if the Claimants had standing to complain of purported breaches of a securitization agreement, the Claimants have not explained how they have been harmed by the securitization and have not plausibly alleged any damages as a result of the securitization.  Accordingly, the relief requested in the Objection should be granted.

---

[3] The Opposition also apparently asserts allegations best described as a claim for cancellation of instrument under California law.  This cause of action is addressed in paragraphs 44-49 of the Objection and will not be addressed again herein.

## REPLY

**A.     The Deed of Trust's Assignment Did Not Abrogate the Claimants' Obligation to Make Payments to GMACM**

3.      The Opposition asserts that First Federal's assignment of the Deed of Trust to GMACM is "a false document because GMACM never received an assignment of the debt in connection with . . . said recorded assignment." Opposition at 2. Although difficult to understand, the Opposition appears to argue that the assignment to GMACM was invalid under the common law of secured transactions. Under California secured transactions law, the security for a debt is "a mere incident of the debt or obligation which it is given to secure" *Hayward Lumber & Inv. Co. v. Naslund*, 125 Cal. App. 34, 39 (1932), such that "the assignment of an interest in the security for a debt is a nullity in the absence of an assignment of the debt itself." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 271 (2011), citing *Kelley v. Upshaw*, 39 Cal. 2d 179, 192 (1952) and 4 Witkin, Summary of Cal. Law (10th ed. 2005) Security Transactions in Real Property, § 105, p. 899.

4.      In this case, however, the recorded assignment of the Deed of Trust expressly stated that First Federal assigned its interest in the Deed of Trust to GMACM "[t]ogether with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust." Assignment of Deed of Trust at 1, <u>Exhibit B</u> to Delehey Declaration. The Claimants have provided no evidence that this document in the public record is false. Thus, both the Note and the Deed of Trust were validly transferred to GMACM, contrary to the Claimants' assertion.

5.      Moreover, assignment of the Note did not absolve the Claimants of their repayment obligations. Specifically, the Note unequivocally includes the Claimants' promise to repay any assignees of First Federal:

> In return for a loan that I have received, I promise to pay [$920,000] … to the order of the Lender. *The Lender is First Federal . . . its successors and/or assignees, or anyone to whom this Note is transferred. I understand that the Lender may transfer this Note*.

Note at ¶ 1, Exhibit A to Supplemental Declaration (emphasis added). *See also* Deed of Trust at ¶ 16, Exhibit A to Delehey Declaration ("This Deed of Trust shall bind and benefit the successors and assigns of Lender . . . ."). Thus, First Federal's assignment of the Deed of Trust to GMACM in no way altered the Claimants' obligation to make monthly payments to GMACM.

**B.    The Note's Securitization Did Not Abrogate the Claimants' Obligation to Make Payments to GMACM**

6.      The Opposition also apparently alleges that GMACM was not entitled to collect payments from the Claimants in connection with the Loan (Opposition at 2) because the Note and the Deed of Trust were never properly transferred to the securitization trust, whose principal appointed GMACM to service the Loan (*see* Opposition at 2, 3).[4] Specifically, the Opposition asserts that "GMACM is not a loan servicer with authorized

---

[4] On May 22, 2006, First Federal assigned the Note and Deed of Trust to GMACM, which began servicing the Loan on December 20, 2006. On April 1, 2007, the Note was subsequently securitized – assigned to Wells Fargo Bank, N.A. ("Wells Fargo") as trustee for the residential mortgage-backed securities trust, HarborView Mortgage Loan Trust 2007-3. On the same date, Wells Fargo, as trustee, and Greenwich Capital Financial Products Inc., as owner, entered into a reconstituted servicing agreement with GMACM. Pursuant to the reconstituted servicing agreement, GMACM continued to service the Loan and to accept payments on behalf of the trust's investors, to the extent payments were made, until the Loan's servicing rights were transferred to Ocwen on February 15, 2013. At the time of the transfer, the Claimants continued to reside in the Glendale Property and their account was in active foreclosure, having been in default since July 1, 2008. In the Objection (¶ 12) and the Delehey Declaration (¶ 3), the Debtors inadvertently stated that Wells Fargo is the "investor" of the Loan, rather than the trustee of the HarborView Mortgage Loan Trust 2007-3. This issue has been clarified in the Supplemental Declaration and does not alter the arguments asserted in the Objection.

4

agency to enforce any collection of the alleged debt because its principal has no legal capacity to enforce the debt obligation."[5] Opposition at 2-3.

7. As an initial matter, the Borrower Trust is not aware of any defect in connection with the Note's securitization, nor have the Claimants specifically identified any, apart from conclusorily alleging that the Note and Deed of Trust were never delivered to the securitization trust (Opposition at 2). Assuming, arguendo, that the securitization of the Note was defective, the Claimants fail to explain how that would make any difference or more importantly cause any harm to them. The alleged transfer (or non-transfer) of the Note and Deed of Trust was between third parties and not the Claimants. Therefore, because the Claimants have not alleged, let alone proved, that they were parties to, or intended beneficiaries of, any securitization agreement involving the Note, they lack standing to complain of an alleged error in the assignment of the Note to the securitization trust. *See Armeni v. America's Wholesale Lender*, 2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the [pooling and servicing agreement that governed the securitization]."); *In re Correia*, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) (holding that mortgagors lacked standing to raise alleged violations of the pooling and servicing agreement, when they were not parties to, or third-party beneficiaries of, the agreement); *Greene v. Home Loan Servs., Inc.*, 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010) ("Plaintiffs do not have standing to bring their challenge

---

[5] Significantly, to the extent the Proof of Claim seeks not only to recover the Claimants' Loan payments to GMACM, but also to prevent GMACM or Ocwen from foreclosing on the Glendale Property, the latter relief is precluded as a matter of California law. *See Robinson v. Countrywide Home Loans*, 199 Cal. App. 4th 42, 46 (2011) (holding that California's statutory scheme governing nonjudicial foreclosure "does not provide for a preemptive suit challenging standing [to foreclose]"); *see also Gomes v. Countrywide Home Loans*, 192 Cal. App. 4th 1149, 1152, 1154-57 (2011).

5

regarding the securitization of the mortgage" because they were "not a party to the Pooling and Servicing Agreement.").

8. Indeed, if the Note's securitization was void as the Claimants contend, the injured party would be the investors of the securitization trust which paid for the Note, not the Claimants. *See Correia*, 452 B.R. at 324-325; *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). Importantly, the Claimants do not contend that (a) anyone other than GMACM has attempted to collect payment of the Loan, (b) they made payments to any party that were not credited against their Loan balance, or (c) the alleged defective securitization of the Note in any way prejudiced the Claimants' ability to make their payments as required under the Note. Thus, the Claimants have failed to explain how they have been harmed by the Note's securitization and fail to plausibly allege any claim for damages resulting from the securitization. *See Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 899 (D. Haw. 2011) ("The overwhelming authority does not support a [claim] based upon improper securitization.") (citing cases). Accordingly, the Proof of Claim should be expunged in its entirety.

## CONCLUSION

9. WHEREFORE, the Borrower Trust respectfully submits that the relief sought in the Objection should be granted.

(*The remainder of this page is intentionally left blank*)

Dated: January 17, 2014
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Jonathan M. Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

-and-

SEVERSON & WERSON P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Donald H. Cram *(admitted pro hac vice)*

*Counsel for The ResCap Borrower Claims Trust*