**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

### ORDER DENYING RELATED MOTIONS OF LILIA MEDRANO

Before the Court are two motions filed by Lilia Medrano ("Medrano" or the "Movant"). The first is Medrano's *Letter of Objection to (Amended and Supersede of Claim) With Prejudice for Fraud on the Court With a Request of Final Judgment* (the "Reconsideration Motion," ECF Doc. # 5370), and the second is Medrano's *Motion to Dismiss Foreclosure With Prejudice for Fraud on the Court* (the "Foreclosure Motion," ECF Doc. # 5098, and together with the Reconsideration Motion, the "Medrano Motions"). The Debtors filed an *Objection to (I) Motion of Lilia Medrano for Reconsideration of Entry of Order Approving the Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims) and (II) Defendant's Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court* (the "Objection," ECF Doc. # 5642). The Objection is supported by the Declaration of Lauren Graham Delehey (the "Delehey Decl.," ECF Doc. # 5642-1). On December 17, 2013, the Court held a hearing on the Foreclosure Motion.[1] Medrano did not appear. For the reasons that follow, both Medrano Motions are **DENIED**.

On October 29, 2012, Medrano filed Proof of Claim No. 1981 against Residential Capital, LLC, asserting a general unsecured claim in an unknown amount. There was no official proof of claim form appended to the documents comprising Claim No. 1981, but the claim

---

[1]   Under Local Rule 3008-1, no oral argument is heard on a motion to reconsider disallowance of a claim.

appears to demand that GMAC Mortgage, LLC produce evidence that it is the actual holder of a note (the "Note") on the Movant's property located at 2402 Avenue A Terrace NW, Winter Haven, Florida 33880 (the "Property"). The claim also alleges fraud by the Debtors and other non-Debtor parties relating to foreclosure on the Property.

On November 5, 2012, the Movant filed Proof of Claim No. 3466 against Residential Capital, LLC / GMAC Mortgage, LLC, asserting a claim in the aggregate amount of $311,111.11, which is comprised of $128,000.00 as a secured claim and $183,111.11 as a general unsecured claim. The stated basis for the claim is "fraud." Claim No. 3466 contains the same allegations as Claim No. 1981 and appends the same documents in support. In addition, the Movant notes on Claim No. 3466 that the proof of claim form relates to an August 29, 2012 claim filed by the Movant in these chapter 11 cases. There is no document in either Claim No. 1981 or Claim No. 3466 that is marked with this date, and the Debtors' state that their claims register does not contain any other claims filed by the Movant. The Debtors presume, though, that Claim No. 3466 makes reference to Claim No. 1981, which was filed on October 29, 2012.

On August 15, 2013, the Debtors filed the *Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* (the "Twenty-Fifth Omnibus Claims Objection," ECF Doc. # 4715), which included an objection to Claim No. 1981 because it was amended and superseded with the subsequently filed Claim No. 3466. The Movant did not file a response to the Twenty-Fifth Omnibus Claims Objection. On September 24, 2013, the Court entered an order sustaining the Twenty-Fifth Omnibus Claims Objection (ECF Doc. # 5188), which resulted in the disallowance and expungement of Claim No. 1981 from the claims register.

On September 20, 2013, the Debtors filed the *Debtors Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Fiftieth Omnibus Claims

2

Objection," ECF Doc. # 5162), which included an objection to Claim No. 3466 because the Debtors determined they had proper authority to service the loan related to the Property (the "Loan"), and to enforce the terms of the Loan on behalf of the owner of the Loan.  The Movant did not file a response to the Fiftieth Omnibus Claims Objection.  On November 20, 2013, the Court entered an order sustaining the Fiftieth Omnibus Claims Objection (ECF Doc. # 5892), which resulted in the disallowance and expungement of Claim No. 3466 from the claims register.

On September 16, 2013, Medrano filed the Foreclosure Motion, again requesting proof of ownership of the Note, and seeking to dismiss a foreclosure action on the Property, which Medrano contends is pending in the Circuit Court of the 10th Judicial Circuit of the State of Florida, in and for Polk County, Florida, General Jurisdiction Division, Case No. 53-2009-CA-005402 DIV.8 (the "Florida Action").  According to the papers submitted by Medrano, the plaintiff in the Florida Action is U.S. Bank National Association, as Trustee for RASC 2006KS8, and Medrano is named as defendant.  Attached to the Foreclosure Motion is the *Defendant's Emergency Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court*, which Medrano previously submitted with her proofs of claim.

It is unclear what type of relief the Movant seeks in the Foreclosure Motion, but it appears to be a motion to dismiss the Florida Action.  The Movant is requesting that the Debtors cease foreclosure on the Property and provide proof that they actually hold the Note.  According to the Debtors, however, they do not own and no longer service the Loan.  (*See* Delehey Decl. ¶ 3.)  Servicing of the Loan was transferred to Ocwen Loan Servicing, LLC ("Ocwen") in connection with the Debtors' sale of their servicing platform.  (*See id.*)  Moreover, as far as the Debtors have been able to ascertain, no foreclosure proceeding is pending in connection with the Property.  (*See id.*)  The Debtors' investigation in connection with the Foreclosure Motion

identified that a foreclosure of the Property was initiated in 2008, but the Movant obtained a loan modification in June 2008 and that foreclosure action was dismissed in 2010. (*See id.*) The Debtors also inquired of Ocwen regarding this matter and were advised that Ocwen's records similarly do not reflect any pending foreclosure proceeding in connection with the Property. (*See id.*) For these reasons, the Foreclosure Motion is **DENIED**.

On October 15, 2013, the Movant filed the Reconsideration Motion, asserting, among other things, fraud on the part of the Debtors and allegations similar to those set forth in her two proofs of claim and the Foreclosure Motion. In fact, the content of the Reconsideration Motion is nearly identical to the *Defendant's Emergency Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court*, previously submitted with Medrano's Foreclosure Motion and proofs of claim. But because the Reconsideration Motion appears to seek withdrawal of the order granting the Twenty-Fifth Omnibus Claims Objection, the Court treats the motion as a motion for reconsideration of that order.

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Bankruptcy Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks omitted). A motion for reconsideration may not be used "to enable a party to

complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60, which sets forth the grounds on which a court may grant relief to a party from a final order.  Relief from an order can be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order.  FED. R. CIV. P. 60(a)–(b).  The moving party bears a heavy burden because Rule 60 provides extraordinary relief and is, therefore, generally viewed with disfavor.  *Bowman v. Jack Bond* (*In re Bowman*), 253 B.R. 233, 240 (B.A.P. 8th Cir. 2000).

The Movant has not provided any basis for reconsidering the Court's earlier ruling disallowing and expunging Claim No. 1981 as an amended and superseded claim, notwithstanding the subsequent disallowance and expungement of Claim No. 3466.  The Movant has not introduced any new evidence, established that the Court overlooked available evidence, identified any new arguments, or presented new facts or a change in the law that would warrant the Court's reconsideration of its earlier order.  For these reasons, the Reconsideration Motion is **DENIED**.

For all of the foregoing reasons, the Medrano Motions are **DENIED**.

**IT IS SO ORDERED,**

Dated:    January 23, 2014
         New York, New York

     /s/Martin Glenn     
MARTIN GLENN
United States Bankruptcy Judge
