**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

      Residential Capital, LLC, *et. al.*

                      Debtors.

Chapter 11

Case No. 12-12020

## ORDER SUSTAINING OBJECTION TO
## CLAIMS 5573 AND 5580 FILED BY RON AND JULIE ERIKSEN

Before the Court is the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Objection," ECF Doc. # 5138). Through the Objection, the Debtors seek to reclassify and redesignate Claim Nos. 5580 and 5573 of Ron and Julie Eriksen respectively (the "Eriksen Claims") as $1,000,000.00 general unsecured claims against GMAC Mortgage, LLC ("GMACM"). (Objection, Exhibit A). The Eriksens' proofs of claim each assert a $475,000.00 secured claim and a $525,000.00 general unsecured claim against Residential Capital, LLC ("ResCap") for "Fraud, Consp. to commit fraud, RESPA & tila violations, Deceptive business practices, breach of contract and other wrongful acts." The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," attached as Ex. 1 to Objection). The Eriksens filed a response[1] (the "Response," ECF Doc. # 5485), and the Debtors filed a reply (the "Reply," ECF Doc. # 5730). The Debtors also submitted the

---

[1]     The Eriksens attach to the Response various documents as supplemental evidence:
- "Exhibit A" includes two claims information sheets for claim numbers 5580 (Ron Eriksen) and 5573 (Julie Eriksen) along with a memorandum outlining various theories of collection;
- a second "Exhibit A" itemizes the alleged financial harms suffered by the Eriksens (totaling roughly $2,000,000.00);
- "Exhibit 1" is a mortgage signed by Ron and Julie Eriksen listing GMAC Mortgage Corp as the lender;
- "Exhibit 2" is a personal affidavit written by Ron Eriksen;
- "Exhibit 3" is a "Complaint to Foreclose Mortgage" filed by GMAC Mortgage, LLC against the Eriksens in the Circuit Court for the Eighteenth Judicial District of Dupage County, Wheaton, Illinois;
- "Exhibit 4" includes various filings, such as a "Notice of Filing" and "Proof of Service", connected to the proceeding cited in "Exhibit 3";
- "Exhibit 5" is a "Notice of Joint Appeal" filed by the Eriksens in the Second District Appellate Court of Illinois,

Supplemental Declaration of Deanna Horst with their Reply (the "Suppl. Horst Decl.," attached

as Ex. 3 to Reply).[2]  On November 15, 2013, the Court held a hearing, and the Eriksens appeared

telephonically.  The Court reserved decision on the Objection.

In the Response, the Eriksens (1) argue that the secured portion of their claims should not

be reclassified to unsecured, (2) oppose the redesignation of their claims against the Debtor to

claims against GMACM, and (3) allege that the Debtor's Objection is procedurally improper.

With respect to reclassification, the Eriksens assert that they have an equitable lien on their home

under Illinois state law (Response ¶ 10), entitling them to a right of setoff against the Debtor.

(*Id.* ¶ 9.)  Regarding redesignation, the Eriksens assert that a "shell game" or "bait and switch"

process is being used by GMAC Mortgage Corporation and GMACM to reform the Eriksens'

mortgage.  (*Id.* ¶ 9; *Id.* Ex. A1[3] at 4.)  Additionally, the Eriksens allege that the Debtor's

Objection is procedurally improper because it (1) fails to sufficiently "state the grounds of the

objection to each claim" and thus does not comply with Bankruptcy Rule 3007(e)(3), and (2) it

improperly "seek[s] reclassification or modification [and] not allowance or disallowance" of the

Eriksen Claims.  (*Id.* ¶ 16.)  The Response, however, does not address the Debtors' argument

that the Eriksen Claims were brought against the wrong Debtor.

In the Supplemental Horst Declaration, the Debtors describe their review of their books

and records, which indicate that the Eriksens' loan was originated by GMAC Mortgage

Corporation on November 9, 2005.  (Suppl. Horst Decl. ¶ 40.)  On October 24, 2006 GMAC

Mortgage Corporation merged into GMAC Mortgage, LLC ("GMACM").  (Suppl. Horst Decl.

¶ 41.)  Before the merger, GMAC Mortgage Corporation serviced the Eriksens' mortgage; after

[2]    The Reply and the Suppl. Horst Decl. specifically address claim no. 5580, Ron Eriksen's claim, but neither the Reply nor the Suppl. Horst Decl. mention claim no. 5573, Julie Eriksen's claim.  This opinion will address claim nos. 5580 and 5573 together as the Eriksen Claims, as the proofs of claim are identical.

