**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    Residential Capital, LLC, *et. al.*

                                Debtors.

Chapter 11

Case No. 12-12020

**ORDER (1) SUSTAINING THE DEBTORS' OBJECTION TO CLAIMS 1541 AND 1542 FILED BY JEFFREY M. DAVIS AND (2) LIFTING THE AUTOMATIC STAY**

Pending before the Court is the *Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor* (the "Objection," ECF Doc. # 5646). This Order pertains only to Claim Numbers 1541 and 4664 filed by Jeffrey M. Davis (the "Davis Claims"). In support of the Objection, the Debtors filed the Declarations of Lauren Graham Delehy (Objection Ex. 1), Norman S. Rosenbaum (Objection Ex. 2), and Robert D. Nosek (Objection Ex. 3). Davis filed two responses to the Objection, (ECF Doc. ## 6042, 6119), and the Debtors filed a reply (the "Reply," ECF Doc. # 6091). The Debtors also filed a Supplemental Declaration of Lauren Graham Delehy in support of the Objection (ECF Doc. # 6091-3). Through the Objection, the Debtors' seek to expunge the Davis Claims, which collectively assert liability totaling $893,450 for wrongful foreclosure and personal injury.

The Debtors object to the Davis Claims on the grounds that the issues raised by the Claims were already litigated on the merits between the parties in two actions in Michigan state court. In first case, the court granted summary disposition on all claims against the defendants, while in the second, the court granted summary disposition as to most claims, and Davis signed a stipulation order dismissing the remaining claims with prejudice.

In the first Michigan case, Debtor GMAC Mortgage, LLC ("GMACM") sought summary disposition, arguing that (1) Davis's claims for equitable relief were moot since GMACM had

stopped foreclosure of his home, and (2) Davis's claims for tort damages failed due to lack of evidence. The Michigan court granted GMACM's summary disposition motion. In the second action, the state court granted summary disposition in favor of GMACM on most matters, and Davis signed a stipulation order dismissing the remaining claims against GMACM with prejudice. Davis filed appeals in both matters.

In response to the Debtors, Davis asserts that the Michigan judgments are not final and are not barred by *res judicata* because (1) the Michigan rulings have been appealed and have not been decided by the appellate court; (2) at least one of the cases was not decided on the merits; and (3) stipulated orders of dismissal (relevant to one of his state court lawsuits) are not final decisions on the merits.

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94

2

(1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Ordinarily, "[i]n applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted).

The Debtors assert that under Michigan law, an appeal does not affect the finality of a judgment. *See Chakan v. City of Detroit*, 998 F. Supp. 779, 783 (E.D. Mich. 1998) (noting that appeals of judgments in Michigan do not alter the judgments' preclusive effects). At a December 17, 2013 hearing regarding the Objection, Davis's counsel argued that *res judicata* did not apply while an appeal was pending pursuant to *Annabel v. C.J. Link Lumber Co.*, 320 N.W.2d 64 (Mich. Ct. App. 1982). Indeed, Michigan appears to have conflicting caselaw on the topic. *See Crawford v. Chabot,* 202 F.R.D. 223, 225–26 (W.D. Mich. 1998) (discussing cases describing different rules about pending appeals and *res judicata* in Michigan). Nevertheless, more courts following the *Annabel* decision (which did not involve the issue of finality) appear to apply the rule that an appeal does not alter the finality of a judgment rendered on the merits. *See, e.g., Crawford*, 202 F.R.D. at 226; *O'Leary v. Charter Twp. of Flint*, No. 09-13075, 2010 U.S. Dist. LEXIS 73472 , *15 (E.D. Mich. July 21, 2010); *Hughes v. Gen. Motors Corp.*, No. 02-40256, 2005 U.S. Dist. LEXIS 47613, *15–16 (E.D. Mich. Oct. 12, 2005).

Moreover, under Michigan law, a summary disposition ruling on the merits gives rise to *res judicata*. *See The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust*, 2625 Mich. App. 485, 510 (2004) (equating summary disposition rulings to trials on the merits). Additionally a stipulation of dismissal is treated as a ruling on the merits for *res judicata* purposes as well. *See*

3

*Brownridge v. Mich. Mut. Ins. Co.*, 115 Mich. App. 745, 748 (1982) (finding that voluntary dismissals with prejudice constitute final judgments on the merits).

The Debtors initially objected to the Davis Claims on the grounds that they were barred by *res judicata*, citing the Michigan litigation. That shifted the burden to Davis to provide additional evidence supporting the validity of his Claims, but Davis failed to do so. The Court therefore **SUSTAINS** the Objection to the Davis Claims.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition stays judicial proceedings against a debtor that were commenced before the debtor's bankruptcy filing. 11 U.S.C. § 362(a)(1). That section also provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the "*Sonnax* Factors." *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). The Court has considered the Sonnax Factors and finds that they weigh in favor of lifting the automatic stay so Mr. Davis can pursue his pending appeals. For these reasons, it is hereby **ORDERED** that the automatic stay is modified to permit Davis's appeals to proceed through resolution. Should Davis succeed in his appeals, he may move to have his claim reinstated under Bankruptcy Code section 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause . . . .").

      **ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Debtors' Objection is sustained as to the Davis Claims, and those Claims are disallowed and expunged.

2. The automatic stay imposed by Bankruptcy Code section 362 is modified as provided in this Order.

3. This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: January 23, 2014
      New York, New York

                                               **/s/Martin Glenn**
                                               MARTIN GLENN
                                     United States Bankruptcy Judge