**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    Residential Capital, LLC, *et. al.*

Debtors.

Chapter 11

Case No. 12-12020

**ORDER DENYING WITHOUT PREJUDICE THE DEBTORS' FIFTIETH OMNIBUS OBJECTION AS TO CLAIM 4664 FILED BY JAMES C. JACKSON**

    Pending before the Court is the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 5162). This Order pertains only to Claim Number 4664 filed by James C. Jackson (the "Jackson Claim"). In support of the Objection, the Debtors filed the Declarations of Deanna Horst (Objection Ex. 1), Norman S. Rosenbaum (Objection Ex. 2), and Robert D. Nosek (Objection Ex. 3). Jackson filed a response to the Objection (ECF Doc. # 5494), and the Debtors filed a reply (the "Reply," ECF Doc. # 5736). The Debtors also filed a Supplemental Declaration of Deanna Horst in support of the Objection (ECF Doc. # 5736-3). Through the Objection, the Debtors' seek to expunge the Jackson Claim, which asserts an unliquidated claim against ResCap because the "debtor holds mortgage on property sold to creditor fraudulently or negligently." In support of his Claim, Jackson attached a complaint against non-Debtors and documentation of a December 2009 loan modification identifying Debtor GMAC Mortgage, LLC as the lender.

    The Debtors initially objected to the Jackson Claim because the Jackson Claim purportedly asserted that the Debtors lacked standing to service Jackson's mortgage or otherwise enforce the terms of Jackson's mortgage. But the Jackson Claim did not allege servicing violations by the Debtors. Rather, the Jackson Claim appears to allege that the Debtors owned Jackson's loan, which was either fraudulently or negligently originated because the originator

failed to disclose a defect in the property.  In their Reply, the Debtors produced evidence that they did not originate the loan and only held Jackson's note for a brief period before transferring it to another party.

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.").  Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Here, the Debtors initially objected to the Jackson Claim on the grounds that they had proper standing to service his mortgage and did not commit any servicing violations.  But the Jackson Claim did not assert servicing violations.  The Debtors' opening papers therefore did not shift the burden to Jackson.  Even though Debtors seemingly offered adequate evidence to rebut validity of Jackson's Claim in their Reply, Jackson did not have an opportunity to respond to that evidence.  The Court therefore **DENIES** the Objection without prejudice.  The Debtors may re-file an objection to the Jackson Claim providing all of the substantive bases for the objection in the opening papers so Jackson can have an adequate opportunity to respond the Debtors' objection.

3

This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: January 23, 2014
      New York, New York

                    **/s/Martin Glenn**
                    MARTIN GLENN
              United States Bankruptcy Judge