**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>  Residential Capital, LLC, *et. al.*<br><br>                                              Debtors. | Chapter 11<br><br>Case No. 12-12020 |

**ORDER DENYING WITHOUT PREJUDICE THE DEBTORS' FIFTIETH OMNIBUS**
**OBJECTION AS TO CLAIMS 1963 AND 5970**
**FILED BY MICHAEL AND GLORIA MCGUINTY**

Pending before the Court is the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 5162). This Order pertains only to Claim Numbers 1963 and 5970 filed by Michael and Gloria McGuinty (the "McGuinty Claims"). In support of the Objection, the Debtors filed the Declarations of Deanna Horst (Objection Ex. 1), Norman S. Rosenbaum (Objection Ex. 2), and Robert D. Nosek (Objection Ex. 3). The McGuintys filed two responses to the Objection (ECF Doc. ## 5497, 5554), and the Debtors filed a reply (the "Reply," ECF Doc. # 5736). The Debtors also filed a Supplemental Declaration of Deanna Horst in support of the Objection (ECF Doc. # 5736-3). Through the Objection, the Debtors' seek to expunge the McGuinty Claims, which assert unliquidated claims against Residential Capital, LLC. In support of their Claims, the McGuintys attached documentation detailing multiple loan requests that were denied.

The Debtors initially objected only to Claim Number 5970, but in the Reply, they also addressed Claim Number 1963, which appears to be premised on the same purported liability. In their opening papers, the Debtors asserted the Claim Number 5970 asserts liability for wrongful foreclosure, but the Debtors "foreclosed properly and took the appropriate loss mitigation steps." The McGuinty Claims, however, do not appear to assert liability for wrongful foreclosure.

Rather, they assert liability for improper loan modification denials and for wrongfully depleting the McGuintys' assets. Only in their Reply papers did the Debtors address the loan modification issues.

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Here, the Debtors initially objected to the McGuinty Claims on the grounds that they did not improperly foreclose on the McGuintys' property. But the McGuinty Claims assert liability on other grounds. The Debtors' opening papers therefore did not shift the burden to the McGuintys. Even if the Debtors had offered adequate evidence to rebut the Claims in their Reply, the McGuintys did not have an opportunity to respond to that evidence. The Court therefore **DENIES** the Objection without prejudice. The Debtors may re-file an objection to the McGuinty Claims providing all of the substantive bases for the objection in the opening papers so the McGuintys can have an adequate opportunity to respond the Debtors' objection.

3

This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: January 23, 2014
      New York, New York

                                  **/s/Martin Glenn**
                                  MARTIN GLENN
                           United States Bankruptcy Judge