UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    Residential Capital, LLC, *et. al.*

                                      Debtors.

Chapter 11

Case No. 12-12020

## ORDER SUSTAINING THE DEBTORS' THIRTIETH OMNIBUS OBJECTION AS TO CLAIM 4866 FILED BY FRANCINE MODDERNO

Pending before the Court is the *Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 4887). This Order pertains only to Claim Number 4866 filed by Francine Modderno (the "Modderno Claim"). In support of the Objection, the Debtors filed the Declarations of Deanna Horst (Objection Ex. 1), Norman S. Rosenbaum (Objection Ex. 2), and Robert D. Nosek (Objection Ex. 3). Modderno filed a response to the Objection (ECF Doc. # 5317), and the Debtors filed a reply (the "Reply," ECF Doc. # 5728). The Debtors also filed a Supplemental Declaration of Deanna Horst in support of the Objection (ECF Doc. # 5728-3). Modderno also filed two supplemental responses to the Debtors' Objection (ECF Doc. ## 5757, 5882). Through the Objection, the Debtors' seek to expunge the Modderno's Claim, which asserts an $720,000 secured claim against Residential Funding Company, LLC ("RFC") because RFC was "not legally assigned [the] mortgage note." In support of her Claim, Modderno attached a note evidencing a $600,000 loan.

The Debtors argue that the Modderno Claim asserts liability that was already fully litigated between the parties, and the Claim is therefore barred by *res judicata*. In response, Modderno argues that her claim is valid because RFC never owned her property due to fraud, and any previous judgments were therefore fraudulently obtained. Modderno claims that her

mortgage note was fraudulently assigned due to the robosignature of Judy Faber. Modderno states that in other litigation in Illinois, Indiana, and South Carolina, Faber has admitted that (1) other people used her signature stamp, (2) she did not personally verify information contained in mortgages and notes, and (3) Faber's signature was not notarized at the time of stamping, but instead was notarized at a later date.

In their Reply, the Debtors argue that Modderno already litigated this exact issue against certain Debtor entities in federal court in Virginia. The Debtors attached Modderno's 22-count complaint, where she alleged among other things that the RFC was perpetrating a fraud by claiming ownership of her property because her note was fraudulently assigned. Modderno raised the very issues of Ms. Faber and robosignatures in that Virginia litigation. The Debtors also attached the Virginia court's dismissal of that complaint without leave to amend. Modderno did not appeal that decision. According to the Debtors, Modderno's claim is barred by *res judicata* because Modderno is pursuing the same issue (arising from the same transaction or series of transactions) against the same parties, and the issue was already decided against on the merits.

In Modderno's second supplemental response to the Objection, she stated that she is not challenging the foreclosure of her home, but instead is "contesting the right of this court to legally sell or otherwise dispose of this property, or to appoint a servicer, or to perform any actions whatsoever regarding the property."

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The objecting party is thereafter

required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Ordinarily, "[i]n applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted).

Here, Modderno's claim alleges that the Debtors' fraudulently asserted of ownership of Modderno's note. In response, the Debtors offered evidence in the form of a sworn declaration describing their review of their books and records verifying that Modderno's Claim raised issues that were already litigated on the merits between the parties, so the Modderno Claim is barred by *res judicata*. That shifted the burden back to Modderno, and she did not respond with any additional evidence proving the validity of her claim. Rather, Modderno continued to assert the same basis of liability raised in her proof of claim. The Debtors further reinforced their Objection by submitting court documents from the Virginia litigation. The Debtors therefore

3

produced sufficient evidence to rebut the prima facie validity of Modderno's Claim, and Modderno did not provide a response adequate to revive her claim. The Court therefore **SUSTAINS** the Debtors' Objection, and the Modderno Claim is hereby **DISALLOWED** and **EXPUNGED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

Dated: January 23, 2014
      New York, New York

                                                                       _____/s/Martin Glenn_____
                                                                            MARTIN GLENN
                                                      United States Bankruptcy Judge