**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    Residential Capital, LLC, *et. al.*

                              Debtors.

Chapter 11

Case No. 12-12020

## ORDER DENYING DARBY MOTION TO LIFT THE AUTOMATIC STAY

Pending before the Court is Leanatha Darby's *Notice and Motion for Relief from Stay* (the "Motion," ECF Doc. # 5784). The Motion was filed on November 15, 2013. Through the Motion, Darby seeks an order lifting the stay so that she may prosecute a lawsuit she filed in California state court. On December 10, 2013, the Debtors filed an opposition to the Motion (the "Opposition," ECF Doc. # 6055). Darby did not file a reply. It is undisputed that Darby never filed a proof of claim in this case despite having received notice of the bar date. Nevertheless, Darby seeks to proceed with her California state court action to recover a money judgment against the Debtors. Darby may not recover any money damages on her prepetition claim. Therefore, the Motion is **DENIED.**

### BACKGROUND

On March 20, 2013, Darby filed a civil lawsuit in California against two Debtor entities and 50 John Does. In that suit, Darby alleged fraudulent concealment, intentional misrepresentation, negligent misrepresentation, debt collection violations, and negligence. Her claims related to the foreclosure of her home in California. Darby asserted that the Debtors illegally proceeded with the foreclosure even after she tendered a cashier's check to the Debtors in June 2011 for the full amount owed to bring her loan current. She further alleged that the Debtors had previously told her that if she made her loan current, they would halt the foreclosure

sale of her home. Nevertheless, the Debtors proceeded with foreclosure and sold the home on August 23, 2011, and the property was sold to a third party purchaser on March 20, 2012. Additionally, Darby claimed that on August 26, 2011, the Debtors sent her a letter stating that the foreclosure was canceled and the loan was paid in full. Even so, Darby received a notice to vacate her home on September 15, 2011, and an eviction notice on September 23, 2011. Darby attached to her California complaint the letter stating she owed $24,547.59, along with a copy of her certified check to the Debtors for that same amount.

On July 13, 2012, the Court entered an order lifting the stay for borrowers or their tenants to prosecute claims "relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure . . . or with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired." (ECF Doc. # 774). California provides for a challenge period of four years.

In their Opposition, the Debtors assert that the foreclosure cannot be rescinded since the property has been sold to a third party good faith purchaser. Thus, Darby may only seek compensatory damages. But Darby never filed a proof of claim in the bankruptcy even though Darby and her counsel were served notice of the Bar Date. Therefore, Darby could not collect on any judgment she obtained in California, so lifting the stay would serve no purpose.

On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter11 Plan Proposed by residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors* (the "Confirmed Plan," ECF Doc. # 6065). The Confirmed Plan became effective on December 17, 2013. (ECF Doc. # 6137.) The Confirmed Plan includes an injunction providing in part as follows:

2

> all Entities, including Investors, who have held, hold or may hold Claims, Equity Interests, Causes of Action or liabilities that constitute Released Claims, are permanently enjoined and precluded, from and after the effective date of the Plan, from: (a) commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims . . . .

Confirmed Plan, Article IX, ¶ I. Injunction, at 103.

This Plan injunction prevents any creditor holding a prepetition claim against the Debtors that failed to file a timely claim from prosecuting an action against the Debtors (or their successors) to recover on the claim. In addition to the Plan injunction, the automatic stay under section 362(a)(1) (barring "the commencement or continuation . . . of a judicial action or proceeding against the debtor") remains in effect until the case is closed. 11 U.S.C § 362(c)(2)(A).

## DISCUSSION

Darby's Motion was filed before the Confirmed Plan was approved and became effective. The automatic stay contained in section 362 was the applicable limitation on Darby's ability to prosecute her state court action at the time the Motion was filed. Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition automatically stays

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection*, 474 U.S. 494, 503 (1986). It maintains the status quo and protects the debtor's ability to formulate a plan for

3

the sale or other disposition of property of the estate.  3 COLLIER ON BANKRUPTCY ¶ 362.03 (16th ed. rev. 2012).

Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not, however, define the phrase "for cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the numerous factors, but the decisive factor here is whether "whether relief would result in a partial or complete resolution of the issues."  *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

In requesting relief from the automatic stay, the moving party bears the initial burden to demonstrate that "cause" exists to lift the stay.  *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow* (*In re Boodrow*), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation omitted).  If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested.  "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief."  *In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010).

Here, although Darby attached her state court complaint and may have held valid claims against the Debtors, lifting the automatic stay is unwarranted.  Darby did not file a proof of

4

5

claim, so lifting the stay to allow Darby to seek monetary damages would be futile. Even if she obtained a damages award, Darby could not collect on that award. Nor would Darby be entitled to equitable relief if the Court lifted the stay. Rescission is not an available remedy since the property was sold to a bona fide purchaser for value a year and a half after the foreclosure. *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (Cal. Ct. App. 1994) (holding that party had no equitable interest in formerly owned property because it was sold to bona fide purchaser for value). Since lifting the automatic stay would serve no meaningful purpose, the Court **DENIES** the Motion.

    **IT IS SO ORDERED**.

Dated:    January 23, 2014
             New York, New York

                                                *____Martin Glenn_____*
                                                MARTIN GLENN
                                         United States Bankruptcy Judge