RECEIVED
2014

NANCY K LAYNE
c/o 95680 South Coos River Lane
Coos Bay, Oregon
Plaintiff/Creditor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.,<br>Debtors. | Case No. 12-12032<br>Docket No. 3294 filed March 21, 2013<br>Claim No. 292 |
| LINTON C. LAYNE<br>NANCY K. LAYNE<br>Plaintiffs/Creditors<br>vs.<br><br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC,<br>Defendants. | PLAINTIFF'S OBJECTION TO DEBTORS' OBJECTION<br><br>MOTION TO POSTPONE<br><br>MOTION TO REMAND TO THE STATE OF OREGON |

COME NOW the Plaintiffs/Creditors above-named, and hereby file PLAINTIFFS RESPONSE to DEFENDANTS OBJECTION and PLAINTIFF MOTION TO REMAND THIS CASE TO the STATE of OREGON being in regards to determine the True parties in Interest, the Beneficial Interest holders and Secured Status, having been formed ab initio upon ***real property*** and thusly offering this Hon. Court evidence in Fact of parties.

The Plaintiff asserts the subject-matter of identifying the entity-distinction of the Defendants a paramount consideration and their entitlement or claims to entitlement or Interest and Avoid Liens of SIERRA PACIFIC MORTGAGE COMPANY, INC. (original lienholder), GMAC MORTGAGE, LLC (servicer), Ocwen

Loan Servicing, LLC Residential Capital, LLC (holding company of GMAC), pursuant to 11 U.S.C. §506(a) and §1322.

Plaintiffs asserts: the subject-matter before this Hon. Court is positioned adversarial; and is now ripe being convoluted in fact; and

With respects to this Court, the interests in question, however formed, and being for claims, presented for contest between the parties, is being derived ab initio upon ***real property*** being located within the State of Oregon; and

For the merit of claim(s) being contingent on identification of parties, and their respective right(s) to claims, is to the lawful beneficial interests having been formed by documentation derived through legal and proper title assignments; and

Any ruling in which removes Plaintiff security and interest or a ruling, in which by proximate cause, may result in Plaintiff loss of real property, and the interests therein formed, or otherwise by a ruling in which adversely creates additional economic damage without the Hon. Court having proof(s) in fact, being by contrast, mere Defendant suggestion or attorney brief, or attorney testifying on behalf of client, which no evidences suggests being in possession of proper title assignment, including and not being limited to Defendant producing a Chain of Title and Chain of Custody of the Promissory Note(s) being both a matter of law and an operation in law, thusly being legal merits formed under the substantive and procedural elements of the law for proof of entitlement, and without such proof(s) by the Defendant and Defendant seeking award based upon insufficient fact and without producing proof(s) may constitute a miscarriage of the law; and

Plaintiff asserts this Court is lacking proper documentation being for fact of entitlement and enforcement, collections or discharges, and the parties of claims **must-be identified as being legally entitled;** and

Plaintiff will serve all entities of GMAC MORTGAGE, LLC that has filed a Chapter 11 Bankruptcy, Case No: 12-2032, Northern District of New York. The GMAC MORTGAGE, LLC case along with numerous other cases, has been consolidated under the case of Residential Capital, LLC, Case No: 12-2020, Northern District of New York. Upon information and belief, GMAC MORTGAGE, LLC is a subsidiary of Residential Capital, LLC. The Automatic Stay regarding actions such as this one was lifted by a Court Order entered on 7/3/2012 at Docket #774 in the consolidated case.

## FACTS

Defendants filed a Chapter 13 bankruptcy on January 26, 2012.

GMAC MORTGAGE, LLC can be served with a Summons and Complaint c/o David Applegate, CEO, 4 Walnut Grove Drive, Horsham, PA 19044. GMAC MORTGAGE, LLC is, upon information and belief, owned by Residential Capital, LLC which can be served on James Whitlinger, CFO, Residential Capital, LLC, One Meridian Crossings, Minneapolis, MN 55423; and on Stefan W. Engelhardt, Esq., Morrison and Forester LLP, 1290 Avenue of the Americas, New York, NY 10104, attorney for Residential Capital and GMAC MORTGAGE, LLC in the pending bankruptcy proceedings.

