**Hearing Date: January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENT IN FURTHER SUPPORT
OF THE DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED AGAINST
RESIDENTIAL CAPITAL, LLC BY (I) RUTH ASSORGI (CLAIM NO. 2580);
(II) JOHN R. FOSTER AND ELIZABETH FOSTER (CLAIM NO. 2581) AND
(III) MARK MOODY AND SHERRILL MOODY (CLAIM NO. 2583) PURSUANT TO
<u>SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007</u>**

ny-1127153

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    The ResCap Borrower Claims Trust (the "**Trust**") established pursuant to the terms of the Chapter 11 plan (the "**Plan**") filed and confirmed in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"),[1] as successor in interest to the debtors in the Chapter 11 Cases (collectively, the "**Debtors**")[2] with respect to Borrower Claims, hereby files this supplement (the "**Supplement**") in further support of the *Debtors' Objection To Proofs Of Claim Filed Against Residential Capital, LLC By (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster And Elizabeth Foster (Claim No. 2581) And (III) Mark Moody And Sherrill Moody (Claim No. 2583) Pursuant To Section 502(b) Of The Bankruptcy Code And Bankruptcy Rule 3007* [Docket No. 5163] (the "**Objection**").[3] In support of the Supplement, the Trust respectfully represents as follows:

    1. By the Objection, which was filed on September 20, 2013, the Debtors seek to disallow and expunge the proofs of claim filed against Residential Capital, LLC ("**ResCap**") by: (i) Ruth Assorgi[4] ("**Assorgi**"), designated as Claim No. 2580 (the "**Assorgi Claim**"); (ii) John R. Foster and Elizabeth Foster (the "**Fosters**") designated as Claim No. 2581 (the "**Foster Claim**"); and (iii) Mark Moody and Sherrill Moody (the "**Moodys**" and, together

---

[1] The Plan was approved and confirmed by the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065], entered by the Court on December 11, 2013.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[3] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection or the Plan, as applicable.

[4] The Assorgi Claim lists the name of the creditor as "Ruth Asorgi" while the exhibit lists an action allegedly pending under the name "Allorgi". As set forth in the Objection, the Debtors have searched their own books and records and various court records for both names, as well as variations of each. Based on that review, the Debtors believe that the correct spelling of the claimant's name is "Assorgi." The arguments in support of the disallowance of the Assorgi Claim are applicable regardless of the spelling of the claimant's name.

with Assorgi and the Fosters, "**Claimants**"), designated as Claim No. 2583[5] (the "**Moody Claim**" and, together with the Assorgi Claim and the Foster Claim, the "**Claims**"). All of the Claims were filed by Heather Boone McKeever ("**McKeever**") on behalf of the respective Claimants.

2. Although none of the Claimants have filed a response to the Objection (and the time to do so expired several months ago), given the amount of time that has elapsed since the Objection was filed, the Trust is submitting the Supplement in order to provide the Court with an update regarding the current status of the litigation underlying one of the Claims, and to address issues raised by the Court in connection with other claim objection proceedings in these Chapter 11 cases.

### A. The Foster Foreclosure Actions

3. The Class Complaint attached to the Foster Claim, and upon which the Foster Claim appears to be based, identifies four separate loans under which the Fosters are borrowers and that are allegedly in "various stages of litigation" in Hardin County Kentucky, Circuit Court (the "**Hardin County Court**"). *See* Class Complaint at 4-6. As set forth in the Objection, GMACM commenced each of those actions against the Fosters and, as of September 20, 2013, three of them had been completed. The original foreclosure sale in the sole remaining action, initially assigned Case No. 09-CI-02248 had been cancelled, and the foreclosure process was restarted by Ocwen on May 17, 2013 although a new foreclosure sale date had not yet been set. Following the filing of the Objection, the foreclosure sale was held on October 24, 2013.

---

[5] The filed Objection inadvertently omitted Exhibit 1-C, which was a copy of the Moody Claim and Exhibit 2, which was a copy of the proposed order. Complete copies of the Objection, including all exhibits, have been provided to the Court, and copies of the omitted exhibits have also been filed with the Supplement.

-2-
ny-1127153

### B. The Claims Do Not Establish Liability of Any Debtor

4.  As set forth at length in the Objection, the Claims are not supported by sufficient documentation and do not establish any basis for liability of any Debtor to the Claimants, either on behalf of the Putative Class or themselves individually. The Objection addresses in detail the failure of Claimants to plead their fraud claims with the requisite specificity and particularity. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

5.  Each of the Claims also indicates that it is based on alleged forgery and/or claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("**RICO**"). *See* Assorgi Claim (describing the basis of the claim as "SC Class Action GMAC Fraud/Forgery"); Foster Claim (describing the basis of the claim as "Class action fraud and forgery RICO"); Moody Claim (describing the basis of the claim as "KY Class Action GMAC Fraud/Forgery"). The Claims fail to allege any facts whatsoever that, even taken as true, would establish that the elements of such claims have been met. Accordingly, they fail to satisfy the pleading standards under Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (a plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions").

