Hearing Date: January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------------------

**RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENT IN FURTHER SUPPORT
OF THE DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY SHANE M.
HAFFEY AGAINST RESIDENTIAL CAPITAL, LLC (CLAIM NOS. 2582 AND 4402)
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND
<u>BANKRUPTCY RULE 3007</u>**

ny-1125272

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "**Trust**") established pursuant to the terms of the Chapter 11 plan filed and confirmed in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"),[1] as successor in interest to the debtors in the Chapter 11 Cases (collectively, the "**Debtors**")[2] with respect to Borrower Claims, hereby files this supplement (the "**Supplement**") in further support of the *Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* [Docket No. 4838] (the "**Objection**").[3]  In support of the Supplement, the Trust respectfully represents as follows:

1. By the Objection, which was filed on August 26, 2013, the Debtors seek to disallow and expunge the Proofs of Claim filed by Shane M. Haffey ("**Claimant**"), each alleging at least $5 million in claims against Debtor ResCap, as to which the Debtors have no liability.  Although Claimant and his wife and counsel, Heather Boone McKeever ("**McKeever**" and together with Claimant, "**Borrowers**") have not filed a response to the Objection (and the time to do so expired several months ago), given the amount of time that has elapsed since the Objection was filed, the Trust is submitting the Supplement in order to provide the Court with an update regarding the current status of the litigation underlying the Proofs of Claim, and to

---

[1] The Chapter 11 plan was approved and confirmed by the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065], entered by the Court on December 11, 2013.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[3] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection.

address issues raised by the Court in connection with other claim objection proceedings in these Chapter 11 cases.

A.   **Update Regarding Status Of Pending Litigation**

   *1.   General*

   2.   By way of summary,[4] beginning in 2008, Borrowers filed four separate lawsuits against various Debtor and non-debtor entities in Kentucky State Court relating to their mortgage loan, which was previously serviced by GMACM. All of the actions were eventually removed to the United States District Court for the Eastern District of Kentucky (the "**District Court**"). These actions seek to quiet title and prevent any number of entities from enforcing the terms of the mortgage loan against Borrowers. Additionally, GMACM, on behalf of itself or others, filed two lawsuits in the District Court, one in response to Borrowers' various actions, and the other seeking to foreclose the mortgage on behalf of Deutsche Bank Trust Company Americas ("**Deutsche Bank**"), as trustee.

   3.   All of Borrowers' claims asserted against the Debtors in each of these six separate lawsuits (collectively, the "**Actions**"), to the extent they were a party, have been conclusively resolved in the Debtors' favor.

   4.   At the time the Objection was filed, decisions in four of the Actions were the subject of consolidated appeals to the United States Court of Appeals for the Sixth Circuit (the "**Sixth Circuit**"), and, aside the from the Sixth Circuit appeals, only the Foreclosure Action had not yet been resolved through the issuance of a final, dispositive order. An updated chart summarizing the status of each of the Actions and appeals is annexed as **Exhibit A** hereto.

---

[4]   The procedural history regarding the litigation was initially provided to the Court in the Debtors' objection to Claimant's Motion for Clarification of Stay, filed on January 22, 2013 [Docket No. 2679], and was restated and updated in the Objection.

-2-
ny-1125272

*2.    The Sixth Circuit Appeals*

5. At the time the Objection was filed, briefing in the consolidated appeals was due to be completed no later than September 20, 2013 pursuant to a briefing schedule set by the Sixth Circuit on June 19, 2013.

6. Following the filing of the Objection, on October 22, 2013, upon the motion of appellee Deutsche Bank, the Sixth Circuit partially dismissed the consolidated appeals insofar as they sought review of any order entered in the Foreclosure Action and remanded to the District Court for further proceedings in that case. *See* Docket Report for Case No. 10-5999, annexed hereto as **Exhibit B**; Docket Report for Case No. 10-6249, annexed hereto as **Exhibit C**; and Docket Report for Case No. 12-5802, annexed hereto as **Exhibit D**, respectively. The Sixth Circuit directed that the consolidated appeals would proceed on the merits with respect to the appealed final orders entered by the District Court in all actions other than the Foreclosure Action. *Id*.

7. On October 22, 2013, the Sixth Circuit set a new briefing schedule in the remaining consolidated appeals, pursuant to which Borrowers were required to file their brief by December 4, 2013, and the appellees were required to file their responsive briefs by January 6, 2014. *Id*.

