# Exhibit F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| **DEUTSCHE BANK AMERICAS,** | ) | **Case Nos. 5:09-cv-362-DLB** |
| as Trustee, | ) | **5:08-cv-049** |
| | ) | **5:08-cv-510** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HEATHER BOONE MCKEEVER** | ) | **DEFENDANTS' MOTION TO** |
| **a/k/a** | ) | **SET ASIDE FINDINGS, ALTER** |
| **HEATHER M. HAFFEY,** | ) | **OR AMEND AND FOR RELIEF** |
| and | ) | **FROM JUDGMENT.** |
| **SHANE M. HAFFEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Come the property owners, Defendants in case 09-CV-362 and 08-CV-459 and
the Plaintiffs in 08-CV-510, and hereby file their Motion for Relief pursuant to
Fed. R. Civ.P. 52, 59, and 60, based on the following:

<u>INTRODUCTION</u>

The material issue at the heart of these cases has been the legitimacy of the
documents presented to the Court, and the jurisdiction of the Court in regard to
the fact that a loan transaction did not occur on May 14, 2007, between the Bank
of the Bluegrass and Trust Co. and Heather Boone McKeever and Shane Haffey;
the tenants by entirety of the family farm, located at 3250 Delong Road,
Lexington, (Fayette County) Kentucky.

There is currently pending before this Court a Motion to Stay in relation to the
remanded case, 09-CV-362.   The Motion to Stay is consistent with the ruling of

the Sixth Circuit in regards to the fact that the Sixth Circuit is currently reviewing the summary dismissal of the TILA rescission Declaratory Judgment, 08-CV-459.

On October 22, 2013, the Sixth Circuit Court of Appeals, acknowledged that it was inappropriate for a 2009 foreclosure case to be deemed "final" while a preceeding 2008 TILA Rescission case was on appeal; the rescission having the affect of making the original alleged loan transaction, VOID by statute.

As part of that Order, the Court ruled that none of the Orders or Judgments from the foreclosure were "final" and that "[t]hese appeals are partially dismissed insofar as they seek review of any order entered in No. 09-362 (E.D. Ky.) and are hereby REMANDED to the district court for further proceedings in No. 09-362 (E.D. Ky.)

Although the legitimacy of the documents dated May 14, 2007, have always been a disputed issue of material issue of fact; the issue is no longer in dispute.

On August 26, 2013, Ms. Lauren Graham Delehey, proclaimed in-house litigation counsel for Residential Capital LLC, testified under oath consistent with the fact that the loan documents, including a Notice of Right to Cancel are fabricated forgeries; any loan transaction having taken place on May 18, 2007. *See. Delehey Declaration of Support, In Re Rescap, 12-12020-mg Document 4838-4 Exhibit 3.* The Declaration is attached hereto and incorporated herewith as Exhibit "A."

This Motion relates to the decisions of the District Court in 09-CV-362, and Orders in 08-CV-459, and 08-CV-510, the two cases currently on appeal.

The Judgment or Orders Requesting relief include the following:

1. 09-362/08-459 R. #44. 1/23/12 ORDER. Granting Deutsche Bank's motion for summary judgment; granted for both consolidated actions, Lexington 09-362 & 08-459.[1] R. 45 6/01/12 JUDGMENT: The Court, having granted pltf Deutsche Bank's motion for summary judgment, enters JUDGMENT in accordance w/that order.

2. 09-362. R. 43. 08/11/11 MEMORANDUM OPINION & ORDER: GRANTING 3rd party dft MERS & MERSCorp by Mortgage Electronic Registration Systems, Inc's 40 MOTION to Dismiss.

3. 09-362. R. 39. 08/31/2010. MEMORANDUM OPINION & ORDER: GRANTING Bill Allen, Jennifer Frye, Mark Herron, The Bank of the Bluegrass and Trust Cos. 36 MOTION to Dismiss Third Party Complaint.

4. 08-459. R. 35. 08/30/2010. MEMORNADUM OPINION & ORDER: DENYING Heather McKeever Haffey's (34) MOTION for Temporary Injunction (filed in 08-459.)

5. 08-459/09-362. R. 28. 06/22/2010. Copy of MEMORANDUM OPINION & ORDER: IT IS ORDERED that the 33 Motion to Dismiss (5:08-CV-459) by Deutsche, GMAC, RALI and RFC is GRANTED. IT IS FURTHER ORDERED that a copy of these motions, any responses or replies and this order shall be filed in the individual case, Lexington 09-CV-362.

6. 09-362. R. 27. 06/18/2010. MEMORANDUM OPINION & ORDER: DENYING Haffey's 19 Motion to Dismiss.

7. 08-510. R. 72. 06/29/2010. JUDGMENT. IT IS ORDERED that the plaintiffs' complaint is DISMISSED with prejudice. Pending Sixth Circuit Appeal 10-6249.

The District Court banned discovery in every one of the consolidated cases.

The current issue at the basis of this Motion, could have been resolved five years

ago with the taking of testimony by deposition of Mr. Bill Allen, the President of

the Bank of the Bluegrass and Trust Co.

