## **Exhibit G**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**LEAD CIVIL ACTION NO. 08-459-JBC**
**CONSOLIDATED CIVIL ACTION NO. 11-188-JBC**

GMAC MORTGAGE, LLC,                                                                                                  PLAINTIFF,

V.                    **MEMORANDUM OPINION & ORDER**

HEATHER BOONE MCKEEVER, et al.,                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Deutsche Bank's motion for judgment on the pleadings, R.148. Because the court has previously decided the issues underlying each of the claims asserted by Haffey, judgment is appropriate, and the motion will be granted.

The plaintiff, Shane Haffey, filed suit in this consolidated action, Lexington Civil Action 11-188, asserting several claims against Deutsche Bank and Patricia Kelleher. All of the claims relate to a piece of property that was the subject of a foreclosure action in the related consolidated case, styled *Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362, and was owned jointly by Haffey and his wife Heather McKeever. Haffey seeks to quiet title to the piece of property as well and to recover damages for the defendants' alleged wrongful acts, including: common law slander and defamation of title, filing of an

1

illegal lien, forgery in the second degree, criminal possession of a forged instrument, fraudulent conveyance, and common law fraud and injurious falsehood.

Each cause of action arises out of the mortgage assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") to Deutsche Bank that was filed in the public record of Fayette County, Kentucky, as a lien on Haffey's property. Haffey alleges that Kelleher, at the request of Deutsche Bank, fraudulently signed over the mortgage to Deutsche Bank as a supposed representative of MERS, and that the forged assignment was then filed of record. Kelleher has since been dismissed as a party to this action, *see* R.133, so only the claims against Deutsche Bank remain.

Deutsche Bank has moved for judgment on the pleadings under Fed. R. Civ. P. 12 (c), alleging that judgment in its favor is appropriate because this court has ruled that the allegations made by Haffey are without merit. Additionally, Deutsche Bank argues that this court has ruled in consolidated action, styled *Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362, that Deutsche Bank is entitled to foreclose against the property in dispute in this action. In analyzing a motion for judgment on the pleadings, a court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true," *see Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010) (internal citations omitted), but the court may take into account prior orders in the case. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)

2

(quotations omitted). Having reviewed the record, the court agrees with Deutsche Bank and finds that the law-of-the-case doctrine bars all of Haffey's claims.

First, Haffey seeks to quiet title to the property in dispute under KRS 411.120, claiming that he as a property owner is entitled to restoration of clear title to the property. But this court has previously held that Deutsche Bank has a validly assigned mortgage on the property and is entitled to foreclose on the property, *see* R. 135; therefore, Haffey's claim for clear title is barred.

Second, Haffey brings claims related to the supposedly fraudulent assignment of the mortgage in dispute from MERS (executed by Kelleher) to Deutsche Bank. These claims include common law slander and defamation of title, filing of an illegal lien under KRS 434.155, Kentucky forgery in the second degree under KRS 516.030, criminal possession of a forged instrument under KRS 516.060, fraudulent conveyance under KRS 378.010 & 378.030, and common law fraud and injurious falsehood. Each of these claims stems from Haffey's allegations that Deutsche Bank and Kelleher conspired in 2009 to have drafted, executed, and notarized a publicly filed mortgage lien on Haffey's property that was illegal, forged, and fraudulent. Haffey asserts that he never executed a promissory note relating to the property and that he never executed a mortgage to Deutsche Bank or its predecessor MERS.

Because this court has held that Deutsche Bank is the holder of a validly assigned mortgage on Haffey's property as well as the holder of a defaulted note

3

relating to the property, see R.135, p.2-3 (citing previous order R.69), Haffey's claims are in direct conflict with the law of this case. His allegations of fraud and related claims stand in opposition to the court's prior holding that the mortgage held by Deutsche Bank is a validly assigned lien; thus, the claims are barred by the law-of-the-case doctrine. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (positing that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case")(internal citations omitted).

Additionally, this court has previously addressed similar claims in related actions. In Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc., Lexington Civil Action No. 08-510, the court dismissed Haffey and McKeever's complaint that brought claims against MERS and GMAC, the company in privity with Deutsche Bank (see lead action, styled GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al., Lexington Civil Action No. 08-459, R.70, p.3 n.2), for fraudulent practices in connection to the mortgage in dispute, including the original execution of the mortgage and the assignment of the mortgage to MERS. The court found the allegations to be "mere 'labels and conclusions'" and not supportive of any legal claim. Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc., et al., Lexington Civil Action No. 08-510, R.17, p.6. The court also dismissed Haffey and McKeever's counter-claims in Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al., Lexington Civil Action No. 09-362, that alleged numerous

4

wrongful acts of MERS, GMAC, and Deutsche Bank, including defamation of title and fraud. The court held that the allegations of fraud and defamation of title were "devoid of any facts that would support the basic elements" of a claim and were bare-bone "legal conclusions." See lead action, styled *GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al.*, Lexington Civil Action No. 08-459, R.70, p. 6-9.

While the claims in those actions pointed to a broader range of allegedly fraudulent practices than just the supposedly illegal mortgage assignment from MERS to Deutsche Bank pinpointed in this case, the current claims against Deutsche Bank are related to the same series of events described in the complaint of *Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc., et al.*, Lexington Civil Action No. 08-510 and the counter-claim of *Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362. Haffey could have brought these claims in those prior actions. See *U.S. v. Moored*, 38 F.3d 1419, 1421 (stating that "the law of the case doctrine dictates that issues, once decided, should be reopened only in limited circumstances" and "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation"). Accordingly,

**IT IS ORDERED** that Deutsche Bank's motion for judgment on the pleadings, R. 148, is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Shane Haffey's motion for extension of time to respond to motion for judgment on the pleadings, R.149, is **GRANTED**, and the Clerk of Court is directed to docket Haffey's response, R.149-1, as of the date of entry of this order.

The court having granted judgment on all remaining claims in this action, **IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice and **STRICKEN** from the court's active docket.

Signed on March 1, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY