Jennifer L. Wilson, Sui Juris
4365 School House Commons, 500-251
Harrisburg, NC 28075
Ph.: 704-773-1712

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer L. Wilson<br><br>    Plaintiff,<br>v.<br><br>RESIDENTIAL CAPITAL, LLC;<br>RESIDENTIAL FUNDING<br>COMPANY, LLC; and Does 1 – 10<br>inclusively,<br><br>    Defendants. | ADV. CASE: 12-019363-mg<br><br>CASE NO: **12-12020 (MG)**<br><br>Chapter 11<br><br>Jointly Administered<br><br>PROGRESS REPORT<br><br>Concurrently Submitted: Request for in Chambers Settlement Conference |

## PLAINTIFF'S PROGRESS REPORT

TO MARTIN GLENN, JUDGE; THE CLERK OF THE COURT; AND ALL PARTY DEFENDANTS AND THEIR ATTORNEY(S) OF RECORD:

Pursuant to Bankruptcy Court ORDER dated March 21, 2013, and 11 U.S.C §§ 105(a) and (d), Bankruptcy Rules 1015(c), 2002(m), 7016, and 9007 and Local Bankruptcy Rule 2002-2, the Parties; Jennifer L. Wilson; RESIDENTIAL CAPITAL, LLC; and RESIDENTIAL FUNDING COMPANY, LLC, entered into negotiations for the express purpose of reaching a settlement.

1  On or about October 3, 2013, Plaintiff, Jennifer L. Wilson (hereinafter
2  "Wilson") believed a settlement was reached. However, language set forth in the
3  first draft of the "SETTLEMENT AGREEMENT BETWEEN THE DEBTORS
4  AND JENNIFER L. WILSON" ("SETTLEMENT") became a focus of dispute.
5  On or about October 9, 2013, Wilson proposed acceptable language to the
6  SETTLEMENT.
7  On or about October 23, 2013, defendants', RESIDENTIAL CAPITAL,
8  LLC; and RESIDENTIAL FUNDING COMPANY, LLC (collectively
9  "Defendants" or "Defendants'") presented Wilson with a second draft of the
10 SETTLEMENT, inferring in the accompanying communication, the language
11 acceptable to Wilson was incorporated. However, like the first draft the second
12 draft failed to incorporate acceptable language to Wilson.
13 On or about October 24, 2013, Wilson noticed counsel for Defendants the
14 language in the SETTLEMENT was not included in any negotiations prior to
15 either the first or second draft, and on that basis Wilson believed the Defendants
16 entered into the negotiations in bad faith. Wilson further informed counsel for
17 Defendants Wilson would move immediately to file a Progress Report with the
18 Bankruptcy Court and inform the Court Wilson believed Defendants entered into
19 the negotiations in bad faith.
20 Mr. Justin S. Krell, counsel for creditors, sought to mitigate the impasse
21 between the Parties and entered into discussions with Wilson. Mr. Krell and
22 Wilson entered into an agreement that would be acceptable to Wilson subject to
23 approval of the Defendants'.
24 On or about October 25, 2013, Defendants expressed a desire to continue
25 negotiations of the concerns regarding the language. Despite the additional efforts
26 of Ms. Wilson, after numerous weeks to resolve a single issue, Defendents abruptly
27 ended the talks and elected to go to trial.

1  Ms. Wilson herewith files a motion for in chambers negotiations between
2  the parties of the single issue that remains the stumbling block between settlement
3  and litigation.
4
5  Date: January 23, 2014
6                                       Respectfully submitted,
7
8                                       */s/ Jennifer L. Wilson*
9                                       Jennifer L. Wilson, Sui Juris
                                        4365 School House Commons, 500-251
10 //                                   Harrisburg, NC 28075
11 //                                   Ph.: 704-773-1712
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //