**Hearing Date: January 30, 2014 at 10:00 a.m. (EST)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**BORROWER CLAIMS TRUST'S SUPPLEMENTAL REPLY IN SUPPORT OF DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS – RES JUDICATA AND WRONG DEBTOR)**

ny-1126185

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], hereby submits, on behalf of Residential Capital, LLC ("ResCap") and its affiliated post-effective date debtors (collectively, the "Debtors") in the Chapter 11 Cases, this supplemental reply (the "Supplemental Reply") to that certain response (the "Response") interposed by claimants Jamie L. and Gary D. Gindele [Docket No. 6069] to the *Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* [Docket No. 5646] (the "Objection"). In support of the Supplemental Reply, the Borrower Trust submits the Second Supplemental Declaration of Lauren Graham Delehey, annexed hereto as Exhibit 2 (the "Second Supplemental Declaration"). In further support hereof, the Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response as well as the Debtors' books and records, and asserts that the Debtors have no liability with respect to Mr. and Ms. Gindele's asserted claims. Copies of Mr. and Ms. Gindele's proofs of claim numbers 5422 ("Claim No. 5422") and 5431 ("Claim No. 5431" and together with Claim No. 5422, the "Gindele Claims") are attached hereto as Exhibit 1.

2. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, Peter J. Solomon Co., L.P. v. Oneida, Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), *aff'd sub nom.*, NBC v.

Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props), 266 B.R. 52 (S.D.N.Y. 2001), *aff'd,* 46 Fed. Appx. 40 (2d Cir. 2002).

3. As discussed herein, Mr. and Ms. Gindele have not provided a sufficient explanation as to why their claim should be allowed notwithstanding the governing law in the Ohio, which permits the application of res judicata to a claim that is on appeal. Accordingly, the relief sought in the Objection should be granted with respect to the Gindele Claims.

## BACKGROUND

4. In connection with the claims reconciliation process, the Debtors identified certain claims filed by Borrowers[1] that failed to establish a liability against any of the Debtors (the "No Liability Borrower Claims").

5. Prior to the Effective Date, after consulting with SilvermanAcampora LLP, special borrowers' counsel to the official committee of unsecured creditors ("Special Counsel"), the Debtors sent Request Letters to those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of such claims. The Request Letters required the claimant to substantiate the legal and factual reasons as to why the claimant believes it is owed money or is entitled to other relief from the Debtors. The claimant was required to provide copies of any and all documentation that they believe supports the basis for his or her claim. Mr. and Ms. Gindele received and responded to a Request Letter. The Debtors examined the information provided by Mr. and Ms. Gindele and, for the reasons set forth in greater detail below, contend that such information does not establish a valid claim against the Debtors.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in each Objection.

2

ny-1126185

6. On December 11, 2013, following the conclusion of the confirmation hearing, the Bankruptcy Court entered an Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Plan went effective and the Borrower Trust was created [Docket No. 6137].

7. The Plan provides for the creation and implementation of the Borrower Trust. See Plan, Art. IV.F. The Plan further provides that the Borrower Claims Trustee is deemed the representative of the Debtors' estates for the purpose of prosecuting objections to claims. See Plan, Art. IV.S.

**REPLY**

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1). Furthermore, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

9. Prior to filing the Objection as well as after reviewing the Response, the Debtors conducted an exhaustive examination of their books and records to assess the allegations made in the Gindele Claims and the Response. The Debtors determined that each of the Gindele Claims is based on Ohio state litigation that has been dismissed with prejudice as to the Debtors, and thus, the Gindele Claims are barred by the doctrine of res judicata. See Objection at ¶ 26.

3

10. The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Burgos v. Hopkins, 14 F.3d 787, 789 (2d. Cir. 1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980). Moreover, when a judgment is issued by a state court, the preclusive effect of such determination "in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . . ." New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Therefore, "[i]n applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." Burka v. N.Y.C. Transit Auth., 32 F.3d 654, 657 (2d. Cir. 1994) (citation omitted).

11. Although the Gindele Claims involve litigation that has been appealed by the Borrower, the pendency of an appeal does not necessarily impair the preclusive effect of the underlying judgment under the principles of res judicata. See In re Bear Stearns Cos., Inc., Secs. Derivative & ERISA Litig., 763 F. Supp. 2d 423, 544 (S.D.N.Y. 2011) ("under New York law, a judgment entered by a trial court is 'final' for purposes of res judicata, even where an appeal is pending from the trial court's judgment").

12. As discussed below, Ohio courts follows the same principle set forth in Bear Stearns in that they hold that a judgment on appeal is final for purposes of applying the doctrine of res judicata. See Hapgood v. City of Warren, 127 F.3d 490, 494 (6th Cir. 1997). Accordingly, for the reasons discussed herein, the Gindele Claims are barred by the doctrine of res judicata and should be disallowed and expunged from the Debtors' claims register.

13. Mr. and Ms. Gindele filed Claim No. 5422 and Claim No. 5431 as general unsecured claims in unliquidated amounts against Residential Funding Real Estate Holdings,

LLC ("RFREH") and Residential Funding Company, LLC ("RFC"), respectively. The Gindele Claims relate to a foreclosure complaint initiated by RFREH against certain defendants, including Mr. and Ms. Gindele, in the Court of Common Pleas, Hamilton County, Ohio (the "Ohio Court of Common Pleas"), Case No. A0905631 (the "Gindele Foreclosure"). See Second Supplemental Declaration at ¶ 6.

14. The Gindele Foreclosure relates to a promissory note (the "Gindele Note") and mortgage (the "Gindele Mortgage") executed by Mr. and Ms. Gindele on June 15, 2006 in the face amounts of $720,000.00 in favor of GreenPoint Mortgage Funding, Inc. ("Greenpoint"), with MERS as nominee. See id. at ¶ 7. The Gindele Note and the Gindele Mortgage encumber that certain property located at 6043 Kenwood Road, Cincinnati, Ohio 45243 (the "Property"). See id. On April 30, 2007, MERS, as nominee for GreenPoint, executed an assignment of mortgage that assigned the Gindele Mortgage, together with the Gindele Note, to RFC and, on June 2, 2009, RFC executed an assignment of mortgage that assigned the Gindele Mortgage, together with the Gindele Note, to RFREH. See id. GMAC Mortgage, LLC acquired servicing rights to the Gindele Mortgage on January 4, 2010. See id.

15. Mr. and Ms. Gindele defaulted on the Gindele Note and, on or around August 28, 2008, entered into a loan modification agreement that increased the principal balance on the loan to $815,700.00. See id. at ¶ 8. In November 2008, Mr. and Ms. Gindele defaulted under the terms of the loan modification agreement. See id.

16. As a result of Mr. and Ms. Gindele's defaults, on June 9, 2009, RFREH initiated the Gindele Foreclosure. See id. at ¶ 9. In response to the complaint filed by RFREH, Mr. and Ms. Gindele, on December 3, 2009, filed a response asserting several defenses and counterclaims. See id.

5

ny-1126185

17. At the time the Gindele Foreclosure was filed, the Gindele Mortgage and the Gindele Note were in the possession of RFREH. On January 8, 2010, RFREH executed an assignment of mortgage that assigned the Gindele Mortgage, together with the Gindele Note, to Residential Funding Corp., a/k/a Residential Funding Company, LLC ("RFC"). See id. at ¶ 10. On July 6, 2010, RFC was substituted as the plaintiff in the Gindele Foreclosure in place of RFREH. See id.

18. On November 30, 2011 and December 15, 2011, both RFC and Mr. and Ms. Gindele, respectively, filed motions for summary judgment in the Gindele Foreclosure. See id. at ¶ 11.

19. On February 21, 2012, the Magistrate in the Ohio Court of Common Pleas issued an order (the "Magistrate Order") granting RFC's motion for summary judgment and denying Mr. and Ms. Gindele's motion for summary judgment. See id. at ¶ 12; Magistrate Order at 1, Exhibit A to Second Supplemental Declaration. The Magistrate Order further indicated that unless the amounts owed to RFC are paid within three (3) days from the entry of the Magistrate Order, the Property will be foreclosed and an order of sale issued to the Hamilton County Sheriff. See Second Supplemental Declaration at ¶ 12; Magistrate Order at 3, Exhibit A to Second Supplemental Declaration.

20. On March 6, 2012, Mr. and Ms. Gindele filed an objection to the Magistrate Order, and on March 19, 2012, RFC filed a response to such objection. See Second Supplemental Declaration at ¶ 13. On May 10, 2012, the Honorable Beth A. Meyers in the Ohio Court of Common Pleas entered a decision (the "Decision") finding that the Magistrate properly granted summary judgment in favor of RFC and adopting the Magistrate Order. See id.; Decision, Exhibit B to Second Supplemental Declaration. On June 8, 2012, a Judgment Entry

6

ny-1126185

and Decree in Foreclosure (the "Foreclosure Decree") was entered in the Ohio Court of Common Pleas. See Second Supplemental Declaration at ¶ 13; Foreclosure Decree, Exhibit C to Second Supplemental Declaration.

21.  On June 25, 2012, Mr. and Ms. Gindele filed a notice of appeal (the "Gindele Appeal") to the First District Court of Appeals (the "Ohio Court of Appeals"). See Second Supplemental Declaration at ¶ 14. The Gindele Appeal includes issues pertaining to monetary damages as well as issues aimed at dismissing the foreclosure. See id. The entire Gindele Appeal was stayed as a result of the Chapter 11 Cases; however, the Debtors acknowledge that certain claims within the Gindele Appeal are permitted to proceed under the supplemental servicing order entered by this Court on July 13, 2012 [Docket No. 774].

22.  On November 21, 2012, Berkshire Hathaway purchased the Gindele loan from RFC, which sale closed in February 2013.[2] See id. After the closing of such purchase, 21st Century Mortgage ("21st Mortgage"), the servicer for Berkshire Hathaway, became the servicer for the Gindele Mortgage.[3] See id. at ¶ 15. On or about December 6, 2013, 21st Mortgage was substituted as the plaintiff/appellee in place of RFC in the Gindele Appeal; however, on December l6, 2013, Mr. and Ms. Gindele filed an objection to the substitution of 21st Mortgage for RFC. See id. The objection to the substitution of 21st Mortgage has not yet been decided by the Ohio Court of Appeals. See id. Accordingly, as of the date of this Supplemental Reply, the Gindele Appeal remains stayed due to the Chapter 11 Cases. See id.

---

[2] The sale of the Gindele Loan was part of the Debtors' sale of their whole loan portfolio to Berkshire Hathaway. See Docket No. 2247.

[3] On or about December 6, 2013, RFC executed an assignment of mortgage that assigned the Gindele Mortgage, together with all moneys owing on the Gindele Mortgage, to 21st Mortgage Corporation. See Second Supplemental Declaration at ¶ 15, n.2.

23. The Gindele Claims are nothing more than attempts to relitigate issues that have already been judicially determined by the Ohio Court of Common Pleas. Consequently, the Gindele Claims should be disallowed and expunged under the doctrine of res judicata.

24. The litigation underlying the Gindele Claims was adjudicated under Ohio state law. Thus, when deciding whether to apply the doctrine of res judicata, this Court should look to Ohio res judicata law. See In re Sokol, 113 F.3d at 306 ("[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ."); Burka, 32 F.3d at 657 ("In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court.").

25. Under Ohio law, the doctrine of res judicata includes both claim preclusion and issue preclusion. See Butts v. Deutsche Bank Nat'l Trust Co., Case No. 1:13 CV 2375, 2013 U.S. Dist. Lexis 157852, at *9 (N.D. Ohio Nov. 4, 2013); Grava v. Parkman Township, 653 N.E.2d 226, 228 (Ohio 1995). The Debtors contend that the Gindele Claims are barred by the claim preclusion prong of res judicata, which, under Ohio law, consists of four (4) elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." Hapgood, 127 F.3d at 493; Butts, 2013 U.S. Dist. Lexis at *9-10. Moreover, Ohio courts "hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava, 653 N.E.2d at 229.

8

ny-1126185

26. Based on the Gindele Claims and the Response, it is evident that the issues asserted in the Gindele Claims (i) were decided by the Ohio Court of Common Pleas, (ii) are between the same parties and (iii) are based on the same cause of action and the same occurrence as the actions before the Ohio Court of Common Pleas. In addition, the Magistrate Order and the Foreclosure Decree are final decisions on the merits. Ohio law provides that a court's grant of summary judgment terminates an action on the merits. See Hapgood, 127 F.3d at 493-94 ("[W]hen the Ohio court granted defendant summary judgment in plaintiff's initial lawsuit, that court rendered a valid, final judgment on the merits of plaintiff's claims.") (citing A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc., 647 N.E.2d 222, 224 (Ohio Ct. App. 1994) (stating that the grant of summary judgment terminates a party's action on the merits). The Magistrate Order was entered by the Ohio Court of Common Pleas in response to motions for summary judgment filed by both RFC and Mr. and Ms. Gindele. Furthermore, Ohio case law reflects that a judgment and decree in foreclosure is a final decision on the merits. See Butts, 2013 U.S. Dist. Lexis at *10 (recognizing that the Cuyahoga County Court of Common Pleas issued a "Judgment and Decree in Foreclosure" and "[t]hus, a final decision on the merits with respect to the underlying foreclosure action was entered and satisfies the first element of claim preclusion"). Therefore, under Ohio law, the Magistrate Order and the Foreclosure Decree are final decisions on the merits for purposes of a res judicata analysis.

27. Rather than argue that the issues relevant to the underlying litigation differ from those asserted in the Gindele Claims, Mr. and Ms. Gindele appear to assert that the Gindele Claims should not be disallowed under the doctrine of res judicata because the Magistrate Order is currently subject to a pending appeal in the Ohio Court of Appeals, and thus has not been finally decided. However, this assertion is incorrect. Under Ohio law, the pendency of an appeal

does not alter the res judicata nature of a trial court judgment. See Hapgood, 127 F.3d at 494 ("The prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court."); see also Stark v. Gov't Accounting Solutions, Inc., Case No. 2:07-cv-755, 2009 U.S. Dist. Lexis 17895, at *5-6 (S.D. Ohio Mar. 9, 2009).

28. Moreover, to the extent that Mr. and Ms. Gindele assert that the June 8, 2012 Foreclosure Decree is invalid in light of the filing of the Chapter 11 Cases on May 14, 2012, such assertion is also incorrect. On May 16, 2012, this Court entered the *Interim Order Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Non-Governmental Association Loans, and (B) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (II) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings* (the "Interim Servicing Order") [Docket No. 91]. Under the Interim Servicing Order, borrowers were granted limited relief from the automatic stay "to assert and prosecute counter-claims related to the subject matter of the foreclosure complaint in connection with foreclosure proceedings," thereby enabling the Debtors to continue with the prosecution of foreclosure proceedings.[4] See Interim Servicing Order at ¶ 10. Consequently, the continued prosecution of the Gindele Foreclosure was proper under the terms of the Interim Servicing Order and the Foreclosure Decree entered by the Ohio Court of Common Pleas is valid.

29. Accordingly, the Gindele Claims are barred by the doctrine of res judicata and should be disallowed and expunged from the Debtors' claims register because: (i) each of the Gindele Claims is based on underlying litigation that has been adjudicated and decided on the

---

[4] A final servicing order and a final supplemental servicing order were subsequently entered by this Court, both of which also allow for, inter alia, the continued prosecution of foreclosure proceedings [Docket Nos. 402, 774].

10

ny-1126185

merits by the Ohio Court of Common Pleas; and (ii) that an appeal is pending with respect to the underlying litigations does not, under applicable Ohio law, alter the finality of the decisions for purposes of res judicata.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully submits that the relief sought in the Objection should be granted with respect to the Gindele Claims.

Dated:  January 27, 2014  
       New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to The ResCap Borrower Claims Trust*