## Exhibit 2

**Second Supplemental Declaration**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------------------

**SECOND SUPPLEMENTAL DECLARATION OF LAUREN GRAHAM DELEHEY
WITH RESPECT TO DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION
TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS –
<u>RES JUDICATA AND WRONG DEBTOR)</u>**

Lauren Graham Delehey, pursuant to 28 U.S.C. § 1746, declares under penalty of

perjury:

1.      I serve as Chief Litigation Counsel in the legal department of The ResCap

Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Litigation Counsel at

Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors in the above-captioned chapter 11 cases

(collectively, the "<u>Debtors</u>").  I joined ResCap as in-house litigation counsel on August 1, 2011.

2.      In my role as Chief Litigation Counsel at ResCap, I was responsible for

the management of litigation for the Debtors and am now responsible for the management of

litigation for the Liquidating Trust, including those involving pending proofs of claim filed

against the Debtors.  I also assist the ResCap Borrower Claims Trust in connection with

Borrower Claim reconciliation matters.  Accordingly, I am generally familiar with the Debtors'

litigation matters, including the Gindele Foreclosure (defined below) and the Objection.  I am

authorized to submit this second supplemental declaration (the "<u>Second</u> <u>Supplemental</u>

<u>Declaration</u>") with respect to the *Borrower Claims Trust's Supplemental Reply in Support of*

*Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* (the "Supplemental Reply").[1]

3.      Except as otherwise indicated, all facts set forth in this Second Supplemental Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Debtors', and the Liquidating Trusts professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Supplemental Reply on that basis.

4.      Upon commencement of litigation against them, it was the Debtors' regular practice to retain outside litigation counsel to represent their interests and I or another member of the in-house litigation group would communicate with and direct litigation counsel regarding the conduct of the litigation throughout the life of the case.  In reviewing the No Liability Borrower Claims, the Debtors expended considerable resources to diligently review the case notes from their internal electronic case management system and their internal files relating to the litigation, including relevant underlying documents such as the note, loan agreement and/or deed of trust (the "Litigation File").  In each case, the Debtors also supplemented the Litigation File by reaching out to the outside litigation counsel who handled the litigation to obtain a current update as to the status of the litigation, as well as copies of any relevant case dockets, complaints, answers, counterclaims, motions, responsive pleadings and any other relevant documents relating to the underlying litigation.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Supplemental Reply.

ny-1126185

5.      The Debtors have examined the Gindele Claims and the Response, and compared the claims set forth therein to the information contained in their Litigation File (as supplemented with information provided by outside counsel).

6.      Mr. and Ms. Gindele filed Claim No. 5422 and Claim No. 5431 as general unsecured claims in unliquidated amounts against Residential Funding Real Estate Holdings, LLC ("RFREH") and Residential Funding Company, LLC ("RFC"), respectively.  The Gindele Claims relate to a foreclosure complaint initiated by RFREH against certain defendants, including Mr. and Ms. Gindele, in the Court of Common Pleas, Hamilton County, Ohio (the "Ohio Court of Common Pleas"), Case No. A0905631 (the "Gindele Foreclosure").

7.      The Gindele Foreclosure relates to a promissory note (the "Gindele Note") and mortgage (the "Gindele Mortgage") executed by Mr. and Ms. Gindele on June 15, 2006 in the face amounts of $720,000.00 in favor of GreenPoint Mortgage Funding, Inc. ("Greenpoint"), with MERS as nominee.  The Gindele Note and the Gindele Mortgage encumber that certain property located at 6043 Kenwood Road, Cincinnati, Ohio 45243 (the "Property").  On April 30, 2007, MERS, as nominee for GreenPoint, executed an assignment of mortgage that assigned the Gindele Mortgage, together with the Gindele Note, to RFC and, on June 2, 2009, RFC executed an assignment of mortgage that assigned the Gindele Mortgage, together with the Gindele Note, to RFREH.  GMAC Mortgage, LLC acquired servicing rights to the Gindele Mortgage on January 4, 2010.

8.      Mr. and Ms. Gindele defaulted on the Gindele Note and, on or around August 28, 2008, entered into a loan modification agreement that increased the principal balance on the loan to $815,700.00.  In November 2008, Mr. and Ms. Gindele defaulted under the terms of the loan modification agreement.

3

9.      As a result of Mr. and Ms. Gindele's defaults, on June 9, 2009, RFREH initiated the Gindele Foreclosure.  In response to the complaint filed by RFREH, Mr. and Ms. Gindele, on December 3, 2009, filed a response asserting several defenses and counterclaims.

10.      At the time the Gindele Foreclosure was filed, the Gindele Mortgage and the Gindele Note were in the possession of RFREH.  On January 8, 2010, RFREH executed an assignment of mortgage that assigned the Gindele Mortgage, together with the Gindele Note, to Residential Funding Corp., a/k/a Residential Funding Company, LLC.  On July 6, 2010, RFC was substituted as the plaintiff in the Gindele Foreclosure in place of RFREH.

11.      On November 30, 2011 and December 15, 2011, both RFC and Mr. and Ms. Gindele, respectively, filed motions for summary judgment in the Gindele Foreclosure.

12.      On February 21, 2012, the Magistrate in the Ohio Court of Common Pleas issued an order (the "Magistrate Order") granting RFC's motion for summary judgment and denying Mr. and Ms. Gindele's motion for summary judgment.  See Magistrate Order at 1, a copy of which is attached hereto as Exhibit A.  The Magistrate Order further indicated that unless the amounts owed to RFC are paid within three (3) days from the entry of the Magistrate Order, the Property will be foreclosed and an order of sale issued to the Hamilton County Sheriff.  See id. at 3.

13.      On March 6, 2012, Mr. and Ms. Gindele filed an objection to the Magistrate Order, and on March 19, 2012, RFC filed a response to such objection.  On May 10, 2012, the Honorable Beth A. Meyers in the Ohio Court of Common Pleas entered a decision (the "Decision") finding that the Magistrate properly granted summary judgment in favor of RFC and adopting the Magistrate Order.  See Decision, a copy of which is attached hereto as Exhibit B.  On June 8, 2012, a Judgment Entry and Decree in Foreclosure (the "Foreclosure Decree") was

4

entered in the Ohio Court of Common Pleas.  See Foreclosure Decree, a copy of which is

attached hereto as Exhibit C.

14.    On June 25, 2012, Mr. and Ms. Gindele filed a notice of appeal (the

"Gindele Appeal") to the First District Court of Appeals (the "Ohio Court of Appeals").  The

Gindele Appeal includes issues pertaining to monetary damages as well as issues aimed at

dismissing the foreclosure.  The Gindele Appeal was stayed as a result of the Chapter 11 Cases.

15.    On November 21, 2012, Berkshire Hathaway purchased the Gindele loan

from RFC, which sale closed in February 2013.  After the closing of such purchase, 21st Century

Mortgage ("21st Mortgage"), the servicer for Berkshire Hathaway, became the servicer for the

Gindele Mortgage.[2]  On December 6, 2013, 21st Mortgage was substituted as the

plaintiff/appellee in place of RFC in the Gindele Appeal; however, on December l6, 2013, Mr.

and Ms. Gindele filed an objection to the substitution of 21st Mortgage for RFC.  The objection

to the substitution of 21st Mortgage has not yet been decided by the Ohio Court of Appeals.

Accordingly, as of the date of this Supplemental Reply, the Gindele Appeal remains stayed due

to the Chapter 11 Cases.

Dated:  January 27, 2014

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel to
The ResCap Liquidating Trust

---

[2] On or about December 6, 2013, RFC executed an assignment of mortgage that assigned the Gindele Mortgage,
together with all moneys owing on the Gindele Mortgage, to 21st Mortgage Corporation.

ny-1126185

## Exhibit A

**Magistrate Order**

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

RESIDENTIAL FUNDING CORP.,                    :       Case No. A 0905631

            Plaintiff,                        :       Judge Myers
                                              :       Magistrate Bachman
      v.                                      :

JAMIE L. GINDELE, et, al.,                    :

                                              :



D96495516

### MAGSITRATE'S DECISION AND DECREE IN FORECLOSURE

THIS CAUSE was submitted to the Court and heard upon the Complaint in Foreclosure ("Complaint") of plaintiff Residential Funding Corp. ("RFC"), the answer and counterclaim of defendants Jamie and Gary Gindele (the "Gindeles" or the "Defendants"), RFC's Motion for Summary Judgment, the Gindeles' Motion for Summary Judgment and Opposition to RFC's Motion for Summary Judgment, RFC's Reply in Support of Motion for Summary Judgment, and the Gindeles' Reply in Support of Motion for Summary Judgment.

The Court respectfully submits that RFC is entitled to summary judgment on its affirmative claims and upon all of the Gindeles' affirmative defenses and counterclaims. Accordingly, the Court hereby grants RFC's Motion for Summary Judgment and denies the Gindeles' Motion for Summary Judgment.

The Court further finds that all necessary parties have been served with summons and the Complaint according to law and are properly before the Court. The Court finds that Defendants Gindele Properties, LLC, Brian A. Arnold and Mortgage Electronic Registration Systems, Inc. are in default of Answer or other pleading, and thereby confesses the allegations of RFC's Complaint to be true, and as such are forever barred from asserting any right, title, or interest in and to the

1

subject premises.

The Court finds that there is due the Treasurer of Hamilton County, Ohio, taxes, accrued taxes, assessments and/or penalties on the subject premises, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable at the present time, but which amount will be ascertainable at the time of sale, which are a valid and subsisting lien on the subject premises for that amount owing.

The Court finds on the evidence adduced that there is due RFC on the Note referenced in Count One of the Complaint, the principal balance of $709,777.40; plus interest at the rate of 7.2500% per annum from October 1, 2008 to the date of sale; plus advances made for real estate taxes, insurance, court costs and other advances and charges allowed by law to date of sale; plus any future advances for taxes, insurance court costs and other advances and charges allowed by law through the date of sale.

The Court finds that in order to secure the payment of the Note, Defendants Jamie L. and Gary D. Gindele executed and delivered to RFC's predecessors in interest the mortgage deed set forth in Count Two of said Complaint, conveying the following described premises:

See attached Exhibit A.

The Court finds that the Note is secured by the Mortgage held by RFC, which mortgage constitutes a valid and first lien upon the premises.

The Court finds that said Mortgage was duly filed for record on June 30, 2006 as Instrument No. 06-0102387 of the Official Record of the Hamilton County Recorder's Office, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that the mortgage was assigned to RFC; that the terms of the Note are incorporated into the Mortgage; that the conditions of said Mortgage have been broken; the

Mortgage has become absolute and that Plaintiff RFC is entitled to have the equity of redemption of the Defendants in and to said premises foreclosed; and judgment is hereby rendered in favor of RFC on the Mortgage and RFC is entitled to recover the amount due and owing under the Note out of the proceeds of the foreclosure sale.

The Court finds that Plaintiff RFC has and may from time to time advance sums for taxes, insurance and property protection and court costs and other advances and charges allowed by law. Plaintiff RFC has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no finding as to the amounts of the advances and continues same until the confirmation of sale.

It is therefore ORDERED, ADJUDGED AND DECREED that unless the sums found due herein, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption of title holders, the Defendants, in and to said premises shall be foreclosed and that an Order of Sale shall be issued to the Hamilton County Sheriff, directing him or her to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law free and clear of the interest of all parties to this action.

It is further ORDERED that the Sheriff, upon confirmation of sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

FIRST:     To the Clerk of Courts the costs of this action, including the fees of the appraisers.

SECOND:    To the Hamilton County Treasurer, the taxes and assessments, due and payable as of the date of transfer of the property after Sheriff's Sale.

THIRD:     To Plaintiff RFC, the principal balance of $709,777.40; plus interest from October 1, 2008; plus advances made for real estate taxes, insurance, court

3

costs and other advances and charges allowed by law to date of sale; plus any future advances for taxes, insurance, court costs and other advances and charges allowed by law through the date of sale, plus costs.

FOURTH:    The balance of the sale proceeds, if any, to be paid by the Sheriff to the Clerk of this Court, pending further order of this Court.

It is further ORDERED that the Sheriff shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

The Court further finds that there is no just reason for delay in entering judgment herein.

MAGISTRATE BACHMAN

Respectfully submitted,

Joel E. Sechler (0076320)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 (Telephone)
(614)-365-9145 (Facsimile)
sechler@carpenterlipps.com

Trial Attorney for Plaintiff

096:062:273926

4

## NOTICE

A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ. R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

RESIDENTIAL FUNDING CORP.,            :      Case No. A 0905631
                                      :
            Plaintiff,                :      Judge Myers
                                      :      Magistrate Bachman
      v.                              :
                                      :
JAMIE L. GINDELE, et, al.,            :

## PRAECIPE FOR SERVICE

TO THE HAMILTON COUNTY CLERK OF COURTS

        Please serve the attached Magistrate's Decision and Decree in Foreclosure upon the
following parties by ordinary U.S. Mail, postage pre-paid:

Joel E. Sechler
CARPENTER LIPPS & LELAND LLP
280 North High Street, Suite 1300
Columbus, OH 43215

Jamie L. Gindele
Gary D. Gindele
9827 Old Chimney Court
Cincinnati, Ohio 45241

Lori N. Wight
Lerner, Sampson & Rothfuss
120 East 4th Street, 8th Floor
Cincinnati, Ohio 45202-4007

Exhibit A

Situate in Section 17, Town 4, Fractional Range 2, City of Madeira, Columbia Township, Hamilton County, Ohio and being part of Lots 11 and 12 of Minix Heights Subdivision as recorded in Plat Book 26, Page 40 of Hamilton County, Ohio Records and being more particularly described as follows:

Beginning at a set iron pin at the southwest corner of said Lot 11; thence along the west line of said Lots 11 and 12, north 04 degrees 49' 00" East, 85.37 feet to a set iron pin; thence leaving the west line of said Lot 12 along a new division line, south 85 degrees 17' 00" East, (Passing an iron pin set at 309.66 feet) 314.18 feet to a point in the easterly line of said Lot 12, said point being the right of way of Kenwood Road; thence along the easterly line of said Lots 11 and 12, south 21 degrees 18' 00" west, 89.60 feet to the southeast corner of said lot 11; thence leaving the right of way of Kenwood Road, along the south line of said Lot 11, north 85 degrees 11' 00" West, (passing an existing iron pin and cap at 4.62 feet) 288.75 feet to the place of beginning.

Thus containing 0.5296 acres of land and being subject to the right of way of Kenwood Road and all easements and restrictions of record.

Bearings used in this legal description are based on a random bearing system relative to existing record plat of Minix Heights Subdivision as recorded in Plat Book 26, Page 40 of the Hamilton County, Ohio Records.

The above described real estate is a part of the same premises described in Official Record 9546, Page 557 and Official Record 9516, Page 582 of the Hamilton County, Ohio Records. Being the result of a survey and plat dated 3-24-04 made by Stephen L. Cahill, P.L.S. of Abercrombie & Associates, Inc. Ohio Registered Surveyor Number 7862.

Being the same premises as described in Official Record Book 10149, Page 2780 of the Hamilton County, Ohio Records.

Subject to easements and restrictions of record, if any.

Parcel No. 525-25-51

10284        657

(2001938.PFD/2001938/14)

## Exhibit B

### Decision

ny-1126185



D97581577

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

COURT OF COMMON PLEAS
ENTER

HON. BETH A. MYERS
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

RESIDENTIAL FUNDING, LLC          :          Case No. A-090565-1

        Plaintiff          :          (Judge Myers)

vs.

JAMIE L. GINDELE, et al.          :          ***DECISION***

        Defendants          :

ENTERED
MAY 10 2012

This case is before the Court following a hearing on Defendant's Objection to Magistrate's Decision. The Court overrules the Objection and adopts the Magistrate's Decision.

## STANDARD

This Court must "undertake an independent review as to the objected matters to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53 (D)(4)(d). The Court "may adopt or reject a magistrate's decision in whole or in part, with or without modification," and "may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Civ.R. 53 (D)(4)(b).

## DISCUSSION

Defendant argues that Plaintiff cannot bring this foreclosure action because there is no valid assignment. He also argues that all necessary parties are not before the Court (Greenpoint). He also argues that the Counterclaims were improperly dismissed.

Plaintiff argues it has the original note, endorsed in blank. Therefore, it is entitled to foreclose. The Court agrees.

As for the Counterclaim, Plaintiff argues the clear language of the loan modification states the escrow amount would be subject to change. Therefore, the Magistrate properly granted summary judgment in favor of Plaintiff. The Court agrees.

## CONCLUSION

The Court adopts the Magistrate's decision and refers the parties to Local Rule 17 for preparation of an Entry.

Judge Beth A. Myers

Copies to:

David A. Wallace, Esq.
Jeffrey A. Lipps, Esq.
Joel E. Sechler, Esq.
280 North High Street, Suite 1300
Columbus, OH  43215

Jamie L. Gindele
Gary D. Gindele
9827 Old Chimney Ct.
Cincinnati, OH 45241

Lori N. Wight, Esq.
120 East 4th Street, 8th Floor
Cincinnati, OH  45202

## Exhibit C

**Foreclosure Decree**



FOR COURT USE ONLY

S. C.
Line #: 10

COURT OF CO...

HON. BETH A. MYERS

THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
COSTS HEREIN.

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

RESIDENTIAL FUNDING CORP.,

Plaintiff,

v.

JAMIE L. GINDELE, et, al.,

Case No. A 0905631

Judge Myers
Magistrate Bachman

D97962138

ENTERED

JUN 08 2012

**JUDGMENT ENTRY AND
DECREE IN FORECLOSURE**

The Court finds that all necessary parties have been served with summons and the

Complaint according to law and are properly before the Court. The Court finds that Defendants

Gindele Properties, LLC, Brian A. Arnold and Mortgage Electronic Registration Systems, Inc. are

in default of Answer or other pleading, and thereby confess the allegations of Plaintiff Residential

Funding Corp.'s ("RFC") Complaint to be true, and as such are forever barred from asserting any

right, title, or interest in and to the subject premises.

The Court finds that there is due the Treasurer of Hamilton County, Ohio, taxes, accrued

taxes, assessments and/or penalties on the subject premises, as shown on the County Treasurer's

tax duplicate, the exact amount being unascertainable at the present time, but which amount will

be ascertainable at the time of sale, which are a valid and subsisting lien on the subject premises

for that amount owing.

The Court finds on the evidence adduced that there is due RFC on the Note referenced in

Count One of the Complaint, the principal balance of $709,777.40; plus interest at the rate of

7.2500% per annum from October 1, 2008 to the date of sale; plus advances made for real estate

taxes, insurance, court costs and other advances and charges allowed by law to date of sale; plus

1

any future advances for taxes, insurance court costs and other advances and charges allowed by law through the date of sale.

The Court finds that in order to secure the payment of the Note, Defendants Jamie L. and Gary D. Gindele executed and delivered to RFC's predecessors in interest the mortgage deed set forth in Count Two of said Complaint, conveying the following described premises:

See attached Exhibit A.

The Court finds that the Note is secured by the Mortgage held by RFC, which mortgage constitutes a valid and first lien upon the premises.

The Court finds that said Mortgage was duly filed for record on June 30, 2006 as Instrument No. 06-0102387 of the Official Record of the Hamilton County Recorder's Office, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that the mortgage was assigned to RFC; that the terms of the Note are incorporated into the Mortgage; that the conditions of said Mortgage have been broken; the Mortgage has become absolute and that Plaintiff RFC is entitled to have the equity of redemption of the Defendants in and to said premises foreclosed; and judgment is hereby rendered in favor of RFC on the Mortgage and RFC is entitled to recover the amount due and owing under the Note out of the proceeds of the foreclosure sale.

The Court finds that Plaintiff RFC has and may from time to time advance sums for taxes, insurance and property protection and court costs and other advances and charges allowed by law. Plaintiff RFC has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no finding as to the amounts of the advances and continues same until the confirmation of sale.

It is therefore ORDERED, ADJUDGED AND DECREED that unless the sums found

2

due herein, together with the costs of this action, be fully paid within three (3) days from the date

of the entry of this decree, the equity of redemption of title holders, the Defendants, in and to

said premises shall be foreclosed and that an Order of Sale shall be issued to the Hamilton

County Sheriff, directing him or her to appraise, advertise in a paper of general circulation within

the County, and sell said premises as upon execution and according to law free and clear of the

interest of all parties to this action.

It is further ORDERED that the Sheriff, upon confirmation of sale, shall pay from the

proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of

priority:

FIRST: To the Clerk of Courts the costs of this action, including the fees of the appraisers.

SECOND: To the Hamilton County Treasurer, the taxes and assessments, due and payable as of the date of transfer of the property after Sheriff's Sale.

THIRD: To Plaintiff RFC, the principal balance of $709,777.40; plus interest from October 1, 2008; plus advances made for real estate taxes, insurance, court costs and other advances and charges allowed by law to date of sale; plus any future advances for taxes, insurance, court costs and other advances and charges allowed by law through the date of sale, plus costs.

FOURTH: The balance of the sale proceeds, if any, to be paid by the Sheriff to the Clerk of this Court, pending further order of this Court.

It is further ORDERED that the Sheriff shall send counsel for the party requesting the

Order of Sale a copy of the publication notice promptly upon its first publication.

The Court further finds that there is no just reason for delay in entering judgment herein.

ENTER

JUN 07 2012
BETH A. MYERS, JUDGE

Judge Beth A. Myers
Hamilton County Court of Common Pleas

MAGISTRATE

JUN 07 2012

HAS SEEN

3

Submitted By:

s/ Joel E. Sechler
Joel E. Sechler (0076320)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH  43215
(614) 365-4100 (Telephone)
(614) 365-9145  (Facsimile)
sechler@carpenterlipps.com

Attorney For Plaintiff

Copies To:

Jamie L. Gindele
Gary D. Gindele
9827 Old Chimney Court
Cincinnati, Ohio 45241

Lori N. Wight
Lerner, Sampson & Rothfuss
120 East 4th Street, 8th Floor
Cincinnati, Ohio 45202-4007

Joel E. Sechler
Carpenter Lipps & Leland LLP
280 N. High Street, Suite 1300
Columbus, Ohio 43215

4

Page 16 of 23

# Exhibit A

Situate in Section 17, Town 4, Fractional Range 2, City of Madeira, Columbia Township, Hamilton County, Ohio and being part of Lots 11 and 12 of Minix Heights Subdivision as recorded in Plat Book 26, Page 40 of Hamilton County, Ohio Records and being more particularly described as follows:

Beginning at a set iron pin at the southwest corner of said Lot 11; thence along the west line of said Lots 11 and 12, north 04 degrees 49' 00" East, 85.37 feet to a set iron pin; thence leaving the west line of said Lot 12 along a new division line, south 85 degrees 17' 00" East, (Passing an iron pin set at 309.66 feet) 314.18 feet to a point in the easterly line of said Lot 12, said point being the right of way of Kenwood Road; thence along the easterly line of said Lots 11 and 12, south 21 degrees 18' 00" West, 89.80 feet to the southeast corner of said lot 11; thence leaving the right of way of Kenwood Road, along the south line of said Lot 11, north 85 degrees 11' 00" West, (passing an existing iron pin and cap at 4.62 feet) 288.76 feet to the place of beginning.

Thus containing 0.5296 acres of land and being subject to the right of way of Kenwood Road and all easements and restrictions of record.

Bearings used in this legal description are based on a random bearing system relative to existing record plat of Minix Heights Subdivision as recorded in Plat Book 26, Page 40 of the Hamilton County, Ohio Records.

The above described real estate is a part of the same premises described in Official Record 9546, Page 557 and Official Record 9516, Page 582 of the Hamilton County, Ohio Records. Being the result of a survey and plat dated 3-24-04 made by Stephen L. Cahill, P.L.S. of Abercrombie & Associates, Inc, Ohio Registered Surveyor Number 7862.

Being the same premises as described in Official Record Book 10149, Page 2700 of the Hamilton County, Ohio Records.

Subject to easements and restrictions of record, if any.

Parcel No. 525-25-51

10284   657

(2001936/PFD/2001936/14)