MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| LINTON C. LAYNE;<br>NANCY K. LAYNE, | [Filed in reference to Docket No. 4655] |
| Plaintiff, | |
| v. | |
| GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC, | |
| Defendants. | |

**POST-EFFECTIVE DATE DEBTORS' REPLY IN
FURTHER SUPPORT OF THE DEBTORS' OBJECTION TO NOTICE OF
COMPLAINT TO DETERMINE SECURED STATUS AND GRANT RELEASE OF
LIEN OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C. § 506(A) AND § 1322**

ny-1127476

Residential Capital, LLC and GMAC Mortgage, LLC ("**GMAC Mortgage**"), as post-effective date debtors in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"), hereby submit this Reply in further support of their objection [Docket No. 6168] (the "**Debtors' Objection**") to the *Notice of Complaint to Determine Secured Status and Grant Release of Lien of GMAC Mortgage, LLC, Pursuant to 11 U.S.C. § 506(a) and § 1322* [Docket No. 4655] (the "**Complaint**") filed by Linton C. Layne and Nancy K. Layne (the "**Plaintiffs**")[1] and their Objection to Debtor's Objection (the "**Layne Response**") [Docket No. 6348]. In support hereof, the Debtors respectfully represent:

## ARGUMENT[2]

1. Although unclear, the Layne Response appears to contend that despite the explanation in the Debtors' Objection that neither GMAC Mortgage nor the Liquidating Trust have any interest in the Property, GMAC Mortgage has an obligation to show that (i) it does not have an interest in the Property and (ii) the Delehey Declaration was insufficient to establish an evidentiary basis that GMAC Mortgage has no interest in the Loan because (a) Ms. Delehey lacks personal knowledge regarding the assignment of the relevant Deed of Trust and related note and (b) argument by counsel, such as Ms. Delehey, does not provide a sufficient evidentiary basis to establish a fact. The Court need not decide who owns the junior lien on the Property in order to resolve the issues raised by the Complaint, since the Plaintiffs' request for relief to avoid the junior lien pursuant to Bankruptcy Code sections 506(a) and 1322, is not available in this chapter 11 case. Nonetheless, to the extent the Court determines it needs to make a finding that

---

[1] Although captioned as a "Notice of Complaint" no adversary proceeding was opened in connection with the filing of the Complaint. The Debtors requested that the Debtors' Objection be treated as a motion to dismiss to the extent that the Complaint was to be treated as initiating an adversary proceeding.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Debtors' Objection.

ny-1127476

GMAC Mortgage does not have an interest in the junior lien, the Delehey Declaration more than a sufficient provides an evidentiary basis to do so.

2. Ms. Delehey testified that she found no information in the Debtors' computer systems suggesting that the Debtors or Liquidating Trust had any interest in the Property—factual testimony of which Ms. Delehey has personal knowledge. Ms. Delehey testified in her declaration that statements contained therein were based upon, among other things, her "review of the Debtors' or Liquidating Trust's . . . books and records" (Delehey Declaration ¶3), which were regularly kept in the ordinary course of the Debtors' and Liquidating Trust's businesses. Aside from complaining that GMAC Mortgage has refused to provide them with a copy of the note and Deed of Trust, Plaintiffs have provided no evidence that calls into question the veracity of Ms. Delehey's testimony. Consequently, the Delehey Declaration provides ample support that neither the Debtors nor Liquidating Trust have any interest in the Property.

3. Plaintiffs' assertion that Ms. Delehey's statements are insufficient to establish the Debtors' and Liquidating Trust's lack of an interest in the Property because she acts as in-house counsel is also without merit. In-house counsel is competent to testify as to the business records of a company, as long as counsel understands the entities record keeping system sufficiently to explain how the records are kept. *See In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 457 (Bankr. S.D.N.Y. 2007) (determining that Senior Counsel was competent to testify as to the entity's record keeping process).

4. WHEREFORE, for the foregoing reasons, the Debtors requests that the Court enter an Order denying and/or dismissing the Complaint and granting such other relief as the Court deems proper.

New York, New York
Dated: January 28, 2014

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Post-Effective Date Debtors*