Darrell W. Clark, *Pro Hac Vice*  
STINSON LEONARD STREET LLP  
1775 Pennsylvania Ave., NW, Suite 800  
Washington, DC  20006  
Tel:  (202) 785-9100  
Fax: (202) 785-9163  
E-mail: darrell.clark@stinsonleonard.com  

Hearing Date: January 30, 2014 at 10:00 a.m.  
Objection Deadline: January 21, 2014 at 4:00 p.m.

*Attorneys for Verizon Business Network Services Inc.*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re                                                                             :        Chapter 11
:
RESIDENTIAL CAPITAL, LLC, *et al.*,[1]       :        Case No. 12-12020 (MG)
:
Debtors.                             :        Jointly Administered
----------------------------------------------------------------x

**REPLY OF VERIZON BUSINESS**  
**NETWORK SERVICES INC. IN SUPPORT OF REQUEST FOR**  
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Verizon Business Network Services Inc., on behalf of itself and its subsidiaries, parents and affiliates ("Verizon") respectfully submits this Reply in response to the Objection ("Objection") of the Liquidating Trust dated January 23, 2014 [Docket No. 6340] to the Request of Verizon Business Network Services Inc. for Allowance and Payment of Administrative Expense Claim ("Request") filed against Residential Capital, LLC, Case No. 12-12020 (MG) on January 10, 2014 [Docket No. 6253].

1.    In the Objection, the Liquidating Trust seems confused over the legal theory set forth in the Request entitling Verizon to a payment from the estate for post-petition obligations arising under the telecommunications agreement between Residential Capital, LLC ("ResCap") and Verizon (together with all amendments, supplements, purchase orders, riders, change orders

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11Petitions and First Day Pleadings.

and other documents related thereto, the "Agreement"). Admittedly, it is not a typical scenario, as it arose in the wake of the confidential letter agreement ("Cure Agreement") that resolved Verizon's cure objection and provided for the assumption of the Agreement, but did not address disputed post-petition balances under the Agreement. Had the deadline for administrative claims not arose, Verizon might still be working with the Debtors to informally resolve the matter. However, with a deadline pending, it was suggested that the parties use this method to resolve the matter.

2.      The estate's liability to pay this debt is clear. First, the Agreement provides that the Debtors are responsible. ResCap was a party to the Agreement, a contract with Verizon. The seventh amendment to the Agreement ("Seventh Amendment") was negotiated and went effective in mid-2011. That amendment covers a number of items such as renewal, calculation of certain charges and pricing. One paragraph discusses what comprises the Annual Volume Commitment under the Agreement and whether Ally Financial Inc. ("Ally")'s charges under an affiliate participation agreement would count toward that commitment. As part of that negotiation, the parties agreed as follows:

> Customer [Residential Capital, LLC] shall be secondarily liable for payment of such charges if Ally fails to make payment according to the payment terms referenced in Section 3 of the Ally Participation Agreement [Amendment Five].

Seventh Amendment, paragraph 2 (amending paragraph 5 of the Agreement). A copy of the Seventh Amendment is attached hereto as Exhibit A (Schedule A-II H to the Seventh Amendment, which is unrelated to this matter and contains confidential pricing information, is not included).[2]

---

[2]  Verizon notes that the Seventh Amendment was included in the documents provided to the Liquidating Trust. This directly conflicts with the statement in paragraph 5 of the Objection that Verizon provided "no other

2

3.      The Seventh Amendment then identifies the one Ally account for which ResCap would be secondarily liable "Y2651326." Ally failed to pay charges on this exact same account in months November 2012, December, 2012 and January, 2013.

4.      Second, the Debtors assumed the Agreement and assigned it to Ocwen Loan Servicing, LLC in a transaction that closed the following month. To make it clear exactly what it assumed, see the Debtors' list of assumed and assigned agreements filed at Docket Entry No. 924. As the list on page 87 of Docket Entry No. 924 makes absolutely certain, the Debtors expressly intended to assume (and later did assume) the Seventh Amendment, the very amendment that made ResCap liable to Verizon for Ally charges under Account No. Y2651326.

5.      Although the Liquidating Trust argues that the Debtors did not, and could not, assume and assign the related affiliate participation agreement between Ally and Verizon, the Debtors **did** assume the Seventh Amendment of the Agreement that requires them to pay all amounts due on Account No. Y2651326.

6.      The Liquidating Trustee devotes a substantial amount of time in the Objection to rejecting what the Debtors have already agreed to do: (a) remain liable for Account No. Y2651326; and (b) pay the counter-party to an assumed agreement the post-petition amounts due under the agreement.

7.      As explained in paragraph 7 of the Objection, the Cure Agreement between the parties provides that the Debtors intend to pay any valid post-petition obligations incurred under the Agreement in the ordinary course of business and subject to availability under post-petition financing agreements.

---

amendments or agreements relevant to the Motion." Verizon assumes that the Liquidating Trust did not fully reflect on the Seventh Amendment.

8. The Ocwen sale was effective in late February, 2013. The Agreement was in post-petition default because of the failure to pay the charges associated with Ally Account No. Y2651326. To date, the Debtors have failed and refused to pay the charges due.

9. Verizon need not now prove that its services benefitted the estate. The benefit to the Debtors was clear when they assumed and assigned the Agreement to Ocwen. Pursuant to the Cure Agreement, Verizon must only demonstrate, as set forth above, that the amount sought in the Request stems from valid post-petition obligations incurred under the Agreement in the ordinary course of business.

10. Verizon therefore respectfully requests that the Court overrule the Objection and grant the relief sought in the Request.

Dated: January 28, 2014              Respectfully submitted,

/s/ Darrell W. Clark
Darrell W. Clark, *Pro Hac Vice*
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel:  (202) 785-9100
Fax:  (202) 785-9163
E-mail:  darrell.clark@stinsonleonard.com

*Attorneys for Verizon Business Network Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2014, I served a copy of the foregoing Reply of Verizon Business Network Services Inc. in Support of Request for Allowance and Payment of Administrative Expense Claim via first-class mail, postage prepaid on the Residential Capital Special Service List as of January 2, 2014 ("Special Service List"). I further certify that I also served a copy of the foregoing by electronic mail on all e-mail addresses included on the Special Service List, except the U.S. Trustee for the Southern District of New York, who was served via fax.

/s/ Darrell W. Clark
Darrell W. Clark