# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: ) | | Case No.  12-12020 (MG) |
| ) | | |
| **RESIDENTIAL CAPITAL, LLC, et al.,** ) | | Chapter 11 |
| ) | | |
| Debtors.  ) | | Jointly Administered |

### CLAIMANTS' MEMORANDUM IN OPPOSITION TO BORROWER CLAIMS TRUST'S SUPPLEMENTAL REPLY IN SUPPORT OF DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS- RES JUDICATA AND WRONG DEBTOR)

### SUMMARY

Now come the Claimants, **Jamie L. Gindele and Gary D. Gindele,** acting Pro Se hereby submitting their Memorandum in Opposition to Borrower Claims Trust's Supplemental Reply and in support of their properly filed Claim No. 5422 and Claim No. 5431.

In support of this Memorandum in Opposition, the Claimants will stipulate to the facts as provided by the Borrower Claims Trust's Exhibit 1, Page 86 of 101 styled *"Greenpoint Mortgage Letter"* dated October 2, 2007 and addressed to Jamie Gindele, Claimant; Exhibit 1, Page 38 and 39 and again 88 and 89 of 101 styled *"Affidavit of Jamie L. Gindele;"* and Exhibit 2, Page 19, 20 and 21 styled *"Judgment Entry and Decree in Foreclosure."*

The Borrower Claims Trust's Supplemental Reply (*"Reply")* and its Res Judicata argument is without merit, irrelevant and moot. The Reply relies in part on the Second Supplemental declaration of Lauren Graham Delehey. (Borrower Claims Trust's, Exhibit 2, Pages 2-6 of 23).  The declaration is materially inaccurate on its face and contradicted by the Hamilton County Magistrate's Decision that the Borrower Claims Trust is asking this Court to rely upon to establish its Res Judicata argument.

### MEMORANDUM IN SUPPORT

The Borrower Claims Trust's ("BCT") Res Judicata argument is without merit, irrelevant and moot. The BCT cannot establish any set of facts or rationale that overcome the Claimant's Gindele ("Gindele") claims against the debtors in the above captioned case.

Gindele has established through uncontroverted affidavit, independent court entries, and uncontradicted third party communications, that there are material and substantive jurisdiction issues and fraudulent activities concerning the debtors actions in the matter of Residential Funding Real Estate Holdings v. Gindele, et al.  Residential Funding Real Estate Holdings was not a proper party plaintiff in the matter as established via the Gindele affidavit and the independently corroborated letter of Ms. Joan Merry of Greenpoint Mortgage. Further Judge Beth Myers "decision" and "judgment entry" do nothing to dismiss Gindele's substantive counterclaims, in fact the decision and judgment entry appear to avoid dealing with the material counterclaims at all. The decision vaguely refers to the Counterclaim (singular) when in fact there were 28 counterclaims in total.  This matter is on Appeal with the 2nd District Court of Appeals in Hamilton County. The Appeal was stayed at the request of the debtors.  Regardless, the broken chain of custody between Greenpoint and Residential Funding Real Estate Holdings precludes not only the foreclosure finality but any argument concerning res judicata.  A well articulated res judicata argument is still meritless and trumped by jurisdictional issues.  In the case at bar, even if the debtors had the standing to evoke the authority of the county court in the case of foreclosure (which they did not), the county judge did not in fact properly dismiss the Gindele's counterclaims which would give rise to the res judicata argument. The res judicata argument is irrelevant as it cannot be called upon without the proper standing of the party making the argument (the Debtors).

This matter is destined to appear before the Ohio Supreme Court, if necessary, as that body has made it clear that a party without jurisdiction cannot evoke the authority of the court. The debtor presented no evidence whatsoever that it in fact was the "holder" of the note it is attempting to foreclose upon. Given the evidence as presented by the BCT, in the form of the letter to Gindele from Greenpoint dated October 2, 2007, (See Exhibit 1, Page 36, Paragraph 2, Sentence 3) "…*We (Greenpoint) did not transfer this account nor have we had contact with Residential Funding regarding this account.*" This letter signed by Ms. Joan Merry was sent to Claimant Jamie Gindele who's uncontroverted sworn affidavit has authenticated its validity.  Since Greenpoint did not in fact transfer the account (note) to Residential Funding, it is well established that despite all the assignments back and forth between Residential Capital entities, it could not overcome the fact that none of them were proper party plaintiffs with the standing to evoke the authority of the Hamilton County Ohio Court. Coupled with the still standing counterclaims as previously discussed, and the debtors res judicata argument is clearly without merit, and moot.

To the extent that BCT relied on the declaration of Lauren Graham Delehey to restate the history of the underlying case, her entire credibility as a reliable and trustworthy affiant is brought into question. In BCT Exhibit 2, Page 4, Paragraph 8, Ms. Delehey states "Mr. and Mrs. Gindele defaulted on the Gindele Note and, on or around August 28, 2008, entered into a loan modification agreement that increased the principal balance on the loan to $815,700." In fact the principal balance of the loan was reduced to $710,000  as evidenced by the "judgment amount" and easily ascertainable with a simple review of the loan modification documents of which she allegedly had knowledge.  She further states in Paragraph 3 of her declaration that "If I were called upon to testify, I could and would testify competently to the facts set forth in the Supplemental Reply on that basis." Apparently the BCT is willing to rely upon this most erroneous of assertions, which calls into question the integrity of all of the "facts" it has set forth in its Reply.

## CONCLUSION

WHEREFORE, the Claimant's Gindele respectfully submit that Claims No. 5422 and 5431 are valid and that the compensation sought is just and that the Borrower's Trust Objections to same should be overruled by this honorable Court.

Dated: January 29, 2014                     Respectfully submitted,

*[s]Gary D. Gindele_____    Jamie L. Gindele*

**Gary D. Gindele_____    Jamie L. Gindele_**

**_____9827 Old Chimney Court __**

**_____Cincinnati, Ohio 45241_____**

**_____513-793-5044_____**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Claimant Memorandum was served via overnight mail, fax and electronically upon:

Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, New York 10104

_[s] Gary D. Gindele_ _