MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for The Post-Effective Date
Debtors, The ResCap Liquidating Trust
and The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |
-------------------------------------------------------------

**AMENDED[1] PROPOSED AGENDA FOR MATTERS SCHEDULED**
**TO BE HEARD ON JANUARY 30, 2014 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY
10004-1408

**I.        RESOLVED/WITHDRAWN MATTER(S)**

**1.**       Notice of Hearing on Motion of U.S. Bank National Association as, Indenture Trustee,
Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the
FHFA Order [Docket No. 3511]

**Related Document(s)**:

a.        Declaration of Constance Boland in Support of the Motion of U.S. Bank
National Association, as Indenture Trustee, Seeking Discovery from the
Debtor and Relief from the Stay Imposed by the FHFA Order [Docket No.
3512]

---

[1] Amended items appear in **bold**.

**b.**     Memorandum of Law in Support of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA [Docket No. 3513]

**c.**     Stipulation and Order with Respect to the Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from the Stay Imposed by the FHFA Order [Docket No. 3839]

**d.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 10, 2013 at 10:00 a.m. [Docket No. 3928]

**e.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 24, 2013 at 10:00 a.m. [Docket No. 4159]

**f.**     Amended Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 26, 2013 at 10:00 a.m. [Docket No. 4160]

**g.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to September 11, 2013 at 10:00 a.m. [Docket No. 4317]

**h.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the and Relief from Stay Imposed by the FHFA Order to October 9, 2 013 at 10:00 a.m. [Docket No. 4901]

**i.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to December 17, 2013 at 10:00 a.m. [Docket No. 5270]

**j.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to January 9, 2014 at 10:00 a.m. [Docket No. 6126]

**Response(s)**:     None.

**Status**:     The Parties are working on a stipulation to resolve this matter.  No hearing is required.

2.    Fourth Fee Application of KPMG LLP, as Tax Compliance Professionals and
Information Technology Advisors to the Debtors and Debtors in Possession, for
Interim Allowance and Compensation for Professional Services Rendered and
Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2013
through August 31, 2013 [Docket No. 5835]

**Related Document(s)**:

a.    Notice of Adjournment of Hearing on Fourth Fee Application of KPMG
LLP, as Tax Compliance Professionals and Information Technology
Advisors to the Debtors and Debtors in Possession, for Interim Allowance
and Compensation for Professional Services Rendered and Reimbursement
of Actual and Necessary Expenses Incurred from May 1, 2013 through
August 31, 2013 [Docket No. 6100]

**Response(s)**:

a.    Omnibus Objection of the United States Trustee Regarding Fee
Applications for Fourth Interim Awards of Compensation and
Reimbursement of Out-of-Pocket Expenses [Docket No. 6047]

b.    Official Committee of Unsecured Creditors' Limited Objection to Certain
Interim Fee Applications and the Final Applications of the Examiner's
Professionals [Docket No. 6050]

**Status**:    **This matter has been resolved.  No hearing is required.**

II.    **ADJOURNED MATTER(S)**

1.    Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an
Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)
[Docket No. 2401]

**Related Document(s)**:

a.    Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for
the Entry of an Order Granting Relief from the Automatic Stay Pursuant to
11 U.S.C. § 362(d) [Docket No. 2421]

b.    [Proposed] Order Granting Connecticut Housing Finance Authority
("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11
U.S.C. §§ 105 & 362(d) [Docket No. 2422]

c.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29,
2013 at 10:00 a.m. [Docket No. 2624]

d.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7, 2013 at 10:00 a.m. [Docket No. 2729]

e.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 28, 2013 at 2:00 p.m. [Docket No. 2848]

f.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 21, 2013 at 10:00 a.m. [Docket No. 3008]

g.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to April 30, 2013 at 10:00 a.m. [Docket No. 3239]

h.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to May 14, 2013 at 10:00 a.m. [Docket No. 3539]

i.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to June 12, 2013 at 10:00 a.m. [Docket No. 3682]

j.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 10, 2013 at 10:00 a.m. [Docket No. 3948]

k.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 26, 2013 at 10:00 a.m. [Docket No. 4186]

l.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to August 29, 2013 at 10:00 a.m. [Docket No. 4348]

m.  Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief

from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to September 24, 2013 at 10:00 a.m. [Docket No. 4855]

**n.**     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to October 2, 2013 at 10:00 a.m. [Docket No. 5120]

**o.**     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to November 7, 2013 at 2:00 p.m. [Docket No. 5255]

**p.**     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to December 17, 2013 at 10:00 a.m. [Docket No. 5751]

**q.**     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 30, 2014 at 10:00 a.m. [Docket No. 6087]

**r.**     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 11, 2014 at 10:00 a.m. [Docket No. 6374]

**Response(s)**:

**s.**     Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

**Status**:     The hearing on this matter has been adjourned to March 11, 2014.

**2.**     Derrius Silmon's Motion for Relief from Stay [Docket No. 3585]

**Related Document(s)**:

**a.**     Notice of Hearing on Motion for Relief from Stay [Docket No. 5084]

**b.**     Notice of Adjournment of Hearing on Derrius Silmon's Motion for Relief from Stay to November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time) [Docket No. 5223]

> **c.**    Notice of Adjournment of Hearing on Motion of Derrius Silmon for Relief from Stay to December 17, 2013 at 10:00 a.m. [Docket No. 5627]
>
> **d.**    Notice of Adjournment of Hearing on Motion of Derrius Silmon for Relief from Stay to January 9, 2014 at 10:00 a.m. [Docket No. 6051]
>
> **e.**    Notice of Adjournment of Hearing on Motion of Derrius Silmon for Relief from Stay to January 30, 2014 at 10:00 a.m. [Docket No. 6214]
>
> **f.**    Notice of Adjournment of Hearing on Motion of Derrius Silmon for Relief from Stay to February 20, 2014 at 10:00 a.m. [Docket No. 6346]

**Response(s)**:    None.

**Status**:    The hearing on this matter has been adjourned to February 20, 2014.

**3.**    Motion of Rosalind Alexander-Kasparik for Relief from Stay [Docket No. 5621]

**Related Document(s)**:

> **a.**    Notice of Adjournment of Hearing on Motion of Rosalind Alexander-Kasparik for Relief from Stay to January 9, 2014 at 10:00 a.m. [Docket No. 6105]
>
> **b.**    Notice of Adjournment of Hearing on Motion of Rosalind Alexander-Kasparik for Relief from Stay to February 6, 2014 at 10:00 a.m. [Docket No. 6357]

**Response(s)**:

> **a.**    Debtors' Objection to Motion for Relief from Stay Filed on Behalf of Rosalind Alexander-Kasparik [Docket No. 6056]

**Status**:    The hearing on this matter has been adjourned to February 6, 2014.

**4.**    Motion of Citibank, N.A. for an Order (I) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay such Interest as well as Citibank's Due and Unpaid Counsel Fees and Expenses [Docket No. 6174]

**Related Document(s)**:

> **a.**    Notice of Adjournment of Hearing on Motion of Citibank, N.A. for an Order (I) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay such Interest as well as Citibank's Due and Unpaid Counsel Fees and Expenses to March 11, 2014 at 10:00 A.M. [Docket No. 6377]

**Response(s)**:

a.      Objection of the Liquidating Trust to Motion of Citibank, N.A. for an Order (I) Determining That It Is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay Such Interest as Well as Citibank's Due and Unpaid Counsel Fees and Expenses [Docket No. 6276]

**Reply**:

a.      Reply of Citibank to Liquidating Trust's Objection to Citibank's Motion for an Order (I) Determining That it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay Such Interest as well as Citibank's Due and Unpaid Counsel Fees and Expenses [Docket No. 6352]

**Status**:    The parties have agreed to adjourn the hearing on this matter to March 11, 2014.

5.      Request of Verizon Business Network Services, Inc. for Allowance and Payment of Administrative Expense Claim [Docket No. 6253]

**Related Document(s)**:

a.      **Notice of Adjournment of Hearing on Request of Verizon Business Network Services Inc. for Allowance and Payment of Administrative Expense Claim to February 6, 2014 at 10:00 A.M. [Docket No. 6381]**

**Response(s)**:

a.      Objection of the Liquidating Trust to Request of Verizon Business Network Services Inc. for Allowance and Payment of Administrative Expense Claim [Docket No. 6340]

            (i)      Declaration of Deanna Horst in Support of Objection of The Liquidating Trust to Request of Verizon Business Network Services Inc. for Allowance and Payment of Administrative Expense Claim [Docket No. 6341]

**Reply**:

a.      Reply of Verizon Business Network Services Inc. In Support Of Request For Allowance And Payment Of Administrative Expense Claim [Docket No. 6372]

**Status**:    The parties have agreed to adjourn the hearing on this matter to February 6, 2014.

III.    **ADJOURNED ADVERSARY PROCEEDING MATTER(S)**:

***Von Brincken v. GMAC Mortgage, LLC*, Adv. Proc. No. 13-01436**

1.    Status Conference

    **Related Document(s)**:

        **a.**      Complaint [Docket No. 1]

        **b.**      Amended Summons with Notice of Pre-Trial Conference [Docket No. 3]

        **c.**      Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 4]

        **d.**      Joint Progress Report [Docket No. 7]

        **e.**      Notice of Adjournment of Status Conference to January 30, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 11]

        **f.**      Plaintiff's Motion for Leave to File Amended Adversary Complaint [Docket No. 13]

        **g.**      Order Setting Deadline for Plaintiff to File Amended Complaint and Scheduling Pre-Trial Conference [Docket No. 14]

    **Status**:    The status conference on this matter has been adjourned to March 11, 2014.

IV.    **CONTESTED MATTER(S)**:

1.    Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1357]

    **Related Document(s)**:

        **a.**      Notice of Filing Supplemental Exhibits to Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1527]

        **b.**      Notice of Adjournment of Hearing [Docket No. 1556]

c.      Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1799]

d.      Second Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers LLP, for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 2622]

e.      Third Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Compensation for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3062]

f.      Fourth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3290]

g.      Fifth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3425]

h.      Sixth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3543]

i.      Seventh Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3703]

j.        Eighth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3961]

k.        Ninth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 4195]

l.        Tenth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 4377]

m.        Eleventh Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 4780]

n.        Twelfth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 5174]

o.        Thirteenth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 5326]

p.        Fourteenth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal

Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 5774]

q.    Fifteenth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 6039]

r.    Sixteenth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 6248]

**Response(s)**:

a.    Limited Objection of Wilmington Trust, National Association to Debtors' Motion for Entry of an Order (I) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465]

b.    Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

c.    Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

d.    Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Reply**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
        (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
        Services and (II) Reaffirming Relief Granting in the GA Servicing Order
        (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
        Special Counsel, and (C) Debtors' Application to Employ and Retain
        Pepper Hamilton LLP as Special Foreclosure Review Counsel for
        Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this matter will be going forward.

2.      Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code,
        Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ
        and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for
        Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1426]

**Related Document(s)**:

a.      Notice of Adjournment of Hearing [Docket No. 1556]

b.      Interim Order Authorizing the Retention and Employment of Pepper
        Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
        Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No.
        1797]

c.      Second Interim Order Authorizing the Retention and Employment of
        Pepper Hamilton LLP as Special Foreclosure Review Counsel for
        Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
        [Docket No. 2621]

d.      Third Interim Order Authorizing the Retention and Employment of Pepper
        Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
        Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
        3061]

e.      Fourth Interim Order Authorizing the Retention and Employment of
        Pepper Hamilton LLP as Special Foreclosure Review Counsel for
        Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
        [Docket No. 3291]

f.      Fifth Interim Order Authorizing the Retention and Employment of Pepper
        Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
        Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
        3423]

g.      Sixth Interim Order Authorizing the Retention and Employment of Pepper
        Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy

Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3545]

h.      Seventh Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3705]

i.      Eighth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3959]

j.      Ninth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4196]

k.      Tenth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4378]

l.      Eleventh Interim Order Authorizing the Retention and Employment of Pepper Hamilton, LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4782]

m.      Twelfth Interim Order Authorizing the Retention and Employment of Pepper Hamilton, LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 5176]

n.      Thirteenth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 5328]

o.      Fourteenth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 5775]

p.      Fifteenth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 6037]

q.    Sixteenth Interim Order Authorizing the Retention and Employment of
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
[Docket No. 6246]

**Response(s)**:

a.    Omnibus Objection of the Official Committee of Unsecured Creditors to
(A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
and (C) Hudson Cook Retention Application [Docket No. 1493]

b.    Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I)
PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson
Cook Retention Applications and (B) Status Report Regarding the
Committee's Related Discovery Requests [Docket No. 1573]

c.    Supplemental Objection of the Official Committee of Unsecured Creditors
to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code
Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
and (C) Hudson Cook Retention Application [Docket No. 1725]

**Reply**:

a.    Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
(I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services and (II) Reaffirming Relief Granting in the GA Servicing Order
(B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
Special Counsel, and (C) Debtors' Application to Employ and Retain
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this matter will be going forward.

3.    Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule
2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook,
LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No.
1427]

**Related Document(s)**:

a.      Notice of Adjournment of Hearing [Docket No. 1556]

b.      Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 1798]

c.      Second Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 2620]

d.      Third Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3063]

e.      Fourth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3292]

f.      Fifth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3424]

g.      Sixth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3544]

h.      Seventh Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3704]

i.      Eighth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3960]

j.      Ninth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4194]

k.      Tenth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4376]

l.      Eleventh Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4779]

**m.**        Twelfth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. [Docket No. 5175]

**n.**        Thirteenth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 5327]

**o.**        Fourteenth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 5773]

**p.**        Fifteenth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 6038]

**q.**        Sixteenth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 6247]

**<u>Response(s)</u>:**

**a.**        Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

**b.**        Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

**c.**        Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Reply**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
        (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
        Services and (II) Reaffirming Relief Granting in the GA Servicing Order
        (B) Debtors' Application to Employ and Retain Hudson
        Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain
        Pepper Hamilton LLP as Special Foreclosure Review Counsel for
        Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this matter will be going forward.

4.      Debtors' Motion for Entry of an Order Approving Payment of Success Fee to Debtors'
        Chief Restructuring Officer, Lewis Kruger [Docket No. 6172]

**Related Document(s)**:    None.

**Response(s)**:

a.      Objection of the United States Trustee to Debtors' Motion for Entry of an
        Order Approving Payment of Success Fee to Debtors' Chief Restructuring
        Officer, Lewis Kruger [Docket No. 6215]

**Reply**:

a.      Debtors' Reply in Support of Debtors' Motion for Entry of an Order
        Approving Payment of Success Fee to Debtors' Chief Restructuring
        Officer, Lewis Kruger [Docket No. 6350]

**Status**:    The hearing on this matter will be going forward.

5.      Motion of Nancy K. and Linton C. Layne to Allow Complaint to Determine Secured
        Status and Grant Release of Lien of GMAC Mortgage, LLC [Docket No. 4655]

**Related Document(s)**:

a.      Notice of Applicability of the Order Approving Mandatory Supplemental
        AP Procedures for AP Actions [Docket No. 4818]

**Response(s)**:

a.      Post-Effective Date Debtors' Objection to Notice of Complaint to
        Determine Secured Status and Grant Release of Lien of GMAC Mortgage,
        LLC Pursuant to 11 U.S.C. § 506(a) and § 1322 [Docket No. 6168]

**Replies**:

a.      Objection of Nancy K. Layne to Debtors' Objection/Motion To Postpone/
        Motion to Remand To The State of Oregon [Docket No. 6348]

      **b.**      Post-Effective Date Debtors' Reply in Further Support of the Debtors' Objection to Notice of Complaint to Determine Secured Status and Grant Release of Lien and GMAC Mortgage, LLC, Pursuant to 11 U.S.C. § 506(a) and § 1322 [Docket No. 6371]

**Status**:      The hearing on this matter will be going forward.

## V.      **CLAIMS OBJECTIONS**

**1.**      Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Docket No. 4838]

**Related Document(s)**:

      **a.**      Notice of Adjournment of Hearing on Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(B) of the Bankruptcy Code and Bankruptcy Rule 3007 to November 7, 2013 at 2:00 p.m. [Docket No. 5119]

      **b.**      Notice of Adjournment of Hearing on (i) Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 and (ii) Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster and Elizabeth Foster (Claim No 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to December 11, 2013 at 10:00 a.m. [Docket No. 5643]

      **c.**      Notice of Adjournment of Hearing on (i) Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 and (ii) Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580), (II) John R. Foster and Elizabeth Foster (Claim No. 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to January 30, 2014 at 10:00 a.m. [Docket No. 6128]

      **d.**      ResCap Borrower Claims Trust's Supplement in Further Support of the Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Docket No. 6361]

e. **Motion to Adjourn Hearing Set for January 30, 2014 in Relation to the Claims of Shane Haffey (Claim Numbers 2582 and 4402), Request for Evidentiary Hearing, Request for Thirty (30) Days to File a Response to Debtors' January 27, 2014 Late Filed Supplemental Objection and Leave to File Original "Filed" September 23, 2013 Response [Docket No. 6382]**

f. **Order Denying Motion of Claimant Shane Haffey to Adjourn Hearing Set for January 30, 2014 [Docket No. 6384]**

**Response(s)**:     None.

**Status**:     The hearing on this matter will be going forward.

2.     Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Asorgi (Claim No. 2580); (II) John R. Foster and Elizabeth Foster (Claim No 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Docket No. 5163]

**Related Document(s)**:

a.     Notice of Adjournment of Hearing on (i) Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 and (ii) Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster and Elizabeth Foster (Claim No 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to December 11, 2013 at 10:00 a.m. [Docket No. 5643]

b.     Notice of Adjournment of Hearing on (i) Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 and (ii) Debtors' Objection to Proofs of Claim Filed Against Residential Capital, LLC by (I) Ruth Assorgi (Claim No. 2580), (II) John R. Foster and Elizabeth Foster (Claim No. 2582) and (III) Mark Moody and Sherrill Moody (Claim No. 2583) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to January 30, 2014 at 10:00 a.m. [Docket No. 6128]

c.     ResCap Borrower Claims Trust's Supplement in Further Support of the Debtors Objection To Proofs Of Claim Filed Against Residential Capital, LLC By (I) Ruth Asorgi (Claim No. 2580); (II) John R. Foster And Elizabeth Foster (Claim No. 2581) And (III) Mark Moody And Sherrill Moody (Claim No. 2583) Pursuant To Section 502(b) Of The Bankruptcy Code And Bankruptcy Rule 3007 [Docket No. 6359]

**Response(s)**:        None.

**Status**:        The hearing on this matter will be going forward.

**3.**        Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) [Docket No. 4119]

**Related Document(s):**

 **a.**        Declaration of Lewis Kruger in Support of the Debtors' Tenth Omnibus Claims Objection [Docket No. 4120]

 **b.**        Notice of Adjournment of Certain Matters Scheduled for August 21, 2013 Omnibus Hearing to August 29, 2013 [Docket No. 4312]

 **c.**        Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to September 11, 2013 at 10:00 a.m. [Docket No. 4726]

 **d.**        Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to September 24, 2013 at 10:00 a.m. [Docket No. 4983]

 **e.**        Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to November 7, 2013 at 2:00 p.m. [Docket No. 5135]

 **f.**        Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against Everest Companies and MetLife Companies Proofs of Claim to December 17, 2013 at 10:00 a.m. [Docket No. 5479]

 **g.**        Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against the Everest Companies to January 9, 2014 at 10:00 a.m.  [Docket No. 6057]

 **h.**        Notice of Adjournment of Hearing on Debtors' Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims) Against the Everest Companies to March 11, 2014 at 10:00 a.m. [Docket No. 6343]

**Response(s):**

a.  Everest Reinsurance (Bermuda), Ltd.'s Opposition to Tenth Omnibus Objection to Claims (Facially Defective and Time-Barred Securities Claims) (Claim No. 3480) [Docket No. 4334]

b.  Everest Reinsurance (Bermuda), Ltd.'s Opposition to Tenth Omnibus Objection to Claims (Facially Defective and Time-Barred Securities Claims) (Claim No. 3481) [Docket No. 4337]

**Status:**  The hearing on this matter, solely as it relates to the claims filed by the Everest Companies, has been adjourned to March 11, 2014.

4.  Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) [Docket No. 4735]

**Related Document(s):**

a.  Notice of Adjournment of Hearings on Debtors' Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, Twenty-Seventh Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 5143]

b.  Supplemental Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) and Setting Further Procedures for Adjudicating Claim No. 2002 of Bettie Jean Yelder [Docket No. 6001]

**Response(s):**

a.  Bette Jean Yelder's Response to Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) [Docket No. 4919]

b.  Bettie Jean Yelder's Letter Request to Review Claim for Settlement [Docket No. 5260]

**Reply:**

a.  Debtors' Omnibus Reply in Support of Debtors' Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth and Twenty-Seventh Omnibus Claim Objections (Borrower Claims with Insufficient Documentation) [Docket No. 5294]

**Status:**  This matter, solely as it relates to the claim filed by Bettie Jean Yelder, has been resolved.  No hearing is required.

5.  Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 4887]

**Related Document(s):**

a.      Notice of Adjournment of Hearing on Debtors' Thirtieth Omnibus
Objection to Claims (No Liability Borrower Claims- Books and Records)
Against Gwendell L. Philpot (Claim No. 5067) to December 17, 2013 at
10:00 a.m. (Prevailing Eastern Time) [Docket No. 5467]

b.      Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth,
Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections
to Claims with Respect to Certain Claimants [Docket No. 6107]

c.      Notice of Adjournment of Hearing on Debtors' Thirtieth, Forty-Ninth and
Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants
[Docket No. 6360]

**Response(s):**

a.      Gwendell L. Philpot's Opposition to Objection, Expungement and
Disallowance of Claim [Docket No. 5233]

**Reply**:

a.      Debtors' Second Supplemental Omnibus Reply in Support of Debtors'
Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims –
Books and Records) [Docket No. 6089]

**Status**:      The hearing on this matter, solely as it relates the claim filed by Gwendell
L. Philpot, has been adjourned to February 20, 2014.

6.      Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong
Debtors Borrower Claims) [Docket No. 5138]

**Related Document(s)**:

a.      Notice of Adjournment of Hearing on Debtors' Thirty-Sixth Omnibus
Objection to Claims (Misclassified and Wrong Debtor Borrower Claims) in
Respect of Claim No. 4927 Filed by Rhonda Deese to December 17, 2013
at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5658]

b.      Notice of Adjournment of Hearings on Debtors' Thirty-Sixth, Fiftieth and
Fifty-First Omnibus Objections to Claims Against Certain Claimants
[Docket No. 6123]

**Response(s)**:

a.      Rhonda Deese's Objection to Debtors Reclassifiying and Redesignating
Claim No. 4927 [Docket No. 5492]

**Reply**:

a.      Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims) [Docket No. 5730]

**Status**:   The hearing on this matter, solely as it relates to the claim filed by Rhonda Deese, will be going forward.

7.   Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims) [Docket No. 5152]

**Related Documents**:

a.      Notice of Adjournment of Hearing on Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims) Against ISGN Solutions, Inc. (Claim No. 5688) to December 11, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5512]

b.      Notice of Adjournment of Hearing on Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims) Against Elevenhome Limited (Claim No. 6841) and Redwood Recovery Services, LLC (Claim No. 6842) to December 11, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5644]

c.      Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

d.      Notice of Adjournment of Hearing on Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate and Allow Claims; (D) Reduce and Allow Claims; (E) Redesignate, Reduce and Allow Claims; (F) Reclassify, Reduce and Allow Claims; and (G) Redesignate Claims )) Against ISGN Solution Inc. (Claim No. 5688), Elevenhome Limited (Claim No. 6841) and Redwood Recovery Services, LLC (Claim No. 6842) [Docket No. 6358]

**Responses**:

    **a.**    Response of Redwood Recovery Services, LLC and Elevenhome Limited to the Debtors' Forty-Fourth Omnibus Objection to Claims [Docket No. 5348]

    **b.**    ISGN Solution, Inc.'s Response to Debtors' Forty-Fourth Omnibus Objection to Claims Seeking to Reduce and Allow ISGN Solution Inc.'s Proof of Claim No. 5688 [Docket No. 5431]

**Status**:    This hearing on this matter, solely as it relates to the claim filed by ISGN Solution, Inc., has been adjourned to February 6, 2014.  The hearing on this matter, solely as it relates to the claims filed by Elevenhome Limited and Redwood Recovery Services, LLC, has been adjourned to February 20, 2014.

**8.**    Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5161]

**Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) Solely as it Relates to Certain Claimants [Docket No. 5673]

    **b.**    Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

    **c.**    Notice of Adjournment of Hearing on Debtors' Forty-Ninth and Fiftieth Omnibus Claims Objections Against Certain Claimants [Docket No. 6213]

    **d.**    Notice of Adjournment of Hearing on Debtors' Thirtieth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6360]

    **e.**    **Notice of Adjournment of Hearing on Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records), Solely as it Relates to the Claim Filed by Douglas and Irene Schmidt, to February 20, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 6385]**

**Responses**:

    **a.**    Response of Virginia Mattson to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5384]

**b.**      Bonnie Bonita Rose's Reply to Objection to Claims [Docket Nos. 5449]

**c.**      Bonnie Bonita Rose's Corrected Reply to Objection to Claims [Docket Nos. 5482]

**d.**      Response of William J. Futrell to the Objection of Futrell Claim [Docket No. 5484]

**e.**      Response of Irene Schmidt to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket Nos. 5505/5552]

**f.**      Objection by James Ladd and Anne Ladd to Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket Nos. 5529/5583]

**g.**      Response of Mary R. Biancavilla to Debtors' Forty-Ninth Omnibus Objection to Claims ("No Liability Borrower Claims – Books and Records") and Request for Enlargement of Time Limitations Specified by Notice of Filing of Exhibits 2 through 21 Compromising the Plan Supplement to the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors, and Declaration of Mary R. Biancavilla Pursuant to Title 28 U.S.C. Section 1746 [Docket No. 5755]

**Reply**:

**a.**      Borrower Claims Trust's Reply In Support Of Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 6369]

**Status**:      This matter, solely as it relates to the claims filed by Bonnie Bonita Rose and Virginia Mattson, has been settled.  The hearing on this matter, solely as it relates to the claims filed by William J. Futrell, Mary R. Biancavilla, James and Anne Ladd **and Irene Schmidt**, has been adjourned to February 20, 2014.

**9.**      Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5162]

**Related Documents**:

**a.**      Notice of Adjournment of Hearing on Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) Solely as it Relates to Certain Claimants to December 11, 2013 at 10:00 a.m. [Docket No. 5735]

**b.**      Notice of Adjournment of Hearing on Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) Against Neville and Maribeth Evans (Claim Nos. 5267 and 5272) to January 9, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 5752]

**c.**      Notice of Adjournment of Hearings on Debtors' Twenty-Sixth, Thirtieth, Forty-Second, Forty-Fourth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6107]

**d.**      Notice of Adjournment of Hearings on Debtors' Thirty-Sixth, Fiftieth and Fifty-First Omnibus Objections to Claims Against Certain Claimants [Docket No. 6123]

**e.**      Notice of Adjournment of Hearing on Debtors' Forty-Ninth and Fiftieth Omnibus Claims Objections Against Certain Claimants [Docket No. 6213]

**f.**      Notice of Adjournment of Hearing on Debtors' Thirtieth, Forty-Ninth and Fiftieth Omnibus Objections to Claims with Respect to Certain Claimants [Docket No. 6360]

**<u>Responses</u>**:

**a.**      Response of Stewart Title Guaranty Company to Debtors' Fiftieth Omnibus Objections to Claims with Respect to Claim No. 1400 [Docket No. 5433]

**b.**      Response of Neville and Maribeth Evans to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5460]

**c.**      Response of Guerrino Degli Esposti to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5486]

**d.**      Response of Philip G. Wright to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) [Docket No. 5504]

**e.**      Gerald Gandrup's Objection to Debtors' Fiftieth Omnibus Objection to Claims [Docket No. 5541]

**<u>Status</u>**:      This matter, solely as it relates to the claims filed by Guerrino Degli Esposti and Philip G. Wright, has been resolved.  This matter, solely as it relates to the claim filed by Gerald Gandrup, has been withdrawn without prejudice.  The Parties are working on a stipulation to resolve the claims filed by Neville and Maribeth Evans and therefore no hearing is required.  Similarly, the Parties are working on a Stipulation to resolve the claim filed by Stewart Title Company, and that matter has been adjourned to February 20, 2014.

10.    Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records
Claims - Res Judicata and Wrong Debtor) [Docket No. 5646]

**Related Document(s)**:

a.    Notice of Adjournment of Hearings on Debtors' Thirty-Sixth, Fiftieth and
Fifty-First Omnibus Objections to Claims Against Certain Claimants
[Docket No. 6123]

**Response(s)**:

a.    Jamie L. Gindele's Response in Opposition to Debtors' Objection and
Proposed Claims to be Disallowed and Expunged, Claim Nos. 5422 and
5431 [Docket No. 6069]

b.    **Claimants' Memorandum in Opposition to Borrower Claims Trust's
Supplemental Reply in Support of Debtors' Fifty-First Omnibus
Objection to Claims (Borrower Books and Records Claims - Res
Judicata and Wrong Debtor) [Docket No. 6383]**

**Reply**:

a.    Borrower Claims Trust's Supplemental Reply in Support of Debtors' Fifty-
First Omnibus Objection to Claims (Borrower Books and Records Claims -
Res Judicata and Wrong Debtor) [Docket No. 6370]

**Status**:    The hearing on this matter, solely as it relates to the claims filed by Jamie
L. Gindele, will be going forward.

11.    Debtors' Fifty-Second Omnibus Objection to Claims (Insufficient Documentation)
[Docket No. 6074]

**Related Document(s)**:

a.    Notice of Adjournment of Hearing as to Certain Claims on (A) Debtors'
Fifty-Second Omnibus Objections to Claims (Insufficient Documentation),
and (B) Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability -
Assigned Contract Claims) [Docket No. 6210]

b.    Notice of Adjournment of Hearing on Debtors' Fifty-Second Omnibus
Objection to Claims (Insufficient Documentation) Solely as it Relates to
the Claims Filed by UBS Real Estate Securities Inc. to February 20, 2014
at 10:00 a.m. [Docket No. 6328]

**Response(s)**:    None.

**Status**:    The hearing on this matter, solely as it relates to the claims filed by UBS
Real Estate Securities Inc., has been adjourned to February 20, 2014.

12.      Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability - Assigned Contract Claims) [Docket No. 6077]

**Related Document(s)**:

a.      Notice of Adjournment of Hearing as to Certain Claims on (A) Debtors' Fifty-Second Omnibus Objections to Claims (Insufficient Documentation), and (B) Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability - Assigned Contract Claims) [Docket No. 6210]

b.      Notice of Adjournment of Hearing Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability - Assigned Contract Claims) Solely as it Relates to the Claims Filed by Hewlett-Packard Company to February 20, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 6315]

c.      Notice of Adjournment of Hearing Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability - Assigned Contract Claims) Solely as it Relates to the Claims Filed by California Federal Housing Agency to February 20, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 6321]

d.      Notice of Adjournment of Hearing on Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability - Assigned Contract Claims) Solely as it Relates to the Claims Filed by Federal Home Loan Mortgage Corporation to February 20, 2014 at 10:00 a.m. [Docket No. 6323]

**Response(s)**:

a.      Opposition of California Housing Finance Agency to Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability- Assigned Contract Claims) [Docket No. 6216]

**Status**:      The hearing on this matter, solely as it relates to the claims filed by Hewlett Packard Company, California Housing Finance Agency and Federal Home Loan Mortgage Corporation, has been adjourned to February 20, 2014.

13.      Debtors' Fifty-Seventh Omnibus Objection to Claims ((A) Redesignate, Reclassify, Reduce and Allow Claims; (B) Reclassify Claims; (C) Resdesignate and Allow Claims; and (D) Redesignate, Reduce and Allow Claims) [Docket No. 6108]

**Related Document(s)**:      None.

**Response(s)**:

a.      Response of McDowell Riga Posternock to Debtors' Fifty-Seventh Omnibus Objection [Docket No. 6221]

**Status**:     The response of McDowell Riga Posternock has been resolved.  The
hearing on this matter will be going forward.

Dated:  January 29, 2014                        /s/ Norman S. Rosenbaum
        New York, New York                    Gary S. Lee
                                                 Lorenzo Marinuzzi
                                                 Norman S. Rosenbaum
                                                 MORRISON & FOERSTER LLP
                                                 1290 Avenue of the Americas
                                                 New York, New York 10104
                                                 Telephone: (212) 468-8000
                                                 Facsimile: (212) 468-7900

                                               *Counsel for The Post-Effective Date*
                                               *Debtors, The ResCap Liquidating Trust*
                                               *and The ResCap Borrower Claims Trust*

ny-1125899