| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**MEMORANDUM OPINION AND ORDER DETERMINING THAT DEBTORS'
FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER
CLAIMS – BOOKS AND RECORDS) WITH RESPECT TO CLAIM NO. 1576 OF
MARY CRITCHLEY RAISES A CONTESTED MATTER REQUIRING AN
<u>EVIDENTIARY HEARING</u>**

*A P P E A R A N C E S :*

MORRISON & FOERSTER LLP
*Attorneys for the Debtors and Debtors in Possession*
1290 Avenue of the Americas
New York, NY 10104
By:  Gary S. Lee, Esq.
     Norman S. Rosenbaum, Esq.
     Jordan A. Wishnew, Esq.

MORGANROTH & MORGANROTH, PLLC
*Attorneys for Creditor Mary Critchley*
344 N. Old Woodward Avenue, Suite 200
Birmingham, MI 48009
By:  Mayer Morganroth, Esq.
     Jeffrey B. Morganroth, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

The *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection," ECF Doc. # 5162) seeks to disallow and expunge Claim No. 1576 (the "Critchley Claim") of Mary Critchley ("Critchley") against GMAC Mortgage, LLC ("GMACM"). The Objection is supported by the Declaration of Deanna Horst (Objection Ex. 1), the Declaration of Norman S. Rosenbaum (Objection Ex. 2), and the Declaration of Robert D. Nosek (Objection Ex. 3). Critchley, who is represented by counsel, filed a response

(the "Response," ECF Doc. # 5316). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Reply," ECF Doc. # 5736), and the Supplemental Declaration of Deanna Horst in support (Reply Ex. 3).

On November 15, 2013, the Court held a hearing on the Objection; Critchley's counsel appeared telephonically. At the hearing, the Court granted Critchley leave to file a surreply (the "Surreply," ECF Doc. # 5837) because the Debtors' Reply raised new evidence and arguments not previously raised in the Objection. The Court reserved decision on the Objection.

Based on a review of all of the pleadings filed in connection with the Critchley Claim and the Objection, the Court concludes that the Claim and the Objection raise a contested matter pursuant to FED. R. BANKR. P. 9014. As explained below, this matter involves disputed issues of fact and law that cannot be resolved on the papers alone. Unless this matter is resolved by settlement, an evidentiary hearing or motion for summary judgment will be required.

The Court will hold a case management and scheduling conference with counsel for the parties to discuss scheduling of the evidentiary hearing and any request by either party for discovery. Counsel for the parties should contact chambers within seven days from the date of this Order to schedule the conference. Counsel may appear at the conference by telephone. But any evidentiary hearing will require personal appearances in court by all counsel and any witnesses testifying other than by deposition (if permitted by the Rules).

## I. BACKGROUND

The Debtors' Fiftieth Omnibus Objection asserts that Claim No. 1576 fails to assert a basis for liability against the Debtors based on a review of the Debtors' books and records. But, based on a fair reading of the Claim, the Court concludes that it sufficiently alleges at least five

causes of action against the Debtors that cannot be resolved based on the papers submitted to the Court.

The Critchley Claim asserts a $970,917.00 general unsecured claim against GMACM relating to (1) an increase in Critchley's monthly mortgage payments from $2,093.00 per month to $3,342.00 per month beginning in December 2009, (2) her subsequent default in payments, (3) her unsuccessful attempts to obtain a loan modification, (4) the first foreclosure on her home and subsequent cancellation of the foreclosure sale, and (5) the second foreclosure on her home. The stated reason for the claim is "wrongful foreclosure, loss of income, rent paid during period deprived of home, mental suffering, credit damage." (Critchley Claim at 1.) The dispute relates to Critchley's home located in Bloomfield Hills, Michigan (the "Property"). Critchley had obtained a mortgage loan secured by the Property.

In the Surreply, Critchley clarified her claim, arguing that the Debtors committed "fraud in the inducement, wrongful foreclosure, violation of the Fair Debt Collection Practices Act[, . . .] libel," and wrongful conduct. (Surreply ¶¶ 1, 13.) The alleged "wrongful conduct" appears to relate to the denial of a loan modification, and can be read to allege either a breach of contract claim or a promissory estoppel claim.

Attached to the Critchley Claim is a "Summary of Supporting Documents"—a list containing 41 items. (Critchley Claim at 3–4.) None of the "supporting documents" is attached to the proof of claim, but Critchley argues that the documents support a claim for wrongful denial of a loan modification. Critchley claims that she has documentation of GMACM's promises to give her a loan modification (*see* Critchley Claim at 4 ("40. Correspondence from GMAC promising modification")) as well as recorded phone calls with GMACM employees to this effect (*see* Surreply at ¶¶ 2, 4). She further states that she has additional telephone

3

conversations "all recorded and [that] contain the requests and promises" for a loan modification, in addition to documents on her list of supporting documentation. (*Id.* ¶ 3.) Critchley claims she relied on GMACM's promises of a loan modification when she decided, based on alleged advice received from GMACM employees, not to make her mortgage payments for 90 days. (*See* Critchley Claim at 4 ("41. Correspondence from Mary Critchley relying on promises of GMAC and complying with requests"); Surreply ¶ 2.)

The Debtors initially objected to the Critchley Claim on the ground that, after reviewing their books and records, the Critchley Claim does not assert a valid wrongful foreclosure claim and should thus be disallowed and expunged. (*See* Objection at 64; *see also id.* ¶ 6(iv).) The Debtors' Objection did not address Critchley's claims related to wrongful denial of a loan modification.

In their Reply, the Debtors argue that they acted "appropriately and reasonably" and are not responsible for the damages asserted in the Critchley Claim or in the Response. (Reply ¶ 9.) The Debtors deny (as "entirely false") Critchley's allegation that GMACM advised her not to make payments for 90 days and promised that her loan would subsequently be modified; in support of that denial, the Debtors assert that their servicing notes do not "indicate that any GMACM employee advised Ms. Critchley to do such a thing." (*Id.* ¶ 5.) This raises a disputed issue of fact that is relevant to at least one cause of action alleged by Critchley.

The Debtors assert that they attempted to work out a loan modification with Critchley from January 2010 through April 2010, but Critchley never provided sufficient documentation to complete the workout package, despite the Debtors' many attempts to contact her both by mail and phone. (*Id.* ¶¶ 6–8.) In particular, the Debtors assert that Critchley did not provide an

4

updated 3-month profit and loss ("P&L") statement or a completed 4506-T form,[1] both necessary for the loan modification to proceed. (*Id.* ¶¶ 7–8.) The Debtors argue that they never offered Critchley a loan modification or promised her a loan modification throughout the attempted workout period, which continued until her account was denied modification on June 8, 2010, because the data she provided was outdated. (*Id.* ¶ 9.) The Debtors do not address Critchley's assertion that she has correspondence from GMACM promising her a loan modification—correspondence that Critchley claims the Debtors have in their possession. (Critchley Claim at 4.) Again, this raises a disputed issue of fact that is relevant to at least one cause of action alleged by Critchley.

During the November 15, 2013 hearing, Critchley's counsel disputed the Debtors' assertion that Critchley failed to supply the Debtors with the documentation necessary to complete her loan modification package; counsel argued that Critchley sent P&Ls to GMACM that GMACM "sat on and said they're outdated now." (Nov. 15, 2013 Tr. 101:4.) Counsel also argued that Critchley continued to call GMACM regarding the P&Ls, but she was told they were outdated. (*Id.* 101:4–8.) According to counsel, this practice continued for months. (*Id.*) Exhibit B to Critchley's Surreply lists fax confirmations and phone calls with GMACM employees as well as notes kept about the faxes. (Surreply, Ex. B.)

Critchley's counsel also argued that Critchley was told she should "send us the request for modification, you'll get it, and don't make your payments for ninety days." (Nov. 15, 2013 Tr. 101:16–18.) Critchley's counsel alleged additional statements by GMACM employees that, it was argued, fraudulently induced Critchley to believe she would get a loan modification. (*See*

---

[1]     The 4506-T form would have given the Debtors permission to pull Critchley's income tax returns that had been filed. That form was also a Home Affordable Modification Program ("HAMP") requirement. (Reply ¶ 12.)

5

*id.* 102:10–16.) The Debtors dispute the allegations, but again this raises disputed issues of fact that are relevant to at least one cause of action alleged by Critchley.

As explained below, the Proof of Claim sufficiently alleges at least five causes of action that require the Court to resolve the disputed issues of fact.

## II. DISCUSSION

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2013). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). If the objecting party satisfies that requirement, the burden then shifts back to the claimant to

produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *In re Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161 (1946)).

The Critchley Claim appears to assert at least five causes of action: (1) fraudulent inducement, (2) wrongful foreclosure, (3) Fair Debt Collection Practices Act ("FDCPA") violations, (4) slander of title ("libel"), and (5) "wrongful conduct," which, as noted before, may be related to either a breach of contract or promissory estoppel claim arising from the denial of a loan modification. The Court will discuss each of these alleged causes of action. Critchley resides in Michigan, where the Property is located. The Court will assume for purposes of this Opinion that Michigan law applies to each of the causes of action.

### A.     Fraudulent Inducement

Michigan recognizes a cause of action for fraud in the inducement when a party materially misrepresents future conduct that may reasonably be expected to be, and is, relied upon. *Samuel D. Begola Servs., Inc. v. Wild Bros.*, 534 N.W.2d 217, 219 (Mich. Ct. App. 1995) ("Fraud in the inducement occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are

7

relied upon."). To establish fraud in the inducement, a party must show that: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. *Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 733 N.W.2d 102, 105 (Mich. Ct. App. 2006).

The Critchley Claim and the materials submitted in support allege that GMACM promised her a loan modification if she did not make her mortgage payments for 90 days. Critchley claims she relied upon these statements, to her detriment. The Debtors' respond by stating that their "servicing notes" include "nothing . . . to indicate that any GMACM employee advised Ms. Critchley to do such a thing [not pay for 90 days]." (Reply ¶ 5.) At this stage, the Debtors have not countered Critchley's assertion that she has documentation of GMACM's promises and records of phone calls. Therefore, resolution of this cause of action raises disputed issues of fact.

### B. Wrongful Foreclosure

Under Michigan law, the record holder of a mortgage, as nominee for the lender, has the right to foreclose by advertisement. *Collins v. Wickersham*, 862 F. Supp. 2d 649, 655 (E.D. Mich. 2012). A wrongful foreclosure action arises when the foreclosure does not meet the statutory requirements of Mich. Comp. Laws §§ 600.3204, 600.3208, or 600.3212. Under section 600.3204(1), a valid foreclosure requires the following circumstances:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
>
> (c) The mortgage containing the power of sale has been properly recorded.
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Law § 600.3204(1).

Critchley does not dispute that she did not make all of the payments required under the terms of the loan, but she contends that she would have made the payments had she not been promised a loan modification contingent on not paying for 90 days. (Nov. 15, 2013 Tr. 102:10–16.) The Debtors contend that they complied with all of the statutory requirements of foreclosure by advertisement under Michigan law. The Court cannot determine whether a default existed until the disputed issues of fact are resolved. The Court concludes that the Debtors have not established that the loan was in default, a requirement under Michigan law.

### C.    Fair Debt Collection Practices Act

To plead an FDCPA claim, a borrower must allege that: (1) the defendant is a "debt collector" and (2) the defendant debt collector engaged in prohibited practices in an attempt to collect a debt. *See Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 U.S. Dist. LEXIS 62849, at *13–14 (D.N.J. May 2, 2013). While actions taken in denying a loan modification may, under certain instances, constitute prohibited debt collection practices, a servicer of a mortgage is generally not considered to be a debt collector under the FDCPA. *Id.* The definition of "debt collector" under the FDCPA includes a general definition followed by exceptions. Importantly, one of the exceptions from coverage of the FDCPA is any person attempting to collect "any debt

9

owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Only when the loan servicer obtains the rights to service a loan while the loan is in default may the servicer be considered a debt collector for the purposes of the FDCPA. *Slimm*, 2013 U.S. Dist. LEXIS 62849, at *17–20.

On the present record it is unclear whether the FDCPA applies to the activities of the Debtors. This issue may be resolved by further motion practice, but this portion of the Claim cannot be resolved on the present record as the Debtors have offered no evidence on this issue.

### D. Slander of Title

Slander of title claims in Michigan "have both a common [ ]law and statutory basis." *B & B Inv. Grp. v. Gitler*, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998). A plaintiff must plead and prove the same three elements for both common-law and statutory slander of title claims: "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *B&B*, 581 N.W.2d at 20; M.C.L. §§ 565.109, 565.108; M.S.A. § 26.1278. *See also GKC Michigan Theaters, Inc. v. Grand Mall*, 564 N.W.2d 117, 120 (Mich. Ct. App. 1997). Malice cannot be inferred in a slander of title claim; a plaintiff is required to show that defendant acted knowingly with the intent to cause injury to the plaintiff. *See Sullivan v. Thomas Org.*, 276 N.W.2d 522, 526 (Mich. 1979).

The Critchley Claim, fairly read, alleges slander of title. The Debtors have not responded to this specific claim. Therefore, the Objection did not shift the burden back to Critchley, and she was not required to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173–74 ("In practice, the

objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.").

### E.    Breach of Contract

The elements of a breach of contract claim are: "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting the breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 817 N.W.2d 609, 619 (Mich. Ct. App. 2012) (per curiam, on remand). Michigan's statute of frauds deems loan modifications unenforceable unless memorialized in a writing and signed with a financial institution's authorized signature:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution. . . . A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

*McCann v. U.S. Bank, N.W.*, 873 F. Supp. 2d 823, 833 (E.D. Mich. 2012) (quoting M.C.L. § 566.132(2)(b)).

Here, drawing all reasonable inferences in favor of Critchley, she *may* allege a written agreement, depending on the contents of the "Correspondence from GMAC promising modification," included on her list of supporting documents. (Critchley Claim at 4.) The breach of contract claim cannot be resolved on the present record.

### F.    Promissory Estoppel

The elements of promissory estoppel are as follows: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance in a context requiring that the promise must be enforced if injustice is to be avoided. *Novak v. Nationwide Mut. Ins.*

11

*Co.*, 599 NW2d 546, 552 (Mich. Ct. App. 1999). But as a general matter, under Michigan law, "the doctrine of promissory estoppel may not be applied to a statute of frauds case involving the sale of real estate." *Hazime v. Martin Oil of Ind., Inc.*, 792 F. Supp. 1067, 1069 (E.D. Mich.1992); *see also Tri–Mount/Preserves Bldg. Co., Inc. v. TCF Nat'l Bank*, No. 254077, 2005 WL 2445461, at *3 (Mich. Ct. App. Oct. 4, 2005) ("Plaintiffs have not cited any authority in support of their position that promissory estoppel can be applied to enforce an unwritten contract involving an interest in real property, in avoidance of the statute of frauds. . . . Further, it does not appear that Michigan law permits application of promissory estoppel in this context."); *Indus. Maxifreight Servs., LLC v. Tenneco Auto. Operating Co., Inc.*, 182 F. Supp. 2d 630, 633 (W.D. Mich. 2002) ("[T]he Court is of the firm conviction that Michigan courts would apply extra caution where the doctrine of promissory estoppel is invoked to circumvent the statute of frauds in the real estate context.").

Whether Critchley has written documents that would satisfy the statute of frauds is unclear on the present record. The Debtors can certainly obtain the documents through discovery if they do not have them. On the present record, however, the Court cannot resolve this aspect of the Critchley Claim.

### G. These Causes of Action Cannot Be Resolved on the Present Record

As discussed above, the Critchley Claim sufficiently alleges five causes of action. Resolution of the Critchley Claim raises disputed issues of fact as to some of the causes of action, and the Debtors at this stage of the proceedings have failed to come forward with sufficient evidence to shift the burden of establishing the elements of some of Critchley's causes of action claim back to Critchley. Further proceedings are required.

### III.  CONCLUSION

For the reasons explained above, the Court concludes that the Objection to Claim No. 1576 raises a contested matter. Counsel shall contact chambers within seven days of the entry of this Order to arrange a case management and scheduling conference.

**IT IS SO ORDERED.**

Dated: January 30, 2014
         New York, New York

                              /s/Martin Glenn
                              MARTIN GLENN
                         United States Bankruptcy Judge