**Presentment Date and Time: February 6, 2014 at 12:00 p.m. (ET)**
**Objection Deadline: February 5, 2014 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jonathan M. Petts

*Counsel for the Post-Effective Date Debtors*
*and the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | |
| | Chapter 11 |
| Debtors. | |
| | Jointly Administered |

**MOTION PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 FOR ENTRY OF AN ORDER FURTHER EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

Residential Capital, LLC and its affiliated post-effective date debtors in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") and the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>," and together with the Debtors, the "<u>Movants</u>") hereby submit this motion (the "<u>Motion</u>") for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), further extending the period within which the Movants may file notices of removal of Civil Actions (as defined below), and thereby further extending the time to remove to the appropriate bankruptcy court or

ny-1128172

district court civil actions and proceedings to which the Debtors or Liquidating Trust are a party (collectively, the "Civil Actions"). In further support of this Motion, the Movants respectfully represent:

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.  On December 11, 2013, after the confirmation hearing, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013 (the "Effective Date"), the Plan went effective and the Liquidating Trust was created [Docket No. 6137].

5.  The Debtors continue to be parties to thousands of pre-petition Civil Actions pending in various forums around the country. In addition, shortly before the Effective Date, Debtor Residential Funding Company, LLC ("RFC") filed Civil Actions in state and

federal courts in Minnesota and New York against various correspondent lenders that sold mortgage loans to RFC (the "Correspondent Loans"). The Civil Actions against the correspondent lenders generally seek damages for breaches of representations and warranties and indemnification for liabilities sustained by RFC, including as a result of the Debtors' settlement of claims asserted by the RMBS Trusts, to which many of the Correspondent Loans were transferred, and the Debtors' settlement of claims asserted by certain monoline insurers that guaranteed payment of principal and interest on mortgage-backed securities issued by the RMBS Trusts. Under the Plan, the Liquidating Trust will be substituted for the Debtors in these Civil Actions.

## RELIEF REQUESTED

6. Pursuant to Bankruptcy Rule 9027 and the *Order Further Extending the Debtors' Time to File Notices of Removal of Civil Actions* entered on November 20, 2013 [Docket No. 5885], the deadline to file notices of removal of the Civil Actions was extended to the later of (a) January 31, 2014, or (b) should the Court enter an order terminating the automatic stay as to a particular Civil Action, for such Civil Action, thirty days after the entry of the order terminating the automatic stay. By this Motion, the Liquidating Trust respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1 (the "Order"), pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, further extending the time within which the Debtors or the Liquidating Trust, as applicable, are permitted to file notices of removal of the Civil Actions to June 1, 2014.

## BASIS FOR RELIEF

7. Section 1452 of title 28 of the United States Code provides for the removal of civil claims or actions related to bankruptcy cases and provides, in pertinent part:

>
> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to a district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C. §§ 1452(a) and 1452(b)

8. Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) and (a)(3) provide:

> (a)(2) . . . If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief....
>
> (a)(3) . . . If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(2)-(a)(3).

9. Bankruptcy Rule 9006 permits courts to extend the period provided by Bankruptcy 9027 to remove civil claims or actions. Specifically, Bankruptcy Rule 9006(b)(1) provides:

ny-1128172                                4

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period *by* these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10. It is well established, in this circuit and others, that Bankruptcy Rule 9006 authorizes bankruptcy courts to specifically extend the removal period provided for under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 "for cause." See In re Jandous Elec. Constr. Corp., 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that the Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

11. Moreover, courts in this District have routinely granted similar requests to extend the time period for seeking removal in other large chapter 11 cases. See, e.g., In re MF Global Holdings Ltd., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. January 19, 2012, April 24, 2012, August 30, 2012) [Docket Nos. 374, 651, 810] (granting a 90-day extension upon

ny-1128172 5

debtors' initial request and subsequent requests to enlarge removal period); <u>In re Eastman Kodak Co.</u>, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. April 19, 2012, August 15, 2012, December 12, 2012) [Docket Nos. 931, 1873, 2553] (granting a 120-day extension and subsequent request to enlarge removal period); <u>In re Grubb & Ellis Co.</u>, Case No. 12-10685 (MG) (Bankr. S.D.N.Y. May 18, 2012, August 23, 2012) [Docket Nos. 1057, 1479] (granting a 102-day extension); <u>In re Saint Vincent's Catholic Medical Centers of New York</u>, No. 10-11963 (CGM) (Bankr. S.D.N.Y. May 2, 2011) [Docket No. 1590] (period extended until confirmation of chapter 11 plan(s)); <u>In re Innkeepers USA Trust</u>, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Oct. 14, 2010) [Docket No. 573] (period extended until later of (a) 268 days after petition date, or (b) 30 days after the entry of an order terminating the automatic stay with respect to the particular action sought to be removed); <u>In re Neff Corp.</u>, No. 10-12610 (SCC) (Bankr. S.D.N.Y. August 11, 2010) [Docket No. 340] (period extended until the effective date of chapter 11 plan); <u>In re Great Atl. & Pac. Tea Co.</u>, Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011, July 8, 2011) [Docket Nos. 1005, 2184 respectfully] (granting a 120-day extension upon debtors' initial request and granting subsequent request to enlarge removal period through plan confirmation). The Movants submit that the period requested herein—extending the deadline to June 1, 2014—is well within the range of extensions granted by this court in light of the circumstances of these Chapter 11 Cases.

**CAUSE EXISTS TO WARRANT EXTENSION OF THE REMOVAL PERIOD**

12.     As noted above, the Movants' time to file notices to remove any Civil Actions, and thereby remove such Civil Actions to the appropriate district court or bankruptcy court, expires in the Chapter 11 Cases on January 31, 2014, absent an order by the Court granting an extension to remove such Civil Actions. Since the Petition Date, the Debtors expended significant time and effort on a multitude of matters in these large and complex cases, including,

most recently, negotiating and obtaining confirmation of the Plan and reconciling thousands of claims filed against the Debtors' estates. Since the Effective Date, the Liquidating Trust has devoted considerable effort to effecting unit distributions under the Plan, transitioning the vast majority of the Debtors' assets and certain of the Debtors' personnel and operations to the Liquidating Trust, continuing the winddown of the Debtors' operations, and continuing the claims reconciliation process, among other responsibilities and over a compressed time period.

13. Due to the urgent need to focus on these critical activities, the Movants and their professionals have not had a sufficient opportunity to analyze the merits of the Civil Actions and the desirability of removing them to the appropriate bankruptcy court or district court. Thus, the Movants are continuing to review the Debtors' files and records and undertaking an analysis of the relevant court documents to determine whether the Movants would benefit from the removal of any of the thousands of Civil Actions pending in courts throughout the country. Further extending the period to file notices of removal will provide the Movants with adequate time to conduct this review.

14. The Movants believe that the proposed extension will enable them to properly consider, and make informed decisions concerning, the removal of the Civil Actions. If the requested extension is not granted, the Movants will not have sufficient time to fully consider the removal of the Civil Actions in light of their other pending obligations. Accordingly, the Movants submit that cause exists to grant the relief requested herein, and that such relief is appropriate and in the best interests of the Movants and their creditor constituencies.

15. The relief requested herein will not unduly prejudice any counterparties to the Civil Actions because if the Movants remove any Civil Action to federal court (including those actions in which stay relief has been granted), the affected adverse party will nevertheless

ny-1128172                                    7

retain its right to seek remand of the removed Civil Action back to state court pursuant to 28 U.S.C. § 1452(b).

## NOTICE

16. The Movants have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE the Movants respectfully request the entry of an order, substantially in the form annexed hereto as Exhibit 1, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, further extending the time within which the Movants are permitted to file notices of removal of the Civil Actions, thereby extending the time to remove such Civil Actions to the appropriate district court or bankruptcy court, to June 1, 2014.

Dated: January 30, 2014
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jonathan M. Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Post-Effective Date Debtors and the ResCap Liquidating Trust*

# EXHIBIT 1

**Proposed Order**

ny-1128172

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, et al., <br><br> Debtors. | ) <br> ) <br> ) Case No. 12-12020 (MG) <br> ) <br> ) Chapter 11 <br> ) <br> ) Jointly Administered <br> ) |

**ORDER FURTHER EXTENDING THE TIME**
**TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

Upon the motion (the "Motion")[1] of the Residential Capital, LLC and its affiliated post-effective date debtors (collectively, the "Debtors") and the ResCap Liquidating Trust (the "Liquidating Trust," and together with the Debtors, the "Movants") for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Movants may file notices of removal of civil actions, and thereby extending the period to remove to this Court or the appropriate bankruptcy court or district court, civil actions and proceedings to which the Movants are parties (collectively, the "Civil Actions"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Movants and the Debtors' creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1128172

no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted to the extent provided for herein;

ORDERED that, pursuant to Bankruptcy Rule 9006(b), the time provided by Bankruptcy Rule 9027 to file notices of removal of the Civil Actions, and thereby remove such Civil Actions to the appropriate bankruptcy court or district court, is extended to June 1, 2014;

ORDERED that the Movants are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion;

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1128172                               2