Hearing Date: February 20, 2014 at 10:00 a.m. (ET)
Objection Deadline: February 13, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP**
**LIQUIDATING TRUST'S MOTION TO FILE UNDER SEAL**
**REDACTED PORTIONS OF CERTAIN SETTLEMENT AGREEMENTS**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached ResCap Liquidating Trust's Motion to File Under Seal Redacted Portions of Certain Settlement Agreements (the "*Motion*").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **February 20, 2014 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the motion and the relief requested therein, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the

Southern District of New York (the "**Bankruptcy Court**"), shall set forth the basis for the objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served by first-class mail upon: (a) counsel for ACE, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (Attn: Wendy M. Simkulak); (b) counsel for Zurich, Bailey Cavalieri, 10 West Broad Street, Suite 2100, Columbus, OH 43215 (Attn: Thomas Geyer); (c) counsel for Chubb, Wiley Rein LLP, 1776 K Street NW, Washington, DC 20006 (Attn: David Topol); (d) Arch Insurance Company, 300 Plaza Three – 3rd Floor, Jersey City, NJ 07311 (Attn: Regan Shulman, Vice-President and Deputy General Counsel); (e) counsel for AIG, 175 Water Street, New York, NY 10038 (Attn: Mary McIvor); (f) counsel for HCC, Troutman Sanders LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (Attn: Pamela Signorello); (g) counsel for Endurance, Ropers, Majeski, Kohn & Bentley, 750 Third Avenue, 25th Floor, New York, NY 10017 (Attn: Geoffrey Heineman); (h) counsel for AXIS, BatesCarey LLP, 191 North Wacker, Suite 2400, Chicago, IL 60606 (Attn: Ommid C. Farashahi); (i) Markel Bermuda Limited, Markel House, 2 Front Street, Hamilton HM11, Bermuda (Attn: Jennifer K. Salyer, Director of Claims); (j) Allied World Assurance Co. Ltd., 27 Richmond Rd, Hamilton, Bermuda, HM 08 (Attn: Colm Singleton, Chief Claims Officer); (k) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto); (l) counsel for Ally, Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard Cieri); (m) counsel for the Creditors' Committee,

Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (n) special counsel to the Creditors' Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attn: Ronald J. Friedman); (o) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attention: Kenneth S. Ziman and Jonathan H. Hofer); and (p) all those persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002, so as to be received no later than **February 13, 2014 at 4:00 p.m. (ET)**, or such shorter time as the Bankruptcy Court may hereafter order and of which you will receive subsequent notice.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: January 30, 2014
New York, New York

Respectfully submitted,

/s/ *Norman S. Rosenbaum*
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust*

Hearing Date: February 20, 2014 at 10:00 a.m. (ET)
Objection Deadline: February 13, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S MOTION TO FILE UNDER**
**SEAL REDACTED PORTIONS OF CERTAIN SETTLEMENT AGREEMENTS**

The ResCap Liquidating Trust (the "***Liquidating Trust***"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned case, on behalf of Residential Capital, LLC and its affiliated post-effective date debtors (collectively, the "***Debtors***"), submits this motion (the "***Motion***") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "***Bankruptcy Code***") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") for leave to file under seal redacted portions of ten certain settlement agreements resolving certain insurance claims (the "***Agreements***") that the Debtors and Ally Financial Inc. (along with certain of its non-Debtor affiliates and subsidiaries, "***Ally***") executed with each of (i) ACE American Insurance Company ("***ACE***"), (ii) Zurich American Insurance Company and Steadfast Insurance Company (together with Zurich

American Insurance Company, "*Zurich*"), (iii) Federal Insurance Company ("*Chubb*"), (iv) Arch Insurance Company ("*Arch*"), (v) American International Group Inc. ("*AIG*"), (vi) HCC Global Financial Products LLC ("*HCC*"), (vii) Endurance Specialty Insurance Ltd. ("*Endurance*"), (viii) AXIS Insurance Company and AXIS Reinsurance Company (collectively, "*AXIS*"), (ix) Alterra Bermuda Limited, f/k/a Max Bermuda Limited, n/k/a Markel Bermuda Limited ("*Alterra*") and (x) Allied World Assurance Company Ltd. ("*Allied World*" and, together with ACE, Zurich, Chubb, Arch, AIG, HCC, Endurance, AXIS and Alterra, the "*Settling Insurers*"). In support of this Motion, the Debtors and the Liquidating Trust, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

2.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these chapter 11 cases.

3.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "*Creditors' Committee*").

4.      On July 3, 2013, the Debtors and Creditors' Committee filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (as may be revised, amended or modified, the "*Plan*") and related

2

disclosure statement [Docket No. 4157] (as may be revised, amended or modified, the "**Disclosure Statement**").

5. On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809]. On December 11, 2013, this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065]. The Plan became effective on December 17, 2013 (the "**Effective Date**").

6. Among other things, the Plan provides that, as part of the global settlement embodied therein, Ally will contribute $2.1 billion to the Debtors' estates, consisting of: (a) $1.95 billion in cash or cash equivalents on the Effective Date, and (b) the first $150 million received by Ally for any D&O[1] or E&O claims it pursues against its insurance carriers related to the claims released in connection with the Plan, subject to this Court's approval as part of the Plan; *provided* that Ally guarantees that the Liquidating Trust will receive $150 million on account of such insurance claims, which guarantee shall be payable without defense, objection or setoff on September 30, 2014 (the "**Insurance Contribution**").

7. Accordingly, Ally has been working with its Insurers to resolve its insurance claims and ensure payment to the Debtors' estates of the $150 million as expeditiously as possible. Ally, the Settling Insurers and the Debtors entered into the Agreements to, among other things, effectuate the Insurance Contribution and, in the interest of avoiding any further uncertainty, amicably resolve all claims and disputes relating to, or arising out of, the insurance policies issued by the Settling Insurers to Ally as specified in the Agreements.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the *ResCap Liquidating Trust's Motion for Entry of an Order Authorizing the Liquidating Trust to Enter into Certain Settlement Agreements* (the "**9019 Motion**"), filed contemporaneously herewith.

3

8. The redacted portions of the Agreements contain commercially sensitive details including, without limitation, the economic terms of the settlements with the Settling Insurers. Were such information to be publicly disclosed, it could be damaging to the Debtors and the Liquidating Trust as it may adversely affect the ability of the Debtors and Ally to enter into similar settlements with other Insurers.

## **RELIEF REQUESTED**

9. By this Motion, the Liquidating Trust requests entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the Liquidating Trust to file redacted portions of the Agreements under seal, and further ordering that, except as provided for herein, the redacted portions of the Agreements be disclosed only to: (a) the Bankruptcy Court for the Southern District of New York; (b) counsel to the Debtors and the Liquidating Trust; (c) counsel to the Creditors' Committee; (d) the United States Trustee; and (e) other parties that enter into confidentiality agreements reasonably acceptable to the Liquidating Trust; *provided*, that the Liquidating Trust shall not be required to provide access to the redacted portions of the Agreements to parties that the Liquidating Trust and/or Ally have reason to believe are seeking access in order to obtain an unfair commercial advantage in litigation or in negotiations with the Liquidating Trust and/or Ally; *provided*, *further*, that nothing in this Motion or the Order requested hereby shall be deemed to prejudice the ability of any person to file a motion with the Court requesting access to the redacted portions of the Agreements in the event the Liquidating Trust and/or Ally do not consent to provide such access.

**BASIS FOR RELIEF REQUESTED**

10. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. In addition, section 107(b) of the Bankruptcy Code authorizes the bankruptcy court to issue orders that will protect entities from potential harm caused by the disclosure of certain confidential information. Section 107(b) specifically provides that upon the "request of a party in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C.§ 107(b). Moreover, Bankruptcy Rule 9018 identifies the procedure by which a party may move for relief under section 107(b).

12. On motion or on its own initiative, with or without notice, a bankruptcy court may enter any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. Fed. R. Bankr. P. 9018. Materials requiring protection include information that, if disclosed to the public, could be used by various parties for improper purposes, including those that threaten the Debtors' creditors. Indeed, the purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

13. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See*, *e.g.*, *id.*; *In re EPIC Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for this Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y.

1996). Further, where such relief is warranted, redacting the document to remove only confidential information—rather than wholesale sealing of documents containing some confidential information—is the preferred form of protection. *See*, *e.g.*, *In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011).

14. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

15. Under the plain language of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code, the Liquidating Trust respectfully submits that the relief requested herein should be granted. The Liquidating Trust believes that cause exists to file the redacted portions of the Agreements under seal because such portions contain commercially sensitive information regarding the economic terms of the settlements with the Settling Insurers, the disclosure of which would be potentially harmful to the Debtors and the Liquidating Trust. Specifically, the Debtors, Liquidating Trust and Ally are, or will be, engaged in various discussions and negotiations with Insurers regarding additional potential settlements similar to those described in the Agreements. Public dissemination of the economic terms of the Agreements could negatively impact the negotiation of future settlement agreements with Insurers, and impair the Debtors', Liquidating Trust's and Ally's efforts to maximize value on account of outstanding insurance claims.

16. Because the Insurers, including the Settling Insurers, enter into similar settlement agreements in the ordinary course of business and keep the redacted portions of such agreements

6

confidential, the Liquidating Trust also believes that publicly filing the redacted portions of the Agreements would cause commercial injury to the Settling Insurers, and could result in other Insurers refusing to enter into similar settlement agreements with the Debtors, Liquidating Trust and Ally going forward.

17. Moreover, prior to filing the Motion, the Liquidating Trust reviewed the redacted portions of the Agreements with the advisors to the Creditors' Committee. In light of this representation of creditor interests by sophisticated advisors, the Liquidating Trust submits that the need for full public disclosure is substantially reduced. Further, at the request of the United States Trustee, Ally will file copies of the redacted portions of the Agreements upon the earlier of (i) a full resolution of all litigation and/or disputes relating to the Settlement Insurance Policies (as defined in the Plan) or (ii) the closing of the Debtors' chapter 11 cases.

18. Importantly, the Liquidating Trust is not seeking to prevent creditors or other interested persons such as the press from receiving access to the settlement agreements, provided that the Liquidating Trust and/or Ally do not have reason to believe such persons are seeking access in order to obtain an unfair commercial advantage in litigation or in negotiations with the Liquidating Trust and/or Ally. As set forth in the form of the Order attached as Exhibit A hereto, the Liquidating Trust proposes to provide copies of the redacted portions of the Agreements to parties that enter into reasonably acceptable confidentiality agreements.

## NOTICE

19. The Liquidating Trust has provided notice of this Motion to all parties on the Special and General Service Lists in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141], as well as: (a) counsel for ACE, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (Attn: Wendy M. Simkulak); (b) counsel for Zurich, Bailey Cavalieri, 10 West Broad Street, Suite 2100, Columbus, OH

43215 (Attn: Thomas Geyer); (c) counsel for Chubb, Wiley Rein LLP, 1776 K Street NW, Washington, DC 20006 (Attn: David Topol); (d) Arch Insurance Company, 300 Plaza Three – 3rd Floor, Jersey City, NJ 07311 (Attn: Regan Shulman, Vice-President and Deputy General Counsel); (e) counsel for AIG, 175 Water Street, New York, NY 10038 (Attn: Mary McIvor); (f) counsel for HCC, Troutman Sanders LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (Attn: Pamela Signorello); (g) counsel for Endurance, Ropers, Majeski, Kohn & Bentley, 750 Third Avenue, 25th Floor, New York, NY 10017 (Attn: Geoffrey Heineman); (h) counsel for AXIS, BatesCarey LLP, 191 North Wacker, Suite 2400, Chicago, IL 60606 (Attn: Ommid C. Farashahi); (i) Markel Bermuda Limited, Markel House, 2 Front Street, Hamilton HM11, Bermuda (Attn: Jennifer K. Salyer, Director of Claims); and (j) Allied World Assurance Co. Ltd., 27 Richmond Rd, Hamilton, Bermuda, HM 08 (Attn: Colm Singleton, Chief Claims Officer).  In light of the nature of the relief requested, the Liquidating Trust respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

20.    No previous Motion for the relief sought herein has been made to this or any other Court.

*[The remainder of the page is intentionally left blank]*

WHEREFORE, the Liquidating Trust requests that this Court enter an order, a form of which is attached hereto as **Exhibit A**, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: January 30, 2014
       New York, New York

                            MORRISON & FOERSTER LLP

                            By: /s/ *Norman S. Rosenbaum*
                            Gary S. Lee
                            Norman S. Rosenbaum
                            Jordan A. Wishnew
                            MORRISON & FOERSTER LLP
                            1290 Avenue of the Americas
                            New York, New York 10104
                            Telephone: (212) 468-8000
                            Facsimile: (212) 468-7900

                            *Counsel for the Post-Effective Date Debtors and*
                            *The ResCap Liquidating Trust*

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**ORDER GRANTING THE RESCAP**
**LIQUIDATING TRUST'S MOTION TO FILE UNDER**
**SEAL REDACTED PORTIONS OF CERTAIN SETTLEMENT AGREEMENTS**

Upon the Motion[1] of the ResCap Liquidating Trust, on behalf of Residential Capital, LLC and its affiliated post-Effective Date Debtors in the above captioned case, dated January 30, 2014, for an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the Liquidating Trust to file the redacted portions of the Agreements under seal, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Liquidating Trust having provided notice of the Motion to the Notice Parties, and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

  1. The Motion is GRANTED.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Liquidating Trust is authorized to file the redacted portions of the Agreements under seal.

3. Except as otherwise provided for in the Motion or herein, the redacted portions of the Agreements shall be disclosed only to: (a) the Bankruptcy Court for the Southern District of New York; (b) counsel to the Debtors and the Liquidating Trust; (c) counsel to the Creditors' Committee; (d) the United States Trustee and (e) other parties that enter into confidentiality agreements reasonably acceptable to the Liquidating Trust; *provided*, that the Liquidating Trust shall not be required to provide access to the redacted portions of the Agreements to parties that the Liquidating Trust and/or Ally have reason to believe are seeking access in order to obtain an unfair commercial advantage in litigation or in negotiations with the Liquidating Trust and/or Ally; *provided*, *further*, that nothing in this Order shall be deemed to prejudice the ability of any person to file a motion with the Court requesting access to the redacted portions of the Agreements in the event the Liquidating Trust and/or Ally do not consent to provide such access.

4. Upon the earlier of (i) a full resolution of all litigation and/or disputes relating to the Settlement Insurance Policies (as defined in the Plan) or (ii) the closing of the Debtors' chapter 11 cases, Ally shall file unredacted copies of the Agreements.

5. The notice requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

6. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7. The Liquidating Trust is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2014
        New York, New York

                                                    _____
                                                  THE HONORABLE MARTIN GLENN
                                                  UNITED STATES BANKRUPTCY JUDGE