Hearing Date: February 20, 2014 at 10:00 a.m. (ET)
Objection Deadline: February 13, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Post-Effective Date Debtors and
The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Post-Effective Date Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
LIQUIDATING TRUST TO ENTER INTO CERTAIN SETTLEMENT AGREEMENTS**

PLEASE TAKE NOTICE that a hearing on the motion of the ResCap Liquidating Trust (the "***Liquidating Trust***"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned case, on behalf of Residential Capital, LLC and its affiliated post-effective date debtors (collectively, the "***Debtors***") for entry of an order authorizing the Liquidating Trust to enter into ten certain settlement agreements (the "***Agreements***") with Ally (as defined in the Agreements) and each of (i) ACE American Insurance Company ("***ACE***"), (ii) Zurich American Insurance Company and Steadfast Insurance Company (together with Zurich American Insurance Company, "***Zurich***"), (iii) Federal Insurance Company ("***Chubb***"), (iv) Arch Insurance Company ("***Arch***"), (v) American International Group Inc. ("***AIG***"), (vi) HCC Global

Financial Products LLC ("**HCC**"), (vii) Endurance Specialty Insurance Ltd. ("*Endurance*"), (viii) AXIS Insurance Company and AXIS Reinsurance Company (collectively, "***AXIS***"), (ix) Alterra Bermuda Limited, f/k/a Max Bermuda Limited, n/k/a Markel Bermuda Limited ("*Alterra*") and (x) Allied World Assurance Company Ltd. ("***Allied World***") will be held before the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), in Room 501, One Bowling Green, New York, New York 10004-1408, on **February 20, 2014 at 10:00 a.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that responses or objections to the motion and the relief requested therein, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the basis for the objection and the specific grounds therefore and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served by first-class mail upon: (a) counsel for ACE, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (Attn: Wendy M. Simkulak); (b) counsel for Zurich, Bailey Cavalieri, 10 West Broad Street, Suite 2100, Columbus, OH 43215 (Attn: Thomas Geyer); (c) counsel for Chubb, Wiley Rein LLP, 1776 K Street NW, Washington, DC 20006 (Attn: David Topol); (d) Arch Insurance Company, 300 Plaza Three – 3rd Floor, Jersey City, NJ 07311 (Attn: Regan Shulman, Vice-President and Deputy General Counsel); (e) counsel for AIG, 175 Water Street, New York, NY 10038 (Attn: Mary McIvor); (f) counsel for HCC, Troutman Sanders LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (Attn: Pamela Signorello); (g) counsel for Endurance,

Ropers, Majeski, Kohn & Bentley, 750 Third Avenue, 25th Floor, New York, NY 10017 (Attn: Geoffrey Heineman); (h) counsel for AXIS, BatesCarey LLP, 191 North Wacker, Suite 2400, Chicago, IL 60606 (Attn: Ommid C. Farashahi); (i) Markel Bermuda Limited, Markel House, 2 Front Street, Hamilton HM11, Bermuda (Attn: Jennifer K. Salyer, Director of Claims); (j) Allied World Assurance Co. Ltd., 27 Richmond Rd, Hamilton, Bermuda, HM 08 (Attn: Colm Singleton, Chief Claims Officer); (k) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto); (l) counsel for Ally, Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard Cieri); (m) counsel for the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (n) special counsel to the Official Committee of Unsecured Creditors, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attn: Ronald J. Friedman); (o) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Kenneth S. Ziman and Jonathan H. Hofer); and (p) all those persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002, so as to be received no later than **February 13, 2014 at 4:00 p.m. (ET)**, or such shorter time as the Bankruptcy Court may hereafter order and of which you will receive subsequent notice.

| | |
|---|---|
| New York, New York<br>Dated: January 30, 2014 | /s/ *Norman S. Rosenbaum*<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:    (212) 468-8000<br>Facsimile:    (212) 468-7900<br><br>*Counsel to the Post-Effective Date Debtors and The ResCap Liquidating Trust* |

Hearing Date: February 20, 2014 at 10:00 a.m. (ET)
Objection Deadline: February 13, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Post-Effective Date Debtors. | ) | Jointly Administered |
|  | ) |  |

**THE RESCAP LIQUIDATING**
**TRUST'S MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE LIQUIDATING**
**TRUST TO ENTER INTO CERTAIN SETTLEMENT AGREEMENTS**

The ResCap Liquidating Trust (the "*Liquidating Trust*"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned case, on behalf of Residential Capital, LLC and its affiliated post-effective date debtors (collectively, the "*Debtors*") files this motion for entry of an order (the "*Order*"), substantially in the form attached hereto as **Exhibit A**, authorizing the Liquidating Trust to enter into ten certain settlement agreements (the "*Agreements*"), each attached hereto in **Exhibit B**, with Ally (as defined in the Agreements) and each of (i) ACE American Insurance Company ("*ACE*"), (ii) Zurich American Insurance Company and Steadfast Insurance Company (together with Zurich American Insurance Company, "*Zurich*"), (iii) Federal Insurance Company ("*Chubb*"), (iv) Arch Insurance

Company ("*Arch*"), (v) American International Group Inc. ("*AIG*"), (vi) HCC Global Financial Products LLC ("*HCC*"), (vii) Endurance Specialty Insurance Ltd. ("*Endurance*"), (viii) AXIS Insurance Company and AXIS Reinsurance Company (collectively, "*AXIS*"), (ix) Alterra Bermuda Limited, f/k/a Max Bermuda Limited, n/k/a Markel Bermuda Limited ("*Alterra*") and (x) Allied World Assurance Company Ltd. ("*Allied World*" and, together with ACE, Zurich, Chubb, Arch, AIG, HCC, Endurance, AXIS and Alterra, the "*Settling Insurers*"), to resolve all claims and disputes relating to, or arising out of, the Policies or the Insurance Claims, all as set forth in the Agreements. In support of this motion, the Liquidating Trust, Ally and the Settling Insurers submit the accompanying declaration of Martin Blumentritt (the "*Blumentritt Decl.*") and respectfully represent as follows:

**Jurisdiction**

1.      This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Preliminary Statement**

2.      As the Court is aware, Ally's $2.1 billion contribution to the Debtors' estates underpins the Debtors' chapter 11 plan (the "*Plan*"). As part of that contribution, Ally has committed to pay the estates the first $150 million it receives on claims it asserts against its insurance carriers relating to the Debtors. Ally has guaranteed payment of the $150 million to the estates by no later than September 30, 2014. On December 11, 2013, this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065]. The Plan became effective on December 17, 2013 (the "*Effective Date*").

2

3. Since the Court's approval of the Debtors' plan support agreement with its key creditor constituencies on June 26, 2013 (the "**PSA**"), Ally has worked with its insurers to resolve its insurance claims and ensure payment to the estates of the $150 million as expeditiously as possible. The present Agreements resolve insurance claims Ally noticed to the Settling Insurers under the Policies (as defined in the Agreements), resulting from, among other things, claims filed against the Debtors and/or Ally by various parties, including without limitation (i) certain private securities claimants, (ii) monoline insurers and (iii) other creditors in the Debtors' chapter 11 cases, including Wilmington Trust, National Association and individual borrowers whose current or former mortgage loan was originated, serviced, sold, consolidated or owned by any of the Debtors (collectively, the "*Liability Claims*").

4. Under the Agreements, Ally has agreed to pay the settlement amounts to the estates within 30 calendar days of receiving the settlement amounts from the Settling Insurers, well in advance of the September 30, 2014 deadline under the Plan. The Liquidating Trust believes that the settlement amounts are fair and reasonable in light of the terms of the Policies and the complexities involved in litigating the insurance claims, and in the best interests of the estates.

5. As set forth in more detail in the Plan, to effectuate the Insurance Payment (defined below) and a settlement of the Insurance Claims and Policies, and as part of their contribution to the global settlement embodied in the Plan, the Debtors and their representatives assigned, and relinquished rights in, the Policies to Ally and its representatives, effective as of the Effective Date. Indeed, under the Plan, this Court retained exclusive jurisdiction to hear and determine matters relating to insurance claims and settlements regarding insurance. Plan at Art. XII.F.

6.  Nonetheless, the Liquidating Trust joins the settlements, and files this motion, out of an abundance of caution, and at the request of Ally and the Settling Insurers. In the interest of efficiency, and to the extent that Ally and the Liquidating Trust enter into future settlement agreements with additional insurers, Ally will file the corresponding motions and pleadings with the Bankruptcy Court.

## Background

### A.     The Insurance Dispute

7.  Ally has historically obtained directors and officers ("*D&O*") and errors and omissions ("*E&O*") liability policies on an annual basis that provide coverage to certain of its affiliates, including the Debtors, Ally and other individual and corporate non-Debtors (collectively, the "*Insureds*"). The Insureds are entitled to use insurance proceeds to satisfy defense costs, settlements and judgments for claims covered by the respective insurance policies. The shared insurance proceeds are typically paid on a first-billed, first-paid basis after the retention is exhausted, such that payments on behalf of Ally or other non-Debtors would deplete the proceeds available to the Debtors under such policies. Blumentritt Decl. ¶ 6.

8.  As a result of the costs, fees and expenses associated with the Liability Claims, Ally and the Debtors filed a number of claims (the "*Insurance Claims*") with their D&O and E&O insurance carriers (the "*Insurers*") for coverage under the applicable policies. Upon Ally's filing of the Insurance Claims, most of the Insurers either denied Ally's request or limited the amount of Ally's recovery. After a series of negotiations between Ally and each of the Settling Insurers, the parties agreed to settle the Insurance Claims in accordance with the terms of the Agreements, and the Debtors agreed to join the settlements. *Id*. at ¶ 8.

4

**B.      Plan-Related Insurance Provisions**

9.      As one component of the global settlement, and in exchange for the third-party releases of Ally included in the Plan, the Plan requires Ally to contribute: (a) the first $150 million received by Ally for any D&O or E&O claims it pursues against its insurance carriers related to the claims released in connection with the Plan, subject to Bankruptcy Court approval as part of the Plan; *provided* that Ally guarantees that the Liquidating Trust will receive $150 million on account of such insurance claims, which guarantee shall be payable without defense, objection or setoff on September 30, 2014 (the "*Insurance Payment*"); and (b) $1.950 billion in cash on the Effective Date (together with the Insurance Payment, the "*Ally Contribution*"). Plan at Art. I.A.19.

10.     In connection with the Insurance Payment, the Debtors agreed in the Plan to: (i) permit Ally exclusively to recover under all D&O and E&O insurance policies with policy periods between November 2006 and the Effective Date, which provide coverage to Ally or its representatives as well as to the Debtors and/or their representatives (the "*Assigned Policies*"), (ii) relinquish in favor of Ally and its representatives all coverage that might otherwise belong to the Debtors under the Assigned Policies and (iii) cooperate fully with Ally to help maximize Ally's recovery under the Assigned Policies with respect to claims against the Debtors or their representatives. Plan at Art. IV.B.

**C.      Summary of the Agreements**

11.     The Agreements provide for the following key terms[1]:

---

[1] The summary of the Agreements provided herein is for convenience purposes only. To the extent of any inconsistency between the Agreements, the Motion and the Order, the terms of the Agreements shall govern. To the extent not defined herein, defined terms shall have the meanings attributed to them in the Agreements, including the term "Policies."

5

- **Effectiveness:** Each Agreement will be effective upon the date on which the Order is entered by the Bankruptcy Court; *provided*, *however*, that if the Order is (i) not entered by the Bankruptcy Court on or before March 31, 2014, then each of the Agreements will be repudiated, terminated, void, without force and effect and non-binding; or (ii) appealed by any individual, entity or other party within fourteen (14) calendar days after the Bankruptcy Court's entry of the Order, then within seven (7) calendar days after the filing of any such appeal, the Settling Insurer whose Agreement is being appealed or Ally may repudiate such Agreement by providing written notice to the other parties of such repudiation, upon which the applicable Agreement shall be without force and effect and non-binding upon any party.

- **Settlement Amount**: The Settling Insurers must pay their respective settlement amounts to Ally within twenty-eight (28) calendar days of the respective Agreement becoming effective. The Settling Insurers, Ally and the Debtors each represent and warrant that payment of such amount will render all limits of liability per Loss (as defined in the Policies) and occurrence, as well as aggregate limits of liability for each and every one of the Policies, fully paid and deemed exhausted.

- **Mutual Releases**: Upon Ally's receipt of the Settlement Amounts, (i) Ally and the Settling Insurers will release, acquit and forever discharge each other under any of the Policies and/or Insurance Claims; and (ii) the Debtors and the Settling Insurers will release, acquit and forever discharge each other under any of the Policies; *provided, however*, that no release is being provided for the Insurance Claims under any "Side A-only" policy of insurance, "Excess A side-only" policy of insurance, "Side-A DIC/difference in conditions" policy of insurance, or for any claims arising out of or relating to Ally's auto finance activities, including any claims relating to the purchase of retail installment sales contracts by Ally, under any insurance policy other than the Policies.

- **Limited Indemnification**: If a claim is made against a Settling Insurer by an Insured under one of the Policies on or before September 30, 2014, Ally will indemnify such Settling Insurer for amounts the Settling Insurer incurs in connection with such claim up to an undisclosed cap, and if such amounts exceed the undisclosed cap, Ally will fund a limited indemnification pool, which will be reduced on a dollar-for-dollar basis to the extent of Ally's indemnification of any claim under Section 8 of the Agreements, or under any similar indemnification provision in a claim settlement agreement with any of Ally's other insurers. Ally will have full discretion with regard to which insurers participate in the limited indemnification pool, as well as all distributions made thereunder. Ally will have no additional indemnification obligations besides those set forth in the Agreements. For instance, there is no indemnification available to the Settling Insurers for a claim made by another insurance company.

- **Jurisdiction**: This Court will have exclusive and continuing jurisdiction of all matters arising out of or in connection with the interpretation and performance of the Agreements.

**Relief Requested**

12.    The Liquidating Trust seeks entry of the Order approving the settlements as set forth in the Agreements under Bankruptcy Rule 9019.

**Analysis**

13.    Bankruptcy Rule 9019 authorizes bankruptcy courts to approve a compromise or settlement if it is in the best interests of the debtor's estate. *See Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). The decision to accept or reject a compromise or settlement is within the bankruptcy court's sound discretion. *Nellis v. Shugrue*, 165 B.R. 115, 121-22 (S.D.N.Y. 1994); *Drexel Burnham Lambert Grp.*, 134 B.R. at 505; *see also In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements"); *Shugrue*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

14.    In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and equitable. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Shugrue*, 165 B.R. at 122. That requires the bankruptcy court to "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The court does not need to conduct a "mini-trial" of the facts and merits underlying the dispute; it only needs to be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment about the settlement. *See In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). The court may consider the opinions of the debtor in possession and its counsel that the settlement is fair and

7

reasonable. *Id.*; *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522-23 (S.D.N.Y. 1993).

15.  To evaluate whether a settlement is fair and equitable, courts in the Second Circuit consider factors including:

- the balance between any litigation's possibility of success and the settlement's future benefits;
- the likelihood of complex and protracted litigation, with its attendant expense, inconvenience and delay;
- the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
- whether other parties in interest support the settlement;
- the competency and experience of counsel supporting the settlement; and
- the extent to which the settlement is the product of arm's length bargaining.

*See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *see also In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 428 (S.D.N.Y. 1993).

16.  The Liquidating Trust has determined, exercising its sound business judgment, that the Agreements are fair, equitable and reasonable. The settlements were achieved after extensive, good faith and arm's length negotiations with each party represented by expert counsel. Moreover, the settlements embodied in the Agreements eliminate protracted and costly litigation with the Settling Insurers regarding the Insurance Claims, which would necessarily involve the Liquidating Trust. Moreover, to the extent necessary, the settlements will secure the payment of Ally's committed $150 million of insurance proceeds long in advance of the outside

8

date for such payment under the Plan.[2] Such expedited payment will inure to the benefit of the Debtors' creditors.

17.  Accordingly, because the proposed settlements satisfy the Second Circuit's standard for approving a compromise, the Liquidating Trust respectfully requests that the Court enter the Order approving the Agreements under Bankruptcy Rule 9019.

## Notice

18.  The Liquidating Trust has provided notice of this Motion to all parties on the Special and General Service Lists in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141], as well as:  (a) counsel for ACE, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (Attn: Wendy M. Simkulak); (b) counsel for Zurich, Bailey Cavalieri, 10 West Broad Street, Suite 2100, Columbus, OH 43215 (Attn: Thomas Geyer); (c) counsel for Chubb, Wiley Rein LLP, 1776 K Street NW, Washington, DC 20006 (Attn: David Topol); (d) Arch Insurance Company, 300 Plaza Three – 3rd Floor, Jersey City, NJ 07311 (Attn: Regan Shulman, Vice-President and Deputy General Counsel); (e) counsel for AIG, 175 Water Street, New York, NY 10038 (Attn: Mary McIvor); (f) counsel for HCC, Troutman Sanders LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (Attn: Pamela Signorello); (g) counsel for Endurance, Ropers, Majeski, Kohn & Bentley, 750 Third Avenue, 25th Floor, New York, NY 10017 (Attn: Geoffrey Heineman); (h) counsel for AXIS, BatesCarey LLP, 191 North Wacker, Suite 2400, Chicago, IL 60606 (Attn: Ommid C. Farashahi); (i) Markel Bermuda Limited, Markel House, 2 Front Street,

---

[2] Ally's commitment to pay the Debtors the settlement amounts within 30 calendar days of receiving payment from the Settling Insurers is subject to (i) the Debtors being current on all obligations under section IV(B)(e) of the Plan and (ii) the Insurance Contribution not already being satisfied in full.

Hamilton HM11, Bermuda (Attn: Jennifer K. Salyer, Director of Claims); and (j) Allied World Assurance Co. Ltd., 27 Richmond Rd, Hamilton, Bermuda, HM 08 (Attn: Colm Singleton, Chief Claims Officer).  In light of the nature of the relief requested, the Liquidating Trust respectfully submits that no further notice is necessary.

## No Prior Request

19. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Liquidating Trust respectfully requests entry of the Order authorizing the Liquidating Trust to enter into and perform the Agreements.

| | |
|---|---|
| New York, New York<br>Dated: January 30, 2014 | /s/ *Norman S. Rosenbaum*<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:    (212) 468-8000<br>Facsimile:    (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors*<br>*and The ResCap Liquidating Trust* |