UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION WITH RESPECT TO CLAIM NO. 4927 OF RHONDA DEESE**

Upon the thirty-sixth omnibus claims objection, dated September 20, 2013 [Docket No. 5138] (the "Thirty-Sixth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), reclassifying and redesignating the Misclassified and Wrong Debtor Borrower Claims, all as more fully described in the Thirty-Sixth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Thirty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirty-Sixth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-Sixth Omnibus Claims Objection having been provided, and it appearing that no other or further notice

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Sixth Omnibus Claims Objection.

need be provided; and upon consideration of the Thirty-Sixth Omnibus Claims Objection and the Declaration of Deanna Horst annexed thereto as *Exhibit 1*, the response filed by Rhonda Deese [Docket No. 5492] (the "Response") relating to Claim No. 4927 (the "Deese Claim"), and the *Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* [Docket No. 5730] and the Supplemental Declaration of Deanna Horst annexed thereto as *Exhibit 3*; and the Court having found and determined that the relief sought in the Thirty-Sixth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Thirty-Sixth Omnibus Claims Objection establish just cause for the relief granted herein; and this Court having determined that the Thirty-Sixth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Thirty-Sixth Omnibus Claims Objection is granted to the extent provided herein and the Response is overruled; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Deese Claim is hereby reclassified and redesignated as a general unsecured non-priority claim against Debtor GMAC Mortgage, LLC; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent, is authorized and directed to reflect this treatment of the Deese Claim on the Debtors' claims register; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of the Deese Claim; all rights to object to the Deese Claim on any basis are expressly reserved; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-Sixth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Deese Claim; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  February 3, 2014
       New York, New York

                                                             /s/Martin Glenn
                                                         MARTIN GLENN
                                         United States Bankruptcy Judge