**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

### ORDER (I) SUSTAINING DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIM NOS. 5422 AND 5431 OF JAMIE L. AND GARY GINDELE AND (II) LIFTING THE AUTOMATIC STAY

Upon the fifty-first omnibus objection to claims, dated November 8, 2013 [Docket No. 5646] (the "Fifty-First Omnibus Claims Objection")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging, *inter alia*, proofs of claim numbers 5422 and 5431 (together, the "Gindele Claims"), filed by Jamie L. and Gary Gindele ("Mr. and Ms. Gindele"), on the basis that such claims are invalid under principles of res judicata, all as more fully described in the Fifty-First Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-First Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-First Omnibus Claims Objection.

due and proper notice of the Fifty-First Omnibus Claims Objection having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the Fifty-

First Omnibus Claims Objection and the Declaration of Lauren Graham Delehey, the Declaration

of Norman S. Rosenbaum and the Declaration of Robert D. Nosek, annexed to the Fifty-First

Omnibus Claims Objection as Exhibits 1–3, respectively, the response filed by Mr. and Ms.

Gindele (the "Response") [Docket No. 6069], the *Borrowers Claims Trust's Supplemental Reply*

*in Support of Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records*

*claims – Res Judicata and Wrong Debtor)* [Docket No. 6370], and the sur-reply filed by Mr. and

Ms. Gindele [Docket No. 6383]; and the Response having been overruled; and the Court having

found and determined that the relief sought in the Fifty-First Omnibus Claims Objection is in the

best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal

and factual bases set forth in the Fifty-First Omnibus Claims Objection establish just cause for

the relief granted herein; and the Court having determined that the Fifty-First Omnibus Claims

Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and

after due deliberation and sufficient cause appearing therefor; and for the reasons set forth on the

record during the omnibus hearing on January 30, 2014, it is

ORDERED that the relief requested in the Fifty-First Omnibus Claims Objection is

granted with respect to the Gindele Claims to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Gindele Claims

are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing

agent, is directed to disallow and expunge the Gindele Claims so that such claims are no longer

maintained on the Debtors' claims register; and it is further

2

ORDERED that the automatic stay, under section 362 of the Bankruptcy Code, is modified to permit Mr. and Ms. Gindele's appeal to the Court of Appeals for the First Appellate District of Ohio to proceed through resolution (the "Gindele Appeal"); and it is further

ORDERED that, should the Gindele Appeal be successful, Mr. and Ms. Gindele may move this Court for the Gindele Claims to be reinstated under section 502(j) of the Bankruptcy Code; and it is further

ORDERED that the Borrowers Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-First Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Gindele Claims, as if such claims had been individually objected to; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:  February 3, 2014
        New York, New York

                                        _____/s/Martin Glenn_____
                                        MARTIN GLENN
                                        United States Bankruptcy Judge


3