**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) | Chapter 11 |
| ) |  |
| Post-Effective Date Debtors. ) | Jointly Administered |
| ) |  |

**FINAL ORDER UNDER BANKRUPTCY CODE SECTION 363 AND BANKRUPTCY RULE 6004 (I) AUTHORIZING THE DEBTORS TO COMPENSATE PRICEWATERHOUSECOOPERS, LLP FOR FORCLOSURE REVIEW SERVICES IN FURTHERANCE OF THE DEBTORS' COMPLIANCE OBLIGATIONS UNDER FEDERAL RESERVE BOARD CONSENT ORDER AND (II) REAFFIRMING RELIEF GRANTED IN THE GA SERVICING ORDER**

Upon consideration of the motion (the "**Motion**")[1] of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**" and each, a "**Debtor**") for an order (i) authorizing the Debtors to compensate PricewaterhouseCoopers LLP ("**PwC**") for services rendered in connection with the FRB Foreclosure Review and (ii) reaffirming relief granted in the GA Servicing Order; and upon the Whitlinger Affidavit, the English Affidavit, the Bocresion Declaration, and the Pensabene Declaration; and upon the Limited Objection of Wilmington Trust, National Association ("**Wilmington Trust**") to Debtors' Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465] (the "**Wilmington Objection**"), the Omnibus Objection of the Official Committee of Unsecured Creditors to (a) the Debtors Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b)

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

Pepper Hamilton Retention Application, and (c) Hudson Cook Retention Application [Docket No. 1493] (the "**Committee Objection**"), Ally Financial Inc.'s (a) Position Statement Regarding the Debtors' (i) PricewaterhouseCoopers Motion and (ii) Pepper Hamilton and Hudson Cook Retention Applications and (b) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573], and the Supplemental Objection of the Official Committee of Unsecured Creditors to (a) the Debtors Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Pepper Hamilton Retention Application, and (c) Hudson Cook Retention Application [Docket No. 1725] (the "**Supplemental Committee Objection**," collectively with the Wilmington Objection, Committee Objection and the Supplemental Committee Objection, the "**Objections**"); and upon the Debtors' Statement in Further Support of (a) Debtors' Motion for an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (c) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket 1749]; and upon the Order Granting Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4365] (the "**Amendment Order**");[2] and upon the cessation of the Foreclosure Review; and upon confirmation of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of*

---

[2] On July 12, 2013, the Debtors filed the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 3636(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4228] (the "**Amendment Motion**").

2

*Unsecured Creditors* (the "**Plan**");[3] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the Objections are deemed withdrawn; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest;  and the Court having approved the Motion on an interim basis through and including January 30, 2014,[4] and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[3]    On December 11, 2013, the Court entered an order confirming the Plan [Docket No. 6065] (the "**Confirmation Order**"). On December 17, 2013, the Effective Date (as defined in the Plan) occurred and the Plan was substantially consummated.

[4]    On October 11, 2012, the Court entered an order approving the Motion on an interim basis through and including January 14, 2013 [Docket No. 1799]. On January 14, 2013, the Court entered an order approving the Motion on a further interim basis through and including February 28, 2013 [Docket No. 2622]. On February 28, 2013, the Court entered an order approving the Motion on a further interim basis through and including March 21, 2013 [Docket No. 3062]. On March 21, 2013, the Court entered an order approving the Motion on a further interim basis through and including April 11, 2013 [Docket No. 3290]. On April 12, 2013, the Court entered an order approving the motion on a further interim basis through and including April 30, 2013 [Docket No. 3425]. On April 29, 2013, the Court entered an order approving the Motion on a further interim basis through and including May 14, 2013 [Docket No. 3543]. On May 14, 2013, the Court entered an order approving the Motion on a further interim basis through and including June 12, 2013 [Docket No. 3703]. On June 12, 2013, the Court entered an order approving the Motion on a further interim basis through and including July 10, 2013 [Docket No. 3961]. On July 10, 2013, the Court entered an order approving the Motion on a further interim basis through and including July 26, 2013 [Docket No. 4195]. On July 26, 2013, the Court entered an order approving the Motion on a further interim basis through and including August 21, 2013 [Docket No. 4377]. On August 21, 2013, the Court entered an order approving the Motion on a further interim basis through and including September 24, 2013 [Docket No. 4780]. On September 23, 2013, the Court entered an order approving the Motion on a further interim basis through and including October 9, 2013 [Docket No. 5174]. On October 10, 2013, the Court entered an order approving the Motion on a further interim basis through and including November 7, 2013 [Docket No. 5326]. The omnibus hearing scheduled for November 7, 2013 was adjourned to November 15, 2013 [Docket No. 5465]. On November 15, 2013, the Court entered an order approving the Motion on a further interim basis through and including December 10, 2013 [Docket No. 5774]. On December 9, 2013, the Court entered an order approving the Motion on a further interim basis through and including January 9, 2014 [Docket No. 6039]. On January 9, 2014, the Court entered an order approving the Motion on a further interim basis through and including January 30, 2014 [Docket No. 6248].

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis to the extent set forth below.

2. The Debtors, and any successor in interest established under the Plan, are permitted to compensate PwC in accordance with the terms of the FRB Engagement Letters[5] and the FRB Consent Order, as amended on July 26, 2013.[6] Such costs shall be allocable to GMAC Mortgage. Nothing herein shall obligate ResCap to make payments to PwC.

3. Consistent with the GA Servicing Order, the Debtors' estates and any successor in interest established under the Plan, are authorized to continue to honor their obligations to the extent such obligations remain outstanding under the FRB Consent Order, the Amendment, the Order of Assessment, and the DOJ/AG Settlement.

4. In accordance with PwC's prepetition billing procedures, PwC shall submit weekly statements to the Debtors, but shall also contemporaneously transmit the weekly statements to the Creditors' Committee and the U.S. Trustee. The Creditors' Committee and the U.S. Trustee shall have twenty (20) days from the date of service of each weekly fee statement to object to any fees. Upon a timely objection by the Creditors' Committee or the U.S. Trustee, the Debtors shall withhold payment of any disputed amount until resolution of the dispute by the Court.

5. Pursuant to the terms of its engagement, PwC is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement, including, without limitation, the fees, disbursements and other charges of PwC's counsel (which

---

[5] The term "FRB Engagement Letters" shall collectively refer to the FRB Engagement Letter as defined in the Motion, as well as any amendments thereto, and any additional engagement letters entered into by and between the Debtors and PwC during the course of these Chapter 11 cases.

[6] On July 26, 2013, the Court entered the Amendment Order and approved the Debtors' entry into an amendment to the Consent Order (the "**Amendment**").

counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise).

6. The FRB Engagement Letters, including, without limitation, the Indemnification Provisions, are incorporated herein by reference and approved in all respects except as otherwise set forth herein.

7. All requests by PwC and the Beneficiaries for the payment of indemnification as set forth in the FRB Engagement Letters shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the FRB Engagement Letters and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall PwC or any of the Beneficiaries be indemnified to the extent that any loss or expense for which indemnification is sought resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud of PwC or any of the Beneficiaries; provided, further, however, that, notwithstanding anything herein to the contrary, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action that may be made by the Debtors, AFI, or any party-in-interest (including the Creditors' Committee), including any claims or causes of action against AFI or against any of the Debtors for contribution and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, relating to the Indemnification Provisions in the FRB Engagement Letters.

8. In the event that any of the Beneficiaries seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the FRB Engagement Letters, the invoices and supporting time records from such attorneys

5

shall be submitted to the Court and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation as amended by that certain amendment dated July 26, 2013, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

10. Notwithstanding anything herein or in the GA Servicing Order to the contrary, this Order shall not waive or foreclose and is without prejudice to (i) any and all claims, causes of action and defenses that have not been released and that may be asserted by the Debtors or any party-in-interest for any and all past or future costs of compliance with the FRB Consent Order, DOJ/AG Settlement, the Order of Assessment ("**Compliance Claims**") against any and all parties, including, without limitation, claims for contribution and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, and (ii) all rights of any party to object to any Compliance Claim on any and all bases.

6

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Nothing in this Order shall affect the release, injunction and related provisions set forth in the Confirmation Order and Article IX of the Plan.

13. This Court retains jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: February 3, 2014
      New York, New York

                                               **/s/Martin Glenn**
                                               MARTIN GLENN
                                     United States Bankruptcy Judge