Thomas J. Sinnickson                                   Hearing Date: February 20, 2014
176 Main Street                         Response Date/Time: February 4, 2014 at 4:00 p.m. ET
Center Moriches, New York 11934
(516) 647-4153
TJSinnickson@aol.com

Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (608) 497-1026
accesslegalservices@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RESIDENTIAL CAPITAL, LLC, et al.,
    Post-Effective Date Debtors                                    Chapter 11
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
RESCAP BORROWER CLAIMS TRUST,                              Case No. 12-12020-mg
    by  Peter Kravitz, Trustee,
v.
CAREN J. WILSON,
    Creditor-Beneficiary
-----------------------------------------------------------------X

**DECLARATION OF ATTORNEY WENDY ALISON NORA IN SUPPORT OF MOTION TO STRIKE OBJECTION FILED BY DISQUALIFIED  COUNSEL FOR TRUSTEE AS  INITIAL RESPONSE OF CAREN WILSON TO OBJECTION TO CLAIM #4754 IN THE RECORD OF KURTZMAN CARLSON CONSULTANTS, LLC (KCC, LLC) AMENDED AS CLAIM 18 AND RENUMBERED BY KCC, LLC AS CLAIM #7181 IN THESE PROCEEDINGS**

_____

    Wendy Alison Nora declares under penalty of perjury, pursuant to 28 USC sec. 1746:

    1. In connection with a certain confidential settlement agreement between the Declarant and the RESCAP Debtors, AFI and various other putative tortfeasors, she negotiated for and received the return of the "original" note she signed in favor of AEGIS Mortgage Corporation on June 5, 2002.

    2.  The "original" note is not the "original" note because it may bear only a machine copy of her signature and does not appear to display the wet-ink signature she placed on the note at the

collateral closing on June 5, 2002, because she always signed in blue ink at the time and the note was given.

      3.  An original, holographic signature of one Trymeka McCoy appears as the initial endorsement.

      4.   A machine copy of a purported endorsement bearing the name of Judy Faber appears on the copy of the note returned to Ms. Nora as the "original."

      5.  The imaged endorsement of Ms. Faber's signature purports to have been made in her capacity as "Vice President of Residential Funding Corporation."

      6.  Your Declarant knows that Ms. Faber was not a Vice President of Residential Funding Corporation, based upon Ms. Faber's sworn testimony in Depositions filed *Robinson* and *Cook* cases and attached to Ms. Wilson's initial Response to the RESCAP Debtors' pre-confirmation Objection to Proof of Claim #4754 (Docs. 5222-3 and 5222-4 in these proceedings.)

      7.  An allonge was also returned with the note, purported executed on behalf of "Residential Funding Company fka Residential Funding Corporation, as attorney in fact for the Bank of New York Trust Company, N.A. as successor in interest to JP Morgan Chase Bank, N.A. as Trustee" in favor of Residential Funding Company, LLC fka Residential Funding Corporation and bears an image of the signature of one Amy Nelson as "Assistant Vice President" of Residential Funding Company, LLC.

      8.  The allonge is known to have fabricated by a document forgery operation known as Lender Processing Services, Inc. and Amy Nelson was not "Assistant Vice President" of Residential Funding Company, LLC at any time.

      9.  Furthermore, the note is not stamped PAID, DISCHARGED or SATISFIED, as would be required upon foreclosure of the mortgage securing the note.

      Dated at Madison, Wisconsin this 4th day of February, 2014.

                                      */s/ Wendy Alison Nora*
                                      Wendy Alison Nora