**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY**

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made and entered into by, between and among the ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>") established pursuant to the terms of the Plan (defined below) in the above-captioned bankruptcy cases on the one hand, and Albert A. Passaretti, Jr. ("<u>Passaretti</u>") on the other. Passaretti and the Borrower Trust are referred to herein collectively as the "<u>Parties</u>" and each, as a "<u>Party</u>".

<u>**WHEREAS**</u>:

A. On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

B. On or about May 2009, GMAC Mortgage, LLC ("<u>GMACM</u>") pursued non-judicial foreclosure proceedings against Passaretti. Soon thereafter, in June 2009, the trustee of the deed of trust sold the property to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation. In April 2012, GMACM sold the property to a third party purchaser.

C. On or about August 2009, Passaretti filed suit against GMACM and Executive Trustee Services, LLC (together, the "<u>Defendants</u>") in the Superior Court of California, County of Los Angeles – South District, Case No. NC043183, and subsequently amended his complaint

after the trial court sustained the Defendants' various demurrers. Passaretti's third amended complaint asserted causes of action for promissory estoppel and accounting. The trial court sustained Defendants' demurrer as to the accounting claim, and no further action has been taken by Passaretti with respect to this claim. The trial court subsequently granted the Defendants' motion for summary judgment on the count of promissory estoppel and entered a judgment on May 4, 2011 finding there to be no triable issues of material fact.

      D.      On July 1, 2011, Passaretti filed a Notice of Appeal to the Court of Appeal of the State of California, Second Appellate District, Division One (the "Appellate Court") of the trial court's ruling on Defendants' motion for summary judgment (the "Appeal").

      E.      The Defendants and Passaretti completed their respective briefing of the Appeal around the time of the Petition Date. The Court had originally scheduled oral argument for October 24, 2012. The Defendants filed a notice of bankruptcy stay shortly after the conclusion of briefing, causing the Court to postpone oral argument indefinitely.

      F.      On or about November 16, 2012, Passaretti filed an unsecured proof of claim against Residential Capital, LLC in the amount of $1,000,000, which is reflected as Claim No. 5605 on the official claims register maintained by the Debtors' claims and noticing agent (the "Proof of Claim").

      G.      On September 20, 2013, the Debtors filed the Fiftieth Omnibus Objection to Claims (the "Objection"), which sought, in part, to disallow the Proof of Claim on the basis that the liability was not reflected in the Debtors' books and records.

      H.      On October 22, 2013, Passaretti filed his response to the Objection [D.E. 5428] (the "Response").

      I.      On November 15, 2013, a hearing was held before the Bankruptcy Court on the Objection during which time, the Court suggested that the parties "work out an appropriate stipulation lifting the automatic stay solely for the purpose of permitting the [A]ppeal to go forward and be decided." H'rg Tr. 109: 17-19, Nov. 15, 2013.

      J.      On December 11, 2013, after a confirmation hearing, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Plan went effective and the Borrower Trust was created [Docket No. 6137].

      K.      The Plan provides for the creation and implementation of the Borrower Trust, which would, among other things, "direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement." *See* Plan, Art. IV.F. Further, pursuant to the Borrower Claims Trust Agreement:

> The Borrower Claims Trustee, or one or more Borrower Claims Trust Agents . . . shall be authorized to resolve, on behalf of the Borrower Claims Trust, all Disputed Borrower Claims without further Bankruptcy Court order . . . .

Borrower Claims Trust Agreement, Art. VI, § 6.2. [Docket No. 6136].

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and among the Parties, as follows:

      **AGREEMENT:**

      1.      This Stipulation and Order shall not be deemed or interpreted to be an admission by any Party hereto of any of the matters set forth in this Stipulation and Order or otherwise,

3

including, without limitation, the extent, nature, validity, and priority of the Proof of Claim, and the Parties reserve all rights with respect thereto.

2. To the extent applicable, the automatic stay imposed by section 362(a) of the Bankruptcy Code is modified for the limited purpose of permitting the Appeal to proceed so that the Appellate Court can decide the issues identified in the Appellant's Notice of Appeal, but for no other purpose, including any petition for certiorari, absent the Debtors' consent or further order of this Court.

3. The Parties agree that if the Appellate Court affirms the trial court's decision, then the Borrowers Trust shall be permitted to submit an order to the Court disallowing and expunging the Proof of Claim from the Debtors' claims register.

4. The Parties further agree that if the Appellate Court reverses the trial court's decision and remands the case back to the trial court for further determination, then the automatic stay shall be deemed to be immediately re-imposed to the fullest extent upon such remand, and any further proceedings related to the Proof of Claim and the damages related to the count for promissory estoppel shall proceed only in the Bankruptcy Court. The Debtors (and their successors and assigns, including the Borrowers Trust), as well as Passaretti, shall be permitted to amend the Objection and the Response, respectively, to address the Appellate Court's decision reversing and remanding the trial court's decision on summary judgment. Moreover, to the extent Passaretti ultimately succeeds in obtaining an allowed claim against the Debtors, the modified claim shall be allowed only against GMACM.

5. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of this Court.

6. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

7. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

9. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

10. The Parties acknowledge that this Stipulation and Order was drafted jointly by the Parties.

11. This Court retains jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order, including the execution or collection of any judgment obtained by Passaretti against the Debtors.

Dated: February 6, 2014                                  Dated: February 6, 2014

THE RESCAP BORROWER CLAIMS                ALBERT A. PASSARETTI, JR.
TRUST


 */s/ Jordan A. Wishnew*                                  */s/ Bruce Weiner*
Gary S. Lee                                              Bruce Weiner
Norman S. Rosenbaum                                      Rosenberg, Musso & Weiner
Jordan A. Wishnew                                        26 Court Street, Suite 2211
MORRISON & FOERSTER LLP                                  Brooklyn, NY 11242
1290 Avenue of the Americas                              Telephone: (718) 855-6840
New York, New York 10104                                 Facsimile: (718) 625-1966
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims*                 *Counsel for Albert A. Passaretti, Jr.*
*Trust*


**APPROVED AND SO ORDERED.**

Dated: February 6, 2014
       New York, New York

                                         **_/s/Martin Glenn_**
                                         MARTIN GLENN
                                         United States Bankruptcy Judge