UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :    Case No. 12-12020 (MG)
                                                    :
            Post-Effective Date Debtors.            :    Jointly Administered
                                                    :
------------------------------------------------------------ x

**ORDER GRANTING MOTION OF THE RESCAP LIQUIDATING TRUST, PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018, TO FILE UNDER SEAL REDACTED PORTIONS OF (I) THE MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND BAY-VALLEY MORTGAGE GROUP, AND (II) THE SETTLEMENT AGREEMENT**

Upon the motion (the "Motion"),[1] of The ResCap Liquidating Trust (the "Liquidating Trust") on behalf of the above-captioned post-effective date debtors in these Chapter 11 Cases (collectively, the "Debtors"), for an order, pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing the Liquidating Trust to file under seal redacted portions of (i) the 9019 Motion and (ii) the Settlement Agreement, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been provided to all parties in interest in the chapter 11 cases, and no other or further notice being necessary; and the legal and factual bases set forth in the Motion

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted to the extent provided herein.

2.  Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Liquidating Trust is authorized to file portions of the 9019 Motion and the Settlement Agreement, under seal.

3.  Subject to paragraph 5 of this Order, the unredacted 9019 Motion and the Settlement Agreement (collectively, the "Sealed Documents") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court, (b) the United States Trustee, and (c) other parties that enter into confidentiality agreements reasonably acceptable to the Liquidating Trust; provided, that the Liquidating Trust shall not be required to provide access to the Sealed Documents to parties that the Liquidating Trust has reason to believe are seeking access in order to obtain an unfair commercial advantage in litigation or in negotiations with the Liquidating Trust; provided, further, that nothing in this Order shall be deemed to prejudice the ability of any person to file a motion with the Court requesting access to the Sealed Documents in the event the Liquidating Trust does not consent to provide such access.

4.  Parties receiving Sealed Documents shall treat them as confidential and not for public dissemination so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

5.  Upon the earlier to occur of (i) the resolution of all repurchase recovery demands against third party correspondent lenders asserted by or on behalf of the Debtors, or (ii) the closing of the Debtors' chapter 11 cases, the Liquidating Trust shall file unredacted

copies of the 9019 Motion and the Settlement Agreement, excluding any account information or other confidential personally identifiable borrower information contained in the Settlement Agreement, which shall remain sealed.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**IT IS SO ORDERED.**

Dated: February 6, 2014
New York, New York

                                                                      **/s/Martin Glenn**
                                                                MARTIN GLENN
                                            United States Bankruptcy Judge