**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND LYNN MCLAUGHLIN-MONTERO AND LYNN MCLAUGHLIN P.L.L.C.

Upon the motion (the "Motion")[1] of The ResCap Liquidating Trust (the "Liquidating Trust") on behalf of the above-captioned post-effective date debtors in these Chapter 11 cases (collectively, the "Debtors"), for the entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement entered into between GMACM and Lynn McLaughlin-Montero ("McLaughlin") and Lynn McLaughlin P.L.L.C. ("McLaughlin P.L.L.C."), a true and correct copy of which is annexed hereto as Exhibit A; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

with the Bankruptcy Rules, the Local Rules, and the Case Management Procedures Order

[Docket No. 141] for these Chapter 11 cases, and that no other or further notice is necessary; and

any objections (if any) to the Motion having been withdrawn or overruled on the merits; and

after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement between GMACM and McLaughlin and McLaughlin

P.L.L.C. is hereby approved pursuant to Bankruptcy Rule 9019(a) and the applicable decisional

case law, and the Liquidating Trust and the Debtors are hereby authorized and ordered to take

any and all actions as may be necessary to effectuate and implement the settlement embodied

therein, subject to the terms thereof.

3.      The Settlement Agreement meets the standards established by the Second Circuit

for the approval of a compromise and settlement in bankruptcy, and is fair and reasonable to, and

in the best interest of, all interested parties, including but not limited to the Debtors and their

respective creditors.

4.      Notice of the Settlement Agreement and the Motion given by the Debtors was

sufficient and effective in satisfaction of federal and state due process requirements and other

applicable law to put the parties in interest in this bankruptcy proceeding on notice of the

Settlement Agreement, the Motion and the relief requested therein.

5.      The terms and conditions of this Order shall be effective and enforceable

immediately upon entry of this Order.

6.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.

**IT IS SO ORDERED.**

Dated: February 6, 2014
       New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

**Exhibit A**

## SETTLEMENT AND RELEASE AGREEMENT

**A.**    **Parties**

This Settlement and Release Agreement ("Agreement") is made and entered into as of the last day set forth on the signature page ("Effective Date") by and between GMAC Mortgage, LLC ("GMAC") and Lynn McLaughlin-Montero ("McLaughlin") and Lynn McLaughlin P.L.L.C. ("McLaughlin P.L.L.C.") (collectively "Defendants") (individually, a "Party," and collectively, the "Parties") for the purpose of resolving by compromise and settlement all claims, controversies and alleged liabilities arising out of a dispute as set forth below.

**B.**    **Recitals**

This Agreement is entered into with reference to the following facts.

a)    On or about May 21, 2010, GMAC obtained ownership of the real property located at 3555 Yosemite Street, San Diego, CA 92109 (the "Property") free and clear of any encumbrances.

b)    In April of 2011, GMAC and McLaughlin entered into a "Property Listing Agreement" in which GMACM granted McLaughlin the right to list the Property for sale. Among other things, McLaughlin agreed to use her best efforts to sell the Property and further agreed to submit all purchase offers to GMACM.

c)    On or around May of 2011, McLaughlin transmitted an offer of $662,000 to GMAC. For this offer, McLaughlin also acted as the agent for the potential buyer, TLCD, LTD.

d)    GMACM accepted the $662,000 offer, believing it to be the highest offer received.

e)    The sale of the Property closed on or around May 9, 2012.

f)    As part of the purchase, $30,901.050 in funds were placed in escrow (the "Escrow Funds"). These funds represent the commission that McLaughlin stated she was owed as both the agent for GMAC and for TLCD, LTD.

g)    $19,050.00 of the Escrow Funds were eventually returned to TLCD, LTD. As such, $11,851.50 remain in escrow and are claimed by both GMAC and McLaughlin.

h)    On June 2, 2011, McLaughlin P.L.L.C. recorded a mechanics' lien with the San Diego County Recorder's Office as to the Property regarding her claim on the escrow funds. The lien was released after GMAC obtained and recorded a lien release bond (the "Lien Release Bond"). The Lien Release Bond remains outstanding at this time.

i)    On October 16, 2012, McLaughlin filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California, Case No. 12-13935-MM7.

j)    On January 3, 2013, GMAC filed an adversary proceeding against Defendants in the United States Bankruptcy Court for the Southern District of California, Case No. 13-90001-MM (the "Lawsuit"). GMAC alleges in the suit that McLaughlin breached the Property Listing

24064.1173/2767719.1

Agreement and violated other contractual duties to GMAC by failing to transmit all purchase offers received on the Property to GMACM.

k)      Specifically, GMAC alleges that McLaughlin failed to transmit an all-cash purchase offer in the amount of $675,00 which was made by a real estate agent associated with another firm on or about May 4, 2011. GMAC alleges that McLaughlin did not transmit the offer because had she done so, GMAC would have accepted it, and she would not have been in a position to earn a dual commission as both the buyer and seller's agent.

l)      GMAC alleges that this failure to transmit the higher offer caused GMAC harm including the difference in the sale price, exposing GMAC to claims for suit from the prospective purchaser, and delay in the closing of the sale which caused increased carrying costs.

m)      On June 6, 2013, the Bankruptcy Court for the Southern District of California entered an order compelling the Chapter 7 trustee to abandon all interests of the bankruptcy estate in the Escrow Funds to McLaughlin.

n)      On May 14, 2012, GMAC filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York as Case No. 12-12032-mg. The case is currently being jointly administered with lead case 12-12020 in the same court (the "GMAC Bankruptcy Case") The case remains open and in good standing with no Chapter 11 plan confirmed at this time. The claims of GMAC in the Lawsuit are currently property of the Chapter 11 bankruptcy estate.

o)      Each Party denies all allegations, claims and defenses made by the other Party in the Lawsuit. Notwithstanding the above, solely in order to avoid the cost and uncertainty of further litigation, the Parties desire to compromise and settle the Lawsuit and adjust and settle their rights and obligations in connection with the Escrow Funds and the Lien Release Bond.

**C.      Agreements, Releases and Promises.**

THEREFORE, in consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

1.      <u>Approval of Settlement Agreement.</u>      Upon complete execution of Agreement by the Parties, GMAC shall seek an order from the Bankruptcy Court for the Southern District of New York in the GMAC Bankruptcy Case approving the Agreement pursuant to Fed. R. Bankr. P. 9019. None of the foregoing terms of the Agreement shall be effective or binding until an order approving the Agreement is entered by the Bankruptcy Court in the GMAC Bankruptcy Case and the Parties agree and acknowledge that such an order is necessary for the Agreement to be effective. If no order approving the Agreement is entered within one hundred and twenty (120) days from the effective date of the Agreement, the Agreement shall dissolve and not be binding on the Parties.

2.      <u>Stay of Litigation.</u> The Parties agree that the Lawsuit shall be stayed until either the entry of the order approving the Agreement or expiration of the one hundred day period as described in paragraph one. This paragraph, paragraph two, shall not prevent the Parties from appearing at status conferences in the Lawsuit, preparing and filing status updates in the Lawsuit, or performing ministerial acts to keep the Lawsuit in good standing. This paragraph shall have no

effect if the Bankruptcy Court for the Southern District of California issues any order requiring either of the parties to move forward with the Lawsuit.

3.    <u>Dismissal of Lawsuit.</u>  GMAC agrees, upon entry of the order approving the Agreement as described in paragraph one, to file a dismissal of the Lawsuit as to all parties with prejudice.

4.    <u>Release of Escrow Funds and Mechanics Lien.</u>  Defendants agree, upon entry of the order approving the Agreement as described in paragraph one, to release any claim and transfer any interest they have in the Escrow Funds to GMAC.  In other to effectuate this release and/or transfer, Defendants agree to execute any documents or perform any other acts necessary to effectuate the release and/or transfer of the Escrow Funds and the Lien Release Bond.

5.    <u>Confidentiality & Non-Disparagement.</u>  The Parties and their attorneys represent, warrant and agree that the terms and contents of this Agreement and all information and evidence elicited or exchanged during the Lawsuit and in negotiating this Agreement are and shall be treated as confidential and shall not be disclosed, or described or characterized to any other person or entity except as follows: (a) Defendants may only disclose the contents or terms of the Agreement to their accountants and other tax preparers, to the Internal Revenue Service, to their attorneys, or if otherwise compelled by a court of law; (b) GMAC may disclose the contents or terms of the Agreement under the same circumstances, to governmental entities to which GMAC reports, or as otherwise required in the normal course of their business; and (c) GMAC may disclose the agreement by filing it on the public record in the GMAC Bankruptcy Case in order to gain an order approving the agreement as described in paragraph 1 or for any other reason caused by the ongoing GMAC Bankruptcy Case. Without limiting the foregoing, it is expressly warranted and agreed by Parties that neither they nor their counsel have made, or will make, any derogatory and/or disparaging comments about the other Parties or publish or discuss this Agreement or the settlement and compromise evidenced hereby on the internet or with the media. This confidentiality provision and agreement is a material term of this Agreement, breach of which the Parties hereby agree will cause the Parties irreparable harm. If the Parties or Parties attorneys are required by an appropriate order of a competent court to disclose the terms of this Agreement to individuals other than those set forth above, the disclosing Party shall notify the other Parties, in counsel if such are retained, in writing, at least fifteen (15) days prior to such disclosure.

6.    <u>Mutual Release.</u>  Except for the obligations and rights expressly set forth and reserved in paragraph 5 of this Agreement, GMAC, and all entities related to GMAC, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, owners, partners, joint venturers, principals, trustees, creditors, attorneys, representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assigns, or any agent acting or purporting to act for them or on their behalf (collectively, the "GMAC Releasors"), hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue Defendants, her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through them  (collectively, the "McLaughlin Releasees"), from any and all claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known up until the Effective Date, arising at law

3

or in equity, by right of action or otherwise, whether or not they could have been asserted in the Lawsuit, which GMAC Releasors may have against the McLaughlin Releasees up until the Effective Date. It is the intention and effect of this release to discharge all claims that the GMAC Releasors have against the McLaughlin Releasees up until and including the date of the execution of this Agreement.

Except for the obligations and rights expressly set forth and reserved in paragraph 5 of this Agreement, Defendants, her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through them (collectively, the "McLaughlin Releasors"), hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue GMAC, and all entities related to GMAC, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, owners, partners, joint venturers, principals, trustees, creditors, attorneys, representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assigns, or any agent acting or purporting to act for them or on their behalf (collectively, the "GMAC Releasees"), from any and all claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known up until the Effective Date, arising at law or in equity, by right of action or otherwise, whether or not they could have been asserted in the Lawsuit, which McLaughlin Releasors may have against the GMAC Releasees up until the Effective Date. It is the intention and effect of this release to discharge all claims that the McLaughlin Releasors have against the GMAC Releasees up until and including the date of the execution of this Agreement.

The Parties fully understand and agree that, if the facts with respect to which this Agreement is executed are found hereafter to be different from the facts now believed to be true, each Party assumes the risk of such possible difference in facts, and the Parties hereby agree that this Agreement shall be, and will remain, effective notwithstanding such difference in facts. In this regard, Plaintiff waives all rights or benefits under California Civil Code section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

7.    Release, Limitations. This Agreement does not release claims arising out of the failure of any Party to perform in conformity with the terms of this Agreement.

8.    Tax Consequences. This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the modifications and payments set forth in this Agreement reflect the settlement of disputed legal claims and that Company makes no representations regarding the Agreement's tax consequences.

9.      No Admission of Liability.  This Agreement is entered into by the Parties for the purpose of compromising and settling the dispute and Lawsuit. This Agreement does not constitute, and shall not be construed as, an admission by either Party of the truth or validity of any claims asserted or contentions advanced by the other Party.

10.     Costs.  Each Party shall bear its own costs in connection with the Lawsuit and this Agreement, and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys' fees.  In executing this Agreement, the Parties represent and certify that no other person is entitled to any sum for attorneys' fees in connection with the Lawsuit and each Party agrees to defend, indemnify and hold the other Party harmless if any person or firm asserts any claim for attorneys' fees in connection with the matters released herein.

11.     Choice of Law, Jury Waiver.  This Agreement is entered into in the State of California and the Agreement and any rights, remedies, or obligations provided for in this Agreement shall be construed and enforced in accordance with the laws of that state.  The Parties voluntarily and intentionally waive any right that they may have to a trial by jury in any action, proceeding or litigation directly or indirectly arising out of, or relating to, this Agreement.

12.     Construction of Agreement.  This Agreement shall be construed as a whole according to its fair meaning and as if both Parties jointly prepared it.  Any uncertainty or ambiguity in the Agreement shall not be strictly interpreted or construed against either Party.

13.     Severability.  The provisions of this Agreement are severable.  If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

14.     No Oral Modification.  This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

15.     Representations, Indemnifications.  The Parties represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each releases in this Agreement and that they have not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claim or other matter.  In the event that such representation is false and any such claim or matter is asserted against either Party by anyone who is the assignee or transferee of such a claim or matter, then the Party who assigned or transferred such claim or matter shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted and its successors from and against such claim or matter and from all actual costs, attorneys' fees, expenses, liabilities and damages which that Party and its successors incur as a result of the assertion of such claim or matter.

16.     Knowing and Voluntary Assent.  The Parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have had the opportunity for representation in the negotiations for, and in the performance of, this Agreement by counsel of their choice, if they wished to retain counsel, and that they have read this Agreement and/or have

had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal effect.

17.    Final and Binding Agreement.    The Parties acknowledge that this Agreement is a full and final accord and satisfaction and shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assigns.

18.    Complete Agreement.    This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals.    No other agreement, written or oral, expressed or implied, exists between the parties with respect to the subject matter of this Agreement, and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

19.    Counterparts and Facsimile Signatures.    This Agreement may be executed in any number of counterparts and with facsimile signatures, and all such counterparts shall be construed together and constitute a single form of this Agreement.

20.    Headings and Captions.    The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

*** SIGNATURES ON NEXT PAGE ***

IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed as of the last day set forth below.

Date: _____                          GMAC Mortgage, LLC

                                               _____

                                               By: _____


Date: _____                          _____
                                               Lynn McLaughlin-Montero

Date: _____                          Lynn McLaughlin P.L.L.C.

                                               _____

                                               By: Lynn McLaughlin-Montero


     The undersigned represents that he is one of the attorneys for GMAC. In that capacity, he has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.


Date: _____                          _____
                                               Bernard J. Kornberg, Esq.
                                               Severson & Werson, PC

IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed as of the last day set forth below.

Date: _____             GMAC Mortgage, LLC

                                  _____

                                  By: _____

Date: 6/28/2013                   _____
                                  Lynn McLaughlin-Montero

Date: 6/28/2013                   Lynn McLaughlin P.L.L.C.

                                  _____

                                  By: Lynn McLaughlin-Montero

        The undersigned represents that she is one of the attorneys for GMAC. In that capacity, she has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.

Date: _____             _____
                                  Bernard J. Kornberg, Esq.
                                  Severson & Werson, PC

IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed as of the last day set forth below.

Date: _____                    GMAC Mortgage, LLC

                                         _____

                                         By: _____


Date: _____                    _____
                                         Lynn McLaughlin-Montero

Date: _____                    Lynn McLaughlin P.L.L.C.

                                         _____

                                         By:  Lynn McLaughlin-Montero


      The undersigned represents that he is one of the attorneys for GMAC. In that capacity, he has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.


Date: 10/16/2013                         _____
                                         Bernard J. Kornberg, Esq.
                                         Severson & Werson, PC

IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed as of the last day set forth below.

Date: _10/17/13_

GMAC Mortgage, LLC

By: _Lauren G. Delehey_

Its: _Legal Officer_

Date: _____

_____

Lynn McLaughlin-Montero

Date: _____

Lynn McLaughlin P.L.L.C.

_____

By: Lynn McLaughlin-Montero

The undersigned represents that he is one of the attorneys for GMAC. In that capacity, he has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.

Date: _____

_____

Bernard J. Kornberg, Esq.
Severson & Werson, PC