**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF DEANNA HORST IN FURTHER SUPPORT OF THE DEBTORS'**
**FIFTIETH OMNIBUS OBJECTION TO**
**CLAIM NO. 4494 OF DENNIS G. AND MARCENE L. BURGIN**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"),[1] and I previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[2] I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

---

[1] The ResCap Liquidating Trust and the Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1129648

Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this declaration (the "<u>Declaration</u>") in further support of the *Debtors' Fiftieth Omnibus Objection to Claim No. 4494 filed by Dennis G. and Marcene L. Burgin* (the "<u>Objection</u>").[3]

2.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other former employees of the Debtors, the Debtors' and the Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.  In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "<u>Books and Records</u>"), my review and reconciliation of claims, and/or my review of relevant documents.

4.  I reviewed the *Supplemental Order Requiring Additional Documentation Regarding Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) With Respect To Claim No. 4494 of Dennis G. and Marcene Burgin*, which was docketed at D.E. 6349.

---

[3] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

2

ny-1129648

5. Attached hereto as **Exhibit A** is a true and correct copy of the HELOC Agreement between the Burgins and GMACM.

6. After reviewing the Books and Records, I confirmed that GMACM does not have a copy of the November 12, 2008[4] letter from GMACM to the Burgins (the "November 12 Letter") described in paragraph 40 of my supplemental declaration. However, it was GMACM's regular business practice to keep a record of all verbal and written communication sent to their customers within the account's servicing notes (the "Servicing Notes"). The Servicing Notes were kept and maintained in the ordinary course of GMACM's business. In each instance where a letter was sent by GMACM to a borrower, a GMACM employee recorded the date of the letter in the servicing notes as well as a brief description of the contents of the letter. The Servicing Notes concerning the November 12 Letter were created on or about November 19, 2008 by a GMACM employee with knowledge of the letter being sent to the Burgins as well as the servicing notes process. *See* Servicing Notes attached hereto as **Exhibit B**.[5]

7. While Debtors' normal business practices included imaging and storing written communications to borrowers, it was not uncommon for GMACM to forego imaging and storing copies of certain written communications sent as part of a mass mailing campaign. In the case of the November 12, 2008 letter to Mr. and Mrs. Burgin, the letter was part of a mass mailing to approximately 100 borrowers, which was done at the request of the investor (Macquarie Mortgage). *See* **Exhibit C** (email from investor to GMACM with related attachments).

---

[4] The Debtors' prior filings contained a scrivener's error and identified the November 12, 2008 letter as a December 11, 2008 letter.
[5] The original Servicing Note is attached as **Exhibit B-1**; however, the wording in the original Servicing Note is out of order. Accordingly, the Trust submits **Exhibit B-2** to show how the entry should be read.

3

ny-1129648

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 6, 2014

                                            */s/ Deanna Horst*
                                            Deanna Horst
                                            Chief Claims Officer for The ResCap Liquidating Trust

ny-1129648