MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts

*Counsel to the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
)
In re:                                                  )     Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,      )     Chapter 11
                                                        )
                                      Debtors.      )     Jointly Administered
                                                        )
---------------------------------------------------------------------------

**OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO DIANE WALKER'S *REJECTION TO AMENDED ORDER GRANTING DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS***

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust"), as successor-in-interest to the debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby files this objection (the "Objection") to the *Rejection to Amended Order Granting Debtors' Twenty-Sixth Omnibus Objection to Claims* [Docket No. 5926] (the "Reconsideration Motion") filed by Diane M. Walker. In support of the Objection, the Trust, by and through its undersigned counsel, respectfully represents as follows:

1

ny-1125822

## BACKGROUND

**A.     General Background**

1.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.     On December 11, 2013, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065].

3.     On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137], and the Plan was substantially consummated. The Plan, among other things, provides for the establishment of the Trust to administer and reconcile Borrower Claims and provide distributions to holders of Allowed Borrower Claims (as defined in the Plan). *See* Plan, Art. IV.F.

**B.     The Debtors' Objection to the Proof of Claim**

4.     On November 13, 2012, Diane M. Walker (the "Claimant") filed proof of claim no. 4556 against Debtor Residential Capital, LLC as an administrative priority claim in the amount of $147,290 (the "Proof of Claim"). The stated basis of the Proof of Claim is "wrongful foreclosure + shameful eviction." The addendum to the Proof of Claim appears to assert, *inter alia*, that the Debtors wrongfully foreclosed on the Claimant's residence because the Claimant was allegedly told only the day before the foreclosure sale occurred that a loan modification based on her mother's income would require proof of her mother's financial contribution. No other supporting documentation is attached to the Proof of Claim.

5.      During the claims reconciliation process, the Debtors identified the Proof of Claim as a claim that lacked adequate supporting documentation to demonstrate its validity. *See* Declaration of Deanna Horst (the "Horst Declaration") at ¶ 4, annexed as Exhibit 1 to the Claims Objection (as defined below). In June and July of 2013, the Debtors sent letters to the Claimant requesting additional documentation in support of the Proof of Claim. *See* Horst Declaration at ¶ 4.

6.      The Debtors did not receive any response to the request letters. *See id.* Accordingly, on August 16, 2013, the Debtors filed the *Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4734] (the "Claims Objection"), asserting, among other things, that the Proof of Claim should be disallowed and expunged on insufficient documentation grounds. Despite receiving notice of the Claims Objection by First Class Mail [*see* Docket No. 4751, at Exhibit C], the Claimant did not file a response to the Claims Objection. On September 24, 2013, the Court held a hearing on the Claims Objection. Despite receiving notice of the hearing by First Class Mail [*see* Docket No. 4751 at Exhibit C], the Claimant did not participate in the hearing, either in person or telephonically [*see* Docket No. 5197]. On September 25, 2013, the Court issued the *Order Granting Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 5198], as amended on September 27, 2013 [Docket No. 5221] (the "Order"). The Order disallows and expunges the Proof of Claim. The Order was served on the Claimant by First Class Mail on September 27, 2013 [*see* Docket No. 5288 at Exhibit C].

**C.      The Reconsideration Motion**

7.      On November 18, 2013, fifty-two (52) days after the Court entered the Order, the Claimant filed the Reconsideration Motion and it was later docketed in its current form. The

3

ny-1125822

Reconsideration Motion reiterates the wrongful foreclosure allegation from the Proof of Claim, stating that the Claimant was not given a chance to modify her mortgage based on her mother's income. *See* Reconsideration Motion at 1, 3. The Reconsideration Motion attaches (1) a notice of a foreclosure sale of the Claimant's property scheduled for the first Tuesday in January 2011 and (2) a loss mitigation package that the Claimant alleges she subsequently submitted to Debtor GMAC Mortgage, LLC ("GMACM") dated March 26, 2012, which includes: (i) various financial information concerning the Claimant; (ii) a utility bill; (iii) purported proof of income from the Claimant's mother (apparently $727 a month in Social Security benefits and $594.56 a month in pension benefits) and a written statement from her mother promising to contribute to the Claimant's mortgage payments; (iv) correspondence from GMACM dated March 7, 2012 relating to loss mitigation options; (v) a quitclaim deed establishing the Claimant's sole ownership of her residence; and (vi) an order dated March 9, 2011 in the Claimant's Chapter 7 bankruptcy case, granting the Claimant's motion to voluntarily dismiss the case.

## ARGUMENT

8. It is well established that *pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir. 1984) (instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). Even under this flexible standard, however, the Reconsideration Motion fails to satisfy any applicable standard for reconsideration of the Order. Accordingly, the Reconsideration Motion should be denied.

**A.    Standard of Review**

9. Although the Claimant fails to specify any legal predicate for the Reconsideration Motion, three possible avenues for reconsideration are available. *First*, under Rule 3008 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a claimant may move for "reconsideration of an order allowing or disallowing a claim against the estate." Similarly, under Bankruptcy Code section 502(j) "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Reconsideration of a claim is within the discretion of the Court. *See In re Best Payphones, Inc.*, 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y. July 3, 2008); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). *Second*, under Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"), a party may move for amendment of a judgment. *Lastly*, under Bankruptcy Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), a party may move for relief from a judgment or order on various equitable grounds.

10. Courts in this district hold that if a motion to reconsider an order disallowing a claim is filed within fourteen days after entry of the order, it is analogous to a motion under Bankruptcy Rule 9023 and should be governed by the same principles as a motion under Rule 59; however, if the motion to reconsider is filed any later, it should be considered as if it were filed pursuant to Rule 60. *See In re Terrestar Networks, Inc.*, No. 10-15446 (SHL), 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (applying a Rule 60 standard of review to a motion for reconsideration because the claimant filed his motion six months after the court entered the order expunging the claims and noting that the six-month time period precluded application of a Rule 59 standard); *see also In re Enron Corp.*, 352 B.R. 363 (Bankr. S.D.N.Y. 2006) (treating a motion for reconsideration, filed outside the Rule 59 statutory period, as a motion for relief from judgment under Rule 9024).

ny-1125822

11. The Claimant filed the Reconsideration Motion fifty-two days after the Court issued the Order. Therefore, in considering the Reconsideration Motion, the Court should apply a Rule 60 standard.

**B. The Reconsideration Motion Fails to Satisfy Rule 60's Requirements**

12. Bankruptcy Rule 9024 incorporates Rule 60, which sets forth the grounds for relief from a final judgment, order or proceeding. Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

 1) mistake, inadvertence, surprise, or excusable neglect;

 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

 4) the judgment is void;

 5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

13. "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Whether to grant a motion for relief under Rule 60 is within the discretion of the Court. *Terrestar Networks*, No. 10-15446 (SHL), 2013 WL 781613, at *3.

14. The Reconsideration Motion does not argue that the Court should reconsider the Order because of mistake, inadvertence, surprise, or excusable neglect. Nor does the Claimant allege that the Debtors committed fraud or misconduct in obtaining the Order or that the Order is

void or satisfied. Instead, the Reconsideration Motion attaches documents relating to a scheduled foreclosure sale of the Claimant's residence in January 2011 and the Claimant's subsequent efforts to obtain a loan modification in March 2012. Significantly, all of these documents appear to predate the August 16, 2013 filing of the Claims Objection by over one year. Because the Claimant has not alleged, much less proven, that these documents are "newly discovered," they do not constitute a basis for reconsideration of the Order under Rule 60.

C. **The Reconsideration Motion Fails to Satisfy Rule 59's Requirements**

15. Even if the Court were to apply a Rule 59 standard, pursuant to Bankruptcy Rule 9023, the Reconsideration Motion would still fail on the merits. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, No. 07-13481 (MG), 2008 WL 110907, at *4 (Bankr. S.D.N.Y. Jan. 4, 2008), quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations omitted).

16. As stated above, the Claimant has not provided any newly discovered evidence, which would be relevant to reconsideration under Rule 59. Moreover, the Claimant does not identify any "intervening change of controlling law" or any "clear error" by the Court that merits reconsideration. Because the Reconsideration Motion fails to identify any change in the law in the Claimant's favor, to adduce any new evidence in the Claimant's favor, or to point to any clear error by this Court that would require this Court to change its previous ruling, the Reconsideration Motion should be denied under Rule 59.

Pg 8 of 8

17. The Claimant had an opportunity to provide the Debtors with the documents attached to the Reconsideration Motion both in response to the Debtors' request letters and to the Claims Objection, but failed to do so. The Order is now final and no legal basis for its reconsideration exists.

## CONCLUSION

For the reasons set forth above, the Trust respectfully submits that the Reconsideration Motion should be denied.

Dated: February 7, 2014  
      New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Jonathan M. Petts  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, NY 10104-0050  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the ResCap Borrower Claims Trust*

ny-1125822