**Hearing Date and Time:  March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: March 10, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S**
**FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)**</u>

   **PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*

*Borrower Claims Trust's Fifty-Ninth Omnibus Objection to Claims (Insufficient*

*Documentation Borrower Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your

rights by disallowing your claim against the above-captioned Debtors.

   **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**March 10, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the

ResCap Borrower Claims Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas,

New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A.

Wishnew); (b) the Office of the United States Trustee for the Southern District of New

York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

NY  10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the

United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue

NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.);

(d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-

0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S.

Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY

10007 (Attention: Joseph N. Cordaro, Esq.); and (f) The ResCap Borrower Claims Trust,

Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J.

Flanigan).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  February 7, 2014
       New York, New York

Respectfully Submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower*
*Claims Trust*

**Hearing Date and Time: March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  March 10, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------ ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ------------------------------------------------------ ) | |

**RESCAP BORROWER CLAIMS TRUST'S FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust") established pursuant to the
terms of the confirmed Plan (defined below) filed in the above-captioned Chapter 11 cases (the
"Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the
"Debtors") with respect to Borrower Claim (defined below) matters, by and through its
undersigned counsel, respectfully represents:

### RELIEF REQUESTED

1.      The Trust files this fifty-ninth omnibus claims objection (the "Objection")
pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule
3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this
Court's order approving procedures for the filing of omnibus objections to proofs of claim filed
in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order
(the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 4,
disallowing and expunging the Borrower Claims listed on Exhibit A[1] annexed to the Proposed
Order.  In support of the Objection, the Trust submits the declaration of Deanna Horst, Chief
Claims Officer for the ResCap Liquidating Trust (the "Horst Declaration"), attached hereto as
Exhibit 1, and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to
the Trust (the "Rosenbaum Declaration"), annexed hereto as Exhibit 2.

2.      The Trust examined the proofs of claim identified on Exhibit A to the
Proposed Order and determined that the proofs of claim listed on Exhibit A (collectively, the

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

"Insufficient Documentation Borrower Claims") lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records.

3.      These determinations were made after the holders of the Insufficient Documentation Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims.  Accordingly, the Trust requests that the Insufficient Documentation Borrower Claims be disallowed and expunged from the Claims Register (defined below) in their entirety.

4.      The proofs of claim identified on Exhibit A annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

5.      The Trust expressly reserves all rights to object on any other basis to any Insufficient Documentation Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1126056

## BACKGROUND

*General Case Background*

7.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

9.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137].

10.     The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court.  See Plan, at Art. IV.F.  The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims."  See id.

*Claims-Related Background*

11.     On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

12.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

13.     To date, approximately 7,353 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

14.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order [Docket No. 3294].

15.     The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").   Based on

substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors and the Trust, as successor to the Debtors, to follow before objecting to certain categories of Borrower Claims.[3]  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

16.    In connection with the claims reconciliation process, the Debtors identified: the Insufficient Documentation Borrower Claims as claims filed by Borrowers that either (i) fail to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount but do not provide any explanation or attach any supporting documentation to substantiate the claim amount.

17.    In May, June, September, and November of 2013, following consultation with Special Counsel, the Debtors sent Request Letters, substantially in the form as those annexed hereto as Exhibit 3, to the Borrowers who filed the Insufficient Documentation Borrower Claims requesting additional documentation in support of such claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed

---

[3]    The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel.  As of the Effective Date of the Plan, the Creditors' Committee was dissolved with the exception of the limited duties provided for in the Plan (see Plan at Art.XIII.D.).  In connection with the Objection, it is the Trust's understanding that, prior to the Effective Date of the Plan, both the Debtors and Special Counsel complied with the Borrower Claim Procedures in connection with the furnishing of the Request Letters as set forth in the Objection.  Because the Creditors' Committee was dissolved as of the Plan Effective Date, the Trust did not consult with Special Counsel prior to filing the Objection.

money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim. See Exhibit 3, Request Letters at 1. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. Id.

18.     The Response Deadline has passed, and the Debtors or the Trust, as applicable, either have not received any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable Insufficient Documentation Borrower Claims. See Horst Declaration ¶ 5.

## THE INSUFFICIENT DOCUMENTATION BORROWER CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

19.     Based upon a review of the proofs of claim filed on the Claims Register, the Trust determined that the Insufficient Documentation Borrower Claims listed on Exhibit A to the Proposed Order are claims that should be disallowed and expunged because they lack sufficient documentation to substantiate the asserted claim and are unsupported by the Debtors' books and records. See Horst Declaration ¶¶ 4, 5. To the extent any details are provided by the Borrower in its claim, the Insufficient Documentation Borrower Claims simply proffer conclusory allegations on their face and do not provide the Debtors with any details of the damages the Borrower has alleged to suffer for which a Debtor is purportedly responsible. See id. ¶ 4. The Borrowers have been given an additional opportunity to substantiate their claims and have failed to do so. See id. ¶ 5. Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors. If the Insufficient Documentation Borrower Claims are

7

not disallowed and expunged, then the parties who filed these proofs of claim may potentially

receive a wholly improper recovery to the detriment of the Trust's beneficiaries.  See id. ¶ 6.

20.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion

is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny

Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim.").

21.    Bankruptcy Rule 3001(c)(1) instructs that:

> [W]hen a claim, or an interest in property of the debtor securing
> the claim, is based on a writing, a copy of the writing shall be filed
> with the proof of claim. If the writing has been lost or destroyed, a
> statement of the circumstances of the loss or destruction shall be
> filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

22.    If a claim fails to comply with the documentation requirements of

Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consolidated

Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995),

aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y.

2010) (J. Glenn).

8

23.    Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim"); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

24.    Additionally, several courts, including those in this District, have applied the federal pleadings standards when assessing the validity of a proof of claim.  See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. 529, 542, n.17 (Bankr. S.D.N.Y. 2000)), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x 40 (2d Cir. 2002); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . . .") (citation omitted).  Indeed, since a claim objection is a contested matter under Fed. R. Bankr. P. 9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c).

25.    In this case, the Borrowers who filed the Insufficient Documentation Borrower Claims failed to either respond to the Request Letters or attach adequate supporting documentation to demonstrate the validity of their claims.  See Horst Declaration ¶¶ 4, 5.

9

Certain of the Borrowers failed to provide any explanation as to why such documentation is unavailable.

26.     In each case, the Debtors and Trust diligently evaluated any information provided by the Borrowers in their proofs of claim.  See Horst Declaration ¶ 4.  To the extent a Borrower provided information in their proofs of claim that allowed the Trust to identify the claimant in the Debtors' books and records, the Trust confirmed that the Debtors' books and records do not reflect any present liability due and owing to the Borrowers identified in Exhibit A to the Proposed Order.  See id. ¶¶ 4, 5.

27.     Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Trust, and to ensure the Trust's beneficiaries are not prejudiced by such improper recoveries, the Trust requests that the Court disallow and expunge in their entirety each of the Insufficient Documentation Borrower Claims.

## NOTICE

28.     The Trust has served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

29.     No previous request for the relief sought herein as against the holders of the Insufficient Documentation Borrower Claims has been made by the Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

10

Dated:  February 7, 2014
        New York, New York

                                        /s/ Norman S. Rosenbaum
                                       Gary S. Lee
                                       Norman S. Rosenbaum
                                       Jordan A. Wishnew
                                       MORRISON & FOERSTER LLP
                                       1290 Avenue of the Americas
                                       New York, New York 10104
                                       Telephone:  (212) 468-8000
                                       Facsimile:  (212) 468-7900

                                       *Counsel for The ResCap Borrower Claims
                                       Trust*

ny-1126056

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )    Chapter 11
                                              )
                              Debtors.        )    Jointly Administered
                                              )
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER
CLAIMS TRUST'S FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"Liquidating Trust"),[1] and I previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "Debtors").[2]  I have been employed by affiliates of ResCap since August of

2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October

of 2013, I became the Chief Claims Officer.  I began my association with ResCap in 2001 as the

Director, Responsible Lending Manager, charged with managing the Debtors' responsible

lending on-site due diligence program.   In 2002, I became the Director of Quality Asset

Management, managing Client Repurchase, Quality Assurance and Compliance—a position I

held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

---

[1]     The ResCap Liquidating Trust and the Trust are parties to an Access and Cooperation Agreement, dated as
        December 17, 2013, which, among of things, provides the Trust with access to the books and records held by
        the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

[2]     The names of the Debtors in these cases and their respective tax identification numbers are identified in
        Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
        of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims)* (the "Objection").[3]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other former employees of the Debtors, the Debtors' and the Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order. Since the Plan became effective and the Trust was established, I, along with other members of the Liquidating

---

[3]      Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

Trust's management or other employees of the Liquidating Trust have consulted with the Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and their professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.   Based on a thorough review of the Insufficient Documentation Borrower Claims at issue, it was determined that each claim listed on <u>Exhibit A</u> annexed to the Proposed Order was filed with insufficient or no supporting documentation such that these claims could not be reconciled with the Books and Records.  The claimants who filed the Insufficient Documentation Borrower Claims initially failed to attach any or adequate supporting documentation to demonstrate the validity of their claims and failed to provide any explanation as to why such documentation is unavailable.  To the extent any details are provided by the Borrower in its claim, the Insufficient Documentation Borrower Claims simply proffer conclusory allegations on their face and do not provide the Debtors with any details of the damages the Borrower claims to have suffered for which a Debtor is purportedly responsible. The Borrowers have been given an additional opportunity to substantiate their claims and have failed to do so.  The Debtors diligently evaluated the information provided by the claimants in their proofs of claim and, thereafter, proceeded to contact each of the claimants to request

additional information so that the Debtors could reconcile the filed claims with their books and records.

5.       In May, June, September, and November of 2013, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 3 to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective Insufficient Documentation Borrower Claims.   Certain of the Borrowers who received the Request Letters either (i) failed to respond to the Request Letters, or (ii) to the extent a claimant responded, failed to provide sufficient and/or additional information to substantiate its alleged claim and a basis for liability.   The Debtors' books and records do not reflect any present liability due and owing to the claimants identified in Exhibit A to the Proposed Order.

6.       If the Insufficient Documentation Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

7.       Except as otherwise described in the Objection, before filing this Objection, the Debtors and the Trust fully complied with the Borrower Claim Procedures set forth in the Procedures Order.

8.       Accordingly, based upon this review, and for the reasons set forth in the Objection and Exhibit A to the Proposed Order, I have determined that each Insufficient Documentation Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

4

Dated:  February 7, 2014

　　　　　　　　　　　　　　　　　　　　　　　/s/ Deanna Horst
　　　　　　　　　　　　　　　　　　　　　　Deanna Horst
　　　　　　　　　　　　　　　　　　　　　　Chief Claims Officer for The ResCap
　　　　　　　　　　　　　　　　　　　　　　Liquidating Trust

## **Exhibit 2**

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF THE RESCAP
BORROWER CLAIMS TRUST'S FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.    I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F

maintains offices for the practice of law, among other locations in the United States and

worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney

duly admitted to practice before this Court and the courts of the State of New York.  By this

Court's Order entered on July 16, 2012, M&F was retained as counsel to the Debtors,[1] and

subsequent to the effectiveness of the confirmed Plan, M&F has been engaged by the Trust.

2.    I submit this declaration (the "<u>Declaration</u>") in support of The ResCap Borrower

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Objection.

Claims Trust's Fifty-Ninth Omnibus Objection to Claims (the "Objection") and in compliance

with this Court's Order entered March 21, 2013, pursuant to section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal

Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim

Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No.

3294] (the "Claims Objection Procedures Order").

3.      It is my understanding that in connection with the filing of the Objection, prior to

the Effective Date of the Plan, the Debtors and the Trust have complied with the Borrower Claim

Procedures.  I have been advised by M&F attorneys under my supervision that in accordance

with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors, prior to

the Effective Date, first reviewed a preliminary Borrower Claim List (as such term is defined in

the Procedures Order), which included each proof of claim that the Debtors intended to include

in the Objection (the "Objection Claim List"), determined if such claims contradicted the

information in the Debtors' books and records, and then confirmed the Objection Claim List's

accuracy.  Thereafter, the Debtors determined that each claimant on the Objection Claim List

should receive a Request Letter.

4.      To the best of my knowledge, the Debtors sent a Request Letter to those

Borrowers that the Debtors and SilvermanAcampora LLP, Special Counsel to the Creditors'

Committee, agreed should receive a Request Letter, with the Debtors providing copies of such

letters to Special Counsel.

5.      Except as otherwise set forth herein, to the best of my knowledge, prior to the

filing of the Objection, the Debtors and the Trust have fully complied with all other relevant

ny-1126112

terms of the Claims Objection Procedures Order.[2]

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on February 7, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

---

[2]   The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel.  As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.).  In connection with the Objection, it is my understanding that, prior to the Effective Date of the Plan, both the Debtors and Special Counsel complied with the Borrower Claim Procedures in connection with the furnishing of the Request Letters as set forth herein and the Objection.  Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Trust did not consult with Special Counsel prior to filing the Objection.

**Exhibit 3**

**Request Letters**

                    MORRISON | FOERSTER

June 21, 2013

**Claim Number:** <mark>XXX</mark>

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        **(i)**      **Claims.Management@gmacrescap.com**; or
        **(ii)**     **Residential Capital, LLC**
                **P.O. Box 385220**
                **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

July 21, 2013


**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount. In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.


**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either:**

      (i)     **Claims.Management@gmacrescap.com; or**
      (ii)    **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

June 21, 2013

**Claim Number: XXX**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  According to our records, you have filed a lawsuit against one or more of the Debtors.  Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors.  Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim.  If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim.  A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim.  If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        **(i)**       **Claims.Management@gmacrescap.com; or**
        **(ii)**      **Residential Capital, LLC**
                    **P.O. Box 385220**
                    **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**ResCap**                      MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        (i)       **Claims.Management@gmacrescap.com, or**
        (ii)      **Residential Capital, LLC**
                **P.O. Box 385220**
                **Bloomington, Minnesota 55438**


**Please mark each piece of correspondence with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**<u>Exhibit 4</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

**ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S**
**FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)**

Upon the fifty-ninth omnibus objection to claims, dated February 7, 2014 [Docket

No. ____] (the "<u>Fifty-Ninth Omnibus Claims Objection</u>")[1] of The ResCap Borrower Claims Trust

(the "<u>Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters,

seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Insufficient

Documentation Borrower Claims on the basis that such claims fail to explain the basis for the

claim or attach supporting documentation sufficient to support the claim, all as more fully

described in the Fifty-Ninth Omnibus Claims Objection; and it appearing that this Court has

jurisdiction to consider the Fifty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157

and 1334; and consideration of the Fifty-Ninth Omnibus Claims Objection and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Fifty-Ninth Omnibus Claims Objection.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Fifty-Ninth Omnibus Claims Objection having been provided, and it appearing that no other

or further notice need be provided; upon consideration of the Fifty-Ninth Omnibus Claims

Objection and the Declaration of Deanna Horst and the Declaration of Norman S. Rosenbaum,

annexed to the Fifty-Ninth Omnibus Claims Objection as Exhibits 1 and Exhibit 2, respectively;

and the Court having found and determined that the relief sought in the Fifty-Ninth Omnibus

Claims Objection is in the best interests of the Debtors' estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Fifty-Ninth Omnibus Claims

Objection establish just cause for the relief granted herein; and the Court having determined that

the Fifty-Ninth Omnibus Claims Objection complies with the Borrower Claim Procedures set

forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor,

it is

ORDERED that the relief requested in the Fifty-Ninth Omnibus Claims Objection

is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto (collectively, the "Insufficient Documentation Borrower

Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Insufficient Documentation Borrower

Claims identified on the schedule annexed hereto as Exhibit A so that such claims are no longer

maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may

be necessary and appropriate to implement the terms of this Order; and it is further

ny-1126325

ORDERED that notice of the Fifty-Ninth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Insufficient Documentation Borrower Claims identified on Exhibit A, annexed hereto, as if each such Insufficient Documentation Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1126325

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Alfredia Holiday<br>3350 Williamson Rd.<br>Saginaw, MI 48601 | 1661 | 10/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$96,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | Annie Trammell<br>7494 County Road 278<br>Roanoke, AL 36274 | 4419 | 11/09/2012 | $0.00<br>$0.00<br>$80,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | Barbara Ann White<br>PO Box 9001719<br>Louisville, KY 40290-1719 | 5743 | 11/19/2012 | $0.00<br>$0.00<br>$131,455.97<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | BUDELIS, LOUISE M<br>2594F S ARLINGTON MILL DR<br>GROUND RENT<br>ARLINGTON, VA 22206 | 731 | 09/25/2012 | $19.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | Charlene M. Butler<br>19201 N.W. 11 Ave<br>Miami, FL 33169 | 6326 | 12/06/2012 | $0.00<br>$0.00<br>$40,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Dave & Terri Archer<br>15960 Cumberland<br>Riverview, MI 48193 | 3459 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Dominick Aluotto<br>3906 Fillmore Ave<br>Brooklyn, NY 11234 | 5791 | 11/19/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | HAMPTON, SHARON<br>3700 ANYA WAY<br>NORTH LAS VEGAS, NV 89032 | 6340 | 12/14/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 9 | Hutchins, Ruth<br>RUTH HUTCHINS VS. GMAC MORTGAGE LLC<br>1394 Ridgewood Pard Road<br>Memphis, TN 38116-7214 | 5602 | 11/16/2012 | $139,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 10 | Kathleen M. Hanover<br>Attn Marc E. Dann<br>Dann, Doberdruk & Harshman, LLC<br>4600 Prospect Ave.<br>Cleveland, OH 44103 | 5763 | 11/19/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | M and M Real Estate and Mortgage 9008 Elk Grove Blvd Elk Grove, CA 95624 | 6405 | 12/31/2012 | $0.00 $0.00 $250,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | MARIA CLAUDIO 418 SPIKE CT KISSIMMEE, FL 34759 | 703 | 09/24/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 13 | Patricia Crenshaw 25043 Pierce St Southfield, MI 48075 | 6850 | 05/09/2013 | $280,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | Patricia Crenshaw 25043 Pierce St Southfield, MI 48075 | 6770 | 02/28/2013 | $280.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 15 | ROBERT DUENNER AND AMANDA DUENNER 1818 E 43RD ST TULSA, OK 74105-4210 | 1473 | 10/22/2012 | $0.00 $0.00 $400,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Ronald Gillis PO Box 380842 Murdock, FL 33938-0842 | 913 | 10/01/2012 | $0.00 $0.00 $0.00 $0.00 $209,859.68 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 17 | SHERI REIMAN 3867 PENINSULA COURT STOCKTON, CA 95219 | 866 | 09/28/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 18 | VICKI I TEMKIN ATT AT LAW 15021 VENTURA BLVD #753 SHERMAN OAKS, CA 91403 | 477 | 09/14/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |