**Hearing Date and Time:  March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: March 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S SIXTIETH**
**OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*
*Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata Borrower*
*Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by disallowing your
claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**March 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the

ResCap Borrower Claims Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas,

New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A.

Wishnew); (b) the Office of the United States Trustee for the Southern District of New

York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

NY  10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the

United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue

NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.);

(d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-

0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S.

Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY

10007 (Attention: Joseph N. Cordaro, Esq.); and (f) The ResCap Borrower Claims Trust,

Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J.

Flanigan).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  February 10, 2014
         New York, New York

                                        Respectfully Submitted,


                                        /s/ Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        **MORRISON & FOERSTER LLP**
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel for The ResCap Borrower*
                                        *Claims Trust*

**Hearing Date and Time:** March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)
**Response Date and Time:**  March 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|  |  |
| --- | --- |
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |
------------------------------------------------------------

### RESCAP BORROWER CLAIMS TRUST'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
> **CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**
>
> **IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON**
> **<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT**
> **THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL,**
> **JORDAN A. WISHNEW, AT (212) 468-8000.**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the confirmed Plan (defined below) filed in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") for Borrower Claim (defined below) matters, by and through its undersigned counsel, respectfully represents:

**RELIEF REQUESTED**

1.      The Trust files this sixtieth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 4, to disallow and expunge the Borrower Claims listed on Exhibit A[1] annexed to the Proposed Order. In support of this Objection, the Trust submits the declaration of Lauren Graham Delehey in Support of the Debtors' Sixtieth Omnibus Claims Objection (the "Delehey Declaration," attached hereto as Exhibit 1), and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Trust (the "Rosenbaum Declaration"), annexed hereto as Exhibit 2.

2.      The Trust examined the proofs of claim identified on Exhibit A to the Proposed Order as well as the Books and Records (defined below) the Debtors maintained in the ordinary course of business, and determined that the proofs of claim listed on Exhibit A

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1126144

(collectively, the "Res Judicata Borrower Claims") are not liabilities of the Debtors because such claims are barred by the doctrine of res judicata, and, in certain cases, are also asserted against the wrong Debtor in the Chapter 11 Cases.

3.       These determinations were made after the holders of the Res Judicata Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims.  Accordingly, the Trust seeks entry of the Proposed Order disallowing and expunging the Res Judicata Borrower Claims from the Claims Register (defined below) in their entirety.

4.       The proofs of claim identified on Exhibit A annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

5.       The Trust expressly reserves all rights to object on any other basis to any Res Judicata Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

6.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2]       The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1126144

## BACKGROUND

*General Case Background*

7.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

9.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137].

10.     The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court.  See Plan, at Art. IV.F.  The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims."  See id.

4

*Claims-Related Background*

11.     On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

12.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

13.     To date, approximately 7,353 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

14.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

15.     The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").    Based on

substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors and the Trust, as successor to the Debtors, to follow before objecting to certain categories of Borrowers Claims.[3]  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

16.    Through the claims reconciliation process, the Trust identified the Res Judicata Borrower Claims as claims filed by Borrowers that fail to establish a liability against any of the Debtors because they are barred by the doctrine of res judicata.  Further, the Trust determined that these Borrowers failed to provide any explanation or attach any supporting documentation to substantiate the validity of the asserted claim and/or the inapplicability of said doctrine.

17.    In May, June, and July of 2013, the Debtors sent Request Letters, substantially in the form annexed hereto as Exhibit 3, to those Borrowers who filed the Res Judicata Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of their claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief

---

[3]    The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel.  As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.).  In connection with the Objection, it is the Trust's understanding that both the Debtors and Special Counsel complied with the Borrower Claim Procedures as set forth herein and the Objection.  Because the Creditors' Committee was dissolved as of the Plan Effective Date, the Trust did not consult with Special Counsel prior to filing the Objection.

6

from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Exhibit 3, Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.  Moreover, the Request Letters specifically request (i) that the claimant indicate whether the basis for and amount of the claim contained in the claimant's claim are the same or different in any way from the claim asserted in claimant's lawsuit against the Debtors and (ii) to the extent that claimant's lawsuit has been dismissed or withdrawn, that the claimant provide a specific explanation as to why the claimant believes he or she is still owed money or entitled to other relief from one or more of the Debtors.  See id.; see also Delehey Declaration ¶ 7.

18.    The Response Deadline has passed, and the Debtors, or the Trust, as applicable, either did not receive a response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable Res Judicata Borrower Claims.  See Delehey Declaration ¶ 7.

## THE RES JUDICATA BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

19.    Based upon a review of the proofs of claim filed on the Claims Register, the Trust determined that not only should the Res Judicata Borrower Claims identified on Exhibit A annexed to the Proposed Order be disallowed and expunged from the Claims Register because such claims are barred by the doctrine of res judicata, but also because the Books and Records (as defined below), including, as set forth in greater detail below, their internal litigation files, files maintained by external counsel and the Debtors' accounts payable records, do not reflect such liabilities.  Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.  If the Res Judicata Borrower Claims are not disallowed and expunged, then

the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of the Trust's beneficiaries.

20.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

21.    Upon commencement of litigation against them, it was the Debtors' regular practice to retain outside litigation counsel to represent them in the litigation.   The Debtors' in-house attorneys would communicate with litigation counsel as to the conduct of the litigation throughout the pendency of the case.  See Delehey Declaration ¶ 5.  In reviewing the Res Judicata Borrower Claims, the Liquidating Trust, on behalf of the Trust through its cooperation agreement with the Trust,[4] expended considerable resources to diligently review the case notes from the Debtors' internal electronic case management system and the Debtors' internal files relating to the litigation, including relevant underlying documents such as the note, loan agreement and/or deed of trust (the "Litigation File").  See id.  In each case, the Debtors or the Liquidating Trust (on behalf of the Trust), as applicable, also supplemented the Litigation File by reaching out to the outside counsel who handled the litigation to obtain a current update

---

[4]    The ResCap Liquidating Trust and the Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

ny-1126144

as to the status of the litigation, as well as copies of any relevant case dockets, complaints, answers, counterclaims, motions, responsive pleadings and any other relevant documents relating to the underlying litigation.  See id.  The claims set forth in each of the Res Judicata Borrower Claims were compared to the information contained in the Litigation Files (as supplemented with information provided by outside counsel), as well as the Debtors' accounts payable and records, the Debtors' internal servicing notes, as well as and any other relevant documentation (collectively, the "Books and Records").  See id. ¶ 6.

22.    In addition, the Debtors contacted those Borrowers who filed the Res Judicata Borrower Claims with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records; however, the Response Deadline has passed, and the Borrowers who received the Request Letters either failed to respond to the Debtors' requests or did not provide sufficient information to establish a basis for liability.  See Delehey Declaration ¶ 7.

23.    Consequently, the Trust determined that the Books and Records do not reflect any present liability due and owing in relation to the Res Judicata Borrower Claims.  See Delehey Declaration ¶ 8.

24.    The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Burgos v. Hopkins, 14 F.3d 787, 789 (2d. Cir. 1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  See also Mestek, Inc. v. United Pacific Ins., Inc., 40 Mass. App. Ct. 729 (1996) (establishing that a dismissal for failure to state a claim under Mass. R. Civ. P. 12(b)(6) operates as a dismissal on the merits, with res judicata implications).  Moreover, when a judgment is issued by a state court, the preclusive effect of such determination "in a

9

subsequent federal action is determined by the rules of the state where the prior action occurred

. . . ." <u>New York v. Sokol (In re Sokol)</u>, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C.

§ 1738). Therefore, "[i]n applying the doctrine of res judicata, [a court] must keep in mind that a

state court judgment has the same preclusive effect in federal court as the judgment would have

had in state court." <u>Burka v. N.Y.C. Transit Auth.</u>, 32 F.3d 654, 657 (2d. Cir. 1994) (citation

omitted); <u>see, e.g.</u>, <u>Curry v. Pinkas</u>, No. 09-CV-2534F, 2009 WL 4894489, at *3-4 (Mass. Super.

Oct. 2, 2009) (applying Massachusetts law: barring debtor plaintiff's state law claims, initially

brought in a nearly identical prior action that was dismissed for failure to state a claim, because

the prior dismissal was based on an adjudication of the claims on the merits, and therefore barred

the subsequent lawsuit); <u>Licini v. Graceland Florist, Inc.</u>, 32 A.D.2d 825, 826-27 (N.Y. App.

Div. 2006) (applying New York law: finding plaintiff had full and fair opportunity to litigate

issue of damages resulting from alleged breach of commercial lease in prior state court action,

and was barred from re-asserting her claim in a new action based on the doctrine of res judicata).

Similarly, federal courts must apply federal res judicata law when determining the preclusive

effect of prior federal-question federal court decisions.  <u>See</u> <u>Blonder-Tongue Labs. v. Univ. of

Ill. Found.</u>, 402 U.S. 313, 324, n.12 (1971) ("In federal-question cases, the law applied is federal

law."); <u>Heiser v. Woodruff</u>, 327 U.S. 726, 733 (1946) ("It has been held in non-diversity cases,

since <u>Erie v. Tompkins</u>, that the federal courts will apply their own rule of res judicata.").

    25.    Each of the Res Judicata Borrower Claims listed on the <u>Exhibit A</u> to the

Proposed Order is based on state or federal court litigation that has been dismissed with

prejudice as to the Debtors.[5]  <u>See</u> Delehey Declaration ¶ 8.  Specifically, the Res Judicata

---

[5]    The relevant litigation underlying the Res Judicata Claims was initiated prior to the Petition Date and was
resolved either <u>prepetition</u> in the ordinary course of business or <u>postpetition</u> pursuant to the relief provided by
this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a),
and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation
Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and*
(Footnote continues on next page.)

ny-1126144

Borrower Claims set forth on <u>Exhibit A</u> to the Proposed Order are comprised of claims related to litigations adjudicated in the federal courts for the Southern District of Texas and the Eastern District of California, as well as the state courts of New York and Massachusetts. The underlying state and federal court dismissals are final (the dates of which are identified on <u>Exhibit A</u> to the Proposed Order), and none are subject to a pending appeal. <u>See</u> <u>id.</u> The Liquidating Trust, on behalf of the Trust, reviewed the Books and Records with respect to the Res Judicata Borrower Claims, and determined that the Debtor entities have no liability to the Borrowers because such claims are barred by the doctrine of res judicata.

26.    As stated above, at present, none of the Res Judicata Borrower Claims involve litigation that has been appealed by a Borrower. <u>See</u> Delehey Declaration ¶ 8. Further, the appeal period for each underlying litigation comprising the Res Judicata Borrower Claims either expired (i) prior to the Petition Date, whereby the Borrower's right to raise an appeal is not currently subject to the automatic stay, or (ii) during the Chapter 11 Cases, whereby the judgment was entered in connection with an action that was exempt from the automatic stay pursuant to the Supplemental Servicing Order, thereby resulting in a judgment that addressed all of the Borrower's claims against the Debtors. <u>See</u> <u>id.</u> In both cases, time provided to these Borrowers to appeal these judgments has run with finality. Accordingly, to the extent that the Proposed Order indicates that the Res Judicata Borrower Claim is barred by the doctrine of res judicata, the damages asserted in such litigation is not a valid basis for the allowance of a claim against the Debtors in the Chapter 11 Cases.

--------------------------------------------------

(Footnote continued from previous page.)

*Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "<u>Supplemental Servicing Order</u>"). <u>See</u> Delehey Declaration ¶ 8 n.4.

11

27.     Out of an abundance of caution, and in addition to the res judicata basis for objecting to the Res Judicata Borrower Claims, and as further identified on Exhibit A to the Proposed Order under the heading titled "*Reason(s) for Disallowance*," the Trust also objects to certain of the No Liability Borrower Claims on the basis that they assert claims against one or more Debtor as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "Wrong Debtor Claims").  The Liquidating Trust, on behalf of the Trust, diligently reviewed the Books and Records and determined that the Debtors that are the subject of the Wrong Debtor Claims do not have any present liability due and owing in relation to each of the Wrong Debtor Claims.  See Delehey Declaration ¶ 10.  Therefore, to the extent that the "*Reason(s) for Disallowance*" on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Wrong Debtor Claim, the Debtors determined that the claimant has no valid legal justification for asserting a claim against the given Debtor. Nevertheless, if a Wrong Debtor Claims is not expunged as a result of this Objection, the Debtors reserve the right to redesignate the claim to the correct Debtor entity.

28.     Accordingly, to avoid the possibility that the parties that filed the Res Judicata Borrower Claims receive improper recoveries from the Trust, and to ensure the Trust's beneficiaries are not prejudiced by such improper recoveries, the Trust requests that the Court disallow and expunge the Res Judicata Borrower Claims in their entirety.  Further, the Trust reserves the right to object on any other basis to any Res Judicata Borrower Claim as to which the Court does not grant the relief requested herein.

## NOTICE

29.     The Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order. The Trust submits that no other or further notice need be provided.

12

## NO PRIOR REQUEST

30.     No previous request for the relief sought herein as against the holders of

the Res Judicata Borrower Claims has been made by the Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  February 10, 2014
        New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower Claims
Trust*

13

## Exhibit 1

**Delehey Declaration**

ny-1126144

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
                                      )

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

--------------------------------------------------------------)

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF THE RESCAP**
**BORROWER CLAIMS TRUST'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS**
**(RES JUDICATA BORROWER CLAIMS)**

I, Lauren Graham Delehey, hereby declare as follows:

        1.      I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), and previously served as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I joined ResCap on August 1, 2011 as in-house litigation counsel.

        2.      In my role as Chief Litigation Counsel at ResCap, I was responsible for the management of litigation, including residential mortgage-related litigation, class actions, mass actions and multi-district litigation.  In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court.  In my current position as Chief Litigation Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and Borrower Claims Trust in connection with the claims

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

reconciliation process.[2]  I am authorized to submit this declaration (the "<u>Declaration</u>") in support

of the *ResCap Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata*

*Borrower Claims)* (the "<u>Objection</u>").[3]

       3.      Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations, information learned from my

review of relevant documents and information I have received through my discussions with other

former members of the Debtors' management or other former employees of the Debtors, the

Debtors' and the Trust's professionals and consultants, and/or Kurtzman Carson Consultants

LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could

and would testify competently to the facts set forth in the Objection on that basis.

       4.      In my current and former capacities as Chief Litigation Counsel to the

Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation

process.  Except as otherwise indicated, all statements in this Declaration are based upon my

familiarity with the Debtors' Books and Records (defined below), including their internal

litigation files, files maintained by external counsel and the Debtors' accounts payable records,

as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed

in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of

claims, and/or my review of relevant documents.  I or my designee at my direction have

reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by

the claimants listed on <u>Exhibit A</u> to the Proposed Order.  Since the Plan went effective and the

---

[2]     The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

[3]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

Trust established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have consulted with the Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel, under my supervision, and their professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Litigation Files (defined below), (iv) the Schedules, (v) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.    Upon commencement of litigation against them, it was the Debtors' regular practice to retain outside litigation counsel to represent their interests and I or another member of the in-house litigation group would communicate with and direct litigation counsel regarding the conduct of the litigation throughout the life of the case.  In reviewing the Res Judicata Borrower Claims, the Debtors expended considerable resources to diligently review the case notes from their internal electronic case management system and their internal files relating to the litigation, including relevant underlying documents such as the note, loan agreement and/or deed of trust (the "Litigation File").  In each case, the Debtors also supplemented the Litigation File by reaching out to the outside litigation counsel who handled the litigation to obtain a current update as to the status of the litigation, as well as copies of any relevant case dockets, complaints, answers, counterclaims, motions, responsive pleadings orders, judgments and any other relevant documents relating to the underlying litigation.

6.    Further, the Debtors and Liquidating Trust expended considerable resources to diligently analyze each of the Res Judicata Borrower Claims and compare the claims

3

set forth therein to the information contained in the Litigation Files (as supplemented with
information provided by outside counsel), as well as the Debtors' accounts payable and records,
the Debtors' internal servicing notes, and any other relevant documentation (collectively, the
"Books and Records").

7.      In accordance with the Borrower Claim Procedures, the Debtors also
contacted those Borrowers who filed the Res Judicata Borrower Claims with insufficient or no
supporting documentation and requested that they provide additional information so that the
Debtors could reconcile such claimants' filed claims with the Books and Records.  In May, June,
and July of 2013, the Debtors sent Request Letters, substantially in the form attached as Exhibit
3 to the Objection, to the applicable Borrowers requesting additional documentation in support of
their respective Res Judicata Borrower Claims.   Among other things, the Request Letters
specifically request (i) that the claimant indicate whether the basis for and amount of the claim
contained in the claimant's claim are the same or different in any way from the claim asserted in
claimant's lawsuit against the Debtors and (ii) to the extent that claimant's lawsuit has been
dismissed or withdrawn, that the claimant provide a specific explanation as to why the claimant
believes he or she is still owed money or entitled to other relief from one or more of the Debtors.
 The 30-day Response Deadline has passed, and Borrowers who received the Request Letters
either failed to respond to the Debtors' requests or failed to provide sufficient information to
establish a basis for liability.

8.      After a thorough review of the Res Judicata Borrower Claims listed under
the heading *"Claims to be Disallowed and Expunged"* on Exhibit A to the Proposed Order, the
Debtors' Books and Records do not reflect any present liability due and owing in relation to the
Res Judicata Borrower Claims because each of the Res Judicata Borrower Claims listed on

4

Exhibit A to the Proposed Order is based on state or federal court litigation that was dismissed with prejudice as to the Debtors. Further, none of the underlying state and federal court dismissals is subject to a pending appeal, and the period in which such appeals may have been timely brought by these Borrowers either expired (i) prior to the Petition Date, or (ii) during the Chapter 11 Cases, whereby the judgment was entered in connection with an action that was exempt from the automatic stay pursuant to the Supplemental Servicing Order, thereby resulting in a judgment that addressed all of the Borrower's claims against the Debtors.[4]

9.      In my capacity as In-House Litigation Counsel, I, or another member of the company's in-house litigation team, oversaw local counsel handling the underlying litigation in the Res Judicata Borrower Claims set forth on Exhibit A to the Proposed Order, which are comprised of claims related to litigations adjudicated in certain federal courts as well as the state courts of New York and Massachusetts. In connection with the Objection, I sought local counsel's assistance preparing Exhibit A to the Proposed Order. Counsel confirmed that the parties who filed the Res Judicata Borrower Claims were the same parties who had previously been a party to litigation against the Debtors. I, or individuals whom I oversee, then examined the Res Judicata Borrower Claims to confirm that the basis for these claims were the same as the allegations made in the underlying litigation that were previously adjudicated by state or federal courts.

---

[4]    The relevant litigation underlying the Res Judicata Borrower Claims was initiated prior to the Petition Date and was resolved either prepetition in the ordinary course of business or postpetition pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order").

10.     In addition to the res judicata basis, and as further identified on <u>Exhibit A</u> to the Proposed Order under the heading titled "*Reason(s) for Disallowance*," the Trust also objects to certain of the Res Judicata Borrower Claims on the basis that they assert claims against one or more Debtor as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "<u>Wrong Debtor Claims</u>").   The Debtors and Liquidating Trust diligently reviewed the Books and Records and determined that the Debtors that are the subject of the Wrong Debtor Claims do not have any present liability due and owing in relation to each of the Wrong Debtor Claims.

11.     Prior to the Effective Date of the Plan, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, regarding the furnishing of the Request Letters to the holders of the Res Judicata Borrower Claims.

12.     Accordingly, based upon this review, and for the reasons set forth in the Objection and <u>Exhibit A</u> to the Proposed Order, I have determined that each Res Judicata Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 10, 2014

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for The ResCap
Liquidating Trust

6

## Exhibit 2

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | |
|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF THE RESCAP**
**BORROWER CLAIMS TRUST'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS**
**(RES JUDICATA BORROWER CLAIMS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.    I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F

maintains offices for the practice of law, among other locations in the United States and

worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney

duly admitted to practice before this Court and the courts of the State of New York.  By this

Court's Order entered on July 16, 2012, M&F was retained as counsel to Debtors,[1] and

subsequent to the effectiveness of the confirmed Plan, M&F has been engaged by the Trust.

2.    I submit this declaration (the "<u>Declaration</u>") in support of The ResCap Borrower

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Objection.

Claims Trust's Sixtieth Omnibus Objection to Claims (the "Objection") and in compliance with

this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States

Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of

Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim

Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No.

3294] (the "Claims Objection Procedures Order").

3.      It is my understanding that in connection with the filing of the Objection, prior to

the Effective Date of the Plan, the Debtors and the Trust have complied with the Borrower Claim

Procedures.  I have been advised by M&F attorneys under my supervision that, prior to the

Plan's Effective Date, in accordance with the Claims Objection Procedures Order, prior to filing

the Objection, the Debtors, first reviewed a preliminary Borrower Claim List (as such term is

defined in the Procedures Order), which included each proof of claim that the Debtors intended

to include in the Objection (the "Objection Claim List"), determined if such claims contradicted

the information in the Debtors' books and records, and then confirmed the Objection Claim

List's accuracy.  Thereafter, the Debtors determined that each claimant on the Objection Claim

List should receive a Request Letter.

4.      To the best of my knowledge, the Debtors sent a Request Letter to those

Borrowers that the Debtors and SilvermanAcampora LLP, Special Counsel to the Creditors'

Committee, agreed should receive a Request Letter, with the Debtors providing copies of such

letters to Special Counsel.

5.      Except as otherwise set forth herein, to the best of my knowledge, prior to the

filing of the Objection, the Debtors and the Trust have fully complied with all other relevant

ny-1126772

terms of the Claims Objection Procedures.[2]

I declare under penalty of perjury that the foregoing is true and correct.


Executed in New York, New York on February 10, 2014


/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

---

[2]    The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel.  As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.).  In connection with the Objection, it is my understanding that, prior to the Effective Date of the Plan, both the Debtors and Special Counsel complied with the Borrower Claim Procedures in connection with the furnishing of the Request Letters as set forth herein and the Objection.  Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Trust did not consult with Special Counsel prior to filing the Objection.

## Exhibit 3

**Request Letter**

# ResCap                    MORRISON | FOERSTER

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**<u>For Those With a Mortgage Loan Originated or Serviced by One of the Debtors</u>**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**<u>Questions</u>**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**<u>You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;</u>**

      (i)      **<u>Claims.Management@gmacrescap.com</u>**; or
      (ii)     **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**


**<u>Please mark each document you send with the Claim Number referenced above.</u>**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

    MORRISON | FOERSTER

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**<u>The Information we Need From You Regarding Your Proof of Claim</u>:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  According to our records, you have filed a lawsuit against one or more of the Debtors.  Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors.  Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim.  If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**<u>You Must Respond to this Letter by no Later Than July 22, 2013</u>:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases).  You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim.  A form is included with this letter to assist you in responding to our request for additional information.

**<u>Consequences of Failing to Respond</u>:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim.  If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        (i)      **Claims.Management@gmacrescap.com; or**
        (ii)     **Residential Capital, LLC**
                    **P.O. Box 385220**
                    **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

   **MORRISON** | **FOERSTER**

Claim Number: XXXX

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:**

      (i)     **Claims.Management@gmacrescap.com; or**
      (ii)    **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.

## Exhibit 4

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
                                                    )
In re:                                              )      Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )      Chapter 11
                                                    )
                              Debtors.              )      Jointly Administered
                                                    )
------------------------------------------------------------   )

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S SIXTIETH**
<u>**OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)**</u>

Upon the sixtieth omnibus objection to claims, dated February 10, 2014 [Docket

No. _____] (the "<u>Sixtieth Omnibus Claims Objection</u>")[1] of The ResCap Borrower Claims Trust

(the "<u>Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters,

seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Res Judicata

Borrower Claims on the basis that such claims are invalid under principles of res judicata and/or

having been filed against the wrong Debtor entity, all as more fully described in the Sixtieth

Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the

Sixtieth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of

the Sixtieth Omnibus Claims Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
      in the Sixtieth Omnibus Claims Objection.

§§ 1408 and 1409; and due and proper notice of the Sixtieth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Sixtieth Omnibus Claims Objection and the Declaration of Lauren Graham Delehey and the Declaration of Norman S. Rosenbaum, annexed to the Sixtieth Omnibus Claims Objection as Exhibit 1 and Exhibit 2, respectively; and the Court having found and determined that the relief sought in the Sixtieth Omnibus Claims Objection is in the best interests of the Debtors' estates, the Debtors' creditors, and all parties in interest and that the legal and factual bases set forth in the Sixtieth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Sixtieth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Sixtieth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "Res Judicata Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Res Judicata Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Sixtieth Omnibus Claims Objection, as provided

therein, shall be deemed good and sufficient notice of such objection, and the requirements of

Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by

such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order,

and the Trust's and any party in interest's rights to object on any basis are expressly reserved

with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Res

Judicata Borrower Claims identified on Exhibit A, annexed hereto, as if each such Res Judicata

Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2014
      New York, New York


                          _____
                          THE HONORABLE MARTIN GLENN
                          UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Court Case | Judgement Date |
|---|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | | |
| 1 | Allison L. Randle<br>83 Whitney Street<br>Northborough, MA 01532-1429 | 4133 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$234,200.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | Commonwealth of Massachusetts, Land Court (No. 09 MISC 408202) | Judgment Oct 12, 2010, reconsideration denied August 26, 2011. Appeal period has expired. |
| 2 | Allison L. Randle<br>83 Whitney Street<br>Northborough, MA 01532-1429 | 4199 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$234,200.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Res Judicata Claim | Commonwealth of Massachusetts, Land Court (No. 09 MISC 408202) | Judgment Oct 12, 2010, reconsideration denied August 26, 2011. Appeal period has expired. |
| 3 | Bernadette M. Johnlewis/// Gambles Contractors<br>Bernadette Johnlewis<br>2219 Truxillo<br>Houston, TX 77004 | 2088 | 11/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$442,684.69 General Unsecured | Residential Funding Company, LLC | 12-12019 | Res Judicata Claim | USDC Southern District of TX (Case 4:12 cv 03360) | Judgment Sept 20, 2013. Appeal period has expired. Appeal was not stayed as against the debtor pursuant to the Supplemental Servicing Order. |
| 4 | Bernadette M. Johnlewis/// Gambles Contractors<br>2219 Truxillo<br>Houston, TX 77004 | 2086 | 11/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$442,684.69 General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim; Wrong Debtor Claim | USDC Southern District of TX (Case 4:12 cv 03360) | Judgment Sept 20, 2013. Appeal period has expired. Appeal was not stayed as against the debtor pursuant to the Supplemental Servicing Order. |
| 5 | Bernadette M. Johnlewis/// Gambles Contractors<br>2219 Truxillo<br>Houston, TX 77004 | 2050 | 10/31/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$442,684.69 General Unsecured | Residential Asset Securities Corporation | 12-12054 | Res Judicata Claim | USDC Southern District of TX (Case 4:12 cv 03360) | Judgment Sept 20, 2013. Appeal period has expired. Appeal was not stayed as against the debtor pursuant to the Supplemental Servicing Order. |
| 6 | Bernadette M. Johnlewis/// Gambles Contractors<br>2219 Truxillo<br>Houston, TX 77004 | 2071 | 11/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$442,684.69 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | USDC Southern District of TX (Case 4:12 cv 03360) | Judgment Sept 20, 2013. Appeal period has expired. Appeal was not stayed as against the debtor pursuant to the Supplemental Servicing Order. |
| 7 | Eulan Euba<br>Legal Services for the Elderly in Queens<br>97-77 Queens Blvd, Ste 600<br>Rego Park, NY 11374 | 5273 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$300,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Res Judicata Claim | Supreme Court, Kings County, NY (Index No. 16890/05) | Judgement Nov 25, 2008. Affirmed Nov 9, 2010. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Court Case | Judgement Date |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Janice K. Kittler & Leslie Kittler 21051 Flaming Arrow TR. Ste 117 Crosby, TX 77532 | 5690 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $45,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim; Wrong Debtor Claim | USDC Southern District of TX (Case 4:12 cv 00902) | Judgment Jun 28, 2013. Appeal period has expired. Appeal was not stayed as against the debtor pursuant to the Supplemental Servicing Order. |

Claims to be Disallowed and Expunged