**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTIONS OF CORLA JACKSON (1) FOR INJUNCTION, (2) FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED TO TRIAL, AND (3) TO CORRECT NAME ON THE COMPLAINT**

Pending before the Court are two motions filed by Corla R. Jackson ("Jackson"): (1) the *Motion for Injunction/Motion for Automatic Stay Motion for Relief of Automatic Stay/Stay Order; Motion to Correct Name on the Complaint; Motion to Lift Automatic Stay/Motion to [Proceed] to Trial* (the "First Motion," ECF Doc. # 6198) and (2) the *January 13, 2014 Motion for Relief of Automatic Stay and Lift Automatic Stay to Proceeding to Trial; January 13, 2014 Motion for Injunction* (the "Second Motion," ECF Doc. # 6286, and, together with the First Motion, the "Motions").[1] While not precisely styled as motions for reconsideration, that is what the Motions effectively are and that is how the Court will treat them. Through the Motions, Jackson asks the Court to reconsider its rulings denying Jackson's requests to lift the automatic stay, ostensibly to block an ejectment proceeding brought against Jackson in state court in Alabama. For the reasons explained below, the Motions are **DENIED**.

This Court has previously denied four motions filed by Jackson seeking relief from this Court to lift the automatic stay. On August 16, 2012, the Court issued its *Memorandum Opinion*

---

[1] Jackson has not paid the filing fees associated with the Motions. The Court nevertheless deals with the Motions on the merits. But Jackson may *not* file any further motions in this Court without paying the filing fees. Jackson's reconsideration motions are frivolous. Any future motions or pleadings raising the same issues that Jackson has now raised with this Court on numerous occasions would be frivolous and may result in the imposition of sanctions.

*and Order Denying the Jackson Motion to Lift the Automatic Stay* (ECF Doc. # 1184); on October 4, 2012, the Court issued its *Order Denying Corla Jackson Motion in Reference to Stay Order Violations and Fraud by GMAC* (ECF Doc. # 1720); on January 28, 2013, the Court issued its *Order Denying Motion for Reconsideration of Corla Jackson* (ECF Doc. #2724); and also on January 28, 2013, the Court issued its *Order Denying Motion of Corla Jackson* (ECF Doc. # 2725).[2]

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

---

[2] Familiarity with the facts set forth in the Court's previous orders is assumed.

2

Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which sets forth the grounds on which a court may grant relief to a party from a final order. Rule 9024 provides that relief from an order can be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). "A motion for reconsideration should be granted *only* when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (emphasis added). As a preliminary matter, Jackson has not identified any intervening change of controlling law. Additionally, her Motions do not rely on new evidence. Thus, in order to prevail on her Motions, she must show the need to correct clear error of law or prevent manifest injustice. *See id.* She fails to do so.

Jackson's latest Motions restate verbatim portions of her previous stay relief motions and portions of the proof of claim she filed in this case (Claim No. 4443).[3] The First Motion repeats arguments Jackson already made in her previous stay relief motions, including her contentions that GMAC Mortgage, LLC ("GMACM") does not own her mortgage or note, that GMACM is

---

[3] Jackson's proof of claim was expunged by this Court's *Memorandum Opinion and Order Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson* (ECF Doc. # 6363). Familiarity with the facts set forth in the Court's opinion is assumed.

3

violating the orders issued by the United States Bankruptcy Court for the Southern District of Alabama (the "Alabama Bankruptcy Court"), and that Jackson's ejectment action should be stayed pursuant to Bankruptcy Code section 362(a).[4]  Consistent with her filings in this case, Jackson maintains that any action taken by GMACM to collect Jackson's debt on her property "[i]s [e]rror [o]f [t]he [c]ourt [o]r [f]raud [o]f [t]he [c]ourt [o]r [c]orruption."  (First Motion at 5.)  All of these arguments have been made previously and are not grounds upon which a court may grant a motion for reconsideration.

The Second Motion contains the only new material Jackson offers:  attachments of orders issued by the Circuit Court of Mobile County, Alabama (the "Alabama Court") in Jackson's ejectment proceeding (Case No. CV-2013-902219.00) and a motion Jackson filed on January 13, 2014, seeking reconsideration of the Alabama Court's recent decision denying her "Motion for Objection of Ejectment and Contract of Ejectment."  (Second Motion, Ex. "Motion to Reconsider" and Ex. A.)

Jackson's Motions fail to satisfy the standards for reconsideration.  Jackson has not introduced any new evidence related to the Court's previous stay relief decisions or established that the Court's orders and opinions are based upon a "clear error of law."  To the extent Jackson does provide new information, it is related to an ejectment proceeding in the Alabama Court over which this Court has no jurisdiction.  As the Court stated in its previous orders, "'Jackson can

---

[4]     Of course, to the extent Jackson's contentions are based upon GMACM's chapter 11 bankruptcy, pursuant to the Court's *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (ECF Doc. # 391), the automatic stay in GMACM's bankruptcy was modified to allow GMACM to pursue actions such as Ms. Jackson's ejectment action.  To the extent Jackson's contentions are based upon her own bankruptcies, for the reasons stated in the Court's *Order Denying Corla Jackson Motion in Reference to Stay Order Violations and Fraud by GMAC* (ECF Doc. # 1720 at 3 n.1) and in the *Memorandum Opinion and Order Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson* (ECF Doc. # 6363 at 4–8), no automatic stay exists against the ejectment proceedings in relation to Jackson's bankruptcies.

4

assert any *defenses* to eviction permitted by state law if and when anyone seeks to recover possession of the Property.'" (*Order Denying Corla Jackson Motion in Reference to Stay Order Violations and Fraud by GMAC*, ECF Doc. # 1720, at 2 (quoting *Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay*, ECF Doc. # 1184, at 2 n.2).) According to the documents Jackson attached to the Second Motion, she *did* assert defenses in the ejectment proceeding in the Alabama Court and that court concluded that she "failed to carry her burden of proof and/or to present sufficient evidence indicating that [her] pending ejectment claim should be dismissed." (Second Motion, Ex. A at 15.) This Court has no authority to review the decisions of the Alabama Court.

Moreover, Jackson identifies no new controlling law that should alter the Court's analysis. In fact, Jackson fails to provide any legal authority for the relief requested but instead merely restates her previous pleadings. A motion for reconsideration is not an opportunity to reargue past motions. Indeed, a motion for reconsideration should not be granted where a party merely seeks reconsideration of issues already decided. *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Furthermore, Jackson's Motions are not timely. The First Motion was received on December 27, 2013 and the Second Motion was received on January 14, 2014. Jackson's most recent motions for reconsideration (ECF Doc. ## 6198, 6286) were both denied by the Court on January 28, 2013. Under Rule 59, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Rule 60 is more flexible than Rule 59, and requires that a motion for relief from a final judgment, order, or proceeding "be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Jackson did not file her

5

motions "within a reasonable time." All of the legal arguments asserted in the Motions have been explored in Jackson's previous filings and are not a result of an intervening change of controlling law. It is clear that Jackson brings the Motions in light of the ejectment proceedings in the Alabama Court, considering the information related to the ejectment proceedings is the only new material provided to the Court in the Motions, but, as stated above, the Court has no authority to review the decision of the Alabama Court. Moreover, the Alabama Court's decision does not alter this Court's previous rulings on Jackson's motions for relief from the automatic stay.

Therefore, based on the foregoing, the Motions are **DENIED**.

**IT IS SO ORDERED.**

Dated:    February 11, 2014
          New York, New York

                                    _____/s/Martin Glenn_____
                                         MARTIN GLENN
                                    United States Bankruptcy Judge