MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**OBJECTION OF THE BORROWER CLAIMS TRUST TO MOTIONS OF**
**KAREN MICHELE ROZIER FOR PAYMENT ON CLAIMS**

The ResCap Borrower Claims Trust (the "<u>Trust</u>") established pursuant to the terms of the Plan (defined below) in the above-captioned Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the above-captioned debtors (collectively, the "<u>Debtors</u>") with respect to borrower claims (defined below), by and through its undersigned counsel, hereby files this Objection (the "<u>Objection</u>") to *Karen Michele Rozier's Request for Payment from Executive Trustee Services, LLC d/b/a ETS, LLC* [Docket No. 6173] and *Karen Michele Rozier's Request for Payment from GMAC Mortgage, LLC* [Docket No. 6173-1] (collectively, the "<u>Motion</u>"). In support of this Objection, the Trust represents as follows:

ny-1124119

**BACKGROUND**

1. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

3. On or about September 27, 2012, Movant commenced an action titled *Karen M. Rozier, et al. v. U.S. Bank, et al.*, Case No. 30-2012 00601310, commenced in the Superior Court of California, County of Orange (the "California Action"). The California Action is based on allegations of wrongful foreclosure and other claims against GMACM and Executive Trustee Services, LLC ("ETS"), among other defendants, set forth in Movant's *First Amended Verified Complaint for Injunctive Relief to Set Aside Trustee Sale, Enjoin Foreclosure Sale and Fraud*,

filed on or about October 29, 2012 (as amended, the "Complaint").[1] On December 4, 2012, GMACM and ETS filed a *Notice of Bankruptcy Stay and Suggestion of Automatic Stay* in the California Action (the "Bankruptcy Notice") and mailed a corresponding letter to Movant notifying Movant of the Chapter 11 Cases and her violation of the automatic stay should she continue prosecuting certain claims for which the automatic stay has not been modified in the Chapter 11 Cases.[2] On or about February 4, 2013 and June 11, 2013, respectively, Movant further amended the Complaint to, among other things, add Residential Funding Company, LLC ("RFC," together with GMACM and ETS, the "Debtor Defendants") as a Debtor Defendant. In response, the Debtors mailed Movant additional letters, dated February 11, 2013 and June 18, 2013, respectively, reminding Movant of the Bankruptcy Notice and potential violations of the automatic stay.[3] The Bankruptcy Notice and these additional letters are annexed hereto as Exhibit 1.

4. On or about November 14, 2012, Karen Michele Rozier ("Movant") filed a proof of claim, number 4738 (the "GMACM Claim"), against Debtor GMAC Mortgage, LLC ("GMACM") asserting a claim in the amount of $666,000. The GMACM Claim is allegedly on account of, among other things, the claims set forth in Movant's Complaint.

---

[1] It is the Debtors' and the Trust's understanding that Ocwen Loan Servicing, LLC ("Ocwen") foreclosed on Movant's property, but unwound the foreclosure as a result of Movant's representation to Ocwen that she believed that the sale date would be postponed by two weeks. The California Action, among other things, was generally filed by Movant in an effort to stop the foreclosure from going forward.

[2] Specifically, the Debtors stated that based on their review of the status of the California Action and claims asserted therein, the only claim against the Debtor Defendants that is permitted under the final supplemental order entered by the Court [Docket No. 774], which modified the automatic stay to allow borrowers involved in certain foreclosure and eviction proceedings to raise defenses, claims and counterclaims, is the wrongful foreclosure claim. All other claims, such as intentional infliction of emotional distress, conspiracy to commit fraud, among others, are outside the scope of relief covered by that order.

[3] There is a hearing on a motion to dismiss the California Action, as well as a motion for sanctions, scheduled for March of 2014.

5. On or about November 16, 2012, Movant filed another proof of claim, number 5632 (the "ETS Claim" and together with the GMACM Claim, the "Claims"), against Debtor ETS asserting a claim in the amount of $666,000 also on account of the allegations set forth in the Complaint. As of the date of the Objection, neither the Debtors nor the Trust have filed an objection to the Claims, but reserve all rights to do so in accordance with the Plan (defined below).

6. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137].

7. The Plan provides for the creation and implementation of the Trust, which is established for the benefit of borrowers who filed borrower claims to the extent such claims are ultimately allowed either through settlement by the Trustee for the Trust or pursuant to an Order of the Court. See Plan, Art. IV.F. The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." See id.

8. On December 23, 2013, Movant filed the Motion seeking payment from the Debtors in the aggregate amount of $29,841,120.01, which is comprised of: (i) $666,000, which

is equivalent to 100% of the face amount of the ETS Claim <u>and</u> (ii) $29,175,120.01 (which is 30.1% of $96,927,309.00) on account of the GMACM Claim.

9. For the reasons discussed herein, the Motion should be denied.

## **ARGUMENT**

10. The Motion—which seeks payment in an aggregate amount of nearly $30 million (even though the Claims are each filed in the amount of $666,000)—should be denied because there is no basis for any of the relief sought. Under the Plan, the Trust retains the right to object to all or any part of the claims pending against the Debtors. The Trust has not yet made any final determination with respect to the Claims, although it expects it will likely object to them.

11. Movant is not entitled to any current distribution on her Claims, and would only be so entitled if and when the Claims were to become Allowed Borrower Claims (in whole or in part). Although Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that the Debtors object to claims by a date certain in their Chapter 11 Cases. <u>See e.g.</u>, 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.") (no deadline specified for objection); Bankruptcy Rule 3007(a) ("An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.") (no deadline specified for objection).[4]

---

[4] On or about January 27, 2014, Movant filed two separate requests for payment of administrative expense claims purportedly based on Movant's assertions set forth in the Claims and subsequently the Motion [Docket Nos. 6401, 6402]. Although Movant provides no support for such requests, the ResCap Liquidating Trust, the Debtors and Trust reserve all rights with respect to such requests and such requests will be addressed by an appropriate reply.

5

ny-1124119

12. As discussed in the *Direct Testimony of William R. Thompson* [Docket No. 5713] (the "Thompson Testimony"), which was admitted into evidence at the confirmation hearing, the Debtors (and now the Trust) continue to evaluate their potential exposure to the remaining population of individual Borrower Claims to which no objection has been filed to date. See Thompson Testimony ¶¶ 37-40, 48-49. While the Debtors (and more recently, the Trust) have filed fifty-nine omnibus claims objections, as well as numerous individual claims objections, to date, there remains several hundred Borrower Claims, including the Claims filed by Movant, which the Trust needs to analyze and evaluate in order to determine whether such claims should be allowed (as filed), reduced, or disallowed.

13. Under the Plan, the Trust's Claims Objection Deadline is either "(i) two hundred seventy (270) days following the Effective Date or (ii) such other later date the Bankruptcy Court may establish upon a motion by the Liquidating Trust, which motion may be approved without a hearing and without notice to any party." See Plan at Art. I.A.54. In other words, the Trust has until September 13, 2014[5] to object to Borrower Claims, and may seek to extend this deadline upon a motion to the Court. If the Trust ultimately seeks to object to either or both of the Claims, Movant will receive notice of any action the Trust intends to take with respect to the Claims and, like every other creditor, will be given an opportunity to respond. Accordingly, there is no reason or basis to approve the relief requested in the Motion, particularly given that the Trust has ample time in which to conduct its analysis and make its determination as to the treatment of the Claims.

---

[5] The Plan provides that Bankruptcy Rule 9006(a) applies when computing any period of time prescribed or allowed in the Plan. Accordingly, since 270 days from the December 17, 2013 effective date is Saturday, September 13, 2014, Monday, September 15, 2014 is the applicable date for this computation. See Plan at Art. I.C.

14. This Court has recognized that claimants "are only entitled to receive payment on their claims in connection with a confirmed plan of reorganization, and only after the Debtors determine that their claims are allowed and no longer subject to objection." See *Order Denying the Lewises' Emergency Motion for Order to Distribute Payment of Claim Nos. 932 and 933* [Docket No. 2588]. See also Bankruptcy Rule 3021 ("after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). While the Plan has been confirmed and has gone effective, there has not yet been a determination by the Court or an acknowledgement by the Trust that the Claims are allowed and no longer potentially subject to objection. Thus, at this time, Movant is not entitled to any distribution on account of the Claims.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion, and grant such other relief as is just and proper.

Dated: February 11, 2014
New York, New York

By: /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212)-468-8000
Fascimile: (212)-468-7900

*Counsel for The ResCap Borrower Claims Trust*