**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER OF CONFIDENTIALITY IN CONNECTION WITH
THE SETTLEMENT OF THE PROOFS OF CLAIM OF
LANDON ROTHSTEIN, *ET AL.*, AGAINST RESIDENTIAL CAPITAL, LLC
(CLAIM NO. 3966) AND GMAC MORTGAGE, LLC (CLAIM NO. 4074)**

Claimants Landon Rothstein, Jennifer Davidson, Robert Davidson, and Ihor Kobryn (collectively, "Named Plaintiffs"), and on behalf of themselves and a putative class of similarly situated individuals, and Residential Capital, LLC ("ResCap") and its debtor affiliates (collectively, the "Debtors" or "Post-Effective Date Debtors"), the ResCap Liquidating Trust (the "Liquidating Trust"), and The ResCap Borrower Claims Trust (the "Borrowers Trust")[1] (collectively with the Named Plaintiffs, the Debtors, the Liquidating Trust, and the Borrowers Trust, the "Parties" or each individually, a "Party") hereby stipulate and agree, pursuant to Rules 23 and 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7023 and 7026 of the Federal Rules of Bankruptcy Procedure, respectively, to this Stipulation and Order of Confidentiality (the "Stipulation and Order") in the Debtors' chapter 11 cases (collectively the "Chapter 11 Cases"), which are being jointly administered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Case No. 12-12020.

---

[1] Each of the ResCap Liquidating Trust and The ResCap Borrower Claims Trust were created pursuant to the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Plan"). The Plan was confirmed by the Court pursuant to an order dated December 11, 2013 [Docket no. 6065]. The Effective Date (as such term is defined in the Plan) occurred on December 17, 2013.

**WHEREAS**:

A. On May 14, 2012, the Debtors, including GMAC Mortgage, LLC ("GMACM"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court;

B. Named Plaintiffs are plaintiffs in a putative class action lawsuit, captioned *Rothstein, et al. v. GMAC Mortgage, LLC, et al.,* No. 12-cv-3412 (S.D.N.Y. 2012) (the "Rothstein Action," and together with the Chapter 11 Cases, the "Actions");

C. Named Plaintiffs assert claims in the Rothstein Action against Balboa Insurance Company, Meritplan Insurance Company, and Newport Management Corporation (collectively, the "Balboa Defendants"), and against Ally Financial Inc. ("AFI") and Ally Bank (the "Ally Defendants"), which were formerly non-debtor affiliates of the Debtors;

D. None of the Debtors are named as defendants in the Rothstein Action.

E. All parties to the Rothstein Action are subject to a Stipulated Protective Order (Docket No. 47) (the "Rothstein Stipulated Protective Order"), which protects confidential materials produced by parties and non-parties from disclosure as is set forth in the Rothstein Stipulated Protective Order;

F. Named Plaintiffs, on behalf of themselves and a putative class of similarly situated individuals, filed proofs of claim in the Chapter 11 Cases against ResCap (Claim No. 3966) and GMACM (Claim No. 4074) (the "Claims")), based on the same transactions and occurrences alleged in the Rothstein Action;

G. On or about September 20, 2013, Named Plaintiffs reached an agreement in principle with GMACM, ResCap, AFI, and Ally Bank to resolve the putative class claims asserted by the Named Plaintiffs against AFI and Ally Bank in the Rothstein Action as well as

the putative class proofs of claim asserted by the Named Plaintiffs against GMACM and ResCap in the Chapter 11 Cases (the "Proposed Settlement");

H.    The Proposed Settlement does not resolve any of the claims that Named Plaintiffs have asserted on behalf of themselves or the putative class against the Balboa Defendants in the Rothstein Action, which claims continue to be litigated;

I.    As of the date hereof, the Parties are preparing a stipulation and agreement formalizing the Proposed Settlement (the "Settlement Stipulation") together with other papers to be filed with the Bankruptcy Court for preliminary and final approval of the Proposed Settlement;

J.    In order to effectuate the Proposed Settlement, and, specifically, in order to (i) identify the potential members of the putative class and provide them with the best notice practicable under the circumstances, (ii) develop and implement a plan of allocation with respect to the proceeds of the Proposed Settlement that is fair and reasonable, and (iii) distribute the proceeds of the Proposed Settlement to class members, the Parties are working to gather data and business records relating to the members of the putative class (the "Class Data"), and business records and information relating to the relevant operations, business practices, and procedures incident to the Class Data (the "Business Practice Information") (together with the Class Data, the "Class Information"), within Debtors' control or reasonably available from Debtors' successors, predecessors, affiliates, and agents;

K.    The Class Data may include Personally Identifiable Information of potential members of the putative class, which includes, *inter alia*, names, Social Security numbers, e-mail addresses, street and city addresses ("PII");

L.    The Parties desire to safeguard the confidentiality of the Class Data, including the PII;

3

M. The Debtors and their successors also desire to safeguard the confidentiality of the Business Practice Information, which they reasonably and in good faith believe to constitute trade secrets or other commercial information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(I)(G), or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; and,

N. Because the putative classes in the Actions are the same and the Actions are based on the same transactions and occurrences, and because of the substantial efficiencies and savings that will inure to the material benefit of the members of the putative class, it is contemplated that the proceeds of the Proposed Settlement will be allocated and distributed at the same time and in a parallel procedure with any additional recoveries obtained on behalf of the putative class in the Rothstein Action, subject to the terms of the Settlement Stipulation and the approval of the relevant courts;

**IT IS HEREBY AGREED THAT**:

1. All Class Information, as well as any information copied or extracted therefrom, and any summaries or compilations thereof, shall automatically be designated "Confidential," and shall be stamped or otherwise inscribed "Confidential" (the "Confidential Class Information"). Electronically Stored Information ("ESI") that is designated as "Confidential" pursuant to this Stipulation and Order shall be so designated by including notice in the body of the electronic document or by affixing a stamp with such notice on the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the electronic data is stored before copies are delivered to the receiving party. Print-outs of any such electronic information designated as Confidential shall be treated in accordance with the terms of this Stipulation and Order.

2.  Confidential Class Information may only be used by counsel for the Named Plaintiffs (hereafter, "Plaintiffs' Counsel") and the Named Plaintiffs for purposes of the Rothstein Action and of effectuating the Proposed Settlement in the Chapter 11 Cases. Plaintiffs' Counsel and Named Plaintiffs are specifically prohibited from using any Confidential Class Information in connection with any other action or proceeding of any kind, including but not limited to the Chapter 11 Cases (except to effectuate the Proposed Settlement).

3.  All communications between Plaintiffs' Counsel and counsel for Debtors or their successors (including the Liquidating Trust and the Borrowers Trust) regarding the production of the Confidential Class Information are and shall be subject to the protection of Rule 408 of the Federal Rules of Civil Procedure. All documents, including, without limitation, any analyses, prepared by Plaintiffs' Counsel or by counsel for Debtors or their successors (including the Liquidating Trust and the Borrowers Trust) relating to the Confidential Class Information but not disclosed to any third party that is not a Party to this Stipulation and Order shall constitute attorney work-product subject to the attorney work-product privilege or shall be subject to the protection of Rule 408 of the Federal Rules of Civil Procedure, as applicable. However, nothing herein shall render the Confidential Class Information itself either subject to Rule 408 of the Federal Rule of Civil Procedure or attorney work-product.

4.  The use of any Confidential Class Information in the Rothstein Action shall be governed by the terms regarding Confidential Information in the Rothstein Stipulated Protective Order.

5.  The use of any Confidential Class Information in the Chapter 11 Cases shall be governed by the following terms:

      a.    Any person who receives Confidential Class Information pursuant to the terms of this Stipulation and Order shall not disclose such Confidential Class Information to any other person whomsoever, except to:

      i.    the Parties, including their agents, officers, directors, representatives and employees;

      ii.    counsel retained by the Parties specifically for the Chapter 11 Cases including as contemplated by the Plan; including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      iii.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      iv.    any witness that counsel for a Party in good faith believes may be called to testify at trial or deposition in the Chapter 11 Cases, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      v.    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Chapter 11 Cases, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      vi.    stenographers engaged to transcribe depositions conducted in the Actions; and,

      vii.    the Bankruptcy Court and its support personnel.

      b.    Prior to any disclosure of any Confidential Class Information to any person referred to in subparagraphs (iv) or (v) above, such person shall be provided by counsel with a copy of this Stipulation and Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound

by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the Chapter 11 Cases, whichever comes first.

        c.      Any Confidential Class Information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential Class Information, shall be filed under seal with the Clerk of the Bankruptcy Court and kept under seal until further order of the Bankruptcy Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Bankruptcy Court under seal shall also publicly file a redacted copy of the same, via the Bankruptcy Court's Electronic Case Filing system, that redacts only the Confidential Class Information itself, and not text that in no material way reveals the Confidential Class Information.

        6.      If a request is made for disclosure of any Confidential Class Information or any information subject to Rule 408 of the Federal Rules of Civil Procedure pursuant to any statute, regulation, subpoena, discovery request, or court order, Plaintiffs' Counsel (i) shall withhold such information from disclosure to the extent permitted by law, (ii) shall provide the Debtors, the Liquidating Trust and the Borrowers Trust with prompt written notice of such request and (iii) in the event Plaintiffs' Counsel intend to disclose any such information pursuant to any request, shall provide the Debtors, the Liquidating Trust and the Borrowers Trust a reasonable opportunity, but no less than ten (10) business days to object (including but not limited to seeking any judicial or administrative relief to which they may be entitled) prior to making such disclosure.

7. Production of any PII of borrowers in this action pursuant to this Stipulation and Order shall satisfy and constitute compliance with any obligations the producing party may have under the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act, including any rules or regulations promulgated thereunder. The disclosure of any PII in this action pursuant to this Stipulation and Order shall constitute disclosure of such Personal Financial Information pursuant to 15 U.S.C. § 6802(e)(8), 16 CFR 313.15(a)(7)(iii) and 15 U.S.C. § 1681b(a)(1), that may have been collected or produced in connection with any mortgage loan. To the extent required by applicable law, any party to this action and/or any nonparty receiving any PII shall direct permitted recipients of such PII to take reasonable measures and implement reasonable safeguards to control and restrict access to and/or use of PII so as to minimize the use and/or authorized disclosure of such Personal Financial Information and to prevent the unauthorized disclosure of such Personal Financial Information. "PII," for purposes of this paragraph, shall include, without limitation, non-public personal information, including, among other things, personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers) that may be subject to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. and other applicable laws and regulations, and/or documents or data which constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.

8. Within thirty (30) days after the final conclusion of all aspects of the Actions by judgment not subject to further appeal or by settlement, all Confidential Class Information and copies thereof, including Confidential Class Information in the hands of private consultants, shall either be returned to counsel of record for the producing party or destroyed. All Plaintiffs' Counsel's and Named Plaintiffs' private consultants' internal work product that contain Confidential Class Information, including copies, excerpts, summaries, or compilations thereof,

shall be destroyed, or the Confidential Class Information deleted therefrom. Plaintiffs' Counsel shall certify in writing within thirty (30) days after the final conclusion of all aspects of the Actions by judgment not subject to further appeal or by settlement that such documents have been returned or destroyed, or the Confidential Class Information deleted therefrom.

9. In the event the Proposed Settlement is not finally approved by the relevant court or the settlement is terminated pursuant to its terms, then Plaintiffs' Counsel shall, within thirty (30) days of the earlier event, at their option (i) return the Confidential Class Information and all copies thereof or (ii) destroy the original and all copies of the Confidential Class Information and certify such destruction.

10. This Stipulation and Order is without prejudice to any party's right to assert that any Confidential Class Information or any other information is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine.

11. This Stipulation and Order does not constitute an admission of liability or a waiver of any rights or remedies by any party, except for any rights or remedies inconsistent with the obligations, limitations, and undertakings provided for in this Stipulation and Order.

12. This Stipulation and Order shall inure to the benefit of and be binding upon the Parties and their respective legal representatives, administrators and other legally appointed representatives, successors in interest, and assigns.

13. This Stipulation and Order contains the entire agreement between the Parties regarding the confidentiality of the any Class Information produced for purposes of effectuating and implementing the Proposed Settlement. If any provision of this Stipulation and Order is unenforceable for any reason, the remainder of this Stipulation and Order shall not be affected

and shall be interpreted and enforced without regard to the unenforceable provision or provisions.

14. This Stipulation and Order shall be governed, interpreted and enforced under New York law, including the law of privilege and work product.

15. Any notice provided to any party pursuant to this Stipulation and Order shall be given as follows, unless modified in writing by such party.

If to Named Plaintiffs, to the following:

>    Mark A. Strauss
>    KIRBY MCINERNEY LLP
>    825 Third Avenue, 16th Floor
>    New York, NY 10022
>    mstrauss@kmllp.com

If to the Debtors, the Liquidating Trust, or the Borrower Claims Trust, to the following:

>    Norman S. Rosenbaum
>    MORRISON & FOERSTER LLP
>    1290 Avenue of the Americas
>    New York, New York 10104
>    nrosenbaum@mofo.com
>
>    Rita F. Lin
>    Morrison & Foerster LLP
>    425 Market St.
>    San Francisco, California 94105
>    rlin@mofo.com
>
>    The ResCap Borrower Claims Trust
>    Peter S. Kravitz, Esq. Trustee
>    Solution Trust
>    29209 Canwood Street
>    Agoura Hills CA 91301
>    PKravitz@SolutionTrust.com
>
>    Daniel J. Flanigan
>    Polsinelli

10

900 Third Avenue, 21st Floor
New York, New York  10222
dflanigan@polsinelli.com

ResCap Liquidating Trust
c/o Quest Turnaround Advisors, LLC
800 Westchester Avenue, Suite s-520
Rye Brook, NY 10573
jbrodsky@qtadvisors.com

William R. Thompson, General Counsel
ResCap Liquidating Trust
1100 Virginia Drive, Suite 250 MC: 190-FTW-S35
Fort Washington, PA 19034
William.thompson@rescapestate.com

16.     The undersigned counsel represent and warrant that they are authorized to execute this Stipulation and Order on behalf of their respective clients and that, upon execution, this Stipulation and Order shall constitute a binding obligation of such clients.  This Stipulation and Order may be executed in several counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute but one and the same instrument.  This Stipulation and Order shall be binding upon the transmission, by facsimile or electronic mail, by each party of a signed signature page thereof to the other party.

**IN WITNESS WHEREOF**, this Stipulation and Order has been duly executed on behalf of the Parties indicated below.

Dated:   January 27, 2014              KIRBY MCINERNEY LLP


                                       By: /s/ Mark A. Strauss
                                              Mark A. Strauss

                                       Attorneys for Named Plaintiffs



Dated:   January 19, 2014              MORRISON & FOERSTER LLP


                                       By: /s/ Norman S. Rosenbaum
                                              Norman S. Rosenbaum

                                       Attorneys for the Post-Effective Date Debtors,
                                       the ResCap Liquidating Trust and the ResCap
                                       Borrower Claim Trust



Dated:  January 27, 2014               POLSINELLI PC


                                       By:  /s/ Daniel J. Flanigan
                                              Daniel J. Flanigan

                                       Attorneys for the ResCap Borrower Claims Trust


**IT IS SO ORDERED.**

Dated: February 11, 2014
       New York, New York


                                       **   /s/Martin Glenn   **
                                          MARTIN GLENN
                                       United States Bankruptcy Judge

**Exhibit 1**

# NON-DISCLOSURE AGREEMENT

I, _____, have read in its entirety and fully understand the Stipulation and Order of Confidentiality (the "Stipulation and Order") filed in connection with the Proofs of Claim of Landon Rothstein, et al., against Residential Capital, LLC (Claim No. 3966) and GMAC Mortgage, LLC (Claim No. 4074) in the Debtors' chapter 11 cases (collectively the "Chapter 11 Cases"), which are being jointly administered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Case No. 12-12020.  I hereby agree to comply with and be bound by the terms of the Stipulation and Order.  I solemnly promise that I will not disclose in any manner any matter of item that is subject to the Stipulation and Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

Should I breach this Non-Disclosure Agreement, I understand that the parties shall be entitled to an injunction or other equitable relief as a remedy for such breach and/or the recovery of damages and attorney's fees incurred in any legal proceeding brought to enforce the terms of this Non-Disclosure Agreement.  I further understand and acknowledge that, upon entry of the Stipulation and Order, my failure to comply with this Non-Disclosure Agreement could also expose me to sanctions and punishment in the nature of contempt.  I further agree to submit to the jurisdiction of the Bankruptcy Court, solely with respect to any action to enforce the terms of this Non-Disclosure Agreement.

|   |   |
|---|---|
| Date | Signature |
|   | Printed Name |