Mary Lynn Weber
84 Chapman Heights Street
Las Vegas, Nevada 89138
(702) 810-2110
*Creditor pro se*

FEB 10 2014

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTIRCT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. **12-12020 (MG)** |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter **11** |
| Debtors. | Jointly Administered |

**MOTION TO RECONSIDER ORDER GRANTING DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NO. 3474 OF <u>MARY LYNN WEBER</u>**

Creditor Mary Lynn Weber (hereinafter "Creditor"), appearing *pro se*, respectfully requests the Court reconsider the granting of the Debtors' Twenty-Sixth Omnibus Objection to her claim (No. 3474) as follows:

**LEGAL ARGUMENT**

A.    **Opening Statement**

First, I contend that the Court has <u>missed the key elements</u> to my argument as to WHY the Objection to my claim submitted by GMAC Mortgage / Residential Funding ("GMACM") should not be granted, which will be discussed in more detail herein. Second, I assert that GMACM <u>did not provide or submit any proof</u> "equal in force" to my proof, certainly not sufficient to shift the burden back to me. Finally, whatever other "evidence" I supposedly did not provide would be impossible for me to provide because <u>all of the remaining "evidence" is under the custody and control of the Debtor</u> in this case, GMACM, who never provided it, even though I have requested it numerous times since 2011 (beginning with a Qualified Written Request submitted in February, 2011, continuing through the Nevada Foreclosure Mediation

1

Program and related proceedings in state District Court). Notably, the Court in the instant case also did not ask for, or compel production of, the proof, but instead, relied upon three "declarations" which do not provide any proof as to (1) ***where*** my payments went; and (2) ***how*** and ***why*** GMAC Bank, and subsequently, Residential Funding Company, LLC, held themselves out to be creditor/note holder, instead of simply the "servicer" or "debt collector" as they so often refer.

### B.  I Never Disputed GMAC's Claim of being the "Servicer"

It has never been my contention that GMAC was not the "loan servicer" and as such, had the apparent "right" to collect payments, as long as it applied my payments to principal and interest as I had been promised in my loan documents. Obviously, I paid many monthly mortgage payments to GMACM. However, once it became apparent that large numbers of mortgage loans were possibly defective, with the nation's largest banks and lending institutions ordered to pay enormous "settlement" amounts related to unfair, deceptive or fraudulent foreclosure practices, I began to research my own loan to see if such unfair elements existed.

On February 23, 2011, I submitted a Qualified Written Request ("QWR") upon GMACM, who I acknowledged was the loan servicer at the time. I asked many questions and requested numerous documents related to, among other things, the chain of title; transfers of the loan interests; how my payments were applied; who received the payments; and the name(s) of the parties to the transaction. GMACM responded with a blanket "objection" and refusal to supply the vast majority of my requests, supplying only documentation I already owned.

Therefore, my actions have always shown that I never disputed GMACM's role of the "servicer" of my loan, even though GMACM never provided proof of how it became the "servicer."

It should be noted that **GMACM never**, at any time, **mentioned the name of the securitized trust in any of its correspondence to me**, either in its response to my QWR, or at any time thereafter. It was only through the hiring of a forensic expert that I discovered this information.

2

### C. If GMACM is merely the "Servicer" Collecting Payments "On Behalf Of" the true Creditor, then Why is the Note Endorsed to it, and the Deed of Trust Assigned to it, instead of the Actual Creditor?

GMAC / Residential Funding have provided, as evidence in these proceedings as well as those in Nevada, a copy of my Promissory Note with two undated "endorsements;" the first, from the loan originator, Ohio Savings Bank payable to GMAC Bank, then from GMAC payable to Residential Funding Company, LLC. Yet, my research (in my evidence submitted) shows that the payments should have been received by a securitized trust, named "RFM SI Series 2007-SA2 Trust," and further research shows that under the agreements which created the securitization of my loan (where it was "pooled" with many other loans), the **securitized trust was required to own and possess the loan interests by a certain date**, which meant that both the Note and Deed of Trust were required to be properly endorsed, transferred and/or assigned to the securitized trust on or before its last allowable date to purchase, receive, or sell loans, which is called the "cutoff" or "closing" date. As I stated in my Opposition, that cutoff or closing date could not be more than 90 days from the origination of the loan. Therefore, the last possible date wherein the RFM SI Series 2007-SA2 Trust was legally allowed to acquire possession of the loan instruments would have been in or around December of 2006.

GMACM not only never revealed the name of this true creditor/securitized trust, **it held itself out as the creditor in my loan, and attempted foreclosure IN ITS OWN NAME** (by way of the "endorsements" to itself), and not "on behalf of" any other entity.

Furthermore, the "declarations" of Deanna Horst, Norman S. Rosenbaum, and Robert D. Nosek provide nothing more than self-serving statements that they "believe" that GMACM acted "properly" in accordance with their own "business practices." This is not evidence that shows which creditor was given my money, or accounts for why the Note is made payable to the debt collector, but in fact, merely supports my allegations that the "business practices" of GMACM and Residential Funding, LLC include fabrication of documents and false statements submitted into court proceedings in an attempt to enforce an obligation ON ITS OWN BEHALF instead of the true creditor – the very reason it was ordered to pay billions as "settlement."

The Court may find the following diagram to be helpful:

3

## Securitization: What was *Supposed* to Happen vs. What *Actually* Happened



As diagrammed here, the Note and Deed of Trust have travelled a path distinctly separate from the chain of transfers which was required by both agreement and law, **completely (and fraudulently) bypassing the true creditor**. The purported "assignments" and "endorsements" submitted and recorded by MERS, GMAC and Residential Funding Company are in violation of the Securitization Trust's terms and conditions, New York Trust law, and Nevada recording laws, and are therefore legally void. See *Wells Fargo Bank, N.A. v. Erobobo*; *Naranjo v. SBMC Mortgage*; *Glaski v. Bank of America*.

\* This information was requested from GMAC but never provided

4

Whatever claims GMACM's attorneys make about its "authority" to "collect" the debt, GMAC *never* had the authority to **hold itself out as creditor** by way of presenting an "endorsed" Promissory Note, which, by both law and agreement, was required to be endorsed to the securitized trust. The same holds true of the "assignments" of the associated Deed of Trust – the assignment required by law and agreement was also to be in the name of the securitized trust. Both of these transfers were necessary for the securitized trust to own the assets it sold "shares" of, and therefore, the "cutoff" or "closing" dates made certain this would happen.

In addition, GMACM violated Nevada law by attempting to foreclose IN ITS OWN NAME and not "on behalf of" any other party. In fact, Nevada non-judicial foreclosure laws prohibit the foreclosure to be made in the name of the debt collector. See NRS 107.080 et seq. **This is precisely why the mediator at foreclosure mediation cancelled the fraudulent foreclosure proceedings of GMACM and Residential Funding Company**. Non-judicial foreclosures must be done in the name of the real party in interest, the same as judicial foreclosures. Therefore, if Nevada authorities have ordered the cancellation of the foreclosure proceeding commenced by GMACM based on its lack of authority and questionable evidence, should this not also be taken into consideration in the instant proceedings?

D.   **Where is the Proof that is "Equal in Force" to Mine?**

In its Order, the Court stated, "Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case." Order, p. 5.

I would ask the Court, *where is the proof which shifted the burden back upon me?* Did GMACM provide an explanation of the full chain of transfers of the Promissory Note that accounts for WHY the securitized trust does not own it, as required under Article 3 of the Uniform Commercial Code? Did GMACM provide the proof as to WHY, as under article 9 of the UCC, the beneficial interest in my Deed of Trust was never assigned to the securitized trust, but instead, assigned to GMACM? I see none in the record.

In fact, the only "evidence" provided by GMACM were the "declarations" of one

5

"claims officer" and two attorneys, none of which provided any tangible evidence, such as the **accounting** which showed *who received my payments* and under what terms (the standard "off-balance sheet" accounting sent to the borrower does not supply this information), as well as the necessary proof which accounts for HOW and WHY both GMACM and then Residential Funding Company should have "endorsements" of the Note, and "assignments" of the beneficial interest of the Deed of Trust, made out *in their favor*, instead of the creditor, for whose "benefit" GMACM purportedly "had the authority to collect payments."

On the other hand, I did provide proof that the creditor is a totally different entity than either GMACM or Residential Funding Company, LLC, and is the entity that should have had an "endorsement" of the Promissory Note and an "assignment" of the Deed of Trust in its favor, before the last allowable (cutoff or closing) date. There are no such endorsements or assignments.

Worse, the Court seems unconcerned with finding the truth and discovering the evidence for itself. On page 4 of its Order, the Court states, "The Debtors responded that GMACM was the servicer of the loan up until servicing was transferred to 21st Century Mortgage on October 1, 2013 and, '[a]s servicer, and **pursuant to the servicing agreements with the owners of the loans, we properly pursue our right to foreclose on the loan when it went into default** and . . . as servicer, it was typically our business practice . . . to collect the regular monthly mortgage payments and make distributions.'" *[Emphasis added.]* First, *where* are the "servicing agreements" referred to in the above quote? Second, under Nevada law, GMACM never had the right "to foreclose" on the loan, whether in default or not. And third, I can only be "in default" to the *actual creditor*, **not** the debt collector. GMACM / Residential Funding Company, by way of their false endorsements and assignments, and contrary to their statements in these proceedings, are claiming that I am "in default" to THEM, and NOT to any other "owner(s) of the loan" *whom they never identified in the first place.*

The Court could have asked GMACM for the evidence in the form of the "servicing agreements" which would also have shown the identities of the "owners of the loans," but for some unknown reason, chose to simply accept the statements of counsel for GMACM. *Are these unsupported statements really "equal in force" to my securitization audit and the*

6

***testimony and notarized declaration of my expert?*** Also, why did the Court not take my allegations as true pertaining to GMACM's **fraud** of holding itself out as creditor, attempting to foreclose in its own name, providing false and/or fabricated evidence and submitting false statements in signed pleadings into a court proceeding? This fraud was easily enough for Nevada authorities to order the rescission of the recorded "Notice of Default" and cancel all foreclosure proceedings by GMACM.

Furthermore, the Court states that I have not provided "additional evidence" sufficient to shift the burden back to GMACM (Order, p. 6); but I would ask, how can I provide this "additional" evidence *which is solely under the custody and control of GMACM* when I have already requested it numerous times, and they have steadfastly refused to provide it?

The fact is, the Court could have asked for the information itself. The Court is well within its authority to schedule an evidentiary hearing to find the truth, and can certainly compel GMACM to produce the missing evidence. It chose not to. I ask, *why*?

### E. I Never Brought the "New Claim" of Wrongful Foreclosure into These Proceedings

As a claimant in the instant case, I only brought a **creditor's claim** for the return of my payments, which I assert have been handled improperly by GMACM. I have provided proof in the form of a securitization audit that rebukes and disproves the purported "endorsements" and "assignments" which were no doubt fabricated by the Debtor to facilitate its attempts to enforce collection of the obligation IN ITS OWN NAME. Those attempts manifested themselves, as mortgage loans always do, in the form of foreclosure proceedings in my home state. However, I never attempted to get the instant Bankruptcy Court to rule on a "wrongful foreclosure" as it claims. I only referred to the wrongful foreclosure process as conducted by GMACM – which Nevada officials have deemed improper and therefore legally cancelled – as further proof that GMACM has basically committed a fraud upon both myself and the Court herein.

Put simply, the false endorsements on the Note can mean only one of two things, and both constitute proof that GMACM has acted improperly:

(1)    Based on the "endorsement" of the Note payable to itself, GMACM withheld my payments, and never paid the true creditor, a securitized trust; *or*

7

(2) GMACM did pay the true creditor, and therefore never, at any time, had the authority to fabricate or present a *false endorsement* made payable to itself, and subsequently use that false endorsement to attempt enforcement (by way of foreclosure) IN ITS OWN NAME in Nevada.

Only one of the above scenarios can be true, but either one is a fraud, and the self-serving statements of counsel for GMACM and its "declarants" have never rebutted this fact. Therefore, the statements and "declarations" of GMACM are not "equal in force" to my **proof** and the rest of the evidence on record. If the Court needed more proof, it could have easily and effortlessly asked, or even compelled, GMACM, in the interests of justice, to provide it.

Therefore, this is a monetary claim only. I am well aware that if I wanted to bring a claim for Wrongful Foreclosure into this bankruptcy case, I would be required to file an Adversarial Complaint. I have no desire to do that from 3,000 miles away, when I can initiate such an action here at home (the filing of the instant bankruptcy proceeding was the sole reason that was not done). Besides, the property, the acts of the parties, and the relevant law, are all in Nevada.

## CONCLUSION

I have provided forensic proof that my loan was securitized. This proof reveals the name of the true creditor as "RFM SI Series 2007-SA2 Trust," a creditor GMACM has never disclosed either to me or this court, even though required by law (as per my QWR submitted under RESPA as well as Nevada Foreclosure Mediation rules) and rules of procedure (in the instant bankruptcy proceedings). This creditor was required by law and agreement to own and possess both my Promissory Note and the associated Deed of Trust on or before its closing date. GMACM's "authority" to "service" the loan would have originated from the same agreements forming and controlling the securitized trust named above.

In addition, the securitized trust's ownership of the subject loan was supposed to be the final step of several intermediate transfers intended to make the trust "bankruptcy remote" from the loan's "originator," and each separate transfer was required to be a "true sale" of the loan with associated transfers of both the Note and Deed of Trust. This never happened, either, as shown in my diagram.

8

On the other hand, GMACM's "proof" consists only of self-serving statements that GMACM conducted business in accordance with its "normal business practices," which, incidentally, happen to be the same business practices which resulted in its being fined and/or penalized by the federal government. There was no "agreement" submitted which showed how GMACM became the loan servicer. There was no evidence whatsoever which would explain why GMAC Bank, and then later Residential Funding Company, LLC, would have my Promissory Note "endorsed" to them, and my Deed of Trust "assigned" to them, when in fact, the loan was owned by some other entity entirely, which GMACM attempted to conceal from me. And further, there was no actual accounting showing WHO or WHAT ENTITY received my payments from GMACM when it was supposedly "servicing" my loan "on behalf of the owners" and how that person or entity purportedly "applied" those payments to "principal" and "interest" as represented in my loan documents.

I'm sorry, but I do not see how three "declarations" (which only attest to the fact that GMACM was simply doing what it always has done) and no physical evidence (which GMACM even repeatedly refers to but never provides) trumps my forensic expert's notarized affidavit, or the false "endorsements" and legally void "assignments" already submitted.

The bottom line is this: my claim is for the return of my payments, which, until proven otherwise, have not been applied as was promised in my loan documents. GMACM attempted to conceal the identity of the true creditor / securitized trust because it attempted to enforce the obligation IN ITS OWN NAME here in Nevada. It even attempted to foreclose IN ITS OWN NAME, presenting the aforementioned "endorsements" and "assignments" as a continuation of its attempt to conceal the true creditor and the transaction which securitized my loan. Only when I paid a forensic expert to conduct research did I then have evidence that GMACM misrepresented practically everything about my loan, at which time I decided to challenge and fight this fraudulent attempt to withhold my money and steal my property. And clearly, the Nevada authorities agreed with me, both in court and in mediation. I therefore have a difficult time understanding why a New York Bankruptcy judge cannot see why the facts and the evidence in these proceedings only prove my allegations, and that my proof has still shifted the burden upon GMACM to rebut it – if it can.

9

It is indeed bothersome that GMACM and its subsidiaries are attempting to discharge and clear debt from their books, so they can pay their creditors less than what they rightfully owe (or nothing at all), while at the same time, are still commencing hundreds or even thousands of illegal foreclosures upon innocent borrowers, just as they attempted against me. But even though I can only deal with my mortgage loan, I feel that this issue is much larger than just one fraudulently-attempted foreclosure. I only pray that the instant Court will still administer justice, even though the heavens fall.

Based on the foregoing, the Court should reconsider its order granting the objection of the Debtor, and take whatever measures necessary to bring the remaining evidence into the light, thereby finding the whole truth, which will then make it possible to administer justice in the instant proceedings.

DATED this 7th day of February, 2014.

Mary Lynn Weber
84 Chapman Heights Street
Las Vegas, Nevada 89138
(702) 810-2110
*Creditor pro se*

## **VERIFICATION**

I, Mary Lynn Weber, am the Creditor in the above-entitled action. I have read the foregoing document and am competent to testify that the contents are true of my own knowledge, except for those matters stated therein on information and belief, and as to those matters, I believe them to be true.

DATED this 7th day of February, 2014.

*/s/ Mary Lynn Weber*
Mary Lynn Weber

"I declare under penalty of perjury that the foregoing is true and correct."

Executed on the 7th day of February, 2014.

*/s/ Mary Lynn Weber*
Mary Lynn Weber