Hearing Date and Time: February 20, 2014 at 10:00 a.m. (Prevailing Eastern Time)

**GIBSON, DUNN & CRUTCHER LLP**
Aric H. Wu
Matthew K. Kelsey
Andrew R. Keats
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for UBS Real Estate Securities Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | Case No. 12-12020 (MG) |
| **Debtors.** | Jointly Administered |

## RESPONSE OF UBS REAL ESTATE SECURITIES INC. TO DEBTORS' FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)

UBS Real Estate Securities Inc. ("***UBS***"), by and through its undersigned counsel, hereby submits this response (the "***Response***") to the *Debtors' Fifty-Second Omnibus Objection to Claims (Insufficient Documentation)* filed on December 12, 2013 [Docket No. 6074] (the "***Objection***")[1].  In support of its Response, UBS respectfully states as follows:

### INTRODUCTION

1.    UBS filed proofs of claim numbers 4200 ("***Claim 4200***") and 4453 ("***Claim 4453***" and, together with Claim 4200, the "***Proofs of Claim***"), against Residential Funding Company, LLC ("***Residential Funding***") and GMAC Mortgage, LLC ("***GMAC***"), respectively,

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings set forth in the Objection.

affiliated debtors and debtors in possession in the above-captioned cases (each a "***Debtor***" and collectively, the "***Debtors***").  The Proofs of Claim relate to purchase agreements (the "***Purchase Agreements***") pursuant to which UBS purchased mortgage loans from the applicable Debtors and subsequently sponsored offerings of residential mortgage-backed securities ("***RMBS***") issued by certain mortgage trusts (the "***Trusts***") that were backed by these loans.

2.      As explained in the Proofs of Claim, UBS has received demands to repurchase certain of the loans that are subject to the Purchase Agreements based upon alleged breaches of representations and warranties related to those loans (the "***Repurchase Demands***"), for which notice has been served upon the Debtors.  In addition, UBS was named as a defendant in certain lawsuits related to the offering of RMBS issued by the Trusts (collectively, the "***Lawsuits***").[2] Pursuant to the terms of the Purchase Agreements, the applicable Debtors are obligated to repurchase loans that breach representations and warranties and UBS is entitled to indemnification from the applicable Debtors for any claims, causes of action, losses, damages, judgments and any related costs and fees related to or arising under the Repurchase Demands and/or the Lawsuits (the "***Indemnification Claims***").  UBS has certain common law rights to contribution, reimbursement, and subrogation for any claims related to or arising under the Lawsuits (the "***Contribution Claims***," and together with the Indemnification Claims, the "***Claims***").

---

[2]   UBS was named as a defendant in the following lawsuits:  *Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc., et al.,* No. 2:10-cv-00878-DMC-MF (D.N.J.) (subsequently dismissed); *Assured Guaranty Municipal Corp., et al. v. UBS Real Estate Securities Inc.,* No:1:12-cv-01579 (S.D.N.Y.); *MASTR Adjustable Rate Mortgages Trust 2006-OA2, et al. v. UBS Real Estate Securities Inc.,* No:1:12-cv-07322 (S.D.N.Y.); *Royal Park Investments SA/NV v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.,* No. 652607/2012 (N.Y. Sup. Ct.); and *Federal Housing Finance Agency, as Conservator for the Federal National Mortgage Association v. UBS Americas Inc., et al.,* No 1:11-cv-05201 (S.D.N.Y.).

3.     The Debtors seek entry of an order disallowing and expunging the Proofs of Claim on the bases that (a) they lack sufficient documentation to substantiate the validity of the Claims asserted therein, and (b) the Claims asserted therein are unsupported by the Debtors' books and records.  Objection, ¶ 14; Horst Declaration, ¶¶ 4-5.

4.     UBS disputes the assertions in the Objection and respectfully requests the Court to overrule the Objection.  As explained herein, the Debtors fail to state a valid objection to the Claims and, contrary to the Debtors' assertions, the Proofs of Claim do include supporting documentation, including the amounts of Repurchase Demands made and counsel fees and expenses incurred as of the date of the Proofs of Claim.  Copies of the underlying Purchase Agreements and ancillary documents were not attached to the Proofs of Claim due to their voluminous size and because UBS understood that the Debtors were already in possession of copies of all documents referenced therein.  Claim 4200, n.1; Claim 4453, n.1.  After the Proofs of Claim were filed, but prior to the filing of the Objection, at the Debtors' request, UBS provided substantial additional documentation and information related to the Repurchase Demands to the Debtors.  The Objection conspicuously omits any mention of this additional documentation and information provided to the Debtors.  Among other things, UBS provided executed copies of the Purchase Agreements and all related ancillary documents, correspondence regarding the representations and warranties at issue, and spreadsheets detailing each mortgage loan covered under the respective Proofs of Claim.  UBS provided the Debtors with this information with the mutual understanding that it would be treated as confidential under the Uniform Protective Order [Docket No. 1223].

5.     As explained herein, the copies of the Purchase Agreements and the other additional information provide sufficient support with respect to the amount and validity of the

Claims.  Moreover, UBS has offered to submit further information beyond what the Debtors

initially requested, and are working with the Debtors to respond to document requests to the

extent that such requests are reasonably related to the amount and validity of the Claims.

Accordingly, UBS respectfully requests that the Objection to the Proofs of Claim be overruled

and that the Claims be allowed in their entirety.

### THE PROOFS OF CLAIM

6.    On November 10, 2012, UBS filed Claim 4200 against Residential Funding

asserting Claims arising from the Repurchase Demands and the Lawsuits.  A copy of Claim 4200

is attached hereto as **Exhibit A**.  Following a request by the Debtors on July 18, 2013, copies of

the underlying Purchase Agreements and other related documentation were promptly submitted

to the Debtors.  As set forth in Claim 4200, UBS has asserted:

- Indemnification Claims related to the Repurchase Demands of the Trusts for loans with an aggregate original principal balance of $45,138,103; and

- Indemnification Claims and Contribution Claims, in the then-liquidated amount of $6,000,000, related to the counsel fees and expenses incurred by UBS in connection with Lawsuits.

7.    On November 10, 2012, UBS filed Claim 4453 against GMAC asserting Claims

arising from the Repurchase Demands and the Lawsuits.  A copy of Claim 4453 is attached

hereto as **Exhibit B**.  Following a request by the Debtors on July 18, 2013, copies of the

underlying Purchase Agreements and other related documentation were promptly submitted to

the Debtors.  As set forth in Claim 4453, UBS has asserted:

- Indemnification Claims related to the Repurchase Demands of the Trusts for loans with an aggregate original principal balance of $313,500; and

- Indemnification Claims and Contribution Claims, in the then-liquidated amount of $5,000,000, related to the counsel fees and expenses incurred by UBS in connection with Lawsuits.

4

## INFORMATION PROVIDED

8.      UBS disputes the Debtors' assertions that the Proofs of Claim contain insufficient

documentation.  As noted above, UBS did not initially attach copies of the documents referenced

and described in the Proofs of Claim due to their voluminous size and because UBS understood

that the Debtors were in possession of these documents.  However, UBS made clear that such

documents would be made available to the Debtors upon request.  Claim 4200, n.1; Claim 4453,

n.1.  On July 18, 2013, the Debtors requested that UBS provide the following additional

documentation:

- Copies of all executed agreements, including the relevant Purchase Agreements and any related, ancillary documents;

- The specific representations or warranties that were claimed to have been breached; and

- A spreadsheet of all loans covered under the Proofs of Claim, including the relevant loan number, loss figure, alleged breach, borrower's name and property address.[3]

9.      On July 25, 2013, UBS provided to the Debtors the following:

- Copies of the executed Purchase Agreements and other signed ancillary agreements;

- Pre- and post-petition correspondence between UBS and the respective Debtor addressing the representations and warranties at issue; and

- Spreadsheets containing the requested information for the loans covered under the Claims.[4]

In total, 17 documents were provided with the mutual understanding that they would be treated

as confidential under the Uniform Protective Order [Docket No. 1223].  Due to certain

sensitivities regarding the information, UBS has not attached the responsive documentation

---

[3]   Attached hereto as **Exhibit C** is a copy of the Debtors' request for information dated July 18, 2013.

[4]   Attached hereto as **Exhibit D** is the cover letter to UBS's response to the Debtors' request for further information dated July 25, 2013.

hereto; however, UBS is prepared to submit such documentation under seal if required by the Court.

10.    While UBS submits that the information provided to the Debtors was satisfactory to meet the Debtors' request and is sufficient to substantiate the Claims' validity, UBS nevertheless offered to provide even more information to the Debtors.  In response to the Objection, on December 20, 2013, counsel for UBS corresponded with counsel to the Debtors and agreed to work in good faith to provide additional documentation in support of the Claims to the extent that such documents were not privileged or otherwise protected.  Counsel to UBS and counsel to the Debtors subsequently agreed that the provision of further documentation would be subject to an agreed protective order, a draft of which counsel for the Debtors did not send to counsel for UBS until February 5, 2014.

11.    Although the parties continue to work towards finalizing the form of an agreed protective order, and although UBS is willing to provide additional information in support of its Claims, the Debtors have refused to withdraw their Objection.  As explained herein, there is no basis for the Debtors' Objection to the Proofs of Claim on the ground that they contain insufficient documentation.  Indeed, the Debtors are *already* in possession of sufficient information to determine the merits of the Claims and either allow such Claims, or file an objection on substantive grounds.

## ARGUMENT

12.    Rule 3001(c)(1) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") states that proofs of claim "constitute prima facie evidence of the validity and amount of the claim."  Fed R. Bankr. P. 3001(f).  *See also In re Woodmere Investors Ltd. P'ship*, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995) ("A proof of claim when filed is prima facie evidence of such

claim"); *In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP 2000) (a proof of claim constitutes "prima facie evidence of the validity of the claim").

13.     To overcome the presumption of prima facie validity, the "objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Reilly*, 245 B.R. at 772; *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).  *See also In re Frederes*, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989) (providing that the initial burden of producing evidence to rebut the prima facie effect of the proof of claim is on the objector).  Essentially, the debtor must produce evidence "sufficient to negate the prima facie validity of the filed claim."  *In re Make Meat Corp.*, 1999 WL 178788, at *3 (S.D.N.Y. 1999) (citing to *Woodmere*, 178 B.R. at 354–55).  A prima facie valid claim prevails over an objection that has no supporting evidence.  *Garner v. Shier (In re Garner)*, 246 B.R. 617 (9th Cir. BAP 2000) (holding that appellant's failure to present any evidence to contest the validity or amount of claims constituted a failure to meet her burden of producing evidence sufficient to rebut the Rule 3001(f) evidentiary presumption of validity).

14.     Rule 3001(c)(1) of the Bankruptcy Rules provides that, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim.  To the extent a "proof of claim [is] executed and filed in accordance with these rules, [such proof of claim] shall constitute prima facie evidence of the validity and amount of the claim."  Fed R. Bankr. P. 3001(f).

15.     Here, the Proofs of Claim were properly filed with supporting documentation sufficient to support the Claims and are thus, presumptively valid.  As discussed, the Proofs of Claim referenced and clearly described the Purchase Agreements underlying the Claims and amounts asserted.  While copies of the Purchase Agreements were not initially attached due to

their voluminous size and based upon information and belief that the Debtors were nonetheless in possession of these documents, UBS made clear that such documents would be made available to the Debtors upon request.  Indeed, UBS did, in fact, promptly provide this documentation to the Debtors upon their request more than six months ago on July 25, 2013.

16.    The Objection neither discusses any of the Claims, nor acknowledges that UBS submitted supporting documentation to the Debtors.  Instead, UBS is listed, among others, in a broad categorical omnibus objection that fails to provide evidence or sufficient notice of what exactly is at issue.  There is no discussion of the Claims in the Objection itself and no portion of the Objection acknowledges that UBS submitted supporting documentation to the Debtors.  Nor is there any evidentiary support in the Objection for the Debtors' generalized and conclusory assertion that "[t]o the extent claimants provided information . . . that allowed the Debtors to identify the claimants in the Debtors' books and records, the Debtors confirmed that their books and records do not reflect any present liability due and owing to such claimants."  Horst Declaration, ¶ 4.

17.     Because the Debtors have literally provided *no* evidentiary support or explanation for their Objection, they have failed to overcome the presumption of validity of the Proofs of Claim.  Accordingly, there is no basis for the Objection, and it should be overruled with respect to the Proofs of Claim.

WHEREFORE, UBS respectfully requests that the Court (i) deny the relief requested in the Objection and (ii) grant such other relief as the Court deems just, equitable and proper.

Dated:  February 13, 2014          /s/ Matthew K. Kelsey
      New York, New York          Matthew K. Kelsey
                                        Aric H. Wu
                                        Andrew R. Keats
                                        **GIBSON, DUNN & CRUTCHER LLP**
                                        200 Park Avenue
                                        New York, New York 10166-0193
                                        Telephone:  (212) 351-4000
                                        Facsimile:  (212) 351-4035

                                        *Attorneys for UBS Real Estate Securities Inc.*

# Exhibit A

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
| --- | --- |

**Name of Debtor and Case Number:** Residential Funding Company, LLC, Case No. 12-12019

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
UBS Real Estate Securities Inc.

**Name and address where notices should be sent:**
William Chandler
Chairman
UBS Real Estate Securities Inc.
1285 Avenue of the Americas, 14th Floor
New York, NY 10019-6028

Telephone number: (212) 713-4262          email: william.chandler@ubs.com

**Name and address where payment should be sent (if different from above):**
See above notice address.

Telephone number:          email:

Claim # 4200
Initials MMH

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ _____ See attached addendum.
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See attached addendum.
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ___ ___ ___ ___

**3a. Debtor may have scheduled account as:** ____ (See instruction #3a)

**3b. Uniform Claim Identifier (optional):** ____ (See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $ _____  **Annual Interest Rate** _____% ☐ Fixed ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed,** included in secured claim,
if any: $ _____  **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____  **Amount Unsecured:** $ _____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.  $ Not applicable. _____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: William Chandler
Title: Chairman
Company: UBS Real Estate Securities Inc.
Address and telephone number (if different from notice address above):
See above notice address.

(Signature)  11/6/12  (Date)

Telephone number:          Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

RECEIVED
NOV 10 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 11 |
| **RESIDENTIAL CAPITAL, LLC** *et al.*, | Case No. 12-12020 (MG) |
| **Debtors.** | Jointly Administered |

ADDENDUM TO THE PROOF OF CLAIM OF UBS REAL ESTATE SECURITIES INC.
AGAINST RESIDENTIAL FUNDING COMPANY, LLC

This addendum is being submitted in connection with the attached proof of claim (the

"**Proof of Claim**") filed by UBS Real Estate Securities Inc. ("**UBS**") against Residential Funding

Company, LLC (formerly operating as Residential Funding Corporation) ("**Debtor**"), a debtor

and debtor in possession in the above-captioned chapter 11 cases.  UBS respectfully represents

as follows:

A.    **The Relationship of UBS and Debtor**

    1.      UBS is a party to the following agreements (the "**Purchase Agreements**")[1]:

        a.  Reference Agreement and Standard Terms and Provisions of Sale and Servicing
Agreement, dated as of May 30, 2006; and

        b.  Sale and Servicing Agreement, dated as of March 20, 2006.

    2.      Each of the Purchase Agreements contains an agreement by Debtor to repurchase

from UBS loans that breach certain representations and warranties made by Debtor

("**Repurchase Obligations**"), and to indemnify UBS in connection with any claims, causes of

action, losses, damages, judgments and any related costs and fees arising from any such alleged

---

[1]  Due to their voluminous size, UBS has not annexed copies of the Purchase Agreements.  UBS believes that
Debtor has copies of all of the documents referenced herein.  If, however, Debtor wishes to see one or more of
the documents referenced herein, UBS will provide additional copies of these documents to Debtor at its
request, at Debtor's expense.

breach, or from any failure by the Debtor to perform its duties under the agreement (the "**Indemnification Obligations**").

**B.**    **Repurchase Demands**

3.    UBS has sponsored offerings of residential mortgage-backed securities ("**RMBS**") backed by loans acquired from the Debtor pursuant to the Purchase Agreements, including, but not limited to, RMBS issued by MASTR Adjustable Rate Mortgages Trust 2007-1 ("**MARM 2007-1 Trust**") and MASTR Adjustable Rate Mortgages Trust 2007-3 ("**MARM 2007-3 Trust**") (collectively, the "**Trusts**").

4.    UBS has received demands to repurchase certain loans sold to the Trusts that had been purchased from Debtor pursuant to one or more of the Purchase Agreements, based on alleged breaches of representations and warranties related to those loans (the "**Current Repurchase Demands**").  These loans have an aggregate original principal balance of at least $45,138,103.

5.    Upon receipt of these repurchase demands, UBS served notice upon Debtor regarding Debtor's Repurchase Obligations and Indemnification Obligations.

6.    Under the applicable Purchase Agreements, UBS is entitled to indemnification for fees, costs, damages, or judgments for any claims or actions arising from the Current Repurchase Demands.

7.    In addition to the aforementioned Current Repurchase Demands, UBS may, in the future, receive repurchase demands related to loans purchased from Debtor pursuant to the Purchase Agreements or other agreements or otherwise learn of alleged breaches of representations and warranties related to such loans (the "**Future Repurchase Demands**").

8.      In the event that there are Future Repurchase Demands, UBS shall be entitled to indemnification for fees, costs, damages, or judgments for any claims or actions arising from the Future Repurchase Demands.

9.      UBS reserves the right to amend the Proof of Claim to the extent that any contingent and/or unliquidated claims associated with repurchase demands become fixed and/or liquidated.

## C.    <u>Litigations</u>

10.     UBS is named as a defendant in a putative class action lawsuit captioned *Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc.*, No. 2:10-cv-00898 (D.N.J.) and is a defendant-appellee in *Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc., et al.*, No. 12-3454 (3d Cir.) (collectively, the **"Pension Trust Fund Litigation"**). The plaintiffs in the Pension Trust Fund Litigation have asserted claims against UBS in connection with its role as sponsor for an offering of RMBS that were issued by the MARM 2007-3 Trust.

11.     UBS is named as a defendant in *Assured Guaranty Municipal Corp., et al. v. UBS Real Estate Securities Inc.*, No:1:12-cv-01579 (S.D.N.Y.) (the **"Assured Litigation"**). The plaintiff in the Assured Litigation has asserted claims against UBS in connection with its role as sponsor for offerings of RMBS that were issued by the MARM 2007-1 Trust and the MARM 2007-3 Trust.

12.     UBS is named as a defendant in *MASTR Adjustable Rate Mortgages Trust 2006-OA2, et al. v. UBS Real Estate Securities Inc.*, No: 1:12-cv-07322 (S.D.N.Y.) (the **"MARM Trust Litigation"**). The plaintiffs in the MARM Trust Litigation have asserted claims against

UBS in connection with its role as sponsor for offerings of RMBS issued by the MARM 2007-1

Trust and the MARM 2007-3 Trust.

13.    UBS is named as a defendant in *Royal Park Investments SA/NV v. Merrill Lynch,*

*Pierce, Fenner & Smith Inc., et al.*, No. 652607/2012 (N.Y. Sup. Ct.) (the **"Royal Park**

**Litigation"**).  The plaintiff in the Royal Park Litigation has asserted claims against UBS in

connection with its role as sponsor for an offering of RMBS issued by the MARM 2007-1 Trust.

14.    UBS is named as a defendant in *Federal Housing Finance Agency, as*

*Conservator for the Federal National Mortgage Association v. UBS Americas Inc., et al.*, No.

1:11-cv-05201 (S.D.N.Y.) (the **"FHFA Litigation"**).  The plaintiff in the FHFA Litigation has

asserted claims against UBS in connection with its role as sponsor for offerings of RMBS issued

by the MARM 2007-1 Trust and the MARM 2007-3 Trust.

15.    To date, UBS has incurred counsel fees and expenses in excess of $6,000,000.00

in connection with the aforementioned litigations, and continues to incur such fees and expenses

on a daily basis.  In addition, if UBS were to be subject to a judgment in one or more of these

litigations, it could be required to disgorge funds in respect of such judgment.

16.    In addition to the aforementioned litigations, there may be other pending

litigations implicating indemnification obligations of the Debtor under the Purchase Agreements

or other agreements.  To the extent that any additional litigations implicating such

indemnification obligations are subsequently identified, UBS reserves the right to amend the

Proof of Claim to reflect these additional litigations.

17.    As a result of the Indemnification Obligations, UBS is entitled to payment from

Debtor in the amount of Debtor's respective share of currently expended and unreimbursed

counsel fees and expenses, as well as unliquidated amounts in respect of additional counsel fees

and expenses which will be incurred in the future. Moreover, in the event that UBS is found liable in any litigation, UBS will be entitled to payment from Debtor in the amount of Debtor's respective share of such liability (including pre- and post-judgment interest, where applicable).

18.    In addition to the above-asserted contractual rights to payment arising from the Indemnification Obligations, UBS has a right to such payments from the Debtor arising from common law rights to contribution, reimbursement and/or subrogation.

19.    UBS may, in the future, be named as a defendant in one or more additional causes of action related to its role as sponsor for RMBS backed by loans purchased by UBS from Debtor pursuant to the Purchase Agreements or other agreements (the "**Future Litigations**").

20.    In the event that UBS incurs counsel fees and expenses and/or is found liable to the plaintiffs in any Future Litigations, it shall be entitled to payment from Debtor in the amount of such counsel fees and expenses and/or liability (including pre- and post-judgment interest, where applicable), with such rights to payment arising from the Indemnification Obligations as well as UBS's common law rights to contribution, reimbursement and/or subrogation.

21.    UBS reserves the right to amend the Proof of Claim to the extent that any contingent and/or unliquidated claims associated with any litigation become fixed and/or liquidated.

**D.    Miscellaneous**

22.    Notices regarding the Proof of Claim should be sent to:

Gibson, Dunn & Crutcher LLP
Attn:  Aric Wu, Partner
200 Park Avenue
New York, New York 10166
Tel: 212-351-4000
Fax: 212-351-4035
Email: awu@gibsondunn.com

-and-

UBS Real Estate Securities Inc.
Attn: William Chandler, Chairman
1285 Avenue of the Americas, 14th Floor
New York, New York 10019
Tel: (212) 713-4262
Email: William.Chandler@ubs.com

23.    UBS expressly reserves its rights to replace, amend or supplement the Proof of

Claim to include any claims at law or in equity, including but not limited to the right (1) to assert

subrogation claims in the event UBS renders payment to plaintiffs in any litigation, or in

connection with any repurchase demands related to the Purchase Agreements or other

agreements; (2) to amend and include any actual losses or expenses that arise following the filing

of the Proof of Claim; and (3) to assert any priority claims as they arise.

24.    The filing of the Proof of Claim is not intended to be and should not be construed

as (a) a consent by UBS to the jurisdiction of this Court with respect to the subject matter of this

claim, any objection or other proceeding commenced in this case, or otherwise involving UBS;

(b) a waiver of the rights and remedies against any other person or entity who may be liable for

all or part of the claims set forth herein, whether an affiliate or guarantor of Debtor or otherwise;

(c) a waiver or release of UBS' right to trial by jury, in this or any other court; (d) a waiver of

UBS's right to have final orders in non-core matters entered only after *de novo* review by a

United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or

otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim,

any objection or other proceeding commenced in this case against or otherwise involving UBS;

or (ii) assert that the reference has already been withdrawn with respect to the subject matter of

this claim, any objection or other proceeding commenced with respect thereto or any other

proceeding commenced in this case against or otherwise involving UBS.  UBS further expressly

reserves all of its procedural and substantive defenses and rights with respect to any claim that

may be asserted against UBS by Debtor, any of its successors and assigns, or by any trustee for

the estate of Debtor.

## Exhibit B

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC Mortgage, LLC, Case No. 12-12032**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**UBS Real Estate Securities Inc.**

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
**William Chandler
Chairman
UBS Real Estate Securities Inc.
1285 Avenue of the Americas, 14th Floor
New York, NY 10019-6028**

Claim # **4453**
Initials **MMH**

Court Claim Number:_____ (*If known*)

Filed on:_____

Telephone number: (212) 713-4262     email: william.chandler@ubs.com

Name and address where payment should be sent (if different from above):
**See above notice address.**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number: See above notice telephone number.     email: See above notice email.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

**1. Amount of Claim as of Date Case Filed: $** See attached addendum.
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See attached addendum.
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
___ ___ ___ ___

| **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|
| (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

Value of Property: $_____  Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____     Basis for perfection: _____

Amount of Secured Claim: $_____     Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.     $ Not applicable.     (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*\* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)
(Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: William Chandler
Title: Chairman
Company: UBS Real Estate Securities Inc.
Address and telephone number (if different from notice address above):
See above notice address.

_(Signature)_     _11/6/12_     _(Date)_

Telephone number: See above notice telephone number.     Email: See above notice email.

**RECEIVED**
**NOV 1 0 2012**
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 11 |
| **RESIDENTIAL CAPITAL, LLC** *et al.*, | Case No. 12-12020 (MG) |
| **Debtors.** | Jointly Administered |

## <u>ADDENDUM TO THE PROOF OF CLAIM OF UBS REAL ESTATE SECURITIES INC.</u> <u>AGAINST GMAC MORTGAGE, LLC</u>

This addendum is being submitted in connection with the attached proof of claim (the "**Proof of Claim**") filed by UBS Real Estate Securities Inc. ("**UBS**") against GMAC Mortgage, LLC (formerly operating as GMAC Mortgage Corporation) ("**Debtor**"), a debtor and debtor in possession in the above-captioned chapter 11 cases. UBS respectfully represents as follows:

**A.**      <u>The Relationship of UBS and Debtor</u>

1.      UBS is a party to the Master Flow Purchase and Warranties Agreement, dated as of August 1, 2004 (the "**Purchase Agreement**").[1]

2.      The Purchase Agreement contains an agreement by Debtor to repurchase from UBS loans that breach certain representations and warranties made by Debtor ("**Repurchase Obligations**"), and to indemnify UBS in connection with any claims, causes of action, losses, damages, judgments and any related costs and fees arising from any such alleged breach, or from any failure by the Debtor to perform its duties under the agreement (the "**Indemnification Obligations**").

---

[1]   Due to their voluminous size, UBS has not annexed copies of the Purchase Agreement. UBS believes that Debtor has copies of all of the documents referenced herein. If, however, Debtor wishes to see one or more of the documents referenced herein, UBS will provide additional copies of these documents to Debtor at its request, at Debtor's expense.

**B.**    **Repurchase Demands**

3.    UBS has sponsored offerings of residential mortgage-backed securities

("**RMBS**") backed by loans acquired from the Debtor pursuant to the Purchase Agreement,

including, but not limited to, RMBS issued by MASTR Adjustable Rate Mortgages Trust 2006-

OA1 ("**MARM 2006-OA1 Trust**").

4.    UBS has received a demand to repurchase certain loans sold to the Trust that had

been purchased from Debtor pursuant to the Purchase Agreement, based on alleged breaches of

representations and warranties related to those loans (the "**Current Repurchase Demand**").

These loans have an aggregate original principal balance of at least $313,500.

5.    Upon receipt of the repurchase demand, UBS served notice upon Debtor

regarding Debtor's Repurchase Obligations and Indemnification Obligations.

6.    Under the applicable Purchase Agreements, UBS is entitled to indemnification for

fees, costs, damages, or judgments for any claims or actions arising from the Current Repurchase

Demand.

7.    In addition to the aforementioned Current Repurchase Demand, UBS may, in the

future, receive repurchase demands related to loans purchased from Debtor pursuant to the

Purchase Agreement or other agreements or otherwise learn of alleged breaches of

representations and warranties related to such loans (the "**Future Repurchase Demands**").

8.    In the event that there are Future Repurchase Demands, UBS shall be entitled to

indemnification for fees, costs, damages, or judgments for any claims or actions arising from the

Future Repurchase Demands.

9.     UBS reserves the right to amend the Proof of Claim to the extent that any

contingent and/or unliquidated claims associated with repurchase demands become fixed and/or

liquidated.

**C.     Litigations**

10.     UBS is named as a defendant in *Federal Housing Finance Agency, as
Conservator for the Federal National Mortgage Association v. UBS Americas Inc., et al.,* No.
1:11-cv-05201 (S.D.N.Y.) (the "**FHFA Litigation**").  The plaintiff in the FHFA Litigation has
asserted claims against UBS in connection with its role as sponsor for offerings of RMBS issued
by the MARM 2006-OA1 Trust.

11.     To date, UBS has incurred counsel fees and expenses in excess of $5,000,000.00
in connection with the aforementioned litigation, and continues to incur such fees and expenses
on a daily basis.  In addition, if UBS were to be subject to a judgment in the litigation, it could be
required to disgorge funds in respect of such judgment.

12.     In addition to the aforementioned litigation, there may be other pending litigations
implicating indemnification obligations of the Debtor under the Purchase Agreement or other
agreements.  To the extent that any additional litigations implicating such indemnification
obligations are subsequently identified, UBS reserves the right to amend the Proof of Claim to
reflect these additional litigations.

13.     As a result of the Indemnification Obligations, UBS is entitled to payment from
Debtor in the amount of Debtor's respective share of currently expended and unreimbursed
counsel fees and expenses, as well as unliquidated amounts in respect of additional counsel fees
and expenses which will be incurred in the future.  Moreover, in the event that UBS is found

liable in any litigation, UBS will be entitled to payment from Debtor in the amount of Debtor's respective share of such liability (including pre- and post-judgment interest, where applicable).

14.    In addition to the above-asserted contractual rights to payment arising from the Indemnification Obligations, UBS has a right to such payments from the Debtor arising from common law rights to contribution, reimbursement and/or subrogation.

15.    UBS may, in the future, be named as a defendant in one or more additional causes of action related to its role as sponsor for RMBS backed by loans purchased by UBS from Debtor pursuant to the Purchase Agreement or other agreements (the "**Future Litigations**").

16.    In the event that UBS incurs counsel fees and expenses and/or is found liable to the plaintiffs in any Future Litigations, it shall be entitled to payment from Debtor in the amount of such counsel fees and expenses and/or liability (including pre- and post-judgment interest, where applicable), with such rights to payment arising from the Indemnification Obligations as well as UBS's common law rights to contribution, reimbursement and/or subrogation.

17.    UBS reserves the right to amend the Proof of Claim to the extent that any contingent and/or unliquidated claims associated with any litigation become fixed and/or liquidated.

**D.    Miscellaneous**

18.    Notices regarding the Proof of Claim should be sent to:

Gibson, Dunn & Crutcher LLP
Attn:  Aric Wu, Partner
200 Park Avenue
New York, New York 10166
Tel:  212-351-4000
Fax:  212-351-4035
Email: awu@gibsondunn.com

-and-

UBS Real Estate Securities Inc.
Attn: William Chandler, Chairman
1285 Avenue of the Americas, 14th Floor
New York, New York 10019
Tel: (212) 713-4262
Email: William.Chandler@ubs.com

19.    UBS expressly reserves its rights to replace, amend or supplement the Proof of

Claim to include any claims at law or in equity, including but not limited to the right (1) to assert

subrogation claims in the event UBS renders payment to plaintiffs in any litigation, or in

connection with any repurchase demands related to the Purchase Agreement or other agreements;

(2) to amend and include any actual losses or expenses that arise following the filing of the Proof

of Claim; and (3) to assert any priority claims as they arise.

20.    The filing of the Proof of Claim is not intended to be and should not be construed

as (a) a consent by UBS to the jurisdiction of this Court with respect to the subject matter of this

claim, any objection or other proceeding commenced in this case, or otherwise involving UBS;

(b) a waiver of the rights and remedies against any other person or entity who may be liable for

all or part of the claims set forth herein, whether an affiliate or guarantor of Debtor or otherwise;

(c) a waiver or release of UBS' right to trial by jury, in this or any other court; (d) a waiver of

UBS's right to have final orders in non-core matters entered only after *de novo* review by a

United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or

otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim,

any objection or other proceeding commenced in this case against or otherwise involving UBS;

or (ii) assert that the reference has already been withdrawn with respect to the subject matter of

this claim, any objection or other proceeding commenced with respect thereto or any other

proceeding commenced in this case against or otherwise involving UBS. UBS further expressly

reserves all of its procedural and substantive defenses and rights with respect to any claim that

may be asserted against UBS by Debtor, any of its successors and assigns, or by any trustee for

the estate of Debtor.

# Exhibit C

## Keats, Andrew

| | |
|---|---|
| **From:** | michael.parniawski@ubs.com |
| **Sent:** | Friday, July 19, 2013 3:06 PM |
| **To:** | Matthew.Bollo@ubs.com |
| **Subject:** | FW: POC #4453 UBS Real Estate Securities Inc. v. GMAC Mortgage, LLC 12-12032 and POC #4200 UBS Real Estate Securities Inc. v. Residential Funding Company, LLC 12-12019 |
| **Importance:** | High |

Hey Matt,

Were you looking into this?

---

**From:** Chandler, William
**Sent:** Friday, July 19, 2013 2:37 PM
**To:** Lantz, John; Scolaro, Christopher; Parniawski, Michael
**Subject:** FW: POC #4453 UBS Real Estate Securities Inc. v. GMAC Mortgage, LLC 12-12032 and POC #4200 UBS Real Estate Securities Inc. v. Residential Funding Company, LLC 12-12019
**Importance:** High

---

**From:** Laubach, Chuck - PA [mailto:Chuck.Laubach@gmacrescap.com]
**Sent:** Thursday, July 18, 2013 4:28 PM
**To:** Chandler, William
**Subject:** POC #4453 UBS Real Estate Securities Inc. v. GMAC Mortgage, LLC 12-12032 and POC #4200 UBS Real Estate Securities Inc. v. Residential Funding Company, LLC 12-12019
**Importance:** High

To whom it may concern:

Please send any and all relevant information and documentation regarding your Proof of Claims #4453 and 4200, including, but not limited to, the following items:
1)    A copy of all signed agreements including Purchase and Sale Agreements and any related, ancillary documents;

2)    The specific representation or warranty that you claim was breached; and

3)    A spreadsheet of all loans covered under your proof of claim documenting the GMAC loan number, loss figure, alleged breach, borrower's name, and property address.

Please note on the documents the number from the above list to which they are responsive.

Please understand the Estate requires this additional documentation in order to appropriately evaluate your proof of claim.  Failure to respond in a reasonable time frame of one week will initiate our preparation to object to this claim.

Please email all documentation to Claims.Management@gmacrescap.com

Thank you!

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**<u>Exhibit D</u>**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Andrew Keats
Direct: +1 212.351.4063
Fax: +1 212.351.5263
AKeats@gibsondunn.com

Client: 93292-00112

July 25, 2013

**VIA EMAIL**

Chuck Laubach and Brad Smith
GMAC Rescap
1100 Virginia Dr.
Fort Washington, PA 19034

Re:  *POC # 4453 UBS Real Estate Securities Inc. v. GMAC Mortgage, LLC 12-12032;*
     *POC # 4200 UBS Real Estate Securities Inc. v. Residential Funding Co., LLC 12-*
     *12019*

Dear Messrs. Laubach and Smith:

On behalf of UBS Real Estate Securities Inc. ("UBS RESI"), we are writing to respond to
your July 18, 2013 e-mail to William Chandler of UBS RESI with regard to the above
referenced proofs of claim.  Enclosed please find the following documents requested in your
July 18, 2013 request:

1)  Copies of the Purchase and Sale Agreements and other signed agreements:

    - Master Flow Purchase and Warranties Agreement, August 1, 2004
    - UBS Standard Terms and Provisions of Sale and Servicing Agreement, May 30,
      2006
    - Reference Agreement, May 30, 2006
    - Sale and Servicing Agreement, March 20 2006
    - UBS/RFC Side Letter Agreement, May 30, 2006
    - Assignment, Assumption and Recognition Agreement, May 20, 2005
    - Pooling and Servicing Agreement, April 1, 2007

2)  Correspondence regarding the representations and warranties at issue:

    - UBS letter to RFC, August 23, 2010
    - UBS letter to RFC, September 16, 2010
    - UBS letter to RFC, October 21, 2010
    - Assured letter to UBS, August 13, 2010 (and Appendix)
    - UBS letter to RFC, January 9, 2012
    - UBS letter to GMAC, February, 24, 2012

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

- UBS letter to GMAC, May 23, 2012

3)    Spreadsheets with the requested information for the loans covered under the proofs of claim.

- Excel Spreadsheet titled "RFC_Demands_CONFIDENTIAL.xlsx," (password: "UBS")
- Assured letter to UBS, August 13, 2010 (and Appendix)
- UBS letter to RFC, January 9, 2012

We are providing this material with the understanding that all material will be treated as confidential under the Uniform Protective Order entered in the bankruptcy proceeding.  If you have any questions about the enclosed material or need any further information please do not hesitate to contact us.

Sincerely,

Andrew R. Keats