February 7, 2014

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004



Re: Proof of Claims 4738 and 5632, Doc 6173 filed on 12/23/2013 and Docs 6401 and 6402 filed on 01/27/14. Case 12-020(MG) In re Residential Capital

Dear Sir,

The court should reasonably conclude that Debtor GMAC Mortgage, LLC has no defense or counterclaim against the subject claims. I wish to get on with my life. We have been more than patient with them and their bad behavior. I ask that you sign the order filed on January 27, 2014 as it has been more than ten (10) days with still no objection.

Mr. Bernard Kornberg of Severson and Werson, APC signed the Settlement Agreement Between Debtor GMAC Mortgage, LLC and Lynn Mclaughlin-Montero and Lynn Mclaughlin P.L.L.C. which was filed in these proceedings on 2/26/2014 as Doc 6443. Mr. Kornberg is also familiar with my case. He claims he represents U.S. Bank in case 8:11-bk-21727-CB/ BAP CC-12-1359-KiPaD and Appeals Case 13-60106 though his firm is billing these proceedings in each of those cases. I previously expressed my concerns about this matter. [Doc 6173-3, pages 38-41]

To remind the court, I originally sued GMAC Mortgage and ETS in California on 10/28/08, alleging among other things that the two parties were illegally concealing their relationship to steal. I also alleged that GMACM securitized a rescinded December 23, 2005 note for $576,000 into RAMP2007RP1. I again sued them, Bank of America and US Bank in California on 9/27/13 but GMACM and ETS invoked the bankruptcy stay despite the fact that their wrongful behavior occurred post-petition. In my remaining case against Bank of America and U. S. Bank, I allege that and U.S. Bank is attempting to benefit from the securitization of my June 1, 2006 note for $576,000 into trust RAAC2007RPI, knowing that it was at

worst unsecured due to WMC Mortgage's failure to record the correct Deed of Trust, at best in a second position due to the $144,000 second note that was signed on December 23, 2005, a note which moved into a first position when I rescinded the December 23, 2005 note for $576,000 on February 28, 2006 after Richard Rothleder (V.P. WMC Mortgage) disclosed his concerns about LIBOR. Mr. Kornberg's firm allegedly represents U.S. Bank in that action. He and or his associate claimed that I am a threat and his firm fraudulently sought and obtained a restraining order against my spouse and I after we successfully obtained an injunction against all banks. We are appealing the restraining orders, which do not include a stay-away order. [California Superior Court Cases G048311, G048312, G048316 and G048321]

Mr. Korberg's firm has received copies of my claims 4738 and 5632 and yet no one from his firm or any other firm representing Debtor GMAC Mortgage or Debtor Executive Trustee Services dba ETS, LLC has filed any opposition to my assertions, claims, or demands. As per my recent filings, I have been in continual communication with the lawyers representing the Debtors and unsecured creditors yet still not one party has contacted me for additional information, clarification, or to state an objection. As per the declarations of Deanna Horst, Chief Claims Officer for Residential Capital, LLC and Norman S. Rosenbaum, partner in the law firm Morrison & Foerster LLP, they reviewed the Debtor's Omnibus Objections to Claims (Insufficient Documentation Borrower Claims) [Doc 6448 filed on 02/07/14]. I received letters requesting more information for both of the subject claims, and I responded and followed-up in July 2013. The Debtors and its agents have had ample time to object to my claims and have not. The Debtors should not be allowed any further objections or extensions. Please sign my order. Thank you.

Very respectfully,

*Karen M. Rozier* (signature)

Karen Michele Rozier
7957 Dahlia Circle
Buena Park, CA 90620-1901
(410) 458-3772