MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Post-Effective Date Debtors and*
*The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
|                                    |   )   |                              |
| In re:                             |   )   | Case No. 12-12020 (MG)       |
|                                    |   )   |                              |
| RESIDENTIAL CAPITAL, LLC, et al.,  |   )   | Chapter 11                   |
|                                    |   )   |                              |
| Debtors.                           |   )   | Jointly Administered         |
|                                    |   )   |                              |
---------------------------------------------------------

**CERTIFICATE OF NO OBJECTION REGARDING THE RESCAP**
**LIQUIDATING TRUST'S MOTION TO FILE UNDER SEAL**
**REDACTED PORTIONS OF CERTAIN SETTLEMENT AGREEMENTS**

1.      The undersigned hereby certifies that, as of the date hereof, he is not aware of any

answer, objection or other responsive pleading with respect to the relief sought in the following

motion, filed by the Post-Effective Date Debtors and the ResCap Liquidating Trust on January

30, 2014 (the "Motion"):

> *The ResCap Liquidating Trust's Motion to File Under Seal*
> *Redacted Portions of Certain Settlement Agreements* [Docket No.
> 6397].

2.      The undersigned further declares that he has caused a review of the Court's

docket in these cases and has not been advised that any answer, objection or other responsive

pleading with respect to the Motion appears thereon.  The deadline for filing objections to the

Motion, February 13, 2014, has passed.

3.     In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.     Accordingly, for the reasons set forth in the Motion, the Post-Effective Date Debtors and the ResCap Liquidating Trust respectfully request that the proposed order granting the Motion (the "Order"), annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2014                    Respectfully submitted,
       New York, New York

                                           /s/ Jordan A. Wishnew
                                           Gary S. Lee
                                           Norman S. Rosenbaum
                                           Jordan A. Wishnew
                                           MORRISON & FOERSTER LLP
                                           1290 Avenue of the Americas
                                           New York, New York 10104
                                           Telephone: (212) 468-8000
                                           Facsimile: (212) 468-7900

                                           *Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
                                                               )
In re:                                                         )    Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, et al.,                              )    Chapter 11
                                                               )
                              Debtors.                         )    Jointly Administered
                                                               )
-------------------------------------------------------------- )

**ORDER GRANTING THE RESCAP**
**LIQUIDATING TRUST'S MOTION TO FILE UNDER**
**SEAL REDACTED PORTIONS OF CERTAIN SETTLEMENT AGREEMENTS**

Upon the Motion[1] of the ResCap Liquidating Trust, on behalf of Residential Capital, LLC and its affiliated post-Effective Date Debtors in the above captioned case, dated January 30, 2014, for an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the Liquidating Trust to file the redacted portions of the Agreements under seal, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Liquidating Trust having provided notice of the Motion to the Notice Parties, and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.      The Motion is GRANTED.

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1130909

2.      Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Liquidating Trust is authorized to file the redacted portions of the Agreements under seal.

3.      Except as otherwise provided for in the Motion or herein, the redacted portions of the Agreements shall be disclosed only to: (a) the Bankruptcy Court for the Southern District of New York; (b) counsel to the Debtors and the Liquidating Trust; (c) counsel to the Creditors' Committee; (d) the United States Trustee and (e) other parties that enter into confidentiality agreements reasonably acceptable to the Liquidating Trust; provided, that the Liquidating Trust shall not be required to provide access to the redacted portions of the Agreements to parties that the Liquidating Trust and/or Ally have reason to believe are seeking access in order to obtain an unfair commercial advantage in litigation or in negotiations with the Liquidating Trust and/or Ally; provided, further, that nothing in this Order shall be deemed to prejudice the ability of any person to file a motion with the Court requesting access to the redacted portions of the Agreements in the event the Liquidating Trust and/or Ally do not consent to provide such access.

4.      Upon the earlier of (i) a full resolution of all litigation and/or disputes relating to the Settlement Insurance Policies (as defined in the Plan) or (ii) the closing of the Debtors' chapter 11 cases, Ally shall file unredacted copies of the Agreements.

5.      The notice requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

6.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7.      The Liquidating Trust is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

8.      This Court shall retain jurisdiction with respect to all matters relating to the

2

interpretation or implementation of this Order.


Dated: _____, 2014
      New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3