Hearing Date: February 20, 2014 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS
TRUST'S REPLY IN SUPPORT OF THE RESCAP
BORROWER CLAIMS TRUST'S OBJECTION TO
PROOFS OF CLAIM FILED BY CAREN WILSON (CLAIM NOS. 4754 AND 7181)**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "**Plan**") [1] in the above captioned bankruptcy cases (the "**Chapter 11 Cases**"), hereby submits this reply (the "**Reply**") [2] to the response of Claimant Caren Wilson [Docket No. 6427] (the "**Response**") to *The ResCap Borrower Claims Trust's Objection to Proofs of Claim Filed by*

---

[1] The Plan was confirmed by order of this Court dated December 11, 2013 [Docket No. 6065] and the effective date of the Plan occurred on December 17, 2013. The Plan provides for the creation and implementation of the Borrower Trust. Among other things, the Borrower Trust is responsible for prosecuting objections to Borrower Claims, including those objections previously filed by the Debtors. *See* Plan, Art. IV.F.

[2] Capitalized terms not defined in this Reply shall have the meaning ascribed to such terms in the Objection.

1

ny-1130851

*Caren Wilson (Claim Nos. 4754 and 7181)* [Docket No. 6268] (the "**Objection**"). In support of the Objection, the Borrower Trust respectfully states as follows:[3]

## PRELIMINARY STATEMENT

1. After being given a second opportunity to support her claims against the Debtors, Ms. Wilson fails to establish any liability of the Debtors. For the reasons set forth in the Objection, the Wilson Claim should be disallowed and expunged pursuant to Bankruptcy Code section 502(b) because the claims upon which it is based are barred by the doctrine of *res judicata*. Ms. Wilson simply does not offer any law or evidence to the contrary. The Purported Amended Wilson Claim should be disallowed and expunged because to the extent it, too, is not barred by *res judicata*, it is late filed. Additionally, neither the Wilson Claim nor the Purported Amended Wilson Claim is adequately pled. Having had the opportunity previously to address the latter two analyses, Ms. Wilson simply fails to do so yet again.

2. The Borrower Trust respectfully requests that the Court overrule the Response and sustain the Objection because Ms. Wilson fails to support the Wilson Claims by a preponderance of the evidence, or, indeed, any evidence or law. Instead, Ms. Wilson, through her counsel, Nora, uses the Response as a platform to express irrelevant allegations that serve only to distract the Court from Ms. Wilson's baseless claims.

3. Therefore, for the reasons espoused in the Objection and discussed below, the Borrower Trust respectfully requests that the Court overrule the Response and sustain the Objection.

---

[3] To the extent not addressed herein, the Borrower Trust incorporates by reference all arguments made by the Borrower Trust in the Objection.

2

ny-1130851

**REPLY**

A.     **The Response Fails to Address the Arguments Made in the Objection**

       4.      The Borrower Trust respectfully requests that the Court sustain the Objection because the Response fails to address *any* of the arguments made in the Objection. Furthermore, Ms. Wilson has not carried her burden to support the Wilson Claims because she failed to submit sufficient documentation to support those claims despite the Objection's challenge for her to do so.

       1.      **The Wilson Claim and Purported Amended Wilson Claim are Barred by the Doctrine of *Res Judicata***

       5.      In the Response, Ms. Wilson asserts that the Objection, as it applies to the Wilson Claim, is moot because Ms. Wilson filed the Purported Amended Wilson Claim on September 23, 2013. Response ¶ 1. The Purported Amended Wilson Claim was filed 311 days after the Bar Date and asserts a secured claim in the amount of $350,000 and an unsecured claim in the amount of $4,150,000. The Purported Amended Wilson Claim is devoid of facts.

       6.      As set forth in the Objection (*see* Objection ¶ 40), the Wilson Claim is based on the same allegations that were asserted in both the Federal Action and in the First State Action. The doctrine of *res judicata* precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims. *See State Water Control Bd. v. Smithfield Foods, Inc.*, 542 S.E. 2d 766, 769 (Va. 2001). The Wilson Claim should be disallowed and expunged because those claims are barred by the doctrine of *res judicata*.

       7.      To the extent the Purported Amended Wilson Claim is not based on the same underlying nucleus of facts as the Wilson Claim, the Purported Amended Wilson Claim must be disallowed as having been filed late. *See* Objection ¶ 47. And to the extent that the

Purported Amended Wilson Claim *is* based on the same underlying nucleus of facts, it is barred by the doctrine of *res judicata*. *See Id.* Therefore, for all the reasons set forth in the Objection, the Purported Amended Wilson Claim should be disallowed and expunged.

8. The Response fails to directly address any of these arguments. Therefore, the Objection should be sustained and the Wilson Claims disallowed and expunged.

**2.    The Claim Is Unsupported by Competent Evidence**

9. As the Court is aware, the party objecting to the proof of claim "bears the initial burden of providing evidence to show that the proof of claim should not be allowed." *In re MF Global Holdings, Ltd.*, Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012). If the objecting party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—e.g., the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy." *Id.* (citing *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co. v. Oneida, Ltd.*, No. 09-CIV-2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010)). Once the burden is shifted back to the claimant, "it must prove its claim by a preponderance of the evidence . . . ." *Id.* (citations omitted)).

10. As the Borrower Trust has objected to the Claims with supporting evidence, Ms. Wilson bears the burden to establish the enforceability of her claims by a preponderance of the evidence. However, the Response fails to provide any competent, admissible proof that would preclude application of the doctrine of *res judicata*. In fact, many of the statements in the Response are inadmissible hearsay that should not be considered by the Court. *See, e.g.*, No. 08-10855bf, No. 08-0175, *Mohsin Mahmud v. JTH Inv. Grp., LLC (In re*

*Mahmud)*, 2008 WL 8099115, *6 (Bankr. E.D. Pa. Dec. 4, 2008) ("In general, factual allegations made in a proof of claim are out-of-court statements under Fed. R. Evid. 801.  Thus, unless those allegations are non-hearsay under Rule 801(d) (*e.g.,* an admission by a party-opponent), or some exception to the hearsay rule is applicable, they may be inadmissible. *In re Harmony Holdings, LLC*, 393 B.R. 409, 414 (Bankr. D.S.C. 2008).  Notwithstanding Ms. Wilson's assertion that she was never served with the "Roseboro" Notice or the Dismissal Order, she fails to attach a sworn declaration attesting to that fact.  *See* Response ¶¶ 42-43.  The Dismissal Order required that the Clerk of the Court to serve the Dismissal Order on Ms. Wilson.[4]  Additionally, even if Ms. Wilson had not received the Dismissal Order, she failed to file a motion under Rule 60(b) of the Federal Rules of Civil Procedure showing exceptional circumstances and asserting that she would have appealed the Dismissal Order. *See Hensley v. Chesapeake & O. Ry. Co*., 651 F.2d 226, 227 (4th Cir. 1981) (holding that except upon a showing of exceptional or unique circumstances, Fed.R.Civ.P. 60(b) may not be used to avoid the mandate of Fed.R.Civ.P. 77(d) that lack of notice of entry of judgment does not affect the time to appeal prescribed in Fed.R.App.P. 4(a)).

11. Moreover, the Borrower Trust respectfully submits that whether Ms. Wilson received notice of the Dismissal Order is irrelevant.  Under federal law (*see* Objection ¶ 41),  the District Court's judgment in the Federal Action is  final for *res judicata* purposes even had it been appealed. *See* Wright & Miller, *Federal Practice and Procedure,* § 4433 at 308 (1981) (noting the established rule in the federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal).

---

[4] Attached hereto as <u>Exhibit 1</u> is a copy of the "Roseboro" Notice.  The "Roseboro" Notice clearly states that it was "[i]ssued and mailed this 19th day of September, 2011" and was signed by the Deputy Clerk.

12. Since Ms. Wilson has counsel who helped prepare the Response, these shortcomings cannot be laid at the feet of a *pro se* claimant. Thus, in the absence of admissible evidence supporting the Wilson Claims, the Court must conclude that Ms. Wilson has not proved her claims by a preponderance of the evidence.

**B.    The Response Incorrectly Asserts That Counsel for the Borrower Trust is Conflicted**

13. Through the Response, Ms. Wilson makes various allegations that have no legal support and are irrelevant to the Court's consideration of the Objection. For example, Ms. Wilson's argument that "the Objection filed by conflicted counsel for the Trustee must be stricken and new, independent counsel must be retained by the Trustee to review the validity and enforceability of Ms. Wilson's Proof of Claim #7181." (Response ¶ 41) is simply incorrect. Indeed, it is patent nonsense. Morrison & Foerster LLP ("**Morrison & Foerster**") served as counsel to the Debtors throughout these Chapter 11 Cases. Morrison & Foerster's representation of the Debtors does not preclude its representation of the Borrower Trust. In fact, the Plan specifically contemplates that professionals who represented parties during the Chapter 11 Cases, could be retained by the Trustee. The Plan provides that "[t]he Borrower Claims Trustee may retain professionals who represented parties in the Chapter 11 Cases, provided such retention is otherwise permissible under applicable law." *See* Plan, Art. IV.F.10

14. Ms. Wilson fails to provide any legal support for the assertion made in the Response that such representation is barred by otherwise applicable law. Ms. Wilson's theory seems to be that because the Borrower Trust owes a fiduciary duty to the Borrower Trust beneficiaries, Ms. Wilson among them, to pay their allowed claims, it cannot employ Morrison & Foerster because Morrison & Foerster previously has been adverse to Ms. Wilson in these Chapter 11 Cases. While the Borrower Trust has a fiduciary duty to the borrower beneficiaries of

6

the Borrower Trust, it also has a duty to object to claims where appropriate, to ensure that borrowers do not obtain allowed claims when such borrowers fail to adequately plead their claims and proffer a colorable basis for the Debtors' liability to the borrower. The Response does not provide any legal support for Ms. Wilson's argument that Morrison & Foerster cannot represent the Borrower Trust under these circumstances. Therefore, the Court should overrule the Response to the extent it seeks to require that the Borrower Trust retain new counsel in this matter.

**C.    Ms. Wilson was Properly Served With Notice and a Copy of the Objection**

15. The Response raises issues unrelated to the merits of the Objection as an attempt to distract the Court from the reality that Ms. Wilson fails to support her claims by a preponderance of the evidence. In the Response, Ms. Wilson asserts that she was not served with a copy of the Thirtieth Omnibus Objection and that mere notice of that objection to the Wilson Claim was insufficient. *See* Response ¶¶13-15.[5] Ms. Wilson's argument is misplaced, irrelevant and must be overruled for the reasons explained below. First, pursuant to the Procedures Order, the Debtors are authorized to serve notice of an omnibus objection, without a copy of the entire objection, on the affected claimant. *See* Procedures Order at 7 [Docket No. 3294]. Second, service of the Thirtieth Omnibus Objection is irrelevant because the Debtors withdrew the Thirtieth Omnibus Objection as it related to the Wilson Claim anyhow. *See* Thirtieth Reply ¶ 41 [Docket No. 5297]. Third, Ms. Wilson, as well as her counsel, was served with both the notice of the Objection, as well as a copy of the Objection in its entirety. *See* Affidavit of Service attached hereto as Exhibit 2. Thus, Ms. Wilson has had all the notice to which she is entitled. The Borrower Trust respectfully requests that the Court overrule the

---

[5] As discussed in the Objection, the Debtors initially objected to the Wilson Claim by the Thirtieth Omnibus Objection.

7

ny-1130851

Response to the extent it alleges that Ms. Wilson was not provided proper notice of the Objection.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully request that the Court overrule the Response and grant the relief requested in the Objection.

Dated: February 18, 2014  
      New York, New York

/s/ Norman S. Rosenbaum  
Adam A. Lewis  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone:  (212) 468-8000  
Facsimile:  (212) 468-7900  

*Counsel for The ResCap Borrower Claims Trust*