**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER APPROVING THE RESCAP
LIQUIDATING TRUST'S MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE LIQUIDATING
TRUST TO ENTER INTO CERTAIN SETTLEMENT AGREEMENTS**

Upon the motion (the "***Motion***") of the ResCap Liquidating Trust (the "***Liquidating Trust***"), established pursuant to the terms of the Chapter 11 Plan[1] confirmed in the above captioned case, on behalf of Residential Capital, LLC and its affiliated post-Effective Date debtors (collectively, the "***Debtors***") pursuant to Bankruptcy Rule 9019 authorizing the Liquidating Trust to enter into ten certain settlement agreements (the "***Agreements***") with Ally (as defined in the Agreements) and each of (1) ACE American Insurance Company ("***ACE***"), (2) Zurich American Insurance Company and Steadfast Insurance Company (together with Zurich American Insurance Company, "***Zurich***"), (3) Federal Insurance Company ("***Chubb***"), (4) Arch Insurance Company ("***Arch***"), (5) American International Group Inc. ("***AIG***"), (6) HCC Global Financial Products LLC ("***HCC***"), (7) Endurance Specialty Insurance Ltd. ("***Endurance***"), (8) AXIS Insurance Company and AXIS Reinsurance Company (collectively, "***AXIS***"), (9) Alterra Bermuda Limited, f/k/a Max Bermuda Limited, n/k/a Markel Bermuda Limited ("***Alterra***") and (10) Allied World Assurance Company Ltd. ("***Allied World***"), to resolve all claims and disputes relating to or arising out of the Policies or the Insurance Claims, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the

---

[1] Capitalized terms used but not defined herein have the meanings set forth in the Motion.

Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of the hearing on the Motion; and it appearing that the relief requested by the Motion is in the best interests of the Liquidating Trust, the Debtors' creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby **ORDERED THAT**:

1. The Motion is GRANTED as provided herein.

2. Each of the Agreements is approved in its entirety.

3. This Order shall apply to each Agreement individually.  An appeal of this Order regarding a particular Agreement shall not be deemed an appeal of any other Agreement for any purpose, including for the repudiation rights set forth in section 3(a) of the Agreements.

4. The Liquidating Trust is authorized and directed to enter into and perform the Agreements.

5. The Agreements and this Order shall in no way affect (1) Ally's obligation to satisfy the Insurance Payment, as required under the Plan and Confirmation Order, or (2) the release, injunction and related provisions set forth in the Confirmation Order and Article IX of the Plan.

6. The notice requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

7. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

8. The Liquidating Trust is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: February 18, 2014
       New York, New York

                                                           **/s/Martin Glenn**
                                                             MARTIN GLENN
                                          United States Bankruptcy Judge