KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
P. Bradley O'Neill
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                     :    Chapter 11
                                           :
RESIDENTIAL CAPITAL, LLC, et al.,          :    Case No. 12-12020 (MG)
                                           :
                    Debtors.               :    Jointly Administered
                                           :
---------------------------------------------------------- x

**STATEMENT OF THE LIQUIDATING TRUST IN CONNECTION WITH
REQUEST OF VERIZON BUSINESS NETWORK SERVICES INC. FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**") submits this statement in furtherance of the Liquidating Trust's objection (the "**Objection**") [Docket No. 6340] to Verizon's Request for Allowance and Payment of Administrative Expense Claim (the "**Motion**") [Docket No 6253] and in response to Verizon's reply to the Objection [Docket No. 6372] (the "**Reply**").[1]  In support of the Objection, the Liquidating Trust, by and through its undersigned counsel, respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, Objection, or Reply, as applicable.

**STATEMENT**

1. In the Motion, Verizon argued that the estates were responsible for payment of approximately $393,000 in charges for services that Verizon had provided to a non-debtor, Ally Financial, Inc., because those charges allegedly (i) constituted ordinary and necessary expenses of the estates under section 503(b)(1)(A) of the Bankruptcy Code, or (ii) represented a "substantial contribution" to the estates. *See* Motion ¶ 9. In its Reply, Verizon abandons these theories of recovery and instead argues that ResCap is "secondarily liable" for certain services that Verizon provided to Ally under a previously unmentioned Seventh Amendment to the Agreement, and that the Debtors' estates must pay it because the Agreement, as amended, was assumed and assigned to Ocwen.

2. Verizon has, again, failed to meet its burden of proof in connection with its now-revised claim. As an initial matter, Verizon selectively quotes from the Seventh Amendment to its agreement with ResCap to suggest that ResCap is "secondarily liable" for payment in connection with all services provided by Verizon to AFI. In fact, the relevant language in the Seventh Amendment is limited to amounts properly due in connection with a single project – the "Ally D2D Data Center Migration":

> For the avoidance of doubt notwithstanding any other language to the contrary, including but not limited to Sections 22.2 and 22.3 of the Agreement, and the Affiliate Participation Agreement between Verizon and GMAC Inc. (now known as Ally Financial Inc.) signed by GMAC Inc. on February 26, 2010 (the "Ally Participation Agreement"), the Total Service Charges *resulting from the following orders* shall not be included in Customer's Total Service Charges and shall not contribute toward Customer's AVC, and Customer shall be secondarily liable for *payment of such charges, if Ally fails to make payment* according to the payment terms referenced in Section 3 of the Ally Participation Agreement:
>
> Ordered by: Ally Financial Inc.
> Order date: On or about February 26, 2010
> Governing agreement: Ally Participation Agreement
> Project name: Ally D2D Data Center Migration

        Y Bill Payer: #Y2651326
        Corporate ID: #93339907

Reply, Ex. A at 6-7 (emphasis added).  Despite this limitation, Verizon fails to demonstrate that the charges relate to services provided in connection with the Ally D2D Data Center Migration project.  Verizon simply argues that the invoices it sent to Ally bear the Bill Payer number set forth above, but that is patently insufficient to establish what the services were or how they related to the relevant project.  In fact, the Liquidating Trust understands that Ally terminated the Ally D2D Data Center Migration project before the date of the invoices Verizon seeks to collect.  *See* Motion, Ex. 1 (listing services beginning in October 2012).

        3.      The language on which Verizon relies, moreover, at most renders the estate "secondarily liable" for amounts owed by Verizon.  It does not make the estates jointly and severally liable.  Yet, Verizon makes no effort to establish that Ally is actually liable for the payment of these invoices or has unjustly refused to pay Verizon.  Indeed, the Liquidating Trust understands that Ally disputes the invoices as relating to periods after Ally terminated Verizon's services.

        4.      Since receiving the Reply, the Liquidating Trust has confirmed with Verizon that Ally terminated the services for which Verizon seeks to collect, but Verizon has not provided any documentation concerning, among other things, the timing of that termination or the relationship of that termination to the invoices Verizon argues support its claims.  As a result, the Liquidating Trust believes that discovery is necessary to test the basis of Verizon's claims.  The Court should therefore adjourn the hearing on the Motion to April 24, 2014 to allow such discovery to occur.

Dated: New York, New York
       February 18, 2014

                          KRAMER LEVIN NAFTALIS & FRANKEL LLP

                          /s/ P. Bradley O'Neill
                          Kenneth H. Eckstein
                          P. Bradley O'Neill
                          Douglas H. Mannal
                          1177 Avenue of the Americas
                          New York, New York 10036
                          Telephone: (212) 715-9100
                          Facsimile: (212) 715-8000

                          *Counsel for the ResCap Liquidating Trust*