**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

---

**MEMORANDUM OPINION AND ORDER SUSTAINING DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY SHANE M. HAFFEY**

*A P P E A R A N C E S :*

MORRISON & FOERSTER LLP
*Attorneys for the Debtors and Debtors in Possession*
1290 Avenue of the Americas
New York, NY 10104
By:    Melissa A. Hager, Esq.

MCKEEVER LAW OFFICES PLLC
*Attorneys for Shane M. Haffey*
P.O. Box 1181
Isle of Palms, South Carolina 29451
By:    Heather Boone McKeever, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the *Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "Objection," ECF Doc. # 4838).  The Declaration of Lauren Graham Delehey is offered in support of the Objection (the "Delehey Decl.," attached as Ex. 3 to Obj.)  The Debtors seek to disallow and expunge proofs of claim numbers 2582 and 4402 (the "Proofs of Claim"), filed by Shane M. Haffey ("Haffey" or the "Claimant") against Residential Capital, LLC ("ResCap"), each in the amount of $5 million.

The Objection was originally filed on August 26, 2013, and a hearing was initially scheduled for October 2, 2013. After a series of adjournments (*see* ECF Doc. ## 5119, 5643, 5942, 6128), the hearing (the "Hearing") was scheduled for January 30, 2014, at 10:00 a.m. No response was filed on the court's electronic case filing system ("ECF"). Nevertheless, the ResCap Borrower Claims Trust (the "Trust")[1] filed a Supplement in Further Support (the "Supplement," ECF Doc. # 6361) on January 27, 2014. On January 29, 2014, the Claimant, through counsel and wife Heather Boone McKeever, Esq., filed the *Motion to Adjourn Hearing Set for January 30, 2014 in Relation to the Claims of Shane Haffey (Claim Numbers 2582 and 4402), Request for Evidentiary Hearing, Request for Thirty (30) Days to File a Response to Debtors' January 27, 2014, Late Filed Supplemental Objection and Leave to File Original "Filed" September 23, 2013 Response* (the "Adjournment Motion," ECF Doc. # 6382). The Claimant requested to adjourn the Hearing for thirty days to allow McKeever to file a response to the Debtors' Supplement. The Claimant also attached a response to the Objection, which was never docketed in this case (the "Response," attached as Ex. A to the Adjournment Motion). McKeever said she believed the Response had been timely filed by her former co-counsel, Wendy Allison Nora, Esq. Ms. Nora submitted an affidavit (attached as Ex. B to the Adjournment Motion) stating that the Response was never docketed due to her good faith mistake. The Court entered an order denying the Claimant's request for an adjournment (ECF Doc. # 6384), and the Hearing went forward on January 30, 2104, as scheduled. Ms. McKeever appeared telephonically.

For the reasons that follow, the Court **SUSTAINS** the Objection; and the Proofs of Claim are **EXPUNGED** with prejudice. As discussed below, however, this disposition has no effect on

---

[1]      The Trust was established pursuant to the terms of the chapter 11 Plan, as successor in interest to the Debtors with respect to borrower claims. This opinion will refer to the debtors in the chapter 11 cases as the Debtors.

the pending Haffey Actions (defined below), to which the automatic stay does not apply.  In the event the Claimant is successful in any of those actions, he may seek to file a claim against the correct Debtor entity, under 11 U.S.C. § 502(j), which permits a disallowed claim to be reconsidered for cause.

## I.    BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for chapter 11 relief.  After the Petition Date, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors* (the "Confirmed Plan," ECF Doc. # 6065).  The Confirmed Plan became effective on December 17, 2013.  (ECF Doc. # 6137.)

### A.    The Haffeys' Mortgage-Related Litigation

In May 2007, McKeever signed loan documents for a $1,000,000 mortgage loan (the "Mortgage") on real property located at 3250 Delong Road, Lexington, Kentucky 40515 (the "Property").[2]  The loan was evidenced by a note (the "Note"), executed in favor of Bank of the Bluegrass & Trust Company ("Bank of Bluegrass").  The Mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. ("MERS").  Debtor GMAC Mortgage, LLC ("GMACM") began servicing the loan on July 1, 2007, and continued to service the loan until the sale and transfer of GMACM's loan servicing rights to Ocwen Loan Servicing, LLC on February 15, 2013.  On September 25, 2009, MERS assigned its interest in the Mortgage to Deutsche Bank Trust Company ("Deutsche Bank").  (*See* Delehey Decl. ¶ 8.)

---

[2]    The exact date of the loan documents is a point of considerable contention between the parties.  The Claimant asserts that McKeever signed the documents on May 18, 2007, and that the bank created forged documents dated May 14, 2007.

Beginning in 2008, the Claimant, along with McKeever (together, the "Haffeys"), filed four separate lawsuits against GMACM and various non-debtor entities in Kentucky state court, all relating to the Mortgage, and all of which were eventually removed to the United States District Court for the Eastern District of Kentucky (the "District Court"):  (1) a complaint alleging twelve causes of action against GMACM, Deutsche Bank, and other non-debtor parties relating to fraud, violations of the Truth-in-Lending Act ("TILA"), and Kentucky state consumer protection laws (the "Haffey-GMACM Action"[3]); (2) a quiet title action against MERS only (the "MERS Action"[4]); (3) a *qui tam* action on behalf of the Fayette County Clerk naming multiple defendants, including GMACM employee Patricia Kelleher and Deutsche Bank (the "Qui Tam Action"[5]); and (4) an action that was nearly identical to the Haffey-GMACM Action except that it included an additional cause of action for breach of contract and rescission, and was filed against other defendants, including the Bank of Bluegrass (the "Bluegrass Action"[6]).

In addition to those actions, the Haffeys were named as defendants in two other cases: (1) GMACM, on behalf of Deutsche Bank, sought a declaratory judgment that a purported rescission by the Haffeys of their loan was ineffective (the "Declaratory Judgment Action"[7]); and (2) Deutsche Bank filed a foreclosure action on November 12, 2009, seeking to enforce the Mortgage against the Property (the "Foreclosure Action"[8]).

---

[3]    *Haffey v. Mortg. Elec. Registration Sys., Inc.*, No. 5:08-cv-510-DLB (E.D. Ky.).

[4]    *McKeever v. Mortg. Elec. Registration Sys., Inc.*, No. 5:08-cv-456-DLB-JBT (E.D. Ky.).

[5]    *Haffey v. Gentry Mech. Sys., Inc.*, No. 5:11-cv-188-JBC (E.D. Ky.).

[6]    *Haffey v. Allen*, No. 5:09-cv-255-DLB (E.D. Ky.).

[7]    *GMAC Mortg., LLC v. McKeever*, No. 5:08-cv-459-DLB-REW (E.D. Ky.).

[8]    *Deutsche Bank Trust Co. Ams. v. Haffey*, No. 5:09-cv-362-DLB (E.D. Ky.).

All six actions (collectively, the "Haffey Actions") were consolidated in the District

Court.[9]  Several judgments of the District Court were appealed to the United States Court of

Appeals for the Sixth Circuit (the "Sixth Circuit"), and some of those appeals remain pending.

The Debtors are parties in only two of the Haffey Actions:  the Haffey-GMACM Action

(with GMACM as a party), and the Foreclosure Action (with GMACM, RALI and RFC (defined

below) as parties).[10]  In the Haffey-GMACM Action, the District Court granted GMACM's

motion to dismiss, specifically finding that the few factual allegations regarding GMACM

contained in the Haffeys' complaint did not support any legal claim.  (Case No. 08-cv-510, ECF

Doc. # 17 at 6.)  The District Court stated that "McKeever alleges the Bank [of Bluegrass]

fraudulently substituted a HUD-1 dated May 14, 2007 for the May 18, 2007 loan documents she

signed, but she makes no factual allegation that GMAC was involved with the loan

documentation in any way."  (*Id.*)  The District Court also found that McKeever had failed to

allege any facts to show that GMACM was involved in or responsible for an alleged fraudulent

assignment of the Mortgage to MERS.  (*Id.*)  After granting GMACM's motion to dismiss, the

District Court granted MERS' motion for summary judgment (*id.*, ECF Doc. # 31) and issued a

final judgment dismissing the complaint with prejudice (*id.*, ECF Doc. # 32).  The Haffeys then

filed a motion for reconsideration of the District Court's order granting MERS's motion for

summary judgment (*id.*, ECF Doc. # 33), which the District Court denied (*id.*, ECF Doc. # 35).

The Haffeys appealed at least some of the judgments rendered in this action, although it is

unclear exactly which judgments they appealed.

---

[9]       For purposes of consolidation, the lead action is the Declaratory Judgment Action, Case No. 5:09-cv-459.

[10]      Although GMACM initiated the Declaratory Judgment Action on behalf of Deutsche Bank, Deutsche Bank
was substituted as plaintiff for GMACM, at which point GMACM was expressly terminated as a party.  (Case No.
5:09-cv-459, ECF Doc. ## 39, 60.)

The Debtors became parties to the Foreclosure Action on February 9, 2010, when McKeever filed a counter-claim and third-party complaint against Deutsche Bank, GMACM, and others, including Debtors Residential Accredit Loans, Inc. ("RALI") and Residential Funding Company, LLC ("RFC").  (Case No. 5:09-cv-362, ECF Doc. # 17.)  Deutsche Bank, GMACM, RALI, and RFC moved to dismiss the counter-claim and third-party complaint (Case No. 5:08-cv-459, ECF Doc. # 33), and the District Court granted their motion (Case No. 5:09-cv-362, ECF Doc. # 28).  The District Court specifically found that the counterclaims and third-party claims against GMACM and Deutsche Bank were barred by *res judicata* due to the District Court's judgment in the Haffey-GMACM Action, and alternatively, the claims against Deutsche Bank, GMACM, RALI, and RFC failed to state claims upon which relief could be granted. Upon the Haffeys' motion for reconsideration, however, the District Court found that it (1) had erred in applying *res judicata*, because that doctrine did not apply between consolidated cases, and (2) had addressed the merits of all of the Haffeys' claims on alternative grounds, except for the Haffeys' claims under the Real Estate Settlement Procedures Act ("RESPA") as those claims applied to GMACM.  (*See* Case No. 5:08-cv-459, ECF Doc. # 90 at 6.)  The District Court therefore granted the Haffeys' motion for reconsideration as to the RESPA claim against GMACM.  The District Court then granted GMACM's motion to dismiss that remaining claim, based on the law of the case doctrine.  (*See id.*, ECF Doc. # 97, at 3–4.)

After granting motions to dismiss filed by other third-party defendants, the District Court granted summary judgment in favor of Deutsche Bank in both the Foreclosure Action and the Declaratory Judgment Action.  (Case No. 5:09-cv-362, ECF Doc. # 44.)  The District Court then entered a final judgment in accordance with that order, striking the Foreclosure Action from its active docket.  (*Id.*, ECF Doc. # 45.)  Deutsche Bank then filed a motion for judgment and order

of sale, but before that motion was decided, the Haffeys appealed the District Court's grant of

summary judgment in the Declaratory Judgment and Foreclosure Actions.  The District Court

therefore denied without prejudice Deutsche Bank's motion for judgment and order of sale,

finding that the Haffeys' pending appeal stripped it of jurisdiction.  (*Id.*, ECF Doc. # 48.)

All of the Haffeys' appeals to the Sixth Circuit were consolidated for briefing purposes.

On August 17, 2012, the Claimant, through McKeever as his attorney, filed with this Court the

*Scheduled Creditor's Motion for the Clarification/Enforcement of the Automatic Stay Against the*

*Debtors, Co-Creditor Deutsche Bank Americas and Counsel* (the "Motion for Clarification of

Stay," ECF Doc. # 1227).  Through the Motion for Clarification of Stay, the Claimant sought a

declaratory judgment that the automatic stay applied to each of the pending Haffey Actions, or,

in the alternative, the issuance of an injunction enjoining their continuation.  On May 8, 2013,

the Court entered an order (the "Clarification Order," ECF Doc. # 3647) granting in part and

denying in part the Motion for Clarification of Stay; the Court modified the automatic stay for

the limited purpose of allowing each of the Haffey Actions and the Sixth Circuit appeals to

proceed to completion, including permitting Deutsche Bank to seek remand of the Foreclosure

Action for the purpose of obtaining a final judgment and order of sale.

On June 11, 2013, Deutsche Bank filed in the Sixth Circuit a motion to remand or dismiss

the Haffeys' appeal of the Foreclosure Action so the District Court could enter a final judgment

and order of sale in the Foreclosure Action.  The Sixth Circuit granted Deutsche Bank's motion,

and on October 22, 2013, the Sixth Circuit entered an order dismissing and remanding any

appeals related to the Foreclosure Action, finding that the Haffeys had not taken an appeal of any

final judgment in the Foreclosure Action.  The Sixth Circuit directed that the three consolidated

appeals in all of the actions other than the Foreclosure Action would proceed on the merits with respect to the appealed final orders entered by the District Court.

### B.    The Proofs of Claim

The Claimant filed Proof of Claim No. 2582 (the "First Proof of Claim," attached as Ex. 1-A to Obj.) on November 8, 2012, asserting a claim solely against ResCap in the amount of "$5,000,000.00+" with an asserted basis of "Document Fraud, Forgery, Fraud on the Court."  In support, the First Proof Claim attaches the Motion for Clarification of Stay, including the exhibits that were attached to that motion, which comprised the following:  (1) "Declaration of Shane Haffey," dated December 12, 2011, and initially filed in the Declaratory Judgment Action; (2) "Declaration of Creditor's Counsel Heather Boone McKeever, Esq.," dated August 16, 2012; (3) Documentation relating to Claimant's Loan and initially filed in the Foreclosure Action; and (4) a March 9, 2012 press release regarding a settlement between the United States Attorney for the District of South Carolina and certain mortgage loan servicers of certain claims arising under the South Carolina False Claims Act.

Also on November 8, 2012, the Claimant filed Proof of Claim No. 4402 (the "Second Proof of Claim," attached as Ex. 1-B to Obj.) asserting a claim solely against ResCap in the amount of "$5,000,000.00+" with an asserted basis of "QUI TAM Document Fraud, Document Forgery, Slander of Title, Quiet Title, Fraud on the Court."  In support, the Second Proof Claim attaches page 9 of the Motion for Clarification of Stay—summarizing the causes of action asserted in the Qui Tam Action—and, like the First Proof Claim, the exhibits to the Motion for Clarification of Stay.

### C.    The Debtors' Objection and Supplement

The Debtors object to the First and Second Proofs of Claim on the basis that (a) the

Proofs of Claim are improperly asserted against ResCap, and (b) even if the Proofs of Claim

were filed against a Debtor that was a party to one of the Haffey Actions, the Proofs of Claim do

not support liability against any of the Debtors because the claims are barred by *res judicata* and

collateral estoppel.  Additionally, in their Supplement in Further Support, the Debtors argue—*for

the first time*—that the Proofs of Claim fail to state a basis for liability under Kentucky law

because they fail to sufficiently allege fraud by the Debtors.  This argument was not raised in the

Objection, and the Court therefore will not consider this new legal argument, improperly asserted

for the first time in the Supplement.

### D.    The Claimant's Adjournment Motion and Response

In the Adjournment Motion, the Claimant takes issue with the legal arguments raised for

the first time in the Debtors' Supplement.  As explained above, the Court will not consider these

new legal arguments, so that portion of the Adjournment Motion is moot.  The Claimant also

asks the Court to deem his Response timely filed, but the Court finds McKeever's excuse for

why the Response was never filed on ECF untenable.  Even so, the Court reviewed the Response

and found nothing that would alter the Court's disposition.  The Response mostly reiterates the

allegations submitted with the original Proofs of Claim, raising only one new issue not

previously presented to the Court by the Claimant:  the Claimant argues that *res judicata* does

not bar his claims because new facts have come to light that prevented his original claim from

being fully and fairly litigated.  According to the Claimant, the Delehey Declaration, submitted

in support of the Objection, constitutes proof that the assignment of the Mortgage was fraudulent

because Ms. Delehey states that the Note was executed on May 18, 2007, rather than on May 14, 2007.  (*See* Delehey Decl. ¶ 5.)

The Court was already aware of this argument, however, and it has no bearing on the Court's disposition.  On January 15, 2014, the Claimant filed the *Defendants' Motion to Set Aside Findings, Alter or Amend and For Relief from Judgment* ("Motion to Set Aside") in three of the Haffey Actions:  the Foreclosure Action, the Declaratory Judgment Action, and the Haffey-GMACM Action.  Through the Motion to Set Aside, the Haffeys argue that orders previously entered in those cases should be deemed void and vacated, based on this "new" information (the execution date asserted in the Delehey Declaration).  As explained below, the Court's current decision is based solely on the fact that the Claimant filed the Proofs of Claim against ResCap, an entity against which the Claimant has no basis for a claim.  Therefore, Ms. Delehey's statement has no bearing on the Court's analysis at all.  In any event, to the extent arguments raised in the Motion to Set Aside have any merit, the District Court is best suited to address those arguments, and the Haffeys have already raised this issue there.

## II.    DISCUSSION

### A.    Claims Objections

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate.  11 U.S.C. § 501(a).  "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2013).  Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).

Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). If the objecting party satisfies that requirement, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

### B.    The Proofs of Claim Were Filed Against the Wrong Debtor Entity

Pursuant to Bankruptcy Code section 101, a creditor holds a claim against a debtor's estate only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. § 101(5). Likewise, Bankruptcy Code section 502(b)(1) provides, in relevant part, that the Court shall allow a claim except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

The Claimant filed each of the Proofs of Claim solely against ResCap.  Yet the

supporting documentation annexed to each Proof of Claim relates to some or all of the Haffey

Actions, none of which involved ResCap.  ResCap was not a party to any of the Haffey Actions,

and there is no explanation as to why the Proofs of Claim are properly asserted against ResCap.

The Court-approved bar date notice in these cases specifically directed:  "Any holder of a

claim against more than one Debtor must file a separate proof of claim with respect to each such

Debtor and all holders of claims must identify on their proof of claim the specific Debtor against

which their claim is asserted."  (ECF Doc. # 1309, Annex I at 2.)  The Claimant is represented by

competent counsel; McKeever filed both Proofs of Claim on the Claimant's behalf, and she has

intimate knowledge of each of the underlying proceedings.  McKeever and the Claimant

previously initiated a lawsuit naming GMACM as a defendant and filed third-party claims in the

Foreclosure Action, naming GMACM, RALI, and RFC as defendants.  The Haffeys are certainly

aware of the distinctness of these Debtor entities; the Claimant was required to file the Proofs of

Claim against the appropriate Debtors, but he failed to do so.  Instead, the Claimant filed claims

against ResCap—a Debtor entity that was not a party to any of the underlying litigation and that

was never involved with the Haffeys' Mortgage.  Accordingly, the Proofs of Claim are not

enforceable against ResCap, and the Court therefore **SUSTAINS** the Objection and

**EXPUNGES** the Proofs of Claim.

### C.    The Court Declines to Decide Whether the Proofs of Claim, Asserted Against the Correct Debtor, Would Be Barred by Claim and Issue Preclusion

The Claimant's failure to file the Proofs of Claim against the correct Debtor entity

hinders the Court's ability to decide whether the claims are barred by the doctrines of *res*

*judicata* and collateral estoppel.  Although distinct doctrines, both *res judicata* and collateral

estoppel require a prior final judgment on the merits.  *See Burgos v. Hopkins*, 14 F.3d 787, 789

(2d Cir. 1994) (stating that under *res judicata*, "a final judgment on the merits of an action

precludes the parties or their privies from relitigating issues that were or could have been raised

in that action" (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980))); *N.A.A.C.P., Detroit Branch

v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987) (stating that collateral

estoppel requires a prior proceeding that resulted in a final judgment on the merits).  The Debtors

GMACM, RALI, and RFC are parties to two of the Haffey Actions; the District Court entered a

final judgment in only one of those cases, granting GMACM's motion to dismiss the Haffey-

GMACM Action.  But RALI and RFC were not parties to that action, and it is unclear whether

the District Court entered a valid final judgment in the Foreclosure Action, where all three

Debtor entities are parties.[11]  Therefore, the Proofs of Claim might be barred if filed against

GMACM,[12] but might be permissible if they had been timely filed against RALI or RFC.

Because the Claimant did not file the Proofs of Claim against any of these entities, however, the

Court need not decide now whether Haffey is precluded from bringing these claims.

Further, pursuant to the Court's Clarification Order, the automatic stay does not apply to

the Haffey Actions, which are currently proceeding in the District Court and the Sixth Circuit.

---

[11]     Although the District Court dismissed the third-party claims against GMACM, RALI, and RFC, the court did not make an express determination that there was no just reason for delay in entering final judgment in favor of those parties specifically.  Absent such a determination, the judgment in their favor was not final.  *See* FED. R. CIV. P. 54(b).  The District Court did make an express determination as to all of the Foreclosure Action defendants when it entered a judgment, striking the Action from its active docket.  (*See* Case No. 5:09-cv-362, ECF Doc. # 44.)  But the Sixth Circuit's order dismissing and remanding any appeals related to the Foreclosure Action calls into question the finality of the judgment entered by District Court in that action.

[12]     The Motion for Clarification of Stay, attached to the First Proof of Claim, does make reference to claims that may not be barred by *res judicata*, even as against GMACM.  In that motion, McKeever states that, in addition to the pending cases, the creditor will be filing monetary claims against the Debtors and their law firm Bradley Arant Boult Cummings, LLP, based on asserted violations of consent orders entered into between certain Debtors and various governmental entities (the "Consent Orders").  According to the Motion, the "potential new direct monetary claims will be filed within the bankruptcy, pursuant to the Automatic Stay."  (*See* First Proof of Claim at 18.)  It is possible that that a claim based on non-compliance with the Consent Orders would not be barred by *res judicata*, because the Consent Orders were signed after the Haffey Actions were filed.  While the Court need not decide this issue now, the Court notes that the Claimant likely lacks standing to bring claims based on alleged violations of the Consent Orders, since those Orders clearly limit standing for enforcement to the signatories, and explicitly state that borrowers do not have standing to assert claims based on violations of the Orders.  Additionally, any new proofs of claim for damages against any of the Debtors would not be timely.

13

Therefore, even if the Court were to rule now that the Proofs of Claim are barred under preclusion principles, the Claimant could still seek allowance of his claims under 11 U.S.C. § 502(j) if he succeeds on his appeals or in the District Court.  Because the Court has already ruled that the Proofs of Claim should be disallowed as filed against the wrong Debtor entity, the Court finds that the most prudent course is to abstain from ruling on the preclusive effect of the Haffey Actions at this time.  Even if the Court found that the Proofs of Claim were not barred by preclusion principles (which the Court does not), the District Court and the Sixth Circuit are better situated to address the merits of these claims, and the cases are already proceeding in those venues.  The Claimant will not be denied his day in court.

### III.    CONCLUSION

For all of the foregoing reasons, Court **SUSTAINS** the Objection.  Claim Nos. 2582 and 4402 are hereby **DISALLOWED** and **EXPUNGED** with prejudice.  The Proofs of Claim were filed against ResCap—a Debtor entity which is not a party to any of the prior Haffey Actions and against which no basis for liability is asserted.  This opinion has no effect on the underlying Haffey Actions, and pursuant to Clarification Order, the automatic stay has been lifted to allow the Haffey Actions to be prosecuted to completion.  In the event the Claimant obtains a judgment against one of the Debtor entities, he may be entitled to an allowed claim against that Debtor, pursuant to 11 U.S.C. 502(j).

**IT IS SO ORDERED.**

Dated:  February 19, 2014
　　　　 New York, New York

_Martin Glenn_
MARTIN GLENN
United States Bankruptcy Judge

14