**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING ANAISSA B. GERWALD'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM**

Pending before the Court is the *Response to Debtors['] Objection* (the "Motion," ECF Doc. # 5553) filed by Anaissa B. Gerwald ("Gerwald"). While not styled as a motion for reconsideration, that is what this Motion effectively is, and that is how the Court will treat it. Gerwald asks the Court to reconsider its *Order Granting Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* (the "Disallowance Order," ECF Doc. # 5377), which disallowed and expunged claim number 6866 filed by Gerwald (the "Gerwald Claim"). The Borrower Claims Trust[1] filed an objection to the Motion (the "Objection," ECF Doc. # 6244), which is supported by the Declaration of P. Joseph Morrow (the "Morrow Decl.," ECF Doc. # 6244-2).

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for chapter 11 relief. After the Petition Date, the Debtors continued to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

On July 17, 2012, the Court entered an Order appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these chapter 11 cases. (ECF Doc. # 798.) Among other things, KCC is authorized to (1) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases, and (2) maintain official claims

---

[1] The Borrower Claims Trust was established as successor in interest to each of the debtors (the "Debtors") pursuant to the terms of the confirmed chapter 11 plan filed in these cases.

registers for each of the Debtors.  On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309) establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form and manner for filing proofs of claim.  On November 7, 2012, the Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time).  (ECF Doc. # 2093.)

On June 19, 2013, KCC received two proofs of claim filed by Gerwald.  The proofs of claim each assert a secured claim against GMAC Mortgage, LLC ("GMACM") in the amount of $469,098.  Each proof of claim alleges fraud by GMACM related to two parcels of real property (the "Properties"):  (1) 12 Bluegrass Lane, Savannah, Georgia 31405 ("12 Bluegrass"), and (2) 3786 Viewcrest Drive South, Salem, Oregon 97302.  It appears that Gerwald intended each proof of claim to relate to only one of the Properties, but both Properties are referenced on each proof of claim.  One of the proofs of claim lists the 12 Bluegrass address as the address where notices should be sent.  KCC entered the proofs of claim together, designating them both as one claim:  the Gerwald Claim, claim number 6866.

The Gerwald Claim is signed and dated October 2012, but the proof of claim form's "claim amendment" section references a prior claim dated December 28, 2012.  Attached to the Gerwald Claim is a handwritten certificate of service, purporting that Gerwald served a copy of her claim on the Court on October 28, 2012.  But since the proof of claim itself references a December 28, 2012 amendment, it is simply impossible that the proof of claim was mailed to the Court on October 28, 2012.

On August 30, 2013, the Debtors filed the *Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* (the "Thirty-First Omnibus Objection," ECF Doc. # 4902),

2

which included an objection to the Gerwald Claim because that claim was filed more than seven months after the General Bar Date. The response deadline to the Thirty-First Omnibus Objection was October 1, 2013.

On October 4, 2013, Gerwald filed two *Motion[s] to Request Original Mortgage Loan Presented to the Debtor and the Court* (ECF Doc. ## 5290, 5291), each referencing one of the Properties. Although it was unclear whether these filings were in response to the Thirty-First Omnibus Objection, the Debtors treated them as such. On October 9, 2013, the Court held a hearing on the Thirty-First Omnibus Objection, at which the October 4, 2013 filings were discussed. Gerwald did not appear. The Court sustained the objection to the Gerwald Claim and later entered the Disallowance Order.

Gerwald filed the Motion on October 28, 2013. In the Motion, Gerwald asserts that her claim was timely filed because she first submitted her claim to the Court in October of 2012—before the General Bar Date had passed. On November 20, 2013, Gerwald filed two proposed orders in connection with the relief she is seeking. (ECF Doc. # 5881.)

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to

3

complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

The Gerwald Claim was received and entered by KCC on June 19, 2013—seven months after the General Bar Date of November 16, 2012. Through the Morrow Declaration, the Debtors submitted evidence that Gerwald was served with notice of the General Bar Date at the 12 Bluegrass address and that KCC did not receive any proofs of claim from Gerwald prior to its receipt of the Gerwald Claim. (*See* Morrow Decl. ¶¶ 5, 8.)

It is well established that proper mailing of the notice of a bar date raises a rebuttable presumption of receipt, *In re AMR Corp.*, 492 B.R. 660, 663–64 (Bankr. S.D.N.Y. 2013), and Gerwald does not deny receipt of notice of the General Bar Date. The Court-approved bar date notice—a copy of which was sent to Gerwald—clearly required all proof of claim forms sent by mail to be addressed to "ResCap Claims Processing Center c/o KCC." (*See* Annex I to Bar Date Order.) Under the Bar Date Order, a proof of claim form could *only* permissibly be sent to the Court if sent by *hand delivery*.

Gerwald claims that she filed timely proofs of claim by mailing completed proof of claim forms to the Court. As her only evidence, Gerwald submits handwritten certificates of service that are essentially affidavits. The Court seriously doubts the veracity of these statements that appear to have been prepared well-after the facts alleged and are internally inconsistent.[2] Under

---

[2]  Gerwald sent her recent submissions to the Court from a federal correctional institution, where she is serving a 28-month sentence after pleading guilty to count 1 of an indictment charging false statements in

4

the Court's internal procedures, a proof of claim improperly addressed to the Court is opened and stamped with the date of receipt and placed in a box for pick-up by the claims agent of record. If Gerwald mailed her proofs of claim to the Court, KCC would have received them, stamped with the date received at the Court. But KCC did not receive them.

Further, even if Gerwald did mail her proof of claim forms to the Court before the bar date, that submission would have been inadequate under the procedures required in the bar date notice. Therefore, because KCC did not receive the forms before the General Bar Date, the claims were not timely filed, regardless of whether they were timely sent to the Court. *See, e.g.*, *In re Outboard Marine Corp.*, 386 F.3d 824, 827–28 (7th Cir. 2004) (affirming disallowance of late-filed claim where creditor faxed proof of claim to trustee's counsel contrary to clear instructions contained in the bar date notice). "The Second Circuit strictly observes bar dates and has adopted what has been characterized as a 'hard line'" in deciding whether a creditor's delay was the result of excusable neglect, warranting the allowance of a late-file claim. *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119–20 (Bankr. S.D.N.Y. 2010). "This 'hard line' approach focuses primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *Id.* at 120. Gerwald was in complete control of deciding where to mail her proofs of claim. If she mailed the forms to the Court (which the Court seriously doubts), Gerwald did not follow the instructions on the bar date notice. Her proofs of claim—which were not received by KCC until well after the General Bar Date—were not timely filed.

---

bankruptcy and bankruptcy fraud, involving statements made in her own bankruptcy proceeding. *See United States v. Gerwald*, No. 4:11-cr-00249-WTM-GRS-1 (S.D. Ga. 2011) (Count 1 charged Gerwald with making false statements "by failing to identify other names and Social Security numbers she had used, or other bankruptcy cases she had filed, in the eight years prior to January 4, 2010.").
.

5

Gerwald has not introduced any new evidence bearing on the Court's decision or established that the Disallowance Order is based upon a "clear error of law." Nor has she identified any new controlling law that should alter the Court's analysis. For these reasons, Gerwald has not satisfied the standards for reconsideration, and her Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   February 20, 2014
         New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge