# Exhibit A

{00377387-2}

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND PROTECTIVE ORDER FOR DISCOVERY RELATED
TO PROOFS OF CLAIM FILED BY UBS REAL ESTATE SECURITIES, INC.**

The terms and conditions of this stipulation and protective order (the "**Protective Order**") shall govern the disclosure, discovery, production, and use of documents and other information related to the proofs of claim filed by UBS Real Estate Securities, Inc. (together with its affiliates, "**UBS**") in the above-captioned cases (the "**Chapter 11 Cases**").

1. For purposes of this Protective Order, the following terms shall have the following indicated meanings:

> "Advisors" shall include counsel, consultants, accountants, experts, auditors, financial advisors, appraisers, or other agents or professionals.
>
> "Confidential Information" means any and all proprietary and confidential nonpublic information (whether in writing or orally or in any other format) produced, provided, given, or exchanged by a Disclosing Party (as defined below) that is marked or designated by such Disclosing Party as being "Confidential," including, without limitation, information concerning the Disclosing Party's assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, corporate governance, intellectual property, trade secrets, and compilations and studies relating to the foregoing. Confidential Information includes, but is not limited to, all analyses, compilations, forecasts, studies, or other documents prepared by a Receiving Party in connection with its review of, or interest in, the

{00377387-2}

Chapter 11 Cases, which contain, reflect, or are based upon any such Confidential Information provided by the Disclosing Party.

The term Confidential Information will not include information that:

> (i) is or becomes publicly available other than as a result of a disclosure by any Receiving Party in breach of this Protective Order,
>
> (ii) a Receiving Party obtains independently, not pursuant to this Protective Order,
>
> (iii) is or becomes available to the Receiving Party on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party (who shall have no duty of investigation in this regard) to be subject to any prohibition from disclosing such information to the Receiving Party,
>
> (iv) is independently developed by such Receiving Party without violating its obligations hereunder and without using any Confidential Information,
>
> (v) is disclosed or is required to be disclosed by law, rule, regulation, or legal process, subject to the requirements of paragraph 10 below, or
>
> (vi) is determined by a court of competent jurisdiction not to be Confidential Information.

"Debtors" shall mean the Debtors in the above-captioned chapter 11 cases.

"Disclosing Party" means the Trust or UBS when producing Discovery Material.

"Discovery Material" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided, or exchanged in connection with discovery to the Trust in these Chapter 11 Cases.

"or" shall not be construed as exclusive.

"Receiving Party" means the Trust or UBS and their respective Representatives and Advisors when receiving Discovery Material.

2

"Representatives" shall include affiliates, directors, officers, partners, members, and employees.

"Trust" shall mean the ResCap Liquidating Trust.

2. This Protective Order shall govern the disclosure, discovery, production, and use of all Discovery Material related to the proofs of claim filed by UBS. The Receiving Parties' obligations with respect to Discovery Material shall not be understood or construed to extend beyond the express terms of this Protective Order.

3. Each Receiving Party hereby agrees that it will:

(a) keep the Confidential Information confidential and will not (except as required by applicable law, rule, regulation, or legal process, and only after compliance with paragraph 10 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Protective Order;

(b) not use or allow any Confidential Information to be used for any purpose other than in connection with the UBS proofs of claim; and

(c) use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership, or individual.

4. UBS and the Trust represent to each other that each of their respective Representatives and Advisors who receives Confidential Information pursuant to this Protective Order will be advised (i) of the confidentiality and use restrictions of this Protective Order, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Protective Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. The Disclosing Party may agree in writing to greater or lesser restrictions on the use of certain Confidential Information.

5. The Disclosing Party shall be permitted to designate certain items of Confidential Information as "Professionals' Eyes Only" only if the Disclosing Party in good faith reasonably believes (i) that the items contain proprietary information related to the Disclosing Party's

3

previous, existing, or ongoing business operations for which restricted access is necessary to prevent a risk of competitive harm to the Disclosing Party in the ongoing operation of its business, or (ii) that the items contain non-privileged internal analyses regarding the treatment and/or valuation of existing or potential claims in connection with the sale of mortgages or mortgage backed securities.

6. The Receiving Party agrees that information designated as Confidential may *also* be reviewed by, and information designated as Professionals' Eyes Only may *only* be reviewed by, the following persons:

   (a) Advisors who represent or work for the Receiving Party in matters related to the UBS proofs of claim, as well as clerical, paralegal, other staff, and agents of those Advisors whose functions require access to Confidential or Professionals' Eyes Only information;

   (b) Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

   (c) Professional vendors to whom disclosure is reasonably necessary for the resolution of the UBS proofs of claim, provided that they are informed that the material is Confidential or Professionals' Eyes Only information;

   (d) Any court before which the UBS proofs of claim are pending and their respective authorized staff, including official and freelance court reporters and videotape operators hired by the Parties or the Court in connection with the UBS proofs of claim; and

   (e) Any other person, only upon order of the Court or agreement of the Disclosing Party.

7. The Disclosing Party may designate the specific testimony during a deposition or proceeding as Confidential or Professionals' Eyes Only either on the record at the deposition or other proceeding, or in writing no later than five calendar days following the date on which counsel for the Disclosing Party has received the final version of the transcript of the deposition or other proceeding (the "**Transcript Designation Period**"); provided that testimony designated

4

as Confidential or Professionals' Eyes Only shall remain subject to such designation during the Transcript Designation Period.

8. Notwithstanding the foregoing, should the Receiving Party disagree with the Disclosing Party's designation of information as Confidential or Professionals' Eyes Only, counsel for the Disclosing Party and the Receiving Party shall confer in good faith to resolve the issue on an expedited basis. Absent a consensual resolution, the Receiving Party may request, upon written notice to the Disclosing Party and on an expedited basis, that the Bankruptcy Court resolve the issue (subject to the Court's availability). The material in question shall be treated as it was initially designated by the Disclosing Party pending resolution of the issue. If challenged pursuant to this paragraph 8, the Disclosing Party shall bear the burden of establishing that any such material challenged by the Receiving Party is entitled to the designation of Confidential or Professionals' Eyes Only assigned by the Disclosing Party.

9. In the event that a Receiving Party, intends to offer into evidence or otherwise use Discovery Material designated Confidential or Professionals' Eyes Only in the Chapter 11 Cases , then such Receiving Party shall (i) obtain the advance written consent of Disclosing Party (through the Disclosing Party's counsel) to such offer or use; (ii) file under seal the Discovery Material in question or any substantive references thereto; or (iii) obtain an order of the Bankruptcy Court permitting the disclosure after advance written notice and a reasonable opportunity for the Disclosing Party to be heard on such proposed relief. Any such request for relief from the Bankruptcy Court may be heard on expedited notice, subject to the Bankruptcy Court's calendar.

10. Notwithstanding anything to the contrary herein, if a Receiving Party is requested pursuant to, or becomes legally compelled by, applicable law, rule, regulation, regulatory

5

authority, or legal process to make any disclosure that is otherwise prohibited or constrained by this Protective Order, the Receiving Party shall provide written notice of such legal proceedings or compelled disclosure (unless such notice is prohibited by applicable law) to the Disclosing Party and the Disclosing Party's counsel pursuant to the notice provisions set forth herein promptly upon receiving such notice and, unless such required disclosure by its terms compels the Receiving Party to disclose such Confidential Information in a shorter period, at least three business days prior to compliance by the Receiving Party with the request for disclosure of Confidential Information, so that the Disclosing Party may seek an appropriate protective order or other appropriate relief, or, in the Disclosing Party's sole discretion, waive compliance with the terms of this Protective Order.  In the absence of a protective order or the Receiving Party's receiving such a waiver from disclosure, the Receiving Party shall be permitted (with the Disclosing Party's cooperation) to disclose only that portion of the Confidential Information that the Receiving Party or the Representative is advised by the Receiving Party's counsel is legally required to be disclosed and shall inform (in writing) any person to whom any Confidential Information is so disclosed of the confidential nature of such Confidential Information.

11. Each Receiving Party acknowledges that none of the Disclosing Parties makes any express or implied representation or warranty as to the accuracy or completeness of the Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from disclosure of the Confidential Information or for any errors therein or omissions therefrom.

12. Nothing in this Protective Order shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery, or other process, or

prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery, or other process.

13. This Protective Order shall be retroactively effective as of July 25, 2013. Upon the date that is the latest of one year following the first date on which (i) an order allowing or disallowing UBS's claims against the Debtors is a final, nonappealable order, (ii) the Receiving Party and UBS have consummated a settlement of the claims, or (iii) on which the Chapter 11 Cases are dismissed, each Receiving Party shall either (at the Receiving Party's election) (x) destroy all copies of the Confidential Information in its possession and verify in writing that the materials has been destroyed, or (y) promptly deliver to the Disclosing Party all copies of the Confidential Information in its possession.  The destruction or delivery obligation provided for by the previous sentence is subject to the following exceptions:

(a) the Receiving Parties may retain all analyses, compilations, forecasts, studies, or other documents prepared by the Receiving Parties, including those reflecting Confidential Information, and such other information that such Receiving Party is required to retain by law or reasonable and customary internal document retention policies (including any internal document retention policies in effect as of the date of this Protective Order) (collectively the "**Retained Information**");

(b) The Receiving Party shall not be required to return or destroy any Confidential Information if the Disclosing Party agrees in writing that the Receiving Party may retain such Confidential Information or the Receiving Party obtains an order of the Bankruptcy Court authorizing it to retain such Confidential Information; or

(c) Backup copies of electronic communications containing Confidential Information which are automatically generated through Receiving Party's data backup and/or archiving systems and which are not readily accessible by Receiving Party's business personnel (the "**electronic copies**") shall not be deemed to violate this Protective Order, so long as such electronic copies are not disclosed or used in violation of the terms of this Protective Order.

7

If requested by a Disclosing Party, a Receiving Party shall provide a certification as to the destruction of any materials in accordance with the foregoing. Any Receiving Party that retains any Retained Information or other Confidential Information pursuant to this paragraph will continue to be subject to the terms of this Protective Order in respect of all such information.

14. The inadvertent or unintentional production of any documents containing material subject to any legally cognizable privilege or evidentiary protection, including, but not limited to, the attorney-client privilege, attorney work product protection, or other applicable privilege or protection, shall not constitute a waiver or forfeiture of such privilege or protection.  Upon notice from the Producing Party that an inadvertent or unintentional production has occurred, the Reviewer shall use commercially reasonable efforts to destroy all copies of such documents and material derived therefrom within ten (10) business days of receipt of such notice and a letter certifying that fact sent to counsel for the Producing Party.

15. Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Protective Order and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting the further release of Confidential Information, or the specific performance of the terms of this Protective Order restricting the further release of Confidential Information, for any breach of this Protective Order by one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief. In the absence of willful misconduct or bad faith, injunctive relief and specific performance of the terms of this Protective Order, as provided for in this paragraph, will be the

8

exclusive remedies available to Disclosing Parties for any alleged breach of this Protective Order by the Receiving Parties.

16. This Protective Order will be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

17. This Protective Order supersedes any confidentiality agreements entered into by the Trust or the Debtors with UBS and, except as provided herein, no modifications of this Protective Order or waiver of the terms and conditions hereof will be binding upon the parties, except by order of the Bankruptcy Court. The Trust and UBS retain the right to seek relief from the Bankruptcy Court with respect to the terms and conditions of this Protective Order.

18. All notices and other communications to the parties required or permitted under this Protective Order shall be in writing and shall become effective when delivered by electronic mail, overnight courier service, registered or certified mail (postage prepaid) or hand delivery, addressed as follows or as provided on the Special Service List as set forth in the Case Management Order in these Chapter 11 Cases:

> If to the Trust:
>
> Deanna Horst
> ResCap Liquidating Trust
> 1100 Virginia Drive, Suite 250
> Fort Washington, PA  19034
> deanna.horst@rescapestate.com
>
> With a copy to:
>
> Jeffrey A. Lipps
> Jennifer A.L. Battle
> Carpenter Lipps & Leland LLP
> 280 North High Street, Suite 1300
> Columbus, Ohio  43215
> lipps@carpenterlipps.com
> battle@carpenterlipps.com

9

        If to UBS:

        Hilary Williams
        UBS Investment Bank
        677 Washington Blvd
        Stamford, CT 06901

        With a copy to:

        Andrew R. Keats
        Aric Wu
        Marshall R. King
        GIBSON DUNN & CRUTCHER LLP
        200 Park Avenue
        New York, New York 10166-0193
        akeats@gibsondunn.com

This Protective Order shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

      19.    The Receiving Parties and the Disclosing Parties hereby (a) submit to the jurisdiction of the Bankruptcy Court with respect to all disputes, actions, suits and proceedings arising out of or relating to this Protective Order, (b) agree that all claims with respect to any such dispute, action, suit, or proceeding may be heard and determined in such court, (c) waive the defense of an inconvenient forum, (d) agree that service of any process, summons, notice, or document by United States registered mail or as otherwise provided in this Protective Order shall be effective service of process for any action, suit, or proceeding brought in any such court by either Party with respect to any such dispute, action, suit, or proceeding, (e) agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law and (f) waive a right to trial by jury of any dispute, action, suit, or proceeding related to this Protective Order.

10

| RESCAP LIQUIDATING TRUST | UBS REAL ESTATE SECURITIES, INC. |
|---|---|
| By:   /s/ Jennifer A. L. Battle<br>Jeffrey A. Lipps<br>Jennifer A.L. Battle<br>David A. Beck<br>CARPENTER LIPPS & LELAND LLP<br>1540 Broadway, Suite 3710<br>New York, NY 10036<br>Phone: (212) 837-1110<br><br>*Special Litigation Counsel to the ResCap Liquidating Trust* | By:   /s/ Matthew A. Kelsey<br>Matthew A. Kelsey<br>Keith A. Martorana<br>Andrew R. Keats<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>*Counsel to UBS Real Estate Securities, Inc.* |

APPROVED AND SO ORDERED:

Dated: _____, 2014
New York, New York

          MARTIN GLENN
          UNITED STATES BANKRUPTCY JUDGE

11

# SCHEDULE 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was approved by the United States Bankruptcy Court for the Southern District of New York on _____, 2014 in the case of *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG). I agree to comply with and to be bound by all the terms of this Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulation and Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of the Chapter 11 Cases.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

{00377387-2}