UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al*.

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

### ORDER DENYING DIANE M. WALKER'S MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM

Pending before the Court is the *Rejection to Amended Order Granting Debtors' Twenty-Sixth Omnibus Objection to Claims* (the "Motion," ECF Doc. # 5926) filed by Diane M. Walker ("Walker"). While not styled as a motion for reconsideration, that is what this Motion effectively is, and that is how the Court will treat it. Walker asks the Court to reconsider its *Amended Order Granting Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Disallowance Order," ECF Doc. # 5221), which disallowed and expunged claim number 4556 filed by Walker (the "Walker Claim"). The Borrower Claims Trust[1] filed an objection to the Motion (the "Objection," ECF Doc. # 6447).

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for chapter 11 relief. After the Petition Date, the Debtors continued to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On March 21, 2013, the Court entered an order (the "Procedures Order") authorizing the Debtors to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds provided in the

---

[1] The Borrower Claims Trust was established as successor in interest to each of the debtors (the "Debtors") pursuant to the terms of the confirmed chapter 11 plan filed in these cases. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors* (the "Confirmed Plan," ECF Doc. # 6065). The Confirmed Plan became effective on December 17, 2013. (ECF Doc. # 6137.)

Procedures Order (ECF Doc. # 3294). The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures"). Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that before objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). (*See* Procedures Order at 4.)

On July 17, 2012, the Court entered an Order appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these chapter 11 cases. (ECF Doc. # 798.) Among other things, KCC is authorized to (1) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases, and (2) maintain official claims registers for each of the Debtors. On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309) establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form and manner for filing proofs of claim. On November 7, 2012, the Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time). (ECF Doc. # 2093.)

On November 13, 2012, KCC received a proof of claim form from Walker. The proof of claim asserts an administrative priority claim against Residential Capital, LLC ("ResCap") in the amount of $147,290. The stated basis of the claim is "wrongful foreclosure + shameful

2

eviction." Attached to the proof of claim form is a letter from Walker to the Court that appears to assert that GMAC Mortgage LLC ("GMACM") wrongfully foreclosed on her residence because (1) she was told that she would have to provide proof of her mother's financial contribution in her modification application on the day before the foreclosure and (2) her ex-husband's information was required during the modification process even though he signed a quit claim after their divorce, delaying the application process. No other supporting documentation accompanies the proof of claim form. On the proof of claim form, Walker lists as the address where notices should be sent: 5405 3rd Court East Tuscaloosa, Alabama, 35405 ("5405 3rd").

During the claims reconciliation process, the Debtors identified the Walker Claim as lacking adequate supporting documentation to determine its validity. Pursuant to the Procedures Order, the Debtors sent Walker letters requesting additional documentation in support of the Walker Claim. (ECF Doc. # 4734 Ex. 1, the "Horst Decl.," ¶ 4.) The Debtors did not receive any response to the request letters (*id.*) and, on August 16, 2013, the Debtors filed the *Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Twenty-Sixth Omnibus Objection," ECF Doc. # 4734). The Debtors sent Walker notice of the Twenty-Sixth Omnibus Objection via First Class Mail sent to the 5405 3rd address (*see* ECF Doc. # 4751 Ex. C), but she did not respond or participate in the hearing, either by person or telephonically. The Court subsequently disallowed and expunged the Walker Claim pursuant to the Disallowance Order. The Disallowance Order was served on Walker by First Class Mail sent to the 5405 3rd address on September 27, 2013. (*See* ECF Doc. # 5288 Ex. C.)

The Court received the Motion on November 18, 2013, fifty-two days after the Disallowance Order was entered. The Motion reiterates Walker's claims in the letter attached to

3

the Walker Claim, namely that she was "not given a chance to go through the remodification [*sic*] process," that "GMAC did nothing to help" her, and that, because the Debtors planned to file for bankruptcy protection, her "situation was expedited without time to seek counseling from one of many 'save your home' programs" based on her mother's income. (Motion at 1, 3.) Walker attaches the following documents to her Motion: (1) a notice of a foreclosure sale scheduled for January 2011 and (2) a loss mitigation package dated March 26, 2012 Walker claims she submitted to GMACM that includes (a) Walker's financial information; (b) a utility bill; (c) proof of income for Walker's mother (from Social Security benefits and monthly pension benefits); (d) correspondence from GMACM dated March 7, 2012 relating to loss mitigation options; (e) a quitclaim deed establishing Walker's sole ownership of her residence; and (f) an order dated March 9, 2011 in Walker's chapter 7 bankruptcy case, granting Walker's motion to voluntarily dismiss her case. Walker argues that the Motion should be granted because she has "no knowledge of the legal actions regarding [her] request to be awarded the amount of the total value of [her] house, $147,290" and she has "no legal knowledge to properly respond to the 'Borrower's Claim with insufficient Documentation." (*Id.* at 1, 3.)

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks

4

and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which sets forth the grounds on which a court may grant relief to a party from a final order. Rule 9024 provides that relief from an order can be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). "A motion for reconsideration should be granted *only* when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (emphasis added).

Even considering that she is *pro se* and therefore the Motion is held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520

5

(1972), the Motion fails to identify grounds upon which it should be granted.  Walker has not identified any intervening change of controlling law.  Additionally, her Motion does not rely on newly available evidence.  To the extent the Motion relies on the additional documentation submitted to supplement the Walker Claim and overcome the Twenty-Sixth Omnibus Objection, this documentation was available to Walker prior to the Court's issuance of the Disallowance Order, is not newly discovered, and should have been included in a response to the Debtors' original objection.  The response letters sent to Walker pursuant to the Procedures Order clearly state that failure to respond would allow the Debtors to file an objection to her claim which, if successful, would result in disallowance and expungement of the Walker Claim.  Walker did not respond to the response letters and the Debtors objected to her claim on an insufficient documentation basis.  The Twenty-Sixth Omnibus Objection was sent to Walker at the 5405 3rd address she provided to the Court on her proof of claim form, but Walker did not respond.  The time for Walker to submit the papers she included in her Motion was either in response to the Debtors' letters requesting additional documentation or in response to the Debtors' objection. The Twenty-Sixth Omnibus Objection clearly states that "objections, if any, to the Omnibus Objection must be made in writing . . . [and] filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)** . . ." (Twenty-Sixth Omnibus Objection at 2 (emphasis in original).)  To the extent Walker did not understand the process, she could have contacted SilvermanAcampora, LLP, Special Counsel in these chapter 11 cases, or Walker could have sought advice of other counsel.  SilvermanAcampora's contact information was clearly provided in the response letters.  Thus, in order to prevail on her

6

Motions, she must show the need to correct clear error of law or prevent manifest injustice. She fails to do so.

For these reasons, Walker has not satisfied the standards for reconsideration, and her Motion is **DENIED**.

Walker further filed a "[Response] to the Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors and Occurrence of effective date" on January 17, 2014, requesting payment as a "Holder of Administrative Claims." (ECF Doc. # 6331.) Since the Walker Claim was disallowed and expunged pursuant to the Disallowance Order, she has no valid claim in these chapter 11 cases and her request for payment is **DENIED**.

**IT IS SO ORDERED.**

Dated:   February 24, 2014
         New York, New York

                                         _____/s/Martin Glenn_____
                                              MARTIN GLENN
                                         United States Bankruptcy Judge