**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et. al.* | Case No. 12-12020 |
| Debtors. | |

## ORDER SUSTAINING OBJECTION TO MOTIONS OF KAREN MICHELE ROZIER FOR PAYMENT ON CLAIMS

Pending before the Court are *Karen Michele Rozier's Request for Payment from Executive Trustee Services, LLC d/b/a ETS, LLC* (ECF Doc. # 6173) and *Karen Michele Rozier's Request for Payment from GMAC Mortgage, LLC* (ECF Doc. # 6173-1) (collectively, the "Motions"). Through her Motions, Karen Michele Rozier ("Rozier") seeks immediate payment of her claims numbered 4738 and 5632 (the "Claims"). In aggregate, Rozier seeks $29,841,120.01 from the ResCap Liquidation Trust (the "Trust"), the Debtors' successor in interest. (*See id.*) In response, the Trust filed the *Objection of the Borrower Claims Trust to Motions of Karen Michele Rozier for Payment on Claims* (the "Objection," ECF Doc. # 6461). The Trust asserts that there is no basis upon which Rozier is entitled to relief. For the reasons provided below, the Court **SUSTAINS** the Trust's Objection; the Motions are **DENIED**.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309) establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form and manner for filing proofs of claim. On November 7, 2012, the

Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time). (ECF Doc. # 2093.)

On December 11, 2013, the Court entered *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order) approving the terms of the Chapter 11 plan, as amended (the "Plan"), in these chapter 11 proceedings. (ECF Doc. # 6065.) The Plan became effective on December 17, 2013 (the "Effective Date"). (ECF Doc. # 6137.) Pursuant to the Plan, the Trust is now empowered to object to borrower claims.

On July 13, 2012, the Court entered an order modifying the automatic stay (the "Final Supplemental Order," ECF Doc. #774) whereby borrowers could prosecute certain claims against the Debtors. (*See* Final Supplemental Order ¶¶ 14–15.) On September 27, 2012, Rozier commenced an action in the Superior Court of California (the "California Action"). As part of the California Action, on October 29, 2012, Rozier filed a *First Amended Verified Complaint for Injunctive Relief to Set Aside Trustee Sale, Enjoin Foreclosure Sale and Fraud* (the "Complaint"), alleging, among other things, wrongful foreclosure against GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS"). On December 4, 2012, GMACM and ETS filed a *Notice of Bankruptcy Stay and Suggestion of Automatic Stay* (the "Bankruptcy Notice"). Aside from notifying Rozier of these chapter 11 proceedings and the consequences of violating the automatic stay, the Bankruptcy Notice purportedly identified Rozier's wrongful foreclosure claim as the sole claim for which the automatic stay had been modified. On February 4, 2013 and June 11, 2013, respectively, Rozier further amended the Complaint

to, among other things, add Residential Funding Company, LLC as a Debtor Defendant.
In response, Debtors filed letters dated February 11, 2013 and June 18, 2013,
respectively, to remind Rozier of the Bankruptcy Notice and potential violations of the
automatic stay.  A hearing on a motion to dismiss these claims, as well as a motion for
sanctions, is scheduled for March 2014 in California.

On November 14, 2012, Rozier timely filed claim number 4738 (the "GMACM
claim") against Debtor GMACM.  The GMACM Claim alleges liability for, among other
things, the claims asserted in the California Action.  On November 16, 2012, the Movant
timely filed claim number 5632 (the "ETS Claim") against Debtor ETS.  The ETS Claim
also alleges liability for the reasons asserted in the California Action.  The Debtors did
not object to the Claims before the Effective Date, and the Trust has not yet objected to
the Claims since the Effective Date.  But under the terms of the Plan, the Trust's deadline
to object to the Claims does not expire until two hundred seventy days after the Effective
Date—September 15, 2014[1]—or any other later date established by the Court following a
motion.

On December 23, 2013, the Movant requested payment of her so-far unopposed
claims.  The Movant is seeking payment in the aggregate amount of $29,841,120.01,
comprised of: (1) $666,000, which is equivalent to 100% of the ETS Claim; and
(2) $29,175,120.01, which is equivalent to 30.1% of the GMACM Claim.

In their Objection, the Trust rightly asserts that the Movant is not entitled to any
current distribution and would only be entitled to a distribution if and when the Claims
were to become allowed.

---

[1]    Since 270 days from December 17, 2013—the Effective Date—is Saturday, September 13, 2014,
the applicable date for this computation is Monday, September 15, 2014.  FED. R. BANKR. P. 9006(a)(1)(C).

3

The Movant is only entitled to receive payment on her Claims in connection with a confirmed plan of reorganization, only after her Claims are allowed and no longer subject to objection, and a distribution is made to other creditors. *See* FED. R. BANKR. P. 3021. ("[A]fter a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed.").

Here, the Plan was confirmed and became effective. But the Trust's time to object to the Claims has not passed, and Movant's Claims have not been allowed. Therefore, Rozier is not entitled to any distribution at this time under the Plan or the Federal Rules of Bankruptcy Procedure.

Therefore, the Court **SUSTAINS** the Objection and **DENIES** the Motions.

**IT IS SO ORDERED.**

Dated:  February 26, 2014
         New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge