MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts

*Counsel to The ResCap Borrower Claims Trust
and The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST AND THE RESCAP LIQUIDATING TRUST TO STEPHANIE HARRIS'S MOTION TO PLACE TRUSTEES BACK UNDER COURT SUPERVISION**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust") and the ResCap Liquidating Trust (the "Liquidating Trust," and together with the Borrower Trust, the "Trusts")[1], established pursuant to the Plan (as defined herein) confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this objection (the "Objection") to the *Motion to Place Trustees Back under Court Supervision* [Docket No. 6422] (the "Motion") filed by Stephanie Harris (the "Movant" or "Ms. Harris"). In support of the Objection, the Trusts, by and through their undersigned counsel, respectfully represent as follows:

---

[1] As the Motion impacts both the Borrower Trust and Liquidating Trust, the Trusts are jointly filing the Objection.

1

ny-1130342

**PRELIMINARY STATEMENT**

1. On February 21, 2007, Ms. Harris executed a mortgage note (the "Mortgage") in favor of People's Choice Home Loan, Inc. ("People's Choice"), secured by real property located at 1525 Lenox Ave., Unit 2, Miami Beach, Florida 33139 (the "Property"). As of the Petition Date (as defined below), Debtor Residential Funding Company, LLC was the master servicer of the Mortgage and Debtor GMAC Mortgage, LLC was the primary servicer. Pursuant to an order of this Court dated November 21, 2012, the Debtors sold their servicing rights with respect to the Mortgage to Ocwen Loan Servicing, LLC ("Ocwen"). The Trusts understand that the Property is currently subject to foreclosure proceedings in Florida state court being prosecuted by Ocwen in its capacity as servicer.[2]

2. On November 6, 2012, Ms. Harris filed proof of claim no. 2536 (the "Proof of Claim") against Debtor Residential Capital, LLC in the amount of $5,000,000, of which $450,000 is purportedly secured and the remainder unsecured. The stated basis of the Proof of Claim is "wrongful foreclosure, tortious interference . . ."

3. Although not entirely clear, by the Motion, Ms. Harris apparently requests three forms of relief relating to the Mortgage and the Proof of Claim. First, Ms. Harris seeks reconsideration of the Court's order redesignating and reclassifying the Proof of Claim. Second, Ms. Harris seeks to impose Court supervision on the Trusts for redesignating and reclassifying proofs of claim to the detriment of creditors and for failing to resolve her claim. Third, she seeks to vacate the Court's order approving the Debtors' sale of the servicing rights with respect to the Mortgage to Ocwen and to reassign the Mortgage to her.

---

[2] The foreclosure action is captioned *Deutsche Bank Trust Company Americas as Trustee RAMP 2007SP3 vs. Stephanie Harris, et al.*, Case No. 12-16257 CA23 and is pending in Miami-Dade County Circuit Court. Although not relevant to the relief requested in the Motion, the Debtors believe that the foreclosure action should have been commenced in the name of U.S. Bank, as trustee for the RAAC Series 2007-SP3 Trust to which the Mortgage was transferred, rather than in the name of Deutsche Bank Trust Company Americas. The Debtors have previously informed Ocwen of this issue.

ny-1130342

4.  Ms. Harris' first request should be denied because she has failed to establish any legal basis for reconsideration of the Court's order redesignating the Proof of Claim. Her second request for the imposition of Court supervision should also be denied because she has not identified any purported misconduct by the Debtors or the Trusts warranting such extraordinary relief. Finally, Ms. Harris' request to vacate the November 2012 sale order should be denied for the same reasons voiced by the Court in its July 2013 decision denying Ms. Harris' previous objection to the sale order – the objection is untimely and the Court lacks the power to reassign the Mortgage to her, as the Mortgage itself was not a part of the sale. Accordingly, the Trusts respectfully request that the Motion be denied in its entirety.

## BACKGROUND

**A.    General Background**

5.  On May 14, 2012 (the "Petition Date"), each of the above captioned debtors (collectively, the "Debtors" and each a "Debtor") filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

6.  On December 11, 2013, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065].

7.  On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137], and the Plan was substantially consummated. The Plan, among other things, provides for the establishment of (i) the Borrower Trust to administer and reconcile Borrower Claims and provide distributions to holders of Allowed Borrower Claims (as defined in the Plan), *see* Plan, Art. IV.F, and (ii) the Liquidating Trust to, among other things, administer all non-Borrower Claims (as such term is defined in the Plan) and wind down the affairs of the

Debtors, *see* Plan, Art. VI.  Under the Plan, the Trusts' deadline for objecting to claims is two-hundred seventy (270) days following the Effective Date.  *See* Plan, Art. I.A(54).

8.      The Plan defines a "Borrower" as "an individual whose current or former mortgage loan was originated, serviced, sold, consolidated, or owned by any of the Debtors."  Plan, Art. I.A(38).  The Plan defines "Borrower Claims" as "(i) Claims of a Borrower arising from or relating to any alleged act or omission or any other basis of liability of any Debtor (or any predecessor) in connection with the origination, sale, and/or servicing of a mortgage loan originated, sold, consolidated, purchased, and/or serviced by any Debtor . . ."  Plan, Art. I.A(40)

**B.      The Ocwen Sale**

9.      On the Petition Date, the Debtors filed the *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion") in connection with, among other things, the contemplated sale of their mortgage loan servicing and origination platform (the "Platform Assets").

10.     On September 14, 2012, the Debtors filed a notice of public auction and sale hearing in connection with the proposed sale of the Platform Assets [Docket No. 1446], which set October 29, 2012 as the deadline to file an objection to the sale.  Due to the closure of the

Court on October 29, 30, and 31, 2012, that deadline was extended by operation of Bankruptcy Rule 9006(a)(3)(A) to November 1, 2012.

11. On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the Platform Assets at which Ocwen emerged as the prevailing bidder. At a hearing held on November 19, 2012, the Court approved the Debtors' motion to sell the Platform Assets to Ocwen on the record of the hearing. On November 21, 2012, the Court entered an order [Docket No. 2246] (the "Sale Order") approving the sale of the Platform Assets to Ocwen (the "Ocwen Sale"). The Ocwen Sale closed on February 15, 2013.

C.  **The Movant's Objection to the Ocwen Sale**

12. On February 13, 2013, Ms. Harris filed her *Motion to Reassign Stephanie Harris as a Creditor in Possession and for Evidentiary Hearing* [Docket No. 2976] (the "Sale Objection"). At the Court's instruction, SilvermanAcampora LLP, as Special Counsel to the Creditors' Committee for Borrower Issues, filed a statement outlining the relief sought by Ms. Harris in the Sale Objection [Docket No. 3473].[3]

13. As noted in the Court's decision denying the Sale Objection dated July 2, 2013 [Docket No. 4127] (the "Decision"), Ms. Harris alleged that her original mortgagee, People's Choice, never assigned, or fraudulently assigned, the Mortgage to its successor and that there have been numerous subsequent fraudulent assignments making it unclear to Ms. Harris the identity of the entity that owns the Mortgage. *Id.* at 2. In addition, Ms. Harris previously asserted that the Debtors had no interest in the Mortgage, and therefore, were not authorized to sell the servicing rights to Ocwen in connection with the Ocwen Sale. *Id.* Accordingly, the Sale Objection sought an order, *inter alia*, (1) rescinding the Debtors' sale to Ocwen of their servicing

---

[3] The Debtors also subsequently filed an opposition to the Sale Objection [Docket No. 3532].

rights over the Mortgage, and (2) transferring title to the Property to Ms. Harris until the true owner, if any, of the Mortgage is determined. *Id.*

14. The Court denied the Sale Objection, noting:

> Harris did not timely object to the sale of the loan origination and servicing platform to Ocwen and is now estopped from doing so. The Court entered the orders approving the sales on November 21, 2012, and by their own terms, those orders were effective immediately. Moreover, ownership of the Property is distinct from ownership of the Debtors' loan servicing rights, and neither the Loan nor the Property were the subject of the Ocwen sale.

*See* Decision at 2-3.

**D.    The Debtors' Objection to the Movant's Proof of Claim**

15. During the claims reconciliation process, the Debtors identified the Proof of Claim as a claim that improperly asserted a security interest against the Debtors and was filed against the incorrect Debtor. *See* Declaration of Deanna Horst (the "Horst Declaration") at ¶ 5, annexed as Exhibit 1 to the Claims Objection (as defined below); Claims Objection at ¶ 2.

16. On September 20, 2013, the Debtors filed the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* [Docket No. 5138] (the "Claims Objection"), seeking to redesignate and reclassify, among other claims, the Proof of Claim as a general unsecured claim against GMACM. Despite receiving notice of the Claims Objection by First Class Mail [*see* Docket No. 5247, at Exhibit D] (a copy of which is annexed hereto as Exhibit A), Ms. Harris did not file a response to the Claims Objection. On November 15, 2013, the Court held a hearing on the Claims Objection, and Ms. Harris did not participate [*see* Docket No. 5880].

17. On November 20, 2013, the Court entered an order granting the Claims Objection [Docket No. 5895] (the "Redesignation Order"). The Redesignation Order redesignates and reclassifies the Proof of Claim as a $5,000,000 general unsecured claim against GMACM and

6

ny-1130342

preserves all of the Debtors' rights to further object to the Proof of Claim on any basis. Redesignation Order at 2-3, Exhibit A at 16 of 18. The Redesignation Order was served on Ms. Harris by First Class Mail on November 20, 2013 [*see* Docket No. 5949 at Exhibit L] (a copy of which is annexed hereto as Exhibit B).

**E.    The Motion**

18.    On February 3, 2014, seventy-five (75) days after entry of the Redesignation Order, the Movant filed the Motion. According to the Motion, Ocwen is proceeding with foreclosure efforts in Florida state court against the Property and the Movant is unable to pay Ocwen without receiving a distribution on her proof of claim. *See* Motion at ¶ 24. As discussed above, the Motion includes three requests for relief. First, the Movant objects to the redesignation of her Proof of Claim to a claim against GMACM and appears to request reconsideration of the Redesignation Order. *See* Motion at ¶¶ 2, 5, 22. In connection with this request, the Movant asserts that the Proof of Claim should not be classified as a Borrower Claim (as defined in the Plan), but rather as a non-Borrower general unsecured claim. *See* Motion at ¶ 30.

19.    Second, the Movant requests that "the trustees [be] put back under court supervision" because they are "altering" (*i.e.*, redesignating and reclassifying) claims to the detriment of creditors. *See* Motion at ¶¶ 27, 28. In connection with this request, the Movant asks the Court "to accelerate [the Trusts'] settlement" of creditors' claims because the "trustees are simply ignoring these claims until the properties are rapidly foreclosed upon[.]" *See* Motion at ¶¶ 26, 29.

20.    Third, the Movant requests that the Mortgage be reassigned to her and that any assignment to Ocwen with respect to the Mortgage be voided as grounded in fraud. Motion at ¶¶ 17, 23. This request appears to be a renewal of the Sale Objection: namely, that the Debtors had

7

no interest in the Mortgage, and accordingly, were not authorized to sell the servicing rights to Ocwen.  *See* Motion at ¶¶ 19, 32.

21. In support of the Motion, the Movant attaches: (1) a purported assignment of the Mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for People's Choice, to Deutsche Bank Trust Company Americas signed on July 18, 2008, (2) correspondence between the Movant and the Federal Reserve Bank of New York dated September 27, 2010, (3) correspondence between the Movant and Ocwen dated April 9, 2013, (4) a purported print-out from MERS's website dated March 11, 2013, and (5) a copy of an email from Mordechai L. Breier, Esq. dated December 27, 2013, forwarding the Movant a Notice of Readiness for Trial in connection with the foreclosure action in Florida state court.

## ARGUMENT

22. It is well established that *pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir. 1984) (instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). Even under this flexible standard, however, the Motion fails to establish entitlement to any of its three forms of requested relief.  Accordingly, the Motion should be denied.

**A.    Request to Reconsider the Redesignation Order**

23. As an initial matter, the Motion fails to satisfy any of the requirements for reconsideration of the Redesignation Order.

24. Notwithstanding the absence of a specific legal predicate to justify reconsideration of the Redesignation Order, three possible avenues for reconsideration are available.  Under Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), a claimant may move for "reconsideration of an order allowing or disallowing a claim against the estate." Similarly, under Bankruptcy Code section 502(j) "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Reconsideration of a claim is within the discretion of the Court. *See In re Best Payphones, Inc.*, 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y. July 3, 2008); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). In addition, under Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"), a party may move for amendment of a judgment. *Lastly*, under Bankruptcy Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), a party may move for relief from a judgment or order on various equitable grounds.

25. Courts in this district hold that if a motion to reconsider an order disallowing a claim is filed within fourteen days after entry of the order, it is analogous to a motion under Bankruptcy Rule 9023 and should be governed by the same principles as a motion under Rule 59; however, if the motion to reconsider is filed any later, it should be considered as if it were filed pursuant to Rule 60. *See In re Terrestar Networks, Inc.*, No. 10-15446 (SHL), 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (applying a Rule 60 standard of review to a motion for reconsideration because the claimant filed his motion six months after the court entered the order expunging the claims and noting that the six-month time period precluded application of a Rule 59 standard); *see also In re Enron Corp.*, 352 B.R. 363 (Bankr. S.D.N.Y. 2006) (treating a motion for reconsideration, filed outside the Rule 59 statutory period, as a motion for relief from judgment under Rule 9024).

26. The Movant filed the Motion seventy-five (75) days after the Court issued the Redesignation Order. Therefore, the Court should apply a Rule 60 standard.

   i. **The Movant Fails to Satisfy Rule 60's Requirements**

27. Bankruptcy Rule 9024 incorporates Rule 60, which sets forth the grounds for relief from a final judgment, order or proceeding. Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

28. "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Whether to grant a motion for relief under Rule 60 is within the discretion of the Court. *Terrestar Networks*, No. 10-15446 (SHL), 2013 WL 781613, at *3.

29. The Motion does not argue that the Court should reconsider the Redesignation Order because of mistake, inadvertence, surprise, or excusable neglect, or because the Redesignation Order is void or satisfied. Nor does the Motion argue that the Debtors committed any fraud or misconduct in obtaining the Redesignation Order from the Court.[4] Finally, all but one of the documents attached to the Motion as evidence appear to predate the August 16, 2013

---

[4] The Movant argues that the Debtors have arbitrarily redesignated the Proof of Claim (*see* Motion at ¶ 2), but this argument ignores the fact that the Redesignation Order was entered by the Court following notice and a hearing.

filing of the Claims Objection by months if not years; the remaining document involves a notice in the Florida foreclosure proceeding which is not relevant to the Movant's reconsideration request. Because the Movant has not established that these documents are "newly discovered" evidence in her favor, they do not constitute a basis for reconsideration of the Redesignation Order under Rule 60.

### ii. The Movant Fails to Satisfy Rule 59's Requirements

30. Even if the Court were to apply a Rule 59 standard, pursuant to Bankruptcy Rule 9023, the Motion would still fail on the merits. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, No. 07-13481 (MG), 2008 WL 110907, at *4 (Bankr. S.D.N.Y. Jan. 4, 2008), quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations omitted).

31. As stated above, the Movant has not provided the Court with any newly discovered evidence that would be relevant to reconsideration under Rule 59. Moreover, the Movant does not identify any "intervening change of controlling law" or any "clear error" by the Court that merits reconsideration. Because the Motion fails to identify any change in the law in the Movant's favor, to adduce any new evidence in the Movant's favor, or to point to any clear error by this Court that would require this Court to change its previous ruling, the Motion should be denied under Rule 59.

11

ny-1130342

32.  The Redesignation Order is final and no legal basis for its reconsideration exists. Moreover, the Proof of Claim is properly classified as a Borrower Claim under the Plan because (1) Ms. Harris is an individual whose mortgage loan was serviced by the Debtors and (2) her wrongful foreclosure claim relates to an alleged act or omission of the Debtors in connection with the servicing of her mortgage.  *See* Plan, Art. I.A (38), (40).

**B.  Request to Impose Court Supervision on the Trusts**

33.  Ms. Harris' request to impose Court supervision on the Trusts or their trustees is without merit and is based on at least two misconceptions.  <u>First</u>, the Trusts did not unilaterally and arbitrarily decide to redesignate and reclassify the Proof of Claim or any other claim as the Motion states.  *See* Motion at 2.  The redesignation and reclassification of the Proof of Claim, and of other applicable claims, was effected by the entry of the Redesignation Order following the filing of the Claims Objection by the Debtors and a properly-noticed hearing on the matter.  The Movant had an opportunity to object to the Claims Objection but failed to do so.  Thus, the redesignation of the Proof of Claim pursuant to the Court's Redesignation Order does not indicate any misconduct on behalf of the Trusts and, importantly, preserves the Movant's rights to defend her redesignated claim when the Borrower Trust addresses its merits.

34.  <u>Second</u>, the Trusts' deadline for objecting to claims is two hundred seventy (270) days following the Effective Date.  The Trusts are exercising their appropriate business judgment in addressing and resolving claims as expeditiously as possible.  The Borrower Trust is empowered to determine when and whether to settle with Borrower claimants, and the Movant should not presume that she is entitled to such a settlement.[5]  Moreover, the fact that she has not yet received a distribution at this stage of the Chapter 11 proceedings is not in any way indicative

---

[5] For the avoidance of doubt, the Borrower Trust reserves all of its rights under the Plan to object to the Proof of Claim going forward.

12

ny-1130342

of any misconduct by the Trusts that would warrant the Court's intervention. If the Borrower Trust ultimately determines that the Proof of Claim should not be allowed, then it will notify Ms. Harris of its objection to the Proof of Claim and provide her with an adequate opportunity to respond to the merits of the Borrower Trust's objection.

35.     Accordingly, the Movant's request to impose Court supervision on the Trusts or the trustees is entirely inappropriate, lacking in merit or legal bases and should be denied.

**C.     Objection to the Sale Order**

36.     The Movant's final request for relief – to vacate the Sale Order with respect to the Mortgage and to reassign the Mortgage to the Movant – is similarly unfounded and has been previously addressed by the Court. The November 1, 2012 deadline to object to the Ocwen Sale expired fifteen months ago, and the sale to Ocwen closed over one year ago. Moreover, the Ocwen Sale was approved by this Court following an extensive evidentiary hearing in November. Thus, as this Court has previously noted in denying the Sale Objection, the Movant's objection to the Ocwen Sale is untimely and should be overruled. *See* Decision at 2-3. In addition, as the Court has also noted, neither the Mortgage nor the Property were subject to the Ocwen Sale (only the Mortgage's servicing rights were), *see id.* at 3, so vacating the Sale Order would not empower the Court to "reassign" the Mortgage to the Movant.

*(The remainder of this page is intentionally left blank)*

## CONCLUSION

37. For the foregoing reasons, the Trusts respectfully submit that the Motion should be denied.

Dated: February 26, 2014
    New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to The ResCap Borrower Claims Trust and The ResCap Liquidating Trust*