UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al*.

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## ORDER DENYING MOTION TO AMEND COMPLAINT FOR FDCPA VIOLATIONS

Pending before the Court is the *Plaintiff's Motion to Amend Complaint for FDCPA Violations* (the "Motion to Amend," ECF Doc. # 6463), filed by Linton and Nancy Layne.  On August 9, 2013, the Laynes filed a "Notice of Complaint," on the docket (the "Original Motion," ECF Doc. # 4655).  The Post-Effective Date Debtors (the "Debtors") filed an opposition on December 20, 2013 (ECF Doc. # 6168), supported by the Declaration of Lauren Graham Delehey (the "Delehey Declaration," ECF Doc. # 6168-1).  The Laynes filed a reply on January 21, 2014 (the "Reply," ECF Doc. # 6348), and the Debtors then filed a supplemental response (ECF Doc. # 6371).

In their Original Motion, it appeared that the Laynes were asking the Court to allow them to bring a complaint against the Debtors seeking to strip the Debtors' purported lien on the Laynes' property.  But in their Reply, the Laynes appeared to seek relief from the automatic stay so they could prosecute an action against the Debtors in Oregon instead.  The Court conducted a hearing regarding the Original Motion on January 30, 2014 (the "Hearing").  On February 10, 2014 the Court issued a Memorandum Opinion and Order denying the Original Motion with prejudice (the "Opinion," ECF Doc. # 6454).  In the period between the Hearing and the Opinion, the Laynes submitted the Motion to Amend, but although that motion was received by the Court on February 6, 2014, it was not docketed until February 11, 2014.

Based on the Debtors' filings and the Delehey Declaration, the Court concluded in its Opinion that the Debtors hold no interest in the Laynes' property and have no lien to release. (Opinion at 8.) Moreover, since the Laynes are not debtors before the Court, they cannot obtain a Court order stripping that second lien. (*Id.*) Regardless of whether the Laynes were seeking to pursue a complaint against the Debtors in this Court, or whether they wanted relief from the automatic stay to file an action in Oregon, the relief was not warranted. (*Id.* at 11–12.) Through the Motion to Amend, the Laynes seek (1) an order "grant[ing] the second lien as satisfied and close without prejudice to any potential claimants," (2) relief for violations of the Fair Debt Collection Practices Act ("FDCPA"), and (3) an order rescinding the request to transfer the case to Oregon. (Motion to Amend at 3.)

For the same reasons stated in the Opinion, the Court cannot issue an order extinguishing the second lien on the Laynes' property. The Debtors hold no interest in that lien, and the Laynes are not before the Court as debtors themselves. As for the FDCPA claim, the Laynes assert that Debtor GMAC Mortgage, LLC continued to collect payments from the Laynes after a Rescission of Notice of Default (the "Rescission") was filed in Oregon regarding the loan secured by the second lien on the Laynes' property (the "Second Loan"). It appears that the Laynes interpret this Rescission as having extinguished their debt on the Second Loan, and any further efforts to collect payment on that Second Loan violated the FDCPA. (*See id.* at 2–3.) But the Laynes are wrong. They attach the Rescission to the Motion to Amend as Exhibit A. The Rescission explains that the notice of default regarding the Second Loan was being rescinded because the Laynes cured the default, not because the Second Loan was satisfied. (*See* Motion to Amend, Ex. A at 1.) More importantly, the Rescission explicitly states that "the Trust Deed and all obligations secured thereby hereby are reinstated and shall be and remain in force

2

. . . ." (Motion to Amend, Ex. A at 1.)   The Rescission did not extinguish the Laynes' debt on the Second Loan, so the Laynes' theory regarding FDCPA violations fails.

As for the Laynes' request that the Court issue an order rescinding the Laynes' earlier request to transfer their action to Oregon, the Court finds that this relief is moot since the Court already rejected any request to prosecute an action against the Debtors in Oregon (*See* Opinion at 10–11.)

The Laynes are not entitled to any of the relief sought in the Motion to Amend, so the Court **DENIES** the Motion to Amend and directs the Laynes not to file anything further regarding the Second Loan in this Court.

**IT IS SO ORDERED.**

Dated:   February 26, 2014
         New York, New York

                                            _____/s/Martin Glenn_____
                                                 MARTIN GLENN
                                            United States Bankruptcy Judge