**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                         : Case No. 12-12020 (MG)
                                                             :
            Debtors.                                         : Jointly Administered
------------------------------------------------------------ x

**EX PARTE MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077-1 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE EXAMINER'S MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR COMPLIANCE WITH DISCHARGE ORDER REGARDING FEDERAL SUBPOENA SERVED ON THE EXAMINER**

Arthur J. Gonzalez, the Court-appointed Examiner[2] in these cases (the "Examiner"), respectfully submits this motion (the "Motion") pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to shorten the time for notice of and scheduling a hearing to consider the *Examiner's Motion For Entry Of Order Approving Procedures For Compliance With Discharge Order Regarding Federal Subpoena Served On The Examiner* (the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

[2] The Examiner has been discharged from his duties pursuant to an order entered by the Court on September 24, 2013 [Docket No. 5187] (the "Discharge Order").

"<u>Subpoena Compliance Motion</u>"). In further support of the Motion, the Examiner respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Discharge Order. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rules 9006-1(b) and 9077-1(b).

## BACKGROUND

2. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases.

3. On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "<u>Examiner Motion</u>"). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "<u>Memorandum Decision</u>"). On June 28, 2012, the Court entered the Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "<u>Examiner Order</u>").

4. On July 3, 2012, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

5. Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to (i) conduct an investigation encompassing, among other things, the issues set forth in the Order Approving Scope of

Investigation of Arthur J. Gonzalez, Examiner, dated June 27, 2012 (the "<u>Examiner Investigation</u>"), and (ii) issue a written report reflecting the Examiner's findings (the "<u>Examiner Report</u>").

6.      In connection with the Examiner Investigation, the Examiner and his professionals conducted nearly 100 days of witness interviews. All the witness interviews conducted during the course of the Examiner Investigation were recorded and transcribed. The Examiner's professionals maintained those interview recordings and transcripts as confidential materials and did not share them with anyone, including the interviewees and other interested parties. Many interested parties agreed to cooperate extensively with regard to the Examiner Investigation based at least in part on the commitment made by the Examiner and his professionals that the interview recordings and transcripts would be maintained as confidential.

7.      The Examiner Report was initially filed under seal, pursuant to Court order, on May 13, 2013. The Examiner Report was subsequently unsealed and made publicly available on June 26, 2013.

8.      On September 24, 2013, the Court entered the Discharge Order: (1) discharging the Examiner; (2) granting the Examiner and his Professionals immunity from all discovery related to the Examiner Investigation, the Examiner Report, and the Chapter 11 Cases; (3) authorizing the disposition of certain materials related to the Examiner Investigation and the Examiner Report; and (4) exculpating the Examiner and his Professionals from all liability in connection with the Chapter 11 Cases, including as relating to the Examiner Investigation and the Examiner Report.

9.      While the Discharge Order grants the Examiner general immunity from informal or formal discovery requests, it also provides for three exceptions to the general prohibition against discovery. <u>See</u> Discharge Order at 2–3. First, discovery is

3

permitted where a requesting party can demonstrate to the Court that the requested materials "cannot be obtained from any other source and . . . can be reasonably provided by the Examiner and/or his Professionals," so long as such request does not violate any "applicable privilege, protection or immunity." Id. at 2. Second, production is *required* in response to "an order of a federal district court presiding over a criminal proceeding in which a party-in-interest is a defendant." Id. at 2–3. Third, discovery is permitted with respect to "any claims, suits, actions or other proceedings by or on behalf of the United States of America, its agencies, departments, or agents . . . acting pursuant to [their] police or regulatory powers." Id. at 3.

10. On October 28, 2013, the Examiner was served with a subpoena by the United States Attorney's Office for the Central District of California (the "USAO-CDCA") pursuant to the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1833a (the "Subpoena"), which Subpoena seeks the production of all transcripts and recordings of witness interviews conducted by the Examiner (the "Subpoenaed Materials") in the course of his investigation.

11. On January 13, 2014, counsel for the Examiner requested a telephonic chambers conference with the Court to discuss the Subpoena. During the conference, the Examiner was directed to draft certain papers for submission to and approval by the Court in connection with the Examiner's compliance with the Subpoena in satisfaction of any obligations under the Discharge Order. Such papers were to be mutually acceptable to the Examiner, the USAO-CDCA, and the U.S. Trustee.

12. After several months of diligent and good faith negotiations, the Examiner and the USAO-CDCA have been unable to agree on the form of such papers, including the appropriate notice procedures, the content of notice to be provided, and the specific manner in which the Examiner should comply with the Subpoena in satisfaction of

4

any obligations under the Discharge Order. On February 24, 2014, the USAO-CDCA informed the Examiner that the USAO-CDCA intends to move to compel the Examiner's production of the Subpoenaed Materials.

## RELIEF REQUESTED

13. By this Motion, the Examiner requests entry of an order (1) shortening the notice period for the Subpoena Compliance Motion such that it may be heard by the Court on March 5, 2014 at 2:00 p.m. (Eastern Time) and scheduling the hearing for the Subpoena Compliance Motion for such date, and (2) requiring that objections to the Subpoena Compliance Motion, if any, be filed and served so that they are received by March 3, 2014 at 5:00 p.m. (Eastern Time), with any responses due by March 4, 2014 at 2:00 p.m. (Eastern Time) and served on the objecting parties.

## BASIS FOR RELIEF

14. Pursuant to Bankruptcy Rule 9014, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought" in contested matters not otherwise governed by the Bankruptcy Rules. Fed R. Bankr. P. 9014. Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

15. The Examiner requests that this Court enter an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) shortening notice and setting the time for the hearing on the Subpoena Compliance Motion and a deadline for filing objections thereto.

16. The shortened time is necessary because, on February 24, 2014, the USAO-CDCA informed the Examiner that it intends to move to compel the Examiner's production of the Subpoenaed Materials. The Examiner and the USAO-CDCA have been unable to agree on the terms for the Examiner's compliance with the Subpoena in satisfaction

of the Examiner's obligations under the Discharge Order. The Examiner therefore respectfully requests that the Court consider the Subpoena Compliance Motion on an expedited basis so that this Court can consider the subpoena compliance procedures proposed by the Examiner and so that parties in the bankruptcy proceeding will have an opportunity to be heard before the confidential interview transcripts and recordings are produced pursuant to the Subpoena.

17. No parties in interest would be prejudiced by the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

### **NO PRIOR REQUEST**

18. No prior application for the relief requested herein has been made by the Examiner to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Examiner respectfully requests that this Court: (1) enter an order substantially in the form attached as Exhibit "A" hereto shortening the time for notice of the Subpoena Compliance Motion and setting a hearing on the Subpoena Compliance Motion; and (2) grant the Examiner such other and further relief as the Court may deem just and proper.

Dated: February 26, 2014
      New York, New York

**CHADBOURNE & PARKE LLP**

By:   */s/* Howard Seife
     Howard Seife
     David M. LeMay
     30 Rockefeller Plaza
     New York, New York 10112
     Tel.: (212) 408-5100
     Fax: (212) 541-5369

*Counsel for the Examiner*