Hearing Date: March 5, 2014 at 2:00 p.m.
Objection Deadline: March 3, 2014 at 5:00 p.m.

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                   :
RESIDENTIAL CAPITAL, LLC, et al.,[1]              :    Case No. 12-12020 (MG)
                                                                   :
                        Debtors.                           :    Jointly Administered
--------------------------------------------------------- x

## MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR COMPLIANCE WITH DISCHARGE ORDER REGARDING FEDERAL SUBPOENA SERVED ON THE EXAMINER

Arthur J. Gonzalez, the Court-appointed Examiner[2] in these cases (the "Examiner"), hereby respectfully moves the Court for entry of an order substantially in the form annexed hereto as Exhibit "A" (the "Proposed Order") approving procedures for compliance with the Discharge Order regarding a subpoena (annexed hereto as Exhibit "B" (the "Subpoena")) served on the Examiner by the United States Attorney's Office for the Central District of California (the "USAO-CDCA") pursuant to the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1833a, which Subpoena seeks the production of all transcripts and recordings of witness interviews conducted by the Examiner (the "Subpoenaed Materials") in the course of his investigation (the "Examiner

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

[2]    The Examiner has been discharged from his duties pursuant to an order entered by the Court on September 24, 2013 [Docket No. 5187] (the "Discharge Order").

Investigation") (the "Motion").    In support thereof, the Examiner respectfully states as follows:

## PRELIMINARY STATEMENT

1.    Pursuant to the Discharge Order, the Examiner and his Professionals (as defined below) are generally immune from any informal or formal discovery requests. See Discharge Order at 2.  The Discharge Order authorizes potential discovery in certain limited circumstances, which are described in further detail below.  See id. at 2–3.

2.    The Examiner believes that the Subpoena is enforceable under the Discharge Order as it appears to trigger at least one of the exceptions to the general prohibition on discovery established thereunder.  See, e.g., Discharge Order at 3 (stating that discovery is permitted with respect to "any claims, suits actions or other proceedings by or on behalf of the United States of America, its agencies, departments, or agents . . . acting pursuant to [their] police or regulatory powers").    However, the Examiner and his Professionals have consistently maintained the confidentiality of the interview transcripts and recordings, which was a predicate of securing the cooperation of interested parties during, and contributed to the overall efficacy of, the Examiner Investigation.  Thus, in light of the anticipated interest that various parties in the bankruptcy proceedings may have in the production of the Subpoenaed Materials, and the general unwillingness by bankruptcy courts to permit such production absent extraordinary circumstances,  the Examiner hereby moves for the entry of an order approving procedures for the Examiner's compliance with the Discharge Order regarding the Subpoena.

## JURISDICTION AND VENUE; PREDICATES FOR RELIEF SOUGHT

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The predicates for the relief

2

requested herein are sections 105(a) and 1106 of Title 11, United States Code, as amended (the "<u>Bankruptcy Code</u>") and the Discharge Order.  The Court retains jurisdiction over this matter pursuant to the Discharge Order.  <u>See</u> Discharge Order at 5.

**BACKGROUND**

4.    The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases.

5.    On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "<u>Examiner Motion</u>").  On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "<u>Memorandum Decision</u>").  On June 28, 2012, the Court entered the Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "<u>Examiner Order</u>").

6.    On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval.  On that same date, the Court entered an order approving the appointment. On July 17, 2012, the Examiner filed the Application of the Examiner for Order Authorizing the Examiner to Employ and Retain Chadbourne & Parke LLP ("<u>Chadbourne</u>") as Counsel to the Examiner *Nunc Pro Tunc* to July 11, 2012, which was approved on August 9, 2012.  On August 13, 2012, the Examiner filed the Application of the Examiner for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC ("<u>Mesirow</u>") as Financial Advisor to the Examiner *Nunc Pro Tunc* to July 24, 2012, which was approved on August 29, 2012 (Chadbourne and Mesirow, along with Wolf Haldenstein Adler Freeman & Herz LLP (conflicts counsel) and Leonard, Street and Deinard Professional Association (Minnesota counsel), collectively, the "<u>Professionals</u>").

7.      Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to (i) conduct the Examiner Investigation, which encompassed, among other things, the issues set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner, dated June 27, 2012, and (ii) issue a written report reflecting the Examiner's findings (the "Examiner Report").

8.      In connection with the Examiner Investigation, the Examiner and his Professionals conducted nearly 100 days of witness interviews.  All the witness interviews conducted during the course of the Examiner Investigation were recorded and transcribed. The Professionals maintained those interview recordings and transcripts as confidential materials and did not share them with anyone, including the interviewees and other interested parties.  Many interested parties agreed to cooperate extensively with regard to the Examiner Investigation based at least in part on the commitment made by the Examiner and his Professionals that the interview recordings and transcripts would be maintained as confidential.

9.      At the request of the Court-appointed mediator, the Honorable James M. Peck, with the consent of the parties to the mediation and authorization of the Court, the Examiner postponed the filing of the Examiner Report from May 10, 2013 to May 13, 2013. The Examiner Report was initially filed under seal, pursuant to Court order, on May 13, 2013.  The Examiner Report was subsequently unsealed and made publicly available on June 26, 2013.

10.     On August 23, 2013, the Examiner filed a motion for entry of an order (1) discharging the Examiner; (2) granting the Examiner and his Professionals immunity from all discovery related to the Examiner Investigation, the Examiner Report, and the Chapter 11 Cases; (3) authorizing the disposition of certain materials related to the Examiner Investigation and the Examiner Report; and (4) exculpating the Examiner and his

Professionals from all liability in connection with the Chapter 11 Cases, including as relating to the Examiner Investigation and the Examiner Report (the "Discharge Motion").   On September 24, 2013, the Court entered the Discharge Order granting the Discharge Motion.

11.     While the Discharge Order grants the Examiner general immunity from informal or formal discovery requests, it also provides for three exceptions to the general prohibition against discovery.   See Discharge Order at 2–3.   First, discovery is permitted where a requesting party can demonstrate to the Court that the requested materials "cannot be obtained from any other source and . . . can be reasonably provided by the Examiner and/or his Professionals," so long as such request does not violate any "applicable privilege, protection or immunity."   Id. at 2.   Second, production is *required* in response to "an order of a federal district court presiding over a criminal proceeding in which a party-in-interest is a defendant."   Id. at 2–3.   Third, discovery is permitted with respect to "any claims, suits, actions or other proceedings by or on behalf of the United States of America, its agencies, departments, or agents . . . acting pursuant to [their] police or regulatory powers." Id. at 3.

12.     On October 28, 2013, the Examiner received the Subpoena, pursuant to which the Examiner was directed to produce "all transcripts and recordings of witness interviews conducted by . . . the Examiner . . . which are cited on pages II-10-11 (Exhibit II.B.3.b) of the [Examiner Report]."  Subpoena at 5.

13.     On January 13, 2014 Counsel to the Examiner requested a telephonic chambers conference with the Court to discuss the Subpoena.  During the conference, the Examiner was directed to draft certain papers for submission to and approval by the Court in connection with the Examiner's compliance with the Subpoena in satisfaction of any obligations under the Discharge Order.  Such papers were to be mutually acceptable to the Examiner, the USAO-CDCA and the Office of the United States Trustee (the "U.S.

Trustee").

14.    After several months of diligent and good faith negotiations, the Examiner and the USAO-CDCA have been unable to agree on the form of such papers, including the appropriate notice procedures, the content of notice to be provided, and the specific manner in which the Examiner should comply with the Subpoena in satisfaction of any obligations under the Discharge Order.   On February 24, 2014, the USAO-CDCA informed the Examiner that the USAO-CDCA intends to move to compel the Examiner's production of the Subpoenaed Materials.

### RELIEF REQUESTED

15.    By this Motion, the Examiner requests entry of the Proposed Order attached as Exhibit "A."   The Discharge Order specifically provides that the Court retains jurisdiction to "hear and determine all matters arising from or related to [the Discharge Order], including its implementation, interpretation, enforcement, or requested modification." Discharge Order at 5.   Accordingly, by this motion, the Examiner requests entry of the Proposed Order approving procedures for the Examiner's compliance with the Discharge Order regarding the Subpoena.

16.    The relief sought by this Motion seeks to balance the governmental interest of the USAO-CDCA in conducting its investigation with the interest of the parties who were interviewed by the Examiner on a confidential basis, and also with the general unwillingness of bankruptcy courts to permit discovery to be had of court-appointed examiners absent extraordinary circumstances.  In summary, the Examiner proposes, and asks the Court to approve, the following notice and compliance procedures, all as set forth in the Proposed Order annexed hereto as Exhibit "A":

- The Examiner shall promptly serve a copy of the Order granting this Motion, together with a copy of the Subpoena (collectively, the "Service Documents"), by electronic mail and overnight delivery to each individual who was the subject of an interview in connection with the Examiner Investigation (collectively, the

"Interviewees"), and thereby provide notice of the Examiner's intention to produce the Subpoenaed Materials in satisfaction of any obligations under the Discharge Order, by serving the Service Documents on the counsel who represented such Interviewees at their interviews, all as listed on Schedule "1" to the Order granting this Motion.

- The Examiner shall be authorized to produce the Subpoenaed Materials in satisfaction of any obligations under the Discharge Order except to the extent that an Interviewee (i) obtains a court order within thirty (30) days of his or her counsel's receipt of the Service Documents quashing the Subpoena with respect to that Interviewee, and (ii) provides the prescribed notice of entry of such court order to the Examiner, the Office of the United States Trustee and the USAO-CDCA (collectively, the "Notice Parties") within that same time period.

- As to those Interviewees who timely deliver notice to the Notice Parties of entry of a court order quashing the Subpoena with respect to that Interviewee, the Examiner shall refrain from producing the transcripts and recordings with respect to such specific Interviewees pending further direction from the court where such an order was entered.

- Neither the Examiner nor his counsel shall have or incur any liability with respect to any statement, act or omission arising out of or relating to any good-faith effort by the Examiner or his counsel to comply with the Order granting this Motion.

## BASIS FOR RELIEF

17.    The Examiner believes that the Subpoena is enforceable under the Discharge Order as it appears to trigger at least one of the exceptions to the general prohibition on discovery established thereunder.    However, the Examiner and his Professionals to date have consistently maintained the confidentiality of the interview recordings and transcripts, which was an important component of securing the extensive cooperation of various interested parties for purposes of the Examiner Investigation.

18.    In its September 24, 2013 bench decision granting the Discharge Motion [Docket No. 5266], the Court stated that a court-appointed examiner is a fiduciary to the court and "amenable to no other person or interested party."  Hearing Transcript, Sept. 24, 2013, at 14:4–6 (citing In re Hamiel & Sons, Inc., 20 B.R. 830, 832 (Bankr. S.D. Ohio 1982)).  As such, the examiner performs his or her duties "at the request of the [bankruptcy] court for the benefit of the debtors, its creditors and shareholders, and not to fuel litigation fires of third-party litigants."  Id. at 13:24–14:4 (citing In re New Century TRS Holdings,

7

Inc., 407 B.R. 558, 566 (Bankr. D. Del. 2009)).  Further, third-party discovery of examiner's records or other privileged materials may "exploit the examiner's fiduciary status raising 'grave concerns touching both the integrity of the bankruptcy court's processes, as well as the integrity of the statutory position of the examiner.'"  Id. at 14:7–14 (quoting In re Baldwin United Corp., 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985)).  Thus, courts have held such third-party discovery to be prohibited absent "extraordinary circumstances."  Id. at 14:15–19 (citing In re Apex Oil Co., 101 B.R. 92, 104 (Bankr. E.D. Mo. 1989)).  The Examiner therefore wishes to be sure he is proceeding in a manner authorized and approved by the Court in responding to the Subpoena.

19.    In light of the anticipated interest of various parties in the issue of the potential production of the Subpoenaed Materials, and the legal precedent prohibiting such production absent "extraordinary circumstances," the Examiner seeks to apprise such interested parties of the discovery request in the Subpoena so that they may appear and be heard as they deem appropriate.  Such notice to parties whose interests may be implicated by discovery requests directed to the Examiner may be considered by such parties as an implicit provision of the exceptions to the Discharge Order discovery prohibition.

20.    Moreover, before taking any further action with respect to the Subpoena that may implicate (and perhaps prejudice) the interests of various parties to these proceedings, the Examiner requests that the Court enter an order approving procedures for the Examiner's compliance with the Discharge Order regarding the Subpoena.

## NOTICE

21.    Notice of this Motion has been provided in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2013 [Docket

No. 141] (the "Case Management Order"), and notice has been given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the USAO-CDCA, (iv) other parties entitled to such notice, and (v) counsel for all the witnesses whose interview recordings and transcripts are the subject of the discovery request in the Subpoena.

## NO PRIOR REQUEST

22.     No prior application for the relief requested herein has been made by the Examiner to this or any other court.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

WHEREFORE, the Examiner respectfully requests that this Court grant the Motion and enter an order, substantially in the form attached hereto as Exhibit "A," approving procedures for the Examiner's compliance with the Discharge Order regarding the Subpoena.

Dated: February 26, 2014
       New York, New York

**CHADBOURNE & PARKE LLP**

By: _/s/ Howard Seife_____
    Howard Seife
    David M. LeMay
    Members of the Firm
    30 Rockefeller Plaza
    New York, New York 10112
    Tel.: (212) 408-5100
    Fax: (212) 541-5369

    *Counsel to the Examiner*