## EXHIBIT B

**SUBPOENA SERVED
ON THE EXAMINER**



U.S. Department of Justice

*United States Attorney*
*Central District of California*

| | |
|---|---|
| *Indira J. Cameron-Banks*<br>*Assistant United States Attorney*<br>*(213) 894-2442*<br>*(213) 894-7819 (FAX)*<br>*Indira.J.Cameron-Banks@usdoj.gov* | *Federal Building, Suite 7516*<br>*300 North Los Angeles Street*<br>*Los Angeles, CA 90012* |

## SUBPOENA DUCES TECUM

<u>VIA EMAIL at and FEDEX</u>

Arthur J. Gonzalez
New York University School of Law
40 Washington Square South, 314A
New York, NY 10012

Subpoena No. 1
October 28, 2013

RE:   <u>*Subpoena Issued Pursuant to 12 U.S.C. § 1833a*</u>

This subpoena is issued pursuant to 12 U.S.C. § 1833a(g)(1), in the course of an investigation to determine whether there is or has been a violation of one of the provisions enumerated in 12 U.S.C. § 1833a(c), by conduct undertaken in connection with Residential Mortgage Backed Securities.

You are hereby required to produce all documents and things described in Attachment A, attached hereto, that are in your possession, custody, or control in accordance with the instructions and definitions in Attachments A and B, and to make these documents available at the United States Attorney's Office, 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012, for inspection and copying or reproduction. Such production shall occur on or before November 8, 2013. In lieu of production, you may deliver the documents to Assistant United States Attorney Indira J. Cameron-Banks at the address set forth below.

The production of documents in response to this subpoena must be made under a sworn certificate, in the form set forth, by a person or persons having knowledge of the facts and circumstances relating to such production.

Inquiries concerning compliance with this subpoena should be directed to:

United States Attorney's Office, Central District of California
Attn: Indira J. Cameron-Banks, Assistant United States Attorney
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012
(213) 894-2442
indira.j.cameron-banks@usdoj.gov

| | |
|---|---|
| | ANDRÉ BIROTTE JR.<br>United States Attorney |
| Dated: October 28, 2013 | LEON W. WEIDMAN<br>Assistant United States Attorney<br>Chief, Civil Division |

2

## ATTACHMENT A

### I.    INSTRUCTIONS

A.    Information and documents sought by these requests shall include information and documents within your knowledge, possession, custody or control, or within the knowledge, possession, custody or control of any of your agents, officers, employees, attorneys or investigators, or any person acting as your representative, including, but not limited to, any otherwise independent accountants, or consultants.

B.    Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine.

C.    The fact that some portion of the documents responsive to these requests may already be in the custody of the United States or a United States agency does not excuse compliance with this subpoena.

D.    If the contention is made that any requested document is not subject to disclosure in whole or part by reason of privilege or otherwise, identify each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, present custody, and set forth the nature of the claimed privilege or other grounds for refusal to produce in a log.

E.    If it is known that any requested document or any set of documents that may have contained responsive documents was, but is no longer, in your possession, custody or control, state what disposition was made of the document and when, and state the date the documents were lost or destroyed.

F.    Selection of documents from files and other sources shall be performed in such a manner as to ensure that the source and original location of each document may be readily determined.

G.    File folders and other containers in which you find documents responsive to these requests, and labels identifying those folders and other containers, shall be produced intact with such documents.

H.    Please see instructions in Attachment B for producing electronically stored information.

I.    Documents must be produced in the same internal order in which they are found in your company's files. Documents that are found stapled, clipped or otherwise fastened together, or in file folders or other enclosures, must be produced in such form and in such folder or enclosure. Documents that are grouped or organized under a single classification or within an individual's selection of files must be produced as a whole without separation, irrespective of the number of distinct paragraphs of this subpoena to which such documents may be responsive. In addition, the name of the person from whose files each such document was produced must be identified.

J.    These requests are continuing in nature. You are thus required to amend your responses to these requests and to supplement your production if you learn that your prior responses and production are in some material respect incomplete or incorrect.

K.    All document requests should be responded to in accordance with the Instructions and Definitions provided herein.

## II.    DEFINITIONS

A.    As used herein, the term "document" is used in its broadest sense, and includes the original of each existing identical or non-identical copy or draft thereof, by whatever means made, of any writing of any kind. The term "documents" includes not only writings already set forth on paper, but also every other means by which information is recorded or transmitted, including but not limited to photographs, charts, graphs, tape recordings, discs, microfilms, computer programs or files, printouts, electronic mail, computer records, backup tapes or other electronically generated or stored data, magnetic media, and any other data compilations or electronic media from which information can be obtained. Where documents are stored on computer programs, discs or tapes, the records to be produced shall be accompanied by all programming and other instructions necessary for their use or retrieval.

B.    As used herein, the terms "YOU," or "YOUR," mean Arthur J. Gonzalez, the Court-appointed Examiner in *In re Residential Capital, LLC, et al.*, Ch. 11 Bk, Case No. 12-12020 (MG) (SDNY), and his agents, including without limitation the following professionals: Wolfe Haldenstein Adler Freeman & Herz LLP; Leonard, Street and Deinard Professional Association; Mesirow Financial Consulting, LLC and Chadbourne & Park LLP.

C.    As used herein, the terms "related to," "relating to" or "relate to" mean discussing, describing, reflecting, embodying, memorializing, containing, constituting, including, identifying, stating, studying, reporting, commenting, evidencing, analyzing, setting forth, considering, recommending, concerning, or pertaining or being relevant to, in whole or in part.

D.    As used herein, the term "person" means any natural person, corporation, company, partnership, proprietorship, joint venture, firm, association, or other form of business or legal entity, and includes any affiliate, subsidiary, employee or representative thereof.

E.    The use of a singular shall be construed to include the plural and use of the plural shall be deemed to include the singular.

4

### III. DOCUMENT REQUESTS

1. All transcripts and recordings of the witness interviews conducted by YOU as Examiner pursuant to the Examiner Order and the Examiner Approval Order appointing Arthur J. Gonzalez as Court-appointed Examiner in *In re Residential Capital, LLC, et al.*, Ch. 11 Bk. Case No. 12-12020 (MG) (SDNY), which are cited on pages II-10-11 (Exhibit II.B.3.b) of the Report of Arthur J. Gonzalez and attached hereto as Exhibit A.

## IV. CERTIFICATE OF COMPLIANCE

I/We do hereby certify that a diligent search of the documentary material called for by the subpoena issued pursuant to 12 U.S.C. § 1833a(g)(1) has been made, and that all of the documentary material in the possession, custody or control of the person or entity to whom the subpoena is directed has been produced and made available at the time, place and manner specified. A list identifying all of the documents produced is attached.

Any documentary material otherwise responsive to this subpoena which has been withheld from production under a claim of privilege or for any other reason has been identified herein by (1) the date of the document, (2) the author(s), (3) the addressee(s), (4) the recipient(s), (5) the title, (6) the subject matter, (7) the purpose of the document, (8) its present custody, (9) such other information as is sufficient or necessary to identify the document, and (10) the nature of the privilege claimed. Any such withheld documentary material will be preserved until we receive notice from the United States Department of Justice that the investigation in furtherance of which the subpoena has been issued is no longer pending.

_____
Signature

_____
Title

Sworn to before this

_____ day of _____

_____
Notary Public

My commission expires: _____.

# EXHIBIT A

EXHIBIT II.B.3.b
## Witness Interviews

| | Witness | Affiliation | Date(s) of Interview |
|---|---|---|---|
| 1. | Steven Abreu | ResCap | Jan. 22, 2013 |
| 2. | David Applegate | ResCap | Dec. 7, 2012; Mar. 14, 2013 |
| 3. | Halle Benett | UBS, Advisor to ResCap | Mar. 7, 2013 |
| 4. | Barry Bier | ResCap | Feb. 22, 2013 |
| 5. | Kenneth Blackburn | ResCap | Mar. 26, 2013 |
| 6. | Christopher Blahut | ResCap | Mar. 13, 2013 |
| 7. | Sandy Blitzer | ResCap | Mar. 5, 2013 |
| 8. | Paul Bossidy | Cerberus, ResCap | Dec. 14, 2012 |
| 9. | David Bricker | ResCap | Mar. 15, 2013 |
| 10. | Jeff Cancelliere | ResCap | Jan. 29, 2013 |
| 11. | Michael Carpenter | AFI | Mar. 4, 2013 |
| 12. | William Casey | ResCap | Jan. 31, 2013 |
| 13. | Albert Celini | Ally Bank | Feb. 18, 2013 |
| 14. | Jon Centurino | AFI | Nov. 9, 2012 |
| 15. | Joe Cortese | Ally Bank | Mar. 7, 2013 |
| 16. | Alvero ("Al") de Molina | AFI | Nov. 20, 2012 |
| 17. | Keenan Dammen | ResCap | Apr. 25, 2013 |
| 18. | David J. DeBrunner | AFI | Sep. 13, 2012; Apr. 18, 2013 |
| 19. | Timothy Devine | AFI | Mar. 19, 2013 |
| 20. | Cathy Dondzila | ResCap | Sep. 27, 2012; Nov. 9, 2012 |
| 21. | Eric Feldstein | AFI | Dec. 14, 2012 |
| 22. | Ralph Flees | ResCap | Jan. 18, 2013 |
| 23. | Lisa Gerner | Ally Bank | Nov. 13, 2012 |
| 24. | Lisa Gess | ResCap, Ally Bank | Nov. 30, 2012 |
| 25. | James Giertz | ResCap | Jan. 25, 2013 |
| 26. | Adam Glassner | ResCap, AFI | Mar. 20, 2013 |
| 27. | John Gray | ResCap | Mar. 1, 2013 |
| 28. | Lisa Gray | Cerberus | Mar. 7, 2013 |
| 29. | Robert Groody | Ally Bank | Dec. 17, 2012 |
| 30. | Isaac Grossman | Counsel to Independent Directors | Apr. 16, 2013 |
| 31. | Mark Hales | Ally Bank | Nov. 28, 2012 |
| 32. | Bill Hall | AFI | Dec. 13, 2012 |
| 33. | Lara Hall | AFI | Nov. 29, 2012 |
| 34. | Tammy Hamzehpour | ResCap | Oct. 5, 2012 |
| 35. | Michael Hebling | Ally Bank | Apr. 16, 2013 |
| 36. | Karin Hirtler-Garvey | ResCap Independent Director, AFI | Dec. 20, 2012 |
| 37. | Robert Hull | AFI | Feb. 7, 2013 |
| 38. | Russell Hutchinson | Goldman Sachs, Advisor to ResCap | Mar. 27, 2013 |
| 39. | Jonathan Ilany | ResCap Independent Director | Nov. 28, 2012 |
| 40. | Thomas Jacob | ResCap Independent Director | Nov. 7, 2012; Apr. 17, 2013 |
| 41. | Jim Jones | ResCap | Nov. 30, 2012 |
| 42. | Sanjiv Khattri | AFI, ResCap | Oct. 25, 2012; Apr. 5, 2013 |
| 43. | Ronald Kravit | Cerberus, ResCap Director | Mar. 4, 2013 |
| 44. | Gary Lee | Counsel to ResCap | Feb. 20, 2013 |
| 45. | Jerry Lombardo | Cerberus, ResCap, AFI | Sep. 17, 2012; Mar. 18, 2013 |
| 46. | Lisa Lundsten | ResCap | Feb. 20, 2013 |
| 47. | John Mack | ResCap Independent Director | Dec. 5, 2012; Jan. 15, 2013 |

II-10

| # | Name | Affiliation | Date |
|---|---|---|---|
| 48. | Thomas Marano | Cerberus, ResCap, AFI | Nov. 26, 2012<br>Feb. 27, 2013 |
| 49. | David Marple | ResCap | Jan. 22, 2013 |
| 50. | William Marx | AFI | Apr. 18, 2013 |
| 51. | Humphrey McKenzie | AFI | Apr. 23, 2013 |
| 52. | Thomas Melzer | ResCap Independent Director | Oct. 10, 2012<br>Mar. 22, 2013 |
| 53. | William Muir | AFI | Mar. 1, 2013 |
| 54. | Mark Neporent | Cerberus, AFI Director | Feb. 6, 2013 |
| 55. | James Nouss | Counsel to ResCap Independent Directors | Mar. 18, 2013 |
| 56. | Davee Olson | ResCap | Apr. 26, 2013 |
| 57. | Bruce Paradis | ResCap | Dec. 14, 2012 |
| 58. | Scott Parker | Cerberus | Mar. 15, 2013 |
| 59. | Kathy Patrick | Counsel to Steering Committee Group | Mar. 18, 2013 |
| 60. | Joseph Pensabene | ResCap | Jan. 9, 2013 |
| 61. | Corey Pinkston | AFI | Nov. 8, 2012 |
| 62. | Timothy Pohl | Lazard, Advisor to ResCap | Feb. 26, 2013 |
| 63. | Seymour Preston, Jr. | Goldin Associates, Advisor to ResCap | Feb. 15, 2013 |
| 64. | Jonathan Pruzan | Morgan Stanley, Advisor to ResCap | Mar. 28, 2013 |
| 65. | Samuel Ramsey | AFI | Dec. 10, 2012 |
| 66. | James Redmond | ResCap | Nov. 13, 2012 |
| 67. | Michael Rossi | ResCap | Nov. 27, 2012 |
| 68. | Tazewell Rowe | AFI | Dec. 7, 2012 |
| 69. | Erica Schenk | Counsel to ResCap Independent Directors | Apr. 24, 2013 |
| 70. | Eric Scholtz | ResCap | Mar. 28, 2013 |
| 71. | Charles Senick | ResCap | Nov. 16, 2012 |
| 72. | Edward ("Ted") Smith | ResCap Independent Director | Nov. 30, 2012 |
| 73. | William Solomon | AFI | Mar. 19, 2013 |
| 74. | Julie Steinhagen | ResCap | Apr. 3, 2013 |
| 75. | James Tanenbaum | Counsel to ResCap | Mar. 29, 2013 |
| 76. | Lenard Tessler | Cerberus, AFI Director | Nov. 16, 2012<br>Feb. 28, 2013 |
| 77. | Linda Voss | AFI | Dec. 13, 2012 |
| 78. | David Walker | AFI | Nov. 28, 2012 |
| 79. | Joshua Weintraub | Cerberus, ResCap Director | Apr. 11, 2013 |
| 80. | Pam West | ResCap Independent Director | Dec. 18, 2012<br>Jan. 11, 2013<br>Apr. 16, 2013 |
| 81. | James Whitlinger | ResCap | Nov. 30, 2012<br>Feb. 27, 2013 |
| 82. | James Young | ResCap, AFI | Sept. 28, 2012<br>Oct. 10, 2012<br>Mar. 15, 2013<br>Apr. 22, 2013 |
| 83. | Linda Zukauckas | AFI | Oct. 19, 2012 |

*August 2011*

# ATTACHMENT B

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1. **Specification Modifications**

    Any modifications or deviations from the Production Specifications may be done only with the express permission of the Government. Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the Government to facilitate their production.

2. **Production Format of ESI and Imaged Hard Copy**

    Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 18, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

    a.  **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
    - All TIFF file names shall include the unique Bates number burned into the image.
    - Each Bates number shall be a standard length, include leading zeros in the number, and be unique for each produced page.
    - All TIFF image files shall be stored with the ".tif" extension.
    - Images should be able to be OCR'd using standard COTS products, such as LexisNexis LAW PreDiscovery™.
    - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, should be delivered on a single piece of media.
    - No image folder shall contain more than 2000 images.

    b.  **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
    - Image Cross Reference Sample Format:

        ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
        ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
        ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
        ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

    c.  **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

    - ASCII text delimited load files are defined using the following delimiters:

        | *Field Separator* | ^ or Code 094 |
        |---|---|
        | *Text Qualifier* | \| or Code 124 |
        | *Substitute Carriage Return or New Line* | () or Code 013 |

*August 2011*

# ATTACHMENT B

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3. **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-18 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

August 2011

## ATTACHMENT B

### Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. Folder or binder name) | Full Text | Unlimited | ✓ | ✓ | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |

3

August 2011

ATTACHMENT B

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | Email header. Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4. **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**

    De-duplication of exact copies <u>within</u> a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the Government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the Government as additional metadata fields.

5. **Hidden Text**

    All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**

    All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**

    All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**
    a. All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.
    b. All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

4

*August 2011*

## ATTACHMENT B

### Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

c. All objective coding (e.g., document date or document author) should be discussed and produced to the Government as additional metadata/database fields.

9. **Production of Spreadsheets and Presentation Files.** All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10. **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the Government about the format for the production of such databases.

11. **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, voicemail messaging data, instant messaging, text messaging, conference call data and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the Government about the format for the production of such data.

13. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

14. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, etc.) the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

15. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

*August 2011*

## ATTACHMENT B

### Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

16. **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, document id or Bates number(s) corresponding to each such image.

17. **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes and UNIX machines), the ESI shall be produced after discussion with and written consent of the Government about the format for the production of such data.

18. **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

    a. ESI shall be produced in a manner which is functionally useable by the Government. The following are examples:
        - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
        - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
        - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

19. **Bates Number Convention**
All images should be assigned Bates numbers before production to DOJ. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the Government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

    PREFIX0000001         PREFIX0000003
    PREFIX0000001.001     PREFIX0000003.001
    PREFIX0000001.002     PREFIX0000003.002

20. **Media Formats for Storage and Delivery of Production Data**
Electronic documents and data shall be delivered on any of the following media:
    a. CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
    b. External hard drives, USB 2.0 (or better) or eSATA, formatted to NTFS format specifications. c. Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

6

*August 2011*

ATTACHMENT B

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

21. **Virus Protection and Security for Delivery of Production Data**
   Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the Government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the Government.

22. **Compliance and Adherence to Generally Accepted Technical Standards**
   Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

23. **Read Me Text File**
   All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

24. **Exception Log**
   An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-