**Hearing Date: March 26, 2014 at 10:00 a.m. (ET)**
**Objection Deadline: March 10, 2014 at 4:00 p.m. (ET)**

| | |
|---|---|
| Richard M. Cieri | Jeffrey S. Powell |
| Ray C. Schrock | Daniel T. Donovan |
| Noah J. Ornstein | Judson D. Brown |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 601 Lexington Avenue | 655 15th Street, N.W., Ste. 1200 |
| New York, New York 10022 | Washington, D.C. 20005 |
| Telephone: (212) 446-4800 | Telephone: (202) 879-5000 |
| Facsimile: (212) 446-4900 | Facsimile: (202) 879-5200 |

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF ALLY FINANCIAL INC.'S MOTION FOR AN ORDER ENFORCING THE CHAPTER 11 PLAN INJUNCTION

**PLEASE TAKE NOTICE** that a hearing on Ally Financial Inc.'s Motion for Entry of an Order Enforcing the Chapter 11 Plan Injunction (the "***Motion***") will be held before the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), in Room 501, One Bowling Green, New York, New York 10004-1408, on **March 26, 2014, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the basis for the objection and the specific grounds therefore and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be

found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served, so as to be received no later than **March 10, 2014, at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) counsel to the Debtors and Liquidating Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) the Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and 3 Enid N. Stuart, Esq.); (e) the Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

2

Canellos, Regional Director); and (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

|  |  |
|---|---|
| February 26, 2014<br>New York, New York | */s/ Ray C. Schrock*<br>Richard M. Cieri<br>Ray C. Schrock<br>Noah Ornstein<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>- and -<br><br>Jeffrey S. Powell<br>Daniel T. Donovan<br>Judson D. Brown<br>KIRKLAND & ELLIS LLP<br>655 15th Street, N.W., Ste. 1200<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |

**Hearing Date:  March 26, 2014 at 10:00 a.m. (ET)**
**Objection Deadline:  March 10, 2014 at 4:00 p.m. (ET)**

| | |
|---|---|
| Richard M. Cieri | Jeffrey S. Powell |
| Ray C. Schrock | Daniel T. Donovan |
| Noah J. Ornstein | Judson D. Brown |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 601 Lexington Avenue | 655 15th Street, N.W., Ste. 1200 |
| New York, New York 10022 | Washington, D.C. 20005 |
| Telephone: (212) 446-4800 | Telephone: (202) 879-5000 |
| Facsimile: (212) 446-4900 | Facsimile: (202) 879-5200 |

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**ALLY FINANCIAL INC.'S MOTION FOR AN**
**ORDER ENFORCING THE CHAPTER 11 PLAN INJUNCTION**

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Ally Financial Inc. ("***Ally***") submits this Motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), enforcing the injunction in the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [ECF No. 6065-1] (the "***Plan***"),[1] which was confirmed by the Court on December 11, 2013 [ECF No. 6065]. In support hereof, Ally respectfully states as follows:

---

[1]  Capitalized terms used but not defined herein have the meanings given to such terms in the Plan.

**INTRODUCTION**

Timothy Lahrman ("**Lahrman**"), a *pro se* plaintiff, seeks to continue a lawsuit against Ally regarding a foreclosure-related matter. Lahrman's pursuit of those claims against Ally is in direct contravention of this Court's order confirming the Plan—which permanently released, and enjoined the pursuit of, claims against Ally "arising from or related in any way to the Debtors." (Plan Art. IX.D.)

The Plan's Third Party Release is broad, applying to "*any and all Causes of Action whatsoever*, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal or state securities laws, veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise, *arising from or related in any way to the Debtors*." (Plan Art. IX.D.) Lahrman's claims against Ally are based on business activities of the Debtors, not Ally, and thus arise from and relate to the Debtors.

The Plan's Injunction "permanently enjoined and precluded" the continuation of claims subject to the Third Party Release, such as Lahrman's claim against Ally. (Plan Art. IX.I.) This Court therefore should enforce the Plan's Injunction and permanently enjoin Lahrman from continuing his lawsuit against Ally, including his efforts to sanction Ally and its counsel for notifying him of the Plan's Third Party Release and Injunction.

**BACKGROUND**

On January 3, 2014, Timothy Lahrman filed a state court lawsuit in Indiana against a number of defendants, including Ally, related to a foreclosure matter (the "*Action*"). On January 21, 2014, Lahrman filed an amended complaint in the Action that added additional foreclosure-related claims. Lahrman's claims against Ally concern the origination, securitization, servicing

2

and foreclosure of a 2005 mortgage—and Lahrman alleges that Ally does business as GMAC Mortgage and Residential Funding.

On January 29, 2014, Ally's counsel in the Action informed Lahrman that this Court entered a Confirmation Order confirming the Plan, and provided Lahrman with copies of the Plan and Confirmation Order.  The letter explained to Lahrman that his claims against Ally fall squarely within the Third Party Release and that, by virtue of the Plan's Injunction, Lahrman is enjoined from pursuing his claims against Ally.  Lahrman was encouraged to contact Ally's counsel to discuss the matter further.  Rather than reaching out to Ally's counsel on the issue, Lahrman filed a motion for sanctions against Ally and its counsel in the Action, with a response deadline of February 28.

On February 21, 2014, Ally's counsel in these bankruptcy proceedings sent Lahrman a second letter reiterating its explanation that Lahrman's claims against Ally were subject to the Third Party Release and the Injunction in the Plan.  Ally repeated its willingness to discuss the matter with Lahrman and offered to arrange a telephone conference with this Court to discuss the matter.  Lahrman has not dismissed his lawsuit against Ally or withdrawn his motion for sanctions, and he has not reached out to Ally's counsel to discuss the matter.

## JURISDICTION

This Court is intimately familiar with the Plan, the issues that were litigated leading to Plan confirmation, the objections previously raised to the Third Party Release, and the purpose of the Third Party Release—which this Court deemed "an essential component and critical to the success of the Plan." (Plan Art. IX.D.)  This Court is uniquely equipped to interpret and enforce the Plan terms, relevant Bankruptcy Code provisions, and ultimately its own Injunction.  Indeed, this Court specifically and broadly retained exclusive jurisdiction to "hear and determine any matter, case, controversy, suit, dispute, or Causes of Action [] regarding the existence, nature,

3

and scope of the releases, injunctions, and exculpation provided under the Plan," to "hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan," to "issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan," and to "[e]nforce all orders previously entered by the Bankruptcy Court." (Plan Art. XII (c), (k), (s), and (u).)

Pursuant to that exclusive jurisdiction, Ally now seeks this Court's enforcement of the Plan, and its Third Party Release and Injunction, against Lahrman. *See, e.g.*, *In re Charter Communications*, 2010 WL 502764, at *3-4 (Bankr. S.D.N.Y. Feb. 8, 2010).

## RELIEF REQUESTED

By its Motion, Ally respectfully requests entry of the Order enforcing the Plan's Third Party Release and enjoining Lahrman from proceeding against Ally in the Action.

## ARGUMENT

Lahrman's claims against Ally fall squarely within the Third Party Release and Injunction in the Plan confirmed by this Court. This Court should enforce the Plan and enjoin Lahrman from continuing the Action, including his motion for sanctions against Ally and its counsel.

Lahrman's claims against Ally are based on the origination of a residential mortgage loan, the assignment of the recorded mortgage, the securitization of the underlying indebtedness, the servicing of the loan, and the attempts to foreclose upon the loan and the secured real property. Those claims are precisely within the scope of the Plan's Third Party Release. The Plan expressly provides as follows:

> On and as of the Effective Date of the Plan, the holders of Claims and Equity Interests, shall be deemed to provide a full and complete discharge and release to the Ally Released Parties and

4

> their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal or state securities laws, veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to the Debtors, including those in any way related to RMBS issued and/or sold by the Debtors or their affiliates and/or the Chapter 11 Cases or the Plan, and any obligations under the DOJ/AG Settlement, the Consent Order, and the Order of Assessment.

(Plan Art. IX.D.)

Lahrman is a holder of a "Claim," as that term is defined in the Plan and the Bankruptcy Code. The Plan defines "Claim" as "a 'claim' as such term is defined in section 101(5) of the Bankruptcy Code." (Plan Art. I.A.53.) Section 101(5), in turn, defines "claim" as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). As courts have observed, "[t]he definition of 'claim' in the Bankruptcy Code is very broad." *In re Egleston*, 448 F.3d 803, 812 (5th Cir. 2006); *accord Johnson v. Home State Bank*, 501 U.S. 78 (1991). A claim need not have been asserted in litigation, be ripe for litigation, or even be known to the claimant to fall within the scope of Section 101(5). Under the Bankruptcy Code, "'[i]t is well-established that a claim is . . . allowable . . . in a bankruptcy proceeding even if it is a cause of action that has not yet accrued.'" *In re R.H. Macy & Co.*, 67 F. Appx. 30, 31–32 (2d Cir. 2003) (quoting *In re Cool Fuel, Inc.*, 210 F.3d 999, 1006 (9th Cir. 2000) (collecting cases)).

Lahrman's claims also "aris[e] from [and are] related in any way to the Debtors." Lahrman's foreclosure-related claims are based upon the mortgage business of the Debtors, including the securitization of residential mortgage loans. Lahrman challenges the origination, securitization, servicing, and foreclosure of a residential mortgage loan originated and serviced

5

by the Debtors—not any action by Ally or its non-debtor subsidiaries. His claims therefore arise from and are related to the Debtors.

Because Lahrman is a "holder[] of Claims . . . arising from or related in any way to the Debtors," he is bound by the Third Party Release. (*See* Plan Art. IX.D.) The express terms of the Plan's Injunction therefore "permanently enjoin[] and preclude[]" Lahrman from continuing the Action against Ally. *See* Plan Art. IX.I (enjoining all entities who hold "Claims . . . from: (a) commencing or continuing in any manner or action of other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims; . . . [and] (e) commencing or continuing in any manner or action or other proceeding of any kind against any Released Party on account of or in connection with or with respect to any Released Claims"); *see also In re Charter Communications*, 2010 WL 502764, at *5 (Bankr. S.D.N.Y. Feb. 8, 2010) (enforcing confirmed plan of reorganization to enjoin plaintiffs' lawsuit against non-debtor beneficiaries of third party release).

## CONCLUSION

For the foregoing reasons, Ally respectfully requests that the Court order that the Plan enjoins the Lahrman from pursuing his claims against Ally, including his motion for sanctions against Ally and its counsel, and further award any other relief that the Court deems just and appropriate.

<table>
<tr><td>February 26, 2014<br>New York, New York</td><td>_s/ Ray C. Schrock_ _____<br>Richard M. Cieri<br>Ray C. Schrock<br>Noah Ornstein<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>- and -<br><br>Jeffrey S. Powell<br>Daniel T. Donovan<br>Judson D. Brown<br>KIRKLAND & ELLIS LLP<br>655 15th Street, N.W., Ste. 1200<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200<br><br>*Counsel to Ally Financial Inc.*</td></tr>
</table>

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**ORDER GRANTING ALLY FINANCIAL INC.'S MOTION**
**FOR AN ORDER ENFORCING THE CHAPTER 11 PLAN INJUNCTION**

Upon consideration of the motion (the "***Motion***")[2] of Ally Financial Inc. ("***Ally***") for entry of an order enforcing the Third Party Release and Injunction provisions of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, which was confirmed by this Court on December 11, 2013; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Joint Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED to the extent set forth below.

---

[2] Capitalized terms used but not defined herein have the meanings provided to such terms in the Motion.

2. Lahrman is hereby enjoined from the continued prosecution of the Action against Ally, including the pursuit of sanctions against Ally and its counsel.

3. Ally is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

6. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: _____, 2014
      New York, New York

                                                 THE HONORABLE MARTIN GLENN
                                                 UNITED STATES BANKRUPTCY JUDGE