**Francine Silver**
**8613 Franklin Ave**
**Los Angeles, CA 90069**
**Tel 310 945 6105**

**Holder of allowed claim # 61**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12.-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION BY FRANCINE SILVER IN SUPPORT OF THE MOTION BY**

**KAREN ROZIER FOR PAYMENT RE: CLAIMS 4738 AND 5632**

The Honorable Judge Martin Glen
United States Bankruptcy Court
Southern district of New York
One Bowling Green
New York, NY 10004

Your Honor,

My name is Francine Silver. I am 88 years old, a widow, the victim of on going fraud and

the holder of allowed claim #61. With the assistance of my son Marcus Silver, who is not

a lawyer I am making a declaration in support of Karen Rozier's motion for payment.

RECEIVED FEB 26 2014 U.S. BANKRUPTCY COURT SDNY

1

The Debtor's response and arguments to Ms. Roziers claim are completely without merit, basis or logic and ignores the plain, clear and easy to understand language of the plan. The Debtor's refusal to abide by the terms of the plan not only effects Ms. Rozier's claim but also mine and apparently hundreds of other borrowers who are referenced in the Debtor's response and who have allowed claims that should have been paid as the plans calls for on the effective date or as soon as practicable thereafter. Instead the Debtors seek to delay payment for as long as possible and incorrectly seek to apply to allowed claims a 270 day deadline that is meant to only apply to disputed claims. This leads to worry, uncertainty, financial and emotional distress and on going damages suffered by not just Ms. Rozier but also myself and the hundreds of borrowers who despite having proved their allowed claims are not being paid as called for and are already suffering from illegal foreclosures, fraud as well as other damages and continued uncertainty.

The Debtor's express confusion over what an allowed claim is. In Paragraph 14 of the Debtors response, they assert *"there has not yet been a determination by the Court or an acknowledgement by the Trust that the Claims are allowed and no longer potentially subject to objection."* The plan however clearly defines what an allowed claim is and the deadline to object. (Appendix 1 Pg 8 of 265) 11.) *"Allowed" means, with respect to a Claim against any Debtor, except as otherwise provided herein, (a) a Claim that is (i) listed in the Schedules as of the Effective Date as neither disputed, contingent nor unliquidated, and for which no Proof of Claim has been timely filed, or (ii) evidenced by a valid Proof of Claim or request for payment of Administrative Claim, as applicable, Filed by the applicable Bar Date, and as to which the Debtors or other parties-in-interest*

*have not Filed an objection to the allowance thereof by the Claims Objection Deadline."* Ms. Rozier's as well as myself and hundreds of other borrower's all have allowed claims as defined above and that were not objected to or disputed in any way prior to the confirmation date.

The Debtors argue in paragraph 13 of their response that they have 270 days to object to allowed claims. The plan however clearly states in ARTICLE VIII. PROCEDURES FOR RESOLVING DISPUTED CLAIMS. 2. Allowance of Claims *"On or after the Effective Date, the Liquidating Trust shall have and shall retain any and all rights and defenses that the Debtors had with respect to any Claim, except with respect to any Claim (i) deemed Allowed as of the Effective Date or (ii) waived, relinquished, exculpated, released, compromised, settled, or Allowed in the Plan or in a Final Order. Except as otherwise provided in the Plan or in any order entered in the Chapter 11 Cases prior to the Effective Date, including the Confirmation Order, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed (a) under the Plan or the Bankruptcy Code or (b) by Final Order of the Bankruptcy Court, including the Confirmation Order.*

ARTICLE VIII makes it very clear that the 270 day deadline for objections only applies to claims that prior to the effective date were disputed or for some reason not allowed. Furthermore the logic of Debtor's argument that they have 270 days to object to allowed claims is flawed because the holder of a disputed claim that then becomes allowed must be paid as soon as practicable and no later than 90 days after their claim becomes allowed. For example, if the holder of a claim that is currently disputed succeeds in

3

having the claim allowed this week, the claim will have to be paid within 90 days which would be sometime in May, while holders of allowed claims might have to wait until September or perhaps even longer. This is clearly not the intention of the settlement agreement for if it were, it would throw the calculated reserves set up for allowed and disputed claims out of kilter, cause a multitude of problems and ensuing chaos.

Rather than allowing the Debtor's 270 days as a grace period to renege on allowed claims, to the contrary the plan calls for payment to be made to holders of allowed claims *"On or as soon as practicable after the Effective Date"*. See Exhibit 4 Borrower Claims Trust Agreement Pg 20 of 73 *4.2 Borrower Claims Payments. "(a) As soon as practicable following the Effective Date, the Borrower Claims Trust shall make a Borrower Claims Payment to each holder of a Borrower Claim that is <u>Allowed as of the Effective Date.</u>" (b) Each holder of a Borrower Claim that was not Allowed as of the Effective Date and that is subsequently Allowed, in whole or in part, shall receive from the Disputed Claims Reserve a Borrower Claims Payment in respect of such Claim following the date such Claim becomes Allowed. Such Borrower Claims Payments shall be made at such time and from time to time as determined by the Trust Committee, provided that a Borrower Claims Payment shall be made no later than ninety (90) days following date on which the respective Borrower Claim becomes Allowed."*

The Borrower Claims Trust Agreement on Pg 14 of 73 states "(d) *On or prior to the Effective Date, the Debtors shall deliver, or cause to be delivered, to the Borrower Claims Trust a complete list of all Allowed Borrower Claims, including Allowed ETS*

4

*Borrower Claims, Allowed Borrower Convenience Claims, if any, and Disputed Borrower Claims, reflected on the claims registry (the "Borrower Claims Register") as of the Effective Date. The list shall include the names and addresses of the holders of such Claims and, in the case of Allowed Borrower Claims, Allowed ETS Borrower Claims and Allowed Borrower Convenience Claims, the amounts thereof, and in the case of Disputed Borrower Claims, the amounts thereof as filed and the Estimated Amounts (if any) thereof. The list of Disputed Borrower Claims shall include the details of all objections, including filed objections and identified potential objections (if any)."* Ms. Roziers claims as well as mine and apparently hundreds of other borrowers were and still are listed as having allowed claims as defined by the plan and should by now have been paid as called for. Also see Bankruptcy Rule 3021 (*"after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."*). Even if the 270 day deadline were to apply to allowed claims which quite clearly it does not, the plan still calls for allowed claims to be paid as above.

Under 11 U.S.C. § 502(a) (*"A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."*) As there have been no objections to Ms. Rozier's, mine and hundreds of other borrower claims, and the deadline for objecting to allowed claims passed when the plan was confirmed, the claims are allowed, can't be objected to and should have already been paid.

The Debtor's argue in their response that *"This Court has recognized that claimants "are only entitled to receive payment on their claims in connection with a confirmed plan of reorganization, and only after the Debtors determine that their claims are allowed and no longer subject to objection."* See *Order Denying the Lewises' Emergency Motion for Order to Distribute Payment of Claim Nos. 932 and 933* [Docket No. 2588]. For the reasons discussed above Ms. Rozier's claims, mine and hundreds of other borrower claims are no longer subject to objection and the plan has been confirmed. Our claims are unlike the Lewises' whose motion was made prior to the confirmation of the plan and whose claims had been objected to.

The Debtors also state *"While the Plan has been confirmed and has gone effective, there has not yet been a determination by the Court or an acknowledgement by the Trust that the Claims are allowed and no longer potentially subject to objection. Thus, at this time, Movant is not entitled to any distribution on account of the Claims."* For the numerous reasons already discussed, this argument fails. The plan very clearly describes what an allowed claim is and when the deadlines to object existed for allowed claims. The plan does not call for an additional determination or acknowledgement by the Court or the Trust regarding the allowed claims that were listed as allowed on the effective date. It is too late to renege on the allowed claims, the Trust has been funded based on the amount of allowed claims and payment should have already been made to these claims as called for in the confirmed plan..

6

The Plan is very clear in it's language and in a conflict it is the language of the agreement that prevails. The Debtor's have no right to attach additional conditions. (Appendix 1 Pg 73 of 265) "*1. Borrower Claims Trust Agreement. On or before the Effective Date, the Borrower Claims Trust Agreement, in a form reasonably acceptable to the Plan Proponents, Ally and the Kessler Class Claimants, shall be executed, and all other necessary steps shall be taken to establish the Borrower Claims Trust and the interests therein, which shall be for the benefit of the holders of Allowed Borrower Claims. <u>In the event of any conflict between the terms of the Plan with respect to the Borrower Claims Trust and the terms of the Borrower Claims Trust Agreement, the Borrower Claims Trust Agreement shall govern.</u> The Borrower Claims Trust Agreement includes: (i) participation and qualification criteria for holders of Borrower Claims to receive a distribution from the Borrower Claims Trust Assets, (ii) procedures for the prosecution and settlement of objections to Borrower Claims, including those previously filed by the Debtors or any other party, (iii) the establishment of reserves for Disputed Borrower Claims; and (iv) the establishment of procedures to resolve Disputed Borrower Claims, inclusive of any counterclaims or offsets in favor of the Debtors.*
*2. Purpose of the Borrower Claims Trust. The Borrower Claims Trust shall be established to, among other things, (i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims.*

7

The Debtors should be aware of and act in accordance with what they agreed to in the plan as it was negotiated in good faith, voted on and confirmed making it too late to renege. See Implementation of the Plan Z. page 18 of the plan: "*All documents and agreements necessary to implement the Plan, including, but not limited to, the Plan Documents, are essential elements of the Plan and consummation of each agreement is in the best interests of the Debtors, the Estates and holders of Claims. The Debtors have exercised reasonable business judgment in determining to enter into the Plan Documents, and each of the Plan Documents have been negotiated in good faith, at arm's length, are fair and reasonable, and shall, upon execution and upon the occurrence of the Effective Date, constitute legal, valid, binding, enforceable, and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan Supplement documents, and any other documents or agreements necessary to implement the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.*

YY. **Objections.** *All parties have had a full and fair opportunity to litigate all issues raised in the objections (excluding any <u>timely filed</u> objections that relate solely to the assumption of any executory contract), or which might have been raised, and the objections (excluding any <u>timely filed objections</u> that relate solely to the assumption of any executory contract) have been fully and fairly litigated.*

2. **Objections to the Plan are Overruled.** *All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan. Any objections or responses to confirmation of the Plan and the reservation of rights*

8

*contained therein that (a) have not been withdrawn, waived or settled prior to the entry of this Order or (b) are not cured by the relief granted herein are hereby OVERRULED in their entirety and on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice."*

## CONCLUSSION

The language of the plan is very clear. There should be no confusion about what an allowed claim is, what a disputed claim is and when the respective deadlines to object occurred or will occur. The Settlement Agreement was negotiated on in good faith with plenty of time for objections to be raised before it was voted on and confirmed. Now that it has been confirmed it is too late for the Debtor's to renege or attach additional conditions. They have a responsibility under the agreement to settle allowed claims as soon as practicable, to act in good faith and not to delay for as long as possible or misapply deadlines. Ms. Rozier's, mine and the hundreds of other borrowers claims should already have been paid. As the Debtors response suggests they are confused about their responsibilities under the plan, I pray that the Court will affirm the plain language of the plan, grant Ms. Rozier's motion and remind the Debtors of their responsibilities under the plan so that I and the hundreds of other holders of allowed borrowers claims can have our claims settled as called for in the plan and without being forced to file motions, waste the Court's time and endure continued suffering and uncertainty over a plan that has already been voted on and confirmed with very clearly defined language.

9

**DECLARATION**

I, FRANCINE SILVER, HEREBY DECLARE PURSUANT TO THE APPLICABLE LAW IN NEW YORK AND 28 U.S.C. §1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT LOS ANGELES, CALIFORNIA ON THIS 24TH DAY OF FEBRUARY, 2014

FRANCINE SILVER _/s/ Francine Silver_  DATE _Feb 24 2014_

10