# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

_____x          Chapter 11

                                                   Case No. 12-12020

In Re:

EVERBANK, INC., et al.

                    Debtors

_____x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

                    Movant, In Pro Se

          v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

                    Respondent.

_____x

## EX PARTE MOTION OF THE MOVANT YOSEF LE ROI MUSTAFANOS FOR AN ORDER SHORTENING THE NOTICE PERIOD FOR CERTAIN EMERGENCY RELIEF FROM THE AUTOMATIC STAY

## BACKGROUND

1. SGT. James Jackson Marshall (Mr. Marshall), an incompetent man, wartime veteran and

   Senior citizen, on or about the beginning of 2004, was aided by his children in regards to

The purchase of a house described as: 10827 S.E. Bush Street Portland, Oregon 97266.

2.   The mortgage was financed through Sierra Pacific Mortgage at a fixed 5% interest rate.

3.   GMAC Mortgage contacted  Mr. Marshall during the month of  February 2004 and

Convinced him, without the knowledge of his children, to replace the first position loan

Financed through Sierra Pacific Mortgage with an adjustable interest rate

Loan, which became toxic, because Mr. Marshall was on a fixed income.


4.   On March 3, 2004, GMAC Mortgage went to Mr. Marshall's house picked him up and

Transported him to the GMAC Mortgage office and had him sign the mortgage deed of

Trust without aid and attendance from his children. It is uncertain what day the loan note

and the adjustable rate rider agreement was signed due to the absence of a notary

Certification. It is uncertain if Mr. Marshall's signature was not copied and pasted to the

Documents.

5.   GMAC Mortgage should have clearly noticed that Mr. Marshall would hallucinate, was

unable to hold his attention and would drift off into sleep.

6.   Mr. Marshall's children discovered the problematic mortgage holder change and the

increase in the monthly payments while he was in the hospital suffering from a stroke.

7.   Mr. Marshall was no longer able to live within his budget. His mortgage was being

automatically deducted from his retirement by Mortgage Electronic Registration

Systems, Inc.


8.   Mr. Marshall was hurt emotionally over the difficulties involving his house. He had

never struggled with home purchases and financing in the past and he became very

depressed, and he would not eat at times which made his stay at his house a medical risk, considered that he suffered from diabetes and kidney failure which demanded frequent dialysis.

9. The Children of Mr. Marshall moved him to a convalescence hospital in Carmichael, California to be closer to his oldest son.

10. Mr. Marshall, soon after died on March 20, 2010 in the convalescence hospital in Carmichael, California.

11. The mortgage was assigned more than once. Everbank, Inc. is the mortgage holder and they began foreclosure in August of 2010.

12. A Probate Affiants Deed was filed against the property of the decedent by Reverend Yosef Le Roi Mustafanos, pending investigation and litigation.

13. March 2012 Reverend Yosef Le Roi Mustafanos, discovered senior abuse and fraud in the transactions involving GMAC Mortgage and began a counterclaim against Everbank.

14. September 2013, the Multnomah County Court granted leave to amend to include ALLY Financial, Inc. (GMAC Mortgage, Inc.) in counterclaim.

15. October 2013, Ally Financial defaults by not responding to the summons in a timely manner.

16. January 2014, the Multnomah County Court granted leave to amend counterclaim to describe the relationship between Ally Financial, Inc. and GMAC Mortgage, Inc.

17. February 2014, Reverend Mustafanos discovers that Ally Financial, Inc. settled and consented to the charges of fraud and unfair lending against the United States consumers by its subsidiaries and daughter companies as well as GMAC Mortgage, Inc. and settled

for $25 billion dollars with the United States Attorneys General on April 4, 2012.

18. February 2014, Reverend Mustafanos discovered that Ally Financial, Inc. consented to

permit lawsuits and claims being brought against them by individuals, class action and

associations for injurious conduct inflicted by GMAC Mortgage, Residential Capital, Inc.

19. February 2014, Reverend Yosef Mustafanos discovered via internet that GMAC

Mortgage, Inc and Residential Capital, Inc. filed chapter 11 Bankruptcy on May 12,

2012.

20. February 2014, Reverend Mustafanos received a phone call from Ally Financial, Inc.

attorney threatening to contact the bankruptcy court and have Judge Glenn to hold him in

contempt, if Reverend Mustafanos does not dismiss the civil action against Ally

Financial, Inc, GMAC Mortgage and Residential Capital, Inc. with Prejudice.

21. Reverend Yosef Mustafanos have never seen or received the Bankruptcy Plan nor the

Court's Confirmation Order, as alleged in the February 24, 2014 letter sent by the law

firm Kirkland & Ellis LLP. See Exhibit C.

22. The willful and malicious act committed against a war time veteran, senior citizen and

His estate is not, cannot, must not and shall not be shielded by a bankruptcy.

## **RELIEF REQUESTED**

23. By this Motion, Reverend Yosef Le Roi Mustafanos requests the immediate entry of an

Order shortening the 21-day notice period provided under paragraph 32 of the Case

Management Order such that the relief requested in the Emergency Motion may be heard

at a hearing on March 11, 2014 at 1030 a.m. (ET), and requiring that objections to the

Emergency Motions, if any, be filed with the Court no later than March 10, 2014 at 4:00 p.m. (ET).

24. Paragraph 23 of the Case Management Order permits parties to request shortened notice periods.

25. For the reasons described in the Affirmation of Reverend Yosef Le Roi Mustafanos in support of the motion for relief from the automatic stay, a copy of which is attached hereto as Exhibit "A," Reverend Mustafanos believes that shortening notice as requested herein is warranted under the circumstances and adequate to provide interested parties with an opportunity to respond to the relief requested in the Emergency Motions.

## JURISDICTION AND VENUE

26. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. 1334.

27. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. 157(b).

28. Venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

## NO PRIOR REQUEST

29. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Movant respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Movants as the Court may deem proper.

Dated: Silver Springs, Nevada

   February 27, 2014

                                        THE ESTATE OF SGT. JAMES
                                        JACKSON MARSHALL


                                        BY:/S/ *Reverend Yosef Mustafanos*

                                        Signatured copy available if required
                                         Reverend Yosef Le Roi Mustafanos,
                                         Personal Representative and Son of the
                                        Decedent James Jackson Marshall
                                        5400 Railroad Street
                                        Silver Springs, Nevada 89429
                                        Ph:775-848-5940 Fax:775-577-9926
                                        aoexpress@ymail.com

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

_____x          Chapter 11

Case No. 12-12020

In Re:

EVERBANK, INC., et al.,

                Debtors

_____x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

                Movant, In Pro Se

      v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

                Respondent.

_____x

## AFFIRMATION IN SUPPORT OF THE MOTION OF MOVANT REVEREND YOSEF LE ROI MUSTAFANOS, PERSONAL REPRESENTATIVE FOR THE ESTATE OF SGT. JAMES JACKSON MARSHALL

## RELIEF FROM AUTOMATIC STAY

REVEREND YOSEF L. MUSTAFANOS, Personal Representative for Estate of SGT. James

Jackson Marshall, in the United States District Court for the Southern District of New York
affirms the following under penalty of perjury that:

1. I am the Court appointed Legal Representative for the Estate of James Jackson Marshall.

2. I am familiar with the facts and circumstances surrounding the within proceedings and

   make this affirmation in support of the Estate of Sgt .James Jackson Marshall's

   application for relief from the automatic stay.

   The instant motion arises out of the voluntary petition for relief pursuant to Chapter 11 of

   the United States Bankruptcy Code and is necessitated by the fact that the Debtor, who is

   the assigned the mortgage published that it anticipates bearing the entire burden of the

   fraudulent conduct claim that they had no part in committing.

3. Pursuant to sections 362 (d)(1) and (2), and of Title 11 of the U.S. Bankruptcy Code, the

   movant in the above-captioned case, by this motion seeks relief from the automatic stay

   to: (1) exercise all rights including, the fulfillment of the promise made by SGT. James

   Jackson Marshall Estate, to assist dislocated veterans and provide transportation for

   disabled veterans who struggle trying to exist; and (2) for such other and further

   relief that this Court deems just and equitable.

4. Intervention of this Court is required at this time given the condition of the estate, it

   would be unable to fulfill the promises and pledges to aid and assist dislocated veterans.

5. The Debtor is unwilling to assist the movant in any manner such as reduce the principle

   with the underwater mortgage.

6. The Estate has made commitments to provide transportation for disabled veterans.

7. Accordingly, the estate of SGT. James Jackson Marshall requires immediate relief from

the automatic stay.

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. 1334.

9. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. 157(b).

10. Venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

11. Unless the Estate of SGT. James Jackson Marshall is granted the relief requested, the

    Estate of SGT. James Jackson Marshall, will be in ruins, because of the fraudulent

    conduct of Ally Financial, Inc, GMAC Mortgage, Inc, and Residential Capital, Inc.

## BACKGROUND

12. SGT. James Jackson Marshall (Mr. Marshall), an incompetent man, wartime veteran and

    senior citizen, on or about the beginning of 2004, was aided by his children in regards to

    the purchase of a house described as: 10827 S.E. Bush Street Portland, Oregon 97266.

13. The mortgage was financed through Sierra Pacific Mortgage at a fixed 5% interest rate.

14. GMAC Mortgage contacted Mr. Marshall during the month of February 2004 and

    convinced him, without the knowledge of his children, to replace the first position loan

    financed through Sierra Pacific Mortgage with an adjustable interest rate

    loan, which became toxic, considering that Mr. Marshall was on a fixed income.

15. On March 3, 2004, GMAC Mortgage went to Mr. Marshall's house picked him up and

    transported him to the GMAC Mortgage office and had him sign the mortgage deed of

    trust without aid and attendance from his children. It is uncertain what day the loan note

    and the adjustable rate rider agreement was signed due to the absence of a notary

    certification. Mr. Marshall's signature may have been copied or pasted to the documents.

16. GMAC Mortgage should have clearly noticed that Mr. Marshall would hallucinate, was unable to hold his attention and would drift off into sleep.

17. Mr. Marshall's children discovered the problematic mortgage holder change and the increase in the monthly payments while he was in the hospital suffering from a stroke.

18. Mr. Marshall was no longer able to live within his budget. His mortgage was being automatically deducted from his retirement by Mortgage Electronic Registration Systems, Inc.

19. Mr. Marshall was hurt emotionally over the difficulties involving his house. He had never struggled with home purchases and financing in the past and he became very depressed, and he would not eat at times which made his stay at his house a medical risk, considered that he suffered from diabetes and kidney failure requiring dialysis.

20. The Children of Mr. Marshall moved him to a convalescence hospital in Carmichael, California to be closer to his oldest son.

21. Mr. Marshall, soon after died on March 20, 2010 in the convalescence hospital in Carmichael, California.

22. The mortgage was assigned more than once. Everbank, Inc. is the mortgage holder and they began foreclosure in August of 2010.

23. A Probate Affiants Deed was filed against the property of the decedent by Reverend Yosef Le Roi Mustafanos, pending investigation and litigation.

24. March 2012 Reverend Yosef Le Roi Mustafanos, discovered senior abuse and fraud in the transactions involving GMAC Mortgage and began a counterclaim against Everbank.

25. September 2013, the Multnomah County Court granted leave to amend to include ALLY

Financial, Inc. (GMAC Mortgage, Inc.) in counterclaim.

26. October 2013, Ally Financial defaults by not responding to the summons in a timely manner.

27. January 2014, the Multnomah County Court granted leave to amend counterclaim to describe the relationship between Ally Financial, Inc. and GMAC Mortgage, Inc.

28. February 2014, Reverend Mustafanos discovers that Ally Financial, Inc. settled and consented to the charges of fraud and unfair lending against the United States consumers by its subsidiaries and daughter companies as well as GMAC Mortgage, Inc. and settled for $25 billion dollars with the United States Attorneys General on April 4, 2012.

29. February 2014, Reverend Mustafanos discover discovered that Ally Financial, Inc. consented to permit lawsuits and claims being brought against them by individuals, class action and associations for injurious conduct inflicted by GMAC Mortgage, Residential Capital, Inc.

30. February 2014, Reverend Yosef Mustafanos discovered via internet that GMAC Mortgage, Inc and ResCap, Inc. filed chapter 11 Bankruptcy on May 12, 2012.

31. February 2014, Reverend Mustafanos received a phone call from Ally Financial, Inc. attorney threatening to contact the bankruptcy court Judge Glenn to hold him in contempt, if Reverend Mustafanos does not dismiss the civil action against Ally Financial, Inc, GMAC Mortgage and Residential Capital, Inc. with Prejudice.

32. Reverend Yosef Mustafanos have never seen or received the Bankruptcy Plan nor the Court's Confirmation Order, as alleged in the February 24, 2014 letter sent by the law firm Kirkland & Ellis LLP. See Exhibit C.

33. The willful and malicious act committed against a war time veteran, senior citizen and

His estate is not, cannot, must not and shall not be shielded by a bankruptcy.

## **RELIEF REQUESTED**

### Order Granting Relief from the Automatic Stay for Movants to have the Right to Complete and fulfill Contracts and Promises

34. Cause exists for the Court to grant the Movants relief from the automatic stay in order to

exercise all rights including without limitation, to terminate and fulfill Contracts, and to

reserve all of its rights pertaining to said Contract.

35. Pursuant to section 362 of the Bankruptcy Code, upon request of party in interest, the

Court can grant relief from the stay if there is inadequate protection of an interest in the

property of a party in interest; the debtor does not have equity in the property; and the

property is unnecessary to an effective reorganization.

36. Given the fact that the Debtor is not willing to reduce the principle and interest on the

underwater mortgage, movant seeks relief.

37. Pursuant to sections 362 (d)(1) and (2), and of Title 11 of the U.S. Bankruptcy Code, the

movant in the above-captioned case, by this motion seeks relief from the automatic stay

to: (1) exercise all rights including, the fulfillment of the promise made by SGT. James

Jackson Marshall Estate, to assist dislocated veterans and provide transportation for

disabled veterans who struggle trying to exist; and (2) for such other and further

relief that this Court deems just and equitable.

Dated: Silver Springs, Nevada

February 27, 2014

THE ESTATE OF SGT. JAMES
JACKSON MARSHALL


BY: /S/ *Reverend Yosef Mustafanos*

Signatured copy available if required

Reverend Yosef Le Roi Mustafanos,

Personal Representative and Son of the

Decedent James Jackson Marshall

5400 Railroad Street

Silver Springs, Nevada 89429

Ph:775-848-5940 Fax:775-577-9926

aoexpress@ymail.com

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____x | Chapter 11 |
| | Case No. 12-12020 |
| In Re: | |
| EVERBANK, INC., et al., | |
|          Debtors | |
| _____x | |
| YOSEF LE ROI MUSTAFANOS, PERSONAL | |
| REPRESENTATIVE FOR THE ESTATE OF | |
| JAMES JACKSON MARSHALL | |
|          Movant, In Pro Se | |
|     v. | |
| ALLY FINANCIAL, INC., (FORMERLY GMAC), | |
| GMAC MORTGAG, LLC, RESIDENTIAL | |
| CAPITAL, LLC, et al., does 1-100 | |
|          Respondent. | |
| _____x | |

## ORDER SHORTENING THE NOTICE PERIOD FOR CERTAIN
## EMERGENCY RELIEF FROM THE AUTOMATIC STAY

This matter coming before the Court on the Ex Parte Motion of the Movant for an

Order Shortening the Notice Period for Certain Emergency Relief Related from the

Automatic Stay by the above-captioned Movant; the Court having reviewed the Motion;

the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28

U.S.C. $$ 1334 and 157, (ii) this is a core proceeding pursuant to 28 U.S.C. $ 157(b) and

(iii) notice of the motion was sufficient under the circumstances; and the Court having

determined that the legal and factual bases set forth in the Motion establish good cause

for the relief granted herein;

## IT IS HEREBY ORDERED THAT:

1.  The Motion is Granted as set forth herein.

2.  Pursuant to Bankruptcy Rules 4001(d)(2) and 9006(c)(1) and Local
    Bankruptcy Rule 9006-1, the notice and objection periods for the Emergency
    Motion is Shortened as set forth herein.

3.  The 21-day notice period provided under paragraph 32 of the Case
    Management Order is shortened so that the relief requested in the Emergency
    Motion may be heard at a hearing on March 11, 2014 at 10:30 a.m. (ET), and
    requiring that objections to the Emergency Motions, if an, be filed with the
    Court no later than March 10, 2014 at 4:00 p.m. (ET).

4.  This Court shall retain jurisdiction to resolve all matters relating to, or arising
    in connecton with, the interpretation and/or implementation of this Order.

Dated: New York, New York
_____ 2014


_____
HONORABLE JUDGE GLENN

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D