# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Judson D. Brown
To Call Writer Directly:
(202) 879-5082
judson.brown@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

February 24, 2014

Via Federal Express

Rev. Yosef L. Mustafanos
5400 Railroad Street
Silver Springs, NV 89429

Re:  *Everbank, Inc. v. Yosef Leroi Mustafanos, et al.*
Case No. 1205-08597, Multnomah County Circuit Court

Dear Rev. Mustafanos:

I am counsel to Ally Financial Inc. and its non-debtor subsidiaries (collectively, "Ally") in the Residential Capital, LLC, et al. ("ResCap") Chapter 11 bankruptcy proceedings pending in the United States Bankruptcy Court for the Southern District of New York.

As you know, in December 2013, the Bankruptcy Court overseeing the ResCap bankruptcy confirmed ResCap's Chapter 11 Plan of Reorganization—and I understand you have received a copy of that Plan and the Court's Confirmation Order. ResCap's Plan includes a Third Party Release that releases all claims against Ally "arising from or related in any way to the Debtors," including ResCap, GMAC Mortgage, LLC and Residential Funding Company, LLC. (*See* Plan Art. IX.D.) ResCap's Plan also includes an Injunction which "permanently enjoined and precluded" the continuation of any claims against Ally that were released pursuant to the Third Party Release, and the Injunction further states that "[a]ny person injured by any willful violation of this injunction shall be entitled to recover actual damages, including costs and attorneys' fees." (*See* Plan Art. IX.I.)

I understand that you have brought the above-captioned lawsuit asserting claims against Ally and other defendants in Oregon state court concerning a foreclosure-related matter. The claims against Ally arise from and relate to the business of ResCap and its subsidiaries, including GMAC Mortgage, LLC and Residential Funding Company, LLC—and therefore those claims are subject to the Third Party Release and the Injunction in ResCap's Plan of Reorganization. As a result, we request that you voluntarily dismiss, with prejudice, the claims asserted against Ally in the above-referenced action.

## KIRKLAND & ELLIS LLP

Reverend Yosef L. Mustafanos
February 24, 2014
Page 2

    We are happy to discuss these issues if that would be helpful. And we would be willing to arrange a telephone conference with the Bankruptcy Court, yourself or your counsel, and Ally's counsel to discuss these issues; let me know if you want us to do that. However, if we do not hear from you and you have not dismissed the claims against Ally with prejudice by **Monday, March 3**, Ally will be forced to seek relief—including seeking to enforce the terms of the Injunction—in the Bankruptcy Court.

Sincerely,

Judson D. Brown