| Hearing Date: | **TBD** |
|---|---|
| Objection Deadline: | **TBD** |

Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, Alabama  35203
Phone:  (205) 521-8000
Fax:  (205) 521-8800
Robert W. Maddox, Esq.
Jay R. Bender, Esq.

*Special Litigation and Compliance Counsel*
*for the Debtors*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ----------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------------------- ) | | |

## SUMMARY OF FINAL APPLICATION OF BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL FOR THE DEBTORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 14, 2012, THROUGH AND INCLUDING DECEMBER 17, 2013

This is a(n):    ___ monthly    ___ interim    X   final application.

| Name of Applicant: | Bradley Arant Boult Cummings LLP | |
|---|---|---|
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al*. | |
| Date of Retention: | Order entered on August 20, 2012 retaining Bradley Arant *nunc pro tunc* to May 14, 2012 [Dkt. No. 1221] | |
| Period for which Compensation and Reimbursement is sought: | Fifth Interim Period<br><br>September 1, 2013 through December 17, 2013 | Final Application Period<br><br>May 14, 2012 through December 17, 2013 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $577,839.60 | $11,959,869.89 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $33,756.83 | $613,918.47 |

**Summary of Monthly Applications for Fifth Interim Period**
**(September 1, 2013 through December 17, 2013):**

| Date of Monthly Request | Compensation Period | Fees Requested | Expenses Requested | Fees Approved / Paid to Date | Expenses Approved / Paid to Date |
|---|---|---|---|---|---|
| 11/25/2013 | 9/1/2013 to 9/30/2013 | $237,553.60 | $17,110.46 | $237,553.60 / $176,440.81 | $17,110.46/ $12,149.55 |
| 3/17/2014 | 10/1/2013 to 12/17/2013 [1] | $340,286.00 | $16,646.37 | $0* / $0 | $0* / $0 |
| **TOTAL** | | **$577,839.60** | **$33,756.83** | $237,553.60 / $176,440.81 | $17,110.46 / $12,149.55 |

* Pending approval.

---

[1] To reduce substantially the volume of supporting documents in support of the Bradley Arant's monthly applications, and to simplify the Bradley Arant's preparation and the other parties' review of these monthly applications, the Bradley Arant, with the advance consent of the U.S. Trustee and the Debtors and advance notice to the Committee, consolidated its monthly applications for the months October and November, 2013 and for December 1 through 17, 2013, into one submission.

**Summary of Previously-Filed Interim Fee Applications:**

| Interim Fee Period / Docket Entry for Interim Fee Application | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Total Final Requested (Fees and Costs) | Amount Approved / Paid | Holdback Amount Due (10%) |
|---|---|---|---|---|---|
| 1<br><br>(Dkt. No. 1882) | May 14, 2012 – Aug. 31, 2012 | Dec. 28, 2012 [Dkt. No. 2530] | $4,365,198.06 | $4,209,787.58 / $4,157,367.80 | $0.00* |
| 2<br><br>(Dkt. No. 3151) | Sept. 1, 2012 – Dec. 31, 2012 | Apr. 29, 2013 [Dkt. No. 3556] | $4,484,931.00 | $4,410,419.82 / $4,256,042.92 | $0.00* |
| 3<br><br>(Dkt. No. 4513) | Jan. 1, 2013 – Apr. 30, 2013 | Sept. 25, 2013 [Dkt. No. 5205] | $2,560,994.39 | $2,554,180.81 / $2,250,048.89 | $241,290.99 |
| 4<br><br>(Dkt. No. 5838) | May 1, 2013 – Aug. 31, 2013 | Dec. 26, 2013 [Dkt. No. 6193] | $795,706.23 | $787,803.72 / $657,601.66 | $71,929.80 |
| **TOTAL** | | | | $11,962,191.93 / $11,321,061.27 | $313,220.79 |

* The Court's order dated September 25, 2013 allowed payment of the 10% holdback balance on the first and second interim fee periods.

Hearing Date:                    TBD
Objection Deadline:              TBD

Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, Alabama  35203
Phone:  (205) 521-8000
Fax:  (205) 521-8800
Robert W. Maddox, Esq.
Jay R. Bender, Esq.

*Special Litigation and Compliance Counsel*
*for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------- ) | | |

**FINAL APPLICATION OF BRADLEY ARANT BOULT CUMMINGS LLP**
**AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL**
**FOR THE DEBTORS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

Bradley Arant Boult Cummings LLP ("**Bradley Arant**" or the "**Applicant**"), special

litigation and compliance counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in

possession (collectively, the "**Debtors**"), hereby submits its final application for compensation

and reimbursement of expenses (the "**Application**").  Bradley Arant herein requests entry of an

order allowing (a) compensation in the amount of $11,959,869.89 for professional services

rendered and (b) reimbursement of expenses incurred in connection therewith in the amount of

$613,918.47 during the period from May 14, 2012 through and including December 17, 2013

(the "**Final Application Period**").  The amounts requested consist of:

(a)     Compensation for professional services rendered during the period from September 1, 2013 through and including December 1, 2013 (the "**Fifth Interim Period**") in the amount of $577,839.60 and reimbursement of actual, reasonable, and necessary expenses incurred during the Fifth Interim Period in the amount of $33,756.83, which amounts are fully described in this Application; and

(b)     Compensation for professional services rendered during the period from May 1, 2012 through and including  August 31, 2013 (the "**Prior Applications Period**") in the amount of $11,382,030.29 and reimbursement of actual, reasonable, and necessary expenses incurred during the Prior Applications Period in the amount of $580,161.64.[2]

In support of the Application, Bradley Arant respectfully represents as follows:

## BACKGROUND

1.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in the Debtors' chapter 11 cases.

2.     On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

---

[2] The amounts sought for compensation during the Prior Applications Period reflect all fees and expenses previously approved by the Court for Bradley's first, second, third, and fourth interim fee applications, as further described herein.

3.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Dkt. Nos. 454, 674].

4.      On December 6, 2013, the Debtors filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "**Plan**") [Dkt. No. 6030].  On December 11, 2013, this Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Dkt. No. 6065].

5.      The Effective Date of the Plan occurred on December 17, 2013.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

6.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory bases for the relief requested herein are sections 328, 330, and 331, of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

## COMPLIANCE WITH GUIDELINES GOVERNING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

8.      This Application has been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective as of February 5, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996  (the "**UST**

Guidelines" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local

Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as

Exhibit A.

## SUMMARY OF APPLICATION

### A.    Bradley Arant's Retention

9.    On July 9, 2012, the Debtors filed their application under sections 327(e) and 328

of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for authorization to

employ Bradley Arant as special litigation and compliance counsel to the Debtors and to approve

the Debtors' alternative billing arrangement with Bradley Arant [Dkt. No. 721] (the "**Retention**

**Application**").  With the Retention Application, the Debtors filed the Declaration of Robert R.

Maddox, a partner of Bradley Arant, in support of the Retention Application (the "**Initial**

**Supporting Declaration**").  The Debtors subsequently filed the Supplemental Declaration of

Mr. Maddox in support of the Retention Application (the "**First Supplemental Declaration"**)

[Dkt. No. 866], the Second Supplemental Declaration of Mr. Maddox in support of the Retention

Application (the "**Second Supplemental Declaration"**) [Dkt. No. 1008], and the Third

Supplemental Declaration of Mr. Maddox in support of the Retention Application [Dkt. No.

3144] (the "**Third Supplemental Declaration"**), on July 21, 2012, August 6, 2012, and March

12, 2013, respectively.   The Initial Supporting Declaration, the First Supplemental Declaration,

the Second Supplemental Declaration, and the Third Supplemental Declaration shall be referred

to hereinafter collectively as the "**Supporting Declaration**").

10.    On August 9, 2012, the Court held a duly-noticed hearing on the Retention

Application.  On August 10, 2012, the Court issued its Memorandum Opinion [Dkt. No. 1077]

approving the Retention Application and overruling certain limited objections thereto.   On

August 20, 2012, the Court entered that certain Order Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing (I) the Employment and Retention of Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) Approving the Alternative Billing Arrangement [Dkt. No. 1221] (the "**Retention Order**"),[3] approving Bradley Arant's employment pursuant to the Retention Application.

11.    Among other things, the Retention Order approved the Alternative Billing Arrangement (as such term was defined in the Retention Order), negotiated prepetition between the Debtors and Bradley Arant with respect to the Alternative Billing Arrangement Matters (as such term was defined in the Retention Order) pursuant to section 328(a) of the Bankruptcy Code.  The Alternative Billing Arrangement applied to certain litigation and pre-litigation matters in which Bradley Arant represented the Debtors.  The Retention Application disclosed the terms of the Alternative Billing Arrangement, including that the arrangement extended only through December 31, 2012.

12.    After substantial discussions, the Debtors and Bradley Arant mutually agreed not to extend the Alternative Billing Arrangement beyond December 31, 2012, and instead, to bill all matters handled by Bradley Arant on behalf of the Debtors on the hourly-rate terms under which Bradley Arant represented the Debtors on other matters, effective as of January 1, 2013.  Bradley Arant filed the Third Supplemental Declaration to advise the Court, the U.S. Trustee, and other parties in interest of the change in the parties' billing arrangement.

---

[3] By order entered September 27, 2012 [Dkt. No. 1600], the Court denied the motion of Patrick J. Hopper [Dkt. No. 1351] for reconsideration of the Retention Order.

13.     As discussed in the Third Supplemental Declaration, the Debtors and Bradley Arant agreed to certain terms regarding the transition of the Alternative Billing Arrangement Matters to hourly-rate billing.  Specifically, with respect to any Alternative Billing Arrangement Matter for which Bradley Arant received the initial $7,300 up-front payment under the Alternative Billing Arrangement from the Debtors prior to December 31, 2012, but did not incur $7,300 of billable time and expenses on such matter through December 31, 2012, Bradley Arant agreed that the Debtors would not be liable to pay any fees or reimburse any expenses incurred on or after January 1, 2013 unless and until the sum of the total hourly fees and expenses incurred on such matter from the time such matter was opened exceeds $7,300.  Bradley Arant's request for payment of compensation and reimbursement of expenses made in this Application fully accounts for the billing transition agreement described in the Third Supplemental Declaration.

**B.**     **Bradley Arant's Previous Interim Fee Applications**

14.     On October 19, 2012, Bradley Arant filed its First Interim Application as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 Through August 31, 2012 (the "**First Interim Application**") [Dkt. No. 1882].  In the First Interim Application, Bradley Arant requested the approval of compensation in the amount of $4,207,515.65 and reimbursement of expenses in the amount of $157,682.41.  In the Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses (the "**First U.S. Trustee Objection**") [Dkt. No. 2361], the U.S. Trustee asserted limited objections to the First Interim Application.  The First Interim Application and the First U.S. Trustee Objection came before this Court for hearing on December 20, 2012.  Prior to such hearing, through the Debtor's

billing reconciliation process, Bradley Arant agreed to certain adjustments to the compensation and expense reimbursement requests made in the First Interim Application. Also, prior to the hearing, Bradley Arant and the U.S. Trustee reached an agreement resolving the First U.S. Trustee Objection as it pertained to the First Interim Application. Accordingly, on December 28, 2012, this Court entered its order [Dkt. No. 2530] allowing Bradley Arant's fees in the reduced amount of $4,060,788.24 and expenses in the reduced amount of $148,999.34.

15.    On March 13, 2013, Bradley Arant filed its Second Interim Application as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 Through December 31, 2012 (the "**Second Interim Application**") [Dkt. No. 3151]. In the Second Interim Application, Bradley Arant requested the approval of compensation in the amount of $4,257,795.00 and reimbursement of expenses in the amount of $227,136.00. In the Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses (the "**Second U.S. Trustee Objection**") [Dkt. No. 3310], the U.S. Trustee asserted limited objections to the Second Interim Application. The Second Interim Application and the Second U.S. Trustee Objection came before this Court for hearing on April 11, 2013. Prior to such hearing, through the Debtor's billing reconciliation process, Bradley Arant agreed to certain adjustments to the compensation and expense reimbursement requests made in the Second Interim Application. Also, prior to the hearing, Bradley Arant and the U.S. Trustee reached an agreement resolving the Second U.S. Trustee Objection as it pertained to the Second Interim Application. Accordingly, on April 29, 2013, this Court entered its order [Dkt. No. 3556] allowing Bradley Arant's fees in the reduced amount of $4,189,034.16 and expenses in the reduced amount of $221,385.66.

16.     On August 6, 2013, Bradley Arant filed its Third Interim Application as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2013 Through April 30, 2013 (the "**Third Interim Application**") [Dkt. No. 4513].  In the Third Interim Application, Bradley Arant requested the approval of compensation in the amount of $2,416,978.11 and reimbursement of expenses in the amount of $144,016.28.  In the Omnibus Objection of the United States Trustee Regarding Fee Applications for Third Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses (the "**Third U.S. Trustee Objection**") [Dkt. No. 4869], the U.S. Trustee asserted limited objections to the Third Interim Application.  The Third Interim Application and the Third U.S. Trustee Objection came before this Court for hearing on September 11, 2013.  Prior to such hearing, Bradley Arant and the U.S. Trustee reached an agreement resolving the Third U.S. Trustee Objection as it pertained to the Third Interim Application.  Accordingly, on September 25, 2013, this Court entered its order [Dkt. No. 5205] allowing Bradley Arant's fees in the reduced amount of $2,412,909.93 and expenses in the reduced amount of $141,270.88.

17.     On November 18, 2013, Bradley Arant filed its Fourth Interim Application as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2013 Through August 31, 2013 (the "**Fourth Interim Application**") [Dkt. No. 5838].  In the Fourth Interim Application, Bradley Arant requested the approval of compensation in the amount of $724,297.96 and reimbursement of expenses in the amount of $71,408.27.  In the Omnibus Objection of the United States Trustee Regarding Fee Applications for Fourth Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses (the "**Fourth U.S. Trustee Objection**") [Dkt. No. 6047], the U.S. Trustee asserted limited objections to the Fourth Interim Application.  The Fourth Interim

Application and the Fourth U.S. Trustee Objection came before this Court for hearing on December 17, 2013. Prior to the hearing, Bradley Arant and the U.S. Trustee reached an agreement resolving the Fourth U.S. Trustee Objection as it pertained to the Fourth Interim Application. At the hearing, the Court ruled that additional reductions to Bradley Arant's fees request should be made. On December 26, 2013, the Court entered its order [Dkt. No. 6193] allowing Bradley Arant's fees in the reduced amount of $719,297.96 and its expenses in the reduced amount of $68,505.76.

### C.   <u>Bradley Arant's Fees and Expenses Incurred During the Fifth Interim Period</u>

18.   On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Dkt. No. 797]. Pursuant to the terms of the Interim Compensation Order, Bradley Arant, among others, was authorized to submit monthly fee applications to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

19.   Bradley Arant seeks compensation for professional services rendered during the Fifth Interim Period in the aggregate amount of $577,839.60 and reimbursement of actual, reasonable, and necessary expenses incurred during the Fifth Interim Period in the aggregate amount of $33,756.83. During the Fifth Interim Period, Bradley Arant lawyers and paraprofessionals expended a total of 2,193.10 hours for which compensation is requested.

20.   With respect to the Fifth Interim Period, Bradley Arant submitted two monthly fee applications pursuant to the Interim Compensation Order. On November 25, 2013, Bradley Arant served its thirteenth monthly fee application covering the period from September 1, 2013

through September 30, 2013 (the "**Thirteenth Monthly Fee Application**") on the Notice

Parties.   On March 17, 2014, Bradley Arant served its fourteenth monthly fee application

covering the period from October 1, 2013 through December 17, 2013 (the "**Fourteenth

Monthly Fee Application**" and, together with the Thirteenth Monthly Fee Application, the

"**Monthly Fee Applications**") on the Notice Parties.   Bradley Arant did not receive any timely

objections to the Thirteenth Monthly Fee Application, and, while the objection date for the

Fourteenth Monthly Fee Application had not passed as of the filing of this Application, Bradley

Arant has not yet received any objections to that monthly application.   Copies of the Monthly

Fee Applications (excluding the supporting invoices transmitted with them, which are omitted

for the reasons set forth below) are attached hereto as Exhibit B.

        21.     A billing summary for the Fifth Interim Period (the "**Billing Summary**"), setting

forth the name of each attorney and paraprofessional who rendered services during the Fifth

Interim Period, each attorney's year of bar admission and area of practice concentration, the

aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for

each attorney and each paraprofessional at Bradley Arant's current billing rates, and the

individual amounts requested for each professional, is attached hereto as Exhibit C.   The hourly

compensation requested by Bradley Arant is based on the customary compensation charged by

comparably skilled practitioners in other similar cases under the Bankruptcy Code.

        22.     In her responses to Bradley Arant's prior fee applications, the U.S. Trustee has

objected to the allowance of any compensation for the work performed by attorneys and

paraprofessionals of Bradley Arant who billed five hours or less on the Debtors' matters during

the applicable application period.   The Billing Summary reflects that certain attorneys and

paraprofessionals of Bradley Arant have billed five hours or less during the Fifth Interim Period

on the Debtors' matters.  Based upon Bradley Arant's review of the Billing Summary, the total

hours billed by such "transitory timekeepers" during the Fifth Interim Period total 53.30 hours

for which Bradley Arant requests compensation of $14,117.00.  Bradley Arant submits that the

services performed by these "transitory timekeepers" during the Fifth Interim Period was

reasonably incurred and beneficial to the Debtors and their estates and are due to be

compensated as requested without reduction.

23.    At the direction of the Debtors, and consistent with the billing arrangements

established prepetition between the Debtors and Bradley Arant, Bradley Arant maintained

hundreds of separate billing files for the hundreds of matters it handled postpetition for the

Debtors.  In accordance with the Guidelines and its internal billing procedures, Bradley Arant

categorized those matters in accordance with the project categories suggested by the U.S.

Trustee in the Guidelines.  A schedule setting forth a description of the project categories used

by Bradley Arant in this case, the billing files falling within each project category, the number of

hours expended by Bradley Arant partners, counsel, associates, and paraprofessionals by project

category, and the aggregate fees associated with each project category is attached hereto as

Exhibit D.

24.    Bradley Arant maintains computerized records of all expenses incurred in

connection with the performance of professional services.  A summary of the amounts and

categories of expenses for which reimbursement is sought is attached hereto as Exhibit E.

25.    Bradley Arant maintains computerized records of the time expended in the

rendering of the professional services required by the Debtors.  These records are maintained in

the ordinary course of Bradley Arant's practice.  Copies of Bradley Arant's invoices for fees and

expenses relating to the Fifth Interim Period were served on the Notice Parties with each of the

Monthly Fee Applications.   To simplify the review of Bradley Arant's time records for the scores of separate matters it handled for the Debtors during the Fifth Interim Period,[4] Bradley Arant has taken the invoices that were attached to the Monthly Fee Applications and re-printed them in a more condensed format compliant with the Guidelines.   Bradley Arant then organized these re-formatted invoices by client-matter, so that all the monthly invoices for a given matter are grouped together, rather than being dispersed among the Monthly Fee Applications submissions.[5]   Bradley Arant's re-formatted time and expense records organized by billing matter for the Fifth Interim Period are attached hereto collectively as Exhibit F (the "**Supporting Invoices**").

### D.    Description of Services Provided by Bradley Arant During the Fifth Interim Period

26.    In general, Bradley Arant has provided the following services to or on behalf of the Debtors during the Fifth Interim Period:

(a)    represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services (except for Ally Financial, Inc. and Ally Bank) in existing or future litigation concerning claims related to mortgage loans and related servicing practices brought by borrowers against the Debtors and/or such investors primarily, but not exclusively, within the jurisdictions of Alabama, Florida, Kentucky, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, and Texas;

---

[4] At the December 20, 2012 hearing on the Bradley Arant's First Interim Application, the Court commented about the difficulty it encountered when reviewing the Bradley Arant's voluminous time records for the hundreds of matters handled by Bradley Arant for the Debtors.   The Court asked Bradley Arant to confer with the U.S. Trustee about how Bradley Arant could better and more succinctly present its billing records to the Court for review.   Bradley Arant and the U.S. Trustee spoke after that hearing about changes that Bradley Arant could make to its future fee applications to better satisfy both the requirements set forth in the Guidelines and the Debtors' own internal billing procedures.   Bradley Arant has endeavored throughout these chapter 11 cases to address the Court's concerns by making the changes discussed herein.

[5] For example, for each litigation matter Bradley Arant handled for the Debtors, Bradley Arant has grouped the September 2013 invoice and the consolidated October-December 2013 invoice for that matter together so the Court and the U.S. Trustee can readily review the work performed by Bradley Arant during the Fifth Interim Period on each specific matter.

    (b)      represent the Debtors and/or the investors for which the Debtors provided servicing or sub-servicing services (except for Ally Financial, Inc. and Ally Bank) in litigation relating to the Debtors' mortgage servicing operations;

    (c)      represent the Debtors in both litigation and pre-litigation matters involving state and federal regulatory inquiries, title insurance, pooling and servicing agreements, loan repurchase demands, servicing matters, and settlement services issues;

    (d)      advise the Debtors regarding the performance and satisfaction of their obligations under and in compliance with (i) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012 (the "Consent Judgment"), and (ii) all related agreements with the Debtors; and

    (e)      advise the Debtors regarding compliance with various federal, state, and local laws, statutes, regulations, orders, and similar restrictions regarding the operation of the Debtors' businesses and the performance of their obligations under their servicing, sub-servicing, and related contracts and agreements.

27.     The following is a summary of the most significant professional services rendered by Bradley Arant during the Fifth Interim Period organized by project categories suggested by the U.S. Trustee in the Guidelines:

    (a)      <u>Litigation (Hourly Rate Matters): Fees -- $186,006.50; Total Hours – 707.60.</u>  During the Fifth Interim Period, Bradley Arant has represented the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services (except for Ally Financial, Inc. and Ally Bank) in approximately 101 litigation and pre-litigation matters concerning claims related to mortgage loans and related servicing practices for which Bradley Arant is to be compensated on an hourly rate basis.  In these matters, Bradley Arant has performed a broad range of litigation services, including reviewing and responding to complaints and lawsuits, preparing and advocating motions to dismiss and for summary judgment, developing case strategy, engaging in discovery, evaluating the impact of the Debtors' bankruptcy on the various litigation matters, evaluating potential risk and exposure, assessing and pursuing settlement opportunities, and appearing in court to advocate and defend the interests of the Debtors in these matters.  During the Fifth Interim Period, the average amount of billable fees incurred on these matters is approximately $1,841.65 per matter, with the maximum amount of billable fees incurred on any one case during the Fifth Interim Period being $18,827.40.  Bradley Arant's time records for

these hourly-rate litigation matters are included in <u>Exhibit F</u> attached hereto.

(b)    <u>Business Operations / Compliance: Fees -- $385,514.40; Total Hours – 1,469.40.</u>  During the Fifth Interim Period, Bradley Arant has advised the Debtors on a host of matters, many of which involve confidential or sensitive information, regarding the Debtors' ongoing operation of its residential mortgage servicing business.  Bradley Arant has continued to advise the Debtors regarding their compliance obligations under various federal and state laws and regulations, as well as with respect to their obligations under the Consent Order, the Consent Judgment, and related agreements.  Bradley Arant has aided the Debtors in the review, revision, and implementation of policies and procedures intended to assist the Debtors in efficiently performing their duties under the the Consent Judgment, the National Mortgage Settlement, and related agreements, as well as otherwise applicable laws and regulations.  Bradley Arant has represented the Debtors' interests with respect to various inquiries, proceedings, and investigations initiated by various federal and state agencies that assert regulatory authority over the Debtors' operations and have communicated regularly with representatives of such agencies regarding such matters and the potential resolution of the same.  The Debtors frequently consult with Bradley Arant regarding various pre-litigation disputes or issues that arise with respect to specific loan files.  Bradley Arant has also advised the Debtors on compliance and transition issues arising from or relating to the sales of the Debtors' mortgage servicing business which closed post-petition.  Bradley Arant's time records for these business operations and compliance matters are included in <u>Exhibit F</u> attached hereto.

(c)    <u>Fee/Employment Applications: Fees -- $6,318.70; Total Hours – 16.10.</u>  During the Fifth Interim Period, Bradley Arant prepared and filed the Fourth Interim Application, prepared for and attended the hearing thereon, and assisted with the preparation and revision of the proposed order approving such application.  Bradley Arant's time records for its work on retention and fee application matters during the Fifth Interim Period are included in <u>Exhibit F</u>.  Bradley Arant's fees and expenses relating to this project category represent approximately 1.0% of the total fees and expenses requested by Bradley Arant pursuant to this Application.  In addition to the foregoing, Bradley Arant responded to limited objections raised by the U.S. Trustee and researched issues relating to such objections, negotiated successfully with the U.S. Trustee to resolve her limited objections to the Fourth Interim Application, and prepared the Monthly Fee Applications and the exhibits thereto in accordance with the terms of the Guidelines and the Interim Compensation Order.  Bradley Arant has written off substantial time entries devoted to the tasks described in the immediately preceding sentence which, pursuant to the Guidelines and the Court's statements at prior hearings in the Chapter 11

17

Cases, Bradley Arant understands are not compensable within this District.

28.    The foregoing descriptions of services rendered by Bradley Arant in specific areas are not intended to be exhaustive of the scope of Bradley Arant's activities in the Chapter 11 Cases.  The time records attached hereto as Exhibit F present more completely the work performed by Bradley Arant in each billing category during the Fifth Interim Period.

## DETERMINATION OF BRADLEY ARANT'S REQUESTED FEE

A.    **Basis for Fee Request with Respect to Alternative Billing Arrangement Matters**.

29.    In the Retention Application, the Debtors proposed to compensate Bradley Arant for its work done on the Alternative Billing Arrangement Matters pursuant to the Alternative Billing Arrangement, in accordance with Bankruptcy Code section 328(a) and subject to Bankruptcy Court approval of such compensation.

30.    In the Retention Order, this Court approved the Debtors' engagement of Bradley Arant pursuant to the terms of the Alternative Billing Arrangement and Bankruptcy Code section 328(a); however, the Retention Order provided that "notwithstanding the terms and conditions of the Alternative Billing Arrangement, the Court may allow compensation different than that provided thereunder if the terms and conditions of the Alternative Billing Arrangement prove to have been improvident in light of developments not capable of being anticipated as of the date of [the Retention Order]."  *See* Retention Order, ¶ 3.

31.    From the Petition Date through December 31, 2012, Bradley Arant billed its work on the Alternative Fee Arrangement Matters in accordance with the Alternative Fee Arrangement.  In its First Interim Fee Application and its Second Interim Fee Application, Bradley Arant requested pursuant to Bankruptcy Code section 328(a) compensation for its work

performed on the Alternative Fee Arrangement Matters in accordance with the Alternative Fee Arrangement, and the Court approved such requests on an interim basis.

32.    Bradley Arant has no knowledge of the occurrence of any developments since the entry of the Retention Order that were not capable of being anticipated as of such date that might cause the Court or any other person to conclude that the terms and conditions of the Alternative Billing Arrangement were or have been improvident.

33.    In accordance with Bankruptcy Code section 328(a), the Retention Order, and the Alternative Billing Arrangement, Bradley Arant submits that its request for compensation on account of Alternative Billing Arrangement Matters be approved by the Court on the terms set forth in the Alternative Billing Arrangement.

B.    **Basis for Fee and Expense Request with Respect to Matters Other Than Alternative Billing Arrangement Matters**.

34.    The majority of Bradley Arant's request for compensation and reimbursement in this Application is for work performed at hourly-rate billing on matters other than the Alternative Billing Arrangement Matters.  In seeking compensation for work performed on those matters, Bradley Arant applied its 2012 hourly rate structure for the period from May 14, 2012 through December 31, 2012 and its 2013 hourly rate structure for the period from January 1, 2013 through December 17, 2013.  For purposes of this Application, Bradley Arant has calculated its request for compensation on these hourly-rate matters by multiplying (a) the hours spent on services rendered on behalf of the Debtors and (b) the applicable hourly rate assigned to each attorney or professional rendering such services.

35.    Bradley Arant's fees and expenses during the Fifth Interim Period and the Prior Applications Period are reasonable under the prevailing legal standard and are due to be allowed.

Bankruptcy Code section 330(a) provides that a court may award professionals "reasonable compensation for actual, necessary services rendered … and reimbursement for actual necessary expenses."  In determining the amount of "reasonable compensation," the Court should consider the nature, extent and value of the services, taking into account all relevant factors, including (a) the time spent on such services, (b) the rates charged for such services, (c) whether the services were necessary and beneficial, (d) whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners other than cases under the Bankruptcy Code.  11 U.S.C. § 330(a)(3); In re Kohl, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009).

36.    When evaluating the reasonableness of attorneys' fees under Bankruptcy Code section 330(a), the Second Circuit Court of Appeals and bankruptcy courts in this district typically use the "lodestar" method, which is a determination as to the number of hours of service reasonably devoted to the case multiplied by the attorneys' reasonable rates.  In re Masterwear Corp., 233 B.R. 266, 277 (Bankr. S.D.N.Y. 1999).

37.    When applying the lodestar approach, courts in this district look to the factors set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974).  See Kohl, 421 B.R. at 131) (after calculating the initial lodestar amount, "courts then examine whether any adjustment is necessary, looking to … [the] twelve factors identified by the Fifth Circuit in Johnson …").  Those factors are: (a) the time and labor required; (b) the novelty and difficulty of the questions; (c) the skill requisite to perform the legal service properly; (d) the preclusion of other employment by the attorney due to acceptance of the case; (e) the customary fee; (f) whether the fee is fixed or contingent; (g) the time limitations imposed by the client or the

circumstances; (h) the amount involved and the results obtained; (i) the experience, reputation and ability of the attorneys; (j) the "undesirability" of the case; (k) the nature and length of the professional relationship with the client; and (l) awards in similar cases. Johnson, 488 F.2d at 717-19.

38.    In awarding attorneys' fees, court also consider whether the services rendered were reasonably likely to benefit the debtor's estate. In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996), *rev'd on other grounds,* Lamie v. United States Trustee, 540 U.S. 526 (2004).

39.    In consideration of the foregoing factors cited in Johnson, and in recognition of the benefit conferred upon the Debtors' estates by the services performed by Bradley Arant, the compensation requested by Bradley Arant in this Application is fair and reasonable and is due to be allowed.

## NO IMPERMISSIBLE SHARING OF COMPENSATION

40.    Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure, there is no agreement or understanding between Bradley Arant and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

## CONCLUSION

41.    Bradley Arant believes that the services rendered during the Application Period (including without limitation the Fifth Interim Period) on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330 and that the expenses requested were actual and necessary to the performance of Bradley Arant's services.

42.    Bradley Arant therefore requests an order (a) approving final compensation in the amount of $11,959,869.89 for professional services rendered and final reimbursement of

expenses in the amount of $613,918.47, with such total amounts consisting of (i) $577,839.60 for compensation for professional services rendered during the Fifth Interim Period and $33,756.83 for reimbursement of actual, reasonable, and necessary expenses incurred during the Fifth Interim Period; and (ii) $11,382,030.29 for compensation for professional services rendered during the Prior Applications Period and $580,161.64 for reimbursement of actual, reasonable, and necessary expenses incurred during the Prior Applications Period; (ii) authorizing and directing the prompt payment of all amounts duly approved by this Court pursuant to this Application, to the extent not previously paid; and (iii) granting such other and further relief as may be just and proper.

Dated:  February 28, 2014

_/s/ Jay R. Bender_
Robert W. Maddox, Esq.
Jay R. Bender, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, Alabama  35203
Phone:  (205) 521-8000
Fax:  (205) 521-8800

*Special Litigation and Compliance Counsel*
*for the Debtors*