Hearing Date: To be Determined
Objection Deadline: To be Determined

DORSEY & WHITNEY LLP
50 SOUTH SIXTH STREET, SUITE 1500
MINNEAPOLIS MN 55402-1498
PHONE: 612-340-2600

*Special Securitization and Investigatory Counsel
to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re:                                              )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,     )        Chapter 11
)
Debtors.     )        Jointly Administered
)
---------------------------------------------------------------------

**FIFTH INTERIM AND FINAL FEE APPLICATION OF DORSEY & WHITNEY LLP
AS SPECIAL SECURITIZATION AND INVESTIGATORY
COUNSEL FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM
MAY 14, 2012 THROUGH DECEMBER 17, 2013**

| | |
|---|---|
| Name of Applicant: | Dorsey & Whitney LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al.* (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 27, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Fifth Interim Fee Application Period | September 1, 2013 through December 17, 2013 |
| Retention Period: | May 14, 2012 through December 17, 2013 |
| Interim Fees Requested: | $38,782.35 |
| Final Fees Requested: | $812,063.65 |

Interim Expenses Requested:                    $240.60
Final Expenses Requested:                      $5,480.03

Total Requested[1]                             $817,543.68

Fees:                                          $812,063.65
Expenses:                                      $5,480.03

Prior Fee Applications:

Fees Previously Requested:                     $780,927.18
Fees Previously Awarded:                       $773,281.30
Expenses Previously Requested:                 $5,239.43
Expenses Previously Awarded:                   $5,239.43

This is a  ____  interim __x__ final application.
This is the fifth interim and final fee application by Dorsey & Whitney LLP.

<u>Prior Fee Applications</u>

| Date Filed | Period Covered | Requested Fees, Expenses | Fees and Expenses Allowed |
|---|---|---|---|
| 10/19/2012 (Dkt. No. 1872) | 5/14/2012 – 8/31/2012 | $412,188.83 (fees) $3,448.68 (expenses) | $411,015.33 (fees) $3,448.68 (expenses) |
| 3/13/2013 (Dkt. No. 3153) | 9/1/2012 – 12/31/2012 | $157,027.75 (fees) $125.78 (expenses) | $156,877.45 (fees) $125.78 (expenses) |
| 7/21/2013 (Dkt. No. 4420) | 1/1/2013 – 4/30/2013 | $88,902.90 (fees) $288.00 (expenses) | $85,602.90 (fees) $288.00 (expenses) |
| 11/15/2013 (Dkt. No. 5793) | 5/1/2013 – 8/31/2013 | $122,807.18 (fees) $1,376.97 (expenses) | $119,785.62 (fees) $1,376.97 (expenses) |

---

[1] This Application does not include additional fees and expenses incurred after December 17, 2013 (the "**Effective Date**").  The Applicant will seek payment of fees and expenses incurred after the Effective Date in from the Reorganized Debtors in the normal course of business.

**Summary of Monthly Applications for Fifth Interim Fee Period:**

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | 80% of Fees Requested | Fees Paid[2] | Expenses Paid | Holdback[3] |
|---|---|---|---|---|---|---|---|
| 10/17/2013 | 09/01/2013 – 09/30/2013 | $14,444.55 | $0.00 | $11,555.64 | $4,008.24 | $0 | $2,888.91 |
| 11/20/2013 | 10/01/2013 – 10/31/2013 | $16,200.00 | $2.00 | $12,960.00 | $3,685.68 | $0 | $3,240.00 |
| 12/20/2013 | 11/01/2013 – 11/30/2013 | $6,007.95 | $238.60 | $4,806.36 | $2,545.56 | $0 | $1,201.59 |
| 01/16/2014 | 12/01/2013 – 12/17/2013 | $2,129.85 | $0.00 | $1,703.88 | $0 | $0 | $425.97 |
| **TOTAL** | 09/01/2013 – 12/17/2013 | $38,782.35 | $240.60 | $31,025.88 | $10,239.48 | $0 | $7,756.47 |

---

[2] Reflects fees paid as of February 25, 2014.

[3] Amounts reflected in Holdback column reflect a 20% holdback, regardless of amounts actually received.

Hearing Date: To be Determined
Objection Deadline: To be Determined

DORSEY & WHITNEY LLP
50 SOUTH SIXTH STREET, SUITE 1500
MINNEAPOLIS MN 55402-1498
PHONE: 612-340-2600

*Special Securitization and Investigatory Counsel
to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------
                     )

 In re:                  )    Case No. 12-12020 (MG)

                     )

 RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   )    Chapter 11

                     )

          Debtors.   )    Jointly Administered

------------------------------------------------------------------------- )

**FIFTH INTERIM AND FINAL FEE APPLICATION OF DORSEY & WHITNEY LLP
AS SPECIAL SECURITIZATION AND INVESTIGATORY
COUNSEL FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM
<u>MAY 14, 2012 THROUGH DECEMBER 17, 2013</u>**

Dorsey & Whitney, LLP, as Special Securitization and Investigatory Counsel (the

"**Applicant**") to Residential Capital, LLC., *et al.*, as debtors and debtors in possession

(collectively, the "**Debtors**" and, subsequent to the Effective Date, the "**Reorganized Debtors**"),

hereby submits this fifth interim and final fee application (this "**Application**" or the "**Final Fee**

**Application**"), for:

      (a)     final allowance and approval of compensation for professional services rendered
              by the Applicant and reimbursement of the Applicant's  actual and necessary
              expenses incurred from May 14, 2012 through and including December 17, 2013
              (the "**Retention Period**"), inclusive of the period from September 1, 2013
              through December 17, 2013 (the "**Fifth Interim Fee Period**") and

(b)     payment of any and all unpaid amounts including amounts withheld in accordance
with previous orders of the Court for compensation for professional services
rendered by the Applicant during the Retention Period.

In support thereof, the Applicant respectfully represents as follows:

## PRELIMINARY STATEMENT

Applicant submits that the fees and expenses requested for final approval in this Final Fee

Application were incurred in connection with services that provided a clear benefit to the Trustee

and the Debtors' estates. Applicant further submits that this Final Fee Application, including the

time records appended hereto and previously filed as part of Applicant's fee applications,

provides sufficient detail to validate the reasonableness of the fees for which Applicant seeks

allowance. Moreover, in performing its services in these chapter 11 cases, Applicant has staffed

these matters as efficiently as possible, to the benefit of the estates.  Applicant also coordinated

with the Trustee's other retained professionals to ensure that there was no unnecessary

duplication of work.  Accordingly, Applicant submits that all of the tasks undertaken by

Applicant provided a benefit to the estates, were consistent with actions undertaken by

professionals in cases of this size and complexity, and are properly compensable.[4]

As more fully set forth below, Applicant therefore respectfully requests final allowance

of $812,063.65 for professional services rendered for and on behalf of the Debtors during the

Retention Period, and $5,480.03 for reimbursement of actual and necessary costs and expenses

incurred in connection with the rendering of such services, for a total award of $817,543.68. The

---

[4] As a starting point in assessing the overall reasonableness of Applicant's fee request, Applicant notes that,
in addition to the standard 10% write-down on fees, it voluntarily provided significant write-offs prior to billing the
Debtors, further agreed to a reduction of fees in the amount of $4,365.88 based on objections filed by the United
States Trustee (the "**U.S. Trustee**"), and reduced fees in the further amount of $3,300.00 as a result of Court ordered
resolutions of objections.  Applicant submits that the reasonableness of the fees and expenses set for final approval
pursuant to this Final Fee Application must be analyzed against this factual backdrop, which demonstrates the care
Applicant has exhibited in its billing practices and preparation of its fee applications.

amount requested for final approval reflects the substantial discounts in fees and expenses

provided by Applicant as set forth above.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408

and 1409.

2.        The statutory bases for the relief requested herein are sections 328, 330 and 331

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the

United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

This Application has been prepared in accordance with the *Amended Guidelines for Fees and*

*Disbursements for Professionals in Southern District of New York Bankruptcy Case*, General

Order M-447, effective as of February 5, 2013, (the "**Local Guidelines**"), the *United States*

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996  (the "**UST Guidelines**"),

and the Order to Establish Procedures for Interim Monthly Compensation and Reimbursement of

Professionals (the "**Interim Compensation Order**" [Docket No. 172], and collectively with the

Local Guidelines and the UST Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines,

a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## BACKGROUND

**A.        The Chapter 11 Cases**

3.        On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.      On May 16, 2012, the U.S. Trustee appointed a nine member official committee

of unsecured creditors (the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on July

3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

6.      On December 6, 2013, the Debtors filed a Notice of Filing of (I) Revised Second

Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, Et Al. and the Official

Committee of Unsecured Creditors and (II) Blackline of Changed Pages in Revised Second

Amended Joint Chapter 11 Plan [Dkt. No. 6030].

7.      On December 11, 2013 this Court entered an Order Confirming Second Amended

Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee

of Unsecured Creditors confirming the Plan [Dkt. No. 6065].

8.      On December 17, 2013, the Debtors filed a Notice of Entry of Confirmation

Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital,

LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective

Date, notifying all parties in interest that the Effective Date occurred on December 17, 2013 (the

"**Effective Date Notice**") [Dkt. No. 6137].

B.      **Applicant's Retention and Interim Compensation**

9.      On June 26, 2012, the Applicant filed Application to Employ Dorsey & Whitney

LLP as Special Securitization and Investigatory Counsel to the Debtors / Debtors' Application

Under 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for

4

Authorization to Employ and Retain Dorsey & Whitney LLP as Special Securitization and

Investigatory Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012 (the "**Retention**

**Application**") [Docket No. 509].  On July 27, 2012, the Court entered the Order Under Section

327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing

the Employment and Retention of Dorsey & Whitney as Special Securitization and Investigatory

Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012 [Docket No. 929], approving

Applicant's retention.  The Retention Application sets forth the terms and conditions of

employment and compensation, the source of compensation, and other limitations on fees.

**C.      Summary of Professional Compensation and Reimbursement of Expenses Requested**

10.     On July 17, 2012, the Court entered the *Order Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim**

**Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation

Order, Applicant, among others, is authorized to file and submit monthly fee statements to the

Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc.,

counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice**

**Parties**").

11.     On October 19, 2012, Applicant filed its First Interim Application of Dorsey &

Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for

Compensation and Reimbursement of Expenses Incurred for the Period of May 14, 2012 through

August 31, 2012, seeking payment and allowance of compensation in the amount of $412,188.83

and interim reimbursement of expenses in the amount of $5,105.22 (the "**First Fee**

**Application**") [Docket No. 1872].  On November 29, 2012, Applicant filed its Supplement to

First Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory

Counsel for the Debtors and Compensation and Reimbursement of Expenses Incurred for the

Period May 14, 2012 through August 31, 2012, reducing the requested expenses to the amount

of $3,448.68 [Docket No. 2301].  On December 7, 2012, the United States Trustee filed an

Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim

Compensation and Reimbursement of Expenses, objecting to, *inter alia*, certain fees and

expenses of the Applicant [Docket No. 2361].  On December 18, 2012, the Applicant filed the

Response of Dorsey & Whitney LLP to Omnibus Objection of the United States Trustee

Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses,

evidencing the agreement reached between the Applicant and the U.S. Trustee to reduce its

requested compensation to the amount of $411,015.33 and expenses to the amount of $3,448.68

[Docket No. 2442].  On December 28, 2012 the Court entered an order awarding, *inter alia*, the

Applicant fees in the amount of $411,015.33 and expenses in the amount of $3,448.68 (the

"**First Fee Order**") [Docket No. 2530].

12.    On March 13, 2013, Applicant filed its Second Interim Application of Dorsey &

Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for

Compensation and Reimbursement of Expenses Incurred for the Period of September 1, 2012

through December 31, 2012, seeking payment and allowance of compensation in the amount of

$157,027.75 and interim reimbursement of expenses in the amount of $125.78 (the "**Second Fee

Application**") [Docket No. 3153].  On March 25, 2013, the United States Trustee filed an

Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim

Compensation and Reimbursement of Expenses, objecting to, *inter alia*, certain fees and

expenses of the Applicant [Docket No. 3310].  On April 3, 2013, the United States Trustee and

the Applicant reached an agreement to allow fees in the amount of $156,877.45 and expenses in

6

the amount of $125.78.  On April 11, 2013, the Court held a hearing in which it considered the

parties' Second Interim Application.  On April 29, 2013 the Court entered an order awarding,

*inter alia*, the Applicant fees in the amount of $156,877.45 and expenses in the amount of

$125.78 (the "**Second Fee Order**") [Docket No. 3556].

13.      On July 31, 2013, Applicant filed its Third Interim Application of Dorsey &

Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for

Compensation and Reimbursement of Expenses Incurred for the Period of January 1, 2013

through April 30, 2013, seeking payment and allowance of compensation in the amount of

$88,902.90 and interim reimbursement of expenses in the amount of $288.90  (the "**Third Fee

Application**") [Docket No. 4420].  On August 28, 2013, the United States Trustee filed an

Omnibus Objection of the United States Trustee Regarding Fee Applications for Third Interim

Compensation and Reimbursement of Expenses, but did not object to any fees or expenses of the

Applicant [Docket No. 4869].  On September 11, 2013, the Court held a hearing in which it

considered the parties' Third Interim Application.  On September 25, 2013 the Court entered an

order awarding, *inter alia*, the Applicant fees in the amount of $85,602.90[5] and expenses in the

amount of $288.90 (the "**Third Fee Order**") [Docket No. 5205].

14.      On November 15, 2013, Applicant filed its Fourth Interim Application of Dorsey

& Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for

Compensation and Reimbursement of Expenses Incurred for the Period of May 1, 2013 through

August 31, 2013, seeking payment and allowance of compensation in the amount of $122,807.70

and interim reimbursement of expenses in the amount of $1,376.97  (the "**Fourth Fee

Application**" [Docket No. 5793], and together with the First Fee Application, the Second Fee

---

[5] The reduction in fee amount is a result of the Court's *sua sponte* objection to certain of Applicant's fees.

7

Application and the Third Fee Application, the "**Fee Applications**").  On December 9, 2013, the

United States Trustee filed an Omnibus Objection of the United States Trustee Regarding Fee

Applications for Fourth Interim Compensation and Reimbursement of Expenses, objecting to,

*inter alia*, certain fees and expenses of the Applicant [Docket No. 6047].  On December 16,

2013, the United States Trustee and the Applicant reached an agreement to allow fees in the

amount of $119,785.62 and expenses in the amount of $1,376.97.  On December 17, 2013, the

Court held a hearing in which it considered the parties' Fourth Interim Application.  On

December 26, 2013 the Court entered an order awarding, *inter alia*, the Applicant fees in the

amount of $119,785.62 and expenses in the amount of $1,376.97 (the "**Fourth Fee Order**"

[Docket No. 6193], and together with the First Fee Order, the Second Fee Order and the Third

Fee Order, the "**Fee Orders**").

### D.      Summary of Professional Services Rendered During the Retention Period.

15.      By this Application, the Applicant seeks allowance of interim compensation for

professionals services rendered to the Debtors during the Fifth Interim Fee Period in the

aggregate amount of $38,782.75 and reimbursement of actual, necessary and reasonable out-of-

pocket expenses in the amount of $240.00.  The Applicant also seeks allowance, on a final basis,

of compensation for professional services rendered to the Debtors during the Retention Period

in the aggregate amount of $812,063.65 and reimbursement of actual, necessary and reasonable

out-of-pocket expenses in the amount of $5,480.03.  During the Retention Period, the Applicant

attorneys and paraprofessionals invested a total of 2,625.80 hours for which compensation is

requested.

16.      On October 17, 2013, Applicant served its fifteenth monthly fee statement

covering the period from September 1, 2013 through September 30, 2013 (the "**Fifteenth**

**Monthly Fee Statement**") on the Notice Parties.  On November 20, 2013, Applicant served its sixteenth monthly fee statement covering the period from October 1, 2013 through October 31, 2013 (the "**Sixteenth Monthly Fee Statement**") on the Notice Parties.  On December 20, 2013, Applicant served its seventeenth monthly fee statement covering the period from November 1, 2013 through November 30, 2013 (the "**Seventeenth Monthly Fee Statement**") on the Notice Parties.  On January 16, 2014, Applicant served its eighteenth monthly fee statement covering the period from December 1, 2013 through December 17, 2013 (the "**Eighteenth Monthly Fee Statement**" and together with the Fifteenth Monthly Fee Statement, the Sixteenth Monthly Fee Statement and the Seventeenth Monthly Fee Statement, the "**Monthly Fee Statements**") on the Notice Parties.

17.    The Effective Date Notice established March 3, 2014 as the deadline to file final fee applications.

18.    A schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Fifth Interim Application Period and for the Retention Period, is attached hereto as <u>Exhibit B</u>.

19.    Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors.  These records are maintained in the ordinary course of Applicant's practice.  For the convenience of this Court and all parties in interest, attached hereto as <u>Exhibit C</u> is a billing summary for the Fifth Interim Application Period and for the Retention Period, setting forth the name of each attorney who rendered services during the Retention Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney, the hourly billing rate for each attorney at Applicant's current billing rates, and the individual amounts requested for each

professional.  The compensation requested by Applicant is based on the customary compensation

charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

20.    Applicant also maintains computerized records of all expenses incurred in

connection with the performance of professional services.  A summary of the amounts and

categories of expenses for which reimbursement is sought for the Fifth Interim Application

Period and the Retention Period is attached hereto as Exhibit D.

21.    Copies of Applicant's computerized records of fees and expense, for the Fifth

Interim Application Period,[6] in the format specified by the Guidelines have been served on the

Notice Parties with each of the Monthly Fee Statements and are attached hereto as Exhibit E.

22.    There is no agreement or understanding between Applicant and any other person,

other than partners of the firm, for the sharing of compensation to be received for services

rendered in the Chapter 11 Cases.

23.    The Monthly Fee Statements submitted by Applicant are subject to a 20%

holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The

aggregate amount of Applicant's holdback during the Fifth Interim Application Period is

$7,756.47, which amount reflects 20% of the total requested fees (the "**Fifth Application**

**Holdback**").  The aggregate amount of Applicant's holdbacks for the entirety of the Retention

Period is $28,295.32, which amount reflects 10% of the total requested fees under the Third Fee

Application and the Fourth Fee Application and the Fifth Application Holdback.  Applicant

respectfully requests, in connection with the relief requested herein, that the Court allow these

---

[6] A copy of the computerized records for fees and expenses for the remainder of the Retention Period have been attached to the Fee Applications previously submitted to the Court.  *See* Dkt. Nos. 1872, 3153, 4420 & 5793. In connection with the Fourth Fee Application, in response to the U.S. Trustee's objection, the Applicant supplied him with revised invoices that provided additional detail for vague time entries.  A copy of these revised time entries are attached hereto as Exhibit F.

holdback in the total amount of $28,295.32 on a final basis pursuant to sections 330 and 331 of

the Bankruptcy Code.

### E.    Summary of Professional Services Rendered During the Fifth Interim Fee Period and the Retention Period.

24.    In general, Applicant has represented the Debtors in connection with the

following aspects of the Chapter 11 Cases:

(a)    Applicant has provided litigation support both for matters that have been stayed by the automatic stay and for certain actions commenced by government agencies which have not been stayed.  Applicant has also assisted the Debtors with ongoing securitization issues.

Set forth below is a listing of work performed by the Applicant by matter:

| Matter Description | Total Fifth Interim Fee Period Billed Hours | Total Fifth Interim Fee Period Compensation[7] | Total Retention Period Billed Hours | Total Retention Period Compensation[8] |
|---|---|---|---|---|
| Residential Capital, LLC / ResCap Treasury General | 7.60 | $2,930.40 | 171.30 | $52,003.35 |
| Residential Capital, LLC / Business Lending Workout Matters | 39.40 | $17,168.85 | 561.60 | $224,623.35 |
| Residential Capital, LLC / Dealer Regulatory Advice | 0 | 0 | 34.60 | $10,948.50 |
| Residential Capital, LLC / FDIC Subpoena | 2.20 | $465.30 | 12.20 | $4,402.80 |
| Residential Capital, LLC / City of Atlanta re Barb Wendt | 11.80 | $6,788.70 | 15.60 | $9,131.40 |
| Residential Capital, LLC / Subpoena re Sanchez, Lopez | 0 | 0 | 6.20 | $2,971.80 |
| Residential Funding Company, LLC / Secondment of Associate | 0 | 0 | 665.00 | $135,129.03 |
| Residential Funding Company, LLC / Subpoena Assistance & | 5.40 | $2,608.20 | 5.40 | $1,304.10 |

---

[7] All fees listed are after application of a 10 percent discount.

[8] Amounts listed here reflect previous amounts set forth in the Fee Applications and do not reflect reductions in fees as a result of settlement of U.S. Trustee objections or reductions of fees made by the Court.

| Matter Description | Total Fifth Interim Fee Period Billed Hours | Total Fifth Interim Fee Period Compensation[7] | Total Retention Period Billed Hours | Total Retention Period Compensation[8] |
|---|---|---|---|---|
| General Legal Advice | | | | |
| Residential Funding Company, LLC / Allstate Insurance | 0 | 0 | 29.50 | $9,795.15 |
| Residential Funding Company, LLC / Huntington Bancshares Inc. | 5.00 | $2,030.85 | 97.20 | $39,847.05 |
| Residential Funding Company, LLC / 1941 Stichting Pensioenfonds ABP | 11.50 | $6,282.45 | 230.60 | $89,125.20 |
| Residential Funding Company, LLC / SIGTARP | 0 | 0 | 3.50 | $916.65 |
| Residential Funding Company, LLC / Securities and Exchange Commission – Los Angeles | 0 | 0 | 552.20 | $157,018.95 |
| Residential Funding Company, LLC / Securities and Exchange Commission – Denver | 0 | 0 | 30.10 | $11,788.65 |
| Residential Funding Company, LLC / Department of Justice | 0 | 0 | 45.90 | $10,575.90 |
| Residential Funding Company, LLC / John Hancock Life Insurance Company, et al. | 3.30 | $1,811.70 | 133.60 | $45,979.65 |
| Victor Hugo | 0 | 0 | 0.90 | $494.10 |
| Navigate Advantage | 0 | 0 | 10.60 | $3,999.15 |
| Jesse Martin re Subpoena Issue | 0 | 0 | 19.80 | $9,655.20 |
| **Total for all matters** | **86.20** | **$38,782.35** | **2,625.80** | **$819,709.98** |

25.     To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Fifth Interim Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 Cases.  The following is a summary of the most significant professional services rendered by Applicant during the Fifth Interim Fee Period and the Retention Period organized in accordance with Applicant's internal system of task codes:

(a)     **Asset Analysis and Recovery, Task Code 1.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $7,231.95 | Fees:  $0 |
| Total Hours: 21.20 | Hours:  0 |

26.     During the Retention Period, Applicant  (i) conducted research and corresponded with Debtors and counsel regarding security interests in various of Debtors' assets; (ii) researched and drafted a memoranda regarding Ginnie Mae release of liens; (iii) located documents responsive to discovery and communicated with counsel regarding same; and (iv) reviewed files and corresponded with Debtors regarding liquidation of Viaduct and Flume and initial funding facility and drafted letter requesting turnover of excess proceeds.

(b)     **Asset Disposition/Sales, Task Code 2.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $619.20 | Fees:  0 |
| Total Hours: 2.00 | Hours:  0 |

27.     During the Retention Period, Applicant compiled documentation for Viaduct and Flume and communicated with Debtors regarding asset sales.

(c)     **Business Operations and Advice, Task Code 3.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $15,423.30 | Fees:  $637.65 |
| Total Hours: 47.90 | Hours:  1.30 |

28.     During the Fifth Interim Fee Period, Applicant corresponded with the Debtors regarding guarantor liability.

29.     During the Retention Period, Applicant (i) communicated with counsel and conducted research regarding (a) sale of securities, (b) deficiencies and (c) broker dealer issues;

(ii) drafted and reviewed (a) notices of termination of control agreements, (b) direction letters, (c) acknowledgement letters and (d) side letters, (iii) anticipated protest and strategy for Debtors' response to potential protest; and (iv) reviewed reporting compliance, loan sales, issues related to collateral sales and refinancing of indebtedness and third priority lien status.

(d)    **Case Administration, Task Code 4.**

|  | Retention Period: | Fifth Interim Fee Period: |
|---|---|---|
|  | Total Fees: $22,632.75 | Fees:  $6,658.20 |
|  | Total Hours: 46.60 | Hours:  10.80 |

30.    During the Fifth Interim Fee Period, Applicant (i) reviewed (a) lenders subpoena, (b) documents regarding sale of Atlanta property and (c) B. Wendt criminal citation; and (ii) corresponded with Debtors regarding same.

31.    During the Retention Period, Applicant (i) communicated with debtor and counsel regarding (a) legal update, and (b) Creditors' Committee challenge to liens of Junior Secured Noteholders; (ii) drafted side letter and communicated with counsel regarding obligation to post financials; (iii) reviewed articles regarding FIRREA and documents for production; and (vi) prepared for depositions.

(e)    **Fee and Employment Applications, Task Code 7.**

|  | Retention Period: | Fifth Interim Fee Period: |
|---|---|---|
|  | Total Fees: $15,826.95 | Fees:  $0 |
|  | Total Hours: 62.40 | Hours:  0 |

32.    During the Retention Period, Applicant drafted and filed its First, Second and Third Fee Applications.[9]

---

[9] Applicant wrote-off all time in connection with preparation of the Fourth Fee Application and the Final Fee Application.

    (f)    **Fee and Employment Objections, Task Code 8.**

Retention Period:        Fifth Interim Fee Period:

Total Fees: $5,617.80    Fees:  0

Total Hours: 19.60    Hours:  0

33.    During the Retention Period, Applicant responded to and attended hearing regarding objection of U.S. Trustee to fee applications.

    (g)    **Financing, Task Code 9.**

Retention Period:        Fifth Interim Fee Period:

Total Fees: $196.20    Fees:  0

Total Hours: 0.40    Hours:  0

34.    During the Retention Period, Applicant reviewed membership interest questions and corresponded with counsel regarding same.

    (h)    **Plan, Disclosure Statement and Confirmation Matters, Task Code 10.**

Retention Period:        Fifth Interim Fee Period:

Total Fees: $198.00    Fees:  $0

Total Hours: 0.50    Hours:  0

35.    During the Retention Period, Applicant reviewed notice of disclosure statement hearing.

    (i)    **Plan Supplement Documents, Task Code 11.**

Retention Period:        Fifth Interim Fee Period:

Total Fees: $1,125.00    Fees:  0

Total Hours: 4.40    Hours:  0

36.    During the Retention Period, Applicant (i) reviewed settlement and plan support agreement and (ii) collected documents for production to Creditors' Committee.

15

      (j)     **Relief from Stay Proceedings, Task Code 12.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $392.40 | Fees:  $0 |
| Total Hours: 0.80 | Hours:  0 |

37.     During the Retention Period, Applicant drafted a letter regarding withholding proceeding.

      (k)     **PLS Litigation, Task Code 17**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $542,642.73 | Fees:  $27,065.70 |
| Total Hours: 1,704.50 | Hours:  58.70 |

38.    38.    During the Fifth Interim Fee Period, Applicant (i) drafted (a) second amended complaint in Hanover matter, C. MacElree verification in support of same, memorandum regarding complaint, discovery and answer to same, (b) reply to answer in Hanover matter, (c) memorandum regarding settlement, (d) Pitchersky settlement papers, (e) complaint against title insurer, (f) summary judgment motion in California action, (g) update letter to clerk of court of appeals, (h) memorandum regarding release and indemnification and (i) correspondence with defendants regarding scope of third party releases; and (ii) reviewed (a) answer to second amended complaint, (b) Pitchersky's deposition transcript, (c) motion to approve settlement, (d) documents and filings in connection with bankruptcy cases including, investor claims trust, plan confirmation, amendment to securities litigation releases and order confirming plan.

39.     During the Retention Period, Applicant drafted (i) appellate brief and reply in support of motion to dismiss; (ii) memorandum regarding discovery issues, servicer issues, settlement and general strategy; (iii) second amended complaint; (iv) tolling agreement; (v)

16

amended proofs of claim; (vi) motion to dismiss and reply in support of motion to dismiss; (vii)

writ of attachment and declaration in support of writ of attachment; (viii) memorandum

regarding status of settlement of California claims and grand jury testimony; (ix) statement of

case for appeal; and (x) appellate brief.

40.     During the Retention Period, Applicant reviewed (i) application for writ of

attachment; (ii) deposition testimony; (iii) work papers to consider claims for complaint against

PKF; (iv) bank statements; (v) deposition testimony to support alter ego claims; (vi) law

regarding choice of law in tort actions; (vii) PKF documents; (viii) preparation materials for J.

Faber; (ix) loss calculations, claims against insurer and proceedings to protect bonds.

41.     During the Retention Period, Applicant attended (i) hearing on motion to show

cause; (ii) hearing on motion to dismiss; and (iii) hearing on ex parte motion.

42.     During the Retention Period, Applicant (i) engaged in discovery and responded to

discovery requests; (ii) monitored bankruptcy filings; (iii) had fixed fee placement of B. Smith in

Residential Funding Offices; and (iv) communicated with counsel regarding various issues.

     (l)     **Litigation (Other), Task Code 18.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $12,536.55 | Fees: $2,107.80 |
| Total Hours: 40.60 | Hours: 9.40 |

43.     During the Fifth Interim Fee Period, Applicant (i) reviewed and analyzed (a) file

in Franklin County matter, (b) production in connection with Knockum matter and drafted

declaration authenticating documents in connection with same, (c) materials provided by B.

Wendt regarding FDIC subpoena, (d) Washington state criminal subpoena, and (e)

correspondence in connection with dismissal of B. Wendt citation; (ii) drafted letter to special

agent Tighe; and (iii) conferenced with Debtors and researched HAMP remedies and loan

modification.

44.    During the Retention Period, Applicant (i) drafted (a) memoranda and letter

regarding document demands, (b) response to subpoenas, (c) memoranda regarding responses to

document requests and collectability, (d) objection to abandonment, (e) reply to ex parte writ of

attachment, (f) complaint against insurer, (g) memorandum regarding auditor liability,

(h)complaint against Fidelity, (i) stipulation to lift the automatic stay and (j) notice of

bankruptcy; (ii) reviewed documents; (iii) communicated with counsel regarding bankruptcy

stay and criminal subpoenas; (iv) researched Texas law regarding depositions; (v) designed,

implemented and uploaded documents onto document management database for attorney review;

(vi) communicated with counsel regarding insurance carrier letter, case strategy, potential

FINRA arbitration, bankruptcy stay and criminal subpoenas.

(m)    **Government/Regulatory, Task Code 19.**

|  | Retention Period: | Fifth Interim Fee Period: |
|---|---|---|
|  | Total Fees: $180,492.75 | Fees:  $0 |
|  | Total Hours: 632.20 | Hours:  0 |

45.    During the Retention Period, Applicant engaged in litigation with four separate

governmental investigations of Residential Funding, which were not subject to the automatic

stay.  These investigations are conducted by the Office of the Special Inspector General for

Troubled Asset Relief Program ("SIGTARP"), the Department of Justice ("DOJ"), and the

Securities Exchange Commission ("SEC").  In connection with the SIGTARP investigation,

Dorsey & Whitney produced documents related to a single securitization transaction and

engaged in numerous oral and written discussions with SIGTARP representatives regarding that

transaction and procedural aspects of the securitization process.  In connection with the DOJ

18

investigation, Dorsey & Whitney helped the Debtors produce individual loan-level data responsive to requests for information regarding the origination and securitization of the approximately three million loans originated during a ten-year period and engaged in extended discussions and negotiation with DOJ representatives regarding the substance of that data as well as regarding the origination and securitization process generally.  The SEC conducted two separate investigations: one is out of its Denver office; the other out of its Los Angeles office.  In connection with the Denver investigation, Dorsey & Whitney produced various agreements and loan-level documents related to that transaction and engaged in discussions with representatives of the SEC about those documents and related matters.  Dorsey & Whitney LLP has completed the process of transferring responsibility for these matters to Morrison & Foerster.

(n)    <b>Customer and Vendor Matters, Task Code 20.</b>

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $63.45 | Fees:  $63.45 |
| Total Hours: 0.30 | Hours:  0.30 |

46.    During the Fifth Interim Fee Period, Applicant corresponded with Debtors regarding vendor contract language.

(o)    <b>Communications with Creditors, Task Code 22.</b>

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $539.55 | Fees:  $0 |
| Total Hours: 1.10 | Hours:  0 |

47.    During the Retention Period, Applicant (i) located and produced documents responsive to creditors' committee; and (ii) communicated with Debtor regarding funds held by Ally under warehousing agreement.

19

      (p)      **Meeting of Creditors, Task Code 23.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $294.30 | Fees:  $0 |
| Total Hours: 0.60 | Hours:  0 |

48.     During the Retention Period, Applicant attended meeting with Creditors' Committee counsel on ResCap – Ally relationships.

      (q)      **Employee Matters, Task Code 24**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $2,500.65 | Fees:  $2,249.55 |
| Total Hours: 6.30 | Hours:  5.70 |

49.     During the Fifth Interim Fee Period, Applicant reviewed and revised drug testing language.

50.     During the Retention Period, Applicant reviewed and corresponded with counsel regarding consultant contract.

      (r)      **Discovery or Rule 2004 Requests, Task Code 25.**

|  |  |
|---|---|
| Retention Period: | Fifth Interim Fee Period: |
| Total Fees: $1,609.20 | Fees:  $0 |
| Total Hours: 4.00 | Hours:  0 |

51.     During the Retention Period, Applicant (i) located and produced documents responsive to Creditors' Committee; (ii) participated in internal preparation for meeting with Creditors' Committee and meeting with OCC; and (iii) reviewed 9-11 document request.

    (s)    **Schedules and Statements, Task Code 26.**

        Retention Period:        Fifth Interim Fee Period:

        Total Fees: $98.10        Fees:  $0

        Total Hours: 0.20        Hours:  0

52.    During the Retention Period, Applicant forwarded mortgage loan schedules.

    (t)    **First Day Motions and Hearings, Task Code 27.**

        Retention Period:        Fifth Interim Fee Period:

        Total Fees: $9,597.60        Fees:  $0

        Total Hours: 29.60        Hours:  0

53.    During the Retention Period, Applicant (i) reviewed first day filings in connection with eighth amendment to line of credit agreement (DIP financing and drafted eighth amendment and documents in connection therewith; and (ii) researched law relating to and drafted notices of mortgage transfer disclosures.

    (u)    **For all Matters Related to the Examiner, Task Code 30.**

        Retention Period:        Fifth Interim Fee Period:

        Total Fees: $71.55        Fees:  $0

        Total Hours: 0.30        Hours:  0

54.    During the Retention Period, Applicant communicated with United States Bankruptcy Court for the District of Washington regarding unclaimed funds.

55.    The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases.  The time records attached hereto as <u>Exhibit E</u> present more completely the work performed by Applicant in each billing category during the Fifth Interim Application Period.  Time records for all other periods are attached to the Fee Applications previously filed with this Court.

21

56.    During the Retention Period, the Applicant's hourly billing rates for attorneys ranged from $616.50 to $211.50 per hour, with paraprofessionals from $202.50 to $90.00 per hour.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

57.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B).

58.    Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    The time spent on such services;
> (B)     the rates charged for such services;
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. §§ 330(a)(3)(A)-(F).

## **CONCLUSION**

59.    Applicant believes that the services rendered during the Retention Period on

behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code

section 330.  Further, the expenses requested were actual and necessary to the performance of

Applicant's services.

60.    Applicant therefore requests an order (i) allowing and approving, on a final basis,

compensation for professional services rendered by the Applicant and reimbursement of the

Applicant's actual and necessary expenses incurred for the Retention Period in the amount of

$812,063.65 and expenses in the amount of $5,480.03,[10] (ii) directing payment of any and all

unpaid amounts including amounts withheld in accordance with the Fee Orders in the total

amount of $28,295.32, and (iii) granting such other and further relief as may be just and proper.


Dated: February 28, 2014                    DORSEY & WHITNEY LLP


                                            By:____/s/ Jessica Mikhailevich_____
                                            Eric Lopez Schnabel, Esq.
                                            Jessica Mikhailevich, Esq.
                                            51 W. 52nd Street
                                            New York, NY  10019
                                            Telephone: (212) 415-9243
                                            Facsimile: (212) 953-7201
                                            E-mail: schnabel.eric@dorsey.com
                                                      mikhailevich.jessica@dorsey.com

                                            and

---

[10] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy
clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

23

Thomas O. Kelly III, Esq. (MN #0189960)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Special Securitization and Investigatory Counsel
 for Residential Capital, LLC, et al.*