# **EXHIBIT A**

{00381093-1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIFTH AND
FINAL APPLICATION OF CARPENTER LIPPS & LELAND LLP AS SPECIAL
LITIGATION COUNSEL FOR THE DEBTORS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
INTERIM PERIOD OF SEPTEMBER 1, 2013 THROUGH DECEMBER 17, 2013
AND THE FINAL PERIOD OF MAY 14, 2012 THROUGH DECEMBER 17, 2013**

I, David A. Beck, hereby certify that:

1.      I am Of Counsel with the applicant firm, Carpenter Lipps & Leland LLP (the "**Firm**"), and am authorized to make this Certification on behalf of the Firm which serves as special litigation counsel to Residential Capital, LLC, *et al.*, as debtors (collectively, the "**Debtors**").

2.      This certification is made in respect of the Firm's compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-447, adopted by the Court on January 29, 2013 (the "**Local Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996* (the "**UST Guidelines**") and the *Order to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") (Docket No. 172), and collectively with the Local Guidelines and UST Guidelines, the "**Guidelines**"), in connection with the Firm's application, dated February 28,

{00381093-1}

2014 (the "**Application**"), for interim compensation and reimbursement of expenses for the period commencing September 1, 2013 through and including December 17, 2013 and for final compensation and reimbursement of expenses for the period from May 14, 2012 through December 17, 2013, in accordance with the Guidelines.

3. In respect of Section B.1 of the Local Guidelines, I certify that:

   (1) I have read the Application;

   (2) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

   (3) subject to certain discounts agreed to with the Debtors, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients; and

   (4) in providing the reimbursable expenses reflected in the Application, the Firm did not make a profit on those services, whether performed by the Firm in-house or through a third party.

4. In respect of Section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that the Firm has served by overnight delivery on the parties specified on the Interim Compensation Order the monthly fee statements referenced in the summary section of the Application on the dates specified in the Application. Applicant served monthly fee statements as soon as practicable given the need to review statements for compliance with the Guidelines and client service demands.

5. In respect of Section B.3 of the Local Guidelines, I certify that the Debtors, the Liquidating Trust, their attorneys, and the United States Trustee for the Southern District of New York are each being served with a copy of the Application at least 14 days before the scheduled hearing on this application.

6.      In accordance with the requests of the Court at the hearing on December 20, 2012, I certify to the following with respect to the compensation and reimbursement of expenses requested in the Fee Application:

(1)      All fees billed to the client for air travel reflect coach or economy class tickets;

(2)      CLL is not requesting reimbursement of out-of-town travel meals in excess of $20.00 per person per meal (CLL does not charge the estate for meals while working late at its home offices);

(3)      CLL passes through contract document attorney charges at the cost charged by the third-party service provider;

(4)      CLL does not charge for in-house copying, outside vendor invoices were passed through at cost; and

(5)      Taxi charges involving travel within New York City reflect travel to or from the airport or where voluminous materials were taken to Court.

Dated: February 28, 2014            /s/ David A. Beck
David A. Beck
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Phone: (614) 365-4100
Fax: (614) 365-9145

*Special Litigation Counsel to the Debtors*

{00381093-1}      3