**Hearing Date: TBD**
**Objection Deadline: TBD**

Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile:  (212) 506-5151

*Special Securitization Transactional*
*and Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------- ) | | |

**SUMMARY SHEET FOR FIFTH INTERIM FEE APPLICATION AND FINAL FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP, AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>MAY 14, 2012 THROUGH DECEMBER 17, 2013</u>**

## FIFTH INTERIM FEE APPLICATION AND FINAL FEE APPLICATION

| | | |
|---|---|---|
| **Name of Applicant:** | Orrick, Herrington & Sutcliffe LLP (the "**Applicant**" or "**Orrick**") | |
| **Authorized to Provide Professional Services to:** | Residential Capital, LLC, *et al.* (collectively, the "**Debtors**") | |
| **Date of Retention:** | Order entered on July 27, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 | |
| **Periods for which Compensation and Reimbursement is Sought:** | **Fifth Interim Period**: September 1, 2013 through December 17, 2013 | **Final Fee Period:** May 14, 2012 through December 17, 2013 |
| **Total Fees Incurred:** | $140,207.87 | $2,062,462.43 |
| **Total Fees Requested:** | $120,018.94[1] | $1,844,902.19[2] |
| **Total Expenses Incurred/Requested:** | $2,290.80 | $4,807.25 |
| **Total Fees & Expenses Requested:** | $122,309.74 | $1,849,709.44 |
| **Total Hours:** | 214.90 | 3,763.00 |

| | |
|---|---|
| **Total Fees and Expenses Previously Requested:** | $1,797,362.51 |
| **Total Fees and Expenses Previously Allowed:** | $1,727,399.70 |

This is a(n):      ___ monthly          X interim      X final application.

---

[1] The total fees requested in this Application for the Fifth Interim Fee Period reflect a reduction in the amount of $20,188.93 for fees incurred in connection with reviewing and revising monthly invoices and in connection with responding to the U.S. Trustee's objections to Orrick's Fourth Interim Fee Application.

[2] The total fees requested in this Application for the Final Fee Period reflect a reduction in the aggregate amount of (i) $147,597.43 for fees incurred in connection with Orrick's retention application, reviewing and revising monthly invoices, and responding to the U.S. Trustee's objections to Orrick's interim fee applications, and (ii) $69,962.81 in reductions agreed upon by Orrick, and approved by the Bankruptcy Court, in response to objections raised by the U.S. Trustee.

# SCHEDULES RELATING TO FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2013 – DECEMBER 17, 2013

### SUMMARY OF MONTHLY STATEMENTS FOR FIFTH INTERIM FEE PERIOD:

| Date Served | Compensation Period | Requested Fees (80%) | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 11/22/13 | 9/1/13-9/30/13 | $10,062.42 | $2,205.50 | $10,049.32 | $2,205.50 | $2,515.61 |
| 12/12/13 | 10/1/13-10/31/13 | $14,808.24 | $3.00 | $14,807.64 | $3.00 | $3,702.06 |
| 12/23/13 | 11/1/13-11/30/13 | $25,977.21 | $54.30 | $25,966.37 | $54.30 | $6,494.30 |
| 2/11/14 | 12/1/13-12/17/13 | $45,167.28 | $28.00 | $0.00 | $0.00 | $11,291.82 |
| **TOTAL** | **9/1/13-12/17/13** | **$96,015.15** | **$2,290.80** | **$50,823.33** | **$2,262.80** | **$24,003.79** |

### SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROFESSIONAL FOR THE FIFTH INTERIM FEE PERIOD:

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Partners/Of Counsel | | | | |
| Katharine I. Crost | Structured Finance 1978 | $874.00 | 2.50 | $2,185.00 |
| Martin B. Howard | Structured Finance 1986 | $731.50 | 40.40 | $29,552.60 |
| Stephen J. Jackson | Tax 1996 | $736.25 | 10.70 | $7,877.90 |

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Associates** | | | | |
| Duane K. Beasley | Structured Finance 2000 | $612.75 | 50.30 | $30,821.41 |
| Dennis M. Bent | Structured Finance 2005 | $451.25 | 64.70 | $29,195.97 |
| Debra L. Felder | Restructuring 2002 | $617.50 | 24.70 | $15,252.25 |
| Sarah R. Weissman | Emerging Companies 2009 | $190.00 | 7.70 | $1,463.00 |
| Boris Volodarsky | Structured Finance 2009 | $427.50 | .60 | $256.50 |
| **Paralegals/Paraprofessionals** | | | | |
| Debra O. Fullem | Bankruptcy Research Specialist | $256.50 | 7.50 | $1,923.75 |
| Margaret A. Goetz | Paralegal | $242.25 | 3.80 | $920.56 |
| Gerald L. Willey | Senior Paralegal | $285.00 | 2.00 | $570.00 |
| **Total Professional Hours and Fees** | | | **214.90** | **$120,018.94** |
| **Total Hourly Blended Rate (excluding paralegals/paraprofessionals)** | | | | **$578.40** <br><br> ($116,604.64/ 201.60 hrs = $578.40) |

## SUMMARY OF EXPENSES INCURRED DURING THE FIFTH INTERIM FEE PERIOD:

| Expense Category | Amount |
|---|---|
| Consultant - Regulatory Advice | $2,140.00 |
| CourtCall | $51.00 |
| Hand Delivery | $42.50 |
| Pacer | $57.30 |
| **Total** | **$2,290.80** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY
DURING THE FIFTH INTERIM FEE PERIOD:**

| Task Code | Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|---|
| 144 | Compensation | 34.20 | $17,746.00 |
| 146 | Securitization Questions | 17.70 | $8,913.41 |
| 148 | Resolution of Pre-Bankruptcy Transactions | 163.00 | $93,359.53 |
| **Total Hours & Fees Incurred** | | **214.90** | **$120,018.94** |

**SUMMARY OF PREVIOUSLY FILED INTERIM FEE APPLICATIONS
DURING THESE CHAPTER 11 CASES:**

| Fee Application (Dkt. No.) & Period Covered | Fees Requested | Fees Allowed | Expenses Requested & Allowed | Date Entered & Docket No. of Order | Total Fees & Expenses Requested | Total Fees & Expenses Allowed | Total Fees Paid to Applicant | Total Expenses Paid to Applicant |
|---|---|---|---|---|---|---|---|---|
| **First (Dkt. No. 1871)** 5/14/12 – 8/31/12 | $733,357.07 | $679,188.07 | $678.12 | 12/28/12 (Dkt. No. 2530) | $734,035.19 | $679,866.19 | $679,188.07 | $678.12 |
| **Second (Dkt. No. 3175)** 9/1/12- 12/31/12 | $674,764.98 | $671,266.15 | $611.43 | 4/29/13 (Dkt. No. 3556) | $675,376.41 | $671,877.58 | $671,266.15 | $611.43 |
| **Third (Dkt. No. 4529)** 1/1/13- 4/30/13 | $241,619.73 | $240,822.39 | $558.40 | 9/25/13 (Dkt. No. 5205) | $242,178.13 | $241,380.79 | $217,457.76 | $558.40 |
| **Fourth (Dkt. No. 5811)** 5/1/13- 8/31/13 | $145,104.28 | $133,606.64 | $668.50 | 12/26/13 (Dkt. No. 6193) | $145,772.78 | $134,275.14 | $120,178.94 | $668.50 |
| **TOTAL** | $1,794,846.06 | $1,724,883.25 | $2,516.45 | -- | $1,797,362.51 | $1,727,399.70 | $1,688,090.92 | $2,516.45 |

# SCHEDULES RELATING TO FINAL FEE PERIOD: MAY 14, 2012 THROUGH DECEMBER 17, 2013

### SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROFESSIONAL FOR THE FINAL FEE PERIOD:

| Name of Professional Person | Position Department & Licensure | Hourly Billing Rate | Total Hours Billed | Total Fees[3] |
|---|---|---|---|---|
| **Partners/Of Counsel** | | | | |
| Katharine I. Crost | Structured Finance 1978 | $874.00 | 127.60 | $111,522.40 |
| Daniel J. Dunne | Securities Litigation & Regulatory Enforcement 1985 | $741.00 | 29.00 | $21,489.00 |
| Elyse D. Echtman | Commercial Litigation 1993 | $666.00 | 1.50 | $999.00 |
| Robert J. Gloistein | Corporate 1966 | $736.00 | 3.80 | $2,796.80 |
| Martin B. Howard | Structured Finance 1986 | $731.50 | 359.50 | $262,974.25 |
| Stephen J. Jackson | Tax 1996 | $736.25 | 80.80 | $59,489.14 |
| Dora Y. Mao | Structured Finance 1987 | $660.25 | 12.70 | $8,385.21 |
| Lorraine S. McGowen | Restructuring 1986 | $875.00 | 29.90 | $26,162.50 |

[3] The fee totals for each professional and paraprofessional do not account for the reductions agreed upon with the U.S. Trustee and approved by the Bankruptcy Court in connection with Orrick's First, Second, Third and Fourth Interim Fee Applications.

| Name of Professional Person | Position Department & Licensure | Hourly Billing Rate | Total Hours Billed | Total Fees[3] |
|---|---|---|---|---|
| Thomas C. Mitchell | Restructuring 1985 | $790.00 | 24.90 | $19,671.00 |
| John Narducci | Tax 1988 | $850.25 | 1.20 | $1,020.30 |
| Leah P. Sanzari | Structured Finance 1995 | $755.00 | 4.20 | $3,171.00 |
| Thomas J. Welsh | Insurance 1989 | $703.00 | 2.60 | $1,827.80 |
| Kenneth Whyburn | Tax 1980 | $755.24 | 1.60 | $1,208.39 |
| Simon Willis | Commercial Litigation 1991 | $812.25 | 1.30 | $1,055.93 |
| Associates | | | | |
| Spencer Barrowes | Banking & Debt Capital Markets 2005 | $451.25 | 138.60 | $62,543.36 |
| Kristen Bartlett | Securities Litigation & Regulatory Enforcement 2010 | $370.50 | 0.80 | $296.40 |
| Duane K. Beasley | Structured Finance 2000 | $612.75 | 706.10 | $432,696.64 |
| Dennis Bent | Structured Finance 2005 | $451.25 | 638.00 | $287,898.32 |
| Sarah Breisinger | Litigation 2008 | $247.00 | 4.40 | $1,086.80 |
| Paul Clancy III | Structured Finance 2011 | $165.00 | 12.70 | $2,095.50 |

| Name of Professional Person | Position Department & Licensure | Hourly Billing Rate | Total Hours Billed | Total Fees[3] |
|---|---|---|---|---|
| Amie Davis | Structured Finance 2005 | $530.00 | 10.30 | $5,459.00 |
| James Drury-Smith | Emerging Companies 2002 | $489.25 | 3.50 | $1,712.39 |
| James Duff | Structured Finance 2006 | $517.75 | 23.60 | $12,218.92 |
| John Farmer | Banking & Debt Capital Markets 2004 | $342.00 | 293.60 | $100,411.20 |
| Debra Felder | Restructuring 2002 | $617.50 | 326.90 | $201,860.75 |
| Njoki Gatimu | Structured Finance 2008 | $495.00 | 103.80 | $51,381.00 |
| Christopher Giles | Practice & Client Services 2006 | $152.00 | 37.50 | $5,700.00 |
| Mary Knutsen | Practice & Client Services 1999 | $152.00 | 2.50 | $380.00 |
| James M. Larkin | Tax 2002 | $641.25 | 9.10 | $5,835.39 |
| Stephen C. Lessard | Tax 2007 | $546.25 | 6.10 | $3,332.13 |
| S. Chris Min | Structured Finance 2006 | $510.00 | 91.10 | $46,461.00 |
| Kara Moskowitz | Structured Finance 2005 | $530.00 | 7.90 | $4,187.00 |
| Scott Pearsall | Restructuring 2009 | $451.24 | 1.80 | $812.23 |

| Name of Professional Person | Position Department & Licensure | Hourly Billing Rate | Total Hours Billed | Total Fees[3] |
|---|---|---|---|---|
| David L. Ridenour | Structured Finance 2005 | $515.00 | 42.80 | $22,042.00 |
| Brandson Skosnik | Emerging Companies 2007 | $209.00 | 2.90 | $606.10 |
| Benita Sumey | Practice & Client Services 1992 | $237.50 | 0.60 | $142.50 |
| Lyndsay M. Sullivan | Global Corporate Solutions 2002 | $90.25 | 4.30 | $388.08 |
| Boris Volodarsky | Structured Finance 2009 | $427.50 | 79.60 | $34,029.00 |
| Sarah Weissman | Emerging Companies 2009 | $190.00 | 52.20 | $9,918.00 |
| **Paralegals/Paraprofessionals** | | | | |
| Norman Coliane | Document Review Specialist | $76.00 | 31.00 | $2,356.00 |
| Michael DiBartolomeo | Document Review Specialist | $76.00 | 17.60 | $1,337.60 |
| Michael Fillinger | Senior Research Specialist | $232.75 | 3.50 | $814.63 |
| Debra Fullem | Bankruptcy Research Specialist | $256.50 | 99.20 | $25,444.80 |
| Renee Gray | Document Reviewer | $76.00 | 1.00 | $76.00 |
| Margaret Goetz | Paralegal | $242.25 | 79.80 | $19,331.66 |
| Bala Kumar | Document Review Specialist | $76.00 | 20.00 | $1,520.00 |

| Name of Professional Person | Position Department & Licensure | Hourly Billing Rate | Total Hours Billed | Total Fees[3] |
|---|---|---|---|---|
| Colin Lounsberry | Paralegal | $152.00 | 0.30 | 45.60 |
| Francis McKeown | Research Specialist | $232.76 | 1.50 | $349.13 |
| Hannah Rizor | Paralegal | $76.00 | 0.70 | $53.20 |
| Michelle Rodriguez | Senior Paralegal | $199.75 | 14.00 | $2,796.52 |
| Christina Rose | Lead Paralegal Document Review | $80.00 | 22.50 | $1,800.00 |
| Sherwin Sabado | Research & Information Resource Assistant | $185.86 | 0.50 | $92.63 |
| Linda Santos | Senior Paralegal | $266.00 | 23.40 | $6,224.40 |
| Nicholas Schafer | Document Review Specialist | $76.00 | 22.50 | $1,710.00 |
| Jaime Updegraff | Document Review Specialist | $76.00 | 27.00 | $2,052.00 |
| Elizabeth Walker | Senior Paralegal | $261.25 | 97.30 | $25,419.66 |
| Gerald Willey | Senior Paralegal | $285.00 | 12.80 | $3,648.00 |
| **SUB-TOTAL** | | | **3,763.00** | **$1,914,865.00** |
| **Agreed Reduction per U.S. Trustee and Bankruptcy Court for the First, Second, Third and Fourth Interim Fee Periods:** | | | **--** | **$69,962.81** |
| **GRAND TOTAL (less agreed reduction noted above):** | | | **--** | **$1,844,902.19** |

| | | | |
|---|---|---|---|
| **Total Hourly Blended Rate Based on Grand Total (excluding paralegals/ paraprofessionals):** | | | **$547.73**<br><br>($1,801,158.98/ 3,288.40 hrs = $547.73) |

## SUMMARY OF EXPENSES INCURRED DURING THE FINAL FEE PERIOD:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Consultants | $2,675.00 |
| CourtCall | $338.00 |
| Filing Fees | $604.00 |
| Hand Delivery | $390.50 |
| Pacer | $500.40 |
| Taxi | $299.35 |
| **TOTAL EXPENSES** | **$4,807.25** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED
BY PROJECT CATEGORY DURING THE FINAL FEE PERIOD:**

| TASK CODE | TASK CATEGORY | HOURS BILLED | TOTAL BILLED |
|---|---|---|---|
| 141 | PSA Amendments | 2,266.20 | $1,098,264.31 |
| 142 | General Bankruptcy Administration | 56.70 | $26,015.56 |
| 143 | Retention | 170.90 | $111,062.12[4] |
| 144 | Compensation | 289.30 | $156,813.90[5] |
| 146 | Securitization Questions | 438.30 | $214,868.67 |
| 148 | Resolution of Pre-Bankruptcy Transactions | 500.50 | $275,843.52 |
| 149 | SEC Investigation Assistance | 4.20 | $3,532.10 |
| 150 | Non-Securitization Issues | 9.20 | $6,099.97 |
| 151 | Termination of Servicing Contracts | 27.70 | $22,364.85 |
| | **SUB-TOTAL:** | **3,763.00** | **$1,914,865.00** |
| | **Agreed Reduction per U.S. Trustee and Bankruptcy Court for the First, Second, Third and Fourth Interim Fee Periods:** | -- | **$69,962.81** |
| | **TOTAL (less agree reduction noted above):** | -- | **$1,844,902.19** |

**Remaining 10% Holdback Amount for Third Interim Fee Period:**    **$23,364.63**
**Remaining 10% Holdback for Fourth Interim Fee Period:**    **$13,427.70**
**Total Holdback Amount Sought for Final Fee Application:**    **$36,792.33**

---

[4] As stated in Orrick's First, Second, Third and Fourth Interim Fee Applications, Orrick voluntarily reduced its hours by an aggregate amount of $13,731.30 for fees incurred in connection with this Project Category.

[5] As stated in Orrick's First, Second, Third and Fourth Interim Fee Applications, Orrick voluntarily reduced its hours by an aggregate amount of $133,866.13 for fees incurred in connection with this Project Category.

Hearing Date:  TBD
Objection Deadline:   TBD

Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:  (212) 506-5000
Facsimile:   (212) 506-5151

*Special Securitization Transactional
and Litigation Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |
---------------------------------------------------------------

**FIFTH INTERIM FEE APPLICATION AND FINAL FEE APPLICATION OF
ORRICK, HERRINGTON & SUTCLIFFE LLP, AS SPECIAL SECURITIZATION
TRANSACTIONAL AND LITIGATION COUNSEL FOR THE DEBTORS, FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FROM MAY 14, 2012 THROUGH DECEMBER 17, 2013</u>**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Orrick, Herrington & Sutcliffe LLP ("**Orrick**" or "**Applicant**"), Special Securitization

Transactional and Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors

in possession (collectively, the "**Debtors**"), hereby files its combined fifth interim fee application

and final fee application (the "**Final Application**") pursuant to sections 330, 331, and 1103 of

title 11 of the United States Codes, 11 U.S.C. §§ 101 *et seq.*, as amended (the "**Bankruptcy**

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern

District of New York (the "**Local Rules**").

The amounts requested in this Final Application consist of:

A. Compensation for professional services rendered during the period September 1, 2013 through December 17, 2013 (the "**Fifth Interim Fee Period**") in the amount of $120,018.94 and reimbursement of actual and necessary expenses incurred during the Fifth Interim Fee Period in the amount of $2,290.80, which amounts are described in this Final Application; and

B. Compensation for professional services rendered during the period May 14, 2012 through and including the effective date of the Plan on December 17, 2013 (the "**Final Fee Period**") in the amount of $1,844,902.19[6] and reimbursement of actual and necessary expenses incurred during the Final Fee Period in the amount of $4,807.25,[7] which amounts are described in this Final Application.

In support of this Application, Orrick respectfully states as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

1.        This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§

157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of this proceeding and the Final Application in this District is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

2.        The statutory bases for the relief requested herein are sections 330, 331, and 1103

of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.  This Application has

been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and*

---

[6] The amounts sought for compensation during the Final Fee Period reflect all fees previously approved by the Bankruptcy Court for Orrick's First, Second, Third and Fourth Interim Fee Applications, plus the fees requested for Orrick's Fifth Interim Fee Period as described herein.

[7] The amounts sought for compensation during the Final Fee Period reflect all expenses previously approved by the Bankruptcy Court for Orrick's First, Second, Third and Fourth Interim Fee Applications, plus the expenses requested for Orrick's Fifth Interim Fee Period as described herein.

*Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective as of January 29, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective January 30, 1996  (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

## BACKGROUND

A.    **The Chapter 11 Cases**

3.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

6.    On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the servicing and origination platform (the "**Platform Sale**") to Ocwen Loan Servicing, LLC ("**Ocwen**") for $3 billion.  On October 25, 2012, the Debtors conducted an auction for the sale of their whole loan portfolio assets to Berkshire Hathaway Inc. for $1.5 billion.  This Court subsequently approved both of these sales.

3

7.      On July 3, 2013, the Debtors and the Creditors' Committee (together, the "**Plan Proponents**") filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Dkt. No. 4153] (as amended, the "**Plan**") and a disclosure statement in connection therewith [Dkt. No. 4157] (as amended, the "**Disclosure Statement**").  On August 20, 2013 and August 23, 2013, respectively, the Debtors filed a revised plan [Dkt. No. 4770] and disclosure statement [Dkt. No. 4819].  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended, and authorizing the Plan Proponents to solicit acceptances of the Plan [Dkt. No. 4809].  Between November 2013 and December 2013, the Debtors filed various amended plans [Dkt. Nos. 5854, 5993, 6030].

8.      The Court held a confirmation hearing beginning on November 19, 2013 and continuing through November 26, 2013, with closing arguments heard on December 11, 2013 (the "**Confirmation Hearing**").  On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of  Unsecured Creditors* [Dkt. No. 6065] (the "**Confirmation Order**") approving the terms of the Plan, as amended.

9.      On December 17, 2013, the Effective Date of the Plan occurred.

**B.      Applicant's Retention and Interim Compensation**

10.      On July 27, 2012, the Court entered the *Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* ("**Orrick Retention Order**") [Docket No. 930], approving Applicant's retention which is attached hereto as **Exhibit B**.

4

11.     Orrick began representing Residential Funding Company, LLC, a Debtor in these Chapter 11 cases, in 1990.  In addition, Orrick began representing GMAC Mortgage, LLC, also a Debtor in these Chapter 11 cases, in 1999.  Given Orrick's longstanding representation of the Debtors, Orrick brought significant historical experience and expertise to these Chapter 11 cases. From the beginning of these cases, Orrick reviewed and analyzed over 1,000 servicing agreements to determine whether and how they could be amended to allow a servicer to enter into a servicing advance facility.  This analysis was vital to the Debtors' Platform Sale to Ocwen because the purchaser needed to ensure that it could finance the advancing obligations it was required to assume as part of the Debtors' sale.  In addition, Orrick drafted and negotiated numerous amendments to incorporate a servicing advance facility into the servicing agreements.

12.     In 2013, the massive diligence portion of Orrick's engagement was essentially complete and Orrick's representation focused on drafting  and negotiating certain amendments with various trustees, master servicers, credit enhancers, rating agencies and other third parties that needed to execute such amendments.  This process entailed drafting and coordinating three omnibus amendments, covering more than one hundred and forty public securitizations, with eight different trustees and one monocline insurer.  On February 15, 2013, the amendments were executed and Orrick's representation with respect to the amendments was limited to typical post-closing matters.

13.     After February 15, 2013, Orrick played a critical role in assisting the Debtors in the process of liquidating assets in the estate.  Orrick also represented the Debtors with respect to two offerings of mortgage loans owned by the Debtors.  In addition, Orrick was instrumental in helping the Debtors organize the ResCap Liquidating Trust such that the ResCap Liquidating

5

Trust could hold FHA Mortgage Loans without putting certain FHA mortgage insurance policies in jeopardy.

### ORRICK'S INTERIM COMPENSATION

14.    On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 797] (the "**Interim Compensation Order**").  Pursuant to the terms of the Interim Compensation Order, the Applicant is authorized to submit monthly invoices to the Debtors, counsel for the Creditors' Committee, counsel for AFL, counsel for Barclays Bank PLC, and the U.S. Trustee (collectively, the "**Notice Parties**") on or before the thirtieth day of each month following the end of the month for which compensation was sought.  Absent objections from the parties listed above, or if such objections were resolved, following the twentieth day after receipt of the monthly fee statement by the parties listed above, the Applicant was entitled to be compensated by the Debtors for 80% of the fees and 100% of the expenses requested in its monthly fee statement.

15.    On October 19, 2012, the Applicant filed its first interim fee application covering the period from May 14, 2012 through August 31, 2012 [Dkt. No. 1871] (the "**First Interim Fee Application**").  The First Interim Fee Application was granted pursuant to, and to the extent set forth in, the *Order Granting Application for Allowance of Interim Compensation and Reimbursement of Expenses* [Dkt. No. 2530], which provided, among other things, that the fees allowed thereunder remained subject to a 10% holdback.

16.    On March 14, 2013, the Applicant filed its second interim fee application covering the period from September 1, 2012 through December 31, 2012 [Dkt. No. 3175] (the "**Second Interim Fee Application**").  The Second Interim Fee Application was granted pursuant to, and to the extent set forth in, the *Order Granting Applications for Allowance of Interim*

6

*Compensation and Reimbursement of Expenses* [Dkt. No. 3556], which provided, among other

things, that the fees allowed thereunder remained subject to a 10% holdback.

17.      On August 7, 2013, the Applicant filed its third interim fee application covering the

period from January 1, 2013 through April 30, 2013 [Dkt. No. 4529] (the "**Third Interim Fee**

**Application**").  The Third Interim Fee Application was granted pursuant to, and to the extent set

forth in, the *Order Granting Applications for Allowance of Interim Compensation and*

*Reimbursement of Expenses* [Dkt. No. 5205], which provided, among other things, that the fees

allowed thereunder remained subject to a 10% holdback.  The Court also approved the payment

of the remaining 10% holdbacks for the First Interim Fee Application and the Second Interim

Fee Application.

18.      On November 18, 2013, the Applicant filed its fourth interim fee application

covering the period from May 1, 2013 through August 31, 2013 [Dkt. No. 5811] (the "**Fourth**

**Interim Fee Application**").  The Fourth Interim Fee Application was granted, pursuant to, and

to the extent set forth in, the *Order Granting Applications for Allowance of Interim*

*Compensation and Reimbursement of Expenses* [Dkt. No. 6193], which provided, among other

things, that the fees allowed thereunder remained subject to a 10% holdback.

19.      Orrick has rendered services on behalf of the Debtors for the Fifth Application

Period totaling 214.90 hours resulting in fees of $120,018.94[8] and expenses of $2,290.80.  In

connection with the services provided during the Fifth Application Period, Orrick requests

allowance of interim compensation in the amount of $120,018.94 and reimbursement of

expenses in the amount of $2,290.80.

---

[8] This amount excludes voluntary write-offs made by Orrick in the amount of $20,188.93 in connection
with time spent reviewing and revising Orrick's monthly invoices and in connection with defending
Orrick's Fourth Interim Fee Application in response to the U.S. Trustee's objections.

20.     On November 22, 2013, the Applicant served its monthly invoice covering the period from September 1, 2013 through September 30, 2013 (the "**September Invoice**") on the Notice Parties.  On December 12, 2013, the Applicant served its monthly invoice covering the period from October 1, 2013 through October 31, 2013 (the "**October Invoice**") on the Notice Parties.  On December 23, 2013, the Applicant served its monthly invoice covering the period from November 1, 2013 through November 30, 2013 (the "**November Invoice**") on the Notice Parties.  On February 11, 2014, the Applicant served its monthly invoice covering the period from December 1, 2013 through December 17, 2013 (the "**December Invoice**," and together with the September Invoice, the October Invoice, and the November Invoice, the "**Monthly Invoices**") on the Notice Parties.  As of the date hereof, the Applicant has not received any objections to the Monthly Invoices.[9]

21.     For the convenience of this Court and all parties in interest, attached hereto as **Exhibit C** is a schedule of the total amount of fees incurred under each of the Applicant's internal project categories during the Fifth Interim Period.

22.     As of the date of this Final Application, pursuant to the terms of the Interim Compensation Order, the Applicant has received $12,254.82 for fees and expenses on account of the September Invoice, $14,810.64 for fees and expenses on account of the October Invoice, and $26,020.67 for fees and expenses on account of the November Invoice.  The Applicant has not yet received any payments for fees and expenses on account of the December Invoice.[10]

23.     In addition, the Fifth Interim Fee Application reflects a voluntary aggregate reduction of $20,188.93 in connection with fees incurred in reviewing and revising Orrick's

---

[9] The objection period for the December Invoice expires on March 3, 2014.

[10] The Applicant expects to receive a payment of 80% of its fees and 100% of its expenses on account of the December Invoice prior to the hearing on this Final Application.

8

monthly invoices and in connection with defending its Fourth Interim Application in response to objections by the U.S. Trustee.

24.    The Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors.  These records are maintained in the ordinary course of the Applicant's practice.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a billing summary for the Fifth Interim Period, setting forth the name of each attorney and paraprofessional who rendered services during the Fifth Interim Fee Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for each attorney and each paraprofessional at the Applicant's current billing rates, and the individual amounts requested for each professional.  The compensation requested by the Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

25.    The Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services.  A summary of the amounts and categories of expenses for which reimbursements are sought for the Fifth Interim Fee Period is attached hereto as **Exhibit E**.

26.    Copies of the Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Invoices and are attached hereto collectively as **Exhibit F**.

27.    There is no agreement or understanding between the Applicant and any other person, other than partners or associates of Orrick, for the sharing of compensation to be received for services rendered in these Chapter 11 cases.

28.     Except as otherwise set forth herein, parties listed in paragraph (a) of the Interim

Compensation Order will be furnished with a copy of this Final Application.  Orrick understands

that all other parties that have filed a notice of appearance with the Clerk of this Court and

requested notice of pleadings in these Chapter 11 cases shall be furnished with a notice of

hearing on the final applications, with a right to receive copies of the final applications upon

request.

29.     On December 7, 2012, March 25, 2013, August 28, 2013 and December 9, 2013,

the U.S. Trustee filed responses to Orrick's First, Second, Third and Fourth Interim Fee

Applications [Dkt. Nos. 2361, 3310, 4869, and 6047, respectively].

30.     Orrick has been allowed, on an interim basis, fees and expenses in the following

amounts on account of its First, Second, Third and Fourth Interim Fee Applications:

| Fee Application (Dkt. No.) & Period Covered | Fees Requested | Fees Allowed | Expenses Requested & Allowed | Date Entered & Docket No. of Order | Total Fees & Expenses Requested | Total Fees & Expenses Allowed | Total Fees Paid to Applicant | Total Expenses Paid to Applicant |
|---|---|---|---|---|---|---|---|---|
| **First** <u>(Dkt. No. 1871)</u> 5/14/12 – 8/31/12 | $733,357.07 | $679,188.07 | $678.12 | 12/28/12 (Dkt. No. 2530) | $734,035.19 | $679,866.19 | $679,188.07 | $678.12 |
| **Second** <u>(Dkt. No. 3175)</u> 9/1/12- 12/31/12 | $674,764.98 | $671,266.15 | $611.43 | 4/29/13 (Dkt. No. 3556) | $675,376.41 | $671,877.58 | $671,266.15 | $611.43 |
| **Third** <u>(Dkt. No. 4529)</u> 1/1/13- 4/30/13 | $241,619.73 | $240,822.39 | $558.40 | 9/25/13 (Dkt. No. 5205) | $242,178.13 | $241,380.79 | $217,457.76 | $558.40 |
| **Fourth** <u>(Dkt. No. 5811)</u> 5/1/13- 8/31/13 | $145,104.28 | $133,606.64 | $668.50 | 12/26/13 (Dkt. No. 6193) | $145,772.78 | $134,275.14 | $120,178.94 | $668.50 |
| **TOTAL** | $1,794,846.06 | $1,724,883.25 | $2,516.45 | -- | $1,797,362.51 | $1,727,399.70 | $1,688,090.92 | $2,516.45 |

## ORRICK'S FINAL COMPENSATION

31.    By this Final Application, Orrick requests approval of its fees and expenses relating to professional services provided to the Debtors during the entirety of the Debtors' Chapter 11 cases, including approval of fees for services rendered and expenses incurred during the Fifth Interim Fee Period, for which approval has not yet been received.

32.    Specifically, Orrick requests final allowance of (i) its fees for the Fifth Interim Fee Period in the aggregate amount of $120,018.94 and reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $2,290.80, and (ii) its fees for the Final Fee Period (which includes the Fifth Interim Fee Period) in the aggregate amount of

$1,844,902.19 and reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $4,807.25.

33.      The fees sought in this Final Application reflect (i) an aggregate of 214.90 hours of attorney and paraprofessional time spent in performing services for the Debtors and their estates during the Fifth Interim Fee Period, and (ii) an aggregate of 3,763.00 hours of attorney and paraprofessional time for services rendered during the Final Fee Period.

34.      For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a schedule of the total amount of fees incurred under each internal Orrick project category during the Final Fee Period (which includes the Fifth Interim Fee Period).

35.      Orrick maintains computerized records of the time expended in the rendering of the professional services required by the Debtors and their estates.  These records are maintained in the ordinary course of Orrick's practice.  For the convenience of this Court and all parties in interest, attached hereto as **Exhibit H** is a billing summary for the Final Fee Period (which includes the Fifth Interim Fee Period), setting forth the name of each attorney and paraprofessional who rendered services during the Final Fee Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for each attorney and each paraprofessional and the individual amounts requested for each professional.  The compensation requested by Orrick is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

36.      Orrick also maintains computerized records of all expenses incurred in connection with the performance of professional services.  A summary of the amounts and categories of

expenses for which reimbursement is sought for the Final Fee Period (which includes the Fifth

Interim Fee Period) is attached hereto as **Exhibit I**.

    37.    In accordance with the Interim Compensation Order, Orrick filed the following

monthly fee statements covering the work it performed during the Final Fee Period and served

each monthly fee statement on: (i) the Debtors and their counsel, (ii) the U.S. Trustee, (iii)

counsel for the Creditors' Committee, and (iv) counsel for Ally Financial, Inc. and Barclays

Bank PLC.  Each monthly fee statement was filed as an attachment to the corresponding interim

fee application and are incorporated in their entirety by reference herein.

| **Monthly/Interim Period** | **Fees at 100%** | **Fees at 80%** | **Expenses at 100%** | **Total Fees at 80% and 100% of Expenses** | **Payments Received as of Feb. 25, 2014** |
|---|---|---|---|---|---|
| May 14-June 30, 2012 First Monthly Fee Statement | $311,664.09 | $249,331.27 | $204.00 | $249,535.27 | $311,868.09 ($181,861.88 of that amount was applied to the remaining amount of Orrick's pre-petition retainer) |
| July 1-July 31, 2012 Second Monthly Fee Statement | $257,980.85 | $206,384.68 | $452.22 | $206,836.90 | $204,264.07 |
| Aug. 1-Aug. 31, 2012 Third Monthly Fee Statement | $163,712.13 | $130,969.70 | $21.90 | $130,991.60 | $163,734.03 |
| May 14-Aug. 31, 2012 First Interim Fee Application | $733,357.07 | $586,685.65 | $678.12 | $587,363.77 | See above (May 1, 2012 - Aug. 31, 2012) |
| Sept. 1-Sept. 30, 2012 Fourth Monthly Fee Statement | $198,762.14 | $159,009.71 | $193.43 | $159,203.14 | $195,456.74 |
| Oct. 1-Oct. 31, 2012 Fifth Monthly Fee Statement | $305,468.57 | $244,374.86 | $381.00 | $244,755.86 | $305,849.57 |

| Monthly/Interim Period | Fees at 100% | Fees at 80% | Expenses at 100% | Total Fees at 80% and 100% of Expenses | Payments Received as of Feb. 25, 2014 |
|---|---|---|---|---|---|
| Nov. 1-Nov. 30, 2012 Sixth Monthly Fee Statement | $100,071.80 | $80,057.44 | $37.00 | $80,094.44 | $100,108.80 |
| Dec. 1-Dec. 31, 2012 Seventh Monthly Fee Statement | $70,462.47 | $56,369.98 | $0.00 | $56,369.98 | $70,462.47 |
| Sept. 1-Dec. 31, 2012 Second Interim Fee Application | $674,764.98 | $539,811.98 | $611.43 | $540,423.41 | See above (Sept. 1, 2012 - Dec. 31, 2012) |
| Jan. 1-Jan. 31, 2013 Eighth Monthly Fee Statement | $108,904.07 | $87,123.26 | $335.50 | $87,458.76 | $98,349.16 |
| Feb. 1-Feb. 28, 2013 Ninth Monthly Fee Statement | $107,837.98 | $86,270.38 | $79.40 | $86,349.78 | $97,133.59 |
| March 1-31, 2013 Tenth Monthly Fee Statement | $16,069.74 | $12,855.79 | $78.00 | $12,933.79 | $14,540.76 |
| April 1-30, 2013 Eleventh Monthly Fee Statement | $8,807.94 | $7,046.35 | $65.50 | $7,111.85 | $7992.65 |
| Jan. 1-April 30, 2013 Third Interim Fee Application | 241,619.73 | $193,295.78 | 558.40 | $193,854.18 | See above (Jan. 1, 2013 - April 30, 2013) |
| May 1 – May 31, 2013 Twelfth Monthly Fee Statement | $16,196.40 | $12,957.12 | $46.40 | $13,003.52 | $14,618.52 |
| June 1-June 30, 2013 Thirteenth Monthly Fee Statement | $35,659.43 | $28,527.54 | 0.00 | $28,527.54 | $32,093.49 |
| July 1-July 31, 2013 Fourteenth Monthly Fee Statement | $73,629.47 | $58,903.58 | $535.00 | $59,438.58 | $56,399.95 |

14

| Monthly/Interim Period | Fees at 100% | Fees at 80% | Expenses at 100% | Total Fees at 80% and 100% of Expenses | Payments Received as of Feb. 25, 2014 |
|---|---|---|---|---|---|
| Aug. 1-August 31, 2013 Fifteenth Monthly Fee Statement | $19,618.98 | $15,695.18 | $87.10 | $15,782.28 | $17,735.48 |
| May 1-August 31, 2013 Fourth Interim Fee Application | $145,104.28 | $116,083.42 | $668.50 | $116,751.92 | See above (May 1, 2013 - August 31, 2013) |
| Sept. 1-Sept. 30, 2013 Sixteenth Monthly Fee Statement | $12,578.03 | $10,062.42 | $2,205.50 | $12,267.92 | $12,254.82 |
| Oct. 1-Oct. 31, 2013 Seventeenth Monthly Fee Statement | $18,510.30 | $14,808.24 | $3.00 | $14,811.24 | $14,810.64 |
| Nov. 1-Nov. 30, 2013 Eighteenth Monthly Fee Application | $32,471.51 | $25,977.21 | $54.30 | $25,977.21 | $26,020.67 |
| Dec. 1-Dec. 17, 2013 Nineteenth Monthly Fee Application | $56,459.10 | $45,167.28 | $28.00 | $45,195.25 | $0.00 |

38.     There is no agreement or understanding between the Applicant and any other person, other than partners or associates of Orrick, for the sharing of compensation to be received for services rendered in the Chapter 11 cases.

39.     The Third and Fourth Interim Fee Applications are subject to a 10% holdback imposed by the Court.  The aggregate amount of the Applicant's holdback that remains due and owing to the Applicant is $36,792.33.  The Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount and authorize the Debtors to satisfy such amounts.

15

## <u>SUMMARY OF PROFESSIONAL SERVICES RENDERED</u>

40.    In general, the Applicant has represented the Debtors in connection with the

following aspects of the Chapter 11 cases:

(a)    provide advice to the Debtors and Morrison & Foerster (Debtors' lead bankruptcy counsel) regarding contractual provisions in securitization documents and servicing contracts, including with respect to document requirements relating to termination demands and other claims or rights asserted by parties to such operative documents as well as other interested parties;

(b)    provide advice to the Debtors and Morrison & Foerster regarding the Debtors' rights and obligations relating to their securitization and servicing agreements, including matters that have arisen in connection with amendments to, or notifications required under the securitization and servicing agreements;

(c)    obtain and analyze securitization documents and other relevant documentation regarding the Debtors' securitization and servicing assets and obligations; and

(d)    assist the Debtors in the preparation of amendments to securitization documents and servicing agreements with third parties, and in the preparation of documentation related to such amendments, including negotiations with parties to such amendments, rating agencies, and other interested parties.

41.    To provide an orderly and meaningful summary of the services rendered by the

Applicant on behalf of the Debtors during the Fifth Interim Fee Period and the Final Fee Period,

the Applicant established, in accordance with the Guidelines and its internal billing procedures,

separate project categories in connection with the Chapter 11 cases.  The following is a summary

of the most significant professional services rendered by the Applicant during the Fifth Interim

Fee Period and the Final Fee Period organized in accordance with the Applicant's internal

system of project categories:

16

     (i)     **PSA Amendments (Matter 141):**
            **Fifth Interim Fee Period:  Fees: $0.00; Expenses: $0.00; Hours: 0.00**
            **Final Fee Period:  Fees: $1,098,264.31; Expenses: $1,312.93; Hours: 2,266.20**

**Final Fee Period:**  In connection with this matter, Orrick researched and analyzed numerous documents in connection with preparing amendments to pooling and servicing agreements for loans in securitizations as well as servicing agreements for loans that the Debtors service but that are not in securitizations.  Orrick played a lead role in advising the Debtors and Morrison & Foerster regarding the amendment process and the consents necessary for such amendments.  Orrick reviewed various Wells Fargo servicing agreements and corresponding securitization documents to determine who must consent to an amendment to add servicer advance language.  Orrick prepared a draft form PSA amendment and a draft servicing agreement for Impac loans.  Orrick also advised the Debtors regarding the status of negotiations with the trustees and discussed concerns with required amendment language.  Orrick participated in telephone conferences and negotiations with certain parties, including, *inter alia*, the trustees and their counsel, in connection with the asset purchase agreement with Nationstar, which requires that certain provisions be added to the pooling and servicing agreements and the servicing agreements to explicitly permit the financing of servicing advances.  In addition, Orrick advised the Debtors in connection with the MetLife amendments and certain indemnification issues for the RALI trust servicing transfer to Nationstar.  Orrick also participated in telephone conferences with Credit Suisse and attorneys from SNR Denton regarding the MetLife amendments and the Goldman Sachs amendments.

Orrick also reviewed various GMAC mortgage securitizations to determine if no-downgrade letters were necessary to amend the servicing agreements.  Orrick analyzed certain tax issues, drafted a tax opinion, and participated in telephone conferences with the Debtors and their counsel regarding the same.  Orrick participated in numerous telephone conferences with the Debtors, their counsel, and other parties regarding the trustee's revised term sheet, due diligence issues, and pooling and servicing agreements.  Orrick also reviewed various ResCap REMIC deal documents.  Orrick analyzed certain private label securitization servicing agreements related to advance facilities to see if they contained the applicable provisions from the asset purchase agreement and certain underlying documents in order to prepare deal-specific amendments.  Orrick also responded to questions from Debtors' counsel regarding FGIC and Ambac contracts and responded to questions from Ocwen and others in connection with securitization items in the asset purchase agreement.

Orrick coordinated and conducted a review of various securitization offering documents and operative documents in order to determine whether an insurer was a transaction party, and if so, Orrick reviewed the insurance agreement to determine the requirements for amending operative documents.  In addition, Orrick reviewed and responded to questions from Impac regarding mortgage loan purchase agreements and servicing agreements.  Orrick also reviewed and summarized provisions relating to the assignability of servicing agreements.  Orrick communicated with Debtors' counsel regarding payment of servicing fees under DBALT securitizations and responded to inquiries from the Debtors regarding the status of negotiations with whole loan counterparties.  Orrick reviewed bid packages and summary spreadsheets regarding the Syncora sale and communicated with the Debtors regarding the same.  Orrick also

advised the Debtors on servicing transfers to Deutsche Bank and reviewed a servicing agreement, escrow agreement and assignment and transfer agreement regarding the same.

      (ii)      **General Bankruptcy Administration (Matter 142):**
                **Fifth Interim Fee Period:  Fees: $0.00; Expenses: $0.00; Hours: 0.00**
                **Final Fee Period:  Fees: $26,015.56; Expenses: $146.20; Hours: 56.70**

**Final Fee Period:**  In connection with this matter, Orrick reviewed the Debtors' first day motions, RMBS settlement agreement and related agreements and prepared notices of the Debtors' bankruptcy filings in twelve FGIC cases.  Orrick also reviewed the adversary action to stay the FGIC litigation and corresponded with the Debtors and the Carpenter Lipps law firm regarding the same.  In addition, Orrick reviewed the memorandum opinion and orders authorizing the appointment of an examiner, and various other pleadings relevant to Orrick's retention as the Debtors' special securitization transactional and litigation counsel in these Chapter 11 cases.

      (iii)      **Retention (Matter 143):**
                **Fifth Interim Fee Period:  Fees: $0.00; Expenses: $0.00; Hours: 0.00**
                **Final Fee Period: Fees:  $111,062.12;[11] Expenses: $29.11; Hours: 170.90**

**Final Fee Period:**  In connection with this matter, Orrick prepared its employment application and declaration in support thereof and filed various supplemental declarations in connection therewith.

.    (iv)      **Compensation (Matter 144):**
                **Fifth Interim Fee Period: Fees: $17,746.00;[12] Expenses: $150.80;**
                      **Hours: 34.20**
                **Final Fee Period: Fees: $156,813.90;[13] Expenses: $356.60; Hours: 289.30**

**Fifth Interim Fee Period:**  In connection with this matter, Orrick prepared, reviewed, revised and finalized its monthly fee statements for July, August, September and October 2013 and its fourth interim fee statement.  Orrick also participated telephonically in the September 11, 2013 and December 17, 2013 hearings regarding its quarterly fee applications.

---

[11] Orrick voluntarily reduced its fees for this project category in the aggregate amount of $40,755.10 as stated in its First and Third Interim Fee Applications.

[12] Orrick voluntarily reduced its fees for this project category in the aggregate amount of $20,188.93 in connection with reviewing and revising its monthly time records and in defending its fourth interim fee application in response to objections from the U.S. Trustee.

[13] Orrick voluntarily reduced its fees for this project category as follows: (i) reduction of $8,606.05 as stated in its First Interim Fee Application, (ii) reduction of $46,949.10 as stated in its Second Interim Fee Application, (iii) reduction of $16,857.75 as stated in its Third Interim Fee Application, and (iv) reduction of $14,326.00 as stated in its Fourth Interim Fee Application.

**Final Fee Period:**  In connection with this matter, Orrick prepared, reviewed, revised and finalized its monthly and quarterly fee applications for the time period May 14, 2012 through December 17, 2013.  Orrick also participated in the hearings regarding its quarterly fee applications.

> (v)     **Securitization Questions (Matter 146):**
>           **Fifth Interim Fee Period: Fees: $8,913.41; Expenses: $0.00; Hours: 17.70**
>           **Final Fee Period: Fees: $214,868.67; Expenses: $2,226.41; Hours: 438.30**

**Fifth Interim Fee Period:**  In connection with this matter, Orrick reviewed certain agreements regarding the GMACM 2010-1 trust and corresponded with the Debtors regarding the same. Orrick also reviewed and revised a side letter, communicated with the Dreher Tomkies firm regarding certain securitization issues, and corresponded with the Debtors regarding the same. In addition, Orrick, reviewed, revised and considered comments to a mortgage loan purchase and interim servicing agreement.  Orrick communicated with the Debtors and Morrison & Foerster regarding certain rights under assignment and assumption agreements.  Orrick also reviewed and revised an engagement letter with Mission Capital and communicated with the Debtors regarding the same.

**Final Fee Period:**  In connection with this matter, Orrick reviewed numerous documents including certain pooling and servicing agreements, assignment and assumption agreements, mortgage loan purchase agreements, and home loan purchase agreements in connection with separate deals.  Orrick also reviewed contractual provisions related to trustee fee arrangements. Orrick provided Debtors' counsel with its advice and analysis with respect thereto and responded to inquiries regarding the same.  In addition, Orrick advised the Debtors regarding the payment of FGIC premiums under the securitization documents and discussed the submissions of claims to Ambac.

Orrick researched New York trust law to determine the applicability to certain pooling and service agreement questions, responded to questions regarding precedent RALI and RAMP securitizations, and participated in telephone conferences with the Debtors regarding pooling agreements.  Orrick also reviewed certain securitization structures that include certificate insurers and transaction documents related to the securitizations and noted the voting rights provisions related to the insurer and insured certificates.  In addition, Orrick researched certain voting rights issues.  Orrick also reviewed various documents relating to mortgage loan loss mitigations and responded to inquiries from the Debtors regarding the Ambac payments and Ambac's potential rights to reimbursement.  In addition, Orrick reviewed and analyzed a GMAC GMEN deal in connection with various issues.  Orrick also communicated with Wells Fargo regarding the GMAC GMEN lost note affidavit.  In addition, Orrick prepared and distributed a notice to Wells Fargo Bondholder Communications regarding GMAC Mortgage, LLC's lost equity certificate.

Orrick reviewed and responded to inquiries from the Debtors regarding an annual certification issue.  In addition, per the Debtors' request, Orrick researched certain issues regarding repurchase rights provisions.  Orrick also responded to an inquiry from the Debtors regarding the form of issuers.  Orrick reviewed various HUD sale programs and an organizational chart of the single-family mortgage division.  Orrick also reviewed, drafted and distributed a Disbursement

Agreement and Agreement Regarding Servicing Transfer Procedures.  In addition, Orrick reviewed and provided comments on the Deutsche Bank stipulation.  Orrick reviewed various Ambac deals and prepared an email summary to the Debtors regarding the same.  Orrick reviewed and finalized the escrow agreement between GMAC Mortgage, LLC, Deutsche Bank and U.S. Bank.  Orrick also reviewed certain securitization documents regarding tax issues and communicated internally regarding the same.  In addition, Orrick communicated with the Department of Housing and Urban Development regarding the sale of mortgage loans guaranteed by the FHA.  Orrick advised the Debtors and Morrison & Foerster regarding a potential servicing transfer of various Ambac deals.  Orrick reviewed, analyzed and prepared an email summary of the Advance Facility Notification received from Deutsche Bank.  Orrick also researched certain issues relating to Wells Fargo as a custodian and communicated with the Katten Muchin law firm regarding the same.  In addition, Orrick advised the Debtors regarding the collapse of a GMACM deal.  Orrick participated in a telephone conference with the Debtors regarding a FHA bulk sale and responded to questions regarding the same.  Orrick drafted and distributed a side letter agreement and communicated with the Debtors regarding the same.

(vi)     **Resolution of Pre-Bankruptcy Transactions (148):**
         **Fifth Interim Fee Period: Fees: $93,359.53; Expenses: $2,140.00; Hours: 163**
         **Final Fee Period: Fees: $275,843.53; Expenses: $535.00; Hours 500.50**

**Fifth Interim Fee Period:**  In connection with this matter, Orrick communicated with the Debtors regarding certain regulatory issues, FHA securitization issues and the form of a mortgage loan purchase agreement.  Orrick also reviewed issues regarding liquidation of the GMACM 2010-1 transaction.  Orrick participated in telephone conferences with the Debtors regarding the Ginne Mae Guide, recourse issues for liquidating trust securities, requirements for HUD and VA loans and GMACM 2010-1.  Orrick also participated in a telephone conference with Morrison & Foerster and counsel for the creditors' committee regarding issues with the liquidating trust.  Orrick conducted numerous telephone conferences with the Debtors to advise them in connection with certain mortgage insurance policy agreements.  Orrick also advised the Debtors on FHA regulations and dissolution strategies.  Orrick researched certain HUD and FHA regulations and responded to questions from the Debtors regarding the same.  Orrick reviewed bills of sale and drafted a residual sale agreement.

**Final Fee Period:**  In connection with this matter, Orrick reviewed various documents including certain indentures, servicing agreements or pooling and servicing agreements and certain amendments thereto.  Orrick also reviewed the DIP credit agreement to confirm that it conformed with pooling and service agreement amendment requirements and in connection with the termination of funding facilities.  Orrick participated in telephone conferences with the Debtors regarding the same.  Orrick advised the Debtors regarding certain MBIA insured transactions.  Orrick also prepared notices to the trustees regarding certain securitizations and advance reimbursement amounts.  In addition, Orrick sent notices to the pooling and servicing trustees indicating that the pre-petition advance facility related to the securitizations was terminated.  Orrick prepared amendments to certain indentures, declarations of trust and servicing agreements.  Orrick also advised Morrison & Foerster regarding pre-bankruptcy pooling and servicing agreements.  In addition, Orrick reviewed and revised certain assignment and assumption agreements in connection with the MetLife transfer and responded to inquiries

from the Debtors regarding the same.  Orrick also advised the Debtors regarding the termination of servicing under certain Deutsche Bank transactions.

Orrick reviewed various Ally/ResCap swap agreements and responded to inquiries regarding REO advances on legacy ResCap loans.  Orrick also advised the Debtors and Morrison & Foerster regarding verification agent fees under the GSAP facility and cash flows of subordinate certificates in the GMEN transaction.  Orrick advised the Debtors regarding various legacy securitizations and advance reimbursement mechanisms in ResCap sponsored securitizations.  In addition, Orrick reviewed and provided comments on a MetLife and Credit Suisse Assignment, Assumption and Recognition Agreement.  Orrick advised the Debtors regarding a securitization with various counterparties and a November 2010 residual sale.  Orrick also reviewed certain securitization documents to advise as to certificate holdings.

Orrick revised a request for withdrawal of a registration statement and communicated with the Debtors and other parties regarding the same.  Orrick also reviewed and revised certain mortgage loan purchase agreements and related documents in connection with a FHA loan sale.  In addition, Orrick communicated with the Debtors, Sidley & Austin, Kramer Levin, Centerview Partners and others regarding the same.  Orrick also analyzed certain tax issues and opinions and advised the Debtors regarding the same.  Orrick reviewed and responded to an inquiry from the Debtors regarding REMIC tax returns.  Orrick also reviewed various subservicing agreements and securitization agreements to determine certain issues relating to the servicer.

Orrick corresponded with the Debtors regarding certain HUD questions and a DIP financing structure, reviewed and responded to emails from Impac and Sidley regarding servicing agreement claims, and corresponded with Debtors' counsel regarding the same.  Orrick also reviewed and responded to emails from Impac and Debtors' counsel regarding Impac's pre-bankruptcy claims and servicing arrangements with GMACM and Ocwen.  In addition, Orrick reviewed and responded to emails from the Debtors regarding the disposition of FHA insured loans.  Orrick also reviewed drafts of servicing rights transfer documents.  Orrick also responded to inquiries from the Debtors regarding the disposition of loans and conducted research regarding RESPA liability.  In addition, Orrick reviewed a HUD participating servicer agreement and other material regarding HUD loan sales.  Orrick reviewed certain past transactions to analyze various tax issues and participated in a telephone conference with the Debtors and others regarding the same.

    (vii)    **SEC Investigation Assistance (Matter 149):**
        **Fifth Interim Fee Period:  Fees: $0.00; Expenses: $0.00; Hours: 0.00**
        **Final Fee Period: Fees: $3,532.10; Expenses $201.00; Hours 4.20**

**Final Fee Period:**  In connection with this matter, Orrick reviewed certain pleadings and subpoenas regarding a SEC investigation and advised the Debtors regarding the same.

(viii)   **Non-Securitization Issues (Matter 150):**
Fifth Interim Fee Period:  Fees: $0.00; Expenses: $0.00; Hours: 0.00
Final Fee Period:  Fees: $6,099.97; Expenses $0.00; Hours 9.20

**Final Fee Period:**  In connection with this matter, Orrick analyzed a confidential legal issue involving the UK and advised the Debtors with respect thereto.

(ix)   **Termination of Servicing Contracts (Matter 151):**
Fifth Interim Fee Period:  Fees: $0.00; Expenses: $0.00; Hours: 0.00
Final Fee Period: Fees: $22,364.85; Expenses: $0.00; Hours 27.70

**Final Fee Period:**  In connection with this matter, Orrick reviewed termination provisions of contracts where Ambac, Shellpoint and others delivered notices of servicing termination in order to analyze rights to terminate, and advised the Debtors and Morrison & Foerster regarding the same.  In addition, Orrick researched and provided its analysis to the Debtors and their counsel regarding the bases to object to terminations.

## REASONABLE AND NECESSARY SERVICES
## RENDERED BY ORRICK

42.     Orrick respectfully submits that the professional services rendered by Orrick on behalf of the Debtors during the Fifth Interim Fee Period and the Final Fee Period were reasonable, necessary and appropriate to the administration of these Chapter 11 cases and related matters.

43.     Orrick advised and assisted the Debtors and Morrison & Foerster during critical parts of these Chapter 11 cases, which ultimately led to the successful Platform Sale to Ocwen. To this end, as set forth in detail in **Exhibit H** of this Final Application, numerous Orrick attorneys and paraprofessionals from various practice groups expended 214.90 hours during the Fifth Interim Fee Period and 3,763.00 hours during the Final Fee Period rendering professional services on behalf of the Debtors.

44.     During the Fifth Interim Fee Period, Orrick's hourly billing rates for attorneys ranged from $874 to $190.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $578.40.

45.     During the Final Fee Period, Orrick's hourly billing rates for attorneys ranged from $875 to $90.25.[14]  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $547.73.

46.     The fees charged by Orrick in these Chapter 11 cases are billed in accordance with its existing billing rates and procedures in effect during the respective fee application periods.  The rates Orrick charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are the same rates Orrick charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases in a competitive national legal market.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY ORRICK

47.     As set forth in **Exhibit I** attached hereto, Orrick has incurred a total of $2,290.80 in expenses on behalf of the Debtors in providing professional services during the Fifth Interim Fee Period and $4,807.25 in expenses during the Final Fee Period.

48.     The basis for these expenses is Orrick's actual cost of these services.  Each of these categories of expenses does not exceed and, in some instances, is below the maximum rate set by the Guidelines.

49.     Orrick believes that the actual expenses incurred in providing professional services during the Fifth Interim Fee Period and the Final Fee Period were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors in these Chapter 11 cases.

---

[14] As noted in each of Orrick's interim fee applications, Orrick began representing the Debtors more than twenty years ago.  In connection with its longstanding representation, Orrick has historically billed the Debtors at a discounted hourly rate for legal services rendered.  During the pendency of these Chapter 11 cases, Orrick agreed to continue to bill the Debtors at its discounted hourly rates.

**ORRICK'S REQUESTED FEES AND
REIMBURSEMENT OF EXPENSES SHOULD BE ALLOWED BY THIS COURT**

50.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 sets forth the criteria for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24

51.     In the instant case, Orrick respectfully submits that the services for which it seeks compensation in this Final Fee Application, which includes the Fifth Interim Fee Application, were necessary for and beneficial to the Debtors and were rendered in order to protect and preserve the value of the Debtors' estates during the pendency of these Chapter 11 cases.  Orrick respectfully submits that the services rendered to the Debtors were performed economically, effectively and efficiently and the results obtained have benefited not only the Debtors, but also the unsecured creditor body as a whole.  Orrick further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors and all parties in interest.

52.     In sum, the services rendered by Orrick were necessary and beneficial to the Debtors and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.  Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

53.     Orrick will provide a copy of this Final Application to: (a) the Liquidating Trust; (b) counsel to the Creditors' Committee; (c) the U.S. Trustee; and (d) counsel to AFI and Ally Bank.

## NO PRIOR REQUEST

54.     No prior application for the relief requested herein has been made to this Court or any other court.

WHEREFORE, Orrick respectfully requests the Court enter an order:

(i) awarding on a final basis compensation for professional services rendered during the Fifth Interim Fee Period in the amount of $120,018.94 and reimbursement for actual and

25

necessary expenses incurred by Orrick during the Fifth Interim Fee Period in the amount of $2,290.80;

(ii) awarding on a final basis aggregate fees in the amount of $1,844,902.19, and aggregate expenses in the amount of $4,807.25 for the Final Fee Period, which includes the fees and expenses for the Fifth Interim Fee Period;

(iii) authorizing and directing payment by the Debtors of any remaining holdback amounts due and owing to Orrick in connection with the First through the Fourth Interim Fee Applications;

(iv) approving and directing the Debtors' payment of all allowed fees for services rendered and expenses incurred by Orrick in connection with these Chapter 11 cases that remain unpaid as of the date of entry of the Order; and

(v) granting Orrick such other and further relief as is just and proper.


Dated: March 3, 2014                    */s/ Katharine I. Crost*
       New York, NY                     Katharine I. Crost (New York Bar No. 1391523)
                                        Lorraine S. McGowen (New York Bar No. 2137727)
                                        ORRICK HERRINGTON & SUTCLIFFE LLP
                                        51 W. 52nd Street
                                        New York, NY  10019-6142
                                        Telephone:  (212) 506-5000
                                        Facsimile:  (212) 506-5151

                                        *Special Securitization Transactional
                                        and Litigation Counsel to the Debtors
                                        and Debtors in Possession*