IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | Case No. 12-12020(MG) |
| Residential Capital, LLC, et al.., | : | Jointly Administered |
| | : | |
| Debtors. | : | Hearing Date: May 15, 2014, 10:00 a.m. |
| | : | Objection Deadline: March 24, 2014 |

**FIRST AND FINAL APPLICATION OF WEIR & PARTNERS LLP, SPECIAL COUNSEL FOR DEBTORS, FOR ALLOWANCE AND DISBURSEMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 14, 2012 THROUGH DECEMBER 17, 2013**

Weir & Partners LLP ("Applicant"), special counsel to the above-captioned debtors and debtors in possession (the "Debtors") in the above-referenced chapter 11 cases, (the "Chapter 11 Cases"), respectfully submits its first and final application for allowance of compensation and reimbursement of expenses (this "Application") pursuant to sections 330(a) and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "Interim Compensation Order"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUND

3.      On May 14, 2012 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 26, 2012, the Debtors filed a Motion for Order Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 514] (the "Retention Application").

5.      On July 17, 2012, this Court entered the Order Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799] (the "Retention Order").

6.      Pursuant to the Retention Order, Applicant represents the Debtors in connection with litigation pending in the matter captioned *In re Image Masters, Inc., et al.*, United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 07-2158, Adversary No. 09-2092, and its related appeal pending in the United States District Court for the Eastern District of Pennsylvania, Case Nos. 10-01141 and 13-00290.

7.      The statutory predicate for the relief requested herein is Bankruptcy Code sections 330 and 331, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Bankruptcy Rules.

447239_1

## SUMMARY OF REQUESTED COMPENSATION AND REIMBURSEMENT OF EXPENSES

8. This Application covers the period from May 14, 2012 through and including December 17, 2013 (the "Application Period") for services rendered on behalf of the Debtors, and seeks an allowance of (a) compensation for professional services rendered in the amount of $2,583.00 and (b) reimbursement of all expenses incurred during the Application Period in connection with the rendition of such services in the aggregate amount of $159.28, for a total payment of $2,742.28.

9. A schedule setting forth a description of project categories utilized in this case, the number of hours expended by professionals and paraprofessionals by project category and aggregate fees associated with each project category during the Application Period is attached hereto as Exhibit "A."

10. A summary of hours spent, the names of each professional and paraprofessional rendering services to the Debtors during the Application Period, the regular customary billing rates and the total value of time incurred by each professional and paraprofessional rendering services is attached hereto as Exhibit "B."

11. All services for which compensation and reimbursement of expenses are requested by Applicant were performed for, and on behalf of, the Debtors. Applicant has annexed to this Application as Exhibit "C," a printout of the actual time recorded, the services rendered, the date the services were rendered, and the names of the individuals performing the services by Applicant during the Application Period on behalf of the Debtors (the "Time Records").

12. The Time Records list the services performed by Applicant's professionals and paraprofessionals. The Time Records also set forth the dates when such services were rendered, the

447239_1

nature of the services performed and the party who performed the services, the time expended for such services, and the amount billed for such services.

13. The Time Records are created contemporaneously with the rendition of the services and reflect the Applicant's recorded time for the legal services rendered on behalf of the Debtors.

14. The billing rate for each of the persons referenced in the Time Records is equal to the billing rate for such persons' time for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. Such hourly rates range from $375 to $390 for attorneys and $120 for paraprofessionals.

15. A summary of actual and necessary expenses incurred by Applicant during the Application Period is attached hereto as Exhibit "D."

16. There is no agreement or understanding between Applicant and any other person, other than the Applicant's partners, for the sharing of compensation to be received for the services rendered in this case.

**COMPLIANCE WITH THE UST GUIDELINES**

17. The Application complies with the UST Guidelines as set forth in the Certification of Bonnie R. Golub, annexed hereto as Exhibit "E."

**PROFESSIONAL SERVICES RENDERED DURING APPLICATION PERIOD**

18. In this Application, Applicant seeks a final award of (a) compensation for professional services rendered in the amount of $2,349.00 and (b) reimbursement of all expenses incurred during the Application Period in connection with the rendition of such services in the aggregate amount of $154.68, for a total interim award for compensation and expenses for the Application Period of $2,503.68.

447239_1

## LEGAL STANDARD

19.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Bankruptcy Code §327 "reasonable compensation for actual necessary services rendered…and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1).

20.     Bankruptcy Code §330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

21.     The "lodestar" method of fee calculation developed by the Third Circuit is the method used to determine a "reasonable" attorney fee in all the federal courts, including the bankruptcy courts in this Circuit. *In re Cena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990) (*citing Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). *Accord, In re Poseidon Pools of America, Inc.*, 216 B.R. 98, 100 (E.D.N.Y. 1997); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991).

22. Applicant respectfully submits that the services for which it seeks allowance of compensation are necessary for and beneficial to the Debtors' cases, and that the requested fees and charges are reasonable. Thus, approval of the compensation sought in this Application is warranted.

23. No previous application or motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** Applicant seeks the entry of an order: (i) approving its first and final fee application, and awarding and authorizing payment, as follows (a) compensation for professional services rendered in the amount of $2,349.00 and (b) reimbursement of all expenses incurred during the Application Period in connection with the rendition of such services in the amount of $154.68, for a total payment of $2,503.68; and (ii) granting Applicant such further relief as this Court may deem proper.

Dated: March 3, 2013

**WEIR & PARTNERS LLP**

By: /s/ *Bonnie R. Golub*
Bonnie R. Golub, Esquire
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181
bgolub@weirpartners.com
*Special Counsel for Residential Capital, LLC, et al*

6

447239_1