PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Maria A. Bove
Jason H. Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>               Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**FOURTH AND FINAL FEE APPLICATION OF**
**PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE (I) FOURTH**
**INTERIM COMPENSATION PERIOD OF SEPTEMBER 1, 2013 THROUGH**
**DECEMBER 17, 2013 AND (II) FINAL COMPENSATION PERIOD FROM**
**SEPTEMBER 19, 2012 THROUGH DECEMBER 17, 2013**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

Name of Applicant:                        Pachulski Stang Ziehl & Jones LLP

Role in Case:                             Co-Counsel to Official Committee of
                                          Unsecured Creditors

Petition Date:                            May 14, 2012

Retention Date:                           September 19, 2012


**Fourth Interim Period**:                September 1, 2013 to December 17, 2013

Fourth Interim Fees Requested:            $1,865,431.00
Fourth Interim Expenses Requested:        $50,444.07[1]
Total Amount Requested for the Fourth Interim:  $1,915,875.07


**Final Period**:                         September 19, 2012 to December 17, 2013

Final Fees Requested:                     $4,844,469.07
Final Expenses Requested:                 $94,832.44
Total Amount Requested for the Final Period:  $4,939,301.51


Aggregate Amounts Paid to Date for
All Compensation Periods:                 $4,303,300.69

Prior Applications:                       First – Third Interim Applications


**This is a Final Application**.

---

[1]     This amount reflects a voluntary write-off for additional expenses in the amount of $1,689.50 taken by
PSZJ pursuant to this application.  These expenses are for disbursements marked "RE2 SCAN/COPY" in
the November Monthly Fee Statement.  Such summary entry has been marked on Exhibit E.

| Total Compensation and Expenses Previously Requested and Awarded | | | | | | |
|---|---|---|---|---|---|---|
| **Date Filed** | **Docket No.** | **Period Covered** | **Requested Fees** | **Requested Expenses** | **Approved Fees** | **Approved Expenses** |
| 03/13/13 | 3162 | 09/19/12 – 12/31/12 | $341,678.75 | $4,267.85 | $332,996.75 | $4,055.05 |
| 08/07/13 | 4534 | 01/01/13 – 04/30/13 | $349,099.50 | $13,706.60 | $347,570.50 | $13,234.90 |
| 11/18/13 | 5814 | 05/01/13 – 08/31/13 | $2,322,386.50 | $28,182.74 | $2,298,470.82 | $27,098.42 |
| **TOTAL:** | | **09/19/12 – 08/31/13** | **$3,013,164.75** | **$46,157.19** | **$2,979,038.07** | **$44,388.37** |
| Summary of Compensation Requested and Paid During the Fourth Interim Period | | | | | | |
| **Date Served** | **Compensation Period** | **Requested Fees** | **Requested Expenses** | **Fees Paid** | **Expenses Paid** | **20% Fee Holdback** |
| 10/23/13 | 09/01/13 – 09/30/13 | $865,434.50 | $18,541.46 | $692,347.60 | $18,541.46 | $173,086.90 |
| 12/03/13 | 10/01/13 – 10/31/13 | $769,985.00 | $27,347.26 | $615,988.00 | $27,347.26 | $153,997.00 |
| 01/08/14 | 11/01/13 – 11/30/13 | $198,057.00 | $5,859.56 | $158,445.60 | $5,859.56 | $39,611.40 |
| 01/22/14 | 12/01/13 – 12/17/13 | $31,954.50 | $385.29 | $25,563.60 | $385.29 | $6,390.90 |
| **TOTAL:** | **09/01/13 – 12/17/13** | **$1,865,431.00** | **$52,133.57** | **$1,492,344.80** | **$52,133.57** | **$373,086.20** |

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL
FOR THE PERIOD FROM SEPTEMBER 19, 2012 THROUGH DECEMBER 17, 2013**

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| **Partners** | | | | |
| Dean A. Ziehl | 1978 | $ 975.00 | 81.90 | $ 79,852.50 |
| Dean A. Ziehl | 1978 | $ 955.00 | 32.90 | $ 31,419.50 |
| Dean A. Ziehl | 1978 | $ 487.50 | 7.00 | $ 3,412.50 |
| Robert J. Feinstein | 1982 | $ 975.00 | 579.10 | $ 564,622.50 |
| Robert J. Feinstein | 1982 | $ 955.00 | 68.10 | $ 65,035.50 |
| Robert B. Orgel | 1981 | $ 915.00 | 69.10 | $ 63,226.50 |
| Robert B. Orgel | 1981 | $ 875.00 | 19.20 | $ 16,800.00 |
| Jeremy V. Richards | 1982 | $ 875.00 | 1.20 | $ 1,050.00 |
| Alan J. Kornfeld | 1987 | $ 860.00 | 5.70 | $ 4,902.00 |
| Henry C. Kevane | 1986 | $ 850.00 | 600.40 | $ 510,340.00 |
| Henry C. Kevane | 1986 | $ 815.00 | 85.20 | $ 69,438.00 |
| Henry C. Kevane | 1986 | $ 407.50 | 11.50 | $ 4,686.25 |
| John A. Morris | 1991 | $ 835.00 | 1217.10 | $ 1,016,278.50 |
| John A. Morris | 1991 | $ 815.00 | 89.90 | $ 73,268.50 |
| Linda F. Cantor | 1991 | $ 835.00 | 93.40 | $ 77,989.00 |
| David J. Barton | 1981 | $ 795.00 | 3.00 | $ 2,385.00 |
| Iain A. W. Nasatir | 1983 | $ 795.00 | 78.50 | $ 62,407.50 |
| Stanley E. Goldich | 1980 | $ 795.00 | 5.30 | $ 4,213.50 |
| Ellen M. Bender | 1984 | $ 775.00 | 173.90 | $ 134,772.50 |
| Bruce Grohsgal | 1990 | $ 750.00 | 51.50 | $ 38,625.00 |
| Maxim B. Litvak | 1997 | $ 750.00 | 21.00 | $ 15,750.00 |
| James E. O'Neill | 1985 | $ 695.00 | 47.00 | $ 32,665.00 |
| Harry D. Hochman | 1987 | $ 695.00 | 27.00 | $ 18,765.00 |
| Nina L. Hong | 1996 | $ 625.00 | 230.10 | $ 143,812.50 |
| Ilan D. Scharf | 2001 | $ 595.00 | 11.70 | $ 6,961.50 |
| Ilan D. Scharf | 2001 | $ 575.00 | 70.90 | $ 40,767.50 |
| **Partners Total:** | | | **3681.60** | **$ 3,083,446.25** |
| **Of Counsel** | | | | |
| Daryl G. Parker | 1970 | $ 775.00 | 49.10 | $ 38,052.50 |
| James K. T Hunter | 1976 | $ 775.00 | 75.70 | $ 58,667.50 |
| Steven J. Kahn | 1977 | $ 745.00 | 0.10 | $ 74.50 |
| Victoria A. Newmark | 1996 | $ 695.00 | 136.80 | $ 95,076.00 |
| Maria A. Bove | 2001 | $ 675.00 | 191.80 | $ 129,465.00 |

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Maria A Bove | 2001 | $ 645.00 | 4.70 | $ 3,031.50 |
| Jonathan J. Kim | 1996 | $ 645.00 | 154.60 | $ 99,717.00 |
| Gina F. Brandt | 1976 | $ 645.00 | 74.70 | $ 48,181.50 |
| Gina F. Brandt | 1976 | $ 615.00 | 11.30 | $ 6,949.50 |
| Robert M. Saunders | 1984 | $ 625.00 | 177.60 | $ 111,000.00 |
| Gail S. Greenwood | 1994 | $ 625.00 | 189.30 | $ 118,312.50 |
| Erin E, Gray | 1992 | $ 625.00 | 66.70 | $ 41,687.50 |
| Jeffrey P. Nolan | 1992 | $ 625.00 | 62.80 | $ 39,250.00 |
| Gabrielle A. Rohwer | 1997 | $ 625.00 | 9.20 | $ 5,750.00 |
| Gabrielle A. Rohwer | 1997 | $ 595.00 | 12.50 | $ 7,437.50 |
| Jeffrey Kandel | 1984 | $ 615.00 | 8.30 | $ 5,104.50 |
| Scotta E. McFarland | 1993 | $ 615.00 | 2.30 | $ 1,414.50 |
| William L. Ramseyer | 1980 | $ 595.00 | 110.90 | $ 65,985.50 |
| Cia H. Mackle | 2006 | $ 475.00 | 374.50 | $ 177,887.50 |
| Cia H. Mackle | 2006 | $ 450.00 | 2.10 | $ 945.00 |
| **Of Counsel Total:** | | | **1715.00** | **$ 1,053,989.50** |
| **Associates** | | | | |
| Teddy M. Kapur | 2004 | $ 525.00 | 122.90 | $ 64,522.50 |
| Jason H. Rosell | 2010 | $ 450.00 | 1326.10 | $ 596,745.00 |
| Jason H. Rosell | 2010 | $ 425.00 | 3.20 | $ 1,360.00 |
| **Associates Total:** | | | **1452.20** | **$ 662,627.50** |
| **Paralegals** | | | | |
| Leslie A. Forrester | N/A | $ 295.00 | 6.30 | $ 1,858.50 |
| Patricia J. Jeffries | N/A | $ 295.00 | 5.40 | $ 1,593.00 |
| Denise A. Harris | N/A | $ 285.00 | 62.60 | $ 17,841.00 |
| Denise A. Harris | N/A | $ 265.00 | 0.50 | $ 132.50 |
| Thomas J. Brown | N/A | $ 245.00 | 229.50 | $ 56,227.50 |
| Thomas J. Brown | N/A | $ 220.00 | 4.00 | $ 880.00 |
| **Paralegal Total:** | | | **308.30** | **$ 78,532.50** |
| | | | | |
| **TIME CHARGES TOTAL:** | | | **7,157.10** | **$ 4,878,595.75** |
| **Blended Hourly Rate (Attorneys and Paras.)** | | | | **$ 681.64** |
| **Blended Hourly Rate (Attorneys)** | | | | **$ 700.86** |

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL
FOR PERIOD SEPTEMBER 1, 2013 THROUGH DECEMBER 17, 2013**

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| **Partners** | | | | |
| Robert J. Feinstein | 1982 | $ 975.00 | 323.70 | $ 315,607.50 |
| Henry C. Kevane | 1986 | $ 850.00 | 309.20 | $ 262,820.00 |
| John A. Morris | 1991 | $ 835.00 | 584.60 | $ 488,141.00 |
| Linda F. Cantor | 1991 | $ 835.00 | 9.70 | $ 8,099.50 |
| Ellen M. Bender | 1984 | $ 775.00 | 93.50 | $ 72,462.50 |
| Maxim B. Litvak | 1997 | $ 750.00 | 21.00 | $ 15,750.00 |
| Nina L. Hong | 1996 | $ 625.00 | 168.40 | $ 105,250.00 |
| **Of Counsel** | | | | |
| Victoria A. Newmark | 1996 | $ 695.00 | 24.60 | $ 17,097.00 |
| Maria A. Bove | 2001 | $ 675.00 | 123.80 | $ 83,565.00 |
| Robert M. Saunders | 1984 | $ 625.00 | 12.10 | $ 7,562.50 |
| Gail S. Greenwood | 1994 | $ 625.00 | 122.00 | $ 76,250.00 |
| Gabrielle A. Rohwer | 1997 | $ 625.00 | 9.20 | $ 5,750.00 |
| Cia H. Mackle | 2006 | $ 475.00 | 109.90 | $ 52,202.50 |
| **Associates** | | | | |
| Jason H. Rosell | 2010 | $ 450.00 | 691.30 | $ 311,085.00 |
| **Paralegals** | | | | |
| Denise A. Harris | N/A | $ 285.00 | 60.20 | $ 17,157.00 |
| Thomas J. Brown | N/A | $ 245.00 | 108.70 | $ 26,631.50 |
| **TIME CHARGES TOTAL:** | | | **2771.90** | **$1,865,431.00** |
| **Blended Hourly Rate (Attorneys and Paralegals)** | | | | **$672.98** |
| **Blended Hourly Rate (Attorneys)** | | | | **$699.82** |

## TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ........................................................................2

BACKGROUND .............................................................................................2

PSZJ'S INTERIM APPLICATIONS ...............................................................3

COMPLIANCE WITH THE GUIDELINES....................................................5

PSZJ MONTHLY FEE STATEMENTS .........................................................5

SUMMARY OF PROFESSIONAL COMPENSATION  AND REIMBURSEMENT OF
     EXPENSES REQUESTED ....................................................................6

SUMMARY OF SERVICES RENDERED.......................................................7

SUMMARY OF ACTUAL AND NECESSARY DISBURSEMENTS......................11

THE REQUESTED COMPENSATION SHOULD BE ALLOWED ............................12

STATEMENTS OF PSZJ PURSUANT TO BANKRUPTCY RULE 2016(a).............13

NOTICE......................................................................................................14

NO PRIOR REQUEST ................................................................................14

| | |
|---|---|
| Exhibit A | Certification of Robert J. Feinstein |
| Exhibit B-1 | Summary of Services by Project Category for Total Compensation Period |
| Exhibit B-2 | Summary of Services by Project Category for Fourth Interim Period |
| Exhibit C-1 | Summary of Time Charges and Hourly Rates by Professionals for Total Compensation Period |
| Exhibit C-2 | Summary of Time Charges and Hourly Rates by Professionals for Fourth Interim Period |
| Exhibit D-1 | Summary of Expense Categories for Total Compensation Period |
| Exhibit D-2 | Summary of Expense Categories for Fourth Interim Period |
| Exhibit E | Detail of Time Records and Expenses for Fourth Interim Period |

# TABLE OF AUTHORITIES

**STATUTES**

11 U.S.C. § 1103 ................................................................................................... 11

11 U.S.C. § 1107(a) ............................................................................................... 3

11 U.S.C. § 1108 ................................................................................................... 3

11 U.S.C. § 1409 ................................................................................................... 2

11 U.S.C. § 330 ................................................................................................ 2, 11

11 U.S.C. § 330(a)(1) ........................................................................................... 12

11 U.S.C. § 330(a)(3) ........................................................................................... 12

11 U.S.C. § 331 ................................................................................................... 11

11 U.S.C. § 504 ................................................................................................... 2

11 U.S.C. § 504(b) ............................................................................................... 13

11 U.S.C. § 327 ............................................................................................ 10, 11

18 U.S.C. § 155 ................................................................................................... 2

28 U.S.C. § 1334 ................................................................................................. 2

28 U.S.C. § 1408 ................................................................................................. 2

28 U.S.C. § 157(b) ........................................................................................... 1, 2

**RULES**

Fed. R. Bankr. P. 2016 .................................................................................. 1, 2, 13

Fed. R. Bankr. P. 2016-1 ................................................................................. 1, 2

**Hearing Date: March 26, 2014 at 10:00 a.m.**
**Objection Deadline: March 19, 2014 at 4:00 p.m.**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Maria A. Bove
Jason H. Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**FOURTH AND FINAL FEE APPLICATION OF**
**PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE (I) FOURTH**
**INTERIM COMPENSATION PERIOD OF SEPTEMBER 1, 2013 THROUGH**
**DECEMBER 17, 2013 AND (II) FINAL COMPENSATION PERIOD FROM**
<u>**SEPTEMBER 19, 2012 THROUGH DECEMBER 17, 2013**</u>

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), co-counsel to the Official Committee of

Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in

possession (collectively, the "**Debtors**"), hereby files its fourth and final fee application (the

"**Application**") pursuant to section 330(a) of Title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Rules**") for (i) final allowance of compensation for professional

services performed by PSZJ and the reimbursement of actual and necessary expenses incurred by

PSZJ during the period commencing September 1, 2013 through and including December 17,

2013 (the "**Fourth Interim Period**"); (ii) final approval of professional services rendered by

PSZJ and the reimbursement of actual and necessary expenses incurred by PSZJ during the

period commencing September 19, 2012 through and including December 17, 2013 (the "**Total**

**Compensation Period**"); and (iii) payment of the unpaid portion of such allowed fees and

expenses.  In support of its Application, PSZJ respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28

U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 330

and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the

Local Rules.

## BACKGROUND

3.      On May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.  On June 18, 2012, the Court

directed the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") to

appoint an examiner in these chapter 11 cases.

4.      On May 16, 2012, the U.S. Trustee appointed the Committee.  The U.S.

Trustee selected the following nine (9) parties to serve as members of the Committee: (i)

Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New

York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen;

(vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate

Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

   5. On November 14, 2012, the Committee filed the *Application of Official*

*Committee of Unsecured Creditors for Order Authorizing and Approving the Retention of*

*Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured*

*Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2178].

   6. On December 19, 2012, the Committee filed the *Amended Application of*

*Official Committee of Unsecured Creditors for Order Authorizing and Approving the Retention*

*of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured*

*Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2486].

   7. On January 9, 2013, the Court entered the *Order Approving Retention of*

*Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured*

*Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2587] (the "**Retention Order**").

   8. On February 15, 2013, PSZJ filed the *Declaration of Robert J. Feinstein*

*Pursuant to Order Approving Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to*

*the Official Committee of Unsecured Creditors Nunc Pro Tunc to September 19, 2012* [Docket

No. 2924], which discloses PSZJ's rate increases beginning January 1, 2013.

### PSZJ'S INTERIM APPLICATIONS

   9. On March 13, 2013, PSZJ filed its first interim fee application (the "**First**

**Interim Application**") for the allowance of compensation for professional services rendered and

for reimbursement of actual and necessary expenses incurred from September 19, 2012 through

December 31, 2012.  Pursuant to the First Interim Application, PSZJ sough the interim

allowance of fees in the aggregate amount of $341,678.75 and the interim allowance of the

reimbursement for actual and necessary expenses in the amount of $4,267.85.  On April 29,

2013, the Court entered an order approving the First Interim Application, subject to certain

reductions requested by the U.S. Trustee.

       10.     On August 7, 2013, PSZJ filed its second interim fee application (the

"**Second Interim Application**") for the allowance of compensation for professional services

rendered and for reimbursement of actual and necessary expenses incurred from January 1, 2013

through April 30, 2013.  Pursuant to the Second Interim Application, PSZJ sough the interim

allowance of fees in the aggregate amount of $349,099.50 and the interim allowance of the

reimbursement for actual and necessary expenses in the amount of $13,706.60.  On September

25, 2013, the Court entered an order approving the Second Interim Application, subject to certain

reductions requested by the U.S. Trustee.

       11.     On November 18, 2013, PSZJ filed its third interim fee application (the

"**Third Interim Application**") for the allowance of compensation for professional services

rendered and for reimbursement of actual and necessary expenses incurred from May 1, 2013

through August 31, 2013.  Pursuant to the Third Interim Application, PSZJ sough the interim

allowance of fees in the aggregate amount of $2,322,386.50 and the interim allowance of the

reimbursement for actual and necessary expenses in the amount of $28,182.74.  On December

26, 2013, the Court entered an order approving the Third Interim Application, subject to certain

reductions requested by the U.S. Trustee.

## COMPLIANCE WITH THE GUIDELINES

12.     This Application was prepared in accordance with (i) the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "**Local Guidelines**") established and adopted by the Court pursuant to *Administrative Order M-447* and (ii) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 797] (the "**Interim Compensation Order**" and, together with the Local Guidelines, the "**Guidelines**").

13.     Pursuant to the relevant requirements of the Guidelines, the following exhibits are annexed hereto:

(a)     Exhibit A contains a certification by the undersigned counsel regarding compliance with the Guidelines;

(b)     Exhibit B contains a list of PSZJ's project categories, in accordance with the activity codes recommended by the Guidelines, and the total time billed to each category;

(c)     Exhibit C contains a billing summary that includes the name of each attorney and paraprofessional for whose work compensation is sought, each attorney's year of bar admission, the aggregate time expended by each professional and paraprofessional and the corresponding hourly billing rate at PSZJ's current billing rates, and an indication of the individual amounts requested as part of the Application;

(d)     Exhibit D contains a summary of PSZJ's total actual and necessary out-of-pocket expenses and disbursements; and

(e)     Exhibit E contains PSZJ's time records and expenses prepared and submitted in accordance with the Guidelines.

## PSZJ MONTHLY FEE STATEMENTS

14.     PSZJ maintains computerized records of the time spent by all PSZJ attorneys and paraprofessionals in connection with the representation of the Committee.  PSZJ

submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as

defined in the Interim Compensation Order) in the format specified by the Guidelines, allowing

each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.

During the Fourth Interim Period, PSZJ provided the Notice Parties with the following Monthly

Fee Statements:

| Date Served | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 10/23/13 | 09/01/13 – 09/30/13 | $865,434.50 | $18,541.46 | $692,347.60 | $18,541.46 | $173,086.90 |
| 12/03/13 | 10/01/13 – 10/31/13 | $769,985.00 | $27,347.26 | $615,988.00 | $27,347.26 | $153,997.00 |
| 01/08/14 | 11/01/13 – 11/30/13 | $198,057.00 | $5,859.56 | $158,445.60 | $5,859.56 | $39,611.40 |
| 01/22/14 | 12/01/13 – 12/17/13 | $31,954.50 | $385.29 | $25,563.60 | $385.29 | $6,390.90 |
| **TOTAL:** | **09/01/13 – 12/17/13** | **$1,865,431.00** | **$52,133.57** | **$1,492,344.80** | **$52,133.57** | **$373,086.20** |

15.    In accordance with the Interim Compensation Order, PSZJ sought

payment for 80% of fees and 100% of expenses incurred pursuant to each Monthly Fee

Statement.  At the time of this Application, PSZJ has received $1,544,478.37, which amount

consists of 80% of fees and 100% of expenses requested pursuant to the Monthly Fee Statements

for the Fourth Interim Period.  As of the date hereof, PSZJ has not received any objections to its

Monthly Fee Statements.

### SUMMARY OF PROFESSIONAL COMPENSATION
### AND REIMBURSEMENT OF EXPENSES REQUESTED

16.    Pursuant to this Application, PSZJ seeks final allowance of compensation

for professional services performed during the Fourth Interim Period and the Total

Compensation Period, in the amounts of $1,865,431.00 and $4,844,469.07, respectively.

Additionally, PSZJ seeks reimbursement of expenses incurred in connection with such services

in the amounts of $50,444.07 and $94,832.44 for the Fourth Interim Period and the Total

Compensation Period, respectively.  The amounts for the Fourth Interim Period reflect voluntary

write-offs of (i) fees in the amount of $48,497.50 and expenses in the amount of $23,806.24

taken by PSZJ prior to the submission of its Monthly Fee Statements and (ii) additional expenses

in the amount of $1,689.50 taken by PSZJ pursuant to this Application.  Thus, the amounts for

the Total Compensation Period reflect voluntary write-offs of (i) fees in the amount of

$107,791.25 and (ii) expenses in the amount of $40,019.32.

17.    During the Fourth Interim Period and Total Compensation Period, PSZJ

attorneys and paraprofessionals expended a total of 2,771.90 and 7,157.10 hours, respectively,

for which compensation is requested.

## SUMMARY OF SERVICES RENDERED

18.    Pursuant to the Retention Order, PSZJ was retained: (a) to perform

services on bankruptcy-related matters which involve negotiations, contested hearings, adversary

proceedings, or other matters in which the Committee prosecuted a position that Kramer Levin

Naftalis & Frankel LLP ("**Kramer Levin**") determined would cause an actual or potential

conflict of interest; and (b) to represent the Committee on matters that could be efficiently

handled by PSZJ and the transfer of which was in the Committee's best interests, as determined

by Kramer Levin in consultation with the Committee, which consisted of matters that pertain to

the following items:

> (a)    Such investigation, if any, as the Committee may desire
> concerning, among other things, the assets, liabilities, financial
> condition and operating issues concerning the Debtors that may be
> relevant to these chapter 11 cases;

(b)    The prosecution of any claims brought by the Committee on behalf of the Debtors, including, without limitation, those claims described in the *Order Authorizing the Official Committee of Unsecured Creditors to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates* [Docket No. 2518];

(c)    Review and analysis of certain aspects of the sale of the Debtors' mortgage origination and servicing platform and portfolio of non-conforming held-for-sale loans and certain other securities/mortgage assets;

(d)    Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities;

(e)    The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports, and other legal papers in furtherance of its responsibilities;

(f)    Appearances in Court, participation in litigation as a party in interest, and at statutory meetings of creditors to represent the interests of the Committee in furtherance of its responsibilities; and

(g)    Any other matters assigned to PSZJ by Kramer Levin in consultation with the Committee.

19.    The specific services rendered by PSZJ during the Fourth Interim Period are summarized below.  The following is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in Exhibit E.  The summary of legal services rendered by PSZJ during previous interim compensation periods are described in the First Interim Application, Second Interim Application, and Third Interim Application and are incorporated herein by reference.

20.    The summary of time entries is divided according to the project billing codes that best reflect the categories of tasks performed as identified by the time entries.  However, certain of these categories may overlap with one another.

A.    **Bankruptcy Litigation**

21.    Time billed in this category relates to prosecuting the complaint filed on February 28, 2013 by the Committee against UMB Bank and Wells Fargo (the "**JSN Complaint**"), including, but not limited to:  (i) engaging in expedited factual and expert discovery, including the review and issue coding of JSN and third party document productions; (ii) preparing for and attending various fact and expert witness depositions; (iii) preparing expert witness statements; (iv) preparing responses to JSN discovery requests; (v) researching and analyzing issues relating to the Committee's causes of action set forth in the JSN Complaint; (vi) reviewing relevant Phase II pleadings; and (vii) various correspondence, conference calls, and meetings regarding the JSN Complaint with Kramer Levin, AlixPartners, financial advisor to the Committee, and defendants' counsel.

Fees:  $1,676,843.50          Total hours:  2,502.40

B.    **Case Administration**

22.    Time billed in this category relates to the administration of these cases, service and filing of documents, and related matters.

Fees:  $4,091.50          Total hours:  16.70

C.    **Compensation of Professionals / Others**

23.    Time billed in this category relates to attending to the Committee's objection to Citibank's September fee statement, analyzing the final fee applications of the Chadbourne & Parke LLP and Mesirow Financial, and drafting a limited objection to the final fee application of the Examiner's professionals.

Fees:  $16,125.50          Total hours:  20.50

D.    **Hearings**

24.    Time billed in this category relates to PSZJ attorneys' attendance at various hearings concerning the JSN Complaint and related matters, including the Phase I trial.

**Fees:  $114,440.00          Total hours:  159.90**

E.    **Meeting of Creditors**

25.    Time billed in this category relates to various conference calls with the Committee regarding the status of matters being handled by PSZJ in these cases.

**Fees:  $14,292.00          Total hours:  17.20**

F.    **Non-Working Travel**

26.    Time billed in this category relates to Mr. Kevane's travel between San Francisco and New York to prepare for the Phase I trial.  Time billed in this category was billed at half Mr. Kevane's normal hourly rate.

**Fees:  $9,010.00          Total hours:  10.60**

G.    **Plan & Disclosure Statements**

27.    Time billed in this category relates to the Aurelius Capital discovery dispute regarding subpoenas for trading information.

**Fees:  $5,347.50          Total hours:  5.70**

H.    **PSZJ Compensation**

28.    Time billed in this category relates to services in connection with PSZJ's third interim application for compensation and reimbursement of expenses and related matters.

**Fees:  $8,368.50          Total hours:  15.00**

**I.**        **Retention of Professionals**

29.        Time billed in this category relates to the retention of Mr. Gadsden as an

expert, including drafting Mr. Gadsden's expert retention application and related matters.

**Fees:  $16,912.50          Total hours:  23.90**

30.        The foregoing professional services performed by PSZJ were appropriate

and necessary to the effective administration of these chapter 11 cases.  The services performed

were in the best interests of creditors, the Debtors' estates, and other parties in interest.

Compensation for the foregoing services as requested is commensurate with the complexity,

importance and nature of the problems, issues, or tasks involved.  The professional services were

performed in an appropriately expeditious and efficient manner.

## SUMMARY OF ACTUAL AND NECESSARY DISBURSEMENTS

31.        Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  PSZJ seeks reimbursement of expenses in the amount of $50,444.07 and $94,832.44 for

the Fourth Interim Period and Total Compensation Period, respectively, as detailed in Exhibit D-

1 and Exhibit D-2 annexed hereto.  These amounts reflect the voluntary write-offs taken pursuant

to the Monthly Fee Statements and the additional voluntary write-off in the amount of $1,689.50

taken pursuant to this Application for charges marked "RE2 SCAN/COPY" in the November

Monthly Fee Statement.  Such summary entry has been marked accordingly on Exhibit E.

32.        In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to

expenses for which reimbursement is sought herein:

(a)     No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that PSZJ purchased or contracted from a third party (such as outside copy services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b)     Photocopies were charged at 10 cents per page. To the extent practicable, PSZJ utilized less expensive outside copying services.

(c)     Telecopying by PSZJ was charged to its clients at the cost of the long distance call required to send the facsimile.  PSZJ did not impose any charge to its clients for local facsimiles, interoffice facsimiles or facsimiles costing less than $1.00. PSZJ did not charge for incoming facsimiles.

(d)     Meals charged to the Debtors for PSZJ personnel do not exceed $20 per person and are associated with out of town travel, working meetings, or dinner for PSZJ professionals working past 8:00 p.m.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

33.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a)(1).

34.     In determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(a)     the time spent on such services;

(b)     the rates charged for such services;

        (c)        whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

        (d)        whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

        (e)        with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

        (f)        whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.     PSZJ respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein.  The services described above, at the time they were provided, were necessary and beneficial to the Committee, the Debtors and the Debtors' estates.  PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Committee and the nature and importance of the problems, issues, and tasks.  Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.  Accordingly, approval of the compensation sought herein is warranted.

## STATEMENTS OF PSZJ PURSUANT TO BANKRUPTCY RULE 2016(a)

36.     PSZJ has received a total of $4,303,300.69 from the Debtors relating to fees and expenses on account of services provided by PSZJ during the Total Compensation Period.

37.      No agreement or understanding exists between PSZJ and any third person

for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among

partners of PSZJ.  All of the services for which compensation is sought in this Application were

rendered at the request of, and solely on behalf of, the Committee, and not at the request of, or on

behalf of, any other person or entity.

## NOTICE

38.      Notice of this Application has been given to the Notice Parties (as defined

in the Interim Compensation Order).  PSZJ respectfully submits that no other or further notice

need be provided.

## NO PRIOR REQUEST

39.      No prior request for the relief sought in this Application has been made to

this or any other court.

**WHEREFORE**, PSZJ respectfully requests that the Court enter an order:

(1) allowing on a final basis (a) fees incurred by PSZJ for the Fourth Interim Period in the

amount of $1,865,431.00 and (b) actual and necessary expenses PSZJ incurred during the Fourth

Interim Period in the amount of $50,444.07; (2) allowing on a final basis (a) fees incurred by

PSZJ for the Total Compensation Period in the amount of $4,844,469.07 and (b) actual and

necessary expenses PSZJ incurred during the Total Compensation Period in the amount of

$94,832.44; (3) authorizing and directing the Debtors to pay PSZJ $636,000.82, representing all

unpaid fees and expenses for the Total Compensation Period; and (iv) granting such other relief

as is just and proper.

Dated:    March 3, 2014                    PACHULSKI STANG ZIEHL & JONES LLP

By:    _/s/ Robert J. Feinstein_____
       Robert J. Feinstein
       780 Third Avenue, 36th Floor
       New York, NY 10017
       Telephone: (212) 561-7700
       Facsimile: (212) 561-7777