**Hearing Date: TBD**
**Objection Date:  TBD**

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com

*Counsel for Mercer (US) Inc.*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,            )    Chapter 11
                                                    )
            Debtors.                                )    Jointly Administered
---------------------------------------------------------


**FIFTH INTERIM AND FINAL APPLICATION COVER SHEET OF**
**MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE DEBTORS**
**SEEKING INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY**
**EXPENSES INCURRED FOR THE PERIOD OF SEPTEMBER 1, 2013 THROUGH**
**DECEMBER 17, 2013 AND FOR FINAL ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED**
**<u>FOR THE PERIOD OF MAY 14, 2012 THROUGH DECEMBER 17, 2013</u>**

| | |
|---|---|
| Name of Professional: | Mercer (US) Inc. |
| Authorized to provide professional services to: | The Debtors and Debtors-in-Possession |
| Date of retention: | Order entered on July 16, 2012 [Docket No. 778] *nunc pro tunc* to May 14, 2012 |
| Period for which Interim compensation and reimbursement is sought: | September 1, 2013 through December 17, 2013 |

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable and necessary: | $46,497.16 |
| Amount of interim Reimbursement sought as actual, reasonable and necessary: | $5,054.46 |
| Period for which final compensation and reimbursement is sought: | May 14, 2012 through December 17, 2013 |
| Amount of final compensation sought as actual reasonable and necessary: | $317,003.56 |
| Amount of final reimbursement sought as actual, reasonable and necessary: | $45,041.90 |

This is an  X  interim  X  final application

# SECTION I: FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested | $317,003.56 | $46,497.16 |
| Total Disbursements Requested | $45,041.90 | $5,054.46 |
| Total Fees Previously Allowed | $270,057.00 | $0.00 |
| Total Disbursements Previously Allowed | $34,339.53 | $0.00 |
| Total Previously Received by Applicant | $244,484.14 | $0.00 |

# SECTION II: PROFESSIONAL SUMMARY

*Interim Fee Application Period*
*(September 1, 2013 through December 17, 2013)*

| Name | Position | Hourly Rate | Total Hours Billed[1] | Total Compensation |
|---|---|---|---|---|
| Baker, Bret A. | Associate | $464.00 | 0.50 | $232.00 |
| Dempsey, John B. | Principal | $783.00 | 27.75 | $21,728.25 |
| Dluhy, Bryan M. | Associate | $359.60 | 42.00 | $15,103.20 |
| Kulkarni, Nikhil | Analyst | $272.60 | 25.25 | $6,883.16 |
| Mayer, Julie J. | Researcher | $75.40 | 6.75 | $508.95 |
| Moy, Stan W. | Senior Associate | $510.40 | 4.00 | $2,041.60 |
|  |  | **TOTALS:** | 106.25 | $46,497.16 |
|  |  | **BLENDED RATE:** |  | $437.62 |

---

[1] Mercer's detailed time entries, which are attached to this Application, are stated in quarter hour increments, as approved by this Court in the Order approving the retention of Mercer.

3

*Final Fee Application Period*
*(May 14, 2012 through December 17, 2013)*

| Name | Position | Hourly Rate[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Baker, Bret A. | Associate | $464.00 | 0.50 | $232.00 |
| Corrin, Ann | Analyst | $272.60 | 29.50 | $8,041.74 |
| Dempsey, John | Principal | $748.20 / $783.00 | 203.75 | $152,935.75 |
| Dluhy, Brian | Associate | $272.60 / $348.00 / $359.60 | 327.25 | $106,218.31 |
| Knopf, Elyse | Analyst | $272.60 | 6.75 | $1,840.08 |
| Kulkarni, Nikhil | Analyst | $272.60 | 25.25 | $6,883.16 |
| Mayer, Julie | Researcher | $75.40 | 55.75 | $4,236.06 |
| Mehta, Sahil | Analyst | $272.60 | 102.00 | $27,818.26 |
| Moriarty, Kimberly | Senior Associate | $394.40 | 0.75 | $295.80 |
| Moy, Stan | Senior Associate | $510.40 | 4.00 | $2,041.60 |
| Nestorov, Alex | Analyst | $272.60 | 9.00 | $2,453.40 |
| Olstein, Judi A. | Senior Associate | $336.40 | 1.00 | $336.40 |
| Rooks, Andre | Principal | $580.00 | 23.00 | $13,340.00 |
| | | | | |
| | | **TOTALS:** | 788.50 | $326,672.56[3] |
| | | **BLENDED RATE:** | | $414.30 |

---

[2] The rate increases were disclosed in accordance with paragraph 5 of the Order Authorizing the Employment and Retention of Mercer as Compensation Consultant to the Debtors (the "*Retention Order*") [Docket No. 778].

[3] This figure lists the aggregate charges for Mercer's professional services, but does not account for voluntary fee reductions that were approved by the Court on an interim basis, which total $9,669.00. Mercer only requests final approval of compensation in the amount of $317,003.56, which accounts for the voluntary reduction of $9,669.00.

# SECTION III: EXPENSE SUMMARY

*Interim Fee Application Period*
*(September 1, 2013 through December 17, 2013)*

| Expense Category | Amount |
|---|---|
| Administrative – Legal | $4,905.85 |
| Late Work – Meals | $59.27 |
| Late Work – Transportation | $89.34 |
| | |
| **TOTAL:** | **$5,054.46** |

*Final Fee Application Period*
*(May 14, 2012 through December 17, 2013)*

| Expense Category | Amount |
|---|---|
| Administrative – Miscellaneous | $2,028.70 |
| Administrative – Legal | $37,203.98 |
| Administrative – Research Charges | $419.04 |
| Late Work – Meals | $446.84 |
| Late work – Transportation | $727.80 |
| Travel – Lodging | $1,229.75 |
| Travel – Meals | $258.14 |
| Travel – Transportation | $2,735.88 |
| | |
| **TOTAL:** | **$45,050.13[4]** |

---

[4] This figure aggregates all expenses for which Mercer has sought reimbursement in this and prior fee applications, but it does not account for voluntary expense reductions approved by the Court on an interim basis, which total $8.23. Mercer only requests final approval of expenses in the amount of $45,041.90 which accounts for the voluntary reduction of $8.23.

5

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com

*Counsel for Mercer (US) Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FIFTH INTERIM AND FINAL APPLICATION OF
MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE DEBTORS
SEEKING INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY
EXPENSES INCURRED FOR THE PERIOD OF SEPTEMBER 1, 2013 THROUGH
DECEMBER 17, 2013 AND FOR FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF MAY 14, 2012 THROUGH DECEMBER 17, 2013**

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Residential Capital, LLC ("*ResCap*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Fifth Interim and Final Fee Application (the "*Application*") for (i) interim allowance of compensation for professional services rendered by Mercer to the Debtors for the period from September 1, 2013 through December 17, 2013 (the "*Interim Fee Application Period*") and reimbursement of actual and necessary expenses incurred by Mercer during the Interim Fee Application Period;

and (ii) final approval of compensation for professional services rendered during the period from May 14, 2012 through December 17, 2013 (the "*Final Fee Application Period*") and reimbursement of actual and necessary expenses incurred by Mercer during the Final Fee Application Period under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "*U.S. Trustee Guidelines*"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, General Order M-447, entered on January 29, 2013 (the "*Local Guidelines*"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on July 17, 2012 [Docket No. 797] (the "*Interim Compensation Procedures Order*").  In support of this Application, Mercer represents as follows:

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

## STATUTORY BASIS

2.  The statutory and procedural predicates for the relief requested herein are: (i) sections 328, 330 and 331 of the Bankruptcy Code; (ii) Rule 2016 of the Bankruptcy Rules; (iii) Rule 2016-1 of the Local Rules; and (iv) the Interim Compensation Procedures Order.

**PROCEDURAL BACKGROUND**

3. On May 14, 2012 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their respective properties and continued to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code for the period covered by this Application.

4. On May 16, 2012, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant to section 1102(a)(1) of the Bankruptcy Code.

5. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved the appointment of Arthur J. Gonzalez as the examiner.

6. On December 11, 2013, the Court entered an order (the "*Confirmation Order*") confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "*Joint Plan*"). The Effective Date of the Joint Plan occurred on December 17, 2013.

**MERCER'S RETENTION**

7. Mercer is a consulting firm that routinely advises large corporate clients on all aspects of their businesses, and Mercer has considerable experience providing compensation planning and advisory services in the chapter 11 setting.

8. Based upon Mercer's experience, the Debtors sought to retain Mercer as a compensation consultant, and, thus, filed the *Debtors' Application for an Order Authorizing Employment and Retention of Mercer (US) Inc. as Compensation Consultant to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 511] (the "Retention Application"). This Court

entered an order on July 16, 2012 authorizing the retention and employment of Mercer as compensation consultant to the Debtors *nunc pro tunc* to May 14, 2012 [Docket No. 778] (the "*Retention Order*").

9. The Retention Order authorized the retention of Mercer as compensation specialists, whereby Mercer provides services to the Debtors according to the engagement letter entered into between the parties [Docket No. 511, Exhibit 2] (the "*Engagement Letter*"), subject to the limitations and modifications set forth in the Retention Order. The Engagement Letter was previously submitted to this Court with the Retention Application.

### INTERIM COMPENSATION PROCEDURES ORDER

10. On July 17, 2012, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

11. In particular, the Interim Compensation Procedures Order provides that a professional may submit a monthly fee statement ("*Monthly Fee Statement*") on or before the thirtieth (30th) day of each month following the month for which compensation is sought. Provided that there are no objections to a Monthly Fee Statement within the later of (i) forty (40) days following the month for which compensation is sought and (ii) twenty (20) days after receipt of a Monthly Fee Statement, the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Statement.

12. Additionally, the Interim Compensation Procedures Order provides that approximately every 120 days, but no more than every 150 days (the "*Interim Fee Period*"), professionals shall file an application for interim Court approval and an allowance, pursuant to

9

sections 330 and 331 of the Bankruptcy Code (as the case may be), of their compensation and reimbursement of expenses (an "*Interim Fee Application*").

## PREVIOUS FEE APPLICATIONS

13. In accordance with the Interim Compensation Procedures Order, Mercer has previously submitted the following Interim Fee Applications:

| Application | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|
| First Interim | 5/14/2012 – 8/31/2012 | $43,618.92 / $6,118.74 | $34,659.14 / $6,118.74 |
| Second Interim | 9/1/2012 – 12/31/2012 | $100,455.91 / $13,277.16 | $100,455.91 / $13,277.16 |
| Third Interim | 1/1/2013 – 4/30/2013 | $135,661.17 / $14,951.86 | $134,941.95 / $14,943.63 |
| Fourth Interim | 5/1/2013 – 8/31/2013 | $449.40 / $5,647.91 | Pending |

## SERVICES PROVIDED DURING INTERIM AND FINAL FEE APPLICATION PERIODS

14. During the Interim and Final Fee Application Periods, Mercer provided extensive services relating to the Debtors' executive compensation. Such services primarily consisted of assisting the Debtors in the development and approval of a Key Employee Incentive Plan (the "*KEIP*") and Key Employee Retention Plan (the "*KERP*").

## RELIEF REQUESTED FOR FIFTH INTERIM FEE APPLICATION PERIOD

15. With respect to the Interim Fee Application Period, Mercer seeks interim approval of (a) compensation in the amount of $46,497.16 for the actual and necessary professional services that it has rendered as compensation specialists to the Debtors for the period of September 1, 2013 through December 17, 2013; (b) reimbursement in the amount of $5,054.46 for actual, reasonable and necessary expenses incurred in serving the Debtors during that same

10

period. The aggregate amount of fees and expenses sought under the Interim Fee Period totals $51,551.62

16. Detailed entries for Mercer's services during the period of September 1, 2013 through December 17, 2013 are set forth in the attached Exhibit 1. The expenses for which Mercer seeks reimbursement are attached hereto as Exhibit 2.[5]

## RELIEF REQUESTED FOR FINAL FEE APPLICATION PERIOD

17. By this Application, Mercer also seeks final approval of compensation and reimbursement of expenses for the period of May 14, 2012 through December 17, 2013.

18. Mercer previously filed the following Interim Fee Applications:

   a. First Interim Fee Application of Mercer as Compensation Consultant to the Debtors and Debtors in Possession for the Period from May 14, 2012 through August 31, 2012, which was approved on April 29, 2013, allowing compensation to Mercer in the amount of $34,659.14 and reimbursement for expenses in the amount of $6,118.74;

   b. Second Interim Fee Application of Mercer as Compensation Consultant to the Debtors and Debtors in Possession for the Period from September 1, 2012 through December 31, 2012, which was approved on April 29, 2013, allowing compensation to Mercer in the amount of $100,455.91 and reimbursement for expenses in the amount of $13,277.16;

   c. Third Interim Fee Application of Mercer as Compensation Consultant to the Debtors and Debtors in Possession for the Period from January 1, 2013 through April 30, 2013, which was approved on September 25, 2013, allowing

---

[5] Pursuant to the terms of the Engagement Letter, Mercer seeks reimbursement for reasonable attorneys' fees incurred in connection with the Retention Application and preparing fee applications. The detailed statements of Mercer's outside counsel are included in Exhibit 2.

11

        compensation to Mercer in the amount of $134,941.95 and reimbursement for expenses in the amount of $14,943.63; and

    d. Fourth Interim Fee Application of Mercer as Compensation Consultant to the Debtors and Debtors in Possession for the Period from May 1, 2013 through August 31, 2013, which sought compensation in the amount of $449.40 and reimbursement for expenses in the amount of $5,647.91.[6]

19.    By this Application, Mercer is requesting final approval of the amounts approved on an interim basis for the First, Second and Third Interim Fee Applications. Mercer is also seeking final approval of the amounts set forth in the Fourth Interim Fee Application and Fifth Interim Fee Application. Accordingly, Mercer seeks final approval of fees in the amount of $317,003.56 and expenses in the amount of $45,041.90.

20.    Mercer hereby incorporates the time and expense records attached to its prior fee applications in support of the relief requested herein.

21.    Mercer has endeavored to assist the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to professionals so that work is being performed by those both familiar with the particular matters at hand and by individuals with the hourly rate appropriate for that matter. Moreover, Mercer has sought to ensure no duplication of its efforts was made by other professionals.

22.    Mercer reserves the right to correct, amend, or supplement this Application, for any reason.

23.    No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection

---

[6] The Fourth Interim Fee Application has not yet been approved by the Court.

with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc.

24. The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

## NOTICE

25. This Application will be served upon: (i) counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Brian Masumoto and Michael Driscoll) and Office of the United States Trustee, 355 Main Street – First Floor, Poughkeepsie, New York 12601 (Attn: Eric J. Small); (iii) counsel for the, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (iv) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); and (v) the ResCap Liquidating Trust, c/o Quest Turnaround Advisors, LLC, 800 Westchester Avenue, Suite S-520 (Attn: Jeffrey Brodsky).

**WHEREFORE**, Mercer respectfully requests that this Court enter an order: (a) allowing Mercer (i) compensation of $46,497.16 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period of September 1, 2013 through December 17, 2013, (ii) reimbursement of $5,054.46 for actual, reasonable and necessary expenses incurred during the same period, and (iii) final allowance of compensation in the amount of $317,003.56 for services provided to the Debtors during these chapter 11 cases and final reimbursement of $45,041.90 for expenses incurred during these chapter 11 cases; (b) authorizing and directing the

Debtors to pay Mercer the amount of $362,045.46 which is equal to the fees and expenses request herein, less any amounts the Debtors previously paid to Mercer on account of such fees and expenses; and (c) granting such other relief as the Court deems just and proper.

Dated:  March 3, 2014                                           **MERCER (US) INC.**

                                                                             By: /s/ Devon J. Eggert
                                                                                  One of Its Attorneys

                                                                                  Thomas R. Fawkes
                                                                                  Devon J. Eggert
                                                                                  FREEBORN & PETERS LLP
                                                                                  311 South Wacker Drive, Suite 3000
                                                                                  Chicago, Illinois 60606-6677
                                                                                  Telephone:  312.360.6000
                                                                                  Facsimile:   312.360.6520
                                                                                  tfawkes@freeborn.com
                                                                                  deggert@freeborn.com