Rubenstein Associates, Inc.
1345 Avenue of the Americas, 30th Floor
New York, N.Y. 10105
Telephone:     212-843-8000
Facsimile:     212-843-9200
Howard J. Rubenstein

Corporate Communications Consultant
for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------------------

**SUMMARY OF FINAL APPLICATION OF RUBENSTEIN ASSOCIATES, INC. AS**
**CORPRATE COMMUNICATIONS CONSULTANT FOR THE DEBTORS FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE**
<u>**PERIOD MAY 14, 2012 THROUGH APRIL 30, 2013**</u>

This is a(n):    ___ monthly        __ interim    __X_ final application.

Name of Applicant:                     Rubenstein Associates, Inc. ("**Applicant**")

Authorized to Provide Professional     Residential Capital, LLC, *et al*. (collectively,
Services to:                           the "**Debtors**")

Date of Retention:                     Order entered on July 16, 2012 retaining
                                       Applicant *nunc pro tunc* to May 14, 2012

Period for which Compensation          May 14, 2012 through April 30, 2013
and Reimbursement is sought:           (the "**Application Period**")

Amount of Compensation Sought as       $38,276.00
Actual, Reasonable and Necessary:

Amount of Expense Reimbursement        $9,920.93
Sought as Actual, Reasonable and
Necessary:

**Summary of Monthly Applications for Final Application Period**

Applicant:  Rubenstein Associates, Inc.

Case No.: 12-12020 (MG) - In  re Residential Capital, LLC, et al.

Final Fee Period:       05/14/2012 - 04/30/2013

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 08/23/2012 | 05/14/2012 – 07/31/2012 | $24,922.25 <br> *Net of UST Objection* | $3,632.68 <br> *Net of UST Objection* | $24,922.25 | $3,632.68 | $5,096.95 |
| 09/21/2012 | 08/01/2012 – 08/31/2012 | $225.00 | $0.00 | $225.00 | $0.00 | $45.00 |
| 10/10/2012 | 09/01/2012 – 09/30/2012 | $4,732.50 | $0.00 | $4,732.50 | $0.00 | $946.50 |
| 11/29/2012 | 10/01/2012 – 10/31/2012 | $4,953.75 | $1,671.50 | $4,953.75 | $1,671.50 | $990.75 |
| 12/28/2012 | 11/01/2012 – 11/30/2012 | $1,125.00 | $1,867.00 | $1,125.00 | $1,867.00 | $225.00 |
| 02/28/2013 | 01/01/2013 – 01/31/2013 | $1,635.00 | $1,058.25 | $1,635.00 | $1,058.25 | $327.00 |
| 04/19/2013 <br><br> Due to the nominal amounts, this statement combines | 02/01/2013 – 03/31/2013 | $682.50 | $1,691.50 | $450.76 | $1,691.50 | $136.50 |

| February & March 2013compensable time and expenses | | | | | | |
|---|---|---|---|---|---|---|
| n/a<br><br>Application not filed since no fees were earned or expenses incurred during this period | 04/01/2013 – 04/30/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL** | **05/14/2012 – 04/30/2013** | **$38,276.00** | **$9,689.19** | **$38,276.00** | **$9,920.93** | **$7,767.70** |

**Summary of Monthly Applications for First Interim Application Period**
**Pursuant To Court Order Filed December 28, 2012 – Doc # 2530**

Case No.: 12-12020 (MG)
Case Name: In  re Residential Capital, LLC, et al.

Previous Interim Fee Period:  05/14/2012 - 08/31/2012

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed [1] | (5) Fees to be Paid for Current Fee Period[2] | (6) Interim Expenses Requested | (7) Expenses Allowed |
|---|---|---|---|---|---|---|
| Rubenstein Associates, Inc. | 10/11/2012 [1794] | $25,709.75 | $25,147.75 | $21,209.83 | $5,055.83 | $3,632.68 |

**Note**:

As of the March 3, 2014 filing date for the Final Application Period, the unpaid balance due from First Interim Application Period is **$0.00**.

---

[1] Reflects deductions for write-downs and amounts adjourned to subsequent fee hearings.
[2] Reflects allowed fees, less 10% holdback, less reductions in expenses.

**Summary of Monthly Applications for Second Interim Application Period**
**Pursuant To Court Order Filed April 29, 2013 – Doc # 3556**

Case No.: 12-12020 (MG)
Case Name: In re Residential Capital, LLC, et al.

Previous Interim Fee Period: 09/01/2012 - 12/31/2012

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period[1] | (6) Interim Expenses Requested | (7) Expenses Allowed |
|---|---|---|---|---|---|---|
| Rubenstein Associates, Inc. | 03/14/2013 [3171] | $10,811.25 | $10,811.25 | $9,730.13 | $3,538.50 | $3,538.50 |

**Note**:

As of the March 3, 2014 filing date for the Final Application Period, the unpaid balance due from Second Interim Application Period is **$0.00**.

[1] Reflects allowed fees, less 10% holdback.

**Summary of Monthly Applications for Third Interim Application Period**
**Pursuant To Court Order Filed July 24, 2013 – Doc # 3556**

Case No.: 12-12020 (MG)
Case Name: In  re Residential Capital, LLC, et al.

Previous Interim Fee Period:  09/01/2012 - 12/31/2012

| (1)<br>Applicant | (2)<br>Date/Document Number of Application | (3)<br>Interim Fees Requested on Application | (4)<br>Fees Allowed | (5)<br>Fees to be Paid for Current Fee Period[1] | (6)<br>Interim Expenses Requested | (7)<br>Expenses Allowed |
|---|---|---|---|---|---|---|
| Rubenstein Associates, Inc. | 03/14/2013 [3171] | $2,317.50 | $2,317.50 | $2,317.50 | $2,749.75 | $2,749.75 |

**Note**:

As of the March 3, 2014 filing date for the Final Application Period, the unpaid balance due from Third Interim Application Period is **$231.74**.

[1] Reflects allowed fees, less 10% holdback.

Rubenstein Associates, Inc.
1345 Avenue of the Americas, 30th Floor
New York, N.Y. 10105
Telephone:     212-843-8000
Facsimile:     212-843-9200
Howard J. Rubenstein

Corporate Communications Consultant
for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
-----------------------------------------------------------------

**THIRD INTERIM APPLICATION OF RUBENSTEIN ASSOCIATES, INC. AS
CORPRATE COMMUNICATIONS CONSULTANT FOR THE DEBTORS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD MAY 14, 2012 THROUGH APRIL 30, 2013**

For its third interim application for compensation and reimbursement of expenses

(the "**Application**") for the period May 14, 2012 through April 30, 2013 (the "**Application**

**Period**"), Rubenstein Associates, Inc. ("**Applicant**"), corporate communications consultant to

Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the

"**Debtors**"), respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective February 5, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996  (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## BACKGROUND

### A.       The Chapter 11 Cases

3.       On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

**B.      Applicant's Retention and Interim Compensation**

6.      On July 16, 2012, the Court entered the Order Authorizing the Employment and Retention of Rubenstein Associates, Inc. as Corporate Communications Consultant to the Debtors Nunc Pro Tunc to the Petition Date [Docket No. 779], approving Applicant's retention.

7.      On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee applications to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8.      On August 23, 2012, Applicant served its first monthly fee application covering the period from May 14, 2012 through July 31, 2012 (the "First Monthly Fee Application") on the Notice Parties.  On September 21, 2012, Applicant served its second monthly fee application covering the period from August 1, 2012 through August 31, 2012 (the "Second Monthly Fee Application" and together with the First Monthly Fee Application the "Monthly Fee Applications") on the Notice Parties. Applicant did not receive any objections to the Monthly Fee Applications. On October 10, 2012, Applicant served its third monthly fee application

covering the period from September 1, 2012 through September 30, 2012 (the "Third Monthly

Fee Application") on the Notice Parties.  On November 29, 2012, Applicant served its fourth

monthly fee application covering the period from October 1, 2012 through October 31, 2012 (the

"Fourth Monthly Fee Application") on the notice parties.  On December 28, 2012, Applicant

served its fifth monthly fee application covering the period from November 1, 2012 through

November 30, 2012 (the "Fifth Monthly Fee Application" and together with the Third and

Fourth Monthly Fee Applications the "Monthly Fee Applications") on the Notice Parties.

Applicant did not serve a monthly fee application covering the period December 1, 2012 through

December 31, 2012 on the Notice Parties as no fees were earned or expenses incurred during this

period. Applicant did not receive any objections to the Monthly Fee Applications. On February

28, 2013, Applicant served its sixth monthly fee application covering the period from January 1,

2013 through January 31, 2013 (the "**Sixth Monthly Fee Application**") on the Notice Parties.

On April 19, 2013, Applicant served its seventh monthly fee application covering the period

from February 1, 2013 through March 31, 2013 (the "**Seventh Monthly Fee Application**" and

together with the Sixth Monthly Fee Application the "**Monthly Fee Applications**) on the notice

parties.  Due to the nominal amount of compensable time earned during February and March

2013, the Seventh Monthly Fee Application reflected the combination of time entries and related

expenses for this two-month period.  Applicant did not serve a monthly fee application covering

the period April 1, 2013 through April 30, 2013 on the Notice Parties as no fees were earned or

expenses incurred during this period. Applicant did not receive any objections to the Monthly

Fee Applications.

        9.        The total payments received by Applicant as of the date hereof for fees and

expenses related to the Application Period are equal to: (i) 100% of requested compensation

from the Monthly Fee Applications and (ii) 100% of requested expenses from the Monthly Fee

Applications.  Specifically, to date, the Applicant has received payments totaling $47,965.19,

representing $38,044.26 in fees and $9,920.93 in expenses.

10.     Applicant maintains computerized records of the time expended in the rendering

of the professional services required by the Committee.  These records are maintained in the

ordinary course of Applicant's practice.  For the convenience of this Court and all parties in

interest, attached hereto as <u>Exhibit B</u> is a billing summary for the Application Period, setting

forth the name of each public relations professional and project assistant who rendered services

during the Application Period, the aggregate time expended by each public relations professional

and project assistant, the hourly billing rate for each public relations professional and project

assistant at Applicant's current billing rates, and the individual amounts requested for each

professional.  The compensation requested by Applicant is based on the customary compensation

charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

11.     Applicant also maintains computerized records of all expenses incurred in

connection with the performance of professional services.  A summary of the amounts and

categories of expenses for which reimbursement is sought is attached hereto as <u>Exhibit C</u>.

12.     Copies of Applicant's computerized records of fees and expenses in the format

specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee

Applications and are attached hereto as <u>Exhibit D</u>.

4

13.     There is no agreement or understanding between Applicant and any other person

for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

14.     The Monthly Fee Applications submitted by Applicant are subject to a 20%

holdback (as is customary in this District) imposed by the Court on the allowance of fees.

Applicant respectfully requests, in connection with the relief requested herein, that the Court

allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the

Bankruptcy Code and authorize the Debtors to satisfy such amounts.

## DESCRIPTION OF SERVICES AND
## EXPENSES AND RELIEF REQUESTED

15.     In general, Applicant has represented the Debtors in connection with the

following aspects of the Chapter 11 Cases:

(a)     developed and implemented communications programs and related strategies and initiatives for communications with the Debtors' key constituencies (including customers, employees, vendors, mortgage holders and the media) regarding the Debtors' operations and financial performance and the Debtors' progress through the chapter 11 process;

(b)     developed public relations initiatives for the Debtors to maintain public confidence and internal morale during these Chapter 11 Cases;

(c)     prepared press releases and other public statements for the Debtors, including statements relating to major chapter 11 events;

(d)     prepared other forms of communication to the Debtors' key constituencies and the media, including customer letters and other materials;

(e)     monitored media in connection with Debtor; and

(f)     performed such other communications consulting services as may be requested by Debtors.

16.     Time entries maintained by the Applicant and referenced above have not been

assigned specific project categories. In light of the limited nature of the Applicants

representation of the Debtors, it would not be meaningful to summarize the services rendered by

Applicant on behalf of the Debtors during the Application Period by task code, as they would essentially all fall into the same or similar classification. Accordingly, Exhibit D does not provide for such classification, nor is one provided for in this summary paragraph.

17.    The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases.  The time records attached hereto as <u>Exhibit D</u> present more completely the work performed by Applicant in each billing category during the Application Period.

## **<u>CONCLUSION</u>**

18.    Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested were actual and necessary to the performance of Applicant's services.

19.    Applicant therefore requests an order (i) approving final compensation in the amount of $38,276.00 and final reimbursement of expenses in the amount of $9,920.93,[1] (ii) directing payment of all compensation held back in connection with the Monthly Fee Applications, and (iii) granting such other and further relief as may be just and proper.

6

---

[1]    The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

Dated: March 3, 2014

Howard J. Rubenstein
Rubenstein Associates, Inc.
1345 Avenue of the Americas, 30th Floor
New York, N.Y. 10105
Telephone:    212-843-8000
Facsimile:    212-843-9200

Corporate Communications Consultant
for the Debtors

7

## EXHIBIT A

## CERTIFICATION STATEMENT REGARDING COMPLIANCE WITH LOCAL GUIDELINES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

**Pages A-1 Through A-3**

Corporate Communications Consultant
for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                              )
In re:                                        )      Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )      Chapter 11
                                              )
                          Debtors.            )      Jointly Administered
-------------------------------------------------------------------- )

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF
THIRD INTERIM APPLICATION OF RUBENSTEIN ASSOCIATES, INC. AS
CORPORATE COMMUNICATIONS CONSULTANT FOR THE DEBTORS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD  JANUARY 1, 2013 THROUGH APRIL 30, 2013**

I, Howard J. Rubenstein, hereby certify that:

1.      I am the President with the applicant firm, Rubenstein Associates, Inc. (the

"**Firm**"), which serves as Corporate Communications Consultant to Residential Capital, LLC., *et*

*al.*, as debtors and debtors in possession (collectively, the "**Debtors**").

2.      This certification is made in respect of the Firm's compliance with the *Amended*

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases*, Administrative Order M-447, effective February 5, 2013 (the "**Local**

**Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on*

*January 30, 1996* (the "**UST Guidelines**") and the *Order to Establish Procedures for Interim*

*Monthly Compensation and Reimbursement of Expenses of Professionals* (the "**Interim**

**Compensation Order**") [Docket No. 172], and collectively with the Local Guidelines and UST

Guidelines, the "**Guidelines**"), in connection with the Firm's application, dated March 3, 2014

(the "**Application**"), for final compensation and reimbursement of expenses for the period

commencing May 14, 2012 through and including April 30, 2013, in accordance with the

Guidelines.

    3.     In respect of Section B.1 of the Local Guidelines, I certify that:

       (a)       I have read the Application;

       (b)       to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

       (c)       the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients; and

       (d)       in providing the reimbursable services reflected in the Application, the Firm did not make a profit on those services, whether performed by the Firm in-house or through a third party.

    4.     In respect of Section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that the Firm has complied with the provisions requiring it to

provide the United States Trustee for the Southern District of New York and the Debtors and

their attorneys with a statement of the Firm's fees and expenses accrued during the previous

month.

    5.     In respect of Section B.3 of the Local Guidelines, I certify that each of the

Debtors, their attorneys, and the United States Trustee for the Southern District of New York is

being provided with a copy of the Application.

Dated: March 3, 2014

Howard J. Rubenstein
Rubenstein Associates, Inc.
1345 Avenue of the Americas, 30th Floor
New York, N.Y. 10105
Telephone:    212-843-8000
Facsimile:    212-843-9200

Corporate Communications Consultant
for the Debtors

# EXHIBIT B

A-3

**SUMMARY OF COMPENSABLE TIME BY PUBLIC RELATIONS PROFESSIONAL RUBENSTEIN ASSOCIATES, INC. ON BEHALF OF THE DEBTORS FOR THE PERIOD MAY 14, 2012 THROUGH APRIL 30, 2013**

| Name of Professional Person | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| H. Rubenstein | President | $750.00 | 0.30 | $225.00 |
| M. Horowitz | Senior Executive Vice President | $525.00 | 11.95 | $6,273.75 |
| W. Anderson | Executive Vice President | $475.00 | 2.60 | $1,235.00 |
| A. Stockham | Vice President | $375.00 | 53.10 | $17,250.00 |
| T. Kresler | Vice President | $375.00 | 24.30 | $9,018.75 |
| M. Sopher | Project Assistant | $185.00 | 20.10 | $3,718.50 |
| F. Dixon | Project Assistant | $185.00 | 3.00 | $555.00 |

**Blended Hourly Rate  $      331.82**

**Total hours Billed:      115.35**

**GRAND TOTAL:      $38,276.00**

# **EXHIBIT C**

B-1

**SUMMARY OF EXPENSES BY CATEGORY INCURRED BY PUBLIC RELATIONS
PROFEESSIONAL RUBENSTEIN ASSOCIATES, INC. ON BEHALF OF THE DEBTORS FOR
THE PERIOD MAY 14, 2012 THROUGH APRIL 30, 2013**

| **Expense Category** | **Service Provider (if applicable)** | | |
|---|---|---|---|
| AIRFARE | | $ | 362.30 |
| GROUND TRANSPORTATION | | $ | 200.08 |
| LODGING | | $ | 887.30 |
| MEALS | | $ | - |
| PR NEWSWIRE | | $ | 8,471.25 |
| **TOTAL EXPENSES:** | | **$** | **9,920.93** |