**Hearing Date and Time: To Be Determined**
**Objection Deadline: To Be Determined**

COHERENT ECONOMICS, LLC
Alan Frankel
2800 Acacia Terrace
Buffalo Grove, IL  60089
Telephone: 847-913-8187
*Consultant to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

-------------------------------------------------------------x

**FOURTH AND FINAL APPLICATION OF COHERENT ECONOMICS, LLC
AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR FINAL ALLOWANCE  OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED DURING (I) THE FOURTH INTERIM COMPENSATION
PERIOD OF SEPTEMBER 1, 2013 THROUGH DECEMBER 17, 2013 AND (II)
THE TOTAL COMPENSATION PERIOD OF
AUGUST 11, 2012 THROUGH DECEMBER 17, 2013**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR
REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FILED UNDER 11 U.S.C. § 330**

| | |
|---|---|
| **Name of Applicant:** | Coherent Economics, LLC |
| **Authorized to Provide Professional Services to:** | Official Committee of Unsecured Creditors |
| | |
| **Current Application:** | |
| •   Fourth Interim Time Period: | September 1, 2013 through December 17, 2013 |
| •   Total Compensation Period: | August 11, 2012 through and including December 17, 2013 |
| | |
| Fourth Interim Fees Requested | $       0.00 |
| Fourth Interim Expenses Requested | $       0.00 |
| Total Amount Requested for the Fourth Interim | $       0.00 |
| Total Fees Requested for the Total Compensation Period | $1,135,367.52 |
| Total Expenses Requested for the Total Compensation Period | $    15,194.52 |
| Total Amount Requested for the Total Compensation Period | $ 1,150,562.04 |

This is an/a     Interim       X Final   Application

Total Compensation and Expenses Previously Requested and Awarded:

| Date Filed | Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|---|
| 03/14/13 | 797 | 8/11/12 - 12/31/12 | $960,033.25 | $11,592.54 | $949,385.25 | $11,592.54 |
| 08/07/13 | 797 | 1/1/13 – 4/30/13 | $133,247.00 | $ 3,601.98 | $133,247.00 | $ 3,601.98 |
| 11/18/13 | 797 | 5/1/13 – 8/31/13 | $ 52,735.00 | $    0.00 | $ 52,735.00 | $    0.00 |

Hearing Date and Time: To be Determined
Objection Deadline: To be Determined

## SUMMARY OF THE TOTAL COMPENSATION PERIOD OF
## AUGUST 11, 2012 THROUGH DECEMBER 17, 2013[1]

| Name of Professional | Title | Hourly Bill Rate | Total Compensation Period 8/11/12 – 12/31/13 | |
|---|---|---|---|---|
| | | | Total Billed Hours | Total Fees Billed |
| Alan S. Frankel | Director | $775.00 | 706.05 | $547,188.80 |
| Roy Epstein | Senior Consultant | $690.00 | 606.40 | $418,416.00 |
| Daniel Shoag | Economist | $645.00 | 67.60 | $43,602.00 |
| Ivana Stojanovich | Economist | $495.00 | 116.60 | $57,717.00 |
| Sivia Naimer | Research Analyst | $445.00 | 82.70 | $36,801.50 |
| Eric Schonberg | Research Analyst | $445.00 | 32.00 | $14,240.00 |
| Laura McIntyre | Research Analyst | $220.00 | 127.50 | $28,050.00 |

Blended hourly rate for the Total Compensation
Period is $659.07.

---

[1] Coherent Economics, LLC had no fees or expenses in the last interim period of September 1, 2013 through December 17, 2013.

Hearing Date and Time: To be Determined
Objection Deadline: To be Determined

COHERENT ECONOMICS, LLC
Alan Frankel
2800 Acacia Terrace
Buffalo Grove, IL  60089
Telephone: 847-913-8187
*Consultant to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------x

**FOURTH AND FINAL APPLICATION OF COHERENT ECONOMICS, LLC
AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR FINAL ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED DURING (I) THE FOURTH INTERIM COMPENSATION
PERIOD OF SEPTEMBER 1, 2013 THROUGH DECEMBER 17, 2013
AND (II) THE TOTAL COMPENSATION PERIOD OF
AUGUST 11, 2012 THROUGH DECEMBER 17, 2013**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Coherent Economics, LLC ("**Coherent**"), consultant to the Official Committee of
Unsecured Creditors (the "**Committee**"), hereby files its fourth and final application (the
"**Application**") pursuant to section 330(a) and 331 of title 11 of the United States Code (the
"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the
"**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District
of New York (the "**Local Bankruptcy Rules**"), for (i) final allowance of compensation for
professional services performed by Coherent and for reimbursement of their actual and necessary
expenses incurred during the period commencing September 1, 2013 through December 17, 2013
(the "**Fourth Interim Period**")[2], and (ii) final approval of professional services rendered by
Coherent and reimbursement of its actual and necessary expenses incurred during the period
August 11, 2012 through December 17, 2013 (the "**Total Compensation Period**").  In support
of its Application, Coherent respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      The Court has jurisdiction over this Application pursuant to 28
U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and
1409.  This matter is a core proceeding within the meaning of  28 U.S.C. § 157(b)(2).

3.      The statutory bases for the relief requested herein are sections 330,
331, and 1103 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the

---

[2] Coherent Economics, LLC had no fees or expenses in the last interim period of September 1, 2013 through
December 17, 2013.

Bankruptcy Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of

the Local Rules for the United States Bankruptcy Court for the Southern District of New

York (the "**Local Rules**").  This Application has been prepared in accordance with the

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of*

*New York Bankruptcy Cases*, adopted by the Court on January 23, 2013 (the "**Local**

**Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective

January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the

"**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with

the Local Guidelines is attached hereto as <u>Exhibit 1</u>.

## **PRELIMINARY STATEMENT**

### A.    **The Chapter 11 Cases**

4.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The

Debtors are managing and operating their businesses as debtors in possession pursuant to

Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered

pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11

cases.

5.    On May 16, 2012, the United States Trustee for the Southern District

of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured

creditors (the "**Creditors' Committee**").

6.    On June 20, 2012, the Court directed that an examiner be appointed,

and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos.

454, 674].

**B.    Applicant's Retention and Interim Compensation**

7.      On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation Order, Coherent, among others, is authorized to file and submit monthly fee statements to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8.      On September 6, 2012, the Official Committee of Unsecured Creditors filed a Retention Application [Docket No. 1365] entitled: Statement of the Official Committee of Unsecured Creditors in Support of (I) Entry of an Order Authorizing the Employment and Retention of San Marino Business Partners LLC as Consultant to the Committee *nunc pro tunc* to August 11, 2012 and (II) Entry of an Order Authorizing the Employment and Retention of Coherent Economics LLC as Consultant to the Committee, *nunc pro tunc* to August 11, 2012 with the Court.

9.      On September 13, 2012, the Court entered the Order Approving Retention of Coherent Economics LLC as Consultant to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to August 11, 2012.

**SUMMARY OF PROFESSIONAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES REQUESTED**

10.     Coherent seeks final allowance of compensation for professional services performed during the Total Compensation Period, in the  amount of $1,135,367.52.

3

Additionally, Coherent seeks reimbursement of expenses incurred in connection with the rendition of such services in the amount $15,194.52 for the Total Compensation Period.

11.    During the Fourth Interim Period, Coherent expended a total of 0.00 hours in connection with the necessary services performed.  During the Total Compensation Period, a total amount of 1,738.85 hours were expended by economists and staff on behalf of the Committee.

12.    There is no agreement or understanding between Coherent and any other person for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

13.    During the course of these Chapter 11 Cases, Coherent exercised its billing discretion and, as discussed in more detail below, voluntarily wrote off certain fees and expenses in connection with the Monthly Statements (defined below).  In addition, although Coherent raised its hourly billing rates for its clients to be competitive with the market effective January of 2013, as an accommodation to the Committee, Coherent agreed to the continued use of the 2012 billing rates for these Chapter 11 Cases.  The rates Coherent charges in these Chapter 11 Cases are reasonable relative to the rates charged by Coherent to nonbankruptcy clients and to the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy and bankruptcy cases in a competitive national market.

14.    Pursuant to the UST Guidelines, annexed hereto as Exhibit 2 is a schedule setting forth all Coherent economists and staff who performed services in these Chapter 11 Cases during the Fourth Interim Period and the Total Compensation Period, the capacities in which such individuals are employed by Coherent, the hourly billing rates of

such individuals, and the aggregate number of hours expended and fees billed by such individuals.

15.    Annexed hereto as Exhibit 3 is a schedule specifying the categories of expenses for which Coherent is seeking reimbursement and the total amount for each expense category for the Fourth Interim Period and the Total Compensation Period.

16.    Pursuant to Section II.D of the UST Guidelines, annexed hereto as Exhibit 4 is a summary of Coherent's time billed during the Fourth Interim Period and the Total Compensation Period, broken down by project categories, as hereinafter described.

### COHERENT'S FEE REQUESTS

17.    Coherent maintains computerized records of the time spent by all Coherent economists and staff in connection with the economic consultation for the Committee.  Coherent submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties in the format specified by the UST Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.

18.    For its First Interim Application, Coherent provided Notice Parties with the following Monthly Fee Statements:

- For August 11, 2012 through August 31, 2012 – fees of $165,178.25 and expenses of $2,906.62 (the "**First Monthly Fee Statement**");

- For September 1, 2012 through September 30, 2012 – fees of $321,998.00 and expenses of $479.96 (the "**Second Monthly Fee Statement**");

- For October 1, 2012 through October 31, 2012 – fees of $220,771.00 and no expenses (the "**Third Monthly Fee Statement**");

- For November 1, 2012 through November 30, 2012 – fees of $195,555.00 and expenses of $3,247.68 (the "**Fourth Monthly Fee Statement**"); and

5

- For December 1, 2012 through December 31, 2012 – fees of $56,531.00 and expenses of $5,095.99 (the "**Fifth Monthly Fee Statement**").

19.    On March 14, 2013, Coherent filed its first interim fee application (the "**First Interim Fee Application**") for the allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred from August 11, 2012 through and December 31, 2012. In the First Interim Fee Application, Coherent sought the interim allowance of fees in the aggregate amount of $960,033.25 (the "**First Interim Fees**") and the interim allowance of the reimbursement for actual and necessary expenses in the amount of $11,592.54[3] (the "**First Interim Expenses**").

20.    On April 29, 2013, the Court entered an order allowing the First Interim Fees, less $10,647.73 and all of the First Interim Expenses and payment of half of the 20% holdback of the First Monthly Fee Statement, Second Monthly Fee Statement, Third Monthly Fee Statement, Fourth Monthly Fee Statement, and Fifth Monthly Fee Statement totaling $86,282.66.

21.    For its Second Interim Fee Application, Coherent provided the Notice Parties with the following Monthly Fee Statements:

- For January 1, 2013 through January 31, 2013 – fees of $51,215.00 and expenses of $3,701.19 (the "**Sixth Monthly Fee Statement**");

- For February 1, 2013 through February 28, 2013 – fees of $69,930.50 and expenses of $186.79 (the "**Seventh Monthly Fee Statement**");

- For March 1, 2013 through March 31, 2013 – fees of $3,748.00 and no expenses (the "**Eighth Monthly Fee Statement**"); and

- For April 1, 2013 through April 30, 2013 – fees of $8,353.50 and no expenses (the "**Ninth Monthly Fee Statement**").

---

[3] Amount of expenses reflects a voluntary reduction of $137.71 to insure compliance with the Local and UST Guidelines.

22.     On August 7, 2013, Coherent filed its Second Interim Fee Application for the allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred from January 1, 2013 through April 30, 2013. In the Second Interim Fee Application, Coherent sought the interim allowance of fees in the aggregate amount of $133,247.00 (the "**Second Interim Fees**") and the interim allowance of the reimbursement for actual and necessary expenses in the amount of $3,601.98[4] (the "**Second Interim Expenses**").

23.     On September 25, 2013, the Court entered an order allowing the Second Interim Fees and the Second Interim Expenses and payment of half of the 20% holdback of the Sixth Monthly Fee Statement, Seventh Monthly Fee Statement, Eighth Monthly Fee Statement, and Ninth Monthly Fee Statement totaling $13,038.70. Additionally, the Court ordered payment of the remaining balance of the First Interim Fee Application totaling $94,938.55.

24.     For its Third Interim Fee Application, Coherent provided the Notice Parties with the a Monthly Fee Statement for May 1, 2013 through May 31, 2013 for fees of $52,735.00 and no expenses (the "**Tenth Monthly Fee Statement**").

25.     On December 26, 2013, the Court entered an order allowing the Third Interim Fees and payment of half of the 20% holdback of the Tenth Monthly Fee Statement totaling $5,273.50..

26.     In accordance with the Interim Compensation Order, Coherent sought payment for 80% of fees and 100% of expenses incurred pursuant to each Monthly Fee

---

[4] Amount of expenses reflects a reduction of $286.00 which represents the refund from United Airlines for an unused portion of a coach airfare.

Statement.  With respect to the First Monthly Fee Statement, Coherent received a payment of

$135,049.22, representing 80% of fees requested ($132,142.60) and 100% of expenses

requested ($2,906.62).  With respect to the Second Monthly Fee Statement, Coherent

received a payment of $258,078.36, representing 80% of fees requested ($257,598.40) and

100% of expenses requested ($479.96).  With respect to the Third Monthly Fee Statement,

Coherent received a payment of $176,616.80, representing 80% of fees requested

($176,616.80).  With respect to the Fourth Monthly Fee Statement, Coherent received a

payment of $159,697.68, representing 80% of fees requested ($156,444.00) and 100% of

expenses requested ($3,247.68).  With respect to the Fifth Monthly Fee Statement, Coherent

received a payment of $50,320.79, representing 80% of fees requested ($45,224.80) and

100% of expenses requested ($5,095.99).  With respect to the Sixth Monthly Fee Statement,

Coherent received a payment of $44,673.19, representing 80% of fees requested ($40,972.00)

and 100% of expenses requested ($3,701.19).  With respect to the Seventh Monthly Fee

Statement, Coherent received a payment of $56,131.19, representing 80% of fees requested

($55,944.40) and 100% of expenses requested ($186.79).  With respect to the Eighth

Monthly Fee Statement, Coherent received a payment of $2,998.40, representing 80% of fees

requested ($2,998.40).  With respect to the Ninth Monthly Fee Statement, Coherent received

a payment of $6,682.80, representing 80% of fees requested ($6,682.80). With respect to the

Tenth Monthly Fee Statement, Coherent received a payment of $42,188.00, representing 80%

of fees requested ($42,188.00).

      27.     As discussed in the First Interim Fee Application, Coherent

voluntarily wrote off fees and expenses in the amount of $5,501.46.  Additionally, Coherent

wrote off fees in the amount of $10,647.73 after filing its First Interim Fee Application.  As

discussed in the Second Interim Fee Application, Coherent voluntarily wrote off fees in the amount of $2,080.00. Therefore, Coherent voluntarily wrote off fees and expenses in the aggregate amount of $18,229.19 for the Total Compensation Period.

28.      Accordingly, pursuant to this Application, Coherent respectfully requests that the Court enter an order awarding Coherent, on a final basis, fees in the aggregate amount of $1,135,367.52 (the "**Total Compensation Period Fees**"), representing 100% less $10,647.73 of the First Interim Fees, 100% of the Second Interim Fees and 100% of the Third Interim Fees and awarding Coherent, on a final basis, reimbursement of actual and necessary expenses in the aggregate amount of $15,194.52 (the "**Total Compensation Period Expenses**"), representing 100% of the First Interim Expenses and Second Interim Expenses; and authorizing and directing the Debtors to pay Coherent $18,598.20, the balance of its unpaid fees and expenses.

## DESCRIPTION OF SERVICES AND EXPENSES AND RELIEF REQUESTED

29.      Applicant was retained by the Committee to assist the Committee with the evaluation of the proposed $8.7 billion settlement of the Debtors' RMBS liabilities. Specifically, the majority of time spent by the Applicant was spent on Economic Analysis which includes:

   a.  Estimation of the Debtors' put-back liabilities and the proposed RMBS Settlement;

   b.  Reviewing the Debtors' expert reports in response to the Committee's objection, and preparing responses to those reports;

   c.  Assisting SMBP with the development of an expert report with respect to the RMBS Settlement and testimony for the trial on the Debtors' motion seeking approval of the RMBS Settlement;

   d.  Preparing for and attending expert depositions;

   e.  Providing such other consulting or advisory services as may be needed.

30.     The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases.

### STATEMENT OF COHERENT

31.     The foregoing professional services performed by Coherent were appropriate and necessary to the effective administration of these cases.   They were in the best interests of creditors, the Debtors and other parties-in-interest.   Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues or tasks involved.   The professional services were performed in an appropriately expeditious and efficient manner.

32.     The professional services performed by Coherent on behalf of the Committee during the Total Compensation Period required an aggregate expenditure of 1,738.85 recorded hours by Coherent's economists and staff.   Of the aggregate time expended during the Total Compensation Period, 1,380.05 recorded hours were expended by economists at Coherent, and 358.80 recorded hours were expended by staff of Coherent.

33.     Coherent's 2012 hourly billing rates for economists working on these Chapter 11 Cases ranged from $495 to $775. For the Total Compensation Period, allowance of compensation in the amount requested will result in a blended hourly billing rate for economists of approximately $712.87, and a total blended hourly billing rate (including staff) of $659.07. Such fees are reasonable relative to the customary compensation received by Coherent from nonbankruptcy clients and by comparably skilled practitioners in comparable bankruptcy cases in a competitive national market.

### THE REQUESTED COMPENSATION SHOULD BE ALLOWED

34.     Section 331 of the Bankruptcy Code provides for interim

compensation of professionals and incorporates the substantive standards of section 330

to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement

for actual, necessary expenses." 11 U.S.C. § 330(a)(1).    Section 330 also sets

forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded . . . , the court should consider the nature, the extent,
> and the value of such services, taking into account all relevant
> factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of, a
> case under this title;
>
> (D)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (E)    with respect to a professional person, whether
> the person is board certified or otherwise has
> demonstrated skill and experience in the bankruptcy
> field; and
>
> (F)    whether the compensation is reasonable based
> on the customary compensation charged by comparably
> skilled practitioners in cases other than cases under this
> title.

35.    Coherent respectfully submits that the amount of compensation

requested during the Total Compensation Period is "reasonable" considering the nature,

extent, and value of the professional services performed during the Chapter 11 Cases.

The fees sought in this Application reflect an aggregate of 1,738.85 hours expended by Coherent economists and staff performing services necessary and beneficial to the Committee for the Total Compensation Period. Work was carefully assigned to appropriate economists or staff according to the experience and level of expertise required for each particular task and without unnecessary duplication. As discussed above, the rates charged by Coherent for these services are reasonable relative to rates charged by Coherent to nonbankruptcy clients and other professionals of comparable skill and competence. Coherent has diligently undertaken to minimize costs to the Committee while still ensuring that the Committee receive the highest quality work. To that end, as an additional accommodation to the Committee, Coherent voluntarily agreed to the continued use of 2012 rates during the course of these Chapter 11 Cases.

36.     The services for which Coherent seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee. The services rendered by Coherent were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

## NOTICE

37.     Pursuant to the Interim Compensation Order and the Confirmation Order, notice of this Application has been given to the Notice Parties, the Debtors and the Liquidating Trustee, and the Committee submits that no other or further notice need be provided.

## NO PRIOR REQUEST

38.     No prior request for the relief sought in this Application has been made to this or any other court.

12

**WHEREFORE**, Coherent respectfully requests that the Court enter an order (i) awarding Coherent the final allowance of (a) Total Compensation Period Fees in the amount of $1,135,367.52, and (b) Total Compensation Period Expenses in the amount of $15,194.52; (iii) authorizing and directing the Debtors to pay Coherent $18,598.20, representing all unpaid fees and expenses for the Total Compensation Period; and (iv) granting such other relief as is just and proper.

Dated: Buffalo Grove, IL
      March 3, 2014

COHERENT ECONOMICS, LLC

_____
Alan S. Frankel
Director, Coherent Economics, LLC
2800 Acacia Terrace
Buffalo Grove, IL 60089

13

## <u>EXHIBIT 1</u>

**CERTIFICATION OF ALAN S. FRANKEL**

Exhibit A: Certification Regarding Compliance with the Local Guidelines

COHERENT ECONOMICS, LLC
Alan S. Frankel
2800 Acacia Terrace
Buffalo Grove, IL 60089
Telephone: (847) 913-8187
Facsimile:
*Consultant to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
```
In re:                                          :    Chapter 11
                                                :
Residential Capital, LLC, et al.,               :    Case No. 12-12020 (MG)
                                                :
                              Debtors.          :    Jointly Administered
```
-------------------------------------------------------------x
```

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS**
**FOR PROFESSIONALS IN RESPECT OF FINAL APPLICATION OF**
**COHERENT ECONOMICS, LLC**
**FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Alan S. Frankel, hereby certify that:

I am the director of Coherent Economics, LLC ("**Coherent**"), consultant to the Official

Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-

possession (collectively, the "**Debtors**") in the above-referenced chapter 11 cases (the "**Chapter 11**

**Cases**"). Coherent submits this final application for compensation in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases adopted by the Court on January 23, 2013 (the "**Local Guidelines**"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under

11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No.

797] entered in these Chapter 11 Cases (the "**Interim Compensation Order**" and together with the

Local Guidelines and UST Guidelines, the "**Guidelines**").

This certification is made in respect of Coherent's application, dated March 3, 2014 (the "**Application**"), for allowance of compensation for professional services for the period commencing August 11, 2012 through and including December 31, 2013 (the "**Total Compensation Period**") in accordance with the Guidelines.

In respect of Section B.1 of the Local Guidelines, I certify that:

a.  I have read the Application;

b.  to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

c.  the fees and disbursements sought are billed at rates in accordance with the practices customarily employed by Coherent and generally accepted by Coherent's clients; and

d.  in providing a reimbursable service, Coherent does not make a profit on that service, whether the service is performed by Coherent in-house or through a third party; and

e.  all airfare for which reimbursement is being sought is for a coach class airfare.

In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Coherent has complied with the provision requiring it to provide the appropriate notice parties, on a monthly basis, with a statement of Coherent's fees and disbursements accrued during the previous month.

In respect of Section B.3 of the Local Guidelines, I certify that counsel for the Debtors, the chairs of the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of this Application.

Dated:    March 3, 2014

Alan S. Frankel

**EXHIBIT 2**

## SUMMARY OF PROFESSIONALS FOR
## THE TOTAL COMPENSATION PERIOD

| | | | Total Compensation Period 8/11/12 – 12/31/13 | |
|---|---|---|---|---|
| **Name of Professional** | **Title** | **Hourly Bill Rate** | **Total Billed Hours** | **Total Fees Billed** |
| Alan S. Frankel | Director | $775.00 | 706.05 | $547,188.80 |
| Roy Epstein | Senior Consultant | $690.00 | 606.40 | $418,416.00 |
| Daniel Shoag | Economist | $645.00 | 67.60 | $43,602.00 |
| Ivana Stojanovich | Economist | $495.00 | 116.60 | $57,717.00 |
| Sivia Naimer | Research Analyst | $445.00 | 82.70 | $36,801.50 |
| Eric Schonberg | Research Analyst | $445.00 | 32.00 | $14,240.00 |
| Laura McIntyre | Research Analyst | $220.00 | 127.50 | $28,050.00 |

**EXHIBIT 3**

## SUMMARY OF EXPENSES FOR THE
## TOTAL COMPENSATION PERIOD

| Description of Expense | Final Compensation Period 11/17/2011 - 5/16/2012 |
|---|---|
| Airfare | $7,561.70 |
| Hotel | $5,240.72 |
| Airport parking | $484.00 |
| Meals | $227.00 |
| Taxis to/from airport | $628.23 |
| Publications | $216.74 |
| Conference call services | $112.48 |
| Data | $400.00 |
| Postage | $38.65 |
| Webinar Proceedings | $285.00 |
| **Total** | **$15,194.52** |

### SUMMARY OF TIME BY BILLING
### CATEGORY FOR
### THE TOTAL COMPENSATION PERIOD

| Matter No. | Matter Name | Final Compensation Period 8/11/2012 – 12/31/13 | |
|:---:|---|---:|---|
| | | Hours | Fees |
| 1 | Economic Analysis | 1,705.60 | $1,129,436.00 |
| 2 | Retention Application | 7.70 | $    5,967.50 |
| 3 | Fee Application | 15.70 | $    3,454.00 |
| 4 | Non-working Travel | 9.85 | $    7,157.75 |
| | **TOTAL** | 1,738.85 | $1,146,015.25[5] |

---

[5] This amount was reduced by $10,647.73 by the Court making the total requested $1,135,367.52.