Hearing Date and Time: TBD
Objection Deadline: TBD

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re:                                : Chapter 11
                                      :
Residential Capital, LLC, et al.,     : Case No. 12-12020 (MG)
                                      :
            Debtors.                  : Jointly Administered

-----------------------------------------------------------x

**FINAL APPLICATION J F. MORROW, CONSULTANT TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR FINAL
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND
NECESSARY EXPENSES INCURRED DURING THE TOTAL
COMPENSATION PERIOD OF SEPTEMBER 5, 2012 THROUGH AUGUST 31, 2013**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**

Name of Applicant:                                          J F. Morrow

Authorized to Provide Professional Services to:   Official Committee of Unsecured Creditors

Total Compensation Period:                                September 5, 2012 to August 31, 2013

Total Fees Requested for the Total                         $ 250,060.00

Compensation Period:

Total Expenses Requested for the Total                     $     1,345.61

Compensation Period:

Total Amount Requested for the Total                       $ 251,405.61[1]

Compensation Period:

This is an/a __ Interim   X Final Application

Total Compensation and Expenses Previously Requested and Awarded

| Name of Individual | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| J F. Morrow | Consultant | $400.00 | 625.15 | $250,060.00 |
| **Total Fees Incurred** | | | 625.15 | $250,060.00 |

Blended hourly rate for all professionals is $400.00.

---

[1] The Total Amount Requested for the Total Compensation Period reflects a discount of $6,757.00 in fees due to voluntary write-off in fees. The write-off was provided to the Debtors to reduce the overall cost to the estates, generating a cost savings of $6,757.00.

**TABLE OF CONTENTS**

|  | **Page** |
|---|---|
| JURISDICTION AND VENUE | 1 |
| SUMMARY OF COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED | 2 |
| BACKGROUND | 3 |
| MR. MORROW FEE STATEMENTS | 3 |
| SUMMARY OF SERVICES RENDERED | 4 |
| ACTUAL AND NECESSARY DISBURSEMENTS OF MR. MORROW | 6 |
| RELIEF REQUESTED | 6 |
| NOTICE | 6 |
| NO PRIOR REQUEST | 6 |

Exhibit 1 – Certification of J F. Morrow

Exhibit 2 – Summary of Professional Fees for the Total Compensation Period

Exhibit 3 – Summary of Expenses for the Total Compensation Period

## **TABLE OF AUTHORITIES**

**Page(s)**

**STATUTES**

11 U.S.C. § 330 .................................................................................................................1, 2
11 U.S.C. § 331 ....................................................................................................................1
11 U.S.C. § 1107(A) ............................................................................................................4
11 U.S.C. § 1108 .................................................................................................................4
28 U.S.C. § 157 ...................................................................................................................2
28 U.S.C. § 1334 .................................................................................................................2
28 U.S.C. § 1408 .................................................................................................................2
28 U.S.C. § 1409 .................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 2014(a) .................................................................................................5, 7
Fed. R. Bankr. P. 2016 ....................................................................................................1, 2

Hearing Date and Time: TBD
Objection Deadline: TBD

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :   Case No. 12-12020 (MG)
                                                    :
                    Debtors.                        :   Jointly Administered
                                                    :
------------------------------------------------------------x

**THIRD AND FINAL APPLICATION J F. MORROW, CONSULTANT TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR FINAL ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM SEPTEMBER 5, 2012 THROUGH AUGUST 31, 2013**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

J F. Morrow, Consultant to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby files its third and final application (the "Application") pursuant to section 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for the final approval of professional services rendered by J F. Morrow and reimbursement of its actual and necessary expenses incurred during the period September 5, 2012 through and including August 31, 2013 (the "**Total Compensation Period**"). In support of his Application, Mr. Morrow respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.  The statutory predicate for the relief requested herein is sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Bankruptcy Rules.

## SUMMARY OF COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

4.  This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on January 23, 2013 (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797) entered in these Chapter 11 Cases (the "**Interim Compensation Order**,") and together with the Local Guidelines and the UST Guidelines, (the "**Guidelines**"). Pursuant to the Guidelines, a certification of Mr. Morrow, regarding compliance with the Guidelines is attached hereto as Exhibit 1.

5.  Mr. Morrow seeks final allowance of fees for professional services rendered during the Final Compensation Fee Period in the aggregate amount of $250,060.00 and reimbursement of expenses incurred in connection with rendition of those services in the aggregate amount of $1,345.61.

6.  During the Final Compensation Period, Mr. Morrow expended a total of 625.15 hours for which compensation is requested. Mr. Morrow was the only professional billing during this period, and his hourly rate is $400.00, for total fees incurred of $250,060.00.

7.  There is no agreement or understanding between Mr. Morrow and any other person for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

8.  The fees charged by Mr. Morrow in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of J F. Morrow as Consultant to the Committee, Nunc Pro

Tunc to September 5, 2012 (the "**Application**") [Docket No. 1419]. These fees were agreed to in accordance with the engagement letter ("**Engagement Letter**") between Mr. Morrow and the Committee dated September 5, 2012, which was attached to the Application.

9. The rates Mr. Morrow charges for his services rendered in these Chapter 11 Cases are reasonable relative to the rates charged by Mr. Morrow to non-bankruptcy clients and to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national market.

10. Pursuant to the UST Guidelines, annexed hereto as **Exhibit 2** is a schedule specifying the expenses for which Mr. Morrow is summary of Mr. Morrow's expenses billed during the Total Compensation Period.

11. Annexed hereto as **Exhibit 3** is a summary of Mr. Morrow's time billed during the Total Compensation Period.

12. Annexed hereto as **Exhibit 4** is a summary of Mr. Morrow's time billed during the Total Compensation Period broken down by project categories, as hereinafter described.

## BACKGROUND

13. On May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections l 107(a) and 1108 of the Bankruptcy Code.

14. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee. The United States Trustee selected the following nine parties to serve as members of the Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

15. On September 11, 2012, Mr. Morrow filed the Application [Docket No. 1418]. On September 27, 2012, the Court entered the Order Approving Retention of J F. Morrow as Consultant to the Official Committee of Unsecured Creditors Nunc Pro Tune to September 5,

2012 (the "**Retention Order**").

## MR. MORROW'S FEE STATEMENTS

16. Mr. Morrow maintains computerized records of the time spent in connection with the representation of the Committee. Mr. Morrow submitted monthly fee statements to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the UST Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.[2]

17. In accordance with the Interim Compensation Orders, Mr. Morrow sought payment for 100% of fees and l00% of expenses incurred pursuant to each Statement. With respect to the Total Compensation Period, Mr. Morrow received a payment of $240,816.61, representing 95.78% of fees requested ($239,471.00) and 100% of expenses requested ($1,345.61).

18. Therefore, pursuant to this Application, Mr. Morrow respectfully requests that the Court enter an order awarding Mr. Morrow on an final basis fees in an aggregate amount of $250,060.00, and the reimbursement of actual and necessary expenses Mr. Morrow incurred during the Total Compensation Period in the aggregate amount of $1,345.61.  Mr. Morrow is requesting payment of the balance of his unpaid fees, totaling $10,589.00, in aggregate amount.

## SUMMARY OF SERVICES RENDERED

19. The services rendered by Mr. Morrow during the Final Compensation Period are summarized below. The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in First Interim Fee Application, Second Interim Fee Application, and Third Interim Fee Application and are incorporated herein by reference. In compliance with the UST Guidelines, the following summary highlights certain areas in which services were rendered to the Committee and identifies some of the issues to which Mr. Morrow devoted significant time and effort during the Total Compensation Period.

**A.    Expert Report**
(Fees: $52,720.00/Hours Billed: 131.8)

20. During the First Interim Fee Period, Mr. Morrow spent time drafting, editing and revising his 100-page expert witness report, which was served on the Debtors and other parties in

---

[2] To date, Mr. Morrow has not received any objections to his Monthly Fee Statements.

interest on December 3, 2012 (and ultimately filed with the Court on February 1, 2013). Areas covered by the expert report include, among others, a description of the industry background (types of mortgage loans; the mortgage loan process; securitization process), the securitizations, underwriting guidelines and process, a description of the loans files and loan documentation types, a description of the re-underwriting process (process itself, personnel, information captured), along with a thorough discussion of the Mr. Morrow's expert opinions regarding RMBS issues and the proposed RMBS Settlement drawn from his analysis. The preparation of the expert report also included the preparation of all exhibits and attachments.

**B.    Loan Files**
(Fees: $45,000.00/Hours Billed: 112.5)

21.    The loan file analysis during the First Interim Fee Period included a review and analysis of over 22,000 pages of ResCap underwriting guidelines covering a specified time period. This also required Mr. Morrow to review and extract portions of the prospectus supplements regarding underwriting for each of the securitizations. Ultimately, during the First Interim Fee Period, Mr. Morrow also (i) designed a survey for the sample loans, (ii) reviewed all 1500 loans in the loan sample pool, (iii) performed a reunderwriting process on a sample of those loans, and (iv) performed re-underwriting as a separate audit review. In this process, Mr. Morrow compared the results of his analysis with those of the Committee's other RMBS experts, and re-underwrote additional loans to conduct quality control.

**C.    Survey**
(Fees: $18,700.00/Hours Billed: 46.8)

22.    During the First Interim Fee Period, Mr. Morrow also analyzed the data and results from the survey for the sample loans. This involved the preparation of tables exemplifying the results of the survey, the securitizations, and the classification of the various loan categories.

**D.    Deposition**
(Fees: $10,600.00/Hours Billed: 26.5)

23.    On December 17, 2012, Mr. Morrow was deposed in connection with his expert opinions regarding the Debtors' proposed RMBS Settlement. Prior to this deposition, Mr. Morrow prepared for the deposition and reviewed relevant documents and reports. Following the deposition, Mr. Morrow reviewed his testimony for accuracy.

**E.    Travel**
(Fees: $3,300.00/Hours Billed: 16.5)

24.    During the First Interim Fee Period, a total of 16.5 hours were spent on non-working travel in connection with attending a deposition session on December 17, 2012 in New

York, New York. Any time billed in this category is billed at 50% of the regular hourly rate.

**F.  Direct Testimony**
(Fees: $113,920.00/Hours Billed: 283.3)

25.    In preparation for the trial on the Debtors' motion seeking approval of the RBMS settlement, Mr. Morrow spent time drafting, editing, and revising his 112-page direct expert testimony. Outline of areas covered include overview, industry background (types of mortgage loans; the mortgage loan process; maintenance of loan files), underwriting guidelines and process, description of the loans files, loan documentation types, the re-underwriting process (process itself, personnel, information captured), opinions, rebuttal opinion and attachments. In preparation of this testimony, Mr. Morrow (i) research maintenance of loan files; (ii) as a separate audit review, re-underwriting 74 sample loan files of the 1500 origination/purchase loan files that Sillman re-underwrote of which a different quality rating was found; (iii) documenting and comparing the findings 74 sample loan files of the 1500 origination/purchase loan files for the audit review with reliability between our findings and Sillman's; (iv) taking the sample loans and creating back up support for each of the 40 random sample re-underwritten loan findings (644 pages) and analyze the results; (v)and creating tables that exemplify the results of the audit review, the classification of the various loan categories — investment quality, investment quality with underwriting violations, and materially defective, and  the analysis thereof for our findings and Sillman's.

**G.  Telephonic Conference Calls**
(Fees: $6,800.00/Hours Billed: 17.0)

26.    During the Total Compensation Period, in connection with the services provided above, Mr. Morrow held numerous telephonic conference calls with the Committee's other RMBS experts (including San Marino Business Partners, Coherent economics, and Analytic Focus), and Committee counsel, to discuss issues and analysis of the proposed RMBS Settlement. Also during the Total Compensation Period, in connection with the services provided above, Mr. Morrow attended three telephonic conference calls[3] with the Court.

27.    The foregoing services performed by Mr. Morrow were appropriate and necessary to the effective administration of these cases. They were in the best interests of creditors, the Debtors' estate and other parties-in-interest. Compensation for the foregoing

---

3 Mr. Morrow has written off the hours that it took for preparation of the First Interim, Second Interim and Third Interim Fee Applications and this Final Fee Application as well as the conference call with the Court for the all the Applications hearings. This is estimated to be at least 10 hours or $4,000.00.

services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The services were performed in an appropriately expeditious and efficient manner.

### ACTUAL AND NECESSARY DISBURSEMENTS OF MR. MORROW

28.    As set forth in Exhibit 3 hereto, Mr. Morrow has expenses of $1,345.61 during the Total Compensation Period.

### RELIEF REQUESTED

29.    Pursuant to the Final Fee Compensation Order, Mr. Morrow is hereby requesting payment of 100% of his fees earned of $250,060.00, and 100% of his expenses incurred of $1,345.61, for a total of $251,405.61. Mr. Morrow respectfully submits that the amount of compensation requested during the Total Compensation Period is reasonable considering the nature, extent and value of the professional services performed during the Chapter 11 Cases. The fees sought in this Application reflect an aggregate of 625.15 hours expended by Mr. Morrow performing necessary services. As discussed above, the rates charged by Mr. Morrow for these services are reasonable relative to rates charged by Mr. Morrow to non-bankruptcy clients and other professionals of comparable skill and competence. Mr. Morrow has undertaken efforts to minimize costs to the Debtors' estates while ensuring that the Committee receives the highest quality representation.

30.    The services for which Mr. Morrow seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. The services rendered by Mr. Morrow were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

### NOTICE

31.    Pursuant to the Final Fee Compensation Order, notice of this Application has been given to the Notice Parties and the Committee submits that no other or further notice need be provided.

### NO PRIOR REQUEST

32.    No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Mr. Morrow respectfully requests that the Court enter an order (i) awarding Mr. Morrow the final allowance of (a) fees for the Total Compensation Period in the amount of $250,060.00, and (b) reimbursement for actual and necessary expenses Mr. Morrow incurred during the Total Compensation Period in the amount of $1,345.61; (ii) authorizing and directing the Debtors to pay Mr. Morrow all unpaid fees and expenses for the Total Compensation Period; and (iii) granting such other relief as is just and proper.

Dated:  San Antonio, Texas
        March 3, 2014

J F. Morrow
5514 Darmondale Blvd.
San Antonio, Texas 78261
Telephone: (210) 651-3749
Facsimile: (210) 651-4076

**<u>EXHIBIT 1</u>**

**CERTIFICATION OF J F. MORROW**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

-----------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THIRD AND FINAL APPLICATION OF J F. MORROW FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, J F. Morrow, hereby certify that:

1. I am consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I submit this application for final compensation in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on January 23, 2013 (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "Interim Compensation Order" and together with the Local Guidelines and UST Guidelines, the "**Guidelines**").

2. This certification is made in respect of my application, dated March 3, 2014 (the "**Application**"), for final allowance of compensation for professional services and reimbursement of expenses for the period commencing September 5, 2012 through March 3, 2014 (the "**Total Compensation Period**") in accordance with the Guidelines.

3. In respect of Section B.1 of the Local Guidelines, I certify that:
   a. I have read the Application;
   b. to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

  c. the fees and disbursements sought are billed at rates in accordance with the practices customarily employed and generally accepted by my clients; and

  d. in providing a reimbursable service, I do not make a profit on that service, whether the service is performed by me or through a third party.

4. In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that I have complied with the provision requiring me to provide the appropriate notice parties, on a monthly basis, with a statement of my fees and disbursements accrued during the previous month.

5. In respect of Section B.3 of the Local Guidelines, I certify that counsel for the Debtors, the chairs of the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of this Application.

Dated: San Antonio, Texas
March 3, 2014

*/s/ J F. Morrow*

J F. Morrow

**EXHIBIT 2**

SUMMARY OF EXPENSES

| Expense Category | Amount |
|---|---|
| Coach Airfare | $755.60 |
| Hotel Costs | $249.01 |
| Taxi Fare | $140.00 |
| Meals (6 meals) | $97.50 |
| Parking | $56.00 |
| Tipping | $25.00 |
| Mileage | $22.50 |
| **Total** | **$1,345.61** |

# EXHIBIT 3

### SUMMARY OF TIME

| Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|
| Project Code 300: Expert Report | 131.8 | $52,720.00 |
| Project Code 301: Loan Files | 112.5 | $45,000.00 |
| Project Code 302: Survey | 46.8 | $18,720.00 |
| Project Code 303: Deposition | 26.5 | $10,600.00 |
| Project Code 304: Travel (Billed at 50%) | 16.5 | $6,600.00 |
| Project Code 201: Direct Testimony | 283.3 | $113,320.00 |
| Project Code 305: Telephonic Conference Calls | 17 | $6,800.00 |
| **Total Fees Incurred** | | **$253,760.00** |
| **Voluntary reduction of fees** | | **$400.00** |
| **Less 50% Reduction for Non-Working Travel** | | **$3,300.00** |
| **TOTAL** | | 250,060.00 |