

### CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

May 17, 2013

Inv. # 1578513
Our Ref. 062108-000410
SJR

Attention:    Residential Capital, LLC

**Re:  Adversary Proceedings and Contested Matters**

---

| | | | |
|---|---|---|---|
| 02/01/13 MG8 | Review filings relating to RMBS settlement, in connection with Curtis' role as Debtors' conflicts counsel in conversation with B.  Kotliar regarding the same (.80) | | 0.80 |
| 02/01/13 BMK | Confer with M. Gallagher re: proofs of claims re: purchase dates of RMBS certificates by Investors seeking classification of their securities fraud claims with trust claims (.70) | | 0.70 |

TOTAL HOURS        1.50

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.80 | 625 | 500.00 |
| Bryan M. Kotliar | Associate | 0.70 | 305 | 213.50 |
| | | **1.50** | | **$713.50** |

**TOTAL SERVICES**        $713.50

**Summary of Expenses**

| | |
|---|---|
| External Photocopy Services | 28.20 |

**TOTAL EXPENSES**        $28.20

**TOTAL THIS INVOICE**        $741.70



# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK  10178-0061


PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930


Residential Capital, LLC
Inv. # 1578513

| | |
|---|---|
| Total Services | 713.50 |
| Total Expenses | 28.20 |
| **Total This Invoice** | **$741.70** |


**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 154 of 348 254



### CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                          May 17, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                  Inv. # 1578514
Fort Washington  PA 19034                                        Our Ref. 062108-000430
                                                                 SJR

Attention:    Residential Capital, LLC

**Re:  Automatic Stay/Adequate Protection Matters**

---

| | | | |
|---|---|---|---|
| 02/06/13 | TF1 | Review update on omnibus hearing and resolution of JPMorgan relief stay motion as Curtis was involved as conflicts counsel (.10) | 0.10 |
| 02/06/13 | MG8 | Review status of JPMorgan motion to lift stay and confirm resolution with J. Newton, as JPMorgan is a potential conflict party (.20) | 0.20 |
| 02/07/13 | MG8 | Review stipulation and order resolving JPMorgan motion for relief from automatic stay in connection with Canterbury litigation in connection with Curtis' role as Debtors' conflicts counsel (.20) | 0.20 |
| 02/25/13 | MG8 | Review Wells Fargo motion for stay relief in connection with quiet title action in New York in connection with Curtis' role as Residential Capital's conflicts counsel and follow-up with Morrison & Foerster regarding the same (.50) | 0.50 |
| 02/26/13 | MG8 | Attend to correspondence with J. Newton of Morrision & Foerster regarding recent stay relief motion of Wells Fargo for potential contlicts purposes (.20) | 0.20 |
| | | TOTAL HOURS | 1.20 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Theresa A. Foudy | Partner | 0.10 | 730 | 73.00 |
| Maryann Gallagher | Counsel | 1.10 | 625 | 687.50 |
| | | **1.20** | | **$760.50** |

|  |  |
|---|---|
| **TOTAL SERVICES** | **$760.50** |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 4 of 254

May 17, 2013
Inv # 1578514
Our Ref #  062108-000430

Page  2

**TOTAL THIS INVOICE**                               **$760.50**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**    Bank:            Citibank
                       ABA Routing #:   021000089
                       F/B/O:           Curtis Mallet-Prevost Colt & Mosle LLP
                       Account#         40585074

**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
                        General Post Office
                        P.O. Box 27930
                        New York, NY 10087-7930

                        Residential Capital, LLC
                        Inv. # 1578514

                        Total Services                          760.50

                        Total Expenses                            0.00
                                                              ─────────
                        **Total This Invoice**                **$760.50**
                                                              ─────────

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

May 17, 2013

Inv. # 1578515
Our Ref. 062108-000500
SJR

Attention:    Residential Capital, LLC

Ro:    Pset  et n Dd ysi l dco Svevor  ot vl

---

| 02/06/13 | MG8 | Draft correspondence to plan mediator regarding subordination/classification issue raised by Investors' 3013 Motion (.40) | 0.40 |
| 02/08/13 | MG8 | Review and comment on research memorandum on classification issues prepared in connection with responding to Investors' motion pursuant to Rule 3013 seeking to classify investor claims with claims of RMBS Trusts (.60) | 0.60 |
| 02/27/13 | MG8 | Attend to brief review of responses to Debtors' motion to further extend exclusivity for conflicts purposes (.60) | 0.60 |
| 02/28/13 | MG8 | Prepare for and attend status conference on plan mediation and related matters in connection with Curtis' role as Debtors' conflicts counsel (1.50) | 1.50 |
| | | TOTAL HOURS | 3.10 |

Sdr  r  eou i mSocf ayol

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 3.10 | 625 | 1,937.50 |
| | | **2.10** | | **$1,327.50** |

| | | |
|---|---|---|
| **TOTAL SERVICES** | | **$1,327.50** |

| | | |
|---|---|---|
| **TOTAL THIS INVOICE** | | **$1,327.50** |

12-12020-mg Doc 4532 Filed 08/07/13 Entered 08/07/13 14:13:23 Main Document
Pg 158 Pg 7 of 254



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

Peur ot vlt l vodyvei t l :

Waxo Fdt nl vi -

| | |
|---|---|
| Bank: | Citibank |
| ABA Routing #: | 021000089 |
| F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| Account# | 40585074 |

MeasChoykl vi -

Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578515

| | |
|---|---|
| Total Services | 1,937.50 |
| Total Expenses | 0.00 |
| **Ti vesThd lt f i ayo** | **$1,327.50** |

Imui d coqdaxo ndovhoc at m cr evei t cogecmat g pel vndo eyyi dt vl , psoel o yi t veyv
Chet net ao Di r e (Ayyi dt vl Royoaf ebso Ci i cnat evi c) ev(919)823-6807.

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                        May 17, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                Inv. # 1578516
Fort Washington  PA 19034                                      Our Ref. 062108-000700
                                                               SJR

Attention:    Residential Capital, LLC

Re:   **Curtis Retention/Billing/Fee Applications**

---

| 02/04/13 | MG8 | Attend to issues relating to notice regarding Second Interim Fee Applications (.30) | 0.30 |
|---|---|---|---|
| 02/04/13 | AD | Per M. Gallagher's request, update November 2012 Monthly Fee Statement including revising charts and summary narratives in accordance with guidelines set by United States Trustee on cover letter for same (.30) | 0.30 |
| 02/05/13 | AD | Finalize November 2012 Monthly Fee Statement to reflect M. Gallagher's comments including revising charts and summary narratives in accordance with guidelines set by United States Trustee on cover letter for same (.50) | 0.50 |
| 02/05/13 | JZ | Review and revise draft of December 2012 Monthly Fee Statement including revising charts and summary narratives in cover letter for same in accordance with guidelines set by United States Trustee (.40) | 0.40 |
| 02/05/13 | JZ | Correspond with M. Gallagher and A. Dreiman regarding finalizing November 2012 Monthly Fee Statement, revisions to December 2012 Monthly Fee Statement, and preparation of Second Interim Fee Application in accordance with guidelines set by United States Trustee (.10) | 0.10 |
| 02/05/13 | JZ | Review and revise draft of Second Interim Fee Application including preparation of descriptive narratives contained in same, in accordance with guidelines set by United States Trustee (3.40) | 3.40 |
| 02/06/13 | JZ | Correspond with A. Dreiman regarding finalizing and serving November 2012 Monthly Fee Statement in accordance with United States Trustee guidelines (.10) | 0.10 |
| 02/06/13 | JZ | Review and revise November 2012 Monthly Fee Statement in accordance with the guidelines set by the United States Trustee, including review of charts and summary narrative on cover letter of same (.20) | 0.20 |
| 02/08/13 | JZ | Review and revise draft of Second Interim Fee Application pursuant to U.S. Trustee fee guidelines, | 0.20 |

May 17, 2013
Inv # 1578516
Our Ref #  062108-000700

Page  2

| | | | |
|---|---|---|---|
| | | including revisions to summary narratives contained in body of same (.20) | |
| 02/11/13 | JZ | Review and revise draft of Second Interim Fee Application pursuant to U.S. Trustee guidelines including revisions to summary narrative descriptions (.90) | 0.90 |
| 02/11/13 | JZ | Correspond with A. Dreiman regarding preparation of December 2012 Monthly Fee Statement and finalizing November 2012 Monthly Fee Statement (.20) | 0.20 |
| 02/14/13 | AD | Review and revise the December 2012 Monthly Fee Statement to reflect new United States Trustee Guidelines and as outlined in the Interim Compensation Order (.50) | 0.50 |
| 02/19/13 | JZ | Review and revise draft of December 2012 Monthly Fee Statement, including revisions to charts and narratives on cover letter in accordance with guidelines established by United States Trustee (.20) | 0.20 |
| 02/26/13 | JZ | Correspond with M. Gallagher and A. Dreiman regarding revisions to December 2012 Fee Statement in accordance with guidelines of U.S. Trustee (.10) | 0.10 |

TOTAL HOURS          7.40

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.30 | 625 | 187.50 |
| James Zimmer | Associate | 5.80 | 345 | 2,001.00 |
| Alana Dreiman | Legal Assistant | 1.30 | 230 | 299.00 |
| | | **7.40** | | **$2,487.50** |

**TOTAL SERVICES**                                            $2,487.50

**TOTAL THIS INVOICE**                                 $2,487.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578516

| | |
|---|---|
| Total Services | 2,487.50 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$2,487.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                                       June 18, 2013
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034                                                Inv. # 1580059
                                                                                      Our Ref. 062108-000100
                                                                                      SJR

Attention:     Residential Capital, LLC

Re:   **Case Administration**

---

| Date | Init. | Description | Hours |
|------|-------|-------------|-------|
| 03/01/13 | BMK | Draft summary of Committee's complaint against the Junior Secured Noteholders for S. Reisman, M. Gallagher and T. Foudy in connection with JSN lien dispute (2.70) | 2.70 |
| 03/01/13 | AD | Update internal case calendar to reflect hearing dates and deadlines as set by the Court, including adjourned hearing regarding AIG matters (.10) | 0.10 |
| 03/04/13 | TF1 | Review statements by JSNs and Ally regarding exclusivity extension in connection with Curtis' role as conflicts counsel, as certain holders of JSNs are potential conflict parties (.80) | 0.80 |
| 03/04/13 | MG8 | Attend to recent docket activity filed in ResCap Chapter 11 cases for potential conflicts purposes, including statement of Ad Hoc Committee of JSNs filed recently in response to the Committee's response to the Debtors CRO motion and request to extend exclusivity and Statement of Ally Financial Inc. and Ally Bank Regarding the Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and the Debtors' Motion for Appointment of a Chief Restructuring Officer, Examiner Motion regarding clawback requests, and notices and materials in connection with upcoming hearing on exclusivity and CRO motion and related follow-up (1.60) | 1.60 |
| 03/05/13 | SJR | Attend to review of issues and updates on matters in Residential Capital case regarding conflict matters being handled by Curtis Mallet and timeline of issues in connection with Examiner Report, extension of exclusivity and efforts to resolve any creditor issues (1.70) | 1.70 |
| 03/05/13 | TF1 | Review reports/emails concerning exclusivity hearing and confer with M. Gallagher regarding same (.30) | 0.30 |
| 03/05/13 | MG8 | Review order extending exclusive periods by 60 days and related follow-up (.20) | 0.20 |

June 18, 2013
Inv # 1580059
Our Ref #  062108-000100

Page  2

| 03/06/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |
| 03/07/13 | SJR | Review of MBIA Objection to RMBS Settlement Motion and issues being handled by Curtis as Conflicts Counsel (1.30) | 1.30 |
| 03/07/13 | BMK | Correspondence with C. Cu at KCC regarding service procedures required by the case management order (.50) | 0.50 |
| 03/07/13 | BMK | Coordinate production of timeline of recent case developments in order to remain current with respect to case issues where an actual or potential conflict exists (1.10) | 1.10 |
| 03/11/13 | MG8 | Review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.50) | 0.50 |
| 03/13/13 | MG8 | Review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including responses filed in connection with Examiner's motion to modify uniform protective order, interim fee applications filed by various professionals, Syncora letter regarding objection to sale motion, and responses filed in connection with Debtors' motion seeking a determination that the FRB foreclosure review obligations are general unsecured claims and enforcement of such obligations is subject to the automatic stay (1.30) | 1.30 |
| 03/14/13 | MG8 | Review of daily docket activity in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 03/18/13 | MG8 | Review docket activity for potential conflict matters in connection with Curtis' role as Debtors' conflicts counsel (.70) | 0.70 |
| 03/19/13 | MG8 | Review recent docket activity for potential conflict matters, including numerous stipulations regarding stay relief, papers regarding rejection and abandonment, the Debtors' reply and Committee's submission in connection with their motion pursuant to Rule 3013 regarding classification of FRB Foreclosure review claim (1.30) | 1.30 |
| 03/25/13 | GF | Review Fifth Omnibus Scheduling Order, draft and send correspondence re: internal case calendar relating to RMBS Trust Settlement at request of B. Kotliar (.70) | 0.70 |
| 03/26/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |

June 18, 2013
Inv # 1580059
Our Ref #  062108-000100

Page  3

TOTAL HOURS                    16.80

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 3.00 | 830 | 2,490.00 |
| Theresa A. Foudy | Partner | 1.10 | 730 | 803.00 |
| Maryann Gallagher | Counsel | 7.60 | 625 | 4,750.00 |
| Bryan M. Kotliar | Associate | 4.30 | 305 | 1,311.50 |
| Georgia Faust | Legal Assistant | 0.70 | 235 | 164.50 |
| Alana Dreiman | Legal Assistant | 0.10 | 230 | 23.00 |
| | | **16.80** | | **$9,542.00** |

**TOTAL SERVICES**                    $9,542.00

**TOTAL THIS INVOICE**                    $9,542.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580059

| | |
|---|---|
| Total Services | 9,542.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$9,542.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

June 18, 2013

Inv. # 1580058
Our Ref. 062108-000210
SJR

Attention:     Residential Capital, LLC

**Re:   Asset Analysis, Sales and Recoveries**

---

| | | | |
|---|---|---|---|
| 03/04/13  MG8 | Review Committee's joinder to Debtors' reply to objection of Ambac to proposed assumption of executory contracts pursuant to sale to Ocwen for potential conflicts purposes (.10) | | 0.10 |
| | TOTAL HOURS | | 0.10 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.10 | 625 | 62.50 |
| | | **0.10** | | **$62.50** |

|  |  |
|---|---|
| **TOTAL SERVICES** | **$62.50** |

|  |  |
|---|---|
| **TOTAL THIS INVOICE** | **$62.50** |



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580058

| | |
|---|---|
| Total Services | 62.50 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$62.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                              June 18, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                      Inv. # 1580057
Fort Washington  PA 19034                                           Our Ref. 062108-000320
                                                                    SJR

Attention:    Residential Capital, LLC

**Re:   Claims Administration and Objections**

---

| 03/03/13 | MG8 | Review of latest draft of claims procedure motion and follow up with J. Wishnew of Morrison & Foerster regarding same, as claims objections will involve conflict parties (.50) | 0.50 |
|---|---|---|---|
| 03/12/13 | MG8 | Review summaries of proofs of claims filed by Prudential and Allstate in connection with Curtis' role as Debtors' conflicts counsel (.40) | 0.40 |
| 03/25/13 | MG8 | Attend to matters relating to preparing for claims objections for claims asserted by conflict parties (.50) | 0.50 |
| 03/25/13 | MG8 | Follow-up with B. Kotliar relating to updating materials in connection with objectiond to claims asserted by conflicts parties (.20) | 0.20 |
| 03/25/13 | BMK | Review proofs of claim filed by actual and potential conflict parties, including Prudential and Allstate, received from KCC to coordinate with Debtors counsel re: objecting to claims by conflict parties (.70) | 0.70 |
| 03/25/13 | BMK | Confer with M. Gallagher re: updating claims spreadsheet to prepare for submission to Debtors' counsel to prepare for objecting to claims by conflict parties that Curtis has been adverse to in the Chapter 11 case (.20) | 0.20 |
| 03/26/13 | MG8 | Correspond with J. Wishnew of Morrison & Foerster regarding upcoming claims objections to claims filed by certain conflict parties (.20) | 0.20 |

|  |  | TOTAL HOURS | 2.70 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 169 of 349

June 18, 2013
Inv # 1580057
Our Ref #  062108-000320

Page  2

**Summary of Services**

|  | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 1.80 | 625 | 1,125.00 |
| Bryan M. Kotliar | Associate | 0.90 | 305 | 274.50 |
|  |  | **2.70** |  | **$1,399.50** |

**TOTAL SERVICES**                                    $1,399.50

**TOTAL THIS INVOICE**                            $1,399.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580057

| | |
|---|---|
| Total Services | 1,399.50 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$1,399.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                     June 18, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                             Inv. # 1580053
Fort Washington  PA 19034                                   Our Ref. 062108-000400
                                                            SJR

Attention:     Residential Capital, LLC

**Re:   General Litigation Matters**

---

| 03/01/13 | TF1 | Review M. Gallagher update on Residential Capital hearing in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants and discuss same with her (.40) | 0.40 |
|---|---|---|---|
| 03/01/13 | TF1 | Conference call with J. Haims to discuss strategy for meet and confer call with Quinn in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/01/13 | TF1 | Meet and confer call with Quinn in connection with subordination adversary proceeding and follow-up discussions with Morrison & Foerster regarding same (1.30) | 1.30 |
| 03/01/13 | TF1 | Review Steering Committee reply brief in support of Rule 9019 motion for RMBS Trusts and Debtors' non-Iridium factors reply brief (1.20) | 1.20 |
| 03/01/13 | MG8 | Attend RMBS Trust settlement status conference for conflicts purposes (1.10) | 1.10 |
| 03/01/13 | BMK | Follow up to call with Investors' counsel and Mofo re: status letter to chambers re: cross motions for summary judgment and disputed facts in connection with subordination adversary proceeding and potential arguments against disputed factual questions (.50) | 0.50 |
| 03/01/13 | BMK | Attend call with Quinn, counsel for the Investors, on the status of letter to chambers re: cross motions for summary judgment and disputed facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/01/13 | DAB | Correspond with B. Kotliar and D. Mize regarding next steps with respect to joint status letter requested by the court in connection with subordination adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 172 of 349

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 2

| 03/01/13 | DAB | Prepare for call with Quinn regarding joint status letter in connection with subordination adversary proceeding (.50) | 0.50 |
|---|---|---|---|
| 03/01/13 | DAB | Call with Quinn regarding joint status letter in connection with subordination adversary pleading and followup with T. Foudy, M. Gallagher and B. Kotliar regarding same (1.00) | 1.00 |
| 03/01/13 | JDM | Participate in call with Securities Investors' counsel regarding draft stipulated facts and joint status letter to Judge Glenn in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 1.60 |
| 03/02/13 | SJR | Attend to issues regarding subordination adversary proceeding being addressed by Curtis as Conflicts Counsel in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/02/13 | MG8 | Correspondence with T. Foudy regarding issues with language proposed by Quinn/Investors in connection with consolidation question raised by the Court in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/02/13 | DAB | Extensive research regarding consolidation of contested matters with adversary proceedings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' Rule 3013 Motion (3.50) | 3.50 |
| 03/03/13 | SJR | Review issues regarding subordination adversary proceeding and status and strategy going forward including correspondence and internal e-mails and memoranda regarding strategy on subordination of Investors' securities claims including claims of AIG and other conflict parties (1.80) | 1.80 |
| 03/03/13 | MG8 | Review correspondence from D. Bloom summarizing conference call with Quinn on March 1 and strategy for letter required by court regarding consolidation of the Investors' classification motion with the adversary complaint seeking subordination and follow-up regarding the same (.30) | 0.30 |
| 03/03/13 | BMK | Research proceedings in other Southern District bankruptcy court cases for pleadings seeking consolidation of contested matters with adversary proceedings in connection with subordination adversary proceeding (1.40) | 1.40 |
| 03/03/13 | BMK | Research Bankruptcy Rules 7042 and 9014 for consolidating multiple proceedings in bankruptcy in connection with subordination adversary proceeding in | 1.20 |

12-12020-mg    Doc 4532    Filed 08/07/14    Entered 08/07/14 22:56:28    Main Document
Pg 22 of 254

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  3

| Date | Init. | Description | Hours |
|---|---|---|---|
| | | which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | |
| 03/03/13 | BMK | Assist D. Bloom in drafting proposed consolidation language for joint status letter submission to Court in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/03/13 | BMK | Multiple conferences with D. Bloom re: procedural issues such as status of research and other open questions on consolidation in connection with subordination adversary proceeding (.80) | 0.80 |
| 03/03/13 | DAB | Extensive further research regarding consolidation of contested matters with adversary proceedings in connection with potential consolidation of Investors' Rule 3013 Motion with Debtors' subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00) | 3.00 |
| 03/03/13 | DAB | Draft memorandum regarding consolidation of contested matters with adversary proceedings in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (1.00) | 1.00 |
| 03/03/13 | DAB | Analyze language proposed by Quinn with respect to consolidation for inclusion in draft letter in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (.30) | 0.30 |
| 03/03/13 | DAB | Communication with B. Kotliar regarding consolidation research in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (.80) | 0.80 |
| 03/04/13 | SJR | Attend to matters regarding consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and follow up regarding various issues related to same (.60) | 0.60 |
| 03/04/13 | SJR | Review draft Joint Status Report for Court to be provided by parties in connection with consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/04/13 | TF1 | Review/analyze proposed language from Quinn concerning consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/04/13 | TF1 | Review D. Bloom email summarizing research results concerning consolidation of Investors' Rule 3013 Motion and subordination adversary proceeding (.30) | 0.30 |

12-12020-mg    Doc 4532    Filed 08/08/14    Entered 08/08/14 22:56:28    Exhibit
Pg 23 of 254

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  4

| 03/04/13 | TF1 | Conference call with Morrison & Foerster regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.40) | 0.40 |
|---|---|---|---|
| 03/04/13 | TF1 | Review discovery proposed by securities claimants in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/04/13 | TF1 | Participate in "meet and confer" call in regards to consolidation of Investors' Rule 3013 Motion and subordination adversary proceeding (.50) | 0.50 |
| 03/04/13 | TF1 | Edit draft joint status report to court and draft email forwarding same to subordination adversary proceeding defendants (1.50) | 1.50 |
| 03/04/13 | TF1 | Review Debtors' Iridium brief in reply to objection in connection with Curtis' role as conflicts counsel, as certain holders of JSNs are potential conflict parties (1.20) | 1.20 |
| 03/04/13 | TF1 | Review revised proposal from Quinn regarding discovery in connection with subordination adversary proceeding and conference call with Morrison & Foerster on same (.80) | 0.80 |
| 03/04/13 | MG8 | Attend to matters relating to completion of joint status report regarding consolidation of Debtors' adversary proceeding seeking subordination of Investors' Securities claims with Investors' Rule 3013 Motion, including review and comment to draft report, review of draft document requests prepared by Investors, preparation for service and filing of joint status report, and numerous communications with T. Foudy, D. Bloom and B. Kotliar regarding the same (.90) | 0.90 |
| 03/04/13 | MG8 | Participation in call with counsel to Investors to satisfy meet and confer requirements (.50) | 0.50 |
| 03/04/13 | BMK | Assist drafting letter to court re: cross motions for summary judgment in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (3.50) | 3.50 |
| 03/04/13 | BMK | Research parties to be given notice of summary judgment status letter based on responses and joinders to the Investors Rule 3013 Motion in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.90) | 0.90 |
| 03/04/13 | BMK | Attend call with counsel for the Investors/Defendants in subordination adversary proceeding re: letter to court re: cross motions for summary judgment and follow up | 0.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 24 of 254

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  5

| | | | |
|---|---|---|---|
| | | with T. Foudy, M. Gallagher, and D. Bloom in connection with subordination adversary proceeding (.50) | |
| 03/04/13 | BMK | Draft email explaining documents relied upon for subordination arguments to respond to evidentiary questions from Investors/Defendants in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.60) | 0.60 |
| 03/04/13 | DAB | Analyze informal discovery requests from Quinn in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.30) | 0.30 |
| 03/04/13 | DAB | Correspond with T. Foudy, M. Gallagher and B. Kotliar regarding transmittal of letter to chambers in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.20) | 0.20 |
| 03/04/13 | DAB | Conference call with Morrison & Foerster regarding joint status letter and followup regarding same in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.40) | 0.40 |
| 03/04/13 | DAB | Review correspondence with Morrison & Foerster regarding joint status letter in connection with subordination adversary proceeding (.10) | 0.10 |
| 03/04/13 | DAB | Review M. Gallagher comments to joint status letter and revise same accordingly in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/04/13 | DAB | Review Quinn email and analyze underlying pleadings regarding exclusive reliance on PSAs for "affiliate" argument pursuant to section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 03/04/13 | DAB | Communication with B. Kotliar with respect to recipients and co-signers of the joint status letter and attention to same in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/04/13 | DAB | Substantial revision of draft joint status letter to incorporate updated information based on Quinn call and consolidation research in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.20) | 2.20 |
| 03/04/13 | JDM | Review draft letter to Judge Glenn regarding parameters of discovery in connection with | 1.80 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 25 of 254

| | | | |
|---|---|---|---|
| | | subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | |
| 03/04/13 | JDM | Review and revise drafts of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (2.70) | 2.70 |
| 03/04/13 | JDM | Attention to meet and confer to discuss parameters of discovery in connection with subordination adversary proceeding (.80) | 0.80 |
| 03/05/13 | SJR | Attend to issues regarding Joint Status Report in connection with securities claims subordination litigation and review final draft of same for sign-off (1.80) | 1.80 |
| 03/05/13 | TF1 | Follow-up with Quinn/Zuckerman/Morrison & Foerster on comments to Joint Status Report regarding securities claim subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants, negotiations surrounding discovery issues, and finalizing draft and distributing to other parties in interest (3.10) | 3.10 |
| 03/05/13 | TF1 | Follow-up on waiver of service by Quinn in connection with subordination adversary proceeding and edit written waiver in light of same (.50) | 0.50 |
| 03/05/13 | MG8 | Attend to review of draft waiver of service of summons for defendants to subordination adversary proceeding represented by Quinn Emanuel and related correspondence with T. Foudy, D. Bloom, B. Kotliar and S. Shelley regarding the same (.50) | 0.50 |
| 03/05/13 | MG8 | Attend to matters related to revising and updating draft of Joint Status Report to Court on consolidation and cross motions for summary judgment with respect to adversary proceeding on subordination in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' 3013 Motion and arranging for re-circulation and filing of the same, including numerous communications with T. Foudy, D. Bloom and B. Kotliar regarding the same (1.80) | 1.80 |
| 03/05/13 | BMK | Multiple conferences with M. Gallagher and D. Bloom re: status of summary judgment status letter to court and additional steps to be taken in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/05/13 | BMK | Correspondences with C. Cu from KCC re: filing and service of letters in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/05/13 | BMK | Assist drafting of email to parties participating in | 0.60 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 26 of 254

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page  7

|  |  | summary judgment Joint Status Report letter to court in connection with subordination adversary proceeding (.60) |  |
| --- | --- | --- | --- |
| 03/05/13 | BMK | Correspondences with M. Gallagher re: service and filing issues for subordination summary judgment Joint Status Report in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/05/13 | DAB | Revise draft Quinn waiver in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and email same to T. Foudy (.50) | 0.50 |
| 03/05/13 | DAB | Analyze CRO and exclusivity motions' impact on subordination adversary proceeding (.20) | 0.20 |
| 03/05/13 | DAB | Revise draft cover email to recipients of Joint Status Report letter in connection with subordination adversary proceeding and communication with B. Kotliar regarding same (.80) | 0.80 |
| 03/05/13 | DAB | Correspond with B. Kotliar regarding CRO and exclusivity hearings and review summary of same in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/05/13 | JDM | Review and revise draft of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50) | 1.50 |
| 03/06/13 | SJR | Additional review of draft Joint Status Report letter regarding subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and comments by parties to same and attention to legal research and procedural issues in connection with subordination of securities Investors' claims (2.30) | 2.30 |
| 03/06/13 | TF1 | Review comments to Joint Status Report regarding subordination litigation in which conflict parties including AIG, Allstate and Prudential are defendants and multiple conferences with M. Gallagher to coordinate incorporation of comments/finalization and sign-off and filing and service of report (1.20) | 1.20 |
| 03/06/13 | MG8 | Correspondence with S. Shelley of Quinn regarding signatories to Joint Status Report in connection with subordination adversary proceeding and any outstanding issues with respect to same (.40) | 0.40 |
| 03/06/13 | MG8 | Final review and revisions to Joint Status Report in connection with subordination adversary proceeding in order to prepare for filing and service, and related follow-up with T. Foudy, D. Bloom, and B. Kotliar | 0.70 |

12-12020-mg   Doc 3588-12   Filed 03/08/14   Entered 03/08/14 22:56:28   Exhibit
Exhibit I-1   Pg 27 of 254

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page  8

|            |     | regarding the same (.70)                                                                                                                                                                                                                                                                                |      |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| 03/06/13   | MG8 | Telephone conference w/ L. Neish at Zuckerman Spaeder, counsel to NCUAB, to review all recent changes to Joint Status Report in connection with subordination adversary proceeding and sign-off on latest draft circulated to Investors (.30)                                                             | 0.30 |
| 03/06/13   | MG8 | Correspondence with KCC regarding service questions with respect to the Joint Status Report letter filed in the adversary proceeding and main case regarding the consolidation of the adversary proceeding and the Investors' Rule 3013 Motion (.20)                                                      | 0.20 |
| 03/06/13   | MG8 | Telephone conference w/ L. Neish of Zuckerman Spaeder regarding final review and sign-off on joint status report and follow-up correspondence to her regarding the same (.40)                                                                                                                            | 0.40 |
| 03/06/13   | MG8 | Incorporate comments of S. Shelley of Quinn into latest draft of Joint Status Report in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and consult with J. Haims and K. Sadeghi of Morrison & Foerster regarding same (.70) | 0.70 |
| 03/06/13   | MG8 | Multiple telephone conferences w/ S. Shelley regarding additional comments from the Investors to the Joint Status Report regarding the consolidation of the adversary proceeding and Investors' Rule 3013 Motion (.50)                                                                                    | 0.50 |
| 03/06/13   | MG8 | Further correspondence with L. Neish regarding sign-off on Joint Status Report regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 3013 Motion (.20)                                                     | 0.20 |
| 03/06/13   | MG8 | Correspondence with T. Foudy regarding final sign-off, filing and service of Joint Status Report regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 3013 Motion and related follow-up with D. Bloom and B. Kotliar regarding same (.50) | 0.50 |
| 03/06/13   | MG8 | Review and coordinate with K. Sadeghi of MoFo regarding incorporating comments of M. Etkin of Lowenstein to the draft Joint Status Report regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 3013 Motion circulated by the Debtors and Investors, as requested by the Court (1.20) | 1.20 |
| 03/06/13   | MG8 | Numerous conferences w/ K. Sadeghi regarding comments to and sign-off on Joint Status Report                                                                                                                                                                                                            | 0.30 |

12-12020-mg   Doc 4532   Filed 08/02/14   Entered 08/02/14 22:56:28   Main Document
Pg 28 of 254

|            |     |                                                                                                                                                                                                                                                     |      |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | regarding consolidation of adversary proceeding and Rule 3013 motion (.30)                                                                                                                                                                          |      |
| 03/06/13   | MG8 | Attend to addressing comments from counsel to US Bank to the draft Joint Status Report on consolidation of subordination adversary proceeding and Rule 3013 motion and related follow-up with T. Foudy and K. Sadeghi (.60)                          | 0.60 |
| 03/06/13   | MG8 | Draft language to insert into Joint Status Report in connection with subordination adversary proceeding to address issues of reliance on additional documents and follow-up with K. Sadeghi and J. Haims of Morrison & Foerster regarding the same (.80) | 0.80 |
| 03/06/13   | MG8 | Confer with T. Foudy regarding outstanding issues and sign-off on Joint Status Report regarding consolidation of subordination adversary proceeding and Rule 3013 motion (.30)                                                                       | 0.30 |
| 03/06/13   | GF  | Correspond with and assist D. Bloom with revisions to March 6th Joint Status Letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/06/13   | GF  | Attend to preparations and filing of March 6th Joint Status Letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants on main and adversary dockets (2.40) | 2.40 |
| 03/06/13   | GF  | Assist B. Kotliar with preparation for filing of March 6th Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants in main and adversary cases (.90) | 0.90 |
| 03/06/13   | BMK | Correspondences with C. Cu at KCC regarding service of Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants filed on both dockets (.30) | 0.30 |
| 03/06/13   | BMK | Supervise G. Faust in connection with filing of Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants on main and adversary proceeding dockets (.80) | 0.80 |
| 03/06/13   | BMK | Numerous correspondences throughout the day with M. Gallagher and D. Bloom re: status of Joint Status letter in connection with consolidation of Rule 3013 motion | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 10

|  |  |  |  |
|---|---|---|---|
|  |  | and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, and submission and filing procedures (1.20) |  |
| 03/06/13 | BMK | Draft various emails to be sent to interested parties in connection with the filing and submitting the Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/06/13 | DAB | Correspond with M. Gallagher regarding filing and service issues in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/06/13 | DAB | Coordinate drafting of cover letters and service issues with respect to joint status letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants with B. Kotliar (1.20) | 1.20 |
| 03/06/13 | DAB | Correspond with G. Faust regarding signature page of draft Joint Status Report letter in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/06/13 | DAB | Correspondence with B. Kotliar and KCC to verify email and paper service of Joint Status Report letter in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/06/13 | DAB | Review NCUAB comments to draft Joint Status Report letter and draft email to T. Foudy, B. Kotliar and M. Gallagher regarding incorporation of same into letter in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/06/13 | DAB | Review further emails from B. Kotliar and M. Gallagher regarding filing and service issues in connection with subordination adversary proceeding (.10) | 0.10 |
| 03/06/13 | DAB | Finalize draft Joint Status Report letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants for filing with incorporated comments from joinder parties and defendants (.80) | 0.80 |
| 03/06/13 | JDM | Review summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (2.20) | 2.20 |
| 03/07/13 | TF1 | Correspond with M. Gallagher on claims investigation ██████████████████████ n connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are | 0.40 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  11

| Date | | Description | Hours |
|------|------|-------------|-------|
| | | defendants (.40) | |
| 03/07/13 | TF1 | Confer with Morrison & Foerster on claims investigation of standing of securities claimants (.30) | 0.30 |
| 03/07/13 | TF1 | Review MBIA objection to RMBS settlement motion in connection with Curtis' role as conflicts counsel (1.10) | 1.10 |
| 03/07/13 | TF1 | Continue to review information on parties against whom securities claimants have asserted claims in terms of issuer/affiliate analysis in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/07/13 | TF1 | Review Lowenstein letter to court regarding Joint Status Report and confer with Morrison & Foerster on same in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/07/13 | MG8 | Review and revise letter to Court transmitting joint status report letter regarding Investors' Rule 3013 Motion and related subordination adversary proceeding (.20) | 0.20 |
| 03/07/13 | MG8 | Review recent Second Circuit decision reversing motion to dismiss NJ Carpenters' complaint against certain parties to securitizations in connection with Curtis' role as conflicts counsel in connection with the Investors' Rule 3013 Motion and related subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/07/13 | MG8 | Review status letter submitted by M. Etkin of Lowenstein, counsel to the Joining Parties to the Investors' Rule 3013 Motion, and related follow-up with T. Foudy and D. Bloom re: same (.30) | 0.30 |
| 03/07/13 | GF | Prepare and submit for hand delivery chambers copy of Joint Status Report regarding consolidation of Rule 3013 motion and subordination adversary proceeding (.40) | 0.40 |
| 03/07/13 | GF | Draft email correspondence to counsel submitting chambers letter and filed Joint Status Report regarding consolidation of Rule 3013 motion and subordination adversary proceeding (.50) | 0.50 |
| 03/07/13 | GF | Draft letter to chambers re: filing of Joint Status Report regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.60) | 0.60 |
| 03/07/13 | BMK | Correspondence with D. Bloom re: procedural issues regarding service of Joint Status Report letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.20) | 0.20 |
| 03/07/13 | BMK | Coordinate delivery of courtesy hard copies to | 0.60 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 182 of 349

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page  12

| | | chambers of recently filed and submitted Joint Status Report letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | |
|---|---|---|---|
| 03/07/13 | DAB | Correspond with B. Kotliar regarding service issues and chambers copy of status letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.10) | 0.10 |
| 03/07/13 | DAB | Correspond with T. Foudy and M. Gallagher regarding status of Quinn waiver of service in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/07/13 | DAB | Review and analyze letter filed by joinder parties to Rule 3013 Motion represented by Lowenstein Sandler in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/08/13 | SJR | Review draft waivers of service of Summons and Complaint in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/08/13 | TF1 | Follow-up on finalization and filing of waiver of service of complaint against parties represented by Quinn in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/08/13 | TF1 | Meet with D. Mize regarding drafting discovery requests regarding standing against conflict party in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/08/13 | TF1 | Exchange voicemails with J. Haims on status of issues related to subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.10) | 0.10 |
| 03/08/13 | MG8 | Correspondence with T. Foudy, D. Bloom and MoFo regarding finalization and filing of waivers of service for summons and complaint in adversary proceeding seeking subordination of Investors' securities claims (.50) | 0.50 |
| 03/08/13 | GF | Assist B. Kotliar with preparation and filing of Waiver of the Service of Summons by Defendants AIG, Allstate, Mass Mutual, and Prudential in the subordination adversary proceeding (1.30) | 1.30 |
| 03/08/13 | BMK | Coordinate service of Quinn's and Zuckerman's (NCUAB) waivers of service of the summons, filed on adversary docket 13-01262, in accordance with case management order in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/08/13 | BMK | Supervise filing of Quinn's waiver of service of the | 0.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 183 of 349

| | | | |
|---|---|---|---|
| | | summons in connection with subordination adversary proceeding (.50) | |
| 03/08/13 | BMK | Multiple correspondences with Curtis Team re: waiver of service of summons from Quinn on behalf of certain Investor defendants in adversary proceeding seeking subordination (.80) | 0.80 |
| 03/08/13 | DAB | Revise Quinn waiver of service and attend to filing and service of same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40). | 0.40 |
| 03/08/13 | JDM | Draft document requests concerning ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.00) | 2.00 |
| 03/08/13 | JDM | Confer with T. Foudy regarding assignment to research ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and to draft document requests regarding same in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/10/13 | JDM | Review and revise draft of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (2.20) | 2.20 |
| 03/10/13 | JDM | Research regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 03/11/13 | SJR | Attend to issues regarding ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in connection with representation of ResCap in pursuing subordination of securities claims brought by conflict parties including AIG and other Securities Investors (2.30) | 2.30 |
| 03/11/13 | TF1 | Review ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ issue in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/11/13 | BMK | Correspondence with D. Bloom re: status of subordination adversary proceeding re: service and summary judgment (.30) | 0.30 |
| 03/11/13 | BMK | Call with Bankruptcy Court clerk's office re: subordination adversary proceeding 13-01262 re: issuance of summons, service of defendants, answer deadlines, and updating internal case calendar (.30) | 0.30 |
| 03/11/13 | JDM | Extensive further research regarding ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 3.60 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  14

| | | | |
|---|---|---|---|
| | | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding (3.60) | |
| 03/12/13 | SJR | Attend to response regarding Investors' Rule 3013 Motion related to matter raised by Wilmington Trust (.40) | 0.40 |
| 03/12/13 | SJR | Review and revise draft of Summary Judgment papers in connection with subordination of Investor securities claims including those of AIG and other parties (2.70) | 2.70 |
| 03/12/13 | TF1 | Review Wilmington Trust response regarding Rule 3013 Motion (.10) | 0.10 |
| 03/12/13 | TF1 | Conference calls with Morrison & Foerster concerning subordination dispute (.30) | 0.30 |
| 03/12/13 | TF1 | Emails with D. Mize on status of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/12/13 | TF1 | Follow-up on analysis of entities with respect to subordination dispute (.40) | 0.40 |
| 03/12/13 | MG8 | Review and comment on latest drafts of summary judgment papers for adversary proceeding seeking subordination of Investors' securities claims (1.20) | 1.20 |
| 03/12/13 | MG8 | Draft email correspondence to T. Foudy regarding issues relating to summary judgment motion/request in connection with adversary proceeding seeking subordination of Investors' securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/12/13 | BMK | Review proofs of claim filed by Allstate and Prudential entities alleging claims against ResCap LLC and GMAC-RFC Holding Company, LLC for basis of such claims in connection with subordination adversary proceeding (1.80) | 1.80 |
| 03/12/13 | BMK | Draft email re: basis of claims filed by Allstate and Prudential entities against ResCap LLC and GMAC-RFC Holding Company, LLC in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/12/13 | DAB | Review B. Kotliar summary of claims filed by certain investor parties in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/12/13 | JDM | Review and revise draft of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (1.80) | 1.80 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  15

| 03/12/13 | JDM | Draft, review and revise memorandum regarding ██████ ████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.50) | 4.50 |
|---|---|---|---|
| 03/13/13 | SJR | Correspond with D. Bloom and T. Foudy regarding comments to Summary Judgment papers (.20) | 0.20 |
| 03/13/13 | SJR | Attend to review of and comments on Summary Judgment papers (.80) | 0.80 |
| 03/13/13 | TF1 | Participate in call with Morrison & Foerster and Morrison Cohen regarding responses to examiner submissions of SUNs and Committee (.50) | 0.50 |
| 03/13/13 | TF1 | Review and take notes on SUNs' submission and Debtors' prior response to SUNs in preparation for drafting of response to same (1.80) | 1.80 |
| 03/13/13 | TF1 | Exchange emails with A. Barrage following up on response to SUNs' Examiner submission (.20) | 0.20 |
| 03/13/13 | TF1 | Calls with chambers regarding scheduling of telephonic conference with Judge and follow-up emails on same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/13/13 | TF1 | Follow-up on format/procedure with respect to subordination summary judgment papers (.50) | 0.50 |
| 03/13/13 | MG8 | Attend to matters relating to Court's request for a telephonic status conference regarding the potential consolidation of the Debtors' adversary proceeding seeking subordination of Investors' securities claims and the Investors' Rule 3013 motion, including follow-up correspondence with T. Foudy and D. Bloom regarding notice (.60) | 0.60 |
| 03/13/13 | MG8 | Review submissions to Examiner recently made by Committee and Wilmington Trust in preparation for call with Morrison & Foerster to discuss drafting of responses to same (2.80) | 2.80 |
| 03/13/13 | MG8 | Conference call with A. Barrage regarding responses to submissions to the Examiner recently made by the Committee and Wilmington Trust (.80) | 0.80 |
| 03/13/13 | MG8 | Review and revise draft notice of telephonic status conference for Rule 3013 motion and adversary proceeding seeking subordination (.30) | 0.30 |
| 03/13/13 | DAB | Review and update subordination summary judgment papers per conversation with D. Mize and circulate same (.80) | 0.80 |

12-12020-mg    Doc 3588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit H-11    Pg 35 of 254

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  16

| 03/13/13 | DAB | Correspond with S. Reisman and T. Foudy regarding revision to format of subordination summary judgment papers (.20) | 0.20 |
|---|---|---|---|
| 03/13/13 | DAB | Review draft memorandum by D. Mize regarding ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and potential discovery requests in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/13/13 | JDM | Research regarding ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding (2.20) | 2.20 |
| 03/13/13 | JDM | Review and edit summary judgment memorandum of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.10) | 2.10 |
| 03/14/13 | TF1 | Review and take notes on Committee's Examiner submission concerning third-party releases (.90) | 0.90 |
| 03/14/13 | TF1 | Call with Chambers to arrange conference call and follow-up on arrangements/notifications and drafting/editing of Notice of conference in connection with subordination adversary proceeding (1.50) | 1.50 |
| 03/14/13 | TF1 | Review materials and prepare notes for conference call with court on subordination adversary proceeding (1.30) | 1.30 |
| 03/14/13 | TF1 | Pre-call with Morrison & Foerster to prepare for court conference in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/14/13 | TF1 | Follow-up with M. Gallagher and D. Bloom on needed materials needed to prepare for court conference in connection with subordination adversary poroceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/14/13 | MG8 | Confer with T. Foudy and D. Bloom to discuss preparation of materials for telephonic status conference with Court regarding consolidation of subordination adversary proceeding with Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | MG8 | Attend to numerous communications with counsel to various parties about telephonic status conference and coordinate with T. Foudy, D. Bloom and B. Kotliar regarding matters relating to telephonic status conference with Court regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' Rule 3013 motion (1.20) | 1.20 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 18 of 49

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  17

| Date | | Description | Hours |
|------|------|-------------|-------|
| 03/14/13 | MG8 | Review and revise draft notice of telephonic status conference on subordination matters related to Investors' securities claims and coordinate with T. Foudy and D. Bloom regarding filing of the same in adversary proceeding and main case (.80) | 0.80 |
| 03/14/13 | MG8 | Participate in call with T. Foudy and Morrison & Foerster in preparation for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 motion (.60) | 0.60 |
| 03/14/13 | DAB | Confer with T. Foudy and M. Gallagher regarding courtcall setup for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination of securities Investor claims, in which conflict parties including AIG, Allstate and Prudential are defendants, and Investors' Rule 3013 Motion and Notice regarding same (.30) | 0.30 |
| 03/14/13 | DAB | Coordinate notice parties for service of Courtcall Notice for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | DAB | Confer with A. Dreiman and Courtcall to confirm hearing setup for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | DAB | Review and edit courtesy email regarding service of Notice for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' Rule 3013 Motion (.10) | 0.10 |
| 03/14/13 | DAB | Correspond with K. McGrath regarding technical issue with Notice exhibit for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.10) | 0.10 |
| 03/14/13 | DAB | Correspond with KCC regarding service issues in connection with telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | DAB | Review and revise draft Notice regarding Courtcall in connection with telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and | 0.20 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 188 of 349

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  18

| | | | |
|---|---|---|---|
| | | Investors' Rule 3013 motion per T. Foudy and M. Gallagher comments (.20) | |
| 03/14/13 | DAB | Draft timeline of key events related to Investors' Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 03/14/13 | JDM | Research regarding ██████████████████ ████████ in connection with subordination adversary proceeding (3.50) | 3.50 |
| 03/14/13 | AD | Per M. Gallagher's request, notify parties and provide as-filed versions of the Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims (.50) | 0.50 |
| 03/14/13 | AD | Per M. Gallagher's request, arrange for a telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in which conflict parties including AIG, Allstate and Prudential are defendants for S. Reisman, T. Foudy and M. Gallagher (.80) | 0.80 |
| 03/14/13 | AD | Circulate information re: telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims to S. Reisman, T. Foudy and M. Gallagher (.20) | 0.20 |
| 03/14/13 | AD | Per D. Bloom's request, retrieve and assemble court and internal documents for S. Reisman, T. Foudy, M. Gallagher, D. Bloom and B. Kotliar for the telephonic conference with Judge Glenn on March 15th at 9:30 a.m. related to subordination dispute (.80) | 0.80 |
| 03/14/13 | AD | File the Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in the Chapter 11 cases and the Adversary Proceeding (.60) | 0.60 |
| 03/15/13 | SJR | Attend to issues regarding subordination of Investors' securities claims and additional submissions by Curtis as Conflicts Counsel and being prepared by Curtis including Hamzehpour Supplemental Declaration (.60) | 0.60 |
| 03/15/13 | SJR | Attention to matters regarding subordination dispute and status of litigation in which conflict parties including AIG, Allstate and Prudential are defendants and cross motions for Summary Judgment (1.80) | 1.80 |
| 03/15/13 | TF1 | Begin review of Committee submission to Examiner on claims against AFI (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  19

| | | | |
|---|---|---|---|
| 03/15/13 | TF1 | Prepare for call with Court on subordination disputes with Investors (.50) | 0.50 |
| 03/15/13 | TF1 | Call with counsel for SUNs concerning depositions in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.10) | 0.10 |
| 03/15/13 | TF1 | Attend to matters concerning discovery in regards to subordination dispute with Investors in which conflict parties including AIG, Allstate and Prudential are defendants, including multiple emails with Quinn Emanuel regarding discovery issues and conferences with Morrison & Foerster in regards to same (.80) | 0.80 |
| 03/15/13 | TF1 | Attend to matters concerning conference with Court regarding subordination disputes, including coverage for same and docket notification (.50) | 0.50 |
| 03/15/13 | TF1 | Review and edit draft declaration regarding settlements for subordination proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/15/13 | TF1 | Participate in call with court, M. Gallagher and Morrison & Foerster in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/15/13 | TF1 | Follow up with M. Gallagher re: call with court in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/15/13 | MG8 | Review and revise draft supplemental declaration of T. Hamzehpour in connection with Debtors' complaint seeking subordination of Investors' claims and confer with T. Foudy regarding the same (.30) | 0.30 |
| 03/15/13 | MG8 | Participate in telephonic status conference with Judge Glenn regarding consolidation of subordination adversary proceeding and Investors' Rule 3013 Motion (.50) | 0.50 |
| 03/15/13 | MG8 | Telephone conference w/ T. Foudy regarding matters related to telephonic status conference on March 19 in connection with discovery relating to cross-motions for summary judgment on subordination issue (.50) | 0.50 |
| 03/15/13 | MG8 | Supervise B. Kotliar and D. Bloom in conducting additional research on issues related to section 510 of the Bankruptcy Code in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/15/13 | MG8 | Organize files on subordination matters relating to | 0.70 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 39 of 254

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 20

| | | | |
|---|---|---|---|
| | | Investors' claims for future use in ResCap chapter 11 cases (.70) | |
| 03/15/13 | MG8 | Attend to numerous communications with Quinn regarding scheduling a deposition of the Debtors' witness and timing of receipt of comments to Debtors' proposed statement of agreed stipulated facts in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/15/13 | MG8 | Attend to review of and matters relating to completion, filing and service of notice of telephonic status conference relating to discovery in connection with summary judgment motions relating to subordination of Investors' claims, including numerous follow-up correspondence with T. Foudy, B. Kotliar and D. Bloom and Morrison & Foerster regarding same (.80) | 0.80 |
| 03/15/13 | BMK | Attend teleconference with chambers re: open issues re: cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/15/13 | BMK | Conduct additional research re: affiliate status under section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding (1.70) | 1.70 |
| 03/15/13 | BMK | Draft email summarizing conclusion of research re: affiliates for purposes of section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/15/13 | BMK | Confer with D. Bloom re: prior research re: affiliates under section 101 of the Bankruptcy code for section 510 purposes in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/15/13 | BMK | Review cited cases and other researched decisions for relevant timing of affiliate status in connection with subordination adversary proceeding (1.60) | 1.60 |
| 03/15/13 | BMK | Draft email summary re: relevant time for determining affiliate status for section 510(b) purposes to T. Foudy, M. Gallagher and D. Bloom in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/15/13 | DAB | Prepare for court hearing in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and attend same telephonically (.80) | 0.80 |
| 03/15/13 | DAB | Confer with B. Kotliar to discuss research with respect to timing of affiliate status for section 510 of the Bankruptcy Code issue in connection with | 0.40 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  21

|            |     | subordination adversary proceeding (.40)                                                                                                                                                                                                  |      |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| 03/15/13   | DAB | Draft notice of additional Courtcall notice in connection with subordination adversary proceeding and solicit comments to same from T. Foudy and M. Gallagher (.50)                                                                       | 0.50 |
| 03/15/13   | DAB | Correspond with A. Dreiman and KCC regarding filing and service of Notice and scheduling courtcall and conference room for upcoming telephonic hearing in connection with subordination adversary proceeding (.50)                        | 0.50 |
| 03/15/13   | DAB | Conduct additional research regarding timing of affiliate status for purposes of subordination claim, per T. Foudy email in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 03/15/13   | JDM | Participate in call with Court regarding Rule 3013 motion and discovery being sought in advance of filing of subordination summary judgment cross-motions (.50)                                                                           | 0.50 |
| 03/15/13   | JDM | Follow up correspondence with T. Foudy re: call with Court on Rule 3013 motion and open research issues (.60)                                                                                                                             | 0.60 |
| 03/15/13   | AD  | Per D. Bloom's request, arrange for a telephonic conference to occur on March 19, 2013 in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims for S. Reisman, T. Foudy and M. Gallagher (.50) | 0.50 |
| 03/15/13   | AD  | Circulate information re: March 19th telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims to S. Reisman, T. Foudy and M. Gallagher (.20) | 0.20 |
| 03/15/13   | AD  | Assist D. Bloom and B. Kotliar with preparation for the 9:30 a.m. telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/15/13   | AD  | File the March 19th Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in the Chapter 11 cases and the Adversary Proceeding (.50) | 0.50 |
| 03/15/13   | AD  | Notify parties and provide as-filed versions of the March 19th Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and                                                                                     | 0.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 41 of 254

|  |  |  |  |
|---|---|---|---|
|  |  | related adversary proceeding concerning subordination of securities claims (.50) |  |
| 03/16/13 | TF1 | Multiple emails with Quinn and Morrison & Foerster on scheduling of deposition in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/16/13 | MG8 | Review and take notes on AIG, Allstate, Prudential and MassMutual Reply Submission to Examiner per request of A. Barrage and J. Levitt to assist with response for use in relevant pleadings (.80) | 0.80 |
| 03/17/13 | SJR | Review of submission by AIG to Examiner in connection with subordination of AIG's claims in the ResCap case and review of subordination summary judgment papers in connection with same (2.60) | 2.60 |
| 03/17/13 | TF1 | Review and take notes on response submission to examiner by AIG and other securities claimants (.50) | 0.50 |
| 03/17/13 | TF1 | Emails with Morrison & Foerster concerning response to AIG Examiner submission (.20) | 0.20 |
| 03/17/13 | TF1 | Multiple emails with Morrison & Foerster and Quinn regarding scheduling of deposition and prep session for witness in subordination dispute involving conflict parties including AIG (.30) | 0.30 |
| 03/17/13 | MG8 | Correspondence with T. Foudy and A. Barrage of Morrison & Foerster regarding Debtors' position on Investors' Reply to submission to Examiner made by Ally (.20) | 0.20 |
| 03/18/13 | TF1 | Follow-up on matters concerning discovery/progress in subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, including preparing with M. Gallagher for telephonic conference with court (.30) | 0.30 |
| 03/18/13 | TF1 | Draft engagement letter for deponent in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/18/13 | TF1 | Emails/call with Morrison & Foerster and Quinn regarding arrangement and preparation for deposition, and declaration regarding settlements in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/18/13 | TF1 | Conference call with counsel for JSNs on subordination adversary proceeding (.10) | 0.10 |
| 03/18/13 | TF1 | Conference call with counsel for Wilmington Trust on subordination adversary proceeding (.20) | 0.20 |
| 03/18/13 | TF1 | Conference call with J. Haims and K. Sadeghi of | 0.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  23

| | | | |
|---|---|---|---|
| | | Morrison & Foerster to prepare for telephonic status conference and deposition in subordination adversary proceeding(.70) | |
| 03/18/13 | TF1 | Attend to preparation for deposition in connection with subordination adversary proceeding (.80) | 0.80 |
| 03/18/13 | MG8 | Follow-up with K. Sadeghi of Morrison & Foerster regarding supplemental declaration of T. Hamzehpour in support of subordination (.30) | 0.30 |
| 03/18/13 | MG8 | Attend to correspondence with Quinn Emanuel regarding status of comments to draft stipulated facts and declaration from Residential Capital regarding prior settlements, if any, of Investors' securities fraud claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/18/13 | MG8 | Prepare for status conference with Judge Glenn on subordination matters scheduled for March 19, 2013, including review of previously submitted and circulated materials and timeline relating to the same (.50) | 0.50 |
| 03/18/13 | MG8 | Participate in call with J. Haims, T. Foudy and K. Sadeghi regarding proposed deposition of Darsi Meyer and preparation for status conference with Bankruptcy Court regarding discovery and issues related to subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' 3013 motion (.70) | 0.70 |
| 03/18/13 | BMK | Coordinate production of documents relied upon by Investors for Rule 3013 Motion and opposition papers to same for S. Reisman, T. Foudy, M. Gallagher, and D. Bloom (.30) | 0.30 |
| 03/18/13 | DAB | Email to T. Foudy regarding exemplar for inclusion in subordination Summary Judgment pleadings (.10) | 0.10 |
| 03/18/13 | DAB | Extensive review and revisions to draft subordination Summary Judgment pleadings (3.00) | 3.00 |
| 03/18/13 | DAB | Prepare for court hearing regarding subordination summary judgment (.40) | 0.40 |
| 03/18/13 | MR2 | Prepare index and additional copies of Transaction Documents RALI 2006-QO3 Exemplar for B. Kotliar and T. Foudy (1.30) | 1.30 |
| 03/19/13 | SJR | Review draft Statement of Stipulated Facts from Quinn Emanuel, counsel for AIG, in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and follow up regarding matters related to same (1.10) | 1.10 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 194 of 549

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  24

| | | | |
|---|---|---|---|
| 03/19/13 | SJR | Follow up regarding subordination adversary proceeding and scheduling of discovery and hearings with respect to same (.60) | 0.60 |
| 03/19/13 | SJR | Meeting with M. Gallagher regarding potential claims against Cerberus on behalf of ResCap as conflict party (1.40) | 1.40 |
| 03/19/13 | SJR | Review documentation regarding potential claim against Cerberus (.40) | 0.40 |
| 03/19/13 | TF1 | In connection with subordination adversary proceeding, prepare for and participate in court call on discovery and scheduling issues (.80) | 0.80 |
| 03/19/13 | TF1 | Prepare for deposition of D. Meyer by gathering materials, drafting engagement letter and conferring with Morrison & Foerster on same (1.20) | 1.20 |
| 03/19/13 | TF1 | Review and edit Quinn Emanuel's draft statement of stipulated facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and confer/consult with M. Gallagher and D. Bloom on same (1.00) | 1.00 |
| 03/19/13 | TF1 | Continue to review and take notes on Committee's response submission to the Examiner regarding AFI claims (.90) | 0.90 |
| 03/19/13 | MG8 | Telephone conference w/ J. Shifer of Kramer Levin regarding deposition scheduled for subordination cross motions for summary judgment and related issues (.20) | 0.20 |
| 03/19/13 | MG8 | Review and comment on revised draft of stipulated facts circulated by Quinn Emanuel in connection with subordination dispute and coordinate updating and recirculation with D. Bloom (1.40) | 1.40 |
| 03/19/13 | MG8 | Telephone conference w/ counsel to Wilmington Trust regarding matters relating to subordination cross motions for summary judgment and discovery with respect to the same (.30) | 0.30 |
| 03/19/13 | MG8 | Attend to review of lengthy reply submission to Examiner made by MBIA in connection with Curtis' role as conflicts counsel in order to determine if further response by Debtors is appropriate (1.80) | 1.80 |
| 03/19/13 | MG8 | Prepare for and participate in telephonic status conference with Judge Glenn regarding discovery requested and scheduling in connection with cross motions for summary judgment in the Debtors' adversary proceeding seeking subordination of Investor Claims in which conflict parties including AIG, Allstate and Prudential are defendants and related motion of | 0.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  25

|  |  | Investors pursuant to Rule 3013 (.50) |  |
|---|---|---|---|
| 03/19/13 | BMK | Attend call with Chambers re: outstanding issues for cross summary judgment motions in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/19/13 | BMK | Review statement of facts and confirm accuracy of open issues relating to stipulated facts by reviewing PSAs, Prospectus, Prospectus Supplement, Hamzehpour Declaration, and associated exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 03/19/13 | BMK | Multiple correspondence with T. Foudy, M. Gallagher and D. Bloom re: review of stipulated facts for accuracy and resolution of open issues in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/19/13 | DAB | Review Trust responsibilities for accuracy of description of same in statement of facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/19/13 | DAB | Revise draft Stipulated Facts based on comment from T. Foudy and analysis in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/19/13 | DAB | Attend telephonic court hearing regarding summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/19/13 | DAB | Review and analyze additions to Stipulated Statement of Facts by Quinn and communication with B. Kotliar and M. Gallagher regarding same in connection with subordination adversary proceeding (1.90) | 1.90 |
| 03/20/13 | SJR | Follow up regarding cancellation of deposition in connection with subordination adversary proceeding related to AIG and other securities claimants and confer with T. Foudy regarding same (.40) | 0.60 |
| 03/20/13 | SJR | Review and edit stipulated facts regarding subordination adversary proceeding and note comments regarding same in connection with subordination litigation with Investors in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 03/20/13 | SJR | E-mails regarding discussions with Quinn Emanuel regarding stipulated facts regarding subordination adversary proceeding (.30) | 0.30 |
| 03/20/13 | TF1 | Review/edit draft stipulated facts for adversary proceeding on subordination and send comments to | 1.00 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 26

|  |  |  |
|---|---|---|
|  | Morrison & Foerster in regards to same (1.00) |  |
| 03/20/13 TF1 | Attend to preparation for deposition of D. Meyer in subordination proceeding, including review and revise engagement letter and documents needed for preparation (.40) | 0.40 |
| 03/20/13 TF1 | Emails with Quinn Emanuel on page limits with respect to subordination briefs (.20) | 0.20 |
| 03/20/13 TF1 | Conference call and emails with A. Barrage on response to Committee Examiner submission (.30) | 0.30 |
| 03/20/13 TF1 | Review email from Quinn Emanuel on cancellation of deposition of Debtors' witness for subordination disputes and attend to matters in connection therewith, including notifying other parties in interest (.90) | 0.90 |
| 03/20/13 MG8 | Review and revise papers to be filed in connection with subordination summary judgment motion and discuss same with D. Bloom (.60) | 0.60 |
| 03/20/13 MG8 | Confer with B. Kotliar regarding comments to draft statement of undisputed facts in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/20/13 MG8 | Correspondence with T. Foudy regarding cancellation of deposition and matters relating to statement of undisputed facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/20/13 BMK | Correspondence with T. Foudy, M. Gallagher and D. Bloom on open issue re: status of affiliate in securities transaction documents in connection with Debtors' proposed subordination adversary proceeding (.10) | 0.10 |
| 03/20/13 BMK | Confer with M. Gallagher re: draft Statement of Undisputed Facts in connection with Debtors' proposed subordination adversary proceeding (.20) | 0.20 |
| 03/20/13 DAB | Further changes to Statement of Facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and circulate redline of same to T. Foudy (.40) | 0.40 |
| 03/20/13 DAB | Review Chambers rules with respect to adversary proceedings and contested matters and communication with T. Foudy regarding same in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/20/13 AD | Per D. Bloom's request, format subordination summary judgment papers and prepare footnotes for reference purposes (.30) | 0.30 |
| 03/21/13 SJR | Attend to matters regarding response to Committee's | 1.40 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 27

|          |      |                                                                                                                                                                                                                                                                                                                                                                  |      |
|----------|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |      | Examiner submission and responsive pleading being prepared as Conflicts Counsel (1.40)                                                                                                                                                                                                                                                                            |      |
| 03/21/13 | SJR  | Review materials regarding today's hearing under Rule 3013 to have obligations to FRB under Consent Order classified as unsecured claims with respect to matters being addressed by Curtis as Conflicts Counsel for ResCap (1.10)                                                                                                                                  | 1.10 |
| 03/21/13 | TF1  | Draft response to Examiner on $49 million payment and review research done in connection therewith (2.70)                                                                                                                                                                                                                                                         | 2.70 |
| 03/21/13 | TF1  | Review responses to Examiner that discussed $49 million indemnity payment for subordination adversary, review final version of supplemental declaration and forward same to Quinn Emanuel (1.30)                                                                                                                                                                  | 1.30 |
| 03/21/13 | TF1  | Work on response to Examiner submissions regarding $49 million idemnity payment to Ally, including by reviewing witness interviews and pleadings describing same (2.30)                                                                                                                                                                                            | 2.30 |
| 03/21/13 | TF1  | Conference call with A. Barrage, T. Goren and M. Gallagher on $49 million idemnity payment to Ally (.40)                                                                                                                                                                                                                                                          | 0.40 |
| 03/21/13 | MG8  | Participate in call with T. Foudy, A. Barrage and T. Goren to discuss response to Committee submission to Examiner and ███████████████████████ in connection with $49 million payment of amounts owed to Ally (.40)                                                                                                                                                | 0.40 |
| 03/21/13 | MG8  | Attend to issues relating to responding to certain claims ████████████ raised by Committee in Examiner's submission, including review of relevant portion of submission, review of examination reports of certain Residential Capital officers, review of Murano declaration in support of Ally servicing agreement and stipulation resolving the same (3.50)       | 3.50 |
| 03/21/13 | MG8  | Research state of organization for GMAC Mortgage, LLC and other debtors and research under ███████ ██████████████ in connection with Examiner Submission (2.80)                                                                                                                                                                                                    | 2.80 |
| 03/21/13 | MG8  | Prepare for and attend hearing on Debtors' motion under Rule 3013 to have obligations to FRB under consent order classified as general unsecured claims because it related to other matters being handled by Curtis as Debtors' conflicts counsel (2.50)                                                                                                            | 2.50 |
| 03/21/13 | MG8  | Review and revise draft insert to Debtors' response to Committee Examiner submission and follow up with T. Foudy regarding same (.60)                                                                                                                                                                                                                              | 0.60 |
| 03/21/13 | JTW  | Research possible claims for █████████████████████                                                                                                                                                                                                                                                                                                                | 2.20 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 28

| | | | (2.20) | |
|---|---|---|---|---|
| 03/21/13 | JTW | Research ability to assert claims ████████ re: possible claims against CMH (2.30) | | 2.30 |
| 03/21/13 | JTW | Research whether ████████ of preferential payment can constitute ████████ for T. Foudy and M. Gallagher re: Debtor's submission to Examiner (2.20) | | 2.20 |
| 03/21/13 | JTW | Correspond with J. Zimmer and P. Buenger re: research on potential preference exposure issues in connection with response to Committee's Examiner submission (.40) | | 0.40 |
| 03/21/13 | DAB | Communicate with T. Foudy, B. Kotliar and J. Weber regarding fiduciary duty research in connection with Debtors' response to Examiner's submission by Committee(.30) | | 0.30 |
| 03/21/13 | DAB | Email with D. Mize regarding summary judgment dates and deadlines in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | | 0.20 |
| 03/21/13 | PJB2 | Research re: breach of fiduciary duties by a director and/or officer of debtor corporation under Delaware state law and issue of damages as elements of action based on same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (1.60) | | 1.60 |
| 03/21/13 | PJB2 | Research re: breach of fiduciary duties against directors and officers of debtors prior to bankruptcy proceedings and ████████ ████████ n connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (3.80) | | 3.40 |
| 03/21/13 | PJB2 | Correspond with J. Zimmer and J. Weber re: research on potential preference exposure issues in connection with response to Committee's Examiner submission (.40) | | 0.40 |
| 03/21/13 | JZ | Confer and correspond with J. Weber and P. Buenger regarding issues regarding research into potential preference exposure and breach of fiduciary in connection with same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.40) | | 0.40 |
| 03/21/13 | JZ | Research regarding ████████ ████████ in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (3.20) | | 3.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  29

| Date | Init | Description | Hours |
|---|---|---|---|
| 03/22/13 | TF1 | Revise examiner submission discussion for comments from Morrison & Foerster (1.00) | 1.00 |
| 03/22/13 | TF1 | Review legal research for Examiner submission on $49 million payment and revise insert in light of same (1.40) | 1.40 |
| 03/22/13 | TF1 | Work on draft stipulated facts for summary judgment in subordination proceeding, including incorporation of Morrison & Foerster comments into same and sending draft to Quinn Emanuel (.60) | 0.60 |
| 03/22/13 | MG8 | Review research and revise insert to Debtors' response to Examiner with respect to Committee's submission ███████████████████████████ (1.20) | 1.20 |
| 03/22/13 | JTW | Continued research for T. Foudy and M. Gallagher re: authorization of preferential payments ███████████████████████in connection with insert to Debtors' response to Examiner with respect to Committee's submission alleging█████████████ (3.40) | 3.40 |
| 03/22/13 | DAB | Email redline of updated statement of facts to T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.10) | 0.10 |
| 03/22/13 | PJB2 | Research re: Delaware state law as applied in federal bankruptcy courts re: breach of fiduciary duties, including breach of duty of care and duty of loyalty and whether or not such actions can be successfully plead when a plaintiff has not alleged any damages arising from same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (2.30) | 2.30 |
| 03/22/13 | PJB2 | Multiple discussions with J. Weber and J. Zimmer re: research on breach of fiduciary duties██████████████████ ██████████████████████████████████████in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.30) | 0.30 |
| 03/22/13 | PJB2 | Research on state or federal case law re: breach of fiduciary duties███████████████████████████████████████████████████████in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (5.10) | 5.10 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 49 of 254

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  30

| Date | Initials | Description | Hours |
|---|---|---|---|
| 03/22/13 | JDM | Review recent docket materials filed in ██████ ██████ in connection with subordination adversary proceeding (2.80) | 2.80 |
| 03/22/13 | JZ | Research regarding fiduciary duties and preference exposure in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (5.50) | 5.50 |
| 03/22/13 | JZ | Confer with P. Buenger, J. Weber regarding research related to breach of fiduciary duty and preference liability in connection with request for assistance from Morrison &amp; Foerster in responding to the Committee's submission to the Examiner (.60) | 0.30 |
| 03/22/13 | JZ | Correspond with M. Gallagher regarding research related to breach of fiduciary duty and preference liability in connection with request for assistance from Morrison &AMP; Foerster in responding to the Committee's submission to the Examiner (.60) | 0.30 |
| 03/24/13 | SJR | Attention to matters regarding summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and review Statement of Facts in connection with same (.80) | 0.80 |
| 03/24/13 | DAB | Correspondence with B. Kotliar regarding current list of notice parties involved in subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/24/13 | DAB | Review of Morrison & Foerster memoranda regarding affiliate definition and analysis of potential arguments to be presented by Investors regarding applicable definition of same under securities laws and Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30) | 1.30 |
| 03/24/13 | DAB | Revision of draft Motion and Notice of Motion to accompany Memorandum of Law in Support of Subordination Summary Judgment, per M. Gallagher comments (1.30) | 1.30 |
| 03/24/13 | DAB | Review of Zuckerman Spaeder (counsel to NCUAB) comments and requested changes to draft Stipulated Facts to be filed in connection with Subordination Summary Judgment papers and circulate analysis and redline of same to T. Foudy and M. Gallagher (1.00) | 1.00 |
| 03/24/13 | JDM | Research regarding definition of "affiliate" under Section 510 of the Bankruptcy Code in connection with subordination adversary proceeding (2.20) | 2.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  31

| 03/25/13 | TF1 | Review N. Cohen email and comments to stipulated facts and confer with Morrison & Foerster regarding same in connection with subordination adversary procceding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
|---|---|---|---|
| 03/25/13 | TF1 | Send A. Barrage, of Morrison & Foerster, redline of latest changes to insert on $49 million payment (.10) | 0.10 |
| 03/25/13 | TF1 | Finish review of Committee submission to Examiner (.80) | 0.80 |
| 03/25/13 | TF1 | Draft email to J. Weber regarding research needed to respond to specific Committee argument in connection with Examiner submission (.20) | 0.20 |
| 03/25/13 | TF1 | Confer with D. Mize on AIG and subordination summary judgment papers (.10) | 0.10 |
| 03/25/13 | MG8 | Meet with D. Bloom, D. Mize and B. Kotliar to discuss open items for completing subordination summary judgment papers (.30) | 0.30 |
| 03/25/13 | MG8 | Research entire fairness standard for breach of fiduciary duty and discuss same with J. Weber and J. Zimmer in order to conduct more in depth research in connection with preparation of response to Committee's submission to Examiner (1.20) | 1.20 |
| 03/25/13 | MG8 | Review research completed in July 2012 by Morrison & Foerster in connection with arguments under section 510(b) and conduct additional research regarding the same in order to update draft memo of law and add new arguments in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/25/13 | MG8 | Numerous correspondences with T. Foudy, B. Kotliar and D. Bloom regarding updating research for memo of law supporting Debtors' summary judgment motion on subordination (.40) | 0.40 |
| 03/25/13 | MG8 | Research Judge Glenn decisions on summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/25/13 | GF | Review March 6th Letter to Judge Glenn re: Residential Capital v. Allstate, et al. subordination adversary proceeding and draft and send correspondence to Curtis team re: internal case calendar relating to proposed dates in same, as per B. Kotliar request (.40) | 0.40 |
| 03/25/13 | BMK | Draft table of stipulated exhibits by reviewing relevant pleadings in connection with Investors' Rule 3013 Motion and Opposition to same (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  32

| | | | |
|---|---|---|---|
| 03/25/13 | BMK | Compare statement of undisputed facts with previous declarations filed in case to ensure accuracy of stipulated facts and completeness of record in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/25/13 | BMK | Review claims filed by NCUAB to review accuracy of stipulated statement of undisputed facts with regards to Investors claims for rescission and damages in connection with subordination adversary proceeding (.70) | 0.70 |
| 03/25/13 | BMK | Confer with M. Gallagher and D. Bloom re: division of work and status of open issues re: summary judgment papers in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/25/13 | BMK | Multiple email correspondences with T. Foudy, M. Gallagher and D. Bloom re: resolving open issues in statement of undisputed facts and other outstanding issues re: summary judgment papers in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/25/13 | JTW | Draft and circulate e-mail summary of research to T. Foudy and M. Gallagher re: applicability of entire fairness standard or business judgment standard in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (2.30) | 2.30 |
| 03/25/13 | JTW | Review of Committee's submission to Examiner in preparation for research re: Debtors submission to the Examiner (2.40) | 2.40 |
| 03/25/13 | JTW | Research re: applicability of "entire fairness" standard as opposed to business judgment standard in regards to an authorized preferential payment to an insider in relation to a breach of fiduciary duty claim for Examiner submission (3.40) | 3.40 |
| 03/25/13 | JTW | Research re: applicability of ███████████████████████████████████████████████████████ (1.30) | 1.30 |
| 03/25/13 | JTW | Correspond with M. Gallagher re: business judgment and entire fairness standards in connection with request for assistance by Morrison & Foerster in responding to the Committee's Submission to the SUNs Reply to the Examiner (.60) | 0.60 |
| 03/25/13 | DAB | Draft email to D. Mize regarding subordination summary judgment pleading caption (.10) | 0.10 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  33

| | | | |
|---|---|---|---|
| 03/25/13 | DAB | Meet with D. Mize and B. Kotliar regarding plan for finalizing and filing subordination summary judgment papers (.30) | 0.30 |
| 03/25/13 | DAB | Draft email to B. Kotliar regarding subordination summary judgment scheduling (.10) | 0.10 |
| 03/25/13 | DAB | Review email correspondence related to revised statement of facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/25/13 | DAB | Correspond with B. Kotliar regarding updating research into affiliate issue in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/25/13 | DAB | Draft email correspondence to B. Kotliar and M. Gallagher regarding need for joint exhibits in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/25/13 | DAB | Draft summary of summary judgment paper status, including full description of open issues and recommendations for next steps regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/25/13 | JDM | Analyze AIG's proofs of claim for ████████ ███████████████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 03/25/13 | JDM | Confer with M. Gallagher, D. Bloom and B. Kotliar re: filing subordination summary judgment papers (.30) | 0.30 |
| 03/25/13 | JDM | Confer with T. Foudy re: determination of standing AIG to pursue securities claims against the Debtors (.10) | 0.10 |
| 03/25/13 | JDM | Confer and correspond throughout the day with D. Bloom and B. Kotliar regarding subordination summary judgment papers (1.20) | 1.20 |
| 03/25/13 | JZ | Correspondences with M. Gallagher and J. Weber regarding research related to business judgment rule, entire fairness, and breaches of fiduciary duties in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.50) | 0.50 |
| 03/25/13 | JZ | Research regarding business judgment rule, entire fairness, and breach of fiduciary duty in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the | 3.20 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 53 of 254

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  34

Examiner (3.20)

| Date | Init. | Description | Hours |
|---|---|---|---|
| 03/26/13 | SJR | Attend to review of Debtors' Motion for summary judgment in connection with adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, seeking subordination of Investor claims and revisions to same and review of mark-up from other attorneys at Curtis (.80) | 0.80 |
| 03/26/13 | SJR | Review of Summary Judgment Motion papers in connection with subordination adversary proceeding against AIG, Allstate and other Investor parties (2.30) | 2.30 |
| 03/26/13 | SJR | Review of Memo regarding ▮▮▮▮▮▮ in connection with subordination adversary proceeding against AIG, Allstate and other Investor parties (.60) | 0.60 |
| 03/26/13 | TF1 | Follow-up on drafting of complete set of papers needed for summary judgment motion in subordination adversary in which conflict parties including AIG, Allstate and Prudential are defendants, including incorporating N. Cohen comments to stipulated facts, corresponding with Quinn regarding stipulated facts, review/edit of exhibit table, and review sample papers for form (2.60) | 2.60 |
| 03/26/13 | TF1 | Begin review of memo analysis of ▮▮▮▮▮▮ in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/26/13 | TF1 | Review filed revised scheduling order for Rule 9019 motion in connection with RMBS settlement (.20) | 0.20 |
| 03/26/13 | TF1 | Review results of research on fiduciary duty standards for Committee allegations regarding $49 million payment to Ally (.40) | 0.40 |
| 03/26/13 | MG8 | Revise Debtors' Motion seeking summary judgment in connection with Debtors' adversary proceeding seeking subordination of Investors' claims in order to make consistent with other documents being prepared in connection with the Debtors' intended summary judgment motion (.70) | 0.70 |
| 03/26/13 | MG8 | Review notice of motion for Debtors' summary judgment papers regarding subordination to correct certain issues and conform with required procedure and other documents (.50) | 0.50 |
| 03/26/13 | MG8 | Review research memorandum prepared by J. Weber on potential applicability of "entire fairness" doctrine to certain breach of fiduciary duty claims raised by Official Committee in their submission to Examiner and related follow-up with T. Foudy and J. Weber regarding the same in connection with request for assistance by Morrison & Foerster in responding to the Committee Submissions to the SUNS Reply to the Examiner (.70) | 0.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  35

| 03/26/13 | MG8 | Review and revise draft statement of stipulated facts for Cross Motions for Summary Judgment in connection with subordination adversary proceeding, in which conflict parties including AIG, Allstate and Prudential are defendants, to incorporate changes requested by N. Cohen of Zuckerman Spaeder (counsel to NCUAB) and certain accommodations suggested by T. Foudy, as well as to correct certain issues related to captions, signature blocks, headings and title (1.20) | 1.20 |
|----------|-----|---|------|
| 03/26/13 | BMK | Review proposed changes from Zuckerman and update joint stipulation of facts in connection with subordination adversary proceeding, in which conflict parties including AIG, Allstate and Prudential are defendants, in accordance with same (.50) | 0.50 |
| 03/26/13 | BMK | Email correspondence with T. Foudy re: updates to agreed to exhibits and form of pleadings in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/26/13 | BMK | Review all joinders/objections to Investors' Rule 3013 Motion for additional arguments to be included in memorandum of law in support of cross motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/26/13 | BMK | Correspondences with T. Foudy and M. Gallagher re: exhibits to joint stipulation of proposed facts in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/26/13 | BMK | Perform additional research on "affiliate" issue by reviewing Commercial Financial Services case slip opinion, various Second and Third Circuit case law, and all pleadings in connection with the Washington Mutual case for factual similarities with our case in connection with subordination adversary proceeding (2.50) | 2.50 |
| 03/26/13 | BMK | Review and revise all documents to conform captions, signature blocks, and form of pleadings in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/26/13 | BMK | Review and revise stipulation of facts and agreed to exhibits to reflect debtors' previously cited PSA, ProSupp, Pro, Hamzehpour and Kotliar declarations, and all attached exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | 1.20 |
| 03/26/13 | BMK | Circulate to T. Foudy, M. Gallagher, and D. Mize additional potential arguments and authorities to supplement memorandum of law in support of subordination cross motion from review of | 0.60 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 36

joinders/objections to Rule 3013 Motion (.60)

| | | | |
|---|---|---|---|
| 03/26/13 | JDM | Research regarding summary judgment standard applied by Judge Glenn in connection with subordination adversary proceeding (2.30) | 2.30 |
| 03/26/13 | JDM | Further research regarding definition of "affiliate" under Section 510 of the Bankruptcy Code in connection with subordination adversary proceeding (2.80) | 2.80 |
| 03/26/13 | JDM | Review and revise memorandum of law in support of motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00) | 3.00 |
| 03/27/13 | SJR | Review comments and suggested revisions to Debtors' submissions to Examiner in connection with submissions filed by Committee and SUNs and confer with T. Foudy regarding same (.70) | 0.70 |
| 03/27/13 | TF1 | Review, revise, and comment on draft summary judgment papers for subordination adversary in which conflict parties including AIG, Allstate and Prudential are defendants (notice, motion, proposed order, stipulated facts and agreed-to exhibits, and memo of law) (4.10) | 4.10 |
| 03/27/13 | TF1 | Multiple conferences and correspondences with M. Gallagher, B. Kotliar and D. Mize regarding finalization and page limits for subordination summary judgment papers (.70) | 0.70 |
| 03/27/13 | TF1 | Conference call with Quinn Emanuel regarding subordination summary judgment papers (.20) | 0.20 |
| 03/27/13 | TF1 | Review B. Kotliar analysis of other opposition papers in connection with subordination summary judgment papers (.40) | 0.40 |
| 03/27/13 | TF1 | Review and correspond with Morrison & Foerster on comments to stipulated facts and exhibits in connection with subordination summary judgment papers (.30) | 0.30 |
| 03/27/13 | MG8 | Review changes to memorandum of law in support of Debtors' motion for summary judgment on subordination issues made by D. Mize in order to update on legal standards for summary judgment and other revisions suggested by me and T. Foudy (.30) | 0.30 |
| 03/27/13 | MG8 | Transmit to Morrison & Foerster comments on Debtors' response to Committee's Examiner Submission (.40) | 0.40 |
| 03/27/13 | MG8 | Respond to correspondence from T. Foudy regarding use of proposed order and how it should be presented in motion papers seeking summary judgment in connection with subordination adversary proceeding in | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  37

| | | | |
|---|---|---|---|
| | | which conflict parties including AIG, Allstate and Prudential are defendants (.20) | |
| 03/27/13 | MG8 | Review further revised statement of stipulated facts for summary judgment motions circulated by S. Shelley in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/27/13 | MG8 | Correspondence with T. Foudy regarding filing and service of Debtors' summary judgment papers seeking subordination of Investors' claims and proposed order regarding the same (.20) | 0.20 |
| 03/27/13 | MG8 | Correspondence with T. Foudy and S. Shelley of Morrison & Foerster regarding inclusion of statement of facts in memoranda of law regarding section 510 of the Bankruptcy Code, in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/27/13 | MG8 | Review order re: scheduling hearing in Investors' and Debtors' summary judgment motions regarding subordination of Investor claims and related follow-up (.30) | 0.30 |
| 03/27/13 | MG8 | Provide comments and suggested revisions to Debtors' submission to Examiner in response to submissions filed by Committee and SUNs and follow-up with T. Foudy regarding the same (1.20) | 1.20 |
| 03/27/13 | MG8 | Correspond with T. Foudy and L. Marinuzzi regarding potential settlement discussions with respect to claims subject of Investors' Rule 3013 Motion (.30) | 0.30 |
| 03/27/13 | MG8 | Review most recent draft of stipulated facts and exhibits for summary judgment motions regarding subordination (.40) | 0.40 |
| 03/27/13 | MG8 | Review B. Kotliar's summary of arguments made in responses to Investors' Rule 3013 motion for consideration of how Debtors' memorandum of law might be revised to improve arguments in support of subordination and discuss same with T. Foudy (.40) | 0.40 |
| 03/27/13 | MG8 | Supervise B. Kotliar and D. Mize with respect to revisions and updates to summary judgment documents, statement of facts and exhibits to incorporate additional points and comments from Morrison & Foerster and T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/27/13 | MG8 | Further review and revise stipulation of facts for cross motion for summary judgment on subordination matters and forward the same to T. Foudy (.20) | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 38

| Date | Init | Description | Hours |
|---|---|---|---|
| 03/27/13 | MG8 | Attend to supervision of preparation of notices of appearance for T. Foudy in main case and subordination adversary proceeding, review and revise same and coordinate filing (.50) | 0.50 |
| 03/27/13 | GF | Draft correspondence re: rescheduled oral argument on Cross-Motions for summary judgment in subordination adversary proceeding, for circulation (.30) | 0.30 |
| 03/27/13 | GF | Draft, revise and file Notice of Appearance for T. Foudy in main case and Notices of Appearance for T. Foudy and M. Gallagher in adversary proceeding and confer with B. Kotliar and M. Gallagher re: same (2.90) | 2.90 |
| 03/27/13 | BMK | Review and revise joint stipulation of facts and agreed to exhibits per Morrison & Foerster edits and comments in connection with subordination adversary proceeding (.70) | 0.70 |
| 03/27/13 | BMK | Coordinate production of notices of appearance to be filed in main and adversary cases with G. Faust to prepare same for filing in connection with subordination adversary proceeding against Investors (.40) | 0.40 |
| 03/27/13 | BMK | Numerous conferences with D. Mize re: supplementing legal arguments in memorandum of law in support of cross motion for summary judgment on subordination with arguments raised in joinders/oppositions to Rule 3013 motion (1.60) | 1.60 |
| 03/27/13 | BMK | Review and revise proposed order, notice, and motion per edits/comments of T. Foudy to reflect updates to notice parties, relief sought, proposed order, definitions, and procedural issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/27/13 | BMK | Assist in filing of notices of appearances in main and adversary cases for T. Foudy and M. Gallagher in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/27/13 | BMK | Review and revise draft notices of appearance for T. Foudy and M. Gallagher in main bankruptcy case and subordination adversary proceeding in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/27/13 | DAB | Review correspondence regarding summary judgment pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/27/13 | JDM | Extensive further review and revisions to memorandum of law in support of motion for summary judgment in connection with subordination adversary proceeding | 2.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  39

|  |  |  | (2.50) |  |
|---|---|---|---|---|
| 03/27/13 | JDM | Numerous conferences and correspondences with B. Kotliar re: supplementing legal arguments in memorandum of law in support of cross motion fo summary judgements on subordination with arguments raised in joinders/oppositions to Rule 3013 motion (1.60) | | 1.60 |
| 03/27/13 | JDM | Confer with T. Foudy re: finalizing subordination papers for filing and page limits (.50) | | 0.50 |
| 03/28/13 | SJR | Attend to review of various submissions to Examiner including MBIA submission and other party submissions in connection with ongoing subordination adversary proceeding against certain Investors, including conflict party AIG, which Curtis is handling as Conflicts Counsel (1.80) | | 1.80 |
| 03/28/13 | SJR | Attend to review of Debtors' response to Examiner with respect to Committee submission (.40) | | 0.40 |
| 03/28/13 | TF1 | Review and edit draft response to examiner submissions by UCC and SUNs and send comments on same to Morrison & Foerster (1.60) | | 1.60 |
| 03/28/13 | TF1 | Review and respond to emails regarding AIG settlement discussion in connection with subordination adversary proceeding (.20) | | 0.20 |
| 03/28/13 | TF1 | Review memo on ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆and confer with D. Mize in regards to follow-up on same (.60) | | 0.60 |
| 03/28/13 | TF1 | Review and edit draft summary judgment papers and send to Morrison & Foerster for comment (1.50) | | 1.50 |
| 03/28/13 | TF1 | Review A. Barrage comments to Debtors' summary judgment brief for subordination adversary proceeding and give instructions to D. Bloom on incorporation of same (.30) | | 0.30 |
| 03/28/13 | TF1 | Exchange emails with A. Barrage regarding question on argument in subordination summary judgment brief (.10) | | 0.10 |
| 03/28/13 | TF1 | Review MBIA submission to Examiner (1.70) | | 1.70 |
| 03/28/13 | TF1 | Emails with Quinn and Morrison & Foerster in regards to request for oversized brief subordination summary judgment (.20) | | 0.20 |
| 03/28/13 | TF1 | Review and harmonize comments to Stipulated Facts by Quinn and Morrison & Foerster and circulate new draft and redline for same in connection with subordination dispute (1.50) | | 1.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  40

| 03/28/13 | TF1 | Review servicing distribution reports proposed for exhibits to subordination motion summary judgment and confer with Morrison & Foerster on same (.40) | 0.40 |
|---|---|---|---|
| 03/28/13 | MG8 | Attend to correspondence w/ T. Foudy and G. Lee regarding argument that ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮and related follow-up with T. Foudy and G. Faust regarding tracking of related litigation (.50) | 0.50 |
| 03/28/13 | MG8 | Obtain and review assumption and assignment exhibit circulated by Quinn for use in subordination summary judgment motions and follow-up with T. Foudy, D. Bloom and K. Sadeghi of Morrison & Foerster regarding the same (.70) | 0.70 |
| 03/28/13 | MG8 | Review comments of A. Barrage to Debtors' subordination memorandum of law in support of subordination summary judgment on section 510 dispute and related follow-up w/ T. Foudy (.40) | 0.40 |
| 03/28/13 | MG8 | Review T. Foudy comments to Debtors' response to Committee's submission to the Examiner on breach of fiduciary duty issues (.30) | 0.30 |
| 03/28/13 | MG8 | Correspondence w/ S. Shelley of Quinn and K. Sadeghi of Morrison & Foerster regarding obtaining executed documents for 2006 - Q03 deal for use as exhibits for subordination summary judgment motions and related follow-up (.40) | 0.40 |
| 03/28/13 | MG8 | Correspondence w/ T. Foudy, J. Haims of Morrison & Foerster and S. Shelley of Quinn regarding page limits for subordination memoranda of law in support of summary judgment (.20) | 0.20 |
| 03/28/13 | MG8 | Correspond w/ B. Kotliar regarding further changes to statement of stipulated facts in response to comments from S. Shelley of Quinn, in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/28/13 | MG8 | Correspondence w/ K. Sadeghi of Morrison & Foerster regarding including Investor proofs of claim as exhibits to subordination summary judgment papers and related follow-up w/ B. Kotliar and T. Foudy (.20) | 0.20 |
| 03/28/13 | GF | Review materials relating to Hamzehpour Declaration exhibits per request of B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/28/13 | GF | At request of M. Gallagher, review Lehman dockets and hearing transcripts for Boilermakers dispute for | 0.90 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

|            |     |                                                                                                                                                                                                          |      |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | reference and application to Residential Capital subordination adversary proceeding (.90)                                                                                                                 |      |
| 03/28/13   | BMK | Confirm accuracy of citations in statement of facts in most recent draft of same with specific attention to most recent changes in connection with subordination adversary proceeding (.40)               | 0.40 |
| 03/28/13   | BMK | Update statement of facts internally to reflect version received from Quinn in connection with subordination adversary proceeding (.10)                                                                    | 0.10 |
| 03/28/13   | BMK | Correspondence with M. Gallagher and K. Sadeghi at Morrison & Foerster re: execution copies of cited exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/28/13   | DAB | Review Assumption and Assignment Agreement to be cited by Quinn in Statement of Facts, in connection with subordination adversary proceeding (.30)                                                         | 0.30 |
| 03/28/13   | DAB | Draft email to B. Kotliar regarding need to verify law firm information in draft subordination papers (.10)                                                                                                | 0.10 |
| 03/28/13   | JDM | Review and revise summary judgment memorandum of law, including incorporating edits from Morrison & Foerster and T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.80) | 4.80 |
| 03/28/13   | JDM | Attention to review and edit of draft stipulated facts related to subordination summary judgment motion (2.20)                                                                                            | 2.20 |
| 03/29/13   | SJR | Review of Summary Judgment papers to be submitted in connection with subordination litigation (1.10)                                                                                                      | 1.10 |
| 03/29/13   | SJR | Review revised Debtors' Notice Motion and Debtors' Brief in connection with Summary Judgment of subordination of claims dispute in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/29/13   | TF1 | Conference call with Morrison & Foerster's J. Haims and K. Sadeghi on subordination summary judgment papers (1.00)                                                                                         | 1.00 |
| 03/29/13   | TF1 | Review and revise Statement of Stipulated Facts and Agreed-to Exhibits for subordination summary judgment motion in light of comments from Morrison & Foerster and opposing counsel (1.90)                  | 1.90 |
| 03/29/13   | TF1 | Review proofs of claim filed by opposing parties in subordination dispute and draft sections of motion papers and statement of facts to incorporate same (1.70)                                             | 1.70 |

June 18, 2013
Inv # 1580053
Our Ref # 062108-000400

Page 42

| 03/29/13 | TF1 | Emails with Morrison & Foerster and opposing counsel regarding latest drafts of subordination dispute summary judgment papers (.90) | 0.90 |
|---|---|---|---|
| 03/29/13 | TF1 | Review and revise motion, notice of motion, proposed order, and brief for subordination summary judgment dispute in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 03/29/13 | MG8 | Correspond throughout the day w/ D. Bloom, B. Kotliar, D. Mize and T. Foudy regarding numerous open issues with subordination summary judgment papers (.80) | 0.80 |
| 03/29/13 | MG8 | Review further revised stipulated agreed-to facts and exhibits for summary judgment motions on subordination issues and follow-up correspondence w/ S. Shelley and S. Kirpalani of Quinn and T. Foudy regarding same (.50) | 0.50 |
| 03/29/13 | MG8 | Correspondence with D. Bloom regarding service of Debtors' summary motion papers with respect to adversary proceeding seeking subordination of Investor claims and issues relating to the same (.20) | 0.20 |
| 03/29/13 | MG8 | Correspondence w/ T. Foudy regarding completion of memo of law, motion and related documents for Debtors' summary judgment motion in adversary proceeding seeking subordination of Investor securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/29/13 | MG8 | Review revised draft motion and proposed order for Debtors' summary judgment motion circulated by D. Bloom, updated to include additional request for relief that Investors' Rule 3013 motion be denied and follow-up w/ D. Bloom re: same (.40) | 0.40 |
| 03/29/13 | BMK | Revise portions of draft Memorandum of Law in support of subordination summary judgment motion for accuracy to reflect updated statement of facts (.60) | 0.60 |
| 03/29/13 | BMK | Review open issues in stipulation of facts in connection with subordination adversary proceeding by reviewing underlying documents such as the Pooling and Servicing Agreements and prospectuses (1.10) | 1.10 |
| 03/29/13 | BMK | Review proofs of claim filed by defendant-Investors to be included in stipulation of facts for subordination summary judgment papers for claims and securities held in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 1.60 |
| 03/29/13 | BMK | Email T. Foudy, M. Gallagher, D. Bloom, and D. Mize re: findings re: review of deal documents for open issues in stipulation of facts in connection with | 0.40 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 213 of 254

| | | | |
|---|---|---|---|
| | | subordination adversary proceeding (.40) | |
| 03/29/13 | BMK | Multiple correspondences with C. Cu at KCC re: request for additional proofs of claim of recently added investor-defendants in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/29/13 | BMK | Conference with D. Bloom and D. Mize re: follow up to call, status of documents, allocation of work, and next steps in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/29/13 | BMK | Attend conference call with T. Foudy, D. Mize, and D. Bloom with counsel at Morrison & Foerster re: latest statement of facts and proposed changes by defendants in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/29/13 | BMK | Attend to email correspondence with T. Foudy re: proofs of claim inclusion to stipulation of facts summarizing research findings (.60) | 0.60 |
| 03/29/13 | SRM | Check citations on Westlaw for the state blue sky law statutes defining the term "issuer" for D. Mize in connection with the draft subordination Memorandum of Law (1.90) | 1.90 |
| 03/29/13 | DAB | Review and analyze additional comments by Quinn to draft stipulated facts and communication with T. Foudy and B. Kotliar regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | 1.20 |
| 03/29/13 | DAB | Participate in call with Morrison & Foerster regarding stipulated facts in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/29/13 | DAB | Communicate with KCC to address service of summary judgment pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/29/13 | DAB | Communicate with D. Mize and B. Kotliar regarding coordination of final tasks relating to memorandum of law in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/29/13 | DAB | Further revision to draft subordination summary judgment pleadings in light of Morrison & Foerster and internal comments (1.20) | 1.20 |
| 03/29/13 | DAB | Further review and revision to draft stipulated facts and communication with T. Foudy and B. Kotliar regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, | 0.90 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  44

| | | Allstate and Prudential are defendants (.90) | |
|---|---|---|---|
| 03/29/13 | JDM | Confer with D. Bloom and B. Kotliar regarding subordination summary judgment papers and process for filing same (.20) | 0.20 |
| 03/29/13 | JDM | Review and revise draft of letter requesting discovery relating to AIG's standing to pursue securities claims against the Debors in connection with subordination adversary proceeding (1.20) | 1.20 |
| 03/29/13 | JDM | Review and edit memorandum of law in support of summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.00) | 4.00 |
| 03/29/13 | JDM | Participate in telephone conference with Morrison & Foerster regarding edits to statement of facts in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/29/13 | JDM | Edit and review stipulated statement of facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | 1.20 |
| 03/30/13 | TF1 | Conference call with K. Sadeghi on Morrison & Foerster's additional comments to subordination summary judgment brief (.30) | 0.30 |
| 03/30/13 | TF1 | Emails with A. Barrage, M. Gallagher, D. Bloom, D. Mize, and B. Kotliar on Morrison & Foerster's suggested changes to summary judgment brief (.20) | 0.20 |
| 03/30/13 | TF1 | Continue to review and revise summary judgment brief in light of Morrison & Foerster comments (.80) | 0.80 |
| 03/30/13 | MG8 | Review changes to memorandum of law in support of summary judgment on subordination issues circulated by J. Haims and K. Sadeghi of Morrison & Foerster and correspond with T. Foudy, B. Kotliar and D. Mize regarding comments relating to incorporation of statement of facts into the same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/30/13 | MG8 | Follow up correspondence with D. Mize and B. Kotliar regarding incorporation of changes into statement of facts and memorandum of law in support of Debtors' motion for summary judgment on subordination issue, and remaining open issues for completion of motion papers (.40) | 0.40 |
| 03/30/13 | BMK | Correspond with C. Cu at KCC and M. Gallagher re: email service and deadlines for meeting service | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  45

|          |      |                                                                                                                                                                                                                                          |      |
|----------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |      | requirements for filing cross motion for summary judgment (.20)                                                                                                                                                                           |      |
| 03/30/13 | BMK  | Review all proofs of claim filed by Investors party to subordination cross motions for summary judgment for inclusion as agreed-to exhibits to joint stipulation of proposed facts for use in subordination adversary proceeding (2.20)   | 2.20 |
| 03/30/13 | BMK  | Revise citations and authorities relied upon attached to Kotliar Declaration for inclusion to memorandum of law in support of cross motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/30/13 | BMK  | Correspondences with D. Mize and D. Bloom re: open issues in memorandum of law (.30)                                                                                                                                                      | 0.30 |
| 03/30/13 | SRM  | Update citations to the state blue sky laws section of the draft subordination Memorandum of Law (.30)                                                                                                                                    | 0.30 |
| 03/30/13 | DAB  | Review of communication from D. Mize, T. Foudy and B. Kotliar regarding draft pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50)       | 0.50 |
| 03/30/13 | DAB  | In-depth review of defined terms used in summary judgment memo of law and motion to ensure conformity internally and to stipulated facts, and communication with B. Kotliar and D. Mize regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.40) | 1.40 |
| 03/30/13 | JDM  | Review and edit summary judgment Memorandum of Law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.20)                                            | 3.20 |
| 03/31/13 | TF1  | Review and respond to emails from M. Gallagher, B. Kotliar, and D. Bloom with questions regarding subordination summary judgment papers (.30)                                                                                             | 0.30 |
| 03/31/13 | MG8  | Correspond with D. Bloom about relief requested in motion for summary judgment with respect to subordination adversary proceeding (.20)                                                                                                   | 0.20 |
| 03/31/13 | MG8  | Correspondence with B. Kotliar, D. Mize and T. Foudy regarding views on inclusion of background facts in the memorandum of law in addition to reliance on statement of stipulated facts for cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |

12-12020-mg    Doc 4532-12    Filed 08/02/14    Entered 08/02/14 22:56:28    Exhibit
Pg 216 of 349

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  46

| | | | |
|---|---|---|---|
| 03/31/13 | MG8 | Numerous correspondences with B. Kotliar and C. Cu of KCC regarding issues with respect to service of summary judgment papers on subordination of Investors' Claims and related review of case management order for resolution of the same (.60) | 0.60 |
| 03/31/13 | MG8 | Review additional changes to memorandum of law in support of summary judgment on subordination issues sent by K. Sadeghi of Morrison & Foerster and correspond with B. Kotliar regarding incorporation of the same (.60) | 0.60 |
| 03/31/13 | MG8 | Correspond w/ B. Kotliar and T. Foudy regarding request for relief in the Debtors' subordination summary judgment motion as well as citation to certain exhibits and conforming definitions for documents related to Debtors' motion for summary judgment (.70) | 0.70 |
| 03/31/13 | BMK | Correspond with T. Foudy and M. Gallagher re: recent updates and comments received from counsel at Morrison & Foerster for memorandum of law in support of motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/31/13 | BMK | Correspond with T. Foudy, M. Gallagher, and D. Mize re: open issues in pleadings to be filed in subordination adversary proceeding re: cross motions for summary judgment (.20) | 0.20 |
| 03/31/13 | BMK | Numerous conferences with D. Bloom re: open issues in subordination summary judgment memorandum of law and relief sought by motion and proposed order in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/31/13 | BMK | Extensive review and revisions to summary judgment memorandum of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants to conform to joint stipulation of facts and agreed-to exhibits and previous fact section in opposition to rule 3013 motion (3.50) | 3.50 |
| 03/31/13 | DAB | Multiple discussions with B. Kotliar re: open issues in subordination summary judgment memorandum of law and relief sought by motion and proposed order in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/31/13 | JDM | Correspondence with B. Kotliar and S. Morris regarding edits to subordination summary judgment Memorandum of Law (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  47

TOTAL HOURS                    445.50

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 39.10 | 830 | 32,453.00 |
| Theresa A. Foudy | Partner | 79.90 | 730 | 58,327.00 |
| Maryann Gallagher | Counsel | 67.60 | 625 | 42,250.00 |
| Daniel A. Bloom | Associate | 51.60 | 480 | 24,768.00 |
| Peter Josef Buenger | Associate | 13.10 | 425 | 5,567.50 |
| J. Derek Mize | Associate | 77.00 | 425 | 32,725.00 |
| James Zimmer | Associate | 13.40 | 345 | 4,623.00 |
| Bryan M. Kotliar | Associate | 62.70 | 305 | 19,123.50 |
| Stephanie R. Morris | Associate | 2.20 | 305 | 671.00 |
| John Thomas Weber | Associate | 20.50 | 305 | 6,252.50 |
| Georgia Faust | Legal Assistant | 12.00 | 235 | 2,820.00 |
| Melissa Rutman | Legal Assistant | 1.30 | 235 | 305.50 |
| Alana Dreiman | Legal Assistant | 5.10 | 230 | 1,173.00 |
| | | **445.50** | | **$231,059.00** |

**TOTAL SERVICES**                    $231,059.00

**TOTAL THIS INVOICE**                    $231,059.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580053

| Total Services | 231,059.00 |
|---|---|
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$231,059.00** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                           June 18, 2013
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034                                          Inv. # 1580055
                                                                  Our Ref. 062108-000410
                                                                  SJR

Attention:     Residential Capital, LLC

Re:   **Adversary Proceedings and Contested Matters**

---

| 03/01/13 | MG8 | Brief review of Committee complaint against UMB Bank and Wells Fargo seeking declaratory judgment and related relief with respect to secured status of JSNs and follow-up regarding same for potential conflict purposes (.40) | 0.40 |
| 03/01/13 | DAB | Revise summary and analysis of Committee's complaint against UMC and conflict party Wells Fargo and correspond with B. Kotliar regarding same for conflicts purposes (.80) | 0.80 |
| 03/01/13 | DAB | Correspond with B. Kotliar, M. Gallagher, and D. Mize regarding complaint against UMC and Wells Fargo for conflicts purposes, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/01/13 | DAB | Review Committee complaint against UMC and Wells Fargo for purposes of revising analysis of same, for conflicts purposes (.80) | 0.80 |
| 03/13/13 | MJM | Draft correspondence to with S. Reisman re: research issues in connection with purported dispute with JSNs over lien value and entitlement to post-petition interest (.30) | 0.30 |
| 03/13/13 | MJM | Review materials sent by attorneys from Morrison Foerster re: research issues Curtis will assist with, including outline of draft complaint against JSNS, legal memoranda supporting draft complaint, and Creditors' Committees' complaint against JSNS and exhibits thereto (1.50) | 1.50 |
| 03/14/13 | SJR | Attend to issues regarding JSNs and need for adversary proceeding in connection with same to be handled by Curtis as Conflicts Counsel (2.30) | 2.30 |
| 03/14/13 | SJR | Participate in conference call with M. Moscato, S. Engelhardt and others regarding JSN litigation where Curtis will be acting as Conflicts Counsel (1.10) | 1.10 |
| 03/14/13 | SJR | Review documentation and materials regarding JSN claim and possible lack of fully secured claim (.80) | 0.80 |

12-12020-mg    Doc 8588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit H-12    Pg 220 of 349

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 220 of 69 of 254

June 18, 2013
Inv # 1580055
Our Ref # 062108-000410

Page  2

| 03/14/13 | TF1 | Correspondence with M. Moscato on background to Debtors' dispute with JSNs (.20) | 0.20 |
|---|---|---|---|
| 03/14/13 | TF1 | Call with M. Moscato, J. Mosse, and M. Gallagher on issues including JSNs' collateral package (.40) | 0.40 |
| 03/14/13 | MJM | Continue review of background documentation in preparation for call with Morrison & Foerster attorneys re: legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/14/13 | MJM | Participate in conference call with S. Reisman, J. Marines, S. Engelhardt and S. Martin re: research issues on which Curtis will assist for conflicts purposes in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest as Wells Fargo and certain noteholders are conflicts parties (1.10) | 1.10 |
| 03/14/13 | MJM | Discussion with D. Bloom re: assignment of legal research issue in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/14/13 | MJM | Review JSNs' submission to the Examiner in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/14/13 | MJM | Discussion with M. Gallagher re: background to Residential Capital potential litigation with JSNs (.20) | 0.20 |
| 03/14/13 | MJM | Discussion with J. Mosse (joined by D. Bloom) re: legal research issues to be assigned to them in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 03/14/13 | MJM | Teleconference with T. Foudy and M. Gallagher re: background to potential litigation with JSNs (.40) | 0.40 |
| 03/14/13 | MJM | Review Berkshire and Ocwen sale orders in Residential Capital matter for background for legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/14/13 | MJM | Continue analysis of legal issues re: JSNs Curtis is analyzing as conflicts counsel in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict | 1.20 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  3

|  |  |  |  |
|---|---|---|---|
|  |  | parties (1.20) |  |
| 03/14/13 | MG8 | Confer with M. Moscato regarding research project regarding junior secured noteholders' collateral, including follow-up call regarding documents as Wells Fargo and certain noteholders are conflcits parties (.20) | 0.20 |
| 03/14/13 | MG8 | Conference call with T. Foudy, M. Moscato and J. Mosse regarding issues relating to research project regarding Junior Secured Noteholder collateral and documents related to the same (.40) | 0.40 |
| 03/14/13 | MG8 | Review first day declaration, sale orders and financing orders, as well as press releases for information regarding collateral package of Junior Secured Notes in preparation for research requested by Morrision & Foerster due to certain potential and/or actual conflicts with Wells Fargo and certain holders of JSNs (2.40) | 2.40 |
| 03/14/13 | DAB | Confer with J. Mosse and M. Moscato regarding anticipated JSN arguments with respect to secured status and research with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 03/14/13 | DAB | Review of, and email to, J. Mosse and M. Moscato regarding AFI Notes Collateral Order, transcript of Ocwen sale hearing, JSN powerpoint presentation, GM case regarding equitable lien issue, and JSN documents in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.00) | 2.00 |
| 03/14/13 | DAB | Review and analysis of background materials regarding Junior Secured Notes, including review of underlying Indenture and related intercreditor and security agreement, as well as court pleadings related to lien arguments in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.50) | 3.50 |
| 03/14/13 | DAB | Meeting with M. Moscato regarding research with respect to JSN issues and followup regarding same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/14/13 | DAB | Research regarding recent Judge Gerber decisions in the General Motors case pertaining to lien status in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.50) | 1.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 222 of 254

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  4

| Date | Init. | Description | Hours |
|---|---|---|---|
| 03/14/13 | JM | Research and review case law on creditor's ability to have lien on good will generated by sale of asset when creditor does not have lien on underlying asset in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/14/13 | JM | Gather and review ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.40) | 1.40 |
| 03/14/13 | JM | Call with M. Moscato, T. Foudy and M. Gallagher re details of ResCap sales to Ocwen and Berkshire Hathaway in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/14/13 | JM | Draft email memorandum to M. Moscato re ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/14/13 | JM | Attention to correspondence and case law from J. Marines of Morrison & Foerster re: allocation of good will generated from asset sales in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/14/13 | JM | Meet with M. Moscato, joined by D. Bloom, to discuss research on ability of JSNs to claim lien on good will generated by sale of MSRs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/14/13 | JM | Attend to correspondence from M. Gallagher regarding sale orders from ResCap sales to Ocwen and Berkshire Hathaway in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/15/13 | SJR | Analyze JSNs' potential arguments for being over-secured and legal and factual analysis to support that they are under-secured in connection with litigation being addressed by Curtis as Conflicts Counsel in connection with Wells Fargo, UBS and certain other holders of JSNs (2.30) | 2.30 |
| 03/15/13 | SJR | Attend to coordination of matters with Morrison & Foerster regarding conflict parties and need for involvement in connection with JSN dispute due to potential conflicts with Wells Fargo and certain JSNs (.70) | 0.70 |
| 03/15/13 | AHS | Correspond with J. Mosse and M. Moscato in | 0.60 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 223 of 254

| | | | |
|---|---|---|---|
| | | connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | |
| 03/15/13 | AHS | Review J. Mosse outline re: memorandum in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/15/13 | AHS | Review J. Mosse email re: UCC issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/15/13 | AHS | Confer with J. Mosse re: UCC issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/15/13 | MJM | Review background materials in preparation for call with S. Martin of Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/15/13 | MJM | Prepare for call with S. Martin in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/15/13 | MJM | Conference with S. Martin and D. Bloom and J. Mosse re: legal research issues assigned to Curtis Mallet in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/15/13 | MJM | Follow-up discussion with D. Bloom and J. Mosse re: legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/15/13 | MJM | Follow-up correspondence with S. Martin and D. Bloom re: research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/15/13 | MJM | Review J. Mosse email updating her legal research as of 7:15 pm in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/15/13 | BMK | Confer with D. Bloom re: factual background to JSNs' and Debtor's secured financing and prepetition collateral issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/15/13 | BMK | Circulate relevant filings re: JSNs' liens and | 0.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 73 of 254

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  6

|          |     |                                                                                                                                                                                                                                                                         |      |
|----------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |     | Committee's motion for standing and complaint against JSNs (.50)                                                                                                                                                                                                         |      |
| 03/15/13 | DAB | Analyze JSN, SUN Examiner submissions with respect to lien perfection issues, and review Debtors' reply with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20) | 1.20 |
| 03/15/13 | DAB | Draft Statement of Assumed Facts in connection with Memorandum regarding JSNs' potential arguments with respect to oversecured status in connection with dispute with JSNs over lien value and entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 03/15/13 | DAB | Confer with M. Moscato, J. Mosse and S. Martin of Morrison & Foerster regarding research issues including secured creditor's right to proceeds of avoidance actions and equitable and automatic liens (.80) | 0.80 |
| 03/15/13 | DAB | Confer with B. Kotliar re: factual background to JSNs' and Debtor's secured financing and prepetition collateral issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/15/13 | JM  | Review Creditors' Committee's motion for order authorizing it to prosecute and settle certain claims on behalf of the debtors' estates in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 03/15/13 | JM  | Review Notes Security and Revolver Security Agreements in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/15/13 | JM  | Confer with M. Moscato, D. Bloom, joined by S. Martin at Morrison & Foerster, re: factual background to research issues█████████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/15/13 | JM  | Correspond with M. Moscato and J. Marines at Morrison & Foerster re: scope of research█████████████████████████████████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/15/13 | JM  | Continue extensive research and review of case law on ability of secured creditor to benefit from enhanced | 5.40 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 225 of 254

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  7

| | | | |
|---|---|---|---|
| | | value of property in which creditor does not have a security interest in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.40) | |
| 03/15/13 | JM | Confer with A. Seiden re: UCC issues relating to dispute with JSNs over lien value and purported entitlement to post-petition (.70) | 0.70 |
| 03/16/13 | MJM | Review J. Mosse email updating her legal research regarding ████████████████ ████████████████████████████████ ██████████(.40) | 0.40 |
| 03/16/13 | MJM | Participate in teleconference with J. Mosse re: status of her research assignment regarding ████████ ███████████████████████████████████ ████████(.50) | 0.50 |
| 03/16/13 | BMK | Correspond with J. Mosse re: security agreements relevant to JSNs' collateral in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 03/16/13 | DAB | Review email correspondence regarding research from J. Mosse and B. Kotliar in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/16/13 | JM | Draft email to M. Moscato re: case law regarding lien on proceeds of sale in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/16/13 | JM | Participate in call with M. Moscato re: research on valuation of secured claim under Section 506 of the Bankruptcy Code in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 03/16/13 | JM | Draft email to M. Moscato re: American Home Mortgage case in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/16/13 | JM | Review American Home Mortgage (Bankr. D. Del.) case on mortgage servicing rights in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/16/13 | JM | Draft memorandum re: issue of valuation of a secured claim under Section 506(a) of Bankruptcy Code and potential argument regarding ███████████████ | 4.90 |

June 18, 2013
Inv # 1580055
Our Ref # 062108-000410

Page  8

| | | ████████████████████████ in connection with dispute with JSNs over lien value and entitlement to post-petition interest (4.90) | |
|---|---|---|---|
| 03/16/13 | JM | Research and review case law on ████████████ ███████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10) | 1.10 |
| 03/16/13 | JM | Review case law on potential interest in proceeds of sale without having lien on underlying assets in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/16/13 | JM | Review CRO Discussion Materials received from JSNs and forwarded by J. Marines in connection with dispute with JSNs over collateral value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/17/13 | DAB | Draft summary of preliminary findings with respect to ██████████ under bankruptcy law and relevant state law in connection with dispute with JSNs over collateral value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/17/13 | DAB | Extensive research regarding ██████████ under bankruptcy law and relevant state law in connection with anticipated JSN argument regarding same as a result of the prepetition AFI transactions, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (6.50) | 6.50 |
| 03/17/13 | DAB | Draft summary notes regarding research with respect to ██████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 03/17/13 | JM | Continue to draft memorandum re: valuation of a secured claim under Section 506(a) of Bankruptcy Code and potential argument regarding ██████ ██████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (5.10) | 5.10 |
| 03/17/13 | JM | Continue to research and review cases discussing ██████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (3.60) | 3.60 |
| 03/18/13 | SJR | Attend to analysis of various potential JSN arguments regarding purported liens in prepetition collateral and | 3.40 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 227 of 349

June 18, 2013
Inv # 1580055
Our Ref # 062108-000410

Page 9

|          |     | review of research being done in connection with alleged security interests of JSNs and possible under-secured nature of same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.40) |      |
| 03/18/13 | MJM | Confer with D. Bloom and B. Kotliar re: legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/18/13 | MG8 | Correspondences with D. Bloom regarding issues relating to research on JSN matters that Curtis is covering due to potential conflcits with Wells Fargo, UBS and other holders of JSNs and review powerpoint presentation to CRO prepared by Milbank and White & Case outling JSNs' position on various plan related matters in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/18/13 | BMK | Review facts of Debtors' prepetition transactions with AFI and JSNs and circulate links to relevant documents of same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.00) | 1.00 |
| 03/18/13 | BMK | Research secondary sources for ██████████ ████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) | 3.20 |
| 03/18/13 | BMK | Numerous conferences and correspondence throughout the day with D. Bloom re: research and follow up to research re: ████████████ ████ avoidance action liens for memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/18/13 | BMK | Conference with M. Moscato and D. Bloom re: status of researching ████████████ and creditor's rights to avoidance recoveries in bankruptcy (.40) | 0.40 |
| 03/18/13 | DAB | Meet with M. Moscato and B. Kotliar regarding progress on research (.40) | 0.40 |
| 03/18/13 | DAB | Coordinate with A. Dreiman regarding General Motors docket tracking in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/18/13 | DAB | Prepare for meeting with M. Moscato regarding | 0.60 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  10

|  |  |  |  |
|---|---|---|---|
|  |  | research progress on equitable and other types of liens (.60) |  |
| 03/18/13 | DAB | Extensive further research regarding ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and analysis of same in light of relevant facts and governing documents including Indenture, Security Agreement, Intercreditor and prior JSN and SUN Examiner submissions (3.50) | 3.50 |
| 03/18/13 | DAB | Further research regarding ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and analysis of same in light of relevant facts and governing documents including Indenture, Security Agreement, Intercreditor and prior JSN and SUN submissions (.50) | 0.50 |
| 03/18/13 | DAB | Research regarding various ▮▮▮▮▮▮▮▮▮ and analysis of same in light of relevant facts and governing documents including Indenture, Security Agreement, Intercreditor and prior JSN and SUN submissions in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties(4.00) | 2.80 |
| 03/18/13 | DAB | Confer and correspond throughout the day with B. Kotliar re: research and follow up to research re: ▮▮▮▮▮▮▮▮▮ memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/19/13 | SJR | Review analysis of ▮▮▮▮▮▮▮▮▮ with respect to JSN's and under-secured nature of claims in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (2.20) | 2.20 |
| 03/19/13 | SJR | Analysis of JSNs' claims regarding potential liens on avoidance action recoveries in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10) | 1.10 |
| 03/19/13 | MJM | Discussion with D. Bloom re legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/19/13 | MG8 | Meet with J. Zimmer regarding preparation of materials for CMH Holdings payment dispute (.20) | 0.20 |
| 03/19/13 | MG8 | Draft correspondence to T. Smith regarding request to escalate CMH Holdings dispute with Cerberus, and staffing relating to the same (.30) | 0.30 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 229 of 349

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  11

| 03/19/13 | MG8 | Draft correspondence to S. Reisman re: potential litigation against Cerberus in connection with CMH Holdings dispute (.30) | 0.30 |
|---|---|---|---|
| 03/19/13 | BMK | Draft portions of memo re: avoidance proceeds as subject to prepetition liens in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.60) | 3.60 |
| 03/19/13 | BMK | Attend to multiple conferences and correspondence with D. Bloom re: extensive revisions to lien avoidance research memorandum (1.60) | 1.60 |
| 03/19/13 | BMK | Research inside and outside Second Circuit re: whether liens may attach to avoidance action proceeds in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.80) | 5.80 |
| 03/19/13 | DAB | Analysis of arguments made in JSN and SUN examiner submission with respect to proceeds of avoidance actions in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/19/13 | DAB | Email to B. Kotliar regarding inclusion of potential avoidance action proceeds discussion in draft memorandum in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10) | 0.10 |
| 03/19/13 | DAB | Review case law and secondary sources regarding avoidance actions and section 544 of the Bankruptcy Code in connection with memorandum regarding JSNs' potential claims regarding same (1.80) | 1.80 |
| 03/19/13 | DAB | Draft detailed summary of facts of Judge Gerber's GM decision in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties and apply same to present research issue and circulate same to M. Moscato (.60) | 0.60 |
| 03/19/13 | DAB | Further review of ███████████ case law per discussion with M. Moscato re: same, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/19/13 | DAB | Outline and begin draft memorandum regarding ███████████s in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.30) | 1.30 |

| 03/19/13 | DAB | Review and extensive analysis of Judge Gerber's lengthy GM decision regarding validity of UCC termination statements based on presence or absence of authority and extensive review of supporting pleadings filed in connection with same, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.10) | 5.10 |
|---|---|---|---|
| 03/19/13 | DAB | Discussion with M. Moscato re research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/19/13 | JM | Correspond re: valuation of secured claim and extent of creditor's liens with M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/19/13 | JM | Update memorandum re: Section 506(a) of the Bankruptcy Code and extent of creditor's liens per discussion with M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.80) | 2.80 |
| 03/19/13 | JM | Research and review additional case law related to potential extent of creditor's lien when creditor does not have security interest in underlying asset in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.30) | 1.30 |
| 03/19/13 | JZ | Confer and correspond with M. Gallagher regarding preparation of materials in connection with background to CMH Holdings payment dispute (.20) | 0.20 |
| 03/19/13 | JZ | Prepare for meeting regarding████████████ in connection with CMH payment dispute (.80) | 0.80 |
| 03/20/13 | SJR | Review documentation regarding dispute with Cerberus and update on call with client regarding strategy for moving forward with potential litigation for efforts to resolve matters amicably without an adversary proceeding (1.20) | 1.20 |
| 03/20/13 | TPS | CMH Holdings: review background to dispute for client call regarding████████████████ (.70) | 0.70 |
| 03/20/13 | TPS | Conference call with L. Delehey and D. Marquardt and J. Zimmer and M. Gallagher regarding Cerberus dispute (.30) | 0.30 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  13

| | | | |
|---|---|---|---|
| 03/20/13 | MJM | Review J. Gerber's opinion in the GM adversary proceeding in connection with D. Bloom's legal research memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |
| 03/20/13 | MJM | Review J. Mosse legal research memo re: JSN issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | MJM | Meet with J. Mosse re: her legal research memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | MJM | Meet with D. Bloom and B. Kotliar re: J. Gerber opinion and D. Bloom's legal research memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | MJM | Teleconference with J. Marines re: legal research issues and memos in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 03/20/13 | MJM | Review prior Curtis memos on valuation and post-filing interest in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest in order to send them to J. Marines (.50) | 0.50 |
| 03/20/13 | MJM | Follow-up correspondence with D. Bloom re: his legal research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/20/13 | MG8 | Participate in call with L. Delehy and T. Smith and J. Zimmer regarding CMH Holdings payment dispute and potential efforts to elevate matter (.30) | 0.30 |
| 03/20/13 | MG8 | Follow-up email to D. Marquardt regarding CMH Holdings payment dispute matter (.20) | 0.20 |
| 03/20/13 | BMK | Assist D. Bloom in drafting memorandum re: JSNs' liens and avoidance issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.50) | 3.50 |
| 03/20/13 | BMK | Additional follow-up research re: facts underlying cases relied upon in memo re: JSNs' liens and avoidance issues for application to Debtors (1.80) | 1.80 |
| 03/20/13 | BMK | Review and revise memorandum re: JSNs' liens and avoidance issues for factual accuracy, case citations, citation accuracy, and general edits (3.10) | 3.10 |

| | | | |
|---|---|---|---|
| 03/20/13 | BMK | Confer with M. Moscato and D. Bloom re: ▮▮▮▮ ▮▮▮▮ and follow up correspondence re: same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | BMK | Draft footnotes for inclusion in JSN lien memo supplementing main issues with relevant additional key legal analysis (1.50) | 1.50 |
| 03/20/13 | BMK | Review secondary sources ▮▮▮▮ ▮▮▮▮ for memo in connection with subordination adversary proceeding (1.10) | 1.10 |
| 03/20/13 | BMK | Attend meeting with J. Mosse and D. Bloom re: status of research memo and additional research issues (.30) | 0.30 |
| 03/20/13 | DAB | Review of B. Kotliar research regarding avoidance action proceeds in connection with dispute with JSNs over lien value and entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/20/13 | DAB | Extensive research and review of case law and secondary materials regarding ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.30) | 5.30 |
| 03/20/13 | DAB | Correspond with S. Reisman regarding format of draft memorandum regarding JSN issues (.10) | 0.10 |
| 03/20/13 | DAB | Meet with M. Moscato and B. Kotliar regarding status of research with respect to proceeds of avoidance actions and ▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | DAB | Correspond with J. Mosse regarding status of ▮▮▮▮ research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/20/13 | DAB | Correspond with B. Kotliar and M. Moscato regarding integration of ▮▮▮▮ and avoidance memoranda in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 82 of 254

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  15

| 03/20/13 | DAB | Further drafting of portion of JSN memorandum regarding ███████████████████████████████ ██████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.50) | 2.50 |
|---|---|---|---|
| 03/20/13 | DAB | Correspond with A. Dreiman regarding retrieval of unpublished pleadings in connection with research memorandum with respect to disputes with JSN over extent of liens and collateral values (.20) | 0.20 |
| 03/20/13 | DAB | Correspond with M. Moscato regarding potential JSN ratification argument in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/20/13 | DAB | Call with J. Mosse and B. Kotliar regarding additional research issues and next steps in connection with JSN lien issues (.30) | 0.30 |
| 03/20/13 | DAB | Further research regarding ██████████████████████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.50) | 1.50 |
| 03/20/13 | DAB | Correspond with B. Kotliar regarding avoidance research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest and provide direction for followup research regarding same (.50) | 0.50 |
| 03/20/13 | JM | Draft portion of memorandum to Morrison & Foerster re: briefs and decisions citing In re Chateaugay in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.60) | 1.60 |
| 03/20/13 | JM | Draft executive summary portion of memorandum to Morrison & Foerster re: ████████████████████ ████████████████████████████████████████ ███████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/20/13 | JM | Review case law re: whether an asset sale generated goodwill in connection with drafting memorandum to Morrison & Foerster regarding dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 83 of 349

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  16

| 03/20/13 | JM | Draft portion of memorandum to Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest re: decisions on allocation of sale proceeds amongst encumbered assets (1.70) | 1.70 |
|---|---|---|---|
| 03/20/13 | JM | Review case law on ██████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/20/13 | JM | Draft portion of memorandum to Morrison & Foerster re: case law on limitation of secured claim to extent of underlying collateral in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/20/13 | JM | Review case law and briefs citing In re Chateaugay in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/20/13 | JM | Draft email to M. Moscato re: ████████████████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/20/13 | JM | Review case law re: limitation of secured claim to extent of underlying collateral in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.10) | 1.10 |
| 03/20/13 | JM | Call with D. Bloom and B. Kotliar re: ████████████ portion of memorandum to Morrison & Foerster and ███████████ case law in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/20/13 | JM | Meet with M. Moscato re: memorandum of Section 506(a) and on addressing ████████████████ ████████████████████ in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | JM | Update portion of memorandum to Morrison & Foerster re: cases addressing ████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.30) | 1.30 |
| 03/20/13 | JZ | Review Joint Venture agreement and purchase agreement of CMH Holdings and other related documents in connection with ████████████████ ██████████ in connection with payment dispute (.90) | 0.90 |
| 03/20/13 | JZ | Confer and correspond with M. Gallagher regarding | 0.30 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 84 of 254

strategy and next steps in connection with ▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ connection with CMH Holdings
dispute with Cerberus (.30)

| | | | |
|---|---|---|---|
| 03/20/13 | JZ | Conference call with L. Delehey, D. Marquardt, T. Smith and M. Gallagher regarding Cerberus dispute (.30) | 0.30 |
| 03/21/13 | MJM | Review and edit current version of J. Mosse legal research memo re: JSN lien dispute (.80) | 0.80 |
| 03/21/13 | MJM | Meeting with J. Mosse to discuss revisions to her legal research memo to JSN lien dispute (1.00) | 1.00 |
| 03/21/13 | MG8 | Confer with N. Rosenbaum regarding issues relating to disputes with Cerberus in connection with CMH Holdings payment dispute (.20) | 0.20 |
| 03/21/13 | GF | Review and organize internal reference materials and correspondence re: Junior Secured Noteholders litigation at request of M. Moscato (.90) | 0.90 |
| 03/21/13 | BMK | Finalize JSN lien memo and submit for S. Reisman and M. Moscato review by resolving open issues in facts, case citations, relevant legal and factual accuracy of cases relied upon, and application to facts of ResCap case in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (6.50) | 6.50 |
| 03/21/13 | BMK | Additional research re: ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.60) | 1.60 |
| 03/21/13 | BMK | Draft memo section re: ▮▮▮▮▮▮▮▮ ▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest with particular focus on recent Judge Glenn decisions on the subject (1.50) | 1.50 |
| 03/21/13 | DAB | Followup research and drafting of section of memorandum regarding JSN security interest perfection and avoidance action proceeds in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.30) | 2.30 |
| 03/21/13 | DAB | Research regarding impact of ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮ with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.50) | 1.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 236 of 849

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  18

| | | | |
|---|---|---|---|
| 03/21/13 | DAB | Correspondence with B. Kotliar regarding potential distinction between ██████████ ████████ with respect to this issue in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/21/13 | DAB | Extensive research regarding ██████████ ██████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (4.30) | 4.30 |
| 03/21/13 | DAB | Review of Judge Glenn cases pertaining to ██████ and review of draft insert for JSN lien memorandum regarding same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/21/13 | DAB | Correspond with B. Kotliar regarding inclusion in memorandum of additional case regarding ██████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/21/13 | DAB | Review draft insert for JSN lien memorandum regarding section 550 of the Bankruptcy Code in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/21/13 | DAB | Revise draft JSN lien memorandum in advance of sending same to M. Moscato for review, with B. Kotliar (1.30) | 1.30 |
| 03/21/13 | DAB | Email draft memorandum regarding JSN lien issues to M. Moscato with cover email (.10) | 0.10 |
| 03/21/13 | DAB | Draft email to M. Moscato regarding status of draft memorandum (.10) | 0.10 |
| 03/21/13 | JM | Meet with M. Moscato re: portion of memorandum to Morrison & Foerster ██████████ ██████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/21/13 | JM | Update portion of memorandum to Morrison & Foerster | 3.90 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  19

███████████████████████████
███████████████████████████
████████████ in connection with dispute with JSNs
over lien value and purported entitlement to
post-petition interest per M. Moscato's comments
(3.90)

| | | | |
|---|---|---|---|
| 03/22/13 | SJR | Attend to review of Memorandum regarding JSN ███████████████████████ ██████ in connection with JSN lien dispute and whether or not JSNs are under-secured, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 03/22/13 | MJM | Edit draft memo re: ████████████ issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/22/13 | MJM | Meeting with D. Bloom and B. Kotliar re: draft memo re: ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.90) | 0.90 |
| 03/22/13 | BMK | Revise memorandum per comments of M. Moscato to reflect updated section headings, revised application to facts, and additional emphasis on relevant legal views taken by courts on subject analyzed in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) | 3.20 |
| 03/22/13 | BMK | Confer with M. Moscato and D. Bloom re: JSN lien memo edits and open structural and substantive issues (.90) | 0.90 |
| 03/22/13 | BMK | Circulate draft of JSN lien memo to S. Reisman and M. Moscato for review (.20) | 0.20 |
| 03/22/13 | BMK | Assist D. Bloom in revising relevant sections of JSN lien memorandum per M. Moscato's comments (1.50) | 1.50 |
| 03/22/13 | DAB | Communicate with B. Kotliar to address additional revisions to draft JSN memorandum in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, in advance of circulation to S. Reisman (.70) | 0.70 |
| 03/22/13 | DAB | Draft cover email to accompany draft JSN lien memo for S. Reisman (.10) | 0.10 |
| 03/22/13 | DAB | Correspond with M. Moscato regarding status of draft JSN lien memo for S. Reisman (.10) | 0.10 |

12-12020-mg    Doc 4532    Filed 08/08/14    Entered 08/08/14 22:56:28    Main Document
Pg 238 of 849

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  20

| | | | |
|---|---|---|---|
| 03/22/13 | DAB | Correspond with B. Kotliar regarding several additional edits to JSN lien memorandum regarding ███████ ███████prior to circulation (.10) | 0.10 |
| 03/22/13 | DAB | Extensive revisions to draft JSN lien memorandum to incorporate and address M. Moscato comments and followup research queries, update short answers and conclusions regarding potential arguments█████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ███████████████████████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.30) | 3.30 |
| 03/22/13 | DAB | Research regarding burden of proof with respect to███ ████████████████████████████████████ ████████████████████████████████████ █████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.10) | 1.10 |
| 03/22/13 | DAB | Meet with M. Moscato and B. Kotliar regarding draft memorandum regarding JSNs' purported ability to recover proceeds under avoidance action in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.90) | 0.90 |
| 03/22/13 | DAB | Review additional research issues to address M. Moscato comments to draft memorandum regarding JSNs' purported ability to recover proceeds of avoidance action (.80) | 0.80 |
| 03/24/13 | BMK | Research re: additional bases to deny lien on avoidance recoveries in connection with preparation of memorandum to be sent to Morrison & Foerster regarding JSNs' purported ability to recover proceeds under avoidance action, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 03/24/13 | DAB | Review draft memorandum regarding JSNs' purported ability to recover proceeds of avoidance action in advance of circulation to Morrison & Foerster (.80) | 0.80 |
| 03/25/13 | BMK | Finalize memoranda re:████████████████████ ██████████████████████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest and email to M. Moscato (.50) | 0.50 |
| 03/25/13 | DAB | Additional edits to draft memorandum regarding JSNs' | 0.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 88 of 849

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  21

|  |  | ability to recover proceeds under avoidance action in advance of circulation to Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) |  |
| 03/26/13 | AHS | Teleconference with M. Moscato and J. Mosse re: UCC lien issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 03/26/13 | AHS | Research re: UCC issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.40) | 1.40 |
| 03/26/13 | MJM | Conference call with J. Marines re: follow-up to legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/26/13 | MJM | Meeting with J. Mosse and A. Seiden and B. Kotliar re: ▮▮▮▮▮▮▮▮▮ follow-up legal research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/26/13 | MJM | Meeting with B. Kotliar re: follow-up avoidance legal research issue (.30) | 0.30 |
| 03/26/13 | BMK | Correspondence with J. Mosse re: indenture, pledge and security agreement, and intercreditor agreement in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/26/13 | BMK | Review follow up research issues from Morrison & Foerster re: research memoranda re: ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ (.40) | 0.40 |
| 03/26/13 | BMK | Perform follow up research to memorandum re: ▮ ▮▮▮▮▮▮▮▮▮▮▮ per follow up questions of Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.10) | 3.10 |
| 03/26/13 | BMK | Meeting with M. Moscato re: follow-up avoidance legal research issue re: JSNs liens (.30) | 0.30 |
| 03/26/13 | JM | Confer with M. Moscato, B. Kotliar, and A. Seiden re: follow-up research issues requested by J. Marines on liens on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition | 0.50 |

interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50)

| 03/27/13 | AHS | Draft email to J. Mosse regarding ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10) | 0.10 |
| 03/27/13 | AHS | Review stalking horse APA in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/27/13 | AHS | Review Security Agreement in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/27/13 | AHS | Review Stalking Horse Bid Motion in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/27/13 | AHS | Teleconferences with J. Mosse in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/27/13 | MJM | Particiipate in portion of teleconference with J. Marines, J. Mosse, and B. Kotliar regarding follow-up legal research issues in connection with ▮▮▮▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/27/13 | BMK | Teleconference with M. Moscato, J. Mosse, and J. Marines at Morrison & Foerster re: updates and revisions to JSN-related memoranda to incorporate follow up research proposed by Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |
| 03/27/13 | BMK | Perform additional research to address follow-up issues raised by J. Marines at Morrison & Foerster re: memorandum re: ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.50) | 5.50 |
| 03/27/13 | JM | Draft email to and correspond with S. Martin re: scope of JSNs' security interest under security agreement in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 90 of 254

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  23

| Date | Init. | Description | Hours |
|---|---|---|---|
| 03/27/13 | JM | Draft email to M. Moscato re: call with A. Seiden on ███████████ issue, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10) | 0.10 |
| 03/27/13 | JM | Review Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy dated as of December 30, 2009 among ResCap, US Bank and Wells Fargo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/27/13 | JM | Call with J. Marines and B. Kotliar, joined by M. Moscato, re: follow-up research on extent of JSNs' liens and ████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/27/13 | JM | Call with A. Seiden re:█████████████████████████████████in connection with follow-up research from J. Marines related to dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/27/13 | JM | Research███████████████████████████in connection with follow-up research from J. Marines regarding JSN lien dispute (1.70) | 1.70 |
| 03/28/13 | SJR | Attend to review of draft Complaint seeking Declaratory Judgment against JSNs in the ResCap case in connection with JSN lien dispute where Curtis is acting as Conflicts Counsel with respect to certain Noteholders and note comments regarding same (2.80) | 2.80 |
| 03/28/13 | SJR | Follow up regarding matters related to███████████in connection with JSN potential litigation claims (1.30) | 1.30 |
| 03/28/13 | MJM | Meet with D. Bloom and B. Kotliar re: legal issues raised on yesterday's conference call with J. Marines (.50) | 0.50 |
| 03/28/13 | MJM | Begin review of Morrison & Foerster's draft Declaratory Judgment Adversary Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20) | 1.20 |
| 03/28/13 | BMK | Review and revise memo regarding JSN lien avoidance issues in light of recent updates per J. Marines' request in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 242 of 849

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  24

| Date | Init | Description | Hours |
|---|---|---|---|
| 03/28/13 | BMK | Draft portions of updated JSN avoidance memo to reflect follow up research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.00) | 1.00 |
| 03/28/13 | BMK | Review and revise draft adversary complaint from Morrison & Foerster in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.80) | 0.80 |
| 03/28/13 | BMK | Review relied upon cases and authorities for JSN avoidance issue in memo with D. Bloom in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.50) | 0.50 |
| 03/28/13 | BMK | Perform additional research re: ████████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.10) | 1.10 |
| 03/28/13 | BMK | Conferences with D. Bloom re: ████████ ████████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/28/13 | BMK | Conference with M. Moscato and D. Bloom re: follow up research for Memo requested by J. Marines at Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/28/13 | BMK | Assist D. Bloom in drafting update to JSN avoidance issue in memo with specific attention to ████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (3.50) | 3.50 |
| 03/28/13 | BMK | Additional research re: ████████████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.60) | 1.60 |
| 03/28/13 | DAB | Correspondence and conferences with B. Kotliar regarding J. Marines of Morrison & Foerster follow up research questions in connection with memorandum on JSN avoidance issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, and discussion of plan with respect to same (1.10) | 1.10 |
| 03/28/13 | DAB | Followup research regarding ████████████ ████████████ ████████ in | 2.80 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  25

|          |     |                                                                                                                                                                                   |      |
|----------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |     | connection with J. Marines of Morrison & Foerster follow up research questions in connection with Memorandum on JSN avoidance issues (2.80)                                         |      |
| 03/28/13 | DAB | Incorporation of followup JSN avoidance action research into revised memorandum (1.50)                                                                                             | 1.50 |
| 03/28/13 | DAB | Meet with M. Moscato and B. Kotliar regarding followup research for J. Marines in connection with JSN avoidance issues (.50)                                                        | 0.50 |
| 03/28/13 | DAB | Review, analyze and comment on draft adversary complaint seeking declaratory judgment with respect to extent of JSNs' liens in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (2.30) | 2.30 |
| 03/28/13 | DAB | Followup research regarding ███████████ ██████████████ in connection with J. Marines followup research questions in connection with Memorandum on JSN avoidance action issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.50) | 2.50 |
| 03/28/13 | JM  | Review and comment on Debtors' draft adversary complaint to determine extent of liens and for declaratory judgment (.40)                                                           | 0.40 |
| 03/29/13 | SJR | Attend to review of draft Adversary Complaint concerning JSNs' security interest and issues in connection with JSN lien dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.30) | 1.30 |
| 03/29/13 | TF1 | Correspond with M. Moscato on draft complaint concerning JSN's collateral (.30)                                                                                                    | 0.30 |
| 03/29/13 | MJM | Continued review and editing of Morrison & Foerster's draft Declaratory Judgment Adversary Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.80) | 1.80 |
| 03/29/13 | MJM | Drafting session with D. Bloom (joined by J. Mosse) to create a revised redlined version of the above draft Declaratory Judgment Adversary Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.40) | 2.40 |
| 03/29/13 | MJM | Follow-up conversation with J. Mosse re revised version of draft Declaratory Judgment Adversary Complaint against the JSNs (.70)                                                     | 0.70 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 244 of 849

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  26

| Date | Init | Description | Hours |
|------|------|-------------|-------|
| 03/29/13 | BMK | Attend portion of call with M. Moscato and D. Bloom re: discussions of changes to draft declaratory judgment adversary complaint in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/29/13 | BMK | Conferences with D. Bloom re: status of follow up memo and edits/comments to draft declaratory judgment adversary complaint in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/29/13 | BMK | Assist J. Mosse re: JSN security agreements, Ally loan documents, and intercreditor agreement in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.30) | 0.30 |
| 03/29/13 | BMK | Draft portions of JSNs' memo re: clarification of issues research (.70) | 0.70 |
| 03/29/13 | BMK | Research re: additional issues under ███████████ ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.80) | 1.80 |
| 03/29/13 | DAB | Further communication with J. Mosse regarding further comments to JSN declaratory judgment adversary complaint (.30) | 0.30 |
| 03/29/13 | DAB | Review and analyze prepetition agreements referenced in draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.80) | 0.80 |
| 03/29/13 | DAB | Confer and correspond with M. Moscato and J. Mosse regarding Curtis comments to draft adversary complaint seeking declaratory judgment with respect to JSN's liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/29/13 | DAB | Confer and correspond with M. Moscato and J. Mosse regarding Curtis comments to draft adversary complaint seeking declaratory judgment with respect to JSN's liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.50) | 0.50 |
| 03/29/13 | JM | Call with M. Moscato re: comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/29/13 | JM | Review portion of Debtors' draft adversary complaint relating to lien on AFI LOC Collateral and cross reference documents cited therein to check accuracy of block quotes and argument in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |

12-12020-mg   Doc 4532-58   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 124 of 849

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  27

| | | | |
|---|---|---|---|
| 03/29/13 | JM | Call with M. Moscato and D. Bloom re: comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.90) | 0.90 |
| 03/29/13 | JM | Draft email to S. Engelhardt re comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.10) | 0.10 |
| 03/29/13 | JM | Confer with D. Bloom re comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.10) | 0.10 |
| 03/29/13 | JM | Review updated draft adversary complaint, incorporating comments from D. Bloom and M. Moscato, and input additional comments based upon conversation with M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.60) | 1.60 |
| 03/30/13 | DAB | Further research per J. Marines of Morrison & Foerster request regarding ███████████████ ████████████████████████████n connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.00) | 2.00 |
| 03/31/13 | SJR | Attend to review of issues related to JSN litigation in connection with JSN lien dispute and analysis being done by Curtis as Conflicts Counsel with respect to Wells Fargo, UBS and other holders of JSNs in connection with same including with respect to equity exception and avoidance action proceeds issues (1.40) | 1.40 |
| 03/31/13 | BMK | Discuss revisions and comments to updated revised memorandum re:█████████████████████ ████████with D. Bloom to reflect incorporated follow-up research per questions of J. Marines at Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 03/31/13 | DAB | Extensive analysis and revision to draft memorandum per J. Marines followup regarding███████████ ████████████████████████████n connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) | 3.20 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  28

TOTAL HOURS                     295.10

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 23.60 | 830 | 19,588.00 |
| Turner P. Smith | Partner | 1.00 | 830 | 830.00 |
| Andrew H. Seiden | Partner | 6.20 | 800 | 4,960.00 |
| Michael J. Moscato | Partner | 27.10 | 785 | 21,273.50 |
| Theresa A. Foudy | Partner | 0.90 | 730 | 657.00 |
| Maryann Gallagher | Counsel | 6.10 | 625 | 3,812.50 |
| Daniel A. Bloom | Associate | 92.80 | 480 | 44,544.00 |
| Julia Mosse | Associate | 60.70 | 435 | 26,404.50 |
| James Zimmer | Associate | 2.50 | 345 | 862.50 |
| Bryan M. Kotliar | Associate | 73.30 | 305 | 22,356.50 |
| Georgia Faust | Legal Assistant | 0.90 | 235 | 211.50 |
| | | **295.10** | | **$145,500.00** |

TOTAL SERVICES                                    **$145,500.00**

**Summary of Expenses**

Duplicating                                            43.70

TOTAL EXPENSES                                    **$43.70**


TOTAL THIS INVOICE                              **$145,543.70**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**     Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580055

| | |
|---|---|
| Total Services | 145,500.00 |
| Total Expenses | 43.70 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$145,543.70** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington PA 19034

June 12, 2013

Inv. # 1580052
Our Ref. 062108-000700
SJR

Attention: Residential Capital, LLC

**Re: Curtis Retention/Billing/Fee Applications**

---

| | | | |
|---|---|---|---|
| 03/05/13 | JZ | Correspond with G. Faust regarding preparation of December fee statement and second interim fee application all in accordance with UST guidelines, including revisions to charts of same (.20) | 0.20 |
| 03/07/13 | JZ | Review and revise draft of second interim fee application in accordance with UST guidelines, including numerous revisions to charts and summary narratives contained in same (1.10) | 1.10 |
| 03/08/13 | BMK | Multiple correspondence with J. Zimmer and M. Gallagher re: drafting narratives and other portions of Second Interim Fee Statement (.50) | 0.50 |
| 03/08/13 | BMK | Draft narratives portion of Second Interim Fee Application with specific attention to detailing work performed by Curtis attorneys during the Second Fee Period, all in accordance with UST guidelines (2.20) | 2.20 |
| 03/08/13 | RMS | Update charts for second interim fee application, per the request of B. Kotliar (1.80) | 1.80 |
| 03/08/13 | JZ | Correspond with B. Kotliar regarding revisions to second interim fee application and December fee statement, all in accordance with the UST guidelines (.20) | 0.20 |
| 03/11/13 | SJR | Review draft of Second Interim Fee Application of Curtis Mallet as Conflicts Counsel for ResCap and note comments regarding same (.60) | 0.60 |
| 03/11/13 | MG8 | Review and revise draft of second interim fee application, including revisions to chart and summary narratives on same with particular focus on compliance with Amended Guidelines issued by the Bankruptcy Court (1.50) | 1.50 |
| 03/11/13 | BMK | Multiple correspondence with J. Zimmer re: second interim fee application edits and relevant S.D.N.Y. procedures and guidelines (.50) | 0.50 |
| 03/11/13 | BMK | Multiple correspondence with M. Gallagher re: edits | 0.30 |

12-12020-mg    Doc 3588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit H-12    Pg 98 of 254

June 12, 2013
Inv # 1580052
Our Ref #  062108-000700

Page  2

|            |     |                                                                                                                                                                                                          |      |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | and updates re: Second Interim Fee Application (.30)                                                                                                                                                      |      |
| 03/11/13   | JZ  | Review and revise draft of second interim fee application including revisions to charts and narratives contained in same, all in accordance with UST guidelines (.60)                                     | 0.60 |
| 03/12/13   | BMK | Confer throughout the day with J. Zimmer re: open issues re: Second Interim Fee Application and work on same (.70)                                                                                         | 0.70 |
| 03/12/13   | BMK | Revise Second Interim Fee Application per edits of M. Gallagher to reflect updates to narratives describing work performed by Curtis attorneys all in accordance with UST guidelines (.80)                 | 0.80 |
| 03/12/13   | BMK | Correspondence with N. Moss at MoFo re: notice parties to Second Interim Fee Application (.20)                                                                                                             | 0.20 |
| 03/12/13   | RMS | Continue to update the Second Interim Fee Application including update expense breakdown for same (2.90)                                                                                                   | 2.90 |
| 03/12/13   | JZ  | Work with B. Kotliar on reviewing and revising draft of second interim fee application in accordance with UST guidelines (.20)                                                                            | 0.20 |
| 03/13/13   | MG8 | Review and revise of Second Interim Fee Application for Curtis, including numerous correspondences with B. Kotliar regarding same (.50)                                                                    | 0.50 |
| 03/13/13   | BMK | Multiple conferences with J. Zimmer re: open issues re: Second Interim Fee Application including issues related to service of same (.50)                                                                   | 0.50 |
| 03/13/13   | BMK | Review procedural requirements of UST Guidelines, SDNY Guidelines, general order M-447, and case guidelines from MoFo and conform Second Interim Fee Application (1.20)                                    | 1.20 |
| 03/13/13   | BMK | Email correspondence with M. Gallagher and E. Richards at Morrison & Foerster re: holdback amounts re: Second Interim Fee Application (.20)                                                                | 0.20 |
| 03/13/13   | BMK | Coordinate with R. Srulowitz re: calculation of blended rates and cover sheet amounts for Second Interim Fee Application (.50)                                                                             | 0.50 |
| 03/13/13   | RMS | Continue to update the Second Interim Fee Application, including revisions to charts and narratives contained in same, all in accordance with UST guidelines and work with B. Kotliar on calculation of blended rate and cover sheet amounts for same (4.00) | 4.00 |
| 03/13/13   | AD  | Prepare, assemble and transmit December 2012 Monthly Fee Statement to Service List, D. McFadden, J. Shank, E. Richards, L. Guido and R. Nielsen (1.00)                                                     | 1.00 |

12-12020-mg    Doc 3588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-1 Pg 99 of 254

June 12, 2013
Inv # 1580052
Our Ref #  062108-000700

Page  3

| 03/13/13 | JZ | Review and revise drafts of December fee statement and second interim fee application, including charts of same, all in accordance with the UST guidelines (.30) | 0.30 |
| 03/14/13 | MG8 | Attend to final review and comment on Curtis' Second Interim Fee Application and matters relating to completion of the same, including numerous communications with B. Kotliar regarding finalization, filing and service of the same (1.30) | 1.30 |
| 03/14/13 | GF | Revise, finalize and file the Second Interim Application for Professional Compensation (3.00) | 3.00 |
| 03/14/13 | BMK | Attend to filing and resolve multiple issues re: filing Second Interim Fee Application (1.20) | 1.20 |
| 03/14/13 | BMK | Email as filed Second Interim Fee Application to T. Hamzehpour and E. Richards (.10) | 0.10 |
| 03/14/13 | BMK | Attend to internal issues re: amounts received and holdback amounts per First Fee Order with J. Zimmer, M. Gallagher and R. Srulowitz (.50) | 0.50 |
| 03/14/13 | BMK | Numerous correspondences with S. Reisman re: edits/comments to Second Interim Fee Application and approval to file (.50) | 0.50 |
| 03/14/13 | BMK | Review and revise Second Interim Fee Application to reflect edits/comments of S. Reisman, M. Gallagher and J. Zimmer, December fee statement, internal department figures, and other changes (2.40) | 2.40 |
| 03/14/13 | BMK | Coordinate production of court courtesy copies of Second Interim Fee Application (.20) | 0.20 |
| 03/14/13 | BMK | Correspondence with M. Gallagher re: status and filing of Second Interim Fee Application (.50) | 0.50 |
| 03/14/13 | RMS | Finalize Second Interim Fee Application and confer with B. Kotliar, J. Zimmer and M. Gallagher re: same (3.10) | 3.10 |
| 03/14/13 | JZ | Confer and correspond with B. Kotliar and M. Gallagher regarding issues related to finalizing, filing, and serving Curtis' second interim fee application (.40) | 0.40 |
| 03/15/13 | GF | Prepare chambers letter and chambers copies re: Second Interim Fee Application as filed 3/14/13 (1.70) | 1.70 |
| 03/15/13 | BMK | Coordinate court copies and draft letter re: Second Interim Fee Application (.40) | 0.40 |
| 03/25/13 | SJR | Review of Objection of U.S. Trustee to Second Interim Fee Application and attend to efforts to resolve same including providing explanation to U.S. Trustee regarding certain matters (.30) [all time not billed as courtesy to client] | 0.30 |

12-12020-mg Doc 4532 Filed 08/07/13 Entered 08/07/13 14:13:23 Main Document Pg 25 of 943

June 12, 2013
Inv # 1580052
Our Ref # 062108-000700

Page 4

| | | | |
|---|---|---|---|
| 03/25/13 MG8 | Review objections filed by the U.S. Trustee to second interim fee applications and follow-up with S. Reisman regarding same (.50) | | 0.50 |
| 03/26/13 MG8 | Telephone conference w/ B. Driscoll of U.S. Trustee's office to discuss omnibus objection to second interim fee application and US Trustee's preferred method for addressing objections, and follow-up with S. Reisman regarding the same (.30) | | 0.30 |

TOTAL HOURS    38.90

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.90 | 830 | 747.00 |
| Maryann Gallagher | Counsel | 4.10 | 625 | 2,562.50 |
| James Zimmer | Associate | 3.00 | 345 | 1,035.00 |
| Bryan M. Kotliar | Associate | 13.40 | 305 | 4,087.00 |
| Georgia Faust | Legal Assistant | 4.70 | 235 | 1,104.50 |
| Rebecca M. Srulowitz | Legal Assistant | 11.80 | 235 | 2,773.00 |
| Alana Dreiman | Legal Assistant | 1.00 | 230 | 230.00 |
| | | **38.90** | | **$12,539.00** |

TOTAL SERVICES    $12,539.00

TOTAL THIS INVOICE    $12,539.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580052

| | |
|---|---|
| Total Services | 12,539.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$12,539.00** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 102 of 223

# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK   10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington   PA 19034

July 24, 2013

Inv. # 1584488
Our Ref. 062108-000100
SJR

Attention:   Residential Capital, LLC

**Re:   Case Administration**

---

| 04/02/13 | BP | Update internal case calendar to reflect upcoming omnibus hearing dates, hearing date regarding motion for relief from automatic stay and relevant deadlines as set by Court (.30) | 0.30 |
|---|---|---|---|
| 04/04/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including numerous notices, objections to stay relief and correspondence to Court (.50) | 0.50 |
| 04/05/13 | MG8 | Attend to review of recent docket activity including numerous filings regarding foreclosure review, operating report of Examiner, extension of time to remove actions and other notices and correspondence in connection with Curtis' role as Debtor's Conflicts Counsel (.80) | 0.80 |
| 04/07/13 | SJR | Attend to review of AFI's Supplemental Brief In Support of Objection to Debtors' Proceedings regarding FRB Foreclosure Review in connection with conflict matters for the ResCap Estate (.80) | 0.80 |
| 04/08/13 | MG8 | Review recent docket activity, including motion seeking to extend cash collateral and related materials in connection with Curtis' role as Debtors' conflicts counsel (70) | 0.70 |
| 04/09/13 | MG8 | Review of recent docket activity, including numerous filings relating to hearing to be held on April 11, Employee retention and incentive plans, the Committee's preclusion motion and the motion to reclassify obligations under the Fed. Consent Order as general unsecured claims in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 04/12/13 | MG8 | Review docket activity for the day, including several memorandum opinions, stipulations regarding stay relief, various orders and notices in connection with Curtis' role as conflicts counsel for the Debtors (.70) | 0.70 |
| 04/12/13 | GF | Update internal case calendar re: scheduling of hearing on Committee's Motion for Standing to Prosecute | 0.50 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:22:56    Main Document
Pg 254 of 943

July 24, 2013
Inv # 1584488
Our Ref #   062108-000100

Page   2

|  |  |  |  |
|---|---|---|---|
|  |  | Claims Against the Debtors' Parent AFI (.50) |  |
| 04/15/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 04/16/13 | MG8 | Review recent docket activity, including order approving Key Employee Retention Plan, in connection with Curtis' role as Debtors' conflicts counsel (.50) | 0.50 |
| 04/18/13 | MG8 | Review recent docket activity, including statement of special counsel to the Committee, in connection with Curtis' role and Debtors' conflicts counsel (.50) | 0.50 |
| 04/19/13 | MG8 | Review statement of Citibank with respect to the Debtors' continued use of cash collateral, as Citibank is a potential conflict party (.20) | 0.20 |
| 04/22/13 | MG8 | Attend to review of recent docket activity including order approving supplement to case management order and objections to use of cash collateral in connection with Curtis role as Debtors' conflicts counsel (.50) | 0.50 |
| 04/22/13 | RMS | Update internal case calendar to reflect change in date of Hearing on Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates, per the request of M. Gallagher (.30) | 0.30 |
| 04/23/13 | MG8 | Review recent docket activity, including notice of rejection of executory contracts and declaration in support of relief from stay, in connection with Curtis' role as Debtors' conflicts counsel and follow-up related to the same (.50) | 0.50 |
| 04/25/13 | MG8 | Attend to review of recent docket activity, including stipulation and order amending AFI DIP, in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 04/29/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, in particular as it related to matters scheduled for April 30 hearings, the Debtors' request to extend exclusive periods, and Committee's motion for standing to prosecute certain causes of action that were subject of Examiner's submissions (.80) | 0.80 |
|  |  | TOTAL HOURS | 10.00 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 2550 of 943

July 24, 2013
Inv # 1584488
Our Ref #   062108-000100

Page   3

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.80 | 830 | 664.00 |
| Maryann Gallagher | Counsel | 8.10 | 625 | 5,062.50 |
| Georgia Faust | Legal Assistant | 0.50 | 235 | 117.50 |
| Rebecca M. Srulowitz | Legal Assistant | 0.30 | 235 | 70.50 |
| Brittany Patane | Legal Assistant | 0.30 | 235 | 70.50 |
| | | **10.00** | | **$5,985.00** |

TOTAL SERVICES                                  $5,985.00

**Summary of Expenses**

| | |
|---|---|
| External Photocopy Services | 154.60 |
| Pacer - ECF | 31.90 |

TOTAL EXPENSES                                  $186.50

TOTAL THIS INVOICE                             $6,171.50

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 22:56:28   Main Document
Pg 256 of 953

# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK   10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584488

| | |
|---|---|
| Total Services | 5,985.00 |
| Total Expenses | 186.50 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$6,171.50** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 106 of 254



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

## ATTORNEYS AND COUNSELLORS AT LAW
## 101 PARK AVENUE
## NEW YORK, NEW YORK  10178-0061

Residential Capital, LLC                                                July 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                        Inv. # 1584491
Fort Washington  PA 19034                                             Our Ref. 062108-000320
                                                                       SJR

Attention:     Residential Capital, LLC

Re:   Claims Administration and Objections

---

| | | | |
|---|---|---|---|
| 04/01/13 | TF1 | Review email from Morrison & Foerster's M. Rothchild with question regarding PNC's claims and attached proof of claim filed by PNC, as PNC is a conflict party (.40) | 0.40 |
| 04/01/13 | MG8 | Review correspondence from M. Rothchild of Morrison & Foerster regarding SBO servicing documents for PNC Mortgage in connection with review of PNC Mortgage proofs of claim (.30); review SBO servicing files and transmit relevant documents to M. Rothchild (.80) | 0.80 |
| 04/02/13 | MG8 | Correspond with M. Rothchild of Morrison & Foerster regarding potential objections to proofs of claims filed by PNC Mortgage with respect to SBO servicing (.20) | 0.20 |
| 04/03/13 | TF1 | Follow-up on locating and transmitting to M. Rothchild of Morrison & Foerster contracts pertinent to responding to PNC Proof of Claim, as PNC is a conflict party (.40) | 0.40 |
| 04/18/13 | SJR | Attend to review of Omnibus Claims Objection, Declaration and proposed Order in connection with claims where Curtis is acting as Conflicts Counsel for ResCap with respect to claim Objections and sign-off on same (1.10) | 1.10 |
| 04/19/13 | SJR | Confer with M. Gallagher regarding Objection to Claims of Bank of America, PNC and other parties where Curtis is acting as Conflicts Counsel (.30) | 0.30 |
| 04/19/13 | TF1 | Review and edit draft omnibus claims objections and proposed orders (2.10) | 2.10 |
| 04/19/13 | MG8 | Attend to correspondence from M. Rothchild of Morrison & Foerster regarding Curtis' potential need to be adverse to Bank of America entities, Merrill, PNC Mortgage and other parties in connection with upcoming claims objections and related follow-up with S. Reisman and T. Foudy (.50) | 0.50 |
| 04/21/13 | SJR | Review documentation supporting Ominibus Objection | 0.80 |

July 24, 2013
Inv # 1584491
Our Ref #  062108-000320

Page  2

|          |      |                                                                                                                                                                                                                                                                              |      |
|----------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |      | to Claims where Curtis is acting as Conflicts Counsel for ResCap related to PNC Mortgage, Bank of America and certain other parties (.80)                                                                                                                                      |      |
| 04/21/13 | MG8  | Review and comment on draft documents for first, second and third omnibus objections to claims, as PNC Mortgage, Bank of America and certain other conflict parties are intended to be subject to those omnibus claims objections (1.20)                                        | 1.20 |
| 04/22/13 | SJR  | Review and revise First Omnibus Objection to Claims with respect to late-filed claims and review of attached Declaration in Support of same (1.10)                                                                                                                             | 1.10 |
| 04/22/13 | MG8  | Compare T. Foudy comments to draft omnibus claims objections papers to my comments and coordinate implementation of collective comments with P. Buenger (.70); attend to correspondence with M. Rothchild of Morrison & Foerster regarding revisions to draft omnibus claims objections and related follow-up with P. Buenger re: same (.50) | 1.20 |
| 04/22/13 | PJB2 | Revise Third Omnibus Objection to Claims amended and superseded against the Debtors and attached Declaration of D. Horst in Support of Omnibus Objection and Proposed Order Approving Omnibus Objection due to certain conflict parties' proofs of claims included within omnibus objection (1.40); revise First Omnibus Objection to Claims late-filed against the Debtors and attached Declaration of D. Horst in Support of Omnibus Objection and Proposed Order Approving Omnibus Objection due to certain conflict parties' proofs of claims included within omnibus objection (2.20); review excel sheets and draft exhibits to Debtors' First, Second and Third Omnibus Objections to Claims to ensure correct proofs of claims listed on the exhibits fall into proper categories of the related objections (.30); further revisions to First, Second and Third Omnibus Objections to Claims by the Debtors pursuant to comments and discussions with M. Gallagher (.60); finalize and provide revised various Omnibus Objections with redline versions to M. Gallagher to share with Debtors' lead counsel (.30); multiple discussions and correspondence with M. Gallagher throughout the day re: reviewing and revising multiple omnibus objections to claims and related declarations and proposed orders in connection with same due to certain conflict parties and objected proofs of claims (.50); revise Second Omnibus Objection to Duplicate Claims against the Debtors and attached Declaration of D. Horst in Support of Omnibus Objection and Proposed Order Approving Omnibus Objection due to certain conflict parties' proofs of claims included within omnibus objection (1.60) | 6.90 |
| 04/23/13 | PJB2 | Review various claims and excel sheet for conflicts                                                                                                                                                                                                                           | 1.60 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 259 of 943

July 24, 2013
Inv # 1584491
Our Ref #  062108-000320

Page  3

purposes with respect to filing Debtors' omnibus
objections to claims based upon duplicate claims,
late-filed claims and claims amended and superseded
(1.40); draft follow-up correspondence to M. Gallagher
re: same (.20)

|  | TOTAL HOURS | 18.60 |
|---|---|---|

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 3.30 | 830 | 2,739.00 |
| Theresa A. Foudy | Partner | 2.90 | 730 | 2,117.00 |
| Maryann Gallagher | Counsel | 3.90 | 625 | 2,437.50 |
| Peter Josef Buenger | Associate | 8.50 | 425 | 3,612.50 |
| | | **18.60** | | **$10,906.00** |

|  | **TOTAL SERVICES** | **$10,906.00** |
|---|---|---|

|  | **TOTAL THIS INVOICE** | **$10,906.00** |
|---|---|---|

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 260 of 923



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**    Bank:                    Citibank
                       ABA Routing #:           021000089
                       F/B/O:                   Curtis Mallet-Prevost Colt & Mosle LLP
                       Account#                 40585074

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
                       General Post Office
                       P.O. Box 27930
                       New York, NY 10087-7930


                       Residential Capital, LLC
                       Inv. # 1584491


                       Total Services                    10,906.00

                       Total Expenses                         0.00

                       Applied Credit                         0.00

                       **Total This Invoice**          **$10,906.00**


**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.

# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK   10178-0061

Residential Capital, LLC                                             July 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                     Inv. # 1584493
Fort Washington   PA 19034                                          Our Ref. 062108-000400
                                                                    SJR

Attention:   Residential Capital, LLC

Re:   **General Litigation Matters**

---

| | | | |
|---|---|---|---|
| 04/01/13 | SJR | Review of documentation in connection with stipulated undisputed facts and agreed to exhibits in connection with cross-motions for Summary Judgment by Residential Capital and by Allstate, AIG, Prudential and other defendants and review and comment on same (2.80); review Notice of Motion for Summary Judgment as well as Motion for Summary Judgment and Memorandum of Law in support of Motion for Summary Judgment on behalf of Residential Capital with respect to argument that investor claims are subordinated pursuant to Section 510(b) of the Bankruptcy Code and review case law and final sign-off on motion for filing (1.90); attention to issues regarding Subordination Adversary Proceeding and further provide comments and edits to Motion for Summary Judgment (1.40) | 6.10 |
| 04/01/13 | TF1 | Review Morrison & Foerster comments to summary judgment brief and confer with K. Sadeghi of Morrison & Foerster on same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); confer with M. Gallagher on comments to summary judgment brief and supporting papers (.30); review and respond to multiple emails from opposing counsel concerning requested changes to stipulated facts and exhibits (.70); review and attend to matters concerning requested additional exhibits (.60); attend to matters concerning finalization of draft summary judgment papers, including review and edit of motion, notice of motion, stipulated facts, and brief (6.30); confer with M. Gallagher and B. Kotliar on issues surrounding logistics of service and filing of summary judgment papers (.20); review and respond to G. Lee inquiry regarding recent information on potential issue related to ████████ and review ████████ ████ in connection with response to same (.90) | 9.80 |
| 04/01/13 | MG8 | Attend to correspondence with T. Foudy and K. Sadeghi regarding comments of Lowenstein, Sandler to statement of stipulated facts and related follow up in which conflict parties including AIG, Allstate and Prudential are defendants (.30); revise memorandum of | 7.70 |

law in support of Debtors' motion to summary judgment in
accordance with recent comments of K. Sagedhi of
Morrison & Foerster and related follow-up with T. Foudy
(.80); numerous conversations with S. Morris throughout
day regarding creation of tables for memorandum of law
and completion of cite checking (.40); confer with T.
Foudy regarding issues related to request for denial of
Investors' 3013 Motion and strategy with respect to the
same in connection with subordination adversary
proceeding (.30); revise motion for summary judgment,
proposed order and notice of motion for summary
judgment to make consistent with relief requested in
Complaint seeking subordination of Investor Claims and
case management orders, etc., including related follow-up
with B. Kotliar with respect to the same (1.70); review and
comment on 7056-1 Statement and follow-up with B.
Kotliar with comments to the same (.40); review several
additional exhibits for statement of facts and agreed
exhibits for cross motions for summary judgment supplied
by S. Shelley of Quinn Emanuel, counsel to several
defendants, and coordinate with B. Kotliar regarding
preparation of the same for filing (1.00); further revise
memorandum of law in support of Debtors' Motion for
Summary Judgment in connection with subordination
Complaint per recent comments of A. Barrage of Morrison
& Foerster, and follow-up with B. Kotliar and T. Foudy
regarding the same (1.10); revise memorandum of law to
reflect decision to incorporate agreed stipulation of facts
and remove separate statement of facts and related
follow-up with T. Foudy (.60); review and comment on
latest draft of memorandum of law in support of Debtors'
motion for summary judgment and follow-up with B.
Kotliar with respect to the same (.50); confer with B.
Kotliar regarding ███████████████ in follow-up to inquiry of G. Lee
regarding █████████████████████████ and review findings
with respect to the same for potential relevance to
subordination motion in connection with subordination
adversary proceeding in which conflict parties including
AIG, Allstate and Prudential are defendants (.40); confer
with T. Foudy and B. Kotliar re: service and filing
procedures (.20)

04/01/13  BMK    Correspond with M. Gallagher re: updates to notice and       10.10
proposed order re: relief sought and edits received by
counsel for the Debtors at Morrison & Foerster (.30);
review notice and motion with proposed order to reflect
changes to relief sought and coordinate requested relief
with other documents to be filed contemporaneously that
evening (.80); multiple correspondences with. T. Foudy
and M. Gallagher and counsel for Investors represented
by Quinn and Zuckerman re: necessary documents for
joint

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   3

stipulation of agreed to facts and exhibits (.90); review and revise citations to joint stipulation of facts, agreed-to exhibits, declarations and other exhibits/authorities relied upon by summary judgment papers (2.40); multiple correspondences with S. Morris re: table of authorities for memorandum of law and updated cite check of all authorities cited and relied upon in pleadings to be filed in adversary proceeding 13-01262 (.70); review and revise joint stipulation of undisputed facts for adversary proceeding 13-01262 re: revisions to exhibits list per comments from counsel for parties in interest, proofs of claims attached as exhibits, and various changes by parties in interest (1.40); perform cite check of various sections of memorandum of law to check for accuracy of propositions cited and accuracy of authority relied upon (1.30); ensure accuracy of exhibit attached by Quinn as counsel for investors scheduling investors' proofs of claims to ensure accuracy of purported claims (.70); research and explain ███████████████████ ██████████████████████████████ (.90); follow up conference with M. Gallagher re: same to discuss standing arguments (.50); confer with T. Foudy and M. Gallagher re: service and filing procedures confirmed with KCC (.20)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/01/13 | SRM | Highlight and categorize all authorities in the Memorandum of Law in preparation for the creation of the Table of Authorities in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50); confirm accuracy of citations to all legal authorities relied upon in same (7.60) | 9.10 |
| 04/01/13 | JDM | Review and edit summary judgment memorandum of law in connection with subordination adversary proceeding (2.30); attend to draft of letter asserting document requests concerning AIG's standing to bring securities claims (2.00) | 4.30 |
| 04/02/13 | SJR | Attend to issues regarding finalizing Motion for Summary Judgment related to subordination of Investor claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential and review comments of various parties to final documentation (2.20) | 2.20 |
| 04/02/13 | TF1 | Confer with A. Zinman on drafting stand-alone back-up papers if agreement not reached on stipulated facts with defendants in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); confer with M. Gallagher on process for filing and finalizing papers and back-up plan if agreement not reach with defendants on stipulated facts (.50); multiple | 6.60 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    4

|  |  | emails with defense counsel on final comments and sign-off to stipulated facts and exhibits for motion for summary judgment on subordination complaint (.90); review comments by Morrison & Foerster to subordination brief (.40); attend to finalization of summary judgment motion papers, including reviews/edits and incorporation of comments into brief, notice, motion, and stipulated facts (4.50) |  |
|---|---|---|---|
| 04/02/13 | MG8 | Supervise filing of Debtors' papers in connection with Motion for Summary Judgment in adversary proceeding seeking subordination of Investors' Claims in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 7056-1 Statement of Stipulated Facts and Agreed-To Exhibits (.80); attend to finalization and filing of Rule 7056-1 Statement of Stipulated Facts and 26 Agreed-To Exhibits, including adjustment implementation of final comments from various signatories including Defendants and other parties in interest, and numerous related communications with S. Shelley of Quinn, A. Behlman of Lowenstein, L. Neish of Zuckerman, T. Foudy, B. Kotliar and G. Faust (3.50); attend to finalization and filing of memorandum of law in support of Debtors' motion for summary judgment seeking subordination of Investors' Claims, including resolving issues relating to remaining comments of Morrison & Foerster, issues with tables of contents and authorities, including numerous conversations with B. Kotliar, T. Foudy, S. Morris and G. Faust (2.10); several telephone conferences and additional communications with C. Cu of KCC regarding issues related to service of same filings (.40); confer with T. Foudy re: process for finalizing, filing and serving summary judgment motion papers (.50) | 7.30 |
| 04/02/13 | GF | Coordinate with C. Cu of KCC re: service of pleadings filed in connection with summary judgment in adversary proceeding today in which conflict parties including AIG, Allstate and Prudential are defendants (.40); attend to preparations of pleadings filed today for purposes of service to counsel and chambers copy at request of B. Kotliar (1.30); assist B. Kotliar throughout the day with the preparation, revisions, finalization and filing of pleadings relating to Summary Judgment in the Adversary Proceeding including Motion, Notice of Motion, Memorandum of Law and Local Rule 7506-1 Stipulation along with agreed upon exhibits (5.20) | 6.90 |
| 04/02/13 | BMK | Circulate email of Debtors' filings in adversary proceeding 13-01262 to attorneys involved on case and parties also receiving hardcopy and email service as a courtesy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); review and revise joint stipulation of facts and agreed to exhibits by | 13.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   5

reviewing underlying documents for accuracy, reviewing recent correspondences re: proposed changes, and updating facts to finalize for filing (2.20); multiple correspondences with C. Cu at KCC and M. Gallagher re: procedures and deadlines for complying with case management order by filing and serving in accordance with same (.80); review and revise final version of draft brief to address final open issues and ensure accuracy of authorities, defined terms, and relief sought (.80); conferences with P. Buenger re: prior versions of proposed facts and edits to memorandum of law (.50); coordinate production of exhibits and cover sheets with M. Rutman for joint stipulation of facts and agreed to exhibits to be filed in adversary proceeding 13-01262 (.50); numerous conferences with S. Morris and administrative personnel re: ███████████ relied upon in memorandum of law in support of motion for summary judgment (1.40); conference call with C. Cu at KCC and M Gallagher re: deadlines for filing cross motions for summary judgment papers and service procedures to comply with case management order for general and special service lists (.20); coordinate ████████ ████████████████ with administrative personnel to ensure ability to appropriately file on the docket due to document restrictions (.30); conferences with A. Zinman re: update on status on joint stipulation of proposed facts and exhibits and prior versions of draft facts (.40); review and ensure accuracy of all cited exhibits attached to joint stipulation of facts for Summary Judgment cross-motion (1.00); review and ensure accuracy of all documents to be filed (notice, motion, proposed order, memorandum of law and stipulation of facts and exhibits) to prepare same for filing (.70); input final edits from A. Behlman at Lowenstein Sandler and circulate revised updated joint stipulation of proposed facts and agreed to exhibits to T. Foudy and M. Gallagher (.40); revise all summary judgment pleadings per final comments and edits of Morrison & Foerster, T. Foudy, and M. Gallagher (1.10); numerous conferences with M. Rutman and G. Faust re: preparations of exhibits for attachment to joint stipulation of facts and agreed to exhibits to be field in adversary proceeding 13-01262 (1.50); attend to and supervise G. Faust filing of joint stipulation of facts and 26 agreed to exhibits, notice of motion, motion for summary judgment with proposed order, and memorandum of law in support of motion (1.30)

04/02/13   SRM        Review Table of Authorities generated by Word                   7.10
                      Processing, noting all changes to be made to summary
                      judgment papers where conflict parties AIG, Allstate, and
                      Prudential are defendants (1.10); incorporate edits to the
                      Table of Authorities, incorporating changes from B. Kotliar
                      T. Foudy, and M. Gallagher (5.50); conduct further citation
                      checks in Westlaw for the Memorandum

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   6

| | | of Law for T. Foudy to ensure accuracy of authorities relied upon (.50) | |
|---|---|---|---|
| 04/02/13 | DAB | Review extensive correspondence related to Debtors' summary judgment motion and memorandum of law in support seeking subordination of the securities claims of certain investors (including AIG, Prudential and Mass Mutual) (.90); extensive correspondence with B. Kotliar regarding filing issues, Investors' arguments, and post-filing steps in connection with subordination summary judgment motions and related filings (1.60) | 2.50 |
| 04/02/13 | PJB2 | Coordinate with Curtis Word Processing Center and M. Gallagher to incorporate final revisions prior to filing memorandum of law in support of summary judgment motion against Investors, including AIG, Allstate, and Prudential (.30); conferences with B. Kotliar re: finalizing summary judgment motion against Investors to be filed in adversary proceeding and resolving open issues in connection with same (.50); review and provide comments to memorandum of law in support of summary judgment motion against Investors' claims and subordination of same (1.30); review underlying documents including contracts and Debtors' opposition to Investors' claims in preparation for final review and revisions to memorandum of law in support of summary judgment motion against Investors' claims and subordination of same (2.30) | 4.40 |
| 04/02/13 | MR2 | Assist B. Kotliar with preparation of exhibits and other materials to be including in filing of joint stipulation of facts in adversary proceeding later today in which conflict parties including AIG, Allstate and Prudential are defendants (1.30) | 1.30 |
| 04/02/13 | ABZ | Confer with T. Foudy re: filing non-consensual statement of facts and proceeding on SJM papers (.30); revise summary judgment papers (notice, proposed order, motion, memorandum of law and local 7056-1 statement) and prepare all for filing in the event the parties can not agree on stipulated undisputed facts and exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.80 |
| 04/03/13 | SJR | Review investors' Motion for Summary Judgment and Notice in connection with same including review of cases and arguments cited in connection with allowance of claims which Residential Capital claims should be subordinated pursuant to Section 510 of the Bankruptcy Code (3.70); review issues related to ▮▮▮▮▮ in connection with ▮▮▮▮▮▮▮▮▮▮ (.80) | 4.50 |
| 04/03/13 | TF1 | Review emails with counsel to AIG concerning settlement discussions (.10); review ▮▮▮▮▮▮▮ | 1.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    7

████████████    in connection with subordination
adversary proceeding in which conflict parties including
AIG, Allstate and Prudential are defendants (1.20)

| 04/03/13 | MG8 | Attend to correspondence with T. Foudy regarding Investors' cross-motions for summary judgment on section 510 subordination (.20); review cross-motions for summary judgment filed by AIG, Allstate, Prudential and MassMutual, NCUAB, RMBS Trustees and Lowenstein clients (1.70); review and take notes on updated submission to Examiner in response to Committee's and SUNs' submission, with focus on ████████ ████████ in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.60); coordinate with B. Kotliar regarding organization and distribution of cross-motions for summary judgment filed by RMBS Trustees, AIG parties, NCUAB and Lowenstein clients in connection with subordination adversary proceeding (.30); confer with D. Bloom and B. Kotliar on research required to respond to same and preparation of outline arguments with respect to same (.30); attend to completion of letter to chambers transmitting summary judgment papers filed by Debtors in connection with adversary proceeding seeking subordination of Investors' Claims (.20) | 3.30 |
| 04/03/13 | GF | Draft cover letter to chambers re: submission of courtesy copies of 4/2/13 summary judgment filings including coordination with B. Kotliar and M. Gallagher on same in connection with subordination adversary proceeding (.70); prepare and assemble materials for chambers copy submission and internal case team reference re: same as per B. Kotliar including communication with B. Kotliar re: details to same (2.50) | 3.20 |
| 04/03/13 | BMK | Coordinate and assist G. Faust with production of chambers copies, draft letter to court explaining recently filed documents, hard disk containing exhibits and filings, and all filings with exhibits in connection with subordination adversary proceeding (1.20); review all pleadings filed on April 2 re: cross motions for summary judgment in adversary proceeding 13-01262 including cross motions, notices, and statements (1.70); confer with M. Gallagher and D. Bloom re: open research questions raised in summary judgment papers (.30); coordinate production of documents filed by all parties in interest on April 2 re: cross motions for summary judgment and circulate to T. Foudy, M. Gallagher, D. Mize, and D. Bloom (.20) | 3.40 |
| 04/03/13 | DAB | Review as-filed versions of Debtors' and Investors' subordination summary judgment papers in connection with preparation for drafting of opposition to same in connection with subordination adversary proceeding in | 11.00 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   8

which conflict parties including AIG, Allstate and
Prudential are defendants (.40); review Investors'
subordination summary judgment motion and notice of
motion in connection with preparation for drafting of
opposition to same (2.30); communication with B. Kotliar
regarding Investors' pleadings in connection with
preparation for drafting of opposition to same (.60); review
sources cited in Investors' summary judgment motion in
connection with preparation for drafting of opposition to
same (1.70); further review and analysis of cited cases in
Investors' Summary Judgment Motion in connection with
preparation for drafting of opposition to same (2.00); draft
detailed outline and analysis of Investors' subordination
summary judgment motion and key citations in connection
with preparation for drafting of opposition to same,
including analysis of Investors' arguments pertaining to
innaplicability of subordination pursuant to sections 510(a)
through (c) of the Bankruptcy Code in light of ███████████
██████████████████████████████████████████████████
and discussion of classification of claims by Investors in
connection with subordination of their claims (3.70);
confer with M. Gallagher and B. Kotliar re: open research
questions raised in summary judgment papers (.30)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/03/13 | PJB2 | Read and review motion of AIG, the Allstate Entities, Massachusetts Mutual Life Insurance and the Prudential Entities for summary judgment filed against the Debtors adversary proceeding for subordination of claims filed by same in preparation for assisting in drafting an opposition to the same (1.10) | 1.10 |
| 04/04/13 | SJR | Continue review of case law in connection with Summary Judgment Motion related to subordination of securities laws claims and correspondence related to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); attend to issues regarding Summary Judgment in connection with subordination of Investor claims and review of case law regarding same as well as materials prepared by D. Bloom for responding to SJM papers (1.30) | 3.60 |
| 04/04/13 | TF1 | Review and edit latest draft of response submission to SUNs' and Committee's March Examiner submission in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (1.80); discuss same with M. Gallagher (.20) incorporate M. Gallagher changes into draft of comments sent to Morrison & Foerster (.40); edit draft letter to AIG seeking discovery on standing issue related to subordination adversary proceeding (.40); confer with D. Bloom on case binders, preparation of argument outline, research issues, and staffing for opposing securities fraud claimants' motion for | 4.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   9

summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); meet with R. Dawes to discuss research issue regarding ████████████ for opposing summary judgment motion (.50); confer with M. Gallagher on staffing for opposing securities fraud claimants' motion for summary judgment (.20)

| | | | |
|---|---|---|---|
| 04/04/13 | MG8 | Confer with T. Foudy regarding research required to respond to Investors' cross-motions for summary judgment and staffing with respect to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); draft comments to Debtors' most recent draft of submission to Examiner in response to Committee's and SUNs' recent submissions and coordinate with T. Foudy regarding the same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.70); confer with T. Foudy regarding same (.20) | 1.10 |
| 04/04/13 | BMK | Review summary of arguments raised by cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); review and revise draft outline of arguments related to same in order to provide framework for research team and assignments for drafting opposition papers (.30) | 1.00 |
| 04/04/13 | DAB | Correspondences with B. Kotliar regarding assembly of cases cited by Investors in their subordination summary judgment motion and direction to B. Kotliar regarding cases to be included in same (.50); confer with T. Foudy regarding cases cited by Investors in their subordination summary judgment motion (.60); review same with focus on Investors' argument that the Trusts lack "person" status under Bankruptcy Code and case law, including analysis of cases cited by Investors in support of "person" argument in connection with preparation for drafting of opposition to same (2.00); correspondence with T. Foudy regarding coordination with R. Dawes and E. Combs on Bankruptcy Code Section 510(a) and (b) research in preparation for drafting of opposition to Investors' subordination summary judgment motion (.20); correspondence with B. Kotliar regarding analysis of ████████████ in connection with preparation for drafting of opposition to Investors' subordination summary judgment motion (.40); review of underlying securitization documentation in order to analyze same in light of Investors' subordination-related arguments (1.40); draft and revise detailed analysis of Investors' subordination summary judgment motion and arguments that their claims should not be subordinated | 9.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    10

|            |     | under each of subsection 510(a), (b), and (c), and extensive summary, discussion and analysis of key cases cited in Investors' subordination summary judgment motion (4.30) |      |
|------------|-----|------|------|
| 04/04/13   | ARD | Begin review of relevant case filings and exhibits in connection with arguments re: securities "of" debtor or affiliate per Bankruptcy Code section 510 in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00); confer with T. Foudy re: status of case and arguments re: same (.50) | 3.50 |
| 04/05/13   | SJR | Attend to review of submissions by Investors and RMBS Trustee in connection with subordination of securities claims and review of defenses to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.70); attend to review of Investor Summary Judgment Motion and underlying case law in connection with subordination under Section 510 of potential securities claims (2.30); review securitization documentation in connection with analysis of subordination claims (1.30) | 6.30 |
| 04/05/13   | TF1 | Follow-up on scheduling of initial case management conference for subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, including call with K. Sadeghi regarding same and emails with Investors' counsel on same (.40); review and take notes on submissions by Investors and RMBS Trustees on summary judgment motions on subordination of securities claims (1.50); review ▮▮▮▮▮▮▮▮▮ used in securitizations in connection with same (.40); review certain caselaw on ▮▮▮▮▮▮▮ in connection with same (.30); review summary of arguments made by Quinn and chart of same (.60); attend to assignment and explanation of various research projects needed for drafting opposition to Quinn's summary judgment motion (.90) | 4.10 |
| 04/05/13   | GF  | Draft index and prepare and assemble binders regarding Stipulation for cross-motions for Summary Judgment in which conflict parties including AIG, Allstate and Prudential are defendants and related exhibits for internal reference at request of B. Kotliar (1.90) | 1.90 |
| 04/05/13   | BMK | Review and revise outline of arguments raised by Investors' cross motion for summary judgment per edits/comments of D. Bloom (1.30); numerous conferences with D. Bloom re: outline and summary sheet for responding to arguments raised by Investors' cross motion for summary judgment (.80); review | 4.30 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    11

Investors' cross motion for summary judgment for
arguments to include in draft chart outlining submission to
coordinate draft response (1.60); coordinate production of
authorities relied upon by Investors' cross motion for
summary judgment with M. Rutman (.40); coordinate with
G. Faust for internal production of exhibits attached to
Joint Stipulation filed in connection with cross motions for
summary judgment in connection with subordination
adversary proceeding in which conflict parties including
AIG, Allstate and Prudential are defendants (.20)

| | | | |
|---|---|---|---|
| 04/05/13 | DAB | Final edits to draft outline of Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); revisions to same to incorporate comments from M. Gallagher, T. Foudy and B. Kotliar (.40); draft detailed chart setting forth point-by-point analysis of Investors' subordination arguments for purpose of ██████████ potential inclusion in draft opposition to Investors' subordination summary judgment motion (3.90); review and analysis of Debtors' PLS Trust securitization documents in connection with various assertions made by Investors with respect to the Trust certificates in order to ██████████ Trust certificates, for purpose of preparing draft opposition to Investors' subordination summary judgment motion (.90); conferences with B. Kotliar re: same including discussion of the outline and summary sheet responding to relevant arguments (.80) | 6.80 |
| 04/05/13 | MR2 | Prepare case law binder in connection with Investors' cross motion for summary judgment at the request of B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.10) | 3.10 |
| 04/05/13 | ARD | Begin legal research re: Bankruptcy Code definitions of "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of subordination under section 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 04/06/13 | SJR | Attend to review of issues in connection with 510(b) subordination claim in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and review of research, underlying documentation and internal analysis of claims in connection with summary | 2.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   12

judgment (2.80)

| 04/06/13 | EC | Review and analyze pleadings in Investor securities law claim adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and formulate strategy for countering Investor arguments, particularly focusing on claim that subordination ████ (3.90); conduct research relating to Lone Star case and related precedent to formulate argument that 510(a) can ████████████ (1.20); conduct research relating to use section 510(a) to subordinate separate fraud claim arising from subordinated facility (2.10) | 7.20 |

| 04/06/13 | DAB | Review correspondence from T. Foudy and B. Kotliar regarding research required in order to evaluate and draft section of opposition to Investors' subordination summary judgment motion related to section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); follow up correspondence with B. Kotliar regarding research required in order to evaluate and draft section of opposition to Investors' subordination summary judgment motion related to section 510(b) of the Bankruptcy Code (.80); research regarding ████████ ████████ under the Bankruptcy Code, relevant case law, and relevant SEC securities regulations (2.00) | 3.00 |

| 04/06/13 | ARD | Continue review of relevant case filings and exhibits in connection with arguments re: securities "of" debtor or affiliate per Bankruptcy Code section 510 in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.80); continue legal research re: Bankruptcy Code definitions of "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of subordination under section 510(b) (.40) | 3.20 |

| 04/07/13 | EC | Research relating to subordination of ████████ arising from subordinated certificates under 11 USC 510(a) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90) | 0.90 |

| 04/07/13 | BMK | Draft correspondence to D. Bloom re: updated outline detailing arguments raised by Investors' cross motion for summary judgment, with specific attention to ████ arguments in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); update outline re: same (.50); review Investors' cross | 1.40 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:23:51    Main Document
Pg 27 of 343

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    13

|  |  | motion for summary judgment for equitable subordination under section 510(c) of the Bankruptcy Code arguments and review Debtors' opposition and cross motion for counter arguments (.70) |  |
|---|---|---|---|
| 04/07/13 | DAB | Further analysis of Investors' arguments in their subordination summary judgment motion, and cross referencing of same with arguments contained in all prior Debtor, Investor and third-party pleadings with respect to subordination under all subsections of section 510 of the Bankruptcy Code, as well as all responses and objections filed in connection with the Investors' Rule 3013 Motion seeking classification of the Investors' claims with certain R&W claims pursuant to Rule 3013 of the Bankruptcy Rules in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.70); update draft chart to include results of analysis and suggestions with respect to drafting of arguments for opposition in light of analysis (1.30); extensive and in-depth review and analysis of case law and legislative history pertaining to so-called "deemed" issuer status under the '33 and '34 Acts, including 17 C.F.R. § 230.191, 70 Fed. Reg. 1506-01 and SEC ABS Rules (4.50); further revisions to draft chart analyzing Investors' subordination summary judgment arguments and potential response to same to incorporate discussion of ███████████ and section 510(c) of the Bankruptcy Code and potential arguments to refute the Investors' interpretation of Washington Mutual decision regarding subordination of securities claims (1.30) | 9.80 |
| 04/07/13 | ARD | Email correspondence with T. Foudy re: research regarding meaning of "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of section 510 subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); continue legal research re: same (4.70) | 5.30 |
| 04/08/13 | SJR | Attend to analysis of subordination issues and review of AIG subordination pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); attend to issues regarding adjournment of status conference and review of notice in connection with same (.30); analysis of issues regarding securities laws in connection with subordination litigation and update on same (1.30) | 3.30 |
| 04/08/13 | TF1 | Review new materials from ███████████ ███████████ in connection with subordination adversary proceeding (.30); review results of research on definition of | 3.10 |

"person," secured argument, and "deemed" issuer argument from AIG subordination papers and suggest follow-up research (.80); meet with E. Combs on 510(a) argument and research (.30); review/edit Notice of Adjournment of pre-trial conference in Adversary (.30); conference calls with Morrison & Foerster's K. Sadeghi on adjournment of pre-trial conference, arguments/research issues for responding to Investors' motion on subordination, and division of tasks related to same (.70); meet with team (M. Gallagher; D. Bloom; B. Kotliar; E. Combs; R. Dawes) to discuss status of research and arguments and division of tasks (.70)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/08/13 | MG8 | Attend to matters relating to notice of adjournment of status conference for adversary proceeding on subordination of Investors' claims in which conflict parties including AIG, Allstate and Prudential are defendants and related follow-up with T. Foudy and B. Kotliar (.40); review and revise draft notice of adjournment of status conference in adversary proceeding and correspondence re: same with T. Foudy and B. Kotliar, including filing and service of the same (.30); participate in meeting with T. Foudy, R. Dawes, E. Combs, B. Kotliar and D. Bloom regarding research issues and problems and drafting of response to Investors' cross motion for summary judgment adversary proceeding regarding subordination of Investors' claims pursuant to section 510(b) (.70) | 1.40 |
| 04/08/13 | EC | Attend meeting with T. Foudy, M. Gallagher, D. Bloom, B. Kotliar and R. Dawes to formulate strategy and responsibility in drafting summary judgement reply in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); research relating to applicability of 510(a) subordination provision ███████ ████████████████████████████ (4.70); draft insert for summary judgment motion distinguishing AIG cited case law on securities claims from subordination argument (.40); conference with T. Foudy re: same (.30) | 6.10 |
| 04/08/13 | BMK | Supervise filing of Notice of Adjournment of Pre-Trial and coordinate service and courtesy emails in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review and revise outline of arguments re: section 510 of the Bankruptcy Code for arguments raised by the Investors' summary judgment motion (.60); review all securities laws, statutes, rules, and legislative history relied upon by Debtors and Investors for context and accuracy for use in future research and constructing arguments under section 510(b) of the Bankruptcy Code that the Investors' securities are "of" the debtor (2.80); prepare | 6.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    15

for casework meeting by reviewing chart and outline of
arguments under section 510 of the Bankruptcy Code
(.30); draft Notice of Adjournment of Pre-Trial Conference
and edit per comments of T. Foudy and M. Gallagher (.70)
coordinate with T. Foudy and D. Bloom re: securities laws,
statutes, and rules relied upon by Debtors and Investors
in summary judgment motions and research assignments
(.10); conference with D. Bloom re: research assignments
under sections 510(b) and (c) of the Bankruptcy Code and
open issues underlying securities laws arguments (.50);
conference with D. Bloom and R. Dawes re: section 510(b
arguments and additional research and open issues in
connection with subordination adversary proceeding (.40);
coordinate production of relevant securities laws materials
and circulate same to T. Foudy, M. Gallagher, and D.
Bloom (.30); attend casework meeting with T. Foudy, M.
Gallagher, D. Bloom, R. Dawes, and E. Combs re:
research assignments, division of work, open issues and
general drafting assignments re: opposition to Investors'
summary judgment motion (.70)

| | | |
|---|---|---|
| 04/08/13  DAB | Further review of legislative history pertaining to ███████████████ pursuant to applicable securities laws in connection with drafting of opposition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); extensive review of secondary literature (including industry publications and law review articles) regarding ██████████████ pursuant to applicable securities laws in connection with drafting of opposition to Investors' subordination summary judgment motion (2.50); further review of ███████ and ████████████ to analyze applicability of same in light of facts at issue in connection with drafting of opposition to Investors' subordination summary judgment motion (1.20); analyze exemplar Prospectus, Prosupp and related PLS Trust securitization documents to evaluate nature of Investors' purported 'backup' security interest as argued in Investors' subordination summary judgment motion (1.30); review and edit binder of legislative history cited by Investors in subordination summary judgment motion pre-distribution to T. Foudy (.40); confer with R. Dawes and B. Kotliar to discuss plan research regarding various arguments in Investors' subordination summary judgment motion (.40); draft notice adjourning the pre-trial conference in the subordination adversary proceeding originally scheduled for April 11, 2013 to May 14, 2013 (.60); correspondence with B. Kotliar regarding equitable subordination/Nolan case research and required further review of PLS Trust documents in connection with analysis of 'backup' security interest concept set forth in Investors' subordination summary judgment motion in | 9.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   16

| | | | |
|---|---|---|---|
| | | section highlighting ████████████ (.30); correspondence with T. Foudy to discuss distribution of research and potential counterarguments for incorporation into draft opposition to Investors' subordination summary judgment motion and follow up communication with B. Kotliar regarding same (.20); attend case meeting with T. Foudy, M. Gallagher, B. Kotliar, R. Dawes, E. Combs re: response to Investors' SJM papers (.70) | |
| 04/08/13 | JDM | Attention to preparing memo regarding ████████ ████████████████ in light of recent case law developments in connection with subordination adversary proceeding (2.50) | 2.50 |
| 04/08/13 | MR2 | Assist B. Kotliar with filing of Notice of Adjournment of Pre-Trial Conference in connection with subordination adversary proceeding (.60); update caselaw binder prepared previously for B. Kotliar in connection with Investors' cross motion (1.00) | 1.60 |
| 04/08/13 | ARD | Begin drafting brief insert re: court interpretation of terms "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of subordination under section 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.20); finish same legal research (5.60); correspond with T. Foudy re: legal research re: definitions of "person" and "business trust" under Bankruptcy Code (.20); review correspondence from D. Bloom re: security interest arguments (.20); meet with T. Foudy, M. Gallagher, D. Bloom, E. Combs and B. Kotliar re: status of case and brief drafting and research (.70); meet with D. Bloom and B. Kotliar re: status of case and subordination research (.40) | 10.30 |
| 04/09/13 | SJR | Review documentation in connection with pending issues in litigation against AIG and moving forward with respect to same including analysis of legal issues in subordination litigation in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.20) | 2.20 |
| 04/09/13 | TF1 | Confer with M. Gallagher on research and arguments for drafting opposition to Investors' motion for summary judgment in subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.30) confer with D. Mize on ████████████████ (.30); call with M. Lightner at Cleary, counsel to SUNs, regarding opposition to Investors' motion for summary judgment on subordination dispute (.50); review and exchange emails with D. Bloom on results of research for drafting opposition section on "of" the issuer (.40); begin review of transaction documents for drafting opposition section on "of" the issuer (.80); | 3.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   17

review research on ████████████████████
████████   for drafting opposition to Investor's summary
judgment motion (.60); call with K. Sadeghi re: call with M.
Lightner re: same (.20)

| | | | |
|---|---|---|---|
| 04/09/13 | MG8 | Throughout the day, review numerous updates from D. Bloom regarding securities law research relating to the "of the Debtor" issue under section 510(b) of the Bankruptcy Code, and related follow-up correspondence with T. Foudy regarding the same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); correspondence with D. Bloom regarding research on "of the Debtor" issue under section 510(b) of the Bankruptcy Code raised by the Investors in their motion for summary judgment (.30); confer with T. Foudy regarding arguments to be made and issues to be researched in connection with objection to Investors' motion for summary judgment in the adversary proceeding seeking subordination of Investor Claims (.30) attend to additional research for summary judgment filings (.90) | 2.30 |
| 04/09/13 | EC | Research relating to legislative history and commentary on passage of section 510 and general purpose of section for reply brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.80); review PSA and disclosure materials associated with trusts and issuance of securities to determine ████████ subordination arrangement (1.40); research relating to subordination of ████████████ in accordance with party intent under Section 510(a) (2.90) | 7.10 |
| 04/09/13 | BMK | Research SEC No Action letters cited by Investors' summary judgment motion for arguments that securities are "of" the debtor under section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review cases citing to ████████████████ to construct argument re: Investors' summary judgment motion re: availability of no fault equitable subordination in the Second Circuit (2.20); research Securities Act and Securities Exchange Act statutes, rules, regulations, and legislative history for arguments for subordination under section 510(b) of the Bankruptcy Code for opposition to Investors' summary judgment motion (1.70); email correspondences with D. Bloom re: research findings re: SEC no action letter and securities laws legislative history for arguments under section 510(b) of the Bankruptcy Code for draft opposition to summary judgment motion (.50) | 5.00 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    18

| | | |
|---|---|---|
| 04/09/13  DAB | Correspondence with B. Kotliar regarding subordination briefing schedule and coverage with respect to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); extensive further review of legislative history pertaining to "issuer" definition and survey of SEC reporting requirements pertaining to asset-backed securities per T. Foudy request in connection with drafting of opposition to Investors' subordination summary judgment motion (2.10); draft email correspondence to with T. Foudy, M. Gallagher and B. Kotliar regarding legislative history pertaining to "issuer" definition and SEC reporting requirements pertaining to asset-backed securities in connection with same (.60); analysis of research findings and application to ResCap facts in draft email memorandum in connection with same (1.00); review various comment letters regarding 2005 revisions to securities regulations by securitization industry groups in connection with same (.90); analysis of comment letters with focus on scope of "issuer" status in securities laws in connection with same (.80); review of treatise Securitization of Financial Assets (Kravitt) with focus on purview of depositor's status as issuer, and application of same to bankruptcy context in preparation for drafting of opposition to Investors' subordination summary judgment motion in connection with same (.50); review of ██████████████ and explanations of ██████████████████ in the course of explaining revisions to ████████████ under revised ████████ in connection with same (.90); draft email T. Foudy and M. Gallagher regarding ratings agency articles and significance of same with respect to "of the debtor" section of opposition (.30); email R. Dawes and E. Combs regarding ████████████████████ ████████████ (.20); review email from E Combs regarding "No Action" Letters in connection with same (.10); review of T. Foudy and Cleary emails pertaining to "deemed issuer" reference in legislative history in connection with same (.20); communication with B. Kotliar regarding "No Action" Letters in connection with same (.20); review of ResCap exemplar PLS Trust securitization documents in order to review ████████████████████████████ ██████████████████████████████ ██████████████████████████████ █████████ for purpose of drafting of opposition to Investors' subordination summary judgment motion (.80); draft multiple email memoranda comparing legislative history of the '33 Act with '34 Act as pertaining to depositor being "deemed" or considered issuer of securities in certain situations in preparation for drafting of opposition to Investors' subordination summary judgment motion (.70); review and analyze B. | 10.60 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 279 of 343

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    19

Kotliar email regarding references in PLS Trust
documents to "business trust" status of Trusts in
connection with same (.30); follow up research for M.
Gallagher regarding securities regulation legislative
history (70 FR 1506, 1562 (2005)) in preparation for
drafting of opposition to Investors' subordination summary
judgment motion (.20); review B. Kotliar emails analyzing
references to ratings agencies in PLS Trust documents for
inclusion of analysis in draft opposition to Investors'
subordination summary judgment motion (.50)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/09/13 | JDM | Attention to review and revisions to letter requesting ██████████ regarding ████ securities claims per request of T. Foudy in connection with subordination adversary proceeding where AIG is a conflict party (1.50); confer with T. Foudy re: same (.30) | 1.80 |
| 04/09/13 | MR2 | Prepare case materials for review by B. Kotliar related to Investors' no fault equitable subordination cases in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10) | 1.10 |
| 04/10/13 | SJR | Review transaction documentation regarding Summary Judgment Motions on Securities Claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.20) | 3.20 |
| 04/10/13 | TF1 | Review transaction documents in connection with responding to Investors' arguments in motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review emails with research on responding to Investors' arguments in motion for summary judgment on "of" the debtor argument and draft responsive emails with thoughts and follow-up (1.50) | 2.10 |
| 04/10/13 | MG8 | Attend to numerous communications throughout the day with T. Foudy and D. Bloom regarding research on issue under section 510(b) raised by Investors in cross motion for summary judgment on subordination issues and ideas for further research with respect to legislative history in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 04/10/13 | EC | Research relating to application of 510(a) with particular focus on use of section to give effect to ████████ ████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.70) | 2.70 |
| 04/10/13 | BMK | Research and shepherdize cases construing section | 2.20 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    20

510(b) of the Bankrupty Code in the asset-backed
securities context to analyze use of the term "issuer" from
the Securities Acts for arguments to be included in
opposition to Investors' summary judgment motion (1.10);
conferences with D. Bloom re: open issues and research
assignments re: legislative history to Securities Act and
Securities Exchange Act regarding "depositor" and
"issuer" in the asset-backed mortgage context for
arguments under section 510(b) of the Bankruptcy Code
for opposition to Investors' summary judgment motion
(.60); circulate research findings re: "depositor" and
"issuer" terms used in Securities Acts to D. Bloom for
inclusion to arguments for mandatory subordination under
section 510(b) of the Bankruptcy Code (.50)

04/10/13   DAB          Further review and analysis of case law pertaining to "of        10.80
the debtor" requirement/language of section 510(b) of the
Bankruptcy Code in connection with drafting of opposition
to Investors' subordination summary judgment motion in
connection with subordination adversary proceeding in
which conflict parties including AIG, Allstate and
Prudential are defendants (2.00); draft analysis of certain
cases pertaining to "of the debtor" requirement of section
510(b) of the Bankruptcy Code in connection with possible
citation of same in draft opposition to Investors' Summary
Judgment Motion (.80); in-depth review and analysis of
legislative history of section 510 of the Bankruptcy Code
and secondary literature regarding same with particular
focus on Congressional discussion of underlying
rationales of section 510(b) in connection with drafting of
opposition to Investors' subordination summary judgment
motion (2.90); detailed further review and analysis of
published Congressional testimony of various experts
arguing in favor or against enactment of section 510(b)
mandatory subordination of securities rescission claims in
connection with drafting of opposition to Investors'
subordination summary judgment motion (1.50); review of
JSNs' objection to Investors' subordination summary
judgment motion in connection with drafting of opposition
to same (.60); email correspondence with T. Foudy and M
Gallagher regarding potential arguments in support of
section 510(b) subordination, including ratings agency
commentary regarding servicer risk and references to
ratings agency requirements in the PLS Trust
securitization documents (.70); draft outline of "of the
debtor" argument in connection with drafting of opposition
to Investors' subordination summary judgment motion
(.60); confer with B. Kotliar regarding obtaining additional
Congressional testimony regarding section 510(b) of the
Bankruptcy Code (.60); review of additional Congressional
testimony regarding section 510(b) of the Bankruptcy
Code in connection with drafting of opposition to Investors'
subordination

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 281 of 343

summary judgment motion (.40); review of Black's law
dictionary and other non-legal dictionaries for definition of
"deem" and variants of same in connection with analysis
of securities regulation legislative history and drafting of
opposition to Investors' subordination summary judgment
motion (.30); draft memorandum summarizing findings
and analysis of same with respect to Congressional and
SEC intent with respect to enactment of Section 510(b) of
the Bankruptcy Code in connection with drafting of
opposition to Investors' subordination summary judgment
motion (.40)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/10/13 | JDM | Attention to drafting memo regarding ▮▮▮▮▮ ▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.10) | 2.10 |
| 04/11/13 | SJR | Review Motion of the Official Committee of Unsecured Creditors for standing to prosecute claims against Ally Financial Inc. (1.40); confer with S. Engelhardt at Morrison & Foerster regarding need for Curtis' involvement responding Committee's Motion and need for research related to same (1.20) | 2.60 |
| 04/11/13 | TF1 | Meet with E. Combs to discuss research/response to Investors' argument on 510(a) in summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review and provide comments on new draft response to March submissions to examiner by SUNs and UCC (1.50); attend court hearing on JSN adversary and motion to preclude evidence on reliance of counsel in connection with Rule 9019 motion (1.80); travel to court while reviewing agenda items [1 hour billed at half time] (.50); review emails and circulated materials regarding research on responding to Investors' argument regarding "of" the Debtors for purposes of drafting opposition to summary judgment motion (1.00) | 5.20 |
| 04/11/13 | MG8 | Review and comment on near-final version of Debtors' submission to Examiner in response to Committee's and Wilmington Trust's recent submissions to the Examiner and transmit comments to A. Barrage at Morrison & Foerster in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (1.20) | 1.20 |
| 04/11/13 | EC | Meet with T. Foudy to analyze and prepare strategy for 510(a) argument in reply brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); prepare first draft insert presenting facts and law relating to application of section 510(a) to subordinated RMBS claims for motion reply (2.80); research relating to scope of subordination provisions | 5.10 |

12-12020-mg    Doc 3588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-1    Pg 131 of 254

|  |  |  |  |
|---|---|---|---|
|  |  | and interpretation of such provisions under New York state law for memorandum insert (1.90) |  |
| 04/11/13 | BMK | Correspondence with D. Bloom re: research findings for arguments for subordination under section 510(b) for response to Investors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); assist D. Bloom with research re securities laws, legislative history, and SEC ABS Final Rule all for the use of the word "issuer" and reporting requirement attributable to that definition (.80); correspondence with D. Bloom re: research findings for arguments for subordination under section 510(b) for response to Investors' summary judgment motion (.20); circulate summary of Committee motion seeking standing to pursue Estate causes of action to S. Reisman, T. Foudy, M. Gallagher, and D. Bloom (.20) | 1.40 |
| 04/11/13 | DAB | Conduct detailed review of ████████ contained in the Code of Federal Regulations and SEC comments related to same in connection with drafting of Slaine/Kripke article risk/reward argument in draft opposition brief to Investors' subordination summary judgment motion in connection with subordination adversary proceeding (1.40); attend to extensive drafting of opposition to Investors' subordination summary judgment motion with focus on legislative history underlying "of the debtor" argument, including detailed analysis of Med. Diversified and related cases, Congressional intent as evidenced by the Congressional record and testimony of proponents and opponents of enactment of Section 510(b) of the Bankruptcy Code, discussion and analysis of securities regulations and SEC comments to proposed and enacted securities regulations as pertaining to "issuer" status, discussion and analysis of Slain/Kripke twin rationales for subordination of rescission claims, discussion and argument related to ████████ ████████████████ and discussion and analysis of Investors' "deemed" issuer argument contained in their subordination summary judgment motion (5.50); correspondence with B. Kotliar regarding cite check of draft "of the Debtor" section of opposition (.60); review PLS Trust PSA/ProSupp provisions related to ████████████ in "of the Debtor" section of section 510(b) of the Bankruptcy Code subordination argument for purpose of referencing same in draft opposition to Investors' subordination summary judgment motion (1.90); review email memorandum from B. Kotliar regarding defendant NCUAB issuer statements (.50) | 9.90 |
| 04/12/13 | SJR | Review and comment on Debtors' Subordination | 2.30 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 283 of 343

|  |  | Opposition Brief (2.10); correspondences with T. Foudy regarding comments to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) |  |
|---|---|---|---|
| 04/12/13 | TF1 | Follow-up with E. Combs on research and status regarding Section 510(a) argument and research for Debtors' opposition to Investors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review motion for standing by Committee to sue AFI (1.90); review emails concerning research on "of" the debtor issues (.60); review and revise section 510(a) argument of subordination summary judgment motion opposition brief (2.60); review draft "of" the Debtors' section of brief, take notes on argument, and draft email to D. Bloom, B. Kotliar and M. Gallagher with comments (1.20) | 6.70 |
| 04/12/13 | MG8 | Review briefly draft sections on objections to Investors' cross motions for summary judgment addressing arguments made by investors relating to sections 510(a) and 510(b) of the Bankruptcy Code and related securities regulations in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review draft insert on section 510(a) for objection to Investors' motion for summary judgment in adversary proceeding seeking subordination of Trustee's claims (.30) | 0.80 |
| 04/12/13 | EC | Meet with T. Foudy to discus alternative grounds for 510(a subordination by prospective breach of implied covenant of good faith and fair dealing in connection with preparation of Debtors' Opposition to Investors' Summary Judgment Motion in connection with subordination adversary proceeding (.40); research relating to implied covenant of good faith and fair dealing and applicability of covenant to subordination claims (1.10); draft and revise section 510(a) brief insert for reply memorandum (.90); conduct research relating to construction of subordination agreements under state law ███████████ ██████████████████ (4.40); prepare initial draft of Section 510(a) insert for reply memo discussing subordination of fraud claims pursuant to agreed subordination structure in related contract (2.90) | 9.70 |
| 04/12/13 | BMK | Research servicing duties and other RMBS securitizations for arguments relating to securities laws definition of "issuer" for purposes of subordination under section 510(b for draft opposition to summary judgment in connection with subordination adversary | 1.20 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    24

<table>
<tr><td></td><td></td><td>proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20)</td><td></td></tr>
</table>

| Date | Initials | Description | Hours |
|---|---|---|---|
| | | proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | |
| 04/12/13 | DAB | Further drafting of section of Debtors' opposition to Investors' subordination summary judgment motion related to legislative history underlying "of the debtor" argument, including analysis of ███████ Congressional Record, SEC testimony, securities regulations and SEC comments to same, Slain/Kripke article twin rationales for subordination of rescission claims, inequity of double recovery, and "deemed" issuer argument contained in Investors' Summary Judgment Motion filed in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.90); correspondences with B. Kotliar regarding confirmation of certain citations contained in "of the debtor" section of opposition brief in connection with previous cite check (.80) | 4.70 |
| 04/13/13 | TF1 | Work on draft opposition section concerning Section 510(a), including review of 510(a) cases and implied covenant research and M. Gallagher comments and revising section in light of same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 04/13/13 | MG8 | Research legislative history of section 510(b) for insert to response to Investors' cross motion for Summary Judgment in subordination adversary proceeding and related follow-up with B. Kotliar and D. Bloom (1.70); several correspondences with B. Kotliar and T. Foudy regarding draft insert on section 510(b) for response to Investors' cross motion for summary judgment (.40) | 2.10 |
| 04/13/13 | EC | Research relating to assertion of implied covenant of good faith and fair dealing to imply expanded scope of subordination agreement for section 510(a) in ███████ ████████████████████████ to Investors' Summary Judgment Motion in connection with subordination adversary proceeding (2.80); draft proposed insert asserting good faith and fair dealings implied subordination of certificateholder securities law claims (1.30) | 4.10 |
| 04/13/13 | BMK | Draft outline of section 510(b) response to Investors by coordinating arguments from summary judgment motion, investors motion, and response chart and outline (1.50); research ██████████████████████ claim by reviewing cases from all circuits applying ████████████ for research memorandum in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00); email correspondences with M. Gallagher re: ████████ | 7.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   25

draft section 510(b) response with additional arguments
from summary judgment papers (.20); Begin drafting
research memorandum re: section 510(c) of the
Bankrutpcy Code (1.50); discuss open issues in initial
draft of section 510(b) response, specifically referencing a
point-by-point discussion of the Investors' arguments and
related responses (.50); extensive conferences with D.
Bloom regarding status and details of research in
connection with various "of the Debtor" arguments
contained in Investors' Summary Judgment Motion (1.20)

| 04/13/13 | DAB | Review and analyze Washington Mutual bankruptcy court pleadings in connection with drafting of opposition to Investors' subordination summary judgment motion ███ ███████████████████████████████████ ███████████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); conduct follow up research regarding use of term "issuer" in case law and statute outside the securitization context in connection with drafting of opposition to Investors' subordination summary judgment motion (1.00); further review and analysis of legislative history underlying section 510 of the Bankruptcy Code and ABS-related securities laws and regulations and detailed review of secondary materials discussing same for purpose of expanding and revising draft opposition per direction of T. Foudy (2.60); extensive conferences with B. Kotliar regarding research pertaining to various "of the Debtor" arguments contained in Investors' Summary Judgment Motion (1.20) | 6.10 |
|---|---|---|---|
| 04/13/13 | ARD | Begin drafting memorandum re: interpretation of "affiliate" for subordination purposes under Section 510, including definitions and interpretations of "person," "business trust," "corporation," "operating agreement," and "operating" in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (7.20); continue legal research re: same (.50); review prior research, case filings and exhibits in connection with drafting memorandum re: same (.80) | 8.50 |
| 04/14/13 | EC | Research relating to breadth of good faith and fair dealings causes of action under New York law and analysis of fair dealings ██████████████████████ ████████████████ with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 1.60 |
| 04/14/13 | BMK | Review and revise draft of section 510(b) subordination arguments in draft opposition re application of law to facts and supporting arguments with relevant ██████ | 3.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    26

████████████ in connection with subordination
adversary proceeding in which conflict parties including
AIG, Allstate and Prudential are defendants (.50);
research re: subordination under section 510(b) including
history of asset-backed mortgages, ████████████
████████████ and litigation ████████████ re:
importance of servicers and issuers to the RMBS process
(1.50); multiple conferences with D. Bloom discussing
arguments under section 510(b) of the bankruptcy code
for subordination, specifically under relevant case law in
the second circuit, the Washington Mutual decision, and
relevant securities laws (1.80)

| | | |
|---|---|---|
| 04/14/13   DAB | Review and analyze T. Foudy and M. Gallagher comments to Debtors' draft "of the debtor" section of opposition subordination brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review E. Combs and T. Foudy draft of section 510(a) argument for inclusion in draft opposition subordination brief (.50); further review of legislative history underlying section 510 of the Bankruptcy Code and ABS-related securities laws and secondary materials discussing same in connection with T. Foudy comments to draft argument (1.30); extensive communication and work with B. Kotliar regarding factual and legal issues pertaining to various arguments contained in Investors' subordination summary judgment motion (1.80); review and analysis of ResCap's prepetition "Request for No Action Letter" cited by Investors in their subordination summary judgment motion and review of underlying securitization documents pertaining to same in light of Investors' arguments with respect to same in their summary judgment motion (1.10); additional review of case law cited by Investors in their subordination summary judgment motion ████████████ ████ (1.60); draft expanded argument per T. Foudy comments regarding risk/reward and equity cushion rationales underlying subordination per Slaine/Kripke article and Congress's citation to same and in light of research and analysis of ████████████ ████████████ (2.50); draft expanded argument per T. Foudy comments distinguishing Washington Mutual case facts and decision based on various distinguishing features and based on further review of underlying facts, history of case and unpublished filings (1.20); draft and revise new sections of opposition in collaboration with B. Kotliar to distinguish or refute various other Investor arguments contained in Investors' subordination summary judgment motion (3.20); draft expanded section of brief distinguishing between securities of a company and those issued by a company in light of T. Foudy comments and research regarding same (.60); further | 14.60 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

|  |  | correspondence with B. Kotliar regarding revisions and cite-check with respect to expanded section 510(b) section of opposition brief (.30) |  |
|---|---|---|---|
| 04/14/13 | ARD | Continue drafting memorandum re: interpretation of "affiliate" for subordination purposes, including definitions and interpretations of "person," "business trust," "corporation," "operating agreement," and "operating" in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (6.80); finish legal research re: same (2.70) | 9.50 |
| 04/15/13 | SJR | Attend to review of Debtors' Opposition to Investors' Cross-Motion for Summary Judgment under Section 510(b) (1.00); review of case law related to the same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); review "no-action letter" cited by Investors in connection with subordination action (.80); analysis and review of research on legislative history regarding Section 510 with respect to Summary Judgment Motions (1.30) | 3.90 |
| 04/15/13 | MG8 | Numerous discussions throughout the day with D. Bloom in order to supervise his preparation of a portion of the section to the objection to the Investors' cross motion for summary judgment relating "of the Debtor" argument for purposes of section 510(b), and several follow ups by email in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20); review no-action letter and request for no-action letter submitted by ResCap and cited by Investors in cross motion for summary judgment and related follow-up with D. Bloom regarding ways to distinguish the letter (.60); attend to review of certain legislative history relating to section 510 of the Bankruptcy Code and related follow-up correspondences with B. Kotliar and D. Bloom with respect to inclusion in objection to Investors' cross motion for summary judgment (.70) | 2.50 |
| 04/15/13 | EC | Continue drafting insert for opposition memorandum discussing use of implied covenant of good faith and fair dealing to give effect to party intent of subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.20); research availability of ████████████████████████ on relevant issue (1.80); review PSA and prospectus documents for support of proposition that promise to subordinate claims is linked to promises made by parties not to upset structure of payments for opposition memorandum (.80); research relating to implied covenant of good faith and fair dealing under New York | 6.90 |

12-12020-mg    Doc 3588-12    Filed 05/07/13    Entered 05/07/13 14:23:56    Exhibit
Exhibit I-1    Pg 28 of 343
Pg 137 of 254

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    28

law and extent to ███████████████████ and benefits agreed to by
parties (2.10)

| | | | |
|---|---|---|---|
| 04/15/13 | BMK | Research status of no-fault equitable subordination in the second circuit after Noland and cases construing the Mobile Steel test requiring inequitable conduct in connection with Debtors' Opposition to Investors' Summary Judgment Motion in subordination adversary proceeding (1.50); research reports issued key RMBS industry experts such as ████████████████ to supplement arguments regarding servicing related activities and subordination under section 510(b) in draft opposition (.80); email correspondence with D. Bloom circulating most recent draft opposition and explaining open issues to be addressed regarding subordination under section 510(b) of the Bankruptcy Code (.30); review legislative history to section 510 of the Bankruptcy Code by specifically reviewing the congressional record and hearing transcripts and statements in the House and Senate Reports (1.50); research cases construing Supreme Court requirements from Noland and CF&I Fabricators re: no fault equitable subordination for research memorandum discussing potential arguments for draft opposition (2.00); revise draft arguments under section 510(b) of the Bankruptcy Code for opposition to summary judgment by revising discussion of Washington Mututal, supplementing relevant fact citations to underlying deal documents, and reviewing cases and authorities relied upon for accuracy (2.10); assist with securities laws research by reviewing legislative history to the Securities Act and Securities Exchange Act and relevant recent SEC rule reports (1.10) review Supreme Court decisions in Noland and CF&I Fabricators regarding no fault equitable subordination for memorandum discussing arguments related to section 510(c) for opposition papers with specific attention as to viability of claims and requirements for subordination (2.20); draft research memorandum summarizing and highlighting Noland, CF&I fabricators, the status of no fault equitable subordination in other circuits, same for the Second Circuit, and a comparison of the holdings of these cases (3.50) | 15.00 |
| 04/15/13 | DAB | Emails to B. Kotliar and T. Foudy regarding status of draft of Section 510(b) "of the Debtor"/issuer portion of oppostition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); further revisions to Section 510(b) "of the debtor"/issuer section of draft opposition brief per T. Foudy comments (2.90); correspondences with B. Kotliar and M. Gallagher with respect to various open issues in | 11.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   29

connection with draft opposition to Investors'
subordination summary judgment motion (.20); research
regarding history and purpose of equitable subordination
pursuant to section 510(c) of the Bankruptcy Code in
connection with opposition to Investors' subordination
summary judgment motion (2.60); email to M. Gallagher
regarding ResCap "Request for No Action Letter" cited by
Investors and strategy for addressing opposition to
Investors' subordination summary judgment motion (.20);
emails to M. Gallagher and B. Kotliar regarding legislative
history of section 510 of the Bankruptcy Code in
connection with opposition to Investors' subordination
summary judgment motion (.50); follow up research in
connection with ResCap "Request for No Action Letter,"
analysis of SEC reporting requirements and
cross-reference of ResCap entities and Debtors
referenced in same in connection with opposition to
Investors' subordination summary judgment motion (1.40);
analysis of "deemed" issuer usage in legislative history in
connection with opposition to Investors' subordination
summary judgment motion (.40); additional research
regarding reporting requirements and risk factors used by
various major ratings agencies in assessing riskiness of
RMBS products (.90); email to B. Kotliar regarding
analysis of Moody's, Fitch and S&P asset-backed
securities ratings criteria for possible inclusion in draft
opposition (.20); draft section of opposition regarding
ratings agencies assigning weight to servicer risk in
RMBS deals per T. Foudy comments (.30);
communication with B. Kotliar regarding various updates
to draft opposition for purpose of cite-checking same (.40)
cover email to T. Foudy with draft section 510(b) "of the
debtor" section explaining updates to same included in
latest draft (.20); multiple conferences with M. Gallagher
throughout the day re: draft section opposing Investors'
SJM papers re: "of the Debtor" arguments (1.20)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/15/13 | ARD | Finish drafting memorandum re: interpretation of "affiliate" for subordination purposes, including definitions and interpretations of "person," "business trust," "corporation," "operating agreement," and "operating" in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (9.70); follow-up legal research re: same (3.30) | 13.00 |
| 04/16/13 | SJR | Review draft of Opposition to Summary Judgment Motion in connection with subordination adversary proceeding under Section 510 of the Bankruptcy Code and review research and transaction documents related to same (5.30) | 5.30 |
| 04/16/13 | TF1 | Conference calls with K. Sadeghi of Morrison & Foerster on 510(a) subordination and status of draft | 8.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   30

opposition to subordination summary judgment motion in
connection with subordination adversary proceeding in
which conflict parties including AIG, Allstate and
Prudential are defendants (.30); meet with E. Combs, R.
Dawes, and M. Gallagher to discuss status of research on
510(a) and affiliate issues (.90); related follow-up
discussion with M. Gallagher on "of" the issuer argument
(.40); review and revise brief section on "of" the issuer
argument and review research/transaction
documents/Investors' brief in connection therewith (6.70)

| | | | |
|---|---|---|---|
| 04/16/13 | MG8 | Meet with T. Foudy, E. Combs and R. Dawes regarding research on "of the affiliate of the Debtor," as well as the points under section 510(a) requested to respond to the Investors' cross motion for summary judgment on subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); meet with T. Foudy to strategize over how to structure arguments to be included in the Debtors' response to the Investors' cross motion for summary judgment on subordination (.40); review and comment on initial draft section of response to Investors' cross motion for summary judgment addressing the "of the debtor" point under section 510(b), and related follow-up with D. Bloom (.80); research on the meaning of "of" for use in Debtors' response to Investors' cross motion for summary judgment on subordination issues (.90) | 3.00 |
| 04/16/13 | EC | Meet with T. Foudy, R. Dawes and M. Gallagher to discuss drafting of arguments for Debtors' opposition brief relating to 510(a), good faith and fair dealings arguments, and 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); conduct research relating to good faith and fair dealings claims under New York law and extent to which implied obligation must arrise from ██████████████ (1.40); review transaction documentation to identify responsibilities of trust and master servicer obligation that were delegated to it by the trust for reply brief (2.30) | 4.60 |
| 04/16/13 | BMK | Draft case discussion of no-fault equitable subordination for opposition memorandum in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, including case history, relevant procedural information, case outcomes, and a thorough analysis of the issues and the rationale of the decisions (5.50); multiple conferences with D. Bloom re: research findings re: section 510 no fault equitable subordination and general application of the doctrine post-Noland (.70); research and review every case discussing no fault equitable subordination since the | 13.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    31

Supreme Court's decision in Noland (2.40); review and revise memorandum re: no fault equitable subordination, focusing on case discussions and facts relevant to arguments that Investors' securities should be equitably subordinated under section 510(c) of the Bankruptcy Code (2.70); review and revise portion of draft Debtors' opposition to summary judgment motion of Investors pertaining to arguments under section 510(b) by reviewing for accuracy underlying deal documents such as PSA, Pros. and ProSupp and providing proper citations (.80); draft ███████████████████████████████

███████████████████████████████████
████████████████████         (1.20)

04/16/13    DAB    Confer with B. Kotliar regarding required research and analysis in connection with addressing "no fault" subordination argument contained in Investors' subordination summary judgment motion and basic statutory predicate in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); extensive revisions to draft "of the debtor"/issuer section of opposition brief per M. Gallagher comments/suggested revisions to same (1.80); email to T. Foudy with further revised draft "of the debtor"/issuer section of opposition brief incorporating global comments to same (.20); additional review of ████████████████████ in connection with inclusion of reference to same in draft opposition to Investors' subordination summary judgment motion (.50); review and analyze prior Investor, Debtor pleadings with attention to arguments regarding "no fault" equitable subordination and Section 510(c) of the Bankruptcy Code (.50); additional review of bankruptcy case law and legislative history pertaining to Section 510(c) of the Bankruptcy Code with attention to development of "no fault" doctrine and development of court-created exceptions to same ███████████████

██████████████████████         (2.80); review and revisions to B. Kotliar memorandum regarding equitable subordination in connection with drafting of opposition to Investors' subordination summary judgment motion (1.20); review T. Foudy's comments and revisions to draft opposition to incorporate same into further revised version of same (.80); review case law interpreting the word "of" for analysis of meaning of the phrase "of the debtor" in section 510(b) of the Bankruptcy Code in connection with draft opposition to Investors' subordination summary judgment motion (.70); survey prior versions of Black's law dictionary in connection with research on definition of "of" (.10)    9.30

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   32

| 04/16/13 | MR2 | Update binder and index containing case law re: Investor's No Fault Equitable Subordination argument per B. Kotliar's request in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10) | 1.10 |
|---|---|---|---|
| 04/16/13 | ARD | Follow-up research re: 510(b) subordination "affiliate" definition (.20); meet with T. Foudy, M. Gallagher, E. Combs re: legal research in connection with response to Investors' Summary Judgment (.90); begin review of Residential Capital and Trust historical documents in connection with developing arguments re: Trust as "affiliate" for subordination purposes (3.20) | 4.30 |
| 04/17/13 | SJR | Attend to review and revision of Opposition to Investors' Summary Judgment Motion provisions related to Issuer argument and review research from B. Kotliar, D. Bloom, R. Dawes, and E. Combs regarding same (2.40) | 2.40 |
| 04/17/13 | TF1 | Revise draft argument for summary judgment opposition on the Investors' "of" the issuer argument and review research and factual materials in connection with same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.30) | 3.30 |
| 04/17/13 | MG8 | Review and comment to draft insert to opposition to Investors' cross motion for summary judgment on section 510(b) "of" the issuer argument, and related follow-up with D. Bloom and T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 04/17/13 | EC | Review prospectus supplement for duties of trust, trustee, and additional information dealing with subordination of certificateholders for Debtors' opposition brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 04/17/13 | BMK | Correspond with D. Bloom re: open issues underlying securities laws arguments for section 510(b) subordination under the bankruptcy code that the securities are "of" the debtor in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); perform additional research re: availability of no fault equitable subordination argument by reviewing all cases relied upon by Investors and Debtors in summary judgment motions and shepherdizing same (1.50) | 2.00 |
| 04/17/13 | DAB | Emails with B. Kotliar regarding service of Debtors' opposition to Investors' subordination summary | 9.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   33

judgment motion and review of communications with KCC regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review and analyze T. Foudy's numerous comments to latest draft of same (1.30); further research per T. Foudy's comments with respect to legislative history underlying Section 510 of the Bankruptcy Code, Washington Mutual case as it pertains to "issuer" status, use of the term "issuer" in securities law legislative history, and description of servicer duties in PLS Trust documents in response to T. Foudy's comments to latest draft of Debtors' opposition to Investors' subordination summary judgment motion (1.80); review and revise latest draft opposition to Investors' subordination summary judgment motion to address and synthesize comments to same from T. Foudy, M. Gallagher and B. Kotliar, conform various global elements, citations and defined terms, and prepare draft for circulation to Morrison & Foerster for review and comment (3.50); correspondences with B. Kotliar regarding additional open issues in connection with same, including revision of citations and clarification of footnote regarding Debtors' "Request for No Action Letter" in light of B. Kotliar analysis of ███████████ and fact checking with respect to same (.60); review and analysis of secondary sources provided by M. Gallagher regarding broad application of section 510(b) of the Bankruptcy Code by bankruptcy courts and legislative history underlying same for purpose of inclusion of source material from same in draft opposition to Investors' subordination summary judgment motion, and analysis of various cases cited in secondary sources in connection with same (1.60); email to T. Foudy regarding ███████ ████████████ rating agencies for consideration for potential inclusion of reference to same in opposition to Investors' subordination summary judgment motion (.10)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/17/13 | ARD | Continue to review Residential Capital and RMBS Trust historical documents in connection with developing arguments re: Trust as "affiliate" for subordination purposes in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.60); revise memorandum to T. Foudy re: arguments in connection with "affiliate" status of business trusts under Section 510(b) (.30) | 2.90 |
| 04/18/13 | SJR | Review and comment on draft of Opposition to Subordination Investors' Motion for Summary Judgment and review of case law cited therein in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and | 3.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   34

Prudential are defendants (3.60); confer with T. Foudy regarding status of research and status of responsive pleading (.20)

04/18/13  TF1    Review and edit/provide comments on Morrison & Foerster initial updated draft of opposition to subordination Investors' summary judgment motion and review relevant documents and research materials in connection therewith in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.70); review R. Dawes research memo on "affiliate" legal issues in connection therewith (.80); review B. Kotliar research memo on no-fault equitable subordination in connection therewith (.50); review B. Kotliar suggested edits to equitable subordination section of opposition and incorporate as appropriate into draft (.60); attend to matters concerning preparation for citecheck/finalization of papers including conference call with K. Sadeghi on brief and page limits (.40); conference call with K. Sadeghi on comments and questions on Debtors' opposition (.50); confer with S. Reisman re: same and update on status of summary judgment filings (.20)          7.70

04/18/13  MG8    Review memo prepared by B. Kotliar on section 510(c) for use in submissions in adversary proceeding seeking subordination of Investors' securities fraud claims in which conflict parties including AIG, Allstate and Prudential are defendants (.60); confer with B. Kotliar regarding his memo on section 510(c) and updating relevant section of draft opposition to Investors' motion for summary judgment with respect to non-fault equitable subordination (.20); organize files relating to subordination issues and certain cure objections for future use in ResCap chapter 11 cases (.80); review and comment on draft opposition to Investors' summary judgment motion circulated by K. Sadeghi of Morrison & Foerster and related follow-up with D. Bloom and B. Kotliar (1.80); confer with B. Kotliar and D. Bloom regarding next steps in completion of opposition to Investors' motion for summary judgment on subordination issue (.30)          3.70

04/18/13  EC     Review draft opposition of ResCap for subordination response to Investors' motion and prepare comments to draft of same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review PSA and prospectus for duties of Trustee and Trust ████████ ████████████████████ (5.20)          5.80

04/18/13  BMK    Discuss section 510(c) no fault equitable subordination arguments with M. Gallagher to provide comments to          6.20

July 24, 2013
Inv # 1584493
Our Ref #  062108-000400

Page   35

draft response in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); review and revise memorandum re: no fault equitable subordination (1.60); email correspondences with T. Foudy and M. Gallagher re completion of no fault equitable subordination memorandum and review of section 510(c) arguments (.20); email correspondences with D. Bloom re: Washington Mutual case discussion in draft summary judgment opposition and perform additional research to resolve open issues (.50); review and revise recent draft of Debtors' opposition subordination papers globally to provide general comments and edits (1.20); perform additional research re: standards governing equitable subordination to address D. Bloom comments to memo (.60); comment on draft of Debtors' opposition re: section 510(c) no fault equitable subordination arguments by reviewing case law relied upon, factual predicate for application to the Debtors' case, and Investors' arguments (1.60); confer with M. Gallagher and D. Bloom re: resolving final open issues re: SJM papers (.30)

| 04/18/13 | DAB | Review and comment with respect to Morrison & Foerster's draft opposition to the Investors' subordination summary judgment motion with focus on arguments pertaining to subsections 510(a) and (c) of the Bankruptcy Code and the Debtors' "affiliate" argument of subsection 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); review Case Management Order to clarify conformance of Opposition with same (.10); revise Morrison & Foerster's draft opposition to Investors' subordination summary judgment motion to address extensive comments from T. Foudy, M. Gallagher, and B. Kotliar and conform numerous defined terms and internal references contained in same (2.60); review correspondence regarding table of authorities and table of contents to be included in same (.20); confer with B. Kotliar regarding open issues in same and proposed solutions with respect to same (.80); further review of Washington Mutual decision, hearing transcript and underlying briefs in connection with necessary clarifying revisions to certain arguments related to Washington Mutual case contained in same for potential inclusion in Opposition to Investors' Summary Judgment Motion (.80); confer with M. Gallagher and B. Kotliar regarding citation issues requiring attention in same (.40); correspondence with B. Kotliar regarding application of ███████ ███████ Washington Mutual decision to ResCap facts in connection with draft opposition to the Investors' summary judgment motion (.40); draft multiple email memoranda to T. Foudy and M. Gallagher summarizing updated analysis of certain | 8.40 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:23:56    Main Document
Pg 296 of 343

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   36

|  |  |  |  |
|---|---|---|---|
|  |  | aspects of Washington Mutual case in connection with draft opposition to the Investors' summary judgment motion (.30); email to T. Foudy regarding open issues with respect to same and necessary minor revisions to same (.20); confer with M. Gallagher and B. Kotliar re: resolving open SJM issues and briefing schedule (.30) |  |
| 04/18/13 | ARD | Finish review of Residential Capital and Trust historical documents in connection with developing arguments re: Trust as "affiliate" for subordination purposes in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); draft email correspondence to T. Foudy re: revisions to Morrison & Foerster draft of brief re: Section 510 subordination (.40); review draft Opposition brief re: subordination arguments (.40); comment on same (2.10); draft memorandum describing all Trust and Master Servicer duties, rights and obligations listed in the various Trust and RMBS transaction documents (2.90); correspond with T. Foudy and E. Combs re: arguments re: Trust and Master Servicer responsibilities for use in Debtors' Opposition (.10); conduct follow-up legal research re: definition of "affiliate" under Section 510(b) (.30) | 8.60 |
| 04/19/13 | SJR | Review Motion of Wilmington Trust to file certain portions of Motion to prosecute claims on behalf on Debtors' Estate Under Seal where Curtis is addressing matters as Conflicts Counsel (1.40); review Motion of Wilmington Trust to pursue actions on behalf of Residential Capital where Curtis is being asked to file a response on behalf of ResCap (2.30); review proposed Complaint by Wilmington Trust against Ally and outline of issues related to same (2.10); attend to further review of Motion of Wilmington Trust as Indenture Trustee for Senior Unsecured Notes for standing to prosecute action on behalf of Debtors (2.30); further review draft Complaint (.80); attend to matters regarding strategy and responding to Motion as Conflicts Counsel for ResCap (.40); attend to matters regarding Opposition Brief on Subordination Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and review e-mails regarding same including page limits, timing of filing, edits to response, etc. (1.60) | 10.90 |
| 04/19/13 | TF1 | Review Wilmington Trust's motion for standing to prosecute estate and other claims (1.80); review R. Dawes suggested comments to opposition brief on subordination motion (.50); call with K. Sadeghi on opposition brief on subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties include AIG, Allstate and Prudential are defendants (.30); calls with Quinn Emanuel on page limits for opposition brief on | 4.90 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 146 of 254

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   37

|  |  |  |  |
|---|---|---|---|
|  |  | subordination summary judgment motion (.20); discuss same with M. Moscato, including case strategy in responding to SUN standing motion (.50); conference with M. Moscato and B. Kotliar re: research assignment re: Debtors' counsel opposing STN standing motions (.40); teleconference with M. Gallagher re: same (.80); review and provide comment on draft reservation of rights by Morrison & Foerster on SUNs' standing motion (.40) |  |
| 04/19/13 | MJM | Review motion for standing to pursue estate and other claims and proposed complaint by Wilmington Trust in its capacity as indenture trustee to SUNs (.80); discuss strategy related to above motion and proposed complaint with T. Foudy (.50); conference call with T. Foudy and J. Levitt re: above motion and proposed complaint (.20); meeting with T. Foudy and B. Kotliar to discuss legal research assignment re standing issues implicated by above motion and proposed complaint (.40) | 1.90 |
| 04/19/13 | MG8 | Review motion of Wilmington Trustee, as Trustee to SUNs, seeking standing to prosecute estate claims and attached proposed complaint, as Wilmington Trust is a potential conflict party (1.60); telephone conference w/ T. Foudy regarding potential conflict issues and possible scenarios related to the SUNs' motion for standing to prosecute the Holdco claims that are unique to the creditors of Holdco (.80) | 2.40 |
| 04/19/13 | EC | Review PSA and prospectus to determine extent of trustee duties and activities undertaken by trust in support of argument that trust███████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 04/19/13 | BMK | Review and provide comments to most recent draft of Debtors' opposition to Investors' summary judgment motion re: section 510(c) no fault equitable subordination arguments in connection with subordination adversary proceeding (.50); conference with T. Foudy and M. Moscato discussing research project re: ████████████████ SUNs Standing Motion (.30); review SUNs' Standing Motion and Committee Standing Motion to analyze claims held by each individual debtor at the holding and operating company levels (1.00); confer with D. Bloom re: same and relevant Second Circuit Standards governing STN motions (.80) | 2.60 |
| 04/19/13 | DAB | Correspondence with B. Kotliar and M. Gallagher regarding service issues in connection with opposition to the Investors' subordination summary judgment motion in connection with subordination adversary | 6.10 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    38

proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); confer with C. Cu at KCC regarding service of same (.20); conduct detailed review of "special" and "additional" service parties provided by C. Cu at KCC in connection with opposition to the Investors' subordination summary judgment motion (.40); email to C. Cu with comments to same in connection with same (.20); communication with B. Kotliar regarding paralegal support in connection with filing of Opposition (.10); email to M. Gallagher regarding arrangements in connection with service (.10); review, analyze and summarize New Jersey Carpenters Health Fund, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust motion for class certification in connection with pending adversary proceeding seeking subordination of securities claims pursuant to Section 510(b) of the Bankruptcy Code (.60); email correspondence with E. Combs, R. Dawes and B. Kotliar regarding status of draft subordination opposition and strategy for addressing open issues with respect to same (.10); draft and circulate summary of SUN Trustee's motion for standing to pursue estate claims against Ally in connection with potential response to same by Debtors (.30); review and analyze SUN Trustee standing motion and draft complaint in connection with prospective JSN declaratory judgment adversary proceeding and possible drafting of response to same (1.30); confer with B. Kotliar regarding SUN Trustee standing motion and strategy for next steps with respect to research and analysis in connection with same (.80); conduct preliminary research regarding third-party standing pursuant to the STN trilogy of cases in connection with possible response to SUN Trustee standing motion (1.70)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/19/13 | ARD | Correspondence with E. Combs re: final edits to Residential Capital opposition to Investors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); revise document listing all Trust and Master Servicer duties, rights and obligations to reflect Prospectus Supplement (.60); review Prospectus Supplement in connection with developing arguments re: Trust as "affiliate" for subordination purposes (.80); correspondence with T. Foudy re: discussions with co-counsel re: "affiliate" arguments in draft brief (.20) | 1.90 |
| 04/20/13 | SJR | Review Motion of Wilmington Trust for standing to pursue claims on behalf of Estate and review of e-mails internally and from Morrison & Foerster regarding same (2.30) | 2.30 |
| 04/20/13 | EC | Research issues presented under Section 510 of Bankruptcy Code to ▮▮▮▮▮▮▮▮▮ | 4.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   39

██████████████████████████████████████ in
preparation for filing of same in connection with
subordination adversary proceeding in which conflict
parties including AIG, Allstate and Prudential are
defendants (1.20); review and analyze co-counsel draft of
opposition to motion for summary judgment and revise
same draft (.80); review and revise draft opposition to
motion for summary judgment to reflect updated research
(2.30)

| | | | |
|---|---|---|---|
| 04/20/13 | BMK | Perform research re: █████████████████████ ████████████████████ (2.40); review underlying factual claims and background to issues re: STN Standing Motion (.80); research Morrison & Foerster and Curtis █████████████ and entered orders re: ██████████ (.50); begin drafting fact section of memorandum including Morrison & Foerster and Curtis Retention, STN and Committee Standing Motions (1.50); review ██████████ and pleadings, including bankruptcy and district courts, re: ██████████████████████ (2.50) | 7.70 |
| 04/20/13 | DAB | Review email communication from T. Foudy, E. Combs and K. Sadeghi regarding further revised draft opposition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 04/20/13 | ARD | Begin final revisions to Residential Capital Opposition to Investors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.40) | 1.40 |
| 04/21/13 | SJR | Review revised draft Opposition received from Morrison & Foerster regarding opposition to Investors' Summary Judgment Motion and note comments to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |
| 04/21/13 | MG8 | Review and comment on revised draft of Debtors' opposition to Investors' cross motion for summary judgment on issues of subordination of Investors' claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80); attend to correspondence with D. Bloom regarding updating cites to Debtors' opposition to Investors' cross motion for summary judgment (.20) | 2.00 |
| 04/21/13 | EC | Review additional research to confirm authority in draft opposition to motion for summary judgment and revise draft to accurately reflect updated research in connection with subordination adversary proceeding in | 2.30 |

|  |  |  |  |
|---|---|---|---|
|  |  | which conflict parties including AIG, Allstate and Prudential are defendants (2.30) |  |
| 04/21/13 | DAB | Review of, and revisions to, further-revised draft received from Morrison & Foerster of opposition to the Investors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50); email correspondence with M. Gallagher and E. Combs regarding cite-checking of various citations contained in further-revised draft received from Morrison & Foerster (.20); review cite-check of same performed by E. Combs (.30); email to T. Foudy and M. Gallagher with revisions to further-revised draft of same in track changes with explanatory cover email (.20) | 3.20 |
| 04/21/13 | ARD | Complete comments to Residential Capital Opposition to Investors' Summary Judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.70); follow-up legal research on "affiliate" and "issuer" issues in connection with final revisions to Residential Capital opposition motion (2.60) | 7.30 |
| 04/22/13 | SJR | Review research and analysis performed with respect to STN Standing Motion in response to SUN Trustee's request for standing to pursue claims on behalf of the Estate (2.30); participate in calls with T. Foudy and M. Gallagher of Curtis and Morrison & Foerster regarding coordination of Debtors' response to SUN Trustee Standing Motion and Curtis taking the lead on same (1.30); review latest draft of subordination opposition pleadings and comment on same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 5.20 |
| 04/22/13 | TF1 | Review research and precedent papers concerning responses to Motions for STN Standing for response to Wilmington Trust's standing motion (1.70); confer with M. Moscato on same (.40); call with A. Barrage to discuss same (.50); call with G. Lee, J. Levitt and A. Barrage to discuss response to Wilmington Trust's motion for STN standing, with follow-up calls to counsel for Debtors' directors and A. Barrage (2.10); call with K. Sadeghi on current draft of opposition to subordination summary judgment motion (.40); review/revise latest drafts of subordination opposition and review comments/edits from Morrison & Foerster in regards to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.50) | 8.60 |
| 04/22/13 | MJM | Confer with T. Foudy re standing issues raised by Wilmington Trust's STN motion and proposed | 1.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   41

|            |     | complaint (.10); participate in strategy session re Wilmington Trust's STN motion and proposed complaint, with T. Foudy, M. Gallagher, D. Bloom, and B. Kotliar (1.00) |       |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 04/22/13   | MG8 | Participate in call with J. Levitt, A. Barrage, T. Foudy and G. Lee to discuss issues related to SUNs motion for standing and strategies for addressing the same (2.10); meet with T. Foudy, M. Moscato, D. Bloom and B. Kotliar to discuss issues related to Wilmington Trust's motion for standing to prosecute certain causes of actions on behalf of Residential Capital, LLC (1.00); participate in conference call with T. Foudy, B. Kotliar, D. Bloom of Curtis and A. Barrage of Morrison & Foerster to discuss issues relating to Wilmington Trust's STN motion for standing to bring causes of action belonging to Residential Capital, LLC and related issues (.50); review materials related to STN standing standards in connection with Wilmington Trust's motion seeking standing to prosecute certain estate causes of actions (.20) | 3.80 |
| 04/22/13   | EC  | Conduct research relating to Section 510(a) and (c) issues and relating to securities "of" the debtor for incorporation in draft opposition to Investors' motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); analyze and revise precedent cited in final draft of opposition to summary judgment motion in order to finalize for submission (3.40); review draft opposition motion and revise and update brief to reflect additional research (1.70); confer with D. Bloom re: ███████████ ████████████ in connection with same (.20) | 6.20 |
| 04/22/13   | BMK | Research case law re: STN Motions and debtors' responses where directors and officers ████████████ ██████ are alleged (1.00); research pleadings related to STN and disqualification motions in Adelphia (.80); conference with D. Bloom re: research plan for draft response to STN Standing Motion (.40); meeting with T. Foudy, M. Moscato, M. Gallagher, and D. Bloom re: ██████████ and ██████████ issues underlying ██████████████ (1.00); participate in follow-up conference call with same and A. Barrage of Morrison & Foerster re: same (.50); revise memo incorporating discussions throughout the day with T. Foudy, M. Moscato, and M. Gallagher, and teleconferences with Morrison & Foerster to reflect updates to case application (1.50); analyze estate and third party claims in STN Proposed Complaint and Committee Standing Motion for claim basis and potential overlap (1.80); teleconference with T. Foudy, M. Gallagher, and D. Bloom of Curtis, and A. Barrage of Morrison & Foerster re: outlining response to SUNs Standing Motion and discussing potential | 12.20 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    42

arguments (2.10); review and revise memorandum re:
conflicts arising from interdebtor disputes (1.30);
numerous conferences with D. Bloom re: same and
review and discussion of ongoing resarch re: Standing
motions and caselaw (1.80)

04/22/13  DAB    Confer with B. Kotliar regarding status of research with          13.50
respect to third party standing to pursue estate causes of
action in connection with SUN Trustee motion seeking
standing to pursue estate causes of action against AFI
and various purported third-party claims (.40); strategy
meeting with T. Foudy, M. Moscato and M. Gallagher
regarding research required in connection with drafting of
response to SUN Trustee standing motion (1.00); follow
up teleconference with same and A. Barrage re: same
(.50); review notes from meeting and draft outline of
research required to determine approach with respect to
four types of claims SUN Trustee ████████████ in
standing motion in connection with response to standing
motion (.30); numerous conversations with B. Kotliar to
discuss ongoing research regarding third-party standing to
pursue estate causes of action and analysis of SUN
Trustee motion seeking same in connection with response
to SUN Trustee standing motion (1.80); analyze
unsecured creditors' committee standing motion seeking
to pursue certain claims on behalf of the estates and
prepare detailed comparison between claims which
committee and SUN Trustee each seek standing to
pursue (1.20); review and revise draft chart setting forth
detailed comparison of same (.80); review of T. Foudy's
revisions to Morrison & Foerster's draft opposition to
Investors' summary judgment motion regarding
subordination of their claims in connection with
subordination adversary proceeding in which conflict
parties including AIG, Allstate and Prudential are
defendants (.80); review ████████████████ in
connection with same (.20); confer with E. Combs
regardin ██████
██████ with respect to twin rationales underlying section
510(b) of the Bankruptcy Code and servicer ratings article
citations, and suggested revisions to same (.20); review E
Combs and T. Foudy emails with respect to suggested
revisions to same (.10); email correspondence with T.
Foudy regarding unredacted version of SUN Trustee
standing motion in connection with Debtors' response to
same (.10); research and analyze case law discussing a
debtor's rights and abilities to ████████████████
████████████████████████ in the
context of third-party standing motions in connection with
drafting of response to SUN Trustee standing motion
(1.50); review unpublished pleadings and court filings in
cases within and outside the Second Circuit to ascertain
nature and extent of Chapter 11 debtors'
████████████████████████████

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   43

████████████████████████████████

██████████ in connection with drafting of response to
SUN Trustee standing motion (1.00); call with Morrison &
Foerster, Morrison Cohen, T. Foudy, M. Moscato and M.
Gallagher and follow up regarding same in connection
with drafting of response to SUN Trustee standing motion
(2.10); extensive review and analysis of cases within the
Second Circuit involving requests and grants of third-party
standing to creditors ███████████████████

████████████████████ in connection with
response to SUN Trustee standing motion (1.50)

| | | | |
|---|---|---|---|
| 04/22/13 | ARD | Final revisions to Debtors' opposition brief to Investors' Motion for Summary Judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); correspond with E. Combs and T. Foudy re: same (.20) | 0.90 |
| 04/23/13 | SJR | Review various email correspondences regarding STN Standing Motion by Wilmington Trust/SUN Trustee (.40); review and comment on Opposition to Summary Judgment Motion regarding subordination claims of AIG plaintiffs in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); attend to review of case law on STN standing (1.10); review e-mails and coordinate matters regarding same (.40); review of investors' Opposition to Debtors' Motion for Summary Judgment in connection with subordination of investor claims pursuant to Section 510 of the Bankruptcy Code (1.10); review case law cited therein (.90) | 6.20 |
| 04/23/13 | TF1 | Correspondence with M. Moscato re: update on strategy for response to SUN Trustee's motion for STN standing (.30); conduct final review/edits of opposition to subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); exchange emails with Quinn Emanuel on timing of filing of same (.10); meet with E. Combs to discuss research needed regarding STN standing procedures (.50); review/edit B. Kotliar memo on inter-debtor disputes and forward same to Morrison & Foerster (1.10); review key research/cases on ██████████ ██████ for response to SUN Trustee's STN motion (1.60); confer with M. Gallagher and B. Kotliar on progress on research (.30); review K. Sadeghi comments to subordination summary judgment opposition and confer with him on same | 7.80 |

12-12020-mg    Doc 3588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-1    Pg 153 of 254

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   44

(.30); review JSNs' response to subordination summary
judgment motion (.90); exchange emails on crafting of
response to SUN Trustee's motion for STN standing (.40)

| | | | |
|---|---|---|---|
| 04/23/13 | MG8 | Supervise filing and service of Debtors' opposition to Investors' Joint Motion for Summary Judgment on subordination pursuant to section 510 of the Bankruptcy Code and related follow-up with D. Bloom, M. Rutman and C. Cu (of KCC) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review Investors' opposition to Debtors' motion for summary judgment in connection with subordination of Investors' claims pursuant to section 510 of the Bankruptcy Code, as well as other various joinders and responses to both the Debtors' motion and the Investors' motion for summary judgment (1.10); review research memorandum addressing inter-debtor disputes prepared by B. Kotliar (.30); confer with T. Foudy and B. Kotliar re: status of research re: Investor/Officer liability (.30); attend to numerous communications with T. Foudy and A. Barrage regarding strategy on responding to Wilmington Trust's request for standing to assert certain causes of actions belonging to Residential Capital, LLC. (.40); review substantially completed Debtors' opposition to Investors' cross motion for summary judgment on subordination issues and follow-up with E. Combs regarding minor comments to the same (.70) | 3.40 |
| 04/23/13 | EC | Prepare Debtors' opposition to Investors' motion for summary judgment for filing by proofreading and making all necessary revisions in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.40); prepare email to T. Foudy presenting research relating to prosecution of claims by creditors on behalf of debtors in connection with Wilmington Trust Standing Motion (.40); meeting with T. Foudy to discuss standing of Senior Unsecured Noteholders and research relating to mandatory criteria for protection of debtors' interests in standing (.50); research relating to mandatory requirements imposed for the protection of debtors upon grant of standing to creditor for prosecution of claim of the estate and potential protective criteria built in to STN and Commodore standards (3.90) | 8.20 |
| 04/23/13 | BMK | Finalize and edit memorandum of law in opposition to Investors' summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review Investors' opposition to Debtors' motion for summary judgment and NCUAB's | 10.70 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    45

joinder, and JSNs joinder to Debtors' opposition to
summary judgment motion (1.50); correspond with S.
Reisman, T. Foudy, M. Gallagher, and D. Bloom
summarizing Lowenstein parties' joinders and circulating
other relevant filings (.30); assist filing of Summary
Judgment Opposition, circulate courtesy copies via email
to parties in interest, and coordinate production of court
copies with M. Rutman (.50); multiple conferences with D.
Bloom research findings re: STN Motions and director and
officer liability ▓▓▓▓▓▓▓▓▓ and additional
research to be performed for draft response to SUN
Standing Motion (1.40); revise draft response to SUNs
Standing Motion by breaking out arguments relating to the
four categories of claims asserted (1.40); revise draft
response to SUNs Standing Motion by providing
comments to and reviewing factual assertions and
procedural background and claims related arguments
(.70); confer with T. Foudy and M. Gallagher re: research
findings re: STN Motions generally re: director and officer
liability and progress of research (.30); research STN
motions from recent large chapter 11 bankruptcies (1.50);
draft email summarizing research findings re director and
officer liability and STN Motions ▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓ (.90); circulate memorandum re:
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (.10);
▓▓ review and revise memorandum re: ▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓ (1.30);
▓▓ email correspondence with T. Foudy re: pleadings in
▓▓▓▓▓▓▓▓▓▓▓ (.30)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/23/13 | JTW | Prepare ▓▓▓▓▓▓ support response to SUN Trustee's standing motion for D. Bloom (1.30); provide D. Bloom with authority and support to be cited in Debtors' response to SUN Trustee's motion (1.40); review ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to provide factual support to Debtors' response to SUN trustee's standing motion (2.70); confer with D. Bloom re: factual support for response to SUN Trustee's standing motion (.20) | 5.60 |
| 04/23/13 | DAB | Review ▓▓▓▓ pleadings in connection with draft response to SUN Trustee standing motion (.50); further research regarding conflicts of interest and a debtor's ability to object to prosecution of estate claims by third party in connection with preparation of response to SUN Trustee Standing Motion (1.20); multiple conferences with B. Kotliar regarding research with respect to same (1.40); review of A. Barrage's email discussing Morrison & Foerster's views with respect to framework of Debtors' response to SUN Trustee standing motion (.30); review and analyze Debtors' | 14.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   46

most recent exclusivity motion to obtain relevant
background for inclusion in same (.60); review and
analyze Examiner submissions at M. Gallagher's direction
for inclusion of background from same in Debtors' draft
response to SUN Trustee standing motion (1.00); draft
detailed outline of same per T. Foudy's and Morrison &
Foerster's guidance with respect to same (.80); research
with respect to third-party standing issues in connection
with same (.60); confer with J. Weber regarding ███
███████ for inclusion in same (.20); review J. Weber's fee
analysis (.30); further direction to J. Weber regarding
drafting of inserts containing data from same for inclusion
in response to SUN Trustee standing motion (.20); review
J. Weber's draft inserts and direction regarding revisions
to same and drafting of several citations for inclusion in
response to SUN Trustee standing motion (.20); review
and analyze Debtors' March Examiner submission per M.
Gallagher's direction in connection with response to SUN
Trustee standing motion (.80); correspondence with B.
Kotliar and M. Gallagher regarding status of draft
opposition to Investors' subordination summary judgment
motion in connection with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants and pre-filing and service
issues related to same (.30); review final draft of same
and further revisions to same in advance of 4 p.m. filing
deadline (.60); analyze classification of SUN Trustee's
proposed equitable subordination claim against AFI and
characterization by SUN Trustee of same as third-party
claim in connection with draft response to SUN Trustee
standing motion (.50); multiple emails to C. Cu of KCC
regarding service of Debtors' opposition to Investors'
subordination summary judgment motion in subordination
adversary proceeding (.20); email to T. Foudy and M.
Gallagher regarding post-filing tasks in connection with
same (.30); email to R. Dawes regarding summary of
Investors' opposition to Debtors' subordination summary
judgment motion (.10); review and analyze joinders of
Zuckerman Spaeder and Lowenstein Sandler to Investors'
opposition to Debtors' summary judgment motion and
partial joinder of the JSNs to the Debtors' subordination
opposition in connection with drafting of reply to Investors'
subordination opposition (1.10); circulate summaries and
copies of same to S. Reisman, T. Foudy and M. Gallagher
(.30); draft Debtors' response to SUN Trustee standing
motion based on T. Foudy and Morrison & Foerster
guidance, Curtis research findings, and analysis of SUN
Trustee's requested relief as compared to Committee's
requested standing to pursue claims against AFI on behalf
of the estates (2.30); review email from M. Gallagher
regarding inclusion of reference to ███████████ in draft

12-12020-mg    Doc 3588-12    Filed 05/03/14    Entered 05/03/14 22:56:28    Exhibit
Exhibit I-1    Pg 307 of 543
Fg 156 of 254

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   47

|            |     | response to SUN Trustee standing motion, and review same (.30) |      |
|------------|-----|---------------------------------------------------------------|------|
| 04/23/13   | JDM | Attention to status of adversary proceeding with Investors to establish discovery to bring with respect to securities claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30) | 1.30 |
| 04/23/13   | MR2 | Prepare CD and chambers letter per M. Gallagher's request for filing of Debtors' Memo of Law in Opposition to Investors' Summary Judgment Motion (.80); attend to filing of the Debtors' Memorandum of Law with B. Kotliar and D. Bloom (.60) | 1.40 |
| 04/23/13   | JZ  | Correspond with J. Weber regarding assistance with preparation of chart detailing summary of ███ in connection with preparing response to Wilmington Trust's Motion for Standing (.20); review case docket and revise chart of ███ in connection with case (.50) | 0.70 |
| 04/23/13   | ARD | Review Investors' opposition to Debtors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); begin drafting abstract of arguments made in Investors' opposition to Debtors' summary judgment motion (2.20); correspondence with T. Foudy and D. Bloom re: Investors' opposition motion filed today (.10) | 2.70 |
| 04/24/13   | SJR | Review research and coordination of matters including responding to SUN Trustee's Motion with respect to STN standing (2.10); review Investors' Opposition to Summary Judgment Motion and schedule for hearing response to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10); review draft of Response to SUN Trustee's STN Standing Motion and strategy regarding same (1.40); various internal emails and review of correspondence regarding comments to response to STN Standing Motion (.60) | 5.20 |
| 04/24/13   | TF1 | Review and take notes on Investors' opposition to Debtors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); meet with M. Moscato on response to SUNs' STN motion (.10); review research on procedural safeguards for STN motions and exchange emails on content of opposition in light of same; review joinder opposiitons to our summary judgment motion on subordination (.20); review and note comments to draft opposition to SUNS' summary judgment motion (1.30); meet with D. Bloom, B. Kotliar, and M. | 4.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   48

|          |     | Gallagher to discuss same (.80); review Debtors' motion to extend exclusivity and affidavit submitted in support of same (.80) |      |
|----------|-----|------|------|
| 04/24/13 | MJM | Review drafts of Debtors' objection and Reservation of Rights re Motion of Wilmington Trust for STN Standing (.40); confer with T. Foudy re: same (.10) | 0.50 |
| 04/24/13 | MG8 | Review and revise draft response to SUNs' motion seeking standing to bring claims against AFI and certain of the Debtors (1.20); attend meeting with T. Foudy, D. Bloom and B. Kotliar to discuss revised strategy for response to SUN Trustee's motion seeking standing to bring claims against AFI and certain of the Debtors (.80); further revise portions of Debtors' draft response to SUN Trustee's motion seeking standing to bring claims against AFI and certain of the Debtors to address reservation of rights and request for relief and follow-up with D. Bloom regarding the same (.50); review summary of Investors' opposition to summary judgment motion prepared by R. Dawes for consideration in preparation of reply in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 2.90 |
| 04/24/13 | GF  | Prepare binder of pleadings regarding oppositions to summary judgment filed in the adversary case involving subordination in which conflict parties including AIG, Allstate and Prudential are defendants on 4/23 at the request of B. Kotliar (1.50) | 1.50 |
| 04/24/13 | EC  | Conduct research relating to interpretation of contracts for implication of specific duties with respect to good faith and fair dealings claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); begin draft reply brief to Investors' opposition to Debtors' Summary Judgment Motion relating to subordination of investor claims pursuant to Section 510(a) (2.80); research relating to requirements for granting of creditor standing to assert debtor claims and protections of debtor interests inherent therein (.70); review AIG and other creditor opposition submissions and prepare brief outline of arguments relating to 510(a) and (b) in preparation for drafting reply brief (1.80) | 5.90 |
| 04/24/13 | BMK | Correspondence with D. Bloom re: finalizing draft response to STN Standing Motion and resolving open issues on same (.30); prepare for conference with T. Foudy, M. Gallagher, and D. Bloom by reviewing SUNs Standing Motion, draft response, and exclusivity motion (.30); perform additional case research re: background to Examiner and Committee investigations, procedural posture re: standing motions, characterization of | 9.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   49

claims, and additional arguments to standing re: same (2.00); perform additional research re: STN standing motions in other large chapter 11 bankruptcies █████ ██ (1.10); conferences with D. Bloom re: outstanding research issues and additional drafting concerns and remaining arguments re: limited objection to SUN Standing Motion (.60); revise draft response to STN Standing Motion by editing factual assertions and incorporating caselaw regarding administrative burden (.30); review email correspondence from T. Foudy re: additional arguments to be included in STN Standing Motion (.40); review and revise draft Limited Objection and Reservation of Rights re: SUN Trustee's Standing Motion per edits and comments of T. Foudy and M. Gallagher specefically categorizing "buckets" of claims and descriptions of relief sought by standing motions (2.80); finalize Limited Objection to prepare for circulating to T. Foudy and M. Gallagher, specifically reviewing outstanding arguments and ensuring accuracy in underlying documents (.70); conference with T. Foudy, M. Gallagher, and D. Bloom re: revisions to draft response to SUN Standing Motion and arguments for objecting to motion ████████████████ (.80)

04/24/13   DAB       Review published cases citing █████████████████ █████████████████████████████ bankruptcy in connection with draft response to SUN Trustee motion (.30); review E. Combs's research regarding ███████████████████ ██████████████ decision in connection with same (.20); email to T. Foudy regarding status of preliminary draft response to SUN Trustee standing motion (.10); revise preliminary draft of same (1.10); circulate same to T. Foudy and M. Gallagher for review and comment (.10); review M. Gallagher's comments to preliminary draft of same (.20); email T. Foudy regarding issues raised in M. Gallagher's comments to draft of same (.10); revise preliminary draft of same to incorporate M. Gallagher comments (.70); review correspondence from T Foudy, M. Gallagher and M. Moscato regarding revising draft response to the SUN Trustee's standing motion to object to certain types of claims the SUN Trustee seeks to pursue (.40); correspond with B. Kotliar regarding same and additional related follow-up (.20); email to R. Dawes regarding status of summary of Investors' subordination opposition (.10); additional review of various Examiner submissions and recent Debtor filings in order to augment draft response to SUN Trustee standing motion with further history of the chapter 11 cases, mediation, and negotiation between parties towards a consensual settlement (.50); email to

                                                                                  10.90

12-12020-mg    Doc 6588-12    Filed 03/03/14    Entered 03/03/14 22:56:28    Exhibit
Exhibit I-1    Pg 159 of 254

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    50

T. Foudy regarding contents of exclusivity motion and
supporting Kruger declaration (.10); conference with T.
Foudy, M. Gallagher and B. Kotliar to discuss status of
research with respect to, and extensive revisions to,
Debtors' draft response to SUN Trustee standing motion
(.80); review M. Gallagher's email regarding revision to
"request for relief" paragraph in draft of same and respond
to M. Gallagher email regarding same (.20); review of,
and comment to, R. Dawes's draft summary of Investors'
opposition to the Debtors' subordination summary
judgment motion (1.10); extensive structural changes to,
and augmenting of, draft response to SUN Trustee
standing motion in light of guidance from T. Foudy and
Morrison & Foerster with respect to same, including
drafting of detailed history of Debtors' sale and discussion
of ████████████████ discussion of
ongoing mediation and negotiation efforts, ███████████
████████████, revision and expansion of discussion of
'overlap' between estate claims against AFI which SUN
Trustees seek standing to bring and claims committee
seeks standing to bring, and drafting of detailed
claim-by-claim comparison and analysis (4.10);
conferences with B. Kotliar regarding arguments related to
overlap between Committee's and SUN Trustee's
proposed claims and SUN Trustee's purported third-party
claims and direction regarding cite check and insertion of
new cites into draft limited objection to SUN Trustee
standing motion (.60)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/24/13 | PJB2 | Research re: whether claims for equitable subordination under section 510 of the Bankruptcy Code may be brought by a committee or individual creditor within a bankruptcy proceeding in connection with SUNs' motion seeking standing to bring certain causes of action (2.60) | 2.60 |
| 04/24/13 | FRG | Assemble binders for distribution re: Opposition to Summary Judgment as per B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 04/24/13 | ARD | Finish drafting summary of Investors' Opposition Submission to Debtors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (8.30); correspondence with D. Bloom re: outline of Investor Opposition Motion (.10) | 8.40 |
| 04/25/13 | SJR | Attend to additional work in connection with SUN Trustee's Motion for Standing in connection with pursuit of litigation against Ally and others (1.30) | 1.30 |
| 04/25/13 | TF1 | Call with K. Sadeghi to discuss reply brief on subordination summary judgment proceedings in | 7.50 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    51

connection with subordination adversary proceeding in
which conflict parties including AIG, Allstate and
Prudential are defendants (.30); meet with D. Bloom, M.
Gallagher, E. Combs, B. Kotliar, and R. Dawes to discuss
division of tasks for subordination reply brief (.80); call
with A. Barrage on reservation of rights in regards to
Committee standing motion and response to SUN
Trustee's standing motion (.30); review and respond to G.
Lee email regarding status and assessment of
subordination dispute (.90); review proposed fifth
amendment and stipulation regarding Debtors' use of
cash collateral (.10); discuss response to SUN Trustee's
standing motion with M. Moscato (.20); review Debtors'
motion to extend exclusivity and affidavit in support for
information relevant to dealing with conflict matters (.80);
meet with D. Bloom, M. Gallagher, and P. Buenger to
discuss work needed on response to SUN Trustee's
standing motion (.50); review/edit response to SUN
Trustee's standing motion and review motion in
connection with same (3.60)

| | | | |
|---|---|---|---|
| 04/25/13 | MJM | Edit current version of Objection to Wilmington Trust's standing motion to prosecute, among others, estate claims against Ally (1.10); discussion with T. Foudy re draft Objection to Wilmington Trust's standing motion (.20) | 1.30 |
| 04/25/13 | MG8 | Review and revise draft email to G. Lee on status of cross motions for summary judgment on subordination of Investor claims in which conflict parties including AIG, Allstate and Prudential are defendants for his use in today's plan mediation, and related follow-up with T. Foudy (.20); review and comment on updated draft of Debtors' response to SUN Trustee's request for standing to pursue claims against, among others, AFI and certain of the Debtors and follow-up with D. Bloom regarding same (.60); participate in meeting to discuss work allocation and new research for Reply for Motion for Summary Judgment Debtors' Subordination Complaint in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); conference with T. Foudy D. Bloom and P. Buenger re: SUN STN motion objection, drafting and next steps (.50); review submission to Examiner in response to submissions of SUNs and JSNs to facilitate response to motion of Wilmington Trust seeking standing to prosecute certain claims of ResCap, and related follow-up with D. Bloom and P. Buenger (.80); review summary of AIG parties' opposition to Debtors' motion for summary judgment on subordination of Investors' Claims prepared by R. Dawes to facilitate ideas for Debtors' reply submission (.30); attend to numerous correspondences with A. Barrage, J. Levitt and T. Foudy regarding potential ▮▮▮▮▮▮▮▮▮▮ SUN Trustee's request for standing and reasons for | 3.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   52

|  |  |  | (.30) |
|---|---|---|---|
| 04/25/13 | GF | Assist B. Kotliar with preparation of binder re: materials in connection with Response to SUN Trustee's STN Motion for S. Reisman (2.00) | 2.00 |
| 04/25/13 | EC | Draft portion of reply memorandum dealing with subordination of a fraud claim related to a subordinated security as a matter of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); attend to research relating to the applicability of the implied covenant of good faith and fair dealings ▮▮▮▮▮ (2.10); attend to research relating to subordination under 510(a) ▮▮▮▮▮ 1.40); prepare outline reply on 510(a) subordination issues raised in Investors' opposition relating to both subordination as a matter of law and use of good faith and fair dealings to imply larger reach of agreement's subordination provision (1.40); meeting with T. Foudy, M. Gallagher, D. Bloom, R. Dawes and B. Kotliar to discuss brief in opposition to summary judgment motion and prepare startegy for reply brief (.80) | 6.60 |
| 04/25/13 | BMK | Review district and state court complaints filed by Investors prepetition to determine their use of the term "issuer" as it applies to Debtor entities in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00); prepare for conference re: reply to Investors' cross opposition by outlining no fault equitable subordination arguments under section 510(c) of the Bankruptcy Code, and reviewing outline prepared by R. Dawes re: Investors opposition (.40); conference meeting with T. Foudy, M. Gallagher, D. Bloom, R. Dawes, and E. Combs re: drafting reply to Investors' cross opposition to summary judgment motion and assignment of research tasks (.80); research Impac order referenced by Investors' cross opposition to summary judgment motion (.20); research recent large Chapter 11 bankruptcies for cases involving orders granting committee's derivative standing to prosecute and settle estate claims (1.00); email correspondence with D. Bloom and P. Buenger re: ▮▮▮▮▮ and equitable subordination as property of the estate (.20); research STN Trilogy cases from the Second Circuit and recent cases applying holdings re: same (1.10); coordinate | 8.40 |

12-12020-mg    Doc 4532-58    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 313 of 543

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    53

with G. Faust re: production of relevant materials for SUN
Trustee Motion, including prior analysis of issues (.40);
draft email response to T. Foudy re: STN Trilogy cases
and the legal standards governing the SUN Trustee
Standing Motion (.50); email correspondence with D.
Bloom summarizing research re: ResCap LLC and
███████████████ in RMBS trust settlement (.20); research
prior case filings re: RMBS Trust Settlement re: █████
███████████████████ including motions to approve
the settlement, objections, and replies (.50); draft email to
D. Bloom and P. Buenger re: recent cases granting
committee's motions for derivate standing to pursue
estate claims and provide citations to same for use in
objection to SUN Trustee Standing Motion (.50); perform
additional research re: SUN Trustee Proposed Order re:
derivative standing and compare to Committee's proposed
order for its motion for proposed standing to review
potential discrepancies regarding ██████████████████
█████████████████ in the context of plan
negotiations (.50); discuss background to SUN Trustee
Standing Motion with P. Buenger and explain relevant
standards governing standing motions under the second
circuit STN trilogy (.50); numerous discussions with D.
Bloom re: open issues underlying objection to SUN
Trustee Standing Motion including relevant case law,
background to mediation, updating objection grounds, and
colorability of claims (.60)

04/25/13   DAB    Further research and analysis of case law discussing              10.00
Commodore, STN and Housecraft standing, and review of
cases citing same █████████████████████████████
███████████████████████████████████████████████
██████████ for purpose of potential inclusion of case law in
revised draft limited objection to SUN Trustee's standing
motion (1.50); confer with B. Kotliar regarding same (.60);
further revision of draft limited objection to SUN Trustee's
standing motion, including drafting of analysis of
additional case law regarding Second Circuit's approach
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████ conforming of defined terms throughout draft,
review of citations throughout draft for internal consistency
and global edits to same based on additional review of
same (2.10); review and analyze SUN Trustee's request
for settlement authority both within and outside the plan
context in the SUN Trustee's motion seeking standing to
pursue estate and third-party claims and accompanying
proposed order, and detailed comparison against
authority sought by Committee in Committee's motion
seeking standing to pursue estate claims and
accompanying proposed order, and

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   54

| Date | Init. | Description | Hours |
|---|---|---|---|
| | | comparison of same against settlement authority obtained by Committee in order approving Committee's standing motion to pursue claims against the JSNs (.90); draft email memoranda analyzing SUN Trustee's and Committee's proposed (and, in the case of the JSN standing motion, approved) settlement authority to T. Foudy and M. Gallagher (.70); per direction of T. Foudy, expand draft sections of limited objection to SUN Trustee standing motion to include more detailed legal argument to support the Committee's right to pursue claims on behalf of the estates for alter ego/veil peircing, successor liability, and equitable subordination (.80); meet with T. Foudy, M. Gallagher and D. Bloom re: drafting assignment re: objection to SUN STN standing motion (.50); work with P. Buenger to further revise draft limited objection to SUN Trustee's motion for standing to pursue estate and purported third-party claims (2.10); meet with T Foudy, M. Gallagher, R. Dawes, E. Combs and B. Kotliar re: assignment and delegation of research issues and drafting re: reply to Investors' Summary Judgment Motion (.80) | |
| 04/25/13 | PJB2 | Research re: case law where an official committee of unsecured creditors is the preferred party to bring estate claims over an individual creditor of the estate for purposes of objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC (3.20); review SUN Trustee's motion for standing re: third-party claims and proposed complaint attached for Debtors' objection to same (.40); meet with D. Bloom, M. Gallagher and T. Foudy to discuss drafting of objection to Wilmington Trust motion for standing to pursue Debtors' claims and further research required for same (.50); discussions with D. Bloom, M. Gallagher and B. Kotliar on research re: extending stay to directors and officers and courts preferring providing official committees to have standing to pursue estate lawsuits as opposed to creditors in relation to responding to standing motion of senior unsecured notes (.40); research re: whether certain alter ego claims, equitable subordination, and successor liability claims belong to the Debtors' estates for incorporation into Debtors' objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC (3.20); work with D. Bloom on drafting objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC (2.10); conference with B. Kotliar re: various research issues concerning Debtors' objection to SUN Trustee's standing motion and drafting of same (.50) | 10.30 |
| 04/25/13 | FRG | Assemble and distribute binders re: Opposition to Summary Judgment as per B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are | 0.70 |

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:23:56   Main Document
Pg 315 of 543

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   55

|            |      | defendants (.70)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |      |
|------------|------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| 04/25/13   | ARD  | Meet with T. Foudy, M. Gallagher, D. Bloom, E. Combs and B. Kotliar re: reply to Investors' opposition to Debtors' Summary Judgment Motion in connection with subordination adversary proceeding (.80); correspond with D. Bloom and E. Combs re: summary of arguments made by JSNs in their Opposition (.10)                                                                                                                                                                                                                                                                                          | 0.90 |
| 04/26/13   | TF1  | Review memo on research regarding affiliate status and plan voting for reply to subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review M. Gallagher comments to response to SUN Trustee's STN motion (.30); edit/revise draft response to SUNs' STN motion (3.30)                                                                                                                                                                                                    | 4.00 |
| 04/26/13   | MG8  | Review and provide comments on draft response of Wilmington Trust motion seeking standing, and related follow-up with P. Buenger and D. Bloom (.80); attend to correspondence from G. Lee regarding comments to draft response to Sun Trustee's motion seeking standing and related follow-up with P. Buenger and D. Bloom (.20); attend to correspondence with P. Buenger and A. Barrage regarding obtaining updated list of HoldCo officers and directors in connection with response to SUN Trustee's request for standing (.30)                                                                       | 1.30 |
| 04/26/13   | EC   | Draft reply memorandum on subordination of fraud claims under Section 510(a) where underlying security was also subordinated and equitable considerations that such claims not escape subordination by overly strict statutory construction in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); research relating to legislative history of '33 Act and relevant portion of Bankruptcy Code for rebuttal of Investor arguments in applicability of Section 510(b) subordination (.90); meeting with D. Bloom to discuss strategy in adressing 510(b) "of the debtor" opposition argument made by Investors (.60); research refining understanding doctrine of good faith and fair dealing with respect to applicability in agreement that is entirely silent on particular issue and influence of patent party intent in drafting to determine scope of duty thereunder (.80); draft reply memorandum section relating to good faith and fair dealing applicability to Section 510(a subordination where agreement is silent on issue (2.80) | 6.80 |
| 04/26/13   | BMK  | Correspondences with E. Combs re: obtaining ██████ ████████████████████████████████████ Investors' Opposition to Doctors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG,                                                                                                                                                                                                                                                                                                                                                      | 4.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   56

Allstate and Prudential are defendants (.10); circulate as
filed versions of summary judgment brief and opposition
to T. Foudy and K. Sadeghi at Morrison & Foerster (.10);
review all prepetition complaints filed by Investors party to
summary judgment motion in state and district courts for
use of the word "issuer" and reference to securities laws
(1.00); draft email correspondence to D. Bloom and E.
Combs detailing findings re: Investors prepetition
complaints' use of the term "issuer" and reference to the
securities laws (.90);    review and revise references to
case documents relied upon in objection to SUN Trustee
Motion (.20); correspondences with P. Buenger and D.
Bloom re: prior equitable subordination research ████████
████████████████████████ (.20); review prior research re:
alter ego and successor liability re: substantially all assets
provisions in indenture agreements for inclusion to
objection to SUN Trustee Motion (.50); review equitable
subordination research previously performed re: Examiner
submissions and circulate research findings to D. Bloom
and P. Buenger for objection to SUN Trustee Standing
Motion (.30); review and revise objection to SUN Trustee
purported third party claims re: equitable subordination re:
estate claim (.40); review ████████████████████████ for
objection to SUN Trustee Standing Motion (.30);
conference with D. Bloom and P. Buenger re: Committee
Claims vs. HoldCo claims asserted by SUN Trustee in
standing motion and arguments re: estate property vs.
individual creditor harm (.50); assist with drafting
background section for objection to SUN Trustee Standing
Motion by reviewing mediation motions, orders, and
exclusivity extension motions and providing citations to
same (.30)

| | | | |
|---|---|---|---|
| 04/26/13 | JTW | Research re: extension of automatic stay to cover non-debtor officers and directors for Debtor's response to SUN Trustee's standing motion (.70). | 0.70 |
| 04/26/13 | DAB | Circulate revised version of Debtors' draft limited objection to SUN Trustee's motion to T. Foudy and M. Gallagher with cover email describing various updates to same (.20); review and address M. Gallagher's and T. Foudy's comments to Debtors' draft limited objection to SUN Trustee's motion (.80); work with P. Buenger to revise section of Debtors' draft objection to SUN Trustee's motion for standing with focus on an individual creditor's ability to bring equitable subordination claims under section 510 of the Bankruptcy Code (.40); review multiple emails from B. Kotliar regarding veil piercing/alter ego and equitable subordination claims in connection with Debtors' draft limited objection to SUN Trustee's motion (.20); analyze Impac decision cited by Investors (including conflict parties AIG, Prudential and Mass Mutual) in their | 7.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   57

opposition to the Debtors' subordination summary judgment motion for purpose of distinguishing holding of same in Debtors' reply to Investors' opposition in connection with subordination adversary proceeding (.80); review and analyze ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ for purpose of distinguishing holding of Impac decision in Debtors' reply to Investors' subordination opposition in connection with subordination adversary proceeding (1.00); draft several inserts for inclusion in Debtors' revised draft limited objection to SUN Trustee's motion per T. Foudy and M. Gallagher request, including section on ResCap's and key stakeholders' mediation/negotiation efforts, section regarding inappropriateness of granting the SUN Trustee plan control and overbroad settlement authority, expanded preliminary statement, language addressing Sun Trustee's assertion that the Debtors have treated the SUNs inequitably in the chapter 11 cases, and various other updates to existing sections (1.90); correspondence with M. Gallagher and P. Buenger regarding Sun Trustee's proposed D&O breach of duty claim and identity of D&Os at issue (.20); review and insert P. Buenger's draft footnote ▉▉▉▉▉▉▉▉▉ into Debtors' draft limited objection to SUN Trustee's standing motion (.10); review B. Kotliar email analyzing references to Debtors as "issuers" of RMBS contained in certain of the Investors' prepetition complaints and proofs of claim, in connection with drafting of Debtors' reply to Investors' subordination opposition in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); work with P. Buenger re: draft insert regarding SUN Trustee's proposed D&O claim in connection with Debtors' draft limited objection to SUN Trustee's motion (.40); review email memorandum from B. Kotliar regarding ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ in connection with Debtors' draft limited objection to SUN Trustee's motion (.60); email to B. Kotliar regarding status of research regarding ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉ in connection with drafting of Debtors' reply to Investors' subordination opposition (.50); confer with P. Buenger and B. Kotliar re: estate versus particular, individual harm in connection with standing motions (.50)

| | | |
|---|---|---|
| 04/26/13   PJB2 | Draft section of Debtors' objection to SUN Trustee's standing motion re: extension of the automatic stay under section 362 of the Bankruptcy Code (.60); research re: extension of the automatic stay under section 362 of the Bankruptcy Code to current and past directors and officers of a debtor entity for drafting Debtors' objection to SUN Trustee's motion for standing (4.40); correspondence with Debtors' lead counsel and M. Gallagher re: ▉▉▉▉▉▉▉▉ | 10.70 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   58

▮▮▮▮▮▮▮▮▮▮▮ for
purposes of incorporating same into Debtors' objection to
SUN Trustee's standing motion (.30); research re:
whether successor liability claims against a debtor's
parent are estate claims for Debtors' objection to SUN
Trustee standing motion (3.40); draft section of Debtors'
objection to SUN Trustee's standing motion re: successor
liability claims against a debtor's parent are estate claims
(.80); confer with B. Kotliar and D. Bloom re: estate
property v. particular, individualized harm in connection
with SUN and Committee Standing motions (.50); multiple
correspondence with T. Foudy re: finalizing of Debtors'
objection to SUN Trustee's standing motion and providing
same to lead counsel (.30); work with D. Bloom on section
of Debtors' objection to SUN Trustee's motion for standing
re: an individual creditor can bring equitable subordination
claims under section 510 of the Bankruptcy Code (.40)

| Date | | | |
|---|---|---|---|
| 04/26/13 | FC | Locate and retrieve ▮▮▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50) | 1.50 |
| 04/26/13 | ARD | Begin drafting reply brief insert for section 510(b) "affiliate" issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |
| 04/27/13 | SJR | Review and comment on draft Limited Objection to SUN Trustee's Motion for STN Standing (1.30); review filings in connection with B&O insurance coverage and indemnity case and claims (.40); follow up and review e-mails related to status of SUN Trustee's Motion and strategy regarding same (.30) | 2.00 |
| 04/27/13 | EC | Resaerch relating to ▮▮▮▮▮▮ of "issuer" concept under securities law and whether that effects issuer status of a depositor for purposes of 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |
| 04/27/13 | BMK | Email correspondence with P. Buenger addressing comments from Morrison & Foerster re: Limited Objection to SUN Trustee Standing Motion (.30); email correspondence with P. Buenger detailing ▮▮▮▮▮▮ under relevant case law (.30); email correspondence with P. Buenger re: ▮▮▮▮▮▮ and ResCap LLC Claim as set forth in motions to approve RMBS Trust Settlements re: addressing certain issues in connection with same for objection to SUN Trustee Standing Motion (.30) | 0.90 |
| 04/27/13 | DAB | Review and analyze G. Lee/Morrison & Foerster comments to draft limited objection to SUN Trustee's | 4.10 |

12-12020-mg    Doc 6588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-11 Pg 168 of 254

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   59

motion (.40); review extensive correspondence between P
Buenger, B. Kotliar and M. Gallagher regarding G. Lee's
comments to same (.50); confer with P. Buenger
regarding edits to same to address certain of G. Lee's
comments (.80); review and further revise sections of draft
regarding veil piercing/alter ego claims belonging to
Debtors' estates pursuant to Delaware law and the
Bankruptcy Code, and expiration of AFI
████████████████████████ (.80)
review Debtors' Examiner submissions and adversary
proceeding filings regarding ResCap D&O insurance
coverage and indemnification obligations in connection
with inclusion of reference to same in draft limited
objection to SUN Trustee standing motion (.60); review
case law cited in same regarding same (.50);
incorporation of discussion of ResCap's D&O insurance
coverage and indemnification obligations and legal
arguments with respect to same in draft limited objection
to SUN Trustee's motion (.30); draft detailed email to P.
Buenger and B. Kotliar summarizing various open issues
requiring further review and consideration in connection
with G. Lee's comments to draft limited objection to SUN
Trustee's motion, including further refining of discussion of
AFI PSA and ████████████ description of costs to the
estate of a grant of SUN Trustee standing, ████████
████████████████ in connection with revisions to draft
limited objection to SUN Trustee's motion (.20)

04/27/13  PJB2    Multiple correspondences and calls with B. Kotliar re:
revising Objection to SUN Trustee's Standing Motion
pursuant to comments from Debtors' lead counsel and
additional research needed to address issues re: same
(.80); review various versions of RMBS Settlement
Agreement and docket pleadings related to same re:
proposal of prior amendments re: debtor Residential
Capital, LLC and benefits to ResCap for purposes of
incorporating same into draft Objection to SUN Trustee's
Standing Motion (2.80); revise Objection to SUN Trustee's
Standing Motion pursuant to comments from Debtors' lead
counsel and after research re: procedures dealing with
████████████████████ and review of various docket pleadings
(1.80); research re: ████████████████
████████████████████████████████████
████████████████████████████ (3.80); confer with D. Bloom to
work on revising Objection to SUN Trustee's Standing
Motion pursuant to comments from G. Lee, Debtors' lead
counsel (.80); review prior Plan Support Agreement and
related documents of same in regard to Debtors' asset
sales for purposes of incorporating background of same
into draft Objection to SUN Trustee's Standing Motion with
respect to expiration of                                    10.30

the Plan Support Agreement (1.30)

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 04/27/13 | ARD | Finish drafting Debtors' reply brief insert for section 510(b) "affiliate" issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.70) | 4.70 |
| 04/28/13 | EC | Research relating to issues raised in Investors' opposition to 510(b) subordination for Debtors' reply with respect to arguments that the securities are "of" the debtor in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); research relating to legislative history of Securities Act and Bankruptcy Code to determine applicability of issuer status to 510(b) subordination (2.40) | 3.70 |
| 04/28/13 | BMK | Email correspondence with D. Bloom and P. Buenger re: addressing Morrison & Foerster's comments re: creditors of HoldCo and the OpCos for addressing statements in connection with the SUN Trustee Motion for standing to prosecute and settle estate claims (.30); review draft complaint seeking declaratory judgment with respect to liens held by Junior Secured Noteholders, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.80 |
| 04/28/13 | DAB | Correspondence with P. Buenger re: revisions to Debtors' objection to SUN Trustee's motion for standing to bring various claims on behalf of ResCap pursuant to comments from Morrison & Foerster and T. Foudy (.30); email to B. Kotliar regarding claims analysis and master claims spreadsheet from KCC (.10); conduct detailed review of claims register to substantiate assertion in Debtors' draft limited objection to SUN Trustee's standing motion ███████ (.60); call with P. Buenger re: revised draft objection to SUN Trustee's and provision of same to T. Foudy (.20); draft and circulate email to T. Foudy summarizing open issues and revisions made to draft of same to address G. Lee's comments to same (.20) | 1.40 |
| 04/28/13 | PJB2 | Call with D. Bloom re: revised draft Objection to SUN Trustee's and providing same to T. Foudy (.20); correspond with B. Kotliar and D. Bloom re: revised draft Objection to SUN Trustee's provided by D. Bloom and providing same to T. Foudy (.30); review revised draft Objection to SUN Trustee's provided by D. Bloom (.40) | 0.90 |
| 04/28/13 | ARD | Draft summary of JSN Opposition to Investors' Summary Judgment Motion and related arguments from Investors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and | 2.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    61

Prudential are defendants (2.10)

| | | | |
|---|---|---|---|
| 04/29/13 | SJR | Review comments to Sun Trustee's STN Motion and feedback from Morrison & Foerster and Curtis Attorneys regarding same (1.60); review draft response to SUN Trustee's Motion for STN Standing and comments on same (2.10) | 3.70 |
| 04/29/13 | TF1 | Review research and past briefs/submissions with pertinent information to response to SUN Trustee's STN Motion response (2.50); edit/revise response to SUN Trustee's STN Motion in light of comments by G. Lee and A. Barrage to same (3.60); review emails regarding AFI and Committee positions on SUN Trustee's STN Motion (1.00); call with A. Barrage and M. Gallagher on SUN Trustee's STN Motion response (.40) | 7.60 |
| 04/29/13 | MG8 | Teleconference with T. Foudy and A. Barrage regarding issues related to Wilmington Trust's motion for standing to assert certain causes of action belonging to the Debtors and preparation of response to the same (.40); review and comment on drafts of Debtors' limited objection the Wilmington Trust's motion for standing to assert certain causes of actions and coordinate comments of Curtis and Morrison & Foerster with respect to the same (1.60); attend to review of updated ▉▉▉▉▉▉ and compare the same to ▉▉▉▉▉▉▉▉▉ draft complaint submitted by SUNs' Trustee in connection with preparation of Debtors' response to motion for standing filed by SUNs' Trustee (.40); review and respond to numerous communications with D. Bloom regarding response to SUN Trustee's motion for standing to prosecute and settle certain causes of action in connection with preparation of Debtors' response to the same (.30) | 2.70 |
| 04/29/13 | EC | Review line of precedent ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ definition of "issuer" and whether trust, as "issuing entity" is only actual source of securities, despite securities law treatment of depositor as such in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20); review ▉▉▉ ▉▉▉▉▉▉▉▉▉▉ and related authority set forth therein in order to prepare effective reply brief addressing Investors' assertions that a narrow reading of 510(b) is mandated, despite the aparently broad and encompassing treatment received in those cases (2.60); draft email to D. Bloom discussing research findings from review and setting forth proposed arguments for reply to Investor opposition memoranda (.60); review precedent cited in Investor opposition memoranda, with particular focus | 7.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   62

on Washington Mutual decision and precedent cited
therein for the non-subordination of trust issued asset
backed securities and whether issuer status was ever
addressed in those decisions (2.30); research relating to
legislative history of the Bankruptcy Code with respect to
establishing congressional intent for an expansive reading
on 510(b) that would encompass related trust claims (.80)

| | | | |
|---|---|---|---|
| 04/29/13 | DAB | Respond to T. Foudy's email regarding G. Lee's comments to draft limited objection to SUN Trustee's motion (.10); multiple emails to T. Foudy regarding Whitlinger Affidavit cited in same draft limited objection (.20); correspondences with B. Kotliar and P. Buenger regarding removal of ███████ for purpose of revising discussion of same in draft limited objection to SUN Trustee Standing Motion (.20); review and respond to email memorandum by E. Combs regarding legislative history underlying Section 510 of the Bankruptcy Code and SEC regulations cited in Investors' subordination summary judgment motion and opposition to Debtors' subordination summary judgment motion (.30); review emails from M. Gallagher and B. Kotliar regarding ████ for purpose of analyzing extension of automatic stay to include same in connection with draft limited objection to SUN Trustee's motion (.20) | 1.00 |
| 04/29/13 | PJB2 | Review transcripts of prior hearings regarding ████ ████ and settlement agreements with respect to relevant information on previous ████ ████ for inserting same into objection to SUN Trustee's standing motion (3.20) | 3.20 |
| 04/30/13 | SJR | Attend to review of Objection to UCC Standing Motion filed by various parties (.70); confer with T. Foudy regarding status of matters regarding STN standing motions and relevance to Debtors' response to SUN Trustee's motion (.20) | 0.90 |
| 04/30/13 | TF1 | Review objections to UCC standing motion filed by SUNs, JSNs, and AFI (.60); exchange emails with Morrison & Foerster regarding modifications to SUN Trustee's STN response in light of same (.30); edit response to SUNs' STN in light of same and forward to Morrison & Foerster (.80); review objection by JSNs to Debtors' motion to extend exclusivity (.40); draft email with detailed instructions for cite-checking response to SUN Trustee's STN motion (.10): call with K. Sadeghi on status of reply brief on subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.30) review and respond to Quinn Emanuel request regarding time to answer subordination adversary complaint (.20) | 2.90 |

| 04/30/13 | MG8 | Review objections of AFI, SUNs and JSNs to motions by Committee and Wilmington Trust seeking standing to prosecute certain claims against AFI and other claims of Debtors' estates, as they relate to Debtors' response to Wilmington Trust standing motion (1.50); review and revise portion of draft response to SUN Trustee's standing motion relating to settlement authority and follow-up with D. Bloom regarding the same (.70); review Committee statement regarding motion seeking standing and attached partially redacted motion, as it relates to Debtors' limited objection to similar motion made by Wilmington Trust (SUN Trustee) (1.10) | 3.30 |
|---|---|---|---|
| 04/30/13 | EC | Conduct research relating to rule making history of asset backed securities regulation for reply discussion of depositor as issuer ███████████████ ████████████████████ (2.30); review AIG opposition to Debtors' Summary Judgment Motion and cited cases and preparing brief synopsis of proposed responses on critical points raised therein (1.30); research relating to legislative history of Exchange Act, Securities Act and Bankruptcy Act for reply memorandum insert relating to issuer status establishing "of the debtor" status for the purpose of 510(b (1.90); draft reply brief section relating to borrowing from securities law for bankruptcy law where bankruptcy does not specifically define securities related terms (1.10) | 6.60 |
| 04/30/13 | BMK | Review AFI, SUN Trustee, and JSN objections to Committee Motion seeking standing to prosecute and settle estate claims (.80); assist with drafting portion of objection to SUN Trustee Standing Motion re: settlements by ensuring accuracy of assertions with respect to Committee and SUN Trustee Proposed Orders and citations (1.10); perform citecheck of all cases and pleadings cited and relied upon in Limited Objection to SUN Trustee Standing Motion including prior and subsequent case history, accuracy of parenthetical explanations and support for underlying assertions, and conformity with citation requirements (4.20); Review notes and comments from prior week meeting discussing section 510(c) of the Bankruptcy Code re: drafting section of reply brief in further support of Debtors' motion for summary judgment seeking subordination of Investors' RMBS fraud claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); draft outline of Section 510(b) subordination section of reply brief focusing on no fault equitable subordination case law investors relied upon cases, and legal and factual assertions of | 13.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   64

same (.80); review joint stipulation of facts and attached
exhibits for facts to support arguments that particular facts
and circumstances justify no fault equitable subordination
and is not categorical (1.50); draft Section 510(c) of reply
brief incorporating arguments from outline and particular
facts from joint stipulation (1.40); outline arguments re:
Investors' double recovery through Trust Claims and
RMBS fraud claims (1.20); draft portion of brief re: same
with specific attention to caselaw re:
duplicative/overlapping claims, multiple recoveries (1.10);
review investors' cited cases for proposition that they are
entitled to both contract and fraud recoveries (.50);
incorporate arguments addressing same into draft reply
brief (.40)

| | | | |
|---|---|---|---|
| 04/30/13 | JTW | Review and compare Committee's redacted standing motion and partially redacted standing motion for D. Bloom for use in connection with response to SUN Trustee Standing Motion (.40) | 0.40 |
| 04/30/13 | DAB | Correspondence with M. Gallagher and P. Buenger regarding draft limited objection to SUN Trustee's standing motion (.10); review limited objection to ensure compliance with case management order (.20); review P. Buenger email regarding status of draft limited objection (.10); communication with M. Gallagher and J. Weber regarding unredacted Committee standing motion and Committee's proposed causes of action contained therein (.10); review and analysis of various cases cited and distinguished by the Investors (including AIG, Prudential and Mass Mutual) in their opposition to the Debtors' subordination summary judgment motion for purpose of drafting counterarguments with respect to same for inclusion in reply to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50); further review and analysis of Impac case cited by Investors and ███████████████████████ for purpose of distinguishing holding of Impac decision in Debtors' reply to Investors' subordination opposition (1.00); draft detailed outline of reply to Investors' opposition to Debtors' subordination summary judgment motion, including, among other topics, legal arguments related to applicability of case law cited by Debtors interpreting "issuer" definition, inapplicability and distinguishability of Impac decision, inaccurate reading of exclusory language in SEC regulations, and inaccurate interpretation of Washington Mutual decision (1.00); confer with E. Combs regarding required analysis of Alfa v Enron case in order to distinguish same in draft reply to Investors' opposition to Debtors' subordination summary judgment motion (.20); review and analyze SUN Trustee and Ally objections to Committee standing motion in connection with revisions to draft | 8.30 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 174 of 254

|  |  |  |  |
|---|---|---|---|
|  |  | limited objection to SUN Trustee's standing motion (.80); review comments from A. Barrage, G. Lee, T. Foudy, and M. Gallagher regarding strategy with respect to draft limited objection to SUN Trustee STN Motion for purpose of incorporating same into revised version of same (.50); review and analyze case law discussing ███████ ████████ including ████████ and ███ in connection with revisions to draft limited objection to SUN Trustee STN Motion (.80); draft expanded insert ████████████████████████ ████████████ for inclusion in Debtors' revised draft limited objection to SUN Trustee's standing motion per T. Foudy request (.90); confer with P. Buenger and B. Kotliar regarding G. Lee and A. Barrage comments to draft limited objection (.10); review M. Gallagher comments to third-party settlement authority argument and incorporate same into draft limited objection (.60); review further correspondence from A. Barrage and J. Levitt regarding additional revisions to draft limited objection (.30); confer with T. Foudy regarding further revised draft limited objection to SUN Trustee standing motion (.10) |  |
| 04/30/13 | PJB2 | Correspondences throughout the day with D. Bloom re: revisions to objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC pursuant to comments from Debtors' lead counsel and T. Foudy (.30); review omnibus objection of Junior Secured Noteholders to standing motions of the Committee and the SUN Trustee to bring estate claims (.40); review transcripts of court hearings re: previous RMBS Settlement Motions and different version of RMBS settlements with respect to previous treatment of claims against Residential Capital, LLC and insertion of ████████ ████████████████████ objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC pursuant to comments from Debtors' lead counsel and T. Foudy (2.80); revise objections to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC pursuant to comments from Debtors' lead counsel and T. Foudy (.40) | 3.90 |
| 04/30/13 | JDM | Attention to tracking issue of ████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |

|  |  |
|---|---|
| TOTAL HOURS | 1,017.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   66

## Summary of Services

|  | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 93.90 | 830 | 77,937.00 |
| Michael J. Moscato | Partner | 4.80 | 785 | 3,768.00 |
| Theresa A. Foudy | Partner | 115.70 | 730 | 84,461.00 |
| Maryann Gallagher | Counsel | 62.70 | 625 | 39,187.50 |
| Andrew B. Zinman | Associate | 2.80 | 590 | 1,652.00 |
| Daniel A. Bloom | Associate | 228.10 | 480 | 109,488.00 |
| Peter Josef Buenger | Associate | 47.40 | 425 | 20,145.00 |
| J. Derek Mize | Associate | 12.60 | 425 | 5,355.00 |
| A. Robert Dawes | Associate | 103.40 | 350 | 36,190.00 |
| James Zimmer | Associate | 0.70 | 345 | 241.50 |
| Edward Combs | Associate | 125.70 | 305 | 38,338.50 |
| Bryan M. Kotliar | Associate | 169.30 | 305 | 51,636.50 |
| Stephanie R. Morris | Associate | 16.20 | 305 | 4,941.00 |
| John Thomas Weber | Associate | 6.70 | 305 | 2,043.50 |
| Georgia Faust | Legal Assistant | 15.50 | 235 | 3,642.50 |
| Melissa Rutman | Legal Assistant | 9.60 | 235 | 2,256.00 |
| Farai Chidavaenzi | Legal Assistant | 1.50 | 235 | 352.50 |
| Franklin R. Guenthner | Legal Assistant | 1.20 | 235 | 282.00 |
|  |  | **1,017.8** |  | **$481,917.50** |

**TOTAL SERVICES**                                    **$481,917.50**

## Summary of Expenses

Duplicating                                                  912.40

**TOTAL EXPENSES**                                    **$912.40**

**TOTAL THIS INVOICE**                            **$482,829.90**

# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK   10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**    Bank:               Citibank
                       ABA Routing #:      021000089
                       F/B/O:              Curtis Mallet-Prevost Colt & Mosle LLP
                       Account#            40585074

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
                       General Post Office
                       P.O. Box 27930
                       New York, NY 10087-7930

                       Residential Capital, LLC
                       Inv. # 1584493

                       Total Services                481,917.50

                       Total Expenses                   912.40

                       Applied Credit                     0.00

                       **Total This Invoice**     $482,829.90

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                          July 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                  Inv. # 1584494
Fort Washington  PA 19034                                        Our Ref. 062108-000410
                                                                 SJR

Attention:    Residential Capital, LLC

Re:   **Adversary Proceedings and Contested Matters**

---

| | | | |
|---|---|---|---|
| 04/01/13 | MJM | Edit revised version of legal memo from Curtis to Morrison & Foerster re ▮▮▮▮ in connection with JSN dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10) | 1.10 |
| 04/01/13 | BMK | Review and revise memorandum re: ▮▮▮▮ edits/comments of D. Bloom to reflect updated research requested by Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.40) | 1.40 |
| 04/02/13 | SJR | Correspondence with M. Gallagher and T. Smith ▮▮▮▮ with respect to CMH payment dispute with Cerberus and issues regarding same (.30); attend to review of research regarding ▮▮▮▮ in connection with research on JSNs and claims to be over-secured (1.30) | 1.60 |
| 04/02/13 | MJM | Meeting with B. Kotliar to discuss edits to revised legal memo re ▮▮▮▮ in the JSN dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 04/02/13 | MG8 | Telephone conference w/ A. Barrage of Morrison & Foerster regarding CMH situation with Cerberus and concerns about Examiner investigation (.20); review correspondence from L. Delehey of ResCap regarding ▮▮▮▮ CMH dispute with Cerberus (.10); draft summary of CMH situation for N. Rosenbaum ▮▮▮▮ against Cerberus parties for withheld payments to MHF (.80); correspond with N. Rosenbaum regarding CMH Holdings dispute with Cerberus and possible issues relating to Examiner investigation (.20); attend to correspondence with S. Reisman and T. Smith regarding ▮▮▮▮ CMH payment dispute with Cerberus, and related follow-up (.30) | 1.60 |
| 04/02/13 | BMK | Conference with M. Moscato re: comments/edits to updated memorandum reflecting additional issues and | 0.60 |

July 24, 2013
Inv # 1584494
Our Ref # 062108-000410

Page 2

research topics proposed by Morrison & Foerster (.60)

| | | | |
|---|---|---|---|
| 04/03/13 | SJR | Attend to matters regarding update on research for possible ██████████████ Cerberus related to amounts to ResCap (.80) | 0.80 |
| 04/03/13 | MJM | Meeting with D. Bloom and B. Kotliar re revised legal memo re ████████ in JSN dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 04/03/13 | MG8 | Conferences and correspondence with P. Buenger and J. Zimmer regarding research on ████████ ████████ CM Holdings and Cerberus regarding failure to pay distributions and related follow-up correspondence (.50) | 0.50 |
| 04/03/13 | BMK | Review and revise per edits/comments of M. Moscato and D. Bloom updated memorandum re: ████████ re: ████ follow up research requests of Morrison & Foerster (1.60); conference with M. Moscato and D. Bloom re: discuss recent edits/comments to updated memoranda and timetable for sending updated documents to Morrison & Foerster (.30); circulate draft updated memorandum to S. Reisman, M. Moscato, and D. Bloom (.10) | 2.00 |
| 04/03/13 | DAB | Further research regarding ████████ for inclusion in revised draft research memorandum regarding ████████ ████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.70); review email correspondence from M. Moscato and B. Kotliar related to same (.30); confer with M. Moscato and B. Kotliar to discuss comments to same (.20); review M. Moscato comments to same, and further revisions to same (.80); review and edit revised draft memorandum prior to circulation to Morrison & Foerster (.40); correspond with B. Kotliar regarding S. Reisman review of same (.10) | 3.60 |
| 04/03/13 | PJB2 | Research re: ████████ ████████ against conflict party Cerberus Capital Management arising under a LLC agreement with the Debtors (3.40); research re: ████ ████████ ████████ in connection with potential claims against conflict party Cerberus arising from joint venture with certain of the Debtors (1.50); research re: ████ ████████ ████ in connection with potential claims against conflict party Cerberus arising from joint venture with | 7.70 |

July 24, 2013
Inv # 1584494
Our Ref # 062108-000410

Page 3

| | | | |
|---|---|---|---|
| | | certain of the Debtors (2.30); multiple discussions with M. Gallagher and J. Zimmer on research re: █████████ Cerberus Capital Management LLC under the bankruptcy code (.50) | |
| 04/03/13 | JZ | Research in connection with CMH Holdings dispute regarding █████████████████████████████ (.80); confer and correspond with M. Gallagher and P. Buenger regarding ████████████████████████████ (.50); research in connection with CMH Holdings dispute regarding ████████████████████████ (.60) | 1.90 |
| 04/04/13 | SJR | Review extensive Memorandum on Junior Secured Noteholders' Rights with Respect to ███████████████ and other research related to same as requested by ResCap in connection with Curtis' Representation of ResCap as Conflicts Counsel, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20); review research in connection with potential █████████ against Cerberus in connection withholding of funds owed to Debtor (1.30) | 4.50 |
| 04/04/13 | MG8 | Attend to correspondence with N. Rosenbaum of Morrison & Foerster regarding status of dispute with Cerberus over CMH Holdings (.20) | 0.20 |
| 04/04/13 | BMK | Review and revise draft memorandum of research relating ██████████████████████████ and re: ████████ as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |
| 04/04/13 | DAB | Further review of legal issues analyzed in draft memorandum regarding ███████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80); correspondences with B. Kotliar regarding status of draft (.20); draft cover email summarizing findings and attach clean and redline of same for transmission to Morrison & Foerster (.40) | 1.40 |
| 04/04/13 | PJB2 | Research re: █████████████████████████ in connection with potential claims against conflict party Cerberus arising from joint venture with certain of the Debtors (1.90); research re: █████████████ in | 5.60 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 180 of 254

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  4

connection with ███████████
██████████  against conflict party Cerberus as part of
joint venture with the Debtor (2.60); research re:
██████  in
connection with potential claims against conflict party
Cerberus arising from withheld payments by Cerberus
as manager of CMH Holdings LLC (1.10)

| | | | |
|---|---|---|---|
| 04/04/13 | JZ | Research in connection with CMH Holdings dispute regarding ██████ to withhold payments due under LLC agreement (4.80); correspondence with P. Buenger regarding status of research in connection with CMH Holdings dispute regarding ██████ withhold payments due under terms of LLC agreement (.30); research regarding ██████ withheld payments pursuant to JV agreement in connection with CMH Holdings matter (.20) | 5.30 |
| 04/08/13 | DAB | Coordinate with B. Patane regarding ██████ in connection with prospective filing of JSN lien-related adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 04/08/13 | JZ | Research in connection with CMH Holdings payment dispute with Cerberus, specifically regarding ██████ (1.30) | 1.30 |
| 04/09/13 | JZ | Research regarding CMH Holdings payment dispute, regarding ██████ withhold payments due under terms of contract (1.70); correspondence with M. Gallagher regarding status of CMH Holdings dispute and ██████ (.10) | 1.80 |
| 04/10/13 | JZ | Research regarding CMH Holdings payment dispute and whether withholding payment to debtor is violation of automatic stay (.50) | 0.50 |
| 04/12/13 | MG8 | Review Committee motion seeking standing to assert causes of actions against Ally, many of which were also asserted by conflict parties (including Committee members) in submissions to the Examiner (1.70) | 1.70 |
| 04/16/13 | MG8 | Telephone conference w/ N. Rosenbaum regarding payment dispute with Cerberus over CMH Holdings and related follow-up with L. Delehey of Residential Capital regarding the same (.40) | 0.40 |
| 04/17/13 | MG8 | Attend to correspondence with L. Delehey of Residential Capital regarding next steps for CMH Holdings' dispute, and related follow-up about April 18 | 0.40 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Pg 332 of 543

| | | call with T. Smith and J. Zimmer (.40) | |
|---|---|---|---|
| 04/17/13 | JZ | Review numerous CMH Holdings' related documents in preparation for upcoming meeting regarding ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ same (.20); correspond with T. Smith and M. Gallagher regarding upcoming conference call regarding CMH dispute (.30) | 0.50 |
| 04/18/13 | SJR | Attend to matters regarding Cerberus payment issue in connection with CMH Holdings and update on status (.20) | 0.20 |
| 04/18/13 | TPS | Review CMH materials to prepare for client call (.30); conference call with M. Gallagher, J. Zimmer, L. Delehey and D. Marquardt regarding strategy on ▮▮▮▮▮▮▮ (.40); prepare correspondence to Cerberus counsel re-opening CHM distribution issues for discussion (.40) | 1.10 |
| 04/18/13 | MG8 | Participate in conference call with T. Smith, J. Zimmer, L. Delehey and D. Marquart to discuss next steps in withheld CMH Holding distribution payment issue with Cerberus (.40); prepare for call with L. Delehey and D. Marquart regarding next steps in CMH dispute with Cerberus, including brief review of prior correspondence and LLC agreement (.60) | 1.00 |
| 04/18/13 | DAB | Emails with B. Kotliar regarding draft JSN memorandum analyzing ▮▮▮▮▮▮▮ in connection with Debtors' forthcoming complaint seeking declaratory judgment with respect to the JSNs' liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.10) | 0.10 |
| 04/18/13 | PJB2 | Review and revise summary of research re:▮▮▮▮▮ actions under section 542(b) of the Bankruptcy Code ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cerberus arising from LLC agreement of CMH Holdings with certain of the Debtors and provide same to M. Gallagher (1.30) | 1.30 |
| 04/18/13 | JZ | Participate in call with T. Smith, M. Gallagher and client regarding CMH payment dispute and next steps in connection with same (.40); correspond with M. Gallagher regarding back up for CMH dispute and payments in connection with same (.30); prepare for conference call regarding CMH withheld payment dispute and next steps in connection with same (.60) | 1.30 |
| 04/19/13 | TPS | Attention to reply from Cerberus' counsel on re-opening CMH Holdings discussions (.10) | 0.10 |
| 04/19/13 | JZ | Research regarding ▮▮▮▮▮▮▮ context, for purposes related to CMH Holding's | 0.40 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  6

|  |  |  |  |
|---|---|---|---|
|  |  | payment dispute (.30); correspond with T. Smith and M. Gallagher regarding future call with Cerberus' counsel in connection with CMH payment dispute (.10) |  |
| 04/21/13 | BMK | Perform additional research by ████████████ (1.50); draft memorandum re: ████████████ (4.80); research standards governing ████████████ (2.20) | 8.50 |
| 04/23/13 | MG8 | Correspond with D. Marquardt of Residential Capital regarding status of CMH Holdings dispute with Cerberus regarding withheld distributions from LLC and potential discussion with counsel to Cerberus, the CMH Holdings' managing member (.20) | 0.20 |
| 04/23/13 | JZ | Research in connection with CMH payment dispute with Cerberus, specifically regarding ████████████ (.90); correspond with M. Gallagher regarding CMH payment dispute and status of communications with counsel to CMH and possible need for research in connection with same (.30) | 1.20 |
| 04/24/13 | JZ | Research regarding ████████████ related to CMH payment dispute with Cerberus (5.10) | 5.10 |
| 04/25/13 | JZ | Correspondence with T. Smith, M. Gallagher and J. Pollack, counsel to Cerberus, regarding CMH payment dispute and attempts to resolve same (.20) | 0.20 |
| 04/26/13 | SJR | Review research regarding SUN Trustee motion to obtain standing under relevant STN caselaw (.60) | 0.60 |
| 04/26/13 | TPS | Review CMH Holdings materials for call with counsel to Cerberus (.90) | 0.90 |
| 04/26/13 | MJM | Review current draft of Complaint against JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10); draft email to S. Reisman, D. Bloom, and B. Kotliar re comments concerning draft complaint against JSNs (.30) | 1.40 |
| 04/26/13 | JZ | Attend to correspondence with T. Smith, M. Gallagher, and J. Pollack regarding attempts to resolve CMH payment dispute (.10) | 0.10 |
| 04/28/13 | SJR | Attend to review and comment on draft Complaint regarding Junior Secured Noteholders seeking Declaratory Judgment with respect to whether or not Junior Secured Noteholders are entitled to post-Petition interest and whether or not they are over secured with | 3.20 |

12-12020-mg   Doc 3588-12   Filed 05/02/14   Entered 05/02/14 22:56:28   Exhibit
Exhibit I-1   Pg 334 of 543

|  |  |  |  |
|---|---|---|---|
|  |  | respect to collateral, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) |  |
| 04/28/13 | DAB | Review email from Morrison & Foerster containing revised and expanded draft complaint against the JSNs seeking a declaratory judgment with respect to the extent of the JSNs' purported liens on Debtor collateral and entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30); review and comment on draft complaint (2.30); correspond with B. Kotliar regarding same (.10) | 2.70 |
| 04/28/13 | JM | Review updated draft Complaint to Determine Extent of Liens and for Declaratory Judgment, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 04/29/13 | SJR | Attend to review and comment on draft Complaint for Declaratory Judgment with respect to JSN claims and secured nature of same and alleging that JSNs are under-secured, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.70); review Cerberus situation regarding releasing of funds held by CMH Holdings and strategy regarding obtaining same ▬▬▬▬▬▬▬▬▬ (.40) | 3.10 |
| 04/29/13 | TPS | Review CMH indemnity provisions (.30); conference with M. Gallagher, J. Zimmer, A. Harris and J. Pollack regarding Cerberus' position on releasing distributions withheld by CMH Holdings (.40); follow-up with client regarding call with Cerberus (.20) | 0.90 |
| 04/29/13 | MJM | Revise current draft of Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20); meet with D. Bloom and B. Kotliar re edits to current draft of Complaint against the JSNs (.70); review new edited draft of Complaint against the JSNs (.80); meet with D. Bloom and B. Kotliar to discuss final redline reflecting Curtis's edits to draft Complaint against the JSNs (.50); edit cover email transmitting revisions to draft Complaint against the JSNs (.40) | 3.60 |
| 04/29/13 | MG8 | Participate in call with T. Smith, J. Zimmer, J. Pollack and A. Harris, counsel to Cerberus, to discuss Cerberus' view on withholding by Cerberus of distributions owed to MHF under CMH Holding LLC agreement (.40); draft correspondence to client regarding call with counsel to Cerberus in connection with withheld distributions by CMH Holdings (.30) | 0.70 |
| 04/29/13 | BMK | Numerous meetings with M. Moscato and D. Bloom re: edits and comments to draft complaint initiating adversary proceeding to determine the extent of the liens of the Junior Secured Noteholders, as Wells | 6.70 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  8

Fargo and noteholders UBS and Loomis are potential conflict parties (1.20); incorporate edits and comments of M. Moscato to draft complaint (.60); review same re: ensuring accuracy of citations and quotes to underlying documents such as the Indenture and Pledge and Security Agreement to ensure internal consistency throughout draft (2.30); review additional edits and comments of M. Moscato and D. Bloom and ensure consistency post-changes throughout draft complaint (.60); finalize same for circulating to Morrison & Foerster and Committee for comments (1.20); draft email correspondence with S. Martin at Morrison & Foerster re: open issues and concerns of draft complaint (.20); correspondence with D. Bloom and P. Buenger re: ▮▮▮▮▮▮▮▮▮ and "ResCap LLC Claim" set forth in Debtors' motions to approve the RMBS Trust Settlements for description included in objection to SUN Trustee Standing Motion (.30); review underlying documents such as RMBS Settlement Agreements and Motions to Approve re: same (.30)

| 04/29/13 | DAB | Confer with M. Moscato and B. Kotliar regarding Morrison & Foerster's draft complaint against the JSNs seeking a declaratory judgment with respect to the extent of the JSNs' liens on Debtor collateral and entitlement to post-petition interest and discuss required revisions/comments to same with same, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20); address and incorporate various comments of M. Moscato and B. Kotliar to same into revised draft of same (.50); additional review and comment to same based on detailed review of defined terms and legal arguments for internal consistency and accuracy, with focus on discussion of servicer advances, avoidance proceeds and equitable lien arguments (2.80); conform documents to match those filed in prior ResCap adversary proceedings (.20); email to S. Reisman and M. Moscato regarding references to Curtis in draft complaint (.10); draft detailed cover email on behalf of M. Moscato detailing comments to draft JSN declaratory judgment complaint and revise same per M. Moscato direction (.60); email same with clean and redline versions to M. Moscato for review and transmittal to Morrison & Foerster (.10); review Morrison & Foerster's response to Curtis's comments to draft JSN declaratory judgment complaint (.10) | 5.60 |

| 04/29/13 | JZ | Correspondences with M. Gallagher, T. Smith and J. Pollack regarding scheduling call to discuss CMH payment dispute issues (.30); call with T. Smith, M. Gallagher, J. Pollack, and A. Harris regarding CMH payment dispute and possible resolution of same (.40); correspondence with M. Gallagher regarding ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for purposes relevant to | 1.40 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  9

same (.20); review and provide comments to M.
Gallagher's correspondence with client regarding
summary of call with CMH's counsel in connection with
potential resolution of CMH payment dispute (.30);
prepare for call with T. Smith, M. Gallagher, and J.
Pollack regarding same (.20)

| | | | |
|---|---|---|---|
| 04/30/13 | JTW | Review Committee's standing motion re: whether it includes request for authority to pursue claims against CMH Holdings or Cerberus (.70); confer with J. Zimmer re: related research project (.20) | 0.90 |
| 04/30/13 | JZ | Confer with J. Weber regarding research needed in connection with CMH Holdings with respect to Committee Standing Motion and treatment of Cerberus in same (.20); correspond with M. Gallagher regarding research involving CMH payment dispute issues, including ███████████████ (.50) | 0.70 |

TOTAL HOURS          102.00

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 14.00 | 830 | 11,620.00 |
| Turner P. Smith | Partner | 3.00 | 830 | 2,490.00 |
| Michael J. Moscato | Partner | 7.00 | 785 | 5,495.00 |
| Maryann Gallagher | Counsel | 6.70 | 625 | 4,187.50 |
| Daniel A. Bloom | Associate | 13.70 | 480 | 6,576.00 |
| Julia Mosse | Associate | 0.40 | 435 | 174.00 |
| Peter Josef Buenger | Associate | 14.60 | 425 | 6,205.00 |
| James Zimmer | Associate | 21.70 | 345 | 7,486.50 |
| Bryan M. Kotliar | Associate | 20.00 | 305 | 6,100.00 |
| John Thomas Weber | Associate | 0.90 | 305 | 274.50 |
| | | **102.00** | | **$50,608.50** |

**TOTAL SERVICES**          $50,608.50

12-12020-mg    Doc 4532-8    Filed 08/07/13    Entered 08/07/13 14:13:23    Main Document
Fg 337 of 343

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  10

**TOTAL THIS INVOICE**                                  $50,608.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584494

| | |
|---|---:|
| Total Services | 50,608.50 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$50,608.50** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

July 24, 2013

Inv. # 1584495
Our Ref. 062108-000700
SJR

Attention:     Residential Capital, LLC

**Re:   Curtis Retention/Billing/Fee Applications**

| | | | |
|---|---|---|---|
| 04/04/13 | SJR | Confer with M. Gallagher regarding responding to Objection of U.S. Trustee to Second Interim Fee Application (.20) | 0.20 |
| 04/04/13 | MG8 | Confer with S. Reisman regarding submission to U.S. Trustee of response and materials with respect to the Omnibus Objection to Second Interim Fee Applications, and related follow-up (.20) | 0.20 |
| 04/04/13 | GF | Draft coversheet and annexed exhibits including totals calculations to January 2013 Fee Statement for J. Zimmer review and according to UST guidelines (3.20) | 3.20 |
| 04/04/13 | JZ | Confer with G. Faust regarding comments to January monthly fee statement, including comments regarding charts and narratives in cover letter to same in accordance with UST guidelines (.10) | 0.10 |
| 04/05/13 | GF | Analyze backup cost materials re: UST guidelines and revise coversheet and annexed exhibits to January 2013 Fee Statement in order to reflect details of same for J. Zimmer review including numerous discussions with J. Zimmer on same (1.00) | 1.00 |
| 04/05/13 | PJB2 | Draft summary and script in preparation for upcoming hearing on Curtis' Second Interim Fee Application (1.10) | 1.10 |
| 04/05/13 | JZ | Review and revise draft of January fee statement in accordance with UST guidelines, including revisions to charts and cover letter attached to same and numerous discussions with G. Faust on same (.40) | 0.40 |
| 04/08/13 | PJB2 | Draft script summarizing fees and expenses incurred by Curtis as conflicts counsel to the Debtors during the Second Interim Fee Period in preparation for the upcoming hearing on same, follow-up with M. Gallagher on same (.80) | 0.80 |
| 04/09/13 | MR2 | Attend to correspondence with Chambers regarding Notice of Supplemental Materials in Support of Second Interim Fee Application of Curtis, Mallet-Prevost, Colt & | 0.80 |

12-12020-mg    Doc 4532    Filed 08/08/14    Entered 08/08/14 22:56:28    Main Document
Pg 340 of 843

July 24, 2013
Inv # 1584495
Our Ref # 062108-000700

Page 2

|  |  | Mosle LLP, as Conflicts Counsel to the Debtors and Debtors in Possession (.80) |  |
|---|---|---|---|
| 04/10/13 | PJB2 | Work with M. Gallagher on preparing for upcoming hearing on Curtis' Interim fee application and background re: underlying fees and objection and resolution of United States Trustee to same (.30) | 0.30 |
| 04/10/13 | MR2 | Attend to preparations of CD and related correspondence to send to Chambers re: supplemental fee app materials (.90) | 0.90 |
| 04/10/13 | JZ | Coordinate with G. Faust regarding preparation of January and February monthly fee statements in accordance with UST guidelines including numerous comments to charts of same (.20) | 0.20 |
| 04/11/13 | MG8 | Prepare for and attend hearing on Second Interim Fee Applications as Curtis representative (2.20) | 2.20 |
| 04/12/13 | JZ | Review and revise draft of January monthly fee statement to incorporate M. Gallagher's comments to same, including revising narratives of cover letter all in accordance with U.S. Trustee guidelines (.30) | 0.30 |
| 04/15/13 | RMS | Revise and update the January Monthly Fee Statement in accordance with U.S. Trustee Guildelines including revisions to charts and exhibits of same, per the request of J. Zimmer (2.80); confer with J. Zimmer re: same (.30) | 3.10 |
| 04/15/13 | JZ | Review and revise draft of January and February monthly fee statements including providing comments to charts and narratives contained in cover letter all in accordance with U.S. Trustee guidelines (.50); confer with R. Srulowitz regarding preparation of January and February monthly fee statements, including providing comments to charts and summary narratives contained in cover letter to same (.30) | 0.80 |
| 04/16/13 | SJR | Attend to review of draft Order with respect to Second Interim Fee Application in ResCap case and sign-off on same (.40) | 0.40 |
| 04/16/13 | MG8 | Review draft proposed order approving Second Interim Fee Applications and follow up with E. Richards of Morrison & Foerster regarding the same (.20) | 0.20 |
| 04/16/13 | JZ | Review and revise draft of January monthly fee statement, including updating charts and cover letter to conform with M. Gallagher's comments to same (.30); correspondence with E. Richards of Morrison & Foerster regarding review of proposed interim fee order and proper service parties for fee application (.30); work with R. Srulowitz regarding preparation of January monthly fee statement, including revisions to charts and cover letter to same, all in accordance with U.S. | 0.80 |

12-12020-mg    Doc 4532    Filed 08/07/13    Entered 08/07/13 14:22:56:28    Main Document
Pg 341 of 943

July 24, 2013
Inv # 1584495
Our Ref #  062108-000700

Page  3

Trustee guidelines (.20)

| 04/17/13 | JZ | Review and revise drafts of same fee statements in accordance with UST guidelines, including revisions to charts and summary narratives contained in cover letter for same (.30) | 0.30 |
| 04/18/13 | JZ | Correspondence with S. Reisman and M. Gallagher regarding review of January monthly fee statement and comments to charts and exhibits of same (.20); finalize same, including revisions to charts and cover letter for same (.30) | 0.50 |
| 04/19/13 | GF | Finalize and prepare submission of January Fee Statement, per conversation with J. Zimmer, including email submission to counsel and electronic submission to Residential Capital billing committee according to updated protocol (1.90) | 1.90 |
| 04/19/13 | JZ | Correspond with M. Gallagher regarding service of January monthly fee statement (.10); work with G. Faust regarding service of same and issues related to finalizing of same (.30) | 0.40 |
| 04/29/13 | JZ | Review correspondence from E. Richards of Morrison & Foerster providing as filed order approving Second Interim Fee Applications as well as providing thorough descriptions of fee procedures going forward (.30) | 0.30 |

TOTAL HOURS    20.40

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.60 | 830 | 498.00 |
| Maryann Gallagher | Counsel | 2.60 | 625 | 1,625.00 |
| Peter Josef Buenger | Associate | 2.20 | 425 | 935.00 |
| James Zimmer | Associate | 4.10 | 345 | 1,414.50 |
| Georgia Faust | Legal Assistant | 6.10 | 235 | 1,433.50 |
| Rebecca M. Srulowitz | Legal Assistant | 3.10 | 235 | 728.50 |
| Melissa Rutman | Legal Assistant | 1.70 | 235 | 399.50 |
| | | **20.40** | | **$7,034.00** |

**TOTAL SERVICES**    **$7,034.00**

12-12020-mg   Doc 4532   Filed 08/07/13   Entered 08/07/13 14:13:23   Main Document
Pg 342 of 943

**TOTAL THIS INVOICE**                    **$7,034.00**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584495

| | |
|---|---:|
| Total Services | 7,034.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$7,034.00** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

Residential Capital, LLC                                         September 09, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                  Inv. # 1588079
Fort Washington PA 19034                                         Our Ref. 062108-000100
                                                                SJR

Attention:    Residential Capital, LLC

**Re:  Case Administration**

---

| 05/09/13 | MG8 | Attend to further organization of associates and paralegals for downloading, assembling and distribution of Examiner Report in connection with several matters on which Curtis is advising Debtors, including adversary proceeding involving JSNs, adversary proceeding seeking to extend the automatic stay, Wilmington Trust motion for standing and CMH Holdings' transaction in connection with Curtis' role as conflicts counsel (.60); review of heavy recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including several stipulations and orders regarding stay relief, notices of withdrawal, notices of adjournment of matters scheduled for May 14 hearing, Committee objection to Wilmington Trust standing motion, Debtors' motion regarding severance, stay relief objections, and notice of Examiners' intent to file report (1.20) | 1.80 |

| 05/10/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including numerous notices of adjournment and stipulations in connection with May 14 hearing and notice of Examiner regarding delay in issuance of Examiner's report (.80) | 0.80 |

| 05/13/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as debtors' conflicts counsel, including recent pleadings filed in connection with contested use of JSNs cash collateral, notices regarding May 14 hearing, and certain claims matters (.70); review filings related to submission of Examiner's report and related correspondence with T. Foudy, D. Bloom and B. Kotliar with respect to same and potential impact on matters that Curtis is handling as conflicts counsel for the Debtors (.60) | 1.30 |

| 05/14/13 | MG8 | Brief review of voluminous docket activity, including retention orders, the cash collateral stipulation with the JSNs, other filings related to orders entered in connection with May 14 Omnibus hearing and numerous pleadings and declarations filed by parties regarding evidence in connection with RMBS Settlement trial scheduled for May 28, all in connection | 1.40 |

12-12020-mg    Doc 6588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-1    Pg 194 of 254

|          |     |                                                                                                                                                                                                                                                                                                                                                                                  |      |
|----------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |     | with Curtis' role as Debtors' conflicts counsel (1.40)                                                                                                                                                                                                                                                                                                                            |      |
| 05/15/13 | MG8 | Review briefly filings in connection with sealing of Examiner's report, Wilmington Trust filling in Support of the Response of the Official Committee of Unsecured Creditors to Debtors' Motion to Strike the Objection and Exclude the Evidence of the Official Committee of Unsecured Creditors in Opposition to the RMBS Trust Settlement as well as Committee's Pretrial Submission for RMBS Settlement trial in connection with Curtis' role as Debtors' conflicts counsel (.20) | 0.20 |
| 05/15/13 | GF  | At request of B. Kotliar, review Supplement to the Fifth Revised Joint Omnibus Scheduling Order and revise correspondence and scheduling accordingly (.80)                                                                                                                                                                                                                          | 0.80 |
| 05/17/13 | DAB | Correspond with B. Kotliar regarding adjourned hearing dates in connection with Curtis' role as conflicts counsel with respect to certain holders of JSNs (.10); attend to extensive review of ResCap docket in order to draft summary of key pleadings and filings in same for T. Foudy for matters that Curtis is handling as conflicts counsel (1.00)                           | 1.10 |
| 05/20/13 | MG8 | Review voluminous docket activity, including numerous filings by various parties in interest with respect to evidence for trial on RMBS Trust settlement, multiple stipulations with respect to stay relief and scheduling order with respect to FGIC issues, and Judge Cote order dismissing FHFA appeal as moot, all in connection with Curtis' role as Debtors' conflicts counsel (1.10) | 1.10 |
| 05/21/13 | MG8 | Attend to review of recent docket activity, including agendas for hearings on May 23, 2013 and numerous filings relating to evidence in connection with RMBS settlement trial (.70)                                                                                                                                                                                                 | 0.70 |
| 05/22/13 | MG8 | Review Berkshire Hathaway motion for release of Examiner Report and related follow-up with D. Bloom (.50)                                                                                                                                                                                                                                                                           | 0.50 |
| 05/23/13 | MG8 | Attend to review of recent docket activity, including numerous filings related to adjournments and postponements of scheduled hearings as a result of filing of Debtors' motion for authority to enter into Plan Support Agreement, in connection with Curtis' role as conflicts counsel to the Debtors (.60)                                                                         | 0.60 |
| 05/23/13 | BP  | Per B. Kotliar's request, update court calendar to reflect hearing dates and objection deadlines as set by the court in connection with critical case items and matters that Curtis is handling as conflicts counsel (.60)                                                                                                                                                           | 0.60 |
| 05/24/13 | MG8 | Review recent docket activity, including numerous filings related to the automatic stay, claims objections and notice of status conference in connection with                                                                                                                                                                                                                       | 0.60 |

September 09, 2013
Inv # 1588079
Our Ref #   062108-000100

Debtors' motion seeking authority to enter into a plan
support agreement with, among others, AFI, the
Committee and numerous creditors, all in connection with
Curtis' role as conflicts counsel to the Debtors (.60)

| | | |
|---|---|---|
| 05/28/13 MG8 | Attend to docket review in connection with Curtis' role as Debtors' conflicts counsel, including District Court orders, responses to claim objections, stipulations regarding stay relief and late filed claims, adversary complaint, and notices related to status conference on Debtors' motion for authorization to enter into plan support agreement (.60) | 0.60 |

**TOTAL HOURS** 12.10

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 9.60 | 625 | 6,000.00 |
| Daniel A. Bloom | Associate | 1.10 | 480 | 528.00 |
| Georgia Faust | Legal Assistant | 0.80 | 235 | 188.00 |
| Brittany Patane | Legal Assistant | 0.60 | 235 | 141.00 |
| | | **12.10** | | **$6,857.00** |

**TOTAL SERVICES** $6,857.00

### Summary of Expenses

| | |
|---|---|
| Courier Expense | 25.43 |
| External Photocopy Services | 29.60 |
| Pacer - ECF | 30.50 |

**TOTAL EXPENSES** $85.53

**TOTAL THIS INVOICE** $6,942.53



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                    September 06, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                             Inv. # 1578334
Fort Washington  PA 19034                                   Our Ref. 062108-000220
                                                            SJR

Attention:    Residential Capital, LLC

**Re:  Cash Collateral, DIP & Other Financing**

---

| Date | Init. | Description | Hours |
|------|------|-------------|-------|
| 05/10/13 | MG8 | Review briefly additional filings by Committee and JSNs with respect to use of cash collateral in connection with Curtis' role as conflicts counsel in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 05/11/13 | SJR | Review of Junior Secured Noteholders' Response in connection with Debtors' Request for Continued Use of Cash Collateral for impact on JSN adversary proceedings as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 05/11/13 | MG8 | Attend to brief review of papers filed by counsel to Junior Secured Noteholders in connection with Debtors' request for continued use of cash collateral, as Curtis acts as conflicts counsel in connection with certain aspects of the disputes with the Junior Secured Noteholders (.20) | 0.20 |

TOTAL HOURS                                                                     0.90

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|-------|-------|------|--------|
| Steven J. Reisman | Partner | 0.30 | 830 | 249.00 |
| Maryann Gallagher | Counsel | 0.60 | 625 | 375.00 |
| | | **0.90** | | **$624.00** |

**TOTAL SERVICES**                                                        $624.00

12-12020-mg    Doc 6588-12    Filed 03/03/14    Entered 03/03/14 22:56:28    Exhibit
Exhibit I-B1    Pg 197 of 254

**TOTAL THIS INVOICE**                                    **$624.00**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

September 06, 2013

Inv. # 1588078
Our Ref. 062108-000320
SJR

Attention:    Residential Capital, LLC

Re:    **Claims Administration and Objections**

---

| | | | |
|---|---|---|---|
| 05/01/13 MG8 | Attend to matters relating to Omnibus claims objections to claims filed by conflict parties, Bank of America, MidFirst Bank and City of Copper and related follow up with T. Foudy, J. Wishnew and M. Rothchild (.80) | | 0.80 |
| 05/02/13 MG8 | Attend to correspondence with M. Rothchild regarding comments to form of individualized notices for objections to claims filed by conflict parties MidFirst Bank and City of Copper, and related follow-up with T. Foudy (.30) | | 0.30 |
| | TOTAL HOURS | | 1.10 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 1.10 | 625 | 687.50 |
| | | **1.10** | | **$687.50** |

**TOTAL SERVICES**                                **$687.50**

**TOTAL THIS INVOICE**                        **$687.50**

12-12020-mg    Doc 5828    Filed 11/18/13    Entered 11/18/13 16:21:23    Main Document
Pg 199 of 254



# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington PA 19034

September 06, 2013

Inv. # 1588073
Our Ref. 062108-000400
SJR

Attention:    Residential Capital, LLC

**Re:   General Litigation Matters**

---

| | | | |
|---|---|---|---|
| 05/01/13 | SJR | Attend to matters regarding JSNs' objection to STN motion and confer with T. Foudy regarding matters related to same in connection with preparing reponse to SUNs STN motion that Curtis is handling as conflicts counsel (1.20); review script and outline for hearing on UCC standing motion requested by G. Lee and underlying docmentation re: same (.90); confer with T. Foudy re: standing motion (.20) | 2.30 |
| 05/01/13 | TF1 | Review responses to exclusivity motion filed by SUNs and UCC in connection with Curtis drafting limited objection to SUNs' motion for standing (.20); review comments to SUNs opposition from G. Lee and J. Levitt and incorporate same into draft (1.90); exchange emails with Morrison & Foerster's A. Barrage and J. Levitt on content of submission in connection with same (.50); participate in conference call with Morrison & Foerster's G. Lee, J. Levitt, and L. Marinuzzi on same (.40); confer with S. Reisman on opposition to SUNs' standing motion (.20); edit draft script for hearing on UCC standing motion (1.80) | 5.00 |
| 05/01/13 | MG8 | Review and revise talking points for May 7 hearing on standing motion filed by Official Committee of Unsecured Creditors and related filings by Wilmington Trust and JSNs matters handled by Curtis as conflicts counsel, and follow-up with D. Bloom regarding the same (.50); participate in conference call with G. Lee, J. Levitt, A. Barrage, T. Goren and T. Foudy regarding STN standing motions filed by Committee and Wilmington Trust, responses of the JSN and the SUNs and the Debtors' positions with respect to the same (.40); attend to correspondence with T. Foudy regarding tasks in connection with statement in respect of Committee's motion for standing and completion of response to SUNs motion for standing and related follow up (.50); review and revise draft section of response to SUNs' motion for standing addressing claims of JSNs against Holdco, and other claims asserted by JSNs (.50); correspond and follow up with B. Kotliar re: same (.40) | 2.30 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   2

| | | | |
|---|---|---|---|
| 05/01/13 | EC | Review and prepare comments on draft reply memo to AIG opposition in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); research relating to section 510(b) "of the debtor" standards for drafting reply memo of law re: same(1.80); draft reply sections for § 510(b) "of the debtor" argument and distinguishing authority cited in AIG opposition (2.30); meet with D. Bloom to discuss approach in response to 510(b) arguments set forth in Investor memo of law re: same (.70) | 6.10 |
| 05/01/13 | BMK | Review and revise draft reply to summary judgment motion seeking subordination of Investors' RMBS securities claims in which conflict parties including AIG, Allstate and Prudential are defendants re: section 510(c) and double recovery arguments (1.70); review draft reply received from Morrison & Foerster re: same and no fault equitable subordination arguments under section 510 (c) of the Bankruptcy code (.50) | 2.20 |
| 05/01/13 | BMK | Coordinate with F. Guenthner re: production of binder index and underlying documents for hearing on Committee Motion and Debtors' Exclusivity on May 7 in connection with substantially similar issues raised by SUN Trustee Motion that Curtis is handling as conflicts counsel (.50); complete cite check ensuring accuracy of cited cases, relied upon authorities, and support for factual and legal assertions re: filing of limited objection to SUN Trustee Motion for Standing (1.60); input additional changes to same received from attorneys at Morrison & Foerster (.50); correspondences with D. Bloom re: same addressing open issues re: HoldCo election and claims asserted by individual committee members against various Debtor entities (.50); incorporate J. Levitt's comments to same (.30); correspondences with T. Foudy and D. Bloom re: settlement authority issue underlying same (.20) | 3.30 |
| 05/01/13 | JTW | Confer with D. Bloom re: language of proposed order related to Committee's standing motion and possible limiting language needed to prevent sole settlement authority of the Claims resting with Committee in connection with similar issues raised in Wilmington Trusts' matter that Curtis is handling as conflicts counsel (.30) | 0.30 |
| 05/01/13 | DAB | Correspond with T. Foudy and transmit revised draft objection to SUN Trustee standing motion that Curtis is handling as conflicts counsel (.20); further drafting of outline regarding section 510(b) subordination for reply to Investors' subordination summary judgment opposition in which conflict parties including AIG, Allstate and Prudential are defendants and confer with E. Combs re: same (.70); review draft reply brief re: | 8.50 |

|  |  |  |  |
|---|---|---|---|
|  |  | same recevied from Morrison & Foerster (.80); review Morrison & Foerster comments regarding Debtors' strategy for responding to Committee and SUN Trustee standing motions (.20); draft summary of Debtors' objection to SUN Trustee standing motion for inclusion in response to Committee's standing motion (.60); additional analysis of settlement authority sought by the SUN Trustee in its standing motion (.30); draft email memorandum to T. Foudy regarding same (.30); review and analyze SUN Trustee's and Committee's statements regarding exclusivity in connection with drafting of responses to same (.80); various additions/changes to draft SUN Trustee objection per G. Lee and T. Foudy comments (.60); review email from T. Foudy regarding G. Lee's request for Committee standing motion hearing outline/script (.20); draft same per T. Foudy's request (2.50); revise same to incorporate M. Gallagher and T. Foudy comments (.20); confer with J. Weber re: settlement authority issue revised by Wilmington Trusts' motion (.30) |  |
| 05/01/13 | PJB2 | Review objection of AFI to Committee standing motion to bring estate claus and incorporate into Debtors' objection to the SUN Trustee's standing motion that Curtis is handling as conflicts counsel (1.40); review objection of SUN Trustee to same and incorporate into Debtors' objection to the SUN Trustee's standing motion to pursue similar claims (.50); review comments and revisions provided by Debtors' lead counsel (.40); numerous correspondences throughout the day with B. Kotliar re: various objections to Committee standing motion and revisions to Debtors' objection to SUN Trustee's standing motion (.30); research re: case pleadings and orders within the Southern District of New York in which an official creditors committee obtained authority to pursue Estate claus (2.40); follow-up with D. Bloom and B. Kotliar re: same and incorporate into materials for upcoming hearing on Committee's motion (.30) | 5.30 |
| 05/01/13 | FRG | Retrieve and complie documents for future incoporation into binder re: connections with standing motions (.30) | 0.30 |
| 05/01/13 | FRG | Compile materials for incorporation into binder re: standing motions filed by the Committee and Wilmington Trust (1.40) | 1.10 |
| 05/02/13 | SJR | Attention to matters regarding SUN Trustee Standing Motion and drafting Objection to same and follow up including plan for upcoming hearing on same handled by Curtis as conflicts counsel (1.40) | 1.40 |
| 05/02/13 | TF1 | Attend to implementation of various comments to opposition to SUNs' motion handled by Curtis as conflicts counsel from G. Lee and A. Barrage and review of revised document (1.60); reply brief on | 7.30 |

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

Page    4

| | | | |
|---|---|---|---|
| | | subordination dispute, including review of Morrison & Foester draft reply brief on subordination, E. Combs's memo on 510(a) arguments in connection therewith, R. Dawes's memo on affiliate argument in connection therewith, and D. Bloom's comments to draft, and edit brief in light thereof (3.30); review and implement J. Levitt comments to hearing argument script on Committee standing motion (1.60); review and comment on Investors' draft stipulation extending time to answer complaint in connection with subordination adversary proceeding (.40); review email forwarding draft statement in response to objections to UCC STN motion and exchange emails with D. Bloom on same (.40) | |
| 05/02/13 | MG8 | Attend to review and comment on draft talking points for May 7 hearing, as similar arguments appear in response to SUN standing motion handled by Curtis as conflicts counsel related correspondences with D. Bloom and T. Foudy regarding the same (.50); conduct research on Committee standing issue for preparation of talking points for May 7 hearing, and coordinate with P. Buenger and D. Bloom regarding same (1.20); attend to review and organize implementation and further review of G. Lee comments to Wilmington Trust standing motion and related follow-up with T. Foudy, D. Bloom and B. Kotliar re same (1.10); attend to brief review of comments to reply brief of E. Combs, D. Bloom and B. Kotliar prepared for Debtors' motion for summary judgment on subordination of Investors' securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 4.00 |
| 05/02/13 | EC | Review draft reply memorandum received from Morrison & Foerster in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants specifically geared towards research on sections 510 (a) and (b) of the Bankruptcy code (2.30) and research 510(a) and (b) issues (2.30); revise and prepare comments to draft reply for review by T. Foudy and M. Gallagher re: same (1.90) | 4.20 |
| 05/02/13 | BMK | Draft section of reply brief to summary judgment motion seeking subordination of the Investors' securities claims in which conflict parties including AIG, Allstate and Prudential are defendants by incorporating arguments from prior draft and version received from Morrison & Foester (2.30); correspond with D. Bloom re: same and open procedural issues such as page limit and filing requirements included in case management order (.30) | 2.60 |
| 05/02/13 | BMK | Review proofs of claim filed by members sitting on the official committee of unsecured creditors asserted against Debtors Residential Capital, LLC, GMAC | 5.80 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   5

Mortgage LLC, and Residential Funding Company LLC to support statements and argument re: amount and status of committee member claims for objection to SUN Trustee Motion that Curtis is handling as conflicts counsel (3.10); draft email summarizing findings re: same to T. Foudy (.50); multiple discussions re: same with D. Bloom (.40); provide citations to SUN and Committee responses to exclusivity motion and mediation order to support factual and legal assertions in objection to SUN Trustee Motion (.50); research recent Southern District of New York Bankruptcy Court cases and Judge Glenn decisions granting Committee motions for standing to assert estate claims against third parties (1.00); draft email to D. Bloom and P. Buenger summarizing same (.30)

| | | | |
|---|---|---|---|
| 05/02/13 | DAB | Review emails from T. Foudy regarding G. Lee's and A. Barrage's further comments to SUN Trustee standing objection handled by Curtis as conflicts counsel and respond to same (.20); revise draft of same to address G. Lee's, A. Barrage's, and T. Foudy's comments to same (1.70); review J. Levitt comments to draft script for hearing on Committee standing motion and revise draft to incorporate/address same (1.20); extensive further revisions to same based on T. Foudy's comments (1.20); research Second Circuit case law and unpublished decisions granting Committee's standing to pursue estate claims for use at Committee standing hearing and for incorporation into draft script for same (1.40); review E. Combs comments to Morrison & Foerster's draft subordination reply and email to E. Combs regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); revise Morrison & Foerster's draft subordination reply to incorporate collective comments to same regarding arguments pertaining to subsections 510(a)-(c) of the Bankruptcy Code (1.40) | 7.50 |
| 05/02/13 | PJB2 | Attend to multiple correspondences among D. Bloom, Foudy, B. Kotliar, M. Gallagher and lead Debtors' counsel re: comments and revisions to the Debtors' objection to the SUN trustee standing motion seeking authority to pursue certain estate causes of action being handled by Curtis as conflicts counsel (.80); review statements of the Committee and response of the SUN Trustee to Debtors' exclusivity motion for impact on same (.60); incorporate same into Debtors' objection to the SUN standing motion response (.40); review various revisions and drafts throughout the day of Debtors' objection same and provide comments on same (1.60); research re: orders and pleadings within bankruptcy cases within the Bankruptcy Court for the Southern District of New York, with emphasis on orders entered by Judge Glenn, were a committee obtained authority to pursue estate claims (3.20); | 7.20 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   6

|  |  |  |  |
|---|---|---|---|
|  |  | Correspondences with D. Bloom and B. Kotliar re: same (.30); review summary of materials and script in preparation for upcoming hearing on same claims (.30) |  |
| 05/03/13 | SJR | Attend to review of Committee's unredacted standing motion where issues impact response to SUN Trustee standing motion handled by Curtis as conflicts counsel (1.80); follow up with T. Foudy and M. Gallagher re: same (.50); attend to outstanding issues regarding limited objection to SUN Trustee Standing Motion that Curtis is handling as conflicts counsel and review e-mails regarding same (.70) | 3.00 |
| 05/03/13 | TF1 | Email correspondence with J. Levitt at Morrison & Foester concerning finalization and filing of response to SUN Trustee's STN Motion (.30); provide comments to Disclosure Statement discussion and subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants and begin review of entire disclosure statement re: same and other matters handled by Curtis as conflicts counsel (1.80); follow-up on finalizing of stipulation extending subordination defendants' time to answer and exchange emails with defendants' counsel on same (.20); review and provide comments on draft supplemental response on Committee's standing motion (.80); review/revise reply brief on subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants recorded from Morrison & Foerster, incorporating research performed by Curtis associates (2.10) | 5.20 |
| 05/03/13 | MG8 | Brief review of filed Debtors' complaint for declaratory judgment with respect to Junior Secured Notes, as it relates to issues with respect to SUN Trustee's request for standing handled by Curtis in its role as conflicts counsel (.40); correspondences with T. Foudy and J. Levitt regarding timing and logistics of filing limited objection to SUN Trustee motion for standing in light of Committee motion re: same (.40); review of unredacted draft complaint filed by SUN Trustee under seal in connection with same (.60) | 1.40 |
| 05/03/13 | GF | Assist B. Kotliar with preparation of documents re: claims filed against HoldCo. in connection with responding to Wilmington Trust Motion for standing to bring estate claims (1.00) | 1.00 |
| 05/03/13 | EC | Review and revise objection to SUN STN motion handled by Curtis as conflicts counsel in order to prepare same for filing (3.20); draft correspondence to B. Kotliar and D. Bloom re: status of reply memorandum in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and strategy for revision of argument therein (.60) | 3.80 |
| 05/03/13 | BMK | Coordinate production of materials for May 7 hearing | 0.50 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   7

|            |      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |       |
|------------|------|-----|-------|
|            |      | re: Committee Motion for Standing and Debtors' Exclusivity Motion including discussion on same with D. Bloom (.50) |       |
| 05/03/13   | DAB  | Review and extensive revisions to Morrison & Foerster draft supplemental statement in response to Committee's standing motion as similar issues arise in response to Wilmington Trust Standing Motion that Curtis is handling as conflicts counsel (1.00); emails to T. Foudy and B. Kotliar regarding HoldCo claims analysis in connection with response to SUN Trustee standing motion (.30); communication with B. Kotliar regarding hearing preparation for May 7 hearing regarding Committee standing (.10); review and respond to email from T. Foudy regarding possible adjournment of subordination pre-trial conference (.20); draft email to Quinn proposing same for T. Foudy's review (.10); communication with M. Gallagher regarding HoldCo Election reference in draft objection to SUN Trustee standing (.10); email C. Cu at KCC regarding planned filing of subordination reply and objection to SUN Trustee motion and follow up email to same in response to query regarding service (.20); communication with B. Kotliar and M. Gallagher regarding SUN Trustee's seal motion (.10); draft hearing outline/script for T. Foudy for use at both Committee standing hearing and SUN Trustee standing hearing, setting forth detailed arguments consistent with Debtors' draft objection to the SUN Trustee's standing motion (3.60); discuss Committee Members' claims issue with B. Kotliar (.40) | 6.10 |
| 05/03/13   | PJB2 | Multiple correspondences with D. Bloom, T. Foudy and B. Kotliar re: preparation for upcoming hearing, compiling pleadings and materials for same including renew of draft script re: Debtors' objection to SUN Trustee's standing motion handled by Curtis as conflicts counsel (.30); review draft of Debtors' statement in response to objections of SUN Trustee and JSNs to standing motion of the Unsecured Creditors' Committee and provide comments on same (.50); follow-up with D. Bloom re: same (.20); review materials drafted by Debtors' lead counsel in preparation for upcoming hearing on Committee's motion for standing to bring estate claims to incorporate same into hearing script (.80); review materials including script in preparation for upcoming hearing and coordinate with D Bloom re: same throughout the day (1.80); final review and revisions to Debtors' objection to SUN Trustee's standing motion with incorporated comments of Curtis and Morrison & Foerster, including table of contents and table of authorities per case management order (1.80) | 5.40 |
| 05/03/13   | FRG  | Per request of B. Kotliar, create index for compilation of documents related to standing and exclusivity motions | 2.10 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   8

| | | | |
|---|---|---|---|
| | | that Curtis is handling as conflicts counsel to be used at hearing (2.10) | |
| 05/05/13 | EC | Research relating to all issues presented in ResCap reply memo on subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants for validation of authorities set forth therein (2.30); review and revise reply memorandum to reflect updated and validated research in preparation for filing (2.50) | 4.80 |
| 05/05/13 | DAB | Correspond with B. Kotliar, M. Gallagher, and E. Combs regarding status of cite checking of Debtors' objection to SUN Trustee's standing motion handled by Curtis on its role as conflicts counsel (.30) | 0.30 |
| 05/06/13 | SJR | Attend review of documentation related to objection and reply to SUN Trustee's STN Standing Motion and matters regarding same handled by Curtis as conflicts counsel (1.10); follow-up re: same with T. Foudy and M. Gallagher in advance of hearing re: same (.60) | 1.70 |
| 05/06/13 | TF1 | Finalize response to SUNs STN motion for filing (.90); call with K. Sade of Morrison & Foerster on comments to subordination reply brief (.40); review/revise reply brief for comments (1.30); review comments to hearing script by J. Levitt of Morrison & Foerster (.30); review and provide comments to Examiner submission on Minnesota statute in response to Committee's Examiner submission paper (.90); prepare for court hearing on STN motions, including review of binder index and relevant materials (.30); review response by directors and officers to SUNS STN Motion (.40); review filed version of Debtors' supplemental statement on Committee STN motion (.20); review Committee reply on STN motion (.40) | 5.10 |
| 05/06/13 | MG8 | Brief review of numerous filings with respect to evidence in upcoming RMBS Trust settlement in connection with Curtis' role as Debtors' conflicts counsel (.40); review additional filings of Debtors in further support of Debtors' request for extension of exclusivity including JSNs declaration in opposition of extension of exclusivity (.90); review and revise to near final version of Debtors' limited objection to Wilmington Trust motion to assert Estate claims handled by Curtis as conflict counsel, and numerous related follow-up conversations with B. Kotliar and D. Bloom regarding the same (.50); review, revise and sign off on letter to chambers transmitting same (.20); review and comment on short submission to Examiner in response to Committee submission regarding applicability of certain provisions of Minnesota law and coordinate transmission of comments to J. Levitt of Morrison and Foerster (.60); review Committee's omnibus reply | 4.20 |

|   |   |   |   |
|---|---|---|---|
|   |   | regarding its motion seeking standing to prosecute certain claims against AFI, as it relates to Wilmington Trust motion handled by Curtis (.80); review directors' and officers' limited objection to same (.80) |   |
| 05/06/13 | EC | Research cases in reply memorandum in support of Debtors' motion for summary judgment in subordination dispute for validation of authority relied upon (3.80); review and revise reply memorandum to reflect validated research in preparation for filing (2.60); review and revise issues to prepare memorandum for filing (1.50) | 7.90 |
| 05/06/13 | BMK | Correspondence with M. Gallagher and D. Bloom inclusion of WaMu motion to alter or amend as exhibit to reply brief in further support of summary judgment seeking subordination of Investors' residential mortgage backed securities fraud claims in which conflict parties including AIG, Allstate and Prudential are defendants (.30); prepare same for inclusion as exhibit to reply brief (.20); finalize objection to SUN Trustee's standing motion to prosecute and settle estate claims by reviewing authorities relied upon, case citations, and factual assertions for accuracy in connection with Curtis' role as conflicts counsel (.70); supervise filing re: same by F. Guenthner (.30); coordinate service, email courtesy copies, and chambers copies re: same (.50); draft summary of Committee Standing Motion, Debtors' Exclusivity Motion, and SUN Trustee Standing Motion in connection with May 7 hearing (4.80); draft case citations and parenthetical descriptions for script for SUN Trustee Standing Motion hearing re: whether claims are estate claims or third party claims under relevant state and bankruptcy law (.80); correspond with D. Bloom re: same (.20); review Committee claims spreadsheet for claim amounts asserted by each Committee member and in the aggregate against various Debtor entities (.50); coordinate production of materials re: same (.30) | 8.60 |
| 05/06/13 | DAB | Review Debtors' omnibus reply to responses to exclusivity motion in connection with drafting of transcript for May 7, 2013 hearing (.40); review and edit Debtors' objection to SUN Trustee motion handled by Curtis as conflicts counsel (1.20); numerous correspondence throughout the day with T. Foudy, M. Gallagher, B. Kotliar and E. Combs regarding pre- and post-filing tasks in connection with same (1.30); email C. Cu at KCC regarding service of same (.10); review master proof of claim spreadsheet from KCC in connection with analysis of claims at HoldCo level for use of same at May 7 and May 14 hearings regarding Motions for Standing (.30); review and analyze Committee's omnibus reply in support of Committee standing and circulate same to S. Reisman, T. Foudy | 7.30 |

12-12020-mg    Doc 5828-12    Filed 11/18/13    Entered 11/18/13 16:21:23    Exhibit
Exhibit I-1    Pg 7 Pg 208 of 254

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

Page    10

|  |  |  |  |
|---|---|---|---|
|  |  | and M. Gallagher (.50); review and circulate Independent D&O's objection filed in response to the SUN Trustee standing motion (.20); review and circulate Debtors' Supplemental Statement filed in response to the SUN Trustee's statement regarding Committee standing (.20); extensive further drafting of hearing outline/script for T. Foudy's use at both Committee standing hearing and SUN Trustee standing hearing, setting forth detailed arguments consistent with Debtors' draft objection to the SUN Trustee's standing motion and incorporating statements made by various parties in support of exclusivity (2.70); review B. Kotliar's summary chart of matters to be heard on May 7 and May 14 in connection with same (.40) |  |
| 05/06/13 | PJB2 | Review Committee's omnibus reply to standing motion for impact on arguments on objection to SUN Trustee standing motion handeled by Curtis as conflicts counsel (.60); review Debtors' motions and pleadings requesting extension of exclusivity periods for conflicts' purposes in connection with same (1.30); review pleadings by the Committee, creditor ad hoc groups and individual creditors filed in response or objection to the Debtors' motion for extension of the exclusivity periods for conflicts' purposes and preparation of upcoming hearing on same (1.70); draft summary of all pleadings related to extension of exclusivity motion for conflicts' purposes and preparation of upcoming hearing on same (.70); review Debtors' supplemental response to pleadings of SUN Trustee and ad hoc JSN committee to standing motion of Committee to pursue estate claims for conflicts' purposes and Debtors' objection to SUN Trustee's standing motion (.60); review response of the SUN Trustee to the objection filed by the Debtors' former and current directors and officers to SUN Trustee's standing motion and incorporate same in preparation for ongoing work related to handling of objection to SUN Trustee's standing motion (.90) | 6.40 |
| 05/06/13 | FRG | Prepare chambers copies cover letter and assemble with documents for hand delivery to Court ahead of hearing, per B. Kotliar (1.60); complete assembly of documents re: Standing and Exclusivity motions (1.40) | 3.00 |
| 05/07/13 | TF1 | Review/implement Morrison & Foerster comments to subordination reply brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and perform final edits/reviews of same in preparation for filing (1.90); prepare for hearing on Committee's standing motion and possible argument of SUN Trustee STN motion (.50); attend court hearing on SUN Trustee STN motion and exclusivity (2.00); review objection by Trustees to STN Standing Motion (.30); begin review of California decision on AIG standing to | 5.20 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page    11

| Date | | Description | Hours |
|---|---|---|---|
| | | assert securities claims as it is relevant to subordination adversary proceeding (.50) | |
| 05/07/13 | MG8 | Review updated lists of current directors and officers of Debtors provided by J. Shank in connection with responding to Wilmington Trust motion for standing handled by Curtis as conflicts counsel (.40); prepare for and attend hearing on Committee's motion for standing to prosecute Estate's claims against AFI and Debtors' motion seeking to extend exclusivity to June 6, as those motions relate to issues raised by SUN's motion seeking standing, Debtors' complaint on JSNs' liens and Debtors' motion for summary judgment seeking subordination of Investors' securities fraud claims pursuant to section 510 of the Bankruptcy Code (2.00); attend to final review and comment on Debtors' reply in connection with its motion for summary judgment in connection with adversary proceeding seeking subordination of Investors' securities fraud claims in which conflict parties including AIG, Allstate and Prudential are defendants, and numerous related follow-up communications with D. Bloom, E. Combs and B. Kotliar (1.30); supervise and follow-up with B. Kotliar, D. Bloom and KCC in connection with filing and service of same (.60); review briefly the replies to Investors' summary judgment motion filed by various defendants in connection with same (.60) | 4.90 |
| 05/07/13 | EC | Review and prepare comments to draft reply memorandum to update and validate research in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.40); review update and in all respects finalize reply memorandum re: same for filing (2.40); prepare exhibits to reply memorandum re: same for filing (.60); review Investor reply memorandum and cases cited therein relating to section 510(a) on the bankruptcy code re: same (1.30) | 5.70 |
| 05/07/13 | BMK | Email correspondence with D. Bloom and M. Gallagher re: coordinate filing procedures re: Subordination Reply Brief in connectin with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); review, edit, and finalize same with D. Bloom and E. Combs (.50); review case procedures and case argument order re: attaching exhibits and correspond with T. Foudy and E. Combs re: same (.30); correspond with F. Guenthner re: filing Subordination Reply Brief re: same (.30); supervise filing of same (.30); email correspondence with parties involved re: courtesy copies of same (.20); review Investors' Subordination Reply Brief re: same (.50); review reply briefs filed by NCUAB, CPIM, Union Central, and the Lead Plaintiff re: same (.30); circulate same to T. Foudy, M. Gallagher, D. Bloom, and E. Combs providing short descrptions of | 8.30 |

|  |  |  |  |
|---|---|---|---|
|  |  | relevant substance (.30); draft and circulate summary to T Foudy and M. Gallagher re: California district court litigation and recent order re: AIG's standing to bring fraud claims in connection with RMBS (.50); review and revise chart summarizing Committee Standing Motion, SUN Trustee Standing Motion, and Debtors' Exclusivity Motion, and all related pleadings and circulate same to S. Reisman, T. Foudy, M. Gallagher, and D. Bloom in advance of hearings re: same (.50); prepare for hearing by reviewing committee member claims and Standing Motion pleadings (.50); attend hearing re: same (2.50); email correspondence with S. Reisman, T. Foudy, M. Gallagher, and D. Bloom re: order extending exclusivity and result of morning's hearing re: Committee Standing Motion for impact on issues and arguments in SUN Trustee's motion that Curtis is handling as conflicts counsel (.30); review AFI response to SUN Trustee Standing Motion (.80); discussions with D. Bloom re: status of SUN Trustee Standing Motion in light of morning's hearing and additional necessary steps to prepare for SUN Trustee Standing Motion hearing (.30) |  |
| 05/07/13 | DAB | Correspond with M. Gallagher and B. Kotliar regarding status of reply in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants reply and filing issues pertaining to same (.80); additional review and revision to draft of same in response to comments from M. Gallagher and T. Foudy (1.00); Correspond with M. Gallagher regarding additional edits to draft subordination reply (.40) review same for compliance with case management order (.40); email to KCC regarding service of same (.10); review and analyze objection of the Steering Committee of RMBS Holders to the SUN Trustee's standing motion (.40); review and analyze objection of Ally Financial Inc. to same (.80); research secondary sources in connection with role as conflicts counsel in ResCap case and adversary proceedings for T. Foudy and circulate findings (.80); call with C. Cu at KCC to confirm service per prior instructions (.20); communication with M. Gallagher to confirm same (.20) | 4.90 |
| 05/07/13 | PJB2 | Correspond with B. Kotliar and D. Bloom re: outcome of hearing on committee standing motion for impact on objection to Wilmington Trust standing motion handled by Curtis as conflicts counsel (.90); correspond with M. Gallagher to discuss ongoing discussions between Debtors' and certain conflict parties in attempt to reach global settlement and next steps re: same (.50); review ojections of Steering Committee and AFI Financial to SUN Trustee's motion for standing to pursue estate claims for conflicts purposes and in preparation for Debtors' objection to same and upcoming hearing (1.90) | 3.30 |

12-12020-mg    Doc 2588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-J Pg 74 of 254

| | | | |
|---|---|---|---|
| 05/07/13 | FRG | Prepare Chambers copies and cover letter for delivery to court with reply Memorandum of Law documents in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); assemble package of letter and Chambers copies and coordinate delivery of package re: same (.20); file same (.50) | 1.00 |
| 05/08/13 | SJR | Review Reply Briefs filed by Investors in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); review Committee response to SUN Trustee's Standing Motion for impact arguments raised by Debtors' objection to Wilmington Trust standing motion handeled by Curtis as conflicts counsel (.40); review AIG California litigation decision re: impact on subordination adversary proceeding and follow up with T. Foudy re: same (.40); review matters regarding AIG decision and follow up (.40) | 1.60 |
| 05/08/13 | TF1 | Review subordination reply briefs filed by Investors in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); meet with E. Combs to discuss preparation of materials for hearing on same (.20) review AIG decision on standing and draft email with Morrison & Foerster on same (.90); emails with Morrison & Foerster on legal issue raised by same (.30); attend to staffing of research issue on RMBS and securities fraud raised by AIG decision re: same (.10); attend to preparation for review/digest of Examiner Report (.50); review proposed hearing agenda and emails with Morrison & Foerster on same (.30); review Committee response to SUNs' STN Motion for impact on Debtors' objection to SUN standing motion handled by Curtis as conflicts counsel(.70) | 4.00 |
| 05/08/13 | MG8 | Conferences with D. Bloom, P. Buenger and J. Zimmer to arrange for coverage to download and circulate Examiner Report and summaries of relevant aspect of the same in order to fulfill Curtis' role as conflicts counsel (.50); review summary of AIG - Maiden Lane decision in connection with subordination adversary proceeding and several related correspondence with T. Foudy, G. Lee and J. Haims regarding potential relevance to cross motions for summary judgment with respect to subordination of Investors' Claims pursuant to Section 510 of the Bankruptcy Code in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 1.00 |
| 05/08/13 | GF | Prepare binder at request of B. Kotliar re: Reply Briefs and Joinders filed 5/7/13 in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are | 2.20 |

12-12020-mg   Doc 5828   Filed 11/18/13   Entered 11/18/13 16:21:23   Main Document
Exhibit I-1   Pg 75 of 274
12-12020-mg   Doc 6588-12   Filed 03/08/14   Entered 03/08/14 22:56:28   Exhibit
Exhibit I-1   Pg 212 of 254

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   14

| | | | |
|---|---|---|---|
| | | defendants for S. Reisman, T. Foudy, M. Gallagher, D. Bloom, E. Combs, R. Dawes and B. Kotliar (2.20) | |
| 05/08/13 | EC | Confer with T. Foudy re: script, outline, and materials re: oral argument in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); review all subordination proceeding pleadings and draft, comprehensive outline of arguments re: same (2.50); review cases cited in briefing memoranda and selecting important cases for review by senior attorneys preparing oral argument re: same (2.10) | 4.80 |
| 05/08/13 | BMK | Coordinate with F. Guenther re: chambers copies re: Debtors' reply brief in further support of summary judgment seeking subordination of Investors' securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.20); coordinate with G. Faust re: production of all pleadings filed in connection with same for use by attorneys working on matter (.30); coordinate preparation of materials for hearing on motion of SUN Trustee for standing that Curtis is handling as conflicts counsel for May 14 with G. Faust (.50); review objection to same filed by Committee (.30) | 1.30 |
| 05/08/13 | DAB | Correspond with B. Kotliar regarding preparations for SUN Trustee hearing handled by Curtis as conflicts counsel (.20); review as-filed stipulation extending Quinn parties' time to answer subordination complaint in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.10); email to B. Kotliar regarding key party list in connection with subordination adversary proceeding and review of same (.20); review of draft hearing agenda and attention to strategy with respect to ordering of items contained in same in connection with subordination pre-trial conference, exclusivity and standing motions (.80); communication with M. Gallagher, P. Buenger and B. Kotliar regarding anticipated Examiner report and impact of same on subordination and standing issues (1.10); review Dewey creditors' committee standing pleadings and Judge Glenn's decision authorizing standing in connection with Committee's and SUN Trustee's standing requests and analyze same in light of same (1.90); confer with B. Patane regarding distribution of forthcoming Examiner report to S. Reisman, T. Foudy and M. Gallagher (.50); review and analyze Committee's objection to the SUN Trustee's standing motion in connection with upcoming SUN Trustee standing hearing (.70); additional communication with P. Buenger and D. Ching regarding precedent summary memoranda in connection with anticipated Examiner report (.40) | 5.90 |
| 05/08/13 | PJB2 | Correspondence with T. Foudy and M. Gallagher re: | 3.10 |

12-12020-mg    Doc 6588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Exhibit I-b    Pg 76 of 254

12-12020-mg    Doc 5825-1    Filed 11/18/13    Entered 11/18/13 16:21:23    Main Document
Exhibit I-b    Pg 213 of 254

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

Page    15

|          |     |                                                                                                                                                                                                                                                                                                                                                                                            |      |
|----------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |     | reviewing and summarizing upcoming Examiner's report and dividing work among available associates prior to upcoming hearing related to issues to be addressed in Examiner's report (.40); review objection of the Committee to the SUN Trustee's motion to bring estate claims on behalf of the Debtors' estates and follow-up with D. Bloom re: same (1.20); review transcript from May 7, 2013 hearing regarding committee standing motion and relevant portions, including comments by Judge Glenn, re: standing motion of the SUN Trustee handled by Curtis as conflicts counsel and incorporating same into preparation of Debtors' objection to same (1.50) |      |
| 05/08/13 | FRG | Draft cover letter for chambers copies of Reply Memorandum of Law in Further Support of Motion for Summary Judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); assemble chambers copies documents re: same and coordinate delivery to court (.30)                                             | 1.00 |
| 05/08/13 | JZ  | Correspond with M. Gallagher and P. Buenger regarding strategy related to review of upcoming Examiner's report and need for assistance in preparing summary of same (.20)                                                                                                                                                                                                                     | 0.20 |
| 05/09/13 | TF1 | Meetings with G. Spencer to discuss election of remedies research regarding RMBS and securities fraud claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); call with K. Sadeghi and J Rothberg to discuss preparation for pre-trial conference before Judge Glenn on subordination adversary re: same (.50); attend to preparation for hearing on subordination re same (.20)                       | 1.20 |
| 05/09/13 | MG8 | Organize files with respect to Wilmington Trust motion for standing if later heard in the event re-calendared (.50); confer with D. Bloom regarding preparation for hearing on subordination adversary proceeidng in which AIG, Allstate and Prudential are defendants (.20)                                                                                                                   | 0.70 |
| 05/09/13 | EC  | Review all motion papers, with referenced case law, on summary judgment for subordination in order to continue to prepare oral argument outline (3.60); prepare outline of arguments relating to section 510(a) subordination for oral argument on summary judgment motion (2.40); review referenced case law on Section 510(a) issue and draft synopsis and analysis of important cases for outline re: same (1.30); review cases and prepare analysis for applicability of good faith and fair dealing argument to Section 510(a), including analysis of important case law re same (1.80) | 9.10 |
| 05/09/13 | DAB | Correspond with P. Buenger to discuss review of May 7, 2013 hearing transcript in connection with                                                                                                                                                                                                                                                                                            | 9.10 |

Committee standing motion and attention to relevant portions of same with respect to SUN Trustee standing motion handled by Curtis as conflicts counsel and incorporating transcript into preparation of Debtors' objection to same (.30); review Morrison & Foerster email regarding issues pertaining to standing and inter-debtor claims and required analysis in connection with same (.30); extensive analysis of May 7, 2013 hearing transcript regarding Committee standing motion and draft detailed summary of same with focus on issues raised by the Court with respect to standing to pursue and settle third party claims for impact on Wilmington Trust motion (3.00); conduct additional research and analysis of issues related to prosecution of HoldCo v. OpCo claims in connection with preparation for SUN Trustee standing hearing (2.30); further research regarding limited grant of settlement authority to creditors in context of standing to litigate estate claims in connection with Committee and SUN Trustee standing requests and in light of Court's comments regarding same at recent hearing regarding Committee standing (1.80); further review of hearing transcript in light of standing research in connection with Committee and SUN Trustee requests for standing (.80); correspondences with E. Combs regarding drafting of script in connection with summary judgment on subordination issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and follow up with M. Gallagher regarding same (.60)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 05/09/13 | PJB2 | Meet with D. Bloom to discuss review of transcript from May 7, 2013 hearing regarding motion of official committee of unsecured creditors' to bring estate claims on behalf of Debtors' estates and relevant portions re: standing motion of the SUN Trustee and incorporating transcript into preparation of Debtors' objection to same (.30); review same (.80) | 1.10 |
| 05/09/13 | GES | Conference with T. Foudy regarding put-back and investor claims in connection with subordination adversary proceeding (.50); conduct legal research regarding ability to dismiss Investor fraud claims as duplicative of contract claims in connection with the same (7.00) | 7.50 |
| 05/09/13 | JDM | Draft memo regarding recent decision regarding AIG's standing to bring securities claims (2.20) | 2.20 |
| 05/09/13 | SH | Prepare sets of all cases cited subordination adversary proceeding against RMBS Investors in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |
| 05/10/13 | TF1 | Confer with G. Spencer on issues regarding RMBS and | 1.10 |

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

Page    17

|  |  | securities claims recovery offsets in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10) |  |
|---|---|---|---|
| 05/10/13 | MG8 | Correspond with D. Bloom regarding "double recovery" argument in connection with subordination adversary proceeding in which Allstate, AIG and Prudential are defendants (.10) | 0.10 |
| 05/10/13 | EC | Prepare outline and script of argument relating to section 510(b) "of the debtor" arguments for oral argument of motion for subordination in connection with adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.90); review and provide synopsis and analysis of important cases relating to issuance of securities for outline of oral argument re: same (2.90); review and prepare comment and synopsis on cases relating to 510(b) affiliate argument and business trust status for oral argument outline re: same (2.10); review briefing and cases relating to no fault equitable subordination and prepare outline of argument for oral argument as well as synopsis and analysis of case law for important cases re: same (1.20) | 8.10 |
| 05/10/13 | DAB | Draft detailed Q&A argument for T. Foudy regarding various standing issues in light of concerns/issues raised by the Court at May 7, 2013 hearing with respect to standing to pursue and settle third party claims in connection with Wilmington Trust Standing Motion that Curtis is handling as conflicts counsel (2.00); review and analyze California decision regarding "double recovery" by securities claimants on contract and tort claims in connection with use of same in oral argument in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); correspond with M. Gallagher regarding significance of same in connection with subordination dispute (.20); numerous correspondences with G. Spencer to discuss various aspects of securities claimants' claims in connection with analysis of "double recovery" issue in connection with same (.40); review of various underlying Maiden Lane (California litigation) pleadings to obtain context regarding nature of dispute in connection with same (1.70) | 5.20 |
| 05/10/13 | PJB2 | Multiple correspondence and follow-up with D. Bloom, M. Gallagher and administrative staff re: preparing for release of Examiner's report and delay of same as filed by the Examiner as Curtis is handling matters as conflicts counsel potentially impacted by Report (.30) | 0.30 |
| 05/10/13 | GES | Continue legal research regarding ability to dismiss investor fraud claims as duplicative of contract claims | 5.20 |

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

Page    18

|  |  |  |  |
|---|---|---|---|
|  |  | in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.60); conferences with T. Foudy regarding same (1.10); review security offering documents for information relating to same (.50) |  |
| 05/11/13 | GES | Draft memorandum regarding ability to dismiss investor fraud claims as duplicative of contract claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.50); continue legal research for information relating to same (1.50) | 5.00 |
| 05/12/13 | EC | Update, proofread and prepare additional citations and relevant legal arguments for outline and script of argument on summary judgment motions in which conflict parties including AIG, Allstate and Prudential are defendants in preparation for hearing (2.80) | 2.80 |
| 05/12/13 | BMK | Email correspondence with G. Spencer re: prior research and case history re: objecting to and subordinating Investors' claims as duplicative of the RW claims in order to prepare for hearing on Summary Judgment Motions seeking subordination of the Investor Claims in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 05/12/13 | DAB | Provide review, notes and comments to E. Combs' draft script and outline in connection with subordination summary judgment hearing in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 1.60 |
| 05/13/13 | TF1 | Prepare for status conference on subordination proceeding and oral argument in which conflict parties including AIG, Allstate and Prudential are defendants, by reviewing and providing instructions on hearing script, revising hearing script, timeline of procedural events, and outline (2.70); begin review of key cases in subordination dispute in preparation for court hearing on same (.60) | 3.30 |
| 05/13/13 | MG8 | Numerous conferences with D. Bloom and B. Kotliar with respect to consolidation of Investors' Rule 3013 motion and Debtors' adversary proceeding seeking subordination of Investors' securities' claims in which conflict parties including AIG, Allstate and Prudential are defendants in connection with preparations for status conference on May 14 and oral arguments on summary judgment motions schedule for May 23 (.50); obtain from Morrison & Foerster and review transcripts from court conferences regarding the same in order to determine whether adversary proceeding had been consolidated with Investors' Rule 3013 Motion (.70); attend to correspondence with P. Buenger regarding logistics for and preparation of summaries of relevant portions of Examiner's report when released (.20) | 1.40 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400


Page   19

| | | | |
|---|---|---|---|
| 05/13/13 | BMK | Review adversary and main case docket to verify status of consolidation of contested matter and complaint in the proceedings seeking subordination of the Investors claims in which conflict parties including AIG, Allstate and Prudential are defendants (.60); correspond with M. Gallagher re: same (.20); review relevant filings re: same with D. Bloom to prepare for pre-trial conference on subordination of Investors' securities claims by outlining pleadings, filings, and case occurrences re: same (1.10); review and revise outline incorporating descriptions of Investor parties and associated pleadings re: same (.30); coordinate production of materials for pretrial conference and circulate to T. Foudy and M. Gallagher (.50); conference with D. Bloom re: open procedural issues re: consolidation, answer dates, adjournments, and hearings re: subordination pretrial conference (.60) | 3.30 |
| 05/13/13 | RMS | Compile pleadings in preparation for tomorrow's hearing, per the request of B. Kotliar (1.00) | 1.00 |
| 05/13/13 | DAB | Analysis of procedural issues in connection with subordination pre-trial conference, including review of various adversary proceeding filings and internal and defendant correspondence to analyze status of consolidation of Rule 3013 Motion and subordination adversary proceeding (.80); re: same hearing transcripts to determine status of consolidation of Rule 3013 Motion and subordination adversary proceeding (.50); confer with M. Gallagher regarding need to address consolidation at hearing in light of silence on issue in filings (.50); conduct comprehensive review of all pleadings related to adversary proceeding and Rule 3013 Motion in order to prepare T. Foudy for subordination pre-trial conference (1.10); draft detailed timeline of same in connection with same (1.30); revisions to same in response to T. Foudy comments (.40); extensive further review and comment to E. Combs' draft script in connection with subordination summary judgment hearing (2.70); review of Zuckerman-related email correspondence to determine status of NCUAB's answer date and correspond with T. Foudy and B. Kotliar regarding same (.80) | 7.90 |
| 05/13/13 | PJB2 | Begin preparing template for providing summary of Examiner's report in connection with various matters being handled by Curtis as conflicts counsel to the Debtors potentially implicated by Examiner report (.60); multiple correspondence with D. Bloom, B. Kotliar and M. Gallagher and Morrison & Foerster delay of Examiner's report, gaining access to same and potential release dates (.40); review order filing Examiner's report under seal (.10) | 1.10 |
| 05/13/13 | GES | Review and revise memorandum regarding ability to | 3.00 |

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

|          |      |                                                                                                                                                                                                                                                                                                                                                                            |       |
|----------|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
|          |      | dismiss Investor fraud claims as duplicative of contract claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50); conduct legal research re: same (.50)                                                                                                                           |       |
| 05/14/13 | SJR  | Attention to matters regarding preparation for hearing on subordination dispute and status conference in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); attend hearing re: same (1.60)                                                                                            | 3.30  |
| 05/14/13 | TF1  | Review key cases and script in preparation for status conference and hearing on subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); attend court status conference on subordination adversary proceeding (1.60); emails on plan term sheet, PSA, and treatment of securities claims in connection with same(.40); respond to inquiry from MoFo regarding nature of NCUAB claims and treatment on same (.60) | 4.30  |
| 05/14/13 | MG8  | Correspondences with A. Barrage, J. Levitt and T. Foudy regarding the announcement of the plan termsheet and its related impact on matters handled by Curtis, including the subordination action and the SUNs motion for standing, and related follow-up with P. Buenger, D. Bloom and B. Kotliar (.50); prepare for status conference on adversary proceeding seeking subordination of securities claims asserted by Investors (.80); attend status conference re: same (1.60) | 2.90  |
| 05/14/13 | EC   | Conferences with D. Bloom to revise outline of oral argument for sections 510 of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); revise, improve and continue drafting outline and script for hearing on motions for summary judgment re: same (3.60) | 4.90  |
| 05/14/13 | BMK  | Review and revise timeline of relevant events in subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants to prepare for pretrial conference and circulate updated materials to T. Foudy and M. Gallagher (.20); email correspondence with T. Foudy, M. Gallagher, and D Bloom re: proofs of claim filed by NCUAB on behalf of certain securities investors of the Debtors' RMBS in connection with same (.10); review NCUAB filed proofs of claim and prepetition district court complaints for claims asserted by NCUAB parties against the Debtors and AFI re: same (1.10); follow-up email correspondence with T. Foudy detailing finds of same (.50) | 1.90  |
| 05/14/13 | DAB  | Additional review and editing of draft script and outline                                                                                                                                                                                                                                                                                                                  | 4.20  |

12-12020-mg    Doc 6588-12    Filed 03/08/14    Entered 03/08/14 22:56:28    Exhibit
Pg 219 of 254

| | | | |
|---|---|---|---|
| | | in connection with subordination summary judgment hearing in which conflict parties including AIG, Allstate and Prudential are defendants (2.10); several conferences with E. Combs regarding revisions to draft script in connection with subordination summary judgment hearing (1.30); review statement of facts contained in prior Residential Capital pleadings and internal memoranda re: same (.60); review B. Kotliar NCUAB claims analysis (.20) | |
| 05/15/13 | TF1 | Review Plan Term Sheet and PSA for impact on matters handled by Curtis as conflicts counsel such as subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 05/15/13 | BMK | Review due diligence report re: defendants in NCUAB's prepetition lawsuits for relationship to Debtors and AFI to respond to Morrison & Foerster inquiry re: claims asserted by NCUAB against same in connetion with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); email final status of claims and due diligence to T. Foudy and M. Gallagher for review (.10) | 0.40 |
| 05/15/13 | PJB2 | Review supplemental order sealing Examiner report in connection with preparing for various matters handled by Curtis as conflicts counsel, including objection to SUN Trustee standing motion and subordination claims and relevant follow-up (.50) | 0.50 |
| 05/16/13 | TF1 | Review, comment on, and exchange emails with M. Gallagher and B. Kotliar regarding draft disclosure statement summary on SUN Trustee STN motion a matter handled by Curtis as conflicts counsel (.30) | 0.30 |
| 05/16/13 | BMK | Review T. Foudy edits to draft description of SUN Trustee motion for standing to prosecute and settle estate claims on behalf of the Residential Capital, LLC estate for the disclosure statement and email correspondence with T. Foudy and M. Gallagher re: same (.10) | 0.10 |
| 05/20/13 | MG8 | Attend to correspondence from D. Bloom regarding treatment of NCUAB and other defendants of subordination adversary proceeding under supplemental plan term sheet (.20) | 0.20 |
| 05/20/13 | BMK | Review draft supplemental term sheet to plan support agreement for impact on private securities claims held by RMBS Investor-defendants in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10); review NCUAB's proofs of claim for securities claims relevant to plan settlement and supplemental term sheet re: same (.70) | 1.80 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   22

| Date | Initials | Description | Hours |
|---|---|---|---|
| 05/20/13 | DAB | Analyze and summarize key provisions in preliminary draft Supplemental Plan Term Sheet for T. Foudy, and follow up regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.60); analyze treatment of securities claimants in same and draft correspondence with T. Foudy regarding Annex 2 prepared by counsel for the RMBS Investors in advance of requesting draft of same (.50); analyze and draft emails summarizing same to T. Foudy and M. Gallagher regarding treatment of NCUAB under same and distinction between various private securities claims trusts contemplated by PSA (.60) | 3.70 |
| 05/21/13 | MG8 | Telephone conference w/ H. Denman of White & Case regarding scheduling of hearing on cross motions for summary judgment on issue of subordination of Investors' securities claims pursuant to section 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and related follow-up with T. Foudy (.30); telephone conference w/ K. Sadeghi of Morrison & Foerster regarding notice of adjournment re: same (.10); correspond with B. Kotliar regarding notice of adjournment of oral arguments in connection with subordination adversary proceeding in which AIG, Allstate and Prudential are defendants (.10) | 0.50 |
| 05/21/13 | BMK | Draft notice of adjournment of hearing and oral argument in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); correspond with M. Gallagher re: same (.10) | 0.60 |
| 05/21/13 | DAB | Review notice of adjournment of oral arguments in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, and provide comments to B. Kotliar regarding same (.20) | 0.20 |
| 05/22/13 | TF1 | Confer with D. Bloom on review and analysis of new supplemental term sheet and annexes (.30); review summary and analysis of same prepared by D. Bloom with special focus on securities fraud claimants in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review and edit draft notice of adjournment re: same (.30); review emails concerning other parties' consent to adjournment of same (.10); draft emails to Quinn Emanuel counsel to RMBS Investor and Morrison & Foerster regarding proposed treatment of securities fraud claimants and effect on subordination adversary (.20) | 1.30 |
| 05/22/13 | MG8 | Attend to review, revision and supervision of notice of adjournment of oral argument on cross motions for | 0.90 |

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page   23

| | | | |
|---|---|---|---|
| | | summary judgment on subordination of Investors' claims pursuant to section 510 of the Bankruptcy code (.60); telephone conference with S. Shelley, counsel for RMBS Investors regarding notice of adjournment (.10); telephone conference with A. Behlman regarding notice of adjournment re: same (.10); telephone conference with N. Cohen, counsel to NCUAB regarding notice of adjournment re: same (.10) | |
| 05/22/13 | MG8 | Attend to correspondence from D. Bloom regarding supplemental plan term sheet and proposed treatment of defendants to subordination adversary proceeding (.10) | 0.10 |
| 05/22/13 | BMK | Review and revise notice of adjournment of hearing and oral argument on Debtors' adversary proceeding seeking subordination of RMBS Investors' fraud claims per edits of T. Foudy and M. Gallagher (.20); supervise filing of same (.50); correspondences with C. Cu at KCC re: service of same (.30) | 1.00 |
| 05/22/13 | DAB | Per T. Foudy request, analyze and summarize treatment of matters being handled by Curtis as conflicts counsel such as JSNs, SUNs, and securities claimants in revised and updated 5/22 draft Supplemental Plan Term Sheet and accompanying documentation (2.50); confer with T. Foudy regarding obtaining Annex IV (formerly Annex 2) prepared by Quinn, counsel to RMBS Investors in connection with analysis of treatment of securities claims (.30); analyze draft term sheet governing treatment of various tiers of private securities claimants and summarize same for T. Foudy (1.30); detailed comparison of parties listed in Exhibit A to same against list of defendants and joinder parties involved in subordination adversary proceeding, including NCUAB (.50); draft summary of analysis with respect to same for T. Foudy and M. Gallagher regarding same (.30); correspond with B Kotliar regarding NCUAB claims analysis in connection with treatment under draft supplemental plan term sheet and review of B. Kotliar analysis of same (.30); further email correspondence with T. Foudy regarding treatment of NCUAB vis-à-vis other securities claim holders and draft email memorandum summarizing likely treatment of NCUAB as general unsecured claim holders (.80); review spreadsheet of Investors represented by Lowenstein against Quinn's supplemental securities claimant term sheet(1.20) | 7.10 |
| 05/22/13 | BP | Assist B. Kotliar with filing the Notice of Adjournment of Hearing and Oral Arguments on Cross-Motions for Summary Judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 05/23/13 | SJR | Review Debtors' PSA Motion and accompanying | 4.50 |

September 06, 2013
Inv # 1588073
Our Ref #    062108-000400

Page    24

| | | | |
|---|---|---|---|
| | | documentation in connection with Plan Support Agreement for impact on matters being addressed by Curtis as Conflicts Counsel including matters adjoured or potentially resolved handled by Curtis as conflicts counsel (3.20); review and analyze PSA in connection with settled matters where Curtis is Conflicts Counsel to Debtors (1.30) | |
| 05/23/13 | TF1 | Conference call with A. Barrage to discuss status of matters, settlement and potential open matters in connection with PSA motion (.40); begin review of motion to approve plan support agreements and related materials circulated by D. Bloom re: same (.30) | 0.70 |
| 05/23/13 | MG8 | Review analysis prepared by D. Bloom of PSA motion and related documents, as numerous creditors whose claims are addressed by the PSA are conflicts parties, including certain of JSNs and defendants to subordination adversary proceeding (.20) | 0.20 |
| 05/23/13 | BMK | Coordinate production of Debtors' motion to approve plan support agreement and circulate to S. Reisman, T. Foudy, M. Gallagher, and D. Bloom and adjust internal case management calendar re: same (.30); review PSA and correspond with D. Bloom to circulate summary of key portions relevant to current litigation where Curtis is acting as conflicts counsel (.50) | 0.80 |
| 05/23/13 | DAB | Review and analyze Debtors' PSA motion and accompanying documents, including draft plan support agreement and accompanying term sheets, with particular attention to updated treatment of securities claimants, SUNs, RMBS Trusts, JSNs, and other parties in interest, and detailed comparison of shift in treatment from earlier drafts to filed version (2.80); draft comprehensive memorandum and analysis of PSA motion and supporting documents re: same, including plan support agreement and term sheets, for distribution to S. Reisman, T. Foudy, and M. Gallagher in connection with role as conflicts counsel (2.30); revisions to same per B. Kotliar comments and circulate same to S. Reisman, T. Foudy, and M. Gallagher (.30) | 5.40 |
| 05/23/13 | FRG | Prepare documents related to Motion to Authorize Plan Support Agreement and assemble into binder, per B. Kotliar (2.00) | 2.00 |
| 05/24/13 | TF1 | Review additional information on settlement of securities fraud claims and treatment under PSA (.30); organize materials and files on various conflict matters and now adjoured litigation so that can be re-assessed should need arise (.40) | 0.70 |
| 05/28/13 | TF1 | Emails with M. Gallagher and B. Kotliar concerning coverage of status conference for Plan Support Agreement Motion and status of securities fraud claims | 0.20 |

12-12020-mg    Doc 6588-2    Filed 03/03/14    Entered 03/03/14 22:56:28    Exhibit
Exhibit I-1    Pg 223 of 254

September 06, 2013
Inv # 1588073
Our Ref #   062108-000400

Page    25

| | | | |
|---|---|---|---|
| | | handled by Curtis as conflicts counsel (.20) | |
| 05/28/13 | MG8 | Correspond with T. Foudy regarding open issue on adversary proceeding seeking subordination of Investors' securities claims handled by Curtis as conflicts counsel related to parties to PSA (.20) | 0.20 |
| 05/29/13 | SJR | Review documentation regarding Plan Support Agreement Motion and accompanying Declarations in term sheet in connection with adjournment and potential of resolution of securities fraud subordination litigation where Curtis is acting as Conflicts Counsel (2.30) | 2.30 |
| 05/29/13 | TF1 | Review Plan Support Agreement Motion and accompanying supporting papers (Kruger declaration, Plan Support Agreement, Term Sheet) with special attention to analyzing issues surrounding resolution of securities fraud subordination (1.20); discuss same and status conference on motion to approve Plan Support Agreement with M. Gallagher and review email correspondence re: same (.40) | 1.60 |
| 05/29/13 | MG8 | Meet with T. Foudy to discuss open issue with respect to adversary proceeding seeking subordination pursuant to section 510, as well as open issues relating to adversary proceedings filed in connection with claims and security interests of Junior Secured Noteholders, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties addressed at status conference on PSA and next steps (.40); confer with J. Marines of Morrison & Foerster regarding status of NCUAB under the Plan Support Agreement and impact on subordination adversary proceeding, and follow-up with T. Foudy regarding same (.30) | 0.70 |
| 05/29/13 | DAB | Attend court hearing (telephonically) regarding status of settlement negotiations under Debtors' PSA motion and other relevant issues in connection with role as conflicts counsel (1.50); review B. Kotliar summary regarding same (.20) | 1.70 |

TOTAL HOURS          359.00

## Summary of Services

|  | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 20.10 | 830 | 16,683.00 |
| Theresa A. Foudy | Partner | 47.50 | 730 | 34,675.00 |
| Maryann Gallagher | Counsel | 25.70 | 625 | 16,062.50 |
| George E. Spencer | Associate | 20.70 | 520 | 10,764.00 |
| Daniel A. Bloom | Associate | 86.60 | 480 | 41,568.00 |
| Peter Josef Buenger | Associate | 33.70 | 425 | 14,322.50 |
| J. Derek Mize | Associate | 2.20 | 425 | 935.00 |
| James Zimmer | Associate | 0.20 | 345 | 69.00 |
| Edward Combs | Associate | 62.20 | 305 | 18,971.00 |
| Bryan M. Kotliar | Associate | 42.90 | 305 | 13,084.50 |
| John Thomas Weber | Associate | 0.30 | 305 | 91.50 |
| Georgia Faust | Legal Assistant | 3.20 | 235 | 752.00 |
| Rebecca M. Srulowitz | Legal Assistant | 1.00 | 235 | 235.00 |
| Brittany Patane | Legal Assistant | 0.50 | 235 | 117.50 |
| Franklin R. Guenthner | Legal Assistant | 10.50 | 235 | 2,467.50 |
| Simon Hall | Legal Assistant | 1.70 | 210 | 357.00 |
|  |  | **359.00** |  | **$171,155.00** |

**TOTAL SERVICES**                                      $171,155.00

## Summary of Expenses

| Courier Expense | 43.45 |
|---|---|
| External Photocopy Services | 322.40 |
| Pacer - ECF | 20.70 |

**TOTAL EXPENSES**                                      $386.55

**TOTAL THIS INVOICE**                                  $171,541.55



Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK  10178-0061

Residential Capital, LLC                                          September 06, 2013
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington   PA 19034                                Inv. # 1575933
                                                         Our Ref. 062108-000410
                                                         SJR

Attention:    Residential Capital, LLC

**Re:    Adversary Proceedings and Contested Matters**

---

| 05/01/13 | SJR | Review and provide edits and comments to draft complaint against JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, including renew of prior drafts, edits and comments previously circulated by Curtis to Morrison & Foerster (3.40) | 3.40 |
|---|---|---|---|
| 05/01/13 | TPS | Review and revise report to clients on call to counsel to Cerberus regarding CMH Holdings (.30); review Creditor's Committee standing motion for claims related to Cerberus and follow up with M. Gallagher regarding same (.40) | 0.70 |
| 05/01/13 | MG8 | Review briefly the draft complaint against the Junior Secured Noteholders seeking declaratory judgment with respect to certain alleged collateral, as Wells Fargo and noteholders UBS and Loomis are conflict parties (.60); revise and send correspondence to L. Delehey and D. Marquardt regarding Cerberus position on CMH Holdings' situation (.20); attend to correspondence with T. Smith and J. Zimmer regarding research in connection with CMH Holding's indemnification provisions (.30); meet with J. Zimmer to discuss potential causes of action against Cerberus in connection with CMH situation and issues related to provisions of LLC agreement (.30) | 1.40 |
| 05/01/13 | BMK | Draft description of JSNs' complaint and potential unsecured deficiency claim of JSNs' to exceed claim of SUN Trustee in connection with same and review comments of M. Gallagher to same (.40); review D. Bloom email on same (.10) | 0.50 |
| 05/01/13 | DAB | Email to B. Kotliar regarding Morrison & Foerster revised draft JSN lien complaint, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.10); review and comment on same in connection with Morrison & Foerster request for comments in advance of filing of same with particular focus on legal issues researched by Curtis (1.50) | 1.60 |

September 06, 2013
Inv # 1575933
Our Ref #    062108-000410

Page    2

| Date | Init. | Description | Hours |
|---|---|---|---|
| 05/01/13 | JZ | Confer and correspond with M. Gallagher regarding CMH payment dispute and drafting of correspondence to ResCap regarding possible resolution of same and research regarding same including fiduciary duties owed in LLC context, ability to assert claim in bankruptcy, and possible fraudulence of transfer (.30); follow up correspondence with M. Gallagher and T. Smith regarding issues related to CMH payment dispute and potential research required in connection with same (.30); perform research regarding ability to assert claim in bankruptcy case despite not having filed proof of claim, all in connection with CMH payment dispute and possible need to bring action in connection with same, additional research regarding enforceability of indemnification clauses under Delaware law as well as possible fraudulent transfer issues (1.50) | 2.10 |
| 05/02/13 | SJR | Review draft of complaint against JSNs and note comments regarding same in anticipation of filing (2.70) | 2.70 |
| 05/02/13 | TF1 | Review and provide comments to draft complaint against JSNs, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 05/02/13 | MJM | Review and edit current draft of Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.10); correspond re: edits to same with T. Foudy (.20); meeting with D. Bloom and B. Kotliar to implement proposed edits to draft Complaint against the JSNs (.50) | 2.80 |
| 05/02/13 | DAB | Review and respond to M. Moscato email regarding draft JSN lien complaint, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.10); further review and comment to same (1.40); incorporate M. Moscato comments to same for circulation to Morrison & Foerster in anticipation of filing (.30); meetings with M. Moscato and B. Kotliar to address certain open issues in same (.50) | 2.30 |
| 05/02/13 | JZ | Research regarding breaches of fiduciary duties under LLC agreements in Delaware and enforceability of indemnification clauses under Delaware law, all in connection with CMH payment dispute (1.90) | 1.90 |
| 05/03/13 | SJR | Review Debtors' Complaint for Declaratory Judgment with respect to Junior Secured Notes seeking relief against JSNs (1.30) | 1.30 |
| 05/03/13 | MJM | Exchange emails and phone calls with B. Kotliar and S. Martin re final draft of Complaint against the JSNs, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, to prepare same for filing (.90) | 0.90 |

September 06, 2013
Inv # 1575933
Our Ref #   062108-000410

Page    3

| 05/03/13 | BMK | Multiple conferences with M. Moscato re: draft complaint seeking declaratory judgment re: extent of JSNs liens for final comments to Morrison & Foerster before filing, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20); review draft complaint and provide hand markup to Morrison & Foerster to reflect edits/comments before filing (.50); conference and emails with S. Martin of Morrison & Foerster re: same (.20); circulate as-filed version of draft complaint to S. Reisman, T. Foudy, M. Moscato, M. Gallagher, and D. Bloom (.20) | 1.10 |
| --- | --- | --- | --- |
| 05/06/13 | TF1 | Review filed version of complaint against JSNs (.70) | 0.70 |
| 05/09/13 | MG8 | Review declaration of M. Puntus in connection with Debtors' motion to pay $800 million to JSNs, as Curtis is acting as conflicts counsel in connection with adversary proceeding against the JSNs for impact on JSNs secured claim (.30) | 0.30 |
| 05/12/13 | GES | Review and revise memorandum regarding ability to dismiss investor fraud claims as duplicative of contract claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00); continue conducting legal research for information relating to same (2.20) | 5.20 |
| 05/13/13 | DAB | Communication with B. Patane regarding tracking of GM appeal in connection with ongoing JSN lien adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.10) | 0.10 |
| 05/13/13 | JZ | Confer with M. Gallagher regarding upcoming release of Examiner's report in connection with review of same for CMH payment dispute purposes (.10); review of case docket regarding same (.10) | 0.20 |
| 05/14/13 | BMK | Correspondences with M. Moscato re: service of summons and complaint on Wells Fargo and UMB Bank, defendants in adversary proceeding seeking declaratory judgment regarding liens and collateral held by the Junior Secured Noteholders (.20); review docket for notices of appearances filed by Wells Fargo and UMB Bank (.30); email correspondence with M. Moscato re: same (.20); draft waiver of service of the summons for Wells Fargo (.50); draft same for UMB Bank (.40) | 1.60 |
| 05/14/13 | DAB | Review JSN lien adversary proceeding summons and complaint, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, and communication with B. Kotliar and M. Moscato regarding same, including review of personal jurisdiction issues re: service (.60) | 0.60 |

September 06, 2013
Inv # 1575933
Our Ref #   062108-000410

Page    4

| | | | |
|---|---|---|---|
| 05/15/13 | MJM | Multiple phone calls and email exchanges with J. Clyne and B. Kotliar re serving JSN complaint on Wells Fargo and UMB banks in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80); telephone call with M. Bunin re same (.20) | 1.00 |
| 05/15/13 | JFC | Discussion with M. Moscato regarding need for service of Adversary Proceeding Summons and Complaint upon UMB Bank, N.A. and Wells Fargo Bank, N.A in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10); research time limit for effectuation of service and appropriate manner of service re: same and telephone conference with B. Kotliar re: Bankruptcy Rules re: same (.40) | 0.50 |
| 05/15/13 | GF | Assist B. Kotliar with preparation of materials to be served on Wells Fargo and UMB Bank in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.50) | 1.50 |
| 05/15/13 | BMK | Conference with M. Moscato re: service of summons and complaint on Wells Fargo and UMB Bank as defendants in adversary proceeding seeking declaratory judgment with respect to the liens and collateral held by the Junior Secured Noteholders (.10); correspond with B. Patane re: research of appropriate addresses for service of same (.10); review relevant financing documents such as intercreditor agreement and indenture for parties' addresses for submitting notices and service of process (.50); mutiple teleconferences with M. Moscato and J. Clyne re: same and open issues regarding bankruptcy rules governing timing and methods of service (.20); follow-up correspondence with B. Pattane re: same (.10); research and review Bankruptcy Rule 7004, relevant treatises and case law re: serving deposit institutions under Rule 7004(h) (1.20); email M. Moscato and J. Clyne re: research findings re: Rule 7004(h) (.50); email correspondence with M. Bunin at Alston Bird re: potential attorney contact for Wells Fargo as collateral agent re: same (.20); perform additional research re: Rule 7004(h) of the Bankruptcy Code as applied to FDIC-insured institutions (1.50); review application of Bankruptcy Rules to Wells Fargo and UMB Bank as defendants in adversary proceeding and email correspondence with M. Moscato and J. Clyne re: same updating status of research and service plan (.50) | 4.80 |
| 05/16/13 | MJM | Exchange emails and phone calls with B. Kotliar and J. Clyne re service of JSN Complaint on UMB Bank and Wells Fargo in connection with dispute with JSNs over | 0.80 |

12-12020-mg    Doc 5823    Filed 03/08/14    Entered 03/08/14 22:56:28    Main Document Exhibit I    Pg 229 of 254

| Date | Initials | Description | Hours |
|---|---|---|---|
| | | lien value and purported entitlement to post-petition interest (.40); discussion with D. Christensen re: waiver of service of JSN Complaint on Wells Fargo (.10); discussion with E. Schaffer of Reid Smith re same (.20); telephone call with S. Engelhardt re same (.10) | |
| 05/16/13 | JFC | Draft response to B. Kotliar's memorandum regarding intended manner of service of Adversary Proceeding Summons and Complaint upon UMB Bank and Wells Fargo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10); follow up correspondence with M. Moscato and B. Kotliar regarding preparation of Affidavit of Service (.10) | 0.20 |
| 05/16/13 | BMK | Multiple correspondences and conferences with M. Moscato and J. Clyne re: service upon defendants Wells Fargo Bank, N.A. and UMB Bank, N.A. in adversary proceeding initiated by the Debtors against the JSNs seeking declaratory relief with respect to their collateral and liens (.50); conference with E. Wilson of Kelley Drye re: service of summons and complaint in same and email correspondence re: same (.20); coordinate with B. Patane re: affidavit of service and appropriate addresses and contacts for service (.50); review Rule 7004 of the Bankruptcy Rules and Rule 4 of the Federal Rules of Civil Procedure re: service of Ad Hoc Group of JSNs re: same (.50); correspondence with M. Moscato re: same and project tasks going forward re: same (.30); review relevant pleadings filed in bankruptcy case and prior adversary proceedings by counsel for Wells Fargo and the JSNs and email summary of application of service rules to case to M Moscato and J. Clyne for review (.30) | 0.30 |
| 05/16/13 | BP | Per B. Kotliar's request, conduct research re: location and contact information of Wells Fargo and UMB Bank officials for sevice of summons and complaint in connection with dispute with JSNs over lien value and purported entitlement to postpetition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 05/17/13 | SJR | Attend to matters regarding service of JSN Complaint including application of Bankruptcy Rule 7004 to Wells Fargo and UMB Bank (.30) | 0.30 |
| 05/17/13 | MJM | Final preparations for serving UMB Bank and Wells Fargo with JSN Complaint in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 05/17/13 | MG8 | Correspond with T. Foudy and M. Moscato regarding completion of tasks in connection with adversary proceeding against JSNs, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |

September 06, 2013
Inv # 1575933
Our Ref #   062108-000410

| 05/17/13 | MG8 | Attend to brief review of daily docket activity, including several orders relating to stay relief, an application to employ special insurance counsel, and an option denying motion for finding of contempt in connection with Curtis' role as Debtors' conflicts counsel (.40) | 0.60 |
|---|---|---|---|
| 05/17/13 | BMK | Multiple teleconferences with M. Moscato re: service of Wells Fargo and UMB Bank in adversary proceeding seeking determination re: JSN liens and collateral summons and complaint (.20); supervise service of Wells Fargo and UMB Bank re: same (.50); supervise and coordinate filing of affidavit of service re: same and completing service (.50) | 1.20 |
| 05/17/13 | DAB | Review and analyze JSNs' amended Rule 2019 statement and summarize same for S. Reisman, T. Foudy, M. Gallagher and M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 05/17/13 | BP | Per B. Kotliar's request, assemble and prepare filed complaints to Wells Fargo and UMB Bank for service of same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties(.90) | 0.90 |
| 05/20/13 | DAB | Review and circulate Reed Smith notice of appearance in JSN lien adversary proceeding for M. Moscato review (.20) | 0.20 |
| 05/29/13 | BMK | Prepare for status conference on the Debtors' motion to approve the plan support agreement in connection with Curtis' role as conflicts counsel (.30); attend same telephonically via listen-only line (1.50); draft email summarizing same with specific attention to open issues regarding pending adversary proceeding commenced by the Debtors against the Junior Secured Noteholders, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties(.80); numerous correspondences with D. Bloom re: same and re: additional issues moving forward with pending JSN litigation in light of the PSA motion (.50) | 3.10 |
| 05/30/13 | SJR | Attention to matters regarding JSN lien adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, and next steps including coordination with Morrison & Foerster regarding division of labor and allocation of work going forward (1.10); correspondences with T. Foudy and M. Moscato re same and project next steps (.40) | 1.50 |
| 05/30/13 | TF1 | Review B. Kotliar summary of status conference on Debtors' PSA motion in connection with Curtis' role as | 1.40 |

September 06, 2013
Inv # 1575933
Our Ref #   062108-000410

|  |  |  |  |
|---|---|---|---|
|  |  | conflicts counsel (.10); meet with M. Moscato to discuss same, including call with S. Englehardt, and follow-up meeting with E. Tobin (.60); coordinate drafting of document requests to JSNs (.70) |  |
| 05/30/13 | MJM | Discussion with T. Foudy (including calls to S. Engelhardt and discussion with E. Tobin) re Document Requests in JSN litigation (.60); review relevant materials, including Examiner submissions, re Documents Requests project (.90) | 1.50 |
| 05/30/13 | BMK | Multiple correspondences with M. Moscato and follow up correspondence re: necessary documents and background information re: status of Debtors's adversary proceeding against JSNs, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, to begin discovery process (.50); review relevant rules regarding document requests and discovery in Southern District local rules, bankruptcy rules, local bankruptcy rules, case management order, and Judge Glenn's chambers rules (1.10); correspondences with D. Bloom re: discovery issues arising from JSNs complaint and potential document requests (.50); review complaint re: same (.70); research main case docket and all adversary proceeding dockets for document requests and Rule 2004 Motions re: same (1.70) | 4.50 |
| 05/30/13 | DAB | Correspond with T. Foudy, E. Tobin and B. Kotliar regarding JSN lien adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, and next steps with respect to same including potential discovery commencement (.30); review relevant background materials provided by Morrison & Foerster in connection with JSN arguments, including JSN internal presentations re: same (.20); review Debtors' and JSNs' Examiner submissions for information relevant to drafting of JSN document requests and circulate same to E. Tobin (.40) | 0.90 |
| 05/30/13 | ET | Review and analyze case documents, including the Debtors' Complaint to determine the extent of liens and for declaratory judgment against the JSNs, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, including submissions to the Examiner, in preparation for drafting document requests (3.10); confer with B. Kotliar, D. Bloom, and T. Cramton re: case documents and necessary background information for same (.70) | 3.80 |
| 05/30/13 | TC | Compile documents and create binder set in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.00) | 3.00 |
| 05/31/13 | SJR | Review of JSN litigation claims including document | 1.10 |

|           |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |       |
|-----------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
|           |     | requests and strategy for dealing with JSNs related to alleged over-secured nature of their claims (1.10)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |       |
| 05/31/13  | TF1 | Review Committee Complaint against JSNs in connection with preparation of document requests to JSNs, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.90); participate in team meeting to discuss document requests to JSNs (1.20)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                | 2.10  |
| 05/31/13  | MJM | Review complaint against JSNs to determine documents to request from defendants in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.30); meeting with E. Tobin re Document Requests to Defendants re: same (.30); meeting with T. Foudy, E. Tobin, D. Bloom, and D. Kotliar re same (1.10)                                                                                                                                                                                                                                                                                                                                                                                                                                                  | 2.80  |
| 05/31/13  | BMK | Email correspondence with T. Foudy, M. Moscato, and M. Gallagher re: parties comprising JSN ad hoc group and relevant 2019 statements in connection with serving document requests on ad hoc group in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30); correspondences with E. Tobin and D. Bloom re: relevant background to same (.30); email with E. Tobin summarizing relevant procedural rules governing interrogatories in bankruptcy re: same (.30); attend conference with T. Foudy, M. Moscato, E. Tobin, and D. Bloom re: drafting document requests on JSN group relating to same (1.20); follow up conference with E. Tobin and D. Bloom re: outstanding issues and next steps (.30)                                             | 1.90  |
| 05/31/13  | DAB | Review request from T. Foudy regarding identity of JSN ad hoc members and circulate summary of amended 2019 statement in response to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20); correspond with B. Kotliar and E. Tobin regarding documents related to drafting of discovery requests re: same (.20); correspondence with E. Tobin and B. Kotliar regarding relevant facts pertaining to same for purpose of drafting discovery requests with respect to same (.60); review and analyze Debtors' complaint to determine documents the Debtors should request from UMB Bank, Wells Fargo and/or various individual members of the JSN ad hoc group (.80); meeting with T. Foudy, M. Moscato, E. Tobin and B. Kotliar regarding drafting of discovery requests in connection with Debtors' JSN lien adversary proceeding (1.20); follow up conference with E. Tobin | 3.50  |

12-12020-mg   Doc 5828-12   Filed 11/18/13   Entered 11/18/13 16:21:23   Main Document
Exhibit I-b   Pg 96 of 274
12-12020-mg   Doc 6588-12   Filed 03/08/14   Entered 03/08/14 22:56:28   Exhibit
Exhibit I-b   Pg 233 of 254

September 06, 2013
Inv # 1575933
Our Ref #   062108-000410

Page   9

| | | |
|---|---|---|
| | and B. Kotliar regarding next steps with respect to same (.30); review local and chambers rules to determine guidelines and limitations with respect to document requests per E. Tobin request re: same (.20) | |
| 05/31/13   ET | Confer with M. Moscato re: strategic issues in adversary action against Ad Hoc Group of Junior Secured Noteholders, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30); meet with M. Moscato, T. Foudy, B. Kotliar and D. Bloom re: strategy for taking discovery same (1.20); follow-discussions with B. Koltiar and D. Bloom re: same (.30); review complaint and draft discovery requests to Junior Secured Noteholders re: same (2.80) | 4.60 |

TOTAL HOURS     83.00

### Summary of Services

| Name | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 10.30 | 830 | 8,549.00 |
| Turner P. Smith | Partner | 0.70 | 830 | 581.00 |
| Michael J. Moscato | Partner | 10.30 | 785 | 8,085.50 |
| Theresa A. Foudy | Partner | 5.90 | 730 | 4,307.00 |
| Maryann Gallagher | Counsel | 2.80 | 625 | 1,750.00 |
| Ellen Tobin | Associate | 8.40 | 600 | 5,040.00 |
| George E. Spencer | Associate | 5.20 | 520 | 2,704.00 |
| Daniel A. Bloom | Associate | 9.60 | 480 | 4,608.00 |
| Joseph F. Clyne | Associate | 0.70 | 425 | 297.50 |
| James Zimmer | Associate | 4.20 | 345 | 1,449.00 |
| Bryan M. Kotliar | Associate | 19.00 | 305 | 5,795.00 |
| Georgia Faust | Legal Assistant | 1.50 | 235 | 352.50 |
| Brittany Patane | Legal Assistant | 1.40 | 235 | 329.00 |
| Timothy Cramton | Legal Assistant | 3.00 | 210 | 630.00 |
| | | **83.00** | | **$44,477.50** |

**TOTAL SERVICES**     **$44,477.50**

### Summary of Expenses

| | |
|---|---|
| External Photocopy Services | 893.50 |
| Pacer - ECF | 20.50 |

**TOTAL EXPENSES**     **$914.00**

September 06, 2013
Inv # 1575933
Our Ref #    062108-000410

Page    10

**TOTAL THIS INVOICE**                    **$45,391.50**



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

### ATTORNEYS AND COUNSELLORS AT LAW
### 101 PARK AVENUE
### NEW YORK, NEW YORK  10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

September 06, 2013

Inv. # 1588070
Our Ref. 062108-000500
SJR

Attention:    Residential Capital, LLC

**Re:   Plan and Disclosure Statements**

---

| | | | |
|---|---|---|---|
| 05/03/13 | SJR | Attend to review of draft Disclosure Statement in connection with ResCap Plan and note comments to same regarding matters being addressed to Curtis as Conflicts Counsel (2.70) | 2.70 |
| 05/15/13 | MG8 | Attend to correspondence with S. Martin of Morrison & Foerster regarding drafting summary for inclusion in disclosure statement of SUN Trustee's motion seeking standing to pursue certain causes of action, and related follow-up with T. Foudy and B. Kotliar (.30); review and revise summary for inclusion in Disclosure Statement of SUN Trustee's motion seeking standing to pursue certain of the Debtors' causes of action and related follow-up with B. Kotliar (.30) | 0.60 |
| 05/15/13 | BMK | Email correspondences with M. Gallagher re: drafting summary of SUN Trustee motion for standing to pursue estate claims against AFI for description of motion in plan and disclosure statement (.20); draft summary re: same by reviewing relevant case pleadings (.70) | 0.90 |
| 05/16/13 | MG8 | Attend to correspondence with T. Foudy and B. Kotliar regarding description of Wilmington Trust motion for standing to be included in disclosure statement (.10) | 0.20 |
| 05/19/13 | MG8 | Brief review of draft termsheet for PSA outlining proposed treatment of various classes of creditors (.30) | 0.30 |
| 05/22/13 | MG8 | Review updated termsheets for PSA and their exhibits and check for treatment of Securities Claimants who are parties to adversary proceeding regarding subordination of Investors' claims (.80); review correspondence with D. Bloom and T. Foudy regarding the same (.40); review summary of termsheets prepared by D. Bloom (.20) | 1.40 |
| 05/23/13 | MG8 | Review Debtors' motion seeking authority to enter into and perform under a Plan Support Agreement with AFI, the Committee and Certain Consenting Claimants, as well as the Plan Support Agreement and the Kruger Declaration in Support of the Motion (1.20) | 1.20 |

12-12020-mg   Doc 6588-12   Filed 03/03/14   Entered 03/03/14 22:56:28   Exhibit
Exhibit I-JI   Pg 236 of 254

September 06, 2013
Inv # 1588070
Our Ref #  062108-000500

Page  2

| 05/29/13 | MG8 | Review Plan Support Agreement and related documents in preparation for status conference with respect to Plan Support Agreement (.70); attend status conference on Plan Support Agreement entered into by numerous stakeholders, Debtors, Committee and AFI (1.20) | 1.90 |
|---|---|---|---|

|  |  | TOTAL HOURS | 9.20 |
|---|---|---|---|

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 2.70 | 830 | 2,241.00 |
| Maryann Gallagher | Counsel | 5.60 | 625 | 3,500.00 |
| Bryan M. Kotliar | Associate | 0.90 | 305 | 274.50 |
| | | **9.20** | | **$6,015.50** |

| **TOTAL SERVICES** | **$6,015.50** |
|---|---|

| **TOTAL THIS INVOICE** | **$6,015.50** |
|---|---|



# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                            September 06, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                    Inv. # 1588069
Fort Washington  PA 19034                                          Our Ref. 062108-000700
                                                                    SJR

Attention:   Residential Capital, LLC

Re:  **Curtis Retention/Billing/Fee Applications**

---

| | | | |
|---|---|---|---|
| 05/01/13 | JZ | Correspond with G. Faust regarding preparation of March and February monthly fee statements, including commenting on charts and cover letter of same to ensure compliance with U.S. Trustee guidelines and professional compensation order (.30) | 0.30 |
| 05/06/13 | JZ | Attend to issues regarding preparation of February and March monthly fee statements to ensure compliance with U.S. Trustee guidelines and professional compensation order (.20) | 0.20 |
| 05/16/13 | PJB2 | Correspond with M. Gallagher preparing Curtis' February monthly fee statement as conflicts counsel to the Debtors (.30) | 0.30 |
| 05/16/13 | JZ | Correspond with G. Faust regarding issues related to preparation of February and March monthly fee statements, including providing comments to cover letters for same, all in accordance with United States Trustee guidelines and professional compensation order (.30) | 0.30 |
| 05/17/13 | PJB2 | Coordinate with G. Faust on finalizing monthly fee statement for February for Curtis as conflicts counsel to the Debtors and ensuring statement is in compliance with United States Trustee's fees and compensation guidelines (.30); review and revise same for finalization and circulate to S. Reisman for review (.40) | 0.70 |

                                        TOTAL HOURS                       1.80

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Peter Josef Buenger | Associate | 1.00 | 425 | 425.00 |
| James Zimmer | Associate | 0.80 | 345 | 276.00 |
| | | **1.80** | | **$701.00** |

12-12020-mg    Doc 6588-12    Filed 03/03/14    Entered 03/03/14 22:56:28    Exhibit
Exhibit I-11    Pg 101 of 474

September 06, 2013
Inv # 1588069
Our Ref #  062108-000700

Page  2

|                          | **TOTAL SERVICES** | **$701.00** |
|--------------------------|--------------------|-------------|

<u>**Summary of Expenses**</u>

| Pacer - ECF |      | 3.80 |             |
|-------------|------|------|-------------|
|             | **TOTAL EXPENSES** | | **$3.80** |

|             | **TOTAL THIS INVOICE** | **$704.80** |
|-------------|------------------------|-------------|



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**I O I   PARK AVENUE**
**NEW YORK, NEW YORK I O I 78-OO6 I**

Residential Capital, LLC                                      September 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                              Inv. # 1589845
Fort Washington PA 19034                                     Our Ref. 062108-000100
                                                             SJR

Attention:    Residential Capital, LLC

Re:  **Case Administration**

---

| | | |
|---|---|---|
| 06/04/13 DAB | Analyze and circulate order extending Judge Peck's term as mediator (.20); review and circulate notice of Court conference re: cash collateral motion (.10) | 0.30 |
| 06/05/13 MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.50) | 0.50 |
| 06/05/13 DAB | Correspond with G. Faust re: telephonic appearance at Court status conference (.20); correspond with B. Kotliar and M. Gallagher re: cash collateral issues and status conference re: same (.20); circulate notice of adjournment re: same (.10) | 0.50 |
| 06/06/13 MG8 | Attend to review of recent docket activity, including request for further extension of exclusivity and numerous orders and notices of adjournments, in connection with Curtis' role as Debtors' conflicts counsel (.40) | 0.40 |
| 06/06/13 DAB | Correspond with G. Faust re: various notices of adjournment filed in ResCap cases (.10); review Berkshire Hathaway's objection to Debtors' pay-down motion and circulate to S. Reisman and T. Foudy (.60) | 0.70 |
| 06/07/13 TF1 | Review Berkshire objection to motion to pay-down AFI (.10); review motion to extend exclusivity and accompanying papers (.30) | 0.40 |
| 06/10/13 TF1 | Review D. Bloom pleadings summary of major case and docket items in connection with Curtis' role as conflicts counsel (.10); review Committee statement in support of extension of exclusivity (.10) | 0.20 |
| 06/10/13 DAB | Analyze and circulate summary of Committee statement in support of extension of exclusivity in connection with Curtis' role as conflicts counsel (.30) | 0.30 |
| 06/10/13 BP | Update internal case calendar to reflect hearing dates as set by Court (.20); per B. Kotliar's request, prepare and revise ResCap index re: "Matters Handled by Curtis" in connection with Curtis' role as conflicts counsel (1.50) | 1.70 |

12-12020-mg   Doc 5585-12   Filed 03/08/14   Entered 03/08/14 22:56:28   Exhibit
Pg 1030 of 2472

September 24, 2013
Inv # 1589845
Our Ref #   062108-000100

Page   2

| 06/11/13 | DAB | Review agenda for 6/12 hearing and summarize contents of same for T. Foudy, including exclusivity motion, pleadings related to foreclosure review and Debtors' motion to pay-down certain secured creditors (.20); correspond with T. Foudy re: attendance of same telephonically (.10) | 0.30 |
|---|---|---|---|
| 06/11/13 | BP | Update internal case calendar to reflect hearing dates and deadlines as set by Court (.20) | 0.20 |
| 06/12/13 | TF1 | Listen in to omnibus hearing, including objection to pay-down of AFI in connection with Curtis' role as conflicts counsel (1.50) | 1.50 |
| 06/12/13 | DAB | Review email from Morrison & Foerster re: upcoming key dates and deadlines in chapter 11 cases (.10); correspond with B. Kotliar re: same (.10); attend telephonic omnibus hearing re: same (3.30) | 3.50 |
| 06/13/13 | DAB | Review and analyze U.S. Trustee's response in limited support of Berkshire Hathaway's motion to unseal the Examiner report (1.00); summarize same and circulate to S. Reisman and T. Foudy (.50) | 1.50 |
| 06/14/13 | TF1 | Review UST's response to motion to unseal Examiner report (.30) | 0.30 |
| 06/19/13 | DAB | Per T. Foudy's request, thorough review of docket in connection with general case matters, upcoming matters, and other matters handled by Curtis as conflicts counsel (.90) | 0.90 |
| 06/19/13 | BP | Update internal case calendar to reflect hearing dates as set by Court in connection with matters handled by Curtis as conflicts counsel (.30) | 0.30 |
| 06/20/13 | GF | Per J. Weber's request, assist with coordination and retrieval of 4/26/2013 hearing transcript from In re Arcapita Bank B.S.C.(c), et al. (.30) | 0.30 |
| 06/24/13 | GF | At request of D. Bloom, review Morrison & Foerster retention application in connection with responding to PSA objections by potential and actual conflict parties (.60) | 0.60 |
| 06/25/13 | MG8 | Review recent docket activity, primarily related to upcoming hearing on approval of Debtors' PSA which involves the potential resolution of disputes with numerous actual and potential conflict parties, including objections, reservations of rights, statements, agendas, revised agenda, proposed orders, as well as filings in connection with use of cash collateral, all in connection with Curtis' role as conflicts counsel to Debtors (2.30) | 2.30 |
| 06/26/13 | MG8 | Review order unsealing Examiner's report (.10); attend to correspondence from Chadbourne re: transmission | 0.40 |

September 24, 2013
Inv # 1589845
Our Ref #   062108-000100

Page   3

|  |  | of Examiner's report and related coordination with Curtis team reviewing report (.30) |  |
|---|---|---|---|
| 06/26/13 | GF | Attend to coordination and preparation of Examiner's report for circulation to internal team including several conversations and correspondence with D. Bloom, M. Gallagher and B. Kotliar re: preparation of electronic files relating to report and coordination with internal copy services and B. Patane (4.60) | 4.60 |
| 06/26/13 | DAB | Correspond with G. Faust, P. Buenger, B. Kotliar, M. Gallagher, and T. Foudy throughout the day re: forthcoming Examiner report plan for printing, distributing, and summarizing of same (1.30); draft email correspondence to S. Reisman re: PSA motion hearing and forthcoming Examiner report (.20); correspond with B. Patane re: Examiner report production (.20); review Examiner report TOC and executive summary in order to determine approach to assigning portions of report to various associates for summarizing (1.90) | 3.30 |
| 06/26/13 | PJB2 | Correspond with D. Bloom and M. Gallagher re: upcoming release of Examiner's report and preparation for reviewing and summarizing same for conflicts purposes (.40); begin review of Examiner's report and summarize same in connection with Curtis' continued role as conflicts counsel (1.30) | 1.70 |
| 06/27/13 | MG8 | Review portions of Examiner's report related to estate causes of action and third party releases, as such areas are relevant to potential objections to confirmation by conflict parties and matters being handled by Curtis as conflicts counsel, including matters related to AIG, Allstate Prudential, other RMBS investors, JSNs, SUNs, Wells Fargo, Cerberus and certain investor creditors (5.50) | 5.50 |
| 06/27/13 | DAB | Correspond with M. Moscato re: timeline contained in Examiner report and draft follow-up email to B. Kotliar re: same (.20); draft skeleton chart for Examiner report summaries based on further detailed analysis of report and correspondences with M. Gallagher, B. Kotliar, P. Buenger, J. Zimmer, and J. Weber re: same (1.80); send draft email correspondence to M. Gallagher, B. Kotliar, P. Buenger, J. Zimmer, and J. Weber with detailed instructions for review and summary of same (.30); further correspondence with J. Weber re: same (.20) | 2.50 |
| 06/27/13 | PJB2 | Extensive review of Examiner's report with particular attention to sections pertaining to various matters handled by Curtis for conflicts purposes throughout the chapter 11 cases including matters relating to RMBS investors, JSNs, SUNs, Wells Fargo and Cerberus (6.60); correspond with D. Bloom, M. Gallagher and B. Kotliar throughout the day re: same and division of | 7.40 |

| | | labor to summarize same (.80) | | |
|---|---|---|---|---|
| 06/28/13 | DAB | Review and summarize Examiner report sections related to third party claims against Ally and analysis of same (1.30); correspond with P. Buenger, J. Weber, J. Zimmer and B. Kotliar re: progress on summaries of various sections of report (.40); correspond with B. Kotliar re: content in Examiner report involving claims against Ally (.10); correspond with J. Weber re: fiduciary duty section of Examiner report (.20); correspond with M. Cohen re: PSA motion in connection with review and comment on draft plan and disclosure statement (.30); correspond with G. Faust re: provision of documents to M. Cohen in connection with same (.10); draft executive summary of first section of Examiner report (1.00) | | 3.40 |
| 06/28/13 | PJB2 | Correspond with T. Foudy, M. Moscato, D. Bloom, J. Weber and B. Kotliar re: review of Examiner's report and dividing work of same to associate group (.50); correspond with D. Bloom, J. Weber and B. Kotliar throughout the day re: same (.80); extensive review of Examiner's report with particular attention to events leading up to chapter 11 cases and postpetition transfers, which approval is pending, including RMBS settlement agreements and negotiations behind same (5.80); draft detailed summary of same and provide to group for inclusion into comprehensive summary (3.20) | | 10.30 |

TOTAL HOURS          55.80

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Theresa A. Foudy | Partner | 2.40 | 730 | 1,752.00 |
| Maryann Gallagher | Counsel | 9.10 | 625 | 5,687.50 |
| Daniel A. Bloom | Associate | 17.20 | 480 | 8,256.00 |
| Peter Josef Buenger | Associate | 19.40 | 425 | 8,245.00 |
| Georgia Faust | Legal Assistant | 5.50 | 235 | 1,292.50 |
| Brittany Patane | Legal Assistant | 2.20 | 235 | 517.00 |
| | | **55.80** | | **$25,750.00** |

TOTAL SERVICES                                        $25,750.00

**Summary of Expenses**

| | |
|---|---|
| External Photocopy Services | 5,534.70 |
| Pacer - ECF | 29.30 |

TOTAL EXPENSES                                        $5,564.00

September 24, 2013
Inv # 1589845
Our Ref #   062108-000100

Page   5

| | |
|---|---|
| **TOTAL THIS INVOICE** | $31,314.00 |



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

Residential Capital, LLC                                September 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                         Inv. # 1591462
Fort Washington  PA 19034                               Our Ref. 062108-000220
                                                        SJR

Attention:    Residential Capital, LLC

**Re:   Cash Collateral, DIP & Other Financing**

---

| 06/05/13 | BMK | Correspond with E. Tobin re: status of Debtors' cash collateral motion and authority to use collateral under entered final order in connection with serving document requests upon JSNs in adversary proceeding seeking to determine extent of liens and collateral where Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50); correspond with D. Bloom re: same (.20); review cash collateral order and stipulation and amendments to same (.50) | 1.20 |
| 06/14/13 | DAB | Review, analyze and summarize seventh stipulation with respect to cash collateral (1.00) | 1.00 |
| 06/17/13 | TF1 | Review cash collateral stipulation (.10); draft email correspondence re: unscheduled chambers conference (.20) | 0.30 |

                                  TOTAL HOURS        2.50

### Summary of Services

|                    | Title     | Hours | Rate | Amount     |
|--------------------|-----------|-------|------|------------|
| Theresa A. Foudy   | Partner   | 0.30  | 730  | 219.00     |
| Daniel A. Bloom    | Associate | 1.00  | 480  | 480.00     |
| Bryan M. Kotliar   | Associate | 1.20  | 305  | 366.00     |
|                    |           | **2.50** |   | **$1,065.00** |

                    **TOTAL SERVICES**              **$1,065.00**

September 24, 2013
Inv # 1591462
Our Ref #  062108-000220

Page  2

| | |
|---|---|
| **TOTAL THIS INVOICE** | $1,065.00 |



Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                                    September 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                        Inv. # 1589848
Fort Washington  PA 19034                                             Our Ref. 062108-000320
                                                                                       SJR

Attention:    Residential Capital, LLC

Re:    **Claims Administration and Objections**

---

| | | | |
|---|---|---|---|
| 06/03/13 | SJR | Attend to review of documentation related to PNC Mortgage proofs of claim and issues and concerns re: same including possibility of objections to claim (1.70) | 1.70 |
| 06/03/13 | TF1 | Review email from Morrison & Foerster re: PNC Mortgage claims (.20); review proofs of claim and information obtained on contracts relevant to same (1.00); meet with M. Gallagher and P. Buenger to discuss information needed to evaluate PNC claims (.40); participate in conference call with Morrison & Foerster and FTI re: same (.40) | 2.00 |
| 06/03/13 | MG8 | Correspond with J. Wishnew, M. Talarico and T. Foudy re: PNC Mortgage proofs of claim (.20); coordinate with P. Buenger re: review of same (.10); review briefly PNC Mortgage amended proofs of claim (.30); meet with T. Foudy and P. Buenger to discuss same and issues related to same (.40); participate in conference call with J. Wishnew, M. Talarico and T. Foudy to discuss open issues and objections to PNC Mortgage proofs of claim (.50); brief review of research under section 365 of Bankruptcy Code to understand theories for PNC Mortgage claims (.40) | 1.90 |
| 06/03/13 | PJB2 | Correspond with M. Gallagher and T. Foudy re: servicing claims of conflict party PNC Mortgage in connection with issues related to platform sale and cure claims (.20); provide proof of claim of PNC to T. Foudy and M. Gallagher (.10); review proofs of claims filed by PNC and provide summary of same to T. Foudy and M. Gallagher (1.60); meet with T. Foudy and M. Gallagher to discuss same and next steps (.40); review original PNC claims in order to determine if amended claims filed timely (.30); discuss same with M. Gallagher (.10); participate in call with T. Foudy, M. Gallagher, M. Talarico and J. Wishnew re: PNC claims and next steps re: same (.40); follow-up correspondence with T. Foudy and M. Gallagher re: same (.20); coordinate with B. Patane on compiling all claims and underlying contracts in binders for group (.20); review underlying contracts of PNC claim, including standard terms and provisions of sale and servicing agreement entered into | 5.70 |

September 24, 2013
Inv # 1589848
Our Ref # 062108-000320

Page 2

|  |  | between Residential Funding Corporation and conflict party PNC Mortgage in connection with addressing claims arising from same based upon repurchase obligations (2.20) |  |
|---|---|---|---|
| 06/04/13 | TF1 | Follow-up correspondence re: communications with Blank Rome, counsel to PNC Mortgage, and response to company request re: servicing agreement at issue in Blank Rome claim (.50) | 0.50 |
| 06/04/13 | MG8 | Correspond with T. Foudy and A. Root of Blank Rome re: documentation in support of PNC Mortgage proofs of claim (.20); correspond with M. Rothchild of Morrison & Foerster and A. Root, counsel to PNC Mortgage, re: PNC Mortgage proofs of claim and whether certain claims are resolved and/or duplicative (.60) | 0.80 |
| 06/04/13 | PJB2 | Continue review of underlying contracts of PNC Mortgage claim, including standard terms and provisions of sale and servicing agreement entered into between Residential Funding Corporation and conflict party PNC Mortage in connection with addressing claims arising from same based upon repurchase obligations (1.90) | 1.90 |
| 06/04/13 | BP | Per P. Buenger's request, compile documents and assemble binder containing "PNC Mortgage Claims" (1.40); update Court calendar to reflect hearing dates as set by Court (.20) | 1.60 |
| 06/05/13 | TF1 | Correspond with M. Gallagher re: handling of claims objections of conflict parties in general and communications with PNC in particular (.30) | 0.30 |
| 06/05/13 | MG8 | Participate in telephone conference with M. Rothchild of Morrison & Foerster re: documents supporting PNC Mortgage's amended proofs of claims (.20); correspond with T. Foudy re: same (.10); participate in telephone conference with A. Root re: nature and support for PNC Mortgage's amended proofs of claim for breaches of reps and warranties (.30) | 0.60 |
| 06/06/13 | TF1 | Follow-up correspondence with M. Gallagher re: information requested from PNC Mortgage and correspondence with Morrison & Foerster re: same (.30) | 0.30 |
| 06/06/13 | MG8 | Participate in telephone call with A. Root, counsel to PNC Mortgage, re: basis for PNC Mortgage's amended claim with respect to Debtors' repurchase obligations (.30); correspond with T. Foudy re: same (.20); draft correspondence to M. Rothchild, J. Wishnew, ResCap and FTI re: basis for PNC Mortgage's amended claim with respect to Debtors' repurchase obligations and related agreements and documentation (.40); review list of conflict parties and their proofs of claim and coordinate with P. Buenger re: claims review for | 3.40 |

12-12020-mg   Doc 2588-12   Filed 03/08/14   Entered 03/08/14 22:56:28   Exhibit
Pg 11 To 249 of 254

September 24, 2013
Inv # 1589848
Our Ref # 062108-000320

Page 3

|            |      | conflicts parties (1.10); correspond with Jordan Wishnew of Morrison & Foerster re: issues with respect to amended proofs of claim filed by PNC Mortgage (.40) | |
|------------|------|------|------|
| 06/06/13 | PJB2 | Correspond with M. Gallagher re: review and analysis of various claims filed against Debtors by parties which have actual or potential conflicts with Debtors' lead counsel in connection with claims resolution process (.20); correspond with D. Bloom re: same and conflict parties of Debtors' lead counsel within group of Junior Secured Noteholders in connection with same (.30); review correspondence from A. Root of counsel to PNC re: additional documentation underlying PNC's proof of claim (.10); review recently filed PSA in connection with parties which entered into same and affect on such conflict parties' filed proofs of claims against Debtors (.30); begin process of reviewing and analyzing all claims filed by conflict parties to Debtors' lead counsel in connection with claims process (4.20) | 5.10 |
| 06/07/13 | TF1  | Review and provide comments on papers to be filed in connection with Sixth Omnibus Objection to Claims, as Richard Armstrong is a conflict party (.90); review information from PNC's counsel re: claim and follow-up correspondence re: same (.30) | 1.20 |
| 06/07/13 | MG8  | Review and comment on draft of Sixth Omnibus Claims Objection, as Richard Armstrong is a conflict party, and follow-up correspondence with T. Foudy re: same (.50); review claims register to confirm claim information for Richard Armstrong (.20); correspond with P. Buenger re: proofs of claims for Richard Armstrong (.20); attend to correspondence with T. Foudy re: identification of loans related to PNC Mortgage's proofs of claim (.30); correspond with M. Talarico of FTI re: loan series number associated with PNC Mortgage sale and servicing agreement (.20); correspond with A. Root re: need for additional information about PNC Mortgage proofs of claim in order to determine loans covered by them and identity of debtor or debtors associated with those claims (.30); review filed version of sixth omnibus claims objection and organize materials related to same (.40) | 2.10 |
| 06/07/13 | PJB2 | Continue working on claims resolution with respect to various proofs of claims filed by conflict parties which were not signatories to global settlement (1.10); correspond with T. Foudy and M. Gallagher re: Sixth Omnibus Claims Objection of Debtors and handling of same in connection with certain conflict parties' claims being objected to in same (.20); review documents provided by M. Rothchild of Debtors' lead counsel re: Sixth Omnibus Claims Objection, including underlying proofs of claims filed by certain conflict parties, including Richard Armstrong, and provide comments to | 2.60 |

| | | | |
|---|---|---|---|
| | | same to T. Foudy (1.10); follow-up correspondence with T. Foudy re: same (.20) | |
| 06/09/13 | TF1 | Review email correspondence re: FTI's M. Talarico's questions on PNC's claims and draft follow-up correspondence to M. Gallagher re: same (.30) | 0.30 |
| 06/09/13 | MG8 | Attend to correspondence with M. Talarico re: PNC Mortgage proofs of claim and follow-up correspondence with P. Buenger re: same (.30); review briefly PNC Mortgage original proofs of claim and amended proofs of claim and follow-up with T. Foudy re: same (.40) | 0.70 |
| 06/11/13 | TF1 | Review email from PNC Mortgage counsel with further information re: claims and forward to client and Morrison & Foerster (.10); draft response with further follow-up re: same (.20) | 0.30 |
| 06/11/13 | MG8 | Correspond with A. Root and M. Rothchild re: mortgage pool related to PNC Mortgage claims (.20); correspond with P. Buenger and M. Cohen re: potential legal objections to PNC Mortgage proofs of claim (.60) | 0.80 |
| 06/11/13 | PJB2 | Review claims process in connection with handling proofs of claim filed against Debtors' estates by conflict parties to Debtors' lead counsel and analyzing numerous claims of actual and potential conflict parties, including CitiMortgage, PNC Bank, Wells Fargo and certain RMBS investors as-filed for potential objections to same (7.40) | 7.40 |
| 06/12/13 | SJR | Review claims for which Curtis is acting as conflicts counsel with respect to claims to objections related to conflict parties (1.60) | 1.60 |
| 06/12/13 | PJB2 | Analyze various proofs of claim filed against Debtors by conflict parties, including Citi Mortgage, PNC Bank, and Wells Fargo for potential objections and disallowing same for claims process (1.70) | 1.70 |
| 06/13/13 | SJR | Attend to addressing claims' issues with respect to claims objections to be filed by and/or prosecuted by Curtis against conflict parties and review documentation related to same (3.20) | 3.20 |
| 06/13/13 | TF1 | Participate in conference call with GMAC's C. Laubach re: PNC Mortgage claims (.20); draft follow-up email to PNC's counsel requesting information on claim (.20); correspond with M. Cohen re: PNC Mortgage claims and potential resolution and follow-up re: same (.90); meet with P. Buenger to discuss analysis of statute of limitations issue pertinent to PNC claim (.10); draft email to P. Buenger and M. Cohen with cases pertinent to same (.10) | 1.50 |
| 06/13/13 | MG8 | Correspond with T. Foudy, P. Buenger and M. Cohen | 0.40 |

12-12020-mg   Doc 5828-12   Filed 11/18/13   Entered 11/18/13 16:24:23   Exhibit
Exhibit I-1   Pg 250 of 254

September 24, 2013
Inv # 1589848
Our Ref # 062108-000320

Page 5

|            |      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |       |
|------------|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
|            |      | re: potential objections to PNC Mortgage proofs of claim (.20); participate in call with C. Laubach of ResCap re: same and conduct brief research on relevant statue of limitation (.20)                                                                                                                                                                                                                                                                                                                              |       |
| 06/13/13   | DAB  | Review PNC Mortgage proofs of claim and draft follow-up correspondence re: dispute vis-à-vis same per T. Foudy email and related matters (.60); follow-up correspondence to P. Buenger re: same (.20)                                                                                                                                                                                                                                                                                                                  | 0.80  |
| 06/13/13   | PJB2 | Correspond with T. Foudy and D. Bloom re: addressing claims of conflict party PNC Mortgage and research re: underlying basis for same (.20); correspond with counsel to PNC re: same and back-up documentation to support same (.10); correspond with D. Bloom re: same (.30); continue review of claims process in connection with handling proofs of claim filed against Debtors' estates by conflict parties listed on Morrison & Foerster's retention application and analyzing numerous claims as-filed for potential objections to same (4.40); meet with T. Foudy to discuss research re: statute of limitations under New York law of breach of representations and warranties leading to repurchase obligations in connection with analyzing proofs of claims filed by conflict party PNC Mortgage and follow-up re: same (.20); conduct research re: same (2.80); draft and provide summary of same to T. Foudy, M. Gallagher and M. Cohen (2.20) | 10.20 |
| 06/14/13   | TF1  | Follow-up correspondence re: PNC claims' analysis and statute of limitations issue (.20); participate in conference call with PNC's counsel re: same (.30); meet with M. Cohen re: same (.30)                                                                                                                                                                                                                                                                                                                          | 0.80  |
| 06/14/13   | MG8  | Draft and send follow-up correspondence to P. Buenger and M. Cohen re: PNC Mortgage claims and various potential objections including statute of limitations (.20); review pleading re: CitiMortgage proof of claim and withdrawn transfer notice, as Curtis acts as conflicts counsel for ResCap in connection with CitiMortgage (.20)                                                                                                                                                                                 | 0.40  |
| 06/14/13   | MAC  | Review research in connection with objection to PNC claim based on statue of limitations related to representation and warranty claims (1.20); conduct analysis of other issues related to rejection of PNC contracts and resulting claims (1.10); meet with T. Foudy re: same (.30)                                                                                                                                                                                                                                    | 2.60  |
| 06/14/13   | PJB2 | Correspond with T. Foudy and M. Cohen re: analysis of conflict party PNC Mortgage's proofs of claim, underlying contract between PNC Mortgage and Residential Funding Corporation and research re: statute of limitations of breach of representations and warranties leading to repurchase obligations (.60); further review of standard terms and provisions of sale and servicing agreement between PNC Mortgage and                                                                                                   | 4.50  |

|  |  |  |  |
|---|---|---|---|
|  |  | Residential Funding Corporation to address additional items discussed with M. Cohen (.40); continue reviewing claims process for various proofs of claim filed by conflict parties (3.50) |  |
| 06/17/13 | SJR | Review documentation related to objection to PNC Mortgage claim and review research in connection with merits of objection (1.30) | 1.30 |
| 06/17/13 | TF1 | Review email correspondence re: analysis of PNC Mortgage contract and related claims (.30) | 0.30 |
| 06/17/13 | MAC | Review sale assumption notices and approval order in connection with objection to PNC Mortgage claim and conduct research in connection with same (1.90) | 1.90 |
| 06/17/13 | PJB2 | Continue review of claims in connection with handling proofs of claims filed against Debtors' estates by conflict parties to Debtors' lead counsel and analyzing numerous claims as-filed for potential objections to same (6.50) | 6.50 |
| 06/18/13 | SJR | Continue review and handling of objections to proof of claims of various conflict parties in ResCap case as listed on Morrison & Foerster retention application (.80) | 0.80 |
| 06/18/13 | TF1 | Meet with M. Cohen re: PNC Mortgage claim (.20); participate in call with PNC's counsel, C. Laubach, and Morrison & Foerster in connection with same (.90) | 1.10 |
| 06/18/13 | MG8 | Review correspondence from T. Foudy, A. Root and C. Laubach re: PNC Mortgage proof of claim and legal issues related to statue of limitations applicable to PNC Mortgage claims (.40) | 0.40 |
| 06/18/13 | MAC | Conduct research re: potential objections to PNC Mortgage proof of claim (1.20); meet with T. Foudy re: same (.20) | 1.40 |
| 06/18/13 | PJB2 | Continue review of claims process in connection with handling proofs of claims filed against Debtors' estates by conflict parties to Debtors' lead counsel and analyzing numerous claims as-filed for potential objections to same (.90) | 0.90 |
| 06/19/13 | TF1 | Confer with M. Cohen re: follow-up to PNC Mortgage claim (.10); draft email correspondence to A. Root re: follow-up on back-up documentation for claims amount (.10); review back-up received from A. Root and forward same to client (.30) | 0.50 |
| 06/19/13 | MAC | Review backup information provided by PNC Mortgage in connection with claim calculation (.80); confer with T. Foudy re: follow-up to PNC Mortgage claim (.10); conduct research and analysis of issues in connection with objection to PNC Mortgage claim and potential disputes re: calculation of claim amount (1.90) | 2.80 |

September 24, 2013
Inv # 1589848
Our Ref # 062108-000320

Page 7

| 06/19/13 | PJB2 | Conduct research in connection with potential objections to PNC Mortgage claims re: additional case law with Second Circuit and New York Courts with special attention to statute of limitations pursuant to breach of contract claims based on breach of representations and warranties giving rise to repurchase obligations in connection with addressing current claims against Debtors for such claims filed by conflict parties (3.30) | 3.30 |
| 06/24/13 | TF1 | Review email correspondence from PNC's counsel re: appropriate debtor entity for claim (.10) | 0.10 |
| 06/25/13 | TF1 | Correspond with PNC counsel re: claims (.10); correspond with M. Gallagher on same and status (.10) | 0.20 |
| 06/25/13 | MG8 | Correspond with P. Buenger re: status of PNC Mortgage claims and potential objections and issues with respect to same (.20) | 0.20 |
| 06/25/13 | PJB2 | Correspond with M. Gallagher re: current status of objection to conflict party PNC's claims against Debtors' estates and next steps re: same (.30) | 0.30 |
| 06/26/13 | MG8 | Participate in telephone conference with A. Root, counsel to PNC, re: withdrawal of PNC's claims against certain Debtors and follow-up correspondence with C. Laubach, M. Talarico, J. Wishnew and M. Rothchild re: same (.40) | 0.40 |
| 06/28/13 | SJR | Review Curtis comments to draft objection to claims of certain RMBS claimants and Kruger declaration (1.10); review comments of T. Foudy to same (.60) | 1.70 |
| 06/28/13 | TF1 | Review email correspondence with PNC's counsel and client re: withdrawal of duplicative claims and claims against incorrect debtors (.10); participate in call with N. Moss and J. Beha re: objections to securities claims asserted by certain conflicts parties, including MetLife, Fortress, Alea Holdings and Stonebridge (.10); correspond with B. Kotliar re: verifying claim information re: conflict parties (.30); review and provide comments on objection, notice, proposed order and declaration in connection with objection to securities claims and correspond with D. Bloom re: notice for same (2.90); participate in follow-up call and correspondence with J. Beha re: chart accuracy with respect to conflict parties (.20) | 3.60 |
| 06/28/13 | MG8 | Participate in telephone conference with A. Root re: issues with respect to duplicative PNC Mortgage claims (.20); correspond with C. Laubach re: PNC Mortgage proofs of claim (.20); draft further correspondence to A. Root, counsel to PNC Mortgage, re: PNC Mortgage's agreement to withdraw proofs of claim against Debtors other than Residential Funding Corporation (.20); | 4.70 |

follow-up correspondence with C. Laubach, J. Wishnew, M. Talarico, M. Rothchild and T. Foudy re: same (.20); attend to preparations for addressing Tenth Omnibus Claims Objection involving securities claims that are either facially defective or time barred asserted by certain conflict parties, including Alea, Fortress entities, Stonebridge, General American and MetLife entities (.50); participate in call with T. Foudy and J. Beha re: tenth omnibus claims objection involving more than twenty conflict parties, including Alea, Stonebridge, General American, Fortress entities, Alea Holdings, Stonebridge and MetLife entities, allegedly asserting securities claims against Debtors that are either facially defective or time-barred (.40); attend to review and revise Tenth Omnibus Claims Objection, as well as related notice, declaration of Lewis Kruger and proposed order (2.50); coordinate with T. Foudy re: same (.20); correspond with T. Foudy and J. Beha re: additional proofs of claim to include in Tenth Omnibus Claims Objections (.30)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 06/28/13 | BMK | Review proofs of claim filed by conflict party RMBS investors in connection with claims objection where proofs of claim lack sufficient information where Curtis is acting as conflicts counsel (1.30); draft summary to T. Foudy re: same specifically noting certain issues and absent claims from schedule of objectionable claims (.30) | 1.60 |
| 06/28/13 | DAB | Review and revise notice to accompany omnibus claims objection to certain claims of conflict parties including Fortress entities, Metlife entities, Alea Holdings and Stonebridge (.50); draft email correspondence to T. Foudy re: comments to same (.20) | 0.70 |
| 06/30/13 | MG8 | Correspond with A. Root, counsel to PNC Mortgage, re: clarification to withdrawal of proofs of claim filed by PNC Mortgage, and follow-up correspondence with M. Cohen re: same (.20) | 0.20 |

|  |  | TOTAL HOURS | 103.80 |

September 24, 2013
Inv # 1589848
Our Ref # 062108-000320

Page 9

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 10.30 | 830 | 8,549.00 |
| Theresa A. Foudy | Partner | 13.00 | 730 | 9,490.00 |
| Michael Ari Cohen | Partner | 8.70 | 730 | 6,351.00 |
| Maryann Gallagher | Counsel | 17.00 | 625 | 10,625.00 |
| Daniel A. Bloom | Associate | 1.50 | 480 | 720.00 |
| Peter Josef Buenger | Associate | 50.10 | 425 | 21,292.50 |
| Bryan M. Kotliar | Associate | 1.60 | 305 | 488.00 |
| Brittany Patane | Legal Assistant | 1.60 | 235 | 376.00 |
| | | **103.80** | | **$57,891.50** |

**TOTAL SERVICES**        $57,891.50

**TOTAL THIS INVOICE**        $57,891.50