Hearing Date: March 5, 2014 at 2:00 p.m.

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | : | Case No. 12-12020 (MG) |
| Debtors. | : | Jointly Administered |

**EXAMINER'S REPLY TO RESPONSE OF ALLY FINANCIAL INC. TO EXAMINER'S MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR COMPLIANCE WITH DISCHARGE ORDER REGARDING FEDERAL SUBPOENA SERVED ON THE EXAMINER**

Arthur J. Gonzalez, the Court-appointed Examiner[2] in these cases (the "Examiner"), respectfully submits this reply (the "Reply") to the response (the "Response") of Ally Financial Inc., together with its non-debtor subsidiaries and affiliates, including Ally Bank (collectively, "Ally") [Docket No. 6554], to the Examiner's Motion for Entry of Order Approving Procedures for Compliance with Discharge Order Regarding Federal Subpoena Served on the Examiner (the "Examiner's Motion")[3] [Docket No. 6525], and in further support of the Examiner's Motion respectfully states as follows:

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

[2]  The Examiner has been discharged from his duties pursuant to an order entered by the Court on September 24, 2013 [Docket No. 5187] (the "Discharge Order").

[3]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Examiner's Motion.

**REPLY**

1. Ally does not oppose the relief requested in the Examiner's Motion. It instead asks the Court to impose certain restrictions on the United States Government's ability to use and disseminate the Subpoenaed Materials.

2. The Examiner generally takes no position on the new decretal paragraph requested by Ally for insertion into the proposed order, except he desires no part in the "routing" process described in it. Response at 2. The Examiner does not wish to be further enmeshed in these proceedings, and there is no reason for him to be, as the names and addresses of counsel for each Interviewee are already part of the public record in this case. See Schedule 1 to the Proposed Order annexed as Exhibit A to the Examiner's Motion. The Examiner simply seeks the Court's authorization to comply with compulsory process served on him by the USAO-CDCA. Any additional or subsequent restriction on the use or dissemination of the Subpoenaed Materials after their production to the USAO-CDCA is an issue between Ally and the United States Government, and not one that warrants or requires the Examiner's involvement.

3. As a separate matter, since the filing of the Examiner's Motion, counsel to the Examiner has been informally contacted by counsel for one or more of the Interviewees, who have requested copies of the Subpoenaed Materials relating to their own Interviewee-client(s). The Examiner proposes to provide copies to such counsel of the relevant Subpoenaed Materials with respect to each requesting counsel's individual Interviewee-client(s) contemporaneously with the production of those Subpoenaed Materials to the USAO-CDCA.

**REVISED PROPOSED ORDER**

4. The United States Attorney's Office for the Southern District of New York and the USAO-CDCA (together, the "United States Government") informally raised issues regarding certain provisions in the Proposed Order. After discussion with the United

2

States Government, the Examiner was able to resolve those issues through certain revisions to the Proposed Order. Annexed hereto as Exhibit "A" is a clean version of the revised Proposed Order. Annexed hereto as Exhibit "B" is a blacklined version of the revised Proposed Order, showing the changes to the initial Proposed Order filed with the Court on February 26, 2014 (as Exhibit A to the Examiner's Motion) that have resulted from the Examiner's discussions with the United States Government. The revised Proposed Order has been agreed to by both the Examiner and the United States Government.

## CONCLUSION

For the foregoing reasons and those reflected in the Examiner's Motion, the Examiner respectfully requests that the Court grant the relief requested in the Examiner's Motion, in the form of the revised Proposed Order attached hereto.

Dated: March 4, 2014
      New York, New York

**CHADBOURNE & PARKE LLP**

By: _/s/ Howard Seife_
    Howard Seife
    David M. LeMay
    Members of the Firm
    30 Rockefeller Plaza
    New York, New York 10112
    Tel.: (212) 408-5100
    Fax: (212) 541-5369

*Counsel to the Examiner*