# **EXHIBIT B**

# **BLACKLINE OF REVISED PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER <s>APPROVING PROCEDURES FOR</s> REGARDING COMPLIANCE WITH DISCHARGE ORDER <s>REGARDING</s>
AND FEDERAL SUBPOENA SERVED ON THE EXAMINER**

Upon the motion (the "Motion")[2] of Arthur J. Gonzalez, the Court-appointed Examiner in these cases (the "Examiner"), for entry of an order approving procedures for compliance with the September 24, 2013 Discharge Order entered by this Court generally discharging the Examiner of his duties [Docket No. 5187] (the "Discharge Order") <s>regarding a subpoena (the "Subpoena") served on the Examiner by</s>**;** the United States Attorney's Office for the Central District of California (the "USAO-CDCA**") having served on the Examiner** a subpoena (the "Subpoena") pursuant to the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1833a, which Subpoena seeks the production of all transcripts and recordings of witness interviews conducted by the Examiner (the "Subpoenaed Materials") in the course of his investigation (the "Examiner Investigation"); the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; venue of these cases and this matter in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; **the Examiner having taken the**

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**position that** consideration of this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); ~~and~~ the Court having heard the Motion on March ~~__, 2014,~~**5, 2014; the Court having been advised that counsel for the United States of America (the "United States") and counsel for the Examiner have conferred and agreed upon procedures that shall govern the Examiner's production of the Subpoenaed Materials, as set forth below (the "Production Procedures");** and after due deliberation, and good and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that all objections to the Motion, to the extent not previously withdrawn, are overruled; and it is further

ORDERED that the Discharge Order does not prohibit the Examiner from complying with the Subpoena and producing the Subpoenaed Materials pursuant and subject to the notice procedures outlined below; and it is further

ORDERED that the Examiner shall ~~promptly~~**comply with the Production Procedures, as agreed with the United States, as follows:**

**(1) No later than the close of business on the business day immediately following the date of entry of this Order, the Examiner shall** serve a copy of this Order, together with a copy of the Subpoena (collectively, the "Service Documents"), ~~by electronic mail and overnight delivery~~ to each individual who was the subject of an interview in connection with the Examiner Investigation (collectively, the "Interviewees"), ~~and thereby provide~~ notice of the Examiner's intention to produce the Subpoenaed Materials in satisfaction of any obligations under the ~~Discharge Order,~~ by serving the Service Documents on the counsel who represented

2

such Interviewees at their interviews, ~~all~~ as listed on Schedule "1" to this Order~~; and it is further~~ORDERED that service by the Examiner of the Service Documents to the parties and in the manner prescribed in the ~~foregoing decretal~~ paragraph shall constitute due, sufficient, and ~~adequate~~**, by electronic mail and overnight delivery, and thereby provide** notice of the Examiner's intention to produce the Subpoenaed Materials in ~~satisfaction of any obligations under~~ the Discharge Order~~, and no further notice is required; and it is further~~**accordance with the Subpoena;**

~~ORDERED that the~~**(2)    The** Examiner ~~is authorized to~~**shall** produce the Subpoenaed Materials in satisfaction of any obligations under the ~~Discharge Order~~**Subpoena** except to the extent that ~~an Interviewee (i) obtains a court order~~**,** within thirty (30) days of ~~his or her~~ counsel's receipt of the Service Documents in the manner described ~~above quashing the Subpoena with respect to that Interviewee, and (ii)~~**in the preceding subparagraph, (i) a court issues an order directing that Subpoenaed Materials shall not be produced, and the party obtaining such order** provides notice of entry of ~~such court~~**the** order to the Examiner, the Office of the United States Trustee **for Region 2 (the "United States Trustee"), the United States Attorney's Office for the district in which the order was issued**, and the USAO-CDCA (collectively, the "Notice Parties") within that same time period~~; and it is further~~**, or (ii) an Interviewee reaches an agreement with the USAO-CDCA that the Subpoenaed Materials shall not be produced with respect to that Interviewee, and provides the notice set forth below;**

3

**(3)  The United States does not waive and expressly reserves its right to assert any argument in response to any application for a court order seeking to prevent production of the Subpoenaed Materials;**

~~ORDERED that~~**(4)  Notice of an application for a court order directing that Subpoenaed Materials shall not be produced, and** notice of entry of any ~~court~~**such** order ~~quashing the Subpoena~~**,** must be made in writing and served upon: counsel for the Examiner, Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife and David LeMay); the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Brian S. Masumoto); ~~and~~ the United States Attorney's Office for the ~~Central District of California~~**district in which such application is made or such order is entered, and the USAO-CDCA**, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, CA 90012 (Attn: Indira J. Cameron-Banks);~~ and it is further~~

~~ORDERED that as to those Interviewees who timely deliver notice to the Notice Parties of entry of a court order quashing the Subpoena with respect to that Interviewee, the Examiner shall refrain from producing the transcripts and recordings with respect to such specific Interviewees pending further direction from the court where such an order was entered; and it is further~~

**(5) Notice of any agreement between an Interviewee and the USAO-CDCA that Subpoenaed Materials shall be not be produced with respect to that Interviewee must be made in writing and served upon counsel for the Examiner in the manner described in the preceding subparagraph;**

4

**(6) To the extent the Examiner does not receive timely notice from an Interviewee of a court order or agreement with the USAO-CDCA as described in subparagraph (2) above, the Examiner shall produce the Subpoenaed Materials relating to that Interviewee to the USAO-CDCA as directed in the Subpoena no later than April 9, 2014; and it is further**

ORDERED that service by the Examiner of the Service Documents to the parties and in the manner prescribed in the **preceding** paragraph shall constitute due, sufficient, and adequate notice of the Examiner's intention to produce the Subpoenaed Materials in satisfaction of any obligations under the **Subpoena and** the Discharge Order, and no further notice is required; and it is further

~~ORDERED that neither the Examiner nor his counsel shall have or incur any liability with respect to any statement, act or omission arising out of or relating to any good-faith effort by the Examiner or his counsel to comply with this Order; and it is further~~ ORDERED that the **terms and provisions of the Discharge Order remain in full force and effect and are not revoked, amended, or altered by this Order; and it is further**

ORDERED that this Court shall retain jurisdiction to ~~hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of~~**implement, interpret, and enforce** this Order.

Date: March ___, 2014

                                                  _____
                                                  MARTIN GLENN
                                          United States Bankruptcy Judge