Karen Michele Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(410) 458-3772

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re RESIDENTIAL CAPITAL, LLC et. al, <br> Debtors. | ) Judge Hon. Martin Glenn, Presiding <br> ) <br> ) Case No. 12-12020 (MG) <br> ) <br> ) Chapter 11 <br> ) <br> ) **REPLY TO OPPOSITION OF KAREN MICHELE** <br> ) **ROZIER'S REQUEST FOR PAYMENT FROM** <br> ) **DEBTOR FOR CLAIMS 4738 AND 5632 AND** <br> ) **MOTION TO STRIKE** <br> ) |

TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE

UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Movant OBJECTS to be being called a "BORROWER". Movant sued Debtor, which purchased a

rescinded note dated December 23, 2005 for $576,000 and then attempted to steal Movant's home, and did

steal her coveted career, to cover their crimes. Movant's arguments are detailed in her pleadings.

Movant OBJECTS to Debtor's assertion that it still has any flexibility to now challenge any proof of

claims not previously challenged or disputed. Such a move is prejudicial to all parties. Debtors did not make it

clear to Movant that they still had the flexibility to challenge and or dismiss her claims. Had Movant

understood this, she might have organized many of the individuals to vote against the Plan. Movant is not the

only participant who was misled. Movant received phone calls and emails from other Plan participants

FEB 24 2014

expressing their concern about Debtor's statements. A true and correct copy of one such email is attached hereto as Exhibit A.

The Plan should be rejected if this material fact was obscured[1]. Debtors had ample opportunity to challenge all proofs of claims. Movant OBJECTS to Debtor's assertion that it has flexibility to now challenge her claim. In cases where there has been no communication between parties and no filings, perhaps their assertion is reasonable. In this instant action, their silence and failure to assert any defense to Movant's adequately pled claims preclude them from receiving relief from this court. Additionally, Movant OBJECTS to these specific items in Debtor's objections and moves to strike the entire objection as nonresponsive, vague, and misleading:

- Item #2.5. On October 28, 2008, Movant commenced an action entitled Karen M. Rozier v. GMAC Mortgage, LLC and MERS, Case No. 30-2008-00217056-CU-JR-CJC, commenced in the Superior Court of California, County of Orange (the "Initial Action").
- Item #4: Also included: Initial Proof of Claim did not include Debtor's post-petition actions. The full extent of the damage caused by the Initial Action was obscured until Residential Capital admitted to securitizing multiple notes bearing Movant's name multiple times.

## CONCLUSION

For the reasons set forth above and as previously argued in Movant's pleadings and letters, the Court should overrule the Debtor's objections and affirm Movant's Motions, and grant such other relief as is just and proper.

Dated: February 20, 2014

Executed in Buena Park, California

*Karen M. Rozier*
Karen Michele Rozier

---

[1] In Movant's initial pleadings against Debtor Executive Trustee Services, LLC she alleged that ETS was not a Trustee but a wholly-owned subsidiary of Debtor GMAC Mortgage concealing its identity to confuse the general public. The New York Bankruptcy Court later concluded similarly and forced both parties to file bankruptcy.

2/11/2014                                                                                                    Print

Subject: Reacap Settlement
From:    MARCUS SILVER (marcussilver@sbcglobal.net)
To:      rozier.karen@yahoo.com;
Date:    Wednesday, February 12, 2014 10:09 AM

Dear Ms. Rozier,

I have claim # 61 that I am trying to get settled. I've also been getting the run around and emails are not returned so I'm thinking of filing a motion for payment as well.

I'm not a lawyer but to my understanding the settlement plan defines "allowed claims" as claims that were not objected to or disputed at the time the plan was confirmed on Dec 17th. The plan further calls for payment for allowed claims to be made on the effective date or as soon as practicable. (we are not being paid interest) Even disallowed claims that become allowed should be paid when they become allowed or as soon as practicable thereafter and within 90 days at the most. To now learn that they believe they have 270 days to decide whether to allow, object or reduce claims is disturbing and contradicts the provision and intention of the agreement that "allowed" claims should be paid on the effective date or as soon as practicable. By my interpretation, the 270 days to object could only apply to pending or disputed claims and not claims that were allowed on the effective date.

Apparently my claim and that of several hundred others hinges on how the court will interpret these arguments so I certainly wish you the best of luck in resolving.

Marcus Silver
310 945 6105

about:blank                                                                                                  1/1



## PROOF OF SERVICE

### Case 12-12020 (MG) In re Residential Capital, LL

I am a resident of the State of California. I am over the age of 18 and not a party to the within action. My business address is 7957 Dahlia Circle, Buena Park, CA 90620.

**REPLY TO OPPOSITION OF KAREN MICHELE ROZIER'S REQUEST FOR PAYMENT FROM DEBTOR FOR CLAIMS 4738 AND 5632 AND MOTION TO STRIKE**

On all interest parties in this action by regular first class mail as follows:

Counsel to the Debtors
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

Office of the United States Trustee
Tracy Hope Davis
Office of the United State Trustee
201 Varick Street, Suite 1006
New York, NY 10004

Counsel to the Official Committee of
Unsecured Creditors
Kenneth H. Eckstein
Thomas Moers Mayer
Douglas H. Mannal
Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Counsel to the Examiner
Howard Seife
David M. LeMay
Robert J. Gayda
Marc B. Roitman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

For Interested Parties Francine Silver and Marcus Silver
Ehud Gersten
Gersten Law Group
3115 4th Avenue
San Diego, CA 92103

I declared under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 21, 2014

David E. Rozier, Sr