**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' FIFTY-SECOND
OMNIBUS CLAIMS OBJECTION WITH RESPECT TO CLAIM NO. 408
OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE**

Upon the fifty-second omnibus claims objection, dated December 12, 2013 [Docket No. 6074] (the "Fifty-Second Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient Documentation Claims on the grounds that each Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity and amount and has no basis in the Debtors' books and records, all as more fully described in the Fifty-Second Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Second Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fifty-Second Omnibus Claims Objection.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifty-Second Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Fifty-Second Omnibus Claims Objection and the Declaration of Deanna Horst annexed thereto as *Exhibit 1*; and the Court having found and determined that the relief sought in the Fifty-Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Fifty-Second Omnibus Claims Objection establish just cause for the relief granted herein; and this Court having determined that the Fifty-Second Omnibus Claims Objection complies with the Procedures Order; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Fifty-Second Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Claim No. 408 filed by Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2 (the "Deutsche Bank Claim") is hereby disallowed and expunged against Debtor Residential Capital, LLC; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent, is authorized and directed to reflect this treatment of the Deutsche Bank Claim on the Debtors' claims register; and it is further

ORDERED that the Debtors and their successors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Second Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Deutsche Bank Claim; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  March 4, 2014
         New York, New York

                                                                _/s/Martin Glenn_____
                                                                MARTIN GLENN
                                                                United States Bankruptcy Judge