B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>GMAC MORTGAGE, LLC-RFC HOLDING COMPANY | Case Number:<br>12-12020 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Jacqueline A. Warner

Name and address where notices should be sent:

3053 West Craig Rd, E155
North Las Vegas, NV 89032

Telephone number: (650) 520-5596    email: h7890p@yahoo.com

**COURT USE ONLY**

☑ Check this box if this claim amends a previously filed claim.

Court Claim Number: 3502
    *(If known)*

Filed on: 11/07/2012

Name and address where payment should be sent (if different from above):



Telephone number:        email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $            1,026,026.90

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Loan Rescission tender paid security instrument
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>4 8 4 0 | **3a. Debtor may have scheduled account as:**<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☑Other
Describe: Loan Rescission tender paid in full

**Basis for perfection:** Tender paid in full

**Value of Property:** $ 1,026,026.90

**Amount of Secured Claim:** $ 1,026,026.90

**Annual Interest Rate_____%** ☐Fixed or ☐Variable
(when case was filed)

**Amount Unsecured:** $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.        ☐ I am the creditor's authorized agent.        ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)        ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Jacqueline A. Warner
Title:
Company:
Address and telephone number (if different from notice address above):

*(Signature)*    *(Date)* 3/3/2014

Telephone number(650) 520-5596    email:h7890p@yahoo.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## FORM B10A: CLAIM 3502  -  STATEMENT ITEMIZING CLAIM AMOUNT ADJUSTED;  PRINCIIPAL, INTEREST AND FEES PAID TO GMAC MORTGAGE, LLC

**FORM B10: Box 1**. Amount of Claim reduced from $1,049,761.96   to
$1,026,026.90

1. HUD 1 Final Settlement Statement, Line 504-Payoff to GMAC Mortgage, LLC, Amount of  $1,049,761.96.  on Page 1, **(Exhibit 1).**

2. Amount on Orange Coast Title Seller(s) Final Closing Statement dated Nov. 19, 2012, **(Exhibit 2)** Loan Payoff, 1st Loan Payoff to: GMAC Mortgage, LLC,

   "Impound Balance" $ 22,870.75 and "Late Charges" $864.31 totaling: $23,735.06 are eliminated.        $1,049,761.96  less 23,735.06 =  $1,026,026.90

3. 
   | | | |
   |---|---|---:|
   | Loan Payoff: 1st Loan Payoff to: GMAC Mortgage, LLC | | $990,742.62 |
   | [Total Payoff:  $1,049,761.96] | | |
   | Interest    11/7/2012 to 11/22/2012 | | 432.00 |
   | Interest through 11/7 * | | 30,463.53 |
   | Other Fees/Costs  ** | | 4,388.75 |
   | Total Paid to GMAC Mortgage, LLC | | $1,026,026.90 |

4. Full Reconveyance executed by GMAC MORTGAGE, LLC on 12/4/12 and recorded in County of San Mateo, CA; Document No. 2012-183564 on 12/6/12. **(Exhibit 3)**

# ORANGE COAST TITLE COMPANY

520 N. Santa Cruz Avenue, Suite 200
Los Gatos, CA 95030
Phone: 408 827 - 4950    Fax: 408 402 - 3649

## SELLER(S) FINAL CLOSING STATEMENT

**ESCROW NO:** 1383480 - BK
**ESCROW OFFICER:** Brandy Kelly

**DATE:** 12/11/2012
**TIME:** 12:36 PM
**CLOSING DATE:** 11/19/2012

**SELLER(S):** Jacqueline A. Warner, Trustee
**PROPERTY ADDRESS:** 10  Emerald Lake Place Redwood City, CA 94062

| | DEBITS | CREDITS |
|---|---|---|
| **TOTAL CONSIDERATION** | | $  1,735,000.00 |
| **Prorations** | | |
| County Taxes @ S6,660.62 for 6  Months  From 7/1/2012 To 11/19/2012 | $      5,106.47 | |
| **Adjustments to Charges** | | |
| Buyer- seller credit for expenses fr. 10/15-11/19 | | $      2,060.00 |
| Seller Credit for closing costs | $      6,000.00 | |
| **Commissions** | | |
| Tavena Financial Group, Inc | $    43,375.00 | |
| Credit Seller for .5 % commission credit back | | $      8,675.00 |
| Intero Real Estate | $    43,375.00 | |
| **Title Charges - Orange Coast Title Company** | | |
| [Total Title Charges: $1,908.50] | | |
| County Transfer Tax | $      1,908.50 | |
| **Escrow Charges and Other Settlement Charges** | | |
| [Total Escrow Charges and Other Settlement Charges: $270.00] | | |
| Doc Prep Fee | $         150.00 | |
| Wire Fee | $           40.00 | |
| Messenger Fee | $           40.00 | |
| Signing/Notary Fee | $           40.00 | |
| **Loan Payoff** | | |
| 1st Loan Payoff to: GMAC Mortgage, LLC | $    990,742.62 | |
| [Total Payoff: $1,049,761.96] | | |
| Interest @ $27.0000 Per Day From 11/7/2012 To 11/22/2012 | $         432.00 | |
| Late Charge | $         864.31 | |
| Interest through 11/7 | $    30,463.53 | |
| Impound Balance | $    22,870.75 | |
| Other Fees/Costs | $      4,388.75 | |
| **Additional Disbursements** | | |
| Home Warranty to: First American Home Buyers Protection | $         465.00 | |
| NHD report to: JCP-LGS Reports | $         142.95 | |
| **Balance Due You** | $ ████████ | |
| ***Totals*** | $  1,745,735.00 | $  1,745,735.00 |

# EXHIBIT 2:
# ORANGE COAST TITLE
# SELLER FINAL CLOSING STMT



We hereby certify that this is a true
and correct copy of the original
ORANGE COAST TITLE COMPANY

OMB Approval No. 2502-0265

| A. | | | | B. TYPE OF LOAN | |
|---|---|---|---|---|---|
| | | | 1 __FHA | 2 __RHA | 3 __X_CONV. UNINS |
| | | | 4 __VA | 5 __CONV. INS | 6 __OTHER |
| | | | 6. File Number (Escrow) 1383480-BK | | 7. Loan Number 0294075619 |
| | | | 8. Mortgage Insurance Case Number: | | |

**FINAL SETTLEMENT STATEMENT**
12/11/2012     12:36 PM

This item is furnished to give you a statement of actual settlements costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| C. NOTE: | | |
|---|---|---|
| **D.    NAME OF BORROWER** Guy K. Richardson Julie L. Furrington 10    Emerald Lake Pla, Redwood City, CA | **E. NAME OF SELLER:** Jacqueline A. Warner, Trustee PO Box 2414, Redwood City, CA 94064 | **F. NAME OF LENDER:** Wells Fargo Bank, N.A. |
| **G.    PROPERTY LOCATION** 10  Emerald Lake Place Redwood City, CA 94062 | **H. SETTLEMENT AGENT:** Orange Coast Title Company of Northern California (408)-827-1950 520 N. Santa Cruz Ave, Ste 200 Los Gatos, CA 95030 **PLACE OF SETTLEMENT:** 520 N. Santa Cruz Ave, Ste 200 Los Gatos, CA 95030 | **I. CLOSING DATE:** 11/19/2012 **DISBURSEMENT DATE:** 11/19/2012 **REVISED DATE:** |

| J. | SUMMARY OF BORROWER'S TRANSACTION | | | K. | SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|---|---|---|
| 100 | **GROSS AMOUNT DUE FROM BORROWER:** | | | 400 | **GROSS AMOUNT DUE TO SELLER:** | |
| 101 | Contract Sales Price | | | 401 | Contract Sales price | $1,735,000.00 |
| 102 | Personal property | | | 402 | Personal property | |
| 103 | Settlement Charges to borrower (line 1400) | | | 403 | Impound Credit | |
| 104 | | | | 404 | | |
| 105 | | | | *Adjustments for items paid by seller in advance* | | |
| *Adjustments for items paid by seller in advance* | | | | 406 | City/Town taxes | |
| 107 | County taxes | | | 407 | County taxes | |
| 108 | | | | 408 | Direct Deposit to Title | $0.00 |
| 109 | | | | 409 | | |
| 110 | | | | 410 | | $8,675.00 |
| 111 | | | | 411 | Commission Credit for .5 % commission credit back | |
| 112 | | | | 412 | | |
| 113 | | | | 413 | | |
| 114 | | | | 414 | | |
| 115 | | | | 415 | | $2,060.00 |
| 116 | | | | 416 | Buyer- seller credit for expenses fr. 10/15-11/19 | |
| 117 | | | | 417 | | |
| 118 | | | | 41R | | |
| 120 | **GROSS AMOUNT DUE FROM BORROWER** | | | 420 | **GROSS AMOUNT DUE TO SELLER** | $1,745,735.00 |
| 200 | **AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | | 500 | **REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201 | Deposit or earnest money | | | 501 | Excess deposit (see inst.) | |
| 202 | Principal amount of new loan(s) | | | 502 | Settlement charges to seller (line 1400) | $89,536.45 |
| 203 | Existing loan(s) taken subject to | | | 503 | Existing loan(s) taken subject to | $0.00 |
| | Direct Deposit to Title | | | | | |
| | Additional Deposits | | | 504 | Payoff To: GMAC Mortgage, LLC (see Attachment) | $1,049,761.96 |
| 204 | Second Mortgage Loan | | | 505 | | |
| 205 | | | | 506 | Seller Credit for closing costs | $6,000.00 |
| 206 | | | | 507 | | |
| 207 | | | | 508 | | |
| 208 | | | | 509 | | |
| 209 | | | | *Adjustment for items unpaid by seller* | | |
| *Adjustments for items unpaid by seller* | | | | 510 | City/Town taxes | |
| 210 | City/Town taxes | | | 511 | County Taxes $37.0034 07/01/12-11/19/12 | $5,106.47 |
| 211 | County taxes | | | | | |
| 212 | | | | 512 | | |
| 213 | | | | 513 | | |
| 214 | | | | 514 | | |
| 215 | | | | 515 | | |
| 216 | | | | 516 | | |
| 217 | | | | 517 | | |
| 218 | | | | 518 | | |
| 219 | | | | 519 | | |
| 220 | **TOTAL PAID BY/FOR BORROWER** | | | 520 | **TOTAL REDUCTION AMOUNT DUE SELLER** | $1,150,404.88 |
| 300 | **CASH AT SETTLEMENT FROM/TO BORROWER:** | | | 600 | **CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301 | Gross amount due from borrower (line 120) | | | 601 | Gross amount due to seller (line 420) | $1,745,735.00 |
| 302 | Less amounts paid by/for borrower (line 220) | | | 602 | Less reductions in amount due seller (line 520) | $1,150,404.88 |
| 303 | *CASH TO BORROWER* | | | 603 | *CASH TO SELLER* | $595,330.12 |

←

We hereby certify that this is a true
and correct copy of the original
ORANGE COAST TITLE COMPANY

BY

_____
Jacqueline A. Warner, Trustee

**EXHIBIT 1:**

**HUD 1 FINAL SETTLEMEN**

**STATEMENT**

| L. SETTLEMENT CHARGES | | | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700 | **TOTAL SALES/BROKER'S COMMISSION** | | |
| | *Division of Commission (line 700) as follows:* | | |
| 701 | $43,375.00 to Tuwana Financial Group, Inc | | $86,750.00 |
| 702 | $43,375.00 to Intero Real Estate | | |
| 703 | Commission paid at Settlement | | |
| 704 | **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | (GFE #1) | |
| 801 | *** Our origination charge: $ | (GFE #2) | |
| 802 | Your credit or charge (points) for the specific interest rate chosen $ | (GFE A) | |
| 803 | Your adjusted origination charges | (GFE #3) | |
| 804 | Appraisal Fee to RELS Valuation $695 POCB | (GFE #3) | |
| 805 | Credit Report Fee to Equifax MTG SVCS $22.00 POCB | (GFE #3) | |
| 806 | Tax Service | (GFE #3) | |
| 807 | Flood Certification | (GFE #3) | |
| 808 | | (GFE #3) | |
| 809 | | (GFE #3) | |
| 810 | | (GFE #3) | |
| 811 | | (GFE #3) | |
| 812 | | (GFE #3) | |
| 813 | | (GFE #3) | |
| 814 | | | |
| 815 | | | |
| 817 | | | |
| | **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | (GFE #10) | |
| 901 | Interest from 11/19/2012 to 12/1/2012 @ $99.8200 | (GFE #3) | |
| 902 | Mortgage Insurance Premium | (GFE #11) | |
| 903 | Mercury Casualty Company | | |
| 904 | | | |
| 905 | | | |
| | **1000. RESERVES DEPOSITED WITH LENDER** | (GFE #9) | |
| 1001 | Initial deposit for your escrow account (impounds) | | |
| 1002 | Homeowner's Insurance | | |
| 1003 | Mortgage Insurance | | |
| 1004 | Flood Insurance | | |
| 1005 | Property Tax | | |
| 1006 | | | |
| 1007 | Aggregate Adjustment | | |
| | **1100. TITLE CHARGES** | (GFE #4) | |
| 1101 | Title Services and lender's title insurance | $1,500.00 | $0.00 |
| 1102 | Settlement or Closing Fee to Orange Coast Title Company of Northern California | (GFE #5) | $0.00 |
| 1103 | Owner's title insurance to Orange Coast Title Company | | $0.00 |
| 1104 | Lender's title insurance to Orange Coast Title Company | | |
| 1105 | Lender's title policy limit $1,214,500.00 | | |
| 1106 | Owner's title policy limit $1,735,000.00 | | |
| 1107 | Agent's portion of the total title insurance premium $0.00 to Orange Coast Title Company | | |
| 1108 | Underwriter's portion of the total title insurance premium $0.00 to Orange Coast Title Company | | |
| 1109 | Endorsement Fee (See Attached) | | $270.00 |
| 1110 | Miscellaneous Closing Charges (See Attached) | $130.00 | |
| 1111 | | | |
| 1112 | Miscellaneous Title Charges | | |
| 1113 | | | |
| 1114 | | | |
| 1115 | | | |
| | **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | (GFE #7) | |
| 1201 | Government Recording Charges | | |
| 1202 | Recording Fee: Deed $18.00/$0.00; Mortgage $78.00/$0.00; Release $0.00/$0.00; Other $0.00/$0.00 | | |
| | | (GFE #8) | $1,908.50 |
| 1203 | Transfer Taxes | | |
| 1204 | City/County tax stamps: Deed $    $0.00/$1,908.50 | | |
| 1205 | State Tax Stamps: Deed $ | | |
| 1206 | County Taxes | | |
| | **1300. ADDITIONAL SETTLEMENT CHARGES** | (GFE #6) | |
| 1301 | Required Services that you can shop for | (GFE #6) | |
| 1302 | | | |
| 1303 | Tax Service-WFRETS | $65.00 | |
| 1304 | Flood Cert- WFFS | $19.00 | |
| 1305 | Homewarranty Policy To: First American Home Buyers Protection | | $465.00 |
| 1306 | | | $142.95 |
| 1307 | JCP-LGS Reports For NHD report | | |
| 1308 | | | |
| 1309 | | | |
| 1310 | | | |
| 1311 | | | |
| 1312 | | | |
| 1313 | | | |
| 1314 | | | |
| 1315 | | $0.00 | $89,536.45 |
| 1400 | **TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | |
| | *** Includes Origination Point(s). (0% or $0.00)            *P.O.C. (B) Paid outside of closing by Borrower | | |

Jacqueline A. Warner, Trustee

# EXHIBIT 1:
# HUD 1 FINAL SETTLEMEN
# STATEMENT

**2012-183564**

10:48 am 12/06/12 RE Fee: 15.00
Count of Pages 1
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

\* R 0 0 0 1 5 5 1 0 9 9 \*

Recording Requested By:
GMAC MORTGAGE, LLC

When Recorded Return To:
Current Trustor:
JACQUELINE A WARNER
10 EMERALD LAKE PLACE
REDWOOD CITY, CA  94062

---

## FULL RECONVEYANCE

GMAC MORTGAGE, LLC #:8601931887 "WARNER"  Lender ID:55230/8601931887  San Mateo, California PIF: 11/21/2012
**Prepared By:** Ann-marie Ridgway,  GMAC MORTGAGE, LLC 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA
**50704-0780 1-800-766-4622**

EXECUTIVE TRUSTEE SERVICES, LLC as present Trustee for the Deed of Trust executed by JACQUELINE A.
WARNER as Trustor(s), Dated:  11/09/2007 Recorded:  11/16/2007  in Book/Reel/Liber: NA Page/Folio: NA as
Instrument No.: 2007-163264 of official Records in the office of the County Recorder of San Mateo, California
having been requested in writing, by the holder of the obligations secured by said Deed of Trust, to reconvey the
estate granted to trustee under said Deed of Trust, does hereby reconvey to the person or persons legally entitled
thereto, without warranty, all the estate, title and interest acquired by Trustee under said Deed of Trust.

IN WITNESS WHEREOF, EXECUTIVE TRUSTEE SERVICES, LLC as the Trustee has caused its corporate name
to be affixed by a duly authorized officer on the date shown in the acknowledgment certificate below:

On  12-4-12
By: EXECUTIVE TRUSTEE SERVICES, LLC as Trustee


RHONDA KASTLI , AUTHORIZED OFFICER

STATE OF Iowa
COUNTY OF Black Hawk

On  12-4-12           , before me L. KRAMER Notary Public, personally appeared RHONDA KASTLI ,
AUTHORIZED OFFICER, to me known to be the person(s) named in and who executed the foregoing instrument,
and acknowledged that he/she/they executed the same as his/her/they voluntary act and deed.


WITNESS my hand and official seal,

L. KRAMER
Notary Expires: 05/08/2014  #752696

L. KRAMER
COMMISSION NO. 752696
MY COMMISSION EXPIRES
May 08, 2014
IOWA

(This area for notarial seal)

*AJR*AJRGMAC*12/03/2012 06:52:38 PM* GMAC01GMAC00000000000000003863958* CASAN M* 8601931887 CASTATE_TRUST_REL *AJR*AJRGMAC*

# EXHIBT 3:
# FULL RECONVEYANCE B
# GMAC

1  Jacqueline A. Warner, Creditor Claimant for Claim 3502
Mailing and Service Address:
2  3053 West Craig Road E-155
3  North Las Vegas, NV 89032
650-520-5596 / email: h7890p@yahoo.com
4

5
UNITED STATES BANKRUPTCY COURT
6  SOUTHERN DISTRICT OF NEW YORK
7  _____X

8
In Re:
9

10  RESIDENTIAL CAPITOL, LLC, et al                    Chapter 11
Case No: 12-12020-mg
11
Debtor.
12  _____X

13

14  **CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF**
15  **DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS)**
16  AND

17  **CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

18

19  **TO:    THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**
20
The above holder of Claim 3502 (the "Claim"), Jacqueline A. Warner (the "Claimant") representing
21
herself, by previous actions and thereby discharging her attorney Rachel S. Blumenfeld (1458), hereby
22
attaches Claimant's Affidavit by Jacqueline Anne Warner's with attached Exhibits that constitutes new
23
evidence in this Claim because none of the previous filings of Claimant by Claimant's previous
24
attorney were done by affidavit as evidence.  Claimant states opposition to the Omnibus Objection of
25

26

Residential Capitol, LLC ("ResCap" or "Debtor") to claims (no Liability Borrower Claims – Books and Records) (the "Objection"), respectfully sets forth as follows:

1. Claimant has reserved all Rights.

2. Claimant's Claim 3502 is a secured claim by security instrument Notice of Loan Rescission dated 6/29/2009 attached hereto as Exhibit 3, 3-A, 3-B and by the other evidence and exhibits herein that establishes unlawful debt collection by Debtor(s) but not limited thereto.

3. Claimant believes based on first hand knowledge, information and belief that Debtor's Fiftieth Omnibus Objection to Claims (no Liability Borrower Claims – Books and Records) should be denied because it's objection is not relevant and it's Reply Doc 5736 filed 11/13/13 states no legal or lawful grounds to support a denial of Claimant's Claim 3502 as follows:

4. Claimant states the following evidence, facts and attaches the Affidavit of Jacqueline A. Warner including Exhibits in opposition to the Omnibus Objection of Residential Capitol, LLC ("ResCap" or "Debtor") to claims (no Liability Borrower Claims – Books and Records) (the "Objection"), respectfully and sets forth Claimant's request for declaratory judgment denying Debtor('s) Debtor's Fiftieth Omnibus Objection to Claims (no Liability Borrower Claims – Books and Records) or any other objection including Debtor's request to have Claimant's Claim 3502 expunged from the Debtor('s) claims register. And, Claimant request this Court issue writ of replevin for the prosecution and collection of Claimant's Claim 3502 based on the facts and evidence as follows:

5.  Claimant incorporates the earlier Claimant's "OPPOSITION TO DEBTOR'S FIFTIETH OMNIBUS OBJECTION TO CLAIM" Court Doc 5454 herein for all purposes.

6.  Residential Capitol LLC ("ResCap") in this case No. 12-120-20 & GMAC-RFC HOLDING COMPANY LLC Case No. 12-12029, GMAC, MORTGAGE, LLC and EXECUTIVE TRUSTEE SERVICES, LLC by way of collective operations, ownership or control are collectively liable in Claimant/Affiant's Claim 3502 because they are an agent, authorized representative, a responsible party and liable for GMAC, MORTGAGE, LLC, EXECUTIVE TRUSTEE SERVICES, LLC and other parties involved, collectively or separately comprising the Debtor(s) identified and shown in the United States of America Federal Reserve's Docket No.12-006-CMP-HC , 12-006-CMP-HC Order by the Board of Governors of the Federal Reserve: Assessment of a Civil Money Penalty in Consent Order dated February 10, 2012 that states on the cover page: *WHEREAS, Ally Financial Inc., Detroit Michigan, a registered bank holding company, indirectly owns and controls Ally Bank (f/k/a GMAC Bank) Midvale, Utah, a state nonmember bank and numerous direct and indirect nonbank subsidiaries, including Residential Capitol LLC, Minneapolis, Minnesota (Res Cap)"* pages 1,2,3 and signature page of the "Consent Order" is incorporated herein by this reference and attached to the Affidavit of Jacqueline A. Warner made part of this Creditor's Reply as **Exhibit 1.**

7.  Debtor(s) Residential Capitol, LLC, GMAC, EXECUTIVE TRUSTEE SERVICES, LLC and/or other Debtor(s) breached an agreement with the Federal Reserve Board which

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

3

included Regulation Z which Debtor(s) were/are obligated to abide by, that provided a <u>Right</u>

to Claimant to rescind the subject alleged loan as prescribed in § 226.15(d)(1)(2)(3) and

thereafter recorded fraudulent documents with the County Recorder in San Mateo County

California, 1. ASSIGNMENT OF DEED OF TRUST by MERS (who had no beneficial

interest or authority to execute an ASSIGNMENT) dated 8/8/12, Recorded on 8/22/12 No.

2012-118992 to Ally Bank, attached to the Affidavit of Jacqueline A. Warner as **Exhibit 1-**

**A** and 2. Notice of Default Recorded on 9/11/12 No. 2012-130239 by Executive Trustee

Services LLC., attached to the Affidavit of Jacqueline A. Warner as **Exhibit 1-B,** which

forced Claimant to sell Clainant's home to protect the equity from the Debtor's taking it

through its unlawful foreclosure. Thereafter, the Debtor(s) unlawfully claimed and took

$1,026,026.09 from Claimant's sale proceeds in escrow by force under duress, caused

further loss of any appreciation of Clainant's home value thereafter, cost of moving, rent,

mental and emotional distress and other damages as specified below but limited thereto and

Claimant reserves the right to amend the Claim to add additional damages or claims.

### HEARSAY DOES NOT SUPPORT DEBTOR'S OBJECTION

8.   Claimant is informed has personal knowledge and believes that Residential Capitol, LLC

("ResCap" or "Debtor") Reply Court Doc 5736 states no evidence or facts to rebut

Claimant's "Opposition" referenced above Doc. 5454 because Debtor's statements of the

facts and information are false, misleading controvert and deceptive and there is no evidence

and affidavit by an individual with personal <u>first hand</u> knowledge signed under penalty of

26

1    perjury ( a /s/ is not a signature for evidence) that establishes the Debtor('s) statements,

2    references alleged facts or arguments as evidence in reference to Claimant's Claim or other

3    and therefore, the Debtor's Objection's are based on hearsay and cannot be used as a basis

4    for a denial, or expunging of Claimant's Claim 3502 from the Debtor('s) claims register.

5    Claimant presents true facts and information as follows:

6    **DEBTOR'S BOOKS AND RECORDS CONTAIN UNLAWFULLY COLLECTED**
7    **MONEY FROM CLAIMANT DUE IN CLAIM 3502**

8    9.    Debtor(s)/ResCap objection alleges that the Claim is an *"Origination Issues Claim"* See

9    Objection p.60. The objection further describes such claims as those based on loan

10
11    origination issues, *Id.* at 11. Because "no debtor entity was involved in the origination of the

12    loan.... [the Claim] cannot be imputed to any Debtor in its capacity as servicer or assignee of

13    the loan" *Id.*

14    10.    However, Claimant has personal first hand knowledge, information and belief that Debtor(s)

15
16    objection referenced above is false and Claimant believes that the Debtor('s) objection

17    should be denied because the Debtor(s) have taken on their books and records an unlawful

18    debt collection in the amount of $1,026,026,09 referenced as Item 504 (total shows as

19
20    $1,049,761.96) on the HUD Statement of Sale Closing GMAC loan number 8601931887

21    attached to the Affidavit of Jacqueline A. Warner as **Exhibit 2-A** on or about 11/19/2012

22    from the escrow account number 1383480 – BK at Orange Coast Title Company located at

23    520 N. Santa Cruz Avenue, Suite 200, Los Gatos, CA 95030, from the sale proceeds of

24
25    Claimant's/Affiant's home located at 10 Emerald Lake Place, Redwood City, CA 94062.

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

And, the Debtor(s) have not filed any Affidavit(s) by anyone with personal first hand knowledge that the Debtor(s) have <u>not</u> taken the above referenced $1,026,026.09 or that the Debtor(s) books and records did or do not contain this money taken from Claimant/Affiant. Therefore, Debtor(s) cannot claim their books and records contain no money taken from Claimant. See, the Seller(s) Final Closing Statement fro Orange Coast Title Company dated 11/19/12 attached to the Affidavit of Jacqueline A. Warner as **Exhibit 2, and 2-A.**

11.    Claimant has first hand personal knowledge that Debtor(s) cannot claim no liability because the Debtor('s) Objection states that *"[the Claim] "cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan"* because the Debtor(s) unlawfully took Claimant's $1,026,026.09 on 11/19/2012 under the pretense of claiming an outstanding loan 1383480-BK secured by Deed of Trust 20540326 that was falsely claimed due to Debtor(s) with Debtor('s) full knowledge that this loan had been <u>voided and cancelled</u> by Claimant's Notice of Right to Cancel delivered to CMG Mortgage, GMAC and Ally Bank on 06/29/2009. See, the Claimant's Loan Rescission Notice mailed by Certified Mail with Return Receipt to CMG Mortgage Inc., GMAC Mortgage, Ally Bank and GMAC Mortgage Corporation incorporated herein by this reference and attached to the Affidavit of Jacqueline A. Warner as **Exhibit 3**, the delivered Return Receipts **Exhibit 3-A** and the Loan Rescission Loan Audit performed by Forensic First showing material non-disclosures as **Exhibit 3-B.**

12.    Claimant's position is based on the law § 226.15(d(1) and agreement the Debtor(s) are bound to with the Federal Reserve Board and Regulation Z that cancels the loan and voids

26

1  the security interest Deed of Trust No. 20540326 recorded in the Official Records of San

2  Mateo County on November 16, 2007 as Doc. No. 2007-163264 had in fact by operation of

3  law been cancelled and voided and under § 226.15(d)(1) and that CMG Mortgage/GMAC

4  /ResCap/Debtor(s) and others involved as authorized representatives, agents had twenty

5  days until 07/19/2009 to perform § 226.15 (d)(2) release its security interest and record a

6  reconveyance and return all the money Claimant had paid to the lender, brokers or others in

7  connection with the loan or fees paid to obtain the loan. The lender or CMG

8  Mortgage/GMAC /ResCap/Debtor(s) did not perform its obligations under § 226.15(d)(2) <u>or</u>

9

10  <u>file an action in court</u> for declaratory relief within the 20 day performance period in §

11  226.15(d)(2) and under the law therefore defaulted and forever gave up any claim or

12  defense. The lender's or CMG Mortgage/GMAC /ResCap/Debtor(s) default by not returning

13

14  Claimant's money $202,840.00 or releasing it's security interest on Claimant's home <u>was</u>

15  <u>Claimant's tender</u> in the transaction to the lender CMG Mortgage/GMAC

16  /ResCap/Debtor(s) and under the last sentence of 226.15(d)(3) (shown below) the lender

17

18  gave up all defenses and claims thereafter and the Claimant can keep the property without

19  further obligation.

20  ## DEBT WAS DISCHARGED IN CLAIMANT'S BANKRUPTCY

21
22  13.  On 12/03/2009 Claimant delivered a Notice of Loan Rescission to Melodie Whitson, an

23  attorney at PITE DUNCAN, LLP law firm representing Ally/GMAC, attached to the

24  Affidavit of Jacqueline A. Warner as **Exhibit 4, 4-A & 4-B.** On November 4, 2009 Claimant

25

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

7

filed for relief under chapter 13 bankruptcy. Claimant filed chapter 13 in the Northern

District of California as Case No. 09-33436. On November 16, 2009 Claimant delivered

"Notice of Right to Cancel" loan to GMAC MORTGAGE, LLC, CMG MORTGAGE INC.,

MERS and First American Title Insurance Company and filed it into the bankruptcy court on

01/19/12, attached to the Affidavit of Jacqueline A. Warner as **Exhibit 6**. Thereafter,

GMAC filed a <u>secured</u> creditor's claim in Claimant's chapter 13 case on 12/09/2009,

attached to the Affidavit of Jacqueline A. Warner as **Exhibit 7.** Although, the Note and

Deed of Trust had been <u>cancelled/voided</u> by Claimant's Right and Notice of Loan Rescission

on 06/29/2009 attached to the Affidavit of Jacqueline A. Warner as **Exhibits 3, 3-A,3-B**

which made any claim nonexistent or <u>unsecured at best</u> **if** the lender had **performed** <u>under §</u>

<u>226.15(d)(2)</u>. The <u>lender</u> **did not** <u>perform</u> under § 226.15(d)(2) therefore, the loan debt had

been <u>forfeited</u> and forever released by GMAC/Debtor(s) and any others involved on

07/19/09 by their failure to file any court action and non-performance of their obligations

under § 226.15(d)(2) by the end of the 20 day performance period ending on 07/19/2009.

Therefore, under the law there was no legal or lawful claim to be made by GMAC/Debtor(s)

or any other parties involved.

14.    Thereafter, GMAC/CMG/MERS/ALLY/First American Title/ResCap/Debtor(s) filed **no**

action in Claimant's bankruptcy case for declaratory relief objecting to the Claimant's Right

to loan rescission **nor** any motion for lifting of the stay of their secured claim to pursue

foreclosure on its purported claimed security interest in Claimant's home.

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

15. Thereafter, the trustee acknowledged GMAC's failure to file for lifting of stay and Claimant's notice of loan rescission filed into the bankruptcy court on 01/19/2010 voiding Claimant's debt to GMAC/Debtor(s) attached to the Affidavit of Jacqueline A. Warner as **Exhibit 6** and abandoned the secured claim of GMAC/ResCap/ Debtor(s) under 11 USC §§554(C) as having inconsequential value rendering it unsecured and discharged on 09/22/2010 in Claimant's CHAPTER 7 bankruptcy without objection by GMAC, its attorney or Debtor(s). See, the discharge order in Claimant's bankruptcy case attached to the Affidavit of Jacqueline A. Warner as **Exhibit 8.**

16. In addition to the above, the books and records of GMAC Mortgage show it's acknowledgment of the voided debt and discharge of Claimant's debt on it's books entitled "HISTORY FOR ACCOUNT 8601931887" dated 10/19/12 that refers to a zero balance as of December 14, 2010 entitled "NEW INV 55230 30003 PERCENT OWNED .0000" attached to the Affidavit of Jacqueline A. Warner as **Exhibit 9.**

**DEBTORS FAIL TO REBUT THE BANKRUPTCY DISCHARGE OF DEBT THAT WAS UNLAWFULLY COLLECTED FROM CLAIMANT AND THEREFORE IT IS RES JUDICATA**

17. Debtor's fail to rebut the bankruptcy discharge issue raised in Claimant's objection Doc 5454 and therefore, acquiesce in admission to the discharge and acknowledge the unlawful collection of a debt that had previously been cancelled on 06/29/2009 and voiding reaffirmed on 11/09/2009 by Claimant's loan rescission pursuant to 15 U.S.C. § 1635 (b) and Regulation Z, 12 C.F.R. § 226.15(d)(1) and 226.23(d)(1)) and then discharged as a

wrongfully filed secured debt claim by GMAC in Claimant's bankruptcy case pursuant to 11

U.S.C. § 727 (a) on September 22, 2010. See, the "Notice of Right to Cancel" dated

December 3, 2009 attached to the Affidavit of Jacqueline A. Warner as **Exhibit 4**, the

GMAC secured claim No 5-1 filed in Claimant's chapter 13 case 09-33436 for $990,742.62

attached to the Affidavit of Jacqueline A. Warner as **Exhibit 7** and the discharge of the

GMAC debt attached to the Affidavit of Jacqueline A. Warner as **Exhibit 8**, which is a bar

to any claim thereafter and is res judicata to which the Debtor(s) ResCap failed to address,

respond to or rebut thereby letting it stand and thereby agreeing by default that

GMAC/ResCap/ Debtor(s) or its agents unlawfully collected a debt that now must be

returned to Claimant in Claim 3502.

18.  The Debtors, do not address the unlawful collection of a debt that was discharged in

bankruptcy and sidestep the issue by trying to reclaim a right to object to Claimant's loan

rescission by turning the clock back to the time of June 29, 2009 almost five years ago when

the Claimant cancelled the GMAC Mortgage with her Right of loan rescission and in her

chapter 13 bankruptcy case 09-33436 that was filed on November 4, 2009 and later

converted to chapter 7 with the discharge of Debtor(s) claimed debt.

19.  The issue of Claimant's Right to rescind the alleged loan and its cancellation on June 29,

2009 under C.F.R. § 226.15 (d) (1) (2) and (3) has been settled by operation of law and the

Debtor(s)/GMAC/CMG Mortgage/Ally/MERS/ResCap or others involved by their non-

performance of C.F.R. § 226.15 (d) (1) (2) and (3) within the 20 day performance period

provided and thereafter Debtor(s) default on July 19, 2009 in which Debtor(s) forever gave

up any defense or claim which makes the loan cancellation and Right of Claimant res judicata

and not open to review. Therefore, Claimant does not consent to reopen the issue of loan

rescission with this court nor with Debtor's augments in Doc 5746 or other, citing the cases

of *Martinez v. EMC Mortg. Corp, Yamamoto v. Bank of New York "plaintiff's unilateral*

*"rescission" does not effectuate rescission"* or any other case precedent. Claimant does not

consent to this court's impairment of the contract that has been formed by the Claimant's

exercising of her Right under Regulation Z, § 226.15 (d) (1) (2) and (3) and the Debtor's

silence, acceptance and acquiescence by default rendering this issue res judicata.

20.    On November 9, 2007 Claimant executed the alleged loan with CMG Mortgage and within

24 hours it was transferred to GMAC Mortgage and the security instrument Deed of Trust

was recorded on November 16, 2007 as Doc. No. 2007-163264 thereby consummating the

transaction.

21.    On June 29, 2009 approximately one year seven months after the consummation of the

alleged loan Claimant exercised the three (3) day extended Right to cancel the loan and void

the security instrument under C.F.R. § 226.15(d)(1) as provided and shown below:

(3) The consumer may exercise the right to rescind until midnight of the third business day
following the occurrence described in paragraph (a)(1) of this section that gave rise to the right of
rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material
disclosures,[26] whichever occurs last. **If the required notice and material disclosures are not
delivered, the right to rescind shall expire three years after the occurrence giving rise to the
right of rescission,** or upon transfer of all of the consumer's interest in the property, or upon sale of

22.    As shown above the C.F.R. § 226.15 Right of rescission, attached to the Affidavit of

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

11

Jacqueline A. Warner as **Exhibit 11**, provides for a three (3) day Right to rescind and this 3 day period is <u>extended to three years</u> upon non-delivery of any material disclosures or an occurrence giving rise to the Right of rescission. Claimant's June 29, 2009 notice of loan rescission was delivered to CMG Mortgage Inc., Ally Bank, GMAC Mortgage, GMAC Mortgage Corporation and others represented by these entities by Certified Mail Return Receipt numbers 7008 1830 0000 8944 1498, 7008 1830 0000 8944 1504, 7008 1830 0000 8944 1511 and 7008 1830 0000 8944 1528 which was well within the three year period provided for by C.F.R. § 226.15. See, the proof of mailing and receipt attached to the Affidavit of Jacqueline A. Warner as **Exhibit 3-A.**

23. Upon Claimant's mailing of the Right to rescind <u>the security interest is automatically voided as an operation of law</u> not subject to a court's review and the loan becomes an unsecured debt **if** GMAC/ResCap/Debtor(s) perform their obligations under C.F.R. § 226.15(d)(2), **if not** the loan becomes voided and forfeited altogether by default and the Claimant owes/owed nothing to GMAC/CMG Mortgage Inc./Ally/MERS/ResCap/Debtor(s) or others, as C.F.R. § 226.15(d)(1) states below the consumer shall not be held liable for <u>any amount including finance charge</u>: **C.F.R. § 226.15(d)(1)**

**(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.**

24. Thereafter, C.F.R. § 226.15(d2) puts the burden on GMAC/ResCap/Debtor(s) to return all money that Claimant had previously paid GMAC which amounted to approximately

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

12

$179,023. plus interest of $23,817.00 paid for a total of **$202,840.00** at the time of cancellation of the loan and not accounting for interest which would also be due to date. See, loan fees paid by Claimant attached hereto as **Exhibit 10** which does not include interest of $23,817.09 through time of loan cancellation. Also, under C.F.R. § 226.15(d)(2) the lender shall take action to reflect the termination of GMAC's security interest in Claimant's home as specified below:

**(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section.** When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. **If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.**

(4)  The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

With regard to Claimant's tender obligation, based on the law referenced above, GMAC's default, Claimant's Notice of loan rescission is the tender described in the last sentence of C.F.R. § 226.15(d)(3) above that states*" If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation"* when GMAC failed to perform its obligation under C.F.R. § 226.15(d)(2) and return Claimant's money and release it's security interest in Claimant's home, in that instance the Claimant's notice of loan rescission became the tender and C.F.R. § 226.15(d)(3) provided for "*the consumer may keep it without further obligation*"

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

**Note:** only (d)(2) and (3) can be modified by a court order provided the lender has not

defaulted in their performance under (2) within the 20 day performance period or

alternatively filed an action for declaratory relief within the 20 day performance period. And,

C.F.R. § 226.15(d) (1) which voids the security interest automatically by operation of law

cannot be modified by a court order. Therefore, if GMAC/ResCap/Debtor(s) did not comply

with their obligations under C.F.R. § 226.15(d)(2) within the 20 day performance period they

were in default and lost any standing to claim it was Claimant's responsibility to bring an

action to enforce Claimant's Right to loan rescission. And, during the 20 day performance

period if GMAC did not file an action for declaratory relief for a court modification of C.F.R.

§ 226.15(d) (2) and (3) the procedures for settlement, then GMAC/ResCap/Debtors, **by**

**their default, forever gave up any standing or claim to a debt <u>at that time or</u>**

**<u>thereafter. The matter is closed by default and is res judicata</u>**, GMAC/ResCap/Debtors

cannot now turn back the clock to assert any claim that Debtor/GMAC should have made

within the 20 day performance period following the date of Claimant's loan rescission done

on 06/29/2009 almost five years ago.

25.    Debtor(s) attempt to use other court cases that involve other parties, circumstances and

issues as precedent to change Regulation Z, C.F.R. § 226.15(d)(1). See, paragraph 51

through 53 of Debtor's Doc 5746 citing the cases of *Martinez v. EMC Mortg. Corp,*

*Yamamoto v. Bank of New York "plaintiff's unilateral "rescission" does not effectuate*

*rescission"* is simply wrong because this would cancel the three (3) day right to rescind

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

26 entirely and erase the law by making it a request to rescind and that is clearly not what the

1 law intended. This case and any other case that attempts to erase the Right to rescind does

2 not apply in Claimant's case. Because, the law is clear the Claimant has a Right to loan

3 rescission which is not a privilege that can be revoked or subject to agreement by the

4 Debtor(s) /ResCap/GMAC. See, Regulation Z, C.F.R. § 226.15(d) (2) and (3 attached to the

5

6 Affidavit of Jacqueline A. Warner as **Exhibit 11.**

7

8 **AN AGREEMENT EXISTS BETWEEN THE DEBTOR(S) AND**
**THE FEDERAL RESERVE BOARD, REGULATION Z THAT PROVIDES FOR THE**
9 **RIGHT TO RECESSION**

10 26.   Evidence of and an Agreement between the Federal Reserve and GMAC/ALLY

11 /ResCap/Debtor(s) or others exists as identified and shown in the United States of America

12 Federal Reserve's Docket No.12-006-CMP-HC , 12-006-CMP-HC Order by the Board of

13

14 Governors of the Federal Reserve: Assessment of a Civil Money Penalty in Consent Order

15 dated February 10, 2012 attached to the Affidavit of Jacqueline A. Warner as **Exhibit 1**, the

16 Debtor(s)/ResCap/ GMAC are parties to an agreement with the Federal Reserve Board and

17

18 subject to Regulation Z that makes it an absolute Right of the borrower to rescind a loan

19 within the three (3) day period and not a privilege to be taken away or agreed upon by a

20 lender. The absolute Right to cancel the loan within a three day period can be extended to

21

22 three years upon any non-disclosure occurrence or fraud; therefore, it is an absolute Right to

23 cancel a contract pre agreed to by the lender GMAC/ResCap/Debtor(s) in order to receive

24 the funds to lend from the Federal Reserve Bank and subject to the Federal Reserve Board's

25

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

Regulation Z. And, Claimant does not consent to any judge's use of case law to change or circumvent Regulation Z or C.F.R. § 226.15(d)(1) in this case and does not consent to a judge to create a new contract between Claimant and GMAC/CMG Mortgage Inc./Ally/MERS/ResCap /Debtor(s) or others. The existing default of GMAC/CMG Mortgage Inc./Ally/MERS /ResCap/Debtor(s) or others is final, not open to review or alteration and is in fact res judicata.

27.   GMAC/ResCap/Debtors should have disputed the Right to rescission within the 20 day performance period provided in C.F.R. § 226.15(d) (2) and (3) that provides for the lender's performance in returning to Claimant the $202,840 including interest that was paid by Claimant and the release of the lender's security interest in Claimant's home. The filing of an action for declaratory relief disputing the Right of rescission must be done within the 20 day performance period or the lender GMAC/CMG Mortgage Inc/Ally/ResCap/Debtor(s) defaults and gives up any defense or claim thereafter.

28.   Any case precedent can only be applied where a claim is filed by a lender or authorized representative within the 20 day performance period disputing the borrower's Right to resend. Thereafter, the borrower's answer to the lender's dispute action gives rise to the authority of the judge to decide the Right of rescission and to settlement issues within § 226.15(d) (2) and (3) not (1).

29.   In this case Claimant did not and does not consent to give up Claimant's Right to cancel the loan as an operation of law and GMAC/CMG Mortgage Inc./Ally/MERS/ResCap or others

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

16

failed to file a claim disputing Claimant's Right to resend within the 20 day performance period and gave up any defense or claim disputing the Right to resend thereafter. Therefore, the Debtor(s) cannot use case law president that applies to cases where a lender was not in default and thereby preserved the right to file a court action within the 20 day performance period to put the matter before a judge to dispute § 226.15(d) (2) and (3). The Debtor(s) use of other court cases cited does not apply due to the consummated contract that occurred by the delivery of the Claimant's Right to rescind and the Default of the Debtor(s), because a judge does not posses the authority to impair the obligation of a contract or Right provided there-under. See, the Constitution for the United States of America, Article 1, Section 10, *"No State shall......... Pass any Law.... impairing the Obligation of Contracts.....".* and Article Six, the Supremacy clause states: *"This Constitution, and the laws of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby...".* Although, by agreement the parties can agree to grant a judge the authority to go outside of the scope of a contract to form a new contract, such as what is occurring in the cases that the Debtor(s) cite. However, in this case that does not apply, GMAC/CMG Mortgage Inc./Ally/MERS/ ResCap or others filed no dispute as to the Claimant's Right to loan rescission within the 20 day performance period or even thereafter in Claimant's bankruptcy case and thereby defaulted and let stand the preexisting agreement that GMAC/CMG Mortgage Inc./Ally /MERS/ResCap or others were under with the Federal Reserve Board and Regulation Z that provided for Claimant's Right to loan rescission.

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

26
1    Therefore, the cases Debtor(s) use in its Objection Doc 5736 cannot apply to Claimant's

2    Right to loan rescission because that Right comes from a contract which the Supreme Law of

3    the Constitution for the United States of America 1797-1789 protects by prohibiting the

4    making of any law that *impairs a contract*.

### DEBTOR'S CANNOT CLAIM A RIGHT TO TENDER BECAUSE THE DEBT WAS VOIDED AND FULLY DISCHARGED IN BANKRUPTCY AND BECAUSE THEY WERE NOT A PARTY WITH STANDING TO FORECLOSE AND WHO STOOD TO LOOSE NOTHING AND NOT ENTITLED TO TENDER

5
6
7
8    30.   As discussed above, on December 3, 2009 during the above referenced bankruptcy Claimant

9    delivered a notice to GMAC's representative Melodie Whitson an attorney at PITE

10
11   DUNCAN, LLP and agent/representative for Ally Bank/GMAC Mortgage informing the

12   Debtor(s) attorney of the cancelled subject Deed of Trust No. 20540326, dated 11/09/2007,

13   Security Instrument No. 2007-163263, Recorded in the official Records of the San Mateo

14
15   County Recorder on 11/16/2007 which was used to secure the subject alleged loan on

16   Claimant's home located at 10 Emerald Lake Place, Redwood, City, California. And,

17   thereafter on 01/19/2010 Claimant filed a notice with the bankruptcy court informing the

18   court of the loan rescission. See, the above notices attached to the Affidavit of Jacqueline A.

19
20   Warner as **Exhibit 3, 3-A, 3-B, 4, 4-A, 4-B and 6.**

21   Therefore, any claim to tender by the Debtor is extinguished by the actual notice of loan

22   rescission and GMAC's / attorney's failure to perform and default under (d)(2) and §

23
24   226.15(d) (3)'s provision that cancels any obligation. And, by the Claimant's bankruptcy in

25   the United States Bankruptcy Court, Northern District of California on 9/22/10. See, the

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

18

"DISCHARGE OF DEBTOR" under section 727 of title 11 USC (the bankruptcy code)

attached to the Affidavit of Jacqueline A. Warner as **Exhibit 8**

**THEREFORE, because of the Claimant's loan rescission and bankruptcy the**

**Debtor(s) have no standing as a party in interest to foreclose on Claimant's home,**

**collect any money from Claimant's forced home sale, to debate case law on the Right**

**to rescind, deny the money they took is not on their books, demand tender or deny the**

**obligation to return the money to Claimant.**

## THE DEBTOR(S) DO NOT HAVE AUTHORITY OR STANDING TO FORECLOSE OR TO RECEIVE MONEY FROM THE SALE OF CLAIMANT'S HOME

31.    In July 2012 Claimant ordered a loan securitization audit from William McCaffrey an

expert witness in loan securitization and thereafter received a Securitization Examination Analysis

from Housing Mortgage Consultants and an Affidavit of William McCaffrey dated August 17, 2012

which is incorporated herein by this reference and shown below in part that established that:

6. The subject property, 10 Emerald Lake Place, Redwood City California 94062 was secured by a Deed of Trust in favor of CMG MORTGAGE, Inc. having a MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") MORTGAGE IDENTIFICATION NUMBER ("MIN") number of 1000724-0000006013-0 listed on the said DEED OF TRUST. The loans Min number was then assigned in a GMACM HOME EQUITY LOAN TRUST 2007-HE3.

7. This Trust is also referred to as the ISSUING ENTITY and was formed pursuant to the Pooling and Servicing Agreement among the Seller, Depositor, Servicer, the Trust Oversight Manager and the Trustee.

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

8. GMACM HOME EQUITY LOAN TRUST 2007-HE3 Trust is a REAL ESTATE MORTGAGE INVESTMENT CONDUIT (REMIC) within the meaning of section 860D of the Internal Revenue Code as amended in 1986 (The Code) which governs the rules of the trust.

9. BANK OF NEW YORK MELLON acts as trustee under the pooling and servicing agreement. The trustee is responsible for performing certain calculations relating to distributions on the certificates, making payments on the certificates, acting as certificate Registrar and transfer agent for the trust, making payments to the swap provider under the swap agreement and holding the trust accounts on behalf of the certificate holders.

10. In the securitization of the loan, the rights of various named Trustees ended with the subject Trustee for the holders of mortgage-backed securities whose powers are limited to ONLY what the certificate holders authorize.

11. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

12. BANK OF AMERICA, NA acts as servicer of the mortgage loans.

13. THE SUBJECT LOAN was securitized which is the process of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors. These sales that my research shows took place would have fractionalized possession of the Note over many different investors.

DECLARATION of William McCaffrey

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

14. The only potential holder in due course of a note falls within one or more of the following classifications:

    (1)   Investors who purchased asset backed securities in which ownership of the loans were described with sufficient specificity as to at least express the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

    (2)   Insurers that paid some party on behalf of said investors;

    (3)   Counterparties on credit default swaps;

    (4)   Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

    (5)   Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

a.   GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, do not fall within any of the classifications of holders in due course on the subject loan.

b.   GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, has not suffered any financial loss relating to the loan.

c.   GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, suffered no monetary loss through loan non-performance.

d.   GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, has received fees and profits relating to the loan;

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

26

1    Therefore, GMAC/ALLY, BANK OF NEW YORK MELLON/MERS/ResCap/Debtor(s) or their

2    agent(s) EXECUTIVE TRUSTEE SERVICES, LLC did not have the standing or authority to

3    record the 1. ASSIGNMENT OF DEED OF TRUST by MERS (who had no beneficial interest or

4    authority to execute an ASSIGNMENT) dated 8/8/12, Recorded on 8/22/12 No. 2012-118992 to

5    Ally Bank, attached to the Affidavit of Jacqueline A. Warner as **Exhibit 1-A** and made part of this

6    Reply and 2. Notice of Default Recorded on 9/11/12 No. 2012-130239 by Executive Trustee

7    Services LLC., attached to the Affidavit of Jacqueline A. Warner as **Exhibit 1-B,** with the County

8

9    Recorder of San Mateo County, California or to foreclose or threaten to foreclose on Claimant's

10    home, or to demand or take any money out of Claimant's escrow account 1383480 – BK on

11    11/19/12 as referenced and shown in the Affidavit of Jacqueline A. Warner as **Exhibit 2** and **2-A**

12

13    attached thereto. See, the William McCaffrey Affidavit incorporated herein by this reference and

14    attached to the Affidavit of Jacqueline A. Warner as **Exhibit 12 and made part of this**

15    **Claimant's Reply and Opposition**.

16

17

18    **THEREFORE,** the Claimant request that this court take the above laws, statements, facts and

19    evidence in the Affidavit of Jacqueline A. Warner including the attached Exhibits and determine if

20    this Claim qualifies as a secured Claim with merit and if so grant Claimant's Claim 3502 and issue

21    a Writ of Replevin for the prosecution and collection of the Claim amount by the Federal Marshal.

22

23    **Thank you sincerely for your time and attention.**

24

25

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

26

1    IN WITNESS WHEREOF I hereunto set my hand and seal on this 3rd day of March 2014, and hereby

2    certify, swear and affirm under the law of the United States of America that all the statements made

3    above are true, correct and complete based on my personal knowledge, information and belief.

4                                   All Rights Reserved Without Prejudice, Under Reserve U. C. C.

5    Date: _3/3/2014_    Affiant: _Jacqueline A. Warner_
                                        Jacqueline A. Warner

6

7                                        **JURAT**

8    State of Nevada                    )

9                                        ) ss:

10   County of Clark                    )

11   Subscribed and sworn to (or affirmed) before me on this __3__ day of __March_____, 2014

12   by by _Jacqueline A. Warner_____, proved to me on the basis of satisfactory evidence

     be the person who appeared before me.

13   _____ (seal)

14

15   Print / _Heidi Chun Deal_____    NOTARY Signature"

16

17          HEIDI CHUN DEAL
            NOTARY PUBLIC
18          STATE OF NEVADA
            My Commission Expires: 08-09-14
19          Certificate No: 10-3113-1

20

21

22

23

24

25

CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT
OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN