

Jacqueline A. Warner, Creditor Claimant for Claim 3502
Mailing and Service Address:
3053 West Craig Road E-155
North Las Vegas, NV 89032
650-520-5596 / email: h7890p@yahoo.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

_____X

In Re:

RESIDENTIAL CAPITOL, LLC, et al          Chapter 11
                                         Case No: 12-12020-mg

                    Debtor.
_____X

**AFFIDAVIT**

**OF JACQUELINE A. WARNER'S IN SUPPORT OF:**
**CREDITOR'S CLAIM 3502**
**CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY**
**IN SUPPORT OF**
**DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS)**
AND

**CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

**AFFIDAVIT**
"Indeed, no more than affidavits are necessary to make the prima
facie case." United States v. Kis, 658 F.2d, 526, 536 (7th Cir. 1981);
Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982

1.    TO ALL CONCERNED the undersigned Affiant, Jacqueline Anne Warner does solemnly

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

swear, declare and state as follows:

2.   Affiant is competent to state the matters set forth herein.

3.   Affiant has personal knowledge of the facts stated herein.

4.   Those matters of law or not within the personal knowledge of Affiant are based upon information, belief and public record.

5.   All the facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

6.   Claimant has reserved all Rights.

7.   Claimant's Claim 3502 is a secured claim by security instrument Notice of Loan Rescission dated 6/29/2009 attached hereto as Exhibit 3, 3-A, 3-B, 3-C and by the other evidence and exhibits herein that establishes unlawful debt collection by Debtor(s) but not limited thereto.

8.   Claimant/Affiant believes based on first hand knowledge, information and belief that Debtor's Fiftieth Omnibus Objection to Claims (no Liability Borrower Claims – Books and Records) should be denied because it's objection is not relevant and it's Reply Doc 5736 filed 11/13/13 states no legal or lawful grounds to support a denial of Claimant's Claim 3502 as follows:

9.   The above holder of Claim 3502 (the "Claim"), Jacqueline A. Warner (the "Claimant" "Affiant") is representing herself, by previous actions in this Case and thereby has discharged and is discharging her attorney Rachel S. Blumenfeld (1458), and hereby makes this Affidavit with attached Exhibits incorporated herein that constitutes new evidence in this Claim 3502 or any Amendment thereto. Claimant states the following evidence, facts and attaches Exhibits in

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

2

opposition to the omnibus objection of Residential Capitol, LLC ("ResCap" or "Debtor") to

claims (no Liability Borrower Claims – Books and Records) (the "Objection"), respectfully

and sets forth Claimant's/Affiant's request for declaratory judgment and writ of replevin as

follows:

10. Affiant incorporates the earlier Claimant's "OPPOSITION TO DEBTOR'S FIFTIETH

OMNIBUS OBJECTION TO CLAIM" Court Doc 5454 herein for all purposes.

11. Residential Capitol LLC ("ResCap") in this case No. 12-120-20 & GMAC-RFC HOLDING

COMPANY LLC Case No. 12-12029, GMAC, MORTGAGE, LLC and EXECUTIVE

TRUSTEE SERVICES, LLC by way of collective operations, ownership or control are

collectively liable in Claimant/Affiant's Claim 3502 because they are an agent, authorized

representative, a responsible party and liable for GMAC, MORTGAGE, LLC, EXECUTIVE

TRUSTEE SERVICES, LLC and other parties involved, collectively or separately comprising

the Debtor(s) identified and shown in the United States of America Federal Reserve's Docket

No.12-006-CMP-HC , 12-006-CMP-HC Order by the Board of Governors of the Federal

Reserve: Assessment of a Civil Money Penalty in Consent Order dated February 10, 2012 that

states on the cover page: *WHEREAS, Ally Financial Inc., Detroit Michigan, a registered*

*bank holding company, indirectly owns and controls Ally Bank (f/k/a GMAC Bank) Midvale,*

*Utah, a state nonmember bank and numerous direct and indirect nonbank subsidiaries,*

*including Residential Capitol LLC, Minneapolis, Minnesota (Res Cap) "* pages 1,2,3 and

signature page of the "Consent Order" is incorporated herein by this reference and attached

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

hereto as **Exhibit 1.**

12. Debtor(s) Residential Capitol, LLC, GMAC, EXECUTIVE TRUSTEE SERVICES, LLC

and/or other Debtor(s) breached an agreement with the Federal Reserve Board which

included Regulation Z which Debtor(s) were/are obligated to abide by, that provided a <u>Right</u>

to Claimant/Affiant to rescind the subject alleged loan as prescribed in § 226.15(d)(1)(2)(3)

and thereafter recorded fraudulent documents with the County Recorder in San Mateo

County California, 1. ASSIGNMENT OF DEED OF TRUST by MERS (who had no

beneficial interest or authority to execute an ASSIGNMENT) dated 8/8/12, Recorded on

8/22/12 No. 2012-118992 to Ally Bank, attached hereto as **Exhibit 1-A** 2. Notice of Default

Recorded on 9/11/12 No. 2012-130239 by Executive Trustee Services LLC., attached hereto

as **Exhibit 1-B,** which forced Affiant/Claimant to sell Affiant's home to protect the equity

from the Debtor's taking it through its unlawful foreclosure. Thereafter, the Debtor(s)

unlawfully claimed and took $1,026,026.09 from Affiant's sale proceeds in escrow by force

under duress, caused further loss of any appreciation of Affiant's home value thereafter, cost

of moving, rent, mental and emotional distress and other damages as specified below but

limited thereto and Claimant reserves the right to amend the Claim to add additional damages

or claims.

### HEARSAY DOES NOT SUPPORT DEBTOR'S OBJECTION

13. Affiant is informed has personal knowledge and believes that Residential Capitol, LLC

("ResCap" or "Debtor") Reply Court Doc 5736 states no evidence or facts to rebut

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

Claimant's "Opposition" referenced above Doc. 5454 because Debtor's statements of the facts and information are false, misleading, controvert and deceptive and there is no evidence and affidavit by an individual with personal <u>first hand</u> knowledge signed under penalty of perjury that establishes the Debtor('s) statements, references alleged facts or arguments as evidence in reference to Claimant's Claim or other and therefore, the Debtor's Objection's are based on hearsay and cannot be used as a basis for a denial, or expunging of Claimant's Claim 3502 from the Debtor('s) claims register. Affiant presents true facts and information as follows:

## DEBTOR'S BOOKS AND RECORDS CONTAIN UNLAWFULLY COLLECTED MONEY FROM CLAIMANT DUE IN CLAIM 3502

14.   Debtor(s)/ResCap objection alleges that the Claim is an *"Origination Issues Claim"* See Objection p.60. The objection further describes such claims as those based on loan origination issues, *Id.* at 11. Because "no debtor entity was involved in the origination of the loan.... [the Claim] cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan" *Id.*

15.   However, Affiant has personal first hand knowledge, information and belief that Debtor(s) objection referenced above is false and Affiant believes that the Debtor('s) objection should be denied because the Debtor(s) have taken on their books and records an unlawful debt collection in the amount of $1,026,026.09 referenced as Item 504 (as $1,049,761.96) on the HUD Statement of Sale Closing GMAC loan number 8601931887 **Exhibit 2-A** on or about 11/19/2012 from the escrow account number 1383480 – BK at Orange Coast Title Company

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

5

located at 520 N. Santa Cruz Avenue, Suite 200, Los Gatos, CA 95030, from the sale

proceeds of Claimant's/Affiant's home located at 10 Emerald Lake Place, Redwood City, CA

94062. And, the Debtor(s) have not filed any Affidavit(s) by anyone with personal first hand

knowledge that the Debtor(s) have <u>not</u> taken the above referenced $1,026,026.09 or that the

Debtor(s) books and records did or do not contain this money taken from Claimant/Affiant.

Therefore, Debtor(s) cannot claim their books and records contain no money taken from

Claimant. See, the Seller(s) Final Closing Statement from Orange Coast Title Company dated

12/11/12 attached hereto as **Exhibit 2, and 2-A.**

16.  Affiant has first hand personal knowledge that Debtor(s) cannot claim no liability because the

Debtor('s) Objection states that *"[the Claim] "cannot be imputed to any Debtor in its*

*capacity as servicer or assignee of the loan"* because the Debtor(s) unlawfully took

Claimant's $1,026,026.09 on 11/19/2012 under the pretense of claiming an outstanding loan

1383480-BK secured by Deed of Trust 20540326 that was falsely claimed due to Debtor(s)

with full knowledge that this loan had been <u>voided and cancelled</u> by Claimant's Notice of

Right to Cancel delivered to CMG Mortgage, GMAC and Ally Bank on 06/29/2009. See, the

Claimant's Loan Rescission Notice mailed by Certified Mail with Return Receipt to CMG

Mortgage Inc., GMAC Mortgage, Ally Bank and GMAC Mortgage Corporation

incorporated herein by this reference and attached hereto as **Exhibit 3**, the delivered Return

Receipts **Exhibit 3-A,** and the Loan Rescission Loan Audit by Forensic First showing

material non-disclosures as **Exhibit 3-B.**

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

17.  Affiant has first hand personal knowledge, information and belief that § 226.15(d(1) cancels the loan and voids the security interest Deed of Trust No. 20540326 recorded in the Official Records of San Mateo County on November 16, 2007 as Doc. No. 2007-163264 had in fact by operation of law been cancelled and voided and under § 226.15(d)(1) and that the lender had twenty days until 07/19/2009 to perform § 226.15 (d)(2) release its security interest and record a reconveyance and return all the money Claimant/Affiant had paid to the lender, brokers or others in connection with the loan or to obtain the loan. The lender did not perform its obligations under § 226.15(d)(2) <u>or file an action in court</u> for declaratory relief within the 20 day performance period in § 226.15(d)(2) and under the law therefore defaulted and forever gave up any claim or defense. The lender's default by not returning Claimant's money $202,840.00 or releasing it's security interest on Claimant's home <u>was Claimant's tender</u> in the transaction to the lender and under the last sentence of 226.15(d)(3)  (shown below) the lender gave up all defenses and claims thereafter and the Claimant can keep the property without further obligation.

### DEBT WAS DISCHARGED IN CLAIMANT'S BANKRUPTCY

18.  On 12/03/2009 Claimant/Affiant delivered a Notice of Loan Rescission to Melodie Whitson, an attorney at PITE DUNCAN, LLP law firm representing Ally/GMAC, attached hereto as **Exhibit 4, 4-A & 4-B.** On November 4, 2009 Claimant filed for relief under chapter 13 bankruptcy Case No.09-33436 in Northern District of California. On November 16, 2009 Claimant delivered "Notice of Right to Cancel" loan to GMAC MORTGAGE, LLC, CMG

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

7

MORTGAGE INC., MERS and First American Title Insurance Company and filed it into the

bankruptcy court on 01/19/12, attached hereto as **Exhibit 6**. Thereafter, GMAC filed a

secured creditor's claim in Claimant's chapter 13 case on 12/09/2009, attached hereto as

**Exhibit 7**. Although, the Note and Deed of Trust had been cancelled/voided by Claimant's

Right and Notice of Loan Rescission on 06/29/2009 attached hereto as **Exhibits 3, 3-A, 3-B**

which made any claim nonexistent or unsecured at best **if** the lender had **performed** under §

226.15(d)(2). The lender **did not** perform under § 226.15(d)(2) therefore the loan debt had

been forfeited and forever released by GMAC/Debtor(s) and any others involved on 07/19/09

by their failure to file any court action and non-performance of their obligations under §

226.15(d)(2) by the end of the 20 day performance period ending on 07/19/2009. Therefore,

under the law there was no legal or lawful claim to be made by GMAC/Debtor(s) or any other

parties involved.

19.   Thereafter, GMAC/CMG/MERS/ALLY/First American Title/ResCap/Debtor(s) filed **no**

action in Claimant's bankruptcy case for declaratory relief objecting to the Claimant's Right

to loan rescission **nor** any motion for lifting of the stay of their secured claim to pursue

foreclosure on its purported claimed security interest in Claimant's home.

20.   Thereafter, the trustee acknowledged GMAC's failure to file for lifting of stay and Claimant's

notice of loan rescission filed into the bankruptcy court on 01/19/2010 voiding Claimant's

debt to GMAC/Debtor(s) attached hereto as **Exhibit 6** and abandoned the secured claim of

GMAC/ResCap/ Debtor(s) under 11 USC §§554(C) as having  inconsequential value

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

8

20    rendering it unsecured and discharged on 09/22/2010 in Claimant's CHAPTER 7 bankruptcy

21    without objection by GMAC, its attorney or Debtor(s). See, the discharge order in Claimant's

22    bankruptcy case attached to Claimant's Affidavit as **Exhibit 8.**

23

21.    In addition to the above, the books and records of GMAC Mortgage show it's

24

25    acknowledgment of the voided debt and discharge of Claimant's debt on it's books entitled

26    "HISTORY FOR ACCOUNT 8601931887" dated 10/19/12 that refers to a zero balance as

1    of December 14, 2010 entitled "NEW INV 55230 30003 PERCENT OWNED .0000"

2

3    attached hereto as **Exhibit 9.**

4    **DEBTORS FAIL TO REBUT THE BANKRUPTCY DISCHARGE OF DEBT THAT  WAS
UNLAWFULLY COLLECTED FROM CLAIMANT
5    AND THEREFORE IT IS RES JUDICATA**

6

22.    Debtor's fail to rebut the bankruptcy discharge issue raised in Claimant's objection Doc 5454

7

8    and therefore acquiesce in admission to the discharge and acknowledge the unlawful

9    collection of a debt that had previously been cancelled on 06/29/2009 and voiding reaffirmed

10    on 11/09/2009 by Claimant's loan rescission pursuant to 15 U.S.C. § 1635 (b) and Regulation

11

12    Z, 12 C.F.R. § 226.15(d)(1) and 226.23(d)(1)) and then discharged as a wrongfully filed

13    secured debt claim by GMAC in Claimant's bankruptcy case pursuant to 11 U.S.C. § 727 (a)

14    on September 22, 2010. See, the "Notice of Right to Cancel" dated December  3, 2009

15

16    attached hereto as **Exhibit 4**, the GMAC secured claim No 5-1 filed in Claimant's chapter 13

17    case 09-33436 for $990,742.62 **Exhibit 7** and the discharge of the GMAC debt attached

18    thereto as **Exhibit 8**, which is a bar to any claim thereafter and is res judicata to which the

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

19
20
21
22
23
24
25
26
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

Debtor(s) ResCap failed to address, respond to or rebut thereby letting it stand and thereby

agreeing by default that GMAC/ResCap/ Debtor(s) or its agents unlawfully collected a debt

that now must be returned to Claimant in Claim 3502.

23.    The Debtors do not address the unlawful collection of a debt that was discharged in

bankruptcy and sidestep the issue by trying to reclaim a right to object to Claimant's loan

rescission by turning the clock back to the time of June 29, 2009, almost five years ago when

the Claimant cancelled the GMAC Mortgage with her Right of loan rescission and in her

chapter 13 bankruptcy case 09-33436 that was filed on November 4, 2009 and later converted

to chapter 7 with the discharge of Debtor(s) claimed debt.

24.    On Claimant's first hand knowledge, information and belief the issue of Claimant's Right to

rescind the alleged loan and its cancellation on June 29, 2009 under C.F.R. § 226.15 (d) (1)

(2) and (3) has been settled by operation of law and the Debtor(s)/GMAC/CMG

Mortgage/Ally/MERS/ResCap or others involved by their non-performance of C.F.R. §

226.15 (d) (1) (2) and (3) within the 20 day performance period provided and thereafter

Debtor(s) Default on July 19, 2009 in which Debtor(s) forever gave up any defense or claim

which makes the loan cancellation and Right of Claimant res judicata and not open to review.

Therefore, Claimant does not consent to reopen the issue of loan rescission with this court nor

with Debtor's augments in Doc 5746 or other, citing the cases of *Martinez v. EMC Mortg.*

*Corp, Yamamoto v. Bank of New York "plaintiff's unilateral "rescission" does not effectuate*

*rescission"* or any other case precedent. Claimant does not consent to this court's impairment

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

10

18
19
20
of the contract that has been formed by the Claimant's exercising of her Right under Regulation Z, § 226.15 (d) (1) (2) and (3) and the Debtor's silence, acceptance and acquiescence by Default rendering this issue res judicata.

21
22
23
24
25
26
25.    On November 9, 2007 Claimant executed the alleged loan with CMG Mortgage and within 24 hours it was transferred to GMAC Mortgage and the security instrument Deed of Trust was recorded on November 16, 2007 as Doc. No. 2007-163264 thereby consummating the transaction.

1
2
3
4
26.    On June 29, 2009 approximately one year seven months after the consummation of the alleged loan, Claimant exercised the three (3) day <u>extended</u> Right to cancel the loan and void the security instrument under C.F.R. § 226.15(d)(1) as provided and shown below:

5
6
7
8
(3) The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a)(1) of this section that gave rise to the right of rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[36] whichever occurs last. **If the required notice and material disclosures are not delivered, the right to rescind shall expire three years after the occurrence giving rise to the right of rescission,** or upon transfer of all of the consumer's interest in the property, or upon sale of

9
10
11
12
13
14
15
16
27.    As shown above the C.F.R. § 226.15 Right of rescission, attached to Claimant's Affidavit as **Exhibit 11**, provides for a three (3) day Right to rescind and this 3 day period is <u>extended to three years</u> upon non-delivery of any material disclosures or an occurrence giving rise to the Right of rescission. Claimant's June 29, 2009 notice of loan rescission was delivered to CMG Mortgage Inc., Ally Bank, GMAC Mortgage, GMAC Mortgage Corporation and others represented by these entities by certified mail return receipt numbers 7008 1830 0000 8944

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

11

17  1498, 7008 1830 0000 8944 1504, 7008 1830 0000 8944 1511 and 7008 1830 0000 8944

18  1528 which was well within the three year period provided for by C.F.R. § 226.15. See, the

19  proof of mailing and receipt attached hereto as **Exhibit 3-A.**

20

21  28.  Upon Claimant's mailing of the Right to rescind <u>the security interest is automatically voided</u>

22  <u>as an operation of law</u> not subject to a court's review and the loan becomes an unsecured debt

23  **if** GMAC/ResCap/Debtor(s) perform their obligations under C.F.R. § 226.15(d)(2), **if not** the

24  loan becomes voided and forfeited altogether by default and the Claimant owes/owed nothing

25  to GMAC/CMG Mortgage Inc./Ally/MERS/ResCap/Debtor(s) or others, as C.F.R. §

26  226.15(d)(1) states below the consumer shall not be  held liable for <u>any amount</u> including

1   <u>finance charge</u>: **C.F.R. § 226.15(d)(1)**

2

3   **(2)  Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any**

4   **money or property that has been given to anyone in connection with the transaction and shall**

5   **take any action necessary to reflect the termination of the security interest.**

6   29.  Thereafter, C.F.R. § 226.15(d2) puts the burden on GMAC/ResCap/Debtor(s) to return all

7   money that Claimant had previously paid GMAC which amounted to approximately

8

9   $167,349.00 plus interest of $23,817.00 total of **$202,840.00** at the time of cancellation of the

10  loan and not accounting for interest which would also be due to date. See, loan fees paid by

11  Claimant attached hereto as **Exhibit 10** which includes interest of $23,817.09 through time of

12  loan cancellation. Also, under C.F.R. § 226.15(d)(2) the lender shall take action to reflect the

13  termination of GMAC's security interest in Claimant's home as specified below:

14

15

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

16
17
18
19
20
21
22

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

23
24
25
26
1
2
3
4
5
6
7
8
9
10
11
12
13
14

With regard to Claimant's tender obligation, based on the law referenced above, GMAC's default, Claimant's Notice of loan rescission is the tender described in the last sentence of C.F.R. § 226.15(d)(3) above that states*" If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation"* when GMAC failed to perform its obligation under C.F.R. § 226.15(d)(2) and return Claimant's money and release it's security interest in Claimant's home, in that instance, the Claimant's notice of loan rescission became the tender and C.F.R. § 226.15(d)(3) provided for *"the consumer may keep it without further obligation"*

**Note:** only (d)(2) and (3) can be modified by a court order provided the lender has not defaulted in their performance under (2) within the 20 day performance period or alternatively filed an action for declaratory relief within the 20 day performance period. And, C.F.R. § 226.15(d) (1) which voids the security interest automatically by operation of law cannot be modified by a court order. Therefore, if GMAC/ResCap/Debtor(s) did not comply with their obligations under C.F.R. § 226.15(d)(2) within the 20 day performance period they were in

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

13

default and lost any standing to claim it was Claimant's responsibility to bring an action to enforce Claimant's Right to loan rescission. And, during the 20 day performance period if GMAC did not file an action for declaratory relief for a court modification of C.F.R. § 226.15(d) (2) and (3) the procedures for settlement, then GMAC/ResCap/Debtors, **by their default, forever gave up any standing or claim to a debt <u>at that time or thereafter. The matter is closed by default and is res judicata</u>**, GMAC/ResCap/Debtors cannot now turn back the clock to assert any claim that Debtor/GMAC should have made within the 20 day performance period following the date of Claimant's loan rescission done on 06/29/2009 almost five years ago.

30. Debtor(s) attempt to use other court cases that involve other parties, circumstances and issues as precedent to change Regulation Z, C.F.R. § 226.15(d)(1). See, paragraph 51 through 53 of Debtor's Doc 5746 citing the cases of *Martinez v. EMC Mortg. Corp, Yamamoto v. Bank of New York "plaintiff's unilateral "rescission" does not effectuate rescission"* <u>is simply wrong because this would cancel the three (3) day right to rescind entirely and erase the law by making it a request to rescind and that is clearly not what the law intended</u>. This case and any other case that attempts to erase the Right to rescind does not apply in Claimant's case. Because, the law is clear the Claimant has a <u>Right</u> to loan rescission which is not a privilege that can be revoked or subject to agreement by the Debtor(s) /ResCap/GMAC. See, Regulation Z, C.F.R. § 226.15(d) (2) and (3 attached hereto as **Exhibit 11.**

### AN AGREEMENT EXISTS BETWEEN THE DEBTOR(S) AND THE FEDERAL RESERVE BOARD, REGULATION Z THAT PROVIDES FOR THE RIGHT

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

14

**TO RECESSION**

31.   Based on Claimant's first hand knowledge, information, belief, and the evidence of the

Debtor(s) identified and shown in the United States of America Federal Reserve's Docket

No.12-006-CMP-HC , 12-006-CMP-HC Order by the Board of Governors of the Federal

Reserve: Assessment of a Civil Money Penalty in Consent Order dated February 10, 2012

attached hereto as **Exhibit 1**, the Debtor(s)/ResCap/ GMAC are parties to an agreement with

the Federal Reserve Board and subject to Regulation Z that makes it an absolute Right of the

borrower to rescind a loan within the three (3) day period and not a privilege to be taken

away or agreed upon by a lender. The absolute Right to cancel the loan within a three day

period can be extended to three years upon any non-disclosure occurrence or fraud; therefore,

it is an absolute Right to cancel a contract pre agreed to by the lender

GMAC/ResCap/Debtor(s) in order to receive the funds to lend from the Federal Reserve

Bank and subject to the Federal Reserve Board's Regulation Z. And, Claimant does not

consent to any judge's use of case law to change or circumvent Regulation Z or C.F.R. §

226.15(d)(1) in this case and does not consent to a judge to create a new contract between

Claimant and GMAC/CMG Mortgage Inc./Ally/MERS/ResCap/Debtor(s) or others. The

existing default of GMAC/CMG Mortgage Inc./Ally/MERS/ResCap/Debtor(s) or others is

final, not open to review or alteration and is in fact res judicata.

32.   GMAC/ResCap/Debtors should have disputed the Right to rescission within the 20 day

performance period provided in C.F.R. § 226.15(d) (2) and (3) that provides for the lender's

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

15

performance in returning to Claimant the $202,840 plus any interest that was paid by

Claimant and the release of the lender's security interest in Claimant's home. The filing of an

action for declaratory relief disputing the Right of rescission must be done within the 20 day

performance period or the lender, GMAC/CMG Mortgage Inc/Ally/ResCap/Debtor(s),

defaults and gives up any defense or claim thereafter.

33.  Any case precedent can only be applied where a claim is filed by a lender within the 20 day

performance period disputing the borrower's Right to resend. Thereafter, the borrower's

answer to the lender's dispute action gives rise to the authority of the judge to decide the

Right of rescission and to settlement issues within § 226.15(d) (2) and (3) not (1).

34.  In this case Claimant did not and does not consent to give up Claimant's Right to cancel the

loan as an operation of law and GMAC/CMG Mortgage Inc./Ally/MERS/ResCap or others

failed to file a claim disputing Claimant's Right to resend within the 20 day performance

period and gave up any defense or claim disputing the Right to resend thereafter. Therefore,

the Debtor(s) cannot use case law president that applies to cases where a lender was not in

default and thereby preserved the right to file a court action within the 20 day performance

period to put the matter before a judge to dispute § 226.15(d) (2) and (3). The Debtor(s) use

of other court cases cited does not apply due to the consummated contract that occurred by

the delivery of the Claimant's Right to rescind and the Default of the Debtor(s), because a

judge does not posses the authority to impair the obligation of a contract or Right provided

there-under. See, the Constitution for the United States of America, Article 1, Section 10,

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

16

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*"No State shall... ... Pass any Law.... impairing the Obligation of Contracts.....".* and Article Six, the Supremacy clause states: *"This Constitution, and the laws of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby...".* Although, by <u>agreement</u> the parties can agree to grant a judge the authority to go outside of the scope of a contract <u>to form a new contract</u>, such as what is occurring in the cases that the Debtor(s) cite. However, in this case that does not apply, GMAC/CMG Mortgage Inc./Ally/MERS/ ResCap or others filed <u>no</u> dispute as to the Claimant's Right to loan rescission within the 20 day performance period or even thereafter in Claimant's bankruptcy case and thereby defaulted and let stand the preexisting agreement that GMAC/CMG Mortgage Inc./Ally /MERS/ResCap or others were under with the Federal Reserve Board and Regulation Z that provided for Claimant's <u>Right</u> to loan rescission. Therefore, the cases Debtor(s) use in its Objection Doc 5736 cannot apply to Claimant's <u>Right</u> to loan rescission because that <u>Right</u> comes from a contract which the Supreme Law of the Constitution for the United States of America 1797-1789 protects by prohibiting the making of any law that *impairs a contract*.

1

2

3

4

5

6

7

**DEBTOR'S CANNOT CLAIM A RIGHT TO TENDER BECAUSE THE DEBT WAS VOIDED AND FULLY DISCHARGED IN BANKRUPTCY AND BECAUSE THEY WERE NOT A PARTY WITH STANDING TO FORECLOSE AND WHO STOOD TO LOOSE NOTHING AND NOT ENTITLED TO TENDER**

8

9

10

35.  As discussed above, on December 3, 2009 during the above referenced bankruptcy, Claimant delivered a notice to GMAC's representative Melodie Whitson an attorney at PITE

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
<u>CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN</u>

17

DUNCAN, LLP and agent/representative for GMAC Mortgage and Ally Bank informing the

Debtor(s) attorney of the cancelled subject Deed of Trust No. 20540326, dated 11/09/2007,

Security Instrument No. 2007-163263, Recorded in the official Records of the San Mateo

County Recorder on 11/16/2007 which was used to secure the subject alleged loan on

Claimant's home located at 10 Emerald Lake Place, Redwood, City, California. And,

thereafter on 01/19/2010 Claimant filed a notice with the bankruptcy court informing the

court of the loan rescission. See, the above notices attached to Claimant's Affidavit as

**Exhibit 3, 3-A, 3-B, 4, 4-A, 4B and 6.**

Therefore, any claim to tender by the Debtor is extinguished by the actual notice of loan

rescission and GMAC's / attorney's failure to perform and default under (d)(2) and §

226.15(d) (3)'s provision that cancels any obligation. And, by the Claimant's bankruptcy in

the United States Bankruptcy Court, Northern District of California on 9/22/10. See, the

"DISCHARGE OF DEBTOR" under section 727 of title 11 USC (the bankruptcy code)

attached hereto as **Exhibit 8**

**THEREFORE, because of the Claimant's loan rescission bankruptcy the Debtor(s)**

**have no standing as a party in interest to foreclose on Claimant's home, collect any**

**money from Claimant's forced home sale, to debate case law on the Right to rescind,**

**deny the money they took is not on their books or deny the obligation to return the**

**money to Claimant.**

### THE DEBTOR(S) DO NOT HAVE AUTHORITY OR STANDING TO FORECLOSE OR TO RECEIVE MONEY FROM THE SALE OF CLAIMANT'S HOME

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

18

36.    In July 2012 Claimant/Affiant ordered a loan securitization audit from William McCaffrey

an expert witness in loan securitization and thereafter, received a Securitization Examination Analysis

from Housing Mortgage Consultants and an Affidavit of William McCaffrey dated August 17, 2012

which is incorporated herein by this reference and shown below in part that established that:

6. The subject property, 10 Emerald Lake Place, Redwood City California 94062 was secured by a Deed of Trust in favor of CMG MORTGAGE, Inc. having a MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") MORTGAGE IDENTIFICATION NUMBER ("MIN") number of 1000724-0000006013-0 listed on the said DEED OF TRUST. The loans Min number was then assigned in a GMACM HOME EQUITY LOAN TRUST 2007-HE3.

7. This Trust is also referred to as the ISSUING ENTITY and was formed pursuant to the Pooling and Servicing Agreement among the Seller, Depositor, Servicer, the Trust Oversight Manager and the Trustee.

8. GMACM HOME EQUITY LOAN TRUST 2007-HE3 Trust is a REAL ESTATE MORTGAGE INVESTMENT CONDUIT (REMIC) within the meaning of section 860D of the Internal Revenue Code as amended in 1986 (The Code) which governs the rules of the trust.

9. BANK OF NEW YORK MELLON acts as trustee under the pooling and servicing agreement. The trustee is responsible for performing certain calculations relating to distributions on the certificates, making payments on the certificates, acting as certificate Registrar and transfer agent for the trust, making payments to the swap provider under the swap agreement and holding the trust accounts on behalf of the certificate holders.

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

10. In the securitization of the loan, the rights of various named Trustees ended with the subject Trustee for the holders of mortgage-backed securities whose powers are limited to ONLY what the certificate holders authorize.

11. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

12. BANK OF AMERICA, NA acts as servicer of the mortgage loans.

13. THE SUBJECT LOAN was securitized which is the process of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors. These sales that my research shows took place would have fractionalized possession of the Note over many different investors.

DECLARATION of William McCaffrey

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

20



14. The only potential holder in due course of a note falls within one or more of the following classifications:

(1)    Investors who purchased asset backed securities in which ownership of the loans were described with sufficient specificity as to at least express the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

(2)    Insurers that paid some party on behalf of said investors;

(3)    Counterparties on credit default swaps;

(4)    Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

(5)    Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

a.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, do not fall within any of the classifications of holders in due course on the subject loan.

b.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, has not suffered any financial loss relating to the loan.

c.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, suffered no monetary loss through loan non-performance.

d.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, has received fees and profits relating to the loan;

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

7  Therefore, GMAC/ALLY, BANK OF NEW YORK MELLON/MERS/ResCap/Debtor(s) or their

8  agent(s) EXECUTIVE TRUSTEE SERVICES, LLC did not have the standing or authority to

9  record the 1. ASSIGNMENT OF DEED OF TRUST by MERS (who had no beneficial interest or

10  authority to execute an ASSIGNMENT) dated 8/8/12, Recorded on 8/22/12 No. 2012-118992 to

11  Ally Bank, attached hereto as **Exhibit 1-A**  2. Notice of Default Recorded on 9/11/12 No. 2012-

12  130239 by Executive Trustee Services LLC., attached hereto as **Exhibit 1-B,** with the County

13  Recorder of San Mateo County, California or to foreclose or threaten to foreclose on Claimant's

14  home, or to demand or take any money out of Claimant's escrow account 1383480 – BK on

15  11/19/12 as referenced and shown in **Exhibit 2 and 2-A** attached hereto. See the William

16

17  McCaffrey Affidavit incorporated herein by this reference and attached hereto as **Exhibit 12**.

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

1  ///

2  ///

3  ///

4  IN WITNESS WHEREOF I hereunto set my hand and seal on this 3rd day of March 2014, and hereby

5

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

certify, swear and affirm under the law of the United States of America that all the statements made

above are true, correct and complete based on my personal knowledge, information and belief.

All Rights Reserved Without Prejudice, Under Reserve U. C. C.

Date: _3/3/2014_   Affiant: _Jacqueline A. Warner_ (Seal)

Jacqueline A. Warner

**JURAT**

State of Nevada            )
                           ) ss:
County of Clark            )

Subscribed and sworn to (or affirmed) before me on this __3__ day of __March__, 2014,
by __Jacqueline A. Warner__, proved to me on the basis of satisfactory evidence to
the person who appeared before me.

_____ (seal)

Print / _____ NOTARY Signature"

HEIDI CHUN DEAL
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 08-09-14
Certificate No: 10-3113-1

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN SUPPORT OF CLAIMANT'S
OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY
BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

# ATTACHMENTS

# TO

# AFFIDAVIT

# EXHIBITS 1 - 12