# DELETED

# EXHIBIT 5

# EXHIBIT 6

**FILED**

JAN 1 9 2010

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

**Date: November 16, 2009**

**From:**

Jacqueline A. Warner
10 Emerald Lake Place
Redwood City, CA  94062

**To/Respondents:**

GMAC MORTAGE LLC
3451 Hammond Avenue
Waterloo, IA  50702
Account Number: 8601931887

MERS
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC.
3300 S.W. 34th Avenue, Ste 101, Ocala, FL
MIN: 1000724-0000006013-0   34474

CMG MORTGAGE INC.
3160 Crow Canyon Road, #400
San Ramon, CA  94583
Loan #: 20540326

First American Title Insurance Company
1855 Gateway Blvd., Suite 700
Concord, CA  94520
Escrow No: 3475075c
Recorded Date: November 16, 2009

**Re: Parcel Tax No. 057-143-280;** Original Deed of Trust No: 20540326, Dated 11/09/2007; Original Security Instrument No. 2007-163264; Recorded Date: November 16, 2007; Commonly Known Address: 10 Emerald Lake Place, Redwood City, CA  94062;

### *Notice of Right to Cancel*

*Notice to Agent is Notice to Principal/Notice to Principal is Notice to Agent*

**Parties:** Jacqueline A. Warner (Alleged Borrower, hereinafter **Borrower**) — and, GMAC Mortgage LLC; CMG Mortgage, Inc.; MERS (Mortgage Electronic Registration Systems, Inc.); First American Title Insurance Company (Alleged Lender(s) — hereinafter **Lender**)

**Attention:** All above named Respondents

This communication will serve as my ***Notice of Right to Cancel*** dated November 16, 2009. TILA (Truth in Lending Act, 15 USC §1601 et seq; 12 CFR Part 226) allows three (3) years to review Disclosure Documents.  The referenced 'Three Day Right to Cancel' must have a trigger to begin. That trigger, is when the Lender has provided the Borrower with ALL of the required Disclosures under TILA, and that the same are true, complete, accurate, and timely provided.



Being as the entire purported loan/mortgage process and Deed of Trust/Security Instrument referenced herein and throughout, was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared: "*There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.*" (United States v. Throckmorton, 98 U.S. 61) In further support of the aforementioned wrongful acts, you will please find the attached 'Affidavit of Jacqueline A. Warner', referenced herein and throughout as Attachment/Exhibit - B and, the attached Addendum - C, all of which are made a part hereto, and incorporated herein in their entirety, the same of which contain important matters of record that have thus far remained unanswered, unrebutted, and uncontroverted by all Respondents listed above.

To this date, Lender has never provided Borrower with true, complete, accurate or timely documents as required. ONLY AFTER such provision has been done, can the '3 DAY RIGHT TO CANCEL' period begin. If the required full Disclosure(s) have not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose. The records thus far evidence, that **Borrower** has requested to cancel within the stipulated three year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which have never been received.

A close perusal and audit of Borrower's mortgage/loan documents has revealed certain Disclosure Violations; and, that the Borrower has the remedial right and remedy (UCC 1-201 (32) (34)), inter alia, to invoke their Right of Rescission (ROR) as further evidenced by the original NOTICE OF RIGHT TO CANCEL. You will also please find Borrower's signed and dated NOTICE to the Lender(s), Successor(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such Notice was not provided, **this written Notice of communication is provided in lieu thereof**.

After sufficient NOTICE has been given to Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's property within twenty (20) days. The Lender must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.

In accordance with both State and Federal law or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be 'impractical' or 'unfair' for the Borrower to return the property when gross discrepancies, fraud, or other wrongful acts are discovered - then he/she/they may offer its 'Reasonable Value'.

In the event the Lender should fail or refuse to take possession of the property or return the borrower's money offer within twenty (20) days . . . **Borrower** may then regain/acquire all rights to clear title and re-conveyance under Federal Law and provisions of TILA.

**Additionally**, Borrower has the right to offer Lender a Reasonable Value. **However**, the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages . . . i.e., triple the amount of the interest the bank stood to fraudulently make off of the deed of trust/loan transaction. Therefore, the borrower does hereby in good faith make the following offer: Borrower will forgive GMAC Mortgage LLC, CMG Mortgage Inc, MERS, (Mortgage Electronic Registration Systems Inc., and First American Title Insurance Company, any liability incurred by its wrongful actions, provided GMAC Mortgage LLC, CMG Mortgage Inc., First American Title Insurance Company, and MERS, Mortgage Electronic Registration Systems Inc. rightfully forgives Borrower the full amount of deed of trust/credit GMAC Mortgage LLC., CMG Mortgage Inc. et al., fraudulently alleges to have given. In addition, Borrower makes the one time demand of $2,967,247.00 from GMAC Mortgage LLC, and CMG

Mortgage, Inc., for any loss, damage, and injury Borrower has sustained; and, that CMG Mortgage Inc., GMAC Mortgage LLC, MERS, First American Title Insurance Company et al., also immediately remove all/any negative comments on Borrower's credit report attributed to this transaction.

Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein.

Sincerely,

Jacqueline A. Warner

## ACKNOWLEDGEMENT

State of _California_ )

)

County of _San Mateo_ )

Subscribed and sworn to (or affirmed) before me on this ___16___ day of ___November___, 2009,

by ___Jacqueline A. Warner___, proved to me on the basis of

satisfactory evidence to be the person who appeared before me.

Signature _Eric Hashemian_ (Seal)

(Notary Public)

OFFICIAL SEAL
ERIC HASHEMIAN
NOTARY PUBLIC - CALIFORNIA
Commission #1857303
County of San Mateo
My Commission expires July 10, 2013

Order No:  3475075c
Reference No.:
Escrow Officer: Ada Ayon
Escrow Number: 3475075c

APN No: 057-143-280-6 JPN: 057-014-143-20.04.00A

## DESCRIPTION

All that certain land situated in the unincorporated area of the County of SAN MATEO, State of California, and described as follows:

PARCEL A:

PARCEL 2, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PARCEL MAP A RESUBDIVISION OF THE LANDS OF TURTURICI AND MCKEEGAN AS SAID LANDS ARE DESCRIBED IN DOCUMENT NO. 88043032, OFFICIAL RECORDS OF SAN MATEO COUNTY, SAN MATEO COUNTY, CALIFORNIA", FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA ON FEBRUARY 28, 1990 IN BOOK 63 OF PARCEL MAPS AT PAGES 69 AND 70.

PARCEL B:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND STORM DRAINAGE PURPOSES WITHIN A PORTION OF PARCEL 3 AS SHOWN ON THAT CERTAIN MAP ENTITLED "PARCEL MAP OF A RESUBDIVISION OF THE LANDS OF TURTURICI AND MCKEEGAN AS SAID LANDS ARE DESCRIBED IN DOCUMENT NO. 88043032, OFFICIAL RECORDS OF SAN MATEO COUNTY, SAN MATEO COUNTY, CALIFORNIA" FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN MATEO COUNTY, STATE OF CALIFORNIA OF FEBRUARY 28, 1990 IN VOLUME 63 OF PARCEL MAPS AT PAGES 69 AND 70, SAID PORTION BEING DESIGNATED AS "PROPOSED P.S.D.E. INGRESS/EGRESS, ESMT. FOR BENEFIT OF PARCELS 1 AND 2 AND P.U.E." ON SAID MAP.

SAID EASEMENT IS TO BE APPURTENANT TO AND FOR THE BENEFIT OF PARCEL "A" ABOVE.

PARCEL C:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER A STRIP OF LAND 7.50 FEET WIDE LYING EASTERLY OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE NORTHWESTERLY CORNER OF THE LANDS CONVEYED TO RUSSEL L. WOLDEN AND WIFE BY DEED RECORDED JUNE 25, 1954 IN BOOK 2605 OF OFFICIAL RECORDS AT PAGE 723 (FILE NO. 66351-L) RECORDS OF SAN MATEO COUNTY, CALIFORNIA; AND THENCE NORTH 4° 20' WEST 158.30 FEET TO THE SOUTHERLY LINE OF SUMMIT DRIVE.

SAID EASEMENT IS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL A ABOVE AND WAS CREATED BY GRANT OF RIGHT OF WAY FROM ARTHUR CINTI, ET UX, TO NEVADA V. WALDEN, RECORDED JUNE 27, 1932 IN BOOK 553 OF OFFICIAL RECORDS AT PAGE 499 (FILE NO. 9678-C) RECORDS OF SAN MATEO COUNTY, CALIFORNIA AND BY DEED FROM ARTHUR CINTI AND MARINA CINTI, TO JOHN M. UNDERHILL AND ELSIE W. UNDERHILL, RECORDED AUGUST 12, 1940 IN BOOK 905 OF OFFICIAL RECORDS AT PAGE 251 (FILE NO. 95911-D) RECORDS OF SAN MATEO COUNTY, CALIFORNIA AND BY DEED FROM ARTHUR CINTI AND MARINA CINTI, TO DOMINIC JACKMAN AND GIOVANNA JACKMAN, RECORDED NOVEMBER 28, 1945 IN BOOK 1219 OF OFFICIAL RECORDS AT PAGE 298 (FILE NO. 75500-F), RECORDS OF SAN MATEO COUNTY, CALIFORNIA.

# EXHIBIT 7

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Jacqueline Anne Warner | Case Number:<br>09-33436 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Ally Bank f/k/a GMAC Bank.

Name and address where notices should be sent:
GMAC Mortgage, LLC
ATTN: Bankruptcy Department
1100 Virginia Drive
Ft. Washington, PA 19034
Telephone number:
1-800-850-4622

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
   *(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):
GMAC Mortgage, LLC
ATTN: Payment Processing
3451 Hammond Avenue
Waterloo, IA 50702
Telephone number:
1-800-850-4622

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**    $_____990,742.62_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:**  MONEY LOANED
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** xxxxxx1887

   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:** ☑Real Estate   ☐ Motor Vehicle   ☐ Other
   **Describe:**  10 Emerald Lake Place, Redwood City, California 94062

   **Value of Property:** $_____  **Annual Interest Rate** ____%

   **Amount of arrearage and other charges as of time case filed included in secured claim,**

   if any: $_____0.00_____  **Basis for perfection:** _____

   **Amount of Secured Claim:** $_____990,742.62  **Amount Unsecured:** $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**

   $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>12/09/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

/s/ ATTY Melodie A. Whitson

Attorney for GMAC Mortgage, LLC, 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933    (858)750-7600

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT 8

Form CAodsc7

# UNITED STATES BANKRUPTCY COURT
## Northern District of California (San Francisco)

---

In re:
    Jacqueline Anne Warner
    10 Emerald Lake Place
    Redwood City, CA 94062

Case Number:  09-33436 DM 7
Chapter:  7

Debtor(s)

**Debtor/Joint Debtor Social Security Number(s):**
    xxx-xx-6562

---

## DISCHARGE OF DEBTOR

It appearing that the debtor(s) is/are entitled to a discharge, **IT IS ORDERED:**
The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: 9/22/10

By the Court:

Dennis Montali
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Doc # 139

# EXHIBIT 9

Identifier:8601931887          Doc Type:CORR

GMAC Mortgage, LLC/CMG                                    PAGE      1
PO Box 4622                                               DATE 10/19/12
3451 Hammond Avenue
Waterloo              IA 50704
                                        HISTORY FOR ACCOUNT 8601931887

--------- MAIL -------------------- --------- PROPERTY ----------------

JACQUELINE A. WARNER

10 EMERALD LAKE PLACE                  10 EMERALD LAKE PLACE

REDWOOD CITY          CA 94062     REDWOOD CITY          CA 94062

------ DATES ------  ---- CURRENT BALANCES -----  ------- UNCOLLECTED -------
PAID TO   10/25/09   PRINCIPAL       990742.62  LATE CHARGES        0.00
NEXT DUE  11/25/09   ESCROW          -22870.75  OPTIONAL INS        0.00
LAST PMT  10/25/09   UNAPPLIED FUND       0.00  INTEREST            0.00
AUDIT DT  11/20/07   UNAPPLIED CODES             FEES            -2302.52
                     BUYDOWN   FUND        0.00  ------ YEAR TO DATE -------
  LAST ACTIVITY      BUYDOWN   CODE            INTEREST            0.00
    10/14/12                                    TAXES               0.00

------------------------------------------------------------------------------

POST  TRN  DUE    TRANSACTION      PRINCIPAL      INTEREST        ESCROW
DATE  CDE  DATE     AMOUNT           PAID          PAID           PAID
------ --- ------ ---------------  -------------- -------------- --------------
102609 ADV 092509        -808.00        -808.00          .00            .00
  REF NUMBER    000009989    DESC PAYMENT FUNDS
  LC DATE 102509  BAL AFTER          975742.62                     00.00
T:28724      I/B:004   OPTIONAL INS BAL      00.00  LATE CHARGE BAL     00.00
102609 GRU 000000 000000 GRACE UNAP AMT:        .00
              SG0S7JT40OJO
102609 AP  102509         808.00            .00        808.00          .00
  LC DATE 102509  BAL AFTER          975742.62                     00.00
T:00805      I/B:001   OPTIONAL INS BAL      00.00  LATE CHARGE BAL     00.00
110909 ADV 102509      -15000.00      -15000.00          .00           .00
  REF NUMBER    000009999    DESC WEB FUNDS TRANSFER000000000000
  LC DATE 110609  BAL AFTER          990742.62                     00.00
T:01404      Q/B:004   OPTIONAL INS BAL      00.00  LATE CHARGE BAL     00.00
121009 FB  102509        300.00  40 EXPENSE ADVANCES
T:32551      /B:000
091510 FB  102509        375.00  40 EXPENSE ADVANCES
T:32551      /B:000

092110 FB  102509         83.00 164 CORP ADV 3 DRM
  REF NUMBER    SG0UQOG90438 DESC
T:26663      /B:000
121410 ITR 102509  OLD INV 50630 30003 P-BAL    990742.62 INT           .00
              NEW INV 55230 30003  PERCENT OWNED    .0000 ACTION CD 000
              BAL AFTER          990742.62                     00.00
T:25102      /B:000 OPTIONAL INS BAL      00.00  LATE CHARGE BAL     00.00

R DISCHARGE TAKEN

    INQ23694

EXHIBIT 10

A. Settlement Statement

# First American Title Lenders Advantage
## Final Statement

| | |
|---|---|
| 1-5. Loan Type Conv. Unins. | B. Type of Loan |
| 6. File Number 3475075c | |
| 7. Loan Number 20540326 | |
| 8. Mortgage Insurance Case Number | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside this closing; they are shown here for informational purposes and are not included in the totals.

D. Name of Borrower: Jacqueline A. Warner
10 EMERALD LAKE PLACE, REDWOOD CITY, CA 94062

E. Name of Seller:

F. Name of Lender: CMG Mortgage, Inc.
3160 Crow Canyon Rd., Ste 400
San Ramon, CA 94583

G. Property Location: 10 EMERALD LAKE PLACE, REDWOOD CITY, CA 94062

H. Settlement Agent: First American Title Lenders Advantage
Address: 2110 South Bascom Avenue, Campbell, CA 95008

Place of Settlement Address: 2110 South Bascom Avenue, Campbell, CA 95008

I. Settlement Date: 11/16/2007
Print Date: 11/19/2007, 12:40 PM
Disbursement Date: 11/13/2007

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | 913,506.00 | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 255,843.00 | 403. Total Deposits | |
| 104. Supplemental Summary | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due From Borrower | 1,167,349.00 | 420. Gross Amount Due To Seller | |
| 200. Amounts Paid By Or In Behalf of Borrower | 170,872.54 | 500. Reductions In Amount Due to Seller | |
| 201. "Deposit or earnest money | 1,000,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges (line 1400) | |
| 203. Existing loan(s) taken subject | | 503. Existing loan(s) taken subject | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | 1,170,872.54 | 519. | |
| 220. Total Paid By/For Borrower | | 520. Total Reduction Amount Due Seller | |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from borrower (line 120) | 1,167,349.00 | 601. Gross amount due to Seller (line 420) | |
| 302. Less amounts paid by/for Borrower (line 220) | 1,170,872.54 | 602. Less reductions in amounts due to Seller (line 520) | |
| 303. Cash ( From) (X To) Borrower | 3,523.54 | 603. | |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.                                        Date:

Settlement Agent:

* See Supplemental Page for details.

*Handwritten notes in right margin:*

Deposited
LINE 201
$170,872.54

Returned
LINE 303
$3,523.54

NET DEPOSIT
$167,349.00

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | | | |
| Division of Commission (line 700) as follows | | | |
| 701. | | | |
| 702. | | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable in Connection with Loan | | 4,750.00 | |
| 801. Loan Origination Fee | POC $500.00 | | |
| 802. Loan Discount - CMG Mortgage, Inc. | | | |
| 803. Appraisal Fee - LEQUITY | | | |
| 804. Credit Report | | | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Premium | | 875.00 | |
| 807. Assumption Fee | | 900,000.00 | |
| 808. Lender Fee - New Acct Fee - CMG Mortgage, Inc. | | 3,000.00 | |
| 809. Undisbursed Equity Funds - CMG Mortgage, Inc. | | 300.00 | |
| 810. Mortgage Broker Com/Fee - LEQUITY | | | |
| 811. Admin Fee - LEQUITY | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| Supplemental Summary | | | |
| 900. Items Required by Lender to be Paid in Advance | | | |
| 901. Interest | | 2,332.00 | |
| 902. | | | |
| 903. Hazard Insurance Premium for to Mercury Casualty Company | | | |
| 904. | | | |
| 905. | | | |
| Supplemental Summary | | | |
| 1000. Reserves Deposited with Lender | | | |
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes | | | |
| 1005. Annual assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Accounting Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee | | | |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title Insurance Binder | | | |
| 1105. Document Fee | | | |
| 1106. Notary Fee | | | |
| 1107. Attorney Fee | | 1,750.00 | |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance – See supplemental page for breakdown of individual fees and payees | | | |
| (includes above item numbers: ) | | | |
| 1109. Lender's coverage $1,000,000.00 | | 25.00 | |
| 1110. Owner's coverage $0.00 | | | |
| 1111. End 111.10 - First American Title Lenders Advantage | | | |
| 1112. | | | |
| 1113. | | | |
| 1114. | | | |
| 1115. | | | |
| 1116. | | | |
| 1117. | | | |
| 1200. Government Recording and Transfer Charges | | 49.00 | |
| 1201. Recording fees: Deed $0.00 Mortgage $49.00 Release $0.00 | | | |
| 1202. City/county tax/stamps: | | | |
| 1203. State tax/stamps: | | | |
| 1204. | | | |
| 1205. | | | |
| 1206. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to | | 425.00 | |
| 1302. Pest Inspection to | | | |
| 1303. Processing Fee to Kristi Spangler | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| 1309. | | | |
| 1310. | | | |
| 1311. | | | |
| 1312. | | | |
| 1313. | | | |
| 1314. | | | |
| Supplemental Summary | | 913,506.00 | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | |

* See Supplemental Page for details.

$11,674.00 Fees PAID

3475075c

| | |
|---|---|
| Supplemental Page<br>HUD-1 Settlement Statement | |
| **First American Title Lenders Advantage**<br>**Final Statement** | Loan No.<br>20540326<br>Settlement Date:<br>11/16/2007 |

Borrower Name & Address:  Jacqueline A. Warner
10 EMERALD LAKE PLACE, REDWOOD CITY, CA 94062

Seller Name & Address:

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| **Section L. Settlement Charges continued** | | | |
| | 1,750.00 | 1,750.00 | |
| 1108.    Supplemental Summary | | | |
| a) ONERATE-Line 1108 includes line 1101& 1106 charges - First American Title Lenders Advantage | 49.00 | 49.00 | |
| 1201.    Supplemental Summary | | | |
| a) Record First Deed of Trust/Mortgage - First American Title Lenders Advantage | | | |

*already counted* →

| | | Borrower Charges | Borrower Credits |
|---|---|---|---|
| **Section J.  Summary of Borrower's Transaction continue** | | | |
| 100. Gross Amount Due From Borrower | 247,867.62 | 247,092.67 | |
| 104.    Supplemental Summary | | | |
| a) Principal Balance Of Payoff Loan    - WELLS FARGO HOME MORTGAGE | | 700.95 | |
| Interest on Payoff Loan 11/01/07 to 11/19/07 @5.375000% | | 7.00 | |
| Recording Fee | | 30.00 | |
| Obligation Fee | | 37.00 | |
| Other Fees and Charges Due | 5,975.38 | 5,975.38 | |
| 104.    Supplemental Summary | | | |
| b) 1st Tax Installment: 07-08 Amount   to SAN MATEO COUNTY TAX COLLECTOR | | | |
| 200. Amounts Paid By Or In Behalf of Borrower | 170,872.54 | | 21,638.29 |
| 201.    Supplemental Summary | | | 109,234.25 |
| a) Other | | | 40,000.00 |
| b) Other | | | |
| c) Other | | | |

| The following Section is restated from the Settlement Statement Page 1 | | 600. Cash At Settlement To/From Seller | |
|---|---|---|---|
| 300. Cash At Settlement From/To Borrower | | 601. Gross Amount due to Seller (line 420) | |
| 301. Gross amount due from Borrower (line 120) | 1,167,349.00 | 601. Less reductions in amounts due to Seller (line 520) | |
| 302. Less amounts paid by/for Borrower (line 220) | 1,170,872.54 | 603. | |
| 303. Cash ( From) (X To) Borrower | 5,523.54 | | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and
distributions made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

*Fees - $11,674.00*

# EXHIBIT 11

Reg. 24688, June 9, 1989, effective June 7, 1989, but compliance is optional until November 7, 1989]

## § 226.15  Right of rescission.

(a) *Consumer's right to rescind.*  (1)(i) Except as provided in paragraph (a)(1)(ii) of this section, in a credit plan in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind: each credit extension made under the plan; the plan when the plan is opened; a security interest when added or increased to secure an existing plan; and the increase when a credit limit on the plan is increased.

(ii)  As provided in § 125(e) of the act, the consumer does not have the right to rescind each credit extension made under the plan if such extension is made in accordance with a previously established credit limit for the plan.

(2)  To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, or when filed for telegraphic transmission, or, if sent by other means, when delivered to the creditor's designated place of business.

(3)  The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a)(1) of this section that gave rise to the right of rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[36] whichever occurs last. **If the required notice and material disclosures are not delivered, the right to rescind shall expire three years after the occurrence giving rise to the right of rescission,** or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with § 125(f) of the act.

(4)  When more than one consumer has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) *Notice of right to rescind.*  In any transaction or occurrence subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the consumer consent and other applicable provisions of the E-Sign Act). The notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:

(1)  The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)  The consumer's right to rescind, as described in paragraph (a)(1) of this section.

(3)  How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

Exhibit **1**

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires.

(c) *Delay of creditor's performance.* Unless a consumer waives the right to rescind under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed, and no materials delivered until after the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded. A creditor does not violate this section if a third party with no knowledge of the event activating the rescission right does not delay in providing materials or services, as long as the debt incurred for those materials or services is not secured by the property subject to rescission.

(d) *Effects of rescission.* (1) **When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge.**

(2) **Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.**

(3) **If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section.** When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. **If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.**

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

(e) *Consumer's waiver of right to rescind.* (1) The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2) of this section.

(2) The need of the consumer to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest.[36a] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

Exhibit **❚❙**

# EXHIBIT 12

# *HMC*

Housing Mortgage Consultants, Inc.
Securitization Examination Analysis
Telephone (480) 292-7361
bill@housingmortgageconsultants.com

**August 17, 2012**

JACQUELINE A. WARNER

**PROPERTY ADDRESS:**

10 EMERALD LAKE PLACE
REDWOOD CITY CALIFORNIA
94062

**SERVICER:**
GMAC MORTGAGE

**TRUST:**
GMACM HOME EQUITY
LOAN TRUST 2007-HE3

**TRUSTEE:**
BANK OF NEW YORK MELLON

# ENCLOSURES:

## SECURITIZATION FLOW CHART

## AFFIDAVIT
## WILLIAM MCCAFFREY

## CONSENT ORDER
## IN RE: GMAC MORTGAGE, LLC

## INSIDE JOB FORECLOSURE PROCESS
## RECORDED DOCUMENTS

## GMACM HOME EQUITY
## LOAN TRUST 2007-HE3
## MORTGAGE LOAN PURCHASE AGREEMENT

## GMACM HOME EQUITY
## LOAN TRUST 2007-HE3
## TRUST AGREEMENT

## GMACM HOME EQUITY
## LOAN TRUST 2007-HE3
## SERVICING AGREEMENT

## GMACM HOME EQUITY
## LOAN TRUST 2007-HE3
## PROSPECTUS SUPPLEMENT

JACQUELINE A. WARNER

**Real Property Located:**
10 Emerald Lake Place
Redwood City, CA 94062

)
)
)
)
)

# AFFIDAVIT OF
# WILLIAM McCAFFREY

I William McCaffrey, declare as follows:

1. I am over the age of 18 years and qualified to make this AFFIDAVIT. I am a resident of the State of Arizona and formulate this AFFIDAVIT based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I offer my observations, analysis, opinions and testimony.

2. My experience in the Banking industry encompasses over 30 years employment for federally insured institutions. I was formerly Business Development Manager with Indy Mac Bank FSB, for over ten years and currently employed as Consultant for Housing Mortgage Consultants Inc.

3. I have personal knowledge and experience to render opinions in the topic areas related to the securitization of mortgage loans, derivative securities, the securities industry, Uniform Commercial Code practices, predatory lending practices, Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, and issuance of asset backed securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages during the period of 2001-2008, appraisal fraud, and its effect on APR disclosure, usury and foreclosure of securitized and non-securitized residential mortgages.

DECLARATION of William McCaffrey

4. I have been qualified to testify in Maricopa County Superior Court, and US District Court. In the past few years, I have served as Expert Witness in numerous civil cases. I have testified at trial in Federal and Superior Court including Nevada and Arizona. Superior Court Cases include *Marshall and Isley Bank v. Izzo*, *Slikker v. Kondaur*, *Brokalakis v. National City Mortgage*, and *Wells Fargo Bank v. Dutson*. Superior Court Judges' Ronan, Garcia, and Budoff, as well as Commissioners' Davis, Ellis, and Hamner have affirmed my expert testimony.

5. I am also a Securitization Analyst and use specialty-licensed software, which permits investors and licensed users to access any "named Trust-Entity" which are The Corporate/Trust Documents officially filed with the Securities and Exchange Commission. I can find each Mortgage Note that is held by this named Trust-Entity, and can verify its status at any given time. I have the knowledge and experience to perform these searches with accuracy. At the request of Ms. Warner I submit this AFFIDAVIT and have personal first hand knowledge of the following facts:

6. The subject property, 10 Emerald Lake Place, Redwood City California 94062 was secured by a Deed of Trust in favor of CMG MORTGAGE, Inc. having a MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") MORTGAGE IDENTIFICATION NUMBER ("MIN") number of 1000724-0000006013-0 listed on the said DEED OF TRUST. The loans Min number was then assigned in a GMACM HOME EQUITY LOAN TRUST 2007-HE3.

7. This Trust is also referred to as the ISSUING ENTITY and was formed pursuant to the Pooling and Servicing Agreement among the Seller, Depositor, Servicer, the Trust Oversight Manager and the Trustee.

DECLARATION of William McCaffrey

8. GMACM HOME EQUITY LOAN TRUST 2007-HE3 Trust is a REAL ESTATE MORTGAGE INVESTMENT CONDUIT (REMIC) within the meaning of section 860D of the Internal Revenue Code as amended in 1986 (The Code) which governs the rules of the trust.

9. BANK OF NEW YORK MELLON acts as trustee under the pooling and servicing agreement. The trustee is responsible for performing certain calculations relating to distributions on the certificates, making payments on the certificates, acting as certificate Registrar and transfer agent for the trust, making payments to the swap provider under the swap agreement and holding the trust accounts on behalf of the certificate holders.

10. In the securitization of the loan, the rights of various named Trustees ended with the subject Trustee for the holders of mortgage-backed securities whose powers are limited to ONLY what the certificate holders authorize.

11. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

12. BANK OF AMERICA, NA acts as servicer of the mortgage loans.

13. THE SUBJECT LOAN was securitized which is the process of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors.  These sales that my research shows took place would have fractionalized possession of the Note over many different investors.

DECLARATION of William McCaffrey

14. The only potential holder in due course of a note falls within one or more of the following classifications:

(1)    Investors who purchased asset backed securities in which ownership of the loans were described with sufficient specificity as to at least express the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

(2)    Insurers that paid some party on behalf of said investors;

(3)    Counterparties on credit default swaps;

(4)    Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

(5)    Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

a.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, do not fall within any of the classifications of holders in due course on the subject loan.

b.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, has not suffered any financial loss relating to the loan.

c.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, suffered no monetary loss through loan non-performance.

d.    GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, has received fees and profits relating to the loan;

DECLARATION of William McCaffrey

15. In non-judicial foreclosure states such as *California*, the only course of action available to challenge such foreclosure is a judicial lawsuit brought by the borrower/obligor. The "election" of non-judicial process by the foreclosing parties shifts the burden of proof to the borrowers in the loans to allege facts that are solely within the knowledge of the lenders, and which facts that are intentionally withheld from the borrowers.

FURTHER AFFIANT SAYETH NAUGHT.

All factual testimony or statements made in this DECLARATION are true and correct to the best of my knowledge and belief. All opinions stated herein are based upon a high likelihood of probability pursuant to my decades of relevant experience within the banking industry.

_____
William McCaffrey

SWORN TO AND SUBSCRIBED before me, the undersigned notary public this 20th day

of _August_ 2012.

JOSEPH N PONCE
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
June 30, 2013

_____
Notary Public

My commission expires:    June 30, 2013

DECLARATION of William McCaffrey