**Hearing Date and Time: March 5, 2014, at 2:00 p.m. (E.S.T.)**

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**REPLY OF THE UNITED STATES OF AMERICA TO RESPONSE OF**
**ALLY FINANCIAL INC. TO EXAMINER'S MOTION FOR ORDER**
**CONCERNING FEDERAL SUBPOENA SERVED ON EXAMINER**

The United States of America (the "United States" or the "Government"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this Reply to the *Response of Ally Financial Inc. to the Motion for Entry of Order Approving Procedures for Compliance with Discharge Order Regarding Federal Subpoena Served on the Examiner* [Docket No. 6554], filed on March 3, 2014 (the "AFI Response").[1] As the Court is aware, the Examiner and the United States have reached agreement on a revised proposed order in connection with the Examiner's Motion. *See* Docket No. 6594 at 2-3 & Ex. A (Examiner's *Reply* and revised proposed order).  While not objecting to the relief sought in the

---

[1] Capitalized terms not defined herein have the same meaning as in the Examiner's *Motion for Entry of Order Approving Procedures for Compliance with Discharge Order Regarding Federal Subpoena Served on the Examiner* [Docket No. 6525] (the "Examiner's Motion").

motion, Ally Financial Inc. ("AFI") requests that the Court insert a paragraph into its order that (a) limits the Government's use and dissemination of any Subpoenaed Materials produced by the Examiner to the Government in connection with the Subpoena, and (b) directs the United States to object to any subpoena or other process directed to the Government that implicates the Subpoenaed Materials, and to withhold those materials for thirty days. *See* AFI Response at 2. For the reasons indicated below, the United States opposes AFI's proposed insertion.

*First*, AFI's request that this Court issue an order dictating how the Government will use documents obtained through a subpoena issued pursuant to its statutory powers is improper. The United States Department of Justice may issue administrative subpoenas in connection with civil investigations under FIRREA. 12 U.S.C. § 1833a(g)(1)(C). The same procedures and limitations applicable to civil investigative demands under certain enumerated provisions of 18 U.S.C. § 1968 are applicable to FIRREA subpoenas. 12 U.S.C. § 1833a(g)(2). One of those provisions specifies that a person receiving a demand may file a petition for an order modifying or setting aside the demand in the appropriate district court. 18 U.S.C. § 1968(h). To the extent an Interviewee believes that it has standing to seek relief with respect to the Subpoena, or to seek a protective order with respect to the Subpoenaed Materials, that Interviewee should seek redress from the district court.[2] AFI is improperly attempting to ask this Court to essentially rewrite a statute that specifically governs FIRREA subpoenas with AFI's own desired rules.

*Second*, AFI incorrectly contends that the production of documents to the United States in connection with the Subpoena would constitute an "end-run" around the Examiner Discharge Order. *See* AFI Response at 2. While the Discharge Order spelled out certain limitations on the duties of the Examiner and his professionals to respond to discovery requests, the Court made

---

[2]   The Government does not waive any arguments that it would make in response to such an application.

2

clear that those limitations do not apply to "any claims, suits, actions, or other proceedings by or on behalf of the United States of America . . . acting pursuant to its police and regulatory powers." Discharge Order at 3.[3]  Compliance with the Subpoena by the Examiner thus would not circumvent the Discharge Order; it would be consistent with the Discharge Order.

*Third*, with respect to the remainder of the requested insertion into the proposed order, AFI has offered no authority to support the proposition that the Court can direct the United States to object to a subpoena or other process for documents it has not yet received, or to withhold materials on the basis of the Discharge Order.  Nor is there authority under FIRREA for this relief, which would be tantamount to the issuance of a mandatory injunction requiring the United States to take certain specified actions in response to a subpoena or other process.

For the foregoing reasons, the United States respectfully requests that the Court enter the proposed Order annexed to the Examiner's *Reply* and deny AFI's proposed insertion into that order.

Dated: New York, New York
       March 4, 2014

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    *Attorney for the United States of America*

By:   */s/ Joseph N. Cordaro*
       JOSEPH N. CORDARO
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (212) 637-2745
       Facsimile:  (212) 637-2686
       Email: joseph.cordaro@usdoj.gov

---

[3] AFI does not contest that the Subpoena was issued pursuant to the Government's police and regulatory powers.