Francine Silver
8613 Franklin Ave
Los Angeles, CA 90069
Tel 310 945 6105

**Holder of claim # 61**



**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Hon. Judge Martin Glenn, Presiding |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### PRO SE MOTION BY FRANCINE SILVER FOR PAYMENT OF CLAIM # 61

In accordance with the settlement plan that has been voted on and confirmed I ask that the Honorable Judge Martin Glenn to instruct the debtors to settle my claim as called for in the plan and release my share of the settlement funds.

Before bringing this motion for payment, I diligently tried to settle my claim with the Debtors as called for in the plan and was told my claim was being processed but recently discovered the claim is actually on hold while the Debtors incorrectly apply to my allowed claim an objection deadline that is only intended for disputed claims or claims that for some other reason are not allowed as of the effective date.

1

## **BACKGROUND**

I was driven into bankruptcy when GMAC suddenly started over-billing me by almost $3,000 per month and refused to comply with the loan terms or correct the billing mistakes on a loan that it eventually became clear they had no right to service. My livelihood as a real estate investor was destroyed as was my credit and reputation. I continue to suffer physically, emotionally and financially as I wait for my claim to be settled. I am an 88 year old widow and the ongoing uncertainty and worry about whether I will have my claim honored and whether the debtors will abide by the terms of the plan is taking a serious toll on my health.

While I was in bankruptcy, GMAC sought relief from the automatic stay to foreclose on me but were denied because the Judge found fraud and/or robosigning. These details are in my proof of claim which also contains well documented evidence of on going fraud including a March 25, 2013 recorded transfer of my deed of trust by GMAC to US Bank.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309]

(the "Bar Date Order"). The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

On June 4th, 2012 my claim # 61 was timely filed and detailed, undisputed and uncontested proof of claim was subsequently submitted.

On July 13th, the Court ruled that title dispute litigation could continue and an action for quiet title was subsequently filed and remains pending in California.

On December 17th, 2013 the plan was confirmed and became effective.

In the week following the plans confirmation a press release (Exhibit 1) was issued by the Rescap liquidating Trust stating the first payments would be sent out on Dec 27th, 2013.

Despite numerous phone and email inquiries to KCC, I could not get a straight answer as

to when my claim would be paid but was told and did believe the claims were being processed in batches, KCC knew that I was under the impression that the claim would be paid as soon as practicable after the effective date but never informed me of a 270 day deadline to object that they must have known was being applied to my claim.

After getting nowhere with phone and email requests, I visited KCC in El Segundo, CA on Jan 27th but was referred to the Trustee, Mr. Peter Kravitz. My son Marcus Silver handles all my email correspondence and he emailed Mr. Kravitz asking when the funds were to be disbursed but was emailed back that the claim still needed to be reviewed and liquidated (Exhibit 2). No time frame was given but Mr. Kravitz avoided any mention of the Trust's intention to apply a 270 day objection deadline despite knowing I was under the impression the claim would be paid as soon as practicable after the effective date and no later than 90 days. Mr. Kravitz did ask for supporting documentation which was subsequently provided in a return email on January 28th (Exhibit 3).

On Feb 12th Mr. Kravitz was again contacted and responded that my position asserting the claim was allowed and had to be paid was incorrect (Exhibit 4). Instead it still had to be reviewed. Again there was no mention of the 270 day objection deadline.

On Feb 13, 2014 a demand for payment was sent to The Debtors Counsel and the Trustee. (Exhibit 5) Marcus received an email response from Norman Rosenbaum of Debtors Counsel and agreed to talk on the 14th but when they spoke, could not agree

4

regarding what an allowed claim was, the time frame for payments or validity of the objection deadline. Mr. Rosenbaum was of the opinion that a 270 day deadline to object to claims began on the effective date and applied to all claims including mine. This was the first time it was acknowledged that the 270 day deadline to object was being applied.

On Feb 16th I emailed Mr. Kravitz (Exhibit 6) asking for the language in the plan supporting his conclusion that I was incorrect but received no response. Also on Feb 16th I again emailed Mr. Kravitz and Mr. Rosenbaum (Exhibit 7) with language supporting my position and attempted to resolve our differences outside of the Court but received no response prior to filing this motion.

**ARGUMENT**

At issue is whether my claim is an Allowed Claim and if so whether the 270 day deadline to object applies. The plan clearly defines an allowed claim as follows:

*11. "Allowed" means, with respect to a Claim against any Debtor, except as otherwise provided herein, (a) a Claim that is (i) listed in the Schedules as of the Effective Date as neither disputed, contingent nor unliquidated, and for which no Proof of Claim has been timely filed, or (ii) evidenced by a valid Proof of Claim or request for payment of Administrative Claim, as applicable, Filed by the applicable Bar Date, and as to which the Debtors or other parties-in-interest have not Filed an objection to the allowance thereof by the Claims Objection Deadline, or (b) a Claim that is Allowed under the Plan or any*

5

*stipulation or settlement approved by, or Final Order of, the Bankruptcy Court; provided, however, that any Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court will not be considered "Allowed Claims" under the Plan, provided further, however, any Claims expunged or disallowed under the Plan or otherwise shall not be Allowed Claims. If a Claim is Allowed only in part references to Allowed Claims include and are limited to the Allowed portion of such Claim. Notwithstanding anything to the contrary herein, no Claim that is disallowed in accordance with Bankruptcy Rule 3003 or section 502(d) of the Bankruptcy Code is Allowed and each such Claim shall be expunged without further action by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court.*

In reference to the above, section (b). My claim was not solely for the purpose of voting nor was it expunged or disallowed for any reason including under Bankruptcy Rule 3003 or section 502(d) of the bankruptcy code. Therefore my claim clearly meets the requirements under section (b) of a claim that is "allowed". Moreover, the claim has also never been contested in any way and contains very well documented evidence in support. Also, under 11 U.S.C. § 502(a) ("*A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.*") There were no objections by the effective date. There is no supporting language for further approval or review by the Trustee in order for the claim to be considered allowed. To the contrary the plan states in ARTICLE VIII. PROCEDURES FOR RESOLVING DISPUTED CLAIMS. 2. Allowance of Claims "*On or after the Effective Date, the Liquidating Trust*

*shall have and shall retain any and all rights and defenses that the Debtors had with respect to any Claim,* **except with respect to any Claim (i) deemed Allowed as of the Effective Date** *or (ii) waived, relinquished, exculpated, released, compromised,* **settled, or Allowed in the Plan** *or in a Final Order. Except as otherwise provided in the Plan or in any order entered in the Chapter 11 Cases prior to the Effective Date, including* **the Confirmation Order***, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed (a)* **under the Plan** *or the Bankruptcy Code or (b) by Final Order of the Bankruptcy Court, including* **the Confirmation Order***.*

ARTICLE VIII governs in the event of a dispute and states, "**The provisions of this Article VIII shall govern the resolution of Disputed Claims to the extent not otherwise provided for in this Plan or in any other trust agreement.**" Article VIII takes precedence and makes it very clear that the 270 day deadline for objections applies only to claims that prior to the effective date were disputed or for some reason not allowed. Also note that in the plan section 6. Deadline to File Claims Objections it states *"Any objections to Claims shall be filed by no later than the* **applicable** *Claims Objection Deadline."* This language confirms that more than one deadline existed and was applicable. For allowed claims, so as not to violate Article VIII, the deadline was the effective date. The 270 Day objection deadline can only apply to disputed claims or claims that were not allowed.

The logic of Debtor's argument regarding the objection deadline is also flawed because if it were so, there could have never been any allowed claims on the effective date as all the

7

claims would be subject to objection and in an undefined, nebulous class not provided for in the plan – There is no class for not allowed but not disputed. Furthermore, the holder of a disputed claim that then becomes allowed must be paid as soon as practicable and no later than 90 days after their claim becomes allowed. For example, if the holder of a claim that is currently disputed succeeds in having the claim allowed in March, the claim will have to be paid within 90 days which would be sometime in June, while holders of allowed claims might have to wait until September or perhaps even longer. This is clearly not the intention of the settlement agreement for if it were, it would throw the calculated reserves set up for allowed and disputed claims out of kilter and create many more problems.

Pursuant to the Plan as discussed, the Trust is not empowered to object to borrower Claims that were allowed on the effective date. Rather than allowing the Debtor's 270 days as a grace period to renege on allowed claims, to the contrary the plan calls for payment to be made to holders of allowed claims "*On or as soon as practicable after the Effective Date*". See Exhibit 4 Borrower Claims Trust Agreement Pg 20 of 73 4.2 Borrower Claims Payments. "(a) *As soon as practicable following the Effective Date, the Borrower Claims Trust shall make a Borrower Claims Payment to each holder of a Borrower Claim that is Allowed as of the Effective Date.*" (b) Each holder of a Borrower Claim that was not Allowed as of the Effective Date and that is subsequently Allowed, in whole or in part, shall receive from the Disputed Claims Reserve a Borrower Claims Payment in respect of such Claim following the date such Claim becomes Allowed. Such Borrower Claims Payments shall be made at such time and from time to time as

8

*determined by the Trust Committee, provided that a Borrower Claims <u>Payment shall be made no later than ninety (90) days following date on which the respective Borrower Claim becomes Allowed.</u>"*

The Borrower Claims Trust Agreement on Pg 14 of 73 states "(d) *On or prior to the Effective Date, the Debtors shall deliver, or cause to be delivered, to the Borrower Claims Trust a complete list of all Allowed Borrower Claims, including Allowed ETS Borrower Claims, Allowed Borrower Convenience Claims, if any, and Disputed Borrower Claims, reflected on the claims registry (the " Borrower Claims Register") as of the Effective Date. The list shall include the names and addresses of the holders of such Claims and, in the case of Allowed Borrower Claims, Allowed ETS Borrower Claims and Allowed Borrower Convenience Claims, the amounts thereof, and in the case of Disputed Borrower Claims, the amounts thereof as filed and the Estimated Amounts (if any) thereof. The list of Disputed Borrower Claims shall include the details of all objections, including filed objections and identified potential objections (if any)*

My claim was listed as allowed on the effective date and must be treated as such. Also see Bankruptcy Rule 3021 ("*after a plan is confirmed, distribution shall be made to creditors whose claims have been <u>allowed</u>, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed.*").

Even if the 270 day deadline were to apply to allowed claims which quite clearly it does not, the plan still calls for allowed claims to be paid as soon as practicable and making

9

payment would not effect or eliminate any potential deadline to object if in fact such right even existed. The plan makes it very clear what an allowed claim is and that it should be paid as soon as practicable following the effective date – Not delayed for as long as possible. The 270 day objection deadline trying to be applied by the Debtors is not meant to be a grace period to renege on allowed claims, it is a deadline for the Debtors and claimants to wrap up objections on timely disputed claims.

The claim should also be paid because The ResCap Liquidating Trust was established under the Second Amended Joint Chapter 11 Plan of Residential Capital, LLC et al. for the purpose of liquidating and distributing the assets of the debtors in the ResCap bankruptcy case. There was justifiable reliance in their press release that initial payments were being disbursed on Dec 27th and further reliance on KCC's representation that the claims were being processed and released in batches while in fact my claim was really being held up in bad faith and despite the fact that the trust has been funded and has a responsibility to settle as called for in the plan. I had every right to expect and did in fact rely upon my claim being processed and not held up by an objection dead line being incorrectly and sneakily applied to my claim.  Setting aside my other arguments, solely under the doctrine of promissory estoppel, my claim must be paid due to my justifiable reliance on the information, misinformation and omissions I received from KCC, the Rescap Liquidating Trust and the Trustee. Had I known my claim was on hold due to an incorrectly applied objections deadline, I would have filed this motion much earlier.

The plan has now been confirmed and gone effective and very clearly describes what an allowed claim is and when the deadlines to object existed for allowed claims. The plan does not call for an additional determination or acknowledgement by the Court or the Trust regarding the allowed claims that were listed as allowed on the effective date. It is too late to renege on the allowed claims, the Trust has been funded based on the amount of allowed claims and payment should have already been made as called for in the plan.

The Plan is very clear in it's language and in a conflict it is the language of the plan that prevails. The Debtor's have no right to attach additional conditions. (Appendix 1 Pg 73 of 265) "*1. Borrower Claims Trust Agreement. On or before the Effective Date, the Borrower Claims Trust Agreement, in a form reasonably acceptable to the Plan Proponents, Ally and the Kessler Class Claimants, shall be executed, and all other necessary steps shall be taken to establish the Borrower Claims Trust and the interests therein, which shall be for the benefit of the holders of Allowed Borrower Claims. <u>In the event of any conflict between the terms of the Plan with respect to the Borrower Claims Trust and the terms of the Borrower Claims Trust Agreement, the Borrower Claims Trust Agreement shall govern.</u> The Borrower Claims Trust Agreement includes: (i) participation and qualification criteria for holders of Borrower Claims to receive a distribution from the Borrower Claims Trust Assets, (ii) procedures for the prosecution and settlement of objections to Borrower Claims, including those previously filed by the Debtors or any other party, (iii) the establishment of reserves for Disputed Borrower Claims; and (iv) the establishment of procedures to resolve Disputed Borrower Claims, inclusive of any counterclaims or offsets in favor of the Debtors.*

11

*2. Purpose of the Borrower Claims Trust. The Borrower Claims Trust shall be established to, among other things, (i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in <u>satisfying Allowed Borrower Claims</u>."*

The Debtors should be aware of and act in accordance with what they agreed to in the plan as it was negotiated in good faith, voted on and confirmed making it too late to renege. See Implementation of the Plan section Z. page 18 of the order confirming the second amended joint chapter 11 plan: "*All documents and agreements necessary to implement the Plan, including, but not limited to, the Plan Documents, are essential elements of the Plan and consummation of each agreement is in the best interests of the Debtors, the Estates and holders of Claims. <u>The Debtors have exercised reasonable business judgment in determining to enter into the Plan Documents, and each of the Plan Documents have been negotiated in good faith, at arm's length, are fair and reasonable, and shall, upon execution and upon the occurrence of the Effective Date, constitute legal, valid, binding, enforceable, and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms</u>*

Also, in section YY. **Objections.** *All parties have had a full and fair opportunity to litigate all issues raised in the objections (excluding any <u>timely filed</u> objections that relate solely to the assumption of any executory contract), or which might have been*

*raised, and the objections (excluding any <u>timely filed objections</u> that relate solely to the assumption of any executory contract) have been fully and fairly litigated.*

### **CONCLUSSION**

The language of the plan is very clear. There should be no confusion about what an allowed claim is, what a disputed claim is and when the respective deadlines to object occurred or will occur. The Settlement Agreement was negotiated on in good faith with plenty of time for objections to be raised before it was voted on and confirmed. Now that it has been confirmed it is too late for the Debtor's to renege or attach additional conditions. They have a responsibility under the agreement to pay my allowed claim as soon as practicable following the effective date, not to delay for as long as possible. My damages are on going while the claim is held up in violation of the confirmed agreement. I am under physical, emotional and financial stress, I am elderly, my livelihood and credit were destroyed by GMAC's fraud and I ask only that my allowed claim is settled as called for in the plan and as I was led to believe it would be.
THE MOTION SHOILD BE GRANTED.

Respectfully,

*Francine Silver*   3/3/2014

Francine Silver                                   Date

13