MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts

*Counsel to The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                              Debtors.              )    Jointly Administered
                                                    )
---------------------------------------------------------------

**OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO MARY LYNN
WEBER'S MOTION TO RECONSIDER THE ORDER GRANTING DEBTORS'
TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    The ResCap Borrower Claims Trust (the "Trust"), as successor-in-interest to the debtors

(the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") with respect to

Borrower Claims (as defined below), hereby files this objection (the "Objection") to the *Motion*

*to Reconsider Order Granting Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower*

*Claims with Insufficient Documentation) with Respect to Claim No. 3474 of Mary Lynn Weber*

[Docket No. 6464] (the "Reconsideration Motion") filed by Mary Lynn Weber (the "Claimant").

In support of the Objection, the Trust, by and through its undersigned counsel, respectfully

represents as follows:

## BACKGROUND

**A.    General Background**

1.    On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the

"<u>Bankruptcy Code</u>").

2.    On December 11, 2013, the Bankruptcy Court entered an *Order Confirming*

*Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the*

*Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as

amended (the "<u>Plan</u>"), filed in the Chapter 11 Cases [Docket No. 6065].

3.    On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan

occurred [Docket No. 6137], and the Plan was substantially consummated.  The Plan, among

other things, provides for the establishment of the Trust to administer and reconcile Borrower

Claims and provide distributions to holders of Allowed Borrower Claims (as such terms are

defined in the Plan).  *See* Plan, Art. IV.F.

**B.    The Debtors' Objection to the Proof of Claim**

4.    On November 7, 2012, the Claimant filed proof of claim no. 3474 against Debtor

GMAC Mortgage, LLC ("<u>GMACM</u>") as a general unsecured claim in the amount of $99,619.60

(the "<u>Proof of Claim</u>").  The stated basis of the Proof of Claim is "Mortgage Note – Debtor

improperly applied payments."  The proof of claim attaches a copy of a Homecomings Financial,

LLC account statement dated January 1, 2008, twelve (12) Washington Mutual checking

statements from December 8, 2007 through December 5, 2008, a GMACM mortgage interest

statement apparently related to payments and real estate taxes paid in 2009, and a GMACM

account statement dated January 18, 2011.

2

5.      During the claims reconciliation process, the Debtors identified the Proof of

Claim as a claim that lacked adequate supporting documentation to demonstrate its validity.  *See*

Declaration of Deanna Horst (the "Horst Declaration") at ¶ 4, annexed as Exhibit 1 to the Claims

Objection (as defined below).  Accordingly, the Debtors subsequently sent a letter to the

Claimant requesting additional documentation in support of the Proof of Claim.  *See* Horst

Declaration at ¶ 4.

6.      The Debtors did not receive any response to the request letter.  *See id.*  Thus, on

August 16, 2013, the Debtors filed the *Debtors' Twenty-Sixth Omnibus Objection to Claims*

*(Borrower Claims with Insufficient Documentation)* [Docket No. 4734] (the "Claims

Objection"), asserting, among other things, that the Proof of Claim should be disallowed and

expunged on insufficient documentation grounds.  The Claims Objection is supported by the

Declarations of Deanna Horst, Norman S. Rosenbaum, and Robert D. Nosek (attached to the

Claims Objection as Exhibits 1-3, respectively).

**C.      The Claimant's Response to the Claims Objection**

7.      On September 12, 2013, the Claimant filed a response to the Claims Objection

[Docket No. 5044] (the "Response").  In the Response, the Claimant alleges that: (1) GMACM

and Residential Funding Company, LLC ("RFC") unlawfully accepted loan payments from her

that should have gone to the loan's true owner, RFM SI Series 2007-SA2 Trust; and (2) the

Claimant should be reimbursed for all of the payments she made under the loan because they

went to the wrong entity.  The Response also makes numerous allegations not found in the Proof

of Claim as to how GMACM wrongfully foreclosed on the Claimant's residence through the use

of fabricated documents and in violation of Nevada foreclosure mediation program rules.

8.      Attached to the Response was the following documentation: (1) a copy of the

Claimant's mortgage note with a statement and certification under oath by Laurel I. Handley,

3

Esq. [Docket No. 5044-1]; (2) a copy of the Claimant's deed of trust, also with a statement and

certification under oath by Laurel I. Handley, Esq. [Docket No. 5044-2]; (3) the affidavit of

William McCaffrey (the "McCaffrey Affidavit") [Docket No. 5044-3], which states that the

Claimant's loan was securitized and placed into the RFM SI Series 2007-SA2 Trust (*id.* at ¶¶ 6,

14); (4) a Substitution of Trustee substituting Executive Trustee Services, LLC, as trustee issued

by MERS [Docket No 5044-4]; (5) an Assignment of the Deed of Trust to GMACM issued by

MERS [Docket No. 5044-5]; (6) a Substitution of Trustee substituting Executive Trustee

Services, LLC, as trustee issued by GMACM [Docket No. 5044-6]; (7) a Notice of Breach and

Default and of Election to Cause Sell [sic] of Real Property Under Deed of Trust signed by the

authorized officer of Executive Trustee Services, LLC as agent for the beneficiary [Docket No.

5044-7]; and (8) the documents attached to the Proof of Claim [Docket No. 5044-8].

9.      On November 13, 2013, the Debtors filed an omnibus reply addressing the

arguments made in the Response [Docket No. 5731] (the "Reply").  The Reply, which is

supported by the Supplemental Declaration of Deanna Horst (the "Supplemental Declaration,"

annexed to the Reply as Exhibit 3), noted that GMACM had the right to collect the Claimant's

mortgage payments as the servicer of the Claimant's loan[1] and that "[t]he Claimant's assertion

that a trust is the true owner of the loan and the only one entitled to collect payments is

mistaken."  Supplemental Declaration at ¶ 5.

**D.      The Order**

10.      On November 15, 2013, the Court held a hearing and the Claimant appeared

telephonically.  The Court reserved decision on the Objection.  On January 27, 2014, the Court

issued the *Supplemental Order Granting the Debtors' Twenty-Sixth Omnibus Objection to*

---

[1] GMACM serviced the Claimant's loan on behalf of both GMAC Bank and RFC under separate servicing
agreements until the servicing of the loan was transferred to GreenTree on February 1, 2013.  Supplemental
Declaration at ¶ 5.

ny-1133683

*Claims (Borrower Claims With Insufficient Documentation) With Respect to Claim No. 3474 of*

*Mary Lynn Weber* [Docket No. 6356] (the "<u>Order</u>"), which disallows and expunges the Proof of

Claim.  The Order states that:

> [the Claimant's] proof of claim does not establish that the Debtors improperly applied her
> payments. The Debtors' objection to Ms. Weber's claim based on insufficient
> documentation, supported by the Declarations of Deanna Horst, Norman S. Rosenbaum,
> and Robert D. Nosek, shifted the burden back to Ms. Weber to provide additional
> evidence to prove the validity of her claim by a preponderance of the evidence. Ms.
> Weber has failed to do so . . .  The McCaffrey Affidavit, which Ms. Weber argues calls
> into question the ownership of her note, does not establish that GMACM as servicer of
> her loan was not entitled to collect payments or that the payments were misapplied.

Order at 6-8 (citations omitted).

11.    The Order further states that the Claimant's wrongful foreclosure arguments

represent an impermissible amendment to the Proof of Claim and must be disregarded.  Order at

8.

12.    The Order was served on the Claimant by both First Class Mail and email on

January 27, 2014 [*see* Docket No. 6405, at Exhibits B and D].

**E.    The Reconsideration Motion**

13.    On February 27, 2014, thirty-one (31) days after the Court entered the Order, the

Claimant filed the Reconsideration Motion.  In substance, the Reconsideration Motion rehashes

the argument in the Response that GMACM and RFC unlawfully accepted the Claimant's

mortgage payments, which should have gone to the loan's "true owner," RFM SI Series 2007-

SA2 Trust.  *See* Reconsideration Motion at 3, 8, and 9 ("The bottom line is this: my claim is for

the return of my payments, which, until proven otherwise, have not been applied as was

promised in my loan documents.").  In the Reconsideration Motion, the Claimant also argues that

the Debtors' supporting declarations were insufficient to shift the burden of proof back to the

Claimant because the declarations consist of "self-serving statements" concerning the Debtors'

ny-1133683

customary business practices.  *See* Reconsideration Motion at 9.  The Claimant asserts that she is

unable to provide additional evidence in support of the Proof of Claim because all such evidence

is in GMACM's custody or control.  *See* Reconsideration Motion at 1, 7.

## ARGUMENT

14.    *Pro se* papers are to be held "to less stringent standards than formal pleadings

drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Satchell v. Dilworth,*

745 F.2d 781, 785 (2d Cir. 1984).  However, even under this flexible standard, the

Reconsideration Motion fails to satisfy any applicable standard for reconsideration of the Order.

Accordingly, the Reconsideration Motion should be denied.

## A.    Standard of Review

15.    Although the Claimant fails to specify any legal predicate for the Reconsideration

Motion, three possible avenues for reconsideration are available.  *First*, under Rule 3008 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a claimant may move for

"reconsideration of an order allowing or disallowing a claim against the estate."  Similarly, under

Bankruptcy Code section 502(j), "[a] claim that has been allowed or disallowed may be

reconsidered for cause."  11 U.S.C. § 502(j).  Reconsideration of a claim is within the discretion

of the Court.  *See In re Best Payphones, Inc.*, 2008 Bankr. LEXIS 2555, at *5 (Bankr. S.D.N.Y.

July 3, 2008); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).  *Second*, under Bankruptcy

Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"), a

party may move for amendment of a judgment.  *Lastly*, under Bankruptcy Rule 9024, which

incorporates Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), a party may move for

relief from a judgment or order on various equitable grounds.

16.    Courts in this district hold that if a motion to reconsider an order disallowing a

claim is filed within fourteen days after entry of the order, it is analogous to a motion under

ny-1133683

Bankruptcy Rule 9023 and should be governed by the same principles as a motion under Rule 59; however, if the motion to reconsider is filed any later, it should be considered as if it were filed pursuant to Rule 60. *See In re Terrestar Networks, Inc.*, No. 10-15446 (SHL), 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (applying a Rule 60 standard of review to a motion for reconsideration because the claimant filed his motion six months after the court entered the order expunging the claims and noting that the six-month time period precluded application of a Rule 59 standard); *see also In re Enron Corp.*, 352 B.R. 363 (Bankr. S.D.N.Y. 2006) (treating a motion for reconsideration, filed outside the Rule 59 statutory period, as a motion for relief from judgment under Rule 9024).

17.    The Claimant filed the Reconsideration Motion thirty-one days after the Court issued the Order.  Therefore, the Court should apply a Rule 60 standard when evaluating the Reconsideration Motion.

**B.    The Reconsideration Motion Fails to Satisfy Rule 60's Requirements**

18.    Bankruptcy Rule 9024 incorporates Rule 60, which sets forth the grounds for relief from a final judgment, order, or proceeding.  Rule 60(b) provides that the Court may relieve a party from a final judgment, order, or proceeding due to:

1)  mistake, inadvertence, surprise, or excusable neglect;

2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4)  the judgment is void;

5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6)  any other reason that justifies relief.

7

Fed. R. Civ. P. 60(b).

19.     "A motion for relief from judgment is generally not favored and is properly

granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of*

*Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  It is within the discretion of the Court to grant or

deny a motion for relief under Rule 60.  *Terrestar Networks*, 2013 WL 781613, at *3.  Rule 60

may not be used to re-litigate matters settled by a court's decision.  *See id.* (citation omitted).

20.     The Reconsideration Motion does not argue that the Court should reconsider the

Order because of mistake, inadvertence, surprise, excusable neglect, or newly discovered

evidence.  Instead, the Reconsideration Motion repeats the arguments proferred in the Response

and argues that the Debtors did not have the right to accept her mortgage payments because the

RFM SI Series 2007-SA2 Trust is the true owner of the loan, not the Debtors.  *See*

Reconsideration Motion at 3, 8, 9.  This argument, and the evidence supporting it, was rejected

by this Court in the Order.  *See* Order at 8 ("The McCaffrey Affidavit . . . does not establish that

GMACM as servicer of her loan was not entitled to collect payments or that the payments were

misapplied.").

21.     The Claimant also asserts that the Debtors' supporting declarations were

insufficient to shift the burden of proof back to the Claimant because the declarations consist of

"self-serving statements" concerning the Debtors' customary business practices.

Reconsideration Motion at 9.  However, the Court found these declarations to be credible

evidence, *see* Order at 6, and the Claimant has not provided any new evidence to the contrary.

The Claimant simply argues that she is unable to provide additional evidence because all such

evidence is in GMACM's custody or control.  Reconsideration Motion at 1, 7.  But the Court has

already considered the evidence proferred by the Claimant and ruled that she has failed to meet

ny-1133683

her evidentiary burden. *See* Order at 8 ("[The Claimant] fails to establish that payments were misapplied by a preponderance of the evidence."). Thus, the Claimant merely seeks a "do-over" without even attempting to satisfy Rule 60's requirements.

22.     In sum, nothing in the Reconsideration Motion justifies reconsideration of the Order under the standard set forth in Rule 60.

## C.     The Reconsideration Motion Fails to Satisfy Rule 59's Requirements

23.     Even if the Court were to apply a Rule 59 standard, pursuant to Bankruptcy Rule 9023, the Reconsideration Motion would still fail on the merits. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, No. 07-13481 (MG), 2008 WL 110907, at *4 (Bankr. S.D.N.Y. Jan. 4, 2008), quoting *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations omitted).

24.     The Claimant does not identify any "intervening change of controlling law" that merits the Court's reconsideration of the Order. Rather than identifying any new law in her favor, the Claimant, as noted above, simply restates the same argument rejected by the Court in the Order: namely, that the Debtors did not have authority to accept her loan payments. Moreover, the Claimant has not provided any newly discovered evidence or identified any "clear error" by the Court that warrants reconsideration under Rule 59. Accordingly, because the Reconsideration Motion fails to identify any change in the law in the Claimant's favor, to adduce any new evidence in the Claimant's favor, or to point to any clear error by this Court that would

9

require this Court to change its previous ruling, the Reconsideration Motion should be denied

under Rule 59.

## **CONCLUSION**

For the reasons set forth above, the Trust respectfully submits that the Reconsideration

Motion should be denied.

Dated: March 12, 2014
     New York, New York

/s/  Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Borrower Claims Trust*

ny-1133683