**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**         **NOT FOR PUBLICATION**

In re:

    RESIDENTIAL CAPITAL, LLC, *et al.*,

                                      Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## ORDER REGARDING JULIO PICHARDO'S FURTHER REQUESTS FOR RELIEF

      Pending before the Court are three filings by Julio Pichardo: (1) a request for verification that ResCap "has emerged from bankruptcy" (ECF Doc. # 6633); (2) an *Action Filed against Ocwen Loan Servicing for Breaches & Violations* (the "Ocwen Filing," ECF Doc. # 6627); and (3) a *Motion for Payment of Claim Number: 452* (the "Claim Payment Motion," ECF Doc. # 6626). The Court previously issued an *Order Denying Julio Pichardo's Requests for Relief* (ECF Doc. # 3521), but Mr. Pichardo's pending requests appear to seek different relief from his earlier filings. The Court addresses each pending request in turn.

      *First*, the Court **DENIES** Mr. Pichardo's request for verification that ResCap "has emerged from bankruptcy." The Court is unsure what this phrase means in the context of Mr. Pichardo's request, so it declines to verify ResCap's "emergence from bankruptcy." To the extent Mr. Pichardo seeks verification about the automatic stay imposed by Bankruptcy Code section 362, while ResCap's plan of liquidation was confirmed on December 11, 2013 (*see* ECF Doc. # 6065), and became effective on December 17, 2013 (*see* ECF Doc. # 6137), Bankruptcy Code section 362(a)(2)(A) provides that the stay continues until the case is closed; the case has not been closed. Therefore, Mr. Pichardo may not proceed with any legal action against any Debtor entity unless and until he obtains relief from the automatic stay (which the Court has

previously denied, *see* ECF Doc. # 1307), or until the automatic stay terminates pursuant to the Bankruptcy Code.

*Second*, the Court is unclear what relief Mr. Pichardo requests in the Ocwen Filing. To the extent Mr. Pichardo requests verification that the automatic stay does not apply to Ocwen, absent further order of the Court, the automatic stay applies to the Debtors in these chapter 11 cases; it does not apply to Ocwen.

*Third,* Mr. Pichardo's Claim Payment Motion is **DENIED**. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order," ECF Doc. # 6065). Although the Debtors did not object to Mr. Pichardo's claim before the Court issued the Confirmation Order, the objection deadline has not passed. The Confirmation Order provides that the ResCap Liquidation Trust, which is the Debtors' successor in interest, has until September 15, 2014, to object to proofs of claim. Mr. Pichardo's claim has not been deemed allowed, and the Liquidation Trust may still object to his claim. Therefore, Mr. Pichardo is not presently entitled to any distribution. *See* FED. R. BANKR. P. 3021.

**IT IS SO ORDERED.**

Dated: March 13, 2014
         New York, New York

                                          **/s/Martin Glenn**
                                         MARTIN GLENN
                                  United States Bankruptcy Judge