MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts

*Counsel to The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
                                                                )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                        )    Chapter 11
                                                                )
                                    Debtors.                    )    Jointly Administered
                                                                )
--------------------------------------------------------------- )

**SUPPLEMENTAL BRIEF OF THE RESCAP BORROWER CLAIMS TRUST**
**WITH RESPECT TO CLAIM NO. 3502 OF JACQUELINE WARNER**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust"), as successor-in-interest to the debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") with respect to borrower claims, hereby files this supplemental response (the "Response") to this Court's *Order Requiring Parties to Submit Supplemental Briefing* [Docket No. 6592] (the "Order") with respect to Claim No. 3502 filed by Jacqueline Warner ("Warner").[1]

The Order poses two questions for supplemental briefing: (1) did Warner use the mortgage loan that the Debtors serviced to acquire her primary residence (*i.e.*, was it a "purchase money mortgage" for the claimant's primary dwelling), and (2) does 15 U.S.C. § 1635(e) and its

---

[1] The Response supplements the Debtors' objection to Claim No. 3502 in the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records)* [Docket No. 5162] (the "Objection") and the Debtors' omnibus reply in support of the Objection [Docket No. 5736].

1
ny-1133982

implementing regulations (12 C.F.R. §§ 226.15(f) and 226.23(f)) preclude Warner from rescinding her mortgage loan?  As addressed herein, (i) Warner's loan was not a purchase money mortgage for her primary dwelling because she resided in the property before obtaining the Loan (as defined herein), and (ii) on their face, the cited statutory and regulatory provisions do not preclude her from seeking to rescind the Loan because the Loan was not a residential mortgage transaction (as such term is used in 15 U.S.C. § 1635(e)).

In support of the Response, the Trust submits the Supplemental Declaration of Deanna Horst (the "Supplemental Declaration"), annexed hereto as Exhibit A.  In further support of the Response, the Trust, by and through its undersigned counsel, respectfully represents as follows:

## FACTUAL BACKGROUND

1.  On November 9, 2007, Warner executed a home equity line of credit (the "Loan") with CMG Mortgage, Inc.,[2] which was secured by her primary residence located at 10 Emerald Lake Place, Redwood City, California 94062.  Supp. Decl. at ¶ 4.  Ms. Warner resided in the Redwood City property before she obtained the Loan.  *Id*.  The Loan was an open-ended transaction, which provided for an initial advance of $100,000 and a total credit limit of up to $1,000,000 over the Loan's 30-year term, as well as providing for certain finance charges.  *Id.* The Debtors did not originate the Loan or ever maintain an ownership interest in the Loan.  *See* Declaration of Deanna Horst at 4, annexed to the Objection [Docket No. 5162] as Exhibit 1. GMACM only serviced the Loan from November 9, 2007 until the servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  Supp. Decl. at ¶ 4.

---

[2] As set forth in the Loan, CMG Mortgage, Inc. contemplated transferring its rights and delegating its duties as Lender to GMAC Bank (n/k/a Ally Bank), a non-debtor entity. *See* Loan at 2.

## ANALYSIS

2.15 U.S.C. § 1635(a) creates a right of rescission for homeowners in connection with "any consumer credit transaction[3] . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended . . . ." 15 U.S.C. § 1635(a).

3.However, 15 U.S.C. § 1635(e) limits this right of rescission. More specifically, it provides that the right of rescission does not apply to:

> (1) a residential mortgage transaction as defined in section 1602 of this title;
>
> (2) a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property;
>
> (3) a transaction in which an agency of a State is the creditor; or
>
> (4) advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such advances are in accordance with a previously established credit limit for such plan.

See 15 U.S.C. § 1635(e).

4.The regulations implementing 15 U.S.C. § 1635(e), 12 C.F.R. §§ 226.15(f) and 226.23(f), govern the application of the four stated exceptions to the right of rescission listed above. Certain of these exceptions are applicable if a credit transaction is open-ended, while others are applicable if a credit transaction is close-ended. Section 226.15(f) governs "open-end credit,"[4] and section 226.23(f) governs "close-end credit."[5]

---

[3] A consumer credit transaction is a transaction "in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." See 15 U.S.C. § 1602(i).

[4] Open-end credit is defined as consumer credit extended by a creditor under a plan in which:
(i) The creditor reasonably contemplates repeated transactions;
(ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and
(iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.
See 12 C.F.R. § 226.2(a)(20).

[5] Close-end credit is defined as "consumer credit other than 'open-end credit.'" See 12 C.F.R. § 226.2(a)(10).

3
ny-1133982

5. The Loan is an "open-end credit" subject to 12 C.F.R. § 226.15(f) because the Loan contemplates the possibility of repeated transactions with finance charges and allowed Warner to borrow up to $1,000,000 during the Loan's term. Accordingly, 12 C.F.R. §226.23(f) is not relevant to the issues posed by the Order.

6. Section 226.15(f) provides that "[t]he right to rescind does not apply to . . . (1) [a] residential mortgage transaction," and "(2) [a] credit plan in which a state agency is a creditor." *See* 12 C.F.R. § 226.15(f). The term 'residential mortgage transaction' is defined as "a transaction in which a mortgage . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling," 15 U.S.C. § 1602(x), *i.e.*, a purchase money mortgage. Thus, 12 C.F.R. § 226.15(f) does not permit homeowners to rescind either purchase money mortgages or mortgage loans in which a state agency is a creditor.

7. In the matter before the Court, the 'residential mortgage transaction' exclusion to the right of rescission does not apply because the Loan was not a purchase money mortgage, but rather, a home equity line of credit that Ms. Warner obtained subsequent to obtaining ownership of the real property. *See* Supp. Decl. at ¶ 4. In addition, no state agency is a creditor in connection with the Loan.

## CONCLUSIONS

8. Accordingly, because the Loan was not used to finance Ms. Warner's acquisition of her dwelling, it is not a purchase money mortgage.

9. For the reasons discussed above and subject to compliance with the terms of the statute and applicable regulations (including any applicable statute of limitations), 15 U.S.C. § 1635(e) and its applicable implementing regulation, 12 C.F.R. § 226.15(f), on their face, do not specifically preclude Warner from exercising the right to rescind the Loan.

ny-1133982

| | |
|---|---|
| Dated: March 14, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jonathan M. Petts<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, NY  10104-0050<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel to The ResCap Borrower Claims Trust* |