UNITED STATES BANJRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No.   12-12020  (MG) |
| | ) | |
| RESIDENTAL CAPITAL LLC et al | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### MOTION TO REINSTATE THE CLAIM FILED BY WILLIAM J FUTRELL (CLAIM NO. 725)

**COMES NOW** the claimant, William J Futrell, by counsel, and requests that their claim,

**Number 725, and says as follows:**

1.   The claimant received the NOTICE OF ADJOURNMENT OF MATTERS SCHEDULED FOR MARCH 11, 2014 OMNIBUS HEARING TO MARCH 26, 2014 AT 10 AM.

2.   This was designated as Doc 6622, Filed 3/6/14, and Entered 3/6/14 17:28:54. (exhibit 1)

3.   The portion of that document that directly related to William J Futrell was on page 2: **PLEASE TAKE FURTHER NOTICE** that Debtor's Forty Ninth Omnibus Objection to Claims (No liability Borrower Claims – Books and Records) [Docket No. 5161], *solely as it relates to the claims filed by James and Ann Ladd (Claim no. 4722) and William J Futrell (Claim no. 725)* **(emphasis added)**, previously scheduled to be heard at the March 11, 2014 Hearing, **has been resolved (emphasis added)** and therefore no hearing is required.

4.   The claimant has had a discussion regarding the matter, notably with regard to a stipulation out forth by the Debtor's counsel with regard to the claim of William J Futrell (Claim no. 725).

5.   The stated reason was stated by the Debtor's in the document they prepared titled **STIPULATION OF WITHDRAWAL OF DEBTOR'S FORTY NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS) SOLELY AS IT RELATES TO THE CLAIM FILED BY WILLIAM J FUTRELL (CLAIM NO. 725)** (exhibit 2)

6.   The Debtor's stated on page 3, paragraph 3, in the following words from the Debtor:

3.   The withdrawal of the Forty Ninth Omnibus Claims Objection as to Mr Futrell does not constituteany admission or findings with respect to the allowance of claim number 725 filed by Mr Futrell, and the borrower Trust reserves all rights to object to all claims filed by Mr Futrell on any basis at a future point in time.

7.   The Debtor's counsel submitted a four (4) page document, with paragraphs 10

RECEIVED
MAR 1 4 2014
U.S. BANKRUPTCY COURT, SDNY

8.     The Debtor's counsel submitted *no* signature page to be signed and executed by the counsel for the Debtor, Residential Capital LLC, and the counsel for William J Futrell.

9.     The document was signed by Claimant's counsel on page four (4) and returned to the Debtor's counsel, by fax.

10.     The Debtor's counsel sent a letter dated February 28, 2014, making reference to the proffered stipulation and a deadline to submit the signed stipulation.  (exhibit 3)

11.     Whatever discussions of settlement of the claim of William J Futrell (claim no. 725), there has been no agreement as to the settlement of the matter between the Debtor, Residential Capital LLC, and the Claimant, William J Futrell in the instant matter.

12.     The Claimant, William J Futrell (claim no. 725) has an outstanding and unresolved claim filed in the Chapter 11, Residential Capital LLC bankruptcy, and requests that it be REINSTATED,


WHEREFORE, the Claimant, William J Futrell, requests that the claim no.725 be reinstated in the process and Chapter 11 bankruptcy of the Debtor, Residental Capital LLc, and for all other just and proper relief in the premises.


Thomas Margolis    10189-18
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone 765-288-0600

## Certificate of Service

The pleading of the Claimant, William J Futrell, has been served on the following –

Morrison &Foerster
1290 Avenue of the Americas
New York, New York   10104
Attn. -  Gary Lee

Judge Martin Glenn
U.S Bankruptcy Court, SD New York
One Bowling  Green
New York, New York   10004-1408


on the   11   day of March 2014, by   USmail

_____
Thomas Margolis

Hearing Date:    March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for The Post-Effective Date*
*Debtors, The ResCap Liquidating Trust*
*and The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF ADJOURNMENT OF MATTERS SCHEDULED**
**FOR MARCH 11, 2014 OMNIBUS HEARING TO**
**MARCH 26, 2014 AT 10:00 A.M. (PREVAILING EASTERN TIME)**

**PLEASE TAKE NOTICE** that the following matters, previously scheduled to be heard

on March 11, 2014 at 10:00 a.m. (Prevailing Eastern Time) (the "**March 11 Hearing**"), have

been adjourned at the direction of the Court to **March 26, 2014 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "**March 26 Hearing**") and will be held before the Honorable Martin Glenn,

at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy**

**Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York

10004, Room 501:

  a) Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of
     an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. §

ny-1133458

362(d) [Docket No. 2401];

b) Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) [Docket No. 4734], *solely as it relates to the claim filed by Karen Mitchell-Smith for the Estate of Felecia Victoria Mitchell (Claim No. 5724)*;

c) Motion of Simona Robinson for Relief from Stay [Docket No. 4948];

d) Motion of Rosalind Alexander-Kasparik for Relief from Stay [Docket No. 5621];

e) Motion of Citibank, N.A. for an Order (I) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay such Interest as well as Citibank's Due and Unpaid Counsel Fees and Expenses [Docket No. 6174];

f) The ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to (A) Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; and (C) Non-Debtor Borrower Claims [Docket No. 6305]; and

g) Adversary Proceeding Pre-Trial Status Conference: *von Brincken v. GMAC Mortgage, LLC* (Adv. Proc. No. 13-01436).

**PLEASE TAKE FURTHER NOTICE** that Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5161], *solely as it relates to the claims filed by James and Anne Ladd (Claim No. 4722) and William J. Futrell (Claim No. 725)*, previously scheduled to be heard at the March 11 Hearing, has been resolved and therefore no hearing is required.

**PLEASE TAKE FURTHER NOTICE** that Deutsche Bank withdrew Claim Nos. 276 and 344 and an order expunging and disallowing Claim No. 408 of Deutsche Bank has been entered by the Court; therefore, the March 11 Hearing on the Debtors' Fifty-Second Omnibus Objection to Claims (Insufficient Documentation) [Docket No. 6074], solely as it relates to these claims, is not required.

**PLEASE TAKE FURTHER NOTICE** that the following matters, previously scheduled to be heard at the March 26 Hearing, will be going forward at that hearing:

a) Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 4887], *solely as it relates to the claim filed by Gwendell L. Philpot (Claim No. 5067)*;

b) Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records) [Docket No. 5162], *solely as it relates to the claim filed by Jacqueline Warner (Claim No. 3502)*;

c) Debtors' Fifty-Second Omnibus Objection to Claims (Insufficient Documentation) [Docket No. 6074], *solely as it relates to the claims filed by UBS Real Estate Securities, Inc. (Claim Nos. 4200 and 4453)*;

d) Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability - Assigned Contract Claims) [Docket No. 6077], *solely as it relates to the claims filed by Freddie Mac (Claim Nos. 4875 and 4899)*;

e) The ResCap Borrower Claims Trust's Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims) [Docket No. 6448];

f) The ResCap Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata Borrower Claims) [Docket No. 6457];

g) Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction [Docket No. 6527]; and

h) Motion of James Robert Finch III for Relief from Stay [Docket No. 6530].

12-12020-mg    Doc 6652    Filed 03/06/14    Entered 03/06/14 17:28:54    Main Document
Pg 4 of 4

Dated:  March 6, 2014
       New York, New York

Respectfully submitted,


/s/ Norman S. Rosenbaum
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The Post-Effective Date
Debtors, The ResCap Liquidating Trust
and The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )    Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | )    Chapter 11 |
| | ) |
| Debtors. | )    Jointly Administered |
| | ) |

## STIPULATION OF WITHDRAWAL OF DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS) SOLELY AS IT RELATES TO THE CLAIM FILED BY WILLIAM J. FUTRELL (CLAIM NO. 725)

This stipulation ("Stipulation") is made and entered into between The ResCap Borrower Claims Trust (the "Borrower Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases") and William J. Futrell (the "Claimant", and together with the Borrower Trust, the "Parties"), through their respective counsel, to withdraw, without prejudice, the Forty-Ninth Omnibus Claims Objection (defined herein) to the Claimant's proof of claim filed against the Debtors.

**WHEREAS,** on May 14, 2012 (the "Petition Date"), each of the debtors in the Chapter 11 Cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS,** on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and

**WHEREAS,** on May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the

#2

Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors (the "Claims Register"); and

WHEREAS, on or about September 24, 2012, the Claimant filed a proof of claim against GMAC Mortgage, LLC in an unliquidated amount, which was designated by KCC on the Claims Register as Claim No. 725.

WHEREAS, on September 20, 2013, the Debtors filed the *Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [Docket No. 5161] (the "Forty-Ninth Omnibus Claims Objection"), asserting, among other things, that Claim No. 725 should be disallowed and expunged on the basis that the Debtors have no liability for the Proof of Claim; and

WHEREAS, on October 22, 2013, the Claimant filed a response to the Forty-Ninth Omnibus Claims Objection [Docket No. 5484] (the "Response"); and

WHEREAS, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Borrower Trust was established [Docket No. 6137]; and

WHEREAS, the Plan provides for the creation and implementation of the Borrower Trust, which will, among other things, "direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement." *See* Plan, Art. IV.F. Further, pursuant to the Borrower Claims Trust Agreement:

2

ny-1129724

> The Borrower Claims Trustee, or one or more Borrower Claims
> Trust Agents . . . shall be authorized to resolve, on behalf of the
> Borrower Claims Trust, all Disputed Borrower Claims without
> further Bankruptcy Court order . . . .

Borrower Claims Trust Agreement, Art. VI, § 6.2. [Docket No. 6136]; and

      **WHEREAS**, the Borrower Trust disputes the validity of the Proof of Claim.

      NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

      1.     The Recitals form an integral part of this Stipulation and are incorporated fully herein.

      2.     Pursuant to Fed.R.Civ.P. 41(a)(1)(ii), made applicable herein by Fed.R.Bankr.P. 9014, the Borrower Trust in the above-captioned bankruptcy cases withdraws, without prejudice, the Forty-Ninth Omnibus Claims Objection against William J. Futrell.

      3.     The withdrawal of the Forty-Ninth Omnibus Claims Objection as to Mr. Futrell does not constitute any admission or finding with respect to the allowance of claim number 725 filed by Mr. Futrell, and the Borrower Trust reserves all rights to object to all claims filed by Mr. Futrell on any basis at a future point in time.

      4.     The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

      5.     This Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation.

3

6.    This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

7.    This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

8.    This Stipulation shall be binding upon the Parties as well as any successor in interest.

9.    No notice to creditors or other parties in interest, or further approval by the Court, is required to effectuate the terms and conditions of this Stipulation.

10.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

THomas MArgolis
ATTORVEy for william Putnell

4

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

February 28, 2014

Writer's Direct Contact
212.336.4152
smolison@mofo.com

<u>Via Fax</u>

Thomas Margolis
125 E. Charles Street, Suite 214
Muncie, Indiana 47305
Telephone:  (765) 288-0600
Facsimile:  (765) 289-6064

Re:    <u>In re Residential Capital, LLC, et al., Chapter 11 Case No. 12-12020 (MG) --
       Stipulation of Withdrawal of Debtors' Forty-Ninth Omnibus Objection to
       Claims (No Liability Borrower Claims -- Books and Records) Solely as It Relates
       to the Claim Filed By William J. Futrell (Claim No. 725)</u>

Dear Mr. Margolis:

I am faxing this letter as a follow-up to our conversation this morning regarding the proposed
Stipulation of Withdrawal of the Debtors' Forty-Ninth Omnibus Objection to Claims (No
Liability Borrower Claims -- Books and Records) Solely as It Relates to the Claim Filed By
William J. Futrell (Claim No. 725) (the "Stipulation"), a draft of which I faxed to you on
February 5, 2014.  As you know, the Debtors' Forty-Ninth Omnibus Objection to Claims
(No Liability Borrower Claims -- Books and Records) (the "Forty-Ninth Omnibus
Objection") [Docket No. 5161] with respect to Mr. Futrell's claim is scheduled to be heard
by the Bankruptcy Court on March 11, 2014 at 10:00 a.m. (EST) (the "March 11 Hearing").
We would like to finalize the Stipulation in advance of the March 11 Hearing.  Therefore,
please review the Stipulation and return a signed and dated signature page no later than
**12:00 p.m. (EST) on Monday, March 3, 2014.**  The executed signature page can be
returned via fax to my attention at (212) 468-7900.  At that point, I will add the Trust's
digital signature and will send you an execution copy for your records.

If we do not hear back from you by **12:00 p.m. (EST) on Monday, March 3, 2014,** please
note that we plan to contact the Bankruptcy Court to request permission to withdraw the
Forty-Ninth Omnibus Objection without prejudice as to Mr. Futrell's claim.

#3

MORRISON | FOERSTER

If you have any questions or would like to discuss the Stipulation, please do not hesitate to contact me before **12:00 p.m. (EST) on Monday, March 3, 2014.** I can be reached at either 212-336-4152 or 646-203-4431, or via email at smolison@mofo.com.

Sincerely,

Stacy L. Molison

2