# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

**CORLA JACKSON**

Plaintiff,

V.                                                                      NO. 12-12020 (MG)

**GMAC MORTGAGE CORPORATION, ET AL**

**RESIDENTIAL CAPITIAL LLC**
**GMAC MORTGAGE LLC**

Defendants.



# NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW"** I (CORLA JACKSON) hereinafter called the (Plaintiff) files this NOTICE OF APPEAL" Dated (March 13, 2014). The Orders That Has Been Issued Is Either (Error Of The Court)" Or Fraud Of The Court.

As a general rule, filing bankruptcy effectively eliminates judgments, debts, tort liability and others types of general liability, on your secured instrument such as your home, and assets by law. The rule applies to Chapter 7, 11 and 13" the U.S. Bankruptcy Code

# 11 U.S.C. § 362 : US Code - Section 362: Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement

Page 1 of 10

of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(b) (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(c) (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(d) (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor.

**Listed Above And Below:** GMAC MORTGAGE CORPORATION et, al. Violated The United States Bankruptcy Code" 11 U.S.C. § 362 : US Code - Section 362: Automatic stay.

Listed Below Under" 11 U.S.C. § 362 : US Code - (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing; (21) under subsection (a), of any act to enforce any lien against or security interest in real property - <u>(A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title; or (B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title;</u> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition.

Due To The Plaintiff" (Corla Jackson) (Lift Of Automatic Stay) Being Denied By The Courts Illegally" It Was Impossible The United States District Courts To Lift The Automatic Stay To Proceed To Trial On Affirmative Damages And State Damages.

GMAC Mortgage Did Not File An Entry Of An Order In Bankruptcy Case #: (05-13142 mam 13) Under Judge Dobose" Because They Filed A Proof Of Claim Without Owning An Assignment Or The Note When They Initiated Their Proof Of Claim" The Loan Numbers Did Not Even Match" And Corla Jackson Was Still With (Option One Mortgage) Who Refused To File A Proof Of Claim Because Corla Jackson Was Insured On All The Damages" including the clouded and slandered title to her property that (GMAC MORTGAGE et, al.,) caused her to date.

The Case Was Discharged In Corla Jackson Favor. The Case Was Moved" In Reference To The Complaint On Damages More Than ($75,000) Under Diversity jurisdiction" and was awaiting on lift of automatic stay to proceed to trial" on both state and affirmative damages" which included property damages and personal injury's" See Doc (5100-16) page (60-99)" 61 of 99) And (See Doc Page (24 of 164)" (25 of 164)" (23 of 164)" (67 of 164).

CORLA JACKSON COULD ONLY GO BY AN ESTIMATE" OF ALL HER DAMAGES BECAUSE HER LIFT OF AUTOMATIC STAY WAS DENIED BY JUDGE MARTIN GLENN. ON PROPERTY DAMAGES ALONE WAS OVER THIS" SEE DOC 5100-16 Page (91-99). We Ask In The Lift Of Automatic Stay To Hold Affirmative Damages Funds Of (One Hundred Million Dollars)" which was no harm" while he case proceed to trial on both state and affirmative damages to date.

- **Diversity jurisdiction** legal definition of **Diversity** ... Diversity of Citizenship. A phrase used with reference to the **jurisdiction** of the federal courts which, under the U.S. Constitution, Art. III, § 2, extends to cases. <u>(a) The district courts shall have original **jurisdiction** of all civil actions and matter in controversy exceeds the sum or value of $75,000,</u> exclusively" which included motions to dismiss" ejectments" unlawful detainers " violations of a prior judge orders" <u>which is all part of the plaintiffs or defendants defense.</u>

- Lower courts cannot make these decisions" in reference to the **jurisdiction** of the federal courts which, under the U.S. Constitution, Art. III, § 2, extends to cases. <u>(a) The district courts shall have original **jurisdiction** of all civil actions and matter in controversy exceeds the sum or value of $75,000,</u> exclusively" which included motions to dismiss" ejectments" unlawful detainers " violations of a prior judge orders" <u>which is all part of the plaintiffs or defendants defense on cases that is stayed pending federal damages and trial; on criminal offenses" such as identity theft and theft of property under federal laws.</u>

<u>JURISDICTION ESTOPPEL</u>

In the practice of <u>law</u>, **judicial estoppel** (also known as **estoppel by inconsistent positions**) is an <u>estoppel</u> which precludes a <u>party</u> from taking a position in a case which is contrary to a position they have taken in earlier legal proceedings" in violation of a prior stay order under Bankruptcy Case #: (05-13142 MAM 12) under Judge Mahoney Orders Issued On (March 1, 2006)" And After (March 1, 2006) Which Prevented The Debtor In New York" (GMAC CORPORATION/GMAC MORTGAGE LLC et, al., From Being A Creditor On Corla Jackson Property In Alabama Under Federal Bankruptcy Laws" in connection with the said property"

because at the time (GMAC MORTGAGE CORPORATION et, al., ) filed their Proof Of Claims" they were not assigned an assignment and they did not own the note on Corla Jackson property" her home period. Corla Jackson home was with (Option One Mortgage).

Corla Jackson home was backed by Security's In A Pool Of Loans" secured by all (Corla Jackson) insurance policy's the home had be totaled from the disasters of (2) hurricanes" a fire" as well as the clouded and slandered title the Debtors (GMAC Mortgage Corporation) did" which caused Affirmative Damages in more than one way" this is the reason the (Lift Of Automatic Stay) had to be lifted in order to determine both State And All The Affirmative Damages the Debtors

GMAC CORPORATION/GMAC MORTGAGE LLC et, al., has caused Corla Jackson" to date in Violation Of A Prior Automatic Stay Under Bankruptcy Case #: (05-13142 MAM 13)" Which Was Ignored. As a general rule, filing bankruptcy effectively eliminates judgments, debts, tort liability and others types of general liability, on your secured instrument such as your home, and assets by law. The rule applies to Chapter 7, 11 and 13. The U.S. Bankruptcy Code" Did eliminate the debts " torts" and more when they denied all the debtors (Proof Of Claims) and issued orders dated after (March 1, 2006) court orders issued by Judge Mahoney" the notice was evidence filed in the debtors objections" without the orders that followed the (March 1, 2006) court orders Judge Mahoney singed" who never approved a mortgage contract agreement between Corla Jackson and (GMAC Mortgage Corporation et, al.). (Doc 5100-16) filed (09/18/13 this was entered into this court on (09/18/13). Page (29 of 36)" that (GMAC MORTGAGE CORPORATION et, al.,) Proof Of Claims were all Conditionally Denied" What Was Missing Was The Orders That Followed The March 1, 2006)" which was on the doc 5100-16 page (90 of 164)" (91 of 164)" (92 of 164)" (93 of 164)" (94 of (164)" (95 of 164).

After GMAC Mortgage Got Busted" they refunded back the funds to the trustee's courts everything" except ($900.00). (see doc 5100-16 page (88 of 164). Judge Mahoney had to amend her complaint" to stop (GMAC MORTGAGE CORPORATION et, al.,) from getting any more funds from Corla Jackson" to the amount paid which was the ($900.00) that(GMAC MORTGAGE CORPORATION et, al.,) did not refund back. See Doc (5100-16 page 155 of page (164). This Is All Filed In The Objection To Proof Of Claim Filed By Coral Jackson Claim No: (4443)" that The Debtors (GMAC CORPORATION/GMAC MORTGAGE LLC et, al., filed on (09/18/13)" which cannot be denied.

Corla Jackson did not go after them for the ($900.00)" because she was going to take them to trial for what they did to her and they corrupted the case" to keep the case from proceeding to trial because they violated the stay order and all the other orders issued under Bankruptcy Case #: (05-13142 MAM 13) After The (March 1, 2006) Order. The Debtors In New York" (GMAC CORPORATION/GMAC MORTGAGE LLC et, al., corrupted this case because they had violated the automatic stay and defrauded the courts using deceptive practices" this is why the automatic stay needed to be lifted to proceed to trial in the United States District Court For The Southern Division Of Alabama" To Determine All The Affirmative And State Damages" And Corla Jackson Filed Motion After Motion To Lift The Automatic Stay By Bankruptcy Laws That Was Violated Under Her Bankruptcy By (Debtors (GMAC CORPORATION/GMAC MORTGAGE LLC et, al.,.

Corla Jackson Filed An Objection to all GMAC Mortgage Proof Of Claims" and they were Granted And Sustained. GMAC Mortgage Was Not The Debtor In Corla Jackson Bankruptcy" They Was A Creditor That Filed An Illegal Proof Of Claim Without Owing An Assignment Or Corla Jackson Mortgage Under Bankruptcy Case # (05-13142 MAM 13).

The Fake Claims that (and (GMAC Mortgage Corporation et, al.) Filed Was On (06/15/2005) And (03/03/06)" Claim #1" Claim #7" And Claim #12. All (3) Proofs Of Claims Were (Denied) By Judge Mahoney On March 1, 2006" The Courts Never Approved A Contract Between Corla Jackson And GMAC Mortgage Corporation" After (March 1, 2006). The Courts Denied All and (GMAC Mortgage Corporation et, al.) Proof Of Claims" And They Did Not Refund Back The ($900.00)" That Is Why They Only Got ($900.00) Because They Did Not Refund The ($900.00).

It Did Not Take A Rocket Scientist To See GMAC Mortgage Was Not The Debtor In Corla Jackson Case And Her Objections Were All Granted And Sustained" And GMAC Mortgage Proof Of Claims Were All Denied" All Checks The Trustee's Was Paying Them (Judge Mahoney) Cancelled all Checks Being Paid To (GMAC Mortgage Corporation et, al.)" And Corla Jackson Completed Her Bankruptcy By Judge Mahoney Orders" and She Was Refunded Back Some Of Her Money" Doc (5100-16 Page (98- of (164)" Page (99 Of 164)" And Granted To The Amount Paid To and (GMAC Mortgage Corporation et, al.)" Which Was ($900.00). Corla Jackson Was Then Discharged From Bankruptcy On (01/20/2010)" Doc (5100-16) Page (100 of 164).

## Also See All Checks Being Made To GMAC Mortgage et, al. Was Cancelled" See Doc 5100-16 (88 of 164).

The Case Was Pending Trial On A Complaint Of The Violation Of A Prior Judges Order Which Was Judge Mahoney Orders Under Bankruptcy Case # (05-13142 MAM 13). The Case And Complaint Was Stayed In Alabama" In The United States District Courts Of Alabama Under (Judge Dobose)" Case #: (12-00111-KD-B). It Was Moved Over To The United States District Courts Because Of Diversity Jurisdiction On Both State And Affirmative Damages.

See Doc ( 5100-16 Page (101 Of 164). The Case Cannot Proceed" Without (Lift Of Automatic Stay) Being Lifted By The United States Bankruptcy Courts For The Southern Division Of New York" Under Judge Martin Glenn" Case #: (12-120-20 mg).

The Stay Order Had To Be Lifted Because Both Parties Filed Demand By Jury Trial On A Complaint That Was Filed And Moved Over To The United States District Courts OF Alabama

ALS District Version 6.1 Live                                    https://ecf.alsd.circ11.dcn/cgi-bin/DktRpt.pl?617334834755998-L_1_0-1

STAYED

**U.S. District Court**
**Southern District of Alabama (Mobile)**
**CIVIL DOCKET FOR CASE #: 1:12-cv-00111-KD-B**

Jackson v. GMAC Mortgage Corporation             Date Filed: 02/23/2012
Assigned to: Judge Kristi K. DuBose               Jury Demand: Both
Referred to: Magistrate Judge Sonja F. Bivins     Nature of Suit: 370 Fraud or Truth-
Cause: 28:1332 Diversity-Fraud                    In-Lending
                                                  Jurisdiction: Diversity

In Addition To The Above" <u>Corla Jackson Mortgage Was Backed By Security's As Well As Her Insurance Policy's That Allowed The Life Of Automatic Stay To Be Lifted To Proceeded To Trial Automatically:</u> a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

# (11 U.S.C. § 362 : US Code)

(d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case

under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing; (21) under subsection (a), of any act to enforce any lien against or security interest in real property - **(A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title; or (B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title;** (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition....

- **Diversity jurisdiction legal definition of Diversity** ... Diversity of Citizenship. A phrase used with reference to the **jurisdiction** of the federal courts which, under the U.S. Constitution, Art. III, § 2, extends to cases. (a) The district courts shall have original **jurisdiction** of all civil actions and matter in controversy exceeds the sum or value of $75,000, exclusively" which included motions to dismiss" ejectments" unlawful detainers " violations of a prior judge orders" which is all part of the plaintiffs or defendants defense.

- Lower courts cannot make these decisions" in reference to the **jurisdiction** of the federal courts which, under the U.S. Constitution, Art. III, § 2, extends to cases. (a) The district courts shall have original **jurisdiction** of all civil actions and matter in controversy exceeds the sum or value of $75,000, exclusively" which included motions to dismiss" ejectments" unlawful detainers " violations of a prior judge orders" which is all part of the plaintiffs or defendants defense on cases that is stayed pending federal damages and trial; on criminal offenses" such as identity theft and theft of property under federal laws.

**Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.**

CORLA JACKSON SAID SHE WENT BY THE LAW:
11 U.S.C. § 362(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages". Matter of Pointer, 952 F.2d 82, 86 (5th Cir.

1992) (we held that § 362(h) creates a private right of action for one (there, the debtor)); In re Joubert, 411 F.3d 452, 456 (3rd Cir. 2005) (Congress's choice in § 362(h) to create private causes of action for violations of bankruptcy stays); Smith v. Keycorp Mortg., Inc., 151 B.R. 870, 875 (N.D.Ill. 1993) (The Bankruptcy Code is a comprehensive system.

When Congress wanted to provide a private cause of action under the Bankruptcy Code, it did so expressly); In Re Hutchinson, 211 B.R. 325, 329 (E.D.Ark. 1997) (It is well settled, despite the unsupported assertions of the defendants, <u>that a debtor has the right to plead causes of action for violations of the automatic stay, and recover the appropriate damages); In re Gullett, 230 B.R. 321, 331 (S.D.Tex. 1999) (Section 362(h) creates a private right of action for a debtor); In re Reyes, 238 B.R. 507, 518 (R.I. 1999) (Congress explicitly created private causes of action to enforce certain provisions of the Code, such as Section 362(h).</u> 11 U.S.C. § 362(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Mortgage-backed security. Mortgage-backed securities are created when the sponsor buys up mortgages from lenders, pools them, and packages them for sale to the public, a process known as securitization. The securities are available through publicly held corporations such as Fannie Mae and Freddie Mac or other financial institutions. Some of the securities are guaranteed by the Government National Mortgage Association, or Ginnie Mae. The money raised by selling the bonds is used to buy additional mortgages, making more money available to lend.

The most common mortgage-backed securities, also known as pass-through securities, are self-amortizing, and pay interest and repay principal over the term of the security. Mortgage-backed securities known as collateralized mortgage obligations (CMOs) or real estate mortgage investment conduits (REMICs) are structured differently. While a CMO or REMIC pays interest on a regular basis, the principal payments are structured in what are known as tranches and mature in sequence. The principal is repaid to bondholders in the order in which the tranches are stacked, so the holders of the shortest-term tranche are paid principal first, the next shortest second, and so on.

PUBLIC RECORDS SHOW THAT A MORTGAGE BOND WAS ISSUED IN LIEU OF AN ACCOUNT OR A LOAN RECEIVABLE AND ACCOUNTS SHOULD HAVE BEEN CREDITED WITH PAYMENTS RECEIVED BY INSURANCE, CREDIT DEFAULT SWAPS AND OTHER CONTRACTUAL ARRANGEMENTS WITH THE SUB SERVICERS AND MASTER SERVICERS WHICH THE CREDIT WAS PAID OR CREDITED WITH THOSE PAYMENTS WAIVED AND SUBROGATION'S WHICH DID NOT INVOLVE ASSIGNMENTS OR PURCHASES OF LOANS.

GMAC MORTGAGE CORPORATION/RESIDENTIAL CAPITAL CORPORATION/ GMAC MORTGAGE LLC" et, al., DID NOT HAVE LACK OF EVIDENCE PRESENTED TO JUDGE MARTIN GLENN OR THE COURTS SEEKING THE RIGHTS TO FORECLOSE ON VICTIMS HOMES BECAUSE THE DEBTOR NEVER ENTERED INTO A FINANCIAL TRANSACTION OR CONTRACT WITH THE BANKS AND SERVICERS THAT ROBBED AMERICA OR ITS PREDECESSORS.

GMAC MORTGAGE WAS BARRED BY" BANKRUPTCY CASE #: 05-13142 MAM 13" BY <u>Estoppel is essentially a rule of evidence[3] whereby a person is barred from denying the truth of a fact that has already been settled.....In re" Corla to</u>

Corla Jackson Favor" under a prior bankruptcy case #: (05-13142 MAM 13). GMAC Mortgage Corporation et, al., violated all the orders they are trying to use now" in violation of an automatic stay order they violated" which cannot be done" they violated the automatic stay order and caused both State and Massive Affirmative Damages" and They Knew This. They Intended To Cover Up The Truth" And Not The Truth Is Disclosed.

### Governing rules

Rule 8 of the Federal Rules of Civil Procedure governs the assertion of affirmative defenses in civil cases that are filed in the United States district courts. Rule 8(c) specifically enumerates the following defenses: "accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

### JURISDICTION ESTOPPEL:  (BANKRUPCTY CASE #: 05-13142 MAM 13)

In the practice of law, **judicial estoppel** (also known as **estoppel by inconsistent positions**) is an estoppel which precludes a party from taking a position in a case which is contrary to a position they have taken in earlier legal proceedings" in Bankruptcy Case #: (05-13142 MAM 13). Corla Jackson Automatic Stay Was Violated By (GMAC Mortgage Corporation et, al., /GMAC Mortgage LLC et, al.,/RESIDENTIAL CAPITAL LLC et, al.,...(GMAC Mortgage et, al" was prevented from being a creditor period)" that is why the case is going to trial.

An **affirmative defense** to a civil lawsuit or criminal charge is a fact or set of facts other than those alleged by the plaintiff or prosecutor which, if proven by the defendant, defeats or mitigates the legal consequences of the defendant's otherwise unlawful conduct.

*Corla Reeves Jackson  3/13/2014*
Corla Reeves Jackson
13230 Tom Gaston Road
Mobile, Alabama. 36695
Phone: 251.554.1785
corlareevesjackson@gmail.com

*Corla Jackson  3/13/2014*

# I certify that on (March 13, 2014), a true and correct copy of this motion was served to each person listed below.

**GMAC MORTGAGE CORPORATION, ET AL**

**RESIDENTIAL CAPITAL LLC et, al.**

MORRISON & FOSTER LLP
1290 Avenue Of The Americas
New York, New York. 10104
Telephone: (212) 468-8000
Facesmile: (212) 468-7900

Attorneys

Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

**BRADLEY ARANT BOULT CUMMINGS LLP**
**1819 FIFTH AVENUE NORTH**
**BIRMINGHAM, ALABAMA. 35202**
**PH: 205.521.8810**
**FACESMILE: 205.488.6810**

*Corla Reeves Jackson 3/13/2014*
Corla Reeves Jackson
13230 Tom Gaston Road
Mobile, Alabama. 36695
Phone: 251.554.1785
corlareevesjackson@gmail.com

*Corla Jackson 3/13/2014*