**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et. al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 |

**ORDER DENYING MOTION OF STEPHANIE HARRIS TO PLACE TRUSTEES UNDER COURT SUPERVISION**

Pending before the Court is Stephanie Harris's *Motion to Place Trustees Back Under Court Supervision* (ECF Doc. # 6422) (the "Motion"). Through her Motion, Stephanie Harris ("Harris") seeks (1) reconsideration of the redesignation and reclassification of her Proof of Claim, (2) to impose Court supervision on the ResCap Liquidation Trust and the ResCap Borrower Claims Trust (collectively, the "Trusts"), (3) to vacate the Debtor's sale of the servicing rights with respect to her mortgage to Ocwen (the "Ocwen Sale"), and (4) to have her property "reassigned" to her. (Motion at 1–2). Through her Proof of Claim (no. 2536), Harris seeks $5,000,000.00, $450,000.00 of which is purportedly secured. The stated basis for her claim is "wrongful foreclosure" and "tortious interference." In response, the Trusts filed the *Objection of the ResCap Borrower Claims Trust and the ResCap Liquidating Trust to Stephanie Harris's Motion to Place Trustees Back Under Court Supervision* (the "Objection," ECF Doc. # 6520). The Trusts assert that there is no basis upon which Harris is entitled to relief. For the reasons provided below, the Court **DENIES** the Motion.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On November 21, 2012, the Court entered an order approving the sale of the Debtor's mortgage loan servicing and origination platform assets to Ocwen Loan Servicing, LLC (the "Sale Order," ECF Doc. # 2246). The

Ocwen Sale closed on February 15, 2013.

On February 13, 2013, Harris filed a *Motion to Reassign Stephanie Harris as a Creditor in Possession and for Evidentiary Hearing* (the "Sale Objection," ECF Doc. # 2976), alleging that the Debtors had no interest in her mortgage and that the Debtors were not authorized to sell servicing rights to Ocwen. The Debtors filed an opposition to the Sale Objection (ECF Doc. # 3532), and on July 2, 2013, the Court denied the Sale Objection (the "Decision," ECF Doc. # 4127), noting that Harris failed to timely object to the Ocwen Sale and is therefore estopped from doing so. The Court also noted that Ocwen only obtained the right to service Harris's loan, not any interest in Harris's loan itself or her property.

On September 20, 2013, the Debtors objected to Harris's Proof of Claim as part of the *Thirty-Sixth Omnibus Objection to Claims* on the grounds that the Harris Claim improperly asserted a security interest and was filed against the wrong Debtor. (*See* ECF Doc. # 5138). The Court sustained that objection, reclassifying the Harris Claim as a $5,000,000 general unsecured claim against Debtor GMAC Mortgage, LLC. (*See* "Omnibus Order," dated November 20, 2013. ECF Doc. # 5895.) The Omnibus Order permitted the Debtors to further object to Harris's Claim on any basis, provided that the objection is timely. (*See id.* at 2–3.)

On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order) approving the terms of the Debtors' Chapter 11 plan, as amended (the "Plan"). (ECF Doc. # 6065.) The Plan became effective on December 17, 2013 (the "Effective Date"). (ECF Doc. # 6137.) Under the Plan, the two Trusts have two hundred and seventy days from the Effective Date to issue any further objection to the Harris Claim.

In their Objection to the Motion, the Trusts assert that Harris is not entitled to any of the relief requested in her Motion. First, Harris's request for the reconsideration of the Omnibus Order is **DENIED**. Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which provides the grounds on which a court may grant relief to a party from a final order. Rule 9024(b) permits a court to grant relief from a final judgment or order for (1) "mistake, inadvertence, surprise, excusable neglect," (2) newly discovered evidence, (3) fraud, misrepresentation, or misconduct, (4) that judgment or order being void (5) that judgment or order having been satisfied, released, discharged or "no longer equitable," or (6) "any other

3

reason that justifies relief" from the judgment order. FED. R. CIV. P. 60(b). A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).

      Harris has not identified any intervening change of controlling law. Additionally, her Motion does not rely on new evidence. Attached to the Motion are (1) a letter from the Federal Reserve Bank of New York from 2010, (2) a document entitled "Assignment of Mortgage" from Mortgage Electronic Registration Systems ("MERS") as nominee for People's Choice, to Deutsche Bank Trust Company Americas signed on July 18, 2008, (3) correspondence from Ocwen dated April 9, 2013, (4) a print-out from MERS's website dated March 11, 2013, and (5) a print-out of an e-mail from Mordechai L. Breier, Esq. dated December 27, 2013, entitled "Notice of Readiness for Trial." None of these exhibits suggests fraud, misrepresentation, misconduct or exceptional circumstances, nor do they demonstrate that previous rulings of this Court are no longer equitable or justified. Thus, to prevail in securing reconsideration of the Omnibus Order, Harris must show the need to correct clear error of law or prevent manifest injustice. She fails to do so, since her Motion only states vague but sweeping allegations of fraud and misconduct about the origination and subsequent assignments of her mortgage. The Motion does not explain why a portion of Harris's Claim should be secured, or what manifest injustice resulted from the Omnibus Order. Harris's Claim has not been expunged—merely reclassified. Harris provides no basis for the Court to reconsider its order reclassifying her claim.

      Second, Harris's request to impose Court supervision on the Trusts is **DENIED**. The Court-ordered deadline for the Trusts to object to claims is two hundred and seventy days

following the Effective Date of the Plan. The Trusts may object to Harris's claim during this period, or the Trusts may determine that her claim should be allowed. Regardless, Court intervention is not warranted now.

Third, Harris's objection to the Sale Order is **OVERRULED**. The Court approved the Ocwen Sale in November of 2012, and the sale closed on February 15, 2013, over one year ago. Harris's February 13, 2013 Sale Objection was also overruled roughly eight months ago. As noted in this Court's July 2, 2013 Decision, the deadline to object to the Debtors' sale of assets to Ocwen has passed, and as such, Harris's objection is untimely.

Further, neither Harris's property nor her mortgage was the subject of the Ocwen Sale; Ocwen only bought the servicing rights to Harris's mortgage. The Court would be unable to reassign Harris's mortgage back to her by vacating the Sale Order, which Harris requests in the Motion.

For the reasons stated above, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: March 19, 2014
New York, New York

                                              **/s/Martin Glenn**
                                                MARTIN GLENN
                                     United States Bankruptcy Judge