Jacqueline A. Warner, Creditor Claimant for Claim 3502
Mailing and Service Address:
3053 West Craig Road E-155
North Las Vegas, NV 89032
650-520-5596 / email: h7890p@yahoo.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

_____X

In Re:

RESIDENTIAL CAPITOL, LLC, et al                     Chapter 11
                                                    Case No: 12-12020-mg

                        Debtor.

_____X

## AFFIDAVIT

### OF JACQUELINE A. WARNER, CLAIM 3502, IN SUPPORT OF: CLAIMANT'S OPPOSITION TO SUPPLEMENTAL BRIEF OF THE RESCAP BORROWER CLAIMS
### IN CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY
### IN SUPPORT OF
### DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1. TO ALL CONCERNED the undersigned Affiant, Jacqueline Anne Warner does solemnly swear,

   Declare and state as follows:

2. Affiant is competent to state the matters set forth herein.

3. Affiant has personal knowledge of the facts stated herein.

4. Those matters of law or not within the personal knowledge of Affiant are based upon information,

   belief and public record.

5. All the facts herein are true, correct and complete, admissible as evidence and if called upon as

   Witness, Affiant will testify to their veracity.

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION
TO SUPPLEMENTAL BRIEF , MARCH 14, 2014, OF THE RESCAP BORROWER CLAIMS TRUST OF DEBTORS
FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1

1   6. Claimant has reserved all Rights.

2   7. Claimant herby makes this Affidavit to rebut misinformation in the Debtor's "SUPPLEMENTAL

3   BRIEF" filed on March 14th 2014. Claimant includes attached Exhibits incorporated herein that

4   constitute new evidence in this Claim 3502 or any Amendment thereto. Affiant incorporates the earlier

5   Claimant's Affidavit in support of "OPPOSITION TO DEBTOR'S OMNIBUS REPLY" AND

6   "COURT ORDER" of March 4, 2014. Claimant respectfully sets forth Affiant's request for

7   declaratory judgment and writ of replevin as follows:

8

9   8. Claimant's loan rescission is res judica due to the Debtor('s) default in non- performance under 12

10  C.F.R.  226.23(d)(1)(2)(3) and for not filing an objection action within the twenty (20) day

11  performance period and therefore, forever gave up any claim, defense, objection or rebuttal by default.

12  9. Claimant reserves closure of the default and does not consent to open it to renegotiation subject to

13  any new agreement and thereby makes this Affidavit as evidence for clarification with the existing

14  closed default.

15  10. On the issue of "open-end credit" the Debtor's "SUPPLEMENTAL BRIEF" "FACTUAL

16  BACKGROUND, ANALYSIS AND CONCLUSIONS' are wrong and creates no new contract and is

17  rebutted herein. The loan meets the criteria for "closed-end" as is show in paragraphs 14-21.

18  11. Regarding "Debtor's did not originate the Loan or ever maintain an ownership interest in the

19  loan." This is rebutted per 15 U.S.C. 1641(c) as: with any TILA violation (not all material disclosures

20  were provided) the rescission remedy runs against any assignee of the loan.

21  12. In"Exhibit A" "Supplemental Declaration" by Deanna Horsch is wrong and creates

22  no new contract and is rebutted herein based on the absence of personal first-hand knowledge of the

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION
TO SUPPLEMENTAL BRIEF , MARCH 14, 2014, OF THE RESCAP BORROWER CLAIMS TRUST OF DEBTORS
FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

2

1  actual loan and lacks standing because none of the qualifications listed in her Declaration apply

2  specifically to expertise in the subject of "open-end credit" and/or "closed-end credit" and therefore,

3  the Declaration is absent of any first-hand knowledge and expertise to make any determination on the

4
5  subject. In addition, Deanna Horsch is employed by GMAC and not a third party expert witness able

6  to present unbiased creditable evidence; on the contrary, her job is to reject claims which make her

7  opinion subject to a conflict of interest. Deanna Horsch's Declaration attaches no authority to support

8
9  her opinion on "open-end" and "closed end" credit and therefore, Claimant rejects and does not

10 accept the Deanna Horsch Declaration.

11 13. Claimant responds to GMAC's response to COURT ORDER of March 4, 2014 addressing

12 specifically applicability of an "open-end credit" versus "closed-end credit" to Claimant's loan and

13
14 how it is not precluded to loan rescission in closed-end credit as none of the exemptions to rescission

15 apply in 15 U.S.C. 1635 (e) or 226.23(f). Regarding 12 C.F.R. 226.15(f), the definition and use do

16 not apply.

17 14. Affiant states based on her belief, research, first-hand knowledge and administration of the

18
19 purported loan, for clarification purposes that, 15 U.S.C. § 1635(e) Exempted transactions;

20 **reapplication of provisions** limits on the right of rescission do not apply to Claimant as previously

21 stated in Claimant's REPLY TO COURT ORDER filed on March 14th 2014. Regarding 1635 (e) (2),

22 refers to refinancing ......of an existing extension of credit by the same creditor. CMG Mortgage,

23
24 Inc. was the only creditor, and there was **no refinancing of an existing extension of**

25 **credit (there was only one credit application and approval) by CMG Mortgage, Inc., hence,**

26 **never any reapplication of provisions.**

27

15. 15 U.S. Code § 1635 - Right of rescission as to certain transactions (e) **Exempted transactions; reapplication of provisions** (4) advances under a **preexisting** open end credit plan **if a security interest has already been retained** or acquired and such advances are in accordance with a previously established credit limit for such plan.

Does not apply to Claimant as there was no other loan that the security interest had already been retained by any other entity than CMG/GMAC. This does not apply to Claimant's loan because there was no re-application involved, the security interest had not been retained by a previous "preexisting" open-end credit plan therefore,15 U.S.C. 1635 (e)(4) does not preclude Claimant from loan rescission under this statute. Therefore, any argument made in the Debtor's "SUPPLEMENTAL BRIEF" pertaining to "open-end" credit per 15 U.S.C 1635 (e) does not apply to the subject loan and Claimant's claim 3502.

16. Affiant states based on her belief, research, and first-hand knowledge and administration of the purported loan, for clarification purposes, that the Home-Equity Line of Credit was a first-lien mortgage without any subordinate lien loan attached to the security interest in only one application process and never any re-application provisions.

17.  Regarding: 12 CFR 226.23 - *Right of rescission* **(f)** *Exempt transactions. The right to rescind does not apply to the following: (4) An advance, other than an initial advance, in a series of advances or in a series of single-payment obligations that is treated as a single transaction under §* *226.17(c)(6)*, **if the notice required by paragraph (b) of this section and all material disclosures have been given to the consumer.  This does not apply as not all of the material disclosures were given.**

18.  Regarding "Debtor's did not originate the Loan or ever maintain an ownership interest in the loan." This is rebutted per 15 U.S.C. 1641(c) as: with any TILA violation (not all material disclosures were provided) the rescission remedy runs against any assignee of the loan.

19. Affiant states based on her belief, research, first-hand knowledge and administration of the purported loan that there was only one qualification process for the entire loan without any

1  need to request an advance nor ever need to request/reapply for an additional increase in the credit

2  limit or additional advance as 100% of the credit was available immediately. Therefore, 12 C.F.R.

3  226.23(f)(4) did not preclude Claimant from exercising the right of rescission as closed-end credit.

4

5  20. 12 C.F.R. 226.2(a)(20) Open-end credit means consumer credit extended by a creditor under a
   plan in which:

6  (i) The creditor reasonably contemplates repeated transactions: Claimant's response: It was pre-
   determined and identified as to the maximum amount of the **monthly payments as opposed to**

7  **"contemplated repeated transactions" would be**. (See Exhibit###)

8

9   (ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance;
   It was pre-determined and fixed in Claimant's loan that there **would be a monthly finance charge**,

10  specifically, a maximum of 5.446% annually for the first 5 years; and

11  (iii) The amount of the credit that may be extended to the consumer during the term of the plan (up
   to any limit set by the creditor) **is generally made available to the extent that any outstanding**

12  **balance is repaid.**" The foregoing applies to a typical credit card plan/"open-end" rather than

13  Claimant's loan, as **none** of the outstanding balance was "repaid" or had to be repaid, to access more
   of the credit line.

14

15  21. MEMO dated July 17, 2009 TO: The Board of Governors of the Federal Reserve System
       SUBJECT:  Proposed Amendments to Regulation Z (Truth in Lending) FROM: Governor Duke

16       Attached page 1 and page 23. **(Exhibit 1)** See Footnote 7: HOEPA loans are closed-end, non-
       purchase money mortgages secured by the consumer's principal dwelling, that have APR's or

17       points and fee that exceed certain statutory triggers.

18

19  Therefore, Claimant's loan does not fit the definition of open-end credit, where" open-end" credit

20  applies to a credit card plan where there is no fixed maturity date that can be renewed or cancelled,

21  and as long as the balance is paid before more credit can be extended. In addition, Claimant never had

22  a credit card associated with this loan.  Therefore, it is Affiant's belief the loan fits the definition of

23

24  "closed-end" credit without any preclusion by any of the exemptions.

25  Claimant attaches further evidence in support of the above attached here as Exhibit 1.

26

27

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION
TO SUPPLEMENTAL BRIEF , MARCH 14, 2014, OF THE RESCAP BORROWER CLAIMS TRUST OF DEBTORS
FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

5

IN WITNESS WHEREOF I hereunto set my hand and seal on this 17th day of March 2014, and

hereby certify, swear and affirm under the law of the United States of America that all the statements

made above are true, correct and complete based on my personal knowledge, information and belief.

All Rights Reserved Without Prejudice, Under Reserve U. C. C.

Date: 3/17/2014    Affiant: _____ (Seal)

Jacqueline A. Warner

**JURAT**

State of Nevada            )
                           ) ss:
County of Clark            )

Subscribed and sworn to (or affirmed) before me on this 17TH day of MARCH _____, 2014

by KUHH-WARNER JACQUELINE ANNE, proved to me on the basis of satisfactory evidence t

the person who appeared before me. _____ (seal)

Print / ARAM OVAKIMIAN _____NOTARY Signature



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ARAM OVAKIMIAN
No: 04-86932-1
My Appointment Expires Nov. 29, 2014

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION
TO SUPPLEMENTAL BRIEF , MARCH 14, 2014, OF THE RESCAP BORROWER CLAIMS TRUST OF DEBTORS
FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

# EXHIBIT 1

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

DIVISION OF CONSUMER AND COMMUNITY AFFAIRS

---

DATE:      July 17, 2009

TO:        Board of Governors

FROM:      Governor Duke
           Committee on Consumer and Community Affairs

SUBJECT:   Proposed Amendments to Regulation Z (Truth in Lending)

---

The attached item has been reviewed by members of the Consumer and Community

Affairs Committee and is now ready for Board consideration.

ancillary fees excluded from the finance charge. They further contend that this approach undermines the purpose of the APR, which is to express in a single figure the total cost of credit. Creditors maintain that consumers are confused by the APR, and, thus, believe that the current approach creates significant regulatory burdens. They contend that determining which fees are or are not included in the finance charge is overly complex and creates litigation risk.

For these reasons, staff recommends the Board use its exception and exemption authority to override exclusions to the finance charge for closed-end mortgages, including HOEPA loans.[7] The proposal would maintain TILA's definition of a finance charge as a fee or charge that is payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to the extension of credit. However, the proposal would now require the finance charge to include charges by third parties if the creditor requires the use of a third party as a condition of or incident to the extension of credit (even if the consumer chooses the third party), or if the creditor retains a portion of the third-party charge (to the extent of the portion retained). Charges that would be incurred in a comparable cash transaction, such as transfer taxes, would continue to be excluded from the finance charge. Under this approach, consumers would benefit from having a finance charge and APR disclosure that better represent the cost of credit, undiluted by myriad exclusions for various fees and charges. This approach would cause more loans to be subject to the special protections of the Board's 2008 HOEPA Final Rule, special disclosures and restrictions for HOEPA loans, and certain state anti-predatory lending laws. However, the proposal would also reduce compliance burdens, regulatory uncertainty, and litigation risks for creditors.



---

[7] HOEPA loans are closed-end, non-purchase money mortgages secured by the consumer's principal dwelling, that have APRs or points and fees that exceed certain statutory triggers.

1    Jacqueline A. Warner, Creditor Claimant for Claim 3502
2    Mailing and Service Address:
     3053 West Craig Road E-155
3    North Las Vegas, NV 89032
     650-520-5596 / email: h7890p@yahoo.com
4

5    UNITED STATES BANKRUPTCY COURT
6    SOUTHERN DISTRICT OF NEW YORK
     _____X
7    In Re:

8    RESIDENTIAL CAPITOL, LLC, et al            Chapter 11
9                                               Case No: 12-12020-mg

10                          Debtor.
     _____X
11

12       **JACQUELINE A. WARNER CREDITOR'S CLAIM 3502**
13   **CLAIMANT'S OPPOSITION TO SUPPLEMENTAL BRIEF OF THE RESCAP**
14       **BORROWER CLAIMS TRUST WITH RESPECT TO CLAIM 3502**
15   **CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**
16

17   Claimant herby makes this rebut of misinformation in the Debtor's "SUPPLEMENTAL

18   BRIEF" filed on March 14th 2014. Claimant includes attached Exhibits incorporated herein that

19   constitute new evidence in this Claim 3502 or any Amendment thereto. Claimant incorporates the
20   earlier

21   Claimant's Affidavit in support of "OPPOSITION TO DEBTOR'S OMNIBUS REPLY" AND

22   "COURT ORDER" of March 4, 2014. Claimant respectfully sets forth  request for
23

24   declaratory judgment and writ of replevin as follows:

25   2. Claimant's loan rescission is res judicata due to the Debtor('s) default in non- performance under
26   12

27   C.F.R.  226.23(d)(1)(2)(3) and for not filing an objection action within the twenty (20) day

CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S
OMNIBUS REPLY OF MARCH 14, 2014 IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1

1  performance period and therefore, forever gave up any claim, defense, objection or rebuttal by default.

2  3. Claimant reserves closure of the default and does not consent to open it to renegotiation subject to

3  any new agreement and thereby makes this Affidavit as evidence for clarification with the existing

4
5  closed default.

6  4. On the issue of "open-end credit" the Debtor's "SUPPLEMENTAL BRIEF" "FACTUAL

7  BACKGROUND, ANALYSIS AND CONCLUSIONS' are wrong and creates no new contract and is

8  rebutted herein. The loan meets the criteria for "closed-end" as is show in paragraphs 14-21.

9
10  5. Regarding "Debtor's did not originate the Loan or ever maintain an ownership interest in the

11  loan." This is rebutted per 15 U.S.C. 1641(c) as: with any TILA violation (not all material disclosures

12  were provided) the rescission remedy runs against any assignee of the loan.

13
14  6. In "Exhibit A" "Supplemental Declaration" by Deanna Horsch is wrong and creates

15  no new contract and is rebutted herein based on the absence of personal first-hand knowledge of the

16  actual loan and lacks standing because none of the qualifications listed in her Declaration apply

17  specifically to expertise in the subject of "open-end credit" and/or "closed-end credit" and therefore,

18
19  the Declaration is absent of any first-hand knowledge and expertise to make any determination on the

20  subject. In addition, Deanna Horsch is employed by GMAC and not a third party expert witness able

21  to present unbiased creditable evidence; on the contrary, her job is to reject claims which make her

22
23  opinion subject to a conflict of interest. Deanna Horsch's Declaration attaches no authority to support

24  her opinion on "open-end" and "closed end" credit and therefore, Claimant rejects and does not

25  accept the Deanna Horsch Declaration.

26  7. Claimant responds to GMAC's response to COURT ORDER of March 4, 2014 addressing
27

CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S
OMNIBUS REPLY OF MARCH 14, 2014 IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1  specifically applicability of an "open-end credit" versus "closed-end credit" to Claimant's loan and

2  how it is not precluded to loan rescission in closed-end credit as none of the exemptions to rescission

3  apply in 15 U.S.C. 1635 (e) or 226.23(f). Regarding 12 C.F.R. 226.15(f), the definition and use do

4

5  not apply.

6  8. Claimant states based on her belief, research, first-hand knowledge and administration of the

7  purported loan, for clarification purposes that, 15 U.S.C. § 1635(e) Exempted transactions;

8  **reapplication of provisions** limits on the right of rescission do not apply to Claimant as previously

9

10  stated in Claimant's REPLY TO COURT ORDER filed on March 14th 2014. Regarding 1635 (e) (2),

11  refers to refinancing ......of an existing extension of credit by the same creditor. CMG Mortgage,

12  Inc. was the only creditor, and there was **no refinancing of an existing extension of**

13

14  **credit (there was only one credit application and approval) by CMG Mortgage, Inc., hence,**

15  **never any reapplication of provisions**.

16  9. 15 U.S. Code § 1635 - Right of rescission as to certain transactions (e) **Exempted transactions;**

17  **reapplication of provisions** (4) advances under a <u>preexisting</u> open end credit plan <u>**if a security**</u>

18  <u>**interest has already been retained**</u> or acquired and such advances are in accordance with a
previously established credit limit for such plan.

19  Does not apply to Claimant as there was no other loan that the security interest had already been

20

21  retained by any other entity than CMG/GMAC. This does not apply to Claimant's loan because there

22  was no <u>re-application</u> involved, the security interest had not been retained by a <u>previous</u> "preexisting"

23  open-end credit plan therefore,15 U.S.C. 1635 (e)(4) does not preclude Claimant from loan rescission

24  under this statute. Therefore, any argument made in the Debtor's "SUPPLEMENTAL BRIEF"

25

26  pertaining to "open-end" credit per 15 U.S.C 1635 (e) does not apply to the subject loan and

27  Claimant's claim 3502.

10. Affiant states based on her belief, research, and first-hand knowledge and administration of the purported loan, for clarification purposes, that the Home-Equity Line of Credit was a first-lien mortgage without any subordinate lien loan attached to the security interest in only one application process and never any re-application provisions.

11.  Regarding: 12 CFR 226.23 - *Right of rescission  (f) Exempt transactions. The right to rescind does not apply to the following: (4) An advance, other than an initial advance, in a series of advances or in a series of single-payment obligations that is treated as a single transaction under § 226.17(c)(6),* **if the notice required by paragraph (b) of this section and all material disclosures have been given to the consumer.  This does not apply as not all of the material disclosures were given.**

12.  Regarding "Debtor's did not originate the Loan or ever maintain an ownership interest in the loan." This is rebutted per 15 U.S.C. 1641(c) as: with any TILA violation (not all material disclosures were provided) the rescission remedy runs against any assignee of the loan.

13.  Claimant states based on her belief, research, first-hand knowledge and administration of the purported loan that there was only one qualification process for the entire loan without any need to request an advance nor ever need to request/reapply for an additional increase in the credit limit or additional advance as 100% of the credit was available immediately. Therefore, 12 C.F.R. 226.23(f)(4) did not preclude Claimant from exercising the right of rescission as closed-end credit.

14. 12 C.F.R. 226.2(a)(20) Open-end credit means consumer credit extended by a creditor under a plan in which:
(i) The creditor reasonably contemplates repeated transactions: Claimant's response: It was pre-determined and identified as to the maximum amount of the **monthly payments as opposed to "contemplated repeated transactions" would be**. (See Exhibit)

(ii) The creditor may impose a finance charge from time to time on an outstanding unpaid balance; It was pre-determined and fixed in Claimant's loan that there **would be a monthly finance charge,** specifically, a maximum of 5.446% annually for the first 5 years; and

(iii) The amount of the credit that may be extended to the consumer during the term of the plan (up

1  to any limit set by the creditor) **is generally made available to the extent that any outstanding**
   **balance is repaid.**" The foregoing applies to a typical credit card plan/"open-end" rather than

2  Claimant's loan, as **none** of the outstanding balance was "repaid" or had to be repaid, to access more

3  of the credit line.

4  15. MEMO dated July 17, 2009 TO: The Board of Governors of the Federal Reserve System
       SUBJECT: Proposed Amendments to Regulation Z (Truth in Lending) FROM: Governor Duke

5      Attached page 1 and page 23. **(Exhibit 1)** See Footnote 7: HOEPA loans are closed-end, non-

6      purchase money mortgages secured by the consumer's principal dwelling, that have APR's or
       points and fee that exceed certain statutory triggers.

7

8  Therefore, Claimant's loan does not fit the definition of open-end credit, where" open-end" credit

9  applies to a credit card plan where there is no fixed maturity date that can be renewed or cancelled,

10 and as long as the balance is paid before more credit can be extended. In addition, Claimant never had

11 a credit card associated with this loan. Therefore, it is Claimant's belief the loan fits the definition of

12 "closed-end" credit without any preclusion by any of the exemptions.

13

14 Claimant attaches further evidence in support of the above attached here as Exhibit 1.

15

16

17 **THEREFORE,** the Claimant request that this court take the above laws, statements, facts and

18 evidence referenced herein and in the accompanying Affidavit of Jacqueline A. Warner, including the

19 attached Exhibits, and determine if this Claim qualifies as a secured Claim with merit and if so grant

20 Claimant's Claim 3502 and issue a Writ of Replevin for the prosecution and collection of the Claim.

21

22 **Thank you sincerely for your time and attention.**

23

24

25

26

27

CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S
OMNIBUS REPLY OF MARCH 14, 2014 IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

IN WITNESS WHEREOF I hereunto set my hand and seal on this 17th day of March 2014, and

hereby certify, swear and affirm under the law of the United States of America that all the statements

made above are true, correct and complete based on my personal knowledge, information and belief.

All Rights Reserved Without Prejudice, Under Reserve U. C. C.

Date: _3/17/2014_    Affiant: _Jacqueline A. Warner_ (Seal)

Jacqueline A. Warner

### JURAT

State of Nevada            )
                           ) ss:
County of Clark            )

Subscribed and sworn to (or affirmed) before me on this _17TH._ day of _MARCH_, 2014

by _KUHU-WARNER SACQUELINE Anne_, proved to me on the basis of satisfactory evidence t

the person who appeared before me.

_____ (seal)

Print / _ARAM OVAKIMIAN_            NOTARY Signature



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ARAM OVAKIMIAN
No: 04-86932-1
My Appointment Expires Nov. 29, 2014

CREDITOR JACQUELINE ANNE WARNER, CLAIM 3502, IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S
OMNIBUS REPLY OF MARCH 14, 2014 IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

6