**Hearing Date:  March 26,  2014 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF
FIFTY-EIGHTH OMNIBUS CLAIMS OBJECTION
TO LATE-FILED BORROWER CLAIMS**

ny-1135060

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ........................................................................................... 1

**BACKGROUND** ................................................................................................................... 2

    **I.**    **ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE BAR DATE** ............................................................................................. 2

**ARGUMENT** ......................................................................................................................... 3

    **I.**    **SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT** .................... 3

    **II.**   **EACH RESPONDENT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT** ........................................................................ 5

          **A.**   **The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant** ........................................................... 7

          **B.**   **The Danger of Prejudice to the Debtors** ..................................................... 8

          **C.**   **Whether the Respondents Acted in Good Faith** ........................................ 9

          **D.**   **The Length of Delay and its Potential Impact on Judicial Proceedings** ................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Hagner v. United States,
　285 U.S. 427 (1932) ...................................................................................................................3

In re Alexander's Inc.,
　176 B.R. 715 (Bankr. S.D.N.Y. 1995)........................................................................................3

In re BGI, Inc.,
　476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.).....................................................................6

In re BH S & B Holdings LLC,
　435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.)..................................................................6, 7

In re Dana Corp.,
　No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) ............................7

In re Enron Corp.,
　419 F.3d 115 (2d Cir. 2005).........................................................................................6, 7, 8, 10

In re Kmart Corp.,
　381 F.3d 709, 714-15 (7th Cir. 2004) cert. denied sub nom. Simmons v. Kmart Corp.,
　543 U.S. 1056 (2005)................................................................................................................10

In re Lehman Brothers Holdings Inc.,
　433 B.R. 113 (Bankr. S.D.N.Y. 2010).......................................................................................7

In re Northwest Airlines Corp.,
　2007 WL 498285 (Bankr. S.D.N.Y. Feb. 9, 2007).....................................................................6

In re PT-1 Communication, Inc.,
　403 B.R. 250 (Bankr. E.D.N.Y. 2009).......................................................................................6

In re WorldCom, Inc.,
　No. 02-13533, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) ................3

Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,
　507 U.S. 380 (1993).......................................................................................................... passim

Riverhead Transit Mix Corp. v. Walsh Construction Co.,
　No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995) ................................3

ny-1135060

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], hereby submits this Reply (the "Reply") to that certain response [Docket No. 6455] (the "Response") interposed by claimant Leroy Hines (the "Respondent") to the *ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to (A) Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; and (C) Non-Debtor Borrower Claims* [Docket No. 6305] (the "Objection"). In support of the Reply, the Borrower Trust submits the *Declaration of Joseph P. Morrow IV*, annexed hereto as Exhibit 1 (the "Morrow Declaration"). In further support hereof, the Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements and exhibits submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust take these statements at face value. If the Court is not prepared to rule on the Objection with respect the Respondent, the Borrower Trust reserves the right to take discovery from the Respondent.

2. The Respondent has failed to demonstrate that his respective circumstances satisfy the standards for excusable neglect applicable in this District so as to permit the Respondent to file an untimely proof of claim. The circumstances leading to the Respondent's failure to file a proof of claim form in a timely manner was within the Respondent's reasonable control. Accordingly, the relief sought in the Objection should be granted with respect to the Respondent.

ny-1135060

**BACKGROUND**

I. **ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE BAR DATE**

3. On August 29, 2012, this Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

4. Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice"). The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date." Bar Date Notice ¶ 1. The Bar Date Notice further states:

> **ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

5. In accordance with the Bar Date Order, on or before October 5, 2012, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a

copy of the Bar Date Notice on the Respondent at 4466 Fairway Drive, Shreveport, LA 71109, the address for the Respondent both reflected in the Debtors' books and records as of the Petition Date and listed as the Respondent's address in the Response.[1] See Affidavit of Service reflecting service of the Bar Date Notice on the Respondent, annexed hereto as Exhibit 2. See also Morrow Declaration, ¶¶ 5, 6.

## ARGUMENT

### I. SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT

6.  Courts in this circuit support the view that "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." See In re WorldCom, Inc., No. 02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that a claimant received notice of a bar date based on evidence demonstrating that notice was properly addressed and mailed); see also Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."). See, e.g., In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to be received); Riverhead Transit Mix Corp. v. Walsh Constr. Co., No. 091-7142-511, 1995 WL 1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served").

---

[1] The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which additionally notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. See Bar Date Notice ¶¶ 1, 3; see also *Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today* [Docket No. 1660]. In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

3

ny-1135060

7.  The Respondent states in his response (without providing any supporting evidence) that his original claim was timely filed to the address given to him (without specifying the address), but that it was returned "by mail marked undeliverable." See *Objection To Proposed Claim To Be Disallowed And Expunged* at pg. 1 [Docket No. 6455]. The Respondent has provided no evidence in support of this allegation, and the Respondent's allegation is contradicted by KCC's Affidavit and the Morrow Declaration, which demonstrate that KCC timely served the Respondent with notices of both the commencement of the Chapter 11 Cases and the Bar Date Notice, and that all of KCC's addresses listed for KCC's receipt of proofs of claim were active as of the Bar Date. See Morrow Declaration ¶ 6. In addition, the Respondent does not provide any evidence that he received any instruction from the Debtors, or anyone else associated with the Debtors, to file his proof of claim at an address other than that listed on the Bar Date Notice. Furthermore, the Respondent does not provide the date that he properly filed this original (and allegedly timely) proof of claim. Based on the facts proffered by the Respondent, it is possible that the Respondent sent his purported original proof of claim to PO Box 5004, Hawthorne, CA 90250 (the "Hawthorne Mailbox"), which is the address for mailing proofs of claim listed on the Bar Date Notice sent to the Respondent, but several months after the Bar Date. This post office box was available for receiving mail up until August 2013, nine months after the Bar Date, after which it was closed. See Morrow Declaration ¶ 6. Therefore, the only explanation for the Respondent's claim being returned undeliverable is if he mailed his proof of claim after the Hawthorne Mailbox had closed, which would mean it was filed at least nine months after the Bar Date.

8.  The Respondent further states that he sent a proof of claim to a second address "before the deadline of November 30, 2013," over a year after the Bar Date. This

4

ny-1135060

statement further suggests that the Respondent is confused as to the deadline for filing his proof of claim, even though it was clearly listed on the Bar Date Notice that was timely mailed to him. Therefore, the Respondent has not proffered a sufficient justification for filing a proof of claim well after the Bar Date.

9. The Borrower Trust is entitled to the presumption that the Respondent timely received the Bar Date Notice and that it provided an active address for mailing proofs of claim. As reflected in Exhibit 2, the Debtors properly and timely notified the Respondent of the Bar Date, and the notice provided to the Respondent included an address at which the Debtors would have received the Respondent's proof of claim if it had been mailed prior to the Bar Date. KCC mailed the Bar Date Notice to the Respondent at the active address reflected in the Debtors' records. Thus, the Borrower Trust submits that it is entitled to the presumption that the Respondent timely received the Bar Date Notice. Nothing in the Response rebuts the presumption, which remains in favor of the Borrower Trust. Accordingly, the Debtors satisfied due process requirements and the requirements of the Bankruptcy Code and Bankruptcy Rules.

## II.    THE RESPONDENT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

10. The Supreme Court considered the test for determining whether a creditor may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) ("Pioneer"). In Pioneer, the Court explained that Congress, in empowering "the courts to accept late filings 'where the failure to act was the result of excusable neglect,'… plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388. The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an

5

equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii) "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings." Id. at 395.

11. The Second Circuit takes a "hard line" approach in applying the Pioneer test. In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005); see also In re BGI, Inc., 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.). The Second Circuit has observed that three of the Pioneer factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith. In re Enron Corp., 419 F.3d at 122; see also In re BH S & B Holdings LLC, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the Second Circuit has focused on the fourth factor, "the reason for the delay, including whether it was within the reasonable control of the movant." In re Enron Corp., 419 F.3d at 122 (internal citations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal citations omitted). Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting In re Northwest Airlines Corp., 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

12. Here, the Respondent has failed to meet his burden of showing excusable neglect. See In re PT-1 Commc'ns, Inc., 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that the late filer bears the burden of demonstrating excusable neglect); see also In re BH S & B

6

ny-1135060

Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). The Respondent's failure to "follow the clear dictates of a court rule" and provide any justification or arguments as to why he should be permitted to file a late proof of claim in the Chapter 11 Cases does not constitute the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect." In re Enron Corp., 419 F.3d at 122-123; In re BH S & B Holdings LLC, 435 B.R. at 168. The Borrower Trust analyzed the Response and related proof of claim submitted by the Respondent. The Borrower Trust concluded that the Respondent failed to provide evidence to meet the excusable neglect standard.

  **A.** **The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant**

  13. The Debtors served the Bar Date Notice at the correct address for the Respondent. Notwithstanding that timely service was made at a valid address, the Respondent argues that he should be permitted to file a late proof of claim. Mistakes by the recipient of a bar date notice or the recipient's failure to comprehend the notice's importance despite the notice's clear mandates do not constitute excusable neglect. See In re Lehman Bros. Holdings Inc., 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (noting that individual creditor's failure to file proof of claim was within movant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a mistake"); In re Dana Corp., No. 06–10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (lawyers' failure to comprehend significance of bar date notice was not sufficient reason for delay under Pioneer test). Indeed, this Court recently denied similar

7

ny-1135060

requests in these Chapter 11 Cases in instances where the claimant failed to rebut the presumption that the Bar Date Notice was received.[2]

### B. The Danger of Prejudice to the Borrower Trust

14. Although the size of the Respondent's purported claim is small in comparison to the aggregate claims filed in the Debtors' Chapter 11 Cases, the Borrower Trust would be prejudiced if the Court grants the relief requested by the Respondent. Granting the relief sought in the Response would negate the goal of finality that claims' bar dates are intended to instill. See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims). On this basis, the relief sought in the Objection should be granted.

15. The Borrower Trust's concern that granting the relief requested in the Response could open the floodgates to other similar requests is not unfounded. Permitting the Respondent to file a late proof of claim could be construed as an invitation for other parties to

---

[2] See, e.g., Supplemental Order Granting Debtors' Thirty First Omnibus Objection to Claims (Late Filed Borrower Claims) with Respect to Claim No. 6843 of Kenneth Russo Jr. and Rayietta Hill [Docket No. 6000], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. Dec. 4, 2013); Supplemental Order Granting Debtors' Fourth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 4410], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. July 30, 2013); Supplemental Order Granting Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 4411], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. July 30, 2013); Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy [Docket No. 3973], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. June 13, 2013) (finding that "[i]n light of the policy of strict observance of bar dates, and in looking to the standard for excusable neglect," pro se borrower who has "put forward no evidence to rebut the presumption" and provided no viable reason to excuse the delay in filing a proof of claim failed to meet her burden and cannot have leave to file a late claim). See also Transcript of Hearing[2] at 36:17-20, *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. Apr. 30, 2013) (stating "[o]nly in unusual circumstances where ignorance of the rules or mistakes construing the rules constitute excusable neglect.") (citing In re BH S & B Holdings, LLC, 453 B.R. at 168. Accordingly, this factor weighs heavily in favor of denying the relief sought in the Response and granting the relief sought in the Objection.

8

ny-1135060

make similar requests. Indeed, to date, multiple parties have filed requests seeking to file untimely claims. As noted above, this Court denied two of those requests.[3]

16. Similarly, creating uncertainty regarding the ability of other potential claimants to file late proofs of claim, particularly at this stage of the Chapter 11 Cases, could impair the Borrower Trust's ability to efficiently resolve claims and interfere with the process of making distributions to borrower claimants. The Borrower Trust must ensure that similarly situated creditors are treated in a like manner under the terms of the Plan. Making any distributions under the Plan will require finality as to the scope and magnitude of the claims pending against the Borrower Trust, and to the extent that claimants are permitted to file untimely claims, the Borrower Trust will be unnecessarily burdened with having to assess, reconcile and address claims that are otherwise untimely and not to be recognized in a Chapter 11 proceeding. Therefore, the Court should not open the door to untimely proofs of claim.

### C. Whether the Respondent Acted in Good Faith

17. The Borrower Trust does not contend that the Respondent acted other than in good faith; although, the Borrower Trust reserves the right to seek discovery from and depose the Respondent.

### D. The Length of Delay and its Potential Impact on Judicial Proceedings

18. Here, the delay between the Bar Date and the filing of the Respondent's proof of claim is nearly a year.[4] In light of the clear notice provided to all claimants, including

---

[3] A third request was withdrawn by the movant. See Stipulation and Order Resolving (I) Motions by Julio Solano for (A) for Relief from the Automatic Stay and (B) to file a Late Proof of Clam and (II) Adversary Proceeding Filed by Julio Solano [Docket No. 4236], *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. July 15, 2013).

[4] As noted above, the Respondent does not state when he filed his original proof of claim that was allegedly returned undeliverable. Given that he could not have submitted a proof of claim to an address listed on a Bar Date Notice that was returned undeliverable unless he filed it to PO Box 5004, Hawthorne, CA 90250 after the box was closed in August 2013, even if the Court were to assume the earliest date that the alleged original proof of claim

9

ny-1135060

the Respondent, and the time provided to all claimants to file proofs of claim in these Chapter 11 Cases, any length of delay, along with the lack of reasons for the delay and the circumstances justifying the delay, support a finding that this Pioneer factor weighs in favor of the Borrower Trust, particularly given the juncture of the Chapter 11 Cases.  See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

WHEREFORE, the Borrower Trust respectfully submits that the relief sought in the Objection should be granted and the Respondent be barred from asserting any claims against the estates filed subsequent to the Bar Date.

| | |
|---|---|
| Dated:  March 21, 2014<br>        New York, New York | /s/  Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |

---

could have possibly been filed, it would still be at least nine months after the Bar Date.  See Morrow Declaration, ¶ 6 .