**Hearing Date: March 26, 2014 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTIETH OMNIBUS CLAIMS OBJECTION TO RES JUDICATA BORROWER CLAIMS**

ny-1134387

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 3

I.     THE CHAPTER 11 CASES ............................................................................................ 3

II.    BACKGROUND RELATING TO RESPONDENT'S CLAIMS .................................... 4

       A.     Procedural History of Prepetition Litigation............................................................ 4

       B.     Respondent's Proofs of Claim ................................................................................ 8

ARGUMENT ................................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Bagley v. Moxley,
    407 Mass. 633 (1990) ...........................................................................................................10

Beaton v. Land Court,
    367 Mass. 385 (1975) .............................................................................................................4

Blanchette v. School Committee of Westwood,
    427 Mass. 176 (1998) .............................................................................................................9

Cruz v. Melecio,
    204 F.3d 14 (1st Cir. 2000) .....................................................................................................9

DaLuz v. Department of Corrections,
    434 Mass. 40 (2001) ...............................................................................................................9

Epps v. Bank of America et al.,
    2013 WL 7196330 (Mass Super. June 18, 2013) ..................................................................10

Kremer v. Chemical Construction Corp.,
    456 U.S. 461 (1982) ................................................................................................................9

O'Brien v. Hanover Insurance Co.,
    427 Mass. 194 (1998) .....................................................................................................10, 13

Porn v. National Grange Mutual Insurance Co.,
    93 F.3d 31 (1st Cir. 1996) .....................................................................................................10

Shaw v. First Marathon Inc.,
    No. 02-P-365, 2003 WL 22833653 (Mass. App. Ct. Nov. 26, 2003) ...............................10, 13

**OTHER AUTHORITIES**

MASS. R. APP. P. 4 ........................................................................................................................13

Mass. R. Civ. P. 62(a) ..................................................................................................................12

Mass. Gen. L. c. 185 ......................................................................................................................5

Mass. Gen. L. c. 244 ......................................................................................................................6

Restatement (Second) of Judgments §24 ....................................................................................10

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to borrower claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") to the *Opposition and Memorandum of Allison L. Randle to the ResCap Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata Borrower Claims)* [Docket No. 6665] (the "Response") interposed by Allison L. Randle ("Respondent") to the *ResCap Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata Borrower Claims)* [Docket No. 6457] (the "Objection") and in further support of the Objection. The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Respondent, the Borrower Trust reserves the right to take discovery from the Respondent.

2. As will be demonstrated below, as a matter of law, the facts at hand warrant the application of res judicata to Respondent's Proofs of Claim (as defined below). In this instance, Respondent and GMAC Mortgage, LLC ("GMACM") were parties to prepetition lawsuits, one commenced by GMACM against Respondent, followed by a separate action commenced by Respondent against GMACM, discussed in greater detail herein. A Final Judgment (as defined below) on the merits was entered in GMACM's favor before the Petition Date on issues identical to those in the Proofs of Claim. Respondent failed to timely appeal the Final Judgment, and since Respondent's right to appeal expired before the Petition Date, the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

1

Final Judgment stands and has preclusive effect in these Chapter 11 Cases. Since all elements of the doctrine of res judicata are satisfied under these circumstances – namely, the identity of parties, identity of cause of action, and entry of a final judgment on the merits – this doctrine precludes Respondent from asserting claims against the Borrower Trust that have already been litigated and resolved against Respondent.

3. In her Response, Respondent contests the applicability of the doctrine of res judicata and attempts to distinguish the "identity of cause of action" element of the doctrine. Specifically, Respondent argues that the claims underlying her Proofs of Claim are separate and distinct from those that formed the basis for her complaint in the Randle Action (as defined below). This argument is both misleading and invalid. As is discussed herein, the Proofs of Claim are based on alleged wrongful title to the mortgage securing her Property (as defined below), and wrongful seizure and sale of that Property, as a result of the sale that occurred in October of 2011. The claims addressed on the merits in the Randle Action include, among other things, Respondent's dispute over GMACM's title to the mortgage and GMACM's right to seize and foreclose her Property. The Final Judgment entered in favor of GMACM, which affirmed its right to sell the Property through a foreclosure sale, decided the very issues that form the bases of the Proofs of Claim. The fact that the sale of the Property occurred in October of 2011, close to a year after the Final Judgment was entered and became final and non-appealable, does not negate the common identity of the cause of action addressed in the Randle Action and the Proofs of Claim. Without a finding by the MA Land Court (as defined below) that GMAC Mortgage, LLC ("GMACM") held proper title at the time of foreclosure, it would never have been able to proceed with the foreclosure. Since the foreclosure was sanctioned by the MA Land Court, there could not have been a wrongful seizure or sale of the Property. Ms. Randle had an adequate

2

opportunity to contest the state court's findings, well before the Petition Date and cannot revive previously adjudicated matters through the Proofs of Claim.

4. In addition, Respondent's argument that res judicata does not preclude her claim against Residential Funding Company, LLC ("RFC") because RFC was not a party to either prepetition lawsuit is equally misleading. Res judicata applies to Respondent's asserted claim against RFC because Respondent's argument is an attempt to utilize the same set of operative facts that were considered by the MA Land Court in its Final Judgment, and found in favor of GMACM, and assert another cause of action. RFC, as a direct subsequent transferee of the Property from GMACM, received valid title to the Property, and with that, the right to sell it. Moreover, Respondent's assertion that an appeal is still pending is incorrect. Ms. Randle filed notices of appeal with the appropriate court; however, such filings were untimely, and therefore, her right to appeal expired.

5. For these reasons, along with those set forth herein, the elements of res judicata are satisfied and the doctrine precludes the Proofs of Claim from being asserted in these Chapter 11 Cases.

## BACKGROUND

### I.    THE CHAPTER 11 CASES

6. On December 11, 2013, the Court entered the Confirmation Order approving the terms of the Chapter 11 Plan, as amended, filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

7. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of borrowers who filed borrower claims to the extent

3

ny-1134387

such claims are ultimately allowed either through settlement by the Trustee for the Borrower Trust or pursuant to an order of the Court. See Plan, Art. IV.F.

## II. BACKGROUND RELATING TO RESPONDENT'S CLAIMS

### A. Procedural History of Prepetition Litigation

8. On or about January 14, 2008, GMACM filed a complaint[2] in the Commonwealth of Massachusetts, the Trial Court, Land Court Department (the "MA Land Court") against Respondent, styled *GMAC Mortgage, LLC v. Allison L. Randle*, Misc. Case No. 2008 MISC 369658-GHP (the "Foreclosure Action").[3] GMACM, in seeking to foreclose a mortgage on Respondent's primary residence located at 83-85 Whitney Street, Unit 83, Northborough, Massachusetts, 01532 (the "Property"), sought a determination that Respondent was not entitled to the benefit of the Servicemembers Civil Relief Act, Sec. 50 U.S.C. App. §§ 501 *et seq.*, and Acts 1942, c. 57, §§ 1-3, both as amended. Respondent removed the Foreclosure Action to the United States District Court for the District of Massachusetts, No. 4:2008-cv-40102-DFS. The United States District Court for the District of Massachusetts then remanded the Foreclosure Action to the MA Land Court. Respondent was represented by counsel in the Foreclosure Action. See Exhibit 4 (Notices).

---

[2] Massachusetts is a non-judicial foreclosure state, meaning that a foreclosure occurs without any judicial process. The so-called "Foreclosure Complaint" is not a statutory requirement to foreclose. Rather, it merely prevents a post-foreclosure cloud on title as a result of a claim under the Servicemembers Civil Relief Act. See Beaton v. Land Court, 367 Mass. 385, 390-91 (1975).

[3] The Foreclosure Action was brought after GMACM, through counsel, sent a notice letter to Respondent on November 21, 2007, informing her that she had thirty days to bring her loan current or pay off the loan, or otherwise face foreclosure. The letter specifically advised Respondent that unless the account was brought current in the next thirty days, GMACM would accelerate payment and sell all property encumbered by the mortgage at a foreclosure sale.

4

ny-1134387

9. On August 10, 2009, the MA Land Court entered an order demanding Respondent to show cause why a judgment authorizing foreclosure should not be issued in the Foreclosure Action.[4]

10. On or about August 12, 2009, Respondent filed a complaint (the "Randle Action") in the MA Land Court against GMACM, annexed hereto as Exhibit 1, styled *Allison L. Randle v. GMAC Mortgage, LLC*, Case No. MISC-09-408202 (GHP), seeking *inter alia* equitable relief in the form of a declaration that GMACM lacked standing to foreclose.[5] Specifically, Respondent alleged, among other things, that GMACM did not hold any claim to the mortgage relating to the Property,[6] and, due to faulty title, lacked standing to bring the Foreclosure Action. Respondent also requested a temporary restraining order, seeking to enjoin GMACM from conducting the foreclosure sale on the published August 24, 2009 date. Respondent was represented by counsel in the Randle Action. See Exhibit 1; Exhibit 4.

11. On August 24, 2009, the MA Land Court presided over a hearing in the Randle Action, ultimately denying Respondent's injunction request and permitting GMACM to hold the foreclosure sale. The foreclosure sale, however, was not completed at that time.

12. On September 17, 2009, the MA Land Court entered a Judgment for Entry and Sale in the Foreclosure Action (the "Foreclosure Order"). The Foreclosure Order was later amended so as to have the effective date of October 12, 2010.

---

[4] The limited issue to be resolved was whether any interested person was entitled to relief under the Act.

[5] The MA Land Court has limited jurisdiction. See MASS. GEN. L. c. 185, § 1. Except in limited circumstances not applicable here, the MA Land Court has no power to award monetary damages.

[6] The mortgage secured a loan in the original principal amount of $150,000.00 granted to Respondent by Sherwood Mortgage Group, Inc. on April 8, 2003.

5

13. On April 1, 2010, GMACM filed a motion for summary judgment in the Randle Action (the "GMACM SJ Motion"). On May 4, 2010, the MA Land Court held a hearing on the GMACM SJ Motion.

14. On October 12, 2010, the MA Land Court entered a decision with respect to the Randle Action (the "Final Judgment"), annexed hereto as Exhibit 2, ruling on the issues set forth in the GMACM SJ Motion. The Final Judgment rendered decisions on the issues of (i) whether Respondent's claimed right to challenge GMACM's standing to file the Foreclosure Action requires a judgment in the Randle Action, declaring the foreclosure invalid, and (ii) whether Respondent was entitled to the ninety-day right to cure set forth in the relevant version of MASS. GEN. L. c. 244, §35A ("Foreclosure and Redemption of Mortgages").[7] The MA Land Court determined, among other things, that: (i) the foreclosure was not invalid; (ii) GMACM's standing to bring the Foreclosure Action is not a live issue in the matter, since GMACM held the subject mortgage when it published notices of, and when it conducted, the foreclosure sale; and (iii) Respondent was not entitled to the ninety-day cure period because (a) of Respondent's mortgage payment delinquency and (b) MASS. GEN. L. c. 244, §35A went into effect months after the debt was accelerated. In addition, the MA Land Court found that Respondent does not have, and never had, any status that would entitle her to the benefits of the Servicemembers Civil Relief Act.[8] The Final Judgment was entered in both the Randle Action and Foreclosure Action dockets. See Exhibit 5, Randle Action and Foreclosure Action dockets.

---

[7] Section 35A of MASS. GEN. L. c. 244 is titled: "Right of residential real property mortgagor to cure a default; good faith effort to negotiate for commercially reasonable alternative to foreclosure; response from borrower; affidavit upon initiation of foreclosure proceedings; acceleration of maturity of balance prohibited; notice."

[8] Specifically, the MA Land Court held that even if Respondent obtains the full relief she seeks in the Foreclosure Action, *i.e.*, to have the judgment vacated and to require GMACM to commence a whole new case by filing a new complaint, that would not affect the validity of the foreclosure that GMACM already has made, nor of any foreclosure that GMACM may conduct in light of the failure to consummate the first foreclosure sale. See Exhibit 2.

6

ny-1134387

15. On October 26, 2010, Respondent filed a motion for reconsideration and/or to alter or amend the Final Judgment entered in the Randle Action. After reviewing the pleadings filed by both Respondent and GMACM, on August 25, 2011, the MA Land Court issued a denial of Respondent's motion for reconsideration of the Final Judgment. See Exhibit 3, Order Denying Motion for Reconsideration ("[T]he Motion for Reconsideration and/or to Alter or Amend the Judgment is DENIED, Substantially for the Reasons set forth at Length in the Opposing Papers Filed by GMAC Mortgage, LLC. The Judgment as Previously Entered is to Stand without Alteration."). See Exhibit 6, GMACM Objection to Respondent's Reconsideration Motion.

16. Respondent had thirty (30) days, *i.e.*, until September 26, 2011,[9] to appeal this decision denying her motion for reconsideration and/or to alter or amend the Final Judgment. See MASS. R. APP. P. 4(a) ("In civil cases, unless otherwise provided by the statute, the notice of appeal shall be filed with the clerk of the lower court within 30 days from the date of the entry of judgment appealed from."). Respondent, through counsel, sent two notices of appeal (the "Notices") to the MA Land Court, annexed hereto as Exhibit 4, each dated September 23, 2011, to request an appeal of the Final Judgment in each of the Randle Action and Foreclosure Action. The Notices were received by the MA Land Court and docketed on September 27, 2011, *i.e.*, after the expiration of the appeal period. See Exhibit 5.

17. On October 26, 2011, pursuant to the Final Judgment, GMACM lawfully seized and gained possession of the Property pursuant to a foreclosure sale. Subsequently, GMACM transferred its valid interest in title to the Property to RFC by foreclosure deed dated January 23, 2012.

---

[9] Thirty (30) days following August 25, 2011 fell on Saturday, September 24, 2011. For this reason, it is likely that Respondent would have had to perfect her appeal by Monday, September 26, 2011.

7

ny-1134387

**B.    Respondent's Proofs of Claim**

18.    On or about November 9, 2012, prior to the General Bar Date, Respondent filed two proofs of claim (together, the "Proofs of Claim") on the Claims Register maintained by KCC.  One claim, Claim No. 4133, was filed against GMACM as a general unsecured claim in the amount of $234,200.00 on the basis of alleged wrongful foreclosure of real property.  The other claim, Claim No. 4199, was filed against RFC as a general unsecured claim in the amount of $234,200.00 on the basis of alleged wrongful and/or invalid claim of title to real property.  The Proofs of Claim were each comprised of only the single-page proof of claim form.  Neither Claim No. 4133 nor Claim No. 4199 included any supporting documentation.

19.    On September 20, 2013, the Debtors filed the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [Docket No. 5162] (the "Fiftieth Omnibus Claims Objection"), which objected to Respondent's Claim No. 4199 on the basis that the Debtors' books and records reflected that none of the Debtors had any existing valid legal or equitable obligation to Respondent, and therefore, were not liable for any claim.

20.    On October 23, 2013, Respondent filed a response to the Fiftieth Omnibus Claims Objection [Docket No. 5468] (the "Response").  In the Response, Respondent claimed that RFC wrongfully seized and sold Respondent's primary residence, whereby RFC based its ability to sell the property in question on an allegedly ineffective assignment of interest in and to a certain mortgage deed.  Respondent further alleges that the Debtors never held any valid right, title or interest in the Property, and the sale should be invalidated and voided.  Respondent appended to the Response what appears to be her answer to the Debtors' Request Letter and related documents allegedly in support of Respondent's Claim No. 4199.

21.    On December 12, 2013, Defendants withdrew the Fiftieth Omnibus Claims Objection without prejudice as to Claim No. 4199 [Docket No. 6073].

8

22. On February 10, 2014, the Borrower Trust filed the Objection, objecting to certain borrower claims, including those filed by Respondent, on the basis that a final judgment had been entered in connection with such claims, and, because the appeals period to challenge that judgment had expired, such claims were precluded by the doctrine of res judicata.

23. On or about March 14, 2014, Respondent filed the Opposition, asserting, among other things, that (i) an appeal was still pending with respect to the Final Judgment, (ii) the bases of her Proofs of Claim arose as a result of the seizure and sale of the Property on October 26, 2011, events and claims that occurred subsequent to the date of the Final Judgment, *i.e.*, October 12, 2010, and (iii) RFC was not a named party to the prepetition lawsuits.

## ARGUMENT

24. A federal court looks to state law in deciding the res judicata (or claim preclusive) effect of a state court judgment. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-482 (1982); see also Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in federal court."). Under Massachusetts law, "[t]hree elements are essential for invocation of claim preclusion: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." DaLuz v. Dep't of Corr., 434 Mass. 40, 45 (2001). With regard to the second element (identity of cause of action), "[t]he judicial doctrines concerning the preclusive effect of a prior adjudication are encompassed under the doctrine of res judicata, which covers both claim preclusion and issue preclusion. Blanchette v. Sch. Comm. of Westwood, 427 Mass. 176, 179 n.3 (1998). Specifically, claim preclusion prevents relitigation of all matters "based on the same claim that was the subject of an earlier action between the same parties *or their privies*. . . ." and "issue preclusion prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on

9

a different claim, between the same parties *or their privies*." Bagley v. Moxley, 407 Mass. 633, 636-37 (1990) (emphasis added) (citing Heacock v. Heacock, 402 Mass. 21, 23 n. 2, 520 N.E.2d 151 (1988)). In addition, a valid and final judgment extinguishes subsequent claims "'with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996), quoting Restatement (Second) of Judgments § 24.

25. In addition, Massachusetts state courts, similar to those in a majority of the states, follow the federal rule that, for purposes of issue preclusion, "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal." O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200-01 (1998). See also Shaw v. First Marathon Inc., No. 02-P-365, 2003 WL 22833653, at *2 (Mass. App. Ct. Nov. 26, 2003) (finding a prior decision entered in another jurisdiction "can be deemed a 'final judgment' even though that decision is currently being appealed.") (internal citation omitted).

26. In comparing the (1) identity of parties, (2) identity of the cause of action, and (3) existence of a prior final judgment on the merits as such relate to the Randle Action and the Proofs of Claim, each element of res judicata has been satisfied. With respect to the first element, both Respondent and GMACM were parties to the Randle Action, and Respondent is attempting to assert (the very same) claims and raise (the very same) issues against the Debtors' estates in the Chapter 11 Cases. Therefore, since the parties, Respondent and GMACM, are identical, the first element is met. RFC also gets the benefit of this element because its interests were represented by GMACM in the Randle Action. See Epps v. Bank of America et al., 2013 WL 7196330, at *3 (Mass Super. June 18, 2013), (citing Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 249-50) ("privity applies where a party's interest was represented by a party in the prior

10

ny-1134387

litigation"). Respondent's claim against RFC is that it holds invalid title to the Property as a result of what Respondent asserts was GMACM's wrongful foreclosure of the Property – the very same foreclosure that the MA Land Court deemed, and explicitly found, would be proper because of GMACM's lawful right to sell the Property. Although RFC was neither a party to the Foreclosure Action nor the Randle Action, it received lawful title to the Property from GMACM, conveyed by foreclosure deed dated January 23, 2012, subsequent to the date the Final Judgment was entered and subsequent to the lapsed appeals period. Since valid title was conveyed from GMACM to RFC, Respondent's claims, which the MA Land Court concluded in the Final Judgment failed against GMACM, equally fail against RFC. For these reasons, the first element of res judicata is satisfied as to GMACM and as to RFC by virtue of its privity with GMACM.

27. Looking to the second element of res judicata, the identity of the cause of action, Respondent argues in the Opposition that this factor is not satisfied. Specifically, Respondent contends that the allegedly wrongful activities that are the bases of her Proofs of Claim – namely, allegedly wrongful seizure, foreclosure, and sale of Respondent's Property – occurred on a date <u>subsequent</u> to that Final Judgment, and therefore, the bases of the Proofs of Claim are distinct from the claims that spurred the commencement of the Randle Action. <u>See</u> Response at 2, 3. Respondent further contends that the issues resolved by the Final Judgment are separate and apart from those presented in her Proofs of Claim. <u>See id.</u>

28. A review of the issues discussed by the MA Land Court in the Final Judgment undermines Respondent's contention. Upon determining the merits of GMACM SJ Motion, the MA Land Court had to analyze and determine issues concerning, among other things, the right of GMACM to foreclose on the Property and validity of the foreclosure and title

11

issues. These questions were decided on the merits in the Debtors' favor and ultimately resulted in GMACM's sale of the Property. Specifically, the MA Land Court ruled, among other things:

> The position of GMAC Mortgage is correct. Randle has not demonstrated that the foreclosure should be declared invalid . . . because, even assuming *arguendo* that GMAC Mortgage was unable to . . . establish standing to bring a servicemembers action, GMAC Mortgage's lack of standing would not affect the validity of the foreclosure sale because GMAC Mortgage held the mortgage when it published notices of, and when it conducted, the foreclosure sale.

See Exhibit 2, Final Judgment, at 14-15.

29. The Proofs of Claim assert alleged wrongful and/or invalid claim of title to real property and wrongful foreclosure. These claims <u>are identical</u> to those raised in the Randle Action complaint and those resolved in the Final Judgment. There is no basis to find the Proofs of Claim unrelated to that lawsuit. Respondent has failed to demonstrate that the facts and issues underlying her Proofs of Claim are, in fact, separate and apart from the Randle Action involving the Debtors. Accordingly, the second element of res judicata is satisfied.

30. As to the third element of res judicata (a prior binding judgment), the Final Judgment entered by the MA Land Court was a final judgment on the merits against Respondent. There is no dispute that on October 12, 2010, the MA Land Court entered a final judgment in this action, denying the validity of Respondent's arguments and claims and ultimately finding in the Debtors' favor and granting summary judgment. Specifically, the Final Judgment (i) granted GMACM's SJ Motion as to its right to foreclose on Respondent's Property and (ii) denied Respondent's allegations in Respondent's complaint. Respondent's motion for reconsideration and/or to alter or amend the Final Judgment was also denied. See Exhibit 3.

31. In the Response, Respondent reads Rule 62(a) of the Massachusetts Rule of Civil Procedure to mean that a judgment entered is stayed during the pendency of an appeal. See Mass. R. Civ. P. 62(a). As an initial matter, Rule 62(a) states, among other things, that if a

12

judgment is subject to a pending appeal, only the *execution* of an action called for by the judgment, or measures called for to effectuate that judgment, is stayed. In no place does Rule 62(a) say that the judgment itself is stayed, or that an appeal renders the judgment non-final. As stated above, Massachusetts state courts hold judgments entered on the merits to be final for res judicata purposes, even if those judgments are currently being appealed. See O'Brien v. Hanover Ins. Co., 427 Mass. At 201; see also Shaw v. First Marathon Inc., No. 02-P-365, 2003 WL 22833653, at *2. Accordingly, even if Respondent were correct in her assertion that an appeal is currently pending in the Randle Action, the existence of an appeal would not remove the "finality" of the Final Judgment, and therefore, res judicata applies.

        32.    Respondent had thirty (30) days in which to file and perfect notice of appeal. See MASS. R. APP. P. 4. As the date-stamp on the Notices and respective MA Land Court dockets indicate, Respondent, or her counsel, failed to perfect the Notices in a timely manner, and accordingly, failed to timely appeal the Final Judgment. Respondent has not provided any supporting documentation, either in the Proofs of Claim or in the Response, pointing to the existence of a pending appeal of the Randle Action or Foreclosure Action in the Massachusetts Appeals Court, whether in the form of a docket entry relating to either matter in this appellate court or any other evidence. The facts at hand instead demonstrate that Respondent's claims have already been litigated, a final judgment entered, and the applicable appeals period has expired. Respondent should not get another bite at the apple. Further, as noted above, since the expiration of the appeals period occurred prior to the commencement of the Chapter 11 Cases, Respondent's right to appeal was not stayed as of the Petition Date.

13

ny-1134387

33. For these reasons, the principle of res judicata applies to Respondent's Proofs of Claim, and the relief sought in the Objection should be granted with respect to Respondent.

Dated: March 24, 2014

New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*