# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In Re:

EVERBANK, INC., et al.

                       Debtors

———————————————————— x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

                 Movant, In Pro Se

   v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

                 Respondent.

———————————————————— x

Chapter 11

Case No. 12-12020 MG

<u>Return Date and Time</u>
April 10, 2014 at 10 a.m.

<u>Objection Deadline</u>

April 4, 2014, 12:00 p.m.

Docket No.: 6535

[RECEIVED STAMP: MAR 19 2014, U.S. BANKRUPTCY COURT SO DIST OF NEW YORK]

## NOTICE OF EX PARTE MOTION FOR EMERGENCY RELIEF FROM AUTOMATIC STAY

PLEASE TAKE NOTICE that upon the annexed EX PARTE MOTION FOR EMERGENCY RELIEF FROM AUTOMATIC STAY of Reverend Yosef Le Roi Mustafanos, Movant, the Honorable Martin Glenn, United States Bankruptcy Judge, shall rule on said Motion on April 10,

2014 at 10 AM.

PLEASE TAKE FURTHER NOTICE that the Ex Parte Motion For Emergency Relief From Automatic Stay shall be ruled on at the following time and place:

| | |
|---|---|
| United States Bankruptcy Court | Room: 501 |
| Southern District of New York | Judge: Martin Glenn |
| One Bowling Green | Date and Time: |
| New York, NY 10004-1408 | April 10, 2014 at 10 AM |

Reverend Yosef Le Roi Mustafanos, In Pro Se

5400 Railroad Street

Silver Springs, Nevada 89429

Ph:775-848-5940 Fax:775-577-9926

aoexpress@ymail.com

_____3/14/14_____       By: _____Rev. Yosef Mustafanos_____
Date                          Reverend Yosef Mustafanos, In Pro Se

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

_____x     Chapter 11

In Re:                                       Case No. 12-12020 (MG)

EVERBANK, INC., et al.

        Debtors

_____x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

        Movant, In Pro Se

    v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

        Respondent.

_____x

RECEIVED MAR 19 2014 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

### EX PARTE MOTION OF THE MOVANT YOSEF LE ROI MUSTAFANOS FOR AN ORDER SHORTENING THE NOTICE PERIOD FOR CERTAIN EMERGENCY RELIEF FROM THE AUTOMATIC STAY

### BACKGROUND

1. SGT. James Jackson Marshall (Mr. Marshall), an incompetent man, wartime veteran and Senior citizen, on or about the beginning of 2004, was aided by his children in regards to

The purchase of a house described as: 10827 S.E. Bush Street Portland, Oregon 97266.

2. The mortgage was financed through Sierra Pacific Mortgage at a fixed 5% interest rate.

3. GMAC Mortgage contacted Mr. Marshall during the month of February 2004 and Convinced him, without the knowledge of his children, to replace the first position loan Financed through Sierra Pacific Mortgage with an adjustable interest rate Loan, which became toxic, because Mr. Marshall was on a fixed income.

4. On March 3, 2004, GMAC Mortgage went to Mr. Marshall's house picked him up and Transported him to the GMAC Mortgage office and had him sign the mortgage deed of Trust without aid and attendance from his children. It is uncertain what day the loan note and the adjustable rate rider agreement was signed due to the absence of a notary Certification. It is uncertain if Mr. Marshall's signature was not copied and pasted to the Documents.

5. GMAC Mortgage should have clearly noticed that Mr. Marshall would hallucinate, was unable to hold his attention and would drift off into sleep.

6. Mr. Marshall's children discovered the problematic mortgage holder change and the increase in the monthly payments while he was in the hospital suffering from a stroke.

7. Mr. Marshall was no longer able to live within his budget. His mortgage was being automatically deducted from his retirement by Mortgage Electronic Registration Systems, Inc.

8. Mr. Marshall was hurt emotionally over the difficulties involving his house. He had never struggled with home purchases and financing in the past and he became very

depressed, and he would not eat at times which made his stay at his house a medical risk, considered that he suffered from diabetes and kidney failure which demanded frequent dialysis.

9. The Children of Mr. Marshall moved him to a convalescence hospital in Carmichael, California to be closer to his oldest son.

10. Mr. Marshall, soon after died on March 20, 2010 in the convalescence hospital in Carmichael, California.

11. The mortgage was assigned more than once. Everbank, Inc. is the mortgage holder and they began foreclosure in August of 2010.

12. A Probate Affiants Deed was filed against the property of the decedent by Reverend Yosef Le Roi Mustafanos, pending investigation and litigation.

13. March 2012 Reverend Yosef Le Roi Mustafanos, discovered senior abuse and fraud in the transactions involving GMAC Mortgage and began a counterclaim against Everbank.

14. September 2013, the Multnomah County Court granted leave to amend to include ALLY Financial, Inc. (GMAC Mortgage, Inc.) in counterclaim.

15. October 2013, Ally Financial defaults by not responding to the summons in a timely manner.

16. January 2014, the Multnomah County Court granted leave to amend counterclaim to describe the relationship between Ally Financial, Inc. and GMAC Mortgage, Inc.

17. February 2014, Reverend Mustafanos discovers that Ally Financial, Inc. settled and consented to the charges of fraud and unfair lending against the United States consumers by its subsidiaries and daughter companies as well as GMAC Mortgage, Inc. and settled

for $25 billion dollars with the United States Attorneys General on April 4, 2012.

18. February 2014, Reverend Mustafanos discovered that Ally Financial, Inc. consented to permit lawsuits and claims being brought against them by individuals, class action and associations for injurious conduct inflicted by GMAC Mortgage, Residential Capital, Inc.

19. February 2014, Reverend Yosef Mustafanos discovered via internet that GMAC Mortgage, Inc and Residential Capital, Inc. filed chapter 11 Bankruptcy on May 12, 2012.

20. February 2014, Reverend Mustafanos received a phone call from Ally Financial, Inc. attorney threatening to contact the bankruptcy court and have Judge Glenn to hold him in contempt, if Reverend Mustafanos does not dismiss the civil action against Ally Financial, Inc, GMAC Mortgage and Residential Capital, Inc. with Prejudice.

21. Reverend Yosef Mustafanos have never seen or received the Bankruptcy Plan nor the Court's Confirmation Order, as alleged in the February 24, 2014 letter sent by the law firm Kirkland & Ellis LLP. See Exhibit C.

22. The willful and malicious act committed against a war time veteran, senior citizen and His estate is not, cannot, must not and shall not be shielded by a bankruptcy.

## RELIEF REQUESTED

23. By this Motion, Reverend Yosef Le Roi Mustafanos requests the immediate entry of an Order shortening the 21-day notice period provided under paragraph 32 of the Case Management Order such that the relief requested in the Emergency Motion may be heard at a hearing on March 11, 2014 at 1030 a.m. (ET), and requiring that objections to the

Emergency Motions, if any, be filed with the Court no later than March 10, 2014 at 4:00 p.m. (ET).

24. Paragraph 23 of the Case Management Order permits parties to request shortened notice periods.

25. For the reasons described in the Affirmation of Reverend Yosef Le Roi Mustafanos in support of the motion for relief from the automatic stay, a copy of which is attached hereto as Exhibit "A," Reverend Mustafanos believes that shortening notice as requested herein is warranted under the circumstances and adequate to provide interested parties with an opportunity to respond to the relief requested in the Emergency Motions.

## JURISDICTION AND VENUE

26. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. 1334.

27. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. 157(b).

28. Venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

## NO PRIOR REQUEST

29. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, the Movant respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Movants as the Court may deem proper.

Dated: Silver Springs, Nevada

February 27, 2014

THE ESTATE OF SGT. JAMES
JACKSON MARSHALL

BY: _Rev. Yosef LeRoi Mustafanos_

Reverend Yosef Le Roi Mustafanos,

Personal Representative and Son of the

Decedent James Jackson Marshall, In

Pro Se.  5400 Railroad Street

Silver Springs, Nevada 89429

Ph:775-848-5940 Fax:775-577-9926

aoexpress@ymail.com

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

_____x          Chapter 11

                                                                     Case No. 12-12020

In Re:

EVERBANK, INC., et al.,

        Debtors

_____x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

        Movant, In Pro Se

    v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

        Respondent.

_____x

## AFFIRMATION IN SUPPORT OF THE MOTION OF MOVANT REVEREND YOSEF LE ROI MUSTAFANOS, PERSONAL REPRESENTATIVE FOR THE ESTATE OF SGT. JAMES JACKSON MARSHALL

### RELIEF FROM AUTOMATIC STAY

REVEREND YOSEF L. MUSTAFANOS, Personal Representative for Estate of SGT. James Jackson Marshall, in the United States District Court for the Southern District of New York

affirms the following under penalty of perjury that:

1. I am the Court appointed Legal Representative for the Estate of James Jackson Marshall.

2. I am familiar with the facts and circumstances surrounding the within proceedings and make this affirmation in support of the Estate of Sgt .James Jackson Marshall's application for relief from the automatic stay.
The instant motion arises out of the voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code and is necessitated by the fact that the Debtor, who is the assigned the mortgage published that it anticipates bearing the entire burden of the fraudulent conduct claim that they had no part in committing.

3. Pursuant to sections 362 (d)(1) and (2), and of Title 11 of the U.S. Bankruptcy Code, the movant in the above-captioned case, by this motion seeks relief from the automatic stay to: (1) exercise all rights including, the fulfillment of the promise made by SGT. James Jackson Marshall Estate, to assist dislocated veterans and provide transportation for disabled veterans who struggle trying to exist; and (2) for such other and further relief that this Court deems just and equitable.

4. Intervention of this Court is required at this time given the condition of the estate, it would be unable to fulfill the promises and pledges to aid and assist dislocated veterans.

5. The Debtor is unwilling to assist the movant in any manner such as reduce the principle with the underwater mortgage.

6. The Estate has made commitments to provide transportation for disabled veterans.

7. Accordingly, the estate of SGT. James Jackson Marshall requires immediate relief from the automatic stay.

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. 1334.

9. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. 157(b).

10. Venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

11. Unless the Estate of SGT. James Jackson Marshall is granted the relief requested, the Estate of SGT. James Jackson Marshall, will be in ruins, because of the fraudulent conduct of Ally Financial, Inc, GMAC Mortgage, Inc, and Residential Capital, Inc.

## BACKGROUND

12. SGT. James Jackson Marshall (Mr. Marshall), an incompetent man, wartime veteran and senior citizen, on or about the beginning of 2004, was aided by his children in regards to the purchase of a house described as: 10827 S.E. Bush Street Portland, Oregon 97266.

13. The mortgage was financed through Sierra Pacific Mortgage at a fixed 5% interest rate.

14. GMAC Mortgage contacted Mr. Marshall during the month of February 2004 and convinced him, without the knowledge of his children, to replace the first position loan financed through Sierra Pacific Mortgage with an adjustable interest rate loan, which became toxic, considering that Mr. Marshall was on a fixed income.

15. On March 3, 2004, GMAC Mortgage went to Mr. Marshall's house picked him up and transported him to the GMAC Mortgage office and had him sign the mortgage deed of trust without aid and attendance from his children. It is uncertain what day the loan note and the adjustable rate rider agreement was signed due to the absence of a notary certification. Mr. Marshall's signature may have been copied or pasted to the documents.

16. GMAC Mortgage should have clearly noticed that Mr. Marshall would hallucinate, was

unable to hold his attention and would drift off into sleep.

17. Mr. Marshall's children discovered the problematic mortgage holder change and the increase in the monthly payments while he was in the hospital suffering from a stroke.

18. Mr. Marshall was no longer able to live within his budget. His mortgage was being automatically deducted from his retirement by Mortgage Electronic Registration Systems, Inc.

19. Mr. Marshall was hurt emotionally over the difficulties involving his house. He had never struggled with home purchases and financing in the past and he became very depressed, and he would not eat at times which made his stay at his house a medical risk, considered that he suffered from diabetes and kidney failure requiring dialysis.

20. The Children of Mr. Marshall moved him to a convalescence hospital in Carmichael, California to be closer to his oldest son.

21. Mr. Marshall, soon after died on March 20, 2010 in the convalescence hospital in Carmichael, California.

22. The mortgage was assigned more than once. Everbank, Inc. is the mortgage holder and they began foreclosure in August of 2010.

23. A Probate Affiants Deed was filed against the property of the decedent by Reverend Yosef Le Roi Mustafanos, pending investigation and litigation.

24. March 2012 Reverend Yosef Le Roi Mustafanos, discovered senior abuse and fraud in the transactions involving GMAC Mortgage and began a counterclaim against Everbank.

25. September 2013, the Multnomah County Court granted leave to amend to include ALLY Financial, Inc. (GMAC Mortgage, Inc.) in counterclaim.

26. October 2013, Ally Financial defaults by not responding to the summons in a timely manner.

27. January 2014, the Multnomah County Court granted leave to amend counterclaim to describe the relationship between Ally Financial, Inc. and GMAC Mortgage, Inc.

28. February 2014, Reverend Mustafanos discovers that Ally Financial, Inc. settled and consented to the charges of fraud and unfair lending against the United States consumers by its subsidiaries and daughter companies as well as GMAC Mortgage, Inc. and settled for $25 billion dollars with the United States Attorneys General on April 4, 2012.

29. February 2014, Reverend Mustafanos discover discovered that Ally Financial, Inc. consented to permit lawsuits and claims being brought against them by individuals, class action and associations for injurious conduct inflicted by GMAC Mortgage, Residential Capital, Inc.

30. February 2014, Reverend Yosef Mustafanos discovered via internet that GMAC Mortgage, Inc and ResCap, Inc. filed chapter 11 Bankruptcy on May 12, 2012.

31. February 2014, Reverend Mustafanos received a phone call from Ally Financial, Inc. attorney threatening to contact the bankruptcy court Judge Glenn to hold him in contempt, if Reverend Mustafanos does not dismiss the civil action against Ally Financial, Inc, GMAC Mortgage and Residential Capital, Inc. with Prejudice.

32. Reverend Yosef Mustafanos have never seen or received the Bankruptcy Plan nor the Court's Confirmation Order, as alleged in the February 24, 2014 letter sent by the law firm Kirkland & Ellis LLP. See Exhibit C.

33. The willful and malicious act committed against a war time veteran, senior citizen and His estate is not, cannot, must not and shall not be shielded by a bankruptcy.

## **RELIEF REQUESTED**

**Order Granting Relief from the Automatic Stay for Movants to have the Right to Complete and fulfill Contracts, Promises and Continue to Pursue the Parties in the Matter: Everbank, Inc. v. Yosef Le Roi Mustafanos, et al. Case No. 1205-08597, Multnomah County Circuit Court**

34. Cause exists for the Court to grant the Movants relief from the automatic stay in order to exercise all rights including without limitation, to terminate and fulfill Contracts, and to reserve all of its rights pertaining to said Contract.

35. Pursuant to section 362 of the Bankruptcy Code, upon request of party in interest, the Court can grant relief from the stay if there is inadequate protection of an interest in the property of a party in interest; the debtor does not have equity in the property; and the property is unnecessary to an effective reorganization.

36. Given the fact that the Debtor is not willing to reduce the principle and interest on the underwater mortgage, movant seeks relief.

37. Pursuant to sections 362 (d)(1) and (2), and of Title 11 of the U.S. Bankruptcy Code, the movant in the above-captioned case, by this motion seeks relief from the automatic stay to: (1) exercise all rights including, the fulfillment of the promise made by SGT. James Jackson Marshall Estate, to assist dislocated veterans and provide transportation for disabled veterans who struggle trying to exist; and (2) for such other and further

relief that this Court deems just and equitable.

38. Pursuant to sections 362 (d)(1) and (2), and of Title 11 of the U.S. Bankruptcy Code, the movant in the above-captioned case, by this motion seeks relief from the automatic stay to: (1) Movant is seeking a civil suit for senior fraud, senior abuse and fraud with regards to banking and securities against parties involved in this bankruptcy case; and (2) for such other and further relief that this Court deems just and equitable.

Dated: Silver Springs, Nevada

February 27, 2014

THE ESTATE OF SGT. JAMES
JACKSON MARSHALL

BY: *Rev. Yosef Le Roi Mustafanos*

Reverend Yosef Le Roi Mustafanos,

Personal Representative and Son of the

Decedent James Jackson Marshall, In

Pro Se.   5400 Railroad Street

Silver Springs, Nevada 89429

Ph:775-848-5940 Fax:775-577-9926

aoexpress@ymail.com

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

_____x          Chapter 11

                                             Case No. 12-12020

In Re:

EVERBANK, INC., et al.,

                Debtors

_____x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

                Movant, In Pro Se

    v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

                Respondent.

_____x

# ORDER SHORTENING THE NOTICE PERIOD FOR CERTAIN EMERGENCY RELIEF FROM THE AUTOMATIC STAY

This matter coming before the Court on the Ex Parte Motion of the Movant for an Order Shortening the Notice Period for Certain Emergency Relief Related from the Automatic Stay by the above-captioned Movant; the Court having reviewed the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. $$ 1334 and 157, (ii) this is a core proceeding pursuant to 28 U.S.C. $ 157(b) and (iii) notice of the motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is Granted as set forth herein.

2. Pursuant to Bankruptcy Rules 4001(d)(2) and 9006(c)(1) and Local Bankruptcy Rule 9006-1, the notice and objection periods for the Emergency Motion is Shortened as set forth herein.

3. The 21-day notice period provided under paragraph 32 of the Case Management Order is shortened so that the relief requested in the Emergency Motion may be heard at a hearing on April 10, 2014 at 10:00 a.m. (ET), and requiring that objections to the Emergency Motions, if any, be filed with the Court no later than April 4, 2014 at 12:00 p.m. (ET).

4. This Court shall retain jurisdiction to resolve all matters relating to, or arising in connecton with, the interpretation and/or implementation of this Order.

Dated: New York, New York

_____ 2014

_____
HONORABLE JUDGE GLENN

# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Judson D. Brown
To Call Writer Directly:
(202) 879-5082
judson.brown@kirkland.com

655 Fifteenth Street, N.W.
Washington, D.C. 20005

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

February 24, 2014

Via Federal Express

Rev. Yosef L. Mustafanos
5400 Railroad Street
Silver Springs, NV 89429

Re: *Everbank, Inc. v. Yosef Leroi Mustafanos, et al.*
Case No. 1205-08597, Multnomah County Circuit Court

Dear Rev. Mustafanos:

I am counsel to Ally Financial Inc. and its non-debtor subsidiaries (collectively, "Ally") in the Residential Capital, LLC, et al. ("ResCap") Chapter 11 bankruptcy proceedings pending in the United States Bankruptcy Court for the Southern District of New York.

As you know, in December 2013, the Bankruptcy Court overseeing the ResCap bankruptcy confirmed ResCap's Chapter 11 Plan of Reorganization—and I understand you have received a copy of that Plan and the Court's Confirmation Order. ResCap's Plan includes a Third Party Release that releases all claims against Ally "arising from or related in any way to the Debtors," including ResCap, GMAC Mortgage, LLC and Residential Funding Company, LLC. (*See* Plan Art. IX.D.) ResCap's Plan also includes an Injunction which "permanently enjoined and precluded" the continuation of any claims against Ally that were released pursuant to the Third Party Release, and the Injunction further states that "[a]ny person injured by any willful violation of this injunction shall be entitled to recover actual damages, including costs and attorneys' fees." (*See* Plan Art. IX.I.)

I understand that you have brought the above-captioned lawsuit asserting claims against Ally and other defendants in Oregon state court concerning a foreclosure-related matter. The claims against Ally arise from and relate to the business of ResCap and its subsidiaries, including GMAC Mortgage, LLC and Residential Funding Company, LLC—and therefore those claims are subject to the Third Party Release and the Injunction in ResCap's Plan of Reorganization. As a result, we request that you voluntarily dismiss, with prejudice, the claims asserted against Ally in the above-referenced action.

Beijing    Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

**KIRKLAND & ELLIS LLP**

Reverend Yosef L. Mustafanos
February 24, 2014
Page 2

    We are happy to discuss these issues if that would be helpful. And we would be willing to arrange a telephone conference with the Bankruptcy Court, yourself or your counsel, and Ally's counsel to discuss these issues; let me know if you want us to do that. However, if we do not hear from you and you have not dismissed the claims against Ally with prejudice by **Monday, March 3**, Ally will be forced to seek relief—including seeking to enforce the terms of the Injunction—in the Bankruptcy Court.

Sincerely,

Judson D. Brown