

**UNITED STATES BANKRUPTCY COURT**

**SOUNTHERN DISTRICT OF NEW YORK**

———————————————————x

Helen Quiroz  Jessica Angel Quiroz, Ramon Quiroz      **MOTION FOR INDEMNIFICATION**
                                                                                          **HELEN QUIROZ**

                                                                                 **PHYSICAL HARM DEATH**
In re Residential Capital, LLC, U.S.                         **Re:  Case No. 12-12020 (MG)**

National Association as Trustee,                             89-37 Metropolitan Ave Rego Park N.Y. 11374

———————————————————x

*Dear Honorable Judge Martin Glenn we the Quiroz family respectfully request your Honorable for the Bankruptcy Court for the Southern District of New York to take consideration of the improper foreclosure proceeding that was conducted by GMAC with the Law Office of Steven J. Baum P.C.*

*Upon all Pleading and Proceedings and the Exhibits annexed to it:*

*Helen Quiroz, Jessica Angel Quiroz and Ramon Quiroz Et Al, "CLAIMANTS" Property Owners of the above property and upon the following Exhibits and proceeding " OBJECT" Residential Capital, LLC, Case No. 12-12020 (MG) and related cases U.S. Bank National Association as Trustee, GMAC, Homecomings Mortgages: WHOM advised this Court that they filed a Bankruptcy proceeding with the United States Bankruptcy Court for the Southern District of New York on May 14, 2012. And in accordance with the United States Bankruptcy Code §362, 11.U.S.C. § 362., IT IS HEREBY ORDERED that this appeal is stayed.*

*As Order by the Bankruptcy Court Judge Judge Martin Glenn Lift the Stay' for a limited time for the matter to proceed in the Court of Appeals Second Circuit New York.*

See Exhibit attached No. 1

*In April 2013, a prior motions panel of this Court construed pro se Appellant Ramon Quiroz's March 2013 motion for "summary judgment" as a motion for summary reversal of the district judgment, and deferred consideration on that construed motion pending the lifting or termination of the automatic stay imposed upon the filing of a Chapter 11 bankruptcy*

1

*petition by Appellees Homecomings Financial and GMAC Mortgages. See U.S.C.A. Dkt. No. 11-3663, doc. 139 (Motion Order). The Court also ordered Appellants to provide, within 30 days of the date that the automatic stay was lifted or modified, additional information concerning who was properly an Appellant. See id.*

*In October 2013, after the automatic stay was modified so that the present appeal could proceed, Appellant Ramon Quiroz, pro se, filed a motion for "summary judgment reversal" which appears intended as a response to this Court's April 2013 order. In February 2014, Appellant Ramon Quiroz, pro se, filed a motion for an "order to show cause." SAO-MEM Case: 11-3663 Document: 212 Page: 1 02/20/2014 1161254 2*

*Upon due consideration, it is hereby ORDERED that: (1) Appellant Jessica Angel Quiroz is DISMISSED as a party to the appeal because she did not sign the notice of appeal and was not a minor when the notice was filed, see Fed. R. App. P. 3(c)(2); Becker v. Montgomery, 532 U.S. 757, 766-67 (2001), and Appellant Ramon Quiroz cannot represent her on appeal under a power of attorney, see 28 U.S.C. § 1654; Berrios v. New York City Housing Auth., 564 F.3d 130, 132 (2d Cir. 2009); (2) the motion for "summary judgment reversal" appears to be intended in part as a motion for substitution under Rule 43(a), and the motion is DENIED as so construed, see Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010); (3) the previously-deferred motion for summary reversal and the motion for an "order to show cause" are DENIED because Appellant Ramon Quiroz has failed to demonstrate that such relief is appropriate; and (4) the appeal is DISMISSED because it lacks an arguable basis in law or fact, see Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995) (finding that this Court has "inherent authority" to dismiss an appeal that lacks an arguable basis in law or fact); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (explaining when an appeal lacks an arguable basis in law or fact).*

*See Exhibit No ( 2 ).*

**Residential Capital, LLC, Case No. 12-12020 (MG) and related cases**) as US Bank National Association as Trustee, Homecomings and GMAC (collectively, the **"Chapter 11 Cases** *Quirozs' El Al. Property Owners of 89-37 Metropolitan Ave Rego Park N.Y. 11374 Block 3176 Lot 13 DWELLING ONLY-1 FAMILY* "CONTEND" *and denied mention proposed settlement of claims of the Settlement Trusts against ResCap in the Chapter 11 Cases. These claims include, without limitation, certain claims relating to the origination and sale by ResCap of mortgage loans and to certain aspects of ResCap's servicing of those mortgage loans. The proposed settlement would, if approved by the Court and accepted by the RMBS Trustee of a Settlement Trust, bind that Settlement Trust and related Certificateholders. Accordingly, the proposed settlement and related Court approval procedures materially affect the interests of the Certificateholders, and the RMBS Trustees respectfully request that all Certificateholders and other persons potentially interested in the Settlement Trusts.*

*Quiroz's Et Al was at risk of losing their home due for the improper and false order of Reference Index No. 25117/07 issued by U.S. Bank, GMAC, Homecomings: filed in the Supreme Court of the State of New York, County of Queens New York in the year 2008 to foreclose the Quiroz's family home, when in fact Quiroz's Et Al Proof to to the United States Court of Appeals for the Second Circuit, New York Index No. 11-3663, that US Bank National Association as Trustee in connection with GMAC, Homecomings and the Law Firm of Steven J. Baum P.C. a Bank Trustee who are unnamed holders of investment securities who in fact not even have legal title or mortgage and who, in all like-hood, never had standing to Institute the foreclosure proceeding herein ab initio) with the granting of this motion by the Supreme Court of the State of New York County of Queens New York Index ( 25117/07)* **it was greatly outweighed by the severe prejudice causing Mrs. Helen Quiroz Physical Harm pain en suffering and <u>died on February 20, 2012</u>, the Quiroz family have been devastated and still suffering for this illegal foreclosure procedure of their home.**

*See Exhibit No, ( 3 )*

**Relevant Deadlines & Court Hearings**

*On July 31, 2012, the Court entered an order setting forth a schedule of deadlines and the date of a hearing related to ResCap's motion seeking court approval to make a settlement offer to the RMBS Trustees on behalf of the Settlement Trusts (the "9019 Motion") and the RMBS Trustees' acceptance or rejection of the settlement (the "Order"). On September 25, 2012, the Court entered an amended order revising the schedule that was set forth in the Order (the "Second Revised Order"). On October 23, 2012, the Court further modified the Second Revised Order, revising the schedule that was set forth therein (the "Third Revised Order"). On December 27, 2012, the Court further modified the Third Revised Order, revising the*

3

*schedule that was set forth therein (the "Fourth Revised Order"). During a hearing on March 1, 2013 (the "March 1st Hearing"), the Court further modified the Fourth Revised Order, revising the schedule that was set forth therein. The Court has scheduled an evidentiary hearing on the 9019 Motion (the "Hearing") on May 28, 29, 30, and 31, and June 3, 2013, excluding closing arguments, which will take place on July 1, 2013, after submission of post-trial briefing. If the Court grants the 9019 Motion, the RMBS Trustees must accept or reject the proposed settlement on behalf of any Settlement Trust within 30 days of the entry of an order approving the 9019 Motion.*

*Any Certificateholder or other person potentially having an interest in the Settlement Trusts may object to the 9019 Motion or any aspect of the proposed settlement may participate in the Hearing. The Court has previously directed that:*

- any objections to the 9019 Motion, including expert reports, were due by November 28, 2012;
- the RMBS Trustees' statements in support of the 9019 Motion, objections to the 9019 Motion, and/or any responses to objections served by certificateholders of the RMBS Trusts, were due by December 14, 2012;
- the Debtors' replies to any objections to the 9019 Motion, and the RMBS Trustees' reply to the extent they have elected to support the 9019 Motion, along with Debtors' reply to expert reports were served upon the Parties, but not filed with the Court, by January 15, 2013;
- the Steering Committee's replies to any objections to the 9019 Motion were served upon the Parties, but not filed with the Court, by January 15, 2013;
- all objections to the 9019 Motion filed by the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the Talcott Franklin Group, the RMBS Trustees and Ally Financial, Inc. along with all any supporting expert reports previously served by the parties were filed with the Court on February 1, 2013; and
- all statements in support of the 9019 Motion or any objections to the 9019 Motion and/or any responses to objections served by certificateholders of the RMBS Trusts along with all any supporting expert reports previously served by the RMBS Trustees were filed with the Court on February 1, 2013.

The Court has also order that:

- all declarations and exhibits that will be used at the Hearing must be filed by May 14, 2013; and that the final pretrial conference will take place on May 23, 2013.

## "in rem" relief?

There is nothing more annoying than debtors who file repeated <u>bankruptcies,</u>

4

stopping you from recovering your property.

The Quiroz's family Jessica Angel Quiroz and Ramon Quiroz Object to keep the fraudulent foreclosure procedure in place and by the Order of the Bankruptcy Court to "STAY". Quiroz's El Al demands this Court to get *in rem* relief and end the pain of serial filings.

The courts and the legislature don't like abusive bankruptcy filings any more than you do. It's one thing for debtors to properly gain some "breathing space" when they file a bankruptcy. It's another thing altogether when they abuse the system to simply avoid moving out of your property -- all at your expense. Judge Naugle (recently retired) used to ask some of these folks whether they had "jumped over a broom" or something to get married -- there were/are abusive paralegal firms that will simply lump together totally unrelated people in a single bankruptcy, pretending they are "married debtors." Why file two abusive bankruptcies when you can save a filing fee and file only one?

Congress gave us some restrictions, limiting stays in successive bankruptcies by the same individuals. But, what if *different parties* file the successive bankruptcies? The courts have fashioned a remedy based on old-time property law. That is, the Relief from "Stay Order" is going to specify that it is binding on any one else claiming an interest in the property.

.

*Respectfully requesting the United States Bankruptcy Court for the Southern District of New York to Award Quiroz Et Al clean title to the property in question and demands indemnification for the Physical Harm Pain and Severe damage that caused DEATH to Helen Quiroz by GMAC & Steven J. Baum P.C. Helen Quiroz died in pain and suffering for the fraudulently foreclosure procedure of her home.*

*Upon due Consideration been had in the United States of the Court of Appeals Second Circuit in the matter of the Civil Complaint filed in the United States District Court for the Eastern District of Brooklyn N.Y. E.D.N.Y. 10-cv-2485and by the ORDER of the United States Court of Appeals for the Second Circuit Present Honorable Ralph K. Winter, Guido Calabresi, Gerald E. Lynch Circuit Judges it is Hereby ORDERED that (1) Appellants Quiroz Et Al motion for Summary Judgment is CONSTRUED as motion for summary reversal of the District court's August 9, 2011 judgment dismissing the Appellants' complaint; (2) as so construed decision on the motion is DEFERRED pending the lifting or termination of the automatic stay, see 11 U.S.C. § 362 (a)(1); Johnson v. Morgenthau, 160 F. 3d 897, 899 (2d Cir.1998) (providing that this Court has "inherent power…to manage and control its docket")*

5

## CERTIFICATE OF COMPLIANCE

We, the undersigned Jessica Angel & Ramon Quiroz and their Affidavits complying, do hereby certify that this motion is filed in good faith under the truth due and legal grounds and rights of the Constitution of the United States of America and in compliance with the local rules of this Court the United State Bankruptcy Code § 362, II.U.S.C. § 362.

ORDER GRANTING MOTION FOR RELIEF FROM TRANSFERRING ASSETS FROM GMAC TO OCWEN MORTGAGE SERVICER UNDER 11 U.S.C. § 362 (REAL PROPERTY) AWARD CLEAR TITLE OF THE QUIROZ ET AL HOME & INDEMNIFICATION FOR THE THREATS PAIN AND SUFFERING CAUSED BY GMAC IN CONNECTION WITH STEVEN J. BAUM P.C.

Respectfully Submitted
Ramon Quiroz

Ramon Quiroz Pro-Per
89-37 Metropolitan Ave
Rego Park NY 11374
( 718-275-2192 )

6