

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    )
                                          )
                                          )    Case No. 12-12020 (MG)
                                          )
    RESIDENTIAL CAPITAL, LLC, et al,      )    Chapter 11
                                          )
        Debtors.                          )    Jointly Administered
                                          )
                                          )
                                          )

**OPPOSITION AND MEMORANDUM OF ALLISON L. RANDLE
TO THE RESCAP BORROWER CLAIMS TRUST'S SIXTIETH
OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA
BORROWER CLAIMS)**

**[Document No. 6457]**

COMES NOW Claimant, Allison L. Randle (hereinafter "Randle") and hereby

opposes the *ResCap Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res*

*Judicata Borrower Claims)* as follows:

**As to Claim No. 4133** – GMAC Mortgage, LLC (hereinafter "GMAC, LLC"),

filed on 11/9/2012:

The aforesaid claim (No. 4133) is **not** barred by the doctrine of res judicata as:

**First**: Under Massachusetts law, *i.e.*, Rule 62(a) of the Massachusetts Rules of

Civil Procedure, a judgment entered under Rule 58(a) and 77(d) of the Massachusetts

Rules of Civil Procedure is automatically stayed during the pendency of the appeal.

Mass. R. Civ. P. 62(d). Presently, an appeal by Randle of the Massachusetts Land Court

decision dated October 12, 2010 upon which the debtor, ResCap Capital, LLC (hereinafter "ResCap") bases its *res judicata* defense was taken, is in fact pending, and has not heretofore been the subject of a motion to dismiss.

It is well-settled that "[F]ederal courts must give preclusive effect to a state-court judgment if the state court itself would." Newman v. Krintzman, No. 12-1995, 2013 WL 3814979, at *2 (1st.Cir. July 24, 2013). Accordingly, Massachusetts preclusion law controls. See id. And Massachusetts res-judicata law "makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005) (quoting O'Neill v. City Manager of Cambridge, 700 N.E.2d 530 (Mass. 1998)) (explaining that res judicata is an u=mbrella term that covers both claim preclusion and issue preclusion). At bar, there being no valid, binding judgment on the merits in effect at this time, *res judicata* is inapplicable.

Second: The aforesaid claim involves events and claims that occurred *subsequent* to October 12, 2010, and thus are **not** subject to the defense of *res judicata* since they had yet to occur. Specifically, the claim is a result of damages sustained as a result of the wrongful seizure by debtor, GMAC, LLC of the residence of Randle pursuant to a non-judicial foreclosure sale of that certain estate located and more commonly known as 83-85 Whitney Street, Unit No. 83, Northborough, County of Worcester, Commonwealth of Massachusetts 01532-1429 (hereinafter "Locus"), **which occurred on Wednesday, October 26, 2011, more than one (1) year after the entry of judgment in the referenced Land Court case.**

<u>As to Claim No. 4199</u> – Residential Funding Company, LLC, f/k/a Residential Funding Corporation (hereinafter "Residential"), (also) filed on 11/9/2012:

The aforesaid claim (No. 4199) is <u>not</u> barred by the doctrine of res judicata as:

<u>First</u>: Residential was <u>not</u> a party to the aforesaid Massachusetts Land Court decision dated October 12, 2010 nor can it claim to be in privy with GMAC, LLC since the *subsequent* seizure by GMAC, LLC of the Locus <u>which occurred on Wednesday, October 26, 2011, more than one (1) year after the entry of judgment in the referenced Land Court case</u> was wrongful as a matter of law, as such seizure was in violation of the statutory scheme established for the non-judicial foreclosure of mortgage deeds in the Commonwealth pursuant G.L.c. 183, s. 21, the statutory power of sale. *See*, G.L.c. 244, ss. 11-17C.

<u>Second</u>: The claim arose as a result of events and claims that occurred *subsequent* to October 12, 2010, and thus are <u>not</u> subject to the defense of *res judicata* since they had yet to occur. Specifically, the claim is a result of damages that were sustained as a result of the wrongful seizure by debtor, GMAC, LLC of the Locus acting in active concert and participation with co-debtor, Residential, who through a purported transfer by GMAC, LLC, now claims to be the owner of the Locus to the complete exclusion of Randle, in fee simple absolute.

WHEREFORE, Claimant, Allison L. Randle prays that *ResCap Borrower Claims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata Borrower Claims)* be denied (as to each Claim as aforesaid), and for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

ALLISON L. RANDLE,

Allison L. Randle, PRO SE
83-85 Whitney Street, Unit No. 83, a/k/a
83 Whitney Street
Northborough, MA  01532-01429

Date:  March __//__ , 2014

4

## CERTIFICATE OF SERVICE

I, Allison L. Randle, hereby certify that on the _11th_ day of March, 2014, I served a copy of the following document:

*Opposition and Memorandum of Allison L. Randle to the ResCap BorrowerClaims Trust's Sixtieth Omnibus Objection to Claims (Res Judicata Borrower Claims)*

upon the following via Federal Express Overnight Mail, prepaid:

The Chambers of the Honorable Martin Glenn
One Bowling Green, Courtroom 501
New York, NY  10104


Morrison & Foerster LLP
Attn:  Gary S. Lee, Esq.
Norman S. Rosenbaum, Esq.
Jordan A. Wishnew, Esq.
1290 Avenue of the Americas
New York, NY  10104

(Attys. for the ResCap Trust)


ResCap Borrower Claims Trustee, Polsinelli PC
Attn: Peter S. Kravitz and Daniel J. Flanigan
900 Third Avenue, 21st. floor
New York, NY  10022

(ResCap Borrower Claims Trustee)


_Allison L. Randle_

Allison L. Randle