UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER GRANTING ALLY FINANCIAL INC.'S MOTION
### FOR AN ORDER ENFORCING THE CHAPTER 11 PLAN INJUNCTION

Upon consideration of the motion (the "*Motion*")[1] of Ally Financial Inc. ("*Ally*") for entry of an order enforcing the Third Party Release and Injunction provisions of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, which was confirmed by this Court on December 11, 2013; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Joint Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth on the record at the hearing on the Motion,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED to the extent set forth below for the reasons set forth on the record at the hearing on the Motion.

---

[1] Capitalized terms used but not defined herein have the meanings provided to such terms in the Motion.

2. Not later than fourteen days after entry of this Order, Lahrman shall take all appropriate actions to dismiss the Action against Ally with prejudice within such time frame.

3. If Lahrman fails to dismiss the Action against Ally or the Action is not otherwise dismissed against Ally within such fourteen-day period, this Court shall issue an order holding Lahrman in contempt of Court for violating the terms of this Order and the Confirmation Order by virtue of Lahrman's actions to attempt to prosecute an action against Ally in violation of the Confirmation Order.

4. Further, in connection with any contempt proceeding against Lahrman, Ally shall be permitted to seek sanctions against Lahrman in this Court for reasonable fees and costs incurred by Ally after the date of this Order in connection with this matter.

5. Ally shall cause service of this Order to be made upon Lahrman in accordance with Bankruptcy Rules 9014 and 7004.

6. Ally is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

9. This Court shall retain jurisdiction with respect to all matters arising under or related to the implementation of this Order.

**IT IS SO ORDERED.**

Dated: March 26, 2014
      New York, New York

                                 **/s/Martin Glenn**
                                 MARTIN GLENN
                             United States Bankruptcy Judge