**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  )
                                                                        )
In re:                                                             )         Case No. 12-12020 (MG)
                                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,          )         Chapter 11
                                                                        )
                                                      Debtors.    )         Jointly Administered
                                                                        )
------------------------------------------------------------  )

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures

Order"),[1] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the

"Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief

from the automatic stay to commence and/or complete the foreclosure of a senior mortgage and

security interest on lands and premises with respect to which the Debtors hold or service a

subordinate mortgage and security interest; and Bank of Hawaii ("Requesting Party") having

requested (the "Request") relief from the automatic stay in accordance with the Stay Relief

Procedures in connection with the property of Rebecca Ann Addison, n/k/a Rebecca Bernardino,

with an address of 2747 South Kihei Road, Unit #H008, Kihei, Hawaii 96753 (the "Mortgaged

Property") and due and proper notice of the Request having been made on all necessary parties;

and the above-captioned debtors (the "Debtors") having consented to the relief sought in the

Request on the terms and conditions contained in this stipulation and order ("Stipulation and

Order"),

---

[1]         Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the
Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Request is granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.      Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

4.      To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

5.      This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

---

[2]      Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

6.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

7.      Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | BANK OF HAWAII |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for The Debtors*<br>*and The ResCap Liquidating Trust* | By: /s/ Susan Tius<br>Susan Tius<br>**RUSH MOORE LLP**<br>737 Bishop Street, Suite 2400<br>Honolulu, Hawaii 96813<br>Telephone:  (808) 521-0400<br>Facsimile:  (808) 521-0497<br><br>*Counsel for Bank of Hawaii* |

**APPROVED AND SO ORDERED.**

Dated:  March 26, 2014
             New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge