**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    RESIDENTIAL CAPITAL, LLC, *et. al.*<br><br>                                          Debtors. | Chapter 11<br>Case No. 12-12020 |

# ORDER DENYING MOTION OF FRANCINE SILVER
# FOR PAYMENT OF CLAIM #61

Pending before the Court is the *Pro Se Motion by Francine Silver for Payment of Claim #61* (ECF Doc. # 6639 and ECF Doc. # 6690) (the "Motion"). Through the Motion, Francine Silver ("Silver") seeks immediate payment of her unsecured claim no. 61 (the "Claim"). For the reasons provided below, the Motion is **DENIED**.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309) establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form and manner for filing proofs of claim. On November 7, 2012, the Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time). (ECF Doc. # 2093.)

Silver timely filed a $3 million proof of claim listing Residential Capital, LLC, as the Debtor, citing "Mortgage litigation, fraud, [and] unjust enrichment" as grounds for her claim. Through the *Order Granting Debtors' Thirty-Eighth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)*, this Court redesignated the Claim as one against GMAC Mortgage, LLC. (ECF Doc. # 5898.)

On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order) approving the terms of the Chapter 11 plan, as amended (the "Plan"), in these chapter 11 proceedings.  (ECF Doc. # 6065.)  The Plan became effective on December 17, 2013 (the "Effective Date").  (ECF Doc. # 6137.)  The Plan provides that the ResCap Borrower Claims Trust and Liquidating Trust have 270 days after the Effective Date to object to proofs of claim.[1]  Because the 270th day after December 17, 2013 is Saturday, September 13, 2014, the applicable deadline to object to proofs of claim is Monday, September 15, 2014 ("Claims Objection Deadline").  Silver filed the instant motion on March 7, 2014.

Although the Debtors did not object to Silver's claim before the Court issued the Confirmation Order, the objection deadline has not passed.  Therefore, the Borrower Claims Trust, the Debtors' successor-in-interest established "for the benefit of Allowed Borrower Claims," may still object to her claim.  (Plan at 12.)  Though Silver contends otherwise, her claim has not been deemed allowed. Pursuant to Bankruptcy Code section 502, "[a] claim or interest . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502.  Indeed, the Motion quotes directly from the Plan which provides, in relevant part, that an "allowed claim" is a claim against any Debtor "evidenced by a valid Proof of Claim . . . and as to which the Debtors or other parties-in-interest have not filed an objection to the allowance thereof by the Claims Objection Deadline . . . ."  (*See* Plan at 2; Motion at 5.)

Silver is only entitled to receive payment on her Claim in the event that her Claim is allowed, and a distribution is made to other creditors.  *See* FED. R. BANKR. P. 3021 ("[A]fter a

---

[1]    The Motion alludes to both the Liquidating Trust and the Borrower Claims Trust.  Silver holds a Borrower Claim, and as such, any disbursement for her Claim would come from the Borrower Claims Trust.  (*See* Plan at 12 (defining "Borrower Claims" as claims "arising from or relating to any alleged act or omission or any other basis of liability of any Debtor (or any predecessor) in connection with the origination, sale, and/or servicing of a mortgage loan . . . by any Debtor."))

2

plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). Because her Claim is still subject to objection and has not been deemed allowed, Silver is not presently entitled to any distribution.

Therefore, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: March 26, 2014
New York, New York

                                                **/s/Martin Glenn**
                                                MARTIN GLENN
                                      United States Bankruptcy Judge