# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> HSBC MORTGAGE CORP. (USA), ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1334 and 1452, Defendant HSBC Mortgage Corporation (USA) ("HSBC") hereby files this Notice removing the Hennepin County District Court action described in Paragraph 1 below to the United States District Court for the District of Minnesota.

## THE REMOVED ACTION

1. The removed action is a civil action commenced through service of a summons and complaint on or about December 16, 2013, and styled *Residential Funding Company, LLC v. HSBC Mortgage Corp. (USA)* ("State Court Action").

## PAPERS FROM REMOVED ACTION

2. 28 U.S.C. § 1446(a) requires that copies of all process, pleadings, and orders served upon Defendant in the removed case are included with the Notice of Removal. These papers are attached as Exhibits 1–3. Defendant has not filed any responsive pleading in the Hennepin County District Court.

## THE REMOVAL IS TIMELY

3. Plaintiff's Complaint in the State Court Action was served on HSBC on December 16, 2013. This Notice of Removal is timely, and was filed within thirty (30) days after service of the initial pleading. *See* 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3).

## THE VENUE REQUIREMENT FOR REMOVAL IS MET

4. Venue for this removal is proper under 28 U.S.C. §§ 1441(a) and 1452 because the United States District Court for the District of Minnesota is the district corresponding to the place where the State Court Action was pending.

## BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION

5. This is a civil action that falls under the Court's original jurisdiction because it is "related to" a case under title 11, *see* 28 U.S.C. § 1334(b), and may be removed to this Court under 28 U.S.C. §§ 1452(a) and 1446.

6. Plaintiff alleges that it purchased mortgage loans from HSBC. Compl. ¶ 1. Plaintiff contends that HSBC breached the agreement between the parties by selling loans to Plaintiff that were not originated or underwritten in accordance with the requirements of the parties' agreement, that did not meet the representations and warranties made as to the loans, and/or that failed to comply with applicable law. *Id.* ¶ 4. Plaintiff seeks indemnification from HSBC for losses and damages it allegedly sustained as a result of HSBC's actions. *Id.* ¶ 61–65.

7. On May 14, 2012, Plaintiff, along with numerous other entities associated with Residential Capital, LLC ("ResCap"), filed a voluntary petition for Chapter 11

bankruptcy in the United States Bankruptcy Court for the Southern District of New York (the "S.D.N.Y. Bankruptcy Court"). *In re: Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. May 14, 2012).

8.  Under the liquidation plan proposed by the debtors, including the Plaintiff, the S.D.N.Y. Bankruptcy Court retained "exclusive jurisdiction" over post-confirmation proceedings "arising out of" or "related to" the bankruptcy, including "Causes of Action" that might be brought by entities (such as Plaintiff) in the post-confirmation time period.[1] *See* Ex. 4 to the Affidavit of Elizabeth V. Kniffen ("Kniffen Aff."), Second Amended Joint Chapter 11 Plan Proposed By Residential Capital, LLC, *et al.* and the Official Committee of Secured Creditors (Doc. # 6065-1) (Dec. 11, 2013) ("Plan"), at 110–113, Art. XII, ¶¶ (c), (q). The S.D.N.Y. Bankruptcy Court confirmed the Plan on December 11, 2013, adopting the retention of jurisdiction provision requested by the debtors, including the Plaintiff. Kniffen Aff., Ex. 5, Order Confirming Second Amended Joint Chapter 11 Plan Proposed By Residential Capital, LLC, *et al.* and the Official Committee of Secured Creditors (Doc. #6065) (December 11, 2013) ("Confirmation Order") at 79, ¶ 66. The Confirmation Order provides that "the Court shall retain such jurisdiction over the Chapter 11 cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan." *Id.* "Causes of Action" over which the

---

[1] Despite this clear and explicit language, Plaintiff began filing cases against various entities in this Court, the Hennepin County District Court, and the Southern District of New York two days after confirmation of the liquidation plan.

3

S.D.N.Y. Bankruptcy Court retained exclusive jurisdiction specifically included "indemnity claims." Kniffen Aff., Ex. 4, Plan, at 8, ¶ 50.

9.  This case both arises out of and relates to the bankruptcy. *See* Kniffen Aff., Ex. 4, Plan, at 110, Art. XII. At the outset, HSBC notes that it presently intends to move to transfer this action to the S.D.N.Y. Bankruptcy Court, which is best-suited to resolve the jurisdictional questions and other issues. However, under either Eighth or Second Circuit law, "related to" jurisdiction exists.

10. Under § 1334(b), "related to" jurisdiction generally exists where the case at issue "could conceivably have any effect on the bankruptcy estate." *Integrated Health Svcs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 958 (8th Cir. 2005) (internal quotations omitted); *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1019 (8th Cir. 2009); *see also Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2nd Cir. 1992). Although the Eighth Circuit has not squarely addressed the issue, courts within the Second Circuit hold that for "related to" jurisdiction to exist in the post-confirmation context, "the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan and [] the plan must provide for the retention of jurisdiction over the dispute." *Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 597 (S.D.N.Y. 2009) (quoting *Krys v. Sugrue*, 2008 WL 4700920, at *5–6 (S.D.N.Y. Oct. 23, 2008)).

11. Courts have increasingly recognized, however, that the considerations underlying the somewhat narrower scope of post-confirmation jurisdiction in a typical

4

reorganization proceeding are not applicable in the context of a *liquidation* bankruptcy, as exists here. A liquidating debtor's "sole purpose is to wind up its affairs, convert its assets to cash, and pay creditors a pro rata dividend." *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 106 (1st Cir. 2005). This fact undercuts the "primary purposes of parsimoniously policing the perimeter of post-confirmation jurisdiction: the specter of endless bankruptcy jurisdiction and a kindred concern about unfairly advantaging reorganized debtors." *Id.* Accordingly, in the context of a *liquidation* bankruptcy (as exists here), "the compass of related to jurisdiction persists undiminished after plan confirmation." *Id.* at 100; *see also In re Cross Media Mktg. Corp.*, 367 B.R. 435, 444 (Bankr. S.D.N.Y. 2007). Further, the Eighth Circuit has recognized that where the Plan retains post-confirmation jurisdiction, "related to" jurisdiction continues to exist over cases relating to the "implementation" or "consummation" of the Plan. *United States v. Unger*, 949 F.2d 231, 234 (8th Cir. 1991).

12. Under these standards, this case is "related to" the ongoing bankruptcy proceedings. The Plan explicitly retains jurisdiction over post-confirmation "Causes of Action" brought by the debtors. *See supra*, at ¶ 8. The recovery of any proceeds resulting from such litigation pursued by the Liquidating Trust Board (which governs the debtors) will be distributed to the various creditor constituencies of the Plan on a pro rata basis, with none of the recoveries to be retained by the debtors. Kniffen Aff., Ex. 6, Liquidating Trust Agreement (Doc. # 6136-1) (December 17, 2013), at 18–22, Art. III; *id.* at 27, ¶ 5.1(a); *id.* at 35, ¶ 6.4(b)(ix); *id.* at 16, ¶ 2.8(a). The case is thus directly

5

related to "consummation" and "implementation" of the Plan, and is being pursued in an effort to collect assets for creditors in a manner that supports "related to" jurisdiction.

13. Further, Plaintiff essentially concedes in its Complaint that this action is related to (and arises out of) the underlying bankruptcy proceedings. Kniffen Aff., Ex. 4, Plan, at 110, Art. XII. Plaintiff alleges that it filed for bankruptcy in the first place as a result of lawsuits relating to the loans sold to it by HSBC. Compl. ¶ 9. Further, proofs of claim were filed in the bankruptcy seeking damages which Plaintiff alleges resulted from the sales of loans by HSBC to Plaintiff. *Id.* ¶ 53. Moreover, it appears that settlements relating to the underlying litigation for which Plaintiff now seeks indemnity took place in the bankruptcy case. *See* Kniffen Aff., Ex. 4, Plan, at 58–64, Art. IV(C). Plaintiff also alleges that it was forced to defend against, and in many instances accept, repurchase demands by whole loan purchasers who filed proofs of claim in the bankruptcy case. Compl. ¶ 54.

14. Because Plaintiff's claims are related to the proceedings before the S.D.N.Y. Bankruptcy Court, HSBC intends to file a motion to transfer venue to that district under 28 U.S.C. § 1412.

15. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), HSBC states that Plaintiff's action appears to be a non-core proceeding under 28 U.S.C. § 157(b). Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), HSBC consents to the bankruptcy judge presiding over such trial, and it consents to entry of final orders or judgment by the bankruptcy judge.

## FILING OF REMOVAL PAPERS

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a notice of filing of notice of removal is simultaneously being filed with the Hennepin County District Court, *see* Ex. 2.

**WHEREFORE**, Defendant HSBC hereby removes the above-captioned action from the Hennepin County District Court, and requests that this Court grant it such other relief as the Court deems just and proper.

Dated: January 15, 2014

                                                       Respectfully Submitted,

                                                       s/Elizabeth V. Kniffen
                                                       Elizabeth V. Kniffen (#0346329)
                                                       ZELLE HOFMANN VOELBEL & MASON LLP
                                                       500 Washington Avenue South, Suite 4000
                                                       Minneapolis, Minnesota 55415
                                                       (612) 339-2020
                                                       ekniffen@zelle.com

                                                       R. Hackney Wiegmann (*pro hac* pending)
                                                       Matthew V. Johnson (*pro hac* pending)
                                                       WILLIAMS & CONNOLLY LLP
                                                       725 Twelfth Street, N.W.
                                                       Washington, D.C. 20005
                                                       (202) 434-5000
                                                       (202) 434-5029 (fax)

                                                       *Counsel for Defendant HSBC Mortgage*
                                                       *Corporation (USA)*