# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE CORP. (USA),<br><br>Defendant. | Civ. No. 14-cv-00144 (DWF/SER)<br><br>**PLAINTIFF'S MEMORANDUM IN RESPONSE TO AND SUPPORT OF HSBC'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1412 TO UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** |

Plaintiff Residential Funding Company, LLC ("RFC") supports the motion filed by HSBC Mortgage Corp., USA ("HSBC") to transfer this case pursuant to 28 U.S.C. § 1412 to the United States Bankruptcy Court for the Southern District of New York ("S.D.N.Y. Bankruptcy Court") for adjudication in connection with the related bankruptcy case, *In re: Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. May 14, 2012).

RFC's rights and interests in this case have passed to its successor-in-interest, the Residential Capital, LLC Liquidating Trust (the "Trust"), pursuant to the Chapter 11 plan approved for RFC's parent company, Residential Capital, LLC, RFC and a number of other affiliates (collectively, "ResCap") by the S.D.N.Y. Bankruptcy Court in December 2013. The Trust selected a new board of trustees to oversee its business and engaged new counsel, Quinn Emanuel Urquhart & Sullivan, LLP, to review the litigation previously filed by RFC and assess the most judicious and efficient approach for adjudicating the Trust's claims. Plaintiff supports the transfer of this action to the S.D.N.Y. Bankruptcy Court.

590964.1

The S.D.N.Y. Bankruptcy Court has "related-to" subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b), venue lies in that court under 28 U.S.C. § 1409(a), and transfer to that court is appropriate.  *First*, RFC's claims will affect the administration of ResCap's bankruptcy and will further the implementation and consummation of the Chapter 11 plan—indeed, any judgments obtained will flow to creditors through the confirmed plan.  *See generally In re D & P Partnership*, 91 F.3d 1072, 1074 (8th Cir. 1996) (plan provision granting bankruptcy court jurisdiction over interpretation and enforcement of plan terms created related-to jurisdiction over creditor claims that counterparty of debtor owed funds to debtor that, when repaid, would be distributed to creditors under the plan).

*Second*, as the Trust's purpose is to ensure the sound and efficient implementation of the ResCap bankruptcy plan, the Trust agrees it is in the "interest of justice" to transfer this case to the S.D.N.Y. Bankruptcy Court under 28 U.S.C. §1412.  *See, e.g., Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC*, 410 B.R. 623, 629 (D. Minn. 2009) (the interest of justice standard places weight on the "economical and efficient administration of the bankruptcy estate").  Moreover, ResCap's Chapter 11 plan provides for the S.D.N.Y. Bankruptcy Court's post-confirmation jurisdiction for claims retained by RFC, including claims for indemnity.  *See* Aff. of Elizabeth V. Kniffen in Supp. of Notice of Removal (Doc. #2) (Jan. 15, 2014), Ex. 4, Plan at 110, Art. XII (S.D.N.Y. Bankruptcy Court retaining "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 cases and the Plan").

While the Trust and RFC do not agree for purposes of HSBC's motion that RFC was "bound by" that provision to file this action in S.D.N.Y. Bankruptcy Court in the first

12-12020-mg  Doc 6710-24  Filed 03/11/14  Entered 03/27/14 15:44:07  of 23  Pg 3
Case 1:14-cv-01678-JSR  Document 25  Filed 02/20/14  Page 3 of 4
of 4

instance, Motion at 2, they do agree that the plan's post-confirmation jurisdiction provision supports transfer under § 1412, especially given that any delay in resolving this case could affect completing distributions to creditors under the plan. *See, e.g., Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 427 (S.D.N.Y. 2013) (exclusive jurisdiction provision of plan is a factor weighing in favor of transfer to bankruptcy court under 28 U.S.C. §1404).

*Finally*, RFC seeks indemnity for RMBS-related claims settled in the bankruptcy proceedings. The SDNY Bankruptcy Court oversaw and approved the compromise and settlement of these RMBS-related claims and has firsthand familiarity with the underlying RMBS-related claims and the facts and circumstances giving rise to the claims in this action. As such, the S.D.N.Y Bankruptcy Court is well equipped to adjudicate this action and it maximizes judicial economy for that court to resolve these claims, further indicating that transfer would be in the "interest of justice" under 28 U.S.C. § 1412. *See Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, No. 11 CV 7511, 2012 WL 698134, at *4 (S.D.N.Y. Mar. 5, 2012) ("[w]here a bankruptcy proceeding involves a 'substantial learning curve' transfer pursuant to 28 U.S.C. § 1412 is appropriate") (quoting *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990)).

## CONCLUSION

For the reasons set forth above, RFC respectfully requests that HSBC's motion to transfer this case to the S.D.N.Y. Bankruptcy Court be granted.

Dated:  February 20, 2014        FELHABER LARSON

                                         By:  s/Donald G. Heeman
                                              Donald G. Heeman, #286023
                                              Jessica J. Nelson, #347358
                                              220 South Sixth Street, Suite 2200
                                              Minneapolis, MN  55402-4504
                                              Telephone:  (612) 339-6321
                                              Facsimile:  (612) 338-0535
                                              dheeman@felhaber.com
                                              jnelson@felhaber.com

                                              ATTORNEYS FOR PLAINTIFF
                                              RESIDENTIAL FUNDING COMPANY, LLC