**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC<br>　　　　　　　Plaintiff,<br>v.<br>HSBC MORTGAGE CORP. (USA)<br>　　　　　　　Defendant. | Case No. 1:14-cv-1678-JSR<br><br>**NOTICE OF RELATED CASES** |

Pursuant to Local Rule 1.6, and Rule 13(b)(3) of the Rules for the Division of Business Among District Judges, Defendant HSBC Mortgage Corporation (USA) ("HSBC"), by and through undersigned counsel, hereby notifies the Court that the pending action, *Residential Funding Company, LLC v. HSBC Mortgage Corporation (USA)*, 1:14-cv-01678-JSR (Rakoff, J.), is related to two actions currently pending in the United States District Court for the Southern District of New York: *Residential Funding Company, LLC v. Greenpoint Mortgage Funding, Inc.*, No. 1:13-cv-08937-PKC (filed 12/17/2013) (Castle, J.) (the "*Greenpoint* action"); *Residential Funding Company, LLC v. Suntrust Mortgage, Inc.*, No. 1:13-cv-08938-RA (filed 12/17/2013) (Abrams, J.) (the "*Suntrust* action").[1] HSBC submits that it would be appropriate to assign the present action to either Judge Castle or Judge Abrams, who are presiding over the related actions.[2]

---

[1] A third related action, *Residential Funding Company v. Columbia Home Loans, LLC*, No. 13-cv-8867 (RA) was voluntarily dismissed on March 17, 2014.

[2] In the event the cases are deemed related, the Rules for the Division of Business Among District Judges appear to contemplate assignment to Judge Castle, as the *Greenpoint* action has the lowest docket number (No. 1:13-cv-08937-PKC vs. No. 1:13-cv-08938-RA). *See* Rule 13(b)(2). The Rules also, however, note the discretion of the Assignment Committee in the matter. *See id*. Therefore, HSBC refers in this Notice to the potential for transfer to either Judge Castle or Judge Abrams.

Plaintiff Residential Funding Company ("RFC") filed related case statements on March 18, 2014 in both the *Greenpoint* and *Suntrust* actions, asserting that those two cases are related. *See Greenpoint* Doc. No. 34; *Suntrust* Doc. No. 26.  The allegations contained in the complaints filed in those actions are virtually identical to those contained in the complaint filed against HSBC.  The actions are (1) "asserted by the same plaintiff and arise out of substantially similar transactions and events," (2) "there is substantial factual overlap between the two actions," (3) absent a determination of relatedness, "the parties could be subject to conflicting orders," and (4) absent a determination of relatedness, there may be "substantial duplication of effort and expense, delay, or undue burden on the Court, parties, and witnesses." *See id*.

Perhaps most importantly, the question of whether the actions should or should not be referred to the bankruptcy court of this judicial district has been raised before both Judge Castle and Judge Abrams.  On March 18, 2014, RFC responded to an earlier order by Judge Castle to "advise the Court whether it intends to make an application to the JPMDL or dismiss without prejudice to refiling in state court or consent to transfer to the bankruptcy court or remain in this Court." *See Greenpoint* Doc. No. 19.  In that response, RFC indicated that it intends to seek referral of the *Greenpoint* action to the bankruptcy court of this judicial district as a case related to *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.).  *See id*., Doc. No. 35.  Similarly, RFC is seeking referral of the *Suntrust* action to the bankruptcy court pursuant to the same claim of relatedness.  A briefing schedule on RFC's anticipated motion was set by Judge Abrams on March 10, 2014.  *See Suntrust* Doc. No. 18 ("IT IS FURTHER ORDERED that Plaintiff's motion to refer this matter to bankruptcy court shall be filed by April 7, 2014, Defendant's opposition shall be filed by May 20, 2014, and Plaintiff's reply shall be filed by June 10, 2014.").

HSBC respectfully submits that the interests of consistency and efficiency would best be served by having one judge responsible for determining whether these related actions should or should not be referred to the bankruptcy court. If referral ultimately is deemed to be appropriate, one judge could then consistently resolve any appeals arising out of any proceedings before the bankruptcy court, coordinate discovery across the cases or with the bankruptcy court as needed, and consider issues relating to the limitations imposed on bankruptcy jurisdiction by *Stern v. Marshall*, 131 S. Ct. 2594 (2011). If referral ultimately is not deemed to be appropriate, efficiency will be promoted through coordination of the present action with one or both of the substantially similar cases currently pending before Judge Castle and Judge Abrams. Accordingly, regardless of the outcome of the referral issue, a determination that this action is related to the *Greenpoint* and *Suntrust* actions will ameliorate the significant possibility of conflicting rulings and duplication of efforts in the absence of such a determination.

For the foregoing reasons, Defendant HSBC provides notice and respectfully submits that this case is related to the pending *Greenpoint* and *Suntrust* actions, and further submits it would be appropriate to assign the present action to either Judge Castle or Judge Abrams for coordination with the related actions.

Dated: March 19, 2014    /s/ Benjamin M. Greenblum
　　　　　　　　　　　　Benjamin M. Greenblum (BG1979)
　　　　　　　　　　　　　　bgreenblum@wc.com
　　　　　　　　　　　　R. Hackney Wiegmann (*pro hac vice application forthcoming*)
　　　　　　　　　　　　　　hwiegmann@wc.com
　　　　　　　　　　　　Matthew V. Johnson (*pro hac vice application forthcoming*)
　　　　　　　　　　　　　　mjohnson@wc.com
　　　　　　　　　　　　WILLIAMS & CONNOLLY LLP
　　　　　　　　　　　　725 Twelfth Street, N.W.
　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　(202) 434-5000
　　　　　　　　　　　　(202) 434-5029 (fax)

　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT HSBC MORTGAGE
　　　　　　　　　　　　CORP. (USA)