February 4, 2014

<u>Via ECF</u>

Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

      Re:    *Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc., an Affiliate of Capital One Bank*, Case No. 13-CV-8937 (PKC)

Dear Judge Castel:

      In accordance with Your Honor's Order relating to the Initial Pretrial Conference entered in the above-captioned case on December 23, 2013, the parties are submitting this joint letter. The Order set the Initial Pretrial Conference in this case for February 11, 2014, at 12:00 p.m.

**Description of the Case.**

<u>Plaintiff</u>: Plaintiff Residential Funding Company, LLC ("RFC") bought mortgage loans from Defendant GreenPoint Mortgage Funding, Inc., an affiliate of Capital One Bank ("GreenPoint"), pursuant to a Mortgage Loan Purchase Agreement and Warranties Agreement (the "Agreement").  The Agreement between RFC and GreenPoint contained certain representations and warranties concerning the attributes and quality of the mortgage loans being sold to RFC. For example, GreenPoint represented that the information in the mortgage loan schedule was complete and accurate, that no fraud or misrepresentation had occurred on the part of *any* person in connection with the origination of the mortgage loans, that no mortgage loan had a loan-to-value ratio in excess of 100% and that the mortgage loans had been originated in accordance with applicable underwriting guidelines.  In the event of a breach of a warranty or representation related to a loan purchased by RFC, the Agreement specified a number of remedies.  These remedies included repurchase or the equivalent in damages and indemnification for any liabilities and losses associated with those loans.

In the several years following the execution of the Agreement in December of 2005, GreenPoint sold in excess of 1,000 loans to RFC with an aggregate Original Principal Balance in excess of $300 million. RFC would in turn pool those loans into residential mortgage backed securities or sell them to whole-loan investors.  Subsequently, RFC was confronted with demands by whole loan purchasers, securitization trustees, and/or securitization insurers seeking the repurchase of defaulting/defaulted loans. In addition, RFC and/or its subsidiaries were named in 27 suits brought by securitization investors and securitization insurers. Loans purchased from GreenPoint

Hon. P. Kevin Castel
February 4, 2014
Page 2

were included in the securitizations subject to the repurchase demands and lawsuits. The pending and threatened lawsuits were among the factors that contributed to the bankruptcy filings of RFC and its affiliates in May 2012. Under the confirmed chapter 11 plan for RFC and its affiliates, the ResCap Liquidating Trust was created. Among the purposes of the ResCap Liquidating Trust was the pursuit of litigation claims against originators, including GreenPoint, for the benefit of RFC's creditors.

In the bankruptcy, hundreds of Proofs of Claim were filed by Securitization Trustees, Securitization Investors, Securitization Underwriters, and Securitization Insurers. These claims alleged that the applicable securitizations included loans that were defective, improperly underwritten and breached loan level warranties and representations made by RFC. The securitizations subject to these claims included loans GreenPoint sold to RFC. All told, the claims sought billions of dollars in damages. As part of the Bankruptcy process, following hard fought negotiations, RFC ultimately resolved these claims and entered into settlements and a now confirmed plan which resolved the claims based on defective loans in securitizations for in excess of $9.3 billion in allowed claims, a portion of which is attributable to the loans GreenPoint sold to RFC. In the lawsuit, RFC is seeking contract damages occasioned by GreenPoint's breach of the representations and warranties it gave to RFC and recovery of the amounts attributable to the liabilities and losses RFC has incurred for which GreenPoint has contractually agreed to indemnify RFC. The two counts in the Complaint seek damages for (1) breach of contract and (2) indemnification.

Defendant: In December 2013, contemporaneously with the filing of the instant Complaint, RFC filed 66 separate complaints against separate defendants, including GreenPoint, in the United States District Court for the District of Minnesota. The Complaint in this case and those other 66 complaints are virtually identical, each alleging that the respective defendant sold defective loans to RFC; breached the same representations and warranties; and that the defendant is liable to RFC for breach of contract and/or indemnity. The Complaint in this case does not identify any of the specific loans at issue, when they were sold, the nature of the alleged breach or the purchase price of the loans at issue (whichever ones they are). The Complaint does not identify any of the relevant trusts that held a loan sold by GreenPoint (alleging only that there were more than 45 of them), and does not correlate any specific damages allegedly incurred by RFC to any loans sold by GreenPoint.

    **Contemplated Motions**. The Court has approved the agreement between RFC and GreenPoint to extend the time for GreenPoint to answer or make a motion under Rule 12 until March 6, 2014.

Plaintiff: Other than potentially filing a motion to substitute parties associated with an amendment of the Complaint, RFC currently does not contemplate making any motions before GreenPoint answers or files a motion.

Defendant: GreenPoint expects to file a motion to dismiss the Complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). The Complaint fails to meet the pleadings

Hon. P. Kevin Castel
February 4, 2014
Page 3

standards required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Prospects for Settlement.**  To date, there have been no settlement discussions.  RFC is willing to participate in settlement discussions should GreenPoint be prepared to negotiate in good faith regarding a substantial monetary payment to RFC.  GreenPoint believes that any settlement discussions are premature in light of the lack of specificity of the allegations of the Complaint.

Respectfully submitted,

| BINDER & SCHWARTZ LLP | MURPHY & MCGONIGLE PC |
|---|---|
| By: /s/ Wendy H. Schwartz | By: /s/ Theodore R. Snyder |
| Wendy H. Schwartz | Theodore R. Snyder |
| Daniel E. Clark | 55 Broadway, Suite 1600 |
| 28 West 44th Street, 6th Floor | New York, NY  10025 |
| New York, NY  10036 | Phone: (212) 880-3976 |
| Phone: (347) 334-5090 | tsnyder@mmlawus.com |
| Fax: (347) 772-3072 | |
| wschwartz@binderschwartz.com | *Counsel for Defendant* |
| dclark@binderschwartz.com | |
| | |
| Jeffrey A. Lipps (admitted pro hac vice) | |
| Jennifer A.L. Battle (admitted pro hac vice) | |
| CARPENTER LIPPS & LELAND LLP | |
| 280 Plaza, Suite 1300 | |
| 280 North High Street | |
| Columbus, OH 43215 | |
| Phone: (614) 365-4100 | |
| Fax: (614) 365-9145 | |
| lipps@carpenterlipps.com | |
| battle@carpenterlipps.com | |
| | |
| *Counsel for Plaintiff* | |