

**MURPHY & McGONIGLE**
A Professional Corporation

E-mail: theodore.snyder@mmlawus.com
Direct: 212-880-3976
Facsimile: 212-825-9828

One Exchange Plaza
55 Broadway, Suite 1600
New York, New York 10006

February 21, 2014

**Via ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc., an Affiliate of Capital One Bank*, Case No. 13-CV-8937 (PKC)

Dear Judge Castel:

We represent defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") in the above referenced matter. Pursuant to the Court's Order Following PreTrial Conference, dated February 11, 2014 (the "Court's Order"), we submit this pre-motion letter in connection with GreenPoint's proposed motion to dismiss the Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. As described below, the conclusory allegations of the Complaint are insufficient to state a claim upon which relief may be granted.

**Plaintiff's Cookie-Cutter Complaint**

The Complaint filed by plaintiff Residential Funding Company, LLC ("RFC" or "Plaintiff") is one of at least 66 virtually identical complaints filed by RFC against 66 separate defendants (most in federal court in Minnesota) within the span of four days in December 2013. Each of the 66 complaints alleges the same claims for breach of contract and/or indemnification arising out of the respective defendant's sale of mortgage loans to RFC, loans that were then deposited into securitization trusts that issued securities backed by the loans. The 66 complaints each allege that the respective defendant breached the same 13 representations and warranties ("R&Ws"). Other than altering the name of the defendant in the caption and the preface and minor language changes, the complaints in the 66 actions are word-for-word duplicates. RFC's cookie-cutter pleading in this action contains the same broad generalities pled in the other 65 cases, with no details specific to RFC's purchase of loans from GreenPoint.

Hon. P. Kevin Castel.
February 21, 2014
Page 2 of 4

### The Complaint Fails to Satisfy *Twombly/Iqbal* Pleading Standards

The bare-bones allegations of the Complaint fail to satisfy the basic federal pleading standards set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555; *see id.* at 557 (complaints containing only "naked assertion[s]" devoid of "further factual enhancement" do not state a cause of action). *See also Iqbal*, 556 U.S. at 678 (stating that legal conclusions "must be supported by factual allegations"). Plaintiff's failure to satisfy the basic federal pleading standards requires that the Complaint be dismissed.

The Complaint alleges in conclusory fashion that GreenPoint breached R&Ws relating to the loans it sold, but the Complaint does not contain specific factual allegations to support its conclusory assertions. In particular, the Complaint does not identify any of the loans that are at issue or when they were allegedly sold. It does not identify any relevant trusts that held the loans (other than alleging that there were more than 45 of them). It does not identify the specific R&Ws that each loan allegedly breached; it does not identify how each loan breached a particular R&W, and it does not correlate any specific damage allegedly incurred by RFC to any of GreenPoint's loans. The Complaint thus fails to give GreenPoint meaningful notice of the claims alleged against it.

Courts in this district have dismissed attempts to allege breach of warranty claims in conclusory fashion without supporting factual allegations. *See Torchlight Loan Services, LLC v. Column Financial, Inc.*, No. 11 Civ. 7426 (RWS), 2012 WL 3065929, at *5-9 (S.D.N.Y. July 25, 2012) (dismissing various R&W claims relating to mortgage loans and stating that "courts have dismissed various breach of representation and warranty claims, which fail to plead facts sufficient to put a defendant on notice of the nature and scope of the claims") (citing cases).

Plaintiff's indemnification claim is similarly devoid of supporting details. It does not identify the allegedly "dozens" of third-party claims or actions for which it seeks indemnification.[1] The Complaint contains no detail as to the parties who made these claims, what allegations were made against Plaintiff in those matters, whether those other matters

---

[1] The two exceptions referenced in the Complaint do not provide a valid basis for an indemnification claim. The "MBIA lawsuit" cited in the Complaint at paragraph 44, is an apparent reference to *MBIA Ins. Corp. v. Residential Funding Company, LLC*, No. 603552/2008 (Sup. Ct. N.Y. Co.), a New York state case that has been automatically stayed during the discovery stage due to RFC's bankruptcy, *id.* NYSCEF Doc. 275, and thus has not resulted in any liability that could be indemnified. The second case referenced by Plaintiff, the "New Jersey Carpenters' lawsuit" (Complaint ¶ 45) was a class action alleging that RFC (and numerous other defendants) violated the securities laws, liability for which cannot be indemnified under governing precedent. *See New Jersey Carpenters Health Fund*, No. 08-CV-8781 (HB), Consolidated Third Amended Securities Class Action Complaint, ECF Doc. 222; *Globus v. Law Research Service, Inc.*, 418 F.2d 1276 (2d Cir. 1969), *cert. denied,* 90 S. Ct. 913 (1970).

Hon. P. Kevin Castel.
February 21, 2014
Page 3 of 4

were adjudicated, settled or otherwise resolved, and what liability, if any, was attributable to loans originated by GreenPoint, as opposed to the numerous other entities from which RFC purchased loans. Moreover, by its terms, the indemnification agreement at issue (Ex. A to the Complaint, Subsection 9.3, p. 34) applies only to liability "resulting from any claim, demand, defense or assertion based on or grounded upon, or resulting from a breach of [GreenPoint's R&Ws]." The Complaint does not specify what breaches of R&Ws by GreenPoint, if any, allegedly caused Plaintiff to incur liability in the "dozens" of unspecified other matters alluded to in the Complaint.

The lack of supporting factual detail in the Complaint requires dismissal of the indemnification claim. *See, e.g. Amusement Industry, Inc. v. Stern*, No. 07 Civ. 11586 (LAK), 2010 WL 445898, at *4 (S.D.N.Y. Feb. 9, 2010) (dismissing claim because party was "entitled to notice of the nature of the claim of indemnification" and pleading was "utterly devoid of factual allegations); *Energy Brands, Inc. v. Jorgensen*, No. 09-CV-591A, 2011 WL 282354, at *7 (S.D.N.Y. Jan. 25, 2011) (dismissing indemnification claim because "bare bones conclusory allegations of liability are insufficient to meet Rule 8 pleading requirements post-*Iqbal*").

### The Breach of Contract Claim Should Be Dismissed On Separate Grounds

The breach of contract claim should also be dismissed because the Complaint does not allege one of the required elements of such a claim, the plaintiff's performance of its terms. *See, e.g. Rojas v. Don King Productions, Inc.*, No. 11 Civ. 8468 (KBF), 2012 WL 760336, at *3 (S.D.N.Y. March 6, 2012) (dismissing breach of contract claim where complaint fails to allege plaintiff's performance under the contract); *Jasper & Black, LLC v. Carolina Pad Co., LLC*, No. 10 Civ. 3562 (LTS)(HBP), 2012 WL 413869, at *9 (S.D.N.Y. Feb. 9, 2012) (same). In addition, the breach of contract claim improperly seeks "damages equivalent to rescission" and other monetary damages, Complaint ¶ 65, but such damage claims are barred by the sole remedy provision in the contract at issue, *id.*, Ex. A, p. 34, which limits Plaintiff's remedy to repurchase of an allegedly breaching loan and is enforceable under applicable New York law. *See, e.g., MBIA Ins. Corp v. Countrywide Home Loans, Inc.*, 105 A.D.3d 412, 413 (1st Dep't 2013) (dismissing a claim for rescissory damages); *U.S. Bank Nat'l Assoc. v. DLJ Mortg. Capital, Inc.*, No. 650369/2013, 42 Misc. 3d 1213(A), at *4-5 (Sup. Ct. N.Y. Co. Jan. 15, 2014) (enforcing sole remedy clause and dismissing claims for rescissionary and consequential damages on the face of the complaint). Plaintiff's damage claims are improper under the contract at issue, and should be dismissed.

### Schedule for Motion

Pursuant to the Court's Order, Plaintiff was granted leave to amend its Complaint until March 14, 2014 to address the deficiencies perceived by GreenPoint, which are set forth above. The Court's Order permits GreenPoint to thereafter file its motion to dismiss by April 18, 2014.

Hon. P. Kevin Castel.
February 21, 2014
Page 4 of 4

Respectfully submitted,

Theodore R. Snyder

cc: Jeffrey Lipps, Esq. (via ECF filing)
     Jennifer Battle, Esq. (via ECF filing)
     James Murphy, Esq. (via ECF filing)
     Cameron Matheson, Esq. (via ECF filing)