## Exhibit to Residential Capital LLC's Related Case Statement

Plaintiff hereby states that the following three actions are related to one another: (1) *Residential Funding Company v. Columbia Home Loans, LLC*, 13 cv-8867 (RA); (2) *Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc.,* No. 13-cv-8937 (PK); and (3) *Residential Funding Company v. Suntrust Mortgage, Inc.*, 13-cv-8938 (RA). The interests of justice and efficiency will be served by designating these cases as related for multiple reasons:

*First*, the actions are asserted by the same plaintiff and arise out of substantially similar transactions and events. In both actions, Plaintiff Residential Funding Company, LLC ("RFC") seeks indemnity and related compensation as to a common pool of liability and losses that RFC incurred in and related to settlements that were developed, negotiated, approved, and finalized in the bankruptcy proceeding *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.). RFC's claims in both cases not only arise out of the same Bankruptcy proceeding, but also relate to a common business process under which RFC acquired mortgage loans from defendants in both cases and securitized them, implicating defective mortgage loans that both defendants sold to RFC under substantially similar contractual representations and warranties. Moreover, the contracts with each defendant present common issues and likely common defenses. The cases therefore share common theories of recovery and indemnification for breaches.

*Second*, for similar reasons, there is substantial factual overlap between the two actions, which implicate common documents, common witness testimony, and common expert submissions. These include, for example, RFC's standards and processes for acquiring mortgage loans from defendants; RFC's liabilities and losses stemming from the defective mortgage loans sold to it by both defendants; the attorney fees and other expenses that RFC incurred in and as a result of the bankruptcy, which it is seeking to recover from both defendants here; and the appropriate allocation, as between these defendants and others, of the common pool of losses and liabilities that RFC incurred in and pursuant to the foregoing bankruptcy proceedings

*Third*, because RFC has asserted the same causes of action against each defendant, and its claims relate to the apportionment of a common pool of RFC's losses and liabilities, the parties could be subject to conflicting orders absent a determination of relatedness.

*Fourth*, due to the overlapping factual and legal issues discussed above, absent a determination of relatedness there will be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, and witnesses. Indeed, Plaintiff intends to file motions seeking referral of these actions to the S.D.N.Y. Bankruptcy Court pursuant to this Court's standing order of reference (M10-468), insofar as they both arise out of and relate to the *In Re Residential Capital* bankruptcy, and are being pursued for the benefit of creditors. Absent a designation of relatedness, the filing of such duplicative motions in the future will necessitate significant inefficiencies and wasted effort by the Court and the parties.