**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

### IN RE DOC. 6527, DOC. 6621, DOC. 6661

### BACKGROUND

On February 26, 2014, non-debtor Ally Financial, Inc. (*Ally*) filed a motion in this Court seeking to enforce the 'Third-Party Release' which is a part of the Debtor's Chapter 11 plan of reorganization confirmed by this Court on December 11, 2013 [ECF No. 6065].

By way of a 'special limited appearance' on March 10, 2014 Lahrman submitted a response in which he reserved a right to supplement. Likewise on March 10, 2014, Lahrman received from Kirkland & Ellis LLP (Chicago) a copy of their March 7, 2014 correspondence directed to the Honorable Martin Glenn, attached to which is/was the photocopy of a 'Complaint on Note and to Foreclose Mortgage' as the same is being prosecuted by GMAC Mortgage, LLC in an Indiana State Court. Additionally on March 10, 2014, Lahrman received from Kirkland & Ellis (NY) Doc. 6621 filed as the 'Declaration Of Robert Ellis', and on March 19, 2014, Lahrman received from Kirkland & Ellis LLP (NY) Doc. 6661.

In reply to Doc. 6621, Doc. 6661 and in supplemental of Larhman's Doc. 6527 'Special Appearance', Lahrman hereby says, verifies, affirms, and submits as follows;

Lahrman assumes the Court and all interested are familiar with the content of the record and the substance of the arguments and issues presented. Lahrman will therefore incorporate herein by reference the same and for the sake of brevity herein, the substantive record need not be restated.

ARGUMENT

Ally lacks standing to seek injunctive relief for those Defendants party to the 'Supplemental Complaint' filed in *the Action*. Ally is not a party to the 'Supplemental Complaint', the 'Supplemental Complaint has nothing to do with the "debtors business activities" and has everything to do with what are the person and professional shortcomings of the defendants named in and under the 'Supplemental Complaint'.

By way of their replies and responses, Ally has failed to address and evaded responding to the arguments and issues regarding "HERA", and the doctrines of estoppel and waiver as has been previously raised by Lahrman in Doc. 6527.

Ally's argument concerning "service" and "notice" on Lahrman is irrelevant, and sufficient grounds for dispute of the same are in fact present in and on the record of MF-187, these grounds are known to Ally, et al. and yet Ally makes no disclosure or discussion of the same.

The gravamen of Lahrman's *Action* is simple and in short says, pre-bankruptcy Ally *et al.* agreed and consented to conform its business practices and conducts with state and federal law. Never mind their agreements, during bankruptcy Ally *et al.* continued to engage in the very acts and conducts that they agreed to cease in, and here we are now post-confirmation and Ally et al. has still not conformed and complied as agreed, nor do they show any signs of indications of doing so. In sum, Lahrman argues that Ally, *et al.* is not an "honest and unfortunate debtor"

their conducts are not dischargeable in bankruptcy *see Grogan v. Garner*, 498 US 279 (1991), and equity should not reward Ally *et al.* with a license to return to doing 'business as usual'. If Ally *et al.* wish to enjoy their fresh start, they should simply start by keeping their promises and agreements to the American public, among which includes Lahrman.

Wherefore, the motion for injunctive relief filed by Ally, et al. should be denied.

Dated: March 25, 2014

_____
Timothy J. Lahrman, pro se

### CERTIFICATE OF SERVICE

I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on March 25, 2014, via U.S. Postal Service over-night prepaid Priority Mail Express (article # EK 077052772 US) I filed the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

_____
Timothy J. Lahrman