**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)**

Upon the sixtieth omnibus objection to claims, dated February 10, 2014 [Docket No. 6457] (the "Sixtieth Omnibus Claims Objection")[1] of The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Res Judicata Borrower Claims on the basis that such claims are invalid under principles of res judicata and/or having been filed against the wrong Debtor entity, all as more fully described in the Sixtieth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Sixtieth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Sixtieth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Sixtieth Omnibus Claims Objection.

§§ 1408 and 1409; and due and proper notice of the Sixtieth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Sixtieth Omnibus Claims Objection and the Declaration of Lauren Graham Delehey and the Declaration of Norman S. Rosenbaum, annexed to the Sixtieth Omnibus Claims Objection as Exhibit 1 and Exhibit 2, respectively; and the Court having found and determined that the relief sought in the Sixtieth Omnibus Claims Objection is in the best interests of the Debtors' estates, the Debtors' creditors, and all parties in interest and that the legal and factual bases set forth in the Sixtieth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Sixtieth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Sixtieth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "Res Judicata Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Res Judicata Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Sixtieth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Trust's and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Res Judicata Borrower Claims identified on Exhibit A, annexed hereto, as if each such Res Judicata Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  March 28, 2014
       New York, New York

                                                _____/s/Martin Glenn_____
                                                    MARTIN GLENN
                                            United States Bankruptcy Judge

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTIETH OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS - RES JUDICATA)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|---|---|
| | | | | \ | Claims to be Disallowed and Expunged | | | |
| 1 | Bernadette M. Johnlewis/// Gambles Contractors<br>Bernadette Johnlewis<br>2219 Truxillo<br>Houston, TX 77004 | 2088 | 11/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$442,684.69 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | USDC Southern District of TX |
| 2 | Bernadette M. Johnlewis/// Gambles Contractors<br>2219 Truxillo<br>Houston, TX 77004 | 2086 | 11/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$442,684.69 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | USDC Southern District of TX |
| 3 | Bernadette M. Johnlewis/// Gambles Contractors<br>2219 Truxillo<br>Houston, TX 77004 | 2050 | 10/31/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$442,684.69 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 | USDC Southern District of TX |
| 4 | Bernadette M. Johnlewis/// Gambles Contractors<br>2219 Truxillo<br>Houston, TX 77004 | 2071 | 11/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$442,684.69 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | USDC Southern District of TX |
| 5 | Eulan Euba<br>Legal Services for the Elderly in Queens<br>97-77 Queens Blvd, Ste 600<br>Rego Park, NY 11374 | 5273 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$300,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Supreme Court, Kings County, NY |
| 6 | Janice K. Kittler & Leslie Kittler<br>21051 Flaming Arrow TR. Ste 117<br>Crosby, TX 77532 | 5690 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$45,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | USDC Southern District of TX |