June Elliott Neyer, Borrower
Leland Anthony Neyer, Co-Borrower
(530) 233-5257
e-mail: elliottchiropractichealth@frontier.com

Case NO:   RE: NO. 11-17722
Original Federal Case Number:  D.C. NO. 2:09-CV-01671-GEB/CMK
PLAINTIFFS ; File June 17, 2009

March 20, 2014

Attn: Megan E. Gruber
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center Suite 2600
San Francisco, Ca 94111
415-398-3344 Tel
415-956-0439 Fax



Dear Ms. Gruber,

Your letter of March 12, 2014 fails to account for the NEW CHARGES, citing

herein made against Ocwen that were never considered by the bankruptcy court and

therefore are not subject to any current decision cited in your letter of March 12, 2014.

## Service On The Attorney General's Office
California Department of Justice
**Attn**: Kamala D. Harris
P.O. Box 944255
Sacramento, Ca 94244-2550
Tel:  (800) 952-5225
Fax: (916)  323-5341

Clerk of the Bankruptcy Court
One Bowling Green,
New York, New York, 10004-1408



1

Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004. CASE No. 12-12020 (MG) Chapter 11, dated 10/11/13.

Attn: Molly C. Dwyer, Clerk & Laura Castillo, Deputy Clerk
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
P.O. Box 193939
San Francisco, Ca 94103
PHONE: 415 355-68000
   Vs
Defendants ALLY GMAC MORTGAGE filed Mortgage Fraud Action on: June 17, 2009.

**Attorney TO BE NOTICED**
Megan E. Gruber

Re: REQUEST FOR INVESTIGATION OF VIOLATIONS OF California "Real Estate & Mortgage Fraud laws pursuant to Penal Code 1.2(c), Penal Code 487 PC, California Grand Theft Law and Penal Code 902 PC California's trespass laws to Occupancy by OCWEN LOAN SERVICING LLC ESCROW ANALYSIS DEPARTMENT located at 3451 Hammond Avenue, Waterloo, IA 50704-0780 1-800-766-4622
**OCWEN ACCOUNT NUMBER:** 7423226489
**PROPERTY ADDRESS:** 1685 County Road 70, Canby, Ca 96015

The DEED OF TRUST on the last page is a document entitled **CALIFORNIA ESCROW ACCOUT OPTION NOTICE** which is clearly marked **Escrow Account Not Required.**

**In addition** it is clearly stated that we elected to manage payment of insurance premiums, taxes and other charges for our own account. Contrary to Ocwen allegations, we have never failed to timely and completely pay and charges due. Ocwen

2

has fraudulently misrepresented our payment record to diminish out standing as reasonable and responsible payers.

And now, the current STATUS REPORT IS REGARDING **OUR VERY RECENT DISCOVERY** of the **FRAUDULENT ACTS BY ALLY GMAC MORTGAGE, PRIORLY TRANSFERING OUR LOAN TO OCWEN LOAN SERVICING,** HOMECOMINGS FINANCIAL LLC et al, as an additional outrageous theft of our property rights during adjudication of prior criminal acts by GMAC and now OCWEN.

The herein attached EXHIBIT 1, dated September 17, 2013, clearly specifies our DEMAND FOR REFUND OF OUR SURPLUS CHECK in the amount of $6,715.67 which was stolen by OCWEN from us, back in February 2009, when OCWEN co-conspired with GMAC to simultaneously execute the above cited Fraudulent Foreclosure against my wife and I.

The offenses are cited as Real Estate & Mortgage Fraud law violations pursuant to:

1.) Penal Code 1.2(c), Penal Code 487 PC, California Grand Theft Law.

2.) And violation of Penal Code 902 PC California's trespass laws to Occupancy by OCWEN LOAN SERVICING LLC ESCROW ANALYSIS DEPARTMENT, with regards to our home, when all prior payments were promptly paid for the prior five year period of the loan.

3

3.) In addition OCWEN has recently filed a bankruptcy action to attempt to legally nullify their prior fraud against my wife and I. However, no Bankruptcy Court has the authority to aid the suppression of a NEW FOUND fraudulent foreclosure that occurred months before the bankruptcy.

4.) Back in June of 2009, we had successfully timely paid the full amount of each prior Monthly Mortgage Payment for the prior five years for a total of 60 payments. Homecomings then returned our full timely paid monthly payment and immediately filed a FORECLOSURE NOTICE on our property as cited above.

5.) OCWEN remained silent and kept our $6,715.67 for their own illegal purposes in violation of the DEED OF TRUST requirements.

6.) Pursuant to **Section 3** entitled "SURPLUS" we clearly have a situation where our current **Anticipated Low Point exceeds the Maximum Permitted Low Point for Analysis Period,** since we have no "shortage" and in fact we have a *Surplus Amount* of $6,715.67.

7.) We are in Federal Court over the matter of GMAC and now OCWEN, and because these current charges were never considered by any Court of law, then it follows that, we are hereby demanding that OCWEN immediately send us a check in the amount of $6,715.6 that amount occurred several years before the GMAC fraudulent foreclosure took place in February 2009, therefore foreclosure was not valid.

Thank you for your cooperation.

4

Very truly yours,

June Elliott Neyer  *(signature)*

Leland Anthony Neyer  *(signature)*