**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                                )
   In re:                          )   Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,  )   Chapter 11
                                                )
                   Debtors.           )   Jointly Administered
                                                )
---------------------------------------------------------

### CORRECTED ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S FIFTY- EIGHTH OMNIBUS OBJECTION TO CLAIMS (A) AMENDED AND SUPERSEDED BORROWER CLAIMS; (B) LATE-FILED BORROWER CLAIMS; (C) AND NON- DEBTOR BORROWER CLAIMS

Upon the fifty-eighth omnibus claims objection, dated January 17, 2014 [Docket No. 6305] (the "<u>Fifty-Eighth Omnibus Claims Objection</u>"),[1] of The ResCap Borrower Claims Trust (the "<u>Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Amended and Superseded Borrower Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim; Late-Filed Borrower Claims on the basis that they were filed after the applicable Bar Date; and the Non-Debtor Borrower Claims on the basis that they assert claims against either (i) entities that are not Debtors in these Chapter 11 Cases or (ii) a Debtor entity for liabilities of non-Debtor entities, all as more fully described in

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-Eighth Omnibus Claims Objection.

the Fifty-Eighth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Eighth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifty-Eighth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Fifty-Eighth Omnibus Claims Objection, the *Declaration of Deanna Horst in Support of The ResCap Borrower Claims Trust's Fifty-Eighth Objection to Claims (A) Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; (C) and Non-Debtor Borrower Claims*, annexed thereto as Exhibit 1-A; and the *Declaration of P. Joseph Morrow IV in Support of The ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to Claims (Late-Filed Borrower Claims)*, annexed thereto as Exhibit 1-B; and the Court having found and determined that the relief sought in the Fifty-Eighth Omnibus Claims Objection is in the best interests of the Trust, the Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Fifty-Eighth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Fifty-Eighth Omnibus Claims Objection complies with the Borrower Claims Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifty-Eighth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Amended and Superseded Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading "Surviving Claims" (collectively, the "Surviving Borrower Claims") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time; and it is further

ORDERED that the disallowance and expungement of the Amended and Superseded Borrower Claims does not constitute any admission or finding with respect to any of the Surviving Borrower Claims; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (the "Late-Filed Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C annexed hereto (the "Non-Debtor Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded, Late-Filed, and Non-Debtor Borrower Claims identified on the schedule attached as Exhibit A, Exhibit B, and Exhibit C hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Eighth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of

Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of (1) any Surviving Borrower Claim, and (ii) any claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such Surviving Borrower Claim and any claim that is not listed on Exhibit A, Exhibit B, or Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Borrower Claims, Late-Filed Borrower Claims or Non-Debtor Borrower Claims identified on Exhibit A, Exhibit B, or Exhibit C, annexed hereto, as if each such Amended and Superseded, Late-Filed or Non-Debtor Borrower Claim had been individually objected to; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: March 28, 2014
      New York, New York

                                                           **/s/Martin Glenn**
                                                            MARTIN GLENN
                                          United States Bankruptcy Judge

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
| 1 | Gregory Balensiefer<br>c/o Dessaules Law Group<br>2700 North Central Avenue, Suite 1250<br>Phoenix, AZ 85004 | 4918 | 11/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Gregory Balensiefer<br>c/o Dessaules Law Group<br>5353 North 16th Street, Ste. 110<br>Phoenix , AZ 85016 | 7302 | 11/13/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$148,611.86 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | Joseph La Costa and Elizabeth La Costa<br>Joseph La Costa, Esq.<br>7840 Mission Center Court, Suite 104<br>San Diego, CA 92108 | 6860 | 06/11/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$120,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Joseph and Elizabeth La Costa<br>7840 Mission Center Court #104<br>San Diego, CA 92108 | 7160 | 08/28/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$150,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | Monifa Ajanaku<br>1020 Rayner Street<br>Memphis, TN 38114 | 3795 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,323.08 General Unsecured | Residential Capital, LLC | 12-12020 | Monifa Jamila Ajanaku<br>Monifa J. Ajanaku<br>1020 Rayner St<br>Memphis, TN 38114 | 7288 | 10/16/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$792.72 Secured<br>$0.00 Priority<br>$1,530.36 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Bonnie Bucio<br>2149 Matrena Dr<br>Beaver Creek, OH 45431 | 7175 | 09/23/2013 | $0.00<br>$0.00<br>$165,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | MAMIE D CALDWELL<br>MAMIE D CALDWELL-DAVIS<br>318 E ARCH ST<br>MANSFIELD, OH 44902 | 7169 | 09/11/2013 | $0.00<br>$0.00<br>$0.00<br>$334.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Michael Harkey<br>4742 42nd Av SW<br>PMB#511<br>Seattle, WA 98116 | 7178 | 09/10/2013 | $0.00<br>$0.00<br>$950,000.00<br>$0.00<br>$3,150,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | Suzanne and Melvin Simonovich<br>12322 87th Avenue<br>Pleasant Prairie, WI 53158 | 7177 | 09/10/2013 | $0.00<br>$0.00<br>$500,000.00<br>$0.00<br>$1,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | Twanda Randall<br>109 Dauntly Street<br>Upper Marlboro, MD 20774 | 7168 | 09/09/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,054,416.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Verlindred Long<br>2535 Mercer St<br>Germanton, NC 27019 | 7309 | 11/15/2013 | $0.00<br>$0.00<br>$28,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

**Exhibit C**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - NON-DEBTOR (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | |
| 1 | Elizabeth Zavala McMillen<br>1409 North 15th Avenue<br>Melrose Park, IL 60160 | 2672 | 11/06/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No-Liability, Alleged basis for claim does not involve a Debtor entity. Claim appears to relate to an alleged divorce proceeding. |
| 2 | Franklin H. Johnson<br>817 Overlook Circle<br>Hueytown, AL 35023 | 4678 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,119.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No-Liability, Alleged basis for claim does not involve a Debtor entity. Claim appears to relate to uncollected fees owed by claimant. |
| 3 | Kimberly Fisher<br>P.O. Box 754634<br>Memphis, TN 38175 | 1343 | 10/18/2012 | $981.30<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No-Liability, Alleged basis for claim does not involve a Debtor entity. Claim appears to be asserted against Chase Home Finance LLC. |