**Hearing Date: May 15, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: April 23, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **BRADLEY ARANT BOULT CUMMINGS, LLP** |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | One Federal Place |
| Telephone:    (212) 468-8000 | 1819 Fifth Avenue North |
| Facsimile:    (212) 468-7900 | Birmingham, Alabama 35203 |
| Gary S. Lee | Telephone:    (205) 521-8000 |
| Norman S. Rosenbaum | Facsimile:    (205) 521-8800 |
| Adam A. Lewis | Hope T. Cannon |
| | D. Brian O'Dell |
| *Counsel for The ResCap Borrower Claims Trust* | |
| | *Litigation Counsel to the ResCap Borrower Claims Trust* |

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------

# THE RESCAP BORROWER CLAIMS TRUST OBJECTION TO PROOFS OF CLAIM FILED BY GREGORY C. MORSE PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................2

II.     JURISDICTION, VENUE, AND STATUTORY PREDICATE ...........................2

III.    BACKGROUND ...........................................................................................2

    A.    Chapter 11 Cases Background...........................................................2

    B.    The Texas Litigation.........................................................................5

    C.    The Morse Claims ..........................................................................10

IV.     RELIEF REQUESTED ................................................................................10

V.      OBJECTION ...............................................................................................11

    A.    Applicable Legal Standards.............................................................11

    B.    The Claims Fail to State a Valid Claim Against Any Debtor ............14

        i.    Morse Fails to Establish a Claim for Fraud Under Texas Law ...............15

        ii.   Morse Fails to Establish a Claim for Breach of Contract........................18

        iii.  Morse Fails to Establish a Claim for Violations of the Texas
             Mortgage Broker License Act, Texas Finance Code § 156.001, et
             seq. and the Texas Mortgage Banker Registration and Residential
             Mortgage Loan Originator License Act, Texas Finance Code §
             157.001, et seq. ...................................................................19

        iv.   Morse Fails to Establish Any Other Causes of Action Against the
             Debtors ...............................................................................20

VI.     NOTICE ....................................................................................................21

VII.    CONCLUSION ...........................................................................................21

## EXHIBITS

<u>Exhibit 1-A</u>: Proof of Claim No. 5680
<u>Exhibit 1-B</u>: Proof of Claim No. 5682
<u>Exhibit 2</u>: Proposed Order
<u>Exhibit 3</u>: Delehey Declaration
<u>Exhibit 4</u>: Rosenbaum Declaration
<u>Exhibit 5</u>: Request Letter
<u>Exhibit 6</u>: Original Complaint
<u>Exhibit 7</u>: Amended Original Complaint
<u>Exhibit 8</u>: Defendants' Motion to Dismiss and Supporting Memorandum of Legal Authority
<u>Exhibit 9</u>: Homecomings Financial, LLC's and GMAC Mortgage, LLC's Notice of Bankruptcy
Filing and Supplemental Servicing Order
<u>Exhibit 10</u>: Report and Recommendation of United States Magistrate Judge

# TABLE OF CONTENTS
(continued)

Exhibit 11: Civil Docket Sheet for Case # 4:12-CV-00375-RC-DDB
Exhibit 12: Order Adopting Report and Recommendation of United States Magistrate Judge
Exhibit 13: Order Denying Motion to Proceed *In Forma Pauperis*

sf-3338697

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Amstadt v. U.S. Brass Corp.,
   919 S.W.2d 644 (Tex. 1996) ...................................................................................... 17

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................. 12

Barcenas v. Fed. Home Loan Mortg. Corp.,
   Civ. Act. H-12-2466, 2013 U.S. Dist. LEXIS 9405 (S.D. Tex. Jan. 24, 2013) ...................... 20

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................... 12, 13, 20

Burleson State Bank v. Plunkett,
   27 S.W.3d 605 (Tex. App. 2000) ............................................................................ 16

Cadillac Bar W. End Real Estate v. Landry's Rests., Inc.,
   399 S.W.3d 703 (Tex. App. 2013) .......................................................................... 18

Case Corp. v. Hi-Class Bus. Sys. of Am.,
   184 S.W.3d 760 (Tex. App. 2005) .......................................................................... 18

olbert v. Fed. Nat'l Mortg. Assoc.,
   Civ. Act. No. H-12-2827, 2013 U.S. Dist. LEXIS 17254 (S.D. Tex. Feb. 8, 2013) .............. 20

Coleman v. Bank of Am., N.A.,
   No. 3-11-CV-0430-G-BD, 2011 WL 2516169 (N.D. Tex. May 27, 2011) ........................... 18

Dohalick v. Moody Nat'l Bank,
   375 S.W.3d 537 (Tex. App. 2012) .......................................................................... 19

Dorsey v. Portfolio Equities, Inc.,
   540 F.3d 333 (5th Cir. 2008) .................................................................................. 16

Feinberg v. Bank of N.Y. (In re Feinberg),
   442 B.R. 215 (Bankr. S.D.N.Y. 2010) .................................................................... 11

Fernandez v. Supreme Ct. of Ill.,
   No. 02-C-3402, 2002 WL 1008468 (N.D. Ill. May 17, 2002) ............................................. 14

Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,
   565 F.3d 200 (5th Cir. 2009) .................................................................................. 15

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
    398 B.R. 736 (S.D.N.Y. 2008) ............................................................... 12

Forman v. Salzano (In re Norvergence, Inc.),
    405 B.R. 709 (Bankr. D.N.J. 2009) ........................................................ 13

GJR Invs., Inc. v. Cnty. of Escambia,
    132 F.3d 1359 (11th Cir. 1998)) ............................................................ 13

Gonzalez v. Asset Acceptance, LLC,
    308 Fed. Appx. 429 (11th Cir. 2009) ..................................................... 13

Henry v. Citimortgage, Inc.,
    Case No. 4:11-CV-83, 2011 U.S. Dist. LEXIS 64420 (E.D. Tex. May 10, 2011)................. 20

In re Adelphia Commc'ns Corp.,
    No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007)................ 11

In re Allegheny Int'l, Inc.,
    954 F.2d 167 (3d Cir. 1992) ................................................................. 11

In re DJK Residential LLC,
    416 B.R. 100 (Bankr. S.D.N.Y. 2009) .................................................... 12

In re Hess,
    404 B.R. 747 (Bankr. S.D.N.Y. 2009) .................................................... 12

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v.
    Oneida Ltd., No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010)........ 11

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
    Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
    Appx. 40 (2d Cir. 2002) ................................................................. 11, 12

In re W.R. Grace & Co.,
    346 B.R. 672 (Bankr. D. Del. 2006)....................................................... 11

Labes v. Ocwen Loan Servicing, Inc.,
    No. CV F 09-1172 (LJO), 2009 WL 3748291 (E.D. Cal. Nov. 5, 2009) .............. 13

McMahon v. Hunter,
    No. 2:06-CV-00179-34 (DNF), 2007 WL 1952906 (M.D. Fla. July 2, 2007)............ 13

Modelist v. Deutsche Bank Nat'l Trust Co.,
    Civ. No. H-05-1180, 2006 WL 2792196 (S.D. Tex. Aug. 25, 2006)..................... 17

sf-3338697

Mott v. Fuhrman,
    No. 5:10-CV-00146 (SPM), 2010 WL 3385338 (N.D. Fla. Aug. 23, 2010)............................13

Peck v. Merletti,
    64 F. Supp. 2d 599 (E.D. Va. 1999) ..........................................................................13

Petras v. Criswell,
    248 S.W.3d 471 (Tex. App. 2008) ..........................................................................18

Regis Techs., Inc. v. Oien (In re Oien),
    404 B.R. 311 (Bankr. N.D. Ill. 2009) ......................................................................13

Riverside Nat'l Bank v. Lewis,
    603 S.W.2d 169 (Tex. 1980) ...................................................................................17

Sherman Simon Enters., Inc. v. Lorac Serv. Corp.,
    724 S.W.2d 13 (Tex. 1987) .....................................................................................17

United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,
    125 F.3d 899 (5th Cir. 1997) ..................................................................................15

Vanston Bondholders Protective Comm. v. Green,
    329 U.S. 156 (1946) ...............................................................................................12

Whelan v. Winchester Prod. Co.,
    319 F.3d 225 (5th Cir. 2003) ..................................................................................16

**STATUTES**

11 U.S.C. § 502(a) ...............................................................................................................11

11 U.S.C. § 502(b)(1) ..........................................................................................................11

18 U.S.C. § 1961(4) .............................................................................................................16

18 U.S.C. § 1962 .................................................................................................................16

Tex. Bus. & Com. Code Ann. §§ 17.4 −17.63 ....................................................................17

Tex. Fin. Code § 156.406(b) ...............................................................................................19

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) .........................................................................................................12

Fed. R. Civ. P. 9(b).............................................................................................................15

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust") as successor in interest to

Residential Capital, LLC ("ResCap") and its affiliated debtors in the above-captioned chapter 11

cases (the "Chapter 11 Cases") [1] with respect to Borrower Claims (defined herein) (collectively,

the "Debtors"), [2] hereby files this objection (the "Objection") seeking to disallow and expunge

Claim No. 5680 against GMAC Mortgage, LLC ("GMACM") and Claim No. 5682 against

Homecomings Financial, LLC ("Homecomings") (together, the "Morse Claims"), copies of

which are attached hereto as Exhibit 1-A and 1-B, respectively), each filed by Gregory C. Morse

("Morse"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), on the grounds that the Morse Claims fail to state a basis for liability against the

Debtors. [3]   The Trust seeks the entry of an order, substantially in the form annexed hereto as

Exhibit 2, granting the requested relief.  In support of the Objection, the Trust relies upon and

incorporates by reference the Declaration of Lauren Graham Delehey, Chief Litigation Counsel

with the ResCap Liquidating Trust (the "Delehey Declaration," annexed hereto as Exhibit 3), and

the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Trust (the

"Rosenbaum Declaration," attached hereto as Exhibit 4).  In further support of the Objection, the

Trust respectfully represents as follows:

---

[1] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 Cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[3] The Trust reserves all of its rights to object on any other basis to the Morse Claims not set forth in this Objection, and the Trust reserves all of its rights to amend this Objection should any further bases come to light.

## I.    PRELIMINARY STATEMENT

1.      The proofs of claim filed by Morse, which allege $6,475,662.00 in claims against GMACM and $6,475,662.00 in claims against Homecomings, should be disallowed and expunged pursuant to section 502(b) of the Bankruptcy Code on the grounds that Morse fails to state a claim against any of the Debtors under applicable law.  As discussed in detail below, the Morse Claims are based on claims arising from a 2008 mortgage loan refinancing agreement action filed in Texas.  The Morse Claims are without merit and fail to articulate a valid legal basis that would give rise to liability on the part of any Debtor with respect to the Claims. Accordingly, the Morse Claims should be disallowed and expunged from the Debtors' claims register in their entirety.

## II.    JURISDICTION, VENUE, AND STATUTORY PREDICATE

2.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Bankruptcy Code section 502(b) and Bankruptcy Rule 3007.

## III.    BACKGROUND

### A.    Chapter 11 Cases Background

*General Overview*

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of the Bankruptcy Code.

4.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors Committee") [Docket No. 102].

sf-3338697

5.      On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "<u>Confirmation Order</u>") approving the terms of the Chapter 11 plan, as amended (the "<u>Plan</u>"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Trust and the ResCap Liquidating Trust were established [Docket No. 6137].

6.      The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers who filed Borrower Claims (as such terms are defined in the Plan) to the extent such claims are ultimately allowed either through settlement or pursuant to an order of the Court.  <u>See</u> Plan, Art. IV.F.  The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims."  <u>See</u> <u>id.</u>

*Claims Specific Background*

7.      On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, as amended, the "<u>Schedules</u>") and listed the claims of their known prepetition creditors therein.  The Morse Action (defined below) is listed in the Schedules as an unsecured claim on Schedule F-3 "General Litigation" for both GMACM and Homecomings and is scheduled as contingent, unliquidated, and disputed in an unknown amount [Docket Nos. 685 and 688].

8.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("<u>KCC</u>") as the notice and claims agent in these Chapter 11

Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

9.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[4]

10.    On March 21, 2013, the Court entered an order (the "Procedures Order") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former Borrowers (collectively, the "Borrower Claims," and the procedures relating thereto, the "Borrower Claims Procedures").    The Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claims Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must have furnished the individual Borrower with a letter, with notice to Special Counsel to the Creditors Committee for borrower issues ("Special Counsel"), requesting additional documentation in support of the purported claim.  See Procedures Order at 4.

11.    Prior to the Plan Effective Date, the Debtors determined, in consultation with Special Counsel, that a request letter should be sent to Morse under the Borrower Claims Procedures.  See Delehey Declaration ¶ 13; Rosenbaum Declaration ¶ 3.  On June 11, 2013, after further consultation with Special Counsel, the Debtors sent a request letter to Morse requesting

---

[4]  The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  Bar Date Order ¶¶ 2, 3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

sf-3338697

additional information and documentation in support of the Morse Claims (the "Request Letter"). A true and correct copy of the Request Letter is attached hereto as Exhibit 5.  See also Delehey Declaration ¶ 14; Rosenbaum Declaration ¶ 3.

12.    The Request Letter states that Morse must respond within thirty (30) days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief from the Debtors; it further advises that Morse must provide copies of any and all documentation that he believes supports the basis for the Morse Claims.  See Request Letter at 1.  The Request Letter further states that if Morse does not provide the requested explanation and supporting documentation within 30 days (the "Response Deadline"), the Debtors may file a formal objection to the Morse Claims, seeking to have the Morse Claims disallowed and permanently expunged.  Id.

13.    The Response Deadline has passed, and Morse never responded to the Request Letter.  See Delehey Declaration at ¶ 14.

**B.    The Texas Litigation**

14.    On March 3, 2008, Morse entered into a mortgage loan refinancing agreement (the "Refinancing Agreement") with Homecomings in the amount of $414,500.00 (the "Note"), which was secured by property located at 223 High Point Drive, Plano, Texas 75094 (the "Property"), as evidenced by a Deed of Trust executed by Morse on the same date in favor of MERS, as the nominee for Homecomings; GMACM was the original servicer.  The loan refinanced a first priority mortgage with EMC Mortgage Corp. and a second priority mortgage with Homecomings.  Homecomings almost immediately endorsed the Note and assigned the Deed of trust to GMACM, and GMACM in turn transferred the Note and Deed of Trust to the Federal National Mortgage Association ("Fannie Mae") shortly thereafter.  See Delehey Declaration at ¶ 4.  GMACM transferred servicing of the loan to Green Tree Servicing, LLC in

-5-

February of 2013 in connection with the Debtors' sale of the Debtors' Servicing Platform.  <u>See</u>
<u>id</u>.

15.    Morse has failed to make a mortgage payment since March 2011, and, as a
result, is in default on the Note.  <u>See</u> <u>id</u>. ¶ 5.  Nevertheless, the Property remains in the
possession of Morse and has not been foreclosed upon.  <u>See</u> <u>id</u>.

16.    On May 18, 2012, Morse filed a complaint (the "<u>Original Complaint</u>")
commencing a second lawsuit[5] (the "<u>Morse Action</u>") against GMACM and Homecomings, as
well as other non-debtor defendants including, without limitation, Ally Bank ("<u>Ally</u>"), Mortgage
Electronic Registration Systems, Inc. ("<u>MERS</u>"), MERSCORP, Inc. and Fannie Mae
(collectively, the "<u>District Court Defendants</u>").  <u>See</u> Delehey Declaration at ¶ 6.  A copy of the
Original Complaint is attached hereto as <u>Exhibit 6</u>.  On June 20, 2012, the Morse Action was
removed to the United States District Court for the Eastern District of Texas, Sherman Division
(the "<u>Texas District Court</u>").  <u>See</u> <u>id</u>.  On August 20, 2012, Morse filed the Amended Original
Complaint (the "<u>Amended Complaint</u>"), a copy of which is attached hereto as <u>Exhibit 7</u>.  <u>See</u> <u>id</u>.

17.    The Morse Action arises out of the Refinancing Agreement.  <u>See</u> Delehey
Declaration at ¶ 7; Amended Complaint at ¶¶ 29-37.  Morse asserts, *inter alia*, the following
causes of action against the District Court Defendants: (i) fraud; (ii) breach of contract; (iii)
violation of the Texas Mortgage Broker License Act, Texas Finance Code § 156.001, et seq.; (iv)
violations of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator
License Act, Texas Finance Code § 157.001, et seq.; (v) the Texas Deceptive Trade Practices
Act ("<u>DTPA</u>"); and (vi) the Racketeer Influenced and Corrupt Organizations ("<u>RICO</u>") Act.  <u>See</u>

---

[5] Morse filed his first lawsuit regarding the Refinancing Agreement on April 26, 2011; however, that lawsuit was
dismissed as the court found that Morse's Real Estate Settlement Procedures Act (RESPA) and Truth in Lending
Act (TILA) claims were barred by the statute of limitations, and the court declined to exercise supplemental
jurisdiction over Morse's remaining state law claims.  <u>See</u> Delehey Declaration at ¶ 6, n.2.

sf-3338697

Amended Complaint at ¶¶ 163-76.  Moreover, in addition to certain other causes of action, Morse sought a declaratory judgment.  Specifically, Morse contended that he did not have clear title, and was therefore seeking a declaratory judgment that (i) there was not a lender at the closing, (ii) the lender was not Homecomings, (iii) no entity had a right to transfer an interest to Fannie Mae, (iv) there is not a lien on the Property, (v) what entities, if any, have an interest in Morse's mortgage and (vi) what entities, if any, have an interest in the Property.  See id. at ¶¶ 161-62.

18.    On September 10, 2012, certain of the District Court Defendants, including Homecomings, GMACM, Ally, MERS, MERSCORP., Inc. and Fannie Mae, filed the Defendants' Motion to Dismiss and Supporting Memorandum of Legal Authority (the "Motion to Dismiss"), a copy of which is attached hereto as Exhibit 8.  In the Motion to Dismiss, the applicable District Court Defendants argued that: (i) Morse failed to state a valid claim for quiet title; (ii) Morse did not plead his fraud allegations with sufficient particularity; (iii) Morse failed to state a plausible DTPA claim; (iv) the District Court Defendants are not liable under Texas Business and Commerce Code Section 27.01; (v) Morse failed to state a valid RICO Act claim; (vi) Morse failed to state a valid claim under Texas Mortgage Broker or banker provisions of Texas Finance Code Sections 156.001 and 157.001. et seq.; and (viii) Morse had no grounds to request an accounting.  See Delehey Declaration at ¶ 8; Motion to Dismiss at 5-14.  Morse later filed an opposition to the Motion to Dismiss.  See Delehey Declaration at ¶ 8.

19.    Also on September 10, 2012, GMACM and Homecomings filed Homecomings Financial, LLC's and GMAC Mortgage, LLC's Notice of Bankruptcy Filing and Supplemental Servicing Order (the "Notice of Bankruptcy"), a copy of which is attached hereto as Exhibit 9.  The Notice of Bankruptcy explained that, in accordance with this Court's *Final*

-7-

*Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses*, [Docket No. 774], after the Petition Date Morse's declaratory judgment action, to the extent that it was an attack on the validity of a lien (the "Lien Claims"), was allowed to proceed as to Homecomings and GMACM without violating the automatic stay; however, Morse's other claims, including his claims for fraud, breach of contract, RICO violations, violations of the Texas Mortgage Broker License Act, and violations of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act (the "Non-Lien Claims"), were stayed as to Homecomings and GMACM, but permitted to proceed as to the other, non-debtor District Court Defendants. See Notice of Bankruptcy at ¶¶ 7-8.

20.    On August 13, 2013, the Texas District Court entered the Report and Recommendation of United States Magistrate Judge (the "Report and Recommendations") regarding the Motion to Dismiss, a copy of which is attached hereto as Exhibit 10.  In it, the Texas District Court granted the Motion to Dismiss in large part, indicating, inter alia, that (i) all claims against District Court Defendants Commonwealth Land Title Insurance Company, MERS, MERSCORP, Inc., Ally and Fannie Mae should be dismissed with prejudice for failure to state a claim, (ii) the Lien Claims against Homecomings and GMACM should be dismissed with prejudice and (iii) that the Non-Lien Claims against Homecomings and GMACM remain

sf-3338697

stayed pending resolution of these chapter 11 proceedings.[6]  <u>See</u> Report and Recommendations

at 21.  There followed a series of motions by Morse seeking discovery and sanctions against

various counsel, and objections by Morse to the Report and Recommendations.  (Delehey

Declaration ¶ 10, <u>Exhibit 11</u> (docket sheet U.S. District Court E.D. Tex., Case 12 – 00375-RC-

DDB, June 20, 2012 to December 21, 2013.)  On September 25, 2013, the Texas District Court

entered an order approving the magistrate's recommendations, rejecting Morse's objections and

new motions, and dismissing the Morse Action with prejudice as to all the non-Debtor

defendants except Homecomings Wholesale Financial, dismissing the Morse Action without

prejudice as to Homecomings Wholesale Financial, dismissing the Morse Action with prejudice

as to the Lien Claims against GMACM and Homecomings and continuing the stay of

proceedings against Homecomings and GMACM as to the Non-Lien Claims against them.

(Delehey Declaration ¶ 10, <u>Exhibit 12</u>.)  On October 23, 2013, Morse filed a Motion to Proceed

*In Forma Pauperis* and a Notice of Appeal of the Order Adopting the Magistrate's

Recommendations.  Delehey Declaration ¶ 10, <u>Exhibit 11</u>.  On November 15, 2013, the Texas

District Court entered an order denying, without prejudice, the Motion to Proceed *In Forma*

*Pauperis*.  In the order, the Texas District Court notes "that there is no final judgment in this

matter and the case has been stayed pending conclusion of the bankruptcy proceedings."  See

---

[6] In issuing its recommendations, the Texas District Court noted that:

> [U]pon the lifting of any stay, the analysis in this report finding that Plaintiff has
> stated no statutory or common law fraud, breach of contract, RICO, DTPA,
> Texas Mortgage Broker License Act, Texas Mortgage Banker Registration and
> Residential Mortgage Loan Originator License Act, accounting or "other"
> claims against Defendants Commonwealth Land Title Insurance Company,
> MERS, MERSCORP, Inc., Ally and Fannie Mae would be equally applicable to
> Homecomings and GMAC, and, upon the lifting of the stay, a separate report
> and recommendations will be entered recommending that they be applied
> accordingly.

Report and Recommendations at 21.

-9-

Delehey Declaration at 10, <u>Exhibit 13</u> (Texas District Court Order Denying Motion to Proceed *In Forma Pauperis*).

### C.    The Morse Claims

21.    On November 16, 2012, Morse filed proof of claim number 5680 asserting claims against GMACM in the amount of $6,475,662.00.  <u>See Exhibit 1-A</u>.  Claim number 5680 describes the basis for the claim as a RICO fraud complaint filed in a federal court in the Eastern District of Texas (presumably the Amended Complaint).

22.    On November 16, 2012, Morse filed proof of claim number 5682 asserting claims against Homecomings in the amount of $6,475,662.00.  <u>See Exhibit 1-B</u>.  Claim number 5682 describes the basis for the claim as a RICO fraud complaint filed in a federal court in the Eastern District of Texas (again, presumably the Amended Complaint).

23.    The Morse Claims each attached the following:

- Summary of Unsecured Claim of Gregory C. Morse;
- Amortizing Loan Calculator; and
- Affidavit of Secured Interest in the Property of Gregory C. Morse.

24.    The Summary of Unsecured Claim of Gregory C. Morse, attached to each of the Morse Claims, indicate that Morse seeks reimbursement of the mortgage principal in the amount of $414,500.00, mortgage interest in the amount of $480,147.00, equity in the amount of $848,400.00, maintenance and improvements in the amount of $415,507.00 and treble damages in the amount of $4,317,108.00 for a total of $6,475,662.00.

### IV.    RELIEF REQUESTED

25.    The Trust hereby files this Objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and seeks the entry of an order, substantially in the

sf-3338697

form annexed hereto as <u>Exhibit 2</u>, disallowing and expunging the Morse Claims from the claims

register maintained in the Chapter 11 Cases.

## V.    OBJECTION

### A.    Applicable Legal Standard Standards

26.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

allegations is asserted, the claimants have the burden to demonstrate the validity of the claim.

<u>See</u> <u>In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), <u>aff'd sub nom.</u>, <u>Peter J.</u>

<u>Solomon Co. v. Oneida Ltd.</u>, No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,

2010); <u>In re Adelphia Commc'ns Corp.</u>, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15

(Bankr. S.D.N.Y. Feb. 20, 2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr.

S.D.N.Y. 2000), <u>aff'd sub nom.</u>, <u>NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.)</u>,

266 B.R. 52 (S.D.N.Y. 2001), <u>aff'd</u>, 46 Fed. Appx. 40 (2d Cir. 2002).  The burden of persuasion

is on the holder of a proof of claim to establish a valid claim against a debtor.  <u>In re Allegheny</u>

<u>Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992); <u>see also</u> <u>Feinberg v. Bank of N.Y. (In re</u>

<u>Feinberg)</u>, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim").

27.    Further, Bankruptcy Code section 502(b)(1) provides, in relevant part, that

a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law. . . ."  11 U.S.C. § 502(b)(1).

Whether a claim is allowable "generally is determined by applicable nonbankruptcy law."  <u>In re</u>

<u>W.R. Grace & Co.</u>, 346 B.R. 672, 674 (Bankr. D. Del. 2006).  "What claims of creditors are

valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question

which, in the absence of overruling federal law, is to be determined by reference to state law."

In re Hess, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting Vanston Bondholders Protective

Comm. v. Green, 329 U.S. 156, 161 (1946)).

28.     Several courts, including those in this district, have applied the federal

pleadings standards when assessing the validity of a proof of claim.  See In re DJK Residential

LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their

burden in connection with a proof of claim, bankruptcy courts have looked to the pleading

requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr.

Props., 272 B.R. at 542, n.17; Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA,

Inc.), 398 B.R. 736, 748 (S.D.N.Y. 2008) ("The documents attached to the proofs of claim

should be treated, for purposes of a motion to disallow claims, like documents that are attached

to or relied upon in a complaint are treated on a Rule 12(b)(6) [of the Federal Rules of Civil

Procedure ("Rule 12(b)(6)")] motion to dismiss….") (citation omitted).  Indeed, Rule 9(b) of the

Federal Rules of Civil Procedure ("Rule 9(b)") expressly applies in contested matters such as

claim objections via Bankruptcy Rule 9014(c)'s importation of Bankruptcy Rule 7009.

29.     Accordingly, the adequacy of the Morse Claims, which are purportedly

based on the assertions made in the Amended Complaint, should be judged by Rules 8(a)(2)

("Rule 8(a)(2)"), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

30.     Under Rule 8(a)(2), a "pleading that states a claim for relief must contain

. . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  It is

insufficient for a complaint to simply "le[ave] open the possibility that a plaintiff might later

establish some 'set of undisclosed facts' to support recovery."  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 561 (2007).  Rather, it must plead sufficient facts "to provide the 'grounds' of his

'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a

formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation

omitted).  The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough detail to

illuminate the nature of the claims *and allow defendants to respond.*" Regis Techs., Inc. v. Oien

(In re Oien), 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal

quotation marks omitted).  In other words each defendant must know what he is charged with.

See, e.g., Forman v. Salzano (In re Norvergence, Inc.), 405 B.R. 709, 736-37 (Bankr. D.N.J.

2009) (complaint's setoff allegations inadequate because, among other things, it did not identify

specific defendants with specific transactions).

      31.    While *pro se* pleadings are construed more liberally, "the court is not permitted to

serve as a '*de facto* counsel' and 'rewrite an otherwise deficient pleading in order to sustain an

action.'" Gonzalez v. Asset Acceptance, LLC, 308 Fed. Appx. 429, 430 (11th Cir. 2009) (citing

GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Even *pro se*

plaintiffs are "required to follow the 'minimum pleading standard's set forth in the Federal Rules

of Civil Procedure." McMahon v. Hunter, No. 2:06-CV-00179-34 (DNF), 2007 WL 1952906, at

*6 (M.D. Fla. July 2, 2007) (citations omitted); see also Mott v. Fuhrman, No. 5:10-CV-00146

(SPM), 2010 WL 3385338, at *1 (N.D. Fla. Aug. 23, 2010) ("It cannot be assumed that a [*pro

se*] Plaintiff will prove facts which have not been alleged.") (citations omitted).

      32.    In this regard, a complaint is improperly pled "where there is either a 'lack of a

cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal

theory.'" Labes v. Ocwen Loan Servicing, Inc., No. CV F 09-1172 (LJO), 2009 WL 3748291, at

*1 (E.D. Cal. Nov. 5, 2009) (citing cases); Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va.

1999) (dismissing a *pro se* complaint that contained "hundreds of pages" of "gibberish or

nonsensical rambling"); <u>Fernandez v. Supreme Ct. of Ill.</u>, No. 02-C-3402, 2002 WL 1008468, at

*1 (N.D. Ill. May 17, 2002) (dismissing complaint that was "unnecessarily lengthy, redundant,

and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the

claimed violations of federal and state law.").

        31.    Based upon the foregoing standards, for the reasons set forth below, the

Morse Claims fail to state a claim against any of the Debtors under applicable law and should be

disallowed and expunged in their entirety.  Some of the claims are vulnerable to Rule 12(b)(6)

because the fail to state a claim for which relief may be granted and some fail to meet minimal

pleading standards of Rules 8(a)(2) and 9(b).  In this analysis, the Trust treats the Morse Claims

as having, in essence, incorporated the Amended Complaint by reference.  The Trust thus

addresses all of the alleged claims Morse makes in the Amended Complaint, not only those

named in the Morse Claims.

    **B.**     **The Claims Fail to State a Valid Claim Against Any Debtor**[7]

        32.    As noted above, *supra* ¶ 17, in the Amended Complaint Morse asserts,

*inter alia*, the following causes of action against the District Court Defendants: (i) fraud; (ii)

breach of contract; (iii) violation of the Texas Mortgage Broker License Act, Texas Finance

Code § 156.001, et seq.; (iv) violations of the Texas Mortgage Banker Registration and

Residential Mortgage Loan Originator License Act, Texas Finance Code § 157.001, et seq; (v)

the Texas Deceptive Trade Practices Act ("<u>DTPA</u>"); and (vi) the Racketeer Influenced and

---

[7] Although they reference "RICO Fraud Complaint Filed in E. District of Texas," the Morse Claims neither
specifically identify that case further nor attach copies of the Amended Complaint and are, therefore, even more
inadequate on their faces, the Trust here elects to discuss the Morse Claims as though they had incorporated the
Amended Complaint to reduce what could otherwise be a two-step process (successful objection, leave to amend,
objection to amended Morse Claims) to what the Trust hopes will be a single step.

sf-3338697

Corrupt Organizations ("RICO") Act.  See Amended Complaint at ¶¶ 163-76.  Moreover, in

addition to certain other causes of action, Morse sought a declaratory judgment.  Specifically,

Morse contended that he did not have clear title, and was therefore seeking a declaratory

judgment that (i) there was not a lender at the closing, (ii) the lender was not Homecomings, (iii)

no entity had a right to transfer an interest to Fannie Mae, (iv) there is not a lien on the Property,

(v) what entities, if any, have an interest in Morse's mortgage and (vi) what entities, if any, have

an interest in the Property.  See id. at ¶¶ 161-62.  The Trust will now analyze these claims theory

by theory.

> i.    *Morse Fails to Establish a Claim for Fraud Under Texas Law*

33.    Under Texas law, to establish a claim of fraud a plaintiff must allege that:

(i) a material representation was made; (ii) the representation was false; (iii) when the

representation was made, the speaker knew it was false or made it recklessly without any

knowledge of the truth and as a positive assertion; (iv) the speaker made the representation with

the intent that the other party should act upon it; (v) the party acted in reliance on the

representation; and (vi) the party thereby suffered injury.  See Flaherty & Crumrine Preferred

Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 212 (5th Cir. 2009).  Moreover, to establish a

claim for fraud in federal court, a plaintiff "must state with particularity the circumstances

constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "At a minimum, Rule 9(b) requires that a

plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  United States ex

rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997).

34.    In this case, Morse's fraud claim was insufficiently pled under Rules

8(a)(2) and 9(b).  More particularly, Morse fails to state specifically what false representations

were made, who made those representations, to whom the representations were made, when the

sf-3338697

statements were made, how there was knowledge or reckless disregard of any falsity, how Morse relied on such a representation or how Morse was injured by the representations.

35.    In addition, GMACM and Homecomings could not have and did not violate Texas Business and Commerce Code § 27.01.  More specifically, and contrary to Morse's fraud assertions, Homecomings and GMACM are not liable for fraud under the Texas Business and Commerce Code § 27.01 because mortgage loans are not covered under the statute.  See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008) ("A loan transaction, even if secured by land, is not considered to come under the statute.") (citing Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex. App. 2000)).  The Morse Claims therefore fail to state a claim for relief as to Texas Business and Commerce Code § 27.01 under Rule 12(b)(6).  Moreover, any fraud allegations by Morse with respect to that statute are insufficient because they similarly lack any factual specificity as required by Rules 8(a)(2) and 9(b).

36.    Morse's fraud-based RICO allegations are also inadequate under Rule 12(b)(6).  To establish a claim under the RICO statute, a plaintiff must allege and establish (i) a person who engages in (ii) a pattern of racketeering activity, and (iii) connected to the acquisition, establishment, conduct, or control of an enterprise.  See 18 U.S.C. § 1962.  A pattern of racketeering activity can be established by showing two or more predicate criminal acts that are related and amount to or pose a threat of continued criminal activity.  Id.  Moreover, under RICO, an enterprise (i) consists of a group of persons or entities associating for the common purpose of engaging in a course of conduct and (ii) may be a legal entity or any union or group of individuals associated in fact.  See Whelan v. Winchester Prod. Co., 319 F.3d 225, 229 (5th Cir. 2003) (citing 18 U.S.C. § 1961(4)).  Here, Morse fails to allege two or more specific criminal acts or facts that support a conclusion or inference that there is a threat of continued

-16-

criminal activity.  Equally, he fails to allege any specific facts that establish an enterprise of individuals associated in fact with GMACM or Homecomings.  Thus, Morse fails to establish any RICO violations.

37.    Furthermore, Morse cannot pursue a fraud claim based on violations of the DTPA because Morse does not qualify as a "consumer" under the DTPA.  To establish a DTPA claim, Morse must show (i) that he is a consumer and (ii) that GMACM and Homecomings (a) can be sued under the DTPA, (b) violated a specific provision of the DTPA and (c) the violation caused Morse's damages.  See Tex. Bus. & Com. Code Ann. §§ 17.4 –17.63; Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996).  To be deemed a "consumer" for purposes of the DTPA, a "plaintiff must (i) seek or acquire goods or services and (ii) the goods or services purchased or leased must form the basis of the complaint"; however, a plaintiff whose objective was merely to borrow money is not a consumer because the lending of money does not involve the purchase or lease of a good or service.  See Modelist v. Deutsche Bank Nat'l Trust Co., Civ. No. H-05-1180, 2006 WL 2792196, at *7 (S.D. Tex. Aug. 25, 2006) (citing Sherman Simon Enters., Inc. v. Lorac Serv. Corp., 724 S.W.2d 13, 15 (Tex. 1987)); Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 172-73 (Tex. 1980).

38.    Morse's claims arose out of the Refinancing Agreement, which did not involve the lease of goods or services.  See Delehey Declaration at ¶¶ 4, 7.  Therefore, Morse is not a consumer and, as a result, his DTPA claims are not valid.

39.    Consequently, Morse's fraud allegations, whether associated with a specific statute or not, are insufficient to state a basis for liability on the part of GMACM or Homecomings.

sf-3338697

    *ii.*  <u>*Morse Fails to Establish a Claim for Breach of Contract*</u>

   40.  To prove a breach of contract claim, Morse must show: (i) the existence of a valid contract; (ii) performance or tender of performance by Morse; (3) breach by Homecomings and/or GMACM; and (iv) damages resulting from the breach. <u>See</u> <u>Cadillac Bar W. End Real Estate v. Landry's Rests., Inc.</u>, 399 S.W.3d 703, 705 (Tex. App. 2013) (citing <u>Petras v. Criswell</u>, 248 S.W.3d 471, 477 (Tex. App. 2008). Moreover, in order to properly establish a breach of contract claim, Morse must identify a specific provision in the contract that was breached by Homecomings and/or GMACM. <u>See</u> <u>Coleman v. Bank of Am., N.A.</u>, No. 3-11-CV-0430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (dismissing breach of contract claim for failure to state a claim where "plaintiff points to no specific provision in the Deed of Trust that was breached by defendant.") (citing <u>Case Corp. v. Hi-Class Bus. Sys. of Am.</u>, 184 S.W.3d 760, 769-70 (Tex. App. 2005)).

   41.  Morse failed to properly plead a breach of contract claim against GMACM and Homecomings because Morse has not identified (i) the contract at issue, (ii) the way in which Morse performed or was excused from performance of the contract, (iii) the provision of the contract that was breached by GMACM and Homecomings, (iv) how such Debtor entities breached the contract or (v) the damages suffered by Morse as a result of the alleged breach.

   42.  Thus, Morse's breach of contract assertions fail to state a claim for relief under Rule 12(b)(6).

        *iii.*    *Morse Fails to Establish a Valid Claim for Violations of the Texas Mortgage Broker License Act, Texas Finance Code § 156.001, et seq. and the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, Texas Finance Code § 157.001, et seq*

43.    Morse alleges that one or more of the District Court Defendants failed to register in accordance with the Texas Mortgage Broker License Act, and are thus liable to Morse under section 156.406 of the Texas Finance Code.  In relevant part, that statute provides that:

> (b) A person who received money, or the equivalent of money, as a fee or profit because of or in consequence of the person acting as a residential mortgage loan originator without an active license or being exempt under this chapter is liable for damages in an amount that is not less than the amount of the fee or profit received and not to exceed three times the amount of the fee or profit received, as may be determined by the court.  *An aggrieved person may recover damages under this subsection in a court.*

Tex. Fin. Code § 156.406(b) (emphasis added).

44.    Morse has not specified which of the District Court Defendants acted as a loan originator without an active license.  Thus, the Morse Claims fail to satisfy Rule 8(a)(2).  Moreover, "to be an aggrieved person under section 156.406(b), the claimant must have paid all or part of the fee or profit to the unlicensed mortgage broker or loan officer."  See Dohalick v. Moody Nat'l Bank, 375 S.W.3d 537, 541 (Tex. App. 2012).  Morse has made no allegations that meet this requirement.

45.    With respect to the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, Morse alleges that one or more of the District Court Defendants is not registered in violation of section 157.003 of the Texas Finance Code and that none of the District Court Defendants have been discharged in accordance with section 157.030.

46.    Reminiscent of his assertions regarding the Texas Mortgage Broker License Act, Morse fails to identify which of the District Court Defendants did not comply with

-19-

the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act.

In addition, Morse fails to show how he was injured by any violation of the Act.

47.    Accordingly, Morse's allegations with respect to the Texas Mortgage

Broker License Act and the Texas Mortgage Banker Registration and Residential Mortgage Loan

Originator License Act are insufficient to establish possible liability on the part of GMACM or

Homecomings.

> iv.    _Morse Fails to Establish Any Other Causes of Action Against the Debtors_

48.    In addition to the above claims, Morse seems to allege that he may have

additional claims against the District Court Defendants, including GMACM and Homecomings,

that will not become available until after discovery is permitted.  Such vague allegations are not

sufficient to establish liability with respect to GMACM or Homecomings, nor do they give rise

to a basis for engaging in discovery.  A complaint is not grounds for opening a fishing

expedition; it cannot "le[ave] open the possibility that a plaintiff might later establish some 'set

of undisclosed facts' to support recovery."  Bell Atl. Corp. v. Twombly, 550 U.S. at 561.

Moreover, because Morse has failed to assert a viable cause of action against GMACM and

Homecomings, Morse is not entitled to an accounting of the funds with which GMACM and

Homecomings were associated.  See Barcenas v. Fed. Home Loan Mortg. Corp., Civ. Act. H-12-

2466, 2013 U.S. Dist. LEXIS 9405, at *31 (S.D. Tex. Jan. 24, 2013) ("The Court concludes that

accounting is a remedy, not a cause of action, and cannot stand as an independent claim.  It is not

available where there is no viable cause of action.") (citation omitted); Colbert v. Fed. Nat'l

Mortg. Assoc., Civ. Act. No. H-12-2827, 2013 U.S. Dist. LEXIS 17254, at *16 (S.D. Tex. Feb.

8, 2013) ("The court agrees that Plaintiffs have not stated any valid cause of action under which

they are entitled to an accounting."); Henry v. Citimortgage, Inc., Case No. 4:11-CV-83, 2011

-20-

U.S. Dist. LEXIS 64420, at *22 (E.D. Tex. May 10, 2011) (recognizing that "an accounting is an equitable remedy and not an independent cause of action" and finding that "Plaintiff has no cause of action that allows for an accounting….").

49.     For all of the reasons set forth above, the Trust asserts that in the Morse Claims Morse has failed to establish the pleading predicates for any claims against GMACM or Homecomings.   Therefore, the Trust requests that the Court disallow and expunge in their entirety each of the Morse Claims.

## VI.    NOTICE

50.     The Trust has provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141], and the Procedures Order.

51.     No previous request for the relief sought in this Objection has been made by the Trust to this or any other court.

## VII.    CONCLUSION

**WHEREFORE**, the Trust respectfully requests entry of an order, substantially in the form of Exhibit 2 attached hereto, (i) disallowing and expunging the Morse Claims; and (ii) granting such other and further relief as is just and proper.

-21-

Dated:  April 2, 2014
        New York, New York

/s/  Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

And

BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 521-8000
Facsimile:    (205) 521-8800
Hope T. Cannon
D. Brian O'Dell

*Litigation Counsel to the ResCap Borrower
Claims Trust*

-22-