# Exhibit 3

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF**
**THE RESCAP BORROWER CLAIMS TRUST OBJECTION TO PROOFS OF CLAIM**
**FILED BY GREGORY C. MORSE PURSUANT TO SECTION 502(b) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

I, Lauren Graham Delehey, hereby declare as follows:

1.  I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors (collectively, the "<u>Debtors</u>"). I joined ResCap on August 1, 2011 as in-house litigation counsel.

2.  In my role as Chief Litigation Counsel at ResCap, I was responsible for, among other things, the management of residential mortgage related litigation. In my role as Chief Litigation Counsel for the Liquidating Trust, I am providing services to the Liquidating Trust and the ResCap Borrower Claims Trust as necessary, including in connection with the prosecution of objections to claims. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Objection to Proofs of Claim Filed by Gregory C.*

sf-3338697

*Morse Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "Objection").[1]

3. In my capacity as Chief Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the action involving Gregory C. Morse ("Morse"), described below. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel formerly in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other former members of the Debtors' legal department or members of the Liquidating Trust's legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants and counsel accurately recording, preparing, collecting or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

A.  **The Texas Litigation**

4. On March 3, 2008, Morse entered into a mortgage loan refinancing agreement with Homecomings in the amount of $414,500.00 (the "Note"), which was secured by property located at 223 High Point Drive, Plano, Texas 75094 (the "Property"), as evidenced by a Deed of Trust executed by Morse on the same date in favor of MERS, as the nominee for

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

Homecomings; GMACM was the original servicer. The loan refinanced a first priority mortgage with EMC Mortgage Corp. and a second priority mortgage with Homecomings. Homecomings almost immediately endorsed the Note and assigned the Deed of trust to GMACM, and GMACM in turn transferred the Note and Deed of Trust to the Federal National Mortgage Association ("Fannie Mae") shortly thereafter. GMACM transferred servicing of the loan to Green Tree Servicing, LLC in February of 2013 in connection with the Debtors' sale of the Debtors' Servicing Platform.

5. Morse has not made a mortgage payment since March 2011. Even though Morse is in default on the Note, it is my understanding that the Property remains in his possession and has not been foreclosed upon.

6. On May 18, 2012, Morse filed a complaint (the "Original Complaint") commencing a second lawsuit[2] (the "Morse Action") against GMAC Mortgage, LLC ("GMACM") and Homecomings Financial, LLC ("Homecomings"), as well as other non-debtor defendants including, without limitation, Ally Bank ("Ally"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc. and Fannie Mae (collectively, the "District Court Defendants"). A copy of the Original Complaint is attached to the Objection as Exhibit 6. On June 20, 2012, the Morse Action was removed to the United States District Court for the Eastern District of Texas, Sherman Division (the "Texas District Court"). On August 20, 2012, Morse filed the Amended Original Complaint (the "Amended Complaint"), a copy of which is attached to the Objection as Exhibit 7.

---

[2] Morse filed his first lawsuit regarding the Refinancing Agreement on April 26, 2011; however, that lawsuit was dismissed as the court found that Morse's Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act (TILA) claims were barred by the statute of limitations, and the court declined to exercise supplemental jurisdiction over Morse's remaining state law claims.

-3-

sf-3338697

7. In the Morse Action, which arises out of the Refinancing Agreement, Morse asserts the following causes of action against the District Court Defendants: (i) fraud; (ii) breach of contract; (iii) violation of the Texas Mortgage Broker License Act, Texas Finance Code § 156.001, et seq.; (iv) violations of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, Texas Finance Code § 157.001, et seq.; (v) the Texas Deceptive Trade Practices Act ("DTPA"); and (vi) the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Moreover, in addition to certain other causes of action, Morse sought a declaratory judgment. Specifically, Morse contended that he did not have clear title, and was therefore seeking a declaratory judgment that (i) there was not a lender at the closing, (ii) the lender was not Homecomings, (iii) no entity had a right to transfer an interest to Fannie Mae, (iv) there is not a lien on the Property, (v) what entities, if any, have an interest in Morse's mortgage and (vi) what entities, if any, have an interest in the Property.

8. On September 10, 2012, certain of the District Court Defendants, including Homecomings, GMACM, Ally, MERS, MERSCORP., Inc. and Fannie Mae, filed the Defendants' Motion to Dismiss and Supporting Memorandum of Legal Authority (the "Motion to Dismiss"), a copy of which is attached to the Objection as Exhibit 8. In the Motion to Dismiss, the applicable District Court Defendants argued that: (i) Morse failed to state a valid claim for quiet title; (ii) Morse did not plead his fraud allegations with sufficient particularity; (iii) Morse failed to state a plausible Deceptive Trade Practices Act ("DTPA") claim; (iv) the District Court Defendants are not liable under Texas Business and Commerce Code Section 27.01; (v) Morse failed to state a valid Racketeer Influenced and Corrupt Organizations ("RICO") Act claim; (vi) Morse failed to state a valid claim under Texas Mortgage Broker or banker provisions of Texas Finance Code Sections 156.001 and 157.001. et seq.; and (viii)

-4-

Morse had no grounds to request an accounting. Morse later filed an opposition to the Motion to Dismiss.

9. Also on September 10, 2012, GMACM and Homecomings filed Homecomings Financial, LLC's and GMAC Mortgage, LLC's Notice of Bankruptcy Filing and Supplemental Servicing Order (the "Notice of Bankruptcy"), a copy of which is attached to the Objection as Exhibit 9. The Notice of Bankruptcy explained that, in accordance with this Court's *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses*, [Docket No. 774], after the Petition Date Morse's declaratory judgment action, to the extent that it was an attack on the validity of a lien (the "Lien Claims"), was allowed to proceed as to Homecomings and GMACM without violating the automatic stay; however, Morse's other claims (the "Non-Lien Claims"), including his claims for fraud, breach of contract, RICO violations, violations of the Texas Mortgage Broker License Act, and violations of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, were stayed as to Homecomings and GMACM, but permitted to proceed as to the other, non-debtor District Court Defendants.

10. On August 13, 2013, the Texas District Court entered the Report and Recommendation of United States Magistrate Judge (the "Report and Recommendations") regarding the Motion to Dismiss, a copy of which is attached to the Objection as Exhibit 10. In

-5-

sf-3338697

it, the Texas District Court granted the Motion to Dismiss in large part, indicating, inter alia, that (i) all claims against District Court Defendants Commonwealth Land Title Insurance Company, MERS, MERSCORP, Inc., Ally and Fannie Mae should be dismissed with prejudice for failure to state a claim, (ii) the Lien Claims against Homecomings and GMACM should be dismissed with prejudice and (iii) that Non-Lien Claims against Homecomings and GMACM remain stayed pending resolution of these Chapter 11 Cases.[3]  Thereafter, Morse filed objections to the Report and Recommendations and series of motions seeking discovery and asking for sanctions against various lawyers.  These developments are reflected on the copy of the Texas District Court's docket sheet from June 20, 2012 to December 21, 2013 that is attached to the Objection as Exhibit 11.  On September 25, 2013, the Texas District Court entered an order adopting the Report and Recommendations, overruling Morse's objections to it, denying his various motions and dismissing the Morse Action with prejudice as to all the non-Debtor defendants except for Homecomings Wholesale Financial, dismissing the Morse Action as to Homecomings Wholesale Financial without prejudice, and dismissing the Lien Claims against Homecomings and GMACM with prejudice.  A true and correct copy of that order is attached to the Objection as Exhibit 12.  On October 23, 2013, Morse filed a Motion to Proceed *In Forma Pauperis* and a Notice of Appeal of the Order Adopting the Magistrate's Recommendations.  On November 15, 2013, the Texas District Court entered an order denying, without prejudice, the Motion to

---

[3] In issuing its recommendations, the Texas District Court noted that:

> [U]pon the lifting of any stay, the analysis in this report finding that Plaintiff has stated no statutory or common law fraud, breach of contract, RICO, DTPA, Texas Mortgage Broker License Act, Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, accounting or "other" claims against Defendants Commonwealth Land Title Insurance Company, MERS, MERSCORP, Inc., Ally and Fannie Mae would be equally applicable to Homecomings and GMAC, and, upon the lifting of the stay, a separate report and recommendations will be entered recommending that they be applied accordingly.

-6-

sf-3338697

Proceed *In Forma Pauperis*. In the order, the Texas District Court notes "that there is no final judgment in this matter and the case has been stayed pending conclusion of the bankruptcy proceedings." A true and correct copy of that order is attached to the Objection as Exhibit 13.

B.     **The Debtors' Review of the Proofs of Claim**

11.    On November 16, 2012, Morse filed (i) proof of claim number 5680 asserting claims against GMACM in the amount of $6,475,662.00, a copy of which is attached to the Objection as <u>Exhibit 1-A</u>, and (ii) proof of claim number 5682 (together with proof of claim number 5680, the "<u>Morse Claims</u>") asserting claims against Homecomings in the amount of $6,475,662.00, a copy of which is attached to the Objection as <u>Exhibit 1-B</u>.

12.    The Debtors and the Trust, after reviewing the supporting documentation and the Debtors' litigation files with respect to the Morse Action, have determined that no liability exists against GMACM and Homecomings with respect to the Morse Claims.

C.     **The Debtors' Compliance with the Procedures Order**

13.    It is my understanding that in connection with the filing of the Objection, the Debtors have complied with the Court's March 21, 2013 order (the "<u>Procedures Order</u>") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>"). I have been advised by the Debtors' personnel then acting under my supervision and attorneys with Morrison & Foerster LLP ("<u>M&F</u>"), the Debtors' bankruptcy counsel, that, prior to the Effective Date of the Plan, in accordance with the Procedures Order, the Debtors' personnel conferred with SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("<u>Special Counsel</u>") in determining that (i) the Morse Claims should be treated as a Borrower Claim subject to the Procedures Order, and (ii) that a request

letter (the "Request Letter") requesting additional documentation in support of the Morse Claims was required to be sent to Morse.

14. I am further advised that the Debtors also conferred with Special Counsel in drafting the Request Letter. The Debtors sent the Request Letter to Morse on June 11, 2013, requesting that Morse provide supplemental information regarding the basis for the Morse Claims by July 11, 2013 (the "Response Deadline"), with the Debtors providing a copy of such letter to Special Counsel. A true and correct copy of the Request Letter is attached to the Objection as Exhibit 5. The Response Deadline has passed, and, to date, Morse has not responded to the Request Letter.

15. To the best of my knowledge, prior to the filing of the Objection, both the Debtors fully complied with all other relevant terms of the Procedures Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2014

/s/ Lauren Graham Delehey  
Lauren Graham Delehey  
Chief Litigation Counsel for  
The ResCap Liquidating Trust