MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Daniel J. Harris

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STATEMENT OF THE LIQUIDATING TRUST IN CONNECTION
WITH MOTION OF MOVANT YOSEF LE ROI MUSTAFANOS FOR
AN ORDER SHORTENING NOTICE PERIOD FOR CERTAIN
EMERGENCY RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust") submits this statement (the "Statement") in connection with the *Ex Parte Motion of the Movant Yosef Le Roi Mustafanos For an Order Shortening Notice Period For Certain Emergency Relief from the Automatic Stay* [Docket No. 6535] (the "Motion") filed by Yosef Le Roi Mustafanos (the "Movant") on behalf of James Jackson Marshall ("Sgt. Marshall").[1] In support of the Statement, the Liquidating Trust submits the *Declaration of Lauren Graham Delehey* (the "Delehey Decl.") annexed hereto as Exhibit 1, and, by and through its undersigned counsel, respectfully represents as follows:

---
[1] Neither Movant nor Sgt. Marshall has filed claims against the Debtors in these chapter 11 cases.

1

ny-1136687

**STATEMENT**

1.     Movant appears to be seeking relief from the automatic stay to prosecute counterclaims against Ally Financial, Inc. ("AFI"), and Debtors GMAC Mortgage, LLC ("GMACM") and Residential Capital, LLC ("ResCap") in the District Court in Multnomah County, Oregon in relation to a foreclosure action commenced by EverBank, Inc. ("EverBank") against Sgt. Marshall in 2010 (the "Foreclosure Action").  As best the Liquidating Trust can determine from its internal documents, Sgt. Marshall entered into a mortgage loan with Mortgage Investors Corporation on March 3, 2004 (the "Mortgage Loan") that was serviced by GMACM until GMACM's servicing responsibilities were transferred to Everhome Mortgage Company ("Everhome") in November 2008.  (Delehey Decl. ¶ 4.)  GMACM did not act as broker for the Mortgage Loan, and following the transfer of its servicing duties in 2008, GMACM no longer had any involvement with Sgt. Marshall or the Mortgage Loan at issue.  (*Id*.)

2.     Movant contends that in September 2013 the State Court granted Movant leave to amend a counterclaim he filed on behalf of Sgt. Marshall to include claims against AFI and GMACM.  (Motion ¶14 ("September 2013, the Multnomah County Court granted leave to amend to include ALLY Financial, Inc. (GMAC Mortgage, Inc.) in counterclaim.").)  Movant also contends that in January 2014, the State Court granted leave to amend the counterclaim to describe the relationship between AFI and GMACM. (Motion ¶ 16.)  However, to the best of the Liquidating Trust's knowledge and belief, neither GMACM nor ResCap was served with any notice in the Foreclosure Action, nor has an attorney or other representative appeared in the Foreclosure Action on behalf of GMACM or ResCap at any point.  (Delehey Decl. ¶ 5.)  Regardless, any effort to join GMACM or ResCap in the Foreclosure Action would be violative

ny-1136687

of the automatic stay and void absent relief from this Court. *See In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987).[2]

3. Following consultation with AFI's counsel, the Liquidating Trust has become aware that AFI, through counsel, has appeared in the Foreclosure Action and has contacted Movant about the impact of the injunction and release provisions contained in Article IX.D and IX.I of the confirmed chapter 11 plan (the "Plan"). As the Liquidating Trust understands the dispute between AFI and the Movant, the debate here relates to the impact of the Plan's third party release provisions on Movant's purported counterclaims against AFI and not to whether the automatic stay should be lifted to permit Movant to assert counterclaims against GMACM and/or ResCap. Nevertheless, the Liquidating Trust submits that, given the absence of any involvement on GMACM's part with respect to the Mortgage Loan since 2008, and the fact that neither GMACM nor ResCap ever received notice of any activity in the Foreclosure Action, there is no basis to grant Movant relief from the automatic stay. *See* 11 U.S.C. § 362(c)(2)(A) ("[T]he stay of any other act under subsection (a) of this section continues until . . . the time the case is closed.").

| | |
|---|---|
| Dated: April 3, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Daniel J. Harris<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, NY  10104-0050<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel to The ResCap Liquidating Trust* |

---

[2] The Liquidating Trust reserves all rights to seek further relief from the Bankruptcy Court in this regard if it becomes necessary to do so in subsequent proceedings.