**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND CONSENT ORDER MODIFYING**
**THE AUTOMATIC STAY WITH RESPECT TO KASPARIK LITIGATION**

WHEREAS, Rosalind Alexander-Kasparik ("**Borrower**") is a plaintiff in a civil action against, among others, GMAC Mortgage, LLC ("**GMACM**"), one of the above captioned debtors (collectively, the "**Debtors**"), filed in the Superior Court of the State of California, County of San Diego (the "**State Court**"), Case No. 37-2012-101531 (the "**California Litigation**");

WHEREAS, on May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, on July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

WHEREAS, on or about July 31, 2012, Borrower filed a complaint commencing the California Litigation.

WHEREAS, on October 10, 2012, GMACM filed a Notice of Bankruptcy and Suggestion of Automatic Stay (the "**NOB**") in the California Litigation.

WHEREAS, the California Litigation has remained stayed since the NOB was filed.

WHEREAS, on November 8, 2012, Borrower's counsel filed a proof of claim (Claim No. 3695) on Borrower's behalf against GMACM, asserting a secured claim on account of the California Litigation in the amount of $1.5 million (the "**Proof of Claim**").

WHEREAS, on November 21, 2012, the Court entered an order [Docket No. 2246] (the "**Sale Order**") approving the sale of the Debtors' mortgage loan origination and servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**") on the terms set forth in that certain Asset Purchase Agreement between the parties dated November 2, 2012 (the "**APA**").

WHEREAS, on February 15, 2013, the sale of the Debtors' mortgage loan servicing platform to Ocwen closed.

WHEREAS, on November 7, 2013, Borrower filed the *Motion for Relief From Stay* [Docket No. 5621] (the "**Stay Relief Motion**") with this Court.

WHEREAS, among other things, the Stay Relief Motion seeks relief from the automatic stay (the "**Stay**") of section 362(a) of the Bankruptcy Code for the purpose of liquidating Borrower's monetary claims against the Debtors.

WHEREAS, on December 10, 2013, the Debtors filed the *Debtors' Objection to Motion for Relief from Stay Filed on Behalf of Rosalind Alexander-Kasparik* [Docket No. 6056].

WHEREAS, on December 11, 2013, following the confirmation hearing, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential*

2

*Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Plan went effective and the ResCap Borrower Claims Trust (the "**Borrower Claims Trust**") and the ResCap Liquidating Trust (the "**Liquidating Trust**") were created [Docket No. 6137]. The Borrower Claims Trust, the Liquidating Trust, and the Borrower are collectively referred to herein as the "**Parties**".

WHEREAS, Borrower and the ResCap Borrower Claims Trust (collectively, the "**Parties**") have conferred and the Borrower Claims Trust has consented to a limited modification of the Stay pursuant to the terms, and subject to the conditions set forth in this stipulation and consent order (the "**Stipulation and Consent Order**");

WHEREAS, the Liquidating Trust has consented to the terms of this Stipulation and Consent Order;

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation and Consent Order, through their undersigned counsel, that:

1. The Stay Relief Motion is hereby withdrawn.

2. The Stay shall be modified solely to the extent set forth herein.

3. Borrower may prosecute the equitable claims in the California Litigation (including any appeals) solely to the extent they are asserted for the purpose of defending and unwinding the foreclosure of Borrower's loan secured by a first deed of trust from Unitrust Mortgage, Inc. in the amount of $314,240.00 against the property located at 1021 Scott Street #149, San Diego, California 92106, which claims Ocwen is responsible for defending pursuant to the terms of the Sale Order and APA.

4. Notwithstanding anything in this Stipulation and Consent Order or the

3

Motion to the contrary, absent further order of this Court, the automatic stay shall remain in full force and effect with respect to all claims asserted by Borrower for monetary relief of any kind and of any nature against the Debtors, which claims shall be liquidated and adjudicated by the Bankruptcy Court in connection with the reconciliation of the Proof of Claim.

5.  The Borrower Claims Trust and Borrower hereby agree that the Proof of Claim is disputed in accordance with Bankruptcy Code section 502(b); *provided*, that, solely with respect to the Proof of Claim, the Borrower Claims Trust shall have until the later of (a) the Claim Objection Deadline (as defined in the Plan) or (b) thirty (30) days following the date the Borrower Claims Trust receives notice that the California Litigation has been resolved on a final basis, to file an objection to the Proof of Claim.

6.  This Stipulation and Consent Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court. No statement made or action taken in the negotiation of this Stipulation and Order, nor set forth herein, may be used by any Party in the California Litigation.

7.  This Stipulation and Consent Order is the entire agreement between the Parties in respect of the subject matter hereof.

8.  Each person who executes this Stipulation and Consent Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of such Party.

9.  This Stipulation and Consent Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Consent Order shall be immediately effective upon its entry.

11. This Stipulation and Consent Order shall be of no force or effect unless and until it is approved by the Court.

12. This Court retains jurisdiction to resolve all matters relating to the implementation of this Stipulation and Consent Order.

| | |
|---|---|
| Dated: March 26, 2014 | Dated: March 26, 2014 |
| /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | /s/ Allan O. Cate<br>Allan O. Cate<br>CATE LEGAL GROUP<br>7710 Balboa Avenue, Suite 316<br>San Diego, CA 92111<br>Telephone: (858) 224-5865<br>Facsimile: (858) 228-9885 |
| *Counsel for the ResCap Borrower Claims Trust* | *Counsel for Rosalind Alexander-Kasparik* |

Dated: March 26, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

**SO ORDERED.**

Dated:  April 7, 2014
         New York, New York

                                               **/s/Martin Glenn**
                                               MARTIN GLENN
                                        United States Bankruptcy Judge