**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et. al.*

Debtors.

NOT FOR PUBLICATION

Chapter 11

Case No. 12-12020

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION**
**TO CLAIM NO. 7312 OF LEROY HINES**

Pending before the Court is the ResCap Borrower Claims Trust's *Fifty-Eighth Omnibus Objection to (A) Amended and Superseded Borrower Claims; (B) Late Filed Borrower Claims; and (C) Non-Debtor Borrower Claims* ("the Objection," ECF Doc. # 6305), solely as it relates to claim number 7312, filed by Leroy Hines ("the Hines Claim"). Through the Objection, the Borrower Claims Trust (the "Trust") seeks an order disallowing and expunging several claims on different grounds. Relevant to this Order, the Trust objects to the Hines Claim because it was filed after the bar date. Hines filed an opposition to the Objection (the "Opposition, ECF Doc. # 6455), and the Trust filed a reply (the "Reply," ECF Doc. # 6677). Hines filed his claim on November 20, 2013, asserting a $38,789.36 secured claim and a $2,600 priority claim against Residential Capital, LLC, listing "Mortgage Note" as the basis for his claim. For the reasons provided below, the Court **SUSTAINS** the Trust's Objection to claim number 7312.

**BACKGROUND**

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On August 29, 2012, the Court entered an order (the "Bar Date Order," ECF Doc. # 1309) (1) establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by creditors against the Debtors (the "General Bar Date"), (2) setting November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"), and (3) prescribing the form and manner for filing proofs of claim. On November 7, 2012, the Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time). (ECF Doc. # 2093.) To be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date. (Bar Date Order ¶¶ 2, 3).

According to the Trust, Hines was timely served with the notice of commencement of the chapter 11 cases and with notice of the Bar Date, and he did not seek permission to file a late claim. (Reply ¶ 5.) Additionally, the Hines Claim does not amend any previously-filed claim. The Trust asserts that Article VIII.B of the Confirmed Plan disallowed, discharged, released, and expunged all proofs of claim filed after the Bar Date. (*Id*. ¶ 4.) Nevertheless, the Trust seeks a Court order confirming the disallowance and expungement of the Hines Claim.

In his Opposition, Hines asserts that he originally sent his claim "in a timely manner to the address given" to him, and the claim was returned and marked undeliverable. (Opposition at 1.) Hines then obtained a second address and sent his proof of claim on November 30, 2013. (*Id.*) Hines argues that his second mailing was "before the deadline of 11-30-13," yet the General Bar Date was November 16, 2012, and the Government Bar Date was November 30, 2012. (*Id.*) Hines asks the Court to allow his claim because he "diligently pursued every avenue to resolve this matter." (*Id.*)

The Trust replies that Hines does not meet the standard of excusable neglect that would permit him to file a late claim. First, the Trust notes that it is unclear from Hines's Opposition whether he actually sent his first notice before the Bar Date. (Reply ¶ 7.) Hines claims that he sent it "in a timely manner," but he later indicates that he believed the Bar Date to be November

2

30, 2013, instead of November 16, 2012.  Second, Hines offers no evidence in support of the attempted first mailing.  (*Id.*)

The Trust attaches to its Reply the supplemental declaration of P. Joseph Morrow IV, a director of corporate restructuring services at Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent retained by the Debtors in this case (the "Supplemental Declaration," ECF Doc. # 6677-1).  Morrow states that KCC sent the notice of the bankruptcy cases to Hines's home address in Shreveport, Louisiana, on or before June 4, 2012.  (Supplemental Decl. ¶ 5.)  The address listed in the Supplemental Declaration matches the address Hines provided on his proof of claim and on his Opposition.  Morrow also states that KCC mailed Hines the Bar Date Notice on or before October 5, 2012.  (*Id.* ¶ 6.)

## DISCUSSION

Proper mailing of the notice of a bar date raises a rebuttable presumption of receipt.  *In re AMR Corp.*, 492 B.R. 660, 663–64 (Bankr. S.D.N.Y. 2013).  Morrow confirms that KCC maintained the P.O. Box where creditors were instructed to send proofs of claim until August 2013, so proofs of claim sent to that address before August 2013 would not have been returned undeliverable.  (*Id.*)  Mail sent to the P.O. Box after August 2013 may have been returned undeliverable, though.

Creditors may be permitted to file late proofs of claim in limited circumstances. Bankruptcy Rule 9006 permits late filed claims in cases of "excusable neglect."  The Supreme Court has noted that, with respect to excusable neglect, "the determination is at bottom an equitable one that must take account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993).  The *Pioneer* Court established four factors to assist bankruptcy courts in evaluating excusable

3

neglect: (1) "the danger of prejudice to the debtor," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.*

"The Second Circuit strictly observes bar dates and has adopted what has been characterized as a 'hard line'" in deciding whether a creditor's delay was the result of excusable neglect. *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119–20 (Bankr. S.D.N.Y. 2010). "This 'hard line' approach focuses primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *Id.* at 120; *see also In re Enron Corp.,* 419 F.3d 115, 122 (2d Cir. 2005) (noting that the Second Circuit takes a "hard line" in determinations of excusable neglect, and focuses largely on the creditor's stated reason for the delay).

The Second Circuit has further explained that "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Enron Corp.,* 419 F.3d at 122 (citations omitted). "[O]nly in unusual instances would . . . ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." *In re BH S & B Holdings LLC,* 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (quoting *In re Northwest Airlines Corp.,* Case No. 05–17930(ALG), 2007 WL 498285, *3 (Bankr. S.D.N.Y. Feb.9, 2007)) (internal quotation marks omitted).

Hines did not demonstrate that his delay was beyond his control. Indeed, the mail may have been returned undeliverable due to his own mistake regarding the actual Bar Date. Here, the delay was substantial. KCC did not receive Hines's proof of claim until more than one year after the applicable Bar Date. Hines has not presented any evidence or set forth any unusual

4

circumstances that would weigh in favor of allowing his late filed claim.  The equities weigh against permitting Hines to pursue a late-filed claim.

## CONCLUSION

For the reasons explained above, the Court **SUSTAINS** the Objection to the Hines Claim.

**IT IS SO ORDERED.**

Dated:  April 7, 2014
       New York, New York

                                          **_/s/Martin Glenn_**
                                          MARTIN GLENN
                              United States Bankruptcy Judge