1    Jacqueline A. Warner, Creditor Claimant for Claim 3502
     Mailing and Service Address:
2    3053 West Craig Road E-155
3    North Las Vegas, NV 89032
     650-520-5596 / email: h7890p@yahoo.com
4

RECEIVED
APR - 7 2014
U.S. BANKRUPTCY COURT

5    **UNITED STATES BANKRUPTCY COURT**
6    **SOUTHERN DISTRICT OF NEW YORK**
                                      X

7    In Re:

8

9    RESIDENTIAL CAPITOL, LLC, et al            Chapter 11
                                     Case No: 12-12020-mg

10                       Debtor. 
                                       X

11

12                     **AFFADAVIT OF**
       **JACQUELINE A. WARNER CREDITOR'S CLAIM 3502**

13      **IN RESPONSE TO AND REJECTION OF DEBTOR'S ARGUMENT**
14    **AT HEARING AND SUPPLEMENTAL EVIDENCE AS MOOT**
15    **ISSUES WITHOUT A BASIS TO DISMISS CLAIMANT'S CLAIM**

16    **CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

17

18    1.      TO ALL CONCERNED the undersigned Affiant, Jacqueline Anne Warner does solemnly swear,

19           declare and state as follows:

20

21    2.      Affiant is competent to state the matters set forth herein.

22    3.      Affiant has personal knowledge of the facts stated herein.

23    4.      Those matters of law or not within the personal knowledge of Affiant are based upon information, belief

24           and public record.

25

26    5.      All the facts herein are true, correct and complete, admissible as evidence and if called upon as a

27           witness, Affiant will testify to their veracity.

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING
TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1

6.  Claimant has reserved all Rights.

7.  Claimant hereby makes this Affidavit with attached Exhibits incorporated herein that constitutes new evidence in this Claim 3502 or any Amendment thereto. Affiant incorporates the earlier Claimant's Affidavit in support of "OPPOSITION TO DEBTOR'S OMNIBUS REPLY Doc 5454 herein for all purposes. Claimant respectfully sets forth Affiant's request for declaratory judgment and writ of replevin as follows:

8.  Claimant hereby responds and rejects the issues raised by the Debtor during the hearing held on March 26, 2014 by Honorable Judge Martin Glenn on Debtor's request for dismissal of Claimant's claim 3502 for lack of merit.

9.  Claimant received the hearing transcripts today and an email from the Debtor containing the evidence of a wire transfer from the Debtor to Ally Bank and rejects this evidence and issues brought up at the hearing as follows:

10. The central point and basis of Claimant's claim 3502 is that Claimant rescinded the loan which cancelled the Deed of Trust and then GMAC took the money from Claimant's escrow unlawfully without the Deed of Trust as a basis for it or Ally Bank's claim to the money and now must return the money to Claimant. It does not matter whether the Debtor is just a servicer who passed the money along to Ally Bank. The point is the Debtor knowingly took the money without a lawful basis by fraud on the title company by use of a Deed of Trust that did not exist and now is responsible in this bankruptcy case to return it to Claimant, period. All of the issues that the Debtor has raised are smoke and mirrors to divert attention away from the central point to issues that are moot.

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING
TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

2

11. The Debtor keeps trying to reopen the closed res judicata loan rescission matter with the issues of just being a middle man servicer who passed the money along to Ally Bank not subject to claim 3502 and the effect or lack thereof of the bankruptcy of Claimant on the loan recession, all of which are moot issues not relevant to the central point that the Debtor took the money by fraud unlawfully and therefore is responsible to pay it back.

12. The Claimant does not consent to reopen the res judicata issue of loan rescission with irrelevant issues or agree to case law to form a new agreement outside of the federal loan rescission law. The issues raised by the Debtor during the hearing have no effect on the central basis of Claimant's claim and any discussion by Claimant on these issues does not create a new agreement or open the closed loan rescission matter, however, even the issues that the Debtor raises, fail in merit as discussed below.

13. Claimant cancelled the subject loan and Deed of Trust by notice to Debtor GMAC/ResCap, Ally Bank, GMAC Mortgage, GMAC Mortgage Corporation, and CMG Mortgage Inc., on June 29, 2009, (Exhibit 1 originally attached to March 3, 2014 filing) prior to her filing a chapter 13 bankruptcy petition on 11/04/2009 and thereafter converting it to chapter 7 on 12/23/2009 in the Northern District of California. Therefore, the loan rescission was done before and outside of bankruptcy and had no effect on Claimant's claim 3502. Therefore, the effect of Claimant's bankruptcy or the trustees actions in abandoning the subject property back to Claimant is a moot issue as for Debtor's arguments at the subject hearing. The issue is moot because the loan rescission was not subject to perfection by the bankruptcy court because the lender Ally Bank had failed to perform its obligation within the 20 day performance period or to bring an action disputing

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING
TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

3

1   the loan rescission and thereby defaulted and the matter became res judicata <u>before</u> it was

2   involved in Claimant's bankruptcy. Claimant had no obligation to perfect the loan recession's

3   voiding the Deed of Trust because it was done automatically as an operation of law as Claimant

4   has detailed in previous Affidavit filings.

5

6   14.   The case law that the Honorable Martin Glenn cites, Yamamoto v. Bank of New York, 329 F.

7   3d, 1167, 1170 (9th Cir. 2003), where the Ninth Circuit rejected the argument that a letter of

8   rescission had the automatic and immediate effect of voiding a loan transaction….goes on to

9   **point out….when the rescission has been contested.** Yamamoto is within the context of

10  bankruptcy and with a contested claim, neither of which apply to Claimant. However,

11  Yamamoto also states the effect of acquiescence and lack of a "contested" claim. In claimant's

12  case, CMG Mortgage or Ally Bank never contested or brought an action disputing the loan

13  rescission during the 20 day timeframe after receipt of the June 29, 2009 rescission letter, nor

14

15  during or after Claimant's bankruptcy. Yamamoto actually supports Claimant because it states

16  the reason that the court has discretion is contingent on the tender of payment which is the 226

17

18  (d)(2) and (d)(3) area of the law that the court can determine, not the (d)(1) part that

19

20  automatically voids the Deed of Trust, because in Claimant's case tender was not an issue so the

21  voiding effect of Claimant's loan rescission was automatic. *"Since Palmer we have recognized*

22  *that in applying TILA, "a trial judge ha[s] the discretion to condition rescission on tender by*

23

24  *the borrower of the property he had received from the lender." Ljepava, 511 F.2d at 944*

25  *(citing Palmer, 502 F.2d at 863-64). As we explained, whether a decree of rescission should*

26  *be conditional depends upon "the equities present in a particular case, as well as consideration*

27

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING
TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

4

1  *of the legislative policy of full disclosure that underlies the Truth in Lending Act and the*

2  *remedial-penal nature of the private enforcement provisions of the Act."* Indeed, in *LaGrone*

3  *we held that rescission should be* Palmer, 502 F.2d at 862. *conditioned on repayment of the*

4  *amounts advanced by the lender."* However, this case only applies if the lender contests and

5  brings a dispute action and performs the lender obligations of paying back what was collected

6  from the borrower, which did not happen in Claimant's case.

7

8  15.  And, the case further states: *"If BNY had acquiesced in Tampon's notice of rescission, then the*

9      *transaction would have been rescinded automatically, thereby causing the security interest to*

10     *become void and triggering the sequence of events laid out in subsections (d)(2) and (d)(3). "*

11     Here the court is stating exactly what happen in Claimant Warner's case, the lender, note holder

12     acquiesced and the Claimant's loan rescission voided the Deed of Trust automatically and the

13     issue became res judicata. And, GMAC knew this and still proceeded to take Claimant's money

14     from escrow under fraud and that is why they are responsible for giving the money back the

15     money to Claimant and unable to pass the buck to Ally Bank.

16

17 16.  Claimant rejects the evidence the Debtor has produced for the court because it does not prove

18     any wire transfer of money to Ally Bank, it is not an affidavit by any individual or bank

19     employee with first-hand personal knowledge that testifies that a wire transferred occurred so it

20     does not qualify as evidence or prove any money was transferred to Ally Bank. And, even if it

21     did, the Debtor is still responsible for paying the money back to the Claimant and getting the

22     money back from Ally Bank, it is not Claimant's burden to go after Ally Bank for the money

23     GMAC knowingly unlawfully took by fraud from the escrow of Claimant.

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING
TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

5

17. The prior bankruptcy of Claimant was made an issue by Claimant's prior attorney without full knowledge of the facts which caused focus on the issue which really did not matter because of the loan rescission being complete before the bankruptcy and the lender defaulting by acquiescence prior to the bankruptcy, so the issue is really moot and without effect on Claimant's Claim 3502.

18. Claimant hereby makes this response, rejection and incorporates Claimant's Affidavit with attached Exhibits therein by this reference that constitutes new evidence in this Claim 3502 or any Amendment hereto and Affiant incorporates the earlier Claimant's Affidavit in support of "OPPOSITION TO DEBTOR'S OMNIBUS REPLY ..." Court Doc 5454 herein for all purposes.

19. Claimant's loan rescission is *res judica* due to the lender's default in non performance under § 226.23(d)(1)(2)(3) and for not filing an objection action within the twenty (20) day performance period or thereafter and therefore, forever gave up any claim, defense, objection or rebuttal and GMAC the Debtor was informed on this and collected Claimant's money unlawfully and even if the Debtor did not know it when they took the money, now they know it and the obligation to return the money exists either way and cannot be handed off to Alley Bank or excused by side issues that do not address the real cause and merit of Claimant's Claim.

20. Claimant attaches further evidence in support of the above attached here as Exhibit 1.

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING
TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

6

**THEREFORE,** the Claimant request that this court take the above laws, statements, facts and evidence attached in this Affidavit of Jacqueline A. Warner, including any attached Exhibits, and determine if this Claim qualifies as a secured Claim with merit and if so grant Claimant's Claim 3502 and issue a Writ of Replevin for the prosecution and collection of the Claim.

**Thank you sincerely for your time and attention.**

IN WITNESS WHEREOF I hereunto set my hand and seal on this 4th day of April 2014, and hereby certify, swear and affirm under the law of the United States of America that all the statements made above are true, correct and complete based on my personal knowledge, information and belief.

All Rights Reserved Without Prejudice, Under Reserve U. C. C.

Date: _April 4, 2014_ Affiant: _Jacqueline A. Warner_ (Seal)
Jacqueline A. Warner

**JURAT**

State of Nevada                    )
                                   ) ss:
County of Clark                    )

Subscribed and sworn to (or affirmed) before me on this _4TH_ day of _April_, 2014, by_____, proved to me on the basis of satisfactory evidence to be the person the person who appeared before me.

_JACQUELINE A. WANER_ (seal)
Print / _Aram Ovakimian_ _____ NOTARY Signature

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ARAM OVAKIMIAN
No: 04-86932-1
My Appointment Expires Nov. 29, 2014

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

# EXHIBIT   1

Jacqueline A. Warner
10 Emerald Lake Place
Redwood City, CA 94062

June 29, 2009

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

CMG Mortgage Inc.                         Ally Bank Customer Care
3160 Crow Canyon Road                      PO Box 951
Suite # 400                                Horsham, PA   19044
San Ramon, California 94583

GMAC Mortgage                              GMAC Mortgage Corporation
PO Box 4622                                100 Witmer Road
Waterloo, IA   50704-4622                  Horsham, PA  19044

Dear Sirs/Madam:

With this letter, I, hereby exercise my rights under the Federal Truth in Lending Act, 15
U.S.C. § 1635, Regulation Z § 226.23, to rescind the above referenced mortgage loan.
The Truth in Lending disclosure statement was defective for the following reasons:

1. **Right to cancel:** Is not executed and the ROR is not signed by the borrower at the
   closing which is required for proof of acknowledgement of the (3) day
   cancellation policy.
2. **Documents:** Loan amount is listed as "initial advance" due to the nature of the
   account. Additionally, the credit line is not spelled out, only listed in numerals.
   Lastly, there are blanks not filled in by the lender on the last page of the note.
3. **Documents:** The customer ID form is not filled out by the lender for proof of proper
   identification of the borrower.
4. **Initial Disclosures:** The initial disclosures TIL, is not signed and dated by the
   borrower for proof of receipt within the (3) business days of taking application.
5. **Initial Disclosures:** Initial Good Faith Estimate in the file dated 10/18/2007 which
   appears to be within the (3) business days, BUT, not signed and dated by the
   borrower.
6. **Final Application:** The final 1003 application in the file is signed, initiated and
   dated by the borrower on 10/12/2007 but NOT signed by the loan
   officer/interviewer.

**Documents reviewed in the audit were:**

| Documents: | Correct: | Executed: |
|---|---|---|
| Initial Loan Application | YES | NO |
| Final Loan Application | YES | NO |
| Borrower Credit | NO | NO |

| | | |
|---|---|---|
| Appraisal | NO | NO |
| Initial Disclosures | NO | NO |
| Initial GFE | YES | NO |
| Final GFE | NO | NO |
| Initial TIL | YES | NO |
| Final TIL | NO | NO |
| ROR/RTC | YES | NO |
| Estimated HUD- Settlement | YES | NO |
| Final HUD-Settlement | YES | NO |
| Note | NO | NO |
| Deed of Trust/Mortgage | YES | YES |
| All Riders | NO | NO |
| Servicing Transfer Letter | YES | NO |
| MLDS Form(if app) | NO | NO |
| Escrow Instructions | NO | NO |

Pursuant to 15 U.S.C. § 1635(f), my right to rescind this loan extends for three-years as a result of this defective material violations listed above. This rescission notice has been sent to you within that time period.

Upon receipt of this document and the accompanying TILA audit, you are instructed to cease all efforts for sale, acceleration of the mortgage note and all foreclosure efforts. We expect a response from your office within (10) days from the receipt of this letter. Your silence in this matter will not protect you from any and all relief available to me under Federal Law. I, am prepared to defend my Federal rights and upon advice from counsel, I would prefer an amicable resolve to this situation.

Please be advised that your security interest in my home is now void per 15 U.S.C. § 1635: Regulation Z § 226.23 and you have twenty-days to return all of the payments I have made on this loan and to do your part to terminate the security interest in my home.

Additionally, please consider this letter a "Qualified Written Request" per RESPA and as such I am demanding an accounting of my loan including the following: loan disbursements, charges, all payments paid to date, and the principal balance

Regards,

*Jacqueline A. Warner*

Jacqueline A. Warner

Attachment:   Forensic Report – CMG Mortgage Loan #: 20540326
                        - GMAC Mortgage Loan #: 8601931887



### FORENSIC REPORT
### File ID USP-09-0010

Borrower:    Jackie Warner

June 26, 2009

Dear Client:

We would like to thank you for allowing us the opportunity to review this loan and documents that were provided. The attached report will provide a summary of what our findings were as well as detail on the specific items if applicable.

Our forensic audit process is a combination of technology based review and expert review of the loan file. This service is provided by LMP as an independent, third party audit and recreation of the loan file. The goal is to recreate as much of the original loan file as possible and then perform an audit that will insure the original lender had followed all of the state, federal and local laws and lending rules.

The expert review is where we offer the biggest value and the most comprehensive review of the specific documents for each file. Resources utilized are all senior level underwriters that have spent years in the lending side of loan origination and compliance. Their expert view of the loan file will often identify patterns and inconsistencies that are often missed by technology solutions.

Technology is still very important as it make an easy process out of keeping track to the federal lending guidelines, state specific rules and in certain cases, local or county based restrictions on lending. We have developed technology that has each of our experts checking the exactly same items in every file, tracks each file in our system and links to a compliance engine that completes a date specific check of all the applicable laws and maximum fees that could have been charged at point of origination.

Please review the attached findings in detail and make sure you clearly understand what each item relates to and how it affects your loan. Feel free to call us with any questions that you may have.

Sincerely,

Forensic First

Joseph Posavec

## Borrower Information

**Borrower**
Jackie Warner

**Address**
10 Emerald Lake Place
Redwood city, CA 94062

## Property and Lender Information

| **Lender** | **Original Loan Amount** |
|------------|--------------------------|
| GMAC Mortgage | $1,000,000.00 |

**Description:**

Accelerator Equity Line of Credit

## Log Notes

| Log note | Date Modified |
|----------|---------------|
| File reviewed for audit purposes and there were a number of issues identified. The final 1003 was never signed by the interviewer / loan officer, there is a question as to whether the initial disclosures were received by the borrower within 3 business days of application since they have not been signed and dated by the borrower. The ROR was not signed at closing and is required for proof of receipt and acknowledgement of the 3 day cancellation period. The lender never completed the Customer ID form for proof of proper identification reviewed by the lender. The note has blanks on the last page by the lender (pg. 11 of 11), it was not completely filled in. Also, it does not spell out the credit line, only lists loan amount as "initial advance" due to the nature of this loan being an "Equity Accelerator". Due to the nature of this type of loan program, not able to complete the Compliance piece of the audit due to system restrictions. | 06-25-2009 09:21 PM |
| 6/12 Spoke with customer service rep Lynsdie ID#26437. She stated that they sent out a written response to our QWR in the mail. She could not confirm to me whether the package was sent to the borrower or to Document Recovery. She said she did not know whether the docs were in the package or not. | 06-12-2009 03:45 PM |
| 6/11 I called and got a Dustin ID #8929 and he told me I was not an Authorized party on the BA to receive info. I told him name of company and he says they can't work with individuals without their exact name being on the BA. I hung up and called back. I got rep Sherrie #4221 she told me the same thing. I countered that it clearly states on the BA that anyone from either Document Recovery or US Property Shop was authorized. She would not cooperate so thanked her and hung up. I have written a letter and re faxed the BA and QWR. My letter reiterates the stated authorized parties. I will call back later today. | 06-11-2009 12:42 PM |
| Called GMAC, spoke with rep, Paul (ID# 4267). Confirmed receipt of signed b/a & QWR. Said that it was uploaded to their system yesterday. Turn time for those documents can take 72 hours to process, and then will be sent via USPS mail. Paul stated their policy is that any documents that are sent with an original signature will be sent directly to the customer. Everything else will be mailed to us. | 06-03-2009 01:55 PM |
| 5/29 - Docs faxed to lender, fax confirmation received. | 06-01-2009 10:30 AM |

## _Exception Issues_

| Category | Criticality | Issue Name | Issue Description |
|---|---|---|---|
| Right to Cancel | ★★★★ | Not executed | ROR is not signed and dated by the borrower at closing which is required for proof of acknowledgement of the 3 day cancellation policy. |
| Documents | ★★★★ | Not executed | Loan amount is listed as "initial advance" due to the nature of the account. Additionally, the credit line is not spelled out, only listed in numerals. Lastly, there are blanks not filled in by the lender on the last page of the note. |
| Documents | ★★★★★ | Not executed | Customer ID Form not filled in by lender for proof of proper identification of the borrower. |
| Initial Disclosures | ★★★★ | Initial disclosures delivered within 3 days of application? | TIL is not signed and dated by the borrower for proof of receipt within 3 business days of taking application. |
| Initial Disclosures | ★★★★★ | Initial disclosures delivered within 3 days of application? | Initial GFE in the file dated 10/18/2007 which appears to be within the 3 business days but not signed and dated by the borrower. |
| Final Application | ★★★ | Not executed | Another 1003 application in the file is signed, initialed and dated by the borrower on 10/12/2007 but not signed by the loan officer / interviewer. |

*Borrower Info*

| | |
|---|---|
| Borrower Last Name | Warner |
| Borrower First Name | Jacqueline |
| Co-Borrower Last Name | |
| Co-Borrower First Name | |

*Loan Detail*

| | | | |
|---|---|---|---|
| Property Address | 10 Emerald Lake Pl | State | CA |
| City | Redwood City | ZIP | 94062 |

| | | | |
|---|---|---|---|
| **Lien Position** | 1st | Loan Term | 360 |
| **Lender** | GMAC | Status | |
| Loan Number | 20540325 | LTV | 59.00% |
| Original Loan Amount | $ 1,000,000 | PPP | n/a |
| Current Balance | $ 916,483 | Rate | 5.466% |
| Monthly Payment (PI) | $ 4,898 | ARM/FIX | ARM |

*Documents*

| Document | Correct | | Executed | | Dated | |
|---|---|---|---|---|---|---|
| Initial Loan Application | ☑ | Correct | YES | Executed | NO | Dated | |
| Final Loan Application | ☑ | Correct | YES | Executed | NO | Dated | 10/12/2007 |
| Borrower Credit | ☐ | Correct | NO | Executed | NO | Dated | |
| Appraisal | ☐ | Correct | NO | Executed | NO | Dated | |
| Initial Disclosures | ☐ | Correct | NO | Executed | NO | Dated | |
| Initial GFE | ☑ | Correct | YES | Executed | NO | Dated | 10/18/2007 |
| Final GFE | ☐ | Correct | NO | Executed | NO | Dated | |
| Initial TIL | ☑ | Correct | YES | Executed | NO | Dated | 10/9/2007 |
| Final TIL | ☐ | Correct | NO | Executed | NO | Dated | |
| ROR/RTC | ☑ | Correct | YES | Executed | NO | Dated | 11/9/2007 |
| Estimated HUD - Settlement | ☑ | Correct | YES | Executed | NO | Dated | 11/8/2007 |
| Final HUD - Settlement Stat. | ☑ | Correct | YES | Executed | NO | Dated | 11/18/2007 |
| Note | ☑ | Correct | NO | Executed | NO | Dated | 11/9/2007 |
| Deed of Trust/Mortgage | ☑ | Correct | YES | Executed | YES | Dated | 11/9/2007 |
| All Riders | ☐ | Correct | NO | Executed | NO | Dated | |
| Servicing Transfer Letter | ☑ | Correct | YES | Executed | NO | Dated | |
| MLDS Form (if App) | ☐ | Correct | NO | Executed | NO | Dated | |
| Purchase Contract (if App) | ☐ | Correct | NO | Executed | NO | Dated | |
| Escrow Instructions | ☐ | Correct | NO | Executed | NO | Dated | |

*Loan Application (1003)*

| Document | Severity | Page | | Conf. |
|---|---|---|---|---|
| Initial Application | | | Original 1003 in file but not signed or dated. | |
| Final Application | 3 | | Another 1003 application in the file is signed, initialed and dated by the borrower on 10/12/2007 but not signed by the loan officer / interviewer. | |
| | | | | |
| | | | | |
| | | | | |

**Good Faith Estimate (GFE)**

| Document | Severity | Page | | Conf. |
|---|---|---|---|---|
| Initial GFE | 5 | | Initial GFE in the file dated 10/18/2007 which appears to be within the 3 business days but not signed and dated by the borrower. | |
| Initial & Final GFE | | | Initial GFE in the file dated 10/18/2007 which appears to be within the 3 business days but not signed and dated by the borrower. | |

**Truth in Lending (TIL)**

| Document | Severity | Page | | Conf. |
|---|---|---|---|---|
| Initial & Final | 5 | | TIL is not signed and dated by the borrower for proof of receipt within 3 business days of taking application. | |

**Settlement Statement (HUD1)**

| Document | Severity | Page | | Conf. |
|---|---|---|---|---|
| Final HUD | | | No issues found. | |

**Right of Rescission**

| Document | Severity | Page | | Conf. |
|---|---|---|---|---|
| ROR | 5 | | ROR is not signed and dated by the borrower at closing which is required for proof of acknowledgement of the 3 day cancellation policy. | |

**Note**

| Document | Severity | Page | | Conf. |
|---|---|---|---|---|
| Note | 5 | 11 of 11 | Loan amount is listed as "initial advance" due to the nature of the account. Additionally, the credit line is not spelled out, only listed in numerals. Lastly, there are blanks not filled in by the lender on the last page of the note. | |

| Deed of Trust / Mortgage | | | | Conf. |
|---|---|---|---|---|
| Document | Severity | Page | | |
| Mortgage | | | No issues found. | |
| | | | | |

| Other | | | | Conf. |
|---|---|---|---|---|
| Document | Severity | Page | | |
| Customer ID Form | 5 | | Customer ID Form not filled in by lender for proof of proper identification of the borrower. | |
| | | | | |
| | | | | |

## DOCUMENT CHECK LIST - Warner

| Question | Status | Note |
|---|---|---|
| Borrower Received Initial Disclosures with 3 days of Application | UNKNOWN | |
| Initial disclosures signed by all parties? | NO | |
| Borrower's authorization signed prior to the credit report date? | UNKNOWN | |
| Initial Good Faith Estimate in file? | YES | |
| For California, MLDS in file and contains DRE license number? | UNKNOWN | |
| Initial GFE includes YSP if applicable? | N/A | |
| If terms changed, GFE or CA MLDS was redisclosed? | UNKNOWN | |
| | | |
| Loan processed and commented well? | UNKNOWN | |
| No documents were copied illegally? | UNKNOWN | |
| All documents appear to be legitimate? | YES | |
| All documents legible? | YES | |
| | | |
| ROR/ROC has Correct Borrower Names | YES | |
| ROR/ROC has Correct Property Address | YES | |
| ROR/ROC is signed and dated | NO | Borrower did not sign at closing. |
| ROR/ROC has correct rescession date | YES | |
| ROR/ROC has not been exercised | YES | |
| | | |
| Note date matches security instrument? | YES | |
| Note interest rate matches underwriting approval and investor lock? | UNKNOWN | |
| Note has correct property address? | YES | |
| Note loan amount is correct in both words and numbers? | NO | Listed as initial advance, loan amount not spelled out. |
| Note has correct originating lender information? | YES | |
| Note first payment date correct? | NO | No 1st payment date listed. |
| Note maturity date correct? | YES | |
| Note contains ARM terms or addendum is attached? | YES | |
| Note has prepayment addendum matching investor terms? | N/A | |
| ARM Note margin matches investor lock sheet? | UNKNOWN | |
| ARM caps match investor lock sheet? | UNKNOWN | |
| Balloon Note has correct maturity date? | N/A | |
| | | |
| Deed/Mortgage has correct originating lender information? | YES | |
| Deed/Mortgage loan amount is correct in both words and numbers? | YES | |
| Deed/Mortgage has correct maturity date? | YES | |
| Deed/Mortgage legal description matches preliminary title report? | UNKNOWN | |
| Deed/Mortgage property address correct? | YES | |
| Deed/Mortgage notary jurat complete, signed and has seal or stamp? | YES | |
| Deed/Mortgage has no blanks – all information is completed? | YES | |

# RESPA required disclosures

## At the time of loan application

When borrowers apply for a mortgage loan, mortgage brokers and/or lenders must give the borrowers:

- a Special Information Booklet, which contains consumer information regarding various real estate settlement services. (Required for purchase transactions only) and
- a Good Faith Estimate (GFE) of settlement costs, which lists the charges the buyer is likely to pay at settlement. This is only an estimate and the actual charges may differ. If a lender requires the borrower to use a particular settlement provider, then the lender must disclose this requirement on the GFE.
- a Mortgage Servicing Disclosure Statement, which discloses to the borrower whether the lender intends to service the loan or transfer it to another lender. It also provides information about complaint resolution.

**If the borrowers don't get these documents at the time of application,** the lender must mail them within three business days of receiving the loan application.

**If the lender turns down the loan within three days,** however, then RESPA does not require the lender to provide these documents.

The RESPA statute does **not** provide an explicit penalty for the failure to provide the Special Information Booklet, Good Faith Estimate or Mortgage Servicing Statement. However, bank regulators may choose to impose penalties on lenders who fail to comply with federal law. Please read the section on RESPA enforcement for more information.

## Disclosures before settlement/closing occurs

The terms "settlement" and "closing" can be and are used interchangeably.

An **Affiliated Business Arrangement (AfBA) Disclosure** is required whenever a settlement service provider involved in a RESPA covered transaction refers the consumer to a provider with whom the referring party has an ownership or other beneficial interest.

The referring party must give the AfBA disclosure to the consumer at or prior to the time of referral. The disclosure must describe the business arrangement that exists between the two providers and give the borrower an estimate of the second provider's charges.

Except in cases where a lender refers a borrower to an attorney, credit reporting agency or real estate appraiser to represent the lender's interest in the transaction, the referring party may not require the consumer to use the particular provider being referred.

The **HUD-1 Settlement Statement** is a standard form that clearly shows all charges imposed on borrowers and sellers in connection with the settlement. RESPA allows the borrower to request to see the HUD-1 Settlement Statement one day before the actual settlement. The settlement agent must then provide the borrowers with a completed HUD-1 Settlement Statement based on information known to the agent at that time.

## Disclosures at settlement

The HUD-1 Settlement Statement shows the actual settlement costs of the loan transaction. Separate forms may be prepared for the borrower and the seller. Where it is not the practice that the borrower and the seller both attend the settlement, the HUD-1 should be mailed or delivered as soon as practicable after settlement.

The **Initial Escrow Statement** itemizes the estimated taxes, insurance premiums and other charges anticipated to be paid from the Escrow Account during the first twelve months of the loan. It lists the Escrow payment amount and any required cushion. Although the statement is usually given at settlement, the lender has 45 days from settlement to deliver it.

## Disclosures after settlement

Loan servicers must deliver to borrowers an **Annual Escrow Statement** once a year. The annual Escrow account statement summarizes all escrow account deposits and payments during the servicer's twelve month computation year. It also notifies the borrower of any shortages or surpluses in the account and advises the borrower about the course of action being taken.

A **Servicing Transfer Statement** is required if the loan servicer sells or assigns the servicing rights to a borrower's loan to another loan servicer. Generally, the loan servicer must notify the borrower 15 days before the effective date of the loan transfer. As long the borrower makes a timely payment to the old servicer within 60 days of the loan transfer, the borrower cannot be penalized. The notice must include the name and address of the new servicer, toll-free telephone numbers, and the date the new servicer will begin accepting payments.

1   Jacqueline A. Warner, Creditor Claimant for Claim 3502
2   Mailing and Service Address:
    3053 West Craig Road E-155
3   North Las Vegas 89032
    650-520-5596 / email h7890p@yahoo.com
4

5

6   UNITED STATES BANKRUPTCY COURT
    SOUTHERN DISTRICT OF NEW YORK
7   _____X

8
    In Re:
9

10  RESIDENTIAL CAPITOL, LLC, et al              Chapter 11
                                                 Case No: 12-12020-mg
11                      Debtor.
12  _____X

13                         **PROOF OF SERVICE**

14
    1.   At the time of service I was over eighteen (18) years of age and not a party to this action.
15

16  2.   My residence or business address is: *7395 S. Durango Dr. #B103 LV NV89113*

17  3.   On April 4, 2014, I served the following document by United States Mail, FedEx or other
18       courier; I enclosed the documents in a sealed envelope or package addressed to the persons in 4
         and 5 by depositing the sealed envelope or package with the above service, with the postage
19       fully prepaid.

20                           **DOCUMENT**
21
    UNITED STATES BANKRUPTCY COURT
22  SOUTHERN DISTRICT OF NEW YORK      Case No: 12-12020-mg

23
    **AFFIDAVIT OF JACQUELINE A. WARNER AND**
24  **JACQUELINE A. WARNER'S (CREDITOR'S CLAIM 3502) RESPONSE TO AND**
25  **REJECTION OF DEBTOR'S ARGUMENT AT March 26, 2014 HEARING AND**
    **SUPPLEMENTAL EVIDENCE AS MOOT ISSUES WITHOUT A BASIS TO DISMISS**
26  **CLAIMANT'S CLAIM**
27  **CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

PROOF OF SERVICE OF RESPONSE TO HEARING AND AFFIDAVIT OF JACQUELINE A. WARNER IN
                SUPPORT OF REJECTION OF DEBTOR'S ARGUMENT
             DATED 04/04/2014 IN CREDITOR'S CLAIM 3502 in
             U.S. Bankruptcy Court, Chapter 11 Case No: 12-12020-mg

                                    1

**COURT**    80379454 9833

Tracking No. ~~7013 1710 0000 1873 9022~~

4.  Clerk of the Court
    U.S. BANKRUPTCY COURT, Office of Honorable Martin Green
    Southern District of New York
    One Bowling Green
    New York, New York  10004

5.  Business or residence address where the person or persons were served:

    Norman S. Rosenbaum          Tracking No.7013 1710 0000 1873 9015
    Jordan A. Wishnew
    MORRISON & FOERSTER LLP
    1290 Avenue of the Americas
    New York, New York  10104

I declare under the penalty of perjury that the foregoing is true and correct on this 4th day of April 2014,

Declarant: _____ (Seal)

PROOF OF SERVICE OF RESPONSE TO HEARING AND AFFIDAVIT OF JACQUELINE A. WARNER IN
SUPPORT OF REJECTION OF DEBTOR'S ARGUMENT
DATED 04/04/2014 IN CREDITOR'S CLAIM 3502 in
U.S. Bankruptcy Court, Chapter 11 Case No: 12-12020-mg

2