Jacqueline A. Warner, Creditor Claimant for Claim 3502
Mailing and Service Address:
3053 West Craig Road E-155
North Las Vegas, NV 89032
650-520-5596 / email: h7890p@yahoo.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

In Re:

RESIDENTIAL CAPITOL, LLC, et al                    Chapter 11
                                                   Case No: 12-12020-mg
                    Debtor.
_____X

### JACQUELINE A. WARNER CREDITOR'S CLAIM 3502

### RESPONSE TO AND REJECTION OF DEBTOR'S ARGUMENT AT HEARING AND SUPPLEMENTAL EVIDENCE AS MOOT ISSUES WITHOUT A BASIS TO DISMISS CLAIMANT'S CLAIM

### CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

TO:    THE HONORABLE MARTIN GLENN
       UNITED STATES BANKRUPTCY JUDGE

1. Claimant hereby responds and rejects the issues raised by the Debtor during the hearing held on March 26, 2014 by Honorable Judge Martin Glenn on Debtor's request for dismissal of Claimant's claim 3502 for lack of merit.

2. Claimant received the hearing transcripts today and an email from the Debtor containing the evidence of a wire transfer from the Debtor to Ally Bank and rejects this evidence and issues brought up at the hearing as follows:

---

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1

3. The central point and basis of Claimant's claim 3502 is that Claimant rescinded the loan which cancelled the Deed of Trust and then GMAC took the money from Claimant's escrow unlawfully without the Deed of Trust as a basis for it or Ally Bank's claim to the money and now must return the money to Claimant. It does not matter whether the Debtor is just a servicer who passed the money along to Ally Bank. The point is the Debtor knowingly took the money without a lawful basis by fraud on the title company by use of a Deed of Trust that did not exist and now is responsible in this bankruptcy case to return it to Claimant, period. All of the issues that the Debtor has raised are smoke and mirrors to divert attention away from the central point to issues that are moot.

4. The Debtor keeps trying to reopen the closed res judicata loan rescission matter with the issues of just being a middle man servicer who passed the money along to Ally Bank not subject to claim 3502 and the effect or lack thereof of the bankruptcy of Claimant on the loan recession, all of which are moot issues not relevant to the central point that the Debtor took the money by fraud unlawfully and therefore is responsible to pay it back.

5. The Claimant does not consent to reopen the res judicata issue of loan rescission with irrelevant issues or agree to case law to form a new agreement outside of the federal loan rescission law. The issues raised by the Debtor during the hearing have no effect on the central basis of Claimant's claim and any discussion by Claimant on these issues does not create a new agreement or open the closed loan rescission matter, however, even the issues that the Debtor raises, fail in merit as discussed below.

6. Claimant cancelled the subject loan and Deed of Trust by notice to Debtor GMAC/ResCap,

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

2

Bank, GMAC Mortgage, GMAC Mortgage Corporation, and CMG Mortgage Inc., on June 29, 2009, (Exhibit 1 originally attached to March 3, 2014 filing) prior to her filing a chapter 13 bankruptcy petition on 11/04/2009 and thereafter converting it to chapter 7 on 12/23/2009 in the Northern District of California. Therefore, the loan rescission was done before and outside of bankruptcy and had no effect on Claimant's claim 3502. Therefore, the effect of Claimant's bankruptcy or the trustees actions in abandoning the subject property back to Claimant is a moot issue as for Debtor's arguments at the subject hearing. The issue is moot because the loan rescission was not subject to perfection by the bankruptcy court because the lender Ally Bank had failed to perform its obligation within the 20 day performance period or to bring an action disputing the loan rescission and thereby defaulted and the matter became res judicata <u>before</u> it was involved in Claimant's bankruptcy. Claimant had no obligation to perfect the loan recession's voiding the Deed of Trust because it was done automatically as an operation of law as Claimant has detailed in previous Affidavit filings.

7. The case law that the Honorable Martin Glenn cites, Yamamoto v. Bank of New York, 329 F. 3d, 1167, 1170 (9th Cir. 2003), where the Ninth Circuit rejected the argument that a letter of rescission had the automatic and immediate effect of voiding a loan transaction....goes on to **point out....when the rescission has been contested.** Yamamoto is within the context of bankruptcy and with a contested claim, neither of which apply to Claimant. However, Yamamoto also states the effect of acquiescence and lack of a "contested" claim. In claimant's case, CMG Mortgage or Ally Bank never contested or brought an action disputing the loan rescission during the 20 day timeframe after receipt of the June 29, 2009 rescission letter, nor

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

3

during or after Claimant's bankruptcy. Yamamoto actually supports Claimant because it states the reason that the court has discretion is contingent on the tender of payment which is the 226 (d)(2) and (d)(3) area of the law that the court can determine, not the (d)(1) part that automatically voids the Deed of Trust, because in Claimant's case tender was not an issue so the voiding effect of Claimant's loan rescission was automatic. *"Since Palmer we have recognized that in applying TILA, "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender." Ljepava, 511 F.2d at 944 (citing Palmer, 502 F.2d at 863-64). As we explained, whether a decree of rescission should be conditional depends upon "the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." Indeed, in LaGrone we held that rescission should be Palmer, 502 F.2d at 862. conditioned on repayment of the amounts advanced by the lender."* However, this case only applies if the lender contests and brings a dispute action and performs the lender obligations of paying back what was collected from the borrower, which did not happen in Claimant's case.

8. And, the case further states: *"If BNY had acquiesced in Tampon's notice of rescission, then the transaction would have been rescinded automatically, thereby causing the security interest to become void and triggering the sequence of events laid out in subsections (d)(2) and (d)(3). "* Here the court is stating exactly what happen in Claimant Warner's case, the lender, note holder acquiesced and the Claimant's loan rescission voided the Deed of Trust automatically and the issue became res judicata. And, GMAC knew this and still proceeded to take Claimant's money

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

4

from escrow under fraud and that is why they are responsible for giving the money back the money to Claimant and unable to pass the buck to Ally Bank.

9. Claimant rejects the evidence the Debtor has produced for the court because it does not prove any wire transfer of money to Ally Bank, it is not an affidavit by any individual or bank employee with first-hand personal knowledge that testifies that a wire transferred occurred so it does not qualify as evidence or prove any money was transferred to Ally Bank. And, even if it did, the Debtor is still responsible for paying the money back to the Claimant and getting the money back from Ally Bank, it is not Claimant's burden to go after Ally Bank for the money GMAC knowingly unlawfully took by fraud from the escrow of Claimant.

10. The prior bankruptcy of Claimant was made an issue by Claimant's prior attorney without full knowledge of the facts which caused focus on the issue which really did not matter because of the loan rescission being complete before the bankruptcy and the lender defaulting by acquiescence prior to the bankruptcy, so the issue is really moot and without effect on Claimant's Claim 3502.

11. Claimant hereby makes this response, rejection and incorporates Claimant's Affidavit with attached Exhibits therein by this reference that constitutes new evidence in this Claim 3502 or any Amendment hereto and Affiant incorporates the earlier Claimant's Affidavit in support of "OPPOSITION TO DEBTOR'S OMNIBUS REPLY ..." Court Doc 5454 herein for all purposes.

12. Claimant's loan rescission is *res judica* due to the lender's default in non performance under § 226.23(d)(1)(2)(3) and for not filing an objection action within the twenty (20) day

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND
CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

5

performance period or thereafter and therefore, forever gave up any claim, defense, objection or rebuttal and GMAC the Debtor was informed on this and collected Claimant's money unlawfully and even if the Debtor did not know it when they took the money, now they know it and the obligation to return the money exists either way and cannot be handed off to Alley Bank or excused by side issues that do not address the real cause and merit of Claimant's Claim.

**THEREFORE,** the Claimant request that this court take the above laws, statements, facts and evidence referenced herein and in the accompanying Affidavit of Jacqueline A. Warner, including any attached Exhibits, and determine if this Claim qualifies as a secured Claim with merit and if so grant Claimant's Claim 3502 and issue a Writ of Replevin for the prosecution and collection of the Claim. **Thank you sincerely for your time and attention.**

IN WITNESS WHEREOF I hereunto set my hand and seal on this 4th day of April 2014, and hereby certify, swear and affirm under the law of the United States of America that all the statements made above are true, correct and complete based on my personal knowledge, information and belief.

All Rights Reserved Without Prejudice, Under Reserve U. C. C.

Date: April 4, 2014    Affiant: _____ (Seal)
                                  Jacqueline A. Warner

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

6

# JURAT

State of Nevada          )
                         ) ss:
County of Clark          )

Subscribed and sworn to (or affirmed) before me on this __4TH.__ day of __April__, 2014, by ___Jacqueline A. Warner___, proved to me on the basis of satisfactory evidence to be the person the person who appeared before me.

_____(seal)
Print /__Aram Ovakimian__    _____ NOTARY Signature



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ARAM OVAKIMIAN
No: 04-86932-1
My Appointment Expires Nov. 29, 2014

CREDITOR JACQUELINE ANNE WARNER'S RESPONSE AND REJECTION OF DEBTOR'S EVIDENCE AND HEARING TESTIMONY IN SUPPORT OF CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

7

1  Jacqueline A. Warner, Creditor Claimant for Claim 3502
   Mailing and Service Address:
2  3053 West Craig Road E-155
3  North Las Vegas 89032
   650-520-5596 / email h7890p@yahoo.com
4

5
   **UNITED STATES BANKRUPTCY COURT**
6  **SOUTHERN DISTRICT OF NEW YORK**

7  _____X

8
   In Re:
9
10 RESIDENTIAL CAPITOL, LLC, et al                    Chapter 11
                                                      Case No: 12-12020-mg
11                  Debtor.
12 _____X

13                          **PROOF OF SERVICE**

14
15 1.  At the time of service I was over eighteen (18) years of age and not a party to this action.

16 2.  My residence or business address is: 7345 S. Durango Dr., Las Vegas, NV 89113

17 3.  On April 4, 2014, I served the following document by United States Mail, FedEx or other
18     courier; I enclosed the documents in a sealed envelope or package addressed to the persons in 4
       and 5 by depositing the sealed envelope or package with the above service, with the postage
19     fully prepaid.

20                              **DOCUMENT**
21
   UNITED STATES BANKRUPTCY COURT
22 SOUTHERN DISTRICT OF NEW YORK    Case No: 12-12020-mg
23
   **JACQUELINE A. WARNER'S (CREDITOR'S CLAIM 3502) RESPONSE TO AND**
24 **REJECTION OF DEBTOR'S ARGUMENT AT March 26, 2014 HEARING AND**
25 **SUPPLEMENTAL EVIDENCE AS MOOT ISSUES WITHOUT A BASIS TO DISMISS**
   **CLAIMANT'S CLAIM**
26 **CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

27

PROOF OF SERVICE OF RESPONSE TO HEARING AND AFFIDAVIT OF JACQUELINE A. WARNER IN
SUPPORT OF REJECTION OF DEBTOR'S ARGUMENT
DATED 04/04/2014 IN CREDITOR'S CLAIM 3502 in
U.S. Bankruptcy Court, Chapter 11 Case No: 12-12020-mg

1

*[RECEIVED APR - 7 2014 U.S. BANKRUPTCY COURT SD DIST. OF NEW YORK stamp]*

## COURT

Tracking No. ~~7013 1710 0000 1873 9022~~ 7012 2920 0000 9265 9431

4. Clerk of the Court
   U.S. BANKRUPTCY COURT, Office of Honorable Martin Green
   Southern District of New York
   One Bowling Green
   New York, New York  10004

5. Business or residence address where the person or persons were served:

   Norman S. Rosenbaum          Tracking No. ~~7013 1710 0000 1873 9015~~ 7012 2920 0000 9265 9448
   Jordan A. Wishnew
   MORRISON & FOERSTER LLP
   1290 Avenue of the Americas
   New York, New York  10104

I declare under the penalty of perjury that the foregoing is true and correct on this 4th day of April 2014,

Declarant: _____ (Seal)

PROOF OF SERVICE OF RESPONSE TO HEARING AND AFFIDAVIT OF JACQUELINE A. WARNER IN
SUPPORT OF REJECTION OF DEBTOR'S ARGUMENT
DATED 04/04/2014 IN CREDITOR'S CLAIM 3502 in
U.S. Bankruptcy Court, Chapter 11 Case No: 12-12020-mg