## **Exhibit 2**

**Declaration of Lauren Graham Delehey**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )      Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )      Chapter 11
                                                                 )
                                          Debtors.               )      Jointly Administered
                                                                 )
---------------------------------------------------------------- )

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF**
**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO**
**PROOF OF CLAIM NO. 386 FILED BY BARRY AND CHERYL MACK**

I, Lauren Graham Delehey, hereby declare as follows:

        1.      I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors (collectively, the "Debtors"). I joined ResCap on August 1, 2011 as in-house litigation counsel.

        2.      In my role as Chief Litigation Counsel at ResCap, I was responsible for, among other things, the management of residential mortgage related litigation. In my role as Chief Litigation Counsel for the Liquidating Trust, I am providing services to the Liquidating Trust and the Borrower Trust as necessary, including in connection with the prosecution of objections to claims. I am authorized to submit this declaration (the "Declaration") in support of the ResCap Borrower Trust's (the "Borrower Trust") Objection to Proof of Claim No. 386 Filed by Barry L. Mack and Cheryl Mack (the "Objection").

-1-

3.       In my capacity as Chief Litigation Counsel, I am generally familiar with

the Debtors' litigation matters, including the Florida Litigation (defined below) commenced at

the direction of Debtor GMAC Mortgage LLC ("GMACM").  Except as otherwise indicated, all

statements in this Declaration are based upon my personal knowledge; information supplied or

verified by personnel formerly in departments within the Debtors' various business units; my

review of the Debtors' litigation case files, books and records, as well as other relevant

documents; my discussions with other former members of the Debtors' legal department or

members of the Liquidating Trust's legal department; information supplied by the Debtors', the

Liquidating Trust's or the Borrower Trusts' consultants and counsel; or my opinion based upon

my experience, expertise and knowledge of the Debtors' litigation matters, financial condition

and history.  In making these statements based on my review of the Debtors' litigation case files,

books and records, relevant documents and other information prepared or collected by the

Debtors', the Liquidating Trust's or the Borrower Trust's employees, consultants or counsel, I

have relied upon these employees, consultants and counsel accurately recording, preparing,

collecting or verifying any such documentation and other information.  If I were called to testify

as a witness in this matter, I would testify competently to the facts set forth herein.

## I.       BACKGROUND

### A.       Chapter 11 Cases Background

4.       On March 21, 2013, the Court entered an order approving procedures for

the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the

"Procedures Order"), which approved certain procedures to be applied in connection with

objections to claims filed by current or former borrowers (collectively, the "Borrower Claims,"

and the procedures relating thereto, the "Borrower Claim Procedures").  Based on substantial

input from the Creditors' Committee and Special Counsel to the Creditors' Committee for

sf-3321426

Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (a "Request Letter"). See Procedures Order at 4.

5.    In this instance, it is my understanding that prior to the Plan Effective Date, the Debtors (as they are permitted to do under the Procedures Order) did not send the Claimants a Request Letter after consulting with Special Counsel because the Debtors felt they had sufficient information to address the Claim.

### B.    The Mack Claim

6.    On August 8, 2012, Barry and Cheryl Mack (the "Claimants") filed the Claim against GMACM, asserting a claim in the amount of $32,850,000. A true and correct copy of the Claim is attached hereto as Exhibit A and incorporated herein by reference. The Claim is one of the largest claims (by amount) filed against any of the Debtors' estates by individuals.

### C.    Prepetition Events and Litigation

7.    Deutsche Bank Trust Company Americas (the "Bank") was the trustee for the RALI 2007-QS3 Trust that held various mortgages. One of the mortgages included in the trust was a 2006 mortgage on the Claimants' home in Florida (the "Property"). GMACM was its servicer. GMACM serviced the mortgage on behalf of the Bank, and at all times relevant hereto GMACM was acting pursuant to its contractual obligations as servicer for the Bank. Specifically, Debtor Residential Accredit Loans, Inc. ("RALI"), Debtor Residential Funding Company ("RFC"), as Master Servicer, and the trustee named in the applicable Series

sf-3321426

Supplement are parties to the Standard Terms of Pooling and Servicing Agreement, dated as of December 1, 2006 with respect to Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates (the "Standard Terms").  A true and correct copy of the Standard Terms is annexed hereto as Exhibit B-1.  The Series Supplement in issue, dated as of February 1, 2007, is between RALI, RFC as Master Servicer and the Bank as Trustee for the Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS3 (the "Series Supplement").  A true and correct copy of the Series Supplement is annexed hereto as Exhibit B-2.  The Standard Terms are incorporated by reference into the Series Supplement.  Ex. B-1 at 1.  Pursuant to section 3.02 of the Standard Terms, RFC is entitled to utilize its existing subservicing agreements or enter into new subservicing agreements.  Ex. B-1 at 50.  RFC and GMACM were parties to (i) the Seller/Servicer Contract dated November 24, 1992, as amended by the First Amendment to Seller/Servicer Contract dated August 28, 2009 and (ii) the Client Contract dated March 6, 2006, pursuant to which GMACM agreed to service mortgage loans for RFC.  True and correct copies of the Seller/Servicer Contract and the Client Contract are attached hereto as Exhibit B-3.

       8.      On August 20, 2009, GMACM's counsel, the Law Offices of David Stern, P.C. ("Stern"), filed a foreclosure action in the name of the Bank against the Claimants at GMACM's direction as servicer (the "Florida Action").  The case was entitled *Deutsche Bank Trust Co. Americas as Trustee for RALI 2007QS3 v. Mack*, Circuit Court for the Twentieth Judicial District in and for Collier County, Florida (the "Florida Court").  GMACM is not a party to the Florida Action.  Soon realizing that the loan was not, in fact, in default, thirteen days later GMACM directed Stern to dismiss the complaint and close the file on September 2, 2009.  For unknown reasons, Stern did not do so until December 2, 2009, even though in response to

-4-

GMACM's instructions Stern advised GMACM that the firm had dismissed the case and closed the file.

9.      On September 11, 2009, the Claimants answered the complaint and filed a two-count counterclaim (the latter being the "Counterclaims").  A true and correct copy of the answer and Counterclaims is attached hereto as Exhibit C and incorporated herein by reference. The Claimants made no other claims either then or later in the Florida Action.  They also did not add GMACM as a defendant.  Even though served, Stern neither appeared in response to the Counterclaims nor notified the Bank or GMACM of them.

10.      On October 21, 2009, the Florida Court entered a default against the Bank. Once again, Stern failed to notify the Bank or GMACM.

11.      A year and one half later, on May 5, 2011, in response to the Claimants motion, the Florida Court conducted an evidentiary hearing for the entry of a default judgment against the Bank.   Once again, Stern failed to advise GMACM or the Bank of these developments or to take steps to protect their interests.  The Florida Court thereupon entered a Final Judgment.  A true and correct copy of the Final Judgment is attached hereto as Exhibit D and incorporated herein by reference.  Stern failed to advise the Bank or GMACM of this step, too.

12.      Only after the entry of the Final Judgment did the Bank or GMACM learn, via *direct* notice, that something was amiss.  This was their first notice that (a) Stern had not timely dismissed the original foreclosure complaint; (b) the Counterclaims had been filed; and (c) no defense had been provided to the Counterclaims or any of the other case proceedings, precipitating the Final Judgment award.  Retaining new counsel, on July 13, 2011 the Bank moved to set aside the Final Judgment and set a new trial.  It also moved to vacate the judgment

on the RESPA claim on the merits.  Finally, the Bank challenged the Florida Court's calculation of the slander of title damages.  After discovery, various proceedings and evidentiary hearings, the Florida Court denied the motion to set aside the Final Judgment.  It also rejected the Bank's slander of title damages argument.  It did, however, vacate the RESPA portion of the Final Judgment.  A true and correct copy of the Florida Court's February 26, 2013 Final Order on Plaintiff's Motion to Set Aside Final Judgment and Set New Trial is attached hereto as <u>Exhibit E</u> and incorporated herein by reference.  The parties cross appealed.  On October 18, 2013, the Florida District Court of Appeal for the Second District affirmed the decision.  A true and correct copy of that opinion is attached hereto as <u>Exhibit F</u> and incorporated herein by reference. The Bank moved for a rehearing en banc or in the alternative, rehearing.  By order dated December 16, 2013, the Fla. Appellate Court denied the motion. A true and correct copy of that opinion is attached hereto as <u>Exhibit G</u> and incorporated herein by reference.

13.    In March of 2013, the Bank's surety paid the Mack's judgment in full.  A true and correct copy of the Acknowledgement of Payment, and Partial Release and Assignment is attached hereto as <u>Exhibit H</u> and incorporated by reference.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 9, 2014

<u>/s/ Lauren Graham Delehey</u>
Lauren Graham Delehey
Chief Litigation Counsel for the ResCap
Liquidating Trust

-6-

sf-3321426