## Exhibit A

**Proof of Claim No. 386**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|
| Name of Debtor:<br>GMAC MORTGAGE LLC | Case Number:<br>12-12020/12-12032 |

**RECEIVED**

**AUG 0 8 2012**

**KURTZMAN CARSON CONSULTANTS**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Barry F. Mack and Cheryl M. Mack

**COURT USE ONLY**

Name and address where notices should be sent:
David F. Garber, Esq., 700 11th St S, Ste 202, Naples, FL 34102

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Telephone number: (239) 774-1400    email: dgarber@naplesatty.com

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:    email:

**1. Amount of Claim as of Date Case Filed:**    $_____32,850,000.00_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See Attached Addendum
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>_____<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)



B 10 (Official Form 10) (12/11)                                                                                                                           2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**

**8. Signature:** (See instruction #8)

**AUG 0 8 2012**

Check the appropriate box.

**KURTZMAN CARSON CONSULTANTS**

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)     or their authorized agent.               (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  David F. Garber
Title:       Attorney
Company:     Garber & Hooley, LLP
Address and telephone number (if different from notice address above):

(Signature)    8/2/12 (Date)

Telephone number:            email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# G&H
## GARBER & HOOLEY, LLP
### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

DAVID F. GARBER, ESQ.
BOARD CERTIFIED CIVIL TRIAL LAW
ADMITTED IN FL & VA

JOHN F. HOOLEY, ESQ.
BOARD CERTIFIED CIVIL TRIAL LAW
BOARD CERTIFIED BUSINESS LITIGATION

August 3, 2012

ResCap Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

RE:   Our Clients:  Barry F. Mack and Cheryl M. Mack
      Case No.: 12-12020/12-12032

To Whom It May Concern:

Please find enclosed a Proof of Claim on behalf of our clients, Barry F. Mack and Cheryl M. Mack.

I enclose an additional copy and a self-addressed stamped envelope for return to our office as proof of receipt.

Sincerely yours,

Colette J. Kellerhouse
Legal Intern
ckellerhouse@naplesatty.com

/cjk
Enclosures as stated

700 ELEVENTH STREET SOUTH • SUITE 202 • NAPLES, FLORIDA 34102
PHONE: (239) 774-1400 • FAX: (239) 774-6687

United States Bankruptcy Court

Southern District of New York

IN RE: GMAC Mortgage, LLC

Case No.: 12-12020

Addendum to Proof of Claim

#2 - Basis for Claim (Personal Injury; Wrongful Death; Violation of RESPA; Malicious Prosecution)

In July of 2009, GMAC Mortgage, LLC became aware that a loan they were servicing for Barry F. Mack and Cheryl M. Mack, borrowers, was a subprime loan. GMAC Mortgage, LLC did not become aware of this until Mr. and Mrs. Mack filed for government sponsored HAMP mortgage program and delivered financial information to GMAC Mortgage, LLC. Even though Mr. and Mrs. Mack made each and every one of their payments in a timely fashion, their payments were $5,100.00 per month, and their income was only $5,800.00 per month. They had been drawing down their savings to make up the difference.

GMAC Mortgage, LLC decided to foreclose even though the Macks were current on their loan and did so without giving notice of acceleration or having any justifiable basis under the mortgage since it was current. Even though GMAC Mortgage, LLC could have brought the suit as servicer of the loan, they brought the foreclosure suit in the name of Deutsche Bank Trust Company Americas, Trustee for the RALI 2007QS3, which was the title holder pursuant to a passthrough arrangement in which the interest to this mortgage and approximately 1000 other mortgages were sold to investors as residential backed securities. The Macks wrote GMAC Mortgage, LLC and called them to complain of the foreclosure which was brought in the name of Deutsche Bank and were repeatedly told by GMAC that there was no foreclosure and Deutsche Bank had no interest in the loan. Meanwhile, GMAC exerted pressure upon the Macks to sell the property individually to pay off the loan.

Due to the prospect of losing their home through the pending foreclosure, Mrs. Mack took an overdose of sleeping pills in October 2009. Although her life was prolonged when she was discovered and was hospitalized, she was left with permanent kidney damage. Since that time, Mrs. Mack has become terminal and entered into Hospice with acute renal failure and is expected to die within the next six months.

Mr. and Mrs. Mack lost the full value of their home by having to sell it under pressure at a reduced price while the foreclosure was pending. The foreclosure was dismissed and Deutsche Bank/GMAC was not the prevailing party. This loss of value was $350,000.00. Additionally, Mrs. Mack dying from the effects of her suicide attempt in 2009 due to the conduct of GMAC. GMAC's actions in causing the foreclosure were deliberate, intentional and malicious in that they were serving their own interest in an unlawful fashion by violating the terms of the mortgage with a complete disregard for the well-being of the Macks. GMAC used the information obtained through the government sponsored HAMP program to bring the foreclosure and pressure a sale of their home and damaged their credit. Mrs. Mack's injuries, hospital bills, pain and suffering is $2.5 million. Additional punitive damages should be allowed in the amount of $30,000,000.00.