# Exhibit D

# Final Judgment

4X

RF0293

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

RECEIVED BY LEGAL DEPARTMENT
MAY 11 2011
DEUTSCHE BANK AG NY BRANCH

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE FOR RALI 2007QS3,

Plaintiff,

v.                                                                                         Case No.: 09-7336-CA

BARRY F. MACK A/K/A BARRY FRITZ
MACK A/K/A BERRY FRITZ MACK, ET AL.

Filed in Open Court
Date: 5/5/11
Dwight E. Brock, Clerk
By D. [illegible], D.C.

Defendants.

_____/

## FINAL JUDGMENT

**THIS CAUSE** having come before the Court on May 5, 2011 at 9:00a.m. and upon testimony of witnesses and argument of counsel, and this Court being otherwise advised in the premises, the following findings of fact are made:

1. Defendants, BARRY F. MACK and CHERYL M. MACK, filed their Answer to Complaint to Foreclose Mortgage, Affirmative Defenses and Counterclaim on September 9, 2009.

2. A Default was entered against Plaintiff, DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE AS TRUSTEE FOR RALI 2007QS3, on October 21, 2009.

3. On or about August 17, 2011, Plaintiff filed a Notice of Lis Pendens which was recorded in the Public Records of Collier County at OR Book 4484, Pages 1343-1344 on August 20, 2009, and contemporaneously filed a Complaint to Foreclose Mortgage.

4. The Mortgage sought to be foreclosed was between Defendants, BARRY FRITZ MACK and CHERYL MARGRET MACK, and Primary Residential Mortgage, Inc., which was recorded in the Public Records of Collier County, Florida on October 17, 2006 at OR Book 4123, Page 0804. There is no assignment of record to Plaintiff, DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2007QS3.

5. Defendants, BARRY F. MACK and CHERYL M. MACK, made each monthly payment as required to GMAC Mortgage, LLC, were never notified of a transfer of the Mortgage from

1

MAY 12 2011

GMAC Mortgage, LLC to Plaintiff and continued to make payment to GMAC Mortgage, LLC, and were not in default under the Mortgage sued upon.

6. Defendants, BARRY F. MACK and CHERYL M. MACK, entered into a Listing of Residential Improved Property Exclusive Right and Authority to Sell Contract on March 26, 2008 with Gulf Breeze Real Estate for a listing price of $1,969,000.00.

7. The threat of pending foreclosure and the title slandered by Plaintiff's Notice of Lis Pendens. Defendants MACK reduced the MLS listing price of their property to $1,499,000.00 on August 30, 2009.

8. Defendants, BARRY F. MACK and CHERYL M. MACK, ultimately sold their property for $1,156,500.00, which closing took place on January 28, 2010.

9. The property of Defendants, BARRY F. MACK and CHERYL M. MACK, had a value of $1,275,000.00 as of January 29, 2010 according to the appraisal of trial expert and licensed appraiser, Ted Hofferber.

10. Defendants MACK suffered actual damages in the amount of $118,500.00, the difference between the sale price and the appraised price of the property.

11. Defendant, CHERYL M. MACK, experienced great metal distress, pain and suffering including physical symptoms, including hospitalization, resulting therefrom as a result of the stress during the foreclosure action wrongfully filed against Defendants MACK.

12. Defendants MACK have suffered damage to their credit as a result of Plaintiff's actions.

13. Both actual damages and emotional distress damages are awardable under 12 U.S.C. §2601, et seq. (RESPA).

14. Due to Plaintiff's filing of a Notice of Lis Pendens, the title to the property of Defendants, BARRY F. MACK and CHERYL M. MACK, was slandered. Plaintiff communicated to a third party a false statement disparaging title which caused Defendants MACK actual damage, including $2,500.00 in attorney's fees to successfully defend the foreclosure action by Plaintiff. ((See *Residential Comms. V. Escondido Comm.*, 645 So.2d 149 (Fla. 5th DCA 1994)).

15. Plaintiff violated the provisions of 12 U.S.C. §2601, et seq. (RESPA) in the following regards:

    a. Plaintiff failed to provide notice to Defendants MACK of any assignment within fifteen (15) days of such assignment. Defendants MACK were not notified of the transfer to Plaintiff, DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2007QS3.

    b. Plaintiff seeks to impose late fees on Defendants MACK in violation of 12 U.S.C. §2605(d).

16. Under 12 U.S.C. §2605(f) attorney's fees are awardable to a prevailing party. Defendants MACK are the prevailing party.

Based upon the above-stated findings of fact, it is hereby

**ORDERED, ADJUDGED and DECREED** that

1. Judgment is hereby entered in favor of Defendants, BARRY MACK and CHERYL MACK, against Plaintiff, DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2007QS3, for damages to the value of the real estate in the amount of $296,920.05, for emotional anguish and pain and suffering of Defendant, CHERYL M. MACK, in the amount of $150,000.00 and prejudgment interest from January 28, 2010 to May 5, 2011 on the real estate damages in the amount of $22,550.22, for a total of $469,470.27 which amount shall accrue interest at the legal rate of 6%, for all of which let execution issue forthwith.

2. Defendants MACK are awarded their attorney's fees herein. Jurisdiction is expressly reserved for determination of attorney's fees and costs to be awarded to Defendants MACK.

**DONE and ORDERED** in Chambers at Naples, Collier County, Florida on this 5 day of May, 2011.

_____
HONORABLE DANIEL R. MONACO
Circuit Court Judge

3

Conformed Copies Provided To:

| | |
|---|---|
| Judgment Debtor: | Deutsche Bank Trust Company Americas, Trustee<br>60 WALL STREET<br>NYC60-4006<br>NEW YORK NY 10005 US |
| Debtor Attorney: | Elsa Hernandez Shum, Esq.<br>Law Offices of David J. Stern, P.A.<br>900 South Pine Island Road, Suite 400<br>Plantation, Florida 33324-3920 |
| Judgment Creditor: | Barry and Cheryl Mack<br>42 Amberfield Drive<br>Delran, New Jersey 08075 |
| Creditor Attorney: | David F. Garber, Esq.<br>GARBER, HOOLEY & HOLLOWAY, LLP<br>700 Eleventh Street South, Suite 202<br>Naples, Florida 34102 |