IH-32                                                                                          Rev: 2014-1

# United States District Court
## for the
## Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

Residential Funding Company, LLC,

| Plaintiff | Case Number |
|---|---|
| vs. | |
| UBS Real Estate Securities, Inc. | |
| Defendant | |

RECEIVED MAR 27 2014 U.S.D.C. S.D.N.Y.

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Residential Funding Company, LLC,

| Plaintiff | Case Number |
|---|---|
| vs. | 1:13-cv-8938 (RA) |
| SunTrust Mortgage, Inc., | |
| Defendant | |

IH-32                                                                                                              Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open    (If so, set forth procedural status and summarize any court rulings.)

Briefing schedule set for referral to Bankruptcy Court.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

See attached statement.

Signature: _____    Date: March 27, 2014

Quinn Emanuel Urquhart & Sullivan, LLP

Firm: _____

## Attachment to Residential Capital LLC's Related Case Statement

Plaintiff Residential Funding Company, LLC ("RFC") hereby states that the interests of justice and efficiency will be served by designating this action as related to *Residential Funding Company, LLC v. Suntrust Mortgage, Inc.*, No. 13-cv-8938 (RA), for the following reasons[1]:

*First*, the actions are asserted by the same plaintiff and arise out of substantially similar transactions and events. Each is one of 83 recently commenced actions by which RFC is seeking indemnification and damages for billions of dollars in liability and losses that resulted from the defendants' sale of defective mortgage loans to RFC in breach of contract, and which were adjudicated in RFC's pending bankruptcy case, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y.). RFC's claims in all of these cases, including the two sought here to be designated as related, not only stem from the same bankruptcy case, but also relate to a common business process in which RFC acquired mortgage loans from the defendant in each case and securitized them, implicating defective mortgage loans that each defendant sold to RFC under substantially similar, if not identical, contractual representations and warranties. Moreover, the contracts with each defendant present common issues and likely common defenses. The cases therefore share common theories of recovery and indemnification for breaches.

*Second*, for similar reasons, there is substantial factual overlap between the actions, which implicate common documents, common witness testimony, and common expert submissions. These include, for example: RFC's standards and processes for acquiring mortgage loans from defendants; RFC's liabilities and losses stemming from the defective mortgage loans sold to it by defendants; the attorney fees and other expenses that RFC incurred in and as a result of the bankruptcy, which it is seeking to recover from all of the defendants; and the appropriate allocation, as between these defendants and others, of the common pool of losses and liabilities that RFC incurred in and pursuant to the aforementioned bankruptcy proceedings.

*Third*, because RFC has asserted the same causes of action against each defendant, and its claims relate to the apportionment of the common pool of RFC's losses and liabilities, the parties could be subject to conflicting orders absent a determination of relatedness.

*Fourth*, due to the overlapping factual and legal issues discussed above, a designation of relatedness will prevent a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, and witnesses. For example, absent such a designation, RFC may in the future be required to file duplicative motions in each case, which would generate significant inefficiencies and wasted effort by both the Court and the parties. In this respect, this *UBS*

---

[1] For the reasons stated herein, this case is also related to: (1) *Residential Funding Company, LLC v. Columbia Home Loans, LLC*, No. 13-cv-8867 (RA); (2) *Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc.*, No. 13-cv-8937 (PKC); and (3) *Residential Funding Company, LLC v. HSBC Mortgage Corporation (USA)*, No. 14-cv-1678 (JSR). RFC does not seek to designate this case as related to those cases at this time, however, because *Columbia* was voluntarily dismissed and *GreenPoint* and *HSBC* have already been referred to the Bankruptcy Court pursuant to this District's Amended Standing Order of Reference (M10-468), 12-mc-0032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.), because they arose in or are related to Plaintiff's ongoing bankruptcy case, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y.). *See Greenpoint*, No. 13-cv-8937 (S.D.N.Y. Mar. 19, 2014), Dkt. No. 36; *HSBC*, No. 14-cv-1678 (S.D.N.Y. Mar. 11, 2014), Dkt. No. 36; *see also SunTrust*, No. 13-cv-8938 (S.D.N.Y. Mar. 26, 2014), Dkt. No. 29 (deeming *SunTrust* presumptively not related to *Columbia* or *GreenPoint* under L.R. 13(a)(2)(B) because both of those actions are administratively closed).

action, like both the *SunTrust* action and the *GreenPoint* and *HSBC* actions noted in footnote 1 above, should properly be automatically referred to this District's Bankruptcy Court for coordinated adjudication there, insofar as this action likewise arose in or relates to RFC's pending bankruptcy case, *In re Residential Capital, LLC*, No. 12020 (MG) (Bankr. S.D.N.Y.). *See* Am. Standing Order of Reference (M10-468), No. 12-mc-0032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).