UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**MOTION TO RECONSIDER OR OTHERWISE ALTER, AMEND
AND MODIFY ORDER OR JUDGMENT AND
MOTION FOR RELEIF FROM JUDGMENT OR ORDER**

COMES NOW Timothy J. Lahrman ("Lahrman") *pro se*, relying upon *Haines v. Kerner*, 404 U.S. 519 (1972) and pursuant to F.R.C.P. 54 (b), F.R.C.P. 59(e), Bankruptcy Rule 9023, F.R.C.P. 60(b)(3)(4)(6) and Bankruptcy Rule 9024, respectfully moves the Court, for those reason and upon those grounds set forth below, to reconsider, alter, amend, modify and relieve Lahrman from the Order entered in this matter and entered in favor of Ally Financial, Inc. on March 26, 2014. In support hereof, Lahrman respectfully shows the Court that;

1. The Court has misapprehended and misunderstood the nature and character of Lahrman's "Action" against *Ally* to the extent that Lahrman does not alleges that *Ally* is directly engaged in any wrongs other than failing to ensure that *Ally's* mortgage industry related subsidiaries are conducting themselves in compliance with all relevant and applicable state and federal law and, in compliance with the express terms of the "Consent Order(s)" and "Consent Judgment" to which *Ally et al.* are parties.

2. The Court has misapprehended and misunderstood the nature and character of Lahrman's "Action" against *Ally* to the extent that Lahrman does not complain that he is damaged by Ally in any manner other than by those damages flowing from Ally's failure to

1

ensure that its mortgage industry related subsidiaries cease and desist in those specific business practices and conducts which are expressly prohibited by and enjoined under the "Consent Order(s)" and "Consent Judgment" to which *Ally et al.* are parties.

3. The Court has abused its discretion, made error of both fact and law, and applied an improper standard of legal analysis when concluding that the Third-Party Release is a complete and absolute bar to Lahrman's "*Action*" against *Ally*. This Court is not the proper venue for determining the scope and applicability nor the ultimate issues for determination of Lahrman's "*Action*" relevant to the "Consent Orders" and "Consent Judgment", and "the Plan's" presumption that *Ally et al.* are in compliance with the "Consent Orders" and "Consent Judgment" is insufficient to bar any inquiry into the <u>post-plan confirmation</u> acts and business conducts of *Ally et al.*

4. Ally has engaged in misconduct and in conduct prejudicial to the administration of justice in and during these proceedings. Among other things and including the fact that Ally failed to comply with L.R. 7.2, Ally has in fact made false statements of fact and likewise made misrepresentations of material fact (*see* Declaration of Timothy J. Lahrman p. 5 ¶ 8; p. 6 ¶ 9) and has concealed known facts (*see* Declaration of Timothy J. Lahrman p. 6 ¶ 9) which, had they been disclosed, are fatal to *Ally's* argument that effective service and notice has been made on Lahrman at all times relevant hereto.[1]

---

1. Lahrman has sufficiently disclosed this issue and in spite of being confidential in nature Lahrman has made this issue a matter of open public record such that it is well beyond dispute that *Ally* knows Larhman is an adjudicated incapacitated person. (*see also* Declaration of Timothy J. Lahrman p. 6 fn. #2) *Ally* is known to Lahrman to have a history of discriminatory practices which are in fact prejudicial to protected classes of persons. Relating hereto and with regard to the Indiana state court proceeding involving my home and *Ally et al.* (in particular GMAC Mortgage, LLC) it appears that Ally employs a like discriminatory practice and non-disclosure where it knows itself to be dealing with properties and rights associated to a conservatorship and/or a guardianship.

2

5.  The Court has abused its discretion in this instance by reaching the merits of the dispute while Lahrman is not properly before the court and properly represented in the cause.

Wherefore and upon the foregoing grounds and reasons, Lahrman prays that the Court reconsider, modify, alter and amend, and, relieve Lahrman from , the March 26, 2014 Oder enter in favor of *Ally* in this matter, and for all just and proper relief upon these premises.

Dated: April 9, 2014

_____
Timothy J. Lahrman, *pro se*

### CERTIFICATE OF SERVICE

I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on April 9, 2014, via U.S. Postal Service over-night prepaid Priority Mail Express (article # EK 077052790 US) I filed the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

_____
Timothy J. Lahrman