UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## DECLARATION OF TIMOTHY J. LAHRMAN

I, Timothy J. Lahrman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I make this declaration on the basis of my personal knowledge of the facts stated herein;

2. On March 19, 2014, and following an exchange of emails to arrange the conference (**Exhibit A**), at 4:30 pm I telephoned Attorney Jordan A. Wishnew at the NY law firm of Morrison & Foerster LLP.

3. The purpose of my March 19, 2014 call to Morrison & Foerster LLP, as I explained to Attorney Wishnew, was that I am/was trying to learn just how and where in the GMAC Mortgage, LLC schedules of assets I could find the "mortgage documents" relating to my home, as those same documents are being presented and relied upon by GMAC Mortgage, LLC in pursuit of a foreclosure action in an Indiana state court. (**Exhibit B**[*] – copy of July 2005 promissory note made 'payable to the order of GMAC Mortgage Corporation'; *see also Ally* 'Letter Motion' dated March 7, 2014 Exhibit 1 – Complaint on Note and to Foreclose Mortgage Exhibit A); (**Exhibit C**[*] – copy of September 14, 2005 Mortgage security instrument recorded by GMAC Mortgage Corporation; *see also Ally* 'Letter Motion' dated March 7, 2014 Exhibit 1 –

1

RECEIVED APR 10 2014 U.S. BANKRUPTCY COURT, SDNY

Complaint on Note and to Foreclose Mortgage Exhibit B); (**Exhibit D**[*] – copy of November 23, 2009 'Corrective Assignment of Mortgage'; *see also Ally* 'Letter Motion' dated March 7, 2014 Exhibit 1 – Complaint on Note and to Foreclose Mortgage Exhibit C).

4. Attorney Wishnew was unable, and/or otherwise unwilling, to answer my question(s) about how the mortgage documents (Exhibit B, C and D above) are scheduled in the bankruptcy estate and more to the point, Attorney Wishnew was adamant that, in fact, GMAC Mortgage LLC was not actively prosecuting any foreclosure action against my home in an Indiana state court.

5. In and during our conversation I discussed with Attorney Wishnew the fact that GMAC Mortgage LLC's 'servicing rights' had been sold and transferred, and I recognized that is ultimately how and why Green Tree Servicing, LLC is now involved in the Indiana state court proceedings. However, as I understand it and as I discussed with Attorney Wishnew the 'mortgage documents' (Exhibit B, C and D), if valid, represent assets the nature and character of which are separate and distinct from the 'servicing rights' which are in and of themselves yet another species of asset to the estate. I also inquired of Attorney Wishnew why if the 'mortgage documents' are valid, why am I not dealing with Berkshire Hathaway who purchased the whole loan portfolio, and/or why the "Liquidating Trust" was not substituted in the state court proceedings as the real party in interest? At this late point in my discussion with Attorney Wishnew he advised me that he was in fact legal counsel for GMAC Mortgage, LLC in the bankruptcy, he professed to have no answers to my questions, he reminded me that he need not speak with me nor answer my questions and he directed me to the public website where the GMAC Mortgage, LLC bankruptcy schedules can be found. In close of our discussion Attorney Wishnew reiterated again that, in fact, GMAC Mortgage, LLC was not pursuing a foreclosure

2

action against my home in an Indiana state court.

6. Contrary to Attorney Wishnews's repeated assurance that in fact GMAC Mortgage, LLC was not, and is not, pursuing a foreclosure action against my home in an Indiana state court, on January 31, 2014, <u>post-plan confirmation</u>, GMAC Mortgage, LLC appeared in an Indiana state court and filed a "Cross Motion for Summary Judgment" joined collectively by and with Green Tree Servicing, LLC (**Exhibit E**), and in support of this motion GMAC Mortgage, LLC and Green Tree rely on those 'mortgage documents' Exhibit(s) B, C, and D hereto (*see also* 'Letter Motion' dated March 7, 2014 Exhibit 1 – Complaint on Note and to Foreclose Mortgage Exhibits A, B, and C) which, if valid, are in fact assets of the GMAC Mortgage LLC bankruptcy estate disposed of in and during the bankruptcy separate and distinct from the 'servicing rights' being asserted by Green Tree Servicing, LLC and GMAC Mortgage, LLC in the Indiana state court proceedings.

7. On January 2, 2014, I commenced *"the action"*, for which *Ally* complains and seeks protection from, to quiet title in the September 14, 2005 recorded mortgage instrument bearing the name GMAC Mortgage Corporation (Exhibit C hereto; *see also* "Letter Motion' dated March 7, 2014 Exhibit 1 – Complaint on Note and to Foreclose Mortgage Exhibit B) and to remedy the wrongs I suffer as the direct and proximate result of the ongoing and continuing, <u>post-plan confirmation</u>, violations of Indiana's consumer protection laws and fraud upon the court by GMAC Mortgage, LLC.

8. GMAC Mortgage, LLC has an admitted and notorious past history of violating both state and federal law, and several courts across the country have found that GMAC Mortgage, LLC is perfectly capable of, and in fact has been guilty of, various misconducts, fraud and misrepresentations of material fact in and during state court foreclosure proceedings. I

3

understand fully why GMAC Mortgage, LLC *et al.* sought bankruptcy protection from the liabilities and potential liabilities which they brought upon themselves by virtue of their 'business plan' and that of their industry agencies and associations. In the same breath I understand that a "fresh start" in bankruptcy is not a license to simply resume committing fraud upon the courts nor a license to go forth and continue to violate both state and federal consumer protection laws and US banking law[1] which is exactly what GMAC Mortgage LLC continues to do in the Indiana state court involving my home and continues to do <u>post-plan confirmation</u>.

7.    On January 3, 2014, when I filed "*the action*" and named *Ally*, I named *Ally* because *Ally* is/was tasked by the Board of Governors for the Federal Reserve System *et al.* as the sole "the source of strength" (*see* "Consent Order" dated April 13, 2011 found online at: http://www.federalreserve.gov/newsevents/press/enforcement/enf20110413a3.pdf (last visited 04/09/2014) at p. 7 ¶ 1 ) for ensuring that the *Ally*-related mortgage industry subsidiaries complied with those directives issued by the Board of Governors of the Federal Reserve System, *et al.* as those same directives relate to, and enjoin, specific business practices and conducts of GMAC Mortgage, LLC *et al.* -- Equally so, I named *Ally* because *Ally* assured the U.S. Department of Justice and forty-nine (49) states' Attorney Generals, Indiana included, that Ally's mortgage industry related subsidiaries would comply fully with the express terms and clear intent of the "Consent Judgment" (*see* "Consent Judgment" dated April 4, 2012 found online at: https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_Ally-4-11-12.pdf (last visited 04/09/

---

1. Ally's mortgage industry related subsidiary, GMAC Mortgage, LLC, is proceeding with a foreclosure action in the Indiana state court while admitting to be enforcing and collecting on an obligation owed to Fannie Mae. However, Fannie Mae is under conservatorship of the Federal Housing Finance Agency ("FHFA") and accordingly, GMAC Mortgage LLC lacks legal standing in the state court proceedings because GMAC Mortgage, LLC is not Fannie Mae's conservator.

2014)) which likewise enjoins specific business practices and conducts of GMAC Mortgage, LLC *et al.* – Accordingly, because GMAC Mortgage, LLC continues, <u>post-plan confirmation</u>, to engage in those same prohibited business practices and conducts previously enjoined by the foregoing "Consent Order(s)" and "Consent Judgment', because I am being damaged by the same and because Ally has failed to provided that "source of strength" which Ally agreed to provide in correcting the business practices and conducts of its mortgage industry related subsidiaries, Ally is both a proper party to and liable under *"the action"*.

8.  *Ally's* conduct in these proceedings has not been in keeping with one who has clean hands. As an initial matter Ally filed its motion with scant detail while requesting broad relief that, once clarified, Ally admits was inappropriate. (see ECF No. 6661 p. 4 ¶ 2 "… Ally takes no issue with Lahrman's action to quiet title …") This retreat and departure from Ally's position in the original motion serves to exemplify Ally's overbroad and ambitious expectation regarding the scope and breadth of the Plan's Third Party Release and its application to Lahrman. Additionally, throughout these proceedings and knowing that Lahrman is appearing pro se and not a 'Pacer' subscriber, Ally has cited to and relied upon numerous documents and select case law which are only available on digital databases to which Lahrman has no access, subscription or membership. Pursuant to L.R. 7.2 Ally is/was obligated, and yet failed and/or refused, to furnish Lahrman with copies of those database materials as required by L.R. 7.2, and more important still is Ally's representation of fact that "… Lahrman was not known to Ally or the Debtors until he filed "the Action" on January 3, 2014 (ECF No. 6661 p. 4 ¶ 1) which is patently false and, a misrepresentation of material fact accompanied by an omission and non-disclosure of known facts which, if disclosed, is fatal to Ally's argument that Lahrman had sufficient notice and service relevant hereto.

5

9.  The Debtors – and hence Ally - have known of Lahrman, and have known of the questions and issues regarding the effectiveness of service and notice on Lahrman, since on or before July 23, 2010 when Lahrman's significant other submitted her affidavit in Cause 02D01-1004-MF-187. (**Exhibit F**)[2]

---

**2.** In *"the Action"* Lahrman discloses and identifies himself as being "an adjudicated incapacitated adult".

(*). Exhibit B, C and D hereto are incorporated herein by reference to, and found in, the "Letter Motion" submitted by Ally and dated March 7, 2014, Exhibit 1 – Complaint on Note and to Foreclose Mortgage Exhibits A, B, and C.

I swear and affirm under the penalties of perjury that the foregoing facts and representations are true and within the best of my personal knowledge.

Dated: April 9, 2014

*/s/ Timothy J. Lahrman, pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on April 9, 2014, via U.S. Postal Service over-night prepaid Priority Mail Express (article # EK 077052790 US) I filed the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

*/s/ Timothy J. Lahrman*

6

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon the following counsel by first class United States mail, postage prepaid, this 31st day of January, 2014:

CitiBank (South Dakota) N.A.
701 East 60th Street North
Sioux Falls, SD  57104

LHR, Inc.
56 Main Street
Hamburg, NY  14075

Gregory A. Stout
Reisenfeld & Associates
The Sylvan P. Reisenfeld Law Building
3962 Red Bank Road
Cincinnati, OH  45227

Chase Bank USA
CT Corporation
350 N. St. Paul, Suite 2900
Dallas, TX  75201

Cynthia Damron
3004 Garden Boulevard
Elkhart, IN 46517

_____
Leah B. Silverthorn