Hearing Date: May 15, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Deadline: May 2, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th St.
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO**
**CLAIM NO. 4664 OF JAMES C. JACKSON**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Borrower Claims Trust's Objection to Claim No. 4664 of James C. Jackson* (the "Objection").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **May 15, 2014 at 10:00 a.m. (Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York,

ny-1138514

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 2, 2014 at 4:00 p.m. (Eastern Time)**, upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Jonathan M. Petts); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

ny-1138514

|  |  |
|---|---|
| Dated: April 11, 2014 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>250 West 55th St.<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |

ny-1138514

**Hearing Date: May 15, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 2, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 4664 OF JAMES C. JACKSON**

ny-1135297

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1
JURISDICTION, VENUE, AND STATUTORY PREDICATE ................................................. 2
BACKGROUND .......................................................................................................................... 2
RELIEF REQUESTED.................................................................................................................. 4
OBJECTION.................................................................................................................................. 4
NOTICE......................................................................................................................................... 7
CONCLUSION.............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Feinberg*,
  442 B.R. 215 (Bankr. S.D.N.Y. 2010) ........................................................................................5

**STATUTES**

11 U.S.C. § 502(a) ..........................................................................................................................4

11 U.S.C. § 502(b)(1) .....................................................................................................................4

ny-1135297

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with regard to Borrower Claims (as defined below), hereby submits this objection (the "Objection") seeking to disallow and expunge, without leave to amend, proof of claim no. 4664 (the "Claim") filed by James C. Jackson (the "Claimant") against Debtor Residential Capital, LLC for an unknown amount, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the grounds that the Claim fails to state a basis for liability against the Debtors.[1]  The Borrower Trust seeks entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the requested relief.  In support of the Objection, the Borrower Trust submits the declaration of Lauren Graham Delehey, Chief Litigation Counsel for the Rescap Liquidating Trust (the "Delehey Declaration"), attached hereto as Exhibit 2, and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Borrower Trust (the "Rosenbaum Declaration"), attached hereto as Exhibit 4.

**PRELIMINARY STATEMENT**

1. The Borrower Trust examined the Claim as well as the Response (defined below) and the statements and exhibits submitted in support thereof.  A copy of the Claim and Response is attached hereto as Exhibit 3.  The proof of claim filed by the

---

[1] The Borrower Trust reserves all of its rights to object on any other basis to the Claim not set forth in this Objection, and the Borrower Trust reserves all of its rights to amend this Objection should any further bases come to light.

1

ny-1135297

Claimant asserts a claim for an unknown amount stating that the "debtor holds mortgage on property sold to creditor fraudulently or negligently." The Borrower Trust examined the Debtors' books and records in an effort to assess the Claimant's allegations, and as described in greater detail herein, has not discovered any facts that provide a basis for the Debtors' liability with respect to the Claim.

2. As demonstrated by this objection, the Claimant has failed to provide a sufficient explanation as to why the Claim represents a valid claim that should be allowed in any amount. Accordingly, the relief sought in the Objection should be granted with respect to the Claimant.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

3. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

5. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in

these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

7. On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"). The Procedures Order includes specific protections for Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

8. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

9. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

---

[2] As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan (defined below).

10. The Debtors previously objected to the Claim in the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [Docket No. 5162] (the "Omnibus Objection"). The Claimant responded to the Omnibus Objection on October 23, 2013 (the "Response") [Docket No. 5306], and the Debtors submitted a Reply on November 13, 2013 [Docket No. 5728] (the "Reply"). In the omnibus objection, the Debtors unintentionally misidentified the basis of the objection to the Claim, and corrected the basis for the objection to the Claim in the Reply. As a result, the Court found that the Omnibus Objection did not sufficiently shift the burden of proof to the Claimant, and therefore, the Claimant did not receive a sufficient opportunity to respond to the Objection. [Docket No. 6334]. For this reason, the Court denied the Omnibus Objection with regard to the Claim without prejudice.

## RELIEF REQUESTED

11. The Borrower Trust files this Objection, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the Claim from the Claims Register in its entirety.

## OBJECTION

12. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. §502(a). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1). Furthermore, the burden of persuasion once an

4

ny-1135297

objection refutes an essential allegation of the claim is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

13.     Upon review of the Claim and the Response, as explained in further detail below and in the Delehey Declaration, the Borrower Trust conducted an exhaustive examination of the Debtors' books and records to assess the allegations made in the Claim and Response. The Borrower Trust determined that the Claimant's allegations of liability have no validity and are simply unsubstantiated and devoid of fact. Accordingly, for the reasons discussed herein, the Claim should be disallowed and expunged from the Claims Register.

Background Facts

14.     On January 10, 2005, New State Mortgage LLC originated a mortgage to the Claimant in the amount of $135,860 (the "Loan"). RFC purchased the loan from New State Mortgage on February 25, 2005 before endorsing it to JP Morgan Chase before it was securitized on or around March 1, 2005. See Delehey Declaration ¶ 6.

15.     On or around March 12, 2005, Homecomings Financial, LLC began servicing the Loan until it transferred servicing to GMAC Mortgage, LLC on or around May 8, 2007. On February 16, 2013, servicing of the Loan was transferred to Ocwen Loan Servicing in connection with the sale of the Debtors' servicing platform. The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS3 is the investor for the Loan. See Delehey Declaration at ¶ 6.

16. On November 13, 2012, the Claimant filed the Claim, asserting an unsecured claim for an unknown amount stating that the "debtor holds mortgage on property sold to creditor fraudulently or negligently." To support the Claim, the Claimant attached a fourth amended complaint filed November 6, 2012 by Winifred Collins-Lee, Rasheeda L. Fisher and James Jackson against Foreit Properties, LLC and Mark Foreit in the Circuit Court of Cook County, County Department, Law Division (the "Complaint"). See The Claim. ResCap is not named in the Complaint.

17. In the Response, the Claimant alleges that he purchased a defective garden unit condominium that should not have been sold to him. The Claimant notes that he is already involved in litigation pertaining to this matter with both the City of Chicago, which levied violations on the condo for flooding issues, and the developers from whom the Claimant purchased the condominium. Once again, there is no reference to ResCap in the Response.

18. ResCap was not the seller of the property to the Claimant, nor was it the original lender, as evidenced by the Note, which is attached to the Delehey Declaration as Exhibit B. Moreover, the Claimant's alleged ongoing "flooding issues" apparently relate to the physical condition of the property that was sold to him; he is not asserting claims about how the Loan was serviced. See The Claim. The Debtors' records reflect that RFC briefly held the Note on the real property from February 25, 2005 to approximately March 1, 2005. See Delehey Decl. at ¶ 7. An exhaustive review of the Debtors' books and records did not find anything related to his dispute. In fact, the Debtors' records evidence that the Claimant was making monthly payments and received a traditional loan modification on November 3, 2009. See Delehey Declaration ¶ 7.

19. In short, the Claim patently fails to link any Debtor to the facts alleged in the Claim, nor could it.

20. If the Claim is not disallowed and expunged in its entirety, the Claimant may potentially receive a wholly improper recovery to the detriment of other Borrower Trust beneficiaries.

21. Accordingly, to avoid the possibility that the Claimant receives an improper recovery, the Borrower Trust requests that the Court disallow and expunge the Claim in its entirety. Further, the Borrower Trust reserves the right to object on any other basis to the Claim should the Court not grant the relief requested herein.

## NOTICE

22. The Borrower Trust has provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

*[Signature Page to Follow]*

Dated: April 11, 2014
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*