**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------  )
                                                  )
   In re:                                         )   Case No. 12-12020 (MG)
                                                  )
   RESIDENTIAL CAPITAL, LLC, et al.,              )   Chapter 11
                                                  )
           Debtors.                               )   Jointly Administered
                                                  )
------------------------------------------------  )
```

**STIPULATION AND ORDER WITHDRAWING PROOFS OF CLAIM FILED BY INDIVIDUAL STATE PARTIES IN CONNECTION WITH THE DOJ/AG SETTLEMENT**

This stipulation ("Stipulation") is made and entered into between The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases") and the Attorney General of Ohio, on behalf of all States[1] that filed proofs of claim in the Chapter 11 Cases in connection with the DOJ/AG Settlement[2] (each a "State" and collectively, the "States,"[3] and together with the Liquidating Trust, the "Parties"), through their respective counsel, to withdraw the State Claims (defined herein), listed on **Exhibit 1** annexed hereto, from the Debtors' Claims Register (defined herein).

---

[1] The Commonwealth of Massachusetts also filed proofs of claim in the Chapter 11 Cases, including in connection with the DOJ/AG Settlement. Such proofs of claim will be addressed separately between the Liquidating Trust and the Commonwealth of Massachusetts.

[2] "DOJ/AG Settlement" means the Consent Judgment filed by the United States District Court for the District of Columbia (Case: 1:12-cv-00361-RMC) on April 4, 2012.

[3] The States include Arizona, California, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Texas, and Utah.

## RECITALS

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the debtors in the Chapter 11 Cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

**WHEREAS**, on May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors (the "Claims Register");

**WHEREAS**, on August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended;

**WHEREAS**, on or before the Governmental Bar Date, the States filed general unsecured proofs of claim against certain of the Debtors, each in unliquidated amounts (collectively, the "State Claims"). In general, the State Claims are based on each State's asserted right to enforce claims in connection with regulating the Debtors' conduct in their mortgage servicing business, as set forth in the DOJ/AG Settlement. Each of the State Claims is identified on **Exhibit 1** annexed hereto, which includes the claim number designated by KCC on the Claims Register;

**WHEREAS**, on August 23, 2013, the Court entered an *Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and For Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 4809] (the "Disclosure Statement Order") authorizing the Plan Proponents (as defined in the Disclosure Statement Order) to, among other things, solicit votes on the proposed Chapter 11 plan (as amended, the "Plan");

**WHEREAS**, on or about August 29, 2013, ballots were sent by KCC to the States entitling the States to vote to accept or reject the Plan;

**WHEREAS**, on October 21, 2013, certain States, through the Attorney General of Ohio, filed an objection to the Plan [Docket No. 5415] (the "Plan Objection"), asserting that the Plan's "Injunction" provision was overly broad and improperly limited the States' asserted enforcement rights as set forth in the DOJ/AG Settlement;

**WHEREAS**, on or about November 19, 2013, after good faith, arm's-length negotiations among the Debtors and certain States, an agreement was reached with respect to issues concerning the State Claims, the Plan Objection was resolved, and subsequently, the States

3

agreed to withdraw the State Claims upon the Effective Date and the Confirmation Order becoming a final, non-appealable order;

**WHEREAS**, on December 11, 2013, following the confirmation hearing, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Plan filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137];

**WHEREAS**, the Plan provides for the creation and implementation of the Liquidating Trust. *See* Plan, Art. VI.A-D; *see also* Confirmation Order ¶ 22. Further, pursuant to the Confirmation Order:

> In accordance with the provisions of the Plan, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Liquidating Trust may compromise and settle Claims against the Debtors and Causes of Action against other Entities.

Confirmation Order ¶ 20; and

**WHEREAS**, the Liquidating Trust has determined that entering into this Stipulation is in the best interests of the Liquidating Trust, the Liquidating Trust's constituents, the Debtors, and other parties in interest.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows, and IT IS ORDERED:

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. Pursuant to Bankruptcy Rule 3006, the States withdraw each of the State Claims, identified on **Exhibit 1** annexed hereto, from the Claims Register.

3. The Parties represent and warrant that each has full and requisite power and authority to enter into and perform its obligations under this Stipulation.  In connection therewith, the undersigned is authorized to enter into this Stipulation on behalf of the Liquidating Trust, and the Attorney General of Ohio is authorized to enter into this Stipulation on behalf of the States.

4. This Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation.

5. This Stipulation may be executed in any number of counterparts, and each such counterpart is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement.  Further, electronic signatures or transmissions of an originally signed document by facsimile or PDF shall be as fully binding on the Parties as an original document.

6. This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

7. This Stipulation shall be binding upon the Parties as well as any successor in interest.

8. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation.  KCC is authorized and directed to

take all actions as are necessary and appropriate to implement and effectuate the terms of this Stipulation, including updating the Claims Register to reflect the withdrawal of the State Claims.

9. The Court retains jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date set out below.

Dated:  April 11, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Alexandra Steinberg Barrage
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Liquidating Trust*

Dated:  April 11, 2014

/s/ Donn D. Rosenblum
Victoria D. Garry
Senior Assistant Attorney General
Ohio Attorney General
1600 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone:  (513) 852-1536
Facsimile:  (866) 496-1724

*and*

Donn D. Rosenblum
Principal Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, Ohio 43215
Telephone:  (614) 728-5754
Facsimile:  (866) 591-5768

*On behalf of the States*

**SO ORDERED.**

Dated:  April 18, 2014
        New York, New York

　　　　　　　　　　　　　　　　　　　　　　　**/s/Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge