Hearing Date:  April 24, 2014 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(INSUFFICIENT DOCUMENTATION BORROWER CLAIMS)
<u>AS TO CLAIM NO. 4419</u>**

ny-1138832

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") and the Supplemental Declaration of Deanna Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the *Response of Annie Trammell to the ResCap Borrower Claims Trust's Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims)* [Docket No. 6692] (the "Response") interposed by Annie Trammell ("Respondent") to the *ResCap Borrower Claims Trust's Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims)* [Docket No. 6457] (the "Objection") and in further support of the Objection. The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Respondent, the Borrower Trust reserves the right to take discovery from the Respondent.

2. As described in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records in an effort to validate the accuracy of the allegations made in the Response and the claims at issue, and the Debtors' books and records do not show any liability due and owing to Respondent. For the reasons set forth in the Objection, this Reply, and the Supplemental Declaration, Respondent has failed to provide sufficient

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1138832

documentation or any other explanation as to why her claim is valid and should be allowed against the Debtors' estates.

3. For these reasons, along with those set forth herein, the relief sought in the Objection should be granted with respect to the Respondent.

## BACKGROUND

### I. THE CHAPTER 11 CASES

4. On December 11, 2013, the Court entered the Confirmation Order approving the terms of the Chapter 11 Plan, as amended, filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

5. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of borrowers who filed borrower claims to the extent such claims are ultimately allowed either through settlement by the Trustee for the Borrower Trust or pursuant to an order of the Court. See Plan, Art. IV.F.

### II. BACKGROUND RELATING TO RESPONDENT'S CLAIM

6. On or about November 9, 2012, Respondent filed a proof of claim against GMAC Mortgage, LLC ("GMACM"), Claim No. 4419, asserting a secured priority claim against GMACM in the amount of $80,000. See Exhibit A to the Supplemental Declaration. In Box 2 of the proof of claim form (Basis for Claim), Claim No. 4419 provides that the basis for the claim is "Mortgage Payments (GMAC)." See id. In Box 8 of the proof of claim form (Documents), Respondent wrote "GMAC has copy of Deed/House/Land." See id. The only documents appended to the proof of claim form are two handwritten letters from Respondent to KCC informing KCC of her ability to obtain and deliver a proof of claim form. See id. No

2

ny-1138832

additional documentation was provided along with the proof of claim form in support of Respondent's claim against GMACM.

7. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that either (i) fail to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount but do not provide any explanation or attach any supporting documentation to substantiate the basis for the claim amount (together, the "Insufficient Documentation Claims"). See Supplemental Declaration ¶ 4.

8. On February 7, 2013, GMACM sent a letter to Respondent notifying Respondent that the servicing of her mortgage loan was being transferred from GMACM to Ocwen Loan Servicing, LLC, effective February 16, 2013 (the "Notice of Servicing Transfer Letter"). See Supplemental Declaration ¶ 5; see also Exhibit B to the Supplemental Declaration. As stated in the Notice of Servicing Transfer Letter, the servicing transfer "does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of [Respondent's] loan." See Exhibit B to the Supplemental Declaration.

9. On or about June 21, 2013, the Debtors sent a Request Letter to certain Borrowers, including Respondent, requesting additional documentation in support of Insufficient Documentation Claims. See Supplemental Declaration ¶ 4; see also Exhibit C to the Supplemental Declaration. The Request Letter states that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes she is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for her Insufficient Documentation Claim. The Request Letter further states that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors or the

Borrower Trust, as applicable, may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.

10. Neither the Debtors nor the Borrower Trust received any response to the Request Letter from Respondent after the 30-day response deadline passed. See Supplemental Declaration ¶ 4. Further, the Debtors' books and records do not show any liability due and owing to Respondent. See Supplemental Declaration ¶¶ 5, 6. Accordingly, the Borrower Trust filed the Objection to certain Insufficient Documentation Claims, including Respondent's Claim No. 4419.

11. On February 7, 2014, the Borrower Trust filed the Objection, and set a response deadline for March 10, 2014 at 4:00 p.m. (ET). On or about March 18, 2014, the Court informed the Borrower Trust of Respondent's submission of the Response to the Court. On March 21, 2014, the Response was filed on the docket.

## REPLY

12. Bankruptcy Rule 3001(c)(1) instructs that:

> [w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

13. If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (J. Glenn). Moreover, where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have

held that such claims can be disallowed. See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

14. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

15. Upon review of the Response, together with a detailed review of Debtors' books and records, the Borrower Trust determined that the Response fails to substantiate the validity of Respondent's claim against GMACM. See Supplemental Declaration ¶ 6. Specifically, Respondent asserts as a basis for her claim "Mortgage Payments (GMAC)" and states that the amount of Claim No. 4419 is $80,000.00, which Respondent alleges is the value of her real property. No other explanation or additional documentation is provided with the proof of claim form, nor was any provided in response to the Request Letter. Respondent also does not include supporting documentation with the Response.

16. Debtor Homecomings Financial, LLC serviced Respondent's loan from July 30, 2001 until the servicing of the loan was transferred to GMACM on or about July 1, 2009. See Supplemental Declaration ¶ 5. In conducting diligence with respect to Claim No.

5

4419, the Debtors' books and records reflect that the original amount of Respondent's mortgage loan was $31,500.00 and the principal balance was approximately $28,441.44.[2] See id. During the period from April 3, 2008 to February 7, 2011, the Debtors mailed nearly a dozen notices to Respondent indicating that Respondent was delinquent in making payments on her mortgage loan. See id. The Debtors' books and records also reflect that the Debtors never commenced any foreclosure proceedings against Respondent. See id. In addition, the Debtors' records show that Respondent's loan was serviced appropriately, up to and through the time at which GMACM sent the Notice of Servicing Transfer Letter to Respondent. See id.

17. Based on the information and documents provided (or lack thereof), Respondent has not demonstrated how the Debtors' connection to Respondent gives rise to any liability of GMACM or any other Debtor to Respondent, and there is no support in the Debtors' books and records for a prepetition liability to Respondent. Accordingly, for the reasons set forth in the Objection and the Reply, Claim No. 4419 should be disallowed and expunged because Respondent has failed to substantiate any prepetition liability of the Debtors to her.

## CONCLUSION

18. WHEREFORE, the Borrower Trust respectfully submits that the relief sought in the Objection should be granted.

---

[2] This amount of the principal balance remaining on Respondent's mortgage loan was as of September 2013.

| | |
|---|---|
| Dated: April 18, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Meryl L. Rothchild<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |