# Exhibit 1

**Supplemental Declaration**

ny-1138832

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------)
In re:                                                          )   Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,                               )   Chapter 11
                                                                )
                                        Debtors.                )   Jointly Administered
                                                                )
----------------------------------------------------------------)

**SUPPLEMENTAL DECLARATION OF DEANNA HORST IN SUPPORT OF RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION BORROWER CLAIMS) AS TO CLAIM NO. 4419**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for the ResCap Liquidating Trust (the "Liquidating Trust"),[1] and I previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[2] I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset

---

[1] The ResCap Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1138863

Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.

2. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *ResCap Borrower Claims Trust's Reply in Support of Its Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims) as to Claim No. 4419* (the "Reply").[3]

3. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my familiarity with the Debtors' books and records, information learned from my review of relevant documents, and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Debtors', the Liquidating Trust's and/or the Borrower Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

4. As stated in the Reply, in connection with the claims reconciliation process, the Borrower Trust identified Respondent's Claim No. 4419 (the "Trammell Claim") as a claim that either (i) failed to identify the amount of the claim and the basis for the claim, or (ii) identified the claim amount but does not provide any explanation or attach any supporting

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

documentation to substantiate the basis for the claim amount. The Trammell Claim asserts an $80,000.00 secured priority claim against GMAC Mortgage, LLC ("GMACM"), the stated basis of which is "Mortgage Payments (GMAC)." The Debtors, after reviewing the Trammell Claim and their books and records, sent Respondent a Request Letter requesting additional supporting documentation in connection with Respondent's claim against GMACM. Neither the Debtors nor the Borrower Trust received any response to the Request Letter from Respondent after the 30-day response deadline passed.

5.  Debtor Homecomings Financial, LLC serviced Respondent's loan from July 30, 2001 until the servicing of the loan was transferred to GMACM on or about July 1, 2009: In conducting diligence with respect to the Trammell Claim, the Debtors' books and records reflect that the original amount of Respondent's mortgage loan was $31,500.00 and the principal balance was approximately $28,441.44.[4] During the period from April 3, 2008 to February 7, 2011, the Debtors mailed nearly a dozen notices to Respondent indicating that Respondent was delinquent in making payments on her mortgage loan. The Debtors' books and records also reflect that the Debtors never commenced any foreclosure proceedings against Respondent. On February 7, 2013, GMACM sent a letter to Respondent notifying Respondent that the servicing of her mortgage loan was being transferred from GMACM to Ocwen Loan Servicing, LLC, effective February 16, 2013. The Debtors' records show that Respondent's loan was serviced appropriately up to and through this effective date.

6.  Accordingly, based upon this detailed review of Debtors' books and records, together with a review of the Trammell Claim and the Response, the Borrower Trust

---

[4]  This amount of the principal balance remaining on Respondent's mortgage loan was as of September 2013.

determined that the Response fails to substantiate the validity of Respondent's claim against GMACM.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 18, 2014

                                              /s/ Deanna Horst
                                              Deanna Horst
                                              Chief Claims Officer for the ResCap
                                              Liquidating Trust

# Exhibit A

## Claim No. 4419

Claim #4419  Date Filed: 11/9/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: (GMAC) USBC #12-12020

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Annie Trammell 7494 County Road 278, Roanoke, Ala. 36274

Name and address where notices should be sent:
Annie Trammell
7494 County Road 278
Roanoke, Ala. 36274

Telephone number: 334-885-6810  email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: USBC
(If known)
Filed on: 12-12020 (MG)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):
Annie Trammell 7494 County Road 278
Roanoke, Ala. 36274
Telephone number: 334-885-6810  email:

1. Amount of Claim as of Date Case Filed: $ 80,000.00
   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Mortgage Payment (GMAC)
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 0256

   3a. Debtor may have scheduled account as: _____ (See instruction #3a)
   3b. Uniform Claim Identifier (optional): _____ (See instruction #3b)

4. Secured Claim (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
   Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   Value of Property: $ 80,000  Annual Interest Rate _____ % ☐ Fixed ☐ Variable (when case was filed)
   Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ 80,000.00
   Basis for perfection: _____
   Amount of Secured Claim: $ 80,000.00  Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   Amount entitled to priority:
   $ _____

   * Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
   Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
   $ 80,000.00  (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: GMAC has copy of Deed / House Bond

9. Signature: (See instruction #9) Check the appropriate box.
   ☒ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Annie Trammell
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
(Signature) Annie Trammell   (Date) 11/20/10

Telephone number: _____  Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.

RECEIVED
NOV 2 3 2012
KURTZMAN CARSON CONSULTANTS

1212020121109000000000348

ResCap
c/o KCC
2335 Alaska Ave
El Segundo, Ca. 90245

Proof of Claim!!

I was unable to download a Proof of Claim form at www.kccllc.net/rescap. So I am sending this letter. I am a customer of GMAC. Yes, I have a Proof of Claim in the GMAC ResCap chapter 11 proceeding.

Annie Trammell
P.O. Box 311
Roanoke, Ala. 36274
Thank You
God Bless!

RECEIVED
NOV 09 2012
KURTZMAN CARSON CONSULTANTS



12120201211090000000000348

To; Whom it may Concern
(Melissa Mankivine)

I'am returning the form B12 to KCC. The Normal Mail delivery from California to Alabama could take up to 4 to five days or longer. You should have overnite this form to me, If you needed it back by a certain date. I'am overnite it back to You!!

Thank You
&
God Bless!!

Angie [signature]


1

# Exhibit B

## Notice of Servicing Transfer Letter

# GMAC Mortgage

## Notice of Servicing Transfer and Welcome to Ocwen Loan Servicing, LLC

February 7, 2013

ANNIE M TRAMMELL
PO BOX 311
ROANOKE AL  36274-0311



**Your Loan Account Details as of 02/04/2013**

Account Number:
▬▬▬▬▬▬

Property Address:
7494 COUNTY ROAD 278
ROANOKE AL  36274

Transfer Date:
02/16/2013

Principal Balance:
$28,669.97

Escrow Balance:
$140.54

Loan Rate:
11.500%

Next Payment Due:
1/2/2013

Payment Amount:
$349.18

Dear ANNIE M TRAMMELL,

The servicing of your mortgage loan, that is, the right to collect payments from you, is transferring from your current servicer, GMAC Mortgage ("GMACM") to your new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective February 16, 2013.

Rest assured this transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan.  There will be no change to your account number or payment address; only to the name of the company to which you make your payment.  All mailing addresses and phone numbers you previously used to contact GMACM will remain the same but, as of February 16, 2013, they will be maintained by Ocwen.  You will continue to be served in a knowledgeable and professional manner, just as you have in the past.

GMACM will stop accepting payments on February 15, 2013.  Ocwen will begin to accept payments on February 16, 2013.  Send all payments due on or after that date to Ocwen.  A temporary coupon is provided below for your convenience.  Any account notices prepared prior to February 16, 2013 will reflect GMACM; all notices prepared on or after February 16, 2013 will reflect Ocwen.  In addition any payments received by GMACM after February 15, 2013 will automatically be processed by Ocwen.

If you are currently using GMACM's automatic payment service, this program will continue with no lapse in service.   If you previously made your payment through GMACMortgage.com, on or after February 16, 2013 you can go to ocwen.mortgagebanksite.com and use your same login ID and password for account access.  If you use a third party payment service, please request they update their records to have payments made payable to Ocwen Loan Servicing, LLC effective February 16, 2013.

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 30 days after the effective date of the transfer of the servicing of your loan.  In this case, all necessary information is combined in this one notice.  Please review the reverse side of this letter for legal disclosures, notices and state requirements.  It's our goal to make this transfer as seamless as possible.

Enclosed are your (1) final **GMAC Mortgage annual privacy notice** and (2) your **Ocwen initial privacy notice** that becomes effective with the start of your new customer relationship with Ocwen. Please see the Ocwen initial privacy notice for important opt-out elections.

We appreciate the opportunity to serve your home loan needs.  If you have questions relating to the transfer of servicing please contact our Transfer Hotline at 1-888-926-3479 weekdays from 8:00 AM to 7:00 PM, Central Time.  If you have questions about the general servicing of your loan please call GMACM Customer Care at 800-766-4622, 6:00 a.m. - 10:00 p.m. CT M-F and 8:00 a.m. - 2:00 p.m. Sat.

**Ocwen Loan Servicing, LLC**
**Customer Care**
**Contact Information**

➢ Phone:
800-766-4622

Personal assistance:
6:00 a.m. - 10:00 p.m. CT M-F
and 8:00 a.m. - 2:00 p.m. Sat

24-hour automated service

Email:
ocwen@mortgagebanksite.com

Web:
ocwen.mortgagebanksite.com

Mail:
PO Box 780
Waterloo, IA  50704-0780

Sincerely,

Charles R. Hoecker
Sr. Vice President, Customer Care
GMAC Mortgage

Sincerely,

William C. Erbey
President and Chief Executive Officer
Ocwen Loan Servicing, LLC

Enclosure(s)

02-1x85-7300(1/13)

---

## Mortgage Payment Coupon



**Ocwen Loan Servicing, LLC**

Account Number:
▬▬▬▬▬▬

Due Date:
1/2/2013

Mortgage Payment:
$349.18

ANNIE M TRAMMELL

| Please assist us in applying your payment. | |
|---|---|
| Full Payments | $.............. |
| ADDITIONAL Principal | $.............. |
| ADDITIONAL Escrow | $.............. |
| Late Charge | $.............. |
| Other Fees (specify) | $.............. |
| **Total Amount Enclosed** | $.............. |

Extra Funds

OCWEN
PO BOX 9001719
LOUISVILLE, KY  40290-1719



**RESPA Notice:** You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a qualified written request to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number and your reasons for the request.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60-BusinessDay period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

**Qualified Written Request:** Effective with the transfer date, please send all qualified written requests to: Ocwen, ATTN: Customer Care, P.O. Box 1330, Waterloo, IA 50704-1330.

**Optional Insurance:** The transfer of servicing rights may affect the term or the continued availability of mortgage life or disability or any other type of optional insurance. If you have been paying premiums for optional insurance coverage such as accidental death, life or disability, your coverage will likely continue at the same or a comparable premium. If a change of provider is necessary, you will receive new policy information in a separate letter. If Ocwen is not able to continue your coverage, Ocwen or GMACM will notify you in writing.

<div align="center">

**Additional Information**

</div>

**Online Services:** If you were previously using the GMACM website, you should continue to use your same username and password. You will be redirected to ocwen.mortgagebanksite.com to complete the login process. You do not need to re-enroll to continue using the same online payment programs. Any current online payment arrangements will continue uninterrupted through Ocwen.

**Payment by Phone:** If you previously scheduled a payment by phone through GMACM, this deduction will continue as scheduled.

**Automatic Payment:** If you were previously using GMACM's automatic payment service, this program will continue with Ocwen with no lapse in service. If you use a third party payment service, please request they update their records to have payments made to Ocwen Loan Servicing, LLC.

**Payment by Check:** If sending payment by check, please be aware you are authorizing Ocwen to use information on this check to make a one-time electronic debit to the account at the financial institution indicated on the check. This electronic debit will be for the amount on your check and no additional amount will be debited. Please be aware this bank account may be debited the same day Ocwen receives the check.

**Homeowner's Insurance:** Notice will be sent to your insurance carrier to provide the Ocwen address information following the transfer.

**Year-End:** GMACM will provide a 2012 year-end IRS form 1098 statement consistent with how you may have received it in prior years. Ocwen will provide a 2013 year-end IRS form 1098 that will include payments received in 2013 by GMACM and Ocwen.

**Loan Modifications:** Ocwen is committed to helping homeowners. If you are currently on a trial modification plan or have a modification review underway, this process will continue. You should continue making your payments as required in the modification plan. If you recently submitted financial documentation to be considered for payment options, it is not necessary to re-send the documents to Ocwen, as the information will automatically transfer.

**Short Sale:** Any previously approved short sale offers or pending short sale negotiations will continue. The original expiration date for a previous short sale approval still applies; if it has expired, the approval is no longer valid.

**Identity Theft Notice:** If you would like to obtain information regarding identity theft, you may contact the Federal Trade Commission at http://www.ftc.gov/bcp/edu/microsites/idtheft/ OR by calling 1-877-ID-THEFT (1-877-438-4338).

**Members of the Military and their Families:** Ocwen is committed to supporting its customers in the military. If you or a member of your family are in the military, please contact Ocwen effective with the transfer date. You may be eligible for certain rights and protections under the Servicemembers Civil Relief Act (SCRA). Even if you are not eligible under SCRA, Ocwen encourages you to contact us if you have questions or problems relating to your mortgage. Call 1-866-961-1412 or email us at Military.Families@mortgagebanksite.com

**Notice Regarding Debt Collection:** This is an attempt to collect a debt, and any information obtained will be used for that purpose, provided if you have an active bankruptcy case or have received a discharge, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** If you are a debtor in an active bankruptcy case, this letter is not an attempt to collect either a pre-petition, post-petition or discharged debt, and no action will be taken in willful violation of the Automatic Stay that may be in effect in your bankruptcy case. Furthermore, if you have received a Discharge in a Chapter 7 case, any action taken by GMACM or Ocwen is for the sole purpose of protecting the lien interest in your property and is not an attempt to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice. Finally, if you are in an active Chapter 11, 12 or 13 case, and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your bankruptcy plan.

02-1x85-73DC(1/13)

# IMPORTANT INFORMATION

**Schedule of Standard Servicing Fees for Alabama**

| Fee Name | Fee Description | Estimated Fee Amount |
|---|---|---|
| Balloon Reset/Cast | Fee required to reset balloon loans or recast a loan when loan documents allow for this function. | $170 - $1200 (includes hard dollar costs which range by county) |
| Broker Price Opinion (BPO) | Brokers or other qualified individuals provide an estimate of the market value of property. | $83.00 - $150.00 |
| Inspection | Inspections are performed to ensure that the property is occupied and appropriately maintained. | NO CHARGE |
| Late Charges | Penalty charged to the borrower if a payment is received past the grace days. | Fees assessed according to loan documents |
| Non Sufficient Funds (NSF) Fee | Fee charged for a check that was applied to the borrower's account but returned unpaid by the borrower's depository institution (bank, savings bank, etc). | $30.00 |
| Pay by Phone | One time charge to a borrower to make a payment using the pay by phone service. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 via phone $12.50 via customer service |
| Payoff Statement | Fee charged when a payoff statement is requested to be mailed or faxed. | NO CHARGE |
| Recording Fee | Fee charged by the county recorder's office to record the release / satisfaction when the loan is paid-in-full. | $3.50 - $19.75 |
| Subordination | Processing/underwriting fee to review new loan details and our existing second lien loan to consider permitting the new loan to have priority, or first lien position, over our existing second lien loan. | $100.00 |
| Wire | Fee assessed for wired payments. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 |

All fees and amounts are subject to change without prior notice. Additional fees and amounts may apply depending on your specific request and the status of your loan.



## Exhibit C

**Request Letter**



MORRISON | FOERSTER

July 21, 2013

**Claim Number: XXX**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount. In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

Residential Capital, LLC    P.O. Box 385220    Bloomington, Minnesota  55438

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

    **(i)**    **Claims.Management@gmacrescap.com**; **or**
    **(ii)**    **Residential Capital, LLC**
        **P.O. Box 385220**
        **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.