B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>GMAC MORTGAGE, INC.<br>In re: RESIDENTIAL CAPITAL, LLC,<br>1100 Virginia Drive<br>Fort Washington, PA 19034 | Case Number:<br>12-12020 (MG) | RECEIVED<br>APR 17 2014<br>U.S. BANKRUPTCY COURT<br>SO DIST OF NEW YORK |

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NORMA E. RODRIGUEZ

COURT USE ONLY

Name and address where notices should be sent:
NORMA E. RODRIGUEZ
3422 Hope Street
Huntington Park, California 90255
Telephone number:   email:
310.748.8008

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: 2:12-cv-09808
(If known)    JAK (Ex)

Filed on: 11/15/12

Name and address where payment should be sent (if different from above):
NORMA E. RODIRGUEZ
14429 S. Cookacre Street
Compton, California 90221
Telephone number:   email:
310.748.8008

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:   $ 477,189.77

3422 Hope Street
Huntington Park, CA 90255

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: _GMAC fraudulently transferred property for payment on another account - constructive trust_
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:
$_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Norma E. Rodriguez
Title:
Company:
Address and telephone number (if different from notice address above):
14429 S. Cookacre Street
Compton, CA 90221

*Norma E. Rodriguez*   01/16/14
(Signature)                       (Date)

Telephone number:              email:

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

```
 1  ROBERT J. GANDY (State Bar No. 225405)
    rjg@severson.com
 2  YARON SHAHAM (State Bar No. 217192)
    ys@severson.com
 3  JOE H. TUFFAHA (State Bar No. 253723)
    jht@severson.com
 4  SEVERSON & WERSON, A Professional Corporation
    The Atrium - 19100 Von Karman Avenue, Suite 700
 5  Irvine, California 92612
    Telephone: (949) 442-7110   Facsimile: (949) 442-7118
 6
    JOHN B. SULLIVAN (State Bar No. 96742)
 7  SEVERSON & WERSON, A Professional Corporation
    One Embarcadero Center, Suite 2600
 8  San Francisco, California 94111
    Telephone: (415) 398-3344   Facsimile: (415) 956-0439
 9
    Attorneys for Defendants
10  GMAC MORTGAGE, LLC (erroneously sued as GMAC,
    Mortgage LLC); HOMECOMINGS FINANCIAL, LLC
11  (erroneously sued as Homecomings Financial);
    MORTGAGE ELECTRONIC REGISTRATION
12  SYSTEMS, INC.; and EXECUTIVE TRUSTEE
    SERVICES, LLC
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| NORMA E. RODRIGUEZ, as Individual,<br>Plaintiff,<br>vs.<br>GMAC, MORTGAGE LLC, a National Banking Association; GMAC FINANCIAL SERVICES, a National Banking Association; HOMECOMINGS FINANCIAL, a National Banking Association; GB INLAND PROPERTIES, LLC, a California limited Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a National Banking Association; FRANKLIN BANK, SSB, a National Banking Association; EXECUTIVE TRUSTEE SERVICES, LLC, a California limited corporation; J.P. MORGAN CHASE BANK, N.A., as successor in interest to WASHINGTON MUTUAL BANK, a National Banking Association; and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 2:12-cv-09808 JAK (Ex)<br>Hon. John A. Kronstadt<br>Ctrm. 750 – Roybal Fed. Bldg.<br><br>**DEFENDANTS GMAC MORTGAGE, LLC'S, HOMECOMINGS FINANCIAL, LLC'S, AND EXECUTIVE TRUSTEE SERVICES, LLC'S NOTICE OF BANKRUPTCY STAY AND SUGGESTION OF AUTOMATIC STAY**<br><br>Action Filed: November 15, 2012<br>Trial Date:   Not Set |

19000.1442/2488384.1

NOTICE OF BANKRUPTCY STAY

**TO THE HONORABLE COURT, PLAINTIFF, AND ALL OTHER INTERESTED PARTIES:**

Defendants GMAC Mortgage, LLC ("GMACM"), Homecomings Financial, LLC ("Homecomings"), and Executive Trustee Services, LLC ("ETS") (collectively, "Defendants"), by and through their undersigned counsel, in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), hereby respectfully submit this Notice of Bankruptcy and Suggestion of Automatic Stay, and state as follows:

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including Defendants, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court").

2. The Debtors' Chapter 11 cases being jointly administered, indexed at case number 12-12020 (MG), and are captioned as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

3. As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding"

against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)).

4. On July 13, 2012, the Bankruptcy Court entered a Final Supplemental Order granting, among other things, the Debtors' Motion for Limited Relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims (the "Final Supplemental Order"). Paragraphs 14, 15, 16 and 17 of the Final Supplemental Order identify the categories of defenses, claims and counter-claims for which the automatic stay has been modified (the "Permitted Claims"). A copy of the Final Supplemental Order is annexed hereto as **Exhibit A**.

5. Based upon a review of the current status of the Lawsuit, the claims against Defendants for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty and Fraud are not Permitted Claims because they are outside the scope of the relief covered in the Final Supplemental Order (the "Stayed Claims"). The continued prosecution of the Stayed Claims would violate the automatic stay, 11 U.S.C. § 362(a)(1), which expressly precludes "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

6. Pursuant to paragraph 23 of the Final Supplemental Order, any dispute regarding the extent, application and/or effect of the automatic stay under the Final Supplemental Order, must be heard and determined in the United States Bankruptcy Court for the Southern District of New York, jointly administered under Case No.

12-12020, in accordance with the Case Management Order entered in the Debtors' case [Docket No. 141] and such other and further orders as may be entered by the United States Bankruptcy Court for the Southern District of New York.[1]

7.    This notice has been sent, with a cover letter, to Plaintiff Norma E. Rodriguez.

DATED: December 7, 2012          SEVERSON & WERSON
                                  A Professional Corporation


                                  By:    /s/ Joe H. Tuffaha
                                           Joe H. Tuffaha

                                  Attorneys for Defendants GMAC MORTGAGE, LLC (erroneously sued as GMAC, Mortgage LLC); HOMECOMINGS FINANCIAL, LLC (erroneously sued as Homecomings Financial); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and EXECUTIVE TRUSTEE SERVICES, LLC

---

[1] A copy of the Case Management Order may be obtained at no charge at http://www.kccllc.net/rescap.