UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et. al.*

Debtors.

Chapter 11
Case No. 12-12020

**ORDER DENYING FRANCINE SILVER'S MOTION TO RECONSIDER ORDER
DENYING MOTION FOR PAYMENT OF CLAIM NO. 61**

Pending before the Court is Francine Silver's *Motion to Reconsider the Order Denying the Pro Se Motion for Payment of Claim No. 61* (the "Motion for Reconsideration," ECF Doc. # 6774). Silver asks the Court to reconsider its *Order Denying Motion of Francine Silver for Payment of Claim # 61* (the "Order," ECF Doc. # 6706), which denied the *Pro Se Motion By Francine Silver For Payment of Claim # 61* (the "Motion for Payment," ECF Doc. # 6639). For the following reasons, the Motion for Reconsideration is **DENIED.**

The Court denied the Motion for Payment on March 26, 2014. Silver filed the Motion for Reconsideration on April 9, 2014. Silver seeks reconsideration of the Order, relying primarily on arguments made in the Motion for Payment and already rejected by the Court in the Order. Arguments previously made and rejected are not proper subjects for a motion for reconsideration.

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which governs motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, No. 07-13481, 2008 Bankr. LEXIS 3631, at *3 (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which establishes the grounds on which a court may grant relief from a final order. Rule 9024 provides that relief may be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo*, 374 F.3d at 55 (citation omitted). "A motion for reconsideration should be granted *only* when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (emphasis added).

Even considering that Silver is *pro se* and that the Motion for Reconsideration is therefore held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520(1972), the Motion for Reconsideration fails to identify adequate grounds for relief. Silver has not cited any intervening change of controlling law, and she does not rely on newly available evidence. To prevail, Silver must demonstrate the need to correct a clear error or prevent manifest injustice. *See YLL Irrevocable Trust*, 729 F.3d at 104 (quotations omitted). She fails to do so.

Silver argues—yet again—that the Debtors can no longer object to her claim (Claim No. 61), and thus, her claim should be allowed. (Motion for Reconsideration at 2–3). She contends that since the Debtors had not objected to her claim as of the Effective Date[1] of the Plan, the claim is "deemed allowed" and "can no longer be objected to." (*Id.* at 2.) But, as previously explained in the Order, the objection deadline has not yet passed. (Order at 2.) The Plan does not require the Debtors to object to all claims *before* the Effective Date; to the contrary, the Plan explicitly contemplates that claims objections may occur *after* the Effective Date. The appropriate deadline for an objection to Silver's claim is Monday, September 15, 2014, unless that deadline is extended by further order of the Court.

Silver is only entitled to receive payment on her claim in the event that the claim is allowed, and even then, only as part of a *pro rata* distribution to similarly situated creditors. *See* FED. R. BANKR. P. 3021 ("[A]fter a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). Because her claim is still subject to objection, Silver is not presently entitled to any distribution.

---

[1] December 17, 2013. (*See* ECF Doc. # 6137.)

3

The remaining arguments raised by Silver in the Motion for Reconsideration are completely without merit and require no discussion.

Because Silver has not satisfied the standards for reconsideration, her The Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 24, 2014
New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge