UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S
FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS WITH RESPECT TO
CLAIM NO. 4419 OF ANNIE TRAMMELL**

Upon the fifty-ninth omnibus objection to claims, dated February 7, 2014 (ECF Doc. # 6448) (the "Fifty-Ninth Omnibus Claims Objection")[1] of The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF Doc. # 3294) (the "Procedures Order"), disallowing and expunging the Insufficient Documentation Borrower Claims on the basis that such claims fail to explain the basis for the claim or attach supporting documentation sufficient to support the claim, all as more fully described in the Fifty-Ninth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifty-Ninth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-Ninth Omnibus Claims Objection.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifty-Ninth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Fifty-Ninth Omnibus Claims Objection, the Declaration of Deanna Horst and the Declaration of Norman S. Rosenbaum, annexed to the Fifty-Ninth Omnibus Claims Objection as Exhibit 1 and Exhibit 2, respectively, the response filed by Annie Trammell (ECF Doc. # 6692) relating to Claim No. 4419 (the "Trammell Claim"), the *ResCap Borrower Claims Trust's Reply in Support of the Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims) as to Claim No. 4419* (ECF Doc. #6797) and the Supplemental Declaration of Deanna Horst annexed thereto as Exhibit 1, and the statements made during the hearing held by the Court on April 24, 2014; and the Court having found and determined that the relief sought in the Fifty-Ninth Omnibus Claims Objection is in the best interests of the Debtors' estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fifty-Ninth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Fifty-Ninth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, and for the reasons stated by the Court on the record of the hearing, it is

ORDERED that, for the reasons stated on the record, the relief requested in the Fifty-Ninth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Trammell Claim is hereby disallowed and expunged against Debtor GMAC Mortgage, LLC; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Trammell Claim so that such claim is no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifty-Ninth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 (ECF Doc. # 141), the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Trammell Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: April 24, 2014
      New York, New York

                                         **/s/Martin Glenn**
                                         MARTIN GLENN
                               United States Bankruptcy Judge