UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Francine Silver
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

____ Civ. 1212020 (MG) (___)

- against -

Reidential Capital, LLC, - GMAC.
_____

**NOTICE OF APPEAL IN A CIVIL CASE**

RECEIVED
APR 2 4 2014
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

Notice is hereby given that Francine Silver
*(party)*

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment

Denying motion for payment of Allowed Claim #61.

*(describe the judgment)*

Order fails to address Plaintiff's arguments and instead asserts a defense for Debtors who decided not to respond

and whose Counsel have previously worked with the Judge in this very case raising concerns of impartiality.

entered in this action on the 26th day of March, 2014.
   *(date)*       *(month)*       *(year)*

_____
Signature

8613 Franklin Ave
*Address*

Los Angeles, CA 90069
*City, State & Zip Code*

DATED: April 23, 2014    (310) 945 - 6105
                          *Telephone Number*

NOTE: To take an appeal, this form must be received by the *Pro Se* Office of the Southern District of New York within thirty (30) days of the date on which the judgment was entered, or sixty (60) days if the United States or an officer or agency of the United States is a party.

*Rev. 05/2007*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **6706, 6774, 6690, 6639**

Caption [use short title]

Motion for: **Payment of claim as per settlement agreement and to proceed forma pauperis**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: RESIDENTIAL CAPITAL, LLC, et al.
Honorable Judge Martin Glenn Presiding.
Case No. 12-12020 (MG)

Set forth below precise, complete statement of relief sought:

I would like my Allowed claim # 61 to be paid as per the Settlement Agreement which was approved and went effective on December 17th, 2013. The plan calls for the holders of allowed claims to be paid on the effective date or as soon as practicable thereafter. The claim was never objected to, the deadline to object has now passed and the claim should now be paid immediately.

APPEAL FROM ORDER DENYING PAYMENT

MOVING PARTY: **Francine Silver**
[✓] Plaintiff   [ ] Defendant
[ ] Appellant/Petitioner   [ ] Appellee/Respondent

OPPOSING PARTY: **Residential Capital, LLC - GMAC**

MOVING ATTORNEY: **Pro se Francine Silver**
OPPOSING ATTORNEY: **Gary S. Lee**
[name of attorney, with firm, address, phone number and e-mail]

8613 Franklin Ave
Los Angeles, CA 90069
310 945 6105 marcussilver@sbcglobal.net

Morrison & Foerster LLP
1290 Avenue of the Americas, New York, NY 10104
212 468 8042 glee@mofo.com

Court-Judge/Agency appealed from: United States Bankruptcy Court, Honorable Judge Martin Glenn - Southern District of New York

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes   [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed   [ ] Opposed   [✓] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes   [ ] No   [✓] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?   [ ] Yes [ ] No
Has this relief been previously sought in this Court?   [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   [ ] Yes [✓] No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes [✓] No   If yes, enter date: _____

Signature of Moving Attorney:
_Francine Silver_ PRO SE   Date: **April 23, 2014**   Service by: [ ] CM/ECF   [✓] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

## STATEMENT REGARDING MERITS OF APPEAL AND ISSUES RAISED BY FRANCINE SILVER.

The Appeal has merit for numerous reasons:

The Honorable Judge Martin Glenn's impartiality is questionable. The Honorable Judge James Peck was a colleague of Judge Glenn and actively worked on and helped mediate the very settlement plan the terms of which are now in dispute. Judge Peck retired from the bench and joined the law firm of Debtors Counsel in the very same week my motion was filed. The rules listed on NYCOURTS.gov state " *Most important of all, judges are impartial decision-makers in the pursuit of justice. We have what is known as an adversarial system of justice - legal cases are contests between opposing sides, which ensures that evidence and legal arguments will be fully and forcefully presented. The judge, however, remains above the fray, providing an <u>independent and impartial</u> assessment of the facts and how the law applies to those facts.*"

*"Impartiality" denotes absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge. (B) A judge shall not allow family, social, political or <u>other relationships</u> to influence the judge's judicial conduct or judgment.*
*(7) A judge shall dispose of all judicial matters promptly, efficiently and fairly.*

*(E) Disqualification. (1) A judge shall disqualify himself or herself in a proceeding in which the judge's <u>impartiality might reasonably be questioned</u>, including but not limited to instances where: (a) (i) the judge has a personal bias or prejudice concerning a party or (ii) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding; (b) the judge knows that (i) the judge served as a lawyer in the matter in controversy, or (ii<u>) a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter,</u> or (iii) the judge has been a material witness concerning it;"*

At issue is whether the Judge should have disqualified himself and seeing as he decided to continue presiding, whether he was impartial.

Being that the Debtor's counsel refer to themselves as a leading global law firm and have an army of extremely highly qualified lawyers at their disposal, it is difficult or impossible to explain why they would not respond to my motion unless they conceded the merit of my arguments or else for some reason felt it unnecessary to respond. The Judge's actions do not appear to be impartial when instead of disqualifying himself due to his relationship with Judge Peck, he continues to preside and even asserts an argument on Debtor's behalf while ignoring most of my arguments and then rules in favor of the Debtors despite their failure to even respond. For these reasons alone the Judge's impartiality may be reasonably questioned and my appeal should be granted.

The Judge also failed to address my argument regarding promissory estoppel and my reliance on having the claim paid as called for in the plan and as I was led to believe it would be. I have already been a fraud victim for many years and continue to suffer physically, emotionally and financially while Debtor's ignore the law and terms of the settlement agreement. My argument for promissory estoppel is an issue.

The Judge ignores the definition of what an allowed claim is and when it should be paid. The plan states *"Allowed" means, with respect to a Claim against any Debtor, except as otherwise provided herein, (a) a Claim that is (i) listed in the Schedules as of the Effective Date as neither disputed, contingent nor unliquidated, and for which no Proof of Claim has been timely filed, or (ii) evidenced by a valid Proof of Claim or request for payment of Administrative Claim, as applicable, Filed by the applicable Bar Date, and as to which the Debtors or other parties-in-interest have not Filed an objection to the allowance thereof by the Claims Objection Deadline, or (b) a Claim that is Allowed under the Plan or any stipulation or settlement approved by, or Final Order of, the Bankruptcy Court; provided, however, that any Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court will not be considered "Allowed Claims" under the Plan, provided further, however, any Claims expunged or disallowed under the Plan or otherwise shall not be Allowed Claims. If a Claim is Allowed only in part references to Allowed Claims include and are limited to the Allowed portion of such Claim. Notwithstanding anything to the contrary herein, no Claim that is disallowed in accordance with Bankruptcy Rule 3003 or section 502(d) of the Bankruptcy Code is*

*Allowed and each such Claim shall be expunged without further action by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court.*

In reference to the above, section (b). My claim was not solely for the purpose of voting nor was it expunged or disallowed for any reason including under Bankruptcy Rule 3003 or section 502(d) of the bankruptcy code. Therefore my claim clearly meets the requirements under section (b) of a claim that is "allowed". Moreover, the claim has also never been contested in any way and contains very well documented evidence in support. Also, under 11 U.S.C. § 502(a) ("*A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.*") There were no objections by the effective date. There is no supporting language for further approval or review by the Court or Trustee in order for the claim to be considered allowed. To the contrary the plan states in ARTICLE VIII. PROCEDURES FOR RESOLVING DISPUTED CLAIMS. 2. Allowance of Claims "*On or after the Effective Date, the Liquidating Trust shall have and shall retain any and all rights and defenses that the Debtors had with respect to any Claim,* **except with respect to any Claim (i) deemed Allowed as of the Effective Date** *or (ii) waived, relinquished, exculpated, released, compromised,* **settled, or** *Allowed in the Plan or in a Final Order. Except as otherwise provided in the Plan or in any order entered in the Chapter 11 Cases prior to the Effective Date, including* the Confirmation Order, *no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed (a)* under the Plan *or the Bankruptcy Code or (b) by Final Order of the Bankruptcy Court, including* the Confirmation Order.

ARTICLE VIII governs in the event of a dispute and states, "The provisions of this Article VIII shall govern the resolution of Disputed Claims to the extent not otherwise provided for in this Plan or in any other trust agreement."

The plan also states "(a) *As soon as practicable following the Effective Date, the Borrower Claims Trust shall make a Borrower Claims Payment to each holder of a Borrower Claim that is Allowed as of the Effective Date.*" (b) Each holder of a Borrower Claim that was not Allowed as of the Effective Date and that is subsequently Allowed, in whole or in part, shall receive from the Disputed Claims Reserve a Borrower Claims Payment in respect of such Claim following the date such Claim becomes Allowed. Such Borrower Claims Payments shall be made at such time and from time to time as determined by the Trust Committee, provided that a Borrower Claims Payment shall be made no later than ninety (90) days following date on which the respective Borrower Claim becomes Allowed."

The definition and interpretation of an "allowed" claim is an issue because the Judge seeks to assign my claim to a new status not addressed in the plan of "Not allowed but not Disputed".

The time frame for payment of allowed claims is an issue because as mentioned above the plan calls for payment on the effective date or as soon as practicable thereafter but the Judge argues on behalf of Debtors that even allowed claims are subject to a 270 day

objection deadline. This assertion contradicts Article VIII – 2 of the plan which prevents allowed claims from being objected to after the December 17th, 2013 confirmation date. Article VIII is therfore an issue.

The Judge ignores the fact that Debtors purportedly transferred my Deed of Trust to US Bank on March 25, 2013 for valuable consideration and that this transfer was apparently not reported to or approved by the Bankruptcy Court and is apparently an example of on going fraud and continued fabrication of documents. This is also an issue.

My Appeal has merit due to the above mentioned reasons and my damages are on going while Debtors refuse to settle the claim as agreed.

Sincerely,

Francine Silver

# PROOF OF SERVICE
## Case No. 12-12020 (MG) In re Residential Capital, LLC et al.

**Delivery by U.S. Mail**: Proof of Service by Mail.

I, Marcus Silver, declare that I am over the age of eighteen years and not a party to the action. My address is 8613 Franklin Avenue, Los Angeles, CA 90069.

On April 23, 2014, I served conforming copies of the Notice of Appeal for Claim # 61 by placing a true copy in the United States mail enclosed in a sealed envelope with postage fully prepaid, addressed to as follows:

**United States Bankruptcy Court**
Honorable Judge Martin Glenn
Southern District of New York
One Bowling Green
New York, NY 10004

**Counsel to the Debtors**
Gary S. Lee
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

**UNITED STATES COURT OF APPEALS FOR SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, NY 10007

*PRO SE* OFFICE
**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 23, 2014 in Los Angeles, California.

_____                    MARCUS SILVER
Signature                                                                          Type or Print Name