

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | § |
| | §   **Chapter 11** |
| **RESIDENTIAL CAPTIAL, L.L.C, et al.,** | § |
| | §   **Case No. 12-12020(MG)** |
| | § |
| Debtors. | §   **Jointly Administered** |
| | § |
| | § |

## RESPONSE OF CLAIMANT GREGORY C. MORSE TO THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOFS OF CLAIM FILLED BY GREGORY C. MORSE PURSANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007

Claimant and Creditor Gregory C. Morse, NameID #10987575, submits this Response to the objection of the ResCap Borrower Claims Trust to his unsecured claims that were filed and registered as received on November 16, 2012. Claimant and Creditor Gregory C. Morse filed Claim Number 5680 against GMAC Mortgage, L.L.C. in Case Number 12-12032. In addition, Claimant and Creditor Gregory C. Morse filed Claim Number 5682 against Homecomings Financial, L.L.C. in Case Number 12-12042. These claims were filed after this Court notified me that I had been listed as a creditor by the two debtors, GMAC Mortgage, L.L.C. and Homecomings Financial, L.L.C.

### FACTUAL BACKGROUND

1. On March 29, 2011, after repeated unsuccessful attempts to gain clarity of the property title, the role of GMAC Mortgage, L.L.C., Homecomings Wholesale Funding, Homecomings Financial, L.L.C. and Fannie Mae and the true identity of the lender in the refinancing of the mortgage purchasing the property at 223 High Point Drive, Murphy, Texas, Attorney Roger D.

Sanders of Sanders, O'Hanlon, Motley & Young, notified GMAC Mortgage that it *"...is in apparent and unexplained breach of the agreement(s) with emerged from the March 3, 2008 purported refinancing..."* See Exhibit 312, page 2. Attorney Sanders in the same document demanded that GMAC Mortgage cure the default.

2. In a response dated April 12, 2011, GMAC Mortgage, L.L.C. did not acknowledge in any way the statement of contract breach nor was it forthcoming with the information that had been made in previous several qualified written requests and demand letters.

3. Therefore, on April 26, 2011, Attorney Roger D. Sanders filed a federal complaint on behalf of Gregory Morse in the Eastern Texas Division of the U. S. District Court. This was the beginning of the Federal Complaint against Ally Bank, GMAC Mortgage, L.L.C. Homecomings Financial, L.L.C., MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., Fannie Mae and Commonwealth Land Title Insurance Company. The case is filed on the public record as Gregory c. Morse v. Robert Stanley et al., case number 4:11-CV-230. This was the first legal introduction of the Claimant to Hope Cannon and Brian O'Dell of Bradley Arant Boult Cummings LLP, the Litigation Counsel for the ResCap Borrowers Claims Trust.

4. In case 4:11-CV-230, Attorney Hope Cannon swore before the Court and on the official docket of the case that she accepted service for a corporate *"entity that does not exist."* See Case 4:11-cv-230, Document 22, PageID# 164, first paragraph and see Case 4:11-cv-230, Document 22, PageID# 164, next to the last paragraph. Twice in the Joint Discovery/Case Management Plan, Attorney Cannon answered that Homecomings Wholesale does not exist. Yet, the Claimant's Attorneys never questioned this fact before the Court.

5. Because of the incompetent and negligent pleadings of Claimant's Attorneys, the Magistrate Judge in the case berated the team from Sanders, O'Hanlon, Motley & Young for (1) seeking

civil damages for criminal violations, (2) making only vague references to perceived slights of RESPA and TILA and (3) not showing that there was standing by the Plaintiff to pursue the complaint under Federal Jurisdiction. In his final ruling, the Magistrate Judge remanded the case to State Court even though Fannie Mae is not a Texas resident and there is a diversity issue.

6. As the Plaintiff's law firm walked away from the case and would not speak to Gregory C. Morse, this Claimant had no other recourse than to begin to lean the rules of the Courts and represent himself in Court as a Pro Se litigant.

7. Unaware of the federal diversity issue, this Claimant continued his Federal complaint in Collin County Texas State Superior Court. This is the case which the counsel and the litigation counsel for the ResCap Borrower Claims Trust willfully perjure themselves before this Court and the Eastern Texas United States District Court claiming that it is the first lawsuit from Gregory C. Morse. The state petition was not a new lawsuit; it is the continuation of a lawsuit remanded to State court by U.S. Magistrate Judge Don Bush.

8. The defendants in less than 40 days, the Defendants removed the complaint back to Federal Court based on the diversity residency issue of the non-Texas corporations. The Claimant has always wanted his Complaint heard by a jury trail on the Federal Level. This is the instant case currently under jurisdiction in the Eastern Texas Division of the U. S. District Court. This is case number 4:12-cv-375.

9. The Claimant, Gregory C. Morse, was assigned a NameID of #10987575, and requested by this Bankruptcy Court to complete the B-10 Forms in case 12-12032, *In re GMAC Mortgage, L.L.C.*, and case 12-12042, *In re Homecomings Financial, L.L.C.*

10. Using his best knowledge and belief, this Claimant has truthfully and accurately completed the forms and submitted them with supporting documentation.

11. Because the Federal question as to the type and amount of damages has not been adjudicated by the Courts under the jurisdiction of the 5th Circuit Court of Appeals, and this is a question of individual corporate culpability for actions of the nature of RICO Enterprise activities, federal Peonage laws and numerous State of Texas Statutes and Administrative Codes, the Claimant has assigned 100% of the damages to each of the debtors, Homecomings Financial, L.L.C. and GMAC Mortgage, L.L.C. is submitting the individual claims.

12. Because the District Court would not consider the ruling of the Southern New York State Bankruptcy Court in the case Epstein v. Epstein, S.D.N.Y. 1997, 966 F. Supp. 260, the Claimant is currently seeking an interlocutory appeal before the 5th Circuit Court of Appeals.

13. In Epstein v. Epstein, S.D.N.Y. 1997, 966 F. Supp. 260, the Court concludes " ... Under federal common law, private claim under Racketeer Influenced Organizations Act (RICO) survives the demise of plaintiff or defendant; civil RICO is remedial, rather than punitive .... "

14. As the U.S. Supreme Court has ruled that Corporations are humans, this application of ruling of Epstein v. Epstein applies to Homecomings Financial, L.L.C. and GMAC Mortgage Corporation, L.L.C.

15. Because of many judicial errors by the District Judge, the Magistrate Judges, the Pro Se Case Manager and the Clerk of the District Court, this Claimant has files an Interlocutory Appeal in the 5th Circuit Court of Appeals. This appeal is Case Number 13-41141.

16. The Claimant has filed an appeal before the 5th Circuit Court of Appeals to appear *In Forma Pauperis*. Because of a technical defect, that the no-filing of a form and a personal affidavit detailing the issues to be discussed in the appeal, the *In Forma Pauperis* status has been denied without prejudice pending the correction of the defects in the filing. Yet, the appeal is still in play. The question of the appeal currently awaits the adjudication of the payment of fees.

17. This claimant has recently filed paperwork with the 5th Circuit Court of Appeals through the Eastern Division of the U. S. District Court to alleviate the defects which include the missing form and affidavit so that a proper and just ruling can be made on the In Forma Pauperis status of this claimant before the Appeals Court.

## LEGAL AUTHORITIES FOR DENYING OBJECTIONS TO CLAIMS

18. The objection to the claims of Gregory C. Morse should be denied because they were improperly and inappropriately filed. Federal Rule of Bankruptcy Procedure, Rule Number 3007(c) specifically states that the debtors are not permitted to join multiple claims in a single objection unless ordered by the Court.

19. Each of these claims, numbers 5680 and 5682, were filed independently because of the nature of the claims and the fact that a final adjudication in the Claimant's Federal Complaint has not been rendered.

20. Each of these claims arise out of the both the independent actions and conspiratorial actions of GMAC Mortgage, L.L.C., Homecomings Financial, L.L.C., Ally Bank, Fannie Mae and others in engaging in a generational pre-engineered series of mortgage originating, financing, servicing, willful destruction of public records, irrevocably breaking Chains of Title and violation the civil rights of private citizens with the expressed result of turning this claimant along with millions of others into involuntary indentured servants.

21. This pre-engineered generational control fraud had its earliest generations in the early 1970s. Yet, it did not pickup real momentum until the killing of Glass-Stiegel in 1996.

22. Defendants state that Claimant fails to state a basis for liability against Debtors. See page 7 of Dkt. Num. 6743. Yet, the Claimant has, in his completed B-10 Forms, stated that the basis of

the claims against GMAC Mortgage, L.L.C. and Homecomings Financial, L.L.C. are claims for

Civil Damages due to personal and property damages caused by RICO Fraud Activities effected

by at least two of the debtors and at least two of the Creditors in this bankruptcy action and

several other defendants who are not party to this bankruptcy action.

23. This claimant was made an indentured servant as the Chain of Title to his homestead located

at 233 High Point Drive in Murphy, Texas has been totally and irrevocably destroyed by

independent and conspiratorial actions of several debtors and several creditors involved in this

Chapter 11 Reorganization case.

24. The irrevocably broken Chain of Title is evidenced the mortgage controversy caused by

independent claims of ownership of either the Deed of Trust or the Promissory Note or both.

   A. Since February 29, 2008, Ally Bank f/k/a GMAC Bank has claimed it purchased the

mortgage from Homecomings. See Exhibit 321.

   B. At this current moment in time, the Deed of Trust on public record in Collin County,

Texas and filed on March 14, 2008 states in one section that the lender is Homecomings

Financial, L.L.C. See Exhibit 397.

   C. Mortgage Electronic Registrations Systems, Inc. and MERSCORP, Inc. declare that the

first 7 digits of the Mortgage Identification Number, (MIN) is the Organizational Identification,

(OrgID), of the loan originator. See Exhibit 74 page 7.

   D. In the case of the MIN Number on the March 2008 recorded Deed of Trust,

MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. claim the lender is

Homecomings Wholesale Funding. See Exhibit 397, page 1. See Exhibit 316, page 65.

   E. MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. declare the OrgID

of 10000626 as belonging to Homecomings Wholesale Funding. They both declare the OrgID of

1000474 as assigned to Homecomings Financial, L.L.C. The link to the MERS Member website for homecomings Wholesale Funding is reported on January 27, 2009 as https://www.mersonline.org/mers/mbrsearch/validatembrsearch.jsp?as_mbrsearch=1000626. This link is no longer active. See Exhibit 397, page 1. See Exhibit 316, page 65.

F. Since April 1, 2008, Fannie Mae, a creditor in this bankruptcy action, has claimed that it owns the Promissory Note on the property. See Exhibit 188 and Exhibit 199.

G. On October 12, 2012, while in the midst of a Chapter 11 Reorganization, GMAC Mortgage, L.L.C. fraudulently filed an Assignment of Title, illegally attempting to transfer ownership of the Deed of Trust from Homecomings Financial, L.L.C. to itself. To the best knowledge and belief of this claimant there is no order from the Bankruptcy Trustee in this case authorizing such a disposal and selling of an asset from one debtor to another. See Exhibit 722.

H. Subsequent to the filing of the RICO Fraud Civil claims case in the Eastern Texas U. S. District Court, to the best knowledge and belief of this claimant, it was discovered that RALI Series 2008-QR-1 purchased the Deed of Trust and Promissory Note for inclusion as a "qualified mortgage" in that REMIC sometime between February 29 and May 8, 2008. See Exhibit 719.

I. The inclusion of this mortgage in the RALI Series 2008-QR1 REMIC Trust is potentially securities fraud, corporate income tax fraud and corporate income tax evasion. These allegations can be truthfully made as there is no record of a "true sale" to the REMIC Originator, Credit Suisse, the REMIC Sponsor, the REMIC Depositor and/or the REMIC Trust. These true sales are a requirement of the REMIC Trust Agreement filed with the SEC, and Internal Revenue Service Tax Code 26 USC §860G(a)(3) and Internal Revenue Service Tax Code 26 USC §856. See Exhibit 619.

J. Because of the clouded Title and the irrevocably broken Chain of Title, the mortgage on 223 High Point Drive, Murphy, Texas is determined to be an non-qualified mortgage under Internal Revenue Service Tax Code 26 USC §860G(a)(3) and Internal Revenue Service Tax Code 26 USC §856.

K. Because of the standard operating procedure of Ally Bank purchasing mortgages from Homecomings Financial, L.L.C. without recording the assignment of the Deed of Trust in accordance with Texas Local Government Code §192.007, the Chain of title is broken under Texas statutes. Because of the high percentage of Texas mortgages in the underlying certificates of the RALI Series 2008-QR1 REMIC Trust, the de minimis rule for failure expounded in 26 USC §856 has been exceeded causing the Trust Certificates sold to be fraudulent as the Trust is a no longer a valid income tax exempt shelter. See Exhibit 257.

L. With the clouded titles to a significant number of mortgages, the selling of the fraudulent REMIC Trust Certificates is most assuredly securities fraud. See Chapter 2A and Chapter 2B of Title 15 of the United States Code.

25. The evidence that the Chain of Title is irrevocably broken is the simultaneous claims that (a) Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. declare that the lender is Homecomings Wholesale Funding,

(b) Homecomings Financial, Inc. declares itself to be the lender,

(c) Ally Bank f/k/a as GMAC Bank declares it owns the mortgage,

(d) Fannie Mae declares it in an investor in the Promissory Note,

(e) GMAC Mortgage, L.L.C. declares it owns the mortgage,

(f) RALI Series 2008-QR1 through several independent indices declares it owns the Deed of Trust and Promissory Note,

(g) there is a non-negotiable Promissory Note endorsed in blank that is non-negotiable under Chapter 3 of the Business and Commerce Codes of the State of Texas being circulated in official correspondence by several of the Defendants the Claimant's Federal lawsuit,

(h) illegal Release of Lien filed March 13, 2008 by DOCX in Collin County, Texas,

(i) DOCX admitted in Federal Court in Florida that the mortgage documents it generated from 2005 until October 2009 are fraudulent,

(j) illegal Release of Lien filed March 24, 2008 by Homecomings Financial, L.L.C. as GreenPoint Mortgage Funding, Inc. was the lender of the 2005 second lien, and Homecomings Financial, L.L.C. is not a title company as required by Texas Property Code §12.017 and

(k) there are no publically filed recordings of "true sales" to any of the entities listed in the RALI Series 2008-QR1 REMIC causing the mortgage at 223 High Point Drive be unacceptable as a qualified mortgage under 26 USC §860G(a)(3). See Exhibit 397, page 1. See Exhibit 321. See Exhibit 188. See Exhibit 722. See Exhibit 719. See Exhibit 302, pages 5 through 7. See Exhibit 396. See Exhibit 631 and Exhibit 632.See Exhibit 398.

26. The Trust Exhibit, ResCap letter to Morse, Dkt. Num. 6743-7 can not be considered as evidence of the mailing of a "Request Letter" to Morse for additional information because of the following reasons:

A. FRE 901(b)(4) gives the Claimant the right to demand that the Court consider authenticating that Dkt. Num. 6743-7 is authentic in nature and needs at a minimum the common law precedent of the "mailbox rule."

B. In numerous decisions, the Appellate Courts have upheld that the moving party in an action before the Federal Courts has the burden of proof above and beyond the "mailbox rule" to

demonstrate that a notice or request has been sent and accordingly received by the party to whom the notice or request was addressed.

C. For example in Vacek v. United States Postal Service, 447 F.3d 1248, the Court has ruled in the case of extra burdens of proof of delivery of a claim, the mailbox rule is not appropriate proof that a claim, notice or request was received.

> "[T]he claim was not received by the agency, as the statute and the regulation require." … "[W]e do not accept appellants' invitation to hold that mailing alone is sufficient to meet the requirement that a claim be presented."

D. The Claim Objection Procedures, Borrower Claims Procedures and Settlement Procedures, ("Procedures") issued by this Court as Dkt. Num. 3294 demonstrates that the Court considering the seriousness of fairness and justice. This Court demanded that the Trust should take all reasonable steps including using email to notify a claimant of a perceived incomplete claim accepted by the Court. The Procedures Order on pages 3 and 4 states the following:

> For those Claims on a final Borrower Claim List that were filed with insufficient or no supporting documentation to determine the amount, priority, or validity of such Claim, the Debtors shall, prior to filing an objection to a Borrower Claim … with notice to the Special Counsel to the Committee, contact the holders of such Claims by mailing a document request letter, (the "**Request Letter**"), to such Borrower …, in an attempt to obtain information regarding the factual and legal basis of the respective asserted Borrower Claim, with those efforts to commence promptly but, in any event, within two (2) weeks after finalizing a Borrower Claim List. Where the Borrower has provided an email address on its Proof(s) of Claim, the Debtors may email the Borrower the Request Letter from their Borrower Claim administration email account (the "**Borrower Claim Account**"), and shall copy the Special Counsel to the Committee on such email.

E. The Trust has submitted to the Court copies of the two independent claims from Claimant Gregory C. Morse. These exhibits labeled as Exhibits 1-A and 1-B were recorded in the Court Records as Dkt. Num. 6743-2 and 6743-3 respectively. In each of these exhibits, the mailing address is plainly visible in two separate places and the email address of the Claimant is

prominently visible in three distinct places on the first page of the Exhibit. Thus, the Trust has in its procession all the necessary contact vectors to insure that a properly addressed and mailed "Request Letter" was received by the Claimant.

F. The "Request Letter," Dkt. Num. 6743-7, does not meet the common law definition of the mailbox rule as it is not properly addressed as a business letter. There is no address nor is a mailing address present.

G. The "Request Letter," Dkt. Num. 6743-7, does not demonstrate any mailing through the United States Mail nor does it demonstrate that it was sent by any acceptable commercial carrier in the United States to the Claimant.

H. As the "Request Letter," Dkt. Num. 6743-7, shows no envelope nor does it show a mailing address, there is no way the Court can credibly interpret this evidence as meeting the test for relevance as defined in Federal Rule for Evidence 401.

I. As FRE Rule 401 applies and this evidence is irrelevant to proving anything was mailed to the Claimant, under FRE 402, Dkt. Num. 6743-7, the "Request Letter," is inadmissible.

J. The Claimant submits with this response to the objection of his claims a jurat affidavit that he has never received either a "Request Letter" or "Request Email" from ResCap, Morrison Foerster, Lauren Graham Delehey or Norman S. Rosenbaum. See Exhibit 721.

K. Because the Claimant has never received either a "Request Letter" or "Request Email," the objection to the Claims of Gregory C. Morse should summarily be denied with prejudice as neither the Defendants nor the ResCap Borrower Claims Trust have fulfilled the Procedures Section (iii) on pages 3 and 4 of Dkt. Num 3294.

27. The Debtors claim in Dkt. Num. 6743 on page 17, paragraph 26 several legal authorities in support of their argument that the Claimant bears the responsibility of establishing a valid claim.

These authorities are supplemented by the fact that the Procedures Order, Section (iii) require the Debtors and the Trust to use due diligence and care to inform the Claimant of their individual questions. The Debtors and the Trust have not complied with this order.

28. The Declaration of Norman S. Rosenbaum should not be considered by the Court as it is hearsay and can be successfully attacked under FRE Rule 806. Attorney Rosenbaum does not give testimony that he witnessed first hand the mailing of a "Request Letter" by his subordinates nor does he testify that he personally reviewed or even saw a copy of the actual document purported to have been sent to the Claimant.

29. Because Attorney Rosenbaum has no first hand knowledge of the Debtors and Special Counsel fully complying with Section (iii) of the Procedures Order concerning the "Request Letter" and the "Request Email," his attestation that the Debtors, ResCap Borrower Claims Trust and/or the Special Counsel must be treated as completely non-credible.

30. In the ResCap Borrower Claims Trust Exhibit 3, entered into the official Court Docket as Dkt. Num. 6743-5, Attorney Lauren Delehey states on page 4 in paragraph 4 that the Claimant entered into a mortgage refinancing agreement on property located at 223 High Point Drive in Plano Texas. This is a false and totally untruthful statement as there is no physical address of 223 High Point Drive in the City of Plano Texas.

31. The property located at 223 High Point Drive has always existed in the City of Murphy, Texas. Thus, Attorney demonstrations her inattention to detail and unfamiliarity with litigation between the Debtors, Creditors and Claimant Gregory Morse. Therefore she begins to destroy her credibility.

32. In the ResCap Borrower Claims Trust Exhibit 3, entered into the official Court Docket as Dkt. Num. 6743-5, Attorney Lauren Delehey states on page 4 in paragraph 4 that MERS is the

nominee of Homecomings Financial, L.L.C. This statement is incorrect as Mortgage Electronic Registration Systems, Inc. declares by the MIN Number on the Deed of Trust that it is the nominee of Homecomings Wholesale Funding not Homecomings Financial, L.L.C.. See Exhibit 74 page 7, Exhibit 397, page 1 and Exhibit 316, page 65.

33. The Washington State Supreme Court unanimously ruled in a certified question from the Western Washington State Division of the U. S. District Court that Mortgage Electronic Registration Systems, Inc. is not a legal beneficiary as it does not have any interest In the Promissory Note. The Court rules that and only an entity that has interest in and owns both the Deed of Trust and Promissory Note may legally transfer the Note and Assign the Deed of Trust. See Exhibit 668, page 3.

34. The Washington State Supreme Court ruled that the agency relationship that Mortgage Electronic Registration System, Inc. has with the loan originator does not survive the Assignment of the Deed of Trust nor does it survive a transfer of the Promissory Note. The Court cites *McCarty v. King County Med. Serv. Corp.*, 26 Wn.2d 660, 175 P.2d 653 (1946). See Exhibit 668, pages 24 and 25.

35. In Case S060281, the Oregon State Supreme Court in ruling on a certified question from the Oregon Division of the U. S. District Court, decided that Mortgage Electronic Registration systems, Inc. is not eligible to serve as a beneficiary. (See Exhibit 669 Page 6 Lines 13 thru 33)

36. In Case S060281, the Oregon State Supreme Court decided that MERS is not allowed to hold and transfer legal title in a Trust Deed. See Exhibit 669 Page 7 Lines 2 thru 12.

37. In McCarthy v BOA et al, The Northern Texas Division of the United States District Court ruled that if the holder of the deed of trust does not own or hold the note, the deed of trust serves no purpose, is impotent, and cannot be a vehicle for depriving the grantor of the deed of trust of ownership of the property described in the deed of trust. The sole purpose of the deed of trust is to

secure payment of the note. If the holder of the deed of trust does not own or hold the note, and there were to be a foreclosure under the deed of trust, there is no assurance that the proceeds of the foreclosure would be used for the purpose intended by the deed of trust, i.e., to be applied as payment of, or on, the note.

38. The Northern Texas Court cites Carpenter v. Longan, 83 U.S. 271, 274 (1872); Baldwin v. State of Mo., 281 U.S. 586, 596 (1930) (Stone, J., concurring); National Live Stock Bank v. First Nat'l Bank, 203 U.S. 296, 306 (1906); Kirby Lumber Co. v. Williams, 230 F.2d 330, 336 (5th Cir. 1956); In re Veal, 450 B.R. 897, 916-17 (B.A.P. 9th Cir. 2011); In re Vargas, 396 B.R. 511, 516 (Bankr. C.D. Cal. 2008); In re Leisure Time Sports. Inc., 194 B.R. 859, 861 (B.A.P. 9th Cir. 1996); and Bellistri v. Ocwen Loan Servicing. L.L.C., 284 S.W.3d 619, 623 (Mo. Ct. App. E.D. 2009) as legal authorities supporting the Order of the Court. See Exhibit 659, pages 6 through 8.

39. Thus with three distinct rulings from separate U. S. District Courts, Attorney Delehey is proven to be in error when she states that Mortgage Electronic Registration Systems, Inc. is the nominee of Homecomings Financial, L.L.C.

40. These three Courts have ruled that Mortgage electronic Registration Systems, Inc. can not be a nominee and beneficiary for the mortgage contract as Mortgage Electronic Registration systems, Inc. has no claim in the Promissory Note.

41. Attorney Delehey commits perjury when she testifies in Dkt. Num. 6743-5 on pages 4 and 5 in paragraph 4 that "Homecomings almost immediately endorsed the Note and assigned the Deed of Trust to GMAC Mortgage, L.L.C."

42. As the blank endorsement on the bottom of the Promissory Note is not dated, the latest that this Promissory Note could have been endorsed is late as July 30, 2009 which is almost 16 months after the closing of the loan on March 3, 2008. See Exhibit 302, page 7.

43. Homecomings Financial, L.L.C. endorsed the Promissory Note in blank. Thus the Note is bearer paper and therefore non-negotiable according to Business and Commerce Code, Chapter 3 and Business and Commerce Code, Chapter 9. See Exhibit 240 and Exhibit 241.

44. GMAC Mortgage, L.L.C. did not file an assignment of the Deed of Trust until October 12, 2012 while they were in the midst of this bankruptcy case. To the best knowledge and belief of the Claimant, these two debtors disposed of assets without any evidence of leave to do so by the Bankruptcy Trustee. This is a violation of 11 USC §548.

45. This assignment of the Deed of Trust occurred four and one half years after Ally Bank declares the it owns the mortgage contract, Fannie Mae declares ownership of the Promissory Note, RALI Series 2008-QR1 declares ownership of the Deed of Trust and Promissory Note and Mortgage Electronic Registration Systems. Inc. and MERSCORP, Inc. declare that the loan originator is Homecomings Wholesale Funding. See Exhibit 397, page 1. See Exhibit 321. See Exhibit 188. See Exhibit 722. See Exhibit 719. See Exhibit 302, pages 5 through 7. See Exhibit 396. See Exhibit 398.

46. Taking four and one half years to record an assignment of the Deed of Trust is a violation of Chapters 11 and 12 of Texas Property Code and Chapter 197 of the Texas Local Government Code which requires prompt recording of Deed of Trust Assignments if the original Deed of Trust transaction is recorded at the County Recorder's Office.

47. Attorney Delehey does not in Dkt. Num. 6743-5 on page 5 in paragraph 5, state that Attorney Roger Sanders on behalf of the Claimant notified GMAC Mortgage in March, 2011 of its breach of contract and default. Thus, this attorney wishes to give the Court the impression that the Claimant is only in Federal Court because he is in default of his mortgage. See Exhibit 312.

48. Delehey, although swearing under penalty of perjury, in a lie by omission that in the first lawsuit, the court declined jurisdiction over Morse's state claims. See footnote 3 on page 4 of

Dkt. Num. 6743-5. This statement is false as the state claims were considered ripe by the court. The Court erred in ignoring the diversity issue and mistakenly remanded the case to State Court.

49. In Dkt. Num. 6743-5 on page 5, paragraph 6, Attorney fails to mention that the second lawsuit was the result of the state claims being remanded to State Court by the Eastern Texas Division of the U. S. District Court. See Dkt. Num 31, PageID #202 in case 4:11-cv-230. See Exhibit 720.

50. Attorney Delehey commits perjury when she states in Dkt. Num. 6743-5 on page 5, paragraph 6 that Exhibit 6 is the Original Complaint filed in the Eastern Texas Division of U.S. District Court Case 4:12-CV-375. This is document 1-4, a copy of the state complaint, filed by the Debtors and non-debtor Defendants in their Removal Action of the Case from State court back to Federal Court.

51. Attorney Delehey again demonstrates her unfamiliarity with the Debtors' litigation matters concerning the Claimant, Gregory C. Morse. Contrary to Attorney Delehey's statement in Dkt. Num. 6743-5 on page 5, paragraph 6 that Claimant filed an Amended Original Complaint on August 20, 2012. The renaming of the Claimant's Original Complaint by the Clerk of the Court Office is one of the judicial errors currently on interlocutory appeal before the U. S. 5th Circuit Court of Appeals.

52. Delehey swears under penalty of perjury that Claimant filed an "Original Complaint" on May 18, 2012 and infers that this was the original complaint filed by the Claimant when the action was removed by Defendants in the state Court action to Federal Court. See Paragraph 7 on page 4 of Dkt. Num. 6743-5. This is incorrect as the District Court made numerous reversible judicial errors in entering pleading on Claimant's behalf before Claimant was aware of the Federal

Lawsuit, 4:12-CV-375. Claimant was not aware of Federal lawsuit until after receiving Dkt. Num. 10, Case 4:12-cv-375 by certified mail from Magistrate Judge Mazzant.

53. Attorney Delehey again demonstrates her unfamiliarity with the Debtors' litigation matters concerning the Claimant, Gregory C. Morse. Contrary to the Attorney's statement in Dkt. Num. 6743-5 on pages 6 through 8, paragraphs 9 and 10, it is obvious that she is unfamiliar with disputes over intermediate rulings by Magistrate and District Judges. The Federal Rules of Civil Procedure accord the non-prevailing party objection by interlocutory appeal to the U. S. Court of Appeals, FRCP Rule 60, Request for a Relief from an Order, FRCP Rule 59, New Trial; Altering or Amending a Judgment, and FRCP Rule 12(b), the ability to dismiss without prejudice a lawsuit based on a failure to state a claim.

54. The Claimant has chosen to pursue an interlocutory appeal to the 5th Circuit Court of Appeals based on numerous reversible judicial errors made by the U.S. District Court.

55. Attorney Delehey attempts to demonstrate to this Court that the 5th Circuit Court of Appeals has denied the Claimant's Appeal. Only the Claimant's claim for In Forma Pauperis has been denied without prejudice pending the Claimant submitting a form and an Affidavit stating the reasons for Appeal.

56. Delehey swears under penalty of perjury that Morse claims that there was no lender at closing and no entity had a right to transfer an interest to Fannie Mae. See Paragraph 7 on Page 5 of Dkt. Num. 6743-5. The claimant has always declared that there was an unnamed Table Funder at closing.

57. Delehey swears that the Debtors and the Trust have determined that no liability to Claimant exists against the Debtors or the Trust. See Paragraph 12 on Page 8 of Dkt. Num. 6743-5. This Claimant refutes this finding as the Federal Complaint in the Eastern Texas Division of Texas is

still in play. Because of numerous reversible judicial errors in the district Court, this Claimant has been unable to present his before the Court.

58. One of the reversible errors has been the inflexibility of the District Court to equitable Bell Atlantic v. Twombly, Ashcroft v. Iqbal and Baker v. Putnal which allows the Court to apply a less stringent standard to Pro Se pleadings. Another one of the reversible judicial error is the non-application of Platsky v. C.I.A. 953 F.2d. 25 which states that the Court errs if the Court dismisses the Pro Se Litigant without instruction of how pleading are deficient and how to repair the pleadings.

59. Morse submitted to the Court evidence of his standing for DTPA claims as he purchased a good, the Lender's Title Policy which is considered a good and service under Texas state statutes and Texas Administrative Codes. This is another example of a reversible judicial error committed by the Eastern Texas District Court.

## Inadequate Claims Review, Non-Compliance with Procedures Order and Bankruptcy Rule Violations

60. Claimant states that the Debtors did not perform a complete review of the individual claims of Gregory C. Morse. As there were questions concerning each of these two independent claims, each Debtor and the Special Counsel are required by Section (iii) of the Procedures Order to use due diligence and care to inform the Claimant of their individual questions.

61. The Debtors have not complied with Section (iii) of the Procedures Order to contact the Claimant on each of these two claims by "Request Letter" or by "Request Email."

63. Neither the Debtors, the ResCap Borrower Claims Trust, the Chief Litigation Counsel, Litigation Counsel for the ResCap Borrower Claims Trust nor the Counsel for the ResCap

Borrower Claims Trust have used due diligence and care to inform the Claimant of their individual questions. Therefore, all of the aforementioned named entities are not in compliance with the Procedures Order.

64. In Dkt Num 6743, page 17, pages 17 and 18, paragraph 27, the Debtors' Attorneys plead that in the absence of overruling federal law, validity is to be determined by applicable state law. Yet, the Debtors' attorneys and the District Court have consistently failed to heed Epstein v. Epstein, S.D.N.Y. 1997, 966 F. Supp. 260, in the case of the claims for Civil damages due to RICO Activities, plus the fact that the Texas District Court erred when it ruled that Morse had no claims under Texas Deceptive Trade Practices Statutes.

65. Debtors' Attorneys claim in Dkt. Num 6743 paragraph 28 that Bankruptcy Claims can be dismissed based on the importation of the Federal Rules of Civil Procedures. The Claimant agrees and asserts that the importation of the Rules of Civil Procedure can be used to substantiate the validity of a claim.

66. In Dkt. Num. 6743-15, page 2, U.S. Magistrate Judge Don Bush states that the federal complaint before the Eastern Texas District Court has no final judgment. As such, the Debtors can not truthfully state that the Federal Complaint the Debtors and Ally Bank is over and no claims exist.

67. To the best knowledge and belief, Bradley has not notified either the Southern New York state Division of the U.S. Bankruptcy Court nor the Eastern Texas Division nor the 5th Circuit Court of Appeals of the seeming conflicts of interest in Cases 12-12020 Jointly Administered and Case 4:12-cv-375 and related Case 4-11-CV-230 by Attorneys Hope Cannon and Brian O'Dell.

68. To the best knowledge and belief of the Claimant, in direct violation of Federal Rules of Bankruptcy Procedure 2016(c), Bradley has not notified neither the Bankruptcy Court nor the U.S. District Court nor the Court of Appeals that attorneys in the Birmingham Alabama office of

Bradley are and have been receiving compensation from GMAC Mortgage, L.L.C. for representation of two creditors, Ally Bank and Fannie Mae, and at least two of the debtors, GMAC Mortgage, L.L.C. and Homecomings Financial, L.L.C.) in both Bankruptcy Court and the Eastern District of Texas. According to records in the Eastern Texas District Court and the 5th Circuit Court of Appeals, the following Bradley Attorneys are involved in the Morse lawsuit: (a) Hope T. Cannon, (b) D. Brian O'Dell, (c) Preston H. Neel, (d) Graham W. Gerhardt and (e) Richard Aaron Chastain.

69. the last two paragraphs were added to give this Court notice how lawyers from the Birmingham office of Bradley Arant Boult Cummings LLP play foot loose and fancy free with the rules of the Court on all levels of the Federal judiciary.

### Conclusion

31. Wherefore, as the Debtors, the ResCap Borrower Claims Trust and their assorted attorneys have not complied with, nor have they demonstrated their compliance with the Procedures Order Section (iii) in particular, this Claimant requests that the court Deny the Opposition of the Debtors and ResCap Borrower Claims Trust to the two independent claims of Gregory C. Morse.

Respectfully submitted,

Gregory C. Morse
Claimant and Creditor NameID # 10987575

# Certificate of Service

I hereby certify that on the 23rd day of April, 2014, I served a copy of the foregoing with the Clerk of the Court and by United States Mail, Certified Return Receipt Requested prepaid and addressed to the following:

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Attention: Gary S. Lee, Norman S. Rosenbaum and Adam A. Lewis

Bradley Arant Boult Cummings LLP,
1819 Fifth Avenue North
Birmingham, AL 35202
Attention: Hope T. Cannon and D. Brian O'Dell

Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, NY 10014
Attention: Linda A. Riffkin and Brian S. Masumoto

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW,
Washington, DC 20530-0001
Attention: US Attorney General, Eric H. Holder, Jr.

Office of the New York State Attorney General
The Capitol
Albany, NY 12224-0341
Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.

Office of the U.S. Attorney for the Southern District of New York
One St. Andrews Plaza
New York, NY 10007
Attention: Joseph N. Cordaro, Esq.

Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022
Attention: Richard M. Cieri and Ray Schrock

## Certificate of Service (cont'd)

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attention: Kenneth Eckstein and Douglas Mannal

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Attention: Jennifer C. DeMarco and Adam Lesman

Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
Attention: Thomas Walper and Seth Goldman

Internal Revenue Service
2970 Market Street, Mail
Stop 5-Q30.133
Philadelphia, PA 19104-5016

Securities and Exchange Commission
New York Regional Office
3 World Financial Center
Suite 400
New York, NY 10281-1022
Attention: George S. Canellos, Regional Director

Gregory C. Morse
*pro se* Claimant