David F. Garber, Esq.  Hearing date/time: <u>May 15, 2014 at 10:00a.m.</u>
Florida Bar No.: 0672386
DAVID F. GARBER, P.A.
700 Eleventh Street South, Suite 202
Naples, Florida 34102
239.774.1400 Telephone
239.774.6687 Facsimile
davidfgarberpa@gmail.com
Attorney for Claimant, Barry Mack

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No.: 12-12020 )MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**<u>CREDITOR BARRY MACK'S RESPONSE TO RESCAP BORROWER CLAIMS
TRUST'S OBJECTION TO PROOF OF CLAIM NO. 386 FILED BY BARRY AND
CHERYL MACK</u>**

1

# TABLE OF CONTENTS

| | |
|---|---|
| **EXHIBIT INDEX** | 3 |
| **TABLE OF AUTHORITIES** | 4 |
| **RESPONSE TO OBJECTION** | |
| Statement of the Facts | 5-10 |
| Analysis | |
| **I.  THE MACK CLAIM IS NOT BARRED BY THE DOCTRINES OF *RES JUDICATA* OR COLLATERAL ESTOPPEL** | 10-16 |
| **II.  THE MACKS' RESPA CLAIM IS NOT BARRED BY THE DOCTRINE OF *RES JUDICATA*, COLLATERAL ESTOPPEL, OR STATUTE OF LIMITATIONS** | 16-18 |
| Conclusion | 18 |
| Relief Requested | 18 |
| Proposed Order | |

# EXHIBIT INDEX

Exhibit A –   GMACM Purged Loan Notes and Transactions – June 30, 2011

Exhibit B –   Complaint to Foreclose Mortgage – August 22, 2009

Exhibit C –   Mack letter to GMAC Mortgage – October 26, 2009

Exhibit D –   Judgment Creditors/Defendants Mack's Memorandum of Law in Opposition to Plaintiff's Motion to Set Aside Final Judgment and for New Trial – April 17, 2012

Exhibit E –   Letter of Eduardo Lichi, M.D. – December 1, 2009

Exhibit F –   Death Certificate of Cheryl M. Mack – October 29, 2013

Exhibit G –   Plaintiff's Motion to Set Aside Final Judgment and Set New Trial – July 14, 2011

Exhibit H –   Interest-Only Period Fixed Rate Note – October 6, 2006

# **TABLE OF AUTHORITIES**

CASES

*Alterra Healthcare Corp. v. Campbell*     13
    78 So.2d 595, 602 (Fla. Dist. Ct. App. 2011)

*Atlantic Cylinder Corp. v. Hetner*     15
    438 So.2d 922  (Fla. Dist. Ct. App. 1993)

*Campbell v. State of Fla.*     10
    906 So.2d 293, 295 (Fla. Dist. Ct. App. 2005)

*Gerardi v. Carlisle*     16
    232 So.2d 36, 43 (Fla. Dist. Ct. App. 1969)

*Holt v. Brown's Repair Serv., Inc.*     10
    780 So.2d 180 (Fla. Dist. Ct. App. 2001)

*Mitchell v. Edge*     15
    598 So.2d 125 (Fla. Dist. Ct. App. 1992)

*O'Keefe v. Orea*     13
    731 So.2d 680, 684 (Fla. Dist. Ct. App. 1998)

*Ridgewood Util. Corp. v. King*     12
    426 So.2d 49, 50 (Fla. Dist. Ct. App. 1983)

*Salit v. Ruden McCloskey, Smith, Schuster & Russell, PA*     11
    742 So.2d 381 (Fla. Dist. Ct. App. 1999)

*State St. Bank and Trust Co. v. Badra*     11
    765 So.2d 251, 253 (Fla. Dist. Ct. App. 2000)

*Thomas v. Hosp. Bd. of Dir. of Lee Cty.*     13
    41 So.3d 246, 256 (Fla. Dist. Ct. App. 2010)

STATUTES

12 U.S.C. §2605(a)     12, 17

12 U.S.C. §2605(e)     13, 17

12. U.S.C. § 2614     17

## RESPONSE TO OBJECTION

COMES NOW Creditor, BARRY MACK, by and through the undersigned counsel, and for response to ResCap Borrower Claims Trust's Objection to Proof of Claim No.: 386 Filed by Barry and Cheryl Mack, would state as follows:

## STATEMENT OF THE FACTS

On April 17, 2009, Barry and Cheryl Mack contacted GMAC Mortgage (hereinafter "GMACM"), to whom they had been making the payments on their loan originally owned by Primary Residential Mortgage, Inc. but transferred to GMACM on October 25, 2006 (MACK Ex. A, Purged Loan Notes and Transactions – 000920). However, the Macks needed to use their savings to make their monthly payments, because they could not make payments on their loan with the income that they received (Social Security and retirement benefits of Barry Mack as a retired Philadelphia police officer). As their savings dwindled, they requested that they be granted some relief from the payments under the government-sponsored HAMP program (MACK Ex. A – 000922). To that end, they filled out an application and made numerous submissions of information requested by GMACM. On April 17, 2009 GMACM categorized their loan as in default (MACK Ex. A – 000920). On August 22, 2009, the Macks were served with a foreclosure suit brought by David Stern as the attorney for Deutsche Bank as trustee for the RALI 2007QS3 Trust (hereinafter "Trustee Deutsche Bank") (MACK Ex. B). Until this incident, Trustee Deutsche Bank was a stranger to the Macks. The Macks contacted GMACM to find out why they were being sued for foreclosure, and were reassured that their loan was not delinquent, there was no foreclosure, and any problem that had arisen would be handled by GMACM (MACK Ex. A –000929). The Macks also employed an attorney (David F. Garber) to

defend against the foreclosure action and to file a counterclaim against Trustee Deutsche Bank which was done (RESCAP Ex. C, Answer and Countercl.).  During September and October of 2009, the Macks continued to contact GMACM frequently by telephone and by letter.  Finally on October 26, 2009, Cheryl Mack wrote GMACM a letter requesting some explanation as to why they were being sued for foreclosure when they knew they had made all the payments on their loan (MACK Ex. C).  Neither GMACM nor Trustee Deutsche Bank, nor the attorney for Trustee Deutsche Bank, David Stern, ever responded to the letter.

On December 9, 2009, David Stern filed a notice of dismissal of the foreclosure lawsuit claiming Trustee Deutsche Bank to be the prevailing party.  Pursuant to Florida law, the foreclosure claim was closed, but the counterclaim filed by the Macks on two counts (count I for RESPA violations by Trustee Deutsche Bank in having failed to inform the Macks of Trustee Deutsche Bank's interest in their loan as required under RESPA laws and count II for slander of title for having filed a lis pendens and maintaining a false foreclosure suit against them) remained (RESCAP Ex. C).  During 2010 and 2011, the attorney for the Macks continued to prosecute the counterclaim which was still pending.  Despite numerous pleadings, requests for discovery, telephone calls and letters, the attorney for Trustee Deutsche Bank did not respond (MACK Ex. D, Mack Mem. of Law, 4-5).  On May 5, 2011, the Court conducted a trial in which evidence was submitted in the form of documentation and witness testimony.  The facts presented at that trial indicated the Macks had never been delinquent on their loan, that Cheryl Mack, depressed and distraught over the foreclosure lawsuit in the fall of 2009 overdosed on alcohol and Ambien (a prescribed sleeping medication).  Although her life was saved, she suffered serious and permanent kidney damage from the overdose in October 2009 (MACK Ex.

E – Letter of Lichi, M.D.). She later passed away on October 25, 2013 at age 61, for which renal failure was a contributing cause (MACK Ex. F – Death Certificate).

Based upon these facts, but before Cheryl Mack's death, the Court entered a judgment against Trustee Deutsche Bank for count II slander of title and damages to the value of real estate in the amount of $296,920.05, and further found in favor of the Macks on the RESPA count for personal injuries and the pain and suffering experienced by Cheryl Mack as a result of the wrongful foreclosure in the amount of $150,000.00. A copy of this judgment was sent by the Florida court not only to David Stern, but also directly to Trustee Deutsche Bank at its headquarters in New York (RESCAP Ex. D, 4).

After the 30-day appeal time had passed, the Macks began collection proceedings on the judgment in June of 2011 and attempted to schedule the deposition of corporate representatives of Trustee Deutsche Bank and GMACM representatives. Only after these collection efforts began did Trustee Deutsche Bank ever respond to the court by filing a motion for relief from the judgment. In it Trustee Deutsche Bank alleged it was unaware of the counterclaim and that their attorney, David Stern, had failed to inform them of any aspect of the Counterclaim, including the judgment which they received directly from the court on May 11, 2011.

No costs were awarded to Trustee Deutsche Bank despite their claim of entitlement on their voluntary dismissal in December 2009. Only the Macks received relief from the court in the form of a money judgment and an award of their costs, including their attorney's fees.

In their motion for relief from the judgment, Trustee Deutsche Bank acknowledged the Macks were never delinquent in their loan and that the foreclosure was wrongful but prayed they be relieved from the effects from the judgment alleging that not only was it equitable they should be released from the judgment because of their attorney's failure to notify them of the conduct of

7

the lawsuit, but further the counts which pled for damages under count I RESPA and Count II slander of title were fatally defective and could not stand as a matter of law and both should be dismissed (MACK Ex. G – Trustee Deutsche Bank's Mot. to Set Aside).  The court, after reviewing the claims of Trustee Deutsche Bank and conducting numerous hearings during which evidence was taken by testimony of witnesses and documents presented by Trustee Deutsche Bank, entered its judgment of February 26, 2013 granting partial relief to Trustee Deutsche Bank in that the RESPA count pleading was found to be fatally defective and therefore was a nullity and no relief could be given to the Macks under the RESPA count (RESCAP Ex. E).  However, the court let stand the relief under slander of title awarding loss of sale proceeds.  In the proceedings, GMACM maintained that it was the servicing agent for Trustee Deutsche Bank and that as the servicing agent they had made the decision to initiate the foreclosure through their attorney in Florida, David Stern, but that nine days after the suit was filed, they notified him to terminate the lawsuit and dismiss it.  GMACM maintained they were unaware that a counterclaim had been filed.  In support of this position, they filed the GMACM activity log (MACK Ex. A) and the Affidavit of Juan Antonio Aguirre (MACK Ex. G, Ex. 1).  The Court, although granting partial relief to Trustee Deutsche Bank, did not grant relief to Trustee Deutsche Bank for the failure of their attorney to keep Trustee Deutsche Bank notified of the conduct of the suit since the court found that Stern was grossly negligent and Trustee Deutsche Bank could not be excused for the conduct of its agent.

In the discovery over Trustee Deutsche Bank's motion for relief from the judgment, numerous documents and witnesses were produced, not only documents and witnesses for Trustee Deutsche Bank, but also documents and witnesses for GMACM.  No findings of fact were ever made by the court on the post-judgment motion for relief, but GMACM consistently

8

maintained it was the servicing agent for this loan which was owned by Trustee Deutsche Bank and GMACM had the responsibility for procuring the attorney and initiating (and dismissing) the lawsuit. In partial support of their position, they produced a copy of the note signed by the Macks (MACK Ex. I), which showed that the ownership of the note was transferred from:

> (1) the original owner (Primary Residential Mortgage, Inc.) to GMAC Bank;
> (2) from GMAC Bank the ownership was transferred to GMAC Mortgage Corporation;
> (3) from GMAC Mortgage Corporation, ownership was transferred to Residential Funding Company, LLC;
> (4) from Residential Funding Company, LLC, the note was transferred to Deutsche Bank Trust Company Americas as Trustee.

Trustee Deutsche Bank and GMACM refused to give any information as to the dates or conditions under which these transfers were made and no discovery regarding these conditions or times was ever produced. However, under the Pooling & Servicing Agreement, the transfer of the Mack loan into the trust of which Deutsche Bank was the trustee, had to be concluded no later than February 27, 2007 (RESCAP Ex. B-1, 6). There was no evidence provided by Trustee Deutsche Bank of the transfer of the mortgage, the price paid, or the conditions of the transfer. However, Trustee Deutsche Bank maintained that they left the servicing rights of this loan with GMAC Mortgage, which was responsible for handling the collection of the payments and for the institution of the foreclosure.

In the documents attached to GMACM's objection to this claim in bankruptcy, they included a copy of the "Client Contract" dated March 6, 2006, defining the relationship between Residential Funding Corporation (GMAC-RFC); and GMAC Mortgage Corporation and Ditech.com (individually and collectively the client) (RESCAP Ex. B-3). Pursuant to paragraph 9 of that Client Contract, the parties defined their relationship between Residential Funding Corporation (party of the first part) and GMACM and Ditech (party of the second part) as that of

a buyer of residential loans on behalf of Residential Funding Corporation, and a seller on behalf of GMAC Mortgage Corporation (and Ditech.com). The contract specifies that GMAC Mortgage Corporation is an independent contractor and GMACM agreed that it would not represent itself as acting as Residential Funding's agent or partner. In recognition of this contract, GMACM sold the Mack loan to Residential Funding Corporation (MACK Ex. I). Residential Funding Corporation then transferred the Mack note to Trustee Deutsche Bank. Under a preceding contract of November 24, 1992 (RESCAP Ex. B-3) GMACM reserved to itself the right to service all loans sold to Residential Funding Corporation (see paragraph 2 therein) while maintaining its independent contractor status (see paragraph 5 therein).

## ANALYSIS

### I. THE MACK CLAIM IS NOT BARRED BY THE DOCTRINES OF *RES JUDICATA* OR COLLATERAL ESTOPPEL.

Res judicata in Florida will only bar a second suit where the following four elements are met: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the person for or against whom the claim is made. *Campbell v. State of Florida,* 906 So.2d 293, 295 (Fla. Dist. Ct. App. 2005). Further, for the doctrine of collateral estoppel to apply, the "parties and issues must be identical, and the particular matter must have been fully litigated and determined in a context resulting in a final decision of a court of competent jurisdiction (citation omitted). The party claiming collateral estoppel bears the burden of showing its applicability with sufficient certainty through the record or extrinsic evidence." *Id.* at 295. See also, *Holt v. Brown's Repair Serv., Inc.*, 780 So.2d 180, 182 (Fla. Dist. Ct. App. 2001) "the parties in the two proceedings must be identical; and the issues must have been actually litigated."

A judgment rendered on any grounds not based upon merits of the action may not be used as a basis for res judicata. "Finally, the doctrine of res judicata will not be invoked where it will work an injustice." *State St. Bank and Trust Co. v. Badra*, 765 So.2d 251, 253 (Fla. Dist. Ct. App. 2000).

### A.     RES JUDICATA

#### i.     Identity of the thing sued for.

Since count I (RESPA) of the Macks' counterclaim against Trustee Deutsche Bank in the foreclosure suit was stricken as a matter of law in post-judgment relief, they did not receive an award of general damages, and did not receive personal injury damages. They only received their economic damages ($296,920.05) under count I (slander of title) which were the loss of sale value due to the foreclosure by Trustee Deutsche Bank and its fair market value, and their attorney's fees in having the foreclosure dismissed in December 2009 ($2,500.00) (RESCAP Ex. D, 3).

The Macks now claim in this bankruptcy proceeding their general and personal injury damages against GMACM which actually was the causative party of their injuries and damages, as well as punitive damages for the deliberate malicious conduct of GMACM in using the Macks' pleas for help under HAMP to declare their loan in default and foreclose even though it was not in default. Under Florida law, only specific damages are awardable for slander of title and are distinct and separate from general damages. *Salit v. Ruden McCloskey, Smith, Schuster & Russell, PA*, 742 So.2d 381, 388 (Fla. Dist. Ct. App. 1999). Therefore, there is no identity between the thing sought in Deutsche Bank v, Mack, and now in the Macks' claim against GMACM.

11

### ii. Identity of the cause of action.

The Macks received a judgment against Trustee Deutsche Bank on May 5, 2011 under two theories of law. The first was a violation of RESPA, a federal statute that governs the manner in which mortgages are to be administered by the mortgage holder. The elements of that cause of action are provided for within the statute: 12 U.S.C. §2605(a), among which the Macks sought a judgment for the failure of Trustee Deutsche Bank to notify them that Trustee Deutsche Bank had acquired the interest in the Macks' loan. The theory was predicated on the fact that the Macks continued to make payments to GMACM during this time and since they were not notified of the transfer of the loan to Trustee Deutsche Bank, they did not make payments to Trustee Deutsche Bank. Trustee Deutsche Bank then alleged that, based on an assignment 'to be recorded' (MACK Ex. B, ¶4) that they had the right to receive the payments and the loan was in default. No assignment was ever produced. This count was stricken from the relief allowed by the trial court based upon its failure to state a cause of action. The second county was for slander of title, which under Florida law requires "proof that a false and malicious statement was made in disparagement of the plaintiff's title to the property in question and caused him/her/it damage." *Ridgewood Util. Corp. v. King*, 426 So.2d 49, 50 (Fla. Dist. Ct. App. 1983). Slander of title in Florida does not authorize personal injury or general damages – only specific (and reasonably specified) economic damages. This cause of action also allows for an award or attorney's fees as to the cost of repairing the slander, but not as to the prosecution of the slander claim.

The Macks do not now base their claim in this court on slander of title. Rather, they base their claim on the following theories of law:

> (A) malicious prosecution, which has the following elements: "(1) an original criminal or civil judicial proceeding against the present plaintiff

12

was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Alterra Healthcare Corp. v. Campbell*, 78 So.2d 595, 602 (Fla. Dist. Ct. App. 2011);

(B) intentional infliction of emotional distress, which has the following elements: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." Additionally, the conduct must be "`so outrageous in character, and so extreme in degree,'" that it is considered "`atrocious and utterly intolerable in a civilized community.'" *Thomas v. Hosp. Bd. of Dir. of Lee Cty.*, 41 So.3d 246, 256 (Fla. Dist. Ct. App. 2010); and,

(C) violation of 12 U.S.C. § 2605(e) "Duty of loan servicer to respond to borrower inquiries".  Even though RESPA was at issue and a judgment was rendered on it on the May 5, 2011 judgment (based upon Trustee Deutsche Bank's failure to notify the Macks of the transfer of interest in their note to Trustee Deutsche Bank (12 U.S.C. § 2605 (e))), it was later stricken by a court as being a nullity in that it was defectively pled. Therefore, no adjudication was made as to a violation of RESPA.  While it may be true that the Macks may be estopped from relitigating any measure of damages relating to the loss of value due to the forced sale of the property while under threat of foreclosure, since that claim was made by a court of competent jurisdiction and a conclusive and final order was made as to the amount (and subsequently satisfied), the Macks might be estopped from reclaiming these damages now simply because there is a new party; and

(D) wrongful death of Cheryl Mack, which cause of action in Florida requires: (1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *O'Keefe v. Orea*, 731 So.2d 680, 684 (Fla. Dist. Ct. App. 1998).

Therefore, the Mack claims against GMACM now made are all under different actions than the action decided on the merits against Trustee Deutsche Bank in Collier County, Florida.

13

### iii. Identity of the persons and parties to the action and identity of the quality or capacity of the person for or against whom the claim is made.

Trustee Deutsche Bank obtained the Mack mortgage from Residential Funding Corporation. While we do not have the documents showing the transfer, Trustee Deutsche Bank must have obtained only that property and those rights which Residential Funding Corporation had to sell. The only evidence of the transfer produced to date was the Mack note showing the transfer from Residential Funding Corporation to Trustee Deutsche Bank. Since Residential Funding Corporation had established a contractual relationship with GMACM and since that relationship is specified in exhibits submitted to this court in support of Debtor's objection to the Macks' claim, where they chose to describe that relationship not as master/servant, but as seller/buyer and with GMACM being an independent contractor ("with respect to servicing by client under the servicer guide.") (RESCAP Ex. B-3, ¶9). GMACM contracted that it would not operate as the agent or partner of Residential Funding Corporation and hence was not the agent or partner of Trustee Deutsche Bank. Presumably this was so that Residential Funding Corporation could insulate itself from any misconduct or liability that GMACM might incur. All of this is specified in the contracts listed under Exhibit B-3 of GMACM's objection to the Macks' claim. The relationship of independent contractor and not as agent was long-standing, dating back at least to November 24, 1992, and continuing at least as recently as March 6, 2006. Since GMACM has refused to identify the date and the documents on which the transfer from Residential Funding Corporation to Trustee Deutsche Bank was effected, nor the conditions under which the transfer was made, we must rely upon the documents that they have chosen to submit, which contractually and specifically deny privity between GMACM, and Residential Funding Corporation, and Trustee Deutsche Bank. Therefore, there being no master-servant

14

relationship between GMACM and Trustee Deutsche Bank, GMACM's claim of res judicata and collateral estoppel must fail on lack of identity of parties. Further there is a distinct difference between the type of liability that Trustee Deutsche Bank incurred, which was vicarious liability, and that of GMACM which was due to its own specific intentional and malicious conduct in pretending to work with the Macks under the government-sponsored HAMP program to provide relief, but instead using that information to wrongfully target the Macks' loan for foreclosure when they found out the Macks' savings were dwindling and that although current on their mortgage, might soon become delinquent.

The nature of the relationship between GMACM and Trustee Deutsche Bank would more closely resemble that of joint tortfeasors than that of master/servant as claimed by GMACM in its Objection. Florida law applies since Collier County, Florida was the situs of the property mortgaged. Pursuant to Florida law:

> "when a person suffers injury as the result of concurrent or consecutive acts of two or more persons, he has a claim against each of them...accordingly a judgment for or against one obligor does not result in merger or bar the claim that the injured party may have against another obligor."

See *Mitchell v. Edge*, 598 So.2d 125 (Fla. Dist. Ct. App. 1992) where the court was discussing res judicata and collateral estoppel law relating to cases cited by GMACM in its objection (*Atlantic Cylinder Corp. v. Hetner,* 438 So.2d 922 (Fla. Dist. Ct. App. 1993)) wherein it stated:

> "The result reached in those cases grows out of a concept that where there is a master-servant or principal-agent relationship and where the master or principal's liability derives solely from the acts of the servant or agent, a satisfied judgment for a plaintiff against one will bar an action by the same plaintiff against the other. Those cases also hold citing the 'weight of authority,' that a plaintiff is barred from relitigating his claim against the second of two persons responsible for the wrong to plaintiff where the plaintiff has recovered a collectible judgment against another responsible party. That rule and its application as stated in those cases is contrary to

15

the 'more modern rule' stated in Restatement (Second) of Judgments Secs. 29, 49, 50 (1982)." *Id.* at 127, 128.

The court went on to say:

"When the claimant thus brings consecutive actions against different persons liable for the same harm, the rendition of the judgment in the first action does not terminate the claims against other persons who may be liable for the loss in question." *Id.* at 128.

See also, *Gerardi v. Carlisle*, 232 So.2d 36, 43 (Fla. Dist. Ct. App. 1969), which states:

"[i]t seems clear to us that the doctrines of res judicata and estoppel by judgment do not operate to bar a plaintiff who has recovered a judgment against one tort-feasor from relitigating all issues in a subsequent suit against a joint tort-feasor."

The *Gerardi* case, which arose when the plaintiff, Gerardi, suffered personal injuries as a result of a collision with a vehicle that was owned by Bobby Polk and operated with his knowledge and consent by Elizabeth Carlisle. The plaintiff instigated the action against the owner of the vehicle, Polk, alleging vicarious liability. When the plaintiff received an inadequate judgment against owner Polk, she then sued the driver in a separate action, Elizabeth Carlisle. Carlisle interposed the defense of res judicata in that since Polk having been found vicariously liable for a relatively small amount, the plaintiff was barred by the doctrine of res judicata from suing the actual torfeasor/driver Carlisle. The court recognized that while the owner and driver may have been in privity with one another under the doctrine of respondeat superior, they were not *in pari delicto* and res judicata would not bar the second suit.

## II.    THE MACKS' RESPA CLAIM IS NOT BARRED BY THE DOCTRINE OF *RES JUDICATA*, COLLATERAL ESTOPPEL, OR STATUTE OF LIMITATIONS.

The RESPA claim that the Macks would seek to press against GMACM in this case would stem from GMACM's failure to respond to the October 26, 2009 letter of Cheryl Mack to

16

GMACM (MACK Ex. C) where she prayed for some relief or explanation as to why Trustee Deutsche Bank was suing her for foreclosure and damaging the title to her property and hampering her efforts to sell the property to get out from under a loan that she and her husband would soon be unable to make payments on. Not only was RESPA not adjudicated on the merits, it was also based on a different section of RESPA, 12 U.S.C. § 2605(a). In the counterclaim against Trustee Deutsche Bank the claim was made that Trustee Deutsche Bank failed to notify the Macks that they had acquired an interest in the Macks' loan and the Macks knowing themselves to be current with GMACM might have been in default with Trustee Deutsche Bank because all payments had been made to GMACM, not Trustee Deutsche Bank. This claim with the bankruptcy court now is made under a different section of RESPA 12 U.S.C. 2605(e), which is the requirement that a loan servicer (which GMACM has steadfastly maintained it was) must acknowledge a written response of a qualified written request (MACK Exhibit C) and to make the appropriate corrections in the account of the borrower, respond to the borrower, or provide a written explanation or clarification. Further, GMACM did not comply with the requirement that it protect the Macks' credit during that period. GMACM now claims that even if the RESPA claim were valid and not barred by res judicata, that it would be barred by the statute of limitations. The statute of limitations is found under 12. U.S.C. § 2614 and provides that a claim may be brought in a court of competent jurisdiction within 3 years from a violation of 12 U.S.C. § 2605. The Macks were not notified and had no knowledge of the bankruptcy until March of 2013. If GMACM filed its bankruptcy petition on May 14, 2012, pursuant to the statute of limitations governing their RESPA claim under 12 U.S.C. § 2605, they had until October 26, 2012 (plus 20 days) to file a claim. Since GMACM filed for bankruptcy in May of 2012, that tolled the statute of limitations against the Macks, which tolling continues to

17

the present since the bankruptcy continues to the present. Therefore, a claim under RESPA would not be barred by the passage of time.

## CONCLUSION

Therefore, the Macks claim for personal injuries under the torts enumerated in its claim and its response to RESCAP's Objection are distinctly different from the elements of slander of title awarded to the Macks against Trustee Deutsche Bank in May 2011. The slander of title alleged, litigated and rendered against Trustee Deutsche Bank was different than the torts now alleged against GMACM. GMACM is a distinctly different entity from Trustee Deutsche Bank. Finally in that the nature of the damages sought (economic damages awarded from the slander of title action, but not personal injury, general damages or punitive damages) are different from the Macks' claim now against GMACM as an actual tortfeasor for general damages, including personal injury, pain and suffering, hospitalization, medical attention and care, permanent residual injury to Cheryl Mack for having been hospitalized due to acute anxiety and depression in 2009, and ultimately death caused at least in part by the renal failure she experienced in October 2009, GMACM cannot excuse its outrageous conduct in the prosecution of the Macks' foreclosure based upon the very technical defenses of collateral estoppel and res judicata. To do so would not only not be in accordance with Florida, but would also work an injustice upon the Macks who have not received any compensation for personal injury.

IV.    RELIEF REQUESTED

WHEREFORE, Claimant, BARRY MACK, prays that the Objection be denied and such other relief as this court deems just and proper.

DATED this 29th day of April, 2014.

/s/ David F. Garber
David F. Garber, Esq.
Florida Bar No.: 0672386

DAVID F. GARBER, P.A.
700 Eleventh Street South, Suite 202
Naples, Florida 34102
239.774.1400 Telephone
239.774.6687 Facsimile
davidfgarberpa@gmail.com
