## UNITED STATES DISTRICT COURT-MIDDLE DISTRICT-FORT MYERS DIVISION

| | |
|---|---|
| IN RE:<br>RESIDENTIAL CAPITAL LLC, et al | Chapter 11<br>Case No. 12020- [ALG]<br>and 12-12032<br>[Jointly Administered] |

### NOTICE OF FILING IRS FORM 211 TO THE US GOVT.AND FEDERAL COURT

**COMES NOW** the United States "Intervenor *ex relatione* PATRICK LORNE FARRELL© state sovereign national, of ONE OF the states united **for** America, Private Attorney General, Criminal Investigator and Federal Witness, Christian, Sovereign American and Secured Party Creditor, Ex-Patriated to demand mandatory *judicial* Notice by this honorable Court of a list of former and existing Complaints and documents previously filed and incorporated by reference containing relevant adjudicative facts, and to provide formal written notice to all interested Party(s) of same.

Farrell filed state lawsuit Case no. 07-CA-14942 in the 20th Florida Circuit, against GMAC and others. After about 7 years, counsel for NON-PARTY Wells Fargo Bank N.A. who is Monica Wilson of Bradley-Arant in Charlotte, NC filed an Affidavit of Indebtedness in July 2013, naming another non party MBS "trust" as beneficiary, without any mention of this deceased MBS ever before.

That is what us laymen call Bull shit. Do what you will, hopefully putting this criminal in prison

WITHOUT PREJUDICE-U.C.C.-1-308

Patrick Lorne Farrell-in Propria Persona
Attorney In Fact-Sovereign-Secured Party Creditor
signed "without the united states" and without prejudice/UCC 1-308
UCC-1 Filing # 2007-356-2344-8 [12/22/07]-Wash. St. –DOL
2904 NW14th Terrace-Cape Coral, Florida-[33993-9998]
D.M.S.R. SEC.112.32
Date- APRIL 25,2013

ACCEPTED FOR VALUE & HONOR-EXEMPT FROM LEVY
For my remedy.Release of the Proceeds, Accounts, In the
order[s] to Me in Accordance with Public Policy,HJR-192,
UCC 10-104 & UCC 1-104,UCC 3-419 Exemption I.D. & UCC
Contract Account #375585666 Deposit To U.S. Treasury &
Charge the same to:PATRICK LORNE FARRELL#375585666
VALUE: $100,000,000    DATE: 4-25-14

4-25-14

1

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF _____ | PROOF OF CLAIM |
|---|---|

Name of Debtor: GMAC MORTGAGE LLC
Case Number: 12-12032

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
PATRICK FARRELL

Name and address where notices should be sent:
PATRICK FARRELL
2904 NW 14TH TERRACE
CAPE CORAL, FL. 33993

Telephone number: 239-214-0517     email: p.farrell13@yahoo.com

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:     email:

1. **Amount of Claim as of Date Case Filed:** $ 400,000

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** MORTGAGE FRAUD LAWSUIT + UCC-1 LEINS
(See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 5666

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ UNKNOWN

Annual Interest Rate 4 % ☑ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: QUIET TITLE

Amount of Secured Claim: $ 400,000

Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |

## STIPULATION PURSUANT TO BANKRUPTCY RULE 3006 WITHDRAWING PROOFS OF CLAIM NUMBERS 283, 1696, 4692, AND 6281 FILED BY PATRICK LORNE FARRELL

This stipulation ("Stipulation") is made pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 3006") and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and Patrick Lorne Farrell ("Farrell" and together with the Debtors, the "Parties"), to withdraw the Disputed Farrell Claims (defined below) that were filed in the above-referenced chapter 11 cases (the "Chapter 11 Cases").

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on July 17, 2012, this Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these

1

Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors;

**WHEREAS**, on or about July 16, 2012, Farrell filed a proof of claim designated as Claim No. 283 ("Claim 283"), asserting an unliquidated, secured claim against Debtor GMAC Mortgage, LLC;

**WHEREAS**, on or about October 19, 2012, Farrell filed a proof of claim designated as Claim No. 1353 ("Claim 1353"), asserting a $400,000 secured claim against Debtor GMAC Mortgage, LLC;

**WHEREAS**, on or about October 23, 2012, Farrell filed a proof of claim designated as Claim No. 1696 ("Claim 1696"), asserting an unliquidated, general unsecured claim against Debtor GMAC Mortgage, LLC;

**WHEREAS**, on or about November 13, 2012, Farrell filed a proof of claim designated as Claim No. 4692 ("Claim 4692"), asserting a $400,000 secured claim against Debtor GMAC Mortgage, LLC;

**WHEREAS**, on or about December 3, 2012 Farrell filed a proof of claim designated as Claim No. 6281 ("Claim 6281" together with Claim 283, Claim 1696 and Claim 4692, collectively, the "Disputed Farrell Claims"), asserting an unliquidated, general unsecured claim against Debtor GMAC Mortgage, LLC;

**WHEREAS**, on March 7, 2013, the Debtors filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) for Approval of (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3123] (the "Claims Procedure Motion");

2

**WHEREAS**, on September 20, 2013, the Debtors filed the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [Docket No. 5162] (the "Objection"), asserting that the Disputed Farrell Claims should be disallowed and expunged;

**WHEREAS**, on or about October 8, 2013, Farrell, appearing *pro se*, filed a response to the Objection [Docket No. 5308] (the "Response");

**WHEREAS**, subsequent to the filing of the Objection and the Response, the Parties engaged in negotiations in good faith and at arms' length and agreed to enter into this Stipulation in an effort to amicably resolve the Objection and the Response;

**WHEREAS**, the Debtors have determined that entering into this Stipulation is in the best interest of the Debtors, their estates, the Debtors' creditors, and other parties in interest.

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. This Stipulation is the result of a compromise and shall not be construed as an admission by any of the Debtors or their estates of any liability or wrongdoing.

3. Upon the Parties' entry into this Stipulation, the Disputed Farrell Claims shall be deemed withdrawn and all the allegations, including all supporting documents, asserted in the Disputed Farrell Claims shall be consolidated and asserted in Claim 1353.

4. Claim 1353 shall be the sole surviving claim and reclassified as a general unsecured claim in the amount of $400,000 solely against Debtor GMAC Mortgage, LLC.

NKHAN/1436076.1/062429

5. Nothing herein shall be deemed an allowance of Claim 1353 or a limitation prohibiting of the Debtors or their successors, including the Borrowers Claims Trust Trustee, from objecting to the allowance of Claim 1353 on any basis.

6. The Parties represent and warrant that each has the full power and authority to enter into and perform their respective obligations under this Stipulation. In connection therewith, the undersigned counsel for the Debtors is authorized to enter into this Stipulation on behalf of the Debtors.

7. This Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties regarding the subject matter of this Stipulation.

8. This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

9. This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

10. This Stipulation shall be binding upon the Parties as well as any successor, trustee or receiver appointed in the Chapter 11 Cases. No provision in any plan of liquidation or

reorganization subsequently confirmed in the Chapter 11 Cases shall contain any provisions inconsistent with the terms of this Stipulation.

11. No notice to creditors or other parties in interest, or further approval by the Court is required to effectuate the terms and conditions of this Stipulation.

12. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the terms of this Stipulation.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date set out below.

Dated: November 22, 2013

_____
Norman S. Rosenbaum
Jordan A. Wishnew
Stacy L. Molison
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

Dated: November 22, 2013

_____
Patrick Lorne Farrell
2904 NW 14th Street Terrace
Cape Coral, FL 33993
Telephone: (239) 214-0517

*Acting Pro Se*

[Stamp: ACCEPTED FOR VALUE & HONOR-EXEMPT FROM LEVY For my remedy Release of the Proceeds, Accounts, in the order[s] to site in Accordance with Public Policy HJR-192, UCC 10-104 & UCC 1-104,UCC 3-419 Exemption I.D. & UCC Contract Account #3755##### Deposit To U.S. Treasury & Charge the same to: PATRICK LORNE FARRELL #3755#### VALUE: $100,000,000.00  DATE: 11-22-13]

5