Jacqueline A. Warner, Creditor Claimant for Claim 3502
Mailing and Service Address:
3053 West Craig Road E-155
North Las Vegas 89032
650-520-5596 / email h7890p@yahoo.com

RECEIVED APR 29 2014 U.S. BANKRUPTCY COURT SD DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
In Re:

RESIDENTIAL CAPITOL, LLC, et al

                Debtors.
_____X

Case No. 12-12020 (MG)

Jointly Administered

**AFFIDAVIT**

**OF JACQUELINE A. WARNER'S IN SUPPORT OF CREDITOR'S CLAIM 3502 CLAIMANT'S NON-CONSENT TO OFFER TO CONTRACT IN U.S. BANKRUPTCY JUDGE MARTIN GLENN'S COURT ORDER DATED APRIL 25, 2014 SUSTAINING THE DEBTOR'S OBJECTION TO THE WARNER CLAIM, AND DISALLOWING AND EXPUNGING CLAIM 3502 IS RETURNED NO CONTRACT**
**IN**
**CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY**
**IN SUPPORT OF**
**DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

1. TO ALL CONCERNED the undersigned Affiant, Jacqueline Anne Warner, does solemnly swear, declare and state as follows:

2. Affiant is competent to state the matters set forth herein.

3. Affiant has personal knowledge of the facts stated herein.

4. Those matters of law or not within the personal knowledge of Affiant are based upon information, belief and public record.

5. All the facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

6. Claimant has reserved all Rights.

7. Claimant hereby makes this Affidavit with attached Exhibit 1, incorporated herein that constitutes new evidence in this Claim 3502 or any Amendment thereto. Affiant incorporates the earlier Claimant's Affidavit(s) in support of "OPPOSITION TO DEBTOR'S OMNIBUS REPLY Doc 5454 and all other filings in this matter herein for all purposes.

8. Claimant does not consent to the contract offer of the Honorable Judge MARTIN GLENN'S ORDER dated April 25, 2014 entitled *"MEMORANDUM OPINION AND ORDER SUSTAINING DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIM NO. 3502"" the Court SUSTAINS the Objection to the Warner Claim, and her Claim is disallowed and expunged."* Claimant hereby returns the above entitled document cancelled with the handwritten statement: *"Received on 4-25-2014 and returned on 4-28-2014 "I do not consent to this offer to contract. This order is void and without effect due to this court's and Debtor's acquiescence, silence and acceptance of Claimant's prior Affidavit of non consent to use case law or Claimant's prior bankruptcy to forgo Claimant's absolute 3 Day Right to rescind the loan contract extended to 3 years which Right cannot be affected by case law or the need for lenders approval. This court and the debtor are bound to their default and agreement with the Federal Reserve to the Creditor's/Warner's 3 day Right to rescind which Right can be extended to Three (3) Years upon non-disclosures that were not disputed and to which the subject loan rescission was accepted by Debtor(s) and agent upon Default without defense thereafter, and was/is res*

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN RETURN OF U.S. BANKRUPTCY JUDGE MARTIN GLENN'S COURT ORDER DATED APRIL 25, 2014 VOID WITH NO CONSENT TO OFFER TO CONTRACT IN CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS-BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

1   *judicata. Claimant does not consent to forgo her Right. Claimant reserves all her Rights*
2   *including the Right to seek a Common Law Grand Jury verdict in this Claim or other action. All*
3   *Rights Reserved UCC."* By Jacqueline A. Warner.

4
5   9.  Upon Claimant's personal first hand knowledge, information, belief, and applicable Right and
6       laws the loan recession is *res judicata* due to the Debtor('s) default in non performance under §
7       226.23(d)(1)(2)(3) and for not filing an objection action within the twenty (20) day performance
8       period and therefore forever gave up any claim by default. Claimant reserves the right to closure
9       of the default and does not consent to open it to renegotiation subject to a new agreement and
10      hereby returns the above referenced "order" voided by default, Claimant's Right and res judicata.
11
12  10. Claimant attaches evidence in support of the above Claim and returned "order" with no consent
13      to contract offer attached hereto as Exhibit 1.
14
15  IN WITNESS WHEREOF I hereunto set my hand and seal on this 28th day of April 2014, and hereby
16  certify, swear and affirm under the laws of the United States of America that all the statements made
17  above are true, correct and complete based on my personal knowledge, information and belief.

                                            All Rights Reserved Without Prejudice, Under Reserve U. C. C.
18  Date: 4/28/2014     Affiant: _____ (Seal)
19                                           Jacqueline A. Warner
20  **JURAT**
21  State of Nevada            )
22                             ) ss:
23  County of Clark            )

24  Subscribed and sworn to (or affirmed) before me on this  28  day of  April , 2014, by
    Jacqueline A. Warner                , proved to me on the basis of satisfactory evidence to
25  be the person who appeared before me.

26  Heidi Chun Deal                             (seal)
27  Print / _____  NOTARY Signature

                                                          HEIDI CHUN DEAL
                                                          NOTARY PUBLIC
                                                          STATE OF NEVADA
                                                          My Commission Expires: 08-09-14
                                                          Certificate No: 10-3113-1

AFFIDAVIT OF CREDITOR JACQUELINE ANNE WARNER IN RETURN OF U.S. BANKRUPTCY JUDGE MARTIN
GLENN'S COURT ORDER DATED APRIL 25, 2014 VOID WITH NO CONSENT TO OFFER TO CONTRACT IN
CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS-
BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN

3

# EXHIBIT 1

Docket #6824  Date Filed: 4/25/2014

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## MEMORANDUM OPINION AND ORDER SUSTAINING DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIM NO. 3592

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Jacqueline A. Warner ("Warner") alleges that in June 2009, she rescinded a loan secured by a lien on her home in California. She claims that despite the purported rescission, the Debtors initiated foreclosure proceedings in 2012, forcing Warner to sell her property on her own to avoid foreclosure. After Warner sold the property, Debtor GMAC Mortgage, LLC ("GMACM") took a portion of the sale proceeds, ostensibly to satisfy the outstanding balance on Warner's loan. Warner asserts that this taking was wrongful, that GMACM had no right to the money because the loan had been rescinded, and that GMACM must return the money to her. Warner would be correct if she had indeed rescinded her loan. But in fact, she had not. Warner never obtained acknowledgment of rescission, nor did she obtain a court order entitling her to rescission. Without either of those things, Warner never completed a rescission and never terminated the lien on her property. Indeed, Warner took actions during her individual bankruptcy that contradict her stated belief that she rescinded the loan in June 2009. The Court therefore **SUSTAINS** the objection to her claim.



The Motion and Reply appear to request two different forms of relief that would permit the Laynes to proceed with some action against the Debtors either in this Court or in Oregon state court to strip-off the second mortgage lien. Because neither form of relief is appropriate, the Motion is **DENIED**.

## I.     BACKGROUND

### A.    Procedural History

On May 14, 2012, each of the Debtors filed a voluntary petition for chapter 11 relief. The Court entered a Bar Date Order on August 29, 2012, which established (1) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (2) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). The Court later extended the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) (ECF Doc. # 2093).

On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors* (the "Confirmed Plan," ECF Doc. # 6065). The Confirmed Plan became effective on December 17, 2013. (ECF Doc. # 6137.) The Confirmed Plan includes an injunction providing in part as follows:

> all Entities, including Investors, who have held, hold or may hold Claims, Equity Interests, Causes of Action or liabilities that constitute Released Claims, are permanently enjoined and precluded, from and after the effective date of the Plan, from: (a) commencing or continuing in any manner or action or other proceeding of any kind against any Released

>Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims . . . .

Confirmed Plan, Article IX, ¶ I. Injunction, at 103.

This Plan injunction prevents any creditor holding a prepetition claim against the Debtors that failed to file a timely claim from prosecuting an action against the Debtors (or their successors) to recover on the claim. In addition to the Plan injunction, the automatic stay under section 362(a)(1) (barring "the commencement or continuation . . . of a judicial action or proceeding against the debtor") remains in effect until the case is closed. 11 U.S.C § 362(c)(2)(A).

### A.    The Motion

Although the Laynes did not initiate an adversary proceeding, the Motion is styled as a complaint. In the Motion, the Laynes assert that GMACM both owns and services a second mortgage (the "Loan") secured by the Laynes' home in Hillsboro, Oregon. (Motion at 1, 3.) According to the Laynes, their home is currently valued at approximately $116,908. (*Id.* at 3.) The Laynes also assert that their property is subject to a first priority lien in the amount of $140,800 held by investors of a securitization pool, as well as a second lien in the amount of $35,200 held by GMACM. (*Id.*) The Laynes claim to have no equity in the property, making any GMACM claim against the property wholly unsecured. (*Id.* at 3–4.) Through the Motion, it appears that the Laynes want the junior mortgage lien to be released pursuant to sections 506(a) and 1322 of the Bankruptcy Code. (*See id.* at 4–5.) They ask the Court to issue an order requiring that GMACM (1) classify the Laynes' account as paid in full, (2) release the lien on the Laynes' property, and (3) file a notice of the lien release with the Washington County, Oregon Recorder's Office. (*Id.* at 5.)

3

### B.    The Opposition

The Debtors respond that they hold no interest in the mortgage or associated Loan. (*See* Delehey Decl. ¶ 4.) According to the Debtors, U.S. Bank is the holder of the second lien as trustee for a residential mortgage trust. (*Id.*) Although GMACM once serviced the Laynes' Loan, they transferred those servicing rights to Ocwen on February 15, 2013. (*Id.*)

As for the merits of a lien release, the Debtors assert that section 1322(b) applies only in chapter 13 cases. *See* 11 U.S.C. § 103(i). The Debtor's note that this is a case under chapter 11, and, further, section 1322(b) would only protect a chapter 13 debtor, and of the Laynes is currently a debtor in any bankruptcy proceeding. (*See* Opposition ¶¶ 9, 11–12.; Jan. 30, 2014 Tr. 43:23–25, 44:1) The Debtors note that Mr. Layne was once a chapter 7 debtor in the District of Oregon, and he was granted a discharge in 2011. (*See id.* ¶ 8 n.2.)

### C.    The Reply

In their Reply, the Laynes appear to change the relief they are seeking. They attach a proposed order changing the venue of their complaint to the State of Oregon, Washington County. (Reply at 7.) They also attach a proposed order postponing their action here until the Oregon court has properly identified all holders of interests in the Laynes' property. (*Id.* at 8.) Additionally, the Laynes challenge Lauren Graham Delehey's ability to submit a sworn declaration considering that she did not assist in the execution of the deed of trust or note for the Laynes' property. (*See id.* at 4.) It appears that the Laynes believe that GMACM is involved in some title dispute regarding the Laynes' property,[1] so they ask that GMACM be required to participate in a proceeding to determine the actual "ownership rights per a Chain of Title and Chain of Custody of the Promissory Note(s)." (*Id.* at 6.)

---

[1]    Attached as Exhibit A to their Reply, the Laynes submitted bank statements reflecting payments made to GMACM as servicer. The Laynes may believe that by acting as servicer, GMACM was holding itself out to have an ownership interest in the Laynes' property.

4

### D.  The Sur-reply

The Debtors filed a supplemental response to the Motion, arguing that the Delehey Declaration is sufficient to establish that GMACM holds no interest in the Laynes' property. In-house counsel is generally competent to testify about a company's business records, provided that the attorney understands the record keeping system well enough to explain it in court. *See In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 457 (Bankr. S.D.N.Y. 2007).

## II.  DISCUSSION

Despite the styling of their moving papers as a Complaint, the Laynes seemed to change the nature of their Motion on Reply to request relief from the automatic stay. Regardless of how the Court construes the Motion, it became apparent at the January 30, 2013 hearing on this matter that the Laynes' primary concern is discerning (1) who holds the liens on their home, and (2) why GMACM was collecting on the Loan but now asserts that it has no interest in the Laynes' property.[2] Since the Debtors answered both of those concerns in the Opposition and at the January 30 hearing, the Court need not grant any relief to the Laynes (nor is any relief appropriate).

### A.  Motion to Dismiss

Since the Debtors opposed the Motion, which was styled as a complaint, the Court construes the Opposition as a motion to dismiss. In doing so, the Court will apply a Rule 12(b)(6) analysis since Bankruptcy Rule 7012 makes Rule 12(b)(6) applicable to adversary proceedings. Rule 12(b)(6) allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted

---

[2] Jan. 30, 2014 Tr. 45:23-46:4 ("What I dispute is who's actually making that (sic) case. . . . . I'd been paying GMAC, but in fact, GMAC then says they have no interest in the note or property . . . . [W]ho is the actual lien owed to?") (ECF Doc. # 6409).

5

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts deciding motions to dismiss must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999). The Court must limit its review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Courts may also consider documents not attached to the complaint or incorporated by reference, but "upon which the complaint *solely* relies and which *[are] integral to the complaint.*" *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks omitted; emphasis in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *Grubin v. Rattet (In re Food Mgmt. Grp.)*, 380 B.R. 677, 690 (Bankr. S.D.N.Y.2008) (concluding that a court may consider documents that have "not been incorporated by reference where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint") (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court's objective is not to determine whether the claimant will succeed in her claim, but instead whether the claimant is entitled to support her claim by offering evidence. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010) (citation omitted). Following the Supreme Court's decision in *Ashcroft v. Iqbal*, courts use a two-prong approach when considering a motion to dismiss. *See, e.g., Weston v. Optima Commc'ns Sys., Inc.*, No. 09 Civ. 3732(DC), 2009 WL 3200653, at *2

6

(S.D.N.Y. Oct. 7, 2009) (acknowledging a "two-pronged" approach to deciding motions to dismiss); *S. Ill. Laborers' and Emp'rs Health and Welfare Fund v. Pfizer, Inc.*, No. 08 CV 5175(KMW), 2009 WL 3151807, at *3 (S.D.N.Y. Sept. 30, 2009) (same); *Inst. for Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, No. 08 Civ. 6195 (PKC), 2009 WL 2850230, at *3 (S.D.N.Y. Aug. 28, 2009) (same). First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See Iqbal*, 556 U.S. at 678; *Boykin v. KeyCorp*, 521 F.3d 202, 204 (2d Cir.2008). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Meeting the plausibility standard requires a complaint to plead facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although "complaints drafted by *pro se* plaintiffs are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide

the court and the defendant with" a fair understanding of the conduct at issue and the basis for recovery. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013).

In their opening papers, the Laynes asked for relief that the Court cannot grant—namely, a lien release pursuant to Bankruptcy Code section 1322. First, the Debtors produced evidence that they do not have a lien on the Laynes' property. (*See* Delehey Decl. ¶ 4.) Second, section 1322 relief is only available to a chapter 13 debtor, *see* 11 U.S.C. § 103(i), and neither the Debtors nor the Laynes are chapter 13 debtors. Although the Laynes challenge the ability of Ms. Delehey to submit a declaration regarding a loan she did not originate and assignments she did not execute, their challenge is misplaced. Ms. Delehey need not have participated in those transactions to testify about the Debtors' lack of interest in the Laynes' loan; she is competent to testify about what is reflected in the Debtors' books and records. *See In re Enron* 376 B.R. at 457. Those records reflect that the Debtors have no interest in the Laynes' property.

### B. Relief from the Automatic Stay

In their Reply, the Laynes ask the Court to transfer the action to Oregon state court so GMAC can participate in a proceeding to determine the ownership rights to the Laynes' property. (*See* Reply at 6.) The Laynes filed the Motion before the Court confirmed the Debtors' Plan and before the Plan became effective. Therefore, the automatic stay contained in Bankruptcy Code section 362 was the applicable limitation on Laynes' ability to prosecute any action in Oregon regarding interests in their property. Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition stays

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the

8

commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection*, 474 U.S. 494, 503 (1986). It maintains the status quo and protects the debtor's ability to formulate a plan for the sale or other disposition of property of the estate. COLLIER ON BANKRUPTCY ¶ 362.03 (16th ed. rev. 2013). The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).

The automatic stay is generally "limited to debtors and do[es] not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Assoc. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). The only issue here is whether the stay should be lifted to permit the Laynes to proceed with an action against GMACM is state court in Oregon.

Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not, however, define the phrase "for cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "*Sonnax* Factors"):

9

(1) whether relief would result in a partial or complete resolution of the issues,
(2) the lack of any connection with or interference with the bankruptcy case,
(3) whether the other proceeding involves the debtor as a fiduciary,
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
(5) whether the debtor's insurer has assumed full responsibility for defending the action,
(6) whether the action primarily involves third parties,
(7) whether litigation in another forum would prejudice the interests of other creditors,
(8) whether the judgment claim arising from the other action is subject to equitable subordination,
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
(10) the interests of judicial economy and the expeditious and economical resolution of litigation,
(11) whether the parties are ready for trial in the other proceeding and
(12) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re New York Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)). The moving party bears the initial burden to demonstrate that "cause" exists to lift the stay. *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation omitted).

Here, since the Debtors have produced evidence establishing that they do not hold any lien on the Laynes' property and do not service the loans secured by the property, the Laynes can ascertain the true interest holders without further Debtor involvement. And any action in Oregon would not involve the Debtors as fiduciaries, would not involve a specialized tribunal, and would

not involve an insurer defending the action. It is clear from the record that no relief against GMACM is available or appropriate, and GMACM's presence as a party in any action in Oregon state court is unnecessary to any relief that the Laynes may be entitled to receive. The balance of harms also strongly weighs against granting relief from the automatic stay. Granting relief from the stay would burden the Debtors with the costs associated with defending a lawsuit regarding a property in which the Debtors claim no interest whatsoever.

### C. The Laynes' Underlying Concern

As noted above, at the January 30, 2014 hearing, the Laynes expressed that their primary concern is deciphering who holds the liens on their home, and why GMACM was collecting payments on their Loan but now asserts that it holds no interest in the Laynes' property. (Jan. 30, 2014 Tr. 45:23–46:4.) (ECF Doc. # 6409). The Debtors produced evidence establishing that before February 15, 2013, GMACM acted as servicer of the Loan. (Delehey Decl. ¶ 4.) The owner of the Loan was U.S. Bank, National Association serving as trustee of the SACO I2006-9 residential mortgage trust. (*Id.*) On February 15, 2013, GMACM transferred servicing for the Loan to Ocwen. (*Id.*) Thus, GMACM was acting as the servicer of the Loan, but was not the actual lienholder. When the Laynes received statements from GMACM, those were statements from the servicer, not from a party holding itself out as the owner of the Loan

### III. CONCLUSION

Based on the evidence in the record, the Court concludes that the Debtors have no interest in the Laynes' property, and the Laynes are not entitled to any relief from the Debtors. If the Laynes wish to ascertain the owners of the liens on their property, they may do so without involving any of the Debtors.

11

Whether the Motion is construed as a complaint or as a motion for relief from the automatic stay, it is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: February 10, 2014
       New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

| | |
|---|---|
| 1 | Jacqueline A. Warner, Creditor Claimant for Claim 3502 |
| 2 | Mailing and Service Address: |
|   | 3053 West Craig Road E-155 |
| 3 | North Las Vegas 89032 |
| 4 | 650-520-5596 / email: h7890p@yahoo.com |

RECEIVED APR 29 2014 U.S. BANKRUPTCY COURT S.D. OF NEW YORK

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

In Re:                                    Case No. 12-12020

RESIDENTIAL CAPITOL, LLC, et al            Jointly Administered

Debtors.
_____X

### PROOF OF SERVICE
of
### AFFIDAVIT
**OF JACQUELINE A. WARNER AND EXHIBIT IN SUPPORT OF CREDITOR'S CLAIM 3502, CLAIMANT'S NON-CONSENT TO OFFER TO CONTRACT IN U.S. BANKRUPTCY JUDGE MARTIN GLENN'S COURT ORDER DATED APRIL 25, 2014 SUSTAINING THE DEBTOR'S OBJECTION TO THE WRNER CLAIM, AND DISALLOWING AND EXPUNGING CLAIM 3502 IS RETURNED NO CONTRACT**
IN
**CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY**
**IN SUPPORT OF**
**DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DEDCLARATORY JUDGMENT AND WRIT OF REPLEVIN**

1. At the time of service I was over eighteen (18) years of age and not a party to this action.

2. My residence or business address is: _7345 S Durango Dr. LV NV 89113_

3. On April 28, 2014, I served the following document by United States Mail, FedEx or other

PROOF OF SERVICE OF AFFIDAVIT OF CREDITOR JACQUELINE A. WARNER, CLAIM 3502, IN RETURN OF U.S. BANKRUPTCY JUDGE MARTIN GLENN'S COURT ORDER DATED APRIL 25, 2014 VOID WITH NO CONSENT TO OFFER TO CONTRACT IN CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S FIFTHIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS-BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT and WRIT OF REPLEVIN

1

27 28 courier; I enclosed the documents in a sealed envelope or package addressed to the persons in 4 and 5 by depositing the sealed envelope or package with the above service, with the postage fully prepaid.

## DOCUMENT

UNITED STATES BANKRUPTCY COURT          Case No. 12-12020 (MG)
SOUTHERN DISTRICT OF NEW YORK

**Document 1.**
**AFFIDAVIT OF JACQUELINE A. WARNER AND EXHIBIT, IN SUPPORT OF CREDITOR'S CLAIM 3502 CLAIMANT'S NON-CONSENT TO OFFER TO CONTRACT IN U.S. BANKRUPTCY JUDGE MARTIN GLENN'S COURT ORDER DATED APRIL 25, 2014 SUSTAINING THE DEBTOR'S OBJECTION TO THE WARNER CLAIM AND DISALLOWING AND EXPEUNGING CLAIM 3502 IS RETURNED NO CONTRACT IN**
**CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTORS FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER'S CLAIMS- BOOKS AND RECORDS) and CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT AND WRIT OF REPLEVIN**

**COURT**                                Tracking No. 801785546951
4.  Clerk of the Court
    U.S. BANKRUPTCY COURT, Office of Honorable Martin Glenn
    Southern District of New York
    One Bowling Green
    New York, New York  10004

5.  Business or residence address where the person or persons were served
                                         Tracking No. 801785546962
    Norman S. Rosenbaum
    Jordan A. Wishnew
    MORRISON & FOERSTER LLP
    250 West 55th Street
    New York, New York  10019-9710

[RECEIVED APR 29 2014 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK]

I declare under the penalty of perjury that the foregoing is true and correct on this 28th day of April 2014,
Declarant: _____ (seal)

PROOF OF SERVICE OF AFFIDAVIT OF CREDITOR JACQUELINE A. WARNER, CLAIM 3502, IN RETURN OF U.S. BANKRUPTCY JUDGE MARTIN GLENN'S COURT ORDER DATED APRIL 25, 2014 VOID WITH NO CONSENT TO OFFER TO CONTRACT IN CLAIMANT'S OPPOSITION TO DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN SUPPORT OF DEBTOR'S FIFTHIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER'S CLAIMS-BOOKS AND RECORDS) AND CLAIMANT'S REQUEST FOR DECLARATORY JUDGMENT and WRIT OF REPLEVIN