**Hearing Date and Time: June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------- | ) | |

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS**
**CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)**

    **PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*

*Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative*

*Claims)* (the "<u>Objection</u>"), which seeks to alter your rights by disallowing your claim

against the above-captioned Debtors.

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable

Martin Glenn, at the United States Bankruptcy Court for the Southern District of New

York, Alexander Hamilton Custom House, One Bowling Green, New York, New York

10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

Dated: April 30, 2014
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Liquidating Trust*

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------- ) | | |

**THE RESCAP LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS CLAIMS**
**<u>OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER <u>EXHIBIT A</u>, <u>EXHIBIT B</u>, <u>EXHIBIT C</u> OR <u>EXHIBIT D</u> ATTACHED TO
THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to terms of the Plan (defined below) confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

### **RELIEF REQUESTED**

1.      The Liquidating Trust files this sixty-third omnibus claims objection (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Article II.A of the Plan and the Confirmation Order (defined below), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, disallowing and expunging the purported administrative claims listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D annexed to the Proposed Order.[1]  In support of this Objection, the Liquidating Trust submits the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection* (the "Horst Declaration"), annexed hereto as Exhibit 1-A and the *Declaration of P. Joseph Morrow IV in Support of The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection* (the "Morrow Declaration"), annexed hereto as Exhibit 1-B.

2.      Several of the claimants that are parties to this Objection did not expressly designate their requests as seeking the allowance of administrative claims. Nonetheless, such claims appeared to have been filed in response to the claimants' receipt of

---

[1]     Claims listed on Exhibit A, Exhibit B, Exhibit C and Exhibit D are reflected in the same manner as they appear on the Claims Register (defined herein) maintained by KCC.

the Administrative Claim Bar Date Notice, and as a result, out of an abundance of caution, the Liquidating Trust treats these claims as purported administrative claims.

3.　　　　The vast majority of these purported claim submissions should be expunged for the claimants' failure to comply with the procedures specified in the Confirmation Order for filing requests for payment of administrative claims.  Specifically, these procedures, among other things, require that the request for allowance of an administrative claim be filed with the Court, not with the Debtors' claims agent.[2]  The failure of these claimants to comply with an order of this Court, in and of itself, warrants the disallowance and expungement of their purported administrative claims.

4.　　　　The Liquidating Trust examined the proofs of claim identified on Exhibit A to the Proposed Order and determined that each of the proofs of claim listed thereon (collectively, the "Prepetition Claims") assert purported administrative claims that are duplicative of claims that were filed as prepetition claims by the same claimant, many of which have already been disallowed and expunged by orders of this Court.  Accordingly, the Liquidating Trust requests that the Prepetition Claims be disallowed and expunged in their entirety.

5.　　　　The Liquidating Trust also examined the proofs of claim identified on Exhibit B to the Proposed Order (collectively, the "Late-Filed Claims") and determined that such claims violate the procedures and deadline for filing administrative claims in the Chapter 11 Cases.  Specifically, the Late-Filed Claims violate Article II.A of the Plan, as approved by

---

[2]　　　Only the following holders of purported administrative claims filed their requests for payment on the docket in these Chapter 11 Cases: (i) Sean Booker and Alice McKenzie for payment on account of Claim Nos. 7410 and 7414 [Docket No. 6255]; and (ii) Norma E. Rodriguez for payment on account of Claim No. 7450 [Docket No. 6809].  The Liquidating Trust seeks to expunge these claims, as set forth on Exhibit A and Exhibit D, respectively, annexed to the Proposed Order.

ny-1138884

the Confirmation Order (defined herein), which states that a holder of an administrative claim must file with the Court and serve on the Liquidating Trust on or before the Administrative Claim Bar Date (as defined below) requests for payment of administrative claims not already allowed, or be forever barred, estopped, and enjoined from asserting such a Claim against the Debtors.  See Plan, Art. II.A.  Each of the Late-Filed Claims was filed (or delivered to the Debtors' claims agent) after the Administrative Claim Bar Date and must be disallowed and expunged in their entirety.  Further, with one exception,[3] these claimants fail to proffer any excuse as to why they should not be bound by the specific deadline set forth in the Confirmation Order.

6.    The Liquidating Trust also examined the proofs of claim identified on Exhibit C to the Proposed Order (collectively, the "Late-Filed Prepetition Claims") and determined that the Late-Filed Prepetition Claims are both (i) duplicative of prepetition claims filed by the same claimant and (ii) were filed (or delivered to the Debtors' claims agent) after the Administrative Claim Bar Date.  Therefore, because such claims were both untimely filed and duplicative of previously-filed claims that allegedly arose prepetition, the Liquidating Trust requests that the Late-Filed Prepetition Claims be disallowed and expunged in their entirety.

7.    The Liquidating Trust also examined the proofs of claim identified on Exhibit D annexed to the Proposed Order (collectively, the "No Basis Claims") and determined that the No Basis Claims are neither liabilities of the Debtors, nor do any of these asserted

---

[3]    As discussed in more detail under the heading "*Reason for Disallowance*" on Exhibit B annexed to the Proposed Order, Norma E. Rodriguez submitted a declaration in support of her purported timely filing of her request for payment on her purported administrative claim.  The Liquidating Trust does not find Ms. Rodriguez's arguments to have merit, and contests, along with the merits, the timeliness of her purported administrative claim.  See Horst Declaration ¶ 7 n.2.

claims have a basis as an administrative claim pursuant to section 503 of the Bankruptcy Code. Therefore, the Liquidating Trust requests that the No Basis Claims be disallowed and expunged in their entirety.

8.      The proofs of claim identified on Exhibit A, Exhibit B, Exhibit C and Exhibit D annexed to the Proposed Order solely relate to claims filed by current or former borrowers (each an "Administrative Borrower Claim" and collectively, the "Administrative Borrower Claims"). As used herein, the term "Borrower" means an individual whose current or former mortgage loan was originated, serviced, sold, consolidated or owned by any of the Debtors.[4] See Plan, Art. I.A.38.

## JURISDICTION

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

10.      On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

11.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the noticing and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and

---

[4]    The ResCap Borrower Claims Trust established pursuant to the Plan is dedicated solely to the satisfaction of Borrower Claims as defined and addressed in the Plan. The reconciliation of Administrative Claims asserted by Borrowers is the sole responsibility of the Liquidating Trust and to the extent allowed, constitute obligations of the Liquidating Trust under the Plan.

record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b)

maintain the official Claims Register for the Debtors (the "Claims Register").

     12.    On December 11, 2013, the Court entered an *Order Confirming Second*

*Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official*

*Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the

Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].

On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and,

among other things, the Liquidating Trust was established [Docket No. 6137].

     13.    The Plan provides for the creation and implementation of the

Liquidating Trust, which, among other things, is "authorized to make distributions and other

payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible

for the wind down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also

Confirmation Order ¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating

Trust was vested with broad authority over the post-confirmation liquidation and distribution

of the Debtors' assets.  See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

     14.    Specifically, the Confirmation Order required holders of purported

Administrative Claims (as such term is defined in the Plan) to file their "requests for the

payment of such Administrative Claims not already Allowed by Final Order in accordance

with the procedures specified in the Confirmation Order, on or before the first Business Day

that is thirty (30) days following the Effective Date."  See Confirmation Order ¶ 50(f).  The

Confirmation Order further provides that a claimant's failure to follow these procedures would

result in the claimant being "forever barred, estopped, and enjoined from asserting such Claims

against the Debtors, the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of the Effective Date." See id.

15.     In addition, on the Effective Date, in accordance with the Plan, the Debtors filed the Notice of Entry of the Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by the Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of the Effective Date [Docket No. 6137], which set **January 16, 2014** as the deadline by which holders of administrative claims could file requests for payment of such purported claims (the "Administrative Claim Bar Date").

16.     Thereafter, potential claimants and other parties in interest received *Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138] via mail (each an "Administrative Claim Bar Date Notice" and collectively, the "Administrative Claim Bar Date Notices") twenty-three (23) days prior to the Administrative Claim Bar Date.[5]  See Morrow Declaration ¶ 4.  KCC mailed the Administrative Claim Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses as reflected in the Debtors' records shortly before the service of the Administrative Claim Bar Date Notices.  See id.  The Administrative Claim Bar Date Notice prominently identifies the Administrative Claim Bar Date and advises recipients that:

> holders of administrative claims that are required to, but do not, file and serve a request for payment of such administrative claims by the Administrative Claim Bar Date shall be forever barred, estopped and enjoined from asserting such administrative claim against the Debtors, the Plan Trusts, or their assets or properties, and such administrative claims shall be deemed discharged as of the Effective Date.

---

[5]     See *Affidavit of Service of Clarissa D. Chu re: 1) Notices of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date and 2) Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6187].

Administrative Claim Bar Date Notice ¶ 4.

17.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Liquidating Trust to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**BASIS FOR RELIEF**

18.    Section 503(b)(1)(A) of the Bankruptcy Code provides that only "actual, necessary costs and expenses of preserving the estate" are allowed as administrative expenses. 11 U.S.C. §503(b)(1)(A).  A party asserting an administrative expense claim has the burden of proving that such expense was actual and necessary for preserving the estate.  See In re Old Carco LLC, 424 B.R. 650, 657 (Bankr. S.D.N.Y. 2010); In re Drexel Burnham Lambert Grp. Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).  Courts in this District have held that section 503(b)(1)(A) should be narrowly construed due to "the bankruptcy goal of providing equal distribution of a debtor's assets to all creditors."  Old Carco, 424 B.R. at 656.

19.    Specifically, "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession,…and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business."  See In re Grubb & Ellis Co., 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012), citing Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2d Cir. 1986).  It is a claimant's burden to establish that it is entitled to an administrative expense claim.  In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir. 2007).  An administrative claim "should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the

ny-1138884

estate." In re Drexel Burnham Lambert Grp. Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991)

(quoting In re Amfesco Indus., Inc., 81 B.R. 777, 785 (Bankr. E.D.N.Y. 1988)).

20.    None of the claimants asserting a claim listed on Exhibit A, Exhibit B,

Exhibit C, and Exhibit D has carried the burden of showing that the expense related to its claim

was necessary for the Debtors' post-petition operations or the preservation of the Debtors'

estates.  As such, none of the Administrative Borrower Claims are entitled to administrative

priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code.   Furthermore, a vast

majority of these claimants failed to follow the required procedures of actually filing on the

docket such claimant's request for payment on account of a purported Administrative Claim.

See Confirmation Order ¶ 50(f). Moreover, certain claims (as discussed herein) must also be

disallowed because they are duplicative of previously-filed prepetition claims and/or filed after

January 16, 2014.

## A.    The Prepetition Claims Should be Disallowed and Expunged

21.    Based upon its review of the claims filed on the Claims Register, the

Liquidating Trust determined that each Prepetition Claim identified on Exhibit A annexed to

the Proposed Order represents a claim that is on account of the same alleged prepetition claim

noted in the claimant's previously-filed proof of claim previously filed with the Court and/or

KCC.  See Horst Declaration ¶ 5.

22.    The Debtors are not required to pay on the same claim more than once.

See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160

B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical

injury are generally disallowed.").  Additionally, given that certain purported administrative

claims appear to be on account of the same obligations of the Prepetition Claims that have

already been disallowed and expunged by the Court, allowing the Prepetition Claim listed on

Exhibit A annexed to the Proposed Order would allow claimants a second bite at the apple in

an attempt to recover on claims this Court has already determined are not viable obligations of

the Debtors' estates.  Moreover, even if a claim has not yet been the subject of an objection

filed by the Debtors, the Liquidating Trust or the Borrower Trust, the absence of a filed

objection does not change the nature of the asserted claim, *i.e.*, that the basis for such claim

accrued prepetition.

23.    Furthermore, as noted above, an administrative claim must relate to an

obligation that occurred between the Petition Date and the Effective Date.  See Administrative

Claim Bar Date Notice ¶ 1.  As each Prepetition Claim only relates to an obligation that

allegedly occurred prior to the Petition Date, the Prepetition Claims cannot have arisen "out of

a transaction between the creditor and the bankrupt's trustee or debtor-in-possession" and

therefore cannot meet the definition of "administrative expense" provided by section

503(b)(1)(A) of the Bankruptcy Code.  Elimination of the Prepetition Claims will also enable

the maintenance of the Claims Register that more accurately reflects the claims asserted against

the Liquidating Trust.

24.    Accordingly, to avoid the possibility of unjustified, and potentially

multiple, recoveries by the same claimant and prevent prepetition claims from improperly

being treated as administrative expenses, the Liquidating Trust requests that the Court disallow

and expunge in their entirety the Prepetition Claims listed on Exhibit A to the Proposed Order.

**B.**    **The Late-Filed Claims Should Be Disallowed and Expunged**

25.    Based upon its review of the claims filed on the Claims Register in these

Chapter 11 Cases maintained by KCC and the docket in the Chapter 11 Cases, the Liquidating

Trust identified the Late-Filed Claims on Exhibit B, annexed to the Proposed Order, as claims

ny-1138884

that should be disallowed and expunged because they were filed after the Administrative Claim Bar Date and therefore failed to comply with the terms of the Plan and Confirmation Order. See Horst Declaration ¶ 6.

26.    "Bar dates are 'critically important to the administration of a successful chapter 11 case.'"  Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process."  In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize.  See In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

27.    The Confirmation Order specifically requires purported holders of administrative claims to ensure that their requests for payment of such claims be actually received either by the Plan Proponents (as such term is defined in the Plan) or the Liquidating Trust on or before the Administrative Claim Bar Date.  See Confirmation Order ¶ 50(f). Potential claimants were provided with the Administrative Claim Bar Date Notice, including

the deadline to file (with the Court) requests for allowance of such claims and a warning that failure to comply with the Administrative Claim Bar Date would result in their claims being barred.  See Administrative Claim Bar Date Notice ¶ 4; see also Confirmation Order ¶ 59 (directing the Plan Proponents or the Liquidating Trust to serve the Administrative Claim Bar Date Notice).

28.    In addition, the Liquidating Trust confirmed with KCC that each of the Borrowers who filed a Late-Filed Claim was timely served with the Administrative Claim Bar Date Notice.  See Horst Declaration ¶ 6; see also Morrow Declaration ¶¶ 4-14.  KCC mailed the Administrative Claim Bar Date Notice to each Borrower who filed a Late-Filed Claim at the address reflected in the Debtors' books and records 23 days before the Administrative Claim Bar Date.  See Morrow Declaration ¶ 4.  Nevertheless, these parties filed their claims after the Administrative Claim Bar Date.  See id. ¶¶ 5-14; see also Horst Declaration ¶ 6. Moreover, these Late-Filed Claims do not amend any previously filed administrative claims. See Morrow Declaration ¶ 15; see also Horst Declaration ¶ 6.

29.    Article II.A of the Plan provides that, except as provided in the Plan or any order of the Court, holders of administrative claims must "file and serve on the Plan Proponents or the Liquidating Trust requests for the payment of such administrative claims on or before the Administrative Claim Bar Date or be forever barred, estopped, and enjoined from asserting such Claims against the Debtors, the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of the Effective Date."  See Plan, Art. II.A; see also Confirmation Order ¶ 50(f). None of the Borrowers submitted a formal or informal request seeking permission to either file a late claim or be exempt from this Plan or Confirmation Order provision.  See Horst Declaration ¶ 7.  Further, neither the Liquidating Trust nor the

Debtors agreed to exempt any of the Late-Filed Claims from this Plan provision. See id. As a result, by the Court's entry of the Confirmation Order, the Late-Filed Claims (to the extent they are even valid administrative claims) were barred and discharged as soon as the Administrative Claim Bar Date passed.

30.    Because the Late-Filed Claims violate the terms of the Confirmation Order and are thus untimely, the Liquidating Trust requests that the Court disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit B to the Proposed Order.

**C.**    **The Late-Filed Prepetition Claims Should Be Disallowed and Expunged**

31.    Based upon its review of the claims filed on the Claims Register in these cases maintained by KCC, the Liquidating Trust determined that the Late-Filed Prepetition Claims identified on Exhibit C annexed to the Proposed Order should be disallowed and expunged because they assert claims against the Debtors that were both (i) on account of the same obligations as prepetition claims filed by the same claimant and (ii) were filed after the Administrative Claim Bar Date. See Horst Declaration ¶¶ 8, 9.

32.    As further described in Section A and Section B *supra*, the Liquidating Trust is not required to pay on the same claim more than once and a prepetition claim cannot be treated as an administrative expense. See supra ¶¶ 18, 19. Furthermore, a claim that is filed after the Administrative Claim Bar Date cannot be an allowed claim. See supra ¶¶ 21-24. As a result, each Late-Filed Prepetition Claim listed on Exhibit C, annexed to the Proposed Order, should be disallowed and expunged on either or both of these grounds.

33.    Because the Late-Filed Prepetition Claims violate the terms of the Confirmation Order and are on account of previously asserted prepetition claims, the Liquidating Trust requests that the Court disallow and expunge in their entirety the Late-Filed Prepetition Claims listed on Exhibit C.

D.    **The No Basis Claims**

34.    Based upon its review of the claims filed on the Claims Register in these cases maintained by KCC, the Liquidating Trust determined that the No Basis Claims identified on Exhibit D annexed to the Proposed Order should be disallowed and expunged because they do not state a basis for an administrative claim under section 503 of the Bankruptcy Code.

35.    To be an allowed administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code, a claim must be an actual and necessary expense of preserving the estate and must have occurred between the Petition Date and the Effective Date. None of the No Basis Claims listed on Exhibit D annexed to the Proposed Order meets this definition. See Horst Declaration ¶ 10.

36.    The Liquidating Trust reviewed the Debtors' books and records, and found no basis for any amounts owing on account of any prepetition or post-petition activities to any of the claimants who filed the No Basis Claims.  See Horst Declaration ¶ 10.  The basis for objecting to each of the No Basis Claims is set forth in more detail on Exhibit D attached to the Proposed Order under the heading titled "*Reason for Disallowance.*"  The Liquidating Trust asserts that such claims do not represent valid, post-petition liabilities of the Debtors' estates to these parties because none of the claimants identify any credit or services they purportedly extended or provided to the Debtors after the Petition Date that were actual and necessary to preserve the estate.  See id.  Therefore, the Debtors' estates are not liable to the claimants identified on Exhibit D attached to the Proposed Order.  See id.

37.    Accordingly, to avoid the possibility that the claimants at issue receive improper recoveries, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced

by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Basis Claims.  See Horst Declaration ¶ 12.

## **NOTICE**

38.    The Liquidating Trust has served notice of this Omnibus Administrative Claims Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

ny-1138884

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

Dated:  April 30, 2014
         New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Liquidating Trust*

ny-1138884

## **Exhibit 1-A**

**Horst Declaration**

ny-1138884

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                                                  )
In re:                                                                      )          Case No. 12-12020 (MG)
                                                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,          )          Chapter 11
                                                                                  )
                                              Debtors.         )          Jointly Administered
                                                                                  )
------------------------------------------------------------ )

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS CLAIMS OBJECTION**
**(PURPORTED ADMINISTRATIVE CLAIMS)**

I, Deanna Horst, hereby declare as follows:

        1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC

and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "Debtors").    I have been employed by affiliates of ResCap since August of

2001.    In June 2012, I became Senior Director of Claims Management for ResCap and in

October of 2013, I became Chief Claims Officer of ResCap.    I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.    In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.    In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.    In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.    I am authorized to submit this declaration (the "Declaration") in support of

*The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)* (the "<u>Objection</u>").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the claim forms or requests for payment of administrative claims, where applicable, and supporting documentation, if any, filed by the claimants listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> annexed to the Proposed Order.  Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

ny-1139653

treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim and the purported administrative expense claims that are the subject of the Objection filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

### A.      The Prepetition Claims

5.      Based on a thorough review of the Prepetition Claims at issue, I determined that each purported administrative claim listed in the rows below the column entitled "*Claim Number*" on Exhibit A annexed to the Proposed Order represents a claim that was filed by the same claimant, and is on account of the same alleged prepetition claim noted in the claimant's previously-filed proof of claim previously filed with the Court and/or KCC.  If the Prepetition Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive a wholly improper recovery to the detriment of the Liquidating Trust's beneficiaries.

### B.      The Late-Filed Claims

6.      Based on a thorough review of the Late-Filed Claims at issue, I determined that each claim listed on Exhibit B annexed to the Proposed Order was received by the Court and/or KCC, after the Administrative Claim Bar Date passed.  Each claim submitted

ny-1139653

by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court. The Late-Filed

Claims included on Exhibit B to the Proposed Order were each date-and-time-stamped after the

Administrative Claim Bar Date. In addition, the Liquidating Trust confirmed with KCC that

each of these claimants who filed a Late-Filed Claim was timely served with an Administrative

Claim Bar Date Notice. KCC mailed this notice to each claimant of a Late-Filed Claim at the

address reflected in the Debtors' books and records shortly before the service of the

Administrative Claim Bar Date Notice. In addition, upon my review, these Late-Filed Claims do

not amend any previously filed administrative claims.

        7.      To my knowledge, with one exception,[2] none of the claimants who have a

Late-Filed Claims included on Exhibit B to the Proposed Order ever filed a motion with the

Court, or contacted the Liquidating Trust, requesting permission to file a late proof of claim or

proffered to the Debtors or their counsel an excuse for such Late-Filed Claim. Further, neither

the Liquidating Trust nor the Debtors agreed to exempt any of the Late-Filed Claims from

Article II.A of the Plan or Paragraph 50(f) of the Confirmation Order, which provides the

consequences of a claimant's failure to file a request for payment of an administrative claim

subsequent to the Administrative Claim Bar Date. If the Late-Filed Claims are not disallowed

and expunged, the claimants who filed the Late-Filed Claims may potentially receive

distributions to the detriment of other beneficiaries of the Liquidating Trust that they are not

entitled to, because such claims were untimely.

---

[2]    As discussed in more detail under the heading "*Reason for Disallowance*" on Exhibit B annexed to the Proposed Order, Norma Rodriguez submitted a declaration in support of her timely filing of her request for payment on her purported administrative claim. The Liquidating Trust does not find Ms. Rodriguez's arguments to have merit, and contests, along with the merits, the timeliness of her purported administrative claim.

ny-1139653

### C.    The Late-Filed Prepetition Claims

8.    Based on a thorough review of the Late-Filed Prepetition Claims at issue, I determined that each claim listed on Exhibit C annexed to the Proposed Order were both (i) on account of the same obligations as the prepetition claim filed by the same claimant and (ii) were filed after the Administrative Claim Bar Date.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Prepetition Claims included on Exhibit C to the Proposed Order were each date-and-time-stamped after the Administrative Claim Bar Date.  In addition, the Liquidating Trust confirmed with KCC that each of these claimants who filed a Late-Filed Claim was timely served with an Administrative Claim Bar Date Notice.  KCC mailed both notices to each claimant of a Late-Filed Prepetition Claim at the address reflected in the Debtors' books and records shortly before the service of the Administrative Claim Bar Date Notice.  In addition, these Late-Filed Prepetition Claims do not amend any previously filed claims.

9.    To my knowledge, none of the claimants who have a Late-Filed Prepetition Claims included on Exhibit C to the Proposed Order ever filed a motion with the Court, or contacted the Liquidating Trust, requesting permission to file a late proof of claim or proffered to the Debtors or their counsel an excuse for such Late-Filed Prepetition Claim.  If the Late-Filed Prepetition Claims are not disallowed and expunged, the claimants who filed the Late-Filed Prepetition Claims may potentially receive distributions to the detriment of other beneficiaries of the Liquidating Trust that they are not entitled to, because such claims were untimely and do not represent valid administrative expense claims.

5

D.    **The No Basis Claims**

10.    Based on a thorough review of the No Basis Claims at issue, I determined that each claim listed on Exhibit D annexed to the Proposed Order fails to set forth any valid justification for asserting a claim for an actual and necessary expense of preserving the estate that occurred post-petition.[3]    The Liquidating Trust reviewed the Debtors' books and records, and found no basis for any amounts owing on account of any prepetition or post-petition activities to any of the Borrowers who filed the No Basis Claims.    None of the claimants identify any credit or services they purportedly extended or provided to the Debtors after the Petition Date that were actual and necessary to preserve the estate.    Therefore, the Debtors' estates are not liable to the claimants identified on Exhibit D attached to the Proposed Order.

11.    If each of the No Basis Claims is not disallowed and expunged in its entirety, the claimants who filed the No Basis Claims may potentially receive a wholly improper recovery to the detriment of other Liquidating Trust beneficiaries.

12.    Accordingly, based upon this review and in consultation with the Liquidating Trust, and for the reasons set forth in the Objection, I have determined that each Prepetition Claim, Late-Filed Claim, Late-Filed Prepetition Claim, and No Basis Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

---

[3]    The basis for objecting to each of the No Basis Claims is set forth in more detail on Exhibit D to the Proposed Order under the heading titled "*Reason for Disallowance.*"

ny-1139653

Dated:  April 30, 2014

 /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust

## Exhibit 1-B

**Morrow Declaration**

ny-1138884

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

### DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1.     I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants, LLC ("KCC"), the claims and noticing agent retained by Residential Capital, LLC, *et al.* (collectively with its affiliated debtors (the "Debtors") in the above-captioned Chapter 11 Cases,[1] pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection (defined below).

2.      I am authorized to submit this declaration (the "Declaration") in support of

*The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported*

*Administrative Claims)* (the "Objection").

3.      All facts set forth in this Declaration are based upon information learned

from my review of relevant documents and information I have received through my discussions

with KCC employees, the Liquidating Trust's professionals, and the Debtors' former

professionals and consultants.   If I were called upon to testify, I could and would testify

competently to the facts set forth herein on that basis.

4.      Acting as the Debtors' claims and noticing agent, KCC serves notices and

other mailings upon parties and/or their representatives at the direction of the Debtors and the

Court.  Subsequent to the Effective Date of the Plan filed and confirmed in the Chapter 11 Cases,

KCC served the *Notice of Deadline and Procedures for Filing Certain Administrative Claims*

[Docket No. 6138] (the "Administrative Claim Bar Date Notice") twenty-three (23) days prior to

the Administrative Claim Bar Date.  KCC mailed the Administrative Claim Bar Date Notices to

claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants'

addresses as reflected in the Debtors' records shortly before the service of the Administrative

Claim Bar Date Notices.

A.      **Service of Administrative Claim Bar Date Notices**

5.      On or before December 24, 2013, at my direction and under my

supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar

Date Notice to be served upon **Letcher, Sheila** at **8807 Blue Ridge Blvd, Kansas City, MO**

**64138** via First Class U.S. Mail.   KCC received the returned request for payment of an

administrative claim, which did not include an address for the claimant, on January 22, 2014.

6.      On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Sheryl Terrell** at **8807 1001 44th St W, Birmingham, AL 35208** via First Class U.S. Mail.  The service address matches the address on the request for payment of an administrative claim submitted by such claimant.  KCC received the returned request for payment on January 28, 2014.

7.      On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Bruce Osojnak** at **218 E 900 S, Salt Lake City, UT 84111-4215** via First Class U.S. Mail. The service address matches the address on the returned request for payment of an administrative claim submitted by such claimant.  KCC received the returned request for payment on January 17, 2014.

8.      On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Maria M. Thompson & Elda M. Thompson** at **29 General Lane, Willingboro, NJ 08046** via First Class U.S. Mail.  The service address matches the address on the returned request for payment of an administrative claim submitted by such claimant.  KCC received the returned request for payment on January 17, 2014.

9.      On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Linda J. Vines & Gregory J. Vines** at **3510 Derby Shire Circle, Baltimore, MD 21244** via First Class U.S. Mail.  The service address matches the address on the

returned request for payment of an administrative claim submitted by such claimant.   KCC received the returned request for payment on January 21, 2014.

10.    On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Lynn C Greene and James Cassidy** at **6526 Wauconda Dr, Larkspur, CO 80118** via First Class U.S. Mail.  The service address matches the address on the returned request for payment of an administrative claim submitted by such claimant.   KCC received the returned request for payment on January 21, 2014.

11.    On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Mary Nascimento and Cary** at **Sarah Olindina Nascimento, 55 Elijah Court, Cameron, NC 28326** via First Class U.S. Mail.  The service address matches the address on the returned request for payment of an administrative claim submitted by such claimant.  KCC received the returned request for payment on January 17, 2014.

12.    On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Patricia Graulty** at **PO Box 12983, Tucson, AZ 85732** via First Class U.S. Mail.  The service address matches the address on the returned request for payment on an administrative claim.

13.    On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Tamara Carlson** at **18505 Ballantrae Drive, Arlington, WA**

**98223-5038** via First Class U.S. Mail.  The service address matches the address on the returned request for payment on an administrative claim.

14.    On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon **Norma E. Rodriguez** at **3422 Hope Street, Huntington Park, CA 90255** via First Class U.S. Mail.  The service address matches the address on the returned request for payment on an administrative claim.

15.    Based on a review of the Late-Filed Claims, none of these claims purported to amend any previously filed prepetition claims or administrative claims.

**B.    Service of Orders Approving Omnibus Objections and Expunging Claims**

16.    On July 15, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the *Order Granting Debtors' Fourth Omnibus Objection to Claims (Late-Filed Borrower Claims)* [Docket No. 4240] to be served upon **Richard A. Ramon** at **4011 Santa Anita, El Paso , TX 79902** via First Class U.S. Mail.  The proof of claim filed by Richard A. Ramon, Claim No. 5865, was subject to this order.

17.    On September 4, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the *Order Granting Debtors' Twentieth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4941] to be served upon **Marion L Jenkins and Sharon B Jenkins** at **405 Grant Park Pl, Atlanta, GA 30315** and for **Marion L Jenkins and Sharon B Jenkins** at **PO Box 150057, Atlanta, GA 30315** via First Class U.S. Mail.  The proof of claim filed by the Jenkins, Claim No. 4431, was subject to this order.

18.    On September 16, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the *Supplemental Order Granting Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) with Respect to Claim No. 1195 of Tom Franklin* [Docket No. 5049] to be served upon **Tom Franklin** at **5633 Oak Grove Rd, Fort Worth, TX 76134** via First Class U.S. Mail.  The proof of claim filed by Tom Franklin, Claim No. 1195, was subject to this order.

19.    On September 25, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the *Order Granting Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 5199] to be served upon **Vicki R. West** at **5328 7th Avenue, Los Angeles, CA 90043** via First Class U.S. Mail.  The proof of claim filed by Vicki R. West, Claim No. 995, was subject to this order.

20.    On July 15, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the *Order Granting Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* [Docket No. 6155] to be served upon **Leland Anthony Neyer and June E Neyer** at **324 North Main Street, P.O. Box 970, Alturas, CA 96101-0970** via First Class U.S. Mail.  The proof of claim filed by the Neyers, Claim No. 603, was subject to this order.

21.    In accordance with KCC's standard procedure, each of the foregoing documents was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail.  The envelopes were clearly marked with KCC's return address.

22.     As of the date of this Declaration, none of the foregoing mailings identified in this Declaration were returned to KCC as "undeliverable."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 30, 2014

/s/ P. Joseph Morrow IV
P. Joseph Morrow IV

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                    )

In re:                    )       Case No. 12-12020 (MG)
                    )

RESIDENTIAL CAPITAL, LLC, et al.,  )       Chapter 11
                    )

          Debtors.     )       Jointly Administered
---------------------------------------------------------------  )

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SIXTY-THIRD**
**OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)**

Upon the sixty-third omnibus claims objection, dated April 30, 2014 [Docket No.

____] (the "Objection"),[1] of The ResCap Liquidating Trust (the "Liquidating Trust") established

pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as

successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and

expunging the Prepetition Claims on the basis that they are on account of prepetition obligations;

Late-Filed Claims on the basis that they were filed after the Administrative Claim Bar Date; the

Late-Filed Prepetition Claims on the basis that they were on account of prepetition obligations

and were filed after the Administrative Claim Bar Date; and the No Basis Claims on the basis

that they assert claims that are not valid administrative claims under section 503 of the

Bankruptcy Code; and it appearing that this Court has jurisdiction to consider the Objection

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)*, annexed thereto as <u>Exhibit 1-A</u>; and the *Declaration of P. Joseph Morrow IV in Support of The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)*, annexed thereto as <u>Exhibit 1-B</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Prepetition Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit B</u> annexed hereto (the "<u>Late-Filed Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit C</u> annexed hereto (the "<u>Late-Filed Prepetition Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ny-1139661

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit D annexed hereto (the "No Basis Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Prepetition Claims, Late-Filed Claims, Late-Filed Prepetition Claims, and No Basis Claims identified on the schedules attached as Exhibit A, Exhibit B, Exhibit C, and Exhibit D hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, Exhibit C or Exhibit D annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any claim that is not listed on Exhibit A, Exhibit B, Exhibit C or Exhibit D annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Prepetition Claims, Late-Filed Claims, Late-Filed Prepetition Claims, and No Basis Claims identified on Exhibit A, Exhibit B, Exhibit C, or Exhibit D annexed hereto, as if each such

3

Prepetition Claim, Late-Filed Claim, Late-Filed Prepetition Claim, and No Basis Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit A</u>**
**Prepetition Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-THIRD OMNIBUS OBJECTION - DUPLICATE OF PREPETITION CLAIM (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|
| | | | **Claims to be Disallowed and Expunged** | | | | |
| 1 | Charles T Clark 7404 Mesa De Arena NW Albuquerque, NM 87120-1516 | 7315 | $60,000.00 $19,712.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 1188 on October 12, 2012. This claim was reclassified pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claims Trust will be addressing prepetition claim 1188 in due course. |
| 2 | June Elliott Neyer and Leland Anthony Neyer 324 North Main Street P.O. Box 970 Alturas, CA 96101-0970 | 7409 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 603 on September 17, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Fifty-First Omnibus Objection [Docket No. 6155]. |
| 3 | Marion L Jenkins and Sharon B Jenkins PO Box 150057 Atlanta, GA 30315 | 7330 | $2,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 4431 on November 9, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Twentieth Omnibus Objection [Docket No. 4941]. |
| 4 | Marion L Jenkins and Sharon B Jenkins PO Box 150057 Atlanta, GA 30315 | 7344 | $2,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 4431 on November 9, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Twentieth Omnibus Objection [Docket No. 4941]. |
| 5 | Michael J. Clavin 1 Carlson Terrace Fishkill, NY 12524 | 7425 | $2,794.81 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant previously filed Claim No. 5279 on November 16, 2012. This claim was reclassified pursuant to the Order Granting the Debtors' Thirty-Sixth Omnibus Objection [Docket No. 5895]. The the Borrower Claims Trust will be addressing prepetition claim 5279 in due course. |
| 6 | Richard A. Roman 4011 Santa Anita El Paso , TX 79902 | 7452 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 5865 on November 19, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Fifth Omnibus Objection [Docket No. 4241]. |
| 7 | Tom Franklin 5800 Oak Grove Road Fort Worth, TX 76134 | 7335 | $131,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 1195 on October 12, 2012. This Claim was expunged pursuant to the Supplemental Order Granting the Debtors' Twenty-First Omnibus Objection [Docket No. 5049]. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-THIRD OMNIBUS OBJECTION - DUPLICATE OF PREPETITION CLAIM (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|
| | | | **Claims to be Disallowed and Expunged** | | | | |
| 8 | Vicki West<br>5328 W 7th Avenue<br>Los Angeles, CA 90043 | 7322 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 995 on October 5, 2012.  This Claim was expunged pursuant to the Order Granting the Debtors' Twenty-Seventh Omnibus Objection [Docket No. 5199]. |
| | | | $29,849.85 | General Unsecured | | | |

**Exhibit B**
**Late-Filed Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SIXTY-THIRD OMNIBUS OBJECTION - LATE FILED (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 1 | Norma E. Rodriguez 14429 S Cookacre St Compton, CA 90221-2415 | 7450 | 02/19/2014 | | Administrative Priority | Residential Capital, LLC | 12-12020 |
| | | | | | Administrative Secured | | |
| | | | | | Secured | | |
| | | | | | Priority | | |
| | | | | $477,189.77 | General Unsecured | | |
| 2 | Shelia Letcher 8807 Blue Ridge Blvd Kansas City, MO 64138 | 7435 | 01/22/2014 | UNLIQUIDATED | Administrative Priority | Residential Capital, LLC | 12-12020 |
| | | | | | Administrative Secured | | |
| | | | | | Secured | | |
| | | | | | Priority | | |
| | | | | | General Unsecured | | |
| 3 | Sheryl Terrell 1001 44th St. W Birmingham, AL 35208 | 7436 | 01/28/2014 | UNLIQUIDATED | Administrative Priority | Residential Capital, LLC | 12-12020 |
| | | | | | Administrative Secured | | |
| | | | | | Secured | | |
| | | | | | Priority | | |
| | | | | | General Unsecured | | |

**<u>Exhibit C</u>**
**Late-Filed Prepetition Claims**

ny-1139661

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SIXTY-THIRD OMNIBUS OBJECTION - LATE FILED / DUPLICATE OF PREPETITION CLAIM (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Bruce Osojnak<br>218 E 900 S<br>Salt Lake City, UT 84111-4215 | 7351 | 01/17/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$43,315.39 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant previously filed Claim No. 3781 on November 8, 2012. This claim was reclassified from a claim against Residential Capital, LLC to a claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claim Trust will be addressing prepetition claim 3781 in due course. |
| 2 | Elda M. Thompson and Maria M. Thompson<br>29 General Lane<br>Willingboro, NJ 08046-3019 | 7431 | 01/17/2014 | UNLIQUIDATED Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant previously filed Claim No. 1083 on October 9, 2012. This claim was reclassified from a partially secured partially general unsecured claim against Residential Capital, LLC to a fully general unsecured claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Sixth Omnibus Objection [Docket No. 5895]. The Borrower Claim Trust will be addressing prepetition claim 1083 in due course. |
| 3 | Linda J Vines & Gregory J Vines<br>3510 Derby Shire Circle<br>Baltimore, MD 21244 | 7433 | 01/21/2014 | $60,795.91 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | ☐ | ☑ | Claimant previously filed Claim No. 1281 on October 15, 2012. This claim was reclassified from a secured claim to an unsecured claim pursuant to the Order Granting the Debtors' Thirty-Sixth Omnibus Objection [Docket No. 5895]. The Borrower Claim Trust will be addressing prepetition claim 1281 in due course. |
| 4 | Lynn Chapman Greene and James J. Cassidy<br>6526 Wauconda Dr<br>Larkspur, CO 80118 | 7347 | 01/21/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant previously filed Claim No. 3484 on November 9, 2012. This claim was reclassified from a priority claim to a general unsecured claim pursuant to the Order Granting the Debtors' Seventeenth Omnibus Objection [Docket No. 4953]. The Borrower Claim Trust will be addressing prepetition claim 3484 in due course. |
| 5 | Mary Nascimento (Deceased), & Sarah Olindina Nascimento (Executor, Estate Administrator)<br>55 Elijah Court<br>Cameron, NC 28326-6496 | 7429 | 01/17/2014 | $9,985.17 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant previously filed Claim No. 4038 on November 9, 2012. This claim was reclassified from an administrative priority claim to a general unsecured claim pursuant to the Order Granting the Debtors' Seventeenth Omnibus Objection [Docket No. 4953]. The Borrower Claim Trust will be addressing prepetition claim 4038 in due course. |
| 6 | Patricia Graulty<br>PO Box 12983<br>Tucson, AZ 85732 | 7430 | 01/17/2014 | UNLIQUIDATED Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant previously filed Claim No. 4427 on November 9, 2012. This claim was reclassified from a claim against Residential Capital, LLC to a claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claim Trust will be addressing prepetition claim 4427 in due course. |
| 7 | Tamara Carlson<br>18505 Ballantrae Drive<br>Arlington, WA 98223-5038 | 7432 | 01/21/2014 | $60,300.00 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant previously filed Claim No. 3887 on November 9, 2012. This claim was reclassified from a claim against Residential Capital, LLC to a claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Ninth Omnibus Objection [Docket No. 5899]. The Borrower Claim Trust will be addressing prepetition claim 3887 in due course. |

**<u>Exhibit D</u>**
**No Basis Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT D
SIXTY-THIRD OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Arno & Lucinda Honselaar c/o Honselaar Revocable Declaration Trust 9225 Ellingham St San Diego, CA 92129 | 7353 | 01/29/2014 | Administrative Priority Administrative Secured Secured Priority $18.00 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 2 | Charles Decker James Whitbeck, Attorney at Law 44 Phillips St Greenfield, MA 01301 | 7333 | 01/02/2014 | Administrative Priority Administrative Secured Secured Priority $1,600.00 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 3 | COREY ANN FORD 1665 RIVERSIDE DRIVE UNIT 12 ROCHESTER HILLS, MI 48309 | 7317 | 01/08/2014 | Administrative Priority Administrative Secured $16,650.00 Secured Priority $4,761.07 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 4 | HUBERT AND WYLENE DARRISAW 3732 E GREENBRIAR RD AND HUBERT DARRISAW SR MACON, GA 31204 | 7423 | 01/16/2014 | UNLIQUIDATED Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 5 | Janice Marie Cross P.O. Box 2453 West Columbia, SC 29171 | 7332 | 01/16/2014 | $500,000.00 Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 6 | Jayson J. Miller 726 North 150 East Springville, UT 84663 | 7346 | 01/17/2014 | Administrative Priority Administrative Secured $1,562.52 Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 7 | Jean T. Feeney 5392 Evaline Street Las Vegas, NV 89120 | 7340 | 01/15/2014 | Administrative Priority Administrative Secured $130,583.95 Secured Priority $395,661.24 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 8 | Jena T. Feeney 5392 Evaline Street Las Vegas, NV 89120 | 7448 | 01/17/2014 | Administrative Priority Administrative Secured $130,583.95 Secured Priority $395,661.24 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 9 | Karen Monaldi 285 Muirfield Dr Valparaiso, IN 46385 | 7449 | 02/20/2014 | $500,000.00 Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT D
SIXTY-THIRD OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | | | |
| 10 | Linda Kay Pavelovich 730 Carlton Road Watsonville, CA 95076 | 7331 | 01/15/2014 | $1,838.42 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 11 | SEAN BOOKER AND ALICE MCKENZIE 33818 CASTIGLIONE ST NEW ORLEANS, LA 70119 | 7410 | 01/06/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 12 | SEAN BOOKER AND ALICE MCKENZIE 33818 CASTIGLIONE ST NEW ORLEANS, LA 70119 | 7414 | 01/09/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 13 | Torri P. Telfair-Pierce 4440 NW 12th Court Lauderhill, FL 33313 | 7341 | 01/15/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |