**Hearing Date and Time: June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile: (212) 715-8000
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer

*Co-Counsel to The ResCap Liquidating Trust*    *Co-Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SIXTY-FOURTH**
**OMNIBUS CLAIMS OBJECTION (NO LIABILITY TAX CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Sixty-Fourth Omnibus Claims Objection (No Liability Tax Claims)* (the "<u>Objection</u>"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); and (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

Dated:  April 30, 2014       /s/ Norman S. Rosenbaum
        New York, New York       Gary S. Lee
                                   Norman S. Rosenbaum
                                   Jordan A. Wishnew
                                   Meryl L. Rothchild
                                   **MORRISON & FOERSTER LLP**
                                   250 West 55th Street
                                   New York, New York 10019
                                   Telephone:  (212) 468-8000
                                   Facsimile:  (212) 468-7900

                                   and

                                   Kenneth H. Eckstein
                                   Douglas H. Mannal
                                   Joseph A. Shifer
                                   **KRAMER LEVIN NAFTALIS & FRANKEL LLP**
                                   1177 Avenue of the Americas
                                   New York, New York 10036
                                   Telephone:  (212) 715-3280
                                   Facsimile:  (212) 715-8000

                                   *Co-Counsel to The ResCap Liquidating Trust*

**Hearing Date and Time: June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
| 250 West 55th Street | FRANKEL LLP |
| New York, New York 10019 | 1177 Avenue of the Americas |
| Telephone:  (212) 468-8000 | New York, New York 10036 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 715-3280 |
| Gary S. Lee | Facsimile:  (212) 715-8000 |
| Norman S. Rosenbaum | Kenneth H. Eckstein |
| Jordan A. Wishnew | Douglas H. Mannal |
| Meryl L. Rothchild | Joseph A. Shifer |
| | |
| *Co-Counsel to The ResCap Liquidating Trust* | *Co-Counsel to The ResCap Liquidating Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------

### THE RESCAP LIQUIDATING TRUST'S SIXTY-FOURTH OMNIBUS
### CLAIMS OBJECTION (NO LIABILITY TAX CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EITHER EXHIBIT A, EXHIBIT B, OR EXHIBIT C ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP LIQUIDATING TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to

terms of the Plan (defined below) filed in the above-captioned Chapter 11 cases (the "Chapter 11

Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

## **RELIEF REQUESTED**

1.       The Liquidating Trust files this sixty-fourth omnibus claims objection (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry

of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

Exhibit 2, disallowing and expunging the claims listed on Exhibit A, Exhibit B, and Exhibit C

annexed to the Proposed Order.[1]  In support of this Objection, the Liquidating Trust submits the

*Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Sixty-Fourth*

*Omnibus Claims Objection (No Liability Tax Claims)* (the "Horst Declaration"), attached hereto

as Exhibit 1-A and the *Declaration of P. Joseph Morrow IV in Support of The ResCap*

*Liquidating Trust's Sixty-Fourth Omnibus Claims Objection (No Liability Tax Claims)* (the

"Morrow Declaration"), annexed hereto as Exhibit 1-B, both filed concurrently herewith.

2.       The Liquidating Trust examined the proof of claim identified on Exhibit A

to the Proposed Order filed by the Tax Collector of Norwalk City ("Norwalk City") as well as

the Debtors' books and records, and determined that the proof of claim listed on Exhibit A to the

---

[1]      Claims listed on Exhibit A, Exhibit B, and Exhibit C are reflected in the same manner as they appear on the
claims register maintained by KCC (defined herein).

Proposed Order (the "<u>Late-Filed Claim</u>") violates the Bar Date Order (defined herein), as it was filed after the Governmental Bar Date (defined herein). Furthermore, Article VIII.B of the Plan, confirmed by the Confirmation Order (defined herein), automatically disallows and expunges any proof of claim filed after the applicable bar date without the need of a further order from the Court. Therefore, because the Late-Filed Claim fails to comply with the terms of the Bar Date Order and is deemed disallowed and expunged by the Plan, the Liquidating Trust, out of an abundance of caution, seeks entry of the Proposed Order disallowing and expunging the Late-Filed Claim from the Claims Register (defined herein).

3.    The Liquidating Trust also examined the proofs of claim identified on <u>Exhibit B</u> annexed to the Proposed Order (collectively, the "<u>No Liability Claims</u>") filed by certain taxing authorities, as well as the Debtors' books and records, and determined that the No Liability Claims are not liabilities of the Debtors' estates for the reasons set forth on <u>Exhibit B</u>, annexed to the proposed order, under the heading "*Reason for Disallowance*." Accordingly, the Liquidating Trust seeks entry of the Proposed Order disallowing and expunging the No Liability Claims from the Claims Register.

4.    The Liquidating Trust also examined the proofs of claim identified on <u>Exhibit C</u> annexed to the Proposed Order (collectively, the "<u>Paid Tax Claims</u>") filed by certain taxing authorities, as well as the Debtors' books and records, and determined that the Paid Tax Claims are no longer valid because the Debtors or the Liquidating Trust, as specified in <u>Exhibit C</u> annexed to the Proposed Order, fully satisfied such claims in the ordinary course of business, as authorized by the Court. Accordingly, the Liquidating Trust seeks entry of the Proposed Order disallowing and expunging the Paid Tax Claims from the Claims Register.

ny-1139726

5.      The Liquidating Trust expressly reserves all rights to object on any other basis to any Late-Filed Claim, No Liability Claim, or Paid Tax Claim as to which the Court does not grant the relief requested herein.

6.      No Borrower Claims (as defined in the Procedures Order) are included in this Objection.

## JURISDICTION

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General Case Background*

8.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

9.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the noticing and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

10.     On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].

4

On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

11.     The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22. Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

*Claims-Related Background*

12.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. **The Governmental Bar Date was not extended**.

13.     In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date.[2] KCC

---

[2]     See Affidavit of Service of Notices of Deadlines for Filing Proofs of Claim [Docket No. 1412].

ny-1139726

served Bar Date Notices on over 275,000 creditors. KCC mailed the Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses reflected in the Debtors' records shortly before the service of the Bar Date Notices. See Morrow Declaration ¶ 4. The Bar Date Notice, which was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. See Bar Date Notice ¶¶ 1, 3. The Bar Date Notice prominently states the Bar Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted from the requirements of the Bar Date Order, as described in section 4 above, and that fails to timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined from asserting such claim against the debtors . . . ." (Id. ¶ 5).

14.    While only 35 days advance notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Debtors provided creditors with at least 60 days' notice of the Bar Date. The Bar Date occurred nearly six months after the Petition Date, and 93 days after the entry of the Bar Date Order, thus providing ample time for creditors to determine, prepare and file their claims against the Debtors.

15.    In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

16.    On November 21, 2012, the Court entered an order [Docket No. 2246][3] approving the sale of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing,

---

[3]    See Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246].

LLC ("Ocwen") pursuant to the terms of that certain asset purchase agreement dated as of

November 2, 2012.  On February 15, 2013, the sale of the Debtors' mortgage loan servicing

platform to Ocwen (the "Ocwen Sale") closed.

17.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Liquidating Trust to, among other things, file omnibus objections to no more than

150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d)

and those additional grounds set forth in the Procedures Order.

## BASIS FOR RELIEF

18.    Based upon its review of the proofs of claim filed on the Claims Register

maintained by KCC, the Liquidating Trust determined that the Debtors' books and records do

not reflect any valid basis for any of the tax claims identified on Exhibit A, Exhibit B, and

Exhibit C annexed to the Proposed Order.  See Horst Declaration ¶¶ 5-10.  Accordingly, if these

claims are not disallowed and expunged, then the parties who filed these proofs of claim may

potentially receive a wholly improper recovery against the Liquidating Trust to the detriment of

the Liquidating Trust's beneficiaries.  See id.

19.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion

is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny

Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

7

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim.").

20.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  In

addition, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their

disallowance where such claims "have been satisfied or released during the case in accordance

with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).

### A.     The Late-Filed Claim Should Be Disallowed and Expunged

21.     Based upon its review of the proof of claim filed on the Claims Register,

the Liquidating Trust identified the Late-Filed Claim on Exhibit A, annexed to the Proposed

Order, as a claim that should be disallowed and expunged because it was filed after the Bar Date

and therefore failed to comply with the terms of the Bar Date Order.  See Horst Declaration ¶ 5.

22.     "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'"  See Memorandum Decision Denying Motions for Leave to File Late Claims

[Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL

2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356

B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting

MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital,

LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a

"procedural gauntlet" and functions as "an integral part of the reorganization process."  In re

Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine

with reasonable promptness, efficiency and finality what claims will be made against their

estates—a determination without which they cannot effectively reorganize.  See In re Keene

ny-1139726

Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

23.    The Bar Date Order specifically requires proofs of claim to be actually received either by KCC or the Court on or before the applicable Bar Date.  See Bar Date Order ¶ 3.  Norwalk City was provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the Bar Date would result in its claim being barred.  See Bar Date Notice ¶¶ 1, 3, 6; see also Morrow Declaration ¶ 5.  The Liquidating Trust confirmed with KCC that Norwalk City was timely served with a notice of the Bar Date. See Horst Declaration ¶ 5.  KCC mailed the notice to Norwalk City at the address reflected in the Debtors' books and records shortly before the service of the Bar Date Notice.  See Morrow Declaration ¶ 4.  Nevertheless, Norwalk City filed its proof of claim 147 days after the Governmental Bar Date.  See id. ¶ 5; see also Horst Declaration ¶ 5.  Moreover, the Late-Filed Claim does not amend any previously filed claims.  See Horst Declaration ¶ 5.  Further, Norwalk City never filed a motion with the Court or contacted the Debtors requesting permission to file a late proof of claim or proffered an excuse for such Late-Filed Claim.  See Horst Declaration ¶ 6.

24.    In addition, Article VIII.B of the Plan provides that, except as otherwise agreed by the Debtors, Liquidating Trust, or the ResCap Borrower Claims Trust, any and all proofs of claim filed after the applicable Bar Date shall be deemed disallowed, discharged, released, and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court.  See Plan, Art. VIII.B.  As a result, by the Court's entry of the Confirmation Order, the Late-Filed Claim was already deemed to be disallowed and expunged

by this Court without the need for further Court order.  Thus, the Liquidating Trust seeks this

relief out of an abundance of caution.

25.     Because the Late-Filed Claim violates the terms of the Bar Date Order and

is untimely, and is deemed to be disallowed and expunged without the need of a further order

from the Court pursuant to the Confirmation Order, the Liquidating Trust requests that the Court

disallow and expunge in its entirety the Late-Filed Claim listed on Exhibit A to the Proposed

Order.

### B.        The No Liability Claims Should Be Disallowed and Expunged

26.     The Liquidating Trust diligently analyzed the proofs of claim identified on

Exhibit B to the Proposed Order, as well as researching and comparing the property and parcel

information contained within the Debtors' books and records or, to the extent relevant,

information provided by Ocwen held on loan servicing databases transferred as part of the

Ocwen Sale.  See Horst Declaration ¶ 8.  The Liquidating Trust determined that the No Liability

Claims should be disallowed and expunged because such claims were not reflected in the

aforementioned books and records.  See id.

27.     Generally, when property taxes are assessed and/or have accrued, the

property owner is obligated to the taxing authority for the payment of all taxes ultimately

imposed for that given tax year because taxes create liens that run with the land.  See 85 C.J.S.

Taxation § 1114.  However, if an entity is a servicer of the loan secured by the underlying real

property, and not the owner of that property, the servicer may make the property tax payments on

behalf of the borrower or property owner, if so provided in the loan documents, but the servicer

does not have a legal obligation to the taxing authority for the payment of such taxes.

Accordingly, the servicer is not liable to a taxing authority to make such tax payments; rather,

the borrower or owner of the property retains direct liability for the financial obligation to make

tax payments to the taxing authority.  Thus, the obligation of the servicer is only owed to the borrower or property owner.

28.    In their capacities as mortgage loan servicers, the Debtors frequently made tax payments in connection with loans they serviced; however, the Debtors, as servicers, did not incur any obligation to the taxing authorities, but rather were contractually obligated solely to the borrower or property owner to pay property taxes on their behalf if, and to the extent, provided in the loan documents.  See Horst Declaration ¶ 7.  With respect to certain of the No Liability Claims, the property or parcel information provided by the Taxing Authorities, or taxes purportedly owing to the Taxing Authorities, do not correspond to property tax liabilities in the Debtors' servicing databases.  See id. ¶ 8.  For instance, some proofs of claim contained a tax parcel or property address, but upon a search of their record management systems and servicing systems—active and inactive— the Liquating Trust was unable to identify a Debtor as either a servicer[4] or owner of the underlying real property.  See id.  In other instances, the Liquidating Trust did locate the relevant parcel or property address information within their record management systems and servicing systems—active and inactive, but their Books and Records reflect that (i) the Debtor was only acting as servicer of the related loan, and was not the owner of the underlying real property, during the period of time for which the Taxing Authorities claim unpaid taxes, or (ii) the unpaid taxes cited within the proof of claim accrued for a period of time (a) after the loan was paid off, or (b) to the extent the Debtors actually owned a property for a period of time following a foreclosure as Real Estate Owned, after the property was sold.  See id.

29.    As a result, the Debtors' estates are not liable for the No Liability Claims. Therefore, to avoid the possibility that the claimants at issue receive improper recoveries, and to

---

[4]    As noted above, even if the Liquidating Trust determined that a Debtor is or was a current or former servicer with respect to the loan, this would not give rise to a liability on the part of the servicer.

ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Liability Claims.

**C.    The Paid Tax Claims Should Be Disallowed and Expunged**

30.    Based upon its review of the proofs of claim filed on the Claims Register in these cases maintained by KCC, the Liquidating Trust determined that the Paid Tax Claims should be disallowed and expunged because such claims have been satisfied in full during these Chapter 11 Cases pursuant to the authority granted to the Debtors by the Court, applicable law, or otherwise.  See Horst Declaration ¶ 9.

31.    Pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).  The Liquidating Trust diligently analyzed the Paid Tax Claims in combination with a review of their books and records, and determined that the Paid Tax Claims are no longer valid, as they have been fully satisfied by the Debtors or the Liquidating Trust, as specified in Exhibit C annexed to the Proposed Order, in the ordinary course of business.  See Horst Declaration ¶ 9.

32.    As a result, the Debtors' estates are not liable for the Paid Tax Claims. Therefore, to avoid the possibility that the claimants at issue receive improper recoveries, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the Paid Tax Claims.

**NOTICE**

33.    The Liquidating Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the

Procedures Order.    The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

34.    No previous request for the relief sought herein has been made by the Liquidating Trust to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

ny-1139726

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully request that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

Dated: April 30, 2014
      New York, New York

                          /s/ Norman S. Rosenbaum
                          Gary S. Lee
                          Norman S. Rosenbaum
                          Jordan A. Wishnew
                          Meryl L. Rothchild
                          **MORRISON & FOERSTER LLP**
                          250 West 55th Street
                          New York, New York 10019
                          Telephone:  (212) 468-8000
                          Facsimile:  (212) 468-7900

                          and

                          Kenneth H. Eckstein
                          Douglas H. Mannal
                          Joseph A. Shifer
                          **KRAMER LEVIN NAFTALIS &**
                          **FRANKEL LLP**
                          1177 Avenue of the Americas
                          New York, New York 10036
                          Telephone:  (212) 715-3280
                          Facsimile:  (212) 715-8000

                          *Co-Counsel to The ResCap Liquidating Trust*

14

**<u>Exhibit 1-A</u>**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
                                                              )
In re:                                                        )    Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                      )    Chapter 11
                                                              )
                                        Debtors.              )    Jointly Administered
                                                              )
------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S SIXTY-FOURTH OMNIBUS**
**<u>CLAIMS OBJECTION (NO LIABILITY TAX CLAIMS)</u>**

I, Deanna Horst, hereby declare as follows:

1.    I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC

and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases[1]

(collectively, the "<u>Debtors</u>").    I have been employed by affiliates of ResCap since August of

2001.    In June 2012, I became Senior Director of Claims Management for ResCap and in

October of 2013, I became Chief Claims Officer of ResCap.    I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.    In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.    In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

---

[1]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1139769

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

*ResCap Liquidating Trust's Sixty-Fourth Omnibus Claims Objection (No Liability Tax Claims)*

(the "Objection").

       2.     Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other former members of the Debtors' management or other former employees of the

Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman

Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon

to testify, I could and would testify competently to the facts set forth in the Objection on that

basis.

       3.     In my capacity as Chief Claims Officer, I am intimately familiar with the

claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

that were prepared and kept in the course of their regularly conducted business activities (the

"Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial

affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the claim forms [or requests for payment of administrative

claims] and supporting documentation, if any, filed by the claimants listed on Exhibit A, Exhibit

B, and Exhibit C annexed to the Proposed Order.  Since the Plan became effective and the

Liquidating Trust was established, I, along with other members of the Liquidating Trust's

2

management or other employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, (v) information provided by Ocwen from the loan servicing databases that were transferred to Ocwen upon the sale of the Debtors' mortgage loan servicing platform (the "Ocwen Sale"), and/or (vi) the Claims Register.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Specifically, the Liquidating Trust reviewed the property and parcel information provided in the proofs of claim filed by the Taxing Authorities, and searched their active and inactive servicing records for corresponding information.  Before the Ocwen Sale, it was the Debtors' business practice to maintain property tax payment information in their loan servicing databases.  The Liquidating Trust searched both their active and inactive servicing records for any files corresponding to such real property and parcel information identified in the proofs of claim listed on Exhibit A, Exhibit B, and Exhibit C.  In addition, the Liquidating Trust requested and reviewed any information relating to the subject properties provided by Ocwen to the extent relevant records were transferred to Ocwen or were generated after the Ocwen Sale closed on February 15, 2013.

ny-1139769

A.    **The Late-Filed Claim**

5.    Based on a review of the proof of claim at issue and the Debtors' Books and Records, as set forth on Exhibit A annexed to the Proposed Order, the Late-Filed Claim was received by the Court and/or KCC after the Governmental Bar Date passed.  The proof of claim submitted by Norwalk City was date-and-time-stamped upon receipt by KCC and/or the Court. The Late-Filed Claim included on Exhibit A annexed to the Proposed Order was date-and-time-stamped on April 26, 2013, 147 days after the Governmental Bar Date.   In addition, the Liquidating Trust confirmed with KCC that Norwalk City was timely served with both a notice of commencement of the Chapter 11 Cases [Docket No. 336] and the Bar Date Notice.  See *Declaration of P. Joseph Morrow IV in Support of the ResCap Liquidating Trust's Sixty-Fourth Omnibus Claims Objection (No Liability Tax Claims)* annexed to the Objection as Exhibit 1-B. KCC mailed both notices to Norwalk City at the address reflected in the Debtors' books and records shortly before service of the Bar Date Notice.  See id.  In addition, this Late-Filed Claim does not amend any previously filed claims.

6.    To my knowledge, Norwalk City never filed a motion with the Court or contacted the Debtors requesting permission to file a late proof of claim or proffered an excuse for such Late-Filed Claim.  If the Late-Filed Claim is not disallowed and expunged, Norwalk City may potentially receive distributions to the detriment of other beneficiaries of the Liquidating Trust that they are not entitled to, because such claims were untimely.

B.    **The No Liability Claims**

7.    In their capacities as mortgage loan servicers, the Debtors frequently made tax payments in connection with loans they serviced; however, the Debtors, as servicers, did not incur any obligation to the taxing authorities, but rather were contractually obligated solely to the

4

borrower or property owner to pay property taxes on their behalf if, and to the extent, provided in the loan documents.

8.    Based on a thorough review of the proofs of claim at issue, as set forth on Exhibit B annexed to the Proposed Order, as well as the property and parcel information contained within the Debtors' books and records and information provided by Ocwen held on loan servicing databases transferred as part of the Ocwen Sale, the Liquidating Trust determined that the No Liability Claims should be disallowed and expunged because such claims were not reflected in the Debtors' Books and Records. For instance, some proofs of claim contained a tax parcel or property address, but upon a search of their record management systems and servicing systems—active and inactive— the Liquidating Trust was unable to identify a Debtor as either having serviced or owned the underlying real property. In other instances, the Liquidating Trust did locate the relevant parcel or property address information within their record management systems and servicing systems—active and inactive, but the Books and Records reflect that (i) the Debtor was only acting as servicer of the related loan, and was not the owner of the underlying real property, during the period of time for which the Taxing Authorities claim unpaid taxes, or the (ii) the unpaid taxes cited within the proof of claim accrued for a period of time (a) after the loan was paid off, or (b) to the extent the Debtors actually owned a property for a period of time following a foreclosure as Real Estate Owned, after the property was sold.

### C.    The Paid Tax Claims

9.    Based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, as set forth on Exhibit C annexed to the Proposed Order, the Liquidating Trust determined that the Paid Tax Claims should be disallowed and expunged because these claims are no longer valid because the Debtors or the Liquidating Trust, as

5

specified in <u>Exhibit C</u> annexed to the Proposed Order, fully satisfied such claims in the ordinary course of business, as authorized by the Court.

10.    If the Late-Filed Claim, No Liability Claims, and Paid Tax Claims are not disallowed and expunged, the Taxing Authorities asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants. Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Late-Filed Claim, No Liability Claim, and Paid Tax Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 30, 2014

 /s/ Deanna Horst                              
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust

ny-1139769

## Exhibit 1-B

**Morrow Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SIXTY-FOURTH OMNIBUS CLAIMS OBJECTION (NO LIABILITY TAX CLAIMS)

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1.      I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants, LLC ("KCC"), the claims and noticing agent retained by Residential Capital, LLC, *et al.* (collectively with its affiliated debtors (the "Debtors") in the above-captioned Chapter 11 Cases, pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

1

2.      I am authorized to submit this declaration (the "Declaration") in support of

*The ResCap Liquidating Trust's Sixty-Fourth Omnibus Claims Objection (No Liability Tax*

*Claims)* (the "Objection").[1]

3.      All facts set forth in this Declaration are based upon information learned

from my review of relevant documents and information I have received through my discussions

with KCC employees, the Liquidating Trust's professionals, and the Debtors' former

professionals and consultants.  If I were called upon to testify, I could and would testify

competently to the facts set forth herein on that basis.

4.      Acting as the Debtors' claims and noticing agent, KCC serves notices and

other mailings upon parties and/or their representatives at the direction of the Debtors and the

Court.  In a timely fashion, KCC served upon potential claimants a Notice of Deadlines for

Filing Proofs of Claims, which included the Bar Date Order (the "Bar Date Notice"), attached

hereto as Exhibit A, at least thirty-five (35) days prior to the Bar Date.  KCC mailed the Bar Date

Notice to these claimants at the addresses reflected in the Debtors' books and records shortly

before effecting such service.

5.      On or before September 7, 2012, at my direction and under my

supervision, employees of KCC caused a true and accurate copy of the Bar Date Notice to be

served upon **NORWALK CITY, TAX COLLECTOR OF NORWALK CITY** at **125 EAST**

**AVE ROOM 105, NORWALK CT 06851** via First Class U.S. Mail.  Norwalk City returned

the KCC-generated customized proof of claim form, which was received by KCC on April 26,

2013, 147 days after the Governmental Bar Date.  The service address matches the address on

the returned proof of claim.

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

6.      In accordance with KCC's standard procedure, the foregoing document was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail. The envelopes were clearly marked with KCC's return address.

7.      As of the date of this Declaration, the foregoing mailing identified in this Declaration was not returned to KCC as "undeliverable."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 30, 2014

/s/ P. Joseph Morrow IV
P. Joseph Morrow IV

**<u>EXHIBIT A</u>**

ny-1140027

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|                                    |  )  |                                 |
| In re:                             |  )  | Case No. 12-12020 (MG)          |
|                                    |  )  |                                 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11                  |
|                                    |  )  |                                 |
|                        Debtors.    |  )  | Jointly Administered            |
|                                    |  )  |                                 |
---------------------------------------------------------------

### <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the "U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.


2.      **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order). Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap. Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant. Each proof of claim must be written in English and be denominated in United States currency. You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)      Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)      Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)      Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
         August 29, 2012

                                        BY ORDER OF THE COURT

                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104

                                        *Counsel for the Debtors and
                                        Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

---

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

-----------------------------------------------------------------

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SIXTY-FOURTH OMNIBUS CLAIMS OBJECTION (NO LIABILITY TAX CLAIMS)

Upon the sixty-fourth omnibus claims objection, dated April 30, 2014 [Docket

No. ____] (the "Objection"),[1] of The ResCap Liquidating Trust (the "Liquidating Trust")

established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11

Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"),

disallowing and expunging the Late-Filed Claim on the basis that it was filed after the

Governmental Bar Date; the No Liability Claims on the basis that they are not liabilities of the

Debtors' estates; and the Paid Tax Claims on the basis that they are no longer valid because the

Debtors or the Liquidating Trust fully satisfied such claims in the ordinary course of business, all

as more fully described in the Objection and on Exhibit C annexed hereto; and it appearing that

this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

to                                                28                                                U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Objection having been provided, and it appearing that no other or

further notice need be provided; and upon consideration of the Objection, the *Declaration of*

*Deanna Horst in Support of The ResCap Liquidating Trust's Sixty-Fourth Omnibus Objection to*

*Claims (No Liability Tax Claims)*, annexed to the Objection as Exhibit 1-A, and the *Declaration*

*of P. Joseph Morrow IV in Support of The ResCap Liquidating Trust's Sixty-Fourth Omnibus*

*Objection to Claims (No Liability Tax Claims)*, annexed to the Objection as Exhibit 1-B; and the

Court having found and determined that the relief sought in the Objection is in the best interests

of the Liquidating Trust, the Liquidating Trust's beneficiaries, and all parties in interest and that

the legal and factual bases set forth in the Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit A annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(the "Late-Filed Claim") is hereby disallowed and expunged in its entirety with prejudice; and it

is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit B annexed hereto (the "No Liability Claims") are hereby disallowed and

expunged in their entirety with prejudice; and it is further

ny-1139811

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C annexed hereto (the "Paid Tax Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Late-Filed Claim, No Liability Claims, and Paid Tax Claims identified on the schedules attached as Exhibit A, Exhibit B, and Exhibit C, hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any claim that is not listed on Exhibit A,  Exhibit B, or Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each Late-Filed Claim, No Liability Claim, and Paid Tax Claim identified on Exhibit A,  Exhibit B, and Exhibit C annexed hereto, as if each such Late-Filed Claim, No Liability Claim, and Paid Tax Claim had been individually objected to; and it is further

ny-1139811

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-FOURTH OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | NORWALK CITY TAX COLLECTOR OF NORWALK CITY 125 EAST AVE-ROOM 105 NORWALK, CT 06851 | 6844 | 04/26/2013 | $435.56 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Dane County Treasurer 210 MLK Jr Blvd Rm 114 Madison, WI 53703 | 214 | 06/28/2012 | $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; and (ii) claimant provided insufficient information and documentation to establish validity of claim, and has not responded to Debtors' attempts to contact such claimant for additional information. |
| 2 | PORTLAND BORO NRTHMP TC OF PORTLAND BOROUGH PO BOX 476 206 DIVISION ST PORTLAND, PA 18351 | 887 | 10/01/2012 | BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; and (ii) claimant provided insufficient information and documentation to establish validity of claim, and has not responded to Debtors' attempts to contact such claimant for additional information. |
| 3 | HARMONY TOWNSHIP RD 3 BOX 220A T C OF HARMONY TOWNSHIP SUSQUEHANNA, PA 18847 | 5804 | 11/20/2012 | BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; and (ii) claimant provided insufficient information and documentation to establish validity of claim, and has not responded to Debtors' attempts to contact such claimant for additional information. |
| 4 | City of Waterbury c/o Office of Corporation Counsel 235 Grand Street, Third Floor Waterbury, CT 06702 | 739 | 09/25/2012 | $2,533.60 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 5 | City of Memphis Elizabeth Weller Linebarger Goggan Blair & Sampson, LLP 2323 Bryan Street, Ste 1600 Dallas, TX 75201 | 1207 | 10/15/2012 | $1,463.68 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 6 | Marion County Treasurer B. Darland 200 E Washington St Ste 1041 Indianapolis, IN 46204 | 1915 | 10/29/2012 | $18,475.02 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 7 | Nueces County Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5918 | 11/23/2012 | $1,475.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Limestone County<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5930 | 11/23/2012 | $1,024.87 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 9 | Lake County Tax Collector<br>Attn Bankruptcy<br>P.O. Box 327<br>Tavares, FL 32778 | 6868 | 06/26/2013 | $1,996.79 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 10 | Multnomah County - DART<br>Assessment, Recording & Taxation<br>PO Box 2716<br>Portland, OR 97208-2716 | 352 | 07/30/2012 | $9,110.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Other asserted taxes have been paid and satisfied. |
| 11 | City of Copper Canyon<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 468 | 09/12/2012 | $2,994.92 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 12 | MYKEE, LAKE<br>PO BOX 298<br>LAKE MYKEE TREASURER<br>HOLTS SUMMIT, MO 65043 | 878 | 10/01/2012 | $2,238.67 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 13 | Clay County Tax Collector<br>PO Box 218<br>Green Cove Springs, FL 32043 | 139 | 06/18/2012 | $5,156.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 14 | Lake Dallas Independent School District<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 465 | 09/12/2012 | $2,276.51 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 15 | City of El Paso<br>David G. Aelvoet<br>Linebarger Goggan Blair & Sampson, LLP<br>711 Navarro Ste 300<br>San Antonio, TX 78205 | 5761 | 11/19/2012 | $3,280.99 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 16 | Falls County<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5927 | 11/23/2012 | $17.31 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 17 | BLACK HAWK COUNTY TREASURER<br>316 E 5TH ST.<br>WATERLOO, IA 50703 | 6878 | 07/22/2013 | $6,360.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 18 | Galveston County<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 6956 | 08/13/2013 | $2,265.19 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 19 | FORSYTH COUNTY TAX COLLECTOR<br>PO BOX 82<br>WINSTON-SALEM, NC 27102-0082 | 552 | 09/18/2012 | $3,531.83 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | With respect to Parcel No. 6833-46-8147.00, the Debtors' books and records do not indicate any basis for liability with respect to subject property.  The Liquidating Trust also confirmed via the County website that taxes for the period claimed in the POC have been paid for Parcel No. 6875-41-4185.00. |
| 20 | DONA ANA COUNTY CLERK<br>845 N MOTEL BLVD<br>LAS CRUCES, NM 88007 | 836 | 09/27/2012 | $4,008.49 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | With respect to Parcel Nos. 17-11493 & 03-07454, the Liquidating Trust confirmed via the County website that taxes for the periods claimed in POC have been paid. The Debtors' records reflect that taxes have been paid and satisfied for Parcel No. 03-17332. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 21 | ST CLAIR COUNTY ASHVILLE REVENUE COMMISSIONER ASHVILLE, AL 35953 | 904 | 10/01/2012 | $489.18 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Taxes have been paid and satisfied. |
| 22 | South Texas ISD Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5915 | 11/23/2012 | $48.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 23 | South Texas College Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5920 | 11/23/2012 | $147.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 24 | Fulton County Tax Commissioner 141 Pryor St Suite 1115 Atlanta, GA 30303 | 2890 | 11/09/2012 | $6,404.69 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 25 | Montgomery County John P. Dillman Linebarger Goggan Blair & Sampson, LLP P.O. Box 3064 Houston, TX 77253-3064 | 5828 | 11/19/2012 | $4,205.02 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 26 | City of McAllen Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5921 | 11/23/2012 | $420.82 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 27 | Mission CISD Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5931 | 11/23/2012 | $793.88 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 28 | Rio Grande City CISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5933 | 11/23/2012 | $111.80 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 29 | Richland County Treasury<br>Barbara White<br>PO Box 11947<br>Columbia, SC 29211 | 685 | 09/24/2012 | $7,720.32 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant provided insufficient documentation to establish validity of claim. Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 30 | SARASOTA COUNTY<br>SARASOTA COUNTY TAX COLLECTOR<br>101 S WASHINGTON BLVD<br>SARASOTA, FL 34236 | 5829 | 11/19/2012 | $13,466.11 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant provided insufficient documentation to establish validity of claim. Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 31 | Douglas County Tax Commissioner<br>P.O. Box 1177<br>Douglasville, GA 30133 | 412 | 08/07/2012 | $1,093.85<br>$6,721.63 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Other asserted taxes have been paid and satisfied. |
| 32 | MENDOCINO COUNTY<br>MENDOCINO COUNTY TAX COLLECTOR<br>501 LOWGAP RD ROOM 1060<br>UKIAH, CA 95482 | 1009 | 10/05/2012 | $10,879.69 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Other asserted taxes have been paid and satisfied by Debtors. |
| 33 | Durham County Tax Office<br>PO Box 3397<br>Durham, NC 27702 | 1060 | 10/09/2012 | $4,913.43 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 34 | Sharyland ISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5938 | 11/23/2012 | Administrative Priority<br>Administrative Secured<br>$6,666.42 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 35 | The County of Williamson, Texas, Collecting Property Taxes for Itself and for The City of Hutto, Texas, Hutto Independent Sch<br>Lee Gordon<br>McCreary, Veselka, Bragg& Allen P.C.<br>PO Box 1269<br>Round Rock, TX 78680-1269 | 2043 | 11/01/2012 | Administrative Priority<br>Administrative Secured<br>$11,064.10 Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | With respect to Parcel Nos. R402411 & R374365, the unpaid taxes cited within the proof of claim cover a period of time after the loan was paid in full for the first property and after the Debtors' Real Estate Owned (REO) was sold for the second.  The Debtors' records reflect that taxes for Parcel No. R452848 have been paid and satisfied.  For Parcel No. R083188, the Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 36 | Willis Independent School District<br>Michael J. Darlow<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>1235 North Loop West<br>Suite 600<br>Houston, TX 77008 | 6212 | 11/30/2012 | Administrative Priority<br>Administrative Secured<br>$3,394.86 Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | With respect to Parcel Nos. 0095220205300 & 0059090002100, the Liquidating Trust confirmed via the County website that taxes for the periods claimed in POC have been paid.   For Parcel No. 0086270021700, the Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 37 | Katy ISD<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston , TX 77253-3064 | 34 | 05/29/2012 | Administrative Priority<br>Administrative Secured<br>$4,131.65 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes.Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 38 | Maricopa County Treasurer<br>Lori A. Lewis<br>Maricopa County Attorneys Office<br>222 N. Central Avenue, Suite 1100<br>Phoenix, AZ 85004 | 105 | 06/18/2012 | $14,499.90 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtors' books and records do not indicate any basis for liability with respect to subject property. Debtors' books and records do not indicate any basis for liability with respect to subject property. Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Other asserted taxes have been paid and satisfied. |
| 39 | GRAHAM COUNTY TREASURER<br>PO BOX 747<br>SAFFORD, AZ 85548 | 1205 | 10/15/2012 | $1,069.68 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors' books and records do not indicate any basis for liability with respect to subject property. Taxes have been paid and satisfied by Debtors. Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |
| 40 | Pinal County Treasurer<br>Dolores J Doolittle<br>PO Box 729<br>Florence , AZ 85132 | 143 | 06/18/2012 | $10,492.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors' books and records do not indicate any basis for liability with respect to subject property. Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. Other asserted taxes have been paid and satisfied by Debtors. |
| 41 | Davis County Treasurer<br>P.O. Box 618<br>Farmington, UT 84025-0618 | 255 | 07/06/2012 | $1,946.44 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors' books and records do not indicate any basis for liability with respect to subject property. Debtor was not a property owner. Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 42 | Dallas County<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 4891 | 11/16/2012 | $11,531.91 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtors' books and records do not indicate any basis for liability with respect to subject property. Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 43 | City of El Paso<br>David G. Aelvoet<br>Linebarger Goggan Blair & Sampson, LLP<br>711 Navarro Ste 300<br>San Antonio, TX 78205 | 5765 | 11/19/2012 | $12,878.54 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors' books and records do not indicate any basis for liability with respect to subject property. Debtor was not a property owner.  Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 44 | The County of Denton, Texas, Collecting Property Taxes for Itself and for The City of The Colony, Texas, Krum Independent Sch<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269<br>Round Rock, TX 78680-1269 | 2033 | 11/01/2012 | $18,134.26 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | With respect to the 9 properties in the proof of claim. For Parcel Nos. 178432DEN, 194552DEN, 29738DEN & 2312DEN, the unpaid taxes cited within the proof of claim cover a period of time after the loan was paid in full.  For Parcel Nos. 235443DEN & 4027DEN, the Debtors' records reflect that taxes have been paid and satisfied.  With respect to Parcel Nos. 237475DEN & 234759DEN, the Debtor was not a property owner. The Debtor acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes.  For Parcel No. 938646DEN, the Debtors' books and records do not indicate any basis for liability with respect to subject property. |
| 45 | The County of Harrison, Texas, Collecting Property Taxes for Itself and for Harrison County Emergency Services District #1<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269<br>Round Rock, TX 78680-1269 | 2030 | 11/01/2012 | $637.62 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Taxes have been paid and satisfied by Debtor. Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |

**Exhibit C**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Dutchess County Commissioner of Finance<br>22 Market Street<br>Poughkeepsie, NY 12601 | 958 | 10/01/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 2 | Dutchess County Commissioner of Finance<br>22 Market Street<br>Poughkeepsie, NY 12601 | 959 | 10/01/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 3 | Carrollton-Farmers Branch Independent School District<br>c/o Andrea Sheehan<br>Law Offices of Robert E. Luna, P.C.<br>4411 North Central Expressway<br>Dallas, TX 75205 | 1336 | 10/24/2012 | $2,534.66 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | Pharr - San Juan - Alamo ISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5932 | 11/23/2012 | $920.31 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | City of San Juan<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5937 | 11/23/2012 | $500.11 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Seminole County Tax Collector<br>Ray Valdes<br>1101 East First Street<br>PO Box 630<br>Sanford, FL 32772 | 6437 | 01/18/2013 | $1,938.93 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 228 | 07/02/2012 | $4,072.96 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 234 | 07/02/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 324 | 07/23/2012 | $1,022.09 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 10 | PORTER COUNTY<br>PORTER COUNTY TREASURER<br>155 INDIANA AVENUE SUITE 209<br>VALPARAISO, IN 46383 | 677 | 09/24/2012 | $1,985.19 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SIXTY-FOURTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Lewisville Independent School District<br>c/o Andrea Sheehan<br>Law Offices of Robert E. Luna, P.C.<br>4411 North Central Expressway<br>Dallas, TX 75205 | 1337 | 10/24/2012 | $1,656.11 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 12 | LA JOYA ISD<br>DIANE W. SANDERS<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>P.O. BOX 17428<br>AUSTIN, TX 78760-7428 | 5929 | 11/23/2012 | $927.06 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |