**Hearing Date and Time:  June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
| 250 West 55th Street | FRANKEL LLP |
| New York, New York 10019 | 1177 Avenue of the Americas |
| Telephone:  (212) 468-8000 | New York, New York 10036 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 715-3280 |
| Gary S. Lee | Facsimile:  (212) 715-8000 |
| Norman S. Rosenbaum | Kenneth H. Eckstein |
| Jordan A. Wishnew | Douglas H. Mannal |
| Meryl L. Rothchild | Joseph A. Shifer |

*Co-Counsel to The ResCap Liquidating Trust*     *Co-Counsel to The ResCap Liquidating Trust*[1]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SIXTY-FIFTH**
**OMNIBUS CLAIMS OBJECTION (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*

*Liquidating Trust's Sixty-Fifth Omnibus Claims Objection (No Liability Claims)* (the

"Objection"), which seeks to alter your rights by disallowing your claim against the

above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable

---

[1] Kramer Levin Naftalis & Frankel LLP is co-counsel on the Objection with respect to certain claimants including, but not limited to, Credit Suisse Securities USA LLC, The Bank of New York Mellon, Resources Global Professionals, and Wilmington Trust SP Services Inc.

Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); and (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  May 1, 2014                          /s/ Norman S. Rosenbaum
        New York, New York                   Gary S. Lee
                                             Norman S. Rosenbaum
                                             Jordan A. Wishnew
                                             Meryl L. Rothchild
                                             **MORRISON & FOERSTER LLP**
                                             250 West 55th Street
                                             New York, New York 10019
                                             Telephone:  (212) 468-8000
                                             Facsimile:  (212) 468-7900

                                             and

                                             /s/ Joseph A. Shifer
                                             Kenneth H. Eckstein
                                             Douglas H. Mannal
                                             Joseph A. Shifer
                                             **KRAMER LEVIN NAFTALIS &
                                             FRANKEL LLP**
                                             1177 Avenue of the Americas
                                             New York, New York 10036
                                             Telephone:  (212) 715-3280
                                             Facsimile:  (212) 715-8000

                                             *Co-Counsel to The ResCap Liquidating
                                             Trust*[2]

---

[2] Kramer Levin Naftalis & Frankel LLP is co-counsel on the Objection with respect to certain claimants
   including, but not limited to, Credit Suisse Securities USA LLC, The Bank of New York Mellon,
   Resources Global Professionals, and Wilmington Trust SP Services Inc.

**Hearing Date and Time:  June 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  May 22, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
| 250 West 55th Street | FRANKEL LLP |
| New York, New York 10019 | 1177 Avenue of the Americas |
| Telephone:  (212) 468-8000 | New York, New York 10036 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 715-3280 |
| Gary S. Lee | Facsimile:  (212) 715-8000 |
| Norman S. Rosenbaum | Kenneth H. Eckstein |
| Jordan A. Wishnew | Douglas H. Mannal |
| Meryl L. Rothchild | Joseph A. Shifer |

*Co-Counsel to The ResCap Liquidating Trust*    *Co-Counsel to The ResCap Liquidating Trust*[1]

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------

## THE RESCAP LIQUIDATING TRUST'S SIXTY-FIFTH OMNIBUS
## <u>CLAIMS OBJECTION (NO LIABILITY CLAIMS)</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER <u>EXHIBIT A</u>, <u>EXHIBIT B</u>, <u>EXHIBIT C</u> OR <u>EXHIBIT D</u> ATTACHED TO
THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

[1]    Kramer Levin Naftalis & Frankel LLP is co-counsel on the Objection with respect to certain claimants including, but not limited to, Credit Suisse Securities USA LLC, The Bank of New York Mellon, Resources Global Professionals, and Wilmington Trust SP Services Inc.

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to terms of the Plan (defined below) filed in the above-captioned Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the Debtors (defined below), respectfully represents:

## **RELIEF REQUESTED**

1.     The Liquidating Trust files this sixty-fifth omnibus claims objection (the "<u>Objection</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "<u>Procedures Order</u>"), seeking entry of an order (the "<u>Proposed Order</u>"), in a form substantially similar to that attached hereto as <u>Exhibit 2</u>, disallowing and expunging the No Liability Claims (as defined below) listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> annexed to the Proposed Order.[2]   In support of this Objection, the Liquidating Trust submits the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Sixty-Fifth Omnibus Claims Objection (No Liability Claims)* (the "<u>Horst Declaration</u>"), attached hereto as <u>Exhibit 1</u>.

2.     The Liquidating Trust examined the proofs of claim identified on <u>Exhibit A</u> to the Proposed Order (collectively, the "<u>No Basis Claims</u>") as well as the books and records the Debtors maintained in the ordinary course of business, and determined that the No Basis Claims fail to articulate any legal or factual justification to qualify as liabilities of the Debtors.  Accordingly,

---

[2]     Claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> are reflected in the same manner as they appear on the Claims Register (defined herein) maintained by KCC.

the Liquidating Trust requests that the No Basis Claims be disallowed and expunged from the

Debtors' Claims Register (defined below).

3.      The Liquidating Trust examined the proofs of claim identified on <u>Exhibit B</u>

to the Proposed Order (collectively, the "<u>Non-Debtor Claims</u>") and determined that each one asserts

claims (i) against entities that are not one of the Debtors in the Chapter 11 Cases, or (ii) against a

Debtor entity for liabilities of non-Debtor entities.  Accordingly, the Liquidating Trust requests that

the Non-Debtor Claims be disallowed and expunged from the Debtors' Claims Register.

4.      The Liquidating Trust examined the proofs of claim identified on <u>Exhibit C</u>

to the Proposed Order (collectively, the "<u>Paid and Satisfied Claims</u>") and determined that such

claims are no longer valid because the Debtors or Liquidating Trust, as specified in <u>Exhibit C</u>

annexed to the Proposed Order, fully satisfied such claims in the ordinary course of business.

Accordingly, the Liquidating Trust requests that the Paid and Satisfied Claims be disallowed and

expunged from the Claims Register.

5.      Lastly, the Liquidating Trust examined the proofs of claim identified on

<u>Exhibit D</u> to the Proposed Order (collectively, the "<u>Redundant Claims</u>," and together with the No

Basis Claims, the Non-Debtor Claims, and the Paid and Satisfied Claims, the "<u>No Liability</u>

<u>Claims</u>") and determined that such claims are substantially duplicative of the corresponding claim

identified under the heading "*Reason for Disallowance*".  Redundant claims are distinguishable

from duplicate claims in that they are not exact replicas of certain proofs of claim, but are

substantially similar to such proofs of claim in that they appear to be filed by the same claimant, for

the same amount, and on account of a single claim.  Accordingly, the Liquidating Trust requests

that the Redundant Claims be disallowed and expunged from the Claims Register.

3

6.    The Liquidating Trust expressly reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

7.    No Borrower Claims (as defined in the Procedures Order) are included in this Objection.

## JURISDICTION

8.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General Case Background*

9.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10.    On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the noticing and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

11.    On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

4

12.     The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets.  See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

*Claims-Related Background*

13.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

14.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**BASIS FOR RELIEF**

15.     Based upon its review of the proofs of claim filed on the Claims Register maintained by KCC, the Liquidating Trust determined that the Debtors' books and records do not

ny-1139629

reflect any valid basis for any of the No Liability Claims identified on Exhibit A, Exhibit B, Exhibit C, and Exhibit D annexed to the Proposed Order. See Horst Declaration ¶¶ 5-9. Accordingly, if the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery against the Liquidating Trust to the detriment of the Liquidating Trust's beneficiaries. See id.

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

17.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). In addition, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).

18.     Furthermore, pursuant to Bankruptcy Rule 3007(d), a debtor may object to claims and seek their disallowance where such claims "duplicate other claims." Fed. R. Bankr. P.

3007(d)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative and/or redundant claims filed by the same creditor. See, e.g., Order Sustaining, in Part, Debtors' Eighteenth Omnibus Objection to Claims [Docket No. 3501], In re Eastman Kodak Co., Case No. 12-0202 (ALG) (Bankr. S.D.N.Y. Apr. 17, 2013) (ordering the disallowance and expungement of redundant claims identified by the debtors in their eighteenth omnibus claims objection); In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim). The Liquidating Trust is not required to make a distribution to a creditor on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

### A.   The No Basis Claims Should be Disallowed and Expunged

19.   The Liquidating Trust diligently analyzed the No Basis Claims and compared the claims set forth therein to the Debtors' books and records. After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such claim. See Horst Declaration ¶ 5. For instance, certain claimants assert claims on account of being purported vendors of the Debtors; however, based on a diligent review of the Debtors' books and records: (i) such claimant either is not a documented vendor with an account number with the Debtors, (ii) there is no record of any invoice amounts owing to the claimant by the Debtors, and/or (iii) the claimant did not attach an invoice to its proof of claim. See id. For these reasons, in addition to those set forth on Exhibit A to the Proposed Order under the

heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim.  See id.

20.    Therefore, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Basis Claims.

### B.    The Non-Debtor Claims Should be Disallowed and Expunged

21.    The Liquidating Trust diligently analyzed the Non-Debtor Claims and determined that the Non-Debtor Claims are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors, and do not set forth any valid factual or legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.  See Horst Declaration ¶ 6.  The basis for objecting to each of the Non-Debtor Claims is set forth in more detail on Exhibit B attached to the Proposed Order under the heading titled "*Reason for Disallowance*."  Accordingly, the Debtors are not liable to the claimants identified on Exhibit B attached to the Proposed Order.  See id.

22.    Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that the Court disallow and expunge in their entirety each of the Non-Debtor Claims.  See Horst Declaration ¶ 6.

### C.    The Paid and Satisfied Claims Should be Disallowed and Expunged

23.    Based upon its review of the proofs of claim filed on the Claims Register maintained by KCC, the Liquidating Trust determined that each Paid and Satisfied Claim identified on Exhibit C annexed to the Proposed Order has been satisfied by the Debtors or the Liquidating

Trust, as specified in Exhibit C annexed to the Proposed Order, in full during these Chapter 11

Cases pursuant to the authority granted to the Debtors by order of the Court, applicable law, or

otherwise.  See Horst Declaration ¶ 7.  Accordingly, these claims do not represent valid prepetition

claims against the Debtors.  If the Paid and Satisfied Claims are not disallowed and expunged, then

the claimants who filed these proofs of claim may potentially receive a wholly improper recovery in

these Chapter 11 Cases.  See id.

     24.    Accordingly, to avoid the possibility that certain claimants receive improper

recoveries against the Debtors' estates, and to ensure the Liquidating Trust's beneficiaries are not

prejudiced by such improper recoveries, the Liquidating Trust requests that the Court disallow and

expunge in their entirety each of the Paid and Satisfied Claims.  See Horst Declaration ¶ 7.

**D.**    **The Redundant Claims Should be Disallowed and Expunged**

     25.    Based upon its review of the claim reflected on Exhibit D annexed to the

Proposed Order, the Liquidating Trust determined that each Redundant Claim has already been

asserted in a corresponding proof of claim identified under the row titled "*Reason for*

*Disallowance*" on such exhibit.  See Horst Declaration ¶ 8.  The Liquidating Trust believes that it

was not the intention of the claimant asserting these Redundant Claims to seek a double recovery

against the Debtors' estates.  See id.  Instead, the filing of the Redundant Claims appears to be a

function of the claimants filing one or more additional (though not identical) proofs of claim for the

same dollar amount and on account of the same obligations as reflected in the corresponding claim

listed under the column entitled "*Reason for Disallowance*" on Exhibit D annexed to the Proposed

Order.  See id.  Regardless of the claimant's reason for filing the Redundant Claims, at most, only

one claim against the Debtors' estates should potentially be allowed for such claimant.  See id.

Moreover, elimination of the Redundant Claims will enable the Liquidating Trust to maintain a

9

claims register that more accurately reflects the universe of claims asserted against the Debtors' estates.  See id.

26.      Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that the Court disallow and expunge in their entirety each of the Redundant Claims.  See Horst Declaration ¶ 8.

## NOTICE

27.      The Liquidating Trust has served notice of this Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

ny-1139629

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 1, 2014
         New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

and

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-3280
Facsimile:  (212) 715-8000

*Co-Counsel to The ResCap Liquidating Trust*[3]

---

[3]    Kramer Levin Naftalis & Frankel LLP is co-counsel on the Objection with respect to certain claimants including, but not limited to, Credit Suisse Securities USA LLC, The Bank of New York Mellon, Resources Global Professionals, and Wilmington Trust SP Services Inc.

## Exhibit 1

**Horst Declaration**

ny-1139629

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                          )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,               )        Chapter 11
)
Debtors.                          )        Jointly Administered
)
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S SIXTY-FIFTH OMNIBUS CLAIMS OBJECTION**
**(NO LIABILITY CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC

and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "Debtors").[1]  I have been employed by affiliates of ResCap since August of

2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October

of 2013, I became the Chief Claims Officer of ResCap.  I began my association with ResCap in

2001 as the Director, Responsible Lending Manager, charged with managing the Debtors'

responsible lending on-site due diligence program.  In 2002, I became the Director of Quality

Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a

position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Liquidating Trust's Sixty-Fifth Omnibus Claims Objection (No Liability Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have continued the

---

[2]      Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

2

claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

A.    **The No Basis Claims**

5.    Based on a thorough review of the No Basis Claims at issue, the Liquidating Trust determined that each of the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" on Exhibit A to the Proposed Order is asserted against a Debtor that does not have liability for such claim for the reasons set forth in the corresponding column under the heading "*Reason for Disallowance.*" For instance, certain claimants assert claims on account of being purported vendors of the Debtors; however, based on a diligent review of the Debtors' books and records: (i) such claimant is not a documented vendor with an account number with the Debtors, (ii) there is no record of any invoice amounts owing to the claimant by the Debtors, and/or (iii) the claimant did not attach an invoice to its proof of claim. If the No Basis Claims are not disallowed and expunged, then the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of the Liquidating Trust's beneficiaries.

B.    **The Non-Debtor Claims**

6.    The Non-Debtor Claims listed on <u>Exhibit B</u> annexed to the Proposed Order are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors.  Moreover, the Liquidating Trust diligently evaluated any information provided by the claimants in the Non-Debtor Claims and determined that the Non-Debtor Claims do not set forth any valid factual or legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases. Therefore, the Debtors are not liable to the claimants identified on <u>Exhibit B</u> attached to the Proposed Order.  If each of the Non-Debtor Claims is not disallowed and expunged in its entirety, then the claimants who filed the Non-Debtor Claims may potentially receive a wholly improper recovery to the detriment of the Liquidating Trust's beneficiaries.

C.    **The Paid and Satisfied Claims**

7.    Based on a thorough review of the Paid and Satisfied Claims at issue, the Liquidating Trust determined that each claim listed on <u>Exhibit C</u> annexed to the Proposed Order should be disallowed and expunged because these claims were satisfied in full by the Debtors or the Liquidating Trust, as specified in <u>Exhibit C</u>, during these Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court.  If each of the Paid and Satisfied Claims is not disallowed and expunged in its entirety, then the claimants who filed such claims may potentially receive a wholly improper recovery to the detriment of the Liquidating Trust's beneficiaries.

D.    **The Redundant Claims**

8.    Based upon its review of the proofs of claim reflected on <u>Exhibit D</u> annexed to the Proposed Order, the Liquidating Trust determined that each Redundant Claim

4

listed on such exhibit duplicates (though is not identical to) at least one other claim filed by (i) the same claimant, (ii) for the same dollar amount, and (iii) on account of the same obligations as the corresponding claim identified under the row titled "*Reason for Disallowance*" on such exhibit. The Liquidating Trust believes that it was not the intention of the claimant asserting these Redundant Claims to seek a double recovery against the Debtors' estates. Instead, the filing of the Redundant Claims appears to be a function of the claimants filing one or more additional (though not identical) proofs of claim for the same dollar amount and on account of the same obligations as reflected in the corresponding claims listed on Exhibit D annexed to the Proposed Order. Regardless of the claimant's reason for filing the Redundant Claims, at most, only one claim against the Debtors' estates should potentially be allowed for such claimant. Moreover, elimination of the Redundant Claims will enable the Liquidating Trust to maintain a Claims Register that more accurately reflects the universe of claims asserted against the Debtors' estates.

9.    Accordingly, based upon these reviews, and for the reasons set forth in the Objection and Exhibit A, Exhibit B, Exhibit C, and Exhibit D to the Proposed Order, I have determined that each No Liability Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust

5

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|   | ) |   |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|   | ) |   |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S
### SIXTY-FIFTH OMNIBUS CLAIMS OBJECTION
### <u>(NO LIABILITY CLAIMS)</u>

Upon the sixty-fifth omnibus objection to claims, dated May 1, 2014 [Docket No.

____] (the "<u>Objection</u>")[1] of The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established

pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as

successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title

11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and

expunging the No Basis Claims on the basis that such claims fail to articulate any legal or factual

justification for asserting a claim against the Debtors' estates, the Non-Debtor Claims on the

grounds that they assert claims against entities that are not Debtors in the Chapter 11 Cases, the

Paid and Satisfied Claims on the grounds that each claim represents an obligation for which the

Debtors have no liability, and the Redundant Claims on the grounds that such claims are

duplicates of (though not identical to) corresponding, all as more fully described in the

Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection

having been provided, and it appearing that no other or further notice need be provided; upon

consideration of the Objection and the *Declaration of Deanna Horst in Support of ResCap

Liquidating Trust's Sixty-Fifth Claims Objection (No Liability Claims)*, annexed to the Objection

as Exhibit 1, respectively; and the Court having found and determined that the relief sought in

the Objection is in the best interests of the Debtors' estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Objection establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto (collectively, the "No Basis Claims") are hereby disallowed

and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit B annexed hereto (collectively, the "Non-Debtor Claims") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit C annexed hereto (collectively, the "Paid and Satisfied Claims") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ny-1139701

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit D annexed hereto (collectively, the "Redundant Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Claims identified on the schedules annexed hereto as Exhibit A, Exhibit B, Exhibit C, and Exhibit D so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on Exhibit A, Exhibit B, Exhibit C, and Exhibit D, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ny-1139701

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2014
      New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | |
| 1 | ALEXANDER PARKHURST<br>PO BOX 2018<br>WHITEFISH, MT 59937 | 7411 | 01/07/2014 | $857,142.86<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Allegations made by the claimant are for prepetition employment activity; therefore the claimant does not have a valid administrative claim. In addition claimant didn't file a GUC by the applicable bar date. |
| 2 | Cal Western Reconveyance Corporation<br>Attn Leslie A. Berkoff<br>Moritt Hock & Hamroff LLP<br>400 Garden City Plaza<br>Garden City, NY 11530 | 2873 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$67,248.35<br>$23,632.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Books and records research found no invoice amounts owed to claimant by Debtor.  Claimant did not provide invoices for certain portion of the claim amount;  some invoices were post-petition and certain invoices were disallowed and some invoices were paid. |
| 3 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5831 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,219,797.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 4 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5832 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,870,942.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 5 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5833 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,389,092.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 6 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5834 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,390,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Accredit Loans, Inc. | 12-12052 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 7 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5835 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Accredit Loans, Inc. | 12-12052 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | $10,894,212.00 | General Unsecured | | | |
| 8 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5836 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,520,409.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 9 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5837 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,961,876.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 10 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5838 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,828,051.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 11 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5839 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,107,973.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 12 | Credit Suisse Securities USA LLC<br>Attn Patrick Remmert<br>11 Madison Avenue<br>New York, NY 10010 | 5840 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$483,935.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Basis for claim is stated as 'General Litigation – Servicing – Mortgages,' but the claimant fails to identify any specific servicing claim or provide supporting documentation. |
| 13 | Denovus Corporation Ltd, Jefferson Capital Systems, LLC Assignee<br>Jefferson Capital Systems, LLC<br>PO Box 7999<br>Saint Cloud, MN 56302-9617 | 454 | 09/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$914.71 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RFC SFJV-2002, LLC | 12-12071 | Pre-petition claim amount of $914.71 was not found in Accounts Payable systems. Jefferson Capital Systems (JCS) is the servicer for Denovus Corporation.  Rescap Liquidating Trust contacted JCS for a copy of the invoice in the claim.  JCS is unable to provide invoice.  Per the detail provided in the claim, the invoice date is 1/14/1999 which is past the statute of limitations. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | |
| 14 | DEPARTMENT 015<br>335 MERCHANT ST<br>RM 221<br>HONOLULU, HI 96813 | 1667 | 10/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 15 | DEPARTMENT OF COMMERCE and CONSUMER AFFAIR<br>335 MERCHANT ST<br>RM 221<br>HONOLULU, HI 96813 | 1666 | 10/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 16 | DEPARTMENT OF COMMERCE and CONSUMER AFFAIRS<br>335 MERCHANT ST<br>RM 221<br>HONOLULU, HI 96813 | 1668 | 10/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 17 | FOX RUN OWNERS ASSOCIATION INC<br>8700 TURNPIKE DR 230<br>C O VISTA MANAGEMENT<br>WESTMINSTER, CO 80031 | 1064 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 18 | INDOOR ACTIVITY CENTER<br>8700 TURNPIKE DR STE230<br>WESTMINSTER, CO 80031 | 1049 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 19 | Mark A. Brown<br>Legal Mail RN-18781<br>381 W. Hospital Dr.<br>Orofino, ID 83544-9034 | 106 | 06/18/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$9,984.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Books and records research found no record of invoices or invoice amount owed to claimant by Debtor. |
| 20 | Piedmont Natural Gas Company<br>Attn CBO Bankruptcy<br>4339 S. Tryon Street<br>Charlotte, NC 28217-1733 | 415 | 08/20/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Capital, LLC | 12-12020 | No liability - Servicing records indicate that this was a residential property FCL sale, sold in 2/12, and asserts charges accrued after the FCL sale. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | $615.38 | General Unsecured | | | |
| 21 | RESOURCES GLOBAL PROFESSIONALS 17101 ARMSTRONG AVENUE IRVINE, CA 92614 | 727 | 09/25/2012 | $0.00 $0.00 $0.00 $0.00 $3,186.03 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Books and records research found no record of invoices or invoice amounts owed to claimant by Debtor. |
| 22 | The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH06-FA2 by First Horizon Home Loans, a division of First Tennessee Bank NA Lawrence J. Kotler, Esquire Duane Morris LLP | 5312 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Debtor has no liability for this claim as Claimant has not been damaged.  Public records show that there is no other lender on title since the erroneous release and the time the rescission of reconveyance was recorded on 4/19/12.  Claimant still has its lien position. |
| 23 | The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH06-FA2 by First Horizon Home Loans, a division of First Tennessee Bank NA Lawrence J. Kotler, Esquire Duane Morris LLP | 5355 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor has no liability for this claim as Claimant has not been damaged.  Public records show that there is no other lender on title since the erroneous release and the time the rescission of reconveyance was recorded on 4/19/12.  Claimant still has its lien position. |
| 24 | THE VILLAGE AT BROADLANDS 8700 TURNPIKE DR STE 230 C O VISTA MANAGEMENT WESTMINSTER, CO 80031 | 1061 | 10/09/2012 | $0.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 25 | VISTA MANAGEMENT ASSOCIATES 8700 TURNPIKE DR STE230 WESTMINSTER, CO 80031 | 1054 | 10/09/2012 | $0.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant asserts claim amount of $0. Books and records research showed no invoice amounts owed to claimant by Debtor. |
| 26 | VISTA PROPERTIES, LLC P.O. BOX 963 MONSEY, NY 10952-0923 | 4229 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $35,518.89 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no invoice amounts owed to claimant by Debtor.  Claimant did not provide invoices for Operating expenses listed in the POC. Claim amount related to taxes were paid. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | |
| 27 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2792 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 28 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2793 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Passive Asset Transactions, LLC | 12-12044 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 29 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2794 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 30 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2795 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RAHI B, LLC | 12-12049 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 31 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2796 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RAHI A, LLC | 12-12048 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 32 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2797 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | PATI B, LLC | 12-12046 | The claimant asserts protective claims related to the provision of independent director services.  Based on a review of the Debtors' books and records, there are no amounts owing to the claimant.  Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 33 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2798 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | PATI A, LLC | 12-12045 | The claimant asserts protective claims related to the provision of independent director services.  Based on a review of the Debtors' books and records, there are no amounts owing to the claimant.  Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 34 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2799 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 | The claimant asserts protective claims related to the provision of independent director services.  Based on a review of the Debtors' books and records, there are no amounts owing to the claimant.  Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 35 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2800 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The claimant asserts protective claims related to the provision of independent director services.  Based on a review of the Debtors' books and records, there are no amounts owing to the claimant.  Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 36 | Wilmington Trust SP Services Inc<br>Attn Thomas Strauss<br>1105 N Market Street, Suite 1300<br>Wilmington, DE 19801 | 2801 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | The claimant asserts protective claims related to the provision of independent director services.  Based on a review of the Debtors' books and records, there are no amounts owing to the claimant.  Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | |
| 37 | Wilmington Trust SP Services Inc Attn Thomas Strauss 1105 N Market Street, Suite 1300 Wilmington, DE 19801 | 2802 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 38 | Wilmington Trust SP Services Inc/ Wilmington Trust SP Services (Nevada), Inc. Attn Thomas Strauss 1105 N Market Street, Suite 1300 Wilmington, DE 19801 | 2791 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RCSFJV2004, LLC | 12-12051 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 39 | Wilmington Trust SP Services Inc/ Wilmington Trust SP Services (Nevada), Inc. Attn Thomas Strauss 1105 N Market Street, Suite 1300 Wilmington, DE 19801 | 2803 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC SFJV-2002, LLC | 12-12071 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 40 | Wilmington Trust SP Services Inc/ Wilmington Trust SP Services (Nevada), Inc. Attn Thomas Strauss 1105 N Market Street, Suite 1300 Wilmington, DE 19801 | 2804 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Management, LLC | 12-12066 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |
| 41 | Wilmington Trust SP Services Inc/ Wilmington Trust SP Services (Nevada), Inc. Attn Thomas Strauss 1105 N Market Street, Suite 1300 Wilmington, DE 19801 | 2805 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Holdings II, LLC | 12-12065 | The claimant asserts protective claims related to the provision of independent director services. Based on a review of the Debtors' books and records, there are no amounts owing to the claimant. Further, to the extent the claimant is asserting contingent indemnity claims related to the directors' performance of their duties, any such claims have been released under the Plan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 42 | Wisconsin Bell, Inc.<br>James Grudus, Esq.<br>c/o AT&T Services, Inc.<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921 | 287 | 07/19/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$324.80 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Claimant is not a vendor in AP systems.  The Liquidating Trust searched Debtor's records for all amounts paid to AT&T and was unable to find account number or dollar amount from the claim backup. |

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - NON-DEBTOR (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | AT&T Corp<br>James Grudus, Esq.<br>AT&T Services, Inc<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921 | 334 | 07/26/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$15,648.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The two invoices referenced in this claim are for companies that sound similar to the Debtors, but are not Debtors. Both of the invoiced companies have gone out of business. The Liquidating Trust believes AT&T mistakenly filed claim against the Debtors. The invoices do not belong to Residential Capital. |
| 2 | PAKIS GIOTES PAGE AND BURLESON<br>400 AUSTIN AVE STE 400<br>WACO, TX 76701 | 4105 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor has no liability for the claims asserted because i) the claims are for purported liabilities of non-Debtor entities, and ii) Claimant has failed to provide any evidence of Claimant's damages, and iii) to the extent the claim is for recovery of attorney's fees in the lawsuit, Debtor has no liability because any possible recovery of attorney's fees would be awarded to Plaintiffs in the lawsuit, not to Claimant. |
| 3 | SPL INTEGRATED SOLUTIONS<br>M & T BANK<br>PO BOX 62264<br>BALTIMORE, MD 21264-2264 | 504 | 09/17/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,020.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim is for goods purchased by non-debtor, Ally Auto Finance, the auto division of Ally. The invoice is addressed to Ally Auto Finance and is for batteries. |

**<u>Exhibit C</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Qwest Communications Corporation dba Centurylink CenturyLink Bankruptcy 700 W. Mineral Ave., AZ Room Littleton, CO 80120 | 388 | 08/10/2012 | $0.00 $0.00 $0.00 $0.00 $8,587.48 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | Qwest Communications dba Centurylink CenturyLink Bankruptcy 700 W. Mineral Ave., AZ Room Littleton, CO 80120 | 389 | 08/10/2012 | $0.00 $0.00 $0.00 $0.00 $6,336.21 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Transunion LLC Attn Accounts Receivable 555 West Adams Street Chicago, IL 60661 | 4429 | 11/12/2012 | $0.00 $0.00 $0.00 $0.00 $345.74 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

**Exhibit D**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT D
SIXTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - REDUNDANT (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Cal Western Reconveyance Corporation Attn Leslie A. Berkoff Moritt Hock & Hamroff LLP 400 Garden City Plaza Garden City, NY 11530 | 2875 | 11/07/2012 | $0.00 $0.00 $0.00 $67,248.35 $23,632.81 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Claim is redundant with claim 2873. |
| 2 | Cal Western Reconveyance Corporation Attn Leslie A. Berkoff Moritt Hock & Hamroff LLP 400 Garden City Plaza Garden City, NY 11530 | 2879 | 11/07/2012 | $0.00 $0.00 $0.00 $67,248.35 $23,632.81 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim is redundant with claim 2873. |
| 3 | UNIVERSAL MAIL DELIVERY SERVICE PO BOX 60250 LOS ANGELES, CA 90060 | 526 | 09/17/2012 | $0.00 $0.00 $0.00 $0.00 $537.15 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | This claim is a duplicate of POC 528. The invoice numbers and amounts provided with this claim are identical to POC 528.  Claim 528 is asserted against proper Debtor GMAC Mortgage. |