**Hearing Date and Time:  June 10, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Response Date and Time:  May 22, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Co-Counsel for the ResCap Liquidating*
*Trust*

MORRISON & FOERSTER LLP
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Co-Counsel for the ResCap Liquidating*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF RESCAP LIQUIDATING TRUST'S SIXTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (I) EXPUNGING AMENDED AND**
**SUPERSEDED CLAIMS; (II) REDESIGNATING AND ALLOWING CLAIMS;**
**(III) REDUCING AND ALLOWING CLAIMS; AND (IV) REDESIGNATING,**
**REDUCING AND ALLOWING CLAIMS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

　　　1.　　On May 1, 2014, the ResCap Liquidating Trust filed its *Sixty-Sixth Omnibus Objection to Claims (I) Expunging Amended and Superseded Claims; (II) Redesignating and Allowing Claims; (III) Reducing and Allowing Claims; and (IV) Redesignating, Reducing and Allowing Claims* (the "**Omnibus Objection**").

　　　2.　　A hearing (the "**Hearing**") to consider the Omnibus Objection shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004, on **June 10, 2014 at 10:00 a.m.** (prevailing Eastern Time).

　　　3.　　Any responses to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be

received no later than **May 22, 2014 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto; and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

       4.     If no responses to the Omnibus Objection are timely filed and served to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

       5.     A Copy of the Omnibus Objection can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
      May 1, 2014

                                   KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                   /s/ Joseph A. Shifer
                                   Kenneth H. Eckstein
                                   Douglas H. Mannal
                                   Joseph A. Shifer
                                   1177 Avenue of the Americas
                                   New York, New York 10036
                                   Telephone: (212) 715-9100
                                   Facsimile: (212) 715-8000

                                   -and-

                                   Gary S. Lee
                                   Norman S. Rosenbaum
                                   Jordan A. Wishnew
                                   Meryl L. Rothchild
                                   MORRISON & FOERSTER LLP
                                   250 West 55th Street
                                   New York, New York 10019
                                   Telephone:  (212) 468-8000
                                   Facsimile:  (212) 468-7900
                                   *Counsel for the ResCap Liquidating Trust*

-2-

**Hearing Date and Time: June 10, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: May 22, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

MORRISON & FOERSTER LLP
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Co-Counsel for the ResCap Liquidating*
*Trust*

*Co-Counsel for the ResCap Liquidating*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------- | ) | |

**RESCAP LIQUIDATING TRUST'S SIXTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (I) EXPUNGING AMENDED AND SUPERSEDED CLAIMS; (II)**
**REDESIGNATING AND ALLOWING CLAIMS; (III) REDUCING AND ALLOWING**
**<u>CLAIMS; AND (IV) REDESIGNATING, REDUCING AND ALLOWING CLAIMS</u>**

---

**THIS OBJECTION SEEKS TO MODIFY AND/OR DISALLOW AND EXPUNGE CERTAIN**
**PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE**
**THEIR NAMES AND CLAIMS ON THE EXHIBITS ATTACHED TO THE PROPOSED**
**ORDER. A CLAIMANT MAY HAVE CLAIMS INCLUDED ON MORE THAN ONE EXHIBIT.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON THE**
**EXHIBITS ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT**
**THE LIQUIDATING TRUST'S COUNSEL, JOSEPH A. SHIFER, AT (212) 715-9100.**

---

# TABLE OF CONTENTS

**Page**

JURISDICTION ................................................................................................................ 2

BACKGROUND ............................................................................................................... 2

RELIEF REQUESTED...................................................................................................... 4

    A.    Amended and Superseded Claims ........................................................... 4

    B.    Redesignate and Allow Claims............................................................... 4

    C.    Reduce and Allow Claims ....................................................................... 5

    D.    Redesignate, Reduce and Allow Claims................................................. 5

OBJECTION...................................................................................................................... 6

    A.    Applicable Legal Standard....................................................................... 6

    B.    The Amended and Superseded Claims Should be Disallowed and
        Expunged ................................................................................................ 6

    C.    The Redesignate and Allow Claims Should Be Redesignated and Allowed
        As Modified ............................................................................................ 7

    D.    The Reduce and Allow Claims Should be Reduced and Allowed as
        Modified.................................................................................................. 8

    E.    The Redesignate, Reduce and Allow Claims Should Be Redesignated,
        Reduced and Allowed As Modified........................................................ 9

NOTICE............................................................................................................................ 10

NO PRIOR REQUEST ..................................................................................................... 10

CONCLUSION.................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
  Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb.
  20, 2007) ...................................................................................................................6

*In re Best Payphones, Inc.*,
  Case No. 01-15472 (SMB), 2002 WL 31767796 (Bankr. S.D.N.Y. Dec. 11,
  2002) .........................................................................................................................6

*In re Enron Corp.*,
  Case No. 01 B 16034 (AJG), 2005 WL 3874285 (Bankr. S.D.N.Y. Oct. 5,
  2005) .........................................................................................................................6

*In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*,
  160 B.R. 882 (Bankr. S.D.N.Y. 1993) .......................................................................7

*In re Oneida Ltd.*,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009) .......................................................................6

*In re Rockefeller Ctr. Props.*,
  272 B.R. 524 (Bankr. S.D.N.Y. 2000) .......................................................................6

**Statutes**

11 U.S.C. § 502(a) ...............................................................................................................6

11 U.S.C. § 502(b) .........................................................................................1, 2, 6, 8, 9

28 U.S.C. § 157 ...................................................................................................................2

28 U.S.C. § 1334 ...............................................................................................................2

28 U.S.C. § 157(b) ..............................................................................................................2

28 U.S.C. §§ 1408 ..............................................................................................................2

28 U.S.C. § 1409 ...............................................................................................................2

**Other Authorities**

Fed. R. Bankr. P. 1015(b) ...................................................................................................2

Fed. R. Bankr. P. 3007(d) .........................................................................................1, 2, 3

- ii -

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

       The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this sixty-sixth omnibus objection to claims (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "**Claims Objection Procedures Order**"), seeking entry of an order (the "**Proposed Order**"), in a form substantially similar to that attached hereto as **Annex 2**, (a) disallowing and expunging the claims listed on **Exhibit A** annexed to the Proposed Order, and (b) modifying (by redesignating[1] and/or reducing) and allowing the claims listed on **Exhibit B**, **Exhibit C**, and **Exhibit D** annexed to the Proposed Order.[2]  In support of the Objection, the Liquidating Trust submits the declaration of Deanna Horst, Chief Claims Officer for the Liquidating Trust (the "**Horst Declaration**"), attached hereto as **Annex 1**.  In support of the Objection, the Liquidating Trust respectfully represents as follows:

---

[1]    As used herein, the term "redesignate" (or "redesignating") means modify or modifying a proof of claim filed against the incorrect Debtor to accurately reflect the Debtor that may be liable on the Claims Register (as defined herein).

[2]    Claims listed on Exhibits A through D are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,  and Article XII of the Plan (defined herein). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules.

## BACKGROUND

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "**Creditors' Committee**").

5.       On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

6.      The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity

Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)," Plan, Art. VIII.A.3.

7.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

8.    On  August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").  The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").  Bar Date Order at ¶¶ 2-3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was **not** extended.

9.    On March 21, 2013, the Court entered the Claims Objection Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Claims Objection Procedures Order.

10.    To date, over 7,400 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

## **RELIEF REQUESTED**

11.    By this Objection, the Liquidating Trust seeks to disallow, expunge, redesignate, and/or modify certain claims listed on the Claims Register as follows.

### A.    **Amended and Superseded Claims**

12.    The Liquidating Trust examined the proofs of claim identified on **Exhibit A** to the Proposed Order (collectively, the "**Amended and Superseded Claims**") and determined that such proofs of claim have been amended and superseded by at least one subsequently-filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively, the "**Surviving Claims**").  The Liquidating Trust seeks the disallowance and exupungement of the Amended and Superseded Claims from the Claims Register and preservation of the Liquidating Trust's right to later object to any Surviving Claim on any basis.

### B.    **Redesignate and Allow Claims**

13.    The Liquidating Trust also examined the proofs of claim identified on **Exhibit B** to the Proposed Order and determined, after consulting the Debtors' books and records, that such proofs of claim (collectively, the "**Redesignate and Allow Claims**") were filed against the incorrect Debtor.  The Liquidating Trust seeks to (a) modify the Redesignate and Allow Claims to reflect a liability asserted against the corresponding Debtor set forth under the heading "*Modified Debtor Name*" on **Exhibit B** and (b) allow each Redesignate and Allow Claim in the asserted amount against the modified Debtor.

- 4 -

C.    **Reduce and Allow Claims**

14.    The Liquidating Trust also examined the proofs of claim identified on **Exhibit C** to the Proposed Order and determined, after consulting the Debtors' books and records, that such proofs of claim (collectively, the "**Reduce and Allow Claims**") were filed in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust seeks to modify the Reduce and Allow Claims by reducing them to the amounts set forth under the heading "*Modified Claim Amount*" and to allow each Reduce and Allow Claim only to the extent of such modified amount.

D.    **Redesignate, Reduce and Allow Claims**

15.    The Liquidating Trust also examined the proofs of claim identified on **Exhibit D** to the Proposed Order and determined, after consulting the Debtors' books and records, that such proofs of claim (collectively, the "**Redesignate, Reduce and Allow Claims**," and together with the Amended and Superseded Claims, the Redesignate and Allow Claims, and the Reduce and Allow Claims, the "**Claims**") were filed against the incorrect Debtor and in an amount that is greater than the actual amount for which the Debtors' estates are liable.  The Liquidating Trust seeks to (a) modify the Redesignate, Reduce and Allow Claims by reducing them to the corresponding amounts set forth under the heading "*Modified Claim Amount*" on **Exhibit D** and (b) allow each Redesignate, Reduce and Allow Claim against the corresponding Debtor set forth under the heading "*Modified Debtor Name*" on **Exhibit D** only to the extent of such modified amount.

16.    The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which the Court does not grant the relief requested herein, and to object to any basis as to any surviving Claim that is not allowed pursuant to the relief requested herein.

17.    No Borrower Claims (as defined in the Claims Objection Procedures Order) are included in this Objection.

## OBJECTION

### A.    Applicable Legal Standard

18.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

19.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged.  *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

### B.    The Amended and Superseded Claims Should be Disallowed and Expunged

20.    Based upon its review of the claims filed on the Claims Register, the Liquidating Trust determined that each Amended and Superseded Claim has been amended and

superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor against the same debtor. *See* Horst Declaration ¶ 4.

21.    The Debtors are not required to pay on the same claim more than once. *See*, *e.g.*, *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of the Amended and Superseded Claims will also enable the maintenance of the Claims Register that more accurately reflects the claims asserted against the Liquidating Trust.

22.    Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Liquidating Trust requests that the Court disallow and expunge in their entirety the Amended and Superseded Claims.[3]  The Surviving Claims will remain on the Claims Register subject to further objections on any other basis.

### C.    The Redesignate and Allow Claims Should Be Redesignated and Allowed As Modified

23.    Based upon a review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined, after consulting the Debtors' books and records, that each Redesignate and Allow Claim was filed against the incorrect Debtor.  *See* Horst Declaration ¶ 5.

24.    After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that each of the Redesignate and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the claimed amounts.  *See id.*

---

[3]    Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Liquidating Trust will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

25.    The Debtor listed on **Exhibit B** to the Proposed Order under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate and Allow Claims, as reflected in the Debtors' books and records as of the Petition Date.  *See id.*  ¶ 6. The holders of the Redesignate and Allow Claims should not be allowed to recover on claims from the incorrect Debtor's estate to the detriment of other creditors with valid claims against such Debtor.  Accordingly, the Liquidating Trust requests that this Court modify and allow each such Redesignate and Allow Claim against the corresponding Debtor listed on **Exhibit B** under the column heading "*Modified Debtor Name*."

### D.    The Reduce and Allow Claims Should be Reduced and Allowed as Modified

26.    Based upon a review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined, after consulting the Debtors' books and records, that each Reduce and Allow Claim was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.  *See id.*  ¶ 7.

27.    After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that each of the Reduce and Allow Claims overstate the liability owed by the Debtors to the claimant. As set forth on **Exhibit C** under the column heading "*Reason for Modification*," these claims need to be modified because the claimant (a) asserts claims for invoices not found in the Debtors' books and records; (b) fails to value the Reduce and Allow Claims as of the Petition Date; and/or (c) fails to take into account the satisfaction of certain claimed liabilities. *See* 11 U.S.C. § 502(b); *see also* Horst Declaration ¶ 7.

28.    The amounts listed on **Exhibit C** under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims as reflected in the

- 8 -

Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date. *See* Horst Declaration ¶ 8.  The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the actual value of these claims, the Liquidating Trust requests that the Court reduce each Reduce and Allow Claim to the corresponding amount listed on **Exhibit C** under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

### E.     The Redesignate, Reduce and Allow Claims Should Be Redesignated, Reduced and Allowed As Modified

29.     Based upon a review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined, after consulting the Debtors' books and records, that each Redesignate, Reduce and Allow Claim was filed against the incorrect Debtor and in an amount that is greater than the actual amount for which the Debtors' estates are liable.  *See* Horst Declaration ¶ 9.

30.     After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that the Redesignate, Reduce and Allow Claims do not reflect the correct amount of liability owed by the Debtors to the claimant because they fail to value the Redesignate, Reduce and Allow Claims as of the Petition Date, fail to take into account the Debtors' satisfaction of certain claimed liabilities, and/or assert claims for invoices not found in the Debtors' books and records, as set forth on **Exhibit D** under the column heading "*Reason For Modification*." *See* 11 U.S.C. § 502(b); Horst Declaration ¶ 9.  The Liquidating Trust further determined based on a review of the claimants' supporting documentation and the Debtors' books and records that each of the Redesignate, Reduce and

- 9 -

Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the reduced amounts. *See* Horst Declaration ¶ 9.

31. The amounts listed on **Exhibit D** under the column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date. *See id.* ¶ 10. The Debtor listed on **Exhibit D** under the column heading "*Modified Debtor Name*" represents the Debtor reflected in the Debtors' books and records that is liable for the Redesignate, Reduce and Allow Claims, as reduced. *See id.* The holders of the Redesignate, Reduce and Allow Claims should not be allowed to recover more than the value of their claims, or to recover on claims from the incorrect Debtor's estate. Accordingly, in order to properly reflect the actual value of these claims, the Liquidating Trust requests that this Court reduce each Redesignate, Reduce and Allow Claim to the corresponding amount listed on **Exhibit D** under the column heading "*Modified Claim Amount*" and allow each such Redesignate, Reduce and Allow Claim only to the extent of such modified amount and only against the corresponding Debtor listed on **Exhibit D** under the column heading "*Modified Debtor Name*."

## NOTICE

32. The Liquidating Trust has served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Claims Objection Procedures Order. The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

33. No previous request for the relief sought herein as against the holders of the Claims has been made by the Liquidating Trust to this or any other court.

- 10 -

## <u>CONCLUSION</u>

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
      May 1, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

-and-

Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

- 11 -

## **Annex 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                          )
In re:                                    )      Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )      Chapter 11
                                          )
                        Debtors.          )      Jointly Administered
---------------------------------------------------------------  )

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP
LIQUIDATING TRUST'S SIXTY-SIXTH OMNIBUS OBJECTION
TO CLAIMS (I) EXPUNGING AMENDED AND SUPERSEDED CLAIMS; (II)
REDESIGNATING AND ALLOWING CLAIMS; (III) REDUCING AND ALLOWING
CLAIMS; AND (IV) REDESIGNATING, REDUCING AND ALLOWING CLAIMS**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**").   I was formerly employed by affiliates of ResCap beginning in August of 2001.   In June 2012, I became Senior Director of Claims Management for ResCap and became Chief Claims Officer of ResCap in October of 2013.   I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.   In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice

President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this declaration (the "**Declaration**") in support of the *ResCap Liquidating Trust's Sixty-Sixth Omnibus Objection to Claims (I) Expunging Amended and Superseded Claims; (II) Redesignating  and Allowing Claims; (III) Reducing and Allowing Claims; and (IV) Redesignating, Reducing and Allowing Claims* (the "**Objection**").[1]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

---

[1]      Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D** annexed to the Proposed Order.  Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same.  In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the Amended and Superseded Claims at issue, whether or not the Surviving Claims specifically state on their face that they are amendments of the corresponding Amended and Superseded Claims, it was determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed*" on **Exhibit A** annexed to the Proposed Order has been amended and superseded by a later-filed claim or claims by the same claimant that was determined to relate to the same subject matter.  The examination of those claims revealed that the Surviving Claims were filed by the same claimant, and on account of the same obligations, as that creditor's corresponding claim previously filed with the Court and/or KCC.  If the Amended and Superseded Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive a wholly improper recover to the detriment of other creditors.

- 3 -

5.    Based on a thorough review of the Redesignate and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, it was determined that each claim listed on **Exhibit B** attached to the Proposed Order was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the claimed amounts.

6.    It was determined that that the Debtor listed on **Exhibit B** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate and Allow Claims, as reflected in the Books and Records as of the Petition Date.    If the Redesignate and Allow Claims are not modified as requested, the claimants who filed these Redesignate and Allow Claims would receive a recovery from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

7.    Based on a thorough review of the Reduce and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, it was determined that each claim listed on **Exhibit C** attached to the Proposed Order does not reflect the correct amount of liability owed by the applicable Debtor to the claimant because it fails to value the Reduce and Allow Claim as of the Petition Date, fails to take into account the satisfaction of certain claimed liabilities, and/or asserts claims for invoices not found in the Books and Records, as set forth on **Exhibit C** under the column heading "*Reason For Modification*."

8.    It was determined that the amounts listed on **Exhibit C** under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims as reflected in the Books and Records as of the Petition Date, less any amounts already satisfied after the Petition Date.    If the Reduce and Allow Claims are not modified as requested, the

claimants who filed these Reduce and Allow Claims would recover in excess of that to which they are legally entitled, to the detriment of other creditors.

9.      Based on a thorough review of the Redesignate, Reduce and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, it was determined that each claim listed on **Exhibit D** attached to the Proposed Order does not reflect the correct amount of liability owed by the applicable Debtor to the claimant because it fails to value the Redesignate, Reduce and Allow Claim as of the Petition Date, fails to take into account the satisfaction of certain claimed liabilities, and/or asserts claims for invoices not found in the Books and Records, as set forth on **Exhibit D** under the column heading "*Reason For Modification*."   It was further determined based on a review of the claimants' supporting documentation and the Books and Records that each of the Redesignate, Reduce and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the reduced amounts.

10.      It was determined that the amounts listed on **Exhibit D** under the column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce and Allow Claims as reflected in the Books and Records as of the Petition Date, less any amounts already satisfied after the Petition Date.   It was also determined that the Debtor listed on **Exhibit D** under the column heading "*Modified Debtor Name*" represents the Debtor reflected in the Books and Records that is liable for the Redesignate, Reduce and Allow Claims, as reduced. If the Redesignate, Reduce and Allow Claims are not modified as requested, the claimants who filed these Redesignate, Reduce and Allow Claims would recover in excess of that to which they are legally entitled, to the detriment of other creditors, and such recovery would be paid from the

incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

11.     Accordingly, based upon this review and for the reasons set forth in the Objection, I have determined that each Amended and Superseded Claim, Redesignate and Allow Claim, Reduce and Allow Claim, and Redesignate, Reduce and Allow Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 1, 2014

 /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC

## **Annex 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                            )

In re:                         )     Case No. 12-12020 (MG)

                            )

RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11

                            )

               Debtors.     )     Jointly Administered

                            )
-------------------------------------------------------------------

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SIXTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (I) EXPUNGING AMENDED AND**
**SUPERSEDED CLAIMS; (II) REDESIGNATING AND ALLOWING CLAIMS; (III)**
**REDUCING AND ALLOWING CLAIMS; AND (IV) REDESIGNATING,**
<u>**REDUCING AND ALLOWING CLAIMS**</u>

Upon the sixty-sixth omnibus objection to claims (the "**Objection**")[1] of the

ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"), (i) disallowing and

expunging the Amended and Superseded Claims and (ii) modifying and allowing the

Redesignate and Allow Claims, the Reduce and Allow Claims, and the Redesignate, Reduce and

Allow Claims, all as more fully described in the Objection; and it appearing that this Court has

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration

of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Objection having been provided, and it appearing that no other or

further notice need be provided; and upon consideration of the Objection and the *Declaration of*

*Deanna Horst in Support of the ResCap Liquidating Trust's Sixty-Sixth Omnibus Objection to*

*Claims (I) Expunging Amended and Superseded Claims; (II) Redesignating and Allowing*

*Claims; (III) Reducing and Allowing Claims; and (IV) Redesignating, Reducing and Allowing*

*Claims* annexed to the Objection as **Annex 1**; and the Court having found and determined that

the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating

Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases

set forth in the Objection establish just cause for the relief granted herein; and the Court having

determined that the Objection complies with the Claims Objection Procedures Order; and after

due deliberation and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.     The relief requested in the Objection is granted to the extent provided

herein.

2.     Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on

**Exhibit A** annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "**Amended and Superseded Claims**") are hereby disallowed and expunged in

their entirety with prejudice.

- 2 -

3.      The claims listed on **Exhibit A** annexed hereto under the heading "Surviving Claims" (collectively, the "**Surviving Claims**") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time.

4.      The disallowance and expungement of the Amended and Superseded Claims does not constitute any admission or finding with respect to any of the Surviving Claims.

5.      Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded Claims identified on the schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims Register.

6.      Pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit B** attached hereto (collectively, the "**Redesignate and Allow Claims**") is redesignated against the Debtor set forth on **Exhibit B** under the column heading "*Modified Debtor Name*" and allowed in the amount and priority set forth on **Exhibit B** under the column heading "*Claim Amount.*"

7.      KCC is directed to allow the Redesignate and Allow Claims in the amount and priority set forth on **Exhibit B** under the column heading "*Claim Amount*" against the Debtor set forth on **Exhibit B** under the column heading "*Modified Debtor Name.*"

8.      Pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit C** attached hereto (collectively, the "**Reduce and Allow Claims**") is reduced and allowed in the amount and priority set forth on **Exhibit C** under the column heading "*Modified Claim Amount*" and any asserted amounts in excess of the reduced amount are disallowed and expunged.

- 3 -

9.      KCC is directed to allow the Reduce and Allow Claims in the amount and priority set forth on **Exhibit C** under the column heading "*Modified Claim Amount*" and to disallow and expunge any asserted amounts in excess of the reduced amount.

10.      Pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit D** attached hereto (collectively, the "**Redesignate, Reduce and Allow Claims**") is redesignated, reduced and allowed in the amount and priority set forth on **Exhibit D** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit D** under the column heading "*Modified Debtor Name*," and any asserted amounts in excess of the reduced amount are disallowed and expunged.

11.      KCC is directed to allow the Redesignate, Reduce and Allow Claims in the amount and priority set forth on **Exhibit D** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit D** under the column heading "*Modified Debtor Name*," and to disallow and expunge any asserted amounts in excess of the reduced amount.

12.      The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

13.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

14.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of (1) any Surviving Claim, and (ii) any claim not listed on **Exhibit A**, **Exhibit B**, **Exhibit C**, or **Exhibit D** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to

any such Surviving Claim and any claim that is not listed on **Exhibit A**, **Exhibit B**, **Exhibit C**,

or **Exhibit D** annexed hereto.

15.     This Order shall be a final order with respect to each of the  Claims

identified on **Exhibit A**, **Exhibit B**, **Exhibit C**, or **Exhibit D** annexed hereto, as if each such

Claim had been individually objected to.

16.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated:_____, 2014
        New York, New York


_____
        THE HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Amended and Superseded Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1  Galveston County<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 5822 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$8,189.22 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC<br>Mortgage,<br>LLC | 12-12032 | Galveston County<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 6956 | 08/13/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,265.19 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC<br>Mortgage,<br>LLC | 12-12032 |
| 2  Hidalgo County<br>John T. Banks<br>Perdue, Brandon, Fielder, Collins & Mott,<br>L.L.P.<br>3301 Northland Drive Suite 505<br>Austin, TX 78731 | 6320 | 12/04/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$648.84 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 | Hidalgo County<br>John T. Banks<br>Perdue, Brandon, Fielder, Collins & Mott,<br>L.L.P.<br>3301 Northland Drive Suite 505<br>Austin, TX 78731 | 7320 | 01/09/2014 | $0.00 Administrative Priority<br>$661.79 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 |
| 3  McAllen Independent School District<br>John T. Banks<br>Perdue, Brandon, Fielder, Collins & Mott,<br>L.L.P.<br>3301 Northland Drive Suite 505<br>Austin, TX 78731 | 6323 | 12/04/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,136.68 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 | McAllen Independent School District<br>John T. Banks<br>Perdue, Brandon, Fielder, Collins & Mott,<br>L.L.P.<br>3301 Northland Drive Suite 505<br>Austin, TX 78731 | 7319 | 01/09/2014 | $0.00 Administrative Priority<br>$1,124.39 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 |
| 4  Merrill Lynch Mortgage Investors, Inc.<br>Jill Fairbrother Assistant General Counsel<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01<br>New York, NY 10020 | 2737 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 | Merrill Lynch Mortgage Investors, Inc.<br>Jill Fairbrother Assistant General Counsel<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01<br>New York, NY 10020 | 5890 | 11/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 |
| 5  Merrill Lynch Mortgage Lending, Inc.<br>Jill Fairbrother Assistant General Counsel<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01<br>New York, NY 10020 | 2738 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 | Merrill Lynch Mortgage Lending, Inc.<br>Jill Fairbrother Assistant General Counsel<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01<br>New York, NY 10020 | 5889 | 11/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 |
| 6  Merrill Lynch, Pierce, Fenner & Smith<br>Incorporated<br>Jill Fairbrother<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01 | 87 | 06/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Asset<br>Securities<br>Corporation | 12-12054 | Merrill Lynch, Pierce, Fenner & Smith<br>Incorporated<br>Jill Fairbrother<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01 | 2747 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Asset<br>Securities<br>Corporation | 12-12054 |
| 7  Merrill Lynch, Pierce, Fenner & Smith<br>Incorporated<br>Jill Fairbrother Assistant General Counsel<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01 | 88 | 06/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 | Merrill Lynch, Pierce, Fenner & Smith<br>Incorporated<br>Jill Fairbrother<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01 | 2748 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 |
| 8  Merrill Lynch, Pierce, Fenner & Smith<br>Incorporated<br>Jill Fairbrother Assistant General Counsel<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01 | 89 | 06/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential<br>Mortgage<br>Products, Inc. | 12-12053 | Merrill Lynch, Pierce, Fenner & Smith<br>Incorporated<br>Jill Fairbrother<br>Global Banking & Markets Litigation<br>Bank of America<br>50 Rockefeller Plaza, NY1-050-07-01 | 2745 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Asset<br>Mortgage<br>Products, Inc. | 12-12053 |
| 9  PNC Mortgage, a division of PNC Bank,<br>NA<br>Christian S. Martin<br>3232 Newmark Drive (B6-YM14-01-4)<br>Miamisburg, OH 45342 | 3574 | 11/08/2012 | UNLIQUIDATED Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$2,076,101.22 General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 | PNC Mortgage, a division of PNC Bank,<br>NA<br>Christian S. Martin<br>3232 Newmark Drive (B6-YM14-01-4)<br>Miamisburg, OH 45342 | 6410 | 01/07/2014 | UNLIQUIDATED Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential<br>Funding<br>Company, LLC | 12-12019 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| | Name of Claimant | | | | | | | | | | |
| 10 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 3581 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7237 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 11 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7187 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7161 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 12 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7188 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ditech, LLC | 12-12021 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7238 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ditech, LLC | 12-12021 |
| 13 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7189 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | DOA Holding Properties, LLC | 12-12022 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7239 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | DOA Holding Properties, LLC | 12-12022 |
| 14 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7190 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | DOA Properties IX (Lots-Other), LLC | 12-12023 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7240 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | DOA Properties IX (Lots-Other), LLC | 12-12023 |
| 15 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7191 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | EPRE LLC | 12-12024 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7241 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | EPRE LLC | 12-12024 |
| 16 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7192 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Equity Investment I, LLC | 12-12025 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7242 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Equity Investment I, LLC | 12-12025 |
| 17 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7193 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ETS of Virginia, Inc. | 12-12026 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7243 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ETS of Virginia, Inc. | 12-12026 |
| 18 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7194 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ETS of Washington, Inc. | 12-12027 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7244 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ETS of Washington, Inc. | 12-12027 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | | | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 19 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7195 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Executive Services, LLC | 12-12028 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7245 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Executive Services, LLC | 12-12028 |
| 20 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7196 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7246 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 21 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7197 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7247 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 |
| 22 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7198 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7248 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 23 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7199 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7249 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 24 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7200 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7250 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 |
| 25 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7201 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7251 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 |
| 26 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7202 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACM Borrower LLC | 12-12035 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7252 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACM Borrower LLC | 12-12035 |
| 27 Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7203 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACM REO LLC | 12-12036 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7253 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACM REO LLC | 12-12036 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 28 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7204 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACR Mortgage Products, LLC | 12-12037 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7254 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACR Mortgage Products, LLC | 12-12037 |
| 29 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7205 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | HFN REO Sub II, LLC | 12-12038 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7255 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | HFN REO Sub II, LLC | 12-12038 |
| 30 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7206 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Home Connects Lending Services, LLC | 12-12039 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7256 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Home Connects Lending Services, LLC | 12-12039 |
| 31 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7207 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7257 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 |
| 32 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7208 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7258 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 33 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7209 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Ladue Associates, Inc. | 12-12043 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7259 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Ladue Associates, Inc. | 12-12043 |
| 34 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7210 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Passive Asset Transactions, LLC | 12-12044 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7260 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Passive Asset Transactions, LLC | 12-12044 |
| 35 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7211 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | PATI A, LLC | 12-12045 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7261 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | PATI A, LLC | 12-12045 |
| 36 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7212 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | PATI B, LLC | 12-12046 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7262 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | PATI B, LLC | 12-12046 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 37 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7213 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7263 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 |
| 38 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7214 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RAHI A, LLC | 12-12048 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7264 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RAHI A, LLC | 12-12048 |
| 39 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7215 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RAHI B, LLC | 12-12049 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7265 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RAHI B, LLC | 12-12049 |
| 40 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7216 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7266 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 |
| 41 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7217 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RCSFJV2004, LLC | 12-12051 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7267 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RCSFJV2004, LLC | 12-12051 |
| 42 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7218 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7268 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 43 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7219 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7269 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 44 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7220 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7270 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 45 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7221 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services of Alabama, LLC | 12-12055 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7271 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services of Alabama, LLC | 12-12055 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 46 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7222 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services of Ohio, LLC | 12-12056 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7272 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services of Ohio, LLC | 12-12056 |
| 47 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7223 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7273 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 |
| 48 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7224 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services, LLC | 12-12058 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7274 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Consumer Services, LLC | 12-12058 |
| 49 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7225 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7275 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 |
| 50 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7226 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7276 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 51 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7227 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7277 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 52 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7228 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7278 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 |
| 53 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7229 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7279 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 |
| 54 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7230 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC-GSAP Advance, LLC | 12-12064 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7280 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC-GSAP Servicer Advance, LLC | 12-12064 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-SIXTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 55 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7231 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Asset Holdings II, LLC | 12-12065 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7281 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Asset Holdings II, LLC | 12-12065 |
| 56 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7232 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Asset Management, LLC | 12-12066 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7282 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Asset Management, LLC | 12-12066 |
| 57 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7233 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Borrower LLC | 12-12068 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7283 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Borrower LLC | 12-12068 |
| 58 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7234 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC REO LLC | 12-12070 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7284 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC REO LLC | 12-12070 |
| 59 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7235 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC SFJV-2002, LLC | 12-12071 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7285 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC SFJV-2002, LLC | 12-12071 |
| 60 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7236 | 11/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Construction Funding, LLC | 12-12069 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 | 7286 | 08/26/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Construction Funding, LLC | 12-12069 |

## **Exhibit B**

**Redesignate and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-SIXTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 1244 | 10/18/2012 | $0.00 $0.00 $0.00 $0.00 $2,220.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Residential Funding Company, LLC | 12-12019 |
| 2 | Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 1245 | 10/18/2012 | $0.00 $0.00 $0.00 $0.00 $426.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Asset Securities Corporation | 12-12054 | Residential Funding Company, LLC | 12-12019 |
| 3 | Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 1246 | 10/18/2012 | $0.00 $0.00 $0.00 $0.00 $923.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Residential Funding Company, LLC | 12-12019 |
| 4 | Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 1248 | 10/18/2012 | $0.00 $0.00 $0.00 $0.00 $435.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Residential Funding Company, LLC | 12-12019 |
| 5 | Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 1249 | 10/18/2012 | $0.00 $0.00 $0.00 $0.00 $2,262.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Accredit Loans, Inc. | 12-12052 | Residential Funding Company, LLC | 12-12019 |
| 6 | Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 1250 | 10/18/2012 | $0.00 $0.00 $0.00 $0.00 $568.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Residential Funding Company, LLC | 12-12019 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-SIXTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 7 | DINSMORE & SHOHL LLP<br>PO BOX 640635<br>CINCINNATI, OH 45264-0635 | 1172 | 10/12/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$785.40 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | GMAC Mortgage, LLC | 12-12032 |
| 8 | DOWNS RACHLIN MARTIN PLLC<br>PROF. CORP<br>90 PROSPECT ST<br>ST JOHNSBURY, VT 05819-0099 | 1494 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,010.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 9 | MidAmerican Energy Co<br>PO Box 4350 Credit<br>Davenport, IA 52808 | 21 | 05/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$11,784.16 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 10 | Northern States Power Co., A Minnesota Corporation, DBA Xcel Energy<br>PO Box 727<br>La Crosse , WI 54602 | 77 | 06/11/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$28,962.24 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Residential Funding Company, LLC | 12-12019 |
| 11 | Southwestern Bell Telephone Company<br>James Grudus, Esq.<br>c/o AT&T Services, Inc<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921 | 3589 | 11/12/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,103.09 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 12 | ThompsonMcMullan, P.C.<br>William D. Prince, IV, Esq<br>100 Shockoe Slip<br>Richmond, VA 23219 | 3591 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$11,290.97 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SIXTY-SIXTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 13 | United Parcel Service c/o Receivable Management Services (RMS) PO Box 4396 Timonium, MD 21094 | 877 | 10/01/2012 | $0.00 $0.00 $0.00 $0.00 $175.66 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | GMAC Mortgage, LLC | 12-12032 |

## **Exhibit C**

**Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

SIXTY-SIXTH OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Armstrong Teasdale LLP<br>7700 Forsyth Blvd., Suite 1800<br>Saint Louis, MO 63105 | 1880 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$9,779.33 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$5,257.00 General Unsecured | Reduced claim due to amounts not found in books and records. |
| 2 | HAYNSWORTH SINKLER BOYD PA<br>C/O TARA E. NAUFUL, ESQ.<br>134 MEETING ST, 4TH FLOOR<br>CHARLESTON, SC 29401 | 6771 | 03/05/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,036.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$885.00 General Unsecured | Reduced claim due to post-petition amounts paid but included by claimant in the claim amount. |
| 3 | HERC U LIFt Inc<br>5655 HWY 12 W<br>PO BOX 69<br>MAPLE PLAIN, MN 55359-0069 | 607 | 09/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$145.82 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$107.27 General Unsecured | Reduced claim due to different balances in the claim vs in books and records. POC lists claim amount of $145.82, however, invoice attached to the claim is for $107.27. Rescap Liquidating Trust (RLT) called claimant to clarify difference. Claimant indicated difference of $38.55 was for finance charges. However, claimant was unable to provide a revised invoice. Claimant advised RLT to reduce claim to invoice amount of $107.27 which equals the SOAL amount. |
| 4 | LAW OFFICES OF ROBERT C DOUGHERTY<br>1130 SW Morrison St<br>STE 210<br>Portland, OR 97205-2213 | 576 | 09/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,279.23 General Unsecured | Residential Funding Company, LLC | 12-12019 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$728.50 General Unsecured | Reduced claim due to invoices amounts disallowed and invoices paid. Invoice 23766 was paid. Invoice 24029 is allowed. |
| 5 | UNIVERSAL 004<br>PO BOX 60250<br>LOS ANGELES, CA 90060 | 528 | 09/17/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$537.15 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$380.83 General Unsecured | Reduced claim due to post-petition amounts paid but included by claimant in the claim amount. |
| 6 | Weir & Partners LLP<br>Bonnie R. Golub, Esq.<br>1339 Chestnut Street, Suite 500<br>Philadelphia, PA 19107 | 1182 | 10/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,663.20 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,917.75 General Unsecured | Reduced claim due to 1.) different balances in the claim vs in books and records, 2.) invoices for a different debtor included in claim, and 3.) invoices not found in books and records. |

## **Exhibit D**

**Redesignate, Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT D

SIXTY-SIXTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE, REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason For Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AT&T Corp<br>Karen A. Cavagnaro - Lead Paralegal<br>AT&T Services, Inc<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921 | 7352 | 01/29/2014 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$57,688.31 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$55,618.86 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Based on books and records, claim was asserted against incorrect debtor entity. In addition, claim does not match books and records of correct debtor entity. |
| 2 | DINSMORE AND SHOHL LLP<br>PO BOX 640635<br>CINCINNATI, OH 45264 | 1175 | 10/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$7,846.15 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$723.15 General Unsecured | Residential Funding Company, LLC | 12-12019 | Reduced claim based on (1) post petition amounts paid in ordinary course of business, (2) invoices not found in books and records, and, (3) invoices disallowed. Claim asserted against the wrong debtor entity. |
| 3 | Foster Swift Collins & Smith, P.C.<br>Deanna Swisher (P38341)<br>313 S. Washington Square<br>Lansing, MI 48933 | 2011 | 10/31/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$779.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$395.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to invoices not found in books and records. Claim asserted against the wrong debtor entity. |
| 4 | Office Depot<br>6600 N. Military Trail - S401F<br>Boca Raton, FL 33496 | 47 | 05/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$37,153.12 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$28,100.14 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to (1) invoices not found in books and records, (2) different balances in the claim vs in books and records, and (3) invoices claimed were against non-debtor entities. Portion of the claim asserted against incorrect debtor. |
| | | | | | | | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$526.14 General Unsecured | Residential Funding Company, LLC | 12-12019 | |
| 5 | Wright, Finlay & Zak, LLP<br>Attn Nichole Glowin<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | 6870 | 06/27/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$10,050.72 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,135.70 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to different balances in the claim vs in books and records and invoices paid. Claim asserted against the wrong debtor entity. |