**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— )
                                                              )
In re:                                                   )        Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, et al.,     )        Chapter 11
                                                              )
                                      Debtors.       )        Jointly Administered
———————————————————————— )

**STIPULATION AND ORDER WITH RESPECT TO THE MOTION
OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, SEEKING
LIMITED DISCOVERY FROM THE DEBTORS AND
RELIEF FROM THE STAY IMPOSED BY THE FHFA ORDER**

This stipulation and order (the "Stipulation and Order") is made and entered into by the

ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Plan (defined

below) in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), by and through its

undersigned counsel, on the one hand, and U.S. Bank National Association, as Indenture Trustee,

("U.S. Bank" and together with the Trust, the "Parties") on the other.

**WHEREAS**, on May 14, 2012, each of the above-captioned debtors of the Chapter 11

Cases (the "Debtors") filed voluntary petitions in this Court for relief under Chapter 11 of title 11

of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on October 12, 2012, the Court entered the *Memorandum Opinion and*

*Order Denying the Motions of the Federal Housing Finance Agency and Underwriter*

*Defendants to Compel Document Discovery from the Debtors* [Docket No. 1813] (the "FHFA

Order");

**WHEREAS**, it is the Trust's position that the FHFA Order enjoins all third-party

discovery directed to the Debtors or their successors (the "FHFA Order Injunction");

**WHEREAS**, U.S. Bank is Plaintiff in a case captioned *U.S. Bank National Association v. GreenPoint Mortgage Funding, Inc.* (Index No. 600352/09) (the "GreenPoint Action") pending before the Honorable Marcy S. Friedman in the New York State Supreme Court, New York County.  U.S. Bank has advised the Trust that the GreenPoint Action has been bifurcated into "Phase 1" and "Phase 2" discovery to address (a) standing issues and (b) loan and securitization issues, respectively.  U.S. Bank has advised the Trust that as of the date of this Stipulation and Order, "Phase 1" issues are not yet determined, and U.S. Bank's and GreenPoint Mortgage Funding, Inc.'s ("GreenPoint") respective motions for summary judgment on said standing issues have been fully briefed but not yet heard by the New York State Court;

**WHEREAS**, none of the Debtors is a party to the GreenPoint Action;

**WHEREAS**, on or about January 16, 2013, counsel for U.S. Bank served a third-party subpoena on GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation) ("GMACM") in connection with the GreenPoint Action, requesting certain documents, including email correspondence (the "Subpoena"), and in response thereto, on January 18, 2013, GMACM advised U.S. Bank in writing of the FHFA Order Injunction;

**WHEREAS**, at various times subsequent to the service of the Subpoena, the Parties conferred in an effort to reach a mutually acceptable compromise of U.S. Bank's request seeking limited third-party discovery from the Debtors and relief from the FHFA Order Injunction;

**WHEREAS**, on or about April 23, 2013, U.S. Bank filed the *Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from the Stay Imposed by the FHFA Order* [Docket No. 3513] (the "Motion");

**WHEREAS**, among other things, the Motion sets forth U.S. Bank's Discovery Request[1] from the Debtors in accordance with the Subpoena;

**WHEREAS**, the Debtors have advised U.S. Bank that, on or about February 15, 2013, GMACM and Ocwen entered into a sub-servicing agreement pursuant to which Ocwen services certain of the Loans as sub-servicer on behalf of GMACM;

**WHEREAS**, on May 28, 2013, the Parties entered into a stipulation and order [Docket No. 3839] (the "Discovery Stipulation") in an effort to consensually resolve the Motion and the Discovery Request, and agreed to interim relief from the FHFA Order Injunction, subject to the terms and conditions of the Discovery Stipulation.  Pursuant to the Discovery Stipulation, the Debtors, have produced certain documents in response to the Discovery Request;

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the effective date of the Plan occurred and, among other things, the Trust was established [Docket No. 6137]; and

**WHEREAS**, the Plan provides for the creation and implementation of the Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible to wind down the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22;

**WHEREAS**, the Parties, acknowledge the following: (i) "Phase 2" discovery in the GreenPoint Action has not yet commenced; (ii) U.S. Bank has advised the Trust that the need for

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as in the Discovery Stipulation (defined herein).

and timing of, among other things, any additional discovery U.S. Bank potentially may seek from the Debtors relating to "Phase 2" issues are unknown as of the date of this Stipulation and Order; (iii) the Trust desires to minimize any unnecessary administrative expenses incurred in further adjourning the Motion and managing the Motion on the docket for the Chapter 11 Cases; and (iv) the Parties desire to continue to reserve their rights, as set forth in the Discovery Stipulation, and have discussed a solution to address these considerations;

**WHEREAS**, the Parties have conferred and agreed to address the Motion as set forth in this Stipulation and Order.

NOW THEREFORE, the Parties hereby agree and stipulate as follows:

1.      As of the entry of this Stipulation and Order, U.S. Bank shall withdraw the Motion without prejudice from the docket of the Chapter 11 Cases.

2.      The Parties agree that for purposes of this Stipulation and Order, to reduce any administrative costs and burdens on either Party, should U.S. Bank intend to renew the Motion and its Discovery Request, U.S. Bank shall file a notice (the "Notice") at such time.  U.S. Bank shall include in the Notice references to the Motion, the Discovery Stipulation, and this Stipultion and Order, and serve the Notice in accordance with the with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] in the Chapter 11 Cases.

3.      The Parties agree that for purposes of this Stipulation and Order, if U.S. Bank files the Notice, U.S. Bank reserves the right to seek production of documents requested in the Subpoena, including files relating to the Loans from GMACM in connection with the Motion, and the Trust reserves the right to object to such request in all respects.  U.S. Bank also reserves the right to seek production of such documents from Ocwen, and the Trust reserves the right to object to such request.

4

4.       In the event U.S. Bank elects not to renew the Motion, it shall advise the Trust upon such determination, in which case U.S. Bank shall withdraw the Motion with prejudice, indicating that the Motion has been resolved and that no further proceedings are required.

5.       This Stipulation and Order is without prejudice to any right of (a) U.S. Bank to seek the relief requested in the Motion at any future hearing held to consider the Motion, and (b) the Trust to oppose any such relief at any future hearing held to consider the Motion, in all respects, including the enforcement in all respects of the FHFA Order Injunction.

6.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

7.       This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

8.       Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

9.       This Stipulation and Order shall be of no force and effect unless and until it is So Ordered by the Court.

*[signatures on following page]*

Dated: April 22, 2014

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Meryl L. Rothchild

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

Dated: April 22, 2014

 /s/ Constance M. Boland
Constance M. Boland
Paige Berges
Emily Sy

NIXON PEABODY, LLP
437 Madison Avenue
New York, NY 10022
Telephone:  (212) 940-3122
Fax:  (212) 947-2210

*Attorneys for U.S. Bank National Association, as Indenture Trustee*


**SO ORDERED**.

Dated:  May 2, 2014
         New York, New York

            **/s/Martin Glenn**
            MARTIN GLENN
            United States Bankruptcy Judge