# DESIGNATION OF THE CONTENTS TO BE INCLUDED IN THE RECORD ON APPEAL

NOW COMES the Appellant, Francine Silver, and submits this Designation of Record on Appeal, and requests that the following items be contained in the record of this appeal:

1. The Plan

2. Francine Silver's Motion for Payment.

3. The Order denying the Motion for Payment

4. The Motion for Reconsideration

5. The Order denying the Motion for Reconsideration

6. All related exhibits.



Respectfully,



Francine Silver

## STATEMENT OF ISSUES RAISED BY FRANCINE SILVER.

### 1. Should the Judge have disqualified himself?

The Honorable Judge Martin Glenn had a prior relationship with the Honorable Judge James Judge Peck who worked on this very case before retiring from the bench and joining the Debtor's law firm in the same week my motion was filed. NY Court rules state that a Judge should disqualify himself if his impartiality may be reasonably questioned.

### 2. May the Judge's impartiality be reasonably questioned?

The Judge's impartiality is an issue because of his prior relationship with Judge Peck. It is also questionable because he asserts an argument on behalf of the Debtor's and rules in their favor even though they did not respond or contest my motion. Also the Judge ignores most of my arguments, claims they have no merit and are not worth discussing even though they include the Rules of the Court, Governing Language in the plan and the established doctrine of Promissory Estoppel.

### 3. Did the Judge Act with impartiality?

By refusing to address my arguments and by asserting an argument on behalf of the Debtors and then ruling in their favor even though they did not respond or contest the motion, it raises the issue as to whether the Judge acted with impartiality.

### 4. Should the Judge assert an argument for the Debtor's when the Debtor's did not even respond to or contest the motion for payment?

This is an issue because it puts Movant in the unenviable position of having to argue directly against the Judge who seems to act more as defense counsel than an impartial Judge.

### 5. Were the rules of the Court abided by?

Whether the Judge's actions were in accordance with Court rules is an issue.

### 6. Was there Due Process and if so why were my arguments ignored?

Before being deprived of my right to payment on my claim, I have a right to have all my argument addressed and not dismissed without consideration.

### 7. What is an allowed claim and can additional conditions be attached?

Although claim # 61 meets the plan's definition of an allowed claim, the Judge asserts that it is not yet allowed. The definition of an allowed claim is an issue.

### 8. Did claim #61 meet the definition of an allowed claim on the effective date?

The claim was not listed as disputed on the effective date so it must have been allowed. This is an issue.

### 9. When should allowed claims be paid and can additional conditions be attached?

The plan calls for allowed claims to be paid <u>on or as soon as practicable following the effective date</u> but the Judge interprets the plan as meaning "as soon as practicable following the expiration of the 270 day claims objection deadline" The Judge also adds another condition not found anywhere in the language of the plan that also requires a pro rata distribution to other similarly situated creditors This is an issue.

### 10. What does "on or as soon as practicable following the effective date" mean?

The plan calls for prompt payment but Debtor's seek to delay for as long as possible. This is an issue.

### 11. Does the Claims Objection Deadline apply to claims that were deemed allowed on the effective date?

This is an issue because if the claims objection applies, it contradicts the ruling language in Article VIII.

### 12. Does Article VIII-2 of the plan apply to my claim?

This is an issue because the Judge refuses to address my argument regarding Article VIII.

### 13. Does Article VIII govern in the event of a dispute?

This is an issue because there is now a dispute and article VIII governs in the event of a dispute but the Judge refuses to address this issue.

### 14. What does Article VIII mean when it states "*On or after the Effective Date, the Liquidating Trust shall have and shall retain any and all rights and defenses that the Debtors had with respect to any Claim, <u>except with respect to any Claim (i) deemed Allowed as of the Effective Date</u>*"

This is an issue because if Article VIII meant for the claims objection to apply to allowed claims, it would not specifically exempt them.

### 15. Does the Doctrine of Promissory Estoppel apply?

This is an issue because Movant was led to believe the claim would be paid and did rely on the claim being paid as agreed but the Judge ignores this argument.

**16. Why is there a recorded transfer of my Deed of Trust from GMAC to US Bank for valuable consideration on March 25th, 2013 when this sale was apparently not reported to or authorized by the Bankruptcy Court?**

This is an issue because it shows on going fraud and fabrication of documents in an active bankruptcy and also increases my damages.

**17. If it is determined that the Debtor's willfully breached the terms of the settlement agreement, thereby causing me additional damages, should my claim be paid in full and/or additional damages awarded?**

This is an issue because Movant continues to suffer physically, emotionally and financially while Debtors breach their duties under the plan.

Respectfully,

*Francine Silver*

Francine Silver

# PROOF OF SERVICE
## Case No. 12-12020 (MG) In re Residential Capital, LLC et al.

**Delivery by U.S. Mail**: Proof of Service by Mail.

I, Marcus Silver, declare that I am over the age of eighteen years and not a party to the action. My address is 8613 Franklin Avenue, Los Angeles, CA 90069.

On May 1, 2014, I served conforming copies of THE DESIGNATION OF THE CONTENTS TO BE INCLUDED IN RECORDS ON APPEAL and and the STATEMENT OF ISSUES for Claim # 61 by placing a true copy in the United States mail enclosed in a sealed envelope with postage fully prepaid, addressed to as follows:

**United States Bankruptcy Court**
Southern District of New York
One Bowling Green Room 534
New York, NY 10004-1408



**Counsel to the Debtors**
Gary S. Lee
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

**UNITED STATES COURT OF APPEALS FOR SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, NY 10007

*PRO SE* OFFICE
**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 1st, 2014 in Los Angeles, California.

_____          MARCUS SILVER
Signature                          Type or Print Name