Karen M. Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(714) 512-5740
Claimant Unrepresented




**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case 12-12020 |
| Residential Capital, LLC, et. al. | ) |
| | ) MOTION FOR RECONSIDERATION OF |
| Debtors | ) ORDER DATED 02/26/14 PURSUANT TO |
| | ) RULES 9023 and 9024. |
| | ) [Claims 4738 and 5632] |
| | ) |
| | ) [No appearances necessary] |
| | ) |

**TO DEBTORS AND ALL INTERESTED PARTIES – PLEASE TAKE NOTICE THAT** Karen Michele Rozier, Claimant, represented pro se applies to this Court for reconsideration of the ORDER SUSTAINING OBJECTION TO MOTIONS OF KAREN MICHELE ROZIER FOR PAYMENT ON CLAIMS entered on 02/26/14 pursuant to Federal Rules of Bankruptcy Procedure Rules 9023 and 9024. All opposition must be in writing within ten (10) days from service.

**TABLE OF CONTENTS**

I. BACKGROUND ---------------------------------------------- 1

II. II CLAIMANT'S REQUEST IS PROPER --------------------- 4

III. RELIEF REQUESTED ---------------------------------------- 5

IV. DISCUSSION -------------- --------------------------------- 5

V. CLAIMAINT'S REQUEST IS REASONABLE ------------------ 8

VI. CALIFORNIA ACTION -------------------------------------- 10

VII. CONCLUSION ---------------------------------------------- 11

**REFERENCED, CITED OR RELEVANT FILED DOCUMENTS**

| | | |
|---|---|---|
| 6173 | 6173 | 6401 |
| 6402 | 6461 | 6519 |
| 6597 | 6777 | |

**LIST OF EXHIBITS**

Exhibit **1** TRUSTEE'S DEED UPON SALE

Exhibit **2** RESCISSION OF TRUSTEE'S DEED UPON SALE

Exhibit **3** PRELIMINARY INJUNCTION

Exhibit **4** ORDER GRANTING TEMPORARY RESTRAINING ORDER

~~Exhibit 5 ORDER DENYING MOTION TO DISMISS~~

Exhibit **6** NOTICE OF CONTINUED TRIAL

~~Exhibit 7 APPRAISAL~~

Exhibit **8** APPELLANT'S REPLY

Exhibit **9** EMERGENCY MOTION FOR STAY OF PROCEEDING

## I. BACKGROUND

1. On November 14, 2012, Claimant timely filed claim number 4738 (the "GMACM claim") against Debtor GMACM. The GMACM Claim alleges liability for, among other things, the claims asserted in California Case No 30-2008 00217056, Rozier vs. GMAC Mortgage and Mortgage Electronic Registration System, Inc, (the *initial* California action) for the Debtors pre-bankruptcy bad acts from December 2007 up until the bankruptcy filing. As Debtor foreclosed illegally on Claimant after it received relief from the bankruptcy stay, Claimant filed a separate suit 30-2012-00601310-CU-OR-CJC for the Debtor's POST-bankruptcy petitions.
2. On November 16, 2012, Claimant timely filed claim number 5632 (the "ETS Claim") against Debtor ETS, also for its bad acts from October 2008 up until the bankruptcy filing. The ETS Claim also alleges liability for the reasons asserted in the *initial* California Action, though Claimant was then accusing ETS of fraudulently concealing its relationship with the Debtor GMACM. Claimant accused ETS of not being a Trustee but of being an illegal debt collecting activity for GMACM, something that was proven in this action. As Debtor foreclosed illegally on Claimant after it received relief from the bankruptcy stay, Claimant filed a separate suit 30-2012-00601310-CU-OR-CJC for the Debtor's POST-bankruptcy petitions.
3. In February 2013, Debtors' U.S. Bank provided Claimant with her entire loan file as part of the California Action. In that file were incriminating documents showing that the Debtors had engaged in fraud, discrimination, violations of state and federal lending laws, and were just plain bad. This was the first opportunity Claimant would have to review these documents.

4. Debtors invoked bankruptcy protection and frightened the Pro Se litigant with the threat of federal prison if she continued to pursue her charges outside of bankruptcy. Claimant has no action against Debtors outside of this action.
5. In June 2013, the Debtors gave Claimant her first opportunity to state her full claim (pre and post bankruptcy) and she did in July 2013. Those claims form the basis for Claimant's present demand. She also dismissed all charged against all Debtors in California.
6. On December 23, 2013, Claimant requested payment of her so-far unopposed claims, one which Debtor has already started paying. The Debtors began paying Claimant's GMACM claim with a payment from the Independent Foreclosure Review in January 2014. Debtors now claim they have the option to oppose Claimant's claims. She refutes that allegation and asserts that each of her claims is allowed.
7. Claimant submitted her requested for payment in January 2014. These are items 6401 and 6402 in the docket. These demands were for the wrongful acts of the Debtors – GMAC Mortgage, LLC fka GMAC MORTGAGE CORPORATION, Executive Trustee Services, LLC dba ETS SERVICES, LLS, and RESIDENTIAL FUNDING COMPANY, LLC fka RESIDENTIAL FUNDING CORPORATION, Attorney-in-Fact. Through her Motions, Claimant seeks $29,841,120.01 from Debtors. Plaintiff earlier made her demands known on December 23, 2013 with docket item numbers 6173 and 6173-1.
8. Debtors opposed. Its opposition is item 6461 in the docket.
9. Claimant's reply is item 6597 in the docket. Her Reply was received by the Clerk on February 24, 2014, but not entered until March 4, 2014.
10. The Court sustained Debtors' objections and denied Claimant's request on February 26, 2014. The Court's Order is item 6519 in the docket and does not address the Claimant's Reply. Claimant requests the Court review that Reply when it considers this motion.

11. Debtors recently submitted its NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS) on 04/11/14. It is Item 6777 on the docket. Claimant has carefully reviewed that document and notices that Debtor is not objecting to her claims this month though they clearly are aware of her demands. Claimant denies and refutes each and every one of Debtors' claims or counterclaims

## II CLAIMANT'S REQUEST IS PROPER

12. Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which establishes the grounds on which a court may grant relief from a final order. Rule 9024 provides that relief may be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). Claimant states on information and belief that she can show misrepresentation by Debtors. Claimant further states that newly-discovered evidence is available that shows that the ORDER as it stands is no longer equitable, and that other causes exist to justify relief.

13. Claimant apologizes for the delay in making this request. Claimant is without representation or assistance in each of her civil actions against the Debtors, its co-Defendants and their attorneys[1].

[1] Civil actions against the Debtors (12-12020), its co-Defendants (California Superior Court 13-60106, and 30-2012 00601310-CU-RO-CJC), and their attorneys (California Court of Appeals: G048311, G048321, California Superior Court 30-2014-00703172).

## III. RELIEF REQUESTED

14. Claimant seeks immediate payment of claims 4738 and 5632 from Debtors.

## IV. DISCUSSION

15. In its opposition motion, Debtors:

a. Claim that it believes that Ocwen foreclosed on Claimant's property. [See footnote, page 3] They include the lawsuit where Claimant is suing Debtor ResCap for that wrongful foreclosure. A true and correct copy of the TRUSTEE'S DEED UPON SALE is attached hereto as Exhibit **1**. As per the Exhibit **1** doc, the Debtor ResCap – not Ocwen – committed the wrongful act of foreclosure on September 24, 2012. Debtors misled this federal court into believing it did not violate the Court's order, but it clearly did as evidence by the reversal a few days after Claimant initiated the California action on September 27, 2012. A true and correct copy of the RESCISSION OF TRUSTEE DEED UPON SALE dated October 4, 2012 is attached hereto as Exhibit **2**. Debtors' misrepresentations were deliberate and intentional acts and should be viewed as an admission of guilt. The Montana 18th Judicial District Court of Gallatin County recently held in *McCulley vs. U.S. Bank* that *"U.S. Bank "blatantly misrepresented an important fact" in one of its briefs filed with this Court.* The court determined that *"This egregious behavior by the Bank constitutes intentional deceit and supports the conclusion that the Bank's conduct was reprehensible"* [para 8, page 13] Debtors clearly suspected that if the Court knew the truth about how it has continually lied since December 2007, causing Claimant's family and her continual and extreme hardship,

the Court might not be so callous towards the Claimant's injuries. Debtors continued to mislead the court with its opposition.

b. Allege that Claimant filed the California action to stop a foreclosure. **The California action was filed after the foreclosure had already taken place and before the foreclosure was rescinded.** Claimant sued Debtors and its co-Defendants[2] to reverse the foreclosure and continues to sue to collect damages. Claimant is suing in multiple venues because the large international conglomerates are attacking her or hiding from her in multiple venues. The Debtors are playing the California court against the federal court in New York and federal court in California, trying to escape accountability in each venue by claiming it is being examined in all. The substances of Debtors' claims have been examined by the California court and it responded with a Preliminary Injunction [Feb 5, 2013]. A true and correct copy of that injunction is attached hereto as EXHIBIT **3**. Debtors and U.S. Bank attempted to violate the injunction on February 6, 2013 and were slapped with an ORDER GRANTING TEMPORARY RESTRAINING ORDER. A true and correct copy of that ORDER is attached hereto as EXHIBIT **4**. A decision to issue a preliminary injunction rests within the superior court's sound discretion. *(IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69.) A plaintiff is only entitled to the issuance of a preliminary injunction when the court finds pecuniary compensation to the plaintiff would be inadequate (Code of Civ. Proc., 526, subd. (a)(4)) or the proper pecuniary compensation would be difficult to ascertain (Code of Civ. Proc., § 526, subd. (a)(5)). We

[2] U.S. Bank and Bank of America

presume an order granting an injunction is correct. *(Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An order granting a preliminary injunction is appealable. (Code of Civ. Proc., § 904.1, subd. (a)(6); *Ragland v. U.S. Bank National Assn*. (2012) 209 Cal.App.4th 6182, 208.) Neither Debtors nor its co-Defendants appealed the orders.

c. Also write, *"there has not yet been a determination by the Court or an acknowledgment by the Trust that the Claims are allowed".* That is not true. Debtors began paying Claimant on January 27, 2014 with the payment from the Independent Foreclosure Review, Reference NUMBER 1000978665. The letter reads *"Dear Karen Rozier, You were recently sent a notice that you are eligible to receive a payment as a result of an agreement between federal banking regulators and GMAC Mortgage, LLC in connection with an enforcement action related to deficient mortgage servicing and foreclosure processes."* Clearly they examined Claimant's allegations when they chose to pay her ***something*** rather than nothing.

16. The Court sustained Debtors' objections and denied Claimant's request on February 26, 2014. The Court's Order does not address the Claimant's Reply. Claimant requests the Court review that Reply when it considers this motion. In its ORDER, the Court wrote:

a. *"A hearing on a motion to dismiss these claims, as well as a motion for sanctions, is scheduled for March 2014 in California."* [page 3] – Motion to Dismiss was denied. ~~A true and correct copy of that order is attached hereto as EXHIBIT 5.~~ deleted The trial was continued until February 2014. A true and correct copy of that order is attached hereto as EXHIBIT **6**. In the California case, the Debtors' attorney Severson and Werson, APC

continues to assert that Claimant's home is a 2,096 square foot home worth only $375,000 – incapable of securing a $575,000 note. Claimant recently obtained an appraisal of the subject property showing that it is (still) a 4,206 square foot masterpiece currently worth $750,000 according to the very conservative appraisal. Simply put, Debtors and U.S. Bank has misled the courts regarding the size and value of Claimant's home for over five years, just to cover-up their initial wrongful acts. That is called fraud. A true and correct copy of that appraisal is included with the Reply Brief ~~attached hereto as EXHIBIT X.~~ A true and correct copy of Claimant's Reply to the Ninth Circuit Court of Appeals is attached hereto as Exhibit **8**.

b. "*... Trust rightfully asserts ... would only be entitled to a distribution if and when the Claims were to become allowed."* - Debtors claimed that if Claimant's claims were allowed, I would be paid from three sources, including the IFR. Debtors began paying Claimant on January 27, 2014 from the IFR, so Claimant's claims must be allowed.

17. Debtors recently submitted its NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS) on 04/11/14. It is Item 6777 on the docket. Debtors did not object to Claimant's demands in this most recent round even though it has had ample time to review Claimant's allegations and demands. Claimant denies and refutes each and every one of ResCap claims.

## V. CLAIMAINT'S REQUEST IS REASONABLE

18. Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which governs motions for amendment of a

judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted).

19. This case is related to Ninth Circuit Court of Appeals Case 13-60106, Rozier vs. U.S. Bank. In its most recent false filing, its attorney [Severson and Werson, APC] claim their clients – ResCap, GMACM, ETS, and US Bank – initiated the September 2012 foreclosure against Claimant's home due to a default declared in March 2008. In Claimant's Reply Brief, she demonstrates that default was rescinded in December 2009 after she litigated against Debtors GMACM, ETS and their co-Defendant MERS[3]. In its Appellee's Brief, they also alleged that Claimant (Debtor in that case) took out a note worth more than the value of her small home. Claimant showed that she has an unusually large home[4] that is twice the size and value of U.S Bank's claims, and worth considerably more than the alleged debt. Debtors are relying on the false filings of their co-Defendants, as

---

[3] Claimant made other allegations against Debtors that include that GMACM and ETS fraudulently concealed its relationship, that ETS was not properly licensed to conduct business in California, that GMACM was suspended in California when it claims it was involved in a business relationship with Claimant, and that GMACM forced default.

[4] The average home is less than 2,000 square foot. At 4,206 square feet, it is believed to be the largest in our town of over 80,000 people.

well as making their own misrepresentations. That is cause for the Court to overrule Debtors objections and reverse the Court's earlier Order.

## VI. CALIFORNIA ACTION

20. Claimant sues U.S. Bank National Association, as Trustee (U.S. Bank), and Bank of America, National Association, as Trustee (Bank of America) in California for their wrongful acts. [The California Action] Claimant also sues U.S. Bank separately for intentional deceit. [Ninth Circuit Court of Appeals Case 13 60106.] Debtors claimed that Claimant entered into a contract on December 23, 2005 knowing full well that Claimant didn't accept the contract until June 1, 2006[5].

21. Debtors were part of the California Action with U.S. Bank, a major Creditor and Stakeholder in this bankruptcy. In these state and federal cases, U.S. Bank has repeatedly intentionally misled the courts about the size and value of Claimant's home. I suspect that U.S. Bank and ResCap are working together since they have the same counsel – Mr. Yaron Shaham of Severson and Werson, A.P.C. I have asked the California Court to stay the proceedings until this matter is heard. A true and correct copy of claimant's EMERGENCY MOTION FOR STAY OF PROCEEDING is attached hereto as Exhibit **9**.

[5] The lengthy delay was caused by Mr. Richard Rothleder, a Vice President from the original lender WMC Mortgage Company disclosing concerns about LIBOR [London Interbank Offered Rate]. Claimant rescinded the December loan and after a series of document iterations, eventually accepted a new loan which closed on June 6, 2006. Between December 6, 2005 and July 1, 2006, some unknown party affiliated with the Debtors appears to have securitized at least four notes for $575,000 using Claimant's likeness. Claimant has been suing all parties to force them to admit to and stop the fraud, and to recover for her time and trouble, and she is quite troubled by Debtors' ongoing bad behavior.

22. The current presiding judge of the California action against U.S. Bank has not yet heard Claimant's arguments about its intentional deceit. Those arguments are scheduled for April 29th and 30th in Orange County, California. Claimant (Plaintiff) is asking the California Court to pause to consider the evidence including all written motions, to await the final decision of the 9th Circuit, and to await the final disposition of this action. U.S. Bank's attorney took unfair advantage of a Los Angeles Superior Court judge's error to profit from a Discovery motion hearing which was supposed to have been continued. The trial has been continued from May 27, 2014 until February 2015.

## VII. CONCLUSION

23. Based on the false statements all three parties have made in California and New York – from sea-to-shining-sea as it stands, I pray that you end Claimant's suffering at their hands and force them to pay Claimant's claims for the harm they have caused and continue to cause so we can move on with our lives.

24. All conditions precedent to the relief demanded herein have been performed or occurred.

**WHEREFORE,** Claimant Karen Michele Rozier moves this Court to enter an Order allowing Karen Michele Rozier an administrative expense and directing immediate payment of her claims.

Date: April 28, 2014

Respectfully Submitted,

Karen Michele Rozier