

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC. et al. | Chapter 11 |
| Debtors | Jointly Administered |

**BANKRUPTCY BORROWER'S OBJECTION TO THE DEBTORS PROOF OF CLAIM, BORROWER'S OBJECTION/MOTION TO RELIEF FROM THE AUTOMATIC STAY FILED IN THIS CASE, BORROWER'S REQUEST OF THE INSPECTION OF GMACM'S DOCUMENTS FILED IN THIS BANKRUPTCY CASE FOR THE BORROWER'S PROPERTY AND, BORROWER'S MOTION TO SANCTION GMAC MORTGAGE LLC FOR FRAUD ON THE BANKRUPTCY COURT. (GMACM IS ONE OF THE DEBTORS UDER RESIDENTIAL CAPITAL LLC.)**

COMES NOW, the borrower JORGE CERRON and in support of his objections and motions states:

Factual Facts History

1. In 9/16/2009 GMAC Mortgage LLC., who is part of Residential Capital LLC., and named as a debtor in this instant case, filed a foreclosure complain against the borrower JORGE CERRON in the Circuit Court in SARASOTA FLORIDA under case # 2009 CA 015793 NC.
2. In 7/5/2011 a final judgment of foreclosure was entered filed and recorded against the borrower Jorge Cerron's property.
3. On 8/10/2011 the foreclosure sale of the borrower's property took place.
4. On 8/31/2011 GMACM obtained a certificate of title on said property by buying the borrower's property in the foreclosure sale for $162,000.00. (see copy attach).
5. On May 14, 2012 took place GMACM's bankruptcy filing (Petition Date), at the UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK.
6. On 8/8/2012 the final Summary Judgment entered in favor of GMACM for the case # 2009 CA 015793 NC **was reversed** and remanded by the SECOND DISTRICT COURT OF APPEAL under the case # 2D11-3425.
7. On 10/23/2012 GMAC Mortgage LLC., filed its Suggestion of Bankruptcy in the lower court's case # 2009 CA 015793 NC GMACM vs. JORE CERRON
8. On 11/21/2012 the bankruptcy court entered an order (the sale order) approving the sale of certain GMACM's assets to OCWEN LOAN SERVISING.
9. GMACM claimed that OCWEN purchased the borrower's mortgage and note on 2/15/2013 (the closing date),
10. On 11/21/2013 one year after the bankruptcy court's sale order (11/21/2012) and nine months after the bankruptcy court's closing date (2/15/2013) GMACM filed its CROSS-

NOTICE- OF HEARING ON PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PLAINTIFF OCWEN LOAN SERVICING LLC FOR GMAC MORTGAGE. At the lower court in Sarasota Florida for the case of GMACM vs. Jorge Cerron Case # 2009 CA 015793 NC

11. On 12/17/2013 at the hearing for the PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PLAINTIFF OCWEN LOAN SERVICING LLC FOR GMAC MORTGAGE, the borrower JORGE CERRON learned about the new discovery evidence and about the plaintiff's false statements regarding the barrower's loan being sold or transfer to OCWEN LOAN SERVISING at the bankruptcy court.
12. On 4/10/2014 the borrower Jorge Cerron send a letter to the SECOND DISTRICT COURT OF APPEAL OF FLORIDA IN LAKELAND, FL. (see copy of letter).

I.   BORROWER JORGE CERRON'S CLAIMS.

A- GMACM had not included and/or filed the mortgage and note encumbering the borrower Jorge Cerron's property in the bundle of loans that were transferred or sold to OCWEN LOAN SERVISING in the bankruptcy court, because the mortgage and note for the BORROWER'S property were never included in GMACM'S BANKRUPTCY FILING on May 14, 2012 because SAID MORTGAGE AND NOTE did not existed in the first place, the mortgage and note for the borrower's property were dissolved on 8/10/2011 when GMAC sold the borrower's property for $162,000.00 at the foreclosure sale, and when a new certificate of title for the subject property was issued on 8/31/2011.(SEE ATTACH).
B- GMACM committed fraud on the SECOND DISTRICT COURT OF APPEAL IN LAKELAND, FLORIDA when it did not obeyed the 2DCA court's order of reversal of the sale and of the certificate of title of the borrower's property. (Florida 2DCA case# 2D11-3425)
C- GMACM never reversed said title perpetuating fraud on the lower court in Sarasota County, Florida on case # 2009 CA 015793 NC (GMACM vs. Jorge Cerron). In a wrongful foreclosure case.
D- GMACM committed fraud on this Bankruptcy Court when it falsely stated that a mortgage and note for the borrower Jorge Cerron's property were included in GMACM'S filing of bankruptcy on May 14, 2012 (Petition Date), at the UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK.
E- GMACM committed perjury and fraud on this bankruptcy court when attested about facts that it knew that were false and GMACM is continuing up to this date committing FRAUD in this court and on all the above courts.
F- GMACM COULD NOT HAD INCLUDED the borrower Jorge Cerron's loan in May 14, 2012 when it filed for bankruptcy or after that date because at that time were not a mortgage and a note encumbering the borrower's property, at that time and now GMACM holds a certificate of title for the borrower's property illegally and fraudulently, (see copy attach of said title) and there is not a mortgage or/and a note attached to said title because GMACM acquired said title in a foreclosure sale by buying the borrower Jorge Cerron's property for $162,000.00 in cash.
G- GMACM had collected from the default insurance placed on the mortgage and note encumbering the borrower Jorge Cerron's property, GMACM was required by the default

insurances ensuring the borrower's property to show that the subject loan was defaulted and foreclosed therefore GMACM in order to collect and get paid from the various default insurances placed on the subject property ( PMI, LMI, and/or other default insurances) had to showed to the default insurance companies that a foreclosure sale on the subject property was done and it had to disclosed the amount recovered in said foreclosure sale, that is one of the reason that GMACM did not reversed the certificate of title for the subject property, title that had obtained after it foreclosed the subject loan.

H- GMACM collected and got paid over one million dollars from the subject loan's default insurances, and never informed to the default insurances companies that the foreclosed loan have to be reversed and remanded to continue litigation in the circuit court of Sarasota, Florida as per the Second District Court of Appeal's order.

I- GMACM had not informed to this bankruptcy court about the above facts, GMACM had failed to disclosed the amounts, checks, credits, received in all its defaulted and foreclosed loans, as well as the monies received by the default insurance companies.

J- GMACM had not reported properly all the above facts in its taxes submitted to the UNITED STATES GOVERNMENT AND TO THIS BANKRUPTCY COURT, further GMACM IS culpable of fraud.

K- The borrower Jorge Cerron's mortgage and note debt were paid and satisfied by the default insurances protecting said mortgage and note, further said mortgage and note were dissolved by the foreclosure sale and the new certificate of title issued for the subject property, said title does not have a mortgage or a note encumbering it.

L- GMACM bankruptcy petition approval is a void judgment because it was obtained by fraud.

The borrower Jorge Cerron has been directly affected by GMACM's false allegations and by GMACM's misrepresentation in the Bankruptcy Court when it filed its petition for bankruptcy under chapter 11, therefore the borrower Jorge Cerron requests to this court as follow:

1. Request for an evidentiary hearing. In order to inspect GMACM alleged documents filed in this bankruptcy court for the borrower's mortgage and note.
2. Request for copies of all default insurances coverage's checks, wire transfers, deposits, monies given and/or paid to GMACM.
3. Request to inspect GMACM's tax documents filed in this bankruptcy court, in order to check for tax fraud.
4. Request for the relief from the automatic stay filed in this case.
5. Request for discovery of all the documents filed by GMACM for the debtor's proof of claim.
6. And/or for this court to sanction GMACM accordingly.
7. Request for this honorable bankruptcy court to accept the borrower JORGE CERRON's Requests, Motions and Claims for being just and timely submitted because of the recently new discovery evidence discovered in this instant case and discovered in the above described court's cases involving the borrower Jorge Cerron's property, said property is in controversy in this bankruptcy petition filed by RESIDENTIAL CAPITAL LLC./GMAC MORTGAGE LLC..
8. And/or to accept borrower's filing of this document for being allow by the law when; 1- recently new discovery, 2- fraud on the court, 3- when the court's bankruptcy order was

induced by misrepresentation/fraud therefore it is void (void judgment) 4- there is not statute of limitation or barred time frame in effect for a void judgment ( the law of voids) 5- there is a lawful claim against a void judgment, 6- when a bankruptcy petition was done by committing fraud and false disclosures of the debts, liabilities, assets, tax documents and/or ledger accounting information and documents.

9. And because of the above facts (consequently) the borrower Jorge Cerron's claims and motions submitted in this document are not barred by the bar date and shall be admitted also for the following reasons:

The Borrower Jorge Cerron's Claims are Supported by Sufficient Evidence

a- The Claim should be admitted because it is supported by sufficient evidence documentation.
b- The claimant Jorge Cerron had complied with the Rule 3001 documentation requirements, the claimant is entitled to prima facie validity of his claims. (see coy of the certificate of title ) Federal Rules of Evidence *Subdivision (d)*. "Satisfactory evidence" of perfection, which is to accompany the proof of claim, would include a duplicate of an instrument filed or recorded, a duplicate of a certificate of title when a security interest is perfected by notation on such a certificate, a statement that pledged property has been in possession of the secured party since a specified date, or a statement of the reasons why no action was necessary for perfection.
c- Because there is not absent documentation, the proof of claim is sufficient for the objector to concede validity of the borrower's claim.
d- Because is a likelihood that the borrower's vested rights will be prejudice if this court does not admits the borrower's claims and motions.
e- Because the borrower Jorge Cerron will suffer irreparable loses, injury and prejudice if this court does not admit his motions and claims.
f- Because the borrower has already being injured by GMACM misrepresentation and fraud in this court and in the lower circuit court in Sarasota Florida, especially when in that court GMACM was permitted to substitute the party plaintiff and have Ocwen Loan Servicing LLC., named as the new party plaintiff by alleging that GMACM has transferred to Ocwen Loan Servicing the borrower's loan under the bankruptcy court's approval for the sale date of GMACM's assets to Ocwen, however GMACM's statements about transferring the borrower Jorge Cerron's Mortgage and Note to Ocwen Loan Servicing are not true according to the new discovery evidence submitted with this document. (see copy of the certificate of title dated 8/31/2011 that showed that GMACM did not had a Mortgage or a Note encumbering the borrower's Jorge Cerron's property at the time of after the time that it filed for a bankruptcy petition on May 14, 20012, therefore GMACM could not had transferred a no existing mortgage and note to Ocwen Loan Servicing LLC., through the bankruptcy sale order in 2/15/2013 and GMACM had not included the borrower's loan in its bankruptcy petition because a mortgage or a note encumbering the borrower Jorge Cerron's property did not existed in the first place, GMACM committed fraud on the bankruptcy court)

10- Request for the wrongful foreclosure case GMACM vs. Jorge Cerron case # 2009 CA 015793 NC in the court of Sarasota, Florida to be dismiss (See Wilson v. Deutsche Bank Nat'l. Trust (In re Wilson), 410 Fed. App'x. 409, 410 (2d Cir. 2011) (wrongful foreclosure suit was properly dismissed by the bankruptcy court pursuant to Rooker-Feldman).

WHEREFORE, the borrower Jorge Cerron requests this court to enter an order granting its motion for the relief from the automatic stay, and also granting the above requests.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished by certify return receipt U. S mail to the law offices of WOLFE & WYMAN LLP. Litigation Counsel to the Debtors and Debtors in Possession 11811 N. Tatum, Suite 3031 Phoenix, AZ 85028 ATTN: Colt B. Dodrill, Esq., on this 28th day of April, 20 14.

Respectfully submitted,

Jorge Cerron
P.O. Box 18902
Sarasota, Florida, 34276.

SERVICE LIST

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Manhattan
One Bowling Green
New York, NY 10004-1408
Attn: Clerk of the Court /to file in Case No. 12-12020 (MG) RESIDENTIAL CAPITAL, LLC. et al. Chapter 11


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Manhattan
One Bowling Green
New York, NY 10004-1408
Attn: HONORABLE MARTIN GLENN UNITED STATES BANKRUPTCY JUDGE


MORRISON & FOERSTER
Counsel for Residential Capital, LLC, et al.
1290 Avenue of the Americas
New York, NY 10104
ATTN: Norman S. Rosenbaum, Esq.


WOLFE & WYMAN LLP
Litigation Counsel to the Debtors and Debtors in Possession
11811 N. Tatum, Suite 3031
Phoenix, AZ 85028
By: Colt B. Dodrill, Esq.

12-12020-mg    Doc 6863    Filed 05/02/14    Entered 05/06/14 17:07:18    Main Document
Pg 7 of 10

☒ IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

| DIVISION: | CASE NUMBER: |
|---|---|
| CIVIL | 2009 CA 015793 NC |

STAMP FOR RECORDING

**PLAINTIFF(S)**
GMAC MORTGAGE, LLC,

**VS. DEFENDANT(S)**
JORGE A. CERRON; THE UNKNOWN SPOUSE OF JORGE A. CERRON; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS; SUNTRUST BANK; BEACH WAY CONDOMINIUM ASSOCIATION, INC.; TENANT #1, TENANT #2, TENANT #3, and TENANT #4 the names being fictitious to account for parties in possession

## CERTIFICATE OF TITLE

The undersigned Clerk of the Circuit Court certifies that he or she executed and filed a certificate of sale in this action on August 10, 2011 for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections pursuant to §45.031(4) Florida Statutes.

The following property located in Sarasota County, Florida:

**UNIT G-1, BEACH WAY APARTMENTS, A CONDOMINIUM AS PER DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 846, PAGES 731 ET SEQ., AND ALL AMENDMENTS THERETO, AND AS PER CONDOMINIUM PLAT RECORDED IN CONDOMINIUM BOOK 4, PAGES 6 ET SEQ., AND ALL AMENDMENTS THERETO, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA. TOGETHER WITH ANY AND ALL AMENDMENTS TO THE DECLARATION AND ANY UNDIVIDED INTEREST IN THE COMMON ELEMENTS OR APPURTENANCES THERETO.**

was sold to GMAC MORTGAGE, LLC,

whose address is 1100 Virginia Drive, Fort Washington, PA 19034.

FILED FOR RECORD 2011 AUG 31 AM 10:48 KAREN E RUSHING CLERK OF CIRCUIT COURT SARASOTA COUNTY FLORIDA

WITNESS my hand and the seal of this Court on August 31, 2011.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT
BY: _____
Deputy Clerk

Sale Price $162,000.00
☑ Doc. Stamp Paid $1,134.00
☐ Doc. Stamp Due $_____
   and outstanding


Case: 2009 CA 015793 NC

Second District Court of Appeal

1005 E. Memorial Blvd.

Lakeland FL 33801

Tel: 863-499-2290

April 10, 2014

Honorable Northcutt, Judge, Honorable Silberman, C.J. and Honorable Crenshaw, J, Judges:

    This letter is in reference to your order/opinion entered and filed on 7/18/2012 for the case number 2D11-3425, your order clearly stated that the previous Summary Judgment issue by the lower court was reversed and remanded, however GMAC Mortgage LLC., the plaintiff in the lower court case # 2009 CA 015793 NC, did not obeyed your order and have not reversed the title that it had obtained as a result of a foreclosure sale. (see attach copy)

    GMAC holds the title for my property regardless of your order that clearly stated that the Summary Judgment of foreclosure on a mortgage in favor of GMAC Mortgage, LLC shall be reversed GMAC has disregarded the law by not obeying a clear court's order.

    I am writing this letter to request to your honorable court to issue a dismissal on the above case for failure to obey your order/court's order and/or any other sanctions that you can enforce.

    Thank you for your cordial attention to this matter. Please let me know if I have to file any papers and/or what to do in order to help expedite my request.

Sincerely and Respectfully,

_____

Jorge Cerron

P.O. Box 827

Osprey, FL, 34229

Mailed 4/15/14

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Manhattan
One Bowling Green
New York, NY 10004-1408

Attn: HONORABLE MARTIN GLENN UNITED STATES BANKRUPTCY JUDGE CASE # 12-12020 (MG)

April 26, 2014

Honorable Martin Glenn:

My name is Jorge Cerron and I am a borrower affected by GMAC Mortgage LLC., false allegations stated in this bankruptcy court. Please find enclosed my objections, motions, and requests, for the case No. 12-12020(MG). I am a pro se litigant and I am currently defending from a wrongful foreclosure case initiated by GMAC MORTGAGE LLC. In 2009, GMACM vs. Jorge Cerron CASE # 2009 CA 015793 NC at the circuit court in Sarasota Florida.

The wrongful foreclosure case was reversed and remanded by the Second District Court of Appeal of Lakeland Florida, I was also a pro se litigant at the court of appeal, I prevailed on my appeal because I was able to demonstrate that GMACM failed to served me with the notice of default/acceleration letter required by clause 22 of the subject Mortgage Contract.

The wrongful foreclosure case against me went back to the lower court in Sarasota Florida where it is continuing, GMACM is trying to cover or hide all its fraudulent behavior perpetuated for years in the lower court by substituting the party plaintiff, so its last effort to accomplish that was to named OCWEN LOAN SERVISING LLC., as the new plaintiff. GMACM obtained the substitution of the party plaintiff by using this bankruptcy court's sale order, GMACM misrepresented the facts at the lower court and in this court as well.

The true facts about the borrower Jorge Cerron's property which is in controversy in this action are stated and presented in the attach document that I am submitting to your cordial attention and requesting to be file accordingly.

GMACM currently holds a certificate of title for my property by virtue of a foreclosure sale conducted on my property in 2011, at that time my property was foreclosed and the mortgage and note encumbering my property were dissolved, my property was sold for $162,000.00 and a certificate of title was issued (see attach copy of the certificate of title filed with my motions).

GMACM when filed its bankruptcy petition in May 14, 2012 did not have a mortgage and/or a note encumbering my property therefore it could not had claimed in its filing for bankruptcy, further GMACM had collected from the default insurances insuring my property's mortgage and note, the default

insurance coverage paid GMACM after the foreclosure sale of my property. There is a question remaining to be answer by GMAC and that question is; Did GMAC reported all the monies received from the default insurances covering my property's mortgage and note, when it filed its taxes and/or it was reported to this court?

In the spirit of justice and with bounteous gratitude I remain.

Sincerely and Respectfully,

Jorge Cerron
P. O. Box 18902
Sarasota, Florida 34276.