Hearing Date: June 10, 2014 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: May 28, 2014 at 4:00 p.m. (prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON THE RESCAP LIQUIDATING TRUST'S FIRST OMNIBUS MOTION REQUESTING APPROVAL TO AMEND THE DEBTORS' SCHEDULES**

**PLEASE TAKE NOTICE** that the undersigned filed the attached *ResCap Liquidating Trust's First Omnibus Motion Requesting Approval to Amend the Debtors' Schedules* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **June 10, 2014 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and

ny-1133589

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 28, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to The ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (b) the Chambers of the Honorable Judge Martin Glenn, United States Bankruptcy Court, One Bowling Green, New York, NY 10004; and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10004 (Attention: Linda A. Riffkin and Brian S. Masumoto).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response or objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: May 7, 2014  
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for The ResCap Liquidating Trust*

**Hearing Date: June 10, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 28, 2014 at 4:00 p.m. (prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### THE RESCAP LIQUIDATING TRUST'S FIRST OMNIBUS MOTION REQUESTING APPROVAL TO AMEND THE DEBTORS' SCHEDULES

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Trust"), established pursuant to the terms of the Chapter 11 Plan confirmed in the above-captioned cases, on behalf of Residential Capital, LLC and its affiliated post-Effective Date debtors (collectively, the "Debtors") hereby submits this first omnibus motion requesting approval to amend the Debtors' schedules (the "First Omnibus Amendment Motion"), and the declaration of Jill Horner, Chief Finance Executive for the Trust in support thereof (the "Horner Decl."), a copy of which is annexed hereto as Exhibit A. In further support of this First Omnibus Amendment Motion, the Trust respectfully represents as follows:

ny-1133589

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1009 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On December 11, 2013, this Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013 (the "Effective Date"), the Plan went effective in accordance with its terms and the Trust was created [Docket No. 6137].

## SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS AND BAR DATE ORDER

5. On June 30, 2012, each of the Debtors filed with the Court its schedule of assets and liabilities and statement of financial affairs [Docket Nos. 548 – 597 and 649] (the "Schedules and Statements").[1]

---

[1] The Debtors filed amended schedules for Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, and

2

ny-1133589

6. On August 29, 2012, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, [Docket No. 1309] (the "Bar Date Order").[2] The Bar Date Order provides, in pertinent part, that "[i]f the Debtors amend or supplement the Schedules subsequent to the service of the Bar Date Notice in a manner that would add a new claim, reduce the undisputed, non-contingent or liquidated amount of a claim, or change the classification of a claim, then the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby and provide such holders of claims with an additional Proof of Claim Form. Such affected holders of claims are required to file a proof of claim by no later than thirty (30) calendar days after such claimant is served with notice that the Debtors have amended their Schedules in a manner that affects such creditor." See Bar Date Order at 7-8.

7. On March 21, 2013, the Court entered the *Order Granting Debtors' Motion* [Docket No. 3123] (the "Claim Procedures Motion") *Pursuant to 11 U.S.C. § 105(a) and Rules 1009(a), 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure Requesting Approval of (i) Borrower Claims Procedures, (ii) Settlement Procedures, and (iii) Schedule Amendment Procedures* [Docket No. 3294] (the "Claim Procedures Order"). For the reasons set forth in the Claims Procedure Motion and pursuant to the terms of the Claim Procedures Order, *inter alia*, the Debtors are authorized to file omnibus motions to amend their Schedules in lieu of permitting affected claimants to file proofs of claim as they were otherwise permitted to do under the Bar

---

Homecomings Financial, LLC on July 3, 2012. [Docket Nos. 683-688].
[2] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

ny-1133589

Date Order. See Claims Procedure Motion at ¶¶ 25-28; Claims Procedure Order at 13-14.[3] More specifically, the Trust (as successor to the Debtors) is authorized to serve notice, in a form substantially similar to Exhibit C attached hereto, on affected parties advising them of the proposed deemed amendment of the Schedules. See Claims Procedure Order at 13. The affected parties then have twenty-one days to respond to the proposed deemed amendment to the Schedules. See Claims Procedure Order at 13-14.

## RELIEF REQUESTED

8.     The Trust respectfully requests that the Court enter an order, in substantially the form annexed hereto as Exhibit B (the "Proposed Order") pursuant to the schedule amendment procedures established under the Claim Procedures Order, authorizing the reduction and amendment of the Scheduled Amounts (as defined herein) to the amounts identified on Exhibits 1 and 2 to the Proposed Order in the respective rows entitled "Amended Amount".

## ARGUMENT

9.     In the course of the claims reconciliation process, the Trust diligently reviewed the Schedules and Statements, and identified (i) specific claim amounts in Schedule F of both Debtors GMAC Mortgage, LLC and Residential Funding Company, LLC that are no longer accurate, which are listed on Exhibit 1 to the Proposed Order, as well as (ii) claim amounts on Schedule E of Debtors GMAC Mortgage, LLC and Residential Funding Company, LLC, that are no longer accurate, which are listed on Exhibit 2 to the Proposed Order (collectively, the "Scheduled Amounts"). The Scheduled Amounts relate to claim amounts scheduled as being owed to (i) certain prepetition vendors, suppliers or other contract counterparties; or (ii) former employees of the Debtors, which in each case, are listed on the Schedules as undisputed and in

---

[3] Capitalized terms used herein, and not otherwise defined, shall have the meanings ascribed to them in the Claim Procedures Order and/or Claim Procedures Motion, as applicable.

4

ny-1133589

liquidated, non-contingent amounts (collectively, the "Scheduled Claimants"). See Horner Declaration at ¶ 6.

10. For those creditors identified on Exhibit 1 to the Proposed Order, the Trust believes that the Debtors' liability with respect to the Scheduled Amounts should be reduced from the amounts listed on the Schedules and Statements, because such amounts have been (i) further reconciled by the Debtors and the Trust with information that was not available at the time the amounts were scheduled, and determined to not have been liabilities of the Debtors as of the Petition Date, (ii) determined to be duplicative of amounts already scheduled for the creditor, or (iii) subsequently paid by the Debtors (partially or in full) pursuant to an order of this Court authorizing the Debtors to make such payments or otherwise consensually satisfied with the Creditor. See Horner Decl. ¶¶ 5, 6.

11. The individuals listed on Exhibit 2 to the Proposed Order are certain of the Debtors' former senior personnel who have received or are receiving payment from AFI on account of outstanding prepetition awards. Pursuant to the *Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Deferred Cash Issued On or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary*, entered December 20, 2012 [Docket No. 2492], Ally Financial Inc. ("AFI") agreed to make payments on all prepetition-issued compensation amounts, as they became due, on

account of Salary Stock (short-term or long-term DSUs), RSUs, TARP Stock, AIP cash, AIP outstanding cash, business continuity incentive plan ("BCIP") outstanding cash and BCIP long-term DSUs, that were issued to the Debtors' employees prior to the Petition Date. As a result, the Scheduled Amounts on Exhibit 2 to the Proposed Order are being satisfied by a non-debtor entity and should not remain on the Debtors' schedules of liabilities. See Horner Decl. ¶ 8.

12. The Trust is unable to resolve such inconsistencies by filing claim objections to the Scheduled Amounts pursuant to the Claim Objection Procedures set forth in the Claim Procedures Order and Bankruptcy Rule 3007 because the Scheduled Claimants did not file proofs of claim for the Scheduled Amounts. See Horner Decl. ¶7. Therefore, the Trust seeks to reduce the Scheduled Amounts pursuant to Bankruptcy Rule 1009, which permits amendments to the schedules as a matter of course any time before the case is closed. See In re Minbatiwalla, 424 B.R. 104, 117-18 (Bankr. S.D.N.Y. 2010) (bankruptcy schedules can be amended as a matter of course) (citing In re Heath, 331 B.R.424 (9th Cir. B.A.P. 2005); Fed. R. Bankr. P. 1009(a)), and in accordance with the Claims Procedures Order.

13. If the Scheduled Amounts are not reduced to the amounts set forth on Exhibit 1 to the Proposed Order for Schedule F creditors and Exhibit 2 to the Proposed Order for Schedule E creditors, in the rows entitled "Amended Amount," then the Scheduled Claimants will receive distributions to which they are not entitled, to the detriment of other creditors in these cases. See Horner Decl. ¶ 9. Accordingly, the Trust respectfully requests that the First Omnibus Amendment Motion be granted, and the Trust be permitted to amend the Debtors' Schedules and Statements consistent with the amount reflected on Exhibit 1 and Exhibit 2 to the Proposed Order.

## RESERVATION OF RIGHTS

14. Additionally, the Trust expressly reserves the right to amend, modify or supplement the amendments asserted herein and to file additional motions to amend the Scheduled Amounts or any other claim amounts that are scheduled against the Debtors as well as objections to any claims asserted against the Debtor (whether asserted as Proofs of Claim or scheduled).

## RESPONSES TO THE FIRST OMNIBUS AMENDMENT MOTION

15. The Trust respectfully requests that unless a response to the First Omnibus Amendment Motion is properly and timely filed and served, the First Omnibus Amendment Motion be granted. If a response to the First Omnibus Amendment Motion is properly and timely filed and served that cannot be resolved before the hearing hereon, then the Trust will either (i) file a reply pursuant to the Claim Procedures Order, or (ii) schedule a separate hearing with respect to such response to a date and time mutually acceptable to the parties, which shall be held at a later date convenient to the Court, upon proper notice, and request that the remainder of the First Omnibus Amendment Motion as to which no response was filed be granted.

## NOTICE

16. The Trust has served notice of this Motion in accordance with Case Management Order and the Claims Procedures Order. The Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made by the Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 7, 2014  
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for The ResCap Liquidating Trust*

ny-1133589