# Exhibit A

## Horner Declaration

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration |

**DECLARATION OF JILL HORNER IN SUPPORT OF
THE RESCAP LIQUIDATING TRUST'S FIRST OMNIBUS MOTION
REQUESTING APPROVAL TO AMEND THE DEBTORS' SCHEDULES**

I, Jill Horner, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.    I serve as the Chief Finance Executive for the ResCap Liquidating Trust (the "Trust"), and from May 2013 to December 17, 2013, I served as Chief Finance Executive for Residential Capital, LLC and its debtor-affiliates (collectively "ResCap"), as the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap since 2000, originally as the Manager of Financial Planning and Analysis for Residential Capital Group, a managerial division under Residential Funding Company, LLC. I became a Senior Finance Officer for Originations on or around 2003 and expanded my role to include Financial Servicing Operations on or around 2007, a position I

ny-1137859

held until 2010, when I became interim Senior Financial Officer for the International Business Group. In 2011, I became the ResCap Senior Director for Financial Planning and Analysis, a position I held until I became the Chief Finance Executive.[1]

2. In my role as Chief Finance Executive at ResCap, I was responsible for, among other things, operational accounting, financial forecasting and analytics, accounts payable processing, tax and treasury matters, including cash forecasting and cash management. In addition, I managed the various shared services and transition services agreements among Ocwen Loan Servicing, LLC ("Ocwen"), Walter Investment Management, Corp. ("Walter"), Ally Financial, Inc. ("AFI"), and ResCap. In my current position as Chief Finance Executive to the Trust, among my other duties, I continue to assist the Trust in connection with the claims reconciliation process. I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Liquidating Trust's First Omnibus Motion Requesting Approval to Amend the Debtors' Schedules* (the "Motion").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors and the Trust's employees, professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Motion on that basis.

---

[1] The Schedules and Statements were filed on June 30, 2012, prior to my service as Chief Finance Executive.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2

4.  In my current and former capacities as Chief Finance Executive to the Trust and ResCap, I am familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my and my designees' familiarity with the Debtors' books and records (the "<u>Books and Records</u>"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), and/or my review of relevant documents.  Since the Plan went effective and the Trust was established, I, along with other members of the Trust's management or other employees of the Trust, have continued the claims reconciliation process.  In connection with such review and analysis, where applicable, I or the Trust personnel under my supervision, together with the Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules and Statements, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.  I or my designee at my direction, together with other personnel of the Liquidating Trust and its professionals, have reviewed and analyzed the particular amounts on Schedule F of both GMAC Mortgage, LLC and Residential Funding Company, LLC, listed on <u>Exhibit 1</u> to the Proposed Order, as well as the amounts on Schedule E of GMAC Mortgage, LLC and Residential Funding Company, LLC listed on <u>Exhibit 2</u> to the Proposed Order, attached to the Motion (collectively, the "<u>Scheduled Amounts</u>").  For the reasons set forth below, the Trust determined that the Scheduled Amounts are no longer accurate.

6.  The Scheduled Amounts relate to claim amounts owed to (i) certain prepetition vendors, suppliers, or other contract counterparties; or (ii) former employees of the

3

Debtors, which in each case, are listed on the Schedules as undisputed and in liquidated, non-contingent amounts (the "Scheduled Claimants").  For those creditors identified on Exhibit 1 to the Proposed Order, the Debtors' liability with respect to the Scheduled Amounts should be reduced from the amounts set forth in the Schedules and Statements, because such amounts have been: (i) further reconciled by the Debtors and the Trust with information that was not available at the time the amounts were scheduled, and determined to not have been liabilities of the Debtors as of the Petition Date, (ii) determined to be duplicative of amounts already scheduled for the creditor, or (iii) subsequently paid by the Debtors (partially or in full) pursuant to an order of this Court authorizing the Debtors to make such payments or otherwise consensually satisfied with the Creditor.

7. The individuals listed on Exhibit 2 to the Proposed Order are certain of the Debtors' former senior personnel who are receiving payment from AFI on account of their outstanding prepetition awards. Pursuant to the *Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Deferred Cash Issued On or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary*, entered December 20, 2012 [Docket No. 2492], Ally Financial Inc. ("AFI") agreed to make payments on all prepetition-issued compensation amounts, as they became due, on account of Salary Stock (short-term or long-term DSUs), RSUs, TARP Stock,

AIP cash, AIP outstanding cash, business continuity incentive plan ("BCIP") outstanding cash and BCIP long—term DSUs, that were issued to the Debtors' employees prior to the Petition Date. The individuals listed on Exhibit 2 to the Proposed Order are certain of the Debtors' former senior personnel who are receiving payment from AFI on account of their outstanding prepetition awards. As a result, the Schedule Amounts on Exhibit 2 to the Proposed Order are being satisfied by a non-debtor entity and should not remain on the Debtors' schedules of liabilities.

        8.     If the Scheduled Amounts are not reduced to the amounts set forth on Exhibit 1 to the Proposed Order for Schedule F creditors and Exhibit 2 to the Proposed Order for Schedule E creditors, in the rows entitled "Amended Amount," then the Scheduled Claimants will receive excess distributions to which they are not entitled, to the detriment of other creditors in these cases.

        9.     Accordingly, based upon this review and in consultation with the Trust, and for reasons set forth in the Motion, I have determined that the Scheduled Amounts that are the subject of the Motion should be accorded the proposed treatment as described in the Motion.

*(Signature Page to Follow)*

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge.

Dated: May 5, 2014

Bloomington Minnesota

/s/ Jill M Horner
Jill Horner
Chief Finance Executive for the ResCap Liquidating Trust

6

ny-1137859