**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

----------------------------------------------------------

## ORDER DENYING MARY LYNN WEBER'S MOTION TO RECONSIDER

Pending before the Court is Mary Lynn Weber's Reconsideration Motion,[1] requesting

that the Court reconsider its Prior Order[2] disallowing and expunging Weber's proof of claim

filed in these bankruptcy proceedings.  For the reasons that follow, the Reconsideration Motion

is **DENIED**.

Weber filed a proof of claim (the "Weber Claim") against Debtor GMAC Mortgage,

LLC ("GMACM") that asserted a $99,619.60 claim for "Mortgage Note – Debtor improperly

applied payments," and related to real property owned by Weber.  The proof of claim attached a

copy of a Homecomings Financial, LLC account statement dated January 1, 2008, twelve

Washington Mutual checking statements from 12/08/07 through 12/05/08, a GMACM mortgage

interest statement apparently related to payments and real estate taxes paid in 2009, and a

GMACM account statement dated January 18, 2011.

The Debtors objected to the Weber Claim on the grounds that the Claim lacked sufficient

documentation to substantiate the asserted claim amount, which was unsupported by the

---

[1]     *Motion to Reconsider Order Granting Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims With Insufficient Documentation) With Respect to Claim No. 3474 of Mary Lynn Weber* (the "Reconsideration Motion," ECF Doc. # 6464).

[2]     *Supplemental Order Granting the Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims With Insufficient Documentation) With Respect to Claim No. 3474 of Mary Lynn Weber* (the "Prior Order," ECF Doc. # 6356).

Debtors' books and records.  (*See Debtors' Twenty-Sixth Omnibus Objection to Claims*

*(Borrower Claims with Insufficient Documentation)* (the "Claims Objection," ECF Doc.

# 4734).)  The Claims Objection was supported by Declarations of Deanna Horst (Claims Obj.

Ex. 1), Norman S. Rosenbaum (Claims Obj. Ex. 2), and Robert D. Nosek (Claims Obj. Ex. 3).

Weber filed a response to the Claims Objection (the "Response," ECF Doc. # 5044), supported

by, among other things, the Affidavit of "securitization expert" William McCaffrey (ECF Doc.

# 5044-3).  The Debtors filed the *Debtors' Second Omnibus Reply in Support of Debtors'*

*Twenty-Sixth Omnibus Claim Objection (Borrower Claims with Insufficient Documentation)* (the

"Reply," ECF Doc. # 5731), supported by the Supplemental Horst Declaration (Reply Ex. 3).

On November 15, 2013, the Court held a hearing and Weber appeared telephonically.  On

January 27, 2014, the Court entered the Prior Order, sustaining the Debtors' Claims Objection to

the Weber Claim.  Weber filed the Reconsideration Motion on February 10, 2014; the ResCap

Borrower Claims Trust (the "Trust")—established pursuant to the confirmed plan in these

cases—filed an objection (the "Objection," ECF Doc. # 6640) on March 12, 2014.

Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59, which governs

motions for amendment of a judgment.  Under Rule 9023, "reconsideration is proper 'to correct a

clear error of law or prevent manifest injustice.'"  *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99,

105 (2d Cir. 2004) (internal citations omitted).  "Generally, motions for reconsideration are not

granted unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court."  *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123

(2d Cir. 2003) (internal quotation marks omitted).  A motion for reconsideration may not be used

"to enable a party to complete presenting his case after the court has ruled against him."  *Frietsch*

*v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Additionally, Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60, which establishes the grounds for relief from a final order. Rule 60(b) provides that a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo*, 374 F.3d at 55 (citation omitted). "A motion for reconsideration should be granted *only* when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (emphasis added) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Because Weber is *pro se*, the Reconsideration Motion is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even

3

so, the Motion fails to identify adequate grounds for relief.  The Reconsideration Motion does

not identify any intervening change in law, the availability of any new evidence, or that the Court

overlooked matters that would have altered its decision.  Although Weber did not specify the

basis under which she seeks relief, she has failed to satisfy the standards of either Rule 59 or 60.

Weber argues that reconsideration of the Prior Order is warranted because (1) the Court

improperly found that GMACM submitted proof equal in force to that submitted by Weber,

sufficient to shift the burden of proof back to her; (2) the Court overlooked certain key elements

of her arguments in her Response to the Claims Objection; and (3) it was impossible for her to

provide evidence to support her claim because all of the remaining evidence is in the Debtors'

custody and control, and they previously denied her requests to turn over relevant documents.

The Court finds that none of these arguments supports reconsideration of the Prior Order.

Claims objections have a shifting burden of proof.  Correctly filed proofs of claim

"constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this

prima facie evidence, an objecting party must come forth with evidence which, if believed,

would refute at least one of the allegations essential to the claim."  *Sherman v. Novak (In re*

*Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  By producing "evidence equal in force to the

prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting

the burden back to the claimant to "prove by a preponderance of the evidence that under

applicable law the claim should be allowed."  *Creamer v. Motors Liquidation Co. GUC Trust (In*

*re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at \*12–13

(S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted).  If the objector does not

"introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the

4

claimant need offer no further proof of the merits of the claim."  4 COLLIER ON BANKRUPTCY

¶ 502.02 (16th rev. ed. 2013).

However, if a claim fails to comply with the documentation requirements of Bankruptcy

Rule 3001(c), it is not entitled to *prima facie* validity.  *See Ashford v. Consol. Pioneer Mortg. (In*

*re Consol. Pioneer Mortg.),* 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th

Cir. 1996); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).  Where creditors fail

to provide adequate documentation supporting the validity of their claims consistent with

Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.

*See Minbatiwalla*, 424 B.R. at 119 (determining that "in certain circumstances, claims can be

disallowed for failure to support the claim with sufficient evidence . . . because absent adequate

documentation, the proof of claim is not sufficient for the objector to concede the validity of a

claim.").

The Debtors objected to the Weber Claim on the ground that it lacked sufficient

documentation.  Weber's Response to the Objection primarily raised a new theory and purported

basis for her claim that was not included in her proof of claim and could not be asserted for the

first time in her Response.  (*See* Prior Order at 6 ("In the Response, Ms. Weber alleges a new claim

– wrongful foreclosure – that is not asserted in her proof of claim.").)  To the extent her Response

addressed the issue raised in the proof of claim—misapplication of payments—she did not then

(and does not now) present anything other than unsupported, conclusory allegations.[3]  Weber's

---

[3]    *See* Prior Order at 8 ("To the extent that Ms. Weber does address what she has claimed in the Weber Claim – misapplication of payments – she fails to establish that payments were misapplied by a preponderance of the evidence. *See Allegheny*, 954 F.2d at 174.  The McCaffrey Affidavit, which Ms. Weber argues calls into question the ownership of her note, does not establish that GMACM as servicer of her loan was not entitled to collect payments or that the payments were misapplied.  She does not provide any information that the securitization trust identified by Mr. McCaffrey did not receive her payments.  Finally, Ms. Weber fails to make any allegations that GMACM was not the servicer of her loan. In fact, she admitted at the November 15 hearing that she understood GMACM was the servicer of her loan.  (Nov. 15 Tr. 73:15.)").

Claim is not entitled to be treated as prima facie evidence of validity and amount. (*See* Prior Order at 6.)

Accordingly, the Court did not err when it held that the Debtors shifted the burden of proving the validity of the Weber Claim back to Weber and that Weber failed to satisfy that burden.  Nor did the Court overlook "key elements" of Weber's arguments.  In the Reconsideration Motion, Weber rehashes many of the arguments she made in her Response, focusing on purportedly fraudulent endorsements and assignments of her note and mortgage. The Court previously held that Weber could not raise arguments based on a claim of wrongful foreclosure because that theory was not the stated basis of her proof of claim.  (Prior Order at 7–8.)   A Reconsideration Motion may not be used to renew the same evidence and arguments that were considered and rejected by the Court once before.

For the foregoing reasons, the Reconsideration Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 9, 2014
          New York, New York

        **/s/Martin Glenn**
          MARTIN GLENN
United States Bankruptcy Judge
