1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - - - - - - - -x

4    In the Matters of:

5    RESIDENTIAL CAPITAL, LLC, et al.,        Case No. 12-12020-mg

6                  Debtors.

7    - - - - - - - - - - - - - - - - - - -x

8    HAWTHORNE,

9                  Plaintiff,                 Case No. 12-02050-mg

10          - against -

11   GMAC MORTGAGE, LLC,

12                  Defendant.

13   - - - - - - - - - - - - - - - - - - -x

14   VON BRINCKEN,

15                  Plaintiff,                 Case No. 13-01436-mg

16          - against -

17   GMAC MORTGAGE, LLC, et al.,

18                  Defendants.

19   - - - - - - - - - - - - - - - - - - -x

20

21

22

23

24

25

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15          United States Bankruptcy Court

16          One Bowling Green

17          New York, New York

18

19          April 24, 2014

20          10:19 AM

21

22   B E F O R E:

23   HON. MARTIN GLENN

24   U.S. BANKRUPTCY JUDGE

25

3

1

2  (CC: Doc. nos. 6687 and 6688) Adj. Hrg. RE: Motion of the

3  ResCap Liquidating Trust for an Order Enforcing Plan Injunction

4  Against Karla Brown filed by Douglas Mannal on behalf of ResCap

5  Liquidating Trust.

6

7  (CC: Doc# 6448) Adj. Hrg. RE: Motion for Omnibus Objection to

8  Claim(s) / ResCap Borrower Claims Trusts Fifty-Ninth Omnibus

9  Objection to Claims (Insufficient Documentation Borrower

10  Claims).

11  Hearing solely as to claim filed by Annie M. Trammell will be

12  going forward.  Hearing, solely as to claim filed by Alredia

13  Holiday is not required as parties anticipate claimant's filing

14  of a Notice of Withdrawal of claim.

15

16  Adversary proceeding: 12-02050-mg Hawthorne v. GMAC MORTGAGE,

17  LLC

18  (CC: Doc no. 1) Adj. Status Conference

19

20  Adversary proceeding: 13-01436-mg Von Brincken v. GMAC

21  MORTGAGE, LLC, et al

22  (CC: Doc. no. 15) Adjourned Status Conference.

23

24

25

4

```
 1
 2   A P P E A R A N C E S :
 3   MORRISON & FOERSTER LLP
 4        Attorneys for ResCap Liquidating Trust
 5        and Borrowers' Trust
 6        250 West 55th Street
 7        New York, NY 10019
 8
 9   BY:   NORMAN S. ROSENBAUM, ESQ.
10         MERYL L. ROTHCHILD, ESQ.
11
12
13   KRAMER LEVIN NAFTALIS & FRANKEL LLP
14        Attorneys for the ResCap Liquidating Trust
15        1177 Avenue of the Americas
16        New York, NY 10036
17
18   BY:   DOUGLAS H. MANNAL, ESQ.
19         JOSEPH A. SHIFER, ESQ.
20
21
22
23
24
25
```

5

1

2   PAUL R. COLLIER, ATTORNEY AT LAW

3        Attorney for Karla Brown

4        678 Massachusetts Avenue

5        Cambridge, MA 02139

6

7   BY:   PAUL R. COLLIER, III ESQ.

8

9

10   THE WILMERHALE LEGAL SERVICES CENTER

11        Attorneys for Karla Brown

12        122 Boylston Street

13        Jamaica Plain, MA 02130

14

15   BY:   MAX WEINSTEIN, ESQ.

16

17

18   PRINCE LOBEL TYE, LLP

19        Attorneys for Philip Brown

20        100 Cambridge Street

21        Suite 2200

22        Boston, MA 02114

23

24   BY:   RICHARD BRIANSKY, ESQ. (TELEPHONICALLY)

25

6

1  WALTERS BENDER STROHBEHN & VAUHN PC

2        Attorneys for Residential Capital, LLC

3        1100 Main Street

4        Suite 2500

5        Kansas City, MO 64105

6

7  BY:   FREDRICK WALTERS, ESQ. (TELEPHONICALLY)

8

9

10  TROUTMAN SANDERS LLP

11        Defendant GMAC Mortgage, LLC

12        600 Peachtree Street, NE

13        Suite 5200

14        Atlanta, GA 30308

15

16  BY:   MATTHEW BROOKS, ESQ. (TELEPHONICALLY)

17

18

19  SEVERSON & WERSON, APC

20        Attorneys for GMAC

21        One Embarcadero Center

22        Suite 2600

23        San Francisco, CA 94111

24

25  BY:   BERNARD J. KORNBERG, ESQ. (TELEPHONICALLY)

7

1
2   ALSO PRESENT:   (TELEPHONICALLY)
3         DEANNA HORST, ResCap Liquidating Trust
4         JOHN AND SHELLEY VON BRINCKEN, PRO SE
5         GWENDOLYN HAWTHORNE, PRO SE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20   Transcribed by:   Penina Wolicki
21   eScribers, LLC
22   700 West 192nd Street, Suite #607
23   New York, NY 10040
24   (973)406-2250
25   operations@escribers.net

**RESIDENTIAL CAPITAL, LLC, ET AL.**

8

1                    P R O C E E D I N G S

2              THE COURT:  Please be seated.

3              All right, we're here in Residential Capital, number

4    12-12020.  Mr. Rosenbaum?

5              MR. ROSENBAUM:  Good morning, Your Honor.  Norm

6    Rosenbaum, Morrison & Foerster, for the ResCap Liquidating

7    Trust and the ResCap Borrowers' Trust.

8              Your Honor, the first matter is on page 6 of the

9    agenda.  That's the motion of the ResCap Liquidating Trust for

10   an order enforcing the plan injunction.

11             THE COURT:  Yes.

12             MR. ROSENBAUM:  And I'll turn the podium over to Mr.

13   Mannal.

14             THE COURT:  Okay.

15             MR. MANNAL:  Your Honor, Doug Mannal from Kramer Levin

16   on behalf of the Liquidating Trust.  Your Honor --

17             THE COURT:  Let me get the other appearances in this.

18             MR. COLLIER:  Your Honor, Paul Collier for the

19   claimant, Karla Brown, and Max Weinstein with me.

20             THE COURT:  Thank you very much.

21             MR. MANNAL:  Your Honor, we were prepared to go

22   forward today on the trust's motion, however, in an effort to

23   hopefully reach a settlement, not only of the claims that are

24   being asserted against Mr. Brown, but also the claims being

25   asserted against GMAC Mortgage, the parties have agreed to an

 1    adjournment, if Your Honor is so inclined, to the date of June

 2    10th, which your chambers has informed us, is available.  And

 3    it's our hope that we make further progress in resolving all

 4    the claims to avoid the need to proceed on the trust's motion.

 5        (Pause)

 6            THE COURT:  Just bear with me a second, Mr. Mannal.

 7            MR. MANNAL:  Absolutely.

 8            THE COURT:  This will take more than a few seconds.  I

 9    guess the computer rebooted by itself overnight.

10            Let me ask you this.  What is the status of the

11    Massachusetts action?  Because I certainly read that there was

12    a motion for summary judgment that was argued, I think, in

13    January.  And it's described in Mr. Weinstein's brief as fully

14    briefed and, I guess -- was it argued, Mr. Weinstein?

15            MR. WEINSTEIN:  Yes, Your Honor, it was argued.

16            THE COURT:  Okay.  So what's the status of it?

17            MR. WEINSTEIN:  It's presently under advisement.  I

18    don't think the Massachusetts Superior Court judge intends to

19    act on it before resolution of this matter.

20            THE COURT:  Okay.  And that is -- you believe that

21    because why?

22            MR. WEINSTEIN:  She said so.

23            THE COURT:  Okay, well, that's a good reason.

24            MR. COLLIER:  We also, Your Honor, just for the

25    Court's information --

**RESIDENTIAL CAPITAL, LLC, ET AL.**

10

1     THE COURT:  Go ahead -- you need to identify yourself

2  when you speak.

3     MR. COLLIER:  I'm sorry.  Paul Collier, Your Honor.

4     THE COURT:  Okay, Mr. Collier, go ahead.

5     MR. COLLIER:  We also have a trial date scheduled for

6  next -- but it's not until next March.  So there's some --

7     THE COURT:  You don't have a trial date.

8     MR. COLLIER:  We don't have a trial date.

9     THE COURT:  Nothing imminent.  Let's put it that way.

10    MR. WEINSTEIN:  Nothing imminent.

11    THE COURT:  Okay.  Because the -- I think -- look, I'm

12  always in favor of a consensual resolution of matters, and am

13  certainly aware that the claim against GMAC remains pending.

14  And what's it, a 700,000-dollar claim that was filed.  Is that

15  it?

16    MR. MANNAL:  I believe it was a 700,000-dollar claim

17  filed, yes.

18    THE COURT:  My only concern -- I didn't want the judge

19  in Massachusetts -- I didn't know what the expectation was as

20  to whether the judge in Massachusetts was going to go ahead and

21  decide the matters that are pending before her or wait for this

22  Court to decide.  It was un -- let's put it that way -- it was

23  unclear to me whether the issue of the effect of the release

24  and injunction provisions had been raised with and argued with

25  the judge in Massachusetts or what.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

11

1           MR. MANNAL:  They have not, Your Honor.

2           THE COURT:  Mr. Collier?  Go ahead, Mr. Collier.

3           MR. COLLIER:  Halfway in between, Judge, which is the

4  court's order and the plan were filed there.  The court

5  instructed counsel for Mr. Brown to file a motion by May 10th

6  with regard to its effect.  And then in the meantime, counsel

7  gave -- and then us to reply after that.  And in the meantime,

8  counsel filed here for the motion for the order enforcing.

9           So the judge is awaiting --

10          THE COURT:  Okay.

11          MR. COLLIER:  -- the resolution of this issue here.

12          THE COURT:  All right.  Let me try and clear one thing

13  up that I guess seems evident to me.  Karla Brown and Phillip

14  Brown are not related to each other.  Is that right?

15          MR. COLLIER:  That's right, Judge.

16          THE COURT:  Okay.  Just trying to keep straight at all

17  times the two --

18          MR. COLLIER:  Not within any degree of separation that

19  we could identify biologically.

20          THE COURT:  Okay, all right.  I'm -- well, now my

21  computer is -- let me get my calendar.

22     (Pause)

23          THE COURT:  All right.  I see there is a ResCap

24  calendar on June 10th.  At this point, at least, not very many

25  matters on it.

1          Well, I'm prepared to adjourn this matter until June

2     10th to allow the parties an opportunity to see if they can

3     reach an overall global resolution that would resolve all

4     issues.

5          I would ask this, that a letter in an agreed form be

6     sent to the judge in Massachusetts, indicating that the Court

7     held a hearing today; at the request of the parties, the

8     hearing was adjourned until June 10th, and that the bankruptcy

9     court requested that the Massachusetts court withhold any

10    decision on the pending motion for summary judgment, pending a

11    resolution of the matters before this court.  And it's just a

12    request, and the court there will do whatever it's going to do.

13         But I just want to be clear so that -- just agree.

14    It's a pretty straightforward letter.  I'm sure you'll be able

15    to agree on that.

16         MR. WEINSTEIN:  Absolutely, Your Honor.

17         THE COURT:  Okay.  All right, Mr. Mannal?

18         MR. MANNAL:  Thank you, Your Honor.  And we do

19    apologize to the Court for the late adjournment of this matter.

20         THE COURT:  And the Court has done a lot of work on

21    this, let me put it that way.  But I think that, in particular,

22    because there is the claim pending against GMAC-M as well, and

23    so there's more that's going to need to be done to resolve the

24    entire matter.

25         Mr. Collier and Mr. Weinstein, while there wasn't a

1  reference to it in any of the briefing because it's late

2  developments, within the last week, the Court has issued

3  several opinions, one for publication, at least one not for

4  publication but available on the court's Web site, enforcing

5  the third-party nondebtor release included in the plan with

6  respect to Ally Financial.

7            MR. COLLIER:  We've read them, Your Honor.

8            THE COURT:  Okay.  I just wanted to be sure that you

9  were aware.  Because it wasn't -- the briefing was all in

10  before those opinions were issued.  So --

11            MR. MANNAL:  In fact, Your Honor, I was going to refer

12  to the Lahrman motion decision.  I'd be happy to share a copy

13  with counsel.

14            THE COURT:  That's fine.  They're on the Web site.

15  But you ought to do that.  Okay, I just wanted to be sure

16  everybody was aware of that.

17            Okay, so I guess what I would ask is that counsel file

18  a status letter with the Court by 5 p.m. Tuesday, May 27th,

19  that's two weeks before the hearing, regarding the status of

20  the matter.  I mean, if the status is, you're still talking,

21  you'll indicate that as well.  But -- and if you're still

22  talking but it's -- and you're going to continue talking but

23  it's still unresolved, then I want another status letter a week

24  after that.  I want to know -- I definitely want to know a week

25  before the hearing whether this is going to be resolved

**RESIDENTIAL CAPITAL, LLC, ET AL.**

14

1  consensually or not.  But let me ask you for two weeks before,

2  a status letter, and then again, if necessary, a week before

3  the hearing.  Okay.

4          MR. MANNAL:  Absolutely, Your Honor.  Thank you.

5          THE COURT:  All right.  Thanks very much.

6          MR. COLLIER:  Would you like a copy of the letter to

7  the state court judge, Your Honor?

8          THE COURT:  Sure.  Why don't you forward a copy.  That

9  would be -- I'd appreciate that.  Thanks very much.

10          Okay, Mr. Rosenbaum?  Mr. Mannal --

11          MR. MANNAL:  May we be excused?

12          THE COURT:  Absolutely.

13          MR. MANNAL:  Thank you.

14          THE COURT:  Sure.

15          MR. ROSENBAUM:  Your Honor, the next matter on the

16  agenda is Roman numeral II.  It's the debtors' continued

17  thirtieth omnibus objection.  And I'd turn the podium over to

18  my colleague, Meryl Rothchild.

19          THE COURT:  Sure.

20          MS. ROTHCHILD:  Good morning, Your Honor.  Meryl

21  Rothchild of Morrison & Forester on behalf of the ResCap

22  Borrower Claims Trust.

23          The next matter on the agenda, I believe, is on page 8

24  at number 2, the Borrower Trust's fifty-ninth omnibus claims

25  objection to insufficient documentation borrower claims, filed

**RESIDENTIAL CAPITAL, LLC, ET AL.**

15

1    at docket number 6448.  The Borrower Trust filed a related

2    reply in support of the objection at docket number 6797 as to

3    claim number 4419 filed by Ms. Annie Trammell.  Ms. Trammell,

4    acting pro se --

5              THE COURT:  Let me ask --

6              MS. ROTHCHILD:  Oh, sure.

7              THE COURT:  -- is Ms. Trammell on the phone, by any

8    chance?

9              All right, no appearance -- no one in the court or by

10   telephone appearing on behalf of Ms. Trammell.

11             Go ahead, Ms. Rothchild.

12             MS. ROTHCHILD:  Okay.  So Ms. Trammell filed her

13   response to the objection at docket number 6692.  In support of

14   the objection and reply, the Borrower Trust also submitted a

15   supplemental declaration by Deanna Horst, chief claims officer

16   of the ResCap Liquidating Trust, as Exhibit 1 to the reply.  I

17   believe Ms. Horst has made a telephonic appearance and is

18   available to answer any questions.

19             THE COURT:  Okay.

20             MS. ROTHCHILD:  Your Honor, we can proceed however the

21   Court prefers.  The trust can state its arguments in favor of

22   the objection as to Ms. Trammell's claim, or we can answer any

23   questions the Court may have.

24             THE COURT:  All right.  Since Ms. Trammell hasn't

25   appeared, the Court has reviewed the objection and the response

**RESIDENTIAL CAPITAL, LLC, ET AL.**

16

1  to the objection.  And as indicated, this is claim 4419.  The

2  objection is at ECF 6692 -- or the opposition to the objection

3  is at 6692.  The objection is at 6448 and is supported by the

4  declaration of Deanna Horst and Mr. Rosenbaum.  Those are both

5  exhibits to the objection.  The trust filed a reply which is at

6  6797.

7           The Trammell claim attaches only sparse and unhelpful

8  documentation.  The Court has concluded that based on the proof

9  of claim and its documentation, the claim is not entitled to be

10 treated as prima facie evidence of validity and amount.  The

11 claim asserts -- it asserts a claim for an 80,000-dollar

12 secured claim against GMAC for "mortgage payments (GMAC)".

13          The trust has treated the claim as one stated against

14 GMAC Mortgage LLC, and argues that the claim lacks adequate

15 documentation.  With respect to the requirement for adequate

16 documentation, see In re Consolidated Pioneer, 178 B.R. --

17 that's In re Consolidated Pioneer Mortgage, 178 B.R. 222.  And

18 see also my opinion in In re Minbatiwalla, 424 B.R. 104.

19          Trammell's opposition attaches a letter from Ocwen.

20 And in her response, Trammell writes that she objects to the

21 disallowance because she has "an outstanding debt of

22 approximately 80,000 dollars."  And her account was transferred

23 to Ocwen.  It was transferred to Ocwen as part of the sale of

24 the servicing platform.

25          In the reply the trust states that it has reviewed the

**RESIDENTIAL CAPITAL, LLC, ET AL.**

17

1   debtors' books and records to examine the history of the

2   debtors' relationship with Trammell.  The trust learned that

3   the debtor Homecomings Financial LLC serviced Trammell's loan

4   from 2001 until 2009, when it transferred servicing to GMAC-M.

5   That's in the supplemental declaration at paragraph 5.

6           GMAC-M then serviced the loan until transferring the

7   servicing rights to Ocwen in February 2013.  And while

8   servicing the loan, GMAC-M sent Trammell several notices

9   indicating that she was delinquent on her loan payments.  But

10  GMAC-M never commenced foreclosure proceedings.

11          The Court concludes, based on the evidence that the

12  trust has submitted, that Trammell has failed to establish a

13  basis for her claim.  The claim itself, what's attached, is not

14  entitled to be treated as prima facie evidence of validity and

15  amount.  She has not countered the evidence that the trust has

16  put forward in support of the objection and in the reply.

17          Consequently the objection to Trammell proof of claim

18  number 4419 is sustained, and the claim is expunged.

19          MS. ROTHCHILD:  Thank you, Your Honor.  And we will

20  submit an order to the court to that effect.

21          THE COURT:  All right.

22          MR. ROSENBAUM:  Your Honor, Norm Rosenbaum, Morrison &

23  Foerster, again.  Your Honor, there is -- the remaining items

24  on the calendar are two status conferences in the Hawthorne

25  adversary proceeding and the Von Brincken.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

18

1        THE COURT:  Okay.  Is anybody -- well, go ahead, Mr.

2    Rosenbaum.

3        MR. ROSENBAUM:  It says that it -- maybe I'll get it

4    right this time.  It's page 9, Roman numeral III of the agenda.

5        THE COURT:  Okay.

6        MR. ROSENBAUM:  I believe --

7        THE COURT:  Is anybody on the phone for Hawthorne?  Is

8    anybody appearing --

9        MS. HAWTHORNE:  Yes, this is Gwen Hawthorne, sir.

10        THE COURT:  Okay.  Thank you, Ms. Hawthorne.

11        I read -- I saw your status letters with respect to

12    both Hawthorne and Von Brincken.  So I've reviewed that.  So go

13    ahead Mr. Rosenbaum.  And then I'll give Ms. Hawthorne a chance

14    to respond.

15        MR. ROSENBAUM:  Thank you, Your Honor.  As indicated

16    in the status report, Your Honor was concerned at the last

17    status conference we had on this matter in February that the

18    loan modification application make its way to Ocwen.  And we

19    agreed to do everything we could to facilitate that.  We did

20    pass on the application that was received by Morrison &

21    Foerster to Ocwen's counsel, who has joined the hearing today,

22    at our request.  That's Matt Brooks of Troutman Sanders.

23        THE COURT:  Okay.

24        MR. ROSENBAUM:  My understanding is that the

25    application was routed to Ocwen by Mr. Brooks on March 8th.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

**19**

1    THE COURT:  Let me just stop -- Mr. Brooks, are you on

2    the phone?

3    MR. BROOKS:  I am, Your Honor.

4    THE COURT:  Okay, go ahead, Mr. Rosenbaum.

5    MR. ROSENBAUM:  It's our understanding -- but Ms.

6    Hawthorne and Mr. Brooks are on the phone and they can

7    elaborate -- it's our understanding that this application, in

8    effect, asks for a short -- request for a short sale, not a

9    loan modification.  In early April, April 3rd, I believe, Mr.

10   Brooks responded to Ms. Hawthorne and her son, indicating what

11   items were missing from the application for the short sale and

12   inquiring again as to whether she, in fact, would still want to

13   be considered for a loan modification.

14   My understanding -- our understanding is, there has

15   yet to be a response from the Hawthornes.

16   THE COURT:  Okay.

17   MR. ROSENBAUM:  From the perspective of the

18   liquidating trust, we're happy to continue to try to facilitate

19   this, if this can resolve the matter.  And if there is to be a

20   further continuance, that's fine from the trust's perspective.

21   But if not, at some point we'll want to move with a dismissal

22   of the complaint.

23   THE COURT:  So, Mr. Brooks, maybe you could tell me

24   from Ocwen's standpoint, where things stand?

25   MR. BROOKS:  I'd be happy to, Judge.  It's -- Ocwen

**RESIDENTIAL CAPITAL, LLC, ET AL.**

20

1   mailed out a letter to Ms. Hawthorne around the same time I

2   sent my e-mail, April 3rd, indicating that some additional

3   documents would be necessary.  And I don't know -- I don't

4   think the status report detailed what those items were, but

5   it's a few documents confirming pay that -- an income that was

6   indicated in the loan modification, as well as a sale contract

7   that has allegedly been entered into.

8          And I followed up with Ms. Hawthorne and left her a

9   voice mail on April the 10th to see if she had any questions

10   about either Ocwen's letter or my e-mail outlining what

11   documents would be needed.  And as of yet, I haven't heard

12   anything.  And I confirmed with Ocwen yesterday, that Ms.

13   Hawthorne has not submitted any of the additional documents

14   that it requested.

15          THE COURT:  Okay.  Ms. Hawthorne?

16          MS. HAWTHORNE:  Yes, Your Honor, I actually apologize.

17   I've been in the hospital and trying to recover, so I wasn't

18   able to probably get all of that information.  It's probably

19   why he didn't hear from me, because I didn't know I received

20   it.

21          THE COURT:  Let me ask you, do you have a contract for

22   a proposed short sale of the property?

23          MS. HAWTHORNE:  We have an offer for the house.  Yes

24   we do.

25          THE COURT:  Okay.  So really, at this point, Ms.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

21

1    Hawthorne, and I'm sorry if you were ill and in the hospital --

2            MS. HAWTHORNE:  Thank you.

3            THE COURT:  -- you need to -- if you want to pursue it

4    with Ocwen either to get approval for a short sale or if you

5    still want to seek a loan modification, you need to provide the

6    information that Ocwen's requesting.

7            MS. HAWTHORNE:  Absolutely.  Absolutely.

8            THE COURT:  Okay.  What I would like to -- I mean, I

9    want -- I think what I'm going to do, Mr. Rosenbaum, is adjourn

10   the matter.  I don't want to see the trust have to go through

11   the expense of preparing a motion to dismiss if there's a

12   consensual resolution that will solve the matter.  And

13   certainly from reading the status report and hearing Mr.

14   Brooks, it certainly sounds to me that Ocwen is prepared to

15   consider  -- it hasn't made any decision, I understand that --

16   Ocwen is prepared to consider approving a short sale.  And Mr.

17   Brooks inquired also whether Ms. Hawthorne was interested,

18   alternatively, in a loan modification.

19           But when will you be able -- do you know what

20   information Ocwen is asking for, Ms. Hawthorne?  Do you have

21   the request that Mr. Brooks has forwarded to you?

22           MS. HAWTHORNE:  I can probably get the request.  I've

23   been back and forth from my sister's house.  That's probably

24   why I didn't receive it.

25           THE COURT:  Okay, well me -- Mr. Brooks --

**RESIDENTIAL CAPITAL, LLC, ET AL.**

22

1          MS. HAWTHORNE:  So --

2          THE COURT:  -- can you send -- do you have her -- Ms.

3     Hawthorne, do you have e-mail?

4          MS. HAWTHORNE:  I do.  I have e-mail.

5          THE COURT:  Okay.  Mr. Brooks do you have her e-mail

6     address?

7          MR. BROOKS:  I do, Judge.

8          THE COURT:  Okay.  Could you -- may I ask you to do

9     this?  Could you just, so that -- it sounds as if Ms. Hawthorne

10    doesn't have it immediately at hand.  If you would forward the

11    request.  And you really -- it's one of these things.  Whenever

12    you seek either a modification or approval for a short sale,

13    it's important that you respond quickly, Ms. Hawthorne, because

14    you run the risk that the information you've provided to Ocwen

15    becomes stale, and the result is that they need more

16    information from you.

17          So to try to and move this along --

18          MS. HAWTHORNE:  Okay.

19          THE COURT:  -- it's important that you really respond

20    promptly.  Are you able to do that, Ms. Hawthorne?

21          MS. HAWTHORNE:  I am.  Definitely, Your Honor.

22          THE COURT:  Okay, Mr. Brooks --

23          MS. HAWTHORNE:  I'm a lot better, Your Honor.  But if

24    he could e-mail that -- forward that by e-mail, I'll respond

25    ASAP.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

23

1        THE COURT:  Mr. Brooks, may I ask you to do that?

2        MR. BROOKS:  I will, Judge.  And you raised a good

3    point.  Ocwen told me yesterday that the current information in

4    Ms. Hawthorne's loan modification request is going to get stale

5    at the end of this week.

6        THE COURT:  Okay.

7        MR. BROOKS:  And so if Ms. Hawthorne has the

8    information available that she can send today or tomorrow, I

9    can prevent that from happening.  But if we move into next

10   week, then I'm going to need some more information.

11       THE COURT:  Okay.  That's true for both a short sale

12   or a modification, or --

13       MR. BROOKS:  That's right.  For both, Judge.

14       THE COURT:  Okay.  So, Ms. Hawthorne, let me say, I

15   mean, because of my experience as a judge with loan

16   modifications, I certainly -- I don't think that was intended

17   as a threat.  I mean, all loan servicers' information has to

18   be -- is required to be current for them to consider either a

19   short sale or a loan modification.  So it really is important

20   that you get Mr. Brooks the information that he's asking for.

21   Otherwise, the result is you've got to go back and do it again.

22       MS. HAWTHORNE:  Your Honor, this is like every two

23   years we're doing this.  So I understand the urgency.  Yes.

24       THE COURT:  Okay.  So do it as quickly as you can.

25       MS. HAWTHORNE:  Okay.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

24

1              THE COURT:  Okay.

2              MS. HAWTHORNE:  Thank you.

3              THE COURT:  Mr. Rosenbaum, I guess I would ask this of

4    you or one of your colleagues.  If -- keep tabs on this for the

5    next couple of weeks.  If there isn't a resolution, you can go

6    ahead with a motion to dismiss.  I'm trying to save the trust

7    from having to go through the expense, if it really is -- if a

8    resolution is possible consensually.  Okay?

9              MR. ROSENBAUM:  We're happy to do that, Your Honor.

10   Thank you.

11             THE COURT:  Thanks very much.  Okay.

12             Now, Von Brincken?  Thank -- Ms. Hawthorne, you're

13   certainly excused.

14             MS. HAWTHORNE:  Thank you, Your Honor.

15             THE COURT:  Okay.

16             MR. ROSENBAUM:  Your Honor, the next matter and final

17   matter on the agenda is at page 10.  It's the pre-trial status

18   conference on Von Brincken v. GMAC Mortgage.  That's adversary

19   proceeding number 13-1436.  I believe earlier I heard Ms. Von

20   Brincken had made an appearance.

21             THE COURT:  Ms. Von Brincken, are you on the phone?

22             MS. VON BRINCKEN:  Yes, Your Honor.  John and Shelley

23   are on -- Von Brincken --

24             THE COURT:  Okay.

25             MS. VON BRINCKEN:  -- are on the phone.

**RESIDENTIAL CAPITAL, LLC, ET AL.**

25

1          THE COURT:  All right.  I'll give you -- I'll have Mr.

2     Rosenbaum speak to it, and then I'll give you a chance to talk.

3     Okay?

4          MS. VON BRINCKEN:  Thank you.

5          THE COURT:  All right, go ahead.

6          MR. ROSENBAUM:  Your Honor --

7          MR. KORNBERG:  Your Honor, Bernard Kornberg for Ocwen.

8          THE COURT:  Okay.  Thank you.

9          MR. ROSENBAUM:  Your Honor, in brief, Your Honor did

10    grant the Von Brinckens' -- or Ms. Von Brincken's motion to

11    amend the complaint and filed an amended complaint.  We had --

12    that had been preceded by unsuccessful settlement discussions.

13          We did file the joint report on the 17th, I believe,

14    Your Honor.  And then on the 18th we received a settlement

15    proposal from Ms. Von Brincken.  We have not had an opportunity

16    to fully vet that.  And that is something, actually, I would

17    need to raise with the Borrowers' Trust.

18          THE COURT:  Yes.

19          MR. ROSENBAUM:  We would like an opportunity to do so.

20    And if we're unable to come to a resolution, my proposal would

21    be to enter into just a joint scheduling stipulation on a

22    motion to dismiss with the plaintiff, and we could present that

23    to Your Honor.

24          THE COURT:  Okay.  That sounds -- well, let me ask,

25    Ms. Von Brincken, do you want to say something new?

**RESIDENTIAL CAPITAL, LLC, ET AL.**

26

1        MS. VON BRINCKEN:  I'm going to defer to my husband.

2   I have a cold.

3        THE COURT:  Okay.

4        MS. VON BRINCKEN:  Okay?

5        THE COURT:  Mr. Von Brincken?

6        MR. VON BRINCKEN:  Yes, good morning.  John Von

7   Brincken here.  Yeah, that's fine.  We do want them to take a

8   look at what we have submitted as a settlement offer.  And if,

9   in fact, it's not satisfactory and we can't reach a point, then

10  we know that they've already advised that they would possibly

11  send a motion to dismiss.  And then we would obviously answer

12  that and continue on.

13       THE COURT:  Okay.  Mr. Rosenbaum, how much time do you

14  think you need to explore the settlement opportunity?

15       MR. ROSENBAUM:  I think two weeks, Your Honor.

16       THE COURT:  Okay.  So why don't you do this.  I'd ask

17  for a status report by Monday, May 12th at 5 o'clock.  And if

18  you're not able to reach a settlement, you ought to see if you

19  can agree on a schedule for briefing a motion to dismiss.

20  Okay?

21       MR. ROSENBAUM:  That's fine, Your Honor.

22       THE COURT:  All right.  Mr. Von Brincken, so you ought

23  to -- I'll leave it to the two of you and Mr. Rosenbaum or his

24  colleagues to see whether you can pursue the settlement issue.

25  And if that's not going to work, they're going to go ahead and

**RESIDENTIAL CAPITAL, LLC, ET AL.**

27

1   file a motion to dismiss.  You'll have an opportunity to

2   respond to it.  And we'll have a hearing.

3         Where do you live?

4         MR. VON BRINCKEN:  We're in Grass Valley, California.

5         THE COURT:  Okay.  I'll permit you to -- just so it's

6   clear, I'll permit you to appear at any hearing on a motion to

7   dismiss by telephone.  Okay?

8         MR. VON BRINCKEN:  Thank you.

9         THE COURT:  All right.

10        MR. ROSENBAUM:  Thank you, Your Honor.  That concludes

11   our agenda.

12        THE COURT:  Okay.  Thanks very much, Mr. Rosenbaum.

13        MR. ROSENBAUM:  You're welcome.

14        MR. VON BRINCKEN:  Thank you.

15        THE COURT:  Thank you.  All right, we're adjourned.

16     (Whereupon these proceedings were concluded at 10:47 AM)

17

18

19

20

21

22

23

24

25

28

1

2                                I N D E X

3

4                                RULINGS

5                                            Page      Line

6    Objection to Trammell proof of claim 4419 is 17        18

7    sustained.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

29

1

2                      C E R T I F I C A T I O N

3

4    I, Penina Wolicki, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8

9

10
_____
11
PENINA WOLICKI
12
AAERT Certified Electronic Transcriber CET**D-569
13

14
eScribers
15
700 West 192nd Street, Suite #607
16
New York, NY 10040
17

18
Date:  April 25, 2014
19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, et al.
Case Nos. 12-12020-mg, 12-02050-mg, 13-01436-mg

April 24, 2014

**#**

**#607 (1)**
7:22

**A**

**able (5)**
12:14;20:18;21:19;
22:20;26:18
**Absolutely (6)**
9:7;12:16;14:4,12;
21:7,7
**account (1)**
16:22
**act (1)**
9:19
**acting (1)**
15:4
**action (1)**
9:11
**actually (2)**
20:16;25:16
**additional (2)**
20:2,13
**address (1)**
22:6
**adequate (2)**
16:14,15
**Adj (3)**
3:2,7,18
**adjourn (2)**
12:1;21:9
**Adjourned (3)**
3:22;12:8;27:15
**adjournment (2)**
9:1;12:19
**Adversary (4)**
3:16,20;17:25;
24:18
**advised (1)**
26:10
**advisement (1)**
9:17
**again (4)**
14:2;17:23;19:12;
23:21
**Against (7)**
3:4;8:24,25;10:13;
12:22;16:12,13
**agenda (6)**
8:9;14:16,23;18:4;
24:17;27:11
**agree (3)**
12:13,15;26:19
**agreed (3)**
8:25;12:5;18:19
**ahead (11)**
10:1,4,20;11:2;
15:11;18:1,13;19:4;
24:6;25:5;26:25
**al (1)**

**3:21**
**allegedly (1)**
20:7
**allow (1)**
12:2
**Ally (1)**
13:6
**along (1)**
22:17
**Alredia (1)**
3:12
**alternatively (1)**
21:18
**always (1)**
10:12
**amend (1)**
25:11
**amended (1)**
25:11
**amount (2)**
16:10;17:15
**Annie (2)**
3:11;15:3
**anticipate (1)**
3:13
**APC (1)**
6:19
**apologize (2)**
12:19;20:16
**appear (1)**
27:6
**appearance (3)**
15:9,17;24:20
**appearances (1)**
8:17
**appeared (1)**
15:25
**appearing (2)**
15:10;18:8
**application (5)**
18:18,20,25;19:7,
11
**appreciate (1)**
14:9
**approval (2)**
21:4;22:12
**approving (1)**
21:16
**approximately (1)**
16:22
**April (5)**
2:19;19:9,9;20:2,9
**argued (4)**
9:12,14,15;10:24
**argues (1)**
16:14
**arguments (1)**
15:21
**around (1)**
20:1
**ASAP (1)**
22:25
**asserted (2)**

**8:24,25**
**asserts (2)**
16:11,11
**Atlanta (1)**
6:14
**attached (1)**
17:13
**attaches (2)**
16:7,19
**ATTORNEY (2)**
5:2,3
**Attorneys (4)**
5:11,19;6:2,20
**available (4)**
9:2;13:4;15:18;
23:8
**Avenue (1)**
5:4
**avoid (1)**
9:4
**awaiting (1)**
11:9
**aware (3)**
10:13;13:9,16

**B**

**back (2)**
21:23;23:21
**Bankruptcy (3)**
2:15,24;12:8
**based (2)**
16:8;17:11
**basis (1)**
17:13
**bear (1)**
9:6
**becomes (1)**
22:15
**behalf (4)**
3:4;8:16;14:21;
15:10
**BENDER (1)**
6:1
**BERNARD (2)**
6:25;25:7
**better (1)**
22:23
**biologically (1)**
11:19
**books (1)**
17:1
**Borrower (7)**
3:8,9;14:22,24,25;
15:1,14
**Borrowers' (2)**
8:7;25:17
**Boston (1)**
5:22
**both (4)**
16:4;18:12;23:11,
13
**Bowling (1)**

**2:16**
**Boylston (1)**
5:12
**BR (3)**
16:16,17,18
**BRIANSKY (1)**
5:24
**brief (2)**
9:13;25:9
**briefed (1)**
9:14
**briefing (3)**
13:1,9;26:19
**Brincken (23)**
3:20;7:4;17:25;
18:12;24:12,18,20,
21,22,23,25;25:4,15,
25;26:1,4,5,6,7,22;
27:4,8,14
**Brinckens' (1)**
25:10
**Brincken's (1)**
25:10
**BROOKS (21)**
6:16;18:22,25;
19:1,3,6,10,23,25;
21:14,17,21,25;22:5,
7,22;23:1,2,7,13,20
**Brown (9)**
3:4;5:3,11,19;8:19,
24;11:5,13,14

**C**

**CA (1)**
6:23
**calendar (3)**
11:21,24;17:24
**California (1)**
27:4
**Cambridge (2)**
5:5,20
**can (14)**
12:2;15:20,21,22;
19:6,19;21:22;22:2;
23:8,9,24;24:5;26:19,
24
**Capital (2)**
6:2;8:3
**CC (4)**
3:2,7,18,22
**CENTER (2)**
5:10;6:21
**certainly (6)**
9:11;10:13;21:13,
14;23:16;24:13
**chambers (1)**
9:2
**chance (3)**
15:8;18:13;25:2
**chief (1)**
15:15
**City (1)**

**6:5**
**claim (22)**
3:11,12,14;10:13,
14,16;12:22;15:3,22;
16:1,7,9,9,11,11,12,
13,14;17:13,13,17,18
**claimant (1)**
8:19
**claimant's (1)**
3:13
**Claims (11)**
3:8,8,9,10;8:23,24;
9:4;14:22,24,25;
15:15
**clear (3)**
11:12;12:13;27:6
**cold (1)**
26:2
**colleague (1)**
14:18
**colleagues (2)**
24:4;26:24
**COLLIER (19)**
5:2,7,8;18,18;9:24;
10:3,3,4,5,8;11:2,2,3,
11,15,18;12:25;13:7;
14:6
**commenced (1)**
17:10
**complaint (3)**
19:22;25:11,11
**computer (2)**
9:9;11:21
**concern (1)**
10:18
**concerned (1)**
18:16
**concluded (2)**
16:8;27:16
**concludes (2)**
17:11;27:10
**Conference (4)**
3:18,22;18:17;
24:18
**conferences (1)**
17:24
**confirmed (1)**
20:12
**confirming (1)**
20:5
**consensual (2)**
10:12;21:12
**consensually (2)**
14:1;24:8
**Consequently (1)**
17:17
**consider (3)**
21:15,16;23:18
**considered (1)**
19:13
**Consolidated (2)**
16:16,17
**continuance (1)**

12-12020-mg    Doc 6875    Filed 04/25/14    Entered 05/09/14 09:50:29    Main Document
RESIDENTIAL CAPITAL, LLC, et al.
Case Nos. 12-12020-mg, 12-02050-mg, 13-01436-mg
Pg 31 of 35
April 24, 2014

19:20
**continue (3)**
    13:22;19:18;26:12
**continued (1)**
    14:16
**contract (2)**
    20:6,21
**copy (3)**
    13:12;14:6,8
**counsel (6)**
    11:5,6,8;13:13,17;
    18:21
**countered (1)**
    17:15
**couple (1)**
    24:5
**Court (102)**
    2:15;8:2,11,14,17,
    20;9:6,8,16,18,20,23;
    10:1,4,7,9,11,18,22;
    11:2,4,10,12,16,20,
    23;12:6,9,9,11,12,17,
    19,20,20;13:2,8,14,
    18;14:5,7,8,12,14,19;
    15:5,7,9,19,21,23,24,
    25;16:8;17:11,20,21;
    18:1,5,7,10,23;19:1,
    4,16,23;20:15,21,25;
    21:3,8,25;22:2,5,8,
    19,22;23:1,6,11,14,
    24;24:1,3,11,15,21,
    24;25:1,5,8,18,24;
    26:3,5,13,16,22;27:5,
    9,12,15
**Court's (3)**
    9:25;11:4;13:4
**current (2)**
    23:3,18

**D**

**date (4)**
    9:1;10:5,7,8
**DEANNA (3)**
    7:3;15:15;16:4
**debt (1)**
    16:21
**debtor (1)**
    17:3
**debtors' (3)**
    14:16;17:1,2
**decide (2)**
    10:21,22
**decision (3)**
    12:10;13:12;21:15
**declaration (3)**
    15:15;16:4;17:5
**Defendant (1)**
    6:11
**defer (1)**
    26:1
**definitely (2)**
    13:24;22:21

**degree (1)**
    11:18
**delinquent (1)**
    17:9
**described (1)**
    9:13
**detailed (1)**
    20:4
**developments (1)**
    13:2
**disallowance (1)**
    16:21
**discussions (1)**
    25:12
**dismiss (7)**
    21:11;24:6;25:22;
    26:11,19;27:1,7
**dismissal (1)**
    19:21
**Doc (3)**
    3:2,18,22
**Doc# (1)**
    3:7
**docket (3)**
    15:1,2,13
**Documentation (6)**
    3:9;14:25;16:8,9,
    15,16
**documents (4)**
    20:3,5,11,13
**dollars (1)**
    16:22
**done (2)**
    12:20,23
**Doug (1)**
    8:15
**Douglas (1)**
    3:4

**E**

**earlier (1)**
    24:19
**early (1)**
    19:9
**ECF (1)**
    16:2
**effect (4)**
    10:23;11:6;17:20;
    19:8
**effort (1)**
    8:22
**either (4)**
    20:10;21:4;22:12;
    23:18
**elaborate (1)**
    19:7
**e-mail (7)**
    20:2,10;22:3,4,5,
    24,24
**Embarcadero (1)**
    6:21
**end (1)**

23:5
**Enforcing (4)**
    3:3;8:10;11:8;13:4
**enter (1)**
    25:21
**entered (1)**
    20:7
**entire (1)**
    12:24
**entitled (2)**
    16:9;17:14
**eScribers (1)**
    7:21
**ESQ (6)**
    5:7,15,24;6:7,16,25
**establish (1)**
    17:12
**et (1)**
    3:21
**everybody (1)**
    13:16
**evidence (4)**
    16:10;17:11,14,15
**evident (1)**
    11:13
**examine (1)**
    17:1
**excused (2)**
    14:11;24:13
**Exhibit (1)**
    15:16
**exhibits (1)**
    16:5
**expectation (1)**
    10:19
**expense (2)**
    21:11;24:7
**experience (1)**
    23:15
**explore (1)**
    26:14
**expunged (1)**
    17:18

**F**

**facie (2)**
    16:10;17:14
**facilitate (1)**
    18:19;19:18
**fact (3)**
    13:11;19:12;26:9
**failed (1)**
    17:12
**favor (2)**
    10:12;15:21
**February (2)**
    17:7;18:17
**few (2)**
    9:8;20:5
**Fifty-Ninth (2)**
    3:8;14:24
**file (4)**

11:5;13:17;25:13;
    27:1
**filed (13)**
    3:4,11,12;10:14,
    17;11:4;8;14:25;
    15:1,3,12;16:5;25:11
**filing (1)**
    3:13
**final (1)**
    24:16
**Financial (2)**
    13:6;17:3
**fine (2)**
    13:14;19:20;26:7,
    21
**first (1)**
    8:8
**Foerster (3)**
    8:6;17:23;18:21
**followed (1)**
    20:8
**foreclosure (1)**
    17:10
**Forester (1)**
    14:21
**form (1)**
    12:5
**forth (1)**
    21:23
**forward (6)**
    3:12;8:22;14:8;
    17:16;22:10,24
**forwarded (1)**
    21:21
**Francisco (1)**
    6:23
**FREDRICK (1)**
    6:7
**fully (2)**
    9:13;25:16
**further (2)**
    9:3;19:20

**G**

**GA (1)**
    6:14
**gave (1)**
    11:7
**GLENN (1)**
    2:23
**global (1)**
    12:3
**GMAC (10)**
    3:16,20;6:11,20;
    8:25;10:13;16:12,12,
    14;24:18
**GMAC-M (5)**
    12:22;17:4,6,8,10
**Good (5)**
    8:5;9:23;14:20;
    23:2;26:6
**grant (1)**

25:10
**Grass (1)**
    27:4
**Green (1)**
    2:16
**guess (5)**
    9:9,14;11:13;
    13:17;24:3
**Gwen (1)**
    18:9
**GWENDOLYN (1)**
    7:5

**H**

**Halfway (1)**
    11:3
**hand (1)**
    22:10
**happening (1)**
    23:9
**happy (4)**
    13:12;19:18,25;
    24:9
**Hawthorne (39)**
    3:16;7:5;17:24;
    18:7,9,9,10,12,13;
    19:6,10;20:1,8,13,15,
    16,23;21:1,2,7,17,20,
    22;22:1,3,4,9,13,18,
    20,21,23;23:7,14,22,
    25;24:2,12,14
**Hawthornes (1)**
    19:15
**Hawthorne's (1)**
    23:4
**hear (1)**
    20:19
**heard (2)**
    20:11;24:19
**Hearing (11)**
    3:11,12;7:8;
    13:19,25;14:3;18:21;
    21:13;27:2,6
**held (1)**
    12:7
**history (1)**
    17:1
**Holiday (1)**
    3:13
**Homecomings (1)**
    17:3
**HON (1)**
    2:23
**Honor (43)**
    8:5,8,15,16,18,21;
    9:1,15,24;10:3;11:1;
    12:16,18;13:7,11;
    14:4,7,15,20;15:20;
    17:19,22,23;18:15,
    16;19:3;20:16;22:21,
    23;23:22;24:9,14,16,
    22;25:6,7,9,9,14,23;

12-12020-mg    Doc 6875    Filed 04/25/14    Entered 05/09/14 09:50:29    Main Document
RESIDENTIAL CAPITAL, LLC, et al.
Pg 32 of 35
Case Nos. 12-12020-mg, 12-02050-mg, 13-01436-mg

April 24, 2014

26:15,21;27:10
**hope (1)**
9:3
**hopefully (1)**
8:23
**HORST (4)**
7:3;15:15,17;16:4
**hospital (2)**
20:17;21:1
**house (2)**
20:23;21:23
**Hrg (2)**
3:2,7
**husband (1)**
26:1

**I**

**identify (2)**
10:1;11:19
**II (1)**
14:16
**III (2)**
5:7;18:4
**ill (1)**
21:1
**immediately (1)**
22:10
**imminent (2)**
10:9,10
**important (3)**
22:13,19;23:19
**inclined (1)**
9:1
**included (1)**
13:5
**income (1)**
20:5
**indicate (1)**
13:21
**indicated (3)**
16:1;18:15;20:6
**indicating (4)**
12:6;17:9;19:10;
20:2
**information (11)**
9:25;20:18;21:6,
20;22:14,16;23:3,8,
10,17,20
**informed (1)**
9:2
**Injunction (3)**
3:3;8:10;10:24
**inquired (1)**
21:17
**inquiring (1)**
19:12
**instructed (1)**
11:5
**Insufficient (2)**
3:9;14:25
**intended (1)**
23:16

**intends (1)**
9:18
**interested (1)**
21:17
**into (3)**
20:7;23:9;25:21
**issue (3)**
10:23;11:11;26:24
**issued (2)**
13:2,10
**issues (1)**
12:4
**items (3)**
17:23;19:11;20:4

**J**

**Jamaica (1)**
5:13
**January (1)**
9:13
**JOHN (3)**
7:4;24:22;26:6
**joined (1)**
18:21
**joint (2)**
25:13,21
**JUDGE (15)**
2:24;9:18;10:18,
20,25;11:3,9,15;12:6;
14:7;19:25;22:7;
23:2,13,15
**judgment (2)**
9:12;12:10
**June (4)**
9:1;11:24;12:1,8

**K**

**Kansas (1)**
6:5
**Karla (5)**
3:4;5:3,11;8:19;
11:13
**keep (2)**
11:16;24:4
**KORNBERG (3)**
6:25;25:7,7
**Kramer (1)**
8:15

**L**

**lacks (1)**
16:14
**Lahrman (1)**
13:12
**last (2)**
13:2;18:16
**late (2)**
12:19;13:1
**LAW (1)**
5:2

**learned (1)**
17:2
**least (2)**
11:24;13:3
**leave (1)**
26:23
**left (1)**
20:8
**LEGAL (1)**
5:10
**letter (9)**
12:5,14;13:18,23;
14:2,6;16:19;20:1,10
**letters (1)**
18:11
**Levin (1)**
8:15
**Liquidating (8)**
3:3,5;7:3;8:6,9,16;
15:16;19:18
**live (1)**
27:3
**LLC (7)**
3:17,21;6:2,11;
7:21;16:14;17:3
**LLP (2)**
5:18;6:10
**loan (14)**
17:3,6,8,9;18:18;
19:9,13;20:6;21:5,
18;23:4,15,17,19
**LOBEL (1)**
5:18
**look (2)**
10:11;26:8
**lot (2)**
12:20;22:23

**M**

**MA (3)**
5:5,13,22
**mail (1)**
20:9
**mailed (1)**
20:1
**Main (1)**
6:3
**Mannal (16)**
3:4;8:13,15,15,21;
9:6,7;10:16;11:1;
12:17,18;13:11;14:4,
10,11,13
**many (1)**
11:24
**March (2)**
10:6;18:25
**MARTIN (1)**
2:23
**Massachusetts (8)**
5:4;9:11,18;10:19,
20,25;12:6,9
**Matt (1)**

18:22
**matter (14)**
8:8;9:19;12:1,19,
24;13:20;14:15,23;
18:17;19:19;21:10,
12;24:16,17
**matters (4)**
10:12;21;11:25;
12:11
**MATTHEW (1)**
6:16
**MAX (2)**
5:15;8:19
**May (7)**
11:5;13:18;14:11;
15:23;22:8;23:1;
26:17
**maybe (2)**
18:3;19:23
**mean (4)**
13:20;21:8;23:15,
17
**meantime (2)**
11:6,7
**Meryl (2)**
14:18,20
**Minbatiwalla (1)**
16:18
**missing (1)**
19:11
**MO (1)**
6:5
**modification (10)**
18:18;19:9,13;
20:6;21:5,18;22:12;
23:4,12,19
**modifications (1)**
23:16
**Monday (1)**
26:17
**more (4)**
9:8;12:23;22:15;
23:10
**morning (3)**
8:5;14:20;26:6
**Morrison (4)**
8:6;14:21;17:22;
18:20
**MORTGAGE (8)**
3:16,21;6:11;8:25;
16:12,14,17;24:18
**Motion (18)**
3:2,7;8:9,22;9:4,
12;11:5,8;12:10;
13:12;21:11;24:6;
25:10,22;26:11,19;
27:1,6
**move (3)**
19:21;22:17;23:9
**much (6)**
8:20;14:5,9;24:11;
26:13;27:12

**N**

**NE (1)**
6:12
**necessary (2)**
14:2;20:3
**need (9)**
9:4;10:1;12:23;
21:3,5;22:15;23:10;
25:17;26:14
**needed (1)**
20:11
**New (5)**
2:17,17;7:23;25:25
**next (7)**
10:6,6;14:15,23;
23:9;24:5,16
**nondebtor (1)**
13:5
**Norm (2)**
8:5;17:22
**nos (1)**
3:2
**Notice (1)**
3:14
**notices (1)**
17:8
**number (8)**
8:3;14:24;15:1,2,3,
13;17:18;24:19
**numeral (2)**
14:16;18:4
**NY (1)**
7:23

**O**

**Objection (16)**
3:7;9;14:17,25;
15:2,13,14,22,25;
16:1,2,2,3,5;17:16,17
**objects (1)**
16:20
**obviously (1)**
26:11
**o'clock (1)**
26:17
**Ocwen (15)**
16:19,23,23;17:7;
18:18,25;19:25;
20:12;21:4,14,16,20;
22:14;23:3;25:7
**Ocwen's (4)**
18:21;19:24;20:10;
21:6
**offer (2)**
20:23;26:8
**officer (1)**
15:15
**Omnibus (4)**
3:7,8;14:17,24
**One (9)**

RESIDENTIAL CAPITAL, LLC, et al.
Case Nos. 12-12020-mg, 12-02050-mg, 13-01436-mg

April 24, 2014

2:16;6:21;11:12;
13:3,3;15:9;16:13;
22:11;24:4
**only (3)**
8:23;10:18;16:7
**operations@escribersnet (1)**
7:25
**opinion (1)**
16:18
**opinions (2)**
13:3,10
**opportunity (5)**
12:2;25:15,19;
26:14;27:1
**opposition (2)**
16:2,19
**Order (5)**
3:3;8:10;11:4,8;
17:20
**Otherwise (1)**
23:21
**ought (3)**
13:15;26:18,22
**out (1)**
20:1
**outlining (1)**
20:10
**outstanding (1)**
16:21
**over (2)**
8:12;14:17
**overall (1)**
12:3
**overnight (1)**
9:9

**P**

**page (4)**
8:8;14:23;18:4;
24:17
**paragraph (1)**
17:5
**part (1)**
16:23
**particular (1)**
12:21
**parties (4)**
3:13;8:25;12:2,7
**pass (1)**
18:20
**PAUL (4)**
5:2,7;8:18;10:3
**Pause (2)**
9:5;11:22
**pay (1)**
20:5
**payments (2)**
16:12;17:9
**PC (1)**
6:1
**Peachtree (1)**
6:12

**pending (5)**
10:13,21;12:10,10,
22
**Penina (1)**
7:20
**permit (2)**
27:5,6
**perspective (2)**
19:17,20
**Philip (1)**
5:19
**Phillip (1)**
11:13
**phone (6)**
15:7;18:7;19:2,6;
24:21,25
**Pioneer (2)**
16:16,17
**Plain (1)**
5:13
**plaintiff (1)**
25:22
**Plan (4)**
3:3;8:10;11:4;13:5
**platform (1)**
16:24
**Please (1)**
8:2
**pm (1)**
13:18
**podium (2)**
8:12;14:17
**point (5)**
11:24;19:21;20:25;
23:3;26:9
**possible (1)**
24:8
**possibly (1)**
26:10
**preceded (1)**
25:12
**prefers (1)**
15:21
**prepared (4)**
8:21;12:1;21:14,16
**preparing (1)**
21:11
**PRESENT (2)**
7:2;25:22
**presently (1)**
9:17
**pre-trial (1)**
24:17
**pretty (1)**
12:14
**prevent (1)**
23:9
**prima (2)**
16:10;17:14
**PRINCE (1)**
5:18
**PRO (3)**
7:4,5;15:4

**probably (4)**
20:18,18;21:22,23
**proceed (2)**
9:4;15:20
**proceeding (4)**
3:16,20;17:25;
24:19
**proceedings (2)**
17:10;27:16
**progress (1)**
9:3
**promptly (1)**
22:20
**proof (2)**
16:8;17:17
**property (1)**
20:22
**proposal (2)**
25:15,20
**proposed (1)**
20:22
**provide (1)**
21:5
**provided (1)**
22:14
**provisions (1)**
10:24
**publication (2)**
13:3,4
**pursue (2)**
21:3;26:24
**put (4)**
10:9,22;12:21;
17:16

**Q**

**quickly (2)**
22:13;23:24

**R**

**raise (1)**
25:17
**raised (2)**
10:24;23:2
**RE (5)**
3:2,7;16:16,17,18
**reach (4)**
8:23;12:3;26:9,18
**read (3)**
9:11;13:7;18:11
**reading (1)**
21:13
**really (5)**
20:25;22:11,19;
23:19;24:7
**reason (1)**
9:23
**rebooted (1)**
9:9
**receive (1)**
21:24

**received (3)**
18:20;20:19;25:14
**records (1)**
17:1
**recover (1)**
20:17
**refer (1)**
13:11
**reference (1)**
13:1
**regard (1)**
11:6
**regarding (1)**
13:19
**related (2)**
11:14;15:1
**relationship (1)**
17:2
**release (2)**
10:23;13:5
**remaining (1)**
17:23
**remains (1)**
10:13
**reply (7)**
11:7;15:2,14,16;
16:5,25;17:16
**report (5)**
18:16;20:4;21:13;
25:13;26:17
**request (8)**
12:7,12;18:22;
19:8;21:21,22;22:11;
23:4
**requested (2)**
12:9;20:14
**requesting (1)**
21:6
**required (2)**
3:13;23:18
**requirement (1)**
16:15
**ResCap (10)**
3:3,4,8;7:3;8:6,7,9;
11:23;14:21;15:16
**Residential (2)**
6:2;8:3
**resolution (9)**
9:19;10:12;11:11;
12:3,11;21:12;24:5,
8;25:20
**resolve (1)**
12:3,23;19:19
**resolved (1)**
13:25
**resolving (1)**
9:3
**respect (3)**
13:6;16:15;18:11
**respond (5)**
18:14;22:13,19,24;
27:2
**responded (1)**

**received (3)**
19:10
**response (4)**
15:13,25;16:20;
19:15
**result (2)**
22:15;23:21
**reviewed (3)**
15:25;16:25;18:12
**RICHARD (1)**
5:24
**right (18)**
8:3;11:12,14,15,20,
23;12:17;14:5;15:9,
24;17:21;18:4;23:13;
25:1,5;26:22;27:9,15
**rights (1)**
17:7
**risk (1)**
22:14
**Roman (2)**
14:16;18:4
**Rosenbaum (33)**
8:4,5,6,12;14:10,
15;16:4;17:22,22;
18:2,3,6,13,15,24;
19:4,5,17;21:9;24:3,
9,16;25:2,6,9,19;
26:13,15,21,23;
27:10,12,13
**Rothchild (8)**
14:18,20,21;15:6,
11,12,20;17:19
**routed (1)**
18:25
**run (1)**
22:14

**S**

**sale (10)**
16:23;19:8,11;
20:6,22;21:4,16;
22:12;23:11,19
**same (1)**
20:1
**San (1)**
6:23
**SANDERS (2)**
6:10;18:22
**satisfactory (1)**
26:9
**save (1)**
24:6
**saw (1)**
18:11
**schedule (1)**
26:19
**scheduled (1)**
10:5
**scheduling (1)**
25:21
**SE (3)**
7:4,5;15:4

12-12020-mg    Doc 6875    Filed 04/25/14    Entered 05/09/14 09:50:29    Main Document
RESIDENTIAL CAPITAL, LLC, et al.
Pg 34 of 35
Case Nos. 12-12020-mg, 12-02050-mg, 13-01436-mg

April 24, 2014

seated (1)
    8:2
second (1)
    9:6
seconds (1)
    9:8
secured (1)
    16:12
seek (2)
    21:5;22:12
seems (1)
    11:13
send (3)
    22:2;23:8;26:11
sent (3)
    12:6;17:8;20:2
separation (1)
    11:18
serviced (2)
    17:3,6
servicers' (1)
    23:17
SERVICES (1)
    5:10
servicing (4)
    16:24;17:4,7,8
settlement (7)
    8:23;25:12,14;
    26:8,14,18,24
several (2)
    13:3;17:8
SEVERSON (1)
    6:19
share (1)
    13:12
SHELLEY (2)
    7:4;24:22
short (9)
    19:8,8,11;20:22;
    21:4,16;22:12;23:11,
    19
sister's (1)
    21:23
site (2)
    13:4,14
solely (2)
    3:11,12
solve (1)
    21:12
son (1)
    19:10
sorry (2)
    10:3;21:1
sounds (3)
    21:14;22:9;25:24
sparse (1)
    16:7
speak (2)
    10:2;25:2
stale (2)
    22:15;23:4
stand (1)
    19:24

standpoint (1)
    19:24
state (2)
    14:7;15:21
stated (1)
    16:13
States (2)
    2:15;16:25
Status (17)
    3:18,22;9:10,16;
    13:18,19,20,23;14:2;
    17:24;18:11,16,17;
    20:4;21:13;24:17;
    26:17
still (5)
    13:20,21,23;19:12;
    21:5
stipulation (1)
    25:21
stop (1)
    19:1
straight (1)
    11:16
straightforward (1)
    12:14
Street (5)
    5:12,20;6:3,12;
    7:22
STROHBEHN (1)
    6:1
submit (1)
    17:20
submitted (4)
    15:14;17:12;20:13;
    26:8
Suite (5)
    5:21;6:4,13,22;
    7:22
summary (2)
    9:12;12:10
Superior (1)
    9:18
supplemental (2)
    15:15;17:5
support (3)
    15:2,13;17:16
supported (1)
    16:3
sure (7)
    12:14;13:8,15;
    14:8,14,19;15:6
sustained (1)
    17:18

T

tabs (1)
    24:4
talk (1)
    25:2
talking (3)
    13:20,22,22
telephone (2)

15:10;27:7
telephonic (1)
    15:17
TELEPHONICALLY (5)
    5:24;6:7,16,25;7:2
Thanks (4)
    14:5;9;24:11;27:12
third-party (1)
    13:5
thirtieth (1)
    14:17
threat (1)
    23:17
times (1)
    11:17
today (4)
    8:22;12:7;18:21;
    23:8
told (1)
    23:3
tomorrow (1)
    23:8
Trammell (13)
    3:11;15:3,3,7,10,
    12,24;16:7,20;17:2,8,
    12,17
Trammell's (3)
    15:22;16:19;17:3
Transcribed (1)
    7:20
transferred (3)
    16:22,23;17:4
transferring (1)
    17:6
treated (3)
    16:10,13;17:14
trial (3)
    10:5,7,8
TROUTMAN (2)
    6:10;18:22
true (1)
    23:11
Trust (22)
    3:3,5;7:3;8:7,7,9,
    16;14:22;15:1,14,16,
    21;16:5,13,25;17:2,
    12,15;19:18;21:10;
    24:6;25:17
Trusts (1)
    3:8
trust's (4)
    8:22;9:4;14:24;
    19:20
try (3)
    11:12;19:18;22:17
trying (3)
    11:16;20:17;24:6
Tuesday (1)
    13:18
turn (2)
    8:12;14:17
two (7)
    11:17;13:19;14:1;

17:24;23:22;26:15,
    23
TYE (1)
    5:18

U

un (1)
    10:22
unable (1)
    25:20
unclear (1)
    10:23
under (1)
    9:17
unhelpful (1)
    16:7
United (1)
    2:15
unresolved (1)
    13:23
unsuccessful (1)
    25:12
up (2)
    11:13;20:8
urgency (1)
    23:23

V

validity (2)
    16:10;17:14
Valley (1)
    27:4
VAUHN (1)
    6:1
vet (1)
    25:16
voice (1)
    20:9
Von (25)
    3:20;7:4;17:25;
    18:12;24:12,18,19,
    21,22,23,25;25:4,10,
    10,15,25;26:1,4,5,6,6,
    22;27:4,8,14

W

wait (1)
    10:21
WALTERS (2)
    6:1,7
way (4)
    10:9,22;12:21;
    18:18
Web (2)
    13:4,14
week (6)
    13:2,23,24;14:2;
    23:5,10
weeks (4)
    13:19;14:1;24:5;

26:15
WEINSTEIN (9)
    5:15;8:19;9:14,15,
    17,22;10:10;12:16,25
Weinstein's (1)
    9:13
welcome (1)
    27:13
WERSON (1)
    6:19
West (1)
    7:22
what's (2)
    9:16;10:14;17:13
Whenever (1)
    22:11
Whereupon (1)
    27:16
WILMERHALE (1)
    5:10
Withdrawal (1)
    3:14
withhold (1)
    12:9
within (2)
    11:18;13:2
Wolicki (1)
    7:20
work (2)
    12:20;26:25
writes (1)
    16:20

Y

years (1)
    23:23
yesterday (2)
    20:12;23:3
York (3)
    2:17,17;7:23

0

02114 (1)
    5:22
02130 (1)
    5:13
02139 (1)
    5:5

1

1 (2)
    3:18;15:16
10 (1)
    24:17
10:19 (1)
    2:20
10:47 (1)
    27:16
100 (1)
    5:20

RESIDENTIAL CAPITAL, LLC, et al.
Case Nos. 12-12020-mg, 12-02050-mg, 13-01436-mg

April 24, 2014

**10040 (1)**
7:23
**104 (1)**
16:18
**10th (6)**
9:2;11:5,24;12:2,8;
20:9
**1100 (1)**
6:3
**12-02050-mg (1)**
3:16
**12-12020 (1)**
8:4
**122 (1)**
5:12
**12th (1)**
26:17
**13-01436-mg (1)**
3:20
**13-1436 (1)**
24:19
**15 (1)**
3:22
**178 (2)**
16:16,17
**17th (1)**
25:13
**18th (1)**
25:14
**192nd (1)**
7:22

**2**

**2 (1)**
14:24
**2001 (1)**
17:4
**2009 (1)**
17:4
**2013 (1)**
17:7
**2014 (1)**
2:19
**2200 (1)**
5:21
**222 (1)**
16:17
**24 (1)**
2:19
**2500 (1)**
6:4
**2600 (1)**
6:22
**27th (1)**
13:18

**3**

**30308 (1)**
6:14
**3rd (2)**
19:9;20:2

**4**

**424 (1)**
16:18
**4419 (3)**
15:3;16:1;17:18

**5**

**5 (3)**
13:18;17:5;26:17
**5200 (1)**
6:13

**6**

**6 (1)**
8:8
**600 (1)**
6:12
**64105 (1)**
6:5
**6448 (3)**
3:7;15:1;16:3
**6687 (1)**
3:2
**6688 (1)**
3:2
**6692 (3)**
15:13;16:2,3
**678 (1)**
5:4
**6797 (2)**
15:2;16:6

**7**

**700 (1)**
7:22
**700,000-dollar (2)**
10:14,16

**8**

**8 (1)**
14:23
**80,000 (1)**
16:22
**80,000-dollar (1)**
16:11
**8th (1)**
18:25

**9**

**9 (1)**
18:4
**94111 (1)**
6:23
**973406-2250 (1)**
7:24