UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

### STIPULATION AND ORDER TOLLING THE STATUTE OF LIMITATIONS

**WHEREAS**, commencing on May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, "ResCap" or the "Debtors") voluntarily filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), jointly administered under Case No. 12-12020 (MG) (the "Bankruptcy Cases");

**WHEREAS**, pursuant to that certain *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors*, dated December 11, 2013 (the "Confirmation Order"), and that certain *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date*, dated December 17, 2013, the Liquidating Trust was established on the Effective Date and is currently being administered pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan");[1]

**WHEREAS**, pursuant to the Plan, the Liquidating Trust is responsible for bringing any and all Liquidating Trust Causes of Action;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1

**WHEREAS**, the Liquidating Trust Board believes that the Liquidating Trust may have certain causes of action against Cerberus Capital Management, L.P. ("Cerberus Capital"), Cerberus Partners, L.P., Cerberus ResCap Assets Investors LLC, Cerberus ResCap Financing LLC, and certain affiliates or subsidiaries of Cerberus Capital (collectively "Cerberus" and, together with the Liquidating Trust, the "Parties") arising from or relating to June 2008 transactions in connection with ResCap's model home finance business, specifically and for the avoidance of doubt being those causes of action set forth in a draft complaint provided to Cerberus's counsel prior to the execution of this Stipulation (together with any amendments found by the Court to relate back to the draft complaint pursuant to Federal Rule of Civil Procedure 15(c)) (the "Causes of Action"); and

**WHEREAS**, pursuant to this agreement (the "Agreement") the Parties have agreed to extend any and all statutes of limitations as to such Causes of Action to permit the parties to exchange information and otherwise seek to consensually resolve issues related to the potential Liquidating Trust Causes of Action by establishing a Tolling Period (defined below).

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the Parties hereto as follows:

1.  The Tolling Period. The Tolling Period is defined as the period from and including the date of this Agreement until and including **July 14, 2014** (the "Termination Date"). The Termination Date may be extended by further written agreement between the Parties.

2.  Ability to Assert Claims. The Parties hereby agree that the Liquidating Trust's ability to file a complaint and/or commence an action asserting the Causes of Action against Cerberus through the termination of the Tolling Period is preserved.

3.  Tolling and Suspension of Limitation Periods. Any statute or period of limitations (including any extension of such statute or period of limitations pursuant to section 108(a) of the Bankruptcy Code), statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted by Cerberus as a time bar and/or limitation to the Causes of Action, is hereby tolled from the date of this Agreement until the Termination Date. Nothing in this Agreement shall operate to revive or extend the time for

2

filing any Cause of Action that is time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date of this Agreement.

4.  <u>Limitations on Defenses</u>.  The Parties agree that: (a) sections 108(a) and 546(a) of the Bankruptcy Code and other statutes of limitation are not limits on the Bankruptcy Court's jurisdiction and may be tolled; and (b) if the Liquidating Trust asserts a Cause of Action or Causes of Action, Cerberus agrees not to assert as a defense to any such Cause of Action any statutes of limitation, statutes of repose, or other rule, defense, or principle based upon the passage of time during the Tolling Period (including, without limitation, waiver, estoppel, and laches) whether statutory, contractual, or otherwise governing the time periods for assertion of the Causes of Action.  If a court of competent jurisdiction nonetheless dismisses an asserted Cause of Action or holds that the court does not have jurisdiction over any Cause of Action because the Cause of Action was filed after such date upon which any applicable statute of limitations would have expired but for this Agreement (a "<u>Dismissed Cause of Action</u>"), the Parties agree that (x) the Liquidating Trust shall nevertheless have a separate, distinct contractual right and claim against Cerberus for such Dismissed Cause of Action; (y) such contractual right and claim with respect to the Dismissed Cause of Action shall be in the amount and for the remedies, if any, that the Liquidating Trust would have been entitled to seek had such Dismissed Cause of Action not been dismissed; and (z) to the extent Cerberus is found liable with respect to such Dismissed Cause of Action, Cerberus will have a corresponding separate and distinct contractual obligation to the Liquidation Trust.  In connection with the prosecution of any contractual right or claim based upon a Dismissed Cause of Action, Cerberus shall be entitled to present any and all defenses that would have been available to it with respect to such Dismissed Cause of Action had it not been dismissed.  The time period for the Liquidating Trust to assert such contractual rights and claims shall expire 90 days after a court of competent jurisdiction dismisses an asserted Cause of Action or holds that the court does not have jurisdiction over any Cause of Action because the Cause of Action was filed after such date upon which any applicable statute of limitations would have expired. The agreements contained in this paragraph are a material inducement to each Party entering into this Agreement.

5.  <u>Reservation of Rights</u>. The Parties reserve all rights, remedies, claims and defenses they may have under applicable law to prosecute or defend any Causes of Action other than the limitations on defenses described in Sections 3 and 4 above.  Nothing herein shall affect the right of either Party to assert any right, claim, or defense against any person or entity not a Party to this Agreement.

6.  <u>No Admissions</u>. This Agreement does not constitute either an admission of fact, liability, wrongdoing, or responsibility by any Party to any other Party, person, or entity for any purpose.  Nothing in this Agreement, or in the circumstances which gave rise to this Agreement, shall be construed as an admission or acknowledgment by any Party that any statute of limitations, statute of repose, or other time-based defense applies or may apply to any of the Causes of Action.  This Agreement shall not be construed as a waiver of any right presently available to the Parties (other than the limitations on defenses described in Sections 3 and 4 above) and this Agreement does not constitute any admission or waiver regarding jurisdiction over the Parties, venue, or the validity or justifiability of any of the potential Cause of Action or any of the potential counterclaims or defenses to any of the potential Causes of Action.

7. <u>Representations and Warranties</u>. The persons signing this Agreement represent that by signing for the respective Parties they represent they have the authority to bind such Party and the entities identified herein, and each recognize that the other Party is relying on such representation.

8. <u>Use</u>. This Agreement will not be introduced into evidence in the trial of or in any deposition relating to the Causes of Action between the Parties, or be used in any manner in any litigation or otherwise, except to enforce the terms of the Agreement.

9. <u>Other Provisions</u>.

   a. <u>Amendments</u>. This Agreement may not be enlarged, modified, or altered except in writing signed by the Party against whom enforcement of the Agreement is sought.

   b. <u>Binding Agreement</u>. The Parties agree that this Agreement shall apply to and be binding upon them, their predecessors, successors and assigns, and any parent, subsidiary, employee, affiliated entities or persons, and any entity into which the Parties may be merged or consolidated. No change in ownership, corporate status, or the control of a Party shall alter or affect the terms and conditions of this Agreement.

   c. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

   d. <u>Severability</u>. This Agreement is severable, and the illegality or unenforceability of any part or provision of this Agreement shall not affect the enforceability of any other part or provision of this Agreement and this Agreement shall be construed as if such illegal or unenforceable part or provision were omitted.

   e. <u>Third Party Beneficiaries</u>. The Parties agree that there are no third-party beneficiaries to this Agreement.

   f. <u>Entire Agreement</u>. This Agreement comprises the entire agreement of the Parties with respect to the tolling of the statute or period of limitations, statutes of repose, laches, waiver, or other defense based on the lapse of time. This Agreement may not be controverted, modified, or altered based on any oral communications that occurred prior to the date of this Agreement, or thereafter.

   g. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New York, without regard to conflicts of laws principles.

   h. <u>Subject to Bankruptcy Court Jurisdiction</u>. The Parties agree that any disputes under this Agreement shall be subject to the exclusive jurisdiction and venue of the Bankruptcy Court, and each Party submits itself to such jurisdiction; further, each Party agrees to waive any argument that the Bankruptcy Court, specifically, or the Southern District of New York, generally, is an improper or inconvenient

forum for such disputes, provided, however that this Agreement does not otherwise subject the Parties to the jurisdiction of the Bankruptcy Court.

i. <u>Construction</u>. Each Party acknowledges that this Agreement was drafted jointly by the Parties, that each Party has been afforded the opportunity to consult with attorneys of its choosing and fully understands the terms hereof, to the extent that each party has not waived its right to consult with counsel, each Party has received legal advice from such Party's own attorneys regarding the advisability of entering into this Agreement, and that each Party is voluntarily executing this Agreement. This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date(s) set forth below.

Dated:  May 6, 2014
　　　　New York, New York

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ Gregory A. Horowitz
Gregory A. Horowitz
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**SCHULTE ROTH & ZABEL LLP**

By: /s/ Adam Harris
Adam Harris
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000
Fax: (212) 593-5955

*Counsel for Cerberus*

**SO ORDERED.**

Dated:  May 9, 2014
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　/s/Martin Glenn
　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

5