EDWARD N. TOBIAS and
SUZANNE M. KOEGLER

     Plaintiff(s).

     v.

UNITED STATES OF AMERICA, BARACK H. OBAMA, PRESIDENT; U.S.
DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY MANAGEMENT
AGENCY (FEMA); STATE OF NEW JERSEY, CHRISTOPHER J. CHRISTIE, GOVERNOR,
HOWARD J. MCCOACH, DEPARTMENT OF COMMUNITY AFFAIRS, SANDY
RECOVERY DIVISION; STATE OF NEW YORK, ANDREW M. CUOMO, GOVERNOR,
NY RISING RECREATE HOUSING COMMUNITY RECOVERY PROGRAM; WRIGHT
NATIONAL FLOOD INSURANCE CO. (FORMERLY KNOWN AS FIDELITY NATIONAL
PROPERTY & CASUALTY INSURANCE CO. DENIS A. MILLER; DENIS A. MILLER
INSURANCE AGENCY; LIBERTY MUTUAL INSURANCE CO.; WILLIAM C. ERBEY,
EXECUTIVE CHAIRMAN, OCWEN FINANCIAL CORPORATION; OCWEN FINANCIAL
CORPORATION; OCWEN LOAN SERVICING, L.L.C.; GMAC MORTGAGE CO, L.L.C.,
(IN RE RESIDENTIAL CAPITAL, L.L.C. (RESCAP BANKRUPTCY)); JOHN DOES 1-100,
DOE CORPORATIONS 1-100.

     Defendant(s)



**LAW OFFICES OF**
**EDWARD N. TOBIAS, L.L.C.**
226 Richwood Road
Mullica Hill, New Jersey 08062
(732) 766-3903
**ATTORNEYS PRO SE FOR:**
**Edward N. Tobias and Suzanne**
**Koegler**

---

EDWARD N. TOBIAS and
SUZANNE M. KOEGLER

      Plaintiff(s).

      v.

UNITED STATES OF AMERICA,
BARACK H. OBAMA, PRESIDENT;
U.S. DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY (FEMA);
STATE OF NEW JERSEY,
CHRISTOPHER J. CHRISTIE,
GOVERNOR, HOWARD J. MCCOACH,
DEPARTMENT OF COMMUNITY
AFFAIRS, SANDY RECOVERY
DIVISION; STATE OF NEW YORK,
ANDREW M. CUOMO, GOVERNOR,
NY RISING RECREATE HOUSING
COMMUNITY RECOVERY
PROGRAM; WRIGHT NATIONAL
FLOOD INSURANCE CO.
(FORMERLY KNOWN AS FIDELITY
NATIONAL PROPERTY &
CASUALTY INSURANCE CO. DENIS
A. MILLER; DENIS A. MILLER
INSURANCE AGENCY; LIBERTY
MUTUAL INSURANCE CO.;
WILLIAM C. ERBEY, EXECUTIVE
CHAIRMAN, OCWEN FINANCIAL
CORPORATION; OCWEN FINANCIAL
CORPORATION; OCWEN LOAN
SERVICING, L.L.C.; GMAC

---

**UNITED STATES DISTRICT
COURT**

**DISTRICT OF NEW JERSEY**

**CIVIL ACTION NO.**

_____

**COMPLAINT**

MORTGAGE CO, L.L.C., (IN RE
RESIDENTIAL CAPITAL, L.L.C.
(RESCAP BANKRUPTCY)); JOHN
DOES 1-100, DOE CORPORATIONS 1-
100.

       Defendant(s)

## PARTIES

Plaintiffs, Edward N. Tobias and Suzanne M. Koegler, Husband and Wife own or have
owned the following properties located at: 93 Wisconsin Street, Long Beach, Nassau County,
New York (Nassau County residence); 75 Princeton Oval, Freehold, Monmouth County, New
Jersey(Monmouth County residence); and 226 Richwood Road, Mullica Hill, Gloucester County,
New Jersey(Gloucester County residence)

Defendant(s) United States Of America, Barack H. Obama, President; U.S. Department
of Homeland Security, Federal Emergency Management Agency (FEMA) is located and has
offices in Washington, District of Columbia.

Defendant(s) State of New Jersey, Christopher J. Christie, Governor, Howard J.
McCoach, Department Of Community Affairs, Sandy Recovery Division is located and has
offices in the State of New Jersey, Trenton, New Jersey.

Defendant(s) State of New York, Andrew M. Cuomo, Governor, NY Rising Recreate
Housing Community Recovery Program is located and has offices in the State of New York,
Albany, New York.

Defendant(s) Wright National Flood Insurance Co. (Formerly Known As Fidelity National Property & Casualty Insurance Co. is a company licensed to write Federal flood insurance in the states of New York and New Jersey and has offices contactable by mail at P.O. Box 33003, St. Petersburg, FL 33733-8003.

Defendant(s) Denis A. Miller and Denis A. Miller Insurance Agency is/are an individual and a company licensed to write Federal flood insurance in the states of New York and New Jersey and located at 60 W. Park Avenue, Long Beach, NY 11561.

Defendant(s) Liberty Mutual Insurance Co. is a company licensed to write homeowners insurance in the states of New York and New Jersey and has offices located at 175 Berkeley Street Boston, Massachusetts 02116 and has offices in the states of New York and New Jersey.

Defendant(s) William C. Erbey, Executive Officer, Ocwen Financial Corporation, Ocwen Financial Corporation and Ocwen Loan Servicing, L.L.C. is/are an individual and companies located at 1661 Worthington Road Suite 100, West Palm Beach, FL 33409.

Defendant(s) GMAC Mortgage Co, L.L.C. and Residential Capital, L.L.C. (Rescap Bankruptcy)) are companies located in Bankruptcy and contactable through Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104.

Defendant(s) John Does 1-100 and Doe Corporations 1-100 are fictitious individuals and entities.

## JURISDICTION

Subject matter jurisdiction is based on the following:

(1) The United States and the U.S. Department of Homeland Security, Federal

Emergency Management Agency (FEMA), an agency and department thereof, are named as

defendants;

(2) This civil action arises under the Constitution, laws or treaties of the United States;

(3) Diversity of citizenship exists and the amount in controversy exceeds $75,000.00.


### CAUSE OF ACTION

### COUNTS AGAINST THE UNITED STATES, STATE OF NEW YORK, STATE OF NEW JERSEY, AND RELATED DEPARTMENTS AND AGENCIES:

Plaintiffs, Edward N. Tobias and Suzanne M. Koegler, Husband and Wife, say by way of

Complaint and Petition for Review of New Jersey Department of Community Affairs

Decision(s), dated September 23, 2013 and September 30, 2013 say:

1. On October 29, 2012, a weather event known as "Superstorm Sandy" significantly

   affected the shore areas of the states of New York and New Jersey.

2. On that date, Plaintiffs owned the following properties located at: 93 Wisconsin

   Street, Long Beach, Nassau County, New York (Nassau County residence); 75

   Princeton Oval, Freehold, Monmouth County, New Jersey(Monmouth County

   residence); and 226 Richwood Road, Mullica Hill, Gloucester County, New

   Jersey(Gloucester County residence).

3. The properties located at 93 Wisconsin Street, Long Beach, Nassau County, New

   York; 75 Princeton Oval, Freehold, Monmouth County, New Jersey sustained

   damages from the storm and the counties of Nassau County, New York and

   Monmouth County, New Jersey were designated as disaster areas.

9. The Nassau County residence sustained damage that has been compensated to date by the flood insurer in the amount of $100,189.55. (Full cost of repair $100,503.32 less depreciation and deductible $10,089.42 plus supplemental claim $9,775.65). The homeowners insurer assessed damages in the amount of $268.71; application of a $500.00 deductible resulted in a zero recovery. Increased Cost of Compliance (ICC) funds were unavailable for this property. Because the residence was rented at the time of the storm, the flood insurer determined an Actual Cash Value (ACV) of $108,594.12 for the property instead of Replacement Value (RV) notwithstanding that the policy had not been changed since purchase date of the property. Upon information and belief, neither the ACV, nor the RV of the property, meet the amount of the policy limit of $250,000.00.

10. The Monmouth County residence sustained damage that has been compensated to date by the homeowners insurer in the amount of $2,434.47. (Estimated cost of repairs $2,934.47 less $500.00 deductible). This residence did not have flood insurance.

11. Although the Homeowners insurer has paid to date $2,434.47 for repairs to the roof of the Monmouth County residence, comparable residences adjacent to the property required complete replacement of their roofs, which the insurer has refused. Estimates for such replacement exceed the $8,000.00 Full Verified Loss (FVL). The plaintiffs dispute that the amount paid to date by the homeowners insurer is a true valuation of the loss sustained to the Monmouth County residence.

4. At the time of Superstorm Sandy, the property located at 93 Wisconsin Street was rented to a tenant as that tenant's primary residence. The property located at 75 Princeton Oval was occupied by the plaintiffs and their extended family, including their daughter, son-in-law, two small grandchildren, and pets.

5. Immediately after Superstorm Sandy, the occupants of 75 Princeton Oval evacuated to 226 Richwood Road as a result of storm damage and power outages throughout Monmouth County, New Jersey. Plaintiff and his son-in-law made periodic trips to Monmouth County to operate the generator at the residence and mitigate damage to the property. Plaintiff's son-in-law also stayed at the residence while he commuted to New York City to perform emergency-related construction activities in the financial district of the city, which was also severely affected by the storm.

6. The plaintiffs and family were able to return to the Monmouth County residence after approximately eleven days once the power was restored to the area.

7. With regard to the Nassau County residence, the plaintiffs made a timely registration for FEMA assistance on or about November 13, 2012. (FEMA Application No. 50-0208434. FEMA determined that the property was ineligible for assistance because, as a rental property, the property was classified as a business. Upon denial for assistance from FEMA, Plaintiffs filed for SBA loan assistance (SBA Application Nos. 0005301173 and 0005301174); however based on insurance recovery, SBA advised homeowners to withdraw the application as their guidelines were insufficient to meet the need.

8. With regard to the Monmouth County residence, the plaintiffs did not apply for FEMA assistance.

12. Plaintiffs are disputing the adequacy of all recoveries from the flood and homeowners insurance companies and are disputing the methods used to compute the loss suffered by plaintiffs.

13. The Nassau County residence was sold on October 9, 2013 for a price of $210,000.00. The property was purchased by the plaintiffs on September 2, 2005 for a price of $386,000.00. A complete accounting of costs and increases to basis of the property will be forthcoming in order to assess the amount of financial loss that the plaintiffs have sustained from this property.

14. The delay as a result of insurer denials forced the Plaintiffs to sell the Nassau County property. The Plaintiffs, the insurers, the mortgage companies, FEMA and the SBA have a fundamental difference of opinion regarding the efficacy of repairing versus rebuilding the Nassau County Property. Plaintiffs do not feel that this property is repairable at all under the circumstances. Accordingly, Plaintiffs fought to have the inadequate insurance proceeds applied to the mortgage balance since funds for replacement of the premises were denied. To do otherwise would have been a waste of the money available to date.

15. The Nassau County residence was purchased so that Plaintiffs' daughter could live there while she attended graduate school and thereafter. After graduation, due to the beginning recession, she was unable to find employment in the area. Concurrently, due to the mortgage crisis, the property was unable to be sold and became a forced rental until market conditions improved. Unfortunately, Superstorm Sandy intervened, resulting in a complete financial loss in the property. Insurance proceeds and the post-Sandy sales price paid only the mortgage principal on the property as of

the date of the storm. All down payments, improvements, and other taxes, interest,
lost rent, and costs were lost by the Plaintiffs.

16. On information and belief, the new owners of the Nassau County property intend to
make repairs to the property so that their son can use the house as his primary
residence. The new owners will be personally performing the labor and effort
necessary to make such repairs and, as such, were unwilling to give an estimate as to
the approximate cost of this construction.

17. Plaintiffs purchased the property located at 226 Richwood Road on November 22,
2010 in preparation for retirement and have resided there on a part-time/weekend
basis while completing maintenance and repairs. They intend to reside on a full-time
basis at the Gloucester County residence as of January 1, 2014. The plaintiffs intend
to keep the Monmouth County residence so that their daughter and her husband can
maintain a suitable environment for their growing young family. The plaintiffs and
their extended family intend to maintain and improve these properties for at least five
years.

18. Plaintiffs have a household adjusted gross annual income of less than $250,000.00.

19. Plaintiffs filed timely applications for assistance with federal funds from the
Community Development Block Grant (CDBG) Disaster Recovery programs of the
U.S. Department of Housing and Urban Development as administered by the State of
New Jersey in the Homeowner Resettlement Program (RSP) and Reconstruction,
Rehabilitation, Elevation and Mitigation (RREM) Program. Said applications were
denied and this Petition for Review follows.

20. Plaintiffs filed a timely application for assistance with federal funds from the Community Development Block Grant (CDBG) Disaster Recovery programs of the U.S. Department of Housing and Urban Development as administered by the State of New York, NY Rising Recreate Housing Community Recovery Program. This application is under review and a case manager will be assigned to schedule an intake meeting.

21. To be eligible to receive Resettlement assistance applicants must meet the following eligibility factors:

- The damaged residence must be located in one of nine (9) most impacted Counties [Atlantic, Bergen, Cape May, Essex, Hudson, Middlesex. Monmouth, Ocean, Union].
- At the time of the storm (October 29, 2012), the damaged residence must have been owned and occupied by the applicant as the applicant's primary residence.
- The applicant must have registered for FEMA assistance.
- The residence must have sustained damage as a result of Superstorm Sandy with a Full Verified Loss (FVL) of at least $8,000 or had more than one foot of water on the first floor.

22. To be eligible to receive RREM assistance applicants must meet the following eligibility factors:

- The damaged residence must be located in one of nine (9) most impacted Counties [Atlantic, Bergen, Cape May, Essex, Hudson, Middlesex. Monmouth, Ocean, Union].
- At the time of the storm (October 29, 2012), the damaged residence must have been owned and occupied by the applicant as the applicant's primary residence.
- The applicant must have registered for FEMA assistance.
- The residence must have sustained damage as a result of Superstorm Sandy with a FEMA Full Verified Loss (FVL) of at least $8,000 or had more than one foot of water on the first floor.
- Homeowner must have a household adjusted gross annual income of less than $250,000.

23. To be eligible for one of the New York Rising Disaster Recovery Programs, you must

be able to answer YES to the following questions:

- Is the property or business for which you are seeking assistance located in one of
  the counties declared as a disaster area as a result of Hurricane Sandy, Hurricane
  Irene or Tropical Storm Lee?
     The following counties were impacted and eligible through New York
     Rising Recovery Programs:
     Albany, Broome, Chemung, Chenango, Clinton, Columbia, Delaware,
     Dutchess, Essex, Fulton, Greene, Herkimer, Montgomery, Nassau,
     Oneida, Orange, Otsego, Putnam, Rensselaer, Rockland, Saratoga,
     Schenectady, Schoharie, Suffolk, Sullivan, Tioga, Ulster, Warren,
     Washington, and Westchester.
- Was the property or business damaged as a direct result one of the above named
  storms?
     This program is designed to assist properties and businesses damaged by
     the storm.

24. In the entirety, under the totality of the circumstances involving these federal funds,

the Plaintiffs are in an unenviable position in that they meet each one of the eligibility

requirements for the three state programs applied for based on the three properties

affected by the storm. Unfortunately, none of the individual properties meets all of

the requirements of any individual program. Therefore, although the Plaintiffs would

meet the criteria and intent for federal assistance because the federal funds are being

administered by separate states' agencies they are denied recompense for their losses.

25. The Plaintiffs and their family, like many others throughout New York and New

Jersey, have incurred losses because of Superstorm Sandy. The DCA determined that

the Plaintiffs were ineligible for the Resettlement and RREM programs (with regard

to their Monmouth County residence) for the following reasons:

1. Applicant must have timely registered for FEMA assistance; and

2. The residence must have sustained damage as a result of Superstorm Sandy with a Full Verified Loss (FVL) of at least $8,000 or had more than one foot of water on the first floor.

26. Plaintiffs timely registered for FEMA assistance for their Nassau County Property. They did not register for their Monmouth County residence for a number of reasons, including the significant fact that at the time it was unknown exactly how widespread the damage was in the metropolitan area and whether there would be enough aid available to help all those affected. Because the Plaintiffs thought their damages would be covered by the policy coverage on their flood and homeowners insurance, FEMA and SBA registration was a formality of the flood insurance claim and not a necessity. The damage to the Monmouth County residence was calculable but not devastating. It was felt best to leave the federal aid to those more in need.

27. To the best knowledge of the Plaintiffs, at the time the New Jersey Resettlement and RREM programs were made available, the time for FEMA registration had already expired. Therefore, Plaintiffs could not have met this requirement in New Jersey even though they had registered for FEMA assistance through New York. It is inequitable that failure to register with a federal agency for a New Jersey property is cause to deny assistance when plaintiffs registers with that same federal agency for damages suffered to a New York property.

28. Although it is evident that the Plaintiffs have sustained damage with a FVL of well over $8,000.00 with regard to the Nassau County residence, the extent of damage to the Monmouth County residence is disputed. Insurance recovery to date is only $2,434.47. (Estimated cost of repairs $2,934.47). The only other damages to the property were the felling of a tree and slight damage to a fence. Other costs incurred

include transportation and gasoline costs to maintain the generator in order to prevent

additional losses to the refrigerated food and run the sump pump. These costs are

insignificant.

29. At the time of the storm, Plaintiffs believed that there were no significant damages to

the Monmouth County residence as a result of the storm. Accordingly, there was no

FEMA registration for this property and there was no homeowners insurance claim

made as well. However, during the summer after the storm, the Plaintiffs observed

numerous homeowners in the neighborhood replacing the roofs of their houses.

Because the homes in this neighborhood have only been built within the last twelve

years, roof replacements are highly uncommon. Plaintiffs contacted area contractors

who opined that the roof of the Monmouth County residence should be replaced

because of damage from Superstorm Sandy. The approximate cost of the replacement

would be $12,150.00. (Note: this same contractor performed a full roof replacement

on the house adjacent to Plaintiffs' residence). However, the homeowners insurance

company denied the claim, upon information and belief, instead determining that

repair was the appropriate option based on a "brittle test" to the roof shingles and

provided payment of only $2,434.47. It is inequitable that the homeowners' insurer,

with a conflicting interest in minimizing costs, should determine the extent of damage

as a result of Superstorm Sandy. Accordingly, Plaintiffs should be determined to have

met the damage requirement for program eligibility with regard to the Monmouth

County residence.

30. Plaintiffs had not wanted to be in the position of seeking federal, state, or charitable

aid for their damages. They purchased insurance and expected their claims to be paid.

They expected to be able to rebuild their storm-damaged property according to new flood zone requirements and eventually sell at an intended profit to benefit their grandchildren's education. Instead, they have losses that affect their, their children's' and their grandchildren's' ability to thrive in their home state of New Jersey.

31. According to Gov. Chris Christie, while touring Sandy-damaged businesses in Cape May and Sea Bright almost one year after Superstorm Sandy, "There's no shame in coming forward and getting this help," referring to seeking federal and state aid. (http://www.northjersey.com/news/business/221594741_Christie_urges_storm-damaged_businesses_to_apply_for_state_aid.html#sthash.3XPKedh4.dpuf (August 29, 2013)). Only the events of this past year since the storm have compelled these plaintiffs to fight to seek government assistance in light of the inadequate insurance recovery received to date as recompense for their losses.

32. Plaintiffs and their family have lived and worked in the New Jersey-New York metropolitan area for most of their lives. It is hoped and intended that they will continue to live and work and go to school in this area for many years to come. Aid funds will be used to repair, enhance, and maintain residences in and adjacent to the storm-affected areas.

33. The following question is presented to the Court: Is it the intent of these government programs to help property or help property owners?

34. Plaintiffs respectfully request the Court find that the intent of this federal aid should be to help those property owners, such as the Plaintiffs, who were affected by Superstorm Sandy although the details of the properties involved in this emergency

COUNTS AGAINST THE UNITED STATES, BARACK H. OBAMA, PRESIDENT; U.S.

DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY

MANAGEMENT AGENCY (FEMA); WRIGHT NATIONAL FLOOD INSURANCE CO.

(FORMERLY KNOWN AS FIDELITY NATIONAL PROPERTY & CASUALTY

INSURANCE CO. DENIS A. MILLER; DENIS A. MILLER INSURANCE AGENCY;

LIBERTY MUTUAL INSURANCE CO.;

Plaintiffs, Edward N. Tobias and Suzanne M. Koegler, Husband and Wife, say by way of

Complaint:

1. On October 29, 2012, a weather event known as "Superstorm Sandy" significantly
   affected the shore areas of the states of New York and New Jersey.

2. On that date, Plaintiffs owned the following properties located at: 93 Wisconsin
   Street, Long Beach, Nassau County, New York (Nassau County residence); 75
   Princeton Oval, Freehold, Monmouth County, New Jersey(Monmouth County
   residence); and 226 Richwood Road, Mullica Hill, Gloucester County, New
   Jersey(Gloucester County residence).

3. The properties located at 93 Wisconsin Street, Long Beach, Nassau County, New
   York; 75 Princeton Oval, Freehold, Monmouth County, New Jersey sustained
   damages from the storm and the counties of Nassau County, New York and
   Monmouth County, New Jersey were designated as disaster areas.

4. Defendants, U.S. Department of Homeland Security, Federal Emergency
   Management Agency (FEMA); Wright National Flood Insurance Co. (Formerly
   known as Fidelity National Property & Casualty Insurance Co. Denis A. Miller;
   Denis A. Miller Insurance Agency provided policies of flood insurance covering the

situation require consideration of the special circumstances affecting program

eligibility.

## DEMAND AGAINST THE UNITED STATES, STATE OF NEW YORK, STATE OF

## NEW JERSEY, AND RELATED DEPARTMENTS AND AGENCIES

Wherefore, plaintiff(s) demand judgment against the defendant(s):

a.  Determining that the plaintiffs are eligible for federal funds from the Community

Development Block Grant (CDBG) Disaster Recovery programs of the U.S.

Department of Housing and Urban Development as administered by the State of

New Jersey in the Homeowner Resettlement Program (RSP) and Reconstruction,

Rehabilitation, Elevation and Mitigation (RREM) Program; and

b.  Determining that the plaintiffs are eligible for federal funds from the Community

Development Block Grant (CDBG) Disaster Recovery programs of the U.S.

Department of Housing and Urban Development as administered by the State of

New York, NY Rising Recreate Housing Community Recovery Program; and

c.  Determining that the plaintiffs are eligible for federal funds from the Community

Development Block Grant (CDBG) Disaster Recovery programs of the U.S.

Department of Housing and Urban Development as administered by the State of

New Jersey through any such related federal or state program that would meet the

needs of the Plaintiffs' circumstances; and

d.  Any other relief that is just and equitable under the circumstances.

property located at: 93 Wisconsin Street, Long Beach, Nassau County, New York
(Nassau County residence) during the time the property was owned by Plaintiffs and
during the dates of Superstorm Sandy, Hurricane Irene, and other flood events that
took place during the period of ownership.

5. Defendant(s), Liberty Mutual Insurance Company provided policies of homeowners
insurance covering the properties located at: 93 Wisconsin Street, Long Beach,
Nassau County, New York (Nassau County residence); 75 Princeton Oval, Freehold,
Monmouth County, New Jersey(Monmouth County residence); and 226 Richwood
Road, Mullica Hill, Gloucester County, New Jersey(Gloucester County residence
during the time the property was owned by Plaintiffs and during the dates of
Superstorm Sandy, Hurricane Irene, and other weather events that took place during
the period of ownership..

6. Upon claim of damages under these policies defendants failed according to the terms
of the policies to adequately compensate plaintiffs for damages sustained by these
flood and weather events.

**DEMAND AGAINST THE UNITED STATES, BARACK H. OBAMA, PRESIDENT; U.S.**

**DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY**

**MANAGEMENT AGENCY (FEMA); WRIGHT NATIONAL FLOOD INSURANCE CO.**

**(FORMERLY KNOWN AS FIDELITY NATIONAL PROPERTY & CASUALTY**

**INSURANCE CO. DENIS A. MILLER; DENIS A. MILLER INSURANCE AGENCY;**

**LIBERTY MUTUAL INSURANCE CO.;**

Wherefore, plaintiff(s) demand judgment against the defendant(s):

a.  Awarding damages under the flood and homeowners policies; and

b.  Costs of suit;

c.  Damages caused by delay of payment; and

d.  Punitive damages for delay of payment; and

e.  Any other relief that is just and equitable under the circumstances.

**COUNTS AGAINST WILLIAM C. ERBEY, EXECUTIVE CHAIRMAN, OCWEN FINANCIAL CORPORATION; OCWEN FINANCIAL CORPORATION; OCWEN LOAN SERVICING, L.L.C.; GMAC MORTGAGE CO, L.L.C., (IN RE RESIDENTIAL CAPITAL, L.L.C. (RESCAP BANKRUPTCY)); JOHN DOES 1-100, DOE CORPORATIONS 1-100.**

Plaintiffs, Edward N. Tobias and Suzanne M. Koegler, Husband and Wife, say by way of Complaint:

1.  Plaintiffs own or have owned the following properties located at: 93 Wisconsin Street, Long Beach, Nassau County, New York (Nassau County residence); 75 Princeton Oval, Freehold, Monmouth County, New Jersey(Monmouth County residence); and 226 Richwood Road, Mullica Hill, Gloucester County, New Jersey(Gloucester County residence).

2.  Upon information and belief, defendants wrongfully engaged in illegal or other adverse actions that negatively affected the nationwide real estate market resulting in untrue and inaccurate property values at the time the plaintiffs purchased the properties.

3. After Superstorm Sandy, the plaintiffs contacted defendants and requested assistance according to the terms of the mortgage on the property and obligations accepted by the defendants under various federal and state programs dealing with the "mortgage crisis."

4. Defendants failed according to the terms of the mortgage contract and third-party obligations imposed or entered into by them various federal and state programs to adequately compensate plaintiffs for damages sustained as a result of their wrongful acts.

5. On October 9, 2013 the plaintiffs sold the property located at 93 Wisconsin Street, Long Beach, Nassau County, New York (Nassau County residence) and sustained an actual loss on the property.

6. Plaintiffs have not yet sold the properties located at 75 Princeton Oval, Freehold, Monmouth County, New Jersey(Monmouth County residence); and 226 Richwood Road, Mullica Hill, Gloucester County, New Jersey(Gloucester County residence) and cannot determine if they will sustain a loss or gain on the eventual sale or transfer of the properties.

7. Plaintiffs bring this action against these defendants to determine the extent to which their wrongful actions impacted and affected the loss or losses sustained or to be sustained by the plaintiffs and apportion accordingly.

**DEMAND AGAINST WILLIAM C. ERBEY, EXECUTIVE CHAIRMAN, OCWEN FINANCIAL CORPORATION; OCWEN FINANCIAL CORPORATION; OCWEN LOAN SERVICING, L.L.C.; GMAC MORTGAGE CO, L.L.C., (IN RE RESIDENTIAL**

CAPITAL, L.L.C. (RESCAP BANKRUPTCY)); JOHN DOES 1-100, DOE

CORPORATIONS 1-100.

Wherefore, plaintiff(s) demand judgment against the defendant(s):

    a.  Awarding damages; and

    b.  Costs of suit;

    c.  Punitive damages; and

    d.  Any other relief that is just and equitable under the circumstances.

Dated: 10-25-13

_____

Edward N. Tobias (ET4118)
Attorney Pro Se for Plaintiff(s),
Edward N. Tobias and Suzanne M. Koegler

## DEMAND FOR COMPLIANCE WITH FEDERAL RULES OF CIVIL PROCEDURE

Take notice that the undersigned attorney for the plaintiff(s) hereby demands, pursuant to the above Rules that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of each upon the undersigned, and take further notice that this is a continuing demand.

## DESIGNATION OF TRIAL COUNSEL

Edward N. Tobias, Esq. is hereby designated as trial counsel for the plaintiff(s) in the

above matter.

Dated: 10-25-13

Edward N. Tobias (ET4118)
Attorney Pro Se for Plaintiff(s),
Edward N. Tobias and Suzanne M. Koegler

## CERTIFICATION OF NO OTHER ACTION

The undersigned certifies that to the best of his knowledge, the within matters in

controversy are not the subject of any other action pending in any other Court or of a pending

arbitration proceeding nor is any action or arbitration proceeding contemplated, nor are other

parties required to be joined in this action, except as noted below:

1. U.S. Department of Homeland Security, Federal Emergency Management Agency

   (FEMA), "Appeal of denial, in whole or in part, of the claim for damages to the

   property located at 93 Wisconsin Street, Long Beach, New York, arising from the

   reported flood event of October 29, 2012."

2. Complaint contemplated (filing pending) in Federal Court (Diversity & Federal

   Question Jurisdiction) against the following additional parties:

   a) U.S. Department of Homeland Security, Federal Emergency Management
      Agency (FEMA);
   b) State of New Jersey, Christopher J. Christie, Governor, Howard J. McCoach,
      Department of Community Affairs, Sandy Recovery Division;
   c) State of New York, Andrew M. Cuomo, Governor, NY Rising Recreate
      Housing Community Recovery Program;
   d) Liberty Mutual Insurance Co.

Exhibits A B C   Pg 1 of 43
Case 3:13-cv-06471-JAP-TJB   Document 1   Filed 10/28/13   Page 22 of 23 PageID: 22

    e) Wright National Flood Insurance Co. (Formerly known as Fidelity National Property & Casualty Insurance Co.

    f) Denis A. Miller Insurance Agency

    g) Ocwen Loan Servicing, L.L.C.

    h) GMAC Mortgage Co, L.L.C., (In Re Residential Capital, L.L.C. (RESCAP Bankruptcy))

3. Petition for Review of Decision(s), dated September 23, 2013 and September 30, 2013, filed October 21, 2013, New Jersey Office of Administrative Law.

4. In Re: Residential Capital, LLC, et al., United States Bankruptcy Court, Southern District of New York, Case No. 12-12020 (MG), Chapter 11, Jointly Administered.

Dated:    10-25-13

                                                       Edward N. Tobias (ET4118)
                                                       Attorney Pro Se for Plaintiff(s),
                                                       Edward N. Tobias and Suzanne M. Koegler

TRIAL BY JURY IS HEREBY DEMANDED

Dated:  *10-25-13*

Edward N. Tobias (ET4118)
Attorney Pro Se for Plaintiff(s),
Edward N. Tobias and Suzanne M. Koegler

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| Edward N. Tobias and Suzanne M. Koegler | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| United States of America, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.   3:13-cv-06471-JAP-TJB

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   GMAC Mortgage Co, L.L.C.
C/O Residential Capital, L.L.C. (Rescap Bankruptcy))
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Edward N. Tobias, L.L.C.
226 Richwood Road
Mullica Hill, NJ  08062

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   3:13-cv-06471-JAP-TJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9109; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#9109; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9109; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#9109; I returned the summons unexecuted because _____ ; or

&#9109; Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**BLANK ROME LLP**
*A Pennsylvania LLP*
MICHAEL P. TRAINOR, ESQUIRE
NJ ID: 2932010
301 Carnegie Center/ 3rd Floor
Princeton, NJ 08540
(609) 750-7700
*Attorneys for Defendants William C.
Erbey, Ocwen Financial
Corporation, Ocwen Loan Servicing,
LLC, and GMAC Mortgage, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Edward N. Tobias and Suzanne M. Koegler, | CIVIL ACTION |
| Plaintiffs, | DOCKET NO.: 3-13-cv-6471 |
| v. | **NOTICE OF MOTION TO DISMISS** |
| United States of America, et al., | |
| Defendants. | |

TO:   Edward N. Tobias
      Suzanne M. Koegler
      Law Offices of Edward N. Tobias
      226 Richwood Road
      Mullica Hill, NJ 08062

**PLEASE TAKE NOTICE** that on February 3, 2014, or as soon thereafter as counsel

may be heard, the undersigned attorney for Defendants William C. Erbey, Ocwen Financial

Corporation, Ocwen Loan Servicing, LLC, and GMAC Mortgage, LLC (the "Moving

Defendants") will move before the Honorable Tonianne J. Bongiovanni for an Order dismissing

Plaintiffs' claims against the Moving Defendants Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the

Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).

**PLEASE TAKE FURTHER NOTICE** that Plaintiff will rely upon its Brief submitted

herewith. A proposed form of Order is also enclosed.

140383.01014/22277167v.1

Oral Argument is requested only if opposition papers are timely filed and served.

**BLANK ROME LLP**
A Pennsylvania LLP

Dated: December 26, 2013

_Michael P. Trainor /s/_____
Michael P. Trainor, Esquire
*Attorney for Defendants William C. Erbey,
Ocwen Financial Corporation, Ocwen Loan
Servicing, LLC, and GMAC Mortgage, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Edward N. Tobias and Suzanne M.
Koegler,

        Plaintiffs,

   v.

United States of America, et al.,

        Defendants.

CIVIL ACTION

DOCKET NO.:  3:13-cv-06471

## Fed. R. Civ. P. 7.1 CORPORATE DISCLOSURE STATEMENT OF GMAC MORTGAGE, LLC

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for GMAC Mortgage, LLC ("GMAC") (a private non-governmental party) hereby certifies that GMAC Mortgage, LLC is a wholly owned indirect subsidiary of Residential Capital, LLC, which is a wholly owned indirect subsidiary of Ally Financial, Inc. f/k/a GMAC Inc.  No publicly held corporation owns more than 10% of the common stock of Ally Financial, Inc. f/k/a GMAC Inc.

Dated:  December 26, 2013

Respectfully submitted,

**BLANK ROME LLP**

By: /s/ Michael P. Trainor
Michael P. Trainor
NJ Attorney ID No: 2932010
One Logan Square
301 Carnegie Center – 3rd Floor
Princeton, NJ 08540
(609) 750-7700
*Attorney for Defendant GMAC*

140383.01014/22277213v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Edward N. Tobias and Suzanne M. Koegler,

      Plaintiffs,

    v.

United States of America, et al.,

      Defendants.

CIVIL ACTION

DOCKET NO.:  3:13-cv-06471

### Fed. R. Civ. P. 7.1 CORPORATE DISCLOSURE STATEMENT OF OCWEN FINANCIAL CORPORATION

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Ocwen Financial Corporation ("Ocwen") (a private non-governmental party) hereby certifies that (i) Ocwen has no parent corporation and that (ii) no publicly held corporation owns 10% or more of Ocwen's stock.

Dated:  December 26, 2013

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Michael P. Trainor*
Michael P. Trainor
NJ Attorney ID No: 2932010
One Logan Square
301 Carnegie Center – 3rd Floor
Princeton, NJ 08540
(609) 750-7700
*Attorney for Defendant Ocwen*
*Financial Corporation*

140383.01014/22277211v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Edward N. Tobias and Suzanne M.
Koegler,

        Plaintiffs,

    v.

United States of America, et al.,

        Defendants.

CIVIL ACTION

DOCKET NO.: 3:13-cv-06471

### Fed. R. Civ. P. 7.1 CORPORATE DISCLOSURE STATEMENT OF
### OCWEN LOAN SERVICING, LLC

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and

Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned

counsel for Ocwen Loan Servicing, LLC ("Ocwen") hereby certifies that Ocwen is a wholly-

owned subsidiary of Ocwen Mortgage Servicing, Inc, which is a wholly-owned subsidiary of

Ocwen Financial Corporation, a publically traded company with no parent corporation and no

entity owning 10% or more of its stock.

Dated: December 26, 2013

Respectfully submitted,

**BLANK ROME LLP**

By: /s/ Michael P. Trainor
Michael P. Trainor
NJ Attorney ID No: 2932010
One Logan Square
301 Carnegie Center – 3rd Floor
Princeton, NJ 08540
(609) 750-7700
*Attorney for Defendant Ocwen*
*Loan Servicing, LLC*

140383.01014/22277203v.1

**LAW OFFICES OF**
**EDWARD N. TOBIAS, L.L.C.**
226 Richwood Road
Mullica Hill, New Jersey 08062
(732) 766-3903
**ATTORNEYS PRO SE FOR:**
**Edward N. Tobias and Suzanne**
**Koegler**

| | |
|---|---|
| *EDWARD N. TOBIAS and* *SUZANNE M. KOEGLER* | **UNITED STATES DISTRICT COURT** |

*EDWARD N. TOBIAS and*
*SUZANNE M. KOEGLER*

    *Plaintiff(s).*

    *v.*

UNITED STATES OF AMERICA,
BARACK H. OBAMA, PRESIDENT;
U.S. DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY (FEMA);
STATE OF NEW JERSEY,
CHRISTOPHER J. CHRISTIE,
GOVERNOR, HOWARD J. MCCOACH,
DEPARTMENT OF COMMUNITY
AFFAIRS, SANDY RECOVERY
DIVISION; STATE OF NEW YORK,
ANDREW M. CUOMO, GOVERNOR,
NY RISING RECREATE HOUSING
COMMUNITY RECOVERY
PROGRAM; WRIGHT NATIONAL
FLOOD INSURANCE CO.
(FORMERLY KNOWN AS FIDELITY
NATIONAL PROPERTY &
CASUALTY INSURANCE CO. DENIS
A. MILLER; DENIS A. MILLER
INSURANCE AGENCY; LIBERTY
MUTUAL INSURANCE CO.;
WILLIAM C. ERBEY, EXECUTIVE
CHAIRMAN, OCWEN FINANCIAL
CORPORATION; OCWEN FINANCIAL
CORPORATION; OCWEN LOAN
SERVICING, L.L.C.; GMAC

**UNITED STATES DISTRICT**
**COURT**

**DISTRICT OF NEW JERSEY**

**CIVIL ACTION NO.**

**3:13-CV-6471 (JAP) (TJB)**

**PLAINTIFF'S MOTION**

**FOR LEAVE TO FILE AMENDED**
**COMPLAINT AND**

**MEMORANDUM OF LAW IN**
**SUPPORT**

MORTGAGE CO, L.L.C., (IN RE
RESIDENTIAL CAPITAL, L.L.C.
(RESCAP BANKRUPTCY)); JOHN
DOES 1-100, DOE CORPORATIONS 1-
100.

    *Defendant(s)*

# INTRODUCTION

Plaintiffs, Edward N. Tobias and Suzanne M. Koegler, *Husband and Wife* respectfully

move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an

AMENDED COMPLAINT, a copy of which is attached hereto. The new complaint maintains

the counts and allegations against the same defendants from the original complaint, but accounts

for the significant factual and procedural developments that have occurred since the original

complaint was filed, which are necessary to satisfy the pleading requirement of Fed. R. Civ. P. 8

and formally respond to (i) the allegations contained within the Motion to Dismiss Plaintiffs'

Claims or, in the alternative, Motion for More Definite Statement of Defendants William C.

Erbey, Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and GMAC Mortgage, LLC

(the "Ocwen Defendants") (D.I. 8), (ii) the allegations contained within the Motion to Dismiss

Plaintiffs' Claims pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(2) of Defendants, Denis A. Miller

and Denis A. Miller Insurance Agency, Inc. ("Miller Defendants") (D.I. 41), the allegations

contained within the Motion to Dismiss Plaintiffs' Complaint in the above-referenced matter

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) of Defendants, State of New

York and Andrew M. Cuomo, Governor[1] (the "New York Defendants") (D.I. 36) and (iv) the

Hurricane Sandy Case Management Order No. 1 ("CMO") issued on March 24, 2014 (D.I. 45).

Plaintiffs and Defendants have filed motions and responses to allegations regarding the

sufficiency of certain Counts in Plaintiffs' Complaint, filed on October 25, 2013. Because the

Court will address Defendants' pending motion to dismiss in the normal course, defendants were

not provided an advance copy of the proposed Amended Complaint. As of the time of filing, on

April 16, 2014, Defendants have not consented to the filing for the reasons set forth in their

moving papers. Accordingly, Plaintiff seeks the Court's leave to amend, which should be granted

for the reasons set forth below.

## STATEMENT OF FACT

On October 25, 2013, Plaintiffs filed a complaint (D.I. 1) asserting that Defendants and

others did not adequately compensate Plaintiffs under flood and homeowners insurance policies

for damages sustained during Superstorm Sandy.  Plaintiffs also asserted claims that federal and

state governmental agencies or entities had controlling fiduciary and fiscal agency relationships

over the federal funds payable under policies of flood insurance and acted in the *de facto* role as

"real party in interest" and actual possessors of these disputed federal funds. Additionally,

Plaintiffs asserted claims related to the underlying financing and valuation of the property owned

by Plaintiffs.

The Ocwen, New York and Miller Defendants subsequently filed motions seeking

dismissal of Plaintiffs' Complaint. (D.I 8,36, and 41). In response to the points raised by these

---

[1] Upon the advice of counsel for Defendants, State of New York, Andrew M. Cuomo, Governor and NY Rising
Recreate Housing Community Recovery Program, the NY Rising Recreate Housing Community Recovery Program
is an executive program and not a distinct legal agency or entity capable of being sued. Defendant "NY Rising
Recreate Housing Community Recovery Program was dismissed, pursuant to F. R. Civ. P. 4(m), without prejudice
and without costs by Order of the Hon. Joel A. Pisano, dated March 6, 2014.

Defendants, Plaintiffs ineffectively provided amendments to the Complaint that more

specifically plead Plaintiffs' claims. (D.I. 18, 43, and 44). Additionally, certain facts alleged by

the Miller Defendants required the addition of a count asserting claims of negligence against

these Defendants in order to address concerns regarding their status under CMO No. 1 (D.I. 45).

This addition was also ineffective under the pleading requirement of Fed. R. Civ. P. 8, which

requires a short and plain statement of the grounds for relief."[2]. Accordingly, the instant motion

respectfully requests permission to file an Amended Complaint in order to satisfy the pleading

requirements under the Federal Rules of Civil Procedure for the reasons previously stated in

Plaintiffs' reply briefs. Permission is also requested to further implead the United States of

America and State of New York in order to enforce the obligations set forth under the Home

Affordable Modification Program ("HAMP"), the Home Affordable Refinance Program

("HARP"), Part 419 of the New York State Banking Department Regulations, and agreed under

the Consent Judgment, filed April 4, 2012, in the United States District Court for the District of

Columbia (Case 1:12-cv-00361-RMC) against the Ocwen Defendants. This addition is necessary

because of allegations by the Ocwen Defendants that these laws, statutes, and agreements do not

explicitly confer a private right of action.[3]

## ARGUMENT

## PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN

## AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading

only with the opposing party's written consent or the court's leave. The court should freely give

---

[2] *Barber v. Jones*, 2013 WL 211251, *8 (D.N.J. 2013)
[3] The Consent Judgment was entered into between the Ocwen Defendants, and/or their predecessors, and the federal and state governments. The enforcement of such an agreement should not be considered prejudicial to these defendants.

leave when justice so requires."[4] The decision whether to grant leave to amend a pleading is within the sound discretion of the district court,[5] but as this Court has aptly recognized, "this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'"[6] There must be a justification for denial of an amendment. In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[7] Therefore, a justifying reason must be apparent for denial of a motion to amend.[8] "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[9]

In light of the significant factual and procedural developments raised by the Moving Defendants since Plaintiffs filed suit in October, 2013, good cause for amending the Complaint is immediately apparent. There has been no bad faith or delay by the Plaintiffs. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiffs' motion.

[4] Fed. R. Civ. P. 15(a)(2). As the CMO has been issued in this case, Federal Rule of Civil Procedure 16(b), which governs modifications to pretrial scheduling orders, is not applicable.
[5] *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC*, No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing *Nat'l. Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982)). *Ward v. Am. Red Cross*, 3:13-CV-1042-L, 2013 WL 2916519 (N.D. Tex. June 14, 2013) (citing Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962))
[6] *Florida Foundation Seed Producers, Inc.* (quoting *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)).
[7] *Ward.* (again citing *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962))
[8] *Florida Foundation Seed Producers, Inc.* (citing *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)). A court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[9] *Id.* (citing *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks omitted)).

## CONCLUSION

For the reasons identified above, Edward N. Tobias and Suzanne M. Koegler request that

the Court grant Plaintiffs' motion for leave to file the proposed amended complaint.


Respectfully submitted this 16th day of April, 2014.


LAW OFFICES OF EDWARD N. TOBIAS, L.L.C.

_____s/ Edward N. Tobias_____

By:  Edward N. Tobias, Esq.

Dated: April 16, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th of April, 2014, I filed the foregoing with the Clerk of

Court through the CM/ECF system which will automatically send electronic mail notification of

such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice

List.

 

 

LAW OFFICES OF EDWARD N. TOBIAS, L.L.C.

_____ s/ Edward N. Tobias _____

By:  Edward N. Tobias, Esq.

Dated: April 16, 2014

**LAW OFFICES OF**
**EDWARD N. TOBIAS, L.L.C.**
226 Richwood Road
Mullica Hill, New Jersey 08062
(732) 766-3903
**ATTORNEYS PRO SE FOR:**
**Edward N. Tobias and Suzanne**
**Koegler**

---

*EDWARD N. TOBIAS and*
*SUZANNE M. KOEGLER*

    *Plaintiff(s).*

    *v.*

UNITED STATES OF AMERICA,
BARACK H. OBAMA, PRESIDENT;
U.S. DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY (FEMA);
STATE OF NEW JERSEY,
CHRISTOPHER J. CHRISTIE,
GOVERNOR, HOWARD J. MCCOACH,
DEPARTMENT OF COMMUNITY
AFFAIRS, SANDY RECOVERY
DIVISION; STATE OF NEW YORK,
ANDREW M. CUOMO, GOVERNOR,
NY RISING RECREATE HOUSING
COMMUNITY RECOVERY
PROGRAM; WRIGHT NATIONAL
FLOOD INSURANCE CO.
(FORMERLY KNOWN AS FIDELITY
NATIONAL PROPERTY &
CASUALTY INSURANCE CO. DENIS
A. MILLER; DENIS A. MILLER
INSURANCE AGENCY; LIBERTY
MUTUAL INSURANCE CO.;
WILLIAM C. ERBEY, EXECUTIVE
CHAIRMAN, OCWEN FINANCIAL
CORPORATION; OCWEN FINANCIAL
CORPORATION; OCWEN LOAN
SERVICING, L.L.C.; GMAC

**UNITED STATES DISTRICT**
**COURT**

**DISTRICT OF NEW JERSEY**

**CIVIL ACTION NO.**

**3:13-CV-6471 (JAP) (TJB)**

**[PROPOSED] ORDER**

```
MORTGAGE CO, L.L.C., (IN RE
RESIDENTIAL CAPITAL, L.L.C.
(RESCAP BANKRUPTCY)); JOHN
DOES 1-100, DOE CORPORATIONS 1-
100.

     Defendant(s)
```

Plaintiffs, Edward N. Tobias and Suzanne M. Koegler, by their designated attorneys,

filed a Motion for Leave to File an Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), and

Memorandum of Law in Support thereof.

Whereas the Court has considered Plaintiffs motion and memorandum, THE COURT

FINDS that Plaintiffs have demonstrated that good cause exists and justice requires the grant of

leave to file the proposed amended complaint.

Therefore, Plaintiffs' Motion is GRANTED.

**SO ORDERED,** this ___ day of _____ 2014

_____
The Honorable Joel A. Pisano
United States District Court Judge

## AMENDMENTS TO THE COMPLAINT

### JURISDICTION

(2) This civil action arises under the Constitution, laws or treaties of the United States;

    (a) Claims under the Fifth Amendment to the United States Constitution

    (b) Claims under Article I, Section 8, Clause 3 of the United States Constitution

### CAUSE OF ACTION

### DEMAND AGAINST THE UNITED STATES, STATE OF NEW YORK, STATE OF NEW JERSEY, AND RELATED DEPARTMENTS AND AGENCIES

a. Determining that plaintiffs are entitled to relief and restitution of funds on the basis of the taking of Plaintiffs' property, i.e., federal flood insurance policy proceeds, which is prohibited by the Fifth Amendment of the United States Constitution and under Article I, Section 8, Clause 3 of the United States Constitution as discovery and further legal argument in this matter should evidence.

b. Determining that plaintiffs are entitled to relief as the intended beneficiaries of the Stafford Act designed to give aid to states after disaster and, as such, public policy demands that this action be continued pursuant to the provisions of the Stafford Act.

c. Determining that the Defendants, United States of America, State of New York, and State of New Jersey enforce the obligations set forth under the Home Affordable Modification Program ("HAMP"), the Home Affordable Refinance Program ("HARP"), Part 419 of the New York State Banking Department



Regulations, and agreed under the Consent Judgment, filed April 4, 2012, in the United States District Court for the District of Columbia (Case 1:12-cv-00361-RMC) against Defendants, WILLIAM C. ERBEY, EXECUTIVE CHAIRMAN, OCWEN FINANCIAL CORPORATION; OCWEN FINANCIAL CORPORATION; OCWEN LOAN SERVICING, L.L.C.; GMAC MORTGAGE CO, L.L.C., (IN RE RESIDENTIAL CAPITAL, L.L.C. (RESCAP BANKRUPTCY)).

**COUNTS AGAINST THE UNITED STATES, BARACK H. OBAMA, PRESIDENT; U.S. DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA); WRIGHT NATIONAL FLOOD INSURANCE CO. (FORMERLY KNOWN AS FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE CO. DENIS A. MILLER; DENIS A. MILLER INSURANCE AGENCY; LIBERTY MUTUAL INSURANCE CO.;**

7.  This Count of the Complaint is more specifically plead as requesting relief against defendants on the basis of negligence, whether by common law, state law, or federal law as discovery in this matter should evidence.

**COUNTS AGAINST WILLIAM C. ERBEY, EXECUTIVE CHAIRMAN, OCWEN FINANCIAL CORPORATION; OCWEN FINANCIAL CORPORATION; OCWEN LOAN SERVICING, L.L.C.; GMAC MORTGAGE CO, L.L.C., (IN RE RESIDENTIAL CAPITAL, L.L.C. (RESCAP BANKRUPTCY)); JOHN DOES 1-100, DOE CORPORATIONS 1-100.**

2. Upon information and belief, defendants wrongfully engaged in illegal or other adverse actions that negatively affected the nationwide real estate market resulting in untrue and inaccurate property values at the time the plaintiffs purchased the properties. This Count of the Complaint is more specifically plead as requesting relief against Defendant, GMAC Mortgage, LLC on the basis of fraud, whether by common law, state law, or federal law as discovery in this matter should evidence.

3. After Superstorm Sandy, the plaintiffs contacted defendants and requested assistance according to the terms of the mortgage on the property and obligations accepted by the defendants under various federal and state programs dealing with the "mortgage crisis." This Count is more specifically plead as requesting relief against the Moving Defendants under NYS Banking Law and HAMP and HARP to the extent Defendant owes duties to third parties such as Plaintiffs.

4. Defendants failed according to the terms of the mortgage contract and third-party obligations imposed or entered into by them various federal and state programs to adequately compensate plaintiffs for damages sustained as a result of their wrongful acts. This Count of the Complaint is more specifically plead as requesting relief against Defendants, GMAC Mortgage, LLC and Ocwen on the basis of breach of contract and tortious interference with contract as discovery in this matter should evidence.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Edward N. Tobias and Suzanne M. Koegler,

        Plaintiffs,

    v.

United States of America, et al.,

        Defendants.

CIVIL ACTION

DOCKET NO.: 3-13-cv-6471

**Certificate of Service**

    The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Law In Opposition to Plaintiffs' Motion for Leave to File Amended Complaint, attorney certification, and proposed order were served by electronic notification via the Court's ECF filing system this 5th day of May, 2014, as follows:

Edward N. Tobias
Suzanne M. Koegler
Law Offices of Edward N. Tobias
226 Richwood Road
Mullica Hill, NJ 08062

*Michael P. Trainor /s/*
Michael P. Trainor, Esquire

