The Chambers of Honorable Martin Glen
One Bowling Green, New York
New York 10004
Court Room 501

Morrison & Foerster LLP
250 West 55th Street, New York
New York 10019
Attn: Gary S. Lee, Esq.; Norman S Rosenbaum, Esq. and Jordan A. Wishnew, Esq.,
Attorneys for the Trust.

ResCap Borrower Claims Trustee, Polsinelli PC
900 Third Avenue, 21st Floor, New York
New York 10022
Attn: Peter S. Kratvitz and Daniel J Flanigan

| United States Bankruptcy Court | Case No. 12-12020 (MG) |
|---|---|
| Southern District Of New York | |
| | Chapter 11 |
| In re: | |
| Residential Capital, LLC, et al | Jointly Administered |
| Debtors | |

NOTICE OF HEARING ON RESCAP BORROWER CLAIMS TRUST'S
SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY BORROWER CLAIMS)

Claimant
Neil Larkins                    Claim No. 6423          Today's Date
P.O. Box 12 Keno                                        5/8/2014
Oregon, 97627
541-884-3055



RECEIVED
MAY - 9 2014
U.S. BANKRUPTCY COURT, SDNY

Basis for claim: Clouded Title, Ultra Vires Acts by Debtors, Fraudulent assignments and recession.
Residential Funding is liable as they still own this loan as outlined in the following "Applicable Law" section of this document.
See **"background"** below for description of monetary damages and or a alternative settlement.

May 8, 2014

Claim # 6423        Neil Larkins

Dear Sir or Madam: Regarding the objection of Residential Funding

This case in which Residential Funding is inextricably intertwined with Deutsche Bank of

Americas Trustee for Rali 2006-QS14, National City Bank of Indiana, National City

Mortgage and MERS **(will call them the entities)** is complex to say the least.

The inextricability of this case is of such nature that it affects not only the issues of

liability of Residential Funding, but also my available defences under their claim of

objecting to my claim.

Moreover, my claim in the U.S. Bankruptcy Court Southern District of New York is

based on the applicable New York Trust Law which is the law selected in the trust

indenture and Oregon Supreme Court decisions where this loan originated.

I'm also a victim of ultra vires acts of the entities.

The victims of the ultra vires acts of the entities are myself and the beneficiaries of the

trusts and both should be protected from the void acts of the entities and compensated

accordingly.

## BACKGROUND

National City Bank of Indiana or NCBI was the originator of my loan back on May 1st

2006 (loan # 464418).

See exhibit A for the three assignments:

First assignment of note: National City Bank of Indiana **sells** the loan to National City Mortgage or NCM, which was recorded here in my County of Klamath on December 6, 2006. Remember the cut off date for 2006-QS14 was October 1, 2006.

Second assignment of note: NCM sells the loan to MERS as **"beneficiary"** and **"not as nominee"** and recorded on December 6, 2006, again after the cut off date of October 1, 2006.

Also on this second **recorded** assignment there is a pool number of 0001155736 which is different than the pool number listed in the 2006-QS14 trust. All the loans in the 2006-QS14 trust use a pool number of 40419. Nowhere does the pool number 40419 show up on the recorded documents. The assignments that Residential Funding furnished me have a hand written pool number of 40419 on them. This hand written 40419 was done after the official recordings. Because they recorded this assignment with a different pool number then maybe this loan is not part of the 2006-QS14 trust. Which trust is my loan in?

Also on the second assignment the date the Notary signed is different than the date executed signature signed. I always thought that the person signing in front of the notary needs to be present and sign on the same date witnessed.

Third assignment of note: Now MERS shows up **"as nominee"** with no one giving them that authority along with National City Bank of Indiana both as assignors, selling the note to Deutsche Bank of Americas as trustee for Rali 2006-QS14. Who gave authority to National City Bank of Indiana to sell the loan to Deutsche after they already sold it to National City Mortgage? National City Mortgage **never** made MERS a **nominee**. Can MERS as beneficiary (not nominee) sell to Deutsche? The Oregon Supreme Court made

it very clear that MERS cannot be a beneficiary. see *Brandrup v. ReconTrust,* and Niday in which the Oregon Supreme Court ruled.

The PSA specifically states (see Applicable Law below) that Residential Funding must sell to Residential Accredit which is the depositor. The depositor then is instructed to sell to Deutsche Bank of Americas as Trustee for the 2006-QS14 Trust. Apparently this did not happen as Residential Funding sold it directly to Deutsche Bank of Americas as Trustee, but does not list which trust they are trustee to.

To top it all off the 3rd assignment was supposedly executed on **August 24, 2011** and recorded on **September 7, 2011**. The Rali 2006-QS14 trust was **closed** on October 1, 2006.

Residential Funding objection states that they purchased this loan form National City Bank of Indiana on or about July 24, 2006. That would be an impossibility because National City Bank of Indiana previously sold it to National City Mortgage. which then sold it to Deutsche by October 1, 2006. The recorded documents show that National City Bank of Indiana sells to Deutsche Bank of Americas as trustee for the 2006-QS14 trust 5 plus years past the cut-off date. Yet the Note shows Residential Funding selling directly to Deutsche, bypassing the requirement of first selling it to Residential Accredit. How many entities sold it to Deutsche? The recorded instruments shows this as inextricably intertwined which controverts statements made by Residential Funding. At this point it is unclear which party sold it to the trust 5 plus years after the cut-off date.

**My claim is that Residential Funding still owns this loan as explained below in Applicable Law.**

I would like to see Residential Funding be held liable for severely clouding my title and their ultra vires acts. This could be done by my recession or if Residential Funding admits to the fact that they never sold this loan to Deutsche bank of Americas. I would like Residential Funding to reimburse me for the cost of this loan and all related expenses that

are tied to this loan. They can have the property back if they pay for all expenses related to buying and upkeep in regards to this loan. That amount would include the down payment and all payments made towards this loan in the amount of $150,000.

**If Residential Funding admits that they never sold or transferred this loan to Deutsche Bank of Americas for the 2006-QS14 trust then I would drop my claim for any monetary damages.**

## APPLICABLE LAW

An express life trust is governed by New York Law (EPTL and New York Case law) and it requires the property, the intention to create a trust and the beneficiaries. The PSA designated the property that was to be the trust fund and that upon delivery *to* the designated trustee would had created the trust, as well as, the time and date of delivery of the property. What is to be property or not of the trust is governed by the PSA. It is not a matter of not having to enforce the PSA. What matters if under applicable controlling law that governs the creation and performance of this particular trust with pool # 40419 (different from the recorded pool number) is whether Residential Funding transferred its interest to Residential Accredit (the Depositor) by the cut-off date of October 1st 2006. What matters is if under the applicable controlling law that governs the creation and performance of this trust and trustee, the trust and trustee were real parties in interest ("standing") at the time that a bankruptcy action was filed.

In New York, the mere intention to create a trust without delivery of the complete trust assets to the trustee has legal consequences; it does not create a trust, the trust is not formed when the transfer of assets is completed. If the trust names a third party as a trustee, the property, titled assets, documents evidencing ownership of the property must be formally and actually transferred to the trustee by the date and manner prescribed by

the corporate indenture of the trust (the PSA). A transfer is not effected by mere recital

of assignment, but the written assignments and all documents of property must be

actually delivered to the trustee **(New York EPTL §7-1.8).**

As stated above, the property has to pass to the trustee with the intention to pass legal title

thereto to it as trustee. **Brown v. Soehr, 180 N.Y. 201(N.Y. 1904).** There is no valid trust

until actual delivery of the assets to the trust. **Riegel v. Central Hanover Bank and Trust**

**Co., 266 App.Div. 586.** There is no trust if the trust fails to acquire the property.

**Kermani v. Liberty Mut. Ins.Co., 4 A.D.2d 603 (N.Y. App. Div. 3d Depart. 1957).**

Under New York Law (EPTL) there is not legal title to the property if there is no actual

delivery as per the instrument creating the trust (PSA). The property in the instant cases is

the trust fund. This is a matter of Trust Law on what constitutes property of the trust.

This is not a matter of privity of contract; it is a matter of trust law about what is required

to create the trust.

The delivery of the property must be done to the trust as designated in the instrument

creating the Trust (EPTL §7.21(c)). The PSA prescribed the specific method of transfer.

This is not subject to variation because it is set in the instrument. No court can ignore and

create contractual remedies that were omitted in the PSA. **Schmid v. Magnetic Head**

**Corp.,468 NYS 2d 649 (NY App. Div. 1983).** However, the court can enforce the

prescriptions of the PSA. **Morlee Corp.v. Manufactu rer Trust Co. , 172 N.E. 2d 280**

**(N.Y. 1961).**

What is valid delivery to the trustee is governed by the corporate business indenture, (the

PSA). The corporate business indenture is the document that creates the trust by

prescribing the manner, time and formation of the trust and governs the actions of the

trustee, because the trustee in the present case is a corporate trustee. Under a corporate

indenture the right of the trustee is not governed by fiduciary relationship but by the terms

of the agreement (the PSA). **AG Capital Funding Partners, L.P. v. State St. Bank &**

**Trust Co., 2008 N.Y. Slip Op. 5766; Hazard v. Chase National Bank, 159 Misc. 57, 287**

**N.Y.S. 541 (Sup Ct 1936) aff'd 257 A.D.950 14**

**N.Y.S.147 (l5t Dept.) afrd 282 N.Y. 652 cert. de. 311U.S.708 (1940).**The duties and power
of the trustee are set by the agreement (PSA).

In **RE IBJ Schroeder Bank and Trust Co. ,271 A.D. 2d 322 (N.Y. App. Div. pt Dept.**

**2000) and governed by the NYEPTL. (New York Estate, property Trust Law)**

The delivery of the trust funds under the PSA requires under the corporate indenture

provisions of New York Trust Law strict compliance with the mandatory terms of the

trust indenture, because the property has to be delivered as prescribed and the securities

ascertained if not no right to beneficiaries arise. **Wells Fargo Bank, N.A. v. Farmer,**

**2008 N.Y. Slip OP. 51133 U 6 (N.Y. Sup.Ct 2008)** and no right in the trust arises without

consideration paid.

The delivery necessary to consummate a transfer must be perfected as to the nature of

the property. There must be actual surrender and control and authority over the things

surrendered must be intended. It is the consummation that completes the transaction,

intention alone is not sufficient. **Vincent v. Putnam, 248 N.Y. 76 (N.Y. 1928).** The

Consummation Act of the delivery of all the property and documents is necessary.

**Phillipsen v. Emigrant Inds. Saving Bank, 86 N.Y.S.2•d 133 (N.Y. Sup.Ct. 1948).**

The delivery rule requires that the delivery necessary to consummate a gift must be

perfected as to the nature of the property and the circumstances permit. **Vincent v. Rix,**

**248 N.Y. 76 as cited in Gruen v. Gruen, 68 N.Y. 2d 48 (N.Y. 1986).**
See also **Sussman v. Sussman, 61A.D, 2d 838 (N.Y. App.Div. 2d Dept, 1978)** ;
Riegel v. Hanover Bank Trust

**Co. , 266 App. Div. 586** there must be a change of dominion over the thing intended to be
given.
**Vincent v. Putnam, 248 N.Y. 76,82-84 (N.Y. 1928).The corporate indenture is strictly**

**construed under New York law.**

THE LANDMARK CASE OF THOMAS A. GLASKI V. BANK OF AMERICA

N.A.CORRECTLY ANALYZED THE APPLICABLE NEW YORK LAW

The court in **Thomas A.Glaski vs Bank of America N.A.:218 , Ca l.App.4th 1079**

**(2013 ), 1 60 Cal. Rptr. 3d 449** found that a mortgagor had standing to challenge an

assignment that was void by application of New York law. The court also analyzed that

the cases in which as the court stated there were holdings of other jurisdictions that have

found no standing relied in a "too broad brush painting" in their application of the privity

of contract doctrine to the case dealing with lack of standing because of violation of the

PSA provisions. We submit here that in Glaski, the Court was correct in its decision.

It is uncontroverted that the trust in Glaski was governed by New York law and because

of that governed by New York Trust Law both N.Y. EPTL (New York Estate Property

Trust Law and New York trust case law) and this is the case by the express statement of

the trust creating document, the Pooling Service Agreement ("PSA"), which in Glaski,

Supra as well as, in Tran Supra, the law applicable to the PSA and to the trust was New

York law was selected by the parties to the PSA *as* the governing law.


The PSA itself in both cases prescribed that the operation of the trust is governed by New

York Law. The Glaski Court, correctly applied New York law. Under New York EPTL

law the authority of the trustee is subjected to the limitations in the trust instrument

**EPTL § 11-1.1Subd (b)** and every act of the Trustee in contravention to the terms of the

trust,

Except as authorized by law, is void **EPTL §7.2-4**. The lack of power of the trustee

cannot be made good under any equitable principle **(Vohman v. Michel, 185 N.Y.**

**420, 78 N.E. 186)**. Acts in contravention of the trust indenture are beyond the powers of

the trustee and therefore void **(Kaufman v. Jared Flagg Corp. , 227 App.Div. 98, 237**

**N.Y.S.26)**. Under a securitization the trustee is not a beneficiary of the trust, the trustee

authority to institute on behalf of the trust derives from the authority bestowed upon him

by the Pooling Service Agreement that is the corporate indenture of the trust.

The court should read all of these cases with extra care as it was done in the cases cited by the Glaski court and which submitted them to an analysis that did not paint the privity arguments as applicable with a plainly ''too broad brush''.   There was not in any of the cases any analysis of the impact of New York law both New York EPTL and New York case law on valid actions or not of the trustee. There was no consideration of the impact of the New York finality Rule on the creation, formation and existence of the trust, nor any analysis of the impact of the fact that in each securitization trust is created by the PSA, the PSA and that is the corporate indenture and that the obligations under the corporate indenture are under New York Law strictly construed.  The court in Glaski also made an analysis of cases that had found the ultravires the acts of the trustee are only voidable not void, to wit **Calderon v. Bank of America, N.A. ( W.D. Tex. April 23,2013) No SA: 12-CV-00121 DAE)_ F. Supp. 2d (2013 WL 17419Sl at P 12);**

**Bank of America National Association vs.Rassman, FBT, LLC, 366111.Dec 936, 981N.E. 2d 1, 8 ( Ill. Ct. App.2012)**, but the Glaski court found that the express terms of New York law of making the acts void are more protective of beneficiaries of the trust protecting them from the consequences of the ultravires action of the trustee is more in accord with the intention and aim of New York law.

In addition, none of these cases from other jurisdiction that are not New York cases, make the distinction that the duties of the trustees under New York law are different than the merely fiduciary duty, the duty of other types of trust, but that under New York law in a **business trust**, the corporate indenture is strictly construed as to the application and interpretation of it and that **EPTL 7-2.4** is therefore literally applied to corporate indenture trust.

The plaintiffs  position in Glaski was that the transfers did not comply with the PSA since the assignments of the mortgage occurred in violation of the dates prescribed for the

closing of the trust. The claims were that the transfer of the notes and the assignment of

mortgages and/or Deeds of Trust, were void because the act of accepting them out of the

time prescribed by the PSA was in violation of **NY EPTL** and therefore void **as a matter**

**of law.**

Plaintiffs alleged that the transfers were not made by the prescribed path of the

PSA agreement nor by the **prescribed time** of the **PSA** and all of this was done **after the**

**closing date of the trust.**

Any act of the **trustee** contrary to the trust agreement **(PSA) is void (NY EPTL**

**Section 7-2.4).** It is **NY EPTL**, the law of the **State of New York § 7-2.4** that prescribes

the nullity of an assignment in violation of the PSA.  This is not a matter that is subject to

the arguments that I am making to a standing to raise PSA violation because lack of

privity to the PSA, because the claim to possession and the right of the trustee to bring

the foreclosure action and to collect payments is predicated on the trustees being the

holders of the notes and the trustee of the trust based on the authority conferred upon the

trustee by the document that designate him as trustee and that prescribed the formation of

the trust and also which rule the actions of the trustees.

 If Residential Funding failed to properly transfer the loan into the trust then Residential

Funding is a entity that may still have liability regarding my claim.

The PSA is not simply an agreement but the document that states the conditions in which

the trust is created under New York Trust Law. The trust is created only when the full

property of the trust is delivered as per the language of the corporate indenture.  It also

prescribes what action of the trustee is void or not.

In order to prove injury in fact to foreclose the defendants had to prove that they had

legal standing by showing that they were real parties in interest in each foreclosure.  In

order to collect payments they had to have had the rights of a valid loan holder and/or

owner. If the

**Trustee cannot prove that the loan became an asset of the trust, under New York
law and the PSA, they can never be able to prove standing. If Trustee cannot prove
standing then it would fall back to the last entity that tried to sell into the trust
which was Residential funding, making them liable for any and all claims regarding
this loan.**

New York delivery rule requires complete and specific dominion by the closing date of
the trust. Delivery must be such that it vests the donee with control and dominion over
the property and absolutely divest the donor of its dominion and control and the delivery
must be to the donee with intent to vest the property in the donee, equity will not help and
incomplete delivery. **Vincent v. Putnam, 248 N.Y. 76 .Y. 1928).**

The court in Glaski was correct because Glaski allegations were not based on being a
party to the PSA but on the void nature of the transfer to the trustee void by operation of
law.  In the **Tran, Supra case,** the plaintiffs' position is that the PSA is the business
indenture of a trust, and that under New York Applicable Trust Law, the Law that the
creators of the trust chose to govern the corporate indenture, the transfers were void.  The
trusts governed by New York Trust Law and the trustees were the trustees of trusts
governed by New York Trust Law. New York Trust Law governs what acts of the trustee
are valid or void and that the PSA prescribes the creation of the trust because it describes
what property is the property of the trust, how this property is to be received, when the
property become property of the trust, the conditions for that property to be property of
the trust and what acts of the trustee are valid or void.  It is not under contract law that the
acts of the trustee are ruled but under New York Trust Law. The trustee alleged rights to
foreclose arose out of it being the acts of the trustee acting on behalf of the trust by the
powers and l imitations granted to him under the PSA and the authority and power to act
as the trustee is subjected to New York Trust law.

It is absurd that if that authority under New York law is subject to the PSA limitations (the trust indenture) and if the acts in contravention with the indenture that designate the trustee as trustee are void under New York EPTL law, the assignment and note transfer effected after the closing date of the PSA be valid, when as will be shown below such act of the transfer are void, under New York law, it is as if they never occurred, this is regardless of privity or not because it has nothing to do with privity. It is dictated by New York Trust Law.

It is simply a non sequitur that the law of New York that was created for the protection of the beneficiaries of the trust (the securities purchasers) from the ultravires action of the trustee could be validly invoked by trustee as being to their detriment because the beneficiaries will not receive the fruits of the illegal foreclosures obtained by the trustee by way of acts that are prohibited by the applicable law.

The holding in Glaski supra is confirmed by the holding of April 29, 2013 by the **New York Supreme Court Kings County in Wells Fargo Bank, N.A. vs.Erobobo, 201 3 N.Y.Slip Op. 50675 (U)** in which the court of New York found all acts of the trustee in violation of the corporate indenture (PSA) to be void by operation of **New York EPTL section 7-2.4 confirming the holding of Glaski supra.**

THIRD PARTIES HAVE STANDING UNDER NEW YORK LAW TO RAISE THE TRUSTEE ACTIONS IN VIOLATION OF THE TRUST .INDENTURE

The New York cases that give standing to third parties that have not privity to the trust agreement are series of cases starting with **Dye v. Lewis,324 N.Y.S.2d 172, 67 Misc. 2d 426 (Supreme Court Monroe County), also In the Matter of Pepi, (decision published in the New York Law Journal on June 19, 1996, Section Pg 1(Col.3) Vol. 215, Second Judicial Department, Nassau County, Subrogate Court.** I have been unable to find the formal citation, also **R. Dye v. Lincoln Rochester Trust Company, 334 N.Y.S.2d 402 40 A.O. 2d 583**

**(Supreme Court Appellate Division, Fourth Department, July 6, 1972)**, the synthesis of these cases go to the proposition that third parties dealing with a trust can raise the violation of the trust indenture and of EPTL 7:2.4 as basis for their claims. Similarly acts of the trustee in violation of the indenture can be brought by third parties based on the language of the indenture of the trust. In fact, third parties that deal with a trust are charged with the presumption of knowing the trust agreement language, and when the defence of the acts being ultra vires raised by the trust beneficiaries against the third party.

**It stands to reason that if the beneficiaries can raise as a defence against a third party the ultra vires actions of the trustee, because of violation of the trust agreement the beneficiary can also raise the ultravires action of the trustee as defence against the trust and the beneficiary of the trust.**

The reason is clear; the trust agreement is not a mere contract but the indenture creating the trust. It is the constitution document of a legal entity that prescribes the power and limitations of the trustee.

Neil Larkins

P.O. Box 12

Keno, Oregon 97627        541-884-3055

After Recording Return To:
National City Mortgage
P.O Box 8800    Dayton,
OH 45401-8800

*1st assignment*

12/06/2006 10:58:13 AM                    Fee: $21.00

35236573-01

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

Parcel:

*12/06/2006*

*Exhibit A & assignments*

NCM#: 4644118    00010

MIN and MERS Phone:

SPACE ABOVE THIS LINE FOR RECORDER'S USE

*Please Record 1st*

10522658

LARKINS, NEIL

Recording District: Klamath

## ASSIGNMENT OF Deed of Trust

*(assignee)*

For value received, the undersigned, hereby grants, assigns and transfers to:  NATIONAL CITY MORTGAGE
CO, A SUBSIDIARY OF NATIONAL CITY BANK OF INDIANA located at  3232 NEWMARK DR,
MIAMISBURG, OH  45342.  All beneficial interest under that certain Deed of Trust dated 5/1/2006 executed by:

Trustor(s)    NEIL LARKINS

to  Trustee for NATIONAL CITY BANK OF INDIANA    recorded 5/8/2006 as    Instrument No.:    in
Book/Volume: M06  Page: 09525 of the Official Records of Klamath County, Oregon describing the land therein:

Property Address:    4801 LORRAYNE PL, KLAMATH FALLS, OR  97603

Legal Description As Per Deed of Trust Referred To Herein

Together with the Note or Notes therein described or referenced to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.

5/11/2006 to be executed the Date of Filing/Recording        *(assignor)*

*    NATIONAL CITY BANK OF INDIANA

Angela Tegtmeyer, Delivery Shipper

*State of OHIO    County of MONTGOMERY*

On 6/20/2006 before me, Kathleen Lewis the undersigned, a Notary Public in and for the State of OHIO, personally
appeared Angela Tegtmeyer, Delivery Shipper of NATIONAL CITY BANK OF INDIANA personally known to
me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed
the same in her authorized capacity, and that for her signature on the instrument the person, or the entity upon behalf
of which she acted, executed the instrument.

Kathleen Lewis, Notary Public in and for the State of OHIO
My Commission Expires: 1/5/2069    My County of Residence: MONTGOMERY

U35236573-01GM01
ASSGNT DOT
LOAN# 10522658
US Recordings



*2nd Assignment*

Klamath County, Oregon

12/06/2006 10:57:14 AM          Fee: $21.00

*12/06/2006*

353236593-07

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul MN 55117

Parcel:

*pool #*

SPACE ABOVE THIS LINE FOR RECORDER'S USE          7052 2658

NCM#: 0004644118  POOL#: 0001165756          LARKINS, NEIL

MIN and MERS Phone:          *Please Record and*          Recording District: Klamath

Assignment Of Deed of Trust

For value received, the undersigned, hereby grants, assigns and transfers to:          *not as nominee*

Mortgage Electronic Registration Systems, Inc., its successors
and assigns, PO Box 2026 Flint, Michigan 48501-2026  *(assignee)*

All beneficial interest under that certain Deed of Trust dated 5/1/2006 executed by:
Trustor(s)  NEIL LARKINS

to the Trustee for National City Bank of Indiana  recorded 5/11/2006  as  Instrument No.:
in Book/Volume:  M06  Page:  09525  of the Official Records of
Klamath County, Oregon describing the land therein:

Property Address:  4601 LORRAYNE PL., KLAMATH FALLS, OR  97603

Legal Description As Per Deed of Trust Referred to Herein

Together with the Note or Notes therein described or referenced to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.
Assignment Executed to be Effective as of 7/24/2006          *(assignor)*
National City Mortgage Co.,
a subsidiary of National City Bank of Indiana

ANGELA TEGTMEYER
DELIVERY SHIPPER

*State of Ohio    County of Montgomery*

On 6/29/2006 before me, KATHLEEN LEWIS the undersigned, a Notary Public in and for the State of Ohio,
personally appeared  ANGELA TEGTMEYER, DELIVERY SHIPPER of National City Mortgage Co.,a subsidiary
of National City Bank of Indiana  personally known to me to be the person whose name is subscribed to the within
instrument and acknowledged to me that she executed the same in her authorized capacity, and that for her signature
on the instrument the person, or the entity upon behalf of which she acted, executed the instrument.

MIN#: 10026961C1D5226593
MERS Phone: 1-888-679-6377  KATHLEEN LEWIS, Notary Public in and for the State of Ohio
My Commission Expires: 1/6/2009   My County of Residence: Montgomery

U35236573-02GM01
ASGN7 DOT
LOAN# 10522658
US Recordings



*3rd Assignment* (handwritten)

[barcode]
00107050201109101560010017
08/07/2011 01:07:03 PM            Fee: $37.00

Parcel _____   **SPACE ABOVE THIS LINE FOR RECORDER'S USE**            LARKINS, NEIL

NCM#: 0004644118                                                   Recording District: KLAMATH
MIN and MERS Phone: 100269610105226583        888-679-6377

**ASSIGNMENT OF Deed of Trust**

For value received, the undersigned, hereby grants, assigns and transfers to:  Deutsche Bank Trust Company Americas as Trustee RALI 2006-QS14 located at  2255 North Ontario Street #400, Burbank, CA 91504, all beneficial interest under that certain Deed of Trust dated 5/1/2006 executed by:

     Trustor(s)   NEIL LARKINS

to AMERITITLE for National City Bank of Indiana, in the amount of $142,500, recorded 5/11/2006 as Instrument No.: M06-09525 in Book/Volume:   Page:   of the Official Records of KLAMATH County, Oregon describing the land therein:

Property Address:    4881 LORRAYNE PL, KLAMATH FALLS, OR  97603

LOT 1 IN BLOCK 6 OF FIRST ADDITION TO KELENE GARDENS, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE IN THE OFFICE OF THE COUNTY CLERK OF KLAMATH COUNTY, OREGON.

Together with the Note or Notes therein described or referenced to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Effective date   ~~5/1/2006~~  8/24/2011

*(handwritten right margin: now as nominee see 2nd assignment that shows them not as nominees. National City Bank of Indiana sold it back, with the 1st assignment should be National City Mortgage)*

Mortgage Electronic Registration Systems, Inc. as nominee for Lender and it's successors and assigns - National City Bank of Indiana.
Renee Durham, Assistant Secretary

State of OHIO       County of MONTGOMERY
On 8/19/2011 before me, Toni Suel the undersigned, a Notary Public in and for the State of Ohio, personally appeared Renee Durham, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. as nominee for Lender and it's successors and assigns personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that for her signature on the instrument the person, or the entity upon behalf of which she acted, executed the instrument.

This Instrument Prepared By:
Sandra Van Zandbergen
After Recording Return To:

PNC Mortgage
P.O. Box 8800
Dayton, OH  45401-8800
(937) 910-8323

Toni Suel, Notary Public in and for the State of Ohio
My Commission Expires: 3/26/2012   My County of Residence: Butler



TONI SUEL
Notary Public, State of Ohio
My Commission Expires
March 26, 2012