Hearing Date: May 15, 2014 at 10:00 a.m. (Prevailing Eastern Time)

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:    (212) 468-8000<br>Facsimile:    (212) 468-7900<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Adam A. Lewis<br><br>*Counsel for The ResCap Borrower Claims Trust* | **BRADLEY ARANT BOULT CUMMINGS, LLP**<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203<br>Telephone:    (205) 521-8000<br>Facsimile:    (205) 521-8800<br>Hope T. Cannon<br>Preston Neel (*pro hac vice* pending)<br><br>*Litigation Counsel to the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT
OF ITS OBJECTION TO PROOFS OF CLAIM FILED BY
GREGORY C. MORSE PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

sf-3413122

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust") hereby files this reply in support of the ResCap Borrower Claims Trust Objection to Proofs of Claim Filed by Gregory C. Morse Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Dkt. No. 6743] (the "Objection") seeking to disallow and expunge Claim No. 5680 against GMACM and Claim No. 5682 against Homecomings, each filed by Gregory C. Morse ("Morse"), on the grounds that the Morse Claims fail to state a basis for liability against the Debtors.[1] This reply addresses the Response of Gregory C. Morse to the ResCap Borrower Claims Trust's Objection to Proofs of Claim Filed by Gregory C. Morse Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Dkt. No. 6825] (the "Response").

## I.   BRIEF BACKGROUND

1. The Morse Claims allege $6,475,662.00 in claims against GMACM and $6,475,662.00 in claims against Homecomings. The purported basis for the liability of both GMACM and Homecomings (together, the "Debtor Parties") is "RICO Fraud Complaint Filed In E. District of Texas Federal Court" (this is the Morse Action after its removal from Texas state court). The Morse Claims provide no other detail. However, giving Morse the benefit of the doubt, the Trust elected to treat the Morse Claims as though they had incorporated the Amended Complaint by attachment.[2] (Objection 14 n.7.) The Amended Complaint appears to assert

---

[1] Capitalized terms not defined in this reply have the meanings ascribed to them in the Objection.
[2] Morse spends a lot of space trying to blacken the Debtor Parties' name in this proceeding, but every accusation is false. This fact reflects on his credibility. Here are some examples. Morse claims that the Trust has misled the Court into thinking that the Morse Action when first filed in state court was a new action when it really was the remand of a previously-filed action in the United States District Court for the Eastern District of Texas. (Response 2, 16-17.) As the Trust explained in the Objection, that prior federal action was not remanded to state court, but dismissed for failure to state a claim on the alleged federal causes of action and lack of subject matter jurisdiction on the remaining state causes of action. (Objection 6 n.5.) Morse has no compunctions about attacking the integrity of those who resist him. In the Response, he asserts that the action was dismissed because of "incompetent and

-1-

sf-3413122

various kinds of fraud claims (under Texas common law, RICO, Texas Business and Commercial Code § 27.01, and under the Texas DTPA), breach of contract, violations of the Texas Mortgage Broker License Act (the "MBLA"), the Texas Mortgage Banker Registration and Resident Mortgage License Act (the "MBRRMLA") and perhaps other causes of action. Morse also suggested he *might* have other, unspecified claims and asked for an accounting.

2.  In the Objection, the Trust pointed out that: (i) the fraud claims do not meet federal pleading standards generally and for fraud in particular, by failing to make allegations satisfying the five elements of fraud; (ii) the RICO claims as such failed to state a claim because they failed to identify the requisite criminal acts and allege facts establishing an enterprise with which either of the Debtor Parties were associated; (iii) there is no liability under Texas Business and Commercial Code § 27.01 because it does not apply to mortgages; (iv) Morse cannot state a claim under the DTPA because it applies only to contracts for goods and services, which a loan is not; (v) Morse's claims for breach of contract failed to identify the specific contract at issue, failed to state how he either performed or was excused from performance, failed to identify the provision of the contract that was purportedly breached, which of the Debtor Parties breached it, how the Debtor Parties breached the contract and what damages he suffered as a result; (vi) Morse did not state a claim under the MBLA because he failed to identify which of the Debtor Parties allegedly acted as an unlicensed broker and did not allege that he paid all of part of the fee or profit to the allegedly unlicensed broker (whoever that

---

negligent pleadings" filed by his then counsel. (Response 2-3, ¶¶ 5-6.) He is also liberal in accusations of perjury by others. (*See, e.g.,* Response ¶¶ 7, 41, 47, 48, 50.) Morse also accuses the Debtor Parties of trying to mislead the Court (*See, e.g., Id.* ¶ 5.) But under any reading, this lattermost material says nothing more than the facts (in this instance, only that the Fifth Circuit Court of Appeals denied Morse's *in forma pauperis* motion without prejudice). In another bit of nonsense, Morse claims that declarant Lauren Delehey in paragraph 7 on page 5 of the Delehey Declaration incorrectly states that there was no lender at the closing, etc. (Response ¶ 56.) There is no paragraph 7 at page 5, and paragraph 7 at 4 says nothing whatsoever on that subject matter.

-2-

sf-3413122

was); (vii) Morse did not state a claim under the MBRRMLA because the Amended Complaint lacks allegations of which of the Debtor Parties was unlicensed and how he was injured; (viii) Morse cannot proceed with respect to other possible, unnamed and unidentified claims; and (ix) Morse cannot seek the remedy of an accounting without having a claim.

## II.   THE RESPONSE FAILS TO ANSWER THE DEFIENCIES IDENTIFIED IN THE OBJECTIONS

3.   The Response, largely if not completely, fails to address – in any way, let alone systematically – the specific grounds for disallowance of the Morse Claims that the Trust presented in the Objection.[3]   It is full of conclusory accusations of fraudulent this or that.  It complains of his treatment by the District Court in his first federal action (*see* Response ¶¶ 11-15. 48, 57-59) even though this Court cannot review that court's decisions; it also contains citations to cases from Washington and Oregon (Response ¶¶ 33-36) that did not involve the current parties or facts before this Court and are not binding here by preclusion or as precedent for a federal case arising under Texas law.[4]  (Response 12-14.)

4.   The Response boils down to one formulation or repetition or another of all or part of what Morse says in paragraph 20:

---

[3] Morse scatters some procedural objections in the Response. They are not well-taken. One is that he did not get the Request Letter (implying that it was misaddressed). From that alleged fact, he concludes that the Objection must be denied with prejudice. But even if it is true he did not receive the Request Letter (and the Trust does not concede the point), it does not matter to the outcome of the Objection. Under ¶ (iv) at 3 of the Court's order regulating claims objections [Dkt. 3294] (the "Claims Procedures Order"), sending a request letter was *discretionary* since the Trust did not file the Objection on the basis of insufficient documentation (governed by ¶ (iii) at 3). The Objection was not based on insufficient documentation. Thus, the Debtors did not have to send Morse a request letter in the first place in order to file the Objection. That being so, that he allegedly did not get his is not a ground for denying the Objection with or without prejudice. A second theory by Morse is that under Bankruptcy Rule 3007(c), the Trust could not object to both Morse Claims in a single objection. But even if the Objection is governed by the rule on *Omnibus* Objections, what Morse overlooks is Bankruptcy Rule 3007(d) allows the objector to combine objections to more than one claim if they are all filed by the "same entity." Here, of course, Morse filed both of the Morse Claims. Furthermore, the Claims Procedures Order also permits omnibus objections when the claim was filed against more than one of the Debtors (¶ a) at 2) when, as just noted, it complies with the discretionary procedures set forth in ¶ (iv) at 3.

[4] In any case, those cases and much of the material that surrounds them (Response ¶¶ 32-42) argue that MERS cannot be a beneficiary of the Trust Deed, but the Trust has never asserted that it is. The entire discussion is irrelevant to the Morse Claims and the Objection.

-3-

sf-3413122

> 20. Each of these claims arise out of both the independent actions and conspiratorial actions of GMAC Mortgage, L.L.C., Homecomings Financial, L.L.C., Ally Bank, Fannie Mae and others in engaging in a generational pre-engineered series of mortgages originating, financing, servicing, willful destruction of public records, irrevocably breaking Chain of Title and violation of civil rights of private citizens with the expressed result of turning this claimant along with millions of others into involuntary indentured servants.

(Response 5 of 22.)[5]

5. But in this litany and all of its subsequent meandering, hopelessly scrambled iterations, the Response fails to set forth the basic facts as to each claim for relief against the Debtor Parties, or either of them, let alone with the specificity required by the applicable pleading standards, even as applied to a *pro se* party such as Morse. The Debtor Parties still do not know which of them is alleged to have done what and how they thereby injured Morse. Moreover, to the extent that Morse makes anything like specific allegations (*see, e.g.,* Response ¶¶ 23-24, 42-47), he relies on exhibits (and a "jurat affidavit", Response ¶ 25J) that do not accompany the Response and therefore cannot help the Trust (or the Court) interpret Morse's claims, let alone support them.[6] Thus, it is impossible to make sense of, let alone assess, his factual claims in those paragraphs. In the Morse Claims, the Amended Complaint and the Response, there simply is no "short and plain statement" of the facts giving rise to a claim for relief. Instead, the Response and Amended Complaint have the appearance of having been adapted from the other rambling complaints, compendia and purported expert reports that have

---

[5] It bears repeating that Morse has not paid a penny on his mortgage since 2011. (Delehey Declaration ¶ 5.) Morse does not deny this. Thus, he has been living at his home for free for all that time while he continues to proffer unsubstantiated claims against the Debtor Parties and others. Indeed, he also wants to be repaid the money he previously repaid on the mortgage. (Morse Claims at 3 of 7.)

[6] The Court will recall that Morse actually refused to supply his exhibits to the Trust, conduct that lead the Court to issue an order [Dkt. No. 6842] declining to consider them in connection with the Objection.

sf-3413122

flooded the country since the mortgage crisis in the wake of some legitimate complaints about lender practices.

6. In short, Morse has not met the pleading standard set forth in Rule 8(a)(2) and that is summarized by the Trust in the Objection:

> The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough detail to illuminate the nature of the claims and allow defendants to respond." Regis Techs., Inc. v. Oien (In re Oien), 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal quotation marks omitted). In other words each defendant must know what he is charged with. See, e.g., Forman v. Salzano (In re Norvergence, Inc.), 405 B.R. 709, 736-37 (Bankr. D.N.J. 2009) (complaint's setoff allegations inadequate because, among other things, it did not identify specific defendants with specific transactions).

(Objection 13.) Neither of the Debtor Parties can possibly know specifically what it is charged with.

7. For example, as to the fraud claims of one kind or another, the Debtor Parties still lack information regarding which of them made what allegedly false representation to Morse, alleged facts supporting an inference that the guilty party knew the representation was false and intended for Morse to rely on it, that he did rely on it and how his reliance caused him damage.

8. The breach of contract claims are equally deficient. Morse has yet to allege with sufficient specificity what contract was breached (let alone attach a copy of it), which of the Debtor Parties was a party to that contract, that he performed under the contract or why he was excused from performance, how the contract was breached, and how he was thereby damaged.

9. Morse also still does not allege facts indicating the necessary criminal violations and facts amounting to an enterprise involving either of the Debtor Parties to underwrite his alleged RICO claims.

10. Morse also wholly fails to address the Trust's legal arguments concerning Texas Business and Commercial Code § 27.01,[7] RICO, DPTA, MBLA, MBRRMLA or why he is entitled to an accounting remedy without the violation of an underlying substantive right.

### III.    CONCLUSION

Morse failed to plead a claim for relief, and he is no closer to doing so now than he was before the Trust filed the Objection and he filed the Response. Consequently, it is just as certain that he will *never* be able to plead a claim for relief. Therefore, the Morse Claims should be disallowed and expunged.

**WHEREFORE**, the Trust respectfully requests entry of an order, substantially in the form of Exhibit 2 to the Objection, disallowing and expunging the Morse Claims with prejudice.

---

[7] The closest he comes on this issue is complaining that the District Court ignored some kind of evidence he claims he submitted to it showing that he had purchased a title policy. (Response ¶ 59.) That evidence and document are not before this Court. More importantly, that statute does not apply to the purchase of title insurance any more than to a mortgage loan. Satterwhite v. Safeco Land Title of Tarrant, 853 S.W. 2d 202, 205 (Tex. App. 1993).

Dated: May 12, 2014
     New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

And

BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 521-8000
Facsimile:    (205) 521-8800
Hope T. Cannon
Preston Neel (*pro hac vice* pending)

*Litigation Counsel to the ResCap Borrower Claims Trust*