**Hearing Date: May 15, 2014 at 10:00 a .m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis

*Counsel for the ResCap Borrower Claims Trust*

BRADLEY ARANT BOULT
CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:    205.521.8521
Facsimile:    205.488.6521
John W. Smith T

*Special Litigation Counsel to the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,    ) | Chapter 11 |
| ) | |
| Debtors.             ) | Jointly Administered |
| ------------------------------------------------------------- ) | |

**RESCAP BORROWER CLAIMS TRUST'S REPLY TO CLAIMANT BARRY MACK'S**
**REPLY TO THE TRUST'S OBJECTION TO PROOF**
**OF CLAIM NO. 386 FILED BY BARRY AND CHERYL MACK**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

      The ResCap Borrower Claims Trust (the "Trust") hereby files this reply to Creditor Barry

Mack's Response to ResCap Borrower Claims Trust's Objection to Proof of Claim No. 386 Filed

by Barry and Cheryl Mack [Dkt. No. 6834] (the "Response") filed by claimant Barry Mack (the

Claimant") in response to the Borrower Claims Trust's Objection to Proof of Claim No. 386

Filed by Barry and Cheryl Mack [Dkt. No. 6763] (the "Objection").[1]

## BRIEF BACKGROUND

      1.      The Claim was filed as a general unsecured claim in the amount of

$32,850,000 against GMACM arising out of GMACM's mistaken commencement of foreclosure

proceedings in late August of 2008 against the Claimant and his late wife, Cheryl Mack,[2] on

behalf of the Bank.  GMACM had discovered its mistake within days and attempted to correct it

by immediately instructing its local counsel to dismiss the Action.  However, local counsel failed

to do so until December.  In the meantime, the Claimants had counter claimed against the Bank

alleging various torts and claims under RESPA.  After the Florida Court held an evidentiary

hearing on the counterclaims, at which the Bank was not present and was unrepresented, the

Claimants got a substantial money judgment against the Bank, including a damage award for

mental anguish.  Unaccountably, local counsel failed to inform the Bank of any of these

---

[1] Capitalized terms not defined in this reply have the meanings ascribed to them in the Objection.

[2] Unfortunately, Mrs. Mack died in October of 2013.  Claimant contends she died from renal failure arising in part
from an attempted suicide that Claimant says resulted from the commencement of the foreclosure proceedings.
Claimant's evidence for this is an unauthenticated December 2009 letter from her purported psychiatrist that states
that the foreclosure proceedings "exacerbated" the *preexisting* depression and alcoholism for which he had been
treating her.  (Response, Ex. E.)  Ms. Mack's death certificate lists as the causes of her death cirrhosis, renal failure,
congestive heart failure and neuropathy.  (Response, Ex. F, Section 38a, Part I.)  As tragic Ms. Mack's death is, the
reported causes of death and the psychiatrist's letter on their face raise serious doubts whether the commencement of
the foreclosure was its proximate cause.  And there is a substantial question whether a suicide is a foreseeable
consequence of a foreclosure action.  But if those questions must ever be addressed at all, they are for another day.

sf-3412691

developments.  Only much later did the Bank discover what had happened and seek to have the

judgment set aside.  After extensive proceedings, the Florida Court affirmed the judgment in all

respects except vacating the portion of the award that was based on an alleged RESPA violation,

ruling that the Claimants had no claim under RESPA.  The Claimants have collected on the

judgment, as modified by the Florida Court.  (Delehey Declaration, Ex. H.)

2.       The Claim asserts various theories against GMACM based on the events

underlying the claims it made against the Bank.  Based upon that fact, the Trust objected to the

Claim on the grounds of res judicata, collateral estoppel, estoppel by judgment; as well as failure

to state a claim under RESPA and violation of the applicable RESPA statutes of limitations.  In

the Response, the Claimant alleges that preclusion does not apply because he is asserting

different legal theories than the Claimants did in the Florida Action and because the relationship

between the Bank and GMACM is not close enough for preclusion to apply.  He also now

contends that he is suing under a RESPA provision with a longer limitations period that had not

run by the time the Debtors filed the Cases, but to do so he must make allegations that he not

only did not make in the Claim, but that conflict with allegations he *did* make in the Claim.   The

Claimant fails to address at all the Trust's estoppel by judgment and failure to state a RESPA

claim arguments.

3.       More importantly, preclusion is not based upon the precise legal theories

previously asserted, but on whether the nucleus of facts underlying the claims in the prior action

is the same as that underlying the new claims.  There can be no doubt in this instance that it *is* the

same nucleus of facts that underlies both the Florida Action and the Claim.  Moreover, the

claimant wholly misses the mark on the kind of relationship that must have obtained between the

sf-3412691

Bank and GMACM for preclusion to apply.  Accordingly, the Court should sustain the

Objection.

## PRECLUSION (OTHER THAN RESPA)[3]

### A.    Identity of the Thing Sued For

4.    One of the three elements of preclusion under Florida law is identity of the

thing sued for.  (Objection at 13.)

5.    The Claimant argues that this element is not met because they recovered

only economic damages in the Florida Action whereas they now seek "general" and "personal

injury" damages in the Claim.  (Response at 11.)

6.    But the relevant test is not what *kind* of money damages were sought (or

recovered) or what their measure may have been, but whether it is money damages or some other

kind of relief the plaintiff pursues in the two actions.  (*See* Objection at 14.)  This is, of course,

consistent with the preclusion doctrine's objective of avoiding multiple successive suits.

"[E]very justiciable controversy should be settled in one action . . . ."  *Gordon v. Gordon*,

59 So. 2d 40, 44 (Fla. 1952).  And in this instance, in both the Florida Action and the Claim the

object is money damages alone.

7.    Moreover, even if the distinction between economic damages and personal

injury damages were relevant, it is simply false that the Claimants "did not receive" personal

injury damages in the Florida Action.  The Final Judgment expressly awarded them a

considerable amount for mental anguish.  (Delehey Declaration, Ex. D at 2 ¶¶ 11, 13; 3 ¶ 1.)

---

[3] The Trust will deal with preclusion of the RESPA claims in a separate section below that deals with other grounds
for rejecting those claims.

sf-3412691

That this aspect of the Final Judgment was later vacated does not alter the fundamental fact that "general" (noneconomic) damages were among the relief for which the Claimants sued.

8.    Thus, on any analysis the two actions involve identity of the thing sued for.

**B.    Identity of the Causes of Action**

9.    A second element of preclusion that the Claimant contests is whether there is identity of causes of action.  (*Id.* at 13.)

10.    The Claimant contends that this component of preclusion is absent because the Claim asserts different legal theories than were advanced in the Florida Action. (Response at 12-13.)

11.    However, the test under Florida law is not identity of legal theories or labels, as the Claimant supposes, but whether claims arise out of the same nucleus of underlying facts:

> When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, *but also as to every other matter which the parties might have litigated and had determined within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject-matter of the litigation, whether the same, as a matter of fact, were or were not considered.* As to such matters a new suit on the same cause of action cannot be maintained between the same parties. This rule applies to every question falling within the purview of the original action, both in respect to matters of claim and defense, which could have been presented by the exercise of due diligence.

sf-3412691

*Hay v. Salisbury*, 109 So. 617, 621 (Fla. 1926) (citation omitted) (emphasis added).[4]  As with the "identity of thing sued for" test, this criterion serves the purpose of suppressing a needless multiplicity of actions.

12.    There can be no doubt that both the Florida Action and the Claim arise from GMACM's commencement of foreclosure and its alleged aftermath.  In the Florida Action, the Claimants chose, omitted or neglected to assert certain legal theories based on those facts in the Florida Action that they could (and should) have asserted then.  There are no facts explicit or implicit in the Claim that they could not by diligence have asserted in the Florida Action.  In short, there is no claim that they assert in the Claim that they could not have asserted in the Florida Action.  There is, therefore, the requisite identity of causes of action for preclusion to apply.

### C.    Identity of the Persons/Parties and Quality/Capacity

13.    Finally, the Claimant writes that that third and fourth elements of Florida preclusion doctrine, identity of the persons and parties to the actions and identity of the quality or capacity of the parties or person for or against whom the claims were made (see Objection 13), were not satisfied because the underlying transactional documents show that GMACM and the Bank were more like joint tort feasors than master and servant.  (Response 14-15.)  But this theory misses the point.  The issue is not labels ("joint tort feasors") but "identity of interests. "As the Trust wrote in the Objection:

> "[A] person may be bound by a judgment even though not a party
> if one of the parties to the suit is so closely aligned with his

---

[4] The Debtors mistakenly also cited to *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) for this point.  (Objection 15.)  However, that case applies federal preclusion law.  As the preceding discussion reflects, there is Florida authority for the same point.

sf-3412691

interests as to be his virtual representative." *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) (applying Florida law).

(Objection at 16.)  And as the Trust then observed:

> GMACM, of whose role the Claimants knew when they filed Counterclaims in the Florida Action, was, at all times, acting pursuant to its contractual obligations as servicer for the Bank. Moreover, as the Claim reflects, GMACM faced the same potential liability from claims by the Claimants as did the Bank.  That is, GMACM's interests were essentially identical to the Bank's regarding the consequences of the "nucleus of operative facts." Such an identity of interests creates an identity of the parties for purposes of *res judicata*.  *Massey v. David*, 831 S.2d 226, 233 (Fla. Dist. Ct. App. 2002).

(Objection at 16)

14.    Moreover, based upon the evidence presented by the Claimants themselves in the Florida Action (*see* Delehey Declaration, Ex. D (Final Judgment) at 1 (opening recital), the Florida Court specifically found that GMACM was the Bank's "agent" in its Final Order on Plaintiff's Motion to Set Aside Final Judgment and Set New Trial.  (Delehey Declaration, Ex. E at ¶ 2a(i).)  The Claimant is bound by this finding based upon his own evidence.  Thus, the interests of GMACM and the Bank were sufficiently intertwined.  Indeed, under Florida law a principal can be liable solely for the conduct of its agent.  *Life Ins. Co. of N. Am. v. Del Aguila*, 417 So. 2d 651, 652 (Fla. 1982) ("A principal is liable for the tortious conduct of his agent, even though not authorized, if the agent was acting within the scope of his employment or his apparent authority. *T. G. Bush Grocery Co. v. Conely*, 55 So. 867 (Fla. 1911); *Camp v. Hall*, 22 So. 792 (Fla. 1897); Restatement (Second) of Agency §§ 216, 219 (1957).")

15.    In any event, even were the Bank and GMACM joint tort feasors, Claimants' collection of the judgment against the Bank would bar his suing GMACM.

> Appellants recognize the well established principle of law that the satisfaction by a plaintiff of a judgment secured against one joint tort-feasor will discharge all other joint tort-feasors from liability

6

sf-3412691

and immunize them against subsequent claims by plaintiff arising
out the same cause of action.

*Gerardi v. Carlisle*, 232 So. 2d 36, 38 (Fla. App. 1969) (rule did not apply to case because

plaintiff had not yet collected on first judgment).

## RESPA CLAIMS

16.     In the Objection, the Trust argued that the Claim's RESPA claims are

barred by preclusion and by the relevant statutes of limitation.  (Objection 12-17 (res judicata

bars the Claim, including RESPA component, entirely).)[5]  The Trust also argued that the Claim

fails to state a claim under RESPA at all.  (Objection 19.)

17.     In the Response, the Claimant asserts that preclusion does not apply

because the RESPA claim in the Claim is against GMACM for GMACM's conduct, not the

Bank.  And the Claimant contends that he is not barred by the statues of limitations because, he

argues, the Claimants had until sometime in 2013 to file their claims under RESPA because they

are asserting a claim under a section of RESPA that has a three year limitations period rather

than under the sections that the Trust discussed in the Objection that have one year periods.

They do not, however, address the Trust's theory that the Claim fails to state a claim under

RESPA.

### A.    Preclusion

18.     As to the preclusion question, once again the Claimant misapprehends the

operation of preclusion under Florida law.  When the Claimants sued the Bank in the Florida

Action, they undeniably were suing for GMACM's conduct.  And the Claimants could have

---

[5] It is worth remembering that the Florida Court ultimately rejected the RESPA claims on the merits.  (*See* Delehey
Declaration, Ex. E at ¶ 3i; ¶ 2.)  But preclusion would apply regardless of whether the Claimants succeeded on their
RESPA claims.  It is not who won or lost, but what was claimed that is relevant to preclusion.

sf-3412691

made the RESPA claims they now assert they are making in that Florida Action trying to hold

the Bank liable for those actions of GMACM as well as for the actions of GMACM that they

spelled out in the Florida Action.  As noted in the Objection, the Claimants by their own

admission were aware of GMACM's involvement in the situation at the time and were in fact

communicating with GMACM.  (*See* Objection at 8 (carryover of ¶ 18).)  The Florida Action is

therefore every bit as much a preclusion as to the unstated claims as to the stated claims.

19.     Claimant in the Response also appears to argue that preclusion does not

apply because the RESPA claim he is now making (for the first time in the Response) under 12

U.S.C. § 2605(e) is for conduct by GMACM (failure to respond to inquiries) in which only

GMACM as servicer could have engaged rather than conduct by the Bank, so he could not have

brought those claims against the Bank.  The short answer to this is that *every* claim that the

Claimants brought against the Bank was for conduct by GMACM.  There is no reason that the

Claimants could not have sued the Bank for this conduct by GMACM, as well.

20.     The Claimant also appears to contend that this new § 2605(e) RESPA

claim was for events in October of 2009, after the Claimants filed the Counterclaim.[6]  The

implication is that he is not barred by preclusion from asserting § 2605(e) because the events

occurred after the Claimants filed the Counterclaim in the Florida Action.  But that does not

change the outcome.  The Claimants did not get the Judgment in the Florida Action until May 5,

2011.  (Delehey Declaration, Ex. D.)  And they did not get the Final Order following the Banks'

set-aside motion until February of 2013.  (Delehey Declaration, Ex. E.)  They therefore had

---

[6] See below for further detail on this new theory.

8

sf-3412691

ample opportunity to include the 2009 events in the Florida Action.  The preclusion doctrine and

its underlying policy of avoiding multiplying litigation are aimed at just such circumstances.

### B.    Failure to State a Claim

21.    Moreover, as noted above, the Response does not counter the Trust's

argument that the Claim fails to state a claim under RESPA.  This is yet another reason why the

RESPA claims must be disallowed.  And the new § 2605(e) claim flatly conflicts with the

Claimants' allegations in the Addendum to the Proof of Claim that reflect that GMACM *was*

responding to their inquiries, even if inaccurately.  As the Objection observed (Objection at 19),

"There is no allegation [in the Claim] . . . that GMACM failed to respond to a qualifying inquiry

under § 2605."[7]  In fact, quite the contrary is true.  (*See* Delehey Declaration, Ex. A (the Claim)

Addendum at 1 ("[They] were repeatedly told…that there was no foreclosure and that Deutsche

Bank had no interest in the loan.").)  There are allegations that GMACM's responses were faulty

in some way, but that is a very different matter.  The Claimant cannot state a claim now by such

contradictory allegations in the Response.

### C.    Statutes of Limitations

22.    Finally, as noted above, the Claimant now asserts that the RESPA claim is

not barred by a statute of limitations because he is asserting a claim under RESPA § 2605(e) for

failure to respond to an inquiry, for which the statute of limitations under RESPA § 2614 is 3

years from the event, not the one year limitations for violations of §§ 2607 and 2608.  But as just

noted, the Claimant's new RESPA theory conflicts with the Claim.  It is too late for the Claimant

to backtrack from saying GMACM did respond but in an unsatisfactory (to the Claimants) way

---

[7] Indeed, it is very likely that this passage in the Objection tipped the Claimant off on how to beat the Trust's statute of limitations arguments:  assert that the claim is under § 2605(e) with its longer limitations period.

to saying it did not respond at all when faced with the Debtors' limitations arguments in the

Objection.[8]

## **CONCLUSION**

WHEREFORE, the Trust respectfully requests entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem

proper.

Dated: May 12, 2014

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-and-

BRADLEY ARANT BOULT
CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:     205.521.8521
Facsimile:     205.488.6521
John W. Smith T

*Special Litigation Counsel to the ResCap
Borrower Claims Trust*

---

[8] For this reason, too, it is too late for the Claimants to assert that they state a claim under RESPA § 2605 when the Claim itself recites that GMACM *did* respond.

sf-3412691