Robert J. Feinstein, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36h Floor
New York, NY  10017
Telephone:  (212) 561-7700
Telecopy:  (212) 561-7777

Andrew Caine, Esq. (*pro hac vice* application pending)
Jeffrey P. Nolan, Esq. (*pro hac vice* application pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to the RESCAP Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |
| RESCAP LIQUIDATING TRUST, | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| TRANS UNION LLC, | |
| Defendants. | |

**COMPLAINT FOR AVOIDANCE AND
<u>RECOVERY OF PREFERENTIAL TRANSFERS</u>**

Plaintiff, the Rescap Liquidating Trust, by and through the duly authorized Liquidating Trust Manager, Quest Turnaround Advisors, LLC and its authorized officer, Jeffrey Brodsky (the "<u>Liquidating Trust</u>" or "<u>Plaintiff</u>"), by and through its undersigned counsel, submits this Complaint

for Avoidance and Recovery of Preferential Transfers (the "Complaint") against Trans Union LLC (the "Defendant"), its successors, assigns and ultimate transferees, and alleges as follows:

## NATURE OF THIS ACTION

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC (Case No. 12 12020-mg; Residential Funding Company, LLC (Case No. 12-12019-mg); Ditech, LLC (Case No. 12-12021-mg); DOA Holding Properties, LLC (Case No. 12-12022-mg); DOA Properties IX (Lots-Other), LLC (Case No. 12-12023-mg); EPRE LLC (Case No. 12-12024-mg); Equity Investment I, LLC (Case No. 12-12025-mg); ETS of Virginia, Inc. (Case No. 12-12026-mg); ETS of Washington, Inc. (Case No. 12-12027-mg); Executive Trustee Services, LLC (Case No. 12-12028-mg);  GMAC-RFC Holding Company, LLC (Case No. 12-12029-mg); GMAC Model Home Finance I, LLC (Case No. 12-12030-mg); GMAC Mortgage USA Corporation (Case No. 12-12031-mg); GMAC Mortgage, LLC (Case No. 12-12032-mg); GMAC Residential Holding Company, LLC (Case No. 12-12033-mg); GMAC RH Settlement Services, LLC (Case No. 12-12034-mg); GMACM Borrower LLC (Case No. 12-12035-mg); GMACM REO LLC (Case No. 12-12036-mg); GMACR Mortgage Products, LLC (Case No. 12-12037-mg); HFN REO Sub II, LLC (Case No. 12-12038-mg); Home Connects Lending Services, LLC (Case No. 12-12039-mg); Homecomings Financial Real Estate Holdings, LLC (Case No. 12-12040-mg); Homecomings Financial, LLC (Case No. 12-12042-mg); Ladue Associates, Inc. (Case No. 12-12043-mg); Passive Asset Transactions, LLC (Case No. 12-12044-mg); PATI A, LLC (Case No. 12-12045-mg); PATI B, LLC (Case No. 12-12046-mg); PATI Real Estate Holdings, LLC (Case No. 12-12047-mg); RAHI A, LLC (Case No. 12-12048-mg); RAHI B, LLC (Case No. 12-12049-mg); RAHI Real Estate Holdings, LLC (Case No. 12-12050-mg); RCSFJV2004, LLC (Case No. 12-12051-mg); Residential Accredit Loans, Inc. (Case No. 12-12052-mg); Residential

Asset Mortgage Products, Inc. (Case No. 12-12053-mg); Residential Asset Securities Corporation (Case No. 12-12054-mg); Residential Consumer Services of Alabama, LLC (Case No. 12-12055-mg); Residential Consumer Services of Ohio, LLC (Case No. 12-12056-mg); Residential Consumer Services of Texas, LLC (Case No. 12-12057-mg); Residential Consumer Services, LLC (Case No. 12-12058-mg); Residential Funding Mortgage Exchange, LLC (Case No. 12-12059-mg); Residential Funding Mortgage Securities I, Inc. (Case No. 12-12060-mg); Residential Funding Mortgage Securities II, Inc. (Case No. 12-12061-mg); Residential Funding Real Estate Holdings, LLC (Case No. 12-12062-mg); Residential Mortgage Real Estate Holdings, LLC (Case No. 12-12063-mg); RFC-GSAP Servicer Advance, LLC (Case No. 12-12064-mg); RFC Asset Holdings II, LLC (Case No. 12-12065-mg); RFC Asset Management, LLC (Case No. 12-12066-mg); RFC Borrower LLC (Case No. 12-12068-mg); RFC Construction Funding, LLC (Case No. 12-12069-mg); RFC REO LLC (Case No. 12-12070-mg); and RFC SFJV-2002, LLC (Case No. 12-12071-mg), each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). All of the afore-mentioned bankruptcy cases are referenced herein as the "Bankruptcy Case."

2.      Through this Complaint, Plaintiff seeks a money judgment resulting from and relating to all transfers made by Residential Capital, LLC and its above-identified affiliated debtor entities (collectively the "Debtors") during the 90 days before the Petition Date as particularly identified herein. In particular, the Complaint seeks the entry of a judgment in favor of the Plaintiff and against the Defendant avoiding the Transfers described below, and preserving and recovering the preferential transfers or their equivalent monetary value pursuant to sections 547 and 550 of the Bankruptcy Code.

3

## THE PARTIES

3. Plaintiff, the Rescap Liquidating Trust, is the duly appointed successor in interest to the Debtors created pursuant to the terms of the *Revised Second Amended Joint Chapter 11 Plan Proposed By Residential Capital, et al. and the Official Committee of Unsecured Creditors* and exhibits in support thereof, filed in the Bankruptcy Case on December 6, 2013 [Docket No. 6030] (the "Plan") and confirmed by the Bankruptcy Court on December 11, 2013 (the "Confirmation Order") [Docket No. 6065], which Plan became effective on December 17, 2013 [Docket No. 6137] (the "Plan Effective Date").

4. The Plan and Confirmation Order provide for the Liquidating Trust to be established to effectuate the Plan and for all available assets to be vested in the Liquidating Trust upon the Effective Date. The Liquidating Trust is authorized to object to, settle, and otherwise resolve all disputed claims, and to make applicable distributions under the Plan including for the preservation and transfer to the Liquidating Trust of all avoidance actions, including the claims asserted herein, and to institute, prosecute, settle, and otherwise resolve those claims and to distribute their proceeds to the beneficiaries of the Liquidating Trust in accordance with the Plan and Liquidating Trust Agreement;

5. Plaintiff is informed and believes and thereon asserts that Defendant is a corporation formed under the laws of the state of Delaware.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and § 1334(a) and this is a core proceeding pursuant to 28 U.S.C. § 157.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

8.   The statutory predicates for the relief requested herein are sections 547 and 550 of the Bankruptcy Code and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND FACTS

9.   Prior to the Petition Date, the Debtors operated the fifth largest servicing business of residential mortgage loans in the United States.  In addition, the Debtors were a leading residential real estate finance company and the tenth largest mortgage origination and servicing business in the United States.  The Debtors in these proceedings include Residential Capital, LLC ("ResCap") and its subsidiaries and affiliates, ResCap was the direct or indirect parent or owner of all of the affiliate debtors and owned 100 percent of the ownership interests in each affiliate.  The Debtors were a subsidiary of non-debtor Allied Financial, Inc.

10.   The Debtors, together with their non-debtor subsidiaries, managed their business of origination, servicing, brokering, selling and securitizing residential mortgage loans; and servicing residential mortgage loans throughout the United States for the Debtors, Ally Bank, and other investors in residential mortgage loans and mortgage backed securities. Primary servicing obligations were performed through GMAC Mortgage and its master servicing business performed through Residential Funding Company LLC.  The Debtors maintained other accounts to facilitate the operational activity of their origination and servicing platforms.  Following 2008, mortgage loan servicing has been the Debtors' main source of ongoing revenue.

11.   In the course of its business operations prior to the Petition Date, one or more of the Debtors obtained credit report, servicing and monitoring from Defendant, as a result of which Defendant was a creditor of the Debtors.  Plaintiff is informed and believes and thereon asserts that Defendant sold the Debtors' services and/or products which allowed the Debtors to operate their consumer lending business, internet and telephone based call centers, or network of loan offices

5

such that Debtors could originate, service, or subservice loans activities or their subsequent sale or securitization, as more specifically described in the invoices and payments made by the respective Debtor entity set forth in particular on Exhibit "A" hereto.

### FIRST CLAIM FOR RELIEF
### (Avoidable Transfers -- 11 U.S.C. § 547)

12.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

13.     Within 90 days prior to the Petition Date, the Debtor(s) identified on **Exhibit "A"** hereto transferred funds (the "Transfers") to the Defendant in payment for previously ordered products and/or services in connection with the Debtors' operation of their business, in the total amount of not less than $**56,979.23**, and as specifically identified on **Exhibit "A"** attached hereto (the "Transfers").

14.     Each of the Transfers was made to the Defendant as a creditor of the Debtors making the Transfers in exchange for products and/or services rendered and/or provided by the Defendant to the Debtors, and as typically referenced in an invoice and/or purchase order exchanged between the parties.

15.     Each of the Transfers was made on account of an antecedent debt or debts owed by the Debtor to the Defendant before each such Transfer was made, as asserted by the Defendant and memorialized in the invoices identified in **Exhibit A**, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtors.

16.     Each of the Transfers was made while the Debtors were insolvent, as the debts and obligations of the Debtors well exceeded the value of their assets.

17. Unsecured non-priority creditors will not receive payment in full on their claims in this case. Thus, each of the Transfers to the Defendant enabled the Defendant to receive more than it would have received if: (i) the Debtors' case was a case under chapter 7 of the Bankruptcy Code; (ii) if the Transfers had not been made; and (iii) the Defendant received payment on the debt to the extent provided by the Bankruptcy Code, as evidenced by the liquidation analysis set forth in Exhibit 8 to the Disclosure Statement.

18. Based upon the foregoing, Plaintiff is entitled to an order and judgment against the Defendant under section 547 of the Bankruptcy Code that each of the Transfers is avoided.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property – 11 U.S.C. § 550)**

19. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint, as though set forth fully herein.

20. The Defendant is the initial transferee of each of the Transfers, or the immediate or mediate transferee of such initial transferee.

21. The Defendant had dominion and control over each of the Transfers and had a legal right to use the proceeds of such Transfers for its own purposes.

22. As alleged above, Plaintiff is entitled to avoid each of the Transfers under section 547 of the Bankruptcy Code. As the Defendant is the initial, immediate or mediate transferee of each of the Transfers, Plaintiff is entitled to recover for the Trust the proceeds or value of the Transfers under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i) For a determination that each of the Transfers is avoidable as a preferential transfer pursuant to section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover each of the Transfers or the value thereof;

    (ii)  For judgment in favor of Plaintiff and against Defendant determining that Plaintiff is entitled to recover the Transfers for the benefit of the Trust, pursuant to section 550 of the Bankruptcy Code;

    (iii)  Awarding prejudgment interest to Plaintiff from the date of notice of the claim therefor;

    (iv)  Awarding to Plaintiff the costs of suit incurred herein; and

    (v)  For such other and further relief as the Court may deem just and proper.

Dated: May 9, 2014        PACHULSKI STANG ZIEHL & JONES LLP

              /s/ Beth E. Levine
              Robert J. Feinstein
              Beth E. Levine
              780 Third Avenue, 36th Floor
              New York, NY 10017
              Telephone: (212) 561-7700
              Facsimile: (212) 561-7777

              Andrew W. Caine (*pro hac vice* pending)
              Jeffrey P. Nolan (*pro hac vice* pending)
              10100 Santa Monica Blvd., 13th Floor
              Los Angeles, California 90067
              Telephone: (310) 277-6910
              Facsimile: (310) 201-0760

              *Counsel for Plaintiff, the Rescap Liquidating Trust and the duly authorized Liquidating Trust Manager, Quest Turnaround Advisors, LLC*

# EXHIBIT "A"

DOCS_LA:277718.2 73837/001

|   | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Debtor | Vendor ID | Vendor Name | Invoice Number | Invoice Date | Paid | Check/Wire/A CH # | Payment Method | Bank Clear Date |
| 2 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 09154692 | 2011-09-25 | 102.73 | 005024 | CHK | 2012-03-08 |
| 3 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 10154703 | 2011-10-25 | 94.14 | 005024 | CHK | 2012-03-08 |
| 4 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 12153197 | 2011-12-25 | 114.29 | 004671 | CHK | 2012-03-01 |
| 5 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 12123621 | 2011-12-27 | 458.30 | 004120 | CHK | 2012-02-16 |
| 6 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 01248855 | 2012-01-25 | 256.81 | 004376 | CHK | 2012-02-23 |
| 7 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 01262996 | 2012-01-25 | 20,710.74 | 006352 | CHK | 2012-04-05 |
| 8 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 01223630 | 2012-01-30 | 447.23 | 005390 | CHK | 2012-03-15 |
| 9 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 01253538 | 2012-01-30 | 98.65 | 006064 | CHK | 2012-03-29 |
| 10 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 02249657 | 2012-02-25 | 265.22 | 006064 | CHK | 2012-03-29 |
| 11 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 02223895 | 2012-02-25 | 344.60 | 006064 | CHK | 2012-03-29 |
| 12 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 02264079 | 2012-02-25 | 17,658.54 | 006352 | CHK | 2012-04-05 |
| 13 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 02254475 | 2012-02-27 | 74.95 | 006169 | CHK | 2012-03-29 |
| 14 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 03263539 | 2012-03-25 | 15,777.84 | 006974 | CHK | 2012-04-26 |
| 15 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 03223498 | 2012-03-25 | 281.46 | 007600 | CHK | 2012-05-10 |
| 16 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 03249168 | 2012-03-25 | 201.25 | 007600 | CHK | 2012-05-10 |
| 17 | GMAC Mortgage, LLC | 2000020336 | TRANS UNION | 03253922 | 2012-03-25 | 92.48 | 007600 | CHK | 2012-05-10 |
| 18 | | | | | | 56,979.23 | | | |
| 19 | | | | | | | | | |

EXHIBIT A