# Exhibit A

# Client Contract

**GMAC RFC**

This Client Contract (as amended from time to time, the "Contract") between Residential Funding Corporation ("GMAC-RFC") and _Encore Bank_ (the "Client") is dated as of _Sept. 12_, 20 _02_.

Client desires to sell residential mortgage loans ("Loans") to, and/or service Loans for, GMAC-RFC, and GMAC-RFC desires to purchase Loans from, and/or have Client service Loans for, GMAC-RFC pursuant to the terms and conditions of this Contract and the applicable Guides (as Guides is defined below).

In consideration of the above premises, and of the mutual agreements set forth below, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Client and GMAC-RFC agree as follows:

1. **Guides.** GMAC-RFC has approved Client to sell Loans to, and/or service Loans for GMAC-RFC, under the Guide(s) checked below, which Guide(s) are incorporated by reference into this Contract (as amended from time to time, the "Guides").

| STATUS | APPLICABLE GUIDES |
|---|---|
| ☑ Client Only | ☑ Client Guide |
| ☐ Servicer Only | ☐ Servicer Guide |
| ☐ Client and Servicer | |

Upon the execution by GMAC-RFC and Client and delivery of an addendum to this Contract, GMAC-RFC may in the exercise of its sole discretion approve Client to sell Loans to, and/or service Loans for, GMAC-RFC under other Guides than those checked above. All capitalized terms used in this Contract and not otherwise defined shall have the meanings set forth in the applicable Guides.

2. **Commitment Letters.** Pursuant to the applicable Guides' terms, GMAC-RFC may offer to enter into one or more Commitment Letters with Client. By executing a Commitment Letter and delivering it to GMAC-RFC, Client agrees to abide by its terms and conditions, which terms and conditions constitute a material part of this Contract, as if set forth expressly herein.

3. **Amendments and Governing Contract.** This Contract and any Commitment Letter may only be amended in writing signed by both parties. The Guides may be amended only as set forth in the applicable Guide. In the case of any inconsistency between this Contract and the applicable Guide, this Contract's terms and conditions shall control. In the case of any inconsistency between either: (i) this Contract and any Commitment Letter; or (ii) the applicable Guide and any Commitment Letter, the Commitment Letter's terms and conditions shall control.

4. **Representations and Warranties.** Client hereby makes to GMAC-RFC all of Client's representations and warranties set forth in the applicable Guides. Client also hereby covenants to GMAC-RFC that Client shall continue to comply with all of Client's covenants and obligations set forth in the applicable Guides, each Commitment Letter, and/or this Contract. Pursuant to the terms of the applicable Guides, GMAC-RFC's rights and remedies with respect to any breach of the above-referenced Client representations, warranties, and covenants will survive delivery and Funding of any Loan and the termination or suspension of this Contract, any Commitment Letter, any other program documents, or the applicable Guides.

5. **Board of Directors Resolution.** Along with the execution of this Contract, Client shall delivery to GMAC-RFC the certified resolution of its Board of Directors authorizing this Contract's execution and delivery.

6. **GMAC-RFC's Remedies.** If an event of default shall occur, GMAC-RFC may exercise, at its option, one or more of the remedies set forth in the applicable Guides.

7. **Suspension and Termination.** This Contract, other program documents, Commitment Letters, and any applicable Guides may be suspended or terminated as set forth in the applicable Guides.

8. **Client's Status as Independent Contractor.** At no time shall Client represent that it is acting as GMAC-RFC's agent. Client shall act, at all times, as an independent contractor.

9. **Prior Agreements Superseded.** This Contract restates, amends and supersedes any and all prior Contracts or agreements between the parties except that any subservicing agreement executed by Client in connection with any loan-security exchange transaction shall not be affected.

10. **Assignment.** Client may not assign or transfer this Contract, in whole or in part, without GMAC-RFC's prior written consent. GMAC-RFC may sell, assign, convey, hypothecate, pledge, or in any other way transfer, in whole or in part, without restriction, its rights under this Contract and the applicable Guides with respect to any Commitment or Loan.

11. **Notices.** All notices, requests, demands or other communications that are to be given under this Contract shall, if to GMAC-RFC be as set forth in the applicable Guides and if to Client to the addresses and facsimile numbers specified in as set forth below.

_Encore bank_
_1220 Augusta_
_Houston Tx 77057_

Attention: _John A. Fields_

Facsimile Number: _713 267-7787_

12. **Jurisdiction and Venue.** The parties submit to the jurisdiction of any state or federal court located in Hennepin County, Minnesota, and the parties irrevocably agree that all claims may be heard or determined in such state or federal court. The parties waive the defense of an inconvenient forum and any other substantive or procedural rights or remedies it may have in any other forum. The parties agree that a final judgment in any action between the parties shall be conclusive and may be enforced in any other jurisdiction than that set forth above. The parties further agree not to institute any legal actions or proceedings against the other party, or any director, officer, employee, attorney, agent or property of the other party, arising out of or relating to this Contract in any court other than as specified in this paragraph.

13. **Miscellaneous.** This Contract, including all documents incorporated by reference, constitutes the entire understanding between the parties and supersedes all other agreements, covenants, representations, warranties, understandings and communications between the parties, whether written or oral, with respect to the transactions contemplated by this Contract. All paragraph headings contained herein are for convenience only and shall not be construed as part of this Contract. Any Contract provision that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining portions hereof or affecting the validity or enforceability of such provision in any other jurisdiction, and, to this end, the provisions hereof are severable. This Contract shall be governed by, and construed and enforced in accordance with, applicable federal laws and the laws of the State of Minnesota. This Contract may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and either of the parties may execute this Contract by signing any such counterpart.

IN WITNESS WHEREOF, Client's and GMAC-RFC's duly authorized officers have executed this Contract as of the date first written above.

CLIENT: _Encore Bank_
By: _[signature]_
(Signature)
Name: _John A. Fields_
(Typed or Printed)
Title: _SVP Chief Credit Officer_

RESIDENTIAL FUNDING CORPORATION
By: _[signature]_
(Signature)
Name: _Dassin George_
(Typed or Printed)
Title: _Director_

# Amendment to Client Contract

This Amendment is dated October 23, 2002, and amends that certain Client Contract between Residential Funding Corporation ("GMAC-RFC") and Encore Bank ("Client") dated as of September 12, 2002 ("Client Contract").

1.  All terms and conditions as set forth in the Client Contract and the GMAC-RFC Client Guide ("Client Guide") shall remain in full force and effect unless specifically changed, altered or modified by this Amendment.

2.  The Client Contract is amended as follows:

    a.  No Negative Amortization. No first lien loan ahead of a closed end second lien Loan has negative amortization.

    b.  Client's Remedies. In the event of a breach of the Client Contract by GMAC-RFC, Client may exercise its rights and remedies at law.

    c.  Waiver of Punitive, Consequential, Special or Indirect Damages. Client and GMAC-RFC (each, for the purpose of this paragraph a "Party") each waive any right it may have to seek punitive, consequential, special or indirect damages from the other Party or any of the other Party's affiliates, officers, directors, employees or agents with respect to any and all issues presented in any action, proceeding, claim or counterclaim brought by one Party against the other Party or any of the other Party's affiliates, officers, directors, employees or agents with respect to any matter arising out of or in connection with the Client Contract or the Client Guide. This waiver of the right to seek punitive, consequential, special or indirect damages is knowingly and voluntarily given by GMAC-RFC and Client, and, except as set out in the last sentence of this paragraph, is intended to encompass each instance and each issue for which the right to seek punitive, consequential, special or indirect damages would otherwise apply. GMAC-RFC and Client are each authorized and directed to submit this Amendment to any court having jurisdiction over the subject matter and the Parties to this Amendment as conclusive evidence of this waiver of the right to seek punitive, consequential, special or indirect damages. Notwithstanding the foregoing, this waiver does not in any way affect or limit Client's obligations pursuant to the Client Contract to indemnify GMAC-RFC for damages, including punitive, consequential, special or indirect damages, assessed against GMAC-RFC in an action brought by a Borrower.

    d.  Securities Law. The section of the Client Guide, Chapter A200, entitled "*Securities Law*", is deleted in its entirety. The section that is deleted reads: *The Client represents that the Loans are not "securities" under any federal or State securities laws or any rules or regulation thereunder and that the transactions contemplated by the Guide do not require registration under, and are not subject to, any federal or State securities laws or any rules or regulations thereunder.*

    e.  Loan Securitization. The section of the Client Guide, Chapter A202, entitled "*Loan Securitization*" is modified by adding the word *reasonable* prior to the words *reliance upon such misstatement or omission*, so that the phrase as modified reads as follows: *or from any claim, demand, defense or assertion against or involving GMAC-RFC based on or grounded upon, or resulting from such misstatement or omission or a breach of any representation, warranty or obligation made by GMAR-RFC in reasonable reliance upon such misstatement or omission.*

f. No Adverse Circumstances. The section of the Client Guide, Chapter A202, entitled "*No Adverse Circumstances*" is modified by deleting the following phrase in its entirety: *(i) cause private institutional investors to regard the Loan as an unacceptable investment.*

g. Proof of Compliance. Chapter A205 of the Client Guide entitled *Proof of Compliance* is modified by deleting the word *all* in numbered paragraphs 1 and 2 and replacing it with the word *specific*. As modified, numbered paragraphs 1 and 2 read: *(1) Compliance with specific representations and warranties contained in the Client Guide, and (2) Compliance with specific local, State and federal laws, rules and regulations.*

h. Repurchase Obligations. The Section of the Client Guide, Chapter A221, entitled Repurchase Obligations is amended as follows: The first line of the section is amended by deleting the words *GMAC-RFC determines that.* As modified, the affected phrase reads *If an Event of Default has occurred with respect to a specific Loan, . . .*

i. Return of Loan Files. If Client repurchases a Loan, GMAC-RFC will return the Credit Documents and the Legal Documents (unless the original of any document is at a filing office) within a reasonable time. GMAC-RFC may retain copies of all documents.

3.  Termination: This Amendment terminates automatically one year from the date first written above. Termination does not affect Client's or GMAC-RFC's rights or obligations with respect to Loans sold to GMAC-RFC under the terms of this Amendment.

4.  Any capitalized term used in this Amendment that is not otherwise defined herein shall have the meaning set forth in the Client Guide.

IN WITNESS WHEREOF, Client's and GMAC-RFC's duly authorized officers have executed this Amendment as of the date first written above.

ENCORE BANK  
By: *[signature]*  
Name: JOHN A. FIELDS  
(Typed or Printed)  
Title: SENIOR V.P.

RESIDENTIAL FUNDING CORPORATION  
By: *[signature]*  
Name: Darrin George  
(Typed or Printed)  
Title: Director

## Second Amendment to Client Contract

This Second Amendment is dated October 24, 2003, and amends that certain Client Contract between Residential Funding Corporation ("GMAC-RFC") and Encore Bank ("Client") dated as of September 12, 2002 ("Client Contract").

WHEREAS, on October 23, 2002, GMAC-RFC and Client entered into that certain Amendment to Client Contract;

WHEREAS, the Amendment to Client Contract expires on August 31, 2004 ;

WHEREAS, GMAC-RFC and Client desire to extend the effectiveness of the Amendment until one year from the date on which this Second Amendment is executed.

NOW, THEREFORE, the parties hereto agree as follows:

1. All terms and conditions as set forth in the Client Contract and the GMAC-RFC Client Guide ("Client Guide"), as modified or amended, shall remain in full force and effect unless specifically changed, altered or modified by this Amendment.

2. The Amendment is extended, and will remain in full force and effect, for a period of one year from the date on which this Second Amendment is executed, at which point it will automatically expire.

3. Any capitalized term used in this Second Amendment that is not otherwise defined herein shall have the meaning set forth in the Client Guide.

IN WITNESS WHEREOF, Client's and GMAC-RFC's duly authorized officers have executed this Second Amendment as of the date first written above.

ENCORE BANK
By: _____
Name: JOHN A. FIELDS
(Typed or Printed)
Title: Executive V.P.

RESIDENTIAL FUNDING CORPORATION
By: _____
Name: _____
(Typed or Printed)
Title: _____

# Third Amendment to Client Contract

This Third Amendment is dated August 31, 2004, and amends that certain Client Contract between Residential Funding Corporation ("GMAC-RFC") and Encore Bank ("Client") dated as of September 12, 2002 ("Client Contract").

WHEREAS, on October 24, 2003 GMAC-RFC and Client entered into that certain Second Amendment to Client Contract;

WHEREAS, the Second Amendment to Client Contract expires on August 31, 2004;

WHEREAS, GMAC-RFC and Client desire to extend the effectiveness of the Second Amendment until one year from the date on which this Third Amendment is executed.

NOW, THEREFORE, the parties hereto agree as follows:

1. All terms and conditions as set forth in the Client Contract and the GMAC-RFC Client Guide ("Client Guide"), as modified or amended, shall remain in full force and effect unless specifically changed, altered or modified by this Third Amendment.

2. The Second Amendment is extended, and will remain in full force and effect, for a period of one year from the date on which this Third Amendment is executed, at which point it will automatically expire.

3. Any capitalized term used in this Third Amendment that is not otherwise defined herein shall have the meaning set forth in the Client Guide.

IN WITNESS WHEREOF, Client's and GMAC-RFC's duly authorized officers have executed this Third Amendment as of the date first written above.

ENCORE BANK  
By: _[signature]_  
Name: JOHN A. FIELDS  
(Typed or Printed)  
Title: E.V.P.

RESIDENTIAL FUNDING CORPORATION  
By: _[signature]_  
Name: Darrin George  
(Typed or Printed)  
Title: Director