# KRAMER LEVIN NAFTALIS & FRANKEL LLP

DOUGLAS H. MANNAL
PARTNER
PHONE 212-715-9313
FAX 212-715-8000
DMANNAL@KRAMERLEVIN.COM

May 19, 2014

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    In re Residential Capital, LLC, *et al.*, Case No. 12-12020 (MG)

Dear Judge Glenn:

    I am writing as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to the debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**"), in connection with the Court's *Memorandum Opinion and Order Granting Citibank's Motion for Default Interest and Counsel Fees and Expenses* [Docket No. 6811] (the "**Opinion**") granting the motion of Citibank, N.A. ("**Citibank**") for payment of post-petition interest and legal fees and expenses in connection with the Debtors' prepetition MSR financing facility with Citibank (the "**MSR Facility**").

    In accordance with the Opinion, the parties conferred, but were unable to agree on the amount of Citibank's post-petition interest and reasonable legal fees and expenses, or on the form of final judgment. The Liquidating Trust is submitting this letter as directed by the Court to state its position as to the proper calculation of post-petition interest and legal fees and expenses in accordance with the Opinion. Attached to this letter is the Liquidating Trust's proposed form of final judgment.

### I. Post-petition Interest

    The Court determined in the Opinion that Citibank was entitled to post-petition interest at the contractual default rate "for the period beginning on June 1, 2012 until the loan *was repaid in full*." Opinion at 17 (emphasis added); *see also id.* ("For the reasons explained above, the Court concludes that Citibank is entitled to recover interest at the contract default rate for the period after the Loan Facility matured *and when it was paid*.") (emphasis added).

    Contrary to the plain meaning of the Opinion, Citibank now seeks payment of interest at the default rate, or 12.5%, on the unpaid default interest, in addition to post-petition default interest. However, the Court clearly determined that, as a matter of equity, Citibank was only entitled to default interest for the period between the stated maturity date (June 1, 2012) and the date the loan was repaid (January 31, 2013).

    Citibank appears to be misinterpreting the phrase "repaid in full," as such phrase is used in the Opinion, to mean the date on which Citibank ultimately receives payment of the default interest. However, the phrase "repaid in full" simply distinguishes (x) the initial pay down of $124 million Citibank received in connection with Amendment Ten in March 2012 from (y) the

May 19, 2014
Page 2

Debtors' complete repayment of the entire outstanding balance of the MSR Facility on January 31, 2013. *See* Opinion at 5. In addition, Citibank's reading of "repaid in full" ignores the Court's use of the past tense when describing the end date of the post-petition interest calculation. *See* Opinion at 17 ("until the loan *was* repaid in full;" "when it *was* paid.") (emphasis added). Contrary to Citibank's assertion, the Court did not determine that, as a matter of equity, Citibank was entitled to default interest beyond the date on which it was repaid.

For the reasons stated above, the Court's decision entitles Citibank to payment of default interest from June 1, 2012 through and including January 31, 2013, in the amount of $4,120,888.89.

## II. Legal Fees

The Court's instruction to the Liquidating Trust to pay Citibank's reasonable fees and expenses does not include fees and expenses incurred following the effective date. Nor could it, as the law in this Circuit and others is clear that such fees and expenses are not recoverable under section 506(b) of the Bankruptcy Code. *See, e.g., Key Bank N.A. v. Milham (In re Milham)*, 141 F.3d 420, 423-25 (2d Cir. N.Y. 1998) (holding interest accrues and is payable to an over-secured creditor under section 506(b) only through the date of confirmation) (citing *Rake v. Wade*, 508 U.S. 464 (1993)); *see also In re 900 Corp.*, 327 B.R. 585, 600 (Bankr. N.D. Tex. 2005) (holding secured creditor could not recover post-effective date fees under section 506(b) because its liens were released under plan).

The confirmed chapter 11 plan (the "**Plan**") does not provide for the payment of post-effective date fees and expenses. Article III.D.1(b)(ii) of the Plan provides that Citibank, as a holder of Other Secured Claims, shall receive "payment in full in Cash, including any interest, at the non-default rate (or such other rate as may be ordered by the Court), required to be paid pursuant to section 506(b) of the Bankruptcy Code."[1] Thus, the treatment of Citibank's claim for its fees and expenses is governed by section 506(b), which only contemplates payment for periods prior to the effective date. *See Milham*, 141 F.3d at 423-25; *900 Corp.*, 327 B.R. at 600. Moreover, because all prepetition liens and encumbrances, including those held by Citibank, were released under the Plan, following the effective date Citibank is no longer a secured creditor entitled to fees and expenses. *See* Plan, Art. IX.B.

In its motion, Citibank failed to provide information sufficient to allow the Liquidating Trust to determine the fees and expenses for which Citibank was seeking payment. *See* Objection at ¶ 25. When the Liquidating Trust raised the issue in its objection, Citibank shared its unpaid pre-effective date invoices through September 2013 only. *See* Citibank Reply, Ex. A. Several weeks later, Citibank subsequently provided copies of post-effective date invoices as part of the stipulated facts – long after the parties had fully briefed the issues. The parties continue to dispute the amount of reasonable fees and expenses, and the Liquidating Trust is prepared to fully brief the issue of post-effective date fees and expenses, to the extent doing so would be helpful to the Court.

Citibank failed to provide the Liquidating Trust with a breakdown of its fees and expenses ending on December 17, 2013, and therefore the Liquidating Trust has been unable to calculate the reasonable amount of Citibank's reasonable fees and expenses.

---

[1] While Citibank may have been treated as "unimpaired" for voting purposes, the treatment of its claim, including its entitlement to post-effective date interest, fees, and expenses, is governed by Article III.D.1(b)(ii) of the Plan.

May 19, 2014
Page 3

                                                Respectfully submitted,

                                                Douglas H. Mannal

cc:    Kenneth H. Eckstein, Esq.
        Fredric Sosnick, Esq.
        William J.F. Roll, III, Esq.
        Edmund M. Emrich, Esq.

**Proposed Form of Final Judgment**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

### JUDGMENT (I) DETERMINING THAT CITIBANK IS ENTITLED TO POST-PETITION INTEREST ON ITS OVERSECURED MSR FACILITY CLAIMS AT THE CONTRACTUAL DEFAULT RATE, AND (II) DIRECTING DEBTORS TO PAY SUCH INTEREST AS WELL AS CITIBANK'S DUE AND UNPAID COUNSEL FEES AND EXPENSES

Upon (a) the *Motion of Citibank, N.A. for an Order (I) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay Such Interest as Well as Citibank's Due and Unpaid Counsel Fees and Expenses*, dated December 23, 2013 (the "**Motion**") [Docket No. 6174], (b) the *Objection of the Liquidating Trust to Motion of Citibank, N.A. for an Order (I) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (II) Directing Debtors to Pay such Interest as Well as Citibank's Due and Unpaid Counsel Fees and Expenses*, dated January 15, 2014 (the "**Objection**") [Docket No. 6276], (c) the *Reply of Citibank to Liquidating Trust's Objection to Citibank's Motion for an Order (III) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate, and (ii) Directing Debtors to Pay such Interest as Well as Citibank's Due and Unpaid Counsel Fees and Expenses*, dated January 24, 2014 (the "**Citibank Reply**") [Docket No. 6352], (d) the *Stipulated Facts in Connection with the Motion of Citibank, N.A. for an Order (I) Determining that it is Entitled to Post-Petition Interest on its Oversecured MSR Facility Claims at the Contractual Default Rate,*

*and (II) Directing Debtors to Pay Such Interest as Well as Citibank's Due and Unpaid Counsel Fees and Expenses*, dated March 17, 2014 (the "**Stipulated Facts**") [Docket No. 6658]; and the Court having considered the Motion, the Objection, the Citibank Reply, the Stipulated Facts and the record of the hearing held before the Court on March 26, 2014 (the "**Hearing**") and having rendered its *Memorandum Opinion and Order Granting Citibank's Motion for Default Interest and Counsel Fees and Expenses*, dated April 22, 2014 (the "**Opinion and Order**");

**THE COURT HEREBY FINDS, ADJUDGES AND DECREES** as follows:

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of this proceeding in this district is proper pursuant to 28 U.S.C. § 1409.

2. In accordance with the terms of the Opinion and Order, Citibank, N.A. ("**Citibank**"), as an oversecured creditor, is entitled under section 506(b) of the Bankruptcy Code to receive, and the Liquidating Trust, on behalf of the estates of the above-captioned debtors, is directed to pay or cause to be paid to Citibank in cash within ten (10) business days following the entry of this Judgment, post-petition interest at the contractual default rate specified in the Prepetition MSR Credit Documents (as defined in the Motion) from the period covering June 1, 2012 through and including January 31, 2013 (which the parties agree is in the amount of $4,120,888.89), as well as Citibank's unpaid legal fees and expenses through the effective date of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] confirmed by Order of the Court on December 11, 2013 [Docket No. 6065]) (which the parties agree is in the collective amounts of [$_____] and [$_____] respectively).[1]

---

[1] The amount of Citibank's reasonable legal fees and expenses cannot be calculated until Citibank provides the Liquidating Trust with the information requested regarding such amounts.

- 3 -

Dated:  New York, New York
       May ___, 2014

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE