# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

May 19, 2014

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, 5th Floor
New York, NY 10004-1408

Re: *In re Residential Capital, LLC, et al.*, Bankruptcy Case No. 12-12020 (MG),
**Proposed Judgment re Citibank's Motion for Default Interest**

Dear Judge Glenn:

We represent Citibank, N.A. in the above-captioned case. In accordance with the Court's Memorandum Opinion and Order Granting Citibank's Motion for Default Interest and Counsel Fees and Expenses, dated April 22, 2014 (the "**Opinion**") [Docket No. 6811], we and counsel for the Liquidating Trust conferred in an attempt to agree on a form of Judgment for presentment to the Court. The parties could not reach agreement, and, therefore, we submit this letter outlining the areas of disagreement. In addition, accompanying this letter is Citibank's proposed form of Judgment, which we believe to be fully consistent with the Court's ruling.

The areas of disagreement between the parties are as follows:

- **Duration of Postpetition Interest Period**: The Opinion grants Citibank's request for postpetition interest at the contractual default rate "for the period beginning on June 1, 2012 until the loan was repaid in full." Opinion at 17. Although we believe that the loan will not be repaid in full until all default interest is paid, the Liquidating Trust takes the position that the operative language from the Opinion means that postpetition interest stopped running when the principal balance of the loan and accrued non-default interest were paid to Citibank on January 31, 2013. The Liquidating Trust's position runs counter to the Opinion, which specifically discusses the accrual of postpetition interest following the repayment of principal (Opinion at 6), but never suggests that interest after that point was being disallowed. Our position also is supported by the terms of the credit agreement and usual and customary finance principles, which provide that a loan is not "repaid in full" unless all principal and interest (including default interest) obligations have been satisfied. In addition, as a technical matter, we believe the reference to June 1, 2012 in the Opinion actually should be to May 31, 2012 (the day after the loan matured on May 30, 2012), and we included that day's interest in the figure set forth in the proposed Judgment.

ABU DHABI | BEIJING | BRUSSELS | FRANKFURT | HONG KONG | LONDON | MILAN | NEW YORK | PALO ALTO
PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

- **Duration of the Period for Which Legal Fees and Expenses Were Awarded**: The Opinion grants Citibank's request for legal fees and expenses, subject only to the Liquidating Trust's review of invoices for reasonableness of such fees and expenses. (Opinion at 2, 17 & 18). Although the Liquidating Trust advised Citibank that it has no objection to the reasonableness of the fees and expenses, it now argues against the payment of any such fees and expenses that accrued since the "Effective Date" of ResCap's plan of reorganization (the "**Plan**"), which occurred on December 17, 2013 (*i.e.* prior to the briefing and hearing with respect to Citibank's motion). We fundamentally disagree with the Liquidating Trust's position because, if adopted, it would undercut the relief granted in the Opinion significantly by eliminating the reimbursement of Citibank's fees and expenses associated with the prosecution of the default interest motion and the hearing thereon. It is beyond dispute that nothing in the Opinion suggests that the Court intended there to be a distinction between pre- and post-Effective Date fees, which is not surprising, because the Liquidating Trust never raised the issue until now (despite the Effective Date having occurred prior to briefing and the hearing). It is difficult, certainly without the benefit of any timely-filed pleadings on the matter, to understand the basis for the Liquidating Trust's new assertion regarding the significance of the Effective Date. Nevertheless, we note that, to the extent that the Liquidating Trust is now arguing that Citibank's rights were altered on the Effective Date, Citibank's claim was "unimpaired" under the Plan, and, therefore, consummation of the Plan could not have cut off Citibank's rights to enforce, or otherwise protect, its contractual rights.

- **Source of Payment**: The accompanying proposed Judgment provides that payment of default interest and legal fees and expenses to Citibank in accordance with the Opinion shall be made from the Administrative Priority, Secured and Convenience Distribution Reserve (the "**Administrative Reserve**") that was required to be established under the Plan. *See* Plan, Article VI.D [Docket 6030]. In our discussions with counsel to the Liquidating Trust on the form of the proposed Judgment, it was suggested to us that, although it has sufficient funds to pay Citibank's claim, the Liquidating Trust never actually established the Administrative Reserve – although counsel did not dispute that the Liquidating Trust actually has cash available to satisfy its obligations to Citibank. Despite the Liquidating Trust's assurances, Citibank always considered the Administrative Reserve a critical protection afforded by the Plan (it was a provision on which we specifically commented during the Plan process). Accordingly, if the Administrative Reserve has in fact not been established, the Liquidating Trust should be required, at a minimum, to explain why it was not established.

In light of the foregoing, we request that the Court enter the accompanying Judgment.

Respectfully submitted,

William J.F. Roll, III

cc:    Kramer Levin Naftalis & Frankel LLP (Messrs Horowitz, Mannal and Shifer)