UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YOUK

In re:

RESIDENTIAL CAPITAL, LLC, et. al.,

Debtors,

Case No.: 12-12020(MG)

Chapter 11

Jointly Administered

## OPPOSITION TO DEBTORS' OBJECTION OF (PURPORTED ADMINISTRATIVE CLAIMS)- DUPLICATE OF PREPETITION CLAIM SEEKING DISALLOWENCE AND EXPUNGEMENT OF PROOF OF CLAIM FILED BY CHARLES T CLARK (CLAIM # 7315)

MAY 19 2014

### INTRODUCTION

Comes now the Creditor, Charles T Clark, *pro se* and files this Opposition to Debtors' Objection of *Purported Administrative Claims – Duplicate of Prepetition Claim seeking Disallowance and expungement* of Creditor's Proof of Claim filed on 1/7/2014 as claim # 7315 and in support thereof does state as follows:

### FACTS

1. Creditor/Claimant, Charles T Clark, did file a Proof of Claim on 1/7/2014 with a <u>secured amount</u> of $19,712 and listed *Second Mortgage Note* as the Basis for Claim.

2. In ResCap's Exhibit A filed 11/20/13, line 23, Claim # 1188, ResCap's incorrectly identifies the claim amount of $19,712 as "*General Unsecured*". This amount of $19,712 was included as part of a total loan amount and was <u>Secured by a Second Mortgage Loan on Charles T Clark's primary residential property.</u>

3. Charles T Clark did apply for and receive a Second Mortgage Loan from GMAC Mortgage, LLC (henceforth GMAC), *asserted debtor, ResCap* on or around March 9, 2007.

4. On or around April 20, 2007, Charles T Clark received a check by mail, in the amount of $19,712 paid to the order of CAPITAL 1 BK (Exhibit A). <u>This check was never cashed/rendered since the money was never owed. Charles T Clark wrote void on the check (Exhibit A) and sent it back with a letter attached (Exhibit B) to Kenneth Heller, a GMAC agent on or around June 21, 2007.</u>

5. On or around June 25, 2007, Charles T Clark did call and speak to Kenneth Heller who informed Charles T. Clark that Mr. Heller had received the voided check (Exhibit A).

6. Charles T Clark's GMAC account # (8685991781), Escrow # (3085088) was never credited the $19,712 amount to reflect the correct balance on or around July 1, 2007 even after numerous requests to do so.

7. Charles T Clark made numerous telephone calls and wrote several letters from about June 21, 2007 to about February 10, 2012 to GMAC representatives requesting that the account be credited $19,712 to reflect the correct amount owed on the loan. GMAC refused to comply.

8. Since June 22, 2012 to around October 5, 2012, Charles T Clark had been in contact with Susan Young, a GMAC agent, who told Charles T Clark that, "They (the GMAC refunds dept.) have advised me that the delays in refunding your money are due to the limited funds available due to our recent Bankruptcy filing."

9. Charles T Clark did inform Susan Young by telephone on or around October 4, 2012 that she and GMAC knowingly and willfully committed fraud when GMAC sold the account (# 8685991781) to green tree servicing LLC account (# 899560627) on or around March 1, 2012 for an <u>overstated amount of about $40,638.07 (Exhibit C) without deducting the $19,712 not owed in the loan amount.</u>

10. <u>Charles T Clark has been paying an inflated interest amount on an overstated loan amount of $19,712 over and above the true loan balance owned, since about July 1, 2007 to present.</u>

## STATEMENT OF LAW

A properly filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The Proof of Claim, if filed in accordance with Section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and Section 502(a). (In re Consolidated Pioneer Montg., 178 B.R. 222 (9th Cir. BAP 1995).

After an objection is raised, the objecting party bears the burden of going forward to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny Intern. Inc., 954 F.2d 167, 173 (3rd Cir. 1992). The objecting party then has the burden of presenting additional sufficient evidence to "defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Rally Partners, LP, 308 B.R. 165. 168-169 (Bankr. E.D. Tex. 2003). If the objecting party produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of the evidence that the claim deserves to share in the distribution of the debtor's assets. Allegheny, 954 F.2d at 174; In re Holm. 931 F.2d 620, 623; 3 Lawrence P. King, Collier Bankruptcy & 502.02, at 502-22 (15th Ed. 1993).

## DISCUSSION

The Federal Rules of Bankruptcy Procedure provide that a proof of claim must (1) be in writing, (2) make demand on the debtor's estate, (3) express the intent to hold the debtor liable for the debt, (4) be properly filed, and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim." See FED. R. BANKR. P. 3001; *In re Armstrong*, 320 B.R. 97, 103-04 (Bankr. N.D. Tex. 2005). A proof of claim filed according to the Federal Rules of Bankruptcy Procedure is *prima facie* valid. The burden is on the Debtors to prove that they have no liability.

## CONCLUSION

WHEREFORE, after due proceedings are had, I, Charles T Clark, request that the Debtor's objection to my proof of claim be denied, and for all other relief to which I am entitled in law and equity.

Respectfully submitted, this 12th day of May, 2014.

*Charles T. Clark*
Charles T Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120
(505) 833-5081
chucktcl@hotmail.com

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 12th day of May, 2014, in addition to electronic service effectuated automatically on May 12, 2014, by the CM/ECF System maintained by the United States Bankruptcy Court for the Southern District of New York upon those who have consented to electronic service of filings, he caused a true and correct copy of the above and foregoing instrument to be deposited into the U.S. Mails, all postage prepaid thereon, addressed to:

The chambers of the Honorable Martin Glenn
U.S. Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green,
New York, NY 10004-1408

Counsel to the ResCap Liquidaing Trust
Morrison & Foerster LLP
250 West 55th St.
New York, NY 10019
(Attention: Gary S. Lee
Norman S, Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild)

The Office of the U.S. Trustee for the Southern District of N.Y.
U.S. Federal Office Building, 201 Varick St., Suite 1006
New York, NY 10014
(Attention: Linda A. Riffkin
Brian S. Masumoto)

The ResCap Liquidating Trust
Quest Turnaround Advisors
800 Westchester Ave., Suite S-520
Rye Brook, NY 10573
(Attention: Jeffery Brodsky)

_Charles J. Clark_
Signature

5/12/14
Date



Exhibit 1

**GMAC Mortgage, LLC**
Disbursement Clearing Trust Account
3200 Park Center Drive #150
Costa Mesa, CA 92626
(888) 337-4622

90-3752/1211    3215948
Comerica
Comerica Bank, CA

DATE 4/17/2007
AMOUNT 19,712.00
ESCROW NO. 3085088
VOID AFTER 180 DAYS

Nineteen Thousand Seven Hundred Twelve Dollars

PAY

TO THE ORDER OF    CAPITAL 1 BK
11013 W BROAD ST
GLEN ALLEN, VA 23060

Clark

Account No:529149237726

⑆3215948⑆ ⑈121137522⑈ 1891613950⑈

VOID

ESCROW NO. 3085088    3215948

4/17/2007    Funds due by you on above escrow    Check Amount: 19,712.00

Buyer: Charles T Clark
Seller:
Property: 7404 Mesa De Arena Northwest
Albuquerque NM 87120-1516
Comment:    Account No:529149237726

Mail To    CAPITAL 1 BK
11013 W BROAD ST
GLEN ALLEN, VA 23060

*[Please note that the financial numbers listed below are obsolete/invalid/closed and therefore not an invasion of privacy.]

Kenneth Heller
GMAC Mortgage
7 Carnegie Plaza
Cherry Hill, NJ 08003
856-810-6657

June 21, 2007

RE: Disbursements on Escrow No. 3085088

% Charles T Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120-1516
505-833-5081

Dear Ken Heller,

Enclosed are the following three (3) "uncashed" and voided checks numbered 3215948, 3215951, and 3215952. Please credit my Escrow Account # 3085088 for the total of these unused checks and adjust my loan amount accordingly. Thank you for your attention concerning this matter. If you have any question or concerns, please contact me using my above contact information at your earliest convenience.

Sincerely,

*Charles T. Clark*

Charles T Clark

**GMAC Mortgage**

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

*Exhibit C*

02/15/12                           428853-000965

CHARLES T CLARK

7404 MESA DE ARENA NORTHWEST

ALBUQUERQUE NM 87120-1516

GMAC Mortgage, LLC              Acct Number: 8685991781
GREEN TREE SERVICING LLC        Acct Number: 89956062

Property Address:    7404 MESA DE ARENA NORTHWEST

                     ALBUQUERQUE NM 87120-1516

Dear CHARLES T CLARK



Effective 03/01/12, the servicing of the above referenced account, that is, the right to collect payments from you, is being assigned, sold, or transferred from
GMAC Mortgage, LLC                         to
GREEN TREE SERVICING LLC          . The assignment, sale, or transfer of servicing does not affect the terms or conditions of your mortgage documents/security instruments, other than the terms directly related to the servicing of your account.

Your present servicer is GMAC Mortgage, LLC           .
Prior to 03/01/12, any questions regarding your account should be directed to our Customer Care Department at 800-766-4622.

Your new servicer will be GREEN TREE SERVICING LLC          .
Beginning 03/01/12, any questions you have regarding your account should be directed to GREEN TREE SERVICING LLC           . You can contact their Customer Service Department at 800-643-0202. Also beginning 03/01/12, written inquiries regarding your account should be directed to GREEN TREE SERVICING LLC           's Customer Service Department at the address below.

            GREEN TREE SERVICING LLC
            P.O. BOX 6172
            RAPID CITY           SD 57709-6172

02/15/12
Account Number 8685991781
Page Two

Payment Information - Effective 03/01/12, please direct payments to GREEN TREE SERVICING LLC           's Payment Processing Department at the address below. Payments will be processed by GMAC Mortgage, LLC           if received prior to 03/01/12, and will be forwarded to GREEN TREE SERVICING LLC           if received on or after 03/01/12.

        GREEN TREE SERVICING LLC
        PO BOX 94710
        PALATINE           IL   60094-4710

As of 02/15/12, your Current Principal Balance is $     40638.07. your current escrow balance is $       0.00, your current interest rate is  8.77500%, your total monthly payment is $       600.56, and your next due date is 03/01/12.

Automatic Payment Deduction - If you currently have your payments automatically withdrawn from your financial institution, this service will be transferred to GREEN TREE SERVICING LLC           . If this service is not transferable, you will receive a letter under separate cover providing further direction.

Government Allotment/Bill Pay Service - If you currently make your payment through a third party entity (e.g. government allotment, biweekly, or bill-pay service), please advise them of your new account number and change the payee to GREEN TREE SERVICING LLC           . In the event of a payment change, it is your responsibility to notify the third party of the new payment amount. If you have been using the bill-pay service on GMAC Mortgage, LLC           's website, this service will be deactivated on 03/01/12.

Optional Insurance - If you have taken advantage of any of our optional insurance plans or optional products, this service will be transferred to GREEN TREE SERVICING LLC           . If any of these plans or products are not transferable, you will receive a letter under separate cover providing further direction.

Year-End Statement - You will receive a year-end statement from GMAC Mortgage, LLC           reflecting account activity this year. GREEN TREE SERVICING LLC           should provide their own statement for the period of time they serviced your account this year. You will need to combine these two statements for income tax purposes.

Escrow Account - If you have an escrow account, GMAC Mortgage, LLC           will send you, within 45 days, an escrow history statement reflecting escrow deposits,

02/15/12
Account Number 8685991781
Page Three

disbursements and balances for the period of time we serviced your account since your last escrow analysis. The transferring escrow balance will be reflected on this statement.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after the effective date of transfer.

If you have filed for bankruptcy or have been discharged of your personal liability for repayment of this debt, be advised this is for informational purposes only. Furthermore, this is not an attempt to collect on the debt and should not be misconstrued to be so.

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 USC 2605):



    During the 60 day period following the effective date of the transfer of the account servicing, a payment received by your old servicer, before its due date, may not be treated by the new servicer as late, and a late fee may not be imposed on you.

    Section 6 of RESPA (12 USC s2605) gives you certain consumer rights. If you sent a "qualified written request" to your servicer concerning the servicing of your account, your servicer must provide you with a written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is written correspondence, other than notice on a payment coupon or other payment medium supplied by the serivcer, which includes your name, account number, and reason for the request.

    No later than 60 business days after receiving your request, your servicer must make appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents/security instruments.

    A "business day" is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

02/15/12
Account Number 8685991781
Page Four

    Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

GMAC Mortgage, LLC                    appreciated the opportunity to service your account. We wish you a successful relationship with GREEN TREE SERVICING LLC    .

Sincerely,


GMAC Mortgage, LLC
6020