GRAHAM & MARTIN, LLP

Anthony G. Graham (State bar No. 148682)

Michael J Martin (State bar No. 171757)

3130 South Harbor Blvd., Suite 250

Santa Ana, California 92704

(714) 850-9390

Attorneys for Defendants

Luan Nguyen and Rebecca H. Andres

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE, MORENO VALLEY COURT

| | |
|---|---|
| GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> LUAN NGUYEN, an individual, AND REBECCA H. ANDRES, an individual, Inclusive, <br><br> Defendants. | Case No.: MVC 1100653 <br><br> REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES VERIFIED UNDER PENALTY OF PERJURY <br><br> **HEARING:** <br> Date: May 14, 2014 <br> Time: 1 pm <br> Dept: MV1UD <br><br> *(WRIT INVALID/GMAC SETTLED IN FULL)* |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

By Special appearance for LUAN NGUYEN, affirms under oath in the name of almighty god, competent to testify to the contents of this reply to the opposition and in support of the

- 1- of - 17 -

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

1  MOTION to vacate the writ and judgment in support of the Objection to the ruling heard by the
2  court on Thursday 1pm to stay the Writ, due to new discovery presented by the court.

3
4  PLEASE TAKE NOTICE that on May 14, 2014 at 1 p.m., or as soon thereafter as the
5  matter may be heard in Department MV1UD of the above-referenced Court located at 16800
6  Heacock, Street, Moreno Valley, CA 92553, (so-called) Defendant LUAN NGUYEN and
7  REBECCA H. ANDRES, "Defendant NGUYEN," will and hereby does, replies to the
8  Plaintiff's Opposition and move's the Court to set aside the writ of possession and vacate the
9  judgment as follows:

10  **<u>Mandatory Judicial Notice</u>** <u>Luan Nguyen notes all rights in commerce are explicitly under
11  reserve and without recourse.</u>

12
13  Defendants Motion is a qualified "exception" to the rule that title cannot be tried in an
14  unlawful detainer proceeding [*see Evid Code § 624; 5.45[1][c]] is contained in CCP § 1161a*].
15  By extending the summary that this eviction action is beyond the conventional landlord-tenant
16  relationship to include the Plaintiffs claiming to be the purchasers of the occupied property is
17  invalid, this statute provides for a narrow and sharply focused examination of title. In the
18  Plaintiffs legal arguments in section II page 3, last paragraph section 19-27, he has opened the
19  door to dispute title and validate neglect, and by admission they are required to comply. A
20  purchaser of the property as described in the statute, who starts an unlawful detainer
21  proceeding to evict an occupant in possession, must show that "he or she" (*not a corporation*)
22  acquired the property at a regularly conducted sale and thereafter "**duly perfected**" the
23  title.[*CCP § 1161a; Vella v. Hudgins (1977) 20 C3d 251, 255, 142 CR 414, 572 P2d 28* ].
24  There was no title **duly perfected**, the true beneficiary or original creditor never sold the
25  property. Who was the He or She the real party that acquired the property? GMAC purchased a
26  lien, a piece of paper. To this limited extent, as provided by the statute, title may be litigated in
27  this unlawful detainer proceeding [*Cheney v. Trauzettel (1937) 9 C2d 158, 159, 69 P2d 832* ].
28

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION;
MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

**Response to Section 23-27 page 1;**

NGUYEN is the Homeowner named as the Defendant in error and cannot be evicted, consistent with due process guarantees, without being permitted to raise affirmative defenses which if proved would maintain their possession and ownership, with merit. Accordingly, in this unlawful detainer action brought in municipal court/unlawful detainer by "a corporation" by admission a debt collector that had acquired a lien to homeowners' property through a loan transaction by a debt collection agency after the homeowners had defaulted on a prior loan, the homeowners are entitled to defend this defective eviction action based on their claims of fraud, defective duly perfected title, fraud upon the court, fraud by misrepresentation and related causes which they asserted; therefore the action before this court necessarily exceeded the jurisdiction of the Unlawful Detainer court and cannot be tried here. *Asuncion v. Superior Court of San Diego County (1980, Cal App 4th Dist) 108 Cal App 3d 141, 166 Cal Rptr 306, 1980 Cal App LEXIS 2038. (see annexed* **Exhibit 4**)

**Response to Section 28, page 1 through Section 1-5, page 2;**

On the grounds of excusable neglect, inadvertence and mistake based upon the absolute failure of personal service of the actions of the appointed attorney for the Defendants and failure to honor policy and procedure of proper business practices of any notice of actions as in this proceeding upon Defendant NGUYEN. No, not any form of Notice was given by the court that the representing law firm GRAHAM & MARTIN, LLP, Anthony G. Graham (State bar No. 148682), Michael J Martin (State bar No. 171757) at 3130 South Harbor Blvd., Suite 250, Santa Ana, California 92704, representing attorney firm form named defendants LUAN NGUYEN, an individual, and REBECCA H. ANDRES, an individual, Inclusive, a notice to release the disputed property in this claim of possession. The defendants, LUAN NGUYEN, an individual, and REBECCA H. ANDRES, an individual, Inclusive, had no knowledge of this action of the presentment to the court, and hereby rescind and move the court to strike from the record said Stipulation by the attorney which is defective a presented by misrepresentation to this court. The matter before this court is still defective due to there was no duly perfected title;

1  therefore the action before this court necessarily exceeded the jurisdiction of the Unlawful
2  Detainer court and cannot be tried here. *Asuncion v. Superior Court of San Diego County*
3  *(1980, Cal App 4th Dist) 108 Cal App 3d 141, 166 Cal Rptr 306, 1980 Cal App LEXIS 2038.*
4  *(see annexed* **Exhibit 4***)*

   In this case, the allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case.

   **Response to Section 6-9, page 2:**

   The fact still stands that the defendants, LUAN NGUYEN, an individual, and REBECCA H. ANDRES, an individual, Inclusive, of the actions of the Stipulations, and was given first notice by the court of this action of the Stipulation which has been properly disputed and rescinded from the record; .had no knowledge of this action of the presentment to the court, and hereby rescind and move the court to strike from the record said Stipulation by the attorney which is defective a presented by misrepresentation to this court. The matter before this court is still defective due to there was no duly perfected title; therefore the action before this court necessarily exceeded the jurisdiction of the Unlawful Detainer court and cannot be tried here. *Asuncion v. Superior Court of San Diego County (1980, Cal App 4th Dist) 108 Cal App 3d 141, 166 Cal Rptr 306, 1980 Cal App LEXIS 2038. (see annexed* **Exhibit 4***)*

   In this case, the allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case.

   **Response to Section 12-28, page 2 and Section 1-10 pages 3:**

   The Defendant in error is not and could not have possibly agreed to the Stipulations because he has always had Exhibit 1 in his possession and the assigned attorney for the Defendant had knowledge and was in possession of Exhibit 1 and failed to deliver or disclose the Stipulation to the Defendant in error in this case, where by the defendants attorney violated his duties to the defendants, and all actions done by plaintiff and the defendants attorney where

- 4- of - 17 -

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION;
MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

without defendant's authorization; there was no agreement; there was no title duly perfected; ONLY A BENEFICIARY can do a credit not a servicer/debt collection agency (fraud upon the court); there was no settlement; and there was no sale, and no rights can be derived therefrom by plaintiff. *(Los Angeles City H.S. District v. Quinn (1925), 195 Cal. 377, 383 [234 P. 313]; Sousa v. First California Co. (1950), 101 Cal. App. 2d 533, 538-539 [225 P.2d 955]; note, 48 A.L.R. 405.)* While one case states that forgery could not be set up in unlawful detainer proceedings under *Code of Civil Procedure, section 1161a (Higgins v. Coyne (1946), 75 Cal. App. 2d 69, 75 [170 P.2d 25])*, we cannot reconcile this with the other cases nor with the code, since proceedings based upon a forged deed certainly cannot "perfect the title." (***Forgery****- is the creation of a false written document or alteration of a genuine one, with the intent to defraud; the related crime of uttering a forged document occurs when an inauthentic writing is intentionally offered as genuine)* The original lender did not sell the property to the plaintiff.

There was no duly perfected title; the Plaintiff fails to state how a servicer/debt collection agency can admit in one document they are not the owners; then conduct a sale with no credit deed to a duly perfected sale; then claim they are the beneficiary out of the blue; then claim they purchased the non-perfected deed, which validates they are not the bona fide purchaser is involved here, there was no sale. A forgery and fraud is a nullity *(Marlenee v. Brown (1943), 21 Cal. 2d 668, 677 [134 P.2d 770]);* and so is delivery of a deed pursuant to instructions if they, as alleged, were altered by the plaintiff and his ***[161 Cal. App. 2d Supp. 842]*** partner the trustee (a third party debt collection agency) without any knowledge or authorization of the defendant. The original owner/beneficiary/creditor as noted on the deed of trust and by admission of the Plaintiff did not conduct a sale of the note or the property *(see annexed* **Exhibit 1-** *GMAC MORTGAGE RESPONSE DATED NOVEMBER 10, 2010; see also annexed* **Exhibit 2-** *NOTICE OF TRUSTEE SALE 2010-0498918, see also annexed* **Exhibit-3-** *TRUSTEE'S DEED UPON SALE)* The court cannot turn a blind eye of the evidence presented to this court as Exhibit 1-3; the Plaintiff has several fraudulent documents recorded at the county recorders of land records office in Riverside County. If the court were to ignore the

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

facts by turning a blind eye in favor of the Plaintiffs it would constitute unjust enrichment. (see annexed *Exhibit 4*)

There are six elements of "fraud by misrepresentation" of the facts the court must not ignore or turn a blind eye in favor of the Plaintiffs it would constitute unjust enrichment.

Misrepresentation are civil offenses, (the criminal equivalent of this offense is called "<u>false pretenses</u>"). The general remedy in this matter is in the district court outside the jurisdiction of the unlawful detainer court.

1. **False Representation;** GMAC has made a false representation that it was the beneficiary, original lender under the original Deed of trust.

2. **The misrepresentation is "material to the transaction,"** which means it must be in regards to the transaction at hand; Duly perfected title- there was no duly perfected title and the plaintiff cannot argue the real property has been duly sold to plaintiff; he has no knowledge if the property was duly sold; This conflicts with the TRUSTEES DEED UPON SALE *see annexed Exhibit 3;* it clearly states *"This instrument is being recorded as an ACCOMODATOIN ONLY, with no Representation as to its effect upon title"*

3. **The misrepresentation is made with knowledge that is false, OR with reckless disregard as to whether or not it's true.** Either you have to know you are lying, or be saying something that you are not technically sure is a lie, but you have no reason to believe it's true. You cannot make a statement of a duly perfected sale if you didn't conduct the sale; you cannot make a statement that you duly perfected title if you have no knowledge or documentation supporting the original lender has perfected title. This is a false statement

4. **The misrepresentation is made with the intention of inducing the other party to act or to refrain from acting.** Basically, you must be intentionally trying to affect your transaction with your lie. The Plaintiffs intention to persuade the court of a duly perfected title is hearsay, an accommodation doesn't give you a right to make a false claim to title or possession.

5. **The other party has to rely on the lie** The Defendants in error in this matter is continuously being injured based on a lie. The court cannot turn a blind eye to the facts on record.

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

6. **The lie must also proximately cause the other party to suffer damages.** This is verified the by the Defendants in error are actually being harmed by the defective sale; defective writ of possession and defective judgment in this unlawful detainer court. The Plaintiff's lies and says they have duly perfected title but conflicts by documents Exhibit 1-3 on record upon the court.

Mandatory Judicial notice to the Plaintiff's and to the court and any other third party of interest before this court that a copy of this pleading will be copied and filed with The Department of Justice Investigation division to oversee and investigate this matter further and copied to the District attorney for several Penal Code Violations 112-118 by the attorneys in this case, this will also be documented and filed with the Bankruptcy Court case for GMAC Chapter 11, and with the Bankruptcy and district court of the State of New York and its proper parties to be given notice of the fraud that has taken place when it specifically states that the plaintiffs had to pursue by JUDICIAL not NON JUDICIAL actions and within the District of NEW YORK because the PSA where the note was transferred is outside the jurisdiction of California.

An unlawful detainer proceeding is not a substitute for an equitable action for specific performance even if it should be claimed the defendant has breached a contract. There has been no contract presented on the court of record for any obligation to the Plaintiff in this court.

The allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case. There was no settlement between the Plaintiff and Defendants in this case; and the Plaintiffs also failed to disclose that a tender was accepted by GMAC for their allege purchase of $459,000.00 in full. (*see annexed* **Exhibit 1**) They cannot accept tender for all the debt and turn around and continue with false claims upon the court, they have no duly perfected title and no standing to pursue in this court as follows:

There is no doctrine of estoppel involved, comparable to that between the landlord and tenant. This matter is dealing with a Homeowner!! Thus, upon a purported foreclosure sale

- 7- of - 17 -

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

under a trust deed and not the note, it is competent to assert in an action under Code of Civil Procedure, section 1161a, subdivision (3), that the trust deed was not in default, even though the finding to such effect depends in part upon equitable estoppel of the beneficiary (*Altman v. McCollum (1951), 107 Cal. App. 2d Supp. 847 [236 P.2d 914]*); and the validity of the sale and of the trustee's deed was held to be so directly in issue in unlawful detainer that the judgment therein was res judicata (*Seidell v. Anglo-California Trust Co. (1942), 55 Cal. App. 2d 913 [132 P.2d 12]*) and that case is authority that lack of consideration for a note in question **[161 Cal. App. 2d Supp. 841]** was a legal issue to be determined in the unlawful detainer action (p. 922). Although there was a strong dissent, based in part upon *Cheney v. Trauzettel (1937), 9 Cal. 2d 158 [69 P.2d 832]*, the Supreme Court denied a hearing in the Seidell case. The holding in *Altman v. McCollum, supra, pages 855-856*, is to the effect that Code of Civil Procedure, section 89, relating to jurisdiction of municipal courts/unlawful detainers has expressly conferred upon them power to consider equitable defenses in suits under Code of Civil Procedure, section 1161a.

As between the parties here in this case, there appears to be a bona fide dispute whether the property has been duly sold and the title duly perfected. This gives merit to vacate the error by this court granting a writ of possession to a duly unperfected foreclosure process by a third party debt collector.

Title is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt. (*Hocking v. Title Ins. & Trust Co. (1951), 37 Cal. 2d 644, 649 [234 P.2d 625, 40 A.L.R.2d 1238]*), which includes "good record title" (*Gwin v. Calegaris (1903), 139 Cal. 384 [73 P. 851]*), but is not limited to good record title, as between the parties to the transaction. The term "duly" implies that all of those elements necessary to a valid sale exist; else there would not be a sale at all. [2b] If there is want of performance or want of true consent the title cannot be said to be perfected. (*Civ. Code, §§ 1567-1589.*) This court an unlawful detainer under Code of

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

Civil Procedure, section 1161a, subdivision (4), has jurisdiction to determine the validity of such defenses.

Plaintiff must have proof that he has duly perfected title by a sale regularly conducted by the true beneficiary not a debt collector. The Plaintiff may proceed with matters affecting the validity of a trust deed, primary obligation, or other basic defects in the title of a plaintiff who purchased at a sale under the trust deed may not be raised by the defendant in an unlawful detainer action. *Cheney v. Trauzettel (1937) 9 Cal 2d 158, 69 P2d 832, 1937 Cal LEXIS 372*. Thanks to the Plaintiff, the matters have been presented to the court, and this court under Code of Civil Procedure, section 1161a, subdivision (4), has jurisdiction to determine the validity of such defenses in this matter before this court.

"Right to possession" alone is involved in a summary proceeding under this section, and the broad question of title cannot be raised but has been raised by the Plaitniff. *Cheney v. Trauzettel (1937) 9 Cal 2d 158, 69 P2d 832, 1937 Cal LEXIS 372; Delpy v. Ono (1937, Cal App) 22 Cal App 2d 301, 70 P2d 960, 1937 Cal App LEXIS 116*.

The title of a purchaser at a sale of a trust deed is involved in an action in unlawful detainer brought by him to the limited extent (not by a corporation) that he must prove his acquisition of title by purchase at the sale (by the true beneficiary not the debt collector or the debt collection agency), and the defendant has the right to attack the sufficiency of the sale. *Cheney v. Trauzettel (1937) 9 Cal 2d 158, 69 P2d 832, 1937 Cal LEXIS 372; Delpy v. Ono (1937, Cal App) 22 Cal App 2d 301, 70 P2d 960, 1937 Cal App LEXIS 116; Seidell v.* This judgment in unlawful detainer is res adjudicata in a subsequent suit to set aside a trustee's deed on the ground of irregularity, defects, and misrepresentation in the foreclosure proceedings, where the unlawful detainer action brought by the third party debt collector GMAC at the trust deed sale involved the same issues which were determined in favor of the regularity of the foreclosure proceedings and the validity of the deed. *Seidell v. Anglo-Californina Trust Co. (1942, Cal App) 55 Cal App 2d 913, 132 P2d 12, 1942 Cal App LEXIS 146*.

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

It is proper to grant a remedy to homeowner's in this unlawful detainer action instituted under this section, where a supporting affidavit related facts concerning the defects of the transfer of title; and which he is incompetent to testify. *Kelliher v. Kelliher (1950, Cal App) 101 Cal App 2d 226, 225 P2d 554, 1950 Cal App LEXIS 1103.*

**In the Plaintiffs legal arguments in section II page 3, last paragraph section 19-27 (see annexed *Exhibit 4*), he has distinctly clarified his needs to only show as follows:**

CCP § 1161

I.    Section 22, page 3 as 1) that the real property has duly sold to plaintiff;

*In General; Words and Phrases*

Term "*duly*" implies that all of those elements necessary to valid sale exist. *Kessler v. Bridge (1958, Cal App Dep't Super Ct) 161 Cal App 2d Supp 837, 327 P2d 241, 1958 Cal App LEXIS 1814.*

RESPONSE:

How can the Plaintiff claim the real property has been duly sold to plaintiff; how can you make such a statement; the documents must be provided from the allege trustee to validate the original owner documented on the deed of trust conducted the sale; but this also false because GMAC has already disclosed that they were not the true beneficiaries in Exhibit 1, and it is duly noted that the sale was conducted by a third party debt collector; giving no credit deed to the Plaintiff in this matter;

In this case, the allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case.

II.    Section 22-23, page 3 as 2) that title under the sale had been duly perfected;

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

**_In General; Words and Phrases_**

Title that is "*duly perfected*" includes good record title, but is not limited to good record title. *Kessler v. Bridge (1958, Cal App Dep't Super Ct) 161 Cal App 2d Supp 837, 327 P2d 241, 1958 Cal App LEXIS 1814.*

RESPONSE

The Plaintiff has failed to prove that he has "duly" perfected his title under the sale regularly conducted may be made by the plaintiff in a proceeding under *subd 3. Mortgage Guarantee Co. v. Smith (1935, Cal App) 9 Cal App 2d 618, 50 P2d 835, 1935 Cal App LEXIS 1196.* Matters affecting the validity of a trust deed, primary obligation, or other basic defects in the title of a plaintiff who purchased at a sale under the trust deed may not be raised by the defendant in an unlawful detainer action. *Cheney v. Trauzettel (1937) 9 Cal 2d 158, 69 P2d 832, 1937 Cal LEXIS 372.* With the exception in this case the Plaintiff has graciously open the door for the Defendant to dispute the primary obligation, or other basic defects in the title in this unlawful detainer.

In this case, the allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case.

III.    Section 23, page 3 3) that plaintiff was entitled to possession;

**_In General; Words and Phrases_**

Title is "*duly perfected*" when all steps have been taken to make it perfect, that is, to convey to purchaser that which he has purchased, valid and good beyond all reasonable doubt. *Kessler v. Bridge (1958, Cal App Dep't Super Ct) 161 Cal App 2d Supp 837, 327 P2d 241, 1958 Cal App LEXIS 1814.*

## RESPONSE

The Plaintiff has failed to convey the purchaser that which he has purchased, valid and good beyond all reasonable doubt; the Plaintiff has failed to disclose that title was never duly perfected; the Plaintiff has failed to disclose that how they have personal knowledge of all the events that have taken place to be true and correct to the best of his or her knowledge under penalty of perjury.

In this case, the allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case.

IV.    <u>Section 23-25, page 3 4) that written notice quit the premises was personally served on defendant, who held over and continued his or her possession after the requisite notice period expired.</u>

## RESPONSE

Right to possession alone is involved in a summary proceeding under this section, and the broad question of title cannot be raised and litigated by a cross-complaint or affirmative defense. *Cheney v. Trauzettel (1937) 9 Cal 2d 158, 69 P2d 832, 1937 Cal LEXIS 372; Delpy v. Ono (1937, Cal App) 22 Cal App 2d 301, 70 P2d 960, 1937 Cal App LEXIS 116.*

The title of a purchaser at a sale under a trust deed is involved in an action in unlawful detainer brought by him to the limited extent that he must prove his acquisition of title by purchase at the sale, and the defendant may attack the sufficiency of the sale. *Cheney v. Trauzettel (1937) 9 Cal 2d 158, 69 P2d 832, 1937 Cal LEXIS 372; Delpy v. Ono (1937, Cal App) 22 Cal App 2d 301, 70 P2d 960, 1937 Cal App LEXIS 116; Seidell v.* A judgment in unlawful detainer is res adjudicata in a subsequent suit to set aside a trustee's deed on the ground of irregularity in the foreclosure proceedings, where the unlawful detainer action brought by the purchaser at the trust deed sale involved the same issues which were determined in favor of the regularity of the foreclosure proceedings and the validity of the deed. *Seidell v.*

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

*Anglo-California Trust Co. (1942, Cal App) 55 Cal App 2d 913, 132 P2d 12, 1942 Cal App LEXIS 146.*

It was improper to grant judgment in this unlawful detainer action instituted under this section, where a supporting affidavit related facts concerning a transfer of title not within the personal knowledge of the plaintiff concerning which he was incompetent to testify. *Kelliher v. Kelliher (1950, Cal App) 101 Cal App 2d 226, 225 P2d 554, 1950 Cal App LEXIS 1103.*

This court is moved to vacate the writ of possession and moves the court to move this matter to its proper jurisdiction.

All the allegations raised by Plaintiff are irrelevant, unsupported, and would not support the fact that title was duly perfected in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES
## STATEMENT OF THE CASE

This extraordinary writ petition concerns Judgment granted, and writ of execution-writ of passion issued by MORENO VALLEY STATE OF CALIFORNIA SUPERIOR COUNTY, COUNTY OF RIVERSIDE, LIMITED CIVIL DIVISION, in a unlawful Detainer action brought by a Debt Collector GMAC MORTGAGE LLC fka GMAC MORTGAGE CORPORATION in error. Mandamus is an appropriate remedy to obtain relief against a VOID JUDGMENT. *California State Constitution, Article 6, Section 10.*

Plaintiff, GMAC MORTGAGE, LLC formerly known as GMAC Mortgage Corporation ("GMAC") (*well known, debt collectors whose principal executive office is at 1100 Virginia Drive, Fort Washington, Pennsylvania 19034, telephone (215) 682-1000*), precluded any further conduct of business, including prosecution of a claim for unlawful detainer and application for an issuance of a writ of execution.

GMAC Judgment and issued Writ are both clearly erroneous as a matter of law and substantially prejudicial to Defendants.

12-12020-mg    Doc 6994-1    Filed 05/21/14    Entered 05/23/14 11:53:04    Exhibit Reply To Plaintiffs Opposiiton to Defendant Motion to Vacate Judgment    Pg 14 of 17

## UNDISPUTED FACTS

The Plaintiff has failed to dispute the facts documented by the Defendants in its Motion and supporting affidavit point by point which stands as fact in this proceeding. By admission the Plaintiff has verified they are not the real parties' interest; by admission the Plaintiffs have verified the Plaintiffs are debt collectors or debt collection agencies; by admission the Plaintiffs have verified they have no standing to pursue in this matter before this court.

The Moreno Valley, Unlawful Detainer Court Erred in Granting Judgment and Issuing a Writ of Execution – Writ of Possession Real Property, Ordering the RIVERSIDE COUNTY SHERIFF to evict the homeowners-Defendants in error AND Deliver Possession to GMAC, and entity that does not Exist, a corporation, a well-known debt collector; the remedy is to rescind the judgment and vacate the writ. The court cannot turn a blind eye to the evidence presented upon this court on record.

GMAC, admittedly and undisputedly accepted the tender to settle and discharge any and all debt claims. GMAC has presented no evidence that it was the beneficiary of record entitled to tender a credit bid at the non-judicial sale the Home owners - Defendants' property. Instead, it offers a "so what?" argument by silence, with the effect that Defendants suffered no damages because a credit bid would have been made in any event, and unless a cash bidder offered an amount in excess of GMAC's loan, there would be no surplus. Defendants correctly argue that California law is clear, viz., Civil Code § 2932.5 empowers the mortgagee or person entitled to be paid to exercise the power of sale. Thus, without demonstrating that GMAC was that "person entitled" as of the sale date, GMAC could not cause the sale. Further, Civil Code § 2924h(b) restricts the right to make a credit bid to the "present beneficiary." *See also Miller & Starr, 4 Cal Real Est. § 10.204 (3d ed.); and 2923.4(b) Nothing in this article obviates or supersedes the obligations of the signatories to the consent judgment entered in the case entitled United States of America et al. v. Bank of America Corporation et al., filed in the United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC.*

- 14- of - 17 -

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

1  The record does not support a basis to conclude that GMAC was able to make a credit bid, so its motion to claim a writ of possession must be denied.

The question as to whether a corporation is continued for any purpose depends upon the law of the state of its incorporation. *United States v Safeway Stores, 140 F.2d 834, 836 (10th Cir.)*

No California case can be cited to support initiation of an action by a constituent corporation. GMAC has no standing as the real party in interest to obtain a Writ of possession or any form of judgment. GMAS was engaged in a "scheme of mortgage foreclosure fraud and fraud upon the court.

GMAC, in an ongoing violation of debt collection law, continued to publicize by ETS SERVICES, LLC. with 818-260-1600 TS No.: GM-219438-C and other advertisement that prospective bidders are bidding on the Consumer, NGUYEN's property, and not the chattel paper debt only. GMAC has no legal authority or right to sell NGUYEN's property and failure to notify prospective bidders is a dissemination of false information in connection with collection of a third party debt, California in violation of California Civil Code section 2924 and California Civil Code section 2924f. MERS (*MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC have never transferred any form of beneficial interest to GMAC see annexed* **Exhibit 1**- *GMAC MORTGAGE RESPONSE DATED NOVEMBER 10, 2010; see also annexed* **Exhibit 2**- *NOTICE OF TRUSTEE SALE 2010-0498918, see also annexed* **Exhibit-3**- *TRUSTEE'S DEED UPON SALE)- validates the sale, transfer is VOID.))*

GMAC continued to engage in deceptive acts and practices by advertising that the sale by auction noted of NGUYEN's (home owner) property itself and not just the debt, in continuous violation of the Fair Debt Collection Practices Act and the Consumer Financial Protection Act.

Non-Compliance with the law was demanded so that bidders contacting ETS SERVICES, LLC. know that they will not have title to NGUYEN's property upon the sale conducted, that GMAC will not be able to represent the Trustee's Deed Upon Sale is title to NGUYEN's property and GMAC will not be able to bypass the legal title of NGUYEN and demand

- 15- of - 17 -

1. possession in this unlawful detainer court of limited jurisdiction in California in violation of California Civil Code section 2924 and California Civil Code section 2924f. ) *see annexed Exhibit 3- TRUSTEE's DEED UPONT SALE (conflicts with 2924f))*. There was no sale to title of property to GMAC, this supports with merit the court to vacate the writ and judgment in this case.

Whereby, notice is properly presented that this demand to vacate writ and judgment are proper with merit.

Since GMAC could not initiate the action at law, it was not entitled to judgment or the writ of execution- writ of possession of real property.

Whether Defendants may ultimately prove damages is not relevant in disposing of GMAC's judgment or writ of execution – writ of possession of real property.

## CONCLUSION

The Court erred in granting process in favor of non-existent GMAC.

The Defendants gives notice the plaintiff has no standing to pursue such unlawful detainer and therefore moves that this court grant the relief to vacate the writ and cancel the judgment.

**VERIFICATION**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully for Served LUAN NGUYEN & REBECCA H ANDRES

By *Luan Nguyen EX* WITHOUT RECOURSE
By ALL RIGHTS RESERVED WITHOUT RECOURSE; ALL RIGHTS RESERVED WITHOUT RECOURSE; ALL RIGHTS RESERVED WITHOUT RECOURSE
Luan Nguyen, Authorized Representative,
All Rights Reserved, Without Prejudice

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

# ORDER

THIS CAUSE having come on to be heard on Defendant's Motion to Stay Writ of Possession and the Court having reviewed the file, and being otherwise advised in the Premises, it is therefore,

_____

ORDERED AND ADJUDGED that said Motion be, and the same is hereby _____

_____

DONE AND ORDERED in Chambers, at Moreno Valley, Riverside County, California this _____ day of _____, 2014.

_____
COURTY COURT JUDGE/
COMMISSIONER OF THE MORENO
VALLEY COURT

Copies furnished:
Plaintiff
Defendant

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY