# "EXHIBIT 1"

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION;
MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

# GMAC Mortgage

November 10, 2010

Luan Nguyen
Rebecca H Andres
3061 Crestview Drive
Norco CA  92860

RE:   Account Number:     0359308618
      Property Address    3061 Crestview Drive
                          Norco CA  92860

Dear Luan Nguyen and Rebecca H Andres:

Please be advised that this letter serves as our response to your Qualified Written Request ("QWR") for information regarding the above-referenced GMAC Mortgage account dated 10/20/10 and received in our office on 11/3/10. In your correspondence, you request detailed information and documentation regarding nearly every aspect of the mortgage loan transaction, beginning with its origination.

In response to your inquiry, GMAC Mortgage has enclosed a copy of the account's payment history as required by the Real Estate Settlement Procedures Act ("RESPA").

Because your letter appears to be questioning nearly every aspect of the loan transaction, it is difficult for GMAC Mortgage to identify any specific concern(s) you have regarding the servicing of the account. Nevertheless, in an effort to be responsive to your request, copies of pertinent documentation GMAC Mortgage has in its records are enclosed.

- Note
- Mortgage/Deed of Trust
- HUD-1 Settlement Statement
- Escrow Analyses

The current owner of your loan is Aurora Loan Services, Inc., P.O. Box 2963, Phoenix, AZ 85062-2963, phone number 1-800-550-0508. However, GMAC Mortgage, LLC is currently servicing your account, and all inquiries should be directed to our office.

# GMAC Mortgage

November 10, 2010
Account Number 0359308618
Page Two

① This loan is registered with MERS, MIN #; 100031800510579968; therefore, there are no assignments. The loan originated March 13, 2006 with Homecomings Financial and transferred to GMAC Mortgage, LLC for servicing on August 14, 2006. Enclosed is a copy of the transfer of servicing correspondence for your review.

The following responses are in the same order as the inquiries in the QWR:

**Loan Accounting and Servicing Systems**

Subject to business and trade practices, which are proprietary and confidential.

**Debits and Credits**

See enclosed history and transaction code key.

**Attorney Fees**

All attorney fees assessed are listed in the enclosed payment history. The answers to questions concerning how or why these fees can be assessed are outlined in the enclosed Mortgage/Deed of Trust.

**Suspense/Unapplied Accounts**

This information is detailed in the enclosed history.

**Late Fees**

All late fees assessed are listed in the enclosed history. The answers to questions concerning how or why these fees are assessed are outlined in the enclosed Note and Mortgage/Deed of Trust. RESPA does not require we respond on items from a previous servicer.

**Property Inspections**

This information is detailed in the enclosed history. The answers to questions concerning how or why these fees are assessed are outlined in the enclosed Note and Mortgage/Deed of Trust. RESPA does not require we respond on items from a previous servicer.

# GMAC Mortgage

November 10, 2010
Account Number  0359308618
Page Three

**BPO Fees**

All BPO fees assessed are listed in the enclosed history. The answers to questions concerning how or why these fees are assessed is outlined in the enclosed Note and Mortgage/Deed of Trust. RESPA does not require we respond on items from a previous servicer.

**Servicing Related Questions**

As previously advised, the servicing-related documents, Note, Mortgage/Deed of Trust, HUD-1 Settlement Statement, and payment history with transaction code key, are enclosed. All other requests for documents either do not pertain to the servicing of the account or are subject to business and trade practices, which are proprietary and confidential.

The current owner of your loan is Aurora Loan Services, Inc., P.O. Box 2963, Phoenix, AZ 85062-2963, phone number 1-800-550-0508. However, GMAC Mortgage, LLC is currently servicing your account, and all inquiries should be directed to our office.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

Enclosures

TN

# "EXHIBIT 2"

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION;
MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

DOC # 2010-0498918
10/19/2010 08:00A Fee:21.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

18 R4

RECORDING REQUESTED BY IPS
ETS Services, LLC

AND WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

T.S. No. GM-219438-C
Loan No. 0359308618        Investor No. 121002018

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
|   |   |   |      | 2    |    | 1  |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      |    | T: | CTY  | UNI | 030 |

1004235538

2/
T
030

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 3/13/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

**TRUSTOR: LUAN NGUYEN AND REBECCA H. ANDRES, HUSBAND AND WIFE AS JOINT TENANTS**

Recorded 3/28/2006 as Instrument No. 2006-0219350 in Book , page of Official Records in the office of the Recorder of Riverside County, California,
Date of Sale: 11/12/2010 at 10:00 AM
Place of Sale:    At them Main Street entrance to the County Courthouse, 4050 Main Street, Riverside, California
Property Address is purported to be:    3061 CRESTVIEW DRIVE
NORCO, California 92860-0000
APN #: 123-621-011-7

The total amount secured by said instrument as of the time of initial publication of this notice is $848,866.00, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;
[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or 2923.55.

T.S. No. GM-219438-C
Loan No. 0359308618
Investor No. 121002018

Date: 10/18/2010

ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
Sale Line: 714-730-2727

_____
Omar Solorzano, TRUSTEE SALE OFFICER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# "EXHIBIT 3"

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION;
MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

RECORDING REQUESTED BY: ꟾ?ና
Executive Trustee Services, LLC dba ETS Services, LLC

AND WHEN RECORDED MAIL TO:
GMAC MORTGAGE, LLC FKA
GMAC MORTGAGE CORPORATION
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA 19034

Forward Tax Statements to
the address given above

DOC # 2010-0601502
12/15/2010 10:13A Fee:21.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| / | | | 3 | | | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T: | | CTY | UNI | 065 |

TS # GM-219438-C
LOAN # 0359308618
TITLE ORDER # 100423538-CA-MSI

INVESTOR #: 0000000000000

2-1
T
065

## TRUSTEE'S DEED UPON SALE

APN 123-621-011-7            TRANSFER TAX: $00.00
"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"
The Grantee Herein Was The Foreclosing Beneficiary.
The Amount Of The Unpaid Debt was $858,126.63
The Amount Paid By The Grantee Was $459,000.00
Said Property Is In The City Of NORCO, County of Riverside

"This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title"

Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder
more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

**GMAC MORTGAGE, LLC FKA**
**GMAC MORTGAGE CORPORATION**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Riverside, State
of California, described as follows:

See exhibit "A" attached hereto and made a part hereof

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **LUAN NGUYEN
AND REBECCA H. ANDRES, HUSBAND AND WIFE AS JOINT TENANTS** as Trustor, dated **3/13/2006** of the Official
Records in the office of the Recorder of **Riverside**, California under the authority and powers vested in the Trustee
designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust
pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **3/28/2006**, instrument number
**2006-0219350** (or Book , Page )
of Official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days
after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to
each person entitled to notice in compliance with California Civil Code 2924b.

[Page 1 of 2]

EXHIBIT "A"

GM-219438

LOT 18, TRACT 29588-4, IN THE CITY OF NORCO, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 353, PAGES 69 THROUGH 82 OF MAPS, INCLUSIVE, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA.

## TRUSTEE'S DEED UPON SALE

Trustee's Deed
T.S.# GM-219438-C
Loan # 0359308618
Title Order # 100423538-CA-MSI

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **12/9/2010**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$459,000.00**, in lawful money of the United States, in pro per, receipt there of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Executive Trustee Services, LLC dba ETS Services, LLC**, as Trustee, has this day, caused its name
to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: **12/11/2010**

**LLC**

**Executive Trustee Services, LLC dba ETS Services,**

By: _____
Erika Puentes, Limited Signing Officer

State of California   } S.S.
County of Los Angeles }

On **12/13/2010** before me, **Sally Beltran** Notary Public, personally appeared **Erika Puentes** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Sally Beltran

SALLY BELTRAN
Commission # 1777085
Notary Public - California
Los Angeles County
My Comm. Expires Oct 30, 2011

[Page 2 of 2]

# "EXHIBIT 4"

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION;
MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

MICHAEL M. BAKER, SBN 273232
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
SAN DIEGO, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
E-Mail: mbaker@piteduncan.com

Attorneys for Plaintiff GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE - MORENO VALLEY COURT

| | |
|---|---|
| GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LUAN NGUYEN, REBECCA H. ANDRES,<br><br>Defendant(s). | Case No. MVC1100653<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE JUDGMENT AND WRIT OF POSSESSION**<br><br>Date:    May 14, 2014<br>Time:    1:00 p.m.<br>Dept.:    MV1UD |

Plaintiff GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION ("Plaintiff") respectfully submits the following Opposition to Defendants LUAN NGUYEN and REBECCA H. ANDRES' ("Defendants") Motion to Vacate the Judgment and Writ of Possession.

I.

STATEMENT OF FACTS

Plaintiff purchased the property located at 3061 Crestview Dr., Norco, CA 92860 ("Subject Property") at trustee's sale on December 9, 2010 and duly perfected by the recording of the Trustee's Deed Upon Sale. Defendants were served with a 3-Day Written Notice to Vacate on December 20, 2010. Defendants failed to comply with the Notice to Vacate and Plaintiff filed the instant action on February 1, 2011.

Plaintiff submitted a request for a trial date to the Court in April of 2011. However, this case

-1-
PLAINTIFF'S OPPOSITION TO MOTION TO VACATE JUDGMENT AND WRIT

was significantly delayed and prevented from proceeding to trial due to a separate civil action that was filed by the Defendants. On October 15, 2013, the parties entered into a Stipulated Judgment. Pursuant to that Judgment, no lockout was to take place prior to December 1, 2013. The Stipulation also provided that the Defendants waived the right to challenge the Judgment or to request stays of enforcement of the Judgment.

The Defendants failed to vacate as agreed. On April 10, 2014, in violation of the Stipulation, the Defendant filed an application to stay enforcement of the Judgment. That application was denied. The Plaintiff is now unable to enforce the Judgment due to a voluntary Bankruptcy petition filed by the Defendant. The Defendant has now filed a Motion to Vacate the Judgment and Writ.

## II.
## LEGAL ARGUMENT

Code of Civil Procedure § 664.6 provides that when parties to an action "stipulate, in a writing signed by the parties outside the presence of the court...for settlement of the case...the court...may enter judgment pursuant to the terms of the settlement." (CCP § 664.6). That Section further provides that "the court may retain jurisdiction over the parties to enforce the settlement." (*Id.*). In this case, the parties have entered into such an agreement. The Stipulated Judgment was executed by the Defendant on October 15, 2013. Accordingly, the case has been settled by the parties, and the Court may enforce that settlement agreement pursuant to Section 664.6.

When parties to litigation appear before the court and advise it that the controversy has been settled and the terms thereof, courts must have the ability to enforce those agreements; this is necessary not only to control the proceedings before the court, but also to protect the interests of the parties who may have materially altered their positions in reliance on the settlement. (*See generally In re Estate of Beard* (1st Dist. 1999) 71 Cal.App.4th 753). "[U]nder the doctrine of promissory estoppel, a party making a promise that the promisor expects to induce action or forbearance and which promise is reasonably relied upon, may be estopped from denying the enforceability of the promise, even if there is otherwise insufficient consideration to support a binding agreement." (*Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 50 (citing, *inter alia*, 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 244, p. 275); *see* Evidence Code § 623 ("Whenever a party

-2-
PLAINTIFF'S OPPOSITION TO MOTION TO VACATE JUDGMENT AND WRIT

1 | has, by his own statement or conduct, intentionally and deliberately led another to believe a
2 | particular thing true and to act upon such belief, he is not, in any litigation arising out of such
3 | statement or conduct, permitted to contradict it")). "If under the terms of a mutual stipulation . . .
4 | one party has received the advantage for which he entered into it . . . it would be inequitable for him
5 | to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his
6 | own agreement upon the ground that it had not been entered in the minutes of the court." (*Fidelity &*
7 | *Cas. Co. of N.Y. v. Abraham* (1945) 70 Cal.App.2d 776, 783 (citing *Himmelmann v. Sullivan* 40 Cal.
8 | 125; *Hawes v. Clark* 84 Cal. 272; *People v. Stephens* 52 N.Y. 306)). "If…attorneys and their clients
9 | were allowed to [benefit from a settlement] and later renege on the agreement to settle, no settlement
10 | would ever be final." (*Gallo v. Getz* (1988) 205 Cal.App.3d 329, 334).

11 | In this case, the Plaintiff acted in reliance upon the Defendant's agreement to settle this case
12 | by refraining from taking any steps to obtain possession of the Property prior to the stipulated move
13 | out date. Had there been no settlement discussion and signed Stipulation in this case, Plaintiff would
14 | have proceeded to trial in order to obtain a Judgment that could be enforced *immediately*, rather than
15 | allowing the Defendant to remain in possession of the Subject Property for several months. Further,
16 | Plaintiff waived its claim to holdover damages, which it would have sought at trial. As such,
17 | Plaintiff has acted in reliance upon the Defendant's agreement, and that agreement should now be
18 | enforced.

19 | In his Motion, the Defendant raises allegations regarding Plaintiff's title to the Property.
20 | However, those allegations are completely irrelevant to this case. The issues in an unlawful detainer
21 | proceeding are simple and few, in keeping with the summary nature of Unlawful Detainer. Plaintiff
22 | need only show (1) that the real property has been duly sold to plaintiff; (2) that title under the sale
23 | had been duly perfected; (3) that plaintiff was entitled to possession, and (4) that written notice to
24 | quit the premises was personally served on defendant, who held over and continued his or her
25 | possession after the requisite notice period expired. (*Johnson v. Hapke* (1960) 183 Cal.App.2d 255).
26 | In this case, the allegations raised by the Defendant are irrelevant, unsupported, and would not
27 | support vacating the Stipulated Judgment in this case.
28 | / / /

### III.

### CONCLUSION

Plaintiff is entitled to a determination that its Judgment is valid as entered, and the Judgment and Writ should not be vacate.

Dated: May 5, 2014

PITE DUNCAN, LLP

_____
MICHAEL M. BAKER
Attorneys for Plaintiff.

-4-
PLAINTIFF'S OPPOSITION TO MOTION TO VACATE JUDGMENT AND WRIT

1  GMAC Mortgage vs. Luan Nguyen
   Superior Court of California - County of Riverside - Moreno Valley Court
2  **Case No(s). MVC1100653**

3                          **DECLARATION OF SERVICE**

4       I, the undersigned, declare: I am, and was at the time of service of the papers herein
   referred to, over the age of 18 years, and not a party to this action. My business address is 4375
5  Jutland Drive, Suite 200; P.O. Box 17934, San Diego, CA 92117-0934.

6       On 5/16/14, I served the following document(s):

7       Plaintiff's Opposition to Defendant's Motion to Vacate Judgment and Writ of Possession

8  on the parties in this action addressed as follows:

9  **Anthony G. Graham, Esq.**
   **Graham and Martin**
10 **3130 South Harbor Blvd., Ste. 250**
   **Santa Ana, CA 92704**
11 **(Counsel for Defendants Luan Nguyen and Rebecca H. Andres)**

12 **Luan Nguyen**                              **Rebecca H. Andres**
   **3061 Crestview Drive**                    **3061 Crestview Drive**
13 **Norco, CA 92860**                         **Norco, CA 92860**

14
       ____**BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am
15         readily familiar with the firm's practice of collection and processing correspondence for
           mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course
16         of business. I am aware that on motion of party served, service is presumed invalid if postal
           cancellation date or postage meter date is more than one day after date of deposit for
17         mailing in affidavit.

18     ____**BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated
           above via certified mail, return receipt requested.
19
       ____**BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the
20         above-described document(s). I verified transmission with a confirmation printed out by
           the facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed
21         and mailed as indicated above.

22      _X_ **BY FEDERAL EXPRESS (FEDEX):** I placed a true copy in a sealed FEDEX envelope
            addressed as indicated above. I am familiar with the firm's practice of collection and
23          processing correspondence for FEDEX delivery and that the documents served are
            deposited with FEDEX this date for overnight delivery.
24
       I declare under penalty of perjury under the laws of the State of California that the
25 foregoing is true and correct.

26     Executed this __16th__ day of May, 2014, at San Diego, California.

27                                                         _____
28                                                         NICHOLE A. WILKINSON

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this case. I am a resident of or employed in the county where the mailing occurred. My business is _14026 Ravenwood Dr._ California _91709_

I SERVED THE FOLLOWING:

1.) REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE WRIT OF POSSESSION AND ITS MOTION TO VACATE JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED UNDER PENALTY OF PERJURY

2.) ORDER

By placing the documents in an envelope and mailing them via US mail to the following persons:

Counsel for GMAC Mortgage, LLC:

MICHAEL M BAKER SBN 273232; PIT DUNCAN, LLP

4375 Jutland Drive, Suite 200; Po Box 17934, San Diego, CA 92177-0934

858-750-7600    Fax 619-590-1385    CM# 70110110000242268153

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 08, 2014

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this case. I am a resident of or employed in the county where the mailing occurred. My business is _14026 Ravenwood Dr_ California _91709_

I SERVED THE FOLLOWING:

1.) COPY PACKAGE "MANDATORY JUDICIAL NOTICE OF FRAUD UPON THE COURT":

    a. REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE WRIT OF POSSESSIONAND ITS MOTION TO VACATE JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED UNDER PENALTY OF PERJURY

    b. ORDER

By placing the documents in an envelope and mailing them via US mail to the following persons:

**DEPARTMENT OF JUSTICE**
ATTORNEY GENERALS OFFICE
CALIFONRIA DEPARTMETN OF JUSTICE
ATTN: PUBLIC INQUIRY UNIT
PO BOX 944255, SACRAMENTO, CA 94244-2550

**FEDERAL TRADE COMMISSION**
HEADQUATERS:
600 PENNSYLVANIA AVENUE, NW, WASHINGTON, DC 20580

**CONSUMER FINANCIAL PROTECTION BUREAU**
PO BOX 4503, IOWA CITY, IOWA 52244

**BANKRUPTCY COURT CHAPTER 11 OF GMAC MORTGAGE**
ONE BOWLING GREEN, NEW YORK, NY 10004-1408

**BANKRUPTCY COURT MISSCELLANEOUS FILING**
3420 12TH ST #125, RIVERSIDE, CA 92501

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 08, 2014

- 23- of - 17 -

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE JUDGMENT and WRIT OF POSSESSION; MEMORANDUM OF POINTS AND AUTHORITES; VERIFIED UNDER PENALTY OF PERJURY