## Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                              )
In re:                                        )      Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )      Chapter 11
                                              )
                          Debtors.            )      Jointly Administered
                                              )
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER
CLAIMS TRUST'S OBJECTION TO KAREN MICHELE ROZIER'S MOTION
FOR RECONSIDERATION OF ORDER DENYING PAYMENT
ON CLAIM NOS. 4738 AND 5632**

I, Deanna Horst, hereby declare as follows:

1.       I am the Chief Claims Officer for The ResCap Liquidating Trust (the "Liquidating Trust"),[1] and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[2]   I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer of ResCap.   I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.   In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a

---

[1]   The ResCap Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role. In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery. I am authorized to submit this declaration (the "Declaration") in support of

the *Objection of the ResCap Borrower Claims Trust to Karen Michele Rozier's Motion for

Reconsideration of Order Denying Payment on Claim Nos. 4738 and 5632* (the "Objection").[3]

2.    Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other former members of the Debtors' management or other former employees of the

Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman

Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon

to testify, I could and would testify competently to the facts set forth in the Objection on that

basis.

3.    In my capacity as Chief Claims Officer, I am intimately familiar with the

claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

that were prepared and kept in the course of their regularly conducted business activities (the

"Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial

affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and

reconciliation of claims, and/or my review of relevant documents. Since the Plan became

effective and the Liquidating Trust was established, I, along with other members of the

---

[3]    Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

Liquidating Trust's management or other employees of the Liquidating Trust have continued the
claims reconciliation process, which includes analyzing claims and determining the appropriate
treatment of the same.  In connection with such review and analysis, where applicable, I or the
Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional
advisors have reviewed (i) information supplied or verified by former personnel in departments
within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv)
other filed proofs of claim, and/or (v) the Claims Register.

## A.    The FRB Consent Order

4.    Without admitting fault, the Consent Order Debtors, AFI, and Ally Bank
agreed, pursuant to the FRB Consent Order, to develop and implement certain risk management
and corporate governance procedures under the guidance of the FRB in order to ensure
prospective compliance with applicable foreclosure-related regulations and laws.  Pursuant to the
FRB Consent Order, the parties were required to undertake a risk assessment of their mortgage
servicing operations and were responsible for making improvements to various aspects of their
residential mortgage loan servicing business, including, among other things, compliance
programs, internal audit, communications with Borrowers, vendor management, management
information systems, employee training, and oversight by the boards of directors of ResCap and
GMACM.  Additionally, pursuant to the FRB Consent Order, GMACM agreed to pay for an
extensive, independent file review regarding certain residential foreclosure actions and
foreclosure sales prosecuted by the Debtors (the "FRB Foreclosure Review"), and to prepare and
submit a detailed report regarding the results of that review.  The FRB Consent Order further
required that the Debtors remediate any financial harm to borrowers resulting from errors or
misrepresentation of the Debtors that the FRB Foreclosure Review uncovers.

5.       In early 2013, the Consent Order Regulators began entering into settlements with various Consent Order parties and, in June 2013, a term sheet was executed among the FRB, ResCap and GMAC Mortgage suspending the FRB Foreclosure Review and the Debtors escrowed $230 million as their anticipated settlement amount.  Following execution of the term sheet, the Debtors' independent consultant, PwC, conducted a review as to the population of borrowers who may have been eligible to receive payments from the settlement fund as designed, and then provided an initial "IFR Waterfall" to the FRB.  The settlement was designed to halt all individual foreclosure file reviews and, instead, provide a payment of some amount, with no determination having been made of actual harm, to each borrower in the final population, *i.e.*, all borrowers being serviced by the Debtors who had been subject to residential mortgage foreclosure actions or proceedings, including residential foreclosure sales, that were pending or occurred at any time from January 1, 2009 to December 31, 2010 (the "Eligible Population").

6.       A formal amendment to the FRB Consent Order was executed on July 26, 2013 and the previously escrowed funds were moved into a Settlement Fund outside the Debtors' control.  Subsequent to that date, the Debtors provided data from its loan servicing system to an independent consultant and the FRB to finalize the IFR Waterfall, with the independent consultant and the FRB verifying the eligibility and placement of all the borrowers into the IFR Waterfall.  Once that was completed, the Debtors provided to Rust Consulting, Inc., as paying agent for the settlement, the specific borrower placement information on November 21, 2013 and the placement of borrowers into the IFR Waterfall was deemed final.  The paying agent is now in process of distributing the funds in the Settlement Fund to borrowers in accordance with a distribution plan implemented by the FRB.

ny-1143894

7.      Upon information and belief, pursuant to the FRB Foreclosure Review,
Ms. Rozier was a Borrower included in the Eligible Population because she was subject to a
foreclosure action or proceedings (which include residential foreclosure sales) that were pending
or occurred at any time from January 1, 2009 to December 31, 2010.  The Debtors' role in the
FRB Foreclosure Review settlement was limited to providing servicing system data to the
independent consultant with respect to the Borrowers who, given the time period in which their
foreclosure actions were pending, may have been eligible to be included in one of the various
"potential harm" categories in the IFR Waterfall.  After the Debtors provided that data, the
independent consultant and the FRB finalized the Eligible Population and the placement of each
eligible Borrower in the IFR Waterfall potential harm categories.  The FRB then determined
payment amounts for each such category.  Ms. Rozier was determined to be eligible to receive
$500 as a settlement payment, the lowest payout provided for in the IFR Waterfall.  Rust
Consulting, Inc. distributed the remediation settlement payment to Ms. Rozier on January 27,
2014.[4]

8.      The payment that Ms. Rozier received in respect of the FRB settlement
does not represent a determination or acknowledgement by the Debtors or the Borrower Trust
that claims made by Ms. Rozier have any merit or that she suffered any harm at the hands of the
Debtors.  Such payment was made, but at no time did GMACM admit any fault or wrongdoing
in connection with any alleged errors, misrepresentation, or other deficiencies of or injury caused
by the Debtors.  The FRB Foreclosure Review and any settlement payments made pursuant to
the FRB Consent Order are entirely separate and apart from the Borrower Trust's claims
reconciliation process, and has absolutely no bearing on the allowance of the Movant's Proofs of

---

[4]     Upon information and belief, the settlement payments first rolled out on January 24, 2014.  The lowest amount
of such payments is $500, as the independent reviewer determined that no loan modification or workout plan
would apply for additional compensation to be provided to Borrowers receiving this amount.

Claim.  Importantly, payment pursuant to the FRB Consent Order does not mean that the Borrower Trust has completed its diligence in reviewing the facts and documentation surrounding the Proofs of Claim to warrant any payments from the Borrower Trust.

9.    The Debtors have complied with their obligations pursuant to the settlement entered into with the FRB, including any obligations owed to the Movant.  In light of the facts at hand, the Movant has not established a basis for which she is entitled to any additional compensation, let alone funds to make her financially whole, under the terms of the FRB Consent Order.

**B.    The California Action**

10.    On September 27, 2012, Ms. Rozier commenced an action in the Superior Court of California against certain defendants,[5] including GMACM and ETS (the "California Action").  As part of the California Action, on October 29, 2012, Ms. Rozier filed the Complaint, alleging, among other things, wrongful foreclosure claims against GMACM and ETS.  On December 4, 2012, GMACM and ETS filed a Bankruptcy Notice.  On February 4, 2013 and June 10, 2013, respectively, Ms. Rozier further amended the Complaint to, among other things, add RFC as a Debtor defendant.  The third amended Complaint, filed on June 10, 2013, no longer named GMACM or ETS, but added RFC as a defendant.  In response, the Debtors mailed Ms. Rozier letters dated February 11, 2013 and June 18, 2013, respectively, to remind Ms. Rozier of the Bankruptcy Notice and potential violations of the automatic stay.  The Debtors filed additional Bankruptcy Notices, one on February 13, 2013 when RFC was added as a party to the California Action, and another on June 18, 2013 in response to the third amended Complaint.

---

[5]    The defendants include: (i) Bank of America, National Association ("BoA"), successor by merger to LaSalle Bank National Association, as Trustee for RAAC 2007RP1; (ii) GMACM; (iii) ETS; and (iv) John Does 1-100.

ny-1143894

11.    On January 8, 2014, defendant U.S. Bank, as Trustee of the securitized trust that includes the Movant's loan (which was subserviced by GMACM, and now by Ocwen[6]) filed a motion for summary judgment in the California Action.  The court ruled from the bench and granted the summary judgment and motion for terminating sanctions.  The court has not yet entered a written order or opinion documenting this ruling.  Upon information and belief, despite the absence of a written order, on May 10, 2014, the Movant immediately filed an appeal from the court's oral ruling.  The trial in the California Action has been adjourned from May 27, 2014 to February 2, 2015.

## C.    The Ninth Circuit Action

12.    On August 22, 2011, Ms. Rozier filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code, Case No. 8:11-bk-21727-CB, in the Bankruptcy Court for the Central District of California (the "Rozier Bankruptcy Case").  On January 12, 2012, a confirmation hearing was held in which the Rozier Bankruptcy Case was converted to a Chapter 7 case.  On June 18, 2012, U.S. Bank, as Trustee, filed a motion for relief from the automatic stay, to which Ms. Rozier filed a response.  On July 10, 2012, the bankruptcy court held a hearing on U.S. Bank's motion, and granted the motion.  Subsequent to this hearing, Ms. Rozier filed an appeal to the Court for the Ninth Circuit Bankruptcy Appellate Panel (the "BAP"), Case No. 12-1359.  While this appeal before the BAP was pending, Ms. Rozier filed a *Motion for Violation of the Automatic Stay* in the Rozier Bankruptcy Case in which she asserted against certain parties, including RFC, an illegal assignment of the beneficiary's interest under the deed

---

[6]    In the third amended Complaint, the Movant attempted to name Ocwen as a defendant to the California Action.  The judge presiding over the California Action filed a Minute Order, dated September 12, 2013, declaring such amendment improper and dismissing Ocwen, without prejudice, as a party.

of trust, when BoA assigned its interest to U.S. Bank. On April 9, 2013, the bankruptcy court denied Ms. Rozier's motion.

13.     After review of the parties' briefing, the BAP upheld the bankruptcy court's ruling on U.S. Bank's motion for stay relief and entered an order to that effect on September 6, 2013. Following the BAP's entered order, Ms. Rozier filed a notice of appeal to the Ninth Circuit, Appeals Case No. 13-60106, captioned *Rozier v. U.S. Bank Nat'l Assoc., et al.* (the "Ninth Circuit Action"). Neither the Debtors nor the Borrower Trust is named as a party to the Ninth Circuit Action, which purportedly raises claims against U.S. Bank, including, but not limited to, allegations of wrongful acts and intentional deceit. Briefing to the Ninth Circuit was completed on April 18, 2014.

14.     Upon information and belief, at present, the Rozier Bankruptcy Case is pending, and no discharge has been granted to the Movant. On December 16, 2013, over one year after the filing of the Proofs of Claim at issue here, the Movant filed amended schedules to include claims against the Debtors ("ResCap BK Claim 4738" in the amount of $29,175,120.01 and "ResCap BK Claim 5632" for $666,000).

**D.    The Movant's Proofs of Claim**

15.     On November 14, 2012, Ms. Rozier timely filed claim number 4738 (the "GMACM Claim") against Debtor GMACM in the amount of $666,000, annexed hereto as Exhibit A.[7] The GMACM Claim alleges liability for, among other things, the claims asserted in the California Action. On November 16, 2012, Ms. Rozier timely filed claim number 5632 (the "ETS Claim" and together with the GMACM Claim, the "Proofs of Claim") against Debtor ETS

---

[7]     As described below, the increased amount the Movant seeks on account of the GMACM Claim— 29,175,120.01 (which is 30.1% of $96,927,309.00)—was only made known to the Borrower Trust in the Motions for Payment (as defined herein).

ny-1143894

in the amount of $666,000, annexed hereto as <u>Exhibit B</u>.  The ETS Claim also alleges liability

for the reasons asserted in the California Action.

16.    The Debtors did not object to the Proofs of Claim before the Effective

Date, and the Borrower Trust has not yet objected to the Proofs of Claim.  Since the Effective

Date, approximately nine omnibus objections to claims have been filed, none of which included

the Proofs of Claim.  Under the terms of the Plan, the Borrower Trust's deadline to object to the

Proofs of Claim does not expire until two hundred seventy days after the Effective Date—

September 15, 2014[8]—or any other later date established by the Court following a motion.

**E.    The Movant's Prior Motions Before the Court**

17.    On December 23, 2013 and subsequently thereafter, the Movant requested

payment of her claims [Docket No. 6173, 6173-1, 6401, 6402] (collectively, the "<u>Motions for

Payment</u>").  In the Motions for Payment, the Movant sought payment in the aggregate amount of

$29,841,120.01, comprised of: (i) $666,000, which is equivalent to 100% of the ETS Claim; and

(ii) $29,175,120.01, which is equivalent to 30.1% of the GMACM Claim (face amount of the

GMACM Claim is $96,927,309.00).  The increased amount the Movant seeks on account of the

GMACM Claim—$29,175,120.01 (which is 30.1% of $96,927,309.00)—was only made known

to the Borrower Trust in the Motions for Payment.

18.    On February 11, 2014, in response to the Motions for Payment, the

Borrower Trust filed the Objection to Payment.  In the Objection to Payment, the Borrower Trust

asserted that there is no basis upon which Ms. Rozier is entitled to relief because the Proofs of

Claim have not yet been deemed "Allowed Borrower Claims."

---

[8]    Since 270 days from December 17, 2013—the Effective Date—is Saturday, September 13, 2014, the
applicable date for this computation is Monday, September 15, 2014. FED. R. BANKR. P. 9006(a)(1)(C).

19.     On February 24, 2014, the Movant filed a reply in support of her Motions for Payment [Docket No. 6597] (the "Reply") and described the Objection to Payment as "nonresponsive, vague, and misleading" and challenged the Borrower Trust's right to evaluate and determine the allowance or disallowance of claims within the timeframe described in the Objection.  On February 26, 2014, the Court entered the *Order Sustaining Objection to Motions of Karen Michele Rozier for Payment on Claims* [Docket No. 6519] (the "Order").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 23, 2014

 _/s/_ Deanna Horst
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust

10

## **EXHIBIT A**

1
2
3

Karen M. Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(714) 512-5740
Claimant Unrepresented

4

5  **UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

6

7                              ) Case: 12-12020 (MG)

8  In re:                       ) Chapter 11
                                )
9  Residential Capital, LLC, et. al.   ) Claim No. 4738
                                ) [Submitted concurrently with claim 5632]
10            Debtors           )
                                ) APPLICATION FOR IMMEDIATE PAYMENT
11                              )
                                )
12                              )

13

14  APPLICATION FOR IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. SECTION 503

15

16        Karen Michele Rozier, Claimant, represented pro se and pursuant

17  to 11 U.S.C. SECTION 503, applies to this Court for allowance and for

18  immediate payment. In support of this motion, Claimant offers the

19  follows:

20

21     1. Debtor filed its voluntary petition under Chapter 11 of the
          Bankruptcy Code on May 15, 2012.
22     2. Claimant had business transactions with Co-Debtor GMAC Mortgage,
          LLC AND ETS, subsidiaries of Debtor. Claimant sued GMACM and ETS
23        is California state and in Federal court, resulting in co-debtors
          rescinding a wrongful notice of default. Co-debtors continued to
24        harass Claimant so she again sued them in California, resulting
          in them revering their wrongful foreclosure. Co-debtors first
25        invoked bankruptcy protection when Claimant sued them for
          emotional damages. After invoking bankruptcy protection, Debtor
26        continued to harass Claimant in her on-going litigation against
          Bank of America.
27

28

3. After the filing of the petition in this case, Karen Michele Rozier, in the ordinary course of business, provided a Proof of Claim No. 4738 filed and was served to Debtor's. Debtor's requested more information on date and Claimant provided additional information with her LEGAL AND FACTUAL REASONS IN SUPPORT OF CLAIMANT'S PROOF OF CLAIM AND DEMAND dated July 21, 2-13. Debtors did not object to Claimant's demand.

4. Claimant request was filed on December 23, 2013.

5. More than twenty (20) days have passed and Debtors have nor objected. Even when allowing for the Christmas Day, New Year's Day and the Reverend Martin Luther King holidays, more than twenty (20) days have passed.

6. This claim is not subject to any set off or counterclaim and Karen Michele Rozier holds no security for the debt.

7. All conditions precedent to the relief demanded herein have been performed or occurred.

WHEREFORE, Claimant Karen Michele Rozier moves this Court to enter an Order allowing Karen Michele Rozier an administrative expense, pursuant to 11 U.S.C. SECTION 503 and directing immediate payment of that claim.

Date: JANUARY 21, 2014

Respectfully Submitted,

*Karen Michele Rozier*

Karen Michele Rozier

Karen M. Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(714) 512-5740
Claimant Unrepresented

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Residential Capital, LLC, et. al. | ) Claim No. 4738 |
| | ) [Submitted concurrently with claim 5632] |
| Debtors | ) |
| | ) AFFIDAVIT |
| | ) |
| | ) |

AFFIDAVIT OF KAREN MICHELE ROZIER

1. I am a Creditor for GMAC Mortgage, LLC.

2. I have properly filed my Proof Of Claim timely and the time for objection has passed.

3. I have properly filed my Demand for Payment timely and the time for objection has passed.

4. I have maintained continual contact with counsel from the Unsecured Borrower's Committee regarding claims and this settlement by confirmation. The contact between the parties has been uninformative and pointless. My previous point of contact was Brian Powers from Silverman Acampo. I have also attempted to communicate with Gary S. Lee from MORRISON & FOERSTER, LLP about my claim.

5. I have reviewed the APPLICATION FOR IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. SECTION 503. All of the facts and matters stated in said Application are true and correct to the best of my knowledge, information, and belief.

Further affiant saith naught.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge, under the laws of perjury in these United States.

Date: JANUARY 21, 2014

Executed in: BUENA PARK, CA

Karen Michele Rozier

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _____Orange_____ }

On _1-21-14_ before me, _Samantha S. Promsiri_,
   Date                    Here Insert Name and Title of the Officer

personally appeared _Karen Michele Rozier_
                           Name(s) of Signer(s)

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**SAMANTHA S. PROMSIRI**
Commission # 1897028
Notary Public - California
Orange County
My Comm. Expires Jul 26, 2014

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
              Signature of Notary Public

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _United State Bankruptcy Court / affidavit, Claim # 4738_

Document Date: _1-21-14_ _____ Number of Pages: _2_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☒ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)          Item #5907

Karen M. Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(714) 512-5740
Claimant Unrepresented

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:                                    ) Chapter 11
                                          )
Residential Capital, LLC, et. al.         ) Claim No. 4738
                                          ) [Submitted concurrently with claim 5632]
            Debtors                       )
                                          ) ORDER
                                          )
                                          )

The application of what for the payment of administrative expensed was
filed with this Court on January ____, 2014. Notice was served on the
parties in interest in these proceedings. No objections being filed to
the Proof of Claim, WHAT, or WHAT, the Court grants Claimant's request
for payment.

IT IS ORDERED THAT $29,175,120.01 of administrative expenses be
allowed as administrative expenses, specifically, legal expense,
filing fees, and proof of claim and paid immediately to Claimaint
Karen Michele Rozier.

Dated:                            _____

                                  Honorable Martin Glenn
                                  United States Bankruptcy Judge

**PROOF OF SERVICE**

**Case 12-12020 (MG) In re Residential Capital, LL**

I am a resident of the State of California. I am over the age of 18 and not a party to the within action. My
business address is 7957 Dahlia Circle, Buena Park, CA 90620.

    (1) APPLICATION FOR IMMEDIATE PAYMENT (Claim 4738)
    (2) AFFIDAVIT (Claim 4738)
    (3) ORDER (Claim 4738)
    (4) APPLICATION FOR IMMEDIATE PAYMENT (Claim 5632)
    (5) AFFIDAVIT (Claim 5632)
    (6) ORDER (Claim 5632)

On all interest parties in this action by adding them to electronic mail through e-filing addressed as
follows:

Counsel to the Debtors
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

Office of the United States Trustee
Tracy Hope Davis
Office of the United State Trustee
201 Varick Street, Suite 1006
New York, NY 10004

Counsel to the Official Committee of
Unsecured Creditors
Kenneth H. Eckstein
Thomas Moers Mayer
Douglas H. Mannal
Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Counsel to the Examiner
Howard Seife
David M. LeMay
Robert J. Gayda
Marc B. Roitman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

I declared under penalty of perjury under the laws of the State of California that the foregoing is true and
correct.

Executed on January 21, 2014

David E. Rozier, Sr.

## EXHIBIT B

Docket #6401  Date Filed: 1/27/2014

RECEIVED
JAN 2 7 2014
U.S. BANKRUPTCY COURT
S.D. OF NEW YORK

1  Karen M. Rozier
   7957 Dahlia Circle
2  Buena Park, CA 90620
   (714) 512-5740
3  Claimant Unrepresented

4

5              **UNITED STATES BANKRUPTCY COURT**
               **SOUTHERN DISTRICT OF NEW YORK**
6

7
                                   ) Case : 12-12020 (MG)
8  In re:                          )
                                   ) Chapter 11
9                                  )
   Residential Capital, LLC, et. al.  ) Claim No. 5632
10                                 ) [Submitted concurrently with claim 4738]
              Debtors             )
11                                ) APPLICATION FOR IMMEDIATE PAYMENT
                                  )
12 _____)

13

14

   APPLICATION FOR IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. SECTION 503
15

16
        Karen Michele Rozier, Claimant, represented pro se and pursuant
17
   to 11 U.S.C. SECTION 503, applies to this Court for allowance and for
18
   immediate payment. In support of this motion, Claimant offers the
19
   follows:
20

21   1. Debtor filed its voluntary petition under Chapter 11 of the
        Bankruptcy Code on May 15, 2012.
22   2. Claimant had business transactions with Co-Debtor GMAC Mortgage,
23      LLC AND ETS, subsidiaries of Debtor. Claimant sued GMACM and ETS
        is California state and in Federal court, resulting in co-debtors
24      rescinding a wrongful notice of default. Co-debtors continued to
        harass Claimant so she again sued them in California, resulting
25      in them revering their wrongful foreclosure. Co-debtors first
        invoked bankruptcy protection when Claimant sued them for
26      emotional damages. After invoking bankruptcy protection, Debtor
        continued to harass Claimant in her on-going litigation against
27      Bank of America.
28

                           Claim 5632 - Page 1 of 2

3. After the filing of the petition in this case, Karen Michele Rozier, in the ordinary course of business, provided a Proof of Claim No. 5632 filed and was served to Debtor's. Debtor's requested more information on date and Claimant provided additional information with her LEGAL AND FACTUAL REASONS IN SUPPORT OF CLAIMANT'S PROOF OF CLAIM AND DEMAND dated July 21, 2-13. Debtors did not object to Claimant's demand.

4. Claimant request was filed on December 23, 2013.

5. More than twenty (20) days have passed and Debtors have nor objected. Even when allowing for the Christmas Day, New Year's Day and the Reverend Martin Luther King holidays, more than twenty (20) days have passed.

6. This claim is not subject to any set off or counterclaim and Karen Michele Rozier holds no security for the debt.

7. All conditions precedent to the relief demanded herein have been performed or occurred.

WHEREFORE, Claimant Karen Michele Rozier moves this Court to enter an Order allowing Karen Michele Rozier an administrative expense, pursuant to 11 U.S.C. SECTION 503 and directing immediate payment of that claim.

Date: JANUARY 21, 2014          Respectfully Submitted,

Karen Michele Rozier

1   Karen M. Rozier
    7957 Dahlia Circle
2   Buena Park, CA 90620
    (714) 512-5740
3   Claimant Unrepresented

4

5                    **UNITED STATES BANKRUPTCY COURT**
                     **SOUTHERN DISTRICT OF NEW YORK**
6

7

8   In re:                          )   Chapter 11
                                     )
9                                    )
    Residential Capital, LLC, et. al.)   Claim No. 5632
10                                   )   [Submitted concurrently with claim 4738]
              Debtors                )
11                                   )   AFFIDAVIT
                                     )
12                                   )
    _____)

13

14  **AFFIDAVIT OF KAREN MICHELE ROZIER**

15

16  1. I am a Creditor for Executive Trustee Services, LLC dba ETS, LLC.

17  2. I have properly filed my Proof Of Claim timely and the time for

18     objection has passed.

19  3. I have properly filed my Demand for Payment timely and the time

20     for objection has passed.

21  4. I have maintained continual contact with counsel from the

22     Unsecured Borrower's Committee regarding claims and this

23     settlement by confirmation. The contact between the parties has

24     been uninformative and pointless. My previous point of contact

25     was Brian Powers from Silverman Acampo. I have also attempted to

26     communicate with Gary S. Lee from  MORRISON & FOERSTER, LLP about

27     my claim.

28

5. I have reviewed the APPLICATION FOR IMMEDIATE PAYMENT PURSUANT TO

11 U.S.C. SECTION 503. All of the facts and matters stated in

said Application are true and correct to the best of my

knowledge, information, and belief.

Further affiant saith naught.


I declare under penalty of perjury that the above is true and correct

to the best of my knowledge, under the laws of perjury in these United

States.


Date: JANUARY 21, 2014

Executed in: Buena Park, CA

_Karen Michele Rozier_

Karen Michele Rozier

Notarized

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _Orange_

On _1-21-14_ before me, _Samantha S. Promsiri_
  <sub>Date</sub>              Here Insert Name and Title of the Officer

personally appeared _Karen Michele Rozier_
                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**SAMANTHA S. PROMSIRI**
Commission # 1897028
Notary Public - California
Orange County
My Comm. Expires Jul 26, 2014

Signature: _____

Place Notary Seal Above          Signature of Notary Public

———————— **OPTIONAL** ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _United State Bankruptcy court /affidavit, Claim #5632_

Document Date: _1-21-14_ _____ Number of Pages: _2_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☒ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)          Item #5907

Karen M. Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(714) 512-5740
Claimant Unrepresented

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Residential Capital, LLC, et. al. | ) Claim No. 5632 |
| | ) [Submitted concurrently with claim 4738] |
| Debtors | ) |
| | ) ORDER |
| | ) |
| | ) |

The application of what for the payment of administrative expensed was filed with this Court on January _____, 2014. Notice was served on the parties in interest in these proceedings. No objections being filed to the Proof of Claim, WHAT, or WHAT, the Court grants Claimant's request for payment.

IT IS ORDERED THAT **$666,000.00** of administrative expenses be allowed as administrative expenses, specifically, legal expense, filing fees, and proof of claim and paid immediately to Claimaint Karen Michele Rozier.

Dated:                                    _____
                                         Honorable Martin Glenn
                                         United States Bankruptcy Judge