**Presentment Date and Time: June 4, 2014 at 12:00 p.m. (ET)**
**Objection Deadline: June 3, 2014 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jonathan M. Petts

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF RESCAP LIQUIDATING TRUST'S MOTION PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 FOR ENTRY OF AN ORDER FURTHER EXTENDING THE TIME TO FILE NOTICE OF REMOVAL OF <u>CIVIL ACTIONS</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Motion Pursuant to Bankruptcy Rule 9006(b) and 9027 for Entry of an Order Further Extending the Time to File Notice of Removal of Civil Actions* (the "<u>Motion</u>"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **June 4, 2014 at 12:00 p.m. (Prevailing Eastern Time)**.

ny-1143845

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **June 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum and Jonathan M. Petts); and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Motion are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated:  May 28, 2014
        New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jonathan M. Petts
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

**Presentment Date and Time: June 4, 2014 at 12:00 p.m. (ET)**
**Objection Deadline: June 3, 2014 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Norman S. Rosenbaum
Jonathan M. Petts

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Chapter 11 |
| | Jointly Administered |

**MOTION PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 FOR ENTRY OF AN ORDER FURTHER EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

The ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Chapter 11 Plan confirmed in the above-captioned cases, on behalf of Residential Capital, LLC and its affiliated post-effective date debtors (collectively, the "Debtors"), hereby submits this motion (the "Motion") for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Trust may file or direct the filing of notices of removal of Civil Actions (as defined below), and thereby further extending the time to remove to the appropriate bankruptcy court or district court civil actions and proceedings to which the Debtors or Trust are

ny-1143845

a party (collectively, the "Civil Actions"). In further support of this Motion, the Trust respectfully represents:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On December 11, 2013, following the confirmation hearing, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* confirming the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) occurred and the Trust was created [Docket No. 6137].

5. The Debtors continue to be parties to thousands of pre-petition Civil Actions pending in various forums around the country. In addition, shortly before the Effective Date, Debtor Residential Funding Company, LLC ("RFC") commenced Civil Actions in state and federal courts in Minnesota and New York against various correspondent lenders that sold

mortgage loans to RFC (the "Correspondent Loans").  The Civil Actions against the correspondent lenders generally seek damages for breaches of representations and warranties and indemnification for liabilities sustained by RFC, including as a result of the Debtors' settlement of claims asserted by the RMBS Trusts, to which many of the Correspondent Loans were transferred, and the Debtors' settlement of claims asserted by certain monoline insurers that guaranteed payment of principal and interest on mortgage-backed securities issued by the RMBS Trusts.  Under the Plan, the Trust now directs the pursuit of those Civil Actions for the benefit of the Debtors' creditors.

## RELIEF REQUESTED

6.      Pursuant to Bankruptcy Rule 9027 and the *Order Further Extending the Debtors' Time to File Notices of Removal of Civil Actions* entered on February 25, 2014 [Docket No. 6516], the deadline to file notices of removal of the Civil Actions was extended to June 1, 2014.  By this Motion, the Trust respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1 (the "Order"), pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, further extending the time within which the Debtors or the Trust, as applicable, are permitted to file notices of removal of the Civil Actions to July 31, 2014.

## BASIS FOR RELIEF

7.      Section 1452 of title 28 of the United States Code provides for the removal of civil claims or actions related to bankruptcy cases and provides, in pertinent part:

> (a)     A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to a district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

  (b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C. §§ 1452(a) and 1452(b)

  8.  Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) and (a)(3) provide:

> (a)(2) . . . If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief….
>
> (a)(3) . . . If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(2)-(a)(3).

  9.  Bankruptcy Rule 9006 permits courts to extend the period provided by Bankruptcy 9027 to remove civil claims or actions. Specifically, Bankruptcy Rule 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period *by* these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the

ny-1143845                 4

> period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10. It is well established, in this circuit and others, that Bankruptcy Rule 9006 authorizes bankruptcy courts to specifically extend the removal period provided for under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 "for cause." See In re Jandous Elec. Constr. Corp., 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that the Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

11. Moreover, courts in this District have routinely granted requests to extend the time period for seeking removal in other large chapter 11 cases. See, e.g., In re MF Global Holdings Ltd., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. January 19, 2012, April 24, 2012, August 30, 2012) [Docket Nos. 374, 651, 810] (granting a 90-day extension upon debtors' initial request and subsequent requests to enlarge removal period); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. April 19, 2012, August 15, 2012, December 12, 2012) [Docket Nos. 931, 1873, 2553] (granting a 120-day extension and subsequent request to enlarge

removal period); In re Grubb & Ellis Co., Case No. 12-10685 (MG) (Bankr. S.D.N.Y. May 18, 2012, August 23, 2012) [Docket Nos. 1057, 1479] (granting a 102-day extension); In re Innkeepers USA Trust, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Oct. 14, 2010) [Docket No. 573] (period extended until later of (a) 268 days after petition date, or (b) 30 days after the entry of an order terminating the automatic stay with respect to the particular action sought to be removed); In re Great Atl. & Pac. Tea Co., Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011, July 8, 2011) [Docket Nos. 1005, 2184 respectively] (granting a 120-day extension upon debtors' initial request and granting subsequent request to enlarge removal period). The Trust submits that the period requested herein—extending the deadline to July 31, 2014—is well within the range of extensions granted by this court in light of the circumstances of these Chapter 11 Cases.

**CAUSE EXISTS TO WARRANT EXTENSION OF THE REMOVAL PERIOD**

12. As noted above, absent a further extension, the Court's prior order granted the Trust through June 1, 2014 to file notices to remove any Civil Actions whose removal periods would otherwise expire before that date. In the relatively short period since the Effective Date, the Trust has devoted considerable time and efforts to a multitude of tasks, including, among others, (i) effecting unit distributions under the Plan; (ii) transitioning the vast majority of the Debtors' assets and certain of the Debtors' personnel and operations to the Trust; (iii) continuing the winddown of the Debtors' operations; (iv) managing hundreds of millions of dollars in assets; (v) continuing the claims reconciliation process involving approximately 2,300 claims; (vi) analyzing and commencing numerous potential preference actions as well as several additional Civil Actions related to the Correspondent Loans; and (vii) engaging in adversary proceedings and other litigation before the Bankruptcy Court.

ny-1143845                                    6

13. Due to the urgent need to focus on these critical activities, the Trust and their professionals have not had a sufficient opportunity to analyze the merits of the Civil Actions and the desirability of removing them to the appropriate bankruptcy court or district court. Thus, the Trust is continuing to review the Debtors' files and records and undertaking an analysis of the relevant court documents to determine whether the Trust would benefit from the removal of any of the thousands of Civil Actions pending in courts throughout the country. Further extending the period to file notices of removal will provide the Trust with adequate time to conduct this review.

14. The Trust believes that the proposed extension will enable the Trust to properly consider, and make informed decisions concerning, the removal of the Civil Actions. If the requested extension is not granted, the Trust will not have sufficient time to fully consider the removal of the Civil Actions in light of their other pending obligations. Accordingly, the Trust submits that cause exists to grant the relief requested herein, and that such relief is appropriate and in the best interests of the Trust and their creditor constituencies.

15. The relief requested herein will not unduly prejudice any counterparties to the Civil Actions because if the Trust removes any Civil Action to federal court (including those actions in which stay relief has been granted), the affected adverse party will nevertheless retain its right to seek remand of the removed Civil Action back to state court pursuant to 28 U.S.C. § 1452(b).

## NOTICE

16. The Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE the Trust respectfully requests the entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, further extending the time within which the Trust is permitted to file notices of removal of the Civil Actions, thereby extending the time to remove such Civil Actions to the appropriate district court or bankruptcy court, to July 31, 2014.

Dated: May 28, 2014
New York, New York

                    /s/ Norman S. Rosenbaum
                    Norman S. Rosenbaum
                    Jonathan M. Petts
                    MORRISON & FOERSTER LLP
                    250 West 55th Street
                    New York, New York 10019
                    Telephone: (212) 468-8000
                    Facsimile: (212) 468-7900

                    *Counsel for the ResCap Liquidating Trust*

# EXHIBIT 1

## Proposed Order

ny-1143845

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>        Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER FURTHER EXTENDING THE TIME
TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

Upon the motion (the "Motion")[1] of the ResCap Liquidating Trust (the "Trust") for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Trust may file notices of removal of civil actions, and thereby extending the period to remove to this Court or the appropriate bankruptcy court or district court, civil actions and proceedings to which the Trust is a party (collectively, the "Civil Actions"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Trust and the Debtors' creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

  ORDERED that the Motion is granted to the extent provided for herein;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1143845

ORDERED that, pursuant to Bankruptcy Rule 9006(b), the time provided by Bankruptcy Rule 9027 to file notices of removal of the Civil Actions, and thereby remove such Civil Actions to the appropriate bankruptcy court or district court, is extended to and including July 31, 2014;

ORDERED that the Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion;

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE