**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 4702

COMES NOW Tomas Diaz ("Mr. Diaz"), and files this Response to the Debtor's Objection to Claim No. 4702, and states as follows:

### FACTUAL BACKGROUND

1.      On April 17, 2006, Mr. Diaz obtained a loan modification with Platinum Capital Group, refinancing his homestead property located at 5200 SW 132nd Avenue, Miami, Florida 33175, loan No. 10500352, in the amount of $1,000,000.00 paying $400,000.00 in consideration to Platinum Capital Group. Thus, retaining $400,000 in equity of such homestead property with Platinum Capital Group.

2.      On October 26, 2006, Residential Funding Company, LLC ("RFC"), assigned this mortgage to Deutsche Bank Trust Company Americas Trustee ("Deutsche Bank Trust"), RFC loan No. 10624849.

3.      On April 30, 2007, RFC filed an affidavit of a lost note, whereas a photocopy of Note was attached to the Affidavit.

4.      On June 1st, 2007, Deutsche Bank Trust, initiated a mortgage foreclosure lawsuit against Mr. Diaz, case No. 2007-16754-CA-01, and failed to provide original Promissory Note, bearing no proper signatures.



1

5.    On August 19th, 2010, Mr. Diaz recorded Affidavit of Title, stating the homestead property is "under investigation due of possible Fraud on the Plaintiff's side Rule 60.B Rule 9 B" and cannot be sold or tampered due to the fact that Plaintiff (Deutsche Bank Trust) did not present the original promissory note.

6.    On March 12, 2008 Deutsche Bank Trust sold this loan to Aurora Loan Servicing, LLC.

7.    On July 1, 2012, Aurora Loan Servicing LLC sold this mortgage to Nationstar Mortgage LLC. *also on July 15 2012 on Behalf of Deutshe Bank..*

8.    In August 2012, Mr. Diaz filed claim with Department of the Treasury of Internal Revenue Service, claim No. 2012-007551 (RALI Series 2006-QO6 Trust – Series) due to the fraudulent actions of RFC and the assignments of mortgage securing his homestead property.

9.    Claim No. 2012-007551 is under investigation of Whistleblower's Office, IRS.

10.    On October 28th, 2013, Mortgage Electronic Registration Systems, Inc., as nominee for Platinum Capital Group ("MERS"), its successors and assigns, **assigned this mortgage to Deutsche Bank Trust**, and recorded it on October 29th, 2013. *on July 2013 my counsel has defendants motion to vacate.*

11.    Currently, Mr. Diaz's homestead property is valued at $568,962.00 according to Miami Dade Property Appraiser.

2

## LEGAL BASIS FOR CLAIM NO. 4702

**Standard of Review**

A "creditor . . . may file a proof of claim" in order to claim interest in Debtor's Bankruptcy estate. 11 U.S.C. § 501(a). Such a claim constitutes a prima faie evidence of the validity and the amount of the claim. Fed R. Bankr. 3001 (f); 11 U.S.C. 502(a). Such provisions establish that a claim is allowed unless the debtor files an objection. 11 U.S.C. § 502(a). Consequently, the claimant has a burden of proof demonstrating the validity of his claim. See generally In Re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In Re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb 20, 2007); In Re Rockefeller Ctr. Props., 272 B.R. 524, 539 *Bankr. S.D.N.Y. 2000).

**Analysis**

As per all the recorded assignments and purchases of the mortgage in question, there is no proof Mr. Diaz's loan was transferred, sold or assigned properly. (¶¶ 1-7).[1] There is a reasonable question as to how MERS assigned the mortgage to Deutsche Bank Trust not having a legal right or title to do so. (¶ 10). Additionally, RFC failed to provide the original Promissory Note. (¶ 3). Also, Nationstar Mortgage, LLC, failed to provide the original Promissory Note. (¶ 4). Moreover, their photocopy did not comply with the judicial foreclosure action requirements as to a true and correct copy of such note. (¶ 3-5).

Currently. there is an investigation by IRS office as to the tax consequences of the improper assignments and transfers of Mr. Diaz's mortgage. and Debtor's liability as to

---

[1] References to paragraphs of factual background will be referred as (¶ #).

3

any and all tax deficiency in this matter. (¶¶ 8, 9). Therefore, it will be prejudicial to Mr. Diaz to disallow and expunge his claim in the amount of $400,000 as a secured claim under the Bankruptcy Code.

Moreover, due to the improper assignments and transfers of Mr. Diaz's mortgage, Debtor might still have equity in Mr. Diaz's homestead property. Mr. Diaz made a payment of $400,000.00 to refinance this homestead property. (¶ 1). The property is currently valued at $568,962 according to Miami Dade Property Appraiser. (¶ 11). Analogous to a relief from an automatic stay procedure by a secured creditor, Mr. Diaz should be protected by Bankruptcy Code as to his secured claim. 11 U.S.C. 362. Mr. Diaz, as a secured creditor of Debtor, is considered oversecured creditor due to the fact that the collateral is valued higher than the debt, and is entitled to the protection, including post-petition interest. *United Savings Ass. of Texas v. Timbers of Inwood Forest*, 484 U.S. 365 (1988). Consequently, if such creditor's protection is adequate in a relief from an automatic stay procedure having a higher standard of review, his claim may not be disallowed and expunged.

Currently, due to the improper or fraudulent assignments of this mortgage, Mr. Diaz is unable to refinance, sell or otherwise transfer the mortgage and the property, thus preventing him from exercising his legal rights as the owner of his homestead property.

Thus, Mr. Diaz respectfully requests this Honorable Court to allow his proof of claim, pay back $400,000, reduce the principal on such loan, and other relief Mr. Diaz is entitled to.

Date: May 21st, 2014

_____

Tomas Diaz

4

## CERTIFICATE OF SERVICE

I **hereby certify** that a true and correct copy of this response was send on this **21st**

**day of May, 2014** upon all interested parties via email or regular U.S. Mail as provided

in the Service List Attached.

Date: May 21st, 2014

Tomas Diaz

PRO SE APPELANT/CREDITOR
5280 SW 122 AVE
MIAMI FL 33175
305-2445159
MASTERPICAISO@YAHOO.COM.

*Paragraph 1*

*11*

MIN: 1000866-00105003352-1          Loan Number: 10500352

# ADJUSTABLE RATE NOTE

**THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THIS NOTE.**

APRIL 27, 2006                    IRVINE                    CALIFORNIA
[Date]                            [City]                    [State]

5200 SOUTHWEST 122ND AVENUE, MIAMI, FLORIDA 33175
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 1,000,000.00    (this amount is called "Principal"), plus interest, to the order of Lender. Lender is PLATINUM CAPITAL GROUP, A CALIFORNIA CORPORATION

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

**(A)  Interest Rate**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     1.500  %. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**(B)  Interest Rate Change Dates**

The interest rate I will pay may change on the 1st    day of JULY, 2006    , and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date.

**(C)  Interest Rate Limit**

My interest rate will never be greater than     9.950 %.

**(D)  Index**

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The "Index" is the "Twelve-Month Average" of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)" (the "Monthly Yields"). The Twelve Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12. The most recent Index figure available as of the date 15 days before each Interest Rate Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE
RFC FORM 3824 (1008) MODIFIED INSTRUMENT
For Use In FLORIDA Only                    Page 1 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

*TD*

(B)   Calculation of Interest Rate Changes

Before each Interest Rate Change Date, the Note Holder will calculate the new interest rate by adding
THREE AND 400/1000                     percentage point(s) (      3.400   %) to the Current
Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point
(0.125%).  Subject to the limit stated in Section 2(C) above, the result of this addition will be the new interest rate
until the next Interest Rate Change Date.

3.   PAYMENTS

(A)   Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the   1st    day of each month beginning on JULY 1
2006    .  I will make these payments every month until I have paid all the principal and interest and any other
charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal.  If, on JUNE 1, 2036                    , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 17101 ARMSTRONG AVENUE SUITE, 200,
IRVINE, CALIFORNIA 92614

or at a different place if required by the Note Holder.

(B)   Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 3,451.20                 .  This amount
may change.

(C)   Payment Change Dates

My monthly payment may change as required by Section 3(D) below beginning on the 1st      day of
JULY, 2007                 , and on that day every  12th  month thereafter.  Each of these dates is
called a "Payment Change Date."  My monthly payment also will change at any time Section 3(F) or 3(G) below
requires me to pay a different monthly payment.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date or as
provided in Section 3(F) or 3(G) below.

(D)   Calculation of Monthly Payment Changes

Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that
would be sufficient to repay the unpaid principal that I am expected to owe at the Payment Change Date in full on the
Maturity Date in substantially equal installments at the interest rate effective during the month preceding the Payment
Change Date.  The result of this calculation is called the "Full Payment."  Unless Section 3(F) or 3(G) below requires
me to pay a different amount, my new monthly payment will be in the amount of the Full Payment, except that my
new monthly payment will be limited to an amount that will not be more than 7.5% greater than the amount of my
last monthly payment due before the Payment Change Date.

(E)   Additions to My Unpaid Principal

My monthly payment could be less than the amount of the interest portion of the monthly payment that would
be sufficient to repay the unpaid principal I owe at the monthly payment date in full on the Maturity Date in
substantially equal payments.  If so, each month that my monthly payment is less than the interest portion, the Note
Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the
difference to my unpaid principal.  The Note Holder also will add interest on the amount of this difference to my
unpaid principal each month.  The interest rate on the interest added to Principal will be the rate required by Section
2 above.

(F)   Limit on My Unpaid Principal; Increased Monthly Payment

The unpaid principal can never exceed a maximum amount equal to 115.000 % of the Principal amount I
originally borrowed.  Because of my paying only limited monthly payments, the addition of unpaid interest to my
unpaid principal under Section 3(E) above could cause my unpaid principal to exceed that maximum amount when
interest rates increase.  In that event, on the date that my paying my monthly payment would cause me to exceed that
limit, I will instead pay a new monthly payment.  The new monthly payment will be in an amount that would be

PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE
RFC FORM 3524 (10/05) MODIFIED INSTRUMENT
For Use in FLORIDA Only                          Page 2 of 5

DocMagic eForms 800-649-1362
www.docmagic.com



sufficient to repay my then unpaid principal in full on the Maturity Date in substantially equal installments at the interest rate effective during the preceding month.

(C)   Required Full Payment

On the fifth Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I also will begin paying the Full Payment as my monthly payment on the final Payment Change Date.

## 4.   NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.   BORROWER'S RIGHT TO PREPAY ++ See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.   BORROWER'S FAILURE TO PAY AS REQUIRED

(A)   Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)   Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)   Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)   No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE
RFC FORM 3624 (11/03) MODIFIED INSTRUMENT
For Use in FLORIDA Only                    Page 3 of 5

DocMagic eForms 800-649-1362
www.docmagic.com



TO

(B)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption

PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE
APC FORM 3524 (10/05) MODIFIED INSTRUMENT
For Use in FLORIDA Only        Page 4 of 5

DocMagic  800-649-1362
www.docmagic.com



agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 12. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)                    _____ (Seal)
TOMAS  DIAZ                      -Borrower                                                  -Borrower


_____ (Seal)                    _____ (Seal)
                                -Borrower                                                  -Borrower


_____ (Seal)                    _____ (Seal)
                                -Borrower                                                  -Borrower


[Sign Original Only]

PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE
RFC FORM 3524 (1/0/05) MODIFIED INSTRUMENT
For Use In FLORIDA Only                    Page 5 of 5

DocMagic €Forms  800.649.1362
www.docmagic.com



PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By: _____
Judy Faber, Vice President

TRI-COUNTY
WILL CALL
WATSON TITLE & INSURANCE, INC.

WATSON TITLE II
1800 N.W. 49nd ST.
SUITE 120
FT. LAUDERDALE, FL 33309
ANCE, INC.

RECORD AND
RETURN TO

CFN 2007R0084035
OR Bk 25305 Pg 06541 (1pg)
RECORDED 01/25/2007 08:40:02
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

*Paragraph 2.*

## CORPORATION ASSIGNMENT of MORTGAGE

Return To:
RESIDENTIAL FUNDING COMPANY, LLC
One Meridian Crossings
Minneapolis, MN 55423

MIN: 100066600105003521          MERS Phone: 1-888-679-6377
RFC Loan Number: 10624649
Seller Loan Number: 10500352

**FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS")
AS NOMINEE FOR PLATINUM CAPITAL GROUP**

the undersigned hereby grants, assigns and transfers to

**Deutsche Bank Trust Company Americas as Trustee**

3 Park Plaza, 16th Floor, Irvine, CA 92714-8505

all beneficial interest under that certain Mortgage dated 04/27/2006
executed by THOMAS DIAZ

TO/FOR:    **THE UNDERSIGNED**

and recorded in Book **24526** on Page **3829** as Instrument No. _____ on **5/15/2006** of official
Records in the County Recorder's Office of **MIAMI-DADE** County, Florida.

LEGAL:    **AS IN MORTGAGE REFERENCED HEREIN**

MORTGAGE AMOUNT:  $1,000,000.00
PROPERTY ADDRESS:   5200 SOUTHWEST 122ND AVENUE  MIAMI, FL  33175
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

Mortgage Electronic Registration Systems, Inc. ("MERS")

BY: _Matt Favorite_

NAME: Matt Favorite

TITLE: Vice President

STATE OF              Minnesota )
COUNTY OF            Hennepin )

On 10/26/2006 before me, the undersigned, a Notary Public in and for said State personally appeared Matt Favorite, Vice
President of Mortgage Electronic Registration Systems, Inc. ("MERS") personally known to me to be the person whose
name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized
capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the
instrument. WITNESS my hand and official seal.

_Karen E. Steffensen_
Notary Public in and for said State

KAREN E. STEFFENSEN
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2010

Prepared 10/26/2006 by Matt Favorite, Residential
Funding Company, LLC, One Meridian Crossings,
Suite 100, Minneapolis, MN 55423, (952) 979-4000.

06-07296

LOST NOTE AFFIDAVIT

## AFFIDAVIT OF LOST NOTE

### (Photocopy of Note Attached)

*Paragraph 3*

**Loan Number  10624849**

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**On this 30 day of May 2007 before me appeared S. Seidel, Assistant Secretary who being first duly sworn, does depose and say that**

**Residential Funding Company, LLC**

Was the holder of a certain NOTE dated April 27, 2006 in the amount of One Million   Dollars and 0/100 ($1,000,000.00) made by THOMAS  DIAZ to Platinum Capital Group. and does further depose and say that said NOTE, a copy of which is attached as a true and correct photocopy of the front and back and any and all endorsements, has either been lost, misplaced, or destroyed and can not be produced.

**IN THE EVENT THE ORIGINAL NOTE IS HEREAFTER LOCATED, RESIDENTIAL FUNDING COMPANY, LLC SHALL DELIVER IT TO THE APPROPRIATE CUSTODIAN**

Residential Funding Company, LLC

By: _S. Seidel_

S. Seidel
Assistant Secretary

On _5-30-07_ before me, **B.Nolan**, personally appeared S. Seidel ☒ personally known to me - ☐ or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by their signatures on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

B. NOLAN
NOTARY PUBLIC-MINNESOTA

Witness my hand and official seal.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 2007-16754-CA

*TOMAS DIAZ*
*5200 SW 122A*
*33175*

*Paragraph 4.*
*Paragraph 6*

DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE
        PLAINTIFF
VS.
TOMAS DIAZ, ET AL
        DEFENDANT(S)

## EX PARTE MOTION TO RESET FORECLOSURE SALE

Plaintiff, by and through its undersigned counsel, hereby files this Ex Parte Motion to Reset Foreclosure Sale and in support thereof states:

1.      The Plaintiff filed its Complaint on JUNE 1, 2007.

2.      The Summary Final Judgment was entered on JANUARY 8, 2008 and the Foreclosure Sale was scheduled for MARCH 12, 2008.

3.      On or about MARCH 12, 2008, the Plaintiff voluntarily canceled the foreclosure sale. DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE sold the loan to AURORA LOAN SERVICING, LLC.

4.      No settlement has been achieved and the Plaintiff now elects to proceed with the foreclosure sale.

5.      Plaintiff request to take title in the name of AURORA LOAN SERVICING, LLC.

WHEREFORE, Plaintiff requests that this Court enter an Order to Reset the Foreclosure Sale in this Cause.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Ex Parte Motion to Reset Sale was mailed this _9_ day of _May_, 2008 to:

RANDALL NORDLUND, ESQUIRE
ATTORNEY FOR TOMAS DIAZ
ONE SE 3RD AVENUE
SUNTRUST INTERNATIONAL CENTER
SUITE 1900
MIAMI, FL 33131

UNKNOWN SPOUSE OF TOMAS DIAZ
10420 SW 58TH ST
MIAMI, FL 2835

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
1595 SPRING HILL ROAD, SUITE 310
VIENNA, VA 22182

BENEFICIAL FLORIDA, INC.
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

NELSON QUEVEDO
ANA VICKY QUEVEDO
1415 GARCIA AVENUE
CORAL GABLES, FL 33134

_for_
_30377_

MATTHEW L. KAHL
Law Offices of David J. Stern, P.A.
Attorney for Plaintiff
900 South Pine Island Road Suite 400
Plantation, FL 33324-3920
(954) 233-8000
Florida Bar #: 766801

Case #: 07-83383(HCNW)

*CLAIM # 4702*

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT, IN AND FOR MIAMI-DADE COUNTY,
FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 2007-16754-CA

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE
    PLAINTIFF
VS.

TOMAS DIAZ, ET AL
    DEFENDANT(S)

## ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO RESET FORECLOSURE SALE

THIS CAUSE, having come before the Court upon Plaintiff's Ex Parte Motion to Reset Foreclosure Sale,
and the same having been considered, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. That Plaintiff's Motion to Reset Foreclosure Sale be and the same is hereby GRANTED.

2. That the foreclosure sale in this cause is reset for *August 1*, 2008 in Room 908 of the
MIAMI-DADE County Courthouse, at 11:00 a.m. at 140 W. FLAGLER STREET, MIAMI, Florida.

3. Plaintiff request to take title in the name of AURORA LOAN SERVICING, LLC *is granted.*

DONE AND ORDERED in Chambers at MIAMI-DADE County, MIAMI, this ____ day of
_____, 2008.

JUL 01 2008

Margarita Esquiroz, Circuit Court Judge

Copies to:

LAW OFFICE OF DAVID J. STERN, P.A.
900 SOUTH PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324-3920

RANDALL NORDLUND, ESQUIRE
ATTORNEY FOR TOMAS DIAZ
ONE SE 3RD AVENUE
SUNTRUST INTERNATIONAL CENTER
SUITE 1960
MIAMI, FL 33131

UNKNOWN SPOUSE OF TOMAS DIAZ
10420 SW 58TH ST
MIAMI, FL 2835

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
1595 SPRING HILL ROAD, SUITE 310
VIENNA, VA 22182

BENEFICIAL FLORIDA, INC.
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

NELSON QUEVEDO
ANA VICKY QUEVEDO
1415 GARCIA AVENUE
CORAL GABLES, FL 33134

EXHIBIT
"C"

Book 26500 Page 1777 Total Pages 1
CFN # 20080619337 Case # 07-016754-CA-01
Rec. Date 07/29/2008 Arleneg

Case #: 07-88388(HCNW)

## AFFIDAVIT OF TITLE

**STATE OF FLORIDA**                        **GENERAL JURISDICTION DIVISION**

**COUNTY OF MIAMI-DADE**              **CASE NUMBER: 2007-16754-CA-01**

Before me, the undersigned authority, duly authorized to take acknowledgments and administer oaths, personally appeared Tomas Diaz, who being first duly sworn, hereby deposes and says:

1. The Property located  5200 SW 122 Avenue, Miami, Florida  33175 legally described as:

Tract 226, BIRD ROAD FARMSITES, in section 24, Township 54 South Range 39 East according to the Plat thereof, in Plat Book 46, at Page 37, of the Public Records of Miami-Dade County, Florida.

The property also has a Land Patent Issued on September 28, 1850 and updated on July 16, 2010. I hold the Land Patent in my possession and will allow  anyone of legal interest to view the original Land Patent.

- **A.-** This property in questions is "under investigation  due of possible Fraud on the Plaintiff's side   Rule 60.B Rule 9 B " can not be sold or tampered by any Statutory judicial action,, buyers, sellers, title companies, attorneys and banks **BEWARE** that civil actions as well as criminal actions can and will be brought against you to protect my property

**B.** This Plaintiff has not done.  Plaintiff has claimed to file the original promissory note. However, it "bears an undated endorsement that appears to be a carbon/toner reproduction, not one signed in color ink."  Paragraph 17 of affidavit by Gregory Clark. Moreover, Plaintiff "has not submitted admissible evidence in support of its authority or power." Paragraph 18 of affidavit by Gregory Clark

**C.-** At the same time we advise EVERYONE the inferior court ignored such evidence.

In Witness Whereof, the undersigned has duly executed this Affidavit as of the _____19_____ day of August, 2010.

_____
Tomas Diaz                                               Paragraph 5.

State of Florida

County of Miami- Dade

The foregoing instrument was acknowledged before me this 19 day of August, 2010, by  Tomas Diaz , who is personally known.

_____

Notary Public              (seal                          Prepare by: Tomas Diaz

XIOMARA G. ENDARA
MY COMMISSION # DD 680964
EXPIRES: June 3, 2011
Bonded Thru Budget Notary Services

5200 SW 122 Avenue, Miami Fl  33175

REPRESENTATION OF PRINTED DOCUMENT



Nationstar
MORTGAGE
PO BOX 619096
DALLAS, TX 75261
www.MyNationstarMtg.com

*Paragraph 7*

July 15, 2012

63529 0046577

TOMAS DIAZ
3836 SW 112TH AVE 137
JACOB FRANZ DYCK
MIAMI FL 33165

New Nationstar Loan Number: 0599454303

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Dear Tomas Diaz:

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from AURORA LOAN SERVICES LLC to Nationstar Mortgage LLC, effective 07/01/12.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires Nationstar Mortgage send you this notice no later than 15 days after the effective date of the transfer.

Your new servicer is Nationstar Mortgage LLC.

Nationstar Mortgage's business address is:

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, Texas 75067
www.MyNationstarMTG.com

Nationstar Mortgage's toll free number is 1-888-850-9398. If you have any questions relating to the transfer of servicing to Nationstar Mortgage, call 1-888-850-9398 between 8 a.m. and 8 p.m. on the following days Monday - Thursday, 8 a.m. and 5 p.m. on Friday, or visit us anytime at www.MyNationstarMTG.com.

The date that Nationstar Mortgage will start accepting payments from you is 07/01/12. You can pay online via the Nationstar Mortgage website at www.MyNationstarMTG.com, or you can send all payments due on or after that date to:

Nationstar Mortgage LLC
PO Box 650783
Dallas, Texas 75265

Your mortgage life insurance, disability insurance and/or other optional products will not continue. If you wish to retain optional products, you will need to contact your current optional product/service provider.

Enclosed is your Welcome Letter which includes a payment coupon with detailed loan information.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

Nationstar Mortgage LLC
Attention Research Department
350 Highland Drive
Lewisville, Texas 75067
www.MyNationstarMTG.com

Not later than 30 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency regarding any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

**Important Loan Transfer "Home Affordable Modification Program" Information**

Home Affordable Modification Program: If you are currently participating in (or being considered for) a loan modification program, we will be transferring all your documentation to the new servicer. Until the transfer date, you should continue to make your payments (e.g., trial payments) if attempting to qualify for a modification under the Home Affordable Modification Program) to Aurora Loan Services Llc. After transfer, you should make all payments to Nationstar until such time that you are provided additional direction. Decisions regarding qualification will be made by Nationstar. All information regarding other loss mitigation activities (forbearance agreements, short sales, refinances and deed-in-lieu of foreclosure) will be forwarded to Nationstar for processing. Please be advised that this transfer may extend the time needed for a final decision.

Sincerely,
Nationstar Mortgage LLC

INTERNET REPRINT

**Subject:**  Your Mortgage Transfer – Aurora Bank to Nationstar Mortgage

**From:**  Aurora Bank FSB (AuroraBankFSB@venture-mail.com)

**To:**  masterpicasso@yahoo.com;

**Date:**  Tuesday, June 26, 2012 12:03 PM

To view this email as a web page, go here.

# ![] AuroraBank FSB | myAuroraLoan

## The Transfer of Your Mortgage to Nationstar Mortgage

By now you should have received a letter advising the servicing of your loan number account ending in 3252 is moving from Aurora Bank FSB to Nationstar Mortgage LLC effective 07/01/2012. It has been Aurora Bank's pleasure to service your mortgage needs. We want to make the transfer of your loan to Nationstar Mortgage as smooth as possible. To this end, the following is what you can expect over the next 30 days.

- **Loan Terms:** Your original loan terms will not change as a result of this transfer

- **Loan Modification or Short Sale:** Nationstar will pick up where we left off and will have all of your documentation

- **Escrowed Loans:** If your loan is escrowed and you have property taxes or homeowners insurance due during this transfer, rest assured it will be paid on time

- **Already sent your payment to us?** We will ensure that it is provided to Nationstar and they will apply it as of the day we received it

- **Monthly Auto Draft: This will transfer to Nationstar.** You may notice a slight delay, up to 2 weeks, in the processing of your first auto draft with Nationstar. Please be assured you will not be penalized for this delay and it will not reflect negatively on your account

- **Welcome Call:** You will receive a welcome package in the mail and a welcome call the week of 07/10/2012 from Nationstar to help answer your questions

The Nationstar website is available 24/7. Visit NationstarMTG.com and use the "New to Nationstar?" link for answers to your mortgage transfer questions.

Your loan information will be accessible online as of 07/10/2012. Visit the Customer Sign In page to set up your profile. Additionally, as of 07/11/2012 you can call Nationstar with any questions; the Nationstar Customer Service team will have your account information by this date as will the automated phone system

Please see the servicing transfer notice you received in the mail for more information about the transfer, including your right to submit a qualified written request.

Due to the number of loans transferring and the level of personal service Nationstar provides each customer, they expect longer than normal telephone wait time. Your patience is appreciated and you may wish to call during lower call volume times - early mornings or late afternoons Tuesday - Thursday.

Thank you again for your business.

---

![] Equal Housing Lender : © 2012 myAuroraLoan, Aurora Bank FSB


**Nationstar** MORTGAGE    350 Highland Drive Lewisville, TX 75067

July 15, 2012

*PARAGRAPH 7 8*

63529 0006577

RE: Nationstar Mortgage LLC Loan Number: 0599454303

TOMAS DIAZ
3876 SW 112TH AVE 137
JACOB FRANZ DYCK
MIAMI FL  33165

Dear TOMAS DIAZ

Welcome to Nationstar Mortgage!

We look forward to servicing your loan on behalf of DEUTSCHE BANK, TRUSTEE, RALI SERIES 2006-QO6.

- Your total debt at the time of the transfer is $1,414,207.81. This amount includes your outstanding Unpaid Principal Balance of $997,206.01, $380,109.88 in Interest, $345.12 from Fees, and $185.00 from expenses paid on your behalf.

- This debt is owed to DEUTSCHE BANK, TRUSTEE, RALI SERIES 2006-QO6, but is being serviced by Nationstar.

- Unless you dispute the validity of this debt, or any portion thereof, in writing within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Nationstar.

- If you notify Nationstar in writing within this thirty (30) day period that the debt, or any portion thereof, is disputed, Nationstar will obtain verification of the debt and a copy of such verification will be sent to you.

We welcome you to Nationstar Mortgage and look forward to being your mortgage servicer.

Mail written disputes to:
Nationstar Mortgage LLC
Attn: Research Department
350 Highland Drive
Lewisville, TX 75067

For Customer Service Inquiries, call toll free at 1-888-850-9398.

Sincerely,

Nationstar Mortgage LLC

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.*

www.MyNationstarMtg.com



INTERNET REPRINT

PARAGRAPH 7C

File No.: C49.0279

The area above this line is for the use of recording official

APN #: 30-4924-001-2322
Lenders Loan # XXXXXX4303
MIN: 100086600105003521

MERS Phone: 1-888-679-6377

Deutsche Bank Trust Company Americas As Trustee, its successors and assigns ("Assignor"), located at 3 Park Plaza, 16th Floor, Irvine, CA 92714, which is organized and existing under the laws of United States of America, for adequate consideration from Nationstar Mortgage LLC ("Assignee"), located at 350 Highland Drive, Lewisville, TX 75067, has granted, bargained, sold, assigned, transferred and set over, and by these presents does grant, bargain, sell, transfer and set over unto Assignee the following described Mortgage recorded in the Public Records of Miami-Dade County, State of Florida.

Original Mortgagor(s): Tomas Diaz
Date of Mortgage: 04/27/2006
Mortgage Recording Date: 05/15/2006
Book:
Property Address: 5200 SW 122nd Avenue, Miami, FL 33175
Legal Description: South one-half of tract 266, of Bird Road Farmsites, According to the Plat thereof, recorded in Plat Book 46, at Page 3, of the Public Records of Miami-Dade County, Florida.

Assignor hereby acknowledges that this assignment is being recorded as a formality pursuant to requirements set forth under §701.02, but that such be the intention of the parties herein that delivery of the subject note and mortgage be established as evidenced by electronic or physical delivery, of the note and mortgage and related documents, that such delivery occurred prior to the date of any litigation with respect to the Mortgage and that the delivery date of the Note and Mortgage have been established by the express intention of the parties, herein.

This Assignment of Mortgage is made without recourse against Assignor.

IN WITNESS WHEREOF, Assignor has caused these presents to be executed this _____ d_____

IN THE PRESENCE OF:

Deutsche Bank Trust Company Americas As Trustee, its successors and assigns

Print Name
Witness

Print Name
Assignor

Print Name
Witness

ACKNOWLEDGMENT:

STATE OF _____
COUNTY OF _____

On _____ before me, _____ Notary Public, personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon the behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the Laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NATIONSTAR MORTGAGE, LLC,                    GENERAL JURISDICTION DIVISION

       Plaintiff,                                CASE NUMBER: 07-16754 (CA-10)

v.                                                *PARAGRAPH 10*

TOMAS DIAZ, et al.,

       Defendants.
_____/

## DEFENDANT'S MOTION TO VACATE
## *EX PARTE* ORDER SCHEDULING FORECLOSURE SALE

Defendant, Tomás Diaz, moves to vacate the order scheduling for August 28 the foreclosure sale of his homestead property submitted *ex parte* by Plaintiff, Nationstar, substituted as Plaintiff *ex parte* without any demonstration of its standing to foreclose Defendant's rights under the subject mortgage.

    1.     Neither Defendant nor undersigned counsel received any service of this Court's order setting a new foreclosure sale date of August 28. We learned of the new sale date only through the court docket.

    2.     Plaintiff Nationstar also submitted the proposed order *ex parte* and without notice of any kind. Plaintiff's *ex parte* communications with this Court and *ex parte* submission of a proposed order without hearing or copy or notice to undersigned counsel violates the Rule of Professional Conduce 4-3.5 prohibition against *ex parte* submissions to judges.

    3.     The attached eCourtesy submission form also mandates that submitting counsel swear or affirm that they sent a copy of the proposed order to opposing counsel.

    4.     Previous counsel for Plaintiff Nationstar also violated Rule 4-3.5 when they

submitted *ex parte* the motion and proposed order to substitute Nationstar as Plaintiff.

5.    The *ex parte* substitution of Plaintiff Nationstar also violates Rule 1.260's mandate for substitution of parties only after notice and hearing. "The motion for substitution . . . , together with the notice of hearing, shall be served on all parties . . . ."

6.    This Court's Order to Substitute Party Plaintiff, drafted and submitted *ex parte* by previous counsel for Plaintiff Nationstar, erroneously and without explanation lists Aurora Loan Services, LLC, a nonparty to this action, as Plaintiff and erroneously dictates that Nationstar is substituted in place of the nonparty Aurora as Plaintiff. Previous counsel for Plaintiff submitted that erroneous order of substitution *ex parte* and without any demonstration of Nationstar's standing to proceed to foreclose Defendant's rights.

7.    Plaintiff Nationstar's request to proceed with the foreclosure sale violates its substantive obligation to demonstrate its standing to foreclose Defendant's rights under the subject mortgage. Neither this Court nor undersigned counsel nor Plaintiff Nationstar's current counsel has any motion for substitution with an assignment of mortgage. Nationstar has never presented any evidence of its standing to foreclose Defendant's rights under this mortgage.

WHEREFORE, Defendant respectfully requests an order (a) vacating the *ex parte* order scheduling the August 28 sale and (b) mandating that Plaintiff Nationstar demonstrate its standing to foreclose Defendant's rights under the mortgage.

## CERTIFICATE OF SERVICE

I certify that we served a copy of this document by email this ____ day of July, 2013 upon Laura Goorland, Esq., Robertson, Anschutz & Schneid, P.L., 6409 Congress Avenue,

2

Suite 100, Boca Raton, Florida 33487.

RANDALL NORDLUND
Florida Bar No. 855804
Nordlund P.A.
One Flagler, Suite 201
14 Northeast 1st Avenue
Miami, Florida 33132
786-454-9871 reception
305-517-8045 e-fax
786-282-2800 cell
nordlund@npa1.com

3

CFN: 20130855917 BOOK 28835 PAGE 2068
DATE:10/29/2013 02:20:22 PM
HARVEY RUVIN, CLERK OF COURT MIA-DADE CTY

When Recorded Return To:
Nationstar Mortgage LLC
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683



Paragraph 11.

## ASSIGNMENT OF MORTGAGE

CONTACT NATIONSTAR MORTGAGE, LLC FOR THIS INSTRUMENT 350 HIGHLAND DRIVE, LEWISVILLE, TX, 75067, TELEPHONE # 469-549-2000, WHICH IS RESPONSIBLE FOR RECEIVING PAYMENTS.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PLATINUM CAPITAL GROUP, ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS PO BOX 2026, FLINT, MI, 48501, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC PASS THROUGH CERTIFICATES 2006-QO4, WHOSE ADDRESS IS 1761 SAINT ANDREW PLACE, SANTA ANA, CA 92705.

Said Mortgage was made by TOMAS DIAZ and recorded in Official Records of the Clerk of the Circuit Court of MIAMI-DADE County, Florida, in Book 24526, Page 3829, and/or Instrument # 2006R0525334, upon the property situated in said State and County as more fully described in said Mortgage.

Dated this 28th day of October in the year 2013
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PLATINUM CAPITAL GROUP, ITS SUCCESSORS AND ASSIGNS

NABINE HOMAN
ASST. SECRETARY

All Authorized Signatories whose signatures appear above are
employed by NTC and have reviewed this document and
supporting documentation prior to signing.



DANIEL THOMPSON
WITNESS

JESSICA SHEETZ
WITNESS

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK    Claim #4702    Date Filed: 11/14/201    PROOF OF CLAIM

**Name of Debtor:** HOMECOMINGS FINANCIAL LLC    **Case Number:** 12-12042 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): TOMAS DIAZ

☐ Check this box if this claim amends a previously filed claim.

**Name and address where notices should be sent:**
TOMAS DIAZ
5200 SW 122 AVE
MIAMI FLA 33175

→ Response to:

Court Claim Number: _____ (If known)

Filed on: _____

**Telephone number:** (305) 244-5159    email: MASTERPICASSO@YAHOO.COM

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**Name and address where payment should be sent (if different from above):**
TOMAS DIAZ
5200 SW 122 AVE
MIAMI FL 33175

**Telephone number:** (305) 244-5159    email: MASTERPICASSO@YAHOO.COM

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

**1. Amount of Claim as of Date Case Filed: $ 400,000.00**
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim:** MORTGAGE / NOTE DOWN PAYMENT
(See instruction #2)

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

**3. Last four digits of any number by which creditor identifies debtor:** 5 2 4 3

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
**Nature of property or right of setoff:** ☒Real Estate ☐Motor Vehicle ☐Other
Describe:
**Value of Property: $ 1,600,000.00** **Annual Interest Rate 7.498 %** ☐Fixed ☒Variable (when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ _____    **Basis for perfection:** _____
**Amount of Secured Claim: $ 400,000.00**    **Amount Unsecured: $** _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ 0 (See instruction #6)

**Amount entitled to priority:**
$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".)
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

||||||||| 1212042121114000000000003 |||||||||

**9. Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor.    ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
**Print Name:** TOMAS DIAZ
**Title:** _____
**Company:** _____
**Address and telephone number (if different from notice address above):**

(Signature) _____    10/23/12 (Date)

RECEIVED
NOV 14 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

**Telephone number:** (305) 244-5159    Email: MASTERPICASSO@YAHOO.COM

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Morrison & Foerster LLP, attn.: Gary S. Lee at g___lee@mofo.com
Alexandra Steinberg Barrage at abarrage@mofo.com
Sidley Austin LLP, attn.: Larry Nyhan at lnyhan@sidley.com
Jessica C. K. Boelter at jboelter@sidley.com
Kirkland and Ellis LLP, attn.: Ray C. Schrock at rschrock@kirkland.com
Richard M. Cieri at Richard.cieri@kirkland.com
Stephen E. Hessler at Stephen.hessler@kirkland.com
Kramer Levin Naftalis @ Frankel LLP, attn.: Kenneth H. Eckstein at
keckstein@kramerlevin.com
Douglas H. Mannal at dmannal@kramerlevin.com
Munger, Tolles & Olson LLP, attn.: Seth Goldman at seth.goldman@mto.com
Thomas Walper at twalper@mto.com

## Service Mailing List

ResCap Claims Processing Center
c/o Kurtzman Carson Cosultants LLC
2335 Alaska Avenue
El Segundo. CA 90245

United States Trustee
33 Whitehall Street
21st Floor
New York. NY 10004

Judge Martin Glenn
The United States Bankruptcy Court
For the Southern District of New Cork
One Bowling Green, Room 501
New York. NY 10004

Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10005

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

AlixPartners LLP
200 Town Center, Suite 2400
Southfiled . MI 48075

Moelis & Company LLC
399 Park Avenue
5th Floor
Ney York. NY 10022

Curtis. Mallet- Prevost . Colt & Mosle LLP
101 Park Avenue
New York. NY 10178-0061

FTI Consulting Inc.
3 Times Square. 9th Floor
New York . NY 10036

Centerview Parters LLC
31 West 52nd Street. 22nd Floor
New York. NY 10019

Arthur J. Gonzalez Esq.
New York University School of Law
40 Washington Square South . 314A
New York. NY 10012

**THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING ON RESCAP BORROWER CLAIMS TRUST'S
SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY BORROWER CLAIMS)**

**Tomas Diaz**

| Proposed Claim(s) to be Disallowed and Expunged | | | | Reason for Disallowance |
|---|---|---|---|---|
| Claim No(s);<br>Date Filed | Debtor | Classification | Amount | |
| 4702<br>11/14/12 | Homecomings<br>Financial, LLC | Administrative Priority | N/A | No Liability -<br>See Exhibit A to proposed<br>form of order |
| | | Administrative Secured | N/A | |
| | | Secured | $400,000.00 | |
| | | Priority | N/A | |
| | | General Unsecured | N/A | |

PLEASE TAKE NOTICE that, on April 22, 2014, the ResCap Borrower Claims Trust (the "**Trust**"), as successor in interest to the Debtors[1] in the above-captioned Chapter 11 cases for Borrower Claims, filed its *Sixty-Second Omnibus Objection to Claims (No. Liability Borrower Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The basis for the claim objection applicable to you is identified in the table above in the column entitled "**Reason for Disallowance**".

The Objection requests that the Bankruptcy Court expunge, and/or disallow one or more of your claims listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED on the ground that the claim(s) is a No Liability Borrower Claim. **Any claim that**

---

[1] A list of the debtors in these Chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution from the Trust on account thereof.

In the Objection, the Trust identifies types of documents that it examined to determine whether your claim should be allowed. You have the right to examine such documents. If you wish to review the relevant documents used by the Trust, then please contact its counsel, Jordan A. Wishnew, at 212-468-8000, and arrangements can be made to provide such documents to you either by hard copy or electronically. Generally, the production of documents by the Trust will be subject to all applicable privileges, including without limitation, attorney-client, and where necessary, will be subject to a mutually acceptable Confidentiality Agreement.

If you do NOT oppose the disallowance and expungement of your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

**If you DO oppose the disallowance and expungement of your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on May 22, 2014 (the "Response Deadline").**

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or expunged, for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Trust must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Jonathan M. Petts); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan).

ny-1138907

**A hearing will be held on June 10, 2014 to consider the Objection.** The hearing will be held at **10:00 a.m.** Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501. If you file a written response to the Objection, you should plan to participate in the hearing. The Trust, however, reserves the right to continue the hearing on the Objection with respect to your claim(s). If the Trust does continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Trust does not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

**You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.**

Whether or not the Bankruptcy Court disallows or expunges your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, the Trust has the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you wish to view the complete Objection, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap. If you have any questions about this notice or the Objection, or if you would like to request a complete copy of the Objection at the Trust's expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479.

CLAIMANTS SHOULD <u>NOT</u> CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    April 22, 2014
          New York, New York

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

ATTORNEYS FOR THE RESCAP
BORROWER CLAIMS TRUST

ny-1138907