# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

_____x

Chapter 11

Case No. 12-12020 (MG)

In Re:

EVERBANK, INC., et al.

                  Debtors

_____x

YOSEF LE ROI MUSTAFANOS, PERSONAL

REPRESENTATIVE FOR THE ESTATE OF

JAMES JACKSON MARSHALL

                  Movant, In Pro Se

      v.

ALLY FINANCIAL, INC., (FORMERLY GMAC),

GMAC MORTGAG, LLC, RESIDENTIAL

CAPITAL, LLC, et al., does 1-100

                  Respondent.

_____x

RECEIVED

MAY 2 8 2014

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Yosef Le Roi Mustafanos

respectfully submit this statement of issues to be presented on appeal and items to be

included in the record in connection with the appeals

1.) Yosef Le Roi Mustafanos' appeal from the Bankruptcy Court the STATEMENT OF THE LIQUIDATING TRUST IN CONNECTION WITH MOTION OF MOVANT YOSEF LE ROI MUSTAFANOS FOR AN ORDER SHORTENING NOTICE PERIOD FOR CERTAIN EMERGENCY RELIEF FROM THE AUTOMATIC STAY, Document 6747 Filed 04/03/14

2.) Yosef Le Roi Mustafanos' appeal from the Bankruptcy Court the DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF THE STATEMENT OF THE LIQUID ATING TRUST IN CONNECTION WITH MOTION OF MOVANT  YOSEF LE ROI MUSTAFANOS FOR AN ORDER SHORTENING NOTICE PERIOD FOR CERTAIN EMERGENCY RELIEF FROM THE AUTOMATIC STAY, Document 6747-1 Filed 04/03/14

3.) Yosef Le Roi Mustafanos' appeal from the Bankruptcy Court's MEMORANDUM OPINION AND ORDER DENYING MOTION TO LIFT THE AUTOMATIC STAY AND ENFORCING RELEASE OF CLAIMS AGAINST ALLY FINANCIAL, INC. Document 6806 Filed 04/21/14

4.) Yosef Le Roi Mustafanos' appeal from the Bankruptcy Court's ORDER  CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS Document 6065 Filed 12/11/13

5.) Yosef Le Roi Mustafanos' appeal from the Bankruptcy Court's SECOND  AMENDED JOINT CHAPTER 112 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND THE OFFICIAL COMMITEE OF UNSECURED CREDITORS  Document 6065-1, Filed 12/11/13


I.                        STATEMENT OF ISSUES PRESENTED

1.        On or about August 22, 2013 both Ally Financial, Inc (AFI) and G.M. A. C. Mortgage, (GMACM), Residential Capital, LLC (RESCAP) in State Court was simultaneously served by way of the Agent of Process, "CT Corporation, Inc." who claimed to be Agent of Process for both Corporations. When AFI answered the Summons, they were in default and they spoke on behalf of GMACM. The Court as well as the Movant assumed that the law firm of William Kastner was representing both AFI and GMACM. Therefore Both AFI and GMACM are in default in the State Court Action. Did the Bankruptcy Court Err by choosing not to resolve this dispute?

2.      William Kastner, who now claim to be lawyers for AFI solely, failed to discuss or present to the Movant or to the State Court, the Bankruptcy Court's Confirmed Plan until on or about February10, 2014. They also failed to notify the State Court and the Movant of the Court Ordered extended Bar Date set on November 16, 2013. The Bankruptcy Court presumed that the Movant was given adequate notification of the Bar Date. Did the Bankruptcy Court Err by concluding that the Movant was given adequate notification of the Bar Date?

3.      The Chief Litigation Counsel to the Liquidating Trust, did accurately Declare that on March 3, 2004, GMACM did refinance a new first (1st) mortgage for Decedent SGT James Jackson Marshall and released $5000.00 to cover closing costs.  It was also accurately declared that GMACM was the servicing Lender until November 2008. GMACM solicited Sgt James Jackson Marshall with a toxic adjustable rate mortgage loan approximately six (6) months after the Marshall Family purchased the house for an incompetent man, SGT James Jackson Marshall, using Sierra Pacific Mortgage to finance the acquisition of the house at a 5% fixed interest rate.

Did the Bankruptcy Court abuse its discretion and show partiality by using erroneous facts not admitted in evidence which also conflicts with the declaration from the counsel for the Liquidating Trust?

For example:"the Liquidating Trust indicated that GMAC CORP., predecessor in interest to GMACM, originally serviced the Mortgage Loan."

4.      The Court asserts that the GMAC loan note and adjustable rate rider "may not have not been signed", when in fact, the loan note and adjustable rate rider was not signed at all.

Did the Bankruptcy Court show partiality by misrepresenting a known fact in evidence?

5.      The Court also asserts that GMACM was a Loan Broker when in fact, they were the Loan originator and that they allegedly committed fraud, senior fraud, securities fraud

and senior abuse, which the Court asserts that this fact is "not material".

Did the Bankruptcy Court err and show partiality by expressing that Fraud is not material?

6.    The Court asserts that GMACM and RESCAP paid out $2 billion dollars in claims settlements, but the Court has not established whether a single claim was paid out directly to any U.S. Citizen consumer individually.

Did the Bankruptcy Court show partiality by defending GMAC and RESCAP's $2 billion dollar settlement?

7.    Is the Bankruptcy **PLAN** defined by: Shainwald v. City of Portland, 153 Or. 167, 55 P.2d 1151, 1156. Method of putting into effect an intention or **PROPOSAL**?

Isn't a PROPOSAL defined in the Black's Law Dictionary as: An offer, by one person to another, of terms and conditions with reference to some work or undertaking, or for the transfer of property, the acceptance whereof will make a contract between them. Signification by one person to another of his willingness to enter into a contract with him on the terms specified in the offer?

8.    When the Bankruptcy Court Confirmed the Bankruptcy Plan, did the Plan or Proposal become a contract between AFI, GMACM, RESCAP and the United States of America?

9.    Did the Bankruptcy Court abuse it's discretion by interpreting the Bankruptcy Code granting AFI, GMACM, RESCAP and RFC SOVEREIGN IMMUNITY FROM ALL LEGAL PROCEEDINGS BOTH CIVIL AND CRIMINAL?

10. Isn't Fraud defined as follows? Fraud must be proved by showing that the defendant's actions involved five separate elements: (1) a false statement of a material fact,(2) knowledge on the part of the defendant that the statement is untrue, (3) intent on the part of the defendant to deceive the alleged victim, (4) justifiable reliance by the alleged victim on the statement, and (5) injury to the alleged victim as a result.

These elements contain nuances that are not all easily proved. First, not all false statements are fraudulent.

To be fraudulent, a false statement must relate to a material fact. It should also substantially affect a person's decision to enter into a contract or pursue a certain course of action. A false statement of fact that does not bear on the disputed transaction will not be considered fraudulent.

Second, the defendant must know that the statement is untrue. A statement of fact that is simply mistaken is not fraudulent. To be fraudulent, a false statement must be made with intent to deceive the victim. This is perhaps the easiest element to prove, once falsity and materiality are proved, because most material false statements are designed to mislead.

Third, the false statement must be made with the intent to deprive the victim of some legal right.

Fourth, the victim's reliance on the false statement must be reasonable. Reliance on a patently absurd false statement generally will not give rise to fraud; however, people who are especially gullible, superstitious, or ignorant or who are illiterate may recover damages for fraud if the defendant knew and took advantage of their condition.

Finally, the false statement must cause the victim some injury that leaves her or him in a worse position than she or he was in before the fraud.

11.    If the Bankruptcy Plan implies in any way that it will overlook, mask, cover up, hide, or make go away any Fraudulent act or actions, would the legal rule of "NULLA PACTIONE EFFICI POTEST UT DOLUS PRAESTETUR" be applied to that PLAN, PROPOSAL, or CONTRACT?

12.    If fraudulent or criminal actions are intentionally overlooked, or covered up in a Bankruptcy Plan, would the Bankruptcy Plan be unconstitutional? And considered null and void?

13.    Is Bankruptcy a constitutionally protected right or is it a Privilege?

14.    If a man loses his entire family in an airplane crash, has a Psychotic Breakdown after hearing the news. He begin sleeping on the streets for 4 years and he loses everything, his home, his cars, his business, etc. At the end of 4 years, he comes out of the Psychotic period and desires to restore his life and he chooses to file Bankruptcy to start his life over. His application for Bankruptcy is denied, because he has not had any income nor did he file Federal income tax returns in the last 4 ½ years. On the same note another man lost his home, business and etc. to a hurricane and he successfully files bankruptcy so that he is able to start his life over. Both men were victims of

uncontrollable disasters in there lives. One was capable of starting over after filing

bankruptcy, the other was denied the opportunity to file Bankruptcy and the collection

agencies made him a slave to his past debts. The question is:

Did the United States Government use discrimination by economic class between those

two men?

15.    Is the Movant's interpretation of Consent Order settling the Federal Reserve

Board Investigation truly erroneous or is the Movant's interpretation erroneous because

the Bankruptcy Court aided in covering up fraudulent behavior.

Notice must be given to the following:

MORRISON & FOERSTER

Counsel for the Liquidating Trust

1290 Avenue of the Americas

New York, New York 10104

By: Daniel J. Harris, Esq


KIRKLAND & ELLIS LLP

Counsel for Ally Financial, Inc.

655 15th Street, N.W., Ste. 1200

Washington, D.C. 20005

By: Judson D. Brown, Esq.


WILLIAMS KASTNER

Counsel for Ally Financial, Inc.

888 S.W. Fifth Avenue, Ste.600

Portland, Oregon 97204

By: Rachel A. Robinson, Esq.

Dated: Silver Springs, Nevada

      May 27, 2014

                                       THE ESTATE OF SGT. JAMES JACKSON
MARSHALL

BY: Rev. Yosef Le Roi Mustafanos

Reverend Yosef Le Roi Mustafanos,

Personal Representative and Son of the

Decedent James Jackson Marshall, In

Pro Se.   5400 Railroad Street

Silver Springs, Nevada 89429

Ph:775-980-5688 Fax:775-577-9926

aoexpress@ymail.com

## AFFIDAVIT OF SERVICE

I  Affirm that under the penalty of perjury, that I served the forgoing **DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES  on the following parties by the method indicated below.**

Notice must be given to the following:

MORRISON & FOERSTER                               X  Via first class mail

Counsel for the  Liquidating Trust

1290 Avenue of the Americas

New York, New York 10104

By: Daniel J. Harris, Esq

KIRKLAND & ELLIS LLP                              X  Via first class mail

Counsel for Ally Financial, Inc.

655 15th Street, N.W., Ste. 1200

Washington, D.C. 20005

By: Judson D. Brown, Esq.

WILLIAMS KASTNER                                 X  Via first class mail

Counsel for Ally Financial, Inc.

888 S.W. Fifth  Avenue, Ste.600

Portland, Oregon 97204

By: Rachel A. Robinson, Esq.

Dated: Silver Springs, Nevada

May 27, 2014

THE ESTATE OF SGT. JAMES JACKSON
MARSHALL

BY: _Rev Yosef Le Roi Mustafanos_

Reverend Yosef Le Roi Mustafanos,

Personal Representative and Son of the

Decedent James Jackson Marshall, In

Pro Se.   5400 Railroad Street

Silver Springs, Nevada 89429

Ph:775-980-5688 Fax:775-577-9926

aoexpress@ymail.com