**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

––––––––––––––––––––––––––––––––––––––––––––––– )
                                                )
In re:                                          )    Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )    Chapter 11
                                                )
                                  Debtors.       )    Jointly Administered
––––––––––––––––––––––––––––––––––––––––––––––––– )

## ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Upon the sixty-first omnibus objection to claims, dated April 11, 2014 [Docket No. 6777] (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the ResCap*

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Borrower Claims Trust's Sixty-First Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as <u>Exhibit 1</u> and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Sixty-First Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as <u>Exhibit 2</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case

Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    May 29, 2014
          New York, New York


                                                    _____/s/Martin Glenn_____
                                                         MARTIN GLENN
                                                    United States Bankruptcy Judge

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Angelo Ravanello<br>C/O Frank B. Watkins<br>Frank B. Watkins, P.C.<br>2333 Rose Lane<br>PO Box 1811<br>Riverton, WY 82501 | 726 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,095.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors have no connection to this loan or Residential Relief Foundation.<br><br>Debtors have no liability because Claimant asserts a claim against a Debtor entity for liabilities of non-Debtor entities.  In response to Debtor's request for more information in support of the claim, Claimant stated that the basis of the claim arises from $1,095 paid to a "Residential Relief Foundation" for assistance in obtaining a loan modification. Claimant alleges that Residential Relief Foundation did not provide any assistance to Claimant. Residential Relief Foundation is not affiliated with any Debtor entity. | | 7-8 |
| 2 | Ann J. Polk<br>P.O. Box 575<br>Salem , NJ 08079 | 3504 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$9,697.50 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues, Loan Modification, Interest Rates and Fees Collected | Debtors' involvement with Claimant's loan was limited to Debtors' roles as originator and servicer of the loan. GMAC Mortgage, LLC, dba ditech.com, originated the loan on October 18, 2007 and transferred its interest in the loan to Fannie Mae on or about November 2, 2007.    Debtor GMAC Mortgage, LLC serviced the loan from October 17, 2007 until servicing transferred to GreenTree Servicing on February 1, 2013.<br><br>Debtors have no liability for Claimant's assertion that Debtor improperly charged $7,557.49 for property taxes because Claimant was not damaged by Debtor's remittance of taxes. Debtor's records show the original tax bill received by Debtor was for $7,557.49. On 4/10/12, Debtor received a refund from Quinton Township, and a credit was applied to Claimant's escrow account.  Debtor received a corrected tax bill and the correct amount was paid.<br><br>Debtors have no liability for Claimant's assertion that Debtor continually charged late charges  because Debtor's records show  i) Claimant's mortgage note and deed, signed by Claimant, states Claimant has a 15-day grace period from the date payment is due (first of month) before a late charge would be applied to the account, ii) according to Debtor's servicing notes, Claimant paid past the grace period 29 times from 2010 to 2012, in each instance a late charge of $45.50 would have been applied to the account per the mortgage agreement.<br><br>The improper fees alleged by Claimant were correctly assessed by Debtor because i) in each instance that Debtor charged late fees, Claimant's account was past due, and ii) in each instance that Debtor charged inspection fees, the loan was delinquent, and the Section 14 of the Deed of Trust states that "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purposes of protecting Lender's interest in the Property and rights under the security instrument, including but not limited to, attorney's fees, property inspection fees and valuation fees…" Claimant states their home was never inspected, but Debtor's records indicate the property was inspected in connection with each fee charged to Claimant. As part of Debtor's standard business practices, it was common for property inspections to consist of a visual assessment from the exterior of the property without any interaction with the homeowner.<br><br>Debtors have no liability for Claimant's assertion that Debtor did not handle Claimant's loan modification application appropriately because Debtor never received a workout package from Claimant. On the contrary, Debtor's records show i) Debtor mailed unsolicited workout packages to Claimant on 6/23/10, 2/28/11, 11/4/11, 3/20/12 and 4/5/12, however, in each instance, Claimant did not respond to Debtor or provide any information. Since no workout package was submitted, Debtor was unable to evaluate Claimant for a loan modification. | | 10-11, 13-14, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Arlene M. Evans 3748 N 25th St Milwaukee, WI 53206-0000 | 4700 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corp. purchased the loan from Paragon Home Lending, LLC on or about June 29, 2005 and subsequently transferred its interest and the loan was securitized on or about August 1, 2005, where US Bank, NA was appointed as Trustee. Debtor Homecomings Financial, LLC serviced the loan from June 29, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.  Claimant disputes the principal balance of her loan, and asserts her principal balance is more than what she owes on the property. In response to Debtor's request for more information in support of the claim, Claimant states her evidence in support of the claim "was destroyed" and that she has to "cancel my claim" because "[I] don't have enough paper to show." Debtors have no liability to Claimant because i) Claimant has not provided any evidence or explanation of damages, ii) Debtor is not responsible for value decline to Claimant's property, iii) the principal balance of Claimant's loan and subsequent loan modification were agreed to by Claimant, and (iv) during a review of the loan payment history, the Debtor found no evidence of incorrectly reporting balances in Claimant's monthly mortgage statements. | 7-8 |
| 4 | BROADLANDS MASTER ASSOC INC 8700 TURNPIKE DR STE 230 C O VISTA MANAGEMENT WESTMINSTER, CO 80031 | 1050 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' role with Claimant's loan is unknown because Claimant failed to provide any identifying information with respect to a subject loan. The proof of claim and the response to request for additional information confirms that Claimant is not owed any monies by the Debtors.  Debtors have no liability because i) Claimant failed to state a valid basis for its claim, ii) in a letter Debtor received from Claimant on July 8, 2013, Claimant admitted Claimant is not owed any monies by Debtor, and iii) Debtor reviewed its books and records and found no connection to Claimant. | 7-8 |
| 5 | Bruce Osojnak 218 E 900 S Salt Lake City, UT 84111-4215 | 3781 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority BLANK General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification, Credit Reporting Issues, Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Homecomings Financial Network's roles as originator and servicer of the loan. Homecomings Financial Network originated the loan on or about November 11, 2002, and subsequently transferred the loan to Debtor GMAC Mortgage, LLC. Subsequently, Debtor GMAC Mortgage, LLC transferred its interest in the loan to Fannie Mae between November 2002 and February 2004. Debtor Homecomings Financial, LLC serviced the loan from November 11, 2002 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to GreenTree on February 1, 2013.  Claimant asserts claims for ""damage to credit report, stress with health, actions for communication and added paperwork to remedy."" In response to Debtor's request for more information in support of the claim, Claimant provided loan modification documentation and evidence of payments made to Debtor. As the basis for claim is not clear, Debtor evaluated Claimant's account for any possible obligations arising from wrongful foreclosure, loan modification issues, and improper credit reporting. Debtor found no instances of wrongdoing or obligations to Claimant. Allegations involving loan modification issues have no merit because Claimant never submitted a complete workout package for Debtor to review. Debtor's records show Claimant provided incomplete workout packages on July 21, 2009, April 7, 2010, June 17, 2010 and July 15, 2010. In each instance, Claimant failed to provide missing items to Debtor upon Debtor's timely written requests. Allegations involving damages from wrongful foreclosure have no merit because i) Claimant never lost his home to foreclosure, ii) Debtor postponed and/or cancelled foreclosure sales scheduled for July 22, 2009, April 7, 2010, May 12, 2010, and July 21, 2010 to allow Claimant time to submit complete workout packages for a loan modification review, or to reinstate Claimant's loan, iii) the foreclosure sale conducted by Debtor on May 19, 2010, which was rescinded by the third party buyer, was appropriate because Claimant was past due at the time of the foreclosure sale and had failed to respond to Debtor's request for missing items in support of a loan modification request. The allegation of improper credit reporting has no merit because i) Debtor confirmed that Debtor reported Claimant's delinquency information correctly, and ii) when Claimant's foreclosure sale was rescinded by the third party buyer, Debtor took appropriate steps to ensure the credit bureaus amended Claimant's credit history to remove the foreclosure from Claimant's record. Debtor notes that Claimant brought the loan current on July 22, 2010 and the loan was current at the time of servicing transfer to GreenTree on February 1, 2013. | 11-12, 12-13, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 6 | Daniel G. Gauthier & Kathryn A. Gauthier 7815 Brookpines Drive Clarkston, MI 48348-4469 | 1994 | 10/30/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $89,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimants' loan was limited to Debtors' roles as originator, purchaser and servicer of the loan.  Debtor GMAC Mortgage Corporation originated the loan on September 9, 1997.  Debtor transferred its interest in the loan to Fannie Mae in or before February 2004. Debtor GMAC Mortgage, LLC serviced the loan from September 9, 1997 until servicing transferred to GreenTree on February 1, 2013.  Debtors have no liability because Claimants do not assert a valid basis for the claim. Claimants state they simply want to ensure their mortgage will be closed properly when it is paid off. According to Debtor's records, the loan was service released to GreenTree on February 1, 2013. At the time of release, the account was owing for March 1, 2013 payment, and there was an unpaid principal balance of $2,247.08. As the loan had an unpaid balance at the time of service release to GreenTree, Debtor has no responsibility for any subsequent handling of the loan. | 7-8 |
| 7 | Daniel M Delluomo Inc DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE VS CORY L RICHARDSON 5617 N Classen Blvd Oklahoma City, OK 73118 | 697 | 09/24/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $75,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure, General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from WMC Mortgage Corp on or about January 1, 2007, transferred its interest and the loan was securitized on or about June 1, 2007, where Deutsche Bank National Trust Company was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from January 24, 2007 until servicing transferred to Ocwen February 16, 2013.  Claimant asserts he is entitled to attorney's fees based on a foreclosure case that was dismissed.  Debtors have no liability for this claim because Debtors verified that there were no counterclaims pending in the foreclosure action when the loan was paid off, so parties stipulated to dismissal of the foreclosure action.  No fees or costs were awarded to parties to that foreclosure action. | 7-8, 11-12 |
| 8 | Daniel P. Hessburg 3490 Lythrum Way Minnetrista, MN 55364 | 2047 | 11/01/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $109,077.02 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | General No Liability | Debtors' involvement with Claimant's loan was as originator and servicer.  Debtor GMAC Mortgage, LLC originated the loan on February 2, 2008.  Debtor subsequently sold the loan to Ally Bank in February 2008. Debtor GMAC Mortgage, LLC serviced the loan from February 2, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  Claimant asserts that since the mortgage is not perfected, pursuant to 11 U.S.C. 547 and 544 he can avoid his obligations under the mortgage. Debtors have no liability for Claimant's claim because the referenced statutes do not provide support for Claimant's position. The statutes permit a trustee to avoid a transfer of property or obligation of the Debtor.  Claimant is not a bankruptcy panel trustee.  Debtor verified that the trustee in this matter filed an identical claim and has resolved the title issue to the property, which Claimant includes as a basis of his claim.  Claimant has no right or authority to prosecute this claim. | 7-8 |
| 9 | Deborah L. Campano 116 Choctaw Ridge Rd Branchburg, NJ 08876 | 4473 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | General Servicing Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Gateway Funding Diversified Mortgage Services on or about May 5, 2010.  Debtor transferred its interest in the loan to GNMA on or about May 24, 2010. Debtor GMAC Mortgage, LLC serviced the loan from May 5, 2010 until servicing transferred to Ocwen Loan Servicing, LLC on Feb 16th, 2013.  Claimant asserts "paid extra to principal" in proof of claim. Claimant provided no additional explanation of the basis for claim in a response to Debtor's letter request for more information.  Debtors have no liability because i) Claimant failed to provide evidence of damages, and ii) Debtor reviewed the instances where borrower voluntarily remitted additional funds over the required mortgage payment, and validated that the funds were appropriately applied toward Claimant's principal balance in accordance with the terms of the note. Debtor reviewed its books and records and found no evidence that monies are owed to Claimant. | 8-9 |
| 10 | Edmo Valley Jr. 210 C.L. Bradford St. Pineville, LA 71360 | 1311 | 10/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured UNLIQUIDATED Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues, General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as originator and servicer of the loan.  Debtor GMAC Mortgage, LLC originated the loan on April 11, 2008. Debtor GMAC Mortgage, LLC serviced the loan from April 11, 2008 until servicing transferred to Ocwen on February 16, 2013.  Debtors have no liability for Claimant's origination-based claims because Debtor's records show that Claimant i) received all the appropriate rate disclosure documents, ii) signed a loan application for the loan indicating a 6% interest rate and iii) signed the Note with a fixed rate of 6%.  The combined monthly mortgage payment of principal and interest has been $693.74 since origination. | 7-8, 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 11 | Erin Gleason<br>Home Team Law Offices, PLLC<br>1800 Crooks Road, Suite C<br>Troy, MI 48084 | 371 | 08/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,270.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Standing Issues, General No Liability | Debtors' involvement with Claimant's loan was limited to Debtor Homecomings Financial, LLC's role as originator, and Debtor Residential Funding Company, LLC's roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from Homecomings Financial, LLC on or about October 21, 2005. Residential Funding Company, LLC transferred its interest and the loan was securitized on or about November 1, 2005, where Deutsche Bank Trust Company Americas ("Deutsche Bank") was appointed as Trustee. Debtor Homecomings Financial, LLC serviced the loan from October 14, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Claimant alleges that Deutsche Bank does not have authority to foreclose. Debtors have no liability for Claimant's lack-of-standing claims because Debtor has verified that the assignment and endorsement chains are complete and valid. Debtor's records show i) the loan was originated by Homecomings Financial Network on October 14, 2005, ii) the Note was endorsed from Homecomings to Residential Funding Corp and from Residential Funding Corp to Deutsche Bank, as Trustee, iii) assignment of the mortgage was recorded from MERS as nominee for lender to Deutsche Bank, as Trustee, iv) Debtor serviced the loan until servicing transferred to Ocwen, and v) Debtor has no interest in any future foreclosure. | 7-8, 12 |
| 12 | Estelle Thompson Jones<br>8153 S. Throop St<br>Chicago, IL 60620 | 2166 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$80,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Quicken Loans, Inc. on or about September 24, 2003. Debtor transferred its interest and the loan was securitized on or about November 29, 2005, where Deutsche Bank National Trust Company was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from September 17, 2005 until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by Quicken Loans, Inc. on August 22, 2003. Section 3A of the Mortgage Note signed by Claimant states the loan will be interest only for the first 120 months and then will switch to principal and interest payments. | 9-10 |
| 13 | FRAN YEGANEH vs GMAC MORTGAGE LLC<br>4437 FELLOWS ST<br>UNION CITY, CA 94587 | 1893 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$512,563.24 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Escrow Issue, General No Liability | Debtors' involvement with assertions in Claimant's claim was limited to Debtor's role as servicer on a loan not held by the claimant. Debtor GMAC Mortgage, LLC serviced the loan identified in the claim from February 14, 2005 until servicing transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013: however, the claimant was not the borrower under the loan.<br><br>Claimant asserts Debtor improperly retained insurance proceeds and would not allow her to take over mortgage loan (as she is not the Borrower). Debtors have no liability for Claimant's escrow related claims. Debtor's records show that assumption paperwork was not received for Claimant and therefore she never assumed liability for the loan. Debtor's records reflect a conversation with the borrower on August 3, 2009 that Claimant took over property against borrower's wishes and Claimant had been calling in trying to get insurance funds released. Borrower advised Debtor this is "fraud" and funds were not to be released to Claimant and Claimant was not authorized on the loan. Therefore, the Debtors are not a party in privity with the claimant. | 7-8, 10-11 |
| 14 | Gabriel J. & Grace G. Huba<br>1177 Kirkwall Drive<br>Copley, OH 44321-1728 | 1058 | 10/09/2012 | UNLIQUIDATED Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimants' loan was limited to Debtors' roles as purchaser and servicer of the loan. Debtor GMAC Mortgage Corporation purchased the loan from Nations Lending Corp on or about September 23, 2011. Debtor transferred its interest in the loan to Fannie Mae in or about November 2011. Debtor GMAC Mortgage, LLC serviced the loan from September 23, 2011 until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability because i) Claimants failed to state a basis for claim other than "contact from Morrison & Foerster LLP", and ii) in response to Debtor's letter requesting more information in support of claim, Claimants state "We are not sure of any discrepancies or wrongdoing by GMAC", and iii) Debtor reviewed its books and records and determined that no monies are owed to Claimants. | 7-8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 15 | Gilbert P. Gia - Ramona C. Gia 4104 Boise St Bakersfield, CA 93306-1102 | 1363 | 10/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $83,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | General No Liability | Debtors' involvement with Claimants' loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Golden Empire Mortgage, Inc., doing busines as Home Mortgage Company on or about September 20, 2010.  Debtor transferred its interest in the loan to the Federal National Mortgage Association ("Fannie Mae") on or about November 10, 2010.  Debtor GMAC Mortgage, LLC serviced the loan from October 20, 2010 until servicing transferred to Ocwen on February 16, 2013.

The Debtors have no liability because Claimants stated in a letter to Debtor dated June 12, 2013 that i) Claimants filed the claim only because they were sent notice of the Debtors' bankruptcy, and ii) they are not aware of any wrongdoing against them. Special Counsel contacted Claimants seeking a withdrawal of their claim, however, Claimants refused to execute the withdrawal form. | 7-8 |
| 16 | Gloria L Mason 1525 Old Buckroe Road Hampton, CA 23664 | 2404 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification, Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Metamerica Mortgage Bankers, Inc. on or about June 18, 2009.  Debtor transferred its interest in the loan on or about July 20, 2009 to GNMA. Debtor GMAC Mortgage, LLC serviced the loan from June 18, 2009 until servicing transferred to Ocwen on February 16, 2013.

Claimant failed to state a basis for the proof of claim. In response to Debtor's letter requesting additional information in support of the Claimant's proof of claim, Claimant states the basis of her claim is "paying too much" in her monthly mortgage payment and wrongful denial of loan modification.  Debtors have no liability for the allegation that Claimant was "paying too much" in her monthly mortgage payment because i) Debtor's servicing records show that the monthly payments required from Claimant were consistent with the terms of Claimant's note, and ii) Debtor was not involved in the origination of Claimant's loan or the payment terms agreed to by Claimant under the note. Claimant's loan was originated by Metamerica Mortgage Bankers, Inc., a non-Debtor entity.

Debtor appropriately denied Claimant for a HAMP modification because HAMP guidelines at the time did not allow modification for loans originated after January 1, 2009. Claimant's loan was originated on January 18, 2009. Claimant was also properly denied a traditional modification in accordance with the  investor guidelines due to insufficient income. Debtor's records show i) Debtor mailed a denial letter to Claimant on 12/23/10, and ii) Debtor spoke with Claimant by phone on 2/25/11 and advised Claimant that they would be denied for modification if their financial situation had not changed since their December 2010 application. | 9-10, 14-15 |
| 17 | Gloria W Rutledge 5020 Rodgers Drive Clinton, MD 20735 | 2265 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $159,607.14 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as purchaser and servicer of the loan. Debtor GMAC Mortgage Corporation purchased the loan from Mortgage Investors Corp. on or about August 5, 2011.  Debtor transferred its interest in the loan to GNMA in or about September 2011. Debtor GMAC Mortgage, LLC serviced the loan from August 5, 2011 until servicing transferred to Ocwen Loan Servicing, LLC on Feb 16th, 2013.

Debtors have no liability because i) Claimant failed to state a valid basis for the claim, ii) Claimant admits that she is unaware of any funds due to Claimant by Debtor, iii) Claimant asserts her mortgage is with a non-debtor entity, and iv) Debtor reviewed its books and records and found no evidence that monies are owed to Claimant.

In a letter response to Debtor's request for more information in support of the claim, Claimant states "Responding to documents recv'd May 14, 2012, instructions stated Claimant only had a one time opportunity to file if they believed they were owed any relief. Because I was not sure and did not want to be left out, I filed a claim. My mortgage loan is with Mortgage Investors Corp and I owe for the finance of my mortgage. The relief I'm seeking is to be relieved/removed from any bankruptcy proceedings and to have my home safe/free from any liens/obligations other than my loan payments." | 7-8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 18 | Gwenn Ferris 4601 N. 102nd Ave # 1043 Phoenix, AZ 85037 | 4451 | 11/12/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Interest Rates and Fees Collected | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Hamilton Mortgage Company on or about August 13, 2004, subsequently transferred its interest and the loan was securitized on or about September 1, 2004, where JP Morgan Chase Bank was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from August 13, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.

The improper fees alleged by Claimant were correctly assessed by Debtor because the loan was delinquent by 45 days or more for 15 months from September 2007 to November 2008. Section 14 of the Deed of Trust states that "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purposes of protecting Lender's interest in the Property and rights under the security instrument, including but not limited to, attorney's fees, property inspection fees and valuation fees…"  Although Claimant states her home was never inspected, Debtor verified through its servicing records that the property was inspected on 14 occasions. As part of Debtor's standard business practices, it was common for property inspections to consist of a visual assessment from the exterior of the property without any interaction with the homeowner. | 13-14 |
| 19 | Johnny H. Murphy 6615 Carloway Dr. Fayetteville, NC 28304 | 4411 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification, Interest Rates and Fees Charged, Escrow Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from Concorde Acceptance Corp., on or about April 30, 2003. Debtor transferred its interest and the loan was securitized on or about May 1, 2003, where JPMorgan Chase Bank was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from April 4, 2003 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.

Claimant asserts the monthly payment required under his loan modification improperly increased from $888.12 to $901.00 and then to $930.64. The alleged increases to Claimant's monthly payment were correctly assessed by Debtor due to increases in the Claimant's escrow obligations for taxes and insurance. Under the terms of the loan modification, Claimant was required to escrow for taxes and insurance. In the event Claimant's taxes or insurance obligations increase, Debtor can increase the escrow portion of Claimant's monthly mortgage payment to cover an existing or foreseen shortfall in the escrow account. Debtor confirmed that the principal and interest portion of Claimant's monthly payment did not increase after consummation of the loan modification. | 10-11, 13-14, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 20 | JULIO AND TOMASA GALVAN 1620 ALTA VISTA DR S COAST ROOFING ALVIN, TX 77511 | 620 | 09/21/2012 | $239.47 Administrative Priority $0.00 Administrative Secured $98,000.00 Secured $103,585.03 Priority UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 | Loan Modification Escrow Issues | Debtors' involvement with Claimants' loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from Decision One Mortgage Company, LLC, on or about October 28, 2004. Debtor transferred its interest and the loan was securitized on or about November 1, 2004, where JP Morgan Chase Bank, NA was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 12, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.

Claimants failed to state a basis for the proof of claim.  In response to Debtor's letter requesting information in support of the proof of claim, Claimant asserts that when they received their loan modification, the payment was to be $622.62, but they are paying $878.14, and the payments keep increasing. Debtors have no liability for the allegations because all payment amounts required by Debtor have been in accordance with the terms of the loan modification agreement executed by Claimant. Debtor's records show i) the principal and interest portion of Claimants required monthly mortgage payment under the loan modification agreement is $622.62 and has never changed, ii) under the terms of the modification agreement, Claimants monthly required payment also includes amounts necessary to pay Claimants property taxes and insurance obligations. Debtor validated that all amounts in excess of Claimants' monthly principal and interest were attributable to the required amounts for taxes and insurance, and all increases to Claimants' monthly mortgage payments were attributable to increases in the property taxes and insurance obligations.

The modification agreement is dated November 15, 2010 and became effective with the December 1, 2010 payment on the account.  According to the terms of the agreement, the principal and interest portion of Claimants required monthly payment is $622.62, and the starting required monthly escrow payment is $255.52. The starting escrow payment is equal to one-twelfth (or one month) of Claimants' annual obligations for i) the estimated property taxes and insurance of $1,010 and $1,846.25, respectively, plus ii) the Claimants existing escrow shortfall of $209.97 at the time the loan modification commenced. The sum of this calculated annual escrow obligation is $3,066.24, and equals 255.52 when divided by 12 monthly payments. Therefore, the total monthly required payment at inception of the loan modification was $878.14 ($622.62 plus $255.52), the sum of the monthly required amounts for principal, interest and escrows. | | 10-11, 14-15 |
| 21 | Laudis W & Deborah B. Perry Jr 2302 Nash St. N. Ste E141 Wilson, NC 27896 | 3970 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $158,225.90 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wrongful Foreclosure, Loan Modification, General Servicing Issues, General No Liability | Debtors had involvement with two of Claimants' loans, a first lien mortgage loan and a second lien mortgage loan secured by Claimants' property. Debtors' involvement with Claimants' first lien mortgage loan was limited to Debtors' roles as originator and servicer of the loan. Debtor GMAC Mortgage Corporation originated the loan on or about October 6, 2005. Debtor transferred its interest in the loan to Freddie Mac on or about November 18, 2005. Debtor GMAC Mortgage, LLC serviced the first lien loan from October 6, 2005 until servicing transferred to Ocwen on February 16, 2013. Debtors' involvement with Claimants' second lien mortgage loan was limited to Debtors' role as originator, owner and servicer of the loan. Debtor GMAC Mortgage Corporation originated the loan on or about April 2, 2007. Debtor transferred its interest and the loan was securitized on or about June 28, 2007 where The Bank of New York Trust Co. was appointed as trustee. Debtor GMAC Mortgage, LLC serviced the second lien loan from April 2, 2007 until servicing transferred to Specialized Loan Servicing, LLC on or about October 1, 2009.

Claimants assert Debtor i) wrongfully "foreclosed on our property - even as we were going through modification process", and ii) wrongfully "sold our second mortgage" to Specialized Loan Servicing, LLC, a collection firm allegedly affiliated with Debtor, while Claimants were in discussions with Debtor to modify the loan.   Debtors have no liability for the allegations of wrongful foreclosure and improper handling of the loan modification process because i) when Claimants' first mortgage was referred to foreclosure and Claimants' second mortgage was sold, Debtor had not offered or promised Claimants any modification, nor had Debtor received a loan | | 7-8, 8-9, 11-12, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|
| 22 Lettie Tice<br>4604 49th St North #57<br>St Petersburg, FL 33709-3842 | 2405 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corp purchased the loan from Pinnacle Direct Funding Corp., on or about January 1, 2002. Debtor transferred its interest and the loan was securitized on or about March 1, 2002, where Bank One, N.A., was appointed as Trustee. Debtor Homecomings Financial, LLC serviced the loan from January 28, 2002 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability because i) Claimant failed to state a valid basis for her claim, ii) Claimant contacted Special Counsel by phone on July 3, 2013 and stated she does not believe she has a valid claim against Debtor, but Claimant failed to execute and deliver a withdrawal form, and iii) Debtor reviewed its books and records and found no evidence that monies are owed to Claimant. | 7-8 |
| 23 Linda Hill<br>613 Emerson Street, NW<br>Washington, DC 20011 | 1478 | 10/22/2012 | $123,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as originator and servicer of the loan. Debtor GMAC Mortgage Corp. (now known as GMAC Mortgage, LLC) originated the loan on March 15, 2004. Debtor transferred its interest in the loan to Fannie Mae on or about March 29, 2004. Debtor GMAC Mortgage, LLC serviced the loan from March 15, 2004 until servicing transferred to GreenTree Servicing, LLC ("Green Tree") on February 1, 2013.<br><br>Debtors have no liability because i) Claimant failed to state a valid basis for her claim, and ii) in a phone conversation with Silverman Acampora, Claimant stated she does not believe Debtors owe her anything, and iii) Debtor reviewed its books and records and determined that no monies are owed to Claimant. Special Counsel contacted Claimant seeking a withdrawal of her claim, however, Claimant refused to execute the withdrawal form. | 7-8 |
| 24 Lisa Medina<br>3570 Manresa Drive<br>Madera , CA 93637 | 4572 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues, Loan Modification, Wrongful Foreclosure, Standing Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and investor of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Mountain States Mortgage Centers, Inc., on or about October 24, 2009 and is the current investor of the loan. Debtor GMAC Mortgage, LLC serviced the loan from October 24, 2009 until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by Mountain States Mortgage Centers, Inc on October 24, 2009. In addition, there is no assignee liability that would extend to Debtor on these claims. A claim under California Business and Professions Code § 17200 has three prongs: unlawfulness, unfairness, and fraud. In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices. The claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices.<br><br>Debtors have no liability for Claimant's lack-of-standing claims because the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from originator to Ally Bank, from Ally Bank to GMAC Mortgage, LLC and from GMAC Mortgage, LLC to Blank, and ii) the assignment of mortgage was recorded from MERS, as nominee for originator, to GMAC Mortgage, LLC.<br><br>Debtors have no liability for wrongful foreclosure claims because i) the loan was delinquent and paid through only December 11, 2011 when foreclosure proceedings commenced on May 23, 2012, and ii) foreclosure proceedings were appropriately halted each time a loan modification option was approved.<br><br>Debtors have no liability for loan modification claims because Debtor handled all aspects of the loan modification process appropriately, and Claimant was not damaged by the assistance Debtor provided to Claimant. Debtor's records show Claimant was approved for a HAMP trial modification on October 2, 2012. Claimant made the first payment but failed to make subsequent payments, and the modification was denied January 7, 2013. Claimant was approved for a HAMP trial modification on April 3, 2013. Claimant did not return the signed modification agreement by the deadline, and modification was denied. Claimant was approved for another HAMP trial modification on July 26, 2013. Claimant completed the trial successfully. As a result, Debtor approved a permanent modification on November 19, 2013, which was executed December 9, 2013. | 9-10, 11-12, 12, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 25 | Michael Rodgers Walker<br>7114 Garden Green Dr.<br>Arlington, TX 76001 | 487 | 09/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$97,227.01 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | General Servicing Issues, Standing issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Alethes, LLC on or about March 10, 2005. Debtor transferred its interest and the loan was securitized on or about April 21, 2005 where HLSS Mortgage Master Trust was the sole investor of the security. Debtor GMAC Mortgage, LLC serviced the loan from March 10, 2005 until servicing transferred to Ocwen on February 16, 2013.<br><br>Claimant asserts Debtor destroyed the original note and mortgage, illegally transferred Claimant's loan to Ocwen, and failed to respond to Qualified Written Responses ("QWR"). Debtors have no liability for the allegations because i) Claimant failed to demonstrate that he was damaged in any way, ii) Debtor found no record reflecting that it destroyed the original note and mortgage, iii) Ocwen lawfully assumed the right to service Claimant's loan from Debtor when Ocwen purchased Debtor's servicing business, and all proper notices of the servicing transfer were provided to Claimant, and iii) Debtor's records show Claimant's first submission of a QWR occurred in February 2013, after the Petition Date. Notwithstanding the fact that the QWR issues occurred post-petition, Debtor's research shows Ocwen responded timely, sufficiently and appropriately to these requests. Debtor's records show that on February 8, 2013 and February 12, 2013 Debtor received duplicative QWR's that were dated February 8, 2013. Servicing of Claimant's loan transferred from Debtor to Ocwen on February 16, 2013. Ocwen responded to Claimant's QWR's on February 27, 2013. Ocwen received a QWR on March 26, 2013 that was dated March 19, 2013, and Ocwen responded on April 10, 2013. Ocwen received a QWR on May 21, 2013 and responded on June 6, 2013. | | 8-9, 12 |
| 26 | Patricia Diddon Blades<br>19169 Rolling Pines Rd<br>Amite, LA 70422 | 5541 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$122,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from American Fidelity, on or about January 21, 2003. Debtor transferred its interest and the loan was securitized on or about March 1, 2003, where JPMorgan Chase Bank was appointed as Trustee. Debtor Homecomings Financial, LLC serviced the loan from January 21, 2003 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on Feb 16th, 2013.<br><br>Claimant's allegation that Debtor failed to provide loan modification and loss mitigation assistance carry no merit because i) Debtor provided Claimant with a traditional loan modification on July 25, 2006, but Claimant defaulted by failing to make payments beginning February 1, 2008, ii) Debtor approved a Repayment Plan for Claimant on May 14, 2009, but Claimant failed to return the executed agreement to Debtor, and iii) Debtor evaluated two loan modification applications submitted by Claimant between January and April 2010, and in each instance, Debtor appropriately denied Claimant for HAMP and traditional loan modification options because Claimant's income was insufficient to meet applicable investor guidelines. Specifically, under HAMP and Traditional guidelines, the Claimant's monthly payment was too high to meet the maximum debt-to-income ratio of 31% because reducing to this point would have required Debtor to implement two prohibited actions under the guidelines: a) reducing a borrower's interest rate to less than half of the interest rate on the original loan, and b) forgiving principal such that the loan-to-value would drop below 70%.<br><br>Debtor found no evidence to support Claimant's allegations that Debtor wrongfully refused payments or wrongfully foreclosed. On the contrary, Debtor's records show i) Claimant never attempted to send in funds sufficient to reinstate the account, and Debtor never refused payments it promised to accept or was obligated to accept, ii) Debtor told Claimant by phone on several occasions that she did not have the ability to reinstate her account, iii) Debtor acted appropriately in evaluating and denying Claimant's loan modification requests, and iv) at the time Debtor completed foreclosure on May 18, 2011, Claimant's account was in default and due for May 1, 2009 payment. | | 11-12, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 27 | Patricia Graulty<br>PO Box 12983<br>Tucson, AZ 85732 | 4427 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Escrow Issues, General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Nova Financial & Investment on or about September 28, 2009. Debtor transferred its interest to the Government National Mortgage Assocation ("GNMA") on or about November 20, 2009. Debtor GMAC Mortgage, LLC serviced the loan from September 28, 2009 until servicing transferred to Ocwen on February 16, 2013.<br><br>Claimant asserts "I am placing a claim, if required, for the amount in my escrow account and any other monies that are held for insurance, taxes, etc, if required. I want to ensure I have any monies owed to me returned". Debtors have no liability because i) Debtor no longer services Claimant's loan or manages Claimant's escrow account, and ii) Debtor's records show that all escrow information and escrow balances were properly transferred to Ocwen in February 2013, at which time there was no escrow refund or any other monies were due to Claimant. | 7-8, 10-11 |
| 28 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2303 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.  The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 29 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2302 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 30 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2301 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee. Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement;<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions;<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section;<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 31 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2300 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 32 | Robert Andrew Romero PO Box 2905 Hillsboro, OR 97123 | 2299 | 11/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $230,000.00 General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.

Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.

There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:

• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:

• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:

• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:

• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and

• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 33 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2305 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMACM Borrower LLC | 12-12035 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud and other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions;<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section;<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 34 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2307 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMACM REO LLC | 12-12036 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee. Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents. However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note. However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability. Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided. Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial". This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations". A claim under this statute has three prongs: unlawfulness, unfairness, and fraud. In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices. The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 35 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2308 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMACR Mortgage Products, LLC | 12-12037 | Origination issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud and other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 36 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2306 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions;<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 37 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2309 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | HFN REO Sub II, LLC | 12-12038 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the….adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 38 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2311 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST  OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 39 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2310 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions:<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section:<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 40 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2304 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement;<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions;<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section;<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 41 | Robert Andrew Romero<br>PO Box 2905<br>Hillsboro, OR 97123 | 2298 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,000.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Origination Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Corporation purchased the loan from Sierra Pacific Mortgage Company on or about November 29, 2004, subsequently transferred its interest and the loan was securitized on or about December 1, 2004, where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial, LLC serviced the loan from November 29, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  The loan was originated by Sierra Pacific Mortgage Company, Inc. on October 18, 2004.<br><br>There is no assignee liability that would extend to Debtor on these claims in its role as servicer or owner of the loan. The Claimant cites the following California statutes as the basis for liability:<br><br>• Civil Code § 1572, in connection with allegations of fraud/forgery in the origination documents.  However, the assignee or purchaser of an asset generally does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. Claimant does not provide evidence of any such contractual agreement:<br><br>• Civil Code §§ 1411, 1511 and 1595, arguing that the servicer and all affiliated agents should have known he could not perform under the note.  However, these are simply general statutes governing the law of contracts in California and the general rule is that a successor does not succeed to the contractual liabilities of the predecessor, except where there was a de facto merger, a continuation of the corporation, an agreement to assume liability, or a fraudulent attempt to avoid liability.  Again no evidence is proffered to support such exceptions;<br><br>• Civil Code § 1670.5(a), arguing that the loan contract was "unconscionable at the time it was made" and therefore should be voided.  Claimant has not provided any facts to establish either procedural or substantive unconscionability as required to support a claim under this section;<br><br>• Civil Code § 1916.7, in connection with "failing to provide the disclosure notice required in a timely manner. I was not fully informed of the....adjustable rate (terms)" and other loan options "that might have been more beneficial".  This statute governs disclosures that an originating lender is required to make at the origination of the mortgage loan, and the Debtors were not the originating lender: and<br><br>• Business & Professions Code § 17200, in connection with "RESPA and TILA violations".  A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.   The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices. | | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-FIRST OMNIBUS OBJECTION - NO LIABILITY BORROWER CLAIMS

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 42 | Thomas Mccue 2157 Stockman Circle Folsom, CA 95630 | 4755 | 11/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues, Loan Modification , Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Central Pacific Mortgage Company on or about April 21, 2003. Debtor transferred its interest and the loan was securitized on or about March 30, 2006, where JPMorgan Chase Bank, NA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from December 12, 2005 until servicing transferred to Ocwen on February 16, 2013. Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by Central Pacific Mortgage Company. Thus, there is no assignee liability that would extend to Debtor on these claims.  In general, an unfair practices claim under California Business and Professions Code § 17200 cannot be predicated on vicarious liability.  To be liable, a defendant must personally participate in unlawful, unfair or fraudulent practices. Debtors have no liability for wrongful foreclosure claims because Debtor confirmed that this loan has never been referred to foreclosure. As of September 10, 2013, this loan is current and serviced by Ocwen. Debtors have no liability for this loan modification claim because Debtor handled all aspects of the loan modification process appropriately, and Claimant was not damaged by the assistance Debtor provided to Claimant. Debtor's records show that a workout package was received on August 19, 2009. On September 21, 2009, Claimant was denied for both a HAMP modification and traditional modification because the debt-to-income ratio indicated Claimant could afford the mortgage payment.  A new workout package was submitted on February 23, 2010.  Modification was again denied on March 2, 2010 for the same reason.  A new workout package was submitted on June 29, 2012.  Modifications were denied on July 27, 2012 (HAMP) and on July 31, 2012 (traditional), for the same reason. | 9-10, 11-12, 14-15 |