UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

**WHEREAS** Tower Capital Management, L.P. ("Requesting Party"), as Servicer to Tower DBW II Trust 2013-1 ("Trust") asserts that it services a tax lien, in the name of Bank of New York as Collateral Agent and Custodian, on lands and premises of Regina Knight with an address of 364 Amboy Street, Brooklyn, NY 11212 (the "Mortgaged Property");

**WHEREAS** the Requesting Party's review of the relevant land records indicates that Residential Capital, LLC (together with Requesting Party, the "Parties") one of the above-captioned debtors (the "Debtors") may also hold a lien on the Mortgaged Property;

**WHEREAS** the Requesting Party requested (the "Request") relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to commence and/or complete the foreclosure of its interests in the Mortgaged Property;

**WHEREAS** the Debtors, following a review of their records have determined that to the best of their knowledge they no longer hold an interest in the Mortgaged Property;

**WHEREAS** the Debtors have agreed to consent to the Request on the terms and conditions contained in this Stipulation and Order;

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, as follows:

NY-1138938

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in these cases by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to allow the Requesting Party, its assignees and/or successors in interest to commence and/or complete the foreclosure of the tax lien it holds on the Mortgaged Property.

3. Nothing in this Stipulation and Order shall be deemed to affect the rights of any entity to contest the relative priority or validity of Requesting Party's tax lien in the Mortgaged Property in any subsequent foreclosure proceeding.

4. The Requesting Party shall provide due notice to the Debtors[1] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to proceeding with a sale of the Mortgaged Property, in accordance with and to the extent the holder of a lien on the Mortgaged Property would be entitled to notice under applicable state law.

5. By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of the Trust and Bank of New York as Collateral Agent and Custodian.

6. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

---

[1] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

NY-1138938

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. Pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such rule is waived. The Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

Dated: May 29, 2014

| RESIDENTIAL CAPITAL, LLC<br><br>By: /s/<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The Debtors<br>and The ResCap Liquidating Trust* | TOWER CAPITAL MANAGEMENT, L.P., AS SERVICER TO TOWER DBW II TRUST 2013-1 AND BANK OF NEW YORK AS COLLATERAL AGENT AND CUSTODIAN<br><br>By: /s/ Nickolas Karavolas<br>Nickolas Karavolas<br>**PHILLIPS LYTLE LLP**<br>The New York Times Building<br>620 8th Avenue, 23rd Floor<br>New York, NY 10018<br>Telephone: (212) 508-0477<br>Facsimile: (212) 308-9079<br><br>Allan L. Hill<br>**PHILLIPS LYTLE LLP**<br>1400 First Federal Plaza<br>Rochester, NY 14614<br>Telephone: (585) 238-2059<br>Facsimile: (585) 232-3141<br><br>*Counsel for Tower Capital Management, L.P., as Servicer to Tower DBW II Trust 2013-1 and Bank of New York as Collateral Agent and Custodian* |

3

NY-1138938

APPROVED AND SO ORDERED
This ___ day of June, 2014, in New York, NY.

_____
**HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

4