**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------
                                    )
In re:                              )    Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
                                    )
                       Debtors.     )    Jointly Administered
                                    )
---------------------------------------------------
```

## ORDER DENYING KAREN MICHELE ROZIER'S MOTION TO RECONSIDER

Pending before the Court is Karen Michele Rozier's Reconsideration Motion,[1] requesting that the Court reconsider its Prior Order[2] denying Rozier's Motions for Payment[3] seeking immediate payment of her claims in these bankruptcy cases. The ResCap Borrower Claims Trust (the "Trust") filed an objection to the Reconsideration Motion,[4] supported by the Declaration of Deanna Horst.[5] For the reasons that follow, the Reconsideration Motion is **DENIED**.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On December 11, 2013, the Court entered an order (ECF Doc. # 6065) confirming the *Second Amended Joint Chapter 11 Plan*

---

[1] *Motion for Reconsideration of Order Entered on 2/26/2014 Pursuant to Rules 9023 and 9024 [Claims 4738 and 5632]* (the "Reconsideration Motion," ECF Doc. # 6861).

[2] *Order Sustaining Objection to Motions of Karen Michele Rozier for Payment on Claims* (the "Prior Order," ECF Doc. # 6519).

[3] *Karen Michele Rozier's Request for Payment from Executive Trustee Services, LLC d/b/a ETS, LLC* (ECF Doc. # 6173) and *Karen Michele Rozier's Request for Payment from GMAC Mortgage, LLC* (ECF Doc. # 6173-1) (together, the "Motions for Payment").

[4] *Objection of the ResCap Borrower Claims Trust to Karen Michele Rozier's Motion for Reconsideration of Order Denying Payment on Claim Nos. 4738 and 5632* (the "Objection to Reconsideration," ECF Doc. # 7004).

[5] *Declaration of Deanna Horst in Support of the ResCap Borrower Claims Trust's Objection to Karen Michele Rozier's Motion for Reconsideration of Order Denying Payment on Claim Nos. 4738 and 5632* (the "Horst Decl.," ECF Doc. # 7004-1).

*Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 6065-1). The Plan became effective on December 17, 2013 (the "Effective Date"). (ECF Doc. # 6137.)

Rozier timely filed two proofs of claim in these cases: Claim Nos. 4738 and 5632 (together, the "Rozier Claims"). The Debtors did not object to the Rozier Claims before the Plan became effective. After the Effective Date, Rozier filed the Motions for Payment, seeking immediate payment on her Claims. The Trust filed an objection to the Motions for Payment (the "Objection to Payment," ECF Doc. # 6461). Rozier filed a reply (the "Reply," ECF Doc. # 6597) that was received at the courthouse on February 24, 2014, but not entered on the Court's electronic docket until March 4, 2014. Because the Court entered the Prior Order on February 26, 2014, the Court was unable to consider Rozier's Reply in rendering the Prior Order. But nothing in the Reply would have altered the Court's analysis.[6]

Claimants in bankruptcy proceedings are only entitled to receive payment on claims that are allowed and no longer subject to objection. *See* FED. R. BANKR. P. 3021. Pursuant to the Plan, the Trust has until at least Monday, September 15, 2014, to object to proofs of claim, including the Rozier Claims. (Plan Art. I.A.54; *see also Notice to Holders of Borrower Claims Regarding Requests for Distributions on Account of Borrower Claims* (ECF Doc. # 6852).) Thus, the Rozier Claims remain subject to objection by the Trust and have not yet been allowed. For this reason, the Court denied Rozier's Motions for Payment. (*See* Prior Order at 4.)

---

[6]     In the Reply, Rozier (1) objected to being called a "borrower" because her claim arises from a suit she initiated against the Debtors after they purchased an allegedly rescinded note on her home; and (2) asserted that the Plan should be rejected because the Debtors obscured from her the fact that they would still be able to object to claims after the Effective Date. The Court rejects each of these arguments. *First*, "borrower" is defined in the Plan as "an individual whose current or former mortgage loan was originated, serviced, sold, consolidated, or owned by any of the Debtors." (Plan Art. I.A.38.) Regardless of Rozier's assertions regarding the Debtors' actions with respect to her note, Rozier fits within this definition. *Second*, Rozier was served with the Plan and other solicitation materials. (*See Affidavit of Service of P. Joseph Morrow IV re: Solicitation Materials*, ECF Doc. # 5196). Rozier's argument that she did not understand the provisions of the Plan does not exempt her from its provisions.

2

Rozier now seeks reconsideration of the Court's Prior Order.[7] Because Rozier is *pro se*, the Reconsideration Motion is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, the Motion fails to identify adequate grounds for relief.

Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59, which governs motions for amendment of a judgment. Rule 9023 states: "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Rozier filed the Reconsideration Motion on April 30, 2014—more than fourteen days after the Court entered the Prior Order—preventing her from obtaining relief under Bankruptcy Rule 9023. *See In re Terrestar Networks, Inc.*, No. 10-15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013). In any event, Rozier failed to satisfy the standards for relief under Rule 9023.

Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new

---

[7] In her Reconsideration Motion, Rozier also asserts that her claims should be given administrative status, without providing any legal or factual support. The Court denies this request.

evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, No. 07-13481 (MG), 2008 WL 110907, at *3 (Bankr. S.D.N.Y. Jan. 4, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). Rozier has not identified any changes in controlling law or new relevant evidence, nor has she identified any clear errors in the Prior Order. She simply disagrees with the Court's analysis.

Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60, which establishes the grounds for relief from a final order. Rule 60(b) provides that a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

A motion for relief from judgment under Rule 60(b) "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo*, 374 F.3d at 55 (citation omitted).

Rozier alleges that the Debtors engaged in fraud by misrepresenting facts (1) to this Court in opposition to her Motions for Payment (*see* Reconsideration Motion at 6), and (2) in ongoing California litigation that forms the basis for her claims here. Rozier's allegation that the Debtors misrepresented facts to California courts has no bearing on her right to immediate payment on her Claims here. Further, the Debtors dispute Rozier's allegation that they misled this Court regarding the entity that initiated a foreclosure action on her home. (*See* Objection to

4

Reconsideration ¶ 36; Objection to Payment at 3 n.1.) But the underlying facts surrounding the Rozier Claims are immaterial to whether Rozier is entitled to immediate payment on her Claims. She does not currently have an allowed claim, and her Claims are still subject to objection. Therefore, Rozier's assertion that the Debtors misled the Court in this regard does not warrant reconsideration of the Prior Order. Rozier will have a chance to raise these allegations again in response to any objection to her Claims.

The only new evidence Rozier puts forth is the fact that on January 27, 2014, she received a payment from the Debtors as a result of the Independent Foreclosure Review (defined below). Rozier asserts that this payment evidences the Trust's acknowledgement of the validity of her Claims. (*See* Reconsideration Motion at 8.) Rozier is incorrect.

Before the Petition Date, several of the Debtors and their affiliates were the subjects of an examination by various regulatory agencies, including the Board of Governors of the Federal Reserve System (the "FRB"). As part of a settlement, certain Debtors and non-debtor affiliates entered into a consent order (the "FRB Consent Order"). The FRB Consent Order included an agreement by GMACM to pay for an extensive, independent file review regarding certain residential foreclosure actions and foreclosure sales prosecuted by the Debtors (the "Independent Foreclosure Review"), and to prepare and submit a detailed report regarding the results of that review. (*See* Horst Decl. ¶ 4.)

In 2013, the FRB, ResCap, and GMACM entered into an agreement to suspend the Independent Foreclosure Review. Instead of continuing the Review, the Debtors agreed to set aside a certain amount of money to be distributed to eligible borrowers. (*See id.* ¶ 5.) Pursuant to a waterfall model prepared by the Debtors' independent consultant PricewaterhouseCoopers, all eligible borrowers would receive payment of some amount, without any determination of

actual harm. (*See id.*) The eligible population was defined as all borrowers whose loans were serviced by the Debtors and who had been subject to residential mortgage foreclosure actions, proceedings, or sales that were pending or occurred at any time from January 1, 2009 to December 31, 2010. (*See id.*)

The payment Rozier received on January 27, 2014 was made as a result of the Independent Foreclosure Review settlement, in an amount determined by the waterfall model. (*See id.* ¶ 7.) Rozier was included in the eligible population because she was subject to a foreclosure proceeding during the relevant time period. But the payment does not indicate or represent any determination or acknowledgment by the Debtors or the Trust that the Rozier Claims have merit or that Rozier suffered any harm at the hands of the Debtors. The payment was not made as a result of the claims allowance process in the bankruptcy cases. Rather, the Plan contemplates the bifurcation of any portion of a borrower claim satisfied through the FRB Consent Order from the portion of that claim subject to the claims allowance process. (*See* Plan Arts. IV.B(e), IV.F.6.) Specifically, the Plan provides that the allowed amount of any borrower claim will be reduced by any amount paid pursuant to the FRB Consent Order. (Plan Art. IV.F.6.) So in the event that either of the Rozier Claims is allowed, the allowed amount of such Claim will be reduced by the amount of the January 27, 2014 payment she received. But her receipt of that payment does not evidence any admission or acknowledgment by the Debtors regarding the validity of her Claims. Nor does anything in this Order or the Prior Order affect the validity of the Rozier Claims. Those Claims remain on the claims register, subject to objection by the Trust.

As mentioned above, the Reconsideration Motion does not identify any intervening change in law or the need to correct clear error or manifest injustice. Even though the Court did

6

not consider Rozier's Reply before issuing the Prior Order, nothing in that Reply would have altered the Court's decision, so the Court need not reconsider its Prior Order either on those grounds or on any other grounds raised in Rozier's Reconsideration Motion. Rozier has failed to satisfy the standards for reconsideration.

For all of the foregoing reasons, the Reconsideration Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 2, 2014
   New York, New York                     _____/s/Martin Glenn_____
                                          MARTIN GLENN
                                          United States Bankruptcy Judge