# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) Chapter 11 ) |
| Debtors. | ) Jointly Administered ) |

## ORDER ESTIMATING CLAIMS AND
## ESTABLISHING THE DISPUTED CLAIMS RESERVE

Upon the *ResCap Borrower Claims Trust's Motion for Order Estimating Claims and Establishing the Disputed Claims Reserve*, dated June 2, 2014 (the "Motion")[1] seeking entry of an order estimating claims and establishing a disputed claims reserve (the "Disputed Claims Reserve") for disputed claims in Classes R-5 (ResCap Unsecured Borrower Claims), GS-5 (GMACM Unsecured Borrower Claims), RS-5 (RFC Unsecured Borrower Claims) and Executive Trustee Services, LLC ("ETS") (collectively, the "Disputed Class 5 Claims and ETS Borrower Claims") in connection with distributions to be made under the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5993] (as may be amended or modified from time to time, the "Plan"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Michael J. Talarico, in support of the Motion (the "Talarico Declaration"); and the Court having held a hearing on the Motion on June 26, 2014 (the "Hearing"); and the Court having determined

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

47603488.3

that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, the ResCap Borrower Claims Trust, Borrower Claimants and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion, Talarico Declaration and at the Hearing establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1. The Motion is GRANTED as set forth herein.

2. The Disputed Claims Reserve as set forth in the Motion is approved in all respects.

3. The Reserve Amount, for the sole purpose of establishing the Disputed Claims Reserve, is $8,640,000.00.

4. The estimation of the Disputed Class 5 Claims and ETS Borrower Claims is without prejudice to the rights of the Borrower Claims Trust to contest the merits and allowance of the Disputed Class 5 Claims and ETS Borrower Claims. By estimating the Disputed Class 5 Claims and ETS Borrower Claims, the Borrower Claims Trust and this Court are not making a determination that the Debtors or the Debtors' estates are liable on account of any Disputed Claims in any amount.

5. The Borrower Claims Trust is authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan, the Borrower Claims Trust, and to implement the terms of this Order. Nothing herein or in the Motion, nor any action by the Borrower Claims Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of

any Disputed Claim, and the Borrower Claims Trust reserves all of its rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve. All Borrower Claims that have not been specifically Allowed, whether by order of this Court or an express duly authorized written agreement executed by the Borrower Trust, constitute Disputed Claims and shall remain so unless and until they are Disallowed or become Allowed Claims.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2014
      New York, New York

                                                  THE HONORABLE MARTIN GLENN UNITED STATES BANKRUPTCY JUDGE

47603488.3