**CHADBOURNE
& PARKE LLP**

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

David M. LeMay
direct tel (212) 408-5112
dlemay@chadbourne.com

June 3, 2014

*VIA ECF*

The Honorable Martin Glenn
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

   Re: <u>In re Residential Capital, LLC *et al.*, No. 12-12020 (MG)</u>

Dear Judge Glenn:

  I am writing with respect to a discrete discovery issue related to the ResCap Liquidating Trust's objection to Chadbourne's fee application in the ResCap case. *See* Limited Objection of the ResCap Liquidating Trust to the Final Fee Application and Amended Final Fee Application of Chadbourne & Parke LLP, Counsel to the Examiner, for Allowance of Compensation and Reimbursement of Expenses (filed June 3, 2014)(Docket No. 7030) (the "***Liquidating Trust's Objection***"). Specifically, the Liquidating Trust has notified Chadbourne that it will only comply with Federal Rule of Civil Procedure 26(a)(2) (which concerns, among other things, expert testimony), made applicable by Bankruptcy Rule 7026, if and when this Court directs that the rule apply to this contested matter pursuant to Bankruptcy Rule 9014(c). For the reasons set forth below, we respectfully request that the Court schedule a telephonic chambers conference at its earliest convenience to discuss this matter and certain related issues.

  The Liquidating Trust's Objection was not unexpected. The Liquidating Trust asked for and was provided additional months to review Chadbourne's fee application. During that time, the Liquidating Trustee's representatives and Chadbourne interacted frequently but, as the Court is aware, were unable to reach resolution of their issues. Finally, in late May, knowing that the Liquidating Trust's Objection was soon due and in response to a statement by the Liquidating Trust's counsel that it might seek to rely on a testifying expert at the June 18, 2014 fee hearing, Chadbourne (through litigation partner Tom Hall), sent an e-mail to the Liquidating Trust's counsel that noted the accelerated timeframe between the deadline for the filing the Liquidating Trust's Objection and the hearing date, and requested full compliance with Federal Rule of Civil Procedure 26(a)(2), including by providing Chadbourne a copy of the expert report at the time the Objection was filed and requesting that Chadbourne be notified of identity of the expert as soon as that expert is retained. *See*

CHADBOURNE
& PARKE LLP

The Honorable Martin Glenn            -2-                          June 3, 2014

Exhibit A (e-mail from Thomas Hall to Katherine Stadler dated May 27, 2014). No response to that e-mail was received.

On June 3, 2014, the Liquidating Trust filed its Objection. Chadbourne (through bankruptcy partner Douglas Deutsch) immediately sent an e-mail to the Liquidating Trust's counsel regarding, among other things, the fact that no expert report had been filed. We noted that, as such, we assumed no expert would be used. *See* Exhibit B (e-mail from Douglas Deutsch to Katherine Stadler dated June 2, 2014).

In response, the Liquidating Trust's counsel has advised Chadbourne that it will not comply with Chadbourne's expert related requests unless and until the Court directs that Rule 26 apply to this contested matter. *See* Exhibit C (e-mail from Katherine Stadler to Douglas Deutsch dated June 2, 2014) (exhibits omitted). Chadbourne believes that Rule 26(a)(2) should apply in these circumstances.

Accordingly, Chadbourne requests that the Court hold a telephonic chambers conference to consider and determine whether Rule 26(a)(2) should be made applicable to this contested matter pursuant to Bankruptcy Rule 9014(c). Once the Court resolves that issue, we will be immediately available to meet and confer with counsel to the Liquidating Trustee to discuss the scheduling and substance of any and all remaining discovery matters.

Respectfully submitted,

David M. LeMay

cc: *Via Electronic Mail*
    Arthur J. Gonzalez, Esq.
    Katherine Stadler, Esq.
    Brian S. Masumoto, Esq.

CPAM: 6581148.2

# EXHIBIT A

## LeMay, David

**From:** Hall, Thomas J.
**Sent:** Tuesday, May 27, 2014 4:23 PM
**To:** Stadler, Katherine
**Cc:** Gonzalez, Arthur; Seife, Howard; Deutsch, Douglas
**Subject:** ResCap - Chadbourne Final Fee Application


Katie - In your May 26 letter, you indicated that you may rely on a testifying expert. In the event that you do, we expect full compliance with your Rule 26(a)(2)(B) expert report obligations (presumably to be filed with your objection). In addition, once we review that report, we will likely request to depose the expert. I wanted to give you advance notice of this in light of the the tight timeframe between the filing of your objection and the June 18 hearing.

Also, to expedite our preparation, we would appreciate your advising us of the identity of your testifying expert once retained.

Thanks for your anticipated cooperation.

Tom Hall

Sent from my BlackBerry 10 smartphone on the Verizon Wireless 4G LTE network.

1

**EXHIBIT B**

## LeMay, David

**From:** Deutsch, Douglas [mailto:DDeutsch@chadbourne.com]
**Sent:** Monday, June 02, 2014 5:46 PM
**To:** Stadler, Katherine
**Cc:** Seife, Howard; Hall, Thomas J.
**Subject:** ResCap -- Chadbourne Objection Exhibits & Other Items

Katie --

We have obtained, although I do not believe we have yet been served, a copy of the Liquidating Trust's objection to Chadbourne's ResCap fee applications (the "Objection") from the Bankruptcy Court's PACER system. At footnote 2 of the Objection, you note that the Liquidating Trust is not filing the exhibits referenced in the Objection with the Bankruptcy Court but that the Examiner's professionals will be provided with these exhibits. We have not yet received these exhibits although the deadline for the Objection has passed. Please provide us these exhibits immediately *via* e-mail or *via* an FTP file (that is, on a website, as we provided materials to you on May 21nd). If you have questions, please let me know immediately.

In addition, as we have not yet been provided an expert report, we are assuming that no expert will be used.

Sincerely,

Doug

**Douglas E. Deutsch**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5169 | **fax** 212-541-5369
ddeutsch@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ddeutsch.vcf

Please consider the environment before printing this email.

1

# EXHIBIT C

**LeMay, David**

---

**From:** Stadler, Katherine [mailto:KStadler@gklaw.com]
**Sent:** Monday, June 02, 2014 7:11 PM
**To:** Deutsch, Douglas
**Cc:** Seife, Howard; Hall, Thomas J.
**Subject:** RE: ResCap -- Chadbourne Objection Exhibits & Other Items [GK-Active.FID2139140]

Doug,

Service was completed through KCC. They will file the Affidavit of Service.
Hard copies of the filing, including exhibits, are en route to you via FedEx and we will file and Affidavit of Service reflecting that as well.
Electronic copies of the Exhibits are attached.

With regard to any experts, we intend to comply with Fed. R. Civ. P. 26 (a)(2), made applicable by Fed. R. Bankr. P. 7026 if and when the court directs that those rules shall apply to this contested matter pursuant to Fed. R. Bankr. P. 9014(c).


Katherine Stadler
Attorney

**GODFREY KAHN sc**
One East Main Street, Suite 500
Madison, Wisconsin 53703
TEL • 608.257.3911
DIR • 608.284.2654
FAX • 608.257.0609
EMAIL • kstadler@gklaw.com
WWW • GKLAW.COM

**Pursuant to Circular 230 promulgated by the Internal Revenue Service, if this email, or any attachment hereto, contains advice concerning any federal tax issue or submission, please be advised that it was not intended or written to be used, and that it cannot be used, for the purpose of avoiding federal tax penalties unless otherwise expressly indicated.

This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (608) 257-3911.**

Please consider the environment before printing this e-mail