UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**VERIFIED MOTION/REQUEST FOR REASONABLE ACCOMMODATIONS
AND DECLARATION OF TIMOTHY J. LAHRMAN IN SUPPORT**

Timothy J. Lahrman ("Lahrman"), *pro se*, relying on *Haines v. Kerner*, 404 U.S. 519 (1972), deposes and says as follows;

1. Ally Financial, Inc. knew - in advance of bringing these proceedings involving Lahrman to this Court - that Lahrman is an adjudicated incapacitated person under Indiana law. Ally did not make of disclosure of this known fact at the inception of these proceedings --- and has thus far in these proceeding failed to disclosed to this Court what Ally knows to be of this issue as it exists in the state court lawsuits from where these proceedings originate.

2. Sufficient irrefutable evidence exists in and on the record of these proceedings (*see* Doc. 6772-2, Declaration of Timothy J. Lahrman at p. 6 ¶ 9 Exhibit F) which supports the fact that Lahrman is in fact a qualified individual with a disability and Ally knew this to be fact when commencing these proceedings.

3. The very nature and character of Lahrman's disabled status is one of significant importance which, in light of *Berrios v. New York City Housing Authority*, 564 F.3d 130 (2009), is cause for concern and consideration going forward.

4. Twice now in these proceedings Lahrman has not received timely and equal 'Notice' of Orders entered in these proceedings, Orders which gave Lahrman strict deadlines to

act but for which – due to how and when Lahrman received 'Notice' – actually provided him little or no time to act. More importantly, in light of Lahrman's disabled status and the nature and character of his particular disability – which Ally did not disclose when dragging Lahrman to New York – issues such as "Notice", the statute of limitations (deadlines/bar dates etc.) waiver, voluntariness, finality, fairness and the like are particularly troubling and of grave constitutional concern. *See e.g. Indiana v. Edwards*, 554 U.S. 164 (2008)

5. Lahrman is mindful of the fight he picked in the Indiana state court, he is equally mindful of what it means to appear pro se and what are the governing expectations of pro se litigants. But he is equally too mindful that in the state court where Lahrman picked his fight and disclosed his adjudicated status the Indiana state court owes Lahrman a 'duty to protect' whereas being drug out here to New York by Ally leaves Lahrman unprotected and vulnerable. Notwithstanding, and by virtue of Lahrman life-long experiences with guardianship, he is mindful that this Court is under no obligation nor mandate of the U.S. Congress to provide reasonable accommodations for a litigant's disability, and it may well be that this Court is without the inherent constitutional authority to act as a constitutional court exercising a parens patriae authority. Nonetheless, Bankruptcy Rule 1004 and F.R.C.P. Rule 17 provides this Court with authority to appoint a guardian ad litem and/or make other such orders for the protection of the 'disabled/incapacitated' litigant that the Court sees fit.

6. By no means does Lahrman expect any preferential treatment other than that which due process requires in light of and under the facts presented, and in light of the present issues concerning 'Notice' of the orders entered by this Court and Lahrman's fair and equal access to this court a simple and reasonable accommodation would be for this Court to direct the Clerk of this Court to serve Notice on Lahrman by email (timlahrman@aol.com) [as would the

Pacer system do] and accept from Lahrman email pdf filings followed by hard copies served to the Clerk by certified mail return receipt requested. These two simple accommodations would level the playing field and ensure that Lahrman receives timely notice of the Orders issued by the Court and likewise allow for Lahrman to make electronic filings timely [as does the Pacer system] without losing time to dependence on the US Mail from 700 hundred miles away for meeting any filing deadlines. Whether or not these simple accommodations suffice due process and adequately protect Lahrman within the scope of Rule 17 or whether, in light of *Berrios supra* and *Indiana v. Edwards supra*, a Rule 1004 appointment of a guardian ad litem is necessary are questions and issues to which Lahrman defers to this Court sound discretion.

7. On June 13, 2014 and in the Indiana state court lawsuit where these particular proceedings originate, the state trial court will likewise consider appointing Lahrman a guardian ad litem due to Lahrman's incapacity and history of being a qualified individual with a disability. Ally is well aware of this substantive fact and has not made disclose to this Court of the same.

I hereby verify, affirm and swear under the penalties of perjury that the foregoing facts and representations are true and within the best of my personal knowledge.

### PRAYER FOR RELIEF

Wherefore and upon the foregoing, Lahrman respectfully requests that this Court make an appropriate order providing reasonable accommodations or an appropriate order otherwise protecting Lahrman in and during these proceedings as this Court sees fit and necessary under the facts and circumstances presented and for all just and proper relief upon these premises.

Dated: May 23, 2014

Timothy J. Lahrman, *pro se*

## CERTIFICATE OF SERVICE

    I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on May 24, 2014, via U.S. Postal Service over-night prepaid Priority Mail Express (article # EK 430207543 US) I filed the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

_____
Timothy J. Lahrman