**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

**NOT FOR PUBLICATION**

Case No. 12-12020 (MG)

Jointly Administered

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO
CLAIM NO. 1467 OF SUZANNE KOEGLER AND EDWARD TOBIAS**

*A P P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Counsel for the ResCap Borrower Claims Trust*
250 West 55th Street
New York, NY 10019
By:    Jordan A. Wishnew, Esq.

LAW OFFICES OF EDWARD N. TOBIAS, LLC
*Counsel for Edward N. Tobias and Suzanne Koegler*
226 Richwood Road
Mullica Hill, New Jersey 08062
By:    Edward N. Tobias, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Suzanne Koegler and Edward Tobias (together, the "Claimants") filed claim number 1467 (the "Freehold Claim") against Debtor Residential Capital, LLC ("ResCap"), asserting a general unsecured claim in the amount of $1,000,000. The Freehold Claim stems from alleged damage caused by Hurricane Sandy to real property located at 75 Princeton Oval, Freehold, NJ, 07728 (the "Freehold Property"). In a complaint (the "Complaint," ECF Doc. # 6881-1 Ex. A) filed in the United States District Court for the District of New Jersey (the "District Court"), the Claimants assert that ResCap and Debtor GMAC Mortgage, LLC ("GMACM") (1) manipulated the national housing market and (2) failed to adequately compensate the Claimants for Sandy-related damages.

Before the Court is the *ResCap Borrower Claims Trust's Sixty-First Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 6777). The ResCap Borrower Claims Trust (the "Trust") seeks an order disallowing and expunging the Freehold Claim.[1] In support of the Objection, the Trust submitted the Declarations of Deanna Horst (Obj. Ex. 1) and Norman Rosenbaum (Obj. Ex. 2). The Claimants filed a response (the "Response," ECF Doc. # 6881), and the Trust submitted a reply (the "Reply," ECF Doc. # 7003), supported by a supplemental Declaration of Deanna Horst (the "Supp. Horst Decl.," ECF Doc. # 7003-1). The Court held a hearing on May 29, 2014, and Tobias appeared telephonically.

As explained below, the facts asserted in the Complaint—which was filed against the Debtors in violation of the automatic stay—are insufficiently pled to form the basis for a claim against ResCap. For that reason, the Objection is **SUSTAINED** and the Freehold Claim is **EXPUNGED.**

## I.    BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 11, 2013, the Court entered an order (ECF Doc. # 6065) confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 6065-1). The Plan became effective on December 17, 2013 (the "Effective Date"). (ECF Doc. # 6137.)

On March 21, 2013, the Court entered an order (the "Procedures Order, ECF Doc. # 3294) authorizing the Debtors to file omnibus objections on various grounds, including additional grounds from those set forth in Bankruptcy Rule 3007(d). The Procedures Order

---

[1] The Court previously entered a separate order granting the Objection as to certain other claims. (ECF Doc. # 7015.)

included specific protections for Borrowers,[2] and established a process for the Debtors (and now the Trust) to follow before objecting to certain categories of Borrowers' claims. For example, before objecting to certain Borrower claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional documentation in support of the Borrower's claim. (*See* Procedures Order at 3–4).

On October 22, 2012, the Claimants timely filed two general unsecured claims, each in the amount of $1,000,000: Claim No. 1466 against GMACM and Claim No. 1467 against ResCap. The claims relate to two different properties,[3] but the stated basis for both claims is identical: "Damages based on Consumer Fraud or other claim/affirmative defenses to foreclosure requesting monetary relief." In Box 8 of each proof of claim form—which requires the claimant to attach any documents in support of the claim—the Claimants wrote: "Complaint has not yet been filed." Nothing was attached to either proof of claim.

Only the Freehold Claim is subject to the current Objection. In connection with the Freehold Property, on May 9, 2003, GMAC Mortgage Corp., n/k/a GMACM originated a $320,000 loan to the Claimants (the "Loan"). (*See* Supp. Horst Decl. ¶ 12.) GMACM transferred its interest in the Loan to Fannie Mae in or around June 2003, but continued as servicer of the Loan. (*Id.*) GMACM serviced the Loan until servicing was transferred to Green Tree Servicing on February 1, 2013. (*Id.*) The Trust asserts that the Claimants never disputed the terms of the Loan with GMACM before filing the Freehold Claim. (*See id.* ¶ 13.) According

---

[2] As used in the Procedures Order, the term "Borrower" is defined as "a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors." (*See* ECF Doc. # 3123 ¶ 21.)

[3] As stated in the text above, Claim No. 1467 relates to the Freehold Property. Claim No. 1466 relates to real property located at 93 Wisconsin Street, Long Beach, N.Y. 11561 (the "Long Beach Property").

to the Debtors' servicing notes for the Loan, the Loan was never referred to foreclosure, and the only delinquency ever reported on the account was a 30-day late payment in 2004.  (*See id.*)

On May 4, 2013, the Debtors sent a Request Letter to the Claimants requesting additional information in support of their claims.  The Claimants responded by stating that they had yet to file the complaint that would form the basis of their claims. (*See* Reply Ex. B-2.)  The Claimants' response to the Request Letter also attached copies of two "representative cases" and made reference to a consent judgment between GMACM and the Justice Department.  (*Id.*)

On October 28, 2013, the Claimants commenced Civil Action No. 3:13-cv-6471 (JAP)(TJP) (the "District Court Action") by filing the Complaint in the District Court.  The Complaint names as defendants Debtors GMACM and ResCap (in spite of the automatic stay), along with numerous non-debtors, including the United States of America, Barack Obama, and various state and federal agencies.  The Complaint relates to three properties that are or were owned by the Claimants and that were allegedly damaged by Hurricane Sandy.  The gravamen of the claims against the various state and federal agencies is that the Claimants should be entitled to relief funds for Sandy-related damage to their properties.  A separate claim against GMACM, ResCap, Ocwen Loan Servicing ("Ocwen"), and others alleges that these "defendants wrongfully engaged in illegal or other adverse actions that negatively affected the nationwide real estate market resulting in untrue and inaccurate property values at the time the plaintiffs purchased the properties." (Compl. at 18.)  The Complaint further alleges that the Claimants requested assistance from these defendants following Hurricane Sandy and that the defendants failed "to adequately compensate plaintiffs for damages sustained as a result of their wrongful acts." (*Id.* at 19.)  According to the Complaint, the defendants were required to provide assistance to the Claimants under the terms of the Claimants' mortgages and under federal law.  The Claimants

4

allege that they sustained a loss when they sold the Long Beach Property—the property referenced in Claim No. 1466, which is not subject to this Objection. But the Complaint states that the Claimants have not sold the Freehold Property, so they do not know whether they will sustain a loss on that Property. (*Id.*)

The Trust asserts that GMACM was never served with the Complaint.[4] (Reply at 6 n.9.) Nevertheless, Ocwen, also a defendant in the District Court Action, entered a notice of appearance for GMACM in late 2013 and included GMACM in its motion to dismiss, filed on December 26, 2013.[5] The Trust asserts that Ocwen mistakenly entered an appearance for GMACM, and the Trust retained separate counsel once it learned of the mistake. On May 19, 2014, GMACM filed a Notice of Bankruptcy in the District Court. (Dist. Ct. Action, ECF Doc. # 60.)

On April 16, 2014, the Claimants filed in the District Court a motion for leave to amend their Complaint to add specificity to their allegations. (*Id.*, ECF Doc. # 54.) On May 5, 2014, certain defendants filed an opposition to that motion. (*Id.*, ECF Doc. ## 55, 56.) The Claimants' motion to amend remains pending, and the District Court entered an order terminating all pending motions to dismiss until it rules on the Claimants' motion to amend. (*Id.*, ECF Doc. # 62.)

On April 11, 2014, the Trust filed the Objection to the Freehold Claim as a general no liability claim, classifying the Claim as one for wrongful foreclosure. (*See* Obj. Ex. A at 28.) The Trust explained that a review of the Debtors' records showed that the Debtors no longer held

---

[4] According to the Trust, the summons in the District Court Action was issued to GMACM c/o Morrison & Foerster, LLP ("MoFo"), but the attached proof of service is blank, and Tobias provided no other support that either GMACM or MoFo was actually served.

[5] Ocwen is currently servicing a loan originated in connection with the Long Beach Property, which was previously serviced by GMACM. That loan forms the basis for Claim No. 1466 and is not subject to this Objection.

5

any interest in the Loan and that the Loan had never been the subject of a dispute or foreclosure proceeding.

The Claimants then filed the Response, to which they attached the District Court Complaint. According to the Claimants, the Complaint sets forth the basis for the amount of their claims. (Response ¶ 2.) The Claimants assert that the Trust's Objection is premature because the underlying issues in the Complaint have not yet been adjudicated. According to the Claimants, the Trust's determination that ResCap has no liability for the amount of the Freehold Claim is unfounded until there is a final disposition by the District Court and/or this Court.

In the Reply, the Trust argues that the District Court Action was commenced in violation of the automatic stay and is therefore void as to the Debtors. The Trust also points out that the Claimants never sought leave to amend the Freehold Claim to incorporate the Complaint. Additionally, the Trust asserts that the Claimants have failed to carry their burden of proving the validity of their Claim since the Complaint contains only vague, conclusory allegations.

## II.   DISCUSSION

Claims objections have a shifting burden of proof. Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12–13

(S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted).  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."  4 COLLIER ON BANKRUPTCY ¶ 502.02 (16th rev. ed. 2013).

Several courts, including those in this district, have applied the federal pleading standards when assessing the validity of a proof of claim.  *See, e.g.*, *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)).  Thus, to the extent the Complaint provides the basis for the Freehold Claims, it must satisfy the federal pleading requirements.[6]  It does not.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  While a claim "does not need detailed factual allegations, . . . [it] requires more than labels and conclusions . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The Claimant must assert 'enough facts to state a claim to relief that is plausible on its face.'" *DJK Residential*, 416 B.R. at 106 (quoting *Twombly*, 550 U.S. at 570).  "To show facial plausibility, the Claimant must plead 'factual content that allows the court to draw the reasonable

---

[6]  For purposes of this Opinion, it is unnecessary for the Court to address the Claimants' failure to file the Complaint until more than a year after they filed the Freehold Claim, or that the District Court Action—commenced more than seventeen months after the Petition Date—was filed against the Debtors in clear violation of the automatic stay.

7

inference that the [Debtor] is liable for the misconduct alleged.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Rule 9(b) imposes heightened pleading standards for fraud-based claims. Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake" if making allegations of fraud. FED. R. CIV. P. 9(b). "In order to meet the 'particularity' requirement of Rule 9(b), a plaintiff [must] allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d 498, 503 (6th Cir. 2013) (alteration in original) (internal quotation marks omitted). "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999).

The vague, conclusory allegations contained in the Complaint are insufficient to state a claim against ResCap that is plausible on its face, and the Complaint therefore fails to satisfy even the more relaxed pleading standards of Rule 8(a)(2). *See Twombly*, 550 U.S. at 570. For example, the Complaint alleges that "defendants" engaged in "illegal or other adverse actions that negatively affected the nationwide real estate market." (Compl. at 18.) The Complaint does not state whether any Debtor entity engaged in this alleged conduct, nor does it even describe the nature of the purported illegal conduct. Additionally, the Complaint alleges that the Claimants contacted "defendants" and requested assistance after Hurricane Sandy, to no avail. Again, the Complaint does not specify *which* defendants the Claimants contacted and fails to identify the basis for any obligation on the part of the defendants to provide assistance to the Claimants. The

8

Trust asserts that it reviewed the Debtors' books and records and could not find any instance where the Claimants contacted the Debtors regarding a loan modification or any other loss mitigation option due to Hurricane Sandy. (Reply ¶ 29.) The Trust notes that a hold was placed on the Claimants' account on November 11, 2012, to bypass late charges for the months of November, December, and January, due to Hurricane Sandy. (*Id.* at 13 n.10.) But the Trust asserts that this was done as a matter of course for all homeowners that were in a FEMA-declared disaster area and was not the result of any contact between the Claimants and the Debtors. (*Id.*)

To pursue a claim against any of the Debtors, Tobias (who is a lawyer) was required to state a plausible claim for relief *in this Court*, not in the District Court Action filed against the Debtors in violation of the automatic stay. The vague, conclusory allegations contained in the Complaint—on which Tobias now relies to support his claim—do not permit the Court to draw a reasonable inference that ResCap is liable for the alleged misconduct.

The Claimants had a chance to provide factual support for the claim they asserted here, and they failed to do so in their response to the Objection. Additionally, during the hearing on May 29, 2014, the Court questioned Tobias, giving him another opportunity to elaborate on the basis of the purported claim. If anything, Tobias' "explanation" further confirms that there is no basis in fact or law supporting the claim. Tobias asserted that the Debtors' *lending practices*—GMACM originated the Claimants' $320,000 Loan on the Freehold Property but did not sell them the Property—somehow drove up the market prices of all New Jersey shore real estate, causing Claimants to "overpay" for the Property. After Hurricane Sandy, market prices declined, thereby "causing" Claimants to lose money. Tobias argues that the Debtors should pay him

9

damages for the decline in the market price of the Property (which has not, in any event, been sold). To say the least, this is *not* a plausible claim for relief.

The Claimants have failed to carry their burden of proving the validity of the Freehold Claim. The fact that the Claimants have a pending motion to amend their Complaint in the District Court does not alter this analysis.

### III.   CONCLUSION

For all of the foregoing reasons, the Objection is **SUSTAINED**, and claim number 1467 is hereby disallowed and expunged.

**IT IS SO ORDERED.**

Dated:  June 5, 2013
     New York, New York

                    ___*Martin Glenn*___
                    MARTIN GLENN
                    United States Bankruptcy Judge