UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>　　　　　　　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### ORDER GRANTING TIMOTHY J. LAHRMAN'S VERIFIED MOTION FOR REASONABLE ACCOMODATIONS (*EXTENDING LAHRMAN'S TIME TO APPEAL ORDER DENYING RECONSIDERATION UNTIL JUNE 19, 2014*)

Pending before the Court is the *Verified Motion/Request for Reasonable Accommodations*, filed by Timothy J. Lahrman (the "Motion," ECF Doc. # 7042). The Certificate of Service attached to the Motion states that Lahrman mailed the Motion to the Court on May 24, 2014. While not entirely clear, Lahrman's latest motion, in which he asserts that he is disabled, appears to request an extension of time to file a notice of appeal from the Court's *Memorandum Opinion and Order Denying Timothy J. Lahrman's Motion for Reconsideration of Order Enforcing the Chapter 11 Plan Injunction*, filed on April 23, 2014 ("Order Denying Reconsideration," ECF Doc. # 6816).

Construing the Motion as requesting such relief, the Motion is **GRANTED** to the extent provided herein. Lahrman's time to file a notice of appeal from the Order Denying Reconsideration is extended to and including June 19, 2014. Under Federal Rule of Bankruptcy Procedure 8002(c)(2), no further extensions of time to file a notice of appeal from the Order Denying Reconsideration may be given.

In granting the Motion, the Court concludes that Lahrman has established "excusable neglect," as required by Rule 8002(c)(2) for a motion to extend the time to appeal filed more than 14 days after the date of the order sought to be appealed. The Order Denying

Reconsideration was filed on April 23, 2014; the deadline for filing an appeal from the Order Denying Reconsideration, or seeking an extension of time to appeal, was May 7, 2014 (14 days after the date of the order).  Lahrman's current Motion was filed on May 24, 2014, well after that deadline.

Federal Rule of Bankruptcy Procedure 8002(c)(2) provides that "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect."  Lahrman didn't file the Motion before the deadline for filing an appeal—he filed his Motion on May 24, 2014; the deadline for a motion was May 7, 2014.  Therefore, the only basis for extending Lahrman's time to file a notice of appeal is the portion of Rule 8002(c)(2) that permits the Court to extend the time "upon a showing of excusable neglect" if the motion is filed within 21 days after the deadline for filing a notice of appeal.  The deadline for filing a notice of appeal was May 7, 2014 (14 days after the April 23, 2014 Order Denying Reconsideration); 21 days after that deadline was May 28, 2014; the Motion was filed on May 24, 2014, so "upon a showing of excusable neglect" the Court may still grant the Motion.  Lahrman's Motion and an attached declaration explain the delay.  The Court concludes that Lahrman has made a sufficient showing of excusable neglect to support extending his time to file a notice of appeal.

Under Rule 8002(c)(2), the maximum amount of time that the Court can now grant Lahrman to file a notice of appeal is "14 days from the date of entry of the order granting the motion . . . ."  Consequently, the Court extends Lahrman's time to file a notice of appeal from the Order Denying Reconsideration until 14 days from today—June 19, 2014.

Therefore, the Motion is **GRANTED** to the extent provided herein.  Lahrman's time to file a notice of appeal from the Order Denying Reconsideration is extended to and including June 19, 2014.  Counsel for Ally Financial Inc. is hereby ordered to serve a copy of this Order on Lahrman by U.S. Mail *and, pursuant to Lahrman's request,* by email addressed to timlahrman@aol.com.  Counsel for Ally Financial Inc. shall file an affidavit of service showing service of this Order on Lahrman by U.S. Mail and email.

**IT IS SO ORDERED.**

Dated:    June 5, 2014
         New York, New York

                                          /s/Martin Glenn
                                       MARTIN GLENN
                                  United States Bankruptcy Judge