**Hearing Date: June 10, 2014 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S REPLY IN SUPPORT OF ITS
SIXTY-THIRD OMNIBUS CLAIMS OBJECTION
(PURPORTED ADMINISTRATIVE CLAIMS)**

ny-1141614

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, by and through its undersigned counsel, hereby submits this reply (the "Reply"), together with the Supplemental Declaration of Deanna Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the (i) *Response of Vicki West to the ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)* [Docket No. 6871] (the "West Response") interposed by Vicki West ("Ms. West"), and (ii) *Movant's Objection to Debtor's Notice of ResCap Liquidating Trust's Sixty-Sixth Omnibus Objection to Claims (I) Expunging Amended and Superseded Claims; (II) Redesignating and Allowing Claims; (III) Reducing and Allowing Claims; and (IV) Redesignating, Reducing and Allowing Claims* [sic] [Docket No. 6955] and *Second Response in Opposition to Stay and Removing Movant from Case, and Eliminating his Claim and Elimination of Stipulation Order* [Docket No. 6967][2] (collectively, the "Franklin Response" and together with the West Response, the "Responses") interposed by Tom Franklin ("Mr. Franklin" and, together with Ms. West, the "Respondents") to the *ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)* [Docket No. 6845] (the "Objection"), and in further support of the Objection.[3] The Liquidating Trust respectfully states as follows:

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

[2]  Mr. Franklin's filed responses at Docket No. 6955 and Docket No. 6967 are nearly identical in content.

[3]  This Reply will not address the *Objection to the Sixty-Third Omnibus Objection to Claims Filed by Tamara Carlson-Callahan* [Docket No. 6992], which was filed on May 21, 2014 by Ms. Carlson-Callahan. Prior to filing the Reply, counsel to the Liquidating Trust and Ms. Carlson-Callahan discussed the purpose of the Objection and the Liquidating Trust explained that the Objection would have no effect on Ms. Carlson-Callahan's prepetition claim, which is currently identified as Claim No. 3887 on the Claims Register. Ms. Carlson-Callahan represented to counsel that her purported administrative claim, filed as Claim No. 7432, was based on the same claims set forth in Claim No. 3887. She also confirmed, in writing, her understanding of the

ny-1141614

**PRELIMINARY STATEMENT**

1. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, only "actual, necessary costs and expenses of preserving the estate" are allowed as administrative expenses. 11 U.S.C. § 503(b)(1)(A). Specifically, "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, . . . and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." See In re Grubb & Ellis Co., 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012), citing Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2d Cir. 1986).

2. It is a claimant's burden to establish that it is entitled to an administrative expense claim. See In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir. 2007); see also In re Old Carco LLC, 424 B.R. 650, 657 (Bankr. S.D.N.Y. 2010); In re Drexel Burnham Lambert Grp. Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991). An administrative expense claim "should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate." Drexel, 134 B.R. at 489 (quoting In re Amfesco Indus., Inc., 81 B.R. 777, 785 (Bankr. E.D.N.Y. 1988)).

---

purpose of the Objection and indicated that she had no opposition to Claim No. 7432 being disallowed and expunged upon the Court's entry of the Proposed Order.

In addition, the Reply will not address the *Opposition to Debtors' Objection of Purported Administrative Claims – Duplicate of Prepetition Claim Seeking Disallowance and Expungement of Proof of Claim Filed by Charles T. Clark (Claim #7315)* [Docket No. 6973] (the "Clark Response"), which was filed by Mr. Clark. Prior to filing the Reply, counsel to the Liquidating Trust and Mr. Clark discussed the purpose of the Objection and the Liquidating Trust explained that the Objection would have no effect on Mr. Clark's prepetition claim, which is currently identified as Claim No. 1188 on the Claims Register. Mr. Clark represented to counsel that his purported administrative claim, filed as Claim No. 7315, was based on the same claims set forth in Claim No. 1188. He also confirmed, in writing, his understanding of the purpose of the Objection and indicated that he had no opposition to Claim No. 7315 being disallowed and expunged upon the Court's entry of the Proposed Order.

3. None of the Respondents asserting a purported administrative expense claim has carried their burden of showing both that the claim amount was incurred after the Petition Date and was somehow necessary for the Debtors' postpetition operations or the preservation of the Debtors' estates. As such, their claims are not entitled to administrative priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code. Indeed, such claims are simply duplicative of previously-filed prepetition claims, and are invalid and should be disallowed and expunged on this basis as well. See Exhibit A annexed to the Proposed Order to the Objection (reflecting purported administrative expense claims that were duplicative of filed prepetition proofs of claim).

4. The purported administrative expense claims filed by the Respondents simply re-allege the same purported prepetition liabilities of the Debtors that either have been expunged by order of the Court or remain on the Claims Register subject to a possible future objection by the ResCap Borrower Claims Trust. In addition, as described in the Supplemental Declaration, the Liquidating Trust thoroughly examined the Debtors' books and records in an effort to validate the accuracy of the allegations made in the respective Responses[4] and the claims at issue, and the Debtors' books and records do not show any liability due and owing to any of the Respondents on account of claims accruing subsequent to the Petition Date.

5. For the reasons set forth in the Objection, this Reply, and the Supplemental Declaration, the Respondents have failed to provide sufficient documentation or any other explanation as to why their claims are valid administrative claims and should be

---

[4] The Liquidating Trust examined the Responses and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Liquidating Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to the Respondents, the Liquidating Trust reserves the right to take discovery from each of the Respondents.

3

allowed against the Debtors' estates. Therefore, the relief sought in the Objection should be granted with respect to the Respondents.

## BACKGROUND

### I.  THE CHAPTER 11 CASES

6. On December 11, 2013, the Court entered the Confirmation Order approving the terms of the Chapter 11 Plan, as amended, filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

7. The Plan, among other things, provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22.

### II.  RESPONDENTS' CLAIMS

   A.  **Ms. West**

8. On or about October 5, 2012, Ms. West filed a proof of claim against GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 995, asserting a secured claim in the amount of $443,359 and an unsecured claim in the amount of $71,641. See Exhibit A annexed to the Supplemental Declaration; see also Supplemental Declaration ¶ 5. In Box 2 of the proof of claim form (Basis for Claim), Claim No. 995 provides that the basis for the claim is "mortgage notes." See id. The only documents appended to the proof of claim form are letters from GMACM to Ms. West informing Ms. West that she was eligible for certain loan modifications, and the related executed loan modification agreement. See id. No additional

4

ny-1141614

documentation was provided along with the proof of claim form in support of Ms. West's claim against GMACM. See id.

9. On August 16, 2013, the Debtors objected to Claim No. 995 in the *Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4735] (the "Twenty-Seventh Omnibus Claims Objection"). See Supplemental Declaration ¶ 6. Ms. West did not file any response to this objection. See id. On September 25, 2013, the Court entered an order sustaining the Twenty-Seventh Omnibus Claims Objection, which resulted in the disallowance and expungement of Claim No. 995 from the Claims Register [Docket No. 5199]. See id. KCC served upon Ms. West copies of the Twenty-Seventh Omnibus Claims Objection, as well as the order sustaining said claims objection, at the same address identified on Ms. West's purported administrative expense claim. See Morrow Declaration ¶ 19, Exhibit 1-B annexed to the Objection; see also Exhibit A annexed to the Supplemental Declaration.

10. On January 14, 2014, Ms. West submitted to KCC her purported administrative claim, Claim No. 7322, in the amount of $29,849.85. See Supplemental Declaration ¶ 7. Ms. West did not file her request for payment of this purported administrative claim on the docket in the Chapter 11 Cases. See id. Claim No. 7322 is a letter statement from Ms. West, dated January 10, 2014, regarding Claim No. 995, in which Ms. West alleges that GMACM engaged in fraudulent and deceptive behavior by failing to fully explain the details and risks of mortgage loans to Ms. West prior to her purchase of two mortgage loans, the first dated March 22, 2006. See id. Appended to the letter statement is a marked-up Claim No. 995 submitted by Ms. West as a "revised claim." See id. Ms. West neither raised any claims that may have arisen postpetition, nor appended any documentation to Claim No. 7322 to

5

demonstrate that the alleged claim arose postpetition or somehow qualifies as an administrative expense claim. See id.

### B. Mr. Franklin

11. On October 12, 2012, Mr. Franklin filed a proof of claim against EPRE LLC, designated as Claim No. 1195, asserting an under-secured claim of which $78,031 of the purported $134,000 claim was secured against EPRE LLC. See Exhibit B annexed to the Supplemental Declaration; see also Supplemental Declaration ¶ 8. In Box 2 of the proof of claim form (Basis for Claim), Mr. Franklin provided that the basis for the claim is "loan modification refused." See id. There were no documents appended to the proof of claim form. See id.

12. On July 4, 2013, the Debtors objected to Claim No. 1195 in the *Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4158] (the "Twenty-First Omnibus Claims Objection"). See Supplemental Declaration ¶ 9. Mr. Franklin filed several responses in connection with this objection [Docket Nos. 4282, 4961, 4980]. On August 28, 2013, the Debtors filed a reply to, among other things, the Twenty-First Omnibus Claims Objection [Docket No. 4842]. See id. On September 16, 2013, the Court entered the *Supplemental Order Granting Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) with Respect to Claim No. 1195 of Tom Franklin* [Docket No. 5049], which resulted in the disallowance and expungement of Claim No. 1195 from the Claims Register.[5] See id. KCC served upon Mr. Franklin copies of the Twenty-First Omnibus Claims Objection, as well as the order sustaining said claims objection, at the same address identified on Mr. Franklin's purported administrative

---

[5] Since the entry of the order expunging Claim No. 1195, Mr. Franklin has liberally exercised his appellate rights both in the U.S. District Court and the U.S. Court of Appeals for the Second Circuit, but has yet to obtain a decision from any appellate court overturning this Court's decision. See Case Nos. 13-civ-8317 (S.D.N.Y.) and 14-418 (2d Cir.). See Supplemental Declaration ¶ 10 n.2.

6
ny-1141614

expense claim. See Morrow Declaration ¶ 18, Exhibit 1-B annexed to the Objection; see also Exhibit B annexed to the Supplemental Declaration.

13. On January 6, 2014, Mr. Franklin submitted to KCC his purported administrative claim, Claim No. 7335, in the amount of $131,000.00 alleging that has a claim against the Debtor in said amount. See Supplemental Declaration ¶ 10. Mr. Franklin did not file his request for payment of this purported administrative claim on the docket in the Chapter 11 Cases. See id. Furthermore, Mr. Franklin failed to append any supporting documentation to Claim No. 7335 to demonstrate that the alleged claim arose postpetition or somehow qualifies as an administrative expense claim. See id.

## REPLY

14. The burden to demonstrate a valid administrative expense claim rests with the claimant seeking payment for such claim. See, e.g., Bethlehem Steel, 479 F.3d at 172; Old Carco, 424 B.R. at 657; Drexel, 134 B.R. at 489. As previously noted, upon review of the Responses, together with a detailed review of Debtors' books and records, the Liquidating Trust determined that each Response fails to substantiate the validity of the respective Respondent's purported administrative expense claim against the Debtors. See generally, Supplemental Declaration.

I. **MS. WEST DOES NOT HOLD A VALID ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS**

15. Ms. West's purported administrative claim, Claim No. 7322, includes a letter statement from Ms. West, dated January 10, 2014, regarding Claim No. 995 (a claim that has already been expunged pursuant to Court order [Docket No. 5199]). See Supplemental Declaration ¶¶ 6-7. The statement sets forth Ms. West's allegations, which are based on her prepetition claim against GMACM. See id. ¶ 7. Ms. West never mentions any claims that arose

7

ny-1141614

after May 14, 2012 that could potentially qualify as an administrative expense claim. See id. Further, even though the West Response states that Ms. West "wasn't trying to claim twice with the same claim number," Claim No. 7322 neither explains nor provides any evidence to demonstrate how it is any different from Claim No. 995 or why it qualifies as an administrative claim. See id. Rather, Ms. West's submission of a "revised claim" in the form of a mark-up of Claim No. 995 strongly indicates that Ms. West is attempting to bolster the allegations meant to be included in Claim No. 995. Ms. West waived her right to raise any prepetition claims relating to her mortgage loans when she failed to respond to the Debtors' objection to Claim No. 995 on grounds of insufficient documentation or provide additional and sufficient information in support of such claims. Ms. West cannot assert (and attempt to revive) her previously-expunged prepetition claims in the form of a purported administrative claim. Lastly, in conducting diligence with respect to Claim No. 7322, the Debtors' books and records reflect that there are no amounts owing to Ms. West based on postpetition events. See Supplemental Declaration ¶ 7. For these reasons, Ms. West's Claim No. 7322 should be disallowed and expunged.[6]

        16.    It is well established that *pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). Even under this flexible standard, however, Ms. West failed to file her request for payment on account of her purported administrative expense claim with the Court, and the West

---

[6] Subsequent to Ms. West's filing of the West Response, counsel to the Liquidating Trust and Ms. West discussed the purpose of the Objection, the distinction between the General Bar Date and Administrative Claim Bar Date, and the nature of the claims asserted in Claim No. 7322. Ms. West represented that while she understood Claim No. 995 had been expunged, she intended to maintain the validity of her purported administrative claim.

Response neglects to address this issue or explain any reason for her lack of compliance with these Court-approved requirements for filing requests for payment of administrative expense claims. See Supplemental Declaration ¶ 8. While pro se claimants, such as Ms. West, are afforded leniency, the failure to comply with an order of this Court, in and of itself, warrants the disallowance and expungement of this purported administrative claim.

## II.   MR. FRANKLIN DOES NOT HOLD A VALID ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS

17.   The Franklin Response provides no factual or legal arguments or evidence in support of Mr. Franklin's purported administrative expense claim against the Debtors. To the extent that Claim No. 7335 relates to the claims Mr. Franklin attempted to assert in Claim No. 1195, a claim previously expunged by Court order [Docket No. 5049], it fails to assert a claim that arose after May 14, 2012 and also fails to provide documentation in support of the same. See Supplemental Declaration ¶ 11. The Franklin Response includes case law entirely inapplicable to the Objection and, in large part, discusses the standards for dismissal of a complaint and grant of summary judgment. In addition, the Franklin Response asserts, among other things, that Mr. Franklin is owed money by the debtor on account of a legitimate claim, and that he has allegedly suffered extreme hardship, whereby the expungement of his claim would be unjust. Moreover, the Debtors' books and records reflect that there are no amounts owing to Mr. Franklin based on postpetition events. See id. In sum, the information included in the Franklin Response provides no basis for an allowed administrative expense claim. For these reasons, Claim No. 7335 should be disallowed and expunged.

18.   Similar to Ms. West, Mr. Franklin failed to follow the administrative expense claim filing requirements set forth in the Plan and Confirmation Order, and the Franklin Response failed to address this issue, which was raised in the Objection, or explain any reason

for such lack of compliance.  See Supplemental Declaration ¶ 11.  Mr. Franklin's failure to comply with a Court order warrants the expungement of his purported administrative expense claim.

## CONCLUSION

19. Based on the information and documents provided (or lack thereof), the Respondents have not met their burden to prove their entitlement to administrative expense claims against the Debtors, because each of the Respondents failed to proffer any facts or evidence in support of a postpetition liability owing by the Debtors to the Respondents that was in any way necessary and beneficial to the administration of the Debtors' estates.  Accordingly, Claim No. 7322 and Claim No. 7335 should be disallowed and expunged as they all fail to qualify as valid administrative expense claims under section 503(b)(1)(A) of the Bankruptcy Code.

WHEREFORE, the Liquidating Trust respectfully submits that the relief sought in the Objection should be granted in its entirety.

Dated:  June 5, 2014            /s/  Norman S. Rosenbaum
        New York, New York        Norman S. Rosenbaum
                                              Jordan A. Wishnew
                                              Meryl L. Rothchild
                                              MORRISON & FOERSTER LLP
                                              250 West 55th Street
                                              New York, New York 10019
                                              Telephone: (212) 468-8000
                                              Facsimile: (212) 468-7900

                                              *Counsel for The ResCap Liquidating Trust*

ny-1141614