Hearing Date and Time: June 18, 2014 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 10, 2014 at 4:00 p.m. (Prevailing Eastern Time)

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin  53701-2719
(608) 257-3911

*Attorneys for ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : | Case No. 12-12020 (MG) |
| Debtors. | : | Joint Administration |

**LIMITED OBJECTION OF THE RESCAP LIQUIDATING TRUST
TO THE FINAL APPLICATION OF MORRISON COHEN LLP FOR ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND EXPENSES INCURRED DURING THE PERIOD FROM MAY 14, 2012
THROUGH DECEMBER 16, 2013**

**TO:    THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

# TABLE OF CONTENTS

                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

SUMMARY STATEMENT ................................................................................................. 1

INTRODUCTION ................................................................................................................ 1

OBJECTIONS ....................................................................................................................... 2

BACKGROUND .................................................................................................................. 4

APPLICABLE STANDARDS ............................................................................................. 7

ARGUMENT ........................................................................................................................ 8

SPECIFIC OBJECTIONS .................................................................................................... 9

    Unsupported Fees ....................................................................................................... 9

    Duplicate Time Entries .............................................................................................. 9

    Rate Increases ............................................................................................................ 9

    Routine Billing Activities ........................................................................................ 10

    Vague Task Descriptions ........................................................................................ 10

    Unnecessary Research ............................................................................................. 11

    Administrative Tasks ............................................................................................... 12

    Transient Timekeepers ............................................................................................ 12

    Multiple Attendees at Hearings and Other Events .................................................. 13

    Excessive Internal Conferencing ............................................................................. 14

    Partners Performing Associate Tasks ..................................................................... 14

    Attorneys Performing Paralegal Tasks ................................................................... 15

CONCLUSION ................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page**

### CASES

*CT Commc'ns, Inc.*, No. 07-10210, 2010 WL 3386947 (Bankr. S.D.N.Y. Aug. 24, 2010) .................................................................................................................. 10

*In re Asarco, L.L.C.*, No. 12-40997, ___ F.3d ___, 2014 WL 1698072 (5th Cir. Apr. 30, 2014) ................................................................................................... 10

*In re Jefsaba, Inc.*, 172 B.R. 786 (Bankr. E.D. Pa. 1994) ............................................. 12

*In re Lightsquared, Inc.*, No. 12-12080 (Bankr. S.D.N.Y. May 21, 2014) .................... 8

*In re Mesa Air Group, Inc.*, 449 B.R. 441 (Bankr. S.D.N.Y. 2011) ............................. 10

*In re West End Fin. Advisors*, *L.L.C.*, No. 11-11152, 2012 WL 2590613 (Bankr. S.D.N.Y. July 3, 2012) ......................................................................................... 9

### OTHER AUTHORITIES

11 U.S.C. § 101 *et seq.* ................................................................................................... 1

11 U.S.C. § 327 .............................................................................................................. 4

11 U.S.C. § 330 ........................................................................................................ 5, 8

11 U.S.C. § 330(a) ....................................................................................................... 10

11 U.S.C. § 331 .............................................................................................................. 5

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (June 4, 2004) ....................................................................................................................... 7

The ResCap Liquidating Trust (the "**Trust**"), by its counsel, Godfrey & Kahn, S.C., submits this Limited Objection in connection with the *Final Application of Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2012 Through December 16, 2013* [Docket No. 6555] (the "**Final Fee Application**").

### SUMMARY STATEMENT

With this objection, the Trust requests an order disallowing $987,677.00 in fees for the period from the firm's retention (*nunc pro tunc*) on July 24, 2012 through December 16, 2013 (the "**Final Fee Period**").

### INTRODUCTION

The professional fees and expenses reviewable under the Bankruptcy Code in this 20-month long bankruptcy case total nearly $400 million. Of that amount, $4.3 million in fees and expenses was incurred for the representation of the Independent Directors. The fees require the Court's approval, no less than and under no different standards than the fees and expenses submitted by the counsel and advisors for the Debtor and for the Creditors' Committee. This limited objection addresses a discrete portion of the fees and expenses of Morrison Cohen LLP ("**Morrison Cohen**") because they do not meet the "reasonable and necessary" requirements of 11 U.S.C. § 101 *et seq*. (the "**Bankruptcy Code**").

Under the Second Amended Plan of Reorganization, confirmed on December 11, 2013, the Trust has been deemed a representative of the Debtors' estates for the purposes of reviewing all claims—including claims for professional fees—and prosecuting any objections. Taking that fiduciary responsibility seriously, the Trust has reviewed the final fee applications of more than 40 professional firms. The Trust had no objection to many of the fee applications and for those that were subject to a potential objection, the Trust has reached agreement with all but three

1

professionals. While the Trust remains open to a negotiated resolution with each of the applicants before the June 18, 2014 hearing date on final fee applications, to date, the Trust has been unable to achieve a consensual resolution with Morrison Cohen, and thus is required to file this objection.

All of the Trust's objections are supported by data drawn directly from the materials submitted in support of the Final Fee Application.[1] Some of the fee objections are typical and will be familiar to the Court — vague entries, mathematical errors, and "transient" timekeepers. Others, however, are unique to the facts and circumstances of this case. For example, as counsel to the Independent Directors, Morrison Cohen's role in these cases was necessarily limited; yet Morrison Cohen chose to—in most instances—send two or more timekeepers to most every court event, board meeting, and examiner interview. Morrison Cohen has not met its burden to establish that such heavy staffing of routine events (among other issues raised in this Limited Objection) was reasonable or necessary to carry out its role as counsel to the Independent Directors.

## OBJECTIONS

The Final Fee Application requests approval under the Bankruptcy Code for a total of $4,212,750.50 in fees and $105,565.95 in expenses for the Final Fee Period. Summarized in the **Summary Exhibit**, filed with this limited objection, the Trust identifies $987,677.00 in fees to which it objects.

The Trust objects, in part, to Court approval of the Final Fee Application, including:

---

[1] The itemized exhibits to this objection are voluminous and will not be electronically filed. Complete sets of exhibits are being provided to the Court, the Examiner's professionals, and to all of the notice parties listed in paragraph 2(a) of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 0797] (the "**Interim Compensation Order**"). The itemized exhibits are available to any party in interest that requests them.

2

- $37,531.00 in fees for which Morrison Cohen has submitted no supporting time entries; and

- $14,560.50 in fees attributable to duplicate billed entries; and

- $17,190.00 in fees attributable to hourly rate increases; and

- $2,279.00 in fees to prepare routine billing statements; and

- $100,569.00 in fees for vaguely-described tasks; and

- $89,055.00 in research on equitable subordination for which no purpose has been articulated; and

- $16,857.00 in fees charged for administrative tasks that should be absorbed as part of the firm's administrative overhead; and

- $31,163.00 in fees charged by "transient" timekeepers who billed so little time to the matter that their contribution is unlikely to have added value; and

- $136,116.50 in fees to send more than one timekeeper to court events; and

- $106,921.00 in fees to send more than one timekeeper to board meetings; and

- $27,837.50 in fees to send attorneys to auctions; and

- $29,446.00 in fees to send more than one timekeeper to witness interviews with the Examiner; and

- $37,670.50 in fees to send more than one timekeeper to mediation sessions, committee meetings, claims meetings, or to monitor discovery and prepare a single witness for trial; and

- $315,967.00 in fees charged for an excessive number of unnecessary internal conferences and meetings; and

- $20,431.50 in fees charged at partner rates for work that could have been performed by associates; and

- $4,082.00 in fees charged for tasks performed by attorneys that should have been performed by a paralegal.

In each instance, Morrison Cohen has failed to sustain its burden of proof under the Bankruptcy Code to demonstrate that the work described in the Final Fee Application was necessary and that the charges for that work were reasonable.

## BACKGROUND

1. Commencing on May 14, 2012, Residential Capital, LLC and 50 of its affiliates (the "**Debtors**") filed in the Court voluntary cases under chapter 11 of the Bankruptcy Code. On December 6, 2013, the Debtors and the Official Committee of Unsecured Creditors filed the *Revised Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030-1] (the "**Plan**"). The Plan was confirmed on December 11, 2013 [Docket No. 6065] with an effective date of December 17, 2013.

2. On September 5, 2012, the Debtors filed the *Debtors' Motion for the Entry of an Order Under Sections 105 and 363 of the Bankruptcy Code Authorizing the Reimbursement of Expenses Including Counsel Fees Incurred by the Independent Directors* [Docket No. 1356] (the "**Retention Motion**").

3. In the Independent Directors' Retention Motion, the Debtors stated that:

    A. ResCap created a Special Committee of Independent Directors and a Special Review Committee to review and approve transactions between ResCap and its affiliates, Retention Motion at ¶¶ 6-8; and

    B. The Independent Directors were authorized to retain counsel at the expense of ResCap, *id*. at ¶ 9; and

    C. The Independent Directors retained Morrison Cohen in 2008 "because of Morrison Cohen's representation of the Independent Directors and the firm's global reputation and extensive experience and knowledge in corporate governance, investigation, finance, tax and litigation matters, *id*. at ¶ 10; and

    D. Morrison Cohen was not being retained pursuant to section 327 of the Bankruptcy Code, *id*. at ¶ 17; but that

4

E. Morrison Cohen "will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines of the U.S. Trustee, and any other applicable procedures and orders of the Court." *Id.*

4. On September 27, 2012, the Court entered the *Order Under Sections 105 and 363 of the Bankruptcy Code Authorizing the Reimbursement of Expenses Including Counsel Fees Incurred by the Independent Directors* [Docket No. 1610] (the "**Retention Order**"). The Retention Order provided that "Morrison Cohen shall be compensated and reimbursed in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Executive Office of the United States Trustee, and such other procedures as may be fixed by order of this Court…."

5. On October 19, 2012, Morrison Cohen filed the *First Interim Application of Morrison Cohen LLP for Allowance of Interim Compensation for Professional Services Rendered and Expenses Incurred During the Period May 14, 2012 Through August 31, 2012* (the "**First Fee Application**") [Docket No. 1904], seeking fees in the amount of $325,625.50 and expenses in the amount of $4,248.73.

6. On December 28, 2012, the Court entered the *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 2530]. Through that order, the Court approved the First Fee Application in the amount of $319,039.50 in fees and $3,099.23 in expenses, authorizing payment of $285,986.05 in fees and $3,099.23 in expenses, and requiring a continued holdback of 10 percent of Morrison Cohen's requested fees (but not expenses).

5

7. On March 14, 2013, Morrison Cohen filed the *Second Interim Application of Morrison Cohen LLP for Allowance of Interim Compensation for Professional Services Rendered and Expenses Incurred During the Period September 1, 2012 Through December 31, 2012* (the "**Second Fee Application**") [Docket No. 3173], seeking fees in the amount of $751,416.50 and expenses in the amount of $12,391.71.

8. On April 29, 2013, the Court entered an *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 3556]. Through that order, the Court approved the Second Fee Application in the amount of $744,779.50 in fees and $12,391.71 in expenses, authorizing payment of $670,301.55 in fees and $12,391.71 in expenses, and requiring a continued holdback of 10 percent of Morrison Cohen's requested fees.

9. On August 7, 2013, Morrison Cohen filed the *Third Interim Application of Morrison Cohen LLP for Allowance of Interim Compensation for Professional Services Rendered and Expenses Incurred During the Period January 1, 2013 Through April 30, 2013* (the "**Third Fee Application**") [Docket No. 4527], seeking fees in the amount of $1,318,943.00 and expenses in the amount of $42,792.26.

10. On September 25, 2013, the Court entered an *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 5205]. Through that order, the Court approved the Third Fee Application in the amount of $1,303,943.00 in fees and $42,792.26 in expenses, authorizing payment of $1,173,548.70 in fees and $42,792.26 in expenses, and requiring a continued holdback of 10 percent of Morrison Cohen's requested fees.

11. On November 18, 2013, Morrison Cohen filed the *Fourth Interim Application of Morrison Cohen LLP for Allowance of Interim Compensation for Professional Services Rendered and Expenses Incurred During the Period May 1, 2013 Through August 31, 2013* (the "**Fourth Fee Application**") [Docket No. 5841], seeking fees in the amount of $1,231,368.50 and expenses in the amount of $36,075.45.

12. On December 26, 2013, the Court entered an *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 6193]. Through that order, the Court approved the Fourth Fee Application in the amount of $1,208,260.00 in fees and $36,075.45 in expenses, authorizing payment of $1,087,434.00 in fees and $36,075.45 in expenses, and requiring a continued holdback of 10 percent of Morrison Cohen's requested fees.

13. On March 3, 2014, Morrison Cohen filed the Final Fee Application. The Final Fee Application included a request, not included in any prior interim fee application, for $656,310.00 in fees and $11,472.41 in expenses incurred for the period since the Fourth Fee Application—September 1, 2013 through December 16, 2013.

14. On May 26, 2014, the Trust voluntarily sent Morrison Cohen a detailed letter summarizing the grounds for this limited objection.

## APPLICABLE STANDARDS

15. The Final Fee Application has been evaluated for compliance with all pertinent provisions of the Bankruptcy Code, the Interim Compensation Order, the Court's Administrative Orders M-104, M-151, and M-388 (the "**Local Guidelines**"), and the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (June 4, 2004) (the "**U.S.T. Guidelines**").

# ARGUMENT

16. The Trust's evaluation of the Final Fee Application has identified substantial fees and charges that do not conform to the basic standards of reasonableness under section 330 of the Bankruptcy Code.

17. Any evaluation of Morrison Cohen's fees must take place in the context of the firm's limited and defined representation. The Independent Directors were entitled to estate-subsidized counsel because of their role in reviewing affiliate transactions prior to the bankruptcy.

18. The role of independent directors in Chapter 11 cases can range from that of a mere neutral observer to a front-line participant in plan and sale negotiations. *See, e.g.* Fee Statement of Kirkland & Ellis, LLP, *In re Lightsquared, Inc.*, No. 12-12080 (Bankr. S.D.N.Y. May 21, 2014) (noting that special committee of independent directors accepted a "significant role" in determining which of four proposed restructuring and asset sale plans would maximize return for creditors and stakeholders).[2]

19. Here, the Independent Directors undoubtedly had an interest in the proceedings, justifying their separate representation; but there has been no suggestion that the Independent Directors or their counsel have played a central role in the case.

20. Through this objection, the Trust seeks disallowance of $987,677.00 in fees, most of which have been previously identified to Morrison Cohen in correspondence sent on behalf of the Trust.

---

[2] Kirkland & Ellis LLP serves as counsel to the Special Committee of the boards of directors in the *Lightsquared, Inc.* case.

8

**SPECIFIC OBJECTIONS**

*Unsupported Fees*

21. "[P]roper time record keeping is necessary to enable the court to determine the reasonableness of the work that has been performed….Any uncertainties due to poor record keeping are resolved against the applicant." *In re West End Fin. Advisors*, *L.L.C.*, No. 11-11152, 2012 WL 2590613, at *4 (Bankr. S.D.N.Y. July 3, 2012).

22. The electronic time records Morrison Cohen submitted in support of its fee applications do not contain *any* time records to substantiate $37,531.00 in fees requested in the Final Fee Application. Without the detailed time records required by the U.S. Trustee and Local Guidelines, Morrison Cohen cannot meet its burden to establish the reasonableness and necessity of the fees outlined on **Exhibit A**.[3]

> *The Trust requests a disallowance of $37,531.00 in fees that are unsubstantiated by itemized electronic billing records.*

*Duplicate Time Entries*

23. The Trust identifies several instances of duplicate billing that have resulted in $14,560.50 in overcharges to the estate. Those charges are itemized on **Exhibits B-1 and B-2**.

> *The Trust requests a disallowance of $14,560.50 in duplicate time entries.*

*Rate Increases*

24. The legal fees for which the applicant seeks final approval include $17,190.00 in rate increases—that is, fees solely attributable to increases in hourly rates above the rates charged by each timekeeper on the date they first performed work for the Independent Directors

---

[3] For purposes of the Morrison Cohen Exhibits, some time entries that appear in more than one objection category will show a zero in the proposed reduction column to avoid double counting. After the Court rules on the objections, the Trust will reconcile all objection amounts and proposed reductions.

9

in these cases. The fees attributable to rate increases during Morrison Cohen's retention are itemized on **Exhibit C**.

25. Morrison Cohen's Retention Order stated that Morrison Cohen was to file a supplemental affidavit disclosing any rate increases and explaining the basis for the rate increase prior to implementing any such rate increase. Retention Order at ¶ 5. No such affidavit appears in the record.

> *The Trust requests a disallowance of $17,190.00 in rate increases.*

*Routine Billing Activities*

26. The Trust objects to Morrison Cohen's request for compensation for time devoted to routine billing activities. The review and editing of time entries are not compensable—at any rate or in any amount. *See, e.g.*, *In re Mesa Air Group, Inc.*, 449 B.R. 441, 446 (Bankr. S.D.N.Y. 2011) (citing *CT Commc'ns, Inc.*, No. 07-10210, 2010 WL 3386947, at *9 (Bankr. S.D.N.Y. Aug. 24, 2010)). Time spent defending a fee applicant's request for fees and expenses is not compensable under section 330(a) of the Bankruptcy Code. *In re Asarco, L.L.C.*, No. 12-40997, ___ F.3d ___, 2014 WL 1698072 (5th Cir. Apr. 30, 2014).

27. Morrison Cohen billed $2,279.00, itemized on **Exhibit D**, for the preparation and review of its own invoices (*not* including compensable time spent preparing fee applications, which is compensable) and responding to inquiries from the U.S. Trustee's office about professional fees.

> *The Trust requests a disallowance of $2,279.00 in fees charged for these routine billing activities.*

*Vague Task Descriptions*

28. To be compensable, "[t]ime records must set forth in reasonable detail an appropriate narrative description of the services rendered. Without limiting the foregoing, the

10

description should include indications of the participants in, as well as the scope, identification, and purpose of the activity that is reasonable in the circumstances, especially in relation to the hours sought to be charged to the estate for that particular activity." Administrative Order M-104, § B ¶ 2. The Trust identified $100,569.00 in fees for tasks that were so vaguely described that the Trust could not determine the benefit to the estate derived from that work. The vaguely-described tasks are itemized on **Exhibit E**.

> *The Trust requests a disallowance of $100,569.00 for inadequately detailed time entries.*

### *Unnecessary Research*

29.     Several attorneys recorded a total of 187 hours at more than $475 per hour to research equitable subordination. The charges totaling $89,055.00 are itemized on **Exhibit F**.

30.     The only substantive legal document the Independent Directors filed in these cases was an opposition to the senior noteholders' attempt to obtain derivative standing to pursue claims against some of the Independent Directors. *See Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate* [Docket No. 3602]. That document, though lengthy, does not contain any discussion of equitable subordination.

31.     Morrison Cohen recorded its research time in extremely general terms ("significant issue" or "subordination issue") and failed to articulate any justification for the extensive research in its fee applications. The research is described so vaguely that it is impossible for a reviewer to determine what value the research may have brought to the estate. Furthermore, Morrison Cohen has not explained why basic research could not be completed at a

11

rate lower than $475 per hour. Morrison Cohen, therefore, has failed to meet its burden of proving that the research was necessary and the effort expended was reasonable.

> *The Trust requests a disallowance of $89,055.00 for unnecessary or vaguely-described research performed at a senior associate rate.*

### *Administrative Tasks*

32. A few Morrison Cohen professionals recorded significant time performing clerical and administrative tasks such as scheduling meetings, preparing, and distributing materials.

33. These charges, totaling $16,857.00 and itemized on **Exhibit G**, are most appropriate for secretarial staff and should be considered part of a professional firm's overhead expense.

> *The Trust requests a disallowance of $16,857.00 for improperly billed administrative tasks.*

### *Transient Timekeepers*

34. A handful of Morrison Cohen professionals worked only fleetingly on these cases. The transitory nature of their services raises the question of what value, if any, these transient timekeepers provided to the estate. *See In re Jefsaba, Inc.*, 172 B.R. 786, 801 (Bankr. E.D. Pa. 1994) ("It is inappropriate for each new addition to the team to bill for time spent reviewing the file or otherwise familiarizing him or herself with the matter.")

35. **Exhibit H** itemizes $31,163.00 in charges for timekeepers who worked fewer than 10 hours each on these cases.

> *The Trust requests a disallowance of $31,163.00 for transient timekeepers.*

*Multiple Attendees at Hearings and Other Events*

36. Though its role in the case was defined and limited, Morrison Cohen staffed these cases generously at every stage.

37. Morrison Cohen typically sent three or more timekeepers to routine court events for the stated purpose of advising the Independent Directors "in real time" of the case status.

38. Morrison Cohen has not explained why, for most routine matters, docket review after the fact, or a quick status report from the Debtors' counsel would not have sufficed to keep the Independent Directors informed.

39. In response to U.S. Trustee objections, Morrison Cohen has reduced the number of timekeepers at each event to no more than three. The Trust asserts, however, that given the Independent Directors defined minimal role in these cases, the charges should be reduced to a single timekeeper in most instances. **Exhibit I** calculates a reduction to a single timekeeper for court attendance, resulting in a savings of $136,116.50 to the estates.

> *The Trust requests a disallowance of $136,116.50, adjusting the number of timekeepers at court events to one.*

40. Similarly, Morrison Cohen sent two or more attorneys to most Board of Directors meetings. Reducing the number of attendees on behalf of the Independent Directors to one attorney would save the estates $106,921.00. *See* **Exhibit I**.

> *The Trust requests a disallowance of $106,921.00, adjusting the number of timekeepers at board meetings to one.*

41. Three Morrison Cohen attorneys attended the auctions of the ResCap loan servicing platform, at a combined hourly rate of $1,670 to $1,780 per hour. *See* **Exhibit I**. Morrison Cohen has not explained the necessity of *any* Morrison and Cohen timekeeper attending these auctions.

13

> *The Trust requests a disallowance of $17,359.50, adjusting the number of timekeepers at the auctions to zero.*

42. Two or three Morrison Cohen attorneys attended many of the Independent Directors' witness interviews with the Examiner. See **Exhibit I**.

> *The Trust requests a disallowance of $29,446.00, adjusting the number of timekeepers at Examiner interviews to one.*

43. Morrison Cohen over-staffed in a number of other areas as well, including meetings with the mediator, Creditors' Committee meetings, discovery, claims meetings, and trial preparation. Limiting Morrison Cohen's timekeepers at these events to a single attendee would have saved the estates $37,670.50. See **Exhibit I**.

> *The Trust requests a disallowance of $37,670.50 for additional instances of over-staffing.*

*Excessive Internal Conferencing*

44. Morrison Cohen, in addition to overstaffing out-of-office events, also conducted hundreds of internal meetings and conferences. Attendance at these meetings and conferences cost the estate $315,967.00. See **Exhibit J**. Morrison Cohen has not justified the excessive pattern of meeting nor has it articulated a benefit to the estate of conducting these meetings.

> *The Trust seeks a disallowance of $315,967 in charges unnecessary and excessive meetings.*

*Partners Performing Associate Tasks*

45. A financially and legally complex Chapter 11 case undoubtedly requires the contributions of highly skilled professionals with specialized expertise in many different areas of the law. These experienced and specialized professionals may, if justified, command comparatively higher billing rates than an "average" Chapter 11 practitioner.

46. Morrison Cohen, however, chose to staff even routine aspects of this engagement using senior partners at rates that were disproportionate to the complexity of the work. Many

14

routine tasks such as research and basic discovery review were performed by partners charging $575 or $685 per hour. Lower-rate associates or paralegals could and should have performed these tasks.

47. The Trust has identified $84,601.50 in charges, itemized on Exhibit K, for research and other routine tasks billed at an average rate of $593 per hour. These tasks should have been performed by associates.

> *The Trust requests a disallowance of $20,431.50, reflecting an adjustment from the existing $593 per hour blended rate to an associate rate of $450 per hour.*

*Attorneys Performing Paralegal Tasks*

48. The Trust has identified $7,457.50 in charges for the initial downloading and review of all docket entries and forwarding them to attorneys for review. Morrison Cohen billed these routine tasks, itemized on **Exhibit L**, at a rate of $475 per hour. These tasks could have been performed by a paralegal at much lower billing rates.

> *The Trust requests a disallowance of $4,082.00 in fees, reflecting an adjustment from the existing $475 per hour blended rate to a paralegal rate of $215 per hour.*

## CONCLUSION

WHEREFORE, the Trust respectfully submits this *Limited Objection* to the Final Fee Application and requests a total disallowance of $987,677.00 in requested professional fees.

Dated: June 10, 2014.

**GODFREY & KAHN, S.C.**

By:  *s/Katherine Stadler*
     Katherine Stadler (KS-6831)

15

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
(608) 257-3911

*Attorneys for ResCap Liquidating Trust*