**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|                                              )
In re:                                         )    Case No. 12-12020 (MG)
                                               )
RESIDENTIAL CAPITAL, LLC, et al.,              )    Chapter 11
                                               )
                            Debtors.           )    Jointly Administered
                                               )
---------------------------------------------------------------

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Upon the sixty-second omnibus objection to claims, dated April 22, 2014 [Docket No. 6815] (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), as successor in interest to Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases (collectively, the "Debtors") with respect to Borrower Claims, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the Declaration of Deanna Horst and the

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Declaration of Norman S. Rosenbaum, annexed to the Objection as <u>Exhibits 1-2</u> respectively, as well as the *ResCap Borrower Claims Trust's Omnibus Reply in Support of Its Sixty-Second Omnibus Objection to Claims (No-Liability Borrower Claims) as to Claim Nos. 1372, 2152, 4702, and 5282* [Docket No. 7062] (the "<u>Reply</u>") and the Supplemental Declaration, annexed to the Reply as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

2

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:  June 10, 2014
       New York, New York

                                                         **/s/Martin Glenn**
                                                          MARTIN GLENN
                                          United States Bankruptcy Judge

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | | |
| 1 | Adam Diers 667 Empire Ave West Babylon, NY 11704 | 1362 | 10/17/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>$81,611.77 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Interest Rates and Fees Collected, Origination Issues, General Servicing Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company purchased the loan from First West Mortgage Bankers Ltd. on or about June 1, 2006, and Debtor transferred its interest in the loan to ETrade Bank on or about July 26, 2006. Debtor Homecomings Financial serviced the loan from June 1, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts claims for "charges to account without any reason, refinance charges." In a letter response to Debtor's request for more information in support of claim, Claimant asserts he was "charged a lot of interest, did not receive statements and my loan was transferred to another company." Debtors have no liability for allegations of improper fees and interest charged because all fees and interest charged to Claimant's account were assessed in accordance with Debtor's servicing policies, the note, and section 7 of the mortgage executed by Claimant. Debtor's records show Claimant's account was charged a total of $530.44 for late fees and property valuation fees between July 2009 and May 2013, all of which were appropriately charged to Claimant because the Claimant was past due on his account. Debtor's records show claimant first became past due by failing to make the payment required on May 1, 2009. The next payment received was not until Oct 14, 2009. Thereafter, claimant remained past due by at least 5 months of payments on his account.<br><br>Debtors have no liability for "refinance charges" assessed at origination because Debtors were not involved with the origination of the loan. The loan was originated by First West Mortgage Bankers, a non-Debtor entity. Debtors have no liability for the assertion that Debtor failed to send account statements to Claimant because Debtor's records indicate Debtor sent account statements to Claimant by mail on a monthly basis. Debtors have no liability for claimant's assertion that their loan was "transferred to another company" because i) there is no evidence that Claimant was damaged by the transfer of servicing to Ocwen in February 2013, and ii) Debtor provided Claimant notice of of the servicing transfer within the 15-day window prior to the transfer date as required under section 3500.21 of the Real Estate Settlement Procedures Act. | 8-9, 9-10, 13 |
| 2 | Angie Young 7011 W. Voltaire Peoria, AZ 85381 | 4100 | 11/09/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>$136,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification, Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from First National Bank of AZ, on or about January 27, 2006. Debtor transferred its interest and the loan was securitized on or about February 1, 2006, where JP Morgan Chase Bank, NA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from March 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's allegation that Debtor improperly foreclosed on March 9th, 2012 when the foreclose sale date was June 24, 2012 is incorrect. Debtor referred the account for foreclosure to Executive Trustee Services LLC on March 9th, 2012, and the foreclosure sale occurred on 6/25/12. Claimant's loan was in default and due for 9/1/11 payment at the time of foreclosure.<br><br>Claimant's allegation that Debtor improperly denied Claimant a loan modification is false. Debtor's records show Claimant applied for modification on several occasions between December 2011 and June 2012. In each instance, Debtor appropriately denied Claimant for HAMP and Traditional Modifications in accordance with applicable investor guidelines because i) all loan modification packages submitted by Claimant were incomplete, and Claimant failed to provide the missing items to Debtor as requested by Debtor, and ii) with respect to HAMP, Claimant was ineligible because Claimant's property was non-owner occupied and was subject to code violations issued by the county. In each instance, Debtor's records show Debtor issued timely missing items letters and denial letters and claimant did not provide required information to Debtor. | 10-11, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

**Claims to be Disallowed and Expunged**

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Brian Lee Christianson<br>8316 W Woodward Drive<br>Lakewood, CO 80227 | 4597 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues, Loan modification, Wrongful foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Megastar Financial Corp on or about August 20, 2009, and Debtor transferred its interest in the loan on or about October 31, 2009 to GNMA. Debtor GMAC Mortgage LLC serviced the loan from May 21, 2004 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by Megastar Financial Corp on August 20, 2009. In addition, Debtor has confirmed that there is no assignee liability that would extend to Debtor on these claims. Claimant cites to California Business and Professions Code §17200, however this property is located in Colorado, so the cited California statute is not applicable.<br><br>Debtors have no liability for the loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that Claimant was approved for a traditional trial modification on 11/4/2011. Claimant did not return signed documents or payment which resulted in a denial letter being sent on 12/19/2011. A new workout package was received on 3/8/2012 for insufficient income and denied for HAMP modification on 3/13/2012 because the payment could not be lowered sufficiently within program guidelines. Claimant sent another complete package on 6/22/2012. Claimant was approved for traditional trial modification on 7/20/2012. Claimant completed the trial successfully. A permanent traditional loan modification was completed on 11/5/2012, bringing the loan current.<br><br>Debtors have no liability for wrongful foreclosure claims because the loan was delinquent and due for the July 1, 2007 payment, foreclosure proceedings commenced on December 27, 2011 due to Claimant not taking the trial plan referenced above. On 1/10/2012, the foreclosure sale was scheduled for 5/9/2012; however, the Claimant contested the foreclosure hearing, and the sale was postponed pending the results of the hearing. On 7/6/2012, the foreclosure was placed on hold to allow time for the traditional trial modification. According to the Debtors' books and records, on 11/6/2012, the foreclosure attorney was notified to dismiss the foreclosure due to the completed permanent modification, and on 12/11/12 a motion to dismiss was filed and subsequently granted, dismissing the foreclosure action. | 9, 10-11, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 4 | Brock Williams 940 College Drive San Jose, CA 95128 | 3699 | 11/08/2012 | Administrative Priority; Administrative Secured; $176,383.36 Secured; Priority; General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues, Loan Modification, General Servicing Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from American Mortgage Express Corp on or about January 24, 2006, and transferred its interest when the loan was securitized on or about February 1, 2006, where US Bank, NA was appointed as Trustee. Debtor Homecomings Financial serviced the loan from February 8, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.

Claimant asserts Debtor failed to respond to Qualified Written Requests. Debtors have no liability for the allegation because Debtor verified that responses to the QWRs were sent on 4/5/2012, 5/11/2012, 6/15/2012, and 6/20/2012.

The loan was originated by American Mortgage Express Corp on December 27, 2005. Debtors have no liability for Claimant's lack-of-standing claims because Debtor has verified the note i) the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from originator to Residential Funding Corp and from Residential Funding Corp to US Bank, NA, as Trust and, ii) the assignment of mortgage was recorded from MERS, as nominee for originator, to US Bank, NA, as Trustee.

Debtors have no liability for the loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show Claimant applied for multiple loan modifications, as listed below. Claimant received a traditional loan modification on 1/22/10.

• Package received on 6/4/09. Loan denied 6/18/09 due to not being able to come to an affordable payment based on claimant's income and value of property.
• Package was received on 7/17/09. Loan was denied HAMP due to being non-owner occupied on 8/27/09. Claimant was approved for traditional trial plan on 8/31/09. A permanent traditional modification was completed on 1/22/10.
• Package was received 4/17/12. Loan was denied HAMP on 4/25/12 and traditional on 4/30/12 due to non-owner occupied.
• Package was received on 5/10/12. Claimant was approved for a HAMP trial plan on 6/1/12, however Claimant called in on 7/18/12 stating the payment setup was not correct and he would send in a new workout package for review.
• Package was received on 7/16/12. Loan was denied HAMP on 10/3/12 due to post modification payment not being reduced by at least 10% from the mortgage payment at time of review. The loan was denied traditional modification on 10/8/12 due to insufficient income to support loan modification request.
• Package was received on 10/23/12. The loan was denied traditional modification 12/10/12 due to post modification payment not being reduced by at least 10% from the mortgage payment at time of review. The loan was denied HAMP modification on 2/14/13 because Debtors were not able lower payment enough to make it affordable. | 8-9, 11-12, 13-14 |
| 5 | Claudio & Lauren Scirocco 1950 Paradise Ave Hamden, CT 06518 | 4439 | 11/12/2012 | Administrative Priority; Administrative Secured; Secured; Priority; UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues, Loan Modification | Claimant had two loans that involved Debtor. Debtor's involvement with the first loan was as originator and servicer of the loan. The first loan was originated on November 21, 2002 (the "2002 Loan") by GMAC Mortgage and subsequently serviced by Debtor. Debtor's review of the origination file does not show any excessive fees or costs associated with the transaction. Specifically, a review of the HUD-1 Settlement Statement shows the lender paid Claimant's origination fees, and that Claimant was only required to pay the appraisal, document, title, and closing agent fees, which is consistent with general industry practice.

Claimant's second loan was a refinance loan on the subject property, and was not originated by any Debtor entity. The second loan was originated by Ally Bank on April 18, 2012. Debtors' involvement with Claimant's second loan was limited to Debtors' role as servicer of the loan. Debtor GMAC Mortgage serviced the second loan from April 18, 2012 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.

Debtors have no liability for the loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that Claimant's loan modification allegations all relate to activity on the 2002 Loan. A Loan Modification was denied on 10/07/2009 because Claimant's financial information indicated that Claimant should be able to afford the existing mortgage payments. A forbearance plan was approved on 10/9/2009 stating Claimant needs to make payments from 11/1/09 to 4/1/10 and the account would be reviewed for loan options (including loan modification) while in the forbearance; the documents were sent to Claimant on 10/14/2009. The forebearance plan required the borrower to pay $953.16 from 11/01/2009 to 04/01/20120. A review of the loan servicing notes, the borrower did not want the plan and it was subsequently canceled. Claimant requested a loan modification on 3/25/2010 and was advised by the Debtor that based on the financial information provided they would be denied because the Debt to Income ratio was less than 31%, which indicated that they could afford the mortgage payments on their existing loan. | 9, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 6 | Edward M. Rego and Emanuela R. Rego<br>Attorney Jenifer L. Kurrus<br>Merrimack Valley Legal Services, Inc.<br>35 John St, Ste 302<br>Lowell, MA 01852 | 5613 | 11/16/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>$320,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wrongful Foreclosure, Loan Modification | Debtors' involvement with Claimants' loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Mid-Coast Mortgage on or about May 31, 1997, and Debtor transferred its interest to Fannie Mae thereafter. Debtor GMAC Mortgage, LLC serviced the loan from May 31, 1997 until servicing transferred to GreenTree on February 1, 2013. Claimants are in litigation with Fannie Mae in a contested eviction, where no Debtor is a party.<br><br>Debtors have no liability for wrongful foreclosure and loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that the account had been referred initially to foreclosure on March 10, 2007, but the Claimants reinstated on March 30, 2007. The account was referred to foreclosure a second time on September 9, 2007 and was closed November 21, 2007 due to loan modification activity. Claimants entered into a traditional loan modification on December 1, 2007 which brought the account current. Claimants fell behind on payments when the June 1, 2008 payment was not paid on time and the account was referred to foreclosure again on June 5, 2009. Claimants submitted a workout package on June 16, 2009. A HAMP trial modification was set up and Claimants completed the HAMP trial plan on November 10, 2009. Claimants were approved for a permanent HAMP loan modification on April 6, 2010, however it was denied April 29, 2010 due to Claimants' failure to accept the terms of the modification and refusal to execute the loan modification agreement. Claimants sent in loan modification packages on the following dates:<br><br>- July 14, 2010 - This was denied due to the previous HAMP denial. Traditional modification review was to be completed once all missing items were received.<br><br>- August 8, 2010 - Missing items received and package complete. Traditional modification denied August 18, 2010 as it was determined Claimants could not afford modified payments.<br><br>- October 8, 2010 - HAMP denied again due to previous denial. Traditional modification denied October 15, 2010 for insufficient income.<br><br>Foreclosure sale was set for February 10, 2011. Claimants requested a postponement to try another work out/loan modification review, but the investor (Fannie Mae) did not allow postponements at the time. The foreclosure sale was held on February 10, 2011, but was later deemed invalid as Claimants filed bankruptcy. The bankruptcy was dismissed on March 14, 2011 and a new sale date was set for May 27, 2011. Claimants contacted Debtor on May 23, 2011 to inquire about a short payoff, and stated that they were receiving a reverse mortgage payoff from another bank. Debtor advised to fax the approval letter for review. Debtor also advised that there would be no guarantee that the foreclosure sale would be postponed. Servicing notes state that Fannie Mae would not pursue a settlement or short payoff as the foreclosure sale was too close. Package was received from Claimants on May 24, 2011 but too close to the sale and denial was sent out May 26, 2011. Property was sold on May 27, 2011. Claimants assert that the modification should have included principal forgiveness; however, the Debtor acted within HAMP and investor guidelines at the time of each loan modification request. Fannie Mae's servicing guide gives the servicer authority to service these loans, including the authority to foreclose on behalf of Fannie Mae, in accordance with the terms of the underlying note(s) and mortgages. | 10-11, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

Claims to be Disallowed and Expunged

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 7 | Forman, Mary Kelly and Michael, pro se<br>MICHAEL FORMAN VS GMAC MORTGAGE LLC<br>P.O. Box 43490<br>Tuscon, AZ 85733 | 1252 | 10/15/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$780,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wrongful Foreclosure, Escrow Issues, Fees Charged | Debtors' involvement with Claimants' loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Nova Financial and Investment Corp. on or about July 21, 2005, and Debtor transferred its interest when the loan was securitized on or about October 1, 2005, where US Bank, NA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from January 24, 2007 until servicing transferred to Ocwen on February 16, 2013.<br><br>Claimant states "Breach of Contract - Arizona Superior Court Pima County case #C20108512" as the basis for claim. The causes of action include allegations related to wrongful foreclosure, escrow issues, wrongful charging of fees, and wrongful return and/or application of payments made by Claimant. Debtor's records show a portion of the case was dismissed on July 23, 2012 , leaving the breach of contract claim and equitable/non-monetary claims. Thereafter, the equitable claims/non-monetary claims were waived as a result of Claimant not opposing Debtor's Motion for Relief from Stay filed in Claimants' bankruptcy case, which was granted on June 11, 2013. Additionally, Claimants have vacated the property. The only remaining claim pertained to the alleged misapplication of payments, which was dismissed by the Court for lack of prosecution on January 3, 2014. Debtors have no liability for the claims that Debtor mishandled certain payments. Debtor's records show on November 5, 2009 Claimants were sent a notice informing them of the escrow shortage of $700.12. Claimants did not pay the shortage and beginning on January 1, 2010, the monthly payments were increased to cover the shortage, which was spread out over 12 months. In January and February of 2010, Claimants sent payments without the increase needed to satisfy the shortage amount. The January check of $2,389.45 was held as unapplied since it was not sufficient to pay the entire payment. When the February check of $2,389.45 was received, a portion of that payment was applied to the January shortage and the full payment was then applied as the January payment, bringing the account due for the February 2010 payment. The remainder of the February payment was applied to principal reduction of the account. Further payments were not received and the loan subsequently went into default and Claimants received a notice of breach in May 2010. The property was sold at a foreclosure sale on October 26, 2010.<br><br>In connection with the litigation, Claimants allege that checks dated 2/28/10, 3/12/10 and 4/7/10, were mailed to Debtor to cure the default. Debtor reviewed its records and could not find any records of those alleged payments. The alleged checks were written against an account not normally used by Claimants for payment of the mortgage debt. Copies of the checks obtained through discovery indicated the checks were never received at a payment center, based on the lack of a "Scan Line" on the check. All checks received at a payment center are first marked with a Scan Line, regardless if the check is applied or returned.<br><br>Additionally, as part of the litigation, bank records were subpoenaed which showed that the account the checks were written against would not have had sufficient funds to honor such checks around the dates allegedly written by Claimants. Therefore, even if Debtor had received the checks, they would have been insufficient to cure the default. | 10-11, 10, 13 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Gabriel Toala-Moreno 636 SW 107th Ave. Pembroke Pines, FL 33025 | 4210 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | | GMAC Mortgage, LLC | 12-12032 | Wrongful Foreclosure, Loan Modification | This claim includes allegations relating to two different properties. Debtors' involvement with Claimant's loan on the St. Augustine property was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC, purchased the loan from USAA Federal Savings Bank on or about August 28, 2007, and transferred its interest in the loan to Fannie Mae on or about October 2007. Debtor GMAC Mortgage, LLC serviced the loan from August 28, 2007 until the foreclosure in 2011. Debtors' involvement with Claimant's loan on the Miramar property was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from USAA Federal Savings Bank on or about June 3, 2004, and transferred its interest in the loan to Fannie Mae on or about August 16, 2004. Debtor GMAC Mortgage, LLC serviced the loan from July 13, 2004 until servicing was transferred to GreenTree Servicing on 02/01/2013. Debtors have no liability for allegations of wrongful foreclosure or wrongful denial of a loan modification in connection with the St. Augustine loan because i) Claimant was due for 2/01/2009 at the time of foreclosure referral, and ii) Claimant failed to take the required steps to obtain loan modification or other alternatives to foreclosure. Debtor's records show i) Claimant's loan was appropriately referred to foreclosure on 5/9/2009 and Debtor received Final Judgment of Foreclosure on 7/15/10 in the Circuit Court of St. Johns County, FL. Debtor performed an independent analysis to determine if Claimant was eligible for traditional modification, and on 6/15/11, Debtor sent an unsolicited offer by mail to Claimant for a permanent modification. Claimant never returned the executed modification documents, and as a result, the foreclosure sale was held on 7/29/2011. Debtors have no liability for allegations of wrongful foreclosure or wrongful denial of a loan modification in connection with the Miramar loan because Debtor followed all appropriate policies, procedures and applicable guidelines in considering Claimant for loan modification. Debtor's records show Debtor approved a HAMP modification for Claimant on or about 8/31/10, but the co-borrower failed to execute the documents and a modification was not completed on that basis. Subsequently, a second modification was approved and completed on 7/8/11. Debtor's records show that the Claimant was current on the modication as the time of transfer to GreenTree. | 10-11, 13-14 |
| 9 | Godfrey Comrie 20275 NE 2nd Ave L-24 Miami, FL 33179 | 2173 | 11/05/2012 | Administrative Priority Administrative Secured UNLIQUIDATED Secured Priority General Unsecured | | Residential Capital, LLC | 12-12020 | Loan Modification, Wrongful Foreclosure, Wrong Debtor | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from Pinnacle Direct Funding Corp., on or about January 26, 2006, and transferred its interest when the loan was securitized on or about February 1, 2006, where JP Morgan Chase Bank, NA was appointed as Trustee. Debtor Homecomings Financial serviced the loan from January 26, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Claimant did not assert a basis for liability in the proof of claim. In response to Debtor's letter requesting additional information in support of claim, Claimant states he is a victim of predatory lending in connection with his attempts to modify his loan, which ended in the subject property being lost to foreclosure. Debtors have no liability for allegations of improper denial of loan modification because Debtor took all appropriate steps in evaluating the Claimant for a loan modification in accordance with applicable investor guidelines and Debtor's servicing policies and procedures. Debtor approved Claimant for a permanent modification on 11/20/2008, however, Claimant did not make the contribution payment required to execute the modification, and it was denied on 3/13/09. Claimant applied again for modification and it was denied on 11/24/09 due to Claimant not making all of the required trial payments. Debtors have no liability for the allegation of wrongful foreclosure because i) Claimant was past due at the time of foreclosure sale and Debtor was within its rights to foreclose. Debtor's records show Claimant's account was referred to foreclosure on June 17, 2008 because the the account was due for March through June 2008 payments; and ii) Debtor provided several opportunities for loan modification to prevent foreclosure, but in each instance, Claimant failed to make required contribution or trial payments to obtain modification. Debtor's records show Claimant was advised by the Debtor on 11/30/09 that a payment of $2,316.31 had to be made by 12/3/09 in order to prevent foreclosure sale. Claimant failed to make the required payment to prevent foreclosure. In addition to the aforementioned reasons for disallowence, this claim does not sit at ResCap but at GMAC Mortgage, LLC. | 10-11, 13-14, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 10 | Herbert Collins 10745 Tara Village Way Jonesboro, GA 30238 | 3772 | 11/08/2012 | Administrative Priority<br><br>Administrative Secured<br><br>$100,000.00 Secured<br><br>Priority<br><br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues, Loan Modification, General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from AmeriTrust Mortgage Company, LLC, on or about August 16, 2005, and transferred its interest and the loan was securitized on or about September 1, 2005, where JP Morgan Chase Bank, NA was appointed as Trustee. Debtor Homecomings Financial serviced the loan from August 16, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant alleges that the Debtor never disbursed loan proceeds in the amount of $122,000 to him directly, and further asserts that he is seeking the return of all monies paid to the Debtor as well as forgiveness of the original obligation. Claimant further alleges that the loan modification entered into 4/1/2010 "amended and supplemented" the original note and therefore invalidates the original mortgage.<br><br>Debtor has no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The purchase money loan was originated by AmeriTrust Mortgage Company LLC on July 14, 2005. No Debtor was involved with the closing of the loan or disbursement of funds at closing; a review of the HUD-1 Settlement Statement shows the funds were disbursed to the seller to fund the purchase of the property and not to Claimant.<br><br>Debtors have no liability for loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that on 3/5/2009, Claimant requested loss mitigation assistance from the Debtor, as he could no longer afford payments. Debtor approved Claimant for a Loan Modification on 03/09/2009; however, Claimant contacted Debtor on 03/16/2009 to reject the terms of the modification. A permanent Modification was later fully executed by Claimant on 04/01/2010. | 7-8, 9, 13-14 |
| 11 | Jennifer Mccue 2157 Stockman Circle Folsom, CA 95630 | 4733 | 11/14/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues, Loan Modification, Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Central Pacific Mortgage Company, which originated the loan on December 12, 2005. Debtor subsequently transferred its interest and the loan was securitized on or about March 30, 2006, where JP Morgan Chase Bank, NA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from December 12,2005 until servicing transferred to Ocwen Loan Servicing, LLC on Feb 16th, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan by Central Pacific Mortgage Company. In addition, Debtor has confirmed that there is no assignee liability that would extend to Debtor on these claims. A claim under California Business and Professions Code 17200 has three prongs: unlawfulness, unfairness, and fraud. In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices. Accordingly, Debtor would not assume these liabilities in its role as servicer or owner of the loan.<br><br>Debtors have no liability for wrongful foreclosure claims because Debtor confirmed that this loan has never been referred to foreclosure. As of 9/10/2013 this loan is current and serviced by Ocwen.<br><br>Debtors have no liability for loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that a workout package was received on 8/19/2009. On 9/21/2009 Claimant was denied for both HAMP modification and traditional modification because the debt-to-income ratio indicated the borrower could afford the mortgage payment. A new workout package was submitted on 2/23/2010. Modification was again denied on 3/2/2010 for the same reason. A new workout package was submitted on 6/29/2012. Again the modification was denied on 7/27/12 for HAMP modification and 7/31/12 for traditional, for the same reasons. | 9, 10-11, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

**Claims to be Disallowed and Expunged**

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 12 | Jose Melendez 10357 Gaynor Avenue Granada Hills, CA 91344 | 4625 | 11/13/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues, Wrongful Foreclosure, Standing Issues, Loan Modification, General No Liability | Debtor's involvement with Claimant's loan was limited to its roles as servicer and purchaser of the loan. The loan was originated by Brighton Lending on September 11, 2009. Debtor GMAC Mortgage, LLC purchased the loan from Brighton Lending and transferred its interest in the loan to Freddie Mac on or about October 16, 2009. Debtor GMAC Mortgage LLC serviced the loan from September 11, 2009 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan by Brighton Lending.  In addition, Debtor has confirmed that there is no assignee liability that would extend to Debtor for claims under California Business & Professions Code § 17200. A claim under this statute has three prongs: unlawfulness, unfairness, and fraud.  In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices.  The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices.<br><br>Debtors have no liability for Claimant's lack-of standing claims because Debtor has verified that the endorsement chain is complete and valid.  Debtor's records show that the note is endorsed from originator to Blank.<br><br>Debtors have no liability for the wrongful foreclosure claims because i) the loan was current as of the date of service transfer to Ocwen on February 16, 2013 and ii) was never referred to foreclosure.<br><br>Debtors have no liability for the loan modification claims because Debtor handled all aspects of the loan modification process appropriately.  Debtor's records show that a HAMP modification was denied on 9/7/2012 because the loan origination date (9/11/2009) was after the final eligibility date for the HAMP program (1/1/2009).  Traditional modification was denied by the investor on 10/24/2012 due to investor limitations. Claimant needed to explain in detail the hardship as the loan was current at time of modification review. | 7-8, 9, 10-11, 11-12, 13-14 |
| 13 | Karen W. Officer and Robert W. Officer 3225 McLeod Dr. Suite 100 Las Vegas, NV 89121 | 3895 | 11/09/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues | Debtors' involvement with Claimant's loans was limited to Debtors' roles as servicer and purchaser of the loans.  The loans were originated by United Mortgage Corporation on October 18, 2007.  Debtor GMAC Mortgage, LLC purchased the loans from United Mortgage Corporation and subsequently transferred its interest in the loans to Fannie Mae in March and April of 2008.  Debtor GMAC Mortgage LLC serviced the loans from October 18, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because the Debtors were not involved in the origination of these loans and are not liable for alleged wrongdoing of Claimant's loan broker, a non-debtor entity. In addition, a claim under California Business and Professions Code 17200 is not valid because the properties at issue are located in Mississippi and that state's law should govern the dispute. | 9 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| 14 | Katherine Staehly 4125 Brickyard Road Tillamook, OR 97141 | 4539 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | | Residential Capital, LLC | 12-12020 | Origination Issues, Loan Modification, Wrongful Foreclosure | Debtor's involvement with Claimant's loan was limited to its roles as servicer and investor of the loan. The loan was originated by Golf Savings Bank on December 15, 2009. Debtor GMAC Mortgage, LLC subsequently purchased the loan and is the current investor. Debtor GMAC Mortgage LLC serviced the loan from December 15, 2009 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan by Golf Savings Bank.<br><br>Debtors have no liability for wrongful foreclosure claims because i) the loan was delinquent and due for June 1, 2010 payment, ii) foreclosure was commenced on November 3, 2010, and iii) the assignment and endorsement chains are complete and valid to have initiated foreclosure. Debtor's records show i) the note is endorsed from originator to Ally Bank, from Ally Bank to GMAC Mortgage and from GMAC Mortgage to Blank, ii) the assignment of mortgage was recorded from MERS, as nominee for originator to GMAC Mortgage. The account was again referred to foreclosure November 8, 2011 because the account was owing for July 2010 through November 2011 payments. The foreclosure sale has not been completed but is still active and being pursued by Ocwen.<br><br>Debtors have no liability for loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show Claimant's loan was reviewed for a loan modification 6 times, each time the process was followed correctly and the information was requested when necessary, Claimant applied for modifications on 9/10/10, 9/13/10, 11/5/10 and 1/12/11, and in each instance, Claimant was denied because the account needed to have had at least 12 prior payments made to be considered for modification under applicable investor guidelines. Claimant applied for a loan modification 3/30/11 and was approved for HAMP trial modification 4/11/11. Claimant was denied HAMP trial plan 5/11/11 due to Claimant not sending in the executed modification agreement. Claimant applied for modification on 6/22/11 and 7/18/11, and in both instances, Claimant was denied because loan could not be more than 12 months delinquent in order to be considered for modification under applicable modification guidelines. Claimant has only made February through June 2010 payments, there has never been 12 mortgage payments made since origination. Claimant applied for a loan modification on 10/10/11, which was denied because Claimant failed to provide the missing information for the workout package that was requested by Debtor. | 9, 10-11, 13-14 |
| 15 | Leo Vigildo Solano 570 Park Way Chula Vista, CA 91910 | 4726 | 11/14/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | | GMAC Mortgage, LLC | 12-12032 | Origination Issues, Wrongful Foreclosure, Standing Issues, Loan Modification | Debtor's involvement with Claimant's loan was limited to Debtor's role as servicer. Debtor GMAC Mortgage LLC serviced the loan from September 19, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by SBMC Mortgage on June 9, 2006. In addition, Debtor has confirmed that there is no assignee liability that would extend to Debtor on these claims under California Business & Professions Code § 17200. A claim under this statute has three prongs: unlawfulness, unfairness, and fraud. In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices. The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices.<br><br>Debtors have no liability for Claimant's lack-of-standing claims because Debtor has verified that the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from originator to blank, and ii) the assignment of mortgage was recorded from MERS, as nominee for originator, to Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass Through Certificates, Series 2006-SB1.<br><br>Debtors have no liability for wrongful foreclosure claims because i) the loan was delinquent and due for 5/1/2008 payment when foreclosure proceedings commenced on 8/7/2008, and ii) foreclosure proceedings were cancelled once the permanent loan modification was entered in 2009.<br><br>Debtors have no liability for loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that a workout package was received on 8/19/2008. Debtor reviewed the package and recommended a loan modification on 9/18/2008, but the proposed modification was denied by the investor on 9/22/2008. Debtor performed a second review of the same workout package and a loan modification was approved on 10/21/2008. Claimant did not return the required documents and make the required payment. Debtor called on 12/8/2008 to advise that he was unable to make the required payment. Debtor reviewed the loan a third time without requesting additional documents from the claimant. A loan modification was approved on 12/15/2008. Claimant returned the executed modification documents and required payment on 1/7/2009. The loan was brought current and the foreclosure was terminated. Since then, Debtor has sent additional work out packages at Claimant's request. However, a completed package was never returned. | 9, 10-11, 11-12, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|---|
| 16 | Milagro Melendez<br>10357 Gaynor Avenue<br>Granada Hills, CA 91344 | 4607 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | | GMAC Mortgage, LLC | 12-12032 | Origination Issues; Loan Modification; Wrongful Foreclosure; Standing Issues | Debtor's involvement with Claimant's loan was limited to its roles as servicer and purchaser of the loan. The loan was originated by Brighton Lending on September 11, 2009. Debtor GMAC Mortgage, LLC subsequently purchased the loan from Brighton Lending and transferred its interest in the loan to Freddie Mac on or about October 16, 2009. Debtor GMAC Mortgage LLC serviced the loan from September 11, 2009 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan by Brighton Lending. In addition, Debtor has confirmed that there is no assignee liability that would extend to Debtor on these claims under California Business & Professions Code § 17200. A claim under this statute has three prongs: unlawfulness, unfairness, and fraud. In general, an unfair practices claim under section 17200 cannot be predicated on vicarious liability. A defendant's liability must be based on his personal participation in the unlawful, unfair or fraudulent practices. The Claimant has not provided any specific evidence to substantiate its general allegations of fraud and unlawful practices.<br><br>Debtors have no liability for Claimant's lack-of standing claims because Debtor has verified that the endorsement chain is complete and valid. Debtor's records show that the note is endorsed from originator to Blank.<br><br>Debtors have no liability for the wrongful foreclosure claims because i) the loan was current as of the date of service transfer to Ocwen on February 16, 2013 and ii) was never referred to foreclosure.<br><br>Debtors have no liability for the loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that a HAMP modification was denied on 9/7/2012 because the loan origination date (9/11/2009) was after the final eligibility date for the HAMP program (1/1/2009). Traditional modification was denied by the investor on 10/24/2012 due to investor limitations. Claimant failed to explain in detail the hardship as the loan was current at time of modification review. | 9, 10–11, 11-12, 13-14 |
| 17 | Ngan Moy<br>1189 Pine Tree Drive<br>Lake Villa, IL 60046 | 4613 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | | Residential Capital, LLC | 12-12020 | Origination Issues; Loan Modification; Wrongful Foreclosure; Standing Issues; Wrong Debtor | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from First National Bank of Nevada on or about November 23, 2005, and transferred its interest when the loan was securitized on or about January 1, 2006, where Deutsche Bank Trust Company Americas was appointed as Trustee. Debtor Homecomings Financial serviced the loan from December 8, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was originated by First National Bank of Arizona on September 30, 2005. In addition, Debtor has confirmed that there is no assignee liability that would extend to Debtor on these claims. Claimant cites to California Business and Professions Code 17200, however this loan is not a property in California, but in Illinois, so the cited statute is irrelevant.<br><br>Debtors have no liability for Claimant's lack-of-standing claims because Debtor has verified that the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from originator to First National Bank of Nevada, from First National Bank of Nevada to Residential Funding Corporation and from Residential Funding Corporation to Deutsche Bank National Trust Company Americas, as Trustee, ii) the assignment of mortgage was recorded from MERS, as nominee for originator, to Deutsche Bank National Trust Company Americas, as Trustee.<br><br>Debtors have no liability for wrongful foreclosure claims because the loan was delinquent and due for the October 2010 payment and foreclosure proceedings commenced on January 1, 2011. Debtors' records show that the foreclosure has not been completed on this property, and Ocwen is currently handling the foreclosure action. There have been no payments since 2010.<br><br>Debtors have no liability for loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records show that a HAMP modification was denied on 3/12/2010 and 6/15/2010 because the financials submitted by Claimant indicated Claimant should be able to afford the existing payments. According to the workout package received the Claimant's DTI was 20.647%. The account was denied due to the payment already being affordable. The Claimant reapplied for loan modification 6/2/10 which reflected that their DTI was 22.424%. The goal for HAMP is to reduce the payment to 31%, since the payment was already well below the target payment the account did not qualify for a loan modification.<br><br>In addition to the aforementioned reasons for disallowence, this claim does not sit at ResCap but at GMAC Mortgage, LLC. | 9, 10–11, 11-12, 13-14, 14-15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 18 | Rafael Estrada Anna G Estrada v US Bank N A as Trustee for RAMP 2006 SP4 Alias GMAC Mortgage LLC Alias and et al<br>JOHN B ENNIS ATTORNEY AT LAW<br>1200 RESERVOIR AVE<br>CRANSTON, RI 02920 | 3554 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$125,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Standing Issues, Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from Northeast Savings on or about September 28, 2006. Debtor transferred its interest when the loan was securitized on or about November 1, 2006, where US Bank, NA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from November 10, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Loan was originated by Columbian Credit Union on November 16, 1990. Debtors have no liability for Claimant's lack-of-standing or authority to foreclose claims because Debtor has verified that the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from originator to blank, ii) the assignment of mortgage was recorded from originator to Northeast Savings, FA, from Northeast Savings to Residential Funding Company and from Residential Funding Company to US Bank, NA, as Trustee. Foreclosure Deed was recorded in the name of US Bank, NA, as Trustee. Debtor's records show that all individuals who signed documents related to the foreclosure had the appropriate authority to do so. | 10-11, 11-12 |
| 19 | Rafael Estrada Anna G Estrada v US Bank N A as Trustee for RAMP 2006 SP4 Alias GMAC Mortgage LLC Alias and et al<br>JOHN B ENNIS ATTORNEY AT LAW<br>1200 RESERVOIR AVE<br>CRANSTON, RI 02920 | 3562 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$125,000.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Standing Issues, Wrongful Foreclosure | Debtors' involvement with Claimant's loan was limited to Debtors' roles as servicer and purchaser of the loan. Debtor Residential Funding Company, LLC purchased the loan from Northeast Savings on or about September 28, 2006. Debtor transferred its interest and the loan was securitized on or about November 1, 2006, where US Bank, NA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from November 10, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Loan was originated by Columbian Credit Union on November 16, 1990. Debtors have no liability for Claimant's lack-of-standing or authority to foreclose claims because Debtor has verified that the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from originator to blank, ii) the assignment of mortgage was recorded from originator to Northeast Savings, FA, from Northeast Savings to Residential Funding Company and from Residential Funding Company to US Bank, NA, as Trustee. Foreclosure Deed was recorded in the name of US Bank, NA, as Trustee. Debtor's records show that all individuals who signed documents related to the foreclosure had the appropriate authority to do so. | 10-11, 11-12 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

Claims to be Disallowed and Expunged

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 20 | Rozalynne Roelen Bowen<br>36 Bloomdale<br>Irvine, CA 92614 | 3526 | 11/07/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification, Interest Rates and Fees Collected, General Servicing Issues | Debtors' involvement with Claimant's loan was limited to Debtors' roles as originator, servicer and purchaser of the loan. GMAC Mortgage, LLC originated the loan on 11/14/2006. Debtor Residential Funding Company, LLC purchased the loan from GMAC Mortgage, LLC, on or about December 14, 2006. Debtor transferred its interest and the loan was securitized on or about January 1, 2007, where Deutsche Bank Trust Company Americas was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the loan from November 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>In Claimant's proof of claim, Claimant states "mortgage refi" as basis for claim. In response to Debtor's letter requesting information in support of Claimant's proof of claim, Claimant asserts Debtor failed to change the timing of automatic withdrawals as agreed, wrongfully declined to accept Claimant's payments, and set the unpaid principal balance too high on Claimant's loan modification.<br><br>Debtors have no liability for the allegation that Claimant failed to change the timing of automatic withdrawals as agreed because i) Claimant's automatic withdrawals were managed by an agreement between Claimant and a Non-Debtor entity, BISaver. Debtor's records show Claimant called in 3/17/09 requesting BiSaver automatic withdrawal dates to be adjusted and she was advised to call 1800BISAVER because Debtor did not administer the automatic withdrawals. Debtor does not have the ability or authority to validate if Claimant called BiSaver for changes to the automatic payment.<br><br>Debtors have no liability for the allegation that Debtor wrongfully declined Claimant's payments because the returned funds were insufficient to reinstate Claimant's account, and Debtor had not promised to accept amounts less than the full amount necessary to reinstate Claimant's account. As part of Debtor's standard business practices for loans in a foreclosure status, Debtor returned funds remitted by a borrower that were insufficient to fully reinstate (or bring current) a borrower's account, unless an accommodation to accept a lower amount was explicitly agreed to by Debtor. Debtor's records show a trial modification was set up for Claimant on 8/13/2010. Claimant completed the trial modification, but Claimant failed to execute the permanent modification agreement sent to Claimant on 11/15/10. As a result, the permanent modification was appropriately denied, and the Claimant's account reverted back to a foreclosure status. Subsequently, Debtor received and returned Claimant's payment because Claimant's loan was in a foreclosure status, and the sum of five payments ($23,511.70) plus outstanding fees was due to reinstate Claimant's loan. Debtor's records also show a subsequent HAMP modification denial on 2/11/11 was appropriate because Claimant had insufficient income at the time to meet HAMP guidelines. Finally a Traditional Modification was approved with 3 trial payments due between April and June 2011. Claimant completed the trial plan and obtained a permanent loan modification from Debtor on or about 6/22/11.<br><br>Debtors have no liability for the allegation that Debtor set the unpaid balance too high under the Claimant's loan modification because Debtor's records show i) the permanent modification sent to Claimant on 11/15/2010, which Claimant failed to execute and was subsequently denied on that basis, had a correctly proposed principal balance of $692,427.87, and ii) the permanent modification subsequently executed by Claimant on 6/22/11 correctly reduced the principal balance to the agreed to balance of $639,294.53, providing significant benefit to Claimant. | 8-9, 13, 13-14 |
| 21 | Scott W or Linda C Ewing<br>27 Jersey Fleur Dr #9271<br>Ellijay, GA 30540-6911 | 2152 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$100,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination issues, Loan Modification, General No Liability | Debtor's involvement with Claimant's loan was limited to its roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Ally Bank on or about March 3, 2011, and then transferred its interest in the loan to Fannie Mae on or about March 29, 2011. Debtor GMAC Mortgage LLC serviced the loan from March 3, 2011 until servicing transferred to Ocwen Loan Servicing, LLC on Feb 16, 2013.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination or appraisal of this loan. The loan was originated by Ally Bank Corp. on March 3, 2011.<br><br>Claimant alleges having issues getting a response for loan modification assistance from the new servicer, Ocwen. Debtors have no liability for Claimant's loan modification claims because no Debtor is involved in the current servicing of this loan. Debtor's records show that prior to the transfer to Ocwen, there was no workout package ever received. Debtor's records show that Claimant spoke with Debtor via phone on June 1, 2012 inquiring about principal reduction. Claimant was advised they do not not qualify for HAMP modification as property is not owner occupied. The loan was due for March 1, 2013 payment at time of transfer to Ocwen on February 16, 2013. | 7-8, 9, 13-14 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

Claims to be Disallowed and Expunged

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 22 | Sean Dustin Lopez<br>140 S. Zephyr St<br>Lakewood, CO 80226 | 5667 | 11/16/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>$129,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification | Debtor's involvement with Claimant's loan was limited to its roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Wallick & Volk, Inc., on or about April 6, 2009. Debtor transferred its interest in or about April 21, 2009 to GNMA. Debtor GMAC Mortgage, LLC serviced the loan from April 6, 2009 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts "services provided/denied loan modification" as basis for claim. Debtor sent a letter to Claimant on June 21, 2013 requesting additional information in support of the proof of claim, but Claimant failed to respond. The allegation that Debtor improperly denied Claimant loan modification is incorrect because Claimant never submitted a complete workout package for Debtor to review. Debtor's records show that Claimant inquired about loan modification options on 12/21/2010 and 01/19/2011. Debtor received a workout package from Claimant via fax on 04/12/2011, which was missing the required paystubs for all borrowers. Debtor requested missing items by 4/29/11, but Claimant failed to provide them to Debtor, and on that basis, Debtor sent a denial letter to Claimant on 05/03/2011. Claimant advised that a new package would be sent in on 05/09/2011, however, Debtor did not receive another loan modification request package from Claimant. | 13-14 |
| 23 | Somphone Vongsavanh, Sengchantha Vongsavanh<br>Somphone Vongsavanh<br>1665 GA Hwy 18 East<br>Macon, GA 31217-9448 | 1136 | 10/10/2012 | Administrative Priority<br><br>Administrative Secured<br><br>$3,588.11 Secured<br><br>Priority<br><br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability | Debtors' involvement with Claimant's loan was limited to Debtors' roles as originator and servicer of the loan. Debtor Homecomings Financial, LLC originated the loan on or about July 20, 2007. Debtor transferred its interest and the loan was securitized on or about August 1, 2007, where Deutsche Bank Trust Company Americas was appointed as Trustee. Debtor Homecomings Financial serviced the loan from July 20, 2007 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant states "mortgage note" as basis for claim. Debtors have no liability because Claimant failed to state a valid basis for claim, and in an email dated 5/26/13 that Debtor received from Claimant, Claimant advised that they do not believe that they have a valid claim against one or more of the Debtors. In response, Debtor mailed a letter and claim withdrawal form for execution to Claimant on or about June 11, 2013. However, Claimant never executed and delivered the withdrawal form to Debtors, and Debtor reviewed its books and records and found no connection to Claimant. | 7-8 |
| 24 | Terence J. Radzik and Donna L. Radzik<br>1191 W. Kraml Court<br>Palatine, IL 60067 | 4316 | 11/09/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>$156,500.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | HELOC Suspension | Debtor's involvement with Claimant's loan was limited to Debtors' role as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from RPM Mortgage Company, LLC on or about March 22, 2004. Debtor transferred its interest when the loan was securitized on our about June 30, 2004 where Wells Fargo Bank, NA, was appointed as trustee. Debtor GMAC Mortgage, LLC serviced the loan from March 22, 2004 until servicing transferred to Specialized Loan Servicing on December 1, 2010.<br><br>In response to Debtors' letter requesting additional information in support of the claim, Claimant states that Debtor wrongfully terminated Claimant's HELOC in connection with an unspecified bankruptcy filing, which inhibited Claimant's ability to do home improvements. Debtors have no liability for this claim because the Debtors never terminated or suspended the Claimant's HELOC while the Debtors had an interest in the loan. | 15 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 25 | W Dale Michael 61875 SE 27th Street Bend, OR 97702 | 4594 | 11/13/2012 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Origination Issues; Loan Modification; Wrongful Foreclosure; Standing Issues; Wrong Debtor | Debtors' involvement with Claimant's loan was limited to Homecomings Financial, LLC's role as originator and GMAC Mortgage, LLC's roles as servicer and purchaser of the loan. Homecomings Financial, LLC originated the loan on or about November 27, 2007 and subsequently transferred it to GMAC Mortgage, LLC, which then transferred its interest in the loan to Fannie Mae on or about January 3, 2008. Debtor Homecomings Financial serviced the loan from November 21, 2007 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on Feb 16, 2013.<br><br>Claimant asserts that Debtor provided a loan that Debtor knew Claimant would default on. In originating this loan on November 21, 2007, Debtor reviewed Claimant's loan application, credit, and appraisal, which showed no unusual activity and revealed no signs of alleged fraud. There are no servicing records indicating Claimant ever mentioned this issue before. Based on the information used to underwrite and approve the loan, the debtor would have had no prior knowledge or information that would suggest the Claimant would later default. Furthermore, a review of the payment history and servicing notes revealed the reason Borrower defaulted on the mortgage was "marital difficulties", and until that point, Claimant was voluntarily paying additional principal each month above the required monthly mortgage payment.<br><br>Debtors have no liability on Claimant's lack-of-standing claims because the assignment and endorsement chains are complete and valid. Debtor's records show i) the note is endorsed from Homecomings Financial to GMAC Bank, from GMAC Bank to GMAC Mortgage, from GMAC Mortgage to blank, ii) the assignment of mortgage was recorded from MERS as nominee for originator to GMAC Mortgage.<br><br>Debtors have no liability for the wrongful foreclosure claims because i) the loan was delinquent and due for March 1, 2011 when foreclosure commenced on June 6, 2011 and, ii) the foreclosure has not been completed and the loan is now serviced by Ocwen.<br><br>Debtors have no liability for the loan modification claims because Debtor handled all aspects of the loan modification process appropriately. Debtor's records reflect that Claimant submitted only one incomplete workout packet on July 30, 2010, and has never submitted a completed workout package for loss mitigation review.<br><br>In addition, Claimant asserts a claim under California Business and Professional Code §17200. However, this property is not in California, but is in Oregon and therefore the cited statute doesn't apply.<br><br>In addition to the aforementioned reasons for disallowence, this claim does not sit at ResCap but at GMAC Mortgage, LLC. | 9-10, 10-11, 11-12, 13-14, 14-15 |
| 26 | Yeon Lim 50650 Colchester Canton, MI 48187 | 3876 | 11/09/2012 | Administrative Priority<br><br>Administrative Secured<br><br>$0.00 Secured<br><br>Priority<br><br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Interest Rates and Fees Collected | Debtor's involvement with Claimant's loan was limited to its roles as originator and servicer of the loan. Debtor GMAC Mortgage, LLC, originated the loan on or about August 5, 2008. Debtor transferred its interest in the loan to Fannie Mae on or about September 9, 2008. Debtor GMAC Mortgage, LLC serviced the loan from August 5, 2008 until servicing transferred to GreenTree Servicing on February 1, 2013.<br><br>Claimant asserts improper fees in proof of claim, but provides no evidence of the fees at issue. Claimant failed to respond to Debtor's letter request for more information in support of damages. Nonetheless, a review of Debtor's records found that the only fees charged to the Claimant's account were two fees totaling $40 for payoff statements, which Debtor subsequently waived. | 13 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTY-SECOND OMNIBUS OBJECTION - NO LIABILITY (BORROWER CLAIMS)

### Claims to be Disallowed and Expunged

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 27 | Joseph and Elizabeth La Costa 7840 Mission Center Court #104 San Diego, CA 92108 | 7160 | 08/28/2013 | Administrative Priority<br><br>Administrative Secured<br><br>Secured<br><br>Priority<br><br>$150,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | General Servicing Issues, Standing Issues | Debtor's involvement with Claimant's loan was limited to its roles as servicer and purchaser of the loan. Debtor GMAC Mortgage, LLC purchased the loan from Quicken Loans, Inc., on or about October 22, 2008, and transferred its interest in the loan to Fannie Mae on or about October 2008. Debtor GMAC Mortgage, LLC serviced the loan from September 26, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtor found no evidence to support the allegations that Debtor purportedly violated TILA and the FDCPA, and that Debtor did not have standing to service Claimant's loan. With respect to the TILA allegations, Claimant provided no specificity that would allow Debtor to research the allegations.<br><br>Debtor's records show i) Claimant's loan originated with Quicken Loans, a Non-Debtor entity, on 09/26/2008, ii) Claimant received proper notification that Debtor would be servicing the loan effective 10/22/2008, iii) Debtor continued to service the loan on behalf of investor FNMA until servicing was transferred to Ocwen on 02/16/2013, iv) Debtor properly mailed Claimant a notification of the servicing transfer to Ocwen on 02/05/2013, and v) Ocwen transferred servicing back to Quicken Loans effective 08/01/2013 and Ocwen provided proper notification by mail to the Claimant on 07/15/2013. Debtors have no liability for Standing Issues claims because at all times the note was properly endorsed and all assignments properly recorded giving Debtor standing to service the loan on behalf of the respective investor(s).<br><br>Debtor verified that i) no unwarranted fees were assessed to Claimant's account, ii) credit was reported appropriately, and iii) payments were applied in accordance with the terms of the note. Debtor's research shows Claimant filed a Qualified Written Request ("QWR") on August 26, 2013 in which Claimant disputed credit reporting and the Claimant's debt. Ocwen responded to Claimant on September 17, 2013 and provided a copy of the signed note and payment history to address the requests and challenges presented in Claimant's QWR. | 8-9, 11-12 |