**Hearing Date and Time:  July 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  July 3, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
------------------------------------------------------------

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SIXTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (DIRECTOR, OFFICER AND**
<u>**EMPLOYEE INDEMNIFICATION CLAIMS**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*

*Liquidating Trust's Sixty-Eighth Omnibus Objection to Claims (Debtor, Officer and*

*Employee Indemnification Claims)* (the "<u>Objection</u>"), which seeks to alter your rights by

disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **July 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable

Martin Glenn, at the United States Bankruptcy Court for the Southern District of New

York, Alexander Hamilton Custom House, One Bowling Green, New York, New York
10004-1408, Room 501.

     **PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection
must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the
Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case
Management, and Administrative Procedures approved by the Bankruptcy Court [Docket
No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic
case filing system, and be served, so as to be received no later than **July 3, 2014 at 4:00
p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn,
United States Bankruptcy Court for the Southern District of New York, Alexander
Hamilton Custom House, One Bowling Green, New York, New York 10004-1408;
(b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West
55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum,
Jordan A. Wishnew and Erica J. Richards); (c) co-counsel to the ResCap Liquidating
Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York,
NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer);
(d) the Office of the United States Trustee for the Southern District of New York, U.S.
Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention:
Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest
Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573
(Attention: Jeffrey Brodsky).

     **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a
written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  June 11, 2014
      New York, New York        /s/ Norman S. Rosenbaum_____
                                       Gary S. Lee
                                       Norman S. Rosenbaum
                                       Jordan A. Wishnew
                                       Erica J. Richards
                                       **MORRISON & FOERSTER LLP**
                                       250 West 55th Street
                                       New York, New York 10019
                                       Telephone:  (212) 468-8000
                                       Facsimile:  (212) 468-7900

                                       *Counsel to The ResCap Liquidating Trust*

**MORRISON & FOERSTER LLP**
250 West 55th St.
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒ ) | | |
| In re: ) | | Case No. 12-12020 (MG) |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | | Chapter 11 |
| ) | | |
| Debtors. ) | | Jointly Administered |
| -------------------------------------------------------------------- ) | | |

**RESCAP LIQUIDATING TRUST'S SIXTY-EIGHTH OMNIBUS OBJECTION TO
CLAIMS (DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established

pursuant to terms of the Plan (defined below) in the above-captioned chapter 11 cases

(the "Chapter 11 Cases"), as successor in interest to the Debtors (defined below),

respectfully represents:

### **RELIEF REQUESTED**

1.    The Liquidating Trust files this sixty-eighth omnibus claims

objection (the "Sixty-Eighth Omnibus Claims Objection") pursuant to section 502(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Article VIII.B of the Plan

(defined herein), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the

"Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form

substantially similar to that attached hereto as Exhibit 2, disallowing and expunging each

of the claims listed on Exhibit A to the Proposed Order.[1]  In support of this Sixty-Eighth

Omnibus Claims Objection, the Liquidating Trust submits the *Declaration of Deanna*

*Horst in Support of ResCap Liquidating Trust's Sixty-Eighth Omnibus Objection to*

*Claims (Director, Officer and Employee Indemnification Claims)* (the "Horst

Declaration"), attached hereto as Exhibit 1.

2.    The proofs of claim identified on Exhibit A to the Proposed Order

under the heading "*Claims to be Disallowed and Expunged*" (collectively, the

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the Claims Register
(defined herein) maintained by KCC.

"Indemnification Claims") are asserted by current or former directors, officers, or employees of the Debtors (the "Indemnification Claimants") on account of certain contingent, unliquidated claims for indemnification, contribution, and/or reimbursement.[2] As a result of the Third Party Release, Exculpation, and Plan Injunction provisions (each defined below) provided for in the Plan, any claims that could be or have been asserted against the Indemnification Claimants have been released and enjoined. As discussed in greater detail herein, in exchange for the Indemnification Claimants receiving the benefit of the aforementioned release and exculpation provisions, the Indemnification Claimants made substantial contributions to the Plan, which included foregoing their own claims for indemnity and contribution from the estates—*i.e.*, the Indemnification Claims. See Confirmation Order (as defined below) at ¶ QQ. Accordingly, the Liquidating Trust seeks to disallow and expunge the Indemnification Claims in their entirety from the Claims Register (defined below) maintained for the Debtors in the Chapter 11 Cases.

3.      The Liquidating Trust reserves all rights to object on any other basis to any Indemnification Claim as to which the Court does not grant the relief requested herein, including but not limited to (i) seeking disallowance and/or subordination pursuant to Bankruptcy Code sections 502(e)(1)(B) and 510(b); (ii) seeking disallowance on the grounds that any liability for such claims is not reflected in the Debtors' books and records; or (iii) seeking disallowance on the grounds that the Indemnification Claims are not supported by sufficient documentation. In addition, to the

---

[2]     As used herein, references to (i) "current" directors, officers or employees, refers to individuals who served in these capacities with the Debtors either prior to or subsequent to the Petition Date, and who continued to serve in such capacities through the Plan Effective Date and (ii) to "former" directors, officers or employees, refers to individuals who served in these capacities with the Debtors either prior to or subsequent to the Petition Date but whose role with the Debtors ceased prior to the Plan Effective Date.

extent any Indemnification Claimant contests the disallowance and expungement of the Indemnification Claims, the Liquidating Trust also reserves the right to seek to estimate the Indemnification Claims pursuant to Bankruptcy Code section 502(c).

## JURISDICTION

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5.    On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.    On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

7.    On June 20, 2012, the Court directed that an examiner (the "Examiner") be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].

8.    On August 29, 2012, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"), which established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by

3

virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

9.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order [Docket No. 3294].

10.     On May 13, 2013, the Examiner filed his report under seal [Docket No. 3698] and on June 26, 2013, the Examiner's report was unsealed and made available to the public [Docket No. 4099].

11.     On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"),[3] filed in these Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the Effective Date of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

---

[3]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Plan.

12.    The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22.    Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets.    See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

## BASIS FOR RELIEF

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."   11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

### A.    The Indemnification Claims

15.    Based upon its review of the claims filed on the Claims Register, the Liquidating Trust determined that each Indemnification Claim identified on Exhibit A

annexed to the Proposed Order asserts claims for indemnification, contribution, and/or reimbursement in connection with the applicable Indemnification Claimant's role as an officer, director and/or employee of the Debtors.  See Horst Declaration ¶¶ 3, 4.

16.    The Indemnification Claims fall into four general categories:

(a)    Claims asserted by current or former employees for indemnification in connection with pending foreclosure-related litigation brought against such employees in their capacity as such for conduct allegedly committed while claimant was employed by a Debtor;

(b)    Claims asserted by current or former officers, directors or employees for indemnification in connection with lawsuits previously filed against the Debtors by institutional investors in residential mortgage-backed securities and/or investigations and enforcement actions brought by governmental regulatory entities;

(c)    Claims asserted by current or former officers or directors for indemnification in connection with potential litigation that might be brought against such officers or directors for conduct allegedly committed by the claimant in their capacity as an officer or director of the Debtors; and

(d)    Claims asserted by current or former directors (including each of the Debtors' independent directors) for indemnification in connection with their service or relationship to the Debtors, including indemnification and reimbursement rights in connection with such directors' participation in the Examiner's investigation.

See Horst Declaration ¶ 5.

6

17.    The Indemnification Claims assert that the Indemnification Claimants are entitled to indemnification under the Debtors' general policies and bylaws, the Debtors' Limited Liability Company Agreement (as amended from time to time), resolutions adopted by the ResCap board of directors dated August 29, 2012, contracts between the Debtors and the Indemnification Claimants, and/or applicable liability insurance policies.  See Horst Declaration ¶ 6.

18.    Since the Indemnification Claims were first filed, none of the Indemnification Claimants have attempted to amend or supplement their respective proofs of claim, or otherwise indicated that such claims have become liquidated or are no longer contingent.  See Horst Declaration ¶ 7.

**B.    The Plan's Broad Third Party Release, Exculpation and Injunction**

19.    The Plan contains a broad third-party release (the "Third Party Release"), the inclusion of which was a lynchpin of the Global Settlement that formed the basis of the Plan.  The Third Party Release provides as follows:

> On and as of the Effective Date of the Plan, except as provided by Article IX.E, **the holders of Claims and Equity Interests shall be deemed to provide a full and complete discharge and release to the Ally Released Parties and their respective property from any and all Causes of Action whatsoever**, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for **tort**, **fraud, contract, violations of federal or state securities laws, veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to the Debtors**, including those in any way related to RMBS issued and/or sold by the Debtors or their affiliates and/or the Chapter 11 Cases or the Plan, the Consent Order, and the Order of Assessment.
>
> Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Third Party Release, and further, shall constitute the Bankruptcy Court's finding that this Third

7

Party Release is: (1) in exchange for the good, valuable and substantial consideration provided by the Ally Released Parties; (2) in the best interests of the Debtors, the Estates, the Liquidating Trust and all holders of Claims and Equity Interests; (3) fair, equitable and reasonable; (4) given and made after due notice and opportunity for a hearing; (5) justified by truly unusual circumstances; (6) an essential component and critical to the success of the Plan; (7) resulted in distributions to the Creditors that would otherwise have been unavailable; (8) the result of an identity of interest between the Debtors and the Ally Released Parties regarding the Plan; and (9) a bar to any party asserting a claim or cause of action released pursuant to this Third Party Release against any of the Ally Released Parties.

Plan Art. IX.D (emphasis added).  "Ally Released Parties" – i.e., the beneficiaries of the Third Party Release – is defined to include the Debtors' "Representatives."  See Plan, Art. I.A.21.  Moreover, the term "Representatives," is defined to include an "entity's . . . former and current officers, . . . directors, . . . employees . . . , each solely in its capacity as such."  See Plan, Art. I.A.245.  Accordingly, the Third Party Release extends to, among other things, tort, fraud, contract, and securities claims against each of the Indemnification Claimants in his or her capacity as an officer, director, or employee of the Debtors, as applicable.

20.    Article IX.E of the Plan contains limited exceptions to the Third Party Release.  That Article provides, among other things, that the Third Party Release shall not apply to any claims held by the United States and the DOJ/AG Settling States with regard to any monetary obligation the Ally Released Parties may have arising under the Consent Judgment filed by the United States District Court for the District of Columbia (Case 1:12-cv-00361-RMC) on April 4, 2012 (the "DOJ/AG Settlement") or causes of action preserved under paragraph 11 of Exhibit F and part IV of Exhibit G to the DOJ/AG Settlement.

8

21.     Article IX.H of the Plan also provides for the exculpation (the "Exculpation") of the Debtors' Representatives for acts and omissions taken in connection with the prosecution of the Plan, excluding conduct constituting gross negligence or willful misconduct.  See Plan, Arts. I.A.102; IX.H.   The Exculpation provides as follows:

> The Exculpated Parties shall neither have, nor incur, any liability to any entity for any pre-petition or post-petition act or omission taken in connection with, or related to, formulating, negotiating, preparing, disseminating, soliciting, implementing, administering, confirming, or effecting the consummation of any prepetition plan support agreements, the Plan Support Agreement, the Plan, the Disclosure Statement, the FGIC Settlement Agreement, the Kessler Settlement Agreement, the RMBS Settlement, the settlement of the Junior Secured Notes Claims as provided in this Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, provided, however, that the foregoing provisions of this Exculpation shall have no effect on the liability of any entity that results from any such act that is determined in a final, nonappealable order to have constituted gross negligence or willful misconduct. . . .

Plan Art. IX.H.

22.     To enforce the Third Party Release and Exculpation, the Plan contains an injunction (the "Plan Injunction") providing that:

> Except as otherwise provided in the Confirmation Order or herein and in accordance with Article IX.E hereof, all Entities . . . who have held, hold or may hold Claims, Equity Interests, Causes of Action or liabilities that constitute Released Claims, are permanently enjoined and precluded, from and after the effective date of the Plan, from: (a) commencing or continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims . . . .

ny-1135784

Plan Art. IX.I; see also Confirmation Order ¶ 40.  The term "Released Claims" is in turn

defined to include "liabilities that . . . (ii) have been released pursuant to the Plan; or

(iii) are subject to exculpation pursuant to the Plan."  See Plan Art. I.A.242.

**C.     The Indemnification Claimants Released the Indemnification Claims Under
         the Plan and Confirmation Order**

23.     As described above, all of the potential or pending litigation

described in the Indemnification Claims is forever released and enjoined pursuant to the

Third Party Release, Exculpation, and Injunction, subject to certain limited exceptions.

In exchange for those releases, the Indemnification Claimants released their

Indemnification Claims against the Debtors.  See Confirmation Order at ¶ QQ (emphasis

added):

> The individual officers and directors of Ally and its subsidiaries
> (including the Debtors' directors, officers, and employees) covered
> by the Third Party Release have also made a substantial
> contribution to the Plan by giving up their rights to shared
> insurance that they would otherwise have access to defend
> themselves against such potential claims. . .  **These parties will
> also forego their own claims for indemnity and contribution
> from the estates.**  By giving up their insurance and contractual
> indemnity claims, the Debtors' officers and directors have
> provided substantial consideration to the Debtors' Estates.

See also Confirmation Order at ¶ SS:

> There is an identity of interest between the Debtors and the
> beneficiaries of the Third Party Releases.  The Ally Released
> Parties have the right to seek indemnity, contribution or other
> reimbursement from the Debtors with respect to the Debtors'
> activities.  **The Third Party Releases appropriately relieve the
> Debtors from these potential expenses.**

24.     Moreover, to the extent the Indemnified Claimants incur liability

under any of the limited exceptions to the Third Party Release set forth in Article IX.E of

the Plan, the Plan explicitly provides that the Indemnified Claimants retain the right to

seek indemnification from Ally.  See Plan, Arts. IX.M. ("For the avoidance of doubt, the

releases set forth in this Article IX shall not extend to:  . . . (iii) any indemnity rights held

by the Debtors' Representatives against Ally arising from Claims not released by this

Article IX.").

          25.      Accordingly, the occurrence of the Effective Date of the Plan

released the Indemnification Claims and eliminated any liabilities that the

Indemnification Claimants might otherwise incur for which the Debtors could be

obligated to provide indemnity to them.  Because the Indemnification Claims listed on

Exhibit A to the Proposed Order have been released pursuant to the Plan and

Confirmation Order, each of the Indemnification Claims should be disallowed and

expunged in its entirety.  Moreover, expunging the Indemnification Claims from the

Claims Register will not unduly prejudice the Indemnification Claimants because Ally,

pursuant to the terms of the Plan, remains obligated to the Indemnification Claimants for

the narrowly-defined exceptions to the Third Party Releases.

## NOTICE

          26.      The  Liquidating  Trust  has  served  notice  of  this  Sixty-Eighth

Omnibus  Claims  Objection  in  accordance  with  the  Case  Management  Procedures

[Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other

or further notice need be provided.

## CONCLUSION

          WHEREFORE, the Liquidating Trust respectfully requests that the Court

enter  an  order  substantially  in  the  form  of  the  Proposed  Order  granting  the  relief

requested herein and granting such other relief as is just and proper.

ny-1135784

Dated:  June 11, 2014
        New York, New York

                                   /s/ Norman S. Rosenbaum
                                  Gary S. Lee
                                  Norman S. Rosenbaum
                                  Jordan A. Wishnew
                                  Erica J. Richards
                                  **MORRISON & FOERSTER LLP**
                                  250 West 55th St.
                                  New York, New York 10019
                                  Telephone:  (212) 468-8000
                                  Facsimile:  (212) 468-7900

                                  *Counsel to The ResCap Liquidating
                                  Trust*

## **Exhibit 1**

**Horst Declaration**

ny-1135784

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                              )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,      )        Chapter 11
)
                                        Debtors.  )        Jointly Administered
)
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF RESCAP LIQUIDATING**
**TRUST'S SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**(DIRECTOR, OFFICER, AND EMPLOYEE INDEMNIFICATION CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC

and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "Debtors").[1]   I have been employed by affiliates of ResCap since August of

2001.   In June 2012, I became Senior Director of Claims Management for ResCap and in

October of 2013, I became the Chief Claims Officer of ResCap.   I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.   In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.   In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

the *ResCap Liquidating Trust's Sixty-Eighth Omnibus Objection to Claims (Director, Officer,*

*and Employee Indemnification Claims)* (the "Objection").[2]

2.        Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other former members of the Debtors' management or other former employees of the

Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman

Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon

to testify, I could and would testify competently to the facts set forth in the Objection on that

basis.

3.        In my capacity as Chief Claims Officer, I am intimately familiar with the

claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

that were prepared and kept in the course of their regularly conducted business activities (the

"Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial

affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  Since the Plan

became effective and the Liquidating Trust was established, I, along with other members of the

---

[2]       Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Motion.

ny-1136172

Liquidating Trust's management or other employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the Indemnification Claims at issue, it was determined that each claim listed on Exhibit A annexed to the Proposed Order is asserted by former directors, officers, or employees of the Debtors (including individuals who served in these capacities prior to the pendency of the Chapter 11 Cases and individuals who served in these capacities prior to and during the continuation of the Chapter 11 Cases) (the "Indemnification Claimants") and asserts claims for indemnification, contribution, and/or reimbursement in connection with the applicable Indemnification Claimant's role as an officer, director and/or employee of the Debtors.[3]  It was further determined that each of the Indemnification Claims is contingent and unliquidated.

5.    The Indemnification Claims fall into four general categories:

---

[3]    As used herein, references to (i) "current" directors, officers or employees, refers to individuals who served in these capacities with the Debtors either prior to or subsequent to the Petition Date, and who continued to serve in such capacities through the Effective Date and (ii) to "former" directors, officers or employees, refers to individuals who served in these capacities with the Debtors either prior to or subsequent to the Petition Date but whose role with the Debtors ceased prior to the Effective Date.

(a)     Claims asserted by current or former employees for indemnification in connection with pending foreclosure-related litigation brought against such employees in their capacity as such for conduct allegedly committed while claimant was employed by a Debtor;

(b)     Claims asserted by current or former officers, directors or employees for indemnification in connection with lawsuits previously filed against the Debtors by institutional investors in residential mortgage-backed securities and/or investigations and enforcement actions brought by governmental regulatory entities;

(c)     Claims asserted by current or former officers or directors for indemnification in connection with potential litigation that might be brought against such officers or directors for conduct allegedly committed by the claimants in their capacity as an officer or director of the Debtors; and

(d)     Claims asserted by current or former directors (including each of the Debtors' independent directors) for indemnification in connection with their service or relationship to the Debtors, including indemnification and reimbursement rights in connection with such directors' participation in the Examiner's investigation.

6.      The Indemnification Claims generally assert that the Indemnification Claimants are entitled to indemnification under the Debtors' general policies and bylaws, the Debtors' Limited Liability Company Agreement (as amended from time to time), resolutions adopted by the ResCap board of directors dated August 29, 2012, contracts between the Debtors and the Indemnification Claimants, and/or applicable liability insurance policies.

7.      Based on my review of the Indemnification Claims and the Claims Register, since the Indemnification Claims were first filed, none of the Indemnification Claimants have attempted to amend or supplement their respective proofs of claim, or otherwise indicated that such claims have become liquidated or are no longer contingent.

8.      Based on my discussions with counsel, I understand that the Plan and Confirmation Order released claims of directors, officers and employees for indemnification, contribution, and/or reimbursement, which include the claims asserted in the Indemnification Claims.  Accordingly, based upon the Liquidating Trust's review of the Indemnification Claims

4

described above, and for the reasons set forth in the Objection, I have determined that each

Indemnification Claim that is the subject of the Objection should be accorded the proposed

treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.


Dated:  June 11, 2014


/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust

5

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | |
|---|---|
| | ) |
| In re: | ) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) |
| | ) |
| Debtors. | ) |
| | ) |

---------------------------------------------------------------

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**ORDER GRANTING RESCAP LIQUIDATING TRUST'S**
**SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**(DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS)**

Upon the sixty-eighth omnibus objection to claims, dated June 11, 2014 [Docket

No. ____] (the "<u>Sixty-Eighth Omnibus Claims Objection</u>")[1] of the ResCap Liquidating Trust (the

"<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order,

pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the

"<u>Procedures Order</u>"), disallowing and expunging the Indemnification Claims, all as more fully

described in the Sixty-Eighth Omnibus Claims Objection; and it appearing that this Court has

jurisdiction to consider the Sixty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§

157 and 1334; and consideration of the Sixty-Eighth Omnibus Claims Objection and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Sixty-Eighth Omnibus Claims Objection having been provided, and it appearing that no other

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Sixty-Eighth Omnibus Claims Objection.

or further notice need be provided; upon consideration of the Sixty-Eighth Omnibus Claims Objection and the declaration of Deanna Horst annexed to the Sixty-Eighth Omnibus Claims Objection as <u>Exhibit 1-A</u>; and the Court having found and determined that the relief sought in the Sixty-Eighth Omnibus Claims Objection is in the best interests of the Debtors' estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Sixty-Eighth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Sixty-Eighth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that each of the Indemnification Claims identified on the attached <u>Exhibit A</u> is hereby disallowed and expunged in its entirety for the reasons set forth in the Sixty-Eighth Omnibus Claims Objection; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized to cause the Claims Register to be amended to reflect the terms of this Order; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Sixty-Eighth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto, including, without limitation, the ability of the Liquidating Trustee to seek, with respect to any Indemnification Claim as to which the Court does not grant the relief requested in the Sixty-Eighth Omnibus Claims Objection, (i) disallowance and/or subordination pursuant to Bankruptcy Code sections 502(e)(1)(B) and 510(b); (ii) disallowance on the grounds that any liability for such claims is not reflected in the Debtors' books and records; or (iii) disallowance on the grounds that the Indemnification Claims are not supported by sufficient documentation; and it is further

ORDERED that this Order shall be a final order with respect to each of the Indemnification Claims identified on Exhibit A, annexed hereto, as if each such Indemnification Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1136185

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 1 | Adam Leppo<br>571 Brossard Drive<br>Thousand Oaks, CA 91360 | 4566 | 11/13/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC<br>Mortgage, LLC | 12-12032 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 2 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2261 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential<br>Capital, LLC | 12-12020 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 3 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2264 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC-RFC<br>Holding<br>Company, LLC | 12-12029 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 4 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2266 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential<br>Accredit<br>Loans, Inc. | 12-12052 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 5 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2270 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential<br>Asset<br>Mortgage<br>Products, Inc. | 12-12053 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 6 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2272 | 11/05/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 7 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2273 | 11/05/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 8 | BRUCE PARADIS<br>12530 BEACH CIR<br>EDEN PRAIRIE, MN 55344 | 2275 | 11/05/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 9 | Carol Bonello<br>c/o GMAC Mortgage<br>1100 Virginia Drive<br>MC 190-FTW-L95<br>Forth Washington, PA 19034 | 4839 | 11/15/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 10 | Cassandra Inouye<br>2255 N. Ontario Street<br>Suite 400<br>Burbank, CA 91504 | 3674 | 11/08/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 11 | Charles R. Hoecker 5502 Meadowlark Lane Cedar Falls, IA 50613 | 4137 | 11/09/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 12 | Davee L. Olson 16825 - 41st Avenue No. Plymouth, MN 55446 | 2276 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 13 | Davee L. Olson 16825 - 41st Avenue No. Plymouth, MN 55446 | 2277 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 14 | Davee L. Olson 16825 - 41st Avenue No. Plymouth, MN 55446 | 2278 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 15 | Davee L. Olson 16825 - 41st Avenue No. Plymouth, MN 55446 | 2279 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Davee L. Olson<br>16825 - 41st Avenue No.<br>Plymouth, MN 55446 | 2280 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 17 | Davee L. Olson<br>16825 - 41st Avenue No.<br>Plymouth, MN 55446 | 2281 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Asset Securities Corporation | 12-12054 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 18 | Davee L. Olson<br>16825 - 41st Avenue No.<br>Plymouth, MN 55446 | 2282 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Asset Mortgage Products, Inc. | 12-12053 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 19 | Davee L. Olson<br>16825 - 41st Avenue No.<br>Plymouth, MN 55446 | 2283 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Homecomings Financial, LLC | 12-12042 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 20 | David C. Walker<br>1079 Hillcrest Street<br>Brighton, MI 48116 | 2284 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Asset Mortgage Products, Inc. | 12-12053 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | | | Claims to be Disallowed and Expunged | | | | |
| 21 | David C. Walker 1079 Hillcrest Street Brighton, MI 48116 | 2285 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 22 | David C. Walker 1079 Hillcrest Street Brighton, MI 48116 | 2286 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Funding Company, LLC | 12-12019 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 23 | David C. Walker 1079 Hillcrest Street Brighton, MI 48116 | 2287 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Homecomings Financial, LLC | 12-12042 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 24 | David C. Walker 1079 Hillcrest Street Brighton, MI 48116 | 2288 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Capital, LLC | 12-12020 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 25 | David C. Walker 1079 Hillcrest Street Brighton, MI 48116 | 2289 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | GMAC-RFC Holding Company, LLC | 12-12029 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 26 | David C. Walker<br>1079 Hillcrest Street<br>Brighton, MI 48116 | 2290 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC<br>Mortgage, LLC | 12-12032 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 27 | David M. Bricker<br>1236 Goodman Drive<br>Ft. Washington, PA 19034 | 2380 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential<br>Accredit<br>Loans, Inc. | 12-12052 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 28 | David M. Bricker<br>1236 Goodman Drive<br>Ft. Washington, PA 19034 | 2381 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential<br>Funding<br>Company, LLC | 12-12019 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 29 | David M. Bricker<br>1236 Goodman Drive<br>Ft. Washington, PA 19034 | 2382 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential<br>Capital, LLC | 12-12020 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 30 | David M. Bricker<br>1236 Goodman Drive<br>Ft. Washington, PA 19034 | 2383 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC-RFC<br>Holding<br>Company, LLC | 12-12029 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 31 | David M. Bricker<br>1236 Goodman Drive<br>Ft. Washington, PA 19034 | 2384 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC Mortgage, LLC | 12-12032 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 32 | DIANE WOLD<br>5935 SWEETWATER CIR<br>EXCELSIOR, MN 55331-8116 | 2347 | 11/06/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Asset Mortgage Products, Inc. | 12-12053 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 33 | DIANE WOLD<br>5935 SWEETWATER CIR<br>EXCELSIOR, MN 55331-8116 | 2348 | 11/06/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 34 | DIANE WOLD<br>5935 SWEETWATER CIR<br>EXCELSIOR, MN 55331-8116 | 2349 | 11/06/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Asset Securities Corporation | 12-12054 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 35 | DIANE WOLD<br>5935 SWEETWATER CIR<br>EXCELSIOR, MN 55331-8116 | 2350 | 11/06/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Accredit Loans, Inc. | 12-12052 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | | | | | | |
|---|---|---|---|---|---|---|
| **Claims to be Disallowed and Expunged** | | | | | | |
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 36 | DIANE WOLD 5935 SWEETWATER CIR EXCELSIOR, MN 55331-8116 | 2351 | 11/06/2012 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 37 | DIANE WOLD 5935 SWEETWATER CIR EXCELSIOR, MN 55331-8116 | 2352 | 11/06/2012 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 38 | DIANE WOLD 5935 SWEETWATER CIR EXCELSIOR, MN 55331-8116 | 2353 | 11/06/2012 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 39 | DIANE WOLD 5935 SWEETWATER CIR EXCELSIOR, MN 55331-8116 | 2354 | 11/06/2012 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 40 | DIANE WOLD 5935 SWEETWATER CIR EXCELSIOR, MN 55331-8116 | 2355 | 11/06/2012 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 41 | Edward F. Smith III<br>23 Davenport Avenue<br>Greenwich, CT 06830 | 5003 | 11/15/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Capital, LLC | 12-12020 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 42 | Erika Puentes<br>26238 W. Reade Place<br>Stevenson Ranch, CA 91381 | 4971 | 11/16/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC Mortgage, LLC | 12-12032 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 43 | Erika Puentes<br>26238 Reade Place<br>Stevenson Ranch, CA 91381 | 5297 | 11/16/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Executive Trustee Services, LLC | 12-12028 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 44 | Ileanna Petersen<br>27409 Arriola Ave<br>Saugus, CA 91350 | 4093 | 11/09/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Funding Company, LLC | 12-12019 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 45 | Ileanna Petersen<br>27409 Arriola Ave<br>Santa Clarita, CA 91350 | 4096 | 11/09/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Executive Trustee Services, LLC | 12-12028 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 46 | Ileanna Petersen<br>27409 Arrioua Ave<br>Saugus, CA 91350 | 4098 | 11/09/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | GMAC Mortgage, LLC | 12-12032 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 47 | Jack R. Katzmark<br>2461 Bridgeview Court<br>Mendota Heights, MN 55120 | 2225 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Capital, LLC | 12-12020 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 48 | Jack R. Katzmark<br>2461 Bridgeview Court<br>Mendota Heights, MN 55120 | 2228 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 49 | Jack R. Katzmark<br>2461 Bridgeview Court<br>Mendota Heights, MN 55120 | 2233 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Funding Company, LLC | 12-12019 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 50 | James G. Jones<br>3084 Sandstone Road<br>Alamo, CA 94507 | 2220 | 11/05/2012 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Funding Company, LLC | 12-12019 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 51 | James G. Jones 3084 Sandstone Road Alamo, CA 94507 | 2222 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 52 | James G. Jones 3084 Sandstone Road Alamo, CA 94507 | 2229 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 53 | James N. Young 5908 Code Avenue Edina, MN 55436 | 2390 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 54 | James N. Young 5908 Code Avenue Edina, MN 55436 | 2391 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 55 | James N. Young 5908 Code Avenue Edina, MN 55436 | 2392 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 56 | James N. Young<br>5908 Code Avenue<br>Edina, MN 55436 | 2393 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 57 | James N. Young<br>5908 Code Avenue<br>Edina, MN 55436 | 2394 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 58 | Jeffrey Stephan<br>c/o Gregory G. Schwab, Esq.<br>Saul Ewing LLP<br>Centre Square West<br>1500 Market St., 38th Floor<br>Philadelphia, PA 19102 | 5686 | 11/16/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 59 | Joe Pensabene<br>1226 Forest Hill Drive<br>Gwynedd, PA 19002 | 4886 | 11/15/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 60 | John E. Mack<br>33 Iron Mast Road<br>PO Box 1575<br>Breckenridge, CO 80424 | 4819 | 11/14/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

**Claims to be Disallowed and Expunged**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 61 | JONATHAN ILANY<br>PO BOX 180<br>WINCHESTER CENTER, CT 06094 | 5994 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 62 | Joshua Weintraub<br>Cerberus Capital Management, L.P.<br>875 Third Avenue<br>12th Floor<br>New York, NY 10022 | 4467 | 11/12/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 63 | JULIE STEINHAGEN<br>9580 LAKETOWN ROAD<br>CHASKA, MN 55318 | 2230 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 64 | JULIE STEINHAGEN<br>9580 LAKETOWN ROAD<br>CHASKA, MN 55318 | 2232 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 65 | JULIE STEINHAGEN<br>9580 LAKETOWN ROAD<br>CHASKA, MN 55318 | 2235 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 66 | Karin Hirtler-Garvey<br>751 E. Saddle River Road<br>Ho-Ho-Kus, NJ 07423 | 5993 | 11/13/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 67 | Kathleen Gowen<br>7638 Nita Ave<br>Canoga Park, CA 91304 | 3650 | 11/08/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 68 | Kathleen Gowen<br>7638 Nita Ave<br>Canoga Park , CA 91304 | 3676 | 11/08/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Executive Trustee Services, LLC | 12-12028 |
| 69 | Kathleen Gowen<br>7638 Nita Ave<br>Canoga Park , CA 91304 | 3706 | 11/08/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 70 | KENNETH M DUNCAN<br>300 WALL STREET, #501<br>ST. PAUL, MN 55101 | 2194 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| | Name of Claimant | | | | | | |
| 71 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2195 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Funding Company, LLC | 12-12019 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 72 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2196 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Accredit Loans, Inc. | 12-12052 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 73 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2197 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Asset Mortgage Products, Inc. | 12-12053 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 74 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2215 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | Residential Asset Securities Corporation | 12-12054 |
| | | | | UNLIQUIDATED | General Unsecured | | |
| 75 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2217 | 11/05/2012 | | Administrative Priority Administrative Secured Secured Priority | GMAC-RFC Holding Company, LLC | 12-12029 |
| | | | | UNLIQUIDATED | General Unsecured | | |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 76 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2219 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 77 | KENNETH M DUNCAN 300 WALL STREET, #501 ST. PAUL, MN 55101 | 2221 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 78 | Kenneth Ugwuadu Attn Thomas J. Cunningham Locke Lord LLP 111 S. Wacker Drive Chicago, IL 60606 | 4888 | 11/15/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 79 | Kristine Wilson Louise K. Y. Ing, Esq. Alston Hunt Floyd & Ing 1001 Bishop Street Honolulu, HI 96813 | 5290 | 11/16/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 80 | Lisa R. Lundsten 594 Brimhall Street St. Paul, MN 55116 | 2673 | 11/05/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 81 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2674 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 82 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2675 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 83 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2677 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 84 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2679 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 85 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2680 | 11/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 86 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2681 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 87 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2682 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 88 | Lisa R. Lundsten<br>594 Brimhall Street<br>St. Paul, MN 55116 | 2683 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 89 | Manish Verma<br>Attn Thomas J. Cunningham<br>Locke Lord LLP<br>111 S. Wacker Drive<br>Chicago, IL 60606 | 3642 | 11/08/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 90 | MARIA DE BELEN<br>19918 S JERSEY AVE<br>LAKEWOOD, CA 90715 | 4926 | 11/15/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 91 | Michael Rossi 1272 Cantera Court Pebble Beach, CA 93953 | 4464 | 11/12/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 92 | Noel McNally 2255 N. Ontario St. Suite 400 Burbank, CA 91504 | 3675 | 11/08/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 93 | Omar Solorzano 931 East 97th Street Los Angeles, CA 90002 | 4434 | 11/12/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 94 | PAMELA WEST PAMELA E. WEST 2710 BRIARCLIFF PLACE CHARLOTTE, NC 28207 | 5259 | 11/15/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 95 | Patricia Kelleher P.O. Box 29 Denver, IA 50622 | 3623 | 11/08/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 96 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 2189 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 97 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 2191 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 98 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 3644 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 99 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 3646 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 100 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 3647 | 11/05/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 101 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 3649 | 11/05/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 102 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 3651 | 11/05/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 103 | Ralph T. Flees<br>9331 Woodridge Circle<br>Savage, MN 55378 | 3652 | 11/05/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 104 | Robbie Robertson<br>19664 E. Conway Hill Lane<br>Mount Vernon, WA 98274 | 4438 | 11/12/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 105 | Ronald Kravit<br>Cerberus Real Estate Capital Management, LLC<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 | 4452 | 11/12/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 106 | Ronald Kravit<br>Cerberus Real Estate Capital Management, LLC<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 | 4454 | 11/12/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 107 | Sharon Robinson<br>3451 Hammond Ave<br>Waterloo, IA 50704 | 5537 | 11/16/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 108 | Shirley J. Eads<br>c/o Judson A. Aaron, Esquire<br>Conrad OBrien PC<br>1500 Market Street, Centre Square,<br>West Tower, 39th Floor, Suite 3900<br>Philadelphia, PA 19102 | 4867 | 11/15/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 109 | Sunil Jayasinha<br>8324 Claire Avenue<br>Northridge, CA 91324 | 4437 | 11/12/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 110 | Thomas C. Melzer<br>c/o Lloyd A. Palans, Esq.<br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | 6401 | 12/27/2012 | <br><br>UNLIQUIDATED<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS - DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 111 | Thomas Jacob<br>c/o Lloyd A. Palans, Esq.<br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | 6400 | 12/27/2012 | <br><br>UNLIQUIDATED<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 112 | Trey Jordan<br>c/o W.J. Bradley Mortgage Capital LLC<br>6465 South Greenwood Plaza Blvd., Suite 500<br>Centennial, CO 80111 | 4824 | 11/15/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 113 | Yolanda Garrett Richards<br>c/o Judson A. Aaron, Esquire<br>Conrad OBrien PC<br>1500 Market Street, Centre Square,<br>West Tower, 39th Floor, Suite 3900<br>Philadelphia, PA 19102 | 4869 | 11/15/2012 | <br><br><br><br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |