# <u>Exhibit 1</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                              )
In re:                                        )        Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,       )        Chapter 11
                                              )
                          Debtors.            )        Jointly Administered
                                              )
---------------------------------------------------------------

### ORDER GRANTING OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO CLAIM NUMBER 392 FILED BY KEVIN J. MATTHEWS

Upon the objection (the "<u>Objection</u>")[1] of the ResCap Borrower Claims Trust (the

"<u>Borrower Trust</u>"), as successor to Residential Capital, LLC, and its affiliated debtors and

debtors in possession (collectively, the "<u>Debtors</u>") with respect to Borrower Claims, to the Claim

and request for entry of an order (the "<u>Order</u>") pursuant to section 502(b) of the Bankruptcy

Code and Bankruptcy Rule 3007 disallowing and expunging the Claim, all as more fully set forth

in the Objection; and the Court having jurisdiction to consider the Objection and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the

Objection having been provided; and upon consideration of the Objection and the Declaration of

Lauren Graham Delehey submitted in support of the Objection, annexed to the Objection as

<u>Exhibit 2</u>, respectively; and the Court having determined that the legal and factual bases set forth

in the Objection establish just cause for the relief granted herein; and it appearing that the relief

requested in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's

beneficiaries, the Debtors, and other parties in interest; and responses to the Objection, if any,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

having been resolved, withdrawn or otherwise overruled by this Order; and after due deliberation

and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The relief requested in the Objection is GRANTED as set forth herein.

2.      The Claim is hereby disallowed and expunged in its entirety with

prejudice.  Specifically, the proof of claim designated as Claim No. 392 shall no longer be

maintained on the Debtors' claims register and Kurtzman Carson Consultants LLC, the Claims

and Noticing Agent, is directed to disallow and expunge the Claim.

3.      Entry of this Order is without prejudice to the Borrower Trust's right to

object to any other claims in the Debtors' Chapter 11 Cases.

4.      The Borrower Trust and the Debtors are authorized and empowered to

take all actions as may be necessary and appropriate to implement the terms of this Order.

5.      Notice of the Objection as provided therein shall be deemed good and

sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case

Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order and

the Local Rules of this Court are satisfied by such notice.

6.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

7.      This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the interpretation or implementation of this Order.

ny-1140216

Dated:  _____, 2014
         New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1140216