**Hearing Date and Time: June 26, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: June 19, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN ORDER
AUTHORIZING RELEASE OF ADEQUATE ASSURANCE DEPOSIT**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On June 12, 2014, the ResCap Liquidating Trust filed its *Motion of the ResCap Liquidating Trust for an Order Authorizing Release of Adequate Assurance Deposit* (the "**Motion**").

2.      A hearing (the "**Hearing**") to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004, on **June 26, 2014 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **June 19, 2014 at 4:00 p.m.** (prevailing Eastern Time) upon: (a) counsel for the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal and Joseph A. Shifer); (b) counsel for the Debtors, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman Rosenbaum and Meryl L. Rothchild); (c) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014

(Attention: Linda A. Riffkin and Brian S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: U.S. Attorney General, Eric H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capital, Albany, NY 12224-0341 (Attention: Nancy Lord and Enid N. Stuart); (f) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

4.     If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.     A Copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       June 12, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: June 26, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: June 19, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION OF THE RESCAP LIQUIDATING TRUST FOR AN**
**ORDER AUTHORIZING RELEASE OF ADEQUATE ASSURANCE DEPOSIT**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor to the

debtors (the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby

files this motion (the "**Motion**") for an order substantially in the form annexed hereto as

**Exhibit 1** (the "**Proposed Order**") authorizing the release of the deposit established for

the purpose of providing the Debtors' utility providers (the "**Utility Companies**")

adequate assurance of payment for post-petition utility services (the "**Adequate**

**Assurance Deposit**"). In support of this Motion, the Liquidating Trust relies upon the

Declaration of Deanna Horst annexed hereto as **Exhibit 2** (the "**Horst Declaration**") and

respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.       By this Motion, the Liquidating Trust seeks to release approximately $566,959 currently being held in a segregated account as the Adequate Assurance Deposit pursuant to the Court's *Order Under Bankruptcy Code Sections 105(a) and 366 (I) Prohibiting Utility Providers From Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposits as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* [Docket No. 185] (the "**Utilities Order**"), which granted the Debtors' *Motion for an Order Under Bankruptcy Code Sections 105(a) and 366 (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposits as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* [Docket No. 54] (the "**Utilities Motion**").

2.       Following the sale of the Debtors' businesses and the occurrence of the effective date under the Plan, the Liquidating Trust believes that maintaining the Adequate Assurance Deposit in a segregated account is no longer necessary.  Although the Utilities Order granted the Debtors the ability to adjust the Adequate Assurance Deposit, the Liquidating Trust seeks, out of an abundance of caution, entry of the Proposed Order that provides for the full release of the Adequate Assurance Deposit.

**JURISDICTION AND VENUE**

3.       This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article XII of the Plan.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

5.      The statutory predicates for the relief requested herein are sections

105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

6.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

7.      On May 14, 2012, the Debtors filed the Utilities Motion.  On May

31, 2012 the Court entered the Utilities Order approving, *inter alia*, the Adequate

Assurance Deposit.

8.      Pursuant to the Utilities Order, approximately $566,959 is

currently held in escrow as the Adequate Assurance Deposit.  Paragraph 3 of the Utilities

Order provides that the Adequate Assurance Deposit shall be held in escrow pending

further order of the Court.

9.      On January 31, 2013, and February 15, 2013, the sales of the

Debtors' mortgage loan servicing and origination platform to Ocwen Loan Servicing,

LLC and Walter Investment Management Corp., respectively, closed (the "**Sales**").

10.      On December 11, 2013, the Court entered the *Order Confirming*

*Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and*

*the Official Committee of Unsecured Creditors* [Docket No. 6065] (the "**Confirmation**

**Order**") approving the terms of the Chapter 11 plan, as amended [Docket No. 6065-1]

(the "**Plan**"), filed in these Chapter 11 Cases.[1]

11.    On December 17, 2013, the Effective Date of the Plan occurred,

and, among other things, the Liquidating Trust was established [Docket No. 6137].

Article VI of the Plan provides for the creation of the Liquidating Trust as successor in

interest to the Debtors' estates for the purpose of, among other things, winding down the

affairs of the Debtors.[2]

## RELIEF REQUESTED

12.    Pursuant to the Utilities Order and section 366(c) of the

Bankruptcy Code, the Liquidating Trust seeks entry of the Proposed Order releasing the

Adequate Assurance Deposit.

## BASIS FOR RELIEF

13.    Section 366(c)(3)(A) provides that "[o]n request of a party in

interest and after notice and a hearing, the court may order modification of the amount of

an assurance of payment."   In construing section 366, the Second Circuit has held that,

under the appropriate circumstances, a bankruptcy court can modify the level of adequate

assurance provided to a utility to require no additional deposit or payment at all. *See*

*Virginia Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("[A]

bankruptcy court's authority to 'modify' the level of the 'deposit or other security,'

provided for under § 366(b), includes the power to require no 'deposit or other security'

where none is necessary to provide a utility supplier with 'adequate assurance of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[2] The Liquidating Trust is the proper party in interest to seek turnover and possession of the Adequate Assurance Deposit, because the Adequate Assurance Deposit is an Available Asset under the Plan and the Liquidating Trust has succeeded to the Debtors' interest in this property. *See* Plan, Art. VI, § C.

payment.'"). In determining what level of adequate protection is required, "the heart of the inquiry . . . is the examination of the totality of the circumstances to make an informed judgment as to whether or not the utilities would be subject to an unreasonable risk of payment." *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82-83 (Bankr. S.D.N.Y. 2002).

14.  At this juncture in the Chapter 11 Cases, the Adequate Assurance Deposit is no longer necessary.  The number of Utility Companies providing services to the Debtors or the Liquidating Trust has been reduced from 29 to a single Utility Company, rendering the Adequate Assurance Deposit superfluous.  As of the date hereof, there are no outstanding amounts that are owed to the Utility Companies for post-petition services, and there is only a single remaining claim related to prepetition services.[3] *See* Horst Declaration at ¶ 5.

15.  The one remaining Utility Company, AT&T, is adequately assured of payment of post-confirmation obligations by virtue of the substantial assets currently managed by the Liquidating Trust, and knowledge of the certainty of the claims against the Liquidating Trust by virtue of (i) the Plan, which included a global settlement of the largest claims against the Debtors, and (ii) the Disputed Claims Reserve, which provides for a reserve for disputed claims against the Debtors.  Accordingly, there is little risk of the Liquidating Trust being rendered insolvent and unable to pay for its utilities.

---

[3] The only remaining unresolved claim by a Utility Company is Claim No. 7327 filed by Waste Management – RMC which asserts a general unsecured claim of $1,254.36 against Debtor Residential Capital, LLC.  The Liquidating Trust believes that this claim relates to amounts for which the Debtors are not liable and intends to object to the allowance of this claim.  In addition, Claim No. 286 filed by Sprint Nextel ("**Sprint**"), which asserts a claim of $32,498.31 against Debtor Residential Capital, LLC, was resolved in connection with a cure agreement related to the transfer of Sprint's services to the purchaser of the Debtors' servicing platform.  On January 8, 2014, the Court entered the *Order Granting Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability – Assigned Contract Claims)* [Docket No. 6240], expunging Sprint's claim. Sprint has since asserted that the claim remains unresolved, a position disputed by the Liquidating Trust.

16.     Furthermore, continuance of the Adequate Assurance Deposit prejudices creditors.  Funds that are otherwise segregated in the Adequate Assurance Deposit are funds that could otherwise be distributed to creditors or used in funding the administration of the Liquidating Trust for the benefit of creditors.

17.     Accordingly, the Liquidating Trust submits that the Adequate Assurance Deposit is no longer necessary and the Adequate Assurance Deposit should be released for the benefit of the Liquidating Trust's beneficiaries.

## NOTICE

18.     The Liquidating Trust has provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2013 [Docket No. 141], including all Utility Companies.

## CONCLUSION

WHEREFORE, the Liquidating Trust requests the entry of the Proposed Order and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            June 12, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/  Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER AUTHORIZING RELEASE OF**
**ADEQUATE ASSURANCE DEPOSIT**

Upon consideration of the motion (the "**Motion**")[1] of the Liquidating Trust for

entry of an order authorizing the release of the Adequate Assurance Deposit, currently held in

escrow pursuant to the Debtors' *Motion for an Order Under Bankruptcy Code Sections 105(a)*

*and 366 (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service on*

*Account of Prepetition Invoices, (II) Approving Deposits as Adequate Assurance of Payment,*

*and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional*

*Assurance of Payment* [Docket No. 54] (the "**Utilities Motion**") and the *Order Under*

*Bankruptcy Code Sections 105(a) and 366 (I) Prohibiting Utility Providers From Altering or*

*Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposits as Adequate*

*Assurance of Payment,  and (III) Establishing Procedures for Resolving Requests by Utility*

*Companies for Additional Assurance of Payment* [Docket No. 185] (the "**Utilities Order**"); and

upon the Declaration of Deanna Horst annexed to the Motion as **Exhibit 2** (the "**Horst**

**Declaration**"); and no objections to the Motion having been filed; and due and sufficient notice

of the Motion having been given under the particular circumstances; and it appearing that no

other or further notice need be provided; and it appearing that the relief requested by the Motion

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and

after due deliberation thereon; and sufficient cause appearing thereon, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is GRANTED, as set forth herein.

2.      The Liquidating Trust is authorized to release the Adequate Assurance

Deposit held pursuant to the Utilities Order; and all such funds may be used by the Liquidating

Trust for any and all purposes in accordance with the Liquidating Trust Agreement.

3.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this

Order shall be effective and enforceable immediately upon entry hereof.

4.      This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
            _____, 2014


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 2</u>**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE MOTION OF THE
RESCAP LIQUIDATING TRUST FOR AN ORDER AUTHORIZING
<u>RELEASE OF ADEQUATE ASSURANCE DEPOSIT</u>**

I, Deanna Horst, declare as follows:

1.      I am the Chief Claims Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"). I am responsible for Claims Management and Reconciliation and Client Recovery.   I submit this declaration (the "**Declaration**") in support of the *Motion of the ResCap Liquidating Trust for an Order Authorizing Release of Adequate Assurance Deposit* (the "**Motion**").[1]

2.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' files, books and records, as well as other relevant documents; information supplied by the Debtors' and the Liquidating Trust's employees, consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' operations, financial condition and history. In making statements based on my review of the Debtors' files, books and records, relevant documents, and other

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

information prepared or collected by the Debtors' or the Liquidating Trust's employees,

consultants or counsel, I have relied upon these employees, consultants, and counsel accurately

recording, preparing, collecting, or verifying any such documentation and other information.

3.       Pursuant to the Utilities Order, approximately $566,959 is currently held

in escrow as the Adequate Assurance Deposit.

4.       On January 31, 2013, and February 15, 2013, the sales of the Debtors'

mortgage loan servicing and origination platform to Ocwen Loan Servicing, LLC and Walter

Investment Management Corp., respectively, closed (the "**Sales**").

5.       Following the closing of the Sales and consummation of the Chapter 11

Plan, the Debtors and the Liquidating Trust have drastically reduced the number of utilities from

which they receive services.  The number of Utility Companies providing services to the Debtors

or the Liquidating Trust has been reduced from 29 to a single Utility Company. As of the date

hereof, there are no outstanding amounts that are owed to the Utility Companies for post-petition

services, and there is only a single remaining claim related to prepetition services.[2]

6.       The one remaining Utility Company, AT&T, is adequately assured of

payment of post-confirmation obligations by virtue of the substantial assets currently managed

by the Liquidating Trust, and knowledge of the certainty of the claims against the Liquidating

Trust by virtue of (i) the Plan, which included a global settlement of the largest claims against

---

[2] The only remaining unresolved claim by a Utility Company is Claim No. 7327 filed by Waste Management –
RMC which asserts a general unsecured claim of $1,254.36 against Debtor Residential Capital, LLC.  The
Liquidating Trust believes that this claim relates to amounts for which the Debtors are not liable and intends to
object to the allowance of this claim.  In addition, Claim No. 286 filed by Sprint Nextel ("**Sprint**"), which asserts a
claim of $32,498.31 against Debtor Residential Capital, LLC, was resolved in connection with a cure agreement
related to the transfer of Sprint's services to the purchaser of the Debtors' servicing platform.  On January 8, 2014,
the Court entered the *Order Granting Debtors' Fifty-Fifth Omnibus Objection to Claims (No Liability – Assigned
Contract Claims)* [Docket No. 6240], expunging Sprint's claim. Sprint has since asserted that the claim remains
unresolved, a position disputed by the Liquidating Trust.

- 3 -

the Debtors, and (ii) the Disputed Claims Reserve, which provides for a reserve for disputed

claims against the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed:      June 12, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer
ResCap Liquidating Trust