Hearing Date: June 26, 2014 at 10:00 a.m. (ET)
Response Deadline: June 12, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap*
*Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP LIQUIDATING TRUST'S RESPONSE TO LETTER TO
JUDGE GLENN [DOCKET NOS. 6860 & 6863] AND SUPPLEMENT TO BE
INCORPORATED INTO BORROWER'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY [DOCKET NOS. 7034, 7054 & 7071] FILED BY JORGE CERRON**

ny-1145424

TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ..............................................................................................................................2

    I.      General Chapter 11 Case Background............................................................................2

    II.     Background Specific to the Correspondence...................................................................3

          A.     The Note and Mortgage.......................................................................................3

          B.     The Foreclosure Proceeding................................................................................3

          C.     The Appellate Court Decision.............................................................................5

          D.     Subsequent Proceedings Before the Trial Court................................................6

RESPONSE .....................................................................................................................................7

    I.      Movant's Allegations of Wrongdoing by GMAC Mortgage are Unsupported and Unfounded....................................................................................7

    II.     The Relief Requested in the Correspondence Represents an Impermissible Attempt to Pursue Claims Barred by the Plan and Confirmation Order ................8

    III.    Movant is Not Entitled to Relief From the Automatic Stay................................10

    IV.    Movant Should Not be Permitted to File a Late Proof of Claim..........................12

          A.     The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant.............................................................14

          B.     The Length of Delay and its Potential Impact on Judicial Proceedings.........................................................................................................15

          C.     The Danger of Prejudice to the Debtor..............................................................16

CONCLUSION .............................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow),
   126 F.3d 43 (2d Cir. 1997) ............................................................................................... 11

Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.),
   405 F.3d 127 (3d Cir. 2005) ............................................................................................. 16

In re BGI, Inc.,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) ............................................................................. 13

In re BH S&B Holdings LLC,
   435 B.R. 153 (Bankr. S.D.N.Y. 2010) ....................................................................... 14, 15

In re Dana Corp.,
   No. 06-10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) .................... 16

In re Enron Creditors Recovery Corp.,
   370 B.R. 90 (Bankr. S.D.N.Y. 2007) ............................................................................... 16

Midland Cogeneration Venture, L.P. v. Enron Corp. (In re Enron Corp.),
   419 F.3d 115 (2d Cir. 2005) ................................................................................. 13, 14, 15

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
   507 U.S. 380 (1993) ......................................................................................................... 13

Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),
   907 F.2d 1280 (2d Cir. 1990) ..................................................................................... 10, 11

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3003(c)(2) ................................................................................................ 13, 14

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**") as provided for in the Plan (as defined below), hereby submits this response (the "**Response**") to *Letter to Judge Glenn In re: GMAC Mortgage LLC* [Docket Nos. 6860 & 6863] (the "**Motion**") and *Supplement to be Incorporated into Borrower's Motion for Relief from the Automatic Stay* [Docket Nos. 7034, 7054 & 7071] (the "**Supplement**" and together with the Motion, the "**Correspondence**")[1] filed by Jorge Cerron (the "**Movant**"). In support of the Response, the Liquidating Trust submits the Declaration of Lauren Graham Delehey, dated June 12, 2014 (the "**Delehey Decl.**"), attached hereto as Exhibit 1, and respectfully represents:

## PRELIMINARY STATEMENT

1. Having failed to file a timely proof of claim, and despite the expiration of the Bar Date more than eighteen months ago, Movant now seeks through the Correspondence to not only take discovery of the Debtors, but also impose sanctions, obtain relief from the automatic stay and file claims against the Debtors' estates. The Movant's requests for relief from the automatic stay and for permission to file a late proof of claim are premised upon a host of baseless and unsupported allegations regarding GMAC Mortgage's alleged postpetition conduct. As discussed in greater detail herein, Movant's allegations are untimely and unfounded, and all of the relief he seeks is barred by the terms of the Plan and the Confirmation Order (each as defined below).

---

[1] The document filed at Docket Number 6863 appears to be identical to a portion of the document filed at Docket Number 6860. Citations in this Response to the Motion shall be to the document filed at Docket Number 6860. Similarly, Docket Number 7054 appears to be nearly identical to Docket Number 7034 and 7071, with the addition of a cover letter at page 1 and several duplicate pages starting at page 78. All citations contained herein to the Supplement shall be to Docket Number 7054.

1

ny-1145424

2. Movant was a party to prepetition foreclosure litigation with GMAC Mortgage that is now being handled by Ocwen (as defined below). He was timely served with the Bar Date Order (as defined below) and had every opportunity to file a proof of claim by the November 16, 2012 deadline. He did not do so. The Correspondence offers no factual or legal basis to support Movant's apparent request to pursue either pre or postpetition claims against the Debtors. While the Liquidating Trust acknowledges Movant's right to continue to defend against the foreclosure of his Sarasota, Florida investment property (now being pursued by Ocwen), the Movant should not be permitted to pursue prepetition monetary claims against the Debtors, particularly in light of his failure to file a timely proof of claim. Movant's Correspondence also does not provide a basis to permit a late-filed proof of claim or pursue postpetition claims (or discovery related thereto) based on Movant's overly broad, factually inaccurate and unsubstantiated allegations regarding GMAC Mortgage's postpetition actions. Finally, and most importantly, Movant's attempts to pursue any pre-confirmation claims against the Debtors' estates (whether prepetition or postpetition) are prohibited by the Plan (as defined below), which expressly prohibits "Claim[s] based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of the Confirmation Order."

3. For these reasons, all of the relief sought by Movant, as set forth in the Correspondence, should be denied.

## BACKGROUND

**I.    General Chapter 11 Case Background**

4. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. On December 11, 2013, the Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] (the "**Confirmation Order**") approving the terms of the chapter 11 plan (as amended, the "**Plan**") filed in these chapter 11 cases. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [see Docket No. 6137], and, among other things, the Liquidating Trust and the ResCap Borrower Claims Trust were established.

**II. Background Specific to the Correspondence**

   **A. The Note and Mortgage**

6. On or about March 1, 2006, Movant executed an adjustable rate note (the "**Note**") in favor of GreenPoint Mortgage Funding, Inc. in connection with Movant's purchase of an investment property located at 5600 Beach Way, Unit 107, Sarasota, Florida 34231 (the "**Property**"). Delehey Decl. at ¶ 4. Movant's obligations under the Note were secured by a mortgage (the "**Mortgage**" and, together with the Note, the "**Loan**"). Id. The Note was subsequently endorsed in blank, and the Mortgage was subsequently assigned to GMAC Mortgage, who subserviced the Loan on behalf of a third-party investor. See Supplement at 15 (assignment of Mortgage) & 59-63 (Note with endorsement). According to GMAC Mortgage's records, Movant had not made any payment on the Loan since his May 2009 payment. Delehey Decl. at ¶ 4.

   **B. The Foreclosure Proceeding**

7. In response to Movant's payment default under on the Loan, on September 16, 2009, GMAC Mortgage initiated a foreclosure proceeding in the Circuit Court of the Twelfth

Judicial Circuit, Sarasota County, Florida (the "**Trial Court**"), Case No. 2009 CA 015793 NC (the "**Foreclosure Proceeding**").[2] See Delehey Decl. at ¶ 5.

8. On October 30, 2009, Movant filed an answer and three affirmative defenses, alleging that GMAC Mortgage (i) failed to fulfill all contractual conditions precedent to foreclosure, (ii) failed to provide a HUD counseling notice, and (iii) violated the Real Estate Settlement Procedures Act. Delehey Decl. at ¶ 6.

9. On April 11, 2011, Movant filed an untimely amended answer (notwithstanding an order allowing Movant until March 27, 2011 to amend his answer) with six new affirmative defenses and three counterclaims not contained in his original answer (the "**Amended Answer**"). See Delehey Decl. at ¶ 7.[3] The Amended Answer sets forth three counterclaims against GMACM for: (1) violation of the Florida Deceptive and Unfair Trade Practices Act; (2) fraud and misrepresentation; and (3) unconscionability. Amended Answer at ¶¶ 47-95. The Amended Answer also asserted eight affirmative defenses for: (1) failure to establish subject matter jurisdiction; (2) failure to fulfill conditions precedent to foreclosure allegedly contained in federal law; (3) unclean hands; (4) violations of the Florida Consumer Collection Practices Act; (5) violations of the Florida Deceptive and Unfair Trade Practices Act; (6) unconscionable acts and practices; (7) breach of contract for allegedly failing to serve Movant with a Notice of Default that complied with Florida law, as allegedly required by the Note and/or Mortgage; and (8) failure to provide Movant with a HUD counseling notice. Id. at 11-18.

10. On December 21, 2009, GMAC Mortgage filed a motion seeking summary judgment in its favor in the Foreclosure Proceeding. Delehey Decl. at ¶ 8.

---

[2] A copy of the Complaint in the Foreclosure Proceeding is attached as Exhibit1-A to the Delehey Declaration.
[3] A copy of the Amended Answer is attached as Exhibit 1-B to the Delehey Declaration.

4

ny-1145424

11.     By order dated July 5, 2011, the Trial Court granted the Debtor's motion for summary judgment. See Delehey Decl. at ¶ 9.[4] The Trial Court's summary judgment order also set forth instructions for the clerk of the court's filing of a Certificate of Title. See Delehey Decl. at ¶ 9, Exhibit 1-C at ¶¶ 4-6.

12.     On July 11, 2011, Movant file a notice of appeal of the Trial Court's order granting summary judgment in favor of GMAC Mortgage. Delehey Decl. at ¶ 10.

13.     On August 10, 2011, the clerk of the Trial Court executed and filed a Certificate of Sale related to the Property. Delehey Decl. at ¶ 11. Thereafter, on August 31, 2011, the clerk recorded a Certificate of Title in favor of GMAC Mortgage. Delehey Decl. at ¶ 11, Exhibit 1-D.

**C.    The Appellate Court Decision**

14.     On July 18, 2012, the District Court of Appeal of Florida, Second District (the "**Court of Appeal**") issued an opinion reversing the Trial Court's decision on GMAC Mortgage's summary judgment motion and remanding for further proceedings regarding whether GMAC Mortgage had fulfilled all conditions precedent to foreclosure by sending Movant a sufficient Notice of Default. See Delehey Decl. at ¶ 12.[5] The Court of Appeal ruled that material issues of fact existed regarding Movant's affirmative defense alleging that he had not received the requisite Notice of Default despite Movant's failure to submit an affidavit in support of this contention in connection with his opposition to GMAC Mortgage's motion for summary judgment. See Delehey Decl., Exhibit 1-E at 3. Consequently, the Court of Appeal reversed the Trial Court's decision and remanded for further proceedings. See id.

---

[4] A copy of the Trial Court's order granting GMAC Mortgage summary judgment is attached as Exhibit 1-C to the Delehey Declaration.
[5] A copy of the Court of Appeal decision is attached as Exhibit 1-E to the Delehey Declaration.

5

ny-1145424

### D. Subsequent Proceedings Before the Trial Court

15. On October 22, 2012, GMAC Mortgage filed a Notice of Bankruptcy Filing and Supplemental Servicing Order (the "**Notice of Bankruptcy**"), advising the Trial Court of the Debtors' bankruptcy filings. Delehey Decl. at ¶ 13.[6] Thereafter, Movant's counterclaims were stayed to the extent that they sought monetary relief against GMAC Mortgage. Id. However, Movant was free to continue to defend the Foreclosure Proceeding, and the Notice of Bankruptcy also made clear that Movant was free to pursue his counterclaims to the extent they sought equitable relief. See Notice of Bankruptcy at ¶¶ 4-6.

16. On November 1, 2013, after the closing of the Debtors' sale of their mortgage servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**"), GMAC Mortgage filed a motion to substitute Ocwen as plaintiff in the Foreclosure Proceeding. Delehey Decl. at ¶ 14. On December 17, 2013, the Trial Court entered an order granting GMAC Mortgage's motion and substituting Ocwen as plaintiff. Id.[7] Ocwen continues to pursue the Foreclosure Proceeding subject to Movant's affirmative defenses.[8] Delehey Decl. at ¶ 15. Movant's counterclaims for monetary damages remain pending and stayed as to GMAC Mortgage. Id.

17. On May 14, 2014, Movant filed a motion seeking to cancel the Certificate of Title in favor of GMAC Mortgage and issue a new Certificate of Title in favor of Movant. Delehey Decl. at ¶ 16. A hearing on Movant's motion has been scheduled for June 19, 2014. See id.

---

[6] A copy of the Notice of Bankruptcy is attached as Exhibit 1-F to the Delehey Declaration.
[7] A copy of the Trial Court's order approving the substitution of Ocwen as plaintiff in the Foreclosure Proceeding is attached as Exhibit 1-G to the Delehey Declaration.
[8] Movant also filed counterclaims against Ocwen that mirror the counterclaims originally asserted against GMAC Mortgage. Delehey Decl. at ¶ 15 n.2. While the propriety of these counterclaims is in dispute (in part because Movant filed these counterclaims without leave of the Trial Court), the Liquidating Trust does not contend that they are stayed. See id.

**RESPONSE**

**I.    Movant's Allegations of Wrongdoing by GMAC Mortgage are Unsupported and Unfounded**

18.    In his Correspondence, Movant makes a number of unsupported allegations regarding GMAC Mortgage's allegedly improper inclusion or exclusion of certain assets on its schedules of assets and liabilities or other Court documents. In particular, Movant argues that the Debtors have made false statements to this Court in their court filings by (i) including the Note and Mortgage on their schedules of assets and liabilities (Motion at 6, ¶ D) and (ii) failing to disclose certain mortgage insurance proceeds allegedly received by GMAC Mortgage. Motion at 6-7, ¶¶ G-J. Movant also alleges that GMAC Mortgage has committed fraud on the Trial Court and the Florida appellate court by failing to "reverse[]" the certificate of title issued in connection with the Trial Court's order granting summary judgment in favor of GMAC Mortgage after the judgment was reversed. Motion at 6, ¶¶ B-C. As described below, each of these allegations is unfounded and misguided.

19.    First, Movant's failure to identify a specific statement in GMAC Mortgage's schedules of assets and liabilities or statement of financial affairs (the "**Statements**") concerning the Note and Mortgage is not surprising since GMAC Mortgage did not own the Loan; instead, it only acted as subservicer for a third-party investor. See Delehey Decl. at ¶ 4. Accordingly, GMAC Mortgage did *not* disclose an interest in the Loan in the Statements (except to the extent of GMAC Mortgage's servicing rights in the Loan), and the only references to Movant or the Property in the Statements identify Movant as the holder of a contingent, unliquidated, and disputed unsecured claim and a party to the Foreclosure Proceeding.[9]

---

[9] See *Schedules of Assets and Liabilities for GMAC Mortgage (Case No. 12-12032)*, Schedule F-3 at 125 [Docket No. 550]; *Statement of Financial Affairs for GMAC Mortgage, LLC* (Case No. 12-12032), Attachment 4a. at 367

20. _Second_, GMAC Mortgage did not receive any mortgage insurance proceeds with respect to the Property and does not have any record of a mortgage insurance policy that would cover any losses on the Loan. See Delehey Decl. at ¶ 17.

21. _Finally_, the Certificate of Title was issued and recorded by the clerk of the Trial Court pursuant to Fl. Stat. § 45.031(6). GMAC Mortgage was never ordered or granted authority to cancel the Certificate of Title. Movant has now taken the appropriate steps and made a motion in the Trial Court seeking to cancel the Certificate of Title and issue a new Certificate of Title in his favor. As noted above, Movant's motion in the Trial Court is set for hearing on June 19, 2014 and it is possible that the Trial Court may grant the requested relief prior to the June 26 hearing on the Correspondence, thereby rendering this issue moot. Therefore, GMAC Mortgage did not act improperly as it did not have the specific power or obligation to act as the Movant suggests.

## II. The Relief Requested in the Correspondence Represents an Impermissible Attempt to Pursue Claims Barred by the Plan and Confirmation Order

22. The Correspondence requests a host of relief purportedly aimed at addressing GMAC Mortgage's alleged postpetition wrongdoing (described _supra_ at ¶ 18), including, among other things (i) directing GMAC Mortgage to produce copies of insurance coverage checks and tax documents, (ii) awarding Movant other discovery, (iii) imposing sanctions against GMAC Mortgage, (iv) granting Movant declaratory relief regarding the validity of the assignment of the Mortgage and GMAC Mortgage's standing to pursue remedies related thereto, and (v) quieting title to the Property in Movant. See Motion at 7-9; Supplement at 7. These requests should be denied, because each is a belated attempt to assert claims that are barred by the terms of the Plan and this Court's Confirmation Order.

---

[Docket No. 600]; _Amended Schedules of Assets and Liabilities for GMAC Mortgage, LLC (Case No. 12-12032 (MG)_, Schedule F-3 at 125 [Docket No. 685].

8

ny-1145424

23.     Movant also appears to seek relief from the automatic stay and permission to file a late proof of claim, which requests should be denied for the reasons described *infra*.

24.     To the extent that Movant suggests he has a claim against the Debtors, their estates or the Liquidating Trust based on Movant's allegations of misconduct prior to the Effective Date of the Plan, each of those claims is barred by the Plan and the Confirmation Order, and requests for discovery based on Movant's unfounded and factually baseless statements should not be permitted in the face of the bar on any claims Movant may allege. More specifically, the Plan provides, in pertinent part, that:

> The rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors, the Liquidating Trust, or any of their respective assets or properties arising prior to the Effective Date. ***Except as otherwise expressly specified in the Plan, after the Effective Date, any holder of such Claim*** or Equity Interest ***shall be precluded from asserting against the Debtors, the Liquidating Trust,*** or any of their respective assets or properties, ***any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of the Confirmation Order***.

See Plan IX.K. (emphasis added).[10]

25.     Additionally, Movant was served with the *Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138] (the "**Administrative Claims Bar Date Notice**") on or before December 24, 2013.[11] The Administrative Claims Bar Date Notice

---

[10] To the extent that the Correspondence could be viewed as a request for reconsideration of the Confirmation Order as it relates to Movant's late claims, such request should also be denied. For the reasons described *supra* at ¶¶ 18-19, Movant's allegations are meritless and could not give rise to any claim against GMAC Mortgage.

[11] See *Affidavit of Service of Clarissa D. Cu re: 1) Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date; and 2) Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6187] at 1, Exhibit E at 613, an excerpt of which is attached hereto as Exhibit 2.

informed creditors that, with certain exceptions not relevant here, they were required to file any requests for payment of any administrative claims on or prior to January 16, 2014, and that:

> "[a]ny holder of an Administrative Claim who is required to, but does not, file and serve a Request for Payment of an Administrative Claim . . . on or prior to the Administrative Claim Bar Date shall be barred from asserting such Administrative Claim against the Debtors, the Plan Trusts, or their assets or properties, and such Administrative Claims shall be deemed discharged as of the Effective Date."

Administrative Claims Bar Date Notice at 1, 3.

26.  Movant alleges that he became aware of GMAC Mortgage's alleged postpetition misconduct at a December 17, 2013 hearing on GMAC Mortgage's motion to substitute Ocwen as the plaintiff in the Foreclosure Proceeding. See Motion at ¶ 11. Accordingly, Movant (like all other creditors) had at least three weeks after service of the Administrative Claims Bar Date Notice on or before December 24, 2013 during which he could have asserted an administrative claim against the Debtors' estates or sought an extension of his time to do so. Movant did neither, and any administrative claim Movant alleges he may have held is now barred for this reason as well. See Confirmation Order at ¶ 50(f) (requiring requests for administrative expenses to be filed within thirty days following the Effective Date "or be forever barred, estopped, and enjoined from asserting such Claims against the Debtors, the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of the Effective Date").

### III.  Movant is Not Entitled to Relief From the Automatic Stay

27.  Although not clear to the Liquidating Trust, the Correspondence could potentially be construed as requesting relief from the automatic stay to permit Movant to pursue his monetary counterclaims against GMAC Mortgage in the Foreclosure Proceeding. To the extent Movant seeks such relief, his request should be denied for at least three reasons.

28.  First, Movant also has failed to identify any basis upon which he should be granted relief from the automatic stay under the factors set forth by the Second Circuit in Sonnax

Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990).[12] The moving party bears the initial burden to demonstrate, using the relevant Sonnax factors, that good cause exists for lifting the stay.[13] The allegations contained in the Motion regarding GMAC Mortgage's alleged postpetition conduct have nothing to do with Movant's prepetition counterclaims, which appear to be based upon the Debtors' allegedly wrongful failure to offer Movant pre-foreclosure loss mitigation options and not the postpetition conduct alleged in the Motion. See Amended Answer at ¶¶ 72-95 (containing Movant's counterclaims). Similarly, the allegations in the Supplement relating to GMAC Mortgage's standing and the validity of the assignment of the Note and Mortgage, even if true, have no relevance to Movant's counterclaims related to pre-foreclosure loss mitigation efforts. Therefore, the Court should deny the relief requested in the Motion based on Movant's failure to provide any legal or factual bases upon which relief from the stay may be granted. See Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d at 48 ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause." (quotation omitted)).

---

[12] These factors include:
> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending [the action]; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms.

Sonnax, 907 F.2d at 1286.
[13] See Sonnax, 907 F.2d at 1285; Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause." (quotation omitted)).

29.  <u>Second</u>, Movant's request for relief from the automatic stay should also be denied because he has not filed a proof of claim in these chapter 11 cases. The claims bar date in this case occurred on November 16, 2012. Having not filed a proof of claim prior to the claims bar date, Movant is "forever barred, estopped and enjoined" from asserting any prepetition claims against the Debtors. <u>See</u> *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**") at ¶ 11.[14] Accordingly, granting Movant relief from the automatic stay to pursue his claims in the action would be futile, because Movant would not be entitled to assert against the Debtors any money judgment arising from the Foreclosure Proceeding.

30.  <u>Third</u>, the Supplemental Servicing Order provided Movant with relief from the automatic stay to pursue his defense to the Foreclosure Proceeding while GMAC Mortgage was pursuing the foreclosure. Now that Ocwen has assumed prosecution of the Foreclosure Proceeding, the automatic stay does not apply or stay Ocwen's affirmative foreclosure case or Movant's ability to defend against that case. As a result, the automatic stay has not prejudiced or harmed Movant in his defense to the Foreclosure Proceeding to date, and should not prejudice or harm his defense in the future.

**IV.    Movant Should Not be Permitted to File a Late Proof of Claim**

31.  The Correspondence appears to contain a non-specific request for permission to file a late proof of claim, although no proposed form of late proof of claim is attached. <u>See</u> Motion at 7-8 (requesting acceptance of untimely motion and citing to Bankruptcy Rule 3001).

---

[14] Movant was served with the bar date notice at the same address contained in the Correspondence. <u>Compare</u> *Affidavit of Service* [Docket No. 1412], Exhibit I at 1670 (service at P.O. Box 18902, Sarasota, FL 34276-1902), an excerpt of which is attached hereto as <u>Exhibit 3</u>, <u>with</u> Motion at 2, 9 (identifying the same address); Supplement at 1, 7 (same).

To the extent that such reference could be viewed as a request to file a late proof of claim, this request, as well, should be denied.

32.     Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") states that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed" and "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purpose of voting and distribution."  In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382 n.1 (1993), the Supreme Court considered the test for determining whether a purported creditor may be permitted to file a late proof of claim notwithstanding such purported creditor's failure to comply with Bankruptcy Rule 3003(c)(2).  In Pioneer, the Court explained that Congress, in empowering "the courts to accept late filings 'where the failure to act was the result of excusable neglect,' plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  Id. at 388 (internal citation omitted).  The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii) "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings."  Id. at 395.

33.     The Second Circuit takes a "hard line" approach in applying the Pioneer test.  Midland Cogeneration Venture, L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 122 (2d Cir. 2005); see also In re BGI, Inc., 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012).  The Second

13

ny-1145424

Circuit has observed that three of the Pioneer factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith. Enron, 419 F.3d at 122; see also In re BH S&B Holdings LLC, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010). As a result, the Second Circuit has focused on the final factor, "the reason for the delay, including whether it was within the reasonable control of the movant." Enron, 419 F.3d at 122 (internal quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal citation and quotations omitted). Instead, "[o]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S&B Holdings LLC, 435 B.R. at 168 (quoting In re Nw. Airlines Corp., No. 05-17930 (ALG), 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

34. Here, Movant has failed to meet his burden of showing excusable neglect. See In re BH S&B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant).[15]

### A. The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant

35. Movant was identified on GMAC Mortgage's schedules of assets and liabilities as a creditor holding a contingent, unliquidated, and disputed claim[16] and was, therefore, required to file a proof of claim prior to the deadline set by the Court. See Fed. R. Bankr. P. 3003(c)(2).

---

[15] Although the Liquidating Trust focuses on three of the four Pioneer factors, the Liquidating Trust also contests that Movant has carried his burden with respect to the other Pioneer factor and reserves all rights to contest Movant's request to file a late proof of claim on any ground at any hearing related to the Correspondence.
[16] See supra at note 9.

The Bar Date Notice[17] explains that all creditors "**MUST** file a proof of claim to . . . share in distributions from the Debtors' bankruptcy estates" or "**BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, [OR] THEIR CHAPTER 11 ESTATES . . . .**" See Bar Date Notice ¶¶ 1 & 6. Finally, the Bar Date Order states that "except as otherwise provided herein, all persons . . . that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against any Debtor that arose prior to the filing of the Debtors' Chapter 11 petitions on May 14, 2012 . . . shall file a proof of such claim in writing so that it is actually received at the ResCap Claims Processing Center or by the U.S. Bankruptcy Court on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) . . . ." See Bar Date Order at ¶ 2.[18]

36. Movant does not dispute that he was served with the Bar Date Notice.

37. Moreover, Movant fails to provide any justification for his failure to file a late proof of claim. The Movant only proffers statements about alleged postpetition wrongdoing by GMAC Mortgage that is entirely unrelated and irrelevant to Movant's counterclaims for which he arguably seeks to file a late proof of claim. Such allegations do not provide a proper basis for Movant's request to file a late proof of claim. Consequently, Movant's request should be denied. See In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant).

### B. The Length of Delay and its Potential Impact on Judicial Proceedings

38. Movant's request to file a late proof of claim also comes more than eighteen months after the November 16, 2012 deadline for filing proofs of claim, and nearly five months after the December 17, 2013 Effective Date of the Plan. Courts have regularly concluded that

---

[17] The proposed form of Bar Date Notice is attached as Annex I to the Bar Date Order.
[18] The deadline for filing proofs of claim was subsequently extended to November 16, 2012, by order of the Court. See Order Extending Deadline for Filing Proofs of Claim [Docket No. 2093].

similar (and even much shorter) delays are unreasonable in the context of the Pioneer factors. See, e.g., In re Dana Corp., No. 06-10354 (BRL), 2008 WL 2885901, at *6 (Bankr. S.D.N.Y. July 23, 2008) (delay of 21 months after bar date and 5 months after effective date of plan was not reasonable); In re Enron Corp., 419 F.3d 115 (despite no plan being confirmed, six month delay was unreasonable); Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.), 405 F.3d 127 (3d Cir. 2005) (5 month delay unreasonable); In re Enron Creditors Recovery Corp., 370 B.R. 90 (Bankr. S.D.N.Y. 2007) (delay of 15 months after bar date weighed in favor of disallowing late proof of claim). Here as well, Movant's lengthy and unexplained delay requires that any request to file a proof of claim based on his prepetition counterclaims should be denied.

    **C.**    **The Danger of Prejudice to the Debtor**

39.    Finally, Movant's belated request to file a late proof of claim presents a potential for significant prejudice to the ResCap Borrower Claims Trust (the "**Borrower Trust**"), as successor in interest to the Debtors as set forth in the Plan. The Borrower Trust is well advanced in its claims resolution process. In fact, the *ResCap Borrower Claims Trust's Motion for Order Estimating Claims and Establishing Disputed Claims Reserve* [Docket No. 7036] is currently has pending before the Court (and scheduled for hearing on the same date as the Correspondence). Permitting the Movant (or any other Borrower (as defined in the Plan)) to file late proofs of claim at this juncture will significantly prejudice the Borrower Trust's efforts to accurately reserve for disputed claims and make distributions to Borrowers as expeditiously as possible.

**CONCLUSION**

40.    In sum, Movant has failed to provide any evidence, or even any factually supported allegations of wrongdoing by GMAC Mortgage during these chapter 11 cases; and, in

16

ny-1145424

any event, any such claims are barred by the terms of the Plan and this Court's Confirmation Order.

41. Furthermore, Movant's requests for relief from the automatic stay and to file a late proof of claim with respect to his prepetition counterclaims in the Foreclosure Proceeding should be denied. Based on the weight of settled authority and its application to the relief requested in the Correspondence, the Liquidating Trust respectfully submits that the Movant has failed to meet his burden of showing that cause exists for relief from the automatic stay. Such relief is also inappropriate due to Movant's failure to file a timely proof of claim. Similarly, because Movant has failed to identify any reason for his lengthy delay in seeking to file a late proof of claim, the Liquidating Trust also respectfully submits that Movant has failed to carry his burden of showing excusable neglect under Pioneer. As such, the relief requested in the Correspondence should be denied.

WHEREFORE, for the foregoing reasons, the Liquidating Trust requests that the Court enter an Order denying the relief requested in the Motion and the Supplement and granting such other relief as the Court deems proper.

New York, New York  
Dated: June 12, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

17

ny-1145424