UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LEWIS KRUGER IN OPPOSITION TO THE OBJECTION
OF THE RESCAP LIQUIDATING TRUST TO THE FINAL FEE APPLICATION
OF MORRISON COHEN LLP**

I, Lewis Kruger, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I formerly served as the Chief Restructuring Officer ("CRO") of Residential Capital, LLC ("ResCap"), the parent debtor in the above-captioned Chapter 11 cases, commenced on May 14, 2012 (the "Petition Date") on behalf of ResCap and related debtors (collectively, the "Debtors").

2. I respectfully submit this declaration in response to the Liquidating Trust's Limited Objection in connection with the Final Application of Morrison Cohen LLP (the "Objection"). [Docket 7084]. This declaration is directed to the Liquidating Trust's allegation that "there has been no suggestion that the Independent Directors or their counsel have played a central role in this case." (Objection, ¶ 19). This statement is not accurate.

3. The board of directors of ResCap (the "Board") appointed me to serve as ResCap's CRO pursuant to this Court's order entered March 5, 2013 [Docket 3103]. At that time, a majority of the ResCap Board was comprised of independent directors (the "Independent Directors").

1

4. The terms of my engagement as CRO required me to report directly to the ResCap Board. I did so regularly – sometimes even daily during periods of high activity in the case.

5. I observed and appreciated that the Independent Directors were deeply involved in all aspects of this large and complex case, while continuing to oversee the operation of remaining parts of ResCap's business. The Independent Directors were diligent and focused on their duties to the estate and its creditor constituents. When ResCap's bankruptcy case appeared to be heading to intractable litigation, the Independent Directors worked tirelessly to redirect the case to a confirmable plan of reorganization. Despite their good faith efforts, the Independent Directors faced allegations that they had acted in breach of their duties both before and during these bankruptcy proceedings.

6. Given the enormous task the Independent Directors faced, and the accusations leveled against them, I considered it reasonable and appropriate that the Independent Directors sought and received professional advice from Morrison Cohen. I recognized the need for the Independent Directors to have a core group of attorneys representing them who had been involved in ResCap's prepetition transactions (that were the subject of the AFI settlement), the preparations for this Chapter 11 case, and the significant post-petition activities in the case (including the sale of a substantial portion of ResCap's assets; the proposed settlement of RMBS related litigation; the 2004 investigation by the Creditors Committee; and the Examiner's report). The Independent Directors were required to produce documents, give deposition testimony, submit to examiner interviews (sometimes more than once) and prepare for the hearing on potential RMBS settlement motion, which was resolved at the eleventh hour when the major constituents in the case reached a settlement. Certainly it was appropriate for the Independent

Directors to have counsel to represent them in both these contested matters, as well as to generally represent them in the performance of their duties.

7. The attorneys at Morrison Cohen representing the Independent Directors offered important and differing skill sets – corporate governance, litigation, bankruptcy, insurance and tax among them – all of which were brought to bear in order properly to advise the Independent Directors in fulfilling their duties. During my tenure, I regularly consulted with counsel for the Independent Directors and found their strategic and legal analyses to be extremely helpful to me and ultimately to the benefit of ResCap estates and their creditors.

8. The ResCap bankruptcy was an unqualified success, and I am proud of my role in achieving that success. But I can state without reservation that the ultimate success of the case was a team effort and the Independent Directors and their counsel were one valuable component of that team. Without question the Independent Directors and their counsel played a "central role" in this case. The Liquidating Trust's statement to the contrary, and the premise of its objection, is just plain wrong.

I declare the foregoing to be true and correct under penalties of perjury.

Dated: June 13, 2014

/s/ Lewis Kruger
Lewis Kruger

4