David F. Garber, Esq.
Florida Bar No.: 0672386
DAVID F. GARBER, P.A.
700 Eleventh Street South, Suite 202
Naples, Florida 34102
239.774.1400 Telephone
239.774.6687 Facsimile
davidfgarberpa@gmail.com
Attorney for Claimant, Barry Mack

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No.: 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CLAIMANT BARRY MACK'S MEMORANDUM OF LAW REGARDING DAMAGES
UNDER RESPA (12 U.S.C. § 2601, et seq.) AND SUFFICIENCY OF PROOFS OF CLAIM**

1

## TABLE OF CONTENTS

**EXHIBIT INDEX**                                                                   3

**TABLE OF AUTHORITIES**                                                            4-5

**MEMORANDUM OF LAW**

**I.    ACTUAL DAMAGES AWARDABLE UNDER RESPA**                                      6-7
       **(12 U.S.C. §2601, ET SEQ.) INCLUDE NOT ONLY ECONOMIC**
       **LOSS BUT EMOTIONAL DISTRESS DAMAGES AS WELL.**

**II.   A PROOF OF CLAIM IS ADEQUATE IF IT IS SUFFICIENTLY**                        7-9
       **INFOMATIVE TO PLACE THE DEBTOR ON NOTICE OF THE**
       **SUBJECT AND EXTENT OF THE CLAIM.**

## **EXHIBIT INDEX**

Exhibit A –    Mack letter to GMAC Mortgage – October 26, 2009

Exhibit B –    Excerpt from Deposition of Cheryl Mack – November 16, 2011

# **TABLE OF AUTHORITIES**

CASES

*Carter v. Countrywide Home Loans, Inc.*,                                                              7
    2009 WL 1010851 (E.D. Va.)

*Catalan, et al. v. GMAC Mortg. Corp.*                                                                  6
    629 F. 3d 676, 696 (7th Cir. 2011)

*In re: Bloomingdale*                                                                                                  8
    160 B.R. 101 (Bankr. N.D. Ill., 1993)

*In re: Tomasevic*                                                                                                       6
    273 B.R. 682 (Bankr. M.D. Fla., 2002)

*Johnstone v. Bank of America, N.A.*                                                                   6
    173 F. Supp. 2d 809 (N.D. Ill., 2001)

*Katz v. Dime Sav. Bank*                                                                                         6
    992 F. Supp. 250 (W.D. N.Y. 1997)

*Liakas v. Creditors Comm.*                                                                                   8
    780 F. 2d 176 (1st Cir 1986)

*McLean v. GMAC Mortg.*                                                                                     6
    595 F. Supp. 2d 1360 (S.D. Fla., 2009)

*Ploog v. Homeside Lending, Inc.*                                                                         6
    209 F. Supp. 2d 863 (N.D. Ill., 2002)

*Rawlings v. Dovenmuehle Mortg., Inc.*                                                              6
    64 F. Supp. 2d 1156 (M.D. Ala. 1999)

*Steele v. Quantum Servicing Corp., et al.*                                                          7
    2013 WL 3196544 (N.D. Tex.)

*Weinert v. GMAC Mortg. Corp.*                                                                         8
    2009 WL 3190420 (E.D. Mich.)

STATUTES

11 U.S.C. § 101(5)(a)                                                                                                  8

12 U.S.C. § 2605 (RESPA) 7

12 U.S.C. § 2605(f) (RESPA) 6

15 U.S.C. § 1692(k) (FDCPA) 6

RULES

Rule 3.001, F. R. Bank. P. 8

I.  **ACTUAL DAMAGES AWARDABLE UNDER RESPA (12 U.S.C. §2601, ET SEQ.) INCLUDE NOT ONLY ECONOMIC LOSS BUT EMOTIONAL DISTRESS DAMAGES AS WELL.**

12 U.S.C. § 2605(f) states that a claimant can recover from a servicer who violates the provisions of RESPA : (A) "an amount equal to the sum of the failure and any actual damages to the borrower as a result…"; and (B) any additional damages as the court may allow in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1000."

Some courts have determined that the actual damage provision of 12 U.S.C. § 2605 does not include claims for emotional distress. (*Katz v. Dime Sav. Bank*, 992 F. Supp. 250 (W.D. N.Y., 1997); *In re: Tomasevic*, 273 B.R. 682 (M.D. Fla., 2002). The general basis for these holdings was the courts felt that if Congress wanted RESPA to have a remedial purpose then they would have either expressed that intention in the language of the statute or legislative history or more clearly defined the term "actual damages". However, other decisions have found that emotional distress damages are awardable as "actual damages". Five reported cases contrast with the two above cases in finding that actual damages do include damages for economic loss such as pain, suffering and emotional distress. (See, *Ploog v. Homeside Lending, Inc.*, 209 F. Supp 2d 863 (N.D. Ill., 2002); *Johnstone v. Bank of America, N.A.* (173 F. Supp. 2d 809 (N.D. Ill., 2001); *Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F. Supp. 2d 1156 (M.D. Ala., 1999); *McLean v. GMAC Mortg.*, 595 F. Supp. 2d 1360 (S.D. Fla., 2009); *Catalan, et al. v. GMAC Mortg. Corp.,* 629 F. 3d 676, 696 (7th Cir. 2011)).

These decisions which find the language of RESPA (12 U.S.C. §2605(f)) allows "actual damages" to include emotional distress have compared with the Fair Debt Collection Practices Act (15 U.S.C. §1692(k)) and 12 U.S.C. 2605(f) under RESPA and found them to be essentially identical since both mention "actual damages" as allowable to a successful claimant. Since courts that have analyzed the FDCPA have generally found that §1692(k) allows for emotional distress damages, then such an interpretation should also be made under RESPA. In fact, in the Catalan case, Defendant GMACM conceded that emotional distress damages were awardable as "actual damages".

Although of limited precedential value, also instructive to the Court are two notable unpublished district court opinions representing both pro and con are:

6

      1.    *Steele v. Quantum Servicing Corp., et al.*, 2013 WL 3196544 (N.D. Tex.) (holding that RESPA <u>does not</u> allow recovery for emotional distress damages).

      2.    *Carter v. Countrywide Home Loans, Inc.*, 2009 WL 1010851 (E.D. Va) (holding that RESPA <u>does</u> allow for emotional distress damages) (Memorandum opinion and order 25 Jun 3013 N.D. Texas).

In conclusion, Claimant MACK believes that the claim for emotional distress damages suffered by his wife, Cheryl M. Mack, are recoverable under RESPA (12 U.S.C. §2605, et seq.).

**II.**    **A PROOF OF CLAIM IS ADEQUATE IF IT IS SUFFICIENTLY INFOMATIVE TO PLACE THE DEBTOR ON NOTICE OF THE SUBJECT AND EXTENT OF THE CLAIM.**

The proof of claim that was filed by Claimants Mack in this matter sets a definite amount of money that the Macks seek to recover from the debtor, GMAC Mortgage ($32,850,000), which is broken down specifically in its components (loss of real estate value $350,000.00; Mrs. Mack's injuries, hospital bills, and pain and suffering $2.5 million; punitive damages $30 million). The Macks identify the basis under which these claims would be supported (personal injury, wrongful death, violations of RESPA, and malicious prosecution. At the time the claim was brought, Mrs. Mack was still alive, but was in hospice care and not expected to survive very long. The Macks alleged in the addendum to their proof of claim and filed with it, that they wrote to GMACM and called them as well to complain about the foreclosure, but that GMAC was not responsive either to the phone calls or to the letter. While only the letter of October 26, 2009 would qualify as a qualified written request to these communications and hence subject to 12 USC § 2605, taken together with the acknowledged telephone communications and other letters that GMACM acknowledges receipt of (see Exhibit A to Claimant MACK's Response, Docket No. 6834), these in totality might constitute a pattern or practice of non-compliance with the requirements of 12 U.S.C. § 2605. The Macks acknowledge that other letters sent to

GMACM by the Macks were directed to relief they sought under the HAMP programs and did not reference actions regarding the foreclosure; however, the calls that GMACM acknowledges receipt of were directed not only to the HAMP program, but the foreclosure filed by GMACM.

The bankruptcy code defines a claim in broad terms (see 11 U.S.C. § 101(5)(a): "The term "claim" means—(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."). The Rules do not require that a creditor plead its proof of claim with specificity or precision (see Fed. R. Bank. P. 3001(a): "A proof of claim is a written statement setting forth a creditor's claim."). In fact, courts have held that a proof of claim must contain the creditor's demand against the debtor and the intent to hold the debtor liable (see *Liakas v. Creditors Comm.*, 780 F. 2d 176 (1st Cir 1986); *In re: Bloomingdale*, 160 B.R. 101 (Bankr. N.D. Ill., 1993)). Further, at least one court in an unreported case has held that a plaintiff who files suit against a defendant in federal court was only required to allege a breach of a RESPA duty, and further allege that the breach resulted in damages to state a cause of action. (See *Weinert v. GMAC Mortg. Corp.*, 2009 WL 3190420 (E.D. Mich.).

If this is all that is required to survive a motion to dismiss when a lawsuit is filed seeking relief under RESPA, it should certainly be sufficient under the requirements for a proof of claim in bankruptcy. In fact, under the instructions for the proof of claim form, the description for the basis of the claim describes only in very general terms how the debt was incurred, and that a debtor may be required to provide additional disclosures if an interested party objects to the claim. It further requires a date and signature and the amount of the claim. It requires identification as to whether the claim is secured or entitled to priority. All of those requirements were met by the Macks. Debtor GMACM never requested clarification or further information.

If in fact the Macks' claim is deemed to be legally insufficient, they should be allowed to amend their claim to meet any deficiencies noted by the Court.

Ordinarily an amendment would not be allowed after a proof of claim deadline actually runs. Such a harsh result should not be applied here for two reasons: (1) GMACM had actual notice of the Macks' claim for failure to respond to their letter of October 26, 2009 (Exhibit A and Exhibit B); (2) the proof of claim was filed before a notice of bankruptcy was ever sent to the Macks by GMACM. The writer herein is not aware that GMACM ever notified the Macks of the bankruptcy nor of the claims procedure. In fact, in their brief, the debtor GMACM states on page 3 of their brief that the debtors "did not send the Claimants a Request Letter after consulting with Special Counsel because they felt they had sufficient information to address the claims." (see Exhibit 2 to ResCap's Objection to Proof of Claim, Docket No.: 6763). Therefore, GMACM could not claim prejudice in opposing any amendment to make the claim more specific.

In conclusion, claimants MACK believe their claim fairly puts debtor GMACM on notice of the nature and extent of their claim, but if this court is not persuaded of this, then the claimants Mack pray leave to amend the claim to meet any deficiencies found.

DATED this 16th day of June, 2014.

/s/ David F. Garber
David F. Garber, Esq.
Florida Bar No.: 0672386

DAVID F. GARBER, P.A.
700 Eleventh Street South, Suite 202
Naples, Florida 34102
239.774.1400 Telephone
239.774.6687 Facsimile
davidfgarberpa@gmail.com