IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE FOR
RALI 2007QS3,

    Plaintiff,

v.                            CASE: 09-7336-CA

BARRY F. MACK a/k/a BARRY
FRITZ MACK a/k/a BERRY FRITZ
MACK, et al.,

    Defendant.

**CERTIFIED COPY**

### DEPOSITION OF CHERYL M. MACK

| | |
|---|---|
| DATE TAKEN: | Wednesday, November 16, 2011 |
| TIME TAKEN: | 9:36 a.m. to 11:54 a.m. |
| PLACE TAKEN: | Garber, Hooley & Holloway, L.L.P.<br>700 Eleventh Street South<br>Suite 202<br>Naples, Florida 34102 |
| ON BEHALF OF: | Plaintiff |
| REPORTED BY: | Sabrina C. Beauvais, CCR, FPR, CLR<br>Certified Court Reporter |

**Southwest Florida Reporting Services, Inc.**

Deposition Suites in Naples, Fort Myers, Punta Gorda, Port Charlotte, Sarasota and Tampa
Post Office Box 9161, Naples, Florida 34101
www.SouthwestFloridaReporting.com
*"Every word. Every time."*
**(239) 774-2224**

May 16 2012 6:45AM  12-12020-mg  Doc 7112-2  Filed 06/16/14  Entered 06/16/14 11:44:45  Exhibit  p.1
Exhibit B - C. Mack Depo Excerpt  Pg 2 of 5

Page 85

1    MR. GARBER: Yes, I think it will.

2    MR. SMITH T: Okay. Since you -- all right.

3 Go ahead.

4    (11:37 a.m.)

5    CROSS-EXAMINATION

6 BY MR. GARBER:

7    Q.   Mrs. Mack, in the fall of 2009 you had

8 numerous telephone calls GMAC. Is that correct?

9    A.   Yes.

10   Q.   And sometimes they called you?

11   A.   Yes.

12   Q.   And sometimes you called them?

13   A.   That is correct.

14   Q.   And you were concerned because GMAC was

15 telling you that the lawsuit, the foreclosure suit, had

16 been dismissed and you were being told that it had not

17 been dismissed. True?

18   MR. SMITH T: I'm going to object to the form

19   because that is entirely leading.

20   MR. GARBER: Yeah, it is leading.

21   MR. SMITH T: It's your witness. Go ahead.

22   CONTINUED CROSS-EXAMINATION

23 BY MR. GARBER:

24   Q.   Okay. And that was contrary to the

25 information that you had. Correct?

```
 1            MR. SMITH T:  Object to the form.  It's
 2       leading.
 3            THE WITNESS:  In conversations between myself
 4       and GMAC, they totally denied that they were
 5       involved in this at all.
 6             CONTINUED CROSS-EXAMINATION
 7  BY MR. GARBER:
 8       Q.   Okay.  Did you tell them that your
 9  information was they were involved in it?
10       A.   Yes.
11       Q.   Did you tell them the lawsuit was continuing?
12       A.   Yes.
13       Q.   Did you tell them that after September 2,
14  2009?
15       A.   Yes.
16            MR. SMITH T:  Object to form.  Leading.
17             CONTINUED CROSS-EXAMINATION
18  BY MR. GARBER:
19       Q.   Did you do that on numerous occasions?
20            MR. SMITH T:  Leading.  Leading.
21            THE WITNESS:  Yes.
22             CONTINUED CROSS-EXAMINATION
23  BY MR. GARBER:
24       Q.   Were they ever able to give you an
25  explanation as to why the lawsuit was continuing?
```

```
 1        A.      No.
 2        Q.      Okay.  In addition to those phone calls, you
 3   wrote them letters, didn't you?
 4        A.      Yes.
 5        Q.      Now, you've seen some of the letters that
 6   were presented here today, haven't you?
 7        A.      Letters that I wrote?
 8        Q.      Yes.  Letters they wrote to you; letters you
 9   wrote to them.
10        A.      Yes, I believe so.
11        Q.      Okay.  There is at least one other letter
12   that you wrote to them that wasn't presented here today,
13   wasn't there?
14        A.      Yes.
15        Q.      Let me show a copy to the attorney and then I
16   will ask you about it.
17                MR. GARBER:  Off the record.
18                (Whereupon, there was a brief discussion held
19          off the record from 1139 am to 11:40 a.m.)
20                (Whereupon, Defendant's Exhibit A was marked
21          for identification as of this date.)
22                CONTINUED CROSS-EXAMINATION
23   BY MR. GARBER:
24        Q.      Okay.  Go ahead.  Is this a copy of a letter
25   that you sent to GMAC Mortgage?
```

```
 1        A.      Yes, it is.
 2        Q.      And at the bottom it has your signature?
 3        A.      Yes.
 4        Q.      And it has the signature of your husband down
 5   there?
 6        A.      Yes.
 7        Q.      And you sent it to GMAC Mortgage on or about
 8   October 26, 2009?
 9        A.      Yes.
10            MR. GARBER:  Okay.  I have no further
11       questions.
12                     REDIRECT EXAMINATION
13   BY MR. SMITH T:
14        Q.      Let me ask just a few follow-ups, Mrs. Mack.
15   Do you see anything in this letter that your lawyers
16   presented to us that says anything about your claims
17   going back against Deutsche Bank or GMAC?
18        A.      No.
19        Q.      And this letter is dated October 26, 2009.
20   Correct?
21        A.      Yes.
22        Q.      And so by that point, your counterclaim
23   certainly had been filed.  Correct?
24        A.      Yes.
25        Q.      And I realize you don't know this but I'm
```