# **EXHIBIT 2**

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

*November 15, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



Min-U-Script® with Word Index

12-12020-mg   Doc 7115-2   Filed 06/16/14   Entered 06/16/14 12:57:09   Exhibit 2 -
         November 15   2013 Transcript Excerpts   Pg 3 of 11

                                                                               1

```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Lead Case No. 12-12020-mg   Adv. Proc. No. 13-01208-mg
 5  - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matters of:
 7  RESIDENTIAL CAPITAL, LLC, et al.,
 8              Debtors.
 9  - - - - - - - - - - - - - - - - - - - - -x
10  NORA
11                Plaintiff,
12              - against -
13  RESIDENTIAL CAPITAL, LLC, et al.,
14              Defendants.
15  - - - - - - - - - - - - - - - - - - - - -x
16                United States Bankruptcy Court
17                One Bowling Green
18                New York, New York
19                November 15, 2013
20                10:04 AM
21
22  B E F O R E:
23  HON. MARTIN GLENN
24  U.S. BANKRUPTCY JUDGE
25
```

RESIDENTIAL CAPITAL, LLC, ET AL.                                          61

1  wanted to add on this?
2         MR. NOSEK:  Oh, I was just going to add, this is
3  actually the first time we've met with Ms. Jackson and --
4         THE COURT:  She's been here before.
5         MR. NOSEK:  Well, we haven't spoken before --
6         THE COURT:  Okay.
7         MR. NOSEK:  -- in our capacity.  And we have -- Brian
8  Powers is from our office is actually here, and he can meet
9  with her out in the hallway --
10        THE COURT:  That would be helpful.  Okay?
11        MR. NOSEK:  We will do that, Your Honor.
12        THE COURT:  So, Ms. Jackson, the creditors' committee
13 has special borrowers' counsel.  And I would ask that if you
14 would meet with -- so it's not the debtors, it's the creditors'
15 committee.  I'd ask if you would, in the hall, when the
16 hearing's over, if you would meet with them and you can talk to
17 him and -- you can talk to him or not, okay?  You've never been
18 shy about saying what's on your mind, so I -- okay?  Thank you
19 very much, Ms. Jackson.
20        Thank you, Mr. Nosek.  Okay, go ahead, Mr. Rosenbaum.
21        MR. ROSENBAUM:  Your Honor, the next matter on the
22 agenda is matter -- it's number 5 on page 27.
23        THE COURT:  Yes.
24        MR. ROSENBAUM:  It's the motion of Anthony
25 [Dav-id-ee] -- excuse me if I'm pronouncing that wrong -- for

12-12020-mg    Doc 7115-2    Filed 06/16/14    Entered 06/16/14 12:57:09    Exhibit 2 -
November 15   2013 Transcript Excerpts    Pg 5 of 11

RESIDENTIAL CAPITAL, LLC, ET AL.                                  62

1  rehearing on a claim objection.  I believe, Mr. Davide --
2  again, excuse me if I'm getting the name wrong -- made an
3  oral -- is appearing telephonically.
4           THE COURT:  Mr. Davide, are you on the phone?  Mr.
5  Davide, are you on the phone?
6           MR. DAVIDE:  Yes, Your Honor, I am.  Can you hear me?
7           THE COURT:  Yes, I can.  Go ahead and make your
8  argument, if you would.
9           MR. DAVIDE:  Oh, thank you, Your Honor.  First of all,
10 thank you very much for granting me the rehearing.  The
11 original September 11th hearing I didn't realize just how long
12 it was going to be, and I had to get back to work, so I
13 couldn't complete it.
14          Your Honor, I have a residential mortgage with GMAC
15 Mortgage here in Florida.  Approximately two years ago or so,
16 we had an evidentiary hearing during our foreclosure
17 proceedings in front of Judge Luis Garcia, who the -- in the
18 Monroe County area.
19          At that hearing, there was a dispute over monies that
20 had been deposited with GMAC and exactly where those monies
21 were to be allocated and/or refunded.  As part of that hearing
22 it was agreed and the judge ordered that the monies were to be
23 segregated by GMAC; and in the event that the dispute which was
24 over a loan modification terms, were not resolved, that those
25 monies would be returned to me.  That loan modification never

1    came to fruition, and those monies were never returned to me.
2           I filed a claim under -- a secured claim, because
3    those monies, based on the instructions of the judge and how
4    counsel and the actual representative from GMAC proffered it to
5    the court, would be segregated and protected.  And now, they're
6    moving my claim, or trying to move my claim out of the secured
7    claim to an unsecured claim, and I don't necessarily believe,
8    unless my funds were absconded or, you know, just thrown into
9    the general till, you know, my monies should be somewhere and
10   hopefully I can get them back.
11          THE COURT:  Tell me how much money was it?
12          MR. DAVIDE:  It was approximately 15,000 dollars, Your
13   Honor.
14          THE COURT:  Okay.  Anything else you want to tell me,
15   now?
16          MR. DAVIDE:  That's all, Your Honor.
17          THE COURT:  Okay, thank you.
18          Mr. Rosenbaum?
19          MR. ROSENBAUM:  Your Honor, the motion on -- Mr.
20   Davide's motion was to reconsider Your Honor's prior order
21   expunging the claim.  I don't believe Mr. Davide's met the
22   standards for reconsideration, as we set forth in our papers.
23          THE COURT:  Well, let's deal -- I want to hear your
24   argument on the merits.  I mean, I -- you know --
25          MR. ROSENBAUM:  I appreciate that, Your Honor.

12-12020-mg    Doc 7115-2    Filed 06/16/14    Entered 06/16/14 12:57:09    Exhibit 2 -
November 15    2013 Transcript Excerpts    Pg 7 of 11

RESIDENTIAL CAPITAL, LLC, ET AL.                                        64

1          THE COURT: Just let me just finish my statement. The
2     claim was expunged because Mr. Davide didn't appear on the
3     telephone when the matter was called. I had obviously reviewed
4     the papers at the time. But he didn't have an opportunity to
5     speak. It's -- I'm not deciding yet whether to reconsider the
6     actual order expunging the claim. I've heard his argument now,
7     and I'd like to understand. So without waiving your argument
8     that the Court shouldn't -- that grounds for reconsideration
9     haven't been established, I'd like to hear the specific
10    response on the merits of the arguments about whether the claim
11    should be expunged. Okay?
12         MR. ROSENBAUM: Certainly, Your Honor.
13         Your Honor, we looked at both -- the company looked at
14    both the original claim, the response that Mr. Davide provided,
15    their own books and records. Mr. Davide didn't provide any
16    specifics as to which court it was in or which litigation in
17    terms of case numbers.
18         THE COURT: Well, I've now heard a name of the judge.
19         MR. ROSENBAUM: We did hear a name of judge. There
20    are many cases, apparently, pending that Mr. Davide has either
21    commenced or is a defendant in Monroe County.
22         THE COURT: Okay.
23         MR. ROSENBAUM: Based on the review of our records, we
24    weren't able to find anything that aligned to what Mr.
25    Davide --

1              THE COURT:  Okay.
2              MR. ROSENBAUM:  -- was alleging.  If Mr. Davide would
3     provide more details, I'd be happy to look into it further.
4     But based on our view of the records, we do not find any
5     basis --
6              THE COURT:  Okay.
7              MR. ROSENBAUM:  -- for a secured claim, Your Honor.
8              THE COURT:  All right.  So let me ask special
9     borrowers' counsel whether you've had any communications with
10    Mr. Davide and specifically whether you've at all been able to
11    identify the Florida State Court matter that Mr. Davide's
12    referred to, whether there was any order that was entered or a
13    transcript available that indicates the judge had indicated
14    that the funds should be segregated and held and returned to
15    Mr. Davide if there was no loan modification.  So I don't know
16    any of the basis for any of that, but let me ask whether
17    there's been such communication.
18             Mr. Nosek?
19             MR. NOSEK:  Your Honor, we have not had any --
20             THE COURT:  Okay.
21             MR. NOSEK:  -- communication with Mr. Davide.
22             THE COURT:  All right.
23             MR. NOSEK:  Obviously, if this goes forward, we would
24    certainly be able to reach out to him should he give us --
25             THE COURT:  All right.

12-12020-mg    Doc 7115-2    Filed 06/16/14    Entered 06/16/14 12:57:09    Exhibit 2 -
November 15    2013 Transcript Excerpts    Pg 9 of 11

RESIDENTIAL CAPITAL, LLC, ET AL.                                     66

1           MR. NOSEK: -- full contact information.
2           THE COURT: So Mr. Davide, what you may have heard me
3  say earlier, the unsecured creditors' committee in the case, at
4  an earlier point in the case, special counsel for borrowers'
5  issues was retained for the creditors' committee -- not to
6  represent borrowers individually, but to assist with
7  consideration of borrowers' claims in the case. And in many
8  instances, they've been quite helpful. It doesn't necessarily
9  lead to relief for a borrower in connection with a claim, but
10 it's usually been helpful in trying to help the Court better
11 understand the claim, particularly where someone is not
12 represented by counsel.
13          So what I would direct -- it's not just -- I'm not
14 just asking you, I'm directing -- that you speak with -- who
15 should -- Mr. Nosek, who should he call?
16          MR. NOSEK: First contact should be probably with
17 Brian Powers --
18          THE COURT: Okay.
19          MR. NOSEK: -- of our office.
20          THE COURT: Brian Powers, and the firm is
21 SilvermanAcampora.
22          Do you have Mr. Powers' phone number?
23          MR. NOSEK: I don't have his dir --
24          THE COURT: What's your general number?
25          MR. NOSEK: General number is 516-479-6300.

1        THE COURT:  Now, were you able to get that down, Mr.
2   Davide?
3        MR. DAVIDE:  516-479-6300?
4        MR. NOSEK:  That is correct.
5        THE COURT:  Okay.  So Brian Powers, who's an attorney
6   at SilvermanAcampora, he is one of the lawyers at
7   SilvermanAcampora who is working as special borrowers'
8   counsel -- special counsel to the creditors' committee for
9   borrowers' issues, and you need to speak with Mr. Powers within
10  the next week and we're going to reschedule this matter for a
11  hearing at another omnibus hearing.  I want -- perhaps Mr.
12  Powers can communicate with debtors' counsel and Mr. Davide
13  about finding a date reasonably soon at an omnibus hearing.
14  Mr. Davide can participate by telephone again.  But Mr. Davide,
15  I need to -- do you have a copy -- was there a written order or
16  is there a transcript of the hearing of the Florida State Court
17  proceeding where you indicated the judge directed GMAC to
18  segregate your funds pending the termination on a loan
19  modification?
20       MR. DAVIDE:  Not that I'm aware of, Your Honor.
21       THE COURT:  Okay.
22       MR. DAVIDE:  But I never asked or inquired.
23       THE COURT:  All right.  Well, what you need -- at a
24  minimum, what you need to be able to give to Mr. Powers is the
25  case name, case number and court in which it is or was pending,

12-12020-mg   Doc 7115-2   Filed 06/16/14   Entered 06/16/14 12:57:09   Exhibit 2 -
November 15   2013 Transcript Excerpts   Pg 11 of 11

RESIDENTIAL CAPITAL, LLC, ET AL.                                    68

1  and the date or the approximate date -- the precise date, if
2  possible, but the approximate date when you indicate that the
3  Court directed that the funds be segregated.  Okay?  Do you
4  have that information, Mr. Davide?  I don't want it now, but do
5  you have that information available?
6          MR. DAVIDE:  Yes.  I can get that information, Your
7  Honor.
8          THE COURT:  Okay.  So when -- you ought to make sure
9  you have that together.  You'll speak with Brian Powers.
10 You'll provide him with that information and any other -- and
11 have a conversation with him, any other information that you
12 can.  That'll be helpful to the Court in considering the
13 matter.  Okay?
14         MR. DAVIDE:  Consider it done, Your Honor.
15         THE COURT:  Thank you very much, Mr. Davide.  All
16 right.
17         MR. DAVIDE:  Thank you very much.  I appreciate it.
18         THE COURT:  So I'm not resolving the issue about
19 reconsideration.  I do want more information about the
20 borrowers' claim.  Okay?  Thank you.
21         MR. DAVIDE:  Thank you.
22         THE COURT:  And you're excused from the phone if you
23 wish, Mr. Davide.  Okay.
24         Go ahead, Mr. Rosenbaum.
25         MR. ROSENBAUM:  Thank you, Your Honor.  With that, I'm