GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin  53701-2719
(608) 257-3911

*Attorneys for ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | : | Case No. 12-12020 (MG) |
|  | : |  |
| Debtors. | : | Joint Administration |

**REPLY IN SUPPORT OF LIMITED OBJECTION OF THE RESCAP LIQUIDATING TRUST TO THE FINALAPPLICATION OF MORRISON COHEN LLP FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED DURING THE PERIOD FROM MAY 14, 2012 THROUGH DECEMBER 16, 2013**

The ResCap Liquidating Trust (the "**Trust**"), by its counsel, Godfrey & Kahn, S.C., submits this brief *Reply* to the *Response to Limited Objection of the ResCap Liquidating Trust to the Final Application of Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2012 Through December 16, 2013* [Docket No. 7103] (the "**Morrison Cohen Response**").  The Trust also submits this *Reply* in support of the *Limited Objection of the ResCap Liquidating Trust to the Final Application of Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2012 Through December 16, 2013* [Docket No. 7084] (the "**Morrison Cohen Objection**").

1

## INTRODUCTION

The Morrison Cohen Response in some cases acknowledges—but in most cases ignores—the significant billing and guidelines deficiencies the Trust has identified in Morrison Cohen's Final Fee Application. Simultaneously, Morrison Cohen expresses indignation at the Trust's "surprising lack of knowledge as to what actually happened in these cases." *See* Morrison Cohen Response at p. 2. The deficiencies the Trust has identified in Morrison Cohen's fee applications are based on the electronic billing data that Morrison Cohen itself submitted in support of its fee application. The objections rely on well-established principles governing the reasonableness and necessity of Chapter 11 fees in the Southern District of New York and beyond. Further, the Trust, through several members on its Board of Trustees, not only observed these proceedings at every stage, but directly participated from filing through plan confirmation and beyond. Morrison Cohen mischaracterizes its role in these cases, and the Trust asks that the Court sustain the Morrison Cohen Objection.

## REPLY ARGUMENT

1. The Trust, through two members of its Board of Trustees, has direct knowledge of these proceedings.

2. John S. Dubel, the Chairman of the Trust's board, was a co-chair of the Official Committee of Unsecured Creditors ("**OCC**") and participated at every stage of these cases. *See Declaration of John S. Dubel in Support of Limited Objection of the ResCap Liquidating Trust to the Final Application of Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2012 Through December 16, 2013* ("**Dubel Declaration**") at ¶¶ 1, 5-6, filed with this *Reply*.

3. With more than 30 years of experience in restructuring, Mr. Dubel served as the principal negotiator for the Financial Guaranty Insurance Company ("**FGIC**") with respect to the mediation resulting in the confirmed plan of reorganization in these cases. *Id.* at 2, 5.

4. The Morrison Cohen Response and supporting declarations assert that the firm played a central role in these cases. That opinion is not universally held.

5. The OCC initially requested that the ResCap Board of Directors appoint a Chief Restructuring Officer. The Board subsequently appointed Lewis Kruger on March 5, 2013. *See Declaration of Lewis Kruger in Opposition to the Objection of the ResCap Liquidating Trust to the Final Fee Application of Morrison Cohen LLP* [Docket No. 7104]. Mr. Kruger, himself, was an independent participant in the Debtors' management whose involvement and extensive experience should have reduced—not increased—the Independent Directors' concerns, and thus, need for advice from their separate counsel. Dubel Declaration at ¶ 8.

6. Morrison Cohen and the Independent Directors do not acknowledge that it was the actions of the Debtors' management and board—including the Independent Directors—and the ill-advised pre-petition agreement to release claims against Ally Financial for $750 million that necessitated the appointment of an Examiner, led to extensive litigation, and required the creditors to completely re-work the pre-negotiated plan of reorganization and related settlements in these cases. Dubel Declaration at ¶ 7.

7. While the Independent Directors undoubtedly played an important role in these proceedings, the participation of their separate counsel in every case event was not necessarily required. *See* Dubel Declaration at ¶ 9. In most cases, the Independent Directors' interests are well-protected by the debtor's experienced bankruptcy counsel. *Id.*

8. The involvement and participation by the Independent Directors' counsel in these proceedings extended well beyond providing legal advice with respect to the Examiner's investigation into the Independent Directors' role. This is the narrow area in which separate Independent Director representation was appropriate in these cases. *See id.* at 10.

9. The attendance of even *one* attorney for the Independent Directors—much less two or three—at every stage of these cases was unnecessary in most instances. In deference to the Independent Directors' belief that their counsel's attendance was necessary, however, the Trust has objected only to the presence of a second and (in many cases) third timekeeper at hearings and other events. *Id.* at 11.

10. The many internal conferences and meetings that Morrison Cohen conducted would not have been necessary if Morrison Cohen had appropriately narrowed the focus of its involvement and limited the number of attorneys and staff working on these cases.

11. That the client—whether a group of Independent Directors or any other case constituency—directed its attorneys to perform unnecessary, excessive, or duplicative work does not make the work "reasonable and necessary" as those terms are used in the bankruptcy code and cases.

12. Addressing Morrison Cohen's responses to individual objection items, the burden for any fee application is unavoidably on the applicant. Morrison Cohen failed to meet its burden as an initial matter, and its responsive explanations do not mitigate that failure. In particular:

   A. Morrison Cohen acknowledges that the absence of supporting time records in its electronic data is a result of its own data entry error. *See* Morrison Cohen Response at p. 16, n.1. The error is chargeable to Morrison Cohen—whose obligation is to submit detailed time records supporting *all* of its fee request.

4

B. Morrison Cohen denies that an attorney duplicated a paralegal's daily docket review notwithstanding the examples of that practice the Trust identified on Exhibit B-2 to the Morrison Cohen Objection and its express representation in the fee applications that no duplication would occur. *See Fourth Interim Application of Morrison Cohen LLP for Allowance of Interim Compensation for Professional Services Rendered and Expenses Incurred During the Period May 1, 2013 Through August 31, 2013* [Docket No. 5841] at p. 8. (stating that a "specially-trained" paralegal was tasked with the daily docket review, and that a "paralegal *or* an associate, *when the paralegal was unavailable*, spent time reviewing pleadings files each day . . .") (emphasis added).

C. Morrison Cohen has failed to explain the need for nearly $90,000 in equitable subordination research.

D. Morrison Cohen acknowledges that certain tasks the Trust identified in Exhibit G to the Morrison Cohen Objection are administrative and therefore not compensable, but asserts the bulk of the charges relate to a litigation database and that fees incurred in manipulating that database "cannot be considered administrative." *See* Morrison Cohen Response at pp. 20-21.

    i. In fact, the Trust did not object to more than 50 hours of database work billed primarily by the firm's specialized professional, but as displayed, did object to database-related tasks that are clearly administrative, such as "COORDINATE IMAGING OF PAM WEST HARD COPY DOCUMENTS" and "COORDINATE SCANNING 3 BOXES OF HARD COPY EXHIBITS WITH VENDOR."

5

        ii.       Morrison Cohen does not justify the maintenance of its own litigation database when the Independent Directors could access any necessary materials through the Debtors' own document management systems.

    E.       Morrison Cohen asserts that the Trust's assignment of an associate rate of $450 per hour is "arbitrary," though that is the rate that Morrison Cohen itself charged for its associate on these cases.

## CONCLUSION

Morrison Cohen may have viewed its role as central, but other case participants do not share that view. The billing practices and guideline deficiencies the Trust has identified illustrate Morrison Cohen's failure to meet its burden to support its own request for professional fees and expenses.

WHEREFORE, the Trust respectfully requests that the court sustain the Morrison Cohen Objection.

Dated: June 17, 2014.

                              **GODFREY & KAHN, S.C.**

                  By:   *s/ Katherine Stadler*
                              Katherine Stadler (KS-6831)

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
(608) 257-3911

*Attorneys for ResCap Liquidating Trust*

11645094.1