**POLSINELLI**
900 Third Avenue  21st Floor
New York, New York  10022
Daniel Flanagan, Esq.
Jason Nagi, Esq.

**UNITED STATED BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NER YORK**

| | | |
|---|---|---|
| In re: | ) | Case No.  12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL LLC, et.al. | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**OBJECTION TO MOTION FOR ORDER ESTIMATING CLAIMS AND ESTABLISHING DISPITED CLAIMS RESERVE FILED BY RESCAP BORROWERS CLAIMS TRUST**

COMES NOW the Claimant, William J Futrell, Claim No. 725, (hereafter "Claimant") and objects to the motion filed by ResCap Borrowers Claims Trust, as follows:

BACKGROUND

The Claimant had a mortgage, where the mortgage servicer was Homecomings Financial (A GMAC Company) and GMAC. GMAC serviced the Futrell mortgage, where there were violations of the controlling federal law, including but not limited to RESPA and FDCPA. Those laws provided for the standards for GMAC to act on the in the servicing of mortgage, with penalties for the violation of those laws. There were briefings to the Bankruptcy Court, with the supporting documentation on the sailent points of facts, law, and conclusions. There was, at minimum, penalties under section 3500.21 of RESPA, which is incorporated by reference.

That included the GMAC and the Homecomings Financial/GMAC correspondence, each dated June 10, 2009, to the Claimant. They were from the same sender, where the content materially differed, Including but not limited to the different amounts owed by the Claimant. (attached exhibits)

1



There were no formal pleadings that GMAC caused to filed against the Claimant for the real estate, based on the record of GMAC while servicing the Futrell mortgage.

The Claimant was notified of the proceedings in the Bankruptcy Court, and thereafter filed a claim against the Debtor, Residential Capital LLC. It was initially objected to by the Debtor.

There was the filing for the hearing on the *forty ninth omnibus objection to claims (no liability borrower claims-books and records)* by the counsel for the Debtors.

The Claimant was placed in their category designation of the General Unsecured-UNLIQUIDATED. A Response to the Objection of Futrell Claim was filed, with supporting documentation. There was the subsequent action of the Debtor's counsel to withdraw the objection to the Claimant, Claim No. 725, with the stipulation made in the matter regarding the instant claim of the Claimant.

The ResCap Borrowers Claims Trust filed their motion, with the objection deadline June 19, 2014, at 4 pm, and the hearing June 26, 2014, at 10 am.

## DISCUSSION

The instant motion from ResCap Borrowers Claims Trust requests an order from the Court to estimate claims and establish a Disputed Claims Reserve (DCR) with regard to claims in the matter.

They make reference to *RS-5 (RFC Unsecured Borrowers Claims)* and the *Disputed Class 5 Claims and Disputed ETS Borrower Claims* "...in connection with distribution to be made under the Plan". (page 1, motion) They state that the Trust seeks the Court's assistance in "...estimating claims in connection with establishing a realistic and prudent DCR...". (p. 3, #3, motion) It would include the Individual claim of the Claimant, which is unresolved, and the resolution within the Bankruptcy Court.

A statement was made with regard to the *Omnibus Objections*, going on to state, *Most of the largest, most contentious Borrower claims held by the most tenacious Borrowers, remained unresolved as of the*

2

*the Effective Date. Most of the claims should **not** (emphasis added) be allowed and in many if not all cases are inflated to an astonishing degree, so that if the Trust must use the filed amount of such claims to establish the DCR.* (page 3, #3, motion) This motion uses the words *most contentious* and *tenacious* Borrowers, without regard to fault of the Debtor's role in the creation of any filed unresolved claims.

The ResCap Borrowers Claims Trust noted that their calculations are predicated on *assumptions* (page 8, #16, motion) If the Trust would make *assumptions* with regard to the *...largest, most contentious...*, there must certainly be *assumptions* with Individual Claims that would affect their resolution.

There were the briefings made by the Claimant as to GMAC, where they specifically operated under the names of Homecomings Financial and GMAC. With regard to the Claimant, they were under the umbrella of ResCap and subject to the procedures in place for mortgage servicing.

The submission to the Court stated the controlling guidelines, noted their actions and documented those intentional actions GMAC. The violations of federal law were noted, and the penalties in place to redress the improper Debtor's conduct. Claimant attaches an example, where Debtor sends two letters, on the same date, June 10, 2009; and the content is materially different.

ResCap, dba GMAC, was charged with the obligation to service the Claimant's mortgage in a prescribed manner, and that was not done by ResCap. It was intentional by the Debtor, where the effect was to enhance the penalties under controlling law.

The Claimant refers to the statement of the Trust, where, " *All class claims have been substantially settled or otherwise resolved, although the settlement of one them, Rothstein, still needs to be finalized".* (p 9, #19, motion) Their statement was made and submitted to the Court in the instant motion. They make reference to a *meaningful distribution* (p 3, #3, motion), where they would define it without regard to the actual harm of the Claimant and the penalties under the law.

There is the basis in the Claimant's claim, where their outstanding claim would be estimated without

3

regard to the specific claim. They state *78 Individual Borrowers Claims have been allowed at an average of $22,584 per Allowed Claim* (p. 9, #19, motion), where the Debtor would use *assumptions* here.

The Futrell claim incorporates the Debtor's actions in the servicing of their mortgage, where they routinely failed to comply with the guidelines, to the detriment of the Claimant in all ways. Again, the controlling law provides for the penalties where the Debtor failed comply, and the Claimant would be subject to estimation under the Trust's motion. The Debtor makes assumptions of their plan.

This would be without the review of the Court, as the Claimant understands the motion and the effect it would have in the instant matter. Section 105A would be applicable, in pertinent part, *The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title...*with reference to title 28.

The motion makes reference to an analysis for an amount to achieve *Comparable Recovery Percentages (True-up),* with their statement that the only practical approach to the Borrower Trust was to fix its Comparable Recovery Percentages. They go on to state, *Borrower Claimant s would not be eligible to share in any increase in Comparable Recovery Percentage that might later occur...* (p 6, #14, motion) The Debtor was the cause of the Claimant's concerns, and they would limit the Claimant.

There was the statement that the Debtors performed the True-up analysis, with the assistance of the Court-approved financial advisory professionals. (p. 7, #15, motion) The fitness is to be determined.

The Claimant is in the position to address one Individual Claim, No. 725, filed with the Court. There is the statement may be made that the immediate claim against ResCap was based on the documented violations by GMAC. They were intentional and to the detriment of the Claimant. The facts created genuine harm and damages for the Claimant, and controlling law provides penalties. There is the belief that granting the motion of the Trust would improperly prejudice the Claimant, and the Claimant objects to the motion.

4

The matter is in the Bankruptcy Court, and the rights of the Claimant are affected as to available relief. The Debtor's actions were significant in the creation of the issues for the Claimant, for which there were proximate damages, notwithstanding any other Individual or other claim before the Court. Based on the information known to Claimant, the motion should be denied.

## CONCLUSION

The Trust stated in their motion, *The Trust desires to make distribution to the holders of Allowed Borrower Claims, but will be unable to do so unless the Court grants the motion.* This motion from the Trust assumes that their proposal is the only way to accomplish the end of distribution, and it is not. That would certainly be a solution for the Debtor, but the interests of claim holders should not be subordinated to them, absent a proper justification.

They assume claims are inflated to an astonishing degree (p. 3, #3, motion), where the Claimant would be included in that assumption of the Debtor. The Claimant submitted the Individual claim in the matter, which was briefed and documented with numerous exhibits. Estimating for Claimant's claim would be improper, where other claims may have unresolved claims before the Court.

The Claimant is rebuttably one of these 597 unresolved claims, where the proposal may prejudice the Claimant, where the *assumptions* from the Trust, where their assumptions may be invalid. And the issues that placed this claim before the Court were the result of problematic actions of the Debtor.

For the basis submitted to the Court, the Claimant submits the *objection* to the Trust's motion and would request that the requested relief be denied, and exercise section 105A, and other controlling law, as appropriate.

Respectfully submitted,

_____
Thomas Margolis   10189-18
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone 765-288-0600
*Attorney for William J Futrell, Claimant*

**GMAC Mortgage**
PO Box 780
Waterloo, IA 50704-078

---

### DEBT VALIDATION LETTER

---

June 10, 2009

06/04/09 15:00   0032010 20090610 EF3R0109 BrandCH I OZ DOM EF3R010000 146316 LT

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326-9090



RE:   Account Number: ███████
      Property Address:  8391 N 550 W
                         BRYANT, IN 47326

Dear William J Futrell:

You should have recently received a letter advising you that the servicing of your account has been transferred to GMAC Mortgage. As a result of this transfer, Federal law requires that we provide you with the following information.

GMAC Mortgage is servicing your account on behalf of RESIDENTIAL FUNDING CORP, which currently owns the interest in your account. As of June 4, 2009, the total amount of the debt is $73,341.47. Interest, late charges, legal costs and fees and other charges may also be included in the total amount of the debt. Please note that because interest, late charges, and other charges may continue to accrue on this debt, the total amount you pay may be greater than the amount indicated above.

Federal law provides that you have thirty (30) days after you receive this letter to dispute the validity of this debt or any part of it. If you DO NOT wish to dispute this debt or any portion of it within this thirty-day period, we will assume the debt is valid. If you DO wish to dispute this debt, notify us in writing within the thirty-day period and verification of the debt or a copy of a judgment against you will be provided to you by mail. In addition, we will provide you with the name and address of your original creditor if you request it in writing within the same thirty-day period. Please send all written requests to:

GMAC Mortgage
Attention: Customer Care
P.O. Box 4622
Waterloo, IA 50704-4622

This is an attempt to collect a debt and any information obtained will be used for that purpose.

**If you have been discharged of your personal liability for repayment of this debt, be advised that any action we may take, will be taken against the property only and not against you personally.**

As required by law, you are hereby notified that: We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

June 10, 2009

Homecomings and GMAC Mortgage
Account Number: ███████

**Property Address**
8391 N 550 W
BRYANT, IN 47326

05/04/09 15 00   0032010 20090610 EF3R0109 BrandCH 1 OZ DOM EF3R010000* 146316 LT

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN  47326-9090



Dear William J Futrell :

We are writing to notify you that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold, or transferred from Homecomings Financial, LLC ("Homecomings Financial") to GMAC Mortgage, LLC (GMAC Mortgage), effective July 1, 2009.

**Please note that GMAC Mortgage and Homecomings Financial are affiliated companies. The only change to your mortgage account will be the name of your loan servicer.** Your new loan payments will be made payable to GMAC Mortgage instead of Homecomings Financial. Your account number, place for payments, and all other information relating to your mortgage loan remains the same.

*The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.*

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after this effective date. In this case, all necessary information is combined in this one notice.

As of June 4, 2009 your current principal balance is $71,251.99, your current escrow balance is $0.00, your current interest rate is 9.750%, your total monthly payment is $657.25, and your next due date is 5/1/2009.

**Your present servicer is Homecomings Financial.**
Prior to July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call Homecomings Financial's Customer Care Department toll free at 1-800-206-2901 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

> **Your new servicer will be GMAC Mortgage.**
> Beginning July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call GMAC Mortgage's Customer Care Department toll free at 1-800-766-4622 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.
>
> **For GMAC Mortgage Customer Inquiries**
> Beginning July 1, 2009, written inquiries regarding your account should be directed to GMAC Mortgage's Customer Care Correspondence Department at the following address:
>
> > GMAC Mortgage
> > PO Box 4622
> > Waterloo, IA  50704-4622
>
> **For GMAC Mortgage Customer Payments**
> The mailing address for payments will not change. Payments will be processed by Homecomings Financial if received prior to July 1, 2009 and will be processed by GMAC Mortgage if received after July 1, 2009. Please send all payments due on or after that date to GMAC Mortgage at the following address:
>
> > GMAC Mortgage
> > PO Box 780
> > Waterloo IA  50704-0780
>
> or the address provided on your GMAC Mortgage billing statement.

**For Homecomings Financial Website Customer Payments**
If you have been utilizing the bill-pay service on Homecomings Financial's website, this service will be transitioned to the GMAC Mortgage Website, at www.gmacmortgage.com, via secure transfer in the near future. **Your user-name and password will not change and you will not need to re-register or re-enroll in your current payment program.**

**Other Important Information**
Please see the back side of this letter for additional information about Automatic Payment Deductions, Government Allotment/Bill Pay Services, Optional Insurances, Year-end Statements, Credit Reporting, and related information from the Real Estate Settlement Procedures Act (RESPA).

Homecomings Financial appreciated the opportunity to service your account. The team at GMAC Mortgage looks forward to servicing your

CERTIFICATE OF SERVICE

The Chambers of Martin Glenn
US Bankruptcy Court
One Bowling Green
New York, New York   10004


Office of US Trustee
US Federal Building
201 varick Street    Suite 1006
New York, New York   10014


Polsinelli
900 Third Avenue   21st Floor
New York, New York   10022
Daniel Flanigan, Esq.


Morrison & Foerster
1290 Avenue of the Americas
New York, New York   10104
Jonathan Pitts, Esq.

Sent by ___US MAIL___ to the above stated, on the __16__ day of __June__ 2014

_____
Thomas Margolis