Hearing Date: June 26, 20114 at 10:00 a.m.
Objection Deadline: June 19, 2014 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: ) Case No. 12-12020 (MG)
) 
) Chapter 11
RESIDENTIAL CAPITAL, LLC, et al., )
              Debtors, )
) Jointly Administered
)

## MOTION OF OBJECTION OF RESCAP BORROWERS CLAIMS TRUST'S MOTION FOR ORDER ESTIMATIATING CLAIMS AND ESTABISHING CLAIMS RESERVE

**COMES NOW,** Stephanie Harris, Creditor requests this honorable Court that, and in support thereof would show: motion of objection of Rescap Borrowers claim's trust's and motion of objection for order Estimating claims and establishing claims reserve.

1. Request was made timely to put trust under court supervision. Trustee Kravitz of Solution Trust filed an objection wrought with reassurance that the trust was under control. At no point was it disclosed that during his perpetual reconciliations, OCWENS two billion Dollar fine assessed by the Federal Consumer Protection Bureau, had to be taken into consideration amongst Mr. Talarico's calculations.

2. Request to establish that the Borrowers status was established by a system of switch and bait raising synthetically the amount, lowering the payout. There was never any intention to pay what is now to be reclassified as victim's class. The calculated conclusion based on Talarico's budget and calculations indicate that only $8,000,000.000 dollars should be evenly distributed amongst the remaining claims. The Talarico plan also indicates the hope the only $27,000.00 be allocated to each claimant. This proposed budget plan is unacceptable. Each claim is separate and individual with different degrees of documentation.

3. The Discovery of the Federal Consumer Protection Bureau that GMAC and OCWEN occupy the same building on Hammond Avenue for long term antecedent to the filing of Chapter 11 dismissed the alleged arms length purchase of GMACS's toxic paper at auction. The sale to OCWEN was a violation of the Sherman Anti Trust Act. As is the formation of Ally Bank. Chapter 11 filing should have from day one gone under the U.S.C 1.7 International Antitrust Enforcement act 1994. With the lateral placement of all assets into OCWEN and ALLY yet at same time failure to pay creditors.

4. The Federal Consumer Protection Bueareu fine against OCWEN December, 19 2013 two Billion dollars is the true upset of the disbursements to pay the Victim class (Borrower Class). The two Billion in relief came out of this budget and is true reason that the 31. % payment which were to be guaranteed by Ally bank with the gains of the IPO.has gone astray.

5. Hereby request that now is the time to put all of these assets under court supervision, a forensic audit. Rather than waste the Victims Class monies,with millions of audit funds utilize the. The CFTC forensic audit programs (as they monitor on a daily basis Billions of accounts to make sure that equity guarantees are maintained). This is a Federal issue . Federal resources in term of litigation frugality are called for. Request that the US Attorney's office use this resources to search the missing funds that have so distorted the payment to the creditors and the Borrowers classes

6. The movements and financial manipulation are in computer programs to track where and how the two Billion dollars in victim'(Borrowers)monies and other creditors are being calculated while sitting in escrow with Mr. Kravitz with the only intention to allocate the manner where the victims ( Borrowers) remedy has been unfairly lowered to an unfair amount of $27,000.00 dollars when the original guarantor of Ally Bank and the ability to look towards the error and omissions account of Solution Trust and Morrison and Morrison errors and omission policy to remedy victim's compensation which far exceeds a stipend of $27,000.00.

7. The new attorneys' whose tone and texture need their errors and omission accounts need be collected as the switch and bait of liabilities' is an attempt to hide liability from away from Kravitz Solution Trust. Watch. All these people have errors and omission accounts.

8. Hereby formal objection to estimation until a forensic audit is conducted showing the how the original plan, is so off track i.e. The two billion fine of Ocwen as ostensible partner of GMAC, and or put the guarantees in place with Ali guarantee and collaterizing all remain Creditor classes especially the Borrowers class ( i.e. the victim class.)

9. But here we are now. It is duty of this honorable court through errors and omissions policies, through Ally Bank's guaranteed collateralization and that was not to go forward with IPO. Fully fund all remaining creditors' status .31% to correct percentage per group. Place under court supervision and seizure all assets for systematic disbursement to perform forensic audit to find source of off track. Of tracking the source of the GMAC/ostensible partner OCWEN, two billion fine payment. Ally Bank who is current the current persona of GMAC through transfer of assets.

**Wherefore**, Defendant respectfully requests this Honorable Court. Motion of objection of Rescap Borrowers claim's trust's and motion of objection for order Estimating claims and establishing claims reserve.

Respectfully submitted,

**Stephanie Harris**

  Pro Se Creditor
  PO BOX 190504
  Miami Beach, FL 33119

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the of the motion of objection of Rescap Borrowers claim's trust's and motion of objection for order estimating claims and establishing claims reserve.

U.S. regular mail this _____ day of June 2014, to

upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein, Douglas Mannal, Stephen D. Zide and Joseph A. Shifer); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to

2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) counsel for Borrowers Claims Trust, Polsinelli, 900 Third Avenue, 21st Floor, New York, NY 10022 (Attention: Daniel J. Flanigan and Jason A. Nagi).