# EXHIBIT

# C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALLY FINANCIAL INC. and its indirectly wholly-owned subsidiary, GMAC MORTGAGE, LLC, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:12-CV-600 |
| v. | § § | |
| PHILLIP ROGER FLINN, II, | § § | |
| Defendant. | § § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Ally Financial Inc. and its indirectly wholly-owned subsidiary, GMAC Mortgage, LLC (collectively, "Ally" or the "Company"), bring this Complaint against Defendant Phillip Roger Flinn, II ("Flinn").

### I. PARTIES

1.   Ally Financial Inc. is a Delaware corporation with its principal place of business at 200 Renaissance Center, Detroit, Michigan 48265.

2.   GMAC Mortgage, LLC is a Delaware limited liability company with its principal place of business at 1100 Virginia Drive, Fort Washington, Pennsylvania 19034.

3.   Flinn is a natural person who resides at 10401 Samantha Drive, Frisco, Texas 75035 and is a citizen of the State of Texas. Flinn may be served with process at the foregoing address or wherever he may be found.

### II. JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Ally Financial Inc. is a citizen of Delaware and Michigan, GMAC Mortgage, LLC is

a citizen of Delaware and Pennsylvania, and Flinn is a citizen of Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Flinn because he is a resident of Texas.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to Ally's claims occurred in the Eastern District of Texas.

### III. THE FACTS

7. Ally is one of the world's largest automotive financial services companies. As the official preferred source of financing for General Motors, Chrysler, Saab, Suzuki, Fiat and Thor Industries vehicles, Ally offers a full suite of automotive financing products and services in key markets around the world. Ally's other business units include mortgage operations and commercial finance, and the Company's subsidiary, Ally Bank, offers online retail banking products.

8. Flinn joined Ally in 2001 as an Operations Manager at the Company's Lewisville, Texas data center. In his role as Operations Manager, Flinn was responsible for the maintenance and upkeep at the Company's two data centers. Flinn was entrusted with an $8.754 million budget to ensure that the Company's data centers were, at all times, functioning and fully operational.

9. On or about August 9, 2012, Ally's Global Security Department was provided information that suggested that Flinn was engaged in an inappropriate procurement kickback scheme. The scheme involved the misappropriation of goods and services invoiced to the Company's Lewisville data center.

10. After learning of the kickback scheme, two individuals in Ally's Global Security Department flew from Charlotte, North Carolina to Dallas, Texas and questioned Flinn at the

Lewisville data center about his dealings with various vendors, including but not limited to Sandstrom Electrical Company ("Sandstrom Electrical").

11.  During these interviews, Ally discovered that Flinn and John Sandstrom ("Sandstrom"), the Vice President of Sandstrom Electrical, have been friends for more than 25 years, that Flinn and Sandstrom often go hunting and fishing together, that Flinn received 10 acres of land from Sandstrom for a purchase price of $10.00, that Flinn is currently three years into building a house on the land sold to him by Sandstrom, and that Flinn and Sandstrom own a twin engine plane together.  Ally's Global Security Department also discovered that Sandstrom regularly submits invoices for work performed on days that he visits the Lewisville data center but does not actually provide any services, that Sandstrom has been paid for work that he started but did not complete, that Sandstrom has performed services at inflated prices, that most of Sandstrom's invoices provide little to no description of the services allegedly provided to Ally, and that Flinn has directed subordinate employees to approve all of these invoices for payment.

12.  Flinn allegedly created a barter system with Sandstrom and possibly other vendors whereby the vendors provide goods and perform services for Flinn's personal use and, in turn, Flinn ensures that the vendors' invoices are paid by Ally.  Flinn may also be receiving a financial benefit from monies paid by Ally.

13.  A number of products purchased by the Company purportedly for use at the Lewisville data center were delivered to Flinn's ranch.  As an example, night vision security cameras were purchased by Ally.  Flinn has admitted that he charged the cameras to Ally's account with a local vendor and diverted them to his ranch house for his personal use.

14.  Ally's investigation remains ongoing and in its initial stages, but the Company has terminated Flinn's employment.  Flinn has ceased cooperating in the investigation and will likely

"take the fifth" regarding the scope and extent of his wrongdoing. Ally is therefore pursuing its civil remedies in this action.

### IV. CAUSES OF ACTION

**A.    Misappropriation**

15.    Ally incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

16.    During his employment with Ally, Flinn was entrusted with Ally's confidential information, vendor relationships, credit relationships, employee relationships and the goods and services associated with these relationships and information. While employed by Ally, Flinn used this confidential information for personal gain without Ally's authorization or consent. In addition to misappropriating the confidential information, Flinn also misappropriated vendor and credit relationships to divert goods and services to himself for his personal gain. He further misappropriated the services of Ally's employees to facilitate the diversion of goods and services for his own personal gain. Flinn's misappropriation is the proximate cause of damages to Ally.

**B.    Tortious Interference with Business Relations**

17.    Ally incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

18.    Flinn willfully and intentionally interfered with the business relationships between Ally and its employees and Ally and its vendors. More specifically, he had vendors bill the Company for goods or services that were either diverted to him for his personal use, that were not performed for Ally, or that were performed or provided at inflated prices. Flinn interfered with Ally's relationships with its employees by using them to facilitate the transactions complained of with the vendors. Ally's employment relationship with these employees included an understanding that these employees were being paid to work for the benefit of Ally and that they

would act in the best interests of Ally and safeguard Ally's assets, and ensure that Ally received what it paid for in transactions with vendors. Flinn abused his authority by interfering with these relationships and by directing employees to take actions inconsistent with these duties. Flinn's actions are willful and malicious and intended to interfere with the relationships between Ally and its employees and vendors. These actions were without privilege or excuse and were the proximate cause of damages to Ally.

**C.    Breach of Fiduciary Duty and Duty of Loyalty**

19.    Ally incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

20.    Flinn owed a fiduciary duty and a duty of loyalty to Ally. Flinn was placed in a position of trust and confidence at Ally. As Operations Manager responsible for several facilities, he was entrusted with company assets, vendor relationships, employees, and purchasing authority. Flinn breached his fiduciary duty and duty of loyalty by using Ally employees and vendors for his personal gain. Further, Flinn breached his fiduciary duty and duty of loyalty by failing to safeguard company funds and assets. He also diverted goods and services paid for by Ally for his personal gain. Flinn also breached his fiduciary duty and duty of loyalty by attempting to destroy evidence relating to his conduct. Flinn's breaches of his fiduciary duty and duty of loyalty are the proximate cause of damages to Ally.

**D.    Conversion**

21.    Ally incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

22.    Flinn intentionally committed acts which constitute unlawful conversion of Ally's property. Specifically, Flinn had Ally pay for goods and services which were diverted to Flinn.

**PLAINTIFFS' COMPLAINT**                                                                                                      **PAGE 5**

Flinn used his position of trust with Ally to derive financial benefits which belonged to Ally. These acts of conversion by Flinn are the proximate cause of damages to Ally.

**E.      Exemplary Damages**

23.     Ally incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

24.     Flinn's conduct complained of herein was willful and done with malice, and in reckless disregard to the rights of Ally. Flinn was further grossly negligent in his actions. Ally is therefore entitled to recover exemplary damages.

**F.      Constructive Trust**

25.     Ally incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

26.     Flinn arranged for the transactions complained of herein. The goods and services were diverted to Flinn for his personal benefit. Further, Flinn caused Ally to pay money to vendors for which no adequate explanation has been provided by the vendors to insure that Ally received anything in return. There are, therefore, funds paid and unaccounted for. With respect to all goods and services diverted to Flinn, and to the extent any of the funds paid were diverted to Flinn, and he retained them for his own personal gain, Ally requests that the Court impose a constructive trust on all of the funds, goods and services obtained by Flinn. Ally requests that the constructive trust extend to all real estate and personal property (including, but not limited to Flinn's airplane) to which funds, goods, or services were diverted.

## V.  PRAYER FOR RELIEF

Ally respectfully prays that judgment be entered in its favor against Flinn and that it be granted the following relief:

(a) Actual damages;

(b) Exemplary damages;

(c) An order disgorging Flinn of his salary for the period of time he was breaching fiduciary duties and duties of loyalty;

(d) Costs of Court;

(e) Pre-judgment interest;

(f) Post-judgment interest;

(g) A constructive trust;

(h) Attorneys fees;

(i) And such other relief to which Ally has shown itself justly entitled.

Dated:  September 20, 2012                               Respectfully submitted,

By: /s/ William L. Davis
　　 William L. Davis, Esq.
　　 Texas Bar No. 05563800
　　 davisw@jacksonlewis.com
　　 Talley R. Parker, Esq.
　　 Texas Bar No. 24065872
　　 talley.parker@jacksonlewis.com

JACKSON LEWIS LLP
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 520-2400
Fax:  (214) 520-2008

**ATTORNEYS FOR PLAINTIFFS
ALLY FINANCIAL INC. and
GMAC MORTGAGE, LLC**

JS 44 (Rev. 09/11)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Ally Financial Inc., and its indirectly wholly-owned subsidiary, GMAC Mortgage, LLC

**DEFENDANTS**
Phillip Roger Flinn, II

**(b)** County of Residence of First Listed Plaintiff: Wayne, Michigan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William L. Davis and Talley R. Parker, Jackson Lewis LLP, 500 N. Akard, Suite 2500, Dallas, TX 75201, (214) 520-2400

Attorneys *(If Known)*
Richard C. Jenkins, 5641 Monticello Avenue, Dallas, TX 75206, (214) 748-5800

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1)
Brief description of cause:
Suit against former employee who misappropriated goods & services from employer & approved invoices for work not performed.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 09/20/2012
SIGNATURE OF ATTORNEY OF RECORD: /s/ William L. Davis

**FOR OFFICE USE ONLY**
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.