# EXHIBIT

# E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
## MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

This Stipulation and Order (the "Stipulation and Order") is made and entered into by,

between and among Residential Capital, LLC and GMAC Mortgage, LLC (the "Debtors") on the

one hand, and Phillip Roger Flinn II ("Flinn") on the other. Flinn and the Debtors are referred to

herein collectively as the "Parties" and each, as a "Party".

**WHEREAS**:

A.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

B.      The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.      Flinn's employment with the Debtors was terminated on or about September 14,

2012.

D.      On September 21, 2012, the Debtors and a non-debtor affiliate filed a complaint

commencing a post-Petition Date lawsuit against Flinn, and, subsequently, additional defendants,

in the United States District Court, Eastern District of Texas (the "Texas Court") in case no.

4:12-CV-00600, (the "Action"), which complaint has been subsequently amended to add

1


1212020130514000000000009

additional causes of action related to Flinn's employment by the Debtors and seeking damages from Flinn.

E.    On or about November 5, 2012, Flinn filed a proof of claim against Debtor Residential Capital, LLC, reflected as Claim No. 2401 on the official claims register maintained by the Debtors' claims and noticing agent (the "Proof of Claim").

F.    On November 5, 2012, in a post-Petition Date administrative proceeding (the "Unemployment Compensation Proceeding"), Flinn sought to appeal the denial of an award of unemployment compensation with the Texas Workforce Commission related to the termination of Flinn's employment by Debtors. After an initial adverse ruling from the tribunal, Flinn obtained a favorable ruling from the Texas Workforce Commission which ruling is now being contested by the Debtors.

G.    Flinn wishes to assert various claims, counterclaims, affirmative defenses, rights and interests against the Debtors relating to the Action and the Unemployment Compensation Proceeding (collectively, the "Claims"). The prosecution or enforcement of such Claims or proceedings may be subject to the automatic stay imposed by section 362(a) of the Bankruptcy Code as a result of the commencement of the Debtors' chapter 11 cases.

H.    On February 14, 2013, Flinn filed the Motion for Relief from Stay [Docket No. 3134] (the "Motion for Stay Relief"), pursuant to which Flinn sought relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code in order to assert various claims, counterclaims and defenses in the Action.

I.    The Parties have reached agreement under which the Debtors shall consent to a modification of the automatic stay pursuant to section 362(a) of the Bankruptcy Code to permit Flinn to prosecute all alleged Claims against the Debtors relating to or arising from the Action

and the Unemployment Compensation Proceeding, including, but not limited to, any removal,

refilling, or appeal in the Action or the Unemployment Compensation Proceeding (collectively,

the "Permitted Actions").


NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the

Parties, as follows:

**AGREEMENT:**

1.      The automatic stay imposed by section 362(a) of Bankruptcy Code, to the extent

applicable, shall be modified solely for the limited purpose of permitting Flinn to prosecute the

Claims in the Permitted Actions.

2.      Absent further order of this Court, Flinn shall not take any action to execute,

enforce or collect against the Debtors any judgment obtained by Flinn with respect to his Claims.

3.      This Stipulation and Order shall not be deemed or interpreted to be an admission

by any Party hereto of any of the matters set forth in this Stipulation and Order or otherwise,

including, without limitation, the extent, nature, validity, and priority of the Proof of Claim, and

the Parties reserve all rights with respect thereto.

4.      The Parties agree that the Permitted Actions shall be the sole proceedings in

which to resolve the Proof of Claim and that the Proof of Claim shall be limited to the amount of

any final judgment against the Debtors obtained in the Permitted Actions; provided, however,

that the foregoing is without prejudice to Flinn's right to seek allowance of an administrative

expense claim against the Debtors' estates. Flinn shall amend the Proof of Claim to reflect that

portion of any final judgment applicable to the Proof of Claim, if any, obtained in any Permitted

Action within twenty-one (21) days following the entry thereof.

5.      The term "Claims" shall be given its broadest interpretation in the law so as not to restrict or limit in any way, Flinn's right to assert any and all Claims whatsoever against the Debtors, to the extent set forth herein.

6.      The Stay Relief Motion is deemed moot and is hereby withdrawn.

7.      This Stipulation and Order shall not become effective unless and until it is entered by this Court. In the event that this Court fails to authorize and approve the terms and conditions of this Stipulation and Order in its entirety, then this Stipulation and Order shall be null and void, have no further force and effect and nothing contained herein shall be construed or deemed to be a waiver of the rights to any Party hereto, which rights are expressly reserved.

8.      This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of this Court.

9.      This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

10.      Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

11.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12.      The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

13.     The Parties acknowledge that this Stipulation and Order was drafted jointly by the Parties.

14.     This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order, including the execution or collection of a judgment obtained by Flinn against the Debtors.

*[Remainder of page intentionally left blank]*

Dated:  May 8, 2013

RESIDENTIAL CAPITAL, LLC AND
GMAC MORTGAGE, LLC

_/s/ Norman S. Rosenbaum_
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors*

PHILIP ROGER FLINN, II

_/s/ Judith P. Kenney_
Judith P. Kenney
Judith P. Kenney & Associates, P.C.
One Bent Tree Tower
16475 Dallas Parkway, Suite 330
Addison, Texas 75001-6870
Telephone:  (972) 713-6133
Facsimile:  972) 818-0388

*Counsel for Philip Roger Flinn, II*

**APPROVED AND SO ORDERED**

this 14th day of May, 2013 in New York

_/s/Martin Glenn_
MARTIN GLENN
United States Bankruptcy Judge