LAW OFFICES OF
# JEFFREY S. WALTERS
LLC

3000 ATRIUM WAY SUITE #2201
MOUNT LAUREL, N.J. 08054

TELEPHONE: (856) 552-1045
FACSIMILE: (856) 974-8859

EMAIL: jeffrey_walters@comcast.net

December 28, 2012

To Whom It May Concern

      RE:    Frank Reed v. GMAC Mortgage LLC and Residential Funding Corp.
               Docket No. L-1526-10 (Burlington County)

Dear Sir or Madam:

      I am an attorney licensed in the State of New Jersey. I write this letter at the request of Frank Reed. It is my understanding that Mr. Reed will be submitting a Request for Independent Foreclosure Review.

      Mr. Reed retained my office for the purpose of asserting an action for financial damages as a result of a foreclosure action filed against him. Under New Jersey law, the Fair Foreclosure Act requires that mortgage lenders provide borrowers with a Notice of Intention to Foreclose at least 30 days prior to instituting foreclosure proceedings. The purpose of this law is to give borrowers the opportunity to cure their mortgage arrearage before a foreclosure action is filed against them, which would cause irreparable harm to their credit and their ability to obtain credit. A borrower who receives proper notice would then have the opportunity to cure the arrears (or contest the allegation of arrears) before this type of financial damage is done. Mr. Reed contended that he never received any notice from the lender prior to the institution of foreclosure proceedings, and that if he had received such notice, he would have easily cured the arrears before the foreclosure action was filed. The Court dismissed the lender's foreclosure action against Mr. Reed when the lender was unable to demonstrate that it had sent proper notice prior to instituting the foreclosure action. The lender also filed a Lis Pendens upon filing of their improper foreclosure complaint, which clouded title to Mr. Reed's residence, and which should never have been filed in the first place. After the foreclosure action was dismissed by the Court, the lender failed to release the Lis Pendens as they were required to do, and have failed to do so to this day. This failure continues to produce ongoing financial harm.

      The improperly filed foreclosure action and Lis Pendens were particularly harmful to Mr. Reed, because he historically relied on credit in order to conduct his business and real estate ventures, and to earn money from these endeavors. In fact, he was on the verge of obtaining a routine business loan when the unexpected filing of the improper foreclosure action brought his financial life to a standstill, paralyzing his ability to conduct business endeavors already in progress and planned for the future. This one initiating event sent Mr. Reed's financial life into a tailspin from which he has not recovered and which has caused him significant economic damage.

LAW OFFICES OF
# JEFFREY S. WALTERS
LLC

  While the case was pending in the Court, Mr. Reed received a notice informing him of his right to Independent Foreclosure Review. As a result of this, Mr. Reed voluntarily sought dismissal of his legal action, so that he could participate in Independent Foreclosure Review and avoid the continued financial expense of litigation. Mr. Reed is free to reinstate his legal action in the future if he should desire to do so.

  Mr. Reed incurred a substantial bill for my services in this litigation. Attached are true copies of invoices detailing these services and the amount of legal fees.

  If you have any questions about these invoices or the nature of the services provided, please do not hesitate to contact me.

            Very truly yours,

            *[signature]*

JSW/jtg            Jeffrey S. Walters

cc: Mr. Frank Reed