# Lis pendens

From Wikipedia, the free encyclopedia
Jump to: navigation, search

***Lis pendens*** is Latin for "suit pending."[1] This may refer to any pending lawsuit or to a specific situation with a public notice of litigation that has been recorded in the same location where the title of real property has been recorded. This notice secures a plaintiff's claim on the property so that the sale, mortgage, or encumbrance of the property will not diminish plaintiff's rights to the property, should the plaintiff prevail in its case. In some jurisdictions, when the notice is properly recorded, *lis pendens* is considered constructive notice to the other litigants or other unrecorded or subordinate lienholders. The term is sometimes abbreviated as "*lis pend*".

In current practice, a *lis pendens* is a written notice that a lawsuit has been filed concerning real estate, involving either the title to the property or a claimed ownership interest in it. The notice is usually filed in the county land records office. Recording a *lis pendens* against a piece of property alerts a potential purchaser or lender that the property's title is in question, which makes the property less attractive to a buyer or lender. After the notice is filed, anyone who nevertheless purchases the land or property described in the notice takes subject to the ultimate decision of the lawsuit.

The recording office will record a lis pendens upon request of anyone who claims to be entitled to do so (e.g. because he has filed a lawsuit). If someone else with an interest in the property (e.g. the owner) believes the lis pendens is not proper, he can then file suit to have it expunged.

Some states' *lis pendens* statutes require the filer of the notice, in the event of a challenge to the notice, to establish that it has probable cause or a good likelihood of success on the merits of its case in the underlying lawsuit; other states do not have such a requirement.[2]

*lis pendens* applies in matters of parental responsibility as well.[3]

## Contents

- 1 History
- 2 Effect
- 3 See also
- 4 References

## History

Under the common law, the mere existence of a lawsuit potentially affecting the title to real property had the legal effect of putting the entire world on constructive notice of the suit;[4] anyone acquiring an interest in real property which was the subject of a pending suit took that

interest subject to the litigants' rights as they might be eventually determined, no matter how much later.[5] In effect, nothing relating to the ownership of the subject matter of the suit could be definitively changed while the suit was pending.[6] Innocent buyers might discover the existence of a lawsuit too late.

The harsh effect of this rule, and especially its effect on innocent purchasers (particularly vis-à-vis not-so-innocent sellers), led many jurisdictions to enact *lis pendens* statutes requiring a written notice, usually recorded in the land records where the real estate is located, for the notice provisions of the rule to be effective. Typically, a separate recorded instrument is required by statute if the lawsuit in question affects title to real property.[7] If the statutory requirements are met, the world is put on "constructive notice" of the existence of the suit, and any person acquiring an interest later does so subject to the outcome of the suit.

## Effect

*Lis pendens* is taken as constructive notice of the pending lawsuit,[8] and **it serves to place a cloud on the title of the property** in question until the suit is resolved and the notice released or the *lis pendens* is expunged. **Careful buyers will be unwilling to purchase land subject to a "lis pendens" or will only purchase the land at a discount, prudent lenders will not lend money on the security of the land and title insurance companies will not insure the title to such land**: title is taken subject to the outcome of the lawsuit. **Because so much real property is purchased with borrowed money, this usually keeps the owner from selling the property. It also may keep the owner from borrowing money secured by the property (such as to pay the costs of defending the suit).**

It is important to note that the presence of a *lis pendens* does **not** prevent or necessarily invalidate a transfer of the property,[9] although it makes such a transfer subject to the outcome of the litigation. Thus, the owner is not prevented from selling the land for (non-borrowed) cash, pledging it as security for a speculative loan, or giving it away—subject to the outcome of the lawsuit. However, once the *lis pendens* is recorded, the recipient (a "purchaser" or "grantee *pendente lite*")[10] would be deemed to have notice of the litigation and might lose their title to the property if the plaintiff's suit prevails.

While it is generally thought of in connection with real property (land, buildings, and the like), the doctrine of *lis pendens* also applies to personal property.[11] Frequently, *lis pendens* statutes only apply to real property, so the common-law doctrine probably still applies to personal property.

## See also

- Lis alibi pendens

## References

1. ^ Black's Law Dictionary, p. 950 (8th ed.), 1999.

2. ^ *E.g.*, *McAteer v. Lauterbach*, 908 A.2d 1168, 1170 (D.C. 2006).
3. ^ Art. 16 - 20 Brussels II Regulation
4. ^ *E.g.*, *First Maryland Financial Services Corp. v. District-Realty Title Insurance Corp.*, 548 A.2d 787, 791 (D.C. 1988); *Malcolm v. Superior Court (Green)*, 29 Cal.3d 518, 523 (1981).
5. ^ *District of Columbia Redevelopment Land Agency v. Dowdey*, 618 A.2d 153, 161 fn. 14 (1992).
6. ^ *E.g.*, *Lewis v. Jordan Investments, Inc.*, 725 A.2d 495, 500 (D.C. 1999).
7. ^ *E.g.*, Calif. Code of Civil Procedure §§ 405–405.61; D.C. Code § 42-1207 (formerly § 45-906.1), enacted 2000.
8. ^ R.I. Weil & I.A. Brown, Jr., California Practice Guide: Civil Procedure Before Trial ¶ 15:1.
9. ^ *E.g.*, *1st Atlantic Guaranty Corp. v. Tillerson*, 916 A.2d 153, 157 (D.C. 2007); see also *Morrison v. Shuster*, 1 Mackey 190, 200, 1881 U.S.App.Lexis 2702 (1881).
10. ^ *1st Atl. Guar. Corp. v. Tillerson*, 916 A.2d 153, 157, quoting Powell on Real Property § 82A.01 [1] (2006).
11. ^ *Weightman v. Washington Critic Co.*, 4 App. D.C. 136 (1894).