Westlaw.

30 NJPRAC § 24.16                                                                                    Page 1
30 N.J. Prac., Law of Mortgages § 24.16 (2d ed.)

New Jersey Practice Series TM
Current through the 2008 Update

Law Of Mortgages
Myron C. Weinstein[a0]

Chapter 24. New Jersey's Fair Foreclosure Act
B. NOTICE OF INTENTION

§ 24.16. Notice of intention—Failure to notice; allegation in complaint

**West's Key Number Digest**

West's Key Number Digest, Mortgages ⚖413
West's Key Number Digest, Mortgages 440
West's Key Number Digest, Mortgages 444.1
West's Key Number Digest, Mortgages 450

**Legal Encyclopedias**

C.J.S., Mortgages § 623

C.J.S., Mortgages § 633

C.J.S., Mortgages § 635

C.J.S., Mortgages § 641

If a notice of intention is defective, defectively given or simply not given at all, the only safe course of conduct for the lender's attorney to follow is to give another notice or, if foreclosure has already been instituted, dismiss the action and give the debtor a valid notice before commencement of a new action. It is questionable whether the lender may simply give the debtor a valid notice and then file an amended complaint. If the filing of the original complaint is deemed void, it is doubtful that a void complaint can be amended. Moreover, the statute requires service of a notice of intention before the residential mortgage lender may "commence" foreclosure.[1] The filing of an amended complaint would not technically constitute the commencement of foreclosure, but rather an amendment to an existing foreclosure. In any event, a lender's attorney seeking to use the amended judgment approach should obtain an order from the vicinage chancery judge expressly permitting this procedure.

The return notice[2] used by the Office of Foreclosure provides in part:

1. No allegation in complaint concerning compliance with Notice of Intention to Foreclose requirements of the Fair Foreclosure Act.

(A) If Notice of Intention to Foreclose was not given to debtors before the filing of the complaint, then com-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

12-12020-mg    Doc 7153-7    Filed 06/19/14    Entered 06/23/14 11:38:52    Exhibit 7
Pg 2 of 5
Page 3 of 6

30 NJPRAC § 24.16                                                                                           Page 2
30 N.J. Prac., Law of Mortgages § 24.16 (2d ed.)

plaint must be dismissed and a new complaint filed after Notice of Intention to Foreclose has been given pursuant to the Act.

(B) If Notice of Intention to Foreclose was given to debtors pursuant to the Act, complaint must be amended to so allege. Amended Complaint or complaint and amendment to complaint must be re-served on debtors (as same is defined in the statute) with original service of process.

Thus, attorneys are forewarned. If the notice of intention has not been served on the debtors, the Office of Foreclosure will require a dismissal of the action and the filing of a new action and complaint. If the notice has been served but an allegation of compliance is not set forth in the foreclosure complaint, the Office will require an amendment and re-service.

As to Pennsylvania's Act 6,[3] which contains notice of intention requirements[4] substantially similar to the New Jersey statute, it has been held[5] that a lender's right to accelerate and foreclose exists independently of the statute which creates only a condition precedent to foreclosure. Thus, a technical failure to comply with the notice of intention requirements will be corrected by postponing plaintiff's right to proceed for 30 days to give defendants the right to cure without liability for costs and attorney's fees. Other Pennsylvania courts have taken the same approach,[6] where foreclosure complaints were not dismissed for lenders' failure to give each mortgagor a separately mailed notice of intention, where non-receipt of the notice of intention was not alleged by the mortgagors. On the other hand, other Pennsylvania courts[7] and a federal Bankruptcy Court[8] have found that the notice requirements of Act 6 are jurisdictional and failure to comply with their requirements deprives the court of jurisdiction over the subject matter.

The Bankruptcy Court has even set aside a Pennsylvania sheriff's sale for failure by the mortgagee to prove that it complied with Act 6's notice requirements.[9]

Pennsylvania courts[10] have also said that technical violations of the statute should not significantly adversely affect a lender's rights under the notice of intention.

In GE Capital Mortgage Services, Inc. v. Weisman,[11] plaintiff claimed that it sent a notice of intention to the mortgagor in compliance with the Fair Foreclosure Act, but was unable to prove compliance despite the fact that the mortgagor denied receiving it. Because the court found that total noncompliance or bad faith were not involved—"merely plaintiff's inability to locate the records demonstrating service"—plaintiff was directed to forward, within ten days, by certified mail, return receipt requested, a new notice of intention giving the defendants thirty days from the mailing of the notice to reinstate the mortgage without liability for costs and attorneys fees. This way "defendants would be given all that they would have been entitled to prior to the commencement of the case, and plaintiff would not be prejudiced by having to bear the cost and time of having to reinstate the foreclosure action, nor would valuable court resources be wasted through this repetitive action. Under the circumstances, equitable considerations call for the alternative relief requested to be granted."[12]

The court in GE Capital noted that this issue had been addressed by Pennsylvania Courts pursuant to Act 6 and that there was a split of authority on the issue as previously mentioned in this section, with some decisions dismissing the complaint outright while others merely postponed plaintiff's right to proceed for thirty days giving defendants the right to cure during that period without liability for costs and attorneys fees. The court in GE Capital opted for the latter.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

30 NJPRAC § 24.16                                                                                               Page 3
30 N.J. Prac., Law of Mortgages § 24.16 (2d ed.)

The decision in GE Capital can be criticized on two grounds. First, plaintiff offered no real proof that it had actually sent the notice of intention to the mortgagor in this specific instance, only a general certification from plaintiff's bank officer that it was plaintiff's customary business practice to mail the notice of intention in accordance with the statute before referring the matter to its attorney with instructions to proceed with foreclosure. Plaintiff was unable to produce a registered or certified mail receipt from the post office showing that it had sent the notice, or a return receipt verifying that the notice had been received or even a certification of mailing of the notice signed by a bank employee. Thus, the standard of proof used by the court in support of the relief it granted is subject to strong potential abuses. Any plaintiff can say *in good faith* that it was its customary business practice to mail a notice of intention to the debtor without offering specific proof in the case at hand. In this regard, total noncompliance with the notice of intention requirement and failure to prove compliance in a specific instance amounts to the same thing—failure by plaintiff to carry its burden with respect to service of the notice of intention which goes to the very heart of the statute and the rights it affords debtors. Presumably, this is a primary reason why the statute requires registered or certified mailing, return receipt requested, of the notice in the first place, to avoid the very issue raised in GE Capital.

The second ground for criticism is the court's assertion that the mortgagor would not be prejudiced by being given the notice of intention pending foreclosure; that "defendants would be given all that they would have been entitled to prior to the commencement of the case." This in the author's view is erroneous. Once foreclosure is instituted, a mortgagor in point of actual practice must hire an attorney to defend against it. This is what happened in GE Capital. This results in substantial attorneys' fees making it more expensive for the mortgagor to cure. The fact that the notice of intention cannot include any of *plaintiff's* fees and costs will be of little consolation to the debtor-mortgagor who must pay its own legal and filing fees. Moreover, a notice of intention given during the pendency of a foreclosure action pursuant to court order will by necessity be given to the debtor at a much later point in time resulting in a higher cure amount than if given prior to institution of foreclosure. This may result in the debtor's inability to cure.

Giving the notice after institution of foreclosure compresses the time period between receipt of the notice by the debtor and entry of final judgment—the point in time when the debtor's right to cure is terminated. For example, in an ordinary situation there will be at least six to eight months between receipt of the notice of intention by the debtor and entry of final judgment. This gives the debtor substantial time to avail itself of the information contained in the notice, such as credit counseling and so forth. Where the notice is given after institution of foreclosure as in GE Capital, judgment may be entered within two to three months after receipt of the notice. This prejudices the debtor's rights under the notice. Also, the institution of foreclosure is traumatic to the debtor-mortgagor and creates a permanent court record which can be injurious to the debtor's credit. The notice of intention is meant to give the debtor a chance to prevent acceleration and institution of foreclosure. Obviously, giving the notice after foreclosure has been instituted will not effectuate this legislative purpose.

It appears, however, that the Appellate Division has now spoken out on the question of what remedy should be used where plaintiff fails to give a sufficient notice of intention under the Fair Foreclosure Act. In Cho Hung Bank v. Kim,[13] the Appellate Division approved and in fact followed the procedure set forth in G.E. Capital Mortgage Services, Inc. v. Weisman.

The court reversed and remanded the Chancery Divisions denial of a R. 4:50 motion to vacate a foreclosure judgment, in part because of plaintiff's failure to give a sufficient notice of intention to the mortgagors, with directions to the Chancery Division: to resolve the Fair Foreclosure act issue and if the act is inapplicable, then plaintiff could proceed forthwith to amended judgment based upon proper proof of the amount due. If the act is

[handwritten margin notes: GMAC's untimely filing scuttled my refi + caused the situation we are in NJ]

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

12-12020-mg    Doc 7153-7    Filed 06/19/14    Entered 06/23/14 11:38:52    Exhibit 7    Pg 4 of 5
Page 5 of 6

30 NJPRAC § 24.16                                                                                          Page 4
30 N.J. Prac., Law of Mortgages § 24.16 (2d ed.)

applicable, however, plaintiff is directed, as in G.E. Capital Mortgage Services, Inc. v. Weisman, to send a notice of intention to the mortgagors by certified mail and, depending upon their response, for the action to then proceed in the ordinary course under the Fair Foreclosure Act.[14]

In *EMC Mortgage Corporation v. Chaudhri*,[15] the Appellate Division cited *Cho Hung Bank v. Kim*[16] for the proposition that "'substantial compliance' with the contents of a notice of intent, sent by a lender prior to initiation of foreclosure, pursuant to N.J.S.A. 2A:50-56(c), was not authorized by the statute's terms."

The Appellate Division in *EMC Mortgage Corporation v. Chaudhri*,[17] in reversing the granting of summary judgment dismissing EMC's foreclosure complaint, disapproved of the remedy employed in *GE Capital Mortgage Servs., Inc. v. Weisman*—authorizing the mailing the notice of intention pending foreclosure to cure a technical deficiency—and ruled that the statutory mandate requires "that lenders send proper notice, by registered or certified mail, at least thirty days prior to the initiation of a foreclosure action .... courts are not free to deviate from the unambiguous statute."

The Appellate Division also stated: "We concur with the trial judge's dismissal, without prejudice, of Unicor's foreclosure [EMC's assignor] complaint due to the failure to send the notice of intent to foreclose prior to commencing suit."[18]

[FNa0] Of The New Jersey Bar, Former Chief, Office Of Foreclosure.

[FN1] N.J.S.A. 2A:50-56(a).

[FN2] "RETURN NOTICE CONCERNING COMPLIANCE WITH FAIR FORECLOSURE ACT."

[FN3] 41 P.S. § 103 et seq.

[FN4] 41 P.S. § 403.

[FN5] Gettysburg National Bank v. Trace, 13 Pa. D. & C.3d 679 (1980).

[FN6] Central Savings & Loan Association v. Reckart, 15 Pa. D. & C.4th 105 (1992); Ertel v. Seitzer, 31 Pa. D. & C.3d 332 (1982).

[FN7] Bankers Trust Co. v. Foust, 424 Pa.Super. 89, 621 A.2d 1054 (1993), appeal denied 535 Pa. 635, 631 A.2d 1007 (1993); Philadelphia Housing Authority v. Barbour, 405 Pa.Super. 140, 592 A.2d 47 (1991), affirmed 532 Pa. 212, 615 A.2d 339 (1992); Main Line Federal Sav. And Loan Ass'n v. Joyce, 632 F.Supp. 9 (E.D.Pa.1986).

[FN8] In re Soto, 221 B.R. 343, 352 (Bkrtcy.E.D.Pa.1998).

[FN9] Marra v. Stocker, 532 Pa. 187, 615 A.2d 326 (1992); and Sharp v. Fidelity Bond and Mortgage Co. (In re Sharp), 24 B.R. 817 (Bkrtcy.E.D.Pa.1982).

[FN10] In re Panas, 100 B.R. 734, 740 (Bkrtcy.E.D.Pa.1989), citing In re Vitelli, 93 B.R. 889, 897–99 (Bkrtcy.E.D.Pa.1988), and In re Mosley, 85 B.R. 942 (Bkrtcy.E.D.Pa.1988).

[FN11] GE Capital Mortgage Services, Inc. v. Weisman, 339 N.J.Super. 590, 773 A.2d 122

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

30 NJPRAC § 24.16
30 N.J. Prac., Law of Mortgages § 24.16 (2d ed.)

Page 5

(Ch.Div.2000).

[FN12] GE Capital Mortgage Services, Inc. v. Weisman, 339 N.J.Super. 590, 594, 773 A.2d 122, 124 (Ch.Div.2000).

[FN13] Bank v. Kim, 361 N.J.Super. 331, 825 A.2d 566 (App.Div.2003).

[FN14] Bank v. Kim, 361 N.J.Super. 331, 346–347, 825 A.2d 566, 575 (App.Div.2003).

[FN15] Bank v. Kim, 361 N.J. Super. 331, 825 A.2d 566 (App. Div. 2003).

[FN16] EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 946 A.2d 578, 586 (App. Div. 2008).

[FN17] EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 946 A.2d 578, 587 (App. Div. 2008).

[FN18] EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 946 A.2d 578, 587 (App. Div. 2008).

© 2008 Thomson Reuters/West

30 NJPRAC § 24.16

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.