# EXHIBIT 23

# Superior Court of New Jersey
# Civil Motion Calendar Case Detail



### Civil Part, Special Civil Part and Chancery-General Equity

Available data from 6/30/2010 to 8/11/2010, Last Update as of 7/14/2010.

This is the expanded version of your query.
To refine your results, return to the main calendar page, click on the "Search" button.
Email comments about this page

Search   Back   Help?

| | | | |
|---|---|---|---|
| **Venue** BURLINGTON | **Docket #** L-001526-10 | **Court** LCV |
| **Proceeding Date** 7/9/2010 | **Proceeding Time** 900 A M | **Court Room** 4B |
| **Proceeding Status** COMPLETE | **Case Filed Date** 5/10/2010 | |
| **Calendar Type** MOTION HEARING | **Judge Name** MARC M BALDWIN | |
| **Caption** REED VS GMAC MORTGAGE LLC | | |
| **Motion Type** MOTION FOR DISMISSAL | | |
| **Motion Status** DENIED | **Scheduled Hearing Date** 7/9/2010 | |
| **Oral Argument Requested** N | **Granted** N | **Granted Date** |
| **Motion Comment** FAILURE TO STATE A CLAIM | | |

| Atty Name | Party Name | Party Type | Filing Party |
|---|---|---|---|
| JEFFREY S. WALTERS | FRANK J. REED | PF | |
| FLEISCHER & FLEISCHER | GMAC MORTGAGE LLC | DF | F |
| JEFFREY S. WALTERS | CHRISTINA A. REED | PF | |
| FLEISCHER & FLEISCHER | CORP RESIDENTIAL FUNDING | DF | F |
| (ATTORNEY REQUIRED) | DOES 1-30 JOHN | DF | |

LAW OFFICES OF JEFFREY S. WALTERS, LLC
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiffs

| | |
|---|---|
| FRANK J. REED III and CHRISTINA A. REED, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| | BURLINGTON COUNTY |
| Plaintiff, | Docket No: L-1526-10 |
| v. | CIVIL ACTION |
| GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative, | BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |
| Defendants. | |

## STATEMENT OF FACTS

On or about May 19, 2008, Defendant filed a Complaint for Foreclosure in the Superior Court of New Jersey, Chancery Division, General Equity Part, Docket No. F-19177-08, seeking to foreclose Plaintiffs' equity of redemption in their home. On or about May 28, 2008, Defendant, through its agents, caused a Lis Pendens to be recorded with the Burlington County Clerk. Defendant failed to provide Plaintiffs with the "notice of intention" required by the Fair Foreclosure Act prior to filing its Complaint for Foreclosure on or about May 19, 2008. As a result, the Court dismissed the foreclosure case. Plaintiff has filed the instant case, which asserts a cause of action against Defendants for negligence and breach of contract. Defendants have moved to dismiss, contending that the Complaint fails to state a claim.

**LEGAL ARGUMENT**

POINT I: **DEFENDANTS' ASSERTION THAT THE COMPLAINT FAILS TO STATE A CLAIM IS CLEARLY WITHOUT MERIT**

Defendants' motion can be easily rejected. Plaintiffs' cause of action is for negligence. Specifically, Plaintiffs contend that Defendant had a legal duty to exercise care and to refrain from filing a foreclosure complaint prior to providing Plaintiffs with the Notice of Intent to Foreclose required by the Fair Foreclosure Act. The Fair Foreclosure Act requires that such Notice of Intent be served, by both regular and certified mail, before instituting such proceedings. N.J.S.A. 2A:50-56. Defendant failed to serve the Notice before filing its Complaint. Furthermore, Defendant filed a Lis Pendens after improperly filing the Complaint. Plaintiffs allege that Defendant deviated from the standard of care owed to them, and that Defendant's negligence proximately caused them economic injury. Defendant's assertion that negligence is not a viable claim simply lacks merit.

While the violation of a statute is not necessarily negligence per se, a statute creates standards of conduct, the "violation of which a jury in a negligence action should take into consideration in arriving at their ultimate determination of negligence." Horbal v. McNeil, 66 N.J. 99, 103 (1974). It has also been said that statutory violations are "evidence of negligence." Id. The question of whether Defendants were negligent, that is, whether they deviated from their standard of care, and whether such deviation was the proximate cause of Plaintiffs' economic damages, is one for a jury. There is simply no basis for Defendants to assert that the Complaint fails to state a claim. Notably, Defendants fail to cite any law for their proposition.

Furthermore, the Complaint asserts a cause of action in contract; that is, that Defendants had a contractual duty to first serve a Notice of Intent to Foreclose before proceeding with a foreclosure action.

2

Defendants observe that our courts have dismissed foreclosure actions when the lender could not demonstrate that a Notice of Intent to Foreclose was duly served on the borrower. See EMC Mortgage Corp. v. Chaudri, 400 N.J. Super. 126 (App. Div. 2008). While that is correct, it is patently irrelevant to the issue at hand, and certainly does not support Defendants assertion that Plaintiff has failed to state a claim. Defendant seems to be saying that the dismissal of the foreclosure action is sufficient relief for a borrower, and that a borrower should not be able to bring a civil action against the lender for negligence. Defendants apparently make the grand leap to that conclusion, with absolutely no support whatsoever. Defendants do not cite any law whatsoever for their conclusion.

In fact, the Fair Foreclosure Act on its face contradicts Defendants' argument. Specifically, it provides:

> The duty of the lender under this section to serve notice of intention to foreclose is independent of any other duty to give notice under the common law, principles of equity, State or federal statute, or rule of court *and of any other right or remedy the debtor may have as a result of the failure to give such notice.* N.J.S.A. 2A:50-56(e) (emphasis added).

Clearly, Plaintiffs are perfectly justified in prosecuting a civil action for negligence as a "right or remedy" for Defendant's failure to give notice.

Plaintiffs assert in their Complaint that Defendants failed to exercise the required standard of care, and negligently and/or recklessly filed a Complaint for Foreclosure and recorded a Lis Pendens against Plaintiffs' property without first discharging its statutory duty to provide a "notice of intention" as required by the Fair Foreclosure Act. Plaintiffs further assert that at the time of such improper filing, Plaintiffs were in the process of consummating financial transactions which, as a proximate result of Defendants' negligent and/or reckless conduct, were not consummated and which, but for Defendant's negligent and/or reckless conduct, would have been consummated. Plaintiffs further assert that at all relevant times, Defendants knew or should have known that a

3

foreclosure filing and Lis Pendens recording would severely compromise Plaintiffs' financial dealings, including but not limited to Plaintiffs' ability to obtain credit. Plaintiffs had a reasonable expectation that until such time as they would receive the proper statutory notice followed by the passage of the thirty (30) day period required by law, that they would have the ability to pursue their financial dealings in peace, free from the devastating effects that a foreclosure filing and Lis Pendens would inflict upon them. As further set forth in the Complaint, but for the negligent and reckless conduct of Defendants in prematurely filing a Complaint for Foreclosure and recording a Lis Pendens, Plaintiffs would have consummated a refinance transaction with another lender which would have paid off the mortgage and allowed them to cash out equity. Defendants' negligent and reckless actions made it impossible for Plaintiffs to consummate their financial transactions which had been pending, and destroyed Plaintiffs' credit and future ability to reinstate or pay off the mortgage loan as is permitted by the Fair Foreclosure Act. The fact that the foreclosure was ultimately dismissed nearly a year later did nothing to undo the catastrophic damage caused by Defendants' negligence. Clearly, these are triable issues of fact for a jury.

## CONCLUSION

For all of the foregoing reasons, the Plaintiffs respectfully submit that Defendants' motion to dismiss for failure to state a claim should be denied.

Respectfully submitted,

LAW OFFICES OF JEFFREY S. WALTERS, LLC

Dated: June 30, 2010                By: _____
                                    JEFFREY S. WALTERS

4