# EXHIBIT 26

**LAW OFFICES OF JEFFREY S. WALTERS, LLC**
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiff

FILED WITH THE COURT

JAN 0 6 2012

Susan L. Claypoole, J.S.C.

|  |  |
|---|---|
| FRANK J. REED III, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION |
|  | BURLINGTON COUNTY |
| v. | Docket No: L-1526-10 |
| GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative, | CIVIL ACTION |
|  | ORDER |
| Defendants. |  |

This matter having been opened to the Court by Law Offices of Jeffrey S. Walters, LLC, attorneys for the Plaintiff, Jeffrey S. Walters, Esq. appearing, for entry of an Order granting leave to amend complaint pursuant to Rule 4:9-1, and the Court having reviewed the moving papers and the Certification supporting the Motion, and any opposition, and good cause having been shown:

It is on this _6th_ day of January, 2012

ORDERED, that leave is hereby granted for Plaintiff to amend complaint pursuant to R. 4:9-1; and

IT IS FURTHER ORDERED, Plaintiff shall file the Amended Complaint within 7 days of the date hereof consistent with the proposed amended complaint which was attached to Plaintiff's motion, and if Defendants wish to file an Answer to same, Defendants shall file an Answer to said Amended Complaint within the time period contemplated by R. 4:9-1.

IT IS FURTHER ORDERED, that a copy of this Order be served upon all parties within 7 days of the date hereof.

\\_ Opposed
___ Unopposed

Susan L. Claypoole, J.S.C.

**LAW OFFICES OF JEFFREY S. WALTERS, LLC**
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiff

|  |  |
|---|---|
| | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION** |
| **FRANK J. REED III,** | |
| | **BURLINGTON COUNTY** |
| Plaintiff, | |
| | **Docket No: L-1526-10** |
| v. | |
| | **CIVIL ACTION** |
| **GMAC MORTGAGE LLC,** | |
| **RESIDENTIAL FUNDING CORP.** | **AMENDED COMPLAINT** |
| **and JOHN DOES 1-30, Individually,** | |
| **Jointly, Severally and in the** | |
| **alternative,** | |
| | |
| Defendants. | |

Plaintiff, whose post office address is 817 Matlack Drive, Moorestown, New Jersey 08057, by way of Amended Complaint against the Defendants says:

### FIRST COUNT THROUGH FIFTH COUNT

1.     All paragraphs of the First Count through the Fifth Count of the Initial Complaint are repeated herein and made the First Count through Fifth Count of this Amended Complaint, but for the sake of brevity, same is not repeated in their entirety.

**WHEREFORE,** Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, attorney's fees, costs, interest, and any other relief as the court may deem proper, and as more fully set forth in the Initial Complaint.

## SIXTH COUNT

2.    The prior Counts are referred to herein and made a part of this Count, but for the sake of brevity are not repeated in their entirety.

3.    Pursuant to the Fair Foreclosure Act, NJSA 2A:50-53 et seq., Defendant was obliged to inform Plaintiff, in a properly prepared and served "Notice of Intention to Foreclose" as defined in that Act, that Plaintiff had the right to cure any mortgage default at any time prior to the entry of a final foreclosure judgment.

4.    Defendant failed to provide Plaintiff with the "Notice of Intention to Foreclose" required by the Fair Foreclosure Act prior to filing its Complaint for Foreclosure on or about May 19, 2008.

5.    Instead, Defendant filed a Complaint for Foreclosure containing a provision that the mortgage was being accelerated and falsely leading Plaintiff to believe that Plaintiff's only option was to remit the entire principal balance and interest, which at that time was over $1,000,000.

6.    At that time, Plaintiff was approximately 3 months in arrears and could have easily cured the default if Defendant had not deceived Plaintiff into believing that he did not have this right.

7.    By the time Defendant's Foreclosure Complaint was dismissed by the Court on February 9, 2009 for Defendant's failure to comply with the Fair Foreclosure Act, nine (9) months had elapsed during which the improper and illegal foreclosure action had subsisted.

8.    During the nine (9) months that Defendant's improper and illegal foreclosure action subsisted, Plaintiff's credit was destroyed and Plaintiff was paralyzed of any ability to obtain any loans to preserve and conduct his real estate business and to earn an income from same as he had historically done.

2

9.     Due to the financial paralysis caused by Plaintiff's improper and illegal foreclosure action, and its detrimental affect on Plaintiff's ability to obtain credit to earn an income from his real estate business, Plaintiff fell behind on his other financial obligations, further harming his credit and causing him to deplete all of his savings and cash reserves in order to live and support his household.

10.     By the time Defendant's Foreclosure Complaint was dismissed by the Court on February 9, 2009 for Defendant's failure to comply with the Fair Foreclosure Act, Plaintiff's credit and income-producing ability was destroyed and his savings and cash reserves depleted, leaving no meaningful ability to: (1) cure the mortgage arrears which by then were substantial; and (2) resume his income-producing endeavors which had been ongoing up until the point of Defendant's filing of its improper and illegal foreclosure complaint.

11.     As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff suffered economic injury, including but not limited to (1) economic injury stemming from Plaintiff's inability to consummate income-producing transactions which were in progress at the time Defendant filed its improper and illegal foreclosure action; (2) economic injury stemming from Plaintiff's inability to resume his income-producing endeavors which he had conducted for many years prior to Defendants' improper conduct; (3) economic injury from the loss of at least 3 income-producing rental properties to foreclosure due to Plaintiff's inability to service the mortgages as a result of his compromised income-producing ability; (4) economic injury stemming from the general destruction to Plaintiff's credit, and his compromised ability to obtain and use credit and/or the increase in cost of credit as a consequence of the direct and indirect damage done to his credit score; (5) economic injury stemming from the awareness by third-parties of the improper foreclosure and filed lis pendens as Plaintiff attempted to market his house, resulting in "lowball" offers from

3

potential buyers who otherwise would have made legitimate offers were it not for the perceived desperation caused by Defendant's actions; and (6) non-economic damages suffered by Plaintiff, including but not limited to the distress that goes with powerlessly watching his income-producing abilities being destroyed after many years of hard work, his inability to support his family in the manner they were accustomed to, the indignity of relying on others for financial assistance for basic needs, and the general destruction of his goals and aspirations for his family.

WHEREFORE, Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, including punitive damages, attorney's fees, costs, interest, and any other relief as the court may deem proper.

## SEVENTH COUNT

1.    The prior Counts are referred to herein and made a part of this Count, but for the sake of brevity are not repeated in their entirety.

2.    The actions and conduct of the Defendants were actuated by actual malice, and/or accompanied by a wanton and willful disregard of the injuries which might be suffered by Plaintiff.

3.    Defendants are liable for punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, including punitive damages, attorney's fees, costs, interest, and any other relief as the court may deem proper.

4

## **EIGHTH COUNT**

4.       The prior Counts are referred to herein and made a part of this Count, but for the sake of brevity are not repeated in their entirety.

5.       At all times hereinafter mentioned, Plaintiff was a "Person" as defined in the New Jersey Consumer Fraud Act.

6.       At all times pertinent hereto, Defendants were corporations and/or Limited Liability Companies duly organized and existing under and by virtue of the laws of the State of New Jersey or another State, and as such, were "Persons" as defined in the New Jersey Consumer Fraud Act.

7.       Defendants in all ways engaged in the act, use and employment of an unconscionable commercial practice, deception, fraud, false promise, misrepresentation, and the knowing concealment of material facts with the intent that Plaintiff rely upon such concealment, suppression or omission, in contravention of N.J.S.A. 56:8-2 and the Consumer Fraud Act.

8.       As a proximate result of Defendants' actions, Plaintiff has suffered an ascertainable loss under the Consumer Fraud Act.

**WHEREFORE,** Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, and in accordance with N.J.S.A. 56:8-1 et seq., treble damages, attorney's fees, costs, interest, and any other relief as the court may deem proper.

LAW OFFICES OF JEFFREY S. WALTERS, LLC
Attorney for Plaintiff

BY:_____

JEFFREY S. WALTERS

DATED: January 6, 2012

5

## CERTIFICATION OF SERVICE

In accordance with N.J.S.A. 56:8-20, the Plaintiff mailed a copy of this complaint to the Attorney General at Office of the Attorney General, PO Box 080, Trenton, NJ 08625-0080 on the date of filing of this Complaint with the Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Court Rule 4:25-4, Jeffrey S. Walters, Esq. is designated as trial counsel for the Plaintiff in the above matter.

## JURY DEMAND

Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

LAW OFFICES OF JEFFREY S. WALTERS, LLC
Attorneys for Plaintiff

Dated: January 6, 2012                    By:_____
                                                 JEFFREY S. WALTERS

## CERTIFICATION

Pursuant to New Jersey Court Rule 4:5-1, the plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding, to the best of plaintiff's knowledge or belief. The plaintiffs further certify that plaintiffs have no knowledge of any contemplated action or arbitration proceeding regarding the subject matter of this action and that, other than the parties set forth in this pleading, the plaintiffs are not aware of any other parties who should be joined in this action. In addition, plaintiffs recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

LAW OFFICES OF JEFFREY S. WALTERS, LLC
Attorneys for Plaintiff

Dated: January 6, 2012                    By:_____
                                                 JEFFREY S. WALTERS

6