# EXHIBIT 27

**8.60      PUNITIVE DAMAGES ACTIONS — GENERAL**
(Approved 3/2000; Revised 12/2011)[1]

## *NOTE TO JUDGE*

This charge incorporates the statutory changes in Public Law 1995, ch. 142, *N.J.S.A.* 2A:15-5.9 *et seq.*, the *Punitive Damages Act.* That Act includes the following procedural requirements:

(a)     Punitive damages must be specifically prayed for in the complaint. *N.J.S.A.* 2A:15-5.11.

(b)     Consistent with *Herman v. Sunshine Chemical Specialties*, 133 *N.J.* 329, 342 (1993), the trial court must conduct a bifurcated trial on punitive damages. In other words, the punitive damages claim must be tried after the liability and damages phase of a compensatory damages trial. Evidence relevant only to punitive damages is not admissible in the liability and compensatory damages phase. *N.J.S.A.* 2A:15-5.13.

(c)     A punitive damage trial is conducted only if compensatory damages have been awarded.  Nominal damages can not support an award of punitive damages. *N.J.S.A.* 2A:15-5.13.

(d)     When there are two or more defendants, an award of punitive damages must be specific as to each defendant and each defendant is liable only for the award made against him or her. N.J.S.A. 2A:15-5.13 (e).

(e)     There is a cap on punitive damages — five times the amount of compensatory damages or $350,000, whichever is greater.  The jury shall not be informed that there is a cap on punitive damages.[2]

---

[1]  The Model Civil Jury Charge Committee suggests that the trial judge not explain to the jury at the outset of the trial that there is a request for punitive damages. Of course, the trial judge should take into account the additional time needed to complete the bifurcated hearing in a punitive damages action and should build that time into the schedule given to the jury at the outset.

[2] The Model Civil Jury Charge Committee has included separate punitive damage charges under the LAD charge (8.61) and CEPA charge (8.63) which are exempt from the punitive damage cap under *N.J.S.A.* 2A:15-5.14. Punitive damages awarded in LAD cases (8.61) and in CEPA cases (8.63) are exempt from the punitive damage cap under *N.J.S.A.* 2A:15-5.14.

(f)    Before entering judgment for punitive damages, the trial judge must ascertain whether the award is reasonable and justified in light of the purposes of punitive damages. The judge may reduce or eliminate the award if the judge considers that such action is necessary to satisfy the requirements of the statute. *N.J.S.A.* 2A:15-5.14(a).

## GENERAL CHARGE

If you find that defendant[3] has *[insert a specific description of the intentional conduct giving rise to a claim for punitive damages]* you must consider whether or not to award punitive damages to (plaintiff). Punitive damages are awarded to punish (defendant). (Plaintiff) is not automatically entitled to punitive damages simply because you have found that the defendant has *[insert a specific description of the intentional conduct giving rise to a claim for punitive damages]* or because you have awarded damages to compensate (plaintiff) for his/her/its injury. You may award punitive damages only under certain circumstances.

### 1. INTENT OF PUNITIVE DAMAGES

The purposes of punitive damages are different from the purposes of compensatory damages. Compensatory damages are intended to compensate (plaintiff) for the actual injury or loss he/she/it suffered as a result of (defendant's) misconduct. In contrast, punitive damages are intended to punish a wrongdoer and to

---

[3] Placing the words "plaintiff" and "defendant" in parentheses is intended to suggest that the trial judge may use the names of the parties, in lieu of their status in the lawsuit, if he or she wishes.

deter the wrongdoer from similar wrongful conduct in the future.[4]  Punitive damages

are designed to require the wrongdoer to pay an amount of money that is sufficient to

punish (defendant) for particular conduct and to deter that party from future

misconduct.  Punitive damages are not to be awarded as a routine matter in every

case; they are to be awarded only in exceptional cases, to punish a party who/which

has acted in an especially egregious or outrageous matter and to discourage that party

from engaging in similar misconduct in the future.   Therefore, (plaintiff) is not

entitled to punitive damages simply because you have found that (defendant) engaged

in specific conduct or because you have awarded damages to compensate (plaintiff)

for his/her/its injury. You may award punitive damages to (plaintiff) only if you find

that (plaintiff) has proved certain additional matters.

## 2. STANDARD OF PROOF FOR PUNITIVE DAMAGES

To support an award of punitive damages here, you must find that (plaintiff)

has proved, by clear and convincing evidence, that the injury, loss, or harm suffered

by (plaintiff) was the result of (defendant's) acts or omissions [5] and that either (1)

(defendant's) conduct was malicious or (2) (defendant) acted in wanton and willful

---

[4]  The Appellate Division in *Tarr v. Ciasulli*, 390 *N.J. Super.* 557 (App. Div. 2007), aff'd, 194 *N.J.* 212, 224 (2008) found that the *New Jersey Punitive Damages Act, N.J.S.A.* 2A:15-15-5.9, *et al.* does not permit counsel to urge the jury to increase a punitive damage award to enhance the general deterrence of others. Accordingly prior language in earlier Model Charge allowing punitive damages to be awarded as a "deterrence to others" was deleted.

[5]  *N.J.S.A.* 2A:15-5.12(a).

disregard of (plaintiff's) rights. Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. Willful or wanton conduct is a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission.

The standard of "clear and convincing evidence", which I mentioned above, means that evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. This is different – and less – than proof beyond a reasonable doubt. This is also different – and more - than a preponderance of evidence to support an award of punitive damages.

In determining whether to award punitive damages, consider all relevant evidence, including but not limited to the following: (1) the likelihood, at the relevant time, that serious harm would arise from (defendant's) conduct; (2) (defendant's) awareness or reckless disregard of the likelihood that such serious harm would arise from (defendant's) conduct; (3) consider the conduct of (defendant) upon learning that his/her/its initial conduct would likely cause harm; and (4) consider the duration of the conduct or any concealment of that conduct by (defendant).[6]

---

[6] *See N.J.S.A.* 2A:15-5.12(b), providing that the trier of fact must consider these four factors in determining whether punitive damages should be awarded. Other factors may be considered as well; the four statutory factors are not intended to be exclusive.

## 3. AMOUNT OF PUNITIVE DAMAGES

If you decide that (defendant) has engaged in the type of wrongdoing that justifies punitive damages, you must decide the amount of punitive damages that should be awarded.

In doing so, you must consider all relevant evidence, including but not limited to, evidence of the four factors that I discussed in connection with your determination as to whether punitive damages should be awarded at all. These are: (1) the likelihood, at the relevant time, that serious harm would arise from (defendant's) conduct; (2) (defendant's) awareness or reckless disregard of the likelihood that such serious harm would arise from his/her/its conduct; (3) the conduct of (defendant) upon learning that his/her/its initial conduct would likely cause harm; and (4) the duration of the conduct or any concealment of it by (defendant).

Consider, also, the profitability, if any, of the misconduct to (defendant); when the misconduct was terminated; and the financial condition of (defendant) or his/her/its ability to pay the punitive damages award.[7] You must also make certain

---

[7] *See N.J.S.A.* 2A:15-5.12(c). Sec. 5.12(c) provides that the trier of act must consider these factors in determining whether punitive damages should be awarded. However, the trier of fact may consider additional factors, if appropriate, since the statutory factors are not intended to be exclusive. The trial judge should also instruct the jurors on any other aggravating or mitigating factors, if warranted by the evidence, that may justify an increase or reduction in the amount of punitive damages. With regard to the "financial condition" factor, *see Herman v. Sunshine Chemical Specialties, Inc.,* 133 *N.J.* 329, 345 (1993).

that there is a reasonable relationship between the actual injury and the punitive damages. [8]

## 4. CONCLUSION

After considering all these factors, you should exercise your judgment and determine (1) whether punitive damages should be awarded in this case; and (2) if you decide to award punitive damages, what the proper amount should be. [9]

---

[8] *Fischer v. Johns-Manville Corp.*, 103 *N.J.* 643, 675 (1986).

[9] Occasionally, as in *Rusak v. Ryan Automotive. L.L.C., at als.*, 418 *N.J.* 107 (A. D. 2011), one jury may award compensatory damages and a second jury must address a punitive damages claim. In that event, the second jury must be told that it was determined in a different forum that defendant(s) engaged in unlawful or improper conduct and that plaintiff was awarded compensatory damages resulting from that conduct in specific categories (e.g., back pay) and amounts. In *Rusak, supra*, the first jury declined to award damages for emotional distress; the Appellate Division ruled that the second jury must be told that no award was made for emotional distress.