LAW OFFICES OF JEFFREY S. WALTERS, LLC
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiff

|  |  |
|---|---|
| FRANK J. REED III,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>BURLINGTON COUNTY<br><br>Docket No: L-1526-10<br><br>CIVIL ACTION<br><br>NOTICE OF CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT, PURSUANT TO R. 4:9-1 |

TO:
Brian M. Fleischer, Esq.
FLEISCHER, FLEISCHER & SUGLIA
Plaza 100 at Main St., Ste 208
Voorhees, NJ 08043
Attorneys for Defendants

**PLEASE TAKE NOTICE** that on **January 6, 2012, at 9:00 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys for Plaintiff shall move this Honorable Court for an Order granting leave to amend complaint, pursuant to R. 4:9-1.

In support of this Motion, moving party will rely upon the Certification of Jeffrey S. Walters, Esq., attorney for Plaintiff.

Moving party does not request oral argument at this time, but reserves the right to request same if opposition is filed.

**Pursuant to R. 4:9-1: A copy of the proposed Amended Complaint is annexed hereto.**

LAW OFFICES OF JEFFREY S. WALTERS, LLC
Attorneys for Plaintiff

Dated: December 29, 2011     By: _____
                                 Jeffrey S. Walters

**LAW OFFICES OF JEFFREY S. WALTERS, LLC**
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiff

| | |
|---|---|
| FRANK J. REED III, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| v. | Docket No: L-1526-10 |
| GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative, | CIVIL ACTION |
| | CERTIFICATION IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO R. 4:9-1 |
| Defendants. | |

I, being of full age, hereby certify and say:

1. I am Jeffrey S. Walters, Esq., an attorney with the law firm of Law Offices of Jeffrey S. Walters, LLC, attorneys for the Plaintiff in the above-captioned matter.

2. I make this Certification in support of Plaintiff's motion for leave to amend complaint, pursuant to Rule 4:9-1.

3. Rule 4:9-1 provides that "a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice."

4. The proposed Amended Complaint is attached to the Notice of Motion, pursuant to R. 4:9-1.

5. The Amended Complaint is sought for the following reasons:

    i. Count 6: To more fully set forth the damages flowing from the failure to provide a Notice of Intent to Foreclose.

    ii.  Count 7: To add a count for punitive damages.

    iii.  Count 8: To add a count for violation of the Consumer Fraud Act.

6.  The discovery end date is February 15. It is asserted that the amendment will not cause any delay in this matter, and that the discovery heretofore conducted would not have been conducted any differently had the amended counts been included in the original complaint.

I certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 29, 2011          JEFFREY S. WALTERS

2

LAW OFFICES OF JEFFREY S. WALTERS, LLC
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiff

|  |  |
|---|---|
| FRANK J. REED III, | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| v. | Docket No: L-1526-10 |
|  | CIVIL ACTION |
| GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative, | ORDER |
| Defendants. |  |

This matter having been opened to the Court by Law Offices of Jeffrey S. Walters, LLC, attorneys for the Plaintiff, Jeffrey S. Walters, Esq. appearing, for entry of an Order granting leave to amend complaint pursuant to Rule 4:9-1, and the Court having reviewed the moving papers and the Certification supporting the Motion, and any opposition, and good cause having been shown:

It is on this _____ day of January, 2012

**ORDERED**, that leave is hereby granted for Plaintiff to amend complaint pursuant to R. 4:9-1; and

**IT IS FURTHER ORDERED**, Plaintiff shall file the Amended Complaint within 7 days of the date hereof consistent with the proposed amended complaint which was attached to Plaintiff's motion, and if Defendants wish to file an Answer to same, Defendants shall file an Answer to said Amended Complaint within the time period contemplated by R. 4:9-1.

**IT IS FURTHER ORDERED**, that a copy of this Order be served upon all parties within 7 days of the date hereof.

____Opposed
____Unopposed                                              _____

LAW OFFICES OF JEFFREY S. WALTERS, LLC
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
Attorneys for Plaintiff

|  |  |
|---|---|
| FRANK J. REED III, <br><br>　　　　Plaintiff, <br><br>v. <br><br>GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative, <br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY <br>LAW DIVISION <br><br>BURLINGTON COUNTY <br><br>Docket No: L-1526-10 <br><br>CIVIL ACTION <br><br>PROOF OF SERVICE |

On December 29, 2011, I, the undersigned, mailed to Brian M. Fleischer, Esq., FLEISCHER, FLEISCHER & SUGLIA, Plaza 100 at Main St., Ste 208, Voorhees, NJ 08043 by regular mail, the following:

Notice of Motion For Order Granting Leave to Amend Complaint pursuant to R. 4:9-1, Certification in Support of Plaintiff's Motion and a proposed form of Order

I, the undersigned, also faxed to said attorney at 856-489-6439.

　　　I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: December 29, 2011

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Jeffrey S. Walters
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

**LAW OFFICES OF JEFFREY S. WALTERS, LLC**
3000 Atrium Way Suite 2201
Mount Laurel, NJ 08054
Telephone: (856) 552-1045
Telecopier: (856) 974-8859
<u>Attorneys for Plaintiff</u>

| | |
|---|---|
| **FRANK J. REED III,** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| v. | Docket No: L-1526-10 |
| GMAC MORTGAGE LLC, RESIDENTIAL FUNDING CORP. and JOHN DOES 1-30, Individually, Jointly, Severally and in the alternative, | CIVIL ACTION<br><br>AMENDED COMPLAINT |
| Defendants. | |

Plaintiff, whose post office address is 817 Matlack Drive, Moorestown, New Jersey 08057, by way of Amended Complaint against the Defendants says:

### FIRST COUNT THROUGH FIFTH COUNT

1. All paragraphs of the First Count through the Fifth Count of the Initial Complaint are repeated herein and made the First Count through Fifth Count of this Amended Complaint, but for the sake of brevity, same is not repeated in their entirety.

**WHEREFORE,** Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, attorney's fees, costs, interest, and any other relief as the court may deem proper, and as more fully set forth in the Initial Complaint.

## SIXTH COUNT

2. The prior Counts are referred to herein and made a part of this Count, but for the sake of brevity are not repeated in their entirety.

3. Pursuant to the Fair Foreclosure Act, NJSA 2A:50-53 et seq., Defendant was obliged to inform Plaintiff, in a properly prepared and served "Notice of Intention to Foreclose" as defined in that Act, that Plaintiff had the right to cure any mortgage default at any time prior to the entry of a final foreclosure judgment.

4. Defendant failed to provide Plaintiff with the "Notice of Intention to Foreclose" required by the Fair Foreclosure Act prior to filing its Complaint for Foreclosure on or about May 19, 2008.

5. Instead, Defendant filed a Complaint for Foreclosure containing a provision that the mortgage was being accelerated and falsely leading Plaintiff to believe that Plaintiff's only option was to remit the entire principal balance and interest, which at that time was over $1,000,000.

6. At that time, Plaintiff was approximately 3 months in arrears and could have easily cured the default if Defendant had not deceived Plaintiff into believing that he did not have this right.

7. By the time Defendant's Foreclosure Complaint was dismissed by the Court on February 9, 2009 for Defendant's failure to comply with the Fair Foreclosure Act, nine (9) months had elapsed during which the improper and illegal foreclosure action had subsisted.

8. During the nine (9) months that Defendant's improper and illegal foreclosure action subsisted, Plaintiff's credit was destroyed and Plaintiff was paralyzed of any ability to obtain any loans to preserve and conduct his real estate business and to earn an income from same as he had historically done.

2

9. Due to the financial paralysis caused by Plaintiff's improper and illegal foreclosure action, and its detrimental affect on Plaintiff's ability to obtain credit to earn an income from his real estate business, Plaintiff fell behind on his other financial obligations, further harming his credit and causing him to deplete all of his savings and cash reserves in order to live and support his household.

10. By the time Defendant's Foreclosure Complaint was dismissed by the Court on February 9, 2009 for Defendant's failure to comply with the Fair Foreclosure Act, Plaintiff's credit and income-producing ability was destroyed and his savings and cash reserves depleted, leaving no meaningful ability to: (1) cure the mortgage arrears which by then were substantial; and (2) resume his income-producing endeavors which had been ongoing up until the point of Defendant's filing of its improper and illegal foreclosure complaint.

11. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff suffered economic injury, including but not limited to (1) economic injury stemming from Plaintiff's inability to consummate income-producing transactions which were in progress at the time Defendant filed its improper and illegal foreclosure action; (2) economic injury stemming from Plaintiff's inability to resume his income-producing endeavors which he had conducted for many years prior to Defendants' improper conduct; (3) economic injury from the loss of at least 3 income-producing rental properties to foreclosure due to Plaintiff's inability to service the mortgages as a result of his compromised income-producing ability; (4) economic injury stemming from the general destruction to Plaintiff's credit, and his compromised ability to obtain and use credit and/or the increase in cost of credit as a consequence of the direct and indirect damage done to his credit score; (5) economic injury stemming from the awareness by third-parties of the improper foreclosure and filed lis pendens as Plaintiff attempted to market his house, resulting in "lowball" offers from

3

potential buyers who otherwise would have made legitimate offers were it not for the perceived desperation caused by Defendant's actions; and (6) non-economic damages suffered by Plaintiff, including but not limited to the distress that goes with powerlessly watching his income-producing abilities being destroyed after many years of hard work, his inability to support his family in the manner they were accustomed to, the indignity of relying on others for financial assistance for basic needs, and the general destruction of his goals and aspirations for his family.

**WHEREFORE,** Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, including punitive damages, attorney's fees, costs, interest, and any other relief as the court may deem proper.

## SEVENTH COUNT

1.  The prior Counts are referred to herein and made a part of this Count, but for the sake of brevity are not repeated in their entirety.

2.  The actions and conduct of the Defendants were actuated by actual malice, and/or accompanied by a wanton and willful disregard of the injuries which might be suffered by Plaintiff.

3.  Defendants are liable for punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, including punitive damages, attorney's fees, costs, interest, and any other relief as the court may deem proper.

4

## EIGHTH COUNT

4. The prior Counts are referred to herein and made a part of this Count, but for the sake of brevity are not repeated in their entirety.

5. At all times hereinafter mentioned, Plaintiff was a "Person" as defined in the New Jersey Consumer Fraud Act.

6. At all times pertinent hereto, Defendants were corporations and/or Limited Liability Companies duly organized and existing under and by virtue of the laws of the State of New Jersey or another State, and as such, were "Persons" as defined in the New Jersey Consumer Fraud Act.

7. Defendants in all ways engaged in the act, use and employment of an unconscionable commercial practice, deception, fraud, false promise, misrepresentation, and the knowing concealment of material facts with the intent that Plaintiff rely upon such concealment, suppression or omission, in contravention of N.J.S.A. 56:8-2 and the Consumer Fraud Act.

8. As a proximate result of Defendants' actions, Plaintiff has suffered an ascertainable loss under the Consumer Fraud Act.

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sum of money as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, and in accordance with N.J.S.A. 56:8-1 et seq., treble damages, attorney's fees, costs, interest, and any other relief as the court may deem proper.

                                         LAW OFFICES OF JEFFREY S. WALTERS, LLC
                                         Attorney for Plaintiff

                                         BY:_____
DATED: December 29, 2011               JEFFREY S. WALTERS

5

## CERTIFICATION OF SERVICE

In accordance with N.J.S.A. 56:8-20, the Plaintiff mailed a copy of this complaint to the Attorney General at Office of the Attorney General, PO Box 080, Trenton, NJ 08625-0080 on the date of filing of this Complaint with the Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Court Rule 4:25-4, Jeffrey S. Walters, Esq. is designated as trial counsel for the Plaintiff in the above matter.

## JURY DEMAND

Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

LAW OFFICES OF JEFFREY S. WALTERS, LLC
Attorneys for Plaintiff

Dated: December 29, 2011                By: _____
                                             JEFFREY S. WALTERS

## CERTIFICATION

Pursuant to New Jersey Court Rule 4:5-1, the plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding, to the best of plaintiff's knowledge or belief. The plaintiffs further certify that plaintiffs have no knowledge of any contemplated action or arbitration proceeding regarding the subject matter of this action and that, other than the parties set forth in this pleading, the plaintiffs are not aware of any other parties who should be joined in this action. In addition, plaintiffs recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

LAW OFFICES OF JEFFREY S. WALTERS, LLC
Attorneys for Plaintiff

Dated: December 29, 2011                By: _____
                                             JEFFREY S. WALTERS

6