**Exhibit C**
**Declaration of Lawrence J. Kotler**

DM1\4816832.1

DUANE MORRIS LLP
Lawrence J. Kotler, Esq. (LK 8177)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 689-4951 (facsimile)
    and
1540 Broadway
New York, NY 10036
(212) 692-1000
(212) 208-4521 (facsimile)

*Attorney for The Bank of New York Mellon f/k/a
The Bank of New York, as Trustee for the Holders
of the Certificates, First Horizon Mortgage
Pass-Through Certificates Series FH06-FA2, by
First Horizon Home Loans, a Division of First
Tennessee Bank National Association, Master
Servicer, in its Capacity as Agent for the Trustee
under the Pooling and Servicing Agreement*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**DECLARATION OF LAWRENCE J. KOTLER IN SUPPORT OF THE MOTION OF
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON
MORTGAGE PASS-THROUGH CERTIFICATES SERIES FH06-FA2, BY FIRST
HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL
ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE
TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT FOR
RECONSIDERATION OF ORDER GRANTING RESCAP LIQUIDATING TRUST'S
<u>SIXTY-FIFTH OMNIBUS OBJECTION (NO LIABILITY CLAIMS)</u>**

I, Lawrence J. Kotler, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I make this Declaration (the "<u>Declaration</u>") based upon personal knowledge as to the facts states herein.

DM1\4816832.1

2. I am a partner with the law firm of Duane Morris, LLP.

3. In my role as attorney for The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH06-FA2, by First Horizon Home Loans, a Division of First Tennessee Bank National Association, Master Servicer, in its Capacity as Agent for the Trustee under the Pooling and Servicing Agreement ("BNY Mellon"), I submit this Declaration in support of the *Motion Of The Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee For The Holders Of The Certificates, First Horizon Mortgage Pass-Through Certificates Series FH06-FA2, By First Horizon Home Loans, A Division Of First Tennessee Bank National Association, Master Servicer, In Its Capacity As Agent For The Trustee Under The Pooling And Servicing Agreement For Reconsideration Of Order Granting Rescap Liquidating Trust's Sixty-Fifth Omnibus Objection (No Liability Claims)*.

4. On November 16, 2012, pursuant to the United States Bankruptcy Court's order establishing the deadline for filing proofs of claim, BNY Mellon timely filed proofs of claim Nos. 5312 and 5355.

5. Each of the proofs of claim was properly executed and contained accurate information.

6. On or about June 18, 2014, I received the *Order Granting Rescap Liquidating Trust's Sixty-Fifth Omnibus Objection (No Liability Claims)* [Dkt. No. 7008], dated June 10, 2014 (the "Order").

7. Only upon my receipt of the Order did I learn that the Rescap Liquidating Trust had filed the *Rescap Liquidating Trust's Sixty-Fifth Omnibus Objection (No Liability*

2

*Claims)* (the "Objection") which objected to, *inter alia*, proofs of claim 5312 and 5355 filed by BNY Mellon.

8. Immediately upon receipt of the Order, I reached out to my client to see what it wanted to do in response to the Order and the Objection.

9. Because my client was out of the office on vacation, I was unable to speak to my client until Friday, June 20, 2014.

10. However, prior to June 18, 2014, I did not receive notice of the Objection.

11. If I had received notice of the Objection, I would have reached out to my client in May, 2014, not June 2014, and BNY Mellon would have submitted a timely response to the Objection on the grounds set forth in the Motion—grounds which I believe are more than adequate to defeat the Objection.

12. With respect to the actual delivery of mail, I can personally attest that all mail that is addressed to me is delivered to my in box at my office.

13. Following my receipt of the mail, I then review the mail on a daily basis.

14. I have been with the firm for over 13 years and this pattern has remained in effect from day one.

15. Other than May 21, 2014[1], I was in the office on normal business days for several weeks prior to and following the mailing of the Objection, so any mail addressed to me would not have been delivered to a substitute recipient or to anyone else.

---

[1] On May 21, 2014, I was out of the office attending my grandmother's funeral. However, I was in the office prior to my grandmother's funeral and returned to the office on May 22, 2014.

3

DM1\4816832.1

16. At no point in time have I ever filed anything electronically in these bankruptcy cases so I am not on the electronic service list for these cases and do not receive anything electronically from the Court.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: June 24, 2014

*Lawrence J. Kotler, Esq.*

4

DM1\4812215.1