**CORLA JACKSON**

Plaintiff

Vs.

**GMAC Mortgage Corporation et, al.**
**(Residential Capital LLC/GMAC Mortgage LLC)**

Debtors/Defendants

Case No. 12-12020 MG



RECEIVED
JUN 2 3 2014
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

# MOTION FOR OBJECTION TO
## NOTICE OF RESCAP BORROWER CLAIMS TRUST'S MOTION FOR ORDER ESTIMATING CLIAMS AND ESTABLISHING **DISPUTED CLAIMS RESERVE**

TO THE HONORABLE JUDGE OF SAID COURT" JUDGE MARTIN GLENN

**This Case Is Pending Trial:** Case No. 14-CV-2427" To Lift The Automatic Stay To Proceed To Trial" To Validate The Ownership Of The Property At The Time GMAC Mortgage Initiated Their Proof Of Claims And Foreclosure Linked To All (3) Bankruptcy's And Corla Jackson.

Come Now The Plaintiff" (Corla Jackson) Files This Motion For Objection To The Defendants" (NOTICE OF RESCAP BORROWER CLAIMS TRUST'S MOTION FOR ORDER ESTIMATING CLIAMS AND ESTABLISHING DISPUTED CLAIMS RESERVE)" In Reference To A Violation Of An Automatic Stay Under Bankruptcy Case #: (05-13142 MAM 13)" In Addition To The (Stay Order) That Was Issued By" (THE UNITED STATES

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

DISTRICT COURTS FOR THE SOUTHERN DIVISION OF ALABAMA) Case Number **12-00111-KD-B"** While Awaiting On A (Lift Of Automatic Stay) To Be Issued In Order To Proceed To Trial" To Determine Who Owned Corla Jackson Home When GMAC Mortgage Corporation Initiated Their Proof Of Claims That Lead To A Foreclosure" After GMAC Mortgage Filed Bankruptcy On (May 14, 2012) Which Stayed All Complaints.

**The most often cited new York state Court decision regarding Assignments** signed by Elpiniki Bechakas from The Baum Firm was written by the Honorable Judge Arthur M. Schack, Kings County, New York: U.S. Bank, N.A. as Trustee for SG Mortgage Securities Asset backed Certificates, Series 2006-FRE2 v.Emmanuel, 27 Misc.3d 1220(A), 2010 WL 1856016 (N.Y.Sup.).

In re Foreclosure Cases, 2007 WL 3232420 (N.D. Ohio Oct. 31, 2007). On October 10, 2007, Judge Boyko issued an order to Deutsche Bank to show cause for their filed complaint, demanding that Deutsche Bank file copies of the Assignments showing that they were the holder and owner of the Notes and Mortgages, *as of the date the complaint was filed*, which was July 27, 2007.

**To the Court, this revealed that Deutsche Bank did not have the particular assignment at the date of the complaint, and created Assignments for trial.** U.S. District Judge Christopher Boyko, Northern District of Ohio, Eastern Division, rendered a decision dismissing 14 of the foreclosure cases in In re Foreclosure Cases without prejudice, due to the filing of executed Assignments *after* the date of the filed complaint for 10 of the cases, and the lack of Assignments for four of the cases.

**(11 U.S.C. § 362 : US Code):** GMAC MORTGAGE CORPORATION et, al., VIOLATED: (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for their good cause

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge – Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

shown, after notice and a hearing; (21) under subsection (a), of any act to enforce any lien against or security interest in real property - <u>(A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title; or (B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title;</u>

(22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor <u>resides as a tenant under a lease or rental agreement</u> and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition....

<u>Corla Jackson Mortgage Was Backed By Security's As Well As Her Insurance Policy's That Allowed The Life Of Automatic Stay To Be Lifted To Proceeded To Trial Automatically:</u> a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

GMAC Mortgage Violated All The Bankruptcy Laws And Court Orders Under The Original Automatic Stay " Bankruptcy Case #: (06-13142 MAM 13) That Appears To Be Left Out The

<u>Sturdivant v. BAC Home Loans, LP</u>, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In <u>Sturdivant</u>, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

<u>Alabama Judge - Busted Securitization Prevents Foreclosure:</u> Judge George N. Bowden of the Superior Court in Washington State <u>ruled against</u> Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the <u>Deed of Trust Act</u> (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Order Judge Martin Glenn Singed And Acted As A Jury On" Violating Constitutional Laws As Well As All Jackson Civil Rights And Now He Has To Answer To False Orders He Illegally Issued Knowing That The Order He Issued Was False" The Bankruptcy Was Filed (ECF)" So No One Can Lie And Say They Did Not Know The Truth When They Did" They Covered It Up!

**In Bulloch v. United States,[7] the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury....** It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted."

GMAC Mortgage Illegally Foreclosed On Jackson Home Taking Her Name And Her Lenders Name Off Her Property On June 1, 2012" In Violation Of The Original Court Orders Filed ECF" By Judge Mahoney" And The Stay Order That Was Issued On Both Complaints" Demand By A Jury Trial" That Was Waiting On The Lift Of Automatic Stay To Proceed To Trial On Behalf Of Both Parties.

That Was Stayed In Reference To The Order Dated (March 1, 2006)" Was Stayed On This Complaint In The United States District Courts On Behalf Of Both Parties For A The Jury To Determine" Who Owned The Plaintiff's (Corla Jackson) Property When The Defendant's **GMAC Mortgage Corporation et, al."** Initiated Their Proof Of Claims And Foreclosed On Corla Jackson Home" In All (3) Bankruptcy's In Questions.

The Defendant's Forced Corla Jackson Into Using Deceptive Practices Which Lead To" An Illegal Relief By Fraud Of The Court Being Granted In Violation On The Original Federal Courts Orders That Was Issued To Protect Corla Jackson And Her Estate" In Bankruptcy Case # (05-13142 MAM 13) Under Judge Mahoney. . **See Case (12-12020-mg) Doc. 5100-16" Entered (09/18/13) Declaration Page (37-71).**

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

GMAC Mortgage Corporation et, al." Faked A Foreclosure And Destroyed Corla Jackson Home Causing Injury's And Major Property Damages Taking Away Her Lack Of Standing To Her Home So They Could Cash In On All Her Insured Covered Losses Illegally. ). **See Case (12-12020-mg) Doc. 5100-16" Entered (09/18/13) Declaration Page (21-71).**

Judge Mahoney Issued An Order Preventing (**GMAC Mortgage Corporation et, al.**) From Being (Corla Jackson) Creditor On (March 1, 2006). **See Case (12-12020-mg) Doc. 5100-16" Entered (09/18/13) Declaration Page (154).**

**GMAC Mortgage Corporation et, al." Relief Of Automatic Stay And Proof Of Claims Were All Conditionally Denied On March 1, 2006).**

Judge Mahoney Never Issued An Order Confirming The Agreement Between (Corla Jackson The Debtor) And GMAC" In Fact She Never Approved GMAC Mortgage As Corla Jackson Creditor At All" She Prevented GMAC Mortgage Corporation et, al." From Receiving Any More Funds From The Trustees" And Corla Jackson" In Violation Of The Court Order Dated (March 1, 2006).

On (**September 18, 2009**) On "Claim # (1) Claim # (7) and Claim # (12)" Disallowing GMAC Mortgage Proof Of Claims" In Its Entire Entity. **See Case 12020-mg) Doc. (5100-16) Entered (09/18/13) Declaration Page (94).** GMAC Mortgage Violated Judge Mahoney Orders And Was Collecting Funds From Corla Jackson And The Trustees With Her Court Orders Being Issued Confirming The Contract Agreement Between Corla Jackson And GMAC" And She Never Approved Them In Corla Jackson Bankruptcy Plan" This Is Why When She Found Out What They Had Did After She Issued Her Orders Judge Mahoney Had To Go Back And Amend Her Orders Dated September 18, 2009" To The Amended Order To The Amount Paid" They Had Taken Funds" Without Her Court Orders And Approval" And She Had To Stop Them To The Amount Paid. **The Courts Could Not Get The Funds Back And Neither Could Jackson" They Had Robbed Corla Jackson And The Trustee's. See Order Dated March 1, 2006"**

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Order Dated September 18, 2009" and (October 1, 2009) .  .  See Case (12-12020-mg) Doc. 5100-16" Entered (09/18/13) Declaration Page (88-100).

Jude Mahoney Found Out The GMAC Mortgage Corporation et, al." Ignored Her Orders Dated (March 1, 2006)" and the Order Reinstating Corla Jackson Bankruptcy After It Was Dismissed In Violation Of Her Court Order Dated March 1, 2006" The Bankruptcy Had To Be Reinstated And The Order Was Issued  (June 27, 2007). GMAC Mortgage Corporation et, al." Ignored All Judge Mahoney Federal Court Orders.  See Case (12-12020-mg) Doc. 5100-16" Entered (09/18/13) Declaration Page (83-100).  GMAC Mortgage Corporation et, al." Ignored Judge Mahoney Orders And Robbed Corla Jackson In Bankruptcy Going Around The Courts" And They Had To Be Stopped.

Judge Mahoney Issued More Orders That Was Also Violated Under Federal Bankruptcy Laws And Procedures" That GMAC Mortgage Corporation et, al." Violated.  See Case (12-12020-mg) Doc. 5100-16" Entered (09/18/13) Declaration Page (88-100).  Statement Of Fact: Backed By The Evidence.

Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with

the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

**Mortgage Servicing Disclosures— Section 3500.21**

Disclosures related to the transfer of mortgage servicing are required for first mortgage liens, including all refinancing transactions. Subordinate-lien loans and open-end lines of credit (home equity plans) that are covered under the Truth in Lending Act and Regulation Z are exempt from this section of Regulation X.

A financial institution that receives an application for a federally related mortgage loan is required to provide the servicing disclosure statement to the borrower at the time of application if there is a face-to-face interview; otherwise, it must provide the statement within three business days after receiving the application.

When a federally related mortgage loan is assigned, sold, or transferred, the transferor (the current servicer) must provide a disclosure at least fifteen days before the effective date of the transfer. The same notice from the transferee (the new servicer) must be provided not more than fifteen days after the effective date of the transfer. Both notices may be combined in one notice if delivered to the borrower at least fifteen days before the effective date of the transfer. The disclosure must include

•         The effective date of the transfer
•         The name, address for consumer inquiries, and toll-free or collect-call telephone number of the transferee
•         A toll-free or collect-call telephone number for an employee of the transferor who can be contacted by the borrower to answer servicing questions
•         The date on which the transferor will cease accepting payments relating to the loan and the date on which the transferee will begin accepting such payments. The dates must be either the same or consecutive dates.
•         Any information concerning the effect of the transfer on the terms or continued availability of mortgage life or disability insurance or any other type of optional insurance, and any action the borrower must take to maintain coverage

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

- A statement that the transfer does not affect the terms or conditions of the mortgage (except as related to servicing)

- A statement of the borrower's rights in connection with complaint resolution

During the sixty-day period beginning on the date of transfer, no late fee may be imposed on a borrower who has made the payment to the wrong servicer.

**The following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is no change in the payee, the address to which payment must be delivered, the account number, or the amount of payment due:**

- Transfers between affiliates
- Transfers resulting from mergers or acquisitions of servicers or subservicers
- Transfers between master servicers, when the subservicer remains the same

Relationship to State Law (§ 3500.21(h): Financial institutions complying with the mortgage servicing transfer disclosure requirements of RESPA are considered to have complied with any state law or regulation requiring notice to a borrower at the time of application or transfer of a mortgage.

State laws are not affected by the act, except to the extent that they are inconsistent, and then only to the extent of the inconsistency. The Secretary of Housing and Urban Development is authorized, after consulting with the appropriate federal agencies, to determine whether such inconsistencies exist.

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

**Transfer of Servicing (§ 3500.17(e):** If a new servicer changes either the monthly payment amount or the accounting method used by the former servicer, it must provide the borrower with an initial escrow account statement within sixty days of the date of transfer. When the new servicer provides an initial escrow account statement, it must use the effective date of the transfer of servicing to establish the new escrow account computation year. Option One Mortgage Was Closed June 19, 2008" Which Made It Impossible For Option One Mortgage To Transfer Servicing To Their Pools Of Loans Or Jackson Mortgage An A Mortgage Loan Number They Did Not Have With Corla Jackson.  Option One Mortgage Could Not Assign GMAC Mortgage Over Their Own Loan Number After They Closed April 30, 2008" It Was Impossible.  Option One Mortgage Notes Was Secured In A Pool Of Mortgages In Exchange For A Mortgage Bond On Corla Jackson Note And Deeds" On All Here Insured Covered Losses Which Prevented A Foreclosure On This Home Under A Slandered And Clouded Title As Well As All The Disaster Insured Covered Losses From The Perils Of Hurricane Ivan And Hurricane Katrina After The Roof Shifted And Buckled Causing Massive Structural Damages To Date Guaranteed.  <u>PUBLIC RECORDS SHOW THAT:  A MORTGAGE BOND WAS ISSUED IN LIEU OF AN ACCOUNT OR A LOAN RECEIVABLE AND ACCOUNTS SHOULD HAVE BEEN CREDITED WITH PAYMENTS RECEIVED BY INSURANCE, CREDIT DEFAULT SWAPS AND OTHER CONTRACTUAL ARRANGEMENTS WITH THE SUB SERVICERS AND MASTER SERVICERS WHICH THE CREDIT WAS PAID OR CREDITED WITH THOSE PAYMENTS WAIVED AND SUBROGATION'S WHICH DID NOT INVOLVE ASSIGNMENTS OR PURCHASES OF LOANS.</u>

**Transfer of Servicing (§ 3500.17(e):** In addition, if the new servicer retains the monthly payments and accounting method used by the former servicer, the new servicer may continue to use the same computation year established by the former servicer or may choose a different one, using a short-year statement. GMAC Mortgage Did Not Use The Same Monthly Payments And Accounting Method Used By The Former Servicer On The Adjustable Rate Mortgage They Issued On Corla Jackson Mortgage" Instead The Created A Whole New Loan Number" And They Raised The Interest Rate On Corla Jackson Loan To Payments Higher Than The Interest Rates" Under A Whole New Mortgage Bond" Off This Stolen Mortgage" Using Corla Jackson

<u>Sturdivant v. BAC Home Loans, LP</u>, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In <u>Sturdivant</u>, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

<u>Alabama Judge - Busted Securitization Prevents Foreclosure:</u> Judge George N. Bowden of the Superior Court in Washington State <u>ruled against</u> Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the <u>Deed of Trust Act</u> (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Identity For Illegal Profits At Her Expense.  In Addition To This" Option One Mortgage Never Notified Corla Jackson Telling Her GMAC Mortgage Was Her Servicer" And They Sent Her The Evidence To Give To The Judges" And GMAC Mortgage Lawyers Corrupted The Cases Committing Fraud Of The Court To Prevent The Cases From Proceeding To Trial" Prior To Process Of Service With The Illegal Foreclosure They Had Their Lawyer Prepare" With The Intent To Defraud The Federal Courts And Judges Guaranteed. GMAC Mortgage Lawyers Knew What They Were Doing" They Knew GMAC Mortgage Was Not Corla Jackson Lender And They Took Out A New Loan In Her Name And Robbed Her Using Deceptive Practices On Insured Covered Losses And More" Which Has Caused Massive Damages To Date!

**PRELIMINARY STATEMENT:** (Residential Capital LLC et, al.)" (GMAC Mortgage LLC et, al) And (GMAC Mortgage Corporation et, al) Was Not The Servicer For Option One Mortgage Pool Of Loans" Option One Mortgage Notes Were Secured In A Pool Of Loams Backed By Security's With Corla Jackson Recorded Deeds" And Insurance Policy's On Insured Covered Losses In More Than One Way" Which Prevented A Foreclosure.


We Are Talking About (2) Entirely Different Mortgages Here As Well As (2) Entirely Different Loan Numbers Which Cannot Be Ignored Or Denied.

**Under The Mortgage Disclosures Section 3500.21**" The following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is no change in the payee, the address to which payment must be delivered, the account number, or the amount of payment due.

The SEC Verified That GMAC Mortgage Was Not The Servicer Of Option One Mortgage Pools Of Loans" As Well As The Federal Reserve And Board Of Governors" Not To Mention It Was Recorded Through Probate Court" That Corla Jackson Mortgage Was With Option One Mortgage And Not GMAC Mortgage.

GMAC Mortgage Violated The Original Court Orders And Forced Jackson Back Into Bankruptcy And Robbed Her Under False Pretense By Fraud Of The Court.  Corla Jackson

---

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Case Was Stayed By (3) Judges Orders" Prior To And After GMAC Mortgage Filed Bankruptcy In New York On May 14, 2012.

This Is Sheer Facts GMAC Mortgage LLC" Illegally Took Corla Jackson And Option One Mortgage Name Off Her Home On (June 1, 2014)" In Violation Of (3) Stay Orders" In Reference To The Illegal Relief That The Got" This Is Why GMAC Mortgage Lawyers Defrauded Martin Glenn To Block The Relief Of Stay From Being Lifted To Proceed To Trial By Fraud Of The Court" That Was Committed By The Lawyers Of GMAC Mortgage Corporation et, al. And Residential Capital LLC et, al.

The Case Was Pending Trial In The United States District Courts Of Alabama Under Judge Dubose" Pending Demand By A Jury Trial In Violation Of All (3) Stay Orders And More" Prior To Judge Martin Glenn Issuing His Order In Error" Because The Lawyers For Residential Capital et, al." And GMAC Mortgage Corporation et, al" Committed Fraud Of The Court" With The Intent To Rob Corla Jackson And Defraud The Courts.

Martin Glenn Stayed All Victims Cases" And They Robbed Corla Jackson On June 1, 2014" In Violation Of That Order As Well" When They Got Busted They Covered It Up" Which Lead To The Illegal Orders On Error Of The Court.

## THIS IS SHEER FACTS:

1.   GMAC Mortgage Violated Judge Mahoney Court Order Dated March 1, 2006.

2.   GMAC Mortgage Violated Judge Dubose Order Dated.

3.   GMAC Mortgage Violated Judge Martin Glenn Original Stay Order After They Filed Bankruptcy On (May 14, 2012). Then They Illegally Robbed Jackson Of Her Home On (June 1, 2012)" Tying Her Assets Up Into Their Bankruptcy Knowing She

---

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Was Not A Creditor They Had Robbed Her" Through The Judicial System. Residential Capital et, al" And GMAC Mortgage LLC" And GMAC Mortgage Corporation et, al." Has Caused Corla Jackson Massive Damages In More Than One Way" And They Continued To Defraud The Courts To Cover Up This Robbery They Committed.

## Mortgage Servicing Disclosures— Section 3500.21

Disclosures related to the transfer of mortgage servicing are required for first mortgage liens, including all refinancing transactions. Subordinate-lien loans and open-end lines of credit (home equity plans) that are covered under the Truth in Lending Act and Regulation Z are exempt from this section of Regulation X.

A financial institution that receives an application for a federally related mortgage loan is required to provide the servicing disclosure statement to the borrower at the time of application if there is a face-to-face interview; otherwise, it must provide the statement within three business days after receiving the application.

When a federally related mortgage loan is assigned, sold, or transferred, the transferor (the current servicer) must provide a disclosure at least fifteen days before the effective date of the transfer. The same notice from the transferee (the new servicer) must be provided not more than fifteen days after the effective date of the transfer. Both notices may be combined in one notice if delivered to the borrower at least fifteen days before the effective date of the transfer. The disclosure must include

•       The effective date of the transfer
•       The name, address for consumer inquiries, and toll-free or collect-call telephone number of the transferee

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

- A toll-free or collect-call telephone number for an employee of the transferor who can be contacted by the borrower to answer servicing questions
- The date on which the transferor will cease accepting payments relating to the loan and the date on which the transferee will begin accepting such payments. The dates must be either the same or consecutive dates.
- Any information concerning the effect of the transfer on the terms or continued availability of mortgage life or disability insurance or any other type of optional insurance, and any action the borrower must take to maintain coverage
- A statement that the transfer does not affect the terms or conditions of the mortgage (except as related to servicing)

- A statement of the borrower's rights in connection with complaint resolution


During the sixty-day period beginning on the date of transfer, no late fee may be imposed on a borrower who has made the payment to the wrong servicer.

**The following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is no change in the payee, the address to which payment must be delivered, the account number, or the amount of payment due:**

- Transfers between affiliates
- Transfers resulting from mergers or acquisitions of servicers or subservicers
- Transfers between master servicers, when the subservicer remains the same


Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

Relationship to State Law (§ 3500.21(h))

Financial institutions complying with the mortgage servicing transfer disclosure requirements of RESPA are considered to have complied with any state law or regulation requiring notice to a borrower at the time of application or transfer of a mortgage.

State laws are not affected by the act, except to the extent that they are inconsistent, and then only to the extent of the inconsistency. The Secretary of Housing and Urban Development is authorized, after consulting with the appropriate federal agencies, to determine whether such inconsistencies exist.

GMAC Mortgage Forced Corla Jackson Into Bankruptcy Under False Pretense On A Leasehold Agreement Without A Mortgage Contract Or Agreement To Collect Fake Arrearages With The Intent To Rob Corla Jackson Of Her Home And Assets At Her Expense. Corla Jackson Was Not Leasing Her Home She Had A Mortgage With Option One Mortgage. Judge Mahoney (Conditionally Denied GMAC Mortgage (Proof Of Claims On Fake Arrearages) And Their Lift Of Automatic Stay On (March 1, 2006). The Order Was Entered On (March 3, 2006).

GMAC Mortgage Corporation Violated The Order Issued On (March 1, 2006)" That Was Entered On (March 3, 2006) And They Went And Filed The Arrearages With The Courts And Trustees Knowing Their Proof Of Claims Were All Conditionally Denied On (March 1, 2006).

They Went And Filed The Arrearages With The Courts And Trustees Knowing Their Proof Of Claims Were All Conditionally Denied On (March 1, 2006)" To Collect Funds From The United States Federal Bankruptcy Courts Anyway Under False Pretense" Without Judge Mahoney Court Order Confirming GMAC Mortgage Into Corla Jackson Bankruptcy Plan Or The Agreement Between Corla Jackson And GMAC. They Did This To Make It Appear As If They Had Not Violated Judge Mahoney's Orders Dated (March 1, 2006)" When They Did Violate Her Orders.

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

**GMAC Mortgage And Their Lawyers Thinks The filing of a bankruptcy petition triggers the automatic stay that halts most**

**pre-petition litigation against a debtor.** *See* **11 U.S.C. §362(a)(1). The stay does not, however, suspend the commencement**

**or continuation of criminal proceedings against a debtor.** *See* **11 U.S.C. §362(b)(1).**

GMAC Mortgage And Their Lawyers Thinks The filing of a bankruptcy petition triggers the automatic stay that halts most pre-petition litigation against a debtor. *See* 11 U.S.C. §362(a)(1). The stay did not, however, suspend the commencement or continuation of criminal proceedings against a debtor. *See* 11 U.S.C. §362(b)(1).

Generally, actions for civil contempt are considered private collection devices 8 The Court subsequently granted (Corla Jackson) Automatic Stay. See Order (March 1, 2006) And After (March 1, 2006) Granting Corla Jackson Relief Of Automatic Stay" and Denying GMAC Mortgage Corporation et, al.) Of being a Creditor) period. (Management's Motion Pursuant to Fed. R. Bankr. P. §2004,Under Bankruptcy Case #: (05_13142 MAM 13).  There Was Never A Contract Approved By The Courts Of A Contract Between Corla Jackson And GMAC Mortgage" It Was Impossible" She Was Still With Option One Mortgage And Her Home Was Insured From A Disaster As Well As (2) Clouded Titles By The Shoemakers' Gunter's" And GMAC Mortgage.

GMAC MORTGAGE STOLE A HOME AND JACKSON CREDIT AND MORE AND THEY RAN AND FILED BANKRUPTCY IN VIOLATION OF A STAY ORDER ISSUED UNDER BANKRUPTCY CASE #(05-13142 MAM 13)" TRYING AVOID AND GET OUT OF PAYING FOR ALL THE DAMAGES AND THE STOLEN HOME THEY STOLE" AS WELL AS JACKSON CREDIT THOUSANDS OF DOLLARS IN CASH AND MORE.  GMAC MORTGAGE CORPORATION" RESIDENTIAL CAPITAL LLC" GMAC MORTGAGE LLC" AND THEIR LAWYERS" COULD NOT GET OUT OF THE DAMAGES THEY CAUSED

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

CORLA JACKSON BECAUSE IT WAS A CRIME THEY COMMITTED". IT WAS ROBBERRY BY FRAUD OF THE COURT" USING DECEPTIVE PRACTICES. GMAC MORTGAGE HAS ROBBED CORLA JACKSON OF HER CREDIT HER HOME LAND AND MONEY AS WELL AS HER POLICY'S THAT PROTECTED HER AND HER ESTATE ON INSURED COVERED LOSSES" IN MORE THAN ONE WAY AND THEY COVERED THIS UP" WITH THE INTENT TO DEFRAUD THE COURT'S AND ROB JACKSON FOR ILLEGAL PROFITS AT HER EXPENSE" AND NOW THEY ARE BUSTED.

Judge Mahoney Never Issued An Order Granting GMAC Arrearages In Their Proof Of Claims They Filed" After (March 1, 2006)" In Fact She Denied Their Proof Of Claims In Its Entire Entity" Disallowing Claims GMAC On (September 18, 2009)" On Claim # (7") Which Stated GMAC Mortgage Proof Of Claims Was Denied In Its Entire Entity". The Defendant's (Debtors 12-12020 (MG) Did Not Own The Property Or An Assignment When They Initiated Their Proof Of Claims" And They Did Not Have A Mortgage Contract Between Corla Jackson And GMAC Mortgage Period.

THIS CASE IS PENDING TRIAL ON A APPEAL TO LIFT THE AUTOMATIC STAY TO PROCEED TO TRIAL" ON THE VIOLATION OF THE ORIGINAL BANKRUPTCY COURT ORDERS AND THE STAY ORDER THAT WAS VIOLATED THA TWAS ISSUED BY" THE UNITED STATES DISTRICT COURT'S FOR THE SOUTHERN DIVISION OF ALABAMA" CASE NO. 12-00111-KD-B. THE CASE" WAS AWAITING AN ORDER TO LIFT OF AUTOMATIC STAY TO PROCEED TO TRIAL" ON BEHALF OF BOTH PARTIES" TO DETERMAINE THE LEGAL OWNERSHIP AND LEGAL RIGHTS TO OWNERSHIP TO CORLA JACKSON PROPERTY AT THE TIME THE DEFENDANTES INITIATED THEIR PROOF OF CLAIMS" IN ALL (3) BANKRUPCTY'S IN QUESTION. See Case # (12-12020 mg) 5100-16 Page 101.

GMAC MORTGAGE DEFRAUDED JUDGE MARTIN GLENN. They Violated His Original Order And Robbed Corla Jackson Prior To Defrauding Him After GMAC Mortgage Filed Bankruptcy On May 14, 2012. Then They Came Back And Used Deceptive Practices And Defrauded Him To Keep (Judge Martin Glenn) From Finding Out The Truth On What They

Sturdivant v. BAC Home Loans, LP, [Ms. 21002245, Dec. 16, 2011] __ So. 3d __ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge – Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure sale aside.

Covered Up" By Fraud Of The Court. The Courts Error Was Based Upon The Fraud Of The Court Presented To The Courts By The Debtors (GMAC Mortgage Corporation et, al.).

| | | | | |
|---|---|---|---|---|
| X | GMAC MORTGAGE CORPORATION | SCHD $246,165.00 | INT % 0.00% | CRED DESC MORTGAGE PAYMENT |
| | 500 ENTERPRISE RD, STE 150 | VALUE $0.00 | INT PD $0.00 | CRED TYPE/LEVEL M / 40 |
| | BANKRUPTCY TRUSTEE PAYMENTS | CLAIM $238,946.35 | INT DUE $0.00 | ACCOUNT NO 0835002124 |
| | HORSHAM, PA 19044 | TOT PD $0.00 | PRIN DUE $0.00 | COMMENT DIRECT-MRTG-NOTES |
| | Creditor No 42,710 | BAL $0.00 | CRED % 100.00% | COLLATERAL DESC |
| X. | Claim No 1 | MO PMT $0.00 | DATE ADD 06/15/2005 | ASSERTED CLAIM AMT 0.00 |
| | GMAC MORTGAGE CORPORATION | SCHD $12,900.00 | INT % 0.00% | CRED DESC MORTGAGE ARREARAGE |
| | 500 ENTERPRISE RD, STE 150 | VALUE $0.00 | INT PD $0.00 | CRED TYPE/LEVEL N / 60 |
| | BANKRUPTCY TRUSTEE PAYMENTS | CLAIM $2,075.74 | INT DUE $0.00 | ACCOUNT NO 0835002124 |
| | HORSHAM, PA 19044 | TOT PD $2,075.74 | PRIN DUE $0.00 | COMMENT R&A/ARRS $10409.64 |
| | Creditor No 42,710 | BAL $0.00 | CRED % 100.00% | COLLATERAL DESC |
| | Claim No 7 | MO PMT $0.00 | DATE ADD 06/15/2005 | ASSERTED CLAIM AMT 0.00 |
| | GMAC MORTGAGE CORPORATION | SCHD $0.00 | INT % 0.00% | CRED DESC MORTGAGE ARREARAGE |
| | 500 ENTERPRISE RD, STE 150 | VALUE $0.00 | INT PD $0.00 | CRED TYPE/LEVEL N / 60 |
| | BANKRUPTCY TRUSTEE PAYMENTS | CLAIM $900.00 | INT DUE $0.00 | ACCOUNT NO 0835002124 |
| | HORSHAM, PA 19044 | TOT PD $900.00 | PRIN DUE $0.00 | COMMENT R&A/ARRS |
| | Creditor No 42,710 | BAL $0.00 | CRED % 100.00% | COLLATERAL DESC |
| | Claim No 12 | MO PMT $0.00 | DATE ADD 03/03/2006 | ASSERTED CLAIM AMT 0.00 |

BSS Case Overview (Rev. 01/26/2010) Page 6 of 8

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama** Judge - **Busted Securitization** Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

ALS District Version 6.1 Live                                    https://ecf.alsd.circ11.dcn/cgi-bin/DktRpt.pl?617334834755998-L_1_0-1

**STAYED**

### U.S. District Court
### Southern District of Alabama (Mobile)
### CIVIL DOCKET FOR CASE #: 1:12-cv-00111-KD-B

Jackson v. GMAC Mortgage Corporation          Date Filed: 02/23/2012
Assigned to: Judge Kristi K. DuBose            Jury Demand: Both
Referred to: Magistrate Judge Sonja F. Bivins  Nature of Suit: 370 Fraud or Truth-
Cause: 28:1332 Diversity-Fraud                 In-Lending

Indexed Thru: 2/28/2013

5 Records Found, Click Here For New Search

| Receipt # | Date | Grantor | Grantee | Document Type | Book | Page | UCC# | Legal Description |
|---|---|---|---|---|---|---|---|---|
| 2004042904 PDF TIFF | 06/10/2004 | JACKSON CORLA | OPTION ONE MTG CORP | MORTGAGE | 5605 | 1910 | | L 1 COPELAND ISL ESTS |
| 2007035071 PDF TIFF | 05/09/2007 | CORLA INTL JACKSON CORLA | NAME OMITTED | LIEN: HOSPITAL, JUDGMENT, MECHANIC, SEWER, TAX | 6180 | 911 | | MULLEN L 1 COPELAND ISL ESTS |
| 2010008951 PDF TIFF | 02/23/2010 | JACKSON CORLA | FLORIDA GAS TRANSMISSION COMPA | EASEMENT, RIGHT OF WAY DEED | 6629 | 734 | | LOT 1 COPELAND ISLAND ESTATES AS RECORDED IN MAP BOOK 81 PAGE 94 |
| 2010024702 PDF TIFF | 05/10/2010 | JACKSON CORLA | FLORIDA GAS TRANSMISSION COMPA | EASEMENT, RIGHT OF WAY DEED | 6653 | 1980 | | SECTION 23 TOWNSHIP 5 SOUTH RANGE 4 WEST (BOOK 6628 PAGE 734) |
| 2012031190 PDF TIFF | 06/13/2012 | JACKSON CORLA | GMAC MORTGAGE LLC | DEED | 6902 | 387 | | LOT 1 COVELAND ISLAND ESTATES MAP BOOK 81 PAGE 94 |

New Search

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In
Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage
encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including
Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential
mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in
which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alaba**ma Judge - **Busted Securitization** Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington
State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under
the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.



## IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In Re: | • | |
| | • | |
| Corla Reeves Jackson, | • | Case No.  05-13142 MAM |
| | • | |
| Debtor. | • | Chapter 13 |

### AMENDMENT TO SCHEDULES

Comes Now the Debtor in the above captioned action and amend schedules as follows:

#### SCHEDULES B & C

Amended Schedules B #21 and C to add:

Claim against GMAC Mortgage for Breach of Contract, fraud, deceptive practices and possible other claims, value is  unknown and exemption claimed under AL Code Section 6-10-6 for $1.00. The case is being handled by L. Daniel Mims.

Suit against Dennis & Lori Shoemaker (neighbors) over property line and clouded title, value is unknown and exemption claimed under AL Code Section 6-10-6 for $1.00. The case is being handled by L. Daniel Mims.

Amends previously listed claim against Farmer's Insurance for losses  in Hurricane Katrina as well as the previous losses from Hurricane Ivan.

I, the Debtor in the above matter, certify under penalty of perjury that I have read the foregoing amendment to schedules attached hereto, and that it is true and correct to the best of my knowledge, information and belief.

Done this the    24th    day of    November    , 2006.

/S/ Corla Reeves Jackson
Corla Reeves Jackson

.S/  Lacy S. Robertson
LACY S. ROBERTSON
LAW OFFICE OF HERMAN D. PADGETT
Attorneys for Debtor
Post Office Box 62
Mobile, AL  36601-0062
(251) 342-0264

Case 05-13142    Doc 69    Filed 06/19/08    Entered 06/19/08 15:25:31    Desc Main
Document    Page 5 of 7

Mobile County Probate Records Search                                      Page 1 of 1

Indexed Thru: 4/11/2012

7 Records Found, Click Here For New Search

| Receipt # | Date | Grantor | Grantee | Document Type | Book | Page | UCC# | Legal Description |
|-----------|------|---------|---------|---------------|------|------|------|-------------------|
| 2003100237 PDF TIFF | 1/07/2003 | REESE CYNTHIA G SMITH PHILIP A | JACKSON CORLA | VENDORS LIEN DEED | 5490 | 1847 | | L 1 COPELAND ISLAND ESTS |
| 2004042905 PDF TIFF | 06/10/2004 | REESE CYNTHIA G SMITH CYNTHIA G SMITH PHILLIP A | JACKSON CORLA | CANCELLATION OF VENDORS LIEN DEED | 5605 | 1909 | | L 1 COPELAND ISL ESTS |
| 2004042906 PDF TIFF | 06/10/2004 | JACKSON CORLA | OPTION ONE MTG CORP | MORTGAGE | 5605 | 1910 | | L 1 COPELAND ISL ESTS |
| 2005134529 PDF TIFF | 05/08/2007 | TOWN & COUNTRY ROOFING CONTR L | CORLA INTL JACKSON CORLA | LIEN: HOSPITAL, JUDGMENT, MECHANIC, SEWER, TAX | 6179 | 886 | | |
| 2007035071 PDF TIFF | 05/09/2007 | CORLA INTL JACKSON CORLA | NAME OMITTED | LIEN: HOSPITAL, JUDGMENT, MECHANIC, SEWER, TAX | 6180 | 911 | | M/LIEN L 1 COPELAND ISL ESTS |
| 2010008851 PDF TIFF | 02/23/2010 | JACKSON CORLA | FLORIDA GAS TRANSMISSION COMPA | EASEMENT, RIGHT OF WAY DEED | 6628 | 734 | | LOT 1 COPELAND ISLAND ESTATES AS RECORDED IN MAP BOOK 81 PAGE 94 |
| 2010024702 PDF TIFF | 05/10/2010 | JACKSON CORLA | FLORIDA GAS TRANSMISSION COMPA | EASEMENT, RIGHT OF WAY DEED | 6653 | 1980 | | SECTION 23 TOWNSHIP 5 SOUTH RANGE 4 WEST (BOOK 6628 PAGE 734) |

New Search

Indexed Thru: 2/28/2013

5 Records Found, Click Here For New Search

| Receipt # | Date | Grantor | Grantee | Document Type | Book | Page | UCC# | Legal Description |
|-----------|------|---------|---------|---------------|------|------|------|-------------------|
| 2004042906 PDF TIFF | 06/10/2004 | JACKSON CORLA | OPTION ONE MTG CORP | MORTGAGE | 5605 | 1910 | | L 1 COPELAND ISL ESTS |
| 2007035071 PDF TIFF | 05/09/2007 | CORLA INTL JACKSON CORLA | NAME OMITTED | LIEN: HOSPITAL, JUDGMENT, MECHANIC, SEWER, TAX | 6180 | 911 | | M/LIEN L 1 COPELAND ISL ESTS |
| 2010008851 PDF TIFF | 02/23/2010 | JACKSON CORLA | FLORIDA GAS TRANSMISSION COMPA | EASEMENT, RIGHT OF WAY DEED | 6628 | 734 | | LOT 1 COPELAND ISLAND ESTATES AS RECORDED IN MAP BOOK 81 PAGE 94 |
| 2010024702 PDF TIFF | 05/10/2010 | JACKSON CORLA | FLORIDA GAS TRANSMISSION COMPA | EASEMENT, RIGHT OF WAY DEED | 6653 | 1980 | | SECTION 23 TOWNSHIP 5 SOUTH RANGE 4 WEST (BOOK 6628 PAGE 734) |
| 2012034195 PDF TIFF | 06/13/2012 | JACKSON CORLA | GMAC MORTGAGE LLC | DEED | 6902 | 387 | | LOT 1 COVELAND ISLAND ESTATES MAP BOOK 81 PAGE 94 |

New Search

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Jackson, Corla Reeves,                    )
                    Debtor(s)             )
                                          )    Bankruptcy Case No:  05-13142
                                          )
GMAC Mortgage Corporation,                )
                    Movant.               )
                                          )
_____   )
                                          )
Name of Creditor or Claimant, if Different from Movant


**FACT SUMMARY FOR MOTION FOR RELIEF FROM AUTOMATIC STAY**
**TO FORECLOSE SECURITY AND LEASEHOLD INTERESTS**
**IN CHAPTER 7 AND CHAPTER 13 CASES**

| | | | |
|---|---|---|---|
| Date and Type of Loan/Credit Transaction: | 5/26/04 | and | Mortgage |
| Type of Collateral: | Real Property | Monthly Payment: | $1,920.64 |
| Amount Financed: | $240,000.00 | APR or Interest Rate: | 7.65% |
| Term of Loan: | | Months or 30 | Years |
| Payoff Amount: | | As of | |
| Value of Collateral: | | Method of Valuation: | Appraisal/BPO |

Delinquent Pre-Petition Payments:
        What Month(s)?_____
        Amount:_____
        Claim Filed:_____ Yes or _____ No
        Date Claim Filed: _____

Delinquent Post-Petition Payments:
        What Month(s)?  July, 2005 - August, 2005_____
        Amount:_____ $3,841.28 _____
        Claim Filed:_____ Yes or __X___ No
        Date Claim Filed: _____
        Other Charges & Costs (itemize) Late Charges - $204.32; Bankruptcy Attorney
Fees - $500.00; Bankruptcy Filing Fees - $150.00_____

Amount & Number of Post-Petition Payments Received: _____ and _____
Amount held in Suspense: _____

If Lease, Lease Expiration Date: _____
If Terminated, Lease Termination Date: _____

Does Creditor have Proof of Insurance in force: _____ Yes _____ No __X_____ Unknown

Prior Stay Order(s) Involving Movant including Current Case: _____ Yes ____ No
        If yes, give case number(s) and date(s) of order(s)
        Case No.: _____ Date: _____
        Case No.: _____ Date: _____
        Case No.: _____ Date: _____

Date: 8/26/05   Submitted by: _____
                                    (Signature)

1). In
ge
.

s
esidential
ner in

iington
er

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Fact Summary for Motion for Relief from the Automatic Stay was mailed, first class postage prepaid or served via electronic case management to:

| | | |
|---|---|---|
| Herman D Padgett, Esq. | Corla Reeves Jackson | John C. McAleer, III |
| P.O. Box 62 | 13230 Tom Gaston Road | P. O. BOX 1884 |
| Mobile, AL  36601-0062 | Mobile, AL  36695 | Mobile, AL.  36633 |

On this the ___26th___ day of August, 2005.

/s/ John M. Hunter
OF COUNSEL

Civ. App. 2011). In
the mortgage
igned to BAC.

iaries, including
593 million in residential
RMBS, the manner in
and more.

ir Court in Washington
osure sale under

Case 05-13142    Doc 19    Filed 09/12/05    Entered 09/12/05 13:00:30    Desc Main
Document    Page 2 of 2

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

CORLA REEVES JACKSON                           CASE NUMBER: 05-13142

Debtor

## ORDER

This matter came before the Court on the Movant's Motion for Allowance of Attorney Fees. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objections, it appears to the Court that the motion is due to be granted.

The Debtor has paid $500.00 to Movant, Barry A Friedman which he is holding in his trust account. The Court approves this fee and authorizes the Movant, Barry A Friedman, to transfer the $500.00 being held in his trust account to his fee account to be applied to his fees. All future fee allocations if any, will be inside the Chapter 13 upon approval by this Court is hereby **GRANTED.**

Dated:    August 19, 2008

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142    Doc 92    Filed 08/21/08    Entered 08/22/08 00:35:28    Desc Imaged
Certificate of Service    Page 1 of 2

State ruled against Bank of America (BOA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

**Sturdivant v. BAC Home Loans, LP**, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In **Sturdivant**, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE

CORLA R JACKSON                    CASE NUMBER 05-13142

Debtors

**ORDER DISALLOWING CLAIM**

This matter came before the Court on the Debtor's Objection to LCT Claim #1 filed by GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objections, it appears to the Court that the objection is due to be granted.

It is ORDERED that the Debtor's Objection to LCT Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is DISALLOWED in its entirety.

Dated  September 18, 2009

*Margaret A. Mahoney*
MARGARET A MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142   Doc 100   Filed 09/18/09   Entered 09/18/09 12:40:15   Desc Main
Document   Page 1 of 1

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE

CORLA R JACKSON                    CASE NUMBER 05-13142

Debtors

**ORDER DISALLOWING CLAIM**

This matter came before the Court on the Debtor's Objection to LCT Claim #2 filed by GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objections, it appears to the Court that the objection is due to be granted.

It is ORDERED that the Debtor's Objection to LCT Claim #2 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is DISALLOWED in its entirety.

Dated  September 18, 2009

*Margaret A. Mahoney*
MARGARET A MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142   Doc 99   Filed 09/18/09   Entered 09/18/09 12:38:15   Desc Main
Document   Page 1 of 1

**Sturdivant v. BAC Home Loans, LP**, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In **Sturdivant**, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE

CORLA R JACKSON                              CASE NUMBER 05-13142

Debtors

AMENDED ORDER DISALLOWING CLAIM

This Order amends that Order dated September 18, 2009 in order to correct that certain paragraph that states In this ORDERED that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is DISALLOWED in its entirety to It is ORDERED that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is REDUCED and ALLOWED to the amount paid and in all other respects the Order stands as originally entered

This matter came before the Court on the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objection, it appears to the Court that the objection is due to be granted.

It is ORDERED that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is REDUCED and ALLOWED to the amount paid.

Dated  October 1, 2009

Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142   Doc 105   Filed 10/03/09   Entered 10/03/09 23:48:56   Desc Imaged
Certificate of Service   Page 1 of 2

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE

CORLA R JACKSON                              CASE NUMBER 05-13142

Debtors

AMENDED ORDER DISALLOWING CLAIM

This Order amends that Order dated September 18, 2009 in order to correct that certain paragraph that states In this ORDERED that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is DISALLOWED in its entirety to It is ORDERED that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is REDUCED and ALLOWED to the amount paid and in all other respects the Order stands as originally entered

This matter came before the Court on the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objection, it appears to the Court that the objection is due to be granted.

It is ORDERED that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is SUSTAINED and the claim is REDUCED and ALLOWED to the amount paid.

Dated  October 1, 2009

Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142   Doc 104   Filed 10/01/09   Entered 10/01/09 14:44:45   Desc Main
Document   Page 1 of 1

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE

CORLA R JACKSON CASE NUMBER 05-13142

Debtors

**ORDER DISALLOWING CLAIM**

This matter came before the Court on the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objections, it appears to the Court that the objection is due to be granted.

It is **ORDERED** that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is **SUSTAINED** and the claim is **DISALLOWED** in its entirety.

Dated: September 18, 2009

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142 Doc 100 Filed 09/18/09 Entered 09/18/09 12:40:15 Desc Main Document Page 1 of 1

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE

CORLA R JACKSON CASE NUMBER 05-13142

Debtors

**ORDER DISALLOWING CLAIM**

This matter came before the Court on the Debtor's Objection to ECF Claim #7 filed by GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local Order. No responses were filed. Based upon the statements made in the Motion and upon the lack of objections, it appears to the Court that the objection is due to be granted.

It is **ORDERED** that the Debtor's Objection to ECF Claim #7 filed by GMAC MORTGAGE CORPORATION is **SUSTAINED** and the claim is **DISALLOWED** in its entirety.

Dated: September 18, 2009

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Case 05-13142 Doc 99 Filed 09/18/09 Entered 09/18/09 12:38:15 Desc Main Document Page 1 of 1

**Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.**

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

*[Two side-by-side court order documents — United States Bankruptcy Court for the Southern District of Alabama, In re: Cora R. Jackson, Amended Order Disallowing Claim, dated October 1, 2009, signed Margaret A. Mahoney, U.S. Bankruptcy Judge — largely illegible]*

**Sturdivant v. BAC Home Loans, LP,** [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In **Sturdivant,** BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge – Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

JUDGE MAHONEY NEVER ISSUED AN ORDER CONFIRMING A MORTGAGE CONTRACT AGREEMENT BETWEEN CORLA JACKSON AND GMAC MORTGAGE BECAUSE HER LOAN WAS STILL WITH OPTION ONE MORTGAGE !

**ORDER**

This matter came before the Court on the motion of GMAC Mortgage Corporation ("GMAC") for relief from the automatic stay as it pertains to certain real property commonly known as 13230 Eton Garston Road, Mobile, AL 36695 ("Real Property"). Appearances were as noted in the record. Based upon the evidence presented:

It is ORDERED that GMAC's Motion for Relief from Stay is CONDITIONALLY DENIED upon the following terms and conditions:

1.  The sum of $36,730.24 ($10,890.24 post petition arrearage @$505.8296 @ $2,920.64 + $15,365.12; $705.85 00.04 Late charges @ $02.16 + $715.12; $500.00 attorney's fees, and $570.00 court costs) having been repaid in open court in one lump sum of $1,920.64, the remaining balance of $14,809.60 shall be repaid through the Debtor's Chapter 13 plan.

2.  GMAC is granted leave to file a proof of claim in the amount of $14,809.60.

3.  Beginning with the March, 2006 payment, Debtor shall continue to make timely monthly direct payments to GMAC in accordance with the Court's order confirming the Debtor's Chapter 13 Plan and the agreements between the Debtor and GMAC.

4.  The Debtor shall otherwise comply with all terms and provisions of the Court's order confirming the Debtor's Chapter 13 Plan and the agreements between the Debtor and GMAC.

NOTICE: JUDGE MAHONEY AND NEITHER D/S THE COURTS NEVER CONFIRMED A AGREEMENT BETWEEN THE DEBTOR CORLA JACKSON AND THE CREDITOR GMAC MORTGAGE CORPORATION. GMAC MORTGAGE DID NOT OWN THE NOTE! THE POOL OF LOANS BACKED BY SECURITY'S DELIVED WITH ALL JACKSON POLICY'S THAT OPTION ONE MORTGAGE BACKED BY SECURITY'S WITHER D/S THEY HAVE A ASSIGNMENT OF MORTGAGE WHEN THEY INITIATED THEIR PROOF OF CLAIM LITED ABOUT WHO D/S SET ON ONE MORTGAGE GAVE HIS ON [...] 2000. THE LOAN NUMBERS D/S NOT MATCH THE RECORDED DEED OF THE TOP PAGE OF EACH PAGE OF CORLA JACKSON RECORDED LOAN DOCUMENT'S

Mobile County Probate Records Search                                      Page 1 of 1

---

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization** Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CORLA REEVES JACKSON,                    Case No.: 05-13142-MAM-13

    Debtor(s).

**ORDER**

This matter came before the Court on the motion of GMAC Mortgage Corporation ("GMAC") for relief from the automatic stay as it pertains to certain real property commonly known as 13230 Tom Gaston Road, Mobile, AL 36695 ("Real Property"). Appearances were as noted in the record. Based upon the evidence presented:

It is ORDERED that GMAC's Motion for Relief from Stay is CONDITIONALLY DENIED upon the following terms and conditions:

1.    The sum of $16,730.24 ($16,080.24 post petition arrearage (07/05-02/06 @ $1,920.64 = $15,365.12; 07/05-01/06 late charges @ 102.16 = $715.12), $500.00 attorney's fees, and $150.00 court costs) having been repaid in open court in one lump sum of $1,920.64; the remaining balance of $14,809.60 shall be repaid through the Debtor's Chapter 13 plan.

2.    GMAC is granted leave to file a proof of claim in the amount of $14,809.60.

3.    Beginning with the March, 2006 payment, Debtor shall continue to make timely monthly direct payments to GMAC in accordance with the Court's order confirming the Debtor's Chapter 13 Plan and the agreements between the Debtor and GMAC.

4.    The Debtor shall otherwise comply with all terms and provisions of the Court's order confirming the Debtor's Chapter 13 Plan and the agreements between the Debtor and GMAC.

5.    If the Debtor fails to comply with the conditions stated herein, GMAC shall notify the debtor by sending the Debtor a notice of default. Should the Debtor fail to cure the default within ten days from the date of the letter, the automatic stay of 11 U.S.C. §362 shall automatically TERMINATE as it pertains to the Real Property and GMAC shall be free to enforce any and all of its right, title, and interest in and to the Real Property in accordance with loan documentation between the parties and applicable law. GMAC shall send said notice and Debtor may cure said default on two (2) separate occasions only. Upon the third default of the Debtor to timely remit the regular or arrearage payments referenced above, then the automatic stay 11 U.S.C. §362 , shall automatically TERMINATE and GMAC is authorized to immediately exercise all its rights under its mortgage without further order of this court. Debtor shall be responsible for attorney fees incurred for noncompliance with this Order including any fee for notices required pursuant to any order of this Court.

Dated:    March 1, 2006

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

027891

**THIS COURT ORDER PREVENTED GMAC MORTGAGE CORPORATION FROM BEING CORLA JACKSON CREDITOR" AND CORLA JACKSON DID COMPLY BY THIS FEDERAL COURT ORDER WHICH CANNOT BE DENIED.**

**JUDGE MAHONEY NEVER ISSUED AN ORDER CONFIRMING GMAC MORTGAGE INTO CORLA JACKSON CHAPTER AND THE AGREEMENT BETWEEN CORLA JACKSON AND GMAC.**

**THIS IS A COURT ORDER GMAC MORTGAGE LAWYERS VIOLATED UNDER U.S.C. 362" FEDERAL LAWS THAT PROTECTED CORLA JACKSON & HER PROPERTY FROM GMAC AND THEIR LAWYERS FILED ECF.**

<u>Sturdivant v. BAC Home Loans, LP</u>, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In <u>Sturdivant</u>, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabam**a Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State <u>ruled against</u> Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the <u>Deed of Trust Act</u> (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

## PATTERSON v. GMAC MORTGAGE, LLC

### Reginald A. Patterson and Diana V. Patterson, v. GMAC Mortgage, LLC.

### No. 2100490.

### Alabama Court of Civil Appeals. **Decided January 20, 2012.**

On appeal, the Pattersons assert, among other things, that the trial court erred in determining that the foreclosure was valid. While the Pattersons' appeal was pending, this court delivered its decision in Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] ___ So. 3d ___ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC. BAC then held a foreclosure sale at which it purchased Sturdivant's house, and the auctioneer executed a foreclosure deed purporting to convey title to Sturdivant's house to BAC. BAC was assigned the mortgage the same day as the foreclosure sale. Thereafter, BAC brought an <u>ejectment action against Sturdivant,</u> claiming that it owned title to her house by virtue of the foreclosure deed. After the trial court entered a summary judgment in favor of BAC, Sturdivant appealed to the supreme court, which transferred her appeal to this court. We held that BAC lacked authority to foreclose the mortgage because it had not been assigned the mortgage before it initiated foreclosure proceedings and that, therefore, the foreclosure and the foreclosure deed were invalid. We further held that, because the foreclosure and the foreclosure deed were invalid, BAC did not acquire legal title to Sturdivant's house through the foreclosure deed and thus BAC did not own an interest in the house when it commenced its ejectment action.

We further held that, because BAC did not own any interest in Sturdivant's house when it commenced its <u>ejectment action, BAC did not have standing to bring that action and, consequently, the trial court never acquired subject-matter jurisdiction over the ejectment action. Because BAC did not have standing to bring its ejectment action and the trial court never acquired jurisdiction over the ejectment action, we held that the judgment of the trial court was void, and we vacated that judgment. Moreover, because a void judgment will not support an appeal, we dismissed the appeal.  In the case now before us, GMAC Mortgage, like BAC in Sturdivant, had not been assigned the mortgage before it initiated foreclosure proceedings.</u> Consequently, under our holding in Sturdivant, GMAC Mortgage lacked authority to foreclose the mortgage when it initiated the foreclosure proceedings, and, therefore, the foreclosure and

<u>Sturdivant v. BAC Home Loans, LP,</u> [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

<u>Alabama Judge - Busted Securitization Prevents Foreclosure:</u> Judge George N. Bowden of the Superior Court in Washington State <u>ruled against</u> Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the <u>Deed of Trust Act</u> (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

the foreclosure deed upon which GMAC based it ejectment claim are invalid. Moreover, under our holding in Sturdivant, because GMAC Mortgage did not own any interest in the house, it lacked standing to bring its ejectment action against the Pattersons. Because GMAC Mortgage lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over the ejectment action. Accordingly, the judgment of the trial court is void and is hereby vacated. Moreover, because a void judgment.

### TO THE HONORABLE JUDGE OF SAID COURT" JUDGE MARTIN GLENN

**This Case Is Pending Trial:** Case No. 14-CV-2427" To Lift The Automatic Stay To Proceed To Trial" To Validate The Ownership Of The Property At The Time GMAC Mortgage Initiated Their Proof Of Claims And Foreclosure Linked To All (3) Bankruptcy's And Corla Jackson.

Come Now The Plaintiff" (Corla Jackson) Files This Motion For Objection To The Defendants" (NOTICE OF RESCAP BORROWER CLAIMS TRUST'S MOTION FOR ORDER ESTIMATING CLIAMS AND ESTABLISHING DISPUTED CLAIMS RESERVE)" In Reference To A Violation Of An Automatic Stay Under Bankruptcy Case #: (05-13142 MAM 13)" In Addition To The (Stay Order) That Was Issued By" (THE UNITED STATES

*Corla Reeves Jackson 6/20/14*

Corla Reeves Jackson

13230 Tom Gaston Road

Mobile, Alabama. 36695

Phone: 251.554.1785

corlareevesjackson@gmail.com

*Corla Jackson 6/20/2014*

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

**Alabama Judge - Busted Securitization Prevents Foreclosure:** Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.

**Page 32 of 33**

# CERTIFICATE OF SERVICE

I certify that on (June 20, 2014), a true and correct copy of this motion was served to each person listed below.

MORRISON & FOSTER LLP

1290 Avenue Of The Americas

New York, New York. 10104

Telephone: (212) 468-8000

Facesmile: (212) 468-7900

Corla Reeves Jackson    _6/20/2014_

Corla Reeves Jackson

13230 Tom Gaston Road

Mobile, Alabama. 36695

Phone: 251.554.1785

corlareevesjackson@gmail.com

Corla Jackson    _6/20/2014_

Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans could not be insured" on stolen property and hurricane damaged homes" clouded titles and more.

Alabama Judge - Busted Securitization Prevents Foreclosure: Judge George N. Bowden of the Superior Court in Washington State ruled against Bank of America (BoA) in a foreclosure battle that ended with the nonjudicial foreclosure sale under the Deed of Trust Act (DTA). The sale was deemed void, and the court is setting the foreclosure aside.