## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

-----------------------------------------------------------------

## ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH <u>OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)</u>

Upon the sixty-ninth omnibus objection to claims (the "<u>Objection</u>")[1] of the

ResCap Borrower Claims Trust (the "<u>Trust</u>"), established pursuant to the terms of the confirmed

Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors for

Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No

Liability Borrower Claims, all as more fully described in the Objection; and it appearing that this

Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; upon consideration of the Objection and the

*Declaration of Deanna Horst in Support of the ResCap Borrower Claims Trust's Sixty-Ninth*

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as <u>Exhibit 2</u>, the

*Declaration of P. Joseph Morrow IV in Support of the ResCap Borrower Claims Trust's*

*Seventieth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as

<u>Exhibit 3</u>; and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower*

*Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)*,

annexed thereto as <u>Exhibit 4</u>; and the Court having found and determined that the relief sought in

the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other

parties in interest and that the legal and factual bases set forth in the Objection establish just

cause for the relief granted herein; and the Court having determined that the Objection complies

with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Borrower Claims</u>") are

disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified

on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the

Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may

be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    August _____, 2014
          New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1147211

**Exhibit A**

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Sharpe Maurice v GMAC Mortgage SSAFE Mortgage Fidelity National Title Agency of Nevada et al<br><br>David J Winterton and Associates LTD 1140 No Town Center Drive Suite 120 Las Vegas, NV 89144<br><br>Claim: 2079<br><br>Filed: 11/01/2012 | General Unsecured<br><br>$3,200,000 | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issues, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from March 10, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Mountain View Mortgage Company originated the loan on March 10, 2008.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claim because the loan was past due for the August 2008 payment when foreclosure proceedings commenced on December 10, 2008 and Claimant never cured arrearages.<br><br>Claimant alleges the loan was taken out without his knowledge and that Debtors failed to fully investigate. Debtors' records show that Claimant contacted Debtors on or about April 14, 2009 regarding the alleged identity theft and a customer service representative advised Claimant that the Debtors required a copy of a filed police report. After four months, Debtors were unable to reach Claimant and discovered that the police department was also unable to reach the Claimant who had ceased cooperating with them. Debtors provided written notice to Claimant on September 24, 2009 that there was insufficient information to support the claim for identify theft, that foreclosure had been on hold and was now going to be reinstated. Property was subsequently sold at foreclosure on April 16, 2010.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of negligence, slander of title or wrongful foreclosure. | 9, 10-11 |

1

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith 4011 Hubert Avenue Los Angeles, CA 90008  Claim: 3889  Filed: 11/09/2012 | General Unsecured  $3,000,000 | GMAC Mortgage, LLC  12-12032 | General no Liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.  Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.  Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors.  Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.  Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

ny-1147902

<u>Exhibit  A</u>
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim<br>Amount | Asserted<br>Debtor<br>Name<br>and<br>Asserted<br>Case<br>Number | Reason<br>for<br>Disallowance | No Liability Summaries | Corresponding<br>Page # in<br>Omnibus<br>Objection |
|---|---|---|---|---|---|
| Tia Smith<br><br>4011 Hubert Ave.<br>Los Angeles, CA 90008<br><br>Claim: 4129<br><br>Filed: 11/09/2012 | General<br>Unsecured<br><br>$3,000,000 | Homecomings<br>Financial, LLC<br><br>12-12042 | General no<br>liability,<br>Origination<br>Issues,<br>Wrongful<br>Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors.  Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

3

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith<br><br>4011 Hubert Avenue<br>Los Angeles, CA 90008<br><br>Claim: 4134<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$3,000,000 | Residential Funding Company, LLC<br><br>12-12019 | General no liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors. Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

ny-1147902

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith<br><br>4011 Hubert Avenue<br>Los Angeles, CA 90008<br><br>Claim: 4139<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$3,000,000 | Residential Accredit Loans, Inc.<br><br>12-12052 | General no liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan.  There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors.  Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

5

<u>Exhibit  A</u>
Sixty-Ninth  Omnibus  Objection – No  Liability  Borrower  Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| John Kaspar<br><br>P.O. Box 77613<br>Corona, CA 92877<br><br>Claim: 4309<br><br>Filed: 11/07/2012 | General Unsecured<br><br>$1,964,000 | Residential Capital, LLC<br><br>12-12020 | General No liability, Wrong Debtor | Debtor GMAC Mortgage  LLC serviced the loan from September  13, 2006 until servicing transferred  to Ocwen Loan Servicing, LLC on February 16, 2013. K. Hovnanian American Mortgage, LLC originated  the loan on April 5, 2006.<br><br>Debtors have no liability for this claim. Claimant attaches  what appears to be a "claim of commercial lien" to the proof of claim without further basis for his claim.  Debtors' records show that litigation brought by Claimant was dismissed with prejudice  on November 13, 2013 in Superior Court of CA, Riverside (Case No. MCC1300785)  and  no appeal  was filed.<br><br>In addition, Debtors' records show that foreclosure proceedings  were initiated on or about November 5, 2012 due to loan owing for July 2009 through November 2012 payments. The property  went to a foreclosure sale June 10, 2013. Impac Funding Corporation sold the property  out of REO on October 31, 2013. | 7-8, 13 |
| Alan T Israel and Jill C Habib v GMAC Mortgage GreenPoint  Mortgage Funding Specialized Loan Servicing LLC Douglas et al<br><br>5572 N. El Adobe  Dr. Fresno, CA 93711<br><br>Claim: 3843<br><br>Filed: 11/09/2012 | Secured<br><br>$804,000 | Executive Trustee Services, LLC<br><br>12-12028 | Origination Issues, Wrongful Foreclosure, Standing Issues | Debtor GMAC Mortgage  LLC serviced the loan from October 4, 2006 until servicing transferred  to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage  Funding, Inc. originated  the loan on July 12, 2006.<br><br>Claimant is involved in litigation asserting fraud against ETS (and GMAC Mortgage  as well as non-Debtors including GreenPoint).   Claimant alleges that ETS did not have the right to foreclose as it was not a trustee, mortgagee  or beneficiary, or an agent thereof - and that the note was not properly endorsed to the trustee.  Claimant also alleges that ETS did not have authority to act as substitute trustee and conduct the non-judicial foreclosure.  Claim for fraud is all that remains as part of the Third Amended  Complaint that was filed in April 2011. Demurrer to the Second Amended  Complaint was sustained on all other claims with prejudice on | 9, 10-11, 11-12 |

6

ny-1147902

<u>Exhibit  A</u>
Sixty-Ninth  Omnibus  Objection – No  Liability  Borrower  Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim<br>Amount | Asserted<br>Debtor<br>Name<br>and<br>Asserted<br>Case<br>Number | Reason<br>for<br>Disallowance | No Liability Summaries | Corresponding<br>Page # in<br>Omnibus<br>Objection |
|---|---|---|---|---|---|
| | | | | April 5, 2011.<br><br>Debtors are not liable for Claimant's origination-based  claims because no Debtor entity was involved in the origination of this loan.  The loan was securitized by GreenPoint, Aurora Loan Services was master servicer, and GMACM was appointed as subservicer on October 4, 2006.  No debtor was involved in the origination, securitization or had an ownership interest in the loan.<br><br>Debtors have no liability for Claimant's lack-of-standing claims because Debtors have verified that the assignment and endorsement  chain is complete and valid.  Debtors' records show i) Note is endorsed from originator to blank, ii) MERS, as nominee for lender appointed ETS as substitute trustee  to conduct the non-judicial foreclosure sale. ETS was properly appointed as trustee to conduct the foreclosure on the deed of trust.  The deed of trust, which borrower signed, permits for an appointment  of a substitute trustee.  The property  sold to a third party in 2010.  Based on the facts and reasons outlined above, the proof of claim does not give rise to liability for a claim for fraud. | |
| Shomari  Colver<br><br>1042 Olancha Dr.<br>Los Angeles, CA 90065<br><br>Claim: 4138<br><br>Filed: 11/09/2012 | General<br>Unsecured<br><br>$234,500 | GMAC<br>Mortgage,<br>LLC<br><br>12-12032 | General No<br>Liability,<br>Wrongful<br>Foreclosure,<br>Standing  Issues | Debtor GMAC Mortgage  LLC serviced the loan from May 21, 2007 until servicing transferred  to Ocwen Loan Servicing, LLC on February  16, 2013. SBMC Mortgage  originated  the loan on March 7, 2007.<br><br>Debtors have no liability for Claimant's lack-of-standing  or authority to foreclose claims because Debtors have verified that the assignment and endorsement  chains are complete and valid. Proper  steps were taken to complete the assignment  of the deed of trust and substitution  of Trustee. In addition, the Note endorsed by the originator  in blank has no effect on the referral of the loan to foreclosure. Debtors' records show i) the note is endorsed  from SBMC Mortgage  to blank, ii) the assignment  of mortgage | 7-8, 10-11, 11-12 |

ny-1147902

<u>Exhibit  A</u>
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | was recorded from MERS (as nominee for originator) to Deutsche Bank National Trust Company, as Trustee, iii) Substitution of Trustee was recorded  from Deutsche Bank National Trust Company, as Trustee to ETS.<br><br>The proof of claim cites to active litigation in CA, which no Debtor is a party to (Claimant filed a notice to dismiss without prejudice  on January 28, 2014).  Claimant alleges that Debtors are foreclosing.  Debtors have no liability for Claimant's wrongful foreclosure claims because the first lien loan was in default and due for September  2007 through October 2012 payments  when it was referred  to foreclosure on October 14, 2012. Ocwen is currently servicing and handling the foreclosure.<br><br>Based on the facts and reasons stated  above, the proof of claim does not give rise to liability for claims involving "unfair business practices" or "cancellation of instruments". | |
| AUBREY  MANUEL vs GREENPOINT MORTGAGE FUNDING INC GMAC MORTGAGE LLC and ALL PERSONS UNKNOWN<br><br>1036 W 46TH ST LOS ANGELES,  CA 90037<br><br>Claim: 5634<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$170,000 | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification Issues | Debtor GMAC Mortgage  LLC serviced the loan from May 3, 2006 until servicing transferred  to Ocwen Loan Servicing, LLC on February  16, 2013. GreenPoint Mortgage  Funding, Inc. originated  the loan on February 17, 2006.<br><br>Debtors have no liability for wrongful foreclosure claims and loan modification claims because Debtors  handled all aspects of the loan modification process appropriately,  and Claimant was not damaged by the assistance Debtors provided to Claimant.<br><br>Debtors' records show that Claimant was advised on June 22, 2010 that the borrower  needed  to submit a complete workout package 7 days prior to foreclosure sale in order to be considered for a loan modification. Claimant was advised on June 25, 2010 of the missing documents needed to complete the workout package and was advised these documents were | 14-16 |

8

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | needed as soon as possible as the foreclosure sale cannot be stopped once the property is 7 business days from sale. The foreclosure sale was placed on hold on July 6, 2010 as a complete package was received on June 26, 2010. The claimant was denied a HAMP modification on July 6, 2010 due to the home being non-owner occupied. The new foreclosure sale date was set for August 9, 2010. In order to review the loan workout package, additional information was needed related to Foster Care Income and the rental income/lease agreement on the property. These documents were not received and property was foreclosed on August 9, 2010.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of "breach of covenant of good faith and fair dealing" or "unfair business practices". | |
| Jacqueline A. Warner c/o Jan Schrieberl., Third Party Witness<br><br>3494 Camino Casa Tassajara.<br>Unit 308<br>Danville, CA 94506<br><br>Claim: 1638<br><br>Filed: 10/22/2012 | General Unsecured<br><br>BLANK | Residential Capital, LLC<br><br>12-12020 | Amend and Supersede, General No Liability | Debtor GMAC Mortgage LLC serviced the loan from November 9, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors object to claim no. 1638 on the basis that it was amended or replaced by claim no. 3502.<br><br>Claimant filed proofs of claim nos. 3415, 3502 and 1638. Claim No. 3415 was expunged in the sixth omnibus objection because it was a duplicate of Claim No. 3502.<br><br>Claim No. 3502 was expunged in the 50th omnibus objection on grounds of "No Liability Books and Records". In the ruling [Docket 6824], the Court found Claimant had not rescinded her loan, which served as Claimant's basis for claim.<br><br>Claim No. 1638 does not include a proof of claim form or any reference to | 13 |

<u>Exhibit  A</u>
Sixty-Ninth  Omnibus  Objection – No  Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | an amount asserted for damages. However, attached to the proof of claim is a list of attachments  that appear  to only relate to Claimant's attempt to rescind her loan, which served as Claimant's basis for claim no. 3502. Additionally, most or all of the documents attached to claim no. 1638 were also provided to Debtors and the court in connection with claim no. 3502. For these reasons, Debtors have concluded that Claimant intended to amend or replace proof of claim no. 1638 with claim no. 3502. | |
| Sylvia Essie Dadzie Shaev  & Fleischman, LLP  350 Fifth Avenue Suite 7210 New York, NY 10118  Claim: 5258  Filed: 11/15/2012 | General Unsecured  Unliquidated | GMAC Mortgage, LLC  12-12032 | Insufficient Information, General No Liability | Debtor GMAC Mortgage, LLC purchased  the loan from Ally Bank who purchased  from originator Advanced Financial Services, Inc. Debtor transferred  its interest in the loan to Fannie Mae on or about September 12, 2006.   Debtor GMAC Mortgage LLC serviced the loan from August 14, 2006 until servicing transferred  to GreenTree  Servicing, LLC on February 1, 2013. Advanced Financial Services, Inc. originated the loan on June 28, 2006.  Debtors have no liability for this claim which is based on Claimant's adversary proceeding in her chapter 7 bankruptcy filed in the Southern District of New York (Case No. 1110822 filed on February 25, 2011). Claim is related to equitable claims and it seeks to determine  the lien amount on a loan that is now serviced by a third party, GreenTree.  A stipulation was entered  on July 24, 2013 [Docket No. 4341] related to relief from the automatic stay to allow Claimant's adversary complaint to proceed. The stipulation specifically states that Claimant cannot file a claim for damages  against Debtors.  Debtors have confirmed with GreenTree  that Claimant's bankruptcy case was dismissed on November 19, 2013. | 14, 7-8 |
| Donna Lanzetta  Lanzettta  and Assoc | General Unsecured | GMAC Mortgage, | Standing Issues, Loan Modification, | Debtor GMAC Mortgage, LLC originated the loan on January 26, 2007. Residential Funding Company purchased the loan from GMACM and thereafter  the loan was securitized where US Bank, NA was appointed as | 11-12, 14-16, 7-8 |

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| PC472 Montank Highway East Quogue, NY 11942<br><br>Claim: 4420<br><br>Filed: 11/09/2012 | $2,250,000 | LLC<br><br>12-12032 | General No Liability | Trustee on or about June 1, 2007. Debtor GMAC Mortgage LLC serviced the loan from January 26, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's basis for the claim is stated as "civil wrong (sic), breach of contract, fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" and that "the lender is not the proper holder of the note or mortgage". No other explanation or documentation in the proof of claim is provided to explain the basis for claim or calculation of damages, however, Claimant does note "treble damages" on the proof of claim form. In response to a letter sent to Claimant on May 24, 2013 requesting additional information and documentation in support of the claim, Claimant attached a copy of Claimant's "Verified Answer and Counterclaim" in connection with a lawsuit in Suffolk County, New York [US Bank National Association as Trustee for FRMSI 2007S6 (Plaintiff) against Jean Lanzetta, Dominick Lanzetta (and other Defendants); case 10-22010), which Claimant states "sets forth the details and basis of claim". Claimant's allegations include that Plaintiff i) lacks standing, including the assertion that Plaintiff is not the proper holder of the note, ii) failed to negotiate in good faith in loan modification process, iii) executed an incorrect assignment dated May 27, 2010.<br><br>Debtors have no liability for the counterclaims in Claimant's "Verified Answer and Counterclaim" because no Debtor is a party to the case. The counterclaims listed in Claimant's "Verified Answer and Counterclaim" that serve as Claimant's basis for claim are brought against US Bank National Association, a non-debtor entity. Additionally, Debtors' research shows Claimant's motion to include counterclaims in the case was denied by the court. Notwithstanding these facts, Debtors do not have liability for these same assertions even if the claims survived in the lawsuit and were | |

ny-1147902

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | properly asserted against Debtors, as described below.<br><br>Debtors have no liability for the allegation that Debtors are not the "proper holder" or "lawful assignee" of the note because i) Debtors are not the current owners of the loan. Debtors' records show the note is properly endorsed from GMAC Mortgage, to Residential Funding Company and, subsequently, to U.S. Bank National Association as trustee, and ii) Claimant has not demonstrated how they were damaged by this assertion.<br><br>Debtors have no liability for the allegation that Debtor executed an incorrect assignment on May 27, 2010 because Claimant has not demonstrated how they were damaged. The assignment dated May 27, 2010 was recorded June 14, 2010 properly assigning the mortgage from MERS as nominee for GMAC Mortgage, LLC to US Bank National Association as trustee for RFMSI 2007S6.<br><br>Debtors have no liability for the allegation that Debtors failed to negotiate in good faith during loan modification discussions because Claimant has not provided any proof or demonstrated how they were damaged by this incorrect assertion, and Debtors validated that they handled all aspects of the loan modification process appropriately and in accordance with applicable guidelines. Debtors' records show Claimant submitted a workout package May 5, 2011, but Claimant was denied on June 28, 2011 because Claimant did not submit missing documents requested by Debtor. Debtors have no other records of Claimant submitting loan modification requests.Debtors have no liability for allegations of "fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" because Claimant has failed to provide any additional factual evidence supporting these allegations. Additionally, Claimant has failed to demonstrate or proffer any evidence | |

ny-1147902

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | as to the legal basis for the entitlement to "treble damages." | |
| Jean Lanzetta<br><br>Lanzetta & Assoc PC472 Montauk Hwy East Quogue, NY 11942<br><br>Claim: 4423<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$2,250,000 | GMAC Mortgage, LLC<br><br>12-12032 | Standing Issues, Loan Modification, General No Liability | Debtor GMAC Mortgage, LLC originated the loan on January 26, 2007. Residential Funding Company purchased the loan from GMACM and thereafter the loan was securitized where US Bank, NA was appointed as Trustee on or about June 1, 2007. Debtor GMAC Mortgage LLC serviced the loan from January 26, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's basis for the claim is stated as "civil wrong (sic), breach of contract, fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" and that "the lender is not the proper holder of the note or mortgage". No other explanation or documentation in the proof of claim is provided to explain the basis for claim or calculation of damages, however, Claimant does note "treble damages" on the proof of claim form. In response to a letter sent to Claimant on May 24, 2013 requesting additional information and documentation in support of the claim, Claimant attached a copy of Claimant's "Verified Answer and Counterclaim" in connection with a lawsuit in Suffolk County, New York [US Bank National Association as Trustee for FRMSI 2007S6 (Plaintiff) against Jean Lanzetta, Dominick Lanzetta (and other Defendants); case 10-22010), which Claimant states "sets forth the details and basis of claim". Claimant's allegations include that Plaintiff i) lacks standing, including the assertion that Plaintiff is not the proper holder of the note, ii) failed to negotiate in good faith in loan modification process, iii) executed an incorrect assignment dated May 27, 2010. Claimant is a co-borrower with Dominick Lanzetta, whose estate filed an identical claim, claim number 4405.<br><br>Debtors have no liability for the counterclaims in Claimant's "Verified Answer and Counterclaim" because no Debtor is a party to the case. The | 11-12, 14-16, 7-8 |

13

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | counterclaims listed in Claimant's "Verified Answer and Counterclaim" that serve as Claimant's basis for claim are brought against US Bank National Association, a non-debtor entity. Additionally, Debtors' research shows Claimant's motion to include counterclaims in the case was denied by the court. Notwithstanding these facts, Debtors do not have liability for these same assertions even if the claims survived in the lawsuit and were properly asserted against Debtors, as described below.<br><br>Debtors have no liability for the allegation that Debtors are not the "proper holder" or "lawful assignee" of the note because i) Debtors are not the current owners of the loan. Debtors' records show the note is properly endorsed from GMAC Mortgage, to Residential Funding Company and, subsequently, to U.S. Bank National Association as trustee, and ii) Claimant has not demonstrated how they were damaged by this assertion.<br><br>Debtors have no liability for the allegation that Debtor executed an incorrect assignment on May 27, 2010 because Claimant has not demonstrated how they were damaged. The assignment dated May 27, 2010 was recorded June 14, 2010 properly assigning the mortgage from MERS as nominee for GMAC Mortgage, LLC to US Bank National Association as trustee for RFMSI 2007S6.<br><br>Debtors have no liability for the allegation that Debtors failed to negotiate in good faith during loan modification discussions because Claimant has not provided any proof or demonstrated how they were damaged by this incorrect assertion, and Debtors validated that they handled all aspects of the loan modification process appropriately and in accordance with applicable guidelines. Debtors' records show Claimant submitted a workout package May 5, 2011, but Claimant was denied on June 28, 2011 because Claimant did not submit missing documents requested by Debtor. Debtors have no other records of Claimant submitting loan modification | |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | requests.Debtors have no liability for allegations of "fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" because Claimant has failed to provide any additional factual evidence supporting these allegations. Additionally, Claimant has failed to demonstrate or proffer any evidence as to the legal basis for the entitlement to "treble damages." | |

15

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| The Estate of Dominick Lanzetta

Lanzetta & Assoc.
PC472 Montauk Hwy
East Quogue, NY 11942

Claim: 4405

Filed: 11/09/2012 | General Unsecured

$2,250,000 | GMAC Mortgage, LLC

12-12032 | Standing Issues, Loan Modification, General No Liability | Debtor GMAC Mortgage, LLC originated the loan on January 26, 2007. Residential Funding Company purchased the loan from GMACM and thereafter the loan was securitized where US Bank, NA was appointed as Trustee on or about June 1, 2007. Debtor GMAC Mortgage LLC serviced the loan from January 26, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.

Claimant's basis for the claim is stated as "civil wrong (sic), breach of contract, fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" and that "the lender is not the proper holder of the note or mortgage". No other explanation or documentation in the proof of claim is provided to explain the basis for claim or calculation of damages, however, Claimant does note "treble damages" on the proof of claim form. In response to a letter sent to Claimant on May 24, 2013 requesting additional information and documentation in support of the claim, Claimant attached a copy of Claimant's "Verified Answer and Counterclaim" in connection with a lawsuit in Suffolk County, New York [US Bank National Association as Trustee for FRMSI 2007S6 (Plaintiff) against Jean Lanzetta, Dominick Lanzetta (and other Defendants); case 10-22010), which Claimant states "sets forth the details and basis of claim". Claimant's allegations include that Plaintiff i) lacks standing, including the assertion that Plaintiff is not the proper holder of the note, ii) failed to negotiate in good faith in loan modification process, iii) executed an incorrect assignment dated May 27, 2010. Claimant is a co-borrower with Jean Lanzetta, who filed an identical claim, claim number 4423.

Debtors have no liability for the counterclaims in Claimant's "Verified Answer and Counterclaim" because no Debtor is a party to the case. The counterclaims listed in Claimant's "Verified Answer and Counterclaim" that serve as Claimant's basis for claim are brought against US Bank | 11-12, 14-16, 7-8 |

16

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim<br>Amount | Asserted<br>Debtor<br>Name<br>and<br>Asserted<br>Case<br>Number | Reason<br>for<br>Disallowance | No Liability Summaries | Corresponding<br>Page # in<br>Omnibus<br>Objection |
|---|---|---|---|---|---|
| | | | | National Association, a non-debtor entity. Additionally, Debtors' research shows Claimant's motion to include counterclaims in the case was denied by the court. Notwithstanding these facts, Debtors do not have liability for these same assertions even if the claims survived in the lawsuit and were properly asserted against Debtors, as described below.<br><br>Debtors have no liability for the allegation that Debtors are not the "proper holder" or "lawful assignee" of the note because i) Debtors are not the current owners of the loan. Debtors' records show the note is properly endorsed from GMAC Mortgage, to Residential Funding Company and, subsequently, to U.S. Bank National Association as trustee, and ii) Claimant has not demonstrated how they were damaged by this assertion.<br><br>Debtors have no liability for the allegation that Debtor executed an incorrect assignment on May 27, 2010 because Claimant has not demonstrated how they were damaged. The assignment dated May 27, 2010 was recorded June 14, 2010 properly assigning the mortgage from MERS as nominee for GMAC Mortgage, LLC to US Bank National Association as trustee for RFMSI 2007S6.<br><br>Debtors have no liability for the allegation that Debtors failed to negotiate in good faith during loan modification discussions because Claimant has not provided any proof or demonstrated how they were damaged by this incorrect assertion, and Debtors validated that they handled all aspects of the loan modification process appropriately and in accordance with applicable guidelines. Debtors' records show Claimant submitted a workout package May 5, 2011, but Claimant was denied on June 28, 2011 because Claimant did not submit missing documents requested by Debtor. Debtors have no other records of Claimant submitting loan modification requests.Debtors have no liability for allegations of "fraud, misrepresentation, negligent supervision of staff, negligent and | |

17

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | intentional infliction of emotional distress" because Claimant has failed to provide any additional factual evidence supporting these allegations. Additionally, Claimant has failed to demonstrate or proffer any evidence as to the legal basis for the entitlement to "treble damages." | |
| Joaquin A. Sosa and Griselda Sosa, Individually and as Husband and Wife Sosa c/o Prentice

3866 Wilson Avenue San Diego, CA 92104

Claim: 2403

Filed: 11/05/2012 | General Unsecured

Unliquidated | GMAC Mortgage, LLC

12-12032 | Origination Issue, Loan Modification, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from September 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on June 9, 2006.

Claimant alleges "fraud committed by original lender in the refinancing of the loan and fraud during the foreclosure procedures by the debtor" as the basis for claim. Claimant attached to the proof of claim a one page document showing case information in connection with a foreclosure action brought by GMAC Mortgage against Claimant. No other explanation of the basis or damages is provided by the Claimant in the proof of claim. In response to a letter requesting more information and documentation in support of the claim, Claimant asserts that the originating lender misrepresented to Claimant that there would be no prepayment penalty, and that originating lender would qualify a buyer for a loan to purchase Claimant's property when they decided to sell their property. As a result of both misrepresentations, Claimant asserts they were unable to sell the subject property, and when attempting to "negotiate the loan in 2009", Debtor would not "make adjustments or reductions" to their loan "based on our retirement income." As a result, the Claimant was purportedly forced into a foreclosure situation that caused the claimants to lose their excellent credit ratings and suffer damages "in excess of $500,000." According to Claimant, Debtors purportedly engaged in illegal practices through their retained attorney, Stern Law, including fraud and providing incorrect information. In addition, the new servicer, Ocwen, purportedly continues illegal foreclosure proceedings against Claimant based on | 9, 14-16, 10-11 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | incorrect information and misrepresentations by Debtors. Claimant's proof of claim and letter response to Debtors provides no explanation for the calculation of damages asserted in the amount of $1,000,000.

Debtors have no liability for the allegations against the originating lender because no Debtor was involved with the origination of the loan, and the assertions do not carry assignee liability. The originating lender was GreenPoint Mortgage Funding, Inc., a non-Debtor entity.

Debtors have no liability for the allegation that Debtors failed to modify Claimant's loan in 2009 because Claimant never took the necessary steps to obtain a modification. Debtors' records show i) there is no evidence of negotiations or communications between Debtors and Claimant recorded in the servicing records in 2009, and ii) because Claimant was past due on their account, Debtors sent to Claimant a loan modification workout package on October 27, 2009, but Claimant never returned a completed package for Debtors to consider for modification.

Debtors have no liability for the allegation that Debtors engaged in illegal practices through their retained attorney, Stern Law, because Claimant has provided no evidence to support it, and Claimant has not demonstrated how they were damaged. Debtors' records show i) Claimant's account was referred to foreclosure on July 8, 2009 as the account was owing for April through July, 2009 payments, ii) from July 2009 to the point when Debtors transferred servicing to Ocwen in February 2013, Claimants never set up any arrangements or agreements with Debtors to bring the account current or make payment toward the delinquency, and iii) Debtors acted within the terms of the mortgage and note to begin the foreclosure process. Subsequently, on December 29, 2011, the loan was referred to a new foreclosure attorney law firm, | |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Albertelli Law, to continue the foreclosure process.<br><br>Debtors have no liability for the allegation that new servicer, Ocwen, continues illegal foreclosure proceedings against claimant based on incorrect information and misrepresentations by Debtors because i) Debtors are not responsible for the actions of Ocwen, a non-Debtor entity, and ii) Claimant has provided no evidence of specific misrepresentation by the Debtors. Debtors' research shows a foreclosure sale was scheduled for February 20, 2014 by Ocwen, however, the subject property was sold in short sale on January 29, 2014. | |

20

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Joaquin A. Sosa and Griselda Sosa, Individually and as Husband and Wife<br><br>Sosa c/o Prentice 3866 Wilson Avenue San Diego, CA 92104<br><br>Claim: 2428<br><br>Filed: 11/05/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issue, Loan Modification, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from September 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on June 9, 2006.<br><br>Claimant alleges "fraud committed by original lender in the refinancing of the loan and fraud during the foreclosure procedures by the debtor" as the basis for claim. Claimant attached to the proof of claim a one page document showing case information in connection with a foreclosure action brought by GMAC Mortgage against Claimant. No other explanation of the basis or damages is provided by the Claimant in the proof of claim. In response to a letter requesting more information and documentation in support of the claim, Claimant asserts that the originating lender misrepresented to Claimant that there would be no prepayment penalty, and that originating lender would qualify a buyer for a loan to purchase Claimant's property when they decided to sell their property. As a result of both misrepresentations, Claimant asserts they were unable to sell the subject property, and when attempting to "negotiate the loan in 2009", Debtor would not "make adjustments or reductions" to their loan "based on our retirement income." As a result, the Claimant was purportedly forced into a foreclosure situation that caused the claimants to lose their excellent credit ratings and suffer damages "in excess of $500,000." According to Claimant, Debtors purportedly engaged in illegal practices through their retained attorney, Stern Law, including fraud and providing incorrect information. In addition, the new servicer, Ocwen, purportedly continues illegal foreclosure proceedings against Claimant based on incorrect information and misrepresentations by Debtors. Claimant's proof of claim and letter response to Debtors provides no explanation for the calculation of damages asserted in the amount of $1,000,000.<br><br>Debtors have no liability for the allegations against the originating lender | 9, 14-16, 10-11 |

21

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | because no Debtor was involved with the origination of the loan, and the assertions do not carry assignee liability. The originating lender was GreenPoint Mortgage Funding, Inc., a non-Debtor entity.<br><br>Debtors have no liability for the allegation that Debtors failed to modify Claimant's loan in 2009 because Claimant never took the necessary steps to obtain a modification. Debtors' records show i) there is no evidence of negotiations or communications between Debtors and Claimant recorded in the servicing records in 2009, and ii) because Claimant was past due on their account, Debtors sent to Claimant a loan modification workout package on October 27, 2009, but Claimant never returned a completed package for Debtors to consider for modification.<br><br>Debtors have no liability for the allegation that Debtors engaged in illegal practices through their retained attorney, Stern Law, because Claimant has provided no evidence to support it, and Claimant has not demonstrated how they were damaged. Debtors' records show i) Claimant's account was referred to foreclosure on July 8, 2009 as the account was owing for April through July, 2009 payments, ii) from July 2009 to the point when Debtors transferred servicing to Ocwen in February 2013, Claimants never set up any arrangements or agreements with Debtors to bring the account current or make payment toward the delinquency, and iii) Debtors acted within the terms of the mortgage and note to begin the foreclosure process. Subsequently, on December 29, 2011, the loan was referred to a new foreclosure attorney law firm, Albertelli Law, to continue the foreclosure process.<br><br>Debtors have no liability for the allegation that new servicer, Ocwen, continues illegal foreclosure proceedings against claimant based on incorrect information and misrepresentations by Debtors because i) Debtors are not responsible for the actions of Ocwen, a non-Debtor entity, | |

22

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | and ii) Claimant has provided no evidence of specific misrepresentation by the Debtors. Debtors' research shows a foreclosure sale was scheduled for February 20, 2014 by Ocwen, however, the subject property was sold in short sale on January 29, 2014.<br><br>Upon review, it also appears that this claim is identical to claim number 2403. As a result, it is duplicative and should also be expunged on that basis. | |
| Julie A. Eriksen<br><br>2647 Kendridge Ln Aurora, IL 60502<br><br>Claim: 5573<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$1,000,000 | GMAC Mortgage, LLC<br><br>12-12032 | Estoppel by Waiver, Standing Issues, Wrongful Foreclosure, General Servicing Issues | Loan was originated by Debtor GMAC Mortgage, LLC on November 9, 2005. GMAC Mortgage subsequently sold its interest in the loan to Freddie Mac on or about January 18, 2006. Debtor GMAC Mortgage LLC serviced the loan from November 9, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>The Claimant's proof of claim states "fraud, conspiracy to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract and other wrongful acts" as basis for claim. Claimant provided no additional information or documentation to explain the basis or calculation of damages. In response to a letter requesting additional information in support of claim, Claimant asserts i) GMAC Mortgage Corporation transferred Claimant's to GMAC Mortgage LLC, and Debtors failed to provide Claimant with notice of any "transfer, sale or assignment" of their loan in accordance with "12 USC 2605". As a result, Debtors' lawsuit against Claimant "constituted a wrongful foreclosure action predicated on fraudulent documents", and therefore, Debtors did not have standing to sue Claimant. Claimant alleges this has caused them damages of $1,000,000 plus $2,000, however, Claimant attaches an itemization of damages totaling $1,956,300, comprised of $450,000 for "the value of home", $1,800 for "moving expenses", $26,500 for "housing and living expenses", and $1,478,000 for "personal harms." Claimant is a co- | 14, 11-12, 10-11, 8-9 |

23

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | borrower  with Ronald A. Erickson, who filed an identical claim, claim number 5580.<br><br>Debtors have no liability for any of the allegations  referenced in the proof of claim because Claimant waived the right to assert such claims by failing to preserve such claims in the Claimant's personal bankruptcy, and therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research  show i) Claimant filed for chapter 7 bankruptcy  protection on July 14, 2011 and received an order of discharge in January  2012, and ii) Claimant's schedules filed in their chapter 7 case do not show any liquidated, unliquidated  or contingent  claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations  and issues of fact regarding  the proof of claim occurred  prior to the Claimant's chapter 7 petition date and subsequent  discharge. Notwithstanding  the fact Claimant is estopped from bringing these claims against Debtors, Debtors  have no liability for the claims because the claims have no merit as outlined below.<br><br>Debtors have no liability for wrongful foreclosure claims arising from Debtors' failure to provide notice of a "transfer,  sale or assignment" of their loan from GMAC Mortgage  Corporation  to GMAC Mortgage  LLC because i) GMAC Mortgage  Corporation  did not transfer,  sell or assign any interest in the loan to GMAC Mortgage  LLC. GMAC Mortgage  Corporation changed  its corporate status from a corporation  to an LLC by merger on October 24, 2006. The merger  or name change did not constitute an event requiring  notice to Claimant under RESPA, TILA or any statute  because there was no transfer, sale or assignment of Claimant's loan in connection with the merger.  In addition, Claimant has failed to demonstrate  how they were damaged by this assertion.  Moreover, Claimant was past due on their account. When Claimant's loan was referred  to foreclosure on May 29, 2010, the account was owing for March 2010 through May 2010 | |

24

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | payments. The Illinois Courts entered judgment in favor of Debtors on February 28, 2011, and the redemption period expired on June 28, 2011. | |
| Ronald A. Eriksen, Jr.<br><br>2647 Kendridge Ln.<br>Aurora, IL 60502<br><br>Claim: 5580<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$1,000,000 | GMAC Mortgage, LLC<br><br>12-12032 | Estoppel by Waiver, Standing Issues, Wrongful Foreclosure, General Servicing Issues | Loan was originated by Debtor GMAC Mortgage, LLC on November 9, 2005. GMAC Mortgage subsequently sold its interest in the loan to Freddie Mac on or about January 18, 2006. Debtor GMAC Mortgage LLC serviced the loan from November 9, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>The Claimant's proof of claim states "fraud, conspiracy to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract and other wrongful acts" as basis for claim. Claimant provided no additional information or documentation to explain the basis or calculation of damages. In response to a letter requesting additional information in support of claim, Claimant asserts i) GMAC Mortgage Corporation transferred Claimant's to GMAC Mortgage LLC, and Debtors failed to provide Claimant with notice of any "transfer, sale or assignment" of their loan in accordance with "12 USC 2605". As a result, Debtors' lawsuit against Claimant "constituted a wrongful foreclosure action predicated on fraudulent documents", and therefore, Debtors did not have standing to sue Claimant. Claimant alleges this has caused them damages of $1,000,000 plus $2,000, however, Claimant attaches an itemization of damages totaling $1,956,300, comprised of $450,000 for "the value of home", $1,800 for "moving expenses", $26,500 for "housing and living expenses", and $1,478,000 for "personal harms." Claimant is a co-borrower with Julie A. Erickson, who filed an identical claim, claim number 5573.<br><br>Debtors have no liability for any of the allegations referenced in the proof of claim because Claimant waived the right to assert such claims by failing to preserve such claims in the Claimant's personal bankruptcy, and | 14, 11-12, 10-11, 8-9 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research show i) Claimant filed for chapter 7 bankruptcy protection on July 14, 2011 and received an order of discharge in January 2012, and ii) Claimant's schedules filed in their chapter 7 case do not show any liquidated, unliquidated or contingent claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations and issues of fact regarding the proof of claim occurred prior to the Claimant's chapter 7 petition date and subsequent discharge. Notwithstanding the fact Claimant is estopped from bringing these claims against Debtors, Debtors have no liability for the claims because the claims have no merit as outlined below.<br><br>Debtors have no liability for wrongful foreclosure claims arising from Debtors' failure to provide notice of a "transfer, sale or assignment" of their loan from GMAC Mortgage Corporation to GMAC Mortgage LLC because i) GMAC Mortgage Corporation did not transfer, sell or assign any interest in the loan to GMAC Mortgage LLC. GMAC Mortgage Corporation changed its corporate status from a corporation to an LLC by merger on October 24, 2006. The merger or name change did not constitute an event requiring notice to Claimant under RESPA, TILA or any statute because there was no transfer, sale or assignment of Claimant's loan in connection with the merger. In addition, Claimant has failed to demonstrate how they were damaged by this assertion. Moreover, Claimant was past due on their account. When Claimant's loan was referred to foreclosure on May 29, 2010, the account was owing for March 2010 through May 2010 payments. The Illinois Courts entered judgment in favor of Debtors on February 28, 2011, and the redemption period expired on June 28, 2011. | |
| Donald & Roberta (Bobbi) Signs | General Unsecured | GMAC Mortgage, | Loan Modification Wrongful | Debtor Homecomings Financial originated the loan on June 27, 2006. Residential Funding Company purchased the loan from Homecomings and thereafter the loan was securitized where US Bank, NA, as Trustee was | 14-16, 10-11 |

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 23411 Olde Meadowbrook Circle Bonita SP, FL 34134<br><br>Claim: 3798<br><br>Filed: 11/08/2012 | Unliquidated | LLC<br><br>12-12032 | Foreclosure | appointed trustee on or about August 1, 2006. Debtor Homecomings Financial serviced the loan from June 27, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant states "fraudulent foreclosure action" as basis for claim, but provided no additional explanation of basis or damages in the proof of claim. In response to Debtors' letter requesting additional information in support of the claim, Claimant asserts Debtor wrongfully foreclosed because Debtor carried out foreclosure steps while Debtor agreed to evaluate Claimant for a loan modification, and Debtor failed to give Claimant a modification as agreed after Claimant performed in accordance with the terms of their trial plan. Claimant also alleges that Debtors executed an invalid assignment through "robo-signing" after the foreclosure had been "served upon us."<br><br>Debtors have no liability for the loan modification-related allegations because Claimant never completed the steps or satisfied the conditions necessary to obtain a permanent modification. Specifically, in each instance Claimant submitted workout packages in order to be considered for a loan modification, Claimant either i) never submitted a complete package in order to be considered for modification, ii) did not qualify for HAMP or Traditional modification options, or iii) failed to make any of the trial payments under an approved trial plan. While Claimant did make certain payments under various forbearance plans, the terms of the forbearance plans did not include any promise by Debtors to modify Claimant's loan. A forbearance plan is an accommodation to a borrower in default whereby the borrower is given more time to bring their account current or pursue loan modification. Under the terms of a typical forbearance plan, Debtors agree to suspend the foreclosure process for a | |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | specific period of time provided the borrower makes certain monthly payments, which include initial monthly payments that are often lower than the monthly mortgage payment required under the borrower's note and follow with a large payment due at the end of the forbearance term that includes all deferred or past due amounts. Forbearance plans do not include any forgiveness of amounts owing under the borrower's loan. <br><br>Debtors' records show: <br>i) Debtors approved Claimant for a forbearance plan on June 5, 2009 that allowed for 4 monthly payments of $1,612 between June 29, 2009 and September 29, 2009, and a payment of $7,686.49 on October 29, 2009; <br>ii) In Claimant's first attempt at applying for a modification, Claimant was denied on August 10, 2009 because claimant failed to provide missing items from their workout package, <br>iii) As an accommodation to Claimant to give them more time to provide a complete workout package, Debtors approved Claimant for a new forbearance plan on August 17, 2009 that allowed for 3 monthly payments of $1,612 between August 29, 2009 and November 29, 2009, and a payment of $9,345.66 on December 29, 2009. Claimant failed to provide a complete workout package during this timeframe, <br>iv) Debtors provided a third forbearance plan to Claimant on December 22, 2009 that allowed for 2 payments of $1,612 between December 30, 2009 and January 20, 2009, and a payment of $10,414.31 on February 28, 2010; <br>v) Claimant submitted a third workout package on February 17, 2010; however, Debtors determined that Claimant was ineligible for both HAMP and Traditional modifications. Debtors properly denied Claimant HAMP modification on February 18, 2010 because Claimant's cash reserves exceeded amounts allowed under HAMP guidelines. HAMP does not permit a loan modification if a Claimant's cash reserves exceed three times the borrower's monthly debt payments. In Claimant's workout package, | |

ny-1147902

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Claimant reported cash balances equal to 3.11 times total monthly debt payments. Debtors properly denied Claimant Traditional modification on February 25, 2010 because Debtors were unable to reduce Claimant's monthly payment sufficient to meet the maximum debt-to-income ratio of 31% per investor guidelines. Debtors were unable to reduce Claimant's monthly payment sufficient to meet the maximum debt-to-income ratio of 31% because reducing to this point would have required Debtors to implement two prohibited actions under the investor's guidelines:  a) reducing a borrower's interest rate to less than half of the interest rate on the original loan, and b) forgiving principal such that the loan-to-value would drop below 70%; and  vi) Claimant submitted a fourth workout package on March 3, 201;, however, Claimant was denied modification because Claimant failed to provide missing items within the 10-day deadline given to Claimant. Debtors mailed Claimant a denial letter on April 15, 2010; vi) Claimant provided a fifth workout package on April 8, 2011. Debtors approved Claimant for a HAMP Trial Modification on April 21, 2011 with payments due June 1, 2011 through August 1, 2011 in amount of $2,740.53. Claimant failed to make any of the required payments under the trial plan and failed to submit additional financial information for consideration of a new trial plan, and as a result, Debtors properly denied Claimant a permanent  modification on August 2, 2011.<br><br>Debtors have no liability for the allegations that Debtor wrongfully foreclosed because Debtor never completed foreclosure. At the time Debtor transferred  servicing to Ocwen on February 16, 2013, foreclosure had not been completed. As noted above, Debtor properly denied claimant loan modifications on August 10, 2009, February 18, 2010, February 25, 2010, and April 15, 2010 and suspended  the foreclosure process in accordance  with each of Claimant's three forbearance plans. Debtors' records show the account was properly  referred  to foreclosure in April | |

29

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim<br>Amount | Asserted<br>Debtor<br>Name<br>and<br>Asserted<br>Case<br>Number | Reason<br>for<br>Disallowance | No Liability Summaries | Corresponding<br>Page # in<br>Omnibus<br>Objection |
|---|---|---|---|---|---|
| | | | | 2010 as the account was owing for November 1, 2009 payment, there was no agreement in place whereby Debtor agreed to suspend the foreclosure process or where Claimant agreed to bring the account current.<br><br>Debtors have no liability for the allegations the Debtors executed an invalid assignment by "robo-signing" because Claimants have not shown how the assignment was purportedly invalid. The assignment at issue was executed on April 5, 2010 and recorded on May 19, 2010 properly assigning the mortgage from MERS (as nominee for Homecomings Financial Network, Inc.) to US Bank National Association as trustee. | |
| Otis L. Collier, Jr.<br><br>3201 Milburn Street<br>Houston, TX 77021-1128<br><br>Claim: 5066<br><br>Filed: 11/15/2012 | General Unsecured<br><br>$362,000 | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification | Loan was originated by Decision One Mortgage Company on June 16, 2005. Debtor Residential Funding Company purchased the loan from Decision One.  Debtors transferred its interest when the loan was securitized in which US Bank, NA was appointed as Trustee on or about September 1, 2005. Debtor Homecomings Financial serviced the loan from September 15, 2005 until servicing transferred to GMAC Mortgage, LLC on or about (July 1, 2009). GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant states "modification vs. (non-legible word) true faithful lending law (sic), physical and mental (non-legible word)" as basis for claim. Claimant attaches a mortgage statement, a property tax document, and a marketing flier from a non-Debtor purporting that Claimant may "qualify for mortgage relief". Claimant provided no additional information or documentation explaining the basis for claim or calculation of damages. In response to a letter requesting additional information and documentation in support of the claim, Claimant asserts that i) they were approved for a modification in 2010 and made payments for 6-months, but never received the "modification papers;" ii) GMAC had promised them a "mortgage" on or about December 2010; iii) "GMAC illegally granted a | 14-16 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | modification of my mortgage" because TX state law does not "allow a modification of an equity loan". Claimant asserts Debtors acknowledged this in communication with Claimant; iv) Claimants lengthy efforts to pursue a modification from Debtors prevented Claimant from obtaining a refinance mortgage; and v) damages are $128,885, which equal the value of the property ($125,000) minus the "amount owed on my mortgage" ($243,885).

Debtors have no liability for the assertion that Claimant was approved for modification in 2010 but never received the "modification papers" because Debtors' records show Claimant did receive the permanent modification agreements to sign, but Claimant never signed them. Additionally, Debtor found no evidence that Debtor "Promised (Claimant) a mortgage in December 2010".

Debtors have no liability for the assertion that Debtor "illegally granted a modification of my mortgage" in violation of TX state law because it is not illegal in TX or under any federal laws for a servicer to modify or offer to modify Claimant's loan, or for Claimant to enter into an agreement modifying Claimant's loan.

Debtor's records show Claimant obtained a loan modification from Debtor on or about August 21, 2008, and Claimant applied for another loan modification March 22, 2010. Debtors properly denied Claimant the HAMP modification option on April 2, 2010 due to Claimant's insufficient income to meet program guidelines; however, Debtor approved Claimant for a traditional modification trial plan on May 12, 2010. Claimant made all payments required under the trial plan, and Debtor sent to Claimant a permanent modification agreement to sign on July 15, 2010 by FedEx with tracking number 456422691950. The agreement states that Claimant must execute the agreement and make a down payment of $1,725 by July | |

31

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No  Liability  Borrower  Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | 21, 2010 in order for the modification agreement to become effective. Claimant advised Debtors on September 17, 2010 that permanent modification documents were never received. Debtors sent to Claimant a new permanent modification agreement to sign on December 29, 2010 by FedEx with tracking number 47210384845. The agreement states that Claimant must execute the agreement and make a payment of $1,725.07 by January 21, 2011 in order for the modification agreement to become effective. Debtors never received the executed modification agreement from Claimant. Debtors attempted to call Claimant January 4, 2011, January 7, 2011, and January 11, 2011 to see if Claimant planned to execute the agreement, but Claimant did not answer any of the calls. Claimant spoke with Debtors via phone on January 12, 2011 stating that they received the permanent modification documents, but they did not know if they would be able to make the required payment of $1,725.07. Debtors advised Claimant that there was no guarantee Claimant would be approved for a subsequent permanent modification if Claimant did not execute the agreement. Debtors denied Claimant permanent modification on March 4, 2011 because Claimant failed to return the executed permanent modification agreement to Debtors. Debtors made the business decision to stop modifying loans that were originated as "Texas Home Equity" loans. This decision made Claimant ineligible for consideration for any loan modification options. | |
| David Duggan<br><br>26 Oak Valley Road<br>Shelton, CT 6484<br><br>Claim: 5869 | General Unsecured<br><br>$196,000 | Residential Capital, LLC<br><br>12-12020 | Standing Issues, General No Liability | Debtor GMAC Mortgage purchased the loan from Accubanc Mortgage Corp and subsequently sold its interest to Freddie Mac on or about June 16, 1999. Debtor GMAC Mortgage LLC serviced the loan from July 1999 until loan was paid in full February 15 2006. Accubanc Mortgage Corp originated the loan on February 4, 1999.<br><br>Claimant asserts "Mortgage/Note" as the basis for claim in box 2 of the proof of claim form. No other explanation or documentation is included | 11-12, 7-8 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/21/2012 | | | | with the proof of claim. In response to Debtor's letter requesting information and documentation in support of Claimant's proof of claim, Claimant states "my chain of title has been destroyed by GMAC. Where is my original note with my wet ink signature?" Claimant did not provide any additional explanation or documentation in support of the basis for the claim or for the calculation of Claimant's asserted damages of $196,000.<br><br>Debtors have no liability for the assertion that GMACM damaged Claimant's title because Claimant has failed to proffer any objective evidence to substantiate the assertion or demonstrate any specific damages. Debtors' records show Debtors serviced Claimant's loan between 1999 and 2006, Claimant's loan was paid off on February 15, 2006, and Debtor executed a lien release on February 27, 2006 that was recorded in Shelton City, Connecticut on March 14, 2006. Debtors' imaged copy of the Note shows the note was properly endorsed from originator to blank.<br><br>Debtor has no liability for any possible assertion arising from the statement "where is my original note?" because i) the loan paid off in 2006 and Debtors have no interest in the loan, and ii) Claimant's property is in Connecticut, and Debtors confirmed that state laws in Connecticut do not require Debtor to return the original note to Claimant after the loan is paid off. | |
| CHARYL ROY AND FLOORING SOLUTIONS FACTORY DIRECT | General Unsecured<br><br>$192,094 | GMAC Mortgage, LLC<br><br>12-12032 | Insufficient Documentation | Debtor GMAC Mortgage, LLC purchased the loan from USAA Federal Savings Bank and subsequently transferred its interest to Fannie Mae on or about September 18, 2007. Debtor GMAC Mortgage LLC serviced the loan from August 13, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. USAA Federal Savings Bank originated the loan on August 13, 2007. | 14 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 9760 US HIGHWAY 80 E BROOKLET, GA 30415-6734<br><br>Claim: 1232<br><br>Filed: 10/15/2012 | | | | Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtor's connection to this claimant gives rise to liability.<br><br>Claimant asserts as basis for claim "mortgage note". No other explanation of the basis for claim is provided. Claimant attached to their proof of claim several documents related to their loan, including a mortgage statement, several letters and notices from USAA Federal Savings Bank regarding Claimant's loan, an unsigned loan modification agreement, and a workout package. The amount of the claim is $192,094, which appears to be the Claimant's principal balance of their mortgage loan as of September 3, 2009, per the documentation provided by Claimant. Debtors mailed to claimant a letter on January 23, 2014 requesting additional information in support of claim; however, the letter was returned to Debtors as "undeliverable". Debtors sent claimant a second request letter by email on June 21, 2013 to the email address provided by Claimant on the proof of claim. Claimant failed to respond to the letter. Debtors searched their servicing records and found no evidence that Debtors owe Claimant money, or that Debtors mishandled the servicing of Claimant's account. | |
| Philip C Holland (Decease)<br><br>Peter Holland 273 North Hill Rd Yanceyville, NC 27379<br><br>Claim: 2787 | General Unsecured<br><br>$188,973 | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issues Interest and Fees Collected | Debtor GMAC Mortgage LLC serviced the loan from September 2, 2011 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Mortgage Investors Corp originated the loan on September 2, 2011.<br><br>Claimant asserts "mortgage principal and interest, fees and deposits" as basis for claim and attaches various documents stemming from the origination of Claimant's loan. No other explanation of the basis of claim or calculation of damages is provided by Claimant. In response to a letter requesting additional information in support of the claim, Claimant states origination-based claims, including i) that he is a victim of "fraud, | 9, 12 |

34

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/07/2012 | | | | predatory lending, over-charges, unallowable fees and concealment of fees on VA loans", and ii) that there were hidden defects in the subject property that existed prior to purchasing the property, and iii) issues with a defective appraisal. Debtors have no liability for these origination-based claims because no Debtor entity was involved in the origination of the loan, and Claimant does not proffer any basis for assignee liability to any Debtor. Debtors' records show the loan was originated by Mortgage Investors Corp, a non-Debtor entity, on September 2, 2011. Notwithstanding, the claims appear to be origination-based claims only, Debtor searched its books and records and found no evidence that Debtor incorrectly charged fees to Claimant's account. Furthermore, Debtor found no evidence in the servicing records of Claimant ever disputing issues arising from the origination of Claimant's loan. | |
| Clover Earle 3631 N.W. 41st Street Laurderdale Lakes, FL 33309 4569 11/08/2012 | General Unsecured $16,000 | GMAC Mortgage, LLC 12-12032 | General Servicing Issues | Claimant had a first and second mortgage secured by their personal residence. The loan at issue in Claimant's proof of claim relates only to the second mortgage loan. Debtor Homecomings Financial originated the second mortgage loan on May 22, 2006. Residential Funding Company purchased the loan from Homecomings and subsequently sold its interest in the loan to ETrade Bank on or about May 30, 2006. Debtor Homecomings Financial serviced the loan from May 22, 2006 until servicing was transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing was transferred to Ocwen Loan Servicing on February 16, 2013. Claimant asserts "disputed debt – mortgage note to be wiped out" as the basis for the claim in box 2 of the proof of claim form. In a letter attached to the proof of claim, Claimant asserts "I am disputing the balance of $16,000 your dept. (sic) is billing me for," which Claimant asserts pertains | 9 |

ny-1147902

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | to a 2nd lien mortgage  that was wiped out by a deed-in-lieu  of foreclosure and a state tax sale of the property. | |
| | | | | Debtors have no liability for the assertion that Debtors improperly sought to collect the Claimant's second lien after the lien was wiped out in the state tax sale.  The state tax sale did not eliminate Claimant's  personal liability to Debtors under the second mortgage loan.  Rather, the state tax sale eliminated the lien that secured the Claimant's performance  under the second mortgage loan, thereby preventing Debtors from foreclosing on the property;  however, Claimant remained  personally liable to the Debtors. | |
| | | | | Debtors' records show the Debtors currently have no interest in the second mortgage or the property  at issue, Ocwen is the current servicer of the second mortgage  loan, and Debtors never entered  into a deed-in-lieu of foreclosure agreement  with Claimant. | |
| Maria J. Novak c/o Erik L. Walter, Esq.  60 South Park Place Painesville, OH 44077  Claim: 4017  Filed: 11/09/2012 | General Unsecured  $150,000 | GMAC Mortgage, LLC  12-12032 | Wrongful Foreclosure | The loan was originated  by Freedom Mortgage Corp on September 7, 2000.  Debtor GMAC Mortgage  purchased  the loan from Freedom Mortgage.  Debtors subsequently sold its interest in the loan to Fannie Mae on or about April 3, 2012. Debtor GMAC Mortgage LLC serviced the loan from September  29, 2000 until servicing transferred  to GreenTree Servicing, LLC on February 1st, 2013.  In the proof of claim, Claimant states "lawsuit filed against creditor and the loss of her property through  a foreclosure action" as the basis for claim. Claimant attaches  an order of judgment in favor or GMAC Mortgage LLC in the amount of $71,414.39 in connection with a foreclosure action against Claimant, and evidence of Debtors' winning credit bid of $74,000 at public sale. No other explanation  of basis or documentation  is provided by Claimant. In response to a letter requesting additional  information in | 10-11 |

36

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | support of claim, Claimant states "Judgment entered - see attached" and "After careful review, it has been determined that the value submitted by Attorney Erik L. Walter for $150,000 was submitted by mistake. The value of the property should have been $111,000 as per the Lake County Sheriff's Office appraisal on or about the 24th of February 2012." Claimant re-attached the same documents provided in Claimant's proof of claim. Claimant provided no other explanation of the basis for claim.<br><br>Debtors have no liability for allegations involving wrongful foreclosure because Debtors' records show all aspects of the foreclosure were handled appropriately and in accordance with the terms of the note and mortgage. Furthermore, Claimant has not demonstrated or evidenced any damages, including damages for the asserted amount of the claim of $150,000.<br><br>Debtors' records show:<br>i) Debtors mailed a breach of contract letter to Claimant on August 2, 2010 because Claimant's account was owing for June through August 2010 payments;<br>ii) Claimant's loan was referred to foreclosure September 7, 2010 as Claimant failed to bring account current or obtain an agreement whereby Debtors agreed to suspend foreclosure;<br>iii) Claimant listed property for sale and applied for short sale with Debtors on March 2, 2011;<br>iv) The property went to a foreclosure sale April 2, 2012 as a result of the property failing to be sold in a short sale and Claimant failing to bring account current. At the time of foreclosure sale, the account was due for June 2010 to April 2012 payments;<br>v) Claimant submitted additional requests for short sale, however, these requests were denied on April 3, 2012 and April 13, 2012 due to the home having been sold in foreclosure sale on April 2, 2012.;<br>vi) Claimant failed to pay the amounts due during the redemption period. | |

ny-1147902

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | In accordance with state law, Debtors did not record a foreclosure deed during the redemption period, which ended November 19, 2012; and vii) Although the foreclosure sale was completed in 2012, the account was service released to GreenTree Mortgage February 1, 2013 as the deed had not yet been recorded.<br><br>Debtors' records also show i) the Debtors currently have no interest in the 2nd mortgage or the property at issue, ii) Ocwen is the current servicer of the 2nd mortgage loan, and iii) Debtors never entered into a deed-in-lieu of foreclosure agreement with Claimant. | |
| Faye Abughazaleh<br><br>475 River St<br>Northville, MI 48167<br><br>Claim: 7303<br><br>Filed: 11/12/2013 | Secured<br><br><br>Unliquidated | Residential Capital, LLC<br><br>12-12020 | Late Filed (Borrower) | Debtor GMAC Mortgage LLC serviced the loan from April 17, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability because the proof of claim is late filed.<br><br>On August 29, 2012, this Court entered into its Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and manner of Notice Thereof [Docket No. 1309] (the "Order"), establishing November 9, 2012 as the general claims bar date, which was subsequently extended to November 16, 2012. Claimant filed the proof of claim on November 12, 2013. In accordance with the Order, KCC's records show that on or before October 5, 2012, KCC served a copy of the bar date notice to Claimant at their residence in Dearborn Michigan. Debtor's records show Claimant's primary residence was the Dearborn Michigan property from 2008 to at least November 2012. On this basis, Debtors assert that Claimant was timely and adequately served notice of the general claims bar date, and the claim is late filed. | 13 |

ny-1147902

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tresse Z. King<br><br>5759 Appalossa Drive Grand Prairie, TX 75052<br><br>Claim: 5587<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$100,000 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues | Debtor GMAC Mortgage LLC serviced the loan from May 29, 2009 until loan was paid in full July 7, 2011. Amerigroup Mortgage Corp originated the loan on May 29, 2009.<br><br>Claimant asserts "SCRA Service Members Civil Relief Act. I did not receive benefits and was threatened with Foreclosure" as basis for claim in box 2 of the proof of claim form. In a letter attached to the proof of claim, Claimant also asserts i) Debtors wrongfully pursued foreclosure and wrongfully reported to the credit bureaus, and ii) that "under SCRA, soldiers should be allotted the 6.0% interest rate at the time of sale or transfer. GMAC threatened to change that rate" without explanation. Debtors sent Claimant a letter on June 21, 2013 requesting additional information in support of claim, but Claimant failed to respond.<br><br>Debtors have no liability for the assertion that Debtors "threatened foreclosure" or wrongfully reported information to the credit bureaus because Debtors' records show i) Debtors never threatened Claimant with foreclosure or commenced foreclosure, ii) Claimant was never more than one payment past due, and iii) Debtors provided accurate information to the credit bureaus.<br><br>Debtors have no liability for the assertion that Debtor should have provided Claimant with a 6% interest rate in accordance with the Servicemeebers Civil Relief Act. The Servicemembers Civil Relief Act requires a cap of 6% annual interest rate on any loan obligation obtained by a servicemember prior to his or her entry into active duty. Debtors have no liability for the assertion because i) Claimant had a loan with a 4.5% interest rate (less than the 6% maximum allowed under the law), and at no time did Debtors collect interest in excess of the note rate, and | 8-9 |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | ii) the protections under the Servicemembers Civil Relief Act apply only to loan obligations originated prior to a servicemember commencing active duty in the military. The Act does not apply to loan obligations originated while a person is on active duty. Debtors' records and research show Claimant obtained the loan at issue in May 2009, and Claimant had been on active duty since December 13, 1991. | |
| Christopher Wendt

1410 South 25th Avenue Yakima, WA 98902

Claim: 3619

Filed: 11/08/2012 | General Unsecured

$92,451.60 | GMAC Mortgage, LLC

12-12032 | Loan Modification, General No Liability | Debtor Homecomings Financial originated the loan on January 16, 2007. Residential Funding Corporation purchased the loan from Homecomings, and subsequently the loan was securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about February 26, 2007. Debtor Homecomings Financial serviced the loan from January 16, 2007 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.

Claimant asserts "failure to modify home loan" as basis for claim in box 2 of the proof of claim form. No other explanation of basis or supporting documentation is attached to the proof of claim. In response to a letter requesting additional information and documentation in support of claim, Claimant attaches a letter stating "I believe I am owed money or relief...due to the failure to modify my loan in 2009 when I applied for a loan modification." No other documentation or explanation of the basis or calculation of damages was provided in Claimant's letter response.

Debtors have no liability for the assertion that Debtors wrongfully denied Claimant loan modification in 2009 because i) Claimant did not qualify for any modification options, and ii) Claimant has failed to demonstrate how they were damaged by the assertion of wrongful denial of loan modification. | 14-16, 7-8 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Debtors' records show i) Claimant provided their first workout package in order to be considered for modification on May 23, 2009; however, the package was missing items necessary for modification review. Claimant provided their first complete workout package on August 17, 2009. On August 26, 2009, Debtors' servicing notes show Debtors determined that Claimant was ineligible for HAMP and Traditional modifications because Claimant's income was sufficient to cover Claimant's existing mortgage obligation. Specifically, HAMP and Traditional guidelines do not permit modification if a borrower's debt-to-income ratio is below 31%, and Claimant's workout package showed Claimant had a debt-to-income ratio of 30.8%. Notwithstanding Claimant's ineligibility for modification due to sufficient income, Claimant was also ineligible for HAMP modification because under HAMP guidelines the underlying property must be owner-occupied, and Claimant's property was non-owner occupied. As a result of Claimant's ineligibility for any loan modification, Debtors sent Claimant a denial letter on August 27, 2009. Claimant never submitted any subsequent workout packages to Debtors, and v) at the time that servicing was transferred to Ocwen Loan Servicing (February 16, 2013), Claimant's loan was due for January 2013. | |
| Tara T. Merritt 10701 Brook Bend Circle Pensacola, FL 32506 Claim: 4690 Filed: 11/14/2012 | General Unsecured $92,065.86 | Residential Capital, LLC 12-12020 | Standing Issues, Wrongful foreclosure | Concorde Acceptance Corporation originated the loan on November 10, 2003. Debtor, Residential Funding purchased the loan from Concorde. Debtors transferred its interest the loan was securitized, and JP Morgan Chase Bank, NA was appointed as Trustee on or about January 1, 2004. Debtor Homecomings Financial serviced the loan from January 8, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013. Claimant asserts "Establishing Lost Mortgage Note. Plaintiff no Status. Wrongful Foreclosure" as basis for claim in box 2 of the proof of claim | 11-12, 10-11 |

41

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | form. Claimant attaches several documents related to one or more of Claimant's foreclosure actions, including several loan documents and a final judgment of mortgage foreclosure awarded to JP Morgan Chase with a foreclosure sale date set for January 25, 2007.<br><br>Debtors' records show: i) the note was properly endorsed from the originator to Residential Funding Corporation, with further endorsement from Residential Funding Corporation to the owner/foreclosing party, JP Morgan Chase, as Trustee and ii) an Assignment of Mortgage was recorded from MERS, as nominee for the originator to the foreclosing party, JP Morgan Chase, as Trustee. Claimant's loan was three payments past due at the time Claimant's account was first referred for foreclosure on September 22, 2006. Debtors sent the Claimant's original note to the foreclosing attorney's office on Sept 27, 2006 in connection with the September 22 foreclosure referral, and the attorney filed the original note with the court on December 11, 2006. The note was subsequently lost; the foreclosure action was dismissed because Claimant reinstated account on or about January 4, 2007. Claimant's account was three payments past due at the time Claimant's account was referred for foreclosure on June 28, 2007. Debtors voluntarily dismissed the foreclosure action on or about November 26, 2008 because Debtors approved Claimant for a traditional loan modification on or about the same date. Claimant's account was three or more payments past due when Claimant's account was referred for foreclosure on July 24, 2009. Subsequently, Debtors voluntarily dismissed the foreclosure action. Claimant's loan was three or more payments past due at the time Claimant's account was referred for foreclosure on November 19, 2011; and at the time Debtors transferred the loan to Ocwen, the 2011 foreclosure action remained pending. Claimant never applied for a subsequent loan modification after obtaining the loan modification in November 2008. | |

42

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Debtors are not liable for Claimant's wrongful foreclosure claim, or any assertion that Debtors did not have the right to service or foreclose Claimant's loan as a result of a "Lost Mortgage Note" because: i) Debtors never completed foreclosure, ii) in each instance where Debtors referred Claimant's account to foreclosure Claimant was three or more payments past due on their loan, and Debtors acted in accordance of the terms of the note and mortgage, and iii) at all times, Debtors had proper standing to initiate foreclosure on behalf of the investor. In each instance that Debtors commenced foreclosure on behalf of the investor, the foreclosing attorneys were in possession of either the original note or a valid lost note affidavit in place of the original note. Florida permits foreclosure and acceleration on the note if the party in interest produces a lost note affidavit in lieu of the original note, and the chain of title was accurate and complete as evidenced by the note endorsements and assignment of mortgages identifying JP Morgan Chase, as Trustee, as the owner. | |

ny-1147902

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| SAMUEL PRIETO JAVIER FAJARDO215<br><br>49TH ST STE 2AND N JERSEY PUBLIC ADJINC UNION CITY, NJ 07087<br><br>Claim: 905<br><br>Filed: 10/01/2012 | General Unsecured<br><br>$50,000 | Residential Capital, LLC<br><br>12-12020 | Insufficient Documentation, Escrow issues | The loan was originated by First National Bank of Arizona on September 7, 2000. Debtor GMAC Mortgage, LLC purchased the loan from First National Bank of Arizona on or about September 25, 2006 and Debtors transferred its interest in the loan to LaSalle Bank NA Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-2 Trust on February 1, 2007. Debtor GMAC Mortgage, LLC serviced the loan from September 25, 2006, until servicing transferred to Washington Mutual Bank on February 1, 2007.<br><br>Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant asserts "Proceeds from Fire Damages" as the basis of claim in box 2 of the proof of claim form. Claimant attaches documentation evidencing a property insurance claim involving non-Debtor entities, but provides no other explanation of the basis of claim or calculation of damages. Debtors sent a letter to Claimant on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Notwithstanding the fact Claimant has failed to explain their basis for claim or calculation of damages, Debtors have no liability for any allegations regarding property insurance proceeds due to Claimant from fire damages because Debtors remitted all property insurance proceeds due to Claimant and does not have any remaining insurance proceeds in its possession. Debtors' records show i) Claimant notified Debtors on December 5, 2006 that Claimant had suffered a loss event on September 9, 2006 from fire damage that was covered under their property insurance policy, ii) Debtors received an insurance check in the amount of $25,000 from the insurer and issued a check to Claimant for the same amount on | 14, 9-10 |

44

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | December 20, 2006, and iii) on February 1, 2007, Debtors transferred servicing to Washington Mutual Bank. Any handling of Claimant's insurance claim following February 1, 2007 is not the responsibility of any Debtor entity. | |
| Linton C. Layne, Nancy K. Layne Nancy Kay Layne 95580 South Coos River Lane Coos Bay, OR 97420 Claim: 292 Filed: 07/17/2012 | General Unsecured $35,200 | GMAC Mortgage, LLC 12-12032 | Estoppel by Waiver, General No Liability | Claimant's loan at issue in the proof of claim is a 2nd mortgage loan. Debtor Residential Funding Company purchased the loan from the originator, and subsequently transferred its interest in the loan when it was securitized and Citibank, N.A. was appointed trustee on or about August 31, 2006. Debtor GMAC Mortgage LLC serviced the loan from August 4, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Sierra Pacific Mortgage Company, Inc. originated the loan on March 8, 2006. Claimant asserts "promissory note at closing. No credit given" as basis for claim in box 2 of the proof of claim form. Claimant provided no additional explanation of the basis of claim or the asserted damages of $35,200. In response to Debtors' letter requesting more information in support of claim, Claimant states "Original lender, Sierra Pacific Mortgage Company Inc., shows that the notes was paid off in 2006, by GMAC. If GMAC bought the Note and the Deed of Trust then a new Deed of Trust would have been filed in Washington County, Oregon records office. No such recording exists. So no one has beneficial interest in this property. Pursuant to 11 U.S.C §506(a) and §1322 this note is second lien to the property home value less than 1st lien. Hence if sold no monies would be available to the second lien holder. " Debtors have no liability because the assertions and statements proffered by Claimant in the proof of claim and subsequent letter responses to Debtors are incorrect. Specifically, Debtors never paid off Claimant's loan in 2006 as asserted by Claimant. Debtors' records show Debtor charged- | 14, 7-8 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | off Claimant's loan on June 29, 2009 because Debtors' records indicated Bank Of America foreclosed on Claimant's property in connection with Claimant's default under the 1st lien mortgage, thereby wiping out the 2nd lien secured by Claimant's property. Neither the charge-off nor the loss of security interest in the property absolved Claimant's payment obligations under the 2nd mortgage note. Accordingly, Debtors were within their rights to pursue collection of payments from Claimant even after the foreclosure, ii) Debtor GMAC Mortgage LLC never bought the Note and Deed of Trust as asserted by Claimant. Debtors' records show Residential Funding Company purchased the loan from the originator before the loan was later securitized on or about August 2006. The purchase by Residential Funding Company does not require that a "new deed of trust" be filed in the applicable county, as asserted by Claimant. Moreover, no Debtor currently has an interest in the loan.<br><br>Debtors have no liability for any of the claims noted above because Claimant effectively waived the claims in Claimant's personal bankruptcy, and therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research shows i) Claimant filed for chapter 7 bankruptcy protection in the District of Oregon (Case No. 1041697) on December 14, 2010 and received an order of discharge March 16, 2011, ii) Claimant's schedules filed in their chapter 7 case do not show any liquidated, unliquidated or contingent claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations and issues of fact regarding the proof of claim occurred prior to the Claimant's chapter 7 petition date and subsequent discharge. Notwithstanding the fact Claimant is estopped from bringing these claims against Debtors, Debtors have no liability for the claims because the claims have no merit as outlined above. | |

ny-1147902

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Rosario Pacheco 209 Lopez Ct Calexico, CA 92231 Claim: 1327 Filed: 10/17/2012 | General Unsecured $34,717.58 | GMAC Mortgage, LLC 12-12032 | Insufficient Documentation | The loan was originated  by Debtor GMAC Mortgage on October 19, 2004. Debtor transferred  its interest. when the loan was securitized and Wells Fargo Bank was appointed  as Trustee on or about November 23, 2004. Debtor GMAC Mortgage  LLC serviced the loan from October 19, 2004 until servicing transferred  to Ocwen Loan Servicing, LLC on February  16, 2013.  Debtors object to claim on grounds of "insufficient documentation" because the information and documents  provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.  Claimant asserts "Bank Bankruptcy" as basis for claim in box 2 of the proof of claim form. Claimant attaches  a copy of a HELOC statement from September  2012 showing a beginning  balance of $34,717.58, which is also the claim amount asserted in box 1 of the proof of claim form. Claimant provides no other documentation  or explanation  of the basis for claim. In response to a letter requesting additional  information in support of the claim sent by Debtors on June 21, 2013, Claimant attached  several months of mortgage  statements  stemming from 2010-2012, but provided no additional  explanation  for the basis for the claim. Notwithstanding  the fact the Claimant failed to provide a basis for the claim, Debtors  reviewed its books and records and found no evidence of monies owing to Claimant. | 14 |
| Harris Marcus 2010 EVERGREEN  AVE. APT #10 DES MOINES, IA 50320 Claim: 1292 | General Unsecured $31,500 | Homecomings Financial, LLC 12-12042 | Insufficient Information, General No Liability | Debtor Homecomings Financial originated  the loan on July 9, 2002. Residential Funding Company purchased the loan from Homecomings and thereafter  the loan was securitized where JP Morgan Chase Bank, as Trustee was appointed trustee on or about September  1, 2002. Debtor Homecomings Financial serviced the loan from July 9, 2002 until servicing transferred  to GMAC Mortgage,  LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred  to Ocwen Loan Servicing on February  16, 2013. | 14, 7-8 |

47

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 10/15/2012 | | | | Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant's asserts "Security Instrument "as a basis for claim in box 2 of the proof of claim form. In response to Debtors' letter requesting information in support of Claimant's proof of claim, Claimant asserts "The security instrument provided is registered on a UCC file # 201294421560 with the Commonwealth of Massachusetts on March 14, 2012 at 4:54PM. Creditor Marcus Harris claim 'recoupment' under UCC 3-305. All "interest" and proceeds should be returned to the originator of the Note". Claimant also mailed correspondence to Debtors on March 16, 2012 in the form of a Qualified Written Request (QWR), stating that he is the original creditor of the Note because he funded the loan with his credit.<br><br>Debtors found no evidence that Debtors are liable or responsible to return "interest" and "proceeds" to Claimant in connection with Claimant's loan. Debtors' records show the loan was due for January 1, 2012 at the time the servicing was transferred to Ocwen in February 2013. | |
| Ronald and Elaine NakamotoRon Nakamoto<br><br>18650 Vista De Almaden San Jose, CA 95120<br><br>Claim: 1279<br><br>Filed: 10/15/2012 | General Unsecured<br><br>$20,137.18 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues, Escrow issues | Debtor GMAC Mortgage LLC serviced the loan from September 8, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Heritage Place Mortgage, Inc. originated the loan on April 4, 2005.<br><br>Claimant asserts as basis for claim that i) he was wrongfully denied a waiver to the escrow payment, ii) that Debtors did not follow the terms of the note by failing to reduce his required monthly payment when his variable interest rate on his interest-only loan reduced from 5.75% to 3.5% in January 2010. Instead, Claimant asserts Debtors required a fixed monthly payment, and applied amounts in excess of the interest payment to Claimant's principal balance, and iii) Claimant asserted damages equal | 8-9, 9-10 |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | the "principal reduction that had been applied since January 2010 of $592.27 per month". Claimant requests that Debtors "Credit the principal amount to me as cash" and "reduce the mortgage payment prospective to the interest only amount and eliminate the escrow amount". | |

Debtors have no ability to make changes to Claimant's loan, including crediting or debiting Claimant's loan balance, because no Debtors currently has an interest in the loan.

Debtors have no liability for the assertion that Debtors wrongfully denied Claimant their request to waive the escrow payment requirement because Claimant was ineligible for the waiver and Debtors acted in accordance with i) standard business practices, ii) the terms of the note and mortgage, and iii) the investors' guidelines.

Debtors' records show Claimant was not eligible for an escrow waiver because the loan to value ratio exceeded the maximum amount allowed per investor/servicer guidelines, or 70%. Debtors sent a letter dated May 12, 2011 to the Claimant explaining this reason for denial. Claimant was also ineligible for an escrow waiver per investor/servicer guidelines because Claimant did not live in the property. Debtors explained this denial reason, as well as the loan-to-value requirement, in a phone conversation on July 12, 2011. Riders to the Deed of Trust confirm that the property was being used as investment/rental property. Debtors' records show Claimant's loan required an interest-only payment with an annual interest rate of 5.75% for the first 5 years, or from June 2005 to May 2010. Thereafter, Claimant's loan required monthly payments of principal and interest at a rate of 3 percent plus the 6-month LIBOR rate as of the applicable "Change Date," per section 4(A) of the note. The "Change Dates" that determine Claimant's index occur every 6-months, so Claimant's required payment effectively changed every 6-months. In accordance

49

Exhibit  A
Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | with the terms of the Note, Debtors sent Claimant all required notices of changes to Claimant's interest rate and the amount of Claimant's required monthly payment. The first of such notices was delivered to Claimant on April 12, 2010, which states that the interest rate would change to 3.50% effective June 2, 2010. Claimant never disputed Debtors' application of principal and interest to Claimant's loan balances.<br><br>Debtors have no liability for the assertion that Debtors required payments in excess of the required payments under the note because the assertion is incorrect. Debtors never required payments in excess of the payments required under the terms of the note. Claimant never made payments in excess of the payments required under the note, and in all instances, Debtors applied payments appropriately and accurately to Claimant's account. | |
| SIXTA ASSOC LLP FOR MELISSA RODRIGUEZ<br><br>117 E EDGEWOOD DR FRIENDSWOOD, TX 77546<br><br>Claim: 4021<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$228,180 | Residential Capital, LLC<br><br>12-12020 | Wrongful Foreclosure, General No Liability | Debtor Residential Funding purchased the loan from MILA, Inc. and subsequently the loan was securitized where JP Morgan Chase Bank was appointed trustee on or about October 1, 2004. Debtor Homecomings Financial serviced the loan from October 14, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013. MILA, Inc. dba Mortgage Investment Lending Associates originated the loan on August 27, 2004.<br><br>Debtors have no liability for Claimant's claims. No Debtor was involved in the tax lien foreclosure attached to the Claimant's proof of claim. Claimant alleges that she was working with a 3rd party, Tax Rescue, LP, to resolve property tax issues. At some point Tax Rescue instituted a foreclosure against the property and ultimately an eviction. Tax Rescue had failed to include the first lien holder in the foreclosure notice the first lien holder (who Debtors were servicing the loan on behalf of). Claimant filed an | 10-11, 7-8 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | action in the District Court of Fort Bend County TX against Tax Rescue (no Debtor was a defendant) seeking an injunction to prevent the eviction. Debtors intervened in that action. Tax Rescue issued a Cancellation and Rescission of the Substitute Trustee's Deed which was recorded on or about November 28, 2009 and the eviction was dismissed. Claimant filed Notice of Nonsuit and the action was dismissed (based on documents Claimant attaches). Title was reinstated to the Claimant subject to the first lien holder's Deed of Trust. <br><br> Claimant alleges that she had no notice of Debtors' interest in the loan. Debtors have no liability for Claimant's claim because the Note has been endorsed from the originator to Residential Funding Corporation, with further endorsement from Residential Funding Corporation to JP Morgan Chase Bank, as Trustee and an Assignment of Deed of Trust was recorded from MERS, as nominee for the originator to Bank of New York Trust Company, NA successor to JP Morgan Chase Bank, as Trustee was recorded January 16, 2007. In addition, Claimant received servicing related correspondence from Homecomings Financial through July 2009 and after that had communications and received servicing related correspondence from GMACM as successor servicer. | |
| Suzanne Koegler and Edward Tobias <br><br> 75 Princeton Oval Freehold, NJ 7728 <br><br> Claim: 1466 <br><br> Filed: 10/22/2012 | General Unsecured <br><br> $1,000,000 | GMAC Mortgage, LLC <br><br> 12-12032 | Wrongful Foreclosure, General No Liability, General Servicing Issues | Debtors currently have no interest in the loan referenced in Claim No. 1466. On or around September 2, 2005, Debtor GMAC Mortgage Corporation originated the loan to Claimant in the amount of $299,000.00. Debtors subsequently sold the loan to Freddie Mac on or about October 20, 2005. GMACM serviced the loan from September 2, 2005 until servicing was transferred to Ocwen Financial on February 16, 2013. At the time servicing transferred from Debtors to Ocwen in February 2013, the loan was still owned by Freddie Mac. <br><br> On or about October 22, 2012, Claimant filed two proofs of claim against | 10-11, 7-8, 8-9 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | ResCap, Claim No. 1466 and Claim No. 1467. Claim No. 1466 relates to property in Long Beach, NY (the "Long Beach Property"), and Claim No. 1467 relates to property in Freehold, New Jersey. Claimant's assertions and supporting documentation in Claim No. 1466, while relating to a different property, are identical to those stated in Claim No. 1467. Claim No. 1466 asserts general unsecured claims against ResCap in the amount of $1,000,000. In Box 2 of the proof of claim form (Basis for Claim), Claimant provides that the basis for the claim is "Damages based on Consumer Fraud or other claim/affirmative defense to foreclosure requesting monetary relief." In Box 8 of the proof of claim form, Claimant wrote "Complaint has not yet been filed." Nothing was attached to the proof of claim. In Claimants' letter dated June 25, 2013 in response to Debtors' request for additional information, Claimant provided no additional explanation of basis for the claim.<br><br>On October 28, 2013, Claimant filed an adversary proceeding ("the Lawsuit") against several defendants, including the Debtors, the United States of America and Barack Obama, which purportedly lays out the causes of action in support of both of Claimant's proofs of claim. In the Complaint, Claimant asserts i) Claimant requested assistance from defendants following Hurricane Sandy and the defendants failed to adequately compensate plaintiffs for damages sustained as a result of their wrongful acts. Claimant further asserts that defendants were required to provide assistance to the Claimants under the terms of the Claimants' mortgages and federal law; ii) "defendants wrongfully engaged in illegal or other adverse actions that negatively affected the nationwide real estate market resulting in untrue or inaccurate property values at the time Claimants purchased the properties", and iii) Claimants sustained a loss when they sold the property referenced in claim 1466.<br><br>On June 5, 2014, Claim No. 1467 was expunged by order (Docket 7052), | |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | whereby the court sustained Debtors' 61st omnibus objection. The court found that "the facts asserted in the Complaint - which was filed against Debtors in violation of the automatic stay - are insufficiently pled to form the basis for the claim". Debtors have no liability for proof of claim 1466 and the assertions in the lawsuit for many of the same reasons the Court found that Debtors have no liability for claim 1467. Debtors have no liability for Claim 1466 because i) the assertions are vague, conclusory allegations, and ii) the underlying complaint, which serves to explain the basis for the claim and was filed in violation of the automatic stay, neither identifies the specific defendants that engaged in "illegal" or improper conduct, whether a Debtor entity engaged in the alleged conduct, nor the exact nature of the purported conduct, and iii) there is no evidence proffered in support of the allegations. Nevertheless, the Borrower Trust reviewed the Debtors' books and records in connection with Claim No. 1466 to determine if there was any basis to these allegations, and it could not find any instance where Claimant ever contacted the Debtors regarding any "illegal" conduct. With respect to allegations that Debtors failed to provide assistance to Claimant in connection with Hurricane Sandy, Debtors have no liability because the assertion is incorrect. On the contrary, Debtors' records show Debtors accommodated Claimant's request for assistance. Debtors' records show Debtors spoke with Claimant by phone on November 27, 2012 and Claimant requested reprieve from making payments between December 2012 and February 2013 due to hardship from Hurricane Sandy. On November 28, 2013 Debtors approved Claimant for a Disaster Forbearance plan whereby i) Claimant was allowed to defer making payments between December 2012 and February 2013 and Debtors agreed to not assess late charges, pursue foreclosure, or report late | |

53

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | payments to the credit bureaus during this period, and ii) Claimant was required to make any deferred payments at the end of the forbearance period. Debtors complied with all terms of the forbearance agreement. After Debtors transferred servicing to Ocwen in February 2013, the servicing notes show Ocwen extended the forbearance plan through May 2013, and Claimant made a payment to Ocwen on May 31, 2013 that brought the account current.<br><br>Debtors' records show i) Claimants' loan was never referred to foreclosure while Debtors serviced the loan, ii) Claimant's loan was never delinquent prior to Debtors' bankruptcy petition date, iii) the terms of Claimants' loan application are consistent with the terms of the loan executed by Claimants at origination, and iv) prior to the filing of the proof of claim, there is no record of Claimants raising any of the allegations in the proof of claim with the Debtors. | |

54