# **Exhibit 4**

**Rosenbaum Declaration**

ny-1147207

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------- )
                                                                             )
In re:                                                                       )    Case No. 12-12020 (MG)
                                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                                            )    Chapter 11
                                                                             )
                                                Debtors.                     )    Jointly Administered
---------------------------------------------------------------------------- )


**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH    OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.  I am a partner in the law firm of Morrison & Foerster LLP ("M&F"). M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 250 West 55th Street, New York, NY 10019. I am an attorney duly admitted to practice before this Court and the courts of the State of New York. By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "Debtors"). Following the Effective Date,[1] M&F has been retained as counsel to the ResCap Borrower Claims Trust (the "Trust").

2.  I submit this declaration in support of the Objection and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b), approving (i) claim objection procedures; (ii) Borrower Claim procedures; (iii) settlement procedures; and (iv) schedule amendment procedures [Docket No. 3294] (the "Claim Objection Procedures Order").

---

[1] Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection")

ny-1147210

3. It is my understanding that in connection with the filing of the Objection, prior to the Effective Date of the Plan, the Debtors have complied with the Borrower Claim Procedures. I have been advised by M&F attorneys under my supervision that, prior to the Plan's Effective Date, in accordance with the Claims Objection Procedures Order, the Debtors, first reviewed a preliminary Borrower Claim List (as such term is defined in the Procedures Order), which included each proof of claim that the Debtors contemplating including in the Objection (the "Objection Claim List"), determined if such claims contradicted the information in the Debtors' books and records, and then confirmed the Objection Claim List's accuracy. Thereafter, the Debtors determined which claimants on the Objection Claim List should receive a Request Letter.

4. To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and SilvermanAcampora LLP, Special Counsel to the Creditors' Committee, agreed should receive a Request Letter, with the Debtors providing copies of such letters to Special Counsel.

5. To the best of my knowledge, prior to the filing of the Objection, the Debtors and the Trust have fully complied with all other applicable terms of the Claim Objection Procedures Order.[1]

*(Signature Page to Follow)*

---

[1] The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel. As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.). In connection with the Objection, it is my understanding that, prior to the Effective Date of the Plan, both the Debtors and Special Counsel complied with the Borrower Claim Procedures in connection with the furnishing of the Request Letters as set forth herein and the Objection. Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Trust did not consult with Special Counsel prior to filing the Objection.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on June 25, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum