**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING GREGORY C. MORSE'S MOTION TO EXTEND FOR FILING NOTICE OF APPEAL**

Pending before the Court is the *Motion to Extend Deadline for Filing Notice of Appeal*, filed by Gregory C. Morse (the "Motion," ECF Doc. # 7186). The Certificate of Service attached to the Motion states that Morse mailed the Motion to the Court on June 23, 2014. Morse requests an extension of time to file a notice of appeal from the Court's *Memorandum Opinion and Order Sustaining ResCap Borrower Claims Trust's Objection to Proofs of Claim Filed by Gregory C. Morse*, filed on June 6, 2014 (the "Morse Opinion," ECF Doc. # 7069).

The Motion is **GRANTED** to the extent provided herein. <u>Morse's time to file a notice of appeal from the Morse Opinion is extended to and including July 11, 2014. This is the maximum extension allowable by this Order under Federal Rule of Bankruptcy Procedure 8002(c)(2).</u>

In granting the Motion, the Court concludes that Morse has established "excusable neglect," as required by Rule 8002(c)(2) for a motion to extend the time to appeal filed more than 14 days after the date of the order sought to be appealed. The Morse Opinion was filed on June 6, 2014; the deadline for filing an appeal from the Morse Opinion, or seeking an extension of time to appeal, was June 20, 2014 (14 days after the date of the Opinion). Morse's current Motion was filed on June 23, 2014, three days after that deadline.

Federal Rule of Bankruptcy Procedure 8002(c)(2) provides that "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Morse's Motion and an attached declaration explain why he did not file this Motion within fourteen days after the Morse Opinion was entered. The Court concludes that Morse has made a sufficient showing of excusable neglect to support extending his time to file a notice of appeal.

Under Rule 8002(c)(2), the maximum amount of time that the Court can now grant Morse to file a notice of appeal is "21 days from the expiration of the time for filing a notice of appeal . . . or 14 days from the date of entry of the order granting the motion, whichever is later." In this case, both dates are the same: July 11, 2014. Consequently, the Court extends Morse's time to file a notice of appeal from the Morse Opinion until July 11, 2014.

The Motion is **GRANTED** to the extent provided herein. Morse's time to file a notice of appeal from the Morse Opinion is extended to and including July 11, 2014. Counsel for the Borrower Claims Trust is hereby ordered to serve a copy of this Order on Morse and file an affidavit of service showing such service.

Dated:  June 27, 2014
        New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                   United States Bankruptcy Judge