Jared B. Pearson, JD (12200)
**EVELAND & ASSOCIATES, PLLC**
8833 South Redwood Road, Suite C
West Jordan, Utah 84088
Telephone     801.676.5506
Facsimile     801.676.5508

*Attorneys for Creditor Clifford Lantz*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No.  12-12020 (MG) |
| | ) | |
| Residential Captial, LLC, et. al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CLIFF LANTZ'S REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362 AND § 1301**

Clifford Lantz ("Lantz"), by and through counsel, hereby files his Reply to Debtors' Objection to his Motion for Relief from the automatic stay.  In support of the same, Lantz submits the Declaration of Clifford Lantz dated June 26, 2014, attached hereto and incorporated herein by this reference as Exhibit "A", and represents as follows:

**STATEMENT OF FACTS**

1.     Clifford Lantz has been involved with a lawsuit in the Third District Court, Salt Lake County, State of Utah against Homecomings Financial, LLC, one of the Debtors in this proceeding since October 2006.  *See* Docket Report from the Utah Court, which is attached hereto and incorporated herein by this reference as Exhibit "A."

2.     Lantz obtained a preliminary injunction against Homecomings Financial prior to this

1

bankruptcy case being filed.  *Id.*

3.      Lantz has suffered damages as a direct and proximate result of Homecomings

Financial's actions which is in a monetary amount of $590,000.  *See* Proof of Claim, which is

attached hereto and incorporated herein by this reference as Exhibit "B."

4.      Based on the current ResCap Liquidating Trust being the successor in interest to

Homecomings Financial, and the current delay in Lantz obtaining a payment of 100% on his proof

of claim, Lantz desires to have an equitable remedy in lieu of money damages because it appears

that he will receive less than 100% of his proof of claim amount.  *See* Declaration of Clifford Lantz,

which is attached hereto and incorporated herein by this reference as Exhibit "C."

5.      The Utah Court has already found that Homecomings Financial breached its contract

with Lantz and one of the matters remaining is damages.  *See* Utah Court Ruling, which is attached

hereto and incorporated herein by this reference as Exhibit "D."

## ARGUMENT

6.      Debtor claims that Lantz' damages will be "relatively small in comparison to the

costs of proceeding to trial."  Debtors' Opp at page 2.  This argument lacks merit.

7.      Here, Lantz' damages are $590,000.00.  The cost to set the Utah matter for trial will

be less than $590,000.00.  Indeed, discovery has ended, no further discovery is necessary, and the

Utah case simply needs to have a trial date set and that the case be heard by the Utah court.  This

could happen in 2-3 months or less so long as the Court has four days to schedule a trial.

Accordingly, Debtor's argument is inapposite and Lantz should be granted relief to proceed with his

claims in the Utah state court action.  Because Lantz will be irreparably harmed should this Court

fail to grant the relief that Lantz is requesting in his Motion.

8.      Debtors cite to the case of *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re*

*Sonnax Indux., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990), and argue that Lantz has failed to show

that good cause exists based on the Sonnax Factors.    Debtors' Opp at page 6.  Debtors' argument is

meritless.

9.    The Sonnax Factors are a dozen factors that this court should generally consider

when deciding whether or not to lift an automatic stay.

10.    The twelve factors are: "(1) whether relief would result in partial or complete issue

resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other

proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise

has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense

responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in

another forum would prejudice interests of other creditors; (8) whether judgment claim arising from

other action is subject to equitable subordination; (9) whether movant's success in other proceeding

would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and

expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other

proceeding; (12) impact of stay on parties and balance of harms." *Id.* at 1286.

11.    These factors may not be relevant for all cases. The ultimate determination whether to

lift a stay depends upon the facts underlying a given motion.

12.    Here, the relief would result in a resolution of the issue as to Creditor Clifford Lantz.

This satisfies the first factor

13.    Granting the relief would also remove further interference with this case. This

satisfies the second factor.

14.    The third factor is also satisfied here in that the other proceeding does not involve the

debtor as a fiduciary.  Therefore, this factor is satisfied in favor of Lantz.

15.     The fourth factor also falls in favor of Lantz as the Utah court is ready to proceed to trial immediately.  The only thing to be done in the Utah case is proceed to trial.

16.     The fifth factor is not applicable in this case as the Debtors have no insurer who has accepted to defend the Utah case.

17.     The sixth factor is also not applicable here because the Utah case does not involve third parties.

18.     The seventh factor falls in favor of Lantz because proceeding with the litigation in the Utah court does not prejudice the interests of other creditors.

19.     The eighth factor clearly falls in favor of Lantz and is the entire purpose of the motion for relief.  Once relief is granted, Lantz should be able to obtain an equitable remedy through the Utah court which should nullify the note and deed of trust on his primary residence.  Thus, no money damages would need to be collected through the bankruptcy estate by Lantz.  This factor benefits all other creditors and the bankruptcy estate benefits as well.

20.     The ninth factor also falls in favor of Lantz.  There is not judicial lien that would be avoidable by the Debtor in this case.

21.     The tenth factor is fully in favor of Lantz and granting relief.  It is absolutely in the interests of judicial economy for a just, speedy resolution of the Utah case and an equitable remedy further resolves the bankruptcy estate of Lantz' monetary burden on his proof of claim.

22.     The eleventh factor is whether parties are ready for trial in other proceeding.  As outlined *supra*, the Utah case is ready for trial now.  No further or future delay is needed.  This falls in Lantz' favor.

23.     Finally, the twelfth factor is regarding the balancing of harms.  Here, Lantz, a homeowner has clearly been harmed by Homecomings Financial as outlined in Exhibit D.  The

4

remedy to allow Lantz equitable relief through the Utah court system is surely balanced in favor of Lantz as all other parties to this bankruptcy proceeding will benefit therefrom.

24.      Given the nature of the Utah case and the long delays that have occurred and that will continue to occur in the bankruptcy court, and, after having reviewed the Sonnax Factors and all applicable factors favoring Lantz, it is beyond contention that it is in the best interest of the bankruptcy estate and all creditors involved to allow Lantz to proceed to trial in the Utah case and allow him an equitable remedy.

## CONCLUSION

25.      Therefore, this Honorable Court should grant Lantz' motion for relief from the automatic stay and allow him to proceed in the Utah State court.  Lantz' ability to obtain an equitable form of relief will benefit all parties.

WHEREFORE, based on the foregoing, Clifford F. Lantz respectfully requests that this Court enter an order granting Lantz' motion and such other and further relief as the court deems necessary and proper under the circumstances.

DATED this 27th day of June, 2014.

EVELAND & ASSOCIATES, PLLC


__/s/Jared B. Pearson_____
Jared B. Pearson, JD
Attorney for Lantz

# Exhibit "A"

3RD DISTRICT COURT - SALT LAKE
SALT LAKE COUNTY, STATE OF UTAH

CLIFFORD LANTZ vs.  HOMECOMINGS FINANCIAL

CASE NUMBER 060916737 Miscellaneous
_____

CURRENT ASSIGNED JUDGE
    ROYAL I HANSEN

PARTIES

    Plaintiff - CLIFFORD LANTZ
    Represented by: DAVID E HARDY
    Represented by: JEREMY D EVELAND

    Defendant -  HOMECOMINGS FINANCIAL
    Represented by: PETER J SALMON
    Represented by: R SPENCER MACDONALD

ACCOUNT SUMMARY

    TOTAL REVENUE  Amount Due:      173.75
            Amount Paid:      173.75
            Credit:      0.00
            Balance:      0.00


    REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
            Amount Due:      155.00
            Amount Paid:      155.00
            Amount Credit:      0.00
            Balance:      0.00

    REVENUE DETAIL - TYPE: COPY FEE
            Amount Due:      13.75
            Amount Paid:      13.75
            Amount Credit:      0.00
            Balance:      0.00

    REVENUE DETAIL - TYPE: COPY FEE
            Amount Due:      1.25
            Amount Paid:      1.25
            Amount Credit:      0.00
            Balance:      0.00

    REVENUE DETAIL - TYPE: COPY FEE
            Amount Due:      3.75
            Amount Paid:      3.75

CASE NUMBER 060916737 Miscellaneous

_____

        Amount Credit:      0.00
            Balance:      0.00

CASE NOTE
    Mr Salmon 619-326-2401

PROCEEDINGS

10-17-06 Filed: Complaint   No Amount
10-17-06 Judge SHEILA K. MCCLEVE assigned.
10-17-06 Fee Account created      Total Due:      155.00
10-17-06 COMPLAINT - NO AMT S     Payment Received:      155.00
     Note: Code Description: COMPLAINT - NO AMT S, 200.00 cash
     tendered.      45.00 change given.
10-17-06 Filed: Complaint
10-30-06 Filed return: summons
     Party Served: HOMECOMINGS FINANCIAL
     Service Type: Personal
     Service Date: October 23, 2006
11-14-06 Filed: Answer to Complaint by Defendant Homecomings Financial,
   LLC, Sued as Homecomings Financial
     HOMECOMINGS FINANCIAL


05-09-07 Order to Show Cause scheduled on June 01, 2007 at 01:30 PM in
   Fourth Floor - S41 with Judge MCCLEVE.
05-09-07 Notice - NOTICE for Case 060916737 ID 11101147
    Order to Show Cause.
     Date: 6/1/2007
     Time: 01:30 PM    Location: Fourth Floor - S41
   SHEILA K MCCLEVE


    The parties and/or counsel in this case are to appear before this
    Court and show cause why this case should not be dismissed.
    If you do not appear, the Court will enter an Order of Dismissal
    without further hearing.
05-25-07 Filed: certificate of service
05-29-07 Filed: Certificate of service
05-29-07 Order to Show Cause Cancelled.
    Reason: Request of counsel
01-10-08 Filed: Notice of Appearance of Counsel
03-03-08 Filed: Notice of Taking Deposition of Homecomings Financial
10-07-08 Filed: memorandum in support of plaintiff's motion for leave to amend
   complaint and join additional party defendant
10-07-08 Filed: plaintiff's motion for leave to amend complaint and join
   additional party defendant
10-08-08 Filed: Withdrawal of counsel
10-08-08 Filed: Notice of Attorneys Lien
10-21-08 Filed: opposition to plaintiff's motion for leave to amend
    complaint by defendant homecomings financial, llc, sued as

CASE NUMBER 060916737 Miscellaneous

_____

    homecomings financial, and james H. Woodall
11-03-08 Filed: Reply to defendant's oppostion to plaintiff's motion for
    leave to amend complaiont and join additional party defendant
11-26-08 Filed: request to submit for decision
03-30-09 Notice - NOTICE for Case 060916737 ID 12023121
    MOTION FOR LEAVE TO AMEND is scheduled.
      Date: 04/16/2009
      Time: 10:00 a.m.
      Location: Fourth Floor - N45
          THIRD DISTRICT COURT
          450 SOUTH STATE
          SLC, UT  84114-1860
      Before Judge: ROBERT K HILDER
03-30-09 MOTION FOR LEAVE TO AMEND scheduled on April 16, 2009 at 10:00
    AM in Fourth Floor - N45 with Judge HILDER.
04-14-09 MOTION FOR LEAVE TO AMEND Cancelled.
     Reason: Stipulation of counsel
04-27-09 MOTION FOR LEAVE TO AMEND scheduled on May 05, 2009 at 02:00 PM
    in Fourth Floor - N45 with Judge HILDER.
04-27-09 Notice - NOTICE for Case 060916737 ID 12091487
    MOTION FOR LEAVE TO AMEND is scheduled.
      Date: 05/05/2009
      Time: 02:00 p.m.
      Location: Fourth Floor - N45
          THIRD DISTRICT COURT
          450 SOUTH STATE
          SLC, UT  84114-1860
      Before Judge: ROBERT K HILDER
05-05-09 Minute Entry - Minutes for Miscellaneous
    Judge:   ROBERT K HILDER
    Clerk:    rhilder
    TELEPHONE CONFERENCE
    PRESENT
    Plaintiff's Attorney(s): DAVID E HARDY
    Defendant's Attorney(s): PETER J SALMON
    Video

_____

    Motion to Amend Complaint heard by T/C.  Motion denied without
    prejudice to re-filing if sufficient facts can be pleaded to state
    basis for fiduciary duty under Banberry Dev.  Defendant is not
    precluded from arguing prejudice resulting from delay in
    opposition to any new motion.  Mr. Salmon to prepare order.  Judge
    Hilder will continue to address case at least until a new judge is
    appointed.
06-30-09 Filed order: Order Denying Plaintiff's Motion For Leave To
    Amend Complaint
        Judge ROBERT K HILDER

CASE NUMBER 060916737 Miscellaneous

_____

      Signed June 30, 2009

01-03-10 Judge TIMOTHY R HANSON assigned.

01-05-10 Judge ROYAL I HANSEN assigned.

07-13-10 Notice - Notice of Intent for Case 060916737
    Clerk:   LYNETT MCKINNEY
    Notice is hereby given that, due to inactivity, the above entitled
    matter may be dismissed for lack of prosecution pursuant to Rule
    4-103, Code of Judicial Administration.  Unless a written statement
    is received by the court within 20 days of this notice showing good
    cause why this should not be dismissed, the court will dismiss
    without further notice.

08-02-10 Filed: Statement on Behalf of Plaintiff

08-02-10 Filed: Plaintiff's Motion for Partial Summary Judgment
    Filed by: HARDY, DAVID E

08-02-10 Filed: Declaration of Clifford Lantz

08-02-10 Filed: Memorandum in Support of Plaintiff's Motion for Partial
    Summary Judgment

08-06-10 Fee Account created    Total Due:    13.75

08-06-10 COPY FEE    Payment Received:    13.75

08-19-10 Filed: Affidavit of Cal-Western Recoveryance Corporation in
    Support of Opposition of Defendant Homecomings Financial to
    Plaintiffs Motion for Partial Summary Judgement

08-19-10 Filed: Affidavit of James H Woodall in Support of Opposition of
    Defendant Homecomings Financial to Plaintiffs Motion for
    Partial Summary Judgment

08-20-10 Filed: Affidavit of GMAC Mortgage, LLC, in Support of
    Opposition of Defendant Homecomings Financial to Plaintiffs
    Motion for Partial Summary Judgment

08-20-10 Filed: Opposition to Defendant Homecomings Fanancial to
    Plaintiffs Motion for Partial Summary Judgment (oral argument
    requested)

09-07-10 Filed: Reply to Defendants Opposition to Plaintiffs Motion for
    Partial Summary Judgment

09-22-10 Filed: Request to Submit for Decision

09-27-10 Filed: Motion by Defendant Homecomings Financial to Strike
    Overlength Portion of Plaintiffs Reply to Opposition to Motion
    for Partial Summary Judgment
    Filed by: SALMON, PETER J

09-29-10 Filed return: Declaration of Service
        Party Served: David E. Hardy
        Service Type: Mail
        Service Date: September 27, 2010

10-12-10 MOTION/ SUMMARY JUDGMENT scheduled on November 19, 2010 at
    09:30 AM in Fourth Floor - W43 with Judge HANSEN.

10-12-10 Notice - NOTICE for Case 060916737 ID 13312678
    MOTION/ SUMMARY JUDGMENT is scheduled.
      Date: 11/19/2010
      Time: 09:30 a.m.
      Location: Fourth Floor - S41

CASE NUMBER 060916737 Miscellaneous

---

Third District Court
450 South State
SLC, UT  84114-1860
Before Judge: ROYAL I HANSEN
10-12-10 Filed: Response and Opposition to Motion by Defendant to Strike
Overlength Portion of Plaintiffs Reply to Opposition to Motion
for Partial Summary Judgment
10-19-10 Note: **Peter Salmon's (ATD) office called and will appear by
telephone (direct line: 619-326-2401) per Judge Hansen'
approval for Motion for Summary Judgment Scheduled
11/19/10 @ 9:30 a.m.**
10-22-10 Filed: Reply by Defendant Homecomings Financial to Plaintiff's
Opposition to Motion to Strike the Overlength Portion of
Plaintiff's Reply to Opposition to Motion for Partial Summary
Judgment
11-19-10 Minute Entry - Minutes for MOTION HEARING
Judge:   ROYAL I HANSEN
Clerk:    lynettm
PRESENT
Plaintiff's Attorney(s): DAVID E HARDY
Defendant's Attorney(s): PETER J SALMON
Video
Tape Count: 932-1002

---

HEARING

Mr Salmon appeared by phone. Motion for partial summary judgment
heard and argued. Court takes matter under advisement.
01-07-11 Filed: Memorandum Decision
02-22-11 Fee Account created      Total Due:      1.25
02-22-11 COPY FEE          Payment Received:      1.25
03-01-11 Filed order: Order
Judge ROYAL I HANSEN
Signed March 01, 2011
03-14-11 Fee Account created      Total Due:      3.75
03-14-11 COPY FEE          Payment Received:      3.75
09-07-11 Filed: Withdrawal of Counsel
12-15-11 Filed: NOTICE TO APPEAR OF APPOINT COUNSEL [UT.R.CIV.P 74(C)]
01-19-12 Filed: Appearance of Counsel (Jeremy Eveland for plaintiff)
04-11-12 ORDER TO SHOW CAUSE scheduled on May 23, 2012 at 10:00 AM in
Fourth Floor - W49 with Judge HANSEN.
04-11-12 Notice - NOTICE for Case 060916737 ID 14447377
ORDER TO SHOW CAUSE is scheduled.
Date: 05/23/2012
Time: 10:00 a.m.
Location: Fourth Floor - W49
THIRD DISTRICT COURT

CASE NUMBER 060916737 Miscellaneous

_____

                    450 SOUTH STATE STREET
                    SLC, UT  84114-1860
          Before Judge: ROYAL I HANSEN
05-23-12 Minute Entry - Minutes for OSC/ DISMISSAL
     Judge:   ROYAL I HANSEN
     Clerk:    sherylc
     PRESENT
     Plaintiff's Attorney(s): JEREMY D EVELAND
     Audio
     Tape Number:    w49  Tape Count: 10:06-10:08


          _____

     HEARING

       TIME: 10:47 AM Case status is given regarding forthcoming
     mediation. Discussion ensues.
      The court sets matter for Telephone Status Conference hearing.
      Mr. Eveland is to prepare the Notice and the Order consistent with
     the courts ruling at this hearing.
     TELEPHONE STATUS CONFERENC is scheduled.
        Date: 07/30/2012
        Time: 09:00 a.m.
        Location: Fourth Floor - W49
                THIRD DISTRICT COURT
                450 SOUTH STATE STREET
                SLC, UT  84114-1860
        Before Judge: ROYAL I HANSEN
05-23-12 TELEPHONE STATUS CONFERENC scheduled on July 30, 2012 at 09:00
        AM in Fourth Floor - W49 with Judge HANSEN.
05-30-12 Filed: Notice of Hearing
06-12-12 Filed: NOTICE OF BANKRUPTCY AND EFFECT OF AUTOMATIC STAY
06-13-12 Stay begins: June 12, 2012 Reason: Bankruptcy
07-30-12 **** PRIVATE ****    Minute Entry - Minutes for TELEPHONE
        CONFERENCE
02-25-13 ORDER TO SHOW CAUSE scheduled on April 15, 2013 at 09:00 AM in
        Fourth Floor - W49 with Judge HANSEN.
02-25-13 Notice - NOTICE for Case 060916737 ID 15067352
        ORDER TO SHOW CAUSE is scheduled.
        Date: 04/15/2013
        Time: 09:00 a.m.
        Location: Fourth Floor - W49
                THIRD DISTRICT COURT
                450 SOUTH STATE STREET
                SLC, UT  84114-1860
        Before Judge: ROYAL I HANSEN

     On it's own motion, the Court orders parties to appear on said date
     and time for an Order to Show Cause why this case should not be

CASE NUMBER 060916737 Miscellaneous
_____

    dismissed. Cases on the calendar will not be continued.
03-06-13 Filed: No Forwarding Address, Return to Sender-David Hardy
04-15-13 Minute Entry - Minutes for Order to Show Cause
    Judge:   ROYAL I HANSEN
    Clerk:   lynettm
    PRESENT
    Defendant's Attorney(s): SPENCER MCDONALD
    Audio
    Tape Number:   W49

_____

    HEARING

      BK is still in effect court will stay for an additional 6 mo
08-03-13 Judge PAUL B PARKER assigned.
08-08-13 Judge ROYAL I HANSEN assigned.
11-12-13 Notice - NOTICE for Case 060916737 ID 15580027
    ORDER TO SHOW CAUSE is scheduled.
      Date: 12/02/2013
      Time: 09:00 a.m.
      Location: Fourth Floor - W49
          THIRD DISTRICT COURT
          450 SOUTH STATE STREET
          SLC, UT  84114-1860
    Before Judge: ROYAL I HANSEN

    On its own motion, the Court orders the parties to appear on said
    date and time and show cause why this case should not be dismissed
    for failure to prosecute.  By failing to appear, the Court will
    enter an order of dismissal without further notice.
11-12-13 ORDER TO SHOW CAUSE scheduled on December 02, 2013 at 09:00 AM
    in Fourth Floor - W49 with Judge HANSEN.
11-12-13 Filed: Notice for Case 060916737 ID 15580027
12-02-13 Minute Entry - Minutes for Order to Show Cause
    Judge:   ROYAL I HANSEN
    Clerk:   lynettm
    PRESENT
    Plaintiff's Attorney(s): JEREMY D EVELAND
    Audio
    Tape Number:   W49   Tape Count: 90710-909

_____

    HEARING

    Case is BK Court, case set for 6 mo review on status of the case
    OCS/BK REVIEW is scheduled.
      Date: 06/09/2014

CASE NUMBER 060916737 Miscellaneous
_____

    Time: 09:00 a.m.
    Location: Fourth Floor - W49
       THIRD DISTRICT COURT
       450 SOUTH STATE STREET
       SLC, UT  84114-1860
   Before Judge: ROYAL I HANSEN
12-02-13 OCS/BK REVIEW scheduled on June 09, 2014 at 09:00 AM in Fourth
   Floor - W49 with Judge HANSEN.
02-04-14 Filed: Notice of Hearing
02-04-14 Filed: Return of Electronic Notification
02-21-14 Filed: Appearance of Counsel/Notice of Limited Appearance:
   Notice of Appearance
02-21-14 Filed: Return of Electronic Notification
02-21-14 Filed: Bankruptcy:  Amended Notice of Bankruptcy Filing and
   Entry of Confirmation and Order
02-21-14 Filed: Return of Electronic Notification
06-09-14 Minute Entry - Minutes for Review Hearing
   Judge:   ROYAL I HANSEN
   Clerk:    markp
   PRESENT
   Plaintiff's Attorney(s): JEREMY D EVELAND
   Defendant's Attorney(s): R SPENCER MACDONALD
   Audio
   Tape Number:   W-49   Tape Count: 9:00

_____


   HEARING

 Defendants have filed a notice order concerning the bankruptcy of
the defendants.  Mr Macdonald updates the court as to the status of
the bankruptcy.  The court stays the case and takes no more action
while the bankruptcy continues.
  Parties will notify the court if any further assistance is
needed in the future.  Mr Eveland to prepare an order on this
hearing.  End time 9:06.

# Exhibit "B"

The Debtor has listed your claim as Contingent, Unliquidated, Disputed on Schedule F as a General Unsecured claim in the amount of $0.00. You MUST timely file a Proof of Claim or you will be forever barred from recovery.

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Homecomings Financial, LLC | Case Number: 12-12042 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or entity to whom the debtor owes money or property):
LANTZ CLIFFORD LANTZ VS HOMECOMINGS FINANCIAL

Name and address where notices should be sent:           NameID: 10988265
LANTZ CLIFFORD LANTZ VS HOMECOMINGS FINANCIAL
Eveland and Associates PLLC
8833 S Redwood RoadSuite C
West Jordan, UT 84088

Telephone number:                                email:

Name and address where payment should be sent (if different from above):

Telephone number:                                email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim
Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 590,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Damages due to unlawful foreclosure/sale proceedings
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| ___ ___ ___ ___ | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**
Value of Property: $_____   Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____     Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9).**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____    (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature: (See instruction #9)** Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Clifford F. Lantz
Title: _____
Company: _____          (Signature)          (Date)
Address and telephone number (if different from notice address above):

Telephone number:          Email:

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 Modified (Official Form 10) (12/11) cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____**DEFINITIONS**_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____**INFORMATION**_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/ResCap.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

ResCap Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

# Exhibit "C"

Jared B. Pearson, JD (12200)
**EVELAND & ASSOCIATES, PLLC**
8833 South Redwood Road, Suite C
West Jordan, Utah  84088
Telephone      801.676.5506
Facsimile      801.676.5508

*Attorneys for Creditor Clifford Lantz*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | ) | Case No.  12-12020 (MG) |
| | ) | |
| Residential Captial, LLC, et. al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**DECLARATION OF CLIFF LANTZ IN SUPPORT OF HIS REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362 AND § 1301**

---

I, Clifford "Cliff" Lantz, one of the creditors in this bankruptcy case, and the moving party in this above-captioned matter, declare that the following facts are true, accurate, and correct based on my own first-hand personal knowledge, information and belief:

1.      I am over the age of 21 years and have first-hand knowledge of the information in this declaration.

2.      I am the Plaintiff in the Utah lawsuit against Homecomings Financial, LLC, one of the debtors in this bankruptcy case.

3.      This declaration is being submitted in support of my Motion for Relief from the Automatic Stay and in my Reply to Debtors' Objection.

4.      Based on the current ResCap Liquidating Trust being the successor in interest to

1

Homecomings Financial, and the current delay in me being able to obtain any payment on my submitted proof of claim, I desire to have an equitable remedy in lieu of money damages from Homecomings Financial because I will not receive my full damages.

5.      As in most bankruptcy cases, Homecomings Financial breached their contract with me as ruled by a Utah state court.

6.      My damages are in the amount of $590,000.00.

7.      Since I will not see the $590,000.00 from Homecomings Financial, I seek to have an equitable remedy to satisfy the proof of claim.

8.      This court has discretion to grant my motion.

9.      An equitable remedy in my situation makes sense and benefits all parties.

10.      All of the Sonnax Factors weigh in my favor.

11.      The law in in my favor and based on the law and the facts of my specific case, my motion should be granted.

12.      Homecomings Financial should be held accountable for what they've done to me.

13.      I deserve my day in court and I want the Court to let me go to trial on my case.

14.      I declare under criminal penalty of the State of Utah pursuant to Utah Code § 78B-5-705 that the foregoing is true and correct.

 DATED this 27th day of June, 2014.


    __/s/Clifford Lantz_____
    Clifford Lantz

# Exhibit "D"

FILED DISTRICT COURT
Third Judicial District

MAR - 1 2011

SALT LAKE COUNTY

By _____
                              Deputy Clerk

David E. Hardy (1367)
5532 Lillehammer Lane, Suite 100
Park City, Utah 84098
Telephone: (801) 879-2999
Facsimile: (800) 362-0881
*Attorney for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CLIFFORD F. LANTZ,<br><br>               Plaintiff,<br><br>vs.<br><br>HOMECOMINGS FINANCIAL,<br><br>               Defendant. | **ORDER**<br><br>Case No. 060916737<br>Judge Royal Hansen |

Plaintiff having brought a Motion for partial Summary Judgment as to the liability of Defendant on Plaintiff's First and Fourth Causes of Action as to the issue of the *liability* of Defendant under such causes of action, leaving the issue of the amount of the award of damages to Plaintiff at this time unresolved pending further proceedings in this action, and permanently enjoining Defendant from proceeding with the trustee's sale which is the subject of the September 15, 2006, Notice of Trustee's Sale, the matter having been fully briefed and argued before the Court on November 19, 2010, and the Court's written Memorandum Decision having been rendered on January 6, 2011, it is

ORDERED,  that Plaintiff's Motion For Partial Summary Judgment be and hereby is granted.

DATED this ___ day of ~~February~~ *March*, 2010.

BY THE COURT

_____
Judge Royal Hansen

Approved as to form:


_____
Peter J. Salmon
*Attorney for Defendant*

2

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ORDER was faxed and mailed by first class mail, postage prepaid, on this 17th day of February, 2011, to:

Peter J. Salmon
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA  92177-0935
Fax: (619) 590-1385

3