**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, *et al.* <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Jointly Administered |

# ORDER APPROVING FINAL APPLICATION FOR FEES AND EXPENSES OF MORRISON COHEN LLP

On June 18, 2014, the Court heard lengthy argument on the application of Morrison Cohen LLP ("Morrison Cohen") for approval of its *Final Fee Application* ("Morrison Cohen Fee Application," ECF Doc. # 6555). The United States Trustee filed its *Omnibus Response of the United States Trustee Regarding Fee Applications for the Fifth Interim and Final Awards of Compensation and Reimbursement of Out-Of-Pocket Expenses* ("UST Response," ECF Doc. # 7031), covering its review and response to the Morrison Cohen and other professionals' fee applications, all of which were considered at the June 18, 2014 hearing. Additionally, the Court received the *Limited Objection of the ResCap Liquidating Trust to the Final Application of Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2012 Through December 16, 2013* ("Limited Objection," ECF Doc. # 7084). Morrison Cohen filed a *Response to Limited Objection of the ResCap Liquidating Trust to the Final Application of Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2012 Through December 16, 2013* ("Response," ECF Doc. # 7103). Along with the Response, Morrison Cohen submitted declarations of the following individuals: Lewis Kruger, the former CRO of ResCap (ECF Doc. # 7105); John E. Mack, a former independent

director of ResCap (ECF Doc. # 7105); and Pamela E. West, a former independent director of ResCap (ECF Doc. # 7106). The Liquidating Trust then filed the *Reply in Support of Limited Objection of the ResCap Liquidating Trust to the Final Application for Morrison Cohen LLP for Allowance of Compensation for Professional Services Rendered and Expenses Incurred During the Period from May 14, 2002 Through December 16, 2013* (ECF Doc. # 7122) and the declaration of John S. Dubel, the Chairman of the Board of Trustees for the ResCap Liquidating Trust (ECF Doc. # 7123).

In connection with its final fee application, Morrison Cohen consensually agreed with the U.S. Trustee on further (modest) reductions in its application for fees and expenses. It now seeks a final fee award in the amount of $4,195,226.42 and expenses of $105,425.95. At the conclusion of the June 18, 2014 hearing, the Court took the matter under submission and now approves the final fees and expenses.

## BACKGROUND

In ruling on the Liquidating Trust's objections, it is important to keep in mind that the Court previously reviewed and approved the First, Second, Third, and Fourth Interim Applications for fees and expenses of Morrison Cohen. Each of those Interim Applications resulted in objections from the United States Trustee; those objections, and the Court's own concerns, were resolved as part of the Court's approval of the fees and expenses. While those interim awards of fees and expenses are not final and binding on the Court in considering the Final Fee Application of Morrison Cohen, absent some new or additional facts or circumstances that the Court was not aware of at the times of those earlier approvals, the Court does not believe that the Liquidating Trust has established a basis in fact or law for the Court to revisit those prior determinations.

The Liquidating Trust focuses its objection on three specific areas for which it argues that Morrison Cohen's charges are excessive or inappropriate: (1) internal meetings at Morrison Cohen; (2) multiple attorneys from Morrison Cohen attending internal meetings and court hearings; and (3) unnecessary legal research conducted by Morrison Cohen, given its particular role in this case representing independent directors. The Court has carefully considered each of these objections.

## STANDARDS FOR REVIEWING FEE APPLICATIONS

The Court may award fees to professional persons pursuant to § 330 of the United States Bankruptcy Code. 11 U.S.C. § 330. Section 330 provides in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award . . .
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by an such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

In determining reasonable compensation, section 330 directs the court to consider:

> (A)   the time spent on such services;
> (B)   the rates charged for such services;
> (C)   whether the services were necessary to the administration of, or beneficial at the time which the services was rendered toward the completion of, a case under this title;
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem issue, or task addressed;
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"Even in the absence of an objection, the bankruptcy court has an independent duty to review fee applications to protect the estate 'lest overreaching . . . professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.'" *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997) (quoting *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 844 (3d Cir. 1994)). The Court takes its responsibility to review both interim and final fee applications seriously. The Court may reduce or disallow a request if the services provide no real benefit to the estate. *Id.* at 696. The Court may also reduce compensation if the request is based on incomplete or inaccurate time records. *In re Mesa Air Grp., Inc.*, 49 B.R. 441, 444 (Bankr. S.D.N.Y. 2011) (citing *In re Hamilton Hardware Co.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981)).

Fee applications must comply with FED. R. BANKR. P. 2016, requiring "a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Also, S.D.N.Y. Bankruptcy Local Rule 2016-1 requires that the applicant "shall comply with the requirements contained in any guidelines for fees and disbursements promulgated by the Court."

Interim fee applications for professionals seeking compensation under 11 U.S.C. §§ 327, 328, 330, and 331 must comply with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases provided in General Order M-447, which supersedes General Order M-389. M-447 provides "clear and concise procedures for compensation and reimbursement expenses." *See* General Order M-447, *available at* http://www.nysb.uscourts.gov/sites/default/files/m447.pdf. The M-447 Order requires certifications by the professional responsible for compliance with the guidelines that the fee

application has been read, that the application and the fees therein comply with the guidelines, that the fees are billed at rates customary to the applicant and generally accepted by the applicant's clients and that the applicant does not make a profit on the service provided. *Id.* at 5. The application must also contain certifications of service upon and approval of the fee application by the trustee, the debtor, or the chair of each official committee. *Id.* These certifications must contain a list of all professionals and paraprofessionals working on a given case, aggregate hours spent by each professional, and "a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices." *Id.* Morrison Cohen's fee applications largely complied with these requirements (and, to the extent they did not, the firm made clarifications or reductions).

Fee requests may be approved when the services were necessary and reasonably likely to benefit the estate. Whether services are necessary is determined from the perspective of the time when the services were rendered. *Mesa Air Grp.*, 449 B.R. at 444 ("Whether services are necessary is determined from the perspective of the time at which the services were rendered."); *see also* 3 COLLIER ON BANKRUPTCY ¶ 330.03[1][b][iii] (16th ed. rev. 2010) ("The majority of courts have determined 'necessity' of particular services from the perspective of the time that the services were rendered, rather than based on hindsight after the services had been performed. This approach is now codified in section 330(a)(3)(C).").

The "necessary" standard in section 330 is given a broad interpretation. "As reasoned in *Collier,* if the services of [an] attorney 'are reasonably likely to benefit the debtor's estate, they should be compensable.' [T]his is the test the bankruptcy court should apply in an objective manner, based upon what services a reasonable lawyer or legal firm would have performed in the

5

same circumstances." *In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (internal citations omitted).

### THE LEGAL SERVICES PROVIDED TO THE INDEPENDENT DIRECTORS WERE REASONABLY NECESSARY AND BENEFITTED THE ESTATE

Because of the number of related-party transactions between the Debtors and the non-debtor parent company, Ally Financial Inc., ResCap's independent directors had an important role in this case. It quickly became apparent that the prepetition plan support agreement that was in place when these bankruptcy cases were filed would not lead to a quick consensual resolution of the ResCap bankruptcy. The Debtors' credibility with many creditor constituencies was severely challenged. Highly contentious and heavily-litigated proceedings ensued. As the case progressed, decision-making clearly rested with the independent directors and, after his appointment, with Lewis Kruger, ResCap's CRO. In that context, ResCap's independent directors appropriately needed separate representation from the Debtors; Morrison Cohen filled that role.

In most cases, it is doubtful whether the extensive services and resulting fees for independent directors' separate counsel would be necessary and reasonably likely to benefit the estate; under the facts and circumstances of this case, however, viewed from the perspective of the time when the services were performed (or even now with the benefit of hindsight), the Court concludes that the services were necessary and reasonably likely to benefit the estate.

The Liquidating Trust's objections—(1) the number of internal meetings at Morrison Cohen; (2) multiple attorneys attending internal meetings and court hearings; and (3) unnecessary legal research—must be considered from the perspective of the time the services were performed. Each of the Liquidating Trust's objections was raised and considered by the U.S. Trustee and the Court when Morris Cohen's interim fee applications were approved with

6

appropriate reductions.  The Liquidating Trust, of course, and its new counsel that filed the objection, were not on the scene when Morrison Cohen performed its services—in the Court's view, their second guessing now is entitled to less weight in considering the objection.  The Liquidating Trust's counsel seeks to rehash issues that were raised and considered at the time Morris Cohen's interim fee applications were approved as adjusted.  After carefully reviewing the interim fee awards and the final fee application, and considering the Liquidating Trust's objection, the Court overrules the Limited Objection and approves Morrison Cohen's final fees and expenses.

## **CONCLUSION**

For the foregoing reasons, the Limited Objection is **OVERRULED** and the final fees and expenses of Morrison Cohen are **APPROVED** as follows:  **final fees in the amount of $4,195,226.42, and expenses in the amount of $105,425.95.**

**IT IS SO ORDERED.**

Dated:     June 27, 2014
           New York, New York

                                              *Martin Glenn*
                                           MARTIN GLENN
                                    United States Bankruptcy Judge

Case No.: 12-12020 (MG)     **CURRENT INTERIM FEE PERIOD**     Schedule A
Case Name: In re Residential Capital, LLC, et al.     **9/01/2013 through 12/17/2013**[1]

**Interim Fee Applications**

| (1) Applicant | (2) Date/ Document Number of Application | (3) Interim Period Covered by Application | (4) Interim Fees Requested on Application | (5) Interim Fees Allowed | (6) Holdback to be Released for Current Fee Period[2] | (7) Fees to be Paid for Prior Fee Period(s), if any (*i.e.* Holdback Release) | (8) Total Holdbacks to be Paid[3] | (9) Interim Expenses Requested | (10) Interim Expenses Allowed |
|---|---|---|---|---|---|---|---|---|---|
| **Debtors' Professionals** | | | | | | | | | |
| Morrison Cohen LLP | 3/3/2014 [Dkt. No. 6555] | 9/1/2013 – 12/17/2013 | $656,310.00 | $638,785.92 | $113,597.92 | $251,220.30 | $364,818.22 | $11,472.41 | $11,332.41 |

DATE ON WHICH ORDER WAS SIGNED: June 27, 2014     INITIALS: MG USBJ

---

[1] Except as otherwise noted in column 3.

[2] Reflects reductions in fees and expenses initially requested, which have been subtracted from holdbacks being released.

[3] This column does not necessarily reflect actual amounts due and payable, which may differ depending on whether initial payments were made on subsequently reduced applications, whether monthly invoices were submitted to the Debtors in accordance with the *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals* [Dkt. No. 797] prior to filing of the applications, and other reconciling items.

Case No.: 12-12020 (MG)  
Case Name: In re Residential Capital, LLC, et al.

**FINAL FEE PERIOD**  
5/14/2012 through 12/17/2013[1]

Schedule B

**Final Fee Applications**

| (1) Applicant | (2) Date / Document Number of Application | (3) Final Period Covered by Application | (4) Final Fees Requested on Application | (5) Final Fees Allowed | (6) Fees to be Paid for Interim Fee Period(s), if any (i.e. Holdback Release)[4] | (7) Final Expenses Requested | (8) Final Expenses Allowed |
|---|---|---|---|---|---|---|---|
| **Debtors' Professionals** | | | | | | | |
| Morrison Cohen LLP | 3/3/2014 [Dkt. No. 6555] | 5/14/2012 – 12/17/2013 | $4,212,750.50 | $4,195,226.42 | $0.00 | $105,565.95 | $105,425.95 |

DATE ON WHICH ORDER WAS SIGNED: June 27, 2014          INITIALS: MG USBJ

---

[1] Except as otherwise noted in column 3.

[4] Reflects reductions in final fees and expenses and/or overpayments on account of prior interim fee periods, which will be subtracted from amount of holdbacks being released. Excludes holdbacks that are being released on account of the fifth interim fee period as set forth on Schedule A.