**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

# SUPPLEMENTAL ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS CLAIMS OBJECTION WITH RESPECT TO CLAIM NO. 7431 OF ELDA AND MARIA THOMPSON

Upon the sixty-third omnibus claims objection, dated April 30, 2014 [Docket No. 6845] (the "<u>Objection</u>"),[1] of The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Prepetition Claims on the basis that they are on account of prepetition obligations; the Late-Filed Claims on the basis that they were filed after the Administrative Claim Bar Date; the Late-Filed Prepetition Claims on the basis that they were on account of prepetition obligations and were filed after the Administrative Claim Bar Date; and the No Basis Claims on the basis that they assert claims that are not valid administrative claims under section 503 of the Bankruptcy Code, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the: (i) Objection, (ii) the Declaration of Deanna Horst and the Declaration of P. Joseph Morrow IV, annexed to the Objection as Exhibit 1-A and Exhibit 1-B, respectively, (iii) the informal response submitted by Elda and Maria Thompson relating to Claim No. 7431 (the "Thompson Claim"), (iv) the statements made during the hearing held by the Court on June 10, 2014, and (v) the written statement from Elda Thompson confirming that she had no intention to file a Purported Administrative Claim; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; it is

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Thompson Claim is hereby disallowed and expunged against Debtor Residential Capital, LLC; and it is further

ORDERED that Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Thompson Claim so that such claim is no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case

Management Procedures entered on May 23, 2012 [Docket No. 141], and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Thompson Claim; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: June 30, 2014
      New York, New York

                                                          **/s/Martin Glenn**
                                                       MARTIN GLENN
                                     United States Bankruptcy Judge