David F. Garber, Esq.
Florida Bar No.: 0672386
DAVID F. GARBER, P.A.
700 Eleventh Street South, Suite 202
Naples, Florida 34102
239.774.1400 Telephone
239.774.6687 Facsimile
davidfgarberpa@gmail.com
Attorney for Claimant, Barry Mack

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No.: 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al. | Chapter 11 |
| Debtors. | Jointly Administered |

**CLAIMANT BARRY MACK'S REPLY TO MEMORANDUM OF LAW OF RESCAP BORROWER CLAIMS TRUST REGARDING DAMAGES UNDER RESPA (12 U.S.C. § 2601, et seq.) AND SUFFICIENCY OF PROOFS OF CLAIM**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** 4-5

**MEMORANDUM OF LAW**

# TABLE OF AUTHORITIES

CASES

*Catalan, et al. v. GMAC Mortg. Corp.* 4
629 F. 3d 676, 696 (7th Cir. 2011)

*FAA v. Cooper* 4, 5
132 S.Ct. 1441 (2012)

STATUTES

12 U.S.C. § 2605 (RESPA) 4, 7

12 U.S.C. § 2605(e) (RESPA) 4, 6, 7

12 U.S.C. § 2605(f) (RESPA) 7

**REPLY TO RESCAP BORROWER CLAIMS TRUST MEMORANDUM OF LAW**

This memorandum of law is the reply memorandum requested by the Court to the two questions which the Court articulated in its hearing of May 15 2014 to Claimant Mack and GMAC Mortgage. Those questions were: (1) whether or not 12 U.S.C. § 2605 (RESPA) allows for recovery of emotional distress damages upon a violation of RESPA under 12 U.S.C. § 2605(e), and (2) whether the proof of claim submitted by Claimants MACK fairly encompasses such a claim (failure to respond to a qualified written request) or, if not, if an amendment should be allowed at this date.

**I. EMOTIONAL DISTRESS DAMAGES.**

Claimants MACK responded citing five separate reported cases which have allowed such an interpretation and two cases which have not allowed emotional distress damage claims under RESPA. While Debtor GMACM has provided many of the same authorities, both for and against the emotional damage claim inclusion issue, notably their claim fails to cite that case cited by Claimant MACK in his brief *Catalan, et al. v. GMAC Mortg. Corp.*, 629 F. 3d 676, 696 (7th Cir. 2011) wherein the attorneys for GMAC Mortgage Corporation (also the Debtor in this bankruptcy) acknowledged that emotional distress damages were recoverable under RESPA. It would seem fair that GMACM should address why it acknowledged the position in open court that emotional distress damages are recoverable, but have now taken an untenable opposite position that emotional distress damages are not recoverable.

In GMACM's memorandum of law challenging that the language of 12 U.S.C. § 2605 ("actual damages") encompasses emotional distress damages they have principally relied upon a citation to *FAA v. Cooper*, 132 S.Ct. 1441 (2012). This reliance is unwarranted, since that case was brought by an individual who had a private pilot's license but suffered from being HIV

positive. He concealed that condition on his application for a pilot's license, and when the government gave that information to the FAA, Cooper filed suit against the government for violation of the federal privacy act. That Act cited actual damages as being recoverable against the government for violation of the Act. The Supreme Court found that actual damages did not cover emotional distress damages. However, as the Court stated in reaching their determination, sovereign immunity cases require the strictest interpretation in favor of the sovereign since, in fact, no person is authorized to sue the State without permission and such permission must be specifically and narrowly found in all statutes which provide for such a suit. The case at issue here is not a sovereign immunity case and that heightened degree of interpretation against inclusion of emotional distress damages as actual damages is unwarranted in this case and not a fair argument to make. GMACM is not the king.

## II. COURT OPTIONS.

However, this Court is now faced with a decision of what must be done with the claim of Claimants MACK. It would seem to Claimant MACK that the Court has open to it five possible options with respect to this claim:

1. Disallow the Mack's claim in its entirety.
2. Allow the Mack's claim in its entirety.
3. Allow in part and disallow in part the Mack's claim.
4. Remand the Mack's claims under parameters established by this Court to the Court having proper jurisdiction, which would be either the state or federal court in which the action took place (state courts having concurrent jurisdiction with respect to RESPA with federal courts) for trial and a determination of damages. The matter would then be referred back to the bankruptcy court for disposition in accordance with the bankruptcy.

5. Take the claim under advisement until the other large claims ($450,000,000, $100,000,000, $26,500,000 cited by the ResCap Trust Motion p3, Docket #7036).

Since the issue of damages is a matter that has not been determined by the courts, and since the damages arise from emotional distress, it would seem that Debtors could and would vigorously contest the damages since they are (a) unliquidated, and (b) despite the fact there is medical support that Claimant Cheryl Mack was under substantial medical care for her emotional distress due to the fact that Debtors GMAC caused a foreclosure to be filed and maintained against them despite repeated telephone calls and at least one letter which amounted to a qualified written request as envisioned under 12 U.S.C. § 2605 (e). While Debtor GMACM makes the point that claimants Mack would have to show the emotional distress was caused by the failure of GMACM to respond within the time limits of the statute as in effect at that time, rather than the wrongful foreclosure, nevertheless, the Macks would certainly be able to offer proof that the foreclosure would have been terminated if GMACM would have properly responded to the Mack's qualified written request of October 26, 2009. Instead, the foreclosure continued unabated and, in fact, although it was ultimately dismissed in December, GMACM refused to allow the Macks to pay off the debt on their house until they paid the cost, including attorney's fees, for the foreclosure in February 2010. Therefore, the issue of damages would be hotly litigated were this matter remanded to Court with both sides having substantial arguments to be made. Unless this court were to make findings of fact, it would be appropriate for it to be remanded to a court of competent jurisdiction to make findings of fact.

It should be noted that the proof of claim was filed on August 2, 2012, at a time when the Macks were still involved in litigation with Deutsche Bank, an affiliate of GMACM, over the damages from the foreclosure, and that a final determination as to deutsche Bank's challenge of

the judgment rendered on May 5, 2011 had not been procured. Further, it should be noted that even at the hearing of May 5, 2011, the Court did not make a final determination (at least by entry of a judgment) which would have addressed all of the non-RESPA issues. The greatest portion of the claim made by the Mack's were for $30,000,000 in punitive damages to be tacked on to emotional distress damages and real estate damages. If it were this Court's opinion that the only legal basis for which the Mack's claim could survive the objections of GMACM under their theories of res judicata and statute of limitations would be a 12 U.S.C. § 2605(e) (failure to provide a response to a qualified written request) then the damages the Court would have to consider might induce the Court to eliminate the $350,000 portion of the Claimants' claim reflecting real estate damages (those damages have already been adjudicated and paid, and even if two entities were adjudicated liable, there can only be one recovery) and further, the Court might be inclined to eliminate the $30,000,000 punitive damage claim since RESPA does not specifically address punitive damages other than under 12 U.S.C. § 2605 (f) "any additional damages as the court may allow in the case of a pattern and practice of in an amount not to exceed $1,000." Claimants MACK have not been able to find a single case which allow punitive damages to be enforced under the terms found in 12 U.S.C. § 2605 (f) "actual damages". If this Court were to deny then not only the real estate damages, but also punitive damages, the Mack's proof of claim would be reduced to the compensatory value of the emotional distress suffered by the Mack's and evidenced by the medical treatment that at least Cheryl Mack received from the failure to respond appropriately to their letter of October 26, 2009 and to have sought a dismissal of the suit without demanding costs and attorney's fees be paid before the mortgage would be released on sale. Such a decision would have a major impact on this bankruptcy since the ResCap Borrower Claims Trust has made a motion to set aside an appropriate amount of money

to address the claims of all of the claimants against the ResCap companies which they claim have been skewed by four unreasonable claims in their description, which they list 450 million $100 million, $32.85 million, $26.5 million etc. (see Motion, p3, Docket #7036).

The $32.85 million claim referred to in the motion (but unnamed), is exactly the amount of the Mack's proof of claim. Therefore one of the five "unreasonable claims" must be the Mack claim. Were this court to strike the punitive damages portion ($30,000,000), the ResCap Trust would more easily establish appropriate funding.

**III. CONCLUSION.**

Claimants Mack pray that their claim be disallowed in part and allowed in part according to the interpretation of the Court as to whether or not they can proceed under RESPA or under their other theories of law including the personal injuries suffered for a malicious prosecution of an unwarranted case. The Court should then remand this matter for trial in accordance with the directive of this bankruptcy Court.

DATED this 30th day of June, 2014.

/s/ David F. Garber
David F. Garber, Esq.
Florida Bar No.: 0672386

DAVID F. GARBER, P.A.
700 Eleventh Street South, Suite 202
Naples, Florida 34102
239.774.1400 Telephone
239.774.6687 Facsimile
davidfgarberpa@gmail.com