Hearing Date: May 15, 2014 at 10:00 a .m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis

*Counsel for the ResCap Borrower Claims Trust*

BRADLEY ARANT BOULT
CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:    205.521.8521
Facsimile:    205.488.6521
John W. Smith T

*Special Litigation Counsel to the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL REPLY
BRIEF IN SUPPORT OF THE TRUST'S OBJECTION TO PROOF
OF CLAIM NO. 386 FILED BY BARRY AND CHERYL MACK**

sf-3428381

## TABLE OF CONTENTS

**Page**

TIMELINESS OF THE RESPA CLAIM ........................................................................................ 1

AVAILABILITY OF NONPECUINARY DAMAGES ................................................................. 5

CONCLUSION ................................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Altman v. PNC Mortg.*,
   850 F. Supp. 2d 1057 (E.D. Cal. 2012) .................................................................................3

*Ascroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................3

*F.A.A. v. Cooper*,
   132 S. Ct. 1441 (2012) .........................................................................................................5

*In re Bloomingdale Partners*,
   160 B.R. 101 (Bankr. N.D. Ill. 1993) ................................................................................2, 3

*Johnstone v. Bank of America, N.A.*,
   173 F. Supp. 2d 809 (N.D. Ill. 2001) .................................................................................5, 8

*Liakas v. Creditors Comm.*,
   780 F.2d 176 (1st Cir. 1986) .............................................................................................2, 3

*Marx v. Gen. Revenue Corp.*,
   133 S. Ct. 1166 (2013) .........................................................................................................7

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.* (*In re Enron Corp.*),
   419 F.3d 115 (2d Cir. 2005) .................................................................................................2

*Rawlings v. Dovenmuehle Mortg., Inc.*,
   64 F. Supp. 2d 1156 (M.D. Ala. 1999) .................................................................................5

*Weinert v. GMAC Mortgage Corp.*, No. 08-CV-14482, 2009 WL 3190420 (E.D. Mich.
   Sept. 29, 2009) .................................................................................................................2, 4

*Wiener v. Bloomfield*,
   901 F. Supp. 771 (S.D.N.Y. 1995) .......................................................................................8

**STATUTES**

12 U.S.C. § 2601, et seq. .............................................................................................................1

12 U.S.C. § 2605(e)(1)(A) ...........................................................................................................9

12 U.S.C. § 2605(e)(2) .................................................................................................................9

12-12020-mg    Doc 7205    Filed 06/30/14    Entered 06/30/14 15:21:21    Main Document
Pg 4 of 14

15 U.S.C. § 1692 .................................................................................................................... 6, 7

15 U.S.C. § 1692(a) ..................................................................................................................... 7

15 U.S.C. § 1692(d) ..................................................................................................................... 7

15 U.S.C. § 1692k(a)(1) .............................................................................................................. 5

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3001(a) ........................................................................................................... 1

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

In accordance with the Court's request and the endorsed letter dated June 6, 2014 [Dkt. No. 7067], the Trust hereby files this reply to Claimant Barry Mack's Memorandum of Law Regarding Damages Under RESPA (12 U.S.C. § 2601, et seq.) and Sufficiency of Proofs of Claim [Dkt. No. 7112] (the "Claimant's Supp. Brief").[1] Both the Trust's Supp. Brief and the Claimant's Supp. Brief addressed: (1) whether the RESPA section 2605(e) claim on behalf of Claimant Barry Mack that first expressly appeared in the Response was a timely amendment to the Claim and, if so, whether it should be permitted; and (2) whether nonpecuniary damages for such alleged injuries as emotional distress, pain and suffering or mental anguish are recoverable for violations of section 2605(e). In the Trust's Supp. Brief, the Trust argued that the RESPA claim did not relate back to the Claim so that it was untimely and even if timely, should not be permitted. In reaching this result, the Trust engaged in a careful and detailed analysis of the issues. As the Trust will now show, the Claimant's Supp. Brief analyzes both issues at a superficial level and (not surprisingly, therefore) reaches the wrong conclusion on them.

## TIMELINESS OF THE RESPA CLAIM

1.  The Claimant contends that the RESPA § 2605(e) claim for GMACM's alleged failure to respond to a qualified inquiry is timely because the Claim satisfies what the Claimant contends are liberal pleading standards. According to the Claimant, the Macks did not "have to plead . . . [their] proof of claim with specificity or precision" per Fed. R. Bankr. P. 3001(a). Indeed, the Claimant asserts that all the Claim had to include was a "demand against

---

[1] Capitalized terms not defined in this reply brief shall have the meanings ascribed to them in the ResCap Borrower Claims Trust's Supplemental Brief in Support of the Trust's Objection to Claim No. 386 Filed by Barry and Cheryl Mack [Dkt. No. 7118] (the "Trust's Supp. Brief").

the debtor and the intent to hold the debtor liable," citing to *Liakas v. Creditors Comm.*, 780 F.2d 176 (1st Cir. 1986), and *In re Bloomingdale Partners*, 160 B.R. 101 (Bankr. N.D. Ill. 1993). In any case, the Claimant argues, to plead a RESPA claim all he need do is "allege a breach of a RESPA duty, and further allege that the breach resulted in damages to state a cause of action. *See Weinert v. GMAC Mortgage Corp.*, [No. 08-CV-14482], 2009 WL 3190420 (E.D. Mich. [Sept. 29, 2009])." *See generally* Claimant's Supp. Brief 7-9.

2.  In essence, the Claimant is arguing that the new RESPA claim was already in the Claim because the applicable pleading standards are so forgiving. In other words, he seems to be saying implicitly that he does not have to satisfy the standards for amendments to claims established in *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.* (*In re Enron Corp.*), 419 F.3d 115, 133 (2d Cir. 2005) because the § 2605(e) claim is already part of the Claim.[2] But whatever the law elsewhere may require a proof of claim to contain, the law in this District and Circuit requires far more than the Claimant contends for the § 2605(e) claim to be encompassed by the Claim as filed.

3.  The Trust laid out those pleading standards in the ResCap Borrower Claims Trust's Objection to Proof of Claim No. 386 Filed by Barry and Cheryl Mack [Docket No. 6763] (the "Objection"). (*See* Objection at 10-12). The Claimant's Supp. Brief does not even advert to this body of law, let alone analyze the issue under it. But as the Trust

---

[2] Indeed, the Claimant is shifting ground yet again, arguing that even though GMACM's inaccurate responses to Macks' inquiries are not actionable under RESPA and the Macks have no other RESPA claims against GMACM, if linked to the § 2605(e) claim the inaccurate responses could be grounds for a "pattern of conduct" claim for statutory damages under RESPA § 2605(f)(1)(B). (Claimant's Supp. Brief at 6.) The unspoken predicate is that the Court should somehow find that the pleading of the inaccurate responses somehow presaged or foreshadowed the § 2605(e) claim. That is, of course, nonsense. And it need not be said that the Claimant is yet again trying to amend the Claim to include a claim for statutory damages as though it were there all along even though heretofore there has not been even a whiff of such a claim.

2

sf-3428381

demonstrated (Trust's Supp. Brief 6-8), under those legal principles, the new RESPA claim cannot survive as having been included in the original Claim. For example, contrary to what the Claimant argues, merely alleging a violation of a RESPA duty and damages will not do. *See, e.g., Altman v. PNC Mortg.*, 850 F. Supp. 2d 1057, 1074 (E.D. Cal. 2012) (complaint inadequate to state a claim for RESPA 2605(e) violation when all it alleges is that "a QWR was mailed at various times and that 'Defendants have yet to properly respond.'"); *see generally Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Fed. R. Civ. P. 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted) .

4.     *Liakas* is not to the contrary. The court there was addressing what elements a proof of claim has to have in assessing whether another document could serve as an informal proof of claim; it did not address the level of detail that must be present for each element. *Liakas*, 780 F.2d at 178. *Bloomingdale* employed a far more liberal standard for proofs of claim than prevails in this District and Circuit.[3] *See Bloomingdale*, 160 B.R. at 107-08. Moreover, in any event in *Bloomingdale* the problem the court faced was that the creditor in attaching a petition for state court relief on statutory grounds did not name nuisance as an additional theory *on the same underlying facts*. As noted in the Trust's Supp. Brief, however, it is permissible to amend a proof of claim to add a theory based on the same underlying facts. (Trust's Supp. Brief at 5.) Thus, the *Bloomingdale* court properly found, in essence, that the original proof of claim merely added a theory to the same underlying facts, consistent with one of the *Enron* tests for an amendment to relate back to the original claim. But that is *not* what the

---

[3] Had the Claimant's view of the holding of *Liakis* been accurate, it would have run afoul of the subsequent Supreme Court decision in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face.").

3

Claimant is doing here. Instead, he is trying to state a new theory on *new* facts (and on facts that conflict with the facts he alleged in the Claim's rider, at that). (*Id.* at 6-7.)

5. By the same token, the Claimant mischaracterizes *Weinert*. In fact, the allegations that survived challenge in *Weinert* were quite extensive and specific. *Weinert*, 2009 WL 3190420, at *6.[4] The Claim comes nowhere near the allegations of *Weinert*.

6. And, of course, in arguing in the Claimant's Supp. Brief that the RESPA § 2605(e) claim was already in the Claim, the Claimant does not address at all the *Enron* test for whether a whether an amendment to a claim is timely and otherwise permissible (except accidentally by arguing that the Claim already encompassed the new RESPA claim). (*See* Trust's Supp. Brief at 5-6.)

7. The Claimant also argues that even if the RESPA § 2605(e) claim is late, the Court should allow it because GMACM allegedly had prior actual notice of the Claim long before the Debtors filed the Cases (Claimant's Supp. Brief at 9) and because the Macks filed the

---

[4] Specifically, "In Count I of her Complaint, Plaintiff alleges that Defendant GMACM willfully violated several provisions of RESPA. First, Plaintiff alleges that Defendant violated § 2605(e)(2)(A) "[b]y failing to make appropriate corrections in the Plaintiff's account and transmit written notification of such correction to the Plaintiff." [Compl. ¶ 44]. Second, Plaintiff claims that Defendant violated § 2605(e)(2)(B) "[b]y failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that GMAC Mortgage Corporation believed the Plaintiff's account to be correct and the name and telephone number of an individual employed by the Defendant who could provide assistance to the Plaintiff." [*Id.*]. Third, Plaintiff asserts that Defendant violated 12 U.S.C. § 2605(e)(2)(C) "[b]y failing to provide Plaintiff with a written explanation or clarification that included information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not have been obtained by GMAC Mortgage Corporation and the name and telephone number of an individual who could provide assistance to the Plaintiff." [*Id.*]. Fourth, Plaintiff submits, upon information and belief, that Defendant violated 12 U.S.C. § 2605(e)(3) "[b]y providing information ... information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of GMAC Mortgage Corporation's receipt of the qualified written request ." [*Id.*]. Finally, Plaintiff claims that Defendant "willfully violated [RESPA] by taking unearned fees from the Plaintiff." [Compl. ¶ 43]."

4

sf-3428381

Claim before they had formal notice of the Cases (*id.*).[5] But even if true, these alleged facts are totally irrelevant to the *Enron* test. Indeed, the Claimant offers no legal support for allowing a late claim on any grounds.

8.     For the reasons stated in the Trust's Supp. Brief, the new RESPA § 2605(e) claim neither relates back to the Claim nor should be permitted even if it did.

## AVAILABILITY OF NONPECUINARY DAMAGES

9.     Noting the split in authority (Claimant's Supp. Brief at 6, 7) that the Trust remarked (Trust's Supp. Brief at 10-11), the Claimant argues that nonpecuniary damages should be available because as some courts have found, such damages are available under the Fair Debt Collection Practices Act's (the "FDCPA") "actual damages" remedy because the statute is a remedial measure designed to protect consumers (*id.* at 6.). *See* 15 U.S.C. § 1692k(a)(1). (Claim, Rider at 1.) *See, e.g., Johnstone v. Bank of America, N.A.*, 173 F. Supp. 2d 809, 814-15 (N.D. Ill. 2001); *Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F. Supp. 2d 1156, 1165 -67 (M.D. Ala. 1999).

10.     As with the Claimant's Supp. Brief on the issue of whether the § 2605(e) claim is a permissible amendment, and the cases on which the Claimant relies, this analysis is superficial. As the Trust explained in the Trust's Supp. Brief, per *F.A.A.. v. Cooper*, 132 S. Ct. 1441 (2012), the Court must delve deeper than a mechanical inquiry into whether a statute is remedial since other considerations may counterbalance its remedial character. (Trust's Supp.

---

[5] Even if were relevant, the Claim supplies no evidence of the latter allegation. It is worth noting that the Macks filed the Claim on August 8, 2012, 21 days *before* the Bar Date Order was entered (Dkt. No. 1309, filed August 29, 2012). Thus, even if, as counsel for the Claimant alleges, the Macks did not get notice of the bar date, they suffered no harm as a result.

5

sf-3428381

Brief at 10-12.) And as the Trust laid out, there are such counterbalancing factors in the case of RESPA. (*Id.* at 12-13.) The Claimant offers no such evaluation.

11.     A look at the FDCPA confirms the Trust's analysis. It, too, is a remedial statute. 15 U.S.C. § 1692 provides:

> (a) Abusive practices
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> (b) Inadequacy of laws
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> (c) Available non-abusive collection methods
>
> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> (d) Interstate commerce
>
> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> (e) Purposes
>
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6

15 U.S.C. § 1692.

*See generally, e.g., Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1171 (2013) (statute is remedial designed to protect consumer). 15 U.S.C. § 1692(d) goes on to describe some of the personally offensive practices at which FDCPA is aimed:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692(d).

      12.    But there are some very important differences between the FDCPA and RESPA. First, unlike the balancing of interests that lead to RESPA, the FDCPA is unabashedly about protecting consumers, period. *See* 15 U.S.C. § 1692(a). Indeed, it is so consumer-oriented that a debt collector's liability for its violation is based on the effect of the collector's conduct on the debtor.

7

sf-3428381

> The broad remedial purpose of the Act is not concerned with the intent of the debt collector. Indeed, the Act is a strict liability statute. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). Its concern is with the likely effect of various collection practices on the mind of the least sophisticated consumer.

*Wiener v. Bloomfield*, 901 F. Supp. 771, 777 (S.D.N.Y. 1995). This character of the FDCPA is further emphasized by the statement of the purposes of the statute in section 1692(a) and the practices at which it is aimed as set out in section 1692(d): it is designed to protect the consumer against personally abusive practices that by their very nature are likely to assault a person's psyche, thus making the primary rights it protects akin to those protected by the federal statutes prohibiting discrimination in housing, civil rights violations and invasion of privacy by nongovernmental parties discussed the Trust's Supp. Brief at 12-13. In short, the FDCPA, unlike RESPA,[6] is a classic candidate for emotional distress damages because it is expressly aimed at protecting a consumer's emotional state. In vivid contrast, RESPA has not only consumer protection objectives, but industry interest and function purposes while, except in one narrow provision, not concerning itself with the persona. Thus, the RESPA cases relying on the FDCPA cases permitting emotional distress damages are misguided.[7]

---

[6] *Johnstone* mistakenly characterizes RESPA as also protecting the right to privacy. *Johnstone*, 173 F. Supp. 2d at 815-16. But the privacy RESPA protects in § 2605(e)(3), as described in *Johnstone*, is a very limited subset of the consumer interests that RESPA concerns; the others have nothing to do with the personal psychological welfare of a consumer. This limited attention to a consumer's right to privacy would not justify making emotional distress damages available for *all* RESPA violations, including those under § 2605(e). Moreover, § 2605(e)(3)'s prohibition against a servicer's providing information regarding an overdue payment to a credit agency during the response period isn't really an issue of privacy at all. Its obvious purpose is to forestall any potential harm to a borrower's credit rating pending a resolution of the underlying dispute. This observation further highlights the difference between remedial statutes such as FDCPA that protect the person, where emotional distress damages might be available, and remedial statutes such as RESPA that protect other kinds of interests.

[7] Before the Trust closes, it is worth noting that the Claimant *cannot* claim that Ms. Mack's drug overdose resulted from the alleged RESPA § 2605(e) violation. Not only is such a claim inconsistent with the Claim's allegation that, "Due to the prospect of losing their home through foreclosure [i.e., due to the wrongful foreclosure, not GMACM's (Cont.'d)

8

sf-3428381

## CONCLUSION

WHEREFORE, as before, the Trust respectfully submits that the Claimant's alleged section 2605(e) claim is late, should not be permitted even if timely, and cannot lead to the recovery of emotional distress damages.  Accordingly the Trust requests entry of the Proposed Order granting the relief requested in the Objection and such other and further relief as the Court may deem proper.

---

failure to respond to the October 26 letter], Mrs. Mack took an overdose of sleeping pills in October 2009." (*See* Trust's Supp. Brief at 9.)  But perhaps more importantly, as the statute read then, GMACM had to acknowledge receipt of the inquiry within 20 days (§ 2605(e)(1)(A)) (later reduced to 5 days by amendment in 2010) and to respond substantively within 60 days (§ 2605(e)(2)) (later reduced to 30 days by amendment in 2010).  Thus, Ms. Mack cannot have overdosed in October 2009 due to GMACM's alleged failure to respond (or even merely acknowledge receipt of the inquiry) because GMACM's responses on either score were not due until well into November of 2009.  Simply put, there was no RESPA § 2605(e) violation when Ms. Mack overdosed in October of 2009, so she could not have acted in response to such a violation.

9

sf-3428381

| | |
|---|---|
| Dated: June 30, 2014 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Adam A. Lewis<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust*<br><br>-and-<br><br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>Telephone:    205.521.8521<br>Facsimile:     205.488.6521<br>John W. Smith T<br><br>*Special Litigation Counsel to the ResCap Borrower Claims Trust* |

10

sf-3428381