Hearing Date:  **August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
Response Deadline:  **July 21, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

BRADLEY ARANT BOULT CUMMINGS, LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: (202) 393-7150
Facsimile: (202) 719-8349
Christian Hancock
Monica Wilson

*Counsel for The ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION**
**TO CLAIM NUMBERS 283, 1353, 1696, 4692, AND 6281**
<u>**FILED BY PATRICK LORNE FARRELL**</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

JURISDICTION, VENUE AND STATUTORY PREDICATE ................................... 2

BACKGROUND ..................................................................................................... 2

    A.    Chapter 11 Case Background ............................................................... 2

    B.    The Farrell Loan and Various Lawsuits ............................................... 5

RELIEF REQUESTED ............................................................................................ 14

OBJECTION ........................................................................................................... 14

    A.    Generally Applicable Law ................................................................... 14

    B.    Legal Standard .................................................................................... 10

    B.    The Farrell Claims are Barred by the Doctrine of Res Judicata and/or
           Claim Preclusion ................................................................................. 18

    C.    The Farrell Claims Fail to State a Basis for Liability Against the Debtors ........ 22

           1.    Claim No. 283 ....................................................................... 22

           2.    Claim No. 1353 ..................................................................... 26

           3.    Claim No. 1696 ..................................................................... 29

           4.    Claim No. 4692 ..................................................................... 29

           5.    Claim No. 6281 ..................................................................... 30

NOTICE ................................................................................................................. 39

CONCLUSION ....................................................................................................... 39

## Exhibit List

Exhibit 1-A    Farrell Claim No. 283

Exhibit 1-B    Farrell Claim No. 1353

Exhibit 1-C    Farrell Claim No. 1696

Exhibit 1-D    Farrell Claim No. 4692

Exhibit 1-E    Farrell Claim No. 6281

Exhibit 2        Proposed Order

Exhibit 3        Delehey Declaration

    Exhibit A        Request Letter Sent by the Debtors to Mr. Farrell

    Exhibit B-1      Farrell Complaint Filed with Florida State Court

    Exhibit B-2      Order Granting Farrell Motion for Default Judgment

    Exhibit C        Fourth Amended Farrell Complaint Filed with Florida State Court

    Exhibit D        Wells Fargo Complaint in Florida State Foreclosure Action

    Exhibit E        Florida State Court Order Vacating Foreclosure Judgment

    Exhibit F        Notice of Bankruptcy dated September 13, 2012

    Exhibit G        Summary Judgment Motion in Consolidated State Action

    Exhibit H        Final Judgment of Foreclosure in Consolidated State Action

    Exhibit I-1      Notice of Appeal dated May 5, 2014

    Exhibit I-2      Docket and Second District Court of Appeal's Order referencing Notice of Appeal dated May 30, 2014

    Exhibit J        Notice of Bankruptcy dated May 30, 2013

    Exhibit K        Order Dismissing Farrell Complaint Without Prejudice

    Exhibit L        Amended Farrell Complaint in Florida Federal Action

    Exhibit M        Order Dismissing First Farrell Bankruptcy

    Exhibit N        Order Dismissing Second Farrell Bankruptcy

    Exhibit O        Order Dismissing Third Farrell Bankruptcy

    Exhibit P        Order Dismissing Fourth Farrell Bankruptcy

    Exhibit Q        Petition for Fifth Farrell Bankruptcy

    Exhibit R        Mr. Farrell's Mortgage

    Exhibit S        Order dated May 23, 2013 Striking Mr. Farrell's 5th Amended Complaint

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

4Kids Entertainment, Inc. v. Upper Deck Co.,
　797 F. Supp. 2d 236 (S.D.N.Y. 2011)......................................................................................11

ACandS, Inc. v. Travelers Casualty & Surety Co.,
　435 F.3d 252 (3d Cir. 2006).....................................................................................................11

Aerojet-General Corp. v. Askew,
　511 F.2d 710 (5th Cir. 1975) ...................................................................................................21

Allstate Insurance Co. v. Rozenberg,
　590 F. Supp. 2d 384 (E.D.N.Y. 2008) .....................................................................................38

AMEC Civil, LLC v. Florida Department of Transportation,
　41 So. 3d 235 ............................................................................................................................18

Amey, Inc. v. Gulf Abstract & Title, Inc.,
　758 F.2d 1486 (11th Cir. 1985) ...............................................................................................20

Ashcroft v. Iqbal,
　556 U.S. 662 (2009).................................................................................................................17

Associated General Contractors of California, Inc. v. California State Council of
　Carpenters,
　459 U.S. 519 (1983).................................................................................................................17

Bedford v. Florida,
　970 So. 2d 935 (Fla. Dist. Ct. App. 2008) ..............................................................................18

Bell v. Crosby,
　No. 06-cv-392, 2006 WL 3306878 (N.D. Fla. Nov. 9, 2006)..................................................19

Brandon v. County of Pinellas,
　141 So. 2d 278 (Fla. Dist. Ct. App. 1962) ..............................................................................23

Butler v. Yusem,
　44 So. 3d 102 ...........................................................................................................................24

Castillo v. Deutsche Bank National Trust Co.,
　No. 3D11-2132, 2012 WL 2009701 (Fla. Dist. Ct. App. 2012) ........................................25, 37

Catholic Health Care Western v. US Foodservice (In re US FoodService Pricing
　Litigation),
　729 F.3d 108 (2d Cir. 2013)....................................................................................................38

CCB, LLC v. BankTrust,
    552 Fed. App'x 963 (11th Cir. 2014) .......................................................................19

Citibank, N.A. v. Data Lease Financial Corp.,
    904 F.2d 1498 (11th Cir. 1990) .............................................................................20

Dadeland Depot, Inc. v. St. Paul Fire and Marine Insurance Co.,
    945 So. 2d 1216 (Fla. 2006).............................................................................19, 22

Davila v. Delta Air Lines, Inc.,
    326 F.3d 1183 (11th Cir. 2003) .............................................................................18

DiSorbo v. Hoy,
    343 F.3d 172 (2d Cir. 2003)...................................................................................18

E.J. Sparks Enterprises v. Christman,
    117 So. 388 (1928)..................................................................................................36

Feinberg v. Bank of New York (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..................................................................15

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
    398 B.R. 736 (Bankr. S.D.N.Y. 2008) ..................................................................16

Gordon v. Gordon,
    59 So. 2d 40 (Fla. 1952).........................................................................................18

Green v. RBS National Bank,
    288 F. App'x 641 (11th Cir. 2008) ........................................................................34

Hartman v. Gilead Sciences (In re Gilead Sciences Securities Litigation),
    536 F.3d 1049 (9th Cir. 2008) ...............................................................................17

In re Community Bank of Northern Virginia,
    418 F.3d 277 (3rd Cir. 2005) .................................................................................33

In re DJK Residential LLC,
    416 B.R. 100 (Bankr. S.D.N.Y. 2009) ..................................................................16

In re Hess,
    404 B.R. 747 (Bankr. S.D.N.Y. 2009) ..................................................................15

In re McLean Indus., Inc.,
    121 B.R. 704 (Bankr. S.D.N.Y. 1990) ..................................................................31

In re MF Global Holdings, Ltd.,
    Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847 (Bankr. S.D.N.Y.
    Nov. 13, 2012) ..................................................................................................14, 15

iv

In re Oneida Ltd.,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v.
   Oneida, Ltd., No. 09-cv-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) .........15

In re Rockefeller Center Properties,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Center
   Properties (In re Rockefeller Center Properties), 266 B.R. 52 (S.D.N.Y. 2001), aff'd,
   46 Fed. Appx. 40 (2d Cir. 2002) ......................................................................................15, 16

In re Smith,
   737 F.2d 1549 (11th Cir. 1984) ...........................................................................................33

In re W.R. Grace & Co.,
   346 B.R. 672 (Bankr. D. Del. 2006) .....................................................................................15

Jenkins v. Lennar Corp.,
   972 So. 2d 1064 (Fla. Dist. Ct. App. 2008) ..........................................................................20

Johnson v. Riverside Healthcare Systems,
   534 F.3d 1116 (9th Cir. 2008) .........................................................................................16, 17

Kuxhausen Construction Co. v. Ardaman & Associates, Inc.,
   No. 2011-CA-10401, 2012 WL 7017988 (Fla. Cir. Ct. Aug. 9, 2012)..............................18, 19

Larimore v. Florida,
   76 So. 3d 1121 ......................................................................................................................20

M.C.G. v. Hillsborough County School Board,
   927 So. 2d 224 (Fla. Dist. Ct. App. 2006) .......................................................................18, 20

Marceau v. Blackfeet Housing Authority,
   540 F.3d 916 (9th Cir. 2008) ................................................................................................17

Marshall County Board of Education v. Marshall County Gas District,
   992 F.2d 1171 (11th Cir. 1993) .............................................................................................17

Martin-Trigona v. Champion Federal Savings & Loan Association,
   892 F.2d 575 (7th Cir. 1989) ................................................................................................11

Massey v. David,
   831 So. 2d 226 (Fla. Dist. Ct. App. 2002) ............................................................................21

McLean v. GMAC Mortgage Corp.,
   595 F. Supp. 2d 1360 (S.D. Fla. 2009) .................................................................................33

McMullin v. Beaver,
   905 So. 2d 928 (Fla. Dist. Ct. App. 2005) .......................................................................25, 37

Mettler, Inc. v. Ellen Tracy, Inc.,
   648 So. 2d 253 (Fla. Dist. Ct. App. 1994) ............................................................................36

v

Midland Cogeneration Venture Ltd. Partnership v. Enron Corp. (In re Enron Corp.),
    419 F.3d (2d Cir. 2005)................................................................................31

Migra v. Warren City School District Board Of Education,
    465 U.S. 75 (1984).....................................................................................18

Morgan v. Continental Casualty Co.,
    382 So. 2d 351 (Fla. Dist. Ct. App. 1980) .......................................................30, 37

Moss v. Morgan Stanley Inc.,
    719 F.2d 5 (2d Cir. 1983)..............................................................................37

Navarro v. Block,
    250 F.3d 729 (9th Cir. 2001) ........................................................................17

Norris Grain Co. v. Transworld Foods, Inc. (In re Transworld Foods, Inc.),
    41 B.R. 363 (Bankr. M.D. Fla. 1984) ..............................................................18

Olmsted v. Defosset,
    205 F. Supp. 2d 1316 (M.D. Fla. 2002)............................................................17

Omernick v. LaRocque,
    406 F. Supp. 1156 (W.D. Wis. 1976), aff'd sub nom., Omernick v. Wisconson, 539
    F.2d 715 (7th Cir. 1976) ..............................................................................18

Orkin Exterminating Co. v. Petsch,
    872 So. 2d 259 (Fla. Dist. Ct. App. 2004) ........................................................35

Osborne v. Vericrest Financial, Inc.,
    No. 8:11-cv-716-T-30TBM, 2011 WL 1878227 (M.D. Fla. May 17, 2011) ..................34

Radle v. Allstate Insurance Co.,
    758 F. Supp. 1464 (M.D. Fla. 1991)................................................................21

Reese v. Damato,
    33 So. 462 (1902).......................................................................................19

Riggs v. Aurora Loan Services, LLC,
    36 So. 3d 932 .......................................................................................25, 37

Rose v. ADT Security Services, Inc.,
    989 So. 2d 1244 (Fla. Dist. Ct. App. 2008) ......................................................24

Smith v. 2001 Southern Dixie Highway, Inc.,
    872 So. 2d 992 (Fla. Dist. Ct. App. 2004) ........................................................35

Sprewell v. Golden State Warriors,
    266 F.3d 979 (9th Cir. 2001) ........................................................................17

Trevisani v. Departmnet of Health,
    908 So. 2d 1108 (Fla. Dist. Ct. App. 2005) ......................................................23

Vanston Bondholders Protective Committee v. Green,
329 U.S. 156 (1946) ........................................................................................15

Vasile v. Dean Witter Reynolds, Inc.,
20 F. Supp. 2d 465 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2d Cir. 2000) ...........................11

Vignolo v. Miller,
120 F.3d 1075 (9th Cir. 1997) ......................................................................17

Wallace v. Mortgage Electric Registration Systems, Inc.,
No. 8:10-cv-2509-T-23AEP, 2011 WL 1298195 (M.D. Fla. Apr. 1, 2011) ...........................35

Warren v. Fox Family Worldwide, Inc.,
328 F.3d 1136 (9th Cir. 2003) ......................................................................17

Watkins v. NCNB National Bank of Florida, Inc.,
622 So. 2d 1063 (Fla. Dist. Ct. App. 1993) .......................................................36

Ziemba v. Cascade International Inc.,
256 F.3d 1194 (11th Cir. 2001) ....................................................................16

STATUTES

11 U.S.C. 502 ...............................................................................................1, 14, 15

12 U.S.C. § 2614 ...............................................................................................33

15 U.S.C. § 1640(e) ...........................................................................................33

15 U.S.C. § 1681s-2 ...........................................................................................34

18 U.S.C. § 1962 ...............................................................................................37

28 U.S.C. § 1738 ...............................................................................................18

FLA. STAT. § 501.211(1) .......................................................................................35

FLA. STAT. § 607.1501(2)(h) ...................................................................................25

OTHER AUTHORITIES

Fed. R. Bankr. P. 7008 .......................................................................................15

Fed. R. Bankr. P 7009 ....................................................................................15, 16

Fed. R. Bankr. P 7012 .......................................................................................16

Fed. R. Civ. P. 8(a)(2) .......................................................................................15

Fed. R. Civ. P. 9(b) ...........................................................................................16

Fed. R. Civ. P. 12(b)(6) ...............................................................................16, 17, 22

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>"), established pursuant to the terms of the Chapter 11 plan confirmed in the above-captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the above-captioned debtors (collectively, the "<u>Debtors</u>") for Borrower Claims (defined below) matters, hereby submits this objection (the "<u>Objection</u>") seeking to disallow and expunge claim numbers 283, 1353, 1696, 4692, and 6281 (collectively, the "<u>Farrell Claims</u>"), copies of which are annexed hereto as <u>Exhibits 1-A through 1-E</u>, filed by Patrick Lorne Farrell ("<u>Mr. Farrell</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), on the grounds that the Farrell Claims fail to state a basis for liability against the Debtors.[1]  The Borrower Trust seeks the entry of an order, substantially in the form annexed hereto as <u>Exhibit 2</u>, granting the requested relief.  In support of the Objection, the Borrower Trust relies upon and incorporates by reference the Declaration of Lauren Graham Delehey, Chief Litigation Counsel for the ResCap Liquidating Trust, annexed hereto as <u>Exhibit 3</u> (the "<u>Delehey Declaration</u>").  In further support hereof, the Borrower Trust respectfully represents as follows:

<b><u>PRELIMINARY STATEMENT</u></b>

1.    The Farrell Claims asserted against Debtor GMAC Mortgage, LLC ("<u>GMACM</u>"), as each are described herein, should be disallowed and expunged from the Claims Register (as defined below) pursuant to section 502(b) of the Bankruptcy Code.

---

[1]    The Borrower Trust reserves all of its rights to object on any other basis to the Farrell Claims not set forth in this Objection, and to amend this Objection should any further bases come to light.

2. Specifically, the Farrell Claims raise a variety of arguments related to a residential mortgage loan serviced by GMACM. These arguments include that the originating lender should not have approved his loan based on his income; that a property appraisal used in the loan's origination was wrongfully inflated; that Mr. Farrell has copyrighted his name and is owed damages due to its use in litigation; that the mortgage securitization process extinguished his loan; and that the mortgage industry engaged in a conspiracy to commit fraud against Mr. Farrell.

3. The Objection demonstrates that each Farrell Claim is without merit and fails to state any claim against the Debtors under applicable law. Accordingly, the Farrell Claims should be disallowed and expunged from the Debtors' Claims Register in their entirety.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

4. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code section 502(b) and Bankruptcy Rule 3007.

## BACKGROUND

### A. Chapter 11 Case Background

*General Overview*

5. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and,

among other things, the Borrower Trust and the ResCap Liquidating Trust were established [Docket No. 6137].[2]

6.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims (as such terms are defined in the Plan) to the extent such claims are ultimately allowed either through settlement or pursuant to an order of the Court.  See Plan, Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims."  See id.

### Farrell Claims Background

7.     On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

8.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[3]

---

[2]     The ResCap Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[3]     The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

9.      On March 21, 2013, the Court entered an order (the "Procedures Order") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former Borrowers (the "Borrower Claims Procedures").  The Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claims Procedures require that, prior to objecting to certain categories of Borrower Claims, individual Borrowers must be furnished with a letter requesting additional documentation in support of the purported claim (a "Request Letter").  (See Procedures Order at 4).

10.     On June 21, 2013, pursuant to the Procedures Order, the Debtors mailed Mr. Farrell a Request Letter, the form of which is annexed to the Delehey Declaration as Exhibit A, requesting additional information and documentation in support of the Farrell Claims.  See Delehey Declaration ¶ 7.  The Request Letter states that the claimant must respond within 30 days with an explanation setting forth the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors and that the claimant must provide copies of all supporting documents that he believes support the basis for the Proof of Claim.  See Request Letter at 1.  The Request Letter further provides that if the claimant fails to provide an explanation and the supporting documentation, the Debtors may file a formal objection to the proof(s) of claim, seeking to have the proof(s) of claim disallowed and permanently expunged.  See id.

---

Bar Date").  Bar Date Order ¶¶ 2, 3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

ny-1142435

11.     Mr. Farrell returned two responses to the Request Letter.  See Delehey Declaration ¶ 7.  On July 2, 2013, the Debtors received Mr. Farrell's first response in connection with Claim Nos. 1353, 4692, and 6281.  See id.  On July 8, 2013, the Debtors received Mr. Farrell's second response in connection with Claim Nos. 283 and 1696.  See id.

**B.     The Farrell Loan and Various Lawsuits**

*The Farrell Loan*

12.     Mr. Farrell is a Borrower under a residential mortgage loan (the "Loan") that was originated by Pinnacle Financial Corporation d/b/a Tri-Star Lending Group ("Pinnacle") on October 1, 2005.  See Delehey Declaration ¶ 8.  The Loan was evidenced by a note in the amount of $283,000.00 (the "Note"), which was secured by real property located at 2904 NW 14th Terrace, Cape Coral, Florida, 33993 (the "Property").  See id.  GMACM serviced the Loan since beginning on or about March 9, 2006.  See id.  The Loan was included in the Debtors' sale of substantially all of its assets to Ocwen Loan Servicing, LLC, which closed on February 15, 2013.  See id.  The investor of the loan is Wells Fargo Bank, N.A., as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2005-2 ("Wells Fargo as Trustee").  See id.

13.     In August 2007, Mr. Farrell defaulted on the Note by failing to make his monthly payment.  See Delehey Declaration ¶ 9.  Mr. Farrell has not made any payments on the Note since that time.  See id.

ny-1142435

### *Mr. Farrell's Florida State Action*

14.    On November 14, 2007, Mr. Farrell filed a complaint (the "Complaint") against GMACM[4] and Pinnacle, among other defendants, in the Circuit Court of the 20th Judicial District in and for Lee County, Florida (the "Florida State Court"), Case No. 07-CA-14942 (the "Florida State Action").  See Delehey Declaration ¶ 11; see also Exhibit B-1 annexed to the Delehey Declaration.  In the Complaint, Mr. Farrell alleged, among other things, fraud and conspiracy, seeking damages relating thereto and to quiet title to the Property.  See id.  On July 15, 2008, the Florida State Court entered an order granting Mr. Farrell's motion for default judgment against Pinnacle, setting a hearing on damages at a future date.  See Delehey Declaration ¶ 12; see also Exhibit B-2 annexed to the Delehey Declaration.

15.    Mr. Farrell subsequently filed multiple amended complaints in the Florida State Action.  The final amended Complaint effective in the Florida State Action was the fourth amended Complaint, filed November 30, 2009 as the "4th Amended Complaint Action to Quiet Title, Criminal Complaint for Mortgage Fraud."[5]  See Delehey Declaration ¶ 13; see also Exhibit C annexed to the Delehey Declaration.

### *The Florida State Foreclosure Action*

16.    On December 7, 2007, Wells Fargo as Trustee filed a complaint (the "Foreclosure Complaint") against Patrick Farrell, among other defendants, in the Florida State

---

[4]    Mr. Farrell referred separately and intermittently to GMAC and GMAC Mortgage, LLC, listing GMAC and GMAC Mortgage, LLC as separate defendants in pleadings.  For purposes of this Objection, the Borrower Trust treats both entities as GMACM, the correct entity.

[5]    Mr. Farrell filed a fifth amended complaint on November 28, 2012 (by which time the Florida State Action was consolidated with the Florida State Foreclosure Action, discussed herein). The fifth amended Complaint was entitled "Patrick Farrell's 5th Amended Complaint for Mortgage Fraud, Qui Tam, Quiet Title, Damages, And Other Statutory Relief," and was stricken by order of the Florida State Court on May 23, 2013. The fifth amended complaint is included in the Farrell Claims as Claim No. 6281 and is addressed in Part (C) of this Objection.  See Order dated May 23, 2013 Striking Mr. Farrell's 5th Amended Complaint, Exhibit S annexed to the Delehey Declaration; see also Delehey Declaration ¶ 13 n.4.

Court, Case No. 07-CA-016767 (the "Florida State Foreclosure Action"), to foreclose on the Property pursuant to the terms of the Note and the Loan and Mr. Farrell's default thereunder. See Delehey Declaration ¶ 14; see also Exhibit D annexed to the Delehey Declaration. GMACM is not a party to the Florida State Foreclosure Action. See id.

17.    On March 24, 2009, the Florida State Court issued an order granting summary judgment of foreclosure in favor of Wells Fargo as Trustee in the Florida State Foreclosure Action. See Delehey Declaration ¶ 15.

18.    Mr. Farrell filed an appeal from the judgment in the Florida State Foreclosure Action with the Second District Court of Appeal. See Delehey Declaration ¶ 16. Subsequently, on November 22, 2010, and with the consent of both parties, the Florida State Court granted an order vacating the March 24, 2009 foreclosure judgment. See id. at ¶ 17; see also Exhibit E annexed to the Delehey Declaration.

19.    On March 12, 2012, the Florida State Court issued an order consolidating the Florida State Action and the Florida State Foreclosure Action (together, the "Consolidated State Action"). See Delehey Declaration ¶ 18.

20.    On September 13, 2012, GMACM filed its Notice of Bankruptcy with the Florida State Court incorporating this Court's final supplemental servicing order entered on July 13, 2012 (the "Supplemental Servicing Order").[6] See Delehey Declaration ¶ 19; see also Exhibit F annexed to the Delehey Declaration. The Notice of Bankruptcy identified the nature of permitted claims (as claims that relate exclusively to a property subject to a loan owned or

---

[6]    *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit* Foreclosure *and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774].

serviced by GMACM that, if granted, would terminate or preclude prosecution or completion of a foreclosure action) and noted that only such permitted claims may proceed.[7]  See id.

21.    On March 4, 2014, Wells Fargo as Trustee (joined by IMPAC Secured Assets Corp., GMACM, and Wells Fargo Bank, N.A.) filed a motion for summary judgment against Mr. Farrell in the Consolidated State Action.  See Delehey Declaration ¶ 20; see also Exhibit G annexed to the Delehey Declaration.

22.    On April 30, 2014, the Florida State Court issued a final judgment of foreclosure against Mr. Farrell, ending the Consolidated State Action for all parties involved (the "Florida Judgment").  See Delehey Declaration ¶ 21; see also Exhibit H annexed to the Delehey Declaration.

23.    On May 7, 2014, Mr. Farrell filed a notice of appeal with Florida's Second District Court of Appeal, which remains pending as Case No. 2D14-2139.  See Delehey Declaration ¶ 22; see also Exhibit I-1 annexed to the Delehey Declaration.

24.    On May 30, 2014, Mr. Farrell filed a second notice of appeal with Florida's Second District Court of Appeal, which remains pending as Case No. 2D14-2589.  See Delehey Declaration ¶ 23; see also Exhibit I-2 annexed to the Delehey Declaration (comprised of the order entered by the Second District Court of Appeal and docket referencing this appeal).

### The Florida Federal Action

25.    While the Consolidated State Action remained pending, on February 27, 2013 Mr. Farrell filed a complaint against GMACM and other defendants in the United States

---

[7]    The Notice of Bankruptcy was filed in the Consolidated State Action and addressed Mr. Farrell's claims alleged against GMACM (arising from the Florida State Action).  As Mr. Farrell is a *pro se* litigant, and out of an abundance of caution, GMACM noted in the Notice of Bankruptcy that it endeavored to accurately construe Mr. Farrell's filings, including reference to Mr. Farrell's answer to the Florida State Foreclosure Action in the event the Florida State Court construed such as allegations against GMACM.

ny-1142435

District Court for the Middle District of Florida, Case No. 2:13-cv-00140-JES-DNF (the "Florida Federal Action").  See Delehey Declaration ¶ 24.  Mr. Farrell did not file a motion requesting relief from the automatic stay in the Chapter 11 Cases prior to commencing the Florida Federal Action.  Id.

26.    On May 30, 2013, GMACM filed its Notice of Bankruptcy in the Florida Federal Action, incorporating the Supplemental Servicing Order.  See Delehey Declaration ¶ 25; see also Exhibit J annexed to the Delehey Declaration.

27.    On October 1, 2013, the court issued an order dismissing Mr. Farrell's complaint without prejudice in the Florida Federal Action, striking various filings by Mr. Farrell in the Florida Federal Action and granting Mr. Farrell an additional 30 days to file an amended complaint.  See Delehey Declaration ¶ 26; see also Exhibit K annexed to the Delehey Declaration.

28.    On October 21, 2013, Mr. Farrell filed an amended complaint (entitled "1st Amended Complaint for Mortgage Fraud, Quiet Title and Damages") in the Florida Federal Action, alleging that GMACM and other defendants engaged in mortgage loan fraud for which Mr. Farrell is entitled "a refund, treble damages and costs."  See Delehey Declaration ¶ 27; see also Exhibit L annexed to the Delehey Declaration.

29.    The amended complaint in the Florida Federal Action and a number of subsequent filings by Mr. Farrell alleging mortgage fraud and attempting to quiet title to the Property remain pending the court's ruling on multiple motions to dismiss and motions to strike filed by certain defendants.  Several of the defendants in the Florida Federal Action have filed motions to dismiss and those motions are pending.[8]

---

[8]    Specifically, Pam Bondi and Rick Scott filed a *Motion to Dismiss Farrell's Amended Complaint* on November 4, 2013, 2013 [Doc. 82], as did Bank of America and Countrywide Home Loans [Doc. 83], and GMACM,

*Mr. Farrell's Bankruptcies*

30.    During the Consolidated State Action and the Florida Federal Action, Mr. Farrell filed a number of petitions seeking Chapter 13 bankruptcy protection with the United States Bankruptcy Court for the Middle District of Florida.  See Delehey Declaration ¶ 28.

31.    On May 19, 2009 (immediately after Farrell's attempts to appeal the Florida State Foreclosure Action to the Florida Second District Court of Appeal and the Florida Supreme Court were denied), Mr. Farrell filed a petition under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "First Farrell Bankruptcy").  See Delehey Declaration ¶ 29.

32.    On June 8, 2009, the court dismissed the First Farrell Bankruptcy for failure to file required information.  See Delehey Declaration ¶ 30; see also Exhibit M annexed to the Delehey Declaration.

33.    On July 2, 2009 (immediately after the Florida Second District Court of Appeal denied another of Mr. Farrell's motions), Mr. Farrell filed another petition under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "Second Farrell Bankruptcy").  See Delehey Declaration ¶ 31.

34.    On August 11, 2009, the court dismissed the Second Farrell Bankruptcy for failure to file required information.  See Delehey Declaration ¶ 32; see also Exhibit N annexed to the Delehey Declaration.

35.    On September 14, 2009, Mr. Farrell filed another petition under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "Third Farrell Bankruptcy").  See Delehey Declaration ¶ 33.

---

Impac Funding, Impac Funding Corp., Impac Secured Assets, Ocwen Loan Servicing, Wells Fargo Bank [Doc. 84] on November 7, 2013. (MDFL 2:13-cv-00140-JES-DNF).

36.     On September 28, 2009, the court dismissed the Third Farrell Bankruptcy for failure to file required information.  See Delehey Declaration ¶ 34; see also Exhibit O annexed to the Delehey Declaration.

37.     On July 8, 2010 (while several of Mr. Farrell's motions to stay the foreclosure sale from the March 24, 2009 foreclosure judgment remained pending before the Florida Supreme Court and the Second District Court of Appeal), Mr. Farrell filed yet another petition under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "Fourth Farrell Bankruptcy").  See Delehey Declaration ¶ 35.

38.     On September 20, 2010, the court entered an order dismissing the Fourth Farrell Bankruptcy.  See Delehey Declaration ¶ 36; see also Exhibit P annexed to the Delehey Declaration.

39.     On May 27, 2014 (after the April 30, 2014 judgment of foreclosure was entered against Mr. Farrell in the Consolidated State Action, and pending Mr. Farrell's appeal of that judgment to the Second District Court of Appeal), Mr. Farrell filed a fifth petition under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "Fifth Farrell Bankruptcy").  See Delehey Declaration ¶ 37; see also Exhibit Q annexed to the Delehey Declaration.  The Fifth Farrell Bankruptcy remains pending.[9]  See id.

---

[9]     Although, as of the date hereof, the Fifth Farrell Bankruptcy remains pending, the filing of this Objection to the Farrell Claims does not implicate the automatic stay in Mr. Farrell's bankruptcy case.  See Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2d Cir. 2000) (supporting the general proposition that a non-debtor defendant does not violate the stay by defending himself against a claim by a debtor); 4Kids Entm't, Inc. v. Upper Deck Co., 797 F. Supp. 2d 236 (S.D.N.Y. 2011) (finding that the stay did not extend to claims brought by debtor).  See also ACandS, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252 (3d Cir. 2006) (holding non-debtor defendant is permitted to assert defenses and responses to claims made by the debtor); Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575 (7th Cir. 1989) (holding the stay does not apply to a suit by the debtor and that non-debtor defendant is permitted to seek to have the debtors claims against the non-debtor dismissed).

ny-1142435

C.    **The Farrell Claims**

40.    On July 16, 2012, Mr. Farrell filed a proof of claim, designated as Claim No. 283 in the Claims Register, as a general unsecured claim against GMACM in an unliquidated amount. See generally, Exhibit 1-A. Claim No. 283 was not filed with a proof of claim form, but instead included, among other documents, (i) various filings in connection with both the Florida State Action and the Foreclosure Action, (ii) letters from Impac Mortgage Holdings, Inc. ("Impac"), as master servicer of the Note, regarding the option to modify Mr. Farrell's Loan payments, and (iii) letters from Impac regarding the I-PASS (Impac's Pre Approved Short Sale) program being offered. See Exhibit 1-A.

41.    On October 19, 2012, Mr. Farrell filed a second proof of claim, designated as Claim No. 1353 in the Claims Register, as a fully secured claim against GMACM in the amount of $400,000.00. See generally, Exhibit 1-B. The Farrell Claim identifies "Mortgage Fraud Lawsuit + UCC-1 Liens" as the basis for the claim, and asserts "Quiet Title" as the basis for perfection of said secured claim. As support for the claim, Mr. Farrell attached (i) a copy of the KCC webpage for GMACM customers, (ii) UCC Financing Statement Amendments, File No. 2008-021-9830-5 filed on January 1, 2008 in Washington State and File No. 2009-023-0155-2 filed on January 23, 2008 in Washington State, each purporting to add collateral that includes Mr. Farrell's involvement as plaintiff in a number of lawsuits, (iii) a certain security agreement, hold harmless and indemnity agreement, common law copyright notice, power of attorney, and collateral record documents relating to Mr. Farrell loaning money to himself, and (iv) certain filings relating to the Florida State Action. See id.

42.    On October 23, 2012, Mr. Farrell filed a third proof of claim, designated as Claim No. 1696 in the Claims Register, as a general unsecured claim against GMACM in an

12

unliquidated amount.  See generally, Exhibit 1-C.  Claim No. 1696 was not filed with a proof of claim form, but instead included certain filings relating to the Florida State Action and Foreclosure Action.  See id.

43.    On November 13, 2012, Mr. Farrell filed a fourth proof of claim, designated as Claim No. 4692 in the Claims Register, as a secured claim against GMACM in the amount of $400,000.00.  See generally, Exhibit 1-D.  The Farrell Claim identifies "Mortgage Fraud Lawsuit + UCC-1 Liens" as the basis for the claim, and asserts "Quiet Title" as the basis for perfection of said secured claim.  As for support for his claim, Mr. Farrell included a Demand for Judicial Notice referencing his litigation against GMACM since 2007 and claim against GMACM for mortgage fraud.  See id.

44.    On December 3, 2012, several weeks after the General Bar Date, Mr. Farrell filed a fifth proof of claim, designated as Claim No. 6281 in the Claims Register, as a general unsecured claim against GMACM in an unliquidated amount.  See generally, Exhibit 1-E.  Claim No. 6281 was not filed with a proof of claim form, but instead included the *5th Amended Complaint for Mortgage Fraud, Qui Tam, Quiet Title, Damages and Other Statutory Relief* filed on November 28, 2012 in Florida State Court relating to the Florida State Action. See id.  Claim No. 6281 does not purport to amend any prior claim nor has Mr. Farrell requested relief to file an untimely proof of claim or an untimely amendment.  Claim No. 6281 was late-filed and should be expunged.

45.    On September 20, 2013, the Debtors filed the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [Docket No. 5162] (the "Fiftieth Omnibus Claims Objection") against, among others, Claim Nos. 283, 1696, 4692, and 6281 filed by Mr. Farrell.

46.     On January 8, 2014, the Borrower Trust withdrew the Fiftieth Omnibus Claims Objections solely as it related to Claim Nos. 283, 1696, 4692, and 6281 [Docket No. 6241].  In its notice of withdrawal, the Borrower Trust reserved all rights to object to all claims filed by Mr. Farrell on any basis at a future point in time.

### RELIEF REQUESTED

47.     The Borrower Trust hereby files this Objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and seeks the entry of an order, substantially in the form annexed hereto as Exhibit 2, disallowing and expunging the Farrell Claims from the Claims Register because (i) the Claims fail to state a valid legal basis giving rise to liability on the part of any Debtor, and (ii) if such Claims are not disallowed, then Mr. Farrell may potentially receive a wholly improper recovery to the detriment of other Borrower Trust beneficiaries.

48.     As explained in further detail below and in the Delehey Declaration, the Borrower Trust conducted an exhaustive examination of the Debtors' books and records to assess the allegations made in the Farrell Claims, and believes that there is no merit with respect to Mr. Farrell's asserted claims because each fails as a matter of law.  Accordingly, the Borrower Trust now files this Objection to the Farrell Claims, which addresses the merits of the allegations set forth therein.

### OBJECTION

#### A.     Generally Applicable Law

49.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The party objecting to the proof of claim "bears the initial burden of providing evidence to show that the proof of claim should not be allowed."  In re MF Global

Holdings, Ltd., Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr.

S.D.N.Y. Nov. 13, 2012).  If an objection refuting at least one of the claim's essential allegations

is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re

Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co.,

L.P. v. Oneida, Ltd., No. 09-cv-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v.

Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46

Fed. Appx. 40 (2d Cir. 2002).  The burden of persuasion is on the holder of a proof of claim to

establish a valid claim against a debtor.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R.

215, 220-22 (Bankr. S.D.N.Y. 2010).

   50. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that

a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1).  Whether

a claim is allowable "generally is determined by applicable nonbankruptcy law."  In re W.R.

Grace & Co., 346 B.R. 672, 674 (Bankr. D. Del. 2006).  "What claims of creditors are valid and

subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in

the absence of overruling federal law, is to be determined by reference to state law."  In re Hess,

404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting Vanston Bondholders Protective Comm. v.

Green, 329 U.S. 156, 161 (1946)).  In this matter, Florida law governs.

   51. Several courts, including those in this district, have applied the federal

pleadings standards when assessing the validity of a proof of claim.  See Bankruptcy Rule 7008

(incorporating Fed. R. Civ. P. 8(a)(2) standard requiring a pleading to "contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief") and Bankruptcy Rule

7009 (incorporating Fed. R. Civ. P. 9(b) heightened pleading standard); see also In re DJK

Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party

has met their burden in connection with a proof of claim, bankruptcy courts have looked to the

pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re

Rockefeller Ctr. Props., 272 B.R.at 542 n.17, aff'd sub nom., NBC v. Rockefeller Ctr. Props.,

226 B.R. 52, aff'd, 46 F. App'x 40; Flake v. Alper Holdings USA, Inc. (In re Alper Holdings

USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs

of claim should be treated, for purposes of a motion to disallow claims, like documents that are

attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss.")

(citation omitted).  Under Rule 9(b), for allegations involving fraud, "a party must state with

particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "The

particularity rule serves an important purpose in fraud actions by alerting defendants to the

'precise misconduct with which they are charged' and protecting defendants 'against spurious

charges of immoral and fraudulent behavior.'"  Ziemba v. Cascade Int'l Inc., 256 F.3d 1194,

1202 (11th Cir. 2001) (internal citations omitted).  In addition, Rule 12(b)(6) of the Federal

Rules of Civil Procedure ("Rule 12(b)(6)"), as incorporated by Bankruptcy Rule 7012, should

apply to objections to proofs of claim.  Accordingly, the substantive adequacy of the Farrell

Claims on their face should be judged by Rule 12(b)(6), which tests whether a pleading states a

claim for relief.

        52.      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may

be dismissed because of a "failure to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal

theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v.

Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).  The Court, however, is not required to "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" Hartman v. Gilead Scis. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

53.     The process of "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Ashcroft, 556 U.S. at 663-64.  As a result, courts do not assume (i) that plaintiffs can prove facts that they have not alleged or (ii) that defendants have violated laws in a manner that has not been alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

54.     Regardless of the legal sufficiency of the facts alleged, a court may dismiss a complaint on a dispositive issue of law.  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); Olmsted v. Defosset, 205 F. Supp. 2d 1316, 1319 (M.D. Fla. 2002) ("When, on the basis of a dispositive issue of law, no construction of the factual allegation[s] will support the cause of action, dismissal of the complaint is appropriate.").

As such, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**B.      The Farrell Claims Are Barred by the Doctrine of Res Judicata and/or Claim Preclusion**

55.      Federal courts look to state law for the preclusive effects of a state court judgment. See, e.g., Migra v. Warren City Sch. Dist. Bd. Of Educ., 465 U.S. 75, 81 (1984); DiSorbo v. Hoy, 343 F.3d 172, 182-83 (2d Cir. 2003); Omernick v. LaRocque, 406 F. Supp. 1156, 1159 (W.D. Wis. 1976), aff'd sub nom., Omernick v. Wisconsin, 539 F.2d 715 (7th Cir. 1976); see also 28 U.S.C. § 1738 (federal courts must afford state court decisions full faith and credit).

56.      In Florida, the doctrine of *res judicata* prohibits litigation of issues already decided or that could have been decided by a final judgment in prior litigation. Bedford v. Fla., 970 So. 2d 935, 938 (Fla. Dist. Ct. App. 2008). "[E]very justiciable controversy should be settled in one action. . . ." Gordon v. Gordon, 59 So. 2d 40, 44 (Fla. 1952). Thus, the doctrine applies both to issues actually litigated *and* to "every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." AMEC Civil, LLC v. Fla. Dep't of Transp., 41 So. 3d 235, 239 (Fla. Dist. Ct. App. 2010) (citation omitted). The Florida Judgment fully resolved the issues in the Consolidated State Action on the merits. The underlying judgment must be final. Gordon, 59 So. 2d at 43. In Florida, a judgment is final for preclusion purposes even if it is on appeal. See, e.g., Norris Grain Co. v. Transworld Foods, Inc. (In re Transworld Foods, Inc.), 41 B.R. 363, 364-65 (Bankr. M.D. Fla. 1984); M.C.G. v. Hillsborough Cnty. Sch. Bd., 927 So. 2d 224, 227 (Fla. Dist. Ct. App. 2006); Kuxhausen Constr.

18

Co. v. Ardaman & Assocs., Inc., No. 2011-CA-10401, 2012 WL 7017988, at *8 (Fla. Cir. Ct. Aug. 9, 2012).  Accordingly, the Florida Judgment is a final judgment for purposes of *res judicata* under Florida law.

57.     For *res judicata* to apply, there must be:  (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made.  Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co., 945 So. 2d 1216, 1235 (Fla. 2006).  The parties involved and the issues litigated, or those that should have been litigated, in the Consolidated State Action share the same identities as those parties and issues that are the subject of the Farrell Claims.  Therefore, because these elements are satisfied, the doctrine of *res judicata* should bar the Farrell Claims in these Chapter 11 Cases.

58.     Furthermore, "[u]nder Florida law, a judgment entered by a court of competent jurisdiction has preclusive effect notwithstanding a pending appeal."  CCB, LLC v. BankTrust, 552 Fed. App'x 963, 965 (11th Cir. 2014);[10] see also Bell v. Crosby, No. 06-cv-392, 2006 WL 3306878, at *1 (N.D. Fla. Nov. 9, 2006) (finding that the doctrine of res judicata applies to judgments made in a state court matter that currently on appeal); Reese v. Damato, 33 So. 462, 464 (1902) (holding that an appeal does not affect the preclusive effect of a prior judgment unless an appellate court "tries the case de novo.").  An appellate court's review of a judgment appealed from "does not have the effect of suspending or annulling the effect of the judgment from which it was taken so as to d[i]vest such judgment of its force as an estoppel."  Id.  Accordingly, although Mr. Farrell has two notices of appeal pending in connection with the Florida Judgment, the doctrine of *res judicata* applies to the Florida State Court's findings in

---

[10]    CBB is an unpublished decision.

ny-1142435

that judgment and has a preclusive effect to Mr. Farrell's attempt to re-litigate these issues through the Farrell Claims.

59.    *Identity of the Thing Sued for.*  There is "identity of the thing sued for" if both lawsuits seek the same kind of relief.  See Jenkins v. Lennar Corp., 972 So. 2d 1064, 1065 (Fla. Dist. Ct. App. 2008).  Here, in both the Consolidated State Action and the Farrell Claims, Mr. Farrell seeks money damages in connection with alleged mortgage loan fraud and related claims, thereby establishing this element.  See Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1509 (11th Cir. 1985) (applying Florida law and finding same thing sued for when both cases sought money damages, although in substantially differing amounts).  Indeed, Mr. Farrell is attempting to recover on the same claims he asserted in the Consolidated State Action through the filed Farrell Claims in the Chapter 11 Cases.  Here, Mr. Farrell seeks monetary damages and relief from the foreclosure proceeding, which are exactly what he sought in the Consolidated State Action.

60.    *Identity of the Causes of Action.*  "Identity of causes of action" requires "an identity of the facts essential to the maintenance of the action.'"  Larimore v. Fla., 76 So. 3d 1121, 1123 (Fla. Dist. Ct. App. 2012) (quoting M.C.G. v. Hillsborough Cnty. Sch. Bd., 927 So. 2d at 227.  Accordingly, it is not the theories or labels of the claims that count, but whether "a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."  Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (citation omitted).  The Consolidated State Action and the Farrell Claims plainly are based upon the "same nucleus of operative facts."  All of the claims grow out of the alleged wrongful foreclosure and its alleged monetary and personal impacts on Mr. Farrell.

20

61.    *Identity of the Parties to the Action.*  Identity of the parties exists when the same parties, or their privies, participated in prior litigation that resulted in a judgment by which they are mutually bound.  Massey v. David, 831 So. 2d 226, 232 (Fla. Dist. Ct. App. 2002).  "[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."  Aerojet-Gen. Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975) (applying Florida law).  GMACM, among others, and Mr. Farrell are both parties to the Consolidated State Action.  For purposes of *res judicata*, an identity of the parties exists in the Consolidated State Action and the Farrell Claims.  Massey, 831 S.2d at 233.

62.    *Identity of the Quality of the Persons for or Against Whom the Claim Is Made.*  There is identity of the quality of the parties for or against whom the claims are made when "the [parties to the first action] had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the [second] action."  Radle v. Allstate Ins. Co., 758 F. Supp. 1464, 1468 (M.D. Fla. 1991) (citation omitted).  Clearly, GMACM was acting in its capacity of servicer of the Loan in the Consolidated State Action, and the Farrell Claims were asserted against GMACM in GMACM's capacity of servicer.  Mr. Farrell is litigating in both instances in his capacity as a Borrower.  Both GMACM and Mr. Farrell had the incentive to litigate the claims raised in the Consolidated State Action in the same "character or capacity" as they would in litigating the Farrell Claims.  This is also due to the fact that the subject matter of both the Consolidated State Action and the Farrell Claims is identical, as demonstrated herein.  There is no doubt that Mr. Farrell was knowledgeable about, and therefore had every incentive to litigate, any claims relating to the "wrongful foreclosure."  Accordingly, this test is also met.  See id.

63. For these reasons, the Farrell Claims are barred altogether by Florida's doctrine of *res judicata*. See Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co., supra. This means that Mr. Farrell not only cannot assert the causes of action he alleges in the Farrell Claims, but he cannot seek damages or any other form of relief, including punitive damages, that he sought – or could have sought – in the Florida lawsuits.  To put it differently, the Consolidated State Action was and is his only day in court arising out of the foreclosure.  Thus, the Farrell Claims should be disallowed and expunged in their entirety.

64. The Objection will address each Farrell Claim in turn, and will further demonstrate how each claim lacks sufficient merit to meet a Rule 12(b)(6) challenge and/or is precluded from being asserted against GMACM or any of the Debtors by application of the doctrine of *res judicata* and/or claim preclusion.

### C. The Farrell Claims Fail to State a Basis for Liability Against the Debtors

65. Over the course of the Chapter 11 Cases, Mr. Farrell has filed five proofs of claim against GMACM and/or the Debtors. For the reasons set forth below, each of these claims fails as a matter of law to state a cognizable claim for relief against GMACM or any of the Debtors and should therefore be disallowed an expunged.

### 1. Claim No. 283

66. Mr. Farrell's Claim No. 283 contains two (2) filings from the Consolidated State Action.  See Exhibit 1-A.  The first, entitled "Plaintiff's Notice of Fraud, Copyright Infringement for $500,000," alleges that Mr. Farrell has copyrighted his name and the parties' use of his name in the Consolidated State Action constitutes copyright infringement entitling Mr. Farrell to $500,000.  See id.  This document fails to state any cognizable cause of action under Florida law.  Additionally, when the Florida State Court granted final summary

judgment of foreclosure on April 30, 2014, it denied Mr. Farrell any relief under this alleged "copyright" claim as well as all other claims brought by Mr. Farrell in the Consolidated State Action.

67.    The second filing, entitled "Patrick Farrell's Answer to Mortgage Foreclosure Complaint, Affirmative Defenses; Counter-Claims; Res Judicata; Request for Judicial Notice of IMPAC Letters," is Mr. Farrell's responsive pleading to the Florida Foreclosure Action, filed on March 30, 2012 pursuant to the Florida State Court's order that Mr. Farrell file a responsive pleading to the foreclosure complaint.  See Exhibit 1-A.  In this filing, Farrell alleges causes of actions and/or affirmative defenses relating to origination fraud, including:

- his "$18,000 was stolen at closing";

- there was a "Fraudulent Appraisal for the property";

- the Note and Mortgage are void due to "non-disclosure" of the "real lender";

- the securitization of the Note into a trust constituted fraud; that monthly payments were inflated based upon force-placed insurance premiums;

- that GMACM, among other defendants, committed "mortgage fraud"; and

- Farrell is a "qui tam relator-whistleblower" who "exposed the Mortgage industry as a colossal Fraud."[11]  (Answer, Affirmative Defenses, and Countercl. ¶¶ 11-126).

---

[11]    Mr. Farrell's allegations of fraud also contain stand-alone references to state and federal statutes without any specific allegations or facts as to how each statute was allegedly violated or how each relates to any of Mr. Farrell's claims.  See, e.g., Answer, Affirmative Defenses, and Countercl. ¶¶ 21 ("U.C.C. Article 3"), 33 ("FS 817.545 – Mortgage Fraud; RESPA, Reg Z; TILA"), 36 ("HOEPA"), 38 ("GAAP; FAS 140; HJR-192, U.C.C."), 74 ("UCC; HJR-192; FAS 140-Private Trust"), 87 ("Uniform Commercial Code, section 3-302"), and 104 ("R.I.C.O").  Because these references to various statutes do not contain factual allegations sufficient to place GMACM on notice of the allegations against GMACM, they fail as a matter of law.  See Trevisani v. Dep't of Health, 908 So. 2d 1108, 1109 (Fla. Dist. Ct. App. 2005); see also Brandon v. Cnty. of Pinellas, 141 So. 2d 278, 279 (Fla. Dist. Ct. App. 1962) ("Mere statements of opinions or conclusions unsupported by specific facts will not suffice.").

See id.  GMACM notes that Mr. Farrell has failed to produce any documents substantiating these assertions, and therefore these assertions are insufficient to withstand entry of summary judgment.  Nonetheless, GMACM addresses each allegation herein:

68.    Mr. Farrell's allegations relating to the origination of the Loan, in addition to being unsubstantiated, cannot properly be asserted against GMACM.  Whether these claims are characterized as claims of fraudulent inducement or fraudulent misrepresentation, they fail as a matter of law.  To state a cause of action for fraudulent inducement, Mr. Farrell must allege sufficient facts showing that: (1) GMACM made a false statement concerning a material fact; (2) GMACM knew or should have known of the statement's falsity; (3) GMACM intended that the false statement would induce Mr. Farrell's reliance; and (4) Mr. Farrell was injured by his justifiable reliance on the false statement.  See Rose v. ADT Sec. Servs., Inc., 989 So. 2d 1244, 1247 (Fla. Dist. Ct. App. 2008) (internal citation omitted).  Similarly, to state a claim for fraudulent misrepresentation, Mr. Farrell must allege: (1) a false statement concerning a material fact was made by GMACM; (2) GMACM knew that the representation was false; (3) GMACM intended the representation would induce another to act on it; and (4) Mr. Farrell was injured by relying on the representation.  See, e.g., Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) (internal citation omitted).  In this case, even assuming Mr. Farrell's allegations are true, Mr. Farrell's fraud claims fail as a matter of law because they are premised entirely on the alleged misrepresentations made by the original Loan lender, which undisputedly was not GMACM.[12]

69.    Mr. Farrell alleges that he "was not given notice at closing as to who the real 'lender' was and was therefore deprived of his right to rescission because the defendant was

---

[12]    Indeed, Mr. Farrell has proceeded separately against the original lender.  See Answer, Affirmative Defenses, and Countercl. ¶ 28 ("Farrell's 'agreement' is with PINNACLE FINANCIAL, who never responded to this lawsuit. Farrell got a Default Judgment in July 2008 against PINNACLE FINANCIAL.").

merely a conduit and protective layer of the real 'lender' who was not registered or chartered to do business in the State of Florida as lender." See Exhibit 1-A, Answer, Affirmative Defenses, and Countercl. ¶ 31. Although not clear from Mr. Farrell's pleadings, this defense to foreclosure proceedings may be based on Florida Statute § 607.1501, which states a foreign corporation may not transact business in Florida until it obtains a certificate of authority. GMACM and the foreclosing plaintiff, Wells Fargo as Trustee, are specifically exempted from this requirement because, as foreign corporations, they may sue on notes executed and delivered in Florida without qualifying to do business in Florida. See FLA. STAT. § 607.1501(2)(h). Section 607.1501 goes on to state that "securing or collecting debts or enforcing mortgages and security interests in property securing the debts" does not constitute transacting business. See id. Accordingly, these allegations are without merit.

70.    Similarly, allegations seeking to avoid foreclosure based on the securitization of the Note, such as Mr. Farrell's allegations in paragraphs 46-58 of the Answer, Affirmative Defenses and Counterclaims, have been repeatedly dismissed by Florida courts. Because Mr. Farrell is not a party to the trust nor is he a third-party beneficiary of the trust, Mr. Farrell lacks standing to raise issues relating to the trust. See Castillo v. Deutsche Bank Nat'l Trust Co., No. 3D11-2132, 2012 WL 2009701 (Fla. Dist. Ct. App. 2012); see also McMullin v. Beaver, 905 So. 2d 928 (Fla. Dist. Ct. App. 2005); Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. Dist. Ct. App. 2010).

71.    Mr. Farrell also raises allegations regarding the placement of force-placed, or lender-placed, insurance on the Property. The Mortgage requires Mr. Farrell to keep insurance on the Property, providing that if he "fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense." See

Mortgage at 5, <u>Exhibit R</u> annexed to the Delehey Declaration.  The costs of lender-placed insurance are added to the amounts owed by Mr. Farrell pursuant to the terms of the Mortgage.

72.    Mr. Farrell's allegations regarding lender-placed insurance on the Property relate to two specific periods of time.  First, Mr. Farrell alleges that his monthly payments from October 2005 to December 2006 were "falsely" inflated due to fraud, including alleged lender-placed insurance premiums.  <u>See</u> <u>Exhibit 1-A</u>, Answer, Affirmative Defenses, and Countercl. ¶ 70.  This allegation fails because there was no lender-placed insurance coverage on the Property from October 2005 to December 2006. <u>See</u> Delehey Declaration ¶ 10. Therefore, Mr. Farrell's payments during this period were not inflated due to lender-placed insurance.

73.    Second, Mr. Farrell alleges that in "Jan. 2007, GMAC[M] falsely inflated Farrell's payments by $700 due to forced place insurance."  <u>See</u> <u>Exhibit 1-A</u>, Answer, Affirmative Defenses, and Countercl. ¶ 71.  This allegation similarly fails because there was no lender-placed insurance coverage on the Property in 2007.  For this reason, Mr. Farrell's payments were not inflated due to lender-placed insurance during this period.  In fact, there was no lender-placed insurance coverage on the Property until 2010. <u>See</u> Delehey Declaration ¶ 10.

74.    Finally, Mr. Farrell's assertions relating to the "entire Mortgage industry" and his status as a "qui tam relator-whistleblower" fail as mere conclusory and unsupported assertions.  Mr. Farrell has not identified any recognizable cause of action or any issue of fact related to these claims, and they cannot prevent judgment as a matter of law in favor of the Borrower Trust.

**2.    Claim No. 1353**

75.    Mr. Farrell's Claim No. 1353, filed on October 19, 2012, includes eleven (11) miscellaneous documents: (1) a UCC Financing Statement Amendment purportedly filed by

Mr. Farrell at "Washington State – DOL" on January 21, 2008 with filing number 2008-021-9830-5; (2) a UCC Financing Statement Amendment purportedly filed by Mr. Farrell at "Washington State – DOL" on January 23, 2008 with filing number 2008-023-0155-2 (together, the "UCC Filing Statement Amendments"); (3) a State of Florida Uniform Commercial Code Financing Statement Form – Addendum, recorded with the Lee County Clerk of Court on September 3, 2010 by Mr. Farrell purportedly acting as "trustee acting with respect to property held in trust" (the "Florida UCC Statement Form"); (4) a copy of the default judgment entered against the originating lender Pinnacle Financial Corporation in the Florida State Action on July 15, 2008; (5) a copy of the Note; (6) the Federal Truth-in-Lending Disclosure Statement from the Loan; (7) a document entitled "Earnest Money" dated June 14, 2004 from United Home Builders, Inc., including copies of two cashiers' checks from Mr. Farrell to First American Title Insurance Company; (8) a copy of a warranty deed recorded with the Lee County Clerk of Court on August 11, 2004 granting the Property to Mr. Farrell; (9) a copy of a mortgage to which Mr. Farrell was borrower, dated July 30, 2004, as well as its related satisfaction, recorded July 20, 2006 (both pre-dating the Loan); (10) a June 12, 2008 filing from the Florida State Action entitled "Plaintiff's Request for Judicial Notice of Plaintiff's Sovereign Immunity and Supporting Documentation," with various documents attached purporting to establish Mr. Farrell's "sovereignty" and revoking his signature on all "contracts, agreements, forms or any instrument which may be construed in any way to give any agency or department of any federal or state government authority, venue, or jurisdiction over" Mr. Farrell; and (11) a June 18, 2012 filing from the Florida State Action entitled "Plaintiff's Motion for Summary Judgment and Quiet Title." See Exhibit 1-B.

27

76.     All of these documents are wholly ineffective to articulate or prove any allegation against GMACM or the Debtors that would entitle Mr. Farrell to any recovery on account thereof.  The first three documents appear to be an attempt by Mr. Farrell to unilaterally modify the terms of the Loan, an attempt which is largely unintelligible, and even if it were, violates the terms of the Loan.  The fourth document does not articulate any claim against GMACM or the Debtors, but instead is the default judgment entered against the originating lender. The fifth document is the Note. The sixth and seventh documents are documents from the origination of the Loan; they do not articulate a claim against GMACM or the Debtors.  The eighth and ninth documents are mortgage documents related to the Property, which were satisfied before the Loan, and are therefore irrelevant to the Loan.  They also fail to state any claim against GMACM or the Debtors.  The tenth document purports to unilaterally revoke Mr. Farrell's execution of legal documents, such as the Loan, but it neither alleges any recognized legal basis for doing so nor does it allege a cause of action recognized by Florida law.

77.     The eleventh document asserts that Wells Fargo as Trustee (the foreclosing plaintiff in the Florida State Foreclosure Action) has "[a]t no time since NOV 2007, when this case was filed . . . presented any evidence otherwise to rebut any averment . . . ." and seeks an order declaring judgment in favor of Mr. Farrell in the Florida State Foreclosure Action and awarding Mr. Farrell a certificate of title in the Property "free and clear of any and all liens and encumbrances." See Exhibit 1-B.  All allegations in this document were found to be without merit by the Florida State Court, and a final judgment of foreclosure was entered in favor of Wells Fargo as Trustee on April 30, 2014. See Delehey Declaration ¶ 21; see also Exhibit H annexed to the Delehey Declaration.

ny-1142435

### 3.   Claim No. 1696

78.    Mr. Farrell's Claim No. 1696 contains two (2) filings from the Consolidated State Action.  See Exhibit 1-C.  The first document, filed on October 23, 2012 in the Florida State Action, is entitled "Notice to Principal is Notice to Agent Notice to Agent is Notice to Principal."   It purports that the Loan was discharged via federal regulations— specifically, the Emergency Economic Stabilization Act on October 11, 2008—and asserts demands to avoid foreclosure of the Property, with specific references to GMACM's bankruptcy filing among other, largely unintelligible claims.  It also fails to specify any facts specific to the Loan that would entitle Mr. Farrell to any relief in connection with any valid claim against GMACM.

79.    The second document, also filed on October 23, 2012 in the Consolidated State Action, is entitled "Appellant's Motion for Dismissal for Fraud."   See Exhibit 1-C.   It moves for dismissal of the Florida State Foreclosure Action on the basis that Mr. Farrell allegedly discharged the Loan debt by "redeeming" his birth certificate.  Again, Mr. Farrell cites no legal basis for this assertion, which was overruled by the Florida State Court in the Consolidated State Action.  See Exhibit H annexed to the Delehey Declaration.

### 4.   Claim No. 4692

80.    Appended to Mr. Farrell's Claim No. 4692 is a document entitled "Plaintiff Patrick Farrell Demand for  Judicial Notice" that requests the Court take judicial notice of his litigation against GMACM in the Consolidated State Action, and also alleges that GMACM "is NOT a debtor in possession of anything that belongs to Plaintiff," especially the Property, that GMACM "is NOT a servicer" of the Mortgage, and that a mortgage-backed security was discharged in a separate bankruptcy action involving American Home Mortgage.

ny-1142435

See Exhibit 1-D.  It also allegedly incorporates Mr. Farrell's answer to the Florida State

Foreclosure Action (which is not attached but was included in Claim No. 283, addressed above).

See id.  Also included are two pages from an apparently unrelated federal court action involving

Bank of America Alternative Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series

2003-2.  See id.  As addressed in GMACM's responses to Claim No. 283, Mr. Farrell has not set

forth any cause of action or any facts supporting his assertions.  Mr. Farrell's subjective beliefs

and personal opinions cannot be the basis to deny judgment as a matter of law.  See Morgan v.

Cont'l Cas. Co., 382 So. 2d 351, 353 (Fla. Dist. Ct. App. 1980) (holding that averments based

upon speculation, surmise and conjecture without evidence are insufficient to create a disputed

issue of fact in opposition to a motion for summary judgment).

### 5.   Claim No. 6281

81.     Mr. Farrell's Claim No. 6281 is a copy of the fifth amended complaint

filed in the Consolidated State Action on November 28, 2012, entitled "5th Amended Complaint

for Mortgage Fraud, Qui Tam, Quiet Title, Damages, and Other Statutory Relief."  See Exhibit

1-E.  This complaint was never an active pleading in the Consolidated State Action, as the

Florida State Court ordered it stricken on May 23, 2013.  See Order dated May 23, 2013 Striking

Mr. Farrell's 5th Amended Complaint, Exhibit S annexed to the Delehey Declaration; see also

Delehey Declaration ¶ 13 n.4.

82.     In viewing this claim as generously as possible in light of Mr. Farrell's

status as a *pro se* litigant, Claim No. 6281 suffers from several defects.  First, it is simply a draft

complaint and not a proof of claim and fails to comply with the express provisions of the Bar

Date Order as to the form and content for proofs of claim.  Second, it does not purport to amend

any of Mr. Farrell's other proofs of claim.  Third, Mr. Farrell has not requested relief to file an untimely proof of claim or an untimely amendment.

83.    Assuming *arguendo* that Claim No. 6281 was intended to be a post-General Bar Date amendment to one or more of the other Farrell Claims, it fails the standards that courts in this district apply when determining whether to allow post-bar date amendments to proofs of claim.  See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d, 115, 133 (2d Cir. 2005) (describing a two-step inquiry to consider allowing a post-bar date amendment: (i) whether the amendment "relates back" to a timely filed claim; and (ii) whether allowing the amendment would, among other things, unduly prejudice the opposing party).  The "relation back" inquiry considers whether the purported amendment to a proof of claim "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim."  Id. (quoting In re McLean Indus., Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).  Here, there is no evidence that Claim No. 6281 corrects a defect of form in any of Mr. Farrell's other proofs of claim.  Indeed, the form of Claim No. 6281 is deficient to say the least, as it fails to include a proof of claim form and is only comprised of a pleading.  Further, the content of Claim No. 6281 is a pleading that was stricken by order of the Florida State Court on May 23, 2013.  See Exhibit S annexed to the Delehey Declaration; see also Delehey Declaration ¶ 13 n.4.[13]  Further, the number of allegations included in Claim No. 6281 does not describe any of

---

[13]    It is possible in light of the four other proofs of claim or purported proofs of claim filed by Mr. Farrell that there may be overlap between the prior claims and Claim No. 6281.  This in and of itself should not be the basis to allow late claims or amendments.  In addition, given Mr. Farrell's propensity to ignore the clear dictates of the Bar Date Order, it should not be the Borrower Trust's burden to scour his hodgepodge of prior pleadings and claims given the circumstances here.

the other Farrell Claims with greater particularity, nor do they plead any viable new theory of recovery on the facts.

84.     Thus, to the extent Claim No. 6281 does not amend and supersede one or more of Mr. Farrell's timely filed proofs of claim, this claim is late filed.  Given Mr. Farrell's numerous claim filings in the Chapter 11 Cases, there is no doubt that he was well aware of the General Bar Date.  Therefore, unless Mr. Farrell clarifies this issue, Claim No. 6281 should be disallowed and expunged because it is untimely.

85.     Notwithstanding the claim is untimely and subject to expungement on that basis alone, it fails to establish any basis for liability against the Debtors.  Mr. Farrell raises various tangential issues in Claim No. 6281, which include, among others, that (i) the originating lender should not have approved his loan based on his income, (ii) the appraisal of the Property and related HUD-1 financial statement was wrongfully inflated, (iii) the value and projected value of the Property were misrepresented, (iv) GMACM or Wells Fargo as Trustee improperly force-placed insurance on the Property, (v) the mortgage securitization process extinguished his obligations under the Note and Mortgage, and includes various allegations relating to the trust in which the Loan was held and its related pooling and servicing agreement, and (vi) various government officials and banks are united in a conspiracy to defraud consumers.

86.     Claim No. 6821 lists 12 counts in 358 paragraphs: (1) Home Ownership Equity Protection Act ("HOEPA"), (2) Real Estate Settlement Procedures Act ("RESPA"),  (3) Violations of Federal Truth-in-Lending Act ("TILA"), (4) Violation of Fair Credit Reporting Act ("FCRA"), (5) FL. Deceptive and Unfair [sic] Trade Practices Act ("FDUTPA"), (6) Mortgage Fraud – F.S. § 817.545 (7) Fraudulent Misrepresentation, (8) Breach of Fiduciary Duty, (9)

Unjust Enrichment, (10) Civil RICO, (11) Fraud, and (12) Violations of TILA-RESPA.  See Exhibit 1-E.

87.    Mr. Farrell's first allegation concerning HOEPA fails because it is time-barred: any action brought pursuant to HOEPA must be brought within one (1) year "from the date of the occurrence of the violation."  See 15 U.S.C. § 1640(e); see also In re Cmty. Bank of N. Va., 418 F.3d 277, 304-05 (3rd Cir. 2005) (noting that the limitations period set forth in § 1640(e) applies to an affirmative action under HOEPA).

88.    Mr. Farrell's second count alleges a violation of RESPA for allegedly overcharged amounts "for the rendering of real estate services."  One of the amounts, for $18,000, allegedly arose from the closing of the Loan in October 2005.  This is clearly barred by the one (1) and/or three (3) year statute of limitations.  See 12 U.S.C. § 2614.  RESPA claims must be raised within either one (1) or three (3) years of the date a violation occurred, depending on the provision alleged to have been violated.  See id.  It is unclear where (or how) the second amount ($7,128) originated.  This second count fails to articulate any recoverable claim pursuant to RESPA, and also fails to allege that any purported actual damages were proximately caused by the alleged violation.  See McLean v. GMAC Mortg. Corp., 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (granting summary judgment to a mortgagee due to plaintiff's failure to submit competent evidence of actual damages and causation).  This claim, too, fails as a matter of law.

89.    Mr. Farrell's third count seeks rescission of the Loan based on violations of TILA arising out of alleged failures to include and disclose charges on the Loan's TILA statement.  This count also fails on account of being brought after the one (1) year statute of limitations expired, as provided in 15 U.S.C. § 1640(e).  See In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984) (TILA claims begin to run "when the [loan] transaction is consummated.").

90.     The fourth count alleges a violation of the FCRA for "wrongfully and illegally" reporting information to credit agencies.  Mr. Farrell's allegations, however, are insufficient to state a valid FCRA claim.  The requirements of the FCRA are twofold:  <u>first</u>, furnishers of credit information are required to submit accurate information to credit reporting agencies and correct any known inaccurate information that has been furnished.  <u>See</u> 15 U.S.C. § 1681s-2(a).  <u>Second</u>, furnishers of credit information must investigate and promptly respond to notice of consumer disputes.  <u>See id.</u> § 1681s-2(b); <u>see also</u> <u>Green v. RBS Nat'l Bank</u>, 288 F. App'x 641, 642 (11th Cir. 2008).  The FCRA, however, only provides for a limited private right of action to enforce violations of the FCRA.

91.     As for the first requirement, the Eleventh Circuit has affirmed that FCRA "does not provide a private right of action to redress… a violation" of section 1681s-2(a).  <u>See</u> 15 U.S.C. § 1681s-2(a).  FCRA leaves enforcement of this subsection to government agencies and officials.  <u>See id.</u> § 1681s-2(c)(1), (d).  FCRA does provide a private right of action for a violation of the second requirement (section 1681s-2(b)), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.  <u>See id.</u> 1681s-2(b)(1); <u>see also</u> <u>RBS Nat'l Bank</u>, 288 F. App'x at 642; <u>Osborne v. Vericrest Fin., Inc.</u>, No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2 (M.D. Fla. May 17, 2011) ("Federal law is clear that in order to allege a claim under section 1681s-2(b), a plaintiff must allege that the defendant received notice of the dispute from a consumer reporting agency.").  Because Mr. Farrell has no grounds to assert this claim, as no private right of action exists under law, this component of his claim fails.

92.     Mr. Farrell's fourth count is deficient because he fails to allege that he notified a consumer reporting agency of his FCRA dispute or that GMACM ever received the

statutorily required notice. This detail is fatal to his claim. See Wallace v. Mortg. Elec. Registration Sys., Inc., No. 8:10-cv-2509-T-23AEP, 2011 WL 1298195, at * 4 (M.D. Fla. Apr. 1, 2011) (granting motion to dismiss because "plaintiff fail[ed] to allege notice of a dispute to either a credit reporting agency or to the defendants (by a credit reporting agency) as required by the FCRA"). Accordingly, the fourth count fails as a matter of law.

93.     The fifth count alleges a violation of the FDUTPA. Mr. Farrell alleges that GMACM should be assessed treble damages due to its taking advantage of Mr. Farrell's "inability to protect his interests because of the inability to fully understand the terms of the transactions due to the numerous failure of the Defendants to disclose materials information; altering of material terms; and misrepresentation of the terms of the transaction" as well as "injunctive relief barring any further violations." This, too, fails because all damages alleged by Mr. Farrell are distinctly consequential and special damages, and the FDUTPA only provides for recovery of "actual damages" incurred "as a consequence of a violation of the statute." These damages cannot be consequential or special damages. See Smith v. 2001 S. Dixie Highway, Inc., 872 So. 2d 992, 994 (Fla. Dist. Ct. App. 2004); see also FLA. STAT. § 501.211(1); Orkin Exterminating Co. v. Petsch, 872 So. 2d 259, 263 (Fla. Dist. Ct. App. 2004). In addition, the fifth count fails as a matter of law because it is premised entirely on the alleged misrepresentations made by the original lender, which undisputedly was not GMACM or the Debtors.

94.     The sixth count alleges mortgage fraud for alleged misrepresentations, citing Florida Statute 817.545. Florida Statute 817.545 is a criminal statute and does not provide a basis for a civil complaint, as well as again bringing allegations against the original lender (not GMACM or the Debtors). Therefore, this count also fails as a matter of law.

ny-1142435

95.     Mr. Farrell's seventh count alleges fraudulent misrepresentation, demanding damages in excess of $100,000. It appears Mr. Farrell is alleging a claim of fraud in the inducement, which must include four elements: (1) a misrepresentation of material fact; (2) knowledge by the person making the statement that the representation was false; (3) intent by the person making the statement that the representation induced another to act on it; and (4) justifiable reliance on the representation to the Plaintiffs' detriment.  See e.g., Mettler, Inc. v. Ellen Tracy, Inc., 648 So. 2d. 253 (Fla. Dist. Ct. App. 1994).  Mr. Farrell has failed to allege specific facts that, if proven, would satisfy these elements and entitle him to recovery.  In addition, Mr. Farrell's seventh count must fail because all allegations are based on alleged oral representations at or after closing, and those oral representations are inadmissible to contradict the written terms of the Loan.  See E.J. Sparks Enters. v. Christman, 117 So. 388 (1928) (holding that an oral representation of a mortgage lender to the borrower is inadmissible as parol evidence because it contradicted the terms of the unambiguous written contract).  Most importantly, GMACM did not induce Mr. Farrell to enter into the Loan, because GMACM was not the original lender.

96.     Farrell's eighth claim alleges breach of fiduciary duty based on fraudulent inducement to enter into a mortgage transaction. This too must fail, as any alleged inducement would be a claim against the original lender, not GMACM, and because Florida law does not recognize a fiduciary duty between borrowers and lenders (absent special circumstances not present here).  See Watkins v. NCNB Nat'l Bank of Fla., Inc., 622 So. 2d 1063, 1065 (Fla. Dist. Ct. App. 1993).

97.     Mr. Farrell's ninth claim alleges unjust enrichment on the basis of mortgage securitization and Federal Reserve "scams."  Ultimately, these allegations do not

constitute any cognizable action under law, and are unsupported by any facts or documents other than those authored by Mr. Farrell himself. Mr. Farrell's subjective beliefs and personal opinions are not, and cannot be, the basis to deny judgment as a matter of law. See Morgan v. Cont'l Cas. Co., 382 So. 2d at 353. In addition, claims seeking to challenge foreclosure of a mortgage on the basis of the securitization process have been repeatedly denied by Florida courts and many others. See, e.g., Castillo v. Deutsche Bank Nat'l Trust Co., 2012 WL 2009701; McMullin v. Beaver, 905 So. 2d 928; Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933.

98.    Mr. Farrell's tenth count alleges civil RICO on the basis of "enterprise fraud." To establish a claim under RICO, a plaintiff must allege (i) a person who engages in (ii) a pattern of racketeering activity (iii) connected to the acquisition, establishment, conduct, or control of an enterprise. See 18 U.S.C. § 1962; see also Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (explaining the burdens a plaintiff must meet to state a claim for damages under RICO). Mr. Farrell's RICO claim is deficiently pled. Similar to the ninth count, Mr. Farrell fails to allege any facts or submit any documents in support of his allegations of a government conspiracy, and this claim fails as a matter of law. This Court has denied a Borrower's civil RICO claims where the Borrower similarly failed to sufficiently plead such claims. See, e.g., Memorandum Opinion and Order Sustaining Borrower Claims Trust's Objection to Claim Nos. 4754 and 7181, In re Residential Capital, LLC, et al., No. 12-12020 (MG) [Docket No. 6739] (Bankr. S.D.N.Y. Apr. 2, 2014) (finding the claim at issue failed to support a RICO claim because it failed to provide "allegations necessary to support a civil RICO claim" and "any evidence of a pattern of racketeering activity, definition of any enterprise, or a RICO case statement").

99.    Even if a plaintiff can demonstrate a substantive RICO violation, the plaintiff must also show "injury to the plaintiff's business or property" and "that such injury was by reason of the substantive RICO violation." Catholic Health Care W. v. US Foodservice (In re US FoodService Pricing Litig.), 729 F.3d 108, 117 (2d Cir. 2013). The "enterprise" noted in the civil RICO claim must be "distinct from those persons or entities who stand accused of conducting that racketeering activity." Allstate Ins. Co. v. Rozenberg, 590 F. Supp. 2d 384, 390 (E.D.N.Y. 2008). Claim No. 6821 provides no allegations necessary to support a civil RICO claim, and fails to present any evidence that demonstrates a pattern of "racketeering" activity, define any enterprise, or present a RICO case statement. For these reasons, Mr. Farrell's civil RICO claim has no merit.

100.    The eleventh count again alleges fraud on the basis of forced-placed insurance on the Property. These allegations fail because forced-place insurance did not lead to Mr. Farrell's default under the terms of the Loan and the Mortgage. Mr. Farrell alleges he was owed a refund of $7,128 in June 2009 – after he defaulted on the Loan and foreclosure proceedings were ongoing for nearly two (2) years. The terms of the Mortgage clearly state that any refund is subject to the Loan being current. Therefore, Mr. Farrell's eleventh count has no merit.

101.    Finally, Mr. Farrell's twelfth count alleges violations of RESPA and TILA. These allegations also fail for the same reasons as Mr. Farrell's second (RESPA) and third (TILA) counts, as detailed above. See supra, ¶¶ 85, 86.

102.    In addition to the specific counts addressed herein, it should be noted that the aforementioned facts and allegations have been fully litigated between Mr. Farrell and all parties to the Consolidated State Action. All elements for the application of *res judicata* apply

ny-1142435

here because there exists between the Consolidated State Action and the Farrell Claims: (1)

identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and

parties to the action; and (4) identity of the quality of the persons for or against whom the claim

is made.  The fact that these Florida lawsuit filings comprise the Farrell Claims points to this

conclusion as well.  The Florida State Court found Mr. Farrell's claims to be without merit and

in April 2014 entered final judgment in favor of foreclosing plaintiff Wells Fargo as Trustee.

This final judgment awarded no damages to Mr. Farrell.  As noted above, these circumstances

warrant the application of the doctrine of *res judicata* and should bar the Farrell Claims from

being asserted in the Chapter 11 Cases.

103.    For the reasons set forth above, the Farrell Claims are barred under the

doctrine of res judicata and otherwise fails to state a basis for liability against the Debtors.

Unless the Farrell Claim is disallowed and expunged in its entirety, Mr. Farrell—who does not

hold a valid claim against the Debtors—would be entitled to recover from the Borrower Trust

unjustifiably to the detriment of the Borrower Trust and its constituents.

## NOTICE

104.    The Borrower Trust has provided notice of this Objection in accordance

with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket

No. 141], and the Procedures Order.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of an order, substantially

in the form of Exhibit 2 attached hereto, (i) disallowing and expunging the Farrell Claims and (ii)

granting such other and further relief as is just and proper.

ny-1142435

Dated:  June 30, 2014
      New York, New York

/s/  Norman S. Rosenbaum

Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

BRADLEY ARANT BOULT CUMMINGS, LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: (202) 393-7150
Facsimile: (202) 719-8349
Christian Hancock
Monica Wilson

*Counsel for The ResCap Borrower Claims Trust*

40