**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

### ORDER DENYING KAREN MICHELE ROZIER'S MOTION FOR RECONSIDERATION

On December 23, 2013, Karen Michele Rozier filed two motions requesting immediate payment of her claims in these bankruptcy proceedings ("Motions for Payment," ECF Doc. ## 6173, 6173-1). The ResCap Borrower Claims Trust (the "Trust") filed an objection (ECF Doc. # 6461). On February 26, 2014, the Court entered an *Order Sustaining Objection to Motions of Karen Michele Rozier for Payment on Claims* (ECF Doc. # 6519). On April 30, 2014, Karen Michele Rozier filed a *Motion for Reconsideration of Order Dated 2/26/14 Pursuant to Rules 9023 and 9024* (ECF Doc. # 6861). The Trust filed an objection to that motion on May 23, 2014 (ECF Doc. # 7004). On June 2, 2014, the Court entered an order denying Rozier's motion for reconsideration (ECF Doc. # 7028). That same day, the Clerk of the Court entered on ECF Rozier's motion to strike the Trust's objection to her reconsideration motion (ECF Doc. # 7047). On June 5, 2014, the Court entered an order denying Rozier's motion to strike (ECF Doc. # 7055). On June 9, 2014, a certificate of no objection prepared by Rozier regarding her reconsideration motion was filed on the docket, even though it was stamped as received at the courthouse on May 27, 2014 (ECF Doc. # 7080). On June 16, 2014, Rozier filed a *Motion for Reconsideration of Order Dated 02/26/14 Pursuant to Rules 9023 and 9024; Request to Nunc Pro Tunc Order* (ECF Doc. # 7121), accusing the Clerk of the Court of colluding with the Debtors and selectively choosing when to file documents on the docket.

Rozier seeks reconsideration of the Court's earlier orders, including the order denying her motion to strike.  The Motion is **DENIED**.  Filing a certificate of no objection does not automatically entitle a party to the relief sought in the underlying motion.  Further, there is simply no basis in law for granting Rozier the relief she originally requested—*i.e.*, the immediate payment of her claims in full.  As this Court has previously explained, Rozier's claims have not yet been allowed, so she is not entitled to payment at this time.  **The Clerk of the Court is directed not to accept any further pleadings by Rozier in connection with her Motions for Payment.**  This Order, however, does not preclude Rozier from filing a response to any objection to her claims, or from objecting to any other pleadings as to which she is a party in interest.

**SO ORDERED.**

Dated:  July 1, 2014
         New York, New York

                                              **_/s/Martin Glenn_**
                                              MARTIN GLENN
                                       United States Bankruptcy Judge