UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER DENYING LAHRMAN MOTION TO CORRECT ERRORS

Pending before the Court is the *Motion to Correct Errors*, filed by Timothy J. Lahrman (the "Motion," ECF Doc. # 7150). Attached to the Motion is the Declaration of Timothy J. Lahrman (the "Lahrman Decl."). Lahrman filed the Motion in response to this Court's June 5, 2014, *Order Granting Timothy J. Lahrman's Verified Motion for Reasonable Accommodations (Extending Lahrman's Time to Appeal Order Denying Reconsideration Until June 19, 2014)* (the "Extension Order," ECF Doc. # 7053). In the Motion, Lahrman asserts that the Court made a number of errors in its Extension Order that he wants corrected. Primarily, Lahrman seeks appointment of a guardian *ad litem*. But Lahrman is not a creditor in these chapter 11 cases; he has not filed a proof of claim and has no claims pending before this Court. His only involvement in these chapter 11 cases is in connection with a motion filed by the Debtors' parent company, Ally Financial Inc. ("AFI"), to enforce the third party release and injunction provisions of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 6065-1) as to claims Lahrman asserted in an Indiana state court proceeding (the "State Court") (the "AFI Motion," ECF Doc. # 6527). Lahrman filed a *Special Appearance for the Limited Purposes of Presenting Objections and Raising Jurisdictional Issues Warranting Dismissal with Prejudice of the Ally Motion* (the "Response," ECF Doc. # 6635) in response to the AFI Motion. In the Response,

Lahrman asserted that the Court lacked subject matter jurisdiction to consider the AFI Motion; he did not request a guardian *ad litem*. At a hearing on the AFI Motion—which Lahrman did not attend either in person or telephonically—the Court ruled from the bench and thereafter entered an order enforcing the Plan. (*See* ECF Doc. # 6702.) That order required Lahrman to dismiss his action in State Court with prejudice within fourteen days. Lahrman filed a motion for reconsideration and again did not request appointment of a guardian *ad litem*. (ECF Doc. # 6672.) The reconsideration motion was denied. (ECF Doc. # 6816.) It was not until Lahrman filed his *second* motion for an extension of time to file his notice of appeal[1] that Lahrman requested the appointment of a guardian *ad litem*.

The State Court subsequently dismissed the action without prejudice *sua sponte*, concluding that Lahrman lacked capacity to appear in the State Court without a representative. (Lahrman Decl. ¶ 7.) As the State Court action has been dismissed and the orders granting the AFI Motion and the denying reconsideration are now final, Lahrman has no business before this Court, so the Court declines to appoint a guardian *ad litem*. The Motion is **DENIED**.

   **IT IS SO ORDERED.**

Dated: July 1, 2014
         New York, New York

                                                     /s/Martin Glenn
                                                  MARTIN GLENN
                                           United States Bankruptcy Judge

---

[1] Lahrman filed his first motion to extend time file his notice of appeal on May 9, 2014 (ECF Doc. # 6879), which the Court granted on May 12, 2014 (ECF Doc. # 6886). Lahrman filed the second motion to extend time to file his notice of appeal on June 3, 2014 (ECF Doc. # 7042). The Court granted Lahrman through and including June 19, 2014, to file a notice of appeal. (ECF Doc. # 7053.) Lahrman did not file a notice of appeal before June 19, 2014.