**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP
NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.
TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

June 30, 2014

Writer's Direct Contact
+1 (212)506.7341
NRosenbaum@mofo.com

The Honorable Martin Glenn, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: In re Residential Capital, LLC, et al, Case No. 12-12020 (MG)

Dear Judge Glenn:

We submit this letter on behalf of and in our capacity as counsel to the ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the Chapter 11 Plan (defined below) confirmed in the above-captioned bankruptcy cases. On or about October 31, 2013, the law firm of Graham & Martin, LLP, on behalf of individuals involved in prepetition lawsuits with debtor GMAC Mortgage, LLC ("GMACM") (as discussed below), Luan Nguyen ("Nguyen") and Rebecca H. Andres ("Andres"), filed a *Request for Clarification of Bankruptcy Supplemental Order Dated July 10, 2012 Requested by Riverside County Superior Court of California* submitted in the form of the Declaration of Anthony G. Graham [Docket No. 5565] (the "Request") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"). The Request, attached hereto as Annex 1, seeks clarification of the terms of the Supplemental Servicing Order (defined below). Specifically, the Request seeks confirmation as to (i) whether the Superior Court (defined below) was correct in its interpretation that, pursuant to the Supplemental Servicing Order, the automatic stay does not preclude GMACM from proceeding with its Unlawful Detainer Action (defined below) against certain individuals; and (ii) whether, in the first instance, the Superior Court had jurisdiction to make any determination as to the applicability of the automatic stay under the Supplemental Servicing Order. Given the current procedural posture of the underlying cases relating to the Request, the Liquidating Trust finds the Request to be moot and recommends that any clarification this Court could provide on the issue would not serve any benefit to these parties to the Request.

*Procedural History*

On or about February 1, 2011, GMACM filed an unlawful detainer action in the Riverside County Superior Court, State of California (the "Superior Court") against Nguyen and

ny-1146226

MORRISON | FOERSTER

Honorable Martin Glenn, U.S.B.J.
June 30, 2014
Page Two

Andres, styled as *GMAC Mortgage, LLC v. Luan Nguyen, an individual, and Rebecca H. Andres, an individual*, No. MVC11100653 (the "Unlawful Detainer Action").

On or about May 12, 2011, Nguyen and Andres filed an action with the Superior Court against GMACM, styled as *Luan Nguyen, an individual, and Rebecca H. Andres, an individual v. GMAC Mortgage, LLC and Does 1-10*, No. RIC1108478 asserting causes of action for, among other things, quiet title to the real property in issue (the "Quiet Title Action"). *See* Request ¶ 1.

On or about May 19, 2011, the Superior Court granted Nguyen's and Andres' request to stay the Unlawful Detainer Acton and to consolidate it with the Quiet Title Action (together, the "Consolidated Action"). *See* Exhibit B annexed to the Request.

On April 11, 2012, GMACM filed a motion to (i) dissolve the stay as to the Unlawful Detainer Action, (ii) sever the Consolidated Action in order to proceed with the eviction process through the Unlawful Detainer Action, and (iii) transfer the Unlawful Detainer Action to Moreno Valley (the "Motion to Sever"). *See* Exhibit B annexed to the Request.

April 20, 2012, Nguyen and Andres filed a first amended complaint in the Quiet Title Action. In response, GMACM filed a demurrer to this amended complaint (the "Demurrer").[1]

On November 1, 2012, the debtors and debtors in possession in the Chapter 11 Cases (the "Debtors") filed a Notice of Stay of Proceedings with the Superior Court in the Consolidated Action to notify the Superior Court and all parties of the pending Chapter 11 Cases. *See* Exhibit B annexed to the Request.

In the Consolidated Action, the parties filed papers in connection with the Motion to Sever and submitted the Supplemental Servicing Order[2] for consideration by the Superior Court for the purposes of deciding whether GMACM could prosecute the Unlawful Detainer Action

---

[1] On January 15, 2013, after a hearing, the Superior Court sustained GMACM's Demurrer in its entirety without leave to amend.

[2] On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order") approving the Debtors' supplemental servicing motion [Docket No. 181].

ny-1146226

MORRISON | FOERSTER

Honorable Martin Glenn, U.S.B.J.
June 30, 2014
Page Three

and whether the stay relief provided by the Supplemental Servicing Order permitted the Debtors to prosecute this action.[3]

On April 12, 2013, the Motion to Sever was denied by the Hon. Paulette Barclay, a Judge of the Superior Court. See Exhibit A annexed to the Request. A separate order was entered by a second Judge, the Hon. P.J. Argento, who held that, "as a matter of law, the [Supplemental Servicing Order] authorizes and does not prohibit [GMACM] from prosecuting the [U]nlawful [D]etainer [Action]." See Exhibit B annexed to the Request. **Judge Argento's order further stated that the ruling would be stayed for 45 days** so that either or both of the parties could (i) file a request for clarification with this Court to determine whether the automatic stay under the Supplemental Servicing Order precludes GMACM from severing and prosecuting the Unlawful Detainer Action, and (ii) seek an order that Paragraph 23 of the Supplemental Servicing Order precludes the Superior Court from determining whether the Supplemental Servicing Order prohibits GMACM from prosecuting the Unlawful Detainer Action. See id. **No party filed a request for clarification with the Court during this period.** On October 31, 2013, after the expiration of the 45-day stay period, the Request was filed in these Chapter 11 Cases.

On October 11, 2013, the Unlawful Detainer Action was scheduled to proceed to trial. While GMACM remains a party to the Unlawful Detainer Action, because Ocwen was the transferee of the servicing rights to Nguyen's loan, Ocwen, who presently services the loan, rather than GMACM is managing this litigation and pursuing enforcement matters. On that same date, however, Nguyen, and Ocwen (and GMACM by name) stipulated to a judgment whereby Nguyen agreed to vacate the property at issue by December 1, 2013 (the "Judgment"), which was further extended until January 5, 2014.

Ultimately, Nguyen failed to comply with the Judgment, and Ocwen subsequently took steps to enforce it. On February 12, 2014, Ocwen and Nguyen entered into an Occupancy Termination Agreement whereby Nguyen was to vacate the property at issue on or before March 14, 2014. On April 10, 2014, the Superior Court denied Nguyen's application to stay the enforcement of the Judgment in the Unlawful Detainer Action.

On April 11, 2014, Nguyen filed for Chapter 13 bankruptcy protection with the United States Bankruptcy Court for the Central District of California (Riverside), Case No. 14-bk-14745-WJ, a case that was later converted to Chapter 7. The automatic stay imposed as a result of Nguyen filing for bankruptcy prevented the enforcement of the Judgment.

---

[3] On or about February 15, 2013, subsequent to the closing of the sale with Ocwen Loan Servicing, LLC ("Ocwen"), Ocwen, represented by Pite Duncan, LLP, became a party to the Consolidated Action. Ocwen has since managed the ongoing contested eviction proceedings, and Pite Duncan is representing both GMACM and Ocwen in the Unlawful Detainer Action.

ny-1146226

MORRISON | FOERSTER

Honorable Martin Glenn, U.S.B.J.
June 30, 2014
Page Four

On or about April 17, 2014, Nguyen filed a motion to vacate the Judgment, which was denied by the Superior Court on May 14, 2014.

On May 7, 2014, GMACM and Ocwen moved for relief from the automatic stay in the Nguyen bankruptcy case so as to proceed with the eviction proceedings against Nguyen [Dkt. No. 30]. On June 5, 2014, after a hearing, the bankruptcy court entered an order granting GMACM's and Ocwen's motion for relief from the stay. On June 6, 2014, Nguyen filed a motion for reconsideration of the order granting stay relief. A hearing is scheduled for July 1, 2014. Upon information and belief, Pite Duncan is presently making arrangements with the sheriff to have Nguyen removed from the property.

*The Request Is Moot and Any Clarification Made by This Court
Would Serve No Benefit to the Parties to the Request*

Several facts indicate that the entry of an opinion to respond to the questions raised in the Request has been rendered moot.

First, while the Superior Court gave GMACM, Nguyen, and Andres 45 days – until approximately August 26, 2013 – to seek clarification from this Court on certain issues, the Request was made well beyond that 45-day stay period. As such, when the Request was filed in the Chapter 11 Cases on October 31, 2013, 66 days from the termination of the Superior Court order's stay period, the order that granted the Motion to Sever was no longer stayed.

Second, the parties appear to have accepted the Superior Court's order granting the Motion to Sever, and have proceeded with litigation regardless of the questions raised in that order. Since July of 2013, the parties' decision to continue to litigate the Unlawful Detainer Action, which has been severed from the Quiet Title Action, before the Superior Court demonstrates the parties' acceptance of the finality of the initially stayed order. At present, while the eviction proceedings are still contested, the parties are closer to enforcing the Judgment entered in the Unlawful Detainer Action despite Nguyen's challenge of the bankruptcy court's order granting stay relief to GMACM and Ocwen to enforce the Judgment. Moreover, since Ocwen is the primary party managing proceedings involving Nguyen, questions relating to the Supplemental Servicing Order seem obsolete.

*Liquidating Trust's Views on Questions Raised by the Request*

GMACM, as one of the Debtors in the Chapter 11 Cases, is afforded the statutory protection of the automatic stay imposed by section 362(a) of the Bankruptcy Code. Pursuant to the Supplemental Servicing Order, GMACM, as a Debtor, may commence, continue or complete

ny-1146226

**MORRISON | FOERSTER**

Honorable Martin Glenn, U.S.B.J.
June 30, 2014
Page Five

actions against parties postpetition. *See* Supplemental Servicing Order ¶ 14. The automatic stay is modified for the Debtors' benefit to allow the Debtors, including GMACM, to pursue such actions. Additionally, the Supplemental Servicing Order grants third parties, including borrowers, expansive stay relief to defend against and raise necessary claims to certain actions initiated by the Debtors, such as the Unlawful Detainer Action. *See generally*, Supplemental Servicing Order. For these reasons, the Supplemental Servicing Order does not prohibit GMACM from prosecuting the Unlawful Detainer Action, and Nguyen and Andes may defend against such action as provided in said Order. Accordingly, the automatic stay remains in full force and effect as to the Quiet Title Action and Unlawful Detainer Action, except as to the limited stay relief provided for in the Supplemental Servicing Order.[4]

The Superior Court's ruling that the Supplemental Servicing Order, as a matter of law, does not limit or preclude GMACM from prosecuting the Unlawful Detainer Action is correct. As the Superior Court indeed observed, the automatic stay imposed by section 362(a) of the Bankruptcy Code does not enjoin a debtor's affirmative litigation. Nonetheless, the Debtors specifically requested entry of the Supplemental Servicing Order to clarify the scope of stay relief that had been granted to borrowers and former borrowers by the prior interim servicing orders entered in the Chapter 11 Cases, in connection with, among proceedings, pending and future foreclosure and eviction proceedings. The Supplemental Servicing Order provides in Paragraph 23 that "any disputes regarding the extent, application and/or effect of the automatic stay under this Order shall be heard and determined in the Debtors' jointly administered bankruptcy cases . . . ." Supplemental Servicing Order at ¶ 23.

In addition, the plan confirmed in the Chapter 11 Cases (the "Plan") provides that, subsequent to the Effective Date (as such term is defined in the Plan), the Court shall retain exclusive jurisdiction, among other things, "to enforce all orders previously entered by the Bankruptcy Court." *See* Plan, at Art. XII(u). Accordingly, the Supplemental Servicing Order remains in effect in the Debtors' cases and its application and enforcement is within the jurisdiction of this Court's entry of the order confirming the Plan.

This Court has only been requested to make such determinations in a few instances. In light of the express terms of the Supplemental Servicing Order and the general jurisdiction of this Court over the interpretation of the Court's orders, the Liquidating Trust and Borrower Trust

---

[4] To the extent the Superior Court or any party to the Quiet Title Action or Unlawful Detainer Action seeks verification about the automatic stay imposed by section 362 of the Bankruptcy Code, while the Debtors' Plan was confirmed on December 11, 2013 and became effective on December 17, 2013, section 362(a)(2)(A) of the Bankruptcy Code provides that the stay continues until the case is closed. The Chapter 11 Cases have not been closed, and therefore, the automatic stay is in full force and effect. See Order Regarding Julio Pichardo's Further Requests for Relief [Docket No. 6642], In re Residential Capital, LLC, *et al.*, No. 12-12020 (Bankr. S.D.N.Y. Mar. 13, 2014).

ny-1146226

MORRISON | FOERSTER

Honorable Martin Glenn, U.S.B.J.
June 30, 2014
Page Six

respectfully submit that it is appropriate that the Superior Court defer to this Court in this instance.

Respectfully Submitted,

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

Cc:  Michael Baker, Esq.
     Anthony G. Graham, Esq.
     Clerk for the Department 12 of the Riverside County Superior Court, State of California

*The Court concludes this matter is moot.*

/s/Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

July 1, 2014

ny-1146226