**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**STIPULATION AND ORDER RESOLVING THE RESCAP BORROWER CLAIMS TRUST'S SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS) SOLEY AS IT RELATES TO PROOF OF CLAIM NUMBER 3879 FILED BY CHARLES AND PHYLLIS CARLIN**

This stipulation and order (the "<u>Stipulation</u>") is made and entered into between the ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>") and Charles and Phyllis Carlin (the "<u>Carlins</u>", and together with the Borrower Trust, the "<u>Parties</u>"), through their respective counsel, if any, to resolve the Objection to the Proof of Claim (as such terms are defined below).

**WHEREAS**, on May 14, 2012 (the "<u>Petition Date</u>"), each of the debtors in the Chapter 11 Cases (collectively, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"); and

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and

**WHEREAS**, on May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("<u>KCC</u>") as the notice and claims agent in the

Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors (the "Claims Register"); and

WHEREAS, on or about November 9, 2012, the Carlins filed a proof of claim in the Chapter 11 Cases, designated by KCC on the Claims Register as Claim No. 3879 (the "Proof of Claim"), which asserts a general unsecured claim against Debtor Residential Capital, LLC in an unliquidated amount; and

WHEREAS, on September 20, 2013, the Debtors filed the *Debtors' Thirty-Eighth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* [Docket No. 5140], seeking to redesignate the Proof of Claim as a general unsecured claim against Debtor GMAC Mortgage, LLC; and

WHEREAS, on or about November 20, 2013, the Court entered the *Order Granting Debtors' Thirty-Eighth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* [Docket No. 5898], approving the redesignation of the Proof of Claim as a general unsecured claim against Debtor GMAC Mortgage, LLC; and

WHEREAS, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Borrower Trust was established [Docket No. 6137]; and

WHEREAS, the Plan provides for the creation and implementation of the Borrower Trust, which will, among other things, "direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures

2

established under the Borrower Claims Trust Agreement." *See* Plan, Art. IV.F. Further, pursuant to the Borrower Claims Trust Agreement:

> The Borrower Claims Trustee, or one or more Borrower Claims Trust Agents . . . shall be authorized to resolve, on behalf of the Borrower Claims Trust, all Disputed Borrower Claims without further Bankruptcy Court order . . . .

Borrower Claims Trust Agreement, Art. VI, § 6.2 [Docket No. 6136]; and

**WHEREAS**, on April 22, 2014, the Borrower Trust filed the *ResCap Borrower Claims Trust's Sixty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 6815] (the "Objection"), asserting, among other things, that the Proof of Claim should be disallowed and expunged on the basis that it is not a valid liability of the Debtors' estates; and

**WHEREAS**, the Borrower Trust disputes the validity of the Proof of Claim and the Carlins dispute the legal, procedural, and factual bases of the Objection; and

**WHEREAS**, the Borrower Trust has provided the Carlins with true and correct copies of the documents that the Borrower Trust identified as relevant to the Borrower Trust's Objection to the Proof of Claim, *see* Objection at pp. 7-8, 9, 10, and the Carlins acknowledge receipt of the same; and

**WHEREAS**, the Parties negotiated the terms of this Stipulation in good faith and at arms' length and agreed to enter into this Stipulation in an effort to amicably resolve the Objection to the Proof of Claim; and

**WHEREAS**, the Borrower Trust determined that entering into this Stipulation is in the best interests of the Borrower Trust, the Borrower Trust's constituents, the Debtors, and other parties in interest.

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby

stipulate and agree as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. Upon the Court's entry of an order approving this Stipulation, (1) the Proof of Claim shall be deemed withdrawn from the Claims Register; and (2) the Objection also shall be deemed withdrawn solely as it relates to the Proof of Claim. KCC is hereby authorized and directed to reflect this treatment of the Proof of Claim on the Claims Register.

3. The terms of this Stipulation shall be in full and final satisfaction of any and all claims (as defined in section 101(5) of the Bankruptcy Code) and rights that the Carlins assert, have or may have against the Debtors, their estates, the Borrower Trust, and the Liquidating Trust (as defined in the Plan), and the Carlins waive, withdraw, release and agree not to assert any and all other claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors, their estates, the Borrower Trust and the Liquidating Trust, including, without limitation, any and all other proofs of claim, if any, which the Carlins have filed in the Chapter 11 Cases.

4. This Stipulation is the result of a compromise and shall not to be construed as an admission by any of the Parties of any liability or wrongdoing.

5. The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

6. This Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or

written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation.

7. This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

8. This Stipulation shall be binding on the Parties (as well as any successor in interest) upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

9. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

(*The remainder of this page is intentionally left blank*)

| | |
|---|---|
| Dated: June 20, 2014 | /s/ Norman S. Rosenbaum |
| | Norman S. Rosenbaum |
| | Jordan A. Wishnew |
| | Jonathan M. Petts |
| | **MORRISON & FOERSTER LLP** |
| | 250 West 55th Street |
| | New York, New York 10019 |
| | Telephone: (212) 468-8000 |
| | Facsimile: (212) 468-7900 |
| | |
| | *Counsel for The ResCap Borrower Claims Trust* |
| | |
| Dated: June 20, 2014 | /s/ Charles Carlin |
| | Charles Carlin |
| | 8600 N.E. 10th Ct. |
| | Miami, FL 33138 |
| | Telephone: (786) 606-8772 |
| | |
| | *-and-* |
| | |
| Dated: June 20, 2014 | /s/ Phyllis Carlin |
| | Phyllis Carlin |
| | 8600 N.E. 10th Ct. |
| | Miami, FL 33138 |
| | Telephone: (786) 606-8772 |
| | |
| | *Acting Pro Se* |

**SO ORDERED.**

Dated:  July 1, 2014
          New York, New York

                              **/s/Martin Glenn**
                              MARTIN GLENN
                              United States Bankruptcy Judge

6