UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:  
RESIDENTIAL CAPITAL, LLC, et al.,

CHAPTER 11  
CASE NO. 12-12020 (MG)

Debtor

_____/

## RESPONSE OF CREDITOR ANTHONY DAVIDE TO THE OBJECTION TO CLAIM NO. 482 AS A SECURED CREDITOR

Anthony L. Davide, pro se, creditor, files this response to the objection of his claim and states as reason the following:

1) Davide was ordered by this court on November 15, 2013 to provide certain information regarding his claim to Brian Powers of SilvermanAcampora.

2) Davide provided this information to Mr. Powers in a timely manner. This included everything requested by this court.

3) Davide followed up numerous times after delivery to see if he could be of any assistance. It wasn't till months later that anyone even responded to Davide and then it was only after more follow up.

4) Davide tendered to GMAC a series of payments based on a repayment agreement with GMAC.

5) Davide was forced to seek the courts intervention to compel GMAC to sign the repayment agreement. GMAC even brought a representative from Texas to the hearing, yet refused to sign the agreement on the lenders behalf at the hearing.

6) It was that exchange before Judge Garcia that led to the ruling that in the event that GMAC refuses to sign the agreement and/or doesn't live up to its obligations

under the agreement, any monies paid under the agreement would be returned in their entirety to Davide.

7) To date this agreement has never been executed by GMAC.

8) GMAC did not honor the terms of the agreement by refusing to accept payments sent by Davide.

9) Davide had already dealt with numerous issues involving GMAC even before the filing of the foreclosure including refusal to accept mortgage payments, forced flood insurance (even though the condo association had coverage for all the owners), and the infamous robosigner, Jeff Stephens, signing the affidavit on GMAC's behalf in the original foreclosure complaint and GMAC's refusal to dismiss the case even after admitting publicly to this person perjury in thousands of similar cases brought by GMAC.

10) GMAC's servicing practices were nothing short of heavy handed.

11) GMAC did not live up to end of the bargain. It refused to accept payments, and it engaged in needless litigation tactics to ensure that these monies would be lost.

12) The only assurance Davide could muster in trying to protect himself from GMAC was the assurance that in the event there was any problems, these monies would be returned to him. This is what Judge Garcia ruled in the presence of all the parties.

13) These monies were never returned.

14) Davide now stands to have his claim reduced, reclassified or perhaps even denied.

Davide prays this court will maintain the claim as a secured claim against the estate so as to help Davide recover his monies.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on June 23, 2014 to the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; Morrision & Forester LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn Gary Less Esq., Norman S. Rosenbaum, Esq. and Jordan Wishnew, Esq. and Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, New York, 10036, Attn Kenneth H. Eckstein Esq. and Douglas H. Mannal, Esq.,

Respectfully submitted,

_Anthony Davide_
Anthony Davide
9415 Sunset Drive
Suite 274
Miami, Florida 33173
(Tel.) 305-728-3338