UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: ) Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC. et al. ) Chapter 11
)
Debtors ) Jointly Administered
)

RECEIVED JUN 30 2014 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

**BANKRUPTCY BORROWER JORGE CERRON'S REQUEST TO THIS COURT TO ACCEPT BORROWERS'S CLAIMS AND BORROWER'S ACTUAL CLAIMS.**

COMES NOW, the borrower JORGE CERRON and in support of his request and claims states:

1- The acceptance of the borrower's claim will not be prejudice to the reorganization plan, since to this date the bar date to filed objections to it did not came to the expiration date which will be in September 2014..

2- The borrower Jorge Cerron's delay in filing his claim is a direct result of Residential Capital, LLC/ GMACM's failure to service to the borrower with the notice regarding the bar date for claims.

3- The barrower learned about the above facts today June 26, 2014 at a hearing conducted by Judge Martin Glenn, in said hearing the counsel for GMACM/Residential Capital LLC misrepresented the facts and attested under penalty of perjury that it had send to thr borrower the alleged notice of the bar date for the claims,

4- The borrower did not know or had ever received the alleged notice of the bar date for claims, further he discover that Ocwen was using the wrong address to mail him papers Ocwen was using the address of 200 Main Street, Sarasota , Florida , the borrower had never resided at that address and the alleged service of the notice of the bar date for claims was not served or send to the borrower Jorge Cerron..

5- There is no danger of prejudice to Residential Capital/GMACM, or to its Plan, GMACM's failure to service the notice of the bar date for claims to the borrower Jorge Cerron is the direct cause of the length of delay in filing the claim, however the borrower Jorge Cerron claim will not have a negative impact on the judicial proceedings in this case, is pertinent to state that the borrower acted in good faith, and because the borrower Jorge Cerron is a pro se and because he was not informed of his vested right to file a claim at the bankruptcy court the borrower's due process right was violated, and if the borrower Jorge eron's claim is not allowed he will suffer an irreparable damage and prejudice.

6- The borrower Jorge Cerron is a pro se and its first language is Spanish and his understanding of the English language and its legal terms are very limited thus misunderstanding and/ ignorance of understanding the written rules may had been a cause

for the borrower not to have actual knowledge of the litigations and its bar date in the bankruptcy case 12-12020 where this claim is being incorporated. Borrower Jorge Cerron's status of a pro se litigant and his limited English language legal written and reading education constitute excusable neglect.

7- The borrower Jorge Cerron has demonstrated that his delay was beyond his control.
8- GMACM's fraudulent behavior has been a causal to the borrower's delay because GMACM's slander of the title of the borrower's property and wrongful foreclosure on the borrower's property has shifted the borrower's focus thus the borrower was focus in defending the foreclosure case in Florida while GMACM was committing fraud in the bankruptcy court, the only time that the borrower was informed about this instant case in this bankruptcy court was on December 2013 when the counsel for the plaintiff GMACM obtained the substitution of the party plaintiff from GMACM to Ocwen, thereafter the borrower realized that GMACM had committed fraud in the bankruptcy court, also in the circuit court and in the appeals court, in this last one when it failed to comply with the order of reversal of the certificate of title,
9- . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," in this instant case the Borrower Jorge Cerron has submitted to this court a prima facie evidence The claimant Jorge Cerron had complied with the Rule 3001 documentation requirements, the claimant is entitled to prima facie validity of his claims. (see coy of the certificate of title ) Federal Rules of Evidence *Subdivision (d)*. "Satisfactory evidence" of perfection, which is to accompany the proof of claim, would include a duplicate of an instrument filed or recorded, a duplicate of a certificate of title when a security interest is perfected by notation on such a certificate, a statement that pledged property has been in possession of the secured party since a specified date, or a statement of the reasons why no action was necessary for perfection.
10- The borrower Jorge Cerron has been prejudice because GMACM has concealed from the borrower crucial information regarding the borrower's right to submit a claim, GMACM when it did not informed and/or communicate with the borrower Jorge Cerron to let him know his options to file a claim GMACM committed fraud because did not obeyed the bankruptcy court's rules of fair dealing.

Because of all the above reasons and because the repeatedly fraudulent behavior displayed by GMACM in this action, this court must not be deny of its vested right of the finding of the truth in this case and the borrower's claims must be accepted because it is allowed by the law, and because it is just and proper and it will aid to the finding of the truth in this case, lastly because GMACM filed its bankruptcy petition by means of fraud thus obtaining the bankruptcy's court order protecting GMACM with the automatic stay and because GMACM and its counsel committed perjury when they attested to facts they knew that were not true, the order entered by this bankruptcy court in favor of GMACM/ Residential Capital is a void judgment/order and

there is not bar dates or statutes of limitation that will prevent a party to challenge the void order/judgment

WHEREFORE, the borrower Jorge Cerron request to this court lifting the automatic stay, and allowing borrower Jorge Cerron's claims.

BORROWER JORGE CERRON'S ACTUAL CLAIMS

COUNT I – FRAUD ON THE COURT

Rule 9(b) imposes heightened pleading standards for fraud-based claims. Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake" if making allegations of fraud. FED. R. CIV. P. 9(b). "In order to meet the 'particularity' requirement of Rule 9(b), a plaintiff [must] allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc., 71hat9 F.3d 498, 503 (6th Cir. 2013) (alteration in original) (internal quotation marks omitted). "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999)

In this bankruptcy court in this instant case GMACM committed fraud in the bankruptcy court at the time when it filed its petition before this court, GMACM knew that it lack standing and GMACM"s counsels knew that they were submitting fraudulent documentation to the extent that they Knew that the borrower's mortgage and note had been extinguished and that GMACM has kept the certificate of title obtained in a previous foreclosure sale that was reversed later on by the second district courts of appeals in Florida. See copy of the certificate of title exhibit A)

GMACM committed fraud in the circuit court of Sarasota Florida on December 2013 when move to substitute the party plaintiff from GMACM to OCWEN by virtue of a bankruptcy sale order the GMACM had obtained by fraud, GMACM and its counsel knew of the fact that GMACM had not standing in the first place further GMACM and its counsels knew of the fact that GMACM did not hold the subject note and mortgage a\therefore it cannot transfer it to OCWEN.

GMACM committed fraud in the Second District Court of Appeals in Lakeland, Florida when after two years of the mandate issued by said court GNACM failed to reverse the certificate of title please see copy exhibit A. GMACM admitted this fraud when in June 19, 2014 it was forced by the circuit court in Sarasota Florida to reverse the certificate of title see exhibit B copy of court order.

COUNT II: DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action for declaratory and injunctive relief against the GMACM.

2. GMACM failed to provide to the Defendant with a Notice of Default and Intent to Accelerate as required by and/or that complies with Paragraph 22 of the subject mortgage, for this same reason the 2d DCA reversed and remanded this same case, please see court's opinion for case No. 2D11-3425.

3. GMACM., is committing fraud by fraudulently filing for bankruptcy and substituting the party plaintiff in order to cure the above defect/failure of not providing the notice of default to the defendant Jorge Cerron, so it can foreclose on the defendant's home.

4. That GMACM's failure to provide a contractually required notice of default prior to filing suit has breached the subject mortgage contract and GMACM cannot cure this defect now because it failed to do so at the time it was required by this court.

5. GMACM., is committing fraud on the court by acquiring an invalid mortgage and note a no performing loan from GreenPoint the original lender, GMAC's sentinel plan to cure the defect of not complying with the law this enterprise's practices of acquiring no performing loans are denoted by the hundreds of thousands non-performing or defaulted mortgages that GMACM had acquired in the State of Florida and around the nation.

6. GMACM., is committing fraud on the court by misrepresenting the truth about acquiring defaulted loans, in this case it is trying to foreclose on the defendant's home by fraud, because GMACM is making a false statement concerning a material fact, which in this case is that GMACM is attesting to the fact that it owns the subject Mortgage and note however there is not a valid assignment of mortgage that conveys the ownership of the subject loan to GMACM, it is only a general statement included in the bankruptcy order that states that GMACM has filed a bundle of loans and that the Borrower's loan may be included there.

7. GMACM., is committing fraud on the court because it has full knowledge that the above representation of being the owner of the subject mortgage and note is false because it is an enterprise that it is been done repeatedly by GMACM however in this instant case it is more notorious because GMACM Knew of the fact that IT had and hold an illegal certificate of title of the subject property by virtue of a foreclosure sale dated 8/31/2011 and that the same was ordered to be reversed by the 2D DCA in case 2D11-3425 however said order was never obeyed by GMAC who held the illegal certificate of Title for the subject property since 8/31/2011 to June 19, 2014 when the circuit court of Sarasota Florida ordered to be reversed see copy of the order marked as exhibit B

8. Because of the facts above described in reference to the bankruptcy order of transfer of some GMAC's loans said order could not had included the defendant's mortgage for the simple reason that the bankruptcy filing (Petition Date) was done on May 14, 2012 and on 11/21, 2012 the bankruptcy court entered an order (the sale order) approving the sale of certain GMAC's assets to Ocwen and on 2/15/2013 ( the closing date) Ocwen claimed that purchased the defendant's mortgage however GMAC never included the defendant's mortgage in the bundle of loans to be transferred to Ocwen simply because there was not a mortgage or note for the defendant's property to be included because it was dissolved on 8/31/2011 when GMAC sold the subject property for $162,000.00 at the foreclosure sale, and a new certificate of title was issued. Remember GMAC never reversed said title perpetuating fraud in the Bankruptcy court also in 2D DCA and in this court as well, and Ocwen Knew all of that at all times, that is why there is not an assignment of mortgage or any other documents that could demonstrate that the subject loan was transferred to Ocwen.

9. That GMACM's clear intention of fraud is denoted by the false representation perpetuated with full intention and knowledge by GMAC said intention has induce to an irreparable emotional injury, deteriorating health and the dead of the borrower Jorge Cerron's father and has caused injuries on the borrower; Jorge Cerron's family for almost five years of litigation because of GMACM's fraudulent foreclosure action against the borrower Jorge Cerron's fathers home, which the borrower Jorge Cerron purchased for his father so he can enjoy his golden years, GMACM"S fraud on the court perpetuated with the solely intention to foreclose on the borrower's father home has been the proximate cause that had produce a stroke and the dead of the borrower's father.

10. That GMAC never had standing in the first place because it did not held or owned the subject note and mortgage at the time it filed the suit against the borrower and GMACM has not standing now further it cannot validly execute a transfer of the subject note..

11. That real party in interest and standing are not the same. Because standing is necessary to invoke the jurisdiction of the common pleas court, it must be determined at the time suit is filed. A plaintiff must be injured at the time suit is filed, not later "Accordingly, a litigant cannot cure the lack of standing after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest,"

12. That GMACM's exhibit of the note's blank endorsement was undated and the plaintiff's allegations and evidence submitted in its complaint is insufficient to establish that it held the note and was entitle to enforce the note at the time it filed suit. Please see copy of the note exhibit C and copy of pertinent pages of the mortgage exhibit D, see copy of GMACM's complaint exhibit E, and Lis Pendens exhibit F

13. That GMACM's exhibit submitted to this court contradicts its claims of ownership of the subject mortgage at the time it filed suit. (please see copy of the lis pendens showing the date of

commencement of this action filed on 9/16/2009, see copy of the subject mortgage showing a different real party in interest (GreenPoint Mortgage Funding Inc.) than the plaintiff GMAC, see copy of the undated blank endorsed note showing also a different real party in interest).

14. That GMACM's exhibit of the assignment of mortgage of the subject mortgage and note to GMAC Mortgage LLC., is dated 11/10/2009 two months after it filed suit on 9/16/2009. (please see a copy of the assignment of mortgage dated 11/10/2009 which is two months after the suit was filed on 9/16/2009, also the assignment's chain of title has been broken because MERS shall had first assigned the mortgage and note to GreenPoint so GreenPoint Mortgage Funding Inc. can assign the note and mortgage to Aurora Loans and then Aurora could had assigned the note to GMAC Mortgage LLC.).

15. That GMACM's allegations stated in its complaint that it held or owned the note and mortgage at the time it filed suit and that it had performed all conditions precedent to the acceleration of the mortgage note are false. ("When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint" BAC Funding Consortium Inc., vs. Jean Jacques, 28 So, 3d 936, 938 (Fla. 2d DCA 2010). Please see attach a copy of the plaintiff's complaint see paragraphs 4 and 9.

16. That GMACM failed to negate borrower's Jorge Cerron's affirmative defenses of lack of standing.

17. That GMACM's lack of standing at the time it filed suit has precluded the jurisdiction of the common pleas court therefore the jurisdiction of this court was not invoked.

18. That standing has to exist at the time the case is filed, and if it doesn't exist, the jurisdiction of the common pleas court was not invoked. A court without jurisdiction cannot enter any judgment (except one dismissing the case for lack of jurisdiction).

19. GMACM failed to comply with the foreclosure prevention loan servicing requirement imposed on GMACM pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5) which requires all private lenders servicing non-federally insured home loans, including the Plaintiff, to advise borrowers, of any home ownership counseling Plaintiff offers together with information about counseling offered by the U.S. Department of Housing and Urban Development.

20. GMACM's non-compliance with the conditions precedent to foreclosure imposed on the plaintiff pursuant to the applicable pooling and servicing agreement is an actionable event that makes the filing of this foreclosure premature based on a failure of a contractual and/or equitable condition precedent to foreclosure which denies Plaintiff's ability to carry out this foreclosure.

21. The special default loan servicing requirements contained in the subject pooling and servicing agreement are incorporated into the terms of the mortgage contract between the parties

as if written therein word for word and the defendant is entitled to rely upon the servicing terms set out in that agreement.

22. The borrower Jorge Cerron is a third party beneficiary of the GMACM's pooling and servicing agreement and entitled to enforce the special default servicing obligations of GMACM specified therein.

23. The section of the Pooling and Servicing Agreement (PSA) is a public document on file and online at http://www.secinfo.com .

24. GMACM failed, refused or neglected to comply, prior to the commencement of its foreclosure action, with the servicing obligations specifically imposed on the plaintiff by the PSA in many particulars, including, but not limited to:
a. GMACM failed to service and administer the subject mortgage loan in compliance with all applicable federal state and local laws.
b. GMACM failed to service and administer the subject loan in accordance with the customary an usual standards of practice of mortgage lenders and servicers.
c. GMACM failed to extend to the borrower the opportunity and failed to permit a modification, waiver, forbearance or amendment of the terms of the subject loan or to in any way exercise the requisite judgment as is reasonably required pursuant to the PSA.

25. GMACM has no right to pursue its foreclosure action because the GMACM has failed to provide servicing of this residential mortgage loan in accordance with the controlling servicing requirements prior to filing this foreclosure action.

26. THE BORROWER has a right to receive foreclosure prevention loan servicing from GMACM before the commencement or initiation of this foreclosure action.

27. THE BORROWER JORGE CERRON is in doubt regarding their rights and status as borrowers under the National Housing Act and also under the Pooling and Servicing Agreement filed by the GMACM with the Securities and Exchange Commission. BORROWER JORGE CERRON is now subject to a foreclosure action by reason of the above described illegal acts and omissions of the GMACM, and the borrower was forced by GMACM's fraudulent behavior to look into a settlement with the new substitute party plaintiff

28. The borrower is being denied and deprived by GMACM of their right to access the required troubled mortgage loan servicing imposed on GMACM and applicable to the subject mortgage loan by the National Housing Act and also under the Pooling and Servicing Agreement filed by the plaintiff with the Securities and Exchange Commission.

29. BORROWER JORGE CERRON has being illegally subjected by GMACM to a foreclosure action, being forced to defend the same and he has being charged illegal predatory court costs and related fees, and attorney fees for over 5 years and because of that the borrower's father has

had an stroke and died, and the borrower has lost his father home to GMACM unlawful foreclosure action, the borrower is having his credit slandered and negatively affected, all of which constitutes irreparable harm to borrower and his family for the purpose of injunctive relief.

30. As a proximate result of the GMACMs unlawful actions set forth herein, THE BORROWER JORGE CERRON continue to suffer the irreparable harm described above for which monetary compensation is inadequate.

31. BORROWER JORGE CERRO has a right to access the foreclosure prevention servicing prescribed by the National Housing Act and under the Pooling and Servicing Agreement filed by the GMACM with the Securities and Exchange Commission which right is being denied to them by the GMACM.

32. These acts were wrongful and predatory acts by the GMACM, through its predecessor in interest, and were intentional and deceptive, in addition is pertinent to add that the subject mortgage is a predatory loan and it is a negative amortization loan prohibited in the state oF Florida, where GMACM filed its foreclosure complaint against the borrower.

33. There is a substantial likelihood that the borrower Jorge Ceron will prevail on the merits of his claims.

34. Because GMACM's fraudulent behavior has being the proximate cause of the borrower Jorge Cerron's father dead and because GMACM's fraudulent behavior has been the direct cause of the foreclosure on the borrower's dead father home and because said lost has inflicted and injured physically, emotionally and financially to the borrower's and on the borrower's family the borrower is entitle to monetary compensation in the amount of 2'500,000/00 (two and a half millions dollars)

WHEREFORE, the borrower request to this court to enter a judgment and order to GMACM/RESIDENTIAL CAPITAL to compensate the borrower in the amount of two millions and a half dollars and for all other relief to which the borrower proves themselves entitled.

COUNT III: ILLEGAL CONSUMER COLLECTION

Defendants reassert and reallege, their Statement of Facts, paragraphs 2 through 34, inclusive as set out in Count II of these claims.

35. The borrower is a consumer and the obligation between the parties which is the debt owned pursuant to the subject note and mortgage is a consumer debt as defined in F. S. Section 559.55(1).

36. GMACM has engaged in consumer collection conduct which amounts to a violation of F.S. Section 559.72(9) as set out below and borrower, as a proximate result thereof, have sustained

economic damages for which the borrower is entitled to compensation from GMACM, pursuant to F.S. Section 559.77.

37. GMACM's collection activities described herein violated F.S. 559.72(9) in that theGMACM is claiming, attempting and threatening to collect and enforce this consumer mortgage debt by a foreclosure action when the GMACM knows that the right to pursue foreclosure does not exist.

38. These acts were wrongful and predatory acts by GMACM, through its predecessor in interest, and were intentional and deceptive.

39. Additionally, the reason the GMACM does not have a legal right to pursue a foreclosure against the borrower Jorge Cerron is because GMACM has failed to first comply with the foreclosure prevention loan servicing obligations imposed on GMACM prescribed by the National Housing Act and under the Pooling and Servicing Agreement filed by GMACM with the Securities and Exchange Commission.

40. These foreclosure prevention loan servicing obligations are imposed on the GMACM pursuant to the National Housing Act, 12 U.S.C. Section 1710(a) and the Pooling and Servicing Agreement filed by the plaintiff with the Securities and Exchange Commission.

41. GMACM is claiming, attempting and threatening to collect fees and charges including, but not limited to, attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges all of which are not authorized by or in conformity with the terms of the subject note and mortgage.

42. GMACM wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

43. GMACM continues to claim, attempt, and threaten to enforce this mortgage debt through acceleration and foreclosure when the GMACM knows that such conduct is in bad faith because the GMACM has charged and collected money from THE BORROWR JORGE CERRON that they did not owe; forced THE BORROWER into deepening indebtedness and then failed to meet the contractual and statutory conditions precedent before filing this action to collect this consumer debt.

44. As a result of GMACM's failure to properly service this mortgage loan before filing this foreclosure action, THE BORROWER JORGE CERRON has been damaged and THE BOTTOWER seek to recover their actual or statutory damages from GMACM?RESIDENTIAL CAPITAL under F.S. 559.77. and pursuant this bankruptcy court's discretion.

WHEREFORE, the borrower Jorge Cerron request to this court for an award of damages in borrower's favor and against GMACM/RESIDENTIAL CAPITAL for his actual or statutory damages whichever is greater and for his costs in defending against GMACM and for all other

relief to which this Court finds borrower entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished by certify return receipt U. S mail to the law offices of WOLFE & WYMAN LLP. Litigation Counsel to the Debtors and Debtors in Possession 11811 N. Tatum, Suite 3031 Phoenix, AZ 85028 ATTN: Colt B. Dodrill, Esq., on this 27 day of June, 2014.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished by certify return receipt U. S mail to the law offices of MORRISON & FOERSTER Counsel for Residential Capital, LLC, et al. at 1290 Avenue of the Americas New York, NY 10104 ATTN: Norman S. Rosenbaum, Esq., on this 27 day of June, 2014.

Respectfully submitted,

*[signature]*

Jorge Cerron
P.O. Box 18902
Sarasota, Florida, 34276
asoloact@gmail.com

SERVICE LIST

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Manhattan
One Bowling Green
New York, NY 10004-1408
Attn: Clerk of the Court /to file in Case No. 12-12020 (MG) RESIDENTIAL CAPITAL, LLC. et al. Chapter 11


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Manhattan
One Bowling Green
New York, NY 10004-1408
Attn: HONORABLE MARTIN GLENN UNITED STATES BANKRUPTCY JUDGE


MORRISON & FOERSTER
Counsel for Residential Capital, LLC, et al.
1290 Avenue of the Americas
New York, NY 10104
ATTN: Norman S. Rosenbaum, Esq.


WOLFE & WYMAN LLP
Litigation Counsel to the Debtors and Debtors in Possession
11811 N. Tatum, Suite 3031
Phoenix, AZ 85028
By: Colt B. Dodrill, Esq.