## **Exhibit 1**

**Schmidt Claim**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | PROOF OF CLAIM |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**DOUGLAS AND IRENE SCHMIDT**

Name and address where notices should be sent:         NameID: 10803094

**DOUGLAS AND IRENE SCHMIDT
3608 WANDA LYNN DR
METAIRIE, LA 70002**

Telephone number: *(504) 236-2623*         email: *IRISHKA277@AOL.COM*

Name and address where payment should be sent (if different from above):

*IRENE SCHMIDT
3608 WANDA LYNN DR METAIRIE LA 70002*
Telephone number: *(504) 236-2623*         email: *IRISHKA 277@AOL.COM*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ *245,241.48*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: *see documentation attached*
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
*4544*

3a. Debtor may have scheduled account as:
_____
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
_____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate_____%  ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____         Basis for perfection: _____

Amount of Secured Claim: $_____         Amount Unsecured: $_____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$ *245,241.48*         (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or   ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)   their authorized agent.   indorser, or other codebtor.
(See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *IRENE SCHMIDT*
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
*SAME*

(Signature) *I. Schmidt*    (Date) *10/26/12*

Telephone number: _____         Email: _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**

OCT 3 0 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

001KC0002 51765-2 domestic 18/007221/043322

October 26, 2012

RE: GMAC Mortgage/Ally Financial
Loan #7434264057
SS # ████4544

Name of the creditor:
Irene Schmidt
3608, Wanda Lynn Dr
Metairie, LA 70002
Phone # (504)236-2623

**Summary of the claim:**

Hurricane Katrina related claim: $31,576.86
Hurricane Katrina related claim: $6,880.89
Hurricane Katrina related claim: $17,433.68 (held in escrow by GMAC)
Hurricane Isaac related claim: $5,750.05 (held in escrow by GMAC)
Claim related to the fraudulent refinancing: 183,600.00 (paid to GMAC between 2002-2011 and lost as a result of the fraudulent refinance)

TOTAL: $245,241.48

DIV. O

JUDGE
ROSS P. LaDART

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.    716448                                         DIVISION

**IRINA  SCHMIDT**

**VERSUS**

**GMAC MORTGAGE, LLC AKA ALLY FINANCIAL, INC**

FILE FOR RECORD
2012 JUN 27  AM11:43
DEPUTY CLERK
PARISH OF JEFFERSON, LA

_____                    _____
FILED                                                          DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, comes Irina Schmidt, a person of full age of majority and a resident of Jefferson Parish, a petitioner herein, who respectfully represents that:

I.

Made Defendant herein is:

GMAC Mortgage, LLC aka Ally Financial, INC, a foreign corporation, authorized to do and doing business in The State of Louisiana, whose agent for service of process is C T Corporation System 5615 Corporate Blvd. Ste 400 B Baton Rouge,  LA 70808

II.

On or about July 2002 Irina Schmidt and Douglas M. Schmidt purchased a property at 3608, Wanda Lynn Dr, Metairie, LA 70002.

III.

Douglas Schmidt took out a loan from GMAC Mortgage, LLC with Irina Schmidt being on the title of the above-mentioned property.

IV.

On or about August 29, 2005 the hurricane Katrina severely damaged the above-mentioned residence.

V.

The insurance company issued some monies to have the property repaired. The insurance proceeds were transferred by the insurance companies to GMAC Mortgage, LLC to disburse to the homeowners.

VI.

GMAC Mortgage, LLC failed to add Irina Schmidt as a payee when they issued the insurance proceeds checks.

VII.

As a result of their actions, Irena Schmidt did not receive the majority of the insurance proceeds to make the necessary repairs on the property.

VIII.

On or about June 29, 2011, GMAC Mortgage, LLC entered into an agreement with Douglas M. Schmidt, which changed the interest rate and increased the length of the loan and the total payoff amount on the property at 3608, Wanda Lynn Dr. Metairie, LA 70002.

IX.

Prior to the loan modification agreement signed, the mortgage had been paid for nine (9) years and only had 21 years of payments left.

X.

After the modification, the mortgage has been increased to thirty five (35) years with the date of maturity of June 29, 2046.

XI.

Irina Schmidt, at the time of the loan modification agreement signing, has been the only owner of the property. Douglas M. Schmidt had no longer been the co-owner of the property as of November 22, 2010 (Exhibit A).

XII.

GMAC Mortgage, LLC failed to contact her to assure that she was in agreement to modify the loan on her property.

XI.

A loan modification agreement has been signed between Douglas M. Schmidt and GMAC Mortgage, LLC without Irina Schmidt's knowledge or agreement on 6/29/2011 (Exhibit B).

XII

As a result, Irina Schmidt suffered financial damages since she is forced to make

the mortgage payments every month, otherwise the property will be in foreclosure.

### XIII

Irina Schmidt and her minor children have been living in the hurricane-damaged property for approximately seven (7) years.

### XIV.

The cause of plaintiff's injuries has been was due to the negligence and fault of the defendant, GMAC Mortgage, LLC

WHEREFORE, THE PETITIONER prays that her Petition is filed herein, and the defendant, GMAC Mortgage, LLC be served with a copy of same and cited to appear and answer same and after due proceedings are had, there be judgment herein in favor of the petitioner and against this defendant for all personal injury damages sustained by the petitioner which may be proven at trial and warranted under the circumstances and premises of this lawsuit, plus all costs of the proceedings, including expert witness fees, and legal interest on all amounts so awarded from the date of judicial demand until paid. PETITIONER further prays for all general and equitable relief and all orders of the Court necessary under the circumstances.

Respectfully Submitted,

_Irina Schmidt_

Irina Schmidt, In Proper Person
3608. Wanda Lynn Drive
Metairie, LA 70002
Telephone: (504)236-2623

PLEASE SERVE:

GMAC Mortgage, LLC aka
Ally Financial, INC
Through their registered agent
C T Corporation System
5615 Corporate Blvd. Ste 400 B
Baton Rouge, LA 70808

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. _____                    DIVISION _____

IRINA  SCHMIDT

VERSUS

GMAC MORTGAGE, LLC AKA ALLY FINANCIAL, INC

_____          _____
FILED                                                        DEPUTY CLERK

### ORDER

Considering the foregoing Petition for Damages:

 IT IS HEREBY ORDERED that defendant, GMAC Mortgage aka Ally Financial,

Inc. show cause on the _____day of _____, 2012, at _____a.m. why there

should not after due proceedings are had, be judgment herein in favor of the

petitioner and against this defendant/s for all personal injury damages sustained by the

petitioner which may be proven at trial and warranted under the circumstances and

premises of this lawsuit and be made to pay reasonable fees and costs of the proceedings,

including expert witness fees and legal interest on all amounts so awarded from the date

of judicial demand until paid. as well as all general and equitable relief as prayed for

herein.

 Gretna, Louisiana, on this _____day of _____, 2012

_____
JUDGE

PLEASE SERVE:

GMAC Mortgage, LLC aka
Ally Financial, INC
Through their registered agent
C T Corporation System
5615 Corporate Blvd. Ste 400 B
Baton Rouge,  LA 70808

**GMAC Mortgage**

*FILE FOR RECORD*
*2012 JUN 27  AM 11: 43*
*DEPUTY CLERK*
*PARISH OF JEFFERSON, LA*

6/20/2011

DOUGLAS M SCHMIDT
335 CITY PARK AVENUE
NEW ORLEANS LA 70119

Re: Account Number ████4057
     3608 WANDA LYNN DR.
     METAIRIE LA 70002

Dear DOUGLAS M SCHMIDT

**Congratulations!  Your request for a loan modification has been approved subject to the following:**
-Receipt of your contribution in the form of certified funds
-Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any attachments
-Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $1,037.00 in the form of certified funds, is due in our office by July 1, 2011.
- The interest rate is 2.25000%.
- The first modified payment begins August 1, 2011.
- **Modified payment amount**

| | |
|---|---|
| Principal and Interest | $632.94 |
| Escrow | $400.13 |
| **Total Payment** | **$1,033.07** |

- If the Modification Agreement has notary provisions at the end:
  o Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary.
  o This document must be signed in the presence of a notary and (if applicable) other witnesses.
- If executing an ink signature (paper), all of the documents must be executed and the signatures must be exactly as the names are typed.  The signed and (if applicable) notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.
- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following permanent modification.  Any change would be proportionate to the modified loan amount, including any deferred balance, and would be reflected in a future escrow analysis following permanent modification.

The contribution and executed loan modification documents are due back by July 1, 2011.  Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

**IMPORTANT!** The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at (800) 850-4622 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

**NOTICE:** Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or if you have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may choose to pursue will be exercised against the property only.



Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number:7819399
Custodian ID: W1

_____[Space Above This Line For Recorder's Use]_____

# NON-HAMP LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this July 1, 2011 ("Effective Date") between DOUGLAS M SCHMIDT ("Borrower") and GMAC Mortgage, LLC, Lender\Servicer or Agent for Lender\Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated June 26, 2002 in the original principal sum of One Hundred Seventy Two Thousand Dollars and No Cents ($172,000.00)executed by Borrower.  The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on with Instrument Number in Book and/or Page Number of the real property records of JEFFERSON County, LA.  Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 3608 WANDA LYNN DR.   METAIRIE LA 70002, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.   Borrower acknowledges that as of the Effective Date, the amount payable under the Note   and Security Instrument (New Principal Balance) is One Hundred Eighty Two Thousand One Hundred Thirty Three Dollars and Twenty Nine Cents ($182,133.29).

2.  The Maturity Date is January 1, 2046.

3.  Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4.  Interest will be charged on the unpaid, non-deferred, 'New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 2.25000% from July 1, 2011 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. If Step Rate: The rate of interest I pay will change based upon Payment Schedule below.

5.  Borrower promises to make monthly principal and interest payments of $632.94, beginning on August 1, 2011, and continuing thereafter on the same day of each succeeding month, according to the Payment Schedule below until all principal and interest is paid in full. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

If Step Rate:
## PAYMENT SCHEDULE

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 2.25000% | July 1, 2011 | $ 632.94 | $ 400.13, adjusts periodically | $ 1,033.07, adjusts periodically | August 1, 2011 | July 1, 2016 |
| 3.25000% | July 1, 2016 | $ 719.31 | Adjusts periodically | Adjusts periodically | August 1, 2016 | July 1, 2017 |
| 4.25000% | July 1, 2017 | $ 809.14 | Adjusts periodically | Adjusts periodically | August 1, 2017 | July 1, 2018 |
| 4.50000% | July 1, 2018 | $ 831.83 | Adjusts periodically | Adjusts periodically | August 1, 2018 | January 1, 2046 |

6.  If on January 1, 2046 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date.

7.  If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law.

Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8.    It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9.    If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10.   As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11.   Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

4|29|11 _____ _Douglas M. Schmidt_ _Rachel Schmidt_
Date         DOUGLAS M. SCHMIDT          Witness

                                         _Rachel Schmidt_
                                         Print

_____   _____      _____
Date                               _____

_____   _____      _____
Date                               Witness

                                   _____
                                   Print

_____   _____      _____
Date                               _____



GMAC Mortgage, LLC

By: _____
     Authorized Officer

Date: _____

**LENDER ACKNOWLEDGMENT**

# NOTICE TO BORROWER IN SPECIAL FLOOD HAZARD AREA

**Borrower: DOUGLAS M SCHMIDT**          **Loan #:** ▮▮▮▮4057

**Property Location:**   3608 WANDA LYNN DR.          This Notice Date is as of: 4/4/2011
                          METAIRIE LA 70002

| X | **NOTICE TO BORROWER IN NFIP PARTICIPATING COMMUNITY** |

We are giving you this notice to inform you that:

- The building or mobile home securing the loan for which you have applied is or will be located in an area prone to high flood risks that we call a Special Flood Hazard Area (SFHA).
- The area has been identified by the Federal Emergency Management Agency (FEMA) as an SHFA using the Flood Insurance Rate Map (FIRM) or the Flood Hazard Boundary Map (FHBM) for the community number 225199. FIRMs are prepared by FEMA in cooperation with the applicable community to identify high flood risk and low-to-moderate flood risk areas. The SFHA is which your building or mobile home is or will be located has at least a one percent chance of a flood equal to or exceeding the base flood elevation (a 100-year flood) in any given year. During the life of a 30-year mortgage loan, the risk of flooding in an SFHA is 26 percent.
- Federal law allows a lender and borrower jointly to request the Administrator of FEMA to review the determination of whether the property securing the loan is located in an SFHA. If you would like to make such a request, please contact us for further information. Borrowers may also call FEMA mapping specialists at (877) 336-2627 to discuss their concerns.
- Federal financial assistance, including FEMA disaster assistance, flood mitigation grants and federally backed mortgage lending is available in the NFIP participating communities. Mandatory flood insurance requirements are applicable to all Federal financial assistance. The mandatory flood insurance purchase requirements under section 102(b) of the Flood Disaster Protection Act of 1973 are applicable to Federally regulated lenders making loans in SFHAs. We will not make you the loan that you have applied for if you do not purchase flood insurance. If you fail to renew flood insurance on the property, federal law authorizes and requires us to purchase the flood insurance for you at your expense. The flood insurance must be maintained for the life of your loan.
  - Flood insurance coverage under the NFIP may be purchased through an insurance agent who will obtain the policy either directly through the NFIP or through a Write Your Own (WYO) company that has agreed to write or service the NFIP policies on behalf of FEMA. Flood insurance also may be available from private insurers that are not Federally backed.
  - At minimum, flood insurance purchased must cover the lowest of: (1) the outstanding principal balance of the loan(s); or (2) the maximum amount of coverage allowed for the type of building under the NFIP; or (3) the full replacement cost value (RCV) of the building and/or contents securing the loan. The market value or land value on which the building is located has no bearing on the RCV of the building.
- Federal disaster relief assistance, the majority of which is in the form of a low-interest disaster assistance loan from the Small Business Administration (SBA), may be available for losses not covered by your flood insurance policy. Flood insurance requirements apply to recipients of Federal disaster assistance grants and SBA disaster assistance loans. If you are planning to build a structure or make repairs, contact the local community's chief executive official to determine building standards for structures within an SFHA.

Loan #: ████4057
Page 2

## NOTICE TO BORROWER IN NFIP NON-PARTICIPATING COMMUNITY

We are giving you this notice to inform you that:

- The building or mobile home securing the loan for which you have applied is or will be located in an area prone to high flood risks that we call a Special Flood Hazard Area (SFHA).
  - The area has been identified by the Federal Emergency Management Agency (FEMA) as an SFHA using the Flood Insurance Rate Map (FIRM) or the Flood Hazard Boundary Map (FHBM) for the community number 225199. FIRMs are prepared by FEMA in cooperation with the applicable community to identify high flood risk and low-to-moderate flood risk areas. The SFHA is which your building or mobile home is or will be located has at least a one percent chance of a flood equal to or exceeding the base flood elevation (a 100-year flood) in any given year. During the life of a 30-year mortgage loan, the risk of flooding in an SFHA is 26 percent.
  - Federal law allows a lender and borrower jointly to request the Administrator of FEMA to review the determination of whether the property securing the loan is located in an SFHA. If you would like to make such a request, please contact us for further information. Borrowers may also call FEMA mapping specialists at (877) 336-2627 to discuss their concerns.
- The community in which the property securing the loan is located does not participate in the National Flood Insurance Program (NFIP). Federal flood insurance is not available. However, private flood insurance may be available on a limited basis in the SFHAs of non-participating communities. Federal financial assistance including disaster assistance grants or loans and flood mitigation grants are not available in SFHAs of non-participating communities. For example, if the non-participating community has been identified for at least one year as containing an SFHA, properties located in the community will not be eligible for Federal disaster relief assistance in the event of a federally declared flood disaster.
- Conventional loans, loans that are not Federally backed can be made on buildings in SFHAs of non-participating communities, if authorized by the regulatory authority of the lending institution. However, government guaranteed or insured loans (e.g., SBA, VA, and FHA loans) are not permitted to be made in non participating communities, if secured by structures in SFHAs.

A non-participating community can join the NFIP – contact your local chief executive official for additional information.

_____    6/29/11    _____
DOUGLAS M SCHMIDT
Borrower/Applicant                    Date        Borrower/Applicant                    Date


_____                 _____
Borrower/Applicant                    Date        Borrower/Applicant                    Date


_____                 _____
Borrower/Applicant                    Date        Borrower/Applicant                    Date

**11048976**

| | |
|---|---|
| **MARITAL PROPERTY SETTLEMENT** | **STATE OF LOUISIANA** |
| BY:   Douglas M. Schmidt | **PARISH OF JEFFERSON** |
| AND:  Irene Danilova Schmidt | |

BE IT KNOWN, that on this day before me, the undersigned authority, a Notary Public

duly commissioned and qualified in the aforesaid State and Parish,

### PERSONALLY CAME AND APPEARED:

**DOUGLAS M. SCHMIDT**, a person of the full age of majority, resident and domiciled in the Parish of Orleans, State of Louisiana, who is currently residing at 7209 St. Charles Avenue, New Orleans, Louisiana, appearing on behalf of his separate and paraphernal property; and

**IRENE DANILOVA SCHMIDT**, a person of the full age of majority, resident and domiciled in the Parish of Jefferson, State of Louisiana, who is currently residing at 3608 Wanda Lynn Drive, Metairie, Louisiana 70002.

Who after being duly sworn did depose and state that:

Pursuant to a Marriage Contract entered into by and between Irene Danilova and Douglas M.

Schmidt, on or about April 15, 1998, the parties established a separate property regime whereby

each party would be separate in property in that no community property regime would exist between

them, upon their marriage.  As part of the Marriage Contract, Douglas M. Schmidt was obligated to

acquire, at his separate expense, residential real estate in the New Orleans area costing not less than

$150,000.00, with the proviso that the home would be owned one-half (½) each by the Appearers.

In conformity with the Marriage Contract, Douglas M. Schmidt and Irene Danilova Schmidt

acquired the following described property in both of their names:

**ONE CERTAIN LOT OF GROUND**, together with all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the **Parish of Jefferson, State of Louisiana**, in that part hereof known as Cleary Subdivision, in **SQUARE NO. 153-A**, bounded by Wanda Lynn Drive Olney Street, the Western boundary line of the subdivision, and Marion Street, which said **LOT** of ground is designated by the **NUMBER 4**, commences at a distance of one hundred fifty and no hundredths (150.00') feet from the corner of Wanda Lynn Drive and Olney Street, and measures thence fifty and no hundredths (50.00') feet front on Wanda Lynn Drive, a width in the rear of fifty and thirteen hundredths (50.13') feet, a depth on the sideline nearest Olney Street of one hundred twenty three and forty seven hundredths (123.47') feet, and a depth on the opposite sideline of one hundred twenty two and five hundredths (122.05') feet; all according to sketch of survey by Gilbert, Kelly & Couturie, Inc., Errol E. Kelly, Surveyor, dated May 10, 1973, a copy of which is annexed to an act before Allain C. Andry, Jr., Notary Public, dated May 11, 1973, for reference.  All as more fully shown on a plat of survey by Gilbert, Kelly & Couturie, Inc., Surveyors, dated September 16, 1994, a copy of which is annexed to act before Erin M. Springer, Notary Public, dated October 4, 1994.

EFILE: 11/22/2010 4:26 PM JEFF PAR 2746102 MWH $139.00 ::: 11048976 CONVEYANCE BOOK 3272 PAGE 152 AND MORTG BK 4466 PG 845

**11048976**

The improvements thereon bear the Municipal No.: 3608 Wanda Lynn Drive, Metairie, Louisiana 70002.

**THIS ACT IS MADE AND SUBJECT TO THE FOLLOWING:**

1.    Fence encroachments as shown on the survey by Gilbert, Kelly & Couturie, Inc., Surveyors, dated September 16, 1994.

2.    Brick column and concrete chain wall encroachments as shown on the survey by Gilbert, Kelly & Couturie, Inc., dated September 16, 1994.

(Hereinafter may be referred to as Wanda Lynn property)

In order to finance the acquisition of the property, Douglas M. Schmidt placed a thirty (30) year mortgage on the immovable property in favor of North Texas Financial Network, Inc. in the original principal amount of $172,000.00 as duly recorded on July 1, 2002 at MOB 4069, folio 550 of the mortgage records of Jefferson Parish, Louisiana. The aforesaid mortgage which was subsequently assigned to GMAC Financial Services Inc., now known as Ally Financial Services.

The parties further did depose and state that they were divorced by Judgment rendered in the Civil District Court for the Parish of Orleans on or about April 29, 2004.

The parties further did depose and state that they no longer wish to remain co-owners of the aforesaid marital property and do hereby agree to settle, compromise, and liquidated all claims by and between the parties arising out of their co-ownership of the aforesaid immovable property. Accordingly, the parties do hereby agree to bind themselves to the following obligations:

1.    Douglas M. Schmidt does hereby agree to transfer **and by these presents does hereby transfer all of his right, title, and interest into the preceding described immovable property bearing Municipal Number 3608 Wanda Lynn Drive, Metairie, Louisiana 70002 unto Irene Danilova Schmidt.**

2.    Douglas M. Schmidt does hereby agree to transfer unto Irene Schmidt any and all funds currently held in a joint account at the First Bank and Trust which had an original, initial deposit of approximately $6,000.00. Douglas M. Schmidt shall sign all necessary documentation for the transfer of funds within three (3) days of the execution of this agreement.

3.    Douglas M. Schmidt agrees to transfer all right, title and interest in and to insurance proceeds currently held by the mortgagee, Ally Financial Services in the approximate amount of $22,000.00. Douglas M. Schmidt does agree to execute any and all documents necessary for the release of the funds. Should

EFILE: 11/22/2010 4:26 PM JEFF PAR 2746102 MWH $139.00 ::: 11048976 CONVEYANCE BOOK 3272 PAGE 152 AND MORTG BK 4466 PG 845

**11048976**

it be necessary that Ally Bank transfer the funds to Douglas M. Schmidt, he

agrees to, transfer the funds received to Irene Schmidt within three (3) days of

his receipt of the funds.

4. Douglas M. Schmidt does hereby agree to bring the mortgage encumbering the

Wanda Lynn property current through March, 2010, together with any late

charges and/or fees incurred prior to April 1, 2010, and will provide Irene

Schmidt proof that the mortgage is paid through March, 2010, at closing. If

there are any sums do and owing for the time period prior to April 1, 2010,

then Douglas M. Schmidt will pay the monies owed to Irene Schmidt within

three (3) days of the execution of this contract. Payment is to be made to Irene

Schmidt's checking account at the Whitney National Bank.

5. Douglas M. Schmidt agrees to pay one-half (½) of the sum due and owing to

bring the mortgage current through November, 2010, said payment due and

payable within seven (7) days of the execution of this document. Payment is to

be made to Irene Schmidt's checking account at the Whitney National Bank.

6. Douglas M. Schmidt does agree to execute any and all documents necessary to

allow Ally Financial Services its successors, or assigns to provide account

information to Irene Danilova Schmidt within three days of the execution of

this contract

7. Additionally, Irene Danilova Schmidt would receive all monies paid or to be

paid by Road Home. In connection therewith Douglas M. Schmidt agrees to

execute any and all documents necessary to receive funds from the Road

Home Program.

For and consideration of the transfer of the property to her and payments made by Douglas

M. Schmidt, Irene Danilova Schmidt does hereby agree to pay one-half (½) of the sums due and

owing on the mortgage encumbering the subject property from April, 2010 through November,

2010. The payment is due within seven (7) days of the execution of this document.

EFILE: 11/22/2010 4:24 PM JEFF PAR 27/46102 MWH $139.00 ::: 11048976 CONVEYANCE BOOK 3272 PAGE 152 AND MORTG BK 4466 PG 845

**11048976**

The parties agree to obtain a payoff figure from the current lender as of December, 2010. That figure would be divided in half. Douglas M. Schmidt will be responsible for paying unto Irene Danilova Schmidt one-half (½) of the payoff figure in monthly installments that will be equal to one-half (½) of the monthly payment as required by the lender. Irene Schmidt will timely pay the full monthly amount due to the lender. Douglas Schmidt will make his monthly payment to Irene Schmidt no later than the 5ᵗʰ day of each month. Payment is to be made to Irene Schmidt's checking account at the Whitney National Bank. There will be no pre-payment penalty for Douglas M. Schmidt paying the obligation off early.

As long as the obligation remains outstanding to Irene Danilova Schmidt, Douglas M. Schmidt agrees to pay one-half (½) of the homeowner's and flood insurance and one-half (½) of the property taxes. These payments are in addition to the payment set forth in the preceding paragraph. Payment is to be made to Irene Schmidt no less than thirty (30) days preceding the date that the payment is due to the insurance company / taxing authority. Payment is to be made to Irene Schmidt's checking account at the Whitney National Bank within seven (7) days of notification of amounts due by Irene Schmidt. Should Douglas M. Schmidt prepay the obligation owed to Irene Schmidt prior to the scheduled payoff date, he would no longer be responsible for payment of the homeowner's insurance, flood insurance, and property taxes. All payments due to Irene Schmidt by Douglas M. Schmidt shall be made to her Whitney National Bank checking account bearing the last four digits 9674; or to any account designated by Irene Schmidt, in the future.

Both parties agree to waive any resolutory rights in connection with this contract. The parties specifically reserve all other rights that they may have against each other that do not specifically arise out of the ownership Wanda Lynn property; both parties expressly acknowledging that all rights and claims arising out of their co-ownership of the Wanda Lynn property have been addressed by this agreement; expressly agreeing that all rights that they may have arising out of the co-ownership of the Wanda Lynn property as to themselves or to third parties have been specifically compromised and settled by this agreement; and do hereby agree to dismiss any and all claims against each other or other third parties arising out of an in connection with the Wanda Lynn property.

EFILE: 11/22/2010 4:29 PM JEFF PAR 27491/02 MWH $139.00 ::: 11048976 CONVEYANCE BOOK 3272 PAGE 152 AND MORTG BK 4466 PG 845

**11048976**

The parties do specifically hereby agree to execute any and all documents necessary to effectuate the covenants and agreements expressed herein.

**THUS DONE AND PASSED** at Metairie, Louisiana, on this _22nd_ day of _November_, 2010.

**WITNESSES:**

Print Name: *Gail D. Seibert*

Print Name: *Jan L. Diaz*

_____
**DOUGLAS M. SCHMIDT**

_____
**NOTARY PUBLIC**

JOHN Y. KENNEDY, NOTARY PUBLIC
MY COMMISSION IS ISSUED FOR LIFE
LOUISIANA STATE BAR 07513

**WITNESSES:**

Print Name: *Gail D. Seibert*

Print Name: *Jan L. Diaz*

_____
**IRENE DANILOVA SCHMIDT**

_____
**NOTARY PUBLIC**

JOHN Y. KENNEDY, NOTARY PUBLIC
MY COMMISSION IS ISSUED FOR LIFE
LOUISIANA STATE BAR 07513

EFILE: 11/22/2010 4:26 PM JEFF PAR. 27461/02 MWH $139.00 ::: 11048976 CONVEYANCE BOOK 3272 PAGE 152 AND MORTG BK 4486 PG 845

GMAC Mortgage
P.O. BOX 52050
Phoenix, AZ 85072

Irena Schmidt
3608 Wanda Lynn Dr.
Metairie, LA 70002

VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED

RE:    Property Address:      3608 Wanda Lynn Dr. Metairie, LA  70002
       Date of Loss:          08/29/2005
       Tracking #:            118452

Enclosed: Copies of draw checks and letter documenting 2nd draw was sent.

*Please Let me know if you have any questions*
*Jodi*
*480-768-5176*

**Homecomings Financial, LLC**
*A GMAC Company*

October 19, 2007

Douglas Schmidt
335 City Park Avenue
New Orleans, LA  70119

### DRAW CHECKS

Re:  Loan Number ████4057                    **881 369**

Dear Mr. Schmidt:

We received your insurance claim check in the amount of $53,597.80 and have deposited it into a hazard suspense account. Enclosed please find Homecomings Financial, LLC check #11118356 in the amount of $17,865.93 representing the first disbursement from the insurance funds. The proceeds are disbursed in increments from the hazard suspense account initiated in your name. This account was specifically created to retain funds issued by your insurance company in conjunction with damage to your property.

When the repairs to your home reach 40 – 60 percent completion, please contact us. We will order a property inspection and upon verification and receipt of required documents, we will release a second check to you. The final disbursement will be disbursed upon full completion of the repairs.

Homecomings Financial, LLC appreciates having you as a customer and we value your business. Please contact our office with any questions or concerns at 1.866.222.8719.

Sincerely,

Courtney Knight
Claim Specialist
Insurance Claims Center

03/01/2012 15:05 FAX                                                                                          ☑ 002/002

3/1/2012    1:57:42 PM





| Location | Acct # | Original Acct # | Check # | Original Check # | Amount | Original Amount | Issue Date |
|---|---|---|---|---|---|---|---|
| CD | 7839 | 937839 | 11118356 | 11118356 | $17,865.93 | $17,865.93 | 10/18/2007 |

| Paid Date | Original Paid Date | Sequence | | Customer Data | R/T Number | Original R/T Number |
|---|---|---|---|---|---|---|
| 10/26/2007 | 10/26/2007 | 320695782 | | | 111 | 111 |

| GL Category | CD VoID/CIMS Key | CD Label | Process Control |
|---|---|---|---|
| | 2007103141982 | 20071031183404 | |

## Homecomings Financial

*A GMAC Company*
PO Box 52125
Phoenix AZ 85072

May 13, 2008

Douglas M. Schmidt
335 City Park Avenue
New Orleans, LA 70119

RE:

| | |
|---|---|
| Property Address | : 3608 Wanda Lynn Dr.  Metairie, LA 70002 |
| Tracking No. | : 881369 |
| Date of Loss | : 08/29/2005 |
| Account No. | : ████4057 |

Dear Douglas M Schmidt:

The enclosed check(s) represents a partial release of funds held by us for property restoration.

As previously advised, additional funds will be released upon further completion and subsequent inspections by our representative.

**FLORIDA PROPERTIES: Please contact our office 10 to 14 business days prior to needing additional funds to allow time for the property inspection.**

NON-FLORIDA PROPERTIES: please contact our office 7-10 business days prior to needing additional funds.

The balance of your funds is $22,020.94.

If I may be of additional assistance, please call me at 1-866-663-1786.

Sincerely,

*Melinda Neumann*

Melinda Neumann, Ext. 6372
Insurance Claims Center
**FAX:  888-371-3567**

Enclosure – 2nd **DRAW Check(s)**

$13,710.93