**Hearing Date and Time: August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: August 1, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims
Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- )
                                                        )
In re:                                                  )    Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                )    Chapter 11
                                                        )
                                       Debtors.         )    Jointly Administered
                                                        )
------------------------------------------------------- )

**NOTICE OF RESCAP BORROWER CLAIMS TRUST'S**
**SEVENTIETH OMNIBUS OBJECTION TO CLAIMS**
<u>**(RES JUDICATA BORROWER CLAIMS)**</u>

      **PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*

*Borrower Claims Trust's Seventieth Omnibus Objection to Claims (Res Judicata*

*Borrower Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by

disallowing your claim against the above-captioned Debtors.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 1, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum and Jordan A. Wishnew); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022 (Attn: Daniel J. Flanigan).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  July 2, 2014
        New York, New York

                        Respectfully Submitted,

                        /s/ Norman S. Rosenbaum
                        Norman S. Rosenbaum
                        Jordan A. Wishnew
                        **MORRISON & FOERSTER LLP**
                        250 West 55th Street
                        New York, New York 10019
                        Telephone:  (212) 468-8000
                        Facsimile:  (212) 468-7900

                        *Counsel for The ResCap Borrower Claims Trust*

**Hearing Date and Time:  August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  August 1, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- )
                                                           )
In re:                                                     )    Case No. 12-12020 (MG)
                                                           )
RESIDENTIAL CAPITAL, LLC, et al.,                          )    Chapter 11
                                                           )
                                  Debtors.                 )    Jointly Administered
                                                           )
---------------------------------------------------------- )

**RESCAP BORROWER CLAIMS TRUST'S SEVENTIETH OMNIBUS OBJECTION TO**
**CLAIMS (RES JUDICATA BORROWER CLAIMS)**

<div style="border:1px solid black">

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON**
**<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT**
**THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL,**
**JORDAN A. WISHNEW, AT (212) 468-8000.**

</div>

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the confirmed Plan (defined below) filed in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") for Borrower Claim (defined below) matters, by and through its undersigned counsel, respectfully represents:

## RELIEF REQUESTED

1.       The Trust files this Seventeeth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 1, to disallow and expunge the Borrower Claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Objection, the Trust submits the *Declaration of Lauren Graham Delehey in Support of the Debtors' Seventieth Omnibus Claims Objection* (the "Delehey Declaration," attached hereto as Exhibit 2), and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Trust (the "Rosenbaum Declaration"), annexed hereto as Exhibit 3.

2.       The Trust examined the proofs of claim identified on Exhibit A to the Proposed Order as well as the Books and Records (defined below) that the Debtors maintained in

---

[1] Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1146800

the ordinary course of business, and determined that the proofs of claim listed on <u>Exhibit A</u> (collectively, the "<u>Res Judicata Borrower Claims</u>") are not liabilities of the Debtors because such claims are barred by the doctrine of res judicata.

3.      These determinations were made after the holders of certain of the Res Judicata Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims.   Accordingly, the Trust seeks entry of the Proposed Order disallowing and expunging the Res Judicata Borrower Claims from the Claims Register (defined below) in their entirety.

4.      The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

5.      The Trust expressly reserves all rights to object on any other basis to any Res Judicata Borrower Claim as to which the Court does not grant the relief requested herein.

## **JURISDICTION**

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2] The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1146800

## BACKGROUND

*General Case Background*

7.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

9.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137].

10.     The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court. See Plan, at Art. IV.F. The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." See id.

4

*Claims-Related Background*

11.     On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

12.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

13.     The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors and the Trust, as successor to the Debtors, to follow before objecting to certain categories of Borrowers Claims.[3]  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

---

[3] The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel.  As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art. XIII.D.).  In connection with the Objection, it is the Trust's understanding that both the Debtors and Special Counsel complied with the Borrower Claim Procedures as set forth herein.  Because the Creditors' Committee was dissolved as of the Plan Effective Date, the Trust did not consult with Special Counsel prior to filing the Objection.

ny-1146800

14.    Through the claims reconciliation process, the Trust identified the Res Judicata Borrower Claims as claims filed by Borrowers that fail to establish a liability against any of the Debtors because they are barred by the doctrine of res judicata.  Further, the Trust determined that some of these Borrowers failed to provide any explanation or attach any supporting documentation to substantiate the validity of the asserted claim and/or the inapplicability of said doctrine.

15.    On June 21, 2013, the Debtors sent Request Letters, substantially in the form annexed hereto as Exhibit 4, to those Borrowers who filed the Res Judicata Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of their claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Exhibit 4, Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, then the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.  Moreover, the Request Letters specifically request (i) that the claimant indicate whether the basis for and amount of the claim contained in the claimant's claim are the same or different in any way from the claim asserted in claimant's lawsuit against the Debtors and (ii) to the extent that claimant's lawsuit has been dismissed or withdrawn, that the claimant provide a specific explanation as to why the claimant believes he or she is still owed money or entitled to other relief from one or more of the Debtors.  See id.; see also Delehey Declaration ¶ 7.

16.     The Response Deadline has passed, and the Debtors either did not receive a response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable Res Judicata Borrower Claims.    See Delehey Declaration ¶ 7.

## THE RES JUDICATA BORROWER CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

17.     Based upon a review of the proofs of claim filed on the Claims Register, the Trust determined that the Res Judicata Borrower Claims identified on Exhibit A annexed to the Proposed Order should be disallowed and expunged from the Claims Register because such claims are barred by the doctrine of res judicata.    Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.    If the Res Judicata Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of the Trust's beneficiaries.

18.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."    11 U.S.C.  §  502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.    See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . ."  11 U.S.C. § 502(b)(1).

19.     Upon commencement of litigation against them, it was the Debtors' regular practice to retain outside litigation counsel to represent them in the litigation.    The Debtors' in-house attorneys would communicate with litigation counsel as to the conduct of the

7

ny-1146800

litigation throughout the pendency of the case.  See Delehey Declaration ¶ 5.  In reviewing the

Res Judicata Borrower Claims, the Liquidating Trust, on behalf of the Trust,[4] expended

considerable resources to diligently review the case notes from the Debtors' internal electronic

case management system and the Debtors' internal files relating to the litigation, including

relevant underlying documents such as the note, loan agreement and/or deed of trust (the

"Litigation File").  See id.  In each case, the Debtors or the Liquidating Trust (on behalf of the

Trust), as applicable, supplemented the Litigation File by reaching out to the outside counsel

who handled the litigation to obtain a current update as to the status of the litigation, as well as

copies of any relevant case dockets, complaints, answers, counterclaims, motions, responsive

pleadings, judgment, orders, and any other relevant documents relating to the underlying

litigation.  See id.  The allegations set forth in each of the Res Judicata Borrower Claims were

compared to the information contained in the Litigation Files (as supplemented with information

provided by outside counsel), as well as the Debtors' accounts payable and records, the Debtors'

internal servicing notes, as well as and any other relevant documentation (collectively, the

"Books and Records").  See id. ¶ 6.

> 20.    The Res Judicata Borrower Claims set forth on Exhibit A to the Proposed

Order are comprised of claims related to litigations adjudicated in the federal courts for the

Eastern District of Michigan, the Middle District of North Carolina, the Middle District of

Georgia, the Eastern District of New York, and the Central District of California, as well as in

one state court, the Circuit Court for Escambia County, Florida.  See Delehey Declaration ¶ 8.

The underlying state and federal court dismissals are final (the dates of which are identified on

Exhibit A to the Proposed Order), and the basis for each Res Judicata Borrower Claim is the

---

[4] The ResCap Liquidating Trust and the Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

same as the allegations made in the underlying litigation that were previously adjudicated by

state or federal courts.[5]  See id.  The orders dismissing each case are attached as Exhibit 5.

21.    The doctrine of res judicata provides that "a final judgment on the merits

of an action precludes the parties or their privies from relitigating issues that were or could have

been raised in that action." Burgos v. Hopkins, 14 F.3d 787, 789 (2d. Cir. 1994) (quoting Allen

v. McCurry, 449 U.S. 90, 94 (1980)).  See also Bell v. Bd. of Supervisors, Cnty. of Monterey,

990 F.2d 1255 (9th Cir. 1993) (stating the rule in California); Fla. Dep't of Transp. v. Juliano,

801 So.2d 101, 105 (Fla. 2001) (stating the rule in Florida); Bostick v. CMM Props. Inc.,, 755

S.E.2d 895 (Ga. Ct. App. 2014) (stating the rule in Georgia); Adair Mich.,, 680 N.W.2d 386, 396

(Mich. 2004) (stating the rule in Michigan); State ex rel. Tucker v. Frinzi, 474 S.E.2d 127

(N.C. 1996) (stating the rule in North Carolina); Ins. Co. of State of Penn. v. HSBC Bank USA,

882 N.E.2d 381 (N.Y. 2008) (stating the rule in New York).  Moreover, when a judgment is

issued by a state court, the preclusive effect of such determination "in a subsequent federal action

is    determined    by    the    rules    of    the    state    where    the    prior    action    occurred

. . . ." New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C.

§ 1738); see, e.g., Taylor v. Sturgell, 553 U.S. 880 (2008).  Therefore, "[i]n applying the doctrine

of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive

effect in federal court as the judgment would have had in state court." Burka v. N.Y.C. Transit

Auth., 32 F.3d 654, 657 (2d. Cir. 1994) (citation omitted); see, e.g., Kremer v. Chem. Constr.

Corp., 456 U.S. 461 (1982).  Similarly, federal courts must apply federal res judicata law when

determining the preclusive effect of prior federal-question federal court decisions.  See Blonder-

---

[5] One of the claims, Claim No. 3892 filed by Peter Zepperio, is based on litigation that is currently on appeal in the
U.S. Court of Appeals for the Ninth Circuit.  However, in federal court, "the pendency of an appeal does not
suspend the operation of an otherwise final judgment for purposes of res judicata." Eichman v. Fotomat Corp., 759
F.2d 1434, 1439 (9th Cir. 1985).

Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 324, n.12 (1971) ("In federal-question cases, the law applied is federal law."); Heiser v. Woodruff, 327 U.S. 726, 733 (1946) ("It has been held in non-diversity cases, since Erie v. Tompkins, that the federal courts will apply their own rule of res judicata.") (citation omitted).

22.    Generally, parties are in privity with each other for purposes of res judicata when the interest of the first litigant represents the same legal right that the later litigant is trying to assert and the first litigant adequately represented the interest of the later litigant. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003) (holding that privity exists if "there is substantial identity between the parties, that is, when there is sufficient commonality of interest."); AMEC Civil, LLC v. PTG Const. Servs. Co., 106 So.3d 455, 456 (Fla. Dist. Ct. App. 2012) ("Privity is a mutuality of interest, an identification of interest of one person with another, and includes privity of contract, the connection or relationship which exists between contracting parties."); Bostick, 755 S.E.2d at 898 ("Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. . ."); Bates v. Twp. of Van Buren, 459 F.3d 731, 734-35 (6th Cir. 2006) (finding that privity is found where the parties have a substantial identity of interest, a working, functional relationship, and the interest of the nonparty is presented and protected by the litigation); Wildfong v. Fireman's Fund Ins. Co., 181 Mich. App. 110, 115 (1989) ("In the broadest sense, privity has been defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right."); Jones v. First Franklin Loan Servcs., 2011 WL 972518 (W.D.N.C. Mar. 15, 2011) (finding that privity existed between a mortgage servicer and a lender); Watts v. Swiss Bank Corp., 265 N.E.2d 739, 743 (N.Y. 1970) (holding that privity "includes those who are successors

10

to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action; and possibly co-parties to a prior action.").

23.    Each of the Res Judicata Borrower Claims listed on <u>Exhibit A</u> to the Proposed Order is based on state or federal court litigation that has been dismissed with prejudice as to either the Debtors (the "<u>Debtor Litigation</u>") or the non-Debtors that were co-defendants with the Debtors in each action (the "<u>Non-Debtor Litigations</u>").[6]    <u>See</u> Delehey Declaration ¶ 9.  Because a notice of bankruptcy was filed in each case that was pending after the Petition Date, the Non-Debtor Litigations were not dismissed against the Debtors.  <u>See</u> <u>id</u>.  However, in each Non-Debtor Litigation, at least one of the non-Debtor co-defendants was either the original lender of the loan at issue, were subsequent or previous servicers to the loan at issue, or were investors of the loan at issue, and the Debtor-defendants were either the servicer, investor, originator, or purchaser of the loan at issue.  <u>See</u> <u>id</u>.  Furthermore, in each Non-Debtor Litigation, the Plaintiff-claimant's allegations did not distinguish between the actions of the Debtor co-defendants and the non-Debtor co-defendants. As a result, the Debtor co-defendants and at least one non-Debtor co-defendant in each case were either jointly defending the suit or had a working relationship with each other, and had a substantial identity of interest in defending the underlying litigation.    <u>See</u> <u>id</u>.    Therefore, the relationship between the non-Debtor co-defendants and the Debtors in each Non-Debtor Litigation is sufficiently close in nature that they

---

[6] As set forth on <u>Exhibit A</u> to the Proposed Order, claim number 989 filed by James and Christina Blanton (the "<u>Blanton Claim</u>") is based on litigation, commenced by the Claimants in Florida state court in 2012 against, among other parties, Debtor GMAC Mortgage ("<u>GMACM</u>") and non-Debtor Everhome ("<u>Everhome</u>"), that was dismissed with prejudice in favor of Everhome on October 12, 2012 (the "<u>2012 Dismissal</u>").  As a result, the Blanton Claim is barred by the doctrine of res judicata because of the dismissal in favor of Everhome.  The 2012 Dismissal was decided on res judicata grounds  because James and Christina Blanton had filed identical litigation against Everhome and GMACM in 2008 (the "<u>2008 Litigation</u>"), also filed in Florida state court.  The 2008 Litigation was also dismissed with prejudice in favor of Everhome and GMACM on July 18, 2011 (the "<u>2011 Dismissal</u>").  As a result, in addition to being barred by res judicata on account of the 2012 Dismissal, the Blanton Claim is also barred by res judicata on account of the 2011 Dismissal.

are in privity with each other for res judicata purposes.  <u>See</u> ¶ 22 *supra*.[7]  As a result, all of the

requirements of res judicata are met for each Res Judicata Borrower Claim and the Debtor

entities have no liability to the Borrowers because such claims are barred by the doctrine of res

judicata.

24.     For two of the Res Judicata Borrower Claims, claim no. 5641 filed by

Thomas Demelio and claim no. 3815 filed by Erick Aguilar Ruiz, there are additional reasons

that the claim should be disallowed.  The additional grounds for objecting to those claims are

noted under the heading "Reason(s) for Disallowance" on <u>Exhibit A</u> attached to the Proposed

Order.

25.     Accordingly, to avoid the possibility that the parties who filed the Res

Judicata Borrower Claims receive improper recoveries from the Trust, and to ensure the Trust's

beneficiaries are not prejudiced by such improper recoveries, the Trust requests that the Court

disallow and expunge the Res Judicata Borrower Claims in their entirety.  Further, the Trust

reserves the right to object on any other basis to any Res Judicata Borrower Claim as to which

the Court does not grant the relief requested herein.

### NOTICE

26.     The Trust has served notice of this Objection in accordance with the Case

Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.

The Trust submits that no other or further notice need be provided.

### NO PRIOR REQUEST

27.     No previous request for the relief sought herein as against the holders of

the Res Judicata Borrower Claims has been made by the Trust to this or any other court.

---

[7] Therefore, for the reasons set forth in greater detail on <u>Exhibit A</u> to the Proposed Order, the relationship between the non-Debtor co-defendants and the Debtors in each Non-Debtor Litigation is sufficiently close in nature that they are in privity with each other for res judicata purposes.

ny-1146800

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 2, 2014
       New York, New York

                                /s/ Norman S. Rosenbaum
                                Norman S. Rosenbaum
                                Jordan A. Wishnew
                                MORRISON & FOERSTER LLP
                                250 West 55th Street
                                New York, New York 10019
                                Telephone:  (212) 468-8000
                                Facsimile:  (212) 468-7900

                                *Counsel for The ResCap Borrower Claims Trust*

13

## Exhibit 1

**Proposed Order**

ny-1146800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------

### ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)

Upon the seventieth omnibus objection to claims, dated July 2, 2014 [Docket No. ] (the "<u>Objection</u>")[1] of The ResCap Borrower Claims Trust (the "<u>Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Res Judicata Borrower Claims on the basis that such claims are invalid under principles of res judicata, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Objection and the Declaration of Lauren Graham Delehey and the Declaration of Norman S.
Rosenbaum, annexed to the Objection as Exhibit 2 and Exhibit 3, respectively; and the Court
having found and determined that the relief sought in the Objection is in the best interests of the
Debtors' estates, the Debtors' creditors, and all parties in interest and that the legal and factual
bases set forth in the Objection establish just cause for the relief granted herein; and the Court
having determined that the Objection complies with the Borrower Claim Procedures set forth in
the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent
provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims
listed on Exhibit A annexed hereto (collectively, the "Res Judicata Borrower Claims") are hereby
disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and
noticing agent, is directed to disallow and expunge the Res Judicata Borrower Claims identified
on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the
Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may
be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed
good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),
the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures
Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ny-1146906

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Trust's and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Res Judicata Borrower Claims identified on Exhibit A, annexed hereto, as if each such Res Judicata Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1146906

## Exhibit A

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| Jessica Angel Quiroz Ramon Quiroz<br><br>89-37 Metropolitan Ave Rego Park, NY 11374<br><br>Claim No. 4413<br><br>Filed: 11/08/2012 | UNLIQUIDATED Priority,<br><br>$522,000.00 General Unsecured | Residential Capital, LLC 12-12020 | Dismissed with Prejudice; Wrong Debtor | New Century Mortgage Corp. originated the loan on July 8, 2005. Debtor Residential Funding purchased the loan from New Century. The loan was subsequently securitized where US Bank, NA was appointed trustee on or about October 1, 2005. Debtor GMAC Mortgage, LLC serviced the loan from September 20, 2005 until servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimants Ramon, Helen, and Jessica Quiroz filed a complaint in the USDC Eastern District of New York naming as defendants debtors GMAC Mortgage and Homecomings, as well as non-debtors U.S. Bank National Association and New Century Mortgage Corp. (Case No. 1:10-CV-2485).  The complaint contained various causes of action, including violations of the Truth in Lending Act and securities fraud.  The case was dismissed with prejudice on August 8, 2011 pursuant to *Memorandum and Order*, a copy of which is annexed to the objection as Exhibit 5-1.  The court found that the claims were related to a state court foreclosure proceeding, and that as a result such claims were barred by the Rooker-Feldman Doctrine and Res Judicata.  Claimant appealed to the US Court of Appeals for the Second Circuit as Case No. 11-3663.  Stay relief was granted on September 13, 2013 to allow Claimant to proceed with the appeal.  The Court of Appeals dismissed the case on February 20, 2014 because it lacked an arguable basis in law or fact.<br><br>While the Claimant does not list a basis for his claim in box 2 of the proof of claim ("basis for claim"), it appears that the claim is based on the same allegations as those raised in the complaint, as the Claimant attaches the exact same exhibits to the proof of claim that were attached to the complaint.  Furthermore, in the Claimant's response to the Request Letter sent to him by the Debtors, the Claimant references an April 25, 2013 Second Circuit opinion related to the litigation, which construed the Claimant's motion for summary judgment as a motion for summary reversal of the district court's order.<br><br>Additionally, while the claim was filed against Residential Capital, LLC, the litigation was against GMAC Mortgage.  As a result, the claim was filed against the wrong debtor. | 1:10-CV-2485 | USDC Eastern District of New York |
| KEITH G. TATARELLI, P.C. MARY PHELAN V TWIN LAKES HOMEOWNERS ASSOC CONDOMINIMUM (OBLIGATOR), ORLANS & ASSOCIATES, GMAC MRTG, LLC, MRTG ELECTRONI ET AL<br><br>1800 Crooks Road, Suite C Troy, MI 48084 | $450,000.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Debtor GMAC Mortgage, LLC originated the loan on March 15, 2007.  Debtor subsequently sold its interest in the loan to Federal Home Loan Mortgage Company ("Freddie Mac") on or about April 25, 2007. Debtor GMAC Mortgage serviced the loan from March 15, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant filed litigation against Debtors and others in Oakland County Circuit Court in Michigan on October 18, 2011.  On November 17, 2011, Debtors removed the action to the Eastern District of Michigan, Case No. 5-11CV15103.  The court dismissed the matter with prejudice as to non-Debtors on July 20, 2012 pursuant to *Order Resolving Dispositive Motions and All Remaining Claims*, a copy of which is annexed to the objection as Exhibit 5-2 (Debtor was originally a moving party to that motion to dismiss, but the case was stayed as to Debtor).  Claimant then filed a Motion to Reopen and to file an amended complaint as to GMAC Mortgage and a Motion for Relief from Judgment as to Freddie Mac on May 20, 2013.  The court denied all motions on August 7, 2013.  Freddie Mac filed an eviction action in state court for possession, which Claimant | 5-11CV15103 | Eastern District of Michigan |

1

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| Claim No. 873<br><br>Filed 10/01/2012 | | | | appeared at and presented the same defenses as in this litigation. State court rejected those arguments and entered an order of possession. Claimant appealed, which was dismissed because no brief was filed.<br><br>Claimant wrote "wrongful foreclosure" in box 2 of the proof of claim ("basis for claim"). This is the same as the basis of the complaint filed against the Debtors and non-Debtor defendants in the litigation.<br><br>GMAC Mortgage is in privity with defendant MERS for purposes of res judicata because the original mortgage lists MERS as acting as nominee for GMAC Mortgage.<br><br>GMAC Mortgage is in privity with Freddie Mac for purposes of res judicata because GMAC Mortgage transferred its interest in the loan at issue to Freddie Mac in 2007. | | |
| Erick Aguilar Ruiz v. Nationstar Mortgage, LLC, GMAC Mortgage, LLC & Subsidiaries<br><br>PO Box 49144<br>Greensboro, NC 27419<br><br>Claim No. 3815<br><br>Date Filed: 11/09/2012 | $100,000.00 General Unsecured | Residential Capital, LLC 12-12020 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor; Wrong Debtor | Debtor GMAC Mortgage LLC serviced the loan from July 11, 2002 until servicing transferred to Nationstar Mortgage on February 1, 2008. Flick Mortgage Investors, Inc. originated the loan on June 18, 2002.<br><br>Claimant filed litigation against Debtors and others in the USDC Middle District of NC, Case No. 1-12CV272 related to a foreclosure by Nationstar. Debtor filed a Motion to Dismiss on May 8, 2012. On August 26, 2013, the Magistrate Judge recommended that the case be dismissed as to the non-Debtors pursuant to the *Memorandum Opinion and Recommendations of Unite States Magistrate Judge*, a copy of which is annexed to the objection as Exhibit 5-3. The district court signed the order dismissing the case as to non-Debtors on September 25, 2013 pursuant to the *Judgment*, a copy of which is annexed to the objection as Exhibit 5-4. The Claimant appealed the district court decision, and the court of appeals affirmed the judgment of the district court on February 25, 2014 pursuant to a per curiam opinion, a copy of which is annexed to the Objection as Exhibit 5-5.<br><br>The proof of claim and response received from the Claimant with regard to the Request Letter sent by the Debtors states that the Claimant is entitled to a claim for the entire amount he paid on his mortgage because the Debtors have no claim to the property that secured the mortgage. This is identical to the allegations made in the complaint in the referenced litigation, which stated that the Debtor had no claim to the property and therefore wrongfully foreclosed.<br><br>The magistrate judge dismissed the complaint against the non-Debtor co-defendants for failure to state a cause of action under FRCP Rule 12(b)(6). The district court noted that the complaint did not particularize claims against the different co-defendants, and as a result decided the claims against all the non-Debtor defendants as a group.<br><br>Additionally, while the claim was filed against Residential Capital, LLC, the litigation was against GMAC Mortgage. As a result, the claim was filed against the wrong debtor. | 1-12CV272 | USDC Middle District of North Carolina |

ny-1147900

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for DIsallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| | | | | GMAC Mortgage is in privity with defendant Nationstar for purposes of res judicata because Nationstar took over servicing of the loan at issue from GMAC Mortgage. | | |
| Erick A. Ruiz v. Nationstar Mortgage, LLC & GMAC Mortgage, LLC & SubsidiariesPO  Box 49144 Greensboro, NC 27419  Claim No. 2573  Filed: 11/06/2012 | $51,300.00 Secured  $32,550.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Debtor GMAC Mortgage LLC serviced the loan from July 11, 2002 until servicing transferred to Nationstar Mortgage on February 1, 2008. Flick Mortgage Investors, Inc. originated the loan on June 18, 2002.  Claimant filed litigation against Debtors and others in the USDC Middle District of NC, Case No. 1-12CV272 related to a foreclosure by Nationstar.  Debtor filed a Motion to Dismiss on May 8, 2012.  On August 26, 2013, the Magistrate Judge recommended that the case be dismissed as to the non-Debtors pursuant to the *Memorandum Opinion and Recommendations of Unite States Magistrate Judge*, a copy of which is annexed to the objection as Exhibit 5-3.  The district court signed the order dismissing the case as to non-Debtors on September 25, 2013 pursuant to the *Judgment*, a copy of which is annexed to the objection as Exhibit 5-4.  The Claimant appealed the district court decision, and the court of appeals affirmed the judgment of the district court on February 25, 2014 pursuant to a per curiam opinion, a copy of which is annexed to the Objection as Exhibit 5-5.  The proof of claim and response received from the Claimant with regard to the Request Letter sent by the Debtors states that the Claimant is entitled to a claim for the entire amount he paid on his mortgage because the Debtors have no claim to the property that secured the mortgage. This is identical to the allegations made in the complaint in the referenced litigation, which stated that the Debtor had no claim to the property and therefore wrongfully foreclosed.  The magistrate judge dismissed the complaint against the non-Debtor co-defendants for failure to state a cause of action under FRCP Rule 12(b)(6).  The district court noted that the complaint did not particularize claims against the different co-defendants, and as a result decided the claims against all the non-Debtor defendants as a group.  GMAC Mortgage is in privity with defendant Nationstar for purposes of res judicata because Nationstar took over servicing of the loan at issue from GMAC Mortgage. | 1-12CV272 | USDC Middle District of North Carolina |
| James and Christina Blanton Bearman Law James Blanton VS GMAC Mortgage Company, Everhome Mortgage, Mortgage Investors Corp. | UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC 12-12032 | Dismissed with Prejudice; Dispositive Motion Granted as to other Defendants in Related Litigation and | Mortgage Investors Corp. originated the loan on February 23, 2004. Debtor GMAC Mortgage purchased the loan from Mortgage Investors Corp. and subsequently sold its interest in the loan to Ginnie Mae on or about September 24, 2008. Debtor GMAC Mortgage serviced the loan from October 4, 2004 until servicing transferred to Everhome Mortgage Company on Nov 8, 2008. Claimant had previously filed the same litigation against the same parties in the First Judicial District Court Circuit Court Escambia County, FL, Case No. 2008-CA-1763 which was dismissed on summary judgment as to Debtor and non-Debtors on July 18, 2011.  Claimants then filed litigation against Debtors and others in the Circuit Court in Escambia County, | 2008-CA-1763 2012-CA264 | First Judicial District Court Escambia, Florida |

3

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| 820 North 12th Avenue Pensacola, FL 32501<br><br>Claim No. 989<br><br>Filed: 10/05/2012 | | | Automatic Stay Prevented Decision as to Debtor | FL, Case No. 2012-CA264.  Debtor filed a motion to dismiss on March 12, 2012 on the grounds that the cause of action was barred by res judicata because it was identical to the litigation that was dismissed as to the Debtor in 2011.  The court granted summary judgment as to non-Debtors, Everhome Mortgage and Mortgage Investors Corp., on October 12, 2012 pursuant to two *Final Judgment* orders, copies of which are attached to the Objection as Exhibit 5-6 and Exhibit 5-7. The court granted summary judgment to non-Debtor co-defendant Everhome on the basis that the cause of action was barred by res judicata due to the litigation in 2011, which it was also a party to.   The Claimants did not appeal these decisions. Claimants attached a copy of the complaint from the 2012 litigation to the proof of claim.<br><br>GMAC Mortgage is in privity with defendant Mortgage Investors Corp. for purposes of res judicata because Mortgage Investors Corp. was the original lender of the loan at issue and held the loan while GMAC Mortgage serviced the loan.<br><br>GMAC Mortgage is in privity with defendant Everhome for purposes of res judicata because GMAC Mortgage transferred its right to service the loan to Everhome in 2008. | | |
| Thomas Demelio<br><br>Thompson Law Group, LLC<br>PO Box 53484<br>Atlanta, GA 30355-1484<br><br>Claim No. 5641<br><br>Filed: 11/16/2012 | $4,900,000.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor; General No Liability; Wrong Debtor; Estoppel by Waiver | Debtors' involvement with Claimant's loan, as related to the litigation attached to the POC, was limited to Debtors' roles as servicer and investor of the second lien loan.  Citizens Home Loan, Inc. originated the loan on August 20, 2007.  Debtor Residential Funding Company, LLC purchased the loan from Citizens Home Loan and is the current investor.   Debtor GMAC Mortgage LLC serviced the second lien loan from August 30, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's litigation, attached to the proof of claim, relates to a foreclosure action involving the first lien loan which Debtor did not have an interest in and asserts allegations related to the ability of MERS to foreclose.  The Claimant filed litigation against Debtor Residential Funding Company, LLC and others on June 4, 2012 in Walton County, Georgia.  The defendants removed to the U.S. District Court for the Middle District of Georgia on June 19, 2012 (Case No. 3:12-cv-00081).  The Debtors filed a Notice of Bankruptcy on August 10, 2012.  On January 29, 2013, the district court dismissed the case as to non-Debtor defendants for failure to state a claim upon which relief could be granted pursuant to the *Order on Defendants' Motion to Dismiss*, a copy of which is annexed to the Objection as Exhibit 5-8.  The Claimant then appealed that decision to the 11th Circuit Court of Appeals on March 1, 2013.  The court of appeals affirmed the decision of the district court on November 13, 2013 in an order, a copy of which is annexed to the Objection as Exhibit 5-9.  Debtor's involvement in the lawsuit was only in connection with acting as investor of the second lien loan that was foreclosed out by the first lien holder on November 1, 2011.  The foreclosure removed the Debtors' second lien on the loan, but the Debtors' continued to service the property on an unsecured basis.<br><br>In box 2 on the proof of claim ("basis for claim") Claimant lists "wrongful foreclosure due to lack of standing and lack of ownership, plus fraudulent misrepresentation and fraud."  This is identical to the allegations made in the complaint in the litigation, which the Claimant attached to the | 3:12-cv-00081 | USDC for the Middle District of Georgia |

4

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| | | | | proof of claim.<br><br>Additionally, Debtor has no liability for Claimant's claim because Claimant waived any claim against Debtor by not scheduling this claim in his bankruptcy that was filed on March 5, 2013. In fact this property was removed from the amended schedules acknowledging the foreclosure that occurred in 2011 and placing a value to the estate at $0.<br><br>Additionally, while the claim was filed against GMAC Mortgage, the litigation was against Residential Funding Company, LLC. As a result, the claim was filed against the wrong debtor.<br><br>GMAC Mortgage is in privity with defendant Citizen Home Loans, Inc. for purposes of res judicata because Citizen Home Loans, Inc. was the original lender of the loan at issue serviced by GMAC Mortgage. GMACM Mortgage also purchased the loan from Citizen Home Loans, Inc. | | |
| Peter Zepperio Patricia Rodriguez Esq.<br><br>1961 Huntington Drive, Suite 201 Alhambra, CA 91801<br><br>Claim 3892<br><br>Filed 11/09/2012 | $5,000,000.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Debtor Homecomings Financial Network originated the loan on October 11, 2002. Debtor, GMAC Mortgage, LLC purchased the loan from Homecomings Financial and subsequently transferred its interest in the loan to Fannie Mae on or about November 24, 2009. Debtor Homecomings Financial serviced the loan from October 11, 2002 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to GreenTree Servicing on February 1, 2013.<br><br>Claimant filed litigation against Debtors and others, including Fannie Mae, on June 20, 2012 in the Federal District Court for the Central District Court of California (Case No. 2:12CV-05357) for various causes of action, including Quite Title. The case was dismissed with prejudice as to non-Debtor defendants Fannie Mae and MERS on February 13, 2013 pursuant to the *Order Granting Motion to Dismiss*, a copy of which is annexed to the Objection as Exhibit 5-10. The court dismissed some causes of action for failure to state a claim upon which relief could be granted while other causes of action were dismissed because they were barred by the statute of limitation. Claimant appealed that order to the Ninth Circuit Court of Appeals on March 11, 2013. The appeal is being handled by Greentree as current servicer of Claimant's loan (with title company). Plaintiff voluntarily dismissed GMAC Mortgage, Homecomings Financial and ETS without prejudice on April 18, 2013. No Debtor is a party to the appeal. Lawsuit alleged lack of standing to foreclose. Property has not been foreclosed yet and Debtors have no interest in any future foreclosure proceedings.<br><br>The basis for the claim listed in box 2 on the proof of claim is "litigation claim" and the Claimant attached a copy of the first page of the complaint.<br><br>GMAC Mortgage is in privity with defendant Fannie Mae for purposes of res judicata because GMAC Mortgage transferred its interest in the loan to Fannie Mae and GMAC Mortgage acted as servicer of the loan while it was held by Fannie Mae. | 2:12CV-05357 | USDC for the Central District of California |

5

## Exhibit 2

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                            )      Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,          )      Chapter 11
)
                                   Debtors.       )      Jointly Administered
)
---------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF THE RESCAP
BORROWER CLAIMS TRUST'S SEVENTIETH OMNIBUS OBJECTION TO CLAIMS
(RES JUDICATA BORROWER CLAIMS)**

I, Lauren Graham Delehey, hereby declare as follows:

1.      I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the

"<u>Liquidating Trust</u>"), and previously served as Litigation Counsel in the legal department at

Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11

Cases (collectively, the "<u>Debtors</u>").[1]   I joined ResCap on August 1, 2011 as in-house litigation

counsel.

2.      In my role as litigation Counsel at ResCap, I was responsible for the

management of litigation, including residential mortgage-related litigation, class actions, mass

actions and multi-district litigation.   In connection with ResCap's chapter 11 filing, I also

assisted the Debtors and their professional advisors in connection with the administration of the

chapter 11 cases, including the borrower litigation matters pending before this Court.   In my

current position as Chief Litigation Counsel to the Liquidating Trust, among my other duties, I

continue to assist the Liquidating Trust and Borrower Claims Trust in connection with the claims

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u>
to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11
Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

reconciliation process. [2]  I am authorized to submit this declaration (the "<u>Declaration</u>") in support

of the *ResCap Borrower Claims Trust's Seventieth Omnibus Objection to Claims (Res Judicata

Borrower Claims)* (the "<u>Objection</u>").[3]

3.    Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations, information learned from my

review of relevant documents and information I have received through my discussions with other

former members of the Debtors' management or other former employees of the Debtors, the

Debtors' and the Liquidating Trust and the Trust's professionals and consultants, and/or

Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent.  If I were

called upon to testify, I could and would testify competently to the facts set forth in the Objection

on that basis.

4.    In my current and former capacities as Chief Litigation Counsel to the

Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation

process.  Except as otherwise indicated, all statements in this Declaration are based upon my

familiarity with the Debtors' Books and Records (defined below), including their internal

litigation files, files maintained by external counsel and the Debtors' accounts payable records,

as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed

in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of

claims, and/or my review of relevant documents.  I or my designee at my direction have

reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by

---

[2] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

the claimants listed on <u>Exhibit A</u> to the Proposed Order.  Since the Plan went effective and the Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have consulted with the Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or Liquidating Trust personnel, under my supervision, and their professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Litigation Files (defined below), (iv) the Schedules, (v) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.     Upon commencement of litigation against them, it was the Debtors' regular practice to retain outside litigation counsel to represent their interests and I or another member of the in-house litigation group would communicate with and direct litigation counsel regarding the conduct of the litigation throughout the life of the case.  In reviewing the Res Judicata Borrower Claims, the Liquidating Trust expended considerable resources to diligently review the case notes from the Debtors' internal electronic case management system and their internal files relating to the litigation, including relevant underlying documents such as the note, loan agreement and/or deed of trust (the "<u>Litigation File</u>").  In each case, the Debtors also supplemented the Litigation File by reaching out to the outside litigation counsel who handled the litigation to obtain a current update as to the status of the litigation, as well as copies of any relevant case dockets, complaints, answers, counterclaims, motions, responsive pleadings orders, judgments and any other relevant documents relating to the underlying litigation.

ny-1146904

6.      Further, the Debtors and Liquidating Trust expended considerable resources to diligently analyze each of the Res Judicata Borrower Claims and compare the claims set forth therein to the information contained in the Litigation Files (as supplemented with information provided by outside counsel), as well as the Debtors' accounts payable and records, the Debtors' internal servicing notes, and any other relevant documentation (collectively, the "Books and Records").

7.      In accordance with the Borrower Claim Procedures, the Debtors also contacted those Borrowers who filed the Res Judicata Borrower Claims with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records.  In June 2013, the Debtors sent Request Letters, substantially in the form attached as Exhibit 4 to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective Res Judicata Borrower Claims.  Among other things, the Request Letters specifically request (i) that the claimant indicate whether the basis for and amount of the claim contained in the claimant's claim are the same or different in any way from the claim asserted in claimant's lawsuit against the Debtors and (ii) to the extent that claimant's lawsuit has been dismissed or withdrawn, that the claimant provide a specific explanation as to why the claimant believes he or she is still owed money or entitled to other relief from one or more of the Debtors.  The 30-day Response Deadline has passed, and Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

8.      In my capacity as In-House Litigation Counsel, I, or another member of the company's in-house litigation team, oversaw local counsel handling the underlying litigation

in the Res Judicata Borrower Claims set forth on Exhibit A to the Proposed Order, which are comprised of claims related to litigations adjudicated in certain federal courts as well as the state Circuit Court of Escambia County, Florida.  In connection with the Objection, I sought local counsel's assistance preparing Exhibit A to the Proposed Order.  Counsel confirmed that the parties who filed the Res Judicata Borrower Claims were the same parties who had previously been a party to litigation against the Debtors.  I, or individuals whom I oversee, then examined the Res Judicata Borrower Claims to confirm that the basis for these claims were the same as the allegations made in the underlying litigation that were previously adjudicated by state or federal courts.

9.    After a thorough review of the Res Judicata Borrower Claims listed under the heading *"Claims to be Disallowed and Expunged"* on Exhibit A to the Proposed Order, the Debtors' Books and Records do not reflect any present liability due and owing in relation to any of the Res Judicata Borrower Claims because each of the Res Judicata Borrower Claims listed on the Exhibit A to the Proposed Order is based on state or federal court litigation that has been dismissed with prejudice as to either the Debtors (the "Debtor Litigation") or the non-Debtors that were co-defendants with the Debtors in each action (the "Non-Debtor Litigations").  Because a notice of bankruptcy was filed in each case that was pending after the Petition Date, the Non-Debtor Litigations were not dismissed against the Debtors.  However, in each Non-Debtor Litigation, the non-Debtor co-defendants had a material interest in the Plaintiff-claimant's loan and worked with the debtor to administer the loan.  More specifically, the non-Debtor co-defendants were either the original lender of the loan at issue, were  the subsequent or previous servicers to the loan at issue, or were investors of the loan at issue, and the Debtor-defendants were either the servicer, investor, originator, or purchaser of the loan at issue.

Furthermore, in each Non-Debtor Litigation, the Plaintiff-claimant's allegations did not distinguish between the actions of the Debtor co-defendants and the non-Debtor co-defendants. As a result, the Debtor co-defendants and the non-Debtor co-defendants were either jointly defending the suit or had a working relationship with each other, and had a substantial identity of interest in defending the underlying litigation.

10.     Prior to the Effective Date of the Plan, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, regarding the furnishing of the Request Letters to the holders of the Res Judicata Borrower Claims.

11.     Accordingly, based upon this review, and for the reasons set forth in the Objection and Exhibit A to the Proposed Order, I have determined that each Res Judicata Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 2, 2014

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for The ResCap
Liquidating Trust

ny-1146904

## Exhibit 3

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
|                                        )
In re:                                   )    Case No. 12-12020 (MG)
|                                        )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,  )    Chapter 11
|                                        )
|                      Debtors.          )    Jointly Administered
|                                        )
-------------------------------------------------------------

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF THE RESCAP**
**BORROWER CLAIMS TRUST'S SEVENTIETH OMNIBUS OBJECTION TO CLAIMS**
**(RES JUDICATA BORROWER CLAIMS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 250 West 55th Street, New York, NY 10019.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Debtors,[1] and subsequent to the effectiveness of the confirmed Plan, M&F has been engaged by the Trust.

2.      I submit this declaration (the "<u>Declaration</u>") in support of *The ResCap Borrower*

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

*Claims Trust's Seventieth Omnibus Objection to Claims* (the "Objection") and in compliance

with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United

States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of

Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim

Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No.

3294] (the "Claims Objection Procedures Order").

3.      It is my understanding that in connection with the filing of the Objection, prior to

the Effective Date of the Plan, the Debtors have complied with the Borrower Claim Procedures.

I have been advised by M&F attorneys under my supervision that, prior to the Plan's Effective

Date, in accordance with the Claims Objection Procedures Order, prior to filing the Objection,

the Debtors, first reviewed a preliminary Borrower Claim List (as such term is defined in the

Procedures Order), which included each proof of claim that the Debtors intended to include in

the Objection (the "Objection Claim List"), determined if such claims contradicted the

information in the Debtors' books and records, and then confirmed the Objection Claim List's

accuracy.   Thereafter, the Debtors determined which claimants on the Objection Claim List

should receive a Request Letter.

4.      To the best of my knowledge, the Debtors sent a Request Letter to those

Borrowers that the Debtors and SilvermanAcampora LLP, Special Counsel to the Creditors'

Committee, agreed should receive a Request Letter, with the Debtors providing copies of such

letters to Special Counsel.

5.      Except as otherwise set forth herein, to the best of my knowledge, prior to the

filing of the Objection, the Debtors and the Trust have fully complied with all other relevant

2

terms of the Claims Objection Procedures.[2]

        I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on July 2, 2014

                                    /s/ Norman S. Rosenbaum
                                    Norman S. Rosenbaum

---

[2] The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel.  As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.).  In connection with the Objection, it is my understanding that, prior to the Effective Date of the Plan, both the Debtors and Special Counsel complied with the Borrower Claim Procedures in connection with the furnishing of the Request Letters as set forth herein and in the Objection.  Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Trust did not consult with Special Counsel prior to filing the Objection.

## **Exhibit 4**

**Request Letters**

**Request Letter One**

ny-1146800

                    MORRISON | FOERSTER

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the
jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC
Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending
before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020
(MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s)
("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy
case.  A copy of your Proof of Claim form is enclosed for your reference.  According to our records, you
have filed a lawsuit against one or more of the Debtors.  Please reply using the attached form and let us
know whether the basis for and amount of the claim contained in the Proof of Claim form are the same as or
different in any way from the claim you have asserted in your lawsuit against the Debtors.  Please ensure
that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof
of Claim.  If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why
you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must**
respond to this letter by no later than July 22, 2013 with the requested information and an explanation
stating the legal and factual reasons why you believe you are owed money or are entitled to other relief
from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases).
You **must** also provide copies of any and all documentation that you believe supports the basis for and
amount of your claim.  A form is included with this letter to assist you in responding to our request for
additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the
supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim
on one or more bases, including that you failed to provide sufficient information and documentation to
support your claim.  If the Debtors file such an objection and it is successful, your claim may be disallowed
and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment
for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim
will be denied.  Therefore, it is very important that you respond by the date stated above with the requested
information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        (i)     **Claims.Management@gmacrescap.com; or**
        (ii)    **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**Request Letter Two**

ny-1146800

**ResCap**                    MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      (i)    **Claims.Management@gmacrescap.com, or**
      (ii)   **Residential Capital, LLC**
           **P.O. Box 385220**
           **Bloomington, Minnesota 55438**


**Please mark each piece of correspondence with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

## **Exhibit 5**
**The Orders**

ny-1146800

# Exhibit 5-1
# Quiroz Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
RAMON QUIROZ, et al.,                          NOT FOR PUBLICATION

          *Plaintiffs*,                    **<u>MEMORANDUM & ORDER</u>**

    -against-                          10-cv-2485(KAM)(JMA)

U.S. BANK NATIONAL ASSOCIATION, et
al.,

          *Defendants*.
-----------------------------------X

**MATSUMOTO, United States District Judge:**

        Before the court are objections to an order by
Magistrate Judge Azrack dated September 13, 2010 and filed on
September 16, 2010 ("9/13/10 Order"), denying plaintiffs' motion
for appointment of counsel without prejudice to renew after the
adjudication of defendants' motions to dismiss. (*See* ECF No.
27, Order dated 9/13/10 ("9/13/10 Order").) For the reasons
that follow, the objections to the 9/13/10 Order are overruled
and the order by Judge Azrack is affirmed.

        Judge Azrack initially issued the order denying
appointment of counsel as a Report and Recommendation. (*See*
9/13/10 Order.) On December 14, 2010, this court noted that
because the motion for appointment of counsel was not a
dispositive pretrial matter, a Report and Recommendation was not
required. (*See* ECF No. 44, Order dated 12/14/10 ("12/14/10
Order") at 1-2.) The court determined that it would "treat the

September 13, 2010 Report and Recommendation as a Magistrate
Judge order subject to 'clear error' review."  (*Id.* (citing Fed.
R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).)  The court further
noted that plaintiffs may not have received notice of their
right to object to the determination by Judge Azrack to deny the
motion for appointment of counsel, and thus granted plaintiffs
seventeen (17) days to file any objections.  (*Id.* at 2.)
Plaintiffs were served with a copy of the December 14, 2010
Order by first class mail on December 15, 2010.  (*See* ECF No.
45, Affidavit of Service dated 12/15/10.)  On December 30, 2010,
plaintiffs filed objections to Judge Azrack's order denying
their motion for appointment of counsel.  (*See* ECF No. 46,
Objection to 9/13/10 Order.)  Plaintiffs filed amended
objections on March 4, 2011.  (*See* ECF No. 47, Amended Objection
to 9/13/10 Order.)

     In reviewing objections to a magistrate judge order on
a non-dispositive matter, the district judge must "modify or set
aside any part of the order that is clearly erroneous or is
contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C.
§ 636(b)(1)(A).  Because a motion for appointment of counsel is
a non-dispositive matter, *see Bennett v. Goord*, No. 06-3818-pr,
2008 WL 5083122, at *1 (2d Cir. Dec. 2, 2008) (applying Fed. R.
Civ. P. 72(a) standard to motion for appointment of counsel),
plaintiffs objections are subject only to "clear error" review.

2

Upon a careful review of Judge Azrack's thorough legal analysis in the 9/13/10 Order and plaintiffs' objections and amended objections, the court finds that that the 9/13/10 Order was not clearly erroneous or contrary to law. Accordingly, plaintiffs' objections to the 9/13/10 Order are overruled and the order denying the appointment of counsel without prejudice to renew after adjudication of defendants' motions to dismiss is affirmed.

Defendants' counsel is directed to serve a copy of this Order on plaintiffs and file a Certificate of Service by ECF no later than June 23, 2011.

**SO ORDERED.**

Dated:      June 21, 2011
            Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

3

## Exhibit 5-2
## Tatarelli Order

ny-1146800

2:11-cv-15103-JCO-MJH   Doc # 36   Filed 07/02/12   Pg 1 of 9   Pg ID 520

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY PHELAN, an individual,

               Plaintiff/Counter-Defendant,

vs.

GMAC MORTGAGE, LLC,

               Defendant/Counter-Plaintiff,

vs.

TWIN LAKES HOMEOWNERS
ASSOCIATION CONDOMINIUM
(OBLIGATOR), ORLANS AND
ASSOCIATES, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

               Defendants.

_____/

Civil Action No. 11-cv-15103

Honorable: John Corbett O'Meara

## ORDER RESOLVING DISPOSITIVE MOTIONS AND ALL REMAINING CLAIMS

WHEREAS Defendants GMAC Mortgage, LLC ("GMACM"), Mortgage Electronic

Registration Systems, Inc. ("MERS"), and Federal Home Loan Mortgage Corporation ("Freddie

Mac") filed a Motion for Judgment on the Pleadings and Brief in Support (Docket Entry No. 27,

the "Motion") relating to Plaintiff Mary Phelan's ("Plaintiff") Complaint; Defendant Orlans

Associates, P.C. ("Orlans") concurred in the Motion (Docket Entry No. 30); Plaintiff filed a

response opposing the Motion and a proposed Amended Complaint (Docket Entry Nos. 34 &

35); GMACM, MERS and Freddie Mac filed a reply brief in support of the Motion (Docket

Entry No. 37); GMACM filed a Notice of Bankruptcy and Effect of Automatic Stay (Docket Entry No. 36, the "Notice"); and the Court having heard oral argument on the Motion on June 21, 2012 and being otherwise advised in the premises;

WHEREAS Orlans filed a Motion for Judgment on the Pleadings as to Plaintiff's Complaint and Cross-Plaintiff Twin Lakes Homeowners Association Condominium's ("Twin Lakes") Cross Complaint (Docket Entry No. 30, the "Orlans Motion"); and the Court having heard oral argument on the Orlans Motion on June 21, 2012 and being otherwise advised in the premises;

IT IS HEREBY ORDERED:

1.      The Motion (Docket Entry No. 27) and Orlans Motion (Docket Entry No. 30) are granted for the reasons stated on the record and Plaintiff's Complaint against Orlans, MERS and Freddie Mac is dismissed with prejudice and without costs to the parties.

2.      The Counterclaim filed by GMACM, Freddie Mac, and MERS against Plaintiff (Docket Entry No. 2) is dismissed without prejudice and without costs.

3.      Plaintiff's Complaint against Twin Lakes is dismissed with prejudice and without costs.

4.      Twin Lakes' Counter/Cross Complaint (Docket Entry No. 1-1 pp. 17-24) against Plaintiff, Orlans, Freddie Mac, and MERS is dismissed with prejudice and without costs to the parties.

5.      Plaintiff's Complaint and Twin Lakes' Cross Complaint (Document No. 1-1 pp. 17-24) against GMACM are stayed and this case is administratively closed as to GMACM pursuant to the Notice (Docket Entry No. 36).

2

This Order resolves the last pending claim and closes the case.

Date: July 20, 2012                                    s/John Corbett O'Meara
                                                       United States District Judge

**STIPULATED AS TO FORM ONLY:**

By: /s/ John M. Rickel (w/consent)          By: /s/ Matthew Mitchell_____
    John M. Rickel (P19432)                     Matthew Mitchell (P69810)
    Attorney for Twin Lakes                     Attorney for GMAC Mortgage, LLC,
                                                Mortgage Electronic Registration Systems,
                                                Inc., and Federal Home Loan Mortgage
                                                Corporation

By: /s/ Justin F. Carter (w/consent)        By: /s/ Keith G. Tatarelli (w/consent)
    Justin F. Carter (P71650)                   Keith G. Tatarelli (P41725)
    Attorney for Orlans                         Attorney for Plaintiff

Dated:  July 10, 2012

3

**Exhibit 5-3**
**Aguilar Magistrate Judge Opinion**

ny-1146800

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ERICK AGUILAR RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV272 |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| SUBSTITUTE TRUSTEE Natasha M. Barone, | ) | |
| HUTCHENS, SENTER & BRITTON, PA, | ) | |
| FLICK MORTGAGE INVESTORS, | ) | |
| GMAC BANK, LINDSEY R. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Motions to Dismiss filed by Defendant Lindsey

R. Davis [Doc. #14], Defendants Hutchens, Senter & Britton, PA and "Substitute Trustee aka

Natasha M. Barone" [Doc. #22], and Defendant Nationstar Mortgage LLC [Doc. #29].[1]

Plaintiff Erick Aguilar Ruiz, proceeding *pro se*, brings this action raising various claims related

to a mortgage foreclosure action in state court.  For the reasons set out below, the Court

recommends that Defendants' motions be granted and that this action be dismissed.

I.    FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Ruiz alleges in his Complaint that his federal and state constitutional rights were

violated by Defendants by the "fraud, deprivation, theft and sale of plaintiff's real [legal]

property described as 829 Gardengate Road Greensboro, NC." (Compl. [Doc. #2] at 1.)  This

---

[1] Defendant GMAC BANK has been terminated as a Defendant due to its filing of bankruptcy.  (Order
of J. Tilley [Doc. #28].)

property was Plaintiff's residence.  Plaintiff also lists several federal criminal statutes allegedly

violated by Defendants, including 18 U.S.C. § 1861, 18 U.S.C. §§ 241 and 242, and 18

U.S.C. § 3571.  He also relies upon Article I, sections 1, 16, and 21 of the North Carolina state

constitution, and North Carolina General Statute § 25-3-505 (2011).  (Id. at 2.)

Plaintiff alleges that on July 30, 2011, he sent to Flick Mortgage Investors and Nationstar

Mortgage, Inc. certain documents in an attempt to "clear up account errors." (Id. at 3.)  He then

"discovered contract/mortgage fraud and potential Robo-Signing & Stamping" in his mortgage

documents.  (Id.)  Plaintiff then discusses the state court proceedings which took place in

Greensboro, N.C.  He alleges that state court administrator Teresa Lawson "mishandled

affidavits of record."  Plaintiff states that his native language is Spanish and that he "was not

given court appointed bi-lingual interpreter" for the February 10, 2012, court hearing which

"barred him from comprehending" matters at the hearing.  (Id. at 3-4.)  The superior court judge

presiding over this hearing was Defendant Lindsey R. Davis.  Plaintiff alleges that Defendant

Davis "granted foreclosure order on plaintiff's homestead, without reviewing submitted

evidence, exhibits, and court appointed bi-lingual interpreter." (Id. at 4.)  Plaintiff also claims

that the "pooling & servicing agreement"[2] between Flick Mortgage Investors and GMAC Bank

was not disclosed to him at closing.  (Id. at 5.)  He says that this non-disclosure caused his deed

of trust and promissory note to be an "ultra vires contract."  Plaintiff also claims that at the time

of the foreclosure order, the Defendants should not have proceeded with the sale of his home

---

[2] Plaintiff refers to "Exhibit C" to his Complaint, which appears to be a copy of an index of a Pooling and Services Agreement filed apparently with the Securities and Exchange Commission by GMAC Commercial Mortgage Securities, Inc. on July 11, 2002.

2

because they "could not verify or locate original trustee of record, thereby voiding substitute

trustee's power of sale clause, making foreclosure of plaintiff's real legal property unlawfully."

(Id.)  Plaintiff seeks damages and declaratory relief, in addition to the Court quieting title of his

former residence in Plaintiff's name.  Defendants have filed Motions to Dismiss, which the

Court considers below.

II.     DISCUSSION

        A.      Defendant Davis' Motion to Dismiss

        Defendant Davis moves to dismiss based on Federal Rule of Civil Procedure 12(b)(1) for

lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for

insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be

granted. Plaintiff refers in his Complaint to the February 10, 2012 hearing held in Guilford

County, North Carolina Superior Court.  Defendant Davis attaches to his Motion a copy of the

Order Allowing Foreclosure [Doc. #15-1], which Defendant Davis signed on the date of the

hearing.  According to the Order, Plaintiff appeared on his own behalf and had appealed from

the November 16, 2011 Order of the Guilford County Clerk of Court allowing the foreclosure

of his property to proceed.[3]

---

[3] Matters outside of the pleadings may be considered by the Court when deciding motions under Rule
12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) without converting the motion to one for summary judgment.  Wilson-
Cook Med., Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991) ("Converting a motion to dismiss into a motion for
summary judgment, of course, applies only to a motion made pursuant to Rule 12(b)(6)."); see also Evans v. B.F.
Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. Co. v. United States,
945 F.2d 765, 768 (4th Cir. 1991); Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009); Nat'l Alliance for
Accessibility, Inc. v. Macy's Retail Holdings, Inc., No. 1:11CV877; 2012 WL 5381490 (M.D.N.C. Oct. 30, 2012)
(Rule 12(b)(1)).

3

Defendant Davis, as the state court presiding judge, found the following as facts as set out in the Order. Plaintiff executed a promissory note ("the Note") on June 18, 2002, payable to Flick Mortgage Investors, Inc., which was secured by a deed of trust executed by Plaintiff pledging the real property at 829 Gardengate Road, Greensboro, North Carolina, as security for repayment of the Note. (Order [Doc. #15-1] at 1.) The Note was transferred to GMAC Bank, then to GMAC Mortgage Corporation, and finally to Nationstar Mortgage, LLC, the current holder. The deed of trust contained a power of sale provision which allowed the trustee or substitute trustee to foreclose upon the property in the event of default. The Note was in default because the last payment made was for the period ending November 1, 2010. Notice of the action was served on all of the record owners and any other person against whom the Note holder intended to assert liability for the debt. Plaintiff had no valid legal reason why the foreclosure should not begin. Based upon those facts, Defendant Davis found as a matter of law that the foreclosure should proceed as provided by law and the deed of trust. He ordered that Plaintiff's appeal be dismissed.

Defendant Davis argues that all claims against him should be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's Complaint under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust

4

Co., 263 U.S. 413, 416 (1923)).  The <u>Rooker</u>–<u>Feldman</u> doctrine precludes lower federal courts

from considering "cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments."  <u>Exxon Mobil Corp. v. Saudi Basic</u>

<u>Indus. Corp.</u>, 544 U.S. 280, 284 (2005). This doctrine is based on the principle that federal

district courts do not have jurisdiction to review decisions of state courts.  <u>Id.</u> at 291-92.  "The

key inquiry is not whether the state court ruled on the precise issue raised in federal court, but

whether the 'state-court loser who files suit in federal court seeks redress for an injury caused

by the state-court decision itself.'" <u>Willner v. Frey</u>, 243 F. App'x 744, 747 (4th Cir.2007) (quoting

<u>Davani v. Virginia Dep't of Transp.</u>, 434 F.3d 712, 718 (4th Cir.2005)).  Claims covered by this

doctrine include not only those presented to and actually decided by the state court, but also to

constitutional claims that are "inextricably intertwined with" those questions ruled upon by the

state court.  <u>Plyler v. Moore</u>, 129 F.3d 728, 731 (4th Cir. 1997).  The doctrine precludes review

of lower state courts as well as the state's highest court.  <u>Jordahl v. Democratic Party of Va.</u>, 122

F.3d 192, 199 (4th Cir. 1997).

All of the allegations against Defendant Davis relate to his judicial actions in state court

in presiding over the appeal of the order of the Clerk of Court allowing the foreclosure of

Plaintiff's property.  Plaintiff complains that Defendant Davis "granted foreclosure" on his

home without reviewing the evidence submitted, failed to appoint a court interpreter, and

violated his due process rights. (Compl. [Doc. #2] at 4.)  By these allegations, Plaintiff seeks to

challenge "the sufficiency of the state foreclosure order," a challenge that is foreclosed by the

5

Rooker-Feldman doctrine in this Court.  See Harris v. Suntrust Mortg., Inc., No. 12CV378, 2013 WL 1120846, at *6 (M.D.N.C. Mar. 18, 2013) (dismissing all claims arising out of a mortgage foreclosure against state Clerk and Assistant Clerk of Superior Court based upon Rooker-Feldman doctrine, among other bases).  Plaintiff's remedy for these and the other alleged defects in the state foreclosure proceeding was to appeal through the state judicial system and then seek review in the Supreme Court of the United States.  This Court lacks subject matter jurisdiction to review the state court's order.  Accordingly, all claims against Defendant Davis should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[4]

B.    Motions to Dismiss filed by the Remaining Defendants

Plaintiff does not particularize his claims against the remaining Defendants in his Complaint.  Therefore, the Court will discuss those claims together.  All of Plaintiff's claims against these Defendants relate to, in Plaintiff's words, "violations of constitutionally protected rights, and the fraud, deprivation, theft and sale of plaintiff's real [legal] property described as 829 Gardengate Road Greensboro, NC."  (Compl. [Doc. #2] at 1.)  The declaratory relief and damages Plaintiff seeks are "for injury caused by loss of homestead" and "failure to execute due process of law, redress, equal protection, privileges and immunities" guaranteed by the

---

[4] The Court also notes that as a North Carolina Superior Court Judge, Defendant Davis is entitled in his individual capacity to absolute judicial immunity from damages for the judicial actions he took in connection with Plaintiff's foreclosure action over which he properly exercised jurisdiction.  See N.C. Gen. Stat. § 45-21.16(d1) (2011) (providing for appeal to superior court of clerk's order allowing foreclosure); Harris, 2013 WL 1120846, at *6 (court clerk and assistant clerk entitled to absolute judicial immunity for their role in mortgage foreclosure).  In addition, in his official capacity, Defendant Davis is entitled to the immunities "that the governmental entity possesses."  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Therefore, Defendant Davis in his official capacity is entitled to the protection afforded by the Eleventh Amendment which "effectively confers an immunity from suit." Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006).

6

Constitution of North Carolina, all related to the foreclosure action. (Id. at 6.) The relief

Plaintiff seeks includes quieting title and placing him in "peaceable possession" of the property.

(Id. at 7.) In sum, as to the remaining Defendants, Plaintiff is "complaining of injuries caused

by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic

Indus. Corp., 544 U.S. 280, 284 (2005). Such review is prohibited by the Rooker-Feldman

doctrine. Id.; see also Smalley v. Shapiro & Burson, LLP, No. 12-1266, 2013 WL 1613219 (4th

Cir. April 16, 2013). All claims against the remaining Defendants should therefore be dismissed

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[5]

Finally, the Court notes that Plaintiff relies upon several federal criminal statutes for his

claims. However, there is no private right of action pursuant to 18 U.S.C. § 241 or § 242. Bey

v. North Carolina, No. 3:12CV454, 2012 WL 3528005 (W.D.N.C. Aug. 14, 2012); see Doe v.

Broderick, 225 F.3d 440, 447-448 (4th Cir. 2000) ("The Supreme Court historically has been

loath to infer a private right of action from 'a bare criminal statute.'" (quoting Cort v. Ash, 422

U.S. 66, 80 (1975))). Plaintiff also cites 18 U.S.C. § 3571 as pertaining to violations of oath of

office. However, that statute concerns sentences of fines and does not provide any basis for a

valid claim. Plaintiff also relies upon 18 U.S.C. § 1861, which pertains to deception of

prospective purchasers of public land of the United States. Plaintiff makes no allegation that his

---

[5] All of the Defendants also raise valid objections to the lack of proper service in this case. See N.C. Gen.
Stat. § 1A-1, Rule 4. Therefore, Plaintiff's claims would also be subject to dismissal for lack of personal
jurisdiction under Rule 12(b)(2) and for insufficiency of service of process under Rule 12(b)(5). However, given
the Court's conclusion that all of Plaintiffs claims should be dismissed pursuant to the Rooker-Feldman doctrine
as set out above, the Court need not consider further whether to allow Plaintiff the opportunity to correct any
defects in service of process or show cause for failure to make timely service.

claims involve public land.  Thus, these claims based upon federal criminal statutes would also be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that the Motions to Dismiss filed by Defendant Lindsey R. Davis [Doc. #14], Defendants Hutchens, Senter & Britton, PA and "Substitute Trustee aka Natasha M. Barone" [Doc. #22], and Defendant Nationstar Mortgage LLC [Doc. #29], be granted as set out above and that this action be dismissed.

This, the 26th day of August, 2013.


_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge

8

**Exhibit 5-4**
**Aguilar District Court Order**

ny-1146800

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ERIC AGUILAR RUIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:12CV272 |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) |
| SUBSTITUTE TRUSTEE Natasha M. | ) |
| Barone, HUTCHENS, SENTER & | ) |
| BRITTON, PA, FLICK MORTGAGE | ) |
| INVESTORS, GMAC BANK, LINDSEY | ) |
| R. DAVIS, | ) |
| | ) |
| Defendants. | ) |

## J U D G M E N T

On August 26, 2013, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. [Docket Entries 32 & 33.] No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a de novo review and the Magistrate Judge's Recommendation [Docket Entry 32] is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss filed by Defendant Lindsey R. Davis [Docket Entry 14], Defendants Hutchens, Senter & Britton, PA and "Substitute Trustee aka Natasha M. Barone" [Docket Entry 22], and Defendant Nationstar Mortgage LLC [Docket Entry 29] are GRANTED and this action is DISMISSED.

This the 25th day of September, 2013.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

**Exhibit 5-5**
**Aguilar Fourth Circuit Court of Appeals Order**

ny-1146800

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-2318
_____

ERICK AGUILAR RUIZ,

　　　　　Plaintiff - Appellant,

　　　v.

NATIONSTAR MORTGAGE LLC; NATASHA BARONE, Substitute Trustee;
HUTCHENS, SENTER, BRITTON, PA; FLICK MORTGAGE INVESTORS;
LINDSEY R. DAVIS,

　　　　　Defendants - Appellees,

　　　and

GMAC BANK,

　　　　　Defendant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:12-cv-00272-NCT-JEP)

_____

Submitted:  February 20, 2014        Decided:  February 25, 2014

_____

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Erick Aguilar Ruiz, Appellant Pro Se.  James Scott Flowers,
HUTCHENS, SENTER, KELLAM & PETIT, PA, Fayetteville, North

Carolina; Grady L. Balentine, Jr., Special Deputy Attorney
General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Aguilar Ruiz appeals the district court's order adopting the magistrate judge's recommendation to dismiss Ruiz's civil action, which was based on the foreclosure sale of his home. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended granting Defendants' motions to dismiss on various legal grounds and advised Ruiz that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Ruiz has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional
process.

AFFIRMED

## **Exhibit 5-6**
## **Blanton Order – Mortgage Investors Corp.**

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES AND CHRISTINA BLANTON,
Husband and Wife,

      Plaintiffs,

vs.

                                           Case No.:    2012-CA-264
                                           Division:    "E"

GMAC MORTGAGE COMPANY, a
Corporation; EVERHOME MORTGAGE
COMPANY, a Corporation; and MORTGAGE
INVESTORS CORPORATION, a Corporation,

      Defendants.

_____/

### FINAL JUDGMENT

      THIS CAUSE having come before the Court on Mortgage Investors Corporation's joinder in Defendant, Everhome Mortgage Company's Motion for Summary Judgment, and the Court having heard argument from counsel, and being otherwise duly advised in the premises, finds as follows:

      1.     This cause arises out of a Complaint for breach of contract filed by the Plaintiffs against the Defendants. In 2004, the Plaintiffs gave Mortgage Investors Corporation a mortgage in return for a loan of money on their home. Afterward, the Plaintiffs' home was damaged by Hurricane Ivan. The Plaintiffs apparently settled with their insurance company for the damages to the home and, pursuant to the terms of the mortgage, provided GMAC with the settlement check. The Plaintiffs claim that an oral agreement was made with GMAC that the Plaintiffs should endorse the check and send it to GMAC and that GMAC would them immediately release approximately one-third (1/3) of the proceeds to the Plaintiffs to begin repairs on the property. The Plaintiffs allege that contrary to this oral agreement, GMAC continued to hold all of the money except for $4,683.00.

2.      It should be noted that suit was filed by the Plaintiffs against the same Defendants for the same settlement proceeds in Case No.: 2008-CA-1763 in Escambia County.  The counts were titled in a different manner than in this suit.  The Second Amended Complaint filed in that action sought recovery of the money which was in the possession of GMAC.  In addition, a count alleging deceptive and unfair trade practices was advanced in that suit.

3.      It is the position of Mortgage Investors Corporation that Everhome retained the insurance proceeds at issue pursuant to the terms of the Plaintiffs' mortgage loan.  Further, it appears that Mortgage Investors Corporation is attempting to join in the argument of Everhome with respect to the other issues of res judicata and Florida's banking statute of frauds.

4.      At the time the Court entered its final judgment in favor of Everhome in Case No.: 2008-CA-1763, Mortgage Investors Corporation had not been served with the Complaint.  The Final Judgment in that case was not awarded in favor of Mortgage Investors Corporation, and therefore the issues with respect to Mortgage Investors Corporation have not been fully litigated in that matter.

5.      That having been said, the issues are similar in both causes of action, and any purported "oral modification" advanced by the Plaintiffs is barred by Florida's banking statute of frauds, § 687.0304(2).

6.      The Court specifically finds that although the "full performance doctrine" extends to the banking statute of frauds, See J Square Enterprises v. Regner, 734 So. 2d 565, 566 (Fla. 5th DCA 1999), there was no additional consideration provided by the Blantons for this purported oral modification which is a requirement under the full performance doctrine.  See Davidpur v. Counne, 972 So. 2d 891 (Fla. 3d DCA 2007); St. Joe Corp. v. McIver, 875 So. 2d 375, 382 (Fla. 2004).  The check in question was made payable to the Blantons and GMAC.  The Blantons

would have to submit the check to GMAC in order to have it endorse the check, so there is nothing above and beyond what was otherwise required that would constitute additional consideration necessary to create a modification and bind the loan servicer. The Blantons submission of the check made payable to the Blantons and GMAC did not constitute "full performance" so as to take the alleged oral modification out of the statute of frauds. See Metro Building Materials Corp. v. Republic National Bank of Miami, 919 So. 2d 595 (Fla. 3d DCA 2006). As such, the Motion for Summary Judgment in favor of Mortgage Investors Corporation is hereby granted.

NOW THEREFORE, based upon these findings of fact and conclusions of law, it is hereby

ORDERED AND ADJUDGED that Mortgage Investors Corporation's Motion for Summary Judgment is granted. Plaintiffs shall take nothing by this action against Mortgage Investors Corporation. Defendant Mortgage Investors Corporation shall go hence without day. Plaintiffs may appeal this Final Judgment in accordance with the Florida Rules of Civil and Appellate Procedure.

DONE AND ORDERED in Chambers in Pensacola, Escambia County, Florida on this 17th day of October, 2012.

/S/ W. JOEL BOLES
_____
W. JOEL BOLES
CIRCUIT JUDGE

Conformed copies to:
Samuel W. Bearman, Esq.
David M. Applegate, Esq.
William P. Heller, Esq.
Christian W. Hancock, Esq.

10/17/12-RE

**<u>Exhibit 5-7</u>**
**<u>Blanton Order - Everhome</u>**

11

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES AND CHRISTINA BLANTON,
Husband and Wife,

      Plaintiffs,

vs.                                                                    Case No.:   2012-CA-264
                                                                       Division:   "E"
GMAC MORTGAGE COMPANY, a
Corporation; EVERHOME MORTGAGE
COMPANY, a Corporation; and MORTGAGE
INVESTORS CORPORATION, a Corporation,

      Defendants.

_____/

## FINAL JUDGMENT

THIS CAUSE having come before the Court on the Motion of Defendant, Everhome

Mortgage Company for summary judgment, and the Court, after having heard argument of

counsel and otherwise being duly advised in the premises, hereby finds as follows:

1.       This cause arises out of a Complaint for breach of contract filed by the Plaintiffs

against the Defendants.  In 2004, the Plaintiffs gave Mortgage Investors Corporation a mortgage

in return for a loan of money on their home.  Afterward, the Plaintiffs' home was damaged by

Hurricane Ivan.  The Plaintiffs apparently settled with their insurance company for the damages

to the home and, pursuant to the terms of the mortgage, provided GMAC with the settlement

check.  The Plaintiffs claim that an oral agreement was made with GMAC that the Plaintiffs

should endorse the check and send it to GMAC and that GMAC would them immediately release

approximately one-third (1/3) of the proceeds to the Plaintiffs to begin repairs on the property.

The Plaintiffs allege that contrary to this oral agreement, GMAC continued to hold all of the

money except for $4,683.00.

2.    It should be noted suit was filed by the Plaintiffs against the same Defendants for the same settlement proceeds in Case No.: 2008-CA-1763 in Escambia County.  The counts in that suit were titled in a different manner than in this suit.  The Second Amended Complaint filed in that action sought recovery of the money which was in the possession of GMAC.  In addition, a count alleging deceptive and unfair trade practices was advanced in that suit.

3.    On July 18, 2011, a Final Judgment was entered in favor of Everhome Mortgage Company against the Plaintiffs.  Everhome has filed a Motion for Summary Judgment in this action claiming that the Plaintiffs' claims in this suit are barred by the doctrine of res judicata and collateral estoppel.  Everhome also claims that any purported "oral agreement" between the Plaintiffs and GMAC is barred by Florida's Banking Statute of Frauds § 687.0304(2).

4.    The Plaintiffs claim that this matter is not barred by res judicata or collateral estoppel as the original suit filed against the Defendants were couched in causes of action of replevin and violation of the Florida Deceptive and Unfair Trade Practices Act.  Plaintiffs claim that the present case is different in that the present cause of action is for breach of contract.

5.    Regardless of how the causes of action are phrased, the Blantons claims are barred by the doctrine of res judicata.  The Court finds that the identity of the things sued for are the same, the causes of action are the same, the identity of the persons and parties to the action are the same and the identity of the quality of the person for or against whom the claim is made is the same.  In both causes of action, the identity of the facts essential to the maintenance of the action are the same.  As a result, the Plaintiffs' claims are barred by the doctrine of res judicata.

6.    The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every

actually litigated, issue. See Albrecht v. State, 444 So. 2d 8, 11-12 (Fla. 1984) citing Gordon v. Gordon, 59 So. 2d 40 (Fla.) cert. denied, 344 U.S. 878, 73 S. Ct. 165, 97 L. Ed. 680 (1952).

7.    The facts and evidence raised in this action relating to the alleged oral agreement between the Blantons and their loan servicers were fully developed in the Blantons 2008 action. The statute of frauds issue was raised in the 2008 action and was squarely before Judge Shackelford before she entered the Final Judgment.

8.    In addition, the alleged oral modification is barred by § 687.0304(2) of the Florida Statutes. Although it is noted that the "full performance doctrine" extends to the banking statute of frauds (See J Square Enterprises v. Regner, 734 So. 2d 565, 566 (Fla. 5th DCA 1999)), there was no additional consideration provided by the Plaintiffs for this purported oral modification, which is a requirement under the full performance doctrine. The check in question was made payable to the Blantons and GMAC. There was a written agreement contained in the mortgage as to the mortgagor's right to hold such insurance proceeds until the lender had an opportunity to inspect the property to ensure the work had been completed to the lender's satisfaction. The Blantons simple act of submitting a check made payable to them and GMAC does not constitute "full performance" so as to take the alleged oral modification out of the statute of frauds. See Davidpur v. Counne, 972 So. 2d 891 (Fla. 3d DCA 2007); St. Joe Corp. v. McIver, 875 So. 2d 375, 382 (Fla. 2004), Metro Building Materials Corp. v. Republic National Bank of Miami, 919 So. 2d 595 (Fla. 3d DCA 2006).

NOW THEREFORE, based upon these findings of fact and conclusions of law, it is hereby

ORDERED AND ADJUDGED that Everhome Mortgage Company's Motion for Summary Judgment is granted. Plaintiffs shall take nothing by this action against Everhome

Mortgage Company.    Defendant Everhome Mortgage Company shall go hence without day.

Plaintiffs may appeal this Final Judgment in accordance with the Florida Rules of Civil and

Appellate Procedure.

DONE AND ORDERED in Chambers in Pensacola, Escambia County, Florida on this

12th day of October, 2012.

/S/ W. JOEL BOLES

W. JOEL BOLES
CIRCUIT JUDGE

Conformed copies to:
Samuel W. Bearman, Esq.
David M. Applegate, Esq.
William P. Heller, Esq.
Christian W. Hancock, Esq.

10/12/12 - KE

**Exhibit 5-8**
**Demelio Order**

ny-1146800

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| **THOMAS J. DEMILIO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **No. 3:12-CV-81 (CAR)** |
| **CITIZENS HOME LOANS, INC.;** | : | |
| **RALI 2007-QH9 TRUST as** | : | |
| **administered by DEUTSCHE BANK** | : | |
| **TRUST COMPANY AMERICAS, its** | : | |
| **Trustee; RESIDENTIAL FUNDING** | : | |
| **COMPANY, LLC; AURORA BANK** | : | |
| **FSB, RUSSELL MAYS,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter arises out Plaintiff Thomas J. Demilio's petition to acquire unencumbered title to a five-acre parcel of property in Loganville, Georgia by "remov[ing] a particular cloud or clouds" to his purported title. Now, two of the above-captioned defendants, Aurora Bank FSB ("Aurora Bank") and Deutsche Bank Trust Company Americas as Trustee for RALI 2007-QH9 ("Deutsche Bank") (collectively, "Defendants") move this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Having considered relevant law, Defendants' Motion, and the parties' responses and replies thereto, the Court concludes that Plaintiff's Complaint fails to

state a claim upon which relief can be granted.  Thus, Defendants' Motion to Dismiss

[Doc. 4] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice** as to

all Defendants.   Defendants' remaining Motions to Strike [Docs. 14 and 32] are

**TERMINATED as MOOT**.

## BACKGROUND

Plaintiff Thomas J. Demilio's case exemplifies the complexity of modern day

financing, involving a veritable host of legal entities that claim various, successive

property interests in Plaintiff's Promissory Note and Security Deed.   Unfortunately,

Plaintiff's particular circumstances are further complicated by his voluminous exhibits,

convoluted explanations, and oft-irrelevant legal arguments.

As far as the Court can discern from the pleadings and appropriate exhibits, the

general facts are as follows: Plaintiff and his wife executed a Promissory Note to obtain

a $42,000,000 loan from Defendant Citizens Home Loans, Inc. ("Citizens") on August

20, 2007.  This Promissory Note was, in turn, secured by a Security Deed on five acres of

Plaintiff's property in Loganville, Georgia (the "Loganville parcel").  The Security Deed

signed by Plaintiff expressly identified Mortgage Electronic Registration Systems, Inc.

("MERS") as nominee of Citizens and its successors and assigns, and as a grantee of the

Security Deed.  Following execution, the Promissory Note and Security Deed passed

through several other financial institutions before Aurora Bank obtained the Loganville

parcel by foreclosure sale on November 1, 2011.  Now, Plaintiff seeks unencumbered

title to this property by pursuing a quiet title action against Citizens and some its

successors, a prior trustee, and one servicer of Plaintiff's loan.

This is not, however, Plaintiff's first attempt to obtain the Loganville parcel

through legal proceedings against his original lender and various interested parties.

Prior to foreclosure, Plaintiff and his wife filed suit against Citizens, Aurora Bank,

Aurora Loan Services, LLC ("ALS"), MERS, and Merscorp, Inc. in the Superior Court of

Walton County, Georgia on October 28, 2011.  In this "First Action," Plaintiff asserted

claims for "wrongful foreclosure" and challenged Aurora Bank's standing to pursue

foreclosure.  On February 9, 2012, the defendants properly removed the First Action to

this Court.  Defendants then moved to dismiss the First Action pursuant to Rule 12(b)(6)

for failure to state a claim upon which relief could be granted.  Plaintiff failed to

respond to this motion, and Judge Clay D. Land dismissed the First Action on April 12,

2012, "in its entirety based upon Plaintiff's failure to prosecute her claims."[1]

On March 2, 2012, a little more than one month before Judge Land's dismissal,

Plaintiff filed a "Second Action" in the Superior Court of Walton County, Georgia,

seeking to quiet title of the Loganville parcel.  Defendants Aurora Bank and Deutsche

Bank timely removed the Second Action to this Court, and they submitted yet another

motion to dismiss on May 2, 2012.  With Defendants' motion to dismiss pending before

---

[1] *Demilio v. Aurora Bank FSB,* No. 3:12-CV-17-CDL, Doc. 5 at 1 (M.D. Ga. Apr. 12, 2012).

the Court, Plaintiff voluntarily dismissed the Second Action without prejudice on June
3, 2012.

The next day, Plaintiff initiated the instant "Third Action," once again filing his
petition in the Superior Court of Walton County, Georgia. Plaintiff's Third Action is
substantively identical to his Second with one exception: Plaintiff joined a non-diverse
individual defendant, Aurora Bank's eviction counsel attorney, Russell Mays, who was
later dismissed by stipulation of the parties. In familiar fashion, Defendants removed
Plaintiff's petition to this Court and filed the instant Motion to Dismiss on June 22, 2012.
After additional briefing by the parties, the Court is now prepared to render its
judgment.

## DISCUSSION

### I.    Standard on Motion to Dismiss

On a motion to dismiss, the complaint is construed in the light most favorable to
the non-moving party, and all facts alleged by that party are accepted as true.[2]
However, "a complaint must contain sufficient factual matter, accepted as true, to 'state
a claim to relief that is plausible on its face.'"[3] This "facial plausibility" test is satisfied
"when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007));
*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (adopting the *Iqbal* pleading standards).

4

inference that that the defendant is liable for the misconduct alleged."[4]  Simply put, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'"[5]  If a complaint contains mere "labels and conclusions" or "formulaic recitations of the elements of a cause of action," it must be dismissed.[6]

When testing the sufficiency of a plaintiff's complaint, a court must limit its consideration to the pleadings and any appropriate exhibits attached thereto.[7]  However, a court may take judicial notice of the pleadings and orders in a plaintiff's prior actions as matters of public record, which are "not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned."[8]  A court may also consider a document attached to a motion to dismiss if (1) it is central to the plaintiff's claim, and (2) its authenticity is undisputed.[9]  If a court considers any documents that do not satisfy this two-part test, the motion to dismiss must be converted to a motion for summary judgment, requiring the parties to participate in extensive discovery.[10]

Despite the parties' excessive filings, neither side has asked the Court to convert Defendant's Motion into a motion for summary judgment, and the Court declines to do

---

[4] *Iqbal*, 556 U.S. at 678.

[5] *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557-59).

[6] *Twombly*, 550 U.S. at 555.

[7] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[8] *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (internal quotation marks omitted).

[9] *Id.*

[10] *Id.; see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

so *sua sponte*.    Accordingly, the Court excludes all disputed and non-essential

documents, including, but not limited to, Plaintiff's Affidavit and accompanying

exhibits [Doc. 10]; Exhibit 1 to Plaintiff's Brief Regarding Privity of the Parties [Doc. 31-

1]; and the allonges and assignments attached to Defendants' Motion to Dismiss [Doc.

4-1, at 8-10; Doc. 4-2, at 37-40].[11]    In addition, the Court disregards any factual

allegations that do not appear on the face of the Complaint or in appropriate

attachments, including any "new" allegations in the parties' original and supplemental

briefs in response to the instant Motion.[12]

## II.    Failure to State a Claim

Having reviewed the Complaint and all appropriate exhibits, the Court finds that

Plaintiff has failed to set forth sufficient facts to show he is entitled to relief on any of his

asserted claims.    In fact, rather than alleging any material facts in his pleading, Plaintiff

attempts to "lodge" "[t]he facts and statements made in the securitization audit

attached herein."[13]    Frankly, the Court is astonished by Plaintiff's audacity.    Instead of

---

[11] The Court cannot consider additional factual allegations in Plaintiff's Affidavit, which is essentially "a misguided attempt to bolster the Complaint and cure [factual] deficiencies identified in the Motion to Dismiss." *See Leedom Mgmt. Grp. v. Perlmutter*, No. 8:11-cv-2108-T-33TBM, 2012 WL 503904, at *2 (M.D. Fla. Feb. 15, 2012).    Likewise, Plaintiff's Exhibit 1, a pooling and servicing agreement ("PSA"), pertains to a wholly distinct securitized trust that is not implicated in the instant proceeding, and it is therefore not central to the instant Motion.    In fact, any PSA is wholly irrelevant to the validity of a security interest and later conveyances of the same. *See, e.g., Sellers v. Bank of Am., Nat. Ass'n*, No. 1:11-CV-3955-RWS, 2012 WL 1853005, *4-5 (N.D. Ga. May 21, 2012).    Finally, Plaintiff challenges the validity and authenticity of Defendants' attached allonges and assignments; therefore, these documents cannot be considered for purposes of the instant Motion.

[12] *See id.*

[13] [Doc. 1-1 at 7].    Oddly enough, Plaintiff failed to attach the audit to his Complaint; however, Defendant has provided an audit in its supplemental brief to the instant Motion [Doc. 28-3].    Where a plaintiff fails to

providing the "short and plain statement" of facts required by the Federal Rules of Civil

Procedure,[14] Plaintiff requires the Court to scour a poorly-copied, 45-page "Certified

Forensic Loan Audit" in an attempt to discern the basic facts of his case.  This alone

would be sufficient for dismissal.[15]  However, the Court is equally concerned by

Plaintiff's attempt to incorporate such an "audit," which is more than likely the product

of "charlatans who prey upon people in economically dire situation," rather than a

legitimate recitation of Plaintiff's factual allegations.[16]  As one bankruptcy judge bluntly

explained, "[the Court] is quite confident there is no such thing as a 'Certified Forensic

Loan Audit' or a 'certified forensic auditor.'"[17]  In fact, the Federal Trade Commission

has issued a "Consumer Alert" regarding such "Forensic Loan Audits."[18]  The Court

will not, in good conscience, consider any facts recited by such a questionable

authority.[19]

---

introduce a pertinent document as part of his pleading, a defendant may introduce the exhibit as part of his motion attacking the pleading.  *See In re Theragenics Corp. Sec. Litig.*, 105 F. Supp. 2d 1342, 1348 (N.D. Ga. 2000).  Because this document was attached to Plaintiff's Complaint in his Second Action, *Demilio v. Citizens Home Loans, Inc.*, 3:12-CV-52, Doc. 1-1 at 9 (M.D. Ga. Apr. 25, 2012), and because the Plaintiff does not contest the audit's authenticity, the Court concludes that this is the "securitization audit" Plaintiff references in his Complaint.

[14] *See* Fed. R. Civ. P. 8(a)(2).

[15] *Fidel v. Deutsche Bank Nat'l Trust Co.*, No. C10-2094 RSL, 2011 WL 2436134, at *1 (W.D. Wash. June 14, 2011).

[16] *In re Norwood*, 2010 WL 4642447, at *2.

[17] *Id.*

[18] *Id.* at *2 n.2; *see* (Mar. 2010), http://www.consumer.ftc.gov/articles/0130-forensic-loan-audits.  The State of California Department of Real Estate issued a similar alert entitled *Fraud Warning Regarding Forensic Loan Audits* (Feb. 2010), http://www.dre.ca.gov/Consumers/ConsumerAlerts.html.

[19] *See, e.g., Fidel*, 2011 WL 2436134, at *1 (disregarding a "Securitization Audit and Forensic Audit" attached as exhibits to plaintiff's complaint); *accord Hewett v. Shapiro & Ingle*, No. 1:11CV278, 2012 WL 1230740, at *4, n.4 (M.D.N.C. Apr. 12, 2012) (discussing various "audits" and noting that such documents "confirm the empty gimmickery of these types of claims.").

Case 3:22-cv-00081-CAR    Document 35    Filed 01/29/13    Page 8 of 9

Without Plaintiff's securitization audit, his pleadings are reduced to the Promissory Note, the Security Deed, a quitclaim deed, and a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements."[20]  The Court construes these remaining sources in the light most favorable to Plaintiff and finds them insufficient to state a claim for relief.

In his Complaint, Plaintiff presents three separate mechanisms to quiet title under Georgia law, stating that he "desires and is entitled to a judicial declaration … quieting title in [him] as of the date on which the loan transaction was consummated. Title shall be titled ant [sic] vested in the Petitioner for violation of the law of this state."[21]  However, Plaintiff fails to provide any information regarding any alleged violations of state law.  Moreover, Plaintiff fails to allege (1) the means by which he claims to hold free and clear title to the Loganville parcel; (2) how and in what manner the security instruments in favor of the Defendants are "void"[22]; (3) what the nature of the purported cloud(s) on said title are; or, (4) who the purported adverse claimants are and the source(s) of their "adverse" claims.  Without this essential information, the Court cannot make a "reasonable" inference that Defendants are liable for any misconduct.[23]  In fact, coupled with Plaintiffs' prior legal proceedings, these documents tend to establish Aurora Bank's rightful ownership of the Loganville parcel.  Thus,

---

[20] *Iqbal*, 556 U.S. at 663.
[21] [Doc. 1-1 at 6].
[22] *Id.*
[23] *See id.* at 678.

Plaintiff's Complaint must be **DISMISSED** for failure to state a claim upon which relief

can be granted.[24]

For all practical purposes, the above analysis concludes the Court's consideration

of Defendants' Motion to Dismiss.  However, the Court notes that if it could consider

the additional facts and attachments presented in the parties' supplemental briefs to the

instant Motion, Plaintiff's action would be barred by the doctrine of *res judicata* based on

his prior wrongful foreclosure action in this Court.  Of course, this conclusion is limited

to the parties' allegations in the present case, and this analysis in no way dictates the

Court's consideration of any new cause of action with distinct or additional facts.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss

[Doc. 4], and Plaintiff Demilio's Complaint is **DISMISSED with prejudice** as to all

Defendants for failure to state a claim upon which relief may be granted.**[25]**  Defendants'

remaining Motions to Strike [Docs. 14 and 32] are **TERMINATED as MOOT**.

**SO ORDERED,** this 29th day of January, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/lmh

---

[24] This ruling should come as no surprise to Plaintiff considering his Response to the instant Motion, wherein he states that "[i]n the event the Court <u>denies</u> Defendants' Motion [to Dismiss], the Court and all Parties can expect that Plaintiff will immediately seek to file an Amended Complaint with additional detail." [Doc. 11 at 9, n.5].

[25] The Court declines to provide any other relief to Defendants in the present Order as neither side has sufficiently addressed Defendants' requests for attorney's fees, costs, and sanctions.

**Exhibit 5-9**
**Demelio Eleventh Circuit Court of Appeals Order**

13

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10894
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00081-CAR

THOMAS J. DEMILIO,

Plaintiff-Appellant,

versus

CITIZENS HOME LOANS INC., et al.,

Defendants,

AURORA BANK FSB,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
agent of RALI 2007 QH9 Trust,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 13, 2013)

Before WILSON, HILL, and ANDERSON, Circuit Judges.

PER CURIAM:

Having reviewed the record and considered the arguments of the parties set forth in their briefs, we affirm the district court in all respects related to this appeal for the reasons stated by the district court.

AFFIRMED.

## **Exhibit 5-10**
## **Zepperio Order**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | |
|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: None Present

Attorneys Present for Defendants: None Present

**Proceedings:** ORDER GRANTING Motion to Dismiss (In Chambers)

Pending before the Court is Defendants Federal National Mortgage Association ("Fannie Mae") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (together "Defendants'") Motion to Dismiss First Amended Complaint ("FAC"), filed on November 13, 2012. (Docket No. 18.) Plaintiff Peter Zeppeiro opposed on November 26, 2012 and Defendants replied on December 3, 2012. The Court previously found this matter appropriate for resolution without oral argument and vacated the hearing date. (Docket No. 24.) For the reasons below, the Court GRANTS the motion and DISMISSES the claims against MERS and Fannie Mae WITH PREJUDICE.

## BACKGROUND

Like many distressed homeowners, Plaintiff has filed this case to stave off foreclosure of his home after he failed to pay his mortgage. In his original complaint, Plaintiff asserted a host of claims to stop the foreclosure sale and obtain damages: (1) quiet title (against all Defendants); (2) breach of contract (against Homecomings Financial LLC and GMAC Mortgage LLC ("GMAC")); (3) lack of standing to foreclose (against GMAC, Executive Trustee Services LLC ("ETS"), and MERS); (4) violation of California Civil Code section 2932.5 (against GMAC and MERS); (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g) (against Fannie Mae); (6) cancellation of written instrument under California Civil Code section 3412 (against all Defendants); (7) violation of California Business and Professions Code section 17200 (against all Defendants); and (8) intentional infliction of emotional distress (against all Defendants). MERS and Fannie Mae moved to dismiss the claims against them (which amounted to all but the breach of contract claim).[1] The Court granted the motion, and dismissed some claims with prejudice and granted leave to amend others. (Docket No. 16.)[2]

[1]Defendants GMAC, Homecomings Financial LLC, and ETS filed a Notice of Bankruptcy on August 30, 2012, which stayed all proceedings against them, so the Court did not decide any issues related to those Defendants. The petition remains pending so the Court again does not address any issues related to those Defendants.

[2]To the extent Plaintiff has attempted to replead claims that were dismissed with prejudice, they are barred and the Court will not address them again.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

Plaintiff filed the FAC on October 26, 2012, in response to the Court's Order. The factual underpinning of the FAC remains unchanged. On March 16, 1995, Jovita Zeppeiro obtained title to the property at issue as a "married woman as her sole and separate property." (FAC ¶ 19.) On September 6, 2002, she conveyed title to Plaintiff as "a married man as his sole and separate property" in a Grant Deed that Plaintiff had notarized. (Id. ¶ 20.) Plaintiff alleges that he was told by Homecomings Financial that this Grant Deed had to be revised, so on October 15, 2002, it presented Plaintiff with a new draft deed that conveyed title from "Jovita Zeppeiro and Peter Zeppeiro, wife and husband as Joint Tenants" to "Peter Zeppeiro, a married man as his sole and separate property," although Plaintiff alleges that title was never vested as joint tenants. (Id. ¶¶ 21–22, Ex. D.)

The Deed of Trust was dated October 11, 2002 and recorded on October 24, 2002. (Id. ¶ 23, Ex. F.) Plaintiff alleges that the Deed of Trust did not initially contain a legal description of the property and that, at some point after it was signed, Defendants added a legal description without his knowledge, and that description identified the wrong property. (Id. ¶¶ 23–24.) Plaintiff claims he did not know about this alteration, although he signed the Deed of Trust, which indicated that the legal description was attached. (Id. ¶ 24.)

Plaintiff alleges that the Grant Deed was altered when it was delivered to escrow to reflect a notarization date of October 11, 2002 when it was notarized on October 15; Plaintiff claims this was done to make the Grant Deed predate the Deed of Trust, dated October 11. (Id. ¶ 25.) Plaintiff claims that the notary's initials on the Grant Deed confirming the date change were forged based on a 2005 declaration and a 2005 letter from the notary. (Id. ¶ 25, Exs. L, M.) Plaintiff further alleges that at some point after the Grant Deed was recorded, the Grant Deed was altered to strike out "Peter Zeppeiro, a Married Man as His Sole and Separate Property" and was replaced with "Jovita Zeppeiro and Peter Zeppeiro, wife and husband as Joint Tenants." (Id. ¶ 27.) That altered Grant Deed was then recorded on November 12, 2002, three weeks after escrow closed. (Id. ¶ 28.)

Homecomings Financial was listed as the original lender, with American Title as the original trustee and MERS as the original beneficiary and nominee under the Deed of Trust. (Id. ¶ 31.) Like many residential loans, Plaintiff's note was transferred to Fannie Mae for placement in a securitized trust pursuant to a "Pooling and Servicing Agreement" ("PSA"), and Plaintiff alleges various flaws in that process allegedly rendering the transfer of his deed of trust invalid. (Id. ¶¶ 34–68.)

On April 28, 2010, MERS recorded a substitution of trustee for ETS. (Id., Ex. I.) On the same date, ETS recorded a Notice of Default and Election to Sell. (Id., Ex. H.) And on July 30, 2010, ETS recorded a Notice of Trustee's Sale set for August 26, 2010. (Id., Ex. J.) The sale did not go forward on that date.

On February 2, 2012, MERS assigned the Deed of Trust to GMAC (Def. Request for Judicial

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

Notice ("RJN")[3], Ex. 3); on February 16, 2012, GMAC named ETS as trustee (id., Ex. 4); and on March 1, 2012, a Notice of Default was recorded against the property (id., Ex. 5). All of these documents were recorded. On July 5, 2012, Plaintiff recorded a Notice of Pendency of Action against the property in light of this case. (Id., Ex. 6.) As of the date of the pending motion, the property has not been sold.

As new allegations in the FAC, Plaintiff claims that he executed a Quitclaim Deed to Mary and Douglas Zeppeiro, which was recorded on October 30, 2002. (FAC, Ex. G.) Then, on May 17, 2012, Mary and Douglas Zeppeiro executed a Quitclaim Deed, granting Plaintiff a one-third interest in the property. (Id., Ex. K.)

Based on these facts, Plaintiff realleges the following claims in the FAC: (1) quiet title (against all Defendants); (2) breach of contract (against Homecomings Financial and GMAC); (3) lack of standing to foreclose (against GMAC and ETS); (4) violation of TILA, 15 U.S.C. § 1641(g) (against Fannie Mae); (5) cancellation of written instrument under California Civil Code section 3412 (against all Defendants); and (6) violation of California Business and Professions Code section 17200 (against all Defendants). Fannie Mae and MERS have again moved to dismiss the claims brought against them.[4]

### LEGAL STANDARD

A complaint survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). A claim must be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and alterations omitted). Allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

In analyzing the sufficiency of the complaint, the Court must first look at the requirements of the causes of action alleged. See Iqbal, 556 U.S. at 675. The Court may then identify and disregard any legal conclusions, which are not subject to the requirement that the Court must accept as true all of the allegations contained in the complaint. Id. at 678. The Court must then decide whether well-pleaded factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. In

---

[3]The Court GRANTS Defendants' unopposed Request for Judicial Notice. See Fed. R. Civ. P. 201.

[4]Because Plaintiff's breach of contract and lack of standing claims were not brought against Fannie Mae or MERS, the Court does not address them herein.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

doing so, the Court may not consider material beyond the pleadings, but may consider judicially noticeable documents, documents attached to the complaint, or documents to which the complaint refers extensively or which form the basis of the plaintiff's claims in the complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

### DISCUSSION

A.     **Quiet Title**

As the Court previously explained, under California Civil Code section 760.020(a), a party may seek to establish title in a property as against adverse claims, so long as the Complaint is verified and sets out certain information required by statute. See § 761.020. However, in order for a mortgagor to quiet title against a mortgagee, the mortgagor must pay the amount he or she owes on the debt. See Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1170 (E.D. Cal. 2010). There are four exceptions to this "tender" requirement: (1) the action attacks the validity of the underlying debt; (2) the mortgagor has a counter-claim or setoff against the mortgagee; (3) requiring tender would be inequitable; and (4) the trustee's deed is void on its face. Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112–13 (2011).

Plaintiff attempts to invoke the "void" exception by arguing that he is entitled to quiet title because the September 6 and October 15 Grant Deeds and the October 24 Deed of Trust were altered without his knowledge, rendering them void. But that does not render the underlying Deed of Trust void; rather, even if he succeeded on this claim, he would still owe the balance on his mortgage once title was settled, which he does not dispute. See Manantan v. Nat'l City Mortg., No. C-11-00216 CW, 2011 WL 3267706, at *5 (N.D. Cal. July 28, 2011) (requiring tender on quiet title claim based on alleged fraud in loan transaction because the "alleged fraud may void the transaction between Plaintiff and Defendants, but it would not allow Plaintiff to gain quiet title and keep the money she borrowed."). These facts once again do not state an exception to the tender rule and this claim must be dismissed.

B.     **TILA, 15 U.S.C. § 1641(g)**

Plaintiff again alleges that Fannie Mae violated § 1641(g) of TILA because his loan was transferred at some point to Fannie Mae, but Fannie Mae did not notify him of the transfer within 30 days as required by § 1641(g). This claim still fails because Plaintiff has not alleged when the transfer occurred or why Fannie Mae is even subject to § 1641(g), especially given that Plaintiff also alleges that any transfer to Fannie Mae was invalid. (FAC ¶ 37.) Moreover, Plaintiff has not alleged that he detrimentally relied on any failure to disclose the transfer. See Derusseau v. Bank of Am., N.A., No. 11 CV 1766 MMA (JMA), 2012 WL 1059928, at *4 (S.D. Cal. Mar. 28, 2012) (dismissing similar allegations for failing to identify the date of the transfer or that plaintiff detrimentally relied on the failure to disclose). This claim must be dismissed.

C.     **Cancellation of Written Instrument, Cal. Civ. Code § 3412**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

Plaintiff again seeks cancellation of his Deed of Trust pursuant to California Civil Code section 3412. Cancellation here is subject to the tender requirement, see Fleming v. Kagan, 189 Cal. App. 2d 791, 796 (1961), and Plaintiff has not alleged that he can tender the amount outstanding on his loan or that a valid exception applies.

Moreover, a cancellation claim is subject to a five-year statute of limitations. See Robertson v. Super. Ct., 90 Cal. App. 4th 1319, 1328 (2001). As alleged in the FAC, Plaintiff signed the Deed of Trust in October 2002, so his cancellation claim expired in October 2007.

Plaintiff seems to suggest that the statute of limitations should be tolled because he did not discover his injury until later. "'A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer.'" E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1319 (2007) (emphasis in original). Plaintiff alleges no facts to suggest that the discovery rule applies to his claim; indeed, he does not even acknowledge the delay in the FAC, despite the Court raising the issue on the prior motion to dismiss. To the contrary, Plaintiff likely knew about the alleged fraud as far back as 2005 in light of the June 2005 letter to Plaintiff's father from the notary who claimed that there were several problems with the 2002 Grant Deed. On that basis, the five-year statute of limitations expired in 2010, but Plaintiff did not file this lawsuit until June 2012. This claim must therefore be dismissed.

### D.    Bus. & Prof. Code § 17200

Plaintiff's section 17200 claim is based on the same allegations as in his original Complaint regarding flaws in the securitization process. (FAC ¶¶ 125–37.) The Court need not delve into Plaintiff's factual allegations a second time because they fail to state a violation of section 17200 for the reasons the Court explained in the Order dismissing Plaintiff's original complaint. See, e.g., Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (rejecting argument that securitization deprives MERS and trustees of authority to foreclose on the Deed of Trust).[5]

---

[5]The Court previously dismissed this claim with prejudice to the extent that it was based on fraudulent alterations to the Grant Deed and Deed of Trust in 2002 because that claim was barred by a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. The Court found that the discovery rule did not apply to section 17200, citing Snapp & Associates Insurance Services, Inc. v. Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 891 (2002). The California Supreme Court subsequently disapproved of Snapp, holding that common law limitations rules, including the discovery rule, apply to section 17200 claims. Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185 (2013). In any case, Plaintiff has not alleged any facts that would support tolling the limitations period. Rather, as noted above, the FAC makes clear that Plaintiff likely knew about any alleged fraud by 2005, so his claim is untimely even if measured from 2005.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

**CONCLUSION**

The Court GRANTS Defendants' motion and DISMISSES all Plaintiff's claims brought against MERS and Fannie Mae WITH PREJUDICE because Plaintiff has already had an opportunity to amend. See Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer          AB