# Exhibit 12

# SAMPLE CONSUMER PROTECTION CASE
# VERDICTS AND SETTLEMENTS

Foreclosure or the prospect of foreclosure is almost per se an emotional harm. *Cf. Parks v. Wells Fargo Home Mortg., Inc.*, 398 F.3d 937, 941 (7th Cir. 2005)(denying emotional distress damages because no independent tort, only a breach of contract, but noting, "We have no doubt that anyone would suffer emotional harm from losing his or her home, or even from facing such a possibility."); *Matthews v. Homecoming Fin. Network*, 2005 U.S. Dist. LEXIS 21535 (N.D. Ill. 2005) (foreclosure without cause sufficient basis for intentional infliction of emotional distress claim); *Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809 (N.D. Ill. 2001)(possibility of foreclosure sufficient to state emotional distress damages and survive motion to dismiss RESPA claim); *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995) (awarding in emotional distress damages to wrongfully terminated employee supported by loss of home in foreclosure, ruined credit, as well as physical symptoms including spastic colon and high blood pressure); The likelihood of foreclosure from these loans and the devastating personal impact of foreclosure should be enough to demonstrate both outrageous conduct and knowledge that severe emotional distress is likely to result.

*Miller v. Equifax Information Services, LLC, U.S.D.C OR (7/26/2013 & 2/14/2014* (jury verdict for $180,000 in compensatory damages and $18,400,000 in punitive damages reduce by the trial court in post trial to a total motion to a total of $1,800,000); *Yazzie v. Law Offices of Farrell & Seldin and Target National Bank*, USDC NM (8/19/2011)(judgment of $161,000 in compensatory damages and $1,100,000 in punitive damages for consumer in unlawful debt collection claims under federal and state law); *Brash v. PHH District GA* 2011 (1 million compensatory damages, only $575.00 in out of pocket damages, 20 million in punitive damages. *Conseco Servicing Corp. v. Carlson*, Judgment on counter claim of defendant for $3.5 million. Conseco had sued defendant on a $500 debt that was not his debt. No. CJ-00-227, Oklahoma State District Court, Creek County 2002. *Yazzie v. Farrell & Seldin* New Mexico July 29, 2011, $1.26 Million (161,000 noneconomic punitive 1.1 million) collection against wrong debtor, No. 10-CV-292 BB/LFG (D.N.Mex. 2011). Actual out of pocket expenses $20. *Fausto v Credigy* $500,000 ($50,000 compensatory for each plaintiff and $400,000 in punitives ), No. C 07-05658 JW (N.D.Calf.) on April 3, 2009. *McCollough v. Johnson Rodenberg & Lauinger*, $311,000 (250,000 mental anguish and $60,000 punitive damages), 645 F.Supp 2d 917 (D.Mont. 2009). *Household Credit Services v. Discol*, 989 S.W. 2d 72 (Tex. App..-El Paso 1998) ($11 Million judgment for consumer); Slick v. Norwest Mortgage Inc, 2002 Bankr.Lexis 772 (Bankr.S.D.Ala.2002) (Norwest Mortgage, Inc., n/k/a Wells Fargo, was assessed $2,000,000 in exemplary damages for charging attorneys fees to debtors' accounts without disclosing the fees to anyone); *Fisher v. Wells Fargo Home Mortgage, Trans Union LLC*, 2007 WL 1096917 (Cal.Superior 2007)(Court found that lender failed to correct their error related to the debtors' credit rating for two years despite receiving complaints on at least six occasions, and lender's internal policies made it impossible to resolve the credit problem in a timely fashion and awarded $885,000 in damages); *Filson v. Wells Fargo Home Mortg., Inc.*, 2008 WL 3914899 (Tenn.Ct.App.,2008)(Lender Fargo wrongfully held funds in suspense account rather than apply them to mortgage debt, then attempted to foreclose based on default caused only by lender's refusal to apply funds in suspense. Jury found $250,000 in damages. Trial Court reduced to $150,000. Court of Appeals remanded for more proof of damages. Final amount awarded unknown).