**Hearing Date:  August 13, 2014 at 10:00 a.m. (ET)**
**Objection Deadline:  July 21, 2014 at 4:00 p.m. (ET)**

| | |
|---|---|
| Richard M. Cieri | Jeffrey S. Powell |
| Ray C. Schrock | Daniel T. Donovan |
| Justin R. Bernbrock | Judson D. Brown |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 601 Lexington Avenue | 655 15th Street, N.W., Ste. 1200 |
| New York, New York 10022 | Washington, D.C. 20005 |
| Telephone: (212) 446-4800 | Telephone: (202) 879-5000 |
| Facsimile: (212) 446-4900 | Facsimile: (202) 879-5200 |

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------------

### NOTICE OF ALLY FINANCIAL INC.'S
### RENEWED MOTION FOR ENTRY OF AN ORDER IMPOSING SANCTIONS

**PLEASE TAKE NOTICE** that a hearing on *Ally Financial Inc.'s Renewed Motion for Entry of an Order Imposing Sanctions* (the "**Motion**") will be held before the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), in Room 501, One Bowling Green, New York, New York 10004-1408, on **August 13, 2014, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the basis for the objection and the specific grounds therefore and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be

found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a

hard copy delivered directly to Chambers and served, so as to be received no later than **July 21,**

**2014, at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) counsel to the Debtors and Liquidating

Trust, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention:

Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States

Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street,

Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S.

Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950

Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H.

Holder, Jr.); (d) the Office of the New York State Attorney General, The Capitol, Albany, NY

12224-0341 (Attention: Nancy Lord, Esq. and 3 Enid N. Stuart, Esq.); (e) the Office of the U.S.

Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007

(Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153

East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel

for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the

Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019

(Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:

Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA

19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional

Director); and (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho

Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

response to the relief requested in the Motion, the Bankruptcy Court may deem any opposition

waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion

without further notice or hearing.

July 11, 2014
New York, New York

*/s/ Ray C. Schrock*
Richard M. Cieri
Ray C. Schrock
Justin R. Bernbrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Jeffrey S. Powell
Daniel T. Donovan
Judson D. Brown
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Richard M. Cieri                          Jeffrey S. Powell
Ray C. Schrock                            Daniel T. Donovan
Justin R. Bernbrock                       Judson D. Brown
KIRKLAND & ELLIS LLP                      KIRKLAND & ELLIS LLP
601 Lexington Avenue                      655 15th Street, N.W., Ste. 1200
New York, New York 10022                  Washington, D.C. 20005
Telephone: (212) 446-4800                 Telephone: (202) 879-5000
Facsimile: (212) 446-4900                 Facsimile: (202) 879-5200

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------
                                    )
In re:                              )   Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )   Chapter 11
                                    )
                        Debtors.    )   Jointly Administered
                                    )
-----------------------------------------------------

---

### ALLY FINANCIAL INC.'S RENEWED
### MOTION FOR ENTRY OF AN ORDER IMPOSING SANCTIONS

---

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Ally Financial Inc. ("***AFI***," together with its non-debtor subsidiaries and affiliates,

collectively, "***Ally***") submits this motion (the "***Motion***") for entry of an order, substantially in the

form attached hereto as **<u>Exhibit A</u>** (the "***Order***"), imposing sanctions pursuant to the Court's

*Memorandum Opinion and Order Granting in Part and Denying in Part Ally Financial Inc.'s*

*Motion for an Order Enforcing the Chapter 11 Plan Injunction* [ECF No. 7148]

(the "***Memorandum Opinion***").[1]   In support hereof, Ally submits the *Declaration of Ray C.*

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Memorandum Opinion and the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [ECF No. 6065-1] (the "*Plan*"), which was confirmed by the Court on December 11, 2013 [ECF No. 6065].

*Schrock*, which is attached hereto as **Exhibit B** (the "*Schrock Declaration*"), and respectfully

states as follows:

## INTRODUCTION

On June 20, 2014, the Court entered the Memorandum Opinion, which provides that

Brookstone acted improperly by not dismissing the Ally Complaint:

> There was no colorable reason for Brookstone to continue litigating against Ally
> in California, given the clear language of the Plan. Brookstone's failure to dismiss
> the Ally Complaint or respond in any way to Ally's letters or calls, or to this
> Motion, is indicative of the way that the California Litigation Claimants behaved
> when the Debtors objected to their proofs of claim in these chapter 11 cases. Both
> during the claims resolution process and during this dispute, Brookstone
> displayed a pattern of failing to respond to communications and missing
> deadlines. Brookstone's actions since Ally first sent notice explaining the effect of
> the Third Party Release and Plan Injunction can only be explained as delay
> tactics. This is an "improper purpose" identified by the Second Circuit as an
> appropriate grounds on which a bankruptcy court may impose sanctions pursuant
> to 28 U.S.C. § 1927. *See Oliveri*, 803 F.2d at 1273.

(Mem. Op. 17.)  The Court further held that it did not have sufficient information to impose

sanctions against Brookstone, (*id.* 18–19), but the Court permitted Ally to renew its motion for

sanctions, (*id.* 20).

Accordingly, Ally submits this Motion to provide the Court with additional argument and

supporting detail in connection with its request that the Court impose sanctions against

Brookstone, and Ally respectfully requests that the Court grant the relief sought herein.

Importantly, as of the date hereof, Brookstone and the California Litigation Claimants have not

dismissed their action against Ally.[2]

---

[2] Ally is in the process of taking steps to enforce the Memorandum Opinion, and it expressly reserves its right to
seek an order holding Brookstone and the California Litigation Claimants in contempt of the Memorandum Opinion
should such an order be necessary.  (*See* Mem. Op. 20.)

## BACKGROUND[3]

On May 9, 2012, Brookstone, a law firm based in California, filed a 120-page complaint in California state court on behalf of the California Litigation Claimants against numerous Debtor entities, including GMAC Mortgage, LLC, and Homecomings Financial, LLC, as well as AFI, GMAC Mortgage Group, Inc., and Ally Bank. (Saelao Decl. ¶¶ 3–4.) The California Litigation Claimants' complaint challenged the securitizations, servicing, and foreclosure of residential mortgages originated and serviced by the Debtor entities, including GMAC Mortgage and Homecomings Financial. (*Id.*)

The complaint brought claims for fraudulent concealment, intentional and negligent misrepresentation, unfair competition, wrongful foreclosure, violation of the Truth in Lending Act, and violation of appraisal independence. (*Id.*) The complaint further alleged that Ally was liable as a successor-in-interest, directly and through the actions of its subsidiaries, and as an "alter ego" or as a "single, greater unified whole." (*Id.* ¶ 5.) On June 8, 2012, the action was removed to the United States District Court for the Central District of California. (*Id.* ¶ 6.)

On May 14, 2012, ResCap and many of its direct and indirect subsidiaries—including GMAC Mortgage and Homecomings Financial—filed for bankruptcy protection. Brookstone was notified about the bankruptcy filing on or about June 12, 2012.[4] On or about September 7, 2012, Brookstone was notified of the claims bar date.[5]

---

[3] The facts presented in this section first appeared in *Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction and Attorneys' Fees and Costs* [ECF No. 6827] (the "**Initial Motion**") and the *Declaration of Rebecca S. Saelao* (the "**Saelao Declaration**"), which was attached to the Initial Motion as Exhibit B.

[4] *See Affidavit of Service of Melissa Loomis Regarding Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines*, Ex. C, p. 616 [ECF No. 336] (listing Brookstone on the Creditor Matrix).

[5] *See Affidavit of Service of Clarissa D. Cu Regarding Notice of Deadlines for Filing Proofs of Claim*, Ex. I, pp. 1189, 1522 [ECF No. 1412].

On October 31, 2012, the California Litigation Claimants filed a 111-page first amended complaint (the "***First Amended Complaint***"), dropping its Truth in Lending Act claim and adding numerous additional plaintiffs, for a total of sixty-two named plaintiffs. (Saelao Decl. ¶ 7.)  The claims asserted otherwise remained the same.  (*Id.*)  Based on this First Amended Complaint, the California Litigation Claimants filed proofs of claims in this Court on November 9, 2012.[6]  The California Litigation Claimants in turn voluntarily dismissed the First Amended Complaint in January 2013.  (*Id.* ¶ 8.)

The Debtors objected to the California Litigation Claimants' proofs of claim on July 10, 2013, asserting that they failed to state a claim against any of the Debtors.[7]  The California Litigation Claimants' deadline to respond was August 9, 2013.  Rather than respond or attempt to establish the validity of their claims, fifty-eight of the California Litigation Claimants filed amended proofs of claim to which they attached a 250-page "Amended Complaint in Support of Amended Proof of Claim" (the "***Second Amended Complaint***") that was never filed in state or federal court.[8]  The Second Amended Complaint added a handful of new legal theories, including breach of contract, unfair debt collection practices, and price fixing in violation of the Sherman Act.  Despite being twice the length of the First Amended Complaint, the alleged facts that formed the basis of the California Litigation Claimants' claims remained unchanged.

In response, the Debtors filed additional objections, again arguing that the Second Amended Complaint failed to state a claim against any of the Debtors.[9]  The California Litigation Claimants were ordered to respond by January 23, 2014, but failed to do so.  On

---

[6] *See Debtors' Obj. to Proofs of Claim Filed by Certain Plaintiffs in California Litigation*, Ex. A [ECF No. 4200].

[7] *See id.*

[8] *See, e.g.*, Proof of Claim No. 6938, Ex. A (Aug. 9, 2013).

[9] *See Debtors' Obj. to Am. Proofs of Claim Filed by Certain Plaintiffs in California Litigation* [ECF No. 6130].

February 6, 2014, this Court concluded that the California Litigation Claimants "fail[ed] to state a basis for liability against the Debtors" and disallowed and expunged the claims with prejudice.[10]

The California Litigation Claimants, apparently anticipating this Court's order, filed a separate action in California state court on November 14, 2013 against Ally and various non-Debtor entities (the "***November 2013 Complaint***").   (Saelao Decl. ¶ 9.)   Like the previous complaints, the November 2013 Complaint alleged fraudulent concealment, intentional misrepresentation, negligent misrepresentation, negligence, and unfair business practices related to the securitization, origination, and servicing of residential mortgages.  (*Id.*)  The November 2013 Complaint, however, did not name any Debtor entities as direct defendants, in an attempt to comply with the automatic stay.[11]  (*Id.*)  Tellingly, though, the Ally Complaint continued to list various Debtor entities, including ResCap, Residential Funding Company, and Homecomings Financial—and importantly, it described those entities as the "originator[s] of loans underlying" the California Litigation Claimants' claims.  (*Id.*)  That is because the alleged facts that form the basis of the California Litigation Claimants' claims in the November 2013 Complaint remain tied to the actions of the Debtor entities.

Separately, on December 11, 2013, the Court entered the Confirmation Order confirming the Plan.  An "essential component" of the Plan is a broad Third Party Release of "any and all Causes of Action" against Ally "arising from or related in any way to the Debtors." (Plan Art. IX.D.)   The Plan further includes an Injunction that "permanently enjoined and precluded" an entity from "commencing or continuing . . . against any Released Party . . . on

---

[10] *See Memorandum Opinion and Order Sustaining Debtors' Objections to Proofs of Claim and Amended Proofs of Claim Filed by Certain Plaintiffs in California Litigation* [ECF No. 6439].

[11] Indeed, the November 2013 Complaint alleges that "at this time, Plaintiffs do not name [debtor defendants] in this action due to the automatic stay . . . ."  *See e.g.,* Saelao Decl. Ex. 4, Nov. 2013 Compl., at ¶ 33.

5

account of or in connection with or with respect to any Released Claims."  (Plan Art. IX.I.)

Brookstone was served notice of the Confirmation Hearing and a copy of the proposed Plan, but

did not object to the Plan or its Third Party Release.[12]  Brookstone also received notice of the

entry of the Confirmation Order.[13]

On January 30, 2014, Ally's counsel sent a letter to Brookstone to inform them that this

Court entered the Confirmation Order, and further provided copies of the Plan and Confirmation

Order.  (Saelao Decl. ¶ 10.)  The letter explained that the Plaintiffs' claims alleged in the

November 14, 2013 complaint against Ally fall squarely within the Third Party Release and that,

by virtue of the Plan's Injunction, the California Litigation Claimants were enjoined from

pursuing their claims against Ally.  (*Id.*)

On February 24, 2014, after no response from Brookstone, Ally's counsel in these

chapter 11 cases sent a second letter reiterating that the California Litigation Claimants' claims

against Ally were subject to the Plan's Third Party Release and Injunction.  (*Id.* ¶ 11.)  Ally

repeated its willingness to discuss the matter with the Brookstone and offered to arrange a

telephone conference with this Court to discuss the matter.  (*Id.*)  On March 4, 2014, Brookstone

contacted Ally's counsel, asserted that the California Litigation Claimants' claims were not

subject to the Third Party Release or Injunction provisions, requested additional time to confer

with bankruptcy colleagues about the impact of the Third Party Release and Injunction, and

agreed to respond to Ally's counsel promptly.  (*Id*. ¶ 12.)  Ally agreed to give Brookstone time to

---

[12] *Affidavit of Service of P. Joseph Morrow IV Regarding Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of Plan, and (VI) Granting Related Relief*, Ex. G, *passim*, Exh. L, *passim* [ECF No. 5196].

[13] *See Affidavit of Service of Clarissa D. Cu Regarding Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date, and Notice of Deadline and Procedures for Filing Certain Administrative Claims*, Ex. E, pp. 649, 1085, 2626, 2631, 3441 [ECF No. 6187].

discuss the issues with bankruptcy colleagues.  After two weeks without a response, Ally's counsel reached out to Brookstone on March 19.  (*Id.* ¶ 13.)  Again, Brookstone failed to respond.  (*Id.*)  Ally's counsel thus sent Brookstone another letter on April 24, 2013, but the Plaintiffs have nonetheless refused to dismiss their claims against Ally with prejudice.  (*Id.* ¶ 14–15.)

On April 25, 2014, Ally filed the Initial Motion, on which the Court held a hearing on May 15, 2014.  At that hearing, and by an order dated May 15, 2014, the Court ordered Ally's counsel to submit an affidavit in support of its request for fees and costs incurred in connection with the Initial Motion.[14]  Ally's counsel submitted the *Declaration of Ray C. Schrock Pursuant to the Court's Order Requiring Additional Submissions for Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction and Attorneys' Fees and Costs* [ECF No. 6985] (the "**Initial Schrock Declaration**") on May 22, 2014.  On June 20, 2014, the Court entered the Memorandum Opinion, ordering the California Litigation Claimants to dismiss their action against Ally within 14 days of entry of the Memorandum Opinion.  (Mem. Op. 20.)

Brookstone and the California Litigation Claimants have not dismissed their action against Ally as of the date hereof.

## JURISDICTION

As set forth in the Memorandum Opinion, the Court has authority to impose sanctions against Brookstone:

> "Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 477 (6th Cir. 1996); *In re 680 Fifth Ave. Assoc.*, 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998) ("Bankruptcy courts have the same inherent sanction authority as district courts . . . ."). Additionally, "bankruptcy courts may

---

[14] *See Order Requiring Additional Submissions for Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction and Attorneys' Fees and Costs* [ECF No. 6961] (the "**Additional Submission Order**").

sanction attorneys who unreasonably and vexatiously multiply court proceedings pursuant to 28 U.S.C. § 1927." *In re Green*, 422 B.R. 469, 474 (Bankr. S.D.N.Y. 2010) (citing *In re Cohoes Indus. Terminal, Inc.*, 931 B.R. 305, 323 (Bankr. S.D.N.Y. 1998); *In re Truong*, No. 07-12194, 2008 WL 1776227, at *5 (Bankr. S.D.N.Y. Apr. 14, 2008)); *see also In re Saint Vincents Catholic Med. Ctrs. of New York*, 506 B.R. 387, 401 (Bankr. S.D.N.Y. 2014) ("A bankruptcy court may exercise the power to sanction pursuant to § 1927.").

(Mem. Op. 15–16.)  Pursuant to that authority, Ally now seeks entry of an order awarding Ally its fees and costs incurred in connection with the Initial Motion.

## RELIEF REQUESTED

By this renewed Motion, Ally respectfully requests entry of the Order awarding Ally its reasonable attorneys' fees and costs, evidenced by the Schrock Declaration, which fees and costs were incurred in connection with the Initial Motion.

## ARGUMENT

As the Court found in the Memorandum Opinion, Brookstone acted with an "improper purpose" when it failed to dismiss the California Litigation Claimants' action against Ally. (Mem. Op. 17.)  Accordingly, under applicable law, Ally is entitled to recover its reasonable attorneys' fees and costs incurred in connection with the Initial Motion.

## I.    Ally Is Entitled To Attorneys' Fees And Costs.

In light of the circumstances under which Ally was forced to seek to enforce the Plan injunction against the California Litigation Claimants, Ally is entitled to be reimbursed for the attorneys' fees and expenses reasonably incurred because of Brookstone's conduct.  *See In re Cohoes Indus. Terminal, Inc.*, 931, F.2d 222, 230 (2d Cir. 1991) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[an] attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay.") (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)); *In re Gorshtein*, 285 B.R. 118, 124 (Bankr. S.D.N.Y. 2002) (granting sanctions pursuant

to 11 U.S.C. § 105(a)); *In re French Bourekas, Inc.*, 175 B.R. 517, 523-525 (Bankr. S.D.N.Y. 1994) (granting sanctions under under 28 U.S.C. § 1927 and 11 U.S.C. § 105(a)).

Brookstone was repeatedly advised of the Third Party Release and the Injunction in the Plan.  Brookstone's refusal to acknowledge the Third Party Release or the Injunction against the California Litigation Claimants forced Ally to expend valuable time and effort communicating with Brookstone—both in writing and telephonically—and ultimately filing the Initial Motion. The express terms of the Plan's Injunction make clear that "[a]ny person injured by any willful violation of this injunction shall be entitled to recover actual damages, including costs and attorneys' fees."  (Plan Art. IX.I.)

Moreover, the Court made clear in the Memorandum Opinion that Brookstone acted with an "improper purpose":

> There was no colorable reason for Brookstone to continue litigating against Ally in California, given the clear language of the Plan. Brookstone's failure to dismiss the Ally Complaint or respond in any way to Ally's letters or calls, or to this Motion, is indicative of the way that the California Litigation Claimants behaved when the Debtors objected to their proofs of claim in these chapter 11 cases. Both during the claims resolution process and during this dispute, Brookstone displayed a pattern of failing to respond to communications and missing deadlines. Brookstone's actions since Ally first sent notice explaining the effect of the Third Party Release and Plan Injunction can only be explained as delay tactics. This is an "improper purpose" identified by the Second Circuit as an appropriate grounds on which a bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927. *See Oliveri*, 803 F.2d at 1273.

(Mem. Op. 17.)  Ally therefore requests it be awarded its attorneys' fees and costs reasonably incurred to enforce the Court's injunction.

## II.    Ally's Attorneys' Fees And Costs Are Reasonable.

As set forth in the Schrock Declaration—and supported by the exhibits thereto—Ally's attorneys' fees and costs incurred in connection with the Initial Motion are reasonable.  Ally seeks to recover $13,205.50 on account of work performed by Kirkland & Ellis LLP (Ally's

counsel in these chapter 11 cases).[15]    Specifically, Ally's counsel incurred fees and costs "to

research, prepare and prosecute" the Initial Motion.    *See In re Spectee Grp., Inc.*, 185 B.R. 146,

160 (Bankr. S.D.N.Y. 1995) (internal quotation marks and citation omitted); *see also* Mem.

Op. 18.    Ally therefore respectfully submits that its counsels' fees and costs are reasonable.


[*Remainder of Page Intentionally Left Blank*]

---

[15] In the Initial Schrock Declaration, Ally requested payment of fees and expenses incurred by Severson & Werson
APC ("*S&W*") (Ally's litigation counsel in the underlying lawsuit) in the amount of $163.20.    On its own accord,
and in light of the amount, S&W has voluntarily waived its right to collect on account of its fees and expenses.

**CONCLUSION**

For the foregoing reasons, Ally respectfully requests that the Court enter the Order, awarding Ally its attorneys' fees and costs incurred in connection with the Initial Motion, and granting such other and further relief as appropriate.


July 11, 2014                                   _/s/ Ray C. Schrock_ _____
New York, New York                             Richard M. Cieri
                                               Ray C. Schrock
                                               Justin R. Bernbrock
                                               KIRKLAND & ELLIS LLP
                                               601 Lexington Avenue
                                               New York, New York 10022
                                               Telephone: (212) 446-4800
                                               Facsimile: (212) 446-4900

                                               - and -

                                               Jeffrey S. Powell
                                               Daniel T. Donovan
                                               Judson D. Brown
                                               KIRKLAND & ELLIS LLP
                                               655 15th Street, N.W., Ste. 1200
                                               Washington, D.C. 20005
                                               Telephone: (202) 879-5000
                                               Facsimile: (202) 879-5200

                                               *Counsel to Ally Financial Inc.*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER GRANTING ALLY FINANCIAL INC.'S
## RENEWED MOTION FOR ENTRY OF AN ORDER IMPOSING SANCTIONS

Upon consideration of the renewed motion (the "***Motion***")[1] of Ally Financial Inc.

("***AFI***," together with its non-debtor subsidiaries and affiliates, collectively, "***Ally***") for entry of

an order imposing sanctions against Brookstone Law, P.C.; and it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

venue of these chapter 11 cases and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core

proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been

given; and it appearing that no other or further notice need be provided; and after due

deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth below for the reasons set

forth on the record at the hearing on the Motion.

2. Ally is awarded $13,205.50 on account of its reasonable expenses and

costs, including attorneys' fees and costs, incurred in connection with the Initial Motion.

---

[1] Capitalized terms used but not defined herein have the meanings provided to such terms in the Motion.

3.  Ally is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.  All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

6.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
            New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

2

## **EXHIBIT B**

**Schrock Declaration**

Richard M. Cieri                          Jeffrey S. Powell
Ray C. Schrock                            Daniel T. Donovan
Justin R. Bernbrock                       Judson D. Brown
KIRKLAND & ELLIS LLP                      KIRKLAND & ELLIS LLP
601 Lexington Avenue                      655 15th Street, N.W., Ste. 1200
New York, New York 10022                  Washington, D.C. 20005
Telephone: (212) 446-4800                 Telephone: (202) 879-5000
Facsimile: (212) 446-4900                 Facsimile: (202) 879-5200

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------
                                    )
In re:                              )    Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
                                    )
                    Debtors.        )    Jointly Administered
                                    )
----------------------------------------------------------

**DECLARATION OF RAY C. SCHROCK IN SUPPORT OF**
**ALLY'S RENEWED MOTION FOR ENTRY OF AN ORDER IMPOSING SANCTIONS**

I, Ray C. Schrock, P.C., under penalty of perjury, declare as follows:

1.      I am a partner in the law firm of Kirkland & Ellis LLP ("***K&E***"), located at 601 Lexington Avenue, New York, New York 10022.  I am a member in good standing of the Bars of the State of New York and the State of Illinois.  There are no disciplinary proceedings pending against me in any jurisdiction.

2.      I submit this declaration in support of *Ally Financial Inc.'s Renewed Motion for Entry of an Order Imposing Sanctions* (the "***Motion***"), to which this declaration is attached as Exhibit B.[1]

3.      Ally engaged K&E to provide legal services in connection with these chapter 11 cases and related matters.

---
[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

4.    Ally instructed K&E to prepare and file the Initial Motion, and K&E did so on April 25, 2014.

5.    As detailed on the excerpts from K&E's invoice—attached hereto as **Exhibit 1**[2]— K&E lawyers and paraprofessionals spent a total of 22.2 hours researching, preparing, and prosecuting the Initial Motion, which time is briefly summarized in the below chart.

| Attorney | Position with K&E and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Cost |
|---|---|---|---|---|---|---|
| Justin Bernbrock | Associate | 2012 | Restructuring | $520.00 | 5.7 | $2,964.00 |
| Judson Brown | Partner | 2004 | Litigation | $840.00 | 5.0 | $4,200.00 |
| Jacob Goldfinger | Paralegal | N/A | Restructuring | $320.00 | 5.8 | $1,856.00 |
| Ray C. Schrock, P.C. | Partner | 1998 | Restructuring | $1,060.00 | 1.0 | $1,060.00 |
| Jodi Wu | Associate | 2011 | Litigation | $665.00 | 4.7 | $3,125.50 |
| Total | | | | | 22.2 | $13,205.50 |

6.    Based on the above, and as evidenced by **Exhibit 1**, Ally incurred **$13,205.50** in connection with the preparation of the Initial Motion.[3]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  July 11, 2014                    */s/ Ray C. Schrock, P.C.*
        New York, New York               Ray C. Schrock, P.C.
                                         Partner, Kirkland & Ellis LLP

---

[2] As the Court will note, the excerpts from K&E's invoices have been substantially redacted because the redacted information is (a) not related to the Initial Motion and (b) privileged and confidential.  Additionally, on certain dates, K&E lawyers performed work on matters related to the Initial Motion and work related to other matters. Accordingly, work performed in connection with matters unrelated to the Initial Motion has been redacted for the reasons given above.  Finally, on the dates that K&E lawyers performed work in connection with the Initial Motion and other matters, the total time billed (as set forth in the below chart) has been reduced to accurately reflect the time worked in connection with the Initial Motion only.

[3] As noted in the Motion, Ally previously requested payment of fees and expenses incurred by S&W in the amount of $163.20.  S&W has voluntarily waived its right to collect on account of its fees and expenses and, therefore, Ally only seeks sanctions on account of the amount of fees and expenses incurred by K&E.

2

<u>**EXHIBIT 1**</u>

**Excerpts from K&E's Invoice Related to the Initial Motion**

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
    260 - Project Rodeo-ResCap Restructuring

| Date | Timekeeper | Hours | Description |
|------|------------|-------|-------------|
| ████ | ████████ | ████████ | |
| ████ | ████ | ████████ | |
| ████ | ████████ | ████████ | |
| ████ | ███ | ████████ | |
| ████ | ████████ | ████████ | |
| ████ | ██ | ████ | |
| ████ | ████ | ████ | |
| 3/31/14 | Jodi K Wu | 2.90 | Review Hairston filings and draft motion to enforce third party release and injunction. |
| 3/03/14 | Judson D Brown | .90 | Telephone conference with T. Devine, T. Dennis and D. Donovan re third party release issues; review and draft correspondence re same. |
| 3/04/14 | Judson D Brown | 2.30 | ████████ telephone conference with Hairston counsel re third party release; draft correspondence re same. |
| ████ | | ████ | |

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
   260 - Project Rodeo-ResCap Restructuring

| Date | Timekeeper | | Hours | Description |
|------|-----------|---|-------|-------------|
| ██████████ | | | ██████████████████████ | |
| ██████████ | | | ███████████████████████ | |
| ██████████ | | | ████████████████████████████████████ | |
| 3/19/14 | Judson D Brown | | 1.30 | Draft correspondence re Hairston lawsuit; |
| | | | | ████████████████████████████████ |
| ██████████ | | | ███████████████████████████ | |
| ██████████ | | | ████████████████████ | |
| ██████████ | | | ███████████████████ | |
| ██████████ | | | ███████████████████████████ | |
| ██████████ | | | ████████████████████████████████ | |

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
   260 - Project Rodeo-ResCap Restructuring

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|



| 3/31/14 | Judson D Brown | .30 | Telephone conference with J. Wu re Hairston case: |



Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
   260 - Project Rodeo-ResCap Restructuring

| Date | Timekeeper | | Hours | Description |
|------|-----------|---|-------|-------------|
| ██████████ | | | ███████████████ | |
| ██████████ | | | ███████████████ | |
| ████████ | | | ███████████████ | |
| ██████████ | | | ███████████████ | |
| 4/24/14 | Justin Bernbrock | | 2.70 | Telephone conferences with K&E team and local counsel re third party release enforcement issues; draft and revise motion to enforce third party release; ███████████ |
| ████████ | | | ███████████████ | |
| 4/25/14 | Justin Bernbrock | | 3.10 | Draft and revise motion to enforce third party release; correspond and telephone conferences with K&E team and local counsel re same; prepare and file same. |
| ██████████ | | | ███████████████ | |
| ████████ | | | ███████████████ | |
| ████████ | | | ███████████████ | |
| ██████████ | | | ███████████████ | |

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
    260 - Project Rodeo-ResCap Restructuring

| Date | Timekeeper | | Hours | Description |
|------|-----------|--|-------|-------------|
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| 4/25/14 | Ray C Schrock, P.C. | | 1.00 | Tend to issues related to third party plan enforcement |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |
| ███████ | ███████ | | ████ | ████████████ |

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
    260 - Project Rodeo-ResCap Restructuring

| **Date** | **Timekeeper** | | **Hours** | **Description** |
|---|---|---|---|---|
| ███████ | ███████████ | | ████████████ | |
| ███████ | ███████████ | | ██████████ | |
| ███████ | ███████████ | | ███████████ | |
| 4/24/14 | Jodi K Wu | | 1.80 | Finalize Hairston motion to enforce third party release and injunction; telephone conference with local counsel re operative complaint and declaration. |
| ███████ | ███████████ | | █████████████ | |
| ███████ | ██████ | | ████████████ | |
| ███████ | ███████████ | | ████████████ | |
| ███████ | ██████ | | █████████████ | |
| ███████ | ███████████ | | ████████████ | |
| ███████ | ██████████ | | ████████████ | |
| ███████ | ██████ | | █████████████ | |

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
    260 - Project Rodeo-ResCap Restructuring

| Date | Timekeeper | Hours | Description |
|------|------------|-------|-------------|
| ████████ | | ██████████ | |
| 4/24/14 | Judson D Brown | 2.50 | ████████ review and revise letter to Hairston re third party release, and draft emails re same; review and revise motion to enforce third party release re Hairston. |
| 4/25/14 | Judson D Brown | 2.50 | Review and revise motion to enforce third party release re Hairston, and supporting declaration; telephone conferences with J. Wu and J. Bernbrock respectively, re same; review and draft emails re same. |
| ████████ | | ██████████ | |
| ████████ | | ██████████ | |
| ████████ | | ██████████ | |
| ████████ | | ██████████ | |
| ████████ | | ██████████ | |
| ████████ | | ██████████ | |
| ████████ | | ██████████ | |

Legal Services for the Period Ending March 31, 2014
Ally Financial Inc.
260 - Project Rodeo-ResCap Restructuring

| Date | Timekeeper | | Hours | Description |
|------|------------|---|-------|-------------|
| ███████████ | | | ████████████ | |
| ███████ | | | ██████████ | |
| ███████ | | | █████████ | |
| 4/25/14 | Jacob Goldfinger | | 5.50 | Prepare motion to enforce chapter 11 injunction for filing (.8); prepare motion to enforce chapter 11 injunction for service (4.8). |
| 4/29/14 | Jacob Goldfinger | | .30 | Prepare affidavit of service re motion to enforce plan injunction with respect to California plaintiffs. |
| | | | 142.10 | TOTAL HOURS |