UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: §
§ **Chapter 11**
RESIDENTIAL CAPTIAL, L.L.C, et al., §
§ Case No. 12-12020(MG)
§
Debtors § Jointly Administered

GREGORY C. MORSE
    *Pro Se* Appellant

v. 

RESCAP BORROWER CLAIMS TRUST
GMAC MORTGAGE, L.L.C.
HOMECOMINGS FINANCIAL, L.L.C.
ALLY BANK L.L.C. f/k/a GMAC BANK
ALLY FINANCIAL, INC.
    Appellees

## DESIGNATION OF ITEMS FOR APPEAL STATEMENT OF ISSUES FOR APPEAL TO DISTRICT COURT

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy, *Pro Se* Appellant Gregory C. Morse, and Bankruptcy Claimant NameID # 10987575, submits to the Southern District Of New York U.S. Bankruptcy Court the following list of items designated for use in the appeal and an accompanying statement of issues to be included by the Clerk of the Bankruptcy Court in the record in conjunction and connection with the Notice of Appeal.

**I. Designation of Items**

1.    EXHIBIT 74:    (MERS) - (ONLINE USER GUIDE)

2.  EXHIBIT 188:   (FANNIE MAE) - (LOAN LOOKUP SCREEN) - (223 HIGH POINT) - (2ND SCREEN) - (FANNIE OWNS LOAN)

3.  EXHIBIT 199:   (FANNIE MAE) - (GLENN GREGORY TELECON WITH FANNIE MAE HELP DESK)

4.  EXHIBIT 240:   (TX BUS and COMM CODE) - (CH 3) - (NEGOTIABLE INSTRUMENTS)

5.  EXHIBIT 241:   (TX BUS and COMM CODE) - (CH 9) - (UCC - SECURED TRANSACTIONS)

6.  EXHIBIT 257:   (TX LOCAL GOVT CODE) - (CH 192) - (INSTRUMENTS TO BE RECORDED BY COUNTIES)

7.  EXHIBIT 302:   (PLAINTIFF) - (QUALIFIED WRITTEN REQUEST NUM 1) - (GMAC RESPONSE and EXHIBITS)

8.  EXHIBIT 312:   (PLAINTIFF) - (NOTICE OF CONTRACT DEFAULT TO GMAC) - (FROM SANDERS)

9.  EXHIBIT 316:   (PLAINTIFF) - (MERS ORG ID NO. REPORT) - (HC FIN LLC ON DOCS BUT HC WHOLESALE MIN NUM ON DEED)

10. EXHIBIT 321:   (PLAINTIFF) - (HC FIN SELLS MORT LOAN TO GMAC BANK PRIOR TO 2-29-2008) - (LOAN CLOSED 3-3-2008)

11. EXHIBIT 396:   (COLLIN CTY) - (2008-03-13) - (2008 LOAN) - (BASTIAN) - (DEED OF RELEASE ROBOSIGNED ON BEHALF OF MERS AS LENDER WITH CTY FILING)

| 12. | EXHIBIT 397: | (COLLIN CTY) - (2008-03-14) - (2008 LOAN) - (BASTIAN) - (2ND DOT FOR 414_5K 1ST LIEN BY HC FIN WITH RIDERS and CTY FILING) |
|---|---|---|
| 13. | EXHIBIT 398: | (COLLIN CTY) - (2008-03-24) - (MERS RELEASE OF LIEN HC FIN) |
| 14. | EXHIBIT 619: | (RALI Series 2008-QR1) Prospectus Supplement and Trust Agreement |
| 15. | EXHIBIT 631: | (FLORIDA District Court) DOCX Federal Criminal Complaint |
| 16. | EXHIBIT 632: | (Florida District Court) LPS-DOCX Lorraine Brown Plea Agreement |
| 17. | EXHIBIT 659: | (North TX District Court) McCarthy v BOA |
| 18. | EXHIBIT 668: | (WA State Supreme Court) Bain v Metropolitan Mortgage |
| 19. | EXHIBIT 669: | (Oregon Supreme Court) Case S060281 |
| 20. | EXHIBIT 719: | RALI Series 2008-QR1 - REMIC RESEARCH |
| 21. | EXHIBIT 720: | (East TX District Court) - Case 4_11-CV-230 - Dkt Num 31 |
| 22. | EXHIBIT 721: | (AFFIDAVIT) - Non Receipt of Request Letter from ResCap |
| 23. | EXHIBIT 722: | GMAC Mortgage - (Illegal DOT Assignment On 10-12-2012) |
| 24. | EXHIBIT 729: | TX Admin Code Title 7 - (Rule Section 12.32 - Loan Fees and Charges) |
| 25. | EXHIBIT 730: | TX Insurance Code 2704 - (Issuance of Policy or Contract) |
| 26. | EXHIBIT 731: | Fed Ex Bill - (Response To RESCAP Objections) |
| 27. | EXHIBIT 732: | Fed Ex Bill - (Whistleblower Package To Judge Glenn) |
| 28. | EXHIBIT 733: | Email from Jonathan Petts demonstrating ex-parte conversation with Judge Glenn |

## II. Statement of Issues

In the following statements of issues, references to docket numbers refer to the official docket of In re: Residential Capital, L.L.C., et al., Southern District Of New York U.S. Bankruptcy Court case number 12-12020 Jointly Administered unless otherwise noted. References to ResCap shall refer to the ResCap Borrower Claims Trust throughout unless otherwise noted. References to Homecomings shall refer to Homecomings Financial, L.L.C. f/k/a Homecomings Financial Network, Inc. throughout unless otherwise noted. References to GMACM shall refer to GMAC Mortgage, L.L.C. throughout unless otherwise noted. References to Fannie Mae shall refer to Federal National Mortgage Association throughout unless otherwise noted. References to District Court shall refer to the Southern New York United States District Court throughout unless otherwise noted. References to Clerk of The Court shall refer to the Clerk of the Court for the Southern New York United States Bankruptcy Court throughout unless otherwise noted. References to The Court shall refer to the Southern District Of New York United States Bankruptcy Court throughout unless otherwise noted.

1. The Bankruptcy Court committed an appealable action that can be reversed when it did not scan electronically into the record the Exhibits submitted and received on April 23, 2014 by the Clerk of The Court. These Exhibits accompanied the Response of Gregory C. Morse to the Objection of the ResCap Borrower Claims Trust to Morse's Claims. This action destroyed an effective protection of the right of Gregory C. Morse to legitimately evidence his claims in the subsequent hearing on the objection.

2. Bankruptcy Judge Martin Glenn committed an appealable action that can be reversed when his Law Clerk Kaitlin Dabbert had ex-Parte conversations on April 25, 2014 with Attorney

Jonathan Petts at approximately 1:30 p.m. EST, three hours before the electronic filing of *Pro Se* Claimant Gregory C. Morse's Response on the Court Docket, Dkt. Num. 6825 at 4:50 p.m. April 25, 2014. Attorney Petts is with the law firm of Morrison & Forrester LLP, as counsel for the ResCap Borrower Claims Trust. A prudent and reasonably thoughtful person would conclude that the Chamber made wishes known to the Clerk's Office not to enter Morse's Exhibits into the docket. This action destroyed an effective protection of the right of Gregory C. Morse to legitimately evidence his claims in the subsequent hearing on the objection.

3. Judge Martin Glenn committed an appealable action that can be reversed when he combined information from IRS and SEC Whistleblower packages sent and personally addressed to him and not the Clerk of the Court. It was clearly demonstrated by the delivery date, April 24, 2014, and the accompanying letter showing the distribution of the Whistleblower Package that this was not for inclusion in the Bankruptcy Proceedings wherein the deadline for submission of Evidence to the Clerk was April 23, 2014, the preceding day.

4. Bankruptcy Judge Martin Glenn committed an appealable action that can be reversed when he issued his Order, Dkt. Num. 6842, stating that he would ignore the Exhibits submitted by Gregory C. Morse with his Response to the ResCap Objections to his Claims. This action destroyed an effective protection of the right of Gregory C. Morse to legitimately evidence his claims in the subsequent hearing on the objection.

5. Judge Martin Glenn showed judicial bias which is an appealable action and which is reversible when he erroneously states in his opening statement on Page 3 of his Order that the *Pro Se* Claimant submitted four claims against the debtors in this Bankruptcy case. This Claimant submitted only one set of claims. It was an error of the Court that the claims of this Claimant and many, many other claimants were replicated twice by the Court and had to be

expunged, see Dkt. Num. 3925. There were 42 sets of duplicate claims presented to the Court in order to afford Gregory C. Morse the right to defend his claims.

6. Judge Martin Glenn showed judicial bias when he made the statement on Page 2 of his Order that *Pro Se* Plaintiff Morse refused to serve documents on the debtors. As the Claimant is *Pro Se* and cannot make electronic filings to the Court, except through the Clerk's Office, the *Pro Se* Plaintiff is at a disadvantage financially and judicially to the lawyers who apparently have no limit in filing documents with the Court. A review of the statements from the post Office will show that *Pro Se* Claimant did not receive official notification by mail of the ResCap Opposition to his Claims until April 10, 2014 a total of nine days after the documents were filed. Yet, the *Pro Se* Claimant did not see fit to notice the Court of this slight and subversion of his rights. Claimant was not given sufficient time to generate copies of all evidence and to serve copies to Defendants. This judicial bias and error are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

7. Judge Martin Glenn showed judicial bias when he intentionally comingled a personal, single and courtesy submission to him, the Whistleblower Package which is wholly separate and distinct from the bankruptcy case at hand, with the documents required to respond to the objections of the ResCap Trust. This judicial bias and error are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

8. Judge Martin Glenn showed judicial bias when he denied the Morse Motion for Adjournment, Dkt. Num. 6880, in which Morse clearly stated that an agreement was impossible to reach with the attorneys for the debtors without waiving rights to make any future filings in the Court. Thus, because of the denial of Judge Martin Glenn on May 13, 2014, Dkt. Num. 6931, and because of the precarious flare-up of Morse's mother's medical condition, it was

impossible for Morse to schedule a telephonic appearance in court through Court Call in less than two days for appearance on May 15, 2014.

9. Judge Martin Glenn showed judicial prejudice, inattention to detail, and non-understanding of surveying and mortgage law, which predate the founding of this country, when he quoted from the declaration of Delehey that a promissory note was secured by real property located in Plano, Texas. The real property has never existed in the city of Plano, Texas. The property has always existed in the City and jurisdiction of Murphy, Texas. Thus, at inception, a clouding of the Title occurred. The property address in the Deed of Trust is not legally and technically congruent with the property description which was attached to the Deed of Trust after the signing of the Deed of Trust by Gregory C. Morse. The non-acceptance of these two facts by the Court has a severely negative effect on the defense of the Morse claims. This judicial bias and judicial error are reversible on appeal by the District Court in order to afford Gregory C. Morse the right to defend his claims.

10. Judge Martin Glenn committed a judicial error, showed his inattention to detail, judicial malfeasance and his lack of understanding of Texas commerce and trade, mortgage laws and property laws when he stated on Page 4 of his Order that *"Homecomings endorsed the Note and Deed of Trust to GMACM."* The Exhibits submitted in all Courts, (Eastern Texas District Court and Southern New York Bankruptcy Court), by all parties show that the Promissory Note on this property was and still is endorsed in blank and is therefore non-negotiable under Texas Business and Commerce Code Chapters 3 and 9. This judicial error, inattention to detail, malfeasance and lack of judicial understanding are appealable and are reversible by the District Court in order to afford Gregory C. Morse the right to defend his claims.

10. Judge Martin Glenn committed a judicial error, showed his inattention to detail, judicial malfeasance and showed his lack of understanding of Texas real estate, commerce and trade, mortgage laws and property laws when he stated on Page 4 of his Order that *"Homecomings endorsed the Note and Deed of Trust to GMACM."* The Exhibits submitted in all Courts, (Eastern Texas District Court and Southern New York Bankruptcy Court), by the *Pro Se* Plaintiff/Claimant shows that the Assignment of the Deed of Trust from Homecomings to GMACM on this property occurred in October, 2012 which is 56 months ~ 4.67 years, after the selling of the Deed of Trust and Promissory Note to Fannie Mae on April 1, 2008. Under Texas Business and Commerce, Finance, Local Government and Property Codes, this Assignment of Deed by Homecomings to GMACM 56 months after Homecomings relinquished all of its rights to the property is illegal. This judicial error, inattention to detail, malfeasance and lack of judicial understanding are appealable and are reversible by the District Court in order to afford Gregory C. Morse the right to defend his claims.

11. Judge Martin Glenn committed a judicial error, showed inattention to detail and ignored the response of the *Pro Se* Claimant when he stated in his Order on Page 4 that the Property has not yet been foreclosed and that Morse is in default on the Note. *Pro Se* claimant has shown to the Eastern Texas District Court and the Southern New York Bankruptcy Court that there has been an attempted foreclosure while the case was proceeding in Federal Court in Texas and that the *Pro Se* Plaintiff informed all parties on March 29, 2011 that they had breached the terms of both the Deed of Trust and the Promissory Note. This judicial error and malfeasance are appealable and are reversible by the District Court in order to afford Gregory C. Morse the right to defend his claims.

12. Judge Martin Glenn committed judicial bias, inattention to detail and judicial malfeasance when he stated on Page 4 of his Order that *"Morse has pursued two lawsuits in Texas related to the loan."* If Judge Glenn had examined the Exhibits submitted by the *Pro Se* Claimant, he would have seen the Order and Memorandum of Eastern Texas U.S. District Court Magistrate Judge Don Bush which remanded all Texas State Law controversies to the State Courts of Texas, Case 4:11-cv-230, Dkt. Num. 21, PageID #202. This reference was made in the *Pro Se* Claimant's Response to the Objections of ResCap, Dkt. Num. 6825, Page 16 and Paragraph 49. This judicial error and malfeasance are appealable and are reversible by the District Court in order to afford Gregory C. Morse the right to defend his claims.

13. Judge Martin Glenn committed judicial bias, inattention to detail, judicial malfeasance and diminished mental capacity, when he stated in his Order on Page 5, *"The Texas District Court dismissed the First Morse Action because ... diversity jurisdiction did not exist because several defendants were Texas citizens..."* Any prudent and thoughtful person reviewing the Order of Eastern Texas U.S. District Court Magistrate Judge Don Bush in case 4:11-cv-230 and 28 USC §1332(a) and 28 USC §1332(a)(1) would see that the claims in case 4:11-cv-230 were over $75,000 and that Fannie Mae, a Federal Government Sponsored Enterprise, which was placed under Federal Government Conservatorship prior to April, 2011, is not and has never been a Texas Resident. Therefore, the Magistrate Judge failed in his ruling. This judicial error, inattention to detail, malfeasance and diminished mental capacity are appealable and are reversible by the District Court in order to afford Gregory C. Morse the right to defend his claims.

14. Judge Martin Glenn committed judicial bias, inattention to detail, judicial malfeasance, diminished mental capacity and lied in his Order, when he stated on Pages 5 and 6, *"The*

*Defendants removed the Texas Action to the Texas District Court on the basis of federal question jurisdiction with respect to the RICO claim..."* The evidence, solely supplied by ResCap as the Morse evidence was tossed out of The Court, which Judge Martin Glenn relied upon in making his ruling shows that claims for civil damages due to RICO were first mentioned on August 20, 2012, in the "Amended Complaint" filed in Eastern Texas U. S. District Court by *Pro Se* Plaintiff Gregory C. Morse. See Page 2 of Dkt. Num. 6743-9, Exhibit 7 which was filed by ResCap on April 2, 2014. This judicial error, inattention to detail, malfeasance, diminished mental capacity and lie by Bankruptcy Judge Martin Glenn are appealable and are reversible by the District Court in order to afford Gregory C. Morse the right to defend his claims.

15. Judge Martin Glenn showed judicial bias in his Order denying the claims of Gregory C. Morse when he stated as a part of his Order that Gregory C. Morse had been denied *in Forma Pauperis* status in the Fifth Circuit Court of Appeals. The right of appeal without paying fees to the Court has no legal basis as to the merits of the appeal which has been scheduled as case number 13-41141, Gregory C. Morse v. Homecomings Financial, L.L.C. et al. This blatant judicial prejudice, judicial error and judicial malfeasance are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

16. Judge Martin Glenn, exhibiting extreme judicial prejudice, abuse of power, judicial malfeasance and inattention to detail, ignored precedent setting Appellate Court rulings which are now the laws of the land. These rulings are *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007); *Platsky v. CIA, 953 F.2d 26; Hughes v. Rowe 499 U.S. 5, 9-10, 101 S. ct. 173, 175-176, 66 L.Ed.2d 163 (1980) (per curiam)* and *Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972) (per curiam).* These rulings

instruct the lower Courts to afford a much broader interpretation and acceptance of the pleadings of a *Pro Se* litigant as opposed to Court admitted attorneys. This abuse of judicial power, judicial prejudice, judicial error and judicial malfeasance are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

17. Judge Martin Glenn again shows his judicial abuse of power, judicial prejudice and judicial malfeasance when he writes on Page 9 of his Order that "*Morse's Response contains invective primarily targeted at the Debtors; he also attempts to reargue issues that were carefully addressed and decided against him in the Texas Action.*" This is a direct reiteration of the non-responsive answers of the lawyers from Bradley Arant Boult Cummings, L.L.P. that are the same lawyers representing both the debtors and claimants in this bankruptcy case and the Defendants in the Eastern Texas U. S. District Court. The names of these attorneys are Brian O'Dell and Hope Cannon. Judge Martin Glenn ignores the fact that the actions of both the Magistrate and District Judge in the Eastern Texas U. S. District Court are now on appeal in the Fifth Circuit Court of Appeals in New Orleans. This abuse of judicial power, judicial prejudice, judicial error and judicial malfeasance are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

18. Judge Martin Glenn has contrary to protestations by other Claimants and the Committee of Unsecured Creditors allowed attorneys to engage in conflict of interest engagements in his Court. Several of the attorneys from Bradley Arant Boult Cummings, L.L.P. are representing both debtors and claimants in this bankruptcy case. In addition, several of the attorneys are representing GMAC Mortgage, L.L.C. and Homecomings Financial, L.L.C., both of whom are debtors in the instant case and Defendants in the case ongoing in the Eastern Texas U. S. District Court. The same attorneys continue to represent Fannie Mae as a Defendant in the ongoing case

in the Eastern Texas U. S. District Court. Until September 24, 2013, these same attorneys from Bradley Arant Boult Cummings, L.L.P. represented Ally Bank in the ongoing case in the Eastern Texas District Court. See Dkt. Num. 6743-13 on Pages 3 and 10 which was provided to the Court by ResCap. This inattention to detail, judicial malfeasance, diminished mental capacity and abuse of judicial power are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

19. Judge Martin Glenn once again demonstrates his judicial abuse of power, judicial prejudice and judicial malfeasance when he quotes from Collier On Bankruptcy, *In re W.R. Grace & Co., In re Rockefeller Ctr. Props.* and Federal Rules of Civil Procedure Rule 9(b) when he refused in his Order, Dkt. Num. 6842 to consider the evidence submitted to the Court by *Pro Se* Claimant. This abuse of judicial power, judicial prejudice and judicial malfeasance are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

20. Judge Martin Glenn abused his judicial power, demonstrated judicial prejudice and judicial malfeasance when he ignores the true meanings of the Appellate Court in the cases of *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly* which grant a relaxed level of standards for *Pro Se* litigants in Federal actions where the *Pro Se* litigant is allowed to make highly plausible claims that a prudent and thoughtful person would consider reasonable. That is, if a substantial number of the requirements are presented, the Court is allowed to be liberal in hearing complaints and claims from *Pro Se* litigants who should not, as the Appellate Courts reasoned, be held to the high standards of attorneys admitted to practice before the Federal Court. This inattention to detail, judicial prejudice, judicial malfeasance, diminished mental capacity and abuse of judicial power

are appealable and can be reversed by the District Court in order to afford Gregory C. Morse the right to defend his claims.

21. Judge Martin Glenn abused his judicial power, committed judicial malfeasance and judicial prejudice when he stated on Page 12 of his Order, *"The procedural "deficiencies" Morse identifies in the Trust's Objection are meritless – the trust may object to both of his Claims through a single objection and was not required to seek additional documentation from him since the basis of Objection was not sufficient documentation...."* The form letter presented to The Court as Dkt. Num. 6743-7 states on Page 2 in the first Paragraph that *"...we need additional informational from you regarding the claims you are asserting AGAINST THE Debtors...."* A prudent and thoughtful person would conclude from this statement from ResCap that insufficient documentation was provided. Therefore, Judge Martin Glenn violated his own Procedures Order, Dkt. Num. 3294 when he states that ResCap was under no obligation to provide *Pro Se* Claimant with the letter they included as evidence. *Pro Se* Claimant adequately showed in his Response that said letter was never mailed nor emailed. See Dkt. Num. 6825, Pages 9 through 11, Paragraph 26 in Sections A through K. The judicial abuse of power, judicial malfeasance and judicial prejudice, which include Judge Martin Glenn violating his own standing Procedures Order which defines the appropriate actions of the debtors to Object to Claims, are appealable and are reversible by the district Court so that Gregory C. Morse can be afforded the opportunity to defend his claims.

22. Sections B through E under Section II of the Order Dismissing the Claims of Gregory C. Morse are the subject of the Federal action in the Fifth Circuit Appellate Court because of improper actions, misapplication of Texas Statutes and Federal Codes by the Magistrate Jude and the District Judge in East Texas. Therefore, the comments by the debtors must be seriously

weighed against the assertions in the Response of the *Pro Se* Claimant. This did not occur, as the evidence presented to the Court by the *Pro Se* Claimant was not entered on the Docket as the evidence provided by the Debtors was. The judicial prejudice, judicial abuse of power and judicial malfeasance of the Bankruptcy Judge and the Clerk of the Court are appealable and can be reversed by the District Court to allow the *Pro Se* Claimant to defend his claims.

23. Judge Martin Glenn again demonstrates judicial error, showed his inattention to detail, judicial malfeasance and showed his lack of understanding of Texas real estate, commerce and trade, mortgage laws and property laws when he states on Page 17 of his Order that Gomez v. Wells Fargo applied and that "...*the mortgagor who attempted to modify her home loan ... was not a consumer under DTPA because ... she [did] .... Not purchase a good or service....*" Pro se Claimant is the purchaser of goods and services when the lender charged him ancillary fees pursuant to §12.32 of Title 7 of the Texas Administrative Code and Texas Insurance Code §2704.051 et seq. Homecomings Financial, L.L.C. and GMAC Mortgage, L.L.C. and Ally Bank and the Bankruptcy Judge are aware of Public Law 110-289 which requires them to register in Texas and all other States where they are engaged in the business of mortgage lending, banking and/or brokerage. Therefore, Judge Martin Glenn knew that the Debtors and the Creditor Ally Bank, who are attempting to hide behind the shield of bankruptcy, were and are required to demonstrate their understanding of Texas Business and Commerce, Finance, Local Government and Property Codes in addition to Texas Administrative Codes. The actions of Judge Martin Glenn are appealable and are reversible by the District Court so that Pro Se Claimant Gregory C. Morse can adequately defend his claims against the Debtors.

Respectfully submitted,

_____
Gregory C. Morse
*Pro Se* Claimant and Creditor NameID # 10987575

## Certificate of Service

I hereby certify that on the 9th day of July, 2014, I served a copy of the foregoing with the Clerk of the Court and by United States Overnight and Certified Mail prepaid and addressed to the following:

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Attention: Gary S. Lee, Norman S. Rosenbaum and Adam A. Lewis

Bradley Arant Boult Cummings LLP,
1819 Fifth Avenue North
Birmingham, AL 35202
Attention: Hope T. Cannon and D. Brian O'Dell

Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, NY 10014
Attention: Linda A. Riffkin and Brian S. Masumoto

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW,
Washington, DC 20530-0001
Attention: US Attorney General, Eric H. Holder, Jr.

Office of the New York State Attorney General
The Capitol
Albany, NY 12224-0341
Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.

Office of the U.S. Attorney for the Southern District of New York
One St. Andrews Plaza
New York, NY 10007
Attention: Joseph N. Cordaro, Esq.

Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022
Attention: Richard M. Cieri and Ray Schrock

## Certificate of Service (cont'd)

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attention: Kenneth Eckstein and Douglas Mannal

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Attention: Jennifer C. DeMarco and Adam Lesman

Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
Attention: Thomas Walper and Seth Goldman

Internal Revenue Service
2970 Market Street, Mail
Stop 5-Q30.133
Philadelphia, PA 19104-5016

Securities and Exchange Commission
New York Regional Office
3 World Financial Center
Suite 400
New York, NY 10281-1022
Attention: George S. Canellos, Regional Director

_____
Gregory C. Morse
*Pro Se* Claimant and Creditor NameID # 10987575