EXHIBIT 240

BUSINESS AND COMMERCE CODE

TITLE 1. UNIFORM COMMERCIAL CODE

CHAPTER 3. NEGOTIABLE INSTRUMENTS


SUBCHAPTER A. GENERAL PROVISIONS AND DEFINITIONS


Sec. 3.101.  SHORT TITLE.   This chapter may be cited as Uniform Commercial Code-Negotiable Instruments.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.102.  SUBJECT MATTER.  (a)  This chapter applies to negotiable instruments.  It does not apply to money, to payment orders governed by Chapter 4A, or to securities governed by Chapter 8.

(b)  If there is conflict between this chapter and Chapter 4 or 9, Chapters 4 and 9 govern.

(c)  Regulations of the Board of Governors of the Federal Reserve System and operating circulars of the Federal Reserve Banks supersede any inconsistent provision of this chapter to the extent of the inconsistency.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.103.  DEFINITIONS. (a)  In this chapter:

(1)  "Acceptor" means a drawee who has accepted a draft.

(2)  Reserved.

(3)  "Consumer transaction" means a transaction in which an individual incurs an obligation primarily for personal, family, or household purposes.

(4)  "Drawee" means a person ordered in a draft to make payment.

(5)  "Drawer" means a person who signs or is identified in a draft as a person ordering payment.

(6)  Reserved.

(7)  "Maker" means a person who signs or is identified in a note as a person undertaking to pay.

(8)  "Order" means a written instruction to pay money

**EXHIBIT 240**

signed by the person giving the instruction.  The instruction may be addressed to any person, including the person giving the instruction, or to one or more persons jointly or in the alternative but not in succession.  An authorization to pay is not an order unless the person authorized to pay is also instructed to pay.

(9)  "Ordinary care" in the case of a person engaged in business means observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged.  In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 4.

(10)  "Party" means a party to an instrument.

(11)  "Principal obligor," with respect to an instrument, means the accommodated party or any other party to the instrument against whom a secondary obligor has recourse under this chapter.

(12)  "Promise" means a written undertaking to pay money signed by the person undertaking to pay.  An acknowledgment of an obligation by the obligor is not a promise unless the obligor also undertakes to pay the obligation.

(13)  "Prove" with respect to a fact means to meet the burden of establishing the fact (Section 1.201(b)(8)).

(14)  Reserved.

(15)  "Remitter" means a person who purchases an instrument from its issuer if the instrument is payable to an identified person other than the purchaser.

(16)  "Remotely-created item" means an item that is created by a third party, other than the payor bank, under the purported authority of the drawer of the item for the purpose of charging the drawer's account with a bank and that does not bear a handwritten signature purporting to be the signature of the drawer.

(17)  "Secondary obligor," with respect to an instrument, means (A) an indorser or an accommodation party, (B) a

drawer having the obligation described in Section 3.414(d), or (C) any other party to the instrument that has recourse against another party to the instrument pursuant to Section 3.116(b).

(b) Other definitions applying to this chapter and the sections in which they appear are:

| | |
|---|---|
| "Acceptance" | Section 3.409. |
| "Accommodated party" | Section 3.419. |
| "Accommodation party" | Section 3.419. |
| "Account" | Section 4.104. |
| "Alteration" | Section 3.407. |
| "Anomalous indorsement" | Section 3.205. |
| "Blank indorsement" | Section 3.205. |
| "Cashier's check" | Section 3.104. |
| "Certificate of deposit" | Section 3.104. |
| "Certified check" | Section 3.409. |
| "Check" | Section 3.104. |
| "Consideration" | Section 3.303. |
| | |
| "Draft" | Section 3.104. |
| "Holder in due course" | Section 3.302. |
| "Incomplete instrument" | Section 3.115. |
| "Indorsement" | Section 3.204. |
| "Indorser" | Section 3.204. |
| "Instrument" | Section 3.104. |
| "Issue" | Section 3.105. |
| "Issuer" | Section 3.105. |
| "Negotiable instrument" | Section 3.104. |
| "Negotiation" | Section 3.201. |
| "Note" | Section 3.104. |
| "Payable at a definite time" | Section 3.108. |
| "Payable on demand" | Section 3.108. |
| "Payable to bearer" | Section 3.109. |
| "Payable to order" | Section 3.109. |
| "Payment" | Section 3.602. |
| "Person entitled to enforce" | Section 3.301. |
| "Presentment" | Section 3.501. |
| "Reacquisition" | Section 3.207. |

**EXHIBIT 240**

| | |
|---|---|
| "Special indorsement" | Section 3.205. |
| "Teller's check" | Section 3.104. |
| "Transfer of instrument" | Section 3.203. |
| "Traveler's check" | Section 3.104. |
| "Value" | Section 3.303. |

(c)  The following definitions in other chapters apply to this chapter:

| | |
|---|---|
| "Banking day" | Section 4.104. |
| "Clearing house" | Section 4.104. |
| "Collecting bank" | Section 4.105. |
| "Depositary bank" | Section 4.105. |
| "Documentary draft" | Section 4.104. |
| "Intermediary bank" | Section 4.105. |
| "Item" | Section 4.104. |
| "Payor bank" | Section 4.105. |
| "Suspends payments" | Section 4.104. |

(d)  In addition, Chapter 1 contains general definitions and principles of construction and interpretation applicable throughout this chapter.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 131, Sec. 1, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 542, Sec. 10, eff. Sept. 1, 2003.
Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 1, eff. September 1, 2005.

Acts 2005, 79th Leg., Ch. 95, Sec. 2, eff. September 1, 2005.

Acts 2007, 80th Leg., R.S., Ch. 427, Sec. 1, eff. September 1, 2007.

Acts 2007, 80th Leg., R.S., Ch. 427, Sec. 2, eff. September 1, 2007.


Sec. 3.104.  NEGOTIABLE INSTRUMENT.  (a)  Except as provided in Subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1)  is payable to bearer or to order at the time it is

issued or first comes into possession of a holder;

    (2)  is payable on demand or at a definite time; and

    (3)  does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

        (A)  an undertaking or power to give, maintain, or protect collateral to secure payment;

        (B)  an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

        (C)  a waiver of the benefit of any law intended for the advantage or protection of an obligor.

    (b)  "Instrument" means a negotiable instrument.

    (c)  An order that meets all of the requirements of Subsection (a), except Subdivision (1), and otherwise falls within the definition of "check" in Subsection (f) is a negotiable instrument and a check.

    (d)  A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this chapter.

    (e)  An instrument is a "note" if it is a promise and is a "draft" if it is an order.  If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either.

    (f)  "Check" means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or teller's check.  An instrument may be a check even though it is described on its face by another term, such as "money order."

    (g)  "Cashier's check" means a draft with respect to which the drawer and drawee are the same bank or branches of the same bank.

    (h)  "Teller's check" means a draft drawn by a bank:

    (1)  on another bank; or

    (2)  payable at or through a bank.

    (i)  "Traveler's check" means an instrument that:

(1)  is payable on demand;

(2)  is drawn on or payable at or through a bank;

(3)  is designated by the term "traveler's check" or by a substantially similar term; and

(4)  requires, as a condition to payment, a countersignature by a person whose specimen signature appears on the instrument.

(j)  "Certificate of deposit" means an instrument containing an acknowledgment by a bank that a sum of money has been received by the bank and a promise by the bank to repay the sum of money.  A certificate of deposit is a note of the bank.

(k)  Repealed by Acts 2007, 80th Leg., R.S., Ch. 427, Sec. 4, eff. September 1, 2007.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 131, Sec. 2, eff. Sept. 1, 1997.

Amended by:

Acts 2007, 80th Leg., R.S., Ch. 427, Sec. 4, eff. September 1, 2007.


Sec. 3.105.  ISSUE OF INSTRUMENT.  (a)  "Issue" means the first delivery of an instrument by the maker or drawer, whether to a holder or nonholder, for the purpose of giving rights on the instrument to any person.

(b)  An unissued instrument, or an unissued incomplete instrument that is completed, is binding on the maker or drawer, but nonissuance is a defense.  An instrument that is conditionally issued or is issued for a special purpose is binding on the maker or drawer, but failure of the condition or special purpose to be fulfilled is a defense.

(c)  "Issuer" applies to issued and unissued instruments and means a maker or drawer of an instrument.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.106.  UNCONDITIONAL PROMISE OR ORDER.  (a)  Except as provided in this section, for the purposes of Section 3.104(a), a promise or order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order is subject to

6

EXHIBIT 240

or governed by another record, or (iii) that rights or obligations with respect to the promise or order are stated in another record.  A reference to another record does not of itself make the promise or order conditional.

(b)  A promise or order is not made conditional (i) by a reference to another record for a statement of rights with respect to collateral, prepayment, or acceleration, or (ii) because payment is limited to resort to a particular fund or source.

(c)  If a promise or order requires, as a condition to payment, a countersignature by a person whose specimen signature appears on the promise or order, the condition does not make the promise or order conditional for the purposes of Section 3.104(a). If the person whose specimen signature appears on an instrument fails to countersign the instrument, the failure to countersign is a defense to the obligation of the issuer, but the failure does not prevent a transferee of the instrument from becoming a holder of the instrument.

(d)  If a promise or order at the time it is issued or first comes into possession of a holder contains a statement, required by applicable statutory or administrative law, to the effect that the rights of a holder or transferee are subject to claims or defenses that the issuer could assert against the original payee, the promise or order is not thereby made conditional for the purposes of Section 3.104(a);  but if the promise or order is an instrument, there cannot be a holder in due course of the instrument.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.
Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 3, eff. September 1, 2005.


Sec. 3.107.  INSTRUMENT PAYABLE IN FOREIGN MONEY.  Unless the instrument otherwise provides, an instrument that states the amount payable in foreign money may be paid in the foreign money or in an equivalent amount in dollars calculated by using the current bank-offered spot rate at the place of payment for the purchase of dollars on the day on which the instrument is paid.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Sec. 3.108.   PAYABLE ON DEMAND OR AT DEFINITE TIME.   (a)   A promise or order is "payable on demand" if it:

     (1)   states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder; or

     (2)   does not state any time of payment.

(b)   A promise or order is "payable at a definite time" if it is payable on elapse of a definite period of time after sight or acceptance or at a fixed date or dates or at a time or times readily ascertainable at the time the promise or order is issued, subject to rights of:

     (1)   prepayment;

     (2)   acceleration;

     (3)   extension at the option of the holder;  or

     (4)   extension to a further definite time at the option of the maker or acceptor or automatically on or after a specified act or event.

(c)   If an instrument, payable at a fixed date, is also payable on demand made before the fixed date, the instrument is payable on demand until the fixed date and, if demand for payment is not made before that date, becomes payable at a definite time on the fixed date.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.109.   PAYABLE TO BEARER OR TO ORDER.   (a)   A promise or order is payable to bearer if it:

     (1)   states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;

     (2)   does not state a payee;  or

     (3)   states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b)   A promise or order that is not payable to bearer is payable to order if it is payable (i) to the order of an identified person, or (ii) to an identified person or order.   A promise or order that is payable to order is payable to the identified person.

(c)  An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to Section 3.205(a).  An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to Section 3.205(b).

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.110.  IDENTIFICATION OF PERSON TO WHOM INSTRUMENT IS PAYABLE.  (a)  The person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the instrument.  The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person.  If more than one person signs in the name or behalf of the issuer of an instrument and all the signers do not intend the same person as payee, the instrument is payable to any person intended by one or more of the signers.

(b)  If the signature of the issuer of an instrument is made by automated means, such as a check-writing machine, the payee of the instrument is determined by the intent of the person who supplied the name or identification of the payee, whether or not authorized to do so.

(c)  A person to whom an instrument is payable may be identified in any way, including by name, identifying number, office, or account number.  For the purpose of determining the holder of an instrument, the following rules apply:

(1)  If an instrument is payable to an account and the account is identified only by number, the instrument is payable to the person to whom the account is payable.  If an instrument is payable to an account identified by number and by the name of a person, the instrument is payable to the named person, whether or not that person is the owner of the account identified by number.

(2)  If an instrument is payable to:

(A)  a trust, an estate, or a person described as trustee or representative of a trust or estate, the instrument is payable to the trustee, the representative, or a successor of

9

either, whether or not the beneficiary or estate is also named;

(B)  a  person  described  as  agent  or  similar representative of a named or identified person, the instrument is payable  to  the  represented  person,  the  representative,  or  a successor of the representative;

(C)  a  fund  or  organization  that  is  not  a  legal entity,  the  instrument  is  payable  to  a  representative  of  the members of the fund or organization; or

(D)  an office or to a person described as holding an  office,  the  instrument  is  payable  to  the  named  person,  the incumbent of the office, or a successor to the incumbent.

(d)  If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument.  If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged,  or  enforced  only  by  all  of  them.    If  an  instrument payable  to  two  or  more  persons  is  ambiguous  as  to  whether  it  is payable to the persons alternatively, the instrument is payable to the persons alternatively.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.111.  PLACE OF PAYMENT.  Except as otherwise provided for  items  in  Chapter  4,  an  instrument  is  payable  at  the  place  of payment stated in the instrument.  If no place of payment is stated, an  instrument  is  payable  at  the  address  of  the  drawee  or  maker stated  in  the  instrument.    If  no  address  is  stated,  the  place  of payment is the place of business of the drawee or maker.  If a drawee or maker has more than one place of business, the place of payment is any place of business of the drawee or maker chosen by the person entitled  to  enforce  the  instrument.    If  the  drawee  or  maker  has  no place  of  business,  the  place  of  payment  is  the  residence  of  the drawee or maker.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.112.   INTEREST.  (a) Unless otherwise provided in the instrument:

(1)  an instrument is not payable with interest;  and

(2)  interest on an interest-bearing instrument is payable from the date of the instrument.

(b)  Interest may be stated in an instrument as a fixed or variable amount of money or it may be expressed as a fixed or variable rate or rates.  The amount or rate of interest may be stated or described in the instrument in any manner and may require reference to information not contained in the instrument.  If an instrument provides for interest, but the amount of interest payable cannot be ascertained from the description, interest is payable at the judgment rate in effect at the place of payment of the instrument and at the time interest first accrues, and the instrument shall not by virtue of this sentence be considered to violate the provisions of Title 4, Finance Code.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996; Acts 1999, 76th Leg., ch. 62, Sec. 7.45, eff. Sept. 1, 1999.


Sec. 3.113.  DATE OF INSTRUMENT.  (a)  An instrument may be antedated or postdated.  The date stated determines the time of payment if the instrument is payable at a fixed period after date.  Except as provided in Section 4.401(c), an instrument payable on demand is not payable before the date of the instrument.

(b)  If an instrument is undated, its date is the date of its issue or, in the case of an unissued instrument, the date it first comes into possession of a holder.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.114.  CONTRADICTORY TERMS OF INSTRUMENT.  If an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.115.  INCOMPLETE INSTRUMENT.  (a)  "Incomplete instrument" means a signed writing, whether or not issued by the signer, the contents of which show at the time of signing that it is incomplete but that the signer intended it to be completed by the

EXHIBIT 240

addition of words or numbers.

(b)  Subject to Subsection (c), if an incomplete instrument
is an instrument under Section 3.104, it may be enforced according
to its terms if it is not completed, or according to its terms as
augmented by completion.  If an incomplete instrument is not an
instrument under Section 3.104, but, after completion, the
requirements of Section 3.104 are met, the instrument may be
enforced according to its terms as augmented by completion.

(c)  If words or numbers are added to an incomplete
instrument without authority of the signer, there is an alteration
of the incomplete instrument under Section 3.407.

(d)  The burden of establishing that words or numbers were
added to an incomplete instrument without authority of the signer
is on the person asserting the lack of authority.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.116.  JOINT AND SEVERAL LIABILITY;  CONTRIBUTION.
(a)  Except as otherwise provided in the instrument, two or more
persons who have the same liability on an instrument as makers,
drawers, acceptors, indorsers who indorse as joint payees, or
anomalous indorsers are jointly and severally liable in the
capacity in which they sign.

(b)  Except as provided in Section 3.419(e) or by agreement
of the affected parties, a party having joint and several liability
who pays the instrument is entitled to receive from any party having
the same joint and several liability contribution in accordance
with applicable law.

(c)  Repealed by Acts 2005, 79th Leg., Ch. 95, Sec. 21, eff.
September 1, 2005.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.
Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 21, eff. September 1, 2005.


Sec. 3.117.  OTHER AGREEMENTS AFFECTING INSTRUMENT. Subject
to applicable law regarding exclusion of proof of contemporaneous
or previous agreements, the obligation of a party to an instrument
to pay the instrument may be modified, supplemented, or nullified

by a separate agreement of the obligor and a person entitled to
enforce the instrument, if the instrument is issued or the
obligation is incurred in reliance on the agreement or as part of
the same transaction giving rise to the agreement.  To the extent an
obligation is modified, supplemented, or nullified by an agreement
under this section, the agreement is a defense to the obligation.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.118.   STATUTE OF LIMITATIONS. (a) Except as provided
in Subsection (e), an action to enforce the obligation of a party to
pay a note payable at a definite time must be commenced within six
years after the due date or dates stated in the note or, if a due
date is accelerated, within six years after the accelerated due
date.

(b)  Except as provided in Subsection (d) or (e), if demand
for payment is made to the maker of a note payable on demand, an
action to enforce the obligation of a party to pay the note must be
commenced within six years after the demand.  If no demand for
payment is made to the maker, an action to enforce the note is
barred if neither principal nor interest on the note has been paid
for a continuous period of 10 years.

(c)  Except as provided in Subsection (d), an action to
enforce the obligation of a party to an unaccepted draft to pay the
draft must be commenced within three years after dishonor of the
draft or 10 years after the date of the draft, whichever period
expires first.

(d)  An action to enforce the obligation of the acceptor of a
certified check or the issuer of a teller's check, cashier's check,
or traveler's check must be commenced within three years after
demand for payment is made to the acceptor or issuer, as the case
may be.

(e)  An action to enforce the obligation of a party to a
certificate of deposit to pay the instrument must be commenced
within six years after demand for payment is made to the maker, but
if the instrument states a due date and the maker is not required to
pay before that date, the six-year period begins when a demand for
payment is in effect and the due date has passed.

(f)  An action to enforce the obligation of a party to pay an accepted draft, other than a certified check, must be commenced:

(1)  within six years after the due date or dates stated in the draft or acceptance if the obligation of the acceptor is payable at a definite time; or

(2)  within six years after the date of the acceptance if the obligation of the acceptor is payable on demand.

(g)  Unless governed by other law regarding claims for indemnity or contribution, the following actions must be commenced within three years after the cause of action accrues:

(1)  an action for conversion of an instrument, an action for money had and received, or like action based on conversion;

(2)  an action for breach of warranty; or

(3)  an action to enforce an obligation, duty, or right arising under this chapter and not governed by this section.

(h)  This section does not apply to an action involving a real property lien covered by Section 16.035 or 16.036, Civil Practice and Remedies Code.

(i)  A right of action of a public institution of higher education or the Texas Higher Education Coordinating Board is not barred by this section.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 219, Sec. 4, eff. May 23, 1997; Acts 2001, 77th Leg., ch. 279, Sec. 1, eff. May 22, 2001.


Sec. 3.119.  NOTICE OF RIGHT TO DEFEND ACTION.  In an action for breach of an obligation for which a third person is answerable over pursuant to this chapter or Chapter 4, the defendant may give the third person notice of the litigation in a record, and the person notified may then give similar notice to any other person who is answerable over.  If the notice states (i) that the person notified may come in and defend, and (ii) that failure to do so will bind the person notified in an action later brought by the person giving the notice as to any determination of fact common to the two litigations, the person notified is so bound unless after seasonable receipt of the notice the person notified does come in

**EXHIBIT 240**

and defend.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

    Acts 2005, 79th Leg., Ch. <u>95</u>, Sec. 4, eff. September 1, 2005.


    SUBCHAPTER B. NEGOTIATION, TRANSFER, AND INDORSEMENT


    Sec. 3.201.  NEGOTIATION.    (a)    "Negotiation"  means  a transfer  of  possession,  whether  voluntary  or  involuntary,  of  an instrument by a person other than the issuer to a person who thereby becomes its holder.

    (b)   Except  for  negotiation  by  a  remitter,  if  an  instrument is  payable  to  an  identified  person,  negotiation  requires  transfer of  possession  of  the  instrument  and  its  indorsement  by  the  holder. If  an  instrument  is  payable  to  bearer,  it  may  be  negotiated  by transfer of possession alone.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


    Sec.  3.202.   NEGOTIATION   SUBJECT   TO   RESCISSION.    (a) Negotiation is effective even if obtained:

        (1)   from  an  infant,  a  corporation  exceeding  its powers, or a person without capacity;

        (2)   by fraud, duress, or mistake;  or

        (3)   in  breach  of  duty  or  as  part  of  an  illegal transaction.

    (b)   To the extent permitted by other law, negotiation may be rescinded  or  may  be  subject  to  other  remedies,  but  those  remedies may not be asserted against a subsequent holder in due course or a person paying the instrument in good faith and without knowledge of facts that are a basis for rescission or other remedy.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


    Sec.  3.203.   TRANSFER  OF  INSTRUMENT;   RIGHTS  ACQUIRED  BY TRANSFER. (a) An instrument is transferred when it is delivered by a  person  other  than  its  issuer  for  the  purpose  of  giving  to  the person receiving delivery the right to enforce the instrument.

    (b)   Transfer  of  an  instrument,  whether  or  not  the  transfer

**EXHIBIT 240**

is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course.  The transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

(c)  Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made.

(d)  If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this chapter and has only the rights of a partial assignee.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.204.  INDORSEMENT.  (a)  "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement.  For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b)  "Indorser" means a person who makes an indorsement.

(c)  For the purpose of determining whether the transferee of an instrument is a holder, an indorsement that transfers a security interest in the instrument is effective as an unqualified indorsement of the instrument.

(d)  If an instrument is payable to a holder under a name that

16

is not the name of the holder, indorsement may be made by the holder
in the name stated in the instrument or in the holder's name or
both, but signature in both names may be required by a person paying
or taking the instrument for value or collection.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.205.  SPECIAL  INDORSEMENT;  BLANK  INDORSEMENT;
ANOMALOUS INDORSEMENT.  (a)  If an indorsement is made by the holder
of an instrument, whether payable to an identified person or
payable to bearer, and the indorsement identifies a person to whom
it makes the instrument payable, it is a "special indorsement."
When specially indorsed, an instrument becomes payable to the
identified person and may be negotiated only by the indorsement of
that person.   The principles stated in Section 3.110 apply to
special indorsements.

(b)  If an indorsement is made by the holder of an instrument
and it is not a special indorsement, it is a "blank indorsement."
When indorsed in blank, an instrument becomes payable to bearer and
may be negotiated by transfer of possession alone until specially
indorsed.

(c)  The holder may convert a blank indorsement that consists
only of a signature into a special indorsement by writing, above the
signature of the indorser, words identifying the person to whom the
instrument is made payable.

(d)  "Anomalous indorsement" means an indorsement made by a
person who is not the holder of the instrument.   An anomalous
indorsement does not affect the manner in which the instrument may
be negotiated.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.206.  RESTRICTIVE INDORSEMENT.  (a)  An indorsement
limiting payment to a particular person or otherwise prohibiting
further transfer or negotiation of the instrument is not effective
to prevent further transfer or negotiation of the instrument.

(b)  An indorsement stating a condition to the right of the
indorsee to receive payment does not affect the right of the
indorsee to enforce the instrument.   A person paying the instrument

**EXHIBIT 240**

or taking it for value or collection may disregard the condition, and the rights and liabilities of that person are not affected by whether the condition has been fulfilled.

(c)  If an instrument bears an indorsement (i) described in Section 4.201(b), or (ii) in blank or to a particular bank using the words "for deposit" or "for collection," or other words indicating a purpose of having the instrument collected by a bank for the indorser or for a particular account, the following rules apply:

(1)  a person, other than a bank, who purchases the instrument when so indorsed converts the instrument unless the amount paid for the instrument is received by the indorser or applied consistently with the indorsement;

(2)  a depositary bank that purchases the instrument or takes it for collection when so indorsed converts the instrument unless the amount paid by the bank with respect to the instrument is received by the indorser or applied consistently with the indorsement;

(3)  a payor bank that is also the depositary bank or that takes the instrument for immediate payment over the counter from a person other than a collecting bank converts the instrument unless the proceeds of the instrument are received by the indorser or applied consistently with the indorsement; and

(4)  except as otherwise provided in Subdivision (3), a payor bank or intermediary bank may disregard the indorsement and is not liable if the proceeds of the instrument are not received by the indorser or applied consistently with the indorsement.

(d)  Except for an indorsement covered by Subsection (c), if an instrument bears an indorsement using words to the effect that payment is to be made to the indorsee as agent, trustee, or other fiduciary for the benefit of the indorser or another person, the following rules apply:

(1)  unless there is notice of breach of fiduciary duty as provided in Section 3.307, a person who purchases the instrument from the indorsee or takes the instrument from the indorsee for collection or payment may pay the proceeds of payment or the value given for the instrument to the indorsee without regard to whether the indorsee violates a fiduciary duty to the indorser;  and

(2)  a  subsequent  transferee  of  the  instrument  or person  who  pays  the  instrument  is  neither  given  notice  nor otherwise affected by the restriction in the indorsement unless the transferee  or  payor  knows  that  the  fiduciary  dealt  with  the instrument or its proceeds in breach of fiduciary duty.

(e)  The presence on an instrument of an indorsement to which this section applies does not prevent a purchaser of the instrument from becoming a holder in due course of the instrument unless the purchaser  is  a  converter  under  Subsection  (c)  or  has  notice  or knowledge of breach of fiduciary duty as stated in Subsection (d).

(f)  In an action to enforce the obligation of a party to pay the instrument, the obligor has a defense if payment would violate an indorsement to which this section applies and the payment is not permitted by this section.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.207.  REACQUISITION.  Reacquisition of an instrument occurs if it is transferred to a former holder, by negotiation or otherwise.  A  former  holder  who  reacquires  the  instrument  may cancel indorsements made after the reacquirer first became a holder of the instrument.  If the cancellation causes the instrument to be payable  to  the  reacquirer  or  to  bearer,  the  reacquirer  may negotiate  the  instrument.    An  indorser  whose  indorsement  is canceled is discharged, and the discharge is effective against any subsequent holder.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


SUBCHAPTER C. ENFORCEMENT OF INSTRUMENTS


Sec. 3.301.  PERSON ENTITLED TO ENFORCE INSTRUMENT.  "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3.309 or 3.418(d).  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

**EXHIBIT 240**

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Sec. 3.302.  HOLDER  IN  DUE  COURSE.    (a)    Subject  to Subsection (c) and Section 3.106(d), "holder in due course" means the holder of an instrument if:

(1)  the  instrument  when  issued  or  negotiated  to  the holder  does  not  bear  such  apparent  evidence  of  forgery  or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity;  and

(2)  the holder took the instrument:

(A)  for value;

(B)  in good faith;

(C)  without notice that the instrument is overdue or  has  been  dishonored  or  that  there  is  an  uncured  default  with respect to payment of another instrument issued as part of the same series;

(D)  without notice that the instrument contains an unauthorized signature or has been altered;

(E)  without notice of any claim to the instrument described in Section 3.306;  and

(F)  without notice that any party has a defense or claim in recoupment described in Section 3.305(a).

(b)  Notice of discharge of a party, other than discharge in an  insolvency  proceeding,  is  not  notice  of  a  defense  under Subsection (a), but  discharge  is  effective  against  a  person  who became a holder in due course with notice of the discharge.  Public filing  or  recording  of  a  document  does  not  of  itself  constitute notice  of  a  defense,  claim  in  recoupment,  or  claim  to  the instrument.

(c)  Except  to  the  extent  a  transferor  or  predecessor  in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken:

(1)  by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding;

(2)  by purchase as part of a bulk transaction not in ordinary course of business of the transferor;  or

(3)  as the successor in interest to an estate or other

organization.

(d)  If, under Section 3.303(a)(1), the promise of performance that is the consideration for an instrument has been partially performed, the holder may assert rights as a holder in due course of the instrument only to the fraction of the amount payable under the instrument equal to the value of the partial performance divided by the value of the promised performance.

(e)  If (i) the person entitled to enforce an instrument has only a security interest in the instrument, and (ii) the person obliged to pay the instrument has a defense, claim in recoupment, or claim to the instrument that may be asserted against the person who granted the security interest, the person entitled to enforce the instrument may assert rights as a holder in due course only to an amount payable under the instrument that, at the time of enforcement of the instrument, does not exceed the amount of the unpaid obligation secured.

(f)  To be effective, notice must be received at a time and in a manner that gives a reasonable opportunity to act on it.

(g)  This section is subject to any law limiting status as a holder in due course in particular classes of transactions.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.303.  VALUE AND CONSIDERATION.  (a) An instrument is issued or transferred for value if:

(1)  the instrument is issued or transferred for a promise of performance, to the extent the promise has been performed;

(2)  the transferee acquires a security interest or other lien in the instrument other than a lien obtained by judicial proceeding;

(3)  the instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due;

(4)  the instrument is issued or transferred in exchange for a negotiable instrument; or

(5)  the instrument is issued or transferred in exchange for the incurring of an irrevocable obligation to a third

party by the person taking the instrument.

(b) "Consideration" means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in Subsection (a), the instrument is also issued for consideration.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.304. OVERDUE INSTRUMENT. (a) An instrument payable on demand becomes overdue at the earliest of the following times:

(1) on the day after the day demand for payment is duly made;

(2) if the instrument is a check, 90 days after its date; or

(3) if the instrument is not a check, when the instrument has been outstanding for a period of time after its date that is unreasonably long under the circumstances of the particular case in light of the nature of the instrument and usage of the trade.

(b) With respect to an instrument payable at a definite time the following rules apply:

(1) if the principal is payable in installments and a due date has not been accelerated, the instrument becomes overdue on default under the instrument for nonpayment of an installment, and the instrument remains overdue until the default is cured;

(2) if the principal is not payable in installments and the due date has not been accelerated, the instrument becomes overdue on the day after the due date; and

(3) if a due date with respect to principal has been accelerated, the instrument becomes overdue on the day after the accelerated due date.

(c) Unless the due date of principal has been accelerated, an instrument does not become overdue if there is default in payment of interest but no default in payment of principal.

**EXHIBIT 240**

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.305.   DEFENSES AND CLAIMS IN RECOUPMENT.   (a)  Except as otherwise provided in this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:

(1)  a defense of the obligor based on:

(A)  infancy of the obligor to the extent it is a defense to a simple contract;

(B)  duress, lack of legal capacity, or illegality of the transaction that, under other law, nullifies the obligation of the obligor;

(C)  fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms; or

(D)  discharge of the obligor in insolvency proceedings;

(2)  a defense of the obligor stated in another section of this chapter or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract; and

(3)  a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

(b)  The right of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor stated in Subsection (a)(1), but is not subject to defenses of the obligor stated in Subsection (a)(2) or claims in recoupment stated in Subsection (a)(3) against a person other than the holder.

(c)  Except as provided in Subsection (d), in an action to enforce the obligation of a party to pay the instrument, the obligor may not assert against the person entitled to enforce the instrument a defense, claim in recoupment, or claim to the

instrument (Section 3.306) of another person, but the other person's claim to the instrument may be asserted by the obligor if the other person is joined in the action and personally asserts the claim against the person entitled to enforce the instrument. An obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument.

(d) In an action to enforce the obligation of an accommodation party to pay an instrument, the accommodation party may assert against the person entitled to enforce the instrument any defense or claim in recoupment under Subsection (a) that the accommodated party could assert against the person entitled to enforce the instrument, except the defenses of discharge in insolvency proceedings, infancy, and lack of legal capacity.

(e) In a consumer transaction, if law other than this chapter requires that an instrument include a statement to the effect that the rights of a holder or transferee are subject to a claim or defense that the issuer could assert against the original payee, and the instrument does not include such a statement:

(1) the instrument has the same effect as if the instrument included such a statement;

(2) the issuer may assert against the holder or transferee all claims and defenses that would have been available if the instrument included such a statement; and

(3) the extent to which claims may be asserted against the holder or transferee is determined as if the instrument included such a statement.

If an instrument includes or is deemed to include a statement under this subsection, a holder or transferee who is liable under the statement to the issuer, but who is not the seller of the goods or services, shall be entitled to full indemnity from the seller for any liability under the statement incurred by the holder or transferee that results from the issuer's claims or defenses against the seller, plus reasonable attorney's fees. The provision in this section for express indemnity does not affect any right of indemnity, subrogation, or recovery to which a holder or

24

transferee may be entitled under any rule, written contract, judicial decision, or other statute.  This section is not intended to provide a holder or transferee indemnity from the seller with respect to the holder or transferee's direct liability to the issuer for the holder or transferee's own actionable misconduct unrelated to derivative liability under the statement.

 (f)  This section is subject to law other than this chapter that establishes a different rule for consumer transactions.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

 Acts 2005, 79th Leg., Ch. 95, Sec. 5, eff. September 1, 2005.


 Sec. 3.306.  CLAIMS TO AN INSTRUMENT.  A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds.  A person having rights of a holder in due course takes free of the claim to the instrument.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


 Sec. 3.307.  NOTICE OF BREACH OF FIDUCIARY DUTY.  (a)  In this section:

  (1)  "Fiduciary" means an agent, trustee, partner, corporate officer or director, or other representative owing a fiduciary duty with respect to an instrument.

  (2)  "Represented person" means the principal, beneficiary, partnership, corporation, or other person to whom the duty stated in Subdivision (1) is owed.

 (b)  If (i) an instrument is taken from a fiduciary for payment or collection or for value, (ii) the taker has knowledge of the fiduciary status of the fiduciary, and (iii) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply:

  (1)  notice of breach of fiduciary duty by the fiduciary is notice of the claim of the represented person;

(2)   in   the   case   of   an   instrument   payable   to   the represented person or the fiduciary as such, the taker has notice of the breach of fiduciary duty if the instrument is:

(A)   taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary;

(B)   taken in a transaction known by the taker to be for the personal benefit of the fiduciary; or

(C)   deposited to an account other than an account of the fiduciary, as such, or an account of the represented person;

(3)   if   an   instrument   is   issued   by   the   represented person or the fiduciary as such, and made payable to the fiduciary personally,   the   taker   does   not   have   notice   of   the   breach   of fiduciary duty unless the taker knows of the breach of fiduciary duty; and

(4)   if   an   instrument   is   issued   by   the   represented person or the fiduciary as such, to the taker as payee, the taker has notice of the breach of fiduciary duty if the instrument is:

(A)   taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary;

(B)   taken in a transaction known by the taker to be for the personal benefit of the fiduciary; or

(C)   deposited to an account other than an account of the fiduciary, as such, or an account of the represented person. Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.308.   PROOF OF SIGNATURES AND STATUS AS HOLDER IN DUE COURSE.   (a)   In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument are admitted unless specifically denied in the pleadings.   If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.   If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a

party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under Section 3.402(a).

(b)  If the validity of signatures is admitted or proved and there is compliance with Subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 3.301, unless the defendant proves a defense or claim in recoupment.  If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course that are not subject to the defense or claim.

Added by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.309.  ENFORCEMENT  OF  LOST,  DESTROYED,  OR  STOLEN INSTRUMENT.  (a)  A person who is not in possession of an instrument is entitled to enforce the instrument if:

(1)  the person seeking to enforce the instrument:

(A)  was entitled to enforce the instrument when loss of possession occurred; or

(B)  has  directly  or  indirectly  acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

(2)  the loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3)  the person cannot reasonably obtain possession of the  instrument  because  the  instrument  was  destroyed,  its whereabouts  cannot  be  determined,  or  it  is  in  the  wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b)  A  person  seeking  enforcement  of  an  instrument  under Subsection  (a)  must  prove  the  terms  of  the  instrument  and  the person's right to enforce the instrument.  If that proof is made, Section  3.308  applies  to  the  case  as  if  the  person  seeking enforcement had produced the instrument.  The court may not enter judgment in favor of the person seeking enforcement unless it finds that  the  person  required  to  pay  the  instrument  is  adequately

protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Added by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 6, eff. September 1, 2005.


Sec. 3.310. EFFECT OF INSTRUMENT ON OBLIGATION FOR WHICH TAKEN. (a) Unless otherwise agreed, if a certified check, cashier's check, or teller's check is taken for an obligation, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the instrument were taken in payment of the obligation. Discharge of the obligation does not affect any liability that the obligor may have as an indorser of the instrument.

(b) Unless otherwise agreed and except as provided in Subsection (a), if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply:

(1) In the case of an uncertified check, suspension of the obligation continues until dishonor of the check or until it is paid or certified. Payment or certification of the check results in discharge of the obligation to the extent of the amount of the check.

(2) In the case of a note, suspension of the obligation continues until dishonor of the note or until it is paid. Payment of the note results in discharge of the obligation to the extent of the payment.

(3) Except as provided in Subdivision (4), if the check or note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, the obligee may enforce either the instrument or the obligation. In the case of an instrument of a third person that is negotiated to the obligee by the obligor, discharge of the obligor on the instrument also discharges the obligation.

(4) If the person entitled to enforce the instrument

taken for an obligation is a person other than the obligee, the obligee may not enforce the obligation to the extent the obligation is suspended. If the obligee is the person entitled to enforce the instrument but no longer has possession of it because it was lost, stolen, or destroyed, the obligation may not be enforced to the extent of the amount payable on the instrument, and to that extent the obligee's rights against the obligor are limited to enforcement of the instrument.

(c)  If an instrument other than one described in Subsection (a) or (b) is taken for an obligation, the effect is:

(1)  that stated in Subsection (a) if the instrument is one for which a bank is liable as maker or acceptor;  or

(2)  that stated in Subsection (b) in any other case.

Added by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Sec. 3.311.  ACCORD AND SATISFACTION BY USE OF INSTRUMENT.

(a)  Subsections (b)-(d) apply if a person against whom a claim is asserted proves that:

(1)  that person in good faith tendered an instrument to the claimant as full satisfaction of the claim;

(2)  the amount of the claim was unliquidated or subject to a bona fide dispute;  and

(3)  the claimant obtained payment of the instrument.

(b)  Unless Subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

(c)  Subject to Subsection (d), a claim is not discharged under Subsection (b) if either of the following applies:

(1)  The claimant, if an organization, proves that:

(A)  within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place;  and

(B)  the instrument or accompanying communication

was not received by that designated person, office, or place.

        (2)   The claimant, whether or not an organization, proves that within 90 days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted.  This subdivision does not apply if the claimant is an organization that sent a statement complying with Subdivision (1)(A).

        (d)   A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

Added by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


        Sec. 3.312.   LOST, DESTROYED, OR STOLEN CASHIER'S CHECK, TELLER'S CHECK, OR CERTIFIED CHECK.  (a)  In this section:

        (1)   "Check" means a cashier's check, teller's check, or certified check.

        (2)   "Claimant" means a person who claims the right to receive the amount of a cashier's check, teller's check, or certified check that was lost, destroyed, or stolen.

        (3)   "Declaration of loss" means a statement, made in a record under penalty of perjury, to the effect that:

                (A)   the declarer lost possession of a check;

                (B)   the declarer is the drawer or payee of the check, in the case of a certified check, or the remitter or payee of the check, in the case of a cashier's check or teller's check;

                (C)   the loss of possession was not the result of a transfer by the declarer or a lawful seizure; and

                (D)   the declarer cannot reasonably obtain possession of the check because the check was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

        (4)   "Obligated bank" means the issuer of a cashier's check or teller's check or the acceptor of a certified check.

**EXHIBIT 240**

(b)   A claimant may assert a claim to the amount of a check by a communication to the obligated bank describing the check with reasonable certainty and requesting payment of the amount of the check, if (i) the claimant is the drawer or payee of a certified check or the remitter or payee of a cashier's check or teller's check, (ii) the communication contains or is accompanied by a declaration of loss of the claimant with respect to the check, (iii) the communication is received at a time and in a manner affording the bank a reasonable time to act on it before the check is paid, and (iv) the claimant provides reasonable identification if requested by the obligated bank.   Delivery of a declaration of loss is a warranty of the truth of the statements made in the declaration.   If a claim is asserted in compliance with this subsection, the following rules apply:

(1)   The claim becomes enforceable at the later of (i) the time the claim is asserted, or (ii) the 90th day following the date of the check, in the case of a cashier's check or teller's check, or the 90th day following the date of the acceptance, in the case of a certified check.

(2)   Until the claim becomes enforceable, it has no legal effect and the obligated bank may pay the check or, in the case of a teller's check, may permit the drawee to pay the check. Payment to a person entitled to enforce the check discharges all liability of the obligated bank with respect to the check.

(3)   If the claim becomes enforceable before the check is presented for payment, the obligated bank is not obliged to pay the check.

(4)   When the claim becomes enforceable, the obligated bank becomes obliged to pay the amount of the check to the claimant if payment of the check has not been made to a person entitled to enforce the check.   Subject to Section 4.302(a)(1), payment to claimant discharges all liability of the obligated bank with respect to the check.

(c)   If the obligated bank pays the amount of a check to a claimant under Subsection (b)(4) and the check is presented for payment by a person having rights of a holder in due course, the claimant is obliged to:

(1)  refund the payment to the obligated bank if the check is paid; or

(2)  pay the amount of the check to the person having rights of a holder in due course if the check is dishonored.

(d)  If a claimant has the right to assert a claim under Subsection (b) and is also a person who is entitled to enforce a cashier's check, teller's check, or certified check that is lost, destroyed, or stolen, the claimant may assert rights with respect to the check under either this section or Section 3.309.

Added by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 7, eff. September 1, 2005.


SUBCHAPTER D. LIABILITY OF PARTIES


Sec. 3.401.  SIGNATURE.  (a)  A person is not liable on an instrument unless the person:

(1)  signed the instrument; or

(2)  is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under Section 3.402.

(b)  A signature may be made (i) manually or by means of a device or machine, and (ii) by the use of any name, including a trade or assumed name, or by a word, mark, or symbol executed or adopted by a person with present intention to authenticate a writing.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.402.  SIGNATURE BY REPRESENTATIVE.  (a)  If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract.  If the represented person is bound, the signature of the representative is the "authorized signature of the represented person" and the represented person is liable on the instrument, whether or not

identified in the instrument.

(b)   If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:

(1)   If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.

(2)   Subject to Subsection (c), the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity, or (ii) the represented person is not identified in the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.

(c)   If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.403.   UNAUTHORIZED SIGNATURE.   (a)   Unless otherwise provided in this chapter or Chapter 4, an unauthorized signature is ineffective except as the signature of the unauthorized signer in favor of a person who in good faith pays the instrument or takes it for value.   An unauthorized signature may be ratified for all purposes of this chapter.

(b)   If the signature of more than one person is required to constitute the authorized signature of an organization, the signature of the organization is unauthorized if one of the required signatures is lacking.

(c)   The civil or criminal liability of a person who makes an

unauthorized signature is not affected by any provision of this chapter that makes the unauthorized signature effective for the purposes of this chapter.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.404.   IMPOSTORS;   FICTITIOUS PAYEES.   (a)   If an impostor, by use of the mails or otherwise, induces the issuer of an instrument to issue the instrument to the impostor, or to a person acting in concert with the impostor, by impersonating the payee of the instrument or a person authorized to act for the payee, an indorsement of the instrument by any person in the name of the payee is effective as the indorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.

(b)   If (i) a person whose intent determines to whom an instrument is payable (Section 3.110(a) or (b)) does not intend the person identified as payee to have any interest in the instrument, or (ii) the person identified as payee of an instrument is a fictitious person, the following rules apply until the instrument is negotiated by special indorsement:

(1)   Any person in possession of the instrument is its holder.

(2)   An indorsement by any person in the name of the payee stated in the instrument is effective as the indorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.

(c)   Under Subsection (a) or (b), an indorsement is made in the name of a payee if:

(1)   it is made in a name substantially similar to that of the payee; or

(2)   the instrument, whether or not indorsed, is deposited in a depositary bank to an account in a name substantially similar to that of the payee.

(d)   With respect to an instrument to which Subsection (a) or (b) applies, if a person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure contributes to loss

resulting from payment of the instrument, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.405. EMPLOYER'S RESPONSIBILITY FOR FRAUDULENT INDORSEMENT BY EMPLOYEE. (a) In this section:

(1) "Employee" includes an independent contractor and employee of an independent contractor retained by the employer.

(2) "Fraudulent indorsement" means:

(A) in the case of an instrument payable to the employer, a forged indorsement purporting to be that of the employer; or

(B) in the case of an instrument with respect to which the employer is the issuer, a forged indorsement purporting to be that of the person identified as payee.

(3) "Responsibility" with respect to instruments means authority (i) to sign or indorse instruments on behalf of the employer, (ii) to process instruments received by the employer for bookkeeping purposes, for deposit to an account, or for other disposition, (iii) to prepare or process instruments for issue in the name of the employer, (iv) to supply information determining the names or addresses of payees of instruments to be issued in the name of the employer, (v) to control the disposition of instruments to be issued in the name of the employer, or (vi) to act otherwise with respect to instruments in a responsible capacity. "Responsibility" does not include authority that merely allows an employee to have access to instruments or blank or incomplete instrument forms that are being stored or transported or are part of incoming or outgoing mail, or similar access.

(b) For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is

effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person.  If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

(c)  Under Subsection (b), an indorsement is made in the name of the person to whom an instrument is payable if:

(1)  it is made in a name substantially similar to the name of that person; or

(2)  the instrument, whether or not indorsed, is deposited in a depositary bank to an account in a name substantially similar to the name of that person.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.406.  NEGLIGENCE CONTRIBUTING TO FORGED SIGNATURE OR ALTERATION OF INSTRUMENT.  (a)  A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.

(b)  Under Subsection (a), if the person asserting the preclusion fails to exercise ordinary care in paying or taking the instrument and that failure contributes to loss, the loss is allocated between the person precluded and the person asserting the preclusion according to the extent to which the failure of each to exercise ordinary care contributed to the loss.

(c)  Under Subsection (a), the burden of proving failure to exercise ordinary care is on the person asserting the preclusion. Under Subsection (b), the burden of proving failure to exercise ordinary care is on the person precluded.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.407.  ALTERATION.  (a)  "Alteration" means:

(1)  an  unauthorized  change  in  an  instrument  that purports to modify in any respect the obligation of a party; or

(2)  an  unauthorized  addition  of  words  or  numbers  or other change to an incomplete instrument relating to the obligation of a party.

(b)  Except  as  provided  in  Subsection  (c),  an  alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration.  No other alteration discharges a party, and the instrument may be enforced according to its original terms.

(c)  A payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument:

(1)  according to its original terms; or

(2)  in the case of an incomplete instrument altered by unauthorized completion, according to its terms as completed.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec.  3.408.    DRAWEE NOT LIABLE ON UNACCEPTED DRAFT.  A check or other draft does not of itself operate as an assignment of funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until the drawee accepts it.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec.  3.409.    ACCEPTANCE OF DRAFT;   CERTIFIED CHECK.   (a) "Acceptance" means the drawee's signed agreement to pay a draft as presented.  It must be written on the draft and may consist of the drawee's signature alone.  Acceptance may be made at any time and becomes  effective  when  notification  pursuant  to  instructions  is given or the accepted draft is delivered for the purpose of giving rights on the acceptance to any person.

(b)  A draft may be accepted although it has not been signed by the drawer, is otherwise incomplete, is overdue, or has been dishonored.

(c)  If a draft is payable at a fixed period after sight and the acceptor fails to date the acceptance, the holder may complete

the acceptance by supplying a date in good faith.

(d)  "Certified check" means a check accepted by the bank on which it is drawn.  Acceptance may be made as stated in Subsection (a) or by a writing on the check that indicates that the check is certified.  The drawee of a check has no obligation to certify the check, and refusal to certify is not dishonor of the check.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.410.  ACCEPTANCE VARYING DRAFT.  (a)  If the terms of a drawee's acceptance vary from the terms of the draft as presented, the holder may refuse the acceptance and treat the draft as dishonored.  In that case, the drawee may cancel the acceptance.

(b)  The terms of a draft are not varied by an acceptance to pay at a particular bank or place in the United States, unless the acceptance states that the draft is to be paid only at that bank or place.

(c)  If the holder assents to an acceptance varying the terms of a draft, the obligation of each drawer and indorser that does not expressly assent to the acceptance is discharged.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.411.  REFUSAL TO PAY CASHIER'S CHECKS, TELLER'S CHECKS, AND CERTIFIED CHECKS.  (a)  In this section, "obligated bank" means the acceptor of a certified check or the issuer of a cashier's check or teller's check bought from the issuer.

(b)  If the obligated bank wrongfully (i) refuses to pay a cashier's check or certified check, (ii) stops payment of a teller's check, or (iii) refuses to pay a dishonored teller's check, the person asserting the right to enforce the check is entitled to compensation for expenses and loss of interest resulting from the nonpayment and may recover consequential damages if the obligated bank refuses to pay after receiving notice of particular circumstances giving rise to the damages.

(c)  Expenses or consequential damages under Subsection (b) are not recoverable if the refusal of the obligated bank to pay occurs because:

(1)  the obligated bank suspends payments;

(2)   the obligated bank asserts a claim or defense of the bank that it has reasonable grounds to believe is available against the person entitled to enforce the instrument;

(3)   the obligated bank has a reasonable doubt whether the person demanding payment is the person entitled to enforce the instrument; or

(4)   payment is prohibited by law.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.412.   OBLIGATION OF ISSUER OF NOTE OR CASHIER'S CHECK.  The issuer of a note or cashier's check or other draft drawn on the drawer is obliged to pay the instrument (i) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder, or (ii) if the issuer signed an incomplete instrument, according to its terms when completed, to the extent stated in Sections 3.115 and 3.407.  The obligation is owed to a person entitled to enforce the instrument or to an indorser who paid the instrument under Section 3.415.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.413.   OBLIGATION OF ACCEPTOR.  (a)  The acceptor of a draft is obliged to pay the draft (i) according to its terms at the time it was accepted, even though the acceptance states that the draft is payable "as originally drawn" or equivalent terms, (ii) if the acceptance varies the terms of the draft, according to the terms of the draft as varied, or (iii) if the acceptance is of a draft that is an incomplete instrument, according to its terms when completed, to the extent stated in Sections 3.115 and 3.407.  The obligation is owed to a person entitled to enforce the draft or to the drawer or an indorser who paid the draft under Section 3.414 or 3.415.

(b)   If the certification of a check or other acceptance of a draft states the amount certified or accepted, the obligation of the acceptor is that amount.  The obligation of the acceptor is the amount of the instrument at the time it was taken by the holder in due course if:

(1)   the certification or acceptance does not state an amount;

(2) the amount of the instrument is subsequently raised; and

(3) the instrument is then negotiated to a holder in due course.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.414.  OBLIGATION OF DRAWER.  (a)  This section does not apply to cashier's checks or other drafts drawn on the drawer.

(b)  If an unaccepted draft is dishonored, the drawer is obliged to pay the draft (i) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder, or (ii) if the drawer signed an incomplete instrument, according to its terms when completed, to the extent stated in Sections 3.115 and 3.407.  The obligation is owed to a person entitled to enforce the draft or to an indorser who paid the draft under Section 3.415.

(c)  If a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained.

(d)  If a draft is accepted and the acceptor is not a bank, the obligation of the drawer to pay the draft if the draft is dishonored by the acceptor is the same as the obligation of an indorser under Sections 3.415(a) and (c).

(e)  If a draft states that it is drawn "without recourse" or otherwise disclaims liability of the drawer to pay the draft, the drawer is not liable under Subsection (b) to pay the draft if the draft is not a check.  A disclaimer of the liability stated in Subsection (b) is not effective if the draft is a check.

(f)  If (i) a check is not presented for payment or given to a depositary bank for collection within 30 days after its date, (ii) the drawee suspends payments after expiration of the 30-day period without paying the check, and (iii) because of the suspension of payments, the drawer is deprived of funds maintained with the drawee to cover payment of the check, the drawer to the extent deprived of funds may discharge its obligation to pay the check by assigning to the person entitled to enforce the check the rights of the drawer against the drawee with respect to the funds.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Sec. 3.415.  OBLIGATION OF INDORSER.  (a)  Subject to Subsections (b), (c), (d), and (e) and to Section 3.419(d), if an instrument is dishonored, an indorser is obliged to pay the amount due on the instrument (i) according to the terms of the instrument at the time it was indorsed, or (ii) if the indorser indorsed an incomplete instrument, according to its terms when completed, to the extent stated in Sections 3.115 and 3.407.  The obligation of the indorser is owed to a person entitled to enforce the instrument or to a subsequent indorser who paid the instrument under this section.

(b)  If an indorsement states that it is made "without recourse" or otherwise disclaims liability of the indorser, the indorser is not liable under Subsection (a) to pay the instrument.

(c)  If notice of dishonor of an instrument is required by Section 3.503 and notice of dishonor complying with that section is not given to an indorser, the liability of the indorser under Subsection (a) is discharged.

(d)  If a draft is accepted by a bank after an indorsement is made, the liability of the indorser under Subsection (a) is discharged.

(e)  If an indorser of a check is liable under Subsection (a) and the check is not presented for payment, or given to a depositary bank for collection, within 30 days after the day the indorsement was made, the liability of the indorser under Subsection (a) is discharged.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.416.  TRANSFER WARRANTIES.  (a)  A person who transfers an instrument for consideration warrants to the transferee and, if the transfer is by indorsement, to any subsequent transferee that:

(1)  the warrantor is a person entitled to enforce the instrument;

(2)  all signatures on the instrument are authentic and authorized;

(3)  the instrument has not been altered;

41

(4)  the instrument is not subject to a defense or claim in recoupment of any party that can be asserted against the warrantor;

(5)  the warrantor has no knowledge of any insolvency proceeding commenced with respect to the maker or acceptor or, in the case of an unaccepted draft, the drawer; and

(6)  with respect to a remotely-created item, that the person on whose account the item is drawn authorized the issuance of the item in the amount for which the item is drawn.

(b)  A person to whom the warranties under Subsection (a) are made and who took the instrument in good faith may recover from the warrantor as damages for breach of warranty an amount equal to the loss suffered as a result of the breach, but not more than the amount of the instrument plus expenses and loss of interest incurred as a result of the breach.

(c)  The warranties stated in Subsection (a) cannot be disclaimed with respect to checks.  Unless notice of a claim for breach of warranty is given to the warrantor within 30 days after the claimant has reason to know of the breach and the identity of the warrantor, the liability of the warrantor under Subsection (b) is discharged to the extent of any loss caused by the delay in giving notice of the claim.

(d)  A cause of action for breach of warranty under this section accrues when the claimant has reason to know of the breach.

(e)  If as to a particular item (1) a transferee (including a collecting bank) asserts a claim for breach of the warranty in Subsection (a)(6), but (2) under applicable law (including the applicable choice-of-law principles) that transferee would not make a warranty substantially similar to the warranty in Subsection (a)(6) if such transferee were a transferor, then that transferee would not receive the warranty in Subsection (a)(6) from any transferor.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 131, Sec. 3, eff. Sept. 1, 1997.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 8, eff. September 1, 2005.

Sec. 3.417.   PRESENTMENT WARRANTIES.   (a)   If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft, (i) the person obtaining payment or acceptance, at the time of presentment, and (ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee making payment or accepting the draft in good faith that:

(1)   the warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft;

(2)   the draft has not been altered;

(3)   the warrantor has no knowledge that the signature of the drawer of the draft is unauthorized; and

(4)   with respect to a remotely-created item, that the person on whose account the item is drawn authorized the issuance of the item in the amount for which the item is drawn.

(b)   A drawee making payment may recover from any warrantor damages for breach of warranty equal to the amount paid by the drawee less the amount the drawee received or is entitled to receive from the drawer because of the payment.   In addition, the drawee is entitled to compensation for expenses and loss of interest resulting from the breach.   The right of the drawee to recover damages under this subsection is not affected by any failure of the drawee to exercise ordinary care in making payment.   If the drawee accepts the draft, breach of warranty is a defense to the obligation of the acceptor.   If the acceptor makes payment with respect to the draft, the acceptor is entitled to recover from any warrantor for breach of warranty the amounts stated in this subsection.

(c)   If a drawee asserts a claim for breach of warranty under Subsection (a) based on an unauthorized indorsement of the draft or an alteration of the draft, the warrantor may defend by proving that the indorsement is effective under Section 3.404 or 3.405 or the drawer is precluded under Section 3.406 or 4.406 from asserting against the drawee the unauthorized indorsement or alteration.

(d)   If (i) a dishonored draft is presented for payment to the drawer or an indorser, or (ii) any other instrument is presented for payment to a party obliged to pay the instrument, and (iii)

payment is received, the following rules apply:

(1)  The person obtaining payment and a prior transferor of the instrument warrant to the person making payment in good faith that the warrantor is, or was, at the time the warrantor transferred the instrument, a person entitled to enforce the instrument or authorized to obtain payment on behalf of a person entitled to enforce the instrument.

(2)  The person making payment may recover from any warrantor for breach of warranty an amount equal to the amount paid plus expenses and loss of interest resulting from the breach.

(e)  The warranties stated in Subsections (a) and (d) cannot be disclaimed with respect to checks.  Unless notice of a claim for breach of warranty is given to the warrantor within 30 days after the claimant has reason to know of the breach and the identity of the warrantor, the liability of the warrantor under Subsection (b) or (d) is discharged to the extent of any loss caused by the delay in giving notice of the claim.

(f)  A cause of action for breach of warranty under this section accrues when the claimant has reason to know of the breach.

(g)  If as to a particular item (1) a transferee (including a collecting bank) asserts a claim for breach of the warranty in Subsection (a)(4), but (2) under applicable law (including the applicable choice-of-law principles) that transferee would not make a warranty substantially similar to the warranty in Subsection (a)(4) if such transferee were a transferor, then that transferee would not receive the warranty in Subsection (a)(4) from any transferor.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 131, Sec. 4, eff. Sept. 1, 1997.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 9, eff. September 1, 2005.


Sec. 3.418.  PAYMENT OR ACCEPTANCE BY MISTAKE.  (a)  Except as provided in Subsection (c), if the drawee of a draft pays or accepts the draft and the drawee acted on the mistaken belief that (i) payment of the draft had not been stopped pursuant to Section 4.403, or (ii) the signature of the drawer of the draft was

authorized, the drawee may recover the amount of the draft from the person to whom or for whose benefit payment was made or, in the case of acceptance, may revoke the acceptance.  Rights of the drawee under this subsection are not affected by failure of the drawee to exercise ordinary care in paying or accepting the draft.

(b)  Except as provided in Subsection (c), if an instrument has been paid or accepted by mistake and the case is not covered by Subsection (a), the person paying or accepting may, to the extent permitted by the law governing mistake and restitution:

(1)  recover the payment from the person to whom or for whose benefit payment was made;  or

(2)  in the case of acceptance, revoke the acceptance.

(c)  The remedies provided by Subsection (a) or (b) may not be asserted against a person who took the instrument in good faith and for value or who in good faith changed position in reliance on the payment or acceptance.  This subsection does not limit remedies provided by Section 3.417 or 4.407.

(d)  Notwithstanding Section 4.215, if an instrument is paid or accepted by mistake and the payor or acceptor recovers payment or revokes acceptance under Subsection (a) or (b), the instrument is deemed not to have been paid or accepted and is treated as dishonored, and the person from whom payment is recovered has rights as a person entitled to enforce the dishonored instrument. Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.419.  INSTRUMENTS SIGNED FOR ACCOMMODATION.  (a)  If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party") and another party to the instrument ("accommodation party") signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation."

(b)  An accommodation party may sign the instrument as maker, drawer, acceptor, or indorser.  Subject to Subsection (d), the accommodation party is obliged to pay the instrument in the capacity in which the accommodation party signs.  The obligation of

45

an accommodation party may be enforced notwithstanding any statute of frauds and whether or not the accommodation party receives consideration for the accommodation.

(c)  A person signing an instrument is presumed to be an accommodation party and there is notice that the instrument is signed for accommodation if the signature is an anomalous indorsement or is accompanied by words indicating that the signer is acting as surety or guarantor with respect to the obligation of another party to the instrument.  Except as provided in Section 3.605, the obligation of an accommodation party to pay the instrument is not affected by the fact that the person enforcing the obligation had notice when the instrument was taken by that person that the accommodation party signed the instrument for accommodation.

(d)  If the signature of a party to an instrument is accompanied by words indicating unambiguously that the party is guaranteeing collection rather than payment of the obligation of another party to the instrument, the signer is obliged to pay the amount due on the instrument to a person entitled to enforce the instrument only if:

(1)  execution of judgment against the other party has been returned unsatisfied;

(2)  the other party is insolvent or in an insolvency proceeding;

(3)  the other party cannot be served with process;  or

(4)  it is otherwise apparent that payment cannot be obtained from the other party.

(e)  If the signature of a party to an instrument is accompanied by words indicating that the party guarantees payment or the signer signs the instrument as an accommodation party in some other manner that does not unambiguously indicate an intention to guarantee collection rather than payment, the signer is obliged to pay the amount due on the instrument to a person entitled to enforce the instrument in the same circumstances as the accommodated party would be obliged, without prior resort to the accommodated party by the person entitled to enforce the instrument.

(f)  An accommodation party who pays the instrument is

46

entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party. In proper circumstances, an accommodation party may obtain relief that requires the accommodated party to perform its obligations on the instrument. An accommodated party that pays the instrument has no right of recourse against, and is not entitled to contribution from, an accommodation party.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 10, eff. September 1, 2005.


Sec. 3.420. CONVERSION OF INSTRUMENT. (a) The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by:

(1) the issuer or acceptor of the instrument; or

(2) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

(b) In an action under Subsection (a), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.

(c) A representative, other than a depositary bank, who has in good faith dealt with an instrument or its proceeds on behalf of one who was not the person entitled to enforce the instrument is not liable in conversion to that person beyond the amount of any proceeds that it has not paid out.

Added by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


SUBCHAPTER E. DISHONOR


Sec. 3.501. PRESENTMENT. (a) "Presentment" means a demand

made by or on behalf of a person entitled to enforce an instrument to:

(1)  pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank; or

(2)  accept a draft made to the drawee.

(b)  The following rules are subject to Chapter 4, agreement of the parties, and clearing-house rules and the like:

(1)  Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States.  Presentment may be made by any commercially reasonable means, including an oral, written, or electronic communication.  Presentment is effective:

(A)  when the demand for payment or acceptance is received by the person to whom presentment is made; and

(B)  if made to any one of two or more makers, acceptors, drawees, or other payors.

(2)  On demand of the person to whom presentment is made, the person making presentment must:

(A)  exhibit the instrument;

(B)  give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so; and

(C)  sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

(3)  Without dishonoring the instrument, the party to whom presentment is made may:

(A)  return the instrument for lack of a necessary indorsement; or

(B)  refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

(4)  The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cutoff hour not earlier than 2 p.m. for the receipt

and processing of instruments presented for payment or acceptance and presentment is made after the cutoff hour.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.502.  DISHONOR.  (a)  Dishonor of a note is governed by the following rules:

(1)  If the note is payable on demand, the note is dishonored if presentment is duly made to the maker and the note is not paid on the day of presentment.

(2)  If the note is not payable on demand and is payable at or through a bank or the terms of the note require presentment, the note is dishonored if presentment is duly made and the note is not paid on the day it becomes payable or the day of presentment, whichever is later.

(3)  If the note is not payable on demand and Subdivision (2) does not apply, the note is dishonored if it is not paid on the day it becomes payable.

(b)  Dishonor of an unaccepted draft other than a documentary draft is governed by the following rules:

(1)  If a check is duly presented for payment to the payor bank otherwise than for immediate payment over the counter, the check is dishonored if the payor bank makes timely return of the check or sends timely notice of dishonor or nonpayment under Section 4.301 or 4.302, or becomes accountable for the amount of the check under Section 4.302.

(2)  If a draft is payable on demand and Subdivision (1) does not apply, the draft is dishonored if presentment for payment is duly made to the drawee and the draft is not paid on the day of presentment.

(3)  If a draft is payable on a date stated in the draft, the draft is dishonored if:

(A)  presentment for payment is duly made to the drawee and payment is not made on the day the draft becomes payable or the day of presentment, whichever is later; or

(B)  presentment for acceptance is duly made before the day the draft becomes payable and the draft is not accepted on the day of presentment.

(4)  If a draft is payable on elapse of a period of time after sight or acceptance, the draft is dishonored if presentment for acceptance is duly made and the draft is not accepted on the day of presentment.

(c)  Dishonor of an unaccepted documentary draft occurs according to the rules stated in Subsections (b)(2), (3), and (4), except that payment or acceptance may be delayed without dishonor until not later than the close of the third business day of the drawee following the day on which payment or acceptance is required by those subdivisions.

(d)  Dishonor of an accepted draft is governed by the following rules:

(1)  If the draft is payable on demand, the draft is dishonored if presentment for payment is duly made to the acceptor and the draft is not paid on the day of presentment.

(2)  If the draft is not payable on demand, the draft is dishonored if presentment for payment is duly made to the acceptor and payment is not made on the day it becomes payable or the day of presentment, whichever is later.

(e)  In any case in which presentment is otherwise required for dishonor under this section and presentment is excused under Section 3.504, dishonor occurs without presentment if the instrument is not duly accepted or paid.

(f)  If a draft is dishonored because timely acceptance of the draft was not made and the person entitled to demand acceptance consents to a late acceptance, from the time of acceptance the draft is treated as never having been dishonored.
Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.503.  NOTICE OF DISHONOR.  (a)  The obligation of an indorser stated in Section 3.415(a) and the obligation of a drawer stated in Section 3.414(d) may not be enforced unless:

(1)  the indorser or drawer is given notice of dishonor of the instrument complying with this section;  or

(2)  notice of dishonor is excused under Section 3.504(b).

(b)  Notice of dishonor may be given by any person;  may be

given by any commercially reasonable means, including an oral, written, or electronic communication; and is sufficient if it reasonably identifies the instrument and indicates that the instrument has been dishonored or has not been paid or accepted. Return of an instrument given to a bank for collection is sufficient notice of dishonor.

(c) Subject to Section 3.504(c), with respect to an instrument taken for collection by a collecting bank, notice of dishonor must be given (i) by the bank before midnight of the next banking day following the banking day on which the bank receives notice of dishonor of the instrument, or (ii) by any other person within 30 days following the day on which the person receives notice of dishonor. With respect to any other instrument, notice of dishonor must be given within 30 days following the day on which dishonor occurs.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Sec. 3.504.  EXCUSED PRESENTMENT AND NOTICE OF DISHONOR. (a) Presentment for payment or acceptance of an instrument is excused if:

(1) the person entitled to present the instrument cannot with reasonable diligence make presentment;

(2) the maker or acceptor has repudiated an obligation to pay the instrument or is dead or in insolvency proceedings;

(3) by the terms of the instrument presentment is not necessary to enforce the obligation of indorsers or the drawer;

(4) the drawer or indorser whose obligation is being enforced has waived presentment or otherwise has no reason to expect or right to require that the instrument be paid or accepted; or

(5) the drawer instructed the drawee not to pay or accept the draft or the drawee was not obligated to the drawer to pay the draft.

(b) Notice of dishonor is excused if (i) by the terms of the instrument notice of dishonor is not necessary to enforce the obligation of a party to pay the instrument, or (ii) the party whose obligation is being enforced waived notice of dishonor. A waiver of

presentment is also a waiver of notice of dishonor.

(c)  Delay in giving notice of dishonor is excused if the delay was caused by circumstances beyond the control of the person giving the notice and the person giving the notice exercised reasonable diligence after the cause of the delay ceased to operate.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.505.  EVIDENCE OF DISHONOR.  (a)  The following are admissible as evidence and create a presumption of dishonor and of any notice of dishonor stated:

(1)  a document regular in form as provided in Subsection (b) that purports to be a protest;

(2)  a purported stamp or writing of the drawee, payor bank, or presenting bank on or accompanying the instrument stating that acceptance or payment has been refused unless reasons for the refusal are stated and the reasons are not consistent with dishonor;

(3)  a book or record of the drawee, payor bank, or collecting bank that is kept in the usual course of business and that shows dishonor, even if there is no evidence of who made the entry.

(b)  A protest is a certificate of dishonor made by a United States consul or vice consul, or a notary public or other person authorized to administer oaths by the law of the place where dishonor occurs.  It may be made on information satisfactory to that person.  The protest must identify the instrument and certify either that presentment has been made or, if not made, the reason why it was not made, and that the instrument has been dishonored by nonacceptance or nonpayment.  The protest may also certify that notice of dishonor has been given to some or all parties.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.506.  PROCESSING FEE BY HOLDER OF PAYMENT DEVICE.  (a) For purposes of this section, "payment device" means any check, item, paper or electronic payment, or other payment device used as a medium for payment.

(b)   On return of a payment device to the holder following dishonor of the payment device by a payor, the holder, the holder's assignee, agent, or representative, or any other person retained by the holder to seek collection of the face value of the dishonored payment device may charge the drawer or indorser a reasonable processing fee of not more than $30.

(c)   A person may not charge a processing fee to a drawer or indorser under this section if the fee has been collected under Article 102.007(e) or 102.0071, Code of Criminal Procedure.  If a processing fee has been collected under this section and the holder subsequently receives a fee collected under Article 102.007(e) or 102.0071, Code of Criminal Procedure, the holder shall immediately refund the fee previously collected from the drawer or indorser.

(d)   Notwithstanding Subtitle B, Title 4, Finance Code, or any other law, a contract made under Subtitle B, Title 4, Finance Code, may provide that on return of a dishonored payment device given in payment under the contract, the holder may charge the obligor under the contract the processing fee authorized by this section, and the fee may be added to the unpaid balance owed under the contract.  Interest may not be charged on the fee during the term of the contract.

(e)   This section does not affect any right or remedy to which the holder of a payment device may be entitled under any rule, written contract, judicial decision, or other statute.

Added by Acts 2001, 77th Leg., ch. 1420, Sec. 2.001(a), eff. Sept. 1, 2001;  Amended by Acts 2003, 78th Leg., ch. 413, Sec. 1, eff. Sept. 1, 2003.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 11, eff. September 1, 2005.


Sec. 3.507.   DELIVERY NOTIFICATION FEE BY HOLDER OF CHECK OR SIMILAR SIGHT ORDER.   (a)  On return of a check or similar sight order to the holder following dishonor of the check or sight order by a payor and prior to the check or sight order being referred for prosecution, the holder, the holder's assignee, agent, or representative, or any other person retained by the holder to seek collection of the dishonored check or sight order may charge the

drawer or indorser of the check or sight order the cost of delivery notification by registered or certified mail with return receipt requested under Section 31.06 or Section 32.41, Penal Code, as applicable.

(b)  A person may not charge a delivery notification fee to a drawer or indorser under this section if the fee has been collected under Article 102.007(g), Code of Criminal Procedure. If a delivery notification fee has been collected under this section and the holder subsequently receives a fee collected under Article 102.007(g), Code of Criminal Procedure, the holder shall immediately refund the fee previously collected from the drawer or indorser.

(c)  This section does not affect any right or remedy to which the holder of a check or similar sight order may be entitled under any rule, written contract, judicial decision, or other statute, including Section 3.506.

Added by Acts 2007, 80th Leg., R.S., Ch. 976, Sec. 4, eff. September 1, 2007.


SUBCHAPTER F. DISCHARGE AND PAYMENT


Sec. 3.601.  DISCHARGE AND EFFECT OF DISCHARGE.  (a)  The obligation of a party to pay the instrument is discharged as stated in this chapter or by an act or agreement with the party that would discharge an obligation to pay money under a simple contract.

(b)  Discharge of the obligation of a party is not effective against a person acquiring rights of a holder in due course of the instrument without notice of the discharge.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.602.  PAYMENT.  (a)  Subject to Subsection (e), an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument, and to a person entitled to enforce the instrument.

(b)  Subject to Subsection (e), a note is paid to the extent payment is made by or on behalf of a party obliged to pay the note to a person that formerly was entitled to enforce the note only if at

the time of the payment the party obliged to pay has not received adequate notification that the note has been transferred and that payment is to be made to the transferee. A notification is adequate only if it is signed by the transferor or the transferee, reasonably identifies the transferred note, and provides an address at which payments subsequently are to be made. Upon request, a transferee shall seasonably furnish reasonable proof that the note has been transferred. Unless the transferee complies with the request, a payment to the person that formerly was entitled to enforce the note is effective for purposes of Subsection (c) even if the party obliged to pay the note has received a notification under this subsection.

(c) Subject to Subsection (e), to the extent of a payment under Subsections (a) and (b), the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3.306 by another person.

(d) Subject to Subsection (e), a transferee, or any party that has acquired rights in the instrument directly or indirectly from a transferee, including any such party that has rights as a holder in due course, is deemed to have notice of any payment that is made under Subsection (b) after the date that the note is transferred to the transferee but before the party obliged to pay the note receives adequate notification of the transfer.

(e) The obligation of a party to pay the instrument is not discharged under Subsections (a) through (d) if:

(1) a claim to the instrument under Section 3.306 is enforceable against the party receiving payment and:

(A) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction; or

(B) in the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument; or

(2) the person making payment knows that the

instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

(f)  As used in this section, "signed," with respect to a record that is not a writing, includes the attachment to or logical association with the record of an electronic symbol, sound, or process with the present intent to adopt or accept the record.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 12, eff. September 1, 2005.


Sec. 3.603.  TENDER OF PAYMENT.  (a)  If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b)  If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c)  If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged.  If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.


Sec. 3.604.  DISCHARGE BY CANCELLATION OR RENUNCIATION.  (a) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument:

(1)  by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or

cancellation of the instrument, cancellation or striking out of the party's signature, or the addition of words to the instrument indicating discharge; or

(2) by agreeing not to sue or otherwise renouncing rights against the party by a signed record.

(b) Cancellation or striking out of an indorsement pursuant to Subsection (a) does not affect the status and rights of a party derived from the indorsement.

(c) In this section, "signed," with respect to a record that is not a writing, includes the attachment to or logical association with the record of an electronic symbol, sound, or process with the present intent to adopt or accept the record.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 13, eff. September 1, 2005.


Sec. 3.605. DISCHARGE OF SECONDARY OBLIGORS. (a) If a person entitled to enforce an instrument releases the obligation of a principal obligor in whole or in part, and another party to the instrument is a secondary obligor with respect to the obligation of that principal obligor, the following rules apply:

(1) Any obligations of the principal obligor to the secondary obligor with respect to any previous payment by the secondary obligor are not affected. Unless the terms of the release preserve the secondary obligor's recourse, the principal obligor is discharged, to the extent of the release, from any other duties to the secondary obligor under this chapter.

(2) Unless the terms of the release provide that the person entitled to enforce the instrument retains the right to enforce the instrument against the secondary obligor, the secondary obligor is discharged to the same extent as the principal obligor from any unperformed portion of its obligation on the instrument. If the instrument is a check and the obligation of the secondary obligor is based on an indorsement of the check, the secondary obligor is discharged without regard to the language or circumstances of the discharge or other release.

(3) If the secondary obligor is not discharged under

Subdivision (2), the secondary obligor is discharged to the extent of the value of the consideration for the release, and to the extent that the release would otherwise cause the secondary obligor a loss.

(b)  If a person entitled to enforce an instrument grants a principal obligor an extension of the time at which one or more payments are due on the instrument and another party to the instrument is a secondary obligor with respect to the obligation of that principal obligor, the following rules apply:

(1)  Any obligations of the principal obligor to the secondary obligor with respect to any previous payment by the secondary obligor are not affected. Unless the terms of the extension preserve the secondary obligor's recourse, the extension correspondingly extends the time for performance of any other duties owed to the secondary obligor by the principal obligor under this chapter.

(2)  The secondary obligor is discharged to the extent that the extension would otherwise cause the secondary obligor a loss.

(3)  To the extent that the secondary obligor is not discharged under Subdivision (2), the secondary obligor may perform its obligations to a person entitled to enforce the instrument as if the time for payment had not been extended or, unless the terms of the extension provide that the person entitled to enforce the instrument retains the right to enforce the instrument against the secondary obligor as if the time for payment had not been extended, treat the time for performance of its obligations as having been extended correspondingly.

(c)  If a person entitled to enforce an instrument agrees, with or without consideration, to a modification of the obligation of a principal obligor other than a complete or partial release or an extension of the due date and another party to the instrument is a secondary obligor with respect to the obligation of that principal obligor, the following rules apply:

(1)  Any obligations of the principal obligor to the secondary obligor with respect to any previous payment by the secondary obligor are not affected. The modification

correspondingly modifies any other duties owed to the secondary obligor by the principal obligor under this chapter.

(2)   The secondary obligor is discharged from any unperformed portion of its obligation to the extent that the modification would otherwise cause the secondary obligor a loss.

(3)   To the extent that the secondary obligor is not discharged under Subdivision (2), the secondary obligor may satisfy its obligation on the instrument as if the modification had not occurred, or treat its obligation on the instrument as having been modified correspondingly.

(d)   If the obligation of a principal obligor is secured by an interest in collateral, another party to the instrument is a secondary obligor with respect to that obligation, and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of the secondary obligor is discharged to the extent of the impairment.   The value of an interest in collateral is impaired to the extent the value of the interest is reduced to an amount less than the amount of the recourse of the secondary obligor, or the reduction in value of the interest causes an increase in the amount by which the amount of the recourse exceeds the value of the interest.   For purposes of this subsection, impairing the value of an interest in collateral includes failure to obtain or maintain perfection or recordation of the interest in collateral, release of collateral without substitution of collateral of equal value or equivalent reduction of the underlying obligation, failure to perform a duty to preserve the value of collateral owed, under Chapter 9 or other law, to a debtor or other person secondarily liable, and failure to comply with applicable law in disposing of or otherwise enforcing the interest in collateral.

(e)   A secondary obligor is not discharged under Subsection (a)(3), (b), (c), or (d) unless the person entitled to enforce the instrument knows that the person is a secondary obligor or has notice under Section 3.419(c) that the instrument was signed for accommodation.

(f)   A secondary obligor is not discharged under this section if the secondary obligor consents to the event or conduct that is

59

**EXHIBIT 240**

the basis of the discharge, or the instrument or a separate agreement of the party provides for waiver of discharge under this section specifically or by general language indicating that parties waive defenses based on suretyship or impairment of collateral. Unless the circumstances indicate otherwise, consent by the principal obligor to an act that would lead to a discharge under this section constitutes consent to that act by the secondary obligor if the secondary obligor controls the principal obligor or deals with the person entitled to enforce the instrument on behalf of the principal obligor.

(g) A release or extension preserves a secondary obligor's recourse if the terms of the release or extension provide that:

(1) the person entitled to enforce the instrument retains the right to enforce the instrument against the secondary obligor; and

(2) the recourse of the secondary obligor continues as if the release or extension had not been granted.

(h) Except as otherwise provided in Subsection (i), a secondary obligor asserting discharge under this section has the burden of persuasion both with respect to the occurrence of the acts alleged to harm the secondary obligor and loss or prejudice caused by those acts.

(i) If the secondary obligor demonstrates prejudice caused by an impairment of its recourse, and the circumstances of the case indicate that the amount of loss is not reasonably susceptible of calculation or requires proof of facts that are not ascertainable, it is presumed that the act impairing recourse caused a loss or impairment equal to the liability of the secondary obligor on the instrument. In that event, the burden of persuasion as to any lesser amount of the loss is on the person entitled to enforce the instrument.

Amended by Acts 1995, 74th Leg., ch. 921, Sec. 1, eff. Jan. 1, 1996.

Amended by:

Acts 2005, 79th Leg., Ch. 95, Sec. 14, eff. September 1, 2005.

Acts 2007, 80th Leg., R.S., Ch. 427, Sec. 3, eff. September 1, 2007.