## SANDERS, O'HANLON & MOTLEY, P.L.L.C.

| LAWYERS: | | LAWYERS: |
|---|---|---|
| ROGER D. SANDERS | 111 South Travis Street | UPENDAR T. REDDY* |
| W. ANTHONY O'HANLON | Sherman, Texas 75090 | |
| LUKE MOTLEY, IV | (903) 892-9133 | J. MICHAEL YOUNG |
| | (903) 892-4302 | |
| | | *Of Counsel |

March 29, 2011

GMAC Mortgage
3451 Hammond Ave.
Waterloo, IA 50701

<u>**By Regular and Certified Mail**</u>]

Re: Gregory C. Morse
    GMAC Account No. 0476868450

Dear Sir or Madam:

We have your letter of March 17, 2011. Frankly it is unhelpful to the questions raised in our letter to you of March 4, 2011. You mistakenly assert that if we "still consider your client not financially obligated for the above-referenced account...", then we should provide information to you as you may request. We did not assert as you suggest in our letter of March 4. What we did set out was a request for information:

> "... *please accept this as a request for prompt information (detailed below) to clarify certain questions which have arisen in the process of reviewing Mr. Morse's refinancing transaction which involves you or your company. Those questions currently center on:*
>
> a)   <u>*an accounting for funds purportedly disbursed in a loan closing on or about March 3, 2008 (hereafter March 3, 2008),*</u> *and*
>
> b)   <u>*the status of Mr. Morse's clear title.*</u>"

We asked for information from GMAC and others with whom GMAC (or its affiliate or subsidiary agent, Homecomings Financial) had worked to secure our client's signature on refinancing documents. We did so for the relatively mundane purpose of trying to get to the bottom of the responsibility for the mess that you, in apparent cooperation or combination with those others, have created for our client.

> *"Mr. Morse seeks this information so that he may understand your role in this troubling transaction, and your assurance that you have produced such documents as you possess which illuminates the nature and extent of the connections between 1) Mr. Robert Stanley, ABB Mortgage, and/or Pinnacle Title, on the one hand, and 2) Homecomings, Wholesale, MERS, GMAC, Fannie Mae, or any other purported assignee/transferee of Homecomings' position or interests in this transaction, on the other. It is his hope that this documentation be produced with the least expense to all parties so that we may focus on those whose actions contributed to any overcharge of Mr. Morse or any cloud on his property title. At bottom he is seeking assurance that all applicable Federal and state statutes and regulations have been complied with in the refinancing. How you choose to respond is, of course, your call."*

That mess was more particularly described in the letter of March 4. Reference is made to it for that purpose.

You declined to provide the requested information, responding instead with an apparent form letter. Perhaps a non-responsive form letter works in Iowa, but that remains an unproved notion in Texas. The absence of your explanation of a) facts relating to the relationships between you and other parties which were apparently set in motion by your policies and actions which led to, and b) the responsibly for that mess of unclear title, unaccounted funds, and compliance with Federal and/or state statutes and regulations leads to one conclusion. GMAC, at least, is in apparent and unexplained breach of the agreement(s) which emerged from the March 3, 2008 purported refinancing of Mr. Morse's home at 223 High Point, Murphy, Texas 75094.

Accordingly, demand is made to cure the default of a) failure to account for and make my client whole regarding the funds exchanged or represented to be exchanged at said refinancing, and b) the unclear title with which he is apparently saddled. His view is that he should not be required to pay for what he was to receive at closing, but apparently has not: refinancing toward a title clear subject only to the amount left due and owing after calculating remained after honest charges made at closing.

Sincerely,

Roger D. Sanders