```
                                                    U.S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF TEXAS
                                                          FILED

      IN THE UNITED STATES DISTRICT COURT              DEC 22 2011
            NORTHERN DISTRICT OF TEXAS
                FORT WORTH DIVISION
                                                  CLERK, U.S. DISTRICT COURT
                                                  by_____
                                                                    Deputy
```

JANE McCARTHY,                  §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:11-CV-356-A
                                §
BANK OF AMERICA, NA,            §
BAC HOME LOANS SERVICING, LP,   §
and FEDERAL HOME LOAN MORTGAGE  §
CORPORATION,                    §
                                §
        Defendants.             §

## MEMORANDUM OPINION and ORDER

Now pending in the above-captioned action are the motions of defendants Bank of America, N.A. ("BOA"), BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing ("BAC"), and Federal Home Loan Mortgage Corporation ("Freddie Mac") to dismiss the complaint of plaintiff, Jane McCarthy, for failure to state a claim. After having considered the parties' filings, the record, and applicable legal authorities, the court has concluded that the motions should be denied.

### I.

### Background

The background of this case is as follows: Plaintiff Jane McCarthy instituted this action by a pleading in the District

Court of Tarrant County, Texas, 67th Judicial District Court, on May 4, 2011, against BOA, BAC, and Freddie Mac (collectively, "defendants"), as Cause No. 67-252640-11. Defendants removed the case to this court on May 27, 2011. BOA and BAC filed a motion to dismiss on July 5, 2011, that was directed at plaintiff's state court petition. The court denied the motion to dismiss and granted leave to plaintiff to file an amended complaint.

Plaintiff's amended complaint ("Complaint") asserted the following claims against defendants: (1) breach of contract; (2) violations of the Texas Finance Code and the Texas Deceptive Trade Practices Act ("DTPA"); (3) unreasonable collection; (4) negligent misrepresentation and gross negligence; and (5) suit to quiet title. Plaintiff seeks actual and exemplary damages, an order for an accounting, and declaratory and injunctive relief to maintain possession and regain title to the property.

Plaintiff made the following allegations in the Complaint:

On May 28, 2004, plaintiff executed a note payable to Countrywide Home Loans, Inc. ("Countrywide") and a deed of trust covering plaintiff's property at 4617 Cougar Ridge Road in Fort Worth, Texas, 76126.[1] Compl. at 3. The deed of trust designated

---

[1] Although plaintiff references in her complaint the deed of trust as "Exhibit A, attached hereto and incorporated herein for all purposes," the deed of trust is not attached as Exhibit A to the Complaint. Instead, plaintiff attaches a letter from Bank of America, N.A., dated March 7, 2011, as Exhibit A. However, a copy of the deed of trust was attached to plaintiff's original state court pleading as an exhibit.
(continued...)

2

Countrywide, or any holder of the note who is entitled to receive payment of the note, as the "Lender." The function of the deed of trust was described as follows: "This Security Instrument secures to Lender: (i) the repayment of the Loan and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." Notice of Removal, Ex. 1, Ex. A at 3.[2] It named Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as Countrywide's nominee, as beneficiary under the deed of trust. The limited capacity and function of MERS was explained in the deed of trust as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id. The note made no reference to MERS. MERS purported to assign the note and deed of trust to BOA. However, MERS did not

---

[1](...continued)
Consequently, the court will treat the text of the deed of trust as part of plaintiff's complaint for motion-to-dismiss purposes.

[2]The term "Security Instrument" refers to the deed of trust given by plaintiff to Countrywide as security for payment of the promissory note given by plaintiff to Countrywide in May 2004; the word "Borrower" refers to plaintiff; the word "Loan" refers to the debt evidenced by the note, plus added charges due under the note, and all sums due under the deed of trust.

3

own the note, thus it could not assign the note, and its assignment of the deed of trust to BOA separate from the note was of no force or effect. When the note was purportedly assigned to BOA, plaintiff was in default on payment of the note.

More specifically on the subject of separation of the note from the deed of trust, and the lack of ownership of the note by BOA when BOA and BAC conducted the foreclosure about which plaintiff complains, plaintiff alleged:

> 30. MERS is not the payee of the promissory note and MERS never held the promissory note. The Deed of Trust does not provide that MERS could transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note is ineffective. Simply being a beneficiary or having an assignment of the deed of trust is not enough to be entitled to foreclose on a deed of trust. For there to be a valid assignment for the purposes of foreclosure both the note and the deed of trust must be assigned. . . .
>
> 31. An assignment of the deed of trust separate from the note has no "force." MERS never held the promissory note, thus its assignment of the deed of trust to BOA separate from the note had no force. MERS had no separate agency contract with Countrywide regarding this loan.

Compl. at 12-13 (citations omitted).

Plaintiff further alleged that: In 2008, plaintiff filed for bankruptcy and "began the loan modification process." Id. Between 2009 and April 2011, she communicated with Countrywide, BOA, BAC, and Freddie Mac about making a loan modification, but

4

she continued to receive foreclosure notices from BOA in the mail. Id. at 4-8. Then, on April 7, 2011, plaintiff came home and "found a big orange sign from a realtor on her gate that stated her house had been foreclosed on April 5, 2011." Id. at 9. Freddie Mac later sent plaintiff a notice to vacate letter, dated April 9, 2011, informing plaintiff that Freddie Mac purchased the home at the foreclosure sale, id. at 10, for $166,242, id. at 11. Plaintiff attempted to have the foreclosure rescinded, but received no response from BOA. Id. at 10. At present, "Freddie Mac is attempting to evict Plaintiff and sell the property." Id. at 11.

BAC, BOA, and Freddie Mac filed motions to dismiss the Complaint for failure to state a claim for relief. In direct response to plaintiff's allegations that MERS had no authority to assign the note to BOA, and that without ownership of the note BOA had no authority to foreclose on plaintiff's property, BOA asserted in its motion to dismiss that:

> The contention Defendants must be the holders of the Note to proceed with a foreclosure sale is incorrect--because Mortgage Electronic Registration Systems, Inc. ("MERS") had the power to foreclose and sell the Property, and had the power to assign these rights to [BOA], MERS's assignment to [BOA] was sufficient to give [BOA] the authority to foreclose.

. . . .

5

>       According to Plaintiff, [BOA] has to be the holder
> of the Note and Deed of Trust to foreclose and MERS
> could not assign the Note, so [BOA] did and does not
> have the authority to foreclose. This argument is
> incorrect. Pursuant to the terms of the Deed of Trust--
> which was executed by Plaintiff--MERS is named as the
> beneficiary and nominee for the originating lender, as
> well as its successors and assigns. In that same
> document, Plaintiff acknowledged MERS had the right to
> exercise any or all of the interests granted by
> Plaintiff in the Deed of Trust  "including, but not
> limited to, the right to foreclose and sell the
> Property."

Br. in Supp. of BOA's Mot. at 7-8 (footnotes omitted).

Plaintiff filed a response, to which defendants filed a reply, and plaintiff filed a sur-reply.

## II.

### Analysis

Most of the grounds of the motions to dismiss appear to have merit, but there is a major impediment to the granting of the motions. As the United States Supreme Court so clearly explained approximately 140 years ago:

> The note and mortgage are inseparable; the former
> as essential, the latter as an incident. An assignment
> of the note carries the mortgage with it, while an
> assignment of the latter alone is a nullity.

Carpenter v. Longan, 83 U.S. 271, 274 (1872) (footnote omitted). This basic proposition has often been reaffirmed. See Baldwin v. State of Mo., 281 U.S. 586, 596 (1930) (Stone, J., concurring); National Live Stock Bank v. First Nat'l Bank, 203 U.S. 296, 306

(1906); Kirby Lumber Co. v. Williams, 230 F.2d 330, 336 (5th Cir. 1956); In re Veal, 450 B.R. 897, 916-17 (B.A.P. 9th Cir. 2011); In re Vargas, 396 B.R. 511, 516 (Bankr. C.D. Cal. 2008); In re Leisure Time Sports, Inc., 194 B.R. 859, 861 (B.A.P. 9th Cir. 1996); Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. Ct. App. E.D. 2009).

If the holder of the deed of trust does not own or hold the note, the deed of trust serves no purpose, is impotent, and cannot be a vehicle for depriving the grantor of the deed of trust of ownership of the property described in the deed of trust. The sole purpose of the deed of trust is to secure payment of the note. The very, and sole, purpose of a foreclosure sale pursuant to the deed of trust is to obtain funds for payment of the note. If the holder of the deed of trust does not own or hold the note, and there were to be a foreclosure under the deed of trust, there is no assurance that the proceeds of the foreclosure would be used for the purpose intended by the deed of trust, i.e., to be applied as payment of, or on, the note. That is not to say that the owner or holder of the note cannot arrange for an agent or nominee, acting on its behalf, to conduct a foreclosure for the benefit of the owner or holder of the note. But that is quite a different proposition from assertions that the holder of the deed of trust who does not own

or hold the note has the power to transfer the note from the original note holder to another and that an entity that does not own or hold the note can conduct a foreclosure under the deed of trust.

The court disagrees with the contention of BOA that BOA did not have to be the owner or holder of the note to proceed with the foreclosure sale. The reliance by defendants on Chapter 51 of the Texas Property Code is misplaced. Procedures outlining the steps and requirements for a foreclosure are contained in Chapter 51. Under the Property Code, MERS was a mortgagee based on either the definition of a "book entry system," Tex. Prop. Code §§ 51.0001(1) (defining "book entry system") and (4) (defining "mortgagee"), or alternatively, the definition of a "holder of a security instrument," id. §§ 51.0001(4) and (6) (defining "security instrument" as a "deed of trust, mortgage, or other contract lien on an interest in real property"). Once MERS assigned its interest in the deed of trust to BOA, BOA became the "holder of a security instrument" and was therefore a "mortgagee." Id. The Property Code states that a "mortgage servicer," such as BAC, "may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee, if:

> (1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and

>   (2) the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
>
>   >   (A) the address of the mortgagee; or
>   >
>   >   (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

Id. § 51.0025 (titled "Administration of Foreclosure by Mortgage Servicer"). However, inherent in the procedural steps outlined in the Texas Property Code is the assumption that whatever entity qualifies as a "mortgagee" either owns the note or is serving as an agent for the owner or holder of the note; and, the statute assumes that when a foreclosure is conducted by someone other than the owner or holder of the note, the person conducting the foreclosure will be acting as agent or nominee for the owner or holder.[3]

Otherwise, the Texas statutory law would make no sense, and would be directly at odds with long-standing, basic principles governing the relationship between real estate borrowers, on the one hand, and their corresponding secured real estate lenders, on

---

[3] The legislative history confirms that all the Legislature intended to do was to make procedural changes, with no changes in substantive Texas law. See House Comm. on Financial Institutions, Bill Analysis, Tex. H.B. 1493, 78th Leg., R.S. (2005).

9

the other. As the Missouri Court of Appeals so cogently explained in <u>Bellistri v. Ocwen Loan Servicing, LLC</u>:

> Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property. Typically, the same person holds both the note and the deed of trust. In the event that the note and the deed of trust are split, the note, as a practical matter becomes unsecured. Restatement (Third) of Property (Mortgages) § 5.4. Comment. The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. The mortgage loan became ineffectual when the note holder did not also hold the deed of trust.

284 S.W.3d at 623 (citation omitted). Also pertinent is the holding of the bankruptcy court for the District of Idaho in <u>In re Wilhelm</u> that the language of a deed of trust such as the one at issue in the instant action does not give MERS authority to transfer the promissory note secured by the deed of trust. 407 Br. 392, 404 (Bankr. D. Idaho 2009).

There might well be a way defendants can show in support of an appropriate motion for summary judgment the facts necessary to establish propriety of the foreclosure at issue. However, there is nothing in the record before the court at this time

10

establishing that plaintiff cannot prevail on her theory that the foreclosure on her property was improper because it was conducted by, or at the behest of, BOA at a time when BOA did not own or hold the note that was secured by the deed of trust pursuant to which the foreclosure was conducted.

Therefore,

The court ORDERS that such motions to dismiss be, and are hereby, denied.

SIGNED December 22, 2011.

_____
JOHN McBRYDE
United States District Judge

11