**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### ORDER DENYING DAVIDE MOTION FOR RECONSIDERATION

Before the Court is Anthony L. Davide's *Motion for Rehearing on Claim Objection to the Reclassification of Claim from Secured to Unsecured* (the "Motion," ECF Doc. # 5236). Davide filed the Motion on September 24, 2013, requesting reconsideration and a rehearing regarding an order reclassifying his claim against GMAC Mortgage, LLC ("GMACM") from a secured claim to a general unsecured claim. The above-captioned debtors (the "Debtors") filed an objection to the Motion on October 31, 2013 (the "Reconsideration Objection," ECF Doc. # 5564). The Court granted Davide's request for a rehearing, which was held on November 15, 2013. Davide made a telephonic appearance, and the Court directed Davide to provide additional information to the Debtors.

Since the November 15, 2013 hearing, the Debtors—and their successor-in-interest, the ResCap Borrower Claims Trust (the "Trust")—have received information from Davide and investigated the information he provided. On March 18, 2014, Davide filed a request to learn the status on the matter relating to the reclassification of his claim (the "Status Request," ECF Doc. # 6667), and the Court directed the Trust to file a supplemental declaration regarding its investigation. On June 16, 2014, the Trust filed the *Declaration of Deanna Horst in Further Support of the ResCap Borrower Claims Trust's Objection to Anthony L. Davide's Claim No. 482 as a Secured Claim* (the "Horst Decl.," ECF Doc. # 7115). Following the Court's receipt of

the Horst Declaration, the Court provided Davide through and including June 23, 2014, to respond to the Trust's assertions. Davide filed a response on June 30, 2014 (the "Response," ECF Doc. # 7214).[1] Nothing in the information Davide provided to the Trust or in his Response alters the Court's original conclusion that Davide's claim is not secured, and for the reasons provided below, the Court **DENIES** the Motion.

## I.    BACKGROUND

Davide argues that his claim is properly classified as a secured claim due to a Florida court order that GMACM segregate funds deposited by Davide in an attempt to secure a loan modification. Davide originally obtained the mortgage loan in question on December 13, 2004, for a property in Key Largo, Florida. (Horst Decl. ¶ 5.) Before the Debtors filed for bankruptcy, GMACM serviced his loan. (*Id.*) Davide defaulted on his loan after he failed to make a payment on April 1, 2010, and on July 26, 2010, GMACM commenced foreclosure proceedings against Davide in the Sixteenth Judicial Circuit Court in Monroe County, Florida (the "Florida Court"), Case No. 10-CA-583 (the "Foreclosure Action"). (*Id.*) On July 11, 2011, GMACM and Davide entered into an agreement to allow Davide to become current on his loan payments (the "Foreclosure Repayment Agreement," Horst Decl. Ex. 1). (*Id.* ¶ 6.) Davide would pay a total of $68,575.05, plus his usual monthly payments, over the course of six months to become current on his loan. (*Id.*) Each monthly payment would be $15,150.24 plus his regular monthly mortgage payment of $3,721.07. (*Id.* ¶ 6 n.3.) In return, GMACM agreed to suspend, but not terminate, the Foreclosure Action. (*Id.* ¶ 6.) No provision of the Foreclosure Repayment Agreement provided that any money GMACM received on account of the payment schedule would be segregated or held for Davide's benefit in any way. (*Id.*) Davide failed to make

---

[1]    Although untimely, the Court treats the Response as timely filed for the purposes of this Order.

2

payments in accordance with the payment schedule[2] and, on October 28, 2011, GMACM sent Davide a notice of default and thereafter resumed the Foreclosure Action. (*Id.* ¶ 7.)

On September 10, 2012, Davide timely filed Claim No. 482 (the "Claim") in these chapter 11 cases in the amount of $15,751 against GMACM as a secured claim. On July 3, 2013, the Debtors filed the *Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* (the "Objection," ECF Doc. # 4151), objecting to, among others, the Claim, as an improperly classified secured claim. The Debtors argued that the Claim should be classified as a general unsecured non-priority claim.

Davide filed an opposition to the Objection on August 12, 2013 (the "Opposition," ECF Doc. # 4651). Davide stated that he paid funds to GMACM pursuant to the direction of the Florida Court, apparently in connection with a trial modification plan. (Opp. ¶ 1.) Davide asserts that GMACM was to refund this money in the "event of a disagreement between the parties," that the parties did disagree, and that GMACM did not return the money. (*Id.* ¶¶ 2–4.) He believes that GMACM improperly applied the funds to his mortgage account as loan or escrow payments, and did not segregate the funds pursuant to the Florida Court's arrangement. (*Id.* ¶¶ 5–6.) Davide's proof of claim attaches correspondence between himself and GMACM evidencing the alleged disputed application of payments. In certain letters, GMACM states that, subsequent to approving a traditional loan modification—the Debtors state Davide did not qualify for a trial modification plan—GMACM applied payments received from Davide to the

---

[2] Davide made his first payment under the Foreclosure Repayment Agreement on July 27, 2011, in the amount of $15,150.24, and GMACM applied this installment to his account. (Horst Decl. ¶ 17(a).) Thereafter, Davide made two additional payments under the Agreement, each in the amount of $15,150.24, but these payments were returned to Davide—the first because it was not in the form of certified funds as required by the Agreement and the second because it was insufficient to bring the account current. (*Id.*) GMACM offered Davide another repayment plan on November 4, 2011, but Davide declined the offer on November 8, 2011. (*Id.*) The payment Davide made on July 27, 2011, the only payment GMACM received and applied to his account in connection with the Agreement, appears to be the subject of the Claim (the "Disputed Funds"). (*Id.*)

3

most outstanding payment due. Davide did not attach any judgments, orders, or transcripts from the action before the Florida Court, or any documentation evidencing a security interest in the Debtors, either to his claim or to the Opposition.

The Court held a hearing on the Objection on September 11, 2013, and Davide did not appear.[3] The Debtors' Objection to Davide's purported secured claim, on the basis that nothing in their records or Davide's claim indicated that Davide had a secured interest in any assets belonging to the Debtors, shifted the burden to Davide to show by a preponderance of the evidence that he had a secured claim against the Debtors. Davide failed to attach any supporting documentation to demonstrate the validity of his purportedly secured claim in his Opposition. Consequently, the Court entered a supplemental order sustaining the Objection as to certain claims—including the Claim—on September 13, 2013 (the "Reclassification Order," ECF Doc. # 5043). Pursuant to the Reclassification Order, the Claim was reclassified from a secured claim to a general unsecured non-priority claim.

At the rehearing, Davide repeated his arguments that, pursuant to the Florida Court's order during the Foreclosure Action, GMACM was required to segregate his deposit and return the money to him "in the event that the dispute . . . over a loan modification . . . [was] not resolved." (Nov. 15, 2013 Tr. 62:16–25.) Davide argued that his claim should be secured because the Florida judge instructed that his funds "be segregated and protected." (*Id.* 63:2–5.) The Court ordered Davide to provide SilvermanAcampora, LLP ("SilvermanAcampora"), Special Counsel for Borrower Issues to the Official Committee of Unsecured Creditors ("Special Borrowers' Counsel"), the case name, case number, court in which the case was pending, and the

---

[3]    Davide is listed on the initial telephonic appearances. (*See* Sept. 11, 2013 Tr. 29:14.) Apparently, due to the length of the proceeding, Davide was unable to stay on the telephone for the duration of the September 11, 2013 hearing, and requested a rehearing to participate. (*See* Nov. 15, 2013 Tr. 62:10–13.) The Court granted his request for a rehearing, but reserved decision on his Motion to reconsider its order reclassifying his Claim.

date or approximate date when the Florida Court directed that his funds be segregated. (*Id.* 67:23–68:3.)[4]

Between the November 15, 2013 hearing and the time Davide filed his Response, the Trust has been in contact with Davide. Apparently, an email mix-up[5] resulted in delayed communication; Davide was able to get in contact with the attorneys at SilvermanAcampora sometime in late December and provided them with the information requested by the Court. The Trust reviewed his claim and the events in the Foreclosure Action provided by Davide. (Horst Decl. ¶ 17.) Davide provided the following information to the Trust: the case name is *GMAC Mortgage, LLC v. Anthony L. Davide*, Case No. 442010 CA 00583A001PK, in the Florida Court. (*Id.* ¶ 17(b) n.5.) Davide contends that the Florida Court ordered GMACM to segregate funds paid in connection with the Foreclosure Repayment Agreement at a hearing on October 12, 2011—nearly three months after GMACM credited the Disputed Funds. (*Id.*)

The Trust inspected the Florida Court dockets, but did not find any transcript or order directing GMACM to segregate any funds. (*Id.* ¶ 17(b).) Given that the Trust was unable to find any court-issued directive to support Davide's contention that GMACM was ordered to segregate funds and that Davide did not provide any additional evidence that the Claim should be treated as secured, the Trust contends that the Court's Reclassification Order should stand. (*Id.* ¶ 20.)

In the Response, Davide argues that he applied to the judge in the Florida Court "to compel GMAC to sign the repayment agreement," but that "[t]o date this agreement has never been executed by GMAC." (Response ¶¶ 5, 7.) Davide claims that GMACM refuses to accept

---

[4] The Court also indicated at the November 15, 2013 hearing that it would set a date for a supplemental hearing on the Motion following Davide's submission of additional information and allowing the Debtors an opportunity to investigate the information he provided. Considering the information and papers submitted by both parties, however, an additional hearing is not necessary, and the Court can rule on the papers.

[5] In the Status Request, Davide noted that he emailed the information the Court requested to Brian Powers at Silverman *and Campora*, not SilvermanAcampora. (*See* Status Request ¶¶ 2–3.)

5

his payments and that he is owed the money he paid in order to obtain a loan modification. (*Id.* ¶¶ 8, 13.)

## II. DISCUSSION

Because Davide is *pro se*, the Motion is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, the Motion fails to identify adequate grounds for relief under either Bankruptcy Rule 9023 or Bankruptcy Rule 9024.

Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59, which governs motions for amendment of a judgment. Rule 9023 states: "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." Fed. R. Bankr. P. 9023 (emphasis added). Davide filed the Motion on September 24, 2013, eleven days after the Court entered the Reclassification Order. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

6

*In re Miller*, No. 07-13481 (MG), 2008 WL 110907, at *3 (Bankr. S.D.N.Y. Jan. 4, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60, which establishes the grounds for relief from a final order. Rule 60(b) provides that a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion for relief from judgment under Rule 60(b) "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo*, 374 F.3d at 55 (citation omitted).

Davide's Motion restates his arguments in his Claim and his Opposition, including his contention that his Claim should be classified as a secured claim because of a Florida Court's order requiring GMACM to segregate funds for return to Davide in the event that a loan modification was not consummated between the parties. The Court has provided Davide ample opportunity to provide evidence to substantiate this contention, and the Trust has expended a great deal of time investigating Davide's assertion. But Davide has not provided any information that supports his argument that his Claim is secured.

The Motion fails to satisfy the standards for reconsideration. Davide has not introduced any new evidence related to the Court's Reclassification Order or established that the Order was based on a "clear error of law." To the extent Davide was asked to provide additional support

7

for his Claim's secured status, he has failed to do so. Finally, Davide identifies no new controlling law that should alter the Court's analysis. Instead, he merely restates his prior pleadings. A motion for reconsideration is not an opportunity to reargue past motions. Given Davide's *pro se* status, the Court allowed him wide latitude to show any evidence substantiating his contention that his Claim is secured; he has not done so.

### III.    CONCLUSION

For all of the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 15, 2014
        New York, New York

                                         /s/Martin Glenn
                                         MARTIN GLENN
                                         United States Bankruptcy Judge