Schiller & Knapp, LLP
950 New Loudon Road, Suite 310
Latham, New York  12110
wbs 3360

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| *In re:* | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| **Residential Capital,** | Chapter 11<br>Case No. 12-12020-mg |
| Debtor | HON. MARTIN GLEN |

_____

Associated Partners, LLC (hereinafter "AP"), moves the above-entitled Court for an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) to permit it to proceed to foreclose the right of redemption on certain real property upon which the Debtor had an ownership interest and is commonly known as 180 Ivey Lake Parkway, Temple, Georgia  30179.  As grounds for said motion it is hereby alleged as follows:

## I.    Relief Requested

1.    Pursuant to Federal Rules of Bankruptcy Procedure 9013 and 9014 and section 361, 362(a) of title 11 of the United States Bankruptcy Code this matter is brought seeking an order (i) granting AP, it's successors and or assigns relief from the automatic stay and (ii) granting AP such other and further relief as is just and proper.

## II.    Background

2.    The real property commonly known as 180 Ivey Lake Parkway, Temple, Georgia  30179 was purchased by AP at a judicial tax foreclosure ale conducted on June 7, 2011.  Acopy of the Sheriff's Deed is annexed hereto and made a part hereof as Exhibit "A".

3.      Debtor was the holder of a security deed in the real property and subsequently assigned the security deed to LNV Corporation by deed dated July 10, 2008 and recorded in Deed Book 4370 page 179.

4.      Subsequent to assigning the security deed to LNV, Debtor foreclosed on the deed and took title to the real property by foreclosure deed.

4.      Pursuant to the Official Code of Georgia Annotated Section 48-4-40, after a foreclosure sale, any party with an interest in the property may redeem the property within twelve (12) months of the sale or any time prior to the foreclosure of the right of redemption by the tax sale purchased. However, Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on May 14, 2012, a date within twelve (12) months of the tax foreclosure sale.

5.      In order for AP to hold clear, encumbered title to the rela property it must complete the foreclosure of the to redeem.

### III.    Basis of Application

6.      11 U.S.C. §362(a) provides that the filing of a petition under section 301, 302, or 303 operates as a stay applicable to all entities.

7.      Pursuant to 11 U.S.C. §362 cause exists to terminate the stay in this case to allow AP to take steps necessary to clear the title to the property. Unless the automatic stay is terminated AP will be unable to complete the foreclosure process.

8.      By reason of the foregoing, AP, its successors and/or assigns should be permitted to take all necessary action to adequately protect its security interest.

9.      It is requested that in the event that an Order Granting Relief from the Automatic Stay is granted, it is requested that such Order shall survive any conversion.

10. No previous application has been made for the relief requested herein.

**WHEREFORE**, AP requests that this Court enter an Order granting AP, its successors and/or assigns relief from the automatic stay, together with AP's attorneys' fees and costs if the Motion is settled conditionally, and such other and further relief as the Court may deem just and proper.

Dated: July 7, 2014     **SCHILLER & KNAPP, LLP**

By: /s/ William B. Schiller
William B. Schiller, Esq.
Attorneys for Associated Partners, LLC
Asscoa950 New Loudon Road
Latham, New York 12110
(518) 786-9069