Exhibit "A"

19. Any seizure or Claim of Lien of the Property under any Federal or State criminal forfeiture statues which is not filed of record in the Office of the Clerk of the Superior Court of the county in which the land is located and correctly-indexed under the name of the owner of record of said property at the date and time of the filing of such notice of seizure and which not made available on the public record to all examiners, attorneys and the general public.

20. Improperly indexed or unrecorded claims of lien for commercial brokerage relating to a sale or attempted sale of the Property.

21. Lien of property taxes for the current and subsequent years, which are not yet due and payable.

22. Taxes have been paid through the year 2012.

23. Declaration of Protective Covenants and Restrictions, dated June 1, 2000, recorded in Deed Book 1311, Page 76, Carroll County, Georgia, Public Real Estate Records, as amended by Amended Declaration of Protective Covenant, dated April 19, 2001, recorded in Deed Book 1517, Page 73, said Real Estate Records.

24. Easement for Flowage of Flood Waters from E. W. Ivey and Mrs. Ida Ivey to West Georgia Soil Conservation District, undated, recorded July 28, 1958 in Deed Book 120, Page 298, Carroll County, Georgia, Public Real Estate Records.

25. Easement from CJD Enterprises, Inc. to Georgia Power Company, dated March 24, 2000, recorded in Deed Book 1612, Page 84, Carroll County, Georgia, Public Real Estate Records.

26. All matters shown on plat of subject property recorded in Plat Book 71, Pages 83190-191, Carroll County, Georgia, Public Real Estate Records, including but not limited to:

    a. 20 ft. drainage easement crossing the western and southern boundaries
    b. 25 ft. setback line along front
    c. 25 ft. setback line along rear
    d. 15 ft. setback line along side

27. Any assessments by a homeowner's association, which is not formed pursuant to a Declaration of Covenants or Conditions filed of record.

28. Improper foreclosure by Residential Funding Company, LLC on that certain Security Deed from Patrice L. Thomas to Sebring Capital Partners, Limited Partnership, dated November 4, 2002, recorded in Deed Book 2041, Page 279, Carroll County, Georgia, Public Real Estate Records. (NOTE: The Security Deed recorded in Deed Book 2041, Page 279, was last assigned by Residential Funding Company, LLC to LNV Corporation by Corporation Assignment of Deed of Trust, dated March 10, 2008, recorded in Deed Book 4341, Page 181, said Real Estate Records. The Foreclosure Deed dated May 6, 2008, recorded in Deed Book 4370, Page 179, said Real Estate Records, was executed by Residential Funding Company, LLC, which entity was not the record owner of said Security Deed.)

29. Rights of Alene P. Thomas by virtue of that Quitclaim Deed from Patrice Thomas, dated May 8, 2006, recorded in Deed Book 3546, page 167, Carroll County, Georgia, Public Real Estate Records.

30. Rights of LNV Corporation by virtue of Assignment from Mortgage Electronic Registration Systems, dated March 10, 2008, recorded in Deed Book 4341, Page 181, Carroll County, Georgia, Public Real Estate Records.

31. The provision of proper notice, advertising and proper conduct of that certain tax sale by Vickie Bearden Vickie Bearden, Tax Commissioner, Ex-Officio Sheriff of Carroll County for past due 2009-2010 taxes on Parcel T03-008-0115.

647539.1

32. Rights of redemption in favor of Residential Funding Company, LLC or any other person or entity having a right, title, or interest in or lien upon the subject property in connection with the recording of a Sheriff's Tax Deed between Vickie Bearden, Tax Commissioner, Ex-Officio Sheriff of Carroll County, and Associated Partners, LLC, dated June 7, 2011, recorded in Deed Book 4941, Page 232, Carroll County, Georgia, Public Real Estate Records, not barred by the foreclosure of the right of redemption.

33. GOOD, MARKETABLE, AND INSURABLE TITLE CANNOT BE OBTAINED THROUGH THE SHERIFF'S TAX DEED BETWEEN VICKIE BEARDEN, TAX COMMISSIONER, EX-OFFICIO SHERIFF OF CARROLL COUNTY, AND ASSOCIATED PARTNERS, LLC, DATED JUNE 7, 2011, RECORDED IN DEED BOOK 4941, PAGE 232, CARROLL COUNTY, GEORGIA, PUBLIC REAL ESTATE RECORDS, EXCEPT THROUGH A PROPERLY CONDUCTED QUIET TITLE ACTION IN ACCORDANCE WITH GEORGIA LAW OR OBTAINING A QUITCLAIM DEED FROM RESIDENTIAL FUNDING COMPANY, LLC, ALENE P. THOMAS, AND LNV CORPORATION, AND ANY OTHER PERSON OR ENTITY HAVING A RIGHT, TITLE OR INTEREST IN OR LIEN UPON THE SUBJECT PROPERTY.

AS A MATTER OF INFORMATION:

1. 2012 Carroll County and City of Temple taxes for Parcel T03-008-0115 in the amount of $1,271.75 were paid December 10, 2012, as evidenced by Tax Bill No. 2012-1615.

At Carrollton, Georgia, this 24th day of June, 2013.

TISINGER VANCE, P.C.

By: _____
Avery S. Jackson, Attorney

/mw

647539.1

File No. 21994/25105

# ATTORNEY'S FIRST CERTIFICATE

## BY

**TISINGER VANCE, P.C.**
100 Wagon Yard Plaza
Carrollton, Georgia 30117
(770) 834-4467

We have made an examination of the records of CARROLL County, Georgia, as indexed, to determine the status of the following described property:

> All that tract or parcel of land lying and being in Land Lot 182 of the 6th District of Carroll County, Georgia, being Lot 116 of Ivey Lake Subdivision, Unit One as per plat of said subdivision recorded at Plat Book 71, Pages 190-191, Carroll County, Georgia; which said plat is incorporated herein and a part hereof.

(CONTINUED ON NEXT PAGE)

647539.1

In our opinion, record title in fee simple defeasible to said premises is vested in ASSOCIATED PARTNERS, LLC by the Sheriff's Tax Deed dated June 7, 2011, and filed for record on June 20, 2011, and recorded in Deed Book 4941, page 232, in the office of the Clerk of the Superior Court of Carroll County, Georgia, subject to the following encumbrances and exceptions:

1. Such state of facts as an accurate survey and inspection of the above described and adjoining land would disclose. (No certification is made by the undersigned as to the precise location of property lines. If such is desired, a survey should be obtained and other action taken).

2. The unrecorded claims of any tenant or persons in possession of said property.

3. Mechanics' liens and lien claims not of record on this date. Borrower is required to submit proof that all claims for labor, materials and work used to improve the property prior to this date have been paid.

4. Easements, rights of way, or encroachments as may have been granted or acquired by contract, use or otherwise.

5. Zoning laws and regulations of force where the property is located.

6. Liability on account of any "consumer credit protection", "truth in lending" or similar law or regulations.

7. This opinion is limited to the names as they appear in the chain of title and as furnished to examining counsel.

8. All matters of record subsequent to the date of this Certificate.

9. Matters affecting the title which are not of record, or which, if they are of record, are not indexed in such a manner that a reasonably prudent search would have revealed them to the examiner.

10. Title to that portion of the Property within the bounds of any public road.

11. The riparian rights of abutting owners on any stream running through the Property.

12. Street improvements liens which have not been properly placed of record.

13. Past due water and sewer bills which have not been reduced to judgments recorded in the General Execution Docket.

14. Bills for utilities used in connection with the premises and any impediments to the transfer of accounts for said utilities to a new owner or occupant of the property.

15. Pay-as-you-enter water or sewer lines, which while not technically liens, will be payable upon connection with such lines.

16. No certification is afforded as to the exact amount acreage contained in the Property.

17. Any lien relating to the existence or cleanup of hazardous or toxic waste under Local, State of Federal statues or regulation which is not filed of record in the Office of the Clerk of the Superior Court of the county in which the land is located and correctly-indexed under the name of the owner of record of said property at the date and time of the filing of such lien.

18. Consequences of any attack on the estate or interest certified to herein under any Federal or State law dealing with bankruptcy, insolvency or creditors' rights.

647539.1

LAW OFFICES
# TISINGER VANCE, P.C.
100 WAGON YARD PLAZA
CARROLLTON, GEORGIA 30117
WWW.TISINGERVANCE.COM

WILLIAM E. UNDERWOOD
DIRECT DIAL AND E-MAIL ADDRESS:
(770) 214-5119
(770) 830-0477 FAX
WUNDERWOOD@TISINGERVANCE.COM

TELEPHONE: (770) 834-4467
FAX: (770) 834-5426

ROBERT D. TISINGER
1909-1991

April 8, 2014

James A. Newton, Esq.
Morrison | Foerster LLP
1290 Avenue of the Americas | 40th Floor
New York, NY | 10104

Re:   *In re Residential Capital, LLC, et al.* Chapter 11 Case No. 12-12-2- (MG)
      Request to Terminate Bankruptcy Stay in order to Clear Title to Property located at
      180 Ivey Lake Parkway, Temple, Georgia 30179 (the "Property")

Dear Mr. Newton:

Enclosed, please find a completed Senior Lien Relief Questionnaire. I have attempted to complete the questionnaire as fully as possible, but due to the unique nature of my client's situation, I have enclosed this letter in order to provide a more complete overview of the issues surrounding this matter.

My client, Associated Partners, LLC, purchased certain real property located at 180 Ivey Lake Parkway, Temple, Georgia 30179 (the "Property"), for Thirty-One Thousand and No/100 Dollars ($31,000.00) at a judicial tax foreclosure sale conducted on June 7, 2011, in Carroll County, Georgia. The prior ownership history of the Property is as follows: Patrice Thomas originally owned the Property. She then granted a security deed to Sebring Capital Partners, LP, that was ultimately assigned to Residential Funding Company, LLC. Residential Funding Company then transferred the security deed to LNV Corporation. However, the property records indicate that Residential Funding Company foreclosed on the Property and assumed ownership (even though it appears from the records as if the security deed was still held by LNV Corporation). Residential Funding Company then failed to pay taxes on the Property and it was purchased by Associated Partners at the judicial tax foreclosure sale held on June 7, 2011.

Georgia law provides that the record owner at the time of the tax sale is entitled to any excess funds generated by the sale after the taxes, fees, and expenses are paid. O.C.G.A. § 48-4-5. Georgia law further provides that after a tax sale, any party with an interest in the property may redeem the property within twelve (12) months of the sale or any time prior to the foreclosure of the right of redemption by the tax sale purchaser. The redemption amount owed is "the amount paid for the property at the tax sale, as shown by the recitals in the tax deed, plus any taxes paid on the property by the purchaser after the sale for taxes, plus any special assessments on the property, plus a premium of 20 percent of the amount for the first year or fraction of a year which has elapsed between the date of the sale and the date on which the redemption payment is made and 10 percent for each year or fraction of a year thereafter." O.C.G.A. § 48-4-42. After twelve (12) months, the tax sale purchaser may bar the right of redemption by foreclosing the right of redemption pursuant to O.C.G.A. § 48-4-40.

James A. Newton, Esq.
April 8, 2014
Page 2 of 3

    Over twelve (12) months after the June 2011 foreclosure sale, Associated Partners, acting on its own behalf, sent all the appropriate Notices of Foreclosure of the Right to Redeem to the interested parties. However, Residential Funding Company, LLC, declared bankruptcy in May of 2012—a date within 12 months of the Property's purchase in June 2011 and prior to the foreclosure of the right to redeem. The bankruptcy declaration tolled the redemption period, or stayed the foreclosure of the right to redeem, thereby preventing Associated Partners from properly barring the right of redemption against Residential Funding Company, LLC. In turn, this has prevented Associated Partners from obtaining insurable title to the Property.

    Accordingly, we are respectfully requesting a stipulation terminating the automatic bankruptcy stay in order to allow Associated Partners to take the necessary legal steps to clear title to the Property. Thank you for your consideration, and please do not hesitate to contact me if you have any questions or concerns regarding this matter.

                              Very truly yours,

                              TISINGER VANCE, P.C.

                              William E. Underwood

WEU/vm
640281.2
cc: Mr. Earl Lines

*In re Residential Capital, LLC, et al*
Chapter 11 Case No. 12-12020 (MG)

## SENIOR LIEN STAY RELIEF QUESTIONNAIRE

This questionnaire is to be completed by any party (the "Requesting Party") requesting stay relief (each, a "Request") to foreclose on a mortgage or security interest (the "Senior Mortgage") on the property (the "Property") in which Residential Capital, LLC *et al*. (the "Debtors") hold a subordinate interest, and served on the parties listed below.

All questions **must** be answered. Please use "none", "not applicable" or "N/A" as appropriate. If more space is needed, please complete on a separate page and attach.

1. Address of the Property that is the subject of the Request:

    180 Ivey Lake Parkway
    Temple, Georgia 30179

2. Name of the borrower under the Senior Mortgage:

    N/A

3. Nature of the Debtor's interest in the Property (to be supported by a title or Foreclosure report reflecting such liens or interests and attached to this Questionnaire):

    The debtor, Residential Funding Company, LLC, formerly held title to the property pursuant to a Foreclosure Deed executed and delivered by Residential Funding Company as duly appointed Agent and Attorney in Fact for Patrice L. Thomas, dated May 6, 2008, recorded in Deed Book 4370, Page 179, Carroll County, Georgia Public Deed Records.

4. Name and contact information of party that owns the Senior Mortgage (the "Senior Holder"):

    N/A

1

5. If the Requesting Party is different from the Senior Holder:

   a) Name and contact information of Requesting Party:

   Associated Partners, LLC
   c/o Earl Lines
   3418 Deer Land Drive
   Tallahassee, Florida 32312

   Copy to:
   William E. Underwood
   Tisinger Vance, P.C.
   100 Wagon Yard Plaza
   Carrollton, Georgia 30117

   b) Nature of Requesting Party's interest in the Property:

   Associated Partners, LLC purchased the property at a judicial tax foreclosure sale, held on or about June 7, 2011. Associated Partners, LLC, currently holds title to property pursuant to a Sheriff's Tax Deed executed and delivered by Vickie Bearden, Tax Commissioner, Ex-Officio Sheriff Carroll County, Residential Funding Company, LLC., dated June 7, 2011, recorded in Deed Book 4941, Page 232, Carroll County, Georgia Public Deed Records. See attached Exhibit "A."

   c) Capacity in which the Request is made (i.e., servicer, etc.):

   Current holder of title to the property

6. Description of any other known liens on the Property (including the holder of such liens):

   None

7. Value of the Property on which the foreclosed bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value acceptable to the Debtors or other documentation of value reasonably acceptable to the Debtors and attached to this Questionnaire):

   The Carroll County Tax Assessor values the property at: $90,195.00.
   See attached Exhibit "B."

8. Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation attached to this Questionnaire):

   N/A

9. Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage):

N/A

10. Court in which the foreclosure action with respect to the Senior Mortgage is pending or in which the Requesting Party proposes to bring the action (and, if applicable, the case name and number, together with any relevant documents filed in the First Lien Foreclosure Action):

The Requesting Party is requesting a Quitclaim Deed from Debtor Residential Funding Company, LLC in order to obtain title insurance for the Property or, in the alternative, to obtain relief from the stay in the bankruptcy case in order to file a petition to quiet title to the property in the Superior Court of Carroll County, State of Georgia, so that the Requesting Party can obtain insurable title to the property.

11. Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Mortgage within the previous twelve (12) months:

N/A

**I hereby certify that (a) I am authorized to submit this Request on behalf of the Requesting Party, and (b) the foregoing is true and correct to the best of my knowledge and belief.**

Date: 4/8/2014

Name: <u>William E. Underwood, Esq.</u>
<u>Tisinger Vance P.C.</u>
<u>100 Wagon Yard Plaza</u>
<u>Carrollton, GA 30117</u>
<u>(770) 834-5426</u>

Title: <u>Attorney for Associated Partners, LLC</u>

3