IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE:
RESIDENTIAL CAPITAL
    TOM FRANKLIN MOVANT/APPELLANT

CASE NUMBER 12-12020 (MG)

APPEAL NO_____

**NOTICE OF APPEAL**

   COMES NOW, TOM FRANKLIN
AND APPEALS TO THE UNITED STATES DISTRICT THE DECISION OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT DISTRICT OF NEW YORK ENTERED THIS ___ DAY OF JULY, 2014. THE APPELLANT(S) NAME AND ADDRESS ARE: TOM FRANKLIN-5633 OAK GROVE ROAD-FORT WORTH, TEXAS 76134. THE APPELLANTS' BASED THEIR APPEAL ON THE FACT THAT THEY WAS NOT AFFORDED PROPER DUE PROCESS OF LAW. THE COURT OF RECORD REFUSED TO PROVIDE HIM WITH AN AMPLE OPPORTUNITY TO THOROUGHLY REVIEW HIS CASE. SECONDLY, THEY WERE NOT PROPERLY APPRAISED OF ALL THEIR LEGAL RIGHTS AND REMEDIES BY THEIR ATTORNEY.

RESPECTFULLY SUBMITTED:

TOM FRANKLIN
5633 OAK GROVE ROAD
FORT WORTH, TEXAS 76134

*[Signature]*

*[RECEIVED JUL 18 2014 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK]*

**CERTIFICATE OF SERVICE**

I, TOM FRANKLIN
DOHEREBY CERTIFY THAT A TRUE AND CORRECTED COPY OF OUR NOTICE OF APPEAL HAS BEEN MAILED TO THE FOLLOWING PARTIES LISTED BELOW ON THIS ___ DAY OF JULY, 2014 BY U.S. PRIORITY MAIL.

RESIDENTIAL CAPITAL

*[Signature]*

NOTICE OF APPEAL                                                            1

12-12020-mg    Doc 7209    Filed 07/01/14    Entered 07/01/14 09:45:11    Main Document
Pg 1 of 4
Docket #7209  Date Filed: 7/1/2014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

## ORDER DENYING FRANKLIN REQUEST THAT CASE BE ALLOWED TO CONTINUE

Pending before the Court is the *Request that Tom Franklin Case be Allowed to Continue*, filed by Tom Franklin (the "Motion," ECF Doc. # 7125). Though it is unclear exactly what relief Franklin seeks by his Motion,[1] the Court treats the Motion as a motion to reinstate Claim No. 1195.[2] For the reasons explained below, the Court **DENIES** the Motion.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (1) November 9, 2012 at

---

[1] Franklin has filed a number of documents with the Court. Some were filed in response to objections filed by the Debtors or their successors-in-interest, the ResCap Borrower Claims Trust (the "Trust") (*see, e.g.*, ECF Doc. ## 4282, 4961, 4980, 6955, 6967, 7043, and 7044); others were filed in response to various documents filed in these chapter 11 cases that do not concern Franklin (*see, e.g.*, ECF Doc. ## 7043 (a purported opposition to a motion made by the Debtors' parent company Ally Financial Inc., to enforce the Court's order regarding the Plan Support Agreement), 7044 (a purported objection to the Debtors' Sixty-First Omnibus Objection, to which Franklin was not subject)). In each instance, the papers Franklin has filed with the Court are substantially the same: copied and pasted excerpts from many cases wholly unconnected with these chapter 11 proceedings, an assertion that he is owed money by the "debtor" (without specifying which of the Debtors) on account of a "legitimate claim," that he has suffered "extreme hardship," and therefore expungement of his claim would be unjust.

[2] Franklin additionally filed Claim No. 7335 on January 20, 2014, in the amount of $131,000 against Debtor Residential Capital, LLC ("ResCap"), a purported administrative claim. The Court expunged Claim No. 7335 on June 11, 2014. (*See* ECF Doc. # 7086). The Court received the Motion the next day, June 12, 2014. Since Franklin sent the Motion prior to the Court's order expunging Claim No. 7335, the claim Franklin appears to seek to have reinstated is Claim No. 1195, and the Court treats the Motion as a motion to reinstate only Claim No. 1195. Should Franklin seek to file a similar motion with respect to Claim No. 7335, however, the same divestiture rule that prevents the Court from considering Franklin's request to reinstate Claim No. 1195 will prevent the Court from granting the same relief with respect to Claim No. 7335. Franklin filed his notice of appeal of this Court's order expunging Claim No. 7335 on June 27, 2014. (*See* ECF Doc. # 7196.)



5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (2) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) (ECF Doc. # 2093).

On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order (ECF Doc. # 3294). The Procedures Order also includes specific protections for Borrowers and sets forth a process for the Debtors (and now the Trust) to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that before objecting to certain Borrower Claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional documentation in support of the purported claim. (*See* Procedures Order at 4).

On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured Creditors* (the "Confirmed Plan," ECF Doc. # 6065). The Confirmed Plan became effective on December 17, 2013. (ECF Doc. # 6137.)

Franklin filed Claim No. 1195 on October 12, 2012; it was expunged pursuant to this Court's *Supplemental Order Granting the Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) with Respect to Claim No. 1195 of Tom*

2

*Franklin* (ECF Doc. # 5049). That claim asserted a $134,000 claim against EPRE LLC, with a stated basis of "LOAN MODIFICATION REFUSED." No documents were attached to Claim No. 1195. Pursuant to the Procedures Order, the Debtors sought additional information from Franklin; he did not respond. (*See* ECF Doc. # 4158 at 24–25.) The Debtors then objected to Franklin's claim based on insufficient documentation. (*See Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)*, ECF Doc. # 4158.) Franklin filed three responses: (1) on July 18, 2013 (ECF Doc. # 4282); (2) on September 5, 2013 (ECF Doc. # 4961); and (3) on September 6, 2013 (ECF Doc. # 4980). None of these responses provided additional documentation for his claim, and the Court sustained the Twenty-First Omnibus Objection after Franklin did not appear at the September 11, 2013 hearing; Claim No. 1195 was expunged. Franklin appealed to the Southern District of New York. His appeal was denied. (*See* Case No. 1:13-cv-08317 ECF Doc. # 25.) He has appealed that decision to the Second Circuit. (*See* Case No. 14-00418 (2d Cir.).) That case is now pending.

By his Motion, Franklin requests that his "case be allowed to continue." (Motion at 1.) To the extent Franklin seeks to have Claim No. 1195 reinstated so that he may proceed against the Trust, however, the Court has expunged his claim and, due to Franklin's appeal, no longer has jurisdiction over his request. Franklin filed his notice of appeal on September 25, 2013. (*See Amended Notice of Appeal*, ECF Doc. # 5568.) Filing a notice of appeal confers jurisdiction on the appellate court, and divests a trial court of jurisdiction to act on the matters that are subject to the appeal. *See, e.g., In Re Winimo Realty Corp. et al. v. City of Albany, et al.*, 270 B.R. 99 (S.D.N.Y. 2001) (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (filing of notice of appeal divests lower court of jurisdiction over those aspects of the case involved in the appeal). "The divestiture rule applies to appeals of bankruptcy proceedings." *Id.* (citing *Hagel*

3

*v. Drummand (In re Hagel)*, 184 B.R. 793, 798 (9th Cir. BAP 1995) ("A pending appeal . . . divests a bankruptcy court of jurisdiction."); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994)).

The Court does not have jurisdiction to rule on the Motion because of Franklin's previous appeal from the expungement order to the United States District Court for the Southern District of New York, and again to the Second Circuit Court of Appeals. The Motion is **DENIED**.

Dated: July 1, 2014
      New York, New York

                                         **/s/Martin Glenn**
                                        MARTIN GLENN
                                    United States Bankruptcy Judge