**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTION OF NORMA RODRIGUEZ TO INVESTIGATE
ALLEGED BANKRUPTCY FRAUD AND FOR RECONSIDERATION**

Pending before the Court is *Creditor, Norma E. Rodriguez's Request to Investigate Alleged Bankruptcy Fraud* (the "Motion," ECF Doc. # 7265). While not precisely styled as a motion for reconsideration, that is what the Motion effectively is and that is how the Court will treat it. Through the Motion, Rodriguez asks the Court to reconsider its ruling expunging and disallowing claim number 7450 (the "Claim"), filed by Rodriguez on February 19, 2014. For the reasons explained below, the Motion is **DENIED**.

The ResCap Borrower Claims Trust (the "Trust") objected to the Claim, among others, in the *ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)* (the "Objection," ECF Doc. # 6845). Rodriguez filed a response to the Objection (the "Response," ECF Doc. # 6809). The Court held a hearing on June 10, 2014; Rodriguez did not appear in person or by phone. On June 12, 2014, the Court issued an order disallowing and expunging, among others, the Claim, on the grounds that it was late filed (the "Order," ECF Doc. # 7096). On July 15, 2014, Rodriguez filed the Motion, seeking reconsideration of the Order and requesting the Court to "investigate alleged bankruptcy fraud." Rodriguez contends that her Claim was timely filed under the "mail acceptance rule doctrine" because she mailed the Claim to an address she asserts was the designated claims processing center for the Trust on the Administrative Bar Date (defined below). (Motion at 1.)

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Rule 9023 states: "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." Fed. R. Bankr. P. 9023 (emphasis added). Rodriguez filed the Motion on July 15, 2014—more than fourteen days after the Court entered the Order—which would prevent her from obtaining relief under Bankruptcy Rule 9023. *See In re Terrestar Networks, Inc.*, No. 10-15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013). In any event, Rodriguez fails to satisfy the standards for relief under Rule 9023.

Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which sets forth the grounds on which a court may grant relief to a party from a final order. Rule 60(b) provides

2

that a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

A motion for relief from judgment under Rule 60(b) "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). "A motion for reconsideration should be granted *only* when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (emphasis added).

Rodriguez claims that she timely filed her Claim. On December 17, 2013, the Court entered the *Notice of the Deadline and Procedures for Filing Certain Administrative Claims* (the "Administrative Bar Date Order," ECF Doc. # 6138), which states that:

> All requests for payment of an Administrative Claim must be made in writing, conform to the Bankruptcy Rules and Local Rules for the United States Bankruptcy Court Southern District of New York . . . , be filed with the Bankruptcy Court, and served on the Plan Proponents or the Liquidating Trust, as applicable, so as to be received **no later than January 16, 2014** [the "Administrative Bar Date"].

(*Id.* at 2 (emphasis in original).)  Thus, in order for Rodriguez's Claim to be considered timely, it was required to have been *received* no later than January 16, 2014 by (1) the Bankruptcy Court and (2) the ResCap Liquidating Trust.[1]

Rodriguez's Claim was not timely filed.[2]  Rodriguez claims that she filed her proof of claim on January 16, 2014—*on* the Administrative Bar Date—"as a secured claim in connection with certain allegations involving, among other things, purported fraud and quiet title by the Debtors" involving real property in California. . (*See* ECF Doc. # 6987 at 31.)  She attached documentation including stamped envelopes indicating that she sent the proof of claim to ResCap, care of KCC, on January 16, 2014, via overnight and first class certified service, but that her proof of claim was returned as "not deliverable as addressed – unable to forward." (*See* ECF Doc. # 7265 at 4–5.)  Before filing her Response, Rodriguez never filed a copy of the Claim with the Court.

Even accepting Rodriguez's assertion that she sent the Claim via overnight mail on January 16, 2014, it would not have been timely.  Rodriguez's filings, including the Motion (*See* ECF Doc. # 7265 at 1) and the Declaration by David R. Miranda in support of her Response (*See* ECF Doc. # 6809-4), only indicate that Rodriguez sent her proof of claim form on January 16,

---

[1]   Pursuant to the Court's order (ECF Doc. # 6065) confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 6065-1), the Trust and the ResCap Liquidating Trust (the "Liquidating Trust") were established as successors in interest to the Debtors as of the effective date—December 17, 2013—the same day the Administrative Bar Date Order was entered.  (*See* ECF Doc. # 6137.)  It appears that the portion of the Motion requesting that the Court "investigate alleged bankruptcy fraud" is related to Rodriguez's contention that the Trust "willfully closed their assigned claim mailing address"—the address to which she originally sent her Claim—to "block payment" of her Claim, presumably because it would be incorrectly and/or untimely filed.  This portion of the Motion is unsupported by any of Rodriguez's contentions.  Nothing in the Administrative Bar Date Order indicated that Rodriguez should send her Claim to this address, and Rodriguez does not explain why she mailed her Claim there.

[2]   It is also questionable whether the Claim is actually an administrative claim.  The Claim appears to assert a general claim against the estate; the bar date for such claims was November 16, 2012.  (*See* ECF Doc. # 2093.)  Since the Trust did not raise this argument in the Objection, the Court will not examine whether the Claim actually asserts an administrative claim at this time.

4

2014. Indeed, the copy of the USPS tracking information Rodriguez attaches shows that her package was accepted by the USPS facility at 5:21 PM on January 16, 2014 (PST) and departed the post office at 6:52 PM on that same day. (*See* ECF Doc. # 7265 at 4–5.) Further, the "Delivery Attempt" date on the USPS tracking information states that the mail was not inaccurately delivered until January 17, 2014 at 9:30 AM. (*See* ECF Doc. # 7265 at 4.) It was therefore was not received by the relevant parties before to the deadline.

Rodriguez has not identified any intervening change of controlling law and has not attached new evidence to demonstrate that she complied with the Administrative Bar Date Order. Thus, in order to prevail on the Motion, Rodriguez must show the need to correct a clear error of law or prevent manifest injustice. *See Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d 99 at 104 (holding that a motion for reconsideration should be granted only when the moving party identifies a change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice). She fails to do so.

In the Motion, Rodriguez states that her "Proof of Claim dated January 16, 2014 was filed timely to ResCap Trust administrator's assigned claim mailing address on January 16, 2014 under the 'mail acceptance rule doctrine.'" (*See* Motion at 1.) The "mailbox rule" is a common-law doctrine which states that if a properly-directed letter is proved to have been either put into the post office or delivered to the mail carrier, and not returned to the sender, it is presumed that it reached its destination at the regular time and was received by the person to whom it was addressed. *Hagner v. U. S.*, 285 U.S. 417, 419.

The mailbox rule does not establish that Rodriguez's Claim is timely. It is not disputed that Rodriguez's Claim was eventually received by KCC on February 19, 2014. (*See* ECF Doc. # 6845 at 45; ECF Doc. # 7265.) The first time she mailed the Claim, however, it was returned

as undeliverable because it was not properly addressed.[3] Therefore, a rule that states that a properly directed letter is presumed to have been delivered after it is mailed to the proper address does not alter the Court's analysis. She fails to put forth any new evidence that she complied with the terms of the Administrative Bar Date Order requiring that the proof of claim be *received* no later than January 16, 2014 (*see* ECF Doc. # 6138; ECF Doc. # 7265), but instead re-hashes arguments from her Response. A motion for reconsideration is not an opportunity to reargue her Response. Moreover, Rodriguez fails to demonstrate an intervening change of controlling law, or show that the ruling must be reconsidered in order to prevent manifest injustice. *See Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104 (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Because the Rodriquez Claim was not timely received, and it was disallowed and expunged on that basis, it is unnecessary for the Court to address the fanciful Claim that she filed as a purported Administrative Claim.

Therefore, based on the foregoing, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   July 24, 2014
         New York, New York

    /s/Martin Glenn    
MARTIN GLENN
United States Bankruptcy Judge

---

[3]   Rodriguez originally sent her Claim to "ResCap Claims P.O. Box 5004 Hawthorne, CA 90250." (Response Ex. B.) It is unclear why Rodriguez sent her Claim to this address; the Administrative Bar Date Order does not list this address as the appropriate address for the Trust, but instead listed addresses for the Debtors' counsel and the counsel for the official committee of unsecured creditors.