1  NANCY K LAYNE
   c/o 95580 South Coos River Lane
2  Coos Bay, Oregon
   Plaintiff/Creditor

3

4  # UNITED STATES BANKRUPTCY COURT
   # FOR THE SOUTHERN DISTRICT OF NEW YORK

5

6  In re:                                    ) Case No. 12-12020 (MG)
7  RESIDENTIAL CAPITAL, LLC, et al.,          ) Chapter 11
   Debtors.                                   ) Claim No. 292
8                                             )
                                              ) **NOTICE OF OPPOSITION ON RESCAP**
9  LINTON C. LAYNE                            ) **BORROWER CLAIMS TRUST'S**
   NANCY K. LAYNE                             )  **(NO LIABILITY BORROWER CLAIMS)**
10           Plaintiffs/Creditors             ) and
11     vs.                                    ) **REQUEST FOR SUMMARY JUDGMENT**
                                              )
12 GMAC MORTGAGE, LLC;                        ) **AFFIDAVIT OF NANCY KAY LAYNE**
   RESIDENTIAL CAPITAL, LLC,                  )
13           Defendants.                      )
14                                            )

15              Linton C. Layne, Nancy K. Layne

16 | Proposed Claim(s) to be Disallowed and Expunged | | | |
   |---|---|---|---|
   | Claim No(s); Date Filed | Debtor | Classification | Amount |
17 | 292 | GMAC Mortgage, | Secured | $35,200.00 |

RECEIVED
JUL 2 4 2014
U.S. BANKRUPTCY COURT, SDNY

20  COME NOW the Plaintiffs/Creditors above-named, and hereby file Plaintiffs

21  OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S (NO LIABILITY BORROWER

22  CLAIMS) and PLAINTIFFS REQUEST FOR SUMMARY JUDGMENT being in regards

23  to provide evidence that the Secured Claim is asserted that Residential Capital, LLC

24  nor any subsidiaries' have producing certifiable and verifiable evidences being

25  originating documentation or any ownership of Note or Deed of Trust according to

26  the Deed of Trust have no standing within the court.

27

28  - 1 -
    PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
    (NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
    AFFIDAVIT OF NANCY KAY LAYNE

The Plaintiff will show that the Original Lender is listed at Washington County Oregon, Recorders Office to have some interest in the Security Instrument and the Note, and yet when the Original Lender was questioned they responded with they have no interest in the Note or Deed of Trust as they had been paid in full. Why are there not assignments in Washington County Oregon Recorders Office declaring whom the Lender transferred their interest in the Note and Security Instrument to?

Where is a copy of my note that was to be sent to me according to the Deed of Trust?

What is not clear is WHO should be owed monies?

The plaintiff is the only party presenting that is a party to the Deed of Trust in the record of the Washington County Recorders office.

Parties, having been given opportunity to produce documentation, faulting to produce, accepted payments when their stands no evidence that the parties were entitled to such payments, which may constitute either by intent or by neglect variant degrees of fraudulent behavior, including a fraud upon this court through a collection and claim action, or in the least, offered by deceptive business practices

1  offered in the comparative to either state or federal jurisdictions, thusly unjustly

2  enriching themselves at the expense of the plaintiff.

3

4

## **FACTS**

5

6  1]    Document # 2006-030002 Deed of Trust executed on March 10, 2006 and

7  recorded within the county recorders office at Washington County Oregon on

8  March 15, 2006 with the following parties:

9

10  GRANTOR; LINTON CECIL LAYNE AND NANCY KAY LAYNE

11  LENDER; SIERRA PACIFIC MORTGAGE COMPANY, INC.

12  TRUSTEE; FIRST AMERICAN TITLE INSURANCE COMPANY OF OREGON

13  BENEFICIARY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

14  See Exhibit A

15

16

17  2]    Document # 2006-030002 Deed of Trust executed on March 10, 2006, shows

18  on Paragraph "14. Borrower's Copy.  Borrower shall be furnished a conformed copy

19  of the Note and the Security Instrument at the time of execution of after

20  recordation hereof".  See Exhibit A

21

22  3]    Document # 2006-030002 Deed of Trust executed on March 10, 2006, shows

23  on Paragraph "12. Notice. Except for any notice required under applicable law to be

24  given in another manner, (a) any notice to Borrower provided in this security

25  Instrument shall be given by delivering it or by mailing such notice by certified

26  mail addressed to Borrower".  See Exhibit A

27

28

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

4]    On May 14, 2012 , Thomas Marano of GMAC Mortgage, LLC sent a letter to the Plaintiffs, announcing the Chapter 11 of Residential Capital, LLC and its subsidiaries, of which GMAC is one of those.  See Exhibit B

5]    On 12 June 2013, a Verification of Account and Status of Account (UCC 9-210) was drafted and delivered to James Whittinger, CFO of Residential Capital, at One Meridian Crossings, Minneapolis, MN 55423 via Certified Mail # 7012 0470 0000 8080 2562.  See Exhibit C

6]    On 12 June 2014, USPS Certificate of Mailing PS 3817 was issued by the North Bend, Oregon Post Office as verification of Mailing to James Whittinger, CFO of Residential Capital, at One Meridian Crossings, Minneapolis, MN 55423. See Exhibit D

7]    On May 18, 2014 and June 18, 2014 and July 18, 2014, GMAC Mortgage, LLC issued in USPS regular mail "GMAC Mortgage Account Statement" requesting amount owed.  See Exhibit E

8]    Document # 2006-030002 Deed of Trust executed on March 10, 2006, shows on Page 2, Paragraph 2, "TO SECURE the Lender the repayment of the indebtedness evidenced by Borrower's note dated the same date as this security Instrument," See Exhibit A

9]    There is no evidence in Washington County Oregon where the property is located, of Chain of Assignments of the Note and Security Instrument from the Lender Sierra Pacific Mortgage to Homecomings - D Drafting Mtg Pmt, then to Gmacm Epaybill – Ondemand, then to **Gmacm Epaybill PEC1 – Ondemand**, then to **Loanservicing Pec1 - Phone Pay**, then to Loanservicing – Automatic, all parties whom received funds, do so with no authority to collect, hence a violation of the Fair Debt Collection Practices Act.

10]    Payments were executed electronically via First Tech Credit Union starting on June 14, 2006 monthly until December 16, 2008. See Exhibit F

| Date | Amount | Name of Payee |
|------|--------|---------------|
| 06/14/06 | 252.18 | Homecomings - D Drafting Mtg Pmt |
| 07/14/06 | 252.18 | Homecomings - D Drafting Mtg Pmt |
| 08/29/06 | 252.18 | **Gmacm Epaybill - Ondemand** |
| 09/11/06 | 252.18 | **Gmacm Epaybill - Ondemand** |
| 10/17/06 | 252.18 | **Gmacm Epaybill - Ondemand** |
| 11/14/06 | 252.18 | Gmacm Epaybill PEC1 - Ondemand |
| 12/18/06 | 252.18 | **Loanservicing Pec1 - Phone Pay** |
| 01/17/07 | 252.18 | **Loanservicing Pec1 - Automatic** |
| 02/14/07 | 252.18 | Loanservicing - Automatic |
| 03/14/07 | 252.18 | Loanservicing - Automatic |
| 04/16/07 | 252.18 | Loanservicing - Automatic |
| 05/15/07 | 252.18 | Loanservicing - Automatic |
| 06/14/07 | 252.18 | Loanservicing - Automatic |
| 07/16/07 | 252.18 | Loanservicing - Automatic |
| 08/14/07 | 252.18 | Loanservicing - Automatic |
| 09/14/07 | 252.18 | Loanservicing - Automatic |
| 10/16/07 | 252.18 | Loanservicing - Automatic |
| 11/14/07 | 252.18 | Loanservicing - Automatic |
| 12/14/07 | 252.18 | Loanservicing - Automatic |
| 01/15/08 | 252.18 | Loanservicing - Automatic |

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

| | | |
|---|---|---|
| 02/14/08 | 252.18 | Loanservicing - Automatic |
| 03/14/08 | 252.18 | Loanservicing - Automatic |
| 04/15/08 | 252.18 | Loanservicing - Automatic |
| 05/14/08 | 252.18 | Loanservicing - Automatic |
| 06/16/08 | 252.18 | Loanservicing - Automatic |
| 07/15/08 | 252.18 | Loanservicing - Automatic |
| 08/14/08 | 252.18 | Loanservicing - Automatic |
| 09/16/08 | 252.18 | Loanservicing - Automatic |
| 10/15/08 | 252.18 | Loanservicing - Automatic |
| 11/14/08 | 252.18 | Loanservicing - Automatic |
| 12/16/08 | 252.18 | Loanservicing - Automatic |
| **TOTAL** | **7817.58** | Paid to Defendants interests |

11]    There is no evidence that the Note with the Security Instrument exists and has not been paid in full.

### LEGAL ARGUMENT

### Conditions Precedent

OREGON Revised Statues§ 90.130, Obligation of good faith, Every duty under this chapter and every act which must be performed as a condition precedent to the exercise of a right or remedy under this chapter imposes an obligation of good faith in its performance or enforcement.

### Statutes of Frauds

Oregon's recording laws. See, e.g., ORS 86.735(1) (requiring trust deeds, assignments of trust deeds, and appointments of successor trustees to be recorded in appropriate county mortgage records). Like every other state, Oregon has

- 6 -

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

1  enacted recording statutes that govern priorities with respect to interests in real

2  property. Those statutes generally serve two related purposes: They protect bona

3  fide purchasers who acquire interests in real property for consideration and

4  without notice of prior interests. E.g., ORS 93.640 ("Every conveyance, deed, land

5  sale contract, assignment of all or any portion of a seller's or purchaser's interest in

6  a land sale contract or other agreement or memorandum thereof affecting the title

7  of real property within this state [including mortgages and trust deeds] which is

8  not recorded as provided by law is void as against any subsequent purchaser in

9  good faith and for a valuable consideration of the same real property * * *.").

10

11

12  ORS 86.060 ("Mortgages may be assigned by an instrument in writing, executed

13  and acknowledged with the same formality as required in deeds and mortgages of

14  real property, and recorded in the records of mortgages of the county where the

15  land is situated."); ORS 205.130(2)(a) (county clerk shall record all "[d]eeds and

16  mortgages of real property, powers of attorney and contracts affecting the title to

17  real property, authorized by law to be recorded, assignments thereof and of any

18  interest therein when properly acknowledged or proved and other interests

19  affecting the title to real property required or permitted by law to be recorded");

20  see generally Barringer v. Loder, 47 Or 223, 81 P 778 (1905) (explaining history of

21  statutes regarding recording of mortgage assignments). Recording an assignment

22  of a mortgage is not (and never has been) necessary under Oregon law to transfer a

23  beneficial interest in the security instrument. Rather, by recording the assignment,

24  the assignee gains a measure of protection against subsequent purchasers who are

- 7 -

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

not otherwise aware of the assignment. See Willamette Col. & Credit Serv. v. Gray, 157 Or 77, 83, 70 P.2d 39 (1937) ("It may be conceded that respondent was not obliged to take a written assignment and record it in order to acquire title as between the immediate parties, but we think it was required to do so in order to maintain its lien as against an innocent purchaser"). The recorded assignment also protects the assignee in the event that the original mortgagor and mortgagee enter into a purported discharge of the mortgage after the assignment. See ORS 86.110; ORS 86.120.

### Standing at Inception

There is no note and security instrument that has been provided evidencing any debt that may be owed to the Defendant.  Defendants have not filed a verified Complaint based on that Note, see Feltus v. U.S. Bank. N.A., 80 So. 3d 375 (Fla. 2d DCA 2012)

### Unjust Enrichment

Defendants, having opportunity to produce documentation, failing to produce, accepted payments when their stands no evidence the multiple parties were entitled to such payments, which may constitute either by intent or by neglect variant degrees of fraudulent behavior, including a fraud upon this court through a collection and claim action, or in the least, offered by deceptive business practices offered in the comparative to either state or federal jurisdictions, thusly unjustly enriching themselves at the expense of the plaintiff.

1

2

3    ### Memorandum in Support of Summary Judgment

4    Summary Judgment is appropriate when there are no material facts in dispute, and the

5    moving party is entitled as a matter of law. Volusia County v. Aberdeen at Ormand Beach

6    L.P. 760 So. 2d 126, 130 (Fla. 2000). There are no disputed facts here.

7    **WHEREFORE**, Plaintiffs pray that this Court enter an order that:

8        A.  As no evidence exists of authenticated nor validated Chain of Title, Sierra

9            Pacific Mortgage made no claim of monies owed, the court orders the

10           Document # 2006-030002 Deed of Trust executed on March 10, 2006 and

11           recorded within the county recorders office at Washington County Oregon on

12           March 15, 2006 as satisfied.

13       B.  Provide adequate relief for the violations of the fair debt collection practices act.

14       C.  Return of funds paid to all parties not eligible to receive payments.

15       D.  This case shall be closed with prejudice.

16

17   DATED: July 22, 2014

18                                                  Nancy Kay Layne
                                                    Plaintiff / Creditor
19   /////

20   /////

21

22

23

24

25

26

27

28
PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.,<br>Debtors.<br>_____<br><br>LINTON C. LAYNE<br>NANCY K. LAYNE<br>        Plaintiffs/Creditors<br>    vs.<br><br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC,<br>        Defendants.<br>_____ | Case No. 12-12020 (MG)<br>Chapter 11<br>Claim No. 292<br><br>**AFFIDAVIT OF NANCY KAY LAYNE** |

I, [AFFIANT], being first duly sworn, say:

1) I make this affidavit in support of PLAINTIFFS motion for summary

    judgment. All facts and statements contained in this affidavit are within my

    own personal knowledge. If called as a witness at trial, I could testify to all

    matters referred to here.

2) There is no evidence that Document # 2006-030002 Deed of Trust executed

    on March 10, 2006 is recorded within the county recorders office at

    Washington County Oregon on March 15, 2006 exists, and affiant believes

    no evidence to the contrary exists.

3) There is no evidence that Linton Cecil Layne and or Nancy Kay Layne

    received a conformed copy of the Note and the Security Instrument

    according to paragraph 14 in the Deed of Trust, and affiant believe no such

    evidence exists.

4) There is no evidence that a letter claiming to be from Thomas Marano of

    GMAC Mortgage, LLC did not announce to the Plaintiffs of the Chapter 11 of

Residential Capital, LLC; and the affiant believe that no evidence to the contract exists.

5) There is no evidence that a Verification of Account and Status of Account was not sent to James Whittinger, on June 12, 2013; and affiant believes that no evidence to the contrary exists.

6) There is no evidence that would secure the Lender's repayment of indebtedness by Borrower's note dated the same date as the security instrument; and the affiant believe that no such evidence exists.

7) There is no evidence of a New Lender or an assignment of Lender per the Deed of Trust; and affiant believes that no such evidence exists.

8) There is no evidence of a NOTICE to the Borrowers as to Changes to the Lender or the assigns via delivery or Certified Mail; and affiant believe that no such evidence exists.

9) There is no evidence that the Lender; Sierra Pacific Mortgage made any assignment to Homecomings - D Drafting Mtg Pmt; and Homecomings - D Drafting Mtg Pmt to Gmacm Epaybill – Ondemand; and Gmacm Epaybill – Ondemand to Gmacm Epaybill PEC1 – Ondemand; and Gmacm Epaybill PEC1 – Ondemand to Loanservicing Pec1 - Phone Pay; and Loanservicing Pec1 - Phone Pay to Loanservicing – Automatic; that exist in the Washington County Oregon Recorders Office where all interest in land records are recorded; and affiant believe that no such evidence exists.

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

10) There is no evidence that payments were not made to Homecomings - D Drafting Mtg Pmt, then to Gmacm Epaybill - Ondemand, then to Gmacm Epaybill PEC1 - Ondemand,  then to Loanservicing Pec1 - Phone Pay,  then to Loanservicing - Automatic; and affiant believes that no evidence to the contrary exists.

11) There is no evidence that the original unaltered Note with the Security Instrument exists within the same ownership; the affiant believes that no evidence to the contrary can be found.

12) There is no evidence of Defendants having rights to collect and enriching themselves at the Plaintiffs expense; and affiant believes that no evidence to the contrary exists.

NANCY KAY LAYNE
[AFFIANT]

SUBSCRIBED AND SWORN TO before me on 22 JULY 2014.

Notary Public for Oregon

My commission expires: Jan. 22. 2017



OFFICIAL SEAL
CONNIE S WILSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 474716
MY COMMISSION EXPIRES JANUARY 22, 2017

- 12 -

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE

# **ORDER**

In re:
RESIDENTIAL CAPITAL, LLC, et al.,
Debtors.

Case No. 12-12020 (MG)
Chapter 11
Claim No. 292

**[PROPOSED] ORDER**

LINTON C. LAYNE
NANCY K. LAYNE
              Plaintiffs/Creditors
      vs.

GMAC MORTGAGE, LLC;
RESIDENTIAL CAPITAL, LLC,
              Defendants.

After this matter being herd, IT IS HEREBY ORDERED THAT:

1]    As no evidence exists of authenticated or verified Chain of Title, Sierra
Pacific Mortgage made no claim of monies owed, the court orders the Document #
2006-030002 Deed of Trust executed on March 10, 2006 and recorded within the
county recorders office at Washington County Oregon on March 15, 2006 as
satisfied.

2]    Provide adequate relief for the violations of the fair debt collection practices act.

3]    Return of funds paid to all parties not eligible to receive payments.

4]    This case shall be closed with prejudice.

IT IS SO ORDERED.

DATE _____ of _____ 2014.

_____

- 13 -

1 | In re:
2 | RESIDENTIAL CAPITAL, LLC, et al.,
   | Debtors.

Case No. 12-12020 (MG)
Chapter 11
Claim No. 292

**PROOF OF SERVICE**

4 | LINTON C. LAYNE
5 | NANCY K. LAYNE
   |           Plaintiffs/Creditors
6 |      vs.
7 | GMAC MORTGAGE, LLC;
   | RESIDENTIAL CAPITAL, LLC,
8 |           Defendants.

9
10
11
12

Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
Certified Mail # 7012 0470 0000 8080 2906

13
14
15

Attention: Norman S. Rosenbaum and Jordan A. Wishnew
counsel to the ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
USPS regular mail and Via fax # (212) 468-7900

16
17
18
19

Attention: Linda A. Riffkin and Brian S. Masumoto
Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
USPS regular mail and Via fax # 212-668-2255

20
21
22
23

Attention: Daniel J. Flanigan
The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue
21st Floor
New York, NY 10022
USPS regular mail and Via fax # 212.684.0197

24
25

I am a resident of the state of Oregon. I am a competent person 18 years of age or older. I am not an attorney for a party to this case, or an officer, director or employee of any party to this case.
On the 22nd day of July 2014, I served the above-named parties by delivering to parties a copy of these papers, each of which was a true copy of the original.

26
27
28

_____

PLAINTIFF'S NOTICE OF OPPOSITION ON RESCAP BORROWER CLAIMS TRUST'S
(NO LIABILITY BORROWER CLAIMS) AND REQUEST FOR SUMMARY JUDGMENT
AFFIDAVIT OF NANCY KAY LAYNE