EXHIBIT A

Washington County, Oregon    **2006-030002**
03/15/2008 03:16:15 PM
D-M           Cnt=1  Stn=10  A DUYCK
$50.00 $6.00 $11.00 - Total = $67.00

00923552200800030020100109
I, Jerry Hansen, Director of Assessment and Taxation
and Ex-Officio County Clerk for Washington County,
Oregon, do hereby certify that the within instrument of
writing was received and recorded in the book of
records of said county.

Jerry R. Hansen, Director of Assessment and Taxation,
Ex-Officio County Clerk

Until a change is requested all tax statements
shall be sent to the following address.
*2186 EAST MAIN STREET,*
*HILLSBORO, OR 97123*

When Recorded Mail To:
*MIP INSURING DEPARTMENT*
*SIERRA PACIFIC MORTGAGE COMPANY, INC.*
*50 IRON POINT CIRCLE, STE 200*
*FOLSOM, CA  95630*
*916-932-1700*

[Space Above This Line for Recording Data]

Loan No:  *0000355928*
TAX ACCOUNT NUMBER:  *R0717371*

# DEED OF TRUST

MIN:   *1000703-0000355928-0*

THIS DEED OF TRUST ("Security Instrument") is made on   *MARCH 8, 2006*        , among the
Grantor,   *LINTON CECIL LAYNE and NANCY KAY LAYNE*

(herein "Borrower"), *FIRST AMERICAN TITLE INSURANCE COMPANY OF OREGON*
, (herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026,
tel. (888) 679-MERS.
*SIERRA PACIFIC MORTGAGE COMPANY, INC.*
("Lender") is organized and existing under the laws of the state of   *CALIFORNIA*            , and
has an address of    *50 IRON POINT CIRCLE, STE 200, FOLSOM, CA   95630*

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County
of   *WASHINGTON*                        , State of Oregon:
*LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A."*

which has the address of:  *2186 EAST MAIN STREET*                                    [Street],
*HILLSBORO*                  [City], Oregon   *97123*     [ZIP Code]    (herein "Property Address");

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.1.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
*Page 1 of 7*

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Security Instrument; and all of the foregoing, together with said property (or the leasehold estate if this Security Instrument is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or (custom, MERS as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated the same date as this Security Instrument, and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 35,200.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on   APRIL 1, 2021           ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Security Instrument; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.   Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2.   Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Security Instrument, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Security Instrument that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Security Instrument.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Loan No: 0000355928

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Security Instrument, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Security Instrument.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Security Instrument is on a leasehold. If this Security Instrument is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

*Loan No: 0000355928*

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Security Instrument, but does not execute the Note, (a) is co-signing this Security Instrument only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Security Instrument, (b) is not personally liable on the Note or under this Security Instrument, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Security Instrument or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Security Instrument as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The state and local laws applicable to this Security Instrument shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Security Instrument. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Security Instrument and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Security Instrument at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full or all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Security Instrument, including the covenants to pay when due any sums secured by this Security Instrument, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall record such notice in each county in which the Property or some part thereof is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other person prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Security Instrument; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Security Instrument due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Security Instrument discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Security Instrument or (ii) entry of a judgment enforcing this Security Instrument if: (a) Borrower pays Lender all sums which would be then due under this Security Instrument and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Security Instrument; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Security Instrument, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unimpaired. Upon such

*Loan No: 0000355928*

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.5.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
*Page 5 of 7*

payment and cure by Borrower, this Security Instrument and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing indebtedness secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** In accordance with applicable law, Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

22. **Use of Property.** The Property is not currently used for agricultural, timber or grazing purposes.

23. **Attorney's Fees.** As used in this Security Instrument and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which shall be awarded by an appellate court.

24. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

[  ] Adjustable Rate Rider       [  ] Condominium Rider              [  ] Second Home Rider
[  ] 1-4 Family Rider            [  ] Planned Unit Development Rider  [x] Other [Specify]

*BALLOON RIDER*

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.6.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
*Page 6 of 7*

<big>{</big> REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST <big>}</big>

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS THEREOF, Borrower has executed this Security Instrument.

_____ (Seal)        _____ (Seal)
LINTON CECIL LAYNE        -Borrower        NANCY KAY LAYNE        -Borrower

_____ (Seal)        _____ (Seal)
                          -Borrower                                  -Borrower

_____ (Seal)        _____ (Seal)
                          -Borrower                                  -Borrower

[Sign Original Only]

Loan No:  0000355928

STATE OF OREGON,                                        County ss:
    On this  *19*  day of *March 2006*,  *Multnomah*  , personally appeared
the above named
*Linton Cecil Layne and*
*Nancy Kay Layne*
and acknowledged the foregoing instrument to be *their*  voluntary act and deed.

My Commission Expires: *4/29/07*            Before me:
(Official Seal)

Notary Public for Oregon

OFFICIAL SEAL
WILLIAM G. KLOCK
NOTARY PUBLIC-OREGON
COMMISSION NO. 386707
MY COMMISSION EXPIRES APR. 29, 2007

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS    Form 3838    Amended 2/99
DRAW.MERS.OR.2ND.DT.7.WPF (SECONDS\DEEDS\ORMERSDT.2ND)                                Page 7 of 7

This Instrument Was Prepared By:
LINKEM, SCOTT
SIERRA PACIFIC MORTGAGE COMPANY, INC.
8905 SW NIMBUS AVE., STE 150
BEAVERTON, OR  97008
503-291-6900

Date: **March 08, 2006**                                      File No.:  **7016-707571 ( WGK)**

## EXHIBIT 'A'

**LEGAL DESCRIPTION:**

A portion of Tract 14, AMENDED PLAT OF FAIRVIEW ADDITION TO THE CITY OF HILLSBORO, in the City of
Hillsboro, County of Washington and State of Oregon, described as follows:

Beginning at the Northwest corner of Tract 14 and running thence South 0°23' West along the West line of said
Tract 14, a distance of 135.1 feet to a point; thence South 85°21' East parallel to E. Main Street, a distance of
70.0 feet, more or less, to an iron rod; thence North 0°23' East 105.0 feet to an iron rod; thence continuing North
0°23' East 30.1 feet to a point in the center of E. Main Street; thence North 85°21' West in the center of E. Main
Street, being also the Northerly boundary of said Tract 14, a distance of 70.0 feet, more or less, to the point of
beginning.

Initials: _____  _____                        Page 1 of 1

# EXHIBIT B

# GMAC Mortgage

May 14, 2012

Dear Homeowner,

As you may have read or heard, Residential Capital, LLC (ResCap), recently announced that it and its subsidiaries, including GMAC Mortgage, are restructuring under Chapter 11. Although you may not be familiar with our name, ResCap is the parent company of GMAC Mortgage, which services your mortgage.  As servicer, GMAC Mortgage collects and keeps track of your mortgage payments and ensures that they are applied to your account and properly distributed to the lenders and investors who own your loan.

The restructuring of ResCap and GMAC Mortgage does not change your obligations as a mortgage borrower.  **As such, you must continue to make your scheduled mortgage payments on time and in full to the address listed on your monthly account statement.**

While nothing has changed in relation to the amount of your mortgage payments or where you send those payments, we understand you may have some questions. Please feel free to contact our toll-free Homeowner Hotline at (888) 926-3479 between 8 a.m. and 5 p.m. EST, or refer to http://www.kcclic.net/rescap for additional information regarding ResCap's Chapter 11 reorganization. If you have specific questions about your loan, please reach out to the customer service number listed on your monthly statement.

In the coming weeks, you will receive a Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines in the mail. No action is required on your part, related to this restructuring.

For our part, everyone on the GMAC Mortgage team is committed to providing the same high level of service and responsiveness we've always shown to the homeowners whose mortgage loans are entrusted to us.  We look forward to helping you continue to build equity and value in your home.

Sincerely,

Thomas Marano
Chief Executive Officer
Residential Capital, LLC

GMAC Mortgage, LLC
1100 Virginia Drive
Fort Washington, PA  19034

GMAC Mortgage
c/o Kurtzman Carson Consultants LLC
PO Box 8013
Redondo Beach, CA 90277

057489



PRF 48744    565076

LINTON CECIL LAYNE
NANCY KAY LAYNE
2186 EAST MAIN STREET
HILLSBORO OR 97123

EXHIBIT C

## NOTICE FOR VERIFICATION OF ACCOUNT
## NOTICE FOR STATUS OF ACCOUNT



Notice to Agent is notice to Principle and
Notice to Principle is notice to Agent

Sender:
LINTON C. LAYNE
NANCY K. LAYNE
95580 South Coos River Lane
Coos Bay, Oregon


Recipient:
James Whitlinger, an individual and James Whitlinger, Chief Financial Officer of
Residential Capital, LLC, Parent Company of GMAC Mortgage, LLC; and or Successor
One Meridian Crossings
Minneapolis, MN 55423

Original's Sent via: Certified Mail# 7012 0470 0000 8080 2562

7012 0470 0000 8080 2562

12 June 2013

RE:    NOTICE(S) Verification of Account; Status for Account
         Account#: 0359305664- GMAC Mortgage, LLC
         Borrower's Name: LINTON LAYNE xxx-xx-7120; NANCY LAYNE xxx-xx-6527
         Mailing Address: 95580 South Coos River Lane, Coos Bay, Oregon
         Property Address: 2186 East Main Street, Hillsboro, Oregon 97123

### URGENT
### Your immediate attention is required

You are in possession of this commercial notice; please conduct yourself accordingly.

The NATURE of this NOTICE is presented being sufficient Commercial Service for the RECORD
under the following:
    1) NOTICE for Debt Verification; and
    2) NOTICE for Status of Account;, and

RECORD
Being there appears to be a defect in the RECORD and under the performance(s) for correction of
defective account and being to the ordinary care of business by GMAC Mortgage, LLC and her
services and being pursuant the rule and regulation for operation of business within the State of
Oregon.

The current RECORD and by performances under GMAC Mortgage, LLC may constitute deceptive and misleading business practices, being an operation in law, faulting the previous request(s) under a COMMERCIAL NOTICE for the Verification of an Account and the Correction of an ACCOUNTING RECORD that may carry tax implication; and

By GMAC Mortgage, LLC performance, and being prior to any damages created to parties being under obligation to parties public and private and joint and severally and being curable under a defect for correction; and

Hereby GMAC Mortgage, LLC is provided OPPORTUNITY to correct a defective performance and ACCOUNT registry; and

By COMMERCIAL NOTICE and being the obligation and duty under ordinary care for of GMAC Mortgage, LLC to response to such NOTICE having been served Commercial Notice; and

GMAC Mortgage, LLC currently stands in default in Honor by the defaulting a Commercial Notice and being the subject-matter for the RECORD under commercial NOTICE is for the admissions by the tacit response under GMAC Mortgage, LLC which may carry tax implication and ramifications for the fault; and

For the RECORD GMAC Mortgage, LLC received proper and necessary Presentment under NOTICE by LINTON C. LAYNE and NANCY K. LAYNE hereinafter 'Sender' and GMAC Mortgage, LLC having been served proper and necessary NOTICE under sufficient service; and

Opportunity presents its for GMAC Mortgage, LLC
In order to correct a defective record it is imperative that you respond to the Sender at the address *in supra* posted within this NOTICE in a timely manner for the Verification of Account and present proof of the Status of Account under:

      Account number 0359305664- GMAC Mortgage,, LLC
      Effective between March 08, 2006 and July 01, 2012

Being an operation in law, under the State of Oregon and by the Law of the State of Oregon: Nancy Layne shall maintain that this account is settled and closed as of January 1 2012 per the records sent via United States Postal Service certified mail # 7011 2000 0000 8365 4779 received on or about December 1, 2011, being under Account Registry and by admissions GMAC was sufficiently served notice and had ample opportunity to correct any defect in the record and faulted the Commercial Notice; and

Upon any additional default(s) generated under GMAC Mortgage, LLC opportunity is presented being PRIOR to an Account entry standing for the FINAL EXPRESSION IN RECORD, and in which the RECORD shall be Offset, Settled and Closed and whereby GMAC Mortgage, LLC presented opportunity to CORRECT a defective RECORD, if any, it is imperative that GMAC Mortgage, LLC respond to this NOTICE; and

Furthermore, GMAC Mortgage, LLC is being DULY NOTICE:
Due to conduct and performances under GMAC Mortgage, LLC faulting proper RECORD by filing

necessary and proper document(s) in the county recorder's office, GMAC Mortgage, LLC is provided opportunity to correct the record if perhaps GMAC Mortgage, LLC may have over looked these records being to respond to a Commercial Notice presented by Sender; and

This NOTICE is GMAC Mortgage, LLC opportunity to correct any defect in the record prior to filings for FINAL EXPRESSION IN THE RECORD.

Default
Failure to respond to this notice within FOURTEEN DAYS (14) excluding the date of receipt shall result in Sender closing these books on the account being stated *in supra* and recording with the proper agencies the account for proper tax obligations and placing the subject-matter for the account for the registry by FINAL EXPRESSION IN THE RECORD hereafter presented for GMAC Mortgage, LLC review under 'Statement of Account' following; and

## REQUEST REGARDING A STATEMENT OF ACCOUNT

Pursuant to the Oregon Commercial Code § 79-210 this is a record authenticated by the debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request. Recipient has **fourteen (14) days** to comply with this request and provide an authenticated record.

### STATEMENT OF ACCOUNT

| | |
|---|---|
| Date: | 12 June, 2013 |
| Creditor: | GMAC Mortgage, LLC |
| Debtor: | LINTON C. LAYNE; NANCY K. LAYNE |
| Account Number: | 0359305664 |
| Collateral: | LINTON C. LAYNE; XXX-XX-7120; NANCY K. LAYNE XXX-XXX-6527 |
| **Balance Due:** | **$0.00** |

I declare under penalty of perjury that the information above is true and correct.

Sincerely,

Linton C. Layne; and

Nancy K Layne;
Authorized Representative

**JURAT**

State of Oregon        )
                           ) ss:

County of Coos       )

Subscribed and sworn to (or affirmed) before me on this 12th day of June 2013, by NANCY KAY LAYNE who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Signature

_____
Jan. 22, 2017
My commission expires:



OFFICIAL SEAL
**CONNIE S WILSON**
NOTARY PUBLIC-OREGON
COMMISSION NO. 474716
MY COMMISSION EXPIRES JANUARY 22, 2017

**Affidavit of Service** will be kept on file.

This notice will be filed under a UCC-1 Filing

EXHIBIT D



**UNITED STATES POSTAL SERVICE ®**

**Certificate Of Mai**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for
This form may be used for domestic and international mail.

From:
NK Layne
95580 South Coos River Lane
Coos Bay, Oregon

To:
James Whitlinger, Chief Financial
Officer of Residential Capital, LLC,
Parent Company of GMAC Mortgage, LLC
One Meridian Crossings
Minneapolis, MN 55423

U.S. POSTAGE
PAID
NORTH BEND, OR
97459
JUN 12, '13
AMOUNT
$1.20
00068716-03
1000

PS Form **3817**, April 2007  PSN 7530-02-000-9065

# U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com®**

MINNEAPOLIS MN 55423

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.66 |
| Certified Fee | | $3.10 |
| *ELECTRONIC* Return Receipt Fee (Endorsement Required) | | $1.25 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total F | | $5.01   06/12/2013 |

0459
03
Postmark Here
JUN 12 2013

Sent To   James Whitlinger, Chief Financial
Officer of Residential Capital, LLC,
Parent Company of GMAC Mortgage, LLC
Street, A   One Meridian Crossings
or PO B   Minneapolis, MN 55423
City, Sta

PS Form 3800, August 2006          See Reverse for Instructions

EXHIBIT E

## GMAC Mortgage Account Statement

**GMAC** Mortgage

**CUSTOMER INFORMATION**

Name: . Linton Cecil Layne
Nancy Kay Layne
Account Number: 0359305664
Home Phone #: (503)260-3341

**PROPERTY ADDRESS**

2186 EAST MAIN STREET
HILLSBORO    OR 97123

Visit us at www.gmacmortgage.com for
account information or to apply on-line.



LINTON CECIL LAYNE
NANCY KAY LAYNE
2186 EAST MAIN STREET
HILLSBORO OR  97123-7040

**Customer Care Inquiries:    1-800-766-4622**

Please verify your mailing address, borrower and co-borrower information.   Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

| | |
|---|---|
| Account Number | 0359305664 |
| Statement Date | May 18, 2012 |
| Maturity Date | April 01, 2021 |
| Interest Rate | 7.75000 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $34,350.25 |

| | |
|---|---|
| Principal and Interest | $252.18 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Unpaid Amount | $10,591.56 |
| Late Charges | $541.80 |
| Other | $0.00 |
| Total Unpaid Amount | $11,385.54 |
| Payment Date | December 01, 2008 |

For questions on the servicing of your account,
call 1-800-766-4622.

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Our records indicate that you have filed for bankruptcy protection. This statement applies to our lien on your property and is being provided for informational purposes only.  If you choose to continue to remit payments, please include the coupon below with any payments you send. If you do not want us to send you mortgage account statements in the future, please contact us at the number listed above.

**See Reverse Side For Important Information And State Specific Disclosures**

### Mortgage Payment Coupon

| Account Number | Payment Date | Payment Amount | Late Fee | Payment Amount With Late Fee | Unpaid Amount | **GMAC** |
|---|---|---|---|---|---|---|
| 0359305664 LINTON CECIL LAYNE | 12/01/08 | $252.18 | $12.60 | $264.78 | $11,385.54 | Mortgage |

This statement is being furnished for informational purposes only.

Please assist GMAC Mortgage
in applying your payment

Sign here to enroll in monthly ACH.
(See back for details.)

| Extra Funds | | |
|---|---|---|
| Full Payment(s) | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Other Fees (please specify) | $ | |
| Total Amount Enclosed | $ | |

GMAC MORTGAGE
PO BOX 79135
PHOENIX AZ 85062-9135

02    1208    0359305664    00025218    01260    22222    5

## GMAC Mortgage Account Statement

**GMAC Mortgage**

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | Linton Cecil Layne |
| | Nancy Kay Layne |
| Account Number: | 0359305664 |
| Home Phone #: | (503)260-3341 |

**PROPERTY ADDRESS**

2186 EAST MAIN STREET
HILLSBORO    OR 97123

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

LINTON CECIL LAYNE
NANCY KAY LAYNE
2186 EAST MAIN STREET
HILLSBORO OR  97123-7040

Customer Care Inquiries:    1-800-766-4622

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

| | | | |
|---|---|---|---|
| Account Number | 0359305664 | Principal and Interest | $252.18 |
| Statement Date | June 18, 2012 | Subsidy/Buydown | $0.00 |
| Maturity Date | April 01, 2021 | Escrow | $0.00 |
| Interest Rate | 7.75000 | Unpaid Amount | $10,843.74 |
| Interest Paid Year-to-Date | $0.00 | Late Charges | $554.40 |
| Taxes Paid Year-to-Date | $0.00 | Other | $0.00 |
| Escrow Balance | $0.00 | Total Unpaid Amount | $11,650.32 |
| Principal Balance(PB)* | $34,350.25 | Payment Date | December 01, 2008 |

**For questions on the servicing of your account,
call 1-800-766-4622.**

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Our records indicate that you have filed for bankruptcy protection.  This statement applies to our lien on your property and is being provided for informational purposes only.  If you choose to continue to remit payments, please include the coupon below with any payments you send.  If you do not want us to send you mortgage account statements in the future, please contact us at the number listed above.

**See Reverse Side For Important Information And State Specific Disclosures**

### Mortgage Payment Coupon

| Account Number | Payment Date | Payment Amount | Late Fee | Payment Amount With Late Fee | Unpaid Amount | GMAC Mortgage |
|---|---|---|---|---|---|---|
| 0359305664 LINTON CECIL LAYNE | 12/01/08 | $252.18 | $12.60 | $264.78 | $11,650.32 | |

This statement is being furnished for informational purposes only.

Please assist GMAC Mortgage in applying your payment

| Extra Funds | | |
|---|---|---|
| Full Payment(s) | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Other Fees (please specify) | $ | |
| Total Amount Enclosed | $ | |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 79135
PHOENIX AZ 85062-9135

02    1208    0359305664    00025218    01260    22222    5

## GMAC Mortgage Account Statement

### GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | Linton Cecil Layne |
| | Nancy Kay Layne |
| Account Number: | 0359305864 |
| Home Phone #: | (503)260-3341 |

**PROPERTY ADDRESS**

2186 EAST MAIN STREET
HILLSBORO       OR 97123

LINTON CECIL LAYNE
NANCY KAY LAYNE
16129 SW MASON LN
BEAVERTON OR  97006-5111

| Customer Care Inquiries: | 1-800-766-4622 |
|---|---|

Please verify your mailing address, borrower and co-borrower information.   Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

| | | | |
|---|---|---|---|
| Account Number | 0359305864 | Principal and Interest | $252.18 |
| Statement Date | July 18, 2012 | Subsidy/Buydown | $0.00 |
| Maturity Date | April 01, 2021 | Escrow | $0.00 |
| Interest Rate | 7.75000 | Unpaid Amount | $11,095.92 |
| Interest Paid Year-to-Date | $0.00 | Late Charges | $567.00 |
| Taxes Paid Year-to-Date | $0.00 | Other | $0.00 |
| Escrow Balance | $0.00 | Total Unpaid Amount | $11,915.10 |
| Principal Balance(PB)* | $34,350.25 | Payment Date | December 01, 2008 |

For questions on the servicing of your account,
call 1-800-766-4622.

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Our records indicate that you have filed for bankruptcy protection.  This statement applies to
our lien on your property and is being provided for informational purposes only.  If you choose
to continue to remit payments, please include the coupon below with any payments you send.
If you do not want us to send you mortgage account statements in the future, please contact us
at the number listed above.

**See Reverse Side For Important Information And State Specific Disclosures**

### Mortgage Payment Coupon

| Account Number | Payment Date | Payment Amount | Late Fee | Payment Amount With Late Fee | Unpaid Amount | |
|---|---|---|---|---|---|---|
| 0359305864 | 12/01/08 | $252.18 | $12.60 | $264.78 | $11,915.10 | **GMAC** Mortgage |
| LINTON CECIL LAYNE | | | | | | |

This statement is being furnished for informational purposes only.

Please assist GMAC Mortgage
in applying your payment

**Extra Funds**

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 79135
PHOENIX AZ 85062-9135

02   1208   0359305864   00025218   01260   22222   5