Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Ph: 856.956.6950
E: FrankReedNJ@aol.com

July 23, 2012

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

RE: Request for Mediation / Arbitration pursuant to Standing Order M390

In re: RESIDENTIAL CAPITAL, LLC, *et al.*
Case No. 12-12020 (MG)
Claim Nos.: 3708, 3759, 4736, 4759

Dear Judge Glenn:

I am contacting you, (with a copy of this communication being simultaneously served on counsel for the Borrower's Trust), to request that you consider ordering that my wife and I, along with the Borrower Claims Trust submit to at least one round of alternative dispute resolution, such as pleading our case before a neutral arbitrator. This request is a good faith attempt to conserve both judicial resources as well as the resources of the parties involved.

As you know, your Honor, I am not an attorney, and even though I have made a great effort in both time and resources to educate myself on the proper lexicon, form and substance of this legal and equitable forum, I am nonetheless sure that I can clearly fall short in my understanding of the relative import of the multitude of facts and law at play in my case at hand. Additionally, I believe that misstatements or misapprehension of fact and law by my opponents may easily go unnoticed due to my ignorance. As such, I believe that the negotiation session that occurred last Thursday, July 17, was ineffectual at best, and not entered into in good faith by my opponents at worst.

In preparation for our previous court-ordered negotiation meeting, I retained professionals to coalesce our damages into an expert report and supporting documentation that would be in proper form under the Federal Rules of Evidence. This work was done in short order, and at significant expense, including extensive work over the weekend, and was submitted on Monday July 14, 2014, pursuant to my opponent's request. However, when the parties met on July 17, I could not help but be left with the impression that the submitted damages itemization and evidence was either wholly disregarded or largely dismissed out of hand. Although there were various reasons why I felt this way, I believe this was at the very least

RECEIVED JUL 24 2014 U.S. BANKRUPTCY COURT, SDNY

evidenced by the fact that the parties never moved from the *de minimis*, 'nuisance value' appraisal of my claims by the Borrower Claims Trust, and the Trust's focus on a lack of any potential liability as opposed to a genuine weighing of potential risks and actual costs of litigating.

Now, in furtherance of the point that this litigation is quite involved, there are currently a minimum of 27 material fact witnesses and 3 experts scheduled. Apparently, counsel for the Borrower's Trust has indicated that this list is quite extensive, however, I must point out that this list is taken directly from the proofs submitted to counsel a year ago. I must also point out that there was a standing, open invitation to discuss, evaluate and/or investigate the proofs and witnesses at any time during the last year, but counsel expressed no interest.

Your Honor, I only seek what is legally and equitably due to me, *if* anything at all. However, if I have wholly misunderstood the facts and law relevant to my case in hand, (as my opponents clearly believe I have), then perhaps an arbitrator is the most efficient way, for ALL those involved, to dispense with that which I pursue. Accordingly, if the obverse is true and *my* understanding of law is correct, then perhaps the opinion of an arbitrator will serve to motivate my opponents to negotiate in a manner that accounts for the proper weight of our proofs.

Either way, your honor I am open to the truth of the matter, and I thank you for your time and consideration in my quest for such.

Sincerely,

Frank Reed
Creditor
Pro Se


CC: Diane Bettino of Reed Smith and Jordan Wishnew of Morrison Foerster

Attachment: SDNY Standing Order M-390

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
:
In re: ADOPTION OF PROCEDURES GOVERNING :
MEDIATION OF MATTERS AND THE USE OF      :    GENERAL ORDER AMENDING, AND
EARLY NEUTRAL EVALUATION AND             :    RESTATING M-143 AND M-211
MEDIATION/ VOLUNTARY ARBITRATION IN      :
BANKRUPTCY CASES AND ADVERSARY           :    M-390
PROCEEDINGS                              :
                                         :
----------------------------------------x

    Whereas, on November 12, 1993, this court entered General Order M-117 adopting procedures governing the mediation of matters in bankruptcy cases and adversary proceedings before this court (the "Court Annexed Mediation Program"); and

    Whereas, on January 18, 1995, this court entered General Order M-143 amending and superseding General Order M-117 and setting forth the Court Annexed Mediation Program in Rules 1.0 through 8.0 of General Order M-143; and

    Whereas, in order to expand the Court Annexed Mediation Program to include the use of Early Neutral Evaluation and Mediation/Voluntary Arbitration, as referred to in 28 U.S.C. § 651 through § 658, on October 20, 1999, this court entered General Order M-211, supplementing General Order M-143 by (i) providing that the provisions of General Order M-143, set forth in Rules 1.0 through 8.0, be entitled "Court Annexed Alternative Dispute Resolution Program" and apply to Early Neutral Evaluation and (ii) adding procedures governing Mediation/Voluntary Arbitration set forth in Rules 9.0 through 13.0; and

    Whereas, the court wishes to conform certain time periods set forth in its procedures to the 2009 time-related amendments to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and

Whereas, the court wishes to amend, restate and supersede General Orders M-143 and M-211 and to combine them into one General Order, and to continue to include Early Neutral Evaluation within the Court Annexed Alternative Dispute Resolution Program.

THEREFORE IT IS ORDERED that the Court Annexed Alternative Dispute Resolution Program shall continue to include Early Neutral Evaluation.

IT IS FURTHER ORDERED that the procedures governing the Court Annexed Dispute Resolution Program and Mediation/Voluntary Arbitration are set forth in the following Rules:

1.0 <u>Assignment of Matters to Mediation.</u>

    1.1 <u>By Court Order.</u> The court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee. The motion by a party in interest must be filed promptly after filing the initial document in the matter. Notwithstanding assignment of a matter or proceeding to mediation, it shall be set for the next appropriate hearing on the court docket in the normal course of setting required for such a matter.

    1.2 <u>Stipulation of Counsel.</u> Any matter may be referred to mediation upon stipulated order submitted by counsel of record or by a party appearing <u>pro se</u>.

    1.3 <u>Types of Matters Subject to Mediation.</u> Unless otherwise ordered by the presiding judge, any adversary proceeding, contested matter or other dispute may be referred by the court to mediation.

    1.4 <u>Mediation Procedures.</u> Upon assignment of a matter to mediation, this General Order shall become binding on all parties subject to such mediation.

2.0 <u>The Mediator.</u>

2.1 <u>Mediation Register.</u> The Clerk of the United States Bankruptcy Court for the Southern District of New York shall establish and maintain a Register of persons qualifying under Rule 2.1.A.

A. <u>Application and Qualification Procedures for Mediation Register.</u> To qualify for the Mediation Register of this court, a person must apply and meet the following minimum qualifications:

(1) <u>For General Services as a Mediator.</u> A person must have been a member of the bar in any state or the District of Columbia for at least five years; currently a member of the bar in good standing of any state or the District of Columbia; be admitted to practice in the Southern District of New York; and be certified by the Chief Judge to be competent to perform the duties of a mediator. Each person certified as a mediator should take the oath or affirmation prescribed by 28 U.S.C. § 453 before serving as a mediator.

(2) <u>For Services as a Mediator where the Court Has Determined the Need for Special Skills.</u>

(a) A person must have been authorized to practice for at least four years under the laws of the State of New York as a professional, including but not limited to, an accountant, real estate broker, appraiser, engineer or other professional. Notwithstanding the requirement for authorization to practice under the laws of the State of New York, an investment banker professional who has been practicing for a period of at least four years shall be eligible to serve as a mediator; and

(b) Be an active member in good standing, or if retired, have been a member in good standing, of any applicable professional organization;

3

(c) Not have:

(i) Been suspended, or have had a professional license revoked, or have pending any proceeding to suspend or revoke such license; or

(ii) Resigned from applicable professional organization while an investigation into allegations of misconduct which would warrant suspension, disbarment or professional license revocation was pending; or

(iii) Have been convicted of a felony.

B. <u>Removal from Mediation Register.</u> A person shall be removed from the Mediation Register either at the person's request or by court order. If removed from the Register by court order, the person shall not be returned to the Register absent a court order obtained upon motion to the Chief Judge and affidavit sufficiently explaining the circumstances of such removal and reasons justifying the return of the person to the Register.

2.2 <u>Appointment of the Mediator.</u>

A. The parties will ordinarily choose a mediator from the Register for appointment by the court. If the parties cannot agree upon a mediator within seven (7) days of assignment to mediation, the court shall appoint a mediator and alternate mediator.

B. In the event of a determination by the court that there are special issues presented which suggest reference to an appropriately experienced mediator other than the mediator chosen by the parties, then the court shall appoint a mediator and an alternate mediator.

C. If the mediator is unable to serve, the mediator shall file within seven (7) days after receipt of the notice of appointment, a notice of inability to accept appointment and immediately serve a copy upon the appointed alternate mediator. The alternate mediator shall become the mediator for the matter if such person fails to file a notice of inability

4

to accept appointment within seven (7) days after filing of the original mediator's notice of inability. If neither can serve, the court will appoint another mediator and alternate mediator.

2.3 <u>Disqualification of a Mediator.</u> Any person selected as a mediator may be disqualified for bias or prejudice as provided in 28 U.S.C. § 144 or if not, disinterested under 11 U.S.C. § 101. Any party selected as a mediator shall be disqualified in any matter where 28 U.S.C. § 455 would require disqualification if that person were a justice, judge or magistrate.

3.0 <u>The Mediation.</u>

3.1 <u>Time and Place of Mediation.</u> Upon consultation with all attorneys and pro se parties subject to the mediation, the mediator shall fix a reasonable time and place for the initial mediation conference of the parties with the mediator and promptly shall give the attorneys and pro se parties advance written notice of the conference. The conference shall be set as soon after the entry of the mediation order and as long in advance of the court's final evidentiary hearing as practicable. To ensure prompt dispute resolution, the mediator shall have the duty and authority to establish the time for all mediation activities, including private meetings between the mediator and parties and the submission of relevant documents. The mediator shall have the authority to establish a deadline for the parties to act upon a proposed settlement or upon a settlement recommendation from the mediator.

3.2 <u>Mediation Conference.</u> A representative of each party shall attend the mediation conference, and must have complete authority to negotiate all disputed amounts and issues. The mediator shall control all procedural aspects of the mediation. The mediator shall also have the discretion to require that the party representative or a non-attorney principal of the party with settlement authority be present at any conference. The mediator shall also determine when the parties are to be present in the conference room. The mediator shall report any willful

5

failure to attend or participate in good faith in the mediation process or conference. Such failure may result in the imposition of sanctions by the court.

  3.3 <u>Recommendations of the Mediator.</u> The mediator shall have no obligation to make written comments or recommendations; provided, however, that the mediator may furnish the attorneys for the parties and any <u>pro se</u> party with a written settlement recommendation. Any such recommendation shall not be filed with the court.

  3.4 <u>Post-Mediation Procedures.</u> Promptly upon conclusion of the mediation conference, and in any event no later than 3:00 P.M. two (2) days prior to the date fixed for hearing referred to in Rule 1.1, the mediator shall file a final report showing compliance or noncompliance with the requirements of this General Order by the parties and the mediation results. If in the mediation the parties reach an agreement regarding the disposition of the matter, they shall determine who shall prepare and submit to the court a stipulated order or judgment, or joint motion for approval of compromise of controversy (as appropriate), within twenty-one (21) days of the conference. Failure to timely file such a stipulated order or judgment or motion when agreement is reached shall be a basis for the court to impose appropriate sanctions. Absent such a stipulated order or judgment or motion, no party shall be bound by any statement made or action taken during the mediation process. If the mediation ends in an impasse, the matter will be heard or tried as scheduled.

  3.5 <u>Termination of Mediation.</u> Upon receipt of the mediator's final report, the mediation will be deemed terminated, and the mediator excused and relieved from further responsibilities in the matter without further court order.

  3.6 <u>Withdrawal from Mediation.</u> Any matter referred pursuant to this General Order may be withdrawn from mediation by the judge assigned to the matter at any time upon

determination for any reason the matter is not suitable for mediation. Nothing in this General Order shall prohibit or prevent any party in interest, the U.S. Trustee or the mediator from filing a motion to withdraw a matter from mediation for cause.

4.0 <u>Compensation of Mediators.</u> The mediator's compensation shall be on such terms as are satisfactory to the mediator and the parties, and subject to court approval if the estate is to be charged with such expense. In the event that the mediator and the parties cannot agree on terms of compensation, then the court shall fix such terms as are reasonable and just.

5.0 <u>Confidentiality.</u>

5.1 <u>Confidentiality as to the Court and Third Parties.</u> Any statements made by the mediator, by the parties or by others during the mediation process shall not be divulged by any of the participants in the mediation (or their agents) or by the mediator to the court or to any third party. All records, reports, or other documents received or made by a mediator while serving in such capacity shall be confidential and shall not be provided to the court, unless they would be otherwise admissible. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by the court in connection with the referred matter. Nothing in this section, however, precludes the mediator from reporting the status (though not content) of the mediation effort to the court orally or in writing, or from complying with the obligation set forth in 3.2 to report failures to attend or to participate in good faith.

5.2 <u>Confidentiality of Mediation Effort.</u> Rule 408 of the Federal Rules of Evidence shall apply to mediation proceedings. Except as permitted by Rule 408, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding,

including any hearing held by this court in connection with the referred matter, any aspect of the mediation effort, including, but not limited to:

> A. Views expressed or suggestions made by any party with respect to a possible settlement of the dispute;
>
> B. Admissions made by the other party in the course of the mediation proceedings;
>
> C. Proposals made or views expressed by the mediator.

6.0 <u>Immunity.</u> The Mediators shall be immune from claims arising out of acts or omissions incident to their service as court appointees in this Mediation Program. <u>See</u> <u>Wagshal v. Foster</u>, 28 F.3d 1249 (D.C. Cir. 1994).

7.0 <u>Consensual Modification of Mediation Procedures.</u> Additional rules and procedures for the mediation may be negotiated and agreed upon by the mediator and the parties at any time during the mediation process.

8.0 <u>Compliance With the U.S. Code, Bankruptcy Rules, and Court Rules and Orders.</u> Nothing in this General Order shall relieve any debtor, party in interest, or the U.S. Trustee from complying with any other court orders, U.S. Code, the Bankruptcy Rules, or this court's Local Rules, including times fixed for discovery or preparation for any court hearing pending on the matter.

9.0 <u>Assignment of Disputes to Mediation/Voluntary Arbitration.</u>

> 9.1 <u>Stipulation of Parties.</u> The court may refer a dispute pending before it to mediation, and, upon consent of the parties, to arbitration if and to the extent that the mediation is unsuccessful. At the conclusion of mediation, after the parties have failed to reach agreement and upon voluntary stipulation of the parties, the mediator, if qualified as an arbitrator, may hear

8

and arbitrate the dispute.

      A. <u>Referral to Arbitration pursuant to Bankruptcy Rule 9019 (c)</u>. Except as provided in subdivision (B) the court may authorize the referral of a matter to final and binding arbitration under Bankruptcy Rule 9019 (c) if:

      (1) The issue does not arise in an adversary proceeding; or

      (2) The issue arises in an adversary proceeding in which the amount in controversy has a dollar value greater than $150,000, the issue is procedural or non-dispositive (such as a discovery dispute), and the court retains jurisdiction to decide, after presentation of evidence, the adversary proceeding.

B. Referral of Adversary Proceeding to Arbitration pursuant to 28 U.S.C. § 654. With the consent of the parties, under 28 U.S.C. § 654, the court may authorize the referral to arbitration of an adversary proceeding in which the matter in controversy has a dollar value that does not exceed $150,000, subject to the following provisions:

    (1) Determination *De Novo* of Arbitration Awards under 28 U.S.C. § 654.

        (a) Time for Filing Demand. Within 30 days after the filing of an arbitration award with the Clerk of Court in an adversary proceeding governed by Rule 9.1(B), any party may file a written demand for a determination *de novo* with the court.

        (b) Action Restored to Court Docket. Upon a demand for a determination *de novo*, the action shall be restored to the docket of the court and treated for all purposes as if had not been referred to arbitration.

        (c) Exclusion of Evidence of Arbitration. The court shall not admit at the determination *de novo* any evidence that there has been an arbitration proceeding, the nature or amount of any award, or any other matter concerning the conduct of the arbitration proceeding, unless –

            (i) The evidence would otherwise be admissible in the court under the Federal Rules of Evidence; or

            (ii) The parties have otherwise stipulated.

    (2) Arbitration awards in a proceeding governed by Rule 9.1(B) shall be entered as the judgment of the court after the time has expired for requesting a determination *de novo*. The judgment so entered shall be subject to the same provisions of law and shall have the same

force and effect as a judgment of the court, except that the judgment shall not be subject to review in any other court by appeal or otherwise.

(a) Filing and Effect of Arbitration Award. The Clerk of the Court shall place under seal the contents of any arbitration award made under Rule 9.1 (B) of this Court Annexed Alternative Dispute Resolution Program and the contents shall not be known to any judge who might be assigned to the matter until the court has entered a final judgment in the action or the action has otherwise terminated.

C. Safeguards in Consent to Voluntary Arbitration. Matters referred to mediation where the parties do not reach agreement are allowed to proceed to voluntary arbitration under Rule 9.1(A) or Rule 9.1(B) by consent expressly reflected and filed with the court where –

(1) Consent to arbitration is freely and knowingly obtained; and

(2) No party or attorney is prejudiced for refusing to participate in arbitration.

10.0 The Arbitrator.

10.1 Powers of Mediator/Arbitrator. A mediator/arbitrator to whom an action is referred shall have the power, after a good faith attempt to mediate, and upon consent of the parties, to –

A. Conduct arbitration hearings consistent with Rule 9.1 above;

B. Administer oaths and affirmations; and

C. Make awards.

10.2 Standards for Certification as an Arbitrator. In addition to fulfilling the requirements found in Rule 2.0 The Mediator, a person qualifying as a Mediator/Arbitrator shall be

certified as an arbitrator through a qualifying mediation/ arbitration program which includes an ethics component on how to retain neutrality when changing the process.

    10.3 <u>Immunity.</u> All individuals serving as Mediator/Arbitrator in the Court Annexed Alternative Dispute Resolution Program are performing quasi-judicial functions and are entitled to the immunities and protections that the law accords to persons serving in such capacity.

    10.4 <u>Subpoenas.</u> The Federal Rules of Civil Procedure and Bankruptcy Rules apply to subpoenas for the attendance of witnesses and the production of documents at a Voluntary Arbitration hearing.

    11.0 <u>Arbitration Award and Judgment.</u>

    11.1 An arbitration award made by a Mediator/Arbitrator, along with proof of service of such award on the other party by the prevailing party, shall be filed promptly after the arbitration hearing is concluded with the Clerk of the Court.

    12.0 <u>Compensation of Mediator/Arbitrator.</u> The Mediator/Arbitrator's compensation shall be consistent with Rule 4.0 <u>Compensation of Mediator</u> as described above.

    12.1 <u>Transportation Allowances.</u> Subject to court approval, if the estate is to be charged with such expense, the Mediator/Arbitrator may be reimbursed for actual transportation expenses necessarily incurred in the performance of duties.

      13.0 <u>Notice of Court Annexed Alternate Dispute Resolution Program</u>. The court, at the first scheduled pre-trial conference, shall give notice of dispute resolution alternatives substantially in compliance with Form I.

Dated:      New York, New York
              December 1, 2009

                                                      /s/ *Stuart M. Bernstein*
                                                      Stuart M. Bernstein
                                                      Chief Bankruptcy Judge