MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

July 25, 2014

Writer's Direct Contact
+1 (212)506.7341
NRosenbaum@mofo.com

The Honorable Martin Glenn, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    <u>In re Residential Capital, LLC, *et al*</u>, Case No. 12-12020 (MG)

Dear Judge Glenn:

We submit this letter, on behalf of and in our capacity as counsel to the ResCap Borrower Claims Trust (the "**Borrower Trust**") established pursuant to the terms of the Chapter 11 Plan (defined below) confirmed in the above-captioned bankruptcy cases in response to the July 23, 2014 letter from Mr. Frank Reed (the "**July 23 Letter**") requesting that the pending claim dispute between Mr. and Mrs. Reed (the "**Claimants**") and the Borrower Trust be submitted to alternative dispute resolution. For the reasons discussed herein, the Borrower Trust does not consent to mediation with the Claimants because it does not believe that the parties can come to an acceptable settlement given the differing values we each ascribe to the underlying disputed claims.

As Your Honor is aware, pursuant to the Court's order of July 11, 2014 [Docket No. 7246], among other dates, the Court fixed a discovery deadline of August 22, 2014. Since then, the Borrower Trust has made numerous good faith efforts to set a consensual discovery schedule with the Claimants and to date, has not received the necessary cooperation from the Claimants. On Monday, July 14, Borrower Trust's counsel sent Mr. Reed a proposed schedule by which the parties would (i) identify their respective witnesses, (ii) provide copies of expert reports, (iii) respond to document demands, (iv) identify rebuttal experts, and (v) provide copies of rebuttal expert reports. Counsel was advised that same day that Mr. Reed would review his calendar and respond. On Thursday, July 17, after the settlement discussions concluded, counsel again asked Mr. Reed whether he could agree to the Borrower Trust's proposed discovery schedule, and he advised counsel that he was in the process of retaining counsel and would get back to us in forty-eight hours. To date, the Borrower Trust has not been advised that Mr. Reed has obtained counsel. On Monday, July 21, counsel to the Borrower Trust disclosed its only fact witness to Mr. Reed. That same day, Mr. Reed then identified (as noted in the July 23 Letter) 27 fact witnesses and 3 expert witnesses. In light of the fact that the Borrower Trust faced the daunting task of having to

ny-1152023

MORRISON | FOERSTER

Honorable Martin Glenn, U.S.B.J.
July 25, 2014
Page Two

possibly depose 30 witnesses in approximately four weeks, counsel to the Borrower Trust requested an opportunity to "meet and confer" with Mr. Reed about his witness list and better understand the subject matter for which each witness was being offered, and also discuss the possibility of stipulating to certain facts in an effort to make the number of witnesses more manageable (in light of the August 22 discovery deadline and limited time for trial). In the interim, counsel to the Borrower Trust learned that Mr. Reed submitted the July 23 Letter to the Court.

Mr. Reed may have been disappointed with the outcome of the July 17 settlement negotiation with the Borrower Trust; however, it is disingenuous for him to represent to the Court that the negotiation session was "not entered into in good faith by my opponents." As directed by the Court, the parties engaged in a lengthy settlement discussion during which they addressed thoroughly their respective positions. In fact, during the parties' 3-hour settlement discussion, the Borrower Trust provided Mr. Reed with a detailed and reasoned explanation in support of the Borrower Trust's position. Simply because the parties were not able to reach an agreement does not mean that the Claimants' damages itemization was "either wholly disregarded or largely dismissed out of hand" by the Borrower Trust as Mr. Reed contends. To the contrary, the Borrower Trust has proven a sincere desire to try and consensually resolve these contested claims for a reasonable amount.

For these reasons, the Borrower Trust is not optimistic that a compromise can be achieved and would like to proceed to the scheduled evidentiary hearing. However, if the Court would prefer that the parties first mediate this matter and directs this matter to mediation, then the Borrower Trust respectfully requests that the trial presently scheduled for September 15 & 16 be adjourned for no more than thirty (30) days. In addition, irrespective of whether the parties are directed into mediation, the Borrower Trust further requests that the Court schedule a telephonic discovery conference as early as possible next week to establish specific deadlines concerning when the parties must (i) provide copy of expert reports, (ii) respond to document demands, (iii) identify rebuttal experts, and (iv) provide copies of rebuttal expert reports.

Respectfully Submitted,

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

Cc:   Frank Reed (via email)
      Diane Bettino, Esq. (via email)

ny-1152023