Hearing Date:  July 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for the ResCap Borrower
Claims Trust*

BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: (202) 393-7150
Facsimile: (202) 347-1684
Eric A. Frechtel

*Special Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
OBJECTION TO CLAIM NUMBER 392 FILED BY KEVIN J. MATTHEWS**

ny-1150391

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................................................1

II.   REPLY ........................................................................................................................................2

      A.    Matthews's Claim Is Barred Under the Doctrine of Res Judicata..........................2

      B.    Matthews's Claims Arising Out of the First Foreclosure Action
             Are Not Timely............................................................................................................4

      C.    GMACM Is Not Violating Debt Collection Practices Laws Through
             Continued Prosecution of the Second Foreclosure Action......................................5

      D.    The Delehey Declaration Is Not Hearsay ...............................................................6

      E.    Matthews Fails to Establish the Validity of His Claims by a
             Preponderance of the Evidence ...............................................................................7

             (i)     The FRB Consent Order and the Dismissal of the First Foreclosure
                      Action Do Not Constitute Admissions of Liability by GMACM ..............8

             (ii)    Matthews's Claims for Wrongful Denial of Loan Modification Are
                      Baseless ..........................................................................................................9

## Exhibit List

Exhibit 1         Horst Declaration

    Exhibit A      Aguirre Affidavit

    Exhibit B      Deed of Appointment of Substitute Trustees

    Exhibit C      Excerpt of Servicing Transfer Agreement

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ASX Inv. Corp. v. Newton*,
183 F.3d 1265 (11th Cir. 1999) ................................................................................................3

*Carlson v. Long Island Jewish Med. Ctr.*,
378 F. Supp. 2d 128 (E.D.N.Y. 2005) ......................................................................................8

*Hughes v. Beltway Homes, Inc.*,
347 A.2d 837 (Md. 1975) .........................................................................................................4

*Philip Morris, Inc. v. Angeletti*,
752 A.2d 200 (Md. 2000) .........................................................................................................7

*Sysco Corp. v. Chi-Chi's, Inc. (In re Chi-Chi's, Inc.)*,
338 B.R. 618 (Bankr. D. Del. 2006) .........................................................................................4

*Wells Fargo Home Mortg., Inc. v. Neal*,
922 A.2d 538 (Md. 2007) ...................................................................................................9, 10

*W. Grp. Nurseries, Inc. v. Ergas*,
211 F. Supp. 2d 1362 (S.D. Fla. 2002) .....................................................................................3

**RULES**

Federal Rule of Civil Procedure 41(a)(1)(B) ..............................................................................1-4

Bankruptcy Rule 7041 ....................................................................................................................3

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], hereby submits this reply (the "Reply"), together with the Supplemental Declaration of Deanna Horst, Chief Claims Officer for The ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response of claimant Kevin J. Matthews ("Matthews") [Docket No. 7226] (the "Response") to the *Objection Of The Rescap Borrower Claims Trust To Claim Number 392 Filed By Kevin J. Matthews* [Docket No. 7094] (the "Objection").[1]  In further support of the Objection, the Borrower Trust respectfully represents as follows:

**I.    PRELIMINARY STATEMENT**

1. Based on the record before the Court, Matthews has failed to carry his requisite burden of proof with respect to the Claim.  In the first instance, Matthews cannot overcome the fact that the Claim is barred under the doctrine of res judicata.  Matthews voluntarily dismissed these same claims against GMACM, as asserted in both the Second Foreclosure Action and the subsequent Adversary Proceeding, and as a result, his dismissal of the Adversary Proceeding constitutes an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(a)(1)(B) ("Rule 41(a)(1)(B)").

2. In an apparent effort to divert the Court's focus from the merits of the Objection, a majority of the Response is devoted to discussing an earlier rescinded—and therefore irrelevant—foreclosure proceeding commenced against Matthews.  However, GMACM's dismissal of the First Foreclosure Action is not a basis for liability to Matthews.  Moreover, it

---

[1]    Capitalized terms not defined in this Reply have the meaning ascribed to such terms in the Objection.

1

does not change the fact that, due to changes in his circumstances that have nothing to do with GMACM, Matthews cannot afford his mortgage, even on modified terms. Contrary to the representations set forth in the Response and its supporting materials, GMACM attempted on numerous occasions to explore available opportunities for loss mitigation with Matthews and his counsel. As the record shows, Matthews ignored GMACM's good faith loss mitigation offers and instead, acting through his counsel, evaded foreclosure of his home by engaging in dilatory and abusive litigation tactics, including (but not limited to) filing multiple lawsuits and repeatedly dismissing counterclaims on the eve of judicial determinations regarding those claims. These tactics should not be countenanced by the Court and, by operation of Rule 41(a)(1)(B), require that the Claim be disallowed.

3. Even if the Claim was not so barred by res judicata and Rule 41(a)(1)(B), the Response fails to rebut the arguments raised in the Objection regarding the merits of each of Matthews's underlying claims and establish, by a preponderance of the evidence, the existence of a valid legal predicate with respect to any of his claims. For these reasons, as set forth below and in the Objection, the Claim should be disallowed and expunged from the Claims Register in its entirety.

## II.    REPLY

### A.    Matthews's Claim Is Barred Under the Doctrine of Res Judicata

4. Matthews argues that the Claim is not barred by res judicata because there was no final judgment against GMACM in the First Foreclosure Action and his dismissal of the Adversary Complaint purported to be without prejudice. (Response at 33-34.) Matthews misapplies both the doctrine of res judicata and the Federal Rules of Civil Procedure.

5. As set forth in the Objection, the claims and causes of action upon which the Claim is based were initially asserted by Matthews in the Counter-Complaint he filed in the

2

Second Foreclosure Action. Matthews incorrectly states that he and the Debtors "agreed" that GMACM would be dismissed from the Counter-Complaint. (Response at 33.) To the contrary, the parties negotiated the Stipulation and Order, pursuant to which GMACM expressly consented to the modification of the automatic stay so that GMACM could prosecute its motion to dismiss the Counter-Complaint (the "<u>Motion to Dismiss</u>") before the Maryland Court, and Matthews could take all actions necessary to defend against the Motion to Dismiss (including any and all appeals thereof). (*See* Docket No. 1697.) Although GMACM was prepared to move forward with the adjudication of the Motion to Dismiss (and thereby obtain a dismissal of the claims asserted against it in the Counter-Complaint with prejudice), Matthews unilaterally decided to voluntarily dismiss his claims against GMACM without prejudice only after the stipulation lifting the automatic stay had been negotiated, filed, and entered by the Court. Thereafter, Matthews commenced the Adversary Proceeding asserting the same claims previously asserted against GMACM in the Counter-Complaint. Again, Matthews unilaterally dismissed the Adversary Complaint after GMACM filed a motion to dismiss, without any explanation and just two days before a hearing on that motion to dismiss was scheduled to be held.

6. This gamesmanship by Matthews and his counsel—and the attendant waste of time, effort, and resources it has caused—is precisely what Rule 41(a)(1)(B) (which is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7041) is intended to protect against. *See, e.g.*, *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) ("The primary purpose of the two dismissal rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." (citations omitted)); *W. Grp. Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1370 (S.D. Fla.

3

2002) ("The purpose of the two dismissal rule is to prevent duplicative, wasteful and harassing litigation."). Under Rule 41(a)(1)(B), Matthews' second dismissal operated as a dismissal with prejudice due to Matthews's earlier dismissal of his claims in the Second Foreclosure Action, notwithstanding the fact that the notice filed by Matthews purported to be without prejudice. The Debtors had no obligation to appeal the dismissal or to take any other steps to ensure that Rule 41(a)(1)(B), which applies automatically, would be given effect. *Sysco Corp. v. Chi-Chi's, Inc. (In re Chi-Chi's, Inc.)*, 338 B.R. 618, 621 (Bankr. D. Del. 2006) ("Under the two dismissal rule, 'if the plaintiff invokes Rule 41(a)(1) a second time for an "action based on or including the same claim," the action <u>must</u> be dismissed with prejudice.'" (emphasis added; citations omitted)). Accordingly, that second dismissal by Matthews operates as a final adjudication on the merits of his claims for purposes of res judicata.

      **B.**      **Matthews's Claims Arising Out of the First Foreclosure Action Are Not Timely**

7.      To the extent Matthew's claims are based on the First Foreclosure Action (*see* Response at 3, 10-11), that action was dismissed and the trustee's sale was rescinded pursuant to the Dismissal Order. (*See* Obj. at ¶ 14.) Matthews did not object to the dismissal and rescission, although he did require that GMACM file a motion to obtain the dismissal. (*See* Response, Ex. 8). To the extent Matthews believed he was harmed in a manner that was not remedied solely by the rescission of the first trustee's sale of the Property, his remedy was to raise that issue by seeking revision of the Dismissal Order. (*See* Obj. at ¶¶ 57-61.) He failed to do so, despite having been represented by his current counsel at the time, and thus, in effect, waived those claims. *See, e.g.*, *Hughes v. Beltway Homes, Inc.*, 347 A.2d 837, 842 (Md. 1975) (affirming trial court's finding that six month delay in challenging judgment ratifying foreclosure sale was an "extraordinarily long time" that "precludes a finding of diligence"). Matthews cannot use the

4

ny-1150391

alleged actions (or omissions) of GMACM in connection with that rescinded foreclosure as the basis to contest the second, pending foreclosure proceeding, nor should he be permitted to collaterally attack the rescission in another venue. Matthews's argument that GMACM is "judicially estopped" from asserting that its actions in connection with the First Foreclosure Proceeding were proper (*see* Response at 18-19) misses the point—such actions are irrelevant to any claims that Matthews could otherwise bring in connection with the Second Foreclosure Action.

        **C.    GMACM Is Not Violating Debt Collection Practices Laws Through Continued Prosecution of the Second Foreclosure Action**

8.    Matthews contends that GMACM is engaging in ongoing illegal collection practices because it is continuing to prosecute the Second Foreclosure Action against him even though it is no longer a licensed mortgage loan servicer. (*See* Response at 13.) This argument is simply incorrect.

9.    *First*, the foreclosure action is being prosecuted on behalf of Ocwen, in its capacity as successor in interest to GMACM. Consistent with the Sale Order[2] entered by the Court on November 21, 2012 approving the sale of the Debtors' loan servicing business to Ocwen pursuant to the terms of the asset purchase agreement (the "APA") attached thereto, Ocwen is not required to substitute into contested foreclosure proceedings that were pending as of February 15, 2013. (*See* Sale Order at ¶ 3, Ex.1 at § 9.1.) *See also* Servicing Transfer Agreement at § 3.14(b)(ii), excerpt attached as Ex. C to Horst Decl.:

> With respect to any litigation (whether judicial or non-judicial) in which the Serviced Mortgagor has asserted or subsequently asserts

---

[2] *See* Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246] (the "Sale Order").

5

ny-1150391

> claims or counter claims against a Seller (each, a "Contested Default Action") that is not a Stayed Litigation (defined below), Purchaser shall not be required to take any action to request that Purchaser or any other Person be substituted for a Seller in such Contested Default Action (the "New Plaintiff/Defendant") as the real party-in-interest.

In contested foreclosure cases, such as the Second Foreclosure Action, Ocwen is authorized to prosecute the foreclosure actions without substituting in as the real party in interest. Thus, continued prosecution of the Second Foreclosure Action does not constitute a continuing debt collection by GMACM. *Second*, GMACM is not even a party to the Second Foreclosure Action. In accordance with Maryland convention and standard practice, the named plaintiffs are foreclosure attorneys who are acting as Substitute Trustees under the Deed of Trust for the very purpose of conducting the foreclosure thereunder. (*See* Deed of Appointment of Substitute Trustees, attached as Ex. B to Horst Decl.)

### D.    The Delehey Declaration Is Not Hearsay

10.    Matthews also objects to the Borrower Trust's submission of the Delehey Declaration in support of the Objection as hearsay. (Response at 19.) This objection is unsubstantiated and lacks any objective support. As an initial matter, Matthews does not identify any of the statements therein as being factually inaccurate, nor does he identify any legitimate basis for calling into question the trustworthiness of Ms. Delehey's written testimony. Moreover, Ms. Delehey's declaration is offered to establish the process through which the Borrower Trust determined that the Debtors were not liable for the Claim. Specifically, as set forth in the Delehey Declaration, the Borrower Trust, acting through its agents under Ms. Delehey's supervision, reviewed and analyzed the Claim, as well as documents provided by Matthews in support of the Claim, records maintained by the Debtors in the ordinary course of business related to the Claim, and publically available court documents related to Matthews's

6

prior efforts to prosecute his claims against GMACM. Thus, Ms. Delehey's declaration regarding the factual background underlying the Claim is not offered to prove the truth of the matters asserted therein, but is instead offered in order to establish what materials and information the Borrower Trust relied on in deciding to object to the Claim. Because that information is not offered to prove the truth of the matters asserted therein, the declaration is, by definition, not hearsay under Rule 801 of the Federal Rules of Evidence.

### E. Matthews Fails to Establish the Validity of His Claims by a Preponderance of the Evidence

11. The remainder of Matthews' Response consists of conclusory statements that he has carried his burden of proof, despite the fact that he fails to address many, if not most, of the arguments raised in the Objection. For example, the Response does not deny that Matthews' fraud claims are based on the dismissed First Foreclosure Action, and does not address the fact that collateral attack of that dismissed action is not permitted under applicable Maryland procedural rules and case law. (Obj. at ¶¶ 57-61; Reply, *supra*, at ¶ 7.) Nor does Matthews address the Borrower Trust's arguments that he cannot demonstrate detrimental reliance on any alleged misstatements or misrepresentations made by GMACM regarding its identity as servicer for the Loan or its submission of documents in connection with the First Foreclosure Action because Matthews defended against and challenged both the First Foreclosure Action and the Second Foreclosure Action.[3] (Obj. at ¶ 94.)

12. Matthews similarly ignores the ample case law set forth in the Objection establishing that a mortgage loan servicer acting in such capacity is not a "debt collector" for

---

[3] Misleadingly, Matthews cites to the MCPA for the proposition that reliance is not a requirement for liability under the statute. (Response at 24.) Although consumer reliance is not a necessary element to establish a violation of the MCPA, reliance by consumers is "a necessary precondition to awarding restitution or damages pursuant to the statutory consumer protection provisions" in the statute. *Philip Morris, Inc. v. Angeletti*, 752 A.2d 200, 235 (Md. 2000) (cited in Obj. at ¶ 74)).

7

ny-1150391

purposes of the FDCPA, and cites to a single case for the proposition that a creditor may be found liable under the statute where it "pretends to be someone else." (Response at 31 (citing *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 130-31 (E.D.N.Y. 2005)). In that case, the court was concerned with instances where "a debt collector is using a fictitious name under which to collect its own debt" such that a consumer could have the false impression that an <u>unrelated third party</u> was collecting the debt in order to retain the creditor's good will with consumers. *Id*. at 131-32. That case is simply inapposite where, as here, GMACM purportedly told Matthews that he was speaking directly with an employee of USAA as the lender, rather than with its authorized agent. (Response at 31.)

13. For the reasons set forth in detail in the Objection, each of Matthews's claims fails as a matter of law, and the Response does not rebut those legal arguments. Although GMACM believes the arguments set forth in the Objection—and the lack of rebuttal in the Response—are sufficient to permit the Court to sustain the Objection on all counts, several of the statements in the Response nonetheless warrant some additional discussion.

      **(i)**      **The FRB Consent Order and the Dismissal of the First Foreclosure Action Do Not Constitute Admissions of Liability by GMACM**

14. Matthews argues that the Court should take judicial notice of the FRB Consent Order as evidence that GMACM engaged in fraudulent, unfair and deceptive servicing practices. (Response at 9-13, 15-19.). Matthews apparently contends that when the FRB Consent Order is considered together with GMACM's voluntary dismissal of the First Foreclosure Action, the Court can therefore infer that GMACM engaged in misconduct in connection with the servicing of Matthews's Loan and that GMACM is judicially estopped from making arguments to the contrary. These contentions are simply incorrect.

15.     As the Court previously recognized in a similar context, GMACM entered into the Consent Order <u>without admitting fault</u> for wrongdoing alleged by the FRB or the FDIC.[4] Similarly, the Debtors' dismissal of the First Foreclosure Action <u>without prejudice</u> does not constitute a determination by the Maryland Court or admission by the Debtors that Matthews's claims have any merit or that GMACM did not have the right to foreclose. Therefore, the Debtors' entry into the FRB Consent Order and GMACM's dismissal of the First Foreclosure Action, separately or together, do not constitute evidence that the Debtors are liable to Matthews.

### (ii)     Matthews's Claims for Wrongful Denial of Loan Modification Are Baseless

16.     Matthews contends that GMACM wrongfully sought to foreclose on the Loan without first offering Matthews the opportunity to engage in loss mitigation programs as required under the Veterans' Administration loan program. (*See* Response at 11-12.) These arguments fail for several reasons.

17.     *First*, as set forth above and in the Objection, actions taken by GMACM in connection with the <u>rescinded</u> First Foreclosure Action are irrelevant to the propriety and validity of the pending Second Foreclosure Action.

18.     *Second*, as set forth in the Objection, wrongful denial of a loan modification does not give rise to an affirmative claim against GMACM under applicable Maryland law. Rather, it is simply a defense to a foreclosure action. (*See* Obj. at ¶¶ 46-49, citing, among other cases, *Wells Fargo Home Mortg., Inc. v. Neal*, 922 A.2d 538, 547 (Md. 2007).)

19.     *Third*, Matthews's attempt to obtain a loan modification was not, as the Response suggests, ignored by GMACM, or improperly denied. (Response at 11-12, Ex. 13 at ¶¶ 14, 16,

---

[4]  *See* Order Sustaining in Part and Overruling without Prejudice in Part the ResCap Borrower Trust's Objection to the Reed Claims and Setting Evidentiary Hearing, at 11 *In re Residential Capital, LLC, et al.*, No. 12- 12020 (MG) (Bankr. S.D.N.Y. July 11, 2014) [Docket No. 7246] (emphasis in original).

24-25.). On or about March 2, 2011, Matthews submitted a financial package in connection with his request for a loan modification, <u>and that request was granted</u> on or about March 11, 2011, subject to the receipt of a signed loan modification agreement and associated documents. (Ex. A to Horst Declaration, at ¶ 6). Matthews failed to return the signed loan modification agreement and associated documents (*id*. at ¶ 7), and on June 27, 2011, Matthews explained that he could not afford the mortgage payment under the modified terms. (*Id*.). Thereafter, GMACM reached out to Matthews two more times regarding a possible loan modification or other potential loss mitigation options, including a short sale and a deed in lieu of foreclosure. (*Id*. at ¶ 8). Only after receiving no response from Matthews to those repeated invitations to explore loss mitigation options, did GMACM initiate the Second Foreclosure Action on or about February 10, 2012.[5] (*Id*. at ¶¶ 8-11.)

20.    Ironically, citing *Wells Fargo Home Mortg., Inc. v. Neal*, cited *supra*, Matthews seeks to employ the "legal fiction that no default exists" (Response at 11-12) despite Matthews' failure to make a single mortgage payment since 2009. Matthews submits that a failure to adhere to mandatory loss mitigation requirements "may invalidate the mortgagee's declaration of default." (Response at 12, quoting *Neal*, 922 A.2d at 551). That argument has no merit whatsoever. As discussed above, GMACM discharged its loss mitigation obligations. But even if his protestations to the contrary are to be believed, Matthews' affirmative claims must be rejected under the holding in *Neal*: "[A failure to conduct required loss mitigation] may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." *Neal*, 922 A.2d at 546.

---

[5]    Even after the Second Foreclosure Action was commenced, GMACM continued to try to avoid a foreclosure sale, although those efforts proved to be unsuccessful. (*See* Ex. A to Horst Declaration, at ¶¶ 13-21.)

WHEREFORE, the Borrower Trust respectfully requests that the Court overrule the Response and grant the relief requested in the Objection by disallowing and expunging the Claim in its entirety.

Dated: July 25, 2014  
      New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Erica J. Richards  
MORRISON & FOERSTER LLP  
250 West 55th St.  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for The ResCap Borrower Claims Trust*

BRADLEY ARANT BOULT CUMMINGS LLP  
1615 L Street, NW, Suite 1350  
Washington, DC 20036  
Telephone: (202) 393-7150  
Facsimile: (202) 347-1684  
Eric A. Frechtel  

*Special Counsel for The ResCap Borrower Claims Trust*

ny-1150391