**Hearing Date and Time:  August 26, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline:  August 15, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF RESCAP LIQUIDATING TRUST'S**
**SEVENTY-FIRST OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On July 25, 2014, the ResCap Liquidating Trust filed its *Seventy-First Omnibus Objection to Claims (No Liability Claims)* (the "**Omnibus Objection**").

2.      A hearing (the "**Hearing**") to consider the Omnibus Objection shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004, on **August 26, 2014 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any responses to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **August 15, 2014 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, Joseph A. Shifer); (c) co-counsel to the ResCap Liquidating Trust,

Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

4.      If no responses to the Omnibus Objection are timely filed and served to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

5.      A Copy of the Omnibus Objection can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       July 25, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Douglas H. Mannal
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: August 26, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: August 15, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------------------- | ) | |

**RESCAP LIQUIDATING TRUST'S SEVENTY-FIRST OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT THE LIQUIDATING TRUST'S COUNSEL, JOSEPH A. SHIFER, AT (212) 715-9100.**

---

# TABLE OF CONTENTS

Page

JURISDICTION ........................................................................................................- 1 -

BACKGROUND ........................................................................................................- 2 -

RELIEF REQUESTED................................................................................................- 4 -

OBJECTION...............................................................................................................- 4 -

      A.    OneWest Bank ........................................................................- 6 -

      B.    WFBNA ..................................................................................- 7 -

      C.    Citibank..................................................................................- 9 -

      D.    Purported Administrative Claims ...........................................- 9 -

RESERVATION OF RIGHTS ...................................................................................- 10 -

NOTICE....................................................................................................................- 11 -

NO PRIOR REQUEST .............................................................................................- 11 -

CONCLUSION..........................................................................................................- 11 -

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
    No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20,
    2007) ..................................................................................................................4

*In re Allegheny Int'l, Inc.*,
    954 F.2d 167 (3d Cir. 1992) ...............................................................................5

*Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*,
    178 B.R. 222 (B.A.P. 9th Cir. 1995), *aff'd sub nom., Ashford v. Naimco, Inc.*
    *(In re Consol. Pioneer Mortg. Entities)*, 91 F.3d 151 (9th Cir. 1996) .......................5

*Feinberg v. Bank of N.Y. (In re Feinberg)*,
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..............................................................5, 6

*In re Minbatiwalla*,
    424 B.R. 104 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ...................................................5

*In re Oneida Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) .................................................................4

*In re Porter*,
    374 B.R. 471 (Bankr. D. Conn. 2007) .................................................................6

*In re Rockefeller Ctr. Props.*,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) .................................................................4

**Statutes**

11 U.S.C. § 502(a) ...................................................................................................4

11 U.S.C. § 502(b) ...................................................................................................1,5

28 U.S.C. § 157 ........................................................................................................1

28 U.S.C. § 157(b) ...................................................................................................1

28 U.S.C. § 1334 ......................................................................................................1

28 U.S.C. § 1408 ......................................................................................................1

28 U.S.C. § 1409 ......................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 1015(b) ................................................................................................2

Fed. R. Bankr. P. 3001(c) ...............................................................................................5

Fed. R. Bankr. P. 3007(d) .............................................................................................1,3

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest

to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11**

**Cases**"), hereby files this seventy-first omnibus objection to claims (the "**Objection**") pursuant

to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d)

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

Chapter 11 Cases [Docket No. 3294] (the "**Claims Objection Procedures Order**"), seeking

entry of an order (the "**Proposed Order**"), in a form substantially similar to that attached hereto

as **Annex 2**, disallowing and expunging the claims listed on **Exhibit A** annexed to the Proposed

Order.[1]  In support of the Objection, the Liquidating Trust submits the declaration of Deanna

Horst, Chief Claims Officer for the Liquidating Trust (the "**Horst Declaration**"), attached hereto

as **Annex 1**.   In support of the Objection, the Liquidating Trust respectfully represents as

follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334,  and Article XII of the Plan (defined herein). Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §

157(b).

2.      The statutory predicates for the relief requested herein are section 502(b)

of the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules.

---

[1] Claims listed on **Exhibit A** to the Proposed Order are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

## BACKGROUND

3.        On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.        On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2] On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

5.        The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." Plan, Art. VIII.A.3.

6.        On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

7.    On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").   Bar Date Order at ¶¶ 2-3.   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].   The Governmental Bar Date was not extended.

8.    The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." *See* Confirmation Order ¶ 50(f). As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of Administrative Claims must have filed requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9.    On March 21, 2013, the Court entered the Claims Objection Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Claims Objection Procedures Order.

10.    To date, over 7,400 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

## RELIEF REQUESTED

11.    By this Objection and for the reasons discussed below, the Liquidating Trust seeks to disallow and expunge the proofs of claim identified on **Exhibit A** to the Proposed Order (collectively, the "**No Liability Claims**").[3]

## OBJECTION

12.    The Liquidating Trust examined the No Liability Claims identified on **Exhibit A** to the Proposed Order and supporting documents filed therewith, as well as the books and records the Debtors maintained in the ordinary course of business (the "**Books and Records**"), and determined that the No Liability Claims fail to articulate any valid obligation for which the Debtors are liable. *See* Horst Declaration ¶ 4. Accordingly, the No Liability Claims should be disallowed and expunged from the Claims Register.  If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery against the Liquidating Trust to the detriment of the Liquidating Trust's beneficiaries.

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is

---

[3] No Borrower Claims (as defined in the Claims Objection Procedures Order) are included in this Objection.

- 4 -

on the holder of a proof of claim to establish a valid claim against a debtor. *In re Allegheny Int'l,*

*Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*,

442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of

persuasion as to the allowance of [its] claim.").   Moreover, section 502(b)(1) of the Bankruptcy

Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is

unenforceable against the debtor and property of the debtor, under any agreement or applicable

law." 11 U.S.C. § 502(b)(1).

14.    Further, the Court should expunge the No Liability Claims to the extent

they fail to attach adequate, or any, supporting documentation to demonstrate the validity of the

claims.  Bankruptcy Rule 3001(c)(1) instructs that:

> when a claim, or an interest in property of the debtor securing the
> claim, is based on a writing, the original or a duplicate shall be
> filed with the proof of claim.  If the writing has been lost or
> destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

15.    If a claim fails to comply with the documentation requirements of

Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.   *See Ashford v. Consol.*

*Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*

*sub nom., Ashford v. Naimco, Inc. (In re Consol. Pioneer Mortg. Entities)*, 91 F.3d 151 (9th Cir.

1996); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (Glenn, J.).

16.    Where creditors fail to provide adequate documentation supporting the

validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held

that such claims can be disallowed.  *See Minbatiwalla*, 424 B.R. at 119 (determining that "in

certain circumstances, claims can be disallowed for failure to support the claim with sufficient

evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also *Feinberg*, 442 B.R. at 220-22 (applying *Minbatiwalla* to analysis).

17.    The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Books and Records.    After such review, the Liquidating Trust determined that each of the No Liability Claims fails to reflect a liability of the Debtors.  *See* Horst Declaration ¶ 4.  For the reasons set forth below, in addition to those set forth on **Exhibit A** to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim:

### A.    OneWest Bank

18.    OneWest Bank ("**OneWest**") and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR23, Mortgage Pass-Through Certificates, Series 2005-AR23 under the Pooling and Servicing Agreement dated September 1, 2005 ("**Deutsche Bank**," and together with OneWest, the "**OneWest Claimants**") filed Claim No. 4872 (the "**OneWest Claim**") against Debtor Homecomings Financial, LLC ("**Homecomings**").    The OneWest Claim asserts a general unsecured claim against Homecomings of "at least $806,590.40."  OneWest Claim, Ex. A.  The asserted "Basis for Claim" is "[b]reach of contract, unjust enrichment, conversion, negligence," and in support of the OneWest Claim, the OneWest Claimants attach a one-page exhibit purporting to describe the basis for the OneWest Claim and a schedule reflecting the amount allegedly owed to the OneWest Claimants.

19.    Based on discussions with OneWest, and a search of the Books and Records, the Liquidating Trust believes that the OneWest Claim is based on an alleged failure by Homecomings to release its lien related to a home equity line of credit ("**HELOC**").

20.    According to the OneWest Claim, in 2005, a borrower obtained a first lien mortgage loan of approximately $543,000 from Citi Mortgage and a HELOC of approximately $100,000 with Homecomings.  On or around September 2, 2005, the borrower subsequently borrowed approximately $640,000 from Indymac Bank and paid off the first lien mortgage loan, and paid down the HELOC.  However, based on the Books and Records and the information provided to the Liquidating Trust by the OneWest Claimants, it appears that the borrower exceeded the payoff amount for the HELOC by several hundred dollars, which resulted in a positive balance and prevented the closing of the HELOC.  Homecomings informed the borrower of the overpayment, but the borrower did not take the steps necessary to close the HELOC account, and subsequently ran up a balance on the HELOC, which was sold by Homecomings  to EZ Homes, who eventually foreclosed on the property.

21.    The OneWest Claim fails to attach, or even reference, any contract between the OneWest Claimants and any of the Debtors that would give rise to a liability owed by the Debtors to the OneWest Claimants, fails to substantiate any other valid basis for liability against the Debtors, and lacks sufficient documentation in support of the alleged claim.  Prior to filing the Objection, counsel to the Liquidating Trust contacted counsel to the OneWest Claimants in an attempt to consensually resolve the OneWest Claim, but to date has been unsuccessful in effectuating a resolution of the OneWest Claim.

**B.    WFBNA**

22.    Wells Fargo Bank, N.A., in its capacity as successor to Wachovia Bank and Wachovia Bank of Delaware ("**WFBNA**") filed unliquidated proofs of claim against the

- 7 -

Debtors on account of the Debtors' accounts with WFBNA.  The eleven proofs of claim at issue are listed on **Exhibit A** annexed to the Proposed Order.[4]

23.    As of the Petition Date, the Debtors maintained 33 accounts at WFBNA. However, all of the Debtors' accounts were closed on or before June 12, 2012, *i.e.*, less than one month following the Petition Date, with no known liabilities outstanding.  The WFBNA Claims were filed five months after the Debtors' accounts were closed, and fail to assert any liquidated amounts or describe any particular grounds for the Debtors' liability.

24.    In fact, in connection with confirmation of the Plan, WFBNA entered into, along with the Debtors, the Committee, Ally Financial Inc. and Ally Bank, the *Stipulated Facts in Connection with the Limited Objection of WFBNA to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured Creditors* (the "**Stipulation**") [Docket No. 5912-1].   Pursuant to the Stipulation, WFBNA acknowledged that all of the Debtors' accounts with WFBNA were closed on or before June 12, 2012. Stipulation ¶ 3.   WFBNA further acknowledged that on December 26, 2012, it "debited approximately $472,000 from AFI's accounts at WFBNA to reimburse itself for payment of a portion of . . . fees and expenses incurred in connection with the Debtor Depositors' accounts." Stipulation ¶ 18.  Thus, it appears that WFBNA incurred exorbitant legal fees *after* the Debtors' accounts with WFBNA were closed, and that WFBNA has already (and inappropriately, unilaterally, and without notice) taken an amount far greater than any claim it may have against the Debtors.

---

[4] Claim Nos. 5048, 5532, 5538, 5549, 5554, 5560, 5566, 5568, 5571, 5574, 5717.

25.    Prior to filing the Objection, counsel to the Liquidating Trust contacted counsel to WFBNA in an attempt to consensually resolve WFBNA's Claims, but to date has been unsuccessful in effectuating a resolution of WFBNA's Claims.

## C.    Citibank

26.    Citibank, N.A., in its capacity as Trustee, filed Claim No. 5607 against GMAC Mortgage, LLC in an unliquidated amount (the "**Citibank Claim**").  The Citibank Claim asserts that GMAC Mortgage, LLC acted as a mortgage servicer with respect to certain mortgage loan securitization transactions for which Citibank is the trustee or indenture trustee.  As an initial matter, the Citibank Claim was satisfied and released under the Plan, pursuant to the RMBS Settlement (as defined in the Plan).  Additionally, the Citibank Claim does not describe any specific claim and acknowledges that "[t]he Debtors <u>may</u> be in breach of certain obligations under the Transaction Documents . . . In addition, Citi <u>may</u> have claims arising out of the Transaction Documents which are contingent or unliquidated, or which have not been discovered as of the date hereof." Attachment to Citibank Claim, ¶ A (emphasis added).  The Liquidating Trust is not aware of any amendments or supplements to the Citibank Claim identifying the basis for any specific claim against the Debtors, much less any claim that has not already been satisfied and released under the Plan.

27.    Prior to filing the Objection, counsel to the Liquidating Trust contacted counsel to Citibank in an attempt to consensually resolve the Citibank Claim, but to date has been unsuccessful in effectuating a resolution of the Citibank Claim.

## D.    Purported Administrative Claims

28.    MidAmerican Energy Co. ("**MidAmerican**") filed Claim No. 7316, asserting an administrative claim against Residential Capital, LLC in the amount of $2,040.29. Such claim was amended and superseded by Claim No. 7451 subsequently filed by

MidAmerican, asserting an administrative claim against Residential Capital, LLC in the amount of $0. Upon a review of MidAmerican's supporting documentation and the Books and Records, the Liquidating Trust determined that no amount is owed to MidAmerican, as such claims have already been paid and satisfied. MidAmerican appears to acknowledge the Debtors have no remaining liability on these claims by filing its amended claim in the amount of $0.

29. Waste Management – RMC filed Claim No. 7327, asserting an administrative claim against Residential Capital, LLC in the amount of $1,254.36 (the "**Waste Management Claim**"). The Liquidating Trust reviewed the Waste Management Claim, the supporting documents filed therewith, and the Books and Records, and determined there is no amount owed by the Debtors to Waste Management – RMC.

30. For the reasons described above, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Liability Claims.

### **RESERVATION OF RIGHTS**

31. To the extent not expunged by this Objection, the Liquidating Trust reserves the right to object further to any of the No Liability Claims on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Claims Objection Procedures Order by or on behalf of any of the claimants or other interested parties; (b) object further to any No

Liability Claims addressed in this Objection for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any No Liability Claims addressed in this Objection based on additional information that may be discovered upon further review by the Liquidating Trust or through discovery.  In addition, as described above and as contemplated and permitted under the Claims Objection Procedures Order, the Liquidating Trust reserves and retains its rights to object to any No Liability Claim addressed in this Objection, but not ultimately expunged, on any and all available grounds.

## NOTICE

32.     The Liquidating Trust has served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Claims Objection Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

33.     No previous request for the relief sought herein as against the holders of the No Liability Claims has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
July 25, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Douglas H. Mannal
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

## **Annex 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S SEVENTY-FIRST OMNIBUS OBJECTION**
**TO CLAIMS  (NO LIABILITY CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.    I am the Chief Claims Officer for the ResCap Liquidating Trust (the

"**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other post-effective date debtors in the above-captioned

Chapter 11 Cases (collectively, the "**Debtors**").   I was formerly employed by affiliates of

ResCap beginning in August of 2001.   In June 2012, I became Senior Director of Claims

Management for ResCap and became Chief Claims Officer of ResCap in October of 2013.   I

began my association with ResCap in 2001 as the Director, Responsible Lending Manager,

charged with managing the Debtors' responsible lending on-site due diligence program.   In 2002,

I became the Director of Quality Asset Management, managing Client Repurchase, Quality

Assurance and Compliance—a position I held until 2006, at which time I became the Vice

President of the Credit Risk Group, managing Correspondent and Broker approval and

monitoring.   In 2011, I became the Vice President, Business Risk and Controls, and supported

GMAC Mortgage, LLC and Ally Bank in this role.   In my current position, I am responsible for

Claims Management and Reconciliation and Client Recovery.   I am authorized to submit this

declaration (the "**Declaration**") in support of the *ResCap Liquidating Trust's Seventy-First Omnibus Objection to Claims (No Liability Claims)* (the "**Objection**").[1]

2.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.     In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** annexed to the Proposed Order.  Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same.  In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.     Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the No Liability Claims at issue, the supporting documents filed therewith, and the Books and Records, it was determined that each No Liability Claim on **Exhibit A** annexed to the Proposed Order fails to establish a claim for which the Debtors are liable.  For the reasons set forth below, in addition to those set forth on **Exhibit A** to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim.

A.     **OneWest Bank**

5.     OneWest Bank ("**OneWest**") and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR23, Mortgage Pass-Through Certificates, Series 2005-AR23 under the Pooling and Servicing Agreement dated September 1, 2005 ("**Deutsche Bank**," and together with OneWest, the "**OneWest Claimants**") filed Claim No. 4872 (the "**OneWest Claim**") against Debtor Homecomings Financial, LLC ("**Homecomings**").    The OneWest Claim asserts a general unsecured claim against Homecomings of "at least $806,590.40."   OneWest Claim, Ex. A.   The asserted "Basis for Claim" is "[b]reach of contract, unjust enrichment, conversion, negligence," and in support of the OneWest Claim, the OneWest Claimants attach a one-page exhibit purporting to describe the

basis for the OneWest Claim and a schedule reflecting the amount allegedly owed to the OneWest Claimants.

6.    Based on discussions with OneWest, and a search of the Books and Records, the Liquidating Trust believes that the OneWest Claim is based on an alleged failure by Homecomings to release its lien related to a home equity line of credit ("**HELOC**").

7.    According to the OneWest Claim, in 2005, a borrower obtained a first lien mortgage loan of approximately $543,000 from Citi Mortgage and a HELOC of approximately $100,000 with Homecomings.  On or around September 2, 2005, the borrower subsequently borrowed approximately $640,000 from Indymac Bank and paid off the first lien mortgage loan, and paid down the HELOC.  However, based on the Books and Records and the information provided to the Liquidating Trust by the OneWest Claimants, it appears that the borrower exceeded the payoff amount for the HELOC by several hundred dollars, which resulted in a positive balance and prevented the closing of the HELOC.  Homecomings informed the borrower of the overpayment, but the borrower did not take the steps necessary to close the HELOC account, and subsequently ran up a balance on the HELOC, which was sold by Homecomings to EZ Homes, who eventually foreclosed on the property.

8.    The OneWest Claim fails to attach, or even reference, any contract between the OneWest Claimants and any of the Debtors that would give rise to a liability owed by the Debtors to the OneWest Claimants, fails to substantiate any other valid basis for liability against the Debtors, and lacks sufficient documentation in support of the alleged claim.

**B.**    **WFBNA**

9.    Wells Fargo Bank, N.A., in its capacity as successor to Wachovia Bank and Wachovia Bank of Delaware ("**WFBNA**") filed unliquidated proofs of claim against the

- 4 -

Debtors on account of the Debtors' accounts with WFBNA.  The eleven proofs of claim at issue are listed on **Exhibit A** annexed to the Proposed Order.[2]

10.    As of the Petition Date, the Debtors maintained 33 accounts at WFBNA. However, all of the Debtors' accounts were closed on or before June 12, 2012, *i.e.*, less than one month following the Petition Date, with no known liabilities outstanding.  The WFBNA Claims were filed five months after the Debtors' accounts were closed, and fail to assert any liquidated amounts or describe any particular grounds for the Debtors' liability.

11.    In connection with confirmation of the Plan, WFBNA entered into, along with the Debtors, the Committee, Ally Financial Inc. and Ally Bank, the *Stipulated Facts in Connection with the Limited Objection of WFBNA to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured Creditors* (the "**Stipulation**") [Docket No. 5912-1].   Pursuant to the Stipulation, WFBNA acknowledged that all of the Debtors' accounts with WFBNA were closed on or before June 12, 2012. Stipulation ¶ 3. WFBNA further acknowledged that on December 26, 2012, it "debited approximately $472,000 from AFI's accounts at WFBNA to reimburse itself for payment of a portion of . . . fees and expenses incurred in connection with the Debtor Depositors' accounts."  Stipulation ¶ 18.  Thus, it appears that WFBNA incurred exorbitant legal fees *after* the Debtors' accounts with WFBNA were closed, and that WFBNA has already taken an amount far greater than any claim it may have against the Debtors.

C.    **Citibank**

12.    Citibank, N.A., in its capacity as Trustee, filed Claim No. 5607 against GMAC Mortgage, LLC in an unliquidated amount (the "**Citibank Claim**").  The Citibank Claim

---

[2] Claim Nos. 5048, 5532, 5538, 5549, 5554, 5560, 5566, 5568, 5571, 5574, 5717.

asserts that GMAC Mortgage, LLC acted as a mortgage servicer with respect to certain mortgage

loan securitization transactions for which Citibank is the trustee or indenture trustee.  As an

initial matter, the Citibank Claim was satisfied and released under the Plan, pursuant to the

RMBS Settlement (as defined in the Plan).  Additionally, the Citibank Claim does not describe

any specific claim and acknowledges that "[t]he Debtors <u>may</u> be in breach of certain obligations

under the Transaction Documents . . . In addition, Citi <u>may</u> have claims arising out of the

Transaction Documents which are contingent or unliquidated, or which have not been discovered

as of the date hereof." Attachment to Citibank Claim, ¶ A (emphasis added).  The Liquidating

Trust is not aware of any amendments or supplements to the Citibank Claim identifying the basis

for any specific claim against the Debtors, much less any claim that has not already been

satisfied and released under the Plan.

### D.    <u>Purported Administrative Claims</u>

13.    MidAmerican Energy Co. ("**<u>MidAmerican</u>**") filed Claim No. 7316,

asserting an administrative claim against Residential Capital, LLC in the amount of $2,040.29.

Such claim was amended and superseded by Claim No. 7451 subsequently filed by

MidAmerican, asserting an administrative claim against Residential Capital, LLC in the amount

of $0.    Upon a review of MidAmerican's supporting documentation and the  Books and

Records, the Liquidating Trust determined that no amount is owed to MidAmerican, as such

claims have already been paid and satisfied.  MidAmerican appears to acknowledge the Debtors

have no remaining liability on these claims by filing its amended claim in the amount of $0.

14.    Waste Management – RMC filed Claim No. 7327, asserting an

administrative claim against Residential Capital, LLC in the amount of $1,254.36 (the "**<u>Waste</u>**

**<u>Management Claim</u>**").  The Liquidating Trust reviewed the Waste Management Claim, the

supporting documents filed therewith, and the Books and Records, and determined there is no amount owed by the Debtors to Waste Management – RMC.

15.    If the No Liability Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive a wholly improper recover to the detriment of other creditors.

16.    Accordingly, based upon the Liquidating Trust's review and for the reasons set forth in the Objection, I have determined that each No Liability Claim that is the subject of the Objection should be disallowed and expunged it its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 25, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust

**<u>Annex 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the seventy-first omnibus objection to claims (the "**Objection**")[1] of the

ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"), disallowing and

expunging the No Liability Claims, as more fully described in the Objection; and it appearing

that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the

Objection and the *Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Seventy-First Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as

**Annex 1**; and the Court having found and determined that the relief sought in the Objection is in

the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and

all parties in interest and that the legal and factual bases set forth in the Objection establish just

cause for the relief granted herein; and the Court having determined that the Objection complies

with the Claims Objection Procedures Order; and after due deliberation and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The relief requested in the Objection is granted to the extent provided

herein.

2.     Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on

**Exhibit A** annexed hereto are hereby disallowed and expunged in their entirety with prejudice.

3.     Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and

noticing agent, is directed to disallow and expunge the claims identified on the schedule attached

as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims

Register.

4.     The Liquidating Trust and KCC are authorized and empowered to take all

actions as may be necessary and appropriate to implement the terms of this Order.

5.     Notice of the Objection as provided therein shall be deemed good and

sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case

Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection

Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

- 2 -

6.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

7.      This Order shall be a final order with respect to each of the  claims identified on **Exhibit A** annexed hereto, as if each such claim had been individually objected to.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
          New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SEVENTY-FIRST OMNIBUS OBJECTION - NO LIABILITY CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Citibank, N.A., in its capacity as Trustee<br>Jennifer V. Doran, Esq.<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109 | 5607 | 11/16/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | The claim has been resolved through the RMBS Settlement under the Plan. |
| 2 | MidAmerican Energy Co<br>PO Box 4350 Credit<br>Davenport, IA 52808 | 7316 | 01/06/2014 | $2,040.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim has already been paid and satisfied. |
| 3 | MidAmerican Energy Co<br>PO Box 4350 Credit<br>Davenport, IA 52808 | 7451 | 02/21/2014 | $0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim has already been paid and satisfied. |
| 4 | OneWest Bank and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR23, Mortgage Pass-Through Certificates Series 2005-AR23 under the Pooling and Servicing Agreement dated Sept 1, 2005<br>John Maston ONeal | 4872 | 11/15/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 5 | Wachovia Bank and Wachovia Bank of Delaware Now Succeeded by Wells Fargo Bank NA WFBNA<br>c/o James Donnell<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 | 5532 | 11/14/2012 | UNLIQUIDATED<br>UNLIQUIDATED<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Passive Asset Transactions, LLC | 12-12044 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 6 | Wachovia Bank and Wachovia Bank of Delaware Now Succeeded by Wells Fargo Bank NA WFBNA<br>c/o James Donnell<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 | 5538 | 11/14/2012 | UNLIQUIDATED<br>UNLIQUIDATED<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RFC Asset Holdings II, LLC | 12-12065 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 7 | Wachovia Bank and Wachovia Bank of Delaware Now Succeeded by Wells Fargo Bank NA WFBNA<br>c/o James Donnell<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 | 5549 | 11/14/2012 | UNLIQUIDATED<br>UNLIQUIDATED<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-FIRST OMNIBUS OBJECTION - NO LIABILITY CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Wachovia Bank and Wachovia Bank of Delaware Now Succeeded by Wells Fargo Bank NA WFBNA c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5560 | 11/14/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 9 | Wachovia Bank and Wachovia Bank of Delaware Now Succeeded by Wells Fargo Bank NA WFBNA c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5568 | 11/14/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 10 | Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A. (WFBNA) c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5048 | 11/15/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Consumer Services, LLC | 12-12058 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 11 | Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A. (WFBNA) c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5554 | 11/14/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 12 | Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A. (WFBNA) c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5566 | 11/14/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | ditech, LLC | 12-12021 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 13 | Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A. (WFBNA) c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5571 | 11/14/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 14 | Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A. (WFBNA) c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5574 | 11/14/2012 | UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-FIRST OMNIBUS OBJECTION - NO LIABILITY CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 15 | Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A. (WFBNA) c/o James Donnell Winston & Strawn LLP 200 Park Avenue New York, NY 10166-4193 | 5717 | 11/16/2012 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Holdings II, LLC | 12-12065 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 16 | Waste Management - RMC 2625 W Grandview Ste #150 Phoenix, AZ 85023 | 7327 | 01/13/2014 | $1,254.36 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |