**Presentment Date and Time: August 4, 2014 at 5:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: August 4, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------------ | ) |  |

**NOTICE OF PRESENTMENT OF MOTION TO EXTEND**
**THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On July 25, 2014, the ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), filed the annexed *Motion to Extend the Date by which Objections to Claims Must be Filed* (the "**Motion**").

2.      Attached as **Exhibit 1** to the Motion is a proposed order granting the relief sought in the Motion (the "**Proposed Order**").

3.      The Liquidating Trust will present the Proposed Order to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004-1408, for signature on **August 4, 2014 at 5:00 p.m.** (prevailing Eastern Time).

4.      Any objections to the Proposed Order must be made in writing, filed with the Court (with a copy to chambers), in accordance with the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court (the "**Case Management Order**") [Docket No. 141], and served on the Special Service List, as the term is defined in the Case Management Order, so as to be received no later than **August 4, 2014 at 4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

5.      If no objections to the entry of the Proposed Order are timely filed and served on or before the Objection Deadline, the Proposed Order may be entered by the Court without a hearing or any further notice to any party.

6.      If an objection to the entry of the Proposed Order is received in accordance with the terms outlined above, then a hearing to consider entry of the Proposed Order shall be held on **August 13, 2014 at 10:00 a.m.** (prevailing Eastern Time).

7.      A copy of the Proposed Order can be viewed and obtained for a fee via PACER at www.pacer.gov or without charge on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:  July 25, 2014
        New York, New York

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                /s/ Douglas H. Mannal
                                Kenneth H. Eckstein
                                Douglas H. Mannal
                                Joseph A. Shifer
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Telephone: (212) 715-9100
                                Facsimile: (212) 715-8000

                                *Counsel for the ResCap Liquidating Trust*

**Presentment Date and Time: August 4, 2014 at 5:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: August 4, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION TO EXTEND THE DATE BY WHICH**
**OBJECTIONS TO CLAIMS MUST BE FILED**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit 1**, to extend the date by which objections to Claims (defined below) must be filed. In support of the Motion, the Liquidating Trust submits the declaration of Deanna Horst, Chief Claims Officer for the Liquidating Trust (the "**Horst Declaration**"), attached hereto as **Exhibit 2**. In support of the Motion, the Liquidating Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article XII of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates of this Motion are sections 105(a) and 1141 of title of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

2.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.     On June 30, 2012, each of the Debtors filed with the Court its schedule of assets and liabilities and statement of financial affairs [Docket Nos. 548 – 597 and 649] (the "**Schedules and Statements**").[1]

4.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

5.     On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No.

---

[1] The Debtors filed amended schedules for Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, and Homecomings Financial, LLC on July 3, 2012. [Docket Nos. 683-688]. On June 9, 2014, the Court entered an order authorizing the reduction and amendment of the scheduled amounts for certain claims on the schedules for Residential Funding Company, LLC and GMAC Mortgage, LLC [Docket No. 7078].

1309] (the "**Bar Date Order**").  The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").  Bar Date Order at ¶¶ 2-3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

6.     On March 21, 2013, the Court entered an order approving certain omnibus claim objection procedures [Docket No. 3294] (the "**Claims Objection Procedures Order**").

7.     On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2] On December 17, 2013, the Effective Date of the Plan occurred (the "**Effective Date**"), and, among other things, the Liquidating Trust was established [Docket No. 6137]. The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.

8.     The ResCap Borrower Claims Trust (the "**Borrower Claims Trust**") was established by the Plan to resolve Borrower Claims and make distributions to Borrowers on account of Allowed Borrower Claims from a fund transferred to the Borrower Claims Trust

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

under the Plan. *See* Plan, Art. IV.F. The Liquidating Trust consulted with counsel to the Borrower Claims Trust prior to submitting the Motion.

9.    The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." *See* Confirmation Order ¶ 50(f). As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of administrative claims must file requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

10.    To date, 7,470 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.  The Claims consist of 3,035 Borrower Claims with asserted liabilities of approximately $15.4 billion, plus unliquidated amounts, and 4,435 Non-Borrower Claims with asserted liabilities of $94.6 billion, plus unliquidated amounts.  In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims are identified in the Schedules.

## REQUESTED RELIEF

11.    Article VIII.A.3 of the Plan provides that the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." In addition, Article IV.F of the Plan, as well as the provisions of the Borrower Claims Trust Agreement provide similar authority to the Borrower Claims Trust with respect to Borrower Claims.

12.     Pursuant to Article I.A.54 of the Plan, the term "Claims Objection Deadline" is defined, as "(i) two hundred seventy (270) days following the Effective Date or (ii) such other later date the Bankruptcy Court may establish upon a motion by the Liquidating Trust, which motion may be approved without a hearing and without notice to any party." As the Effective Date of the Plan occurred on December 17, 2013, the Claims Objection Deadline is currently Monday, September 15, 2014.[3]

13.     By this Motion, the Liquidating Trust seeks an extension of the Claims Objection Deadline of approximately nine months, through and including June 15, 2015.

## BASIS FOR RELIEF REQUESTED

14.     Pursuant to Rule 9006(b)(1) of the Bankruptcy Rules, "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1).

15.     Additionally, section 1141(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind all creditors and equity security holders under the plan "whether or not such creditor, equity security holder, or general partner has accepted the plan." As indicated above, Article I.A.54 of the Plan expressly provides the Court with the discretion to extend the Claims Objection Deadline, without the need for a hearing or notice.  Here, there is ample cause supporting an extension of the Claims Objection Deadline.

---

[3] Pursuant to Article I.C. of the Plan, this date accounts for the application of Bankruptcy Rule 9006(a) to compute any period of time prescribed or allowed in the Plan. Since 270 days following the Effective Date falls on Saturday, September 13, 2014, the Claims Objection Deadline is not until the next day that is not a weekend day or legal holiday, *i.e.*, Monday, September 15, 2014.

16.     Since the Effective Date, the Liquidating Trust, as well as the Borrower Claims Trust, has undertaken a comprehensive review of the Claims. To date, the Debtors (prior to the Effective Date) as well as the Liquidating Trust and the Borrower Claims Trust (after the Effective Date) have successfully filed and prosecuted sixty-six omnibus and twenty-one individual claims objections that resulted in the expungement of approximately 3,357 Claims, consisting of more than $267.3 million in administrative expense claims, $16.7 billion in priority claims, $1.1 billion in secured claims, and $12.6 billion in general unsecured claims. In addition, through negotiations and informal objections as contemplated in the Claims Objection Procedures Order and the Plan, the Debtors, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 2,493 Claims, consisting of more than $132.3 million in administrative expense claims, $1.0 billion in priority claims, $14.8 billion in secured claims, and $61.7 billion in general unsecured claims. To date, 2,290 Borrower Claims with asserted liabilities of $11.8 billion have been resolved, expunged or withdrawn, and 3,560 Non-Borrower Claims with asserted liabilities of $96.5 billion have been resolved, expunged or withdrawn. Thus, as a result of these efforts, approximately 78.1% of the Claims have either been expunged, resolved or otherwise withdrawn.

17.     While the claims reconciliation process has successfully addressed the vast majority of the Claims, there remain 1,620 unresolved Claims (including duplicative claims against multiple Debtors), consisting of approximately $6.5 million in administrative expense claims, $458.6 million in priority claims, $174.2 million in secured claims, and $1.0 billion in general unsecured claims, as well as 349 unliquidated claims (together, the "**Unresolved Claims**"). The Unresolved Claims include 648 Borrower Claims with asserted liabilities of $989.0 million and 972 Non-Borrower Claims with asserted liabilities of $0.7 billion. The

Liquidating Trust (as well as the Borrower Claims Trust) is currently in the process of reconciling the Unresolved Claims which, by their nature, tend to require more time and involvement to assess and resolve than many of the claims that have already been expunged, satisfied, or otherwise resolved.

18.    Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation processes.  The Liquidating Trust believes that extending the Claims Objection Deadline to June 15, 2015 will allow it and the Borrower Claims Trust to dedicate the necessary time and resources toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims.  This extension should not prejudice claimants; to the contrary, creditors will ultimately receive greater distributions if both the Liquidating Trust and the Borrower Claims Trust are given the opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those claims that are improperly filed or unsubstantiated.  During this extension, the Liquidating Trust and the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

19.    While additional extensions of time may be necessary – and the Liquidating Trust expressly reserves the right to seek such additional extensions – the Liquidating Trust and the Borrower Claims Trust will attempt to resolve, and, if necessary, file objections to, as many of the Unresolved Claims as possible before the expiration of the extended Claims Objection Deadline.

20.    Given the magnitude of these Chapter 11 Cases and the Unresolved Claims, the Liquidating Trust submits that a nine month extension of the Claims Objection Deadline is warranted.  Similar relief has been granted by the Court in other cases.  *See In re*

*Gen. Mar. Corp.*, No. 11-15285 (Bankr. S.D.N.Y. May 13, 2014) (extending claims objection deadline by cumulative period of approximately thirty months from plan effective date); *In re BGI, Inc. (f/k/a Borders Group, Inc.)*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. March 14, 2014) (extending claims objection deadline by cumulative period of over thirty-two months from plan effective date); *In re Oldco M Corporation (f/k/a Metaldyne Corporation)*, Case No. 09-13412 (MG) (Bankr. S.D.N.Y. June 5, 2013) (extending claims objection deadline by cumulative period of approximately forty-one months from plan effective date).

## **NOTICE**

21.     Pursuant to the Notice, Case Management, and Administrative Procedures approved by the Court (the "**Case Management Order**") [Docket No. 141], notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Case Management Order) and to all claimants with Unresolved Claims.  Because Article I.A.54 of the Plan expressly states that the Liquidating Trust may move this Court to extend the Claims Objection Deadline without hearing or notice, the Liquidating Trust submits that no further notice of the Motion is necessary.

## **NO PRIOR REQUESTS**

22.     No previous request for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully request that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit 1**, extending the Claims Objection Deadline to June 15, 2015; and (ii) grant such other and further relief as the Court may deem proper.

Dated:  July 25, 2014
       New York, New York

                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                    /s/ Douglas H. Mannal
                                    Kenneth H. Eckstein
                                    Douglas H. Mannal
                                    Joseph A. Shifer
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 715-9100

                                    *Counsel for the ResCap Liquidating Trust*

## <u>EXHIBIT 1</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | ) |                          |
| In re:                   | ) | Case No. 12-12020 (MG)   |
|                          | ) |                          |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11      |
|                          | ) |                          |
| Debtors.                 | ) | Jointly Administered     |
|                          | ) |                          |

## ORDER EXTENDING THE DATE BY WHICH
## OBJECTIONS TO CLAIMS MUST BE FILED

Upon the motion (the "**Motion**")[1] filed by the ResCap Liquidating Trust (the

"**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the

above-captioned cases (the "**Chapter 11 Cases**"), for an order to extend the Claims Objection

Deadline, as more fully set forth in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and the Amended

Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided, and no other or further notice need be

provided; and the relief requested in the Motion being in the best interests of the Liquidating

Trust, the Liquidating Trust's beneficiaries, the Borrower Claims Trust, the Borrower Claims

Trust's beneficiaries, and the Debtors; and the Court having reviewed the Motion and the

*Declaration of Deanna Horst in Support of the Motion to Extend the Date by Which Objections*

*to Claims Must be Filed* annexed to the Motion as **Exhibit 2**; and the Court having determined

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The Claims Objection Deadline with respect to all Claims is extended to

June 15, 2015, without prejudice to the Liquidating Trust's ability to seek further extensions.

3.      The Court shall retain jurisdiction relating to the interpretation and

implementation of this Order.

Dated:   _____, 2014
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 2

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE
MOTION TO EXTEND THE DATE BY WHICH
OBJECTIONS TO CLAIMS MUST BE FILED**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for the ResCap Liquidating Trust (the

"**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other post-effective date debtors in the above-captioned

Chapter 11 Cases (collectively, the "**Debtors**").   I was formerly employed by affiliates of

ResCap beginning in August of 2001.   In June 2012, I became Senior Director of Claims

Management for ResCap and became Chief Claims Officer of ResCap in October of 2013.   I

began my association with ResCap in 2001 as the Director, Responsible Lending Manager,

charged with managing the Debtors' responsible lending on-site due diligence program.   In 2002,

I became the Director of Quality Asset Management, managing Client Repurchase, Quality

Assurance and Compliance—a position I held until 2006, at which time I became the Vice

President of the Credit Risk Group, managing Correspondent and Broker approval and

monitoring.   In 2011, I became the Vice President, Business Risk and Controls, and supported

GMAC Mortgage, LLC and Ally Bank in this role.   In my current position, I am responsible for

Claims Management and Reconciliation and Client Recovery.   I am authorized to submit this

declaration (the "**Declaration**") in support of the *Motion to Extend the Date by Which Objections to Claims Must be Filed* (the "**Motion**").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents.  Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same.  In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

4.      Under my supervision, considerable resources and time have been
expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim
filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate
personnel and professional advisors.

5.      To date, 7,470 unsecured, secured, priority, and administrative proofs of
claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with
asserted liabilities in excess of $110.0 billion, plus unliquidated amounts.  The Claims consist of
3,035 Borrower Claims with asserted liabilities of approximately $15.4 billion, plus unliquidated
amounts, and 4,435 Non-Borrower Claims with asserted liabilities of $94.6 billion, plus
unliquidated amounts.  In addition, approximately 6,189 additional unsecured, secured, priority,
and administrative claims are identified in the Schedules.

6.      Since the Effective Date, the Liquidating Trust, as well as the Borrower
Claims Trust, has undertaken a comprehensive review of the Claims.  To date, the Debtors (prior
to the Effective Date) as well as the Liquidating Trust and the Borrower Claims Trust (after the
Effective Date) have successfully filed and prosecuted sixty-six omnibus and twenty-one
individual claims objections that resulted in the expungement of approximately 3,357 Claims,
consisting of more than $267.3 million in administrative expense claims, $16.7 billion in priority
claims, $1.1 billion in secured claims, and $12.6 billion in general unsecured claims.  In addition,
through negotiations and informal objections as contemplated in the Claims Objection
Procedures Order and the Plan, the Debtors, the Liquidating Trust and the Borrower Claims
Trust have resolved or otherwise effectuated the withdrawal of approximately 2,493 Claims,
consisting of more than $132.3 million in administrative expense claims, $1.0 billion in priority
claims, $14.8 billion in secured claims, and $61.7 billion in general unsecured claims.  To date,

2,290 Borrower Claims with asserted liabilities of $11.8 billion have been resolved, expunged or withdrawn, and 3,560 Non-Borrower Claims with asserted liabilities of $96.5 billion have been resolved, expunged or withdrawn.  Thus, as a result of these efforts, approximately 78.1% of the Claims have either been expunged, resolved or otherwise withdrawn.

7.      While the claims reconciliation process has successfully addressed the vast majority of the Claims, there remain 1,620 unresolved Claims (including duplicative claims against multiple Debtors), consisting of approximately $6.5 million in administrative expense claims, $458.6 million in priority claims, $174.2 million in secured claims, and $1.0 billion in general unsecured claims, as well as 349 unliquidated claims (together, the "**Unresolved Claims**").  The Unresolved Claims include 648 Borrower Claims with asserted liabilities of $989.0 million and 972 Non-Borrower Claims with asserted liabilities of $0.7 billion.  The Liquidating Trust (as well as the Borrower Claims Trust) is currently in the process of reconciling the Unresolved Claims which, by their nature, tend to require more time and involvement to assess and resolve than many of the claims that have already been expunged, satisfied, or otherwise resolved.

8.      Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation processes.  The Liquidating Trust believes that extending the Claims Objection Deadline to June 15, 2015 will allow it and the Borrower Claims Trust to dedicate the necessary time and resources toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims.  This extension should not prejudice claimants; to the contrary, creditors will ultimately receive greater distributions if both the Liquidating Trust and the Borrower Claims Trust are given the opportunity to review, negotiate and, where appropriate, seek to expunge or reduce those claims that are improperly filed or

unsubstantiated.    During this extension, the Liquidating Trust and the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 25, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust