LAW OFFICES OF
EDWARD N. TOBIAS, L.L.C.
226 Richwood Road
Mullica Hill, New Jersey 08062
(732) 766-3903
**ATTORNEYS PRO SE FOR:**
**Edward N. Tobias and Suzanne Koegler**

---

EDWARD N. TOBIAS and
SUZANNE M. KOEGLER

Claimant(s).

In re:

RESIDENTIAL CAPITAL, LLC, et al.

Debtor(s)

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

CASE NO.

12-12020 (MG)

CHAPTER 11
JOINTLY ADMINISTERED

---

**NOTICE OF OBJECTION TO RESCAP BORROWERS CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY BORROWER CLAIMS)**

**Suzanne Koegler and Edward Tobias**

**Claim No. 1466**
**Filed 10/22/12**

[RECEIVED JUL 24 2014 U.S. BANKRUPTCY COURT, SDNY]

PLEASE TAKE NOTICE that Claimant(s) Suzanne Koegler and Edward Tobias hereby object to RESCAP BORROWERS CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS).

Recitals

1. At the time of the bankruptcy filing of GMAC Mortgage, LLC and other related entities (GMAC), claimants were current loan customers based on loans originated and serviced by one of the debtors for the property located at 93 Wisconsin St., Long Beach, New York. Per Claim No. 1466, dated October 17, 2012 and marked as filed on October 22,

2012, claimants advised that claims for damages based Consumer Fraud or other claim / affirmative defenses to foreclosure requesting monetary relief were being made in the amount of $1,000,000.00 for the property[1]. At the time of filing, documents were not available because the Complaint in the matter(s) had not yet been filed.[2]

2. Notice is hereby given that the Trust should direct correspondence and reply to this response to the current address of the Claimant(s):

Suzanne Koegler and Edward Tobias
226 Richwood Road
Mullica Hill, New Jersey 08062

3. Claimant(s) Suzanne Koegler and Edward Tobias possess ultimate authority to reconcile, settle, or otherwise resolve these claim(s); the telephone number of Claimant(s) is (732) 766-3903.

4. Claimant(s) request permission to participate telephonically in the hearing, scheduled on August 13, 2014, or other date as determined by the Bankruptcy Court.

Response

On May 29, a Hearing was held regarding the ResCap Borrower Claims Trust's Sixty-First Omnibus Objection to Claims (No Liability Borrower Claims) (ECF Doc. #6777). That Objection related to Claim No. 1467 (75 Princeton Oval, Freehold, NJ ("the Freehold Property")), which claim was disallowed and expunged pursuant to the Memorandum Opinion and Order of the Hon. Martin Glenn, issued June 5, 2014 (ECF Doc. #7052). The instant Objection and Claim No. 1466 relates to real property located at 93 Wisconsin Street, Long Beach, NY (the "Long Beach Property"). As noted by Judge Glenn, only the "Freehold Property" (Claim No. 1467) is subject to the Order (Id., P3); thus this response will serve to detail the substantive and factual differences between the two claims and show that the reasons for expungement outlined in the Order do not apply to the claim related to the "Long Beach Property" and that the facts asserted against Debtor Residential Capital, LLC ("ResCap") form the basis for a valid claim against ResCap.

In connection with the Freehold Property, on May 9, 2003, GMAC Mortgage Corp., n/k/a GMACM originated a $320,000 loan to the Claimants (the "Freehold Loan"). GMACM serviced the Freehold Loan until servicing was transferred to Green Tree Servicing on February 1, 2013. In connection with the Long Beach Property, on September 2, 2005, GMAC Mortgage Corp., n/k/a GMACM originated a $299,000 loan to the Claimants (the "Long Beach Loan"). GMACM serviced the Long Beach Loan until servicing was transferred to Ocwen Servicing on February 16, 2013.

---

[1] The amount of $1,000,000.00 requested as relief was a token amount. At the time of filing actual damages were unknown. Actual damages can now be approximated as detailed further in this submission. Additionally at that time, there was uncertainty whether one or both of these loans would be subject to foreclosure, therefore such defenses were preserved.

[2] On October 28, 2013, a Complaint was filed by Claimant(s) against Debtor(s) in the United States District Court, District of New Jersey (Civil Action No. 3:13-CV-6471 (PGS(TJB))

The Order discusses one of the most significant differences between the two properties, that the Freehold Loan was never referred to foreclosure and that there was no instance where the Claimants contacted the Debtors regarding a loan modification or any other loss mitigation option. On February 14, 2013 Claimants sent GMACM a Borrowers Response Package related to the Long Beach Property only (See attached). They received no response other than the letter, dated February 16, 2013, advising that their account had already been transferred to Ocwen on February 1, 2013. The Loan History obtained from the Trustee indicates that the Long Beach Loan was considered "distressed."(See attached) Conversely, the Freehold Loan was considered current and servicing was transferred to Green Tree. (See attached) The difference between these two properties stems directly from Claimant's request for loan forbearance and its extension, above and beyond the "matter of course" granting of late charge bypasses due to Sandy. Further, on June 1, 2013, Claimants sent a check in the amount of $19,001.68 in full payment of the forbeared amount. Therefore, these facts stand in direct contravention of the Trustees records concerning the Freehold property and consequently the Court's Opinion related to that property. This also is addressed in Plaintiffs' Response of January 7, 2013 regarding Count 3 of the Complaint[3]. As such, Claimants reassert the legal arguments put forward against Ocwen and GMACM on January 7, 2014 in the instant Response.

Further, the Order merely notes that the Claimants referenced the Consent Judgment between GMACM and the Justice Department. But it is important to document that this consent judgment resolves the claims of the United States and forty-nine other states, including New Jersey and New York, the location of the subject properties, as set forth in their complaint on March 12, 2012 (revised March 14, 2012), alleging that Residential Capital, LLC, Ally Financial, Inc., and GMAC Mortgage, LLC (collectively, "Defendant") violated, among other laws, the Unfair and Deceptive Acts and Practices laws of the Plaintiff States and settles claims for misconduct related to their origination and servicing of single family residential mortgages. (See attached). The Complaint itself states that Defendant GMACM, in the course of their origination of mortgage loans in the Plaintiff States, engaged in a pattern of unfair and deceptive practices. Among other consequences, these practices caused borrowers in the Plaintiff States to enter into unaffordable mortgage loans that led to increased foreclosures in the States. Under the circumstance, Claimants were the victims of one such unaffordable loan. Indeed, Claimants assert that the heightened pleading standards imposed by Rule 9(b) for fraud-based claims has been met in their submissions. Given the history of the Justice Department Complaint and the Consent Decree entered into by GMACM, it is disingenuous for GMACM to state that it has not

---

[3] As an attorney, I have never before received a Motion to Dismiss the Complaint prior to receiving the courtesy (and right) of an Answer. I have also never been denied access to the "courthouse steps" in such a similar manner as Mr. Iqbal (See Ascroft v. Iqbal, 556 U.S. 662, 678 (2009)), nor I have I ever been denied access to discovery. The documents attached to the instant Response are copies of documents sent to GMACM that should still be resident in the corporate archives. The documents sent by the ResCap Trustee are woefully inadequate. **Yet, the Loan History provided by the Trustee for purposes of the instant Objection (See attached) provides the specific documentation alluded to within Claimant/Plaintiffs argument related to Count 3 of the original Complaint.** This denial of access to discovery has prejudiced Claimant/Plaintiffs' ability to prove the allegations made in their Complaint. Although, to date Ocwen and GMACM have yet to comply with their obligations to make initial disclosures pursuant to federal Rule of Civil Procedure 26(a)(1), Claimants assert that the documents attached to their submissions put forward enough evidence to support the claims made in the original Complaint and Claim No. 1466 and respectfully await the decisions of the Bankruptcy Court and Federal Court regarding the claims, amendments, and responses submitted thereto.

had fair notice of any allegation of fraud made against it by any and all borrowers in the Plaintiff States.

Significantly, the Consent Agreement Release also details the United States' civil claims based on the conduct of the banks in originating mortgage loans, such as the Long Beach Loan. This origination conduct includes deficiencies relating to "Valuing the properties used as collateral for such loans, including use of employee, independent and vendor management appraisers and alternative valuation methods such as AVMs and BPOs" and the " Advertising of loans and solicitation of borrowers" It is just this conduct that describes the Defendants' market manipulations resulting in inflated market values at the time of purchase as documented in the GMACM SmartWatch Report (See attached). [4]

Claimants have provided copious documents in conjunction with their obligations to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). These documents serve to detail the factual basis of Claimants' claims. On February 14, 2014, Claimants provided such documentation regarding their claims to BLANK ROME LLP, Michael P. Trainor, Esq. Attorneys for Defendants William C. Erbey, Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and GMAC Mortgage, LLC. Additionally, factual documentation was provided in answer to the Ocwen/GMACM Motions to Dismiss. (See attached) Unfortunately, because the attorney for Ocwen answered mistakenly on behalf of the Trust[5], these documents seemingly were not conveyed to the Trust. This mistake should not be allowed to adversely affect Claimants' assertions. In all circumstances, they were under the impression that GMACM was adequately represented and properly responding to Claimant/Plaintiffs' motions.

The accompanying Briefs and Responses were not originally attached to Claimants' Response to the Sixty-First Objection because the facts did not concern the Freehold Property. Because the arguments presented relate specifically to the facts presented in the Sixty-Ninth Objection, the Response, dated January 7, 2014 is included and incorporated herein by reference. Because Counsel for Ocwen mistakenly argued on behalf of GMACM, their Brief and Reply are also attached. Pursuant to the Letter Order of the Hon. Tonianne Bongiovanni, dated May 20, 2014, these motions have been administratively terminated without prejudice. Accordingly, Claimant respectfully requests permission to file same with the Bankruptcy Court as these motions directly relate to Claim No. 1466[6].

---

[4] One could not just watch a few hours of television without being bombarded by the incessant commercials from DiTech (a subsidiary of GMACM) extolling the merits of purchasing property. In fact, if able to testify, I will state that it was just these commercials that significantly led to my decision to purchase the Long Beach Property. Proper Discovery would allow me to compare the timeline of these commercials with my buying decision. Since many other persons were also affected by this fraudulent advertising, housing prices were significantly overpriced. The smartwatch report itself states that the property appraised for $390,000 at the time of purchase, and appreciated to $422,000 in two short years. Unfortunately, I did try to list the property for such an inflated figure (See attached) but was unable to come close to that price. Included in my discovery submission is communication from my realtor that even before Superstorm Sandy the highest price possible was $325,000 (that I was prepared to accept as of September 21, 2012, one month before the storm. So, yes, in good faith I believe I was caused to overpay and eventually suffer a loss by GMACM's wrongful conduct predating the bankruptcy.

[5] This mistake was not asserted against Claimant/Plaintiffs until May 19, 2014.

[6] Motions filed by counsel for Ocwen mistakenly included GMACM as co-movant. On May 19, 2014, substituted counsel for GMACM withdrew from all pending motions. Accordingly, attached exhibits are included only as background information the Court and not intended to assert any argument on behalf of GMACM.

   For the purposes of stating a loss amount for the purposes of this claim only, I certify that the basis of the property, located at 93 Wisconsin Street, Long Beach, New York is approximately $425,000.00 (including purchase price and improvements thereto). The highest offer made on the property prior to Superstorm Sandy was $325,000.00 (See attached). Accordingly, Claim No. 1466 is amended to state a $100,000.00 loss for the purposes of this Response to Omnibus Objection No. Sixty-Nine.[7]

   For the reasons identified above, Edward N. Tobias and Suzanne M. Koegler request that the Bankruptcy Court grant Claimant(s) OBJECTION TO RESCAP BORROWERS CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS).

            Respectfully submitted this 23rd day of July, 2014.

            LAW OFFICES OF EDWARD N. TOBIAS, L.L.C.

            By: Edward N. Tobias, Esq.

            Dated: July 23, 2014

---

[7] The October 9, 2013 sale price of $210,000.00, together with the insurance recovery, to date, of $100,189.55 equals a post-Sandy recovery of $310,189.55, which approximates the pre-Sandy offer. Other losses related to the property are not included herein. For the purposes of this Submission only, Claimant will stipulate a loss of $100,000.00