UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: RESIDENTIAL CAPITAL, LLC, et al., <br>     Debtors, <br><br> In the Matter of Order Estimating Claims and Establishing Disputed Claims Reserve: RONALD A. ERIKSEN and JULIE A. ERIKSEN <br>     Claimants. | ) <br> ) <br> ) Case No. 12-12020 (MG) <br> ) <br> ) <br> ) Honorable Martin Glenn <br> ) <br> ) <br> ) |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on August 13, 2014, Ron and Julie Eriksen at 10:00 a.m. will appear before the Honorable Martin Glenn, or any Judge sitting in his stead, in room 501, or any other room so designated, in the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004 and his "MOTION FOR EXTENSION OF TIME TO RESPOND TO DEBTOR, GMAC MORTGAGE, LLC, OBJECTIONS TO CLAIM NOS. 5573 AND 5580," a copy of which is attached hereto and hereby served upon you.

Dated:  July 24, 2014

Respectfully submitted:

/s/ Ronald A. Eriksen

Ron Eriksen
443 Jamestown Ct.
Aurora, IL 60502



RECEIVED JUL 25 2014 U.S. BANKRUPTCY COURT, SDNY

# CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies under penalty of perjury pursuant to 28 USC 1746 that on July 24, 2014, he duly served (or caused to be served) the above described "MOTION FOR EXTENSION OF TIME TO RESPOND TO DEBTOR, GMAC MORTGAGE, LLC, OBJECTIONS TO CLAIM NOS. 5573 AND 5580" by Hand Delivery or Ordinary First Class Mail upon the persons on the attached service list.

/s/ Ronald A. Eriksen
Ronald A. Eriksen

## Service List

United States Bankruptcy Court
Clerk of Court
One Bowling Green
New York, NY 10004

Honorable Martin Glenn
United States Bankruptcy Court
One Bowling Green, Room 501
New York, NY 10004

ResCap Claims Trust
Attn:  Norman S. RosenBaum
       Jordan A. Wishnew
Morrison & Foerster, LLP
250 West 55th St.
New York, NY 10019

Office of US Trustee, N.Y.S.D.
Attn:  Linda A. Rifkin
       Brian S. Masumoto
U.S. Federal Office Building
201 Varick St.
Suite 1006
New York, NY 10014

ResCap Borrower Claims Trust
Attn:  Daniel J. Flanigan
Polsinelli, P.C.
900 Third Ave.
21st Floor
New York, NY 10022

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: RESIDENTIAL CAPITAL, LLC, et al., <br>        Debtors, <br><br> In the Matter of Claim Nos. 5573 and 5580: GMAC MORTGAGE, LLC's Objections to claims of RONALD A. ERIKSEN and JULIE A. ERIKSEN <br>        Claimants. | Case No. 12-12020 (MG) <br><br> Honorable Martin Glenn |

## MOTION FOR EXTENSION OF TIME TO RESPOND TO DEBTOR, GMAC MORTGAGE, LLC, OBJECTIONS TO CLAIM NOS. 5573 AND 5580

RONALD A. ERIKSEN ("REriksen") and JULIE A. ERIKSEN ("JEriksen") (collectively, "the Eriksens"), pursuant to FRCP 6(b) and FRBP 9032, respectfully request an extension of time to respond to the objections to debtor, GMAC MORTGAGE, LLC ("GMAC Mortgage"). The Eriksens, in support of objection, state:

1. Claimants' pleadings must be liberally construed. ***Haines v. Kerner, 404 U.S. 519, 520 (1972).***[1] See also, ***Erickson v. Pardus, 551 U.S. 89, 94 (2007).***

### Factual History

2. On July 8, 2013, the Eriksens filed valid and timely claims against Residential Capital, LLC ("RC") subsidiary GMAC Mortgage, LLC ("GMACM"), Claim Nos. 5573 and 5580.

3. The Eriksens provided significant unrefuted evidence of said claims in their response (the "Response," ECF Doc. #5485) to the Debtor's Thirty-Sixth Omnibus

---

[1] Since **Haines**, the Supreme Court has consistently held in its opinions that pro se litigants are to be afforded more liberal treatment than attorneys, and are not to be subjected to the same pleading and motion practices standards as attorneys. There is a broad requirements to insure that pro se litigants receive justice in our system in spite of grammatical mistakes, failure to cite proper legal authorities and confusion of legal theories. Each court must conduct, as Supreme Court Justice John Paul Stevens calls it, **the Haines test**, to insure justice in the fair administration of cases involving pro se litigants, The Eriksens are pro se litigants.

Objection to Claims (Misclassified and Wrong Debtor Borrower Claims) (the "Objection," ECF Doc. #5138).

4. This Court granted Debtors Objection with the following stipulation: "Claim Nos. 5580 and 5573 are hereby REDESIGNATED and RECLASSIFIED as $1,000,000.00 unsecured claims against GMAC Mortgage, LLC. Nothing in this Order should be construed as a judgment on the merits of claim nos. 5580 and 5573, and the rights of all parties are preserved with respect to the newly designated claims." ("Order," ECF Doc. #6332). That Order was filed on January 22, 2014. The Debtors did not dispute any amount alleged to be owed to the Eriksens before this Order.

5. On December 17, 2013, this Court confirmed the Second Amended Joint Chapter 11 Plan ("Plan") of RC and the Official Committee of Unsecured Creditors ("OCUC"). Under that Plan, the Eriksens are to receive 30¢ on the dollar or $300,000.00 for each Eriksen. That Plan provided RC, its successors or OCUC to dispute those amounts owed. This Court entered a reserve amount necessary to insure that valid claims like the Eriksens received their fair in consideration from the Debtor or its successors.

6. On June 2, 2014, the Debtors successors, RC Borrowers Claim Trust ("BCT") sought an order from this Court to estimate the disputed claims amounts and substantially reduce amounts held in reserve against disputed claims, pursuant to the Plan. Further, BCT states, "The Trust desires to make a distribution to the holders of Allowed Borrower Claims but will be unable to do so unless the Court grants this Motion." (ECF Doc. #7036, ¶3).

7. The Eriksens objected, and timely filed a response to that motion on or before June 19, 2014. BCT's motion was a frivolous motion, and contained severe

2

misrepresentations. The Eriksen spent a significant amount of time preparing their response and objections to said motion, and significant expense in mailing said response to meet an extreme deadline, June 19, 2014, i.e. 17 days after the filing of BCT's motion.

8.     On June 26, 2014, BCT, at said hearing, withdrew that motion. Numerous parties objected to BCT's motion on the basis of severe misrepresentations.

### Basis for Extension of Time to Respond

9.     From November 26, 2011 thru July 26, 2014, the Eriksens have leased a home at 2647 Kendridge Lane, Aurora, Illinois 60502. That is and has been their primary residence during said time period. The Eriksens are current on their lease and owe no monies to their landlord.

10.    In May/June 2014, the Eriksens began receiving threatening letters from their landlord and his attorney at said residence. The landlord sought to terminate the lease, double the price of the lease, perform unannounced visits guised as repairs on the home, etc. Needless to say, this has caused more severe and extensive stress and emotional harms beyond what was caused by the loss of their home by GMAMC's fraudulent and illegal conduct.

11.    On June 25, 2014, BCT filed an omnibus objection. The Eriksens are lumped into said omnibus objection among numerous other claimants. That objection is lengthy and complicated to read. The font selected in the motion makes the motion that much more difficult to read, due to purposefully condensing of the font by design mechanics. The Eriksens are only mentioned in said objection in exhibit A. The deadline for filing a response to said objection is July 25, 2014.

12.    Due to said landlord's harassment, the Eriksens entered into a lease at a new residence: 443 Jamestown Ct., Aurora, IL 60502. The Eriksens are scheduled to

3

move on July 25, 2014. The Eriksens have been packing and preparing for said move after work since June 25, 2014. Needless to say, moving a family of five in 30 days after a full day's work is an enormous feat. To prepare a response to GMACM's objections to their claims at the same time is unfeasible. The Eriksens, therefore, seek an extension of time to respond to the objections of the debtor, GMACM.

## LEGAL ARGUMENTS

13. The **Federal Rules of Civil Procedure ("FRCP")** provides for an extension of time under Rule 6(b). See *Amir Cyrus Ahanchian v. Xenon Pictures, Inc., et al., Case Nos. 08-56667 & 08-56906 (9th Cir., 11/30/2010)*. Pursuant to **Federal Rules of Bankruptcy Procedure ("FRBP")**, the FRCP are incorporated into the **FRBP**.

14. Eriksen has provided good cause for seeking an extension. Further, this request for an extension was applied for before the time required by this Court. There is no reasonable basis to deny an extension of time given the basis provided

15. Based on the aforementioned, the Eriksens request an extension of time to file their response to said debtor's objection to their claims.

4

Dated: July 24, 2014

Respectfully submitted:

Ron Eriksen

By: /s/Ron Eriksen
      Defendant

Ron Eriksen
443 Jamestown Ct.
Aurora, IL 60502

Dated: July 24, 2014

Respectfully submitted:

Julie Eriksen

By: /s/Julie Eriksen
      Defendant

Julie Eriksen
443 Jamestown Ct.
Aurora, IL 60502