**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### ORDER CONCERNING CONTESTED MATTER FOR CLAIMS OF FRANK AND CHRISTINA REED

The Court previously entered two orders concerning this contested matter. (*See* ECF Doc. ## 7246, 7282.) Since entering those orders, the Court has received correspondence from both parties relating to unsuccessful settlement discussions, with Reed requesting that the Court order mediation, and also with respect to discovery disputes between the parties. (*See* ECF Doc. ## 7302, 7303.) The Court held a telephone hearing regarding these disputes on July 28, 2014. For the reasons stated on the record during the July 28, 2014 hearing, the Court denies Reed's request to compel mediation. The parties are simply too far apart for mediation to be meaningful. This matter needs promptly to proceed to a hearing and determination of the contested matter.

With respect to the discovery dispute, the issues center on the fact that Reed has stated that he intends to call 27 fact witnesses and 3 expert witnesses at the evidentiary hearing on the contested matter scheduled for a two day hearing on September 15 and 16, 2014. Based on the Court's prior ruling sustaining in part and overruling in part the Trust's objection to the Reeds' claims, there is no basis for Reed to call 30 witnesses at the hearing, and he will not be permitted to do so. Witness testimony will only be permitted regarding the one specific property owned by the Reeds that was the subject of the New Jersey foreclosure action and any damages the Reeds suffered directly relating to the alleged wrongful foreclosure—the Reeds may not recover

damages relating to any other properties or lost business opportunities that the Reeds assert they lost because of the foreclosure action. The Court concludes as a matter of law that such other damages, if any, are speculative and not foreseeable, and are not recoverable on the Reeds' surviving claims.

On or before 5:00 p.m., Thursday, July 31, 2014, the parties shall exchange the names, last known business or residence address, and brief narrative statement of the expected direct testimony of each fact and expert witness that each side expects to call at trial.

Reed or the Trust may agree to take depositions of identified witnesses (and serve subpoenas to do so, if necessary) before the close of fact discovery. Subpoenas for the production of documents may also be served in lieu of Rule 34 requests for production of documents. The Court expects the parties to cooperate with respect to scheduling discovery.

Witness testimony at the evidentiary hearing will be limited to the issues discussed above. Additionally, the parties shall endeavor to agree in good faith on the authenticity and admissibility of exhibits each side intends to offer at trial. The parties shall also endeavor to agree in good faith to stipulate to uncontested facts that shall be admitted at trial.

The evidentiary hearing of this contested matter shall be a "timed trial." A total of 12 hours of trial time is allocated to the hearing of this contested matter, divided evenly with 6 hours allocated to each party, on September 15 and 16, 2014. The time allocated to each side (6 hours) may be used by that party for all opening statements, direct, cross and redirect examinations, rebuttal (if any), and closing arguments.

**IT IS SO ORDERED.**

Dated: July 29, 2014
New York, New York        _____/s/Martin Glenn_____
                          MARTIN GLENN
                          United States Bankruptcy Judge