Hearing Date and Time: (if ordered by Court)
Response Deadline: (if ordered by Court)

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION FOR PARTIAL RECONSIDERATION OF THE JULY 11, 2014 ORDER [ECF Doc. # 7246] SUSTAINING IN PART AND OVERRULING IN PART THE RESCAP BORROWER TRUST'S OBJECTION TO PROOF OF CLAIM NOS. 3708 AND 3759 FILED BY FRANK REED AND PROOF OF CLAIM NOS. 4736 AND 4759 FILED BY CHRISTINA REED**

Proof of Claim Nos.: 3708, 3759, 4736, 4759



TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Frank Reed and Christina Reed (the "Reeds") hereby respectfully move the Court pursuant to Federal Rule of Bankruptcy Procedure 9023, Federal Rule of Bankruptcy Procedure 3008, and 11 U.S.C. § 502(j) for reconsideration of the Court's July 11, 2014 Order sustaining in part and overruling in part the ResCap Borrower Trust's Objection to Proofs of Claim Nos. 3708 and 3759 filed by Frank Reed and Proofs of Claim Nos. 4736 and 4759 filed by Christina Reed [ECF Doc. # 7246] (the "Objection Order").

The Reeds' motion for reconsideration is limited to that portion of the Objection Order which sustained the ResCap Borrower Trust's objection to the Reeds' claim for malicious use of process, which claim is referred to in the Order as "Claim No. 6".

## PRELIMINARY STATEMENT

1. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, No. 07-13481 (MG), 2008 WL 110907 (Bankr. S.D.N.Y. Jan. 4, 2008).

2. It is respectfully submitted that this motion for reconsideration is warranted in order to correct a clear error with respect to the Court's evaluation of and conclusion regarding the Reeds' claim for malicious use of process.

3. In holding that the Reeds have not sufficiently alleged a malicious use of process claim, and that the Reeds cannot establish such a claim, the Court specifically reasoned at the July 9, 2014 objection hearing that GMACM had "the absolute right to commence a foreclosure" against the Reeds. See Hearing Transcript attached to Reed Declaration, 84:13-14.

4. As more fully addressed below, it is respectfully submitted that the Court's reasoning and holding with respect to the Reeds' claim for malicious use of process was clear error for the following reasons:

a. The basis for the Court's finding that the filing of the foreclosure action against the Reeds was reasonable and was therefore not a malicious use of process – *to wit*, that GMACM had "the absolute right to commence a foreclosure" against the Reeds – is erroneous. While it is generally true that a mortgagee has a right to foreclose on a delinquent borrower, that right is not absolute where statutory and contractual prerequisites are in play and have not been satisfied.

b. In addition, the Court did not address the Reeds' contention that, in addition to the foreclosure filing being wrongful and unreasonable because Fair Foreclosure Act prerequisites were not satisfied, the foreclosure filing was also wrongful and unreasonable because mortgage/contractual prerequisites were not satisfied.

c. In addition, in sustaining the objection as to malicious use of process, the Court did not take in account that it is now an open question whether GMACM did in fact have standing to file the 2008 foreclosure action in light of GMACM's recent representation that it did not own the note, as specifically recognized by the Court in its July 11, 2014 Order and decision[1]. Clearly, if GMACM did not have standing to file the foreclosure action (in addition to filing it prematurely), then it cannot possibly have had "the absolute right to commence a foreclosure" against the Reeds, and did not have reasonable or probable cause to file the action.

5. The Court misstated or misapprehended the law and facts when it: asserted that the right to foreclose is absolute; concluded that GMAC's clearly premature foreclosure was reasonable; concluded that GMACM had an absolute right to foreclose against the Reeds when it filed the foreclosure; and erroneously sustained the Trust's objection regarding the Reeds' malicious use of process claim.

6. Accordingly, reconsideration of the Court's July 11, 2014 Order is warranted.

---

[1] See Court's July 11, 2014 Order at pg8: "the Trust's counsel acknowledged during the hearing that the complaint in the Foreclosure Action misrepresented that GMACM owned the Reeds' note...[.] This representation in the complaint appears to have been the basis for GMACM's standing to bring the Foreclosure Action[.]" [ECF Doc. # 7246].

## BACKGROUND

**A. General Background**

7. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code.

8. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

9. On December 11, 2013, the Court entered an order confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [ECF Doc. # 6065].

10. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred and the Plan was substantially consummated. The Plan provides for the establishment of the Trust to, among other things, administer, reconcile and provide a distribution to holders of Allowed Borrower Claims as defined in the Plan).

**B. The Reeds' Claims**

11. The Reeds' Claims are based on two related prepetition lawsuits filed in New Jersey state court: (1) a foreclosure action filed by GMAC Mortgage, LLC ("GMACM") on May 19, 2008 (the "Foreclosure Action") and (2) a lawsuit filed by the Reeds against GMACM and RFC on May 10, 2010, arising from the wrongful Foreclosure Action and damages resulting therefrom (the "Reed Action").

12. The Foreclosure Action was dismissed without prejudice because GMACM could not and did not provide a scintilla of evidence that it complied with the New Jersey Fair Foreclosure Act's (the "FFA") requirement that is serve the Reeds with a pre-foreclosure Notice of Intent to Foreclose ("NOI").

13. Thereafter, the Reeds filed a lawsuit against GMACM and RFC, alleging damages for wrongful foreclosure (based upon GMACM's failure to send an NOI), negligence,

breach of contract and estoppel. GMACM and RFC filed a motion to dismiss the Reed Complaint, which the New Jersey court denied in July 2010.

14. The Reeds were then permitted to file an amended complaint on January 6, 2012, adding claims for economic and non-economic losses stemming from the Foreclosure Action, punitive damages, and consumer fraud. The additional claims also survived attack and opposition by GMACM and RFC.

15. The Reeds voluntarily dismissed their lawsuit on February 9, 2012, so they could participate in the Federal Reserve Board's (the "FRB") Independent Foreclosure Review.

16. The Reeds filed Proofs of Claim Nos. 3708, 3759, 4736 and 4759 against GMACM and RFC in the context of the bankruptcy proceeding before this Court, seeking relief in the form of damages resulting from the debtors' wrongful actions.

17. The Reeds' provided substantial supplemental documentation and exhibits in support of their claims in July 2013, and again in response to the Trust's Objection [ECF Doc. # 7153].

### C. Objection to Reed Claims, Hearing and July 11, 2014 Order

18. On May 29, 2014, the Debtors filed the Trust's Objection to Proofs of Claim Filed by Frank and Christina Reed [ECF Doc. # 7017 and 7018] (the "Objection").

19. On June 19, 2014, the Reeds filed a response to the Objection [ECF Doc. # 7153].

20. On July 3, 2014, the Trust filed a reply to the Reeds' response [ECF Doc. # 7228].

21. On July 9, 2014, the Court held a hearing with respect to the Objection.

22. Frank Reed, acting *pro se*, and counsel for the ResCap Borrower Claims Trust appeared before the Court for July 9, 2014 hearing, during which the Court heard argument and made preliminary rulings pending issuance of its Order and decision.

23. On July 11, 2014, the Court entered an Order sustaining in part and overruling in part the Trust's Objection to the Reeds' Claims and concluding that the Objection presents a

contested matter. [ECF Doc. # 7246]. The July 11, 2014 Order scheduled an evidentiary hearing with respect to the surviving causes of action for September 15 and 16, 2014.

24. In holding that the Reeds have not sufficiently alleged a malicious use of process claim, the Court specifically reasoned that GMACM had "the absolute right to commence a foreclosure" against the Reeds. See Hearing Transcript attached to Reed Declaration, 84:13-14.

25. On July 25, 2014, fourteen days after the Court issued the subject Order, the Claimants filed the instant Reconsideration Motion.

## ARGUMENT

26. It is respectfully submitted that the Court committed clear error, and misstated or misapprehended the law and facts when it: asserted that the right to foreclose is absolute; concluded that GMAC's clearly premature foreclosure was reasonable; concluded that GMACM had an absolute right to foreclose against the Reeds when it filed the foreclosure; and erroneously sustained the Trust's objection regarding the Reeds' malicious use of process claim.

### A. Standard

27. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, No. 07-13481 (MG), 2008 WL 110907 (Bankr. S.D.N.Y. Jan. 4, 2008).

28. Courts in this district hold that if a motion to reconsider an order disallowing a claim is filed within fourteen days after entry of the order, it is analogous to a motion under Bankruptcy Rule 9023 and should be governed by the same principles as a motion under Rule 59. See In re Terrestar Networks, Inc., No. 10-15446 (SHL), 2013 WL 781613 (Bankr. S.D.N.Y. Feb. 28, 2013); see also In re Enron Corp., 352 B.R. 363 (Bankr. S.D.N.Y. 2006).

29. Under Rule 3008 of the Federal Rules of Bankruptcy Procedure, a claimant may move for "reconsideration of an order allowing or disallowing a claim against the estate."

30. Similarly, under Bankruptcy Code section 502(j) "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j).

31. Reconsideration of a claim is within the discretion of the Court. See In re Best Payphones, Inc., 2008 Bankr. LEXIS 2555 (Bankr. S.D.N.Y. July 3, 2008); Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

32. Under Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"), a party may move for amendment of a judgment.

33. Federal Rule of Civil Procedure 59, as made applicable to contested matters by Fed. R. Bankr. P. 9023, allows a bankruptcy court to vacate, set aside or modify a previously entered order. In re Texlon Corp., 596 F.2d 1092 (2d Cir. 1979); In re Emergency Beacon Corp., 666 F.2d 754 (2d Cir. 1981).

34. It is well established that pro se papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)(instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim").

**B. Malicious Use of Process**

35. As the Court notes, to state a claim for malicious use of process under New Jersey law, a plaintiff must allege and satisfy each of the following four elements: (1) the original suit was instituted without reasonable or probable cause; (2) the original suit was motivated by malice; (3) the original suit terminated favorably in favor of the plaintiff; and (4) the plaintiff suffered a special grievance. See Baglini v. Lauletta, 768 A.2d 825 (N.J. Super. Ct. App. Div. 2001).

36. The Court held that the Reeds have not sufficiently alleged a malicious use of process claim, specifically reasoning at the July 9, 2014 objection hearing that GMACM had "the absolute right to commence a foreclosure" against the Reeds because they had missed mortgage payments:

> "Nonsense. Nonsense. You didn't pay your mortgage, that's why they filed a foreclosure. New York -- New Jersey law requires something very specific to commence a foreclosure action, and they couldn't prove that they did it. And so you were successful in getting the foreclosure action dismissed without prejudice -- without prejudice. It wasn't a malicious use of process."

[See Reed Declaration, Hearing Transcript, 82:21-83:2].

> "Commencing a foreclosure action against somebody who hadn't paid their mortgage is not a malicious use of process. They couldn't -- the foreclosure action was dismissed without prejudice because they didn't satisfy the technical requirement of the foreclosure act, not that they didn't have the absolute right to commence a foreclosure against you."

[See Reed Declaration, Hearing Transcript, 84:9-14].

37. The Court further stated in the July 11, 2014 Order which is the subject of this motion:

> "As the Court said at the hearing, nothing presented in the Claims or the Response supports a claim for malicious use of process. The Foreclosure Action was instituted because the Reeds were delinquent on their mortgage payments. The Reeds have not made any mortgage payments on this loan since January 4, 2008. The Reeds cannot establish a claim for malicious use of process, and the Trust's Objection to this claim (Claim No. 6) is SUSTAINED."

[ECF Doc. # 7246, pg 9 of 12]

38. It is respectfully submitted that the Court's reasoning and holding with respect to the Reeds' claim for malicious use of process was clear error for the following reasons:

   a. The basis for the Court's finding that the filing of the foreclosure action against the Reeds was reasonable and was therefore not a malicious use of process – *to wit*, that GMACM had "the absolute right to commence a foreclosure" against the Reeds – is erroneous. While it is generally true that a mortgagee has a right to foreclose on a delinquent borrower, that right is not absolute where statutory and contractual prerequisites are in play and have not been satisfied.

   b. In addition, the Court did not address the Reeds' contention that, in addition to the foreclosure filing being wrongful and unreasonable because Fair Foreclosure Act prerequisites were not satisfied, the foreclosure filing was also wrongful and unreasonable because mortgage/contractual prerequisites were not satisfied.

   c. In addition, in sustaining the objection as to malicious use of process, the Court did not take in account that it is now an open question whether GMACM did in fact have standing to file the 2008 foreclosure action in light

of GMACM's recent representation that it did not own the note, as specifically recognized by the Court in its July 11, 2014 Order and decision. If GMACM did not have standing to file the foreclosure action (in addition to filing it prematurely), then it cannot possibly have had "the absolute right to commence a foreclosure" against the Reeds, and did not have reasonable or probable cause to file the action.

39. The intent and purpose of the FFA is to provide a delinquent homeowner the opportunity to take curative action PRIOR to the drastic mechanism of foreclosure BECAUSE of the serious and disruptive, or even potentially disastrous effect it can have on the homeowner. See US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 38 A.3d 570 (N.J. 2012); Wells Fargo Home Mortg., Inc. v. Stull, 378 N.J.Super. 449, 876 A.2d 298 (N.J.Super.App.Div. 2005); EMC Mortg. Corp. v. Chaudhri, 400 N.J.Super. 126, 136-37, 946 A.2d 578, 585 (N.J.Super. App.Div. 2008)(the FFA "was designed to make clear the rights and remedies of both borrowers and lenders prior to and throughout the foreclosure process").

40. "[T]he Fair Foreclosure Act was designed to make clear the rights and remedies of both borrowers and lenders **prior to** and throughout the foreclosure process." Wells Fargo Home Mortg., Inc. v. Stull, 378 N.J.Super. 449, 456, 876 A.2d 298, 302-303 (N.J.Super.App.Div. 2005)(emphasis added).

41. "The notice of intention is a central component of the FFA, **serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure.**" US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 470, 38 A.3d 570, 581-82 (N.J. 2012)(emphasis added).

42. The Court's statement and conclusion that a party has "the absolute right to commence a foreclosure" when a borrower is late with payments is simply not a correct statement of the law nor of the facts and circumstances of the dispute and claims at bar.

43. As noted in a relevant legal treatise, Weinstein, 30A New Jersey Practice: Law of Mortgages § 30.3A (2d ed. 2010), titled "Accrual of Right to Foreclose":

> Generally speaking, **unless prohibited by law, forbearance in the mortgage**, or some valid defense exists, the right to foreclose accrues on default (breach of any covenant or condition in the

mortgage or secured obligation), **expiration of any grace periods, if any, and performance or expiration of any conditions precedent, such as the giving of any required notice or demand in accordance with the mortgage documents or applicable law.**

[emphasis added].

44. Here, GMACM did not comply with the statutory and contractual prerequisites when it filed the Foreclosure Action. GMACM did not comply with due process in filing the Foreclosure Action. THEREFORE, the RIGHT to foreclose had not yet ACCRUED and as such it was unreasonable GMACM to act as if it actually had.

45. The Trust has not adduced a scintilla of evidence or even a plausible suggestion that GMACM complied the foreclosure prerequisites. This being so, it is respectfully submitted that GMACM initiated the Foreclose Action without reasonable or probable cause, contrary to the Court's conclusion, and the Reeds' claim for malicious use of process should be allowed to proceed.

46. What has happened is simply a violation of the Due Process established by both clear and unambiguous private rights flowing from contract and rights established as a matter of highly vetted public policy as expressed through legislation, (the New Jersey Fair Foreclosure Act), the New Jersey State Supreme and Appellate Courts.

47. Notably, the "malice" element of the cause of action, as explained by the New Jersey Supreme Court in LoBiondo v. Schwartz, 199 N.J. 62, 93-94, 970 A.2d 1007, 1024-25 (N.J. 2009), is defined by the doing of the wrongful act (ie, unreasonably filing process) without just cause or excuse:

> Malice, which has been described as a related element of the cause of action, is defined as the "intentional doing of a wrongful act without just cause or excuse." *Jobes v. Evangelista*, 369 *N.J.Super.* 384, 398, 849 *A.*2d 186 (App.Div.), *certif. denied*, 180 *N.J.* 457, 852 A.2d 193 (2004); *see McFadden v. Lane*, 71 *N.J.L.* 624, 629–30, 60 *A.* 365 (E. & A.1905). It requires proof that the act was wrongful in the sense that it would, "in the ordinary course ... infringe upon the rights of another" and cause damage to that person's property or trade. *Mayflower Indus., supra*, 15 *N.J.Super.* at 153, 83 *A.*2d 246 (citation and internal quotation marks omitted). **Legal "malice thus contemplated consists of the doing**

> **of the wrongful act in utter disregard of what the actor knew to be his duty, to the injury of another."** *Duro Co. v. Wishnevsky*, 126 *N.J.L.* 7, 10, 16 A.2d 64 (Sup.Ct.1940).
>
> [LoBiondo v. Schwartz, 199 N.J. at 93-94, 970 A.2d at 1024-25 (emphasis added)].

### C. Miscasting of the Nature of the Reed Claims and Damages

48. Furthermore, contrary to the view expressed by the Court, the Reeds' claimed wrong is not simply a matter of a mere technical violation of the FFA, such as if a notice is sent a few days late or doesn't contain correct information. Very simply – NO NOTICE ADVISING OF INTENT TO FORECLOSE WAS SENT – in contravention of the FFA and in contravention of the mortgage contract terms, which both expressly required pre-foreclosure notice and time to cure; an act by the way the proofs demonstrate the Reeds would have actually done.

49. The Reeds relied on GMAC's adhering to its statutory and contractual obligations to their extreme detriment. The Reeds expected that GMACM would adhere to the due process required of it by statute and contract.

50. Instead, GMACM prematurely filed[2] the foreclosure action, and the damage to the Reeds was instant – they immediately lost their ability to:

- SELL the home – a sale was pending, which is the reason the Reeds missed two payments, and the buyer backed out after the foreclosure filing;

  AND, they immediately lost their ability to

- PAYOFF the mortgage – the Reeds had at least two refinance options already in place in case there was any necessity, which were withdrawn because of the foreclosure filing – the Reeds did not even have an opportunity to exercise that option.

- Continue to earn money the way they had done so for many years.

---

[2] And, indeed, as acknowledged by the Trust and the Court, GMACM may not have even have owned the note or had standing to file the foreclosure action.

51. As the proofs clearly demonstrate the Reeds very ability to earn their normal living was stripped away by the wrongful behavior of GMACM. It is incomprehensible that GMACM can blame the Reeds for any ongoing non payment when it was GMACM itself that caused the destruction of the VERY revenue stream which was used to pay them.

52. GMACM shot first and asked questions about its statutory and contractual notice obligations later.

53. GMACM's cavalier attitude with respect to its wrongful actions continues to this day, with neither the Trust, nor unfortunately the Court, being able to look past the rudimentary and, for purposes of the Reeds' claims, irrelevant fact that the Reeds were delinquent by two payments when the foreclosure was improperly, prematurely and unreasonably filed.

54. GMACM <u>did not have an absolute right to file its foreclosure action when it did</u>. GMACM was legally bound – by both statute and contract – to provide pre-foreclosure notice to, and time to, the Reeds during which they could have the opportunity to cure the default prior to a foreclosure filing. GMACM disregarded its legal obligations.

55. Being that GMACM filed a foreclosure action against the Reeds when such a right had clearly not yet accrued under statute and contract, and where GMACM made absolutely no effort to comply with express statutory and contractual prerequisites prior to filing, it must be concluded, for purposes of finding that the Reeds have sufficiently alleged a claim malicious use of process, that the filing was unreasonable.

56. The Court's expression and reasoning that GMACM had an absolute right to file the foreclosure action, seemingly without any regard to statutory or contractual notice and time-to-cure requirements, renders express provisions of the statute and terms of the mortgage, and the intent behind them, meaningless.

57. The view that the right to file a foreclosure action is simply "absolute" regardless of other factors and prerequisites cannot be a correct statement of the law or a correct basis for finding that GMACM's filing was reasonable.

58. It is troubling that the Trust, and perhaps even the Court, cannot look past the fact that – and unduly focus on the fact that – the Reeds were briefly delinquent in their payments, or that payments on the property have not been made since GMACM's wrongful acts, where those issues are not actually defenses to, nor are they actually material to, the wrongs alleged and the damages caused thereby. Frankly, it hearkens to a skewed 'shouldn't have been walking down the wrong alley with the wrong clothes on' view of the Reeds claims. The Reeds were not willing or deserving victims of the wrongs committed against them in the form of GMACM's jettisoning of its legal and contractual obligations - obligations which expressly envision, anticipate and account for a borrower being delinquent.

59. It is therefore respectfully submitted that the Court misstated or misapprehended the law and facts when it: asserted that the right to foreclose is absolute; concluded that GMACM's clearly premature foreclosure was reasonable; and erroneously sustained the Trust's objection regarding the Reeds' malicious use of process claim.

## CONCLUSION

Based upon the foregoing, the Reeds respectfully request that this Court: (a) reconsider the July 11, 2014 Order; (b) enter an Order overruling the Objection as to the Reeds' malicious use of process claim; and (c) provide such additional relief as might be proper.

Dated: 6/24/14, New Jersey
June 24, 2014

Respectfully Submitted,

By: _____
Frank Reed, *pro se*

By: _____
Christina Reed, *pro se*