February 28, 2014

**Via ECF**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Residential Funding Company, LLC v. SunTrust Mortgage Inc.*, Case No. 13-CV-8938-RA

Dear Judge Abrams,

In accordance with the Order and Notice of Initial Conference (the "Order") entered in the above captioned matter on December 23, 2013, Plaintiff Residential Funding Company, LLC ("RFC") and Defendant SunTrust Mortgage, Inc. ("SunTrust") submit this joint letter. The Order scheduled an initial status conference on March 7, 2013 at 10:45 a.m.

**1. Description of the Action and Principal Defenses Thereto**

Plaintiff: RFC bought mortgage loans from SunTrust and from Crestar Mortgage Corporation (f/k/a United Virginia Mortgage Corporation) under a series of Seller Agreements (the "Agreements") dating back to the 1980s. In 1999, Crestar Mortgage merged into SunTrust. The Agreements incorporate by reference RFC's Client Guide regarding the terms and conditions on which it was willing to purchase mortgage loans from correspondent lenders. The Client Guide was periodically updated with each section of the Client Guide dated as of the date it had last been amended.

The Agreements between RFC and SunTrust on its own behalf and as the successor by merger to Crestar contained certain representations and warranties concerning the attributes and quality of the mortgage loans being sold to RFC. For example, SunTrust represented that the information in the mortgage loan schedule was complete and accurate, that no fraud or misrepresentation had occurred on the part of any person in connection with the origination of the mortgage loans, that no mortgage loan had a loan-to-value ratio in excess of 100% and that the mortgage loans had been originated in accordance with applicable underwriting guidelines. In the event of a breach of a warranty or representation related to a loan purchased by RFC, the Agreement specified a number of remedies. These remedies included repurchase or the equivalent in damages and indemnification for any liabilities and losses associated with those loans.

Over the course of the parties' relationship, SunTrust (or its predecessors) sold RFC at least 10,900 mortgage loans with an original principal balance in excess of $3 billion. RFC would in turn pool those loans into residential mortgage backed securities or sell them to whole-loan investors. Subsequently, RFC was confronted with demands by whole loan purchasers, securitization trustees, and/or securitization insurers seeking the repurchase of defaulting/defaulted loans. In addition, RFC and/or its subsidiaries were named in 27 suits brought by securitization investors and securitization insurers. Loans purchased from SunTrust were included in the securitizations subject to the repurchase demands and lawsuits. The pending and threatened lawsuits were among the factors that contributed to the bankruptcy filings of RFC and its affiliates in May 2012. Under the confirmed chapter 11 plan for RFC and its affiliates, the ResCap Liquidating Trust was created. Among the purposes of the ResCap Liquidating Trust was the pursuit of litigation claims against originators, including SunTrust, for the benefit of RFC's creditors.

In the bankruptcy, hundreds of Proofs of Claim were filed by Securitization Trustees, Securitization Investors, Securitization Underwriters, and Securitization Insurers. These claims alleged that the applicable securitizations included loans that were defective, improperly underwritten and breached loan level warranties and representations made by RFC. The securitizations subject to these claims included loans SunTrust sold to RFC. All told, the claims sought billions of dollars in damages. As part of the Bankruptcy process, following hard fought negotiations, RFC ultimately resolved these claims and entered into settlements and a now confirmed plan which resolved the claims based on defective loans in securitizations for in excess of $9.3 billion in allowed claims, a portion of which is attributable to the loans SunTrust sold to RFC. In the lawsuit, RFC is seeking contract damages occasioned by SunTrust's breach of the representations and warranties it gave to RFC and recovery of the amounts attributable to the liabilities and losses RFC has incurred for which SunTrust has contractually agreed to indemnify RFC. The two counts in the Complaint seek damages for (1) breach of contract, and (2) indemnification.

Defendant: Between December 2013 and January 2014, RFC filed more than 70 complaints against 70 different defendants, including SunTrust, in the United States District Court for the District of Minnesota and Southern District of New York. The 70 complaints are virtually identical to the complaint in this action (the "Complaint") and allege that each respective defendant sold defective loans to RFC in breach of certain representations and warranties and that each respective defendant is responsible for breach of contract and the indemnification of RFC. The Complaint fails to identify any specific loans sold by SunTrust and the specific representations and warranties in breach. While alleging that defective loans sold by SunTrust were in turn sold into 95 or so securitizations, the Complaint fails to specify which securitizations are at issue. Attached to the Complaint are agreements from 1986, 1987, and 1994 in which SunTrust is not a named party. The agreement primarily relied upon by RFC is incomplete and contains pages from different versions of the agreement dated between November 21, 2005 and September 11, 2006. Plaintiff fails to state a claim based on New York and/or Delaware contract law in addition to RFC's claims being untimely.

**2. Jurisdiction and Venue**

Plaintiff: For jurisdictional purposes, RFC is a Delaware limited liability company and it had a principal place of business in Minneapolis, Minnesota. At the time the complaint was filed, RFC was a wholly owned subsidiary of GMAC Residential Holding Company, LLC, which was a wholly owned subsidiary of Residential Capital, LLC, which in turn was a wholly-owned subsidiary of GMAC Mortgage Group, LLC, all three of which were Delaware limited liability companies. GMAC Mortgage Group, LLC is a wholly owned subsidiary of Ally Financial, Inc., a Delaware corporation with its principal place of business in Michigan. Pursuant to the confirmed chapter 11 plan for RFC and certain of its affiliates, the outstanding interests of RFC were cancelled and RFC is now controlled by the ResCap Liquidating Trust, which is a Delaware statutory trust with its principal place of business in Pennsylvania. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, in that the matter arises under title 11 or arises in or is related to RFC's bankruptcy proceeding pending before Judge Glenn in the Southern District of New York and § 1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because RFC has a pending bankruptcy case in this district.

Defendant:
SunTrust Mortgage, Inc. a Virginia corporation, is a wholly-owned subsidiary of SunTrust Bank, a Georgia state chartered bank. SunTrust Bank is a wholly-owned subsidiary of SunTrust Bank Holding Company, a Florida corporation. SunTrust Bank Holding Company is a wholly-owned subsidiary of SunTrust Banks, Inc., a publicly traded holding company. RFC's description of the parties and jurisdiction, *supra*, includes certain allegations which are not contained in the Complaint and, in SunTrust's view, are inaccurate and are not properly included in this letter.

**3. Contemplated and Outstanding Motions**

On January 16, 2014, the Court approved the Stipulation between the parties extending the time for SunTrust to appear, move, answer, or otherwise respond to the Complaint up to and including Friday, March 7, 2014.

Plaintiff: RFC intends to ask that this matter be referred to the Bankruptcy Court as related to RFC's pending bankruptcy case in the Southern District of New York in front of Judge Glenn. RFC will do so as part of an effort to consolidate the various pending actions it has filed against correspondent lenders in New York and Minnesota in a single forum. Other than motions relating to this potential effort, RFC does not contemplate making any motions before SunTrust answers or files a motion.

Defendant: SunTrust plans to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In the event RFC moves to transfer this action to the Bankruptcy Court in the Southern District, SunTrust will oppose such motion.

**4. Completed and Necessary Discovery**

Plaintiff: To date, no discovery has taken place. RFC will require the production of information regarding SunTrust's underwriting of the loans it sold to RFC.

Defendant: To date, no discovery has taken place. SunTrust will require the production of a complete list of the loans at issue, including the underlying loan files and dates of sale by SunTrust.

**5. Prior Settlement Discussions**

To date, there have been no settlement discussions. RFC is willing to participate in settlement discussions should SunTrust be prepared to negotiate in good faith regarding a substantial monetary payment to RFC. SunTrust believes that any settlement discussions are premature due to the lack of specificity of the allegations of the Complaint and that RFC's claims are untimely.

**6. Estimated Length of Trial**

RFC estimates that trial will take two weeks. SunTrust estimates that trial will last 30 days.

**7. Other Information**

Plaintiff: Given RFC's intention to move to refer this action to the Bankruptcy Court, RFC believes that discovery should not proceed until it is determined which Court will be supervising discovery in this case.

Defendant: In the event SunTrust files a motion to dismiss pursuant to 12(b)(6), SunTrust requests discovery proceed while the motion to dismiss is pending. In the event RFC moves to transfer this action to the Bankruptcy Court in the Southern District, SunTrust will oppose such motion.

Respectfully submitted,

CARPENTER LIPPS & LELAND LLP

By: /s/ Jeffrey A. Lipps
Jeffrey A. Lipps
Jennifer A.L. Battle
1540 Broadway, Suite 3710
New York, NY 10036
Tel: 212-837-1110
Fax: 212-837-1108
Email: lipps@carpenterlipps.com
battle@carpenterlipps.com

ALSTON & BIRD LLP

By: /s/ John P. Doherty
John P. Doherty
Jennifer S. Kozar
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: john.doherty@alston.com

*Attorneys for Plaintiff Residential Funding Company, LLC*

*Attorneys for Defendant SunTrust Mortgage, Inc.*