# Exhibit 1

# GMAC Bank

## CLIENT CONTRACT

Client Contract dated as of May 17, 2007 ("Contract") between GMAC Bank ("GMACB") and SunTrust Mortgage, Inc. ("Client").

Client is an approved Residential Funding Corporation ("GMAC-RFC") Client and Servicer in good standing. GMACB is an affiliate of GMAC-RFC. Client desires to sell Loans to or service Loans for GMACB and GMACB desires to purchase Loans from, or to have Client service Loans for GMACB, pursuant to the terms and conditions of this Contract and the applicable Guides as defined in Section 1 below.

Client and GMACB agree as follows:

1. **Guides.** The GMAC-RFC Client Guide, as amended, ("Client Guide") applies to the Loans and to the sale of the Loans to GMACB. If Client services Loans, the terms and conditions of the GMAC-RFC Servicer Guide, as amended, ("Servicer Guide") apply. Client agrees to all of the terms and conditions of the applicable Guides, including the representations, warranties and covenants. The Client Guide and Servicer Guide are each individually a "Guide" and together the "Guides". Client acknowledges that GMACB shall be the purchaser of all Loans sold hereunder, and GMAC-RFC shall be the master servicer for all Loans sold hereunder. Accordingly, it is understood and agreed that references in the Guides to "GMAC-RFC" as a purchaser or investor of Loans shall be deemed to refer to GMACB. All other references to "GMAC-RFC" in the Guides shall be deemed to refer to GMAC-RFC in its capacity as master servicer. Questions concerning the interpretation of the Guides shall be directed to Client's account executive at RFC.

2. **Commitment Letters.** GMACB may offer to enter into one or more commitment letters with Client ("Commitment Letters"). By executing and delivering a Commitment Letter, Client agrees to its terms and conditions.

3. **Incorporation by Reference.** The Guides, Commitment Letters, and any related documents (together with this Contract including any addenda hereto, the "Program Documents") are incorporated by reference into this Contract as if fully set forth in it.

4. **Amendments.** This Contract and Commitment Letters may be amended only by a writing signed by both parties. The Guides may be amended as set forth in the applicable Guide.

5. **Governing Agreement.** This Contract's terms and conditions will control in the event of any direct conflict between this Contract and the applicable Guide. The Commitment Letter's terms and conditions will control in the event of any direct conflict between (i) this Contract and the Commitment Letter, or (ii) the applicable Guide and the Commitment Letter.

6. **Directors' Resolution.** Along with the execution of this Contract, Client must deliver to GMACB a certified resolution of its board of directors (or its equivalent if Client is an entity other than a corporation) authorizing the execution, delivery and performance of this Contract. Client must deliver to GMACB other evidence of existence, good standing and authority as GMACB may require.

7. **GMACB's Remedies.** If a default or an Event of Default occurs, GMACB may exercise one or more of the remedies set forth in the applicable Guides as though such remedy were exercised by GMAC-RFC.

8. **Suspension and Termination.** GMACB may suspend or terminate the Program Documents, and Client's ability to sell Loans to GMACB, as set forth in the applicable Guides. Client's suspension or termination as a GMAC-RFC Seller or Servicer shall constitute grounds for suspension or termination hereunder.

9. **Relationship of the Parties.** As further described in the Guides, the relationship between Client and GMACB is limited to that of a seller on the part of Client and that of a buyer on the part of GMACB (with respect to Loan sales under the Client Guide) and to that of an independent contractor (with respect to servicing by Client under the Servicer Guide). Client will not represent that it is acting as GMACB's agent or partner.

10. **Assignment.** Client cannot transfer or assign the Program Documents. GMACB may at any time, without Notice to or the consent of Client, transfer or assign, in whole or in part its rights under the Program Documents, with respect to any Commitment Letter or Loan, and the benefits under the Program Documents will inure to the benefit of GMACB's successors and assigns.

11. **Notices.** All notices, requests, demands or other communications under this Contract ("Notices") must conform to the requirements of the applicable Guide. Notices to GMACB must be directed as follows:

> GMAC Bank
>
> 4 Walnut Grove Drive
>
> Horsham, PA  19044
>
> Attention: Mike Goeller
>
> Facsimilie No.: 215-682-1770

With a copy to:

> GMAC Bank
>
> 100 Witmer Road
>
> Horsham, PA  19044
>
> Attention: General Counsel

Notices to Client will be addressed as follows (or at such other address as may be designated by Client in a Notice to GMACB):

> SunTrust Mortgage, Inc.
>
> 901 Semmes Avenue
>
> Mailcode MTG 1785
>
> Richmond, VA  23224

| | |
|---|---|
| Attention: | Amy S. Creason, First Vice President, Secondary Marketing |
| Facsimile Number: | 804-291-0484 |
| E-Mail: | Amy.Creason@SunTrust.com |

12. **Governing Law.** The Program Documents are governed by the laws of the State of Delaware, without reference to its principles of conflicts of laws.

13. **Jurisdiction and Venue. At the option of GMACB the Program Documents may be enforced in any state or federal court within the Commonwealth of Pennsylvania. Client consents to the jurisdiction and venue of those courts, and waives any objection to the jurisdiction or**

venue of any of those courts, including the objection that venue in those courts is not convenient. GMACB may accomplish service of process in any manner permitted by law and may commence legal proceedings or otherwise proceed against Client in any other jurisdiction or court permitted by law. In the event Client commences any action in another jurisdiction or venue under any tort or contract theory arising directly or indirectly from the relationship created by the Program Documents, GMACB at its option may have the case transferred to a state or federal court within the Commonwealth of Pennsylvania or, if a transfer cannot be accomplished under applicable law, may a have Client's action dismissed without prejudice.

14. **Waiver of Jury Trial.** Client and GMACB each promises and agrees not to elect a trial by jury of any issue triable of right by a jury, and fully waives any right to trial by jury to the extent that any such right now exists or arises after the date of this Contract. This waiver of the right to trial by jury is separately given, knowingly and voluntarily, by Client and GMACB and is intended to encompass each instance and each issue for which the right to trial by jury would otherwise apply. GMACB and Client are each authorized and directed to submit the Program Documents to any court having jurisdiction over the subject matter and the parties to this Contract as conclusive evidence of this waiver of the right to trial by jury. Further, Client and GMACB each certifies that no representative or agent of the other party's counsel, have represented, expressly or otherwise, to any of its representatives or agents that the other party will not seek to enforce the waiver of right to trial by jury.

15. **Force Majeure.** Notwithstanding Client's satisfaction of the conditions set forth in this Contract or the existence of an outstanding commitment by GMACB to purchase Loans, GMACB has no obligation to purchase any Loan if GMACB is prevented from obtaining the funds necessary to purchase Loans as a result of any fire or other casualty, failure of power, strike, lockout or other labor trouble, banking moratorium, embargo, sabotage, confiscation, condemnation, riot, civil disturbance, insurrection, act of terrorism, war or other activity of armed forces, act of God or other similar reason beyond the control of GMACB.

16. **Entire Agreement.** This Contract (including all documents incorporated by reference) represents the final agreement between the parties with respect to its subject matter, may not be contradicted by evidence of prior or contemporaneous oral or written agreements among the parties and supersedes all other agreements, covenants, representations, warranties, understandings and communications between the parties, whether written or oral, with respect to the transactions contemplated by this Contract, except that any existing Commitment Letters are not affected.

17. **Defined Terms; General Rules of Interpretation.** Capitalized terms used in this Contract without further definition have the meanings given to them in the applicable Guide. Defined terms may be used in the singular or plural, as the context requires. Unless the context in which it is used otherwise clearly requires, the word "or" has the inclusive meaning represented by the phrase "and/or." The words "include," "includes" and "including" are deemed to be followed by the phrase "without limitation".

18. **Headings for Convenience.** All captions or paragraph headings in the Program Documents are for convenience only and in no way define, limit or describe the scope or intent of any provision of the Program Documents.

19. **Severability.** If any provision of the Program Documents is declared to be illegal or unenforceable in any respect, that provision is null and void and of no force and effect to the extent of the illegality or unenforceability, and does not affect the validity or enforceability of any other provision of the Program Documents.

20. **Counterparts.** This Contract may be executed in any number of counterparts, each of which will be deemed an original, but all of which together constitute but one and the same instrument.

IN WITNESS WHEREOF, Client and GMACB have caused this Contract to be duly executed as of the date first written above.

**CLIENT: SunTrust Mortgage, Inc.**

By: _____

(Signature)

Name: _____

(Typed or Printed)

Title: _____

**GMAC BANK**

By: _____*[signature]*_____

(Signature)

Name: _Michael A. Rizzo_

(Typed or Printed)

Title: _Chief Credit Officer_

IN WITNESS WHEREOF, Client and GMACB have caused this Contract to be duly executed as of the date first written above.

| CLIENT: SunTrust Mortgage, Inc. | GMAC BANK |
|---|---|
| By: _____ (Signature) | By: _____ (Signature) |
| Name: Amy S. Cresson (Typed or Printed) | Name: _____ (Typed or Printed) |
| Title: First Vice President | Title: _____ |

- 4 -

Printed: 6/1/2007

** TOTAL PAGE.02 **

Printed: 5/17/2007