UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL FUNDING COMPANY, LLC,

                Plaintiff,

   -v.-

SUNTRUST MORTGAGE, INC.,

                Defendants.

No. 13-civ-8938

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6)**

ALSTON & BIRD LLP

John P. Doherty
Jennifer S. Kozar
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Defendant SunTrust Mortgage, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................2

ARGUMENT...................................................................................................................................3

    I.    RFC'S BREACH OF CONTRACT AND INDEMNIFICATION CLAIMS FAIL TO SATISFY MINIMUM PLEADING STANDARDS ...............................3

    II.    RFC FAILS TO STATE A CLAIM BY FAILING TO PLEAD ALL NECESSARY ELEMENTS FOR ITS CLAIMS UNDER DELAWARE LAW ................................................................................................................................6

    III.    RFC'S CLAIMS UNDER COUNT I ARE TIME BARRED ...............................7

CONCLUSION...............................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page(s)**

*ACE Sec. Corp. v. DB Structured Products, Inc.*,
   112 A.D.3d 522, 977 N.Y.S.2d 229 (2013) ..............................................................................9

*Amusement Indus., Inc. v. Stern*,
   07 CIV 11586 LAK GWG, 2010 WL 445898 (S.D.N.Y. Feb. 9, 2010) ..................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................1, 3, 5

*Beana v. Woori Bank*,
   05 CIV. 7018(PKC), 2006 WL 2935752 (S.D.N.Y. Oct. 11, 2006) .........................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................................................1, 3, 4, 5

*Carter v. Safety-Kleen Corp.*,
   06 CV 12947 CM GAY, 2007 WL 1180581 (S.D.N.Y. Mar. 14, 2007) ..................................2

*Cent. Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*,
   CIV.A. 5140-CS, 2012 WL 3201139 (Del. Ch. Aug. 7, 2012) .........................................7, 8, 9

*Cerro Sales Corp. v. Atl. Marine Enterprises, Inc.*,
   403 F. Supp. 562 (S.D.N.Y. 1975) ...........................................................................................6

*Conley v. Dan-Webforming Int'l A/S (Ltd.)*,
   CIV. A. 91-401 MMS, 1992 WL 401628 (D. Del. Dec. 29, 1992) .........................................7

*Greenstar, LLC v. Heller*,
   934 F. Supp. 2d 672 (D. Del. 2013) .........................................................................................7

*Harsco Corp. v. Segui*,
   91 F.3d 337 (2d Cir.1996) ........................................................................................................6

*Hifn, Inc. v. Intel Corp.*,
   1835-VCS, 2007 WL 2801393 (Del. Ch. May 2, 2007) ..........................................................7

*Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*,
   13-2720-CV, 2014 WL 292192 (2d Cir. Jan. 28, 2014) ..........................................................6

*Landmark Ventures, Inc. v. Wave Sys. Corp.*,
   513 F. App'x 109 (2d Cir. 2013) ..............................................................................................6

*LaPoint v. AmerisourceBergen Corp.*,
   970 A.2d 185 (Del. 2009) .........................................................................................................7

**Cases**                                                                                                                **Page(s)**

*National Commodity Corp. v. American Fruit Growers*,
    70 A.2d 28 (Del. Super.1949)...................................................................................................7

*Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am., NA*,
    907 F. Supp. 2d 536 (S.D.N.Y. 2012)......................................................................................6, 7

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000).........................................................................................................3

*San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*,
    75 F.3d 801 (2d Cir.1996)..........................................................................................................3

*Torchlight Loan Servs., LLC v. Column Fin., Inc.*,
    11 CIV. 7426 RWS, 2012 WL 3065929 (S.D.N.Y. July 25, 2012)......................................4, 5

*V.E.C. Corp. of Delaware v. Hilliard*,
    10 CV 2542 VB, 2011 WL 7101236 (S.D.N.Y. Dec. 13, 2011) ................................................8

*VLIW Tech., LLC v. Hewlett–Packard, Co.*,
    840 A.2d 606 (Del. 2003) ...........................................................................................................6

**Statutes and Rules**

28 U.S.C. § 1332......................................................................................................................................6

Fed. R. Civ. P. 8...............................................................................................................................1, 3, 6

Fed. R. Civ. P. 12(b)(6).............................................................................................................................1

10 Del. C. § 8106 .....................................................................................................................................7

Del. Code Ann. tit. 10, § 8121 ..................................................................................................................8

**Statutes and Rules**                                                                                                 **Page(s)**

N.Y. C.P.L.R. 202....................................................................................................................................8

**Other Authorities**

Restatement (Second) of Contracts § 254 (1981) .....................................................................................7

# SUMMARY OF TERMS

| **Client Guide:** | The "GMAC-RFC" Client Guide, excerpts attached to the Doherty Decl. as Exs. 3 & 4 and attached to the Complaint as Ex. B |
|---|---|
| **Complaint:** | The Complaint filed by RFC in this action |
| **Doherty Decl.:** | Declaration of John P. Doherty in Support of Defendant SunTrust's Motion to Dismiss, dated March 5, 2014 |
| **Loans:** | The mortgage loans purchased by RFC from SunTrust under Seller Contracts |
| **May 2007 Contract:** | Client Contract between GMAC Bank and SunTrust Mortgage, Inc. dated May 17, 2007, attached to the Doherty Decl. as Ex. 1 |
| **R&Ws:** | Representations and warranties for individual Loans set forth in the Client Guide |
| **RFC:** | Plaintiff Residential Funding Company, LLC |
| **Seller Contracts:** | Agreements from 1986, 1987, 1991, and 1994 attached to the Complaint as Ex. A |
| **SunTrust:** | Defendant SunTrust Mortgage, Inc. |
| **Termination Letter:** | GMAC Bank and RFC's Notice of Events of Default, Termination of Commitments and Reservation of Rights sent to SunTrust Mortgage, Inc. dated August 21, 2007, attached to the Doherty Decl. as Ex. 2 |

**PRELIMINARY STATEMENT**

Defendant SunTrust hereby moves this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In late 2013, RFC filed more than eighty (80) virtually-identical, detail-free complaints (predominantly in Minnesota) against loan sellers, including SunTrust, alleging R&W breaches and seeking indemnification.

The mass-produced Complaint is completely devoid of any specific factual allegations to support its bare legal conclusions. Critically, the Complaint fails to identify: (a) the specific Loans at issue; and (b) how the unidentified Loans allegedly breached unspecified R&Ws. The Complaint attaches incomplete excerpts of only certain agreements, which fail to provide sufficient notice as to which Loans were sold under which contract by which seller at which time.

As a consequence, SunTrust is left to guess – **Which agreements** are involved? **Which Loans** are at issue? **Which R&Ws** were breached? **How** were the R&Ws breached? **Which actions** against RFC involved SunTrust Loans? Similarly, RFC has failed to plead the necessary elements of its claims, as it has not pled its own performance under the underlying agreements or SunTrust's material breach. Accordingly, because the Complaint fails to meet the basic pleading requirements of Fed. R. Civ. P. 8 and cannot withstand scrutiny under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In addition, RFC's breach of R&W claim is untimely under Delaware's three-year statute of limitations. For each Loan, the statute of limitations for R&W claims commenced on the date the Loan was sold to RFC. SunTrust and RFC terminated their relationship in August 2007 and,

1

therefore, the statute of limitations for each and every Loan expired no later than August 2010. The Complaint was filed in December 2013 and, thus, R&W claims are untimely and must be dismissed in their entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

In the Complaint, RFC alleges breaches of unspecified R&Ws regarding an indeterminate number of unidentified Loans. RFC alleges that it purchased these unidentified Loans from SunTrust under certain Seller Contracts and multiple versions of a Client Guide. Plaintiff Residential Funding *Company, LLC* is not listed as a party to the Seller Contracts (rather, Residential Funding *Corporation* is named). *See* Complaint, Ex. A.

The Seller Contracts appear to be dated as of 1986, 1987, 1991, and 1994. The Complaint does not allege when any of the Loans were sold to RFC and, therefore, it is unclear whether RFC will pursue R&W claims for Loans sold as far back as twenty-eight (28) years ago. In addition, the Complaint, without explanation, attached inter-mingled pages from apparently different versions of the Client Guide dated from November 21, 2005 through September 11, 2006. *See* Complaint, Ex. B. The Complaint does not attach any prior versions of the Client Guide that may be relevant here. Also, RFC conveniently fails to attach the critical sections of the Client Guide that establish SunTrust's statute of limitations defense. *See* Complaint ¶¶ 2, 23, 29. They are attached to the Doherty Decl. for the Court's benefit as Exhibits 3 and 4.

Moreover, the Complaint does not explain that an entity named "GMAC Bank" entered into the May 2007 Contract with SunTrust, apparently on behalf of Residential Funding Corporation. *See* Doherty Decl., Ex. 1.[1] The May 2007 Contract expressly superseded all prior

---

[1] In deciding a motion to dismiss, the Court may consider "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *See Carter v. Safety-Kleen Corp.*, 06 CV 12947 CM GAY, 2007 WL 1180581, at *3 (S.D.N.Y. Mar. 14, 2007) (citing

2

agreements between the parties regarding the sale of Loans and expressly designated Delaware law to govern the Program Documents.[2] *See id.* at ¶¶ 12, 16. The Complaint does not refer to or identify GMAC Bank, the signatory to the May 2007 Contract. The Complaint further does not disclose that pursuant to the Termination Letter dated August 21, 2007, RFC and SunTrust terminated their relationship under the May 2007 Contract and Client Guide and any further Loan sales. *See* Doherty Decl., Ex. 2.

The Complaint includes two counts: (I) breach of contract for Loan-level R&W breaches; and (II) indemnification.

## ARGUMENT

**I.  RFC'S BREACH OF CONTRACT AND INDEMNIFICATION CLAIMS FAIL TO SATISFY MINIMUM PLEADING STANDARDS**

RFC's Complaint is devoid of even the most basic of factual detail necessary to put SunTrust on notice of the nature of RFC's claims as required by Fed. R. Civ. P. 8. Under Fed. R. Civ. P. 8, a complaint must make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 555). The "sheer possibility that a defendant has acted unlawfully" is inadequate: a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face," and thereby "nudge[] [its] claims … across the line from conceivable to plausible"; otherwise the complaint "must be dismissed." *Iqbal*, 556 U.S. at 680; *Iqbal*, 550 U.S. at 547. Moreover, "Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff allege facts sufficient to place

---

*Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000)); *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808 (2d Cir.1996).

[2] Defined in the May 2007 Contract as the Client Guide, the Servicer Guide, Commitment Letters and any related documents. *See* Doherty Decl., Ex. 1 at ¶¶ 1, 3.

3

the defendant on notice of the nature and scope of the claims against it." *See Torchlight Loan Servs., LLC v. Column Fin., Inc.*, 11 CIV. 7426 RWS, 2012 WL 3065929, at *5 (S.D.N.Y. July 25, 2012) (citing *Twombly*, 550 U.S. at 545).

The Complaint (one of more than 80 nearly-identical pleadings by RFC) displays the deficiencies of mass-production. The Complaint contains a total of **two** particularized allegations against SunTrust, namely: (a) the total dollar value of Loans sold to RFC over the course of the parties' relationship, which is irrelevant (Complaint ¶ 22); and (b) an estimate of the total number of Loans that were securitized and the subject of litigation against RFC, which is indicative of nothing (Complaint ¶ 51). Not surprisingly, therefore, the Complaint never answers the following questions necessary to satisfy the pleading requirements enunciated in *Iqbal/Twombly*:

**Which Loans were in breach?** RFC does not identify a single specific Loan that is "defective" or in breach of a R&W made by SunTrust.

**Which agreement(s) governs the parties' rights and obligations?** The excerpts attached to the Complaint are neither complete nor comprehensive. Clearly, RFC's piecemeal selection of certain contractual provisions does not provide SunTrust or the Court with adequate notice of RFC's claims. And, RFC omits the May 2007 Contract.

**How did the Loans breach R&Ws?** The Complaint never specifies how a specific Loan breached a specific R&W.

**Whether RFC retained any right to maintain this action after selling SunTrust Loans to third parties?** It is unclear whether RFC retained any rights after it transferred Loans to third parties to file this action against SunTrust under the relevant transaction documents.[3]

**What losses did RFC sustain due to SunTrust Loans, if any?** RFC fails to plead with any specificity that it sustained losses due to specific Loans.

Relatedly, RFC also failed to plead a sufficient factual basis for its indemnification claim under *Iqbal/Twombly*. RFC does not plead that SunTrust Loans were the subject of any specific repurchase demands or legal actions against RFC by third parties. And, RFC never demonstrates how, if at all, SunTrust Loans caused RFC to incur losses. Accordingly, because RFC's indemnification claim is devoid of any specificity, it must be dismissed. *See Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 677; *Amusement Indus., Inc. v. Stern*, 07 CIV 11586 LAK GWG, 2010 WL 445898, at *4 (S.D.N.Y. Feb. 9, 2010) ("[Defendant] is entitled to notice of the nature of the claim of indemnification against it.").

In sum, RFC's clear failure to put SunTrust on notice of the nature and scope of its claims warrants dismissal. "While Rule 8's notice pleading is liberally construed, courts have dismissed breach of representation and warranty claims, which fail to plead facts sufficient to put a defendant on notice of the nature and scope of the claims." *See Torchlight Loan Services*, 2012 WL 3065929, at **5-10 (dismissing plaintiff's claims for breach of R&Ws relating to, *inter alia*, missing "licenses, permits and authorizations required for use of the property" because the

---

[3] Depending on the structure of the transactions in which SunTrust's Loans were allegedly involved, RFC may have relinquished any rights under the May 2007 Client Contract and Client Guide. Once loans are sold, a trustee or other buyer usually acquires all the rights and interests related to those loans. *See Torchlight Loan Servs.*, 2012 WL 3065929, at *2 ("Under the PSA, the trustee is the successor-in-interest to the rights of [the loan purchaser] under the MLPA … In other words, the trustee steps into the shoes of [the loan purchaser] with respect to any representations and warranties made by [defendant] under the MLPA…").

5

complaint did not "identify specific licenses, permit or authorizations that are missing"). Dismissal is therefore mandated under Fed. R. Civ. P. 8 and *Iqbal/Twombly*.[4]

## II. RFC FAILS TO STATE A CLAIM BY FAILING TO PLEAD ALL NECESSARY ELEMENTS FOR ITS CLAIMS UNDER DELAWARE LAW

Delaware law governs RFC's claims in this litigation pursuant to the May 2007 Contract, which expressly superseded all prior agreements between RFC and SunTrust. The Complaint must be dismissed in its entirety because it has failed to adequately plead all the necessary elements for its breach of contract and indemnification claims under Delaware law (and New York law, for that matter).[5] *See Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, 13-2720-CV, 2014 WL 292192, at *1 (2d Cir. Jan. 28, 2014) (dismissing complaint under 12(b)(6) where plaintiff failed to establish all the elements of a breach of contract claim); *Landmark Ventures, Inc. v. Wave Sys. Corp.*, 513 F. App'x 109, 111-12 (2d Cir. 2013) (same); *see also Cerro Sales Corp. v. Atl. Marine Enterprises, Inc.*, 403 F. Supp. 562, 566 (S.D.N.Y. 1975) (dismissing claim for indemnification where plaintiff has not alleged or proven payment based on underlying breaches).

To state a claim for breach of contract under Delaware law, a plaintiff must allege (1) the existence of a valid contract; (2) breach of that contract by the defendant; and (3) damages as a result of that breach. *See Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am., N.A.*, 907 F. Supp. 2d 536, 550 (S.D.N.Y. 2012) (applying Delaware law) (citing *VLIW Tech., LLC v. Hewlett–Packard, Co.,* 840 A.2d 606, 612 (Del. 2003)). In addition, Delaware law

---

[4] The Complaint is so devoid of detail that it is impossible for SunTrust to confirm at this point that the proper party brought this action and that there is complete diversity between the plaintiff and SunTrust, as required under 28 U.S.C. § 1332.

[5] In the event this Court determines that New York law applies to certain or all of RFC's claims, RFC similarly fails to plead the necessary elements for breach of contract and indemnification under New York law. *See Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.,* 13-2720-CV, 2014 WL 292192 (2d Cir. Jan. 28, 2014) (quoting *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir.1996)).

6

also requires performance by a plaintiff in order for a breach of contract claim to survive. *See Conley v. Dan-Webforming Int'l A/S (Ltd.)*, CIV. A. 91-401 MMS, 1992 WL 401628, at *22 (D. Del. Dec. 29, 1992); *see also Hifn, Inc. v. Intel Corp.*, 1835-VCS, 2007 WL 2801393, at *14 (Del. Ch. May 2, 2007) ("[Defendant's] obligation to pay was contingent on [plaintiff's] performance under the contract") (citing *National Commodity Corp. v. American Fruit Growers*, 70 A.2d 28, 36 (Del. Super. 1949); Restatement (Second) of Contracts § 254 (1981)).

RFC has failed to plead two requirements for breach of contract under Delaware law:[6] (1) it has not alleged performance of its obligations under the relevant agreements; and (2) it has not sufficiently established that SunTrust has committed a material breach of contract. As discussed at length *supra*, both the R&W breach claim and the indemnification claim are entirely devoid of detail and, therefore, fail to plead the required elements under Delaware law. *See, e.g., Greenstar, LLC v. Heller*, 934 F. Supp. 2d 672, 692 (D. Del. 2013) ("A plaintiff's claim for breach of the indemnification provisions of the Agreement becomes ripe after liability for breach of the Agreement (by misrepresentation or otherwise) has been established.") (citing *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 197–98 (Del. 2009)).

Accordingly, RFC fails to allege two essential elements of its claims under Delaware law – *i.e.*, performance and material breach – and its claims must therefore be dismissed. *See Policemen's Annuity & Benefit Fund of City of Chicago*, 907 F. Supp. 2d at 550 (applying Delaware law); *Conley*, 1992 WL 401628, at *22.

### III. RFC'S CLAIMS UNDER COUNT I ARE TIME BARRED

RFC's R&W breach claim is untimely under Delaware's three-year statute of limitations, which commenced for each Loan on the sale date of that Loan. *See* 10 Del. C. § 8106; *Cent.*

---

[6] SunTrust reserves its rights to argue that RFC has failed to establish the remaining elements.

7

*Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*, CIV.A. 5140-CS, 2012 WL 3201139, at *17 (Del. Ch. Aug. 7, 2012) ("Because representations and warranties about facts pre-existing, or contemporaneous with, a contract's closing are to be true and accurate when made, a breach of such representations and warranties occurs on the date of the contract's closing and hence the cause of action accrues on that date.").[7]

Pursuant to the Client Guide, SunTrust's R&Ws for a Loan were made as of the sale date (or "Funding Date") of the Loan to RFC. *See* Doherty Decl., Ex. 3. Tellingly, RFC did not include in the Complaint the relevant excerpts of the Client Guide and the Termination Letter that establish that the statute of limitations has expired for all R&W claims against SunTrust. Specifically, the Client Guide provides that the "representations and warranties contained herein are made as of each Funding Date … unless the specific representation or warranty provides to the contrary." *See id*. at pg. 2A.1, § A200. "Funding Date" is defined as "the date the Funding Amount is wire transferred to [SunTrust] in payment of any Loan and Servicing (if applicable) sold by [SunTrust]…." *See* Doherty Decl., Ex. 4 at pg. 10.8, Definition of "Funding Date." Therefore, for each Loan sold to RFC, the statute of limitations for a R&W breach relating to that Loan commenced on the date SunTrust sold the Loan to RFC. As evidenced in the

---

[7] In the event this Court does not construe the parties' choice of law provision as incorporating Delaware's three-year statute of limitations, Delaware's and New York's borrowing statutes would nonetheless select Delaware's statute of limitations. *See* Del. Code Ann. tit. 10, § 8121 (West); N.Y. C.P.L.R. 202 (McKinney); *V.E.C. Corp. of Delaware v. Hilliard*, 10 CV 2542 VB, 2011 WL 7101236, at *8 (S.D.N.Y. Dec. 13, 2011) ("A state's borrowing statute constitutes substantive law which is applied by a court sitting pursuant to diversity jurisdiction."). Delaware's borrowing statute selects the shorter of either Delaware's statute of limitations or the limitations period of the state where the cause of action arose. Regardless of whether the cause of action arose in Delaware (RFC's state of incorporation), New York, or Minnesota (RFC's principal place of business) (Complaint ¶ 12), Delaware's three-year statute of limitation for breach of contract claims would apply as the shortest limitations period. *See* Del. Code Ann. tit. 10, § 8121. Similarly, New York's borrowing statute would look to where RFC suffered economic harm, which would be Delaware. *See Beana v. Woori Bank*, 05 CIV. 7018(PKC), 2006 WL 2935752, at *6 (S.D.N.Y. Oct. 11, 2006); *see also* N.Y. C.P.L.R. 202, Practice Commentary 202:3 (1993) (McKinney) ("In order to prevent potential forum shopping by a nonresident suing on an out-of-state claim, CPLR 202 … directs [that] the shorter period must apply.").

8

Termination Letter, the last possible date on which SunTrust sold Loans to RFC was August 21, 2007, when the parties' relationship ended. *See* Doherty Decl., Ex. 2. Thus, in accordance with Delaware's three-year statute of limitations, by August 21, 2010, the statute of limitations had expired for each and every Loan sold by SunTrust to RFC. *See* Doherty Decl., Ex. 2; *Cent. Mortgage Co.* 2012 WL 3201139, at *17 (Del. Ch. Aug. 7, 2012). Because RFC did not file the Complaint until December 2013, its R&W breach claim is time barred in its entirety and must be dismissed.[8] *See id.* at *21.

## CONCLUSION

For the foregoing reasons, SunTrust respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, in its entirety, and award SunTrust its attorney's fees in connection with this Motion.

Dated: New York, New York
       March 5, 2014

                                                          ALSTON & BIRD LLP

                                                          /s/ John P. Doherty
                                                          John P. Doherty
                                                          Jennifer S. Kozar

                                                          90 Park Avenue
                                                          New York, New York 10016
                                                          Telephone: (212) 210-9400
                                                          Facsimile: (212) 210-9444

                                                          *Attorneys for Defendant SunTrust Mortgage, Inc.*

---

[8] In the event New York's six-year statute of limitations applies, RFC's R&W claim was untimely for each and every Loan, at the latest, on August 21, 2013, almost four months before RFC filed its Complaint in December 2013. *See ACE Sec. Corp. v. DB Structured Products, Inc.*, 112 A.D.3d 522, 977 N.Y.S.2d 229, 231 (2013).