Case 1:13-cv-08938-RA Document 40 Filed 06/10/14 Page 1 of 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL FUNDING CO., LLC,

Plaintiff,

- against -

SUNTRUST MORTGAGE, INC.,

Defendant.

Case No. 1:13-cv-08938-RA

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO CONFIRM APPLICATION OF S.D.N.Y. STANDING ORDER OF AUTOMATIC REFERENCE TO BANKRUPTCY COURT**

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100

*Counsel for Plaintiff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ..................................................................................................................2

I. REFERRAL TO THE BANKRUPTCY COURT, WHICH HAS AT LEAST RELATED-TO JURISDICTION, IS CONSISTENT WITH THE DIRECTION AND INTENT OF THE S.D.N.Y. STANDING ORDER AND 28 U.S.C. § 157(A) ..................................................................................................2

II. ALTHOUGH *ORION* IS IRRELEVANT TO 28 U.S.C. § 157(A) AND THE STANDING ORDER; SUNTRUST HAS NOT MET ITS BURDEN TO SHOW THAT THE *ORION* FACTORS PRECLUDE BANKRUPTCY ADJUDICATION ..................................................................................5

A. Judicial Efficiency Overwhelmingly Favors Bankruptcy Court Adjudication ..................................................................................6

B. The Other *Orion* Factors Also Favor Bankruptcy Court Adjudication ..................9

CONCLUSION ............................................................................................................10

## TABLE OF AUTHORITIES

**Page**

### Cases

*Adelphia Commc'ns Corp. v. Rigas*,
No. 02-cv-8495, 2003 WL 21297258 (S.D.N.Y. June 4, 2003) ....................7

*Am. Int'l. Grp., Inc. v. Bank of Am. Corp.*,
No. 11-CV-6212, 2011 WL 6778473 (S.D.N.Y. Dec. 20, 2011) ....................4

*In re BearingPoint, Inc.*,
453 B.R. 486 (Bankr. S.D.N.Y. 2011) ....................8

*In re Connie's Trading Corp.*,
No. 14-cv-0376, 2014 WL 1813751 (S.D.N.Y. May 8, 2014) ....................8

*In re Cross Media Mktg. Corp.*,
367 B.R. 435 (Bankr. S.D.N.Y. 2007) ....................4

*In re Delta Air Lines, Inc.*,
No. 07-cv-2649, 2007 WL 3166776 (S.D.N.Y. Oct. 30. 2007)....................9

*In re Enron Power Mktg., Inc.*,
No. 01-cv-7964, 2003 WL 68036 (S.D.N.Y. Jan. 8, 2003) ....................7, 10

*In re Extended Stay*,
466 B.R. 188 (S.D.N.Y. 2011)....................8

*Guccione v. Bell*,
No. 06-CV-492, 2006 WL 2032641 (S.D.N.Y. July 20, 2006) ....................5

*In re Heller Ehrman LLP*,
464 B.R. 348 (N.D. Cal. 2011) ....................8

*Hickox v. Leeward Isles Resorts, Ltd.*,
224 B.R. 533 (S.D.N.Y. 1998)....................7

*In re Lehman Bros. Holdings Inc.*,
480 B.R. 179 (S.D.N.Y. 2012)....................7, 9

*In re Lyondell Chern. Co.*,
467 B.R. 712 (S.D.N.Y. 2012)....................8, 9

*In re Manville Forest Prods. Corp.*,
896 F.2d 1384 (2d Cir. 1990)....................7

*In re McClelland*,
460 B.R. 397 (Bankr. S.D.N.Y. 2011) ....................9

*In re Metro-Goldwyn-Mayer Studios Inc.*,
459 B.R. 550 (Bkrtcy. S.D.N.Y. 2011) ....................5

*N. Am. Car Corp. v. Peerless Weighing & Vending Mach. Corp.*,
143 F.2d 938 (2d Cir. 1944)....5

*Nisselson v. Salim*,
No. 12-cv-0092, 2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013)....9

*Omega Tool Corp. v. Alix Partners, LLP*,
416 B.R. 315 (E.D. Mich. 2009)....5

*In re Orion Pictures Corp.*,
4 F.3d 1095 (2d Cir. 1993).... passim

*RFC v. GreenPoint Mortg. Funding, Inc.*,
No. 13-CV-8937 (S.D.N.Y. Apr. 2, 2014)....2, 3

*RFC v. UBS Real Estate Securities, Inc.,*
14-CV-2170 ....3

*In re Refco*,
461 B.R. 181 (Bankr. S.D.N.Y. 2011)....7

*In re Refco*,
628 F. Supp. 2d at 432 (S.D.N.Y. 2008)....3, 4, 5

*In re Residential Capital, LLC*,
488 B.R. 565 (Bankr. S.D.N.Y. 2013)....4

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
490 B.R. 46 (S.D.N.Y. 2013)....8

*Stern v. Marshall,*
131 S. Ct. 2595 (2011).... passim

**Statutes**

Fed. R. Bankr. P. 9033(b) ....8

Fed. R. Bankr. P. 9033(d) ....8

11 U.S.C. §§ 101-1532 ....1

28 U.S.C. § 157(a) ....1, 2, 3, 5

28 U.S.C. § 157(d) ....5

Case 1:13-cv-08938-RA Document 40 Filed 06/10/14 Page 5 of 14

Plaintiff ("RFC"), through its successor the ResCap Liquidating Trust (the "Trust"), respectfully submits this reply memorandum in support of its motion for an order referring this action to the S.D.N.Y. Bankruptcy Court, for further adjudication in connection with the bankruptcy cases from which this action arises and to which it is related, *In re Residential Funding Co., LLC*, No. 12-12019 (MG) (Jointly Administered) (the "Bankruptcy Cases"), which were commenced under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

## PRELIMINARY STATEMENT

In its opening brief, RFC showed that both 28 U.S.C. § 157(a) and the Standing Order direct that this proceeding should be referred to the Bankruptcy Court, which has jurisdiction over this action. The referral of bankruptcy-related proceedings is not simply the normal procedure—it is automatic, mandatory, and directed by Congress's decision (facilitated by this District's Standing Order) to have such proceedings adjudicated by the Bankruptcy Court in the first instance. Suntrust can seek that reference be withdrawn, but only *after* the case is before the Bankruptcy Court, not before, as it attempts here. RFC also showed that the *Orion* factors are entirely irrelevant to, and otherwise do not govern the application of, either 28 U.S.C. § 157(a) or the Standing Order. But, even if those factors are entertained, considerations of efficiency and the other *Orion* factors, if analyzed by the Court at this stage, militate decidedly in favor of the proceeding remaining before the Bankruptcy Court even after the Standing Order is applied.

In its response, Suntrust cites no case ruling that the Standing Order directing automatic referral can be ignored simply because the plaintiff removed the proceeding to federal court. Indeed, the Standing Order contains no such qualification, and Suntrust does not cite a single case in its argument. It tries, and fails, to distinguish the many cases RFC has cited showing that referral of bankruptcy-related cases to bankruptcy court is automatic and mandatory. Suntrust then argues that bankruptcy court jurisdiction shrinks after plan confirmation, which is incorrect where, as here, the bankruptcy court is supervising a liquidating chapter 11 case.

Case 1:13-cv-08938-RA Document 40 Filed 06/10/14 Page 6 of 14

Finally, Suntrust attempts to sidestep the significant efficiencies from adjudication of this action by the Bankruptcy Court. Suntrust's conclusory assertions cannot satisfy its burden to show (even if relevant) that this case would appropriately be subject to withdrawal of the reference. To the contrary, every consideration of judicial efficiency and the other *Orion* factors favors resolution by Judge Glenn in recognition of his knowledge of the Bankruptcy Cases and the retention of exclusive jurisdiction in the confirmed plan. As Judge Castel held in another recent RFC action, "[t]hat the bankruptcy court's jurisdiction is not 'exclusive' or that it may 'at most make proposed findings' does not dissuade this Court from referring the matter to bankruptcy court." *RFC v. GreenPoint*, No. 13-cv-8937 (S.D.N.Y. Apr. 2, 2014), Dkt. 41.

Accordingly, the Standing Order applies and should be enforced, and this action should be referred automatically to the Bankruptcy Court, where 15 other similar actions are pending.[1]

## ARGUMENT

Both 28 U.S.C. § 157(a) and the Standing Order of Reference direct that this action—related to the underlying Bankruptcy Cases—be referred automatically to the Bankruptcy Court. Considerations relevant to the standard for withdrawal of the reference, although immaterial to the Standing Order's application and premature in the current posture, similarly weigh strongly in favor of the Bankruptcy Court's adjudication of these claims.

### I. REFERRAL TO THE BANKRUPTCY COURT, WHICH HAS AT LEAST RELATED-TO JURISDICTION, IS CONSISTENT WITH THE DIRECTION AND INTENT OF THE S.D.N.Y. STANDING ORDER AND 28 U.S.C. § 157(A)

The Southern District of New York, pursuant to federal authorization under 28 U.S.C. 157(a), established the Standing Order, which states:

---

[1] In addition to the three cases discussed in RFC's opening brief, *see* Br. at 18, the Trust recently filed 12 additional adversary proceedings in the Bankruptcy Court. *See* 14-01995-mg; 14-01996-mg; 14-01998-mg; 14-01999-mg; 14-02000-mg; 14-02001-mg; 14-02002-mg; 14-02003-mg; 14-02004-mg; 14-02005-mg; 14-02008-mg; 14-02009-mg. Judge Glenn has set a June 24 preliminary conference in all these cases. *See, e.g.*, No. 14-01995-mg (Dkt. 3).

Case 1:13-cv-08938-RA Document 40 Filed 06/10/14 Page 7 of 14

> Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

As Suntrust itself admits, the Standing Order allows this Court to "avoid[ ] the administrative burden of having thousands of bankruptcy petitions, adversary proceedings, and contested matters filed on their dockets each year." Opp. at 8-9. This is just such an action, and RFC therefore asks the Court to refer it according to the normal and automatic procedure. Suntrust can seek to withdraw the reference, but only after this case is referred to the Bankruptcy Court. Suntrust instead attempts to create a rule that an action not initially filed with the Bankruptcy Court cannot be referred. The plain text of the Standing Order does not impose that requirement, and SunTrust cites no case to support the proposition that the Standing Order does not apply to cases initially filed in the district court—which would render the Standing Order inoperative.

As RFC explained in its opening brief, not only is it permissible and appropriate for a district court to refer to bankruptcy court a bankruptcy-related case pursuant to the Standing Order; two cases were recently referred *under precisely these circumstances*. In an Order (Dkt. 36) in *RFC v. Greenpoint Mortg. Funding, Inc.,* 13-CV-8937, Judge Castel referred a similar case to the Bankruptcy Court pursuant to RFC's request for referral. Moreover, when the defendant requested Judge Castel reconsider the referral, making arguments similar to Suntrust's here, *id.* (Dkt. 39), the court denied the request, explaining, "[t]hat the bankruptcy court's jurisdiction is not 'exclusive' or that it may 'at most make proposed findings' does not dissuade this Court from referring the matter to the bankruptcy court," *id.* (Dkt. 41). Additionally, in *RFC v. UBS Real Estate Securities, Inc.,* 14-CV-2170, the case was removed from state court *to district court*, where it then was referred to the Bankruptcy Court. *Id.* (Dkt. 4).

Suntrust argues that referral is inappropriate because there is no bankruptcy jurisdiction. No credible challenge to bankruptcy jurisdiction can be asserted. Suntrust does not dispute—and therefore effectively concedes—that this action satisfies the relatively low legal hurdle of "related to" jurisdiction and the "conceivable effect" test, as explained at length in RFC's

opening motion. Br. at 10-14. Rather, Suntrust tries to apply a different standard, arguing that because the Plan has been confirmed, RFC must establish that there is a "close nexus" or that the case "affect[s] an integral aspect" of the bankruptcy, Opp. at 12-13. That does not help Suntrust for two reasons. *First,* even if that standard applied, RFC satisfies it here for all the reasons discussed in RFC's opening brief. Br. at 10-14. As Judge Lynch explained in *In re Refco:*

> [T]he "implementation" and "execution" of the confirmed Plan are directly at issue . . . . Any funds recovered by the Trustee in this case will be distributed to Refco's general unsecured creditors, thus further evidencing the "close nexus" between the Trustee's claims and the bankruptcy proceeding.

628 F. Supp. 2d 432,443 (S.D.N.Y. 2008) (citation omitted). The same is true here.[2]

*Second,* the "close nexus" test does not apply in the context of a liquidating chapter 11 case where the plan retained causes of action to be prosecuted for the benefit of all creditors. Courts routinely hold that even if the test were applied, it would be met where originators could be liable on indemnification claims because such claims "affect the implementation, execution, and/or administration of the confirmed plan." *Am. Int'l. Grp., Inc. v. Bank of Am. Corp.*, No. 11-CV-6212, 2011 WL 6778473, at *5 (S.D.N.Y. Dec. 20, 2011); *see In re Refco,* 628 F. Supp. 2d at 442-43 (approving of broader post-confirmation jurisdiction in liquidation context); *In re Cross Media Mktg. Corp.,* 367 B.R. 435, 444 (Bankr. S.D.N.Y. 2007) (Glenn, J.) (holding that, as to liquidation, post-confirmation jurisdiction does not require "close nexus"). *Cf., In re Residential Capital, LLC*, 488 B.R. 565, 572-73 & n. 8 (Bankr. S.D.N.Y. 2013) (noting "Post-confirmation cases in this Circuit and elsewhere apply a more stringent 'close nexus' test for 'related to' jurisdiction, but have nevertheless upheld 'related to' jurisdiction in RMBS cases.")

---

[2] This is true, Judge Lynch noted, even if bankruptcy jurisdiction were to diminish post-confirmation. *Id.* at 445 ("[E]ven assuming *arguendo* that federal jurisdiction diminishes post-confirmation, the existence of a 'close nexus' between the Trustee's claims and the Refco bankruptcy, coupled with the Plan's express retention of jurisdiction over those claims, suffices to establish [at least] 'related to' jurisdiction in this case.").

Case 1:13-cv-08938-RA Document 40 Filed 06/10/14 Page 9 of 14

(citations omitted).[3] Because the Trust is pursuing recoveries from indemnifications in a liquidating chapter 11 case, the proceeds of which will benefit RFC's estate and creditors, bankruptcy jurisdiction exists here.

The Standing Order does not distinguish between plaintiffs and defendants, or say it only applies to cases filed initially in Bankruptcy Court. Suntrust cites no case to support its position that the Standing Order does not apply here, and its argument that a standing order cannot apply to a case initially filed in a district court is disproven by *Omega Tool Corp. v. Alix Partners, LLP*, 416 B.R. 315 (E.D. Mich. 2009) (granting defendants' motion for bankruptcy referral). That the movant there was the defendant rather than the plaintiff is irrelevant. Moving for a case to be adjudicated in the appropriate court is neither "defensive action," Opp. at 10, nor "game-playing," *id.*, but rather an unremarkable effort to promote efficiency.

## II. ALTHOUGH *ORION* IS IRRELEVANT TO 28 U.S.C. § 157(A) AND THE STANDING ORDER; SUNTRUST HAS NOT MET ITS BURDEN TO SHOW THAT THE *ORION* FACTORS PRECLUDE BANKRUPTCY ADJUDICATION

Suntrust argues that the *Orion* factors militate against referral, but it has the burden backwards. It is not RFC that must "satisfy" the *Orion* "seven-factor test," Opp. at 14, but rather, under *Orion* and § 157(d), the party who moves for *withdrawal* of a reference that must demonstrate "cause shown," that is, Suntrust itself. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Additionally, Suntrust insists that a court can at any time examine "whether to *allow a case to* ***proceed in*** *bankruptcy court*," Opp. at 14 (emphasis added), but this proves RFC's own argument: evaluation of whether a reference to bankruptcy court should be withdrawn appropriately occurs while the case is in bankruptcy court and not before.

[3] Suntrust's cases are not to the contrary. The last time *N. Am. Car Corp. v. Peerless Weighing & Vending Mach. Corp.*, 143 F.2d 938 (2d Cir. 1944), Opp. at 12, was cited in this district was when a court used it to *distinguish* between a reorganization and a liquidation. *See In re Refco*, 628 F. Supp. 2d at 441 (finding jurisdiction for—and declining to remand or abstain from adjudicating—a liquidation bankruptcy case). Both *Guccione v. Bell*, No. 06-CV-492, 2006 WL 2032641 (S.D.N.Y. July 20, 2006), and *In re Metro-Goldwyn-Mayer Studios Inc.*, 459 B.R. 550 (Bkrtcy. S.D.N.Y. 2011), Opp. at 12, concerned reorganizations, not liquidations.

Nevertheless, should the Court choose to—though it need not—consider the *Orion* factors, they strongly favor the Bankruptcy Court. Suntrust asserts that whether a proceeding is core or non-core is the "most critical factor" and "the *most important* factor," but those phrases appear nowhere in *Orion*. Even to the extent core/non-core is useful, it is because in certain cases it can be suggestive of the overall efficiency and uniformity question—which, as discussed below, overwhelmingly favor referral. Indeed, courts in this District uniformly have held that an action's status as non-core does not, on its own, require withdrawal of the reference. *See infra* pp. 9-10. A contrary rule would undercut the purpose underlying the entire *Orion* analysis, which examines "questions of efficiency and uniformity." *Orion*, 4 F.3d at 1101.

### A. Judicial Efficiency Overwhelmingly Favors Bankruptcy Court Adjudication

The efficient use of judicial resources militates against withdrawal of the reference to the Bankruptcy Court. *See id.* As an initial matter, Judge Glenn has extensive experience with—and understanding of—the specific settlements and other matters at issue here. In managing and overseeing the Bankruptcy Cases, the Bankruptcy Court mastered the factual and legal issues relevant to the very same defective loans, RMBS, settled legal claims, and alleged breaches of representations and warranties that underlie this action. Fully 6,903 of the loans at issue here ended up in securitizations as to which various underwriters were sued, and who then filed proofs of claim against RFC.[4] As often in liquidating cases, Judge Glenn *continues* to hear disputes on similar issues. Litigating RFC's claims against Suntrust outside the Bankruptcy Court risks duplicative litigation and inconsistent decisions.[5]

[4] See Proofs of Claim Nos. 88, 89, 2742, 2745, and 2748 (Merrill Lynch) (asserting claims related to 433 loans at issue here); 7292 and 7294 (Credit Suisse) (514 loans); 1707, 1710, and 1711 (Deutsche Bank) (1237 loans); 3455, 3457, 3461, 3462, 3464, 3465, 3468, 3483, 3491, 3501, 3509, 3513, 3753, and 4322 (RBS) (2581 loans); 3918, 3919, 3923-25 (JP Morgan) (869 loans); 4447 and 4457 (UBS) (498 loans); 5045 and 5046 (Citigroup) (1,152 loans); 5076 and 5077 (Goldman Sachs) (580 loans); 5858 and 5860 (Barclays) (336 loans); 6431, 6433, and 6434 (Morgan Stanley) (203 loans).

[5] Suntrust makes the baseless accusation that RFC "drops revealing hints" and "apparently hopes the Bankruptcy Court will apportion liability for the settlement among all loan sellers . . .

Judge Glenn's past and ongoing experience reviewing the foregoing materials will be directly transferable to this action. In the event of disputes in this litigation concerning RFC's indemnification claims arising from its settlements—including *what* was settled, *why* it was settled, the *terms* on which it was settled, the *reasonableness* of the settlements, and/or the proper *allocation* of those settlement liabilities and losses as among the various mortgage originators RFC has now sued-Judge Glenn's expertise will be invaluable. The same is true of RFC's claim for indemnification. *See Hickox v. Leeward Isles Resorts, Ltd.,* 224 B.R. 533, 540 (S.D.N.Y. 1998) (finding that judicial economy favored referral of removed non-core proceeding to bankruptcy court because it was more familiar with the relevant issues).

Notwithstanding Judge Glenn's expertise concerning the issues here, Suntrust argues that no efficiencies would result from litigating this action before the Bankruptcy Court because it might lack authority to issue a final judgment. That argument contradicts the longstanding holdings in this District, which recognize that efficiencies decisively favor Bankruptcy Court adjudication even for non-core claims. Such decisions are legion. In one, the court denied a motion to withdraw the reference in a non-core matter because, "most importantly," the bankruptcy judge was "familiar with the salient issues . . . and [] far more able to supervise all of them together, unless and until a jury trial is necessary." *In re Enron Power Mktg., Inc.,* No. 01-cv-7964, 2003 WL 68036, at *11 (S.D.N.Y. Jan. 8, 2003). In another, the court reached the same result as to core and non-core matters, in part because "the bankruptcy court's familiarity with th[e] matter put[] it in the best position to oversee th[e] litigation." *Adelphia Commc'ns Corp. v. Rigas,* No. 02-cv-8495, 2003 WL 21297258, at *2 (S.D.N.Y. June 4, 2003).[6]

---

in back-of-the-envelope rough justice." Suntrust quotes no specific language in RFC's brief, likely because no argument RFC has made would support such a charge.

[6] *See also In re Lehman Bros. Holdings Inc.,* 480 B.R. 179, 197-98 (S.D.N.Y. 2012) (denying withdrawal without prejudice to renewal at summary judgment); *In re Refco,* 461 B.R. 181, 193-94 (Bankr. S.D.N.Y. 2011) (noting that, to the extent *Stern* deprives a bankruptcy court of constitutional authority to determine a core proceeding on a final basis, "courts must impose a remedy that best corresponds to what Congress would have intended"); *In re Manville Forest Prods. Corp.,* 896 F.2d 1384, 1391 (2d Cir. 1990) (transfer or withdrawal from bankruptcy court with "learning curve" advantage would cause delay and undermine interest of justice).

The preference for adjudicating pretrial matters--and even some trials--in Bankruptcy Court has continued even after *Stern.* As a court in this District observed just last year:

> Multiple courts in this District have already concluded that, although *Stern* prevents the Bankruptcy Court from entering final judgment on [certain matters], *considerations of efficiency and uniformity counsel in favor of permitting the Bankruptcy Court to issue proposed .findings of fact and conclusions of law*.

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 490 B.R. 46, 58 (S.D.N.Y. 2013) (emphasis added).[7] Contrary to Suntrust's arguments, these efficiency gains are not obviated by the potential need for *de novo* review of the Bankruptcy Court's report and recommendation. *See Madoff Securities,* 490 B.R. at 58 ("The hypothetical possibility of duplicative proceedings . . . cannot outweigh the efficiency of receiving the recommendation of a [bankruptcy] court . . . ."). Procedures for *de novo* review of objected-to portions of a report and recommendation, *see* Fed. R. Bankr. P. 9033(b) and (d), suggest that where a case is best suited for Bankruptcy Court, a need for *de novo* review is not cause for district court adjudication in the first instance.

In sum, each of *Orion*'s efficiency considerations weighs in favor of Bankruptcy Court adjudication. Particularly now that claims against 15 Originators are pending before Judge Glenn, there is no "efficiency" in requiring this Court to reconstruct the relevant history.[8]

---

[7] *See also In re Connie's Trading Corp.,* No. 14-cv-0376, 2014 WL 1813751, at *11-12 (S.D.N.Y. May 8, 2014) (denying motion to withdraw the reference even where "we have assumed *arguendo* that the bankruptcy court lacks constitutional authority to enter a final judgment on [the claims]" because "none of the other *Orion* factors support withdrawal"); *In re Lyondell Chern. Co.,* 467 B.R. 712, 723-24 (S.D.N.Y. 2012) (denying motion to withdraw the reference in action including non-core claims, noting "[t]he bankruptcy court's authority to enter final judgment on claims is not determinative in deciding whether to withdraw the reference" and finding "decisive" the other *Orion* factors); *In re Heller Ehrman LLP,* 464 B.R. 348, 358 (N.D. Cal. 2011) (denying motion to withdraw the reference because even though bankruptcy court could not enter final judgment on certain claims, *"[w]ithdrawal at this point would forego the services of a bankruptcy court ready, willing and able to do its job"* (emphasis added)).

[8] Suntrust cites *In re BearingPoint, Inc.*, 453 B.R. 486 (Bankr. S.D.N.Y. 2011), Opp. at 18, but that case concerned parties who simultaneously argued that Bankruptcy Court was the best venue but refused to consent to its entry of final judgment. *See id.* at 492 n.17. Additionally, it was immediately distinguished twice, *see In re Extended Stay*, 466 B.R. 188, 207 (S.D.N.Y.

### B. The Other *Orion* Factors Also Favor Bankruptcy Court Adjudication

***Uniformity of Bankruptcy Administration***. Suntrust's assertion that referral would not promote uniform bankruptcy administration is incorrect. Among other things, RFC's actions will involve common legal issues regarding interpretation of the Warranties pursuant to which loans were sold; common factual issues regarding the liabilities and losses sustained as a result of the Originators' actions; and common procedural issues regarding the settlements from which RFC's indemnification claims arise. Those questions should be answered consistently across Originators, by the Bankruptcy Court that has significant knowledge of the issues in dispute. The alternative would generate the inefficiencies and non-uniformity cautioned against in *Orion. See, e.g.*, *In re Lehman Bros. Holdings*, 480 B.R. at 196 ("[T]he bankruptcy court's involvement with not only this proceeding but also with the administration of the entire Lehman bankruptcy . . . has been . . . extensive."); *In re Delta Air Lines, Inc.*, No. 07-cv-2649, 2007 WL 3166776, at *5 (S.D.N.Y. Oct. 30. 2007) (resolution by bankruptcy court of issues in adversary proceeding that would affect related matters would "further uniformity of administration").

***Costs and Delays***. Suntrust wrongly describes these factors as "neutral," Opp. at 22, ignoring the impact of depriving this Court of Judge Glenn'expertise. *See In re Lyondell Chem. Co.*, 467 B.R. 712, 724 (S.D.N.Y. 2012) ("Given the [bankruptcy court's] extensive experience . . . permitting it to . . . conduct pre-trial proceedings will be of assistance. . . ."); *Nisselson v. Salim*, No. 12-cv-0092, 2013 WL 1245548, at *6 (S.D.N.Y. Mar. 25, 2013) (same).

***Forum Shopping***. Suntrust asserts without basis that RFC's motion to refer this action constitutes forum shopping. In reality, neither the Bankruptcy Court nor this Court has issued any substantive rulings in any of RFC's actions, and RFC's efforts to consolidate similar cases with the 15 others pending before Judge Glenn is based upon efficiency, not because RFC believes Judge Glenn will "leverage" his "knowledge . . . for the benefit of RFC." Opp. at 22.

---

2011); *In re McClelland*, 460 B.R. 397, 403 (Bankr. S.D.N.Y. 2011), and has not been cited since the year it was decided.

Case 1:13-cv-08938-RA Document 40 Filed 06/10/14 Page 14 of 14

***Jury Rights***. A jury demand is not dispositive as to withdrawal because if a case "will require protracted discovery and court oversight before trial," a court "might conclude that the case at that time is best left in the bankruptcy court." *Orion*, 4 F.3d at 1102-03; *In re Enron Power Mktg., Inc.*, 2003 WL 68036, at *11 (declining to withdraw reference because bankruptcy court was "familiar with the salient issues . . . and [] far more able to supervise all of them . . . unless and until a jury trial is necessary").

**CONCLUSION**

This Court should grant RFC's motion and refer this action to the Bankruptcy Court.

Dated: June 10, 2014

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: /s/ Peter E. Calamari
Peter E. Calamari
Isaac Nesser
Alex Rossmiller
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
PeterCalamari@quinnemanuel.com
IsaacNesser@quinnemanuel.com
AlexRossmiller@quinnemanuel.com

*Attorneys For Plaintiff*