12-12020-mg    Doc 7322-67    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 41
Case 1:13-cv-08938-RA    Document 41    Filed 06/20/14    Page 1 of 16
Pg 1 of 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL FUNDING COMPANY, LLC,

                Plaintiff,

  -v.-

SUNTRUST MORTGAGE, INC.,

                Defendant.

No. 13-civ-8938

ORAL ARGUMENT REQUESTED

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN
BE GRANTED PURSUANT TO FED. R. CIV. P. 8 AND 12(b)(1) & (6)**

ALSTON & BIRD LLP

John P. Doherty
Jennifer S. Kozar
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Defendant SunTrust Mortgage, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT .................................................................................................................................1

    I.   RFC LACKS STANDING TO PURSUE ANY OF ITS CLAIMS..............................1

        A.  RFC Fails to Satisfy Its Burden to Establish Standing ............................................1

        B.  RFC Lacked Standing Because It Transferred Any Right To Sue
           SunTrust When It Securitized Loans for 69 Securitizations...................................4

   II.  THE COMPLAINT MUST BE DISMISSED UNDER *IQBAL* AND *TWOMBLY* .....5

  III. COUNT I MUST BE DISMISSED .................................................................................6

        A.  The New York Borrowing Statute Selects the Delaware Statute of
           Limitations and RFC's R&W Claims Are Untimely...............................................6

        B.  RFC Failed to Satisfy Conditions Precedent ..........................................................8

  IV. COUNT II MUST BE DISMISSED..................................................................................9

CONCLUSION..............................................................................................................................10

12-12020-mg    Doc 7322-67    Filed 07/30/14    Entered 07/30/14 17:36:32    doc 41
Pg 3 of 16
Case 1:13-cv-08938-RA    Document 41    Filed 06/20/14    Page 3 of 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

*ACE Sec. Corp. v. DB Structured Prods., Inc.*,
  112 A.D.3d 522, 977 N.Y.S.2d 229 (1st Dep't 2013) ..................................................................5

*Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 ex rel.HSBC
  Bank USA v. DB Structured Prods., Inc.*,
  Nos. 13 Civ. 1869, 13 Civ. 2053, 13 Civ. 2828, 13 Civ. 3687,
  2014 WL 1116758 (S.D.N.Y. Mar. 20, 2014) ................................................................... 5, 8, 9

*Bank of India v. Trendi Sportswear, Inc.*,
  89 CIV.5996 JSM, 2002 WL 84631 (S.D.N.Y. Jan. 18, 2002),
  *aff'd*, 64 F. App'x 827 (2d Cir. 2003)......................................................................................10

*Brinckerhoff v. JAC Holding Corp.*,
  263 A.D.2d 352, 692 N.Y.S.2d 381 (1st Dep't 1999) ................................................................7

*Cent. Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*,
  Civ. A. 5140-CS, 2012 WL 3201139 (Del. Ch. Aug. 7, 2012) .................................................8

*Citigroup Mortgage Loan Trust 2007-AMC3 ex rel. U.S. Bank, Nat. Ass'n v. Citigroup
  Global Markets Realty Corp.*,
  13 CIV. 2843 GBD, 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014)...........................................6

*City of New York v. Lead Indus. Ass'n, Inc.*,
  222 A.D.2d 119, 644 N.Y.S.2d 919 (1st Dep't 1996) .............................................................10

*Clarex Ltd. v. Natixis Sec. Am. LLC*,
  12 CIV. 0722 PAE, 2012 WL 4849146 (S.D.N.Y. Oct. 12, 2012)................................1, 3, 4, 5

*Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*,
  No. 12 Civ. 9351 (JPO), 2013 WL 3762882 (S.D.N.Y. July 18, 2013) ................................1, 4

*Gen. Conference of Seventh-Day Adventists v. Aon Reins. Agency, Inc.*,
  826 F. Supp. 107 (S.D.N.Y. 1993) .........................................................................................10

*Global Fin. Corp. v. Triarc Corp.*,
  93 N.Y.2d 525, 693 N.Y.S.2d 479 (1999) .............................................................................6, 7

*Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*,
  13-2720-CV, 2014 WL 292192 (2d Cir. Jan. 28, 2014) ...........................................................9

**Cases**                          **Page(s)**

*Hudson Optical Corp. v. Cabot Safety Corp.*,
    No. 97-9046, 1998 WL 642471 (2d Cir. Mar. 25, 1998) .................................................... 4

*In re Am. Exp. Lines, Inc.*,
    568 F. Supp. 956 (S.D.N.Y. 1983) ................................................................................... 10

*In re Durso Supermarkets, Inc.*,
    92 B 43864 (PBA), 1995 WL 739549 (S.D.N.Y. Dec. 14, 1995) ..................................... 8

*In re Everfresh Beverages, Inc.*,
    238 B.R. 558 (Bankr. S.D.N.Y. 1999) ............................................................................... 8

*Lehman XS Trust, Series 2006-4N ex rel. U.S. Bank Nat. Ass'n v. Greenpoint*
    *Mortgage Funding, Inc.*,
    13 CIV. 4707 SAS, 2014 WL 108523 (S.D.N.Y. Jan. 10, 2014) ...................................... 8

*Met. Life Ins. Co. v. Morgan Stanley*,
    Index No. 651360/12, 2013 WL 3724938 (Sup. Ct. N.Y. County June 8, 2013) ............... 7

*Napster, LLC v. Rounder Records Corp.*,
    761 F. Supp. 2d 200 (S.D.N.Y. 2011) ............................................................................ 8, 9

*Oxbow Calcining USA Inc. v. Am. Indus. Partners*,
    96 A.D.3d 646, 948 N.Y.S.2d 24 (1st Dep't 2012) ........................................................... 7

*Residential Funding Co. v. Embrace Home Loans, Inc.*,
    Civ. No. 13-3457, Docket No. 46 (D. Minn. June 18, 2014) ............................................ 6

*Residential Funding Co. v. Terrace Mortg. Co.*,
    Civ. No. 13-3517, Docket No. 67 (D. Minn. May 30, 2014) ............................................ 4

*Royal Mortgage Corp. v. F.D.I.C.*,
    20 F. Supp. 2d 664 (S.D.N.Y. 1998), *aff'd*, 194 F.3d 389 (2d Cir. 1999) .......................... 5

*Sharehold Representative Servs. LLC v. Sandoz Inc.*,
    12 Civ. 6154 DLC, 2013 WL 4015901 (S.D.N.Y. Aug. 7, 2013) ..................................... 2

*Torchlight Loan Servs., LLC v. Column Fin.*,
    11 CIV. 7426 RWS, 2012 WL 3065929 (S.D.N.Y. July 25, 2012) ............................... 2, 6

*United N.Y. Sandy Hook Pilots' Ass'n v. United States*,
    191 F. Supp. 893 (S.D.N.Y. 1961) .................................................................................. 10

*Verizon Directories Corp. v. Continuum Health Partners, Inc.*,
    Index No. 117782/05, 2009 WL 1116113 (Sup. Ct. N.Y. County Apr. 21, 2009),
    *aff'd*, 74 A.D.3d 416, 902 N.Y.S.2d 343 (1st Dep't 2010) ............................................ 7, 8

12-12020-mg    Doc 7322-67    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 41
Pg 5 of 16
Case 1:13-cv-08938-RA    Document 41    Filed 06/20/14    Page 5 of 16

| **Constitutions, Statutes and Rules** | **Page(s)** |
| --- | --- |
| U.S. Const. Art. III | 1, 2, 3 |
| 11 U.S.C. § 108(a) | 8 |
| 11 U.S.C. § 524 | 10 |
| Fed. R. Civ. P. 8(a) | 6 |
| Fed. R. Civ. P. 9(c) | 8, 9 |
| Fed. R. Civ. P. 12(b)(1) | 2, 4 |
| Fed. R. Civ. P. 17 | 3 |
| Fed. R. Civ. P. 17(a) | 3 |
| Fed. R. Civ. P. 25 | 3 |

12-12020-mg Doc 7322-67 Filed 07/30/14 Entered 07/30/14 17:36:32 doc 41
Case 1:13-cv-08938-RA Document 41 Filed 06/20/14 Page 6 of 16
Pg 6 of 16

# ARGUMENT

I.  **RFC LACKS STANDING TO PURSUE ANY OF ITS CLAIMS**

RFC's lack of standing is fatal to this case. Absent standing, this Court lacks subject matter jurisdiction over this case according to Article III of the U.S. Constitution. Standing must exist at the outset of the action. RFC's lack of standing when it filed this action on December 17, 2013 is not curable and requires dismissal.

### A. RFC Fails to Satisfy Its Burden to Establish Standing

RFC's admissions in the Amended Complaint establish RFC's lack of standing, requiring dismissal. In the Amended Complaint, RFC pled:

- The Plan became effective on December 17, 2013. Pursuant to the Plan, the Liquidating Trust succeeded to all of RFC's rights and interest, including its litigation claims against SunTrust. Am. Compl. ¶ 79.

- [O]n December 17, 2013 … the [Trust] succeeded to all of RFC's rights and interests under RFC's Agreement with SunTrust…. Am. Compl. ¶ 13.

Glaringly, in its Opposition, RFC never addresses its own judicial admissions – RFC ignores that it pled that only the Liquidating Trust, not RFC, had standing to sue on December 17, 2013. RFC never addresses that as of the December 17, 2013 Effective Date of the Plan, the Liquidating Trust had "the **exclusive right**, authority, and discretion to determine and to **initiate**, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment **any Causes of Action**."[1] [*See* In re ResCap, Docket No. 6065, at 67, ¶ 49 (emphasis added)]; *see also* Def. Mem. at 4-6. RFC cannot distinguish the *Cortlandt Street* and *Clarex Ltd.* S.D.N.Y. decisions, which provide that where standing was lacking at the commencement of an

---

[1] "Causes of Action" include actions against SunTrust. *See* Def. Mem. at 5 n. 6; [*see also In re ResCap*, Docket No. 6030, at 13].

action, the deficiency cannot be cured by substitution or amending the caption or otherwise. As such, RFC cannot satisfy its burden to establish standing at the time it filed this case.[2]

RFC's response is wishful thinking, if not frivolous argumentation to this Court. In its Opposition, RFC **contradicts** its own pleadings and suggests by way of *ipsi dixit* that RFC had not transferred the SunTrust claim to the Liquidating Trust prior to filing suit. RFC's about-face is striking:

The Amended Complaint: "The Plan became effective on December 17, 2013. Pursuant to the Plan, the Liquidating Trust succeeded to all of RFC's rights and interest, including its litigation claims against SunTrust." Am. Compl. ¶ 79.

RFC's Opposition*:* "RFC filed this action on December 17, 2013 … before RFC's assets were transferred to the Trust." Opp. at 5.

This revisionism should be rejected outright. "[P]arties cannot amend their pleadings by including new factual allegations in an opposition brief to a motion to dismiss." *See Torchlight Loan Servs., LLC v. Column Fin.*, 11 CIV. 7426 RWS, 2012 WL 3065929, at *11 (S.D.N.Y. July 25, 2012) (citation omitted).

RFC's new, unsupported contention that the Liquidating Trust Board delayed the transfer of the SunTrust claim to the Liquidating Trust contradicts the Order and the Liquidating Trust Agreement, which required RFC to transfer **all** its relevant rights and interests to the Liquidating Trust on the Effective Date. According to the Order, "[o]n the Effective Date, the Debtors were … directed to transfer, grant, assign, convey, set over, and deliver to the Liquidating Trustees,

---

[2] "On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence" and "the court must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *Sharehold Representative Servs. LLC v. Sandoz Inc.*, 12 Civ. 6154 DLC, 2013 WL 4015901, at *6 (S.D.N.Y. Aug. 7, 2013) (citations and quotations omitted) (granting defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction where plaintiffs did not establish Article III standing).

2

12-12020-mg    Doc 7322-67    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 41
Case 1:13-cv-08938-RA    Document 41    Filed 06/20/14    Page 8 of 16
Pg 8 of 16

for the benefit of the Liquidating Trust … all of the Debtors' and Estates' right, title and interest in and to the Available Assets …." [*See In re ResCap*, Docket No. 6065-1, at 85.] The Liquidating Trust Agreement states in relevant part that "[o]n the Effective Date, the Debtors shall transfer all of the Available Assets … to the Liquidating Trust…." [*See id.*, Docket No. 6064-1, at 19.] In addition, even if RFC had not transferred the SunTrust claim on December 17, 2013, the Liquidating Trust had the exclusive right to file this suit on that date, thus invalidating this action. [*See In re ResCap,* Docket No. 6065, at 67, ¶ 49.]

Second, RFC cannot slyly recast RFC – for the first time in its Opposition – as the nominee of the Liquidating Trust. In the Complaint and the Amended Complaint, RFC asserted claims against SunTrust solely on its own behalf, not the Liquidating Trust's. *See* Compl. at 1; Am. Compl. at 1. In contrast, in its Opposition, RFC suggests that the Complaints were actually filed by or on behalf of the Liquidating Trust, stating for the first time that the action was brought by: "RFC, *through its successor the ResCap Liquidating Trust*...." *See* Opp. at 1. RFC is bound by the Complaint and the fact it lacked standing when it filed the Complaint solely by and for itself.

Fed. R. Civ. P. 17 and 25 do not authorize the Liquidating Trust to substitute into this action, because RFC lacked standing when it filed the Complaint. *See Clarex Ltd. v. Natixis Sec. Am. LLC*, 12 CIV. 0722 PAE, 2012 WL 4849146, at *7 (S.D.N.Y. Oct. 12, 2012) ("[w]hile Rule 17(a) allows for the substitution of a real party in interest, a plaintiff must have Article III standing at the outset of the litigation … This is consistent with the Supreme Court's teaching that Rule 17(a) address[es] party joinder, not federal-court subject-matter jurisdiction.")

Moreover, *Clarex* and *Cortland Street* (which RFC barely acknowledges) make clear that RFC's lack of standing is not a "quibble," remediable by a name change in the caption. Where

3

standing was lacking at the commencement of an action, ***this deficiency cannot be cured by amending the caption or otherwise***.  *See id.* ("plaintiffs did not have standing on any claim as of [the date the complaint was filed].  The Court thus has no jurisdiction to grant a request to substitute the real party in interest.")[3]; *Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 12 Civ. 9351 (JPO), 2013 WL 3762882, at *3 (S.D.N.Y. July 18, 2013).

RFC's allegation that a Minnesota Court addressed "substantially similar standing arguments" is misleading.  Opp. at 6.  In *Terrace Mortgage*, the court examined the renaming of RFC's predecessor, "Residential Funding Corporation," to "Residential Funding Company, LLC," which occurred in October 2006.  This decision did not address RFC's standing to sue on a claim after RFC assigned that same claim to the Liquidating Trust.  [*See Residential Funding Co. v. Terrace Mortg. Co.*, No. 13-3517, Docket No. 67 at 23 (D. Minn. May 30, 2014).]

As such, when this action was filed, the Liquidating Trust was the *only* entity that had standing to sue, and this fatal flaw cannot be cured.  Dismissal of this action is mandated under Fed. R. Civ. P. 12(b)(1).

### B. RFC Lacked Standing Because It Transferred Any Right To Sue SunTrust When It Securitized Loans for 69 Securitizations

RFC failed to satisfy its burden to show it has standing with respect to Loans assigned to 69 securitizations.  The evidence (consisting of the plain language of the relevant Agreements[4]) is not "incomplete" for these 69 securitizations.  Each Agreement provides an absolute conveyance of "*all right, title and interest in and to the Mortgage Loans.*"  *See* Def. Mem. at 10-

---

[3] *Clarex Ltd.*, 2012 WL 4849146, at *6 ("Corporate form matters.  Here, there were distinct legal entities, whose separate nature cannot simply be ignored when inconvenient.  It is black-letter law that one corporation cannot assert an affiliate's legal rights."); s*ee also Hudson Optical Corp. v. Cabot Safety Corp.*, No. 97-9046, 1998 WL 642471, at *3 (2d Cir. Mar. 25, 1998) (unpublished) (affirming dismissal where "[a] corporation does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined.").

[4] "Agreement" or "Agreements" refer to the Assignment and Assumption Agreements.  *See* Def. Mem. at 10.

4

12-12020-mg    Doc 7323-67    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 41
Case 1:13-cv-08938-RA    Document 41    Filed 06/20/14    Page 10 of 16
Pg 10 of 16

11 (emphasis added).[5]  As such, following the assignment, RFC did not own the Loans or have any rights with respect to the Loans; therefore, it could not pursue Loan-specific R&W or indemnification claims against Loan sellers.  See  Clarex Ltd., 2012 WL 4849146, at *6 ("An unequivocal and complete assignment extinguishes the assignor's rights against the obligor and leaves the assignor without standing to sue the obligor.") (internal quotation and citation omitted).  The Client Guide and Prospectus Supplement are irrelevant extrinsic materials that cannot be used to interpret these unambiguous Agreements.  Accordingly, RFC's claims for the 69 securitizations must be dismissed.

## II.    THE COMPLAINT MUST BE DISMISSED UNDER *IQBAL* AND *TWOMBLY*

RFC asserts that SunTrust has not claimed it does not know the specific claims against it.  RFC should re-read SunTrust's brief.  See Def. Mem. at 13 ("[T]he Amended Complaint is still devoid of even the most basic factual detail necessary to put SunTrust on notice of RFC's claims.").

The "legion" cases that RFC relies upon to prop up its bare bones Amended Complaint are inapposite.  The bulk of these cases were decided prior to the recent line of New York cases – including *ACE II*[6] and its progeny – that hold that a plaintiff must provide pre-suit loan-specific notice of R&W breaches to a defendant as a condition precedent to filing suit.  The remaining cases are distinguishable because the plaintiff in those actions – unlike RFC – did, in fact, provide pre-suit loan-specific notice to the defendant prior to filing suit.[7]  A recent S.D.N.Y.

---

[5] "As a general matter, the question of whether the underlying actions have been assigned is one of contract interpretation that turns on whether the parties intended a transfer." *Royal Mortgage Corp. v. F.D.I.C.*, 20 F. Supp. 2d 664, 667-68 (S.D.N.Y. 1998), *aff'd*, 194 F.3d 389 (2d Cir. 1999).

[6] *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 112 A.D.3d 522, 977 N.Y.S.2d 229 (1st Dep't 2013).

[7] *See, e.g., Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 ex rel. HSBC Bank USA v. DB Structured Prods., Inc.*, Nos. 13 Civ. 1869, 13 Civ. 2053, 13 Civ. 2828, 13 Civ. 3687, 2014 WL 1116758, at *4  (S.D.N.Y. Mar. 20, 2014) ("For each securitization, Plaintiff sent multiple such notices … Some of these notices provided, for

5

decision, *Citigroup Mortgage Loan Trust 2007-AMC3 ex rel. U.S. Bank, Nat. Ass'n v. Citigroup Global Markets Realty Corp.*, is illustrative of the current state of the law. 13 CIV. 2843 GBD, 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014). There, the plaintiff filed suit on: (a) 1,267 loans for which plaintiff provided pre-suit loan-specific notice to defendant; and (b) unidentified loans for which plaintiff had not provided such notice. Judge Daniels dismissed the complaint with respect to the unidentified, non-noticed loans on *Iqbal*/*Twombly* grounds, but allowed the case to proceed with respect to the 1,267 noticed loans. *See id.* at *6.[8] Here, RFC did not provide pre-suit Loan-specific notice to SunTrust or identify the specific Loans in breach of R&Ws in the Amended Complaint (other than 9 Loans in Am. Compl. ¶¶ 52, 63). Thus, the Amended Complaint should be dismissed.[9]

### III. COUNT I MUST BE DISMISSED

#### A. The New York Borrowing Statute Selects the Delaware Statute of Limitations and RFC's R&W Claims Are Untimely

The Court should reject RFC's contention that Minnesota's longer limitations period, and not Delaware's shorter limitations period, governs. The Second Circuit recently held that the borrowing statute "mandates [the] use of the *shortest* statute of limitations available." *See In re Coudert Brothers LLP,* 673 F.3d 180, 190 (2d. Cir. 2012) (emphasis added). Similarly, the New York Court of Appeals has held that the borrowing statute is intended to "prevent[] nonresidents from shopping in New York for a favorable Statute of Limitations." *Global Fin. Corp. v. Triarc*

---

each loan as to which a breach had been identified, the loan number, the specific representations and warranties that had been breached, the specific subsections of the MLPA setting forth those representations and warranties, and a description of the facts establishing the breaches.").

[8] Similarly, in the S.D.N.Y. decision *Torchlight Loan Servs., LLC v. Column Fin., Inc.*, Judge Sweet dismissed a mortgage loan put back case involving a single, identified mortgage loan because the complaint did not adequately plead a factual basis for five of the seven alleged R&W breaches. 11 Civ. 7426 RWS, 2012 WL 3065929, at *5.

[9] These decisions are further supported by a recent decision from the District of Minnesota where the court dismissed an identical complaint as the Amended Complaint under Rule 8(a). *See Residential Funding Co. v. Embrace Home Loans, Inc.*, Civ. No. 13-3457, Docket No. 46, at 9-12 (D. Minn. June 18, 2014).

6

12-12020-mg Doc 7322-67 Filed 12/17/13 Entered 07/30/14 17:36:32 doc 41
Case 1:13-cv-08938-RA Document 41 Filed 06/20/14 Page 12 of 16
Pg 12 of 16

*Corp.*, 93 N.Y.2d 525, 528, 693 N.Y.S.2d 479, 480-81 (1999). As such, a court has discretion to select the statute of limitations period of either plaintiff's place of incorporation or principal place of business. *Id.* at 530[10]; *Oxbow Calcining USA Inc. v. Am. Indus. Partners*, 96 A.D.3d 646, 651, 948 N.Y.S.2d 24, 30 (1st Dep't 2012) ("In the case of a corporate plaintiff, [the place of its economic injury] may be the state of incorporation or its principal place of business.").[11] Contrary to RFC's assertions, the New York borrowing statute does <u>not</u> "presumptively" look to a corporate plaintiff's principal place of business for statute of limitation purposes. *See* Opp. at 17.

Notably, of all the authority cited by the parties, only two cases expressly examine a situation where, like here, the court selected between the limitations period of the plaintiff's place of incorporation and principal place of business, where the periods differed.[12] The more recent, factually analogous case supports SunTrust's position. In *Verizon Directories Corp. v. Continuum Health Partners, Inc.*, which was, like here, a breach of contract action, the First Department selected Delaware's shorter statute of limitations (plaintiff's place of incorporation)

---

[10] "The Court of Appeals in *Global Financial Corp.* ... ruled that a claim accrues and a corporate Plaintiff suffers injury in its place of incorporation <u>***or***</u> its principal place of business, but did not decide which would take precedence where they differed." *See Met. Life Ins. Co. v. Morgan Stanley*, Index No. 651360/12, 2013 WL 3724938, at *11 (Sup. Ct. N.Y. County June 8, 2013) (emphasis added).

[11] RFC relies on *Oxbow* in suggesting that where a corporation's injury accrued is *always* a question of fact, inappropriate for a motion to dismiss. To the contrary, the court in *Oxbow* considered plaintiff's principal residency as a question of fact because plaintiff pled that its principal place of business changed states numerous times, including to New York. *See Oxbow*, 96 A.D.3d at 651, 948 N.Y.S.2d at 31.

[12] The *Brinckerhoff* decision is factually distinguishable because it involved a shareholder derivative action, in which the court held that the corporation had been harmed at its principal place of business. *See Brinckerhoff v. JAC Holding Corp.*, 263 A.D.2d 352, 353, 692 N.Y.S.2d 381, 382 (1st Dep't 1999).

7

over Texas' longer limitations period (principal place of business)[13] in dismissing the lawsuit as untimely. 74 A.D.3d 416, 902 N.Y.S.2d 343 (1st Dep't 2010).[14]

As such, Delaware's (shorter) statute of limitations should be applied to RFC's claims. *See* Def. Mem. at 17. Thus, all of RFC's claims were untimely as of April 10, 2010[15] – three years after the last Loan was sold on April 10, 2007 – and should be dismissed.[16]

### B. RFC Failed to Satisfy Conditions Precedent

RFC failed to provide pre-suit Loan-specific notice to SunTrust of alleged R&W breaches, which is a condition precedent to filing suit under *ACE II*. *See* Def. Mem. at 19-20. RFC does not plead that it satisfied this condition precedent, and its conclusory and factually unsupported allegations fail under Fed. R. Civ. P. 9(c) and *Iqbal*/*Twombly*.[17] In contrast, RFC

---

[13] The First Department was provided with plaintiff's state of incorporation and principal place of business, as discussed in the trial court's decision. *See Verizon Directories Corp. v. Continuum Health Partners, Inc.*, Index No. 117782/05, 2009 WL 1116113, at n. 1 & 2 (Sup. Ct. N.Y. County Apr. 21, 2009).

[14] In further support, every RFC parent and affiliate listed in the Amended Complaint is a Delaware entity (Am. Compl. ¶ 13) and the Client Contract, the last agreement executed in connection with the RFC-SunTrust Loan sale program, is governed by Delaware law. *See* Doherty Decl. Ex. 7.

[15] While RFC argues that SunTrust is continually breaching its obligation to notify RFC of defective Loans SunTrust may have discovered (*see* Opp. at 19) RFC does not allege that SunTrust discovered any breaching Loans in its pleadings, let alone that it was in breach for failing to do so. RFC's citation to *Ace Sec. Corp. Home Equity Loan Trust, Series 2007*-HE3, 2014 WL 1116758, at *6, defeats its own argument: there, the court held that a remedy, such as providing notice of a breaching loan, cannot serve as independent grounds for a breach. *Id.* Delaware courts have adopted a similar holding. *See Cent. Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*, Civ. A. 5140-CS, 2012 WL 3201139, at *20 (Del. Ch. Aug. 7, 2012). Moreover, "parties may not contractually adopt an accrual provision that effectively extends the statute of limitations before any claims have accrued." *See Lehman XS Trust, Series 2006-4N ex rel. U.S. Bank Nat. Ass'n v. Greenpoint Mortgage Funding, Inc.*, 13 CIV. 4707 SAS, 2014 WL 108523, at *4 (S.D.N.Y. Jan. 10, 2014).

[16] While RFC argues that § 108(a) of the Bankruptcy Code extended the statute of limitations for its claims by two years from the filing of its bankruptcy petition on May 14, 2012, § 108(a) does not apply here because those claims became the claims of RFC's former creditors as of the Effective Date. *See In re Everfresh Beverages, Inc.*, 238 B.R. 558, 572 (Bankr. S.D.N.Y. 1999) (refusing to apply §108 where "[t]he problem is that the Plaintiffs in this action are standing in the shoes of one or more creditors, *not* the Debtors, and are asserting rights that these creditors may have."). Even if § 108(a) is applicable, it does not resurrect claims that were untimely prior to the filing of RFC's bankruptcy petition. *See In re Durso Supermarkets, Inc.*, 92 B 43864 (PBA), 1995 WL 739549, at *7 (S.D.N.Y. Dec. 14, 1995).

[17] *See Napster, LLC v. Rounder Records Corp.*, 761 F. Supp. 2d 200, 208-09 (S.D.N.Y. 2011) ("The cases Napster cites holding that Fed. R. Civ. P. 9(c) 'requires no more than a general statement by a plaintiff that all conditions precedent have been satisfied to successfully make out a claim' all predate *Twombly* and *Iqbal*. Accordingly,

8

pled that it was not required to provide SunTrust with pre-suit Loan-specific notice, which directly contradicts the Client Guide and thus should be disregarded.[18]  *See* Am. Compl. ¶ 30. As such, RFC has failed both to plead adequately under Fed. R. Civ. P. 9(c) and to perform,[19] as an element of a breach of contract claim under New York law, conditions precedent to filing suit, thus requiring dismissal.

## IV.    COUNT II MUST BE DISMISSED

RFC's claim that the indemnification provision covers "liabilities"[20] as well as losses is immaterial and does not salvage its indemnification claim.  RFC has failed to refute the fundamental defect in its indemnification claim:  RFC has not and will never sustain a loss or liability, because it has been fully and finally released and discharged through the Bankruptcy Proceedings, in exchange for an assignment to the Liquidating Trust of its claims against SunTrust and others.[21]  *See* Def. Mem. at 21.  As of the Effective Date, all claims and liabilities against RFC were "forever" discharged and "RFC no longer exists" (*see* Opp. at 6).[22]  RFC

---

Napster's claim for breach of the 2006 Agreement is dismissed for failure to comply with the advance-consent provision.") (citations omitted).

[18] "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true."  *See Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3*, 2014 WL 1116758, at *5.

[19] *See Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, 13-2720-CV, 2014 WL 292192, at *1 (2d Cir. Jan. 28, 2014) (affirming dismissal of complaint under 12(b)(6) where plaintiff failed to establish all the elements of a breach of contract claim).

[20] The "liabilities" wording that RFC quotes is redlined and from a different version of the Client Guide.  *See* Am. Compl., Ex. B, at 339 (shown on electronically filed color version).  The original indemnification provision does not contain any mention of "liabilities," further illustrating RFC's pleading defects in specifying which agreements apply to each Loan.  *See* Def. Mem. at 20.

[21] In addition to being directly refuted by the Bankruptcy Proceedings, RFC's allegations that it incurred out-of-pocket losses or liabilities are insufficiently pled.  *See* Def. Mem. at 21.  Certainly RFC knew how to properly plead losses or liabilities where it alleges it paid out $5 million in repurchasing the five defective Loans it lists sold by SunTrust.  *See* Am. Compl. ¶¶ 62-63.  RFC, now for the first time in its Opposition, claims it paid out $1 billion to its creditors, yet does not provide any support (publicly available or otherwise) for this assertion.  *See* Opp. at 21.

[22] "[E]ach holder (as well as any trustees and agents on behalf of each holder) of a Claim against … [RFC] shall be deemed to have forever waived, released and discharged the Debtors … of and from any and all Claims, Equity Interests, rights and liabilities that arose prior to the Effective Date and (b) all such holders shall be forever

9

confirms that this action is being prosecuted "to recover funds for RFC's creditors." *See* Opp. at 5. RFC has been discharged, dissolved and is out of the picture. In lieu of a recovery against RFC, RFC's creditors took assignment of and are directly pursuing claims against loan sellers, like SunTrust. As such, *Bank of India v. Trendi Sportswear, Inc.*[23] – which affirmed the trial court's holding that an indemnification claim fails as a matter of law where a debtor seeking indemnification from a third party has been discharged from its obligations to its creditors because it will never incur any actual losses or liabilities – is directly on point and warrants dismissal. *See* Def. Mem. at 22-23.

Finally, Count II should be dismissed because RFC's R&W breach of contract claims are untimely, rendering RFC's indemnification claim – which requires RFC to establish that SunTrust breached the same R&W's – likewise untimely.[24] *See* Def. Mem. at 23-24.

## CONCLUSION

SunTrust respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety, and award SunTrust its attorney's fees in connection with this Motion.

---

precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any discharged Claim against or terminated Equity Interest in the Debtors." *See In re ResCap*, Docket No. 6065, at 56-57, ¶ 42 (http://www.kccllc.net/rescap/document/1212020131211000000000009).

[23] 89 CIV.5996 JSM, 2002 WL 84631, at *4 (S.D.N.Y. Jan. 18, 2002), *aff'd*, 64 F. App'x 827 (2d Cir. 2003). The cases RFC cites are consistent with this holding, because plaintiffs in those cases, unlike RFC, still had liabilities for which to seek indemnification. *See* Opp. at 22-23.

[24] The cases RFC relies upon are inapplicable where they did not involve a contractual indemnification provision or were based on the Federal Tort Claims Act. *See Gen. Conference of Seventh-Day Adventists v. Aon Reins. Agency, Inc.*, 826 F. Supp. 107, 110 (S.D.N.Y. 1993); *United N.Y. Sandy Hook Pilots' Ass'n v. United States*, 191 F. Supp. 893, 895 (S.D.N.Y. 1961); *City of New York v. Lead Indus. Ass'n, Inc.*, 222 A.D.2d 119, 128-29, 644 N.Y.S.2d 919, 925 (1st Dep't 1996); *In re Am. Exp. Lines, Inc.*, 568 F. Supp. 956, 962 (S.D.N.Y. 1983). *Residential Funding Co. v. Gateway Bank, F.S.B.*, No. 13-3518 (D. Minn. May 30, 2014) is a non-binding Report and Recommendation and did not apply New York law's strict construction of indemnification provisions.

12-12020-mg    Doc 7322-67    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 41
Case 1:13-cv-08938-RA    Document 41    Filed 06/20/14    Page 16 of 16
Pg 16 of 16

Dated: New York, New York
June 20, 2014

                                    ALSTON & BIRD LLP

                                    /s/ John P. Doherty
                                    John P. Doherty
                                    Jennifer S. Kozar

                                    90 Park Avenue
                                    New York, New York 10016
                                    Telephone: (212) 210-9400
                                    Facsimile: (212) 210-9444

                                    *Attorneys for Defendant SunTrust Mortgage, Inc.*