12-12020-mg Doc 7322-68 Filed 12/17/13 Entered 07/30/14 17:36:32 doc 42
Case 1:13-cv-08938-RA Document 42 Filed 07/03/14 Page 1 of 6
Pg 1 of 6

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/3/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
RESIDENTIAL FUNDING COMPANY, :
LLC, :
:
                    Plaintiff, : No. 13-cv-8938
:
              -v- : MEMORANDUM OPINION AND
: ORDER
SUNTRUST MORTGAGE, INC., :
:
                    Defendant. :
:
-------------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

      Plaintiff Residential Funding Company, LLC ("RFC") asserts claims for breach of contract and indemnification in this action against Defendant SunTrust Mortgage, Inc. ("SunTrust"). RFC now requests that the matter be referred to the Bankruptcy Court for the Southern District of New York, pursuant to this District's January 31, 2012 Amended Standing Order of Reference for Title 11 Cases (the "Standing Order"). Because this action is related to RFC's pending bankruptcy proceeding, (In re Residential Capital, LLC, et al., No. 12 Mg. 12020), it is hereby referred to the Bankruptcy Court.

## BACKGROUND

### I. Bankruptcy Proceedings

      Prior to its bankruptcy, RFC acquired and securitized residential mortgage loans. (Am. Compl. ¶ 2.) It purchased the loans from lenders, including SunTrust, and would then either sell them in pools to whole loan investors or securitize them by selling them into trusts. (Id. ¶¶ 3, 20-22.) Many of the loans defaulted or became delinquent, and the trusts that RFC had created lost money. (Id. ¶¶ 1, 6, 48-50.) As a result, investors and insurers filed billions of dollars in claims against RFC. (Id. ¶¶ 7-9.)

12-12020-mg Doc 7322-68 Filed 12/17/13 Entered 07/30/14 17:36:32 doc 42
Case 1:13-cv-08938-RA Document 42 Filed 07/05/14 Page 2 of 6
Pg 2 of 6

On May 14, 2012, RFC and fifty of its affiliated entities filed bankruptcy petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq*. (Id. ¶ 74.) The bankruptcy cases are still pending and are being jointly administered by Judge Martin Glenn of the Bankruptcy Court of the Southern District of New York. (No. 12 Mg. 12020, Dkt. 59.) Judge Glenn has presided over the cases for almost two years. The bankruptcy parties have now reached a global settlement, and, on December 11, 2013, Judge Glenn confirmed the Second Amended Joint Chapter 11 Plan (the "Plan"). (No. 12 Mg. 12020, Dkt. 6065.)

The Plan establishes a Liquidating Trust which is vested with RFC's assets, including preserved causes of action. (Plan at 79-80; Confirmation Order 65-68.) Breach of contract claims and indemnification claims based on contracts to which RFC is a party are among the causes of action that the Plan expressly preserves. (Ex. 13 to Plan at 2-3, No. 12 Mg. 12020, Dkt. 6036-1.) The Bankruptcy Court retains "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan," including jurisdiction "to hear and determine any Causes of Action preserved under the Plan." (Plan at 110, 112.)

## II. This Action

On December 17, 2013, RFC filed this action against SunTrust alleging breach of contract and seeking indemnification.[1] RFC alleges that it purchased over 10,000 mortgage loans from SunTrust. (Am. Compl. ¶ 17.) It claims that SunTrust breached the agreement between the parties by selling it loans that did not comply with the requirements of the parties' agreement and did not fulfill the contractual representations and warranties that SunTrust had made about the loans. (Id. ¶¶ 36-54.) In addition, RFC asserts that SunTrust is contractually required to indemnify it and

---

[1] Around this time, RFC also filed approximately 70 to 80 similar actions, most of them in Minnesota. (Pl.'s Mem. of Law 2; Def.'s Opp'n 1, 6-7.)

2

12-12020-mg    Doc 7322-68    Filed 12/17/13    Entered 07/30/14 17:26:32    doc 42
Pg 3 of 6
Case 1:13-cv-06038-RA   Document 42   Filed 07/03/14   Page 3 of 6

seeks compensation for losses and damages it allegedly suffered as a result of SunTrust's conduct. (Id. ¶¶ 87-88, 80-92.)

At the initial pretrial conference on March 7, 2014, RFC requested that the Court refer the instant action to the Bankruptcy Court in accordance with the Standing Order, which provides as follows:

> Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

Standing Order, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012). Defendant objected to referral, contending that the Standing Order is not applicable to this matter. In particular, Defendant now argues that "the Standing Order does not apply to the unique procedural quandary RFC has created" because RFC failed to file the claim in Bankruptcy Court in the first instance. (Def.'s Opp'n 24.) The Court disagrees, and refers the matter to the Bankruptcy Court consistent with the District's Standing Order.[2]

## DISCUSSION

### I.  The Bankruptcy Court's Jurisdiction

In urging the Court not to refer the case, SunTrust argues that the Standing Order is inapplicable because RFC has failed to establish that the Bankruptcy Court has jurisdiction over the case. (Def.'s Opp'n 13.) That argument is unavailing. Pursuant to 28 U.S.C. § 157(a), the Bankruptcy Court has jurisdiction over "any or all cases . . . arising in or related to a case under title 11." As this case is at least "related to" RFC's pending bankruptcy case, referral to the Bankruptcy Court is appropriate.[3]

---

[2] Two similar actions have already been referred and are presently before Judge Glenn. See Residential Funding Co., LLC v. GreenPoint Mortg. Funding, Inc., No. 14 Mg. 1916; Residential Funding Co., LLC v. HSBC Mortg. Corp. (USA), No. 14 Mg. 1915.

[3] The Court need not decide whether the case "arises in" RFC's bankruptcy proceeding.

3

As an initial matter, the parties dispute the applicable definition of "related to" in a situation where, as here, the Bankruptcy Court has already confirmed a liquidation plan. RFC asserts that "related to" jurisdiction encompasses all actions in which the outcome could conceivably have an effect on the bankrupt estate. (Pl.'s Mem. of Law 10; Reply 4 (citing City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc., 572 F. Supp. 2d 314, 317 (E.D.N.Y. 2008)).) SunTrust counters that, under these circumstances, the Bankruptcy Court's "related to" jurisdiction is limited to cases that have a close nexus to or "affect an integral aspect of" bankruptcy proceedings, such as the "implementation, consummation, execution, or administration of the confirmed plan." (Def.'s Opp'n 12 & n.22 (quoting In re Metro-Goldwyn-Mayer Studios Inc., 459 B.R. 550, 556 (Bankr. S.D.N.Y. 2011)).) The Second Circuit is yet to rule on this question, and courts in this district have reached different conclusions. See Allstate Ins. Co. v. CitiMortgage, Inc., No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *5 (S.D.N.Y. Mar. 13, 2012) (summarizing division within the district). The Court need not decide which standard applies, however, because the present action meets even the more onerous "close nexus" standard. See, e.g., In re Refco, Inc. Sec. Litig., 628 F. Supp. 2d 432, 441-43 (S.D.N.Y. 2008) (declining to decide which test was applicable because the close nexus test was met).

The close nexus test has two requirements, both of which are satisfied here:

> First the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan and second, the plan must provide for the retention of jurisdiction over the dispute.

Savoy Senior Hous. Corp. v. TRBC Ministries, LLC, 401 B.R. 589, 597 (S.D.N.Y. 2009) (quoting Krys v. Sugrue, No. 08 Civ. 7416 (GEL), 2008 WL 4700920, at *5-6 (S.D.N.Y. Oct. 23, 2008)).

The claims RFC has asserted against SunTrust in this action directly affect the "implementation, consummation, execution or administration" of the Plan, as the Plan expressly

4

preserves such claims, transfers them from RFC to the Liquidating Trust, and provides for RFC's creditors to receive a share of any recovery from them. (See Plan at 79-80, 85-86; Ex. 13 to Plan at 2-3; Confirmation Order 65-68; Pl.'s Mem. of Law 5; Def.'s Opp'n 5.) Such connections are sufficient to establish a close nexus between this matter and the RFC bankruptcy proceeding. See, e.g., In re Refco, 628 F. Supp. 2d at 443-44 (close nexus test was met where the claims had been "transferred by the . . . Debtors to the Litigation Trust pursuant to the Plan" and "[a]ny funds recovered by the Trustee in this case will be distributed to [the Debtor's] general unsecured creditors"); In re Tyson, No. 03-41900 (ALG), 2007 WL 2379624, at *3 (Bankr. S.D.N.Y. Aug. 17, 2007) (close nexus existed where "[a]ny proceeds recovered in this proceeding . . . will be paid to the creditors, and the chapter 11 proceedings have not been fully administered").

In addition, the Plan explicitly provides for the Bankruptcy Court's jurisdiction over these claims, namely, by retaining jurisdiction "to hear and determine any Causes of Action preserved under the Plan." (Plan at 112.) Breach of contract claims and indemnification claims based on contracts to which RFC is a party are expressly preserved under the Plan. (Ex. 13 to Plan at 2-3.) As the claims in this action affect the implementation, consummation, execution or administration of the Plan, and the Plan clearly provides for the Bankruptcy Court to retain jurisdiction over the claims, the close nexus test has been satisfied.

## II. Applicability of the Orion Factors

SunTrust next argues that even if the Standing Order applies to the case, the Court should deny Plaintiff's request for referral because it fails to satisfy the factors articulated by the Second Circuit in In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993), regarding withdrawal of a reference. However, as "all cases arising under or related to a case under Title 11 are *automatically* referred to the bankruptcy court" pursuant to the Standing Order, In re Lehman Bros. Holdings Inc., 480 B.R. 179, 187-88 (S.D.N.Y. 2012) (emphasis added), it would be premature for the Court

12-12020-mg    Doc 7322-68    Filed 12/17/13    Entered 07/30/14 17:26:32    doc 42
Case 1:13-cv-08938-RA   Document 42   Filed 07/03/14   Page 6 of 6
Pg 6 of 6

to conduct an <u>Orion</u> analysis prior to such referral. If SunTrust ultimately seeks to withdraw the reference, the Court may do so at that time. See, e.g., <u>In re Lehman Bros. Holdings Inc.</u>, No. 14 Civ. 293 (JGK), 2014 WL 1877937, at *1, 3-5 (S.D.N.Y. May 10, 2014) (considering <u>Orion</u> factors after referral upon the filing of a motion to withdraw); <u>Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.</u>, 905 F. Supp. 2d 526, 530-33 (S.D.N.Y. 2012) (same); <u>In re Iridium Operating LLC</u>, 285 B.R. 822, 828-35 (S.D.N.Y. 2002) (same). Indeed, the statute itself contemplates that referral to the Bankruptcy Court will occur pursuant to § 157(a) prior to an analysis as to whether a reference should be withdrawn pursuant to § 157(d) "for cause shown." See 28 U.S.C. § 157; <u>Omega Tool Corp. v. Alix Partners, LLP</u>, 416 B.R. 315, 322 (E.D. Mich. 2009) ("[W]ithdrawal motions are considered after proceedings have been referred to the Bankruptcy Court; not before."). The Court, accordingly, declines to engage in an analysis of the <u>Orion</u> factors at this time.

## CONCLUSION

For the foregoing reasons, the Standing Order governs this matter and it is hereby referred to the Bankruptcy Court. SunTrust's motion to dismiss is thus denied as moot. The Clerk of Court is respectfully directed to close the motions pending at docket numbers 30 and 34 and to close the case.

SO ORDERED.

Dated:   July 3, 2014
         New York, New York

_____
Ronnie Abrams
United States District Judge