12-12020-mg Doc 7382-69 Filed 12/17/13 Entered 07/30/14 17:36:32 doc 43
Case 1:13-cv-08938-RA Document 43 Filed 07/31/14 Page 1 of 24
Pg 1 of 24

# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3862
www.alston.com

John P. Doherty          Direct Dial: 212-210-1282          Email: john.doherty@alston.com

July 7, 2014

VIA ECF

Hon. Ronnie Abrams
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Residential Funding Company, LLC v. SunTrust Mortgage, Inc.,*
             13-cv-8938 (RA)

Dear Judge Abrams:

      We represent Defendant SunTrust Mortgage, Inc. and write in connection with the Court's Memorandum Opinion and Order, dated July 3, 2014 (the "Order"). We write to request clarification of the Order insofar as it denied as moot Defendant's motion to dismiss the Amended Complaint. The Court's denial of the motion to dismiss as moot – without further explanation or discussion - could create uncertainty whether Defendant has the right to have its motion to dismiss adjudicated in Bankruptcy Court, or whether Defendant has now lost the right to seek dismissal of the Amended Complaint. As such, Defendant respectfully requests clarification of the Order to provide that Defendant's motion (along with the rest of the case) has been referred to the Bankruptcy Court.

      By way of background, prior to the issuance of the Order, there were two motions pending before the Court, namely, Plaintiff's motion to confirm application of the Amended Standing Order of Reference to refer the case to Bankruptcy Court (No. 30) and Defendant's motion to dismiss (No. 34). In the Order, the Court held: "[t]he Standing Order governs this matter and it is hereby referred to the Bankruptcy Court. SunTrust's motion to dismiss is thus denied as moot." Order at p. 6. In so doing, the Court held that the Amended Standing Order served to automatically refer the entire case to Bankruptcy Court and thus, in order to administratively close the case, denied the motion to dismiss as moot.

      Based on the Order, Defendant understands that the Court did not intend to abrogate Defendant's right to seek dismissal of the Amended Complaint, but rather simply to transfer this case to another forum for proceedings. Therefore, Defendant respectfully requests clarification that the Order does not prejudice Defendant's right to obtain a future adjudication of its motion to dismiss on the merits. Defendant's motion to

12-12020-mg    Doc 7382-69    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 43
Case 1:13-cv-08938-RA    Document 43    Filed 07/30/14    Page 2 of 24
Pg 2 of 24

July 7, 2014
Page 2

dismiss – based on, among other things, Plaintiff's lack of standing – is not, in fact, moot, but rather is ripe for a decision.

   To effectuate this, Defendant respectfully submits that the proper procedure is to revise the Order either to delete any reference to the motion to dismiss from the "Conclusion" section or to expressly provide that the motion is referred to the Bankruptcy Court. Administratively speaking, when a case is referred to the Bankruptcy Court, it is transferred "as is." The entire case – including any pending motions – is transferred to the Bankruptcy Court. Upon referral, the Bankruptcy Court will re-docket every docket entry (including pending motions) in this case under a new adversary proceeding case number. By way of illustration, attached hereto are the District Court and Bankruptcy Court docket sheets for *Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc.*, which is an identical case filed by the same plaintiff in District Court and which was referred to Bankruptcy Court. 13-cv-8937 (S.D.N.Y December 17, 2014); 14-ap-1916 (S.D.N.Y. Bankr. March 19, 2014). In connection with the referral of that case to Bankruptcy Court, all docket entries from the District Court case, including two pending motions, were re-docketed in the Bankruptcy Court. *See* District Court Nos. 29, 31; Bankruptcy Court No. 1. As such, parties are not required to re-file pleadings or motions when a case is referred to bankruptcy court (or vice versa, if a District Court withdraws the reference). *See e.g. Residential Funding Company, LLC v. HSBC Mortgage Corp. (USA)*, 14-ap-1915, Docket No. 1 (S.D.N.Y. Bankr. March 11, 2014) (same). Accordingly, Defendant requests clarification of the Order that Defendant's motion to dismiss has been referred to the Bankruptcy Court.

   Thank you for your consideration of this matter.

       Respectfully submitted,

       John P. Doherty

Encls.

12-12020-mg    Doc 7382-69    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 43
Case 1:13-cv-08938-RA    Document 43    Filed 07/30/14    Page 3 of 24
Pg 3 of 24

Memorandum Opinion and Order, July 3, 2014

12-12020-mg   Doc 7332-69   Filed 12/17/13   Entered 07/30/14 17:36:32   doc 43
Pg 4 of 24
Case 1:13-cv-08938-RA   Document 42   Filed 07/03/14   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                    :
RESIDENTIAL FUNDING COMPANY,                         :
LLC,                                                 :
                                                    :
                                  Plaintiff,         :
                                                    :
              -v-                                    :
                                                    :
SUNTRUST MORTGAGE, INC.,                             :
                                                    :
                                  Defendant.         :
                                                    :
------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/14

No. 13-cv-8938

MEMORANDUM OPINION AND
ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Residential Funding Company, LLC ("RFC") asserts claims for breach of contract and indemnification in this action against Defendant SunTrust Mortgage, Inc. ("SunTrust"). RFC now requests that the matter be referred to the Bankruptcy Court for the Southern District of New York, pursuant to this District's January 31, 2012 Amended Standing Order of Reference for Title 11 Cases (the "Standing Order"). Because this action is related to RFC's pending bankruptcy proceeding, (In re Residential Capital, LLC, et al., No. 12 Mg. 12020), it is hereby referred to the Bankruptcy Court.

## BACKGROUND

### I. Bankruptcy Proceedings

Prior to its bankruptcy, RFC acquired and securitized residential mortgage loans. (Am. Compl. ¶ 2.) It purchased the loans from lenders, including SunTrust, and would then either sell them in pools to whole loan investors or securitize them by selling them into trusts. (Id. ¶¶ 3, 20-22.) Many of the loans defaulted or became delinquent, and the trusts that RFC had created lost money. (Id. ¶¶ 1, 6, 48-50.) As a result, investors and insurers filed billions of dollars in claims against RFC. (Id. ¶¶ 7-9.)

12-12020-mg  Doc 7332-69  Filed 12/17/13  Entered 07/30/14 17:36:32  doc 43
Pg 5 of 24
Case 1:13-cv-08938-RA   Document 42   Filed 07/03/14   Page 2 of 6

On May 14, 2012, RFC and fifty of its affiliated entities filed bankruptcy petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq*. (Id. ¶ 74.) The bankruptcy cases are still pending and are being jointly administered by Judge Martin Glenn of the Bankruptcy Court of the Southern District of New York. (No. 12 Mg. 12020, Dkt. 59.) Judge Glenn has presided over the cases for almost two years. The bankruptcy parties have now reached a global settlement, and, on December 11, 2013, Judge Glenn confirmed the Second Amended Joint Chapter 11 Plan (the "Plan"). (No. 12 Mg. 12020, Dkt. 6065.)

The Plan establishes a Liquidating Trust which is vested with RFC's assets, including preserved causes of action. (Plan at 79-80; Confirmation Order 65-68.) Breach of contract claims and indemnification claims based on contracts to which RFC is a party are among the causes of action that the Plan expressly preserves. (Ex. 13 to Plan at 2-3, No. 12 Mg. 12020, Dkt. 6036-1.) The Bankruptcy Court retains "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan," including jurisdiction "to hear and determine any Causes of Action preserved under the Plan." (Plan at 110, 112.)

## II.    This Action

On December 17, 2013, RFC filed this action against SunTrust alleging breach of contract and seeking indemnification.[1] RFC alleges that it purchased over 10,000 mortgage loans from SunTrust. (Am. Compl. ¶ 17.) It claims that SunTrust breached the agreement between the parties by selling it loans that did not comply with the requirements of the parties' agreement and did not fulfill the contractual representations and warranties that SunTrust had made about the loans. (Id. ¶¶ 36-54.) In addition, RFC asserts that SunTrust is contractually required to indemnify it and

---

[1] Around this time, RFC also filed approximately 70 to 80 similar actions, most of them in Minnesota. (Pl.'s Mem. of Law 2; Def.'s Opp'n 1, 6-7.)

12-12020-mg    Doc 7322-69    Filed 12/17/13    Entered 07/30/14 17:36:32    doc 43
Pg 6 of 24
Case 1:13-cv-08938-RA    Document 42    Filed 07/03/14    Page 3 of 6

seeks compensation for losses and damages it allegedly suffered as a result of SunTrust's conduct.

(Id. ¶¶ 87-88, 80-92.)

At the initial pretrial conference on March 7, 2014, RFC requested that the Court refer the

instant action to the Bankruptcy Court in accordance with the Standing Order, which provides as

follows:

> Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11
> and any or all proceedings arising under title 11 or arising in or
> related to a case under title 11 are referred to the bankruptcy judges
> for this district.

Standing Order, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012).    Defendant objected to referral,

contending that the Standing Order is not applicable to this matter.    In particular, Defendant now

argues that "the Standing Order does not apply to the unique procedural quandary RFC has

created" because RFC failed to file the claim in Bankruptcy Court in the first instance.    (Def.'s

Opp'n 24.)    The Court disagrees, and refers the matter to the Bankruptcy Court consistent with the

District's Standing Order.[2]

## DISCUSSION

**I.    The Bankruptcy Court's Jurisdiction**

In urging the Court not to refer the case, SunTrust argues that the Standing Order is

inapplicable because RFC has failed to establish that the Bankruptcy Court has jurisdiction over

the case.    (Def.'s Opp'n 13.)    That argument is unavailing.    Pursuant to 28 U.S.C. § 157(a), the

Bankruptcy Court has jurisdiction over "any or all cases . . . arising in or related to a case under

title 11."    As this case is at least "related to" RFC's pending bankruptcy case, referral to the

Bankruptcy Court is appropriate.[3]

---

[2] Two similar actions have already been referred and are presently before Judge Glenn.  See Residential Funding
Co., LLC v. GreenPoint Mortg. Funding, Inc., No. 14 Mg. 1916; Residential Funding Co., LLC v. HSBC Mortg.
Corp. (USA), No. 14 Mg. 1915.

[3] The Court need not decide whether the case "arises in" RFC's bankruptcy proceeding.

3

12-12020-mg Doc 7322-69 Filed 12/17/13 Entered 07/30/14 17:36:32 doc 43
Pg 7 of 24
Case 1:13-cv-08938-RA   Document 42   Filed 07/03/14   Page 4 of 6

As an initial matter, the parties dispute the applicable definition of "related to" in a situation where, as here, the Bankruptcy Court has already confirmed a liquidation plan. RFC asserts that "related to" jurisdiction encompasses all actions in which the outcome could conceivably have an effect on the bankrupt estate. (Pl.'s Mem. of Law 10; Reply 4 (citing City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc., 572 F. Supp. 2d 314, 317 (E.D.N.Y. 2008)).) SunTrust counters that, under these circumstances, the Bankruptcy Court's "related to" jurisdiction is limited to cases that have a close nexus to or "affect an integral aspect of" bankruptcy proceedings, such as the "implementation, consummation, execution, or administration of the confirmed plan." (Def.'s Opp'n 12 & n.22 (quoting In re Metro-Goldwyn-Mayer Studios Inc., 459 B.R. 550, 556 (Bankr. S.D.N.Y. 2011)).) The Second Circuit is yet to rule on this question, and courts in this district have reached different conclusions. See Allstate Ins. Co. v. CitiMortgage, Inc., No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *5 (S.D.N.Y. Mar. 13, 2012) (summarizing division within the district). The Court need not decide which standard applies, however, because the present action meets even the more onerous "close nexus" standard. See, e.g., In re Refco, Inc. Sec. Litig., 628 F. Supp. 2d 432, 441-43 (S.D.N.Y. 2008) (declining to decide which test was applicable because the close nexus test was met).

The close nexus test has two requirements, both of which are satisfied here:

> First the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan and second, the plan must provide for the retention of jurisdiction over the dispute.

Savoy Senior Hous. Corp. v. TRBC Ministries, LLC, 401 B.R. 589, 597 (S.D.N.Y. 2009) (quoting Krys v. Sugrue, No. 08 Civ. 7416 (GEL), 2008 WL 4700920, at *5-6 (S.D.N.Y. Oct. 23, 2008)).

The claims RFC has asserted against SunTrust in this action directly affect the "implementation, consummation, execution or administration" of the Plan, as the Plan expressly

4

preserves such claims, transfers them from RFC to the Liquidating Trust, and provides for RFC's creditors to receive a share of any recovery from them. (See Plan at 79-80, 85-86; Ex. 13 to Plan at 2-3; Confirmation Order 65-68; Pl.'s Mem. of Law 5; Def.'s Opp'n 5.) Such connections are sufficient to establish a close nexus between this matter and the RFC bankruptcy proceeding. See, e.g., In re Refco, 628 F. Supp. 2d at 443-44 (close nexus test was met where the claims had been "transferred by the . . . Debtors to the Litigation Trust pursuant to the Plan" and "[a]ny funds recovered by the Trustee in this case will be distributed to [the Debtor's] general unsecured creditors"); In re Tyson, No. 03-41900 (ALG), 2007 WL 2379624, at *3 (Bankr. S.D.N.Y. Aug. 17, 2007) (close nexus existed where "[a]ny proceeds recovered in this proceeding . . . will be paid to the creditors, and the chapter 11 proceedings have not been fully administered").

In addition, the Plan explicitly provides for the Bankruptcy Court's jurisdiction over these claims, namely, by retaining jurisdiction "to hear and determine any Causes of Action preserved under the Plan." (Plan at 112.) Breach of contract claims and indemnification claims based on contracts to which RFC is a party are expressly preserved under the Plan. (Ex. 13 to Plan at 2-3.) As the claims in this action affect the implementation, consummation, execution or administration of the Plan, and the Plan clearly provides for the Bankruptcy Court to retain jurisdiction over the claims, the close nexus test has been satisfied.

## II.   Applicability of the Orion Factors

SunTrust next argues that even if the Standing Order applies to the case, the Court should deny Plaintiff's request for referral because it fails to satisfy the factors articulated by the Second Circuit in In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993), regarding withdrawal of a reference. However, as "all cases arising under or related to a case under Title 11 are *automatically* referred to the bankruptcy court" pursuant to the Standing Order, In re Lehman Bros. Holdings Inc., 480 B.R. 179, 187-88 (S.D.N.Y. 2012) (emphasis added), it would be premature for the Court

to conduct an <u>Orion</u> analysis prior to such referral.  If SunTrust ultimately seeks to withdraw the reference, the Court may do so at that time.  <u>See, e.g.</u>, <u>In re Lehman Bros. Holdings Inc.</u>, No. 14 Civ. 293 (JGK), 2014 WL 1877937, at *1, 3-5 (S.D.N.Y. May 10, 2014) (considering <u>Orion</u> factors after referral upon the filing of a motion to withdraw); <u>Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.</u>, 905 F. Supp. 2d 526, 530-33 (S.D.N.Y. 2012) (same); <u>In re Iridium Operating LLC</u>, 285 B.R. 822, 828-35 (S.D.N.Y. 2002) (same).  Indeed, the statute itself contemplates that referral to the Bankruptcy Court will occur pursuant to § 157(a) prior to an analysis as to whether a reference should be withdrawn pursuant to § 157(d) "for cause shown."  <u>See</u> 28 U.S.C. § 157; <u>Omega Tool Corp. v. Alix Partners, LLP</u>, 416 B.R. 315, 322 (E.D. Mich. 2009) ("[W]ithdrawal motions are considered after proceedings have been referred to the Bankruptcy Court; not before.").  The Court, accordingly, declines to engage in an analysis of the <u>Orion</u> factors at this time.

## CONCLUSION

For the foregoing reasons, the Standing Order governs this matter and it is hereby referred to the Bankruptcy Court.  SunTrust's motion to dismiss is thus denied as moot.  The Clerk of Court is respectfully directed to close the motions pending at docket numbers 30 and 34 and to close the case.

SO ORDERED.

Dated:      July 3, 2014
            New York, New York

Ronnie Abrams
United States District Judge

*Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc.*, 13-cv-8937 (S.D.N.Y December 17, 2014).

12-12020-mg    Doc 7323-69    Filed 12/17/13    Entered 07/30/14 17:36:33    doc 43
Case 1:13-cv-08937-PKC    Document 43    Filed 07/14/14    Page 11 of 24
Pg 11 of 24
7/3/2014                                    SDNY CM/ECF Version 5.1.1

CLOSED,BKREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:13-cv-08937-PKC

| | |
|---|---|
| Residential Funding Company, L.L.C. v. Greenpoint Mortgage Funding, Inc. | Date Filed: 12/17/2013 |
| Assigned to: Judge P. Kevin Castel | Date Terminated: 03/19/2014 |
| Cause: 28:1332 Diversity-Other Contract | Jury Demand: None |
| | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Residential Funding Company, L.L.C.**                    represented by **Alexander Johannes Bittner Rossmiller**
Quinn Emanuel
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax: (212) 849-7100
Email: alexrossmiller@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Daniel Emmett Clark**
Stroock & Stroock & Lavan LLP
1800 Maiden Lane
New York, NY 10038
(212)-806-5897
Fax: (212)-806-7897
Email: dclark@binderschwartz.com
*ATTORNEY TO BE NOTICED*

**Isaac Nesser**
Quinn Emanuel
51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7000
Fax: (212) 849-7100
Email: isaacnesser@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Lipps**
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street

12-12020-mg    Doc 7323-69    Filed 12/17/13    Entered 07/30/14 17:36:33    doc 43
Case 1:13-cv-08838-RA    Document 43    Filed 07/14/14    Page 12 of 24
Pg 12 of 24
7/3/2014                                                SDNY CM/ECF Version 5.1.1

Columbus, OH 43215
(614) 365-4105
Fax: (614) 365-9145
Email: lipps@carpenterlipps.com
*ATTORNEY TO BE NOTICED*

**John Patrick Sullivan**
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
212-849-7000
Fax: 212-849-7100
Email: johnsullivan@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Nicholas David Smith**
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212)-849-7351
Email: nicholassmith@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Peter E. Calamari**
Quinn Emanuel Urquhart Oliver & Hedges,
LLP
335 Madison Ave.
New York, NY 10017
(212) 849-7171
Fax: (212) 849-7100
Email: petercalamari@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Wendy Helene Schwartz**
Binder & Schwartz LLP
28 W. 44th Street
New York, NY 10036
347-334-5082
Email: wschwartz@binderschwartz.com
*ATTORNEY TO BE NOTICED*

V.

12-12020-mg   Doc 7323-69   Filed 12/17/13   Entered 07/30/14 17:36:33   doc 43
Case 1:13-cv-08238-PA   Document 43   Filed 07/30/14   Page 13 of 24
Pg 13 of 24

SDNY CM/ECF Version 5.1.1

## Defendant

**Greenpoint Mortgage Funding, Inc.**
*an affiliate of Capital One Bank*

represented by **James Alwin Murphy**
Murphy & McGonigle, P.C.
4870 Sadler Road, Ste. 301
Glen Allen, VA 23060
(804)-762-5330
Fax: (804)-762-5360
Email: jmurphy@mmlawus.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cameron S. Matheson**
Murphy & McGonigle, PC
4870 Sadler Road, Suite 301
Glen Allen, VA 23060
(804) 762-5332
Fax: (804) 762-5361
Email: cmatheson@mmlawus.com
*ATTORNEY TO BE NOTICED*

**James K. Goldfarb**
Murphy & McGonigle PC (NYC)
1185 Avenue of the Americas
21st Floor
New York, NY 10036
(212) 880-3961
Fax: (212) 880-3998
Email: jgoldfarb@mmlawus.com
*ATTORNEY TO BE NOTICED*

**Soren Elliot Packer**
Murphy & McGonigle, P.C.
60 East 42nd Street
New York, NY 10165
(212)-880-3963
Fax: (212)-880-3998
Email: spacker@mmlawus.com
*ATTORNEY TO BE NOTICED*

**Theodore R. Snyder**
Murphy & McGonigle, P.C.
1185 Ave. of the Americas
21st Floor
New York, NY 10036
(212)-880-3976

12-12020-mg   Doc 7323-69   Filed 07/30/14   Entered 07/30/14 17:36:33   doc 43
Pg 14 of 24
Case 1:13-cv-08938-PA   Document 43   Filed 12/17/13   Page 14 of 24
7/3/2014                                            SDNY CM/ECF Version 5.1.1

Fax: (212)-880-3998
Email: Theodore.Snyder@mmlawus.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2013 | 1 | COMPLAINT against Greenpoint Mortgage Funding, Inc. (Filing Fee $ 350.00, Receipt Number 1083652)Document filed by Residential Funding Company, L.L.C.(laq) (Additional attachment(s) added on 3/27/2014: # 1 part 2) (laq). (Entered: 12/19/2013) |
| 12/17/2013 | | SUMMONS ISSUED as to Greenpoint Mortgage Funding, Inc. (laq) (Entered: 12/19/2013) |
| 12/17/2013 | | Magistrate Judge James C. Francis IV is so designated. (laq) (Entered: 12/19/2013) |
| 12/17/2013 | | Case Designated ECF. (laq) (Entered: 12/19/2013) |
| 12/20/2013 | 2 | CERTIFICATE OF SERVICE of Summons and Complaint. Greenpoint Mortgage Funding, Inc. served on 12/20/2013, answer due 1/10/2014. Service was accepted by Maureen Cogan, Authorized Agent. Document filed by Residential Funding Company, L.L.C.. (Schwartz, Wendy) (Entered: 12/20/2013) |
| 12/23/2013 | 3 | ORDER INITIAL PRETRIAL CONFERENCE: Initial Conference set for 2/11/2014 at 12:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge P. Kevin Castel as further set forth in this order. (Signed by Judge P. Kevin Castel on 12/23/2013) (lmb) (Entered: 12/23/2013) |
| 01/06/2014 | 4 | NOTICE OF APPEARANCE by Daniel Emmett Clark on behalf of Residential Funding Company, L.L.C.. (Clark, Daniel) (Entered: 01/06/2014) |
| 01/06/2014 | 5 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** JOINT MOTION for Extension of Time to File Answer re: 1 Complaint *on stipulation*. Document filed by Residential Funding Company, L.L.C. (Schwartz, Wendy) Modified on 1/8/2014 (db). (Entered: 01/06/2014) |
| 01/08/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Wendy Helene Schwartz to E-MAIL Document No. 5 Stipulation to judgments@nysd.uscourts.gov. This document is not filed via ECF. (db) (Entered: 01/08/2014)** |
| 01/09/2014 | 6 | STIPULATION AND ORDER TO EXTEND TIME FOR DEFENDANT TO FILE A RESPONSIVE PLEADING TO THE COMPLAINT: The parties, by and through their respective counsel, hereby stipulate and agree to extend the time from January 11, 2014, to March 6, 2014, for Defendant GreenPoint Mortgage Funding, Inc., to file a responsive pleading to Plaintiff's Complaint., Greenpoint Mortgage Funding, Inc. answer due 3/6/2014. (Signed by Judge P. Kevin Castel on 1/8/2014) (lmb) (Main Document 6 replaced on 1/9/2014) (lmb). (Entered: 01/09/2014) |
| 01/14/2014 | 7 | MOTION for Jeffrey A. Lipps to Appear Pro Hac Vice. Filing fee $ 200.00, receipt |

12-12020-mg   Doc 7322-69   Filed 07/30/14   Entered 07/30/14 17:36:33   doc 43
Case 1:13-cv-08937-PA   Document 43   Filed 07/14/14   Page 15 of 24
Pg 15 of 24
7/3/2014                                    SDNY CM/ECF Version 5.1.1

| | | |
|---|---|---|
| | | number 0208-9256111. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Residential Funding Company, L.L.C.. (Attachments: # 1 Affidavit attaching Certificate of Good Standing)(Schwartz, Wendy) (Entered: 01/14/2014) |
| 01/14/2014 | 8 | MOTION for Jennifer A. L. Battle to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9256199. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Residential Funding Company, L.L.C.. (Attachments: # 1 attaching Certificates of Good Standing)(Schwartz, Wendy) (Entered: 01/14/2014) |
| 01/14/2014 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 8 MOTION for Jennifer A. L. Battle to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9256199. Motion and supporting papers to be reviewed by Clerk's Office staff., 7 MOTION for Jeffrey A. Lipps to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9256111. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 01/14/2014) |
| 01/15/2014 | 9 | ORDER granting 7 Motion for Jeffrey A. Lipps to Appear Pro Hac Vice (HEREBY ORDERED by Judge P. Kevin Castel)(Text Only Order) (Castel, P.) (Entered: 01/15/2014) |
| 01/15/2014 | 10 | ORDER granting 8 Motion for Jennifer A. L. Battle to Appear Pro Hac Vice (HEREBY ORDERED by Judge P. Kevin Castel)(Text Only Order) (Castel, P.) (Entered: 01/15/2014) |
| 02/03/2014 | 11 | NOTICE OF APPEARANCE by James Alwin Murphy on behalf of Greenpoint Mortgage Funding, Inc.. (Murphy, James) (Entered: 02/03/2014) |
| 02/03/2014 | 12 | NOTICE OF APPEARANCE by Theodore R. Snyder on behalf of Greenpoint Mortgage Funding, Inc.. (Snyder, Theodore) (Entered: 02/03/2014) |
| 02/03/2014 | 13 | NOTICE OF APPEARANCE by James K. Goldfarb on behalf of Greenpoint Mortgage Funding, Inc.. (Goldfarb, James) (Entered: 02/03/2014) |
| 02/03/2014 | 14 | NOTICE OF APPEARANCE by Cameron S. Matheson on behalf of Greenpoint Mortgage Funding, Inc.. (Matheson, Cameron) (Entered: 02/03/2014) |
| 02/03/2014 | 15 | NOTICE OF APPEARANCE by Soren Elliot Packer on behalf of Greenpoint Mortgage Funding, Inc.. (Packer, Soren) (Entered: 02/03/2014) |
| 02/03/2014 | 16 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Capital One Financial Corporation for Greenpoint Mortgage Funding, Inc.. Document filed by Greenpoint Mortgage Funding, Inc..(Snyder, Theodore) (Entered: 02/03/2014) |
| 02/04/2014 | 17 | JOINT LETTER addressed to Judge P. Kevin Castel from Wendy H. Schwartz dated 2-4-2014 re: Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc., an Affiliate of Capital One Bank, Case No. 13-CV-8937 (PKC). Document filed by Residential Funding Company, L.L.C..(Schwartz, Wendy) (Entered: 02/04/2014) |
| | | |

12-12020-mg Doc 7323-69 Filed 07/30/14 Entered 07/30/14 17:36:32 doc 43
Case 1:13-cv-08938-PA Document 43 Filed 12/17/13 Page 16 of 24
Pg 16 of 24
7/3/2014 SDNY CM/ECF Version 5.1.1

| 02/10/2014 | 18 | NOTICE OF APPEARANCE by Jeffrey A. Lipps on behalf of Residential Funding Company, L.L.C.. (Lipps, Jeffrey) (Entered: 02/10/2014) |
|---|---|---|
| 02/11/2014 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Initial Pretrial Conference held on 2/11/2014. See, Order Following Pretrial Conference. (Nacanther, Florence) (Entered: 02/11/2014) |
| 02/11/2014 | 19 | ORDER FOLLOWING PRETRIAL CONFERENCE: As result of a pretrial conference held before the Court today, the following is ORDERED: By March 28, 2014, the plaintiff will advise the Court whether it intends to make an application to the JPMDL or dismiss without prejudice to refiling in state court or consent to transfer to the bankruptcy court or remain in this Court. Defendant shall respond by April 8, 2014. By February 21, 2014, defendant shall submit a premotion letter on a proposed 12(b)(6) motion or such motion will be deemed waived. Plaintiff is granted leave to amend in an effort to meet the perceived pleading deficiencies by March 14. Thereafter, if defendant wishes to move, it may do so by April 18, 2014., ( Amended Pleadings due by 3/14/2014., Motions due by 4/18/2014.) (Signed by Judge P. Kevin Castel on 2/11/2014) (lmb) (Entered: 02/11/2014) |
| 02/21/2014 | 20 | LETTER addressed to Judge P. Kevin Castel from Theodore R. Snyder dated 02/21/14 re: Letter regarding GreenPoint's proposed motion to dismiss the Complaint. Document filed by Greenpoint Mortgage Funding, Inc..(Snyder, Theodore) (Entered: 02/21/2014) |
| 03/13/2014 | 21 | NOTICE OF APPEARANCE by Peter E. Calamari on behalf of Residential Funding Company, L.L.C.. (Calamari, Peter) (Entered: 03/13/2014) |
| 03/13/2014 | 22 | NOTICE OF APPEARANCE by Isaac Nesser on behalf of Residential Funding Company, L.L.C.. (Nesser, Isaac) (Entered: 03/13/2014) |
| 03/13/2014 | 23 | NOTICE OF APPEARANCE by Alexander Johannes Bittner Rossmiller on behalf of Residential Funding Company, L.L.C.. (Bittner Rossmiller, Alexander) (Entered: 03/13/2014) |
| 03/13/2014 | 24 | NOTICE OF APPEARANCE by John Patrick Sullivan on behalf of Residential Funding Company, L.L.C.. (Sullivan, John) (Entered: 03/13/2014) |
| 03/13/2014 | 25 | NOTICE OF APPEARANCE by Nicholas David Smith on behalf of Residential Funding Company, L.L.C.. (Smith, Nicholas) (Entered: 03/13/2014) |
| 03/13/2014 | 26 | NOTICE OF CHANGE OF ADDRESS by John Patrick Sullivan on behalf of Residential Funding Company, L.L.C.. New Address: Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Fl., New York, New York, USA 10010, (212)849-7000. (Sullivan, John) (Entered: 03/13/2014) |
| 03/14/2014 | 27 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Wendy H. Schwartz to Withdraw as Attorney. Document filed by Residential Funding Company, L.L.C.. (Attachments: # 1 Declaration of Wendy H. Schwartz in Support)(Schwartz, Wendy) Modified on 3/14/2014 (db). (Entered: 03/14/2014) |
| 03/14/2014 | 28 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Daniel E. |

12-12020-mg  Doc 7323-69  Filed 07/30/14  Entered 07/30/14 17:36:33  doc 43
Pg 17 of 24
Case 1:13-cv-08866-RA  Document 43  Filed 07/17/13  Page 17 of 24
7/3/2014                          SDNY CM/ECF Version 5.1.1

|  |  | Clark to Withdraw as Attorney. Document filed by Residential Funding Company, L.L.C.. (Attachments: # 1 Declaration of Daniel E. Clark in Support)(Clark, Daniel) Modified on 3/14/2014 (db). (Entered: 03/14/2014) |
|---|---|---|
| 03/14/2014 |  | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Daniel Emmett Clark to RE-FILE Document 27 MOTION for Wendy H. Schwartz to Withdraw as Attorney. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 03/14/2014) |
| 03/14/2014 |  | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Daniel Emmett Clark to RE-FILE Document 28 MOTION for Daniel E. Clark to Withdraw as Attorney. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 03/14/2014) |
| 03/14/2014 | 29 | AMENDED MOTION for Wendy H. Schwartz to Withdraw as Attorney. Document filed by Residential Funding Company, L.L.C..(Schwartz, Wendy) (Entered: 03/14/2014) |
| 03/14/2014 | 30 | DECLARATION of Wendy H. Schwartz in Support re: 29 AMENDED MOTION for Wendy H. Schwartz to Withdraw as Attorney.. Document filed by Residential Funding Company, L.L.C.. (Schwartz, Wendy) (Entered: 03/14/2014) |
| 03/14/2014 | 31 | AMENDED MOTION for Daniel E. Clark to Withdraw as Attorney. Document filed by Residential Funding Company, L.L.C..(Clark, Daniel) (Entered: 03/14/2014) |
| 03/14/2014 | 32 | DECLARATION of Daniel E. Clark in Support re: 31 AMENDED MOTION for Daniel E. Clark to Withdraw as Attorney.. Document filed by Residential Funding Company, L.L.C.. (Clark, Daniel) (Entered: 03/14/2014) |
| 03/14/2014 | 33 | FIRST AMENDED COMPLAINT amending 1 Complaint against Greenpoint Mortgage Funding, Inc. Document filed by Residential Funding Company, L.L.C. Related document: 1 Complaint filed by Residential Funding Company, L.L.C. (Attachments: # 1 Appendix, # 2 Appendix)(ja) (Entered: 03/18/2014) |
| 03/18/2014 | 34 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 13-cv-08867 (RA). Document filed by Residential Funding Company, L.L.C.. (Attachments: # 1 Exhibit to Residential Capital LLC's Related Case Statement)(Calamari, Peter) (Entered: 03/18/2014) |
| 03/18/2014 | 35 | LETTER addressed to Judge P. Kevin Castel from Peter E. Calamari dated March 18, 2014 re: Plaintiffs' Letter In Response to the Court's Order Dated February 11, 2014. Document filed by Residential Funding Company, L.L.C..(Calamari, Peter) (Entered: 03/18/2014) |
| 03/19/2014 | 36 | MEMO ENDORSEMENT on re: 35 Letter filed by Residential Funding Company, L.L.C. ENDORSEMENT: Pursuant to the Amended Standing Order of Reference filed February 2, 2012, the action is referred to the United States Bankruptcy Court for this |

12-12020-mg   Doc 7323-69   Filed 12/17/13   Entered 07/30/14 17:36:33   doc 43
Case 1:13-cv-08833-PA   Document 43   Filed 07/14/1   Page 18 of 24
Pg 18 of 24
7/3/2014                                        SDNY CM/ECF Version 5.1.1

| | | |
|---|---|---|
| | | district. The case before me is administratively closed. (Signed by Judge P. Kevin Castel on 3/19/2014) (tn) (Entered: 03/19/2014) |
| 03/19/2014 | | Transmission to the Case Openings Clerk. Transmitted re: 36 Memo Endorsement, to the Case Openings Clerk for case processing. (tn) (Entered: 03/19/2014) |
| 03/19/2014 | 40 | DUPLICATE ORIGINAL AMENDED STANDING ORDER REFERRING CASE to Bankruptcy Court as related to Bankruptcy Court Case No. 12-12020. Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district. (See 1:12-mc-00032 (M-10-468) Order Filed February 1, 2012) (Signed by Judge Loretta A. Preska on 1/31/2012) (laq) (Entered: 03/27/2014) |
| 03/20/2014 | 37 | LETTER addressed to Judge P. Kevin Castel from Theodore R. Snyder dated 03/20/2014 re: Defendant respectfully requests that it be given the opportunity to respond to the referral request. Document filed by Greenpoint Mortgage Funding, Inc..(Snyder, Theodore) (Entered: 03/20/2014) |
| 03/21/2014 | 38 | LETTER addressed to Judge P. Kevin Castel from Peter E. Calamari dated 3.21.14 re: Referral to Bankruptcy Court. Document filed by Residential Funding Company, L.L.C.. (Calamari, Peter) (Entered: 03/21/2014) |
| 03/21/2014 | 39 | LETTER addressed to Judge P. Kevin Castel from Theodore R. Snyder dated 03-21-2014 re: Defendant's Reply to Plaintiff's Letter dated 03-21-14. Document filed by Greenpoint Mortgage Funding, Inc..(Snyder, Theodore) (Entered: 03/21/2014) |
| 03/27/2014 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Alexander Johannes Bittner Rossmiller for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint to: caseopenings@nysd.uscourts.gov. (laq) (Entered: 03/27/2014) |
| 04/02/2014 | 41 | MEMO ENDORSEMENT on re: 39 Letter filed by Greenpoint Mortgage Funding, Inc. ENDORSEMENT: That the bankruptcy court's jurisdiction is not "exclusive" or that it may "at most make proposed findings" does not disuade this Court from referring the matter to bankruptcy court. Application DENIED. (Signed by Judge P. Kevin Castel on 4/2/2014) (djc) Modified on 4/4/2014 (djc). (Entered: 04/02/2014) |
| 04/11/2014 | 42 | NOTICE OF CHANGE OF ADDRESS by Theodore R. Snyder on behalf of Greenpoint Mortgage Funding, Inc.. New Address: Murphy & McGonigle, P.C., 1185 Avenue of the Americas, 21st Floor, New York, New York, USA 10036, 212-880-3976. (Snyder, Theodore) (Entered: 04/11/2014) |
| 04/11/2014 | 43 | NOTICE OF CHANGE OF ADDRESS by James K. Goldfarb on behalf of Greenpoint Mortgage Funding, Inc.. New Address: Murphy & McGonigle, P.C., 1185 Avenue of the Americas, 21st Floor, New York, New York, USA 10036, 212-880-3961. (Goldfarb, James) (Entered: 04/11/2014) |

12-12020-mg    Doc 7323-69    Filed 12/17/13    Entered 07/30/14 17:36:33    doc 43
Case 1:15-cv-08829-PA    Document 43    Filed 07/07/14    Page 19 of 24
Pg 19 of 24

*Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc.*, 14-ap-1916 (S.D.N.Y. Bankr. March 19, 2014)

12-12020-mg   Doc 7323-69   Filed 12/17/13   Entered 07/30/14 17:36:33   doc 43
Case 1:13-cv-08938-PA   Document 43   Filed 07/14/14   Page 20 of 24
Pg 20 of 24
7/3/2014                                                                    New York Southern Live System

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Adversary Proceeding #: 14-01916-mg

*Assigned to:* Judge Martin Glenn                    *Date Filed:* 03/19/14
*Lead BK Case:* 12-12020                             *Date Removed From State:* 03/19/14
*Lead BK Title:* Residential Capital, LLC
*Lead BK Chapter:* 11
*Demand:*

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property

## *Plaintiff*
------------------------

**Residential Funding Company, L.L.C.**          represented by **PETER E CALAMARI**
                                                 QUINN EMANUEL
                                                 51 MADISON AVE
                                                 22 FL
                                                 NEW YORK, NY 10010
                                                 212-849-7171
                                                 Email: petercalamari@quinnemanuel.com
                                                 *LEAD ATTORNEY*

                                                 **Jeffrey A. Lipps**
                                                 Carpenter Lipps & Leland LLP
                                                 280 Plaza, Suite 1300
                                                 280 North High Street
                                                 Columbus, OH 43215
                                                 (614) 365-4105
                                                 *LEAD ATTORNEY*

                                                 **Isaac Nesser**
                                                 Quinn Emanuel Urquhart & Sullivan, LLP
                                                 51 Madison Avenue
                                                 22nd Floor
                                                 New York, NY 10010
                                                 (212) 849-7000
                                                 Fax : (212) 849-7100
                                                 Email: isaacnesser@quinnemanuel.com
                                                 *LEAD ATTORNEY*

                                                 **Alex J.B. Rossmiller**
                                                 Quinn Emanuel Urquhart & Sullivan
                                                 51 Madison Avenue

12-12020-mg    Doc 7323-69    Filed 12/17/13    Entered 07/30/14 17:36:33    doc 43
Case 1:13-cv-08238-PA    Document 43    Filed 07/14/14    Page 21 of 24
Pg 21 of 24
7/3/2014                          New York Southern Live System

New York, NY 10010

(212) 849-7000

Fax : (212) 849-7100

Email: alexrossmiller@quinnemanuel.com

*LEAD ATTORNEY*

**Nicholas David Smith**

Quinn Emanuel Urquhart & Sullivan LLP

51 Madison Avenue

22nd floor

New York, NY 10010

(212)-849-7351

*LEAD ATTORNEY*

**John P. Sullivan**

Quinn Emanuel Urquhart & Sullivan LLP

51 Madison Ave

New York, NY 10010

212-849-7504

Email: johnsullivan@quinnemanuel.com

*LEAD ATTORNEY*

V.

*Defendant*

------------------------

**Greenpoint Mortgage Funding, Inc.,** *an affiliate of Capital One Bank*                represented by **James K. Goldfarb**

Murphy & McGonigle PC (NYC)

1185 Avenue of the Americas

21st Floor

New York, NY 10036

(212) 880-9999

Email: jgoldfarb@mmlawus.com

*LEAD ATTORNEY*

**Cameron S. Matheson**

Murphy & McGonigle, PC

4870 Sadler Road, Suite 301

Glen Allen, VA 23060

(804) 762-5332

Email: cmatheson@mmlawus.com

*LEAD ATTORNEY*

**James Alwin Murphy**

Murphy & McGonigle, P.C.
1185 Avenue of the Americas
21st Floor
New York, NY 10036
212-880-3968
Email: jmurphy@mmlawus.com
*LEAD ATTORNEY*

**Soren Elliot Packer**
Murphy & McGonigle, P.C.
1185 Avenue of the Americas
21st Floor
New York, NY 1036
(212)-880-3963
Fax : (212)-880-3998
Email: Spacker@mmlawus.com
*LEAD ATTORNEY*

**Theodore R. Snyder**
Murphy & McGonigle, P.C.
1185 Avenue of the Americas
21st Floor
New York, NY 10036
212-880-3976
Email: tsnyder@mmlawus.com

| Filing Date | # | Docket Text |
|---|---|---|
| | <u>1</u><br>(285 pgs; 41 docs) | Adversary case 14-01916. Copy of Certified Order Transferring Case No. *13cv8937* from the U.S. District Court, S.D.N.Y. to the U.S. Bankruptcy Court, S.D.N.Y.. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)) Filed by John Patrick Sullivan, Nicholas David Smith, Jeffrey A. Lipps, Alex J.B. Rossmiller, Peter E. Calamari, Daniel Emmet Clark, Wendy H. Schwartz, Isaac Nesser on behalf of Residential Funding Company, L.L.C.. (Attachments: # <u>1</u> 1 part 2 # <u>2</u> 2 # <u>3</u> 3 # <u>4</u> 4 # <u>5</u> 5 # <u>6</u> 6 # <u>7</u> 7 # <u>8</u> 7 1 # <u>9</u> 8 main # <u>10</u> 8 1 # <u>11</u> 11 # <u>12</u> 12 # <u>13</u> 13 # <u>14</u> 14 # <u>15</u> 15 # <u>16</u> 16 # <u>17</u> 17 # <u>18</u> 18 # <u>19</u> 19 # <u>20</u> 20 # <u>21</u> 21 # <u>22</u> 22 # <u>23</u> 23 # <u>24</u> 24 # <u>25</u> 25 # <u>26</u> 26 # <u>27</u> 27 # <u>28</u> 27 1 # <u>29</u> 28 # <u>30</u> 28 1 # <u>31</u> 29 # <u>32</u> 30 # <u>33</u> 31 # <u>34</u> 32 # <u>35</u> 33 # <u>36</u> 33 1 # <u>37</u> 33 2 # <u>38</u> 34 # <u>39</u> 34 1) (Aquino, Lourdes) Additional attachment(s) added on 3/28/2014 (Rouzeau, Anatin). |

12-12020-mg    Doc 7323-69    Filed 12/17/13    Entered 07/30/14 17:36:33    doc 43
Case 1:13-cv-08336-PA    Document 43    Filed 07/30/14    Page 23 of 24
Pg 23 of 24
7/3/2014                              New York Southern Live System

| | | |
|---|---|---|
| 03/19/2014 | | **(Filing Fee Paid $350.00, Receipt Number USDC1083652)** Modified on 3/28/2014 (Porter, Minnie). (Entered: 03/27/2014) |
| 03/28/2014 | 2<br>(1 pg) | Notice of Pre-Trial Conference for a Removed Case with Pre-Trial Conference set for 5/15/2014 at 10:00 AM at Courtroom 501 (MG), (Porter, Minnie) (Entered: 03/28/2014) |
| 04/28/2014 | 3<br>(1 pg) | Letter *in re Scheduling 5.15.14 Status Conference* filed by Alex J.B. Rossmiller on behalf of Residential Funding Company, L.L.C.. (Rossmiller, Alex) (Entered: 04/28/2014) |
| 05/13/2014 | 4<br>(1 pg) | Letter *in re Preliminary Conferences* filed by PETER E CALAMARI on behalf of Residential Funding Company, L.L.C.. (CALAMARI, PETER) (Entered: 05/13/2014) |
| 05/20/2014 | 5<br>(1 pg) | Letter *in re: Preliminary Conferences* filed by PETER E CALAMARI on behalf of Residential Funding Company, L.L.C.. (CALAMARI, PETER) (Entered: 05/20/2014) |
| 05/30/2014 | 6<br>(2 pgs) | Initial Case Management Conference Supplemental Order signed on 5/30/2014. (Anderson, Deanna) (Entered: 05/30/2014) |
| 06/19/2014 | 7<br>(1 pg) | Order Extending Defendants' Time to Answer, Move, or Otherwise Respond to Complaint signed on 6/19/2014. (Chien, Jason) (Entered: 06/19/2014) |
| 06/20/2014 | 8<br>(22 pgs) | Letter *to submit to the court proposed scheduling orders* filed by Theodore R. Snyder on behalf of Greenpoint Mortgage Funding, Inc.. (Snyder, Theodore) (Entered: 06/20/2014) |
| 06/23/2014 | 9<br>(28 pgs; 3 docs) | Letter *in re Status Conference* filed by PETER E CALAMARI on behalf of Residential Funding Company, L.L.C.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (CALAMARI, PETER) (Entered: 06/23/2014) |
| | 10<br>(221 pgs; 15 docs) | Letter filed by PETER E CALAMARI on behalf of Residential Funding Company, L.L.C.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 |

| 06/30/2014 | | Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N)(CALAMARI, PETER) (Entered: 06/30/2014) |