12-12020-mg Doc 7322-70 Filed 12/17/13 Entered 07/30/14 17:36:32 of 44 Pg 1 of 2
Case 1:13-cv-08938-RA Document 44 Filed 07/07/14 Page 1 of 2
Case 1:13-cv-08938-RA Document 43 Filed 07/07/14 Page 1 of 24

# ALSTON & BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3862
www.alston.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/14

John P. Doherty          Direct Dial: 212-210-1282          Email: john.doherty@alston.com

July 7, 2014

**MEMO ENDORSED**

VIA ECF

Hon. Ronnie Abrams
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Residential Funding Company, LLC v. SunTrust Mortgage, Inc.*,
             13-cv-8938 (RA)

Dear Judge Abrams:

      We represent Defendant SunTrust Mortgage, Inc. and write in connection with the Court's Memorandum Opinion and Order, dated July 3, 2014 (the "Order"). We write to request clarification of the Order insofar as it denied as moot Defendant's motion to dismiss the Amended Complaint. The Court's denial of the motion to dismiss as moot – without further explanation or discussion - could create uncertainty whether Defendant has the right to have its motion to dismiss adjudicated in Bankruptcy Court, or whether Defendant has now lost the right to seek dismissal of the Amended Complaint. As such, Defendant respectfully requests clarification of the Order to provide that Defendant's motion (along with the rest of the case) has been referred to the Bankruptcy Court.

      By way of background, prior to the issuance of the Order, there were two motions pending before the Court, namely, Plaintiff's motion to confirm application of the Amended Standing Order of Reference to refer the case to Bankruptcy Court (No. 30) and Defendant's motion to dismiss (No. 34). In the Order, the Court held: "[t]he Standing Order governs this matter and it is hereby referred to the Bankruptcy Court. SunTrust's motion to dismiss is thus denied as moot." Order at p. 6. In so doing, the Court held that the Amended Standing Order served to automatically refer the entire case to Bankruptcy Court and thus, in order to administratively close the case, denied the motion to dismiss as moot.

      Based on the Order, Defendant understands that the Court did not intend to abrogate Defendant's right to seek dismissal of the Amended Complaint, but rather simply to transfer this case to another forum for proceedings. Therefore, Defendant respectfully requests clarification that the Order does not prejudice Defendant's right to obtain a future adjudication of its motion to dismiss on the merits. Defendant's motion to

July 7, 2014
Page 2

dismiss – based on, among other things, Plaintiff's lack of standing – is not, in fact, moot, but rather is ripe for a decision.

To effectuate this, Defendant respectfully submits that the proper procedure is to revise the Order either to delete any reference to the motion to dismiss from the "Conclusion" section or to expressly provide that the motion is referred to the Bankruptcy Court. Administratively speaking, when a case is referred to the Bankruptcy Court, it is transferred "as is." The entire case – including any pending motions – is transferred to the Bankruptcy Court. Upon referral, the Bankruptcy Court will re-docket every docket entry (including pending motions) in this case under a new adversary proceeding case number. By way of illustration, attached hereto are the District Court and Bankruptcy Court docket sheets for *Residential Funding Company, LLC v. GreenPoint Mortgage Funding, Inc.*, which is an identical case filed by the same plaintiff in District Court and which was referred to Bankruptcy Court. 13-cv-8937 (S.D.N.Y December 17, 2014); 14-ap-1916 (S.D.N.Y. Bankr. March 19, 2014). In connection with the referral of that case to Bankruptcy Court, all docket entries from the District Court case, including two pending motions, were re-docketed in the Bankruptcy Court. *See* District Court Nos. 29, 31; Bankruptcy Court No. 1. As such, parties are not required to re-file pleadings or motions when a case is referred to bankruptcy court (or vice versa, if a District Court withdraws the reference). *See e.g. Residential Funding Company, LLC v. HSBC Mortgage Corp. (USA)*, 14-ap-1915, Docket No. 1 (S.D.N.Y. Bankr. March 11, 2014) (same). Accordingly, Defendant requests clarification of the Order that Defendant's motion to dismiss has been referred to the Bankruptcy Court.

Thank you for your consideration of this matter.

Respectfully submitted,

John P. Doherty

Encls.

Application granted. The Clerk of Court is directed to reopen the Motion to Dismiss at docket number 34, so that it can be addressed by the Bankruptcy Court.

SO ORDERED:

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE
7-7-14