**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>                                           Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

# ORDER DENYING MOTION OF TOMAS DIAZ FOR RECONSIDERATION

Pending before the Court is a motion for reconsideration filed by Tomas Diaz (ECF Doc. # 7293, the "Motion.")  Through the Motion, Diaz asks the Court to reconsider its ruling sustaining the ResCap Borrower Claims Trust's objection to claim number 4702, filed by Diaz.  For the reasons explained below, the Motion is **DENIED**.

The Trust objected to Diaz's claim (the "Claim") in its Sixty-Second Omnibus Objection (the "Objection," ECF Doc. # 6815).  Diaz filed a response to the Objection (the "Response," ECF Doc. # 7013).  The Court held a hearing on June 10, 2014; Diaz appeared by telephone.  On July 11, 2014, the Court issued an opinion disallowing and expunging the Claim on the grounds that the Debtors did not cloud Diaz's title and did not have any interest in his mortgage at the time of the fraudulent activity he alleges (the "Opinion," ECF Doc. # 7249).  The facts giving rise to Diaz's claim are discussed in the Opinion, and familiarity of those facts is assumed here.  In the Motion, Diaz lists a litany of actions taken by non-Debtor Deutsche Bank from 2006 until 2008, after RFC had transferred its interest in Diaz's loan to Deutsche Bank.  (Motion at 2–3.)  These were raised by Diaz and considered by the Court when it reached its prior decision.  As explained below, Diaz cannot use a motion for reconsideration as an opportunity to reargue what has already been considered and rejected by the Court.  Diaz also attaches to the Motion several

supplementary documents—some of these were previously considered by the Court[1]; others were not previously submitted to the Court.[2]

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which establishes the grounds for granting relief from a final order. Rule 9024 provides that a court may grant relief from an order for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). Under these rules allowing for reconsideration, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in

---

[1] *Adjustable Rate Note* (ECF Doc. # 7293-1 at 1–2; ECF Doc. # 7062-1 at 320–21); *Judy Faber – improper GMAC Affidavits Leading to Charges of Document Fabrication to Change Title* (ECF Doc. # 7293-1 at 3; ECF Doc. # 7293-1 at 15; ECF Doc. # 7062-1 at 82); *Deposition Transcript of Judy Faber* (ECF Doc. # 7293-1 at 7–12; ECF Doc. # 7062-1 at 83–8); *Corporation Assignment of Mortgage* (ECF Doc. # 7293-1 at 17; ECF Doc. # 7013 at 12); *Affidavit of Indebtedness* (ECF Doc. # 7293-1 at 22–23; ECF Doc. # 7062-1 at 96–7); *Brian Davies Email* (ECF Doc. # 7293-1 at 24; ECF Doc. # 7062-1 at 98); *Affidavit of Lost Note* (ECF Doc. # 7293-1 at 43; ECF Doc. # 7062-1 at 286; ECF Doc. # 7013 at 13); *Ex Parte Motion to Reset Foreclosure Sale* (ECF Doc. # 7293 at 51; ECF Doc. # 7062-1 at 103).

[2] *Rikard Moses Letter* (ECF Doc. # 7293-1 at 4–6); *Washington Post Article* (*id.* at 13–14); *Dade County Complaint* (*id.* at 18–20); *Dade County Civil Cover Sheet* (*id.* at 21); *Gregory Allen Transcript* (*id.* at 25–34); *Dade County Answer* (*id.* at 35); *Dade County Motion for Summary Judgment* (*id.* at 36–7); *Dade County Final Judgment of Foreclosure* (*id.* at 38–42); *Dade County Notice of Lis Pendens* (*id.* at 44–5); *Dade County Complaint to Foreclose Mortgage and to Enforce Lost Loan Documents* (*id.* at 46–48); *Dade County Ex Parte Motion* (*id.* at 49); *Dade County Order on Ex Parte Motion* (*id.* at 50 ); *Dade County Assurance of Voluntary Compliance* (*id.* at 52–60).

other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).

Diaz does not identify any intervening change of controlling law, nor does he assert that the Court made a clear error of law. Diaz fails to provide any legal authority for the relief he requests. To prevail on the Motion, Diaz must present new evidence that was not available to him before the Court ruled. He fails to do so.

Diaz's Motion restates portions of his previous arguments and portions of the proof of claim he filed here. The Motion concedes that the Debtors assigned Diaz's Mortgage and Note to the Deutsche Bank in 2006. (*See* Motion ¶ 2.) The remainder of the Motion contends that Deutsche Bank engaged in illegal conduct after being assigned Diaz's Loan. (*See* Motion ¶ 4–16.) The Court has already held that "[t]he Mortgage assignments are also consistent with the assignment of Diaz's Note—Deutsche Bank owns both the Note and the Mortgage. In any event, none of this implicates any Debtor wrongdoing." (*See* Opinion at 11.) Any wrongdoing that Deutsche Bank may or may not have engaged in after the Debtor assigned its interest to Deutsche Bank does not implicate the Debtors.

Diaz's purported "new evidence" is not new evidence at all. Rather, the information and documents were available before he filed his Opposition to the Objection. For example, Diaz attaches a letter from 2010 and a news article from 2010. (*See* Motion ¶ 15.) Moreover, Diaz's

3

purported new evidence does not implicate any Debtor liability regarding his Loan.  He cannot revive his claim by attaching documents that he could have submitted earlier.

Failing to meet the requirements for reconsideration, Diaz's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:    July 31, 2014
         New York, New York

                                                                _____/s/Martin Glenn_____
                                                                MARTIN GLENN
                                                                United States Bankruptcy Judge