**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

                                                    Debtors.

---------------------------------------------------------------

)
)
)
)
)
)
)
)
)

**NOT FOR PUBLICATION**

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO CLAIMS FILED BY WALTER OLSZEWSKI

Walter Olszewski filed claim numbers 7163, 7172, 7310, 7321, 7407, 7453, 7457, 7461, and 7463 (the "Olszewski Claims") against Debtor GMAC Mortgage, LLC ("GMACM"), seeking damages in varying amounts. Debtor Homecomings Financial, LLC ("Homecomings") originated and serviced two loans to Olszewski, which Olszewski paid off in full in 2007. At first, Olszewski's Claims correlated to the amount of the loans, but failed to explain a basis for GMACM's liability. Then, as Olszewski continued to file new claims, the amount of his alleged damages inexplicably increased by more than $1.5 million—an amount, Olszewski asserted, the Debtors were estopped from disputing. In his most recent proofs of claim, Olszewski contended that the Debtors were liable for ten times the amount of his damages (upwards of $20 million), since they had failed to answer his original claims.

The ResCap Borrower Claims Trust (the "Trust") filed an objection (the "Objection")[1] seeking to disallow and expunge the Olszewski Claims because they fail to state a claim against the Debtors. Responses to the Objection were due by June 20, 2014. Olszewski did not file a timely response, but on July 8, 2014, the Court received several documents from Olszewski that

---

[1] *ResCap Borrower Claims Trust's Objection to Claim Nos. 7163, 7172, 7310, 7321, 7407, 7453, 7457, 7461, and 7463 Filed by Walter Olszewski* (ECF Doc. # 7020). The Objection is supported by a Declaration of Lauren Graham Delehey (the "Delehey Declaration," ECF Doc. # 7020-2). The Objection attaches all nine proofs of claim. (ECF Doc. # 7020-4.)

ostensibly relate to his Claims.  (ECF Doc. # 7236.)  In these documents, Olszewski, who refers

to himself as a "Private American," contests the validity of any use of his name in any form other

than in all lower-case letters, and seeks to invalidate any documents containing his signature and

using any capital letters.  The Court held a hearing on the Objection on July 9, 2014.  Olszewski

did not appear, and the Court took the matter under submission without any argument.  For the

reasons that follow, the Objection is **SUSTAINED**, and the Olszewski Claims are

**DISALLOWED** and **EXPUNGED**.

## I.    BACKGROUND

### A.    Olszewski's Loan and Related Litigation

On October 20, 2006, Homecomings originated two loans to Olszewski , both secured by

a mortgage: a $576,000 mortgage loan; and a $36,000 home equity line of credit (together, the

"Loans").  Homecomings also serviced the Loans.  (*See* Delehey Decl. ¶ 6.)  Olszewski paid off

both Loans in their entirety in March 2007; he received a refund of $211.93 from an escrow

account, bringing the account balance for each of the Loans to $0.[2]  (*See id.* Exs. C–D.)  Before

paying off the Loans, Olszewski timely made each monthly payment and incurred no late fees.

(See *id.* ¶ 7.)

On April 5, 2012, five years after he had paid off the Loans, Olszewski sent a purported

qualified written request letter (the "First QWR Letter") to Mortgage Electronic Registration

Systems, Inc. ("MERS"), requesting information about the Loans.  MERS forwarded the First

QWR Letter to GMACM on April 13, 2012, and GMACM responded to Olszewski on April 16,

---

[2]    According to his Complaint filed in Los Angeles Superior Court (discussed below), Olszewski refinanced
his home on March 13, 2007, receiving a $632,000.00 loan from Countrywide Home Loans ("Countrywide").
(Compl. at 9.)

2012.[3]  (*See id.* ¶ 8 & Ex. E.)  On May 6, 2013, Olszewski sent a second qualified written request

letter to MERS (the "Second QWR Letter").  MERS forwarded the letter to GMACM on May

15, 2013.  GMACM responded to the Second QWR Letter on May 22, 2013, explaining that

Olszewski's Loans had been paid in full.  (*See id.* ¶ 8 & Ex. F.)

On April 18, 2012, Olszewski filed a complaint in the Los Angeles Superior Court (the

"Complaint," Delehey Decl. Ex. G) against Bank of America and other non-Debtor entities (the

"LA Litigation") alleging causes of action for (1) Violation of the Rosenthal/Fair Debt

Collection Practices Act; (2) Quiet Title; (3) Predatory Lending Practices; (4) Declaratory Relief;

(5) Injunctive Relief; (6) Fraud in the Factum under Title 18 U.S.C. § 1001; (7) Broken Chain of

Title; and (8) Violation Business and Professions Code section 17200.  (*See* Delehey Decl. ¶ 9;

Compl. at 1.)  On May 3, 2012, Olszewski filed an amended complaint (the "Amended

Complaint") that included GMACM as a defendant.  (*See* Delehey Decl. ¶ 9.)

On June 5, 2012, GMACM filed a Notice of Bankruptcy and Effect of Automatic Stay; it

did not respond to the Amended Complaint.  (Delehey Decl. Ex. I.)  The LA Litigation

progressed with respect to defendants other than GMACM.  On August 7, 2012, Bank of

America filed a Demurrer to the Complaint and Amended Complaint on behalf of certain

defendants (not including GMACM) (the "Demurrer," Delehey Decl. Ex. J).  The Los Angeles

Superior Court sustained the Demurrer without leave to amend on September 14, 2012.  (*See*

Delehey Decl. ¶ 9.)  The Los Angeles court then dismissed the entire case with prejudice

(including as against GMACM), finding that the Complaint failed to state any cause of action

against anyone and could not be amended to state any valid cause of action.  (*See* Dismissal,

---

[3]    GMACM's response to the QWR refers to Olszewski's Loans as part of a GMACM account, even though
the statements attached to the response were generated by Homecomings.  (*See* Delehey Decl. Ex. E.)  Perhaps this
explains why Olszewski filed his Claims and Amended Complaint (defined below) against GMACM, and not
Homecomings.

Delehey Decl. Ex. K.)  Olszewski did not appeal the Dismissal, and there is no litigation

currently pending between Olszewski and the Debtors.  (*See* Delehey Decl. ¶ 9.)

### B.    Olszewski's Claims

Each of the Debtors filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code on May 14, 2012.  The General Bar Date to file proofs of claim was originally

set as November 9, 2012, and was extended to November 16, 2012 at 5:00 p.m. (Prevailing

Eastern Time).  (ECF Doc. # 2093.)

Olszewski filed claim number 7163 (the "First Proof of Claim") on September 3, 2013,

asserting a $612,000.00 "secured, priority claim" against GMACM.  The stated basis for this

claim is:  "Promissory notes for $612,000.00 tendered on October 26, 2006."  The amount

sought in this claim correlates with the total amount of Olszewski's Loans (which he had paid off

in full).  The First Proof of Claim attached an affidavit of loss; Olszewski demanded that

GMACM provide proof that he was served with a B-10 Form (Proof of Claim Form) before the

Bar Date.  Olszewski also asserts that GMACM erroneously listed his claim at $0.00 and grants

GMACM ten days "to cure the fault and effect the remedy."  (First Proof of Claim at 4.)

Olszewski then states that "failure to cure will constitute, as an operation of law, the FINAL

admission of the obligation."  (*Id.*)  Also attached to the First Proof of Claim are a buyer and

seller closing statement and a federal truth in lending disclosure statement.

Olszewski filed claim number 7172 (the "Second Proof of Claim") on September 9,

2013.  The Second Proof of Claim is identical to the First Proof of Claim.

On November 18, 2013, Olszewski filed claim number 7130 (the "Third Proof of

Claim"), asserting a "secured, priority claim" in the amount of $2,037,653.92.  Attached to the

Third Proof of Claim are many of the same documents that were attached to the First and Second

Proofs of Claim, as well as an additional affidavit of loss. This time, the affidavit of loss states that the Debtors' attempt to send Olszewski a B-10 Form failed because it was sent to the wrong zip code. Olszewski asserts, therefore, that the First and Second Proofs of Claim were timely filed, though he concedes that the Second Proof of Claim is a duplicate claim. (*See* Third Proof of Claim at 5.) Olszewski goes on to state: "FACT: Debtor, GMAC Mortgage, LLC dba Homecoming Financial, LLC, confirms that Secured Issuer of credit, Walter Olszewski has priority claim is in the amount of $2,037,653.92." (*Id.*) Olszewski demands payment of that amount, but does not provide any explanation for the increase in the amount of his damages.

Olszewski filed claim number 7321 (the "Fourth Proof of Claim") on January 10, 2014. This proof of claim attaches documents similar to those attached to the First, Second, and Third Proofs of Claim, and, consistent with the Third Proof of Claim, asserts a "secured, priority claim" in the amount of $2,037,653.92. The proof of claim form provides a line for claimants to explain the unavailability of documents supporting claims. On the Fourth Proof of Claim, Olszewski writes on this line: "JUDGMENT BY ESTOPPEL WITH A LIEN AGAINST DEBTOR." In this claim, Olszewski asserts that the Debtors are estopped from denying liability on his Claims because they failed to respond to his previous affidavits and are therefore deemed to have admitted liability. Olszewski also requests punitive damages. According to Olszewski, "[i]n the event of a future litigation the tort claim is Ten (10) times $2,037,653.92 = $20,376,539.20." (Fourth Proof of Claim at 6.)

Olszewski filed claim number 7407 (the "Fifth Proof of Claim") on February 12, 2014. This proof of claim also asserts a "secured, priority claim" in the amount of $2,037,653.92. On the line asking why documents are not available, Olszewski states: "OBJECTIONS TO DEBTOR'S FIFTY-EIGHTH OMNIBUS." Evidently, Olszewski was responding to the

5

Debtors' Fifty-Eighth Omnibus Objection (discussed below), arguing that he was never timely

served with the Bar Date Notice. In addition, Olszewski repeats the claims and assertions raised

in the Fourth Proof of Claim.

Olszewski filed claim number 7453 (the "Sixth Proof of Claim") on March 3, 2014,

asserting a "secured, priority claim" in the amount of $22,414,193.12. On the line asking why

documents are not available, Olszewski states: "TORTUROUS CLAIM & OBJECTIONS TO

FIFTY-EIGHTH OMNIBUS." Olszewski asserts in this proof of claim that he is entitled to

punitive damages in an amount of ten times the damages previously requested. The Sixth Proof

of Claim also references and attaches a Consent Judgment signed on April 4, 2012, by the

District Court for the District of Columbia between GMACM, Debtor Residential Capital, LLC,

Ally Financial, Inc. and the United States government, and various state attorneys general in *U.S*

*v. Bank of America Corp., et al.*, Case No. 1:12-cv-00361-RMC (the "Consent Judgment").

Olszewski filed claim number 7457 (the "Seventh Proof of Claim") on March 21, 2014;

claim number 7461 (the "Eighth Proof of Claim") on March 28, 2014; and claim number 7463

(the "Ninth Proof of Claim") on April 11, 2014. Each of these claims asserts a $22,414,193.12

secured, priority claim. On the line asking why documents are unavailable, the proofs of claim

state: "DECLARATION OF COMMERCIAL CLAIM BY AFFIDAVIT" (Claim No. 7457),

"MEMORANDUM *For and on the Public Record* BY AFFIDAVIT" (Claim No. 7461) and "For

& On Public Record, 2nd Declaration of Commercial Claim By AFFIDAVIT" (Claim No. 7463).

In these proofs of claim, Olszewski largely repeats his argument that the Debtors are estopped

from denying the validity of his claim, and demands prompt payment of his claims, including

those for punitive damages, in full.

### C.    The Trust's Objections

On January 17, 2014, the Trust objected to the First and Second Proofs of Claim as late-

filed claims.  (*See ResCap Borrower Claims Trust's Fifty-Eighth Omnibus Objection to (A)*

*Amended and Superseded Borrower Claims; (B) Late-Filed Borrower Claims; and (C) Non-*

*Debtor Borrower Claims* (the "Fifty-Eighth Omnibus Objection," ECF Doc. # 6305).)  In that

objection, the Trust acknowledged that Olszewski had not received a notice of commencement of

these chapter 11 proceedings, but asserted that Olszewski had been timely served with notice of

the Bar Date.  (*Id.* ¶ 30 n.6.)  In support of this assertion, the Trust provided declarations from

Deanna Horst (*id.* Ex. 1-A) and P. Joseph Morrow IV (the "Morrow Decl.," *id.* Ex. 1-B), as well

as a copy of the *Notice of Deadlines for Filing Proofs of Claim* (the "Bar Date Notice," Morrow

Decl. Ex. B).  After reviewing Olszewski's Supplemental Response (ECF Doc. # 6615),

however, the Trust discovered that the address it had on file for Olszewski contained an incorrect

zip code.  As a result, the Trust withdrew its objection to the First and Second Proofs of Claim as

late-filed claims.  But the Trust specifically reserved all rights to object to those claims on other

grounds.  (*See* Notice of Withdrawal, ECF Doc. # 6670).

The Trust now objects to the Olszewski Claims on the grounds that (1) all of the Claims

fail to state a basis for liability against the Debtors and (2) the last seven Claims constitute

improper claim amendments.  The Trust mailed Olszewski a letter requesting additional

information regarding the basis for his claims, with no response.  (*See* Delehey Decl. ¶ 5.)

Nevertheless, the Trust examined any possible basis for liability based on the allegations in the

Olszewski Claims and concluded that there is no legal basis upon which Olszewski can state a

claim against the Debtors.  (Obj. ¶ 25.)

## II.    DISCUSSION

Claims objections have a shifting burden of proof.  Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."  *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed."  *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12–13 (S.D.N.Y. Sept 26, 2013) (internal quotation marks omitted).  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."  4 Collier on Bankruptcy ¶ 502.02 (16th rev. ed. 2013).

### A.    The Olszewski Claims Fail to State a Claim Against the Debtors

Presumably, the Loans extended by Homecomings to Olszewski—which he paid off in full in 2007—form the basis for the Debtors' alleged liability, but Olszewski fails to provide any details on the nature of that alleged liability.  The Trust, through its Objection and the Delehey Declaration, provided sufficient evidence to show that Olszewski has not been damaged in any way with respect to the Loans (*see* Obj. ¶ 26; Delehey Decl. ¶ 6), shifting the burden back to Olszewski to prove the validity of his Claims by a preponderance of the evidence.  *See Creamer*, 2013 U.S. Dist. LEXIS 143957, at *12–13.  Olszewski did not file a meaningful response to the Objection, and his Claims fail to plausibly allege that he was harmed by conduct of the Debtors.

8

Further, to the extent that the Olszewski Claims rely on the LA Litigation as a basis for liability against the Debtors, Olszewski is likely estopped from bringing those claims here. "California applies collateral estoppel when:  (1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Pension Trust Fund For Operating Eng'rs v. Triple A Mach. Shop, Inc.*, 942 F.2d 1457, 1462 (9th Cir. 1991) (quoting *Hirst v. State of California,* 770 F.2d 776, 778 (9th Cir. 1985)).  "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated . . . .  An issue may be submitted and determined on a motion to dismiss for failure to state a claim . . . ." *Murphy v. Murphy*, 164 Cal. App. 4th 376, 400–01 (Cal. Ct. App. 2008) (first ellipsis in original) (quoting *Barker v. Hull*, 236 Cal. Rptr. 285, 288 (Cal. Ct. App. 1987)).  "A judgment resulting from the sustaining of a general demurrer on the merits of a claim, rather than on a procedural ground, is a judgment on the merits." *Moore v. Navarro*, No. C 00-03213 (MMC), 2004 WL 783104, at *6 (N.D. Cal. Mar. 31, 2004).  The automatic stay imposed by these bankruptcy proceedings prevented the Los Angeles Court from adjudicating Olszewski's allegations against GMACM.  But since that court granted Bank of America's Demurrer to those very same allegations, Olszewski may be estopped from bringing those claims against GMACM here.  In any event, Olszewski has not shown how the allegations in the Amended Complaint—which seem to relate to a refinancing he received from Countrywide (and not the Loans originated by Homecomings)—would support any liability against the Debtors.

Further, Olszewski's reference to the Consent Judgment does not support a basis for liability against the Debtors.  The Consent Judgment is not an admission of any wrongdoing on

9

the part of GMACM or any other Debtor and does not preclude the Trust from objecting to the

allowance of Olszewski's Claims.

>    **B.**     **Seven of the Olszewski Claims Were Not Timely Filed and Are
>             Impermissible Amendments to Earlier Claims**

The Debtors withdrew their objection to the First and Second Proofs of Claim as late-

filed claims, but Olszewski subsequently filed seven more claims—ultimately seeking an

additional $20 million from the Debtors.  These last seven claims are improper amendments to

the First and Second Proofs of Claim.

In the Second Circuit,

> amendment to a claim is freely allowed where the purpose is to cure a defect in
> the claim as originally filed, to describe the claim with greater particularity, or to
> plead a new theory of recovery on the facts set forth in the original claim.
> However, the court must subject post bar date amendments to careful scrutiny to
> assure that there was no attempt to file a new claim under the guise of
> amendment.

*Integrated Res., Inc. v. Ameritrust Co., N.A. (In re Integrated Res., Inc.)*, 157 B.R. 66, 70

(S.D.N.Y. 1993) (citations omitted).

Courts apply a two-step inquiry when considering whether to allow post bar date

amendments to proofs of claim.  *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*

*(In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir. 2005); *In re Barquet Grp. Inc.*, 477 B.R. 454,

464 (Bankr. S.D.N.Y. 2012), *aff'd*, 477 B.R. 454 (S.D.N.Y. 2012).  First, the court must

determine "whether there was a timely assertion of a similar claim or demand evidencing an

intention to hold the estate liable." *Enron*, 419 F.3d at 133 (quotation omitted).  A claim satisfies

this first prong if it: "1) corrects a defect of form in the original claim; 2) describes the original

claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the

original claim." *Id.* (quoting *In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).  In other words, the amendment must relate back to the original proof of claim.

If this "relation back" inquiry is satisfied, courts then examine whether it would be equitable to allow the amendment.  *Id.*; *Integrated Res.*, 157 B.R. at 70.  Courts consider the following five equitable factors in determining whether to allow an amendment:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on the part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed.

*Integrated Res.*, 157 B.R. at 70 (citation omitted); *Enron*, 419 F.3d at 133.  "The critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *Integrated Res.*, 157 B.R. at 70 (citation omitted).

Here, all of the Olszewski Claims filed after the First and Second Proofs of Claim fail the first prong of the test—i.e., they do not relate back to his first two claims—and are therefore impermissible amendments to the first two proofs of claim.  As explained above, Olszewski's first two proofs of claim correlated with the dollar amount of his Loans, but fail to explain a basis for liability against the Debtors.  With each subsequent proof of claim, Olszewski asserted that the Debtors were liable for increased damages by virtue of their failure to respond to his earlier claims.  Aside from being incorrect, this assertion rests on new facts that could not have formed the basis for his earlier claims, and therefore cannot be asserted post-Bar Date.

/////

/////

/////

/////

11

### III.    CONCLUSION

The Trust provided sufficient evidence to shift the burden of proof back to Olszewski, and Olszewski failed to prove the validity of his Claims by a preponderance of the evidence. Additionally, seven of Olszewski's Claims impermissibly attempt to amend his first two proofs of claim.  For all of the foregoing reasons, the Court **SUSTAINS** the Objection.  The Olszewski Claims are **DISALLOWED** and **EXPUNGED** with prejudice.

**IT IS SO ORDERED.**

Dated:  July 31, 2014
        New York, New York

                                    _Martin Glenn_____
                                    MARTIN GLENN
                                    United States Bankruptcy Judge