**Hearing Date and Time: 08/13/14 at 10:00 a.m.**

LEWIS LAW PLLC
Local Counsel to Maurice Sharpe
120 Bloomingdale Road, Suite 100
White Plains, NY 10605
(914) 761-8400
klewis@lewispllc.com
Kenneth M. Lewis

DAVID J. WINTERON & ASSOCIATES, LTD.
Attorneys for Maurice Sharpe
1140 N. Town Center Drive, Suite 120
Las Vegas, Nevada 89144
(702) 363-0317
David J. Winterton
Tennille K. Pereira

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

RESIDENTIAL CAPITAL, LLC, et al.

                        Debtors.
---------------------------------------------------------x

Chapter 11

Case No. 12-12020 (MG)

Jointly Administered

### MAURICE SHARPE'S OBJECTION TO RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (CLAIM NO. 2079)

Maurice Sharpe respectfully submits this Objection to that portion of ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims), which seeks to disallow Mr. Sharpe's Claim (Claim No. 2079).

1.   Mr. Sharpe's Claim arises out of GMAC's wrongful foreclosure of Mr. Sharpe's residence.

2.   As a preliminary matter, contrary to paragraph 2 of the Motion, Mr. Sharpe was never contacted, prior to the filing of the Motion, to provide further documentation to substantiate his claim.  See Declaration David J. Winterton, which accompanies this

Objection, at ¶ 3.

3. Moreover, as discussed below, it is simply not true that Mr. Sharpe did not cooperate with the police in investigating this matter, or failed to respond to any purported requests made by GMAC in September 2009 to provide further information.

4. Rather, GMAC turned a blind eye to the overwhelming evidence of fraud prior to foreclosing on Mr. Sharpe's home.

5. On or about November 15, 2004, Maurice Sharpe purchased property located at 2105 Grand Island, Las Vegas, NV (the "**Property**").

6. On or about March 17, 2008, a fraudulent mortgage in the amount of $417,000 was obtained with respect to Mr. Sharpe's residence located at 2105 Grand Island, Las Vegas, Nevada. The mortgage and loan were assigned to GMAC.

7. In April of 2009, Mr. Sharpe discovered the fraudulent mortgage when he received a delinquency notice from GMAC. Mr. Sharpe then proceeded to run his credit report and discovered the fraudulent mortgage also on his credit report.

8. Upon discovery, Mr. Sharpe contacted GMAC and immediately reported the fraud to the police, who prepared a report. A copy of the police report is annexed to the Winterton Decl. as Exhibit "A".

9. GMAC requested that Mr. Sharpe provide an ID Theft Affidavit, Police Report and a copy of his Nevada Driver's License, all of which he provided. See Winterton Decl., ¶ 6. According to GMAC's Senior Litigation Analyst, Juan Aguirre, who provided an affidavit in the state court litigation, on April 20, 2009, GMAC received the requested information and/or documentation from Mr. Sharpe. GMAC Aff. ¶ 32. A copy of the GMAC Affidavit is annexed to the Winterton Decl. as Exhibit "B".

10. There was never any further information and/or documents that were requested by GMAC from Mr. Sharpe that were not provided. To date, there has been no further request for information and/or documents, including through the bankruptcy proceedings. See Winterton Decl., ¶ 3.

11. Upon receiving a letter from GMAC stating they didn't believe that Mr. Sharpe was coopering with the Las Vegas Metropolitan Police Department, Mr. Sharpe immediately sent a letter to the Detective on the case requesting an update and assuring him that he was willing to provide anything further. A copy of that letter is annexed to the Winterton Decl. as Exhibit "C".

12. David J. Winterton, state court counsel, also wrote a letter to the Las Vegas Metropolitan Police Department requesting what information or documentation they needed to further prosecute the matter because they were not responding to Mr. Sharpe. They never responded to his request. See Winterton Decl., ¶ 9.

13. Mr. Winterton then made a phone call to the detective in charge of the case, Detective Moss, to inform him that Mr. Sharpe was willing to provide whatever information they needed. However, Detective Moss informed Mr. Winterton at that time that they weren't pursuing the identity theft charges because they believed that the individual that was responsible for the mortgage had a domestic relationship with Mr. Sharpe so it would be more appropriately handled as a civil matter. See Winterton Decl., ¶ 10.

14. The individual that Detective Moss believed was responsible was Tracy Sharpe. Tracy Sharpe was his girlfriend, but they were never married. Nevada does not have or recognize common law marriage unions. See Winterton Decl., ¶ 11.

15. The fraudulent mortgage was in Maurice Sharpe's name only and the

3

property was owned by Maurice Sharpe as a single man.  <u>See</u> Winterton Decl., ¶ 12.

16. GMAC then informed Mr. Sharpe that they were going to proceed to foreclose on Mr. Sharpe's property because Las Vegas Metropolitan Police Department wasn't proceeding forward with the identity theft prosecution.  <u>See</u> Winterton Decl., ¶ 13.

17. GMAC, however, was on notice that the loan was obtained with fraudulent information based on its own initial review.

18. In GMAC's affidavit filed in the state court litigation, GMAC's representative informed the state court that they had done an initial review of the mortgage documents when Mr. Sharpe informed them of the fraud in April of 2009.  <u>See</u> Winterton Decl., ¶ 27 and GMAC's Affidavit, which is annexed to the Winterton Decl. as Exhibit "B".

19. Based on this review, GMAC admitted that the driver's license used to get the mortgage was false.  <u>See</u> GMAC Affidavit, ¶ 33.  GMAC admitted that the Nevada Driver's License used had a different driver's license number and a picture of a Hispanic male while Mr. Sharpe is African-American.  <u>See</u> Winter Decl., ¶ 28; GMAC Affidavit, ¶ 33.

20. Notwithstanding the foregoing, on or about October 1, 2009, GMAC reinitiated the foreclosure process by recording a new Notice of Trustee's Sale.  <u>See</u> GMAC Affidavit, ¶ 40.

21. On October 20, 2009, Mr. Sharpe was finally forced to commence an action against GMAC and others in the District Court, Clark County Nevada, entitled *Maurice Sharp v. GMAC, et al.*, Case No. 09-602043-C (the "**State Court Action**").  In the State Court Action, Mr. Sharpe sought damages arising out of the conduct of all parties involved in the fraudulent mortgage.  (After the foreclosure took place, the original Complaint was amended to indicate causes of action against GMAC for wrongful foreclosure and eviction.)  Following the

filing of the Debtors' chapter 11 cases, the State Court Action was stayed as to GMAC, but proceeding as to all other parties.

22. On October 23, 2009, an injunction to prevent the foreclosure was also filed. See Winterton Decl., ¶ 17.

23. In support of an injunction to stop the foreclosure, Mr. Winterton identified many of the immediately identifiable inconsistencies in the loan documents.

24. The signatures on the documents were not the same. See Winterton Decl., ¶ 20.

25. The driver's license number was different than Mr. Sharpe's. Winterton Decl., ¶ 21.

26. The date of birth was different than Mr. Sharpe's. See Winterton Decl., ¶ 22.

27. The picture in the driver's license was a Hispanic male while Mr. Sharpe is African-American. See Winterton Decl., ¶ 23.

28. One of the loan application documents indicated that Mr. Sharpe was African-American. The Uniform Residential Loan Application section for providing information regarding ethnicity, race and sex indicated that Mr. Sharpe was not Hispanic or Latino and was Black or African American. However, the picture in the fake driver's license was of a Hispanic or Latino male. See Winterton Decl., ¶ 24.

29. Mr. Sharpe provided an affidavit stating that he had not applied for the mortgage, had not signed or authorized any one to sign on his behalf for the mortgage and had absolutely no knowledge of the mortgage until GMAC contacted him because of a delinquency. See Winterton Decl., ¶ 25.

30. A large amount of the loan proceeds were wired to a bank account that had Tracy L. Sharpe and Maurice Sharpe's name on it, however the address on the check provided was not that of Mr. Sharpe's home. See Winterton Decl., ¶ 26.

31. As discussed, GMAC admitted that the driver's license used to get the mortgage was false. See Winterton Decl., ¶ 28; GMAC Affidavit, ¶ 33. GMAC admitted that the Nevada Driver's License used had a different driver's license number and a picture of a Hispanic male while Mr. Sharpe is African-American. See Winterton Decl., ¶ 28; GMAC Affidavit, ¶ 33.

32. Based upon this information, the state court granted an injunction, but conditioned it upon Mr. Sharpe posting a $35,000 bond. Mr. Sharpe was only given a very short time period to provide the $35,000 and provided it one day after the court had ordered it be paid. See Winterton Decl., ¶ 30.

33. Mr. Winterton contacted GMAC to try and stop the foreclosure based on this information and they refused. GMAC would have been protected by the bond and the state court believed it was likely that Mr. Sharpe would prevail on the merits. GMAC had even determined that the mortgage was obtained with a fake driver's license, yet they insisted on proceeding with the foreclosure. There were numerous inconsistencies and issues with the mortgage documents, yet GMAC insisted on proceeding with foreclosure. See Winterton Decl., ¶ 31.

34. GMAC was **clearly on notice that the mortgage was fraudulent** and still, they refused to stop with the foreclosure. Winterton Decl., ¶ 32.

35. Mr. Sharpe obtained an expert report from Corporate Mortgage Advisors. A copy of the Expert Report dated September 5, 2010, is annexed to the Winterton Decl., as

Exhibit "D".

36. The Expert Report discusses, at length, how GMAC (and others) were negligent, did not adhere to generally accepted industry standards and missed several opportunities to catch the obvious fraud. GMAC had all of the information from the Expert Report and actively participated in the deposition of the Expert. GMAC clearly was put on notice of the fraudulent nature of the mortgage. Nevertheless, GMAC insisted on proceeding on the foreclosure of Mr. Sharpe's home.

37. On March 11, 2014, the state court held a prove-up hearing to determine Mr. Sharpe's damages. See Winter Decl., ¶ 43.

38. Evidence was provided, including an appraisal on the property, an affidavit of Mr. Sharpe for his other out-of-pocket damages, and invoices for attorney fees and costs. Based upon the evidence provided and the testimony at the prove-up hearing, Mr. Sharpe was awarded a judgment in the amount of $1,178,628.23 for actual damages, $64,114.50 in attorney fees and costs and prejudgment interest and post-judgment interest until paid in full according to the statutory rate of interest. See Winterton Decl., ¶ 44. A copy of the Judgment is annexed to the Winterton Decl. as Exhibit "E".

39. The damages awarded were the actual damages that Mr. Sharpe incurred based on GMAC's wrongful foreclosure of his home.

40. Based upon the foregoing, Mr. Sharpe's claim should be allowed in the amount of at least the judgment amount ($1,242,742.73).

WHEREFORE, Maurice Sharpe respectfully requests that the Court deny the Motion as it relates to his claim, allow his claim in the amount of no less than $1,242,742.73, and grant him such other and further relief as is just.

Dated:  White Plains, New York
  July 31, 2014

                LEWIS LAW PLLC
                Local Counsel to Maurice Sharpe

                By: /s/ Kenneth M. Lewis
                    Kenneth M. Lewis

                120 Bloomingdale Road, Suite 100
                White Plains, NY 10605
                (914) 761-8400
                klewis@lewispllc.com

                DAVID J. WINTERON & ASSOCIATES, LTD.
                Attorneys for Maurice Sharpe
                David J. Winterton
                Tennille K. Pereira
                1140 N. Town Center Drive, Suite 120
                Las Vegas, Nevada 89144
                (702) 363-0317