1  AFFT
STEVEN W. PITE (NV Bar #008226)
2  LAUREL I. HANDLEY (NV Bar #009576)
HEATHER HUDSON (NV Bar #10903)
3  PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
4  P.O. BOX 17935
SAN DIEGO, CA 92177-0935
5  TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
6
ABRAMS & TANKO, LLLP
7  MICHELLE L. ABRAMS (NV Bar #005565)
3085 S. Jones Blvd., Suite C
8  Las Vegas, NV 89146

9  Attorneys for Defendant: GMAC MORTGAGE, LLC sued herein as GMAC Mortgage

10

11                              DISTRICT COURT

12            DISTRICT COURT, CLARK COUNTY, NEVADA

13  Maurice Sharpe,                        Case No. A-09-602043

14          Plaintiff,                      Dept. No. XVIII

15      v.

16  GMAC Mortgage, SSAFE MORTGAGE
    FIDELITY NATIONAL TITLE AGENCY OF
17  NEVADA and DOES I-X inclusive ROE      DATE OF HEARING:   December 8, 2008
    CORPORATIONS XI-XX inclusive,          TIME OF HEARING:   8:00 a.m.
18
          Defendants.
19

20             AFFIDAVIT OF JUAN AGUIRRE
    IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY
21  RESTRAINING ORDER ("TRO") AND RESPONSE TO ORDER TO SHOW CAUSE AS
    TO WHY THE TRO SHOULD NOT BE CONVERTED INTO A PRELIMINARY
22                            INJUNCTION

23      I, Juan Aguirre, declare as follows:

24      1.      If sworn as a witness I could and would competently testify to the following facts of

25  my own personal knowledge.

26      2.      I am a Senior Litigation Analyst for Defendant GMAC Mortgage, LLC, sued herein

27  as GMAC Mortgage. ("GMACM"). GMACM is the duly authorized servicer of the subject Note

28  and Deed of Trust (defined *infra*). At all relevant times herein, I was employed by GMACM and

-1-

1    I am authorized by GMACM to make this declaration.

2        3.     I am making this declaration in support of GMACM's Opposition to Plaintiff Maurice

3    Sharpe's Ex-Parte Motion for Preliminary Injunction (the "Motion") and Response to Order to Show

4    Cause as to Why the TRO Should Not Be Converted into a Preliminary Injunction.

5        4.     I have personally reviewed GMACM's business records regarding this case. As to

6    the following facts, I know them to be true from my own personal knowledge or I have gained

7    knowledge of these facts in the regular course of business from GMACM's business records which

8    are created at or near the time of the events recorded. Any such document or record was prepared

9    in the ordinary course of business by a person employed by GMACM who had personal knowledge

10    of the events being recorded and had a business duty to accurately record such events.

11        5.     The documentary evidence set forth in this declaration was either obtained from the

12    public record or are elements of GMACM's business records, which include records transferred to

13    GMACM from Mountain View Mortgage Company and/or SSAFE Mortgage, Inc., which records

14    are maintained in the regular course of business, created at or near the time of the act, condition or

15    event, and properly identified and authenticated. The source of information and method and time

16    of preparation of said documents are such as to reflect their trustworthiness.

17        6.     The loan at issue in this case, which is more fully described below, was entered into

18    by Plaintiff, Maurice Sharpe on or about March 10, 2008. The loan records begin at or near the time

19    the loan is funded. GMACM's records are updated at or near the time advances are made, charges

20    are incurred, or payments are made. The processing clerks in GMACM's loan servicing department

21    enter all payments, if any, as soon as they are received and advances as soon as they are issued.

22        7.     Plaintiff is the maker of a fixed rate note ("Note") dated March 10, 2008, in the

23    amount of $417,000.00, in favor of Mountain View Mortgage Company, a Colorado Corporation

24    ("Mountain View"), which is secured by a Deed of Trust also dated March 10, 2008. True and

25    correct copies of the subject Note and Deed of Trust are attached as **Exhibits A** and **B**, respectively.

26        8.     The Note and Deed of Trust ("Subject Loan") were made in connection with

27    Plaintiff's refinance of his home mortgage on the property commonly referred to as 2105 Grand

28    Island Court, Las Vegas, Nevada 89117 ("Property").

1      9.      The Property was deeded to Tracy L. Sharpe and Maurice Sharpe, husband and wife

2 as joint tenants on November 10, 2004. A true and correct copy of the Deed is attached as **Exhibit**

3 **C.**

4      10.      Tracy Sharpe subsequently deeded her interest in the Property to Plaintiff on October

5 31, 2005. A true and correct copy of the Deed to Plaintiff is attached as **Exhibit D.**

6      11.      On the same day, October 31, 2005, Plaintiff obtained a loan in the amount of

7 $191,000 from Hometown Lending, which was secured by a Deed of Trust. That Deed of Trust was

8 assigned to Sun Trust Mortgage Inc. on October 31, 2005. True and correct copies of the October

9 31, 2005 Deeds of Trust are attached as Exhibits **E** and **F**, respectively.

10      12.      In February 11, 2008, Plaintiff applied for a loan through his loan officer/broker,

11 SSAFE Mortgage, Inc. for the purpose of refinancing his first mortgage. Pursuant to a face-to-face

12 interview with Plaintiff, interviewer Silvano Barragan, an employee at SSAFE Mortgage, filled out

13 a loan application on Plaintiff's behalf, seeking a loan in the amount of $400,000.00. A true and

14 correct copy of the February 11, 2008 loan application is attached as **Exhibit G.**

15      13.      Then, on March 11, 2008, Plaintiff applied for the Subject Loan through his loan

16 officer/broker, SSAFE Mortgage, Inc. for the purpose of refinancing his first mortgage. Pursuant

17 to a face-to-face interview with Plaintiff, interviewer Silvano Barragan, an employee at SSAFE

18 Mortgage, filled out a second loan application on Plaintiff's behalf, seeking a loan of $417,000.00.

19 A true and correct copy of the March 11, 2008 loan application is attached as **Exhibit H.**

20      14.      The form Uniform Residential Loan Application contains a section where the

21 borrower can elect to provide information regarding ethnicity, race, and sex. On both February 11

22 and March 11, 2008, Plaintiff's loan applications included check marks in the following boxes: "Not

23 Hispanic or Latino," "Black or African American," and "Male."

24      15.      The March 11, 2008, loan application was then submitted by SSAFE Mortgage to

25 Mountain View for consideration.

26 *///*

27 *///*

28 *///*

AFFIDAVIT OF JUAN AGUIRRE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION

16. The $417,000 Subject Loan closed on March 17, 2008. The loan proceeds were used to pay off the first mortgage held by Sun Trust in the amount of $158,215.63. Also, $24,026.81 was dispersed to pay Plaintiff's various, personal revolving credit lines. A true and correct copy of the HUD-1 Loan Settlement Statement is attached as **Exhibit I.**

17. The remaining amount of $202,547.92 was wired to a joint bank account in the name of Tracy L. Sharpe and Maurice Sharpe. A true and correct copy of the wire transfer confirmation is attached as **Exhibit J.**

18. GMACM was the loan servicer for the subject Loan.

19. The first payment on the Subject Loan was due May 1, 2008.

20. A total of four payments were made on the Subject Loan for payment due dates May 1, June 1, July 1, and August 1, 2008.

21. Of the four payments made on the account, two were made with funds drawn on the same joint bank account, in Plaintiff's name, to which the proceeds for the Subject Loan were originally wired.

22. The May 1, 2008 payment was in the form of a check, with funds drawn from the same joint bank account, in Plaintiff's name, to which the proceeds for the Subject Loan were originally wired. The check was dated April 28, 2008, and was made out to "GMAC" in the amount of $3,403.59. A true and correct copy of the check is attached as **Exhibit K.**

23. The June 1, 2008 payment was submitted with a mortgage payment coupon and made via "MoneyGram" money orders from MoneyTree dated June 15, 2008. The three money orders totaled $3,403.59. A true and correct copy of the money orders and payment coupon are attached as **Exhibit L.**

24. The July 1, 2008, payment of $3,540.55 was made via wire transfer on July 29, 2008, from the same joint bank account, in Plaintiff's name, to which the proceeds for the Subject Loan were originally wired. A true and correct copy of the wire transfer confirmation is attached as **Exhibit M.**

25. It is unclear how the fourth payment was made.

///

AFFIDAVIT OF JUAN AGUIRRE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

26.    A Substitution of Trustee was recorded in the official records of Clark County on December 10, 2008 as Instrument No. 2008-12100002834, naming Executive Trustee Services, LLC as the substituted trustee for Fidelity National Title, under the Deed of Trust. A true and correct copy of the Substitution of Trustee is attached as **Exhibit N**.

27.    GMACM had no contact with Plaintiff, SSAFE Mortgage, or Mountain View when the loan originated.

28.    Due to continued default by Plaintiff on his payment obligations under the Note and Deed of Trust, GMACM initiated foreclosure proceedings. A Notice of Default was recorded in the official records of Clark County on December 10, 2008, as Instrument No. 2008-12100002835 and a Notice of Trustee's Sale was recorded in the official records of Clark County on March 12, 2009, as Instrument No. 2009-100100001459. True and correct copies of the Notice of Default and Notice of Sale are attached as **Exhibits O and P** respectively.

29.    Plaintiff was properly notified of the trustee's sale, as required by statute.

30.    On April 14, 2009, Plaintiff contacted GMACM and claimed that his home loan was refinanced without his knowledge and that he was the victim of identity theft.

31.    That same day, on April 14, 2009, GMACM sent Plaintiff a letter advising that he would need to provide more information regarding the alleged identity theft to GMACM and that debt collection efforts would continue until all required documentation was provided. The requested information/documentation included a notarized affidavit, a copy of the police report, and proof of identification. A true and correct copy of GMACM's April 14, 2009 letter is attached as **Exhibit Q**.

32.    On April 28, 2009, GMACM received Plaintiff's response letter, dated April 20, 2009, and the requested information/documentation.

33.    Immediately after GMACM was notified of Plaintiff's allegations of identity theft, GMACM postponed the pending foreclosure sale in order to conduct an investigation. During that investigation, GMACM discovered that it appeared a false Nevada's Driver License was used to obtain the Subject Loan. The name and address on the false identification were the same as Plaintiff's. However, the Driver's License number did not match Plaintiff's and the photograph was

-5-

1  not of Plaintiff. True and correct copies of the fake Driver's License and Plaintiff's authentic

2  Driver's License are attached as **Exhibit R** and **S**, respectively.

3      34.    After Plaintiff submitted his April 20, 2009, letter to GMACM, GMACM was never

4  able to contact the Plaintiff regarding the allegation of identity theft, despite leaving phone messages.

5      35.    Moreover, the Las Vegas Metropolitan Police Department subsequently notified

6  GMACM that Plaintiff had stopped returning their phone calls regarding his claim of identity theft.

7      36.    On September 3, 2009, after more than four months with no contact from Plaintiff

8  despite leaving messages at his home, GMACM sent Plaintiff a letter advising him that GMACM's

9  investigation cannot progress if Plaintiff was not willing to cooperate with law enforcement. The

10 letter further advised Plaintiff that unless he contacted the Las Vegas Metropolitan Police

11 Department by September 15, 2009, GMACM's investigation into the allegations will be terminated

12 and all loan servicing activities would resume on his account. GMACM's letter also provided the

13 investigating detective's contact information. A true and correct copy of GMACM's September 3,

14 2009 letter is attached as **Exhibit T**.

15      37.    Despite GMACM sending Plaintiff letters and calling the Plaintiff leaving messages,

16 Plaintiff never contacted GMACM.

17      38.    However, five months after GMACM began its investigation into Plaintiff's

18 allegations of identity theft, Plaintiff's attorney called GMACM. GMACM attempted to contact

19 Plaintiff's attorney and returned his call and left messages with counsel's office on both September

20 16 and September 18, 2009.

21      39.    On September 24, 2009, GMACM sent Plaintiff a letter explaining that GMACM

22 found insufficient evidence to support Plaintiff's identity theft claim and that all loan servicing

23 activities would resume on his account. The letter also stated that if Plaintiff had additional

24 information and documentation pertinent to the matter, to send it to GMACM and it would be

25 reviewed and responded to accordingly. A true and correct copy of GMACM's September 24, 2009

26 letter is attached as **Exhibit U**.

27 /././

28

AFFIDAVIT OF JUAN AGUIRRE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION

40.    GMACM postponed the Trustee's Sale almost seven months to investigate Plaintiff's allegations of identity theft. The Notice of Trustee's Sale was originally recorded March 12, 2009. After GMACM found insufficient evidence to support Plaintiff's allegations, a new Notice of Trustee's Sale was recorded on October 1, 2009.

41.    By October 1, 2009, Plaintiff was more than 13 months behind on his monthly mortgage payment of $3,403.59.

42.    To date, GMACM has made escrow advances totaling $7,083.73 on Plaintiff's behalf to pay the property taxes and required hazard insurance.

43.    Plaintiff's counsel called GMACM on October 19, 2009, but because he was not an authorized party on the account, GMACM was unable to discuss Plaintiff's account at that time.

44.    On October 20, 2009, GMACM received written authorization to speak to Plaintiff's counsel. A true and correct copy of the written authorization is attached as **Exhibit V**.

45.    Then, on October 21, 2009, Plaintiff and a third party notified GMACM that a Temporary Restraining Order had been obtained from this court.

I declare under penalty of perjury under the laws of the State of Nevada, the foregoing is true and correct. Executed this 30th day of November 2009, at Dallas, Texas.



JUAN AGUIRRE

AFFIDAVIT OF JUAN AGUIRRE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

1   STATE OF TEXAS      )

2                        ) ss.

3   COUNTY OF Dallas   )

4

5   On November 30 , 2009, before me, Casedral Lajuan Adams , a Notary

6   Public in and for said State, personally appeared JUAN AGUIRRE personally known to me (or

7   proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are

8   subscribed to the within instrument and acknowledged to me that he/she/they executed the same in

9   his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the

10   person(s) acted, executed the instrument.

11   WITNESS my hand and official seal.

12

13   _Casedral Lajuan Adams_                      (This area for official Notary Seal)

     Notary Public

14

15

16

17                              CASEDRAL LAJUAN ADAMS

                             MY COMMISSION EXPIRES

18                              June 1, 2013

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF JUAN AGUIRRE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION

AFFIRMATION
Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document entitled **AFFIDAVIT OF JUAN AGUIRRE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER ("TRO") AND RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY THE TRO SHOULD NOT BE CONVERTED INTO A PRELIMINARY INJUNCTION** filed in or submitted for District Court Case number A576884

☒     **Does not** contain the personal information of any person.

-OR-

☐     Does contain the personal information of a person as required by:

    A.     A specific State or Federal law, to wit:

_____
(state specific law)

    B.     For the administration of a public program or for an application for a federal or state grant.

Dated: November 30, 2009 ·          PITE DUNCAN, LLP


                                    /s/ Heather Hudson
                                    HEATHER HUDSON
                                    Attorney for Defendant
                                    GMAC MORTGAGE, LLC