July 23, 2014

To:

The Honorable Martin Glenn
US Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House
1 Bowling Green
New York, New York  10004-1408

ResCap Borrower Claims Trust, Morrison & Foerster LLP
Attn: Norman S. Rosenbaum and Jordan A. Wishnew
250 West 55th St
New York, New York  10019

Office of the US Trustee for the Southern District of New York
US Federal Office Building
Attn: Linda A. Riffkin and Brian S. Masumoto
201 Varick St, Suite 1006
New York, New York  10014

ResCap Borrower Claims Trust, Polsinelli PC
Attn: Daniel J. Flanigan
900 Third Ave., 21st Floor
New York, New York  10022


Subject: Borrowers Claim Case No. 12-12020 (MG) Ronald and Elaine Nakamoto

References:
1. US Bankruptcy Court, Southern District of New York, "Notice of Hearing on ResCap Borrower Claim Trust's sixty-ninth Omnibus Objection to Claims (No Liability Borrower Claims)", dtd June 25, 2014
2. US Bankruptcy Court for the Southern District of New York Claim #1279 Filed 10/15/2012
3. "GMAC Mortgage, Proof of Claim #2, Basis of Claim" letter to ResCap, R. Nakamoto, dtd October 11, 2012
4. "Escrow Waiver for 8297 Bull Mountain Circle, Elk Grove, CA 95758: Account No. 0359167783" letter to GMAC, R. Nakamoto, dtd May 9, 2011
5. GMAC Mortgage letter, response to reference 4 letter, dtd 5/21/2011
6. "Hardship Letter" letter to GMAC, R. Nakamoto, dtd September 7, 2012

This letter is in response to reference 1.

Reference 2 provided the initial claim and the basis of the claim from the period Jan 2010 to October 2012. In summary, the basis of the claim follows;

1. Heritage Plaza Mortgage, Inc. originated the mortgage note account 20318069 with claimant at a five year fixed rate which would adjust after the fixed rate period for the duration of the loan. On January 2010 the fixed rate expired and the interest rate was adjusted from 5.75% to 3.5%. GMAC which assumed the mortgage note from Heritage Plaza as the servicer acknowledge the lower interest rate but failed to lower the monthly mortgage payment choosing instead to apply the balance to principal reduction. The negative cash flow/month since January 2010 of $592.27 to October 2012 (the date of reference 2 claim) was $20,137.18. The updated claim amount through July 2014 is $39,089.82.

2. The reasons for opposing the reference 1 motion for this claim follows; GMAC knew that the market value of the asset (property) for which they assumed the mortgage note had decreased in value and that the loan ($268,500) was in excess of the market value ($168,000). After the initial five year fixed rate expired GMAC established the current market interest rate (3.5%) but failed to lower the monthly mortgage payments to the interest only payment with escrow. Instead GMAC maintained the monthly payment and applied the excess to the principal loan amount. They did this unilaterally and in contrast to all other lenders we dealt with at that time in order to maintain revenue inflows at their highest levels while lowering the "at risk" capital on their company balance statements. Reference 3 documents my request to lower the mortgage payment and to eliminate the escrow collection with GMAC response (reference 4) indicating their refusal to do so since the "loan-to-value ratio of the property was below 70%". GMAC's defective practice of maintaining high mortgage payments without recourse except for default, creating financial hardship (reference 6) with the claimants warrants consideration of a valid liability claim.

Sincerely,

Ronald Nakamoto

B 10 Modified (Official Form 10) (12/11)

**Claim #1279  Date Filed: 10/15/2012**

### UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK — PROOF OF CLAIM

**Name of Debtor and Case Number:** Rescap, LLC   Case No. 12-12020 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Ronald and Elaine Nakamoto

**Name and address where notices should be sent:**
Ron Nakamoto
18650 Vista De Almaden
San Jose, CA 95120

**Telephone number:** 408-440-2330   **email:** ronandelaine@comcast.net

**Name and address where payment should be sent (if different from above):**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ 20,137.18
   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** See attached
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 1234
   **3a. Debtor may have scheduled account as:** Alison Tearnen
   **3b. Uniform Claim Identifier (optional):** _____

4. **Secured Claim** (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
   **Nature of property or right of setoff:** ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   **Value of Property:** $ 204,601   **Annual Interest Rate:** 3.5 %  ☑ Fixed  ☐ Variable (when case was filed)
   Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ _____
   Basis for perfection: _____
   **Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.
   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).
   **Amount entitled to priority:** $ _____
   *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
   Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
   $ _____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. **Signature:** (See instruction #9) Check the appropriate box.
   ☑ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Ronald Nakamoto
Title: _____
Company: _____
Address and telephone number (if different from notice address above): _____
Telephone number: _____   Email: _____

(Signature) R Nak___   (Date) 10/11/2012

RECEIVED  OCT 1 5 2012  KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

October 11, 2012

Subject: GMAC Mortgage, Proof of Claim #2, Basis of Claim

On May 9, 2011 I requested a waiver to the escrow payment preferring to pay it on my own. In this conversation I also asked to reduce the monthly mortgage payments as this was an interest only loan and the interest had dropped from 5.75% to 3.5% in January of 2010. This request was denied without legal rationale. My position is I applied and received a variable interest only loan and so when the interest rate was reduced the company should have reduced the monthly mortgage to that amount and not unilaterally changed the practice to maintaining the monthly payment and unilaterally applying the difference to reduction of the principal. So I am filing a claim for the principal reduction that has been applied since January 2010 of $592.27/month (the actual amount varied slightly/month). There are two remedies I would be interested in;

a. Credit the principal amount in cash to me.
b. Reduce the mortgage payment prospective to the interest only amount and eliminate the escrow amount.

Ronald Nakamoto

*[handwritten: ATTN: Escrow Waiver Dept]*

*[handwritten top right: Reference 3]*

May 9, 2011

Subject: Escrow Waiver for 8297 Bull Mountain Circle, Elk Grove, CA 95758; Account No. 0359167783

References:
1. GMAC Mortgage letter, subject: Escrow Analysis, dated March 7, 2011
2. Telephone conversation with GMAC, same subject, dated May 9, 2011

Reference 1 indicated an expected deficiency with escrow for 2011 and an increase in monthly mortgage payments. Reference 2 clarified the increase and provided guidance regarding a request to transfer future escrow payments to the undersigned property owners. Per reference 2 the criteria for transfer is based on; (1) good credit standing and; (2) current escrow balance. GMAC verified that I am compliant with (1) and accordingly, attached is payment in the amount of $1772.35 for May to satisfy (2).

In satisfaction of the above I am requesting transfer of future escrow payments consisting of property tax and insurance to the undersigned.

*[signatures]*

Ronald Nakamoto
Elaine Nakamoto

**GMAC Mortgage**

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

*Reference 5*

05/12/11

RONALD NAKAMOTO
ELAINE NAKAMOTO
18650 VISTA DE ALMADEN
SAN JOSE        CA 95120

RE:   Account Number:   0359167783
      Property Address:   8297 BULL MOUNTAIN CIRCLE

            ELK GROVE           CA 95758-0000

Dear RONALD NAKAMOTO
     ELAINE NAKAMOTO

This is in response to your request for removal of tax and insurance escrow on the above-referenced account.

We are unable to approve your request at this time. The items below marked with an X indicate the reason(s) your request has been denied.

( ) The account has been service released. Please contact your new servicer for current waiver instructions.

( ) The account does not include escrow for future payment of the requested tax and/or insurance items.

( ) The investor of the account requires maintenance of an escrow account for the life of the loan.

( ) There is private mortgage insurance (PMI) on the account. PMI must be cancelled before any escrow items can be removed. Please call 1-877-785-3599 to request a PMI cancellation instruction letter through our automated system.

( ) A minimum of 24 months payment history is required.

( ) There can be no payments received 30 or more days late in the 24 month period preceding the request.

05/12/11
Account Number: 0359167783
Page Two

(X) A loan-to-value (LTV) ratio of 70% of the original value is required.
    Original value is the lesser of the sales price or original appraised value.

( ) We cannot waive a portion of the escrowed tax or escrowed insurance items. ALL tax
    items or ALL insurance items must be waived.

The above-stated criteria are in compliance with specific state, federal, and investor
requirements and are subject to change without prior notice.

If you have any questions, please contact Customer Care at 800-766-4622 (Monday -
Friday 6:00 a.m. to 10:00 p.m., Saturday 9:00 a.m. to 1:00 p.m., Central Time).

Customer Care
Loan Servicing

3:82                                                                    ✓ 7/12 call

*Reference C*
*9/7/12*

Subject: Hardship Letter

This is a request for payment relief in the form of a refinance of the current mortgage loan for the property at 8297 Bull Mountain Circle, Elk Grove, CA 95758. This is a rental property.

The following circumstances are provided for your evaluation;

1. Rental income for this property is $1,450/mo while expenses are $1,940 which results in a negative cash flow of $480/mo or $5,880/ year and greater when the unit is not rented.
2. All other rental income is $6,979/mo while all other mortgage expenses are $22,114 resulting in an additional negative cash flow of $15,135/mo or $181,620/ year.
3. Income is lower from the time of the original purchase due to company downsizing. Early pension is $5,400/month, subsidized by deferred income of $22,000/month which will expire in five years.
4. The property is currently valued at $204,601 with a current mortgage of $255,672 which makes it difficult to refinance under normal qualification criteria.

*[signature]*

Ron Nakamoto



R. Nakamoto
1845D Vista De Almada
San Jose, CA 95120

7014 0510 0001 8667 7724

Honorable Martin Glenn
US Bankruptcy Ct for the Southern District of NY
Alexander Hamilton Custom House
1 Bowling Green
New York, New York 10004-1408