Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Avenue, 17th Fl.
New York, New York 10016
(212) 867-8165

Attorneys for Otis L. Collier, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re:                                    :   Chapter 11 Case No.
                                          :
RESIDENTIAL CAPITAL, LLC, *et al.*,       :   12-12020 (MG)
                                          :
                      Debtor.             :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE & OPPOSITION OF CLAIMANT, OTIS L.
COLLIER, JR., TO RESCAP BORROWER CLAIMS TRUST'S
SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS & REQUEST FOR
<u>OPPORTUNITY FOR DISCOVERY & EVIDENTIARY HEARING</u>**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Otis L. Collier, Jr., claimant herein ("Claimant"), by and through his attorneys, Starr & Starr, PLLC, for his *Response & Opposition of Claimant, Otis L. Collier, Jr., to Rescap Borrower Claims Trust's Sixty-Ninth Omnibus Objection To Claims & Request for Opportunity for Discovery & Evidentiary Hearing* (the "Response") (a) responds and opposes the Rescap Borrower Claims Trust's ("<u>RBCT</u>") *Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection"), pursuant to 11 U.S.C, §502(d) and Bankruptcy Rule 3007(d), seeking to disallow and expunge Claimant's proof of claim no. 5066 ("Claim No. 5066") filed on November 15, 2012, (b) requests an opportunity to conduct discovery with

respect to the evidence relevant to Claim No. 5066, and (c) requests an evidentiary hearing be held, and in support thereof respectfully represents as follows:

## BACKGROUND

1.  The Court is respectfully referred to the Declaration of Otis L. Collier, Jr. (the "Collier Decl."), dated as of August 1, 2014, filed concurrently herewith for the relevant factual background applicable to this matter.

## ARGUMENT

### A.  Burden of Proof in Claims Objections Motions

2.  A filed proof of claim is statutorily entitled to prima facie validity, and the objecting party bears the initial burden of producing sufficient evidence to rebut the claimant's prima facie case. In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990). To overcome this prima facie evidence, "an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The burden then shifts back to the claimant. "It is ultimately 'for the claimant to prove his claim, not for the objector to disprove it,'" and the claimant "must prove his claim by a preponderance of the evidence." In re G. Marine Diesel Corp., 155 B.R. 851, 852-53 (Bankr. E.D.N.Y. 1993) (*quoting* In re Gorgeous Blouse Co., 106 F. Supp. 465 (S.D.N.Y.1952)); *see also* Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.), No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12–13 (S.D.N.Y. Sept 26, 2013) (claimant must prove claim by a preponderance of the evidence).

### B.  RBCT's Asserted Basis for Objection to Claim No. 5066

3.  RBCT asserts in the Objection (at p. 2, ¶2) that:

[t]he Trust examined the proofs of claim identified on Exhibit A to the Proposed Order and determined that the proofs of claim listed on Exhibit A (collectively,

the "No Liability Borrower Claims") are not liabilities of the Debtors. This determination was made after the holders of the No Liability Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims. Accordingly, the Trust seeks entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims from the Claims Register.

4. RBCT further asserts that Claim No. 5066 is a Loan Modification Claim as such term is defined in ¶ 20(xiii) at page 15 of the Objection. RBCT asserts it is not liable with respect to the Loan Modification Claims on various grounds, such as that "the Debtors complied with applicable investor guidelines and policies governing loan modification" in the case of denials, or that "the Debtors administered or serviced the loan modification in accordance with the governing loan documents, the Debtors' servicing policies, and if applicable, investor guidelines and/or servicing agreements." *See* Objection at ¶ 20(xiii), pp. 15 -16.

5. RBCT is a trust established pursuant to the Debtors' confirmed chapter 11 plan to pursue various litigation, such as the claims objections brought pursuant to the Objection. RBCT did not play a role in the events giving rise to Claimant's claim and the witness upon which it relies in support of its Objection, Deanna Horst, lacks personal knowledge of the events giving rise to Claim No. 5066. Her declaration, dated as of June 25, 2014, with respect to Claim No. 5066 is essentially a "books and records" objection of the sort that essentially concludes that after review of GMAC Mortgage, LLC's ("GMAC") books and records available to RBCT a liability owed to Claimant is not evidenced.

### C. Response to Omnibus Objection

6. Claimant prepared and filed Claim No. 5066 on a *pro se* basis. *See* Collier Decl., ¶ 7.[1] Accordingly, Claim No. 5066 is not as artfully drafted as it might have been if Claimant

---

[1] A true copy of Claim No. 5066 is annexed to the Collier Decl. as <u>Exhibit A</u> thereto.

had the benefit of advice and counsel from an attorney, but it is sufficient to put the Debtors on notice of the existence of claims against them asserted by Claimant.  The basis of claim portion of Claim No. 5066 states ai ¶2 the following:  "MODIFICATION VS. STATE LAW, TRUE FAITH IN LENDING LAW, PHYSICAL AND MENTAL DISABILITY."

7. As explained in further detail in the Collier Decl. filed concurrently herewith, GMAC Mortgage, LLC ("GMAC") offered Claimant a loan modification which was illegal under applicable Texas law (for reasons that will be explained below in this Response).  *See* Collier Decl., ¶¶ 20 - 25.

8. For reasons that will be explained further below, GMAC engaged in illegal conduct under Texas law.  It is not at all surprising that RBCT's review of the Debtors books and records did not elucidate this as law breakers typically do not highlight their illegal conduct, but rather seek to cover it up.  Typically, illegal conduct in a corporate context comes to light either as a result of "whistleblowers" or investigation by government authorities or private parties in litigation.

9. RBCT's Objection is couched in anodyne and innocuous terms with respect to the "Loan Modification" objections (as such term is defined in the Objection).  But, the factual circumstances giving rise to Claimant's Claim No. 5066 are shocking and reprehensible.

a) <u>GMAC Violated Texas Law & Harmed Claimant in the Process</u>

10. Texas has a long history of carefully protecting family homesteads from foreclosure "by limiting the types of liens that can be placed upon homestead property." <u>LaSalle Bank Nat'l Ass'n v. White</u>, 246 S.W.3d 616, 618 (Tex. 2007).[2]  "Texas became the last state in

---

[2] Counsel for Claimant was engaged on short notice and intends to file and serve, and provide to the Court, a supplement Appendix of all non-bankruptcy authority cited herein, but due to time constraints will not be able to file it concurrently with the Response.

the nation to permit home-equity loans when constitutional amendments voted on by referendum took effect in 1997." *Id*. These loans allow homeowners "to use the equity in their home as collateral to refinance the terms of prior debt and secure additional loans at rates more favorable than those for consumer loans." *Id*. "Although home-equity lending is now constitutionally permissible, article XIV, section 50(a)(6) of the Texas Constitution still places a number of limitations on such lending." *Id*. For example, section 50(a)(6)(B) prohibits a Texas home equity loan from exceeding eighty percent of the fair market value of the homestead on the date of the extension of credit is made. In addition, section 50(a)(6)(L) prohibits temporary interest only payment unless such payments "equal or exceed the amount of accrued interest".

11. Section 50 of the Texas Constitution has been interpreted to provide for the "penalty of total forfeiture upon a noncompliant lender (unless the lender cures within sixty days after being notified by the borrower)." Hawkins v. JPMorgan Chase Bank, N.A., 2013 WL 443954, at *3 (W.D. Tex. Jan. 29, 2013) (appeal pending); *see also* Doody v. Ameriquest, 49 S.W. 3d 342, 345-46 (Tex. 2001); In re Adams, 307 B.R. 549, 553 (Bankr. N.D. Tex. 2004). However, even if a forfeiture occurs, a lender who has acted in good faith gets an equitable lien that leaves the borrower with essentially a life estate. *See* LaSalle Bank Nat. Ass'n v. White, 217 S.W.3d 573, 578 (Tex. App. - San Antonio 2006) *aff'd in part*, *rev'd in part*, 246 S.W.3d 616 (Tex. 2007) (lender forfeited for failure to cure, but equitable lien arose).

12. It should be noted that in the instant case an interest-rate reduction combined with a repayment plan (without interest) for past due sums was an option that would not run afoul of Section 50. While this was never offered to Claimant (*see* Collier Decl., ¶¶ 20 - 25), GMAC could have done so without violating Section 50 of the Texas Constitution.

13. Accordingly, GMAC was simply wrong as a matter of law in concluding summarily that it could not offer Claimant any modification. It is shocking and egregious after leading Claimant along, and diverting him away from other potential refinancing options at a time before his credit was impaired, that GMAC subsequently (approximately 11 months) later "pulled the plug" on any loan modification possibilities for Claimant. *See* Collier Decl., § 28.

14. Claim No. 5066 was inartfully drafted. However, it put the Debtors on notice of the existence of Claimant's claims against them prior to the expiration of the claims bar date in the Debtors' chapter 11 cases. The Claimant valued his claim by reference to his property located at 3201 Milburn Street, Houston, Texas 77021 (the "Property"), because Claimant is not an attorney and viewed the mortgage and his interactions with GMAC with respect to modification as all relating to the Property.

15. However, based upon discussions with the attorney he has now engaged, Claimant believes that he needs to seek leave of the Bankruptcy Court to amend Claim No. 5066 and to detail more completely his damages and how he was harmed. *See* Collier Decl., § 33.

16. Claimant believes he has claims against GMAC based on the following theories and/or causes of action: (a) breach of oral contact, (b) breach of implied covenant of good faith and fair dealing, (c) promissory estoppel, (d) fraud based on misrepresentation, (e) negligence, (f) unfair and deceptive business practices, (g) negligent infliction of emotional distress, (h) Truth in Lending Action (TILA) violations, (i) predatory and discriminatory lending practices, and (j) Fair Debt Collection Practices Act (FDCPA) violation. *Id*.

17. With respect to the proper amount of Claim No. 5066, the damages that Claimant believes he has suffered are (a) the current value of the Property which he anticipates he will lose through foreclosure and that he believes to be currently worth $250,000, and (b) additional

-6-

liability of GMAC to him of at least $750,000, inclusive of punitive damages, for the grounds explained in the prior paragraph.  *See* Collier Decl., § 35.  Accordingly, the proper value of Claim No. 5066 after amendment and allowance will be $1,000,000.

18.     GMAC's conduct in this matter has been reprehensible and it should be held to account.  GMAC knew or should have known at all times relevant to this matter that the loan modification it proposed was illegal under Texas law.  As between a large national corporation such as GMAC which at all times relevant to this matter had ample resources, and access to a variety of learned counsel, both in Texas and nationwide, and a 63 old disabled former Vietnam veteran who labored in the service of the United States Post Office for 23 years before separating from service due to his disability, it is beyond cavil that it is GMAC and not Claimant who should be responsible for GMAC's mistaken and illegal conduct with respect to modification of its loan.  The fact that GMAC is no longer the servicer of the mortgage for the property is irrelevant to this matter as the harm at issue all occurred while it was servicer.

[SPACE BELOW INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, the Claimant respectfully requests that this Court deny the Objection, or in the alternative, in the event that the Court is not prepared to deny the Objection, that Claimant be given the opportunity to conduct discovery in this matter and that an evidentiary hearing be held. In addition, Claimant respectfully requests such other and further relief that the Court deems just and proper.

Dated: New York, New York  
      August 1, 2014

STARR & STARR, PLLC

By: /s/ Stephen Z. Starr  
    Stephen Z. Starr  
    260 Madison Avenue, 17th Fl.  
New York, New York 10016  
tel.: (212) 867-8165  
fax.: (212) 867-8139  
e-mail: sstarr@starrandstarr.com