Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Avenue, 17th Fl.
New York, New York 10016
(212) 867-8165

Attorneys for Otis L. Collier, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                   :

In re:                         :        Chapter 11 Case No.
                                   :

RESIDENTIAL CAPITAL, LLC, *et al.*,   :       12-12020 (MG)
                                   :

             Debtor.    :    (Jointly Administered)
                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>DECLARATION OF OTIS L. COLLIER, JR.</u>

I, Otis L. Collier, Jr., declare as follows:

1.    I am over 18 years of age.  This declaration is based upon my own personal knowledge, except as to such matters stated upon information and belief, and as to such matters I believe them to be true.

2.    This declaration is being submitted in support of my response and opposition (the "<u>Response</u>") to the Rescap Borrower Claims Trust's ("<u>RBCT</u>") *Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "<u>Objection</u>").

## <u>BACKGROUND</u>

3.    I am 63 years old.  I worked for 23 years for the United States Post Office until I separated from service in April 2013 due to disability.  I am African-American.  I am also a veteran and served in the Vietnam War.  I do not receive veteran's benefits other than VA medical benefits.

4.      Due to my disability and the fact that my wife does not work, we are on a fixed income and the only income we currently receive is my disability income.

5.      In  the Objection RBCT has objected and seeks to expunge the proof of claim that I filed on November 15, 2012 against GMAC Mortgage, LLC, which has been assigned claim number 5066 ("Claim No. 5066") by Kurtman Carson Consultants, claims agent herein.

6.      A true and correct copy of Claim No. 5066 is attached hereto as Exhibit A.

7.      I prepared Claim No. 5066 representing myself *pro se* as my own attorney, and without the benefit of legal 1 and counsel from an attorney.

## A.    **The Property**

8.      I am the owner of a single family house located at 3201 Milburn Street, Houston, Texas 77021 (the "Property"), in which I reside with my wife.

9.      The property has a current tax assessor's appraised value of $147,430.   A true and correct copy of the 2013 Harris County Tax Assessor's Property Tax Statement is attached hereto as Exhibit B

10.       The property has an estimated value on Zillow (www.zillow.com) as of August 1, 2014 of $208,628.  As explained by Zillow on its website , a Zillow estimate or Zestimate® is "Zillow's estimated market value computed using a proprietary formula."  I believe based on other recent sales that have occurred in the neighborhood that the current value of the property is $250,000, and that is was less than that in prior years.

11.      The Property is subject to a mortgage.  RBCT provided[1] the following explanation of the history of the ownership of the mortgage on the Property, which for purposes

---

[1] *See* Exhibit A to proposed Order on the Objection, at p. 35 of 59.

of my Response I will assume to be true, however neither me nor my attorney have had an opportunity to independently verify this information[2]:

> Loan was originated by DecisionOne Mortgage Company on June 16, 2005. Residential Funding Company purchased the loan from DecisionOne. Debtors [i.e., GMAC Mortgage, LLC] transferred its interest when the loan was securitized in which US Bank, NA was appointed as Trustee on or about September 1, 2005. Debtor Homecomings Financial serviced the loan from September 15, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.

12.    In December 2009, I fell $6,368.36 behind in my mortgage payments because my wife was not working at that time and my disability benefits were not enough for me to catch up with payment arrears.

13.    I thought that the best way to rectify this situation would be to ask for a mortgage modification.

14.    I contacted my mortgage services, GMAC Mortgage, LLC ("GMAC") and was approved for a non-HAMP modification (i.e., a modification other than a Home Affordable Mortgage Program modification).

15.    In March 2010 started making the payment according to the modification terms agreed upon by GMAC.

16.    I made the modified payments for six (6) months was received a permanent modification.

17.    However, I never received the mortgage modification papers.

18.    I called GMAC to inquire about the status of my modification papers and was told that the modification papers had been returned by the Post Office to GMAC as "addressee

---

[2] I provide the foregoing history of the ownership of the mortgage to give the Court background information, but reserve all of my rights, including to challenge any factual inaccuracies in the quoted summary.

unknown." I maintain a Post Office Box with the Post Office at the following address: PO Box

1912, Houston, TX 77251-1912 (*see* "Assessed Owner" address on Exhibit B annexed hereto).

19.    Three month later I received a new set of mortgage modification paperwork from

GMAC, providing for a fixed interest rate of 5.5% and modified payment amount of $1,725.89.

A true and correct copy of the second loan modification papers I received, advising me that I was

approved for a modification, are attached hereto as Exhibit C.

20.    I advised GMAC that I needed a mortgage that would give my wife and I time to

recuperate from out loss of income, such as an adjustable rate mortgage for two to three years.

21.    I was informed that such mortgage would not be financially beneficial for the

company.

22.    As a Vietnam veteran I am eligible to obtain a V.A. mortgage. I informed GMAC

that I would seek to refinance the mortgage with a V.A. mortgage or F.H.A. mortgage. This was

in December 2010.

23.    A few weeks later I was contacted by GMAC and informed that they had worked

out a mortgage modification that was suitable for my finances. I waited to receive the loan

modification paperwork, but it never arrived. They had me fill out at least three financial

statements and provide those to them during this time. They kept telling me the modification

paperwork was coming but I never received it.

24.    Finally, in October 2011 I went to a symposium held by the Neighborhood

Assistance Corporation of America which is a non-profit, community advocacy and

homeownership organization (*see* www.naca.com). At the symposium I learned that GMAC

could not modify my mortgage in the manner they had proposed because Texas law does not

permit such modifications.

25.      When I later contacted GMAC in November 2011 they confirmed that GMAC could not modify my mortgage because Texas law does not permit such modifications of home equity loans.

26.      For almost a year during the period January 2011 through November 2011 I was told I would receive a loan modification, and then was told I could not.

27.      I made a complaint to the Consumer Financial Protection Bureau and received a letter, dated May 8, 2013, from the then current services Ocwen Loan Servicing, LLC ("Ocwen", a true copy of which is attached as Exhibit D.  The letter states, on page 2 in paragraphs 2 through 4, that GMAC received an updated financial analysis package from me in March 22, 2011 and then made a review to determine "if the mortgage loan was originated as an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution."  Ocwen then states, "As this mortgage loan was originated under this section GMACM [i.e., GMAC] was unable to offer a loan mofication."

28.      As indicated above, I was contacted by GMAC in late December 2010 and advised that they had worked out a mortgage modification that was suitable for my finances.   At that time I still had a reasonably good credit record and could have paid off the accrued arrearage even with a personal loan or credit line.  However, by the time I was advised that GMAC would not grant me modified loan as promised the accrued arrearage and my related deterioration in my credit meant that I would no longer be able to obtain a V.A. or F.H.A. loan.

29.      While I have not yet lost the Property in foreclosure and to date have held off foreclosure, I am advised that my current arrearage is now equal to or greater than the current fair market value of the Property.

30.     For the past three years I have been unable to live in peace for fear that at any

time I may lose my home because of my experience with GMAC.  If GMAC had not promised

me a modification I would not be in this position as I would have pursued other options that were

available to me at the time, but are no longer available to me (due to decline in my personal

credit and the increase in the arrearage).

31.     I have suffered from depression as a result of all this and have needed to seek

psychological treatment.

**B.**     **My Damages and Claim No. 5066**

32.     As indicated above, I prepared Claim No. 5066 representing myself *pro se* as my

own attorney, and without the benefit of legal advice and counsel from an attorney.

33.     Based on subsequent discussions with the attorney I now have, I believe that I

need to seek leave of the Bankruptcy Court to amend Claim No. 5066 and to detail more

completely my damages and how I was harmed.  I believe I have claims against GMAC based on

the following theories and/or causes of action: (a) breach of oral contact, (b) breach of implied

covenant of good faith and fair dealing, (c) promissory estoppel, (d) fraud based on

misrepresentation, (e) negligence, (f) unfair and deceptive business practices, (g) negligent

infliction of emotional distress, (h) Truth in Lending Action (TILA) violations, (i) predatory and

discriminatory lending practices, and (j) Fair Debt Collection Practices Act (FDCPA) violation.

34.     The damages I have suffered I believe are all unsecured and that there is no

collateral or security interest in property in GMAC that I hold or in which I have an interest that

secures Claim No. 5066.

35.     The damages that I have suffered are (a) the current value of the house that I will

lose which I believe I believe to currently worth $250,000, and (b) that GMAC has further

-6-

liability to me of at least $750,000, inclusive of punitive damages, for the grounds explained in the prior paragraph.

36.     The fact that GMAC is no longer the servicer of the mortgage on the Property, or that has filed bankruptcy, are not grounds for it to escape liability.

37.     GMAC's conduct in this matter has been reprehensible and it should be held to account.  GMAC knew or should have known at all times relevant to this matter that the loan modification they proposed was illegal under Texas law.

38.     Based on the foregoing I respectfully request that the Court deny the Objection and permit me to file an amended proof of claim.

[SPACE BELOW INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed at Houston, Texas on August 1, 2014.

By: _____
Otis L. Collier, Jr.

# EXHIBIT

# A

B 10 Modified (Official Form 10) (12/11)

Claim #5066  Date Filed: 11/15/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
OTIS L. COLLIER JR.

Name and address where notices should be sent:
OTIS L. COLLIER JR
3201 MILBURN STREET
HOUSTON, TX 77021-1128
Telephone number: 713 748-3131          email: OLCEEE@GMAIL.COM

Name and address where payment should be sent (if different from above):
N/A
Telephone number:          email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ 218,961.53

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges. MONTGOMERY VS. STATE LAW, TRUE FAITH LA, LENDING LAW, PHYSICAL & MENTAL DISABILITY

2. Basis for Claim: _____
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
.128  5132

3a. Debtor may have scheduled account as:
Alison Tearnen OTIS L DWA
(See instruction #3a)  COLLIER

3b. Uniform Claim Identifier (optional):
_____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ 126,000       Annual Interest Rate 5.5 % ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ 8,360.36          Basis for perfection: MORTGAGE MODIFICATE

Amount of Secured Claim: $ 243,885        Amount Unsecured: $ 128,815

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ N/A       (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

9. Signature: (See instruction #9) Check the appropriate box.
☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☒ I am the trustee, or the debtor, or   ☐ I am a guarantor, surety,
                        (Attach copy of power of attorney, if any.)   their authorized agent.   indorser, or other codebtor.
                                                                       (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: OTIS L. COLLIER JR       NOT SIGNED (PER SECTION 7)
Title: OWNER
Company: N/A              (Signature)        11/14/2012  (Date)
Address and telephone number (if different from notice address above):
N/A  N/A

Telephone number: N/A    Email: N/A

**RECEIVED**

NOV 15 2012

KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*



**GMAC** Mortgage

**CUSTOMER INFORMATION**

| | | **PROPERTY ADDRESS:** |
|---|---|---|
| Name: | Otis L Collier | 3201 MILBURN STREET |
| | | HOUSTON   TX 77021 |

Account Number:               9934
Home Phone #:               (713)748-3131

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

OTIS L COLLIER
PO BOX 1912
HOUSTON TX  77251-1912

| Customer Care Inquiries: | 1-800-766-4622 |
|---|---|
| Home Financing Needs: | 1-866-690-8322 |

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 9934 |
| Current Statement Date | March 08, 2010 |
| Maturity Date | June 21, 2035 |
| Interest Rate | 5.50000 |
| Current Principal Balance* | $219,422.00 |
| Current Escrow Balance | $1,074.42- |
| Interest Paid Year-to-Date | $2,015.87 |
| Taxes Paid Year-to-Date | $0.00 |

**For questions on the servicing of your account,
call 1-800-766-4622.**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $1,335.16 |
| Subsidy/Buydown | $0.00 |
| Escrow | $224.19 |
| National Union 800-316-5138 | $24.90 |
| National Union 800-316-5138 | $5.50 |
| Amount Past Due | $3,179.50 |
| Outstanding Late Charges | $1,444.46 |
| Other | $154.65 |
| Total Amount Due | $6,368.36 |
| Account Due Date | January 21, 2010 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PD SPEEDPAY FEE | 12/21/09 | 02/19/10 | $12.50 | | | | | | $12.50 |
| SPEEDPAY FEE | 12/21/09 | 02/19/10 | $12.50 | | | | | | $12.50 |
| Payment | 12/21/09 | 02/19/10 | $1,584.25 | $327.97 | $1,007.19 | $224.19 | $24.90 | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

Your special Repayment Plan request has been honored.  Your next installment due is  03/20/10
in the amount of  $4,748.21.

As a reminder, there are no grace days on repayment plans. Any questions
you have regarding this statement or your account may be directed to the number above.

**See Reverse Side For Important Information**

## Mail This Portion With Your Payment

| Account Number | Repayment Plan Due Date | Repayment Plan Payment Amount | Late Fee | Amount With Late Fee | Past Due Amount | Total Amount Due | **GMAC** Mortgage |
|---|---|---|---|---|---|---|---|
| 9934 OTIS L COLLIER | 03/20/10 | $4,748.21 | | | | | |

| Please assist GMAC Mortgage in applying your payment | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $   XXX |
| ADDITIONAL Escrow | $   XXX |
| Late Charge | $   XXX |
| Other Fees (please specify) | $   XXX |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 79135
PHOENIX AZ 85062-9135

**HARRIS COUNTY APPRAISAL DISTRICT**

*Mailing Address:*
**Information & Assistance Division**
P.O. BOX 922004
Houston, TX 77292-2004

**NOTICE OF APPRAISED VALUE**
**FOR PROPERTY TAX PURPOSES**
This is **NOT** a tax bill. Do **NOT** pay from this notice.

Tax Year: **2012**          *iFile* Number: ████8813

**www.hcad.org/iFile**

PROPERTY DESCRIPTION:          03/30/2012
LT 23 BLK 47
RIVERSIDE TERRACE SEC 8

Please use this ACCOUNT NUMBER →  ████0023
when inquiring about your property.

IIooIIooIoIoIIoIIIooIIoIIoIoIIoIoIoII

\*\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*3-DIGIT 772
2012 0611320470023 03/30/2012 0000056934  0
COLLIER OTIS L JR
PO BOX 1912
HOUSTON TX 77251-1912

PROPERTY LOCATION:
**3201 MILBURN ST**
**HOUSTON, TX 77021**

Dear Property Owner:

The Harris County Appraisal District (HCAD) is responsible for appraising all taxable property in Harris County as of January 1, 2012. In determining residential values, our appraisers looked carefully at market conditions around the first of the year in each of the several thousand "valuation neighborhoods" in the county. A valuation neighborhood is a distinct area in which properties and their associated amenities are similar.

During 2011, the residential market in Harris County continued to outperform much of the rest of the nation. Overall the Houston market ended the year with signs of improvement. Still, after considering all relevant information from the market, we found it necessary to reduce the market value of more than 30% of the single family homes, with about 60% of the home values remaining unchanged. Fewer than 10% of the residential properties in Harris County increased in market value for 2012.

There are also situations where the market value of a home may have decreased from last year, but the appraised value still increased because the 2011 appraised value was capped at less than the 2012 market value. In that circumstance, the law requires us to raise the appraised value of the home to the January 1, 2012 market value or by 10%, whichever is less.

After taking all available data into account, we appraised your property for January 1, 2012, as shown below. Additional information is summarized on the back of this letter.

**2012 Market Value: $147,430**          **2012 Appraised Value: $147,430**

If you believe the market value is not correct, we encourage you to file a protest with the appraisal review board. The quickest and least expensive way to do this is to file online at *www.hcad.org/iFile*. You will need the *iFile* number that appears in the upper right hand corner of this letter. The *iFile* number is a unique password for your account. Please keep it in a safe place. *We do not give this number out over the phone. Once you file, you will receive immediate* confirmation via email. If you protest the value of your residence using *iFile*, you may also be able to settle your protest online using HCAD's computerized *iSettle*™ system. While tax consultants generally charge a fee for their services, both *iFile* and *iSettle*™ are free services offered by the Harris County Appraisal District.

The early deadline for you to file a 2012 value protest is April 30, 2012. If you miss this date, you can still file until the final deadline of May 31, 2012 or 30 days after the date your notice was mailed, whichever is later.

Sincerely,

*Jim Robinson*

Jim Robinson
*Chief Appraiser*
Harris County Appraisal District

Enclosures:

See back for more information about your property.

201200020 0000056934

information about your property is printed below. The first table below provides a breakdown of your appraisal as of January 1 of the applicable year. If this property is your homestead and is subject to a cap on its appraised value, you will see a notation at the bottom of the jurisdiction able. This table also gives an estimate of the taxes you will pay if the taxing units adopt the same tax rates as last year. This is only an estimate. The jurisdictions listed below will determine whether your taxes increase when they set tax rates for the year. The appraisal district nly determines the value of your property. *The Texas Legislature does not set the amount of your local taxes. Your property tax burden is ecided by your locally elected officials, and all inquiries concerning your taxes should be directed to those officials.*

| THIS YEAR'S MARKET VALUE FOR ACCOUNT NUMBER 0611320470023 | | |
|---|---|---|
| Land Market Value | Buildings and Other Improvements | Total Market Value |
| 68,068 | 79,362 | 147,430 |

| APPRAISED VALUE | |
|---|---|
| Last Year's Appraised Value | This Year's Appraised Value |
| 147,430 | 147,430 |

| | JURISDICTIONS AND EXEMPTION INFORMATION | | | | |
|---|---|---|---|---|---|
| | Taxing Jurisdiction | Last Year's Value (after exemptions) | Exemptions Granted (see explanation of codes below) | This Year's Value after exemptions | Last Year's Tax Rate | Estimated Taxes |
| 001 | HOUSTON ISD | 95,444 | RES VT          51,986 | 95,444 | 1.156700 | 1,104.00 |
| 040 | HARRIS COUNTY | 110,444 | RES VT          36,986 | 110,444 | 0.391170 | 432.02 |
| 041 | HARRIS CO FLOOD CNTRL | 110,444 | RES VT          36,986 | 110,444 | 0.028090 | 31.02 |
| 042 | PORT OF HOUSTON AUTHY | 110,444 | RES VT          36,986 | 110,444 | 0.018560 | 20.50 |
| 043 | HARRIS CO HOSP DIST | 110,444 | RES VT          36,986 | 110,444 | 0.192160 | 212.23 |
| 044 | HARRIS CO EDUC DEPT | 110,444 | RES VT          36,986 | 110,444 | 0.006581 | 7.27 |
| 048 | HOU COMMUNITY COLLEGE | 125,187 | RES VT          22,243 | 125,187 | 0.097222 | 121.71 |
| 061 | CITY OF HOUSTON | 110,444 | RES VT          36,986 | 110,444 | 0.638750 | 705.46 |

he percentage difference between the 2007 appraised value of your property and the proposed 2012 appraised value is 4%.

 you receive the over-65 or disability homestead exemption, your school taxes for this year will not be higher than they were for the year in which you first received the exemption, unless you have made improvements to your home. If you improved your property by remodeling or adding on, your school taxes may increase for new improvements. If you are the surviving spouse of a person who was 65 or older at death and ou were 55 or older, at the time of death, you may retain the school tax ceiling.

 your property is totally located in Harris County, the Harris County Appraisal District is solely responsible for appraising it for 2012. However, if he county line runs through your property, HCAD will only appraise that portion of the property that is in Harris County. The appraisal district for he other county will appraise the portion located within that county.

n the event you decide to file a value protest, you are encouraged to do so online with *iFile*. Or, you may mail a written protest to the ppraisal review board using the enclosed form. If you file online, you may also be able to take advantage of our online *iSettle*™ ettlement process. The address for filing online is **www.hcad.org/iFile**, and you will need the *iFile* number that appears in the upper ight corner of the first page of this letter.

he appraisal review board will begin hearing 2012 protests on May 14, 2012, at 13013 Northwest Fwy, Houston, Texas, 77040. Other hearings re conducted year round.

Ve encourage you to call our office if you have concerns or come by for an individual meeting with an appraiser. Call (713) 957-7800 for more nformation. Initially our phones may be busy, but please be patient and continue to call. Once the Telephone Information Center answers, lease continue to hold as all calls are taken in the order received.

 **you applied for and have been granted general, over-65, or disabled homestead exemptions, they should appear in the appropriate olumns. If they do not, contact us immediately.**

n the event a protest or correction is filed on this account, we intend to use as part of our evidence any and all information included in this otice.

Exemption Codes: ABT = Abatement; DIS = Disability; HIS = Historical; LIH = Low Income Housing; OVR = Over-65; PAR = Partial Residential Homestead; PDS = Partial Disability; PEX = Partial Total; POL = Pollution Control; POV = Partial Over-65; PRO = Prorated; RES = Residential Homestead; SOL = Solar; STX = Surviving Spouse of Total Disabled Veteran; STT = Surviving Spouse Transfer of Total Disabled Veteran; SUR = Surviving Spouse Over-65; SSD = Surviving Spouse Disability; TOT = Total; VT = Disabled Veteran



Official Government Document
Produced by Harris County Appraisal District

File Review #: 21951-18916-A

| File Review: | 21951-18916-A |
|---|---|
| STATUS: | Notified |
| ASSIGNED TO: | Home Retention Dept. |
| INITIAL FEES: | NONE |
| LENDER: | DECISION ONE MORTGAGE CO |

Borrower:

```
*******************AUTO**3-DIGIT 770  T231  P1  21951-D1
OTIS COLLIER
3201 MILBURN ST
HOUSTON, TX 77021-1128
```

**************************************************
**This is NOT an attempt to collect a debt.**
**************************************************

Your property may qualify for mortgage relief. Our records indicate that prior attempts to notify you of your pre-qualified eligibility have not been successful. This relief program may allow you to modify the terms of your existing mortgage. You need to be informed of your rights, options and available solutions to protect your home and your credit.

| Loan Amount | Home Retention Dept. Phone Number | Loan Status | Property State |
|---|---|---|---|
| $243,885 | 1-888-593-5196 | **PRE-FORECLOSURE** | **TX** |

| Lender | Property Type | LTV% |
|---|---|---|
| **DECISION ONE MORTGAGE CO** | **SFR** | **118%** |

| File Review Number | Delinquent | Sale Date |
|---|---|---|
| 21951-18916-A | **NOD Notice** | **Pending** |

| Address | Issued By |
|---|---|
| OTIS COLLIER<br>3201 MILBURN ST<br>HOUSTON, TX 77021-1128 | **Home Retention Department**<br>**Program Director** |

| File Review Date | Program | Regarding |
|---|---|---|
| 10/18/2012 | **HAMP** | Loan ID#▉9533 |

You are urged to immediately contact 1-888-593-5196 to complete the pre-qualification process. Your case will be reviewed at once for one of the following:

> **Principal and Interest Reduction**
> **Delinquent Mortgage Payment Assistance**
> **Foreclosure Suspension**

You will not be contacted. This is your only notice to respond.

| For immediate assistance<br>**1-888-593-5196** | For Pre Qualification Verification<br>**www.legalmod.us/dlg** |
|---|---|



**NOTICE EXPIRATION DATE: 11/30/2012**

Office Hours: M-F 9:00am - 6:00pm PST
Disponibles en Español representes parlantes



Information was obtained from publicly available record sources. This legal advertisement is provided courtesy of DLG Legal & Brandon Gaines, 17304 Preston RoadSuite 800, Dallas, TX. 75252. DLG Legal employs and/or contracts with local attorneys when necessary or when required by law. Rates and terms subject to change without notice. Any expression of potential reduction in principal or payments does not constitute a guarantee of specific results. This product or service has not been endorsed by a government agency and this offer is not being made by any agency of the government. Do not delay, this situation requires swift action.

*See Reverse To Confirm By Fax*

www.advecor.com  ©2012  21951-D1

# EXHIBIT B

## MIKE SULLIVAN
### Tax Assessor-Collector

Search

PROPERTY TAX    VEHICLE REGISTRATION    PERMITS & SPECIAL TAXES    VOTER REGISTRATION

# 2013 PROPERTY TAX STATEMENT

Search

Search by Name

Search

## TAX RECEIPTS

Dec 31, 2013

Dec 28, 2012

Dec 30, 2011

Dec 27, 2010

HCAD

Save as PDF

Print Statement

Current Statement

5 Year Account History

| Account Number | Current As Of: | Assessed Owner |
|---|---|---|
| 061-132-047-0023 | July 22, 2014 | COLLIER OTIS L JR<br>PO BOX 1912<br>HOUSTON TX 77251-1912 |
| Supplement 01 | | |

| Property Description | Appraised Values | | Notes/Exemptions |
|---|---|---|---|
| 3201 MILBURN ST 77021<br>LT 23 BLK 47 RIVERSIDE TERRACE<br>SEC 8 .1503 AC | Land - Market Value: | 68,068 | Homestead & Veteran Exemption |
| | Impr - Market Value: | 79,362 | Our records indicate that your stateme<br>has been requested by a mortgage<br>company. |
| | Total Market Value: | 147,430 | |
| | Less Capped Mkt Value: | 0 | This combined bill includes your I.S.D |
| | Appraised Value: | 147,430 | |

| Taxing Jurisdiction | Exemption | Taxable Value | Tax Rate | Taxes |
|---|---|---|---|---|
| Houston ISD | 51,986 | 95,444 | 1.186700 | $1,132.6 |
| Harris County | 36,986 | 110,444 | 0.414550 | $457.8 |
| Harris County Flood Control Dist | 36,986 | 110,444 | 0.028270 | $31.2 |
| Port of Houston Authority | 36,986 | 110,444 | 0.017160 | $18.9 |
| Harris County Hospital District | 36,986 | 110,444 | 0.170000 | $187.7 |
| Harris County Dept. of Education | 36,986 | 110,444 | 0.006358 | $7.0 |
| Houston Community College System | 22,243 | 125,187 | 0.097173 | $121.6 |
| City of Houston | 36,986 | 110,444 | 0.638750 | $705.4 |

| | |
|---|---|
| **Total 2013 Taxes Due by January 31, 2014:** | **$2,662.5** |
| **Payments applied to 2013 taxes:** | **$2,662.5** |
| **Total Current Taxes Due:** | **$0.0** |
| **Prior year(s) taxes due (if any):** | **$0.0** |
| **Total Amount Due For July 2014:** | **$0.0** |

| Penalties for Late Payments | Rate | Current | Delinquent | Total |
|---|---|---|---|---|
| By February 28, 2014 | 7% | $0.00 | $0.00 | $0.0 |
| By March 31, 2014 | 9% | $0.00 | $0.00 | $0.0 |
| By April 30, 2014 | 11% | $0.00 | $0.00 | $0.0 |
| By May 31, 2014 | 13% | $0.00 | $0.00 | $0.0 |
| By June 30, 2014 | 15% | $0.00 | $0.00 | $0.0 |

Totals due may contain an additional section 33.07 collection penalty of 20%

IF YOU ARE 65 YEARS OF AGE OR OLDER OR ARE DISABLED AND THE PROPERTY DESCRIBED IN THIS DOCUMENT IS
YOUR RESIDENCE HOMESTEAD, YOU SHOULD CONTACT THE APPRAISAL DISTRICT REGARDING ANY ENTITLEMENT Y
MAY HAVE TO A POSTPONEMENT IN THE PAYMENT OF THESE TAXES.

Careers    Contact    Forms    Public Information Request

# EXHIBIT C

**GMAC** Mortgage

12/29/2010

OTIS L COLLIER

OTIS L COLLIER
PO BOX 1912
HOUSTON TX 77251

Re: Account Number      7439789934
                        3201 MILBURN STREET
                        HOUSTON TX 77021

Dear OTIS L COLLIER

**Congratulations!  Your request for a loan modification has been approved subject to the following:**
  -Receipt of your contribution in the form of certified funds
  -Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any attachments
  -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of  $ 1,725.07 in the form of certified funds, is due in our office by January 21, 2011.
- The interest rate is  5.50000%.
- The first modified payment begins February 21, 2011.
- **Modified payment amount**
  Principal and Interest        $ 1,356.33
  Escrow                        $  369.56
  **Total Payment**             **$1,725.89**
- If the Modification Agreement has notary provisions at the end:
  - Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary.
  - This document must be signed in the presence of a notary and (if applicable) other witnesses.
- If executing an ink signature (paper), all of the documents must be executed and the signatures must be exactly as the names are typed.  The signed and (if applicable) notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.
- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following permanent modification.  Any change would be proportionate to the modified loan amount, including any deferred balance, and would be reflected in a future escrow analysis following permanent modification.

The contribution and executed loan modification documents are due back by January 21, 2011.  Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

IMPORTANT!  The loan modification will not be complete until we receive all properly executed documents and the contribution amount.  If the modification is not completed we will continue to enforce our lien.  If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

**NOTICE**:  Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or if you have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may choose to pursue will be exercised against the property only.

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number:9923556
Custodian ID: W1

————————————————[Space Above This Line For Recorder's Use]————————————————

## NON-HAMP LOAN MODIFICATION AGREEMENT

      This Loan Modification Agreement ("Agreement") made this January 21, 2011 ("Effective Date") between OTIS L COLLIER          ("Borrower") and GMAC Mortgage, LLC, Lender\Servicer or Agent for Lender\Servicer, Mortgage Electronic Registration Systems, Inc. (Mortgagee) amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated June 16, 2005 and granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender\Servicer or Agent for Lender\Servicer), P.O Box 2026, Flint, Michigan 48501-2026, (888) 679-MERS, and if applicable, recorded  with Instrument Number  in Book and/or Page Number  of the real property records of  HARRIS County, TX and (2) that certain promissory note ("Note") dated June 16, 2005 in the original principal sum of  Two Hundred Four Thousand  Dollars and No Cents ($  204,000.00) executed by Borrower.    Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 3201 MILBURN STREET   HOUSTON TX 77021, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

      Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  Borrower acknowledges that as of the Effective Date, the amount payable under the Note   and Security Instrument (New Principal Balance) is $218,429.03.

2.  The Maturity Date is June 21, 2035.

3.  Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4.  Interest will be charged on the unpaid, non-deferred, 'New Principal Balance" until the non-deferred principal has been paid in full.  Borrower promises to pay interest at the rate of 5.50000% from January 21, 2011 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due.  The rate of interest I pay will change based upon Payment Schedule below.

5.  Borrower promises to make monthly principal and interest payments of $1,356.33, beginning on February 21, 2011, and continuing thereafter on the same day of each succeeding month, until all principal and interest is paid in full.

6.  If on June 21, 2035 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

7.  If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided for by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8.  It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been

changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9.  If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

12. By signing, I acknowledge that I have received the "Notice of Special Flood Hazard and Availability of Federal Disaster Relief Assistance" if my property is located in a Special Flood Hazard Area. I further acknowledge that I have received this notice in sufficient time to have the opportunity to become aware of my responsibilities under the National Flood Insurance Program and to purchase adequate flood insurance prior to the completion of this loan modification.

Identifier:7439785934    DocType:LSMIT

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

| | |
|---|---|
| Date | Witness |
| OTIS L COLLIER | |
| | Print |
| Date | |
| | |
| Date | Witness |
| | Print |
| Date | |

Mortgage Electronic Registration Systems, Inc as nominee for Lender

Date: _____

**LENDER ACKNOWLEDGMENT**

# EXHIBIT D



*Ocwen Loan Servicing, LLC*
*PO Box 780*
*Waterloo IA 50704-0780*
HELPING HOMEOWNERS IS WHAT WE DO! ™
OCWEN.MORTGAGEBANKSITE.COM

O C W E N

May 8, 2013


Ottis L. Collier
3201 Milburn Street
Houston TX 77021


RE:    Account Number        7439789934
       CFPB Case Number      130429-000945
       Property Address      3201 Milburn Street
                             *Houston TX 77021*


Dear Mr. Collier:

This letter is in response to electronic correspondence received by Ocwen Loan Servicing, LLC (Ocwen) on April 30, 2013, from the Consumer Financial Protection Bureau (CFPB) regarding the concern you directed to that office. Specifically, this is regarding the request for a loan modification.

As a result of the 2012 Chapter 11 Residential Capital, LLC bankruptcy filing, a portion of the servicing platform and certain related assets of GMAC Mortgage, LLC (GMACM) were sold to Ocwen effective February 16, 2013. As part of that sale, Ocwen acquired the servicing and records for this account. Ocwen's response is therefore based upon the account records acquired from GMACM as well as account records maintained by Ocwen.

GMACM records indicate a permanent loan modification was approved in June 2008. GMACM received signed permanent loan modification documents from you in July 2008. A copy of the signed permanent loan modification documents are enclosed for your records.

GMACM received a partially complete financial analysis package in February 2010 requesting a second loan modification on the account. Once GMACM received a complete financial analysis package, the account was reviewed for a loan modification under the Home Affordable Modification Program (HAMP). GMACM was unable to offer a loan modification under HAMP; however, a trial loan modification was approved under a non-HAMP (traditional) loan modification program.

The trial loan modification consisted of three payments in the amount of $1,725.07 due in May 2010, June 2010 and July 2010. You successfully completed the trial loan modification and GMACM approved a permanent loan modification. Permanent loan modification documents were mailed on July 13, 2010. The permanent loan modification documents were sent by regular mail as at that time your mailing address was a post office box and *Federal Express could not deliver to that address.*

In September 2010, GMACM records indicate you contacted them and advised that you did not receive the permanent loan modification documents. The account was reviewed again for accuracy and a permanent loan modification was approved on September 21, 2010 and updated loan modification documents were mailed by regular mail.

GMACM did not receive signed loan modification documents and in *December 2010, the account was again* reviewed and a permanent loan modification was approved. Documents were again mailed by regular mail. On January 12, 2011, GMACM records reflect you contacted them and advised that the permanent loan modification documents were received; however, you were not able to remit the required payment contribution of $1,725.07

May 8, 2013
Account Number 7439789934
Page Two

by January 21, 2011. GMACM did not receive signed permanent loan modification documents or the required payment contribution and the permanent loan modification was cancelled on March 4, 2011.

GMACM received an updated financial analysis package on March 22, 2011. Subsequent to the previous loan modification review, GMACM began to review accounts in Texas to determine if the mortgage loan was originated as an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. As this mortgage loan was originated under this section GMACM was unable to offer a loan modification.

The Home Equity law, Section 50(a)(6) of the Texas Constitution does not specifically permit or prohibit a modification of a home equity loan. However, there are provisions within the law that make it difficult, if not impossible, to modify a home equity loan.

A Texas home equity loan must be repaid in substantially equal successive periodic installments. The test is not that the payments must be substantially equal after the modification; it is that the payments must be substantially equal for the entire term of the loan. The majority of modifications are intended to reduce the monthly payment to an affordable amount. This is not possible for a Texas home equity loan.

As this verbiage is in your Note, the account was not eligible for a loan modification. A letter was mailed to you on March 25, 2011 (copy enclosed). Subsequent loan modification requests in August 2011 and December 2011 were denied due to the Texas Home Equity verbiage on the closing documents.

In your correspondence to the CFPB you claim that GMACM kept you from seeking another loan from another source. GMACM was unable to prevent you from discussing refinance options with any company. Your hardship letter (copy enclosed) you provided with the financial analysis package received by GMACM in February 2010 stated that you had attempted to refinance but had issues with your mortgage broker and had "lost considerable equity in my house and could not get an appraisal to match the amount I already owed on my house." By your letter, you had already explored refinancing prior to contacting GMACM in February 2010 for a second loan modification.

If you wish to discuss other options, such as a short sale or deed-in-lieu of foreclosure you may contact Ocwen at 800-850-4622. You may want to seek advice regarding your next steps. We suggest you call 800-CALL-FHA (800-225-5342) to locate a HUD-certified housing counseling agency. You may also want to call 888-995-HOPE (888-995-4673) to request assistance from a HUD-approved housing counselor.

As of the date of this letter, the account is past due for the May 21, 2010 and subsequent payments and is in foreclosure; however, a sale date is not currently scheduled.

I trust that this letter addresses any concerns you may have with this matter. If you have any further questions, please contact me at 800-627-0128, option 2, extension 2365373 or directly at 319-236-5373.

Sincerely,

Bryan Duggan
Executive Account Manager

Enclosures

cc:    Consumer Financial Protection Bureau
         Submitted Electronically

Ocwen Loan Servicing, LLC is a debt collector attempting to collect a debt: any information obtained will be used for that purpose.