| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: August 26, 2014<br>Hearing Time: 10:00A.M |
| | **RELATED TO DOC NO. 7036** |
| | Case No.: 12-12020 |
| In Re: | (Chapter 11) |
| RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtors | Assigned to:<br>Hon. Martin Glenn<br>Bankruptcy Judge |

# OBJECTION TO MOTION TO EXTEND THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED

Dated: August 4, 2014         Phillip Robinson
Silver Spring, MD              Consumer Law Center LLC
                               8737 Colesville Road, Suite 307
                               Silver Spring, MD  20910
                               Phone (301) 637-6270
                               Email: phillip@marylandconsumer.com


                               *Counsel for Creditor Kevin J. Matthews*
                               *and Admitted Pro Hoc Vice*

1

Creditor Kevin J. Matthews ("Matthews"), by his undersigned counsel, hereby notes his limited objection to the ResCap Liquidating Trust's Motion to Extend the Date by Which Objections to Claims Must be Filed (Doc. 7306) and says in opposition to the motion:

1. ResCap has requested that the Court permit it another nine months to complete its anticipated objections to the proofs of claim which it has had nearly two years to already review and investigate.

2. Matthews objects to the general request requested by the Trust without any conditions and adopts many of the observations and concerns advanced by the Court at a hearing held at 10:00AM on July 30, 2014 concerning and related to Matthews' proof of claim and the Trust's objection to it (which likely applies to many other claims before the Court).

3. Matthews requests that the Court require the Trust to establish an alternative dispute resolution process to wrap up the remaining claims it seeks to resolve without having to present to the Court and other parties with multi-paged memoranda, discovery, and evidentiary hearings which simply drive up legal expenses of the Trust and utilizes the Court's and parties resources which might be better spent on cooperative mediation/resolution.

4. Matthews and his counsel are prepared to serve on any work-group to aid in this process and is sure other counsel and borrower creditors would do the same.

5. Matthews also requests that the Court require the Trust present regular progress reports to creditor borrowers to understand where it stands in relation to its goals and objectives.  The lack of clear, concise information on the work-plan of the Trust further exasperates an already difficult situation for creditor borrowers who find it difficult to understand the bankruptcy process in this action which involves over 7000 docket entries alone.

6. No parties will suffer any undue prejudice by placing certain conditions on the relief requested by the Trust in its motion.

WHEREFORE, for good cause shown, Matthews partially objects to the ResCap Liquidating Trust's Motion to Extend the Date by Which Objections to Claims Must be Filed (Doc. 7306) and asks the Court to condition any further extension of the objection deadline on the Trust's ability to establish an ADR process to resolve remaining claims wherever possible and improve its communications with the creditor borrowers in bringing this action to a conclusion.

Respectfully Submitted,

//ss//

Phillip Robinson
Consumer Law Center LLC
8737 Colesville Road, Suite 307
Silver Spring, MD  20910
Phone (301) 637-6270
Email: phillip@marylandconsumer.com

*Counsel for Creditor Kevin J. Matthews
and Admitted Pro Hoc Vice*