Karen Michele Rozier
7957 Dahlia Circle
Buena Park, CA 90620
(410) 458-3772
*Without Assistance of Counsel*

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re RESIDENTIAL CAPITAL, LLC et. al, <br> Debtors. | ) Judge Hon. Martin Glenn, Presiding <br> ) <br> ) Case No. 12-12020 (MG) <br> ) <br> ) Chapter 11 <br> ) <br> ) **CLAIMANT'S OPPOSITION TO DEBTOR** <br> ) **LIQUIDATING TRUST'S MOTION TO EXTEND THE** <br> ) **DATE BY WHICH OBJECTIONS TO CLAIMS MUST** <br> ) **BE FILED [Doc 7306]; REQUEST FOR PAYMENT OF** <br> ) **CLAIMS AND SANCTIONS OF $750** |

RECEIVED AUG - 4 2014 U.S. BANKRUPTCY COURT, SDNY

**COMES NOW THE RESCAP LIQUIDATING TRUST ("the Liquidating Trust")** requesting relief from the court without properly noticing and serving the major affected parties or in any way attempting to communicate with the Claimant, who has the second largest yet-unopposed remaining claim in the bankruptcy. Claimant has been an active participant in these proceedings [6173, 6199, 6479, 6519, 6529, 6597, 6861, 7004, 7028, 7047, 7050, 7055, 7180] so Debtors and their Liquidating Trust agent cannot legitimately claim they are unaware of Claimant's demands or request for prompt resolution. Instead, Debtors, through their agent the Liquidating Trust, asking for the Court from relief from the agreed-upon Chapter 11 confirmed Plan. Debtors had ample time to attempt to circumvent the plan[1] and now seeks to be rewarded with a nine-month extension.

Claimant begs the Court to deny their motion and order them to follow the approved Confirmation Plan or in the interim, to allow the remaining Claimants to vote on a new Plan. Additionally Claimant asserts that

---

[1] BORROWER CLAIMS TRUST'S MOTION PRESENTMENT OF MICHALE J. TALARICO AS AN EXPERT BY DECLARATION [Doc 7036]

Pg 2 of 5

Debtors admit they are not going to oppose her claims. As such this Claimant is not just asking on behalf of herself (since her unopposed claim is not unresolved) but on behalf of all other similarly situated Claimants who are ignorant of the Liquidating Trust's sneaky request. Claimants grudgingly agreed to the pay-out schedules believing this ordeal would be over in January-February 2014 and unenthusiastically accepted the court's ruling that Debtors would have until September 13 2014 to object an additional 270-days. If Claimants are going to be forced to endure an almost full year's delay, they should be entitled to more compensation. Claimant objects on two grounds:

(1) Failure to Serve

(2) Material Breach of the Confirmation Plan/ No Due Cause


### I. Failure to Serve

1. In accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [Docket No. 141] Under paragraph 6 Special Service Rules, subparagraph (d), "Filing relating to approval of a proposed compromise or settlement shall be served on each entity that is a party to the compromise and settlement". In its Motion, the Liquidating Trust writes:

   > NOTICE Para 21. Pursuant to the Notice, Case Management, and Administrative Procedures approved by the Court (the "Case Management Order") [Docket No. 141], notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Case Management Order) **and to all claimants with Unresolved Claims.** (emphasis added)

2. The Liquidating Trust has not served Claimant with the motion or notice of motion as of the date of this opposition. No agent for Debtor has made any effort to negotiate any reduction in claim with Claimant. As such, the court must conclude that her claims have been resolved. Since the Liquidating

Trust has also not opposed her claims as yet, the Court should conclude that the resolution was in favor of Claimant.

## II. Material Breach of the Confirmation Plan/ No Just Cause

3. It would be prejudicial to allow the Liquidating Trust this relief without them demonstrating that they are not just dragging their feet on the most difficult claims in order to escape having to pay their debts. In its lengthy 20-page request, it does not mention its attempts to circumvent the Plan, most recent its request to estimate the remaining claims at 1-2 pennies on the dollar to avoid having to defend against them. That motion was heard on June 26, 2014, opposed vigorously despite Debtors failure to timely serve Claimants, and withdrawn on July 3, 2014 [Doc 7225]

4. Debtors have repeatedly maintained that it had until September 15, 2014 to object to or accept claims. [e.g. Doc 6706, page 2] Claimant objected but was barred from contacting the court until the deadline, September 15 2014[2]. Now comes the Debtors and Liquidating Trust asking for a lengthy delay without notifying Claimants. Surely they knew *this* Claimant would oppose the request. As the holder of the second largest and yet unopposed claim in the bankruptcy [Claim 4738 for almost $100M] Claimant was entitled to Notice. The Liquidating Trust has clearly analyzed Claimants two claims as it has characterized them as "outrageous" all while failing to oppose them. Claimant asserts that her demands have always been reasonable and that the Liquidating Trust is dragging the litigation out hoping it can outlast the Claimants. The Liquidating Trust's sneaky request is in bad faith. Sanctions are in order.

5. In its request Debtors cite *In re Gen. Mar. Corp.*, No. 11-15285 (Bankr. S.D.N.Y. May 13, 2014) (extending claims objection deadline by cumulative period of approximately thirty months from plan effective date) In contrast to this bankruptcy, the Debtors and Claimants in that case were in agreement as to the benefits provided by the Agreement. In this case at least one Claimant – this

---

[2] ORDER DENYING KAREN MICHELE ROZIER'S MOTION FOR RECONSIDERATION, Doc 7210

Claimant – does not believe the agreement provides any benefit and the Debtors have made no effort to prove otherwise.

### III.     AN IMMEDIATE ORDER FOR PAYMENT OF CLAIMS 4738 AND 5632 IS DUE

6. Debtors wrote : "notice of this Motion has been given ... and to all claimants with Unresolved Claims." Debtors did not provide any notice of the Motion to Claimant for either Claim 4738 or Claim 5632. As such the Court should conclude these claims are resolved. Debtors have not included either of these claims on any Omnibus objection. The Court must conclude that resolution was in Claimant's favor.

### IV     PRAYER

For the above reasons, Claimant respectfully requests that the court deny the Debtors' Liquidating Trust Motion for an extension of time and order them to pay the resolved and unopposed claims 4738 and 5632. Claimant has been harmed.  Her life has been in turmoil since Debtor GMAC Mortgage, LLC wrongfully stopped accepting her payments in 2008 and Debtors Executive Trustee Services, LLC and Residential Funding Company attempted to cover-it up with a non-judicial foreclosure.  She is entitled to relief no later than September 15, 2014 as agreed if not immediately. Additionally, Claimant requests sanctions of $750 against the Liquidating Trust for bringing this frivolous motion forward and failing to serve all affected parties.

Dated: July 31, 2014

Karen Michele Rozier

CLAIMANT'S OPPOSITION TO LIQUIDATING TRUST REQUEST FOR EXTENSION - 4

## PROOF OF SERVICE

Case 12-12020 (MG) In re Residential Capital, LL

I am a resident of the State of California. I am over the age of 18 and not a party to the within action. My business address is 7957 Dahlia Circle, Buena Park, CA 90620.

- **CLAIMANT'S OPPOSITION TO DEBTOR LIQUIDATING TRUST'S MOTION TO EXTEND THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED [Doc 7306]; REQUEST FOR PAYMENT OF CLAIMS AND SANCTIONS OF $750**

On all interest parties in this action by regular electronic mail as follows:

Counsel to the Debtors
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
lnashelsky@mofo.com
glee@mofo.com;
lmarinuzzi@mofo.com

Office of the United States Trustee
Tracy Hope Davis
Office of the United State Trustee
201 Varick Street, Suite 1006
New York, NY 10004
Tracy.Davis2@usdoj.gov;
Linda.Riffkin@usdoj.gov
Brian.Masumoto@usdoj.gov

Counsel to the Official Committee of
Unsecured Creditors
Kenneth H. Eckstein
Douglas H. Mannal
Joseph Shifer
Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
keckstein@kramerlevin.com
tmayer@kramerlevin.com
jshifer@kramerlevin.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2014

David E. Rozier, Sr