# EXHIBIT

# G

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA  90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Jessica Angel Quiroz
Ramon Quiroz
89-37 Metropolitan Ave
Rego Park, NY 11374

## PROOF OF CLAIM CONFIRMATION

Your proof of claim filed against **Residential Capital, LLC,**
case no **12-12020** was received on **11/8/2012**
and assigned claim number **4413**

For more information, please visit **www.kccllc.net/rescap** or call 1-888-251-2914

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Jessica Angel Quiroz Ramon Quiroz**

Name and address where notices should be sent:
**89-37 Metropolitan Ave Rego Park NY 11374**

Telephone number: 3478768759   email: rayorlando10@gmail.com

Name and address where payment should be sent (if different from above):
**Ramon Quiroz 89-37 Metropolitan Ave Rego Park NY 11374**

Telephone number: 7182752192   email: rayorlando10@gmail.com

☑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** 4413
*(If known)*

Filed on: July 21, 2014

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ **522.000**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** WRONGFUL DEATH UNSECURE MORTGAGES SECOND MORTGAGE CREDIT CARD DEBTS
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
3913

**3a. Debtor may have scheduled account as:**
4413
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ **400.000**   Annual Interest Rate **5.5** %  ☐ Fixed ☑ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ **522.000+45.000+15.000**

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.   $ **582.000**   (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.
☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)  their authorized agent.  indorser, or other codebtor.
(See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Ramon Quiroz
Title: Autorized Agent
Company:
Address and telephone number (if different from notice address above):

July 21, 2014

(Signature)   (Date)

Telephone number: 7182752192   Email: rayorlando10@gmail.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ **5.000.000**

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

COURT USE ONLY

B 10 Modified (Official Form 10) (12/11) cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

### _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/ResCap.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# EXHIBIT

# H

CERTIFICATE OF TITLE ISSUED BY

# STEWART TITLE®

## INSURANCE COMPANY

**Title Number** DR-18147-Q-2004

Certifies to the proposed insured named in Schedule A that an examinaiton of title to the premises described in Schedule A has been made in accordance with its ususal procedure and agrees to issue its standard form of title insurance policy in favor of the proposed insured, covering premises described in Schedule A, in the amounts hereinafter set forth, insuring the fee and/or mortgage and the marketability thereof, after the closing of the transaction in conformance with procedures approved by the Company excepting (a) all loss or damage by reason of the estates, interests, defects, objections, liens, encumbrances and other matters set forth herein that are not disposed of to the satisfaction of the Company prior to such closing or issuance of the policy (b) any question or objection coming to the attention of the Company before the date of closing or if there be no closing, before the issuance of said policy.

This Certificate shall be null and void (1) if the fees therefor are not paid (2) if the prospective insured, his attorney or agent makes any untrue statement with respect to any material fact or suppresses or fails to disclose any material fact or if any untrue answers are given to material inquiries by or on behalf of the Company (3) upon delivery of the policy. Any claim arising by reason of the issuance hereof shall be restricted to the terms and conditions of the standard form of insurance policy. If title, interest or lien to be insured was acquired by the prospective insured piror to delivery hereof, the Company assumes no liability except under its policy when issued.

**D.R. ABSTRACT INC.**
**38-50 Bell Boulevard**
**Bayside, New York 11361**
**Tel (718) 747-1200**
**Fax (718) 423-5373**

**STEWART TITLE®**
INSURANCE COMPANY

## NORMAN L. HOROWITZ, ESQ.

President

Secretary

Countersigned: _____
Authorized Signature

## Schedule A

Title Number:  **DR-18147-Q-2004**                    Effective Date: **04/01/2004**

| | |
|---|---|
| Premises | **89-37 Metropolitan Avenue, Rego Park** |
| Town/Village/City | |
| County | **Queens** |

                                        Block **3176**        Lot **13**

ALTA Owner's Policy 1992 (with N.Y. Endorsement Modifications)    $        ~~450,000.00~~  443,500

Proposed Insured  **Ramon Quiroz**

ALTA Loan Policy 1992 (with N.Y. Endorsement Modifications)        ~~360,000.00~~ — 354,800.00  +88,700.00

Proposed Insured  **WMC DIRECT, its successors and/or assigns**

                                                                            WHC Mtg Corp.

                                                                            ~~90,000.00~~

The estate or interest in the land described or referred to in this Certificate and covered herein is: **Fee Simple**

Title to said estate or interest in said land at the effective date hereof is vested in:

**SANTO CRUPI and SUSAN CRUPI, His Wife**

Source of Title:

**Who acquired title from MAE KOCH f/k/a MAE FEIST by deed dated 06/13/69 and recorded 06/17/69 in Liber/Reel 331 page 19.**

Recertified Date: _6/23/04_                    Title Recertified In:  Ramon Quiroz, Helen Quiroz and Jessica Angel Quiroz by deed dated 6/23/04

The land referred to in this Certificate is described as follows:

### SCHEDULE "A" DESCRIPTION TO FOLLOW

## Schedule A Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Second Ward, Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Williamsburgh and Jamaica Turnpike (now called Metropolitan Avenue) distant 306.47 feet easterly from the corner formed by the intersection of the northerly line of Metropolitan Avenue and the southeasterly side of Cooper Avenue (old line);

RUNNING THENCE northerly at right angles with Metropolitan Avenue, 100 feet;

THENCE easterly parallel with said Metropolitan Avenue, 22 feet;

THENCE southerly again at right angles with said Metropolitan Avenue and part of the distance through a party wall, 100 feet to the said northerly side of Metropolitan Avenue; and

THENCE RUNNING westerly along said northerly side of Metropolitan Avenue, 22 feet to the point or place of BEGINNING.

Said premises being known as # 89-37 Metropolitan Avenue, Forest Hills, New York.

TOGETHER with an easement or right of way over the most easterly 3 feet 10 inches of the lot adjoining on the above premises on the west thereof for a distance of 80 feet from Metropolitan Avenue to be used as a driveway.

SUBJECT, however, to the right of the owners of the lot adjoining the above described premises on the west thereof to use the most westerly 3 feet 10 inches of the premises above described as a driveway extending for a depth of 80 feet from Metropolitan Avenue.

**Schedule B**

Title Number:   **DR-18147-Q-2004**

Hereinafter set forth are additional matters which will appear in our policy as exceptions from coverage unless disposed of to our satisfaction prior to the closing or delivery of the policy.

1.   Rights of tenants or persons in possession.

2.   Taxes, tax liens, tax sales, water rates, sewer and assessments set forth in schedule herein.

3.   Mortgages returned herein ( One ) to be disposed of.

4.   Subject to any state of facts which an accurate survey might show (Survey to Follow).

5.   Covenants, conditions, easements, leases, agreements of record, etc. more fully set forth: (See attached)

6.   Right of Way, as contained in instrument recorded in Liber 2682 Cp. 172 (See Attached).

7.   Application shows owner to be SUSAN CRUPI only, while title is certified as found. Proof of death of SANTO CRUPI, a former owner and one of the grantees in the deed recorded in L. 6131 P. 219 is required. The following must be submitted:

   a.   Copy of death certificate;

   b.   Affidavit from a family member other than the surviving spouse stating that at the time of death the parties were still married and the marriage has not been terminated by divorce, separation or otherwise.

8.   Full searches were run against SUSAN and SANTO CRUPI, record owners herein, and no returns found of record.

9.   Proof required that SUSAN CRUPI has been known by no other name for the past ten years.

10.   One (1) Judgment filed against RAMON QUIROZ, proposed grantee herein, to be duly disposed of (See Attached).

11.   In the absence of a properly guaranteed survey, the Company will not certify as to the location nor the dimensions of the boundary lines of the within described premises on all sides.

12.   For information Only: If a POWER OF ATTORNEY or PRESIGNED DOCUMENT is to be used in connection with the transaction, an affidavit attesting to the fact that the donor of the said Power or the signor of said document is alive and consents to the transation is required and WILL NOT (under any circumstances) be taken from a party to said transaction or from the attorney-in-fact.

13.   All municipal departmental searches are FOR INFORMATION ONLY. They are not insurable items and this company assumes no liability for the accuracy. Municipal Departmental searches ARE NOT continued to the date of closing.

14.   NOTE: photo identification must be submitted at closing. ONLY Government issued photo identification (i.e. driver's license, passport, birth certificate) will be acceptable by this company.

Continued On Next Page

## Schedule B

Title Number:   **DR-18147-Q-2004**

15.   NOTE:  closing dates must be called in 48 hours in advance; this will avoid delays and inconveniences at the time of closing.

16.   NOTE:  Bank requirements for impending taxes must be submitted at or prior to closing.

17.   All satisfactions or assignments presented at closing must be accompanied by the original note and mortgage and originals of all prior assignments.

18.   All payoff letters must be verified with mortgage or record.

19.   Upon satisfaction of a privately held mortgage, all mortgagee are required to appear at closing and execute the satisfaction, and to present the original loan documents.

20.   NOTE:  company will not accept personal uncertified checks or payment of any of its closing charges or fees in an amount greater than $1,000.00 nor personal checks of the Seller in any amount without prior authorization from an Officer of this Company.

21.   No escrows will be held for any Parking Violation Bureau Judgments docketed against the sellers and/or mortgagors.  At closing, certified or bank funds must be tendered in payment of outstanding Parking Violation Bureau Judgements.  the company can be contacted at least seven (7) days prior to closing to obtain a pay-off figure, which will be good for twenty-one (21) days from the requested closing date.

22.   If a credit Line Mortgage herein is to be paid off at closing than a written statement from the mortgagee indicating the balance and that the account is either closed or frozen must be presented.  Failure to provide this statement may cause the closing to be adjourned.

23.   NOTE:  If this is a refinance within ten years, you may be entitled to a reduced premium, contact this company immediately for details.

24.   The policy DOES NOT insure against any charges due the City of new York for the department of Rents and Housing Maintenance, the Department of Environmental Protection for water tap closing, the Department of Health or any other city agency unless said liens are listed in the records of department of Finance  or the county Clerk's Office prior to closing. This is required due to the inability to search for these liens because of the new York city's failure to properly file notices of these charges.

NOTE: Closers are under no circumstance permitted to omit this exception from the owner's policy.

25.   If the premises is services by a water meter, a final water meter reading must be obtained and a bill for meter charges submitted at the time of closing.  If the bill is not submitted at closing, policy will except all meter charges from the last date reading.

NOTE:  To obtain bill contact:
The Department of Environmental Protection
Bureau of Water and Energy conservation
59-17 Junction Boulevard

Continued On Next Page

After Recording Return To:
WMC MORTGAGE CORP.

6320 CANOGA AVE 8TH FLOOR
WOODLAND HILLS, CA 91367

---

[Space Above This Line For Recording Data]

SERV #: 10985121

QUIROZ
Loan #: 10985121
PIN #: 17/3176/13/1
MIN:  100136300109851211

# MORTGAGE

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument." This document, which is dated   June 23, 2004                    together
with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower."   RAMON QUIROZ AND HELEN QUIROZ AND JESSICA ANGEL QUIROZ

whose address is    89-37 METROPOLITAN AVENUE, REGO PARK, NY 11374

sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this
Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender."   WMC MORTGAGE CORP.

will be called "Lender." Lender is a corporation or association which exists under the laws of
CALIFORNIA                          . Lender's address is   P.O. BOX 54089 LOS
ANGELES, CA 90054-0089
(E) "Note." The note signed by Borrower and dated    June 23, 2004          will be called the "Note."
The Note shows that I owe Lender
**Three Hundred Fifty-Four Thousand Eight Hundred And 00/100**
Dollars (U.S.$  354,800.00              ) plus interest and other amounts that may be payable. I have
promised to pay this debt in Periodic Payments and to pay the debt in full by    July 1, 2034

NEW YORK—Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3033 1/01
DOCUKNY1                                  *(Page 1 of 15 pages)*
DOCUKNY1.VTX 11/9/2002



charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Sums Secured."** The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

**(I) "Riders."** All Riders attached to this Security Instrument that are signed by Borrower will be called "Riders." The following Riders are to be signed by Borrower [check box as applicable]:

- [x] Adjustable Rate Rider
- [ ] Balloon Rider
- [ ] 1-4 Family Rider
- [ ] Condominium Rider
- [ ] Planned Unit Development Rider
- [ ] Other(s) [specify]
- [ ] Second Home Rider
- [ ] Biweekly Payment Rider

## Schedule A Description

Title Number **DR-18147-Q-2004**                                              Page     **1**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Second Ward, Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Williamsburgh and Jamaica Turnpike (now called Metropolitan Avenue) distant 306.47 feet easterly from the corner formed by the intersection of the northerly line of Metropolitan Avenue and the southeasterly side of Cooper Avenue (old line);

RUNNING THENCE northerly at right angles with Metropolitan Avenue, 100 feet;

THENCE easterly parallel with said Metropolitan Avenue, 22 feet;

THENCE southerly again at right angles with said Metropolitan Avenue and part of the distance through a party wall, 100 feet to the said northerly side of Metropolitan Avenue; and

THENCE RUNNING westerly along said northerly side of Metropolitan Avenue, 22 feet to the point or place of BEGINNING.

Said premises being known as # 89-37 Metropolitan Avenue, Forest Hills, New York.

TOGETHER with an easement or right of way over the most easterly 3 feet 10 inches of the lot adjoining on the above premises on the west thereof for a distance of 80 feet from Metropolitan Avenue to be used as a driveway.

SUBJECT, however, to the right of the owners of the lot adjoining the above described premises on the west thereof to use the most westerly 3 feet 10 inches of the premises above described as a driveway extending for a depth of 80 feet from Metropolitan Avenue.

(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and

(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

## DESCRIPTION OF THE PROPERTY

I give MERS (solely as nominee for Lender and Lender's successors in interest) rights in the Property described in (A) through (G) below:

(A) The Property which is located at ,   89-37 METROPOLITAN AVENUE
[Street]

REGO PARK                                               , New York   11374
[City, Town or Village]                                                     [Zip Code]
This Property is in   QUEENS                 County. It has the following legal description:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS
EXHIBIT 'A'.

(B) All buildings and other improvements that are located on the Property described in subsection (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subsection (A) of this section. These rights are known as "easements and appurtenances attached to the Property;"

(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subsection (A) of this section;

(E) All fixtures that are now or in the future will be on the Property described in subsections (A) and (B) of this section;

(F) All of the rights and property described in subsections (B) through (E) of this section that I acquire in the future; and

(G) All replacements of or additions to the Property described in subsections (B) through (F) of this section and all Insurance Proceeds for loss or damage to, and all Miscellaneous Proceeds of the Property described in subsections (A) through (F) of this section.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

NEW YORK--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Form 3033 1/01
DOCUKNY3
DOCUKNY3.VTX  10/18/2002                                  (Page 3 of 15 pages)

**PRINCETON RECONVEYANCE SERVICE**
**P O BOX 13309**
**Mailcode #CA3501**
**Sacramento, CA 95813-3309**
**877/867-7378**

**10/31/05**

RAMON QUIROZ
89-37 METROPOLITAN AVE
REGO PARK NY 11374-0000

Loan No.: 0322083767
Release No.: 1052658
Customer: #763 - **MERRILL LYNCH MORTGAGE CAPITAL INC.**

Dear Borrower:

This letter is to serve as notice that the above referenced loan with HomEq Servicing Corporation for $88,700.00 was paid off in full on **JULY 15, 2005**. The account is now closed.

Enclosed are the original/cancelled loan documents for your retention.

A Release of Mortgage/Full Reconveyance has been executed and sent to the appropriate county recorder for recording.

We appreciate the opportunity to have been of service to you.

Sincerely,

**Kathy L. Munoz**
**Lien Release Processor**

For HomEq Servicing Corporation

MSCOVER3

032 2083767                          10985122



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2004063000320003001E4C11 |

## RECORDING AND ENDORSEMENT COVER PAGE          PAGE 1 OF 15

| Document ID: 2004063000320003 | Document Date: 06-23-2004 | Preparation Date: 06-30-2004 |
|---|---|---|

Document Type: MORTGAGE
Document Page Count: 13

| PRESENTER: | RETURN TO: |
|---|---|
| D.R. ABSTRACT, INC.<br>38-50 BELL BOULEVARD<br>BAYSIDE, NY 11361<br>718-423-5333<br>DR-18147 Q/2004 (AGENT FOR STEWART) | WMC MORTGAGE CORP.<br>6320 CANOGA AVENUE<br>8TH FLOOR<br>WOODLAND HILLS, NY 91367     ML-524 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 3176 | 13 | Entire Lot | 89-37 METROPOLITAN AVENUE |

Property Type: DWELLING ONLY - 1 FAMILY

JAN 1 8 2005

### CROSS REFERENCE DATA

CRFN _____ or Document ID_____ or _____ Year_____ Reel _____ Page _____ or File Number_____

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| RAMON QUIROZ<br>40-01 203RD STREET<br>BAYSIDE, NY 11361 | WMC MORTGAGE CORP.<br>P.O. BOX 54089<br>LOS ANGELES, CA 90054 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 102.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 88,700.00 | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 88,700.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 443.50 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 887.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 221.75 | | |
| MTA: | $ | 196.75 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 1,749.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed        10-08-2004 12:21
City Register File No.(CRFN):
2004000627684

_Annette M Hill_

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2004063000320003001C4E91

RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)    PAGE 2 OF 15

**Document ID:** 2004063000320003    Document Date: 06-23-2004    Preparation Date: 06-30-2004
Document Type: MORTGAGE

**PARTIES**
**MORTGAGER/BORROWER:**
HELEN QUIROZ
40-01 203RD STREET
BAYSIDE, NY  11361

**MORTGAGER/BORROWER:**
JESSICA ANGEL QUIROZ
40-01 203RD STREET
BAYSIDE, NY  11361

When Recorded Mail To:
WMC MORTGAGE CORP.

6320 CANOGA AVE 8TH FLOOR

WOODLAND HILLS, CA 91367
Attention: (EQUITY SERVICES)

DR18147
B:3176
L:13

Servicing #: 10985122

| MORTGAGE |
|---|

QUIROZ
Loan #: 10985122
MIN:   100136300109851229

**WORDS USED OFTEN IN THIS DOCUMENT**
(A) "Mortgage." This document, which is dated    June 23, 2004                     will be
called the "Mortgage."

(B) "Borrower." RAMON QUIROZ AND HELEN QUIROZ AND JESSICA ANGEL QUIROZ

will sometimes be called "Borrower" and sometimes simply "I".

(C) "Lender." WMC MORTGAGE CORP.
                                                 will be called the "Lender." Lender is a
corporation or association which was formed and which exists under the laws of CALIFORNIA
Lender's address is     P.O. BOX 54089 LOS ANGELES, CA 90054-0089

(D) "Note." The junior lien note signed by Borrower and dated       June 23, 2004
and extensions and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S.
$   88,700.00                                                plus interest, which I have promised to pay
in full by    July 1, 2019

(E) "Property." The property that is described below in the section titled "Description of the Property" will be
called the "Property."

(F) MERS. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing
under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026,
tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE
MORTGAGEE OF RECORD.

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**
I mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and
assigns) and to the successors and assigns of MERS subject to the terms of this Mortgage. I understand and
agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but if necessary
to comply with law or custom, MERS (as nominee for Lender and Lenders successors and assigns) has the right:

(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the
Property; and

| NEW YORK--SECOND MORTGAGE--1/80--FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS |
|---|

DOCUZNY1
DOCUZNY1.VTX  10/23/2002

Page 1 of 10

Form 3833



HQ0322083767RMG M1   0007729320

10985122                                                                  10985122

(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:
(A) Pay all the amounts that I owe Lender as stated in the Note;
(B) Pay, with interest, any amounts that Lender spends under Mortgage to protect the value of the Property and Lender's rights in the Property; and
(C) Keep all of my other promises and agreements under this Mortgage.

DESCRIPTION OF THE PROPERTY
I give MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS rights in the following Property:

(A) The property which is located at      89-37 METROPOLITAN AVENUE
                                                                    [Street]

REGO PARK             , New York    11374       This Property is in QUEENS
      [City]                                     [Zip Code].
County in the State of New York. It has the following legal description:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS EXHIBIT 'A'.

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;
(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the Property";
(D) All rents or royalties from the property described in paragraph (A) of this section; and
(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.
It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY
I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record. I give a general warranty of title to Lender. This means that I am fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

UNIFORM PROMISES

I promise and I agree with Lender as follows:

1.   BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS

I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2.   AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE

(A) Borrower's Obligations to Make Monthly Payments to Lender for Taxes and Insurance
I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not

NEW YORK--SECOND MORTGAGE--1/80--FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
DOCUNY2                                         Page 2 of 10                              Form 3833
DOCUNY2 .VFX 10/23/2002

## Schedule A Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Second Ward, Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Williamsburgh and Jamaica Turnpike (now called Metropolitan Avenue) distant 306.47 feet easterly from the corner formed by the intersection of the northerly line of Metropolitan Avenue and the southeasterly side of Cooper Avenue (old line);

RUNNING THENCE northerly at right angles with Metropolitan Avenue, 100 feet;

THENCE easterly parallel with said Metropolitan Avenue, 22 feet;

THENCE southerly again at right angles with said Metropolitan Avenue and part of the distance through a party wall, 100 feet to the said northerly side of Metropolitan Avenue; and

THENCE RUNNING westerly along said northerly side of Metropolitan Avenue, 22 feet to the point or place of BEGINNING.

Said premises being known as # 89-37 Metropolitan Avenue, Forest Hills, New York.

TOGETHER with an easement or right of way over the most easterly 3 feet 10 inches of the lot adjoining on the above premises on the west thereof for a distance of 80 feet from Metropolitan Avenue to be used as a driveway.

SUBJECT, however, to the right of the owners of the lot adjoining the above described premises on the west thereof to use the most westerly 3 feet 10 inches of the premises above described as a driveway extending for a depth of 80 feet from Metropolitan Avenue.

10985122                                                                      10985122

The amount of each of my payments under this Paragraph 2 will be the sum of the following:

(i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

(ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

(iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance

Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

3. APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A) First, to pay the amounts then due to Lender under Paragraph 2 above;

(B) Next, to pay interest then due under the Note; and

(C) Next, to pay principal then due under the Note.

10985122                                                                                           10985122

4.   **BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES, AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**

I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

5.   **BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**

I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

6.   **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7.   **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), than Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

10985122                                                    10985122

8.  **LENDER'S RIGHT TO INSPECT THE PROPERTY**
Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

9.  **AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**
A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

10. **BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**
If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

11. **CONTINUATION OF BORROWER'S OBLIGATIONS**
Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring lawsuit against such a person for not fulfilling obligations
under the Note or under this Mortgage, even if Lender is requested to do so.

12. **CONTINUATION OF LENDER'S RIGHTS**
Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right, under Paragraph 20 below, to demand that I make Immediate Payment in Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**
Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

14. **OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**
Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party).

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make the payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not

10985122                                                          10985122

signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

15. **AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**
Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

16. **LAW THAT GOVERNS THIS MORTGAGE**
The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage , the words "costs", "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

17. **BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**
I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

18. **REHABILITATION LOAN AGREEMENT**
I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, are modeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

19. **AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**
Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

### NON-UNIFORM PROMISES
I also promise and agree with Lender as follows:

20. **LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**
If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this

10985122                                                          10985122

Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment In Full."

If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:

(A)  I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B)  Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:

    (i)     The promise or agreement that I failed to keep;

    (ii)    The action that I must take to correct that failure;

    (iii)   A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;

    (iv)   That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;

    (v)    That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and

    (vi)   That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C)  I do not correct the failure stated in the notice from Lender by the date stated in that notice.

21. BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A)  I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

(B)  I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C)  I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D)  I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

22. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage,

10995122

10985122

and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

23  LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL

When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

24.  AGREEMENTS ABOUT NEW YORK LIEN LAW

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:

☐ Planned Unit Development Rider      ☐ 1-4 Family Rider      ☐ Condominium Rider
☐ Second Home Rider                  ☒ Other  Balloon Rider

10985122                                                                10985122

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment In Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage, I agree to all of the above.

_____  6/23/04
- Borrower - RAMON QUIROZ - Date -

_____  6/23/04
- Borrower - HELEN QUIROZ - Date -

_____  6/23/04
- Borrower - JESSICA ANGEL QUIROZ - Date -

10985122                              10985122

[Space Below This Line For Acknowledgment]

STATE OF _NY_                    County of _Queens_

On the _2nd_ day of _June_         in the year _2004_   before me, the undersigned, a
notary public in and for said state, personally appeared

_Ramon Quiroz, Helen Quiroz, Jessica Angel Quiroz_

personally known to me or proved to me on the basis of satisfactory evidence to the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to me that _____ executed the same in
capacity(ies), and that by _____ signature(s) on the instrument, the individual(s) or the person upon
behalf of which the individual(s) acted, executed the instrument.

VATT FERDINANDI
Notary Public, State of New York
No. 01FE6083726
Qualified in Queens County
Commission Expires November 25, 2006

_____
Notary Public

VATT FERDINANDI
Notary Public, State of New York
No. 01FE6083726
Qualified in Queens County
Commission Expires November 25, 2006

SEAL

When Recorded Mail To:
WMC MORTGAGE CORP.

6320 CANOGA AVE 8TH FLOOR
WOODLAND HILLS, CA 91367

Attn:(EQUITY SERVICES)

[Space Above This Line For Recording Date]

## BALLOON RIDER

Servicing #10985122

LOAN #:  10985122
MIN: 100136300109851229

THIS BALLOON RIDER is made this 23rd        day of June, 2004      , and is incorporated into
and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security
Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to
WMC MORTGAGE CORP.

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

89-37 METROPOLITAN AVENUE REGO PARK, NY 11374



[Property Address]

The interest rate stated on the Note is called the "Note Rate". The date of the Note is called the "Note Date". I
understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes
the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note
is called the "Note Holder".

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument,
Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the
Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL
BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO
OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL, THEREFORE, BE
REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL
HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH,
WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU
MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A
NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

BALLOON RIDER-MULTISTATE (01/97)
DOCUBRH
DOCUBRH1.VTX 10/15/2002

Page 1 of 2

HQ0322083767RRBL M1   0007729320

10985122

10985122

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_Ramon Quiroz_ 6/23/04
– Borrower – RAMON QUIROZ – Date –

_Helen Quiroz_ 6/23/04
– Borrower – HELEN QUIROZ – Date –

_Jessica Quiroz_ 6/23/04
– Borrower – JESSICA ANGEL QUIROZ – Date –

BALLOON RIDER-MULTISTATE  (01/97)
DOC08RH
DOC08RH2.VFX   10/15/2002                    Page 2 of 2

serv #:10985122

## BALLOON NOTE

QUIROZ
Loan #: 10985122
MIN: 100136300109851229

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

| June 23, 2004 | | REGO PARK | , New York |
|---|---|---|---|
| 89-37 METROPOLITAN AVENUE | REGO PARK | NY | 11374 |
| *Property Address* | *City* | *State* | *Zip Code* |

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.$ 88,700.00      (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is  WMC MORTGAGE CORP.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2.  INTEREST

I will pay interest at a yearly rate of  11.990       %.
Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid.

### 3.  PAYMENTS

I will pay principal and interest by making payments each month of U.S. $   911.70
I will make my payments on the  1st   day of each month beginning on  August 1, 2004
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on  July 1, 2019         , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at   6501 IRVINE CENTER DRIVE MS # DCNLA, IRVINE, CA  or at a different place if required by the Note Holder.

### 4.  BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any of my monthly payments by the end of   15  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  2.000   % of my overdue payment, but not less than U.S. $  N/A         and not more than U.S. $  N/A   . I will pay this late charge only once on any late payment.
**(B) Notice From Note Holder**
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
**(C) Default**
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

NEW YORK – BALLOON SECOND MORTGAGE – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT

DOCUBMT1
KNCDBMT1.VTX  11/18/2003

(page 1 of 3 pages)

Form 3933

## BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS
### (INDIVIDUAL OR CORPORATION)

#### STANDARD NYBTU FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

*THIS INDENTURE*, made the 23rd day of June, two thousand four, between

SUSAN CRUPI, surviving tenant by the entirety, residing at 89-37 Metropolitan Avenue, Rego Park, NY

party of the first part, Helen Quiroz, and Jessica Angel Quiroz

RAMON QUIROZ, residing at 40-01 203rd Street, Bayside, NY

party of the second part,

*WITNESSETH*, that the party of the first part, in consideration of ten ($10.00) dollars, lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*ALL* that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in

SEE ATTACHED SCHEDULE A

SAID PREMISES being known as 89-37 Metropolitan Avenue, Rego Park, NY
Said premises previously conveyed by deed dated 6/13/69 recorded 6/17/69 in Reel 331 Page 19.

*TOGETHER* with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

*TO HAVE AND TO HOLD* the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*AND* the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

*AND* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

*IN WITNESS WHEREOF*, the party of the first part has duly executed this deed the day and year first above written.

*IN PRESENCE OF*:

_____          _____
                                              SUSAN CRUPI

STATE OF NEW YORK      )
                                )   ss.:
COUNTY OF QUEENS     )

On the 23RD day of June in the year 2004, before me, the undersigned, personally appeared SUSAN CRUPI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/he/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary

VATT FERDINANDI
Notary Public, State of New York
No. 01FE6083726
Qualified in Queens County
Commission Expires November 25, 2006

|  |  |
|---|---|
| Section: |  |
| Block: | 3176 |
| Lot: | 13 |
| County: | QUEENS |

**BARGAIN AND SALE DEED**
with covenant against grantor's acts

SUSAN CRUPI

    to

RAMON QUIROZ

Title # PR 18147G 2004

Return by Mail to:

ROBERT ARONOV, ESQ.
171-16 HILLSIDE AVENUE, 2ND FLOOR
JAMAICA, NY 11432

NYSBA PRACTICE FORMS 3/98

10985122                                                  10985122

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5.  THIS NOTE SECURED BY A MORTGAGE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated  June 23, 2004           , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6.  BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so.  A prepayment of all of the unpaid principal is known as a "full prepayment."  A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty.  The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note.  If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes.  I may make a full prepayment at any time.  If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due.  The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7.  BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things.  Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest").  Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights.  These persons are known as "guarantors, sureties and endorsers."

**8.  GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above.  A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above.  A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9.  RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note.  Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things.  The Note Holder may enforce its rights under this Note against each of us individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.  Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note.  Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

DOCUBMT2
WNSZ2EBMT2.VFX  11/18/2003                     (page 2 of 3 pages)                        Form 3933

10985122                                                    10985122

Default in the payment of this loan agreement may result in the loss of the property securing the loan.  Under federal law, you may have the right to cancel this agreement.  If you have this right, the creditor is required to provide you with a separate written notice specifying the circumstances and times under which you can exercise this right.

*Ramon Quiroz*        *6/23/04*
- Borrower - RAMON QUIROZ - Date -

*Helen Quiroz*        *6/23/04*
- Borrower - HELEN QUIROZ - Date -

*Jessica Quiroz*        *6/23/04*
- Borrower - JESSICA ANGEL QUIROZ - Date -

PAY TO THE ORDER OF
WITHOUT RECOURSE
WMC MORTGAGE CORP.

X _____
SIMONE RANARAJA
ASST. SECRETARY

*[Sign Original Only]*

DOCUBMT3
RXEDENT3.VTX  11/18/2003                    (page 3 of 3 pages)                    Form 3933

## A.I.S. REAL PROPERTY SOLUTIONS, LLC

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y.  11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

Dear Clients:

In order to insure a smooth transaction, a final meter reading is suggested prior to closing. Below is an application for a final meter reading. Please fill out the attached request and forward it along with a check in the sum of $125.00 for 1 meter, plus $25.00 for each additional meter to A.I.S. REAL PROPERTY SOLUTIONS, LLC. The final reading should take approximately two weeks.

```
╔═══════════════════════════════════════╗
║   REQUEST FOR FINAL METER READING       ║
╚═══════════════════════════════════════╝
```

DATE:  05/03/04

A.I.S. REAL PROPERTY SOLUTIONS, LLC
138-72 Queens Boulevard
Briarwood, New York 11435
Attn: New York City Tax Group

RE:    **Special Meter Reading**
       Premises:89-37 METROPOLITAN AVENUE
               BLOCK 03176 LOT 00013
               County: QUEENS

       Title #: 0761-DR18147Q2004

New Owners Name Required:_____

Please arrange a special meter reading for the above referenced property. Attached please find a check in the amount of  $125.00 for 1 meter, plus $25.00 for each additional meter payable to A.I.S. REAL PROPERTY SOLUTIONS, LLC.  The following names are to be used as your contacts for the appointment:

   1. Contact Name:_____    Phone #:(    )_____-_____

   2. Contact Name:_____    Phone #:(    )_____-_____

I understand that it is my responsibility to keep the appointment made with the D.E.P. and that a second fee to D.E.P. will be required in the event the appointment is missed.  It is clear that all conflicts must be resolved directly with D.E.P.

Sincerely,

_____
(Print name)

_____
(Signature)



# Mortgages

Mortgage Number 1   of 1                                    Title Number  DR-18147-Q-2004

Mortgagor        **SANTO CRUPI and SUSAN CRUPI**

Mortgagee        **JACKSON HEIGHTS SAVINGS and LOAN ASSOCIATION**

Amount           **$ 18,000.00**            Mortgage Tax Paid  **$  90.00**
Dated            **06/13/1969**
Recorded         **06/17/1969**
Reel             **331**
Page             **21**

Title Company will require a written payoff statement prior to closing.

These mortgage returns, unless the mortgage is to be insured, will appear as exceptions from coverage.  The informaton set forth herein is obtained from the recorded instrument.  Sometimes the provisions of a mortgage may be modified by agreements which are not recorded.  We suggest that you communicate with the mortgagee if you desire any additional information.  If there has been a change in the owners and holders of the mortgage, such information should be furnished to us promptly to enable further searches to be made.

## Survey Reading

Title Number **DR-18147-Q-2004**                    Page   1

Survey made by LOUIS MONTROSE dated May 27, 1969 shows:
A 2 story frame, with 1 story and open porch attached at rear, enclosed porch attached at front and detached Frame Garage at rear, with no encroachments, projections or variations of record, except as follows:

1. Fences vary with record lines;
2. Portion of westerly line is affected by a common driveway;
3. Portion of southerly line is affected by a proposed widening;
4. Portion of easterly line runs through a party wall.

INSPECTION dated 05/22/04 shows no changes.

## New York State Municipal Department Searches

Title Number  **DR-18147-Q-2004**

All searches and their results are provided at the request of the mortgagee/purchaser or their respective counsels.  The Company does not in any event, insure that the buildings or other improvements situate on the premises or their uses either actual or intended, comply with Federal, State or Municipal laws, regulations or ordinances and therefore assumes no liability whatsoever by reason of the ordering of such searches and does not insure their accuracy.  The following results are hereby provided for informational purposes only.

CERTIFICATE OF OCCUPANCY
    Information to follow

HOUSING AND BUILDING
    See Attached

FIRE DEPARTMENT SEARCH
    See Attached

EMERGENCY REPAIR SEARCH
    Information to follow

STREET REPORT
    Information to follow

HIGHWAY DEPARTMENT SEARCH
    See Attached

BANKRUPTCY SEARCH
    See Attached

TAX SEARCH
    See Attached

TITLE NO.   0761-DR18147Q2004 CO

# ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD BRIARWOOD, N.Y. 11435
(718) 291-5900   (516) 742-2290   (914) 761-4451   FAX (718) 291-6681

## CERTIFICATE OF OCCUPANCY REPORT

DATE: 5/3/04

PREMISES: 89-37 METROPOLITAN AVENUE
COUNTY: QUEENS
BLOCK: 03176   LOT: 00013

THE FOLLOWING INFORMATION IS ON FILE:

QUEENS   BLOCK: 03176   LOT: 00013

CO 1976
ISSUED 06/25/21
NB 1505/1920
2 STORY, FRAME
1 FAMILY DWELLING
COMPLETED 01/21/21

NO CO ON FILE
NB 8500/1921
1 STORY, METAL
GARAGE
APPROVED 10/13/21
NOT SIGNED OFF

A GARAGE APPEARS ON THIS LOT IN THE 1929 BELCHER HYDE ATLAS VOLUME 2A, PLATE
25.

## IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

THE PURPOSE OF THIS REPORT IS TO PROVIDE THE LEGAL OCCUPANCY AS PER LATEST C/O ON FILE. THE ABOVE
REPORT MAY NOT INCLUDE THE REPORTING OF MINOR APPLICATIONS WHICH MAY BE INDEXED AGAINST THE
ABOVE BLOCK AND LOT BUT DO NOT REQUIRE A NEW C/O OR APPLICATIONS OF ANY KIND THAT ARE
INCOMPLETE. A HISTORY OF ALL FILINGS FOR THE ABOVE PARCEL IS AVAILABLE UPON REQUEST FOR AN
ADDITIONAL FEE. THERE IS NO LIABILITY ASSUMED FOR ERRORS OR OMISSIONS OF FACT DUE TO THE STATE OF
THE PUBLIC RECORD OR THE LIMITS DEFINED HEREIN. THIS PRODUCT IS NOT INTENDED TO ELIMINATE RISKS
COVERED BY TOEPP. THIS REPORT IS PREPARED EXCLUSIVELY FOR ADVANCED ABSTRACT SERVICES ON 5/3/04.
0761-DR18147Q2004

Page 1 of 1



# BUREAU OF BUILDINGS

## CERTIFICATE OF OCCUPANCY

THE CITY OF NEW YORK

the parties of the second part by the party of the first part hereto by deed dated October 3rd, 1921 and recorded in the Queens County Clerk's Office on October 5th, 1921 in Liber 2372 of Conveyances at Page 295. This deed being given to correct erroneous description in said last mentioned deed and to confirm the title of the parties of the second part to the said premises. TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises. TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, their heirs and assigns forever. SUBJECT to a mortgage for Three thousand ($3,000.00) Dollars and a valid lien upon said premises, bearing interest at the rate of six (6%) per cent per annum payable semi-annually. IN WITNESS WHEREOF, the party of the first part has caused its corporate seal to be hereunto affixed and these presents to be signed by its duly authorized officer the day and year first above written.

In Presence of:

ATTEST:
THOMAS SMITHWICK,
   Secretary        (CORPORATE SEAL)      L. T. S. REALTY CO., INC.,
                                          By: JOSEPH LORENTZ JR.,
                                                  President.

STATE AND CITY OF NEW YORK: COUNTY OF QUEENS: SS: On this 21st day of October, 1924 before me came, JOSEPH LORENTZ JR., to me known, who, being by me duly sworn, did depose and say that he resides in Ridgewood, Queens Co., N.Y. that he is the President of L. T. S. REALTY CO., INC. the corporation described in, and which executed, the foregoing instrument, that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of Directors of said corporation; and that he signed his name thereto by like order.    FRANK J. ADEL, Notary Public, Queens Co., N.Y. No. 2068. The land affected by the within instrument lies in Section 11, block 2606 on the Land Map of the County of Queens. Recorded November 5th 1924 at 10:44 A.M. at the request of Lawyers Title & Trust Co., 367 Fulton Street, Jamaica, N.Y.

COMPARED

97540  $8.00 U.S.I.R.S.  CANCELLED.    THIS INDENTURE, made the first day of November nineteen hundred and twenty-four BETWEEN PETER B. CROGHAN and KATHERINE V. CROGHAN, his wife, residing at Cortland Boulevard, near Westminster Boulevard, Laurelton, New York parties of the first part and MACK NATHANIEL MAYERS and AGNES AMELIA MAYERS, his wife, residing at 466 Lynn Street, Borough of Brooklyn, County of Kings, City and State of New York parties of the second part WITNESSETH; that the parties of the first part in consideration of Ten Dollar ($10.00) lawful money of the United States, and other good and valuable considerations by the parties of the second part do hereby grant and release unto the parties of the second part their heirs and assigns forever.

              ALL those certain lots, pieces or parcels of land with the buildings and improvements thereon erected, situate, lying and being in the Fourth Ward of the Borough of Queens, of the City of New York, in the County of Queens and State of New York and designated as lots numbers 288 and 289 and the Easterly part of lot number 290 on a certain map entitled "Map of Cedar Manor, Property of the Homes & Home Co.", W. B. McLaughlin, C.E. and City Surveyor, August 1903, and filed in the Office of the Clerk of the County of Queens September 14th 1903 as map number 473 which said lots are

TITLE NO. 0761-DR18147Q2004 HB

# ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y. 11435
(718) 291-3900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

## VIOLATION SEARCH

**DATE:** 05/04/04

PREMISES:89-37 METROPOLITAN AVENUE

COUNTY:  QUEENS

The Findings of this search is limited to violation posted against the address(es) shown above and may not include violations posted against other addresses or against a Block and Lot.

BUILDING DEPT.: A Search of the Building Department Records indicate the following violations, copies and/or an abstract of the violations, if any, are attached.

   NO VIOLATIONS AS PER SEARCH DATED:05/04/04

OFFICE OF RENT AND HOUSING MAINTENANCE: A Search of the Housing Department Records indicate the following violations. Copies and/or an abstract of the violations, if any, are attached.

   NO VIOLATIONS AS PER SEARCH DATED:05/03/04


CLASSIFICATION:    _X_ PRIVATE DWELLING

   ____ MULTIPLE DWELLING-NO. OF APTS._____

      CLASSIFIED AS _____

   ____ COMMERCIAL PROPERTY

   ____ NOT A MULTIPLE DWELLING


### IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

ABSTRACTERS INFORMATION SERVICE INC. DOES HEREBY CERTIFY THAT THE RECORDS OF THE ABOVE GOVERNMENTAL AGENCIES WERE EXAMINED AND THAT THE INFORMATION RECORDED ABOVE IS A TRUE AND ACCURATE ABSTRACTION OF THE INFORMATION CONTAINED THEREIN. THIS REPORT IS SUBMITTED FOR INFORMATION PURPOSES ONLY. LIABILITY IS LIMITED TO ERRORS AND OMISSIONS OF INFORMATION PROPERLY INDEXED, FILED AND RECORDED WITH THE ABOVE GOVERNMENTAL AGENCIES AND SHALL NOT EXCEED A TOTAL OF $1000.00 DOLLARS. NON-COMPLIANCE OF LOCAL LAW 10/81 WHICH INVOLVES PERIODIC ELEVATOR INSPECTIONS PERFORMED BY PRIVATE FIRMS EMPLOYED BY THE OWNER OR HIS AGENT, ARE NOT INCLUDED IN THE ABOVE SEARCH. THIS SEARCH DOES NOT INCLUDE OTHER AGENCIES VIOLATIONS. THIS SEARCH IS PREPARED EXCLUSIVELY FOR ADVANCED ABSTRACT SERVICES on 05/04/04. 0761-DR18147Q2004

TITLE NO. 0761-DR18147Q2004 FV

# ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y. 11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

## FIRE DEPARTMENT * CITY OF NEW YORK

## BUREAU OF REVENUE MANAGEMENT

9 Metro Tech East
Brooklyn, N.Y. 11201-3857

### RECORD SEARCH REQUEST

MAIL TO:

    ABSTRACTERS' INFORMATION SERVICE, INC.
    138-72 QUEENS BOULEVARD
    BRIARWOOD, N.Y. 11435

| CHECKED BY: | |
|---|---|
| | SEARCH NO. _____ |

The undersigned requests the following information re: Premises

89-37      METROPOLITAN AVENUE           QUEENS

ADDRESS                       BOROUGH

[XX] 1. Record of existing Fire Department Violations _____ FEE: $10.00

[ ] 2. Record of Permit for _____ FEE: $10.00

TOTAL FEE: $10.00

(THE CITY OF NEW YORK IS NOT BEING SUED, NOR IS THERE ANY INTENTION TO SUE THE CITY OF NEW YORK)

ABSTRACTERS' INFORMATION SERVICE, INC.

DATE 05/03/04

### DO NOT WRITE BELOW THIS LINE

Gentlemen:

In reply to your request concerning the premises mentioned above, please be advised

that as of 9 A.M., _____ APR 1 5 2004 _____ our records show the following:

NO VIOLATIONS
Bureau of Fire Prevention
Fire Dept. City of N.Y.

Searched by _____

VIOLATION RECORDED ABOVE ARE ONLY THOSE WHICH ARE A MATTER OF RECORD IN HEADQUARTERS OF THE BUREAU OF FIRE PREVENTION, AND MAY NOT INCLUDE VIOLATIONS ISSUED BY LOCAL UNITS. THIS REPORT IS SUBMITTED FOR INFORMATIONAL PURPOSES ONLY. THERE IS NO LIABILITY ASSUMED.
THIS SEARCH IS PREPARED EXCLUSIVELY FOR ADVANCED ABSTRACT SERVICES ON 05/03/04.0761-DR18147Q2004

TITLE NO. 0761-DR18147Q2004 ER

# ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD   BRIARWOOD, N.Y. 11435
(718) 291-5900   (516) 742-2290   (914) 761-4451   FAX (718) 291-6681

## EMERGENCY REPAIRS

Company: ADVANCED ABSTRACT SERVICES         Date: 05/05/04

Premises: 89-37 METROPOLITAN AVENUE

County: QUEENS

A search of the Department of Rent and Housing Maintenance ( Emergency Repair Building Summary lien record identifying balances for work done prior to January 1,2000) shows the following money due.

Lien Book Date: MAR 2004
Amount: 0.00

The result of a search for work-in-progress posted subsequent to January 1, 2000, shows the following:

[X] There were no open purchase orders found at the above-captioned premises as of the date of this search.

[ ] See attached for information found for the above-captioned premises at HPD/Emergency Repair Division.

| Cert.Date or Date of P.O. | P.O. # | Description |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Liability is limited to liens that have matured into dollar amounts and are properly posted at the Department of Finance as of Date of Search 05/03/04 0761-DR18147Q2004

TITLE NO.    0761-DR18147Q2004 SR

## ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD BRIARWOOD, N.Y. 11435
(718) 291-5900   (516) 742-2290   (914) 761-4451   FAX (718) 291-6681

### STREET REPORT

DATE: 5/3/2004

PREMISES: 89-37  METROPOLITAN AVENUE
COUNTY: QUEENS
BLOCK: 03176     LOT: 00013

QUEENS  BLOCK: 03176  LOT: 00013

METROPOLITAN AVENUE

MAPPED AT 100 FEET ON FINAL CITY PLAN
TITLE TO 88 FEET
DEDICATED - CORPORATION COUNSEL OPINION 08/18/1998
CEDED - DEED DATED 06/02/1873
ACQUIRED - FINAL DECREE 11/12/1936
PROPOSED WIDENING OF APPROXIMATELY 12 FEET ON THE NORTH SIDE

NOTE: ALTHOUGH DEDICATED TO PUBLIC USE, TAX MAP INDICATES THE
        SOUTHERLY IRREGULAR WIDTHS ARE SHOWN TAXED.

WOODHAVEN BOULEVARD

MAPPED AT 150 FEET ON FINAL CITY PLAN
ACQUIRED TO THE FULL WIDTH
FINAL DECREE 01/16/1939

### IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

THE ABOVE REPORT IS FOR INFORMATION PURPOSES ONLY. LIABILITY IS LIMITED TO ERRORS AND OMISSIONS
OF INFORMATION PROPERLY INDEXED, FILED AND RECORDED WITH THE TOPOGRAPHICAL BUREAU FOR THE
COUNTY. THIS REPORT IS PREPARED EXCLUSIVELY FOR ADVANCED ABSTRACT SERVICES ON 5/3/2004. 0761-
DR18147Q2004

Page 1 of 1

TITLE NO. 0761-DR18147Q2004 HV

## ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y.  11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

Search Date: 05/05/04

## VIOLATION SEARCH

### HIGHWAY / SIDEWALK VIOLATIONS

Premises: 89-37            METROPOLITAN AVENUE

County: QUEENS        Block: 03176        Lot: 00013

RETURNS

A search of the records of the Department of Highways indicates the following:

[X] There are no violations as per search date 05/04/04

[ ] Sidewalk Notice on file as of:_____

[ ] Other _____

This search is submitted for information purposes only. Liability is limited to errors and omissions of information properly indexed, filed, and recorded with the above mentioned governmental agency. This search is prepared exclusively for **ADVANCED ABSTRACT SERVICES**. 0761-DR18147Q2004

TITLE NO. 0761-DR18147Q2004 RAMONQUIROZ BK

# ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y. 11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

## BANKRUPTCY SEARCH

Company  ADVANCED ABSTRACT SERVICES

TITLE NO. 0761-DR18147Q2004                              Date: 05/04/04

Individual Name:

RAMON  QUIROZ

Last Known Residence or Business Address:

Premises:

County: QUEENS

The result of the investigation as per last posted date:  04/19/04

☐   **There is no record of a Bankruptcy Filing for the above mentioned individual or company. The following Bankruptcy Clerks office(s) have been checked:**

U.S. BANKRUPTCY COURT          U.S. BANKRUPTCY COURT
L.I. FEDERAL COURTHOUSE        75 CLINTON STREET
290 FEDERAL PLAZA              BROOKLYN, N.Y. 11201
CENTRAL ISLIP, N.Y. 11722

☒   **The following information is on file:**

SEE ATTACHED

## IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

Abstracters' Information Service Inc. does hereby certify that the records of the above governmental agency was examined and that the information recorded above is a true and accurate abstraction of the information contained therein. This search was conducted for a period of five years.
This report is submitted for information purposes only. Liability is limited to errors and omissions of information properly indexed, filed and recorded with the above governmental agency. The liability under this search shall not exceed $1,000 and shall be confined to the applicant for whom the search was made.
This search does not include filings in areas other than the Microfiche or Index Sections of the United States Bankruptcy Clerk's office. This search is exclusively for ADVANCED ABSTRACT SERVICES on 05/04/04. 0761-DR18147Q2004

TITLE NO. 0761-DR18147Q2004 TX

# ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD     BRIARWOOD, N.Y. 11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

**TAX SCHEDULE**
THE TAX SEARCH MADE HEREIN
COVERS ONLY THE PREMISES
SHOWN ON THE ATTACHED DIAGRAM
AND NO SEARCH IS MADE AGAINST
ANY PART OF THE STREET WHICH
SAID PREMISES ABUTS.
ACTUAL METER READING REQUIRED
ON ALL METERED ACCTS ** COMPANY
EXCEPTS ALL WATER AND SEWER CHARGES
FROM THE LAST ACTUAL READING TO THE
DATE OF CLOSING. **

**TAX DIAGRAM ATTACHED**

**Vault Information:**

NO OPEN VAULT CHARGES
FOUND AT DOF.

| | | | | |
|---|---|---|---|---|
| COUNTY QUEENS | SECTION 17 | BLOCK 3176 | LOT 13 | |
| ASSESSED VALUATION 2004/2005 | LAND $7,776 | TOTAL $16,795 | (TENT.) | |
| SEN. CITI. & STAR EX. | $7,776 | $11,008 | | |
| ASSESSED VALUATION 2003/2004 | LAND $8,480 | TOTAL $15,966 | | |
| SEN. CITI. & STAR EX. | $8,480 | $10,593 | | |

DISPOSITION |                    RETURNS

NYC-RPAD:  8937 METROPOLITAN AVENUE
REQUESTED: 89-37 METROPOLITAN AVENUE
OWNER (NYC-RPAD):   S CRUPI - RPAD SENIOR CITIZEN
OWNER (PER CLIENT): NONE
BUILDING CLASS: A5 TAX RATE - 14.550 %

(Exemption - Current Taxes
Are Reduced )

2003/04 FRONTAGE WATER AND SEWER RENT - NONE.

NOTE: THE FOLLOWING CHARGES ARE AT THE NYC'S DEPARTMENT
OF ENVIRONMENTAL PROTECTION (CIS SYSTEM).

ACCT # 7000591404001
-------------------
METER # 01748 ENT 03/30/04 FROM 12/19/03 TO 03/22/04
WATER - 18.80 PD UNOFF
SEWER RENT - 29.89 PD UNOFF
(ACTUAL)

ACTUAL METER READING REQUIRED ON ALL METERED ACCTS
COMPANY EXCEPTS ALL WATER AND SEWER CHARGES FROM THE
LAST ACTUAL READING TO THE DATE OF CLOSING.

*** SEE NEXT PAGE ***

Except water meter and sewer rental charges accruing since the date of the last reading and building purpose for unfixed frontage charges subsequently entered. Search does not guarantee against new meters set by meter Dept. but not entered at DEP. Search does not guarantee against items not a lien up to date shown hereon. Search does not guarantee against pending assessments or against installments for assessments due after date shown hereon. Exempt Property Restored "Factors" (if any) shown above represent the difference between the actual tax shown and what the tax would have been had there been no exemption. Restored tax is figured on a pro-rata basis from date of deed to end of fiscal year of each tax so affected. Tax search does not guarantee against any claims resulting from levies of restored taxes. Recent payments of any open items returned on this tax search may not yet be reflected on the public record.  Therefore, request the seller or buyer to have the receipted bills available at the closing. "OPEN *" signifies recent payments (unofficially paid) not yet cleared by City Collector. The returns are guaranteed to block and lot only. Search does not guarantee against possible vault charges. This search is prepared exclusively for ADVANCED ABSTRACT SERVICES. 0761-DR1814702004

# ABSTRACTERS' INFORMATION SERVICE, INC. -- PAGE 2

## TITLE NO. 0761-DR18147Q2004

BBL   :4-03176-0013/0    LOCATION: 89-37 METROPOLITAN AVEN   QUEENS                    PAYMENTS THRU : 12/31/2003
BLDG CLS : A5 TAX CLS : 1   IN REM :  N  EXEMPTION : Y              UNUSED SCRIE CREDIT : .00

| | | ENTER DATE | INT B DATE / PROCESS DATE | TRANS / OR NOTE | TYPE/ID | ITEM IND | LIABILITY | COLLECTION |
|---|---|---|---|---|---|---|---|---|
| REAL ESTATE 03/04 | 1st Quarter - DUE | 07/01/2003 | | Assessed Value: | | 5,373.00 | | |
| | | 06/12/2003 | | 001 | INTIAL CHRGE | C1 | 190.20 | .00 |
| | | 06/19/2003 | | 202 | PAYMENT | P1 | .00 | 190.20 |
| | | | PERIOD BALANCE: | | | | .00 | |
| REAL ESTATE 03/04 | 2nd Quarter - DUE | 10/01/2003 | | Assessed Value: | | 5,373.00 | | |
| | | 06/12/2003 | | 001 | INTIAL CHRGE | C1 | 190.20 | .00 |
| | | 06/19/2003 | | 202 | PAYMENT | P1 | .00 | 189.10 |
| | | 06/19/2003 | | | DISCOUNT | D | .00 | 1.10 |
| | | | PERIOD BALANCE: | | | | .00 | |
| REAL ESTATE 03/04 | 3rd Quarter - DUE | 01/01/2004 | | Assessed Value: | | 5,373.00 | | |
| | | 06/12/2003 | | 001 | INTIAL CHRGE | C1 | 190.20 | .00 |
| | | 06/19/2003 | | 202 | PAYMENT | P1 | .00 | 188.16 |
| | | 06/19/2003 | | | DISCOUNT | D | .00 | 2.04 |
| | | 11/27/2003 | | 677 | TX RATE ADJ. | C1 | 10.47 | .00 |
| | | 12/17/2003 | | 202 | PAYMENT | P1 | .00 | 10.47 |
| | | 12/17/2003 | | | DISCOUNT | D | .00 | .02 |
| | | 01/06/2004 | | 301 | REF. REQUEST | XX | .00 | .00 |
| | | | PERIOD BALANCE: | | | | -.02 CR | |
| REAL ESTATE 03/04 | 4th Quarter - DUE | 04/01/2004 | | Assessed Value: | | 5,373.00 | | |
| | | 06/12/2003 | | 001 | INTIAL CHRGE | C1 | 190.20 | .00 |
| | | 06/19/2003 | | 202 | PAYMENT | P1 | .00 | 193.34 |
| | | 06/19/2003 | | | DISCOUNT | D | .00 | 2.96 |
| | | 06/30/2003 | | 301 | REF. REQUEST | XX | .00 | .00 |
| | | 11/27/2003 | | 677 | TX RATE ADJ. | C1 | 10.47 | .00 |
| | | 11/27/2003 | | | DISCOUNT | D | .00 | .10 |
| | | 12/17/2003 | | 202 | PAYMENT | P1 | .00 | 4.26 |
| | | 12/17/2003 | | | DISCOUNT | D | .00 | .03 |
| | | 01/06/2004 | | 301 | REF. REQUEST | XX | .00 | .00 |
| | | | PERIOD BALANCE: | | | | -.02 CR | |

THE CITY COUNCIL HAS VOTED TO DEFER IMPLEMENTATION OF THE ABSENTEE LANDLORD SURCHARGE ON CLASS 1 PROPERTIES UNITL JUNE 2006.

SUBJECT TO CONTINUATION PRIOR TO CLOSING - NOTHING ELSE FOUND 05/03/04.

*** END OF HISTORY ***

*[handwritten: Ovt√ 04/05 RE tax 7/1/04 $214.60 pd@clsng]*

Except water meter and sewer rental charges accruing since the date of the last reading and building purpose for unfixed frontage charges subsequently entered. Search does not guarantee against new meters set by meter Dept. but not entered at DEP. Search does not guarantee against items not a lien up to date shown hereon. Search does not guarantee against pending assessments or against installments for assessments due after date shown hereon. Exempt Property Restored "Factors" (if any) shown above represent the difference between the actual tax shown and what the tax would have been had there been no exemption. Restored tax is figured on a pro-rata basis from date of deed to end of fiscal year of each tax so affected. Tax search does not guarantee against any claims resulting from levies of restored taxes. Recent payments of any open items returned on this tax search may not yet be reflected on the public record. Therefore, request the seller or buyer to have the receipted bills available at the closing. "OPEN *" signifies recent payments (unoffically paid) not yet cleared by City Collector. The returns are guaranteed to block and lot only. Search does not guarantee against possible vault charges. This search is prepared exclusively for ADVANCED ABSTRACT SERVICES. 0761-DR1814702004

## Schedule B

Title Number:    **DR-18147-Q-2004**

corona, New York 11368-5107
(718) 595-7000

26. Affidavit must be furnished showing whether any work was done by the City of New York or any demand being made by the City of New York for any such work which may result in charges by the Department of Health, whether or not such charges are liens against which policy insures. (Section 17, Chapter 1, New York City administrative Code).

AB

Title No: 5093-

COUNTY CLERK SEARCH ( 05/04/04 )

Last Name  : ( QUIROZ )
First Name : ( RAMON )
COUNTY: ( QUEENS )

Run Date:          To:  05/04/04

Judgments, Mech. Lien, Bldg Loan, Sidewlk Liens,
Hosp. Lien, Lis Pend from ( 01/90  TO 05/04/04 )

ALL Types of Liens


BOOK TYPE --- JUDGEMENTS DOCKET
JUDGEMENT TYPE: TRANSCRIPT
COURT TYPE: CIVIL COURT

DEBTOR INFO.
QUIROZ, RAMON
37-27 91ST
JACKSON HEIGHTS, 00000-

CREDITOR INFO.
GREAT MID ATLANTIC REALTY CORP
 PO BOX 106
GREAT NECK, 00000-

ATTORNEY NAME: GERARD A WISLA ESQ
118-21 QUEENS BLVD SUITE 614
FOREST HILLS, 00000
AMOUNT $ 3640.00

CONTROL NO.: 000206303 01
INDEX #: D027530/94
EFFECTIVE DATE: 05/06/1994
EXPIRATION DATE: 05/06/2014

DOCKET DATE: 08/25/1994

COM: 08/25/1994-INDEX NO. L&T 62441/94

COM: 08/25/1994-DEBTORS: RAMON QUIROZ AND HELEN QUIROZ

----------------------------------------------------------------

CLOSED

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1-97-24330-lts

Assigned to: Laura Taylor Swain
Chapter 7
Voluntary
No asset

Date Filed: 12/23/1997
Date Terminated:
04/21/1998
Date Discharged:
04/15/1998

Ramon O Quiroz
55-01 Van Horn Street
Elmhurst, NY 11373
SSN: xxx-xx-3185
Debtor

represented by Ramon O Quiroz
PRO SE

Helen Quiroz
55-01 Van Horn Street
Elmhurst, NY 11373
SSN: xxx-xx-3913
Debtor

represented by Helen Quiroz
PRO SE

David J Doyaga
16 Court Street, Ste. 2300
Brooklyn, NY 11241
(718) 488-7500
Trustee

| Filing Date | # | Docket Text |
|---|---|---|
| 12/23/1997 | 1 | Voluntary Petition all schedules and statements. Exhibit B to be filed w/i 24 Hrs. Summary Information Sheet and Mailing Matrix due w/i 48 hrs. [Filing Fee $20.00 Receipt #131415] [aes] (Entered: 12/23/1997) |
| 12/23/1997 | | First Meeting of Creditors Scheduled For 2:00 1/23/98 At 408 Jay Street, Rm 305, Bklyn Last Day To Oppose Discharge: 3/24/98 [aes] (Entered: 12/23/1997) |
| 12/26/1997 | | Matrix, Notice to Pro-Se Debtors, Summary Information Sheet [frmr] (Entered: 12/31/1997) |
| 12/30/1997 | 2 | Order for Payment of Installment Fees By Debtor Helen Quiroz, Debtor Ramon O Quiroz; Installment Payment Due by: 1/23/98 [Amount Due $155.00] [Copy to debtor] [aes] (Entered: |

| | | 12/30/1997) |
|---|---|---|
| 01/05/1998 | 3 | Certificate of Mailing from BNC, RE: First Meeting. Number of Notices. 26. Date Mailed: 01/01/98. [frmr] (Entered: 01/06/1998) |
| 01/26/1998 | 4 | Installment Fee Paid. Next Installment Payment Due on 2/23/98. [Filing Fee $ 40.00 Receipt # 132973] [frmr] (Entered: 02/02/1998) |
| 02/19/1998 | | First Meeting Held, Debtor[s] Examined; Closed. [frmr] (Entered: 03/25/1998) |
| 03/23/1998 | 5 | Trustee's Report of No Assets -Debtor[s] Examined. [nds] (Entered: 03/23/1998) |
| 04/01/1998 | 6 | Notice of Proposed Dismissal Re: For failure to pay balance on filing fee. [Copy to Debtor] [frmr] (Entered: 04/01/1998) |
| 04/13/1998 | 7 | Final Installment Fee Paid. [ Fnl Fee Pd $ 115,00 Receipt # 137702] [ead] (Entered: 04/13/1998) |
| 04/15/1998 | 8 | Order Discharging Debtor Helen Quiroz, Debtor Ramon O Quiroz [frmr] (Entered: 04/15/1998) |
| 04/20/1998 | 9 | Certificate of Mailing from BNC, RE: Order of Discharge. Number of Notices: 27 Date Mailed: 04/17/98. [frmr] (Entered: 04/20/1998) |
| 04/21/1998 | 10 | Final Decree Mailing Certificate Copy to Trustee, US Trustee [frmr] (Entered: 04/21/1998) |
| 04/21/1998 | | Case Closed. [frmr] (Entered: 04/21/1998) |

TITLE NO. 0761-DR18147Q2004_SUSANCRUPI BK

## ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y. 11435
(718) 291-5900   (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

## BANKRUPTCY SEARCH

Company  ADVANCED ABSTRACT SERVICES

TITLE NO. 0761-DR18147Q2004                    Date: 05/04/04

Individual Name:

SUSAN   CRUPI

Last Known Residence or Business Address:

Premises:

County: QUEENS

The result of the investigation as per last posted date:  04/19/04

[X] There is no record of a Bankruptcy Filing for the above mentioned individual or company. The following Bankruptcy Clerks office(s) have been checked:

U.S. BANKRUPTCY COURT            U.S. BANKRUPTCY COURT
L.I. FEDERAL COURTHOUSE          75 CLINTON STREET
290 FEDERAL PLAZA                BROOKLYN, N.Y. 11201
CENTRAL ISLIP, N.Y. 11722

[ ] The following information is on file:

### IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

Abstracters' Information Service Inc. does hereby certify that the records of the above governmental agency was examined and that the information recorded above is a true and accurate abstraction of the information contained therein. This search was conducted for a period of five years.
This report is submitted for information purposes only. Liability is limited to errors and omissions of information properly indexed, filed and recorded with the above governmental agency. The liability under this search shall not exceed $1,000 and shall be confined to the applicant for whom the search was made.
This search does not include filings in areas other than the Microfiche or Index Sections of the United States Bankruptcy Clerk's office. This search is exclusively for ADVANCED ABSTRACT SERVICES on 05/04/04. 0761-DR18147Q2004

TITLE NO. 0761-DR18147Q2004_SUSANCRUPI BK

## ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD    BRIARWOOD, N.Y.  11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

# BANKRUPTCY SEARCH

Company  ADVANCED ABSTRACT SERVICES

TITLE NO. 0761-DR18147Q2004                          Date: 05/04/04

Individual Name:

SUSAN  CRUPI

Last Known Residence or Business Address:

Premises:

County: QUEENS

The result of the investigation as per last posted date:  04/19/04

[X] **There is no record of a Bankruptcy Filing for the above mentioned individual or company. The following Bankruptcy Clerks office(s) have been checked:**

U.S. BANKRUPTCY COURT           U.S. BANKRUPTCY COURT
L.I. FEDERAL COURTHOUSE          75 CLINTON STREET
290 FEDERAL PLAZA                BROOKLYN, N.Y. 11201
CENTRAL ISLIP, N.Y. 11722

[ ] **The following information is on file:**

### IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

Abstracters' Information Service Inc. does hereby certify that the records of the above governmental agency was examined and that the information recorded above is a true and accurate abstraction of the information contained therein. This search was conducted for a period of five years.
This report is submitted for information purposes only. Liability is limited to errors and omissions of information properly indexed, filed and recorded with the above governmental agency. The liability under this search shall not exceed $1,000 and shall be confined to the applicant for whom the search was made.
This search does not include filings in areas other than the Microfiche or Index Sections of the United States Bankruptcy Clerk's office. This search is exclusively for ADVANCED ABSTRACT SERVICES on 05/04/04. 0761-DR1814702004

TITLE NO. 0761-DR18147Q2004_SANTOCRUPI BK

## ABSTRACTERS' INFORMATION SERVICE, INC.

138-72 QUEENS BOULEVARD     BRIARWOOD, N.Y.  11435
(718) 291-5900    (516) 742-2290    (914) 761-4451    FAX (718) 291-6681

## BANKRUPTCY SEARCH

Company   ADVANCED ABSTRACT SERVICES

TITLE NO.  0761-DR18147Q2004                                    Date:  05/06/04

Individual Name:

SANTO  CRUPI

Last Known Residence or Business Address:

Premises:

County:  QUEENS

The result of the investigation as per last posted date:  04/19/04

[X]  There is no record of a Bankruptcy Filing for the above mentioned
individual or company. The following Bankruptcy Clerks office(s)
have been checked:

    U.S. BANKRUPTCY COURT          U.S. BANKRUPTCY COURT
    L.I. FEDERAL COURTHOUSE        75 CLINTON STREET
    290 FEDERAL PLAZA              BROOKLYN, N.Y. 11201
    CENTRAL ISLIP, N.Y. 11722

[ ]  The following information is on file:

### IMPORTANT NOTICE ABOUT SEARCH INFORMATION ABOVE

Abstracters' Information Service Inc. does hereby certify that the records of the above governmental agency was
examined and that the information recorded above is a true and accurate abstraction of the information contained
therein. This search was conducted for a period of five years.
This report is submitted for information purposes only. Liability is limited to errors and omissions of information
properly indexed, filed and recorded with the above governmental agency. The liability under this search shall not
exceed $1,000 and shall be confined to the applicant for whom the search was made.
This search does not include filings in areas other than the Microfiche or Index Sections of the United States
Bankruptcy Clerk's office. This search is exclusively for ADVANCED ABSTRACT SERVICES on 05/06/04. 0761-DR18147Q2004



## BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS
### (INDIVIDUAL OR CORPORATION)

#### STANDARD NYBTU FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

*THIS INDENTURE,* made the 23rd day of June, two thousand four, between

SUSAN CRUPI, surviving tenant by the entirety, residing at 89-37 Metropolitan Avenue, Rego Park, NY

party of the first part,

*Helen Quiroz, and Jessica Angel Quiroz*
RAMON QUIROZ, residing at 40-01 203rd Street, Bayside, NY

party of the second part,

*WITNESSETH,* that the party of the first part, in consideration of ten ($10.00) dollars, lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*ALL* that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in

SEE ATTACHED SCHEDULE A

SAID PREMISES being known as 89-37 Metropolitan Avenue, Rego Park, NY
Said premises previously conveyed by deed dated 6/13/69 recorded 6/17/69 in Reel 331 Page 19.

*TOGETHER* with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

*TO HAVE AND TO HOLD* the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*AND* the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

*AND* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

*IN WITNESS WHEREOF,* the party of the first part has duly executed this deed the day and year first above written.

*IN PRESENCE OF:*

SUSAN CRUPI

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF QUEENS           )

On the 23ᴿᴰ day of June in the year 2004, before me, the undersigned, personally appeared SUSAN CRUPI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/he/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary

VATT FERDINANDI
Notary Public, State of New York
No. 01FE6083726
Qualified in Queens County
Commission Expires November 26, 2006

|  |  |
|---|---|
| | **Section:** |
| | **Block:** 3176 |
| | **Lot:** 13 |
| | **County:** QUEENS |

**BARGAIN AND SALE DEED**
with covenant against grantor's acts

SUSAN CRUPI

        to

RAMON QUIROZ

        Title # DR 18147G 2004

Return by Mail to:

ROBERT ARONOV, ESQ.
171-16 HILLSIDE AVENUE, 2ᴺᴰ FLOOR
JAMAICA, NY 11432

RE067.16
-2-

NYSBA PRACTICE FORMS 3/98

**PRINCETON RECONVEYANCE SERVICE**
**P O BOX 13309**
**Mailcode #CA3501**
**Sacramento, CA 95813-3309**
**877/867-7378**

---

12/20/05

RAMON QUIROZ
89-37 METROPOLITAN AVE
REGO PARK NY 11374-0000

Loan No.: 0322083759
Release No.: 1057872
Customer: #763 - **MERRILL LYNCH MORTGAGE CAPITAL INC.**

Dear Borrower:

This letter is to serve as notice that the above referenced loan with HomEq
Servicing Corporation for **$354,800.00** was paid off in full on **JULY 15, 2005**. The
account is now closed.

Enclosed are the original/cancelled loan documents for your retention.

A Release of Mortgage/Full Reconveyance has been executed and sent to the
appropriate county recorder for recording.

We appreciate the opportunity to have been of service to you.

Sincerely,

**Karen Williams**
**Lien Release Processor**

For HomEq Servicing Corporation

MSCOVER3

032 208 3759        1098512i



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2004063000320002001E8C2C

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 21 |
|---|---|---|
| **Document ID: 2004006300320002** | Document Date: 06-23-2004 | Preparation Date: 06-30-2004 |

Document Type: MORTGAGE
Document Page Count: 19

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| D.R. ABSTRACT, INC. | WMC MORTGAGE CORP. |
| 38-50 BELL BOULEVARD | 6320 CANOGA AVENUE |
| BAYSIDE, NY 11361 | 8TH FLOOR |
| 718-423-5333 | WOODLAND HILLS, NY 91367 |
| DR-18147 Q/2004 (AGENT FOR STEWART) | |

JAN 1 8 2005

WM-524

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| QUEENS | 3176 | 13 | Entire Lot | | 89-37 METROPOLITAN AVENUE |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel____ Page____ *or* File Number_____

**PARTIES**

| **MORTGAGER/BORROWER:** | **MORTGAGEE/LENDER:** |
|---|---|
| RAMON QUIROZ | WMC MORTGAGE CORP. |
| 40-01 203RD STREET | P.O. BOX 54089 |
| BAYSIDE, NY 11361 | LOS ANGELES, CA 90054 |

x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | Recording Fee: $ | 132.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 354,800.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 354,800.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 1,774.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 3,548.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 887.00 | | |
| MTA: | $ | 862.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 7,071.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed        10-08-2004 12:21
City Register File No.(CRFN):
                    2004000627683

*Jannette M Hill*

*City Register Official Signature*



HQ0322083759RMG M1   0007729312

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2004063000320002001C8EAC

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 21 |
|---|---|

Document ID: 2004063000320002    Document Date: 06-23-2004    Preparation Date: 06-30-2004
Document Type: MORTGAGE

**PARTIES**

**MORTGAGER/BORROWER:**
HELEN QUIROZ
40-01 203RD STREET
BAYSIDE, NY 11361

**MORTGAGER/BORROWER:**
JESSICA ANGEL QUIROZ
40-01 203RD STREET
BAYSIDE, NY 11361

PAID IN FULL