KRAMER LEVIN NAFTALIS & FRANKEL
Kenneth Eckstein
Douglas Mannal
Joseph Shifer
1177 Avenue of the Americas
New York, New York 10036

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YOUK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| Residential Capital LLC et al | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**OBJECTION TO THE MOTION TO EXTEND THE DATE BY
WHICH OBJECTIONS TO CLAIM MUST BE FILED**

COMES NOW William J Futrell, claimant, no. 725, by counsel Thomas Margolis, and objects to the motion filed by ResCap.

### BACKGROUND

The Claimant incorporates by reference the record on the matter, specifically including but not limited to record for the filings from ResCap and the Trust, notably the Motion to Estimate Claims and Establish a DCR, and the responses and objections filed by affected persons, including Futrell, no. 725, and the Response filed by Futrell against the Objection to the Futrell Claim and supporting documentation heretofore with the Court.

There were the claims filed in the instant matter, including that from Futrell, where there was a review of the same, and that included the evaluation for the claims as to which to object to, not object to, oppose, and those that would not be objected to; notwithstanding any value of the claims attached to them, respectively.

1

RECEIVED
AUG -5 2014
U.S. BANKRUPTCY COURT, SDNY

Counsel for the ResCap and the Trust engaged in the action, with the assistance of other, that resulted in the filings to the Court, objections and motions and requests to the Court; generating action by the Court with regard to specific claims and requests from ResCap and the Trust. ResCap and the Trust, respectively, have been in the position to act to bring matters to the Court and withdraw matters brought to the Court, respectively, based on their due diligence in the matter.

In the instant Futrell matter, there was the placement of the claim in the GENERAL UNLIQUIDATED Category, objection and supporting documentation submitted by Futrell, and the subsequent withdraw of the request, specifically as to the Futrell claim.

### RESPEONSE TO STATED BASIS

The Trust states specific conclusions to their actions, noting the manner in which claims have been addressed by the debtor and/or Trust, respectively. See paragraph 16.

The Trust states "…While the claims reconciliation process has been successfully addressed the vast majority of the Claims, there remain 1,620 unresolved Claims(Including duplicative claims against multiple Debtors) consisting if approximately $6.5 million in administrative expense4 claims, …and $1.0 billion in general unsecured claims, as well as 349 unliquidated claims …" (paragraph 17)

There is the xtatement from the Trust drawn to affect the "…claims reconciliation process …" (paragraph 18) , and the request to draw it out to June 15, 2015.

The Trust goes on to "…reserves the right to seek such additional extensions…" (paragraph 19)

There is the sense that the Trust would seek to use the language and any authority from the Court may grant to ResCap and/or the Trust to exercise and supplement its judgment as to claims and their resolution, to their benefit and to the detriment of the open claims filed in the matter against ResCap and the Trust, respectively.

The Trust goes on to state "...Given the magnitude of these Chapter 11 Cases and the Unresolved Claims, the Liquidating Trust submits that a nine month extension of the Claims Objection Deadline is warranted..." (paragraph 20).

This Chapter 11 bankruptcy filing commenced a process, where claims were submitted and evaluated, and ResCap and Trust were provided information for the claims, and specifically with the regard to Futrell, no. 725, where that claim was briefed out relative to controlling law, state and federal, and the submission of supporting documentation for their position in the matter. The Trust wants an extension to the Claims Objection Deadline to June 15, 2015, and Futrell objects to the request to the Court.

## CONCLUSION

The Request is made to the Court in the instant matter by the Liquidating Trust, where they state the date of June 15, 2015, but "...**reserves the right to seek additional extensions**..." (paragraph 19). They stated the desire for a **nine month** extension herein; but that timeframe for their completion of their tasks would be more, *if they unilaterally felt nine months was insufficient*. The rights of Futrell, no. 725, and other claimants would be subject to being treated to their detriment, and the benefit of ResCap and/or the Trust, respectively.

Futrell objects to the motion from the Trust.

_____
Thomas Margolis / 10189-18
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone 765-288-0600

## Certificate of Service

✓ The Honorable Martin Glen
US Bankruptcy Court
One Bowling Green
New York New York   10004


Office of US Trustee   SD NY
US Federal Building
201 Varick Street   Suite 1006
New York New York   10014


Morrison & Foerster
1290 Avenue of the Americas
New York New York   10104


Kramer Levin Naftalis Feankel
1177 Avenue of the Americas
New York  New York   10036


on  US Mail Aug 2 2014

_____
Thomas Margolis