**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## ORDER DENYING BROCK WILLIAMS' MOTION FOR RECONSIDERATION

Pending before the Court is a motion for reconsideration filed by Brock Williams (the "Motion," ECF Doc. # 7364). Through the Motion, Williams asks the Court to reconsider its June 11, 2014 *Order Granting ResCap Borrower Claims Trust's Sixty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Order," ECF Doc. # 7086) as it relates to Claim 3699 filed by Williams (the "Claim"). In his Claim, Williams asserted a $176,383.36 secured claim against Debtor Residential Capital, LLC. Following a hearing regarding the Sixty-Second Omnibus Objection (the "Objection") held on June 10, 2014, the Court entered the Order expunging Claim 3699 on the basis that the ResCap Borrower Claims Trust (the "Trust") provided sufficient legal and factual grounds to disallow the Claim. (*See* Order at 2.)

In the Motion, Williams asks the Court to hold another hearing on the Objection to address his Claim. (*See* Motion at 1.) He asserts that he is not an attorney and did not understand the Sixty-Second Omnibus Objection. (*See id.*)

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure. That Rule allows a party to seek an order altering or amending a judgment within 28 days of the issuance of the judgment. *See* Fed. R. Civ. P. 59(b). Because the Court entered the Order on June 11, 2014, Williams's deadline to file a Rule 9023 motion was July 9, 2014. He did not file the Motion until August 4, 2014, though, so the Court does not

construe his Motion as being made under Rule 9023. Rather, the Court treats the Motion as being made under Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure. That rule establishes the grounds for granting relief from a final order. Rule 9024 provides that a court may grant relief from an order for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b).

The moving party bears a heavy burden because Rule 60 provides extraordinary relief and is, therefore, generally viewed with disfavor. *Bowman v. Jack Bond* (*In re Bowman*), 253 B.R. 233, 240 (B.A.P. 8th Cir. 2000); *see also Nashkin v. Holder*, 360 Fed. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high."). The Second Circuit has explained that Rule 60(b) is "properly invoked where there are extraordinary circumstances . . . ." *Pichardo v. Ashcroft*, 374 F.3d 46, 55–56 (2d Cir. 2004) (internal quotation marks omitted).

Reconsideration may be appropriate if "there has been an intervening change of controlling law . . . new evidence [has become available], or [there is a] need to correct a clear error or prevent manifest injustice." *Id.* (internal quotations marks omitted). "'Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Nashkin*, 360 Fed. App'x at 193 (quoting *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003)).

      The Court finds that Williams has not met his burden in seeking reconsideration. He cites no newly discovered evidence or changes in controlling law relevant to his Claim. Rather, he argues only that he is not an attorney and did not understand the Objection. His claim of not understanding the Objection does not constitute extraordinary circumstances. Williams was served with the Objection on April 22, 2014 (*see* ECF Doc. # 6828), one month before his response deadline and a month and a half before the hearing date. He had plenty of time to inquire about the Objection. And the fact that Williams is *pro se* also does not constitute extraordinary circumstances. This case has involved dozens of *pro se* parties, so Williams is certainly not unique in proceeding without an attorney. The Court also wishes to make clear that the Objection to Williams's Claim was not sustained (and the Claim expunged) simply because Williams did not file a response to the Objection or appear at the hearing. The Objection was sustained because the Trust established a proper legal basis for the Court to sustain the Objection.

      Williams's Motion simply does not state a sufficient basis to warrant reconsideration of the Order. Accordingly, his Motion is **DENIED**.

Dated: August 8, 2014
       New York, New York

                                                                       **/s/Martin Glenn**
                                                                        MARTIN GLENN
                                                      United States Bankruptcy Judge