```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 12-12020-mg
 5   - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12   - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              August 11, 2014
19              9:01 AM
20
21   B E F O R E:
22   HON. MARTIN GLENN
23   U.S. BANKRUPTCY JUDGE
24
25
```

Telephone Conference, on the Record, Regarding Reed Deposition.

Transcribed by:  Aliza Chodoff

eScribers, LLC

700 West 192nd Street, Suite #607

New York, NY 10040

(973)406-2250

operations@escribers.net

```
 1
 2  A P P E A R A N C E S :  (TELEPHONIC)
 3  MORRISON & FOERSTER LLP
 4      Attorneys for Debtors
 5      250 West 55th Street
 6      New York, NY 10019
 7
 8  BY:  JORDAN A. WISHNEW, ESQ.
 9       MERYL L. ROTHCHILD, ESQ.
10
11
12  REED SMITH LLP
13      Attorneys for ResCap Borrower Claims Trust
14      599 Lexington Avenue
15      22nd Floor
16      New York, NY 10022
17
18  BY:  BARBARA K. HAGER, ESQ.
19
20
21  ALSO PRESENT:
22       FRANK REED, Pro Se Participant
23
24
25
```

                      P R O C E E D I N G S
1
2            THE COURT:  All right.  This is Judge Glenn.  We're on
3   the record in Residential Capital, number 12-12020.  This is a
4   telephone hearing on the record regarding scheduling of the
5   deposition of Ms. Reed.
6            Who is on the phone?
7            MR. REED:  Frank Reed, Your Honor.
8            THE COURT:  Thank you, Mr. Reed.
9            MS. HAGER:  Good morning.  This is Barbara Hager with
10  Reed Smith, co-counsel for the borrower claims trust.
11           THE COURT:  Thank you.
12           MR. WISHNEW:  Good morning, Your Honor.  Jordan
13  Wishnew, Morrison & Foerster, co-counsel for the borrower
14  claims trust.  Ms. Hager will be taking the lead on this
15  conference.
16           THE COURT:  Okay.
17           Ms. Hager, tell me what's the status of the efforts to
18  schedule Ms. Reed's deposition?
19           MS. HAGER:  Yes, Your Honor.  Your Honor, we sent out
20  the notice of deposition for both Mr. and Ms. Reed on August
21  1st.  And Mr. Reed, himself, was responsive and indicated that
22  he would appear on the notice date of August the 12th, but
23  rather immediately told me that Ms. Reed would be unavailable
24  due to her nursing clinical scheduling requirements.
25           I told him that I had no problem working with him to

1  try and come up with another date, and I've had numerous
2  conversations with Mr. Reed since then, attempting to schedule
3  Ms. Reed's deposition.  I'm, of course, sensitive to her other
4  scheduling requirements.  But obviously, we're on a short time
5  frame.
6          I called Mr. Reed twice last week.  I spoke with him
7  on a number of occasions, and he, I think, has been in
8  discussions with his wife.  He told me he told her that he
9  needed a date, but that she hasn't given one.  So I felt as
10 though we were getting nowhere.  I told Mr. Reed that pretty
11 much any day this week would be fine with me.  Next week, I'm
12 on vacation, but I can get somebody certainly to cover for me.
13 And of course, the deadline is the 22nd, so we're trying to get
14 everything in before that date.
15         So I just felt like we were getting nowhere and needed
16 the Court to help us get some progress on the scheduling front.
17         THE COURT:  Mr. Reed?
18         MR. REED:  I -- Ms. Hager is pretty accurate in her
19 depiction.  My wife is in her last two -- just speaking
20 factually, my wife is in her last two weeks of her nursing
21 degree, not a class, not a trivial pursuit, her actual degree.
22 I am not privy to all of her scheduling.  I know that she is
23 away from the home late hours of the day.  I mean, she's not
24 sleeping normal hours.  It is -- involves clinicals, clinical
25 testing, academic work, academic attendance of classes.

1          There's like five or six components to it, and it's
2   consuming every waking hour away from our family and has been
3   for -- to run up at the end of this degree.  And I've begged
4   her to please ask the school when, and she's very stressed and
5   frustrated.  It's not -- I don't think there's an intention to
6   be a problem, but the school is Drexel University.  They have a
7   very strict policy in the program that she's in that she cannot
8   miss.  This could cause the failure -- it's a lockstep
9   accelerated program -- the failure of the entire endeavor.  And
10  it's -- and I'm at a loss at the moment.
11          I -- I was contemplating -- since I'm -- we're not
12  talking about expansive -- I'm not calling her to discuss
13  expansive reasons.  She was not materially involved in the note
14  or the mortgage or in the negotiations with the debtors, that
15  there was some facts that I'd like her to attest to.  And I
16  thought about it even over the weekend, perhaps, Ms. Hager and
17  I could do some kind of a stipulation on the facts.  I'm
18  just -- I don't -- I'm at a very stressed position here in this
19  regard.  And I'm not -- Ms. Hager said I'm going to turn -- how
20  do you feel about me turning to the Court for this -- an order
21  for her to appear or guidance.
22          And I'm not opposed to it.  I just don't know how to
23  do it and deal with my wife of thirty-one years and, you know,
24  the pursuit that she's doing.  It is going to, hopefully,
25  provide a living for our family in the next several weeks --

1           THE COURT:  Mr. Reed, may I please --
2           MR. REED:  -- upon graduation.
3           THE COURT:  Mr. Reed, may I ask this?  You indicated
4  that she's in the last two weeks.  What is the concluding date?
5  The last two weeks --
6           MR. REED:  She said that --
7           THE COURT:  -- would end the day -- Friday the 22nd,
8  which is the last day in the discovery period.  But is that
9  when she completes?
10          MR. REED:  I will -- Your Honor, I -- she said to me a
11 couple weeks, so I'm saying the last two weeks because I'm
12 taking the word "couple".  I can find that out.  Truthfully, I
13 don't have that in front of me.  But I know, for example, I
14 thought it was just August -- the program was ending -- I don't
15 know.  And I can -- like I said, I've taken this couple week
16 inference or the two weeks for mean the common meaning of the
17 word "couple".
18          THE COURT:  Mr. Reed, I'm sensitive to the demands of
19 her nursing program.  And I'd like to try and find a way to
20 accommodate both sides' needs and concerns.  But it's very hard
21 for the Court to do that when you're not able to provide me
22 with concrete information as to -- because when you tell that
23 she's in the last two weeks of the nursing degree, by my
24 reckoning, it would take it to August 22nd or, if it covers the
25 weekend, the 23rd or 24th.

1                MR. REED:  Your Honor, when you say -- yes, because my
2    inference, again, from the word "couple" that my wife used to
3    me means two.  I can definitively find that out today --
4    probably sometime later today, even if I have to go to Drexel
5    and hunt her down to find out the exact date, even perhaps
6    finding from the department itself if I can't find my wife, the
7    date that that -- that it concludes.
8                THE COURT:  Mr. --
9                MR. REED:  And I will go to that extent to make sure
10   that I find that date.  I just don't have it in my
11   possession --
12               THE COURT:  All right.
13               MR. REED:  -- right here today at this moment on the
14   phone.
15               THE COURT:  Okay.  Ms. Hager, how long do you estimate
16   the deposition to take?  How long?
17               MS. HAGER:  Your Honor, it's hard to say exactly.  But
18   if I had to estimate, perhaps half a day.
19               THE COURT:  Okay.  I mean, it -- look, Mr. Reed has
20   been front and center with respect to this clai -- there's no
21   doubt that the claim was filed both on his behalf and his
22   wife's behalf.  The --
23               MR. REED:  Hello?
24               THE COURT:  Yes, I'm here.  I'm thinking, Mr. Reed.
25               MR. REED:  Oh, okay.  I'm sorry; I thought I'd lost

1  you.
2          THE COURT: No, that's okay.
3          MR. REED: I'd lost you one time before --
4          THE COURT: No, you didn't lose me.
5          MR. REED: -- and I didn't want to -- I want to make
6  sure I didn't again.
7          THE COURT: I'm thinking quietly. I'm looking at some
8  papers, so just hang on.
9          May I ask a different question, Mr. Reed? What
10 happened to your efforts to secure counsel?
11         MR. REED: Well, when we limited the claims to the
12 property, that -- that did limit the potential dollar recovery.
13 So that's what -- that's what happened there and I continued to
14 endeavor to find counsel in the -- in the region, in New York
15 City. I've interviewed three more counsel to see if
16 they've -- you know, how they want to do it. And the biggest
17 challenge I've had, Your Honor, is the diversity of law
18 encompassing the prosecution of the -- of the proof of claim.
19         THE COURT: I didn't want to --
20         MR. REED: Primarily --
21         THE COURT: Mr. Reed, you don't need to go into depth.
22 The last time we had a telephone conversation, you had
23 indicated that you had lined up counsel; he couldn't do it on
24 the date scheduled because of family circumstances, and --
25         MR. REED: That's correct and you had wanted it -- you

1  wanted his decision by, I think, a Thursday at 5 of that week.
2              THE COURT:  Right.
3              MR. REED:  And he said to me that he doesn't have time
4  to look that quickly, with the effect of the winnowing of the
5  damages claims we'll have, to give me a definitive answer by
6  that Thursday at 5 o'clock.  So by default, I had no answer.
7              THE COURT:  Okay.
8              MR. REED:  Therefore, that particular counsel, who was
9  interested, I could not get to commit as a result of the damage
10 restrictions.
11             THE COURT:  Okay.
12             MR. REED:  And --
13             THE COURT:  You know, on that I have to say --
14             MR. REED:  -- which put me back --
15             THE COURT:  Mr. Reed, on that score, you expressed
16 shock and surprise, is the best I can describe it, during the
17 last telephone hearing when I ruled with respect to the
18 limitation of damages.  Your shock and surprise surprised me
19 when I read the motion for reconsideration that you filed
20 before that telephone hearing and you acknowledged in writing
21 that the effect of the Court's ruling was to wipe out -- that
22 wasn't an exact term you used but pretty close -- wiped out
23 most of your claim.  So your professed shock and surprise, you
24 have a tendency to exaggerate, let me put it that way, but that
25 doesn't have to do with the scheduling of your wife's

1  deposition.
2          Here is what I would like to do.  You need to find out
3  today from your wife the precise date when the program, the
4  nursing program ends.  And you need to try and do one of two
5  things with Ms. Hager.  I'm prepared to extend the deadline for
6  the close of discovery solely with respect to Ms. Reed's
7  deposition to extend it to Friday, August 29th, essentially, a
8  one-week extension.  And, Ms. Hager, you need to try and work
9  with Mr. Reed and Ms. Reed with finding -- I'm going to permit
10 a three-hour deposition of Ms. Reed to be scheduled at a
11 mutually convenient time and place during that, no later than
12 August 29th.  Time is short before the scheduled evidentiary
13 hearing.
14         Ms. Hager, you also ought to discuss with Mr. Reed
15 whether you can forgo the deposition if he agrees that Ms. Reed
16 will not testify during the evidentiary hearing.  It's
17 certainly not clear to me what she would add, but that's -- I'm
18 not -- Mr. Reed, I want to make clear, I'm not trying to
19 preclude her from testifying, but her testifying at the hearing
20 requires her to sit for a deposition, and to do so fairly
21 promptly.  I'm certainly prepared, as I've indicated, to extend
22 that schedule by a week for her deposition alone to see whether
23 that solves the problem.
24         So what I would like Mr. Reed, you and Ms. Hager to
25 do, is see whether, by the close of business tomorrow, you can

1  get the issue resolved.  You don't need to call your wife
2  during the day today or at the Drexel program.  Hopefully, you
3  can get an answer by tomorrow morning and communicate with Ms.
4  Hager with respect to a schedule.  That's how I'd like to
5  proceed.
6          What I'd like you to do, Ms. Hager, or Mr. Wishnew, is
7  to -- hopefully, you'll be able to resolve this remaining issue
8  in, as I say in one of two ways:  either work out an agreement
9  that she won't testify and, therefore, her deposition won't be
10 necessary or arrange for her deposition to take place no later
11 than --
12          MR. REED:  Your Honor, it happened again.
13          THE COURT:  Okay.  So I'll say it again, Mr. Reed.
14          I want you and Ms. Hager to communicate.  I will -- I
15 want you to endeavor to work this out by tomorrow at 5 o'clock.
16 You don't need to call your wife during the day at the nursing
17 program or speak to anyone at Drexel about it.  Find out from
18 her the precise date when the program ends.
19          I'm providing an additional week for her deposition to
20 take place.  I've indicated it's a maximum of three hours at a
21 time and place mutually convenient.
22          I can remember when I was in practice and where I
23 had -- I had to take a deposition of someone who was working
24 and quite restricted in their time and I took their deposition
25 at night because that was a convenient time, it was a mutually

1  convenient time.  And, Ms. Hager, if that's what it has to be,
2  I'm limiting it to three hours; it can be in the evening, if
3  necessary.
4         The other option, Mr. Reed, is to talk with Ms. Hager
5  about an agreement that she'll forgo taking your wife's
6  deposition but you will not be permitted to call
7  your -- Ms. -- when I say "you", you and your wife are the
8  claimants but she would have to agree that she would not
9  testify at the hearing.
10        But, Ms. Hager, advise the Court whether you've been
11 able to work this out.  I leave for Boston for the rest of the
12 week for a program tomorrow afternoon, but I will be in
13 communication with my chambers and, if necessary, we'll find
14 the time for another telephone hearing.  I'm hoping that you
15 will get this issue resolved.
16        I'm very sensitive to the importance of Ms. Reed being
17 able to complete her nursing program and so I won't order --
18 but Mr. Reed had indicated his wife had told him that she's in
19 the last two weeks of it.  So by extending the discovery for
20 her deposition for a week, hopefully, that will satisfy it.
21 And if the program doesn't end, I would hope that she could
22 still find three hours to sit for a deposition at -- if she's
23 in the program in Philadelphia and that's where she is, well,
24 take the deposition in Philadelphia.  If it has to be in the
25 evening, do it in the evening.  But -- so I want to do

1   everything reasonably possible to accommodate Ms. Reed's
2   schedule.  I'm not trying to preclude her from testifying as a
3   witness at the evidentiary hearing.
4           So you can advise me by letter.  If need be, we'll
5   find the time for another telephone hearing.  I hope that won't
6   be necessary.  Anybody have any questions?
7           MS. HAGER:  No, Your Honor.  Thank you very much.
8           THE COURT:  Mr. Reed?
9           MR. REED:  Thank you, sir.
10          THE COURT:  Okay.  Thanks.  We're adjourned.
11       (Whereupon these proceedings were concluded at 9:19 AM)

```
 1
 2                   C E R T I F I C A T I O N
 3
 4   I, Aliza Chodoff, certify that the foregoing transcript is a
 5   true and accurate record of the proceedings.
 6
 7
 8          [signature]
 9
10   _____
11   ALIZA CHODOFF
12   AAERT Certified Electronic Transcriber CET**D-634
13
14   eScribers
15   700 West 192nd Street, Suite #607
16   New York, NY 10040
17
18   Date:  August 12, 2014
19
20
21
22
23
24
25
```