Presentment Date and Time:  August 20, 2014 at 12:00 p.m. (ET)
Objection Deadline:  August 19, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER MODIFYING THE**
**AUTOMATIC STAY TO PERMIT LIMITED THIRD PARTY DISCOVERY**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Modifying the Automatic Stay to Permit Limited Third Party Discovery* (the "Stipulation and Order"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **August 20, 2014 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No.

ny-1154163                          1

141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 19, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum and Erica J. Richards); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky); and (f) counsel to IPM, Inc., Jones, Waldo, Holbrook & McDonough, P.C., 170 South Main Street, Suite 1500, Salt Lake City Utah 84101 (Attention: Kenneth A. Okazaki, Bruce Wycoff and Taryn N. Evans).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: August 13, 2014  
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Erica J. Richards  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**STIPULATION AND ORDER MODIFYING THE**
**AUTOMATIC STAY TO PERMIT LIMITED THIRD PARTY DISCOVERY**

This Stipulation and Order (the "**Stipulation and Order**") is made and entered into by, between and among The ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the Plan (defined below) in the above-captioned bankruptcy cases (the "**Chapter 11 Cases**"), and IPM, Inc. ("**Requesting Party**" and, together with the Liquidating Trust and Debtors, the "**Parties**" and each, a "**Party**").

WHEREAS Requesting Party is a plaintiff in an action currently pending in the Third Judicial District Court, Salt Lake County, State of Utah, against Connie C. Montague and David L. Montague (together, the "**Montagues**") captioned *IPM, Inc. v. Montague*, Case No. 130906490 (the "**State Court Action**");

WHEREAS the Debtors have never been named as defendants in the State Court Action;

WHEREAS Debtor GMAC Mortgage, LLC ("**GMACM**") was the servicer for the mortgage loan(s) of the Montagues;

WHEREAS each of the debtors in the Chapter 11 Cases (the "**Debtors**") filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 14, 2012 (the "**Petition Date**");

WHEREAS on October 12, 2012, the Court entered the *Memorandum Opinion and*

ny-1152004

*Order Denying the Motions of the Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery From the Debtors* [Docket No. 1813] (the "**Discovery Injunction**");

WHEREAS on or about June 11, 2014, Requesting Party served a third-party subpoena on GMACM requesting certain documents;

WHEREAS the Debtors have not produced documents in response to the subpoena;

WHEREAS on December 11, 2013, following the confirmation hearing, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Plan went effective and the Liquidating Trust was created [Docket No. 6137].

WHEREAS the Liquidating Trust asserts that Requesting Party's non-party discovery requests are subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code pursuant to the Discovery Injunction;

WHEREAS the Liquidating Trust and Requesting Party have reached agreement under which the Liquidating Trust shall consent to a limited modification of the automatic stay and the Discovery Injunction to permit the production of certain agreed-upon documents on the terms and conditions contained herein, subject to Court approval of the Stipulation;

NOW THEREFORE, the Parties agree and stipulate as follows:

1.    The automatic stay of section 362(a) of Bankruptcy Code and the Discovery Injunction are hereby modified for these limited purposes, and subject to the terms and conditions set forth herein.

2.      The Liquidating Trust agrees to produce only the items set forth on **Exhibit A**, annexed hereto (the "**Agreed Documents**"). The Liquidating Trust shall not be required to provide any witness or other documents or items to Requesting Party under this Stipulation and Order.

3.      Requesting Party acknowledge and agree that:

   a.   Requesting Party and their affiliates have no current or prospective claims against the Debtors, the Liquidating Trust, the ResCap Borrower Claims Trust, or any of their respective affiliates; and

   b.   Requesting Party shall treat the Agreed Documents in accordance with the Stipulated Protective Order, dated November 12, 2013, entered in the State Court Action (the "**Protective Order**"); and

   c.   Requesting Party and their affiliates shall not use any of the Agreed Documents in connection with any claims against the Debtors, the Liquidating Trust, the ResCap Borrower Claims Trust, or any of their respective affiliates.

4.      This Stipulation and Order is without prejudice to the right of the Liquidating Trust to seek to enforce the automatic stay and/or the Discovery Injunction against Requesting Party in connection with any additional discovery requests or in any other context.

5.      Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

ny-1152004

6. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

8. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

9. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated August 12, 2014<br><br>/s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>250 W 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Liquidating Trust* | Dated: August 12th, 2014<br><br>/s/ Taryn N. Evans<br>Kenneth A. Okazaki<br>Bruce Wycoff<br>Taryn N. Evans<br>JONES, WALDO, HOLBROOK &<br>McDONOUGH, P.C.<br>170 South Main Street, Suite 1500<br>Salt Lake City, Utah 84101<br>Telephone: (801) 521-3200<br>Facsimile: (801) 328-0537<br><br>*Counsel for IPM, Inc.* |

New York, New York
Dated: _____, 2014

**IT IS SO ORDERED**

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE