Presentment Date and Time: **August 20, 2014 at 12:00 p.m.** (prevailing Eastern Time)
Deadline for Objections: **August 20, 2014 by 10:00 a.m.** (prevailing Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## NOTICE OF PRESENTMENT OF POST-CONFIRMATION ORDER

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. Attached hereto as **Exhibit 1** is the proposed Post-Confirmation Order (the "**Proposed Order**") of the ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries in the above-referenced chapter 11 cases (collectively, the "**Debtors**").

2. The Liquidating Trust will present the Proposed Order to the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on **August 20, 2014 at 12:00 p.m.** (prevailing Eastern Time).

3. Any objections to the Proposed Order must be in writing, filed with the Court (with a copy to Chambers) in accordance with the Court's Administrative Order Establishing Case Management Procedures [Docket No. 141] (the "**Case Management Order**"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than **August 20, 2014 at 10:00 a.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

4. If no objections to the entry of the Proposed Order are timely filed and served on or before the Objection Deadline, the Proposed Order may be entered by the Court without a hearing or any further notice to any party.  If an objection to the entry of the Proposed

Order is received in accordance with the terms of the above paragraph, the Court will schedule a hearing with respect to the relief sought in the Proposed Order.

5. The Liquidating Trust will serve this Notice via overnight mail on the parties on the Special Service List and via e-mail on the parties on the General Service List (as those terms are defined in the Case Management Order).

6. A copy of the Case Management Order and the Proposed Order can be viewed and obtained for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       August 13, 2014

                                    **KRAMER LEVIN NAFTALIS & FRANKEL LLP**

                                    /s/ Joseph A. Shifer
                                    Kenneth H. Eckstein
                                    Douglas H. Mannal
                                    Joseph A. Shifer
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 715-9100
                                    Facsimile: (212) 715-8000

                                    *Counsel for the ResCap Liquidating Trust*

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**POST-CONFIRMATION ORDER ON COMPLIANCE WITH LOCAL RULE 3021-1**

This matter having come before this Court on presentment, and the Court having reviewed and considered this *Post-Confirmation Order on Compliance with Local Rule 3021-1* (the "**Order**"), pursuant to the provisions of 11 U.S.C. § 1106(a)(7), Fed. R. Bankr. P. 3021 and Local Rule 3021-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and it appearing to the Court that proper and adequate notice of the Order has been given and that no further notice is necessary; and no objections having been filed to the presentment of the Order; and the Court having determined that the relief granted herein is appropriate; and good and sufficient cause having been shown;

It is hereby DETERMINED, FOUND, ADJUDGED AND ORDERED that:

1. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Docket No. 6065] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**").[1]  The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

2. Following the Effective Date, pursuant to the terms of the Plan and the Liquidating Trust Agreement, (i) distributions under the Plan have commenced; (ii) the assets of

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

the Debtors were vested in the ResCap Liquidating Trust (the "**Liquidating Trust**") as contemplated by the Plan to be administered by the Liquidating Trust; and (iii) the Liquidating Trust has commenced litigation related to avoidance actions and other causes of actions belonging to the Liquidating Trust, and may pursue additional such litigations (the "**Litigations**").

3. Pursuant to the Plan, the Claims Objection Deadline is currently two hundred seventy (270) days following the Effective Date. The Liquidating Trust has filed a motion seeking an extension of the Claims Objection Deadline.

4. The Liquidating Trust expects to seek entry of a final decree closing the Chapter 11 Cases upon the resolution of the Litigations, the resolution of the Disputed Claims, and the completion of distributions contemplated by the Plan.

5. In satisfaction of Local Rule 3021-1(b), and pursuant to the Plan, the Liquidating Trust Agreement and the requirements set forth in 11 U.S.C. § 1106(a)(7), the Liquidating Trust shall file, within sixty (60) days after the date of this Order, a status report detailing the actions taken by the Liquidating Trust and the progress made toward the consummation of the Plan. Reports shall be filed thereafter on or about the fifteenth (15th) day of January, April, July, and October, as appropriate, and in accordance with the provisions of Local Rule 3021-1(b) until a final decree has been entered closing the Chapter 11 Cases.

6. The Liquidating Trust shall pay all United States Trustee quarterly fees due under 28 U.S.C. § 1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on all disbursements made by each Debtor during the pendency of its chapter 11 case, including payments under the Plan and disbursements in and outside the ordinary course of the Debtors' business, until the entry of a final decree, dismissal of the case, or conversion of the case to

Chapter 7, and shall provide the United States Trustee with related disbursement information on or about the end of the month following each calendar quarter.

        7.      Entry of this Order is solely in satisfaction of the Liquidating Trust's obligations under Local Rule 3021-1(a), and shall be without prejudice to the Liquidating Trust's ability to take any and all actions authorized under the Plan, the Confirmation Order, the Liquidating Trust Agreement, and any other document related to the Plan and the conduct of the Liquidating Trust, including pursuing any objection to a Disputed Claim or cause of action, and all other matters over which the Court retains jurisdiction pursuant to the Plan and the Confirmation Order.

Dated: New York, New York
       _____, 2014

                                                        UNITED STATES BANKRUPTCY JUDGE