Balfe & Holland, P.C.
135 Pinelawn Road, Suite 125 North         **Hearing Date and Time:**
Melville, New York 11747                    **September 8, 2014, 10:00 a.m.**

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re:                                  )       Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC et al.         )       Chapter 11
                                        )
              Debtor,                   )       Jointly Administered
--------------------------------------------------------

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

**PLEASE TAKE NOTICE THAT** HSBC BANK USA, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES (hereinafter "HSBC") will move this Court at a hearing on the motion to be held before the Hon. Martin Glenn, United States Bankruptcy Judge, at the United State Bankruptcy Court for the Southern District of New York located at One Bowling Green, Room 501, New York, NY 10004 on the 8th day of September, 2014 for an Order granting HSBC relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and (2) in order to resume litigation pending in the Supreme Court of the State of New York, County of Kings.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion is filed with this Court and the undersigned in the manner prescribed by the Court in its Case Management Order filed May 23, 2012 (Document No. 141) on or before September 1, 2014, the Court may grant the relief requested in the Motion without the need for a formal hearing.

Dated: Melville, New York
       August 15, 2014

                                        Yours, Etc.

                                        BALFE & HOLLAND, P.C.

                                By:     /s/  *Lee E. Riger*
                                        Lee E. Riger (LR 1459)
                                        135 Pinelawn Road, Suite 125 North
                                        Melville, NY 11747
                                        (631) 501-1000
                                        lriger@balfeholland.com

                                        *Attorneys for HSBC*

TO:    Howard W. Rachlin, Esq.
Attorney for Lucienne Lombard
112-41 Queens Boulevard, Suite 201
Forest Hills, NY 11375

Anna M. Hershenberg, Esq.
Herrick Feinstein, LLP
Attorneys for Chicago Title Insurance Company
and Decision 200 Real Estate Services, Inc.
2 Park Avenue
New York, NY 10016

Evan W. Bolla, Esq.
Furman Kornfeld & Brennan
Attorneys for Benjamin Jacob Turner
61 Broadway, 26th Fl.
New York, NY 10006

Matthew R. Jaeger, Esq.
L'Abbate Balkin Colavita & Contini, LLP
Attorneys for Atara Hirsch-Twersky
1001 Franklin Avenue, 3rd Fl.
Garden City, NY 11530

Linda S. Charet, Esq.
Federal Deposit Insurance Corporation
New York Legal Services Office
Attorneys for Federal Deposit Insurance Corporation,
receiver for First National Bank of Nevada
350 Fifth Avenue, Suite 1200
New York, NY 10118

Allan I. Young, Esq.
Porzio Bromberg and Newman, P.C.
Attorneys for First National Bank of Nevada
156 West 56th Street
New York, NY 10019

Schuyler B. Kraus, Esq.
Hinshaw & Culbertson, LLP
Attorneys for Defendant
Residential Funding Corporation
800 Third Avenue, 13th Fl.
New York, NY 10022

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Fl.
New York, NY 10004
Attn:   Tracy Hope Davis, Esq., tracy.davis2@usdoj.gov
        Brian Matsumoto, Esq., brian.matsumoto@usdoj.gov
        Linda Riffkin, Esq., linda.riffkin@usdoj.gov

United State Department of Justice
Eric H. Holder, Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530
askdoj@usdoj.com

New York State Office of the Attorney General
The Capitol
Albany, NY 12224-0341
Attn:   Nancy Lord, Esq., nancy.lord@oag.state.ny.us
        Enid Stuart, Esq., enid.stuart@oag.state.ny.us

United State Attorney for the Southern District of New York
Civil Division
86 Chambers St., 3rd Fl.
New York, NY 10007
Attn:   Joseph Cordaro, Esq., joseph.cordaro@usdoj.gov

Residential Capital, LLC
1177 Avenue of the Americas
New York, NY 10036
Attn:   Tammy Hamzehpour, tammy.hamzehpour@gmacrescap.com

Morrison & Foerster LLP
*Attorneys for Debtor*
1290 Avenue of the Americas
New York, NY
Attn:   Larren M. Nashelsky, Esq., lnashelsky@mofo.com
        Gary S. Lee, Esq., glee@mofo.com
        Lorenzo Marinuzzi, Esq., lmarinuzzi@mofo.com

Kramer Levin Naftalis & Frankel LLP
*Attorneys for Creditors' Committee*
1177 Avenue of the Americas
New York, NY 10036
Attn:   Kenneth H. Eckstein, Esq., keckstein@kramerlevin.com
        Thomas Moers Mayer, Esq., tmayer@kramerlevin.com
        Douglas H. Mannal, Esq., dmannal@kramerlevin.com
        Jeffrey Trachtman, Esq., jtrachtman@kramerlevin.com

Citibank, N.A.
390 Greenwich Street, 6th Floor
New York, NY 10013
Attn:   Bobbie Theivakurnaran, bobbie.theivakurnaran@citi.com

Kirkland & Ellis
*Attorneys for Ally Financial Inc.*
601 Lexington Avenue
New York, NY 10022
Attn:   Richard Cieri, Esq., richard.cieri@kirkland.com
        Stephen E. Hessler, Esq., stephen.hessler@kirkland.com
        William B. Solomon, william.b.solomon@ally.com
        Timothy Devine, timothy.devine@ally.com
        projectrodeo@kirkland.com

Deutsche Bank Trust Company Americas
25 DeForest Avenue
Summit, NJ 07901
Attn:   Kevin Vargas, kevin.vargas@db.com

The Bank of New York Mellon
Asset Backed Securities Group
101 Barclay Street, 4W
New York, NY 10286

Kelley Drye & Warren LLP
*Attorneys for U.S. Bank, N.A.*
101 Park Avenue
New York, NY 10178
Attn:   James S. Carr, Esq. and Eric R. Wilson, Esq.
        kdwbankruptcydepartment@kelleydrye.com

Skadden Arps Slate Meagher & Flom LLP
*Attorneys for Barclays Bank PLC*
4 Time Square
New York, NY 10036
Attn:   Jonathan H. Hofer, Esq., jhofer@skadden.com
        Ken Ziman, Esq., ken.ziman@skadden.com
        Sarah M. Ward, Esq., sarah.ward@skadden.com
        Suzanne D.T. Lovett, Esq., suzanne.lovett@skadden.com

Fannie Mae
1835 Market St., Suite 2300
Philadelphia, PA 19103
Attn:   Peter McGonigle, peter.mcgonigle@fanniemae.com

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101

United State Securities and Exchange Commission
3 World Financial Center, Suite 400
New York, NY 10281
Attn:   George S. Canellos, Regional Director,
        secbankruptcy@sec.gov; newyork@sec.gov; bankruptcynoticeschr@sec.gov

Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067
Attn:   General Counsel

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn:   Jessica C.K. Boelter, Esq., jboelter@sidley.com
        Alex Rovira, Esq., arovira@sidley.com

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re:                                                                )
                                                                            )
RESIDENTIAL CAPITAL, LLC et al.          )          Case No. 12-12020 (MG)
                                                                            )          Chapter 11
                                      Debtor,            )          Jointly Administered
-------------------------------------------------------

**AFFIRMATION IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY**

HSBC BANK USA, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES (hereinafter "HSBC") by and through its undersigned counsel, respectfully moves this Court for an Order, pursuant to 11 U.S.C. §362(b)(1) and (2) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure for an order lifting the automatic stay with respect to action presently pending in the Supreme Court of the State of New York, Kings County for which Residential Funding Company, LLC f/k/a Residential Funding Corporation is a named Defendant.

Lee E. Riger, an attorney duly admitted to practice before this Court hereby affirms the following to be true under penalty of perjury:

FACTUAL BACKGROUND

1. On January 26, 2004, Lucienne Lombard ("Lombard") participated in a closing whereby title to real property described as Block 5231, Lot 70 within Kings County, New York, more commonly known as 499 East 29th Street, Brooklyn, NY (the "Premises") was conveyed to Farhaad Yacoob ("Yacoob").

2. A mortgage ("Mortgage #1") was given by Yacoob to Berkshire Financial Group

("Berkshire").

3. Berkshire subsequently assigned Mortgage #1 to the First National Bank of Nevada (now in receivership under the authority of FDIC) which assigned the mortgage to Residential Funding Corporation (the "Debtor"). A copy of Mortgage #1 and the subsequent assignments to First National Bank of Nevada and Debtor are annexed hereto as **Exhibit "A"**.

4. On February 15, 2005, Yacoob refinanced the Premises by giving a mortgage to Finance America, LLC ("Mortgage #2"). Finance America subsequently assigned Mortgage #2 to HSBC. A copy of Mortgage #2 and the assignment to HSBC are annexed hereto as **Exhibit "B"**.

5. HSBC is the present holder of Mortgage #2.

6. Debtor has no present interest in the Premises. Debtor has not had any interest in the Premises since July 30, 2005 when the mortgage it had held was satisfied. A copy of the satisfaction of mortgage is annexed hereto as **Exhibit "C"**.

7. Lombard commenced an action (the "State Court Action") on or about November 28, 2005 alleging that Yacoob and various other individuals and entities conspired to take title to the Premises from Lombard in order to drain its equity. Lombard also named Berkshire, First National Bank of Nevada, Debtor, Finance America and HSBC as Defendants. A copy of the Third Amended Verified Complaint dated May 8, 2007 is annexed hereto as **Exhibit "D"**.[1] The present caption of the action currently pending in Supreme Court, Kings County appears as:

---

[1] The 120+ pages of exhibits have been removed from the copy provided to the Court as they are voluminous and of no relevance to the present motion.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------------------x
LUCIENNE LOMBARD,

                     Plaintiff,

   -against-

FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME
MORTGAGE COMPANY INC., BERKSHIRE FINANCIAL
GROUP, INC., FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for FIRST NATIONAL BANK OF      Index No. 36016/05
NEVADA, RESIDENTIAL FUNDING CORPORATION,
BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY,
JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE
COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC.,
AUGUSTA UWECHUE, SPAULDING PROPERTIES INC.,
FINANCE AMERICA, LLC, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. as nominee for FINANCE
AMERICA, LLC, and HSBC BANK USA, N.A. AS TRUSTEE FOR
THE REGISTERED HOLDERS OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET
BACKED PASS-THROUGH CERTIFICATES,

                     Defendants.
----------------------------------------------------------------------------------x

      8.      It appears Debtor was named as a Defendant in the State Court Action solely in its capacity as a one-time holder of a mortgage securing the Premises.

      9.      In fact, the only cause of action asserted against Debtor is for a declaratory judgment declaring the mortgage held by Debtor (which has long since been satisfied) to be determined to be *void ab initio*. See Exhibit "D".

      10.     Since the mortgage held by Debtor was satisfied during a subsequent refinance, any relief sought against Debtor is moot.

      11.     Lombard has made no claims that Debtor was involved in any fraudulent contact.

12. In the State Court Action, Yacoob defaulted and an order was entered declaring the deed from Lombard to Yacoob *void ab initio*. A copy of the Court's order is annexed hereto as **Exhibit "E"**. As such, the mortgage presently held by HSBC, of which Yacoob was the mortgagor, is incapable of being foreclosed upon. Therefore, HSBC has no alternative but to seek equitable remedies such as, *inter alia*, equitable subrogation.

13. On or about May 14, 2012, Debtor served notice in the State Court Action of the Automatic Stay. See **Exhibit "F"**.

14. HSBC moves now so that it may prosecute its claims in the State Court Action.

15. HSBC has no remedy other than to seek relief from the stay in this Court in order to pursue its equitable claims. HSBC had previously moved to sever Lombard's claims against the Debtor, but the State Court denied HSBC's motion due to the existence of the automatic stay. A copy of the Court's Order dated February 20, 2014 is annexed hereto as **Exhibit "G"**.

16. Lombard remains in the Premises mortgage free. Mortgages for which Lombard had been the mortgagor were satisfied at the time of the allegedly fraudulent closing. See **Exhibit "H"**. HSBC is unable to foreclosure upon its mortgage.

17. HSBC must been given the opportunity to pursue its remedies in State Court.

18. It is clear that Debtor's present involvement in the State Court Action in nominal.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

20. Venue is proper in this District pursuant to 28 U.S.C. §§1408(2) and 1409.

ARGUMENT

21.     11 U.S.C. §362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."

22.     In determining whether a stay may be lifted to permit litigation to continue against the debtor in another Court, Courts have used factors articulated in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286, (2nd Cir. 1990).  See also U.S. Bank Trust Nat'l Ass'n v. AMR Corp., 730 F.3d 88 (2nd Cir. 2013); SunCal Cmtys. I LLC v. Lehman Commer. Paper, Inc., 402 Fed. Appx. 634 (2nd Cir. 2012); Case v. United States, 384 Fed. Appx. 43 (2nd Cir. 2010).

23.     The Sonnax factors include: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests [**19] of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.  907 F.2d at 1286.

    a.     Factor No. 1.  Lifting of the stay would allow for complete resolution of the issues of HSBC's concerning as it would allow the State Court Action to resume in full.

   b. Factor No. 2. The State Court Action has <u>no connection</u> with the Bankruptcy as no affirmative relief as sought against the Debtor. Prosecution of the State Court Action would in no way interfere with the administration of the Bankruptcy Action.

   c. Factor No. 3. The State Court action does <u>not</u> involve the debtor as a fiduciary.

   d. Factor No. 4. The establishment of a special tribunal is inapplicable to the circumstances herein.

   e. Factor No. 5. The undersigned is unaware as to whether Debtor's insurer has assumed Debtor's defense. However, no claims for damages have been made against Debtor, merely a claim in equity, which has been granted by the Court and is therefore moot.

   f. Factor No. 6. The action primarily concerns parties other than the Debtor.

   g. Factor No. 7. The State Court Action is *not* in a forum which would prejudice any party either geographically or substantively.

   h. Factor No. 8. There is *no* claim against Debtor in the State Court Action for damages and therefore no danger of a resultant judgment.

   i. Factor No. 9. Movant's success herein would *not* result in a judicial lien against the Debtor.

   j. Factor No. 10. The interests of judicial economy strongly favor the granting of the instant motion. The State Court Action was filed in 2005. Discovery has not yet even begun because of numerous stays resulting from receiverships, bankruptcies, appeals and other procedural delays. As the State Court Action concerns a fraud allegation of the longer that the State Court Action is stayed, the smaller the chance that there will be of obtaining witnesses who will be able to recollect and testify as to the factual circumstances surrounding the State Court Action.

        k.        Factor No. 11.  The parties are not ready for trial in the State Court Action.

        l.        Factor No. 12.  The impact of the stay upon HSBC, has and continues to be burdensome as the holder of a presently unforceable mortgage.  Presumably other parties are burdened by the stay as they wish to vindicate their positions and since the passage of time threatens to dissipate the testimonial and documentary evidence.  No party is harmed by the lifting of the stay.  The Debtor would not be harmed by the lifting of the stay.  No party would be prejudiced by lifting of the stay.

24.        Since the State Court Action concerns real property which Debtor is alleged to have an interest 11 U.S.C. §362(d)(2) may also apply.

25.        11 U.S.C. §362(d)(2) provides:

> *"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [11 U.S.C.§362(a)], such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against property under [11 U.S.C.§362(a)], if (A) the debtor does not have an equity interest in such property; and (B) such property is not necessary to an effective reorganization."*

26.        It is clear that Debtor has no equity interest in the Premises.  Debtor has made no claims to any equity interest in the Premises.

27.        In fact, in order to successfully defeat a motion made pursuant to §362(d)(2) the party opposing the motion must "not merely show that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. <u>Pegasus Agency v. Grammatikakis</u>, 101 F.3d 882, 884 (2nd Cir. 1996) *citing* <u>United States Sav. Ass'n v. Timbers of Inwood Forest Assocs.</u>, 484 U.S. 365, 375-376 (1988).

28.        It is clear that the Premises is not necessary to effect Debtor's reorganization.

29. HSBC's motion should be granted and the automatic stay should be lifted for the purposes of allowing the State Court Action to proceed.

30. 11 U.S.C. §362(d)(2) provides a mandate rather than discretionary authority. The language provides that the Court "shall" grant the appropriate relief, not that it "may" lift the stay.

WHEREFORE, HSBC respectfully requests that this Court enter an Order lifting the stay pursuant to 11 U.S.C. §362(d)(1) & (2) in order for the State Court Action to resume and for all other and further relief that this Court deems just and proper.

Dated: Melville, New York
August 15, 2014

Respectfully submitted,

BALFE & HOLLAND, P.C.

By:    /s/  *Lee E. Riger*
Lee E. Riger (LR 1459)
135 Pinelawn Road, Suite 125 North
Melville, NY 11747
(631) 501-1000
lriger@balfeholland.com

*Attorneys for HSBC*