**Exhibit D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
LUCIENNE LOMBARD,                                    Index No.: 36016/05

                       Plaintiff,

   -against-
                                                     **THIRD
FARHAAD YACOOB, NADIA YACOOB, GUARANTEED             VERIFIED
HOME MORTGAGE COMPANY INC., BERKSHIRE               AMENDED
FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF       COMPLAINT**
NEVADA, RESIDENTIAL FUNDING CORPORATION,
BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY,
JONATHAN J. MASON-KINSEY, CHICAGO
TITLE INSURANCE COMPANY, DECISION 2000 REAL
ESTATE SERVICES, INC., AUGUSTA UWECHUE,
SPAULDING PROPERTIES INC., FINANCE AMERICA, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. as nominee for FINANCE AMERICA, LLC, and HSBC
BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED
HOLDERS OF ACE SECURITIES CORP. HOME EQUITY
LOAN TRUST, SERIES 2005-HE3, ASSET BACKED
PASS-THROUGH CERTIFICATES,

                       Defendants.
-------------------------------------------------------------------X

     Plaintiff LUCIENNE LOMBARD, by her attorney, Howard W. Rachlin, Esq., for

her third verified amended complaint against Defendants FARHAAD YACOOB, NADIA

YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., BERKSHIRE

FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL

FUNDING CORPORATION, BENJAMIN JACOB TURNER, ATARA HIRSCH-

TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE

COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA

UWECHUE, SPAULDING PROPERTIES INC., FINANCE AMERICA, LLC and

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for FINANCE AMERICA, LLC, and upon information and belief, alleges as follows:

<u>PARTIES</u>

1. At all times hereinafter mentioned, LUCIENNE LOMBARD ("Plaintiff") was and still is a resident of the State of New York, County of Kings.

2. At all times hereinafter mentioned, Defendant FARHAAD YACOOB was and still is a resident of the State of New York, County of Queens.

3. At all times hereinafter mentioned, Defendant NADIA YACOOB was and still is a resident of the State of New York, County of Queens.

4. At all times hereinafter mentioned, Defendant GUARANTEED HOME MORTGAGE COMPANY INC. was and still is a corporation organized and existing under the laws of the State of New York.

5. Defendant GUARANTEED HOME MORTGAGE COMPANY INC. has its principal place of business in the County of Westchester, State of New York.

6. At all times hereinafter mentioned, Defendant BERKSHIRE FINANCIAL GROUP, INC. was and still is a corporation organized and existing under the laws of the State of New York.

7. Defendant BERKSHIRE FINANCIAL GROUP, INC. has its principal place of business in the County of Richmond, State of New York.

8. At all times hereinafter mentioned, Defendant FIRST NATIONAL BANK OF NEVADA was and still is a chartered bank.

9. Defendant FIRST NATIONAL BANK OF NEVADA conducts business in the State of New York.

10.    At all times hereinafter mentioned, Defendant RESIDENTIAL FUNDING CORPORATION was and still is a corporation organized and existing under the laws of the State of Delaware.

11.    Defendant RESIDENTIAL FUNDING CORPORATION has its principal place of business in the County of Hennepin, State of Minnesota.

12.    Defendant RESIDENTIAL FUNDING CORPORATION conducts business in the State of New York.

13.    At all times hereinafter mentioned, Defendant BENJAMIN JACOB TURNER was and still is an attorney, licensed to practice law in the State of New York and maintains his principal office in the County of Kings, State of New York.

14.    At all times hereinafter mentioned, Defendant ATARA HIRSCH-TWERSKY was and still is an attorney, licensed to practice law in the State of New York and maintains her principal office in the County of Kings, State of New York.

15    At all times hereinafter mentioned, Defendant JONATHAN G. MASON-KINSEY was and still is an attorney, licensed to practice law in the State of New York and maintains his principal office in the County of Kings, State of New York.

16.    At all times hereinafter mentioned, Defendant CHICAGO TITLE INSURANCE COMPANY was and still is a foreign insurance company organized and existing under the Insurance Laws of the State of Illinois and authorized to do business in the State of New York.

17.    Defendant CHICAGO TITLE INSURANCE COMPANY conducts business in the State of New York.

18. At all times hereinafter mentioned, Defendant DECISION 2000 REAL ESTATE SERVICES, INC. was and still is a corporation organized and existing under the laws of the State of New York.

19. Defendant DECISION 2000 REAL ESTATE SERVICES, INC. has its principal place of business in the County of Suffolk, State of New York.

20. At all times hereinafter mentioned, Defendant AUGUSTA UWECHUE was and still is a resident of the State of New York, County of Queens.

21. At all times hereinafter mentioned, Defendant AUGUSTA UWECHUE was an employee, agent or otherwise authorized to act on behalf of Defendant DECISION 2000 REAL ESTATE SERVICES, INC. and/or Defendant CHICAGO TITLE INSURANCE COMPANY.

22. At all times hereinafter mentioned, Defendant SPAULDING PROPERTIES, INC. was and still is a corporation organized and existing under the laws of the State of New York.

23. Defendant SPAULDING PROPERTIES, INC. has its principal place of business in the County of Suffolk, State of New York.

24. At all times hereinafter mentioned, Defendant FINANCE AMERICA, LLC is a foreign corporation organized and existing under the laws of the State of Delaware and was authorized to do business in the State of New York.

25. At all times hereinafter mentioned, Defendant FINANCE AMERICA, LLC conducted business in the State of New York.

26. At all times hereinafter mentioned, Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was and still is a foreign corporation organized and

existing under the laws of the State of Delaware and is authorized to do business in the

State of New York.

27.    At all times hereinafter mentioned, Defendant MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. conducted business in the State of New York.

28.    At all times hereinafter mentioned, Defendant HSBC BANK USA, N.A., AS

TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME

EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH

CERTIFICATES was and still is a state chartered bank.

29.    At all times hereinafter mentioned, Defendant HSBC BANK USA, N.A., AS

TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME

EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH

CERTIFICATES conducted business in the State of New York.

## BACKGROUND

30.    Prior to January 26, 2004, Plaintiff was the owner in fee of the following

described premises:

ALL that certain plot, piece or parcel of land, with the buildings and improvements
thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings
City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of East 29th Street distant 660 feet northerly
from the corner formed by the intersection of the easterly side of East 29th Street with
the northerly side of Avenue F;

running thence easterly and parallel with Avenue F, 100 feet to the centre line of the
block;

thence northerly along the centre line of the block and parallel with East 29th Street, 40
feet;

thence westerly and parallel with Avenue F, 100 feet to the easterly side of East 29the
Street;

thence southerly along the easterly side of East 29th Street, 40 feet to the point or place of BEGINNING

Avenue F is also known as Farragut Road.

Said premises also being known as and by street number 499 East 29th Street, Brooklyn, New York (the "Premises").

31.    At all times hereinafter mentioned, Plaintiff has occupied the first floor apartment of the Premises, a tenant occupied a portion of the second floor apartment of the Premises but has since vacated same, and Plaintiff's son occupied the other portion of the second floor apartment and, since the tenant has vacated same, Plaintiff's son currently occupies the entire second floor apartment of the Premises.

32.    At all times hereinafter mentioned, Plaintiff had been collecting rent from the tenant occupying a portion of the second floor of the Premises prior to such tenant vacating same.

33.    In December of 2003, Defendant NADIA YACOOB, who represented that she was an employee and/or agent of Defendant GUARANTEED HOME MORTGAGE COMPANY, INC., contacted Plaintiff by telephone as a cold call, represented herself as a mortgage broker and offered to act as Plaintiff's broker in the refinance of the mortgage on the Plaintiff's Premises.

34.    Said Defendant represented that she could obtain a mortgage for Plaintiff which would be large enough so as to satisfy Plaintiff's current mortgage on the Premises with Ocwen Federal Bank FSB and to use the remaining proceeds to make improvements to the Premises.

35.    Plaintiff, unsatisfied with her current mortgage lender Ocwen Federal Bank FSB, being under a threat of foreclosure decided to refinance the mortgage.

36.    On January 26, 2004, Plaintiff was telephoned by Defendant NADIA YACOOB and was told to come to said Defendant's office, located at 4701-4703 Avenue N, Brooklyn, New York at or about 6:00 PM for the refinance.

37.    Upon arriving at the office of Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY, INC., Plaintiff was driven to the address known as 2800 Kings Highway, Brooklyn, New York, where she was introduced for the first time to Defendant BENJAMIN JACOB TURNER.

38.    At said closing Plaintiff was told that Defendant BENJAMIN JACOB TURNER was an attorney purportedly there to represent her in the underlying refinance transaction.

39.    Plaintiff never spoke to Defendant BENJAMIN JACOB TURNER prior to said January 26, 2004 closing.

40.    At the closing which started on the same date at or about 7PM and held at 2800 Kings Highway, Brooklyn, New York, Plaintiff executed a number of documents, which Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and BENJAMIN JACOB TURNER represented were the necessary documents to complete the refinancing however such documents were not explained by said Defendants to Plaintiff.

41.    Plaintiff started feeling uncomfortable as she did not understand what she was signing and no one ever explained to her what she was signing.

42.    After such signing, Plaintiff noticed that Defendant FARHAAD YACOOB was also signing documents at the closing.

43. Plaintiff did not understand why a person she does not know should be signing any documents at the refinance closing of her Premises.

44. Accordingly, Plaintiff inquired from Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. as to who was the person signing the documents and why he was signing them.

45. Defendant NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. represented the signer as her husband Defendant FARHAAD YACOOB and said that he was signing the documents to help Plaintiff obtain the mortgage.

46. Plaintiff became suspicious that the mortgage broker's husband was present and was signing documents.

47. Accordingly, Plaintiff announced that she was not going through with the transaction, stopped the closing, took copies of some documents and left at approximately 10PM, thinking that the transaction was not completed.

48. Plaintiff, having no legal, real estate or mortgage expertise or experience and being an immigrant who does not fully comprehend writings in English, was under the impression that the mortgage refinance transaction was never completed and she has been and remained, at all times, the lawful owner of the Premises.

49. Defendant NADIA YACOOB knew that the day following the closing, Plaintiff was returning to her native country, Haiti for approximately two months.

50. Upon Plaintiff's return from Haiti in March of 2004, Plaintiff telephoned Defendant NADIA YACOOB, who told Plaintiff that the mortgage refinance transaction

was completed after Plaintiff had left the closing and then Defendant NADIA YACOOB

hung up on Plaintiff.

51.    Thereafter, Plaintiff telephoned Defendant BENJAMIN JACOB TURNER

and inquired regarding the whereabouts of the net proceeds from the mortgage

refinance.

52.    Defendant BENJAMIN JACOB TURNER did not provide any definitive

response to Plaintiff.

53.    In or about May 2005, Plaintiff received a letter at Plaintiff's address from

an insurance company regarding "landlords insurance", which letter was addressed to

FARHAAD YACOOB.

54.    It was not until Plaintiff received this letter, that she became aware that on

January 26, 2004 she had conveyed the Premises to Defendant FARHAAD YACOOB

without having the intention to do so or knowledge that she had done so.

55.    On or about October 28, 2005, your deponent received a Notice of Petition

and Petition, indicating that Defendant FARHAAD YACOOB commenced a holdover

proceeding against Plaintiff in the Civil Court of the City of New York, County of Kings,

Index No. 98592-2005, seeking to evict Plaintiff from the Premises and alleging that

Defendant had leased the Premises to Plaintiff pursuant to an oral rental agreement,

that the said lease expired on September 30, 2005 and that Plaintiff defaulted in paying

rent for the Premises from June 2004 through October 2005, in the total amount of $63,010.50.[1]

56.    Thereafter Plaintiff learned, the following, among other things:

(a)    that on January 26, 2004, Plaintiff had executed a deed for the Premises, whereby the Premises were fraudulently conveyed to Defendant FARHAAD YACOOB. The deed was recorded on November 26, 2004. A copy of said deed is annexed hereto as Exhibit A;

(b)    that, a Contract of Sale had never been executed prior to said conveyance;

(c)    that Defendant FARHAAD YACOOB, as mortgagor, and BERKSHIRE FINANCIAL GROUP, INC., as mortgagee, entered into an agreement, by which the latter granted the former a mortgage secured by the Premises, in the principal amount of $348,500.00. Said mortgage was recorded on November 26, 2004. A copy of said mortgage is annexed hereto as Exhibit B;

(d)    that, Defendant BERKSHIRE FINANCIAL GROUP, INC. assigned said mortgage to Defendant FIRST NATIONAL BANK OF NEVADA, which assignment was recorded on November 30, 2005. A copy of said assignment is annexed hereto as Exhibit C. Thereafter, on March 9, 2005, Defendant FIRST NATIONAL BANK OF NEVADA further assigned said mortgage to RESIDENTIAL FUNDING CORPORATION, which assignment was recorded on June 14, 2005. A copy of said assignment is annexed hereto as Exhibit D.

(e)    that on February 15, 2005, Defendant FARHAAD YACOOB, as mortgagor, and Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as a nominee for FINANCE AMERICA, LLC, as mortgagee, entered into an agreement, by which the latter granted the former a mortgage secured by the Premises, in the principal amount of $450,000.00. Said mortgage was recorded on January 4, 2006. A copy of said mortgage is annexed hereto as Exhibit E;

(f)    that on July 30, 2005, Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as a nominee for FINANCE AMERICA, LLC, as mortgagee, assigned the said mortgage to Defendant HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH

---

[1]    During the closing, which took place on January 26, 2004, Plaintiff and Defendant FARHAAD YACOOB executed an agreement, according to which Plaintiff retained "the right to live rent free in the premises for one year from the date of closing." Accordingly, even if Defendant FARHAAD YACOOB was the lawful owner of the Premises, which he is not, the said agreement, in and of itself, defeats his claim alleging rent arrears from June 2004 through and including January 2005.

CERTIFICATES, which assignment was recorded on June 15, 2006. A copy of the said assignment is annexed hereto as Exhibit F.

(g)   that Plaintiff's mortgage payable to Ocwen Federal Bank FSB was discharged on February 10, 2004 and the said discharge was recorded on July 4, 2004.

(h)   that according to the transfer documents and HUD-1 statement, Plaintiff has sold the Premises to Defendant FARHAAD YACOOB for $410,000.00, the net proceeds of which were never paid to Plaintiff although said documents indicated otherwise.

(i)   that the HUD-1 statement has a number of unexplained items. A copy of HUD-1 executed at the closing is annexed hereto as Exhibit G. For example,

i.   "seller's concession" of $6,970.00;
ii.   a payoff to "Citibank" of $42,000.00;
iii.   "net proceeds" to Plaintiff of $117,949.37, which Plaintiff never received;
iv.   seller's broker commissions in the amount of $24,000.00 payable to Defendant SPAULDING PROPERTIES INC. even though there was no sale insofar as Plaintiff did not understand that a sale of her home had taken place and Plaintiff never received any proceeds of any such alleged sale; and
v.   a "loan origination fee" of Defendant BERKSHIRE FINANCIAL GROUP INC. in the amount of $17,425.00 and other fees payable to said defendant.

(j)   that among the documents executed at the closing, there was an agreement whereby Plaintiff could reacquire the Premises from Defendant FARHAAD YACOOB within a year of the closing date for the amount of the liens on the Premises (which was the new mortgage of $348,500.00 plus title charges, brokerage fees, purchaser's bank charges and other purchaser's charges, which amounted, according to the HUD-1, to $35,514.38) although Plaintiff's payoff on her mortgage with Ocwen Federal Bank FSB was only $207,484.59.   Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY, INC. and FARHAAD YACOOB knew or should have known that Plaintiff, being unable to pay off a mortgage in the principal amount of $125,000.00, on which there was a purported amount due of $207,484.59 to Ocwen Federal Bank FSB who had as a result commenced a foreclosure proceeding against Plaintiff, she certainly could not raise $348,500.00 plus expenses within one year to repurchase the Premises, making the agreement as to Plaintiff's right to repurchase the Premises practically impossible to effectuate.   A copy of such agreement is annexed hereto as Exhibit H.

(k)   that the mortgage payoff letter received from Ocwen Federal Bank FSB apparently misrepresented the actual payoff due.   In fact, Ocwen Federal Bank FSB is currently a Defendant in a class action suit commenced against it, where

plaintiffs therein allege, among other things, that the bank engaged in fraudulent consumer practices, such as overcharging borrowers bogus service, late and escrow fees. See In re: Ocwen Federal Bank FSB Mortgage Servicing Litigation, MDL No. 1604, Case No. 04 C 2714 (District Court for the Northern District of Illinois).

57.    Defendant ATARA HIRSCH-TWERSKY as attorney for Defendant BERKSHIRE FINANCIAL GROUP INC. and as the settlement agent designated on the HUD-1, acknowledged on said document that all the statements made therein were true and correct.

58.    Defendant JONATHAN J. MASON-KINSEY represented Defendant FARHAAD YACOOB at the closing of the Premises on January 26, 2004.

59.    Defendant AUGUSTA UWECHUE is an employee, agent or otherwise authorized to act on behalf of Defendant DECISION 2000 REAL ESTATE SERVICES, INC. who acted as agent for Defendant CHICAGO TITLE INSURANCE COMPANY.

60.    Defendants AUGUSTA UWECHUE, DECISION 2000 REAL ESTATE SERVICES, INC. and/or CHICAGO TITLE INSURANCE COMPANY delivered the above described deed and the mortgage then held by Defendant BERKSHIRE FINANCIAL GROUP, INC., among other documents, for recording to the New York City Register.

61.    Defendant SPAULDING PROPERTIES INC. received real estate brokerage commissions from the above-described transaction although no sale of the Premises was intended by Plaintiff, said Defendant was never retained by Plaintiff and said Defendant was not the procuring cause of said purported sale.

## AS AND FOR A FIRST CAUSE OF ACTION:
### Actual and Constructive fraud and collusion:
### against Defendants FARHAAD YACOOB, NADIA YACOOB
### and GUARANTEED HOME MORTGAGE COMPANY INC.

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 61 of this complaint as if more fully set forth herein at length.

63.    Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., as Plaintiff's mortgage broker and in concert with FARHAAD YACOOB, represented to Plaintiff that they would help her refinance the mortgage on the Premises.

64.    As Plaintiff's mortgage broker, Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., acted in fiduciary or confidential capacity with regards to the refinancing of the Plaintiff's mortgage on the Premises.

65.    At the time said representation was made, Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB knew that said representation was false when they made it and that they never intended to help Plaintiff refinance the mortgage on the Premises, but instead, that they intended to convey the Premises to FARHAAD YACOOB.

66.    Notwithstanding such knowledge, Defendants NADIA YACOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB made various material misrepresentations to Plaintiff,

among which were the misrepresentations that the mortgage on the Premises will be refinanced and that Defendant FARHAAD YACOOB was signing documents at the closing to help Plaintiff in the refinancing.

67.    Such material misrepresentations were made by Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB with intent of deceiving Plaintiff and inducing her into signing the documents she did not understand, so that she would convey the Premises to Defendant FARHAAD YACOOB.

68.    Plaintiff reasonably relied on these material misrepresentations and was induced thereby to sign the documents which she did not understand, which conveyed the Premises to FARHAAD YACOOB.

69.    Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB induced Plaintiff into believing that the documents she was signing were necessary to complete the refinance of her mortgage on the Premises, while the documents were being signed for the purpose of effectively conveying the Premises to Defendant FARHAAD YACOOB without the intention of refinancing Plaintiff's mortgage on the Premises.

70.    Plaintiff would not have signed any of the documents at the closing, had she known of the Defendants NADIA YACOOB's, GUARANTEED HOME MORTGAGE COMPANY INC.'s and FARHAAD YACOOB's intentions of conveying the Premises to FARHAAD YACOOB.

71.    Once Plaintiff became suspicious that the broker's husband, Defendant FARHAAD YACOOB was signing the documents at the closing, she stopped the closing and walked out thinking it was never completed.

72.    Plaintiff never received any of the net proceeds from the transaction.

73.    Plaintiff did not learn of the conveyance and Defendants NADIA YACOOB's, GUARANTEED HOME MORTGAGE COMPANY INC.'s and FARHAAD YACOOB's true intentions until she received a letter to the address of the Premises from an insurance company, entitled "landlords insurance" and addressed to Defendant FARHAAD YACOOB.

74.    Moreover, as more fully described above, Defendant FARHAAD YACCOOB encumbered the Premises with a mortgage with Defendant BERKSHIRE FINANCIAL GROUP, INC., who assigned said mortgage to Defendant FIRST NATIONAL BANK OF NEVADA who further assigned it to Defendant RESIDENTIAL FUNDING CORPORATION. See Exhibits B, C and D.

75.    Thereafter, Defendant FARHAAD YACOOB gained even further financial benefit from the fraudulent transaction by entering into an agreement on February 15, 2005, by which he refinanced the Premises, whereby the mortgage with Defendant RESIDENTIAL FUNDING CORPORATION was discharged and a new mortgage was taken on the Premises with Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as a nominee for FINANCE AMERICA, LLC, in the principal amount of $450,000.00. Said mortgage, however, was not recorded until January 4, 2006. See Exhibit E;

76.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendant FARHAAD YACOOB:

(a)    declaring the deed conveying title to the Premises from the Plaintiff to defendant FARHAAD YACOOB fraudulent and declaring said deed null and void *ab initio* and of no effect, and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above described mortgage in the amount of $450,000.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance; and

(e)    awarding plaintiff all expenses of such re-conveyance.

## AS AND FOR A SECOND CAUSE OF ACTION
### Constructive Trust;
#### against Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and FARHAAD YACOOB

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 76 of this complaint as if more fully set forth herein at length.

78.    As Plaintiff's mortgage broker, Defendants NADIA YACOOB, acting individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE

COMPANY INC., acted in fiduciary or confidential capacity with regards to the refinancing of the Plaintiff's mortgage on the Premises.

79.    Plaintiff relied upon the representation made by Defendants NADIA YACOOB, acting individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., in concert with FARHAAD YACOOB, that Defendant NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. would help Plaintiff refinance her mortgage on the Premises.

80.    Plaintiff relied upon the confidential relationship between Plaintiff and Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. in executing the documents at the closing.

81.    Plaintiff never intended to transfer her property either to Defendant FARHAAD YACOOB or otherwise, and only transferred it as a result of Defendants NADIA YACOOB's, GUARANTEED HOME MORTGAGE COMPANY INC.'s and FARHAAD YACOOB's misrepresentations.

82.    The actions of Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and FARHAAD YACOOB, inducing Plaintiff to convey the Premises to FARHAAD YACOOB are fraudulent and in direct violation of the trust created by the confidential relationship between Plaintiff and Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC.

83.    Defendant FARHAAD YACOOB would be unjustly enriched if the aforementioned deed were not declared a nullity or if the Premises are not reconveyed to Plaintiff pursuant to the constructive trust created by virtue of the confidential relationship created between Plaintiff and Defendants NADIA YACOOB and

GUARANTEED HOME MORTGAGE COMPANY INC. and the fraud perpetrated against Plaintiff as a result.

84.    Plaintiff has no adequate remedy at law.

85.    As a result of the foregoing, Plaintiff requests and prays that a judgment be rendered impressing constructive trust upon Premises for the benefit of the Plaintiff:

(a) declaring the deed conveying title to the Premises from Plaintiff to Defendant FARHAAD YACOOB fraudulent and declaring said deed null and void *ab initio* and of no effect; and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above-described mortgage in the amount of $450,000.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance and,

(e)    any expenses of such re-conveyance.

## AS AND FOR THIRD CAUSE OF ACTION
### Declaratory Judgment;
### against FARHAAD YACOOB,
### BERKSHIRE FINANCIAL GROUP, INC.,
### FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL
### FUNDING CORPORAITON, FINANCE AMERICA, LLC,
### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for
### FINANCE AMERICA, LLC and HSBC BANK USA, N.A., AS TRUSTEE FOR
### THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN
### TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES

86.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 85 of this complaint as if more fully set forth herein at length.

87.    As a result of a conveyance of the Premises to Defendant FARHAAD YACOOB being fraudulent, such conveyance should be set aside as void *ab initio*.

88.    In addition, Defendant FARHAAD YACOOB executed a mortgage on the Premises in favor of Defendant BERKSHIRE FINANCIAL GROUP, INC. upon the fraudulent conveyance thereof.

89.    As Defendant FAHAAD YACOOB held title as a result of the above-described fraudulent conduct, the mortgage given by BERKSHIRE FINANCIAL GROUP, INC. was used by Defendants FARHAAD YACOOB and NADIA YACOOB in the perpetration of such fraud and should likewise be set a side as void *ab initio*.

90.    Defendants NADIA YACOOB and GUARANTEED HOME MORTAGE COMPANY INC., acted as the mortgage broker and/or agent of BERKSHIRE FINANCIAL GROUP, INC. at said closing at which Defendant ATARA HIRSH-TWERSKY acted as BERKSHIRE FINANCIAL GROUP, INC.'s attorney and/or settlement agent.

91.    Defendant BERKSHIRE FINANCIAL GROUP, INC. knew or should have known that the closing had not been completed, that Plaintiff never received the consideration set forth in the transfer documents and HUD-1 for executing said deed and conveying the Premises to Defendant FARHAAD YACOOB and that Plaintiff did not intend to transfer title to the Premises nor did Plaintiff receive the net mortgage proceeds for the mortgage loan made by Defendant BERKSHIRE FINANCIAL GROUP, INC.

92.    Defendant BERKSHIRE FINANCIAL GROUP, INC. then assigned said mortgage to FIRST NATIONAL BANK OF NEVADA who thereafter assigned said mortgage to RESIDENTIAL FUNDING CORPORATION, which mortgage was thereafter refinanced and a new mortgage was given to FINANCE AMERICA, LLC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., acting as a nominee for FINANCE AMERICA, LLC, which mortgage was subsequently assigned to Defendant HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES. However, the Notice of Pendency of this proceeding was filed with the Kings County Clerk on November 25, 2005. Accordingly, all assignors, assignees and mortgagees of the Premises who were not previously on notice of the fraud perpetrated on the Plaintiff were on notice of the fraud perpetrated on the Plaintiff and of this matter as of November 25, 2005. Consequently, such assignors, assignees and mortgagees of the Premises were also on notice of this Court's Order dated November 25, 2005, enjoining certain defendants from, *inter alia*, transferring or assigning any mortgages on the Premises.

93.    By reason of the foregoing, a judgment should be granted that said mortgages given by FARHAAD YACOOB be declared null and void *ab initio* and, accordingly directing that said mortgages and the assignments thereof be discharged of record by the City Register of the City of New York, Kings County, as against BERKSHIRE FINANCIAL GROUP, FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION, FINANCE AMERICA, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for FINANCE AMERICA, LLC, and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES.

## AS AND FOR A FOURTH CAUSE OF ACTION
### against Defendants
### FARHAAD YACOOB, NADIA YACOOB,
### GUARANTEED HOME MORTGAGE COMPANY INC., BENJAMIN
### JACOB TURNER, JONATHAN J. MASON-KINSEY and AUGUSTA UWECHUE

94.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 93 of this complaint as if more fully set forth herein at length.

95.    Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. together with Defendant BENJAMIN JACOB TURNER, as Plaintiff's purported attorney at the closing on January 26, 2004, Defendant JONATHAN J. MASON-KINSEY, as Defendant FARHAAD YACOOB's attorney at said closing, and/or AUGUSTA UWECHUE submitted the deed conveying the Premises to FARHAAD YACOOB and the above-described mortgage for recordation, although said Defendants knew or should have known that the closing was

never completed, that Plaintiff never received the consideration set forth in the transfer documents and HUD-1 for executing said deed and conveying the Premises to Defendant FARHAAD YACOOB and that Plaintiff did not intend to transfer title to the Premises nor did Plaintiff receive the net mortgage proceeds for the mortgage loan made by Defendant BERKSHIRE FINANCIAL GROUP, INC.

96.    Despite such actual or constructive knowledge, said Defendants caused the deed and the above-described mortgage to be recorded with the New York City Register, and/or submitted for recordation the documents reflecting and/or based upon numerous material misrepresentations.

97.    Plaintiff has been damaged in the amount to be determined by this Court.

98.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendants in the amount to be determined by this Court.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Conversion;
### against Defendants FARHAAD YACOOB and NADIA YACOOB

99.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 98 of this complaint as if more fully set forth herein at length.

100.    By a deed executed on January 26, 2004, the Premises were fraudulently conveyed to Defendant FARHAAD YACOOB.

101.    Defendant FARHAAD YACOOB converted the Premises to his own use by acting as the lawful owner thereof and interfering with Plaintiff's lawful ownership interest in the Premises, by he and Defendant NADIA YACOOB causing the Premises to be fraudulently conveyed to FARHAAD YACOOB without the payment of the full

consideration set forth in the transfer documents, by placing the mortgage of Defendant

BERKSHIRE FINANCIAL GROUP, INC. thereon and not delivering the net mortgage

proceeds to Plaintiff.

102.   Accordingly, Plaintiff sustained damages in the amount to be determined

by this Court.

103.   As a result of the foregoing, a judgment should be rendered in favor of

Plaintiff and against Defendant FARHAAD YACOOB and NADIA YACOOB in the

amount to be determined by this Court.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Unjust Enrichment – against Defendants
### FARHAAD YACOOB and NADIA YACOOB

104.   Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs 1 through 103 of this complaint as if more fully set forth herein

at length.

105.   By inducing Plaintiff to sign the documents at the closing, fraudulently

conveying the Premises to Defendant FARHAAD YACOOB, Defendants FARHAAD

YACOOB and NADIA YACOOB were enriched by the fair market value of the Premises

less any encumbrances thereon.

106.   Accordingly, said Defendants were unjustly enriched at the expense of

Plaintiff.

107.   Defendants FARHAAD YACOOB and NADIA YACOOB should not obtain

the benefit of the conveyance of the Premises to him, since such conveyance was

obtained by fraud, perpetrated by Defendants FARHAAD YACOOB and NADIA

YACOOB.

108. Plaintiff has been damaged in an amount to be determined by the Court.

109. As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendants FARHAAD YACOOB and NADIA YACOOB in an amount to be determined by the Court

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**Unjust Enrichment;**
**against FARHAAD YACOOB, NADIA YACOOB,**
**GUARANTEED HOME MORTGAGE COMPANY INC.,**
**BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY,**
**AUGUSTA UWECHUE, SPAULDING PROPERTIES INC.**

110. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 109 of this complaint as if more fully set forth herein at length.

111. As a result of the fraudulent conveyance of the Premises to FARHAAD YACOOB, all Defendants have been unjustly enriched at Plaintiff's expense.

112. Defendant FARHAAD YACOOB has been enriched in the amount of equitable interest he maintains on the Premises as of-the-record owner thereof, in an amount to be determined by the Court.

113. Defendant NADIA YACOOB has been enriched as Defendant FARHAAD YACOOB's lawful spouse and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC. in the amount of the monies she received as a result of the fraudulent conveyance of the Premises, said sum to be determined by this Court.

114. Defendant GUARANTEED MORTAGE COMPANY INC. was enriched as the principal of NADIA YACOOB or otherwise, in the amount of the monies it received as a result of the fraudulent conveyance of the Premises, said sum to be determined by this Court.

115.   Defendant BENJAMIN JACOB TURNER, Esq. was enriched in the amount of legal fees and other monies he received, allegedly, as a result of representing Plaintiff in the refinance transaction and/or at the closing on January 26, 2004, said sum to be determined by this Court.

116.   Defendant JONATHAN J. MASON-KINSEY, Esq. was enriched in the amount of legal fees and other monies he received, allegedly, as a result of representing Defendant FARHAAD YACOOB in the refinance transaction or at the closing on January 26, 2004, said sum to be determined by this Court.

117.   Defendant AUGUSTA UWECHUE was enriched in the amount of monies she received as representative and/or agent of Defendant DECISION 2000 REAL ESTATE SERVICES, INC. as a result of the closing on January 26, 2004, said sum to be determined by this Court.

118.   Defendant SPAULDING PROPERTIES INC. was enriched in the amount of $24,000 and other monies it received, allegedly, as Seller's broker, as a result of the closing on January 26, 2004.

119.   The said Defendants should not obtain the benefit of the conveyance of the Premises, which was procured by fraud committed by Defendants FARHAAD YACOOB, NADIA YACOOB and/or GUARANTEED HOME MORTGAGE COMPANY INC. and Plaintiff should not be responsible for the monies Defendants received, directly or indirectly, as a result of such conveyance.

120.   Plaintiff has been damaged in the amount to be determined by this Court.

121.   As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against the Defendants FARHAAD YACOOB, NADIA YACOOB,

GUARANTEED HOME MORTGAGE COMPANY INC., BENJAMIN JACOB TURNER,
JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING
PROPERTIES INC. in an amount to be determined by this Court.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Negligence;
### Against Defendant BENJAMIN JACOB TURNER

122. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 121 of this complaint as if more fully set forth herein at length.

123. Upon information and belief, Defendant BENJAMIN JACOB TURNER represented Plaintiff's interests at the closing on January 26, 2004.

124. As such, Defendant BENJAMIN JACOB TURNER owed Plaintiff a duty of care that an attorney owes to his or her client.

125. Defendant BENJAMIN JACOB TURNER violated his duty of care to Plaintiff by inadequately, incompetently and negligently representing the interests of Plaintiff in the refinance transaction insofar as (a) Plaintiff's mortgage on the Premises was never refinanced; (b) Plaintiff never received the net proceeds from the refinance or, for that matter, the conveyance of the Premises to FARHAAD YACOOB; (c) Defendant BENJAMIN JACOB TURNER never accurately described to Plaintiff the documents that she was signing at the closing on January 26, 2004, which had the unintended effect of conveying the Premises to Defendant FARHAAD YACOOB; (d) Defendant BENJAMIN JACOB TURNER caused the deed conveying the Premises to Defendant FARHAAD YACOOB be recorded even though Plaintiff stopped the closing and expressed her intention to Defendant BENJAMIN JACOB TURNER that she did not

26

GUARANTEED HOME MORTGAGE COMPANY INC., BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. in an amount to be determined by this Court.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Negligence;
### Against Defendant BENJAMIN JACOB TURNER

122.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 121 of this complaint as if more fully set forth herein at length.

123.   Upon information and belief, Defendant BENJAMIN JACOB TURNER represented Plaintiff's interests at the closing on January 26, 2004.

124.   As such, Defendant BENJAMIN JACOB TURNER owed Plaintiff a duty of care that an attorney owes to his or her client.

125.   Defendant BENJAMIN JACOB TURNER violated his duty of care to Plaintiff by inadequately, incompetently and negligently representing the interests of Plaintiff in the refinance transaction insofar as (a) Plaintiff's mortgage on the Premises was never refinanced; (b) Plaintiff never received the net proceeds from the refinance or, for that matter, the conveyance of the Premises to FARHAAD YACOOB; (c) Defendant BENJAMIN JACOB TURNER never accurately described to Plaintiff the documents that she was signing at the closing on January 26, 2004, which had the unintended effect of conveying the Premises to Defendant FARHAAD YACOOB; (d) Defendant BENJAMIN JACOB TURNER caused the deed conveying the Premises to Defendant FARHAAD YACOOB be recorded even though Plaintiff stopped the closing and expressed her intention to Defendant BENJAMIN JACOB TURNER that she did not

wish to go ahead with the closing; and (e) was otherwise negligent in representing Plaintiff.

126. But for Defendant BENJAMIN JACOB TURNER's above described actions, Plaintiff would not have conveyed the Premises to Defendant FARHAAD YACOOB and would have further avoided the damages arising from such conveyance, including the legal fees and expenses of this action.

127. Based on the foregoing, a judgment should be rendered against Defendant BENJAMIN JACOB TURNER and in favor of Plaintiff, in an amount to be determined by this Court.

## AS AND FOR A NINTH CAUSE OF ACTION
## against Defendant ATARA HIRSCH-TWERSKY

This cause of action was dismissed pursuant to Order of this Court dated September 12, 2006.

## AS AND FOR A TENTH CAUSE OF ACTION
## against Defendant SPAULDING PROPERTIES, INC.

128. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 127 of this complaint as if more fully set forth herein at length.

129. Plaintiff never retained Defendant SPAULDING PROPERTIES, INC. as her real estate broker.

130. Defendant SPAULDING PROPERTIES, INC. was not the procuring cause for the purported sale.

131. Defendant SPAULDING PROPERTIES, INC. received $24,000.00 as a result of the purported sale of the Premises.

132.   However, no sale of the Premises has taken place, as Plaintiff never received the consideration for such alleged sale set forth in the transfer documents and HUD-1.

133.   Accordingly, Defendant SPAULDING PROPERTIES INC. is not entitled for a broker's fee of $24,000.00, which it received at the closing on January 26, 2004.

134.   Plaintiff has been damaged in the amount of $24,000.00.

135.   As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendant in the amount of $24,000.00.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Usury;
### against Defendant FARHAAD YACOOB

136.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 135 of this complaint as if more fully set forth herein at length.

137:   Among the documents executed at the closing on January 26, 2004, there was an agreement whereby Plaintiff could reacquire the Premises from Defendant FARHAAD YACOOB within a year of the closing date for the amount of the liens on the Premises, which was the new mortgage of $348,500.00 plus title charges, brokerage fees, purchaser's bank charges and other purchaser's charges which amounted to $35,514.38. See Exhibit G (HUD-1) and Exhibit H (the agreement, dated January 26, 2004), between Plaintiff and Defendant FARHAAD YACOOB.

138.   However, Plaintiff's payoff on her mortgage with Ocwen Federal Bank FSB was only $207,484.59.

139. This amounts to an effective rate of interest of at least 80%, per annum, which is usurious.

140. Based on the foregoing, the judgment should be rendered against Defendant FARHAAD YACOOB in an amount to be determined by this Court.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Unconscionability:
### against Defendant FARHAAD YACOOB

141. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 140 of this complaint as if more fully set forth herein at length.

142. As more fully set forth in the preceding paragraphs, among the documents executed at the closing on January 26, 2004, there was an agreement, whereby Plaintiff could reacquire the Premises from Defendant FARHAAD YACOOB within a year of the closing date for the amount of the liens on the Premises, which was the new mortgage of $348,500.00 plus title charges, brokerage fees, purchaser's bank charges and other purchaser's charges amounting to $35,514.38.

143. Plaintiff did not have a meaningful choice as to whether to sign the agreement or to negotiate its terms, since Defendant NADIA YACOOB represented to her that the agreement, like the other documents signed at the closing, were necessary to refinance the mortgage on the Premises.

144. The agreement, however, is unenforceable due to the unconscionability of the above described terms, since Plaintiff is effectively incapable of complying with these terms, as she was unable to pay off a mortgage in the principal amount of $125,000.00, on which there was a purported amount due of $207,484.59 to Ocwen

Federal Bank FSB who had as a result commenced a foreclosure proceeding against Plaintiff.

145.    Certainly, Plaintiff could not raise $348,500.00 plus expenses within one year to repurchase the Premises.

146.    Based on the foregoing, a judgment should be rendered against Defendant FARHAAD YACOOB in the amount to be determined by this Court.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Punitive damages;
### against NADIA YACOOB, FARHAAD YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., and SPAULDING PROPERTIES, INC.

147.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 146 of this complaint as if more fully set forth herein at length.

148.    The above described actions of Defendants FARHAAD YACOOB and NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY, INC., perpetrating fraud against Plaintiff and resulting in fraudulent conveyance of property, and thereafter, refinancing the mortgage to gain further financial advantage from the fraudulent transaction, involve such a high degree of moral turpitude as to support the award of punitive damages against them.

149.    Further, Defendant SPAULDING PROPERTIES INC. knew of, substantially assisted in, and gained financially from the fraud perpetrated against Plaintiff, thereby justifying the award of punitive damages against such defendants.

150.    Based on the foregoing, a judgment should be rendered against Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME

MORTGAGE COMPANY, INC., and SPAULDING PROPERTIES INC. awarding Plaintiff punitive damages in an amount to be determined by this Court.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### Permanent Injunction;
### Against Defendants FARHAAD YACOOB and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES

151. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 150 of this complaint as if more fully set forth herein at length.

152. By reason of the foregoing Defendants FARHAAD YACOOB and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES should be permanently enjoined from:

(a)    prosecuting a holdover proceeding pending before the Civil Court of the City of New York, County of Kings, against the Plaintiff, L&T Index No. 98592-2005, and instituting or maintaining any other summary or other proceeding to evict or remove Plaintiff, members of Plaintiff's family or any other occupant from possession of the Premises known as 499 East 29th Street, Brooklyn, New York, a/k/a Block 5231 Lot 70;

(b)    entering into any contracts and/or agreements involving the Premises, offering for sale, selling, transferring, assigning, or in any way conveying the Premises to any person or entity other than Plaintiff;

(c)    executing or recording any deed transferring title to the above described premises to any person or entity other than Plaintiff;

(d)    selling, transferring, assigning, in any way conveying or foreclosing any existing mortgage or other encumbrance against the Premises;

(e)    executing, creating or recording any mortgage or other encumbrance affecting said Premises or any interest of any of the Defendants therein; and

(f)    entering into a lease with or permitting any person or entity other than Plaintiff to take possession of the said premises or collecting any rent from the 2nd floor tenant at the Premises on the grounds that the said acts of Defendants, if committed, will result in the immediate and irreparable harm, injury, loss and damage to Plaintiff.

153.    A permanent injunction so enjoining Defendants FARHAAD YACOOB and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES is necessary to protect Plaintiff's ownership interest in the Premises since Plaintiff has no adequate remedy at law as a money judgment will not adequately compensate Plaintiff for the wrongs committed by Defendants.

154.    Based on the foregoing, a judgment should be rendered against Defendants FARHAAD YACOOB and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, enjoining them as described above.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### Attorney's fees:
### against Defendants FARHAAD YACOOB, NADIA YACOOB
### and GUARANTEED HOME MORTGAGE COMPANY, INC.

155. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 154 of this complaint as if more fully set forth herein at length.

156. Defendants FARHAAD YACOOB, NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. are liable for Plaintiff's attorney's fees paid or incurred in connection with this proceeding, since Defendants underlying actions were not only in bad faith, but were culpable and dishonest and amounted to actual fraud.

157. As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendants awarding Plaintiff reasonable attorney's fees.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### Attorney's Fees:
### against Defendants BENJAMIN JACOB TURNER,
### AUGUSTA UWECHUE, SPAULDING PROPERTIES INC.

158. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 157 of this complaint as if more fully set forth herein at length.

159. By reason of the foregoing, Defendants BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. are liable for Plaintiff's attorney's fees paid or incurred in connection with this proceeding.

160. As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendants awarding Plaintiff reasonable attorney's fees.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### against Defendants FINANCE AMERICA, LLC,
#### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
### as nominee for FINANCE AMERICA, LLC and HSBC BANK,
### USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE
### SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3,
### ASSET BACKED PASS-THROUGH CERTIFICATES

161.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 160 of this complaint as if more fully set forth herein at length.

162.   After Defendant FARHAAD YACOOB caused the fraudulent conveyance of the Premises to him, he executed a mortgage on the Premises in favor of Defendant FINANCE AMERICA, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. acting as its nominee.

163.   As Defendant FAHAAD YACOOB held title as a result of the above-described fraudulent conduct, the mortgage given by FINANCE AMERICA, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. acting as its nominee, and thereafter assigned to HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, was used by Defendants FARHAAD YACOOB and NADIA YACOOB in the perpetration of such fraud and should likewise be set a side as void *ab initio*.

164.   By reason of the foregoing, a judgment should be granted that said mortgage given by FARHAAD YACOOB be declared null and void *ab initio* and, accordingly directing that said mortgage and assignment thereof be discharged of record by the City Register of the City of New York, Kings County, as against FINANCE

AMERICA, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. acting

as its nominee, and HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED

HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES

2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### against Defendant FARHAAD YACOOB

165.   Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs 1 through 164 of this complaint as if more fully set forth herein

at length.

166.   After Defendant FARHAAD YACOOB's fraudulent conveyance of the

Premises and encumbering the Premises with the first mortgage given to BERKSHIRE

FINANCIAL GROUP, INC., the said defendant gave a mortgage on the Premises in

favor of FINANCE AMERICA, LLC and MORTGAGE ELETRONIC REGISTRATION

SYSTEMS, INC. as its nominee.

167.   By doing so, Defendant FARHAAD YACOOB has further decreased the

equity in the Premises and has fraudulently utilized the proceeds of said mortgage to

further his wrongful purposes.

168.   As a result of the foregoing, the judgment should be rendered against

Defendant FARHAAD YACOOB in an amount to be determined by this Court.

## AS AND FOR A NINTEENTH CAUSE OF ACTION
### Fraud and collusion
### against BERKSHIRE FINANCIAL GROUP, INC.,
### ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY,
### CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE
### SERVICES, INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC.

169.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 168 of this complaint as if more fully set forth herein at length.

170.   Defendants BERKSHIRE FINANCIAL GROUP, INC., ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., individually and in concert with each other, by their actions, represented to Plaintiff that she was to receive the proceeds of the refinance of the subject Premises.

171.   Defendant BERKSHIRE FINANCIAL GROUP, INC. is the original mortgagee who loaned Defendant FARHAAD YACOOB the sum of $348,500.00 which was secured by a first mortgage on the Premises so as to effectuate the fraudulent sale of the Premises to him.

172.   In addition, according to the records of the City Register of the City of New York, the said Defendant BERKSHIRE FINANCIAL GROUP, INC. had financed at least three other real property purchases for Defendant FARHAAD YACOOB or Defendant NADIA YACOOB in the period of 2002 through 2004. Copies of the mortgages and cover pages for the recorded mortgages are annexed hereto as Exhibits I, J and K, respectively.

173. Defendant BERKSHIRE FINANCIAL GROUP, INC. was represented at the subject closing by Defendant ATARA HIRCSH-TWERSKY who was present in that capacity and in the capacity of the closing agent at the closing.

174. As such, Defendants BERKSHIRE FINANCIAL GROUP, INC. and ATARA HIRCSH-TWERSKY had knowledge of the circumstances of the closing in question.

175. Further, as mortgagee bank's attorney and closing agent, Defendant ATARA HIRSCH-TWERSKY was responsible for disbursing the mortgage funds at the closing and she executed the HUD-1 at the closing, representing that the subject HUD-1 statement is the statement "that [she] has prepared is a true and accurate account of this transaction" and that she "caused or will cause the funds to be disbursed in accordance with this statement". See Exhibit G.

176. It was thus Defendant ATARA HIRSCH-TWERSKY in her capacity as the attorney for BERKSHIRE FINANCIAL GROUP, INC. (the mortgagee bank) and as closing agent who should have caused the mortgage proceeds to be disbursed in accordance with the HUD-1 statement.

177. According to the HUD-1, Plaintiff sold the subject premises to Defendant FARHAAD YACOOB for $410,000.00 with $117,949.37 in net proceeds due Plaintiff. Plaintiff, however, never received such proceeds.

178. Thus, Defendant ATARA HIRSCH-TWERSKY on behalf of Defendant BERKSHIRE FINANCIAL GROUP, INC. and as closing agent misrepresented to Plaintiff that Plaintiff was to receive $117,949.37 as the net proceeds at the closing. See Exhibit G.

179.  At the time such representation was made, Defendant ATARA HIRSCH-TWERSKY and Defendant BERKSHIRE FINANCIAL GROUP, INC., knew that the said representation was false when they made it and that Plaintiff was never to receive the said proceeds and that, indeed, no refinance would take place because the Premises was to be fraudulently transferred to Defendant FARHAAD YACOOB.

180.  Further, by acknowledging the HUD-1, Defendant ATARA HIRSCH-TWERSKY represented to Plaintiff that the proceeds were disbursed pursuant thereto at the time when she knew that the proceeds were never so disbursed to Plaintiff and were never going to be so disbursed.

181.  Such representation could not have been made for any reason other than to induce Plaintiff into signing the documents at the closing and Plaintiff was so induced.

182.  Defendant ATARA HIRSCH-TWERSKY was the primary facilitator of the subject fraudulent transaction because if she had not executed the HUD-1 Defendant BERSKHIRE FINANCIAL GROUP, INC. would not have funded the mortgage which enabled Defendant FARHAAD YACOOB to defraud Plaintiff.

183.  Defendant BERKSHIRE FINANCIAL GROUP, INC. was also a primary catalyst of the fraud perpetrated on the Plaintiff, which fraud would not have been completed if the mortgage had not been given to Defendant FARHAAD YACOOB.

184.  Defendant AUGUSTA UWECHUE was an employee, agent or otherwise authorized to act on behalf of Defendants DECISION 2000 REAL ESTATE SERVICES, INC. and CHICAGO TITLE INSURANCE COMPANY, and was present at the closing in those capacities and as a closer.

185.   In addition, upon information and belief, and according to the records of the City Register of the City of New York, Defendants DECISION 2000 REAL ESTATE SERVICES, INC. and CHICAGO TITLE INSURANCE COMPANY presented and recorded documents with the City Register of the State of New York, with respect to at least two other home purchases for Defendant FARHAAD YACOOB or Defendant NADIA YACOOB in during 2003 and 2004 in which Defendant AUGUSTA UWECHUE was the title closer.  Copies of the mortgage and the cover pages for the recorded mortgages are annexed hereto as Exhibits J and K, respectively.

186.   Defendants AUGUSTA UWECHUE, CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC., individually and in concert with each other and other defendants herein, misrepresented to Plaintiff that the transaction in question and the services each of such defendants performed in connection therewith were for the purpose of refinancing the first mortgage held by Ocwen Federal on the Premises even though, contrary to such misrepresentations, the property was transferred to Defendant FARHAAD YACOOB.

187.   At the time such representation was made, the said defendants knew that the said representation was false when they made it.

188.   Further, Defendants AUGUSTA UWECHUE, CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC. caused the fraudulent deed and mortgage to be recorded in the Office of the City Register of the City of New York even though they knew that Plaintiff stopped the closing refusing to go forward with the refinance transaction.

189. Defendants AUGUSTA UWECHUE, CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC. were the primary catalysts of the subject fraudulent transaction because the fraud would not have been completed had the said defendants not insured the title to the subject Premises.

190. Defendant JONATHAN J. MASON-KINSEY represented Defendant FARHAAD YACOOB at the subject closing where Plaintiff was defrauded out of the Premises.

191. At the closing, the said defendant JONATHAN J. MASON-KINSEY misrepresented to Plaintiff that she was to receive the proceeds of what Plaintiff thought was the refinancing of her property.

192. Defendant JONATHAN J. MASON-KINSEY knew that Plaintiff would never receive such proceeds and that Defendant FARHAAD YACOOB was planning to and did defraud Plaintiff out of her property.

193. Defendant SPAULDING PROPERTIES INC. is a purported real estate broker who, according to HUD-1, received $24,000.00 in commissions.

194. Defendant SPAULDING PROPERTIES INC. misrepresented that it acted as the seller's (i.e. Plaintiff's) real estate broker, even though Plaintiff never hired the said defendant to act as such and never intended to sell the subject property.

195. All of the above misrepresentations were made by said respective defendants with intent of deceiving Plaintiff and inducing her into signing the documents she did not understand so that she would convey the Premises to Defendant FARHAAD YACOOB, from which ALL of the said respective defendants benefited financially.

196.    Plaintiff reasonably relied on such representations and was induced thereby to sign the documents which she did not understand, which conveyed the Premises to Defendant FARHAAD YACOOB.

197.    Plaintiff would not have signed any of the documents at the closing, had she known of the said defendants' intentions of furthering the fraudulent conveyance of the Premises to Defendant FARHAAD YACOOB.

198.    Plaintiff never received ANY of the proceeds from the transaction.

199.    Plaintiff did not learn of the fraudulent conveyance and of the said defendants' true intentions until she received a letter to the address of the Premises from an insurance company, entitled "landlords insurance" and addressed to Defendant FARHAAD YACOOB and the consequences of the closing were explained to her by an attorney she had hired to represent her in this proceeding.

200.    As a result of the fraud and collusion by said Defendants, Plaintiff was defrauded of the Premises, her equity therein and the proceeds of the mortgage which Plaintiff believed she was refinancing with Defendant BERKSHIRE FINANCIAL GROUP, INC.

201.    Additionally, Plaintiff's attorney was contacted by Kevin Golding, Esq., an attorney representing a former homeowner with respect to commencing an action as a result of a similar but not identical transaction, which occurred within two weeks of the subject closing.  The said transaction apparently involved the majority of the same parties named as defendants in this proceeding, including Defendant BERKSHIRE FINANCIAL GROUP, INC. as the original mortgagee, Defendant ATARA HIRSCH-TWERSKY as Defendant BERKSHIRE FINANCIAL GROUP, INC.'s attorney and

closing agent; Defendant SPAULDING PROPERTIES, INC. as the purported seller's

broker; Defendant FIRST NATIONAL BANK OF NEVADA as assignee of the said

mortgage; Defendant AUGUSTA UWECHUE as the title closer at the closing, and

Defendant JONATHAL J. MASON-KINSEY as the seller's purported attorney. A copy of

the HUD-1 from such unrelated transaction is annexed hereto as Exhibit L.  The

premises which are the subject of that transaction were ultimately transferred to Keith

Spaulding, the principal of Defendant SPAULDING PROPERTIES, INC., the purported

seller's broker.

202.  As a result of the foregoing, a judgment should be rendered in favor of

Plaintiff and against Defendants BERKSHIRE FINANCIAL GROUP, INC., ATARA

HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE

COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA UWECHUE

and SPAULDING PROPERTIES INC. in an amount to be determined by this Court.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### Aiding and Abetting Fraud
### against BERKSHIRE FINANCIAL GROUP, INC.,
### ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY,
### CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE
### SERVICES, INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC.

203.  Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs 1 through 202 of this complaint as if more fully set forth herein

at length.

204.  As more fully set forth in the preceding paragraphs, Defendants

FARHAAD YACOOB and NADIA YACOOB defrauded Plaintiff out of her property.

205.  Defendants ATARA HIRSCH-TWERSKY representing BERKSHIRE

FINANCIAL GROUP, INC., and Defendant AUGUSTA UWECHUE representing

CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC., were both present at the closing and have knowledge of the fraud perpetrated by Defendant FARHAAD YACOOB at the closing.

206. Accordingly, the said defendants have knowledge of the fact that Plaintiff never received ANY proceeds of the transaction.

207. Further, the said defendants, individually and in concert with each other, aided and abetted Defendants FARHAAD YACOOB and NADIA YACOOB by providing substantial assistance to the said defendants in accomplishing the fraudulent conveyance of the Premises to Defendant FARHAAD YACOOB, with the intention of advancing such assistance.

208. Indeed, each of the said defendants, ATARA HIRSCH-TWERSKY, BERKSHIRE FINANCIAL GROUP, INC., AUGUSTA UWECHUE, CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC. participated in the fraudulent transaction, and had a substantial role with respect to same.

209. Defendant ATARA HIRSCH-TWERSKY represented Defendant BERKSHIRE FINANCIAL GROUP, INC. and acted as a closing agent at the closing and, as such, substantially assisted Defendant FARHAAD YACOOB in the fraudulent conveyance.

210. As the mortgagee bank's attorney and closing agent, she was responsible for the disbursement of funds at the closing. As a result, she knew that Plaintiff never received any proceeds at the closing or otherwise.

211.   Defendant BERKSHIRE FINANCIAL GROUP, INC. provided financing to Defendant FARHAAD YACOOB to enable him to accomplish the fraudulent transaction and, as such substantially assisted Defendant FARHAAD YACOOB in the fraudulent conveyance.   In addition, the said defendant had financed Defendant FARHAAD YACOOB's other real property purchases as well.  See Exhibits I, J and K.   Moreover, Defendant BERKSHIRE FINANCIAL GROUP, INC. knew that no funds were disbursed at the closing since they were present at the closing by their attorney Defendant ATARA HIRSCH-TWERSKY.

212.   Defendant AUGUSTA UWECHUE represented CHICAGO TITLE INSURANCE COMPANY and/or DECISION 2000 REAL ESTATE SERVICES, INC., acted as a title closer at the subject closing and, as such substantially assisted Defendant FARHAAD YACOOB in the fraudulent conveyance.   Indeed, Defendants CHICAGO TITLE INSURANCE COMPANY and/or DECISION 2000 REAL ESTATE SERVICES, INC. acted as the title insurer and its agent, respectively, and AUGUSTA UWECHUE as their representative and title closer and said Defendants presented and recorded in the Office of the City Register of the City of New York with respect to Defendant FARHAAD YACOOB's or NADIA YACOOB's other home purchases.

213.   Defendants CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC. provided title insurance and acted as title closer for FARHAAD YACOOB.  Said defendants caused title to the Premises to be insured in the name of Defendant FARHAAD YACOOB and the mortgage held by Defendant BERKSHIRE FINANCIAL GROUP, INC. encumbering the Premises to be insured.

214. In addition, Defendants CHICAGO TITLE INSURANCE COMPANY and DECISION 2000 REAL ESTATE SERVICES, INC. recorded in the Office of the City Register of the City of New York the documents with respect to the subject fraudulent conveyance, including the deed and the mortgage. As such the said defendants substantially assisted Defendant FARHAAD YACOOB in the fraudulent conveyance.

215. Defendant JONATHAN J. MASON-KINSEY is an attorney who represented Defendant FARHAAD YACOOB at the subject closing and, as such, substantially assisted Defendant FARHAAD YACOOB in accomplishing the said fraudulent transfer.

216. Defendant SPAULDING PROPERTIES INC. a purported seller's real estate broker, received, according to HUD-1, $24,000.00 in commissions even though the seller; i.e. Plaintiff never retained such defendant as her broker. As such, Defendant SPAULDING PROPERTIES INC. substantially assisted Defendant FARHAAD YACOOB in accomplishing the said fraudulent transfer.

217. As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendants BERKSHIRE FINANCIAL GROUP, INC., ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., in the amount to be determined by this Court.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION
### Against ATARA HIRSCH-TWERSKY, JONATHAN J.
## MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC.

218. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 217 of this complaint as if more fully set forth herein at length.

219. Defendants ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. each wrongfully converted Plaintiff's equity in the Premises by receiving fees and proceeds as a result of the closing and the purported sale and mortgaging of the Premises.

220. If it was not for the said defendants services rendered for the purposes of accomplishing the purported sale of the Premises and the mortgaging of the Premises, Plaintiff would not have been defrauded out of same.

221. As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendants ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, and SPAULDING PROPERTIES INC., in the amount to be determined by this Court.

## AS AND FOR A TWENTY SECOND CAUSE OF ACTION
### Aiding and Abetting Conversion
### against ATARA HIRSCH-TWERSKY, JONATHAN J.
## MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC.

222. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 221 of this complaint as if more fully set forth herein at length.

223. As more fully set forth in the preceding paragraphs, Defendants FARHAAD YACOOB and NADIA YACOOB wrongfully converted the Premises to

Defendant FARHAAD YACOOB's own use by acting as the lawful owner thereof and interfering with Plaintiff's lawful ownership interest in the Premises, by causing the Premises to be fraudulently conveyed to Defendant FARHAAD YACOOB, without the payment of the full consideration set forth in the transfer documents, and by placing the mortgage of Defendant BERKSHIRE FINANCIAL GROUP, INC. thereon and not delivering the net mortgage proceeds to Plaintiff.

224.    Defendants ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., individually and in concert with each other, knew of such wrongful conversion at the time it was being accomplished.

225.    Defendants ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., individually and in concert with each other, provided substantial assistance to Defendants FARHAAD YACOOB and NADIA YACOOB in accomplishing such wrongful conversion of the Premises to Defendant FARHAAD YACOOB, with the intention of advancing same.

226.    Defendant ATARA HIRSCH-TWERSKY acted as Defendant BERKSHIRE FINANCIAL GROUP, INC.'s attorney and a closing agent at the closing for the subject Premises, and, as such, substantially assisted Defendant FARHAAD YACOOB in accomplishing the said wrongful conversion.

227.    Defendant JONATHAN J. MASON-KINSEY is an attorney who represented Defendant FARHAAD YACOOB at the subject closing and, as such, substantially assisted Defendant FARHAAD YACOOB in accomplishing the said wrongful conversion.

228. As such, substantially assisted the said defendant in accomplishing the said wrongful conversion.

229. Defendant AUGUSTA UWECHUE was the title closer at the subject closing and, as such, substantially assisted Defendant FARHAAD YACOOB_ in accomplishing the said wrongful conversion.

230. Defendant SPAULDING PROPERTIES INC. was a purported seller's real estate broker who, according to HUD-1, received $24,000 in commissions, and as such, substantially assisted Defendant FARHAAD YACOOB in accomplishing the said wrongful conversion.

231. As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendants ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., in the amount to be determined by this Court.

## AS AND FOR A TWENTY THIRD CAUSE OF ACTION against BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA and RESIDENTIAL FUNDING CORPORATION

232. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 231 of this complaint as if more fully set forth herein at length.

233. As a result of the foregoing, in the event that the Court determines that the current existing mortgage dated February 15, 2005 and recorded on January 4, 2006 made by Defendant FARHAAD YACOOB, as mortgagor, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for FINANCE AMERICA, LLC, as mortgagee, and currently held of record by Defendant HSBC BANK USA, N.A.

AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-
THROUGH CERTIFICATES should not be voided *ab initio*, then, in addition to all other
damages demanded herein, judgment should be rendered in favor of Plaintiff against
Defendants BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF
NEVADA and RESIDENTIAL FUNDING CORPORATION directing said Defendants to
disgorge any and all monies said Defendants received pursuant to or as a result of that
certain mortgage given by Defendant FARHAAD YACOOB, as mortgagor, to Defendant
BERKSHIRE FINANCIAL GROUP, INC., as mortgagee, dated January 26, 2004 and
recorded on November 26, 2004, which mortgage was thereafter assigned to Defendant
FIRST NATIONAL BANK OF NEVADA and thereafter further assigned to Defendant
RESIDENTIAL FUNDING CORPORATION including but not limited to any monies
received in payment of principal and/or interest due under said mortgage, loan
origination fee, application fee, underwriting fee, processing fee, document preparation
fee or otherwise or as a result of the assignment of said mortgage and any monies
received in partial or full satisfaction of said mortgage including from the proceeds of the
aforesaid current existing mortgage and to pay all such monies to the holder of the
aforesaid current existing mortgage in payment of the remaining principal balance and
all accrued interest thereon.

WHEREFORE, Plaintiff prays for a judgment of this Court,

(1)    On the first cause of action, against Defendants FARHAAD YACOOB,
NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC.:

(a)    declaring the deed conveying title to the Premises from the Plaintiff to defendant FARHAAD YACOOB fraudulent and declaring said deed null and void *ab initio* and of no effect, and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above described mortgage in the amount of $450,000.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance; and

(e)    awarding plaintiff all expenses of such re-conveyance.

(2)    On the second cause of action against Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and FARHAAD YACOOB:

(a) declaring the deed conveying title to the Premises from Plaintiff to Defendant FARHAAD YACOOB fraudulent and declaring said deed null and void *ab initio* and of no effect, and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    In the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above-described mortgage in the amount of $450,000.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    In the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance and,

(e)    any expenses of such re-conveyance.

(3)    On the third cause of action against Defendants FARHAAD YACOOB, BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION, FINANCE AMERICA, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for FINANCE AMERICA, LLC, and HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, declaring the deed to Defendant FARHAAD YACOOB as null and void *ab initio* and declaring the mortgage given to Defendant BERKSHIRE FINANCIAL GROUP, INC. assigned to FIRST NATIONAL BANK OF NEVADA, and thereafter assigned to RESIDENTIAL FUNDING CORPORATION, and thereafter refinanced, to be null and void *ab initio* and declaring the mortgage given to FINANCE AMERICA, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee FINANCE AMERICA, LLC, which was thereafter assigned to HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME

EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, to be null and void *ab initio* and directing that said mortgages and the assignments thereof be discharged of record by the City Register of the City of New York, Kings County.

(4) On the fourth cause of action against Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, and AGUSTA UWECHUE, in an amount to be determined by this Court.

(5) On the fifth cause of action against Defendants FARHAAD YACOOB and NADIA YACOOB in an amount to be determined by this Court.

(6) On the sixth cause of action against Defendants FARHAAD YACOOB and NADIA YACOOB in an amount to be determined by this Court.

(7) On the seventh cause of action against Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., in an amount to be determined by this Court.

(8) On the eighth cause of action against Defendant BENJAMIN JACOB TURNER in an amount to be determined by this Court.

(10) On the tenth cause of action against Defendant SPAULDING PROPERTIES, INC. in the amount of $24,000.00 with interest from January 26, 2004.

(11) On the eleventh cause of action against Defendant FARHAAD YACOOB, in an amount to be determined by this Court.

(12)   On the twelfth cause of action against Defendant FARHAAD YACOOB, in an amount to be determined by this Court.

(13)   On the thirteenth cause of action against Defendants NADIA YACOOB, FARHAAD YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and SPAULDING PROPERTIES INC., in an amount to be determined by this Court.

(14)   On the fourteenth cause of action against Defendants FARHAAD YACOOB and HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, permanently enjoining said defendants from:

(a)   prosecuting a holdover proceeding pending before the Civil Court of the City of New York, County of Kings, against the Plaintiff, L&T Index No. 98592-2005, and instituting or maintaining any other summary or other proceeding to evict or remove Plaintiff, members of Plaintiff's family or any other occupant from possession of the Premises known as 499 East 29th Street, Brooklyn, New York, a/k/a Block 5231 Lot 70;

(b)   entering into any contracts and/or agreements involving the Premises, offering for sale, selling, transferring, assigning, or in any way conveying the Premises to any person or entity other than Plaintiff;

(c)   executing or recording any deed transferring title to the above described premises to any person or entity other than Plaintiff;

(d)   selling, transferring, assigning, in any way conveying or foreclosing any existing mortgage or other encumbrance against the Premises;

(e)    executing, creating or recording any mortgage or other encumbrance affecting said Premises or any interest of any of the Defendants therein; and

(f)    entering into a lease with or permitting any person or entity other than Plaintiff to take possession of the said premises or collecting any rent from the 2nd floor tenant at the Premises on the grounds that the said acts of Defendants, if committed, will result in the immediate and irreparable harm, injury, loss and damage to Plaintiff.

(15)    On the fifteenth cause of action against Defendants FARHAAD YACOOB, NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY, INC., awarding Plaintiff attorneys fees incurred in connection with this proceeding;

(16)    On the sixteenth cause of action against BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC., awarding Plaintiff reasonable attorneys fees incurred in connection with this proceeding;

(17)    On the seventeenth cause of action against Defendants FINANCE AMERICA, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for FINANCE AMERICA, LLC, and HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, granting a judgment declaring a mortgage given and assigned by the above entities to Defendant FARHAAD YACOOB as null and void *ab initio* and, accordingly, directing that said mortgage and assignment be discharged of record by

the City Register of the City of New York, Kings County, as against Defendants FINANCE AMERICA, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for FINANCE AMERICA, LLC, and HSBC BANK, USA N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES.

(18)    On the eighteenth cause of action against Defendant FARHAAD YACOOB in an amount to be determined by this Court;

(19)    On the nineteenth cause of action against BERKSHIRE FINANCIAL GROUP, INC., ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. in an amount to be determined by this Court;

(20)    On the twentieth cause of action against BERKSHIRE FINANCIAL GROUP, INC., ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. in an amount to be determined by this Court;

(21)    On the twenty first cause of action against ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. in an amount to be determined by this Court;

(22)   On the twenty second cause of action against ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. in an amount to be determined by this Court;

(23)   On the twenty third cause of action against Defendant BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA and RESIDENTIAL FUNDING CORPORATION directing said Defendants to disgorge any and all monies said Defendants received pursuant to or as a result of that certain mortgage given by Defendant FARHAAD YACOOB, as mortgagor, to Defendant BERKSHIRE FINANCIAL GROUP, INC., as mortgagee, dated January 26, 2004 and recorded on November 26, 2004, which mortgage was thereafter assigned to Defendant FIRST NATIONAL BANK OF NEVADA and thereafter further assigned to Defendant RESIDENTIAL FUNDING CORPORATION including but not limited to any monies received in payment of principal and/or interest due under said mortgage, loan origination fee, application fee, underwriting fee, processing fee, document preparation fee or otherwise or as a result of the assignment of said mortgage and any monies received in partial or full satisfaction of said mortgage including from the proceeds of the current existing mortgage dated February 15, 2005 and recorded on January 4, 2006 made by Defendant FARHAAD YACOOB, as mortgagor, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for FINANCE AMERICA, LLC, as mortgagee and currently held of record by HSBC BANK USA, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES and

to pay all such monies to the holder of the aforesaid current existing mortgage in

payment of the remaining principal balance and all accrued interest thereon; and

(24)    for such further relief as this Court may deem just and proper.

Dated: New York, New York
May ___, 2007

Yours, etc.

HOWARD W. RACHLIN, ESQ.
Attorney for the Plaintiff
11 Park Place, Suite 816
New York, New York 10007
(212) 964-2552

## ATTORNEY'S VERIFICATION

The undersigned, duly admitted to the practice of law in the State of New York, affirms under the penalty of perjury that the undersigned is the attorney for plaintiff LUCIENNE LOMBARD in the within action; that the undersigned has read the foregoing Third Amended Complaint and knows the contents thereof; and that the undersigned believes those contents to be true, based upon personal knowledge and books, papers and records supplied by the foregoing parties and in possession of said attorney.

The reason this verification is made by the undersigned and not by plaintiff LUCIENNE LOMBARD is that said plaintiff is not in the county wherein the aforesaid attorney maintains his office.

Dated: New York, New York
       May 8, 2007

HOWARD W. RACHLIN