KRAMER LEVIN NAFTALIS FRANKEL LLP
Kenneth Eckstein
Douglas Mannal
Joseph Shifer
1177 Avenue of the Americas
New York, New York  10036

*Counsel for the ResCap Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



| | | |
|---|---|---|
| In re: | ) | Case No  12-12020 MG |
| | ) | |
| RESIDENTIAL CAPITAL LLC, et.al. | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

### OBJECTION TO POST CONFIRMATION ORDER ON COMPLAINCE WITH LOCAL RULE 3021-1

COMES NOW William J Futrell, claim no. 725, objects to the Post Confirmation Order on

Compliance with Local Rule 3021-1, and says:

1. Sailent portion of Local Rule 3021-1, are –
    a. Unless the Court orders otherwise (ref local rule 9074-1) the matter of *substantial consummation, including resolution of claims and resolution of avoidance…*
    b. Unless the Court orders otherwise, plan proponents or responsible person shall submit to a court a report whenever necessary, identifying the actions taken under the order, location of and steps taken to protect any funds or other property recovered on behalf of the estate…

2. ResCap Liquidating Trust filed the *Motion to Extend the Date by Which Objections of Claims Must be filed to be held August 26, 2014 @ 10:00 am, by their counsel.* Kramer Levin et.al.

3. Futrell filed an objection to that motion, where Futrell's response included the following: *The Request is made to the Court in the instant matter by the Liquidating Trust, where they state the date of June 15, 2015, but "…reserves the right to seek additional extensions…" (paragraph 19) (Conclusion).*

4. There was the filing of the *Motion for Order Estimating Claims and Establishing a Disputed Claims Reserve filed by Rescap Borrowers Claims Trust,* by their counsel, Polsenilli; and that request to the Court was withdrawn, with no prejudice to any subsequent request for the same.

5. Futrell filed an objection to that motion.

6. Deanna Horst filed a supporting declaration, noting that ...*1. I am the Chief Claims Officer for the ResCap Liquidating Trust, and previously served as Chief Claims Officer for Residential Capital LLC and its affiliates...commencing her association with ResCap in 2001...and In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery...*with the request for the extension of time. She is now in the position to make the determinations of legitimate claims in the matter, and eligibility.

7. The position of Futrell and other claimants may be further prejudiced to their detriment, by granting the Post Confirmation Order of the Court, in the instant matter, confirming any bias for ResCap or any successive entity, against Futrell and other pending claims in this Chapter 11.

8. Paragraph 2 of their order states *"...Following the effective date, pursuant to the terms of the Plan and the Liquidating Trust Agreement ... to be administered by the Liquidating Trust ...(Trust) commenced litigation related to avoidance and other causes of action belonging to the Liquidation Trust...*

9. Paragraph 3 of the order states *"...Pursuant to the Plan, the Claims Objection deadline is currently 270 days following the effective date. The Liquidating Trust has filed a motion seeking an extension of the Claims Objection Deadline...*

10. The proffered order from the Liquidating Trust makes no reference to their paragraph 19, where (they) *reserve the right to seek additional extensions*; rendering any extension that may be granted by the Court under that extension request as an *illusion* to June 15, 2015 extended deadline request.

11. Neither ResCap nor the Liquidating Trust assume any discernable responsibility for actions taken by the mortgage servicers (ie, those against Futrell) and the negative consequences that flowed to Futrell and other claimants. GMAC was the mortgage servicer at issue for Futrell.

12. The understanding of Futrell is that the principals with ResCap, Liquidating Trust, including but not limited to Deanna Horst, have been in place and where the rules under which they operate in the matter be established and/or confirmed, and Futrell not prejudiced by them.

13. Futrell is informed and believes that the Trust has the core information/personnel to act within the Effective Date heretofore set by the Court, and has acquired significant familiarity with the claims specifics to preclude the need for extensions to resolve claims in a fair, just and equitable manner for the claimants.

14. Futrell requests that the Court order be reassessed, where ResCap and/or Liquidating Trust are subject to terms under any plan that better address the rights and responsibilities of the claimant and Liquidating Trust, whatever their assigned (ie, General *Unliquidated/Unsecured*) designation for from ResCap and/or Liquidating Trust.

15. Futrell submits the objection, where Futrell requests the review of the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital LLC, etal, and the Official Committee of Unsecured Creditors (Confirmation Order)*.

16. Futrell and other claimants have been prejudiced, to their detriment, by the Trust's actions and their requested Post Confirmation Order in Compliance with Local Rule 3021-1 is objected to by Futrell.

Respectfully submitted,

_____
Thomas Margolis  10189-18
125 E Charles Street   Suite 214
Muncie IN 47305
Telephone 765-288-0600
*Counsel for William J Futrell, no. 725*

Certificate of Service

The Honorable Martin Glen
US Bankruptcy Court                        Aug 18, 2014
One Bowling Green
New York New York   10004


Office of US Trustee   SD NY
US Federal Building                        Aug 19
201 Varick Street   Suite 1006
New York New York   10014


Morrison & Foerster
1290 Avenue of the Americas                ″
New York New York   10104


Kramer Levin Naftalis Frankel              ″
1177 Avenue of the Americas
New York  New York   10036


Polsinelli                                 ″
900 Third Street 21st Florr
New York  New York   10022


On ___August 18 2014___

_____
Thomas Margolis