**Hearing Date: August 26, 2014 at 10:00 a.m. (ET)**

| | |
|---|---|
| MORRISON & FOERSTER LLP | BRADLEY ARANT BOULT CUMMINGS, LLP |
| 250 West 55th Street | 1615 L Street, NW, Suite 1350 |
| New York, New York 10019 | Washington, DC 20036 |
| Telephone:  (212) 468-8000 | Telephone: (202) 393-7150 |
| Facsimile:  (212) 468-7900 | Facsimile: (202) 719-8349 |
| Norman S. Rosenbaum | Christian Hancock |
| Jordan A. Wishnew | Monica Wilson |
| Meryl L. Rothchild | |

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBERS 283, 1353, 1696, 4692, AND 6281 <u>FILED BY PATRICK LORNE FARRELL</u>**

ny-1150657

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan")[1] confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits this reply (the "Reply")[2] to the response of claimant Patrick Lorne Farrell ("Farrell") [Docket No. 7260] (the "Response") and related addendum to the Response [Docket No. 7260] (the "Addendum") to *The ResCap Borrower Claims Trust's Objection to Claim Numbers 283, 1353, 1696, 4692, and 6281 Filed by Patrick Lorne Farrell* [Docket No. 7208] (the "Objection"). In support of the Objection, the Borrower Trust respectfully states as follows:[3]

## PRELIMINARY STATEMENT

1. After being given another opportunity to substantiate his claims against the Debtors, Farrell comes up short. The Borrower Trust conducted an in-depth review of the Farrell Claims, the record, the prior pleadings relating to bankruptcy and non-bankruptcy matters, and all of the exhibits submitted by Farrell prior to filing the Objection and the Reply. Based on the record before the Court, Farrell not only fails to show by a preponderance of the evidence the validity of any of the legal predicates for the Farrell Claims and his request for damages, but also fails to proffer admissible evidence to demonstrate any nexus between the Debtors' purported improper acts and his alleged economic damages.

---

[1] The Plan was confirmed by order of this Court dated December 11, 2013 [Docket No. 6065] and the effective date of the Plan occurred on December 17, 2013. The Plan provides for the creation and implementation of the Borrower Trust. Among other things, the Borrower Trust is responsible for prosecuting objections to Borrower Claims. *See* Plan, Art. IV.F.

[2] Capitalized terms not defined in this Reply shall have the meaning ascribed to such terms in the Objection.

[3] To the extent not addressed herein, the Borrower Trust incorporates by reference all arguments made by the Borrower Trust in the Objection.

1

ny-1150657

2. Farrell simply seeks his "house free and clear of all liens by GMAC[M] and OCWEN and WFBNA" (Response ¶ 115), but there is no rational basis for granting this request. A final judgment of foreclosure was entered in favor of Wells Fargo, as Trustee, on April 30, 2014, which also finally decided the same allegations raised by Farrell in the Farrell Claims. As discussed in the Objection, a court of competent jurisdiction decided that the claims Farrell raised in the Florida State Foreclosure Action – which are the very same claims stated in the Farrell Claims – were without merit.

3. Rather than debate the merits of the Objection, Farrell chooses to use the Response and the Addendum as a platform for proffering wholly irrelevant allegations and abhorrent, vitriolic attacks at countless parties.[4]

4. For the reasons set forth in the Objection and the Reply, the Borrower Trust respectfully requests that the Court sustain the Objection because Farrell fails to support the Farrell Claims by a preponderance of the evidence.

**REPLY**

5. In the Objection, the Borrower Trust rebutted the presumption of Farrell's prima facie claims asserted against the Debtors. *See* Objection ¶¶ 58-60; *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) (same). The Borrower Trust produced evidence at least equal in force to that provided by Farrell, and as a result, the burden shifted back to Farrell to produce additional

---

[4] For instance, out of a total of 206 paragraphs stated in the Response, paragraphs 6-9, 11-17, 27-30, 48, 50-101, and 131-199 in the Response neither support the Farrell Claims nor address the arguments set forth in the Objection.

2

evidence to prove the validity of his claims by a preponderance of the evidence. *See Allegheny*, 954 F.2d at 174; *see also Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12. Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12-13 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted) (stating an objector can negate a claim's presumptive validity and shift the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed"); Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's Objection to Claim No. 5282 of Michelle Lawson, *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) [Docket No. 7328] (Bankr. S.D.N.Y. July 31, 2014) (stating same standard); Memorandum Opinion and Order Sustaining Objection to Claim No. 6423 of Neil Larkins, *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) [Docket No. 7169] (Bankr. S.D.N.Y. June 24, 2014) (same).

    6. For the Farrell Claims to survive, Farrell must allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted). Although "[claims] drafted by pro se [claimants] are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with 'a fair understanding of what the [claimant] is complaining about and . . . whether there is a legal basis for recovery.'" *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr.

S.D.N.Y. 2013) (quoting *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005) (ellipsis in original)).

       7.      As discussed below, many of the statements in the Farrell Claims, the Response and the Addendum, as well as the exhibits submitted in support thereof, are either wholly irrelevant or fail to prove by a preponderance of the evidence that the Farrell Claims should be allowed.  For instance, Farrell appends to the Response several Registers of Actions for various cases dating back to 1994 before Florida state courts as well as bankruptcy documents related to the American Home Mortgage chapter 11 cases, even though none of these cases relate to GMACM or the Farrell Claims.  Farrell also includes a timeline entitled "Children of ISKCON vs ISKCON Timeline" from surrealist.org and the ISKCON chapter 11 case information webpage, neither of which bears any relevance to or supports the allowance of the Farrell Claims, nor do they relate to the Borrower Trust's Objection to the same.  While certain attachments are related to Farrell's Note (*e.g.*, Farrell includes a copy of the Note and copy of the assignment of mortgage, a first payment letter dated October 3, 2005 from Pinnacle to Farrell, and numerous monthly billing, home loan, and mortgage account statements), payments to Farrell's flood insurance policy, and certain of Farrell's pleadings in the Initial Farrell Action, none of these documents evidence any wrongdoing by the Debtors.

       8.      In addition, the Addendum neither presents arguments or evidence to sufficiently meet the burden of proof needed to demonstrate a valid claim against any of the Debtors, nor articulates arguments that counter those set forth by the Borrower Trust in the Objection.  To the Addendum, Farrell appends filings in certain prepetition lawsuits, neither of which involve Farrell, namely: (i) an Order Granting Defendants' Motion for Sanctions, entered in the TCIF REO2, LLC v. Leibowitz, *et al.* case, No. 16-2004-CA-4835-XXXX-MA, by the

Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida; and (ii) an Order on Four Pending Motions, entered in *Federal National Mortgage Assoc. v. Nicolle Bradbury and GMAC Mortgage, LLC d/b/a DiTech, LLC and Bank of America, NA*, No. BRI-RE-09-65, by the Bridgton District Court in the State of Maine, Cumberland. Since the Addendum and its exhibits fail to contribute to Farrell's sufficiency of proof, the Objection to the Farrell Claims should be sustained.

A.     **Farrell Does Not Provide Evidence in Support of Fraud and "Theft" Claims Against Debtors**

9.     To support his fraud claim, Farrell "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In order to meet the particularity requirement of Rule 9(b), a plaintiff [must] allege the time, place, and content of the misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d 498, 503 (6th Cir. 2013) (alteration in original) (internal quotation marks omitted).

10.     Here, Farrell proffers unsubstantiated, conclusory statements to support his claims, asserting that he is "a victim of mortgage fraud" and his mortgage "note is Void for Fraud." *See* Response ¶¶ 2, 10, 21; *see also* Addendum ¶¶ 60-61. Farrell also claims that his Note was "pledged, without [his] knowledge or consent into an Illegal, Unlawful Wall Street Fraud scheme, where a $280,000 home was collateralized 30 times value, allowing GMAC[M], WELLS FARGO, OCWEN, to 'capitalize' [HIS] equity and property for their benefit." *See* Response ¶ 4. Further, Farrell alleges that GMACM should pay damages to him on account of:

> $18,000 stolen at the closing of alleged loan, $7,128 stolen by forced placed insurance by GMAC, $80,000 spent by Farrell to build home falsely appraised for $465,000, now worth only $200,000, $40,000 spent in litigation costs, due to GMAC[M] foreclosure case under contract for Power of Attorney since JAN

5

ny-1150657

> 2008. Illegal groundless claims to foreclose by GMAC[M] on fraud based on bank note violating state and federal laws . . . .

Response ¶¶ 32-36; *see e.g., id.* ¶¶ 103-05 (alleging GMACM falsely charged Farrell for force-placed insurance), 129; *see also* Addendum ¶ 61. Farrell attempts to link the consensual vacation of the March 24, 2009 foreclosure judgment (*see* Exhibit E to the Delehey Declaration) as evidence of GMACM's fraud, but there is nothing to support this allegation. Rather, as stated in said order, the parties were continuing to litigate claims, and ultimately, the Florida State Foreclosure Action was joined with the Farrell Initiated Action to form the Consolidated State Action so that all claims could be litigated within a single court. *See* Objection ¶ 19; *see also* Delehey Declaration ¶ 18.

11. Farrell fails to proffer any admissible evidence of the Debtors' purported "theft" and fraud that he contends should void the Note and all payments to GMACM. *See* Response ¶ 18. Neither the Response nor the Addendum nor the documents appended to each counter the Borrower Trust's argument that Farrell has failed to state a claim of fraud against any of the Debtors, let alone GMACM. *See* Objection ¶ 68, n.12. Moreover, Farrell does not sufficiently counter the Borrower Trust's assertion that the Debtors did not improperly charge Farrell for forced place insurance. *See id.* ¶¶ 71-73, 100; *see also* to the Delehey Declaration ¶ 10 and Mortgage at 5, Exhibit R annexed thereto. Instead, Farrell makes the same conclusory allegation that he was overcharged for these payments. *See* Response ¶¶ 124-28. Therefore, these claims should fail because Farrell fails to cite any relevant legal authority or offer contrary factual evidence to support his fraud claim or claims for improper force placed insurance charges.

12. Although Farrell makes statements in the Response and the Addendum, and appends documents to each purportedly in support of the Farrell Claims, these attachments

fail to qualify as sufficient, let alone relevant, evidence in support of the Farrell Claims against the Debtors. In the Addendum, Farrell refers to certain prepetition non-bankruptcy matters (referenced in Paragraph 7 above), which involve GMACM but which <u>do not</u> include Farrell as a party. Farrell's attempt to use these lawsuits as demonstrative of how he was purportedly wronged by the Debtors and a victim of purported robo-signers of loan-related documents falls well short of the burden of proof that he must meet to show that the Farrell Claims are valid. They are inapplicable to him and cannot be used as evidence to support his claims. In sum, none of the allegations in either the Response or the Addendum provide evidence to show how Farrell was personally harmed or damaged by the Debtors.

B.  **Farrell Does Not Adequately Object to the Borrower Trust's *Res Judicata* Argument as a Basis to Disallow the Farrell Claims**

13. Farrell summarily dismisses the Borrower Trust's arguments that the doctrine of *res judicata* precludes Farrell from raising the Farrell Claims in the Chapter 11 Cases. *See, e.g.*, Response ¶¶ 23, 39, 44 ("RES JUDICATA is Void and counsel's argument is Void."); *see also* Addendum ¶ 61 ("THEREFORE there is NO Res Judicata and Farrell's Claims should be paid in full for the $283,000 note and other costs and/or 7 years of needless litigation, as evidenced submitted shows Farrell rescinded the fraudulent note in JAN 2008."). Farrell neither counters any of the Borrower Trust's arguments that the issues were, or should have been, litigated in the Consolidated State Action, nor that all elements required for the application of *res judicata* have been met in these circumstances, particularly since a court of competent jurisdiction entered a final judgment of foreclosure against Farrell and specifically found his arguments to be without merit. *See* Objection ¶¶ 55-64, 77; *see also* Delehey Declaration ¶ 21 and <u>Exhibit H</u> annexed thereto. Instead, the Response repeats the very same arguments stated in

his responsive pleading to the Foreclosure Complaint (*see* Objection ¶ 67; *see also* <u>Exhibit 1-A</u> to the Objection), and the Addendum equally fails to rebut the Borrower Trust's evidence.

14. Furthermore, in the Response, Farrell argues that "[t]he foreclosure and summary judgment is Void for lack of standing, being filed by wrong party," claiming that the Note was never put into the Impac Secured Assets 2005-2 trust, and states in general terms that GMACM's purported fraudulent acts and violations of state and federal law voids the underlying basis for the Florida State Foreclosure Action. *See* Response ¶¶ 22, 33-39. This allegation – seeking to avoid foreclosure based on the securitization of the Note – has been repeatedly dismissed by Florida courts. *See* Objection ¶ 70. Farrell further asserts that GMACM lost its right to service the mortgage back in November 26, 2007 in AHM BRC case 07-11047, which voids the Foreclosure Complaint filed against Farrell (Response ¶¶ 41-42, 106-11), but provides no legal or factual evidence in support of the same. GMACM, as servicer of the Note, had standing to bring the Foreclosure Complaint on behalf of the foreclosing plaintiff, Wells Fargo, as Trustee. *See Mortgage Electronic Registration Systems, Inc. v. Revoredo*, 955 So.2d 33 (Fla. 3d DCA 2007) (noting that Florida recognizes servicers' standing along with the "clear majority of cases which have considered the question of [a mortgage servicer's] standing to maintain mortgage foreclosure proceedings"); *see also Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So.2d 151, 153-54 (Fla. 2d DCA 2007)." For these reasons, Farrell's objection to the Borrower Trust's argument that *res judicata* should bar the Farrell Claims from being allowed in the Chapter 11 Cases should fail.

C. **Farrell Fails to Adequately Counter the Facts Stated in the Objection**

15. In the Response, Farrell claims that the Borrower Trust "falsely states" that Wells Fargo as Trustee is the investor of the Note. *See* Response ¶ 119. Wells Fargo, as Trustee, is the current investor. *See* Objection ¶ 12; *see also* Delehey Declaration ¶ 8. Farrell

8

ny-1150657

continues to claim that GMACM and Wells Fargo as Trustee are committing identity theft (Response ¶ 120) but nothing besides general allegations are proffered to support this allegation. Farrell's assertion that he stopped making monthly payments on the Note because "[he] know [he] was contributing to a RICO scheme" (Response ¶ 121) is unfounded and is unsupported by any facts or legal basis. Nor does Farrell provide evidence that GMACM demanded inflated monthly payments of $36,000 (Response ¶ 46).

16.     In short, Farrell does not submit any new evidence or arguments that sufficiently support the Farrell Claims or counter the Borrower Trust's defenses against the same. Farrell merely repeats the same factual inaccuracies as set forth in the various filings within the Consolidated State Action and the Farrell Claims themselves, and such statements should not be given any weight.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests that the Court overrule the Response and the Addendum, and grant the relief requested in the Objection by disallowing and expunging the Farrell Claims in their entirety.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: August 21, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Meryl L. Rothchild<br>MORRISON & FOERSTER LLP<br>250 West 55th St.<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>1615 L Street, NW, Suite 1350<br>Washington, DC 20036<br>Telephone: (202) 393-7150<br>Facsimile: (202) 719-8349<br>Christian Hancock<br>Monica Wilson<br><br>*Counsel for The ResCap Borrower Claims Trust* |