# **Exhibit A-1**

12-12020-mg    Doc 7410-2    Filed 08/21/14    Entered 08/21/14 19:18:16    Exhibit A-1 claim 292
Layne Diligence Response    Pg 2 of 20

# ResCap



JUN 25 2013
To _____
By _____ KJ

MORRISON | FOERSTER

## Claim Information

| Claim Number | 292 |
|---|---|
| **Basis of Claim** Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | ORIGINAL LENDER: SIERRA PACIFIC MORTGAGE COMPANY, INC. Shows that the NOTE WAS PAID off in 2006, by GMAC. IF GMAC bought the note and the Deed of TRUST then a New Deed of TRUST would have been filed in WASHINGTON COUNTY, OREGON RECORDERS OFFICE. No SUCH RECORDING EXISTS. So NO ONE HAS BENIFICIAL INTEREST IN THIS Property. PURSUANT TO 11 U.S.C § 506(a) and § 1322. This NOTE is SECOND lein to property HOME VALUE. LESS THAN 1st lein Hence if Sold NO MONIES WOULD BE AVAILABLE TO 2ND LEIN Holder |

SEE EXHIBIT A, B, C

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: | ████5928 - SIERRA PACIFIC |
|---|---|

Address of property related to the above loan number:
2186 E MAIN STREET

| City: | State: | ZIP Code: |
|---|---|---|
| Hillsboro | OREGON | 97420 |

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220   Bloomington, MN 55438

Claim Number: 292
Linton C. Layne, Nancy K. Layne

Claim #292   Date Filed: 7/17/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT | Southern District of New York | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: GMAC HOME MORTGAGE, LLC | Case Number: 12-12032 | |

RECEIVED
JUL 1 8 2012
KURTZMAN CARSON CONSULTANTS

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LINTON C LAYNE, NANCY K LAYNE

Name and address where notices should be sent:
NANCY KAY LAYNE
c/o 95580 SOUTH COOS RIVER LANE
COOS BAY OREGON

Telephone number: (503) 693-8383    email: NKLAYNE@GMAIL.COM

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ 35,200.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** PROMISSORY NOTE AT CLOSING, NO CREDIT GIVEN
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 4 8 4 0

3a. Debtor may have scheduled account as: ▮▮▮▮6664 (See instruction #3a)

3b. Uniform Claim Identifier (optional): _____ (See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: 2186 EAST MAIN STREET, HILLSBORO OREGON
Value of Property: $ 131,000.00
Annual Interest Rate 7.750% ☑ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 35,200.00

Basis for perfection: NOTE SOLD INVESTOR

Amount of Secured Claim: $ 35,200.00
Amount Unsecured: $ 0.00

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority: $ 35,200.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose o[f...]

B 10 (Official Form 10) (12/11)                                                                                     2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**
JUL 1 8 2012
KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
                                                                      (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: NANCY KAY LAYNE
Title:
Company:
Address and telephone number (if different from notice address above):
95580 SOUTH COOS RIVER LANE
COOS BAY OREGON

(Signature)    (Date)

Telephone number: (503) 693-8383    email: NKLAYNE@GMAIL.COM

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# ResCap

MORRISON | FOERSTER

**Claim Number:** 292

Dear Claimant: Linton C. Layne, Nancy K. Layne

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. We are unable to determine from the Proof of Claim form and the document(s), if any, you submitted why you believe you are owed money or other relief from one of the Debtors. In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 20, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you must respond to this letter by no later than June 20, 2013 with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim. Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested explanation and supporting documentation by no later than June 20, 2013, the Debtors may file a formal objection to your Proof of Claim, and your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438
Morrison & Foerster LLP   New York, New York 10104

Claim Number: 292
Linton C. Layne, Nancy K. Layne

**Note**: The Debtors previously provided notices about their bankruptcy filings and the claim process to current customers and mortgage loan applicants. You may have received one or more of those notices. Nothing in those notices and nothing in this letter changes your obligations under your mortgage loan agreement (i.e. if you were obligated to make, or were making, mortgage loan payments before the ResCap bankruptcy case commenced, you should continue to make mortgage loan payments). However, if the only reason you filed a Proof of Claim was because you received a notice from the Debtors **and** you do not believe that ResCap, GMAC Mortgage or any of the other Debtors owes you money or other relief, please reply to us via email or letter stating so. This information is necessary to evaluate your claim.

**Questions:**
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

    (i)    Claims.Management@gmacrescap.com, or
    (ii)   Residential Capital, LLC
         P.O. Box 385220
         Bloomington, Minnesota 55438

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

Residential Capital, LLC    P.O. Box 385220    Bloomington, MN 55438
Morrison & Foerster LLP    New York, New York 10104

Claim Number: 29
Linton C. Layne, Nancy K. Layne



Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000003

PRF # 58316***
Case No.: 12-12020
Svl 2

PackID: 3
NameID: 10938546

Linton C. Layne, Nancy K. Layne
Nancy Kay Layne
95580 South Coos River Lane
Coos Bay, OR 97420

292

Washington County, Oregon    2006-030002
03/15/2006 03:16:15 PM
D-M    Cnt=1 Stn=10 A DUYCK
$50.00 $6.00 $11.00 - Total = $67.00

00923552200800300020100109

I, Jerry Hanson, Director of Assessment and Taxation
and Ex-Officio County Clerk for Washington County,
Oregon, do hereby certify that the within instrument of
writing was received and recorded in the book of
records of said county.    *Jerry Hanson*

Jerry R. Hanson, Director of Assessment and Taxation,
Ex-Officio County Clerk

Until a change is requested all tax statements
shall be sent to the following address.
2186 EAST MAIN STREET,
HILLSBORO, OR 97123

When Recorded Mail To:
MIP INSURING DEPARTMENT
SIERRA PACIFIC MORTGAGE COMPANY, INC.
50 IRON POINT CIRCLE, STE 200
FOLSOM, CA  95630
916-932-1700

[Space Above This Line for Recording Data]

Loan No: ▇▇▇▇5928
TAX ACCOUNT NUMBER: R0717371

# DEED OF TRUST

MIN: ▇▇▇▇5928-0

THIS DEED OF TRUST ("Security Instrument") is made on  MARCH 8, 2006  , among the Grantor, LINTON CECIL LAYNE and NANCY KAY LAYNE

(herein "Borrower"), FIRST AMERICAN TITLE INSURANCE COMPANY OF OREGON
, (herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
SIERRA PACIFIC MORTGAGE COMPANY, INC.
("Lender") is organized and existing under the laws of the state of  CALIFORNIA  , and has an address of  50 IRON POINT CIRCLE, STE 200, FOLSOM, CA  95630

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of  WASHINGTON  , State of Oregon:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A."

Recorded By First American Title Insurance Company of Oregon
No. 2005371 CC

which has the address of: 2186 EAST MAIN STREET    [Street],
HILLSBORO    [City], Oregon    97123    [ZIP Code]    (herein "Property Address");

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS
DRAW.MERS.OR.2ND.DT.1.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
Page 1 of 7

EXHIBIT A

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Security Instrument; and all of the foregoing, together with said property (or the leasehold estate if this Security Instrument is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or (custom, MERS as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated the same date as this Security Instrument, and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 35,200.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on APRIL 1, 2021 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Security Instrument; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.
2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Security Instrument, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Security Instrument that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Security Instrument.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Loan No: ▓▓▓▓▓ 5928

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.2.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838 Amended 2/99
Page 2 of 7

292

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Security Instrument, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Security Instrument.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Security Instrument is on a leasehold. If this Security Instrument is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

Loan No: ▮▮▮▮5928

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.3.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
Page 3 of 7

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability: Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Security Instrument, but does not execute the Note, (a) is co-signing this Security Instrument only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Security Instrument, (b) is not personally liable on the Note or under this Security Instrument, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Security Instrument or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Security Instrument as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The state and local laws applicable to this Security Instrument shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Security Instrument. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Security Instrument and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Security Instrument at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full or all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

Loan No: ███ 5928

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.4.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
Page 4 of 7

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Security Instrument, including the covenants to pay when due any sums secured by this Security Instrument, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall record such notice in each county in which the Property or some part thereof is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other person prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Security Instrument; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Security Instrument due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Security Instrument discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Security Instrument or (ii) entry of a judgment enforcing this Security Instrument if: (a) Borrower pays Lender all sums which would be then due under this Security Instrument and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Security Instrument; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Security Instrument, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unimpaired. Upon such

Loan No:  5928

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS

DRAW.MERS.OR.2ND.DT.5.WPF (SECONDS\DEEDS\ORMERSDT.2ND)

Form 3838    Amended 2/99
Page 5 of 7

payment and cure by Borrower, this Security Instrument and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing indebtedness secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** In accordance with applicable law, Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

22. **Use of Property.** The Property is not currently used for agricultural, timber or grazing purposes.

23. **Attorney's Fees.** As used in this Security Instrument and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which shall be awarded by an appellate court.

24. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

[ ] Adjustable Rate Rider    [ ] Condominium Rider    [ ] Second Home Rider
[ ] 1-4 Family Rider         [ ] Planned Unit Development Rider    [x] Other [Specify]

*BALLOON RIDER*

292

(  REQUEST FOR NOTICE OF DEFAULT  )
(  AND FORECLOSURE UNDER SUPERIOR  )
(  MORTGAGES OR DEEDS OF TRUST  )

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS THEREOF, Borrower has executed this Security Instrument.

_____ (Seal)      _____ (Seal)
LINTON CECIL LAYNE          -Borrower      NANCY KAY LAYNE              -Borrower

_____ (Seal)      _____ (Seal)
                             -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                             -Borrower                                    -Borrower

[Sign Original Only]

STATE OF OREGON, McDonald County ss:    Loan No: XXXX5928
On this 10 day of March 2006, personally appeared the above named Linton Cecil Layne and Nancy Kay Layne and acknowledged the foregoing instrument to be their voluntary act and deed.

My Commission Expires: 4/29/07       Before me:
(Official Seal)                       _____
                                      Notary Public for Oregon

OFFICIAL SEAL
WILLIAM G. KLOCK
NOTARY PUBLIC-OREGON
COMMISSION NO. 366707
MY COMMISSION EXPIRES APR. 29, 2007

OREGON - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT with MERS    Form 3838    Amended 2/99
DRAW.MERS.OR.2ND.DT.7.WPF (SECONDS\DEEDS\ORMERSDT.2ND)                                       Page 7 of 7

This Instrument Was Prepared By:
LINKEM, SCOTT
SIERRA PACIFIC MORTGAGE COMPANY, INC.
8905 SW NIMBUS AVE., STE 150
BEAVERTON, OR  97008
503-291-6900

Date: **March 08, 2006**    File No.: **7016-707571 ( WGK)**

## EXHIBIT 'A'

**LEGAL DESCRIPTION:**

A portion of Tract 14, AMENDED PLAT OF FAIRVIEW ADDITION TO THE CITY OF HILLSBORO, in the City of Hillsboro, County of Washington and State of Oregon, described as follows:

Beginning at the Northwest corner of Tract 14 and running thence South 0°23' West along the West line of said Tract 14, a distance of 135.1 feet to a point; thence South 85°21' East parallel to E. Main Street, a distance of 70.0 feet, more or less, to an iron rod; thence North 0°23' East 105.0 feet to an iron rod; thence continuing North 0°23' East 30.1 feet to a point in the center of E. Main Street; thence North 85°21' West in the center of E. Main Street, being also the Northerly boundary of said Tract 14, a distance of 70.0 feet, more or less, to the point of beginning.

Initials: _____  _____

Page 1 of 1

292

# Balloon Rider

THIS BALLOON RIDER is made this  8th  day of  MARCH, 2006  ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to  SIERRA PACIFIC MORTGAGE COMPANY, INC., A CALIFORNIA CORPORATION

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

2186 EAST MAIN STREET
HILLSBORO, OR  97123
[Property Address]

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. the Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Loan No: ■5928

SECONDS BALLOON RIDER - MULTISTATE
DRAW.MX.2ND.BALLOON.RIDER.1.WPF (P:\OPSSHARE\RIDERS\SECONDS\MX_BLN.RID)

SBR630 (01/97)
Page 1 of 2

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

| _____ -Borrower | 3/10/06 _____ Date |
| LINTON CECIL LAYNE | |
| _____ -Borrower | 3/10/06 _____ Date |
| NANCY KAY LAYNE | |
| _____ -Borrower | _____ Date |
| _____ -Borrower | _____ Date |
| _____ -Borrower | _____ Date |
| _____ -Borrower | _____ Date |

Loan No: ████5928

SECONDS BALLOON RIDER - MULTISTATE
DRAW.MX.2ND.BALLOON.RIDER.2.WPF (P:\OPSSHARE\RIDERS\SECONDS\MX_BLN.RID)

SBR630 (01/97)
Page 2 of 2



**Process Loans, Not Paperwork™**

**5 records matched your search:**

| | | | |
|---|---|---|---|
| MIN: █████6928-0 | Note Date: 03/08/2006 | | MIN Status: Active |
| Servicer: Ocwen Loan Servicing LLC | | | Phone: (800) 766-4622 |
| West Palm Beach, FL | | | |

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

| | | | |
|---|---|---|---|
| MIN: █████8951-4 | Note Date: 03/08/2006 | | MIN Status: Inactive |
| Servicer: Bank of America, N.A. | | | Phone: (800) 669-6607 |
| Simi Valley, CA | | | |

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

| | | | |
|---|---|---|---|
| MIN: █████2532-8 | Note Date: 07/19/2004 | | MIN Status: Inactive |
| Servicer: GMAC Mortgage, LLC | | | Phone: (800) 766-4622 |
| fort washington, PA | | | |

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

| | | | |
|---|---|---|---|
| MIN: █████6775-0 | Note Date: 05/24/2002 | | MIN Status: Inactive |
| Servicer: GMAC Mortgage, LLC | | | Phone: (800) 766-4622 |
| fort washington, PA | | | |

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

| | | | |
|---|---|---|---|
| MIN: █████8506-8 | Note Date: 05/20/2002 | | MIN Status: Inactive |
| Servicer: GMAC Mortgage, LLC | | | Phone: (800) 766-4622 |
| fort washington, PA | | | |

EXHIBIT B



# Property Record Report



Hi, my name is **Andy Wright**. I am your designated Property Record Specialist.

**2186 E Main St Hillsboro OR, 97123**





- Building Size: 864 sq ft
- Year Built: 1961
- Last Sold: Aug 2012
- Zestimate® Value: $116,908
- Bedrooms: 2 beds
- Bathrooms: 1.00 baths
- Lot: 7405 sq ft

This 864 square foot home has 2 bedrooms and 1.00 bathrooms. See more details for **2186 E Main St Hillsboro OR**, Hillsboro, OR on Zillow



## Bird's Eye View

## Street View





2074 East Main Street, Hillsboro, Oregon
Address is approximate

## Additional Information

Contact the Agent at Zillow

12-12020-mg  Doc 7410-2  Filed 08/21/14  Entered 08/21/14 19:18:16  Exhibit A-1<br/>Layne Diligence Response  Pg 19 of 20

EXHIBIT C

96580 South Coos River Lane
Coos Bay, Oregon

Claims
Residential Capital, LLC
PO Box 385220
Bloomington, Minnesota 55438


