# **Exhibit H**

B 10 Modified (Official Form 10) (12/11)                                    Claim #1279    Date Filed: 10/15/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
**Rescap, LLC    Case No 12-12020 (MG)**

NOTE: This form should not be used to make a claim for an administrative expense (*other than a claim asserted under 11 U.S.C. § 503(b)(9)*) arising after the commencement of the case. A "request" for payment of an administrative expense (*other than a claim asserted under 11 U.S.C. § 503(b)(9)*) may be filed pursuant to 11 U.S.C § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Ronald and Elaine Nakamoto**

Name and address where notices should be sent:
**Ron Nakamoto**
**18650 Vista De Almaden**
**San Jose, CA 95120**

Telephone number: **408-440-2330**    email: **ronandelaine@comcast.net**

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ **20,137.18**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **see attached**
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: **1234** | 3a. Debtor may have scheduled account as: **Alison Tearnen** (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate ☐Motor Vehicle ☐Other
Describe:
Value of Property: $ **204,601**    Annual Interest Rate **3.5** % ☑Fixed ☐Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ _____    Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☑ I am the creditor.    ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: **Ronald Nakamoto**
Title: _____
Company: _____    (Signature) **RNak**    (Date) **10/11/2012** 
Address and telephone number (if different from notice address above):

Telephone number:    Email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18*

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*



RECEIVED
OCT 15 2012
KURTZMAN CARSON CONSULTANT

1212020121015000000000028

October 11, 2012

Subject: GMAC Mortgage, Proof of Claim #2, Basis of Claim

On May 9, 2011 I requested a waiver to the escrow payment preferring to pay it on my own. In this conversation I also asked to reduce the monthly mortgage payments as this was an interest only loan and the interest had dropped from 5.75% to 3.5% in January of 2010. This request was denied without legal rationale. My position is I applied and received a variable interest only loan and so when the interest rate was reduced the company should have reduced the monthly mortgage to that amount and not unilaterally changed the practice to maintaining the monthly payment and unilaterally applying the difference to reduction of the principal. So I am filing a claim for the principal reduction that has been applied since January 2010 of $592.27/month (the actual amount varied slightly/month). There are two remedies I would be interested in;

a. Credit the principal amount in cash to me.
b. Reduce the mortgage payment prospective to the interest only amount and eliminate the escrow amount.

Ronald Nakamoto