**Hearing Date and Time:  September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  September 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
                                            )
In re:                                      )       Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )       Chapter 11
                                            )
                            Debtors.        )       Jointly Administered
                                            )
-------------------------------------------------------------

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-SECOND
OMNIBUS OBJECTION TO (A) AMENDED AND SUPERSEDED CLAIMS;
(B) LATE FILED CLAIMS; AND (C) DUPLICATE CLAIMS**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Seventy-Second Omnibus Objection to (A) Amended and Superseded Claims; (B) Late Filed Claims; and (C) Duplicate Claims* (the "<u>Objection</u>"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  August 22, 2014
      New York, New York               /s/ Norman S. Rosenbaum
                                Norman S. Rosenbaum
                                Jordan A. Wishnew
                                **MORRISON & FOERSTER LLP**
                                250 West 55th Street
                                New York, New York 10019
                                Telephone:  (212) 468-8000
                                Facsimile:  (212) 468-7900

                                *Counsel to The ResCap Liquidating Trust*

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
-------------------------------------------------------------

**THE RESCAP LIQUIDATING TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO (A) AMENDED AND SUPERSEDED CLAIMS; (B) LATE FILED CLAIMS; AND (C) DUPLICATE CLAIMS**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EITHER EXHIBIT A, EXHIBIT B,  OR EXHIBIT C ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to

terms of the Plan (defined below) in the above-captioned chapter 11 cases (the "Chapter 11

Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

## RELIEF REQUESTED

1.      The Liquidating Trust files this seventy-second omnibus claims objection

(the "Seventy-Second Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Article VIII.B of the Plan (defined herein), and this Court's

order approving procedures for the filing of omnibus objections to proofs of claim filed in these

Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"),[1] seeking entry of an order (the

"Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2,

disallowing and expunging the claims listed on Exhibit A, Exhibit B, and Exhibit C[2] annexed to

the Proposed Order.   In support of this Seventy-Second Omnibus Claims Objection, the

Liquidating Trust submits the *Declaration of Deanna Horst in Support of The ResCap*

*Liquidating Trust's Seventy-Second Omnibus Claims Objection ((A) Amended and Superseded*

*Claims, (B) Late-Filed Claims, and (C) Duplicate Claims)* (the "Horst Declaration"), attached

hereto as Exhibit 1-A and the *Declaration of P. Joseph Morrow IV in Support of The ResCap*

---

[1]     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other
things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set
forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order [Docket
No. 3294]

[2]     Claims listed on Exhibit A, Exhibit B, and Exhibit C are reflected in the same manner as they appear on the
Claims Register (defined herein) maintained by KCC.

*Liquidating Trust's Seventy-Second Omnibus Claims Objection* (the "Morrow Declaration"), attached hereto as Exhibit 1-B.

2.      The Liquidating Trust examined the proofs of claim identified on Exhibit A to the Proposed Order and determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") have been amended and superseded by at least one subsequently-filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively, with the Surviving Claims listed on Exhibit A, discussed below, the "Surviving Claims").   The Liquidating Trust seeks to disallow and expunge the Amended and Superseded Claims from the Claims Register (defined below) maintained for the Debtors in the Chapter 11 Cases and preserve the Liquidating Trust's right to subsequently object to any Surviving Claim on any basis.

3.      The Liquidating Trust also examined the proofs of claim identified on Exhibit B to the Proposed Order (collectively, the "Late-Filed Claims") and determined that the Late-Filed Claims violate this Court's August 29, 2012 order setting forth the procedures and deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"), as these claims were filed after the Bar Date (defined herein).   Furthermore, Article VIII.B of the Plan, confirmed by the Confirmation Order (defined herein), automatically disallows and expunges any proof of claim filed after the applicable bar date without the need of a further order from the Court.   Therefore, because the Late-Filed Claims fail to comply with the terms of the Bar Date Order and are deemed disallowed and expunged by the terms of the Plan, the Liquidating Trust requests that they be disallowed and expunged in their entirety.[3]

---

[3] In light of the terms of the Plan, the Liquidating Trust seeks this relief out of an abundance of caution.

ny-1153499

4.      The Liquidating Trust also examined the proofs of claim identified on Exhibit C to the Proposed Order and determined that each of the proofs of claim listed thereon (collectively, the "Duplicate Claims") are either (a) identical to the corresponding claim identified under the heading "*Surviving Claim*," as in the case of claim number 653 filed by Western Massachusetts Electric Company (the "Western Massachusetts Claim"), or (b) substantially duplicative of the corresponding claims identified under the heading "*Surviving Claims*," as in the case of claim number 1885 filed by Wilentz, Goldman, & Spitzer, P.A. (the "Wilentz Claim"). Accordingly, the Liquidating Trust requests that the Duplicate Claims be disallowed and expunged in their entirety.

5.      This Seventy-Second Omnibus Objection does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims.  Further, the Liquidating Trust expressly reserves all rights to object on any other basis to any Surviving Claim.  The Liquidating Trust further reserves all rights to object on any other basis to any Amended and Superseded Claim, Late-Filed Claim, or Duplicate Claims as to which the Court does not grant the relief requested herein.

6.      The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which this Court does not grant the relief requested herein.

7.      No Borrower Claims (as defined in the Procedures Order) are included in this Seventy-Second Omnibus Claims Objection.

## JURISDICTION

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3

ny-1153499

## BACKGROUND

9.      On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

11.      On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

12.      In order to be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date.  (Bar Date Order ¶¶ 2, 3).  The Bar Date Order permitted the filing of proofs of claim with KCC and the Court in accordance with the deadlines established therein.  (Id. ¶¶ 1, 3).  The Bar Date Order also expressly provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim

4

in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ." (Id. ¶ 11).

13.    In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date.[4]  KCC served Bar Date Notices on approximately 2.2 million borrowers and over 275,000 creditors. KCC mailed the Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses as reflected in the Debtors' records shortly before the service of the Bar Date Notices. The Bar Date Notice, which was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. (Bar Date Notice ¶¶ 1, 3).  The Bar Date Notice prominently states the Bar Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted from the requirements of the Bar Date Order, as described in section 4 above, and that fails to timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined from asserting such claim against the debtors . . . ." (Id. ¶ 5).

14.    While only 35 days' advance notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Debtors provided creditors with at least 72 days' notice of the Bar Date, which was subsequently extended an additional nine days with respect to the General Bar Date. (Bar Date Order ¶ 15).

---

[4]    See Affidavit of Service of Notices of Deadlines for Filing Proofs of Claim [Docket No. 1412].

ny-1153499

The General Bar Date occurred nearly six months after the Petition Date, and 81 days after the entry of the Bar Date Order, thus providing ample time for creditors to determine, prepare and file their claims against the Debtors.

15.    In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

16.    On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

17.    The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

## BASIS FOR RELIEF

18.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

**A.** **The Amended and Superseded Claims Should be Disallowed and Expunged**

19.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged.  See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

20.    Based upon its review of the claims filed on the Claims Register, the Liquidating Trust determined that each Amended and Superseded Claim identified on Exhibit A annexed to the Proposed Order has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor against the same debtor, with one exception.[5]  (See Horst Declaration ¶¶ 3, 5).

21.    The Debtors are not required to pay on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of the Amended and Superseded Claims will also

---

[5] Claim no. 393 filed by AT&T Corp. against Debtor Residential Capital, LLC was determined to be amended and superseded by claim no. 7352 filed by AT&T against Debtor GMAC Mortgage, LLC.  Claim No. 7352 has been deed allowed.  See ECF # 7093.

ny-1153499

enable the maintenance of the Claims Register that more accurately reflects the claims asserted

against the Liquidating Trust.

22.     Accordingly, to avoid the possibility of multiple recoveries by the same

creditor, the Liquidating Trust requests that the Court disallow and expunge in their entirety the

Amended and Superseded Claims listed on <u>Exhibit A</u> to the Proposed Order.[6]   The Surviving

Claims will remain on the Claims Register subject to further objections on any other basis.

**B. <u>The Late-Filed Claims Should Be Disallowed and Expunged</u>**

23.     Based upon its review of the claims filed on the Claims Register in these

Chapter 11 Cases maintained by KCC, the Liquidating Trust identified the Late-Filed Claims on

<u>Exhibit B</u>, annexed to the Proposed Order, as claims that should be disallowed and expunged

because they failed to comply with the terms of the Bar Date Order.  (<u>See</u> Horst Declaration ¶¶ 3,

6, 7).

24.     "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'"  Memorandum Decision Denying Motions for Leave to File Late Claims

[Docket No. 9150], <u>In re Lehman Bros. Holdings, Inc.</u>, Case No. 08-13555 (JMP), 2010 WL

2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting <u>In re Musicland Holding Corp.</u>, 356

B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); <u>see also</u> Order Denying Motion for Order Permitting

MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], <u>In re Residential Capital,</u>

<u>LLC</u>, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a

"procedural gauntlet." It functions as "an integral part of the reorganization process."  <u>In re</u>

<u>Hooker Invs., Inc.</u>, 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine

with reasonable promptness, efficiency and finality what claims will be made against their

---

[6]    Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the
Surviving Claim, the Liquidating Trust will treat all documentation filed with the claims as having been filed in
support of the Surviving Claim.

ny-1153499

estates—a determination without which they cannot effectively reorganize.  See In re Keene

Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced

in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at

*2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of

limitations, and must be strictly enforced.").

        25.     The Bar Date Order specifically requires proofs of claim to be actually

received either by KCC or the Court on or before the Bar Date.  (Bar Date Order ¶¶ 2, 3).

Potential claimants were provided notice of the Bar Date Order, including the deadline to file

proofs of claim and a warning that failure to comply with the Bar Date would result in their

claims being barred.  (See Bar Date Notice ¶¶ 1, 3, 6).  In addition, the Liquidating Trust

confirmed with KCC that each of the Claimants who filed a Late-Filed Claim was timely served

with both a notice of the commencement of the Chapter 11 Cases and a notice of the Bar Date.

KCC mailed both notices to each claimant who filed a Late-Filed Claim at the address reflected

in the Debtors' books and records. See Morrow Declaration ¶¶ 5-12   Nevertheless, these

Claimants filed their proofs of claim after the Bar Date.  (See Horst Declaration ¶ 5).  Moreover,

except with regards to claim number 7185 ("Claim 7185"), these Late-Filed Claims do not

amend any previously filed claims.

        26.     Claim 7185, filed by Metropolitan Trustee of Metropolitan Government of

Nashville and Davidson County, purports to amend claim number 225 filed by the same claimant

("Claim 225").  Claim 225 was expunged by the Court's *Order Granting Debtors' Thirteenth*

*Omnibus Objection to Claims (No Liability – Books and Records Tax Claims)* [Docket No.

4935], entered on September 9, 2013.  Claim 7185 was filed on October 3, 2013, nearly a month

after Claim 225 was expunged, and therefore could not actually have amended Claim 225.  As a

result, Claim 7185 violates the term of the Bar Date Order.  See Horst Declaration ¶ 7.

ny-1153499

27.    Article VIII.B of the Plan provides that, except as otherwise agreed by the Debtors, Liquidating Trust, any and all proofs of claim filed after the applicable bar date shall be deemed disallowed, discharged, released, and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court.  See Plan at Art. VIII.B. None of the Claimants submitted a formal or informal request to the Debtors or to the Liquidating Trust seeking permission to either file a late claim or be exempt from this Plan provision.  In addition, neither the Liquidating Trust nor the Debtors agreed to exempt any of the Late-Filed Claims from this Plan provision.  As a result, by the Court's entry of the Confirmation Order, the Late-Filed Claims were already deemed to be disallowed and expunged by this Court without the need for further Court order.   Thus, the Liquidating Trust seeks this relief out of an abundance of caution.

28.    Because the Late-Filed Claims violate the terms of the Bar Date Order and are thus untimely, and are also deemed to be disallowed and expunged without the need of a further order from the Court pursuant to the terms of the Confirmation Order, the Liquidating Trust requests that the Court disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit B to the Proposed Order.

## C. **The Duplicate Claims Should Be Disallowed and Expunged**

29.    Pursuant to Bankruptcy Rule 3007(d), a debtor may object to claims and seek their disallowance where such claims "duplicate other claims."  Fed. R. Bankr. P. 3007(d)(1).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge

10

duplicative and/or redundant claims filed by the same creditor against the same debtor.  See, e.g., Order Sustaining, in Part, Debtors' Eighteenth Omnibus Objection to Claims [Docket No. 3501], In re Eastman Kodak Co., Case No. 12-0202 (ALG) (Bankr. S.D.N.Y. Apr. 17, 2013) (ordering the disallowance and expungement of redundant claims identified by the debtors in their eighteenth omnibus claims objection); In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim).

30.    Based upon its review of the Western Massachusetts Claim, the Liquidating Trust determined that it is identical to proof of claim 657 filed by the same claimant. (See Horst Declaration ¶ 9)

31.    Based on its review of the Wilentz Claim, the Liquidating Trust determined that it is substantially identical to proof of claim 1891 filed by the same Claimant. The only difference between the two claims is the Debtor against which it was asserted.  The Liquidating Trust determined that the Wilentz Claim is asserted against the incorrect Debtor, and that the Surviving Claim, proof of claim 1891, is filed against the correct Debtor, Residential Funding Company, LLC.   (See Horst Declaration ¶ 10)

32.    The Liquidating Trust believes that it was not the claimants' intention in asserting these Duplicate Claims to seek a double recovery against the Debtors' estates.  Instead, the filing of the Duplicate Claims appears to be a function of the claimants filing one or more additional (though not necessarily identical) proofs of claim for the same dollar amount, and on account of the same obligations, as reflected in the corresponding Surviving Claim.  (See Horst Declaration ¶ 11).  Regardless of the claimants' reasons for filing the Duplicate Claims, at most, only one claim against the Debtors' estates should potentially be allowed for each claimant.

11

33.     The Debtors are not required to make a distribution to a creditor on the same claim more than once.   See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Moreover, elimination of the Duplicate Claims will enable the Liquidating Trust to maintain a claims register that more accurately reflects the universe of claims asserted against the Debtors.

34.     Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Liquidating Trust requests that the Court disallow and expunge in their entirety the Duplicate Claims listed on Exhibit C to the Proposed Order.[7]  The Surviving Claims will remain on the Claims Register subject to further objections on any other basis.

## NOTICE

35.     The Liquidating Trust has served notice of this Seventy-Second Omnibus Claims Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

*(Signature Page to Follow)*

---

[7]     Where a creditor has filed different documentation in support of the Duplicate Claim and the Surviving Claim, the Liquidating Trust will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

ny-1153499

Dated:  August 22, 2014
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to the ResCap Liquidating Trust*

## Exhibit 1-A

**Horst Declaration**

14

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
         )
In re:                  )    Case No. 12-12020 (MG)
         )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,  )    Chapter 11
         )
         Debtors.    )    Jointly Administered
         )
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO**
**(A) AMENDED AND SUPERSEDED CLAIMS; (B) LATE-FILED CLAIMS; AND (C)**
<u>**DUPLICATE CLAIMS**</u>

I, Deanna Horst, hereby declare as follows:

        1.        I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"<u>Liquidating Trust</u>"), and I previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "<u>Debtors</u>").  I have been employed by affiliates of ResCap since August of

2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October

of 2013, I became the Chief Claims Officer.  I began my association with ResCap in 2001 as the

Director, Responsible Lending Manager, charged with managing the Debtors' responsible

lending on-site due diligence program.  In 2002, I became the Director of Quality Asset

Management, managing Client Repurchase, Quality Assurance and Compliance—a position I

held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President,

Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.

In my current position, I am responsible for Claims Management and Reconciliation and Client

1

Recovery.    I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the

*ResCap Liquidating Trust's Seventy-Second Omnibus Objection to Claims (A) Amended and*

*Superseded Claims; (B) Late-Filed Claims; and (C) Duplicate Claims* (the "<u>Objection</u>").[1]

2.    Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with former members of the Debtors' management or other former employees of the Debtors, the

Debtors, the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson

Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent.    If I were called upon to

testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Chief Claims Officer, I am intimately familiar with the

claims reconciliation process in these Chapter 11 Cases.    Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and

records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in

these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims,

and/or my review of relevant documents.    I or my designee at my direction have reviewed and

analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants

listed on <u>Exhibit A</u>, <u>Exhibit B</u>, or <u>Exhibit C</u> annexed to the Proposed Order.    Since the Plan

became effective and the Liquidating Trust was established, I, along with other members of the

Liquidating Trust's management or other employees of the Liquidating Trust have continued the

claims reconciliation process, analyzed claims, and determined the appropriate treatment of the

same.    In connection with such review and analysis, where applicable, I or the Liquidating Trust

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.     Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.     Based on a thorough review of the Amended and Superseded Claims at issue, whether or not the Surviving Claims specifically state on their face that they are amendments of the corresponding Amended and Superseded Claims, it was determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed*" on <u>Exhibit A</u> annexed to the Proposed Order has been amended and superseded by a later-filed claim or claims by the same claimant that was determined to relate to the same subject matter.  The examination of those claims revealed that the Surviving Claims were filed by the same claimant, and on account of the same obligations, as that creditor's corresponding claim previously filed with the Court and/or KCC, with one exception.[2]   If the Amended and Superseded Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive a wholly improper recover to the detriment of other creditors.

6.     Based on a thorough review of the Late-Filed Claims at issue, it was determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed*" on <u>Exhibit B</u> annexed to the Proposed Order was received by the Court and/or

---

[2] Claim no. 393 filed by AT&T Corp. against Debtor Residential Capital, LLC was determined to be amended and superseded by claim no. 7352 filed by AT&T against Debtor GMAC Mortgage, LLC.  Claim No. 7352 has been deed allowed.  <u>See</u> ECF # 7093.

KCC, after the Bar Date passed.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Claims included on Exhibit B to the Proposed Order were each date-and-time-stamped after the General Bar Date by which these claims were required to be filed.  In addition, the Liquidating Trust confirmed with KCC that each of these claimants who filed a Late-Filed Claim was timely served with both a notice of the commencement of the Chapter 11 Cases [Docket No. 336] and a notice of the Bar Date [Docket No. 1412].  See *Declaration of P. Joseph Morrow IV in Support of the ResCap Liquidating Trust's Seventy-Second Omnibus Objection to Claims (Late-Filed Claims)* attached to the Objection as Exhibit 1-B.  KCC mailed both notices to each claimant of a Late-Filed Claim at the address reflected in the Debtors' books and records.  See *id*.  In addition, except with regards to claim number 7185 ("Claim 7185"), these Late-Filed Claims do not amend any previously filed claims.

7.    Claim 7185, filed by Metropolitan Trustee of Metropolitan Government of Nashville and Davidson County, purports to amend claim number 225 filed by the same claimant ("Claim 225").  Claim 225 was expunged by the Court's *Order Granting Debtors' Thirteenth Omnibus Objection to Claims (No Liability – Books and Records Tax Claims)* [Docket No. 4935], entered on September 9, 2013.  Claim 7185 was filed on October 3, 2013, nearly a month after Claim 225 was expunged, and therefore could not actually have amended Claim 225.  As a result, Claim 7185 violates the term of the Bar Date Order.

8.    To my knowledge, none of the claimants who have a Late-Filed Claim included on Exhibit B to the Proposed Order ever filed a motion with the Court, or contacted the Debtors or the Liquidating Trust, requesting permission to file a late proof of claim or proffered to the Debtors, the Liquidating Trust, or their counsel an excuse for such Late-Filed Claim.  If

4

the Late-Filed Claims are not disallowed and expunged, the claimants who filed the Late-Filed

Claims may potentially receive distributions to the detriment of other beneficiaries of the

Liquidating Trust that they are not entitled to, because such claims were untimely.

9.      Based upon its review of the Western Massachusetts Claim, the

Liquidating Trust determined that it is identical to proof of claim 657 filed by the same claimant.

10.      Based on its review of the Wilentz Claim (and with the Western

Massachusetts Claim, the "Duplicate Claims"), the Liquidating Trust determined that it is

substantially identical to proof of claim 1891 filed by the same Claimant.  The only difference

between the two claims is the Debtor against which it is asserted.  The Liquidating Trust

determined that the Wilentz Claim is asserted against the incorrect Debtor, and that the Surviving

Claim, proof of claim 1891, is filed against the correct Debtor, Residential Funding Company,

LLC.

11.      The Liquidating Trust believes that it was not the claimants' intention in

asserting these Duplicate Claims to seek a double recovery against the Debtors' estates.  Instead,

the filing of the Duplicate Claims appears to be a function of the claimants filing one or more

additional (though not necessarily identical) proofs of claim for the same dollar amount, and on

account of the same obligations, as reflected in the corresponding Surviving Claim.

12.      Accordingly, based upon this review and in consultation with the

Liquidating Trust, and for the reasons set forth in the Objection, I have determined that each

Amended and Superseded Claim, Late-Filed Claim, and Duplicate Claim that is the subject of

the Objection should be accorded the proposed treatment described in the Objection.

*(Signature Page to Follow)*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 22, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC

6

## **Exhibit 1-B**

**Morrow Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                         )    Chapter 11
                                                                 )
                    Post Effective Date Debtors.                 )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )


### DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (LATE-FILED NON-BORROWER CLAIMS)


I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1.     I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the claims and noticing agent retained by Residential Capital, LLC, *et al.*, (collectively with its affiliated debtors (the "<u>Debtors</u>") in the above-captioned Chapter 11 cases, pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

1

2.      I am authorized to submit this declaration (the "Declaration") in support of *The ResCap Borrower Claims Trust's Seventy-Second Omnibus Objection to Claims (Late-Filed Non-Borrower Claims)* (the "Objection").[1]

3.      All facts set forth in this Declaration are based upon information learned from my review of relevant documents and information I have received through my discussions with KCC employees, the Trust's Professionals, and the Debtors' professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4.      Acting as the Debtors' claims and noticing agent, KCC serves notices and other mailings upon parties and/or their representatives at the direction of the Debtors and the Court. KCC executed an Affidavit of Service in connection with KCC's mailing and service of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines [Docket No. 336], which includes as an exhibit thereto the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines. KCC executed an Affidavit of Service in connection with KCC's mailing and service of the Bar Date Notice [Docket No. 1412], which includes as an exhibit thereto the Notice of Deadlines for Filing Proofs of Claims.

5.      On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines to be served upon  **Lamun Mock Cunnyngham & Davis, PC** at the following addresses via First Class U.S. Mail:

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

    **1)  Lamun Mock Cunnyngham and Davis, PC**
       **5613 N Classen Blvd**
       **Oklahoma City, OK 73118**

    **2)  Lamun Mock Cunnyngham and Davis**
       **5900 N Grand Blvd**
       **Oklahoma City, OK 73118**

6.      On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims to be served upon **Lamun Mock Cunnyngham & Davis, PC** at the following addresses via First Class U.S. Mail. The service address in item number 1 matches the address on the returned Proof of Claim Form (Claim No. 7348):

    **1)  Lamun Mock Cunnyngham and Davis PC**
       **5613 N Classen Blvd**
       **Oklahoma City, OK 73118**

    **2)  Lamun Mock Cunnyngham and Davis**
       **5900 N Grand Blvd**
       **Oklahoma City, OK 73118**

7.      On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines to be served upon **New Hampshire Department of Revenue Administration** at the following addresses via First Class U.S. Mail:

    **1)  New Hampshire Department of Revenue Administration**
       **Audit Division**
       **PO Box 457**
       **Concord, NH 03302-0457**

    **2)  New Hampshire Department of Revenue Administration**
       **Audit Division**
       **PO Box 637**
       **Concord, NH 03302-0637**

8.      On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims to be served upon **New Hampshire Department of Revenue Administration** at the following addresses via First Class U.S. Mail. The service address in item number 1 matches the PO Box address on the returned Proof of Claim Form (Claim No. 7462):

    1)  **New Hampshire Department of Revenue Administration**
          **Audit Division**
          **PO Box 457**
          **Concord, NH 03302-0457**

    2)  **New Hampshire Department of Revenue Administration**
          **Audit Division**
          **PO Box 637**
          **Concord, NH 03302-0637**

9.      On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines to be served upon **Davidson County Trustee (Metropolitan Trustee of Metropolitan Government of Nashville and Davidson County)** at the following address via First Class U.S. Mail:

    1)  **Davidson County**
          **Charlie Caldwell, Trustee**
          **PO Box 196358**
          **Nashville, TN 37219**

10.     On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs of Claims to be served upon **Davidson County Trustee (Metropolitan Trustee of Metropolitan Government of Nashville and Davidson County)** at the following addresses via First Class U.S. Mail. The service address in item number 1 matches the PO Box address on the returned Proof of Claim Form (Claim No. 7185). The service address in item number 2 matches

the PO Box address on the returned Proof of Claim Form from the same creditor as Claim No.

7185 (Claim No. 225):

**1) Davidson County
Charlie Caldwell, Trustee
PO Box 196358
Nashville, TN 37219**

**2) Metropolitan Trustee of Metropolitan Government of Nashville and
Davidson County
PO Box 196300
Nashville, TN 37219-6300**

11.    On or before June 4, 2012, at my direction and under my supervision,

employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy

Cases, Meeting of Creditors, and Deadlines to be served upon **Lendow Inc** at the following

address via First Class U.S. Mail:

**1) Lendow Inc
2405 Pentland Dr
Birmingham, AL 35235**

12.    On or before September 7, 2012, at my direction and under my

supervision, employees of KCC caused a true and accurate copy of the Notice of Deadlines for

Filing Proofs of Claims to be served upon **Lendow Inc** at the following addresses via First Class

U.S. Mail. The service address in item number 1 matches the address on the returned Proof of

Claim Form (Claim No. 7174):

**1) Lendow Inc
2405 Pentland Dr
Birmingham, AL 35235**

13.    In accordance with KCC's standard procedure, each of the foregoing

documents was securely enclosed in postage prepaid envelopes and delivered to an office of the

United States Postal Service for delivery by First Class U.S. Mail. The envelopes were clearly marked with KCC's return address.

14.    As of the date of this Declaration, none of the foregoing mailings identified in this Declaration were returned to KCC as "undeliverable."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 22, 2014

/s/ P. Joseph Morrow IV
P. Joseph Morrow IV

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

----------------------------------------------------------------

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO (A) AMENDED AND SUPERSEDED CLAIMS; (B) <u>LATE-FILED CLAIMS; (C) AND DUPLICATE CLAIMS</u>

Upon the seventy-second omnibus claims objection, (the "<u>Objection</u>"),[1] of The

ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the (i) Amended and

Superseded Claims on the basis that such claims have been amended and superseded by at least

one subsequently-filed, corresponding claim; (ii) Late-Filed Claims on the basis that they were

filed after the applicable Bar Date; and (iii) Duplicate Claims on the basis that they assert claims

against are either identical to a corresponding claim filed by the same claimant or substantially

similar to a corresponding claim filed by the same claimant; and it appearing that this Court has

jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration

of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-Eighth Omnibus Claims Objection.

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Objection having been provided, and it appearing that no other or

further notice need be provided; and upon consideration of the Objection, the *Declaration of*

*Deanna Horst in Support of The ResCap Liquidating Trust's Seventy-Second Objection to (A)*

*Amended and Superseded Claims; (B) Late-Filed Claims; and (C) Duplicate Claims* annexed

thereto as Exhibit 1-A; and the *Declaration of P. Joseph Morrow IV in Support of The ResCap*

*Liquidating Trust's Seventy-Second Omnibus Objection to Claims (Late-Filed Claims)*, annexed

thereto as Exhibit 1-B; and the Court having found and determined that the relief sought in the

Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries,

the Debtors, and all parties in interest and that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Amended and Superseded Claims") are hereby disallowed and expunged in

their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading

"Surviving Claims" (collectively, the "Surviving Claims") will remain on the Claims Register,

and such claims are neither allowed nor disallowed at this time; and it is further

ORDERED that the disallowance and expungement of the Amended and Superseded Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (the "Late-Filed Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C annexed hereto (the "Duplicate Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit C annexed hereto under the heading "Surviving Claims" (collectively, the "Surviving Claims") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time; and it is further

ORDERED that the disallowance and expungement of the Duplicate Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded, Late-Filed, and Duplicate Claims identified on the schedule attached as Exhibit A, Exhibit B, and Exhibit C hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ny-1153648

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of (1) any Surviving Claim, and (ii) any claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such Surviving Claim and any claim that is not listed on Exhibit A, Exhibit B, or Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Claims, Late-Filed Claims, or Duplicate Claims identified on Exhibit A, Exhibit B, or Exhibit C annexed hereto, as if each such Amended and Superseded, Late-Filed, or Duplicate Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1153648

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SEVENTY-SECOND OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | AT&T Corp<br>James Grudus, Esq.<br>AT&T Services, Inc<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921 | 393 | 08/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$17,987.03 General Unsecured | Residential Capital, LLC | 12-12020 | AT&T Corp<br>Karen A. Cavagnaro - Lead Paralegal<br>AT&T Services, Inc<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921 | 7352 | 01/29/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$55,618.86 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | City of Cincinnati<br>801 Plum Street, Room No 202<br>Cincinnati, OH 45202 | 247 | 07/02/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$17,141.85 General Unsecured | Residential Capital, LLC | 12-12020 | City of Cincinnati<br>801 Plum Street, Room No 202<br>Cincinnati, OH 45202 | 291 | 07/16/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$27,041.85 General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | GE Capital Information Technology Solutions, Inc.<br>Attn Bankruptcy Administration<br>PO Box 13708<br>Macon, GA 31208 | 6888 | 07/26/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$6,786.79 General Unsecured | Residential Capital, LLC | 12-12020 | GE Capital InformationTechnology Solutions, Inc.<br>Attn Bankruptcy Administration<br>GECITS<br>PO Box 13708<br>Macon, GA 31208 | 7468 | 06/23/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$5,688.54 General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 5819 | 11/19/2012 | Administrative Priority<br>Administrative Secured<br>$33,243.60 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 6955 | 08/13/2013 | Administrative Priority<br>Administrative Secured<br>$9,313.93 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | Imperial County Treasurer-Tax Collector<br>940 W. Main Street, Suite 106<br>El Centro, CA 92243 | 6861 | 05/28/2013 | UNLIQUIDATED Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Imperial County Treasurer-Tax Collector<br>940 W. Main Street, Suite 106<br>El Centro, CA 92243 | 7318 | 01/08/2014 | $1,164.40 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 6 | New York Department of Taxation and Finance<br>Bankruptcy Section<br>P O Box 5300<br>Albany , NY 12205-0300 | 65 | 06/06/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>$45.37 Priority<br>$55.27 General Unsecured | GMAC Mortgage, LLC | 12-12032 | New York State Department of Taxation and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | 6852 | 05/16/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>$151.55 Priority<br>$496.02 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | WAKE COUNTY<br>WAKE COUNTY TAX COLLECTOR<br>421 FAYETTEVILLE ST. SUITE 200<br>RALEIGH, NC 27601 | 676 | 09/24/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>$10,804.17 Priority<br>$1,034.71 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wake County Revenue Department<br>Wake County Justice Center<br>301 S McDowell Street, Suite 3800<br>PO Box 2331<br>Raleigh, NC 27602 | 7350 | 01/16/2014 | $712.34 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-SECOND OMNIBUS OBJECTION - DUPLICATE/REDUNDANT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Surviving Claim Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Western Massachusetts Electric Company<br>Northeast Utilities, Credit and Collection Center<br>PO Box 2899<br>Hartford, CT 06101-8307 | 653 | 09/24/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$2.54 General Unsecured | | GMAC Mortgage, LLC | 12-12032 | 657 | Claim duplicative of and identical to the surviving Claim 657 filed by Western Massachusetts Electric Company |
| 2 | Wilentz, Goldman & Spitzer, P.A.<br>Attn Deirdre Woulfe Pacheco, Esq.<br>90 Woodbridge Center Drive<br>Suite 900, Box 10<br>Woodbridge, NJ 07095 | 1885 | 10/29/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$6,207.50 General Unsecured | | Residential Funding Real Estate Holdings, LLC | 12-12062 | 1891 | Substantially similar claim filed against an incorrect debtor. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SEVENTY-SECOND OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Lamun Mock Cunnyngham & Davis, PC<br>Attn Bret D. Davis<br>5613 N. Classen Blvd<br>Oklahoma City, OK 73118 | 7348 | 01/22/2014 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Capital, LLC | 12-12020 |
| | | | | $3,308.50 | General Unsecured | | |
| 2 | LENDOW INC<br>2405 PENTLAND DR<br>BIRMINGHAM, AL 35235 | 7174 | 09/19/2013 | | Administrative Priority<br>Administrative Secured | Residential Capital, LLC | 12-12020 |
| | | | | $65,000.00<br>$10,000.00 | Secured<br>Priority<br>General Unsecured | | |
| 3 | Metropolitan Trustee of Metropolitan Government of Nashville & Davidson County<br>Metropolitan Trustee<br>PO Box 196358<br>Nashville, TN 37219-6358 | 7185 | 10/03/2013 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | Monty Allen & Heather Allen<br>612 E. Puritan Ave.<br>Muscle Shoals, AL 35661 | 6768 | 02/25/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$175,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 5 | New Hampshire Department of Revenue Administration<br>Attn Legal Bureau<br>109 Pleasant Street<br>PO Box 457<br>Concord, NH 03302-0457 | 7462 | 04/01/2014 | $85,164.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |