Hearing Date and Time:  September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  September 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------- ) | | |

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-THIRD**
**OMNIBUS CLAIMS OBJECTION (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Seventy-Third Omnibus Claims Objection (No Liability Claims)* (the "Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

ny-1155835

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Meryl L. Rothchild); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

Dated:  August 22, 2014
        New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Liquidating Trust*

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------------------- ) | | |

**THE RESCAP LIQUIDATING TRUST'S SEVENTY-THIRD OMNIBUS**
**<u>CLAIMS OBJECTION (NO LIABILITY CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER <u>EXHIBIT A</u>, <u>EXHIBIT B</u>, OR <u>EXHIBIT C</u> ATTACHED TO THE
PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to

terms of the Plan (defined below) filed in the above-captioned Chapter 11 cases (the "Chapter 11

Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

## **RELIEF REQUESTED**

1.       The Liquidating Trust files this seventy-third omnibus claims objection (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order

(the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2,

disallowing and expunging the No Liability Claims (as defined below) listed on Exhibit A, Exhibit

B, and Exhibit C annexed to the Proposed Order.[1]   In support of this Objection, the Liquidating

Trust submits the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's*

*Seventy-Third Omnibus Claims Objection (No Liability Claims)* (the "Horst Declaration"), attached

hereto as Exhibit 1.

2.       The Liquidating Trust examined the proofs of claim identified on Exhibit A

to the Proposed Order (collectively, the "Books and Records Claims") as well as the books and

records the Debtors maintained in the ordinary course of business, and determined that the Books

and Records Claims are not reflected in the Debtors' historical accounts payable, and for this

reason, the Trust determined that it has no liability regarding such claims.   Accordingly, the

---

[1]      Claims listed on Exhibit A, Exhibit B, and Exhibit C are reflected in the same manner as they appear on the
Claims Register (defined herein) maintained by KCC.

Liquidating Trust requests that the Books and Records Claims be disallowed and expunged from the Debtors' Claims Register (defined below).

3.      The Liquidating Trust also examined the proofs of claim identified on Exhibit B to the Proposed Order (collectively, the "Paid and Satisfied Claims") and determined that such claims are no longer valid because the Debtors or Liquidating Trust, as specified in Exhibit B annexed to the Proposed Order, fully satisfied such claims in the ordinary course of business. Accordingly, the Liquidating Trust requests that the Paid and Satisfied Claims be disallowed and expunged from the Claims Register.

4.      Lastly, the Liquidating Trust examined the proof of claim identified on Exhibit C to the Proposed Order (the "No Basis Claim," and together with the Books and Records Claims and the Paid and Satisfied Claims, the "No Liability Claims"), as well as the Debtors' books and records maintained in the ordinary course of business, and determined that the No Basis Claim fails to articulate any legal or factual justification to qualify as a liability of the Debtors. Accordingly, the Liquidating Trust requests that the No Basis Claim be disallowed and expunged from the Debtors' Claims Register.

5.      The Liquidating Trust expressly reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

6.      No Borrower Claims (as defined in the Procedures Order) are included in this Objection.

## **JURISDICTION**

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3

**BACKGROUND**

*General Case Background*

8.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

9.      On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the noticing and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

10.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].   On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

11.      The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets.   See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

ny-1153393

*Claims-Related Background*

12.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

13.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## BASIS FOR RELIEF

14.     Based upon its review of the proofs of claim filed on the Claims Register maintained by KCC, the Liquidating Trust determined that the Debtors' books and records do not reflect any valid basis for any of the No Liability Claims identified on Exhibit A, Exhibit B, and Exhibit C annexed to the Proposed Order. See Horst Declaration ¶¶ 5-11. Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors. If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery against the Liquidating Trust to the detriment of the Liquidating Trust's beneficiaries. See id.

15.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

16.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  In addition, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).

17.     Furthermore, pursuant to Bankruptcy Rule 3007(d), a debtor may object to claims and seek their disallowance where such claims "duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).  Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative and/or redundant claims filed by the same creditor.  See Order Sustaining, in Part, Debtors' Eighteenth Omnibus Objection to Claims [Docket No. 3501], In re Eastman Kodak Co., Case No. 12-0202 (ALG) (Bankr. S.D.N.Y. Apr. 17, 2013) (ordering the disallowance and expungement of redundant claims identified by the debtors in their eighteenth omnibus claims

objection); In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim). The Liquidating Trust is not required to make a distribution to a creditor on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

### A.    The Books and Records Claims Should be Disallowed and Expunged

18.    The Liquidating Trust diligently analyzed the Books and Records Claims and compared the claims set forth therein to the Debtors' books and records. After such review, the Liquidating Trust determined that each of the Books and Records Claims is asserted against a Debtor that does not have liability for such claim. See Horst Declaration ¶ 5. For instance, certain claimants purport to be the Debtors' vendors and assert claims on this basis; however, based on a diligent review of the Debtors' books and records: (i) such claimant is not a documented vendor with an account number with the Debtors, (ii) there is no record of any invoice amounts owing to the claimant by the Debtors, and/or (iii) the claimant did not attach an invoice to its proof of claim. See id. For these reasons, as described in greater detail on Exhibit A annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim. See id.

19.    Therefore, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the Books and Records Claims.

ny-1153393

**B.      The Paid and Satisfied Claims Should be Disallowed and Expunged**

20.      Based upon its review of the Paid and Satisfied Claims filed on the Claims Register maintained by KCC, the Liquidating Trust determined that each Paid and Satisfied Claim identified on Exhibit B annexed to the Proposed Order has been satisfied by the Debtors or the Liquidating Trust, as specified in Exhibit B annexed to the Proposed Order, in full during these Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court, applicable law, or otherwise.  See Horst Declaration ¶ 6.  Accordingly, these claims do not represent valid prepetition claims against the Debtors.  If the Paid and Satisfied Claims are not disallowed and expunged, then the claimants who filed these proofs of claim may potentially receive a duplicate and improper recovery in these Chapter 11 Cases.

21.      Accordingly, to avoid the possibility that certain claimants receive improper recoveries against the Debtors' estates, and to ensure the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that the Court disallow and expunge in their entirety each of the Paid and Satisfied Claims.  See Horst Declaration ¶ 7.

**C.      The No Basis Claim Should be Disallowed and Expunged**

22.      The Liquidating Trust diligently analyzed the No Basis Claim and determined that the No Basis Claim does not set forth any valid factual or legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.  See Horst Declaration ¶ 7.  The following claim is the No Basis Claim, and is addressed below:

- Proof of claim designated as Claim No. 1996 in the Claims Register, filed by ParkWest Homes, LLC, asserted against Homecomings Financial, LLC ("Claim No. 1996").

23.      Claim No. 1996 was filed by ParkWest Homes, LLC ("ParkWest") on October 30, 2012, and asserts a secured claim against Homecomings Financial, LLC ("Homecomings") in the amount of $478,754.04, including interest and additional costs.  The basis

for Claim No. 1996 is a "Claim of Lien on Real Property" located at 28123 Silo Way, Wilder, Idaho (described as Lot 4 in Block 1 of Riverbend Subdivision) (the "Property"), where ParkWest asserts that it has a mechanic's lien that has attached to the real property ahead of any interest of Homecomings.   Appended to the proof of claim form is (i) Exhibit A, detailing the outstanding amount due pursuant to an October 8, 2008 judgment purportedly entered in connection with a claim of lien obligation, plus interest and additional attorneys' fees and costs, (ii) Exhibit B, a copy of a mechanic's lien, dated November 28, 2006 and executed by ParkWest, as claimant, in the amount of $189,117.99, together with interest, in connection with the construction of a single family residence, and (iii) Exhibit C, a copy of an Order of Default Judgment against Julie G. Barnson Only, entered on October 2, 2008 by the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon (the "Idaho Court"), in connection with ParkWest's Complaint to Foreclose Lien, ParkWest Homes, LLC v. Barnson, 149 Idaho 603, 238 P.3d 203 (2010) (the "Lien Action"),[2] and as stipulated to by Defendant Barnson.

24.    The Trust diligently reviewed the Debtors' books and records in connection with Claim No. 1996 and found no documents or evidence indicating that any amounts are due and owing to the claimant by any Debtor entity.  See Horst Declaration ¶ 9.  Homecomings was the original lender for the loan relating to the Property that was involved in the Lien Action filed by ParkWest.  See id.  Subsequently, the mortgagor, Julie G. Barnson defaulted on the loan, and on July 20, 2009, the deed of trust was foreclosed on by First American Mortgage ("First American") through a trustee's sale.  See id.  First American conveyed the Property, which had been encumbered by ParkWest's mechanic's lien, to Debtor Residential Funding Real Estate Holdings,

---

[2]    The named defendants to the Lien Action were Julie G. Barnson, Mortgage Electronic Registration Systems, Inc., ("MERS"), Homecomings, and DOES 1-10. See Horst Declaration ¶ 9 n.2.

LLC ("Residential").  See id.  Upon the transfer of the Property to Residential, Homecomings had

no further interest in or lien against the Property.  See id.

25.     On June 25, 2010, as discussed in more detail in the Lien Action decision,

the Idaho Court held that ParkWest's lien on the Property was valid.  See generally, ParkWest, 149

Idaho 603, 238 P.3d 203.  Thereafter, on September 14, 2010, ParkWest filed a third complaint to

foreclose its lien in the Lien Action.  See Horst Declaration ¶ 10; see also Exhibit A annexed to the

Horst Declaration (providing factual and procedural background).  On November 2, 2010, MERS,

on behalf of Homecomings, Residential, and ParkWest filed a Stipulation to Intervene seeking the

Idaho Court's permission to allow Residential to intervene in the Lien Action because (i) it acquired

the Property by the trustee's sale and was thus the record holder of, and had claim to, said Property,

and (ii) ParkWest did not name Residential (nor First American, Residential's predecessor-in-

interest) as a party to the Lien Action.  See Horst Declaration ¶ 10; see also Exhibit B annexed to

the Horst Declaration.  On November 10, 2010, the Idaho Court ordered the Stipulation to

Intervene.  See id.; see also Exhibit C annexed to the Horst Declaration.  Residential proceeded to

seek summary judgment, claiming that Residential took the Property free and clear of ParkWest's

mechanic's lien, which was ultimately granted by the Idaho Court on February 16, 2011.  See id.;

see also Exhibit D annexed to the Horst Declaration.  The Idaho Court ruled that Residential took

the property free and clear of ParkWest's lien on the Property because ParkWest did not commence

an action against Residential or its predecessors-in-interest within six months of filing the

mechanic's lien as required by Idaho Code 45-510.  See id.  ParkWest appealed this grant of

summary judgment, but the Supreme Court of Idaho affirmed the Idaho Court's decision and

dismissed the appeal on February 4, 2013 (Docket No. 38919).  See Exhibit A annexed to the Horst

Declarration.  ParkWest petitioned for reconsideration on April 18, 2013 and May 31, 2013,

respectively, and was denied each time.    See id.; see also Exhibit E annexed to the Horst Declaration.

26.    Accordingly, Residential holds title to the Property free and clear of ParkWest's asserted mechanic's lien.  ParkWest simply holds no claim against Homecomings.  See Horst Declaration ¶ 11.  For this reason, the Debtors' estates are not liable for Claim No. 1996, and such claim should be disallowed and expunged from the Claims Register in its entirety.

27.    Therefore, to avoid the possibility that ParkWest receives an improper recoveries against the Debtors' estates, and to ensure the Liquidating Trust's beneficiaries are not prejudiced by such improper recovery, the Liquidating Trust requests that the Court disallow and expunge in its entirety ParkWest's No Basis Claim.  See id.

## NOTICE

28.    The Liquidating Trust has served notice of this Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

11

Dated:  August 22, 2014
      New York, New York

/s/ Norman S. Rosenbaum

Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Liquidating Trust*

ny-1153393

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-THIRD OMNIBUS CLAIMS OBJECTION (NO LIABILITY CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the "Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").   I have been employed by affiliates of ResCap since August of 2001.   In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer of ResCap.   I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.   In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.   In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.   In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.   I am authorized to submit this declaration (the "Declaration") in support of

the *ResCap Liquidating Trust's Seventy-Third Omnibus Claims Objection (No Liability Claims)* (the "Objection").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A, Exhibit B, and Exhibit C annexed to the Proposed Order.  Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same.  In connection with such review and analysis,

---

[1]      Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

2

where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating

Trust's professional advisors have reviewed (i) information supplied or verified by former

personnel in departments within the Debtors' various business units, (ii) the Books and Records,

(iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4.     Under my supervision, considerable resources and time have been

expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate

personnel and professional advisors.

### A.     The Books and Records Claims

5.     The Liquidating Trust diligently analyzed the Books and Records Claims

and compared the claims set forth therein to the Debtors' historical accounts payable.  After such

review, the Liquidating Trust determined that the Debtors' historical accounts payable

maintained in their Books and Records do not reflect any liability owed on account of any of the

Books and Records Claims asserted against the Debtors, and therefore, the Debtors' estates do

not have liability for such claims.  For instance, certain claimants purport to be the Debtors'

vendors and assert claims on this basis; however, based on a diligent review of the Debtors'

books and records: (i) such claimant is not a documented vendor with an account number with

the Debtors, (ii) there is no record of any invoice amounts owing to the claimant by the Debtors,

and/or (iii) the claimant did not attach an invoice to its proof of claim.  For these reasons, in

addition to those set forth on Exhibit A to the Proposed Order under the heading "*Reason for*

*Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their

respective proofs of claim.  Therefore, to avoid the possibility that these claimants receive

improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's

beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that

this Court disallow and expunge in their entirety each of the Books and Records Claims.

## B.    The Paid and Satisfied Claims

6.    Based on a thorough review of the Paid and Satisfied Claims at issue, the

Liquidating Trust determined that each claim listed on Exhibit B annexed to the Proposed Order

should be disallowed and expunged because these claims were satisfied in full by the Debtors or

the Liquidating Trust, as specified in Exhibit B, during these Chapter 11 Cases pursuant to the

authority granted to the Debtors by order of the Court.  If each of the Paid and Satisfied Claims is

not disallowed and expunged in its entirety, then the claimants who filed such claims may

potentially receive a wholly improper recovery to the detriment of the Liquidating Trust's

beneficiaries.

## C.    The No Basis Claim

7.    The Liquidating Trust diligently analyzed the No Basis Claim and

determined that the No Basis Claim does not set forth any valid factual or legal justification for

asserting a claim against a Debtor entity in the Chapter 11 Cases.  The following claim is the No

Basis Claim, and is addressed below:

- Proof of claim designated as Claim No. 1996 in the Claims Register, filed
  by ParkWest Homes, LLC, asserted against Homecomings Financial, LLC
  ("Claim No. 1996").

8.    Claim No. 1996 was filed by ParkWest Homes, LLC ("ParkWest") on

October 30, 2012, and asserts a secured claim against Homecomings Financial, LLC

("Homecomings") in the amount of $478,754.04, including interest and additional costs.  The

basis for Claim No. 1996 is a "Claim of Lien on Real Property" located at 28123 Silo Way,

Wilder, Idaho (described as Lot 4 in Block 1 of Riverbend Subdivision) (the "Property"), where

ParkWest asserts that it has a mechanic's lien that has attached to the real property ahead of any

4

interest of Homecomings.  Appended to the proof of claim form is (i) Exhibit A, detailing the outstanding amount due pursuant to an October 8, 2008 judgment purportedly entered in connection with a claim of lien obligation, plus interest and additional attorneys' fees and costs, (ii) Exhibit B, a copy of a mechanic's lien, dated November 28, 2006 and executed by ParkWest, as claimant, in the amount of $189,117.99, together with interest, in connection with the construction of a single family residence, and (iii) Exhibit C, a copy of an Order of Default Judgment against Julie G. Barnson Only, entered on October 2, 2008 by the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon (the "Idaho Court"), in connection with ParkWest's Complaint to Foreclose Lien, ParkWest Homes, LLC v. Barnson, 149 Idaho 603, 238 P.3d 203 (2010) (the "Lien Action"),  and as stipulated to by Defendant Barnson.

9.    The Trust diligently reviewed the Debtors' books and records in connection with Claim No. 1996 and found no documents or evidence indicating that any amounts are due and owing to the claimant by any Debtor entity.  Homecomings was the original lender for the loan relating to the Property that was involved in the Lien Action filed by ParkWest.  See id.  Subsequently, the mortgagor, Julie G. Barnson defaulted on the loan, and on July 20, 2009, the deed of trust was foreclosed on by First American Mortgage ("First American") through a trustee's sale.  First American conveyed the Property, which had been encumbered by ParkWest's mechanic's lien, to Debtor Residential Funding Real Estate Holdings, LLC ("Residential").  Upon the transfer of the Property to Residential, Homecomings had no further interest in or lien against the Property.

10.    On June 25, 2010, as discussed in more detail in the Lien Action decision, the Idaho Court held that ParkWest's lien on the Property was valid.  See generally, ParkWest,

5

149 Idaho 603, 238 P.3d 203.   Thereafter, on September 14, 2010, ParkWest filed a third

complaint to foreclose its lien in the Lien Action.   See Exhibit A annexed hereto (providing

factual and procedural background).   On November 2, 2010, MERS, on behalf of Homecomings,

Residential, and ParkWest filed a Stipulation to Intervene seeking the Idaho Court's permission

to allow Residential to intervene in the Lien Action because (i) it acquired the Property by the

trustee's sale and was thus the record holder of, and had claim to, said Property, and (ii)

ParkWest did not name Residential (nor First American, Residential's predecessor-in-interest) as

a party to the Lien Action.   See Exhibit B annexed hereto.   On November 10, 2010, the Idaho

Court ordered the Stipulation to Intervene.   See Exhibit C annexed hereto.   Residential proceeded

to seek summary judgment, claiming that Residential took the Property free and clear of

ParkWest's mechanic's lien, which was ultimately granted by the Idaho Court on February 16,

2011.  See Exhibit D annexed hereto.   The Idaho Court ruled that Residential took the property

free and clear of ParkWest's lien on the Property because ParkWest did not commence an action

against Residential or its predecessors-in-interest within six months of filing the mechanic's lien

as required by Idaho Code 45-510.   See id.   ParkWest appealed this grant of summary judgment,

but the Supreme Court of Idaho affirmed the Idaho Court's decision and dismissed the appeal on

February 4, 2013 (Docket No. 38919).   Exhibit A annexed hereto.   ParkWest petitioned for

reconsideration on April 18, 2013 and May 31, 2013, respectively, and was denied each time.

See Exhibit E annexed hereto.

        11.     Accordingly, Residential holds title to the Property free and clear of

ParkWest's asserted mechanic's lien.   ParkWest simply holds no claim against Homecomings.

For this reason, the Debtors' estates are not liable for Claim No. 1996, and such claim should be

disallowed and expunged from the Claims Register in its entirety.

6

12.     Based upon these reviews, and for the reasons set forth in the Objection

and Exhibit A, Exhibit B, and Exhibit C to the Proposed Order, I have determined that each No

Liability Claim that is the subject of the Objection should be accorded the proposed treatment

described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated: August 22, 2014

         _/s/_ Deanna Horst
         Deanna Horst
         Chief Claims Officer for The ResCap
         Liquidating Trust

**Exhibit A**

# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38919

| | | |
|---|---|---|
| PARKWEST HOMES, LLC, an Idaho limited liability company, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Boise, December 2012 Term |
| JULIE G. BARNSON, an unmarried woman; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as nominee for HOMECOMINGS FINANCIAL, LLC aka HOMECOMINGS FINANCIAL NETWORK, INC., | ) ) ) ) ) ) ) ) ) | 2013 Opinion No. 19 Filed: February 4, 2013 Stephen W. Kenyon, Clerk |
| Defendants, | ) ) ) | |
| and | ) ) | |
| RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Intervenor-Respondent. | ) | |

Appeal from the district court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

The decision of the district court is affirmed. Costs on appeal are awarded to Respondent.

Moffatt Thomas Barrett Rock & Fields, Chtd, Boise, attorneys for Appellant. Robert Burns argued.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, attorneys for Respondent. Geoffrey Wardle argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

This is an appeal from an order granting summary judgment in an action to foreclose a mechanic's lien by ParkWest Homes, LLC ("ParkWest") against Julie Barnson ("Barnson") and

Mortgage Electronic Services, Inc. ("MERS"). In *ParkWest Homes, LLC v. Barnson*, 149 Idaho 603, 238 P.3d 203 (2010) (hereinafter "*ParkWest I*"), this Court held that ParkWest's lien on the property was valid. After this Court's decision in *ParkWest I*, property encumbered by ParkWest's lien was conveyed to Residential Funding Real Estate Holdings, LLC ("Residential") via a trustee's sale conducted by First American. Residential intervened in this action and sought summary judgment. The district court dismissed MERS from the action and granted Residential summary judgment. It ruled that Residential took the property free and clear of ParkWest's lien on the property, because neither Residential nor its predecessors-in-interest were named in this action. ParkWest appeals the district court's grant of summary judgment.

## II. Factual and Procedural Background

The facts giving rise to the current action were described by this Court in *ParkWest I*:

On March 27, 2006, ParkWest Homes LLC and [Julie] Barnson both signed a written contract dated March 15, 2006, under which ParkWest agreed to construct a home on certain real property for $422,000. At the time that the parties negotiated and executed the contract, ParkWest was not registered under the Idaho Contractor Registration Act, Idaho Code §§ 54-5201 to 54-5212 (Contractor Act). On April 7, 2006, Barnson purchased the property upon which the home was to be built.

ParkWest registered under the Contractor Act on May 2, 2006; it commenced construction of the home on May 22, 2006; and it claims to have substantially completed construction on November 1, 2006. ParkWest and Barnson later had a dispute as to whether she had paid all sums due. On November 28, 2006, ParkWest recorded a mechanic's lien against the property, claiming that the sum of $189,117.99, plus interest, was due for labor and materials it furnished in constructing the home.

On November 14, 2006, two deeds of trust were recorded against the property. Mortgage Electronic Services, Inc., (MERS) is the beneficiary under both deeds of trust.

149 Idaho at 604–05, 238 P.3d at 204–05. In addition to MERS being named the beneficiary under the deed of trust, Transnation Title ("Transnation") was named the trustee. On June 28, 2007, First American was appointed the successor trustee.

On August 7, 2007, ParkWest filed an action to foreclose its lien. It named only Barnson and MERS as party-defendants. It did not name either Transnation, the original trustee, or First American, the successor trustee. On August, 13, 2007, ParkWest recorded a lis pendens with the Canyon County Recorder. On September 13, 2007, ParkWest recorded an amended lis pendens. On September 30, 2008, ParkWest and Barnson filed a Stipulation for Entry of Final Judgment. This stipulation enabled ParkWest to take immediate possession of the property, and in return

2

ParkWest agreed to release Barnson from any personal liability ("Barnson Judgment"); neither MERS nor First American was a party to this stipulation.

On October 2, 2008, MERS filed a motion for summary judgment arguing that ParkWest's mechanic's lien was void because ParkWest failed to comply with I.C. §§ 45-507, 45-525. *ParkWest I*, 149 Idaho at 605, 238 P.3d at 205. On October 6, 2008, ParkWest filed the Second Amended Complaint to Foreclose its lien. On October 7, 2008, the district court entered judgment against Barnson, which was recorded the same day. The Judgment against Barnson did not name Residential nor any of its predecessors-in-interest.

On January 26, 2009, the district court granted summary judgment in favor of MERS. ParkWest appealed the district court's order to this Court on March 9, 2009. On July 20, 2009, because of Barnson's default, the deed of trust was foreclosed by First American through a trustee's sale. First American conveyed the property to Residential through a Trustee's Deed.

In *ParkWest I*, decided on June 25, 2010, this Court reversed the district court's grant of summary judgment. *ParkWest I*, 149 Idaho at 609, 238 P.3d at 209. In that case, this Court decided that ParkWest adequately complied with I.C. § 45-507, and its lien was not lost under the Contractor Act. *Id.* ("Therefore, [ParkWest] is entitled to a lien on the property").

On September 14, 2010, ParkWest filed a third complaint to foreclose its lien. Again, it named only Barnson and MERS, and did not name Transnation, First American, or Residential. Residential intervened in the action on November 10, 2010. MERS sought to be dismissed by the district court on November 12, 2010. MERS no longer held any interest in the property, because the property was conveyed to Residential during a trustee's sale. The district court dismissed MERS in its decision dated February 16, 2011.

Residential sought summary judgment on November 17, 2010, claiming that ParkWest's lien was not valid against Residential, because ParkWest did not commence an action against Residential's predecessor-in-interest, First American, within six months of filing its lien pursuant to I.C. § 45-510. Because ParkWest failed to commence an action against First American, Residential maintained that it took the property free and clear of ParkWest's lien. The district court granted Residential's motion for summary judgment on February 16, 2011. Final judgment was entered in favor of Residential on March 1, 2011. After the district court disposed of post-judgment orders, ParkWest timely filed its Notice of Appeal on June 21, 2011.

### III. ISSUES ON APPEAL

1. Whether the "law of the case" doctrine forecloses additional challenges to the validity of a lien, when the party presently challenging the lien was not a party to the prior appeal.

2. Whether a lienor seeking to enforce a mechanic's lien against property encumbered by a deed of trust must name the trustee of the deed of trust within the period of time required by statute to give the lien effect against subsequent holders of legal title.

## IV. STANDARD OF REVIEW

An appeal from summary judgment is reviewed under the same standard a district court uses when granting a motion for summary judgment. *A & J Const. Co., Inc. v. Wood*, 141 Idaho 682, 684, 116 P.3d 12, 14 (2005). Under Rule 56(c) of the Idaho Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If the evidence reveals no disputed issues of material fact, then summary judgment should be granted. *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 718–19, 918 P.2d 583, 587–88 (1996). In making this determination, "all disputed facts are liberally construed in favor of the non-moving party." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991). Circumstantial evidence can create a genuine issue of material fact. *Id.* Inferences that can reasonably be made from the record are made in favor of the non-moving party. *Id.* However, the non-moving party may not rest on a mere scintilla of evidence. *Id.* If the record raises neither a question of witness credibility nor requires weighing the evidence, then summary judgment should be granted. *Merrill v. Duffy Reed Constr. Co.*, 82 Idaho 410, 414, 353 P.2d 657, 659 (1960). "The moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

On review, the interpretation of a statute is an issue of law over which the Supreme Court exercises free review. *Idaho Fair Share v. Idaho Public Utilities Comm'n*, 113 Idaho 959, 961–62, 651 P.2d 107, 109–110 (1988), *overruled on other grounds by J.R. Simplot Co. v. Idaho State Tax Comm'n*, 120 Idaho 849, 820 P.2d 1206 (1991). Our primary function when interpreting a statute is to give effect to the legislative intent, which should be derived, where applicable, from the clearly expressed intent of the legislature. *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 447, 453 (1999); *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990).

4

# V. DISCUSSION

### A.    The "Law of the Case" Doctrine.

The first issue is whether the "law of the case" doctrine forecloses additional challenges to the validity of a lien, when the party challenging the validity of the lien was not a party to the prior appeal. We hold it does not.

ParkWest argues that the district court erred when it ruled that the "law of the case" doctrine did not foreclose additional challenges to the validity of ParkWest's lien. ParkWest argues that the "law of the case" doctrine precludes any arguments that could have been raised in the earlier appeal. ParkWest contends Residential is bound by *ParkWest I*, because Residential had constructive notice of this action, and Residential has failed to demonstrate how its challenge to the validity of ParkWest's lien validity could not have been raised on appeal in *ParkWest I*.

Residential argues that the holding of this Court in *ParkWest I* does not preclude its challenge to the validity of ParkWest's lien, because *ParkWest I* did not rule that "the lien was valid for all purposes and immune from any other attack." Residential argues that this Court's holding that the lien was valid applies only to the specific issues raised in that appeal. Also, Residential maintains that it would not have been possible to raise these challenges in *ParkWest I*, because Residential did not intervene until after the appeal.

The district court ruled that the "law of the case" doctrine does not preclude Residential's challenges to ParkWest's lien, because this Court addressed four specific issues related to an earlier grant of summary judgment. It also ruled *ParkWest I* only dealt with the validity of ParkWest's lien with regard to four requirements of validity, and is not controlling on the other issues of lien validity or enforcement not addressed on appeal. The district court further ruled that Residential could not have raised these issues on appeal, because Residential was not a party in this action at that time.

This Court adheres to the "law of the case" doctrine, which we have articulated as follows:

> The doctrine of "law of the case" is well established in Idaho and provides that upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000) (internal citations omitted).

"The 'law of the case' doctrine also prevents consideration on a subsequent appeal of alleged

errors that might have been, but were not, raised in the earlier appeal." *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009).

In the present appeal, the alleged error could not have been addressed at the time of *ParkWest I*, because Residential was not a party to that case. The law of the case only binds the parties to the appeal. *See Johnson v. Young*, 53 Idaho 271, 283, 23 P.2d 723, 728 (1932) (holding that the court's litigation of appellant's status as a taxpayer on appeal was the law of the case, "which governs us and the parties litigant"); *Vill. of Heyburn v. Sec. Sav. & Trust Co.*, 55 Idaho 732, 746, 49 P.2d 258, 264 (1935) (finding the law of the case governs "subsequent litigation between the same parties over the same issues"). This is a common rule across the country. *E.g. PG & E Corp. v. Pub. Util. Comm'n*, 118 Cal. App. 4th 1174, 1193, 13 Cal. Reptr. 3d 630, 643–44 (Cal. Ct. App. 2004); *State ex rel. Frazier & Oxley v. Cummings*, 591 S.E.2d 728, 739 n.15 (W.Va. 2003).

In *ParkWest I*, this Court determined that ParkWest's lien substantially complied with I.C. § 45-507 and that the lien was valid for labor and materials supplied after the contractor registered. 149 Idaho at 604, 138 P.3d at 204. But the issues addressed by this Court centered on whether ParkWest's lien adequately complied with relevant Idaho statutes. *Id.* After examining the substance, form, and structure of ParkWest's lien, this Court held that ParkWest was "entitled to a lien on the property." *Id.* That decision is only the law of the case between the parties involved in that appeal. Neither Residential nor its predecessors-in-interest were a party to that appeal.

Therefore, the "law of the case" doctrine does not preclude Residential's challenges to ParkWest's lien, and the district court did not err in holding that it did not preclude Residential's challenges to the validity of ParkWest's lien.

**B.     ParkWest Lost its Lien as Against Residential for Failing to Name the Trustee.**

We next turn our attention to whether a lienor seeking to enforce a mechanic's lien against property encumbered by a deed of trust must name the trustee of the deed of trust within the period of time required by statute to give effect to the mechanic's lien against subsequent holders of legal title. We hold that the lienor must.

ParkWest challenges the district court's ruling that because ParkWest failed to name Residential or its predecessors-in-interest, ParkWest's lien was not valid against Residential under I.C. § 45-510. ParkWest acknowledges that with respect to First American, its lien was lost. But ParkWest qualifies the interest held by First American as mere legal title with the power

of sale. All other interests, it argues were held by Barnson. ParkWest further argues that the mechanic's lien attached to the property from the date of the commencement of work, which was approximately six months before the MERS deed of trust was recorded.

Residential, however, argues that ParkWest's lien is not valid as to it, because ParkWest did not comply with I.C. § 45-510 requiring the lien claimant to commence an action against an interested party within six months. Failure to comply with these requirements, Residential argues, divests the court of jurisdiction to enforce the lien. Residential argues that because neither Residential nor its predecessors-in-interest were named in the action, the lien is not valid against unnamed parties. Residential additionally argues that Barnson's interest in the property, when she executed the deed of trust was good against all persons except Transnation as the original trustee under the deed of trust. Residential's argument follows that since First American succeeded Transnation as trustee and foreclosed on the Barnson deed of trust, Barnson was fully divested and the property was conveyed to Residential.

The district court ruled that I.C § 45-510 extinguishes a court's jurisdiction to enforce a mechanic's lien if an action is not brought to enforce it within six months. The district court further found that an action must be brought against all parties who hold an interest in the property. The district court ruled that Transnation was a necessary party to enforce the deed, because it held the power to convey legal title. It further held that both Residential and First American's interest in the property arose from Transnation, and were not named in this action; the lien, therefore, was not valid against Residential.

Idaho is a title theory state, whereby a deed of trust is a title-passing procedure. This Court extensively discussed this procedure in *Long v. Williams*, 105 Idaho 585, 587, 671 P.2d 1048, 1050 (1983). We noted that a deed of trust is effectively a mortgage with a power of sale, but as security for that mortgage, legal title passes to the trustee. *Id.* at 587–88, 671 P.2d at 650–51 When a deed of trust is executed and delivered, the legal title of the property passes to the trustee. I.C. § 45-1502(4); *Defendant A v. Idaho State Bar*, 132 Idaho 662, 665, 978 P.2d 222, 225 (1999).

A mechanic's lien is provided for by statute, and as a creature of statute, substantial compliance with that statute is required to perfect the lien. *Baker v. Boren*, 129 Idaho 885, 895, 934 P.2d 951, 961 (Ct. App. 1997). Idaho Code § 45-510 provides a court with jurisdiction to enforce a lien when a lien is filed and an action commenced within six months. *Palmer v. Bradford*, 86 Idaho 395, 401, 388 P.2d 96, 99 (1963). However, even if an action is brought to

7

enforce a lien within a six month period, it is lost against the interests of persons not named. *Willes v. Palmer*, 78 Idaho 104, 108, 298 P.2d 972, 975 (1956). Thus, in a foreclosure action, the action (1) must be timely brought under statute; and (2) must timely name the proper interested parties.

In *Palmer*, this Court held that a party must timely seek to enforce their lien, or it is lost. In that case, a husband and wife executed a mortgage on their property. R.M. Schaefer Lumber Company began construction of a house on property owned by husband and wife. It filed a mechanic's lien against the property for materials and services supplied. The mortgage company brought an action to foreclose on the property, filed a lis pendens, and named husband and wife as defendants. R.M Schaefer Lumber Company sought to foreclose its mechanic's lien claiming that it was prior in right to the mortgage. The district court held that the mechanic's lien was inferior to the mortgage. On appeal, this Court held that the mechanic's lien was entitled to priority over the mortgage, but an action to enforce the lien was not properly brought within six months, so it was lost. *Palmer*, 86 Idaho at 395–401, 388 P.2d at 96–99.

In *Willes*, this Court held that a party must timely name proper parties in a foreclosure action, or the lien is lost against the unnamed parties. In that case, the plaintiff furnished labor and materials for improvements to defendants' residence. The plaintiff then filed a claim of lien to secure the unpaid balance of this lien against Mr. Palmer, even though the deed to the property was in the name of Mr. Palmer and his wife. After the statutory six month period of time had run, the plaintiff sought to amend its complaint to add Mrs. Palmer as a defendant. This Court held that because Mrs. Palmer was not named in the complaint, the plaintiff's mechanic's lien was lost as to her interest in the property. *Willes*, 78 Idaho at 104–108, 298 P.2d at 972–975.

In light of this authority, because a mechanic's lien is lost as to any interest in property not named in a foreclosure action, we hold that a subsequent holder of legal title to property encumbered by a deed of trust and a mechanic's lien, takes the property free and clear of the mechanic's lien, where the lienor fails to name the trustee of the deed of trust in an action to enforce the mechanic's lien within the period of time required by statute. In other words, when seeking to foreclose a lien on property encumbered by a deed of trust, it is necessary to name the trustee who holds legal title to the property.

In the present matter, Transnation was the trustee of the deed of trust and held legal title to the property. Transnation's interest in the property was transferred to First American. First American's legal title was transferred to Residential through a trustee's sale. None of these

parties were named by ParkWest. Because ParkWest failed to name the holder of legal title in its foreclosure action, its lien was lost against Residential.

Therefore, Residential took the property free and clear of ParkWest's mechanic's lien. The district court did not err in granting ParkWest summary judgment.

### C.    Attorney Fees.

Residential claims it is entitled to attorney fees pursuant to I.C. § 12-121 and Idaho Appellate Rule 41, and costs pursuant to Idaho Appellate Rule 40. However,

> Idaho Code section 45-513 provides for the award of reasonable attorney fees in an action to foreclose a mechanic's lien. However, section 45-513 does not provide for the award of attorney fees on appeal, because the legislature deleted that provision from the statute prior to adopting it . . . . Therefore, because section 45-513 is a specific statute providing for the award of attorney fees in proceedings to foreclose a mechanic's lien, Idaho Code section 12-120(3) and 12-121, which are general statutes, do not apply.

*First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, No. 38407-2011, 2012 WL 4055357, at *6 (Idaho, Sept. 14, 2012) (internal citations omitted). Therefore, Residential is not entitled to attorney fees on appeal.

## VI. CONCLUSION

We hold that ParkWest's lien was lost as to Residential, because it failed to name any holders of legal title in its action to enforce the lien. The district court is therefore affirmed. Costs on appeal are awarded to Residential as the prevailing party, but Residential is not entitled to attorney fees on appeal.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.

**<u>Exhibit B</u>**

Stephen C. Hardesty ISB No. 4214
Ryan T. McFarland ISB No. 7347
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
Email: sch@hteh.com
          rmcf@hteh.com

Attorneys for Defendant Mortgage Electronic Registration Systems, Inc. and
Defendant/Intervenor Residential Funding Real Estate Holdings, LLC

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| PARKWEST HOMES LLC, an Idaho limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> JULIE G. BARNSON, an unmarried woman; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), a Delaware limited liability company; and DOES 1-10, <br><br> Defendants. <br><br> and <br><br> RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC, a Delaware limited liability company, <br><br> Defendant/Intervenor. | Case No. CV 07-8274 <br><br> STIPULATION TO INTERVENE |

STIPULATION TO INTERVENE - 1

Defendant Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), and Defendant/Intervenor Residential Funding Real Estate Holdings, LLC ("Residential"), by and through their counsel of record Hawley Troxell Ennis & Hawley LLP; and ParkWest Homes LLC ("ParkWest"), by and through its counsel of record Moffatt, Thomas, Barrett, Rock & Fields, Chartered, hereby stipulate and agree as follows:

1.      Residential is permitted to intervene in this action as of right, pursuant to Idaho Rule of Civil Procedure 24(a);

2.      Residential is permitted to file the Answer And Counterclaim In Intervention attached hereto as Exhibit A;

3.      The Court may enter the Order attached hereto as Exhibit B; and

4.      Robert Burns hereby accepts and acknowledges service of Residential's Answer And Counterclaim In Intervention on behalf of ParkWest.

The parties agree that this Stipulation is based upon, but not limited to, the facts that (i) Residential acquired the property (the "Property") that is the subject of this action by trustee's sale made pursuant to Chapter 15, Title 45, Idaho Code, and via the Trustee's Deed attached to said Answer and Counterclaim in Intervention as Exhibit A thereto; (ii) as a result of said trustee's sale and Trustee's Deed Residential became and is now the record owner of, and thereby claims an interest in, the Property; (iii) Residential's interests may not be adequately represented by any other party to this action; and (iv) the disposition of this action without the intervention of Residential may impair or impede Residential's ability to protect its interest in the Property.

STIPULATION TO INTERVENE - 2

#####

DATED THIS _____ day of November, 2010.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By _____
Ryan T. McFarland. ISB No. 7347
Attorneys for Defendant Mortgage Electronic
Registration Systems, Inc. and
Defendant/Intervenor Residential Funding Real
Estate Holdings, LLC


DATED THIS _2nd_ day of November, 2010.

MOFFATT, THOMAS, BARRETT, ROCK
& FIELDS, CHARTERED

By _____
Robert B. Burns, ISB No. 3744
Attorneys for Plaintiff ParkWest Homes LLC

STIPULATION TO INTERVENE - 3

05000.0047.2112140.2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this ___ day of November, 2010, I caused to be served a true copy of the foregoing STIPULATION TO INTERVENE by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Robert B. Burns | _____ U.S. Mail, Postage Prepaid |
| MOFFATT, THOMAS, BARRETT, ROCK | _____ Hand Delivered |
| & FIELDS, CHARTERED | _____ Overnight Mail |
| 101 S. Capitol Blvd., 10th Floor | _____ E-mail |
| P.O. Box 829 | _____ Telecopy |
| Boise, ID 83701 | |
| [Attorneys for Plaintiff] | |

| | |
|---|---|
| David E. Wishney | _____ U.S. Mail, Postage Prepaid |
| Attorney at Law | _____ Hand Delivered |
| 300 W. Myrtle Street, Suite 200 | _____ Overnight Mail |
| P.O. Box 837 | _____ E-mail |
| Boise, ID 83701-0837 | _____ Telecopy |
| [Attorney for Defendant Julie G. Barnson] | |

_____

Ryan T. McFarland

STIPULATION TO INTERVENE - 4

**Exhibit C**

F I L E D
A.M. _____ P.M.

NOV 1 0 2010

CANYON COUNTY CLERK
B RAYNE, DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | | |
|---|---|---|
| PARKWEST HOMES LLC, an Idaho limited liability company, | ) ) ) | Case No. CV 07-8274 |
| Plaintiff, | ) ) | ORDER ON STIPULATION TO INTERVENE |
| vs. | ) ) | |
| JULIE G. BARNSON, an unmarried woman; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), a Delaware limited liability company; and DOES 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) | |
| RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant/Intervenor. | ) ) ) | |

The Court, having reviewed the Stipulation To Intervene filed by Defendants Mortgage

Electronic Registration Systems, Inc., as nominee for Homecomings Financial, LLC (f/k/a

Homecomings Financial Network, Inc.), Defendant/Intervenor Residential Funding Real Estate

Holdings, LLC ("Residential"), and ParkWest Homes LLC ("ParkWest"), and good cause

appearing therefor,

IT IS HEREBY ORDERED that:

1.     Residential is permitted to intervene in this action as of right, pursuant to Idaho

Rule of Civil Procedure 24(a); and

ORDER ON STIPULATION TO INTERVENE - 1

2.      Residential is granted leave to file its Answer And Counterclaim In Intervention.

DATED THIS _____ day of October, 2010.


Bradly S. Ford
_____
Bradley S. Ford
District Judge

05000.0047.2112187.1

## CERTIFICATE OF SERVICE

**NOV 1 0 2010**

I HEREBY CERTIFY that on this ___ day of October, 2010, I caused to be served a true copy of the foregoing ORDER ON STIPULATION TO INTERVENE by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Robert B. Burns<br>MOFFATT, THOMAS, BARRETT, ROCK<br>& FIELDS, CHARTERED<br>101 S. Capitol Blvd., 10th Floor<br>P.O. Box 829<br>Boise, ID 83701<br>[Attorneys for Plaintiff] | ___ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ E-mail<br>___ Telecopy |
| David E. Wishney<br>Attorney at Law<br>300 W. Myrtle Street, Suite 200<br>P.O. Box 837<br>Boise, ID 83701-0837<br>[Attorney for Defendant Julie G. Barnson] | ___ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ E-mail<br>___ Telecopy |
| Stephen C. Hardesty<br>Ryan T. McFarland<br>HAWLEY TROXELL ENNIS & HAWLEY LLP<br>877 Main Street, Suite 1000<br>P.O. Box 1617<br>Boise, ID 83701-1617<br>[Attorneys for Defendants Mortgage Electronic<br>Registration Systems, Inc, as nominee for<br>Homecomings Financial, LLC (f/k/a Homecomings<br>Financial Network, Inc.), and Residential Funding Real<br>Estate Holdings, LLC] | ___ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ E-mail<br>___ Telecopy |

WILLIAM H. HURST
Clerk of the Court


B. PAYNE

By _____
    Deputy Clerk


ORDER ON STIPULATION TO INTERVENE - 3

**<u>Exhibit D</u>**



F I L E D
A.M. ____ 51 ____ P.M.

FEB 1 6 2011

CANYON COUNTY CLERK
121 6, DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

|  |  |
|---|---|
| PARKWEST HOMES LLC, an Idaho limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) |
| JULIE BARNSON, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, | ) ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) ) |
| RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC, a Delaware Limited liability company, | ) ) ) ) |
| Defendant/Intervenor. | ) ) ) |

Case No.  CV-2007-8274

**MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT, AND RESIDENTIAL'S MOTION IN LIMINE**

## Procedural History

This action was initiated by Plaintiff ParkWest Homes, LLC (ParkWest) by Verified Complaint to Foreclose Lien on August 7, 2007, followed by the First Amended Complaint filed on September 12, 2007. A Second Amended Complaint was filed on October 6, 2008.[1]

On January 6, 2009, the Honorable Gordon Petrie[2] issued a Memorandum Decision on Defendant Mortgage Electronic Registration Systems Inc. (MERS) Motion for Summary Judgment granting the motion in favor of MERS. Judgment was entered on January 26, 2009.

Thereafter, ParkWest appealed the matter to the Idaho Supreme Court. The Idaho Supreme Court reversed Judge Petrie's decision and remanded this matter to this court on June 28, 2010. The Remittitur was issued on July 22, 2010.

On September 14, 2010, ParkWest filed a Supplemental Amended Complaint to Foreclose Lien. MERS' Answer to Supplemental Amended Complaint was filed on October 7, 2010. On November 10, 2010, this court granted an Order on Stipulation to allow Defendant Residential Funding Real Estate Holdings (Residential) to intervene as a party to this action. Residential's Answer and Counterclaim on Intervention was filed on November 15, 2010. ParkWest filed an Answer to Counterclaim in Intervention on November 30, 2010.

On November 12, 2010, MERS filed a Motion to Dismiss and a Motion for Protective Order along with supporting memoranda and affidavits. ParkWest filed an Objection to Motion to Dismiss MERS on November 29, 2010. MERS' Reply Memorandum was filed on December 7, 2010. ParkWest filed a Motion to Compel along with supporting affidavit on November 23, 2010, and MERS' Opposition to the Motion to Compel was filed on December 2, 2010.

---

[1] ParkWest, MERS and Defendant Julie Barnson stipulated to the entry of default judgment against Barnson on October 7, 2008.

[2] Judge Petrie retired from the bench in January 2009.

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 2

ParkWest filed a Reply Memorandum on the Motion to Compel on December 7, 2010. The Motion to Compel and Motion to Dismiss were scheduled for hearing on December 9, 2010, but the parties represented on the record that a tentative agreement had been reached to resolve the pending issues and the motion hearing was vacated.

On November 17, 2010, Residential filed a Motion for Summary Judgment with ParkWest's Opposition being filed on December 27, 2010. Residential's Reply Memorandum was filed on January 5, 2011.

On January 5, 2011 Residential filed a Motion in Limine along with supporting memorandum. Also filed that day was MERS' Supplemental Memorandum on Motion to Compel, the Motion to Dismiss, and the Motion for Protective Order. On January 10, 2011, ParkWest filed a Memorandum in Opposition to Motion in Limine/Surreply to MSJ.

A hearing was held on all pending motions on January 13, 2011. Robert Burns appeared on behalf of ParkWest, while Ryan McFarland and Jake McGrady appeared on behalf of MERS and Residential.

### Motion to Compel and Motion for Protective Order

Pursuant to Idaho Rules of Civil Procedure 26, 30, and 37, ParkWest asks this court to order MERS to (1) provide substantive responses to discovery requests served on October 13, 2010 and (2) to designate and produce a deposition representative pursuant to IRCP 30(b)(6). MERS, on the other hand, seeks relief from these discovery requests pursuant to Idaho Rule of Civil Procedure 26(c) because MERS no longer has an interest in the property and is seeking to be dismissed from this action.

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 3

As noted above, the parties attempted to resolve these issues during an in chambers meeting prior to the December 2010 motion hearing, however, the parties subsequently disagreed about whether the terms of the resolution had been satisfied. At the oral argument held on January 13, 2011, counsel for MERS articulated its belief that because MERS no longer has any interest in the property and because MERS has disclosed its entire file with respect to this property that it should not be required to respond to additional written discovery and/or an IRCP 30(b)(6) deposition. However, MERS did indicate a willingness to participate in the deposition, if ParkWest agreed to conduct the deposition at the location where the MERS 30(c)(6) designee was located.[3] ParkWest is concerned that its ability to try this case would be prejudiced should it agree to dismiss MERS from this action prior to completing the discovery it deems necessary. ParkWest also argues that in the absence of certain admissions by MERS, ParkWest may encounter difficulty introducing MERS documents and information into evidence during trial if MERS was no longer a party. ParkWest also argues that it should be allowed to conduct the deposition of MERS designated representative in Idaho to avoid the expense and inconvenience of travel to the location of the MERS deponent.

During the hearing on these issues, counsel for MERS and Residential made the representation that since MERS has disclosed its entire file through discovery, that Residential would not object to ParkWest's offer of the MERS documents on the basis of inadequate source foundation. That is, while Residential maintained its right to object to documents on other grounds, it would not raise an issue as to the validity of the documents. In addition, counsel for MERS represented to the court that in its discovery responses MERS had admitted that the

---

[3] It was represented to the court that the deponent is located in Texas.

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 4

documents produced are genuine and are accurate copies of the documents retained in the MERS file which were maintained in the ordinary course of MERS conduct of business.

In addressing another unresolved issue between MERS and ParkWest, counsel for MERS also asserted that MERS maintains the position that at all times relevant to this action it had priority over the ParkWest lien, but that since the foreclosure of the property more particularly described below, MERS no longer maintains that it has an interest in the property pursuant to either the first or second deeds of trust recorded.

In light of the foregoing and because ParkWest has not identified for the record other specific discovery responses that remain unanswered or unsatisfactorily answered, this court will grant MERS Motion for Protective Order as it relates to written discovery. Having so ruled, the court denies ParkWest's Motion to Compel as it relates to written discovery. The court finds that MERS has disclosed its entire file and has made the above representations that should satisfy the concerns expressed by ParkWest.

As for the issue of the deposition, the court will grant ParkWest's Motion to Compel MERS to identify and produce for deposition an IRCP 30(b)(6) designee. The court finds that given the procedural history of this action and the status of MERS at this junction of the case that MERS will, in the interest of judicial economy and resolution, submit to a deposition. MERS Motion for Protective Order as to the request to submit to a deposition is denied.

Finally, the court must address the matter as to where the deposition will take place. MERS argues that it should not be forced to come to Idaho because the deponent is not located here, the file is not located here, and because MERS has no interest in the subject property. ParkWest argues that it should be allowed to bring the MERS deponent to Idaho because it would reduce the expense for both sides. Neither party has submitted authority from this

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 5

jurisdiction as to the court's discretion, or lack thereof. MERS cites to *O'Sullivan v. Rivera*, 229 F.R.D. 187 (D.N.M. 2004) in which the United States District Court of New Mexico stated that "An out-of-state deponent is under no obligation to travel to the location where the case was filed for a deposition." *Id*, at 188. The court also stated that "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Id*, at 189 citing *Metrex Research Corp. v. United States*, 151 F.R.D. 122 (D.Colo.1993).

ParkWest cites to *Dagen v. CFC Group Holdings Ltd.*, 2003 WL 21910861 S.D.N.Y.2003 (unpublished opinion) for the idea that a court may overcome the "familiar presumption in favor of locating a deposition at the deponent's residence or place of business" when the plaintiff shows that "factors of cost, convenience, and litigation efficiency militate in favor of" a different location." *Id*, at *3.

Recognizing that Idaho Rule of Civil Procedure 26(c) gives this court discretion to consider specific facts and circumstances regarding discovery practices and given the general rule as to the location of a deposition of an out-of-state defendant, this court finds that if ParkWest intends to pursue the deposition of MERS it shall do so in the location of the MERS representative designated pursuant to IRCP 30(b)(6). The court finds that given MERS limited remaining involvement in this action, MERS' representation that it has disclosed its entire file, and the fact that the location of the file is not in Idaho are all factors weighing in favor of MERS position at this time. This court recognizes that ParkWest may face expenses related to travel in pursuing the deposition, however, ParkWest has other options available to it to minimize the expenses related to conducting this deposition. The court does find merit in the position that

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 6

financial institution doing business in this state should be prepared to make designated representatives available for deposition in this state although their headquarters or records may be located in another state. The court denies ParkWest's Motion to Compel MERS to bring its IRCP 30(b)(6) deponent to Idaho and grants MERS' Motion for Protective Order as to the same issue.

Having so found, ParkWest's Motion to Compel is granted in part, and denied in part and MERS' Motion for Protective Order is granted in part, and denied in part as set forth above. However, the preceding rulings are most likely moot in light of the court's decision on the other issues discussed in this memorandum decision.

## MERS' Motion to Dismiss

At this time, MERS seeks dismissal from this action because it no longer holds any interest in the subject property and is therefore, not a real party in interest from which ParkWest may obtain relief. ParkWest objects to the dismissal because MERS has at all times heretofore asserted a claim for priority over ParkWest's lien and without acknowledgement from MERS that MERS does not intend to assert that claim in the future, ParkWest needs MERS to be retained as a party to its action.

In the Supplemental Amended Complaint to Foreclose Lien filed on September 14, 2010, ParkWest alleges that MERS was the beneficiary under two deeds of trust encumbering the subject property (Canyon County Recorder Inst. No. 200690998 and Inst. No. 200690999 recorded November 14, 2006). (Supplemental Amended Complaint ¶ 3). ParkWest also alleges that pursuant to Idaho Code §§ 45-506 and 45-512 that the MERS Deeds of Trust are junior in priority to the liens filed by ParkWest. (Supplemental Amended Complaint ¶ 16). Thus,

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 7

ParkWest prayed for a determination that its lien had priority over the MERS Deeds of Trust and

that ParkWest should be allowed to foreclose its lien.

The following facts (as taken from the affidavits submitted in support and opposition of

this motion) are relevant to the court's determination as to whether or not MERS should be

allowed to be released from this action:

- MERS recorded two deeds of trust with the Canyon County Recorder on November 14, 2006 as Inst. No. 200690998 and Inst. No. 200690999.
- MERS was the beneficiary under the Deeds of Trust.
- Transnation Title was the "Trustee" of the Deeds of Trust.
- On June 28, 2007, First American title Insurance Company was appointed the trustee of the First Deed of Trust (Canyon County Recorder Inst. No. 2007044840).
- On July 20, 2009, First American conveyed the property to Residential via a Trustee's Deed following a Trustee's Sale.
- On November 10, 2010, the Order on Stipulation to Intervene was granted allowing Residential to intervene as a party to this action.
- On November 15, 2010, Residential filed its Answer and Counterclaim in Intervention in this action.

While it is true that up until the time that Residential intervened in this action MERS

acted as if it maintained an interest in the property, the court cannot find that to be the case any

longer. The Idaho Supreme Court has stated, "Lien foreclosures under I.C. § 45-501 *et seq.* are

strictly actions *in rem* and are not *in personam* proceedings: 'The lien statute operates in rem,

and not in personam. It creates no personal charge against the owner of the property, but rather a

charge against the property to the extent of its value.' " *Franklin Bldg. Supply Co. v. Sumpter*,

139 Idaho 846, 87 P.3d 955 (2004), *citing Pierson v. Sewell,* 97 Idaho 38, 44, 539 P.2d 590, 596

(1975). In addition, Idaho Code § 45-1510 states that once a trustee's deed is recorded it

becomes prima facie evidence in favor of a purchaser in good faith for value or any successor

interest. Idaho Code § 45-1513 provides that a deed of trust or transfer of any interest in real

property in trust to secure the performance of any obligation shall be a conveyance of real

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE
ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS,
RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S
MOTION IN LIMINE - 8

property. Thus, once Residential became the owner of the property pursuant to the Trustee's Deed, MERS' interest was extinguished. It is true that MERS continued to defend this action throughout the appellate process but sought to have Residential joined as a party once the matter was remanded to this court.

Additional support for MERS' position is found in the parties own agreements and correspondence. The court notes that in the Stipulation to Intervene, filed on November 4, 2010, the parties agreed that Residential acquired the property pursuant to the Trustee's Deed and is now the record owner of the property. The court also notes that Exhibits B and C to the Affidavit of Ryan McFarland filed on January 5, 2011 contained emails and a proposed Partial Judgment in which it is clear that ParkWest contemplates dismissal of MERS if the court retains jurisdiction over MERS discovery responses and a request for attorney fees.

In this case, ParkWest has asserted an interest, via its lien, in the subject property and only against the property. However, ParkWest does not retain a cause of action against MERS, which lost its interest in the property as a result of the execution and delivery of the Trustee's Deed transferring the property to Residential. ParkWest appears to recognize that dismissal of MERS may be appropriate but has articulated concerns about the procedural effect of dismissal of MERS on their claims in this action.

The court concludes that MERS no longer retains an interest in the subject property because that interest has been transferred to Residential via the Trustee's Deed as noted above. MERS' Motion to Dismiss is granted.

## **Residential's Motion for Summary Judgment and Motion in Limine**

Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits on file show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *City of Idaho Falls v. Home Indemnity Co.*, 126 Idaho 604, 606 (1995). At all times, the burden of proving the absence of a genuine issue of material fact rests upon the moving party. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517 (1991).

In consideration of the motion, the court must liberally construe the facts and inferences contained in the existing record in favor of the party opposing the motion. *Bonz v. Sudweeks*, 119 Idaho 539, 541 (1991). To withstand a motion for summary judgment, the non-moving party's case must be anchored in something more solid than speculation. A mere scintilla of evidence is not enough to create a genuine issue. *Edwards v. Conchemco Inc.*, 111 Idaho 851 (Ct. App. 1986). The party opposing the motion for summary judgment may not merely rest on the allegations contained in the pleadings; rather, evidence by way of affidavit or deposition must be produced to contradict the assertions of the moving party. *Ambrose v. Buhl School Dist. #412*, 126 Idaho 581 (Ct. App. 1995).

The existence of disputed facts will not defeat summary judgment when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, an on which he will bear the burden of proof at trial. *Garzee v. Barkley*, 121 Idaho 771 (Ct. App. 1992). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. In such cases, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 10

(1986). This rule facilitates the dismissal of factually unsupported claims prior to trial. Id.

Summary judgment dismissing a claim is appropriate when the plaintiff fails to submit evidence

to establish an essential element of the claim. *Nelson v. City of Rupert*, 128 Idaho 199, 202

(1996).

As indicated above, Residential is the current owner of the property at issue in this case,

and the sole defendant remaining in the action. The following timeline is relevant to the issues to

be considered by the court in these motions:

- On March 15, 2006, ParkWest contracted with Barnson to build a home on the property.
- On May 18, 2006, ParkWest commenced construction of improvements on the Property.
- On November 14, 2006, MERS recorded two deeds of trust with the Canyon County Recorder as Inst. No. 200690998 and Inst. No. 200690999.
    - o  MERS was the beneficiary under the Deeds of Trust.
    - o  Transnation Title was the "Trustee" of the Deeds of Trust.
- On November 28, 2006, ParkWest filed its Lien against the property as Canyon County Recorder Inst. No. 200694511.
- On June 28, 2007, First American title Insurance Company was appointed the trustee of the First Deed of Trust (Canyon County Recorder Inst. No. 2007044840).
- On August 7, 2007, ParkWest filed its Verified Complaint to Foreclose Lien, naming Barnson and MERS as defendants.
- On August 13, 2007, ParkWest recorded a *lis pendens* as Canyon County Recorder Inst. No. 2007055927. An amended *lis pendens* was recorded on September 13, 2007 as Canyon County Recorder Inst. No. 2007062387.
- On July 20, 2009, First American conveyed the property to Residential via a Trustee's Deed following a Trustee's Sale.
- On November 10, 2010, the Order on Stipulation to Intervene was granted allowing Residential to intervene as a party to this action.
- On November 15, 2010, Residential filed its Answer and Counterclaim in Intervention.

In its Answer and Counterclaim in Intervention filed on November 15, 2010, Residential

asserts a counterclaim against ParkWest and seeks a Declaratory Judgment that:

> Residential took clean title to the Property via the Trustee's Deed, that ParkWest's failure to name Transnation and First American as Defendants in this action within six months of filing the Lien means that ParkWest's Lien is void as

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE
ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS,
RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S
MOTION IN LIMINE - 11

to Transnation, First American, and Residential under Idaho Code section 45-510, and that ParkWest has no right, title or interest in the Property.

Counterclaim in Intervention ¶12

In its Answer to Counterclaim in Intervention, filed on November 30, 2010, ParkWest asserts as an Affirmative Defense that:

> Residential had actual and/or constructive notice of ParkWest's Mechanic's Lien as of the date of the Trustee's Deed...., Residential's interest in the property at issue is subject to (a) the senior and superior rights of ParkWest in said property, and (b) the "law of the case" established by the decision in *ParkWest Homes LLC v. Barnson*, 149 Idaho 603, 238 P.3d 203 (2010), including all matters that were embraced by the judgment from which the first appeal was taken but not raised in that appeal.

Answer to Counterclaim in Intervention ¶ 5.

Residential seeks summary judgment on the grounds that ParkWest did not commence an action against Residential (or its predecessor) within 6 months of filing the mechanic's lien as required by I.C. 45-510. Residential asserts that it owns the property free and clear of the Lien and ParkWest's claims against the property. The motion is supported by the Affidavit of Ryan McFarland that provides the relevant documents detailing the status of the parties at issue in the motion. ParkWest opposes the motion and argues both that Residential is bound by the Idaho Supreme Court's decision as to the validity of the lien and that Residential is bound by the Idaho Supreme Court's decision because it took ownership of the property after ParkWest filed a *lis pendens*.

Residential has also filed a Motion in Limine seeking an order from the court regarding the effect of the Idaho Supreme Court's decision in *Barnson*. Specifically, Residential argues that the Idaho Supreme Court only addressed the issues of (1) validity of the lien and the verification requirements; (2) validity of the lien and the Idaho Contractor's Registration Act;

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 12

and (3) that the construction contract was void as an illegal contract. To that extent, Residential argues that ParkWest must prove all other aspects of the validity of the lien. While the court would not generally address such a motion in conjunction with the analysis on summary judgment, the court finds that it must address the "law of the case" arguments propounded by ParkWest for both motions and will do so below.

### The "law of the case" and the *Barnson* decision

After Judge Petrie entered summary judgment in favor of MERS, ParkWest appealed that decision to the Idaho Supreme Court. The Idaho Supreme Court reversed Judge Petrie's decision and remanded the matter back to this court. In the decision issued as *ParkWest Homes LLC v. Barnson*, 149 Idaho 603, 238 P.3d 203 (2010), the Idaho Supreme Court addressed the following issues:

1) Did the district court err in holding that ParkWest's claim of lien did not substantially comply with I.C. 45-507?
2) Did the district court err in holding that ParkWest's claimed lien was unenforceable because the construction contract was void for failure to comply with the Contractor's Act?
3) Did the district court err in holding that ParkWest did not plead a claim for unjust enrichment?
4) Is MERS entitled to an award of attorney fees on appeal?

In support of its position, ParkWest relies on the following two statements made by the appellate court, "[w]e hold that the claim of lien substantially complied with Idaho Code § 45-507 and that the lien was valid for labor and materials supplied after the contractor registered.," and "[t]hus, ParkWest is entitled to a lien for work or labor it provided and materials it supplied during the time that it was duly registered." *Id.* ParkWest relies on these statements in order to

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 13

demonstrate that the "law of the case" is that the lien at issue is valid and that the lien's validity

cannot be challenged after such a holding by the appellate court.

The "law of the case" doctrine provides that when "the Supreme Court, in deciding a case

presented states in its opinion a principle or rule of law necessary to the decision, such

pronouncement becomes the law of the case, and must be adhered to throughout its subsequent

progress, both in the trial court and upon subsequent appeal." *Spur Products Corp. v. Stoel Rives*

*LLP*, 143 Idaho 812, 153 P.3d 1158 (2007), citing *Swanson v. Swanson,* 134 Idaho 512, 515, 5

P.3d 973, 976 (2000). It has also been held that the law of the case may prevent consideration on

a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier

appeal. *Taylor v. Maile*, 146 Idaho 705, 201 P.3d 1282 (2009).

In this case, the court recognizes that it is bound by the determinations made by the Idaho

Supreme Court in *Barnson*, however, the court does not find that the decision in *Barnson*

controls all aspects of the remainder of this case. The court finds that the holdings in *Barnson*

must be considered within the context of the Idaho Supreme Court's overall ruling as to the

specific issues pending before it at the time that it issued the decision. As noted above, the court

addressed four specific issues on appeal directly related to the issues decided by Judge Petrie in

his summary judgment order.

At issue before Judge Petrie and the Idaho Supreme Court was the issue of whether the

ParkWest lien complied with Idaho Code 45-507(3) (relating to an amount claimed after

deduction of all just credits and offsets) and 45-507(4) (relating to the verification requirements).

Also at issue on appeal was the issue of whether ParkWest's failure to register pursuant to the

Idaho Contractors Registration Act completely invalidated the lien, and the Idaho Supreme Court

held that the lien was valid as to work completed after the contractor registered.

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE
ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS,
RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S
MOTION IN LIMINE - 14

To the extent that those aspects of the validity of the ParkWest lien were at issue in the then pending motion for summary judgment, ParkWest is correct that this court could not make a finding that differed from the Idaho Supreme Court's holding on those issues. However, nowhere in that appellate decision does the Idaho Supreme Court indicate that ParkWest's lien is valid and enforceable and not challengeable as to all the other lien requirements found in Idaho Code 45-501 *et seq* nor did the Idaho Supreme Court indicate that on remand that the district court would be foreclosed from considering other aspects of the lien's validity not specifically addressed by the Court in its appellate decision. It is true that the introduction to the appellate decision indicates that the "claim of lien substantially complied with Idaho Code 45-507 and that the lien was valid for labor and materials supplied after the contractor registered". When that statement is considered in the context of the issues presented to the Idaho Supreme Court and the court's overall decision on those issues, this court does not conclude that it is precluded from addressing Residential's motion for summary judgment based on the requirement that all parties in interest must be named in the Complaint filed within six months of the recording of the lien.

ParkWest also argues that Residential is foreclosed from raising other lien validity issues because it did not raise those issues, specifically the issue of whether the lien is void as to Residential, before the district court during the first motion for summary judgment or during the appeal of Judge Petrie's decision. While it may be argued in some cases that the "law of the case" doctrine should be so applied, this court does not conclude Residential or its predecessors in interest could have raised the issue or were obligated to raise the issue in the prior proceedings because those entities were not parties to this case at that time.

Thus, the court concludes that the *Barnson* appellate decision does not, as a matter of law, preclude the consideration by this court of Residential's pending motion for summary

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 15

judgment because the current issues raised by Residential were not, nor likely could have been, raised either before Judge Petrie or during the appeal of his decision because neither Residential nor its predecessor in interest were named parties to this action at the time Judge Petrie decided the issues previously appealed to the Idaho Supreme Court.

Consistent with this conclusion, this court grants Residential's motion in limine regarding the "law of the case" to the extent that ParkWest may only rely on the *Barnson* appellate decision as the "law of the case" to the extent that the Idaho Supreme Court ruled on the elements of lien validity presented to it during that appeal and that all other aspects of lien validity not raised before Judge Petrie or during the appeal of his decision remain issues to be decided by this court.

**The effect of ParkWest's failure to name Residential or its predecessor in interest as a party**

Residential seeks summary judgment on the grounds that ParkWest failed to comply with Idaho Code 45-510 and thus, the lien is void as to ParkWest. Idaho Code 45-510 states "[n]o lien provided for in this chapter binds any building...improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien. I.C. 45-510.

This statute provides the court with jurisdiction to enforce a lien when certain conditions are met, among those conditions being the commencement of the action to enforce the lien within six months of the filing of the lien. *Palmer v. Bradford*, 86 Idaho 395, 388 P.2d 96 (1963). The court's jurisdiction is extinguished after that time period has passed because, it has been held, that after that point, the lien no longer exists. *Id.* That is, failure to commence an

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 16

action to foreclose a lien within the six-month period voids the lien, and the court is to treat it as if it never existed.

It has also been held that the requirement to commence the action within six months applies to all parties who hold an interest in the property. In *Willes v. Palmer*, 78 Idaho 104, 298 P.2d 972 (1956), the Idaho Supreme Court found that the lienholder's failure to name the wife/co-owner of the property as a party to the action invalidated the lien as to her interest in the property. The court went on to find that because her interest could not be separated from her husband's interest, then the right to foreclose the lien was lost entirely. *Id.* This doctrine was recognized in *Bonner Bldg. Supply, Inc. v. Standard Forest Products, Inc.*, 106 Idaho 682, 682 P.2d 635 (Ct. App. 1984) in which the Idaho Court of Appeals found that "our Supreme Court had held that a lien foreclosure action must be commenced within six months against the persons versus whose interests the lien is being asserted; otherwise the lien was lost as to those persons." *Id.* In that case, the Court of Appeals addressed the language of Idaho Code 45-1302 that states,

> In any suit brought to foreclose a mortgage or lien upon real property or a lien on or security interest in personal property, the plaintiff, cross-complainant or plaintiff in intervention *may* make as party defendant in the same cause of action, any person, including parties mentioned in section 5-325, having, claiming or appearing to have or to claim any title, estate, or interest in or to any part of the real or personal property involved therein, and the court shall, in addition to granting relief in the foreclosure action, determine the title, estate or interest of all parties thereto in the same manner and to the same extent and effect as in the action to quiet title.

Idaho Code 45-1302.

In addressing the potential conflict between I.C. 45-1302 and 45-510 in which it appears that a plaintiff "may" name a potential defendant holding an interest in the property at issue in a lien foreclosure action with the requirement that a lien foreclosure action must be commenced within six months, the Court of Appeals held that "I.C. § 45-1302 does not enable a materialman

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 17

to foreclose a lien as against other interested parties without giving them notice of the proceedings." *Bonner, supra.* They then held that while the plaintiff, Bonner, was not required to name Standard as a party to the foreclosure action pursuant to I.C. 45-130, the "the failure to do so left Standard's interest in the property unaffected by the foreclosure." *Id.* The court went on to find that "[because Bonner failed to foreclose against Standard within six months of the filing of its claim of lien, it lost its lien against the property in regard to Standard. For the purpose of the instant case, Bonner's lien was extinguished. Standard's interest in the property should be confirmed by the district court, free of Bonner's lien." *Id.*

In this case, prior to Residential's intervention into the action, the only named defendants in this action were Julie Barnson and MERS. ParkWest did not name as a defendant either Transnation Title, the original trustee under the MERS deeds of trust, nor did it name First American Title, who was the designated successor trustee to the MERS deeds of trust at the time the Complaint was filed in August 2007. It is undisputed that the ParkWest lien was filed on November 28 2006, and the action was filed on August 7, 2007. Thus, it is clear from the record that ParkWest failed to name either Transnation or First American within the six month limitation provided for by Idaho Code 45-510.

First American was the trustee pursuant to the MERS Deeds of Trust at the time the Verified Complaint was filed in this case. Residential argues that First American was a necessary party to this action because it was the Trustee of the Deed of Trust. Idaho Code 45-1502 defines "trustee" as a person to whom legal title is conveyed by trust deed, and "trustee deed" is a deed conveying real property to a trustee. A deed of trust is a conveyance of real property, and legal title to the property is conveyed by the deed of trust to the trustee. *See* I.C. 45-1513 and *Defendant A v. Idaho State Bar*, 132 Idaho 662, 978 P.2d 222 (1999). Thus, Residential argues

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 18

that the trustee is a necessary party because it is the party holding legal title to the property. This

argument is supported by 52 Am. Jur. 2d Mechanics Liens 369 (2010) which states:

> In a jurisdictions in which a deed of trust or mortgage is effective as a transfer of
> legal title to the secured party, the trustee of a deed of trust recorded before
> attachment of a mechanic's lien is a necessary party to a suit to enforce the
> mechanic's lien; if the trustee is not a party to the enforcement suit, the mechanic's
> lien cannot be enforced. Thus, the court in such a case must have jurisdiction over
> the person of the trustee before the court can divest the trustee of title. The
> beneficiary of a deed of trust that is inferior to the mechanic's lien is also a
> necessary party in a title-theory jurisdiction, since such a beneficiary holds an
> interest that may be defeated or diminished if the mechanic's lien is enforced.

52 Am. Jur. 2d Mechanics Liens 369 (2010).

This court agrees with Residential assertion that First American, as the designated

successor trustee was a necessary party to this action because First American, as the trustee, held

the power of sale and the power to convey legal title in the property. ParkWest's failed to name

First American as a party defendant in this action or otherwise proceed against the trustee in its

action and thus, ParkWest's lien is not valid as to First American pursuant to I.C. 45-510 and the

authority cited above. Thus, when First American conveyed title to Residential via the Trustee's

Deed, Residential took title to the property free of the lien's encumbrance. As noted in *Palmer*,

the failure to commence an action pursuant to a lien within the six months results in the finding

that no lien existed at the time of the trustee's sale. ParkWest also argues that while it may be

precluded from foreclosing the lien as to Residential's interest in the property, that Residential

took the property subject to the *lis pendens* that had been recorded prior the time of the trustee's

sale.

**The effect of the lis pendens**

ParkWest argues that because Residential acquired its interest after the *lis pendens* was recorded, then Residential is bound by the Idaho Supreme Court's decision in *Barnson*. ParkWest's argument rests on its "law of the case" arguments addressed above. ParkWest argues that that a party with notice of a lis pendens takes the property subject to the rights of the parties in the action. *See Sartain v. Fidelity Financial Services, Inc.*, 116 Idaho 269, 775 P.2d 161 (Ct. App. 1989). *See also* 54 CJS *Lis Pendens* 46 (2005).

Idaho Code 5-505 provides the following with regards to the effect of a *lis pendens*:

In an action affecting the title or the right of possession of real property, the plaintiff at the time of filing the complaint, and the defendant at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterward, may file for record with the recorder of the county in which the property or some part thereof is situated, <u>a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.</u>

I.C. 5-505. (emphasis added).

This code section codifies the common law principle that "when a third party-with actual or constructive notice of a pending action involving real property-acquires an interest in that real property from a party to the action, then the third party takes subject to the rights of the parties in the action as finally determined by the judgment or decree." *Sartain v. Fidelity Financial Services, Inc.*, 116 Idaho 269, 775 P.2d 161 (Ct. App.1989). Thus, when a subsequent purchaser of the property has actual notice of a pending action affecting the property, it takes that property subject to the pending action, however, if the party takes an interest in the affected property prior to notice of the pending action, it is not bound by the subsequent judgment or decree unless it is

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 20

made a party to the action. *Id.*

In this case, the court has found that the *Barnson* decision only dealt with the elements of the validity of the lien specifically addressed in the decision and that all other aspects of lien validity were unresolved. Thus, ParkWest's reliance on the law of the case with respect to the *lis pendens* argument is misplaced and denied for the reasons discussed above.

In addition, the court finds that the plain language of I.C. 5-505 requires a *lis pendens* to contain "the names of the parties" which in this case were, at the filing of the *lis pendens*, Barnson and MERS.   *See* Memorandum in Opposition to Residential's Motion for Summary Judgment filed December 27, 2010.  Thus, neither Transnation nor First American were named as a party to the action, nor were they listed as parties to the action in the *lis pendens*.  Thus, there would be no constructive or actual knowledge of the lien imputed to a purchaser of the property who would be obtaining legal title to the property from the trustee, First American.

Therefore, the court finds that Residential should be granted the summary judgment that it has requested because there was no valid lien encumbering the trustee's interest in the property pursuant to I.C. 45-510 and First American was not a named party to the action when the complaint was filed or within the mandated six month period of the filing of the lien and the *lis pendens* failed to name Residential or its predecessors in interest, the trustees under the relevant deeds of trust pursuant to I.C. 5-505.

In making this decision, the court has considered the pleadings, depositions, admissions and affidavits offered in support and in opposition to the motion for summary judgment and finds that there are no genuine issues of material fact and that Residential is entitled to summary judgment as a matter of law.

For the reasons set forth above, Residential's motion for summary judgment is granted

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 21

and ParkWest's claims against Residential are dismissed.

## SUMMARY AND CONCLUSION

For the reasons set forth above:

1.   Residential Funding Real Estate Holdings, LLC's motion for summary judgment filed November 17, 2010 is granted and ParkWest Homes, LLC claims against Residential Funding Real Estate Holdings, LLC are dismissed.

2.   Mortgage Electronic Registration Systems, Inc.'s motion to dismiss filed November 12, 2010 is granted and ParkWest Homes, LLC's claims against Mortgage Electronic Registration Systems, Inc. are dismissed.

3.   Although rendered moot by the decisions to grant the motion to dismiss and for summary judgment set forth above, MERS motion for a protective order, Residential's motion in limine, and ParkWest's motion to compel the deposition of the MERS representative are all granted to the extent set forth in this order.

4.   The attorneys for the Defendants Residential Funding Real Estate Holdings, LLC and Mortgage Electronic Registration Systems, Inc. shall submit proposed judgments in compliance with IRCP 54(a) within ten days of this order.  Any request for an award of costs and attorney fees shall be submitted pursuant to applicable Idaho rule, statute or precedent.

FEB 1 6 2011

Dated this __ day of _____, 20__

**BRADLY S. FORD**
_____
BRADLY S. FORD,  DISTRICT JUDGE

MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE
ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS,
RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S
MOTION IN LIMINE - 22

## CERTIFICATE OF SERVICE

The undersigned certifies that on ___ day of February, 2011, s/he served a true and correct copy of the original of the foregoing ORDER on the following individuals in the manner described:

- upon  counsel for plaintiff,
  > Robert B. Burns
  > Moffatt, Thomas Barrett, Rock and Fields, Chartered
  > 101 S. Capitol Blvd., 10th floor
  > P.O. Box 829
  > Boise, Idaho 83701


- upon counsel for defendants
  > Ryan T. McFarland
  > Hawley, Troxell, Ennis, and Hawley, LLP
  > 877 West Main St., Ste. 1000
  > P.O. Box 1617
  > Boise, Idaho 83701-1617

- upon counsel for Julie Barnson
  > David E. Wishney
  > 300 W. Myrtle Street, Suite 200
  > P.O. Box 837
  > Boise, Idaho 83701-0837

and/or when s/he deposited each a copy of the foregoing ORDER in the U.S. Mail with sufficient postage to individuals at the addresses listed above.


Chris Yamamoto, Clerk of the Court


By: _____
   Deputy Clerk of the Court


MEMORANDUM DECISION AND ORDER ON MERS' MOTION FOR PROTECTIVE ORDER, PARKWEST'S MOTION TO COMPEL, MERS' MOTION TO DISMISS, RESIDENTIAL'S MOTION FOR SUMMARY JUDGMENT AND RESIDENTIAL'S MOTION IN LIMINE - 23



F I L E D
A.M. 12:00 P.M.

MAR 0 1 2011

CANYON COUNTY CLERK
V4H   DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| PARKWEST HOMES LLC, an Idaho limited liability company, )<br><br>Plaintiff, )<br>vs. )<br><br>JULIE G. BARNSON, an unmarried woman; )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC., a )<br>Delaware corporation, as nominee for )<br>Homecomings Financial, LLC (f/k/a )<br>Homecomings Financial Network, Inc.), a )<br>Delaware limited liability company; and )<br>DOES 1-10, )<br><br>Defendants )<br>and )<br><br>RESIDENTIAL FUNDING REAL ESTATE )<br>HOLDINGS, LLC, a Delaware limited )<br>liability company, )<br><br>Defendant/Counterclaimant. )<br>) | Case No. CV 07-8274<br><br>JUDGMENT |

Based upon this Court's Memorandum Decision And Order On MERS' Motion For

Protective Order, ParkWest's Motion To Compel, MERS' Motion To Dismiss, Residential's

Motion For Summary Judgment, And Residential's Motion In Limine entered in this matter on

February 16, 2011;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that final judgment is

awarded *in favor* of Mortgage Electronic Registration Systems, Inc., as nominee for

Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.) ("MERS") and

Residential Funding Real Estate Holdings, LLC ("Residential"), *and against* Plaintiff ParkWest

Homes LLC ("ParkWest") as follows:

JUDGMENT - 1

05000.0047.2268213.2

1.      This above-captioned case, and all claims asserted therein, are, as to MERS, dismissed with prejudice in their entirety;

2.      With respect to the real property at issue in this lawsuit (the "Property"), the interest of Residential is, for all purposes, prior and senior to ParkWest's interest, including, without limitation, ParkWest's mechanic's lien (the "Lien") that is at issue in this above-captioned action;

3.      ParkWest's Lien was foreclosed by the trustee's sale pursuant to which Residential took title to the Property, and ParkWest's Lien is extinguished by said trustee's sale for all purposes and no longer constitutes a lien on the Property;

4.      All claims asserted by ParkWest against the Property and Residential are dismissed with prejudice in their entirety;

5.      This Judgment, along with the Judgment entered against Juli Barnson on October 7, 2008, constitutes a final judgment as to all parties and all claims asserted in this action;

6.      This Court may amend or supplement this judgment at the appropriate time for the entry of any ruling on costs and attorneys' fees as appropriate and the Court shall retain jurisdiction over this case for those purposes.

DATED THIS 28 day of February, 2011.


BRADLY S. FORD
Bradly S. Ford,
District Judge


JUDGMENT - 2

<u>CERTIFICATE OF SERVICE</u>

**MAR 0 1 2011**

I HEREBY CERTIFY that on this ___ day of February, 2011, I caused to be served a true copy of the foregoing JUDGMENT by the method indicated below, and addressed to each of the following:

Robert B. Burns
MOFFATT, THOMAS, BARRETT, ROCK
& FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
P.O. Box 829
Boise, ID 83701
[Attorneys for Plaintiff]

    ✓  U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ E-mail
_____ Telecopy

David E. Wishney
Attorney at Law
300 W. Myrtle Street, Suite 200
P.O. Box 837
Boise, ID 83701-0837
[Attorney for Defendant Julie G. Barnson]

    ✓  U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ E-mail
_____ Telecopy

Stephen C. Hardesty
Ryan T. McFarland
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617

    ✓  U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ E-mail
_____ Telecopy

CHRIS YAMAMOTO

Clerk of the Court

By _____
Deputy Clerk

JUDGMENT - 3

05000.0047.2268213.2

**Exhibit E**

ny-1153394

# In the Supreme Court of the State of Idaho

PARKWEST HOMES, LLC, an Idaho limited
liability company,

    Plaintiff-Appellant,

v.

JULIE G. BARNSON, an unmarried woman;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a Delaware
corporation, as nominee for HOMECOMINGS
FINANCIAL, LLC aka HOMECOMINGS
FINANCIAL NETWORK, INC.,

    Defendants,

and

RESIDENTIAL FUNDING REAL ESTATE
HOLDINGS, LLC, a Delaware limited liability
company,

    Intervenor-Respondent.

ORDER DENYING PETITION
FOR REHEARING

NO. 38919
Ref. No. 13-9

The Appellant having filed a PETITION FOR REHEARING on February 25, 2013 and supporting BRIEF on March 11, 2013 of the Court's Opinion released February 4, 2013; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REHEARING be, and hereby is, DENIED as a Substitute Opinion was issued on April 18, 2013.

DATED this ____18____ day of April 2013.

By Order of the Supreme Court

_Stephen Kenyon_
Stephen W. Kenyon, Clerk

cc:    Counsel of Record; West Publishing; Lexis/Nexis; Goller Publishing

# In the Supreme Court of the State of Idaho

---

PARKWEST HOMES, LLC, an Idaho limited
liability company,

    Plaintiff-Appellant,

v.

JULIE G. BARNSON, an unmarried woman; and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., a Delaware corporation, as
nominee for HOMECOMINGS FINANCIAL, LLC
aka HOMECOMINGS FINANCIAL NETWORK,
INC.,

    Defendants,

and

RESIDENTIAL FUNDING REAL ESTATE
HOLDINGS, LLC, a Delaware limited liability
company,

    Intervenor-Respondent.

ORDER DENYING PETITION FOR
REHEARING

Supreme Court Docket No. 38919-
2011; Canyon County Docket No.
2007-8274

Ref. No. 13-16

The Appellant having filed a PETITION FOR REHEARING on May 9, 2013 and supporting
BRIEF on May 23, 2013 of the Court's Opinion released April 18, 2013; therefore, after due
consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REHEARING be, and hereby is,
DENIED.

DATED this __31__ day of May 2013.

By Order of the Supreme Court

_Stephen Kenyon_

Stephen W. Kenyon, Clerk

cc:    Counsel of Record
West Publishing
Lexis/Nexis
Goller Publishing

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                              )
In re:                                        )        Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )        Chapter 11
                                              )
                          Debtors.            )        Jointly Administered
                                              )
---------------------------------------------------------------

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S
### SEVENTY-THIRD OMNIBUS CLAIMS OBJECTION
### <u>(NO LIABILITY CLAIMS)</u>

Upon the seventy-third omnibus objection to claims, dated August 22, 2014

[Docket No. ____] (the "<u>Objection</u>")[1] of The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>")

established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11

Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"),

disallowing and expunging the (i) Books and Records Claims on the basis that the Debtors'

books and records reflect no liability for amounts owed for such claims against the Debtors'

estates; (ii) Paid and Satisfied Claims on the grounds that each claim represents an obligation for

which the Debtors have no liability; and (iii) No Basis Claim on the grounds that such claim fails

to articulate any legal or factual justification for asserting a claim against the Debtors' estates, all

as more fully described in the Objection; and it appearing that this Court has jurisdiction to

consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Objection.

Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §
157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and
due and proper notice of the Objection having been provided, and it appearing that no other or
further notice need be provided; upon consideration of the Objection and the *Declaration of
Deanna Horst in Support of ResCap Liquidating Trust's Seventy-Third Claims Objection (No
Liability Claims)*, annexed to the Objection as Exhibit 1, respectively; and the Court having
found and determined that the relief sought in the Objection is in the best interests of the
Debtors' estates, creditors, and all parties in interest and that the legal and factual bases set forth
in the Objection establish just cause for the relief granted herein; and after due deliberation and
sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent
provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims
listed on Exhibit A annexed hereto (collectively, the "Books and Records Claims") are hereby
disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims
listed on Exhibit B annexed hereto (collectively, the "Paid and Satisfied Claims") are hereby
disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim
listed on Exhibit C annexed hereto (the "No Basis Claim") is hereby disallowed and expunged in
their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and
noticing agent, is directed to disallow and expunge the No Liability Claims identified on the

schedules annexed hereto as Exhibit A, Exhibit B, and Exhibit C so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, and Exhibit C annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Exhibit A, Exhibit B, and Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on Exhibit A, Exhibit B, and Exhibit C annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1 | City of New York Department of Finance Attn Yehuda Miller - Bankruptcy Unit TP&P Division/Office of Tax Audits 345 Adams Street, 5th Floor Brooklyn, NY 11201 | 404 | 08/10/2012 | Administrative Priority Administrative Secured Secured $4,254.00 Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | GMAC Mortgage was included in the General Motors Corporation NYC Combined General Corporation Tax Return until November 2006. From November 2006 through December 2013, GMAC was included in the Ally Financial Inc. (f/k/a GMAC, LLC) NYC1A - New York Tax Return for Banking Corporations combined return. For the time periods referenced in the POC, GMACM was never liable to claimant for taxes. |
| 2 | GARY KURON REAL ESTATE APPRAISER 4645 AIRPORT ROAD NEWPORT, VT 05855 | 545 | 09/17/2012 | Administrative Priority Administrative Secured Secured Priority $550.00 General Unsecured | Residential Capital, LLC | 12-12020 | Vendor, as property appraiser, submitted an invoice with the POC, and based its determination that it has a claim of $550.00 against ResCap for prepetition expenses. There is no record of this invoice in any of the Debtors' AP systems. There is also no record of the residential property address that the vendor purportedly appraised in ISS, FISERV, LPS, or other databases. |
| 3 | Hunt Leibert Jacobson, PC Linda J. St. Pierre 50 Weston Street Hartford, CT 06120 | 1599 | 10/24/2012 | Administrative Priority Administrative Secured Secured $41,558.06 Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Debtors' AP systems show no outstanding balance for Hunt Leibert Jacobson, and none of claimant's invoices included in the POC are in the Debtors' legal vendor payables system. The Debtors' records show that approximately $31k in prepetition invoices submitted by claimant were denied for various reasons, most on account of late submission, per the Debtors' Lender Processing Services database ("LPS"). For the approximately $6k of asserted post-petition claims, the Debtors reviewed their books and records and (i) $4.2k invoices are not reflected in the books and records; (ii) $1k amount was not approved because it exceeded the allowable amount for billing; and (iii) $753 was not allowed for claimant's late-billing after the cutoff date. The Debtors' books and records show no basis for a priority claim for claimant. |
| 4 | KEITH T MURPHY ATT AT LAW 324 Cranberry Beach Blvd White Lakes, MI 48386 | 865 | 09/28/2012 | Administrative Priority Administrative Secured Secured Priority $2,500.00 General Unsecured | Residential Capital, LLC | 12-12020 | Neither the Debtors' AP systems nor servicing records show any course of dealing with this claimant, or any record of invoices or invoice amounts owed to claimant by any Debtor. The Debtors contacted the claimant for a copy of the invoice/statement regarding the purported services performed for the benefit of the Debtors. Claimant has been unable to locate the invoice or any information relating to the services. |
| 5 | PASCOAG UTILITY DISTRICT PO BOX 1263 PROVIDENCE, RI 02901 | 696 | 09/24/2012 | Administrative Priority Administrative Secured Secured Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Books and records research found no invoice amounts owed to claimant by debtor. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 6 | Resource Title Agency Inc.<br>Christian M. Bates, Esq.<br>Corsaro & Associates Co., LPA<br>28039 Clemens Road<br>Westlake, OH 44145 | 6837 | 03/29/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$35,491.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Debtors' books and records reflect no record of invoices or invoice amounts owed to claimant by any Debtor. |
| 7 | Resource Title Agency Inc.<br>Christian M. Bates, Esq.<br>Corsaro & Associates Co., LPA<br>28039 Clemens Road<br>Westlake, OH 44145 | 6838 | 03/29/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$168,560.70 General Unsecured | Homecomings Financial, LLC | 12-12042 | The Debtors' books and records reflect no record of invoices or invoice amounts owed to claimant by any Debtor. |
| 8 | TOTAL AIR TECH<br>13235 W HART ST<br>WADSWORTH, IL 60083 | 4545 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$7,745.50 General Unsecured | Residential Capital, LLC | 12-12020 | Claimant's invoices relate to work performed in 2009 for Koenigh & Strey Offices, and thus is a claim against a non-debtor entity since no Debtor owned this firm as of the date the claim accrued. The Debtors' books and records indicate that the Koenig family sold the brokerage firm of Koenig & Strey in 1999 to GMAC Home Services, a unit of General Motors Corp. ("GM"), which changed the firm's name to Koenig & Strey GMAC Real Estate. In 2008, GM sold GMAC Home Services to Toronto-based Brookfield Asset Management, which owns the Prudential Real Estate and Real Living brands. In September of 2009, Brookfield sold Koenig & Strey to HomeServices, which prompted a change to Koenig & Strey Real Living. |

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Atascosa County Thomas P. Cate Law Office of Thomas P. Cate, P.C. 14636 S. FM 2790 W. PO Box 216 Lytle, TX 78052 | 5786 | 11/20/2012 | $881.91 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | Butler County Revenue Commissioner, Deborah B Crews 700 Ct Square Greenville, AL 36037 | 1554 | 10/23/2012 | $446.40 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | City and County of Denver / Treasury Attn Karen Katros, Bankruptcy Analyst 201 W. Colfax Avenue, Department 1001 Denver, CO 80202 | 5963 | 11/28/2012 | $3,093.30 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | City of Alton Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5924 | 11/23/2012 | $580.72 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | City of Elsa Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP P.O. Box 17428 Austin, TX 78760-7428 | 5926 | 11/23/2012 | $1,767.75 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | City of Lake Dallas<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 467 | 09/12/2012 | $1,074.36 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | D2B SOLUTIONS APS<br>KOSTSKOLEVEJ 5-7<br>2880 BAGSVAERD<br>, DENMARK | 4752 | 11/14/2012 | $949.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | DELAWARE COUNTY TAX CLAIM BUREAU<br>201 W FRONT ST<br>MEDIA, PA 19063 | 4831 | 11/15/2012 | $2,814.31 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Edcouch - Elsa ISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5925 | 11/23/2012 | $2,246.30 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 10 | Effingham County Tax Commissioner<br>PO Box 787<br>Springfield, GA 31329 | 4422 | 11/08/2012 | $3,306.15 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Hidalgo Co ESD # 02<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5928 | 11/23/2012 | $64.46 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 12 | Imperial County Treasurer-Tax Collector<br>940 W. Main Street, Suite 106<br>El Centro, CA 92243 | 7318 | 01/08/2014 | $1,164.40 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 13 | Jones County Appraisal District<br>Laura J. Monroe<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 817<br>Lubbock, TX 79408 | 53 | 06/04/2012 | $3,452.46 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | Judson ISD<br>David G. Aelvoet<br>Linebarger Goggan Blair & Sampson, LLP<br>711 Navarro Ste 300<br>San Antonio, TX 78205 | 5780 | 11/19/2012 | $1,055.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 15 | Lee County Tax Collector<br>c/o Legal Department<br>P.O. Box 850<br>Fort Myers, FL 33902-0850 | 56 | 06/04/2012 | $568.51 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | South Texas College<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5917 | 11/23/2012 | $1,441.65 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 17 | South Texas ISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5922 | 11/23/2012 | $470.67 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 18 | State of Delaware, Division of Corporations<br>Delaware Division of Corporations<br>401 Federal Street, Ste 4<br>Dover, DE 19901 | 5959 | 11/28/2012 | $92.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 19 | State of Delaware, Division of Corporations<br>Delaware Division of Corporations<br>401 Federal Street, Ste 4<br>Dover, DE 19901 | 5961 | 11/28/2012 | $92.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 20 | Taxing Districts Collected by Randall County<br>DLayne Peeples Carter<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>PO Box 9132<br>Amarillo, TX 79105-9132 | 401 | 08/06/2012 | $1,317.42 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | The County of Anderson, Texas, Collecting Property Taxes for Itself and for The City of Palestine, Texas, Palestine Independe<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269 | 2042 | 11/01/2012 | $4,909.62 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 22 | The County of Hill, Texas, Collecting Property Taxes for Itself and for The City of Malone, Texas and Hill Junior College Dis<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269 | 2029 | 11/01/2012 | $672.59 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 23 | WINDHAM TOWN - REVENUE COLLECTIONS<br>979 MAIN ST<br>TAX COLLECTOR OF WINDHAM TOWN<br>WILLIMANTIC, CT 06226 | 4568 | 11/13/2012 | $3,327.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 24 | Young County<br>Harold Lerew<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 8188<br>Wichita Falls, TX 76307 | 251 | 07/05/2012 | $1,272.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**Exhibit C**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - LEGAL BASIS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Parkwest Homes, LLC | 1996 | 10/30/2012 | | Administrative Priority | Homecomings | 12-12042 | The reason for disallowance is explained in further detail in paragraphs 22-27 of the Objection. |
| | Robert B. Burns | | | | Administrative Secured | Financial, LLC | | |
| | Moffatt Thomas Barrett Rock & Fields | | | $478,754.04 | Secured | | | |
| | P.O. Box 829 | | | | Priority | | | |
| | Boise, Idaho 83702 | | | | General Unsecured | | | |