**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**AMENDED POST-CONFIRMATION ORDER**
**ON COMPLIANCE WITH LOCAL RULE 3021-1**

This matter having come before this Court on presentment, and the Court having reviewed and considered this *Post-Confirmation Order on Compliance with Local Rule 3021-1* (the "**Order**"), pursuant to the provisions of 11 U.S.C. § 1106(a)(7), Fed. R. Bankr. P. 3021 and Local Rule 3021-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and it appearing to the Court that proper and adequate notice of the Order has been given and that no further notice is necessary; and no objections having been filed to the presentment of the Order; and the Court having determined that the relief granted herein is appropriate; and good and sufficient cause having been shown;

It is hereby DETERMINED, FOUND, ADJUDGED AND ORDERED that:

1. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Docket No. 6065] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**").[1] The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.     Following the Effective Date, pursuant to the terms of the Plan and the Liquidating Trust Agreement, (i) distributions under the Plan have commenced; (ii) the assets of the Debtors were vested in the ResCap Liquidating Trust (the "**Liquidating Trust**") as contemplated by the Plan to be administered by the Liquidating Trust; and (iii) the Liquidating Trust has commenced litigation related to avoidance actions and other causes of actions belonging to the Liquidating Trust, and may pursue additional such litigations (the "**Litigations**").

3.     Pursuant to the Plan, the Claims Objection Deadline is currently two hundred seventy (270) days following the Effective Date.  The Liquidating Trust has filed a motion seeking an extension of the Claims Objection Deadline.

4.     The Liquidating Trust expects to seek entry of a final decree closing the Chapter 11 Cases upon the resolution of the Litigations, the resolution of the Disputed Claims, and the completion of distributions contemplated by the Plan.

5.     In satisfaction of Local Rule 3021-1(b), and pursuant to the Plan, the Liquidating Trust Agreement and the requirements set forth in 11 U.S.C. § 1106(a)(7), the Liquidating Trust shall file a status report detailing the actions taken by the Liquidating Trust and the progress made toward the consummation of the Plan.  Reports shall be filed within 45 days following the end of the first three calendar quarters, and within 60 days following the end of the calendar year, as appropriate, and in accordance with the provisions of Local Rule 3021-1(b) until a final decree has been entered closing the Chapter 11 Cases.

6.     The Liquidating Trust shall pay all United States Trustee quarterly fees due under 28 U.S.C. § 1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on all disbursements made by each Debtor during the pendency of its chapter 11 case, including

payments under the Plan and disbursements in and outside the ordinary course of the Debtors' business, until the entry of a final decree, dismissal of the case, or conversion of the case to Chapter 7, and shall provide the United States Trustee with related disbursement information on or about the end of the month following each calendar quarter.

7. Entry of this Order is solely in satisfaction of the Liquidating Trust's obligations under Local Rule 3021-1(a), and shall be without prejudice to the Liquidating Trust's ability to take any and all actions authorized under the Plan, the Confirmation Order, the Liquidating Trust Agreement, and any other document related to the Plan and the conduct of the Liquidating Trust, including pursuing any objection to a Disputed Claim or cause of action, and all other matters over which the Court retains jurisdiction pursuant to the Plan and the Confirmation Order.

Dated: August 25, 2014
       New York, New York

                                     **/s/Martin Glenn**
                                   MARTIN GLENN
                           United States Bankruptcy Judge