**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
                                                                   )
In re:                                                             )    Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,                                  )    Chapter 11
                                                                   )
                                        Debtors.                   )    Jointly Administered
                                                                   )
----------------------------------------------------------------- )

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Upon the sixty-ninth omnibus objection to claims, dated June 25, 2014 [Docket No.

7188] (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established

pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as

successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order,

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the

"Procedures Order"), disallowing and expunging the No Liability Borrower Claims, all as more

fully described in the Objection; and it appearing that this Court has jurisdiction to consider the

Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support*

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Objection.

*of the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as <u>Exhibit 2</u>; the *Declaration of P. Joseph Morrow IV in Support of the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as <u>Exhibit 3</u>; and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as <u>Exhibit 4</u>; and a hearing having been held to consider the Objection on August 26, 2014; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    August 26, 2014
          New York, New York

                              /s/Martin Glenn
                              MARTIN GLENN
                         United States Bankruptcy Judge

## Exhibit A

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| John Kaspar<br><br>P.O. Box 77613<br>Corona, CA 92877<br><br>Claim: 4309<br><br>Filed: 11/07/2012 | General Unsecured<br><br>$1,964,000 | Residential Capital, LLC<br><br>12-12020 | General No liability, Wrong Debtor | Debtor GMAC Mortgage LLC serviced the loan from September 13, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. K. Hovnanian American Mortgage, LLC originated the loan on April 5, 2006.<br><br>Debtors have no liability for this claim. Claimant attaches what appears to be a "claim of commercial lien" to the proof of claim without further basis for his claim. Debtors' records show that litigation brought by Claimant was dismissed with prejudice on November 13, 2013 in Superior Court of CA, Riverside (Case No. MCC1300785) and no appeal was filed.<br><br>In addition, Debtors' records show that foreclosure proceedings were initiated on or about November 5, 2012 due to loan owing for July 2009 through November 2012 payments. The property went to a foreclosure sale June 10, 2013. Impac Funding Corporation sold the property out of REO on October 31, 2013. | 7-8, 13 |

1

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Alan T Israel and Jill C Habib v GMAC Mortgage GreenPoint Mortgage Funding Specialized Loan Servicing LLC Douglas et al<br><br>5572 N. El Adobe Dr. Fresno, CA 93711<br><br>Claim: 3843<br><br>Filed: 11/09/2012 | Secured<br><br>$804,000 | Executive Trustee Services, LLC<br><br>12-12028 | Origination Issues, Wrongful Foreclosure, Standing Issues | Debtor GMAC Mortgage LLC serviced the loan from October 4, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on July 12, 2006.<br><br>Claimant is involved in litigation asserting fraud against ETS (and GMAC Mortgage as well as non-Debtors including GreenPoint). Claimant alleges that ETS did not have the right to foreclose as it was not a trustee, mortgagee or beneficiary, or an agent thereof - and that the note was not properly endorsed to the trustee. Claimant also alleges that ETS did not have authority to act as substitute trustee and conduct the non-judicial foreclosure. Claim for fraud is all that remains as part of the Third Amended Complaint that was filed in April 2011. Demurrer to the Second Amended Complaint was sustained on all other claims with prejudice on April 5, 2011.<br><br>Debtors are not liable for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was securitized by GreenPoint, Aurora Loan Services was master servicer, and GMACM was appointed as subservicer on October 4, 2006. No debtor was involved in the origination, securitization or had an ownership interest in the loan.<br><br>Debtors have no liability for Claimant's lack-of standing claims because Debtors have verified that the assignment and endorsement chain is complete and valid. Debtors' records show i) Note is endorsed from originator to blank, ii) MERS, as nominee for lender appointed ETS as substitute trustee to conduct the non-judicial foreclosure sale. ETS was properly appointed as trustee to conduct the foreclosure on the deed of trust. The deed of trust, which borrower signed, permits for an appointment of a substitute trustee. The property sold to a third party in 2010. Based on the facts and reasons outlined above, the proof of claim does not give rise to liability for a claim for fraud. | 9, 10-11, 11-12 |

2

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Shomari Colver<br><br>1042 Olancha Dr.<br>Los Angeles, CA 90065<br><br>Claim: 4138<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$234,500 | GMAC Mortgage, LLC<br><br>12-12032 | General No Liability, Wrongful Foreclosure, Standing Issues | Debtor GMAC Mortgage LLC serviced the loan from May 21, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. SBMC Mortgage originated the loan on March 7, 2007.<br><br>Debtors have no liability for Claimant's lack-of-standing or authority to foreclose claims because Debtors have verified that the assignment and endorsement chains are complete and valid. Proper steps were taken to complete the assignment of the deed of trust and substitution of Trustee. In addition, the Note endorsed by the originator in blank has no effect on the referral of the loan to foreclosure. Debtors' records show i) the note is endorsed from SBMC Mortgage to blank, ii) the assignment of mortgage was recorded from MERS (as nominee for originator) to Deutsche Bank National Trust Company, as Trustee, iii) Substitution of Trustee was recorded from Deutsche Bank National Trust Company, as Trustee to ETS.<br><br>The proof of claim cites to active litigation in CA, which no Debtor is a party to (Claimant filed a notice to dismiss without prejudice on January 28, 2014). Claimant alleges that Debtors are foreclosing. Debtors have no liability for Claimant's wrongful foreclosure claims because the first lien loan was in default and due for September 2007 through October 2012 payments when it was referred to foreclosure on October 14, 2012. Ocwen is currently servicing and handling the foreclosure.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims involving "unfair business practices" or "cancellation of instruments". | 7-8, 10-11, 11-12 |
| Jacqueline A. Warner c/o Jan Schrieberl., Third Party Witness | General Unsecured | Residential Capital, LLC | Amend and Supersede, General No Liability | Debtor GMAC Mortgage LLC serviced the loan from November 9, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. | 13 |

3

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 3494 Camino Casa Tassajara. Unit 308 Danville, CA 94506<br><br>Claim: 1638<br><br>Filed: 10/22/2012 | BLANK | 12-12020 | | Debtors object to claim no. 1638 on the basis that it was amended or replaced by claim no. 3502.<br><br>Claimant filed proofs of claim nos. 3415, 3502 and 1638. Claim No. 3415 was expunged in the sixth omnibus objection because it was a duplicate of Claim No. 3502.<br><br>Claim No. 3502 was expunged in the 50th omnibus objection on grounds of "No Liability Books and Records". In the ruling [Docket 6824], the Court found Claimant had not rescinded her loan, which served as Claimant's basis for claim.<br><br>Claim No. 1638 does not include a proof of claim form or any reference to an amount asserted for damages. However, attached to the proof of claim is a list of attachments that appear to only relate to Claimant's attempt to rescind her loan, which served as Claimant's basis for claim no. 3502. Additionally, most or all of the documents attached to claim no. 1638 were also provided to Debtors and the court in connection with claim no. 3502. For these reasons, Debtors have concluded that Claimant intended to amend or replace proof of claim no. 1638 with claim no. 3502. | |
| Sylvia Essie Dadzie Shaev & Fleischman, LLP<br><br>350 Fifth Avenue Suite 7210 New York, NY 10118<br><br>Claim: 5258 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Insufficient Information, General No Liability | Debtor GMAC Mortgage, LLC purchased the loan from Ally Bank who purchased from originator Advanced Financial Services, Inc.  Debtor transferred its interest in the loan to Fannie Mae on or about September 12, 2006.   Debtor GMAC Mortgage LLC serviced the loan from August 14, 2006 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. Advanced Financial Services, Inc. originated the loan on June 28, 2006.<br><br>Debtors have no liability for this claim which is based on Claimant's adversary proceeding in her chapter 7 bankruptcy filed in the Southern | 14, 7-8 |

4

ny-1147902

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/15/2012 | | | | District of New York (Case No. 1110822 filed on February 25, 2011). Claim is related to equitable claims and it seeks to determine the lien amount on a loan that is now serviced by a third party, GreenTree.  A stipulation was entered on July 24, 2013 [Docket No. 4341] related to relief from the automatic stay to allow Claimant's adversary complaint to proceed. The stipulation specifically states that Claimant cannot file a claim for damages against Debtors.  Debtors have confirmed with GreenTree that Claimant's bankruptcy case was dismissed on November 19, 2013. | |

ny-1147902

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Joaquin A. Sosa and Griselda Sosa, Individually and as Husband and Wife Sosa c/o Prentice<br><br>3866 Wilson Avenue San Diego, CA 92104<br><br>Claim: 2403<br><br>Filed: 11/05/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issue, Loan Modification, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from September 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on June 9, 2006.<br><br>Claimant alleges "fraud committed by original lender in the refinancing of the loan and fraud during the foreclosure procedures by the debtor" as the basis for claim. Claimant attached to the proof of claim a one page document showing case information in connection with a foreclosure action brought by GMAC Mortgage against Claimant. No other explanation of the basis or damages is provided by the Claimant in the proof of claim. In response to a letter requesting more information and documentation in support of the claim, Claimant asserts that the originating lender misrepresented to Claimant that there would be no prepayment penalty, and that originating lender would qualify a buyer for a loan to purchase Claimant's property when they decided to sell their property. As a result of both misrepresentations, Claimant asserts they were unable to sell the subject property, and when attempting to "negotiate the loan in 2009", Debtor would not "make adjustments or reductions" to their loan "based on our retirement income." As a result, the Claimant was purportedly forced into a foreclosure situation that caused the claimants to lose their excellent credit ratings and suffer damages "in excess of $500,000." According to Claimant, Debtors purportedly engaged in illegal practices through their retained attorney, Stern Law, including fraud and providing incorrect information.  In addition, the new servicer, Ocwen, purportedly continues illegal foreclosure proceedings against Claimant based on incorrect information and misrepresentations by Debtors. Claimant's proof of claim and letter response to Debtors provides no explanation for the calculation of damages asserted in the amount of $1,000,000.<br><br>Debtors have no liability for the allegations against the originating lender because no Debtor was involved with the origination of the loan, and the assertions do not carry assignee liability. The originating lender was GreenPoint Mortgage Funding, Inc., a non-Debtor entity.<br><br>Debtors have no liability for the allegation that Debtors failed to modify Claimant's loan in 2009 because Claimant never took the necessary steps to obtain a modification. Debtors' records show i) there is no evidence of | 11-12, 14-16, 7-8 |

ny-1147902

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Joaquin A. Sosa and Griselda Sosa, Individually and as Husband and Wife<br><br>Sosa c/o Prentice 3866 Wilson Avenue San Diego, CA 92104<br><br>Claim: 2428<br><br>Filed: 11/05/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issue, Loan Modification, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from September 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on June 9, 2006.<br><br>Claimant alleges "fraud committed by original lender in the refinacing of the loan and fraud during the foreclosure procedures by the debtor" as the basis for claim. Claimant attached to the proof of claim a one page document showing case information in connection with a foreclosure action brought by GMAC Mortgage against Claimant. No other explanation of the basis or damages is provided by the Claimant in the proof of claim. In response to a letter requesting more information and documentation in support of the claim, Claimant asserts that the originating lender misrepresented to Claimant that there would be no prepayment penalty, and that originating lender would qualify a buyer for a loan to purchase Claimant's property when they decided to sell their property. As a result of both misrepresentations, Claimant asserts they were unable to sell the subject property, and when attempting to "negotiate the loan in 2009", Debtor would not "make adjustments or reductions" to their loan "based on our retirement income." As a result, the Claimant was purportedly forced into a foreclosure situation that caused the claimants to lose their excellent credit ratings and suffer damages "in excess of $500,000." According to Claimant, Debtors purportedly engaged in illegal practices through their retained attorney, Stern Law, including fraud and providing incorrect information.  In addition, the new servicer, Ocwen, purportedly continues illegal foreclosure proceedings against Claimant based on incorrect information and misrepresentations by Debtors. Claimant's proof of claim and letter response to Debtors provides no explanation for the calculation of damages asserted in the amount of $1,000,000.<br><br>Debtors have no liability for the allegations against the originating lender | 9, 14-16, 10-11 |

7

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | because no Debtor was involved with the origination of the loan, and the assertions do not carry assignee liability. The originating lender was GreenPoint Mortgage Funding, Inc., a non-Debtor entity.<br><br>Debtors have no liability for the allegation that Debtors failed to modify Claimant's loan in 2009 because Claimant never took the necessary steps to obtain a modification. Debtors' records show i) there is no evidence of negotiations or communications between Debtors and Claimant recorded in the servicing records in 2009, and ii) because Claimant was past due on their account, Debtors sent to Claimant a loan modification workout package on October 27, 2009, but Claimant never returned a completed package for Debtors to consider for modification.<br><br>Debtors have no liability for the allegation that Debtors engaged in illegal practices through their retained attorney, Stern Law, because Claimant has provided no evidence to support it, and Claimant has not demonstrated how they were damaged. Debtors' records show i) Claimant's account was referred to foreclosure on July 8, 2009 as the account was owing for April through July, 2009 payments, ii) from July 2009 to the point when Debtors transferred servicing to Ocwen in February 2013, Claimants never set up any arrangements or agreements with Debtors to bring the account current or make payment toward the delinquency, and iii) Debtors acted within the terms of the mortgage and note to begin the foreclosure process. Subsequently, on December 29, 2011, the loan was referred to a new foreclosure attorney law firm, Albertelli Law, to continue the foreclosure process.<br><br>Debtors have no liability for the allegation that new servicer, Ocwen, continues illegal foreclosure proceedings against claimant based on incorrect information and misrepresentations by Debtors because i) Debtors are not responsible for the actions of Ocwen, a non-Debtor entity, | |

8

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | and ii) Claimant has provided no evidence of specific misrepresentation by the Debtors.  Debtors' research shows a foreclosure sale was scheduled for February 20, 2014 by Ocwen, however, the subject property was sold in short sale on January 29, 2014.<br><br>Upon review, it also appears that this claim is identical to claim number 2403.  As a result, it is duplicative and should also be expunged on that basis. | |
| Donald & Roberta (Bobbi) Signs<br><br>23411 Olde Meadowbrook Circle Bonita SP, FL 34134<br><br>Claim: 3798<br><br>Filed: 11/08/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification Wrongful Foreclosure | Debtor Homecomings Financial originated the loan on June 27, 2006. Residential Funding Company purchased the loan from Homecomings and thereafter the loan was securitized where US Bank, NA, as Trustee was appointed trustee on or about August 1, 2006. Debtor Homecomings Financial serviced the loan from June 27, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant states "fraudulent foreclosure action" as basis for claim, but provided no additional explanation of basis or damages in the proof of claim. In response to Debtors' letter requesting additional information in support of the claim, Claimant asserts Debtor wrongfully foreclosed because Debtor carried out foreclosure steps while Debtor agreed to evaluate Claimant for a loan modification, and Debtor failed to give Claimant a modification as agreed after Claimant performed in accordance with the terms of their trial plan.  Claimant also alleges that Debtors executed an invalid assignment through "robo-signing" after the foreclosure had been "served upon us."<br><br>Debtors have no liability for the loan modification-related allegations because Claimant never completed the steps or satisfied the conditions | 14, 11-12, 10-11, 8-9 |

9

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | necessary to obtain a permanent modification. Specifically, in each instance Claimant submitted workout packages in order to be considered for a loan modification, Claimant either i) never submitted a complete package in order to be considered for modification, ii) did not qualify for HAMP or Traditional modification options, or iii) failed to make any of the trial payments under an approved trial plan. While Claimant did make certain payments under various forbearance plans, the terms of the forbearance plans did not include any promise by Debtors to modify Claimant's loan. A forbearance plan is an accommodation to a borrower in default whereby the borrower is given more time to bring their account current or pursue loan modification. Under the terms of a typical forbearance plan, Debtors agree to suspend the foreclosure process for a specific period of time provided the borrower makes certain monthly payments, which include initial monthly payments that are often lower than the monthly mortgage payment required under the borrower's note and follow with a large payment due at the end of the forbearance term that includes all deferred or past due amounts. Forbearance plans do not include any forgiveness of amounts owing under the borrower's loan.<br><br>Debtors' records show:<br>i) Debtors approved Claimant for a forbearance plan on June 5, 2009 that allowed for 4 monthly payments of $1,612 between June 29, 2009 and September 29, 2009, and a payment of $7,686.49 on October 29, 2009;<br>ii) In Claimant's first attempt at applying for a modification, Claimant was denied on August 10, 2009 because claimant failed to provide missing items from their workout package,<br>iii) As an accommodation to Claimant to give them more time to provide a complete workout package, Debtors approved Claimant for a new forbearance plan on August 17, 2009 that allowed for 3 monthly payments of $1,612 between August 29, 2009 and November 29, 2009, and a payment of $9,345.66 on December 29, 2009. Claimant failed to provide a | |

10

ny-1147902

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | complete workout package during this timeframe, iv) Debtors provided a third forbearance plan to Claimant on December 22, 2009 that allowed for 2 payments of $1,612 between December 30, 2009 and January 20, 2009, and a payment of $10,414.31 on February 28, 2010; v) Claimant submitted a third workout package on February 17, 2010; however, Debtors determined that Claimant was ineligible for both HAMP and Traditional modifications. Debtors properly denied Claimant HAMP modification on February 18, 2010 because Claimant's cash reserves exceeded amounts allowed under HAMP guidelines. HAMP does not permit a loan modification if a Claimant's cash reserves exceed three times the borrower's monthly debt payments. In Claimant's workout package, Claimant reported cash balances equal to 3.11 times total monthly debt payments. Debtors properly denied Claimant Traditional modification on February 25, 2010 because Debtors were unable to reduce Claimant's monthly payment sufficient to meet the maximum debt-to-income ratio of 31% per investor guidelines. Debtors were unable to reduce Claimant's monthly payment sufficient to meet the maximum debt-to-income ratio of 31% because reducing to this point would have required Debtors to implement two prohibited actions under the investor's guidelines: a) reducing a borrower's interest rate to less than half of the interest rate on the original loan, and b) forgiving principal such that the loan-to-value would drop below 70%; and vi) Claimant submitted a fourth workout package on March 3, 201;, however, Claimant was denied modification because Claimant failed to provide missing items within the 10-day deadline given to Claimant. Debtors mailed Claimant a denial letter on April 15, 2010; vi) Claimant provided a fifth workout package on April 8, 2011. Debtors approved Claimant for a HAMP Trial Modification on April 21, 2011 with payments due June 1, 2011 through August 1, 2011 in amount of $2,740.53. Claimant failed to make any of the required payments under | |

11

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | the trial plan and failed to submit additional financial information for consideration of a new trial plan, and as a result, Debtors properly denied Claimant a permanent modification on August 2, 2011. | |
| | | | | Debtors have no liability for the allegations that Debtor wrongfully foreclosed because Debtor never completed foreclosure. At the time Debtor transferred servicing to Ocwen on February 16, 2013, foreclosure had not been completed. As noted above, Debtor properly denied claimant loan modifications on August 10, 2009, February 18, 2010, February 25, 2010, and April 15, 2010 and suspended the foreclosure process in accordance with each of Claimant's three forbearance plans.  Debtors' records show the account was properly referred to foreclosure in April 2010 as the account was owing for November 1, 2009 payment, there was no agreement in place whereby Debtor agreed to suspend the foreclosure process or where Claimant agreed to bring the account current. | |
| | | | | Debtors have no liability for the allegations the Debtors executed an invalid assignment by "robo-signing" because Claimants have not shown how the assignment was purportedly invalid. The assignment at issue was executed on April 5, 2010 and recorded on May 19, 2010 properly assigning the mortgage from MERS (as nominee for Homecomings Financial Network, Inc.) to US Bank National Association as trustee. | |
| David Duggan  26 Oak Valley Road Shelton, CT 6484  Claim: 5869 | General Unsecured  $196,000 | Residential Capital, LLC  12-12020 | Standing Issues, General No Liability | Debtor GMAC Mortgage purchased the loan from Accubanc Mortgage Corp and subsequently sold its interest to Freddie Mac on or about June 16, 1999. Debtor GMAC Mortgage LLC serviced the loan from July 1999 until loan was paid in full February 15 2006. Accubanc Mortgage Corp originated the loan on February 4, 1999.  Claimant asserts "Mortgage/Note" as the basis for claim in box 2 of the proof of claim form. No other explanation or documentation is included | 14-16 |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/21/2012 | | | | with the proof of claim. In response to Debtor's letter requesting information and documentation in support of Claimant's proof of claim, Claimant states "my chain of title has been destroyed by GMAC. Where is my original note with my wet ink signature?" Claimant did not provide any additional explanation or documentation in support of the basis for the claim or for the calculation of Claimant's asserted damages of $196,000.<br><br>Debtors have no liability for the assertion that GMACM damaged Claimant's title because Claimant has failed to proffer any objective evidence to substantiate the assertion or demonstrate any specific damages. Debtors' records show Debtors serviced Claimant's loan between 1999 and 2006, Claimant's loan was paid off on February 15, 2006, and Debtor executed a lien release on February 27, 2006 that was recorded in Shelton City, Connecticut on March 14, 2006. Debtors' imaged copy of the Note shows the note was properly endorsed from originator to blank.<br><br>Debtor has no liability for any possible assertion arising from the statement "where is my original note?" because i) the loan paid off in 2006 and Debtors have no interest in the loan, and ii) Claimant's property is in Connecticut, and Debtors confirmed that state laws in Connecticut do not require Debtor to return the original note to Claimant after the loan is paid off. | |
| CHARYL ROY AND FLOORING SOLUTIONS FACTORY DIRECT | General Unsecured $192,094 | GMAC Mortgage, LLC 12-12032 | Insufficient Documentation | Debtor GMAC Mortgage, LLC purchased the loan from USAA Federal Savings Bank and subsequently transferred its interest to Fannie Mae on or about September 18, 2007. Debtor GMAC Mortgage LLC serviced the loan from August 13, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. USAA Federal Savings Bank originated the loan on August 13, 2007. | 11-12, 7-8 |

13

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 9760 US HIGHWAY 80 E BROOKLET, GA 30415-6734<br><br>Claim: 1232<br><br>Filed: 10/15/2012 | | | | Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtor's connection to this claimant gives rise to liability.<br><br>Claimant asserts as basis for claim "mortgage note". No other explanation of the basis for claim is provided. Claimant attached to their proof of claim several documents related to their loan, including a mortgage statement, several letters and notices from USAA Federal Savings Bank regarding Claimant's loan, an unsigned loan modification agreement, and a workout package. The amount of the claim is $192,094, which appears to be the Claimant's principal balance of their mortgage loan as of September 3, 2009, per the documentation provided by Claimant. Debtors mailed to claimant a letter on January 23, 2014 requesting additional information in support of claim; however, the letter was returned to Debtors as "undeliverable". Debtors sent claimant a second request letter by email on June 21, 2013 to the email address provided by Claimant on the proof of claim. Claimant failed to respond to the letter. Debtors searched their servicing records and found no evidence that Debtors owe Claimant money, or that Debtors mishandled the servicing of Claimant's account. | |
| Philip C Holland (Decease)<br><br>Peter Holland 273 North Hill Rd Yanceyville, NC 27379<br><br>Claim: 2787 | General Unsecured<br><br>$188,973 | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issues Interest and Fees Collected | Debtor GMAC Mortgage LLC serviced the loan from September 2, 2011 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Mortgage Investors Corp originated the loan on September 2, 2011.<br><br>Claimant asserts "mortgage principal and interest, fees and deposits" as basis for claim and attaches various documents stemming from the origination of Claimant's loan. No other explanation of the basis of claim or calculation of damages is provided by Claimant. In response to a letter requesting additional information in support of the claim, Claimant states origination-based claims, including i) that he is a victim of "fraud, | 14 |

14

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/07/2012 | | | | predatory lending, over-charges, unallowable fees and concealment of fees on VA loans", and ii) that there were hidden defects in the subject property that existed prior to purchasing the property, and iii) issues with a defective appraisal.<br><br>Debtors have no liability for these origination-based claims because no Debtor entity was involved in the origination of the loan, and Claimant does not proffer any basis for assignee liability to any Debtor. Debtors' records show the loan was originated by Mortgage Investors Corp, a non-Debtor entity, on September 2, 2011. Notwithstanding, the claims appear to be origination-based claims only, Debtor searched its books and records and found no evidence that Debtor incorrectly charged fees to Claimant's account. Furthermore, Debtor found no evidence in the servicing records of Claimant ever disputing issues arising from the origination of Claimant's loan. | |
| Clover Earle<br><br>3631 N.W. 41st Street Laurderdale Lakes, FL 33309<br><br>4569<br><br>11/08/2012 | General Unsecured<br><br>$16,000 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues | Claimant had a first and second mortgage secured by their personal residence. The loan at issue in Claimant's proof of claim relates only to the second mortgage loan. Debtor Homecomings Financial originated the second mortgage loan on May 22, 2006. Residential Funding Company purchased the loan from Homecomings and subsequently sold its interest in the loan to ETrade Bank on or about May 30, 2006. Debtor Homecomings Financial serviced the loan from May 22, 2006 until servicing was transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing was transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant asserts "disputed debt – mortgage note to be wiped out" as the basis for the claim in box 2 of the proof of claim form. In a letter attached to the proof of claim, Claimant asserts "I am disputing the balance of $16,000 your dept. (sic) is billing me for," which Claimant asserts pertains | 9, 12 |

15

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | to a 2nd lien mortgage that was wiped out by a deed-in-lieu of foreclosure and a state tax sale of the property.<br><br>Debtors have no liability for the assertion that Debtors improperly sought to collect the Claimant's second lien after the lien was wiped out in the state tax sale. The state tax sale did not eliminate Claimant's personal liability to Debtors under the second mortgage loan. Rather, the state tax sale eliminated the lien that secured the Claimant's performance under the second mortgage loan, thereby preventing Debtors from foreclosing on the property; however, Claimant remained personally liable to the Debtors.<br><br>Debtors' records show the Debtors currently have no interest in the second mortgage or the property at issue, Ocwen is the current servicer of the second mortgage loan, and Debtors never entered into a deed-in-lieu of foreclosure agreement with Claimant. | |
| Maria J. Novak c/o Erik L. Walter, Esq.<br><br>60 South Park Place Painesville, OH 44077<br><br>Claim: 4017<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$150,000 | GMAC Mortgage, LLC<br><br>12-12032 | Wrongful Foreclosure | The loan was originated by Freedom Mortgage Corp on September 7, 2000. Debtor GMAC Mortgage purchased the loan from Freedom Mortgage. Debtors subsequently sold its interest in the loan to Fannie Mae on or about April 3, 2012. Debtor GMAC Mortgage LLC serviced the loan from September 29, 2000 until servicing transferred to GreenTree Servicing, LLC on February 1st, 2013.<br><br>In the proof of claim, Claimant states "lawsuit filed against creditor and the loss of her property through a foreclosure action" as the basis for claim. Claimant attaches an order of judgment in favor or GMAC Mortgage LLC in the amount of $71,414.39 in connection with a foreclosure action against Claimant, and evidence of Debtors' winning credit bid of $74,000 at public sale. No other explanation of basis or documentation is provided by Claimant. In response to a letter requesting additional information in | 9 |

16

ny-1147902

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | support of claim, Claimant states "Judgment entered - see attached" and "After careful review, it has been determined that the value submitted by Attorney Erik L. Walter for $150,000 was submitted by mistake. The value of the property should have been $111,000 as per the Lake County Sheriff's Office appraisal on or about the 24th of February 2012." Claimant re-attached the same documents provided in Claimant's proof of claim. Claimant provided no other explanation of the basis for claim.<br><br>Debtors have no liability for allegations involving wrongful foreclosure because Debtors' records show all aspects of the foreclosure were handled appropriately and in accordance with the terms of the note and mortgage. Furthermore, Claimant has not demonstrated or evidenced any damages, including damages for the asserted amount of the claim of $150,000.<br><br>Debtors' records show:<br>i) Debtors mailed a breach of contract letter to Claimant on August 2, 2010 because Claimant's account was owing for June through August 2010 payments;<br>ii) Claimant's loan was referred to foreclosure September 7, 2010 as Claimant failed to bring account current or obtain an agreement whereby Debtors agreed to suspend foreclosure;<br>iii) Claimant listed property for sale and applied for short sale with Debtors on March 2, 2011;<br>iv) The property went to a foreclosure sale April 2, 2012 as a result of the property failing to be sold in a short sale and Claimant failing to bring account current. At the time of foreclosure sale, the account was due for June 2010 to April 2012 payments;<br>v) Claimant submitted additional requests for short sale, however, these requests were denied on April 3, 2012 and April 13, 2012 due to the home having been sold in foreclosure sale on April 2, 2012.;<br>vi) Claimant failed to pay the amounts due during the redemption period. | |

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | In accordance with state law, Debtors did not record a foreclosure deed during the redemption period, which ended November 19, 2012; and vii) Although the foreclosure sale was completed in 2012, the account was service released to GreenTree Mortgage February 1, 2013 as the deed had not yet been recorded.<br><br>Debtors' records also show i) the Debtors currently have no interest in the 2nd mortgage or the property at issue, ii) Ocwen is the current servicer of the 2nd mortgage loan, and iii) Debtors never entered into a deed-in-lieu of foreclosure agreement with Claimant. | |
| Faye Abughazaleh<br><br>475 River St<br>Northville, MI 48167<br><br>Claim: 7303<br><br>Filed: 11/12/2013 | Secured<br><br>Unliquidated | Residential Capital, LLC<br><br>12-12020 | Late Filed (Borrower) | Debtor GMAC Mortgage LLC serviced the loan from April 17, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability because the proof of claim is late filed.<br><br>On August 29, 2012, this Court entered into its Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and manner of Notice Thereof [Docket No. 1309] (the "Order"), establishing November 9, 2012 as the general claims bar date, which was subsequently extended to November 16, 2012. Claimant filed the proof of claim on November 12, 2013. In accordance with the Order, KCC's records show that on or before October 5, 2012, KCC served a copy of the bar date notice to Claimant at their residence in Dearborn Michigan. Debtor's records show Claimant's primary residence was the Dearborn Michigan property from 2008 to at least November 2012. On this basis, Debtors assert that Claimant was timely and adequately served notice of the general claims bar date, and the claim is late filed. | 10-11 |

18

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tresse Z. King<br><br>5759 Appalossa Drive Grand Prairie, TX 75052<br><br>Claim: 5587<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$100,000 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues | Debtor GMAC Mortgage LLC serviced the loan from May 29, 2009 until loan was paid in full July 7, 2011. Amerigroup Mortgage Corp originated the loan on May 29, 2009.<br><br>Claimant asserts "SCRA Service Members Civil Relief Act. I did not receive benefits and was threatened with Foreclosure" as basis for claim in box 2 of the proof of claim form. In a letter attached to the proof of claim, Claimant also asserts i) Debtors wrongfully pursued foreclosure and wrongfully reported to the credit bureaus, and ii) that "under SCRA, soldiers should be allotted the 6.0% interest rate at the time of sale or transfer. GMAC threatened to change that rate" without explanation. Debtors sent Claimant a letter on June 21, 2013 requesting additional information in support of claim, but Claimant failed to respond.<br><br>Debtors have no liability for the assertion that Debtors "threatened foreclosure" or wrongfully reported information to the credit bureaus because Debtors' records show i) Debtors never threatened Claimant with foreclosure or commenced foreclosure, ii) Claimant was never more than one payment past due, and iii) Debtors provided accurate information to the credit bureaus.<br><br>Debtors have no liability for the assertion that Debtor should have provided Claimant with a 6% interest rate in accordance with the Servicemeebers Civil Relief Act. The Servicemembers Civil Relief Act requires a cap of 6% annual interest rate on any loan obligation obtained by a servicemember prior to his or her entry into active duty. Debtors have no liability for the assertion because i) Claimant had a loan with a 4.5% interest rate (less than the 6% maximum allowed under the law), and at no time did Debtors collect interest in excess of the note rate, and | 13 |

19

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | ii) the protections under the Servicemembers Civil Relief Act apply only to loan obligations originated prior to a servicemember commencing active duty in the military. The Act does not apply to loan obligations originated while a person is on active duty. Debtors' records and research show Claimant obtained the loan at issue in May 2009, and Claimant had been on active duty since December 13, 1991. | |
| Christopher Wendt<br><br>1410 South 25th Avenue Yakima, WA 98902<br><br>Claim: 3619<br><br>Filed: 11/08/2012 | General Unsecured<br><br>$92,451.60 | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification, General No Liability | Debtor Homecomings Financial originated the loan on January 16, 2007. Residential Funding Corporation purchased the loan from Homecomings, and subsequently the loan was securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about February 26, 2007. Debtor Homecomings Financial serviced the loan from January 16, 2007 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant asserts "failure to modify home loan" as basis for claim in box 2 of the proof of claim form. No other explanation of basis or supporting documentation is attached to the proof of claim. In response to a letter requesting additional information and documentation in support of claim, Claimant attaches a letter stating "I believe I am owed money or relief...due to the failure to modify my loan in 2009 when I applied for a loan modification." No other documentation or explanation of the basis or calculation of damages was provided in Claimant's letter response.<br><br>Debtors have no liability for the assertion that Debtors wrongfully denied Claimant loan modification in 2009 because i) Claimant did not qualify for any modification options, and ii) Claimant has failed to demonstrate how they were damaged by the assertion of wrongful denial of loan modification. | 8-9 |

ny-1147902

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Debtors' records show i) Claimant provided their first workout package in order to be considered for modification on May 23, 2009; however, the package was missing items necessary for modification review. Claimant provided their first complete workout package on August 17, 2009. On August 26, 2009, Debtors' servicing notes show Debtors determined that Claimant was ineligible for HAMP and Traditional modifications because Claimant's income was sufficient to cover Claimant's existing mortgage obligation. Specifically, HAMP and Traditional guidelines do not permit modification if a borrower's debt-to-income ratio is below 31%, and Claimant's workout package showed Claimant had a debt-to-income ratio of 30.8%. Notwithstanding Claimant's ineligibility for modification due to sufficient income, Claimant was also ineligible for HAMP modification because under HAMP guidelines the underlying property must be owner-occupied, and Claimant's property was non-owner occupied. As a result of Claimant's ineligibility for any loan modification, Debtors sent Claimant a denial letter on August 27, 2009. Claimant never submitted any subsequent workout packages to Debtors, and v) at the time that servicing was transferred to Ocwen Loan Servicing (February 16, 2013), Claimant's loan was due for January 2013. | |
| Tara T. Merritt

10701 Brook Bend Circle
Pensacola, FL 32506

Claim: 4690

Filed: 11/14/2012 | General Unsecured

$92,065.86 | Residential Capital, LLC

12-12020 | Standing Issues, Wrongful foreclosure | Concorde Acceptance Corporation originated the loan on November 10, 2003.  Debtor, Residential Funding purchased the loan from Concorde. Debtors transferred its interest the loan was securitized, and JP Morgan Chase Bank, NA was appointed as Trustee on or about January 1, 2004. Debtor Homecomings Financial serviced the loan from January 8, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.

Claimant asserts "Establishing Lost Mortgage Note. Plaintiff no Status. Wrongful Foreclosure" as basis for claim in box 2 of the proof of claim | 14-16, 7-8 |

21

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | form. Claimant attaches several documents related to one or more of Claimant's foreclosure actions, including several loan documents and a final judgment of mortgage foreclosure awarded to JP Morgan Chase with a foreclosure sale date set for January 25, 2007.<br><br>Debtors' records show: i) the note was properly endorsed from the originator to Residential Funding Corporation, with further endorsement from Residential Funding Corporation to the owner/foreclosing party, JP Morgan Chase, as Trustee and ii) an Assignment of Mortgage was recorded from MERS, as nominee for the originator to the foreclosing party, JP Morgan Chase, as Trustee. Claimant's loan was three payments past due at the time Claimant's account was first referred for foreclosure on September 22, 2006. Debtors sent the Claimant's original note to the foreclosing attorney's office on Sept 27, 2006 in connection with the September 22 foreclosure referral, and the attorney filed the original note with the court on December 11, 2006.  The note was subsequently lost; the foreclosure action was dismissed because Claimant reinstated account on or about January 4, 2007. Claimant's account was three payments past due at the time Claimant's account was referred for foreclosure on June 28, 2007. Debtors voluntarily dismissed the foreclosure action on or about November 26, 2008 because Debtors approved Claimant for a traditional loan modification on or about the same date. Claimant's account was three or more payments past due when Claimant's account was referred for foreclosure on July 24, 2009. Subsequently, Debtors voluntarily dismissed the foreclosure action. Claimant's loan was three or more payments past due at the time Claimant's account was referred for foreclosure on November 19, 2011; and at the time Debtors transferred the loan to Ocwen, the 2011 foreclosure action remained pending. Claimant never applied for a subsequent loan modification after obtaining the loan modification in November 2008. | |

ny-1147902

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Debtors are not liable for Claimant's wrongful foreclosure claim, or any assertion that Debtors did not have the right to service or foreclose Claimant's loan as a result of a "Lost Mortgage Note" because: i) Debtors never completed foreclosure, ii) in each instance where Debtors referred Claimant's account to foreclosure Claimant was three or more payments past due on their loan, and Debtors acted in accordance of the terms of the note and mortgage, and iii) at all times, Debtors had proper standing to initiate foreclosure on behalf of the investor. In each instance that Debtors commenced foreclosure on behalf of the investor, the foreclosing attorneys were in possession of either the original note or a valid lost note affidavit in place of the original note. Florida permits foreclosure and acceleration on the note if the party in interest produces a lost note affidavit in lieu of the original note, and the chain of title was accurate and complete as evidenced by the note endorsements and assignment of mortgages identifying JP Morgan Chase, as Trustee, as the owner. | |

23

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| SAMUEL PRIETO JAVIER FAJARDO215<br><br>49TH ST STE 2AND N JERSEY PUBLIC ADJINC UNION CITY, NJ 07087<br><br>Claim: 905<br><br>Filed: 10/01/2012 | General Unsecured<br><br>$50,000 | Residential Capital, LLC<br><br>12-12020 | Insufficient Documentation, Escrow issues | The loan was originated by First National Bank of Arizona on September 7, 2000.  Debtor GMAC Mortgage, LLC purchased the loan from First National Bank of Arizona on or about September 25, 2006 and Debtors transferred its interest in the loan to LaSalle Bank NA Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-2 Trust on February 1, 2007.  Debtor GMAC Mortgage, LLC serviced the loan from September 25, 2006, until servicing transferred to Washington Mutual Bank on February 1, 2007.<br><br>Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant asserts "Proceeds from Fire Damages" as the basis of claim in box 2 of the proof of claim form. Claimant attaches documentation evidencing a property insurance claim involving non-Debtor entities, but provides no other explanation of the basis of claim or calculation of damages. Debtors sent a letter to Claimant on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Notwithstanding the fact Claimant has failed to explain their basis for claim or calculation of damages, Debtors have no liability for any allegations regarding property insurance proceeds due to Claimant from fire damages because Debtors remitted all property insurance proceeds due to Claimant and does not have any remaining insurance proceeds in its possession. Debtors' records show i) Claimant notified Debtors on December 5, 2006 that Claimant had suffered a loss event on September 9, 2006 from fire damage that was covered under their property insurance policy, ii) Debtors received an insurance check in the amount of $25,000 from the insurer and issued a check to Claimant for the same amount on | 11-12, 10-11 |

24

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | December 20, 2006, and iii) on February 1, 2007, Debtors transferred servicing to Washington Mutual Bank. Any handling of Claimant's insurance claim following February 1, 2007 is not the responsibility of any Debtor entity. | |
| Rosario Pacheco<br><br>209 Lopez Ct<br>Calexico, CA 92231<br><br>Claim: 1327<br><br>Filed: 10/17/2012 | General Unsecured<br><br><br>$34,717.58 | GMAC Mortgage, LLC<br><br>12-12032 | Insufficient Documentation | The loan was originated by Debtor GMAC Mortgage on October 19, 2004. Debtor transferred its interest. when the loan was securitized and Wells Fargo Bank was appointed as Trustee on or about November 23, 2004. Debtor GMAC Mortgage LLC serviced the loan from October 19, 2004 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant asserts "Bank Bankruptcy" as basis for claim in box 2 of the proof of claim form. Claimant attaches a copy of a HELOC statement from September 2012 showing a beginning balance of $34,717.58, which is also the claim amount asserted in box 1 of the proof of claim form. Claimant provides no other documentation or explanation of the basis for claim. In response to a letter requesting additional information in support of the claim sent by Debtors on June 21, 2013, Claimant attached several months of mortgage statements stemming from 2010-2012, but provided no additional explanation for the basis for the claim. Notwithstanding the fact the Claimant failed to provide a basis for the claim, Debtors reviewed its books and records and found no evidence of monies owing to Claimant. | 14, 7-8 |
| SIXTA ASSOC LLP FOR MELISSA RODRIGUEZ | General Unsecured | Residential Capital, LLC | Wrongful Foreclosure, General No Liability | Debtor Residential Funding purchased the loan from MILA, Inc. and subsequently the loan was securitized where JP Morgan Chase Bank was appointed trustee on or about October 1, 2004. Debtor Homecomings Financial serviced the loan from October 14, 2004 until servicing | 8-9, 9-10 |

25

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 117 E EDGEWOOD DR FRIENDSWOOD, TX 77546<br><br>Claim: 4021<br><br>Filed: 11/09/2012 | $228,180 | 12-12020 | | transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013. MILA, Inc. dba Mortgage Investment Lending Associates originated the loan on August 27, 2004.<br><br>Debtors have no liability for Claimant's claims.  No Debtor was involved in the tax lien foreclosure attached to the Claimant's proof of claim.  Claimant alleges that she was working with a 3rd party, Tax Rescue, LP, to resolve property tax issues.  At some point Tax Rescue instituted a foreclosure against the property and ultimately an eviction.  Tax Rescue had failed to include the first lien holder in the foreclosure notice the first lien holder (who Debtors were servicing the loan on behalf of).  Claimant filed an action in the District Court of Fort Bend County TX against Tax Rescue (no Debtor was a defendant) seeking an injunction to prevent the eviction.  Debtors intervened in that action.  Tax Rescue issued a Cancellation and Rescission of the Substitute Trustee's Deed which was recorded on or about November 28, 2009 and the eviction was dismissed.  Claimant filed Notice of Nonsuit and the action was dismissed (based on documents Claimant attaches).  Title was reinstated to the Claimant subject to the first lien holder's Deed of Trust.<br><br>Claimant alleges that she had no notice of Debtors' interest in the loan. Debtors have no liability for Claimant's claim because the Note has been endorsed from the originator to Residential Funding Corporation, with further endorsement from Residential Funding Corporation to JP Morgan Chase Bank, as Trustee and an Assignment of Deed of Trust was recorded from MERS, as nominee for the originator to Bank of New York Trust Company, NA successor to JP Morgan Chase Bank, as Trustee was recorded January 16, 2007.  In addition, Claimant received servicing related correspondence from Homecomings Financial through July 2009 and after that had communications and received servicing related | |

26

<u>Exhibit A</u>
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | correspondence from GMACM as successor servicer. | |

27