# Exhibit "1"

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20050345808  03/22/2005  02:16
ELECTRONIC RECORDING

When recorded return to:
HOMECOMINGS FINANCIAL NETWORK, INC.
One Meridian Crossing, Ste. 100
Minneapolis, MN 55423

33019091-5-4-4--
Galej

FIDELITY NATIONAL TITLE

3 of 3

——— State of Arizona ———————————— Space Above This Line For Recording Data ————

33019091

# DEED OF TRUST
(With Future Advance Clause)   MIN: 100062604236858900

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is MARCH 17TH, 2005
and the parties, their addresses and tax identification numbers, if required, are as follows:

   GRANTOR:   MAYRA HERNANDEZ, A SINGLE WOMAN AND JOANNA HERNANDEZ, A SINGLE WOMAN

   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and acknowledgments.

   TRUSTEE:   FIDELITY NATIONAL TITLE
              2390 EAST CAMELBACK ROAD STE 140, PHOENIX, AZ 85016

   LENDER:    HOMECOMINGS FINANCIAL NETWORK, INC.
              4350 VON KARMAN AVENUE, #100
              NEWPORT BEACH, CA 92660

   "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

2. **CONVEYANCE.** The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of MERS, with power of sale, the following described property:
   Legal description attached hereto and made a part hereof

   The property is located in MARICOPA .................................. at 8234 EAST DESERT
                              (County)
   COVE ..............................., SCOTTSDALE ........................., Arizona ....85260....
            (Address)                         (City)                                    (ZIP Code)

   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property"). Provided, that if Trustor shall pay in full all amounts owed under the Secured Debt at the time and in the manner provided therein, shall pay any and all other sums payable under this Deed of Trust, and shall perform as and when due all of the obligations of the Secured Debt, then, in such case, all right, title, and interest of Lender and Trustee in the Property shall terminate and become void, and Trustee, upon receipt of the written request of Lender, shall reconvey, without warranty, the Property, and the grantees in such reconveyance may be described as "the person or persons legally entitled thereto." Grantor understands and agrees that MERS holds only legal title to the interests granted by Grantor in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall not exceed $ 101,250.00 . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(You must specifically identify the debt(s) secured and you should include the final maturity date of such debt(s).)*
   Borrower(s) Home Equity Line of Credit Agreement and Promissory Note to Lender dated MARCH 17TH, 2005 in the principal sum of U.S. $ 101,250.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on MARCH 17TH, 2020.

ARIZONA - HOME EQUITY LINE OF CREDIT DEED OF TRUST (NOT FOR FNMA, FHLMC, FHA OR VA USE)   *(page 1 of 4)*
©1994 Bankers Systems, Inc., St. Cloud, MN Form RFCOCPREDTAZ 1/16/2001   MFAZ7696 (1/02) / 042-388588-0

Description: Maricopa,AZ Document Year.DocID 2005.345808 Page: 1 of 5
Order: 1 Comment:

B. All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract, guaranty, or other evidence of debt executed by Grantor in favor of Lender executed after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor, or any one or more Grantor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All other obligations Grantor owes to Lender, which may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Grantor and Lender.

D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

In the event that Lender fails to provide any necessary notice of the right of rescission with respect to any additional indebtedness secured under paragraph B of this Section, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument (but does not waive the security interest for the debts referenced in paragraph A of this Section).

5. **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Grantor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Grantor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Grantor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Grantor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Grantor's payment. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Grantor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Grantor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Grantor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Grantor will notify Lender of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Grantor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Grantor will in no way rely on Lender's inspection.

**Authority to Perform.** If Grantor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Grantor appoints Lender as attorney in fact to sign Grantor's name or pay any amount necessary for performance. Lender's right to perform for Grantor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.

**Leaseholds; Condominiums; Planned Unit Developments.** Grantor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Grantor will perform all of Grantor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Grantor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Grantor authorizes Lender to intervene in Grantor's name in any of the above described actions or claims. Grantor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

**Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. If Grantor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Grantor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Grantor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Grantor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Grantor. If the Property is acquired by Lender, Grantor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Grantor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Grantor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Grantor's obligations under this Security Instrument and Lender's lien status on the Property.

*(page 2 of 4)*

© 1994 Bankers Systems, Inc., St. Cloud, MN Form RFCOCPREDTAZ 1/16/2001    MFAZ7696 (1/02) / 042-368589-0

6. **WARRANTY OF TITLE.** Grantor warrants that Grantor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Grantor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8. **DEFAULT.** Grantor will be in default if any of the following occur:

   **Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan.

   **Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.

   **Property.** Any action or inaction by the Borrower or Grantor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Grantor fails to maintain required insurance on the Property; (b) Grantor transfers the Property; (c) Grantor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Grantor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Grantor dies; (f) if more than one Grantor, any Grantor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Grantor and subjects Grantor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.

   **Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.

9. **REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.

   At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. Lender shall be entitled to, without limitation, the power to sell the Property.

   If there is a default, Trustee shall, at the request of the Lender, advertise and sell the Property as a whole or in separate parcels at public auction to the highest bidder for cash and convey absolute title free and clear of all right, title and interest of Grantor at such time and place as Trustee designates. Trustee shall give notice of sale including the time, terms and place of sale and a description of the Property to be sold as required by the applicable law in effect at the time of proposed sale.

   Upon sale of the Property and to the extent not prohibited by law, Trustee shall make and deliver a deed to the Property sold which conveys absolute title to the purchaser. Trustee shall apply the proceeds of the sale in the following order: (1) to the costs and expenses of exercising the power of sale and the sale, including the payment of Trustee's fees, and reasonable attorney's fees actually incurred; (2) to the payment of the contract or contracts secured by this Deed of Trust; (3) to the payment of all other obligations provided in or secured by this Deed of Trust; (4) to the junior lienholders or encumbrancers in order of their priority. After payment in full to all junior lienholders and encumbrancers payment shall be made to Grantor. Lender may purchase the Property. The recitals in any deed of conveyance shall be prima facie evidence of the facts set forth therein.

   The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

10. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Grantor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Grantor agrees to pay for any recordation costs of such release.

11. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

    Grantor represents, warrants and agrees that:
    
    A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.
    
    B. Except as previously disclosed and acknowledged in writing to Lender, Grantor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.
    
    C. Grantor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Grantor shall take all necessary remedial action in accordance with any Environmental Law.
    
    D. Grantor shall immediately notify Lender in writing as soon as Grantor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

12. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Grantor will not be required to pay to Lender funds for taxes and insurance in escrow.

*(page 3 of 4)*

13. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Grantor signs this Security Instrument but does not sign an evidence of debt, Grantor does so only to mortgage Grantor's interest in the Property to secure payment of the Secured Debt and Grantor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between Lender and Grantor, Grantor agrees to waive any rights that may prevent Lender from bringing any action or claim against Grantor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Grantor and Lender.
14. **SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.
15. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee by an instrument recorded in the county in which this Deed of Trust is recorded. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon the Trustee by this Deed of Trust and applicable law.
16. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one grantor will be deemed to be notice to all grantors.
17. **WAIVERS.** Except to the extent prohibited by law, Grantor waives any rights of appraisement relating to the Property.
18. **LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.
19. **APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.
20. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument.
    [Check all applicable boxes]
    ☐ Assignment of Leases and Rents   ☐ Other ..................................................................
21. ☐ **ADDITIONAL TERMS.**

**SIGNATURES:** By signing below, Grantor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Grantor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

_/s/ Mayra Hernandez_  2-11-5      _/s/ Joanna Hernandez_  3/17/05
(Signature) MAYRA HERNANDEZ    (Date)    (Signature) JOANNA HERNANDEZ    (Date)

**ACKNOWLEDGMENT:**
STATE OF ....Arizona........., COUNTY OF ...Maricopa....... } ss.
(Individual) This instrument was acknowledged before me this ....17..... day of ...March 2005.....
by ....Mayra Hernandez, Joanna Hernandez...........
My commission expires: 3/21/2007

_/s/ Candace Kelling-Salzer_
(Notary Public)

CANDACE KELLING-SALZER
Notary Public - Arizona
Maricopa County
My Commission Expires
March 21, 2007

**REQUEST FOR RECONVEYANCE**
(Not to be completed until paid in full)

**TO TRUSTEE:**
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel this Deed of Trust, which is delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

..............................................................................    ..........................................
(Authorized Lender Signature)                                                    Date

©1994 Bankers Systems, Inc., St. Cloud, MN Form RFCOCPREDTAZ 1/18/2001      MFAZ7698 (1/02) / 042-368589-0      (page 4 of 4)

Lot 50, Sundown Ranchos, according to Book 71 of Maps, Page 10, records of Maricopa County, Arizona.

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20110334506   04/20/2011   12:22
ELECTRONIC RECORDING

When recorded, return to:
William A. Kozub, Esq.
Berens, Kozub, **Kloberdanz & Blonstein, PLC**
7047 E. Greenway Parkway, Suite 140
Scottsdale, Arizona 85254

2528001assign-1-1-1--
mcdevittr

## ASSIGNMENT OF BENEFICIAL INTEREST
## UNDER DEED OF TRUST

**For Value Received**, the undersigned Beneficiary hereby assigns and transfers to National Equity Consultants, LLC, a Nevada limited liability company, all of Beneficiary's beneficial interest under that certain Deed of Trust dated as of March 17, 2005, executed by Mayra Hernandez, a single woman and Joanna Hernandez, a single woman to Fidelity National Title, Trustee, and naming Homecomings Financial, LLC fka Homecomings Financial Network, Inc., as original beneficiary, and recorded on March 22, 2005, at Recorder's No. 2005-0345808, records of Maricopa County, Arizona.

**TOGETHER** with any and all notes and contracts described or referred to in said Deed of Trust, all sums, including interest, due or to become due there under, and all rights accrued or to accrue there under.

**IN WITNESS WHEREOF**, said Beneficiary has signed this instrument effective as of April 14, 2011.

Assignor-Beneficiary:

Homecomings Financial LLC
fka Homecomings Financial Network, Inc.

By: _____
Printed: Laura Furtick
Its: Limited Signing Officer

STATE OF Pennsylvania )
                      ) ss:
County of Montgomery  )

This instrument was acknowledged before me this 14 day of April, 2011, by Laura Furtick, the Limited Signing Officer of **Homecomings Financial, LLC**, for and on behalf of the company.

My Commission Expires: 10/11/2011        Notary Public:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MELISSA M. KATZ, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires October 11, 2011

1

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20110342342    04/22/2011    10:03
ELECTRONIC RECORDING

AFTER RECORDING, RETURN TO:

William A. Kozub, Esq.
BERENS, KOZUB, KLOBERDANZ & BLONSTEIN, PLC
7047 E. Greenway Pkwy., Suite 140
Scottsdale, Arizona 85254

2528001NoticeSale-3-2-1--sarabiam

## NOTICE OF SUBSTITUTION OF TRUSTEE

The undersigned beneficiary, National Equity Consultants, LLC, a Nevada limited liability company, hereby appoints William A. Kozub, Esq., as Successor Trustee under that certain Deed of Trust recorded in the Maricopa County Recorder's Office on March 22, 2005, at Recorder's No. 2005-0345808, executed by Mayra Hernandez, a single woman, and Joanna Hernandez, a single woman, as Grantors; in which Homecomings Financial Network, Inc., is the Lender; and Fidelity National Title, is the Trustee. An Assignment of Beneficial Interest Under Deed of Trust was recorded in the Maricopa County Recorder's Office on the 20th day of April, 2011, at Recorder's No. 2011-0334506, in which Laura Furtick, Limited Signing Officer for Homecomings Financial, LLC fka Homecomings Financial Network, Inc., assigned all beneficial interest under said Deed of Trust to National Equity Consultants, LLC, a Nevada limited liability company, for the following trust property which is more particularly described in Exhibit "A" attached hereto.

8234 East Desert Cove
Scottsdale, Arizona 85260

The Successor Trustee appointed herein qualifies as a Trustee of the Deed of Trust in the Trustee's capacity as a member of the State Bar of Arizona as authorized pursuant to Arizona Revised Statutes section 33-803(A)(2).

DATED this __19th__ day of April, 2011.

BENEFICIARY:

National Equity Consultants, LLC,
A Nevada limited liability company,

By: _____
Charles Sullivan
Its: __Member__

STATE OF ARIZONA    )
                    )   ss.
County of Maricopa  )

On this 19th day of April, 2011, before me, the undersigned Notary Public, personally appeared Charles Sullivan, Member of National Equity Consultants, LLC, a Nevada limited liability company, the beneficiary herein, personally known to me or proven to me to be the person that executed the within instrument.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

By: _____
    Notary Public

My Commission Expires:



CHRISTINA SMITH
Notary Public—Arizona
Maricopa County
Expires 12/31/2014

2

## EXHIBIT "A"

Lot 50, Sundown Ranchos, according to Book 71 of Maps, Page 10, records of Maricopa County, Arizona.

3

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20110411139  05/16/2011  11:42
ELECTRONIC RECORDING

2528001merass-1-1-1--
chagollaj

When recorded, return to:
William A. Kozub, Esq.
Berens, Kozub, Kloberdanz & Blonstein, PLC
7047 E. Greenway Parkway, Suite 140
Scottsdale, Arizona 85254

Loan Number: 7391932118
MIN: 100062604236858900          MERS Phone: 1-888-679-6377

### ASSIGNMENT OF MORTGAGE/DEED OF TRUST

For value received the undersigned, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for **Fidelity National Title, Trustee and Homecomings Financial LLC, Lender,** its successors and assigns, hereby assign and transfer to **National Equity Consultants, LLC,** its successors and assigns, all its right, title and interest in and to a certain mortgage executed by Mayra Hernandez, a single woman and Joanna Hernandez, a single woman, and bearing the date of the 17th day of March A.D. 2005 and recorded on the 22nd day of March A.D. 2005 in the office of the Recorder of Maricopa County, State of Arizona at Recorder's No. 2005-0345808.

**Property Address: 8234 East Desert Cove, Scottsdale AZ 85260**

Executed the 11th day of May, 2011
WITNESSED BY:

_____
Witness
ISMAEL DIAZ

Mortgage Electronic Registration Systems, Inc. (MERS)

_____
Laura Furtick
Assistant Secretary

STATE OF PENNSYLVANIA.   )
                         )ss.
COUNTY OF MONTGOMERY     )

On the __11__ day of __May__ A.D. _2011_, before me, the undersigned, a Notary Public in and for the said County and State, personally appeared **Laura Furtick**, to me known, who being duly sworn, did say that she is the **Assistant Secretary of Mortgage Electronic Registration Systems, Inc.,** and that said instrument was signed on behalf of said corporations.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MELISSA M. KATZ, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires October 11, 2011

_____
Notary Public

This document was prepared by Homecomings Finanical LLC of 1100 Virginia Drive, Ft Washington PA 19034.

MIN: 100062604236858900          MERS Phone: 1-888-679-6377

Description: Maricopa,AZ Document Year.DocID 2011.411139 Page: 1 of 1
Order: 1 Comment: