**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the seventy-first omnibus objection to claims (the "**Objection**")[1] of the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"), disallowing and expunging the No Liability Claims, as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's Seventy-First Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as **Annex 1**; and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Objection is granted to the extent provided herein.

2. Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit A** annexed hereto are hereby disallowed and expunged in their entirety with prejudice.

3. Pursuant to section 502(b) of the Bankruptcy Code, **Claim Nos. 5048**, **5532**, **5538**, **5549**, **5554**, **5560**, **5566**, **5568**, **5571**, **5574**, and **5717** filed by WFBNA are disallowed.

4. Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the claims identified in paragraph 3 herein and on the schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims Register.

5. The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

6. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

7. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed in paragraph 3 herein or on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed in paragraph 3 herein or on **Exhibit A** annexed hereto.

8. This Order shall be a final order with respect to each of the claims identified in paragraph 3 herein and on **Exhibit A** annexed hereto, as if each such claim had been individually objected to.

9. This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  August 26, 2014
          New York, New York

                                                **_/s/Martin Glenn_**
                                                MARTIN GLENN
                                        United States Bankruptcy Judge

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-FIRST OMNIBUS OBJECTION - NO LIABILITY CLAIMS (NON-BORROWER CLAIMS)

| Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| Citibank, N.A., in its capacity as Trustee<br>Jennifer V. Doran, Esq.<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109 | 5607 | 11/16/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | The claim has been resolved through the RMBS Settlement under the Plan. |
| MidAmerican Energy Co<br>PO Box 4350 Credit<br>Davenport, IA 52808 | 7316 | 01/06/2014 | $2,040.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim has already been paid and satisfied. |
| MidAmerican Energy Co<br>PO Box 4350 Credit<br>Davenport, IA 52808 | 7451 | 02/21/2014 | $0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim has already been paid and satisfied. |
| Waste Management - RMC<br>2625 W Grandview Ste #150<br>Phoenix, AZ 85023 | 7327 | 01/13/2014 | $1,254.36 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |