**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER GRANTING MOTION TO EXTEND DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

Pending before the Court is the *Motion to Extend the Date by which Objections to Claims Must Be Filed* (the "Motion," ECF Doc. # 7306). The Motion is supported by the Declaration of Deanna Horst (the "Horst Decl.," Motion Ex. 2). Through the Motion, the ResCap Liquidating Trust (the "Liquidating Trust") seeks an order extending the date for objections to claims until June 15, 2015. This objection deadline would apply to claims objections filed by the Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust," and together with the Liquidating Trust, the "Trusts"). The Trusts filed a certificate of service establishing that all borrowers with outstanding claims were timely served with the Motion. (ECF Doc. # 7341.) At least ten parties filed oppositions to the Motion (the "Objections"). For the reasons explained below, the Objections are **OVERRULED** and the Motion is **GRANTED**.

## I. BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (1) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for

filing proofs of claim; and (2) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) (ECF Doc. # 2093).

On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order (ECF Doc. # 3294). The Procedures Order also includes specific protections for Borrowers and sets forth a process for the Debtors (and now the Trust) to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that before objecting to certain Borrower Claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional documentation in support of the purported claim. (*See* Procedures Order at 4.)

On December 11, 2013, the Court entered an order (the "Confirmation Order," ECF Doc. # 6065) confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 6065-1). The Plan became effective on December 17, 2013 (the "Effective Date"). (ECF Doc. # 6137.)

When the Liquidating Trust filed the Motion, 7,470 parties had filed claims against the Debtors' estates. (Horst Decl. ¶ 5.) Those claims alleged over $100 billion in liability. (*Id.*) So far, 5,850 claims have been resolved, leaving 1,620 claims on the register. (*Id.* ¶¶ 6–7.) Of the unresolved claims, 648 are borrower claims (alleging nearly $1 billion in liability), and 972 are

non-borrower claims (alleging $700 million in liability).[1] (*Id.* ¶ 7.) The Horst Declaration states that the Trusts need more time to evaluate and respond to claims. (*Id.* ¶ 8.)

Since the Residential Capital bankruptcy cases were filed in May 2012, the Court has issued 66 written opinions and countless orders resolving disputed issues in these cases. While the Plan was confirmed and then became effective on December 17, 2013, the pace in these cases has not slowed—the Court has issued 31 written opinions and numerous orders since that date, most resolving claims objections. The process of the Trusts reviewing claims, preparing objections when appropriate, setting hearing dates and then obtaining Court rulings on the objections is very time consuming.

The Plan originally granted the Trusts 270 days after the Effective Date to object to claims, or alternatively, any later date set by the Court following a motion from the Liquidating Trust. (*See* Confirmed Plan § I.A.54.) The current time to object would run on September 15, 2014. The Plan contemplated that an extension motion could be approved "without a hearing and without notice to any party," so the Plan disclosed the possibility of an extension with less disclosure than the one provided here. (*Id.*) Ten written Objections were filed to the Motion to extend the deadline for filing objections to claims. The Court held a hearing on the Motion on August 26, 2014.

While the frustration expressed in the Objections by claimants to the amount of time taken so far in the claims allowance is understandable, the pace at which the claims resolution process has been proceeding is appropriate given the complexity of the cases and the issues raised concerning many of the claims objections.

---

[1] As stated at the hearing on August 26, 2014, these figures have been adjusted as follows: 1,519 claims remain outstanding; of those, 633 are borrowers, totaling $862.4 million, and 886 are non-borrower claims, totaling $366.4 million.

3

## II.    DISCUSSION

Bankruptcy Rule 9006(b)(1) provides that a court may extend deadlines "for cause shown" at the court's discretion, so long as an extension request is made before expiration of the original deadline. FED. R. BANKR. P. 9006(b)(1). The Liquidating Trust asserts that cause exists here because it has diligently been pursuing claims reconciliation, but the sheer volume of the claims prevents full resolution before the original deadline. (*See* Motion ¶¶ 16–17.) The complexity of some of the claims makes reconciliation of claims impossible by the current deadline. Additionally, the Trust asserts that allowing more time for the Trusts to expunge, reduce, or negotiate claims benefits all creditors with valid claims by reducing the number of claimants drawing from the limited recovery pools. (*Id.* ¶ 18.)

The length of time granted the Trusts to file claim objections in these cases is consistent with the time periods permitted in other complex cases. (*See* Motion ¶ 20 (citing this Court's previous orders in *General Maritime* (thirty months in extensions granted), *Borders* (thirty-two months in extensions granted), and *Oldco* (forty-one months in extensions granted).)

In granting the Trust's Motion, the Court has considered the following written objections, each of which is **OVERRULED**: *John Satterwhite* (ECF Doc. # 7332); *Julio Pichardo* (ECF Doc. # 7355); *Kevin A. Matthews* ( ECF Doc. # 7360); *Karen Michele Rozier* (ECF Doc. ## 7363, 7381, and 7382); *William Futrell* (ECF Doc. # 7374); *Michael Boyd* (ECF Doc. # 7375); *Michael A. and Gloria S. McGuinty* (ECF Doc. # 7418); *Esteban and Maria Losoya* (ECF Doc. # 7404); *Kathleen Cline* (ECF Doc. # 7429); and *Rhonda Deese* (ECF Doc. # 7430). While the Objections express a variety of arguments, the common theme is that the claims resolution process is simply taking too long. No legal authority is provided to support of the Objections. Some of the individuals that filed Objections have been serial objectors on a variety

4

of issues in these cases. The plain answer is that given the complexity of these cases and the size and variety of claims that have been filed, as well as the extent of the briefing and court time required to deal with claims (many filed by *pro se* claimants) and the Trusts' objections to claims, the Trust's Motion seeking an extension of the deadline for filing claim objections is reasonable and appropriate.

### III. CONCLUSION

The Objections to the Trust's Motion are **OVERRULED** and the Motion is **GRANTED.** The deadline for the Trusts to file objections to claims is extended to and including June 15, 2015. The Trusts may seek further extensions of time to file objections for good cause shown.

**IT IS SO ORDERED.**

Dated:   August 26, 2014
         New York, New York

                                    ___*Martin Glenn*___
                                          MARTIN GLENN
                                    United States Bankruptcy Judge