**Hearing Date and Time: September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: September 19, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF THE RESCAP LIQUIDATING TRUSTS' SEVENTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (MODIFIED CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Seventy-Fourth Omnibus Objection to Claims (Modified Claims)* (the "Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 19, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum and Jordan A. Wishnew); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

ny-1155836

Dated:  August 29, 2014
       New York, New York         /s/ Norman S. Rosenbaum
                                           Norman S. Rosenbaum
                                           Jordan A. Wishnew
                                           **MORRISON & FOERSTER LLP**
                                           250 West 55th Street
                                           New York, New York 10019
                                           Telephone:  (212) 468-8000
                                           Facsimile:  (212) 468-7900

                                           *Counsel to The ResCap Liquidating Trust*

ny-1155836

Hearing Date and Time: September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: September 19, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THE RESCAP LIQUIDATING TRUSTS' SEVENTY-FOURTH OMNIBUS OBJECTION
TO CLAIMS (MODIFIED CLAIMS)**

**THIS OBJECTION SEEKS TO MODIFY AND ALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S
COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

ny-1153330

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to terms of the Plan (defined below) filed in the above-captioned Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the Debtors (defined below), respectfully represents:

### RELIEF REQUESTED

1.  The Liquidating Trust files this seventy-fourth omnibus objection to claims (the "<u>Seventy-Fourth Omnibus Claims Objection</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in the Chapter 11 Cases (the "<u>Procedures Order</u>") [Docket No. 3294],[1] seeking entry of an order (the "<u>Proposed Order</u>"), in a form substantially similar to that attached hereto as <u>Exhibit 2</u>, modifying (by redesignating,[2] reclassifying, and/or reducing) and allowing the claims listed on <u>Exhibit A</u> attached to the Proposed Order.[3] In support of the Seventy-Fourth Omnibus Claims Objection, the Liquidating Trust submit the *Declaration of Deanna Horst in Support of the Liquidating Trust's Seventy-Fourth Omnibus Claims Objection (Modified Claims)* (the "<u>Horst Declaration</u>"), attached hereto as <u>Exhibit 1</u> and filed concurrently herewith.

---

[1] On March 21, 2013, this Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

[2] As used herein, the term "redesignate" (or "redesignating") means modifying a proof of claim filed against the incorrect Debtor to accurately reflect on the Claims Register (as defined herein) the Debtor that is liable.

[3] Claims listed on <u>Exhibit A</u> are reflected in the same manner as they appear on the Claims Register maintained by KCC (as defined herein).

ny-1153330

2. The Liquidating Trust examined proof of claim number 414 filed by Program Alliance, LLC (the "Program Alliance Claim") and determined it improperly asserts against the Debtors' estates a priority claim under section 507 of the Bankruptcy Code. The Liquidating Trust seeks to modify the Program Alliance Claim by reclassifying it as a general unsecured claim on the Claims Register.

3. The Liquidating Trust examined proof of claim number 930 filed by Sierra Liquidity Fund, LLC – Assignee and Att-in-fact for City Sprint - Assignor (the "Sierra Liquidity Claim") and determined that a portion of the claim was filed against the wrong Debtor. The Liquidating Trust seeks to modify the Sierra Liquidity Claim by allowing a portion of the claim as a general unsecured claim against Debtor Residential Funding Company, LLC ("RFC") and the remaining portion as a general unsecured claim against Debtor GMAC Mortgage, LLC ("GMACM").

4. The Liquidating Trust examined proof of claim number 3655 filed by Feiwell & Hannoy PC (the "Feiwell & Hannoy Claim") and determined that it was filed against the wrong Debtor. The Liquidating Trust seeks to modify the Feiwell & Hannoy Claim by allowing it as a general unsecured claim against GMACM.

5. The Liquidating Trust examined proof of claim number 2482 filed by Hubbard Ruzicka Kreamer and Kincaid LC (the "First Hubbard Claim") and determined that it was filed against the wrong Debtor in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust seeks to modify the First Hubbard Claim by reducing it to $4,668.00 and allowing it as a general unsecured claim against GMACM only to the extent of such modified amount.

6. The Liquidating Trust examined proof of claim number 1274 filed by McGlinchey Stafford PLLC (the "McGlinchey Claim") and determined that it was filed against

2

ny-1153330

the wrong Debtor in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust seeks to modify the McGlinchey Claim by reducing it to $5,673.09 and allowing it as a general unsecured claim against GMACM only to the extent of such modified amount.

7. The Liquidating Trust examined proof of claim number 6428 filed by TW Telecom Inc. (the "TW Telecom Claim") and determined that it was filed against the wrong Debtor in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust seeks to modify the TW Telecom Claim by reducing it to $18,243.56 and allowing it as a general unsecured claim against GMACM only to the extent of such modified amount.

8. The Liquidating Trust examined proof of claim number 2514 filed by Hubbard Ruzicka Kreamer and Kincaid (the "Second Hubbard Claim") and determined that it was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust seeks to modify the Second Hubbard Claim by reducing it to $4,975.20 and allowing it as a general unsecured claim against GMACM only to the extent of such modified amount.

9. The Liquidating Trust examined proof of claim number 273 filed by the Commonwealth of Virginia Taxation Department (the "Virginia Claim") and determined that it was filed against the wrong Debtor and improperly asserts against the Debtors' estates a priority claim under section 507 of the Bankruptcy Code for outstanding employment taxes. The Liquidating Trust seeks to modify the Virginia Claim by reclassifying it in its entirety as a general unsecured claim and allowing it against Debtor Homecomings Financial, LLC ("Homecomings").

3

ny-1153330

10. The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which this Court does not grant the relief requested herein.

11. No Borrower Claims (as defined in the Procedures Order) are included in this Seventy-Fourth Omnibus Claims Objection.

## JURISDICTION

12. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### A. General

13. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

14. On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the noticing and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

15. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

16. The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22. Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI

17. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, this Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

## OBJECTION

### A.    Applicable Legal Standard

18. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

5

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

### B. The Modified Claims Should be Allowed as Modified

20. Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims and seek their disallowance where such claims "assert priority in an amount that exceeds the maximum amount under § 507 of the Code."  Fed. R. Bankr. P. 3007(d)(8).

20. The **Program Alliance Claim** was asserted in the amount of a $2,600 priority claim and a $8,486.06 general unsecured claim against GMACM.  Based upon its review of the Program Alliance Claim, the Liquidating Trust determined that it improperly asserts priority status for <u>part of</u> the claim. The priority portion of the Program Alliance Claim relies on §507(a)(7) of the Bankruptcy Code, which only applies to prepetition deposits given by individuals (i.e. consumer creditors) to a debtor.[4] As Program Alliance is a limited liability corporation, no portion of the Program Alliance Claim is entitled to priority status under the Bankruptcy Code.

21. To allow any portion of the **Program Alliance Claim** to be treated as a priority claim would result in the claimant receiving a disproportionately higher distribution on account of the asserted liability to the detriment of similarly situated claimants.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, the

---

[4] Section 507(a)(1)(7) provides in pertinent part as follows: "Allowed unsecured claims of individuals, to the extent of $2,775 for each such individual, arising from the deposit before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."

Liquidating Trust requests that this Court reclassify and allow the full amount of the Program Alliance Claim as a general unsecured claim on the Claims Register.

22. The **Sierra Liquidity Claim** was asserted in the amount of $5,738.89 against Residential Funding Company, LLC ("RFC"). Based upon its review of the Sierra Liquidity Claim, the Liquidating Trust determined that it was filed against RFC, when it should have been filed partly against GMACM and partly against RFC. (See Horst Declaration ¶5). Accordingly, in order to reflect the proper Debtor liable for the claim, the Liquidating Trust requests that this Court allow the Sierra Liquidity Claim as a $2,723.10 claim against GMACM and a $3,015.79 claim against RFC.

23. The **Feiwell & Hannoy Claim** was asserted in the amount of $5,881.09 against Residential Capital, LLC ("ResCap"). Based upon its review of the Feiwell & Hannoy Claim, the Liquidating Trust determined that it was filed against ResCap when it should have been filed against GMACM. (See Horst Declaration ¶ 6). Accordingly, in order to reflect the Debtor that is actually liable for the claim, the Liquidating Trust requests that this Court allow the Feiwell & Hannoy Claim only against GMACM in the asserted amount of the claim.

24. The **First Hubbard Claim** was asserted in the amount of $5,475.05 against Residential Funding Company, LLC ("RFC"). Based upon its review of the First Hubbard Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because (1) it asserts an amount different from the amount that the Debtors' Books and Records show as due and owing by the Debtors, (2) certain of the invoices submitted with the First Hubbard Claim were previously paid by the Debtors, and (3) the total amount on the invoices submitted with the First Hubbard Claim are lower than the amount asserted on the proof of claim. As a result, the proper amount for the First Hubbard Claim is $4,668.00. The Liquidating Trust further determined based on its review of the

7

claimant's supporting documentation and the Debtors' Books and Records that the First Hubbard Claim was filed against RFC when it should have been filed against GMACM. (See Horst Declaration ¶ 7).

25. Accordingly, in order to ensure that the Claims Register reflects the correct liability amount and responsible Debtor for this claim, the Liquidating Trust requests that this Court reduce the First Hubbard Claim to $4,668.00 and allow the First Hubbard Claim only to the extent of such modified amount against GMACM.

26. The **McGlinchey Claim** was asserted in the amount of $6,830.00 against ResCap. Based upon its review of the McGlinchey Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because it asserts an amount different from the amount reflected in the Debtors' Books and Records. As a result, the proper amount for the McGlincehy Claim is $5,673.09. The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the McGlinchey Claim was filed against Residential Capital, LLC when it should have been filed against GMACM. (See Horst Declaration ¶ 8).

27. Accordingly, in order to ensure that the Claims Register reflects the correct liability amount and responsible Debtor for this claim, the Liquidating Trust requests that this Court reduce the McGlinchey Claim to $5,673.09 and allow the McGlinchey Claim only to the extent of such modified amount against GMACM.

28. The **TW Telecom Claim** was asserted in the amount of $23,908.35 against ResCap. Based upon its review of the TW Telecom Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because it asserts an amount different from the accounts payable reflected in the Debtors' Books and Records. As a result, the proper amount for the TW Telecom Claim is

$18,928.80. The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the TW Telecom Claim was filed against Residential Capital, LLC when it should have been filed against GMACM. (See Horst Declaration ¶ 9).

29. Accordingly, in order to ensure that the Claims Register reflects the correct liability amount and responsible Debtor for this claim,, the Liquidating Trust requests that this Court reduce the TW Telecom Claim to $18,928.80 and allow the TW Telecom Claim only to the extent of such modified amount against GMACM.

30. The **Second Hubbard Claim** was asserted in the amount of $6,911.20 against GMACM. Based upon its review of the Second Hubbard Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because (1) it asserts an amount different from the accounts payable reflected in the Debtors' Books and Records, (2) certain of the invoices submitted with the Second Hubbard Claim reflected post-petition obligations, and (3) the total amount on the invoices submitted with the Second Hubbard Claim are lower than the amount asserted on the proof of claim. As a result, the proper allowed amount for the Second Hubbard Claim is $4,975.20. (See Horst Declaration ¶ 12). Accordingly, in order to properly reflect the actual value of this claim, the Liquidating Trust requests that this Court reduce the Second Hubbard Claim to $4,975.20 and allow the Second Hubbard claim only to the extent of such modified amount.

31. The **Virginia Claim** was asserted in the amount of a $28,368.50 priority claim and a $6,957.05 general unsecured claim against ResCap. Based upon its review of the Virginia Claim, the Liquidating Trust determined that it improperly asserts priority status for the

vast majority of the claim.[5] The priority portion of the Virginia Claim relies on §507(a)(8)(D) of the Bankruptcy Code, which defines employment taxes that are entitled to priority as follows: "an employment tax on a wage, salary, or commission…earned from the debtor before the date of the filing of the petition… for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition."  The tax that is the subject of the priority portion of the Virginia Claim disputed by the Liquidating Trust relates to a quarterly reconciliation return that was required to be filed a month after the close of the first calendar quarter of 2008, or April 30, 2008. See Va. Code Ann. §58.1-472. In addition, the annual reconciliation return is required to be returned before February 28, 2009. See Va. Code Ann. §58.1-478(C)(1). Therefore, the Virginia Claim returns were due more than three years prior to the petition date and fall outside of the priority window. As a result, the Virginia Claim should be reclassified as a general unsecured claim.  The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the Virginia Claim was filed against ResCap when it should have been filed against Homecomings.  (See Horst Declaration ¶ 13).

        32.    To allow any portion of the **Virginia Claim** to be treated as a priority claim would result in the claimant receiving a disproportionately higher distribution on account of the asserted liability to the detriment of similarly situated claimants.  Accordingly, in order to preserve the intended order of priority of claims set forth by the Bankruptcy Code, and ensure that the Claims Register reflects the responsible Debtor for this claim, the Liquidating Trust requests that this Court reclassify and allow the full amount of the Virginia Claim as a general unsecured claim against Homecomings on the Claims Register.

---

[5] There is approximately $1.34 that may be entitled to priority status. Given the amount at issue, for administrative convenience the Liquidating Trust proposes to treat it as a general unsecured claim.

10

ny-1153330

## NOTICE

33. The Liquidating Trust has served notice of this Seventy-Fourth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order. The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

34. No previous request for the relief sought herein has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 29, 2014
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*