## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— )
In re:                                             )        Case No. 12-12020 (MG)
                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,    )        Chapter 11
                                                   )
                              Debtors.       )        Jointly Administered
——————————————————————— )

### DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (MODIFIED CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the "Liquidating Trust"), and I previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.   In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.   In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client

Recovery.  I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Seventy-Fourth Omnibus Objection To Claims (Modified Claims)* (the "Objection").[1]

2.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with former members of the Debtors' management or other former employees of the Debtors, the Debtors, the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.       In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors'

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.      The Sierra Liquidity Claim was asserted in the amount of $5,738.89 against Residential Funding Company, LLC ("RFC").  Based upon its review of the Sierra Liquidity Claim, the Liquidating Trust determined that it was filed against RFC, when it should have been filed partly against GMACM and partly against RFC. As a result, it should be allowed as a $2,723.10 claim against GMACM and a $3,015.79 claim against RFC.

6.      The Feiwell & Hannoy Claim was asserted in the amount of $5,881.09 against Residential Capital, LLC ("ResCap").  Based upon its review of the Feiwell & Hannoy Claim, the Liquidating Trust determined that it was filed against ResCap when it should have been filed against GMACM.

7.      The First Hubbard Claim was asserted in the amount of $5,475.05 against Residential Funding Company, LLC ("RFC").  Based upon its review of the First Hubbard Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because (1) it asserts an amount different from the amount that the Debtors' Books and Records show as due and owing by the Debtors, (2) certain of the invoices submitted with the First Hubbard Claim were previously paid by the Debtors, and (3) the total amount on the invoices submitted with the First Hubbard Claim are lower than the amount asserted on the proof of claim.  As a result, the proper amount for the First Hubbard

3

Claim is $4,668.00. The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the First Hubbard Claim was filed against RFC when it should have been filed against GMACM.

8.      The McGlinchey Claim was asserted in the amount of $6,830.00 against ResCap. Based upon its review of the McGlinchey Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because it asserts an amount different from the amount reflected in the Debtors' Books and Records. As a result, the proper amount for the McGlincehy Claim is $5,673.09. The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the McGlinchey Claim was filed against Residential Capital, LLC when it should have been filed against GMACM.

9.      The TW Telecom Claim was asserted in the amount of $23,908.35 against ResCap. Based upon its review of the TW Telecom Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because it asserts an amount different from the accounts payable reflected in the Debtors' Books and Records. As a result, the proper amount for the TW Telecom Claim is $18,928.80. The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the TW Telecom Claim was filed against ResCap when it should have been filed against GMACM.

10.     The Second Hubbard Claim was asserted in the amount of $6,911.20 against GMACM. Based upon its review of the Second Hubbard Claim, the Liquidating Trust determined that it does not reflect the correct amount of liability owed by the Debtors to the claimant because (1) it asserts an amount different from the accounts payable reflected in the

4

Debtors' Books and Records, (2) certain of the invoices submitted with the Second Hubbard Claim reflected post-petition obligations, and (3) the total amount on the invoices submitted with the Second Hubbard Claim are lower than the amount asserted on the proof of claim.  As a result, the proper allowed amount for the Second Hubbard Claim is $4,975.20.

11.     The Virginia Claim was asserted in the amount of a $28,368.50 priority claim and a $6,957.05 general unsecured claim against ResCap.  The vast majority of the tax that was the subject of the Virginia Claim related to the quarterly reconciliation return that was required to be filed a month after the close of the calendar quarter, or April 30, 2008, and an annual reconciliation return required to be filed by February 28, 2009.  The Liquidating Trust further determined based on its review of the claimant's supporting documentation and the Debtors' Books and Records that the Virginia Claim was filed against ResCap when it should have been filed against Homecomings Financial, LLC.

12.     Accordingly, based upon these reviews, and for the reasons set forth in the Objection, I have determined that each Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 29, 2014

　　　　　　　　　　　　　　　　　　　 /s/ Deanna Horst
　　　　　　　　　　　　　　　　　　　Deanna Horst
　　　　　　　　　　　　　　　　　　　Chief Claims Officer for The ResCap
　　　　　　　　　　　　　　　　　　　Liquidating Trust

5