# Exhibit 2

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER GRANTING RESCAP LIQUIDATING TRUST' SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (MODIFIED CLAIMS)**

Upon the seventy-fourth omnibus objection to claims (the "<u>Objection</u>"),[1] of ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed plan filed in the above reference Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), modifying and allowing the Modified Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the Debtors' Seventy-Fourth Omnibus Claims Objection (Modified*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1153594

*Claims)*, annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Objection is granted to the extent provided herein; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 414 filed by Program Alliance LLC (the "Program Alliance Claim") is reclassified as a general unsecured claim against Debtor GMAC Mortgage, LLC ("GMACM") and allowed in the amount of $11,086.06; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 930 filed by Sierra Liquidity Fund, LLC – Assignee and Att-In-Fact for City Sprint-Assignor (the "Sierra Liquidity Claim") is redesignated and allowed as a general unsecured claim in the amount of $2,723.50 against GMACM and $3,075.79 against Residential Funding Company, LLC; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 3655 filed by Feiwell & Hannoy PC (the "Feiwell & Hannoy Claim") is redesignated and allowed as a general unsecured claim in the amount of $5,881.50 against GMACM; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 2482 filed by Hubbard Ruzicka Kreamer and Kincaid LC (the "First Hubbard Claim") is

2

ny-1153594

reduced to $4,668.00 and redesignated and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 1274 filed by McGlinchey Stafford PLLC (the "McGlinchey Claim") is reduced to $5,673.09 and redesignated and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 6428 filed by TW Telecom Inc. (the "TW Telecom Claim") is reduced to $18,928.80 and redesignated and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 2514 filed by Hubbard Ruzicka Kreamer and Kincaid LC (the "Second Hubbard Claim") is reduced to $4,975.20 and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 273 filed by the Commonwealth of Virginia Department of Taxation (the "Virginia Claim") is reclassified in its entirety as a general unsecured claim and redesignated and allowed in the amount of $35,325.55 against Homecomings Financial, LLC; and it is further

**ORDERED** that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

ny-1153594

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

**ORDERED** that this Order shall be a final order with respect to each of the Modified Claims as if each such Claim had been individually objected to; and it is further

**ORDERED** that the Liquidating Trust and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim not identified in this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

 

                                     THE HONORABLE MARTIN GLENN
                                     UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Modified Claims

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-FOURTH OMNIBUS OBJECTION - MODIFY - RECLASSIFY or REDESIGNATE, REDUCE, ALLOW (NON-BORROWER CLAIMS)

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Program Alliance LLC<br>c/o ICM Insurance Co.<br>1981 Marcus Ave, Suite C101<br>Lake Success, NY 11042 | 414 | 08/14/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>$2,600.00 Priority<br>$8,486.06 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$11,086.06 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reclass and Allow Claim: Reclass Priority to GUC and allow |
| 2 | FEIWELL & HANNOY PC<br>P.O. Box 7232,<br>Dept.167<br>INDIANAPOLIS, IN 46207-7232 | 3655 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$5,881.09 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$5,881.09 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Redesignate, and Allow Claim: Claim asserted against the wrong debtor entity. |
| 3 | Sierra Liquidity Fund, LLC-Assignee and Att-In-Fact for City Sprint-Assignor<br>Sierra Liquidity Fund, LLC<br>2699 White Rd # 255<br>Irvine, CA 92614 | 930 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$5,738.89 General Unsecured | Residential Funding Company, LLC | 12-12019 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,723.10 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Redesignate and Allow Claim: Redesignating $2,723.10 of the claim that was improperly asserted against Residential Funding when responsible debtor was GMACM. |
|  |  |  |  |  |  |  | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,015.79 General Unsecured | Residential Funding Company, LLC | 12-12019 | Allow Claim: Allowing $3,015.79 of the claim that was properly asserted against Residential Funding. |
| 4 | HUBBARD RUZICKA KREAMER and KINCAID LC<br>130 N Cherry<br>PO BOX 550<br>Olathe, KS 66051-0550 | 2482 | 11/06/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$5,475.05 General Unsecured | Residential Funding Company, LLC | 12-12019 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$4,668.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Redesignate, Reduce, and Allow Claim: Reduced claim due to (1) different invoice balances in the claim vs in books and records, (2) invoices paid and (3) total invoice amounts submitted do not equal claim amount. Claim asserted against the wrong debtor entity. |
| 5 | McGlinchey Stafford PLLC<br>601 Poydras Street<br>12th Floor<br>New Orleans, LA 70130 | 1274 | 10/12/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$6,830.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$5,673.09 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Redesignate, Reduce, and Allow Claim: Reduced claim due to different balances in the claim vs in books and records and invoices paid. Claim asserted against the wrong debtor entity. |
| 6 | TW Telecom Inc.<br>10475 Park Meadows Drive<br>Littleton, CO 80124 | 6428 | 01/14/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$23,908.35 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$18,928.80 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Redesignate, Reduce, and Allow Claim: Reduced claim due to different balances in the claim vs in books and records. Claim asserted against the wrong debtor entity. |
| 7 | HUBBARD RUZICKA KREAMER and KINCAID LC<br>130 N Cherry<br>PO BOX 550<br>Olathe, KS 66051-0550 | 2514 | 11/06/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$6,911.20 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$4,975.20 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduce and Allow Claim: Reduced claim due to (1) different balances in the claim vs in books and records, (2) post petition invoices, and (3) difference between claim amount and POC supporting documentation. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-FOURTH OMNIBUS OBJECTION - MODIFY - RECLASSIFY or REDESIGNATE, REDUCE, ALLOW (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Commonwealth of Virgina Department of Taxation P.O. Box 2156 Richmond, VA 23218-2156 | 273 | 07/09/2012 | Administrative Priority Administrative Secured Secured $28,368.50 Priority $6,957.05 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $35,325.55 General Unsecured | Homecomings Financial, LLC | 12-12042 | Redesignate, Reclassify, and Allow claim: Claim asserted against an incorrect debtor. The Priority portion of the claim ($28,368.80) should be classed as General Unsecured. Bankruptcy Code Section 507 defines claims that are entitled to Priority. 507(a)(8)(D) defines employment taxes that are entitled to Priority: "an employment tax on a wage, salary, or commission….earned from the debtor before the date of the filing of the petition, …. For which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition."  Since the subject VA withholding tax was required to be paid in 2008, this tax liability is outside the three year priority window (i.e. due prior to 5-12-09), and must therefore be reclassed from Priority to General Unsecured. |