KRAMER LEVIN NAFTALIS FRANKEL LLP
Kenneth Eckstein
Douglas Mannal
Joseph Shifer
1177 Avenue of the Americas
New York, New York 10036

*Counsel for the ResCap Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No   12-12020 MG |
| RESIDENTIAL CAPITAL LLC, et.al. | Chapter 11 |
| Debtors | Jointly Administered |

## AMENDED OBJECTION TO MOTION TO EXTEND THE
## DATE BY WHICH OBJECTIONS MUST BE FILED

COMES NOW William J Futrell, no. 725, by counsel, and files the *amended* objection in the instant matter.

1. Futrell incorporates by reference the content of the objection heretofore filed in the matter.

2. The debtor and/or any successor to the debtor have been involved in the process of addressing the issues in the Chapter 11 bankruptcy.

3. They have included the assistance of KCC, Deanna Horst, and others to assess and evaluate Residential Capital LLC, debtor, and the claims, whatever their designation by the debtor,

4. There were conclusions made regarding claims, including Futrell, no. 725, and categorized by the debtor.

5. There was an objection to the Futrell claim, a response filed by Futrell with the court, and the subsequent withdraw of the objection to the Futrell claim.

6. There was the matter of the *Mack Creditors*, the actions of the debtor with regard to their claim, pleadings filed by *Mack*, the submission to the Court, and the July 24, 2014, opinion of the Court in the matter.

7. There has been the ongoing process of the debtor to assess, review, and evaluate the claims before the Court in the instant matter, where May 14, 2012, is stated as the date of filing.

8. In the instant matter, the debtor has attached a Horst Declaration in support of the motion.

9. From the facts and information known to Futrell, the debtor and/or any successor has been in the position to make threshold determinations of claims that are inside and outside of their Chapter 11 bankruptcy, and claims accepted and/or rejected and submitted to the Court.

10. From the facts and information known to Futrell, the issue that is now before the Court is their resolution and/or the means by which the claims will be resolved. There was the submission and subsequent withdraw of the motion to estimate claims, where Futrell has (actual) damages and entitled to attorney fees.

11. The movant states that is permitted under Bankruptcy Rule 9006(b)(1), where "...the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the requests therefor is made before the expiration of the period originally prescribed..." (paragraph 14)

12. The motion goes on to state, "...since the Effective date, the Liquidating Trust, as well as the Borrower Claims Trust, has under taken a comprehensive review of the claims...", and going on to cite results. (paragraph 15)

13. The motion recites the process, and "...Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation..." (paragraph 18)

14. Futrell has been made aware of the debtor, Residential Capital LLC, Liquidating Trust, Borrowers Claims Trust, at minimum, where notwithstanding any right to an extension, presents the question whether the facts and information support the request for an extension.

Respectfully submitted,

*(signature)*

Thomas Margolis 10189-18
125 E Charles Street    Suite 214
Muncie IN 47305
Telephone 765-288-0600
*Counsel for William J Futrell, no. 725*

Served - USTrustee
Morrison & Foerster
Polsinelli
Kramer Levin, et al

US mail August 21, 2014