**Hearing Date: September 8, 2014 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT
OF ITS SEVENTIETH OMNIBUS CLAIMS OBJECTION TO
<u>CLAIMS (RES JUDICATA BORROWER CLAIMS)</u>**

ny-1156128

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to borrower claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") to the *Objection to be Disallowed and Expunged* [Docket No. 7371] (the "Response") interposed by Ramon Quiroz ("Respondent") to the *ResCap Borrower Claims Trust's Seventieth Omnibus Objection to Claims (Res Judicata Borrower Claims)* [Docket No. 7222] (the "Objection"). In support of the Reply, the Borrower Trust submits the Declaration of Lauren Graham Delehey, attached hereto as Exhibit 1 and in further support of the Objection, the Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Respondent, the Borrower Trust reserves the right to take discovery from the Respondent.

2. As will be demonstrated below, as a matter of law, the facts at hand warrant the application of res judicata to Respondent's Proof of Claim (as defined below). Respondent commenced a prepetition lawsuit against Debtors GMAC Mortgage, LLC ("GMACM") and Homecomings Financial, LLC ("Homecomings"). A final judgment on the merits was entered in the Debtors' favor in pending litigation before the Petition Date on issues raised in the Proof of Claim. Respondent appealed the final judgment to the U.S. Court of Appeals for the Second Circuit, which dismissed the case on April 14, 2014 because it lacked an

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1156128

arguable basis in law and fact. The Respondent has filed a writ of certiorari with the United States Supreme Court; however, this does not limit the preclusive effect of the final judgment in these Chapter 11 Cases. Since all elements of the doctrine of res judicata are satisfied under these circumstances – namely, the identity of parties, identity of cause of action, and entry of a final judgment on the merits – res judicata precludes the Respondent from asserting claims against the Debtors' estates that have already been litigated and resolved against Respondent. In his Response, the Respondent does not contest the application of this preclusionary doctrine to the allowance of the Proof of Claim.

3. For these reasons, along with those set forth herein, the elements of res judicata are satisfied and the doctrine precludes the Proof of Claim from being asserted in these Chapter 11 Cases.

**BACKGROUND**

4. The Debtors sent Request Letters to certain Borrowers, including the Respondent, requesting additional documentation in support of their claims.[2] See Supplemental Declaration ¶ 5. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.

---

[2] A Request Letter was sent to the Respondent on May 20, 2013.

5. The Debtors received from the Respondent a response to the Request Letter sent to him (the "Diligence Response"), a copy of which is attached to the Supplemental Declaration as Exhibit A.[3]  See Supplemental Declaration ¶ 6.  However, the Diligence Response failed to allege a basis for a claim against the Debtors' estates.  Further, as stated in the Objection, the Books and Records do not show any liability due and owing to the Respondent. See id.

A. **Respondent's Prepetition Litigation**

6. On or about June 1, 2010, Respondent filed a complaint (the "Complaint") in the Eastern District of New York, (the "District Court") against GMACM and Homecomings and non-Debtors U.S. Bank National Association as Trustee, New Century Mortgage Corp., and Steven J Baum, P.C., styled *Quiroz et al v. U.S. Bank National Association et al*, Case No. 10-cv-02485 (the "Quiroz Action"). See Complaint, attached to the Supplemental Declaration as Exhibit B.  The Complaint contained various causes of action, including violations of the Truth in Lending Act and securities fraud. The Debtors filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 2, 2010.  See Quiroz Docket, attached to the Supplemental Declaration as Exhibit C.

7. The court referred the motions to Magistrate Judge Joan M. Azrack, who issued a Report and Recommendation on May 16, 2011 recommending that the Debtors' motion to dismiss be granted (the "Report and Recommendation").  See Report and Recommendation, attached to the Supplemental Declaration as Exhibit D.  The District Court largely adopted the Report and Recommendation on August 8, 2011 and dismissed the Complaint with prejudice (the

---

[3] The Debtors received a Diligence Response from the Respondent on June 20, 2013.

"District Court Order"). See District Court Order, attached to the Supplemental Declaration as Exhibit E.

8. On September 8, 2011, the Respondent appealed the District Court Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit"), filed as Case No. 11-3663. See Quiroz Docket. On May 21, 2012, a Notice of Bankruptcy was filed in that case. See Second Circuit Docket, attached to the Supplemental Declaration as Exhibit F.

9. On June 10, 2013, Respondent filed a motion for relief from the automatic stay to proceed with the Second Circuit appeal. On September 13, 2013, this Court granted the Respondent's motion to lift the stay in order to proceed with the appeal in its *Order Granting Motion to Lift the Stay filed by Ramon Quiroz* [Docket No. 5039] (the "Stay Relief Order"). The Stay Relief Order provided relief limited for the "purpose of allowing the appeal to be adjudicated." See id.

10. On April 14, 2014, the Second Circuit dismissed the appeal [Second Circuit, ECF No. 215] because "it lacks an arguable basis in law or fact." See Second Circuit Order, attached to the Supplemental Declaration as Exhibit G.

11. On August 15, 2014, the Respondent filed a petition for a *writ of certiorari* with the United States Supreme Court [Circuit Court ECF No. 218].[4] See Second Circuit Docket.

---

[4] The *writ of certiorari* was filed in violation of the automatic stay. As noted, the Stay Relief Order was limited to the Second Circuit appeal. Counsel to the ResCap Liquidating Trust advised Mr. Quiroz of this violation in a letter, dated August 14, 2014, a copy of which is attached to the Supplemental Declaration as Exhibit H. Mr. Quiroz responded to the August 14, 2014 letter by a letter dated August 19, 2014 contesting the violation. A copy is attached to the Supplemental Declaration as Exhibit J.

4

ny-1156128

### B. Respondent's Proof of Claim

12. On or about November 8, 2012, Respondent filed a proof of claim against GMACM and Homecomings, designated as Claim No. 4413 (the "Proof of Claim" or the "Claim") asserting a general unsecured claim in the amount of $522,000.00.[5] See Proof of Claim, attached to the Supplemental Declaration as Exhibit I. The Respondent does not list a basis for his claim in box 2 of the Proof of Claim, however attached to the Proof of Claim is the same exhibits that were attached to the Complaint. Additionally, in the Diligence Response, the Respondent references an April 25, 2013 Second Circuit Opinion, which construed the Respondent's motion for summary judgment as a motion for summary reversal of the district court's order. See Diligence Response.

13. On July 2, 2014, the Borrower Trust filed the Objection, objecting to certain borrower claims, including those filed by Respondent, on the basis that such claims were barred by the doctrine of res judicata.

14. On or about July 30, 2014, the Respondent filed the Response. In the Response, the Respondent restates the allegations in the Complaint, namely that the Defendants issued false documents in the foreclosure and that the foreclosure initiated by the Debtors caused the death of his wife. The Respondent does not address or deny the basis of the Objection – i.e., that the Proof of Claim is barred by the doctrine of res judicata.

### ARGUMENT

15. When a prior action is decided based on federal question jurisdiction federal law is used to determine its res judicata effect. Carlin v. Gold Hawk Joint Venture, 778

---

[5] The Proof of Claim lists $72,000.00 plus interest as the amount of the claim as of the date filed, but lists $522,000 in the amount of the claim that is unsecured and $72,000 entitled to priority as a domestic support obligation. The Claim is listed as a $522,000 unsecured claim on the Claim Register.

5

ny-1156128

F. Supp. 686, 690 (S.D.N.Y. 1991). Here, the jurisdiction of the District Court was based on federal question jurisdiction.[6]

16. Under federal law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . [A] party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 284-85 (2d Cir. 2000) (stating the federal rule) (internal citations omitted). When determining whether there is an identity of claims, courts look to see "whether the same transaction or connected series of transactions is at issue. Transaction must be given a flexible, common sense construction that recognizes the reality of the situation." (internal citations omitted). See id at 289.

17. In addition, under federal law, a judgment entered by a trial court is "final" for purposes of res judicata, even where an appeal is pending from the lower court's judgment. Coleco Indus., Inc. v. Univ. City Studios, Inc., 637 F. Supp. 148, 149 (S.D.N.Y. 1986) ("The mere pendency of an appeal does not affect the collateral estoppel or res judicata effect of the judgment. . ."); see also Robinson v. Allstate, 706 F. Supp. 2d 320, 325-26 (W.D.N.Y. 2010); Washington v. State Street Bank & Trust Co., 14 Fed. Appx. 12, 16 (1st Cir. 2001) ("A federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal.")

---

[6] In the Complaint, the Respondent alleges that the Debtors' actions related to his mortgage caused him "serious physical and psychological damage." See Complaint at p. 3. The magistrate judge construed this allegation as a claim for negligence. While the District Court dismissed the negligence claim for lack of subject matter jurisdiction, that claim, along with the other claims asserted by the Respondent, arises from the Respondent's mortgage transaction with the Debtors, as the Respondent states in the Complaint. As a result, the negligence claim is similarly barred by the doctrine of res judicata.

18. In looking at the (1) identity of parties, (2) identity of the cause of action, and (3) existence of a prior final judgment on the merits as such relate to the Complaint and the Proof of Claim, each element of res judicata has been satisfied. With respect to the first element, the Respondent, GMACM, and Homecomings were all parties in the District Court Action. Mr. Quiroz makes no allegations to the contrary. Therefore, since the parties, are identical, the first element is met.

19. Looking to the second element of res judicata, Respondent is attempting to assert the same claims and raise the same issues against the Debtors' estates in the Chapter 11 Cases. Mr. Quiroz, while not stating a basis for his Proof of Claim, attached the exact same exhibits to the Proof of Claim that were attached to the Complaint, and referenced the Quiroz Action in the Response and in the Diligence Response. Mr. Quiroz does not dispute this characterization of the Proof of Claim. As a result, the second element is met.

20. As to the third element of res judicata, the District Court Order was a final judgment on the merits against the Respondent. There is no dispute that on August 5, 2010, the Eastern District of New York entered a final judgment dismissing the Quiroz Action with prejudice. There is also no dispute that on April 14, 2014, the Second Circuit issued an opinion dismissing the appeal. While Mr. Quiroz, in contravention of the automatic stay, has filed a writ of certiorari with the Supreme Court of the United States, this does not render the District Court Order any less final under federal law. See Coleco Indus., 637 F. Supp. at 150 ("The mere pendency of an appeal does not affect the collateral estoppel or res judicata effect of the judgment. . ."). As a result, the third element of res judicata is also met.

21. For these reasons, the principle of res judicata applies to the Claim, and the relief sought in the Objection should be granted with respect to Respondent.

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted and the Proof of Claim expunged in its entirety.

| | |
|---|---|
| Dated: September 4, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |