# **Exhibit 1**

**Delehey Declaration**

ny-1156128

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF
THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA CLAIMS) AS
TO CLAIM NO. 4413 FILED BY RAMON QUIROZ**

I, Lauren Graham Delehey, hereby declare as follows:

1. I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Litigation Counsel in the legal department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I joined ResCap on August 1, 2011 as in-house litigation counsel.

2. In my role as Litigation Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court. In my current position as Chief Litigation Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and

ny-1156601

the Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Reply in Support of Its Seventieth Omnibus Objection to Claims (Res Judicata Borrower Claims) as to Claim 4413 filed by Ramon Quiroz* (the "Reply").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents, litigation files, and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4. In my current and former capacities as Chief Litigation Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim forms and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

ny-1156601

reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

        5.      The Debtors sent Request Letters to certain Borrowers, including the Respondent, requesting additional documentation in support of their claims. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. A Request Letter was sent to the Claimant on May 20, 2013. The Debtors received a response to the Request Letter from the Respondent (the "Diligence Response") on June 20, 2013, a copy of which is attached hereto as Exhibit A. However, the Diligence Response failed to allege a basis for a claim against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to the Respondents.

        6.      On or about November 8, 2012, Respondent filed a proof of claim against GMACM and Homecomings, designated as Claim No. 4413 (the "Proof of Claim" or the

ny-1156601

"Claim") asserting a general unsecured claim in the amount of $522,000.00.[3]  See Proof of Claim, attached hereto as Exhibit I.

       7.     I reviewed the history of litigation between the Debtors and the Claimant, reflected in the Books and Records, and on or about June 1, 2010, Respondent filed a complaint (the "Complaint") in the Eastern District of New York, (the "District Court") against GMACM and Homecomings and non-Debtors U.S. Bank National Association as Trustee, New Century Mortgage Corp., and Steven J Baum, P.C., styled *Quiroz et al v. U.S. Bank National Association et al*, Case No. 10-cv-02485 (the "Quiroz Action").  See Complaint, attached hereto as Exhibit B. The Debtors filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 2, 2010.  See Quiroz Docket, attached hereto as Exhibit C.

       8.     The court referred the motions to Magistrate Judge Joan M. Azrack, who issued a Report and Recommendation on May 16, 2011 recommending that the Debtors' motion to dismiss be granted (the "Report and Recommendation").  See Report and Recommendation, attached hereto as Exhibit D.  The District Court adopted the Report and Recommendation on August 8, 2011 and dismissed the Complaint with Prejudice (the "District Court Order").  See District Court Order, attached hereto as Exhibit E.

       9.     On September 8, 2011 the Respondent appealed the District Court Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit"), filed as Case No. 11-3663. See Quiroz Docket.  On May 21, 2012, a Notice of Bankruptcy was filed in that case.  See Second Circuit Docket, attached hereto as Exhibit F.

---

[3] The Proof of Claim lists $72,000.00 plus interest as the amount of the claim as of the date filed, but lists $522,000 in the amount of the claim that is unsecured and $72,000 entitled to priority as a domestic support obligation.  The Claim is listed as a $522,000 unsecured claim on the Claim Register.

ny-1156601

10. On April 14, 2014, the Second Circuit dismissed the appeal [Second Circuit, ECF No. 215] because "it lacks an arguable basis in law or fact." See Second Circuit Order, attached hereto as Exhibit G

11. On August 15, 2014, the Respondent filed a petition for a *writ of certiorari* with the United States Supreme Court [Circuit Court ECF No. 218]. See Second Circuit Docket. The Liquidating Trust determined that Mr. Quiroz filed the writ of certiorari in violation of the automatic stay. While the Stay Relief Order allowed Mr. Quiroz to continue his appeal in the Second Circuit, it was limited to the appeal and did not grant leave to also file a *writ of certiorari*, for which Mr. Quiroz was required to receive further relief from the stay. Consequently the Liquidating Trust informed Mr. Quiroz of this violation in a letter, dated August 14, 2014 and a copy of which is attached hereto as Exhibit H, pursuant to which a demand was made to withdraw the petition. The Respondent replied to the August 14, 2014 letter by a letter dated August 19, 2014 by which he contested the violation. A copy is attached hereto as Exhibit J.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 4, 2014

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for ResCap Liquidating Trust

ny-1156601