# **Exhibit G**

## **Second Circuit Order**

# MANDATE

E.D.N.Y.- Bklyn
10-cv-2485
Matsumoto, J.
Azrack, M.J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fourteen.

Present:
    Amalya L. Kearse,
    Ralph K. Winter,
    Richard C. Wesley,
        *Circuit Judges*.

Ramon Quiroz, *et al.*,

        *Plaintiffs-Appellants*,
v.                                                                                      11-3663

U.S. Bank National Association, as Trustee, *et al.*,

        *Defendants-Appellees*.

In April 2013, a prior motions panel of this Court construed *pro se* Appellant Ramon Quiroz's March 2013 motion for "summary judgment" as a motion for summary reversal of the district court's judgment, and deferred consideration on that construed motion pending the lifting or termination of the automatic stay imposed upon the filing of a Chapter 11 bankruptcy petition by Appellees Homecomings Financial and GMAC Mortgages. *See* U.S.C.A. Dkt. No. 11-3663, doc. 139 (Motion Order). The Court also ordered Appellants to provide, within 30 days of the date that the automatic stay was lifted or modified, additional information concerning who was properly an Appellant. *See id.*

In October 2013, after the automatic stay was modified so that the present appeal could proceed, Appellant Ramon Quiroz, *pro se*, filed a motion for "summary judgment reversal" which appears intended as a response to this Court's April 2013 order. In February 2014, Appellant Ramon Ortiz, *pro se*, filed a motion for an "order to show cause."

SAO-MEM

**MANDATE ISSUED ON 04/14/2014**

Upon due consideration, it is hereby ORDERED that: (1) Appellant Jessica Angel Quiroz is DISMISSED as a party to the appeal because she did not sign the notice of appeal and was not a minor when the notice was filed, *see* Fed. R. App. P. 3(c)(2); *Becker v. Montgomery*, 532 U.S. 757, 766-67 (2001), and Appellant Ramon Quiroz cannot represent her on appeal under a power of attorney, *see* 28 U.S.C. § 1654; *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009); (2) the motion for "summary judgment reversal" appears to be intended in part as a motion for substitution under Rule 43(a), and the motion is DENIED as so construed, *see Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); (3) the previously-deferred motion for summary reversal and the motion for an "order to show cause" are DENIED because Appellant Ramon Quiroz has failed to demonstrate that such relief is appropriate; and (4) the appeal is DISMISSED because it lacks an arguable basis in law or fact, *see Pillay v. INS,* 45 F.3d 14, 17 (2d Cir. 1995) (finding that this Court has "inherent authority" to dismiss an appeal that lacks an arguable basis in law or fact); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining when an appeal lacks an arguable basis in law or fact).

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2