# UNITED STATES BANKRUPTCY COURT-SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| RESIDENTIAL CAPITAL LLC, et al | Case No. 12020- [ALG] |
| | and 12-12032 |
| | Jointly Administered] |

## PATRICK FARRELL'S NOTICE OF NEW YORK JUDICIAL ORDERS ON THE SUBJECT AT HAND-STANDING TO SUE-IN SUPPORT OF HIS ARGUMENT OF GMAC LACK OF STANDING TO SUE OR PROCURE SUMMARY JUDGMENT

**I Patrick Farrell has stated for years that GMAC and WFBNA never had standing to file foreclosure suit 07-CA-16767 because when filed on DEC 7,2007, they did not have a note mortgage or assignment, and even in 2014 they never claimed to be the OWNER, only holder, and not Holder in Due Course, as required by law. All courts are currently denying summary judgments OR overturning, reversing and remanding incorrect summary judgments, here in Fl. and in New York [NOTICE DATES-BOTH SINCE WE TALKED]**

### IN THE DISTRICT COURT OF APPEAL OF FLORIDA-SECOND DISTRICT

Opinion filed August 27, 2014.

CORNELIUS J. DEVER and ) ASSUNTA A. DEVER, )Appellants, )

v. ) Case No. 2D13-5830

WELLS FARGO BANK NA AS )SUCCESSOR BY MERGER TO WACHOVIA BANK NATIONAL )ASSOCIATION; FIFTH THIRD )MORTGAGE COMPANY; and RBC )BANK Appellees. )

Appeal from the Circuit Court for LeeCounty; Sherra Winesett, Judge.[SAME AS MY CASE] KHOUZAM, Judge.

This appeal arises from a dispute over the disbursement of surplus proceeds from a foreclosure sale. Cornelius and Assunta Dever (the record property owners) as well as Wells Fargo Bank (the holder of an unsatisfied mortgage) claimed that they were entitled to the surplus proceeds. The circuit court ordered the surplus to be disbursed to Wells Fargo, and the Devers appealed.

**We reverse and remand for the circuit court to order the surplus disbursed to the Devers.**
Reversed and remanded with directions.

WALLACE, J., and DAKAN, STEPHEN L., ASSOCIATE SENIOR JUDGE, Concur.



RECEIVED
SEP - 2 2014
U.S. BANKRUPTCY COURT, SDNY

1

Decided on August 27, 2014 SUPREME COURT OF THE STATE OF NEW YORK

Appellate Division, Second Judicial Department-WILLIAM F. MASTRO, J.P.

MARK C. DILLON-ROBERT J. MILLER-JOSEPH J. MALTESE, JJ.-2013-01081

(Index No. 9436/09)

HSBC Bank USA, National Association, etc., respondent,

v

Arlene Gilbert, et al., appellants, et al., defendants.

Amed Marzano & Sediva, PLLC, New York, N.Y. (Alexander Sediva and Naved Amed of counsel), for appellants. Friedman Harfenist Kraut & Perlstein, LLP, Lake Success, N.Y. (Andrew Lang of counsel), for respondent.

## DECISION & ORDER

In an action to foreclose a mortgage, the defendants Arlene Gilbert and James Coffey appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated November 30, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants is denied.

On or about May 14, 2005, the defendant Arlene Gilbert executed a note to borrow the sum of $227,500 from Homebridge Mortgage Bankers Corp. The note was secured by a mortgage executed by Gilbert and the defendant James Coffey (hereinafter together the appellants). The mortgage was subsequently assigned to the plaintiff and, when the appellants defaulted, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that it was the owner and holder of the note and the mortgage. The appellants asserted the plaintiff's lack of standing as an affirmative defense. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants, and the Supreme Court granted that branch of the motion.

In a mortgage foreclosure action, where the plaintiff's **standing** to commence the action is placed in issue by the defendant, the plaintiff must prove standing to be entitled to relief (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752). The

2

plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note (_see Bank of N.Y. Mellon v Gales_, 116 AD3d 723; _Deutsche Bank Natl. Trust Co. v Haller_, 100 AD3d 680; _Bank of N.Y. v Silverberg_, 86 AD3d 274). Written assignment of the underlying note or physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation (_see Bank of N.Y. Mellon v Gales_, 116 AD3d 723; _Deutsche Bank Natl. Trust Co. v Haller_, 100 AD3d 680; _U.S. Bank, N.A. v [*2]Collymore_, 68 AD3d 752). Once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (_see Bank of N.Y. v Silverberg_, 86 AD3d 274; _Mortgage Elec. Registration Sys., Inc. v Coakley_, 41 AD3d 674). **However, the assignment of a mortgage without assignment of the underlying debt is a nullity, and no interest is acquired by it (_see Bank of N.Y. Mellon v Gales_, 116 AD3d 723; _HSBC Bank USA v Hernandez_, 92 AD3d 843; _Bank of N.Y. v Silverberg_, 86 AD3d 274).**

Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, because it did not eliminate triable issues of fact regarding whether it had standing as the lawful holder or assignee of the subject note on the date it commenced the action (_see Bank of N.Y. Mellon v Gales_, 116 AD3d 723; _HSBC Bank USA v Hernandez_, 92 AD3d 843; _U.S. Bank, N.A. v Collymore_, 68 AD3d 752).

Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants.

MASTRO, J.P., DILLON, MILLER and MALTESE, JJ., concur. Decided on **August 26, 2014**

---

### Decided on August 26, 2014-Supreme Court, Putnam County

**U.S. Bank National Association AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MARCH 1, 2006 ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC-2006- HE2 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2006-HE2, Plaintiff, VS. Lisa Ann Pia AND XAVIER F. PIA, Defendants.**

…The gravamen of Defendants' allegations are that Plaintiff and Third-Party Defendants **violated the Truth-in-Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and various state laws** including General Business Law ("GBL") §349. They

sought, *inter alia*, rescission of the loan and damages. In May 2009, Defendants moved for partial summary judgment, and Plaintiff moved for summary judgment on the foreclosure action and dismissal of Defendants' counterclaims. The motions were denied by Decision and Order dated May 15, 2009 as the Court (O'Rourke, J.) observed, "There are many issues which must be determined and cannot be resolved by summary judgment." The issues were heard in a "framed-issue" hearing before the Hon. Francis A. Nicolai in March 2011.

**The Court, by Order entered October 19, 2011 (Nicolai, J.), determined that Defendants were entitled to rescission of the instant mortgage and to attorney's fees and costs, pursuant to the Truth in Lending Act.** A Referee was appointed to determine the specific amounts to be paid to affect rescission of the loan. *United States Bank Nat'l Assn v. Pia*, 2011 NY Misc. LEXIS 4962 (N.Y.Sup. Ct. Oct. 7, 2011). Justice Nicolai's Decision was affirmed by the Appellate Division. *U.S.Bank, N.A. v Pia*, 106 AD3d 991 (2d Dept. 2013), and leave to appeal was denied by the Court of Appeals. 21 NY3d 1071 (2013)................

**First**, no appeal was taken from the Order, nor was any motion made to reargue it.

**Second**, Plaintiff assumed certain risks when it **acquired the loan**, and it cannot evade or avoid the risks by attempting to insulate itself from liability at Defendants' expense.

**Third**, the claim made by present counsel, that former counsel "dropped the ball" (Cercone, oral argument, pp. 23), is not a basis for relief. Fourth, TILA violations are subject to equitable remedies, and it cannot be said the equitable remedy here was "unlawful". *Berkely Federal Bank and Trust, FSB, v. Siegel*, 247 AD2d, *supra* at 499; 15 U.S.C. §1635(b). Fifth, Plaintiff has failed to comply with, or appeal from, three separate Orders and a Judgment of this Court. Sixth, Plaintiff's late submission of a March 20, 2014 letter from Ocwen Loan Servicing to Credit Suisse (Didone Affidavit, July 17, 2014, Exhibit B) contains an acknowledgment that "Repurchase is required under Section 2.03(a) due to a breach of the warranties made by the Seller that render Loan 70651414 to borrower Lisa Ann Pia unenforceable". The letter also contains the acknowledgment "there is some case law precedent for this [remedy] procedure which ultimately is an equitable remedy" . Plaintiff cannot escape responsibility for the loan it acquired. Public policy neither provides for shifting the burden of Plaintiff's violation of TILA to Defendants, nor does it allow for Plaintiff to claim it is somehow insulated or protected from the obligation to correct the violation they acquired.

4

**Under these circumstances, contempt is not only an appropriate remedy, but also a necessary one**. Should Plaintiff fail to fully comply with the Information Subpoena and Restraining Notice within thirty (30) days of service of this Decision and Order with Notice of Entry, Defendants may apply to this Court for further relief. In the interim, Defendants may pursue any and all enforcement and contempt remedies they deem appropriate, including additional attorney's fees. Further, Plaintiff shall pay all attorney's fees which have been reduced to Judgment entered on January 6, 2014, with interest thereon, and shall pay a statutory fine of $250.00. The foregoing constitutes the Decision and Order of the Court.

**WHEREFORE**, From Fl. to New York all intelligent Judges agree, bank are to be denied in any and all claims in foreclosures, and Farrell should be awarded relief by Granting his Claims.

## CERTIFICATE OF SERVICE

- Honorable Martin Glenn, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, NewYork 10004-1408;

- Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014

- MORRISON & FOERSTER LLP-250 West 55th St.-New York, New York 10019 Norman S. Rosenbaum-Jordan A. Wishnew- Meryl L. Rothchild

- BRADLEY ARANT BOULT CUMMINGS, LLP-1615 L Street, NW, Suite 1350 Washington, DC 20036-Christian Hancock-Monica Wilson

**WITHOUT PREJUDICE/U.C.C.-1-308**

**Patrick Lorne Farrell as Trustee for the**

**PATRICK FARRELL IRREVOKABLE LIVING TRUST**

**in Propria Persona-Attorney In Fact-Sovereign-Secured Party Creditor**

**signed "without the united states" and without prejudice/UCC 1-308**

**UCC-1 Filing # 2007-356-2344-8 [12/22/07]-Wash. St.**

**2904 NW14th Terrace-Cape Coral, Florida-[33993-9998]-D.M.S.R. SEC.112.32**

**AUGUST 26,2014**