UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al*.<br><br>                                    Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER GRANTING IN PART AND DENYING IN PART RESCAP BORROWER CLAIMS TRUST'S MOTIONS IN LIMINE TO EXCLUDE CERTAIN EXPERT EVIDENCE FROM CONTESTED EVIDENTIARY HEARING CONCERNING CLAIMS OF FRANK AND CHRISTINA REED**

The ResCap Borrowers Claims Trust (the "Trust") has filed three motions in limine to exclude expert testimony proposed to be offered by Frank and Christina Reed during the evidentiary hearing scheduled for September 15–16, 2014 regarding the Reeds' claims. The motions relate to three proposed experts for the Reeds. (*See* ECF Doc. ## 7459 (Expert Testimony of Louise Carter), 7460 (Expert Testimony of Christy Zoltun Donati), and 7461 (Expert Testimony of Evan Hendricks).) The Trust filed the motions on August 29, 2014; the Reeds' responses were due on September 5, 2014, but the Reeds failed to timely respond to the three motions. With the consent of the Trust and the Court, the Reeds' time to respond was extended to 9:00 a.m., Monday, September 8, 2014. Mr. Reed forwarded emails to chambers on Monday morning before the deadline with copies of his responses to the three motions. The Court has considered the motions and the responses. This Order rules on the issues raised in all three motions.

In considering all three motions, it is important to keep in mind this Court's prior rulings with respect to the Reeds' claims, the issues remaining for decision, and the permissible scope of the evidentiary hearing. *See Order Sustaining in Part and Overruling Without Prejudice in Part the ResCap Borrowers Trust's Objection to the Reed Claims and Setting Evidentiary Hearing*

(ECF Doc. # 7246, dated July 11, 2014); *Order Establishing Procedures for Trial of Contested Matter Concerning Claims of Frank and Christina Reed* (ECF Doc. # 7282, dated July 22, 2014); *Order Concerning Contested Matter for Claims of Frank and Christina Reed* (ECF Doc. # 7314, dated July 29, 2014); and *Order Precluding Claimants from Introducing Testimony of Christina Reed at Evidentiary Hearing* (ECF Doc. # 7387, dated August 14, 2014) (barring Mrs. Reed from testifying at the evidentiary hearing because she failed to appear for her deposition).

With respect to the permissible scope of evidence and witness testimony permitted at trial, the July 29, 2014 Order provided, in part, as follows:

> Witness testimony will only be permitted regarding the one specific property owned by the Reeds that was the subject of the New Jersey foreclosure action and any damages the Reeds suffered directly relating to the alleged wrongful foreclosure—the Reeds may not recover damages relating to any other properties or lost business opportunities that the Reeds assert they lost because of the foreclosure action. The Court concludes as a matter of law that such other damages, if any, are speculative and not foreseeable, and are not recoverable on the Reeds' surviving claims.

(ECF Doc. # 7314, at 1–2.) The July 29, 2014 Order was entered following a telephone hearing with the parties on July 28, 2014, during which the Court addressed and resolved a number of issues raised by the parties. (*See* ECF Doc. # 7320 (Transcript of telephone hearing held on July 28, 2014).)

With respect to the permitted scope of the evidence and issues for trial, the Court has made clear that the Reeds may only seek to recover damages relating to the one specific New Jersey property that the Reeds contend was the subject of a wrongful foreclosure action by the Debtors, located at 817 Matalak Drive, Moorestown, New Jersey (the "Property")—"the Reeds may not recover damages relating to any other properties or lost business opportunities that the Reeds assert they lost because of the foreclosure action." (ECF Doc. # 7314, at 1.)

Many of the issues raised by the Trust cannot be resolved by motions in limine; the Court will need to hear the proposed testimony to rule. This Order will, however, provide rulings on some issues and parameters for the testimony at trial. Any issues raised by the motions and not addressed in this Order are reserved for trial.

1. The three motions in limine seek to exclude the expert testimony of the three identified experts—Carter, Donati and Henricks. Expert reports have been provided by the three proposed experts, and the motions attach copies of the reports. The Court's review of the reports makes clear that the *reports* would not be admissible at trial over the objection of the Trust— they are filled with impermissible hearsay; they stray into areas beyond the witnesses' apparent expertise; the Hendrick's report addresses alleged damages the Court has already foreclosed ("damages relating to any other properties or lost business opportunities that the Reeds assert they lost because of the foreclosure action"); and they contain faulty analysis and unsupported conclusions. But the issue here is whether the *testimony* of the three witnesses is admissible on *any* of the matters covered in the reports—on that score the Court concludes that all three witnesses may testify on at least some of the matters covered by the reports.

2. The Trust challenges the experts' qualifications. The Court concludes that, with the exception of one specific area identified below (*see* ¶ 5), the Trust's objection goes to the weight to be accorded to the expert's testimony on the issues on which the witnesses are permitted to testify. The Court cannot exclude their testimony in its entirety as a matter of law because of the qualifications of the individuals.

3. Because the Reeds have failed to produce any credit reports reflecting an adverse impact on the Reeds' credit from the alleged wrongful foreclosure, despite the Trust's timely

3

request that such items be produced, neither Mr. Reed nor any of the experts may testify about the effect of credit reporting with respect to the Reeds.

4. Expert testimony about any alleged damages resulting from the Reeds' failed efforts to refinance the mortgage on the property will only be permitted if competent evidence is offered and admitted in evidence related to the failed efforts. Assuming a proper foundation, further limitations on such testimony may be appropriate but must await hearing testimony and specific questions at trial.

5. None of the experts will be permitted to testify about non-economic damages to the Reeds for the stress, humiliation, mental anguish and frustration as a result of GMACM's efforts to foreclose on the Property. The three experts are not qualified to testify on such issues. Mr. Reed is permitted to testify on these issues concerning him but not relating to his wife (who will not be permitted to testify).

6. Ms. Donati will be permitted to testify about New Jersey foreclosure custom, practice and procedures, with reference to applicable statutes and rules, but she will not be permitted to offer opinion testimony whether any of the Debtors violated applicable statutes and rules.

7. Expert testimony will be permitted, assuming a proper foundation, for the alleged economic damages suffered by the Reeds as a result of the alleged diminution in the value of the Property as a result of wrongful foreclosure.

**IT IS SO ORDERED.**

Dated:    September 8, 2014
          New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge