**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS)**

Upon the seventieth omnibus objection to claims, dated July 2, 2014 (the "Objection," ECF Doc. # 7222)[1] of The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order," ECF Doc. # 3294), disallowing and expunging the Res Judicata Borrower Claims on the basis that such claims are invalid under principles of res judicata, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

consideration of the Objection and the Declaration of Lauren Graham Delehey and the Declaration of Norman S. Rosenbaum, annexed to the Objection as Exhibit 2 and Exhibit 3, respectively; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, the Debtors' creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "Res Judicata Borrower Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Res Judicata Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Trust's and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Res Judicata Borrower Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such Res Judicata Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: September 8, 2014
      New York, New York

                                                 **/s/Martin Glenn**
                                                 MARTIN GLENN
                                      United States Bankruptcy Judge

**<u>Exhibit A</u>**

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| KEITH G. TATARELLI, P.C. MARY PHELAN V TWIN LAKES HOMEOWNERS ASSOC CONDOMINIMUM (OBLIGATOR), ORLANS & ASSOCIATES, GMAC MRTG, LLC, MRTG ELECTRONI ET AL<br><br>1800 Crooks Road, Suite C<br>Troy, MI 48084<br><br>Claim No. 873<br><br>Filed 10/01/2012 | $450,000.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Debtor GMAC Mortgage, LLC originated the loan on March 15, 2007. Debtor subsequently sold its interest in the loan to Federal Home Loan Mortgage Company ("Freddie Mac") on or about April 25, 2007. Debtor GMAC Mortgage serviced the loan from March 15, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant filed litigation against Debtors and others in Oakland County Circuit Court in Michigan on October 18, 2011. On November 17, 2011, Debtors removed the action to the Eastern District of Michigan, Case No. 5-11CV15103. The court dismissed the matter with prejudice as to non-Debtors on July 20, 2012 pursuant to *Order Resolving Dispositive Motions and All Remaining Claims*, a copy of which is annexed to the objection as Exhibit 5-2 (Debtor was originally a moving party to that motion to dismiss, but the case was stayed as to Debtor). Claimant then filed a Motion to Reopen and to file an amended complaint as to GMAC Mortgage and a Motion for Relief from Judgment as to Freddie Mac on May 20, 2013. The court denied all motions on August 7, 2013. Freddie Mac filed an eviction action in state court for possession, which Claimant appeared at and presented the same defenses as in this litigation. State court rejected those arguments and entered an order of possession. Claimant appealed, which was dismissed because no brief was filed.<br><br>Claimant wrote "wrongful foreclosure" in box 2 of the proof of claim ("basis for claim"). This is the same as the basis of the complaint filed against the Debtors and non-Debtor defendants in the litigation.<br><br>GMAC Mortgage is in privity with defendant MERS for purposes of res judicata because the original mortgage lists MERS as acting as nominee for GMAC Mortgage.<br><br>GMAC Mortgage is in privity with Freddie Mac for purposes of res judicata because GMAC Mortgage transferred its interest in the loan at issue to Freddie Mac in 2007. | 5-11CV15103 | Eastern District of Michigan |
| Erick Aguilar Ruiz v. Nationstar Mortgage, LLC, GMAC Mortgage, LLC & Subsidiaries<br><br>PO Box 49144<br>Greensboro, NC 27419<br><br>Claim No. 3815<br><br>Date Filed: 11/09/2012 | $100,000.00 General Unsecured | Residential Capital, LLC 12-12020 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor; Wrong Debtor | Debtor GMAC Mortgage LLC serviced the loan from July 11, 2002 until servicing transferred to Nationstar Mortgage on February 1, 2008. Flick Mortgage Investors, Inc. originated the loan on June 18, 2002.<br><br>Claimant filed litigation against Debtors and others in the USDC Middle District of NC, Case No. 1-12CV272 related to a foreclosure by Nationstar. Debtor filed a Motion to Dismiss on May 8, 2012. On August 26, 2013, the Magistrate Judge recommended that the case be dismissed as to the non-Debtors pursuant to the *Memorandum Opinion and Recommendations of Unite States Magistrate Judge*, a copy of which is annexed to the objection as Exhibit 5-3. The district court signed the order dismissing the case as to non-Debtors on September 25, 2013 pursuant to the *Judgment*, a copy of which is annexed to the objection as Exhibit 5-4. The Claimant appealed the district court decision, and the court of appeals affirmed the judgment of the district court on February 25, 2014 pursuant to a per curiam opinion, a copy of which is annexed to the Objection as Exhibit 5-5. | 1-12CV272 | USDC Middle District of North Carolina |

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| | | | | The proof of claim and response received from the Claimant with regard to the Request Letter sent by the Debtors states that the Claimant is entitled to a claim for the entire amount he paid on his mortgage because the Debtors have no claim to the property that secured the mortgage. This is identical to the allegations made in the complaint in the referenced litigation, which stated that the Debtor had no claim to the property and therefore wrongfully foreclosed.<br><br>The magistrate judge dismissed the complaint against the non-Debtor co-defendants for failure to state a cause of action under FRCP Rule 12(b)(6). The district court noted that the complaint did not particularize claims against the different co-defendants, and as a result decided the claims against all the non-Debtor defendants as a group.<br><br>Additionally, while the claim was filed against Residential Capital, LLC, the litigation was against GMAC Mortgage. As a result, the claim was filed against the wrong debtor.<br><br>GMAC Mortgage is in privity with defendant Nationstar for purposes of res judicata because Nationstar took over servicing of the loan at issue from GMAC Mortgage. | | |
| Erick A. Ruiz v. Nationstar Mortgage, LLC & GMAC Mortgage, LLC & SubsidiariesPO Box 49144 Greensboro, NC 27419<br><br>Claim No. 2573<br><br>Filed: 11/06/2012 | $51,300.00 Secured<br><br>$32,550.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Debtor GMAC Mortgage LLC serviced the loan from July 11, 2002 until servicing transferred to Nationstar Mortgage on February 1, 2008. Flick Mortgage Investors, Inc. originated the loan on June 18, 2002.<br><br>Claimant filed litigation against Debtors and others in the USDC Middle District of NC, Case No. 1-12CV272 related to a foreclosure by Nationstar. Debtor filed a Motion to Dismiss on May 8, 2012. On August 26, 2013, the Magistrate Judge recommended that the case be dismissed as to the non-Debtors pursuant to the *Memorandum Opinion and Recommendations of Unite States Magistrate Judge*, a copy of which is annexed to the objection as Exhibit 5-3. The district court signed the order dismissing the case as to non-Debtors on September 25, 2013 pursuant to the *Judgment*, a copy of which is annexed to the objection as Exhibit 5-4. The Claimant appealed the district court decision, and the court of appeals affirmed the judgment of the district court on February 25, 2014 pursuant to a per curiam opinion, a copy of which is annexed to the Objection as Exhibit 5-5.<br><br>The proof of claim and response received from the Claimant with regard to the Request Letter sent by the Debtors states that the Claimant is entitled to a claim for the entire amount he paid on his mortgage because the Debtors have no claim to the property that secured the mortgage. This is identical to the allegations made in the complaint in the referenced litigation, which stated that the Debtor had no claim to the property and therefore wrongfully foreclosed.<br><br>The magistrate judge dismissed the complaint against the non-Debtor co-defendants for failure to state a cause of action under FRCP Rule 12(b)(6). The district court noted that the complaint did not particularize claims against the different co-defendants, and as a result decided the | 1-12CV272 | USDC Middle District of North Carolina |

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| | | | | claims against all the non-Debtor defendants as a group.<br><br>GMAC Mortgage is in privity with defendant Nationstar for purposes of res judicata because Nationstar took over servicing of the loan at issue from GMAC Mortgage. | | |
| James and Christina Blanton<br>Bearman Law<br>James Blanton VS GMAC Mortgage Company, Everhome Mortgage, Mortgage Investors Corp.<br><br>820 North 12th Avenue<br>Pensacola, FL 32501<br><br>Claim No. 989<br><br>Filed: 10/05/2012 | UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC<br>12-12032 | Dismissed with Prejudice; Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Mortgage Investors Corp. originated the loan on February 23, 2004. Debtor GMAC Mortgage purchased the loan from Mortgage Investors Corp. and subsequently sold its interest in the loan to Ginnie Mae on or about September 24, 2008. Debtor GMAC Mortgage serviced the loan from October 4, 2004 until servicing transferred to Everhome Mortgage Company on Nov 8, 2008. Claimant had previously filed the same litigation against the same parties in the First Judicial District Circuit Court Escambia County, FL, Case No. 2008-CA-1763 which was dismissed on summary judgment as to Debtor and non-Debtors on July 18, 2011.<br><br>Claimants then filed litigation against Debtors and others in the Circuit Court in Escambia County, FL, Case No. 2012-CA264. Debtor filed a motion to dismiss on March 12, 2012 on the grounds that the cause of action was barred by res judicata because it was identical to the litigation that was dismissed as to the Debtor in 2011. The court granted summary judgment as to non-Debtors, Everhome Mortgage and Mortgage Investors Corp., on October 12, 2012 pursuant to two *Final Judgment* orders, copies of which are attached to the Objection as Exhibit 5-6 and Exhibit 5-7. The court granted summary judgment to non-Debtor co-defendant Everhome on the basis that the cause of action was barred by res judicata due to the litigation in 2011, which it was also a party to. The Claimants did not appeal these decisions. Claimants attached a copy of the complaint from the 2012 litigation to the proof of claim.<br><br>GMAC Mortgage is in privity with defendant Mortgage Investors Corp. for purposes of res judicata because Mortgage Investors Corp. was the original lender of the loan at issue and held the loan while GMAC Mortgage serviced the loan.<br><br>GMAC Mortgage is in privity with defendant Everhome for purposes of res judicata because GMAC Mortgage transferred its right to service the loan to Everhome in 2008. | 2008-CA-1763<br>2012-CA264 | First Judicial District Court Escambia, Florida |
| Thomas Demelio<br><br>Thompson Law Group, LLC<br>PO Box 53484<br>Atlanta, GA 30355-1484<br><br>Claim No. 5641<br><br>Filed: 11/16/2012 | $4,900,000.00 General Unsecured | GMAC Mortgage, LLC<br>12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor; General No | Debtors' involvement with Claimant's loan, as related to the litigation attached to the POC, was limited to Debtors' roles as servicer and investor of the second lien loan. Citizens Home Loan, Inc. originated the loan on August 20, 2007. Debtor Residential Funding Company, LLC purchased the loan from Citizens Home Loan and is the current investor. Debtor GMAC Mortgage LLC serviced the second lien loan from August 30, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's litigation, attached to the proof of claim, relates to a foreclosure action involving the first lien loan which Debtor did not have an interest in and asserts allegations related to the ability of MERS to foreclose. The Claimant filed litigation against Debtor Residential Funding Company, LLC and others on June 4, 2012 in Walton County, Georgia. The defendants removed to the U.S. District Court for the Middle District of Georgia on June 19, 2012 (Case No. 3:12-cv- | 3:12-cv-00081 | USDC for the Middle District of Georgia |

3

ny-1147900

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| | | | Liability; Wrong Debtor; Estoppel by Waiver | 00081).  The Debtors filed a Notice of Bankruptcy on August 10, 2012.  On January 29, 2013, the district court dismissed the case as to non-Debtor defendants for failure to state a claim upon which relief could be granted pursuant to the *Order on Defendants' Motion to Dismiss*, a copy of which is annexed to the Objection as Exhibit 5-8.  The Claimant then appealed that decision to the 11th Circuit Court of Appeals on March 1, 2013.  The court of appeals affirmed the decision of the district court on November 13, 2013 in an order, a copy of which is annexed to the Objection as Exhibit 5-9.  Debtor's involvement in the lawsuit was only in connection with acting as investor of the second lien loan that was foreclosed out by the first lien holder on November 1, 2011. The foreclosure removed the Debtors' second lien on the loan, but the Debtors' continued to service the property on an unsecured basis.<br><br>In box 2 on the proof of claim ("basis for claim") Claimant lists "wrongful foreclosure due to lack of standing and lack of ownership, plus fraudulent misrepresentation and fraud."  This is identical to the allegations made in the complaint in the litigation, which the Claimant attached to the proof of claim.<br><br>Additionally, Debtor has no liability for Claimant's claim because Claimant waived any claim against Debtor by not scheduling this claim in his bankruptcy that was filed on March 5, 2013.  In fact this property was removed from the amended schedules acknowledging the foreclosure that occurred in 2011 and placing a value to the estate at $0.<br><br>Additionally, while the claim was filed against GMAC Mortgage, the litigation was against Residential Funding Company, LLC.  As a result, the claim was filed against the wrong debtor.<br><br>GMAC Mortgage is in privity with defendant Citizen Home Loans, Inc. for purposes of res judicata because Citizen Home Loans, Inc. was the original lender of the loan at issue serviced by GMAC Mortgage.  GMACM Mortgage also purchased the loan from Citizen Home Loans, Inc. | | |
| Peter Zepperio<br>Patricia Rodriguez Esq.<br><br>1961 Huntington Drive, Suite 201<br>Alhambra, CA 91801<br><br>Claim 3892<br><br>Filed 11/09/2012 | $5,000,000.00<br>General Unsecured | GMAC Mortgage, LLC<br>12-12032 | Dispositive Motion Granted as to other Defendants in Related Litigation and Automatic Stay Prevented Decision as to Debtor | Debtor Homecomings Financial Network originated the loan on October 11, 2002.  Debtor, GMAC Mortgage, LLC purchased the loan from Homecomings Financial and subsequently transferred its interest in the loan to Fannie Mae on or about November 24, 2009. Debtor Homecomings Financial serviced the loan from October 11, 2002 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to GreenTree Servicing on February 1, 2013.<br><br>Claimant filed litigation against Debtors and others, including Fannie Mae, on June 20, 2012 in the Federal District Court for the Central District Court of California (Case No. 2:12CV-05357) for various causes of action, including Quite Title.  The case was dismissed with prejudice as to non-Debtor defendants Fannie Mae and MERS on February 13, 2013 pursuant to the *Order Granting Motion to Dismiss*, a copy of which is annexed to the Objection as Exhibit 5-10.  The court dismissed some causes of action for failure to state a claim upon which relief could be granted | 2:12CV-05357 | USDC for the Central District of California |

4

ny-1147900

Exhibit A
Seventieth Omnibus Objection – Res Judicata Borrower Claims

| Name of Claimant; Claim Number; Date Filed | Claim Amount | Asserted Debtor Names and Case Number | Reason for Disallowance | Reason(s) for Disallowance | Asserted Case Number | Court Where Final Judgment Issued |
|---|---|---|---|---|---|---|
| | | | | while other causes of action were dismissed because they were barred by the statute of limitation. Claimant appealed that order to the Ninth Circuit Court of Appeals on March 11, 2013. The appeal is being handled by Greentree as current servicer of Claimant's loan (with title company). Plaintiff voluntarily dismissed GMAC Mortgage, Homecomings Financial and ETS without prejudice on April 18, 2013. No Debtor is a party to the appeal. Lawsuit alleged lack of standing to foreclose. Property has not been foreclosed yet and Debtors have no interest in any future foreclosure proceedings.<br><br>The basis for the claim listed in box 2 on the proof of claim is "litigation claim" and the Claimant attached a copy of the first page of the complaint.<br><br>GMAC Mortgage is in privity with defendant Fannie Mae for purposes of res judicata because GMAC Mortgage transferred its interest in the loan to Fannie Mae and GMAC Mortgage acted as servicer of the loan while it was held by Fannie Mae. | | |

5

ny-1147900