*UNITED STATES BANKRUPTCY COURT*

*SOUNTHERN DISTRICT OF NEW YORK*

-------------------------------------------------------x

| | |
|---|---|
| *Jessica Angel Quiroz, Ramon Quiroz* | *MOTION IN OPPOSITION* |
| *Property Owners* | *from violation of the automatic stay* |
| *vs* | *Residential Capital, LLC et al* |

*Re:  Case No. 12-12020*

*In re Residential Capital, LLC   U.S. Bank,     89-37 Metropolitan Ave Rego Park N.Y. 11374*

*GMAC, Homecomings (RESCAP)       Block 3176 Lot 13 DWELLING ONLY-1 FAMILY*

-------------------------------------------------------x

*Dear Honorable Martin Glenn, I Ramon Quiroz legal representative of my Daughter Jessica Angel Quiroz and on behalf of my family and my wife Mrs. Helen Quiroz who died in February 20, 2012 in pain and suffering from Threats and  abused suffering since the year 2007 emotional distress from US Bank, GMAC and with the Law firm of Steven J, Baum P,C.  Respectfully requesting to take serious consideration on this matter: finding a solution to this case and end the serial filing of documents wasting time to the Federal Judicial Court System, and Tax payers citizens and the people's rights of the United States Constitution.*

*I Swore the contend is true under penalties of perjury*

*Swore to before me*

*This date of September …6.., 2014*



*Ramon Quiroz*

**IRENE MENDEZ**
Notary Public - State of New York
No. 01ME6268171
Qualified in Queens County
My Commission Expires August 27, 2016

RECEIVED
SEP - 8 2014
U.S. BANKRUPTCY COURT, SDNY

*August 19, 2014*

*Overnight mail*
*Mr. Norman Rosenbaum*
*Residential Capital LLC, et al Chapter 11 Case No. 12-12020(MG) Counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 ( Attention: Norman S. Rosenbaum and Jordan A. Wishnew);*

*Re: Ramon Quiroz*
*89-37 Metropolitan Ave*
*Rego Park NY 11374*

*Dear Mr Norman S. Rosenbaum:*

*As per your request in the enclosed documents my petition for a writ of certiorari against debtors was filed in the United States Supreme Court: See evidence attached.*

*As per your complaint the petition for a writ of certiorari against debtors GMAC, LLC and homecomings Financial, LLC you mention is a violation of the automatic stay it is **wrong**, take notice that at the last hearing with the Honorable /s/Martin Glenn I spoke with the Judge and I told him I have filed my petition in the Supreme Court, therefore  Mr. Rosenbaum I demand you stop certain violation which makes no sense to the Judge since he took information of my name Ramon Quiroz and my witness David Gonzales,  and under due process of Law it is my right: the 5th and 14th Amendment of the Constitution of the  Unites States.*

*Very truly yours*

*Ramon Quiroz*

*Attachments*

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 14, 2014

Writer's Direct Contact
+1 (212) 506.7341
NRosenbaum@mofo.com

Via Overnight Mail and E-mail

Mr. Ramon Quiroz
89-37 Metropolitan Ave.,
Rego Park, NY 11374

Re: Residential Capital LLC, et al. Chapter 11 Case No. 12-12020 (MG)

Dear Mr. Quiroz:

We are writing in our capacity as counsel to the ResCap Liquidating Trust established pursuant to the terms of Chapter 11 Plan confirmed in the above referenced cases (the "Chapter 11 Cases") of Residential Capital, LLC and certain of its affiliates pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). As you may recall, you previously filed a motion for relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code in the Chapter 11 Cases with respect to your appeal pending before United States Court of Appeals for the Second Circuit. The appeal related to your action against, among other parties, debtors GMAC Mortgage LLC and Homecomings Financial, LLC filed in the U.S. District Court for the Eastern District of New York that was commenced prior to the filing of the Chapter 11 Cases. Pursuant to an order of the Bankruptcy Court dated September 13, 2013 (ECF # 5039) (the "Bankruptcy Court Order") (a copy of which is annexed) you were granted limited relief from the automatic stay for the following purpose: "allowing the Appeal to be adjudicated by the Second Circuit." See the Bankruptcy Court Order at paragraph 1. Paragraph 3 of the Bankruptcy Court Order states that in "all other respects, the Automatic Stay shall remain in full force and effect." As we believe you are aware, in the appeal, the Court of Appeals dismissed the appeal by a mandate issued April 14, 2014.

We have been advised that you filed a petition for a writ of certiorari with the United States Supreme Court (a copy of the first two pages of which is annexed). Please be advised that the filing of the petition with regard to GMAC Mortgage, LLC and Homecomings Financial, LLC is in violation of the automatic stay. As noted above, the Bankruptcy Court Order limited relief from the automatic stay to allow for the adjudication of the appeal by the Court of Appeals, but for no other purposes. The order did not grant you leave to file a petition for a writ of certiorari with the Supreme Court.

ny-1154275

MORRISON | FOERSTER

Mr. Ramon Quiroz
August 14, 2014
Page Two

As a result, your petition for a writ of certiorari as against debtors GMAC Mortgage, LLC and Homecomings Financial, LLC was filed in violation of the automatic stay.  Demand is hereby made that you withdraw the writ as soon as possible as against debtors GMAC Mortgage, LLC and Homecomings Finance, LLC and that you provide us with evidence that you have done so. On behalf of the debtors and the ResCap Liquidating Trust we reserve all rights, including the right to seek an appropriate order from the Bankruptcy Court to enforce the automatic stay.  If you have any questions, please feel free to contact me directly at 212-506-7341.

Very truly yours,

Norman Rosenbaum

Attachments

ny-1154275

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for The Post-Effective Date*
*Debtors, The ResCap Liquidating Trust*
*and The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PROPOSED AGENDA FOR MATTERS SCHEDULED**
**TO BE HEARD ON SEPTEMBER 8, 2014 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

## I.      ADJOURNED MATTER(S)

1.      Motion of HSBC Bank USA, Inc. for Relief from the Automatic Stay [Docket No. 7392]

   **Related Document(s):**

   a.      Notice of Adjournment of Hearing on Motion of HSBC Bank USA, Inc. for Relief from the Automatic Stay [Docket No. 7421]

   **Response(s):**    None.

   **Status:**    The hearing on this matter has been adjourned to September 30, 2014.

1212020140904000000000008

## II.     CLAIMS OBJECTIONS

1.     ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims) [Docket No. 7188]

   **Related Document(s)**:

   a.     Notice of Adjournment of Hearing on ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims) with Respect to Certain Claimants [Docket No. 7402]

   b.     Notice of Adjournment of Hearing on ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims) Solely as it Relates to the Claim Filed by Aubrey Manuel (Claim No. 5634) to September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 7481]

   **Response(s)**:

   a.     Response of Aubrey Manuel to the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims) [Docket No. 7308]

   **Status**:     The hearing on this matter, solely as it relates to the claim filed by Aubrey Manuel (Claim No. 5634), has been adjourned to September 30, 2014, together with other remaining contested claims in the Sixty-Ninth Omnibus Objection that will also be heard on that date.

2.     ResCap Borrower Claims Trust's Seventieth Omnibus Objection to Claims (Res Judicata Borrower Claims) [Docket No. 7222]

   **Related Document(s)**:     None.

   **Response(s)**:

   a.     Response of Ramon Quiroz to the ResCap Borrower Claims Trust's Seventieth Omnibus Objection to Claims (Res Judicata Borrower Claims) [Docket No. 7371]

   **Reply**:

   a.     ResCap Borrower Claims Trust's Reply in Support of its Seventieth Omnibus Claims Objection (Res Judicata Borrower Claims) [Docket No. 7480]

   **Status**:     The hearing on this matter will be going forward.

No. _____

SUPREME COURT OF THE UNITED STATES

_____

Ramon Quiroz and Helen Quiroz, - PETITIONER(S)

      **VS**

US Bank, GMAC and Steven J. Baum P.C. RESPONDENT(S)

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and proceed in forma pauperis.

Petitioner has not previously been granted to leave to proceed in forma pauperis in any other court.

Petitioner requested an Application for an extension of time within to file a petition for a writ of certiorari in the above –entitled case has been granted from May 9, 2014, extended the time to and including July 21, 2014.

See Exhibit attached No. (A)

Petitioner's affidavit or declaration in support of this motion is attached hereto.

*Ramon Quiroz*

Ramon Quiroz Pro-Per
89-37 Metropolitan Ave
Rego Park, NY 11374
Phone: 718-275-2192
Email: rayorlando10@gmail.com

1

UNITED STATES SUPREME COURT

I Ramon Quiroz declare that I am the petitioner/plaintiff in the above entitled proceeding. That in support of my request to proceed without being required to prepay fees, costs or give security therefor. I state that because of my wife's wrongful death Helen Quiroz, and retired disable in poverty and unable to pay the cost of said proceeding or give security therefor: that I believed I am entitled to redress.

The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application. I answering the following questions.

1.   Are you presently employed?   [NO]

2.   Have you received within the past twelve months any money of the following sources?

A. Business, profession or other form of self-employment:     [NO]

B. Rent payments, interest or dividends:     [NO]

C. Pensions, annuities or life insurance payments:     [NO]

D. Gifs or inheritances:     [NO]

E. Any other sources:     [YES]

If the answer to any of the above is "yes" describe each source of money and state the amount received from each during the past twelve months:

3. Do you own any cash or do you have money in checking or savings account?  [NO]

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishing and clothing.  [NO]

**E. I am retired and received Social Security Retirement, Survivors and disability Insurance for the amount of $1,141.00 See Exhibit attached  No. ( B ).**

5. List the persons who are dependent upon you for support. State your relationship to those persons, and indicate how much you contribute toward their support.

I provide Home and Shelter To:

**Rose Kazane 86 years old mother of my deceased wife Helen Quiroz**

**Alexa Marie Quiroz granddaughter three years old,**

**Janel Quiroz daughter and single mother of Alexa Marie Quiroz.**

I do not receive any contribution toward their support.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed on the ........ day of July, 2014.

Ramon Quiroz

---

ORDER OF THE COURT

The application is herby denied

The application is hereby granted. Let the Applicant proceed without prepayment of cost or fees or the necessity of giving security therefor

_____

United State Judge

_____

United State Judge
Or magistrate

_____   date

No._____

2

Docket #5039    Date Filed: 9/13/2013

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER GRANTING *MOTION TO LIFT THE STAY* FILED BY RAMON QUIROZ [DOCKET NO. 3978]

**WHEREAS**, on June 10, 2013, Ramon Quiroz (the "**Movant**") filed a motion (the "**Motion**") to lift the automatic stay imposed by 11 U.S.C. § 362(a) (the "**Automatic Stay**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") to permit Movant to proceed with a prepetition action (the "**Action**") pending against, among other parties, debtors GMAC Mortgage, LLC ("**GMACM**") and Homecomings Financial, LLC ("**Homecomings**," and together with GMACM, the "**Debtor Defendants**");

**WHEREAS**, the Action was dismissed by a decision of the United States District Court for the Eastern District of New York (the "**District Court**") dated August 5, 2011, which decision is currently on appeal (the "**Appeal**") to the United States Court of Appeals for the Second Circuit (the "**Second Circuit**");

**WHEREAS**, the Appeal has been stayed by virtue of the commencement of the Chapter 11 Cases;

**WHEREAS**, on August 21, 2013, the Debtor Defendants filed an objection to the Motion (the "**Objection**");

**WHEREAS**, the Motion and the Objection were considered by this Court at a hearing on August 28, 2013;



1212020130913000000000001

**WHEREAS**, upon consideration of the Motion and the Objection, and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted to the extent set forth herein, and the Automatic Stay is lifted for the limited purpose of allowing the Appeal to be adjudicated by the Second Circuit.

2.      If the Movant prevails on the Appeal, the Movant shall be required to seek further relief from the Automatic Stay from this Court to proceed with the Action against the Debtor Defendants in the District Court.

3.      In all other respects, the Automatic Stay shall remain in full force and effect.

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: September 13, 2013
   New York, New York                          _____/s/Martin Glenn_____
                                                        MARTIN GLENN
                                               United States Bankruptcy Judge

No. _____

## SUPREME COURT OF THE UNITED STATES

_____

Ramon Quiroz and Helen Quiroz, - PETITIONER(S)

      VS

US Bank, GMAC and Steven J. Baum P.C. RESPONDENT(S)

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and proceed in forma pauperis.

Petitioner has not previously been granted to leave to proceed in forma pauperis in any other court.

Petitioner requested an Application for an extension of time within to file a petition for a writ of certiorari in the above –entitled case has been granted from May 9, 2014, extended the time to and including July 21, 2014.

See Exhibit attached No. (A)

Petitioner's affidavit or declaration in support of this motion is attached hereto.

Ramon Quiroz Pro-Per
89-37 Metropolitan Ave
Rego Park, NY 11374
Phone: 718-275-2192
Email: rayorlando10@gmail.com

1

UNITED STATES SUPREME COURT

I Ramon Quiroz declare that I am the petitioner/plaintiff in the above entitled proceeding. That in support of my request to proceed without being required to prepay fees, costs or give security therefor. I state that because of my wife's wrongful death Helen Quiroz, and retired disable in poverty and unable to pay the cost of said proceeding or give security therefor:  that I believed I am entitled to redress.

The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application. I answering the following questions.

1.    Are you presently employed?    [NO]

2.    Have you received within the past twelve months any money of the following sources?

A. Business, profession or other form of self-employment:    [NO]

B. Rent payments, interest or dividends:                          [NO]

C. Pensions, annuities or life insurance payments:          [NO]

D. Gifs or inheritances:                                              [NO]

E. Any other sources:                                                [YES]

If the answer to any of the above is "yes" describe each source of money and state the amount received from each during the past twelve months:

3. Do you own any cash or do you have money in checking or savings account?  [NO]

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishing and clothing.  [NO]

**E. I am retired and received Social Security Retirement, Survivors and disability Insurance**
**for the amount of $1,141.00 See Exhibit  attached   No. ( B ).**

5. List the persons who are dependent upon you for support. State your relationship to those persons, and indicate how much you contribute toward their support.

I provide Home and Shelter To:

**Rose Kazane 86 years old mother of my deceased wife Helen Quiroz**

**Alexa Marie Quiroz granddaughter three years old,**

**Janel Quiroz daughter and single mother of Alexa Marie Quiroz.**

I do not receive any contribution toward their support.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed on the …….. day of July, 2014.

Ramon Quiroz

---

### ORDER OF THE COURT

The application is herby denied

The application is hereby granted. Let the Applicant proceed without prepayment of cost or fees or the necessity of giving security therefor

United State Judge

United State Judge                date
Or magistrate

No._____

2

---

IN THE

SUPREME COURT OF THE UNITED STATES

————————————————————————x

Ramon Quiroz and Helen Quiroz.

Petitioners

V,

US Bank, GMAC & Steven J. Baum P.C.

Respondents

————————————————————————x

*On a Petition for a Writ of Certiorari*
*To The United States Court of Appeals*
*For the Second Circuit*

Ramon Quiroz Pro-Per
89-37 Metropolitan Ave
Rego Park New York, 11374
Phone No. 718-275-2192
Email: rayorlando10@gmail.com

3

# QUESTIONS PRESENTED

WHETER THE COURT OF APPEALS SECOND CIRCUIT RENDERED DECISION IN
CONFLICT WITH THE LAW OF THE UNITED STATES SUPREME COURT:

1.  *Has the following Appellees US Bank, GMAC and Steven J. Baum P.C* **do have standing
    to prosecute the foreclosure procedure.** *When there are Conflicts of Law in the Court of
    Appeals Second Circuit when in fact they issued false documents in the Supreme Court
    County of Queens New York, against Quiroz Et Al. They did not properly served in the
    foreclosure proceedings, the State Court erred in finding otherwise, when they filed order
    of reference to foreclose Appellants home claiming Appellants did not answer their
    summons and complaint that assumption was false and US Bank, GMAC and Steven J.
    Baum P.C. Got an order from the Supreme Court Queens County to auction and sell the
    property in contradiction of the 5th and 14th Amendment of the Constitution of the United
    State of America., when in "Fact Helen Quiroz alive order to show cause to Hon. Howard
    G. Lane and Hon. Lawrence V Cullen and they ORDERED in the Supreme Court County
    of Queens New York Index No. 25117/07., on May 22, 2009 to "STAY".*
    *See Exhibit No. ( C ).*

2.  *The Court of Appeals Second Circuit Have Reached Conflicting Decisions Regarding
    Whether Respondents have Standing Rights to Foreclose when they have issued foreclosure
    procedure three times and fail to do so because they could not proof they have standing or
    ownership of the Mortgage and Note. Does Article III Permits Standing to Sue for a
    Statutory Violation that Caused Emotional Stress, Abused, Pain and Suffering, for the
    Inappropriate Foreclosure Procedure in the Court of Law that Caused Wrongful Death to
    Helen Quiroz Deceased on the 20 Day of February 2012.*
    *See Exhibits: No. ( D ) "Death Certificate"*

3.  In fact for the fourth time McCabe, Weinsberg & Comway,P.C. on behalf of US Bank
    National Association as Trustee, GMAC, for Residential Assets Security Corporation,
    Home Equity Mortgage Assets Pass- Through Certificates Series 2005_KS10 has filed a
    complaint collection debt of $ $811,027.18 on January 16, 2014 when in fact it is stay in
    the bankruptcy court.
    See Exhibit No. (E)

4.  Do the Second Circuit has the right to Order Summary Judgment Reversal on behalf
    Quiroz Et Al complaint and then change their mind and rendered decision to dismiss their
    own order in contradiction and in conflict with the Law of the United States"

4

Appellants filed Summary Judgment in the Court of Appeals Second Circuit and the Court **ORDERED** that (1) the Appellants' motion for summary judgments is **CONSTRUED** as **motion for summary reversal of the district court's** August 9, 2011 judgment dismissing the Appellants' complaint; (2) as construed, decision of the motion is **DEFERRED** pending the lifting termination of the automatic stay, see 11 U.S.C

§ 362(a)(1); Johnson v. Morgenthau, 160 F. 3d 897,899 (2d Cir.1998) (providing that this court has "inherent power to manage and control its docket.

In Fact the Second Circuit Ordered on the 24 day of May 2012 immediately when the stay is lifted or when there are other developments in the bankruptcy proceeding which permit this matter to proceed or otherwise be resolved. See Exhibit ( F )

5. *On May 14, 2012, **each of the fifty-one Debtors** filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The cases are jointly administered under Case No. 12-12020 (collectively, the "Bankruptcy Cases") before the Honorable Judge Martin Glenn in the United States Bankruptcy Court for the Southern District of New York.   US Bank and GMAC has the right to take advantage and filed Bankruptcy Petition for Relief under Chapter 11 USA ("Bankruptcy Code") include Quiroz Et Al in the Bankruptcy proceeding and stop the Second Circuit from a final order from Summary Judgment reversal granted to Quiroz Et Al delaying the resolution of the matter under due process of Law and the 5th and 14th Amendment of the Constitution of the United States of America.*

6. Residential Capital LLC, et al Case No. 12-12020(MG) Chapter 11 Jointly Administered Attorney in record Norman S. Rosenbaum P.C. Offered in court in person to Ramon Quiroz Et Al, their Proof of Claim of $ 522.000 in compensation while it was in force summary judgment reversal in the second circuit for Fraud and for the Unsecure claim that was conducted by US Bank and GMAC. Does Attorney for Residential Capital Norman S. Rosenbaum, Esq. has the right to offered compensation to Quiroz El Al  in fact this case stay in the Second Circuit Index No. 11-3663 as well in the Bankruptcy Court  Case No. 12-12020(MG).

See Exhibits Attached BALLOT No, ( G ).

7.

5

## LIST OF PARTIES

**{ X } All parties appear in the Caption in the caption of the case on the cover page**

Ramon Quiroz
            Plaintiff - Appellant

Ramon Quiroz, -
Direct: 718-406-9299
[NTC Pro Se]
89-37 Metropolitan Avenue
Rego Park, NY 11374

Helen Quiroz
            Plaintiff - Appellant

Helen Quiroz, -
Direct: 718-406-9299
[NTC Pro Se]
89-37 Metropolitan Avenue
Rego Park, NY 11374

Jessica Angel Quiroz
**Terminated: 02/20/2014**
            Plaintiff - Appellant

------------------------------

U.S. Bank National Association, as Trustee
            Defendant - Appellee

Robert Guttmann, Attorney
Direct: 212-223-0400
[COR NTC Retained]
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036

New Century Mortgage Corp.
            Defendant - Appellee

Robert Guttmann, Attorney
Direct: 212-223-0400
[COR NTC Retained]
(see above)

Homecoming Financial, AKA Homecomings Financial
GMAC Mortgages
            Defendant - Appellee

Robert Guttmann, Attorney
Direct: 212-223-0400
[COR NTC Retained]
(see above)

Steven J. Baum, P.C.
            Defendant - Appellee

Brett A. Scher, Esq., -
Direct: 516-681-1100
[COR LD NTC Retained]
Kaufman, Dolowich & Voluck, LLP
Suite 201
135 Crossways Park Drive
Woodbury, NY 11797

GMAC Mortgages, Presidents, Official Partners, and/or
Shareholders, Investors, Mortgage Brokers, Appraisals,

Robert Guttmann, Attorney
Direct: 212-223-0400

6

Staff Officers, Officials                              [COR NTC Retained]
       Defendant - Appellee                 (see above)

The petitioner is *Ramon Quiroz*, the named Petitioner or movant in the Court below for himself
in Pro-Per  has challenge the **No. 1** The Supreme Court County of Queens State of New York.
Index # 25117/07  **No. 2**  The Appellate Division  Second Judicial Department Kings County
Brooklyn New York, Index # 2008-09757  **No. 3** The Court of Appeal in Albany New York Index
# 2010-373.  **No. 4** The District Court for the Eastern District of Brooklyn New York Index
    # cv10-2485.  **No. 5**  The Court of Appeals Second Circuit New York Index # 11-3663.
**No. 6**  Bankruptcy Court for the Southern District of New York Case # 12-12020(MG).  Finally
**No. 7** The United States Supreme Court in Washington D.C.

7

*TABLE OF CONTENTS*

*1. STATEMENT OF SUBJECT MATTER AND SUPREME COURT*

*JURISDICTION...............................................................pg. 10*


*2.      STATEMENT OF ISSUES .....................................................pg. 10*


*3.      CASE AND JUDGMENT BEING APPEAL...................pg. 11*


*4.      SUMMARY OF ARGUMENT ............ ..........................pg. 11*


*5.      STANDING……………………………………………..pg. 12*


*6.      STATEMENT OF FACTS............................................ .pg. 13*


*7.      ARGUMENT.................. ~ ...............................................pg. 15*


*8.      THIRD PARTY BENEFICIARY………………………..pg. 20*


*9.      CONCLUSION.................................................................pg. 26*

8

### INDEX TO APPENDICES

**APPENDIX A : Court of Appeals  Second Circuit N.Y. Docket No. 11-3663**

**See Exhibit No. ( H )**

**APPENDIX B: U.S. District Court Eastern District of N.Y. Docket No. 10-cv-2485**

**See Exhibit No. ( i )**

### TABLE OF AUTHORITIES

*1. Re: New York Skyline Inc, 09-10191*

*2. Travelers Indemnity Co.    v. CDL Hotels USA, Inc.*

*3.        Truth in Lending Act*

*4. New Paradigm Software Corp. v. New Era of Networks, Inc., 107 F. Supp.*

*2d 325, 329 (S.D.N.Y. 2000).*

*5.        Allen, 945 F.2d at 44; see also AMEX, 316 F.3d*

*6.        Barclay Arms, Inc. v. Barclay Arms Assoc._, 74 N.Y.2d 644, 646,542 N.Y.S.*

*512,513-14 (1989)*

*7. Federal Home Loan Mortgage Corp v. Schwartzwald*

*8. Citibank v. McCray*

### SUBJECT MATTER AND SUPREME COURT JURISDICTION

1. *The Supreme Court of the State of Washington D.C. has Jurisdiction to hear this case since the initiated complaint Civil Docket No. 10-cv-2485 was filed in the District Court for the Eastern District of Brooklyn New York on June 10, 2010 against US Bank National Association as trustee, New Century Mortgage Corp. Homecomings Financial a/k/a Homecomings Financial GMAC Mortgages (Homecomings). And GMAC Mortgages ("GMAC") collectively the Bank Defendants as well as Steven J. Baum, P.C. ("Baum Firm" )( collectivity the defendants ).*

   *See: U.S. District Court Civil Docket No. 10-cv-2485 as    Exhibit No. ( j )*

2. *The Plaintiff Ramon Quiroz Filed an Appeal in the United States Court of Appeals for the Second Circuit Index No. 11-3663 the notice of Appeal filed on 09/08/2011. On the 25 day of April 2013 the court ORDERED that (1) the Appellants' motion for "summary judgment" is CONSTRUED as motion for summary reversal of the district court' August 9,2011 judgment dismissing the Appellants complaint; (2) as so construed, decision on the motion is DEFERRED pending the lifting  termination of the automatic stay, seem11 U.S.C. § 362(a)(1); Johnson v. Morgenthau, 160 F. 3d 897.899 ( providing that this Court has "inherent power...to manage and control its docket"*

   *See Exhibit attached: ( F )*


### STATEMENT OF ISSUES

*3. This matter originated out of the improper foreclosure of the Appellants home.*

*4. The Foreclosure was litigated by the Law Offices of Steven J. Baum, P.C.*

*5 . The Appellant alleges that Appellees violated the (1) Fair Debt Collections Practices Act*

*and (2) the Truth in Lending Act. Additionally, the Appellees committed fraud in inducing*

*Appellant into the mortgage agreement.*

10

*CASE AND JUDGMENT BEING APPEALED*

*6. The matter from which the instant originated was captioned and indexed as follows in the*

*United States District Court, Eastern District of New York:*

*a) Ramon Quiroz and Helen Quiroz (Deceased) Husband and Wife and Jessica A. Quiroz*

*Daughter vs US National Bank National Association as Trustee, New Century Mortgage*

*Corp., Homecomings Financial f/k/a Homecomings Financial GMAC Mortgages, Steven J.*

*Baum, P.C.,  and GMAC Mortgages b) Index Number: IO-cv-2485*

*7. The Judgment was rendered by Judge Joan M. Azrack.*

## *SUMMARY OF ARGUMENT*

*8. The Mortgage that US Bank GMAC holds to foreclose the Appellants' home*

*was handled by the Firm of Steven J. Baum, P.C. in the Supreme Court Queens County Index*

*No. 25117/07, Quiroz et Al,. Were not properly served in the foreclosure proceeding, the*

*Court erred in finding otherwise. The State Court found in favor of US Bank and ordered that*

*the property be foreclosed and sold. Steven J. Baum P.C. Submitted false documents to steal*

*Helen Quiroz Home.*

*Honorable Howard  G. Lane and Justice of the Supreme Court  Lawrence V. Cullen on May 22, 2009 signed an Order to Show cause  with T.R.O. in civil action to STAY the foreclosure procedure till today several times Helen Quiroz was harm, threat and abused to take her home, on the 20 day of February 2012 she pass her way for wrongful death, emotional stress, pain and suffering from the fraudulent inappropriate procedure by the US Bank GMAC with the  Law Firm of Steven J, Baum P.C.*

*See Exhibit No. ( C ).*

*9 . The Law Firm of Steven J. Baum, P.C. had announced that it has closed amidst*

*investigations of widespread wrongdoing in foreclosure proceedings. The Appellants argue*

*that the misconduct of the Baum Firm and its subsequent closure calls into question the*

11

*validity of the underlying foreclosure action.*

*10. The Appellant Helen (Deceased) and Jessica Angel Quiroz (Terminated )by the court of*

*Appeals Second circuit,.  Entered into mortgage agreement with Homecomings in 2005 for the*

*property located at 89-37 Metropolitan Ave., Rego Park, NY. Said mortgage agreement was*

*entered into by means of fraud and coercion.  Specifically, a Homecomings loan officer*

*represented to the Plaintiffs that the interest rate on the mortgage in question would be a*

*rate for the first five years. The Appellant agreed to the mortgage based on this representation.*

*Helen Quiroz died on February 20, 2012 from wrongful death   and Jessica Angel Quiroz*

*terminated by the Court of Appeals  based on the Notice of Appeals that she did*

*not signed when in fact  Ramon Quiroz is the real owner of the property and was representing*

*his wife Helen Quiroz in the foreclosure procedure.*

*Ramon Quiroz owner of the property and Helen Quiroz (deceased) on the 20 day of February*

*2012 , signed the notice of Appeal on  September 22nd , 2011.*

*Appellant Ramon Quiroz claims that US Bank GMAC and Steven J. Baum P.C. did not have*

*Standing to prosecute the foreclosure procedure.*


## 3.1 STANDING

*The Supreme Court has made it clear that the burden of establishing standing rests on these*
*case Appellees US Bank, GMAC and Steven J. Baum P.C.   Should have .  At each stage of the*
*litigation—from the initial pleading stage, through summary judgment, and trial—the*
*Appellees must carry that burden.  Standing and must exist on the date the complaint is filed*
*and throughout the litigation.  Moreover, standing cannot be conferred by agreement and can*
*be challenged at any time in the litigation, including on appeal, by the Quiroz Et Al or, in some*
*circumstances, by the court sua sponte.  Finally, US Bank, GMAC and Steven J. Baum P.C.*
*must demonstrate standing for each claim and each request for relief.   There is no*
*"supplemental" standing: standing to assert one claim does not create standing to assert claims*
*arising from the same nucleus of operative facts.*

12

*Appellees are not the Lender or the owner of the Note neither have invested a dime in mention transaction, when in Fact: Ramon Quiroz proved that assignments  from Mortgage Electronic Registration System to US Bank and GMAC as well as   New Century Mortgage Corp to US Bank and GMAC was Robo-Singning and fabricated by Steven J. Baum P.C. (See Exhibits No. ( F )) In Fact the Court of Appeals Second Circuit Ruling ORDERED on the 25 day of April, 2013, Appellants motion for summary judgment was CONSTRUED as motion for summary reversal from the district court' August 9, 2011 judgment dismissing the Appellants' complaint.*

*See: Federal Home Loan Mortgage Corp. v. Schwartzwald:*

*If the foreclosing bank relied on an after-acquired interest in the note and mortgage to establish its right to enforce the agreements, then I would certainly seek to vacate the judgment. But you need not proceed under Civ.R. 60(B) because the judgment is void. The Schwartzwald decision states that standing has to exist at the time the case is filed, and if it doesn't exist, the jurisdiction of the common pleas court was not invoked. A court without jurisdiction cannot enter any judgment (except one dismissing the case for lack of jurisdiction). A motion to vacate a void (as opposed to a voidable) judgment is not based on Civ. R. 60(B), it invokes the court's inherent power. Patton v. Diemer, 35 Ohio St. 3d 68 (1988).*

*In Fact the Court of Appeals Second Circuit mentions they have inherent power to manage and control its docket.*

*The Court of Appeals Second Circuit issued an order to dismissed the Petitioner complaint  with a name it has nothing to do with Ramon Quiroz Et Al Appeal, due to the fact this court issued an ORDER with Ramon Ortiz and not Ramon Quiroz who in fact is the real owner of the property recorded in the city of New York Queens County*

*See; Exhibits: No. ( J )   ORDER and No. 2 MANDATE (Opinion)*

## STATEMENT OF FACTS

*11. In 2004, Ramon, Helen, and Jessica Angel Quiroz purchased a home at*

*89-37 Metropolitan Ave. Rego Park, NY. Said property was refinanced in 2005*

*By Helen and Jessica Angel Quiroz " Ramon Quiroz never sign or agreed these transaction"*

*with a mortgage of $522,000 from New Century Mortgage Corp allied servicer*

13

*Appellees are not the Lender or the owner of the Note neither have invested a dime in the mortgage transaction, when in Fact Ramon Ortiz signed that assignments from Mortgage Electronic Registration Systems as GMAC Bank and GMAC as well as New Century Mortgage Corp to US Bank and GMAC was Robo-Signing and fabricated by Steven J. Baum P.C. (See Exhibits No. ) In Fact the Court of Appeals Second Circuit Ruling ORDERED on the 25 day of April 201_, Appellants motion for summary judgment was CONSTRUED as motion for summary reversal from the district court August 9, 2011 judgment dismissing the Appellants' complaint.*

*See: Federal Home Loan Mortgage Corp. v. Schwartzwald*

*If the foreclosing bank relied on an after-acquired interest in the note and mortgage to establish its right to enforce the agreements, then I would certainly seek to vacate the judgment. But you need not proceed under Civ.R. 60(b) because the judgment is void. The Schwartzwald decision states that standing has to exist at the time the case is filed, and if it doesn't exist, the jurisdiction of the common pleas court was not invoked. A court without jurisdiction cannot enter any judgment (except one dismissing the case for lack of jurisdiction). A motion to vacate a void (as opposed to a voidable) judgment is not based on Civ. R. 60(B), it invokes the court's inherent power. Patton v. Diemer, 35 Ohio St. 3d 68 (1988).*

*In Fact the Court of Appeals Second Circuit avoiding they have inherent power to manage and control its docket.*

*The Court of Appeals Second Circuit issued an order to dismissed the Petitioner complaint with a cause it has nothing to do with Ramon Quiroz Et Al Appeal, due to the fact this court heard an APPEAL with Ramon Ortiz and not Ramon Quiroz who in fact is the real owner of the property located in the city of New York Queens County.*

*See Exhibits No. (3) ORDER and No. 2 MANDATE (Opinion)*

STATEMENT OF FACTS

*1. In 1994, Ramon, Helen, and Jessica Angel Quiroz purchased a home at*

*88-37 Metropolitan Ave. Rego Park, NY. Said property was refinanced in 2005*

*2. Helen and Jessica Angel Quiroz (Ramon Quiroz never sign or agreed those transaction")*

*with a mortgage of $322,000 from New Century Mortgage Corp a/k/a servicer*

*Homecomings. The loan officer at Homecomings represented that the interest rate on the mortgage would be fixed at 5.5 percent for the first five years with a monthly payment of $2,392.50.*

*<u>Case: 11-3663 Document: 154 Page: 6 12/07/2011 1050073 46 Case: 11-3663 Document: 30</u>*

*<u>Page: 6 12/07/2011 511290 46</u>•*

*Appellants were not informed that the mortgage provided for an adjustable rate.*

*12. The Appellants were immediately charged at a higher interest rate than the 5.5 percent that was represented by Homecomings. Further in 2007, the Appellants were informed that the interest rate on the mortgage would be adjusted to 7 percent.*

*13. The Appellants immediately attempted to rescind the mortgage, however Homecomings refused.*

*14. The interest rate was increased again in 2009 to more than 8 percent .*

*In order to manage the rising interest rates on the mortgage the Appellants Helen Quiroz and Jessica Angel Quiroz obtained additional loans from Countrywide Financial and Bank of America totaling $60,000.*

*15. In October of 2007, Appellants allegedly defaulted on their mortgage.*

*US Bank initiated a foreclosure action in New York State Supreme Court, Queens County. Steven J. Baum P.C. represented US Bank in the proceeding.*

*16. The Appellants were not properly served in the foreclosure proceeding. The State Court erred in finding otherwise. The State Court found in  favor of US Bank and ordered that the property be foreclosed and sold .*

*<u>Case: 11-3663 Document: 154 Page: 7 12/07/2011 1050073 46 Case: 11-3663 Document: 30</u>*

*<u>Page: 7 12/07/2011 511290 4617. In May of 2010,</u>*

14

*17. the Appellants opposition to the decision was declined for review by the New York Court of Appeals.*

*18. In a Review and Recommendation, Judge Azrack dismissed most of the Appellants claims on the basis of Res Judicata amongst other issues.*

*19. Specifically, Judge Azrack dismissed the Appellants' Fifth and Fourteenth Amendment Due Process Claims under the Rooker-Feldman doctrine on the grounds that the doctrine is limited to cases brought by state court losers complaining caused by state court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments .*

*• 20. Judge Azrack found that the Appellants met the substantive requirements of the doctrine, however, in so far as the Appellants explicitly ask for review and rejection of the State Courts' orders, those claims are barred by the Rocker-Feldman doctrine.*

*21. Judge Azrack asserted that the claims made by the Appellant are inextricably intertwined with orders that have issued from a state court and is barred by the Rocker Feldman doctrine .*
*<u>Case: 11-3663 Document: 154 Page: 8 12/07/2011 1050073 46 Case: 11-3663 Document: 30 Page: 8 12/07/2011 511290 46•</u>*

*22. On August 5th , 2011 Judge Kiyo A. Matsumoto of the United States District Court, Eastern District of New York adopted Judge Azrack's report and recommendation in its entirety dismissing the Appellants claims with prejudice.*

## *<u>ARGUMENT</u>*

*23. The Law Firm of Steven J. Baum ("Baum Firm") fraudulently initiated a foreclosure action on the Appellants.*

15

*24. Specifically, the Baum Firm failed to properly serve the Appellants and misrepresented to the Court that it had done so. The Appellants did not receive proper or timely notice of the foreclosure action and had no way to defend that action. The judgment in the foreclosure action was rendered based on fraudulent claims.*

*25. The Baum Firm has been under investigation by the New York Attorney General and recently paid a penalty of $2 million dollars in connection with their foreclosure practices including "robo-signings" and misleading or fraudulent foreclosure paperwork.*

*26. The Baum Firm has a had a multitude of cases dismissed by various jurisdictions in NY State based on its fraudulent or misleading paperwork including bringing actions to foreclose when there is no legal standing to do so.*

*Case: 11-3663 Document: 154 Page: 9 12/07/2011 1050073 46 Case: 11-3663 Document: 30 Page: 9 12/07/2011 511290 46•*

*In fact Judge Scott Fairgrieve in Nassau County district court imposed sanctions on the Baum Firm for bringing a foreclosure action by a plaintiff that had no legal standing to do SO.*

*27. Further, as a part of the above referenced penalty and settlement, the Baum Firm was put under supervision by the US Justice Department.*

*28. In a showing of blatant and callous disregard for foreclosed homeowners, the Baum Firm threw a Halloween party for its employees during which the employees dressed as homeless people whose homes had been foreclosed on and posted signs mocking those people claimed that the Baum Firm failed to serve them with foreclosure papers.*

*29. Moreover, the Baum Finn was effectively blacklisted by Fannie Mae and Freddie Mac when Fannie Mae and Freddie Mac forbid mortgage servicers*

16

*from engaging the Baum Firm due to the myriad controversies surrounding the*

*Firm and its practices.*

*See NY Times article attached hereto as Exhibit    ( K )*
*See NY Times article attached hereto as Exhibit    ( K̲ )*

*Case: 11-3663 Document: 154 Page: 10 12/07/2011 1050073 46 Case: 11-3663 Document: 30*
*Page: 10 12/07/2011 511290 46• 30.*

*The investigations and controversies surrounding the Baum Firm directly call into question*

*the validity and procedure of the underlying foreclosure action.*

*31. Specifically, Appellants were not"properly served in the foreclosure*

*action and were not given a just opportunity to defend against the action.*

*The Court erred in its ruling that the Appellants were properly served. The Baum Firm*

*fraudulently represented that the Appellant had been properly served. This assertion was false.*

*32. The underlying mortgage agreement was entered into under false representations by the*

*loan officer at Homecomings. Specifically, the Appellants were told that the mortgage would*

*have an interest rate of 5 percent for the first five years. The Appellants entered the mortgage*

*agreement relying on the representations of the loan office at Homecomings. Therefore, the*

*Appellants were coerced with fraudulent information.*

*33. This is direct conflict with the Truth in Lending Act (TILA) which Homecoming*

*knowingly violated in coercing the Appellants. Under the TILA, Homecomings was required*

*to disclose the correct and accurate terms of the mortgage agreement. Homecomings did not.*

*In fact, Homecomings knowingly  mislead the Appellant by stating that the mortgage was a*

*fixed rate mortgage. The Appellants relied on the representations of Homecoming.*

*Case: 11-3663 Document: 154 Page: 11 12/07/2011 1050073 46 Case: 11-3663 Document: 30*
*Page: 11 12/07/2011 511290 46•*

17

.

*34. The TILA provides that the when a lender is in violation of the TILA, an agreement can be*

*rescinded. Given that Homecoming knowingly and fraudulently coerced the Appellants into a*

*predatory mortgage agreement and the agreement should therefore be rescinded.*

*35. In Re: New York Skyline Inc, 09-10191, it was held that:*

*To demonstrate a lawful right to rescind, the plaintiff must plead and prove*

*fraud in the inducement of the contract, failure of consideration, an inability*

*to perform the contract after it is made, or a breach of the contract that*

*substantially defeats the purpose for which it was made. New Paradigm*

*Software Corp. v. New Era of Networks, Inc., 107 F. Supp. 2d 325, 329 (S.D.N.Y.2000).*

*36. The Appellants were fraudulently induced into accepting the mortgage agreement. Had the*

*Appellants been made fully aware of the correct terms of the mortgage agreement they would*

*not have accepted same.*

*37. Moreover, New York Law holds that a unilateral mistake must be "coupled with some*

*fraud." Allen, 945 F.2d at 44; see also AMEX, 316 F.3d at 161 (holding that reformation*

*requires "a mistake on one side, and fraud on the other"); Barclay Arms, Inc. v. Barclay*

*Am1s Assoc._, 74 N.Y.2d 644, 646, 542 N.Y.S.2d 512,513-14 (1989) ("A bare claim unilateral*

*mistake by plaintiff, unsupported by legally sufficient allegations of fraud on the part of*

*defendants, does not state a cause of action for reformation. ")*

*Case: 11-3663 Document: 154 Page: 12 12/07/2011 1050073 46 Case: 11-3663 Document: 30*
*Page: 12 12/07/2011 511290 46•*

*38. Homecomings knowingly and willfully misled the Appellants into entering the mortgage*

*agreement. Had it not been for Homecomings fraudulent representations and the Baum*

*Firm's fraudulent handling of the foreclosure proceeding, the Appellants would not have*

*accepted the mortgage agreement and the foreclosure judgment would never have been*

*rendered.*

*39. Upon all these misfortune the Quiroz et al, have been devastated since Helen Quiroz wife*

*of Ramon Quiroz mother of Janel Quiroz, Jessica Angel Quiroz , Casey Quiroz and*

*Grandmother of Alexa Marie Quiroz who was supposed to brought up the child was*

*wrongfully physical Harm and Death   on the 20 day of February 2012,  from emotional*

*stress mentally Harm,  physical treats from inappropriate conduct from (Defendants) US*

*Bank, GMAC & the Law Firm of Steven J, Baum P.C.  in the State Courts,  the District Court*

*the Court of Appeals Second Circuit, and  US Bankruptcy Court for the Southern District of*

*New York,.  Residential Capital, LLC,* **Case No. 12-12020 (MG) Attorney for Residential**

**Capital Mr. Norman S. Rosenbaum, Esq. OFFERED  RAMON QUIROZ IN COURT**

**$522.000 Five Hundred Twenty Two Thousand  Dollars., Quiroz et al Rejected.**

 See : Evidence **"BALLOT" Exhibit ( G )**

**Proof of claim Presented to Ramon Quiroz and Jessica Angel Quiroz**

19

# *Ramon Quiroz "third party Beneficiary"*

## *416.2 THIRD-PARTY BENEFICIARY*

*Ramon Quiroz is not a party to the contract. However, (Ramon Quiroz) may be entitled to damages for breach of the contract if he proves that ( US Bank, GMAC & Steven J. Baum P.C. ) intended that ( US Bank, GMAC & Steven J. Baum P.C. ) benefit from their contract.*

*It is not necessary for (Ramon Quiroz) to have been named in the contract. In deciding what ( US Bank, GMAC & Steven J. Baum P.C. ) intended, you should consider the contract as a whole, the circumstances under which it was made, and the apparent purpose the parties were trying to accomplish.*

## *SOURCES AND AUTHORITIES FOR 416.2*

*See RESTATEMENT (SECOND) OF CONTRACTS § 302 (1981):*

*[A] Beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and ... the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.*

*While the Supreme Court has not commented directly on the applicability of the Restatement (Second) of Contracts § 302 (1981) (but note Justice Shaw's partial concurrence in Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 280-81 (Fla. 1985)), all five district courts of appeal have cited the Restatement (Second) of Contracts § 302 (1981). Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Assn., Inc., 997 So.2d 433 (Fla. 2d DCA 2008); Technicable Video Systems, Inc. v. Americable of Greater Miami, Ltd., 479 So.2d 810 (Fla. 3d DCA 1985); Cigna Fire Underwriters Ins. Co. v. Leonard, 645 So.2d 28 (Fla. 4th DCA 1994);Warren v. Monahan Beaches Jewelry Center, Inc., 548 So.2d 870 (Fla. 1st DCA 1989); Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987). See also A.R. Moyer, Inc. v. Graham, 285 So.2d 397, 402 (Fla. 1973), and Carvel v. Godley, 939 So.2d 204, 207-208 (Fla. 4th DCA 2006) ("The question of whether a contract was intended for the benefit of a third person is generally regarded as one of construction of the contract. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish.").*

*Thus servicer advances, FDIC loss mitigation payments, and insurance payments actually received by the creditor (presumed usually to be the trust beneficiaries in a REMIC New York Trust) decrease the amount due TO the creditor — which therefore means that the amount due FROM the borrower must be reduced by the same amount. The fact that out of all the parties to the contract requiring or providing for those payments to the creditor, directly or indirectly, none of them was thinking about a benefit to the homeowner borrowers does not mean it doesn't count. The bank might not have thought about or even known you had an Aunt Tilly. But when she pays off your mortgage, it doesn't matter where the money came from.*

20

*And as for the contract for loan that is sometimes referred to as a quasi contract, assuming the homeowner has defended by denying the existence of an enforceable contract, here we are —*
SC12-1931 *Opinion*

**416.3 CONTRACT FORMATION — ESSENTIAL FACTUAL ELEMENTS (US Bank GMAC & Steven J. Baum P.C.)** *claims that the parties entered into a contract. To prove that a contract was created, (US Bank, GMAC & Steven J. Baum P.C.) must prove all of the following:*

*1. The essential contract terms were clear enough that the parties could understand what each was required to do;*

*2. The parties agreed to give each other something of value. [A promise to do something or not to do something may have value]; and*

*3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the parties said or did. You may not consider the parties' thoughts or unspoken intentions.*

*Note: If neither offer nor acceptance is contested, then element #3 should not be given. If (US Bank, GMAC & Steven J. Baum P.C.) did not prove all of the above, then a contract was not created.*

**NOTE ON USE FOR 416.3**

*This instruction should be given only when the existence of a contract is contested. If both parties agree that they had a contract, then the instructions relating to whether a contract was actually formed would not need to be given. At other times, the parties may be contesting only a limited number of contract formation issues. Also, some of these issues may be decided by the judge as a matter of law. Users should omit elements in this instruction that are not contested so that the jury can focus on the contested issues. Read the bracketed language only if it is an issue in the case.*

**SOURCES AND AUTHORITIES FOR 416.3**

*1. The general rule of contract formation was enunciated by the Florida Supreme Court in St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla. 2004) ("An oral contract … is subject to the basic requirements of contract law such as offer, acceptance, consideration and sufficient specification of essential terms.").*

*2. The first element of the instruction refers to the definiteness of essential terms of the contract. "The definition of 'essential term' varies widely according to the nature and complexity of each transaction and is evaluated on a case-by-case basis." Lanza v. Damian Carpentry, Inc., 6 So.3d 674, 676 (Fla. 1st DCA 2009). See also Leesburg Community Cancer Center v. Leesburg Regional Medical Center, 972 So.2d 203, 206 (Fla. 5th DCA 2007) ("We start with the basic premise that no person or entity is bound by a contract absent the essential elements of offer and acceptance (its agreement to be bound to the contract terms), supported by consideration.").*
- 46 –

*3. The second element of the instruction requires giving something of value. In New York, to constitute valid consideration there must be either a benefit to the promisor or a detriment to the promisee. Mangus v. Present, 135 So.2d 417, 418 (Fla. 1961). The detriment necessary for consideration need not be an actual loss to the promisee, but it is sufficient if the promisee does something that he or she is not legally bound to do. Id.*

*4. The final element of this instruction requires an objective test. "[A]n objective test is used to determine whether a contract is enforceable."Robbie v. City of Miami, 469 So.2d 1384, 1385*

21

*(Fla. 1985). The intention as expressed controls rather than the intention in the minds of the parties. "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing." Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla. 1957).*
*And as to whether the Plaintiff must prove they have been damaged by the defendant's breach of contract —*
*SC12-1931 Opinion*

## 416.4 BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS
*To recover damages from (US Bank, GMAC, Steven J. Baum P.C.) for breach of contract,(US Bank, GMAC & Steven J. Baum P.C.) must prove all of the following:*

1. *(Claimant) and (defendant) entered into a contract;*
2. *(Claimant) did all, or substantially all, of the essential things which the contract*

*required [him] [her] [it] to do [or that [he] [she] [it] was excused from doing those things];*

3. *[All conditions required by the contract for (US Bank, GMAC & Steven J. Baum P.C. "Defendants")performance had occurred;]*
4. *[(US Bank, GMAC & Steven J. Baum P.C.) failed to do something essential which the contract required Defendants to do] [(Defendant) did something which the contract prohibited [US Bank, GMAC, Steven J, Baum P.C.] from doing and that prohibition was essential to the contract]; and*
5. *(Quiroz et al) was harmed by that failure. SC12-1931 Opinion*
*NOTE ON USE FOR 416.4*

## SOURCES AND AUTHORITIES FOR 416.4
*1. An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. Friedman v. New York Life Ins. Co., 985 So.2d 56, 58 (Fla. 4th DCA 2008). This general rule was enunciated by various Florida district courts of appeal. See Murciano v. Garcia, 958 So.2d 423, 423-24 (Fla. 3d DCA 2007);Abbott Laboratories, Inc. v. General Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000); Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994); Knowles v. C.I.T. Corp., 346 So.2d 1042, 1043 (Fla. 1st DCA 1977).*
*2. To maintain an action for breach of contract, a claimant must first establish performance on the claimant's part of the contractual obligations imposed by the contract. Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845, 848 (Fla. 1st DCA 1990). A claimant is excused from establishing performance if the defendant anticipatorily repudiated the contract. Hosp. Mortg. Grp. v. First Prudential Dev. Corp., 411 So.2d 181, 182-83 (Fla. 1982). Repudiation constituting a prospective breach of contract may be evidenced by words or voluntary acts but refusal must be distinct, unequivocal and absolute.Mori v. Matsushita Elec. Corp. of Am., 380 So.2d 461, 463 (Fla. 3d DCA 1980).*
*- 48 –*

3. *"Substantial performance is performance 'nearly equivalent to what was bargained for.'" Strategic Resources Grp., Inc. v. Knight-Ridder, Inc., 870 So.2d 846, 848 (Fla. 3d DCA 2003). "Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So.2d 72, 75 (Fla. 4th DCA 1971).*

4. *The doctrine of substantial performance applies when the variance from the contract specifications is inadvertent or unintentional and unimportant so that the work actually performed is substantially what was called for in the contract. Lockhart v. Worsham, 508 So.2d 411, 412 (Fla. 1st DCA 1987). "In the context of contracts for construction, the doctrine of substantial performance is applicable only where the contractor has not willfully or materially breached the terms of his contract or has not intentionally failed to comply with the specifications." National Constructors, Inc. v. Ellenberg, 681 So.2d 791, 793 (Fla. 3d DCA 1996).*

5. *"There is almost always no such thing as 'substantial performance' of payment between commercial parties when the duty is simply the general one to pay." Hufcor/Gulfstream, Inc. v. Homestead Concrete & Drainage, Inc., 831 So.2d 767, 769 (Fla. 4th DCA 2002).*

*So if you look at both the pleading and the proof from the pretender lenders, they never actually say they paid for anything and they never actually say they were harmed and therefore, the Judge surmises incorrectly, that they don't have to prove financial injury because it is somehow presumed. That is wrong. And since these jury instructions are published by the Florida Supreme Court, I don't think the Judge has very much discretion to go outside these instructions when he or she is making the decision himself or herself — without (as the instructions from the Supreme Court say) unequivocally stating the grounds upon which the Judge deviated from the-standard-jury-instruction.*

*And as for the origination of the loan, which definitely starts as an oral contract —*
*SC12-1931 Opinion*
*416.5 ORAL OR WRITTEN CONTRACT TERMS [Contracts may be written or oral.] [Contracts may be partly written and partly oral.] Oral contracts are just as valid as written contracts.*
*NOTE ON USE FOR 416.5*
*Give the bracketed alternative that is most applicable to the facts of the case. If the complete agreement is in writing, this instruction should not be given.*
*SOURCES AND AUTHORITIES FOR 416.5*

1. *An "agreement, partly written and partly oral, must be regarded as an oral contract, the liability arising under which is not founded upon an instrument of writing." Johnson v. Harrison Hardware Furniture Co., 160 So. 878, 879 (Fla. 1935).*

2. *An oral contract is subject to the basic requirements of contract law such as offer, acceptance, consideration, and sufficient specification of essential terms. St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla. 2004).*

3. *"The complaint alleged the execution of an oral contract, the obligation thereby assumed, and a breach. It therefore set forth sufficient facts which taken as true, would state a cause of action for breach of contract." Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985).*

23

4. *As long as an essential ingredient is not missing from an agreement, courts have been reluctant to hold contracts unenforceable on grounds of uncertainty, especially where one party has benefited from the other's reliance. Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984); Community Design Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984). When the existence of a contract is clear, the jury may properly determine the exact terms of an oral contract. Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985).*

5. *"To state a cause of action for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to 'a certain and definite proposition' and left no essential terms open." W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc., 728 So.2d 297 (Fla. 1st DCA 1999). See also Carole Korn Interiors, Inc. v. Goudie, 573 So.2d 923 (Fla. 3d DCA 1990) (company which provided interior design services sufficiently alleged cause of action for breach of oral contract, when company alleged that: it had entered into oral contract with defendants for interior design services; company had provided agreed services; defendants breached contract by refusing to remit payment; and company suffered damages); Rubenstein v. Primedica Healthcare, Inc., 755 So.2d 746, 748 (Fla. 4th DCA 2000) ("In this case, appellant sufficiently pled that Primedica, upon acquiring Shapiros' assets, which included their oral agreement with appellant, mutually- 50 –assented to appellant's continued employment under the same terms and conditions as with Shapiro. Further, he alleged that he suffered damages as a result of his termination.").*

So if the offer to loan money came from a party who did not loan the money then there is no contract, oral or written, and no documents that could be used as evidence of an enforceable contract because the basic elements of contract are absent. The same would hold true for assignments. Thus the pile of "transfer documents" are all meaningless and worthless unless there was an original enforceable contract.

As for the duty to disclose all intermediary parties and their compensation and the rise of an implied contract —

SC12-1931 Opinion

**416.6 CONTRACT IMPLIED IN FACT**

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or under the circumstances should know, that the other party will understand the conduct as creating a contract.

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all of the circumstances.

NOTE ON USE FOR 416.6

Use this instruction where there is no express contract, oral or written, between the parties, and the jury is being asked to infer the existence of a contract from the facts and circumstances of the case.

SOURCES AND AUTHORITIES FOR 416.6

1. *"[A]n implied contract is one in which some or all of the terms are inferred from the conduct of the parties and the circumstances of the case, though not expressed in words." 17A AM. JUR. 2d Contracts § 12 (2009).*

2. *"In a contract implied in fact the assent of the parties is derived from other circumstances, including their course of dealing or usage of trade or course of performance." Rabon v. Inn of*

24

*Lake City, Inc.*, 693 So.2d 1126, 1131 (Fla. 1st DCA 1997); *McMillan v. Shively*, 23 So.3d 830, 831 (Fla. 1st DCA 2009).

3. In *Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co.*, 695 So.2d 383, 387 (Fla. 4th DCA 1997), the Fourth District held:

*A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words.*" 17 AM. JUR. 2d Contracts § 3 (1964); Corbin, *CORBIN ON CONTRACTS §§ 1.18-1.20* (Joseph M. Perillo ed. 1993). *When an agreement is arrived at by words, oral or written, the contract is said to be "express." 17 AM. JUR. 2d Contracts § 3. A contract implied in fact is not put into promissory words with sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement. Id.; CORBIN ONCONTRACTS § 562 (1960). It is to this process of defining an enforceable agreement that Florida courts have referred when they have indicated that contracts implied in fact "rest upon the assent of the parties." Policastro v. Myers*, 420 So.2d 324, 326 (Fla. 4th DCA 1982); *Tipper v. Great Lakes Chemical Co.*, 281 So.2d 10, 13 (Fla. 1973). *The supreme court described the mechanics of this process in Bromer v. Florida Power & Light Co.*, 45 So.2d 658, 660 (Fla. 1950):

– 52 –

[A] [c]ourt should determine and give to the alleged implied contract "the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly thereto." 12 AM. JUR. 2d 766.

*See Mecier v. Broadfoot*, 584 So.2d 159, 161 (Fla. 1st DCA 1991).

*Common examples of contracts implied in fact are when a person performs services at another's request, or "where services are rendered by one person for another without his expressed request, but with his knowledge, and under circumstances" fairly raising the presumption that the parties understood and intended that compensation was to be paid.Lewis v. Meginniss*, 12 So. 19, 21 (Fla. 1892); *Tipper*, 281 So.2d at 13. *In these circumstances, the law implies the promise to pay a reasonable amount for the services. Lewis*, 12 So. at 21; *Lamoureux v. Lamoureux*, 59 So.2d 9, 12 (Fla. 1951); *A.J. v. State*, 677 So.2d 935, 937 (Fla. 4th DCA 1996); *Dean v. Blank*, 267 So.2d 670 (Fla. 4th DCA 1972); *Solutec Corp. v. Young & Lawrence Associates, Inc.*, 243 So.2d 605, 606 (Fla. 4th DCA 1971).

....

*For example, a common form of contract implied in fact is where one party has performed services at the request of another without discussion of compensation. These circumstances justify the inference of a promise to pay a reasonable amount for the service. The enforceability of this obligation turns on the implied promise, not on whether the defendant has received something of value. A contract implied in fact can be enforced even where a defendant has received nothing of value.*

25

## *CONCLUSION*

*39. For reasons discussed above, this Court should:*

*A) Rule for the Breach of the Contract Agreement.*

*b) Award rescission of the Mortgage Agreement;*

*c) Declaratory judgment to quiet title of the property in question;*

*d )Standing as a matter of rights*

*e )Third Party Beneficiary*

*f) Unjust enrichment damages corresponding to the loan amounts;*

*g) Punitive damages in the amount of $1 ,000,000.00*

*h) Indemnification for the Physical Harm Wrongful Death, Abused, Threats from US Bank, GMAC with Steven J, Baum P.C. Caused Emotional Stress Detriment, Pain and Suffering, from false and illegal procedure in the court of law by US Bank, GMAC, Steven J. Baum P.C. Helen Quiroz died on the 20 day of February 2012.*

26

*Respectfully Submitted*
*Ramon Quiroz*

_____

*Ramon Quiroz Pro-Per*
*89-37 Metropolitan Ave*
*Rego Park NY 11374*
*( 718-275-2192 )*
*Email: rayorlando10@gmail.com*

*I swear the above is true under penalties of perjury.*

*Sworn to before me*

*On July...18..., 2014*

_____
*Notary Public*

*Ramon Quiroz*

IRENE MENDEZ
Notary Public - State of New York
No. 01ME6268171
Qualified in Queens County
My Commission Expires August 27, 2016

27

**SUPREME COURT OF THE UNITED STATES**

----------------------------------------------------

Ramon Quiroz, Helen Quiroz
           *Petitioners*                            *VERIFICATION*
           *VS*                                    <u>*Re:*</u>
U.S. BANK, GMAC a/s/a Homecomings,
Steven J Baum P.C.                    *89-37 Metropolitan Ave Rego Park N.Y. 11374*
            *Respondents*         *Block 3176 Lot 13 DWELLING ONLY-1 FAMILY*

----------------------------------------------------

*I Ramon Quiroz, Plaintiffs ( Petitioner )  I verify  being duly sworn and say I am not a party in the foreclosure proceeding.  Indeed I am the truly owner of the property in "question" and where I live located at: 89-37 Metropolitan Ave Rego Park New York 11374.*
*On this day…….,July 2014,  I filed this document for a Writ of Certiorari to the Court of Appeals Second Circuit and on behalf of my Wife Helen Quiroz who Died on the 20 day of February 2012, caused by WRONGFULL DEATH, from Severe Emotional Threats, Abused, Pain and suffering.*
*RESPONDETS committed FRAUD. Petitioner Appeal to the United States Supreme Court Washington D.C. There are Conflicts in the Court of Appeals Second Circuit when in fact US Bank, GMAC with Steven J. Baum P.C. issued false documents in the Supreme Court County of Queens New York, against Quiroz Et Al. They did not properly served in the foreclosure proceedings, the State Court erred in finding otherwise, US Bank, GMAC and Steven J. Baum P.C.  Got an order from the Supreme Court Queens County to auction and sell the property. On May 22, 2009 Hon.  Howard G Lane and Hon.  Lawrence V. Cullen Order to* **Stay.** *The Court of Appeals Second Circuit:* **ORDERED** *that (1) the Appellants' motion for summary judgments is* **CONSTRUED** *as* **motion for summary reversal of the district court's** *August 9, 2011 judgment dismissing the Appellants' complaint; (2) as construed, decision of the motion is* **DEFERRED** *pending the lifting termination of the automatic stay, see 11 U.S.C. Respondents have committed a crime, the same is true to my knowledge and belief, and as those matters I believed them to be true. To the best of my knowledge information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers of the contentions therein are not frivolous as defined in subsection ( C ) of section 130-1-1 of the Rules of the Chief Administration ( 22 NYCRR ).*
*The foregoing statements are true, under penalty of perjury.*

Sworn to before me
This day of July .1..8, 2014

_____
Notary Public

                                  *Ramon Quiroz Pro-Se*

**IRENE MENDEZ**
Notary Public - State of New York
No. 01ME6268171
Qualified In Queens County
My Commission Expires August 27, 2016

*SUPREME COURT UNITED STATES*

------------------------------------------------------

*Ramon Quiroz, Helen Quiroz*
                    *Petitioner*                                    *Affidavit of Service*
            *VS*                                            *Re:*
*U.S. BANK, GMAC, Homecomings,*
*Steven J Baum P.C.*                        *89-37 Metropolitan Ave Rego Park N.Y. 11374*
                    *Respondent*        *Block 3176 Lot 13 DWELLING ONLY-1 FAMILY*

------------------------------------------------------

*I Ramon Quiroz, being duly sworn says, I am not a party in the foreclosure action, I am over 18th years of age and reside at 89-37 Metropolitan Ave Rego Park, NY 11374.*
*On July ... ..., 2014 I served a true copy of the following papers: Petition for a Writ of Certiorari to the Court of Appeals Second Circuit. Respondent Appeal to the United States Supreme Court Washington D.C. Against: US BANK, GMAC, Steven J, Baum P.C. By depositing a true copy of same which are attached to this Affidavit in the following matter by depositing in the United States Post Office of the State of New York, certify priority mail. No. 1 Attorney for Respondents ZEICHNER ELLMAN & KRAUSE LLP Kenneth C. Rudd Robert & Robert Guttmann Attorney for US Bank, N.A. as Trustee, Homecomings Financial, LLC(s/h/a Homecomings Financial), GMAC Mortgage, LLC, (s/h/a GMAC Mortgages, Presidents Officials) & Steven J. Baum P.C. at: 1211 Avenue of the Americas 40th Floor New York, New York 10036.*
*No. 2 The United States Supreme Court at: 1 First St NE, Washington, DC 20543.*


*Please note that no other party in this action has answered, appeared or requested notification of this motion; therefore no other parties are entitled to notice of this application.*

*The foregoing statements are true, under the penalty of perjury.*

        *Swore to before me*

*This date of July 18, 2014*

_____
*Notary Public*

                                *Ramon Quiroz Pro-Se*
                                *89-37 Metropolitan Ave*
                                *Rego Park NY 11374*


**IRENE MENDEZ**
Notary Public - State of New York
No. 01ME6268171
Qualified In Queens County
My Commission Expires August 27, 2018

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC  20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

August 15, 2014

Mr. Ramon Quiroz
89-37 Metropolitan Ave.
Rego Park, NY  11374

      Re:  Ramon Quiroz
           v. U.S. Bank National Association, as Trustee, et al.
           No. 14-5783

Dear Mr. Quiroz:

    The petition for a writ of certiorari in the above entitled case was filed on July 19, 2014 and placed on the docket August 15, 2014 as No. 14-5783.

    A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

**Scott S. Harris**, Clerk

by

Michael Duggan
Case Analyst

Enclosures



RECEIVED
SEP - 8 2014
U.S. BANKRUPTCY COURT, SDNY