## UNITED STATES BANKRUPTCY COURT-SOUTHERN DISTRICT OF NEW YORK

| IN RE: | Chapter 11 |
| RESIDENTIAL CAPITAL LLC, et al | Case No. 12020- [ALG] |
| | and 12-12032 |
| | Jointly Administered] |

## PATRICK FARRELL'S REQUEST FOR JUDICIAL NOTICE OF THE FACT OF THE OTHER TRUST NAMED AS DUE DEBT AFTER 7 YEARS

**SUMMARILY, the claim of Res Judicata in the summary judgment by counsel is a Fraud and is not the basis for denying the Farrell claims.**

**DEC 2007**-alleged plaintiff in case 07-CA-16767 is; WELLS FARGO BANK N.A. AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-2. They failed to foreclose on that premise, so they changed the trust, without assignment, into a trust that closed one month before the Farrell note was made!

**JULY 2013-AFFIDAVIT OF INDEBTEDNESS to support summary judgment;**

Lori Ann Dasch signs her affidavit as authorized signer for OCWEN Loan Servicing successor in interest to GMACM as servicing agent for; WELLS FARGO BANK N.A. AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMPAC MORTGAGE HOLDINGS ASSETS CORP.COLLATERALIZED ASSET-BACKED BONDS SERIES 2005-6.

This is not the alleged plaintiff, so the lawsuit since DEC 2007 is a Fraud Upon the Court.

MAY 2008- Affidavit of Indebtedness has IMPAC SECURED ASSETS-2005-2 as due

The 2 alleged trusts were fully discharged in JUNE 2008, in the AHM BK case 07-11047

IMH-2005-6, closed on SEPT 9,2005, my note was not made until OCT 11, 2005!

**WHEREFORE**, this Court should grant the Farrell claims for litigating against a fraud for 7 years, enjoining costs, fees and damages.

RECEIVED
SEP - 8 2014
U.S. BANKRUPTCY COURT, SDNY

1

**Attached is a new decision from New York against WELLS FARGO on standing.**

SUPREME COURT OF NEW YORK-- AUGUST 27,2014

HSBC VS. MILLER

Case dismissed as "plaintiff' had no standing to sue, as the 700 page Pooling and Servicing
Agreement makes no mention of the note anywhere in it and late assignment is VOID.
Numerous elements in that case are similar to Farrell's. A full reading of this case with the
highlighted portions, shows the same result will prevail in the Farrell case.

---

**If GMAC was a "loan servicor" taking payments for a fee, how did they go bankrupt?**

ANSWER, WELLS FARGO pledged my bank note to one "trust", GMAC pledged the mortgage
to another trust and BEAR STEARNS [MBS underwriter] pledged the 30 year interest to another
trust, and did that by the millions acting as if they were owners.

So, GMAC/OCWEN, WELLS FARGO created 3 income streams from one house.

The NOTE was discharged in the AHM BK case 07-1047 with DEUTSCHE BANK.

The INTEREST was paid off in Credit Default Swaps.

The MORTGAGE was bought by the Federal Reserve, the US Treasury, and the IRS on July
25,2011 on a UCC-1 Financing statement made in MASS. for $14.3 Trillion dollars.

The COLLATERAL is 300 million American citizens by way of their Birth Certificate bonds

**New York Estate Powers and Trust Law Art. 7 sec. 2.4-** a late contribution [Assignment of
Mortgage] into a trust is VOID AB INITIO, in part because no real Investor, will take a
defaulted mortgage, that is worthless, or worth less then the invested amount.

AND the IRS can tax the trust for not behaving as a genuine stagnant REMIC.

The IRS did not tax these trusts because in reality, the late contributions DID NOT OCCUR.

In my ANSWER TO FORECLOSURE, that I filed with this court, PAGE 5, PARA.67, see IRS
Publication 938, the alleged trust did not exist past 2008, because it was discharged in the AHM
BK case. Foreclosing by using the mortgage document is Null and Void.

**PLEDGING ESTABLISHED AS BASIS FOR MONETARY SYSTEM**

In 1933 major bank laws were made, HJR-192 on JUNE 5,1933 being very important.

HJR-192 says Security Agreements with Collateral listed, replaces money as substance.

One [SUCH AS MYSELF] can discharge debts with a Bill of Exchange which I did in APR
2008, which cancels the continuing foreclosure. That Bill was used to get TARP funds.

**The following paragraph is from my opposition to summary judgment in APR 2014.**

*Pursuant to HJR-192, since 1933, there is NO money in the USA.INC, there is a credit base, made by each citizen's Birth Certificate, which backs a bond for $1,000,000, and goes into a US Treasury account. As of JAN 2008, I have taken full control of that account, by Power of Attorney, voided any and all previous adhesion paper or "contracts, and used this account to discharge the alleged debt in APRIL 2008, which WFBNA accepted and used it to get TARP funds as described before. This UCC, **Accepted For Value** process, is exactly what GMAC and WFBNA tried to do with their JAN 2009 Assignment of Mortgage which says; **FOR VALUE RECEIVED**. As stated in my ANSWER, MY paperwork was done 1 year BEFORE theirs, as per the UCC, first in Time is First in Line. See CITY OF PALM BAY V. WELLS FARGO BANK N.A. 114 So. 3d 924 [Fla. 2013]*

**The Fl. Supreme Court basically said, whoever files a UCC-1 Lien first is the owner.**
**JAN 2008- Farrell filed UCC-1 Liens and Bill of Exchange into the case 07-CA-16767;**
**JULY 2011 – The Federal Reserve filed their UCC-1 3.5 years later. Farrell first.**

**New York Estate Powers and Trust Law Art.7** says NO loan can be put into a trust late, it is VOID AB INITIO. The IRS has not taxed the trusts, because the loans were not put in late, even though GMAC said they were, they were not. Foreclosure by a trust is VOID AB INITIO and my 7 year needless battle is to be rewarded for being frivolous.

**WHEREFORE**, I Patrick Farrell, Claimant and Secured Party Creditor, respectfully requests this Honorable Court to ORDER my claims be paid.

**CERTIFICATE OF SERVICE**

Honorable Martin Glenn, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, NewYork 10004-1408;

Office of the United States Trustee for the Southern District of New York,U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014

MORRISON & FOERSTER LLP-250 West 55th St.-New York, New York 10019

Norman S. Rosenbaum-Jordan A. Wishnew- Meryl L. Rothchild

BRADLEY ARANT BOULT CUMMINGS, LLP-1615 L Street, NW, Suite 1350 Washington, DC 20036-Christian Hancock-Monica Wilson

WITHOUT PREJUDICE-U.C.C.-1-308

_____

Patrick Lorne Farrell as Trustee for the

PATRICK FARRELL IRREVOKABLE LIVING TRUST

in Propria Persona-Attorney In Fact-Sovereign-Secured Party Creditor

signed "without the united states" and without prejudice/UCC 1-308

UCC-1 Filing # 2007-356-2344-8 [12/22/07]-Wash. St.

2904 NW14th Terrace-Cape Coral, Florida-[33993-9998]-D.M.S.R. SEC.112.32

SEPTEMBER 4,2014

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2, Plaintiff, | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA CIVIL DIVISION CASE NO.: 2007-CA-016767 |
| vs. | |
| PATRICK FARRELL, *et al.*, Defendants. | |

### AFFIDAVIT OF INDEBTEDNESS

STATE OF PENNSYLVANIA

COUNTY OF MONTGOMERY

BEFORE me, personally appeared _____**Lori Ann Dasch**_____ who, being of lawful age and after being first duly sworn, deposes and says:

1. I am _____**Default Specialist**_____ of Ocwen Loan Servicing, LLC, ("Ocwen"), successor in interest to GMAC Mortgage, LLC, servicer for Plaintiff in this action. In this capacity I have personal knowledge of the facts and matters stated herein, and I am authorized to execute this Affidavit on behalf of Ocwen.

2. The information contained in this Affidavit is contained in the original books and records maintained by Ocwen, and the records referenced or summarized herein constitute records or data compilations ("the Records") of transactions ("the Transactions") relating to the servicing of the mortgage loan at issue in this foreclosure action. The Records were made at or near the indicated time based on information transmitted by, or from, a person with knowledge of the Transactions. The Records are kept in the course of Ocwen's regularly conducted business activity. In the course of my regular job duties I have access to and am familiar with these Records, and I reviewed and relied upon these Records in executing this Affidavit.

3. According to the Records, the Plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 was the designated holder of the note, or otherwise authorized to enforce, the promissory note and mortgage upon which this foreclosure action is based. True and correct copies of the note and mortgage at issue in this foreclosure action are attached to this Affidavit as Exhibit A.

4. According to these Records, the Defendant/Defendants has/have defaulted pursuant to the terms of the promissory note and mortgage sued upon by failing to tender the Plaintiff the required payments when due. The default has not been cured and the Plaintiff has elected, in accordance with the terms of the note and mortgage, to accelerate the payment of the entire principal sum, together with accrued interest.

5. According to the Records, as of _____**07/08/2013**_____, there is due and owing to the Plaintiff upon said note and mortgage the following amounts:

Transition

12-12481

Exhibit 2

| | | |
|---|---|---|
| a) | Unpaid Principal Balance on the note and mortgage | $ 277,105.62 |
| b) | Accrued interest from 07/01/07 to 07/08/13 (per diem $ 47.45) | $ 104,246.87 |

| | | | |
|---|---|---|---|
| c) | Escrow: | | $ 50,606.78 |
| | Taxes | $ 19,686.58 | |
| | Hazard Insurance | $ 30,920.20 | |

| | | |
|---|---|---|
| d) | Pre-acceleration Late Charges | $ 348.48 |
| e) | Property Appraisal | $ 0.00 |
| f) | Property Inspections | $ 635.50 |
| g) | Non-Sufficient Funds | $ 0.00 |
| h) | Interest on Advances | $ 0.00 |
| i) | Brokers Price Opinion | $ 206.00 |
| j) | Bankruptcy Fees and Costs | $ 1,050.00 |
| k) | Property Preservation | $ 70.00 |

TOTAL PRINCIPAL, INTEREST AND EXPENSES        $ 434,269.25

6.   On account of Defendant's/Defendants' default under the note and mortgage sued upon herein, GMACM and now Ocwen, retained its attorney of record and authorized the filing of this action. Further, Ocwen has agreed to be bound and obligated itself to pay said attorney for his/her services such sum as the Court shall adjudge to be reasonable.

Affiant Signature: _____

Print Name: __Lori Ann Dasch__

Title: __Authorized Signer, Ocwen Loan Servicing, LLC, successor in interest to GMAC Mortgage, LLC, servicing agent for WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-6__

Sworn to and subscribed before me,

this __9__ day of __July__, 20_13_

_Patricia Nolan Hoffman_

Notary Public, Commonwealth of __Pennsylvania__

County of __Montgomery__

Commissioned Name of Notary Public __Patricia Nolan Hoffman__

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA NOLAN HOFFMAN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 15, 2015

Transition

12-12481

424B5 1 d369083_424b5.htm IMH ASSETS CORP.

Prospectus Supplement dated September 8, 2005 (to Prospectus dated September 8, 2005)

# $1,717,619,000

[insert Impac logo]

## Impac Funding Corporation
Master Servicer

### IMH Assets Corp.
Company

### Impac CMB Trust Series 2005-6
### Collateralized Asset-Backed Bonds, Series 2005-6

**You should consider carefully the risk factors beginning on page S-11 in this prospectus supplement.**

**The Trust**

The Impac CMB Trust Series 2005-6 will consist primarily of two groups of mortgage loans:

- the first group will consist of fixed-rate first lien, adjustable-rate first lien and fixed-rate second lien, one- to four-family residential mortgage loans; and

- the second group will consist of adjustable-rate, first lien multifamily mortgage loans.

In addition, the trust will include derivative contracts to make additional payments to some classes of bonds.

The trust will issue fifteen classes of bonds, the Class 1-A-1, Class 1-A-2, Class 1-M-1, Class 1-M-2, Class 1-M-3, Class 1-M-4, Class 1-M-5, Class 1-B-1, Class 1-B-2, Class 2-A-1, Class 2-A-2, Class 2-M-1, Class 2-M-2, Class 2-B-1 and Class 2-B-2 Bonds, each of which is offered under this prospectus supplement.

**Credit Enhancement**

The offered bonds will have credit enhancement in the form of excess interest and overcollateralization, cross-collateralization between the pools to cover realized losses, subordination and a bond guaranty insurance policy issued by Ambac Assurance Corporation for the benefit of the Class 1-A-1 Bonds and Class 1-A-2 Bonds only.

The price to investors will vary from time to time and will be determined at the time of sale. The proceeds to the company from the offering will be approximately 99.71% of the aggregate bond principal balance of the bonds, less expenses estimated to be approximately $900,000. *See "Method of Distribution" in this prospectus supplement.*

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of the offered bonds or determined that this prospectus supplement or the prospectus is accurate or complete. Any representation to the contrary is a criminal offense.**

**The Attorney General of the State of New York has not passed on or endorsed the merits of this offering. Any representation to the contrary is unlawful.**

Merrill Lynch & Co.                                    Bear, Stearns & Co. Inc.

UBS Investment Bank
Underwriters

http://www.sec.gov/Archives/edgar/data/1017447/0000882377050024...

### Important notice about information presented in this prospectus supplement and the accompanying prospectus

**You should rely on the information contained in this document. We have not authorized anyone to provide you with different information.**

We provide information to you about the bonds in two separate documents that provide progressively more detail:

- the accompanying prospectus, which provides general information, some of which may not apply to your series of bonds; and

- this prospectus supplement, which describes the specific terms of your series of bonds.

The Company's principal offices are located at 1401 Dove Street, Newport Beach, California 92660 and its phone number is (949) 475-3600.

### Table of Contents

### Prospectus Supplement

TOC style is "TOC Title"SUMMARY OF
PROSPECTUS SUPPLEMENT
RISK FACTORS
THE MORTGAGE POOL
YIELD ON THE BONDS
THE ISSUER
THE OWNER TRUSTEE
THE INDENTURE TRUSTEE
THE BOND INSURER
DESCRIPTION OF THE BONDS
DESCRIPTION OF THE SERVICING AGREEMENT
THE INDENTURE
FEDERAL INCOME TAX CONSEQUENCES
METHOD OF DISTRIBUTION
SECONDARY MARKET
LEGAL OPINIONS
EXPERTS
RATINGS
LEGAL INVESTMENT
ERISA CONSIDERATIONS
GLOSSARY
ANNEX I GLOBAL CLEARANCE, SETTLEMENT AND TAX DOCUMENTATION
    PROCEDURES

http://www.sec.gov/Archives/edgar/data/1017447/0000882377050024...

### SUMMARY OF PROSPECTUS SUPPLEMENT

**The following summary is a very general overview of the bonds and does not contain all of the information that you should consider in making your investment decision. To understand all of the terms of the bonds, you should read carefully this entire document and the accompanying prospectus.**

| | |
|---|---|
| Issuer | Impac CMB Trust Series 2005-6. |
| Title of Series | Collateralized Asset-Backed Bonds, Series 2005-6. |
| Cut-off Date | August 1, 2005. |
| Closing Date | September 9, 2005. |
| Mortgage Loans | The mortgage loans in loan group 1 will be fixed-rate first lien, adjustable-rate first lien and fixed-rate second lien, one-to four-family residential mortgage loans. The mortgage loans in loan group 2 will be adjustable-rate, first lien multifamily mortgage loans. |
| Company | IMH Assets Corp., an affiliate of the Master Servicer and Seller. |
| Master Servicer | Impac Funding Corporation. |
| Seller | Impac Mortgage Holdings, Inc., an affiliate of the Company and the Master Servicer. |
| Subservicers | Initially, with respect to substantially all of the mortgage loans in loan group 1, Countrywide Home Loans Servicing LP. On or about December 1, 2005, the subservicing with respect to substantially all of the mortgage loans in loan group 1 will be transferred to GMAC Mortgage Corporation. With respect to all of the mortgage loans in loan group 2, Midland Loan Services, Inc. |
| Indenture Trustee | Wells Fargo Bank, N.A. |
| Owner Trustee | Wilmington Trust Company. |
| Bond Insurer | Ambac Assurance Corporation. |
| Payment Date | The 25th of each month or, if the 25th is not a business day, on the next business day, beginning in September 2005. |
| Bonds | The classes of bonds and their bond interest rates and bond principal balances are set forth in the table below. |

9/4/2014 9:28 AM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------------------------------X
HSBC BANK USA, NATIONAL ASSOCIATION, AS
TRUSTEE FOR WELLS FARGO ASSET SECURITIES
CORPORATION, MORTGAGE ASSET-BACKED PASS-
THROUGH CERTIFICATES SERIES 2007-PA2,

                               Plaintiffs,

      -against-                                  DECISION & ORDER

JEFFREY F. MILLER,
CHASE BANK USA, N.A.,
CAPITAL ONE BANK USA, N.A.,
GEMINI CAPITAL GROUP, LLC,
                              Defendants.
-------------------------------------------------------------------------X
Motion Return Date: August 11, 2014
RJI No.: 52-35458 2014
Index No.: 0514-2014

**Appearances:**      Frenkel Lambert Weiss Weisman & Gordon, LLP
                        Attorneys for the Plaintiff
                        53 Gibson Street
                        Bay Shore, NY 11706
                        By: Christopher P. Kohn, Esq.

                        Jeffrey F. Miller
                        *Pro se* Defendant
                        c/o Terrace Hotel
                        15 West 6th Street
                        Cincinnati, Ohio 45202

Schick, J.:


     This matter comes on by *pro se* Defendant's Motion to Dismiss Plaintiff's

foreclosure action, in lieu of an Answer, based upon documentary evidence (CPLR

3211[a]1) and for lack of legal capacity to sue (i.e. standing, CPLR 3211[a]3).

This is Plaintiff's second attempt to foreclose upon Defendant's mortgaged

property located 108 Lakeshore Drive., Rock Hill, Sullivan County, New York.
The first was terminated on May 6, 2014, without prejudice, on the ground that
Plaintiff did not establish that the Note had been assigned from the lender to
Plaintiff and, therefore Plaintiff lacked standing to prosecute (Plaintiff's Ex. E). [1]

To commence a foreclosure action, Plaintiff must establish it has a legal or
equitable interest in the obligation, the Note, and the security, the mortgage.
(Wells Fargo Bank, NA v Marchione, 69 AD3d 204, 207 [2d Dept 2009]).
Plaintiff establishes standing by proffering evidence that it holds or has been
assigned the underlying Note, either by physical delivery or execution of a written
assignment prior to commencing the action by filing the Notice of Pendency and
the Complaint. (Wells Fargo Bank, NA v Marchione, 69 AD3d at 207-209; US
Bank v Collymore, 68 AD3d 752, 754 [2d Dept 2009]).

Where Plaintiff is not the lender and standing to sue is contested (HSBC
Bank USA, NA v Taher, 104 AD3d 815 [2d Dept 2013], as is the case here, the
Court's first obligation is to ascertain the chain of custody of the Note to
determine whether the Plaintiff was the beneficial owner of the Note at the time
the foreclosure was commenced. (Caprer v Nussbaum, 36 AD3d 176, 182 [2006];
Wells Fargo Bank Minn. NA v Mastropaolo, 42 AD3d 239, 242 [2007]; Bank of
NY v Silverberg, 86 AD3d 274, 280 [2d Dept 2011]).

The underlying Complaint (Ex. D ¶ 17), dated March 10, 2014, alleges, as it
must (Wells Fargo Bank, NA v Marchione, 69 AD3d at 207-208), that "plaintiff is
now the owner and holder of the said note and mortgage securing the same or has
been delegated the authority to institute a mortgage foreclosure action by the
owner...." Nevertheless, the question remains whether evidence in the record

---

[1] Plaintiff's motion to reargue was likewise denied, on October 29, 2009 (Defendant's
Ex.C).

supports that assertion (Mortgage Electronic Registration System Inc. v Coakley, 41 AD3d 674 [2007]).

Complicating matters, Plaintiff's Complaint (Plaintiff's Ex. D) is supported by a "lost note affidavit" (Plaintiff's Ex. G) and a "gap assignment" document (Ex. H), which are proffered to correct earlier shortcomings and which allegedly establish standing to foreclose. The Lost Note Affidavit is by an employee of Wells Fargo Bank, N.A., the "Servicer in the above captioned matter" (which paper has no caption) says he "is authorized to make this Affidavit on behalf of HSBC Bank, USA as Trustee for Wells Fargo Asset Securities, etc. Therein it is alleged that Defendant signed a Note in the amount of $525,000.00, issued by the lender, Real Estate Mortgage Network, Inc., which was secured by a mortgage upon Defendant's above noted premises. The Affidavit states that the Note and Mortgage were recorded by the Sullivan County Clerk on March 9, 2007, and that the original Note has been lost, misplaced or destroyed and replaced by a "certified true copy." The Affidavit is accompanied by what is purported to be a copy of the original Note containing Defendant's signature and has, stamped upon it, assignments from the lender, Real Estate Mortgage Network, Inc, to Wells Fargo Bank, NA and another blank endorsement ("Pay to the Order of ***") signed by a Vice President of Wells Fargo Bank, NA.[2] Neither stamp is dated and it is unclear whether the stamped endorsements appear on the original document or only upon the copy. The Note also contains a typed Addendum: "**HSBC Bank USA National Association as Trustee for Wells Fargo Asset Securities Corporation Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA2" which is unsigned and undated.

---

[2] Another copy of the note appears in Defendant's Ex. D with only one stamp upon its face.

Assuming, *arguendo*, that the copy of the Note is admissible evidence of the note, the question remains what evidence in the record clarifies that chain of ownership of the Note from the original lender to Plaintiff? Plaintiff argues, as it has previously argued, that the "assignment chain" for the mortgage has been made clear (Affirmation, Sect. IV). This argument was accepted previously and may be acceptable here, but it is of no moment because a plain review of these documents does not clarify the chain of assignment of the obligation, the Note in question. For example, what evidence is there that Wells Fargo Bank N.A sold/assigned/bundled the Note into the "Wells Fargo Asset Securities Corporation Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA2" and what evidence exists in the record indicating that Defendant's obligation is part of the bundled "2007-PA2" package?

Plaintiff asserts the cure to its prior problems lies in Ex. F, which is a several hundred page long "pooling and servicing agreement", entitled "Wells Fargo Asset Securities Corporation (Depositor) and Wells Fargo Bank, N.A. (Master Servicer) and HSBC Bank USA, National Association (Trustee) Pooling and Servicing Agreement, dated May 27, 2007, $1,027,084,570.00, Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA2." This document indicates a relationship between Wells Fargo Asset Securities Corp. as depositor, and Wells Fargo Bank NA, as master servicer, and HSBC Bank NA, as trustee. Even if, *arguendo*, this Court accepts that Plaintiff has standing to prosecute a default of an obligation contained within the body of obligations which the package represents, the question remains whether Defendant's obligation is included in the bundle of obligations represented by that document.

Plaintiff asserts that "Miller's loan is included in this Pooling and Servicing Agreement" (Affirmation, ¶ 14) but does not indicate where in the document that information lies. Despite a reasonably rigorous review of the document, this Court

finds no reference to Defendant Miller's obligation in the Pooling and Servicing
Agreement, nor does the assembled document clarify the circuitous route which
the Note may be traveling.

Plaintiff submits, for the Court's review, an Assignment of Mortgage, dated
December 12, 2008, by "original lender: Mortgage Electronic Registration
Systems, Inc as nominee for Real Estate Mortgage Network Inc., its successors
and assigns" to HSBC Bank USA, NA as Trustee for WFALT 2007-PA02" (Ex.
H). Given that MERS is the agent of the lender (MERSCORP Inc. v Romaine, 8
NY3d 90 [2006]) and may submit documents to Clerks for registration, but has no
power to assign the underlying debt without specific authority from the principal
(Bank of NY v Silverberg, 86 AD3d 274 [2d Dept 2011]), this document has no
probative value absent an attached power of attorney.

Plaintiff also attaches (Ex. H) a September 26, 2011, Corporate Assignment
of Mortgage from MERS to HSBC Bank, NA as Trustee for Wells Fargo Asset
Backed Securities Series 2007-PA2, with no mention of or reference to the
underlying Note. Also in Ex. H, is the Sullivan County Clerk's recording, on July
18, 2013, of HSBC Bank USA as Trustee for WFALT 2007-PA02 by Wells Fargo
Bank, NA as their attorney-in-fact assignment of the Miller mortgage to MERS.
While other businesses may accept this document as evidence that Defendant's
debt has been properly recorded, this Court sees no connection between "WFALT
2007-PA02" and the asset in the case caption, the aforementioned "Asset-Backed
Pass-Through Certificates Series 2007-PA2" which allegedly contains
Defendant's obligation. More importantly, the servicing agent's recording of the
mortgage makes no mention of the Note or the transfer of the Note.

In deciding a Motion to Dismiss on the basis of presented documents
(CPLR 3211[a]1) and/or for lack of standing (3211[a]3), the Complaint must be
given a liberal construction (Way v. City of Beacon, 96 AD3d 829 [2d. Dept 2012]
and the Court should accept the facts as alleged in the Complaint as true, accord

Plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory. (Aberbach v. Biomedical Tissue Services, LTD., et.al., 48 AD 3d 716 [2d Dept. 2008]; Rietschel v. Maimonides Med. Ctr., 83 AD3d 810 [2d Dept 2011]).

In this foreclosure matter Plaintiff controls the documentation required to establish its standing and reserving decision to enable Plaintiff to obtain discovery from Defendant makes no sense. This Court could assume, as Plaintiff argues, that the papers supplied by Plaintiff identify a chain of beneficial ownership of Defendant's obligation from the original lender to the current Plaintiff. However, the papers in the record supplied by Plaintiff, even after two earlier insufficient attempts, do not yet clearly, or self-evidently, identify Plaintiff as the beneficial owner of Defendant's obligation. While the Court must interpret the record favorably to Plaintiff, the Court may not fill in the blanks.

While the paper trail developed by the lending institutions and MERS may satisfy their needs, at this point, absent direction from a higher authority, the record developed here does not satisfy the requirements of the CPLR, RPAPL, Banking Law and earlier, cited, appellate court decisions.

This court is mindful that foreclosing upon a mortgage involves equity and unjust enrichment will not be countenanced. However, at this point Defendant identified a problem and has raised a sufficient challenge to Plaintiff's right to foreclose that the Motion to Dismiss is granted.

Therefore, it is

**ORDERED** that Defendant's Motion to Dismiss is granted (CPLR 3211), without prejudice; and it is further

**ORDERED** that the Complaint is dismissed (CPLR 3211) and the Notice of Pendency is cancelled (CPLR 6514).

This shall constitute the Decision of the Court. The original Decision and Order and all papers are being forwarded to the Sullivan County Clerk's Office for

filing. Counsel are not relieved from the provisions of CPLR 2220 regarding

service with notice of entry.

**SO ORDERED.**

Dated: Monticello, NY
       August 27, 2014

                                    ENTER

                                    HON. STEPHAN G. SCHICK, JSC

Papers Considered:

May 22, 2014, Defendant's Request for Extension of Time to File Responsive
Pleading to the Complaint

July 1, 2014, Residential Foreclosure Conference Order.

July 10, 2014, Defendant's Notice of Motion to Dismiss with Affidavit and
Exhibits A through I.

July 29, 2014, Plaintiff's Affirmation in Opposition with Exhibits A through H.

August 4, 2014, Defendant's Request for an extension of time.

August 11, 2014, Defendant's Reply Memorandum