Hearing Date: TBD
Response Date: TBD

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | Princeton Forrestal Village |
| New York, New York 10019 | 136 Main Street, Suite 250 |
| Telephone:    (212) 468-8000 | Princeton, New Jersey 08540 |
| Facsimile:    (212) 468-7900 | Telephone:    (609) 987-0050 |
| Norman S. Rosenbaum | Facsimile:    (609) 951-0824 |
| Jordan A. Wishnew | Diane A. Bettino |
| Meryl L. Rothchild | Barbara K. Hager, *admitted pro hac vice* |
| *Counsel for the ResCap Borrower Claims Trust* | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**THE RESCAP BORROWER CLAIMS TRUST'S MOTION IN LIMINE**
**TO EXCLUDE THE EXPERT TESTIMONY OF DR. JAY I. SUSSMAN**

**PRELIMINARY STATEMENT**

The ResCap Borrower Claims Trust (the "Borrower Trust") submits this motion in limine to exclude the testimony of Dr. Jay I. Sussman ("Dr. Sussman") because Dr. Sussman was not disclosed as a trial witness to the Borrower Trust by the Claimants Frank J. Reed III and Christina Reed ("Claimants") until the evening of Monday, September 8, 2014. See Claimants' Witness List, a true and correct copy of which is attached hereto as Exhibit A.

Pursuant to Federal Rules of Civil Procedure 26(a)(3)(B), 37(c)(1) and this Court's July 29, 2014 Order, Dr. Sussman's testimony should be excluded as Claimants failed to timely disclose that they intended to call Dr. Sussman as a witness. Despite numerous opportunities provided to the Claimants to disclose their trial witnesses, the Claimants failed to properly disclose Dr. Sussman and allowing his testimony now would be prejudicial and unfair to the Borrower Trust.

**RELEVANT FACTS**

In an Order dated July 28, 2014, the Court ordered that (i) Claimants must reduce the size of their witness list, which at the time contained 30 names; and, (ii) that "[o]n or before 5:00 p.m., Thursday, July 31, 2014, the parties shall exchange the names, last known business address, and brief narrative statement of the expected direct testimony of each fact and expert witness that each side expects to call at trial." See July 29, 2014 Order. On July 31, 2014, Mr. Reed sent an email to Jordan Wishnew, listing the witnesses he intended to call at trial; Dr. Sussman was not on that list. See Email dated July 31, 2014 from Frank Reed to Jordan Wishnew, Esq., a true and correct copy of which is attached hereto as Exhibit B. Since Dr. Sussman was not on the witness list provided by Claimants, the Borrower Trust's attorneys did not seek to depose him.

Additionally, pursuant to the Court's Order dated July 22, 2014, among other things, the parties were to (1) attend a final pre-trial conference at 10:00am on September 8, 2014, and (2) exchange witness lists, exhibit lists and exhibits on or before 5:00 p.m., September 8, 2014. See July 22, 2014 Order. At the final pre-trial conference held on September 8, 2014, Claimants did not inform the Court that they intended to have Dr. Sussman testify at trial. Later that same date, Claimants made their submissions and boldly listed Dr. Sussman as a witness. [1]

## ARGUMENTS

### 1. Dr. Sussman Should Be Precluded From Testifying At Trial As Claimants Failed To Disclose His Testimony Pursuant To FRCP 26(a)(3)(B) And Pursuant To Court Order

FRCP 26 (a)(3)(B) states that "unless the court orders otherwise, these disclosures (*including witness names and information*) must be made at least 30 days before trial". (*words added*). See FRCP 26(a)(3)(B). FRCP 37(c)(1) further provides that if a party fails to disclose such information, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless". See e.g., Capitol Records, Inc. v. MP3tunes, LLC, 2014 WL 503959 at *3 (S.D.N.Y. Jan 29, 2014) (where the court granted a motion in limine to bar testimony of an undisclosed third party witness); AT&T Corp v. Microsoft Corp, 2004 WL 307302, at *1 (striking expert declaration, and any references thereto, for untimely disclosure).

Here, Claimants failed to disclose that they intended to call Dr. Sussman as a witness, until seven (7) days before the hearing. This runs foul of both the FRCP 30-day Rule and the Court's July 29, 2014 Order that "[o]n or before 5:00 p.m., Thursday, July 31, 2014, the parties

---

[1] Notably, Claimants submissions were received via hand-delivery at Reed Smith LLP's offices at 7:28p.m., after the deadline imposed by the Court.

- 3 -

shall exchange the names, last known business address, and brief narrative statement of the expected direct testimony of each fact and expert witness that each side expects to call at trial."

### 2. The failure to disclose the testimony of Dr. Sussman is not substantially justified and it is not harmless

Pursuant to FRCP 37(c) (1), the failure to disclose may be excused only if the failure was "substantially justified or harmless". For example, in L3 Communications Corp. v. OSI Systems, Inc., 2006 WL 988143, at *2 (S.D.N.Y. Apr. 13, 2006) the court held that a failure may be harmless if the other party had an opportunity to depose the witness.

Here, the failure is not – and cannot be – substantially justified. As detailed above, Claimants had ample opportunity to disclose that they intended to call Dr. Sussman as a witness, but they failed to do so until the eleventh hour. Claimants have not given a justifiable reason as to why they failed to disclose the information. Moreover, the failure is not harmless. The Borrower Trust did not have an opportunity to depose Dr. Sussman and now that the evidentiary hearing is less than seven days away, the Borrower Trust would not be able to depose Dr. Sussman. In addition, the topics of Dr. Sussman's testimony are unknown as is whether he is intended as a lay or fact witness. Allowing the testimony of this late-disclosed witness would therefore, be prejudicial and unfair.

## CONCLUSION

For these reasons, the Borrower Trust respectfully requests that the Court enter an Order precluding Dr. Jay I. Sussman from testifying at trial.

| | |
|---|---|
| Dated:  September 10, 2014<br>        New York, New York | /s/ Barbara K. Hager<br>Diane A. Bettino<br>Barbara K. Hager, *admitted pro hac vice*<br>REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08540<br>Telephone: (609) 987-0050<br>Facsimile:  (609) 951-0824<br><br>*Co-Counsel for The ResCap Borrower Claims Trust*<br><br>and<br><br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Meryl L. Rothchild<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Borrower Claims Trust* |