UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    Residential Capital, LLC, *et. al.*

                        Debtors.

Chapter 11

Case No. 12-12020

**ORDER SUSTAINING THE TRUST'S OBJECTION TO CLAIM 1292 FILED BY
<u>MARCUS HARRIS</u>**

    Pending before the Court is the *Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7188). This Order pertains only to Claim Number 1292 (the "Claim") filed by Marcus Harris ("Harris"). In support of the Objection, the Trust filed the Declarations of Deanna Horst (Obj. Ex. 2), P. Joseph Morrow IV (Obj. Ex. 3), and Norman S. Rosenbaum (Obj. Ex. 4). Harris filed a response to the Objection, (the "Opp.," ECF Doc. # 7292), and the Trust did not file a reply. The Trust seeks to expunge the Claim, which asserts liability totaling $31,500 against Debtor Homecomings Financial, LLC ("Homecomings"). The Trust objects to the Claim on the grounds that it does not provide adequate documentation to support the alleged liability.

    Harris' Claim states a basis of "security instrument" and attaches a copy of a note (the "Note"). Harris doesn't explain how the Note gives rise to any liability. Before the Trust filed the Objection, it sent Harris a letter requesting information in support of his Claim. Harris responded that "[t]he security instrument provided is registered on a UCC file # 201294421560 with the Commonwealth of Massachusetts on March 14, 2012 at 4:54PM. Creditor Marcus Harris claim 'recoupment' under UCC 3-305. All 'interest' and proceeds should be returned to the originator of the Note." (Obj. Ex. 1 at 53 of 59.) Separately, Harris sent the Trust a

Qualified Written Request (QWR) in March 2012 "stating that he is the original creditor of the Note because he funded the Loan with his credit." (*Id.*)

The Trust asserts that it reviewed its books and records and found no basis for any liability to Harris or any obligation to return to him any interest and proceeds from the Loan. In his Opposition, Harris states that the Note shows "an interest in the property," and he is a creditor and third-party beneficiary of the Note, "which is my assets," giving rise to a claim under UCC 3-306 and recoupment under UCC 3-305. (Opp. at 1.) He also claims that he is the originator of the Note, and the assets should be returned to him. (*Id.*) Harris asserts that Homecomings failed to return an original copy of the Note "unendorsed making a liability for the [D]ebtor." (*Id.*) Next, Harris "subpoenas" documents showing liability for his Note, including an "FR 2046" that Homecomings should have filed with the Federal Reserve Board, and an "IRS 1099 OID for the year 2002." (*Id.*) Harris appears to believe that these documents will reflect Homecomings' liability because they will "identify who the principal is from which capital and interest were taken and the recipient or who the payer of the funds are and who was holding the account in escrow and unadjusted." (*Id.*)

Claims objections have a shifting burden of proof. Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In*

2

*re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12–13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (16th rev. ed. 2013).

However, if a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. *See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010). Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed. *See Minbatiwalla*, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim.").

The Trust initially objected to the Claim on the grounds that it does not provide adequate documentation to support the alleged liability. Nothing in Harris' Claim, response to the Debtors' letter requesting additional information, or his Opposition supports a basis for Debtor's liability. Harris is the obligor on the Note; that does not make him a creditor of the Note. Harris' purported explanation of the basis of his Claim makes no sense. The Trust's Objection to his Claim shifted the burden to Harris to provide additional evidence supporting the validity of his Claim, but Harris failed to do so. Harris is not entitled to any discovery. The Court therefore **SUSTAINS** the Objection to the Claim.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Trust's Objection is **SUSTAINED** as to the Claim, and that Claim is **DISALLOWED** and **EXPUNGED**.

2. This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: September 10, 2014
New York, New York

                                                  **/s/Martin Glenn**
                                                  MARTIN GLENN
                                      United States Bankruptcy Judge