**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    Residential Capital, LLC, *et. al.*

Debtors.

Chapter 11

Case No. 12-12020

# SUPPLEMENTAL ORDER SUSTAINING THE DEBTORS' OBJECTION TO CLAIM 1279 FILED BY RONALD AND ELAINE NAKAMOTO

Pending before the Court is the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7188). In support of the Objection, the Trust attached the Declarations of Deanna Horst (Obj. Ex. 2), P. Joseph Morrow IV (*id.* Ex. 3), and Norman Rosenbaum (*id.* Ex. 4). This Order pertains only to Claim Number 1279 filed by Ronald and Elaine Nakamoto (the "Claim"). Through the Objection, the Debtors' seek to expunge the Claim, which asserts a $20,137.18 general unsecured claim[1] against GMAC Mortgage, LLC ("GMACM") for an alleged wrongful denial of an escrow payment waiver and general servicing issues. The Nakamotos filed an opposition to the Objection (the "Opp.," ECF Doc. # 7345) and the ResCap Borrower Claims Trust (the "Trust") filed a reply (the "Reply," ECF Doc. # 7410), supported by the Supplemental Declaration of Deanna Horst (the "Horst Supp.," ECF Doc. # 7410-1).

The Nakamotos claim that GMACM failed to reduce their required monthly payment on their interest only loan from 5.75% to 3.5% in January 2010,[2] instead requiring a fixed monthly

---

[1] Originally, the Nakamotos asserted a secured claim in the amount of $20,137.18 against ResCap; the Nakamoto Claim was reclassified as a general unsecured claim against GMACM by the Court's *Order Granting Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (ECF Doc. # 5895).

[2] The Nakamotos' Claim and Opposition assert that the rate changed in January 2010. However, the terms of the Note state that the rate change would occur in June 2010, and the Debtors attached to the Reply a notice sent to the Nakamotos dated April 12, 2010, changing the rate effective <u>June 1</u>, 2010.

payment while applying amounts in excess of the interest payment to the Nakamotos' principal balance.  The Nakamotos request (1) a credit on the principal that has been paid since January 2010, which they calculate as totaling $592.27 per month, (2) reversion of mortgage payments to interest only payments and (3) elimination of escrow payments.

The Trust objects to the Claim on the grounds that the Nakamotos fail to state a valid basis for liability against Debtor GMACM.  *First*, the Trust asserts that it has no ability to make the requested changes because the Debtors do not currently have an interest in the loan.  GMACM serviced the loan from September 8, 2005 to February 16, 2013, when servicing was transferred to Ocwen Loan Servicing ("Ocwen").  The Debtors did not originate the loan, nor did the Debtors own the loan.  *Second*, the Trust asserts that the Nakamotos were not entitled to an escrow payment waiver because the property securing the Nakamotos' loan did not meet the requisite value-to-loan ratio of seventy percent (70%) as prescribed under the investor guidelines.  The Debtors explained this to the Nakamotos by letter dated May 12, 2011.  (Horst Supp. Ex. M.)  The Nakamotos were additionally ineligible for waiver because they did not reside in the residence, a prerequisite for escrow waiver under the Note (attached to the Horst Supp. at Ex. I.)  The Debtors explained this to the Nakamotos, as well as the loan-to-value requirement, by phone on July 12, 2011.  (*See* Nakamoto Servicing Notes, Horst Supp. Ex. N.)  *Third*, the Trust asserts that the Debtors acted in accordance with the terms of the Note when GMACM changed the Nakamotos' monthly payments in June 2010.  Under the Note, the Nakamotos were required to make monthly interest only payments at an annual rate of 5.75% for the first five years of the loan—from June 2005 until May 2010.  Thereafter, on June 1, 2010, the Nakamotos were required to pay monthly payments of principal and interest at a 3% annual rate

2

plus the six month LIBOR rate as applicable at the "Change Date."[3] The Debtors sent all required notices to the Nakamotos, including a letter dated April 12, 2010 explaining the upcoming interest rate change (*see* Horst Supp. Ex. J). The Nakamotos did not object to the change in their monthly payments. Their assertion that the interest-only period continued is incorrect.[4] *Finally*, the Trust argues that the Debtors have no liability to the Nakamotos, as the Nakamotos paid only the amounts required by the Note. These payments were properly applied by GMACM.

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

---

[3]    Under the terms of the Nakamoto Note, the "Change Date" is defined as the date every six months after May 1, 2010.

[4]    The Interest-Only Addendum to Adjustable Rate Promissory Note provides:

> I will pay interest by making payments every month for the first 60 payments (the "interest-only period") in the amount sufficient to pay interest as it accrues on the unpaid principal balance. I will pay principal and interest by making payments every month thereafter for the next 300 payment(s) in an amount sufficient to fully repay the unpaid principal balance of the Note at the end of the interest-only period in substantially equal monthly payments.

(*See* Horst Supp. Ex. I at 9 of 10, Interest-Only Addendum to Adjustable Rate Promissory Note 3(A).)

In their Opposition, the Nakamotos argue—as they do in their Claim—that in January 2010, when they claim the fixed rate expired, GMACM acknowledged the lower interest rate but failed to lower their monthly mortgage payment and instead applied the balance to the principal. (Nakamoto Opp. ¶ 1.) This resulted, according to the Nakamotos, of excess amounts of $592.27 per month; $20,137.18 as of October 2012 (the date they filed their Claim); and $39,089.82 as of July 2014. (*Id.*) The Nakamotos also reassert their arguments about GMACM failing to lower their monthly interest amounts and point to GMACM's response to their request to waive escrow payments (which stated that they cannot waive the escrow payments if the loan-to-value-ratio is below 70%). (*Id.*)

In its Reply, the Trust asserts that the Nakamotos fail to show that their Claim is valid by a preponderance of the evidence. *First*, the Trust points to the investor/servicer guidelines, which indicate that the Nakamotos were ineligible for waiver of escrow payments because: (1) the property securing the loan was not owner-occupied and (2) the loan-to-value ratio exceeded 70%, both requirements for escrow waiver. (Reply ¶ 44.) *Second*, the Trust asserts that the Nakamotos' Note contemplated that, after five years, monthly payments would encompass payments of principal *and* interest and would cease to be an interest-only loan. Consequently, GMACM cannot be liable for the Nakamotos' assertion that it improperly applied mortgage payments after the interest rate changed in January 2010.[5] (*Id.* ¶ 45.) *Finally*, the Trust argues that the Nakamotos have not identified how they were damaged by any action taken by GMACM; though they assert that they paid larger monthly payments on their Loan, the amount of their payment is the amount contemplated by the Note and Mortgage, and cannot be a valid measure of damage. (*Id.* ¶ 46.) For all these reasons, the Trust asserts that the Nakamotos

---

[5] Indeed, under the terms of the Note, the interest-only period was to last for 60 monthly payments, beginning in June 2005. (*See* Note at 9 of 10.) Thus, by the terms of the Note, the interest-only period ended on June 1, 2010, not, as the Nakamotos assert, in January 2010.

4

fail to demonstrate how any action taken by GMACM while servicing their loan represents a valid basis for a claim against the Debtors' estates, and the Nakamoto Claim should be disallowed and expunged.

The asserted basis for the Nakamoto Claim is not supported by any competent evidence. The Trust's Objection to the Claim is supported by documentary evidence establishing that the Nakamotos were correctly billed and appropriately credited, and that the Nakamotos were not eligible to waive escrow payments. The burden then shifted back to the Nakamotos to prove the validity of their claims. The failed to carry their burden.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors' Objection is **SUSTAINED** as to the Nakamoto Claim, and that Claim is **DISALLOWED** and **EXPUNGED**.

2. This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: September 10, 2014
       New York, New York

                                            _____/s/Martin Glenn_____
                                              MARTIN GLENN
                                            United States Bankruptcy Judge