# Exhibit A



**AlaFile E-Notice**

41-CV-2009-900073.00

To:   JEFFREY BRIAN AUSTIN
       austin@bellsouth.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

### MONTY ALLEN ET AL v. HOMECOMINGS FINANCIAL, L.L.C. ET AL
### 41-CV-2009-900073.00

The following complaint was FILED on 4/21/2009 8:42:50 AM

Notice Date:       4/21/2009 8:42:50 AM

**MISSY HOMAN HIBBETT**
**CIRCUIT COURT CLERK**
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**41-CV-200**<br>Date of Filing:<br>04/21/2009 | **ELECTRONICALLY FILED**<br>4/21/2009 8:42 AM<br>CV-2009-900073.00<br>CIRCUIT COURT OF<br>LAUDERDALE COUNTY, ALABAMA<br>MISSY HOMAN HIBBETT, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF LAUDERDALE COUNTY, ALABAMA**
**MONTY ALLEN ET AL v. HOMECOMINGS FINANCIAL, L.L.C. ET AL**

First Plaintiff: ☐ Business  ☑ Individual  First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other          ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☑ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ **APPEAL FROM**        O ☐ OTHER
                                    **DISTRICT COURT**

        R ☐ REMANDED        T ☐ **TRANSFERRED FROM**        _____
                                    **OTHER CIRCUIT COURT**

---

**HAS JURY TRIAL BEEN DEMANDED?**    ☑ Yes  ☐ No

---

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**  AUS013    4/21/2009 8:40:34 AM    /s JEFFREY BRIAN AUSTIN

---

**MEDIATION REQUESTED:**    ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
4/21/2009 8:42 AM
CV-2009-900073.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

**MONTY ALLEN**

**and**

**HEATHER ALLEN**

      **PLAINTIFFS**

**V.**                    **CIVIL ACTION NO:  CV 09-_____**

**HOMECOMINGS FINANCIAL, L.L.C.,**
**RE/MAX, INC.,**
**RE/MAX HUNTSVILLE, INC.,**
**RISE REALTY, INC.,**
**RISE REALTY PARKWAY PLAZA, INC.,**
**VICTOR ENGLERT,**
**CHARLES LANZA,**
**JIM BAKER,**
**TOMMY ADAMS,**
**PATRICK MCCLAIN,**
**THE BANK OF NEW YORK TRUST**
**COMPANY, INC. as successor to JP MORGAN CHASE BANK, INC.,**
**and fictitious parties XYZ, an individual firm, partnership, corporation, whose names are**
**otherwise unknown but whose correct names will be added by amendment when**
**ascertained, whether singular or plural, that entity or those entities, other than those**
**entities described above, which is the successor in interest of any of the entities of the**
**entities described above; whether singular or plural, that entity or those entities, other than**
**those entities described above, which was the predecessor corporation of any of the entities**
**described above or any other entity or entities responsible for the damages claimed.**

      **DEFENDANTS**

### COMPLAINT

### GENERAL AVERMENTS

1.      On or about May 18, 2007, the plaintiffs, Monty and Heather Allen, executed a

contract to purchase property and a home located at 608 West Lakeside Drive, Florence,

Alabama 35630.

2.      At the time Monty and Heather Allen executed the contract to purchase,

the mortgagee had foreclosed the property.

3.    The original contract signed by Monty and Heather Allen was subject to redemption.

4.    By May 18, 2007, Homecomings Financial, L.L.C., and/or the Bank of New York Trust Company, Inc. as successor to JP Morgan Chase Bank, Inc. or some other unknown 3rd party owned the property through foreclosure proceedings or had the right to sell the property through foreclosure proceedings.

5.    The sellers originally listed the property with Re/max Huntsville, Inc.

6.    Heather and Monty Allen contracted to purchase the home and property for $125,000.

7.    On or about May 17, 2007, Monty Allen mailed a signed contract and earnest money in the amount of $3,000 to purchase the property to Charles Lanza at Re/max Huntsville, Inc.

8.    Patrick McClain signed the contract as the seller on May 24, 2007.

9.    Charles Lanza is the managing broker and owner of Re/max Huntsville, Inc. in Madison, Alabama.

10.    Re/max Huntsville, Inc. is a franchise of Re/max, Inc.

11.    Jim Baker worked for listing broker Charles Lanza and/or Re/max Huntsville, Inc.

12.    On or about June 14, 2007, the sellers scheduled a closing to finalize the purchase.

13.    On June 14, 2007, agents for the sellers executed an addendum to the original contract extending the closing to June 26, 2007.

14.    Monty and Heather Allen prepared a loan application through Bank Independent to finance the purchase of the home and property.

15.    On or about June 24, 2007, Jim Baker told Monty Allen the owners would not sign the addendum extending the closing to June 26, 2007.

16.    Jim Baker told Monty Allen the right of the original owners to redeem expired in December of 2007.

17.    Sometime between October and December of 2007, Jim Baker left his employment with Re/max Huntsville, Inc. and began working for Rise Realty Parkway Plaza, Inc.

18.    Rise Realty Parkway Plaza, Inc. is/was a franchise of Rise Realty, Inc.

19.    Victor Englert is/was the managing Broker for Rise Realty Parkway Plaza, Inc.

20.    In December of 2007, Jim Baker relisted the property with Rise Realty Parkway Plaza, Inc.

21.    Tommy Adams owns Rise Realty Parkway Plaza, Inc.

22.    On December 18, 2007, at the insistence of Rise Realty Parkway Plaza, Inc. and/or Jim Baker, Monty Allen executed a second contract to purchase the home and property and provided a second "approval letter" from Bank Independent.

23.    This 2nd contract was identical to the 1st contract executed on May 18, 2007.

24.    The contract indentified Monty Allen as the buyer and Homecomings Financial, L.L.C. and Bank of New York Trust Company as successor to JP Morgan Chase Bank, Inc. as the sellers.

25.     On December 19, 2007, Monty Allen sent a faxed copy of the earnest money
check which had been previously sent to Re/max Huntsville, Inc. to Rise Realty Parkway Plaza,
Inc.

26.     The sellers cancelled the closing and refused to honor the contracts executed by
Heather and Monty Allen.

27.     The sellers eventually sold the property to Johnny Wright in December of 2007.

28.     Before Johnny Wright bought the property, Monty Allen demanded enforcement
of the previously executed contracts.

29.     Johnny Wright purchased the home and property in exactly the same condition for
approximately $127,000 on or about January 18, 2008.

30.     Victor Englert was aware of the plaintiffs' competing contract before the home
was sold to Johnny Wright.

31.     Agents for the sellers told Monty Allen they were selling the home despite Monty
and Heather Allen's contract.

32.     Re/max Huntsville, Inc. broker, Charles Lanza, has retained and never refunded
the $3,000 earnest money.

33.     Re/max Huntsville, Inc., and/or Charles Lanza individually, or as agent for
Re/max Huntsville, Inc., and/or Jim Baker individually, or as agent for Re/max Huntsville, Inc.,
or as agent for Rise Realty Parkway Plaza, Inc., and/or Rise Realty Parkway Plaza Inc., and/or
Tommy Adams individually, or as owner of Rise Realty Parkway Plaza, Inc., and/or Victor
Englert as broker and agent for Rise Realty Parkway Plaza, Inc., and/or Homecomings Financial,
L.L.C. or Bank of New York Trust Company as successor to JP Morgan Chase Bank, Inc.

**Page 4 of 30**

fraudulently, willfully, deceitfully, and/or intentionally failed to honor the contract executed between the sellers and Monty and Heather Allen.

34.     Based on the pending contract to purchase the home made the basis of this lawsuit, Monty Allen missed the opportunity to purchase another property for $130,000.

35.     Monty Allen discovered the fraud on or about December 21, 2007.

36.     Jim Baker led Monty and Heather Allen to believe their contract was not accepted by the sellers.

37.     These actions and representations by the defendants were an attempt to induce the plaintiffs to forego their contract on the home.

38.     Jim Baker has a pattern and practice of accepting contracts and then selling the home to another unrelated 3rd party for an amount greater than the original contract executed between the parties.

39.     The home is currently valued at approximately $175,000.

40.     Charles Lanza, at all pertinent times, was an agent for Re/max, Inc., and/or Re/max Huntsville, Inc., and/or the sellers.

41.     Tommy Adams, at all pertinent times, was an agent for Rise Realty, Inc., and/or Rise Realty Parkway Plaza, Inc., and/or the sellers.

42.     Victor Englert, at all pertinent times was an agent for Rise Realty Parkway Plaza, Inc., and/or Rise Realty, Inc., and/or the sellers.

43.     Jim Baker, at all pertinent times, was an agent for Re/max Inc., and/or Re/max Huntsville, Inc., and/or Rise Realty Parkway Plaza, Inc., and/or Rise Realty, Inc., and/or the sellers.

44.     All defendants, at all pertinent times, were agents for the sellers.

45.     Rise Realty, Inc. ratified the conduct and actions of Jim Baker, and/or Tommy Adams, and/or Victor Englert.

46.     Tommy Adams ratified the conduct and actions of Jim Baker.

47.     Tommy Adams ratified the conduct and actions of Victor Englert.

48.     Rise Realty Parkway Plaza, Inc. ratified the conduct and actions of Jim Baker and Victor Englert.

49.     Rise Realty, Inc. had a duty and responsibility to supervise and prohibit the fraudulent conduct and actions of Tommy Adams and/or Victor Englert.

50.     Rise Realty, Inc. had a duty and responsibility to supervise and prohibit the fraudulent conduct and actions of Jim Baker.

51.     Tommy Adams had a duty and responsibility to supervise and prohibit the conduct and actions of Victor Englert.

52.     Rise Realty Parkway Plaza, Inc., and/or Tommy Adams, and/or Victor Englert had a duty and responsibility to supervise and prohibit the fraudulent conduct and actions of Jim Baker.

53.     Re/max, Inc. ratified the actions and conduct of Jim Baker.

54.     Re/max, Inc. ratified the conduct and actions of Charles Lanza.

55.     Charles Lanza ratified the conduct and actions of Jim Baker.

56.     Re/max, Inc. had a duty and responsibility to supervise and prohibit the fraudulent conduct and actions of Charles Lanza.

57.     Re/max, Inc. had a duty and responsibility to supervise and prohibit the fraudulent conduct and actions of Jim Baker.

58.     Re/max Huntsville, Inc. ratified the conduct and actions of Jim Baker.

59.     Charles Lanza had a duty and responsibility to supervise and prohibit the fraudulent conduct and actions of Jim Baker.

60.     The plaintiffs relied upon the fraudulent conduct and misrepresentations of the defendants to their detriment.

61.     The defendants misrepresented the need to execute a second contract and the status of the contracts executed by the plaintiffs.

62.     The defendants' actions were intended to induce the plaintiffs to withdraw their offer to purchase or to rescind their contract and/or intended to coerce the plaintiffs to make a higher offer to purchase the home.

63.     The defendants consciously or deliberately engaged in oppressive, fraudulent, wanton, and/or malicious conduct.

64.     The defendants authorized and/or benefited from the conduct of their respective agents.

65.     The actions of the agent did or were calculated to benefit the respective principal.

66.     Homecomings Financial, L.L.C. routinely paid Jim Baker to remodel homes being sold by Homecomings Financial, L.L.C.

67.     The defendants had a duty to properly train and supervise their respective agents.

## COUNT I

### BREACH OF CONTRACT

68.     The plaintiffs reallege all general averments as if fully set out herein.

69.     The defendants fraudulently, willfully, deceitfully, intentionally, and/or deliberately refused to honor the contract entered into and executed by all parties.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT II

### FRAUD

70.    The plaintiffs reallege all general averments as if fully set out herein.

71.    On or about May 14, 2007, the plaintiffs agreed to purchase and the defendants agreed to sell property located at 608 West Lakeside Drive, Florence, Alabama 35630.

72.    The defendants fraudulently, willfully, deceitfully and/or intentionally refused to honor the contract executed between the parties.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury

## COUNT III

### RE/MAX HUNTSVILLE, INC.'S NEGLIGENCE/NEGLIGENT SUPERVISION OF JIM BAKER

73.    The plaintiffs reallege all general averments as if fully set out herein.

74.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

75.    Re/max Huntsville, Inc. and/or Charles Lanza had a duty and obligation to properly supervise and train their agents.

76.    The defendants knew or should have known of Jim Baker's pattern and practice.

77.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

78.    The defendants had a duty to prevent the house being sold to a 3rd party.

79.    The defendants had a duty to prevent the actions of Jim Baker.

80.    The defendants failed to prevent Jim Baker from committing the acts set forth in the general averments.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages.  The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8.  The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT IV

### RE/MAX, INC.'S NEGLIGENCE/NEGLIGENT SUPERVISION
### OF RE/MAX HUNTSVILLE, INC. AND RE/MAX HUNTSVILLE, INC. AGENTS

81.    The plaintiffs reallege all general averments as if fully set out herein.

82.    Re/max, Inc. has a duty and obligation to supervise and train its Brokers/Owners.

83.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

84.    The defendants knew or should have known of Jim Baker's pattern and practice.

85.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

86.    The defendants had a duty to prevent the actions of Jim Baker.

87.    The defendants had a duty to prevent the house being sold to a 3rd party.

88.    Re/max, Inc. had a duty and obligation to supervise Charles Lanza and a duty to require Charles Lanza to discover and prevent the actions of Jim Baker.

89.    Re/max, Inc. failed to properly supervise and train Charles Lanza, and/or Jim Baker, and/or Re/max Huntsville, Inc.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT V

### RE/MAX, INC.'S NEGLIGENT SUPERVISION OF AGENTS

90.     The plaintiffs reallege all general averments as if fully set out herein.

91.     Re/max, Inc. had a duty to properly supervise and train its agents.

92.     The defendants had a duty to prevent the house being sold to a 3rd party.

93.     The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

94.     Re/max, Inc. knew or should have known of Charles Lanza's and/or Re/max Huntsville, Inc.'s failure to properly supervise the franchise.

95.     Charles Lanza and/or Re/max Huntsville, Inc. failed to properly supervise the agents of Re/max Huntsville, Inc.

96.     Charles Lanza and/or Re/max Huntsville, Inc. had a duty to properly supervise and manage the agents of Re/max Huntsville, Inc.

97.     Charles Lanza and/or Re/max Huntsville, Inc. failed to properly supervise and manage the agents of Re/max Huntsville, Inc.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT VI

### CHARLES LANZA'S NEGLIGENCE/NEGLIGENT SUPERVISION
### OF JIM BAKER

98.    The plaintiffs reallege all general averments as if fully set out herein.

99.    Charles Lanza had a duty and obligation to properly supervise and train his agents.

100.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

101.    Charles Lanza knew or should have known of Jim Baker's pattern and practice.

102.    Charles Lanza had a duty to prevent the acts of Jim Baker.

103.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

104.    The defendants had a duty to prevent the house being sold to a 3rd party.

105.    Charles Lanza failed to properly supervise and train Jim Baker.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT VII

### RISE REALTY, INC.'S NEGLIGENCE/NEGLIGENT SUPERVISION

106.    The plaintiffs reallege all general averments as if fully set out herein.

107.    Tommy Adams and/or Rise Realty, Inc. had a duty and obligation to properly supervise and train their agents.

108.    Rise Realty, Inc. had a duty and obligation to supervise its owners and brokers.

109.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

110.    The defendants knew or should have known of Jim Baker's pattern and practice.

111.    The defendants had a duty to prevent the acts of Jim Baker.

112.    The defendants had a duty to prevent the house being sold to a 3rd party.

113.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

114.    Rise Realty, Inc. had a duty and obligation to supervise and train Tommy Adams and a duty to require Tommy Adams to discover and prevent the actions of Jim Baker.

115.    Rise Realty, Inc. failed to properly supervise Tommy Adams, and/or Jim Baker, and/or Rise Realty Parkway Plaza, Inc.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

Alabama Code §8-8-8.  The plaintiffs also claim from the defendants cost and attorney's fees.

The plaintiffs demand trial by struck jury.

## COUNT VIII

### RISE REALTY, INC.'S NEGLIGENCE/NEGLIGENT SUPERVISION OF TOMMY ADAMS AND/OR VICTOR ENGLERT

116.    The plaintiffs reallege all general averments as if fully set out herein.

117.    Tommy Adams had a duty and obligation to properly supervise and train his

agents.

118.    Rise Realty, Inc. had a duty and obligation to supervise and train its Owners and

Brokers.

119.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to

honor the contracts if a 3rd party makes higher offer before closing.

120.    The defendants knew or should have known of Jim Baker's pattern and practice.

121.    The defendants had a duty to prevent the acts of Jim Baker.

122.    The defendants had a duty to prevent the house being sold to a 3rd party.

123.    The defendants had a duty to prevent the conduct and actions which led to the

house being sold to a 3rd party.

124.    Rise Realty, Inc. had a duty and obligation to supervise Tommy Adams and a

duty to require Tommy Adams to discover and prevent the actions of Jim Baker.

125.    Rise Realty, Inc. failed to properly supervise and train Tommy Adams, and/or Jim

Baker, and/or Rise Realty Parkway Plaza, Inc.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and

punitive damages in such type and quantity as a jury may find appropriate under the

circumstances of this case and the purposes allowed by law, including but not limited to the

protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT IX

### TOMMY ADAMS AND/OR RISE REALTY PARKWAY PLAZA, INC.'S NEGLIGENT SUPERVISION OF JIM BAKER

126.    The plaintiffs reallege all general averments as if fully set out herein.

127.    Tommy Adams and/or Rise Realty Parkway Plaza, Inc. had a duty and obligation to properly train and supervise his agents.

128.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

129.    Tommy Adams and/or Rise Realty Parkway Plaza, Inc. knew or should have known of Jim Baker's pattern and practice.

130.    Tommy Adams and/or Rise Realty Parkway Plaza, Inc. had a duty to prevent the acts of Jim Baker.

131.    The defendants had a duty to prevent the house being sold to a 3rd party.

132.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

133.    Tommy Adams and/or Rise Realty Parkway Plaza, Inc. failed to properly train and supervise Jim Baker.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the

protection of the public by deterring these defendants and others from doing such wrong in the

future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees.

The plaintiffs demand trial by struck jury.

## COUNT X

### RISE REALTY PARKWAY PLAZA, INC.'S NEGLIGENCE/NEGLIGENT SUPERVISION OF VICTOR ENGLERT

134.    The plaintiffs reallege all general averments as if fully set out herein.

135.    Rise Realty Parkway Plaza, Inc. and/or Tommy Adams had a duty and obligation to supervise and properly train the brokers.

136.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

137.    The defendants knew or should have known of Jim Baker's pattern and practice.

138.    The defendants had a duty to prevent the acts of Jim Baker.

139.    The defendants had a duty to prevent the house being sold to a 3rd party.

140.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

141.    Rise Realty Parkway Plaza, Inc. had a duty and obligation to supervise Victor Englert and a duty to require Victor Englert to discover and prevent the actions of Jim Baker.

142.    Rise Realty Parkway Plaza, Inc. failed to properly supervise and train Victor Englert and/or Jim Baker.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the

protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XI

### VICTOR ENGLERT'S NEGLIGENCE/NEGLIGENT SUPERVISION OF JIM BAKER

143. The plaintiffs reallege all general averments as if fully set out herein.

144. Rise Realty Parkway Plaza, Inc. had a duty and obligation to supervise and properly train its owners and brokers.

145. Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

146. The defendants knew or should have known of Jim Baker's pattern and practice.

147. The defendants had a duty to prevent the acts of Jim Baker.

148. The defendants had a duty to prevent the house being sold to a 3rd party.

149. The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

150. Victor Englert had a duty and obligation to supervise Jim Baker and a duty to discover and prevent the actions of Jim Baker.

151. Victor Englert failed to properly supervise and train Jim Baker and all other agents involved in the sale of the home made the basis of this complaint.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the

protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XII

### TOMMY ADAMS' NEGLIGENT SUPERVISION OF VICTOR ENGLERT

152.    The plaintiffs reallege all general averments as if fully set out herein.

153.    Tommy Adams had a duty and obligation to properly supervise his agents.

154.    Tommy Adams had a duty to properly train and supervise Victor Englert.

155.    Tommy Adams failed to properly train and supervise Victor Englert.

156.    Jim Baker has a pattern and practice of obtaining contracts and then refusing to honor the contracts if a 3rd party makes higher offer before closing.

157.    Tommy Adams knew or should have known of Jim Baker's pattern and practice.

158.    Tommy Adams had a duty to prevent the acts of Jim Baker.

159.    The defendants had a duty to prevent the house being sold to a 3rd party.

160.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XIII

**RISE REALTY PARKWAY PLAZA, INC.'S NEGLIGENT SUPERVISION OF AGENTS**

161.    The plaintiffs reallege all general averments as if fully set out herein.

162.    Rise Realty Parkway Plaza, Inc. had a duty to properly supervise and train its agents.

163.    The defendants had a duty to prevent the house being sold to a 3rd party.

164.    The defendants had a duty to prevent the conduct and actions which led to the house being sold to a 3rd party.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XIV

**FRAUD/ WILLFUL MISREPRESENTATION OF MATERIAL FACT
ALABAMA CODE §6-5-101**

165.    The plaintiffs reallege all general averments as if fully set out herein.

166.    Re/max, Inc., or an agent thereof, and/or Rise Realty, Inc., or an agent thereof, was advised of the binding contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

167.    The acts committed by Jim Baker were done in the course of his employment with Re/max, Inc., and/or Rise Realty, Inc., and/or Re/max Huntsville, Inc., and/or Rise Realty Parkway Plaza, Inc .

168.    Re/max Huntsville, Inc. and/or Rise Realty Parkway Plaza, Inc. ratified the actions of agent Jim Baker.

169.    The defendants deliberately and intentionally sold the home to a 3rd party with full knowledge of Monty and Heather Allen's contract.

170.    The defendants deliberately and/or intentionally refused to honor the contract entered and executed by all parties.

171.    The defendants told the plaintiffs a second contract was needed.  The defendants represented the sellers did not accept their offer.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages.  The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8.  The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XV

### CONSPIRACY TO COMMIT FRAUD

172.    The plaintiffs reallege all general averments as if fully set out herein.

173.    The defendants conspired to sell the home to another buyer at a higher price despite the preexisting valid contract between Monty and Heather Allen and the sellers.

**Page 20 of 30**

174.    Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza, Inc., or an agent thereof, was advised of the contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

175.    The acts committed by Jim Baker were done in the course of his employment with Re/max Huntsville, Inc. and/or Rise Realty Parkway Plaza, Inc.

176.    Re/max Huntsville, Inc. and/or Rise Realty Parkway Plaza, Inc. ratified the actions of agent Jim Baker.

177.    The defendants deliberately and intentionally sold the home to a 3rd party with knowledge of Monty and Heather Allen's contract.

178.    The defendants deliberately and/or intentionally refused to honor the contract entered and executed by all parties.

179.    Agent Jim Baker led Monty and Heather Allen to believe their contract was not accepted by the sellers.

180.    These actions and representations by the defendants were an attempt to induce the plaintiffs to forego their contract on the home and/or an attempt to make the plaintiffs make a higher offer to purchase the home.

181.    Agent Jim Baker has a pattern in practice of accepting contracts and then selling the home to another unrelated 3rd party for an amount greater than the original contract executed between the parties.

182.    All actions committed by the defendants related to this lawsuit were done maliciously.

183.    The original contract purchase price was $125,000. Johnny Wright bought the home in exactly the same condition for approximately $127,000.

**Page 21 of 30**

184.    The home is currently valued at approximately $175,000.

Plaintiffs demand compensatory, emotional and mental distress and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XVI

### FRAUD/ WILLFUL MISREPRESENTATION OF MATERIAL FACT
### ALABAMA CODE §6-5-101

185.    The plaintiffs reallege all general averments as if fully set out herein.

186.    Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza, Inc., or an agent thereof, was advised of the binding contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

187.    The defendants willfully and/or intentionally misrepresented the status of the closing and contract.

188.    The defendants intended to induce the plaintiffs to withdraw their offer or to rescind their contract to allow the sellers to sell the property to a 3rd party at a higher price and/or intended to coerce the plaintiffs to make a higher offer to purchase the home.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the

future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees.

The plaintiffs demand trial by struck jury.

**COUNT XVII**

**RECKLESS MISREPRESENTATION §6-5-101**

189.     The plaintiffs reallege all general averments as if fully set out herein.

190.     Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza,

Inc., or an agent thereof, was advised of the contract executed by Monty and Heather Allen but

despite this knowledge sold the home and property to a 3rd party.

191.     The defendants recklessly misrepresented the need to execute a second contract

and the status of the contracts executed by the plaintiffs.

192.     These misrepresentations were made with the intent to induce the plaintiffs to

withdraw their offer to purchase or rescind their contract to allow the defendants to sell the home

to a 3rd party at a higher price and/or with the intent to coerce the plaintiffs to make a higher

offer to purchase the home.

193.     The defendants' actions proximately caused damages to the plaintiffs.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and

punitive damages in such type and quantity as a jury may find appropriate under the

circumstances of this case and the purposes allowed by law, including but not limited to the

protection of the public by deterring these defendants and others from doing such wrong in the

future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees.

The plaintiffs demand trial by struck jury.

**Page 23 of 30**

## COUNT XVIII

## MISTAKEN MISREPRESENTATION §6-5-101

194.    The plaintiffs reallege all general averments as if fully set out herein.

195.    Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza, Inc., or an agent thereof,  was advised of the contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

196.    The defendants mistakenly misrepresented the need to execute a second contract and the status of the sale of the home.

197.    These misrepresentations were made with the intent to induce the plaintiffs to withdraw their offer to purchase or rescind their contract to allow the defendants to sell the home to a 3rd party at a higher price and/or with the intent to coerce the plaintiffs to make a higher offer to purchase the home.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XIX

## CONCEALMENT §6-5-102

198.    The plaintiffs reallege all general averments as if fully set out herein.

**Page 24 of 30**

199. Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza, Inc., or an agent thereof, was advised of the binding contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

200. The defendants concealed the fact a 3rd party had executed a contract on the same home from the plaintiffs.

201. This concealment was an attempt to prevent the plaintiffs from enforcing their contract thereby allowing the defendants to sell the home to a 3rd party at a higher price and/or an attempt to coerce the plaintiffs to make a higher offer to purchase the home.

202. These concealments were made with the intent to induce the plaintiffs to withdraw their offer to purchase or rescind their contract to allow the defendants to sell the home to a 3rd party at a higher price and/or with the intent to coerce the plaintiffs to make a higher offer to purchase the home.

203. The defendants had a duty to inform the other defendants and the plaintiffs of the competing contract.

204. **The** defendants concealed these facts with the intent to induce the plaintiffs and/or the sellers to forego the original binding contract to allow the defendants to sell the home to a 3rd party at a higher price and/or with the intent to coerce the plaintiffs to make a higher offer to purchase the home.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

**Page 25 of 30**

Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XX

### DECEIT ALABAMA CODE §6-5-103

205.    The plaintiffs reallege all general averments as if fully set out herein.

206.    Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza, Inc., or an agent thereof,  was advised of the binding contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

207.    The defendants deceived the plaintiffs (by a willful representation of a material fact as true which they knew to be untrue) or (by the reckless representation of a material fact as true which they did not know to be false) to induce the plaintiffs to act and that plaintiffs acted to their injury by not purchasing the home.

208.    The defendants knew of the falsehood or recklessly represented facts as true which the defendants did not know to be false, with the intent to deceive the plaintiffs.

209.    Jim Baker told the plaintiffs a second contract was necessary.  This was a false statement.

210.    Jim Baker told the plaintiffs the sellers refused to extend the closing deadline. This was a false statement.

211.    Jim Baker told the plaintiffs the sellers refused to accept their contract.  This was a false statement.

212.    The defendants committed the deceitful conduct with the intent to induce the plaintiffs to withdraw their offer to purchase or rescind their contract to allow the defendants to

sell the home to a 3rd party at a higher price and/or with the intent to coerce the plaintiffs to make a higher offer to purchase the home.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XXI

### WILLFULL DECEIT WITH INTENT TO INDUCE INJURY OR RISK
### ALABAMA CODE §6-5-104

213.    The plaintiffs reallege all general averments as if fully set out herein.

214.    The defendants entered into a contract with the plaintiffs without any intention of performance.

215.    Re/max Huntsville, Inc., or an agent thereof, and/or Rise Realty Parkway Plaza, Inc., or an agent thereof, was advised of the contract executed by Monty and Heather Allen but despite this knowledge sold the home and property to a 3rd party.

216.    Jim Baker told the plaintiffs a second contract was necessary. This was a false statement.

217.    Jim Baker told the plaintiffs the sellers refused to extend the closing deadline. This was a false statement.

218.    Jim Baker told the plaintiffs the sellers refused to accept their contract. This was a false statement.

**Page 27 of 30**

219.    These misrepresentations were made with the intent to induce the plaintiffs to withdraw their offer to purchase or rescind their contract to allow the defendants to sell the home to a 3rd party at a higher price and/or with the intent to coerce the plaintiffs to make a higher offer to purchase the home.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XXII

### MONEY OWED BY RE/MAX HUNTSVILLE, INC. AND/OR CHARLES LANZA

220.    The plaintiffs reallege all general averments as if fully set out herein.

221.    Re/max Huntsville, Inc., or an agent thereof, and/or Charles Lanza owe Monty and Heather Allen $3,000 for the earnest money paid upon execution of the contract to purchase the home and property.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to

Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

## COUNT XXIII

### INTERFERENCE WITH CONTRACTUAL RELATIONS

222.    The plaintiffs reallege all general averments as if fully set out herein.

223.    The defendants interfered with the contractual relations between the plaintiffs and the sellers.

224.    The defendants consciously and/or deliberately engaged in oppressive, fraudulent, wanton, and/or malicious conduct.

225.    The defendants knew of the contract existing between the plaintiffs and the sellers.

226.    The defendants intentionally interfered with this contract and/or business relationship existing between the plaintiffs and the sellers.

227.    The defendants' interference was not justified.

228.    The plaintiffs suffered damages as a result of this intentional unjustified interference.

Plaintiffs demand compensatory, emotional and mental distress, consequential, and punitive damages in such type and quantity as a jury may find appropriate under the circumstances of this case and the purposes allowed by law, including but not limited to the protection of the public by deterring these defendants and others from doing such wrong in the future, and as exemplary damages. The plaintiffs claim prejudgment interest pursuant to Alabama Code §8-8-8. The plaintiffs also claim from the defendants cost and attorney's fees. The plaintiffs demand trial by struck jury.

Dated this 20ᵗʰ day of April _____ 2009.

_____
Jeffrey B. Austin (AUS013)
Attorney for Plaintiffs
WINBORN & AUSTIN
102 South Court Street, Ste. 600
Florence, AL  35630
256-764-0582

The Plaintiffs demand trial by struck jury in this cause.

_____
Jeffrey B. Austin (AUS013)

The Plaintiffs request service by certified mail.

_____
Jeffrey B. Austin (AUS013)

**Page 30 of 30**

ELECTRONICALLY FILED
4/21/2009 8:42 AM
CV-2009-900073.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

# IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

**MONTY ALLEN**

**and**

**HEATHER ALLEN**

> **PLAINTIFFS**

**V.**                                             CIVIL ACTION NO:  CV 09-_____

**HOMECOMINGS FINANCIAL, L.L.C.,**
**RE/MAX, INC.,**
**RE/MAX HUNTSVILLE, INC.,**
**RISE REALTY, INC.,**
**RISE REALTY PARKWAY PLAZA, INC.,**
**VICTOR ENGLERT,**
**CHARLES LANZA,**
**JIM BAKER,**
**TOMMY ADAMS,**
**PATRICK MCCLAIN,**
**THE BANK OF NEW YORK TRUST**
**COMPANY, INC. as successor to JP MORGAN CHASE BANK, INC.,**
and fictitious parties XYZ, an individual firm, partnership, corporation, whose names are
otherwise unknown but whose correct names will be added by amendment when
ascertained, whether singular or plural, that entity or those entities, other than those
entities described above, which is the successor in interest of any of the entities of the
entities described above; whether singular or plural, that entity or those entities, other than
those entities described above, which was the predecessor corporation of any of the entities
described above or any other entity or entities responsible for the damages claimed.

> **DEFENDANTS**

## INTERROGATORIES

The following interrogatories are propounded to the defendants to be answered separately
and under oath by defendants within thirty (30) days after service of same upon defendants:

1.    Describe the circumstances and details related to Homecomings Financial,
L.L.C. and New York Trust Company as successor to JP Morgan Chase Bank becoming the
seller of the home.

2.    Describe any and all conversations and the contents thereof regarding the sale of this home.

3.    Describe your understanding of the sellers' failure to honor the contracts executed by Monty and Heather Allen.

4.    Explain why the contract executed by Monty Allen was not honored by the sellers.

5.    Describe the contents of any conversations occurring between Jim Baker and the party answering these interrogatories with regard to the facts and circumstances made the basis of this lawsuit.

6.    Describe what steps, including but not limited to company policies, procedures, or manuals are required of brokers when overseeing or supervising their real estate agents.

7.    Identify any persons who have knowledge of the listing and sale of the home made the basis of this lawsuit.

8.    Describe the circumstances and the agreement between Jim Baker and Homecomings Financial, L.L.C. to repair or improve the home made the basis of this lawsuit.

9.    Identify all persons who received proceeds from the sale of the home including the amounts received by each person.

10.    Describe the commission and fees the broker, listing agent and selling agent would receive from the sale of the home and how each would be compensated and on what basis.

11.    Identify any other transactions Jim Baker has participated in whereby a home was sold to a person other than the first person to execute a contract on the purchase of the property.

12.    Identify and list any and all complaints received regarding the conduct or actions of Jim Baker as a real estate agent.

Page 2 of 4

13.    Provide any and all documentation and/or information regarding complaints with the Real Estate License Commission against the party responding to these interrogatories.

14.    Identify the disposition of any and all complaints filed with Real Estate License Commission against the party answering these interrogatories.

15.    Explain the reason the contract between Monty Allen and the sellers was not honored.

16.    Describe the facts and circumstances of the offer to purchase the home made by Johnny Wright.

17.    Describe any pre-existing relationship between Johnny Wright and any person involved in the sale of this home.

18.    Identify any and all parties who participated in preparing any documents related to the listing, sale, or contracts regarding the home made the basis of this lawsuit.

19.    Identify all persons who signed any documents related to the sale of the home and/or contracts executed by the plaintiffs and explain their role in the sale of the home and by whom they are employed.

20.    Identify the person or entity who had authority to accept or reject offers to purchase the home made the basis of his lawsuit.

21.    Provide all details and explain all information regarding offers made by the plaintiffs to purchase the home known by the party answering this interrogatory

22.    Identify all persons with whom the person answering this interrogatory communicated with regarding the sale of the home and explain the contents of all conversations between the person answering this interrogatory and any other person and/or any party named in this lawsuit.

**Page 3 of 4**

23.    Provide and explain all information possessed by the person answering this

interrogatory regarding the plaintiffs' attempt to purchase the home.

24.    Identify the owners of the property at all times pertinent to the allegations of this
lawsuit.

This _20_ day of _April_____, 2009.

_____
Jeffrey B. Austin, Esq. (AUS013)
Attorney for Plaintiffs
WINBORN & AUSTIN
102 South Court Street, Suite 600
Florence, AL  35630
(256) 764-0582

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the Defendant along
with the Summons and Complaint.

_____
Jeffrey B. Austin, Esq.

**Page 4 of 4**

# IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

**MONTY ALLEN**

**and**

**HEATHER ALLEN**

      **PLAINTIFFS**

**V.**                            **CIVIL ACTION NO:  CV 09-_____**

**HOMECOMINGS FINANCIAL, L.L.C.,**
**RE/MAX, INC.,**
**RE/MAX HUNTSVILLE, INC.,**
**RISE REALTY, INC.,**
**RISE REALTY PARKWAY PLAZA, INC.,**
**VICTOR ENGLERT,**
**CHARLES LANZA,**
**JIM BAKER,**
**TOMMY ADAMS,**
**PATRICK MCCLAIN,**
**THE BANK OF NEW YORK TRUST**
**COMPANY, INC. as successor to JP MORGAN CHASE BANK, INC.,**
**and fictitious parties XYZ, an individual firm, partnership, corporation, whose names are**
**otherwise unknown but whose correct names will be added by amendment when**
**ascertained, whether singular or plural, that entity or those entities, other than those**
**entities described above, which is the successor in interest of any of the entities of the**
**entities described above; whether singular or plural, that entity or those entities, other than**
**those entities described above, which was the predecessor corporation of any of the entities**
**described above or any other entity or entities responsible for the damages claimed.**

      **DEFENDANTS**

## REQUEST FOR PRODUCTION

The plaintiffs, Monty Allen and Heather Allen, request the defendant to produce and allow plaintiffs to inspect and copy within thirty (30) days the following documents:

1.      Any and all documents related to or pertaining to the home and property made the basis of this lawsuit.

2.      Any and all communication in any form including letters and emails regarding offers made on the property made the basis of this lawsuit.

3.    Any and all books and instruction manuals related to the proper procedures for supervising listing brokers and real estate agents.

4.    Copies of any and all contracts related to the sale of the home made the basis of this lawsuit.

5.    Copies of any and all listing agreements regarding the property made the basis of this lawsuit.

6.    Copies of all loan closing documents related to the sale of the home made the basis of this lawsuit.

7.    Any and all documents related to the relationship between the defendants.

_____
Jeffrey B. Austin, Esq. (AUS013)
Attorney for Plaintiffs
WINBORN & AUSTIN
102 South Court Street, Suite 600
Florence, AL 35630
(256) 764-0582

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the defendants along with the Summons and Complaint.

_____
Jeffrey B. Austin, Esq.

Page 2 of 2

ELECTRONICALLY FILED
4/21/2009 8:42 AM
CV-2009-900073.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

**MONTY ALLEN**

**and**

**HEATHER ALLEN**

> **PLAINTIFFS**

**V.**                                   **CIVIL ACTION NO:  CV 09-_____**

**HOMECOMINGS FINANCIAL, L.L.C.,**
**RE/MAX, INC.,**
**RE/MAX HUNTSVILLE, INC.,**
**RISE REALTY, INC.,**
**RISE REALTY PARKWAY PLAZA, INC.,**
**VICTOR ENGLERT,**
**CHARLES LANZA,**
**JIM BAKER,**
**TOMMY ADAMS,**
**PATRICK MCCLAIN,**
**THE BANK OF NEW YORK TRUST**
**COMPANY, INC. as successor to JP MORGAN CHASE BANK, INC.,**
**and fictitious parties XYZ, an individual firm, partnership, corporation, whose**
**names are otherwise unknown but whose correct names will be added by**
**amendment when ascertained, whether singular or plural, that entity or those**
**entities, other than those entities described above, which is the successor in interest**
**of any of the entities of the entities described above; whether singular or plural, that**
**entity or those entities, other than those entities described above, which was the**
**predecessor corporation of any of the entities described above or any other entity or**
**entities responsible for the damages claimed.**

> **DEFENDANTS**

> ## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Lauderdale County Circuit Court Clerk
200 South Court Street
Florence, AL  35630


**PLEASE TAKE NOTICE** that the following discovery documents have been
filed on behalf of the plaintiffs:

(X)  Interrogatories to Defendants
(X)  Request for Production of Documents to Defendants

**Page 1 of 2**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the Defendants along with the Summons and Complaint.

This the 20ᵗʰ day of April, 2009.

Jeffrey B. Austin (AUS013)
Attorney for Plaintiffs