**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION SETTING BRIEFING SCHEDULE FOR MOTION FILED BY**
**RONALD AND JULIE ERIKSEN**

This stipulation (the "Stipulation") is made and entered into between the ResCap Borrower Claims Trust (the "Borrower Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases") and Ronald A. Eriksen and Julie A. Eriksen (the "Eriksens", and together with the Borrower Trust, the "Parties"), through their respective counsel.

**WHEREAS**, on or about November 16, 2012, the Eriksens filed proofs of claim in the Chapter 11 Cases, designated by KCC on the Claims Register as Claim No. 5573 and 5580 (the "Proofs of Claim"), both asserting a secured claim against Debtor GMAC Mortgage, LLC ("GMACM") in the amount of $$475,000 and an unsecured claim in the amount of $525,000; and

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Borrower Trust was established [Docket No. 6137]; and

1

**WHEREAS**, the Plan provides for the creation and implementation of the Borrower Trust, which will, among other things, "direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement." *See* Plan, Art. IV.F. Further, pursuant to the Borrower Claims Trust Agreement:

> The Borrower Claims Trustee, or one or more Borrower Claims Trust Agents . . . shall be authorized to resolve, on behalf of the Borrower Claims Trust, all Disputed Borrower Claims without further Bankruptcy Court order . . . .

Borrower Claims Trust Agreement, Art. VI, § 6.2 [Docket No. 6136]; and

**WHEREAS**, on June 25, 2014, the Borrower Trust filed the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Sixty-Ninth Omnibus Objection")[1] [Docket No. 7188] objecting to, among other claims, the Proofs of Claim; and

**WHEREAS**, on July 25, 2014, the Eriksens filed a *Motion for Extension of Time to Respond to Debtor, GMAC Mortgage, LLC, Objection sot Claim Nos. 5573 and 5580* [Docket No. 7309]; and

**WHEREAS**, the Borrower Trust agreed to give the Eriksens until August 27, 2014 to respond to the Sixty-Ninth Omnibus Objection and to adjourn the hearing on the Sixty-Ninth Omnibus Objection as related to the Proofs of Claim until September 30, 2014; and

**WHEREAS**, on August 29, 2014 the Eriksens filed a *Petition for Withdrawal of Referenced Claims, Pursuant to 28 USC 157(d) and 28 USC 157(b)(5)* with United States District Court for the Southern District of New York; and

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Sixty-Ninth Objection.

**WHEREAS**, on August 29, 2014 the Eriksens filed a *Motion for Extension Instanter to File Notice of Petition for Withdrawal* and a *Petition for Withdrawal to the United States District Court for the Northern District of Illinois Eastern Division, Under 28 USC 1334, 28 USC 157(d) and 28 USC 157(b)(5), and Request Abstention and Stay by this Court* (collectively, the "Withdrawal Motions") in this Court; and

**WHEREAS**, the Eriksens unintentionally listed September 8, 2014 as the date of the hearing on the Withdrawal Motions; and

**WHEREAS**, the Borrower Trust disputes the validity of the Proofs of Claim; and

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. The Parties agree to set the hearing on the Withdrawal Motions for September 30, 2014 at 10:00 am eastern standard time.

3. The Parties agree to comply with the following briefing schedule: the Borrower Trust will have until 4:00 pm eastern standard time on September 16, 2014 to file a response to the Withdrawal Motions and the Eriksens will have until 12:00 pm eastern standard time on September 26, 2014 to file a reply.

4. The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

5. This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart,

ny-1157343

including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

6. This Stipulation shall be binding on the Parties (as well as any successor in interest) upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

7. The Court shall retain jurisdiction with respect to this Stipulation.

Dated: September 10, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

Dated: September 10, 2014

/s/ Ronald Eriksen
Ronald Eriksen
443 Jamestown Ct.
Aurora, IL 60502
Telephone: (630) 688-1162

*Acting Pro Se*

-AND-

Dated: September 10, 2014        /s/ Julie Eriksen
                                 Julie Eriksen
                                 443 Jamestown Ct.
                                 Aurora, IL 60502
                                 Telephone: (630) 688-1162

                                 *Acting Pro Se*

Dated: September 15, 2014
       New York, New York

                                                        /s/Martin Glenn
                                                 UNITED STATES BANKRUPTCY JUDGE