Armen Shaghzo, Esq., CA Bar No. 178802 (*pro hac vice*)
**SHAGHZO & SHAGHZO LAW FIRM, APC**
100 W. Broadway, Suite 540
Glendale, CA 91210
(818) 241-8887 Telephone
(818) 241-0035 Facsimile

Attorneys for HEDEYA HAROUTUNIAN

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Residential Capital, LLC, et al.<br><br>                                  Debtor | Case No.: 12-12020 (MG)<br><br>Chapter 11<br><br>Joint Administration Pending<br><br>Hearing Date: October 30, 2014<br>Time: 10:00 a.m.<br>Objection Deadline Date: October 23, 2014<br>Time: 10:00 a.m. |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362**
**(With Supporting Declarations)**
**(Movant Hedeya Haroutunian)**
**(Action in Non-Bankruptcy Forum)**

**PLEASE TAKE NOTICE that** Hedeya Haroutunian ("Movant") hereby moves for entry of an order, pursuant to 11 U.S.C. §362(d)(1) and (2) and Bankruptcy Rule 4001, for an order, a proposed form of which is filed concurrently herewith, terminating or, alternatively, modifying the automatic stay imposed as to Debtor GMAC Mortgage, LLC ("Debtor") pursuant to 11 U.S.C. §362, to permit Movant to pursue her appeal in the matter of *Haroutunian v. GMAC Mortgage, LLC,* Case No. B237722, currently pending in the Court of Appeal for the State of California, Second Appellate District. Such proceeding commenced initially in the Los Angeles

Superior Court on April 13, 2010 and appeal of that matter was filed with the Court of Appeal for the State of California, Second Appellate District on November 29, 2011.

Hearing on Movant's motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, and the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 on October 30, 2014 at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion and the relief requested therein must be filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 and served upon the United States Trustee's Office, 33 Whitehall Street, 21st Floor, NY, NY 10004; Debtor's counsel Gary S. Lee, Esq. Morrison & Foerester, LLP, 1290 Avenue of the Americas, 40th Floor, New York, NY 10022; Steven J. Reisman, Esq., Curtis Mallet-Prevost, Colt & Mosle, LLP, 101 Park Avenue, New York, NY 10178; Debtor's litigation counsel in California Severson & Werson, 19100 Von Karman, Ave. Ste. 700, Irvine CA 92612. Notice will further be given in accordance with the Case Management Procedures in place in this action. submits that such notice is sufficient and good under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and this Court's Order Under Bankruptcy Code Sections 102(1), 105(A) And 105(D), Bankruptcy Rules 1015(C), 2002(M) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures dated May 23, 2012 [ECF Dkt. #141].

Objections to the Motion or relief requested therein shall be served to on or before October 23, 2014 at 10:00 a.m. (ET) on Movant's counsel, Armen Shaghzo, Esq., SHAGHZO &

SHAGHZO & SHAGHZO LAW FIRM, APC, 100 W. Broadway, Suite 540, Glendale, CA 91210, email as@shaghzolaw.com.

**PLEASE TAKE FURTHER NOTICE THAT** the relief requested in the Motion may be granted without a hearing if no objection is timely filed and served as set forth above and in accordance with the Case Management Order.

Dated: September 11, 2014
Glendale, California

_____
Armen Shaghzo, Esq.

Mailing Address:
SHAGHZO & SHAGHZO LAW FIRM, APC
100 W. Broadway, Suite 540
Glendale, CA 91210
Email: as@shaghzolaw.com
Telephone: (818) 241-8887
Facsimile: (818) 241-0035

### The Bankruptcy Case

1.  The Debtor and its related affiliates (collectively, the "Debtors") filed a voluntary petition under Chapter 11 on May 14, 2012 (the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Court") and continued in the operation of their businesses and properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

### JURISDICTION

2.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The relief sought by this motion is predicated on Bankruptcy Code sections 15(a) and 362, Bankruptcy Rules 4001 and 9013 and the Amended Standing Order of Reference, M10-468 dated January 31, 2012 by Chief District Court Judge Loretta A. Preska.

### BACKGROUND FACTS

3.  Movant is an 85 year old widow. Movant and her husband Vartan Haroutunian purchased the single family residence at 1677 Arbor Dr., Glendale, California 91202, APN 5632-005-008 (hereinafter referred to as "Home") in 1979. Movant made timely payments under the deed of trust from February 1991 until early 2008, when her husband passed away. In late 2009, Movant received a notice of default and GMAC and/or the Trustee, ETS Services, LLC (hereinafter "ETS"), recorded a Notice of Trustee's Sale, setting the -sale date for February 8, 2010. Movant retained counsel (hereinafter "Aroustamian"), which was acknowledged by GMAC in a letter to Movant dated January 22, 2010.

4.  Thereafter, Movant, through Aroustamian, entered into negotiations to pay off and cure the past due amount of less than thirty-eight thousand dollars ($38,000.00). Aroustamian was provided an oral breakdown of the outstanding loan balance by GMAC agent, Cornell Lang of ETS Services, LLC by telephone on January 28, 2010. During this conversation, Aroustamian, on Movant's behalf and ETS, on GMAC's behalf reached an agreement to cancel the foreclosure sale, cure the default and reinstate the loan as follows: (1) Movant would pay GMAC $10,000.00 on or about the same day, January 28, 2010; (2) Defendant, and or its agent would accept the payment, cancel the foreclosure, and provide Movant with a written payment plan dividing the remaining payments into 5 equal monthly payments forthwith; (3) The Payment plan would be based on 5 equal monthly payments based on the oral breakdown provided to counsel and the January 28, 2010 letter from ETS; (4) Once Movant received the written document memorializing the agreement, Movant was to commence making payments in accordance with the written payment plan to be provided by Defendant, or its agent. Said Payment plan was to be consistent with the discussions between GMAC and Aroustamian (hereinafter "Repayment Agreement"). Movant, on January 29, 2010, transferred $10,000.00 to GMAC's account as was specified by GMAC's representative on January 28, 2010 and GMAC accepted the payment accordingly. Movant's next payment was to be due in accordance with the payment schedule to be provided by GMAC and/or ETS.

5.  Following the Repayment Agreement, Aroustamian repeatedly contacted GMAC through early March to clarify the payment schedule. However, Aroustamian received no response until March 10, 2010, when he received a letter from GMAC dated March 5, 2010. The March 5, 2010 letter set forth the basic terms reached during the January 28, 2010 conversation; however GMAC had changed the terms of the payment, the amount of the payments due, and

payment dates. Most egregious was the inclusion of an apparent requirement that a payment in the amount of $8,713.43, was due on February 28, 2010, several days prior to the letter memorializing of the agreement. Movant again made inquiries as to the new additional amounts, the new payment plan and due dates. Even though the figures were inflated and did not match the prior numbers given by ETS, pursuant to the Repayment Agreement, Movant continued to perform under the Repayment Agreement and made a second payment in the amount of $8,713.43 on March 19, 2010 which was accepted by GMAC.

6.     Movant made a second payment in the amount of $8,713.43 on March 19, 2010, which was accepted by GMAC, and sent a third payment in the amount of $8,713.43 on April 5, 2010, pursuant to the Repayment Agreement.

7.     Just days later, on April 8, 2010, around 10:00 a.m. Movant discovered that her Home was being auctioned. GMAC representatives acknowledged receipt of Movant's payments, however the foreclosure proceeded and within 30 minutes of Movant becoming aware of the sale, the property was sold to Samsara Apparel, LLC for $680,000.00. GMAC never responded to Movant's inquiries or letters and did not provide Movant notice of the planned sale or new sale date. GMAC's intentional misrepresentations or reckless disregard regarding cancellation of the foreclosure sale upon receipt of the $27,426.86 payment was the inducement for Movant to enter into the cure agreement.

8.     Immediately following the sale, counsel for Movant contacted the GMAC's in house counsel in Texas and discussed the matter with in house counsel. Movant's counsel explained the situation and informed Debtor's counsel that according to California law Debtor had a statutory period to unwind the foreclosure sale without the requiring the third party purchaser's approval. Counsel for the Debtor stated that she would be willing to cooperate and

will transfer the case to counsel in California to "work with Movant's counsels to resolve the matter."

## PROCEDURAL HISTORY

9. Movant brought this action on April 13, 2010; just five days after GMAC wrongfully auctioned her home at the foreclosure sale. The complaint against GMAC alleged causes of action for: Breach of Oral Contract; Intentional Misrepresentation; Negligent Misrepresentation; Constructive Trust; Declaratory Relief; Quiet Title; Violation of *Bus. & Prof. Code* §17200–Unlawful Business Practices (TILA); Violation of Bus. & Prof. Code §17200-Unfair Business Practices; Violation of *Bus. & Prof. Code* §17200-Unlawful Business Practices (Fin. Code §22302); Unfair Debt Collection Practices; and Breach of fiduciary duty.

10. On December 20, 2010, Movant filed her then operative Third Amended Complaint. Movant also filed a Motion for Leave to File a Fourth Amended Complaint. The Court denied Movant's request for leave to amend.

11. After significant law and motion practice, including several demurrers, on September 30, 2011, and the Court entered judgment against Plaintiff, dismissing the action.

12. Thereafter, Movant filed an appeal of the action on November 29, 2011.

13. On December 13, 2013, the California Court of Appeals reversed the Court's judgment sustaining GMAC's demurrer to the second cause of action for intentional misrepresentation and granting GMAC's motion to strike references to punitive damages in the fourth amended complaint. The Court further found that the trial court abused its discretion in denying Movant leave to amend. The matter was remanded to the Superior Court to allow Movant to file a fifth amended complaint adding a cause of action for promissory estoppel. That action remains stayed pending this bankruptcy proceeding.

## RELIEF REQUESTED

14. As set forth above, Movant seeks relief from the automatic stay provisions in order to pursue her action against Debtor recently remanded to the Superior Court of the State of California. Movant previously received relief from the stay to proceed with her appeal in the California Court of Appeals. A true and correct copy of the Order granting relief from the stay Exhibit B.

15. This Court has broad discretion to grant relief from the automatic stay, including orders terminating, annulling, modifying, or conditioning the stay for cause. 11 U.S.C. §362(d)(1).

16. Bankruptcy Courts consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate in evaluating the necessary cause for relief from the stay under 11 U.S.C. §362(d)(1). *In re Keene Corp.* 171 B.R. 180, 193 (S.D.N.Y. Bankr. 1994). As set forth in the declarations, Movant respectfully submits that due to her age, (82), the nature of the dispute, the pendency and length of the litigation, that there is cause for relief from the stay.

17. Pursuant to 11 U.S.C. §362(d)(1), case exists to grant Movant relief from stay to proceed with the Non-Bankruptcy Action to final decision in the Superior Court of California as the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum. Moreover, allowing Movant to pursue her case in the pending court will also provide for efficient resolution of the matter, as that court is in the best position to decide whether the appeal could have any effect whatsoever on the proceedings pending in this court.

18. Further cause exists based on Movant's advanced age, as set forth in her accompanying declaration. Debtor should not be permitted to delay Movant's rightful action

simply by the filing of bankruptcy. Not only is the delay extremely prejudicial, but after Debtor's wrongful sale of Movant's home which she was forced to repurchase at an extremely inflated price, the bankruptcy and automatic stay have now forced Movant to seek affirmative relief in another forum simply to have her matter heard.

## CONCLUSION

19.     Wherefore, Movant respectfully requests that this Court issue an Order terminating or modifying the automatic stay imposed by 11 U.S.C. §362 in order to permit Movant to pursue her claims in the matter of *Haroutunian v. GMAC Mortgage, LLC,* Case No. EC052638 currently pending in the Superior Court for the State of California, County of Los Angeles. Movant further requests that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code, that the 14 day stay period set forth in Bankruptcy Rule 4001(a)(3) be waived and such other and further relief as may be just and proper.

Dated: September 11, 2014
Glendale, California

Armen Shaghzo, Esq.

Mailing Address:
SHAGHZO & SHAGHZO LAW FIRM, APC
100 W. Broadway, Suite 540
Glendale, CA 91210
Email: as@shaghzolaw.com
Telephone: (818) 241-8887
Facsimile: (818) 241-0035

## DECLARATION OF ARMEN SHAGHZO, ESQ.

I, Armen Shaghzo, Esq., under penalty of perjury declare as follows:

1.  I am an attorney at law duly licensed to practice law in the state of California and in good standing. I am the attorney of record for the Plaintiff, Hedeya Haroutunian, herein. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I have knowledge regarding the state court lawsuit in the non-bankruptcy forum by virtue of my representation and appearance as counsel of record for Mrs. Haroutunian in the non-bankruptcy action.

2.  The non-bankruptcy action for which Mrs. Haroutunian seeks relief from stay is currently pending as *Haroutunian v. GMAC Mortgage, LLC,* Case No. EC052638 which was remanded by *Haroutunian v. GMAC Mortgage, LLC,* Case No. B237722. Attached hereto as Exhibit A is a true and correct copy of the Opinion filed in the matter of *Haroutunian v. GMAC Mortgage, LLC,* Case No. B237722 on December 19, 2013.

3.  Respondent agreed by way of stipulation to allow this appeal because they believed that Appellant would not prevail. During the pendency of the appeal the Respondent submitted and obtained approval for its Plan from this Bankruptcy Court. At that time Appellant was neither a class within the Plan, nor had it opted in our out because of the appeal. The Court of Appeals decision now has paved the way for the Appellant to proceed with its case against Respondent's subsidiary GMAC Mortgage. Respondent of course will not stipulate to allow Appellant to proceed with the state court action. Hence the Bankruptcy Court has the equitable and legal power to allow Appellant, a senior citizen, who has invested over a million dollars of her own money to battle Respondent, to proceed either in Bankruptcy Court or State Court with its litigation.

4.  Given the circumstances, including the advanced age of Mrs. Haroutunian's and the fact that further delays will greatly impact Mrs. Haroutunian's attempt to obtain relief, good cause exists for terminating the automatic stay for the matter of *Haroutunian v. GMAC Mortgage, LLC,* Case No. EC052638.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON THIS 11TH DAY OF SEPTEMBER, 2014, IN GLENDALE, CALIFORNIA.

_____
Armen Shaghzo, Esq., Declarant

## DECLARATION OF HEDEYA HAROUTUNIAN

I, HEDEYA HAROUTUNIAN, under penalty of perjury declare as follows:

1. I am over the age of eighteen years old. This document has been translated into Armenian for my review and is consistent with my knowledge and understanding. All of the facts contained in my declaration are stated by my own personal knowledge, and I believe the information to be true and correct.

2. I am 85 years old. My late husband, Vartan Haroutunian, and I purchased my current residence (1677 Arbor Dr, Glendale, CA 91202) in 1979 (hereinafter referred to as the "Residence"). We had two sons, Vahe and Vahag. The Residence was the family home for my husband, me and my sons.

3. My eldest son, Vahe, is deceased. My husband, Vartan, died in January of 2008. My son, Vahag and I have lived in the Residence for over 30 years until his recent death. I continue to reside there to this day.

4. On February 19, 1991, my husband and I refinanced our loan for the Residence with GMAC. The refinanced loan amount was $500,000.00, with a monthly payment of approximately $3,000.00. From February 1991 to January 2008, my husband and I made timely payments on the loan.

5. After my husband's death in January 2008, my son, Vahag, has assisted me with handling my finances. As a result of my husband's death and our inability to easily and timely raise cash from our other assets, we fell behind in our loan payments for the Residence.

6. I believe that sometime in 2009, we received notification of Foreclosure. My son Vahag, on my behalf, contacted GMAC and our long time family lawyer, Ara Aroustamian, to negotiate repayment of the past due balance, approximately $38,000.00.

7. I authorized for Mr. Aroustamian to stop any and all foreclosure proceedings by negotiating with GMAC. Although I had received no notice of sale, I learned that the sale date for the Residence had been set for February 8, 2010.

8. On or around January 28, 2010, GMAC agents orally provided a repayment plan to my attorney, Mr. Aroustamian which provided for an initial payment of $10,000 and five

subsequent monthly payments until the past due balance was repaid. The repayment plan provided that I make five (5) monthly payments of $8,713.43. GMAC also agreed to allow me to pay more than the monthly payment amount to allow me to pay off the past due balance. The additional amount to be paid was not included in the repayment plan provided January 28, 2010.

9. It was my understanding that based on the repayment plan agreed to on January 28, 2010, that upon my authorization of a payment of $10,000.00 to GMAC, the Foreclosure proceedings were stopped and the February 8, 2010 sale date was cancelled. Indeed, since January 2010, and since the stoppage of the foreclosure proceedings and the cancellation of the February 8, 2010 sale, I have received no further notice of a new date or any other notice from GMAC or any agents of GMAC.

10. On March 10, 2010, GMAC sent my attorney a monthly payment schedule. The amounts indicated did not match those agreed to in January 2010. Until this matter could be resolved, I continued to make the monthly payments of $8,713.43 as agreed. I made payments of $8,713.43 on March 19, 2010 and April 6, 2010.

11. On April 8, 2010, I noticed that there were some trespassers on the grounds of my property which is gated. Coincidentally, I was expecting to meet with my lawyer and accountant that morning. Upon noticing the strangers on my property, my son went outside and discovered that there was apparently an auction of my property in process. I contacted my attorney, Mr. Aroustamian, who was on his way to my house, to hurry.

12. When Mr. Aroustamian arrived, he engaged in talks with a few of the individuals and they quickly disbursed. After a short conversation with my son, Vahag and me, Mr. Aroustamian left to go deal with GMAC by phone from his office.

13. Within thirty (30) minutes of my discovering the Residence was being auctioned, my home was sold to Mr. Mohsen Dibaei. I had received no notice of the pending sale or notice of any sale date. The Residence was sold for approximately $680,000.00, approximately one million dollars less than its assessed value.

14. Thereafter, I contacted Mr. Aroustamian and Shaghzo & Shaghzo Law Firm, APC, and brought an action against GMAC for claims arising from this wrongful sale.

15.    I am bringing this motion for relief from the bankruptcy stay in order to allow the the litigation of my claims to proceed against GMAC after four years of litigation and a now successful appeal allowing my claims to proceed. After suffering the loss of my home as a result of GMAC's actions, further delays, not to mention additional legal costs, are simply unfair. I seek only the right to proceed with the currently pending action in an attempt to seek justice. I am 85 years of age and would like to see this through in my lifetime.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON THIS 30 TH DAY OF AUGUST, 2014, IN GLENDALE, CALIFORNIA.

_Hedeya Haroutunian_
HEDEYA HAROUTUNIAN, Declarant