**DUANE MORRIS LLP**
Brett L. Messinger (No. 3987542)
30 South 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1508
Facsimile: (215) 979-1020
Email: blmessinger@duanemorris.com

*Counsel for HSBC Bank USA, National Association as Trustee for the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 and Ocwen Loan Servicing LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**OCWEN LOAN SERVICING LLC'S
OBJECTION TO CLAIM OF ROBERT DE SIMONE**

HSBC Bank USA, National Association as Trustee for the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 ("HSBC") and Ocwen Loan Servicing LLC (collectively with HSBC, "Ocwen"), by and through their undersigned counsel, hereby file this *Objection to Claim of Robert De Simone* ("Objection") pursuant to which Ocwen requests that this Court enter an Order disallowing and/or expunging the claim asserted by Robert De Simone ("Claimant"). In support of this Objection, Ocwen respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are §§ 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. ("Bankruptcy Code"), and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**Relevant Factual Background**

4. In 2010, Claimant and Matina De Simone (collectively, the "De Simones") commenced an action in the Middlesex County Superior Court in Massachusetts against GMAC Mortgage, LLC ("GMACM"), Mortgage IT, Inc. ("Mortgage IT"), and Mortgage Options of America, Inc. ("Mortgage Options") seeking, among other things, to rescind a 2007 mortgage loan and enjoin a scheduled foreclosure sale. Mortgage IT was the originator of the loan and Mortgage Options the broker. GMACM acted as servicer of the loan (and would subsequently come to hold the loan via assignment).[1] Only Counts I and IV of the complaint pertained to GMACM. A copy of the complaint is attached as **Exhibit "A"**.

5. The De Simones argued that Claimant had properly rescinded the loan within the applicable 3-day period (or, alternatively, that the rescission period was extended to 4 years as a matter of law due to allegedly deficient disclosures made by Mortgage IT concerning the loan).

6. GMACM moved for summary judgment in December 2011. In May 2012, approximately one week after the commencement of these Chapter 11 Cases, the Massachusetts Superior Court granted summary judgment in favor of GMACM, holding that Claimant had withdrawn his notice of rescission before the loan funds were ever disbursed and that all required disclosures concerning the loan were appropriate. A copy of the Superior Court's order granting summary judgment is attached as **Exhibit "B"**.

---

[1] Following assignment of the loan to GMACM, Ocwen Loan Servicing, LLC acted as servicer for GMACM during the relevant time period.

7. On June 21, 2012, the De Simones filed a notice of appeal and suggestion of bankruptcy concerning GMACM. On June 22, 2012, the Massachusetts Superior Court issued an order staying all proceedings until further order of the Court.

8. On July 13, 2012, this Court entered an order [Doc. No. 774] granting limited relief from the automatic stay to permit non-debtor parties in foreclosure and eviction actions to continue to assert and prosecute certain defenses, claims and counterclaims, including claims seeking to prevent foreclosure, but not claims for monetary relief against GMACM or any of its affiliated debtors.

9. On August 31, 2012, GMACM filed a motion to vacate the stay imposed by the June 22, 2012 order of the Massachusetts Superior Court with respect to the De Simones' rescission claim (Count I of the complaint). The motion was allowed on September 10, 2012. The De Simones moved for reconsideration but were denied. The Massachusetts Superior Court permitted litigation to proceed as to Count I but stayed litigation as to Count IV.

10. On October 23, 2012, the Massachusetts Superior Court entered a separate and final judgment as to Count I of the De Simones' complaint (rescission). The De Simones filed a notice of appeal on November 21, 2012 with respect to, *inter alia*, the final judgment on Count I.

11. In an attempt to relitigate his rescission claim, on November 9, 2012, less than three weeks after entry of the final judgment, Claimant filed Proof of Claim # 3829 ("Claim") against GMACM in the amount of $825,703.23. The Claim is based upon "rescission and servicing violations."

12. Pursuant to an Assignment of Mortgage dated March 25, 2013, GMACM assigned its interest in the mortgage to HSBC. A copy of the Assignment of Mortgage is

attached hereto as **Exhibit "C"**. Ocwen Loan Servicing, LLC, continues to act as servicer for the loan.

13. On February 25, 2014, the Massachusetts Appeals Court affirmed the ruling of the Massachusetts Superior Court in favor of GMACM. A copy of the Appeals Court decision is attached hereto as **Exhibit "D"**.[2] The De Simones did not take any further appeal of the decision and the applicable appeals period has lapsed. .

14. Thus, the judgment denying the rescission claim is now final for all purposes.

### Basis for Objection

15. The judgment against Claimant entered by the Massachusetts Superior Court on his rescission claim, the Claim, is now final for purposes of *res judicata*.

16. The Claim asserts damages based on the very same rescission claim that was rejected by the Massachusetts courts. The doctrine of *res judicata* absolutely bars Claimant from relitigating issues that have been decided by the final judgment of the Massachusetts Appeal Court. Because Claimant did not timely appeal the order of the Massachusetts Appeals Court affirming the Superior Court's grant of summary judgment in favor of GMACM, that order has become final. Accordingly, Claimant is barred from asserting the Claim in the Chapter 11 Cases.

### The Claim is Barred by Res Judicata

17. The Claim is barred by *res judicata*.

18. The preclusive effect given to a state court judgment "in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Accordingly,

---

[2] It is interesting to note that Claimant attached a copy of his state court Complaint to the Claim, but not the Massachusetts Superior Court and Appeals Court rulings on Count I of the state court Complaint. Perhaps he realized that such rulings are dispositive here.

when "applying the doctrine of *res judicata*, [courts] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. N.Y.C. Transit. Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted); *see, e.g., Hermes Automation Tech., Inc. v. Hyundai Elect. Indus. Co.*, 915 F. 2d 739, 7xx (1st Cir. 1990) ("Under Massachusetts principles of claim preclusion, a final judgment in one action generally precludes the plaintiff from bringing another action against the same defendant if the second action arises out of the same transaction or occurrence as the prior action").

19. The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that **were or could have been raised** in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *See also Adams Bldg. Corp. v. Cadle Co.*, 16 LCR 91, 92 (Mass. Land Ct. 2008) (citing *Wright Mach. Corp. v. Seaman-Andwall Corp.*, 364 Mass. 683, 695 (1974)) (stating that a decision on a motion for summary judgment constitutes a final judgment on the merits for *res judicata* purposes). There is no doubt that Claimant raised the rescission claim in the action. Any related claims asserted in the Claim would also be barred.

20. HSBC can assert *res judicata* here. It is in privity with GMACM regarding the rescission claim because in 2013, HSBC was assigned the loan that Claimant seeks to rescind.

21. The decision of the Massachusetts Appeals Court affirming the grant of summary judgment in GMACM's favor with respect to the De Simones' rescission claim is a final judgment. Claimant is therefore barred from asserting the Claim. Accordingly, the Claim should be disallowed and/or expunged. To the extent that this Court wishes to hear arguments with respect to the merits of the rescission issues previously addressed by the Massachusetts courts, however, Ocwen respectfully requests that this Court establish a briefing schedule.

**Notice**

22.     Ocwen has provided notice of this Objection to: (a) Claimant and/or his counsel; (b) the Office of the United States Trustee; (c) counsel to the ResCap Borrower Claims Trust; (d) the ResCap Borrower Claims Trust; (e) Office of the United States Attorney General; (f) Office of the New York State Attorney General; and (g) Office of the U.S. Attorney for the Southern District of New York.  In light of the nature of the relief requested, Ocwen submits that no further notice is required or needed under the circumstances.

**Conclusion**

23.     For the reasons stated herein, and pursuant to § 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007, Ocwen respectfully requests that this Court disallow and/or expunge the Claim.

Dated: September 15, 2014                                    DUANE MORRIS LLP

/s/ Brett L. Messinger
Brett L. Messinger (No. 3987542)
30 South 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1508
Facsimile: (215) 979-1020
Email: blmessinger@duanemorris.com

*Counsel for HSBC Bank USA, National Association as Trustee for the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 and Ocwen Loan Servicing LLC*