# **Exhibit A**

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT

Middlesex, SS}

Case No. _____

Robert De Simone
and
Matina De Simone,
          Plaintiffs,

v.

GMAC Mortgage, LLC,
MortgageIT, Inc.
and
Mortgage Options of America, Inc.,

          Defendants.

VERIFIED COMPLAINT

AND

DEMAND FOR JURY TRIAL

NOW COME ROBERT DE SIMONE and MATINA DE SIMONE (hereinafter "Plaintiffs") and as and for their Complaint against Defendant GMAC MORTGAGE, LLC, MortgageIT, Inc. and Mortgage Options of America, Inc.,(hereinafter collectively "Defendants") do hereby state and allege as follows:

### NATURE OF THE ACTION

1. This action arises under Massachusetts General Laws chapter 140D, the Consumer Credit Cost Disclosure Act.

2. Furthe claims are made under c. 93A. These claims include the failure to accept the Notice of Rescission given in the first three days after signing the loan papers, fraudulent preparation of loan documents, failure to disclose loan terms, and similar lending violations on the part of the initial mortgagee, the mortgage broker and the settlement agents. These are all apparent on the available record.

3. Plaintiffs will also allege common fraud and breach of the covenant of fair dealing, for the statutes and regulations mentioned do no more than codify existing Massachusetts jurisprudence.

4. What is also presented in this Complaint is misdisclosure of the cost of the loan in sufficient proportion and amount to allow the extended rescission period on the loan, with consequent assertion that the Defendant has no security interest,



no right of foreclosure by sale or otherwise and must instead rely on the statutory remedies available under the above-mentioned G. L. c. 140D.

5. Plaintiff has had consequential damages including physical ailments due to aggravation of his disability and pain and suffering, together with emotional distress.

6. Plaintiff alleges under the Massachusetts General Laws, Code of Massachusetts Regulations and preexisting common law that he was given an unaffordable and hence illegal loan, which is within this Court's power to rescind, annul, reform or deem unenforceable

## PARTIES

7. Plaintiffs Robert De Simone and Matina De Simone are citizens of the United States and the Commonwealth of Massachusetts, County of Middlesex, residing at all times pertinent hereto at 11 Village Circle, Acton, Massachusetts 01720. For the past six months or more the Plaintiffs have been in nursing care at the Life Care Center of Acton, 1 Great Road, Acton, Massachusetts 01720. They are ambulatory and this nursing care is expected to be a temporary condition.

8. Defendant GMAC Mortgage, LLC ("GMAC") is the lender of record on the Plaintiffs' mortgage (hereinafter, "Mortgage"), recorded with the Middlesex County Registry of Deeds (Southern District) for the Commonwealth of Massachusetts in Book 48997, Page 1, on February 16, 2007, given as Exhibit 1, following assignment recorded in Book 53626, Page 264, on October 2, 2009, given as Exhibit 2. The address stated there is 1100 Virginia Drive, Fort Washington, PA 19034.

9. Defendant MortgageIT, Inc, ("MortgageIT") is registered with the Secretary of the Commonwealth as having a principal office at 60 Wall Street, NYC60-4006, New York, NY 10005 and a Registered Agent of CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

10. Defendant Mortgage Options of America, Inc., ("Mortgage Options") is registered with the Secretary as having a principal office at 63 Shore Road, Winchester, MA 01801 and a Registered Agent of John A. Messuri, 63 Shore Road, Unit 21, Winchester, MA 01801. Mr. Messuri is also the sole listed

officer and director of this defendant.

## JURISDICTION

11. The Plaintiff is making substantial assertions that he is due judgment under the state laws referred to in Paragraph 1.

12. The Court has jurisdiction over Defendant GMAC and MorgageIT as they have purposefully availed itself of the jurisdiction of this Court pursuant to the Massachusetts Long Arm statute and the United States Constitution.

13. The Court has jurisdiction over Defendant Mortgage Options as it is a domestic corporation.

14. This Court has *in rem* jurisdiction as the principal matter in controversy concerns the title to real property located within said Middlesex County.

## VENUE

15. Venue is proper because the Plaintiffs reside in said Middlesex County of the Commonwealth of Massachusetts and the relevant transactions occurred within the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

16. The Plaintiffs have owned the property at 11 Village Circle, Acton, since at least 1989, the date of the current deed.

17. The Property was mortgaged in 1998 to secure an open ended credit line of up to $275,000.

18. The present mortgage was given in 2007 for the amount of $770,000.

19. Plaintiffs were initially presented with a reverse mortgage transaction which they considered and rejected. These papers state that the Plaintiffs made the initial contact to the mortgage brokers but actually the initial call was placed to them by the brokers, Mortgage Options of America, located in Rhode Island..

20. The loan officer, one Jonathan DePina, thereupon visited the Plaintiffs in their home and made multiple presentations for a mortgage loan.

21. The loan documents signed are for a wholly usurious and deceptive loan which the Plaintiffs sought to rescind as soon as they had a chance to review the closing papers.

22. The Mortgage is dated January 30th, 2007, and notarized by Walter J. Manning

RA 1433

indicating that Robert Desimone appeared before him. The area where "satisfactory evidence of identification" is to be stated is blank. Matina Desimone's name appears on the mortgage and loan documents but is crossed out with a notation by each place of eliding. The Mortgage is recorded at Book 48997, Page 1 of the Middlesex County Registry of Deeds (Southern District).

23. The Quit Claim Deed from Matina Desimone and Robert Desimone as Trustees of the Old Bay Village Trust is dated January 31, 2007, and recorded at Book 48996, Page 590 of said Registry. This document is also signed by Walter J. Manning as notary. The area where there is to be stated "satisfactory evidence of identification" is blank.

24. The loan terms call for a gradually escalating payment and within four years an increase to almost three times the original payment. The original payment is deceptively calculated. The initial interest rate of one percent is prominently stated at the beginning of the Note.

25. Plaintiffs were not given a fair chance to read the loan documents at the time for signing them, but were instead given the signature pages without explanation of the meaning of the documents and their effect. The terms of the loan were not known to the Plaintiffs at the time of signing or disclosed to them before that time.

26. As soon as the Plaintiffs had a chance to read and come to an understanding of the loan terms a decision was made to rescind the loan contract.

27. Plaintiff thereupon sent a Notice of Rescission to the lender listed on the loan documents, Mortgage IT, to the address given on those documents, within the three day rescission period.

28. Because the rescission period ended on a Saturday, this was received by MortgageIT on the following Monday.

29. The Plaintiffs then received a call from the loan officer indicating that the lender was not going to honor the notice of rescission. Mr. Depina and another unspecified individual visited the Plaintiffs at their home that Monday evening.

30. Despite the receipt of the signed Notice of Right to Cancel, the lender caused the funds to be transferred to the settlement agent who then disbursed them.

RA 1434

31. Despite the receipt of the signed Notice of Right to Cancel, the lender caused the settlement agent to record the Mortgage.

32. Plaintiffs made the loan payments for a time but predictably with their lack of income following retirement, they eventually became unable to.

33. The Mortgage, in the mean time, was transferred, and is now stated to be held by Defendant GMAC Mortgage, LLC, which has represented in the Servicemembers Civil Relief Act case that it is the holder of the obligation.

34. It is unknown if GMAC or any holder subsequent to MortgageIT was aware of the cancellation of the mortgage, but the Truth-In-Lending disclosure supplied with the loan was not accurate, and thus is deemed never to have been given the Plaintiffs. The inaccuracies are such that the extended rescission period of four years applies, and the inaccuracies are apparent from the face of the loan documents.

35. A copy of the Notice of Right to Cancel signed by the Plaintiff Robert Desimone was sent to the Defendant GMAC Mortgage (and their known attorneys) together with a demand letter under c. 93A, more than 30 days prior to the institution of this action.

### COUNT 1 - Truth in Lending Act
### (GMAC and MortgageIT)

36. Plaintiffs reallege and incorporate herein all preceding allegations of this Complaint.

37. Pursuant to G. L. c. 140D § 12 and its implementing regulation at 209 CMR § 32.15, enacted either pursuant to or consistent with 12 U.S.C. § 2616 of the Truth In Lending Act, MortgageIT was to deliver to the Plaintiffs a Truth In Lending disclosure statement accurately stating the cost of the loan and its repayment terms no later than three (3) days prior to the consummation of the loan.

38. The Plaintiffs were not provided with an accurate Truth In Lending Statement.

39. According to 209 CMR. § 32.15 (1) (a), "If the required notice and material disclosures are not delivered, the right to rescind shall expire four years after the occurrence giving rise to the right of rescission, or upon transfer of all of the

**RA 1435**

consumer's interest in the property, or upon sale of the property, whichever occurs first." Less than four years have expired since January 30, 2007.

40. The Plaintiffs therefore may deliver to the current mortgage holder their notice of intent to rescind the mortgage loan given them on or about January 30, according to the Regulation 12 C.F.R. § 226.15 "Right of rescission" part (a)(2). Notice was delivered as stated above.

41. More than 20 days have passed since the notice of rescission was served, and neither GMAC nor MortgageIT have acted to refund the Plaintiffs their costs and fees paid them.

42. The further 20 days have passed during which the Plaintiffs are required, following tender by the Defendant GMAC, as current holder or servicer of the loan, of their costs and fees paid, to tender the value of the loan in return or the property.

43. Neither has Defendant GMAC sought to have the provisions of G. L. c. 140D § 10 (b) modified within those forty days and there is no right to have them modified nunc pro tanc.

44. Defendant GMAC is further required to "take any action necessary or appropriate to reflect the termination of any security interest created under the transaction".

45. WHEREFORE, the Plaintiffs pray the Home Loan with MortgageIT be rescinded, and in accordance he have judgment for all fees and interest paid MortgageIT, their heirs, successors and assigns in conjunction with their home loan, to have the Defendants record a discharge or other cancellation of the mortgage lien, and for their fair and reasonable Attorney Fees.

46. WHEREFORE, and in the alternative with the above paragraph 45., Plaintiffs pray for a declaration that the Notice of Rescission mailed on February 2, 2007 and delivered on February 5, 2007, was a valid rescission of the mortgage loan and the further course of dealings by the parties was done in the absence of a security interest in the Plaintiffs' home.

47. FURTHERFORE, for the violations of c. 93A as set out in G. L. c. 140D § 34, Plaintiffs ask this Court award enhanced damages of two to three times the

amount recovered in this Count..

### COUNT 2 - Violation of 940 CMR 8.06
### (Defendants MortgageIT and Mortgage Options)

48. The Plaintiffs incorporate and reallege the averments in paragraphs 1 through 47.

49. The financial circumstances of the Plaintiffs were well-known to the mortgage broker Mortgage Options and their loan officers.

50. Mortgage Options made multiple visits to the Plaintiffs at their home to present options for a reverse mortgage

51. Mortgage Options caused the Plaintiffs to have counseling for a reverse mortgage loan which the Plaintiffs eventually decided not to enter into.

52. Mortgage Options nevertheless caused the Uniform Residential Loan Application (FNMA "1003") form to indicate that the Plaintiffs were earning $34,950.00 per month when they knew that the Plaintiffs were retired and had earnings only from Social Security.

53. This is a violation of 940 CMR 8.06(1).

54. Mortgage Options procured this loan of MortgageIT despite their knowledge that the Plaintiffs would not be able to afford to repay it from their available income and that the Plaintiffs would eventually be unable to repay the loan from their other reserves including those created by the loan proceeds.

55. This is a violation of 940 CMR 8.06(15).

56. Plaintiffs have been injured by the unfair and deceptive practices of Defendant Mortgage Options, by being made to enter into a loan obligation which they could not afford to repay and consequent emotional distress at the prospect of losing their life-long home.

57. This is all in violation of c. 93A.

58. WHEREFORE, the Plaintiff prays of this Honorable Court a final decree including relief to make them whole from the damage suffered as a result of the unfair and deceptive practices of Defendant Mortgage Options, including but not limited to an amount sufficient to enable them to repay the loan to MortgageIT and enhanced damages according to the egregious violation of c. 93A.

**RA 1437**

### COUNT 3 - Implied Covenant of Fair Dealings and Failure to Supervise
### (Defendant Mortgage Options)

59. The Plaintiff incorporates and reallege the averments in the preceding paragraphs 1 through 58.

60. Among the loan documents provided the Plaintiff at closing was a Uniform Mortgage Loan Application also known as a "Fannie Mae 1003 Form". See Exhibit 4. The acronym "Fannie Mae" derives from the Federal National Mortgage Association's abbreviation, FNMA, when pronounced.

61. This 1003 Form contained an indication that the Plaintiff Robert Desimone was a licensed mortgage broker earning $39,500 per month.

62. The Plaintiff did not supply this information to Mortgage Options and it was inserted by Mortgage Options employees in order to procure a loan commitment for table funding. The Plaintiffs were instead retired and subsisting on a small retirement income.

63. The Plaintiffs were unaware of the misrepresentation of the Mortgage Options employee or employees as he was told to simply sign the papers presented him and was not given the opportunity to make review the figures and make corrections.

64. Since Mortgage Options was acting as mortgage broker, it had no interest in ensuring that the loan was one which reasonably could be paid off by the borrower. In fact it stood to gain from making the loan and its profit on the transaction and if the loan were not made it would get nothing.

65. Fraud is a "misrepresentation with intent to deceive". *National Academy of Sciences v. Cambridge Trust Co.*, 370 Mass. 303 (1976). The act of the East-West employees in misrepresenting the Plaintiff's actual income on the 1003 Form was fraudulent.

66. Mortgage Options has a duty to supervise its employees so as to avoid the kind of misstatements made on the 1003 Form, whether fraudulent or negligent, and to correct them. Mortgage Options negligently failed in its duty to so supervise its employees.

67. To the extent that the current Note Holder is not liable as a good faith purchaser

RA 1438

in due course of the Note and Mortgage, Mortgage Options is liable for the misrepresentation of the income of the Plaintiff and for the consequent unaffordability of the Loan.

68. WHERFORE, Plaintiff demands judgment of Defendant Mortgage Options in the amount of his necessary costs, consequential damages, and actual damages including for emotional distress.

COUNT 4 - Violation of Consumer Protection Statute Mass. G. L. c. 93A

69. The Plaintiff incorporates and reallege the averments in the preceding paragraphs 1 through 68.

70. It is an unfair and deceptive practice to give a mortgage loan based upon the expected proceeds after foreclosure instead of the value of the loan payments, and this results in a violation of Mass. G. L. c. 93A. See, e.g. *Commonwealth v. Fremont*, 452 Mass. 733, 749 (2008).

71. Granting a loan which will be unaffordable at or following the introductory payment period is in violation of the consumer protection provisions of G. L. c. 93A. *Ibid.*

72. Plaintiff is a consumer and an injured person within the meaning of the statute, G. L. c. 93A § 9.

73. Defendants are engaged in the conduct of trade or commerce within the meaning of G. L. c. 93A § 2.

74. Per G. L. c. 93A § 9, demand letters were sent to each Defendant with proof of receipt greater than 30 days prior to the commencement of this action.

75. Neither Defendant, following their respective receipt of the aforementioned demand letters, has made a reasonable offer of settlement.

76. The unfair and deceptive acts of the Defendants as alleged above are unfair business practices as defined in Mass. G. L. c. 93A § 2.

77. Under said Chapter 93A, double or treble damages and attorney fees per the legislature's decision that consumer protection deserved such an award.

78. WHEREFORE, according to Mass. G. L. c. 93A § 9 (3), the Plaintiff prays of this Honorable Court award him treble damages together with his fair and reasonable attorney fees.

### Demand for Jury Trial

79. The Plaintiffs demand a jury trial on all counts where heretofore the right to trial by jury has been enjoyed by the parties.

Respectfully Submitted,
Robert Desimone and Matina Desimone,
Plaintiffs
By Their Attorney,

*/s/ Laird J. Heal/*

Laird J. Heal BBO #553901
78 Worcester Road, P. O. Box 365
Sterling, MA 01564-0365
978-422-0135

March 18, 2010

RA 1440

## VERIFICATION

I, Matina Desimone, hereby state as follows:

1. I am a Plaintiff in the above-captioned matter.
2. I have read the foregoing Complaint and declare the statements there on my behalf to be true and correct to the best of my individual knowledge and belief.
3. I am asking this Court for injunctive relief to allow myself and my family to remain in our home for the duration of this case and afterward.
4. I intend to pay any amounts found by this Court owed on the mortgage Note and so here solemnly swear.

Signed under pains and penalties of perjury this __18__ day of March, 2010.

*Matina Desimone*
Matina Desimone

RA 1441