# **Exhibit D**

Term

NOTICE: Decisions issued by the Appeals Court pursuant to its rule 1:28 are primarily addressed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, rule 1:28 decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 1:28, issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.

COMMONWEALTH OF MASSACHUSETTS APPEALS COURT

ROBERT R. ←**DeSIMONE &**→ another [FN1] *vs.* GMAC MORTGAGE, LLC, & others. [FN2]

13-P-114

*MEMORANDUM AND ORDER PURSUANT TO RULE 1:28*

The plaintiffs, Robert R. and Matina DeSimone, appeal from a separate and final judgment pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974), dismissing count I of their complaint, alleging that a mortgage loan obtained by Robert DeSimone did not comport with G. L. c. 140D and regulations thereunder. The plaintiffs also appeal from the dismissal of their complaint for contempt against defendant GMAC, Mortgage, LLC (GMAC), which was filed within this action. [FN3] For the following reasons, we affirm.

*Background.* In late 2006, the plaintiffs sought to refinance their home. Mortgage Options of America, Inc. (Mortgage Options), a defendant against whom claims remain pending, was the broker for the loan. An unrelated company, MortgageIT, Inc. (MortgageIT), agreed to give Robert DeSimone an adjustable rate loan of approximately $770,000, secured by a mortgage on the plaintiffs' residence. Within the three-day rescission period, Robert DeSimone signed the 'Notice of Right to Cancel' form and sent it to MortgageIT, canceling the loan transaction. A few days later, an employee of Mortgage Options prepared an 'Affidavit Concerning Right of Rescission' and brought it to the plaintiffs' home. Robert DeSimone signed the affidavit, which stated in part: 'I thought about rescinding the loan because I wouldn't have the funds by February 2, 2007 but have since decided that the loan would be right for me and hereby withdraw any verbal or written rescissions I may have conveyed to the lender, broker or attorney involved with the loan. Therefore, I hereby waive my previous rescission and accept said loan with all conditions set forth in the accompanied note and mortgage dated January 30, 2007.'

The affidavit was forwarded to MortgageIT, which then disbursed the loan proceeds.

GMAC was the servicer of the loan, and eventually purchased it on the secondary market. Robert DeSimone made regular payments for the first two years, but ceased when the payments increased in the third year. When GMAC began foreclosure proceedings, the plaintiffs filed this action and obtained an injunction to prevent the foreclosure. GMAC and MortgageIT moved for summary judgment on counts I (Truth in Lending Act violation) and IV (related G. L. c. 93A violations). The motion was allowed on May 22, 2012. Thereafter, a suggestion of bankruptcy was filed, and the proceedings were automatically stayed. Nonetheless, on July 6, 2012, GMAC sent the plaintiffs notice of its intent to foreclose. The plaintiffs filed a contempt complaint against GMAC because the preliminary injunction prohibiting foreclosure was still in effect, and the automatic stay prevented further activity by GMAC in this case. GMAC subsequently had the stay lifted for certain purposes by the bankruptcy court.

A judge of the Superior Court ruled that the lifting of the stay applied to count I of the plaintiff's complaint, but not to count IV, which included a claim for money damages against GMAC. He then entered separate and final judgment for the defendants on count I and vacated the preliminary injunction. He also dismissed the plaintiffs' complaint for contempt, ruling that while it would have been preferable if GMAC had first moved to dissolve the injunction, in light of the allowance of GMAC's motion for summary judgment, the plaintiffs could not prove an act of civil contempt.

*Discussion.* The plaintiffs argue that the affidavit revoking rescission of the loan was ineffective because it failed to adhere to the requirements of 209 Code Mass. Regs. § 32.23. [FN4] The regulation provides in relevant part that a 'consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all of the consumers entitled to rescind. Printed forms for this purpose are prohibited.' 209 Code Mass. Regs. § 32.23 (5)(1998).

The plaintiffs argue that the written revocation of rescission did not conform to the requirements of this regulation and was therefore ineffective, rendering GMAC's security interest void. See 209 Code Mass. Regs. § 32.23(4)(a)(1998)( 'When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount'). However, the motion judge rightly determined that the regulation refers only to the waiver or modification of the three-day period to exercise the right of rescission, and not to a subsequent revocation of rescission. This reading of the regulation is supported by its plain language as well as by the subsections that follow, which explain the circumstances under which a borrower may waive or modify the three-day right to rescind, i.e., the borrower's immediate need to obtain the funds.

Furthermore, contrary to plaintiffs' assumption, merely sending a notice of right to cancel does not instantaneously void the mortgage. The creditor has twenty days in which to void a security interest after receiving notice of rescission, and Robert De Simone withdrew his rescission well before that period expired. Plaintiffs' further argument that the mortgage was void because the withdrawal affidavit could not be recorded is without merit. The statute relied upon by plaintiffs, G. L. c. 183, § 29, refers only to deeds.

With respect to the complaint for contempt, we cannot say that the judge abused his discretion in concluding that the status of the injunction was unclear once summary judgment was granted to GMAC on count I, and that a finding of contempt therefore was not warranted. See, e.g., *United Factory Outlet, Inc.* v. *Jay's Stores, Inc.,* 361 Mass. 35, 36 (1972) (for civil contempt to be found there must be a clear and undoubted disobedience of a clear and unequivocal command).

Finally, while the plaintiffs' arguments are unpersuasive, we do not consider the appeal to be frivolous. The appellees' requests for awards of fees and costs are therefore denied.

*Separate and final judgment on count I affirmed.*

*Order dismissing complaint for contempt affirmed.*

By the Court (Cypher, Kantrowitz & Cohen, JJ.),

Entered: February 25, 2014.

FN1. Matina DeSimone.

FN2. MortgageIT, Inc., and Mortgage Options of America, Inc.

FN3. To the extent plaintiffs raise arguments about the 93A claims asserted in count IV of their complaint, final judgment has not entered, and those claims are not before us.

FN4. Section 32.23(1)(2003) provides that '[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling' the consumer has a right to rescind the transaction in writing within three business days of the transaction. It is not disputed that the notice of rescission provided by Robert DeSimone complied with the regulation and ordinarily would operate to rescind the transaction. Here, the issue centers on whether his subsequent revocation of the rescission was subject to the terms of the

regulation.

END OF DOCUMENT

 Term

Adobe Reader is required to view PDF images.


Doc 1 of 3

Cite List