Hearing Date and Time: TBD
Response Date: September 8, 2014, 9:00am EST

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OPPOSITION OF CLAIMANTS FRANK J. REED III AND CHRISTINA REED
TO RESCAP BORROWER CLAIMS TRUST'S MOTION *IN LIMINE* TO
EXCLUDE THE EXPERT TESTIMONY OF CHRISTY ZOLTUN DONATI, ESQ.**

Proof of Claim Nos.: 3708, 3759, 4736, 4759

Claimants Frank Reed and Christina Reed (the "Reeds") hereby submit this opposition to The ResCap Borrower Claims Trust's Motion *In Limine* to exclude the expert testimony of Christy Zoltun Donati, Esq. In support of their opposition, the Reeds respectfully state as follows:

## PRELIMINARY STATEMENT

1. On July 31, 2014, the Reeds identified Christy Zoltun Donati, Esq. as an expert whom they anticipate calling at the contested matter claim hearing scheduled to take place on September 15, 2014, as required by the Court's July 29, 2014 Order regarding the exchange of information regarding anticipated fact and expert witnesses. [ECF Doc. # 7314].

2. Ms. Donati has issued a written opinion which the Reeds provided to the ResCap Trust.

3. Ms. Donati is an attorney licensed to practice law in the States of New Jersey and Pennsylvania. She is particularly knowledgeable and experienced with respect to residential foreclosure litigation, practice and custom in New Jersey, as well as the statutes and requirements relevant thereto. Ms. Donati has filed or been otherwise involved in over five thousand (5,000) foreclosure lawsuits.

4. Ms. Donati's report and testimony address the legal and professional standards that are recognized, utilized and adhered to in the preparation, filing and prosecution of foreclosure actions in New Jersey, as well as the alleged departure from those standards and practices in the context of the Reeds' dispute with the debtors.

5. The ResCap Trust has filed the instant motion *in limine* seeking to strike Ms. Donati's expert report and to preclude her testimony at the hearing scheduled in this contested matter. The Trust asserts four grounds in support of its motion to exclude her report and testimony:

> (1) the "opinions expressed in the Report consist of little more than observations and opinions on either the application of law to facts or issues of law", and "[s]uch

opinions are the province of [the] Court alone, and are not the proper subject of expert testimony";

(2) "the opinions set forth by Ms. Donati are plainly irrelevant to the issues at hand and will not assist the trier of facts in reaching a conclusion" since: (a) "[t]here is no dispute as to the foreclosure process in New Jersey which is the crux of her report"; (b) her opinions concerns lay matters; and (c) her opinions are not relevant to any triable issues because they concern issues which the Court has already determined in GMACM and RFC's favor – namely, "the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the lis pendens process, and the continued negligent prosecution of the foreclosure";[1]

(3) the Report does not meet the standards for admissibility of expert testimony set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), is bare in analysis and replete with unsupported conclusions, and, "[e]ven if her analysis had any relevance, her opinions are devoid of any reliable, consistent, or testable methodology"; and

(4) "Ms. Donati is not qualified to provide an expert opinion on the issues at hand" by "[m]erely claiming to have practiced as a foreclosure attorney".

[See pgs 2-3 of ResCap Trust's Motion *In Limine* (ECF Doc. # 7460)].

6. It is respectfully submitted that Ms. Donati's report should not be stricken, and that Ms. Donati should be allowed to provide testimony as an expert. The Court, as the trier of fact in the coming bench trial, is more than capable of assessing Ms. Donati's qualifications as an expert on the matters at bar, discerning the relevant expert evidence offered, weighing its probative value versus its prejudicial effect, and excluding improper inferences or testimony, if any, from its decisional analysis.

7. First, contrary to the ResCap Trust's argument, Ms. Donati's report does not infringe upon or usurp the Court's role, nor will her testimony. The fundamental and central wrong which is the basis the Reeds' various resulting claims is the premature filing of a

---

[1] See ResCap Motion *In Limine* at pgs 7-8. In stating that the Court has already determined these issues in favor of GMACM and RFC, the movant is referring to the Court's July 11, 2014 Order resolving the Trust's Objections to the Reeds' proofs of claim. [ECF Doc. # 7246]. In reality, it is absolutely clear that the Court did not decide these issues, as discussed further herein. The Court only held that there is no private right of action under New Jersey's Fair Foreclosure Act – which the Reeds previously conceded. The Court DID NOT rule in GMAC or RFC's favor on issues of "the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the lis pendens process, and the continued negligent prosecution of the foreclosure". That is what the September 15, 2014 hearing is for.

foreclosure lawsuit in violation of New Jersey law and procedure as well as the parties' contracts, and the failure to withdraw the lis pendens after dismissal of the foreclosure suit. Clearly, Ms. Donati's expertise as a New Jersey foreclosure attorney and her knowledge of New Jersey custom, practice, law and procedure specific to the foreclosure process is inherently relevant to this matter, and her provision of testimony and opinion on these issues, though they obviously and by necessity touch on or deal with 'legal issues', does not and will not encroach on or usurp the Court's role as the final arbiter of the facts and law. The Trust's suggestion otherwise is without merit.

8. Second, Ms. Donati's report and expert testimony will assist the Court in assessing the facts and purported wrongs relevant to the Reeds' claims. The ResCap Trust's contention that Ms. Donati's testimony on issues of "the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the lis pendens process, and the continued negligent prosecution of the foreclosure" is irrelevant because those issue have already been decided in GMACM and RFC's favor is simply mindboggling – there has been no such holding, as is readily apparent from even the most cursory review of the Court's July 11, 2014 decision or the hearing transcript. In fact, a state court has already held that GMACM did violate the NJ Fair Foreclosure Act. This Court's July 11, 2014 Order even notes that "the trier of fact may still consider violation of the [FFA] statute as evidence possibly supporting a determination of negligence". [ECF Doc. # 7246, pg5]. Thus, the basis of the Trust's second argument – that the issues on which Ms. Donati will testify have already been resolved in GMACM and RFC's favor – is wholly without merit.

9. Third, Ms. Donati's report meets the standards for admissibility of expert testimony under Daubert, Federal Rule of Evidence 702, and relevant case law. The Reeds' universe of claims have their genesis in GMACM's purported premature filing of a foreclosure action and the failure to remove the consequent *lis pendens* upon dismissal of the action. Based on her experience as a New Jersey foreclosure attorney, Ms. Donati opines as to the accrual of

the right to foreclose, the Fair Foreclosure Act, standing, the *lis pendens* process, and the prosecution of a foreclosure. It is respectfully submitted that her report and testimony will be relevant so as to assist the trier of fact, and have a reliable basis in the knowledge and experience of her discipline.

10. Fourth, Ms. Donati is indeed qualified to weigh in as an expert on the issues with respect to which she will opine – namely, with respect to residential foreclosure litigation, practice and custom in New Jersey. The ResCap Trust makes no substantive argument in this regard. Ms. Donati has filed or otherwise been involved with over 5,000 foreclosure actions, and is extensively familiar with the custom and practice of such litigation, the filing and removal of *lis pendens* and related issues.

11. Accordingly, it is respectfully submitted that exclusion of the report and testimony of Christy Zoltun Donati, Esq. as an expert is not warranted and the ResCap Trust's motion should be denied.

## BACKGROUND

### A. General Background

12. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code.

13. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

14. On December 11, 2013, the Court entered an order confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [ECF Doc. # 6065].

15. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred and the Plan was substantially consummated. The Plan provides for the establishment of the Trust to, among other things, administer, reconcile and provide a distribution to holders of Allowed Borrower Claims as defined in the Plan.

### B. The Reeds' Claims

16. The Reeds' Claims are based on two related prepetition lawsuits filed in New Jersey state court: (1) a foreclosure action filed by GMAC Mortgage, LLC ("GMACM") on May 19, 2008 (the "Foreclosure Action") and (2) a lawsuit filed by the Reeds against GMACM and RFC on May 10, 2010, arising from the wrongful Foreclosure Action and damages resulting therefrom (the "Reed Action").

17. The Foreclosure Action was dismissed without prejudice because GMACM could not and did not provide a scintilla of evidence that it complied with the New Jersey Fair Foreclosure Act's (the "FFA") requirement that is serve the Reeds with a pre-foreclosure Notice of Intent to Foreclose ("NOI").

18. Thereafter, the Reeds filed a lawsuit against GMACM and RFC, alleging damages for wrongful foreclosure (based upon GMACM's failure to send an NOI), negligence, breach of contract and estoppel. GMACM and RFC filed a motion to dismiss the Reed Complaint for failure to state a claim with respect to the asserted causes of action, which the New Jersey court denied in July 2010.

19. The Reeds were then permitted to file an amended complaint on January 6, 2012, adding claims for economic and non-economic losses stemming from the Foreclosure Action, punitive damages, and consumer fraud. The additional claims also survived attack and opposition by GMACM and RFC.

20. The Reeds voluntarily dismissed their lawsuit on February 9, 2012, so that they could participate in the Federal Reserve Board's Independent Foreclosure Review.

21. The Reeds filed Proofs of Claim Nos. 3708, 3759, 4736 and 4759 against GMACM and RFC in the context of the bankruptcy proceeding before this Court, seeking relief in the form of damages resulting from the debtors' wrongful actions.

22.     The Reeds' provided substantial supplemental documentation and exhibits in support of their claims in July 2013, and again in response to the Trust's Objection [ECF Doc. # 7153].

### C. Procedural History of Contested Matter

23.     On May 29, 2014, the Debtors filed the Trust's Objection to Proofs of Claim Filed by Frank and Christina Reed [ECF Doc. # 7017 and 7018] (the "Objection").

24.     On June 19, 2014, the Reeds filed a response to the Objection [ECF Doc. # 7153].

25.     On July 3, 2014, the Trust filed a reply to the Reeds' response [ECF Doc. # 7228].

26.     On July 9, 2014, the Court held a hearing with respect to the Objection.

27.     Frank Reed, acting *pro se*, and counsel for the ResCap Borrower Claims Trust appeared before the Court for a July 9, 2014 hearing, during which the Court heard argument and made preliminary rulings pending issuance of its Order and decision.

28.     On July 11, 2014, the Court entered an Order sustaining in part and overruling in part the Trust's Objection to the Reeds' Claims and concluding that the Objection presents a contested matter. [ECF Doc. # 7246]. The July 11, 2014 Order scheduled an evidentiary hearing with respect to the remaining claims for September 15 and 16, 2014.

29.     On July 29, 2014, the Court entered an Order requiring that the parties exchange information regarding anticipated fact and expert witnesses by July 31, 2014. [ECF Doc. # 7314].

30.     The Reeds identified Christy Zoltun Donati, Esq. as an anticipated expert witness on or about July 31, 2014, and produced a report prepared by Ms. Donati.

31.     The ResCap Trust filed the instant motion on August 29, 2014. [ECF Doc. # 7460].

### ARGUMENT

32.     It is well-settled that a district court judge has wide discretion in determining the qualification and competency of a witness to express an opinion as an expert. See generally, U.

S. v. Bermudez, 526 F.2d 89 (2d Cir. 1975), certiorari denied 96 S.Ct. 2166, 425 U.S. 970; U. S. v. Green, 523 F.2d 229 (2d Cir. 1975), certiorari denied 96 S.Ct. 858, 423 U.S. 1074.

33. As a threshold matter, in the impending bench trial, the Court's role as gatekeeper with respect to expert evidence is much less critical than in a jury trial, since a judge is "presumed to be able to exclude improper inferences from his or her own decisional analysis." Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 473-74 (N.D.N.Y. 2004).

34. This Court is, of course, perfectly capable of discerning relevant evidence, weighing its probative value versus its prejudicial effect, and rejecting improper inferences or intrusions upon its role. See Henry v. Champlain Enters. Inc., 288 F. Supp. 2d 202, 221 (N.D.N.Y. 2003)(a trial court should be able to separate the "wheat from the chaff"); see also Rondout, 321 F. Supp. 2d at 474 ("In non jury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.")(quoting 11 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2885 (2d ed. 1995)). See also Arista Records Inc. v. Launch Media, Inc., 2006 WL 2591086 (S.D.N.Y. Sept. 8, 2006)(finding motions to exclude expert testimony and reports "premature [...], as issues pertaining to the expert witnesses are more appropriately addressed and resolved during the course of the trial").

### A. Ms. Donati's Expert Testimony Will Not Infringe Upon Or Usurp The Court's Role

35. The ResCap Trust attacks Ms. Donati's report on the ground that it constitutes a legal opinion. The Debtors' argument is based upon a fundamental misconception of the purpose for which the report and testimony are offered.

36. Ms. Donati's report does not infringe upon or usurp the Court's role, nor will her testimony. The fundamental and central wrong which is the basis the Reeds' various resulting claims is the premature filing of a foreclosure lawsuit in violation of New Jersey law and procedure and the parties' contracts, and the failure to remove a consequent *lis pendens* upon dismissal of the action.

37. Clearly, Ms. Donati's expertise as a New Jersey foreclosure attorney and her knowledge of New Jersey custom, practice, law and procedure specific to the foreclosure process is inherently relevant to this matter, and her provision of testimony and opinion on these issues, though they obviously and by necessity touch on or deal with 'legal issues', does not and will not encroach on or usurp the Court's role as the final arbiter of the facts and law.

38. Although an expert's testimony on pure issues of law is inadmissible, "[a]n expert may, however, include factual conclusions and opinions embodying legal conclusions that encroach upon the court's duty to instruct upon the law." Pereira v. Cogan, 281 B.R. 194, 198 (Bankr. S.D.N.Y. 2002)(citing, inter alia, U.S. v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991)).

39. "The testimony of a legal expert is admissible as to the ordinary practices of those engaged in the business of law, legal studies, or law-related fields, or as to trade customs and usages of those so employed." Music Sales Corp. v. Morris, 73 F.Supp.2d 364, 381 (S.D.N.Y. 1999). See also See Marx & Co. v. The Diners' Club, Inc., 550 F.2d 505, 509 (2d Cir.1977)(holding that lawyer's testimony would be admissible on the same basis as the testimony of other professionals, such as doctors, i.e., concerning the ordinary practice or trade customs of like professionals).

40. Trial courts have considerable discretion to admit expert evidence if it will assist the trier of fact in understanding the evidence and will not usurp the function of the jury and the trial judge. See, e.g., Gould Paper Corp. v. Boise Cascade Corp., No. 95 Civ. 9771, 2000 WL 1099941 (S.D.N.Y. July 10, 2000). "Such deference is particularly profound with respect to bench trials because the trial court is presumed to be able to exclude improper inferences from his or her own decisional analysis." Rondout, 321 F. Supp. 2d at 474 (internal quotations omitted).

41. Accordingly, pre-trial motions seeking to exclude expert testimony are routinely denied, as such challenges to experts are better addressed through cross-examination, where the trial judge can separate the "wheat from the chaff." Henry, 288 F. Supp. 2d at 221; see also

Arista Records Inc. v. Launch Media, Inc., 2006 WL 2591086 (S.D.N.Y. Sept. 8, 2006)(finding motions to exclude expert testimony and reports "premature . . . , as issues pertaining to the expert witnesses are more appropriately addressed and resolved during the course of the trial"). See also In re Global Crossing Sec. and ERISA Litig., 225 F.R.D. 436, 463 (S.D.N.Y. 2004)(deferring to the expert testimony of an experienced claims administrator in determining the claim value threshold for receiving an allocation of settlement proceeds); In re Specialty Prods. Holding Corp., 2013 U.S. Bankr. LEXIS 2051 (Bankr. D. Del. May 20, 2013)(conducting claims estimation trial using expert reports and prior tort history to estimate contingent and liquidated asbestos claims).

42. The cases cited by the ResCap Trust in which expert testimony was excluded because it offered legal opinions are inapposite, as they involve the provision of potential expert testimony in matters involving a jury.

43. Indeed, as is made clear from the case law cited by the Trust, the overriding concern expressed by the courts in this Circuit when confronted with expert testimony which may touch on legal issues is that an expert should not usurp the court's role of instructing the jury, and should not usurp the jury's role of trying the facts – both of these concerns are not at issue in this contested matter. See e.g. Hugh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992)("Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard—explicit or implicit—to the jury. [...]. Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury"); F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1258 (2d Cir. 1987)("Finally, the district court did not err in excluding Raysman's proposed testimony that the Contracts were unenforceable for lack of essential terms. "It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge"); Highland Capital Management, L.P. v. Schneider, 379 F.Supp.2d 461, 468 (S.D.N.Y. 2005)("In deciding whether expert testimony will

be helpful to the fact-finder, the Court must determine whether the testimony "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it").

44.     Furthermore, U.S. v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991), which is also relied on by the Trust, in fact supports admission of Ms. Donati's opinion. In that case, the trial court admitted expert testimony on "general background on federal securities regulation and the filing requirements." Id. at 1294-95. The Second Circuit affirmed the admission of this testimony, in part, because the judge provided a limiting instruction to the jury, stating that the expert "is not here to give his opinion as to what the law requires." Id. Of course, in a bench trial, no such limiting instruction is necessary because the Court is well-aware of the role of experts. Bilzerian establishes that the mere fact that an expert witness's testimony touches upon legal issues relevant to the case does not render his opinion inadmissible.

45.     Not surprisingly the movant fails to cite to any case law in support of its argument which involves the use of an expert in a contested matter. Indeed, the Trust does not cite any case law in support of its argument which involves the use of an expert in a bankruptcy proceeding. The Trust does not even cite to a case which involves a bench trial.

### B. Ms. Donati's Expert Testimony Will Assist The Court

46.     Ms. Donati's expert testimony will assist the Court in assessing the facts and purported wrongs relevant to the Reeds' claims and the September 15, 2014 contest matter hearing.

47.     The ResCap Trust bases its contention that Ms. Donati's testimony on issues of "the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the *lis pendens* process, and the continued negligent prosecution of the foreclosure" are irrelevant on the completely

incorrect notion that those issues have already been decided in GMACM and RFC's favor[2], and even suggests that her opinion concerns lay matters.

48. The ResCap Trust's statements have no basis in reality. There has simply been no holding by the Court that GMACM and RFC did not violate the Fair Foreclosure Act, as is readily apparent from even the most cursory review of the Court's July 11, 2014 decision or the hearing transcript. The Court's Order even notes that "the trier of fact may still consider violation of the [FFA] statute as evidence possibly supporting a determination of negligence". [ECF Doc. # 7246, pg5].

49. Thus, the basis of the Trust's second argument – that the issues on which Ms. Donati will testify have already been resolved in GMACM and RFC's favor – is wholly without merit.

50. Either the drafter of the Trust's motion didn't bother reading beyond the second page of the Court's July 11, 2014 Order, or the drafter grossly misrepresented the Court's holding. Neither, of course, is acceptable.

51. Similarly, the Trust's suggestion that issues concerning the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the lis pendens process, and the prosecution of foreclosures are lay matters is simply absurd.

52. Rule of Evidence 702, titled "Testimony by Expert Witness", states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[2] See ECF Doc # 7460 at: pg 3 ("In the July 11, 2014 Order, the Court, among other things, dismissed the Claimants' claim that Residential Capital LLC and GMAC Mortgage, LLC violated the Fair Foreclosure Act"); pg4 ("Ms. Donati's Report largely discusses the foreclosure process in New Jersey, including the FFA, which is not even at issue in this contested matter"); pg 7-8 ("The Order further sets forth the remaining claims, yet Ms. Donati opines on the issues previously resolved. Specifically, she opines about the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the lis pendens process, and the continued negligent prosecution of the foreclosure. Ms. Donati's needless argument on matters already resolved in favor of GMACM and RFC, recitations of the law and assertion of legal conclusions cannot assist the trier of fact in any way").

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

53. "Federal Rule of Evidence 702 permits a district court to allow the testimony of a witness whose knowledge, skill, training, experience or education will assist a trier of fact in understanding an area involving specialized subject matter." United States v. Molina, 172 F.3d 1048, 1056 (8th Cir. 1999).

54. It is respectfully submitted that Ms. Donati's report and testimony, as a New Jersey foreclosure attorney with extensive knowledge and experience regarding New Jersey foreclosure custom and practice, will be relevant so as to assist the trier of fact, and have a reliable basis in the knowledge and experience of her discipline, and so, will satisfy the standards for admissibility of expert testimony under Rule of Evidence 702.

55. Rule of Evidence 703, titled "Bases of an Expert's Opinion Testimony", states:

> **An expert may base an opinion on facts or data in the case that the expert has been made aware of** or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

[Emphasis added].

56. The Advisory Committee's notes to Rule 703 emphasize that the facts and data upon which expert opinion is based may be derived from any one of three sources. The first is first-hand observation, and the second method is the use of the familiar hypothetical question or having the expert attend the trial and hear the testimony establishing the facts. The third source,

according to the Committee, is: "the presentation of data to the expert outside of court and by his own perception. In this respect, the rule is designed to broaden the basis for expert opinions beyond that current in many jurisdictions, and to bring the judicial practice in line with the practice of the experts themselves when not in court".

57.    Trial courts have considerable discretion to admit expert evidence if it will assist the trier of fact in understanding the evidence and will not usurp the function of the jury and the trial judge. See Gould Paper Corp. v. Boise Cascade Corp., No. 95 Civ. 9771, 2000 WL 1099941 (S.D.N.Y. July 10, 2000)("The Committee Note to the recent amendment of Fed.R.Evid. 702 states that "[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule" ").

58.    It is respectfully submitted that Ms. Donati's testimony should not be excluded, and the ResCap Trust's motion should be denied. See First Union Nat. Bank v. Benham, 423 F.3d 855 (8th Cir. 2005)(holding that disallowing an attorney's expert testimony on the issue of legal malpractice, on grounds that the expert's conclusions were based on his own experience and not the experience of other lawyers, was abuse of discretion, given that the rule governing admissibility of expert testimony allows a witness to qualify as expert based on his own knowledge, skill, experience, training, or education, and that testimony of the attorney, who had been licensed in state for more than 36 years, had practiced extensively in area of mergers and acquisitions, and had based his testimony upon parties' depositions, witnesses, and the facts and circumstances surrounding underlying merger, was not so fundamentally unsupported that it could offer no assistance to the trier of fact).

59.    In Spitzer v. Stichman, 278 F.2d 402 (2d Cir. 1960), a proceeding for reorganization of a corporate debtor which was operating a commuter railroad, the problem of valuation of the railroad was complicated by the possibility that some part or all of the debtor's commuter railroad plant might be purchased or condemned by a public authority at some indeterminate time in future. The court of appeals held that there was no abuse of discretion by

the trial court in permitting an attorney who had handled a great many real estate operations and reorganizations to testify as to his opinion as to maximum price likely to be realized in sale of railroad plant to the public authority. The court specifically reasoned:

> In testing the competency of the witness to give opinion testimony with respect to the highest price which might be obtained from a sale of the railroad, it would have to appear to the trial court: (1) that he had knowledge of the property to be sold; (2) that he had knowledge of the various attendant circumstances and conditions which would affect the disposal of the property and determine the price; and (3) that he had the ability, by reason of his training and experience, to make a judgment which would be helpful to the court in determining the issue. [...].
>
> It appears that Mr. Stichman had knowledge of the historical, political, economic and engineering factors which would affect and determine the price. His career had peculiarly fitted him for the judgment required. There cannot be more than a few men whose qualifications to supply this important evidence to the court even equal Mr. Stichman's.
>
> [Id. at 409].

### C. Ms. Donati's Opinion Will Meet The Standards For Admissibility Of Expert Testimony Under Federal Rule Of Evidence 702

60.    The ResCap Trust contends that Ms. Donati's report does not meet the standards for admissibility of expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Rule of Evidence 702.[3]

61.    The ResCap Trust specifically complains that Ms. Donati's report is not relevant so as to assist the trier of fact, and does not use relevant or reliable methods. See ResCap Motion *In Limine* at pg8 [ECF Doc # 7460].

---

[3] In 2000, Rule 702 of the Federal Rules of Evidence was amended to codify the factors outlined in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) regarding the admissibility of expert testimony. In Daubert, the Supreme Court announced that trial courts must perform a gate-keeping function in determining the admissibility of expert testimony. The Daubert factors, which were not intended to be exhaustive nor to be applicable in every case, include: (1) whether the technique or theory utilized by the expert can be tested and had been tested; (2) whether the technique or theory had been the subject of peer review and publication; (3) the potential rate of error and "the existence and maintenance of standards controlling the techniques operation;" and (4) the general acceptance of the expert's theory or technique in the relevant scientific community.

62. The Reeds' universe of claims have their genesis in GMACM's purported premature filing of a foreclosure action and the failure to remove the consequent *lis pendens* upon dismissal of the action.

63. Based on her experience as a New Jersey foreclosure attorney, Ms. Donati weighs in with respect to the accrual of the right to foreclose, the Fair Foreclosure Act, standing, the *lis pendens* process, and the prosecution of a foreclosure. Clearly, her expertise and testimony have relevance to the issues which will be before the Court.

64. The Trust's calling into question of whether Ms. Donati utilized or will utilize relevant or reliable "methods" in providing her expert opinion is misplaced in that the Trust's generic criticism is more appropriate with respect to and is geared towards expertise involving medical, scientific, engineering and computational issues, as is evident from the case law that the Trust cites. See, e.g. Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002)(involving proposed expert testimony of a treating physician and an industrial hygienist concerning personal injury caused by exposure to paint fumes); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999)(involving proposed expert testimony of a tire failure analyst/engineer in a product liability action); Davis v. Carroll, 937 F. Supp. 2d 390, 417 (S.D.N.Y. 2013)(involving proposed testimony of an art appraiser in action involving conversion and fraud claims between artwork owner and art dealer).

65. On the contrary, where, as here, the trier of fact is the court and the proposed expert is to provide testimony that may be relevant and reliable, the testimony may be admitted in the court's discretion, even if the testimony concerns issues which are 'legal' in nature by virtue of the issues in dispute. See Rochester Gas and Elec. Corp. v. GPU, Inc., 355 Fed.Appx. 547, 551 (2d Cir. 2009)(in matter involving a piercing of the corporate veil issue, affirming the district court's admission of expert testimony during bench trial about a subsidiary's corporate structure and evidence of dominance by subsidiary's parent for conducting its veil-piercing analysis – reasoning that the district court clearly understood the limits of the expert's role,

observing that it was for the court alone to determine whether the facts met the standard for piercing the corporate veil).

66. Indeed, as expressly stated by Rule of Evidence 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue". See In re Lake States Commodities, Inc., 271 B.R. 575, 586 (Bkrtcy.N.D.Ill. 2002)("Under F.R.E. 704, the expert's testimony may embrace an ultimate issue to be decided by the trier of fact").

67. It is respectfully submitted that Ms. Donati's report and testimony, as a New Jersey foreclosure attorney with extensive knowledge and experience regarding New Jersey foreclosure custom and practice, will be relevant so as to assist the trier of fact, and have a reliable basis in the knowledge and experience of her discipline, and so, will satisfy the standards for admissibility of expert testimony under Rule of Evidence 702.

68. Assuming *arguendo* that the report or contemplated testimony of Ms. Donati does not strictly satisfy the requirements of Rule 702, her testimony will still aid the Court as the trier of fact and should thus be allowed in light of her significant experience with New Jersey foreclosure custom and practice, and the fact that the Reeds claims stem from complaints with regard to GMACM's actions and omissions in that regard. See, e.g., In re Best Prods. Co., 168 B.R. 35 (Bankr. S.D.N.Y. 1994)(court used examiner's report as a reference and relied on its analysis of potential claims and related issues in assessing whether a settlement could be approved); In re Ionosphere Clubs, Inc., 156 B.R. 414 (Bankr. S.D.N.Y. 1993)(court relied on the range of the value of the claims identified by examiner to determine whether settlement between debtors and creditors could be considered reasonable); In re FiberMark, Inc., 339 B.R. 321, 325-26 (Bankr. D. Vt. 2006)(noting that even when inadmissible, an expert report allows the parties to make an informed determination of their substantive rights and provides context for debate, and a court can rely on the report for help in understanding facts and legal conclusions when formulating its own conclusions).

69. The Court can determine during the course of Ms. Donati's testimony whether her experience and analysis is sufficiently reliable for the issues on which she will be providing testimony. See Enercomp, Inc. v. McCorhill Pub., Inc., 873 F.2d 536 (2d Cir. 1989)(holding that an expert was properly allowed to testify as to the value of a corporate party to merger agreement; the record indicated that the witness had considerable experience in the field of mergers and acquisitions and was qualified to evaluate the corporation's assets, and to the extent that he may have departed from general valuation practices or adopted procedures subject to criticism, there was ample opportunity for such facts to be elicited and argued to the jury); In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744-45 (3d Cir. 1994)("A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence").

### D. Ms. Donati Is Qualified To Weigh In As An Expert On The Issues With Respect To Which She Will Opine

70. Finally, the ResCap Trust contends that Ms. Donati is not qualified to weigh in as an expert "on the issues at hand". The Trust does not present any substantive challenge to Ms. Donati's experience or suitability, but rather, suggests in cursory fashion that she may not have relevant experience. See ResCap Trust Motion, pgs9-10 [ECF Doc. # 7460].

71. Ms. Donati has filed or has otherwise been involved with over five thousand foreclosure actions, and is extensively familiar with the custom and practice of such litigation, the filing and removal of *lis pendens* and related issues.

72. The Court has wide discretion in determining the qualification and competency of a witness to express an opinion as an expert. See generally, U. S. v. Bermudez, 526 F.2d 89 (2d Cir. 1975), certiorari denied 96 S.Ct. 2166, 425 U.S. 970; Gould Paper Corp. v. Boise Cascade Corp., No. 95 Civ. 9771, 2000 WL 1099941 (S.D.N.Y. July 10, 2000); Bank Brussels Lambert v.

Credit Lyonnais (Suisse) S.A., 2000 WL 1694321 (S.D.N.Y. Nov. 13, 2000)(admitting expert testimony on banking practice based on expert's experience as in-house counsel to a major bank).

73.     A proposed expert's lack of specialization or lengthy experience in certain areas does not go to the admissibility of the expert's opinion, but rather, affects its weight. See e.g. Santana Marine Service, Inc. v. McHale, 346 F.2d 147, 148 (5th Cir. 1965)(holding that District Court was justified in finding that one of the plaintiffs was qualified to testify as an expert, where he testified that he had six years of practical experience in designing, making, and installing lift devices and that he had done considerable home study of recognized scientific treatises in the field); Bank of New York Mellon Trust Co., Nat. Ass'n v. Solstice ABS CBO II, Ltd., 910 F.Supp.2d 629 (S.D.N.Y. 2012)(holding that an investment banking firm officer, who had, since 2001: structured synthetic residential mortgage-backed securities (RMBS) transactions; priced RMBS; and supervised the determination of assumptions used to determine the cash flows from RMBS – had sufficient experience in dealing with RMBS to offer an opinion regarding future RMBS cash flows as it related to an early termination payment under a cash flow swap agreement).

74.     "[T]he 'touchstone' of admissibility is helpfulness to the trier of fact." Werth v. Makita Elec. Works, Ltd., 950 F.2d 643, 648 (10th Cir. 1991). Clearly, in light of her relevant experience, Ms. Donati is qualified to testify as an expert. See U.S. S.E.C. v. Zwick, 317 Fed.Appx. 34 (2d Cir. 2008)(holding that expert testimony on broker-dealers' securities transaction markups was admissible in a securities fraud action against broker-dealers, where the expert's testimony as to whether markups were excessive, as would give rise to broker-dealers' fraud liability, was based on the expert's experience in securities industry as a trader and his opinion on what constituted an excessive markup for securities at issue).

## CONCLUSION

Based upon the foregoing, the Reeds respectfully request that this Court deny the ResCap Borrower Claims Trust's Motion *In Limine* to exclude the expert report and testimony of Christy Zoltun Donati, Esq.

Dated: Moorestown, New Jersey
September 7, 2014

Respectfully Submitted,

By: _____
Frank Reed, *pro se*

By: _____
Christina Reed, *pro se*