NANCY K LAYNE
c/o 95580 South Coos River Lane
Coos Bay, Oregon
Plaintiff/Creditor

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                    ) Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,         ) Chapter 11
   Debtors.                               ) Claim No. 292
                                          )
_____) **PLAINTIFF'S OBJECTION TO**
                                          ) **SUPPLEMENTAL DECLARATIONS OF**
LINTON C. LAYNE                           ) **DEANNA HORST IN SUPPORT OF THE**
NANCY K. LAYNE                            ) **RESCAP BORROWER CLAIMS TRUST'S**
        Plaintiffs/Creditors              ) **REPLY IN SUPPORT OF ITS SIXTY-**
   vs.                                    ) **NINTH OMNIBUS OBJECTIONS TO**
                                          ) **CLAIMS (NO-LIABILITY BORROWERS**
GMAC MORTGAGE, LLC;                       ) **CLAIMS) AS TO CLAIM NO. 292 (1279)**
RESIDENTIAL CAPITAL, LLC,                 )
        Defendants.                       ) **REQUEST FOR SUMMARY JUDGMENT**
                                          )
                                          ) **AFFIDAVIT OF NANCY KAY LAYNE**

Linton C. Layne, Nancy K. Layne

| Proposed Claim(s) to be Disallowed and Expunged | | | |
|---|---|---|---|
| Claim No(s); Date Filed | Debtor | Classification | Amount |
| 292 | GMAC Mortgage, | Secured | $35,200.00 |

COME NOW the Plaintiffs/Creditors above-named, and hereby file PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292 (1279) and PLAINTIFFS REQUEST FOR SUMMARY JUDGMENT, and AFFIDAVIT OF NANCY KAY LAYNE.

- 1 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE
RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO
CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT,
AFFIDAVIT OF NANCY KAY LAYNE

# FACTS

The court directed the Defendants to produce proof of claims and Defendants have not complied to the Order with verified evidence.

The Claim No. 1279 does not reflect the claim number that is associated to the subject property Claim No. 292 is for the Layne. Deanna Horst, in her "DECLARATION" Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, wherefore she would be perjuring herself in front of this court on that fact alone.

UCC § 3-501 (a) which clarifies that only the "person entitled to enforce the instrument" may make "presentment," i.e., a demand related to the Note, since only a copy of a note has been presented it is insufficient.

The Defendants have not stated specifically why they choose the trust they did, and discarded the other.

Deanna Horst, in her "DECLARATION" is claiming that Citibank's, La Salle Bank, Bank of America and U.S. Bank, National Association were all appointed as trustees and yet no NOTICE per Section 12 of the Deed of Trust exists.

Deanna Horst, in her "DECLARATION" is claiming that Citibank's, La Salle Bank, Bank of America and U.S. Bank, National Association were all appointed as

- 2 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT, AFFIDAVIT OF NANCY KAY LAYNE

trustees, under Section 21 of the Deed of Trust there has been no notice as to whether the transfer was "Without conveyance of the Property".

The Defendants have not provided related documents that may include faxes, emails, letters, and other written things that shed light on what caused the loan to come into existence as to the sale and release of such interest or duties up to securitization from Sierra Pacific to Residential Funding Company to Citibank, N.A.

Deanna Horst, in her "DECLARATION" has not specified the trustee legal rights in the NOTE, GMAC has attempted "presentment" according to UCC § 3-501(a). The right to make demand or presentment for payment is reserved solely "by or on behalf of a person entitled to enforce" the Note, a reference to UCC 3-301, yet no evidence exists that GMAC has the right to enforce.

Only Mr. Linton Layne filed a Bankruptcy, which would cause Deanna Horst in her "DECLARATION" stated, I declare under penalty of perjury that the foregoing is true and correct, wherefore she would be perjuring herself in front of this court again.

## LEGAL ARGUMENT

The Supreme Court of Missouri in CACH v ASKEW found "For that reason, a document that is prepared by one business cannot qualify for the business records exception merely based on another business's records custodian testifying that it appears in the files of the business that did not create the record. *State* v.

- 3 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT, AFFIDAVIT OF NANCY KAY LAYNE

*Anderson*, 413 S.W.2d 161, 165 (Mo. 1967); *Zundel v. Bommarito*, 778 S.W.2d 954, 958 (Mo. App. 1989)"

### Standing at Inception

There is no note and security instrument that has been provided evidencing any debt that may be owed to the Defendant. Defendants have not filed a verified Complaint based on that Note, see Feltus v. U.S. Bank. N.A., 80 So. 3d 375 (Fla. 2d DCA 2012)

### Memorandum in Support of Summary Judgment

Summary Judgment is appropriate when there are no material facts in dispute, and the moving party is entitled as a matter of law. Volusia County v. Aberdeen at Ormand Beach L.P. 760 So. 2d 126, 130 (Fla. 2000). There are no disputed facts here.

**WHEREFORE**, Plaintiffs pray that this Court enter an order that:

A. As no evidence exists of authenticated nor validated Chain of Title, Sierra Pacific Mortgage made no claim of monies owed, the court orders the Document # 2006-030002 Deed of Trust executed on March 10, 2006 and recorded within the county recorders office at Washington County Oregon on March 15, 2006 as satisfied.

B. Provide adequate relief for the violations of the fair debt collection practices act.

C. Return of funds paid to all parties not eligible to receive payments.

D. This case shall be closed with prejudice.

DATED: September 9, 2014

_____
Nancy Kay Layne
Plaintiff / Creditor

---

- 4 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT, AFFIDAVIT OF NANCY KAY LAYNE

|   |   |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.,<br>Debtors.<br><br>_____<br><br>LINTON C. LAYNE<br>NANCY K. LAYNE<br>     Plaintiffs/Creditors<br>  vs.<br><br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC,<br>     Defendants. | Case No. 12-12020 (MG)<br>Chapter 11<br>Claim No. 292<br><br>**AFFIDAVIT OF NANCY KAY LAYNE** |

I, [AFFIANT], being first duly sworn, say:

1) I make this affidavit in support of PLAINTIFFS motion for summary judgment. All facts and statements contained in this affidavit are within my own personal knowledge. If called as a witness at trial, I would testify to all matters referred to here.

2) There is no evidence that a transfer of ownership of interst in the security interest or note in the Washington County Recorders Office, where land records are to be recorded and affiant believe no such evidence exists.

3) There is no evidence that Linton Cecil Layne and or Nancy Kay Layne received a conformed copy of the Note and the Security Instrument according to paragraph 14 in the Deed of Trust, and affiant believe no such evidence exists.

4) There is no evidence that would secure the Lender's repayment of indebtedness by Borrower's note dated the same date as the security instrument; and the affiant believe that no such evidence exists.

PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT, AFFIDAVIT OF NANCY KAY LAYNE

5) There is no evidence of a New Lender or an assignment of Lender per the Deed of Trust; and affiant believes that no such evidence exists.

6) There is no evidence of a NOTICE to the Borrowers as to Changes to the Lender or the assigns via delivery or Certified Mail; and affiant believe that no such evidence exists.

7) There is no evidence that the original unaltered Note with the Security Instrument exists within the same ownership; the affiant believes that no evidence to the contrary can be found.

8) There is no evidence of Defendants having rights to collect and enriching themselves at the Plaintiffs expense; and affiant believes that no evidence to the contrary exists.

*[signature]*
NANCY KAY LAYNE
[AFFIANT]

SUBSCRIBED AND SWORN TO before me on 08 September 2014.

*[signature]* Connie S. Wilson
Notary Public for Oregon

My commission expires: Jan. 22. 2017

OFFICIAL SEAL
CONNIE S WILSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 474716
MY COMMISSION EXPIRES JANUARY 22, 2017

- 6 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT, AFFIDAVIT OF NANCY KAY LAYNE

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.,<br>Debtors.<br>_____<br>LINTON C. LAYNE<br>NANCY K. LAYNE<br>        Plaintiffs/Creditors<br>  vs.<br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC,<br>        Defendants. | Case No. 12-12020 (MG)<br>Chapter 11<br>Claim No. 292<br><br>**PROOF OF SERVICE** |

Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
Certified Mail # 7013 1090 0001 4718 6288

Attention: Norman S. Rosenbaum and Jordan A. Wishnew
counsel to the ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
USPS regular mail and Via fax # (212) 468-7900

Attention: Linda A. Riffkin and Brian S. Masumoto
Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
USPS regular mail and Via fax # 212-668-2255

Attention: Daniel J. Flanigan
The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue
21st Floor
New York, NY 10022
USPS regular mail and Via fax # 212.684.0197

I am a resident of the state of Oregon. I am a competent person 18 years of age or older. I am not an attorney for a party to this case, or an officer, director or employee of any party to this case.
On the 8th day of September 2014, I served the above-named parties by delivering to parties a copy of these papers, each of which was a true copy of the original.

                                                                                      Toni S. Eberlien

- 8 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE
RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO
CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT,
AFFIDAVIT OF NANCY KAY LAYNE

# **ORDER**

In re:  ) Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al., ) Chapter 11
Debtors. ) Claim No. 292
_____ ) **[PROPOSED] ORDER**

LINTON C. LAYNE )
NANCY K. LAYNE )
        Plaintiffs/Creditors )
  vs. )
 )
GMAC MORTGAGE, LLC; )
RESIDENTIAL CAPITAL, LLC, )
        Defendants. )
_____

After this matter being herd, IT IS HEREBY ORDERED THAT:

1] As no evidence exists of authenticated or verified Chain of Title, Sierra Pacific Mortgage made no claim of monies owed, the court orders the Document # 2006-030002 Deed of Trust executed on March 10, 2006 and recorded within the county recorders office at Washington County Oregon on March 15, 2006 as satisfied.

2] Provide adequate relief for the violations of the fair debt collection practices act.

3] Return of funds paid to all parties not eligible to receive payments.

4] This case shall be closed with prejudice.

IT IS SO ORDERED.

DATE ____ of _____ 2014.

_____

- 7 -
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATIONS OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTIONS TO CLAIMS (NO-LIABILITY BORROWERS CLAIMS) AS TO CLAIM NO. 292, REQUEST FOR SUMMARY JUDGMENT, AFFIDAVIT OF NANCY KAY LAYNE