**Hearing Date and Time: September 30, 2014 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 100019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel to the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------

**THE RESCAP BORROWER CLAIMS TRUST'S (I) RESPONSE TO THE CLAIMANTS'
REQUEST FOR ABSTENTION AND STAY BY THIS COURT AND (II) REPLY IN
SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH
OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................1

JURISDICTION .........................................................................................................3

BACKGROUND .........................................................................................................3

A.    Chapter 11 Background .................................................................................3

B.    Claims Related Background ...........................................................................5

LEGAL ARGUMENT .................................................................................................6

I.    The Bankruptcy Court should decline to abstain from or stay the proceeding ................6

    A.    Abstention.................................................................................................6

    B.    Stay the Proceeding ...................................................................................8

        1.    Likelihood of Prevailing on the Merits.....................................................9

        2.    Other Rule 5011(c) Factors .................................................................11

II.    The Court Should Grant the Objection Because the Claimants Have Not Stated a
Valid Claim Against the Debtors' Estates.................................................................12

CONCLUSION .........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.),
    954 F.2d 167 (3d Cir. 1992) ................................................................... 12

Browning Mfg. v. Mims (In re Coastal Plains Inc.),
    179 F.3d 197 (5th Cir. 1999) .................................................................. 15

Chartschlaa v. Nationwide Mut. Ins. Co.,
    538 F.3d 116 (2d Cir. 2008) ................................................................... 14

City of New York v. Exxon Corp.,
    932 F.2d 1020 (2d Cir. 1991) ................................................................... 9

Dynegy Danskammer, L.L.C. v. Peabody Coal Trade Int'l. Ltd.,
    905 F. Supp. 2d 529 (S.D.N.Y. 2012) .................................................... 10

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ................................................... 12

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
    398 B.R. 736 (S.D.N.Y. 2008) ......................................................... 10, 11

Gorham-DiMaggio v. Countrywide Home Loans, Inc.,
    2009 WL 1748743 (N.D.N.Y. 2009).................................................... 14

Hutchinson v. Del. Savs. Bank FSB,
    410 F. Supp. 2 d 374................................................................................ 14

In re Adelphia Commc'ns Corp.,
    307 B.R. 404 (Bankr. S.D.N.Y. 2004) .................................................... 7

In re Adelphia Commc'ns Corp.,
    Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ........ 12

In re Chrysler LLC,
    2009 WL 7386569 (Bankr. S.D.N.Y. 2009)............................................. 8

In re Dana Corp.,
    2007 WL 2908221 (Bankr. S.D.N.Y. 2007)............................................ 8

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) ................................................... 12

In re Residential Capital, LLC,
    507 B.R. 477 (Bankr. S.D.N.Y. 2014) .................................................................. 12

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) .................................................................. 13

Kirschner v. Grant Thornton LLP (In re Refco, Inc. Secs. Litig.,
    628 F. Supp. 2d 432 (S.D.N.Y. 2008) ................................................................ 7, 8

New Hampshire v. Maine,
    532 U.S. 742 (2001) .............................................................................................. 14

Orion Pictures Corp. v. Showtime Networks Inc. (In re Orion Pictures Corp.),
    4 F.3d 1095 (2d Cir. 1993) ................................................................................... 10

Rosenshein v. Kleban,
    918 F. Supp. 98 (S.D.N.Y. 1996) .................................................................... 14, 15

S. St. Seaport Lt. P'ship v. Burger Boys, Inc. (In re Burger Boys Inc.),
    94 F.3d 755 (2d Cir. 1996) ................................................................................... 10

Singh v. U.S. Bank (In re Singh),
    457 B.R. 790 (Bankr. E.D. Cal. 2011).................................................................. 14

Stern v. Marshall,
    131 S.Ct. 2594 (2011) ........................................................................................... 10

**STATUTES**

11 U.S.C. § 502(a) ...................................................................................................... 12

11 U.S.C. § 502(b)(1) .................................................................................................. 12

11 U.S.C. § 502(j)........................................................................................................ 12

11 U.S.C. § 521(1)....................................................................................................... 14

11 U.S.C. § 1306 ......................................................................................................... 14

28 U.S.C. § 157(b)(5) .................................................................................................. 11

28 U.S.C. § 157(d)......................................................................................................... 9

28 U.S.C. § 1334(c)(1) .................................................................................................. 8

**OTHER AUTHORITIES**

*Memorandum Opinion and Order Denying Motion to Remand,* <u>Residential Funding Co.,</u>
<u>LLC v. UBS Real Estate Secs., Inc.,</u>
Case No. 14-01926 (MG) (Bankr. S.D.N.Y. Aug. 25, 2014), ECF No. 41..............................7

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the

terms of the Plan[1] confirmed in the above-captioned Chapter 11 Cases, as successor in interest to

the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned

counsel, hereby submits this reply (the "Reply") and the Supplemental Declaration of Deanna

Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Supplemental Declaration"),

annexed hereto as Exhibit 1, (A) in opposition to the *Notice of Petition for Withdrawal to the*

*United States District Court of the Northern District of Illinois Eastern Division, Under 28 USC*

*1334, 28 USC 157(d) and 28 USC 157(b)(5), and Request for Abstention and Stay by this Court*

[Docket No. 7493] (the "Petition") filed by Ronald A. and Julie A. Eriksen (the "Claimants"),

and (B) in support of the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to*

*Claims (No Liability Borrower Claims)* [Docket No. 7188] (the "Objection").  In support of this

Reply, the Borrower Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1.        In the Objection, the Borrower Trust sought the disallowance of two claims filed

by the Claimants. The deadline to respond to the Objection was July 25, 2014.  On that date, the

Borrower Trust received a request from the Claimants seeking additional time to file a response.

The Borrower Trust agreed to give the Claimants until August 27, 2014 to respond, and

adjourned the hearing on their claims to September 30, 2014.  On August 29, 2014, the

Claimants filed the *Petition for Withdrawal of Referenced Claims Pursuant to 28 USC §157(d)*

*and 28 USC §157(b)(5)* (the "Motion to Withdraw") with the United States District Court for the

Southern District of New York, Eriksen v. Residential Capital, LLC, case no. 14-07205 [District

Court Docket No. 2].  Rather than address the merits of the Objection the Claimants filed the

Petition to further delay the adjudication of their claims.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

1

2.      Through the Motion to Withdraw, the Claimants request that the District Court, instead of this Court, determine whether the Claimants have stated a valid claim against the Debtors' estates. On September 15, the Borrower Trust filed the *Response of the ResCap Borrower Claims Trust's to the Movants' Motion to Withdraw the Reference* (the "Response to the Motion to Withdraw"), attached to the Supplemental Declaration as Exhibit A, opposing the Motion to Withdraw.

3.      By the Petition, the Claimants ask that this Court abstain from hearing the Borrower Trust's Objection to their claims or stay the proceeding on their claims until the Motion to Withdraw has been decided by the District Court.  For the reasons stated herein, most importantly that the Claimants have not commenced a state court action with regard to their claims and the Objection is a core proceeding under the Bankruptcy Code, the Claimants have failed to provide any reason why the Court should abstain from making a determination with regard to their claims.  Additionally, the Claimants have not stated any valid grounds for the Court to stay the proceeding because they neither demonstrate that their Motion to Withdraw is likely to succeed on the merits, nor show how they will be harmed if the Objection goes forward. As a result, this Court should not abstain from or delay its adjudication of the pending omnibus objection as it relates to the Claimants, as this will only cause unnecessary delay and prejudice the Borrower Trust's efforts to resolve outstanding Borrower Claims.

4.      As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the claims at issue, and the Books and Records do not validate the allegations made by the Claimants in the Proofs of Claim.

5.      Moreover, as the Objection shifted the burden of proof back to the Claimants, the

Claimants must demonstrate a valid claim against the Debtors' estates by a preponderance of the

evidence.  For the reasons set forth in the Objection, this Reply, and the Supplemental

Declaration, the Claimants have failed to provide any explanation as to why their claims are

valid and should be allowed against the Debtors' estates.  The Claimants' allegations of liability

are predicated on their incorrect belief that the Debtors were required to notify them when

Debtor GMACM (defined below) converted from a corporation to a limited liability company.

Additionally, the Claimants fail to identify how, even if this is true, this lack of notice was the

proximate cause of their alleged damages.  Finally, as set forth in the Objection, the Claimants

are barred from bringing these claims because they failed to affirmatively assert them in their

bankruptcy case. As a result, the Claimants have failed to meet their burden of proof, and the

relief sought in the Objection should be granted with respect to the Claimants.

## JURISDICTION

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*A. Chapter 11 Background*

7.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11

Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On or around November 16, 2012, the Claimants' filed proofs of claim nos. 5573

and 5580 (the "Claims" or "Proofs of Claim") against Debtor Residential Capital, LLC, each in

the amount of $1,000,000.  The Proofs of Claim are attached to the Supplemental Declaration as

Exhibit B.[2]  The Claims assert "fraud conspiracy to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract, and other wrongful acts."  The basis for the Claims was the Claimants' belief that the Debtors did not have standing to foreclose on the Claimants' property because prior to the foreclosure the Debtors did not provide notice of a "transfer, sale or assignment" of the servicing rights of their loan from GMAC Mortgage Corporation to GMAC Mortgage LLC.[3]  The Claimants' assert undocumented emotional and psychological damages resulting from this alleged wrongdoing.

9.    On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

10.    The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of current and former borrowers of the Debtors ("Borrowers") who filed claims ("Borrower Claims") to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court.  See Plan, at Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for

---

[2] The Claims were reclassified and redesignated as general unsecured claims against GMACM in this *Court's Order Sustaining Objection to Claims 5573 and 5580 filed by Ron and Julie Eriksen* [Docket No. 6332].
[3] The Claimants provided this more detailed explanation as to the basis of the Claims in a response to the Debtors' request for additional information (the "Diligence Response").  This response is attached to the Supplemental Declaration as Exhibit C.

use in satisfying Allowed Borrower Claims." See id.  Under  Article XIII of the Plan, the

Bankruptcy Court retained exclusive jurisdiction over all matters arising out of, or related to, the

Chapter 11 Cases, explicitly including jurisdiction "to allow, disallow, determine, liquidate,

classify, estimate, or establish the priority, secured, or unsecured status, or amount of any Claim

or Equity Interest."  See Plan, at Art. XIII(a).

     *B. Claims Related Background*

     11.    On November 9, 2005, GMAC Mortgage Corporation ("GMACM") originated a

loan to the Claimants (the "Loan").  See Exhibit A to the Objection, pp. 23-26.  GMACM Corp.

subsequently sold its interest in the loan to Freddie Mac on or around January 18, 2006.  See id.

     12.    On or around October 24, 2006, GMACM converted from a corporation to an

LLC by merger (the "Conversion"), becoming GMAC Mortgage LLC.  See Supplemental

Declaration ¶ 8.  The Conversion was a change in business structure only, and no servicing rights

were transferred.  See id.

     13.    GMACM serviced the loan from November 9, 2005 until servicing was

transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  See Exhibit A to the

Objection, pp. 23-26.

     14.    On May 29, 2010, the Loan was referred to foreclosure because the account was

owing from March 2010 through May 2010.  The Illinois Court entered judgment in favor of the

Debtors' foreclosure on February 18, 2011 and the redemption period expired on June 28, 2011.

See Exhibit A to the Objection, pp. 23-26.

     15.    Claimants filed a joint petition for Chapter 7 bankruptcy protection on July 14,

2011 in the U.S. Bankruptcy Court, Northern District of Illinois, Case No. 11-28958, and

received an order of discharge in January 2012 (the "Eriksen Bankruptcy").  See Discharge

Order, attached to the Supplemental Declaration as <u>Exhibit D</u>.  The schedules filed in the Eriksen

Bankruptcy do not list any liquidated, unliquidated, or contingent claims against any of the

Debtors.  <u>See</u> the Schedules, attached to the Supplemental Declaration as <u>Exhibit E</u>.  All of the

events that relate to the Claims occurred prior to the Eriksen Bankruptcy.  <u>See</u> <u>Exhibit A</u> to the

Objection, pp. 23-26.

16.     On June 25, 2014, the Borrower Trust filed the *ResCap Borrower Claims Trust's

Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "<u>Objection</u>"),

[Docket No. 7188], which objected to various claims, including the claims filed by the

Claimants, on the basis that they did not represent valid prepetition claims against the Debtors.

17.     On August 29, 2014, the Claimants filed the Motion to Withdraw and the Petition.

On September 15, 2014, the Borrower Trust filed the Response to the Motion to Withdraw.

<u>**LEGAL ARGUMENT**</u>

<u>**I. The Bankruptcy Court Should Decline to Abstain From or Stay the Proceeding**</u>

18.     The Claimants request that the Court abstain from hearing any matters related to

their claims, or stay all pending action until the District Court has made a determination on the

Motion to Withdraw.  Neither of these requests should be granted.

*A. Abstention*

19.     The Claimants reference 28 U.S.C. §1334 in the title of the Motion to Withdraw

but otherwise fail to substantiate the reasons as to why their abstention request meets the

requisite elements and should be approved. This specific section of the U.S. Code permits, and in

some cases, requires, a federal court to abstain from hearing an action that is based on state law

claims.  In order to assert mandatory abstention under §1334(c)(2), the moving party must

demonstrate that:

6

(1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the bankruptcy code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that action can be "timely adjudicated" in state court.

Kirschner v. Grant Thornton LLP (In re Refco, Inc. Secs. Litig., 628 F. Supp. 2d 432, 445 (S.D.N.Y. 2008). "A party is not entitled to abstention if it fails to prove any one of the statutory requirements."  See id (citation omitted).  As an initial matter, there is no pending state court action addressing the merits of the Claims, so the Claimants are not entitled to mandatory abstention, and the Court need not make a determination as to the other factors.

20.    Notwithstanding, were the Court to look at certain of the other factors, it would come to the same conclusion.  The Claims were filed pursuant to section 501 of the Bankruptcy Code and allege both state and federal claims, meaning that prong (2) is not met.  Prong (3) is not met because the Objection is a core proceeding and "arises in" the bankruptcy case, as it deals with the allowance and disallowance of claims against the Debtors' estates.  See Memorandum Opinion and Order Denying Motion to Remand, Residential Funding Co., LLC v. UBS Real Estate Secs., Inc., Case No. 14-01926 (MG) (Bankr. S.D.N.Y. Aug. 25, 2014), ECF No. 41, citing Stern v. Marshall, 131 S. Ct. 2594, 2620 (2011), ("If the current proceeding qualifies as one of the core proceedings enumerated in section 157(b)(2), then it follows that the Court has subject matter jurisdiction over the action as one 'arising in' a bankruptcy case . . ."); see also  In re Adelphia Commc'ns Corp., 307 B.R. 404, n. 27 (Bankr. S.D.N.Y. 2004) ("One example of a proceeding 'arising in' a bankruptcy case is a matter involving the allowance or disallowance of claims.") In addition, because there is no state court action, Claimants have not and cannot allege that it can be timely adjudicated in another forum. Therefore, mandatory abstention pursuant to §1334(c)(2) is clearly not warranted.

ny-1157767

21.     28 U.S.C. §1334(c)(1) permits a federal court to abstain from hearing a particular proceeding "arising under title 11 or arising in or related to a case under title 11" . . . "in the interest of justice, or in the interest of comity with state courts, or respect for state law. . ."  See 28 U.S.C. §1334(c)(1).  However, federal courts must be "sparing" in their exercise of discretionary abstention because they possess a "virtually unflagging obligation to exercise jurisdiction given to them."  See Refco, 628 F. Supp. 2d. at 446 (citation omitted).  As there is no pending state court action, and the Claimants are asking this Court to abstain to allow another federal court to make the determination as to a core bankruptcy proceeding, permissive abstention is also clearly unwarranted.

*B. Stay the Proceeding*

22.     The Claimants also request that if the Court does not abstain, then it should stay any matter related the Claims.  Under Federal Rule Bankruptcy Procedure 5011(c), "The filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." See Fed. R. Bankr. P. 5011(c). "The moving party bears the burden of proof in demonstrating that a stay of proceedings pending a determination of a motion to withdraw the reference would be proper."  In re Dana Corp., 2007 WL 2908221, at *1 (Bankr. S.D.N.Y. 2007).  To prevail on a motion to stay the proceedings, "the movant must demonstrate (a) the likelihood of prevailing on the merits, (b) that the movant will suffer irreparable harm if the stay is denied; (c) that the Debtors will not be substantially harmed by the stay; and (d) that the public interest will be served by granting the stay."  See In re Chrysler LLC, 2009 WL 7386569 at *1 (Bankr. S.D.N.Y. 2009).  Here, the Claimants cannot demonstrate any of these factors.

8

*1. Likelihood of Prevailing on the Merits*

23.     The Claimants base this request on their assertion that there is a strong likelihood

they will prevail on the Motion to Withdraw.  For the following reasons and as further explained

in the Response to the Motion to Withdraw, it is unlikely that the Claimants will be successful.

24.     A motion to withdraw the reference in a bankruptcy case is governed by 28

U.S.C. §157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred
> under this section, on its own motion or on timely motion of any party, for cause shown.
> The district court shall, on timely motion of a party, so withdraw a proceeding if the court
> determines that resolution of the proceeding requires consideration of both title 11 and
> other laws of the United States regulating organizations or activities affecting interstate
> commerce. 28 U.S.C. §157(d).

25.     The Claimants argue that because some of the Claims arise out of federal statutes,

they are entitled to withdrawal.  See Motion to Withdraw ¶ 17.  However, as noted in paragraph

11 in the Response to the Motion to Withdraw, district courts only find withdrawal to be

mandatory where the bankruptcy court would be required to engage in significant interpretation,

as opposed to simple application, of federal law.  See City of New York v. Exxon Corp., 932

F.2d 1020, 1026 (2d Cir. 1991).  While the Court may be required to apply certain provisions of

RESPA, it will certainly not be required to engage in significant interpretation of that statute.  As

a result, the District Court is unlikely to grant mandatory withdrawal under §157(d).

26.     The District Court is also unlikely to grant permissive withdrawal under §157(d).

As further explained in paragraphs 12-19 of the Response to the Motion to Withdraw, the

Claimants have also failed to show there is "good cause" for permissive withdrawal of the

reference under 28 U.S.C. §157(d).  The Second Circuit has held that, in deciding whether to

withdraw an issue from the Bankruptcy Court under 28 U.S.C. §157(d), the District Court should

weigh the following factors (the "Orion factors"), of which the first is the most important:

(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

S. St. Seaport Lt. P'ship v. Burger Boys, Inc. (In re Burger Boys Inc.), 94 F.3d 755, 762 (2d Cir. 1996) citing Orion Pictures Corp. v. Showtime Networks Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993).[4]  Given that this is a core proceeding under 28 U.S.C. §157(b)(2)(B), as it involves the allowance and disallowance of the Claims, the most important factor weighs in favor of not permissively withdrawing the proceeding.[5]

27.    As to the other factors under the Orion Test, all clearly favor not withdrawing the reference.  See Response to Motion to Withdraw at ¶¶ 17-19.  As a result, it is highly unlikely that the District Court will grant the Claimants' motion for permissive withdrawal under §157(d).

28.    Additionally, the Claimants' attempt to rely on 28 U.S.C. §157(b)(5) as a basis for mandatory withdrawal.  This reliance is similarly misguided.  Section 157(b)(5) states:

> The District court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

---

[4] After the Supreme Court's decision in Stern v. Marshall, 131 S.Ct. 2594 (2011), many courts have held that the district court must also determine whether the bankruptcy court may finally determine a proceeding or whether the bankruptcy court's proposals must be reviewed de novo by a district court.  See Dynegy Danskammer, L.L.C. v. Peabody Coal Trade Int'l. Ltd., 905 F. Supp. 2d 529 (S.D.N.Y. 2012).  In Stern, the Supreme Court set forth three instances where a bankruptcy court may a finally adjudicate a claim at issue.  One of those instances is where the process of adjudicating the creditor's proof of claim would resolve the contested issue.  See Stern, 131 S. Ct. at 2608.  Given that the adjudication of the Claimants' claims is exactly what the bankruptcy court is being asked to do through the Objection, the bankruptcy court can finally determine whether to allow the Claimants' claims as a matter of law.

[5] Even though "the liquidation or estimation of contingent or personal injury tort or wrongful death claims for purposes of distribution in a case under title 11" are carved out from the definition of core matters under section §157(b)(2)(B), the statute does not carve out the allowance or disallowance of personal injury claims.  See Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 749 (S.D.N.Y. 2008) (noting the distinction between the allowance and disallowance of personal injury claims and the liquidation and estimation of those claims and finding that because 28 U.S.C. §157(b)(2)(B) expressly provides that the allowance and disallowance of claims is a core proceeding the bankruptcy court clearly has jurisdiction as to whether to disallow or allow the claimants' wrongful death claims).  As the Objection seeks only the disallowance of (and not the estimation or liquidation of) the Claims, it remains a core proceeding under 28 U.S.C. §157(b).

28 U.S.C. §157(b)(5).  First, the Borrower Trust disputes that the Claims are "personal injury"

claims within the ambit of the statute.  Second, a determination of whether to allow or disallow

the Claim as a matter of law will not involve a trial on the Claimants' purported personal injury

claims.  In fact, in similar instances, courts have ruled that 28 U.S.C. §157(b)(5) does not apply

because "a bankruptcy court still has jurisdiction to determine whether any right to trial exists."

See In re Alper Holdings USA, Inc., 398 B.R. at 748, citing In re Chateaugay Corp., 111 B.R.

67, 76 (Bankr. S.D.N.Y. 1990).  Given that the Borrower Trust is only asking the Bankruptcy

Court to decide whether, as a matter of law, a viable claim has been asserted against the Debtors,

the objection is not subject to mandatory withdrawal under 28 U.S.C. §157(b)(5).[6]

29.     In sum, because the objection continues to be a core-proceeding over which this

Court can issue a final order, and the objection does not ask this Court to interpret any federal

statute or conduct a trial on the merits of the objection, there is no basis that can support the

Motion to Withdraw.  As a result, the Claimants cannot show that they are likely to be successful

on the merits.

### 2. Other Rule 5011(c) Factors

30.     The Claimants also cannot demonstrate that the other grounds for staying the

proceeding exist.  The Claimants will not suffer irreparable harm because, in the unlikely event

that the Claimants are successful in having the District Court determine the allowance of the

Claims, the Claimants have the right to file a motion for reconsideration under §502(j) of the

Bankruptcy Code[7] with this Court, and therefore will not be prejudiced if this Court decides to

disallow the Claims.  Furthermore, the Borrower Trust will be substantially harmed by the stay,

---

[6] Additionally, the Borrower Trust disputes the categorization of the Claims as personal injury tort claims, as the claims are actually alleged damages that purportedly resulted from alleged fraud or other alleged statutory violations.  As set forth in paragraph 16 in the Response to the Motion to Withdraw.

[7] Section 502(j) states: "A claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."  11 U.S.C. §502(j).

as it will result in increased cost and unnecessary delay in the adjudication of the Objection.

Finally, there is no conceivable way the public interest will be served by granting the stay for a

purely private matter.

## II. The Court Should Grant the Objection Because the Claimants Have Not Stated a Valid Claim Against the Debtors' Estates

31.       A filed proof of claim is "deemed allowed, unless a party in interest … objects."

11 U.S.C. §502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1).  As

noted by this Court in a recent decision, claims objections have a shifting burden of proof.

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie

case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim.

The objecting party is thereafter required to produce evidence equal in force to that provided by

the claimant to rebut the presumption of the claimant's prima facie case. In re Residential

Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014).  See also Allegheny Int'l, Inc. v.

Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

32.       Once an objection refutes an essential allegation of the claim, the burden of

persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a

preponderance of the evidence.  Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y.

(In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case  No. 02-41729 (REG), 2007

Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272

B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

ny-1157767

33.    As the Objection refuted the Claimants' allegations of wrongdoing, the burden to demonstrate the validity of the Claims shifted back to the Claimants.  The Claimants have not filed a response to the Objection, opting instead to file the Motion to Withdraw. The Motion to Withdraw does not  refute any of the bases for objecting to the Claims. Instead, the Claimants merely refer to the Debtors purported "illegitimate use of legal maneuverings," "GMAC's deceptive practices," "GMAC's wrongful foreclosure on their home." See Motion to Withdraw, ¶¶ 12-13.  The Claimants provide no factual or legal support for these baseless allegations.  As a result, the Claimants have not met their  burden of persuasion.

34.    In the Diligence Response, the Claimants allege that the Conversion resulted in the transfer, sale, or assignment of the servicing rights of the Loan, and that this act required the Debtors to provide notice under Real Estate Settlement Procedures Act (RESPA), specifically 12 U.S.C. §2605.[8] See Diligence Response p. 1.  However, as noted in ¶ 11 *supra*, the Conversion was merely a change in the business form of GMACM.  It did not involve the transfer, sale, or assignment of any servicing rights.[9] Therefore, the Conversion did not require notice to the Claimants under any statute, including RESPA.  As a result, the Claimants have failed to allege any liability of the Debtors under RESPA.  See Objection, Exhibit A, pp. 23-26.

35.    In addition to insufficiently alleging a violation of RESPA, as was noted in Exhibit A to the Objection, the Claimants have also failed to demonstrate how that purported violation caused them actual damages.  "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." Hutchinson v. Del. Savs. Bank FSB, 410 F. Supp. 2 d 374, 383 (D.N.J. 2006);

---

[8] While the Claimants reference both the Truth in Lending Act (TILA) and RESPA in the Diligence Response, the only statute that is cited is 12 U.S.C. §2605, which is part of RESPA.  The Claimants do not provide any statutory support for their allegations that a purported TILA violation occurred.
[9] Since the Conversion did not involve a transfer of servicing rights, Claimants' allegations that GMACM did not have standing to foreclose because they did not provide notice of the transfer is also incorrect.

12 U.S.C. §2605(f); see also Gorham-DiMaggio v. Countrywide Home Loans, Inc., 2009 WL

1748743, at *8 (N.D.N.Y. 2009) ("[B]y alleging a breach of RESPA duties alone without

alleging actual damages and the proximate cause of the breach of duty to those damages,

Plaintiff fails to state a RESPA claim"); Singh v. U.S. Bank (In re Singh), 457 B.R. 790, 803

(Bankr. E.D. Cal. 2011) (in order to state a cause of action for failure to provide notice, the

Plaintiff must assert damages resulting from the lack of notice). While the Claimants allege

damages related to the foreclosure of their home, they have not shown how the alleged failure to

notify them about the alleged transfer, or any other action by the Debtors, caused them to stop

making their mortgage payments, which was the reason for the foreclosure. As a result, the

Claimants have not stated a claim under RESPA.

36.      Furthermore, even if the Debtors were required to provide notice under RESPA,

which they were not, the Claimants waived any potential claims against the Debtors when they

failed to identify this alleged cause of action on their schedules in the Eriksen Bankruptcy. See

Objection, Exhibit A, pp. 23-26.

37.      Judicial estoppel applies when (i) a party asserts a position in a proceeding, but

thereafter assumes a contrary position, and (ii) such inconsistences create the inference the court

has been misled. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Pursuant to 11 U.S.C.

§521(1), a debtor is required to disclose all of his/her actual or potential assets, which would

include any known causes of action. See 11 U.S.C. §§ 521(1), 1306; Chartschlaa v. Nationwide

Mut. Ins. Co., 538 F.3d 116 (2d Cir. 2008) (citing 11 U.S.C. §§ 521(a)(1)(B)(i), (iii));

Rosenshein v. Kleban, 918 F. Supp. 98 (S.D.N.Y. 1996). "[I]f the debtor has enough

information … prior to confirmation to suggest that it may have a possible cause of action, then

it is a 'known' cause of action such that it must be disclosed." Browning Mfg. v. Mims (In re

Coastal Plains Inc.), 179 F.3d 197, 208 (5th Cir. 1999) (citations omitted).  Undisclosed assets

automatically remain property of the estate, and as a result, even after discharge of the

bankruptcy estate, the debtor lacks standing to pursue a claim that he failed to disclose.  See

Rosenshein, 918 F. Supp. at 103.  See Objection, pp. 14-15.

38.     This Court, following numerous other courts in this circuit, has applied the

doctrine of judicial estoppel to disallow and expunge claims where the claimant failed to disclose

the claim in their own bankruptcy proceeding.  See *Memorandum Opinion and Order Sustaining*

*Objection and Expunging Claim No. 4443 by Corla Jackson* [Docket No. 6363].  As noted in the

Objection, the Claimants failed to affirmatively assert the Claims in their bankruptcy case, even

though the foreclosure occurred prior to the date the Claimants filed their bankruptcy petition

and over six months prior to the Discharge Order.  As a result, the Claimants had knowledge of

their alleged claim against the Debtors before the petition and schedules were filed, and are

barred under the doctrine of judicial estoppel from bringing the Claims.

39.     Additionally, even if the Claimants were not barred by judicial estoppel, the

Claims are property of the Claimants' bankruptcy estate, and therefore the Claimants are also

barred for lack of standing.

40.     The Claimants have not refuted any of the bases for the Objection.

41.     Accordingly, for the reasons set forth herein and in the Objection, the Claims

should be disallowed and expunged because the Claimants have failed to identify a valid claim

against the Debtors.

## CONCLUSION

42.     WHEREFORE, the Borrower Trust respectfully submits that the relief requested

in the Objection should be granted in its entirety.

ny-1157767

Dated:  September 16, 2014          /s/  Norman S. Rosenbaum
        New York, New York          Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    Jessica J. Arett
                                    MORRISON & FOERSTER LLP
                                    250 West 55th Street
                                    New York, New York 10019
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for the Borrower Claims Trust*

ny-1157767