# Exhibit 1

**Supplemental Declaration of Deanna Horst**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF DEANNA HORST IN SUPPORT OF
THE RESCAP BORROWER CLAIMS TRUST (I) RESPONSE TO THE CLAIMANTS'
REQUEST FOR ABSTENTION AND STAY BY THIS COURT AND (II) REPLY IN
SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH
OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

1

ny-1158020

this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this declaration (the "Declaration") in support of *ResCap Borrower Claims Trust's (I) Response to the Claimants' Request for Abstention and Stay by this Court and (II) Reply in Support of the ResCap Borrower Claims Trust's Sixty-Ninth Objection to Claims (No Liability Borrower Claims)* (the "Reply").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel under my supervision have reviewed and analyzed the proof of claim forms and supporting documentation filed by the Claimants. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.[2] In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with the Liquidating Trust's and the Borrower Trust's professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that are not liabilities of the Debtors (together, the "No Liability Borrower Clams").

5. The Debtors sent a Request Letter to certain Borrowers, including the Claimants, requesting additional documentation in support of the No Liability Borrower Claims. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.

6. On September 15, the Borrower Trust filed the *Response of the ResCap Borrower Claims Trust's to the Movants' Motion to Withdraw the Reference* (the "Response to

---

[2] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

3

ny-1158020

the Motion to Withdraw"), attached hereto as Exhibit A (exhibits excluded), opposing the Motion to Withdraw.

7. On or around November 16, 2012, the Claimants' filed proofs of claim nos. 5573 and 5580 (the "Claims" or "Proofs of Claim") against Debtor Residential Capital, LLC, each in the amount of $1,000,000. The Proofs of Claim are attached hereto as Exhibit B.

8. The Debtors received a response to the Request Letters from the Claimants (the "Diligence Response"), a copy of which is attached hereto as Exhibit C. However, the Diligence Response failed to allege bases for claims against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to the Claimants.

9. On or around October 24, 2006, GMACM converted from a corporation to an LLC by merger (the "Conversion"), becoming GMAC Mortgage LLC. The Conversion was a change in business structure only, and no servicing rights were transferred.

10. Claimants filed for Chapter 7 bankruptcy protection on July 14, 2011 in the U.S. Bankruptcy Court, Northern District of Illinois, Case No. 11-28958, and received an order of discharge in January 2012 (the "Eriksen Bankruptcy"). See Discharge Order, attached hereto as Exhibit D. The schedules filed in the Eriksen Bankruptcy do not list any liquidated, unliquidated, or contingent claims against any of the Debtors that are consistent with the allegations in the Claims. See the Schedules, attached hereto as Exhibit E. All of the events that relate to the Claims occurred prior to the Eriksen Bankruptcy.

11. Accordingly, based upon this detailed review of the Books and Records, together with a review of the Claims and the Diligence Response, the Borrower Trust determined that the Claimants fail to substantiate the validity of the Claims against the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 16, 2014

                                                /s/ Deanna Horst
                                                Deanna Horst
                                                Chief Claims Officer for ResCap Liquidating Trust

5

ny-1158020