**<u>Exhibit A to Supplemental Horst Declaration</u>**

**Response to Motion to Withdraw the Reference**

12-12020-mg   Doc 7548-2   Filed 09/16/14   Entered 09/16/14 15:57:13   Exhibit A to
Supplemental Declaration    Pg 2 of 17
Case 1:14-cv-07205-UA   Document 5   Filed 09/15/14   Page 1 of 16

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel to the ResCap Borrower*
 *Claims Trust*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, et al,<br><br>                Debtor. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly administered |
| RONALD A. ERIKSEN and JULIE A. ERIKSEN<br><br>                Movants,<br><br>   - against –<br><br>RESIDENTIAL CAPITAL, LLC, GMAC MORTGAGE CORPORATION, AND GMAC MORTGAGE, LLC<br><br>                Defendants. | Case No. 14-07205 |

**RESPONSE OF THE RESCAP BORROWER CLAIMS TRUST TO THE MOVANTS'**
**MOTION TO WITHDRAW THE REFERENCE**

ny-1157767

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND .............................................................................................................................. 2

BASIS FOR RELIEF REQUESTED............................................................................................ 4

    *A. Mandatory Withdrawal under 28 U.S.C. §157(d)* ........................................................... 4

    *B. Permissive Withdrawal under §157(d)* ............................................................................ 5

    *C. Withdrawal under 28 U.S.C. §157(b)(5)* ........................................................................ 10

i

12-12020-mg    Doc 7548-2    Filed 09/16/14    Entered 09/16/14 15:57:13    Exhibit A to
Case 1:14-cv-07205-UA    Document 5    Filed 09/15/14    Page 3 of 16
Supplemental Declaration    Pg 4 of 17

# TABLE OF AUTHORITIES

Page(s)

**CASES**

City of New York v. Exxon Corp.,
   932 F.2d 1020 (2d Cir. 1991)..................................................................................................5

Dynegy Danskammer, L.L.C. v. Peabody Coal Trade International Ltd.,
   905 F. Supp. 2d 526 (S.D.N.Y. 2012).......................................................................................5

Enron Power Marketing. v. Holcim, Inc. (In re Enron Corp.),
   No. 04 Civ. 509MBM, 2004 WL 2149124 (S.D.N.Y Sept. 23, 2004) ......................................9

Falbaum v. Leslie Fay Companies, Inc (In re Leslie Fay Companies, Inc.),
   222 B.R. 718 (S.D.N.Y. 1998)..................................................................................................8

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
   398 B.R. 736 (S.D.N.Y. 2008)............................................................................................6, 10

Granfinanciera, S.A. v. Nordberg,
   492 U.S. 33 (1989)....................................................................................................................8

Hasset v. Citicorp North America (In re CIS Corp.),
   188 B.R. 873 (S.D.N.Y. 1995)..................................................................................................6

Horwitz v. Alloy Automotive Co.,
   992 F.2d 100 (7th Cir. 1993) ....................................................................................................7

Hunnicutt Co., Inc. v. TJX Companies, Inc. (In re Ames Dep't Stores, Inc.),
   190 B.R. 157 (S.D.N.Y. 1995)..................................................................................................9

In re Adelphia Institute, Inc.,
   112 B.R. 534 (S.D.N.Y. 1990)..................................................................................................9

In re Ames Department Stores, Inc.,
   190 B.R. 157 (S.D.N.Y. 1995)..................................................................................................9

In re Chateaugay Corp.,
   111 B.R. 67 (Bankr. S.D.N.Y. 1990)......................................................................................10

In re Connie's Trading Corp.
   No. 12-11280, 2014 WL 1813751 (S.D.N.Y. May 8, 2014) ................................................7, 8

In re Ice Cream Liquidation, Inc.,
   281 B.R. 154 (Bankr. D. Conn. 2002) ......................................................................................7

In re Johns-Manville Corp.,
    63 B.R. 600 (S.D.N.Y. 1986) .............................................................................................. 5

In re Lang,
    166 B.R. 964 (D. Utah 1994) .............................................................................................. 7

In re Orion Pictures Corp.,
    4 F.3d 1095 (2d Cir. 1993) ........................................................................................ passim

In re Pan American Corp.,
    950 F.2d 839 (2d Cir. 1991) ............................................................................................. 11

Kenai Corp. v. National Union Fire Insurance Co. (In re Kenai Corp.),
    136 B.R. 59 (S.D.N.Y. 1992) ............................................................................................. 9

Oneida Ltd. v. Pension Benefit Guaranty Corp.,
    372 B.R. 107 (S.D.N.Y. 2007) ........................................................................................... 5

Pension Benefit Guaranty Corp. v. Pan American Corp. (In re Pan American Corp.),
    133 Bankr. 700 (S.D.N.Y. 1991) ....................................................................................... 4

South Street Seaport Ltd. Partnership v. Burger Boys, Inc. (In re Burger Boys),
    94 F.3d 755 (2d Cir. 1996) ................................................................................................ 5

Stern v. Marshall,
    131 S.Ct. 2594 (2011) .................................................................................................... 5, 6

U.S. Lines, Inc. v. U.S. Lines Reorganization Trust,
    262 B.R. 223 (S.D.N.Y. 2001) ........................................................................................... 6

United States Lines,
    No. 97 CIV 6727 (MBM), 1998 WL 382023 (S.D.N.Y. July 9, 1998) ............................ 11

**STATUTES**

12 U.S.C. §2605 ........................................................................................................................... 4

28 U.S.C. 157 ...................................................................................................................... passim

28 U.S.C. §1411(a) ...................................................................................................................... 8

iii

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (defined below) matters, by and through its undersigned counsel, respectfully submits this memorandum in opposition to the motion to withdraw the reference filed by Ronald A. and Julie A. Eriksen (the "Movants").  In support of its opposition, the Borrower Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Through their motion to withdraw the reference, the Movants request that this Court, instead of the Bankruptcy Court, determine whether the Movants have stated a valid claim against the Debtors' estates.  For reasons discussed in greater detail herein, the Movants' motion fails on threshold grounds and therefore should be denied.

2.      In the Objection (defined below), the Borrower Trust seeks a determination by the Bankruptcy Court as to whether to allow or disallow the Movants' proofs of claim as a matter of law.  The allowance and disallowance of the Movants' claims is a core proceeding under 28 U.S.C. §157(b)(2)(B).  As a result, good cause to withdraw the reference does not exist under §157(d), as doing so would only result in additional delay and costs to the parties, would be disruptive to the administration of the Borrower Trust, would not result in uniformity of bankruptcy administration and would run counter to the promotion of judicial economy in the adjudication of bankruptcy cases, a primary purpose of the Bankruptcy Code.

3.      Additionally, because the determination at this stage only involves questions of law, the bankruptcy court's determination as to whether to sustain the Objection to the Movants' claims does not require a trial.  As a result, 28 U.S.C. §157(b)(5), to the extent applicable to the

Movants proof of claim (and the Borrower Trust contests it is not applicable), does not (in any event) apply to the matter before this Court.

## BACKGROUND

4.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On or around November 16, 2012, the Movants filed proofs of claim nos. 5573 and 5580 (the "Claims" or "Proofs of Claim") against Debtor Residential Capital, LLC, each in the amount of $1,000,000. The Proofs of Claim are attached hereto as Exhibit A. The Claims assert "fraud, conspiracy to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract, and other wrongful acts." The basis for these claims is the Movants' belief that the Debtors did not have standing to foreclose on the Movants' property because prior to the foreclosure the Debtors did not provide notice of a "transfer, sale or assignment" allegedly resulting from GMAC Mortgage's conversion from a corporation to a limited liability company (i.e., an LLC).[1] The Movants' assert emotional and psychological damages resulting from this alleged wrongdoing.

6.      On December 11, 2013, the Bankruptcy Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

---

[1] The Movants provided this more detailed explanation as to the basis of the Claims in a response to the Debtors' request for additional information. This response is attached as Exhibit B.

2

ny-1157767

7. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of current and former borrowers of the Debtors ("Borrowers") who filed proofs of claim against the Debtors' estates ("Borrower Claims") to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court. See Plan, at Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." See id. Under the Article XIII of the Plan, the Bankruptcy Court retained exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases, explicitly including jurisdiction "to allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured, or unsecured status, or amount of any Claim or Equity Interest." See Plan, at Art. XIII(a).

8. On June 25, 2014, the Borrower Trust filed the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection"), attached hereto as Exhibit C, which objected to various claims, including the claims filed by the Movants, on the basis that they did not represent valid prepetition claims against the Debtors. See Objection, p. 6. The Borrower Trust objected to the Movants' claims on the basis that they fail as a matter of law because GMAC Mortgage Corporation did not transfer, sell, or assign any interest in the loan to GMAC Mortgage LLC. Rather, GMAC Mortgage Corporation converted its corporate form from a corporation to a limited liability company by merger on October 24, 2006 and that conversion did not constitute an event requiring notice to the Movants under any applicable statute. Additionally, the Movants failed to assert a claim against the Debtors in their

3

ny-1157767

12-12020-mg    Doc 7548-2    Filed 09/16/14    Entered 09/16/14 15:57:13    Exhibit A to
Supplemental Declaration    Pg 9 of 17
Case 1:14-cv-07205-UA   Document 5   Filed 09/15/14   Page 8 of 16

personal bankruptcy, for which they received a discharge in January, 2012.  See Movants'

Discharge Order and Bankruptcy Schedules, attached hereto as Exhibit D.  As a result, the

Movants are estopped from now bringing the Claims under the doctrine of judicial estoppel.  See

Objection, Exhibit A, pp. 23-26.

9. On August 29, 2014, the Movants filed a Petition for Withdrawal of Referenced

Claims Pursuant to 28 USC §157(d) and 28 USC §157(b)(5).

## BASIS FOR RELIEF REQUESTED

*A. Mandatory Withdrawal under 28 U.S.C. §157(d)*

10. A motion to withdraw the reference in a bankruptcy case is governed by 28

U.S.C. §157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred
> under this section, on its own motion or on timely motion of any party, for cause shown.
> The district court shall, on timely motion of a party, so withdraw a proceeding if the court
> determines that resolution of the proceeding requires consideration of both title 11 and
> other laws of the United States regulating organizations or activities affecting interstate
> commerce.

11. While the Claims are based partly on alleged violations of the Truth in Lending

Act (TILA) and the Real Estate Settlement Procedures Act (RESPA)[2], this does not necessitate

mandatory withdrawal in this case.  District courts have tended to find withdrawal mandatory

only where "substantial and material considerations" of non-code federal statutes "is necessary

for the resolution of the case or proceeding." Pension Benefit Guar. Corp. v. Pan Am. Corp. (In

re Pan Am. Corp.), 133 Bankr. 700, 702 (S.D.N.Y. 1991) (emphasis omitted).  The Second

Circuit has construed §157(d) narrowly, reserving withdrawal of the reference for "cases or

issues that would otherwise require a bankruptcy court judge to engage in significant

---

[2] While the Claimants reference both the TILA and RESPA in the Diligence Response, the only statute that is cited
is 12 U.S.C. §2605, which is part of RESPA.  The Claimants do not provide any statutory support for their
allegations that a purported TILA violation occurred.

4

ny-1157767

interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." City of N.Y. v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991). Courts in this district have held that withdrawal is not mandatory where a case requires the "straightforward application of federal statute[s] to a particular set of facts." Oneida Ltd. v. Pension Ben. Guar. Corp., 372 B.R. 107, 110 (S.D.N.Y. 2007) (citing In re Johns-Manville Corp., 63 B.R. 600, 602 (S.D.N.Y. 1986). A determination as to whether or not to allow the Claims, even those based on federal statutes, will at most merely require a straightforward application of those laws, and if the Bankruptcy Court agrees that the Claims are barred by judicial estoppel, it will not need to consider the federal statutes at all. As a result, the determination as to whether to allow the Claims does not necessitate mandatory withdrawal under §157(d).

*B. Permissive Withdrawal under §157(d)*

12. The Movants have also failed to show there is "good cause" for permissive withdrawal of the reference under 28 U.S.C. §157(d). The Second Circuit has held that, in deciding whether to withdraw an issue from the Bankruptcy Court under 28 U.S.C. §157(d), the District Court should weigh the following factors (the "Orion factors"), of which the first is the most important:

> (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

See S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys), 94 F.3d 755, 762 (2d Cir. 1996) citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).[3] "In applying these

---

[3] After the Supreme Court's decision in Stern v. Marshall, 131 S.Ct. 2594 (2011), many courts have held that the district court must also determine whether the bankruptcy court may finally determine a proceeding or whether the bankruptcy court's proposals must be reviewed *de novo* by a district court. See Dynegy Danskammer, L.L.C. v. Peabody Coal Trade Int'l Ltd., 905 F. Supp. 2d 526, 529 (S.D.N.Y. 2012). In Stern, the Supreme Court set forth three instances where a bankruptcy court may a finally adjudicate a claim at issue. One of those instances is where

5

ny-1157767

12-12020-mg Doc 7548-2 Filed 09/16/14 Entered 09/16/14 15:57:13 Exhibit A to
Case 1:14-cv-07205-UA Document 5 Filed 09/15/14 Page 10 of 16
Supplemental Declaration Pg 11 of 17

factors, district courts in this circuit have consistently held that §157(d) should be construed narrowly, so that it does not provide an 'escape hatch' out of bankruptcy court." Hasset v. Citicorp N. Am. (In re CIS Corp.), 188 B.R. 873, 877 (S.D.N.Y. 1995).

13.     Under the Orion factors, the most important determination is whether a proceeding is a core proceeding. "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." Orion, 4 F.3d at 1101.

14.     28 U.S.C. §157(b) provides a non-exhaustive list of proceedings that are deemed core. This includes "allowance or disallowance of claims against the estate." See 28 U.S.C. §157(b)(2)(B). In addition, even though "the liquidation or estimation of contingent or personal injury tort or wrongful death claims for purposes of distribution in a case under title 11" are carved out from the definition of core matters under section §157(b)(2)(B), the statute does not carve out the allowance or disallowance of personal injury claims.

15.     As an initial matter, courts have distinguished between the allowance/ disallowance of personal injury claims (which is a core proceeding) and the estimation and liquidation of those claims (which is a non-core proceeding). See Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 749 (S.D.N.Y. 2008) (noting the distinction between the allowance and disallowance of personal injury claims and the liquidation and estimation of those claims and finding that because 28 U.S.C. §157(b)(2)(B) expressly provides that the allowance and disallowance of claims is a core proceeding, the bankruptcy court clearly has jurisdiction as to whether to disallow or allow the claimants' wrongful death claims) see also U.S. Lines, Inc. v. U.S. Lines Reorganization Trust, 262 B.R. 223 (S.D.N.Y. 2001) ("A

---

the process of adjudicating the creditor's proof of claim would resolve the contested issue. See Stern, 131 S.Ct. at 2608. Given that the adjudication of the Movants' claims are what the bankruptcy court is being asked to do, the bankruptcy court can finally determine whether to allow the Movants' claims as a matter of law.

6

ny-1157767

bankruptcy court may disallow a personal injury claim based on that court's determination that the claim, if litigated, would not be viable in light of the estate's available defenses."). As the Objection seeks only the disallowance of (and not the estimation or liquidation of) the Claims, it remains a core proceeding under 28 U.S.C. §157(b).

16.     Furthermore, even if the Bankruptcy Court was required to go further than the disallowance of the Claims, which it is not, the causes of action alleged by the Movants do not constitute "personal injury tort claims" under §157(b)(2)(B). While many courts have given a broad definition to the term "personal injury tort claim," the majority of courts have found that financial, business, or property tort claims should not be "shoehorned" into that definition. See Horwitz v. Alloy Auto. Co., 992 F.2d 100, 103 (7th Cir. 1993) (noting that business torts should not be "shoehorned" into the category of personal injury tort claims); In re Ice Cream Liquidation, Inc., 281 B.R. 154, 161 (Bankr. D. Conn. 2002) (noting that too broad a definition of personal injury tort claims would risk that financial, business, or property tort claims could also be withdrawn from the bankruptcy system, which is not what Congress intended).  Given that the Movants' fraud and misrepresentation claims stem from alleged wrongful acts related to their mortgage, the Claims clearly do not allege personal injury torts and should not be lumped into the definition merely because some of the alleged damages purportedly involve emotional harm. See In re Lang, 166 B.R. 964 (D. Utah 1994) (denying a motion to withdraw the reference where Plaintiffs' claims for emotional distress were fundamentally allegations of fraud).

17.     The other factors under the Orion Test all favor not withdrawing the reference. Judicial efficiency is best served by keeping the proceeding in bankruptcy court, as the bankruptcy court is already familiar with the the facts of the case, and can make a final judgment. See Orion, 4 F.3d 1101, In re Connie's Trading Corp. No. 12-11280, 2014 WL

7

ny-1157767

1813751, at *9 (S.D.N.Y. May 8, 2014), (finding that even where a bankruptcy court cannot make a final judgment, it is more efficient for the bankruptcy court to propose recommendations first "where the bankruptcy court is more familiar with the record or already has extensive experience in the matter.")  Since May of 2013, the Bankruptcy Court has been dealing with the allowance of thousands of Borrower Claims, many involving legal and factual allegations similar to those made by the Movants.  Additionally, the Bankruptcy Court has addressed the Claims previously, in its *Order Sustaining Objection to Claims 5573 and 5580 Filed by Ron and Julie Eriksen* [Bankr. ECF No. 6332] (the "Bankruptcy Court Order") (redesignating and reclassifying the claims as unsecured claims against the correct Debtor, GMAC Mortgage, LLC, over the objection of the Movants).  As a result, judicial efficiency will be best served by keeping the proceeding in the bankruptcy court.

18.    One additional factor that the court in Orion listed for consideration is whether the proceeding will require a jury trial.  See Orion, 4 F.3d at 1101.  First, as illustrated above, Movants have not asserted "personal injury tort claims," within the purview of §157(b)(5) or 28 U.S.C. §1411(a), for which a jury trial may lie.  Second, although the Movants assert they have a right to a jury trial on the Claims, this right has no bearing on the current proceeding before the bankruptcy court.  By filing a proof of claim, the Movants waived their right to a jury trial with respect to proceedings involving the allowance or disallowance of those claims.  See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989) (holding generally that a creditor waives right to jury trial on the allowance or disallowance of claims by filing a proof of claim); Falbaum v. Leslie Fay Companies, Inc, (In re Leslie Fay Companies, Inc.), 222 B.R. 718 (S.D.N.Y. 1998) (holding that a creditor filing a personal injury tort claim waived their right to a jury trial as to the allowance/disallowance of their claim by filing a proof of claim).  As noted

8

ny-1157767

above, at this stage, the Borrower Trust is only asking that the Bankruptcy Court determine whether the Proofs of Claim are valid as a matter of law. It is not asking the Court to liquidate or estimate the Claims for distribution purposes, and therefore, even if the Claims were considered to be "personal injury" claims within the ambit of the statute (which as noted above the Borrower Trust disputes), the Movants do not have a right to a jury trial under 28 U.S.C. 157(b)(5) at this stage. Third, even in cases where the party seeking to withdraw is entitled to a jury trial, courts have held that a motion to withdraw the reference is premature in situations where a case is in its early stages, is unlikely to reach trial, or will require protracted discovery and court oversight before trial, as this would run counter to the policy favoring judicial economy that underlies the bankruptcy code. See Hunnicutt Co., Inc. v. TJX Companies, Inc. (In re Ames Dep't Stores, Inc., 190 B.R. 157, 163 (S.D.N.Y. 1995) (determining that where the case is not ready for trial, withdrawal of the reference is not appropriate); Enron Power Mktg. v. Holcim, Inc. (In re Enron Corp.), No. 04 Civ. 509MBM, 2004 WL 2149124, at *4 (S.D.N.Y Sept. 23, 2004) (stating that withdrawal would be premature because the case was still in the beginning stages); Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y. 1992) ("the appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready.") (citing In re Adelphia Inst., Inc., 112 B.R. 534, 538 (S.D.N.Y. 1990)).

19.    The final Orion factors weigh heavily in favor of denying the motion to withdraw the reference. To "import" these issues to this Court would inflict unnecessary delay and cost on both parties, especially given that the Bankruptcy Court can render a final judgment on the matter. Furthermore, as the Bankruptcy Court has and will continue to determine whether to allow claims similar to the Proofs of Claim, withdrawing the reference would not promote the

ny-1157767

12-12020-mg    Doc 7548-2    Filed 09/16/14    Entered 09/16/14 15:57:13    Exhibit A to
Case 1:14-cv-07205-UA   Document 5   Filed 09/15/14   Page 14 of 16
Supplemental Declaration    Pg 15 of 17

uniformity of bankruptcy administration. While it does not appear that the Movants are engaging in forum shopping, this factor is neutral and does not weigh in favor of withdrawal. As a result, the Movants' have failed to show "good cause" and permissive withdrawal is not appropriate.

*C. Withdrawal under 28 U.S.C. §157(b)(5)*

20.     The Movants' attempt to rely on 28 U.S.C. §157(b)(5) as a basis for mandatory withdrawal. This is misguided. Section 157(b)(5) states:

> The District court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. §157(b)(5). First, the Borrower Trust disputes the categorization of the Claims as personal injury claims for purposes of §157(b)(5). Second, a determination of whether to allow or disallow the Claim as a matter of law will not involve a trial on the Movants' personal injury claims. In fact, courts have ruled that in these instances, 28 U.S.C. §157(b)(5) does not apply because "a bankruptcy court still has jurisdiction to determine whether any right to trial exists." See In re Alper Holdings USA, Inc., 398 B.R. at 749, citing In re Chateaugay Corp., 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1990) ("A finding that the claim is subject to disallowance as a matter of law is not tantamount to a determination on the merits of the personal injury tort or wrongful death claim. On the other hand, a threshold finding that the claim is sustainable as a matter of law leaves it open for trial elsewhere for 'liquidation or estimation' for purposes of distribution.") Given that the Borrower Trust is asking the Bankruptcy Court to decide whether, as a matter of law, a viable claim has been asserted against the Debtors, the Objection is not subject to mandatory withdrawal under 28 U.S.C. §157(b)(5).

10

21.     Even if the Court does determine that it should withdraw the reference under 28 U.S.C. §157(b)(5), it should not grant the Movants' request to fix venue in the Northern District of Illinois.  "One of the principle purposes of §157(b)(5) is 'to centralize the administration of the [ ] estate and to eliminate the multiplicity of forums for the adjudication of parts of a bankruptcy case.'"  United States Lines, No. 97 CIV 6727 (MBM), 1998 WL 382023 at *5 (S.D.N.Y. July 9, 1998) (citing In re Pan Am. Corp., 950 F.2d 839, 845 (2d Cir. 1991).  Especially in a case as large as this one, with so many claims being filed from so many jurisdictions, the centralized adjudication of the bankruptcy case is especially important.  To date, the Debtors (prior to the Effective Date) as well as the ResCap Liquidating Trust and the Borrower Trust (after the Effective Date) have successfully filed and prosecuted seventy omnibus objections and twenty-one individual claims objections that resulted in the expungement of approximately 3,357 claims and effectuated the withdrawal of approximately 2,493 claims.  While the Claims administration process has successfully addressed the majority of claims filed against the Debtors, there remain over 1,600 unresolved claims.  Going forward, the centralization of this case in a single forum remains crucial for the efficient adjudication of these remaining claims.  Consequently, transferring the determination as to whether to allow or disallow the Claims would do exactly what 28 U.S.C. §157(b)(5) was enacted to prevent, as it would decentralize the administration of the bankruptcy estate.  Furthermore, the only justification provided by the Movants as to why the Claims should be adjudicated in the Northern District of Illinois is that New York is far away from Illinois.  The Movants have not stated how the distance has harmed them, especially given that the Bankruptcy Court has permitted telephonic appearances, and Mr. Eriksen previously participated telephonically on November 15, 2013, as noted on page 2 of the Bankruptcy Court Order. Under the Movants'

11

reasoning, every single claim where the claimant does not reside in New York should be transferred for the sole convenience of the claimant. Taken to its logical conclusion, this misguided position would face the Borrower Trust with the prospect of claim litigation throughout the country. Therefore, in order to maintain the centralized administration of the bankruptcy estate, even if this Court grants Movants' motion to withdraw the reference, their request to transfer the adjudication of the Claims to the Northern District of Illinois should be denied.

22. In sum, the Petition to Withdraw the reference should be denied because the Movants have not demonstrated that the determination as to whether to allow or disallow the Claims is entitled to either permissive or mandatory withdrawal under 28 U.S.C. §157(d) or 28 U.S.C. §157(b)(5).

Dated: September 15, 2014  
       New York, New York

/s/   Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Jessica J. Arett  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Borrower Claims Trust*

12

ny-1157767