**Exhibit 5-2**

IN THE CIRCUIT COURT OF THE 7TH JUDICIAL
CIRCUIT, IN AND FOR ST. JOHNS COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: CA07-0784 DIV. 55

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE
    PLAINTIFF
VS.

JAMES DEMETRIOU; CONSTANCE
DEMETRIOU; ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S) WHO
ARE NOT KNOWN TO BE DEAD OR ALIVE,
WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES OR OTHER
CLAIMANTS; PALENCIA PROPERTY
OWNERS ASSOCIATION OF ST. JOHNS
COUNTY, INC.; UNITED STATES OF
AMERICA; JOHN DOE AND JANE DOE AS
UNKNOWN TENANTS IN POSSESSION,
    DEFENDANT(S)



This space is for recording purposes only

## SUMMARY FINAL JUDGMENT IN FORECLOSURE

THIS CAUSE having come to be heard on Plaintiff's Motion for Summary Final Judgment and Taxation of Attorney Fees and Costs, and upon the Affidavits filed herein, and the Court being fully advised in the premises, it is hereby ORDERED:

1.     The Plaintiff's Motion for Summary Final Judgment is GRANTED.
2.     There is due to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the Mortgage foreclosed: | $555,342.33 |
| Interest on the Note and Mortgage from FEBRUARY 1, 2007 to JULY 25, 2008 | $78,765.75 |
| Per Diem Interest at $145.31 from JULY 26, 2008 through September 2, 2008 | $5,231.16 |
| Late Charges | $904.68 |
| Inspections Conducted on Property | $168.75 |
| Property Preservation (Intial Property Securing) | $75.56 |
| Ad Valorem Taxes | $8,662.73 |
| Hazard Insurance Premiums | $2,361.42 |
| COSTS: | |
| Filing Fee | $257.00 |
| Service of Process | $835.00 |
| Abstracting | $325.00 |
| Service/Mail Required by Law | $16.50 |
| Title Update Charges | $75.00 |
| SUBTOTAL | $653,020.88 |
| Attorney's fees based upon 8 hours at $150.00 per hour in the amount of: | $ 1,200.00 |
| TOTAL | $654,220.88 |

27    CA07-784

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE vs. JAMES DEMETRIOU, ET AL
CASE NO: CA07-0784 DIV. 55

3. A lien is held by the Plaintiff whose address is C/O HOMECOMINGS FINANCIAL, LLC, ONE MERIDIAN CROSSING, SUITE 100, MINNEAPOLIS, MN 55423 for the total of the Final Judgment sum specified in the preceding paragraph, plus interest thereon. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the Defendants and all persons, firms or corporations claiming by, through, or under the Defendants or any of them and the property will be sold free and clear of all claims of the Defendants. The lien encumbers the following described property in ST. JOHNS County, Florida, to-wit:

   LOT 13, MARSHALL CREEK DRI VILLAGE CENTER UNIT ONE - TRACT C-1, ACCORDING TO THE MAP THEREOF AS RECORDED IN MAP BOOK 45, PAGE 25 AND 26, OF THE PUBLIC RECORDS OF ST. JOHNS COUNTY, FLORIDA.

4. If the total sum due to the Plaintiff as set forth in Paragraph 2, plus interest at the statutory rate in effect at the time of the entry of this judgment, which rate shall remain the same until the judgment is paid, and all costs of this proceeding incurred subsequent to the date of this Judgment are not paid to Plaintiff, the Clerk of this Court shall sell the property described in Paragraph 3 in accordance with the terms of Paragraph 6.

5. The Plaintiff shall advance the cost of publishing the Notice of Sale and the Clerk's fee for it and shall be reimbursed by the Clerk out of the proceeds of the sale of the property described in Paragraph 3 if the Plaintiff does not become the purchaser of the property at the sale.

6. The Clerk of this Court shall sell the property described in Paragraph 3 at public sale at 12:00 a.m., on the **9th** day of **December**, 2008, a date that shall not be less than 75 days after the date of entry of this judgment, to the highest and best bidder or bidders for cash at Front Door of the St. Johns County Judicial Center of the ST. JOHNS County Courthouse located at 4010 Lewis Speedway, in St. Augustine, Florida 32095, Florida, after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale unless the Plaintiff or it's representative is present to bid at the sale. Any purchaser other than the Plaintiff shall pay all service charges assessed by the Clerk of the Circuit Court pursuant to Florida Statute 28.24 together with proper documentary stamps to be affixed to the Certificate of Title.

7. The Plaintiff may be the bidder for, and purchaser of, the property described in Paragraph 3. If the Plaintiff is the purchaser of the property at the sale, the Clerk shall credit the bid of the Plaintiff with the total sum found to be due to the Plaintiff for such portion thereof as may be necessary to pay fully the bid of the Plaintiff. If, subsequent to the date of the Plaintiff's affidavit of indebtedness and prior to the sale contemplated in paragraph 6 hereof, the Plaintiff is required to advance any monies to protect its mortgage lien, then Plaintiff or its attorneys shall so certify to the clerk of this court, and the amount found due to the Plaintiff **may** be increased by the amount of such advances upon motion and Order of the Court.

8. Upon the confirmation of the sale of the property by the clerk filing the Certificate of Sale, any and all persons claiming by, through, and under them since the date of the filing of the Notice of Lis Pendens, are forever barred and foreclosed of and from all right, title, interest, claim or demand of any kind or nature whatsoever in and to the property.

9. Upon the filing of the Certificate of Title, the Clerk shall make distribution of the proceeds from the sale in the following order and in the amounts due under each of the following subparagraphs:

a. All costs and expenses of these proceedings subsequent to the entry of the Summary Final Judgment of Foreclosure, including the cost of publishing the Notice of Sale and the Clerk's fee for making the sale, unless the Plaintiff, having already paid for these two items of cost, is the purchaser at the sale, the cost of the State documentary stamps affixed to the Certificate of Title based on the amount bid for the property, plus the costs, if paid by purchaser.

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE vs. JAMES DEMETRIOU, ET AL
CASE NO: CA07-0784 DIV. 55

b. The total sum found to be due to the Plaintiff in Paragraph 2, plus interest at the statutory rate in effect at the time of entry of this judgment, which interest shall remain the same until the judgment is paid.

c. The balance of the proceeds of the sale in excess of the amounts paid under Paragraphs 9(a) and 9(b) shall be retained by the Clerk of this Court pending further order of this Court.

10. Upon the filing of the Certificate of Title, the purchaser at the sale, his/her representatives or assigns shall be let into possession of the property forthwith.

11. The Court retains jurisdiction of this cause and the parties to enter further orders as are proper, including deficiency judgments, if permissible. Any such deficiency judgment may be sought only against the makers of the note.

12. If the Plaintiff is the purchaser at the sale, the Plaintiff, their heirs, representatives, successors or assigns, shall be placed in immediate possession of the aforedescribed premises. In the event the Defendants fail to vacate the premises within ten (10) days of the date of the foreclosure sale, the Clerk of the Court is directed to issue a Writ of Possession to the Plaintiff and/or purchaser, their heirs, representatives, successors, or assigns, without the necessity of any further order from this Court for the premises located at 650 SOUTH LOOP PARKWAY, ST. AUGUSTINE, FL 32095.

13. In the event the Plaintiff is contractually obligated to pay its attorneys an amount less than the amount of reasonable fees awarded by the Court above in paragraph 2, the Defendant borrower shall have the right to pay that lesser amount for attorneys fees in the event the Defendant borrower has the right to reinstate the loan prior to the sale under the loan documents or in the event the Defendant borrower tenders full payoff of the loan to the Plaintiff prior to the filing of the Certificate of Sale by the Clerk.

14. The court finds that the number of hours expended and the hourly rate charged by the Plaintiff's counsel as set forth in Paragraph 2 are reasonable. The Court further finds that there are no reduction or enhancement factors for consideration by the court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).

15. Should this property be sold to a third party, the Clerk of Court is hereby directed to make the check for the amount due to the Plaintiff pursuant to paragraph 10 above payable to **David J. Stern, P.A. Trust Account.**

16. In the event the instant case is dismissed by the Plaintiff, the Clerk of Court is hereby directed to release any original documents filed with the Court to counsel of record for Plaintiff and subsitute copies in their place.

17. The United States of America shall have the right of redemption provided by 28 U.S.C. §2410(c) and, if it is the successful bidder at the foreclosure sale, it shall be allowed thirty (30) days to deliver a Treasury check to the Clerk of Court in payment of the amount of its bid. Further, the deposit required by Florida Statutes 45.021(2) shall be waived.

18. If the subject property is a residence governed by a Homeowners Association, and purchaser takes title to said residence as a result of this foreclosure action, any such purchaser, other than Plaintiff and its assigns shall be responsible to the Association for any assessments it may be entitled to pursuant to Section 720.3085, Fla. Stat. (2007).

### NOTICE PURSUANT TO FLORIDA STATUTES § 45.031

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK**

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE vs. JAMES DEMETRIOU, ET AL
CASE NO: CA07-0784 DIV. 55

NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR ST. JOHNS COUNTY, TELEPHONE NUMBER 904-819-3652, 4010 LEWIS SPEEDWAY, ST. AUGUSTINE, FLORIDA 32095, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT JACKSONVILLE AREA LEGAL AID, 904-356-8371, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT JACKSONVILLE AREA LEGAL AID FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE and ORDERED** in open court at ST. AUGUSTINE, ST. JOHNS County, Florida, this 18th day of September, 2008, nunc pro tunc to September 2, 2008

_____
Michael Traynor, Circuit Judge

Copies furnished to: 9/18/08 KM

LAW OFFICES OF DAVID J. STERN, P.A.
900 SOUTH PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324-3920

JAMES DEMETRIOU, ESQUIRE
PRO SE & ATTORNEY FOR CONSTANCE DEMETRIOU
3625 BYRON COURT
DOYLESTOWN, PA 18902-6516

CURRENT TENANTS
650 SOUTH LOOP PARKWAY
ST. AUGUSTINE, FL 32095

PALENCIA PROPERTY OWNERS
ASSOCIATION OF ST. JOHNS COUNTY, INC.
C/O FRED ANNON, REGISTERED AGENT
PALM COAST PROPERTY MANAGEMENT
7 FLORIDA PARK DRIVE NORTH
PALM COAST, FL 32137

STEVEN A. NISBET, ESQUIRE
ATTORNEY FOR UNITED STATES OF AMERICA
400 NORTH TAMPA STREET
PARK TOWER: SUITE 3200
TAMPA, FL 33602

07-91230 HCNW

4