**Exhibit 5-3**



FLEISCHER, FLEISCHER & SUGLIA
BRIAN M. FLEISCHER, ESQUIRE
NICOLA G. SUGLIA, ESQUIRE
CELESTE FIORE, ESQUIRE
Plaza 100 at Main Street, Suite 208
Voorhees, NJ 08043
(856) 489-8977

**Attorneys for Plaintiff**

| | |
|---|---|
| GMAC Mortgage, LLC | : SUPERIOR COURT OF NEW JERSEY |
| | : PASSAIC COUNTY—CHANCERY DIVISION |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : DOCKET NO.: F-37098-08 |
| | : |
| Karen Barel, et al. | : |
| Defendants. | : |
| | : **ORDER** |

THIS MATTER having come before this Honorable Court on Motion of Brian M. Fleischer, Esquire, Attorney for the Plaintiff, GMAC Mortgage, LLC, for an Order granting Summary Judgment for the relief demanded in the Complaint and striking Defendants' Answer and Counterclaims and the Court having reviewed the moving papers and any papers filed in response thereto, having heard oral argument, if any, and for good cause shown: ✱

IT IS on this _10_ day of _December_, 2012,

**ORDERED AND ADJUDGED** that the Answer filed by Defendants in response to Plaintiff's Complaint is hereby stricken;

**IT IS FURTHER ORDERED** that Defendants' Counterclaims are dismissed with prejudice;

**IT IS FURTHER ORDERED** that this case is hereby remanded to the Office of Foreclosure to proceed as an uncontested matter for entry of final judgment; and

✱ For the reasons set forth on the record on 12/7/12 and attached letter to the parties.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all parties within __7__ days of receipt of this Order.

_____ J.S.C.

Papers filed with the Court:

( ) Answering Papers

( ) Reply Papers

The within Notice of Motion was:

( ) Opposed

( ) Unopposed



# SUPERIOR COURT OF NEW JERSEY
## PASSAIC VICINAGE

**Margaret Mary McVeigh, PJ.Ch.**
Presiding Judge, General Equity

COURTHOUSE
71 Hamilton Street, Chambers 100
Court Room 134
Paterson, New Jersey 07505 -2018

Nicola G. Suglia, Esq.
Fleischer, Fleischer, & Suglia
Plaza 100 at Main Street, Suite 208
Voorhees, NJ 08043

Ariel Barel, Sui Juris
114 Warbler Drive
Wayne, NJ 07470

December 10, 2012

Re:   GMAC Mortgage, LLC v. Barel
Docket No.: F-37098-08

Dear Messrs Suglia and Barel:

    This matter was opened to the Court by Counsel for Plaintiff, Nicholas Suglia, Esq. upon a Motion for Summary Judgment. Defendant Ariel Barel filed a timely opposition to the Motion. Under New Jersey law, where there is proof of execution, recording, and non-payment of the note and mortgage, a mortgagee has established a *prima facie* right to foreclose. Thorpe v. Floremoore Corp., 20 N.J. Super. 34 (App. Div. 1952). In this case, Plaintiff had previously provided a certification by an authorized agent of Plaintiff showing Defendants' execution, recordation, and nonpayment of the Note. Therefore, Plaintiff had established its prima facie right to foreclose.

    However, when this motion was first brought before the Court on August 10, 2012, Plaintiff had not provided documentation that a proper Notice of Intent to Foreclose was served in compliance with the Fair Foreclosure Act. Therefore, this Court denied Plaintiff's Motion for Summary Judgment without prejudice so to allow Plaintiff to provide proof of a valid NOI in order to proceed with Summary Judgment. Defendant continues to argue that the corrective NOI that Plaintiff served upon him on August 14, 2012 is deficient because the NOI names the servicer GMAC Mortgage LLC rather than the lender as required by the Fair Foreclosure Act. *See N.J.S.A.* 2A:50-56. Defendant's contention is that the omission of the lender's identity from the NOI is fatal to the foreclosure complaint. However, under the FFA, a residential mortgage

lender is defined as "any person, corporation, or other entity which makes or holds a residential mortgage, and any person, corporation, or other entity to which such residential mortgage is assigned." *N.J.S.A.* 2A:50-55. The mortgage in this case was in fact assigned to GMAC Mortgage on September 19, 2008. Moreover, the corrective NOI issued to Defendant on August 14, 2012 cites Plaintiff as the holder of the mortgage. Accordingly, Plaintiff has established its compliance with the Fair Foreclosure Act and this Court shall grant Plaintiff's Motion for Summary Judgment.

Very truly yours,

Margaret Mary McVeigh, P.J. Ch.