**Exhibit 5-5**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL E. BOYD,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>GMAC MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 TO 100,<br><br>　　　　　　Defendants. | Case No.: 11-05018-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Re: Docket Nos. 58, 60)** |

　　　　Plaintiff Michael E. Boyd ("Boyd"), appearing *pro se*, asserts causes of action against Defendants GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-100 (collectively "Defendants"). Defendants move to dismiss Boyd's First Amended Complaint ("FAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Having considered the arguments and evidence presented, the court GRANTS the Defendants' motion to dismiss Boyd's FAC. Because it is clear that amendment cannot save Boyd's claims, the dismissal is with prejudice. Boyd's motion for procedural relief also is DENIED as moot.

1

Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. BACKGROUND

On October 11, 2011, Boyd filed the instant complaint against Defendants. On November 9, 2011, Defendants moved to dismiss the complaint, and on December 5, 2011, this court granted Defendants' motion with leave to amend. On May 22, 2012, Boyd filed his FAC, and on June 25, 2012, Defendants moved to dismiss Boyd's FAC. Boyd failed to timely respond, and on July 12, 2012, Boyd filed a motion for procedural relief from the July 9, 2012 filing deadline for an opposition to Defendants' motion to dismiss.

As was the case with Boyd's original complaint, the court extracts these allegations with some difficulty because Boyd's complaint does not set forth particular allegations as individual causes of action. The court reads Boyd's FAC as essentially alleging the same set of facts as in his original complaint, but including the new allegation that Defendants' actions were in breach of Boyd and his wife's Joint Living Trust.[1] Because the court's previous order granting Defendants' motion to dismiss Boyd's original complaint included an exhaustive background and discussion of Boyd's original claims for alleged incomplete reconveyance, unconscionablity, and Defendants' authority to foreclose,[2] the court will not address these claims again, and adopts the reasoning of its previous order.[3] At issue here is whether the additional Joint Living Trust claim in Boyd's FAC can save Boyd's complaint from dismissal. As is discussed in greater detail below, it does not.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[5] A claim is facially plausible "when the pleaded factual content allows the court to

---

[1] *See generally* Docket No. 52 (Pl.'s FAC).

[2] *See generally* Docket No. 32 (Order Granting Defs.' Mot. to Dismiss).

[3] Boyd's FAC omits much of this language, and is replaced by allegations that Defendants breached Boyd's Joint Living Trust.

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2
Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

1 draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]
2 Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged
3 in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of
4 sufficient facts alleged under a cognizable legal theory."[7]

5      On a motion to dismiss, the court must accept all material allegations in the complaint as
6 true and construe them in the light most favorable to the non-moving party.[8] The court's review is
7 limited to the face of the complaint, materials incorporated into the complaint by reference, and
8 matters of which the court may take judicial notice.[9] However, the Court need not accept as true
9 allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[10]
10 "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the
11 complaint could not be saved by amendment."[11]

12 **III.    DISCUSSION**

13      Boyd alleges that GMAC and MERS violated the UCL because Boyd's property was part
14 of a Joint Living Trust, and due to this alleged fact Boyd makes the conclusory allegation that he
15 did not have the authority to execute loan agreements and that the agreements therefore are void.[12]
16 Boyd's FAC alleges that Defendants, specifically GMAC and MERS, "breach[ed] said 'Joint
17 Living Trust' through the use of standard form loans and promissory notes . . . signed by Plaintiff
18 in and about January 2007." This allegation is made throughout Boyd's FAC,[13] but this is clearly

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[7] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[8] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[9] *See id.* at 1061.

[10] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[11] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

[12] *See generally* Docket No. 52 (Pl.'s FAC).

[13] *Compare* Docket No. 52 (Pl.'s FAC) *with* Docket No. 1 (Pl.'s Compl.). Boyd's FAC for the first time also includes a chart and summary titled "12 Steps of Bank Fraud." *See id.* at 3-7.

3

Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**United States District Court**
For the Northern District of California

1  not the law.[14] GMAC and MERS were not parties to the trust. If that were not enough, Boyd

2  acknowledges that he was the Joint Living Trust's trustee at the time he executed the loan

3  agreements.[15] The net result is that Boyd's FAC fails to state a claim for relief and cannot survive

4  Rule 12(b)(6).

## IV.   CONCLUSION

The court GRANTS Defendants' motion to dismiss Boyd's FAC. Because it is clear that amendment cannot not save Boyd's FAC, the court's grant of dismissal is with prejudice. Because Boyd's motion for procedural relief is now moot, this motion too is DENIED.

**IT IS SO ORDERED.**

Dated:  August 22, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See, e.g.*, *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").

[15] *See* Docket No. 52 (Pl.'s FAC) at 10.

4

Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

FILED

**NOT FOR PUBLICATION**

AUG 22 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL E. BOYD,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>GMAC MORTGAGE LLC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SERVICES, INC.,<br><br>        Defendants - Appellees. | No. 12-17434<br><br>D.C. No. 5:11-cv-05018-PSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted August 13, 2014[***]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Michael E. Boyd appeals pro se from the district court's judgment

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging various claims concerning two mortgage loan agreements. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Boyd's quiet title claim because Boyd stopped making payments on his loans, was not released of his obligations under the loans, and Boyd's deeds of trust authorized defendant to initiate foreclosures. *See* Cal. Civ. Code § 2924(a)(1); *see also Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 823-24 (Ct. App. 2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized").

The district court properly dismissed Boyd's claims related to two contracts as time-barred because the claims accrued in December 2006 and January 2007 when the contracts were formed, and Boyd did not file his original complaint until October 2011. *See* Cal. Civ. Proc. Code § 337 (setting forth four year limitations period).

The district court properly dismissed Boyd's claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200,

because Boyd failed to allege sufficient facts to state a plausible UCL claim on the basis of a living trust agreement between Boyd and his spouse. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").

Dismissal of Boyd's due process claims was proper because nonjudicial foreclosure proceedings do not violate due process. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094-95 (9th Cir. 2003) (nonjudicial foreclosure was not state action and therefore did not implicate due process); *Garfinkle v. Superior Court*, 578 P.2d 925, 934 (Cal. 1978) ("[N]onjudicial foreclosure of a deed of trust constitutes private action authorized by contract and does not come within the scope of the California due process clause.").

Because Boyd did not file a motion pursuant to Fed. R. Civ. P. 7(b) with the lis pendens filed with his complaint, the district court did not err in taking no action on Boyd's lis pendens, and even assuming a proper motion had been filed, there was no pending cause of action which would affect title to specific real property. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *see also* Cal. Civ. Proc. Code § 405.4 (defining "real property claim"); Cal. Civ. Proc. Code § 405.21 (a pro se litigant must seek court approval in order to record a lis pendens); *Kirkeby v. Superior Court*, 93 P.3d 395, 398-99 (Cal.

2004) (courts must assess whether the pleading alleges a real property claim).

Boyd's appeal of the denial of his motions for injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary relief would have no practical consequences, and the issue is therefore moot).

The district court properly denied both Boyd's motion for procedural relief and his attempt to remove this action to the bankruptcy court, and appropriately considered his allegations and applied the correct standard for dismissal under Fed. R. Civ. P. 12(b)(6).

We do not consider arguments raised for the first time on appeal, including Boyd's arguments concerning a First Amendment right to a court of one's choosing. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**