MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel to the ResCap Borrower*
 *Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THE RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S SEVENTIETH OBJECTION TO CLAIMS (RES JUDICATA BORROWER CLAIMS) WITH REGARD TO CLAIM 4413 FILED BY RAMON QUIROZ**

ny-1158095

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1
JURISDICTION ..............................................................................................................................2
CLAIM RELATED BACKGROUND............................................................................................2
LEGAL ARGUMENT ....................................................................................................................5
A. Res Judicata and Rooker-Feldman .......................................................................................5
B. Negligence .............................................................................................................................8
C. Whether Negligence Claim is Barred by the Statute of Limitations .....................................9
CONCLUSION ..............................................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Colman & Co. Secs., Inc. v. Giaquinto Family Trust,
  236 F. Supp. 2d 288 (S.D.N.Y. 2002) ...................................................................................10

Hoblock v. Albany Cnty. Bd. Of Elections,
  422 F.3d 77 (2d Cir. 2005) .......................................................................................................7

In re Hunter,
  827 N.E. 2d 269 (N.Y. 2005) ................................................................................................5, 6

Kremer v. Chem. Constr. Corp.,
  456 U.S. 461 (1982) .................................................................................................................5

La Russo v. St. George's Univ. Sch. of Med.,
  936 F. Supp. 2d 288 (S.D.N.Y. 2013), aff'd, 747 F. 3d 90 (2d Cir. 2014) .............................10

Mfrs. Hanover Trust Co. v. Yanakas,
  7 F.3d 310 (2d Cir. 1993) .........................................................................................................9

New Horizon Investors, Inc., v. Marine Midland Bank, N.A.,
  669 N.Y.S. 2d 666 (N.Y. App. Div. 1998) ...............................................................................7

Pharr v. Evergreen Garden, Inc.,
  123 Fed. Appx 420 (2d Cir. 2005) ............................................................................................6

Solomon v. City of New York,
  489 N.E. 2d 1294 (N.Y. 1985) ..................................................................................................9

Sullivan v. Gagnier,
  225 F.3d 161 (2d Cir. 2000) .....................................................................................................5

Yardeny v. Jordan,
  988 N.Y.S. 2d 658 (App. Div., 2d 2014) ..................................................................................7

**STATUTES**

N.Y.C.P.L.R. §§ 214(4) and (5) ....................................................................................................10

N.Y.C.P.L.R. § 205 .......................................................................................................................10

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this supplemental brief (the "Brief") in further support of the *ResCap Borrower Claims Trust's Seventieth Omnibus Objection to Claims (Res Judicata Borrower Claims)* [Docket No. 7222] (the "Objection") and the *ResCap Borrower Claims Trust's Reply in Support of its Seventieth Omnibus Objection to Clams (Res Judicata Borrower Claims)* [Docket 7480] (the "Reply"). In support of the Brief, the Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1.    In a prior litigation between the Debtors and Mr. Ramon Quiroz (the "Respondent"), the U.S. District Court for the Eastern District of New York, based on a Report and Recommendation of Magistrate Judge Joan M. Azrack (the "Report and Recommendation"), dismissed with prejudice a complaint filed by the Respondent against the Debtors asserting claims nearly identical to those before this Court, but did not exercise its supplemental jurisdiction over what has become known as the "negligence" claim. During the preliminary hearing on the Objection, this Court directed the Parties to submit supplemental briefing responding to the following three questions related to the District Court complaint: (1) whether the Respondent's "negligence claim" is barred by the doctrines of res judicata or Rooker-Feldman as a result of a previous state court decision; (2) whether the Respondent states a claim for negligence in the proof of claim; and (3) whether a claim for negligence would be barred by the applicable statute of limitations. See Transcript of Hearing at 16-17, In re Residential Capital, LLC, No. 12-12020 (Bankr. S.D.N.Y. Aug. 26, 2014) [Docket No. 7497].

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection or Reply, as applicable.

ny-1158095

2. To the first question, the claims for physical and psychological impairment are barred by res judicata because they are merely allegations of damages related to the foreclosure on the Respondent's property.  Since the New York state court found that the mortgage was valid when it granted the foreclosure, the Respondent is barred by the doctrine of res judicata from raising this issue in his proof of claim.  Additionally, because the Court would need to find the underlying mortgage contract invalid in order to find the Debtors estates' are liable for the alleged damages, the Respondent is improperly seeking another review (and reversal) of the foreclosure action, which is barred by the Rooker-Feldman doctrine.

3. With regard to the second question, even if the claim for negligence was not precluded from being heard by the Court, the Respondent has not stated a claim for negligence because he did not allege any of the requisite elements necessary to support a negligence cause of action.

4. As to the Court's third question, because a cause of action for negligence (if any) arguably accrued when the applicable loan documents were executed, Respondent's "negligence cause of action" would be timed barred by the three year statute of limitations imposed by New York law. The loan documents were executed almost five years prior to the filing of the District Court Action.

## JURISDICTION

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## CLAIM RELATED BACKGROUND

6. On or around July 8, 2005, the Respondent, through a note executed by Helen and Jessica Quiroz, the Respondent's wife and daughter (collectively, Ramon Quiroz, Helen Quiroz,

2

ny-1158095

and Jessica Quiroz are referred to herein as the "Quiroz Family"), refinanced the mortgage on the property at issue, obtaining a mortgage of $522,000 (the "Loan") from New Century Mortgage Corporation ("New Century"). See Note, attached hereto as Exhibit 1. The Mortgage specified that an adjustable interest rate applied, with an initial interest rate of 5.5% that could be adjusted monthly and was calculated by adding 5.55% to the LIBOR rate. See id. The interest rate increased to 7% in 2007. See Report and Recommendation, attached hereto as Exhibit 2, at p. 5.

7. New Century sold the Loan to Debtor Residential Funding Company ("RFC") and the Loan was securitized and U.S. Bank N.A. ("U.S. Bank") was appointed as trustee. See Note.

8. On October 8, 2007, U.S. Bank initiated a foreclosure action (the "Foreclosure Action") in New York State Supreme Court, Queens County (the "State Court") against Helen Quiroz and Jessica Quiroz. See Report and Recommendation p. 5. Helen Quiroz and Jessica Quiroz did not respond, and the State Court ordered that the property be foreclosed upon and sold (the "Foreclosure Order"). See id. Copies of the Foreclosure Order and Complaint are attached hereto as Exhibit 3. Helen Quiroz and Jessica Quiroz contested the Order, and the New York Court of Appeals declined review on May 6, 2010. See Report and Recommendation pp. 5-6.

9. While the Foreclosure Order was being contested, Helen Quiroz and Jessica Quiroz initiated a second action in the State Court (the "State Court Action"), which alleged numerous causes of action including state-law fraud and contract claims. See Report and Recommendation p. 6. Pursuant to an order dated July 9, 2009, the State Court dismissed the State Court Action on grounds that it was barred by the doctrine of res judicata (the "State Court Order"), concluding that the Foreclosure Order was a final adjudication of all claims arising from

3

the mortgage transaction.  See id. A copy of the State Court Order is attached hereto as Exhibit 4.

10. On or about June 1, 2010, the Quiroz Family filed a complaint (the "District Court Complaint") in the Eastern District of New York, (the "District Court") against GMACM and Homecomings and non-Debtors U.S. Bank National Association as Trustee, New Century Mortgage Corp., and Steven J Baum, P.C., styled *Quiroz et al v. U.S. Bank National Association et al*, Case No. 10-cv-02485 (the "Quiroz Action").  See District Court Complaint, attached hereto as Exhibit 5.  The District Court Complaint contained various causes of action, including fraud (the "Fraud Claim"). The Fraud Claim is based on allegations that the Debtors fraudulently induced the Respondent to enter into the mortgage contract. The Debtors filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 2, 2010.  See Reply ¶ 6.

11. The District Court referred the motions to Magistrate Judge Joan M. Azrack, who issued the Report and Recommendation on May 16, 2011 recommending that the Debtors' motion to dismiss be granted.  The District Court largely adopted the Report and Recommendation on August 8, 2011 and dismissed the District Court Complaint with prejudice (the "District Court Order").  See Reply ¶ 7.[2]

12. On or about November 8, 2012, Respondent filed a proof of claim against GMACM and Homecomings, designated as Claim No. 4413 (the "Proof of Claim" or the "Claim") asserting a general unsecured claim in the amount of $522,000.00.[3]  See Proof of Claim, attached hereto as Exhibit 6.  The Respondent does not list a basis for his claim in box 2

---

[2] The District Court refused to exercise supplemental jurisdiction over a claim that the Report and Recommendation identified as a negligence claim.
[3] The Proof of Claim lists $72,000.00 plus interest as the amount of the claim as of the date filed, but lists $522,000 in the amount of the claim that is unsecured and $72,000 entitled to priority as a domestic support obligation. The Claim is listed as a $522,000 unsecured claim on the Claim Register.

4

of the Proof of Claim; however, attached to the Proof of Claim are the same exhibits that were attached to the District Court Complaint. Additionally, in the Diligence Response, the Respondent references an April 25, 2013 Second Circuit Opinion, which construed the Respondent's motion for summary judgment as a motion for summary reversal of the district court's order. See Reply ¶ 12.

13. On July 2, 2014, the Borrower Trust filed the Objection, objecting to certain Borrower Claims, including the claim filed by Respondent, on the basis that such claims were barred by the doctrine of res judicata. On September 4, 2014, the Borrower Trust filed the Reply, which further addressed the basis for objecting to the Claim.

14. On September 8, 2014, the Court held a hearing on the Objection and asked the Borrower Trust to submit a supplemental brief on three points: (1) whether the Respondent's "negligence claim" is barred by the doctrines of res judicata or Rooker-Feldman as a result of the state court decision; (2) whether the Respondent states a claim for negligence in the District Court Complaint; and (3) whether a claim for negligence would be barred by the applicable statute of limitations.

## LEGAL ARGUMENT

*A. Res Judicata and Rooker-Feldman*

15. A federal court looks to state law in deciding the res judicata (or claim preclusive) effect of a state court judgment. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-482 (1982); see also Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000). Under New York law, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." In re Hunter, 827 N.E. 2d 269, 274 (N.Y. 2005). New York operates under the transaction analysis, meaning that "once a claim is brought to a final conclusion, all other claims arising out the same transaction or series of transactions are

barred, even if based upon different theories or if seeking a different remedy." See id (citation omitted).

16. In looking at the (1) identity of parties, (2) identity of the cause of action, and (3) existence of a prior final judgment on the merits as such relate to the District Court Complaint and the Proof of Claim, each element of res judicata has been satisfied.

17. Privity includes "those who are successors to a property interest, those who control an action although not formal parties to it, and those whose interest are represented by a party to the action, and possibly coparties to a prior action." Pharr v. Evergreen Garden, Inc., 123 Fed. Appx 420, 424 (2d Cir. 2005) (quoting Watts v. Swiss Bank Corp., 265 N.E. 2d 739, 743 (N.Y. 1970)). While Respondent was not party to the opposition to the Foreclosure Action, his wife and daughter were, and he apparently lived with them in the property at issue. As a result, the Respondent had an identical interest in preventing foreclosure as his wife and daughter, and they represented his interests in the Foreclosure Action. Therefore, privity is established.

18. There is also identity of cause of action. In the District Court Complaint, the Respondent makes allegations of "serious physical and psychological harm," which are pled as part of the "third cause of action," the cause of action alleging the Fraud Claim. The Report and Recommendation characterize this as "presumably a common law negligence claim." See Report and Recommendation, p. 17. These allegations are an assertion of damages caused by the alleged fraud and/or negligence. In either case, these purported damages arise out of the same transaction that was at issue in the Foreclosure Action – namely, the Loan. Since the Fraud Claim is a challenge to the validity of the Loan, and whether various defendants failed to disclose the material terms of said agreement, it also relates to the validity of the foreclosure.

"[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded." New Horizon Investors, Inc., v. Marine Midland Bank, N.A., 669 N.Y.S. 2d 666, 667 (N.Y. App. Div. 1998) (citation omitted).  As a result, the physical and psychological harm alleged as part of the Fraud Claim (whether sounding in fraud or negligence) could and should have been raised during the foreclosure proceeding, and is now barred by res judicata.

19.     The third prong, that the judgment was a final judgment on the merits, is also met. While the Foreclosure Order was a default order, this does not impact its res judicata effect.  See Yardeny v. Jordan, 988 N.Y.S. 2d 658 (App. Div., 2d 2014) (res judicata is applicable to an order or judgment entered upon default that has not been vacated, as well as to issues that were or could have been raised in the prior proceeding).  Since the Foreclosure Order was not vacated, it is a final judgment for purposes of res judicata.  Therefore, the allegations of physical and psychological impairment, assuming arguendo that they do in fact state a cause of action for negligence, that are part of the Fraud Claim in the District Court Complaint are barred by res judicata.

20.     In addition, the negligence claim is also barred by the Rooker-Feldman Doctrine. In the Second Circuit, "there are four requirements that must be met for Rooker-Feldman to apply.  First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock v. Albany Cnty. Bd. Of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (citation omitted). Here, the first prong is met as the

7

Respondent lost in both the Foreclosure Action and the State Court Action. The second prong is also met because the Foreclosure Order was the event granting foreclosure (as an order of foreclosure was received before the foreclosure on the property occurred) and therefore, any injuries allegedly resulting from the foreclosure were purportedly caused by the entry of the Foreclosure Order. The third prong is met because, as noted above, in order for the Respondent to succeed on the negligence claim, he is requesting that this Court find that the underlying contract allowing the Debtors to foreclose was fraudulent or arguably executed in breach of some existing duty and therefore invalid.[4] However, a determination that the Debtors fraudulently induced the contract or that the conduct amounted to negligence would result in the mortgage being void, which would go against the Foreclosure Order allowing U.S. Bank to foreclose as the rightful holder of the mortgage being foreclosed upon. See Foreclosure Order and Complaint. The fourth prong is also met, as the Foreclosure Order and State Court Order were both rendered prior to the Claim being filed. Therefore, as a claim for fraud or negligence arises from the same set of operative facts related to the previously adjudicated Foreclosure Action, these assertions of damages are barred by the Rooker-Feldman Doctrine.

*B. Negligence*

21.    Even if the allegations of physical and psychological impairment could be construed as an attempt to state a claim for negligence and this Court was not precluded from adjudicating the claim, the Respondent has not properly substantiated the elements of such a claim. In order to establish a claim under New York law, a plaintiff must demonstrate (1) a duty

---

[4] In a prior decision evaluating the Rooker-Feldman Doctrine, the Court distinguished between allegations regarding the conduct involved in obtaining the foreclosure order and the injury caused by the foreclosure order itself. See *Memorandum Opinion Granting Motion to Dismiss in Part with Prejudice and in Part without Prejudice*, Wilson v. Residential Capital, LLC, Case No. 12-01936 (MG) (Bankr. S.D.N.Y. July 7, 2014), ECF No. 62. However, here, although not appropriately pled, the allegations of fraud or negligence do not relate to the conduct involved in obtaining the Foreclosure Order; rather, allegations concerning the validity of the note are an attack on the Foreclosure Order.

owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom. See Solomon v. City of New York, 489 N.E. 2d 1294, 1294 (N.Y. 1985). Here, the District Court Complaint does not even attempt to state a cause of action for negligence. It is only through the most liberal reading of the District Court Complaint (as was done by the Magistrate Judge in the Report and Recommendation) that a cause of action for negligence can be inferred. Nevertheless, even assuming Respondent both intended and attempted to state a cause of action for negligence, he has failed to demonstrate every element necessary to establish a claim. Mr. Quiroz has failed to allege that the Debtors owed him a duty, and under New York law, there is no fiduciary relationship between a lender and a borrower under usual circumstances. See Mfrs. Hanover Trust Co. v. Yanakas, 7 F.3d 310 (2d Cir. 1993) (there is no fiduciary relationship between a bank and its borrowers unless the relationship is one of confidence or the bank assumes control and responsibility over the borrower). Moreover, in this case, no debtor entity originated the Loan. In addition, there is no allegation in the District Court Complaint that a fiduciary duty exists, let alone that his relationship with the Debtors was different from a typical lender/borrower relationship. See District Court Complaint at ¶¶ 27-34, see also Report and Recommendation p. 17. Furthermore, the District Court Complaint is devoid of allegations that the Debtors breached a duty and that the breach caused the alleged injury. See id. As a result, the Respondent has not established a cause of action for negligence under New York law.

*C. Whether Negligence Claim is Barred by the Statute of Limitations*

22.     If the Court finds that the Respondent properly stated a claim for negligence in the District Court Complaint, whether the action is barred by the applicable statute of limitations depends on when the injury first occurred. In New York, the applicable statute of limitations for

9

ny-1158095

a negligence claim is three years.  See N.Y.C.P.L.R. §§ 214(4) and (5).  See La Russo v. St. George's Univ. Sch. of Med., 936 F. Supp. 2d 288 (S.D.N.Y. 2013), aff'd, 747 F. 3d 90 (2d Cir. 2014) (applying New York law).  "A negligence claim accrues on the date of injury, that is, when the cause of action is "complete" and a plaintiff may plead all the required elements."  Colman & Co. Secs., Inc. v. Giaquinto Family Trust, 236 F. Supp. 2d 288, 299 (S.D.N.Y. 2002) (applying New York law).  Here, arguably, the alleged injury first occurred when the Note, containing the adjustable rate component contested by the Respondent, was executed in July of 2005, as it was at this point that Helen Quiroz and Jessica Quiroz assumed liability for the payments under the variable interest rate.  At that point, the Respondent would have been able to plead all the required elements of the negligence claim.   Because the Loan was executed more than seven years prior to the Respondent filing the Claim, and five years before the Respondent filed the District Court Complaint, it would be barred by the statute of limitations.

23.    The Borrower Trust acknowledges that if the Court finds that the injury first occurred at the time of the first interest rate increase in August of 2007 or when the foreclosure occurred on April 17, 2008, then the Respondent timely filed the District Court Complaint within three years of the injury occurring, and the District Court Complaint likely tolled the statute of limitations.  See N.Y. C.P.L.R. § 205. [5]

## CONCLUSION

24.    The Borrower Trust submits that the Respondent does not state a valid claim for negligence in the District Court Complaint.  However, even if the Court disagrees with the Borrower Trust, the negligence claim is barred by the doctrines of res judicata and Rooker-

---

[5] N.Y.C.P.L.R. § 205 provides that if an action is timely commenced and is terminated in a manner other than by voluntary discontinuance, failure to obtain personal jurisdiction, or a final judgment on the merits, then the plaintiff may commence a new action on the same transaction or occurrence within six months after the termination of the previous transaction.

10

ny-1158095

Feldman. Additionally, if the Court determines that the injury first occurred when the Note was executed, the Claim is also barred by the Statute of Limitations. As a result, the Respondent does not have a valid legal basis for the liability of the Debtors to him.

25. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

Dated: September 19, 2014  
      New York, New York

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Jessica J. Arett  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the ResCap Borrower Claims Trust*

11

ny-1158095