# Exhibit 3

## Foreclosure Order and Complaint

At an I.A.S. Part- 6 of the Supreme Court held in the County of QUEENS, at the County Courthouse thereof, located at 88-11 Sutphin Boulevard, Jamaica, New York, 11435, on the 17 day of April, 2008.

DATE April

PRESENT: HON. LAWRENCE V. CULLEN
JUSTICE OF THE SUPREME COURT

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS
-----------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE
9350 Waxie Way
San Diego, CA 92123

     Plaintiff,

vs.

JESSICA ANGEL QUIROZ, HELEN QUIROZ,
LVNV FUNDING, LLC, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE
FOR AEGIS FUNDING D/B/A AEGIS HOME
EQUITY, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU, ROSE KAZANE

     Defendant(s).
-----------------------------------------------------------X

**JUDGMENT OF FORECLOSURE AND SALE**

INDEX NO.: 25117/07

Mortgaged Premises:
8937 METROPOLITAN AVENUE
REGO PARK, NY 11374

SBL #:
Block: 3176 Lot: 13

QUEENS COUNTY CLERK
FILED RECORDED
2008 APR 28 AM 8:23

ON the Summons, Complaint and Notice of Pendency of Action duly filed in this action in the Office of the County Clerk of the County of QUEENS on the 9th day of October, 2007, and all proceedings had thereon; and upon reading and filing the Affirmation of Regularity of Steven J. Baum, P.C., by Heather A. Johnson, Esq., dated the 17th day of January, 2008, with exhibits annexed, showing that all of the Defendants herein have been duly served within this State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; and that none of the Defendants has served an Answer to said Complaint, nor has their time to do so been extended and upon the attached affidavit of mailing reflecting compliance with CPLR § 3215(g)(3)(iii) and

ON the Order of Reference dated the 28th day of January, 2008 appointing FREDERIC P. SZOSTEK ESQ., as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agents under oath as to the allegations contained in the Complaint and to examine and report whether the mortgaged

1

12-12020-mg Doc 7562-3 Filed 09/19/14 Entered 09/19/14 16:00:49 Exhibit 3 -
Foreclosure Order and Complaint    Pg 3 of 20

2007/25117 JUDGMENT OF FORECLOSURE AND SALE (Judgment for)
Case 1:12-cv-04858-CBA-RMA   Document 34-5   Filed 09/28/15   Page 2 of 9 PageID #: 351

premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated the 21st day of February, 2008, it appears that the sum of $537,010.83 was due the Plaintiff, as of the 3rd day of December, 2007, plus a per diem interest for every day thereafter, on the date of said report and that the mortgaged premises should be sold in one parcel,

NOW, upon motion of Steven J. Baum, P.C., the attorney(s) for the Plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the motion is granted, without opposition, and it is further

ORDERED, ADJUDGED AND DECREED, that the report of Frederic P. Szostek Esq, Esq., dated the 21st day of February, 2008, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises, described in the Complaint in this action, and hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction **at the Queens County Courthouse in Courtroom # 25 on a Friday at 11:00 A.M 88-11 Sutphin Boulevard, Jamaica, New York** by and under the direction of <u>FREDERIC P. SZOSTEK ESQ.</u>, who is hereby appointed Referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practice of this Court and R.P.A.P.L. sec. 231 in _the National Herald 37-10 30 St Astoria NY 11101_ and that the Plaintiff or any other party to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such a sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee, upon receiving the proceeds of the sale, _including all transfer taxes_ shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or

2

2007/25117 JUDGMENT OF FORECLOSURE AND SALE
Case 12-12020-mg Doc 7562-3 Filed 09/28/10 Page 3 of 9 PageID #: 352
Foreclosure Order and Complaint    Pg 4 of 20

penalties which may have lawfully have accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in STERLING NATIONAL BANK, 80-04 SUTPHIN BLVD., JAMAICA, NY 11435, and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository:

FIRST: The statutory fees of said Referee in the sum of $500.00.

SECOND: The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

THIRD: Said Referee shall also pay to the Plaintiff or Plaintiff's attorney, the sum of $1,805.00 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $0.00 hereby awarded to the Plaintiff in addition to costs, with interest thereon from the date hereof, and also the sum of $537,010.83 the said amount so reported due as aforesaid, together with interest thereon from the 3rd day of December, 2007 the date interest was calculated to in said report, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, upon presentation of receipts for said expenditures to the Referee, together with $1,800.00 hereby awarded to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage.

FOURTH: If such Referee intends to apply for a further allowance for his/her fee, he/she may leave upon deposit of such amount as will cover such additional allowance, to await the further order of the Court thereon, after application duly made upon due notice to those parties entitled thereof.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said and the terms of sale under this judgment shall be assigned to and be acquired by

3

Case 1:13-cv-08485-KAM-SMG Document 34-5 Filed 09/19/14 Entered 09/19/14 16:00:49 Exhibit 3
Case 12-12020-mg Doc 7562-3 Filed 09/25/14 Page 4 of 9 PageID #: 353
Foreclosure Order and Complaint    Pg 5 of 20

the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount as specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

That said Referee take the receipt of the Plaintiff, or attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order by the Court, signed by a Justice of the Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in his/her report of sale; that the Plaintiff shall recover from the Defendant(s), JESSICA ANGEL QUIROZ, HELEN QUIROZ the whole deficiency or so much thereof as this Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and

4

Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession of the premises on production or delivery of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendant(s) in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violation of same; any rights of tenants or persons in possession of the subject premises; prior liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referree shall notify the Appointing Judge forthwith; and it is further

ORDERED, ADJUDGED AND DECREED, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Said premises commonly known as 8937 METROPOLITAN AVENUE, REGO PARK, NY 11374. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

ENTER:

_____
HON. LAWRENCE V. CULLEN
Justice of the Supreme Court

Loan No.: 7439868738

_____
CLERK

QUEENS COUNTY CLERK
FILED
RECORDED
2009 APR 28 AM 8:23

6

Case 1:14-cv-02498-KAM-JMA Document 34-5 Filed 09/25/15 Page 7 of 9 PageID #: 356
Case 12-12020-mg Doc 7562-3 Filed 09/19/14 Entered 09/19/14 16:00:49 Exhibit 2 -
Foreclosure Order and Complaint   Pg 8 of 20
2007/25117 JUDGMENT - FORECLOSURE AND SALE - KANAPKA

## PRIME TITLE SEARCH, LLC

Title No. PT-28943-07 (File No. ▮▮▮▮8738)

### SCHEDULE A
### DESCRIPTION

**Block 3176 and Lot 13**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Second Ward of the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Williamsburgh and Jamaica Turnpike (now called Metropolitan Avenue), distant 306.47 feet Easterly from the corner formed by the intersection of the Northerly line of Metropolitan Avenue and the Southeasterly side of Cooper Avenue (old line);

RUNNING THENCE Northerly at right angles with Metropolitan Avenue, 100 feet;

THENCE Easterly parallel with said Metropolitan Avenue, 22 feet;

THENCE Southerly again at right angles with said Metropolitan Avenue and part of the distance through a party wall, 100 feet to the said Northerly side of Metropolitan Avenue;

THENCE Westerly along said Northerly side of Metropolitan Avenue, 22 feet to the point or place of BEGINNING.

**Premises known as 89-37 Metropolitan Avenue, Rego Park, New York**

12-12020-mg    Doc 7562-3    Filed 09/19/14    Entered 09/19/14 16:00:49    Exhibit 3
2007/25117 JUDGMENT - COSTS - MOSS CODILIA STAWIARSKI
Case 1:16-cv-02485-KAM-SMG    Document 34-5    Filed 05/28/18    Page 8 of 9 PageID #: 357
Foreclosure Order and Complaint    Pg 9 of 20

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS
-----------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE
9350 Waxie Way
San Diego, CA 92123

        Plaintiff,

vs.

JESSICA ANGEL QUIROZ, HELEN QUIROZ,
LVNV FUNDING, LLC, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE
FOR AEGIS FUNDING D/B/A AEGIS HOME
EQUITY, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU, ROSE
KAZANE,

        Defendant(s).
-----------------------------------------------------------X

**COSTS OF PLAINTIFF**

INDEX NO.: 25117/07

Mortgaged Premises:
8937 METROPOLITAN AVENUE
REGO PARK, NY 11374

SBL #:
Block: 3176 Lot: 13

WITHIN COSTS TAXED ~~ON~~ NOTICE
AT $ 1805.00

APR 28 2008

[signature]
COUNTY CLERK QUEENS COUNTY

## COSTS

| | |
|---|---|
| Costs before Note of Issue - CPLR §8201(1) . . . . . . . . . . . . | $200.00 |
| Allowance by statue - CPLR §8302(a) (b) . . . . . . . . . . . . . | |
|     First $200.00 at 10% . . . . . . . . . . . . . . . $20.00 | |
|     Next $800.00 at 5% . . . . . . . . . . . . . . . . $40.00 | |
|     Next $2000.00 at 2% . . . . . . . . . . . . . . . $40.00 | |
|     Next $5000.00 at 1% . . . . . . . . . . . . . . . $50.00 | |
| | $150.00 |
| Additional allowance - CPLR §8302(d) . . . . . . . . . . . . . . . | $50.00 |

## FEES AND DISBURSEMENTS

| | |
|---|---|
| Fee for index number - CPLR §8018(a) . . . . . . . . . . . . . . . | $210.00 |
| Referee's fee to compute, per order of the court - CPLR §8003(a) . | $50.00 |
| Paid for searches - CPLR §8301(a) (10) . . . . . . . . . . . . . . | $485.00 |
| Serving copy of Summons and Complaint - CPLR §8001(c)(1), §8301(d) | ~~$980.88~~ 440.— |
| Reproduction costs - CPLR §8301(a)(12) . . . . . . . . . . . . . . | $0.00 |
| Fees for publication of Summons - CPLR §8301(a)(3) . . . . . . . . | $0.00 |
| Certified copies of papers - CPLR §8301(a)(4) . . . . . . . . . . | $0.00 |
| Request for judicial intervention . . . . . . . . . . . . . . . . | $95.00 |
| Clerk's fee for filing of Notice of Pendency - CPLR §8018(e), §8021(12) | $35.00 |
| Skip trace fees . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
| Motion fees . . . . . . . . . . . . . . . . . . . . . . . . . . . | $90.00 |
| Note of Issue . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
|     Total . . . . . . . . . . . . . . . . | ~~$2,345.88~~ |
| | 1805.— |

```
Queens County Clerk's Office
Paym 1170504 03/13/2008 12:27p

Tr.1397392                         $45.00
Notice of motion/Cross Motion
25117/2007 U.S. BANK NATIONAL ASS

Total:                             $45.00

Check                              $45.00
```

Case 1:10-cv-02485-RAM-SMA Document 34-4 Filed 05/28/19 Page 1 of 10 PageID #: 340
12-12020-mg   Doc 7562-3   Filed 09/19/14   Entered 09/19/14 16:00:49   Exhibit 3 -
Foreclosure Order and Complaint   Pg 11 of 20

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS
-------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE
9350 Waxie Way
San Diego, CA 92123

    Plaintiff,

vs.

JESSICA ANGEL QUIROZ, HELEN QUIROZ,
LVNV FUNDING, LLC, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE
FOR AEGIS FUNDING D/B/A AEGIS HOME
EQUITY, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

    Defendant(s).
-------------------------------------------------------------X

**COMPLAINT**

INDEX NO.: 25117/07

Mortgaged Premises:
8937 METROPOLITAN AVENUE
REGO PARK, NY 11374

SBL #:
Block: 3176 Lot: 13

  The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

  FIRST: Plaintiff is a banking corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and the holder of the mortgage being foreclosed.

  SECOND: On or about the 8th day of July, 2005, HELEN QUIROZ and JESSICA ANGEL QUIROZ duly executed and delivered an adjustable rate note whereby HELEN QUIROZ and JESSICA ANGEL QUIROZ promised to pay the sum of $522,000.00 with interest on the unpaid balance of the debt.

  THIRD: That as security for the payment of said note JESSICA ANGEL QUIROZ and HELEN QUIROZ duly executed and delivered a mortgage in the amount of $522,000.00 which mortgage was recorded as follows and mortgage tax paid thereon:

  Recording Date: August 2, 2005
  Instrument Number: 2005000431463
  County (or City Register of): QUEENS

  The mortgage was subsequently assigned to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE by assignment.

  Said mortgage is to be assigned by an Assignment to be recorded in the Office of the Clerk of QUEENS County.

3

Case 1:10-cv-02485-RAM-SMA   Document 34-4   Filed 09/28/10   Page 2 of 10 PageID #: 341
12-12020-mg   Doc 7562-3   Filed 09/19/14   Entered 09/19/14 16:00:49   Exhibit 3 -
Foreclosure Order and Complaint    Pg 12 of 20

FOURTH: The mortgaged premises are commonly known as 8937 METROPOLITAN AVENUE, REGO PARK, NY 11374 and more fully described in "Schedule A" attached to this complaint. The tax map designation is known as all or part of SBL: Block: 3176 Lot: 13.

FIFTH: That the Defendant(s) HELEN QUIROZ and JESSICA ANGEL QUIROZ so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of July, 2007 as more fully set forth below. Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.

SIXTH: There is now due and owing on said mortgage the following amounts:

Principal balance: $522,000.00
Interest Rate: 5.5%
Date interest accrues from: June 1, 2007
Escrow balance: $2,527.93
Late charges: $204.45
Inspection fees: $22.50

Together with monies advanced for taxes, insurance, maintenance of premises and the costs, allowances and reasonable attorney's fees if permitted by the mortgage. The interest rate stated above may change in accordance with the adjustable rate feature of the note or loan agreement.

SEVENTH: In order to protect its security interest the Plaintiff or its agent has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums and other charges affecting the mortgaged premises. Plaintiff requests that any sums it or its agent has paid, together with interest, be included in the sum otherwise due as provided for and secured by the mortgage.

EIGHTH: Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or has been duly subordinated thereto. The reason for naming said defendants is set forth in "Schedule B" that is attached to this complaint.

NINTH: The reason for naming any governmental agency or instrumentalities of the Federal, State or local government (however designated), is set forth in "Schedule C" that is attached to this complaint.

TENTH: Upon information and belief the defendant(s) "John Doe" are occupants of the premises being foreclosed, or may be any persons, corporations or entities who claim, or may claim, a lien or other interest against the premises.

ELEVENTH: If applicable, the mortgage originated in compliance with Banking Law Sections 595-a and 6-1.

TWELFTH: Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises be sold subject to: any state of facts an inspection of the premises would disclose or an accurate survey of the premises would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of the same; any rights of tenants or persons in possession of the premises; any equity of redemption of the United States of America to redeem the premises within 120 days; prior mortgages and liens, if any. If the mortgage secures more than one parcel, Plaintiff requests the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness.

THIRTEENTH: There are no other actions or pending proceedings at law to collect or enforce the note and mortgage.

4

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:

1. Adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney's fees if provided for in the mortgage and any monies advanced and paid which are secured by the mortgage.
2. That the defendants and all persons claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises.
3. That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due as aforesaid, be decreed to be sold according to law subject to the provisions of paragraph "TWELFTH" of this complaint.
4. That out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts due on said note and mortgage, plus those items referenced in paragraph 1, above, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective payments, so far as the amount of such money properly applicable thereto will pay the same.
5. That either or any of the parties to this action may become a purchaser upon such sale.
6. That this court, if requested, forthwith appoint a receiver of the rents and profits of said premises with the usual powers and duties.
7. That the defendants referred to in paragraph "FIFTH" of this complaint and any original or subsequent obligors so named in this action, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy petition, or unless the Plaintiff is unable to produce a copy of the note, in which case no deficiency judgment will be sought.
8. In the event Plaintiff possesses any other liens against the premises, they shall not be merged with the same. Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of the subject premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein.
9. That the Plaintiff may have such other and further relief as may be just, equitable and proper.

Steven J. Baum, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway, Suite G
Amherst, New York 14228
Tel.: 716-204-2400

12-12020-mg    Doc 7562-3    Filed 09/19/14    Entered 09/19/14 16:00:49    Exhibit 3 -
Foreclosure Order and Complaint    Pg 14 of 20
Case 1:10-cv-02485-RAM-JMA    Document 34-4    Filed 09/28/10    Page 4 of 10 PageID #: 343

# PRIME TITLE SEARCH, LLC

Title No. PT-28943-07 (File No.: ███8738)

### SCHEDULE A
### DESCRIPTION

**Block 3176 and Lot 13**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Second Ward of the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Williamsburgh and Jamaica Turnpike (now called Metropolitan Avenue), distant 306.47 feet Easterly from the corner formed by the intersection of the Northerly line of Metropolitan Avenue and the Southeasterly side of Cooper Avenue (old line);

RUNNING THENCE Northerly at right angles with Metropolitan Avenue, 100 feet;

THENCE Easterly parallel with said Metropolitan Avenue, 22 feet;

THENCE Southerly again at right angles with said Metropolitan Avenue and part of the distance through a party wall, 100 feet to the said Northerly side of Metropolitan Avenue;

THENCE Westerly along said Northerly side of Metropolitan Avenue, 22 feet to the point or place of BEGINNING.

**Premises known as 89-37 Metropolitan Avenue, Rego Park, New York**



6

Case 1:10-cv-02485-RAM-SMA   Document 34-4   Filed 09/28/10   Page 5 of 10 PageID #: 344
12-12020-mg   Doc 7562-3   Filed 09/19/14   Entered 09/19/14 16:00:49   Exhibit 3 -
Foreclosure Order and Complaint   Pg 15 of 20

## Schedule B - Defendants

| | |
|---|---|
| JESSICA ANGEL QUIROZ | Record owner and original mortgagor. |
| HELEN QUIROZ | Record owner and original mortgagor. |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AEGIS FUNDING D/B/A AEGIS HOME EQUITY | Holder of a mortgage. |
| LVNV FUNDING, LLC | Holder of judgment(s). |
| JOHN DOE | Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises. |

7

12-12020-mg   Doc 7562-3   Filed 09/19/14   Entered 09/19/14 16:00:49   Exhibit 3 -
Case 1:10-cv-02485-RAM-SMA   Document 34-4   Filed 09/28/10   Page 8 of 10 PageID #: 345
Foreclosure Order and Complaint    Pg 16 of 20

## Schedule C - Defendants

| | |
|---|---|
| NEW YORK CITY PARKING VIOLATIONS BUREAU | Holder of possible judgments against Helen Quiroz and/or Jessica Angel Quiroz, see attached. |
| NEW YORK CITY ENVIRONMENTAL CONTROL BOARD | Holder of possible judgments against Helen Quiroz and/or Jessica Angel Quiroz. |
| NEW YORK CITY TRANSIT ADJUDICATION BUREAU | Holder of possible judgments against Helen Quiroz and/or Jessica Angel Quiroz, judgments cannot be certified since docket books are missing. |

Case 1:10-cv-02485-KAM-SMG   Document 54-4   Filed 09/28/10   Page 7 of 10 PageID #: 346
12-12020-mg   Doc 7562-3   Filed 09/19/14   Entered 09/19/14 16:00:49   Exhibit 3 -
Foreclosure Order and Complaint   Pg 17 of 20

Page 2 of 2

```
Amount: $2,475.27

COM:04/04/2006-RAMON O QUIROZ AND/OR HELEN QUIROZ              8937
    METROPOLITAN AVE            REGO PARK         , NY   US
    11374-5325
COM:10/24/2006-WARRANT RETURNED SATISFIED AS TO CTRL
    #1018631-01
---------------------------------------------------------------
END RETURNS
****************************************************************

PVB - (Parking Violations Bureau - Ending Date 09/19/07)

Search Parameters- Last:quiroz      First:ram

QUIROZ RAMON
8937 MTRPLTN AVE
REGO PARK       NY 11374
No. of Judgments - 1         Plate No.-DCB6314

Amt: $120.00         Interest: $.92
---------------------------------------------------------------
END RETURNS
****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 06/30/07)

Search Parameters- Last:quiroz      First:ram

QUIROZ RAMONA
1430 BERGEN STREET
BROOKLYN, NY 11213
ECB Violation No.: 126720954       Date-07/02

Amt: $253.75
---------------------------------------------------------------
END RETURNS
****************************************************************
```

Case 1:10-cv-02485-KAM-SMG   Document 34-4   Filed 09/28/10   Page 8 of 10 PageID #: 347
12-12020-mg   Doc 7562-3   Filed 09/19/14   Entered 09/19/14 16:00:49   Exhibit 3 -
Foreclosure Order and Complaint    Pg 18 of 20

STATE OF NEW YORK)
COUNTY OF ERIE    )  ss.:

SUSAN M. SILLEMAN, being duly sworn, deposes and says:

That your deponent is the attorney for the plaintiff, having an office at 220 Northpointe Parkway, Amherst, New York, and that she has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to her knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters your deponent believes it to be true. Deponent further states that the grounds of her belief as to all matters in the Complaint not stated to be upon her knowledge are based upon the original note, mortgage and/or financial statements, together with correspondence.

That the reason this verification is made by your deponent instead of the Plaintiff is because the Plaintiff does not reside or have an office for the conduct of business within the County of Erie, which is the County where your deponent has her office.

*Susan M. Silleman* (signature)
SUSAN M. SILLEMAN, ESQ.

Sworn to before me this
8th day of October 2007

*Amy Krzywicki* (signature)

AMY KRZYWICKI
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Aug. 23, 2008

10

Case 12-12020-mg Doc 7562-3 Filed 09/19/14 Entered 09/19/14 16:00:49 Exhibit 3 -
Case 1:10-cv-02485-KAM-SMG Document 34-4 Filed 09/28/10 Page 9 of 10 PageID #: 348
Foreclosure Order and Complaint    Pg 19 of 20

SUSAN M. SILLEMAN, AN ATTORNEY AT LAW LICENSED TO PRACTICE IN THE STATE OF NEW YORK, AND THE ATTORNEY FOR THE PLAINTIFF IN THIS ACTION HEREBY CERTIFIES THAT, TO THE BEST OF HER KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE PRESENTATION OF THIS PLEADING, AFFIDAVIT, (OR MOTION IF APPLICABLE), OR THE CONTENTIONS CONTAINED HEREIN ARE NOT FRIVOLOUS AS DEFINED IN 22 N.Y.C.R.R. 130-1.1 ( c ).

*[signature]*
SUSAN M. SILLEMAN, ESQ.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS
-----------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE
9350 Waxie Way
San Diego, CA 92123

      Plaintiff,

vs.

JESSICA ANGEL QUIROZ, HELEN QUIROZ, et al.

      Defendants.
-----------------------------------------------------------------X

SUMMONS AND COMPLAINT

-----------------------------------------------------------------X

STEVEN J. BAUM, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway, Suite G
Amherst, New York 14228
Tel.: 716-204-2400

12