# **Exhibit 4**

## **State Court Order**

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: <u>Honorable Bernice D. Siegal</u>    IAS Part 5
         Justice

------------------------------------X
Jessica Angel Quiroz, Helen Quiroz,           Index No. 2523/09
Lvnv Funding, LLC Mortgage Electronic         Motion Date: 6/10/09
Registration System, INC. As Nominee          Calendar No. 15
                                              Sequence No. 2
For Aeigis Funding D/B/A Aegis Home
Equity, New York City Environmental
Control Board, New York City Transit
Adjudication Bureau, Rose Kazane

              Plaintiff,

    -against-

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, HOMECOMINGS,

              Defendant.
------------------------------------X

    The following papers numbered 1 to 4 read on this motion to dismiss.

                                                        Papers
                                                        <u>Numbered</u>
Notice of Motion-Affirmation-Exhibits.............       1-4

    Upon the foregoing papers, it is ordered that this motion is determined as follows:

    Defendant's motion to dismiss plaintiffs', Jessica Angel Quiroz and Helen Quiroz (hereinafter "Quiroz"), complaint pursuant to C.P.L.R.§§§ 311, §3211(a)(5) is granted, without opposition.
    Firstly, pursuant to CPLR §311, Quiroz failed to properly obtain personal jurisdiction over defendant U.S. Bank National Association, as Trustee, Homecomings (hereinafter "U.S. Bank"), as they improperly served defendant U.S. Bank by way of regular, first class mail with the United States Postal Service upon Steven

1

J. Baum P.C., the attorney for U.S. Bank in the prior foreclosure proceeding.

Secondly, in the prior foreclosure proceeding initiated by U.S. Bank against Quiroz, Quiroz raised several claims that they now raise again in the instant action. On April 17, 2008, the Hon. Lawrence V. Cullen granted U.S. Bank's Judgment of Foreclosure and Sale. On July 18, 2008 the Hon. Lawrence V. Cullen denied the Quiroz' motion seeking to cancel the foreclosure sale and vacating the Judgment of Foreclosure and Sale. The doctrine of res judicata provides that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." (O'Brien v. City of Syracuse, 54 NY2d 353 [1981].) "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded." (New Horizon Investors, Inc v. Marine Midland Bank, N.A. 248 AD2d 449 [2d Dept 1998].)

Accordingly, the defendants' motion is granted, and the plaintiffs Quiroz' complaint is hereby dismissed.

Dated: July 1, 2009

_____
Bernice D. Siegal, J.S.C.

2009 JUL -9 A 10: 52  QUEENS COUNTY CLERK'S OFFICE FILED