**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------x

In re:                                                    Case No.12-12020 (MG)

**RESIDENTIAL CAPITAL, LLC et al.,**      AFFIRMATION IN
                                                              LIMITED OPPOSITION
                        **Debtor.**      TO HSBC MOTION FOR
                                                              RELIEF FROM
                                                              AUTOMATIC STAY

------------------------------------------------------------------------------x

      HOWARD W. RACHLIN, an attorney at law duly admitted to practice before this Court, hereby affirms, upon information and belief, the following to be true under the penalties of perjury:

      1.    I am an attorney for LUCIENNE LOMBARD ("LOMBARD"), an interested party to this action, and as such, am fully familiar with the facts and circumstances surrounding her interest in this action.

      2.    I submit this affirmation in limited opposition to Defendant HSBC BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES' ("HSBC") motion for relief from automatic stay from RESIDENTIAL FUNDING CORPORATION's ("DEBTOR") bankruptcy proceeding.

      3.    LOMBARD does not oppose the relief sought by HSBC, however there are certain omissions in the history of the underlying transaction and certain omissions and a misstatement of the procedural history of the underlying action commenced by LOMBARD ("State Court Action") recited by the movant's

attorney in his affirmation in support that must be corrected in order to provide the Court with a complete and accurate history.

I. **BACKGROUND**

4. Prior to January 26, 2004, LOMBARD was the mortgagor of a mortgage with Ocwen Federal Bank FSB in the original principal amount of $125,000.00 encumbering 499 East 29th Street, Brooklyn, New York (the "Premises").

5. As more fully set forth in the Third Verified Amended Complaint, LOMBARD has alleged that on or about January 26, 2004, the Premises in question was fraudulently transferred to FARHAAD YACOOB under extremely suspect circumstances and without LOMBARD's intention of doing so, while LOMBARD was led to believe that she was refinancing the mortgage on the subject premises and that the subject closing was taking place for those purposes. See copy of Third Verified Amended Complaint without exhibits annexed to movant HSBC's motion papers as Exhibit D.

6. LOMBARD discovered months after the closing that her home of over twenty years was fraudulently conveyed to FARHAAD YACOOB who, moreover, through a series of mortgages, refinanced and pocketed all of LOMBARD's equity in the house. See id.

7. Several of the defendants named in the State Court Action have apparently, to varying degrees, assisted or participated in such fraudulent transaction, which took place under exceedingly suspect circumstances. See id.

2

8. For instance, prior to the purported closing, NADIA YACOOB, made a cold-call to LOMBARD offering her services as a mortgage broker to refinance the Premises, indicating that she knew that LOMBARD was in a position where she could not keep up with her mortgage payments. See id.

9. The closing, which LOMBARD understood to be for the refinancing of the mortgage on the Premises, took place at approximately 7PM and LOMBARD does not remember signing any paperwork or any contract of sale prior to the purported closing. Moreover, LOMBARD's command of English language was and, still is, extremely limited. See movant HSBC's Exhibit D.

10. FARHAAD YACOOB, who turned out to be NADIA YACOOB's husband, was signing documents at the closing, and once LOMBARD ascertained that he was NADIA YACOOB's husband, LOMBARD became suspicious, stopped the closing and walked out, thinking that the transaction was not complete. See id.

11. Further, LOMBARD had never before the purported closing communicated, corresponded or met with BENJAMIN JACOB TURNER, who was supposedly an attorney representing her in the fraudulent transaction. Indeed, he so admitted in his answer to the Verified Amended Complaint. See id.

12. In addition, the HUD-1 statement annexed hereto as Exhibit A states that LOMBARD received funds in the amount of $117,949.37, while she never received any such funds; nor did she receive any funds in connection with the fraudulent transaction. Such HUD-1 statement also contains numerous other

3

false statements, such as the statement that SPAULDING PROPERTIES, INC. acted as LOMBARD's real estate sales broker. However, LOMBARD never retained it as a broker, nor did she ever hear of said SPAULDING PROPERTIES, INC. before your affirmant explained the HUD-1 statement to LOMBARD. Nevertheless, according to the HUD-1, SPAULDING PROPERTIES, INC. received $24,000.00 commission as a result of the fraudulent transaction. See Exhibit A annexed hereto.

13. In addition, a purported contract of sale was presented in the State Court Action in connection with BERKSHIRE FINANCIAL GROUP, INC.'s ("BERKSHIRE") motion to dismiss in the State Court Action. However, LOMBARD does not remember signing such contract, which also contains a number of contradictory and inconsistent statements, which in and of itself make it highly suspect. See movant HSBC's Exhibit D.

14. Simultaneously with fraudulently conveying the transfer of title to the Premises into his name, FARHAAD YACOOB placed a mortgage of $348,500.00 on the property in favor of BERKSHIRE with FARHAAD YACOOB pocketing much of LOMBARD's equity from said property. BERKSHIRE thereafter assigned its mortgage to First National Bank of Nevada. First National Bank of Nevada thereafter assigned its mortgage interest to DEBTOR. A copy of said mortgage and its subsequent assignments are annexed to HSBC's moving papers as Exhibit A.

15. As set forth below, DEBTOR apparently failed to perform adequate due diligence prior to acquiring such mortgage.

4

16. After having defrauded LOMBARD of ownership of the Premises, FARHAAD YACOOB refinanced the mortgage held by DEBTOR with a mortgage of $450,000.00 in favor of FINANCE AMERICA, LLC ("FINANCE AMERICA") and, as a result, pocketed all of LOMBARD's equity in the Premises. The FINANCE AMERICA mortgage was thereafter assigned to movant HSBC, who is currently the holder of record of said mortgage. Further, at the time the assignment to HSBC was recorded, i.e. on June 15, 2006, an Order dated November 25, 2005 had already been granted in the State Court Action enjoining certain defendants, including DEBTOR, from, inter alia, transferring or assigning any mortgage on the Premises. In addition, defendants in the State Court Action were enjoined from selling, transferring, or assigning said mortgage pursuant to a Temporary Restraining Order contained in the Order to Show Cause dated November 25, 2005, an Order dated March 23, 2006, and an Order dated February 20, 2007. See copy of said FINANCE AMERICA mortgage and its subsequent assignment to HSBC annexed to movant HSBC's moving papers as Exhibit B. See also copy of said Order to Show Cause without exhibits dated November 25, 2005 annexed hereto as Exhibit B, copy of said Order dated April 21, 2006 annexed hereto as Exhibit C, and copy of said Order dated February 20, 2007 annexed to movant HSBC's moving papers as Exhibit E.

17. As set forth below, movant HSBC apparently failed to perform adequate due diligence before accepting an assignment of the FINANCE AMERICA mortgage.

18. LOMBARD commenced the State Court Action on November 25, 2005 by filing with the Court a Summons and Verified Complaint, alleging various causes of action against multiple defendants, including DEBTOR, based on the fact that certain of the defendants participated, furthered and/or assisted in the fraudulent conveyance of the Premises to FARHAAD YACOOB. A copy of such Summons and Verified Complaint (without exhibits) is annexed hereto as Exhibit D.

19. LOMBARD was compelled to amend her complaint in the State Court Action on two different occasions. The first amendment was (i) partly due to add new mortgagees (MERS and Finance America, LLC) as defendants as a result of FARHHAD YACOOB's refinancing of FARHAAD YACOOB's mortgage held by DEBTOR, which transaction did not become a matter of public record until after this action was commenced and after the Notice of Pendency of this matter was filed with this Court on November 25, 2005, and (ii) partly, in order to add certain causes of action against various parties and particularize others. The second amendment was (i) partly due to the State Court's Order dated September 12, 2006 granting LOMBARD leave to replead her fraud claims, and (ii) partly due to add HSBC as a defendant as a result of the assignment of the aforementioned mortgage to HSBC, which assignment was not recorded until after the State Court Action was commenced and despite the fact that HSBC was on notice of the action by virtue of the Notice of Pendency of the State Court Action having been filed with the State Court on November 25, 2005 (eight

6

months prior to the recording of such assignment). See copy of Notice of Pendency annexed hereto as Exhibit E.

20. After the commencement of the State Court Action, a satisfaction of the mortgage executed by DEBTOR was recorded in the Office of the City Registrar, Kings County. Such mortgage was satisfied with the proceeds of the FINANCE AMERICA mortgage which FARHAAD YACOOB had fraudulently obtained.

21. However, pursuant to well-established New York law, a fraudulent conveyance of real property is void *ab initio*; i.e. as if such conveyance was never made. See generally Di Cioccio v. Di Rienzo, et al., 14 N.Y.2d 527(1964); Reich v. Cochran, 105 A.D. 542 (1st Dept.1905), citing Ward v. Southfield, 102 N.Y. 287 (1886). Therefore, any mortgages taken in or upon the perpetration of such conveyance must also be declared null and void; i.e. as if they were never given, regardless of whether such mortgages have been satisfied and discharged.

22. By Order dated March 22, 2007, the deed transferring the Premises from LOMBARD to FARHAAD YACOOB was declared null and void and of no effect, as was the BERKSHIRE mortgage.

23. The FINANCE AMERICA mortgage was placed on LOMBARD's home only approximately one year after the BERKSHIRE mortgage. Such a short period of time should also have placed FINANCE AMERICA and HSBC on notice of possible fraud as such serial refinancing is a classic red flag of possible fraud that in and of itself should have caught their attention.

7

24. The FINANCE AMERICA mortgage is of a type that is conditioned on the mortgagor occupying the premises as a principal residence. Due diligence by FINANCE AMERICA or HSBC would have revealed that FARHAAD YACOOB did not meet this criteria because FARHAAD YACOOB has never occupied the Premises.

25. An inquiry by any mortgagee mentioned above, including DEBTOR and HSBC, would have revealed that Ms. Lombard has been the sole residential occupant of the Premises.

26. An inquiry by HSBC prior to the recording of the assignment of the FINANCE AMERICA mortgage would have revealed a Notice of Pendency of the State Court Action had been filed.

27. LOMBARD has never been the mortgagor of the BERKSHIRE mortgage that was satisfied by the FINANCE AMERICA mortgage.

28. LOMBARD has never been the mortgagor of the FINANCE AMERICA mortgage that is currently held by HSBC.

29. The principal amount of HSBC's mortgage greatly exceeds the principal balance of the mortgage held by Ocwen Federal Bank FSB prior to the fraudulent acts of FARHAAD YACOOB, NADIA YACOOB, and others.

30. Although the Third Verified Amended Complaint does not allege that the DEBTOR was involved in the underlying fraud which resulted in the BERKSHIRE mortgage, the DEBTOR's lack of due diligence caused the DEBTOR to accept an assignment of such mortgage. DEBTOR then accepted a portion of the fraudulently obtained FINANCE AMERICA mortgage proceeds to

8

satisfy the mortgage held by DEBTOR. Moreover, the Order that declared the deed from LOMBARD to FARHAAD YACOOB as null and void and of no effect also declared the mortgage held by the DEBTOR to be null and void and of no effect. See copy of said Order annexed to HSBC's moving papers as Exhibit E.

31.     Movant's counsel states that LOMBARD remains in the Premises rent free. See ¶16 of Rieger affirmation. Owners do not pay rent.

32.     Movant's Answer to the Third Verified Amended Complaint does not assert a counterclaim against LOMBARD. See copy of HSBC's Answer to the Third Verified Amended Complaint annexed hereto as Exhibit F.

33.     The fraudulent mortgage placed on the Premises by FARHAAD YACOOB and held by HSBC is still of record and thereby effectively prevents LOMBARD from selling her home as it is extremely unlikely that any title company would omit such mortgage from its title policy.

34.     Movant's counsel states that the only cause of action against DEBTOR in the State Court Action is for a declaratory judgment. See ¶9 of Rieger affirmation. The Court by its Order dated February 20, 2007 declared the BERKSHIRE mortgage held by the DEBTOR null and void and of no effect. See movant HSBC's Exhibit E. However, the twenty-third cause of action in the Third Amended Verified Complaint asserts a cause of action against DEBTOR that in the event that the BERKSHIRE mortgage would not be declared void ab initio then judgment should be granted for disgorgement of all monies DEBTOR received pursuant to the mortgage it held including but not limited to any monies received in payment of principal and/or interest due under said mortgage, any

9

loan origination fee, application fee, underwriting fee, processing fee, document preparation fee, and any monies received in partial or full satisfaction of said mortgage including from the proceeds of the aforesaid current existing mortgage and to pay all such monies to the holder of the aforesaid current existing mortgage in payment of the remaining principal balance and all accrued interest thereon.[1]

WHEREFORE, it is respectfully requested that the above history of the underlying transaction and the above procedural history of the State Court Action be recognized accordingly.

Dated:  Forest Hills, NY
        September 22, 2014

/s/  Howard W. Rachlin
HOWARD W. RACHLIN, ESQ. (HR 1591)
112-41 Queens Boulevard, Suite 201
Forest Hills, NY 11375
(212) 964-2552
hwr@hwrachlinlaw.com

*Attorney for Lucienne Lombard*

---

[1] Although the twenty-third cause of action was dismissed as to defendant First National Bank of Nevada, it has not been dismissed as to DEBTOR.