[3]    There are two Exhibit A's attached to the Eriksens' Response.  The first Exhibit A will be referred to as Exhibit A1.  The second Exhibit a will be referred to as Exhibit A2.

the merger, GMACM serviced the Eriksens' mortgage. (Suppl. Horst Decl. ¶ 41.) GMACM

serviced the loan until February 16, 2013, when it transferred the servicing rights to Ocwen Loan

Servicing, LLC. (Suppl. Horst Decl, ¶ 40.)

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of

claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of

claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes

prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy

3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (16th rev. ed.

2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed,

unless a party in interest . . . objects." 11 U.S.C. § 502(a). An objecting party is required to

produce evidence equal in force to that provided by the claimant to rebut the presumption of the

claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992)

("In practice, the objector must produce evidence which, if believed, would refute at least one of

the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden

then shifts back to the claimant to produce additional evidence to prove the validity of the claim

by a preponderance of the evidence. *Id.* at 174.

Federal Rule of Bankruptcy Procedure 3001(d) provides that if a claimant is asserting a

security interest in property of the debtor, then "the proof of claim shall be accompanied by

evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d). To be

entitled to an administrative expense or other priority claim, a claimant must demonstrate that

they have one of the categories of claims set forth in section 507(a) of the Bankruptcy Code.

"Every claim granted priority status reduces the funds available to general unsecured creditors

and may diminish the recovery of other claimants qualifying for equal or lesser priorities."

*Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006). "To give priority

to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of

distribution; it dilutes the value of the priority for those creditors Congress intended to prefer."

*Id.* (citation omitted).

The Eriksen's allege that they hold a $475,000.00 secured claim against the Debtor,

secured by their home because they have an "equitable lien on their home under Illinois law"

created by ResCap's wrongful actions. (Response ¶ 10). In the Reply, the Debtors insist that the

Eriksens "do not have a secured claim against the Debtors because the Eriksens' residence is not

property of the Debtors' estates." (Reply ¶ 16). Indeed, the Eriksen Claims against the Debtor

cannot be secured by an equitable lien on their home because the Debtors maintain that the

Eriksens' home is not property of the estate. (Reply ¶16; Suppl. Horst Decl. ¶ 40; *Ivanhoe Bldg.

& Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243, 245–46 (1935) (recognizing that a creditor

holding a security interest in a nondebtor's property held an unsecured claim against the debtor

because "at the date of bankruptcy [the creditor] held no security against the bankrupt company's

property.").

The Eriksens' further allege that they are entitled to a right of setoff against the Debtors,

yet the Debtors state they do not hold any claims against the Eriksens, and thus there is no claim

for the Eriksens to setoff their claims against. (Response ¶ 17; Reply ¶ 17). The Eriksens also

assert that the Debtor's Objection fails to sufficiently "state the grounds of the objection to each

claim" and thus does not comply with Bankruptcy Rule 3007(e)(3), but the Objection plainly

states that the grounds for the Objection are that these particular claims were misclassified as

secured and brought against the wrong debtor. (Objection ¶ 2). Lastly, the Eriksens suggest that

it is "procedurally improper" for Debtors to "seek reclassification or modification [and] not

4

allowance or disallowance" of the Eriksens' claim, yet these reclassifications and modifications are allowable at this juncture.  (Response ¶ 16).

The Eriksens have not provided any evidence that they hold a security interest in any of the Debtors' assets; they are therefore not entitled to a secured claim against the Debtor.  No documents attached to their Response or to their proofs of claim contain evidence that the Eriksens have a lien against or a valid security interest in any of the Debtors' property or assets.  In addition, they have provided no evidence or documentation in either their Response or their proof of claims that dispute the Debtors' contention that her claim was filed against the incorrect Debtor.  In fact, to the extent the Eriksens have valid claims, they are claims against GMACM, rather than against ResCap.

For these reasons, the Court **SUSTAINS** the Objection and Claim Nos. 5580 and 5573 are hereby **REDESIGNATED** and **RECLASSIFIED** as $1,000,000.00 unsecured claims against GMAC Mortgage, LLC.  Nothing in this Order should be construed as a judgment on the merits of claim nos. 5580 and 5573, and the rights of all parties are preserved with respect to the newly designated claims.

**IT IS SO ORDERED.**

Dated: January 23, 2014
          New York, New York

                                                    _____/s/Martin Glenn_____
                                                         MARTIN GLENN
                                                    United States Bankruptcy Judge