On the date of filing, Plaintiffs owned and claimed as their homestead exemption the real property located at 2186 E Main Street, Hillsboro Oregon 97420 (hereinafter the "Property"); and

GMAC claimed an interest in the subject property by including the property in the cause before the court, yet in the Defendants December 20, 2013 (see document # 6168 # 6) response to the court, GMAC has now claimed that "In fact, neither the Debtors nor the Liquidating Trust have any interest in a mortgage or associated loan related to the Property; are the Defendants actions intending to over claim interest to this court?; and

There is no evidence in the Land Records of the State of Oregon that the subject property is in DEFAULT; and

**LEGAL ARGUMENT**

According to Lauren Graham Delehey, as Chief Litigation Counsel of ResCap and now with the Liquidating Trust, per DECLARATION submitted as Exhibit 1 of the December 20, 2013 filing, "Accordingly, as far as I have been able to ascertain, as of the date hereof, neither the Debtors nor the Liquidating Trust have any interest in a junior mortgage or associated note related to the Property." there is no evidence including first hand knowledge of the Deed of Trust nor the Note; and

If Ms. Delehey is saying that she has assisted in the execution of documents for the of Deed of Trust and the Note for the subject property then I would agree that she has the capacity to submit an affidavit, however Ms. Delehey has not provided any such evidence; and

a) "It is well established that statements of counsel of alleged facts are not sufficient to establish facts or evidence in the case for its client. " *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (D.C. Pa. 1964); and

The Plaintiffs are a real party in interest because they are the only ones that have come forth with known interest listed in Washington County, Oregon that actually signed the document for the real property; and

The Plaintiffs are a real party in interest as evidenced by the Bank statements of Nancy Layne where by monetary payments were sent to Homecomings Financial, LLC, and then to GMAC Mortgage and then to Loanservicing, all of who have had an opportunity to produce their records of interest and have not done so. See Exhibit A; and

If there is going to be any point in time where ruling from this court that has a proximate cause to the Plaintiffs losing their interest in the property and the Plaintiffs actually losing the possession of the property, do you believe that the court should know whom has right to the Note to accept or enforce, that and attorneys briefs is not sufficient, as being evidence in fact. And the only way this is going to be sorted out is in the proper venue; and

This case has become so convoluted that until this court knows who the real parties of interest are, this court may potentially be granting liberties to parties that should actually be held accountable for their transgressions; and

In Fact, neither the Debtors nor the Liquidating Trust have provided any evidence that "The Property is subject to a second lien mortgage, however, in favor of U.S. Bank as trustee for the SACO I 2006-9 residential mortgage trust" (See Delehey Decl. ¶ 4) is in this trust as an original species of record that indicates a Debt Obligation, and Plaintiffs believe that no such evidence exists; and

The Plaintiff is not claiming that there are not parties that may be owed, the Defendants lack of evidence supports discrepancies in the proper documentation of both the Deed of Trust and the Note, as a defective Chain of Title in State of Oregon where all land records are to be held; and

If this court proceeds without this matter being settled prior, it could slander the subject property and creating damage that may not be corrected; Oregon Revised Statutes 105.605 gives rise to an adversary possession of subject property; and

Request is made to remand this cause to the State courts for there to be a determination of whom actually has ownership rights per a Chain of Title and Chain of Custody of the Promissory Note(s), for the interest in the subject property according to the State of Oregon, County of Coos where all land records are to be held.

**WHEREFORE**, Plaintiffs pray that this Court enter an order that:

A. Postpone this case until such time that the parties have been identified for their security interest, or beneficial interest in the Chain of Title and Chain of Custody of the Promissory Note in the State of Oregon.

B. After such land records are identified and corrected with all interest and titles showing then the Bankruptcy case can be settled.

DATED: January 17, 2014

/////

/////

Nancy Kay Layne
Plaintiff / Creditor

Pg 7 of 8

# ORDER

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.,<br>Debtors.<br><br>LINTON C. LAYNE<br>NANCY K. LAYNE<br>Plaintiffs/Creditors<br>vs.<br><br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC,<br>Defendants. | Case No. 12-12032<br>Docket No. 3294 filed March 21, 2013<br>Claim No. 292<br><br>**[PROPOSED] CHANGE OF VENUE ORDER** |

After this matter being herd, IT IS HEREBY ORDERED THAT:

CHANGE OF VENUE to the State of Oregon, Washington County for the Chain of Title and Chain of Custody of the Promissory Note(s) be completed for land ownership records.

IT IS SO ORDERED.

DATE _____ of ____________ 2014.

______________________________

- 7 -

PLAINTIFF'S OBJECTION TO DEBTORS' OBJECTION & MOTION TO POSTPONE & MOTION TO REMAND TO THE STATE OF OREGON

# ORDER

| In re: RESIDENTIAL CAPITAL, LLC, et al., Debtors. | Case No. 12-12032<br>Docket No. 3294 filed March 21, 2013<br>Claim No. 292 |
| --- | --- |
| LINTON C. LAYNE<br>NANCY K. LAYNE<br>Plaintiffs/Creditors<br>vs.<br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC,<br>Defendants. | **[PROPOSED] POSTPONEMENT ORDER** |

After this matter being herd, IT IS HEREBY ORDERED THAT:

This Court shall postpone this cause until the State of Oregon, Washington County has properly identified all interest holders for Chain of Title and Chain of Custody of the Promissory Note(s) of the land ownership records.

IT IS SO ORDERED.

DATE _____ of ____________ 2014.

______________________________