6.  Under Kentucky law,[6] the elements of forgery are (a) falsely making, completing or altering a written instrument, (b) with intent to defraud, deceive or injure another, and (c) which written instrument is, or purports to be, or which is calculated to become or to

---

[6] "For actions sounding in fraud, the substantive law of the state in which the injury was suffered . . . usually governs." *In re Lois/USA, Inc.*, 264 B.R. 69, 108 (Bankr. S.D.N.Y. 2001). Based on these "choice of law" principles, the appropriate law to apply to assess the validity of the Foster Claim and Moody Claim is Kentucky law and the appropriate law to apply to assess the validity of the Assorgi Claim is South Carolina law.

represent when completed: (i) a contract, assignment, or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; or (ii) a public record or an instrument filed or required or authorized by law to be filed in or with a public office or public employee. *See* Kentucky Revised Statutes 516.030. Similarly, under South Carolina law, "[t]he three important factors requisite to constitute forgery by uttering or publishing a forged instrument are: (1) it must be uttered or published as true or genuine, (2) it must be known by the party uttering or publishing it that it is false, forged, or counterfeited, and (3) there must be intent to prejudice, damage, or defraud another person." *State v. Wescott*, 316 S.C. 473, 477, 450 S.E.2d 598, 601 (Ct. App. 1994). The Claims do not identify or attach any specific documents alleged by the Claimants to be forged, nor do they allege specific facts that, even if taken as true, would support a conclusion that the Debtors acted with the knowledge they were forging documents and were doing so with the intent to damage or defraud the Claimants. Accordingly, the Claims to do not establish that the Claimants hold valid forgery claims against the Debtors.

7.    Nor do Claimants provide documentation or set forth any allegations that would support a civil RICO claim. To bring a civil RICO claim, a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity;[7] (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce." *Zavalidroga v. Cote*, 395 Fed. App'x 737, 740–41 (2d Cir. 2010) (internal quotation marks omitted). The "enterprise" complained of in a civil RICO action must be "distinct from those persons or entities who stand accused of conducting that racketeering activity." *Allstate Ins. Co.*

---

[7] Racketeering activity is defined under 18 U.S.C. § 1961 to include dozens of predicate offenses, including extortion, bribery, counterfeiting, and mail fraud.

*v. Rozenberg*, 590 F. Supp. 2d 384, 390 (E.D.N.Y. 2008). The elements of a civil RICO claim are similar in the Sixth Circuit. *See* Advocacy *Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 321 (6th Cir. 1999) ("For a plaintiff to state a claim under Section 1962(b), a plaintiff must plead facts that establish that the Defendants: (1) acquired or maintained (2) through a pattern of racketeering activity or the collection of an unlawful debt; (3) an interest in or control of an enterprise; and (4) engaged in, or the activities of which affect, interstate or foreign commerce."). Here, the Claims contain no allegations necessary to support a civil RICO claim, or any evidence of a pattern of racketeering activity, nor do they define any enterprise. In order to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2), "[a] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. The broad and generic allegations concerning general misconduct in the residential mortgage loan industry set forth in the Class Action Complaint attached to the Foster Claim are conclusory and without any evidentiary support. They fail to allege <u>any</u> specific acts committed by the Debtors that would constitute racketeering activity, or how such acts affected the Claimants. Accordingly, the Claims to do not establish that the Claimants hold valid civil RICO claims against the Debtors.

        **C.    Certification of the Putative Class Would Result in Extreme Prejudice to the Trust**

8. As set forth in the Objection, the Debtors seek to disallow each of the Claims on the basis, among others, that the claims were improperly filed because the Putative Class has not been certified and thus no authorized class agent exists to file the claims. Objection at ¶¶ 59-62. Although the Objection was filed approximately four months ago, thereby providing Claimants with notice of this defect in their Claims, Claimants have taken no steps to seek certification of the Putative Class for purposes of prosecuting the Claims.

Meanwhile, the Plan was confirmed and became effective, and the Trust was established to reconcile and administer Borrower Claims (as defined in the Plan). The Trust assets are finite and include a fixed amount of cash that was estimated to provide recoveries to holders of Allowed Borrower Claims with a percentage recovery that is comparable to that expected to be received by holders of Allowed General Unsecured Claims at the same Debtor Group. Permitting Claimants to seek class certification at this point in time would risk upsetting the settled expectations of the trust and other borrowers and cause extreme prejudice to the Trust and holders of Allowed Borrower Claims. *See In re Ephedra Prods. Liability Litig.*, 329 B.R. 1, 5-7 (S.D.N.Y. 2005) (expunging class claims because it was "simply too late in the administration of this Chapter 11 case to ask the Court to apply Rule 23" and "counsel for the class claimants bear primary responsible for the 'gumming up' by not affirmatively moving under Rule 9014(c) for class certification."). Accordingly, the Trust reiterates the position set forth in the Objection that the Claims should be disallowed as improperly filed class claims.

**WHEREFORE**, the Trust respectfully requests entry of an order, substantially in the form of Exhibit 2 attached hereto, (i) disallowing and expunging the Claims; and (ii) granting such other and further relief as is just and proper.

Dated: January 27, 2014
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-7-

ny-1127153