8. On November 30, 2013 and December 3, 2013, Borrowers filed two motions to certify questions of state law to the Kentucky Supreme Court and New York State Court of Appeals, respectively (the "**State Court Certification Motions**"). *Id*.

9. On December 5, 2013, one day after Borrowers' appellate brief was due, Borrowers filed motions in the Sixth Circuit seeking to hold the consolidated appeals in abeyance pending adjudication of the State Court Certification Motions. *Id*.

10. The appellees each filed oppositions to the Borrowers' State Court Certification Motions and motion for abeyance of the appeals on the grounds that each of the motions lacks merit, was not timely filed, and/or was filed for improper dilatory purposes.

11. As of January 27, 2013, no ruling had been entered on Claimants' pending motions and the consolidated appeals remain pending.

### 3. *The Foreclosure Action*

12. With respect to the Foreclosure Action, following the Sixth Circuit remand, on November 6, 2013, Deutsche Bank filed a motion for (1) final judgment, (2) an order of sale, (3) appointment of a master, and (4) attorneys' fees (the "**Motion for Final Order**"). *See* Docket Report for Case No. 09-362, annexed hereto as **Exhibit E**.

13. On December 5, 2013, Borrowers filed a motion seeking to stay the Foreclosure Action pending adjudication of their State Court Certification Motions in the Sixth Circuit Appeals (the "**Motion to Stay Foreclosure Action**"), which was opposed by Deutsche Bank. *Id*.

14. On December 19, 2013, the District Court held a telephonic conference, at which it directed Deutsche Bank to provide Borrowers with copies of the Motion for Final Order by the end of the day, and set January 9, 2014 as the deadline for Borrowers to file a written response to the Motion for Final Order, with any reply by Deutsche Bank due on January 23, 2014. *Id*. The District Court also set January 2, 2014 as the deadline for Borrowers to file a reply in support of their Motion to Stay Foreclosure Action. *Id*.

15. On January 6, 2013, four days late, Borrowers filed a reply in support of their Motion to Stay Foreclosure Action. *Id*. As of January 27, 2014 no decision regarding Borrowers' Motion to Stay Foreclosure Action had been entered. *Id*.

16. On January 7, 2014, just two days before Borrowers' response was due and <u>nineteen</u> days after they were to be provided with a copy of the Motion for Final Order, Borrowers filed a notice with the District Court claiming that they were never served with a copy of the Motion for Final Order. *Id*. On that same date, Deutsche Bank filed a response denying Borrowers' allegations. *Id*. As of the date hereof, Borrowers still had not filed a response to the Motion for Final Order, and no decision regarding the Motion for Final Order had been entered. *Id*.

17. On January 15, 2014, Borrowers filed *Defendants' Motion to Set Aside Findings, Alter or Amend and For Relief from Judgment* ("**Motion to Set Aside**") in the Foreclosure Action. *See* Motion to Set Aside, annexed hereto as **Exhibit F**. In the Motion, Borrowers reiterate their claims that the orders and findings entered by the District Court in the Actions were all based on forged, fraudulent documents, and, as a result, those orders and findings should be set aside. *Id*. Borrowers have raised these same allegations numerous times in multiple Actions, and each time, the District Court has found them to be without merit. *See Memorandum Opinion & Order*, dated March 1, 2012, entered in the Qui Tam Action, annexed hereto as **Exhibit G**:

> [Haffey's] allegations of fraud and related claims stand in opposition to the court's prior holding that the mortgage held by Deutsche Bank is a validly assigned lien; . . . . Additionally, this court has previously addressed similar claims in related actions. In *Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc.*, Lexington Civil Action No. 08-510, the court dismissed Haffey and McKeever's complaint that brought claims against MERS and GMAC, the company in privity with Deutsche Bank (see lead action, styled *GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al.*, Lexington Civil Action No. 08-459, R.70, p.3 n.2), for fraudulent practices in connection to the mortgage in dispute, including the original execution of the mortgage and the assignment of the mortgage to MERS. The court found the allegations to be "mere 'labels and conclusions'" and not

-5-

> supportive of any legal claim. *Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc., et al.*, Lexington Civil Action No. 08-510, R.17, p.6. The court also dismissed Haffey and McKeever's counter-claims in D*eutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362, that alleged numerous wrongful acts of MERS, GMAC, and Deutsche Bank, including defamation of title and fraud. The court held that the allegations of fraud and defamation of title were "devoid of any facts that would support the basic elements" of a claim and were bare-bone "legal conclusions." *See* lead action, styled *GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al.*, Lexington Civil Action No. 08-459, R.70, p. 6-9.

*Id*. at *4-5.

18. In the Motion to Set Aside, Borrowers assert that the Delehey Declaration submitted in support of the Objection constitutes proof that the assignment of the Mortgage was fraudulent, because Ms. Delehey states that the Note was executed on May 18, 2007, rather than on or about May 14, 2007. That assertion is incorrect. As an initial matter, although the Debtors attempted to ensure that the Delehey Declaration was accurate in every respect,[5] the statement regarding the date of the Note contained in the Delehey Declaration, and incorporated into the Objection, is not material to the Objection before this Court. It was made for the sole purpose of providing the Court with background regarding the history of the litigation underlying the Proofs of Claim, and not for the purpose of establishing the validity or authenticity of the Note, which was neither prepared nor executed by any Debtor.

19. Critically, none of Haffey's claims against the Debtors depend on the date the Note was executed. This same point was acknowledged by the District Court in its decision granting summary judgment in GMACM's favor in connection with the Haffey-GMACM

---

[5] As set forth in the declaration, the statements therein were based on Ms. Delehey's "review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel." Delehey Decl. at ¶ 3. Ms. Delehey further qualified her statements by noting that she "relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information." *Id*.

Action, in which Haffey raised the same allegations about the date of the Note. *See Opinion and Order*, 08-510 (E.D. Ky. Sept. 4, 2009) at *7, annexed hereto as **Exhibit H** ("Assuming all of the factual allegations in the Complaint regarding GMAC are true, Plaintiffs have not stated any 'claim to relief that is plausible on its face' against GMAC."). Accordingly, Ms. Delehey's statement in no way substantiates the Proofs of Claim, nor does it undermine the validity of any of the judgments rendered in the Actions.

20. There have been no developments in the pending appeals or the Foreclosure Action which would suggest that the Proofs of Claim should not be disallowed and expunged for the reasons set forth in the Objection including res judicata and collateral estoppel. To the contrary, the events that have transpired in those cases since the Objection was filed provide further evidence of Borrowers' continuing pattern of filing frivolous and improper pleadings for the sole purpose of causing delay and expense to the Debtors and other parties to the Actions. The Trust reiterates the position set forth in the Objection that Claimant is a vexatious litigant who is misusing the judicial process in an effort to recover significant funds from the Debtors to which he is not entitled. Because the Proofs of Claim were filed in furtherance of these improper tactics, which should not be countenanced by this Court, they should be disallowed and expunged.

B.     **The Proofs of Claim Do Not Establish Liability of Any Debtor**

21. As set forth in the Objection, the Proofs of Claim are barred under the doctrines of res judicata and collateral estoppel. Even if the Court were to find that such doctrines were inapplicable, however, the Proofs of Claim do not establish any basis for liability of any Debtor.

22. The First Prof of Claim (Claim No. 2582) asserts claims for "Document Fraud, forgery, fraud on the Court." The alleged document fraud and forgery relates to Haffey's assertions that the May 2007 Note, Mortgage, and Assignment were fraudulently executed and/or recorded. Kentucky law[6] requires a party claiming fraud to show the following by clear and convincing evidence: (a) a material misrepresentation by the defendant; (b) which was false; (c) which was known to be false or made recklessly; (d) which was made with inducement to be acted upon; (e) that the plaintiff acted in reliance on the misrepresentation; and (f) that reliance caused the plaintiff injury. *Wahba v. Don Corlett Motors, Inc.*, Ky.App., 573 S.W.2d 357, 359 (1978); *United Parcel Service Co. v. Rickert, Ky.*, 996 S.W.2d 464, 468 (1999). To successfully allege a claim for common law fraud, a plaintiff must plead each element with specificity and particularity. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

23. There is no factual allegation set forth in the First Proof of Claim connecting any Debtor to the execution or recordation of the May 2007 Note, Mortgage, and Assignment. Indeed, GMACM did not become involved with the Loan until July 2007, when it took over as servicer for the Loan. Delehey Decl. ¶ 5. The alleged "fraud on the Court" appears to be based on Haffey's claims that employees of GMACM submitted documents in connection with the foreclosure pending against Borrowers "in relation to ownership of the Note." First Proof of Claim, at 8. Again, the First Proof of Claim does not identify the allegedly fraudulent documents with specificity, nor does it contain any factual allegations supporting Haffey's broad contention that these unspecified documents were "based in fraud and a fraud on the Court." *Id*.

---

[6] "For actions sounding in fraud, the substantive law of the state in which the injury was suffered . . . usually governs." *In re Lois/USA, Inc.*, 264 B.R. 69, 108 (Bankr. S.D.N.Y. 2001). Based on these "choice of law" principles, the appropriate law to apply to assess the validity of the Proofs of Claim is Kentucky law.

-8-
ny-1125272

24. The First Proof of Claim also identifies additional "direct monetary claims" against the Debtors and their outside counsel in the Actions. First Proof of Claim at 9. Those claims are purportedly based on (a) the April 4, 2012 Consent Judgment among the federal government, 49 state attorneys general, and 48 state banking departments, Residential Capital, LLC ("**ResCap**"), certain other Debtors, and Ally Financial Inc. ("**AFI**"), along with several other banks and mortgage servicers (the "**DOJ/AG Settlement**") and (b) the April 13, 2011 Consent Order among the Federal Reserve Board, the Federal Deposit Insurance Company, Debtors ResCap and GMACM, and non-debtor affiliates AFI and Ally Bank (the "**FRB Consent Order**"). The First Proof of Claim alleges, without specificity, that the Debtors have violated both consent orders and that Borrowers have standing to bring claims for those violations as "third party contractual beneficiaries." *Id*. at 12. Under the explicit terms of those orders, however, Borrowers do <u>not</u> have standing to assert such claims. *See* FRB Consent Order, annexed hereto as **Exhibit I**, ¶ 30 ("Nothing in this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy, or claim under this Order."); DOJ/AG Settlement, Exhibit E, annexed hereto as **Exhibit J**, at E-14–E-15 ("Servicer's obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia. An enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee.").

25. The Second Proof of Claim (Claim No. 4402) asserts claims for "qui tam slander of title" and references the Qui Tam Action, which was filed in 2011 and dismissed with prejudice on March 1, 2012. No Debtor was a party to that action, although a former employee of GMACM, Patricia Kelleher, was named as a defendant. The claims set forth in the Second

Proof of Claim appear to arise out of Haffey's contentions that a 2009 assignment of the Mortgage from MERS to Deutsche Bank was fraudulent. In support of these claims, Haffey relies solely on a portion of the affidavit Lynn Szymoniak[7] initially submitted in connection with the Declaratory Judgment Action. *See* Second Proof of Claim, Exh. F. That affidavit describes Ms. Szymoniak's general understanding of "robo-signing" in the residential mortgage industry and states that, in her opinion, the 2009 assignment "contained indicators" that it "might" be fraudulent. *Id*. at 2-4. Neither the Second Proof of Claim nor the Szymoniak affidavit contains any specific factual allegations regarding how the Debtors were involved in any fraud in connection with the 2009 assignment (which allegations have been expressly rejected by the District Court), nor do they establish with the requisite specificity that Claimant acted in reliance on any alleged misrepresentation by the Debtors, or that such reliance caused Claimant injury.

26.    Accordingly, for the reasons set forth above and in the Objection, the Trust respectfully requests entry of an order, substantially in the form of Exhibit 2 attached to the Objection, (i) disallowing and expunging the Proofs of Claim in their entirety; and (ii) granting such other and further relief as is just and proper.

---

[7] Borrowers proffered Ms. Szymoniak as an expert in the Declaratory Judgment Action. *See* Docket Report for Declaratory Judgment Action, 08-cv-459 (E.D. Ky., Apr. 6, 2010), ECF #44.

Dated: January 27, 2013
     New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-11-

ny-1125272

# **APPENDIX**

Exhibit A:  Case Status Summary

Exhibit B:  Docket Report for Case No. 10-5999 (6th Cir.)

Exhibit C:  Docket Report for Case No. 10-6249 (6th Cir.)

Exhibit D:  Docket Report for Case No. 12-5802 (6th Cir.)

Exhibit E:  Docket Report for Case No. 09-362 (E.D. Ky.)

Exhibit F:  *Defendants' Motion to Set Aside Findings, Alter or Amend and For Relief from Judgment*, Case No. 09-362 (E.D. Ky., Jan. 15, 2014), ECF# 63

Exhibit G:  *Memorandum Opinion & Order*, Case No. 11-188 (E.D. Ky., Mar. 1, 2012), ECF# 32

Exhibit H:  *Opinion and Order*, Case No. 08-510 (E.D. Ky. Sept. 4, 2009), ECF # 17

Exhibit I:  FRB Consent Order

Exhibit J:  Excerpts of DOJ/AG Settlement

ny-1125272