Every Order and Judgment entered in these matters was based on the fact that

the District Court ignored the material issue in relation to the fact that NO LOAN

---

[1] 08-459 TILA Rescission and 08-CV-510 are currently on Appeal, and are included in the Rule 60 Motion pursuant to *Standard Oil Co. of California v. United States*, 429 U.S. 17 at 19, S.Ct. 31, 50 L.Ed. 21 (1976.)

TRANSACTION took place on May 14, 2007.   Any and all documents presented to the Court bearing the date of May 14, 2007 are fabricated and forgeries.  Any Notary witness signature(s) contending that the property owners executed a Note or Mortgage on May 14, 2007, are forgeries.

Any loan documents attributed to a "loan" dated May 14, 2007 are forgeries, and the Notice of Right to Cancel submitted by the parties as evidence, is a fraud on the Court.

Additionally, even the form utilized in the fabrication of the Promissory Note is wrong.  The Fannie Mae Promissory Note form presented to the Court is routinely used by mortgage brokers for loans that are pre-sold to the secondary market.   The form is inconsistent with the fact that the Promissory Note utilized between the property owners and the Bank of the Bluegrass in their long standing relationship, were "in-house" generated forms.     The Bank of the Bluegrass form(s) were generated for re-financing the line of credit between the owners and the Bank of the Bluegrass.

The property owners have testified *ad nauseum* to the fact that the computer generated Promissory Note and Mortgage to the Bank of The Bluegrass, is a forgery.    Regardless, the District Court chose to use the forged and VOID documents as the basis for every decision in each of the cases at hand.[2]

---

[2] Some of the other material issues in dispute include, but are not limited to the following:   The Assignment of Mortgage attached to the Motion for Summary was executed by an employee of GMAC Mortgage LLC,; (a now bankrupt entity) posing as an employee of MERS;   The Assignment from MERS is to Deutsche Bank Americas as a generic Trustee.  The Assignment of the Mortgage was deemed a forgery by expert witness, Hon. Lynn Syzmoniak.  (This specific Assignment of Mortgage was included in the Department of Justice's evidentiary file as part Syzmoniak *Qui Tam* fraud settlement with the five largest investment banks.)

The entire basis of these cases lies in the improper assumption that the parties entered into a loan agreement with the Bank of the Bluegrass on May 14, 2007 and executed the Note, Mortgage and Notice of Right to Cancel utilized as Exhibits to the cases. See. ie. 09-CV-362 R. 1.

The chain of Title presented for the Forged documents is as follows:

(Note)
| | | |
|---|---|---|
| MAY 14, 2007 | ---------------"Endorsement"--------------- | UNKOWN DATE |
| Bank of the Bluegrass | | Rubber Stamp to |
| Note bearing forged signature | | GMAC BANK |
| "Heather M. Haffey" | | by Bank of |
| Bluegrass [3] | | |

(Mortgage)
| | | |
|---|---|---|
| May 14, 2007 | -------------------May 14, 2007 ----------------- | October 2009 |
| Bank of the Bluegrass | Assignment/Mortgage | |
| Assignment/Mortgage | | |
| Recorded Mortgage bearing | to MERS | Deutsche Bank |
| Forged signatures | | |
| Heather M. Haffey | | |
| Shane Haffey | | |

The property owners have contended from inception that the attorneys representing both GMAC and Deutsche Bank, had ACTUAL knowledge that the documents presented to the Court dated May 14, 2007 were forgeries. Additionally, the attorneys for GMAC/Deutsche have continuously refused to present the originals of the forged instruments.

---

Neither the forged Note or the Assignment of Mortgage stemming from the forged Mortgage, are endorsed or Assigned to the Plaintiff; the 2007 RALI Qs10 REMIC Mortgage Backed Security Fund.

[3] The circumstances surrounding the GMAC Bank endorsement of the forged Note and the legitimacy of the Note, Mortgage and Notice of Right to Cancel could have easily been ascertained with the taking of a Bank of the Bluegrass deposition; as several of the employees have first hand knowledge of the fact that NO LOAN TOOK PLACE on May 14, 2007 and would have to testify that the parties did not execute any loan documents which could ever be tied to the May 14, 2007 forged Mortgage lien.

Since the Court forbid discovery in the matter, the Defendants offer to the Court that the explanation for the fabrication lies in the fact that the fabricated May 14, 2007 "loan," had been pledged as collateral to a third party prior to any loan closing having been scheduled.

Additionally, any legitimate re-financing between the Bank of the Bluegrass and Trust and the Defendants, would have been achieved using the in-house form provided by the Bank of the Bluegrass in the past.

<u>GROUNDS FOR THE MOTION</u>

RULE 52. FINDINGS AND CONCLUSIONS BY THE COURT; JUDGMENT ON PARTIAL FINDINGS
(a) Findings and Conclusions.
    5) Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.
(6) Setting Aside the Findings. Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

RULE 59. NEW TRIAL; ALTERING OR AMENDING A JUDGMENT
(a) In General.
(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

RULE 60. RELIEF FROM A JUDGMENT OR ORDER[4]
 (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence,

---

[4] As applied to any referenced Orders deemed "final judgments," including those in 08-459 and 08-510; the cases currently on appeal.

could not have been discovered in time to move for a new trial under <u>Rule 59(b)</u>;

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void.

There are two cases included in this Motion, which are currently on Appeal, 08-CV-459 and 08-CV-510.   In its summary disposition of the cases, and while banning all discovery, the final Judgments were, based on interlocutory rulings in other consolidated cases, citing "the law of the case."[5]   Any "law of the case" Judgment based on the forged May 14, 2007 documents is VOID.

Although the cases are on appeal, this Court has jurisdiction to hear this Motion:

> We recognize that, in the past, both this Court and many Courts of Appeals have required appellate leave before the District Court could reopen a case which had been reviewed on appeal. [Footnote 2] The requirement derived from a belief that an appellate court's mandate bars the trial court from later disturbing the judgment entered in accordance with the mandate. *See In re Potts,* 166 U. S. 263 (1897); *Butcher & Sherrerd v. Welsh,* 206 F.2d 259, 262 (CA3 1953), *cert. denied,* 346 U.S. 925 (1954); *Home Indemnity Co. of New York v. O'Brien,* 112 F.2d 387, 388 (CA6 1940). It has also been argued that the appellate leave requirement protects the finality of the judgment and allows the appellate court to screen out frivolous Rule 60(b) motions. *Tribble v. Bruin,* 279 F.2d 424, 427-428 (CA4 1960); 7 J. Moore, Federal Practice, 60.30[2], p. 429 n. 27 (1975).
>
> In our view, the arguments in favor of requiring appellate leave are unpersuasive. Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and **does not purport to deal with possible later events**. Hence, the district judge is not flouting the mandate by acting on the motion. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, pp. 269-270 (1973). *Cf. SEC v. Advance Growth Capital.*
>
> *Standard Oil Co. of California v. United States,* 429 U.S. 17 at 19, 97 S.Ct. 31, 50 L.Ed. 21 (1976) (emphasis added.)

---

[5] 09-CV-362 (the foreclosure case) is severed from all other cases, and now stands alone.

This view was again reaffirmed by the Supreme Court on a Writ from the Sixth Circuit; "[a]nd last but not least, the pendency of an appeal does not affect the district court's power to grant Rule 60 relief. See *Standard Oil Co. of Cal.* v. *United States,* 429 U. S. 17, 18-19 (1976) *(per curiam);* Wright & Miller § 2873 (1994 Supp.)." *Stone v. INS*, 514 U.S. 386, 402 (1995).

## BASIS FOR THE MOTION

Although the legitimacy of the documents dated May 14, 2007, have always been a disputed issue of material issue of fact; the issue is no longer in dispute.

On August 26, 2013, in preparation for the Proof of Claim hearing in relation to these cases, in *In Re Rescap*, 12012920-mg, Ms. Lauren Graham Delehey, proclaimed in-house litigation counsel for Residential Capital LLC, testified under oath consistent with the fact, that the loan documents, including a Notice of Right to Cancel are fabricated forgeries; any loan transaction having taken place on May 18, 2007. *See. Delehey Declaration of Support, In Re Rescap, 12-12020-mg Document 4838-4 Exhibit 3.* Movants' Exhibit A .

The claims and the case numbers against GMAC Mortgage LLC and the other Rescap entities in 08-CV-459, 08-CV-510 and 09-CV-362 were listed on the schedules as Creditors' Claims in the Rescap/GMAC, Chapter 11 Bankruptcy. Based on Notice from the bankruptcy Court, Proof of Claims were filed accordingly.

The Proof of Claim evidentiary hearing is currently set for January 30, 2014.

Knowing that she would be called to testify live in a bankruptcy evidentiary hearing, Ms. Delehey has sworn under oath to the Bankruptcy Court; that

"Borrowers are borrowers under a loan (the "Loan") evidenced by a note (the "Note") in the principal amount of $1,000,000, which was executed on **May 18, 2007**, in favor of Bank of the Bluegrass & Trust Company (the "Bank of the Bluegrass"), and was secured by a mortgage (the "Mortgage") on property located at 3250 Delong Road in Lexington, Kentucky (the "Property")." Delehey Declaration, Ex. A P. 3.

Ms. Delehey, claims to be uniquely qualified to testify as to the facts surrounding the origination of the questioned transaction; the statements in her Declaration being based on her personal knowledge in regards to her responsibility "for the management of residential mortgage-related litigation,…assisting the Debtors [Appellee Rescap, RALI and GMAC MORTGAGE LLC and non-debtor GMAC (now ALLY) BANK] and their professional advisors in connection with the administration of the Chapter 11 Cases . . . .  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein." Delehey Declaration Ex. A. P. 1-2.

Ms. Delehey is unwilling to present perjured testimony in regards to a transaction having ever taken place on May 14, 2007.[6]

The testimony of Ms. Delehey finally puts to rest the legitimacy of the copies of a May 14, 2007 Bank of the Bluegrass "Note" and "Mortgage." The documents are VOID:

### A. Facts Giving Rise to Claimant's Prior Litigation

---

[6] The Movants take the position that each and every time a party has stated in a pleading or in an Affidavit that a loan took place on May 14, 2007, or that the computer generated copies of a May 14, 2007, Promissory Note, Mortgage, Notice of Right to Cancel or any other document dated May 14, 2007, is legitimate, they have committed a separate violation of Rule 11 (in the case of the pleadings) and a separate act of perjury (in the case of an Affidavit.)

5. Borrowers are borrowers under a loan (the "Loan") evidenced by a note
(the "Note") in the principal amount of $1,000,000, which was executed on **May 18, 2007**, in favor of Bank of the Bluegrass & Trust Company (the "Bank of the Bluegrass"), and was secured by a mortgage (the "Mortgage") on property located at 3250 Delong Road in Lexington,
Kentucky (the "Property"). The Mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Bank of the Bluegrass. GMACM began servicing the Loan on July 1, 2007, and continued to service the Loan until the sale and transfer of GMACM's loan servicing rights to Ocwen Loan Servicing, LLC on February 15, 2013.
6. On or about October 15, 2008, Borrowers sent a letter to GMACM,
MERS, and Bank of the Bluegrass purporting to rescind the Loan and Mortgage pursuant to the Truth-in-Lending Act ("TILA"). Borrowers have made no payments on the Loan after that date.
7. On November 7, 2008, GMACM notified Borrowers that, based on its
review of the Borrowers' Loan file, the purported rescission was baseless and GMACM would not rescind the Loan.
8. On September 25, 2009, MERS assigned its interest in the Note and
Mortgage to Deutsche Bank Trust Company, which assignment was recorded on October 7,
2009.

Delehey Declaration, Ex. A P. 3.

Ms. Delehey has stated the correct date of a loan closing scheduled with the

Bank of the Bluegrass as May 18, 2007, but offers no further testimony as to the

whereabouts of the loan documents or the transfer of a May 18, 2007, Promissory

Note.[7]

---

[7] Her testimony as to the progression of a "mortgage" relating to the May 18, 2007 "loan" does not offer a date. There is no May 18, 2007 mortgage on record with the Fayette County Clerk. If her assertions relate to the May 14, 2007, "mortgage," proffered in these cases, her testimony contradicts the statement as to the date of the loan transaction. Additionally, her statement as to the assignment of the forged May 14, 2007 mortgage, flies in the face of the record of the forged mortgage as MERS was assigned the "mortgage" on May 14, 2007, FROM the Bank of the Bluegrass, not as a "nominee" of the Bank of the Bluegrass. Regardless, MERS has never appeared in the chain of title to the May 14, 2007 forged Note.

Case 2:09-cv-00302-DBP    Doc #: 63-1    Filed 01/15/14    Page 11 of 13    Page ID #: 953

As part of the Proof of Claims, and in anticipation if giving his testimony at the January 30, 2014, hearing, Mr. Haffey testified to the facts, consistent with his testimony in these cases. *See. Haffey Declaration, In Re Rescap, 12-12020-mg Document 4838-4 Exhibit 3.*    The Haffey Declaration is attached hereto and incorporated herewith as Exhibit "B."

<u>CONCLUSION</u>

Contrary to the testimony of the property owners, and the in-house litigation counsel for GMAC, the parties to these cases have continuously stated throughout in pleadings and have repeatedly put into evidence sworn testimony that the Defendants attended a loan closing on May 14, 2007, and executed a Note, Mortgage and a TILA Rescission Notice on May 14, 2007.    These statements were a lie in 2008 and 2009 and remain so today.[8]

WHEREFORE, based on the testimony of Ms. Delehey, consistent with the testimony of the property owners, the Orders relating to the cases are VOID and the Movants respectfully request that the Orders be deemed VOID and VACATED.

---

[8]    The Courts have previously cautioned Deutsche Bank about the use of one of its "robo signers," Judy Faber, an Affiant to the cases and hand:   "Neither version of the allonge, however, includes dates of the alleged transfers as stated by Ms. Faber. Even assuming she had the authority to endorse the note to Deutsche, Ms. Faber does not explain why RFC initially failed to produce the second allonge with the RFC endorsement in its motion to lift stay, even though it allegedly existed at that time. **These holes present substantial questions of fact as to Deutsche's good faith and the second allonge's authenticity. The Court cannot avoid suspecting that the second allonge indeed was created solely to rebut the trustee's assertions in this litigation and did not previously exist. If so, the Court suggests Deutsche and Ms. Faber individually consider the possible consequences of propounding potentially false evidence and perjured testimony to the Court.**  *In Re Balderrama*, Bankruptcy No. 6:10-BK-07828- KSJ. AP No. 6:10-AP-00245-KSJ. 451 B.R. 185. Doc 67 at 8.  Filed 02/14/12.  *(emphasis added.)*

Dated:    January 15, 2014              Respectfully submitted,

                                        */s/ Heather Boone McKeever*
                                        MCKEEVER LAW OFFICE PLLC
                                        3250 Delong Road
                                        Lexington, Kentucky 40515
                                        COUNSEL FOR DEFENDANTS


<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that the foregoing Motion was served via ECF on this the

 15th day of January, 2014 on the following:

Hon. David Kellerman
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202-3410
COUNSEL FOR APPELLEE
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

Hon. Christopher Thorsen
Bradley Arant Boult Cummings LLP
1600 Division Street Suite 700
Nashville, TN 37203
*Attorney for*
*Deutsche Bank Trust Company Americas as Trustee*        */s/Heather Boone*
*McKeever*
                                        Heather Boone McKeever

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY SHANE M. HAFFEY AGAINST RESIDENTIAL CAPITAL, LLC (CLAIM NOS. 2582 AND 4402)

I, Lauren Graham Delehey, declare as follows:

### A.    Background and Qualifications

1.      I serve as In-House Litigation Counsel in the legal department at

Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"). I have held this position since I joined

ResCap on August 1, 2011.

2.      In my role as In-House Litigation Counsel at ResCap, I am responsible for

the management of residential mortgage-related litigation, including class actions, mass actions

and multi-district litigation. Additionally, as a result ResCap's Chapter 11 filing, my role has

significantly expanded to include assisting the Debtors and their professional advisors in

connection with the administration of the Chapter 11 Cases. I am authorized to submit this

declaration (the "**Declaration**") in support of the *Debtors' Objection to Proofs of Claim Filed by

Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to

Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "**Objection**").[1]

3.       In my capacity as In-House Litigation Counsel, I am generally familiar

with the Debtors' litigation matters, including the various actions involving Mr. Haffey. Except

as otherwise indicated, all statements in this Declaration are based upon my personal knowledge;

information supplied or verified by personnel in departments within the Debtors' various

business units; my review of the Debtors' litigation case files, books and records, as well as other

relevant documents; my discussions with other members of the Debtors' legal department;

information supplied by the Debtors' consultants and counsel; or my opinion based upon my

experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and

history. In making these statements based on my review of the Debtors' litigation case files,

books and records, relevant documents, and other information prepared or collected by the

Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and

counsel accurately recording, preparing, collecting, or verifying any such documentation and

other information. If I were called to testify as a witness in this matter, I would testify

competently to the facts set forth herein.

4.       Unless otherwise noted herein, each of the unpublished pleadings and

documents referenced herein (identified by title of each Action as defined in the Objection and

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the
Objection.

ECF number), without exhibits, is attached to the Objection to Motion for Clarification of Stay,
which is Exhibit 4 to the Objection. For the Court's convenience, a chart summarizing the
current status of each of the Actions is annexed hereto **Exhibit A**.

## A. Facts Giving Rise to Claimant's Prior Litigation

5.      Borrowers are borrowers under a loan (the "**Loan**") evidenced by a note
(the "**Note**") in the principal amount of $1,000,000, which was executed on May 18, 2007, in
favor of Bank of the Bluegrass & Trust Company (the "**Bank of the Bluegrass**"), and was
secured by a mortgage (the "**Mortgage**") on property located at 3250 Delong Road in Lexington,
Kentucky (the "**Property**"). The Mortgage was subsequently assigned to Mortgage Electronic
Registration Systems, Inc. ("**MERS**") as nominee for Bank of the Bluegrass. GMACM began
servicing the Loan on July 1, 2007, and continued to service the Loan until the sale and transfer
of GMACM's loan servicing rights to Ocwen Loan Servicing, LLC on February 15, 2013.

6.      On or about October 15, 2008, Borrowers sent a letter to GMACM,
MERS, and Bank of the Bluegrass purporting to rescind the Loan and Mortgage pursuant to the
Truth-in-Lending Act ("**TILA**"). Borrowers have made no payments on the Loan after that date.

7.      On November 7, 2008, GMACM notified Borrowers that, based on its
review of the Borrowers' Loan file, the purported rescission was baseless and GMACM would
not rescind the Loan.

8.      On September 25, 2009, MERS assigned its interest in the Note and
Mortgage to Deutsche Bank Trust Company, which assignment was recorded on October 7,
2009.

## B. The MERS Action

9.      On or about October 21, 2008, Borrowers filed a complaint (the "**MERS
Complaint**") in the Kentucky State Court, commencing an action against MERS, captioned

*McKeever, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 08-CI-5375 (the "**MERS Action**"). *See* MERS Action, ECF No. 1, Exhibit 1.

          10.    On November 7, 2008, Defendant MERS removed the MERS Action to the District Court. *See id.* The MERS Action was docketed at Case No. 08-cv-456-JBC-JBT.

          11.    On March 16, 2010, the MERS Action was dismissed with prejudice and, on April 16, 2010, Borrowers appealed the order of dismissal to the Sixth Circuit. MERS Action, ECF Nos. 58, 64. The appeal, Case No. 10-5999 (the "**Consolidated Appellate Docket**"), was referred to mediation and ultimately consolidated, for briefing purposes, with the other two appeals described below (Case Nos. 10-6249 and 12-5802).

          12.    As of the date hereof, the appeal of the MERS Action remains pending. Under a briefing schedule set by the Sixth Circuit on June 19, 2013, briefing is due to be completed no later than September 20, 2013. *See* **Exhibit B**, annexed hereto.

## C.    The Declaratory Judgment Action

          13.    On November 7, 2008, GMACM filed a complaint (the "**Declaratory Complaint**") against Borrowers in the District Court on behalf of Deutsche Bank, as trustee, captioned *GMAC Mortgage, LLC v. McKeever, et al.*, Case No. 08-cv-459-JBC-REW (E.D. Ky. Nov. 7, 2008) (the "**Declaratory Judgment Action**"). Declaratory Judgment Action, ECF No. 1. Although the Declaratory Judgment Action was originally brought in GMACM's name, Deutsche Bank, as trustee, was substituted as the plaintiff on May 14, 2010. Borrowers did not object to or appeal the substitution of Deutsche Bank, as plaintiff in the Declaratory Judgment Action.

          14.    On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment filed in the Declaratory Judgment Action. *Id.*, ECF No. 135.

15.     On June 1, 2012, Borrowers' motion for reconsideration of the grant of summary judgment in Deutsche Bank's favor was denied and, on the same day, a Final Judgment was entered in favor of Deutsche Bank, as trustee. On June 30, 2012, Borrowers filed a notice of appeal of the Final Judgment. Declaratory Judgment Action, ECF Nos. 157-58. The appeal has been docketed in the Sixth Circuit at Case No. 12-5802.

16.     On October 3, 2012, this appeal was consolidated for briefing purposes under Case No. 10-5999. Consolidated Appellate Docket (Oct. 3, 2012).

17.     On June 11, 2013, Deutsche Bank filed a motion to remand or dismiss the appeal of the Declaratory Judgment Action (the "**Motion to Dismiss Appeal**") in order to allow the District Court to enter a final judgment in the Foreclosure Action (defined below). *See* **Exhibit C**, annexed hereto; ¶¶ 34-36, *infra*.

18.     Pursuant to an order issued by the Sixth Circuit on June 19, 2013, this appeal was severed from the other pending Sixth Circuit appeals and briefing is being held in abeyance pending a ruling on Deutsche Bank's Motion to Dismiss Appeal. *See* **Exhibit D**, annexed hereto.

### D.     The Haffey-GMACM Action

19.     On November 21, 2008, Borrowers filed a complaint (the "**Haffey-GMACM Complaint**") in the Kentucky State Court, commencing an action against MERS and GMACM, captioned *Haffey, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 08-CI-5970 (Cir. Ct. Fayette Cnty. Nov. 21, 2008). On December 15, 2008, that case was removed to the District Court and is docketed under Case No. 08-cv-510-JBC (E.D. Ky. Dec. 15, 2008). (the "**Haffey-GMACM Action**"). Haffey-GMACM Action, ECF No. 1.

20.     On September 4, 2009, the District Court granted GMACM's motion to dismiss and, later, on June 29, 2010, the District Court granted MERS' motion for summary

ny-1103036                                    5

judgment. Haffey-GMACM Action, ECF Nos. 17, 31. These orders were embodied by a judgment, entered on June 29, 2010, dismissing the Haffey–GMACM Complaint with prejudice. *Id.*, ECF No. 32.

21.     On July 26, 2010, Borrowers filed a motion for reconsideration, which was denied on September 13, 2010. *Id.*, ECF Nos. 33, 35.

22.     On October 12, 2010, Borrowers filed a notice of appeal from the District Court's orders (a) granting MERS' motion for summary judgment and (b) denying Borrowers' motion for reconsideration. The appeal is pending in the Sixth Circuit at Case No. 10-6249. *See* Declaratory Judgment Action, ECF 93.

23.     On December 6, 2010, the Sixth Circuit consolidated this appeal, for briefing purposes, with Case No. 10-5999. Consolidated Appellate Docket (Dec. 6, 2010).

24.     As of the date hereof, the appeal remains pending. Under a briefing schedule set by the Sixth Circuit on June 19, 2013, briefing is due to be completed no later than September 20, 2013. *See* **Exhibit B**, annexed hereto.

E.     **The Bluegrass Action**

25.     On July 6, 2009, Borrowers filed another complaint (the "**Bluegrass Complaint**") related to the Mortgage (the "**Bluegrass Action**") in the Kentucky State Court, captioned *Haffey v. Allen* (Cir. Ct. Fayette Cnty. July 6, 2009). The Bluegrass Action was removed to the District Court on July 27, 2009 and was docketed at Case No. 09-cv-255-JBC (E.D. Ky. July 27, 2009).

26.     The Bluegrass Action was dismissed without prejudice on May 24, 2010. Bluegrass Action, ECF No. 17.

**F.    The Foreclosure Action**

27.    On November 12, 2009, Deutsche Bank, as trustee, commenced a foreclosure action against the Borrowers in the District Court, captioned *Deutsche Bank Trust Company Americas v. Haffey, et. al.*, Case No. 09-cv-362-JBC (E.D. Ky. Nov. 12, 2009) (the "**Foreclosure Action**"), seeking to enforce the Mortgage against Borrowers and the Property. Foreclosure Action, ECF No. 1 at 3-6.

28.    On February 9, 2010, McKeever (but not Claimant) filed a counter-claim and third-party complaint (the "**Counter-complaint**") in the Foreclosure Action naming Deutsche Bank, GMACM, Debtor Residential Accredit Loans, Inc. ("**RALI**"), Debtor Residential Funding Company, LLC ("**RFC**"), Bank of the Bluegrass and several of its employees individually, MERS, and MERSCORP as defendants. Foreclosure Action, ECF No. 17.

29.    A motion to dismiss filed by Deutsche Bank, as trustee, and GMACM and its affiliated defendants, RALI and RFC, was granted on June 22, 2010. Foreclosure Action, ECF No. 28.

30.    After the District Court dismissed the third party claims against four other codefendants, *see id.*, ECF 39, Borrowers filed a motion for reconsideration. Declaratory Judgment Action, ECF No. 81. On September 13, 2010, the District Court granted the motion for reconsideration as to certain third-party RESPA claims against GMACM, but denied the motion for reconsideration as to the rest of the counterclaims and third-party claims. *Id.*, ECF No. 90.

31.    On October 12, 2010, Borrowers filed a notice of appeal of the District Court's initial order dismissing all but one of their third-party claims against GMACM, as well as the District Court's partial denial of Borrowers' motion for reconsideration. *Id.*, ECF No. 93.

ny-1103036                                    7

The appeal has been docketed with the Sixth Circuit under case number 10-6249. As of the date hereof, this appeal from the Foreclosure Action remains pending.

32.     On November 8, 2010, the District Court granted GMACM's motion to dismiss the sole remaining third-party RESPA claim that was still pending against GMACM after the District Court granted in part Borrowers' motion for reconsideration. *Id.*, ECF No. 97.

33.     On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment on its affirmative foreclosure claim. *Id.*, ECF No. 135. Thereafter, on June 1, 2012, the District Court denied Borrowers' motion to reconsider its order granting Deutsche Bank summary judgment and entered what was designated a final judgment in the lead case—the Declaratory Judgment Action (Case No. 08-459). *Id.*, ECF No. 157-158.

34.     On June 28, 2012, Deutsche Bank, as trustee, filed a Motion for Judgment, Order of Sale, Appointment of Master, and Attorneys' Fees (the "**Motion for Judgment**"), seeking to obtain entry of a final judgment in the Foreclosure Action that incorporated, among other things, a specific judgment amount and a final foreclosure sale order.

35.     As noted above, Borrowers filed a notice of appeal in the Declaratory Judgment Action on June 30, 2012. Declaratory Judgment Action, ECF No. 164. Although it does not appear that the notice of appeal filed by Borrowers applies to the Foreclosure Action, the District Court determined that it lacked jurisdiction to address the Motion for Judgment during the pendency of the appeal and denied it without prejudice on September 27, 2012. *See* **Exhibit E**, annexed hereto.

36.     On June 11, 2013, Deutsche Bank filed the Motion to Dismiss the Appeal of the Declaratory Judgment Action in order to allow the District Court to enter a final judgment on the Motion for Judgment in the Foreclosure Action. *See* **Exhibit C**, annexed hereto.

ny-1103036                                          8

## G.    The Qui Tam Action

37.    On or about May 10, 2011, Claimant filed a complaint (the "**Qui Tam Complaint**") against Deutsche Bank, Gentry Mechanical Systems, Inc., State Farm Bank, F.S.B., and individual Patricia Kelleher (a former GMACM employee) in the Kentucky State Court, commencing an action captioned *Haffey, et al. v. Gentry Mechanical Systems, Inc., et al.*, No. 11-CI-2480. On June 3, 2011, that action was removed to the District Court and assigned Case No. 5:11-cv-188 (the "**Qui Tam Action**"). No Debtor was a party to the Qui Tam Action.

38.    On January 12, 2012, the District Court dismissed the claims asserted against Ms. Kelleher. Declaratory Judgment Action, ECF No. 133.

39.    On March 2, 2012, the District Court granted a motion of Deutsche Bank, as trustee, for judgment on the pleadings, and dismissed the Qui Tam Action with prejudice. *Id.*, ECF No. 150. On October 3, 2012, the District Court denied Borrowers' motion to alter or amend the judgment, and entered judgment in favor of Deutsche Bank, as trustee. Qui Tam Action, ECF No. 46.

## H.    Only Appeals Remain

40.    The only remnants of the Actions against GMACM and numerous other defendants that still remain are appeals; of those appeals, the only Actions on appeal in which the Debtors are named as parties are the Foreclosure Action and the Haffey–GMACM Action. Of those two Actions, Claimant is not a party to the Counter-complaint that is the subject of the appeal in the Foreclosure Action.

41.    On October 3, 2012, the Sixth Circuit denied a motion by Borrowers to the extent that the motion requested to hold the cases in abeyance pending the completion of the Debtors' bankruptcy cases. *GMAC Mortgage, LLC v. McKeever*, Case No. 12-5802 (6th Cir. Oct. 3, 2012).

ny-1103036                                          9

## I. The Debtors' Review of the Proofs of Claim

42. The Debtors, after reviewing the supporting documentation and their books and records, have determined that they have no liability for the Proofs of Claim asserted by Claimant. The claims, which are based on some or all of the Actions, are filed against ResCap, which has never been a party to any of the Actions. Moreover, each of the claims asserted by Claimant in each of the Actions has been conclusively resolved in the Debtors' favor. Accordingly, I believe that the Proofs of Claim should be disallowed and expunged because they fail to establish any legal basis supporting liability of a Debtor to Claimant in connection with the Actions.

## J. Claimant Is A Vexatious Litigant

43. Over the past five years, Borrowers have asserted identical claims/counterclaims against the Debtors and/or MERS/Deutsche Bank in five separate cases (excluding only the Declaratory Judgment Action). The District Court first dismissed Borrowers' claims in the Haffey-GMACM Action on September 4, 2009 (Dkt. No. 17). Thereafter, each and every one of Borrowers' other claims were dismissed under the *res judicata* and law of the case doctrines. Following each such dismissal, Borrowers filed meritless and nonsensical motions to reconsider and motions to vacate or amend, which substantially increased the cost of defending these claims. *See, e.g.,* GMAC Mortgage, LLC's Motion for Costs, Case 08-459, ECF No. 40, a copy of which is annexed hereto as **Exhibit F**. This motion was granted by the District Court and a sanctions award entered against Borrowers upon the District Court's finding that Borrowers intended to use the litigation to harass GMACM. See Memorandum Opinion and Order, Case 08-459, ECF No. 115, a copy of which is annexed hereto as **Exhibit G**. These tactics forced the Debtors to continue to expend substantial attorneys' fees and costs in

responding to each of Borrowers' meritless filings in order to ensure that their position was

documented and that their interests remained adequately protected.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: August 26, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (608) 497-1026

Hearing Date:  November 7, 2013
Response Date: September 23, 2013

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re

Residential Capital, LLC *et al.*,

Debtors.

Chapter 11
Case No. 12-12020 (MG)

Administratively
Consolidated

## DECLARATION OF TENANT BY ENTIRETY SHANE HAFFEY
## IN RESPONSE TO OBJECTION TO CLAIMS 2582 AND 4402
## IN RELATION TO HIS FAMILY FARM

I, Shane Haffey, pursuant to 28 U.S.C. §1746, in Response to the Objection to Claims

2582 and 4402 state the following:

1. I am the owner as a tenant by entirety of the family farm located at 3250 Delong

Road, Lexington, (Fayette County) Kentucky 40515.

2. The copy of a purported "Note" dated May 14, 2007, used as an Exhibit as

evidence to attempt to fraudulently procure a judicial deed transfer, was filed in the

public record by attorneys solely retained by GMAC Mortgage LLC. *See. Case 5:09-

00362-JBC, Doc. #1-3 filed 11/12/09.*

3. I did not sign "Note."

4. The May 14, 2007, "Note" bears the name of Heather Haffey. The co-owner of

the farm is my wife, Heather McKeever.

5. My wife did not sign the May 14, 2007 "Note."

6. The "Note" is a forgery.

7. The copy of a purported "Mortgage", dated May 14, 2007, used as evidence to attempt to fraudulently procure a judicial lien transfer, was filed in the public record as an Exhibit as evidence by attorneys soley retained by GMAC Mortgage LLC. *See. Case 5:09-00362-JBC, Doc. #1-3 filed 11/12/09.*

8. The copy of a purported "Mortgage" was recorded in the office of the Fayette County County Clerk in Deed Book 6084 Page 154 by an employee of GMAC Mortgage LLC.

8. I did not sign the May 14, 2007 "Mortgage."

9. The May 14, 2007 "Mortgage" bears the name of Heather Haffey. The co-owner of the farm is my wife, Heather McKeever.

10. My wife did not sign the May 14, 2007 "Mortgage."

11. The "Mortgage" is a forgery.

12. The statements made in the Response to the Objection are true and correct to the best of my knowledge.

13. I incorporate into this Declaration, all previous Declarations entered into the record of this case, and contained in my Proof of Claim and Motion to Enforce/Clarify the Stay.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that all of the foregoing is true and correct to the best of my knowledge.

Executed on this the 23rd day of September, 2013.

Shane Haffey

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| **DEUTSCHE BANK AMERICAS, as** | ) | **Case No. 5:09-cv-362-DLB** |
| **Trustee,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER GRANTING** |
| **HEATHER BOONE MCKEEVER** | ) | **DEFENDANTS' MOTION TO SET** |
| **a/k/a** | ) | **ASIDE FINDINGS, ALTER OR** |
| **HEATHER M. HAFFEY,** | ) | **AMEND AND FOR  RELIEF FROM** |
| | ) | **JUDGMENT.** |
| **and** | ) | |
| | ) | |
| **SHANE M. HAFFEY,** | ) | |
| | ) | |
| **Defendants.** | | |

   Upon Motion of the Defendants and the Court otherwise being sufficiently advise; it is

here ORDERED and ADJUDGED that the Defendants' Motion for Relief pursuant to

Fed. R. Civ. P. 52, 59, and 60, is hereby GRANTED and the Judgment in the case

VACATED and SET ASIDE.

ENTERED THIS THE _____ DAY of _____, 201____.


_____
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY