*Supreme Court of the State of New York*
*County of* KINGS

LUCIENNE LOMBARD,

*Plaintiff(s)*

*against*

FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE
COMPANY INC., BERKSHIRE FINANCIAL GROUP, INC., FIRST
NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION,
BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY, JONATHAN
J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY,
DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA
UWECHUE and SPAULDING PROPERTIES, INC. *Defendant(s)*

Index No. 36016-05
Date purchased

Plaintiff(s) designate(s)
Kings
County as the place of trial.

The basis of the venue is the
County where the real
property is located.

*Summons*

Plaintiff(s) reside(s) at
499 East 29th Street
Brooklyn, NY 11210
County of Kings

To the above named Defendant(s)

*You are hereby summoned* to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated, November 22, 2005

HOWARD W. RACHLIN, ESQ.
Attorney(s) for Plaintiff

Office and Post Office Address
11 Park Place, Suite 816
New York, NY 10007
(212) 964-2555

Defendant's address:

FARHAAD YACOOB                 NADIA YACOOB
104-72 109th Street            104-72 109th Street
Richmond Hill, NY  11419       Richmond Hill, NY 11419

GUARANTEED HOME MORTGAGE COMPANY INC.
2 Gannett Drive, Suite 110
White Plains, NY 10604

BERKSHIRE FINANCIAL GROUP INC.
585 N. Gannon Avenue
Staten Island, NY  10314

RECEIVED
NOV 25 AM 9:20
KINGS COUNTY
CLERKS OFFICE

FIRST NATIONAL BANK OF NEVADA
One Meridian Crossings
#100
Minneapolis, MN  55423

RESIDENTIAL FUNDING CORPORATION
8400 Normandale Lake Blvd.
Suite 600
Minneapolis, Minnesota 55437

BENJAMIN JACOB TURNER
2800 Kings Highway
Brooklyn, NY 11229

ATARA HIRSCH-TWERSKY
2800 Kings Highway
Brooklyn, NY  11229

JONATHAN J. MASON-KINSEY
55 Washington Street, Suite 655
Brooklyn, NY  11201

CHICAGO TITLE INSURANCE COMPANY
New York State Agency Department
377 Oak Street, suite 103-B
Garden City, NY  11530

DECISION 2000 REAL ESTATE SERVICES, INC.
169 Roakoke Avenue
Riverhead, NY  11901

AUGUSTA UWECHUE
14211 222nd St.
Springfield Gardens, New York, 11413

SPAULDING PROPERTIES INC.
4701 Avenue N
Brooklyn, NY  11234

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------x

LUCIENNE LOMBARD,

Index No.: _____

Plaintiff,

-against-

**VERIFIED COMPLAINT**

FARHAAD YACOOB, NADIA YACOOB, GUARANTEED
HOME MORTGAGE COMPANY INC., BERKSHIRE
FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF
NEVADA, RESIDENTIAL FUNDING CORPORATION,
BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY,
JONATHAN J. MASON-KINSEY, CHICAGO
TITLE INSURANCE COMPANY, DECISION 2000 REAL
ESTATE SERVICES, INC., AUGUSTA UWECHUE and
SPAULDING PROPERTIES INC.,

Defendants.

------------------------------------------------------------------x

Plaintiff LUCIENNE LOMBARD, by her attorney, Howard W. Rachlin, Esq., for

her complaint against Defendants FARHAAD YACOOB, NADIA YACOOB,

GUARANTEED HOME MORTGAGE COMPANY INC., BERKSHIRE FINANCIAL

GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING

CORPORATION, BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY,

JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY,

DECISION 2000 REAL ESTATE SERVICES, INC., AUGUSTA UWECHUE and

SPAULDING PROPERTIES INC., upon information and belief, alleges as follows:

## PARTIES

1.    At all times hereinafter mentioned, LUCIENNE LOMBARD ("Plaintiff") was

and still is a resident of the State of New York, County of Kings.

2.      At all times hereinafter mentioned, Defendant FARHAAD YACOOB was and still is a resident of the State of New York, County of Queens.

3.      At all times hereinafter mentioned, Defendant NADIA YACOOB was and still is a resident of the State of New York, County of Queens.

4.      At all times hereinafter mentioned, Defendant GUARANTEED HOME MORTGAGE COMPANY INC. was and still is a corporation organized and existing under the laws of the State of New York.

5.      Defendant GUARANTEED HOME MORTGAGE COMPANY INC. has its principal place of business in the County of Westchester, State of New York.

6.      At all times hereinafter mentioned, Defendant BERKSHIRE FINANCIAL GROUP, INC. was and still is a corporation organized and existing under the laws of the State of New York.

7.      Defendant BERKSHIRE FINANCIAL GROUP, INC. has its principal place of business in the County of Richmond, State of New York.

8.      At all times hereinafter mentioned, Defendant FIRST NATIONAL BANK OF NEVADA was and still is a chartered bank.

9.      Defendant FIRST NATIONAL BANK OF NEVADA conducts business in the State of New York.

10.     At all times hereinafter mentioned, Defendant RESIDENTIAL FUNDING CORPORATION was and still is a corporation organized and existing under the laws of the State of Delaware.

11.     Defendant RESIDENTIAL FUNDING CORPORATION has its principal place of business in the County of Hennepin, State of Minnesota.

2

12.    Defendant RESIDENTIAL FUNDING CORPORATION conducts business in the State of New York.

13.    At all times hereinafter mentioned, Defendant BENJAMIN JACOB TURNER was and still is an attorney, licensed to practice law in the State of New York and maintains his principal office in the County of Kings, State of New York.

14.    At all times hereinafter mentioned, Defendant ATARA HIRSCH-TWERSKY was and still is an attorney, licensed to practice law in the State of New York and maintains her principal office in the County of Kings, State of New York.

15    At all times hereinafter mentioned, Defendant JONATHAN G. MASON-KINSEY was and still is an attorney, licensed to practice law in the State of New York and maintains his principal office in the County of Kings, State of New York.

16.    At all times hereinafter mentioned, Defendant CHICAGO TITLE INSURANCE COMPANY was and still is a foreign insurance company organized and existing under the Insurance Laws of the State of Illinois and authorized to do business in the State of New York.

17.    Defendant CHICAGO TITLE INSURANCE COMPANY conducts business in the State of New York.

18.    At all times hereinafter mentioned, Defendant DECISION 2000 REAL ESTATE SERVICES, INC. was and still is a corporation organized and existing under the laws of the State of New York.

19.    Defendant DECISION 2000 REAL ESTATE SERVICES, INC. has its principal place of business in the County of Suffolk, State of New York.

20.    At all times hereinafter mentioned, Defendant AUGUSTA UWECHUE was and still is a resident of the State of New York, County of Queens.

21.    At all times hereinafter mentioned, Defendant AUGUSTA UWECHUE was an employee, agent or otherwise authorized to act on behalf of Defendant DECISION 2000 REAL ESTATE SERVICES, INC. and/or Defendant CHICAGO TITLE INSURANCE COMPANY.

22.    At all times hereinafter mentioned, Defendant SPAULDING PROPERTIES, INC. was and still is a corporation organized and existing under the laws of the State of New York.

23.    Defendant SPAULDING PROPERTIES, INC. has its principal place of business in the County of Suffolk, State of New York.

## BACKGROUND

24.    Prior to January 26, 2004, Plaintiff was the owner in fee of the following described premises:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of East 29th Street distant 660 feet northerly from the corner formed by the intersection of easterly side of East 29th Street with the northerly side of Avenue F;

running thence easterly and parallel with Avenue F, 100 feet to the centre line of the block;

thence northerly along the centre line of the block and parallel with East 29th Street, 40 feet;

thence westerly and parallel with Avenue F, 100 feet to the easterly side of East 29the Street;

thence southerly along the easterly side of East 29th Street, 40 feet to the point or place of BEGINNING

Avenue F is also known as Farragut Road.

Said premises also being known as and by street number 499 East 29th Street, Brooklyn, New York (the "Premises").

25.    At all times hereinafter mentioned, Plaintiff has occupied the first floor apartment of the Premises and a tenant has occupied the second floor apartment of the Premises.

26.    At all times hereinafter mentioned, Plaintiff has been collecting rent from the second floor tenant of the Premises.

27.    In December of 2003, Defendant NADIA YACOOB, who represented that she was an employee and/or agent of Defendant GUARANTEED HOME MORTGAGE COMPANY, INC., contacted Plaintiff by telephone as a cold call, represented herself as a mortgage broker and offered to act as Plaintiff's broker in the refinance of the mortgage on the Plaintiff's Premises.

28.    Said Defendant represented that she could obtain a mortgage for Plaintiff which would be large enough so as to satisfy Plaintiff's current mortgage on the Premises with Ocwen Federal Bank FSB and to use the remaining proceeds to make improvements to the Premises.

29.    Plaintiff, unsatisfied with her current mortgage lender Ocwen Federal Bank FSB, being under a threat of foreclosure decided to refinance the mortgage.

30.    On January 26, 2004, Plaintiff was telephoned by Defendant NADIA YACOOB and was told to come to said Defendant's office, located at 4701-4703 Avenue N, Brooklyn, New York at or about 6:00 PM for the refinance closing.

31.    Upon arriving at the office of Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY, INC., Plaintiff was driven to the address known as 2800 Kings Highway, Brooklyn, New York, where she was introduced for the first time to Defendant BENJAMIN JACOB TURNER.

32.    At said closing Plaintiff was told that Defendant BENJAMIN JACOB TURNER was an attorney purportedly there to represent her in the underlying refinance transaction.

33.    Plaintiff never spoke to Defendant BENJAMIN JACOB TURNER prior to said January 26, 2004 closing.

34.    At the closing which started on the same date at or about 7PM and held at 2800 Kings Highway, Brooklyn, New York, Plaintiff executed a number of documents, which Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and BENJAMIN JACOB TURNER represented were the necessary documents to complete the refinancing however such documents were not explained by said Defendants to Plaintiff.

35.    Plaintiff started feeling uncomfortable as she did not understand what she was signing and no one ever explained to her what she was signing.

36.    After such signing, Plaintiff noticed that Defendant FARHAAD YACOOB was also signing documents at the closing.

37.    Plaintiff did not understand why a person she does not know should be signing any documents at the refinance closing of her Premises.

38.    Accordingly, Plaintiff inquired from Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. as to who was the person signing the documents and why he was signing them.

39.    Defendant NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. represented the signer as her husband Defendant FARHAAD YACOOB and said that he was signing the documents to help Plaintiff obtain the mortgage.

40.    Plaintiff became suspicious that the mortgage broker's husband was present and was signing documents.

41.    Accordingly, Plaintiff announced that she was not going through with the transaction, stopped the closing, took copies of some documents and left at approximately 10PM, thinking that the transaction was not completed.

42.    Plaintiff, having no legal, real estate or mortgage expertise or experience and being an immigrant who does not fully comprehend writings in English, was under the impression that the mortgage refinance transaction was never completed and she has been and remained, at all times, the lawful owner of the Premises.

43.    Defendant NADIA YACOOB knew that the day following the closing, Plaintiff was returning to her native country, Haiti for approximately two months.

44.    Upon Plaintiff's return from Haiti in March of 2004, Plaintiff telephoned Defendant NADIA YACOOB, who told Plaintiff that the mortgage refinance transaction was completed after Plaintiff had left the closing and then Defendant NADIA YACOOB hung up on Plaintiff.

45.    Thereafter, Plaintiff telephoned Defendant BENJAMIN JACOB TURNER and inquired regarding the whereabouts of the net proceeds from the mortgage refinance.

46.    Defendant BENJAMIN JACOB TURNER did not provide any definitive response to Plaintiff.

47.    In or about May 2005, Plaintiff received a letter at Plaintiff's address from an insurance company regarding "landlords insurance", which letter was addressed to FARHAAD YACOOB.

48.    It was not until Plaintiff received this letter, that she became aware that on January 26, 2004 she had conveyed the Premises to Defendant FARHAAD YACOOB without having the intention to do so or knowledge that she had done so.

49.    On or about October 28, 2005, your deponent received a Notice of Petition and Petition, indicating that Defendant FARHAAD YACOOB commenced a holdover proceeding against Plaintiff at the Civil Court of the City of New York, County of Kings, Index No. 98592-2005, seeking to evict Plaintiff from the Premises and alleging that Defendant had leased the Premises to Plaintiff pursuant to an oral rental agreement, that the said lease expired on September 30, 2005 and that Plaintiff defaulted in paying rent for the Premises from June 2004 through October 2005, in the total amount of $63,010.50.[1]

50.    Thereafter Plaintiff learned, the following, among other things:,

---

[1]    During the closing, which took place on January 26, 2004, Plaintiff and Defendant FARHAAD YACOOB executed an agreement, according to which Plaintiff retained "the right to live rent free in the premises for one year from the date of closing." Accordingly, even if Defendant FARHAAD YACOOB was the lawful owner of the Premises, which he is not, the said agreement, in and of itself, defeats his claim alleging rent arrears from June 2004 through and including January 2005.

(a)   that on January 26, 2004, Plaintiff had executed a deed for the Premises, whereby the Premises were fraudulently conveyed to Defendant FARHAAD YACOOB.  The deed was recorded on November 26, 2004.  A copy of said deed is annexed hereto as Exhibit A;

(b)   that, a Contract of Sale had never been executed prior to said conveyance;

(c)   that Defendant FARHAAD YACOOB, as mortgagor, and BERKSHIRE FINANCIAL GROUP, INC., as mortgagee, entered into an agreement, by which the latter granted the former a mortgage secured by the Premises, in the principal amount of $348,500.00.  Said mortgage was recorded on November 26, 2004.  A copy of said mortgage is annexed hereto as Exhibit B;

(d)   that, Defendant BERKSHIRE FINANCIAL GROUP, INC. assigned said mortgage to Defendant FIRST NATIONAL BANK OF NEVADA, which assignment was never recorded.   Thereafter, on March 9, 2005, Defendant FIRST NATIONAL BANK OF NEVADA further assigned said mortgage to RESIDENTIAL FUNDING CORPORATION, which assignment was recorded on June 14, 2005.  A copy of said assignment is annexed hereto as Exhibit C.

(e)   that Plaintiff's mortgage payable to Ocwen Federal Bank FSB was discharged on February 10, 2004 and the said discharge was recorded on July 4, 2004.

(f)   that according to the transfer documents and HUD-1 statement, Plaintiff has sold the Premises to Defendant FARHAAD YACOOB for $410,000, the net proceeds of which were never paid to Plaintiff although said documents indicated otherwise.

(g)   that the HUD-1 statement has a number of unexplained items.  A copy of HUD-1 executed at the closing is annexed hereto as Exhibit D.  For example,

i.   "seller's concession" of $6,970.00;
ii.   a payoff to "Citibank" of $42,000.00;
iii.   "net proceeds" to Plaintiff of $117,949.37, which Plaintiff never received;
iv.   seller's broker commissions in the amount of $24,000 payable to Defendant SPAULDING PROPERTIES INC. even though there was no sale insofar as Plaintiff did not understand that a sale of her home had taken place and Plaintiff never received any proceeds of any such alleged sale; and
v.   a "loan origination fee" of Defendant BERKSHIRE FINANCIAL GROUP INC. in the amount of $17,425.00 and other fees payable to said defendant.

9

(h)    that among the documents executed at the closing, there was an agreement whereby Plaintiff could reacquire the Premises from Defendant FARHAAD YACOOB within a year of the closing date for the amount of the liens on the Premises (which was the new mortgage of $348,500.00 plus title charges, brokerage fees, purchaser's bank charges and other purchaser's charges, which amounted, according to the HUD-1, to $35,514.38) although Plaintiff's payoff on her mortgage with Ocwen Federal Bank FSB was only $207,484.59.    Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY, INC. and FARHAAD YACOOB knew or should have known that Plaintiff, being unable to pay off a mortgage in the principal amount of $125,000.00, on which there was a purported amount due of $207,484.59 to Ocwen Federal Bank FSB who had as a result commenced a foreclosure proceeding against Plaintiff, she certainly could not raise $348,500.00 plus expenses within one year to repurchase the Premises, making the agreement as to Plaintiff's right to repurchase the Premises practically impossible to effectuate.    A copy of such agreement is annexed hereto as Exhibit E.

(i)    that the mortgage payoff letter received from Ocwen Federal Bank FSB apparently misrepresented the actual payoff due.    In fact, Ocwen Federal Bank FSB is currently a Defendant in a class action suit commenced against it, where plaintiffs therein allege, among other things, that the bank engaged in fraudulent consumer practices, such as overcharging borrowers bogus service, late and escrow fees.    See In re: Ocwen Federal Bank FSB Mortgage Servicing Litigation, MDL No. 1604, Case No. 04 C 2714 (District Court for the Northern District of Illinois).

51.    Defendant ATARA HIRSCH-TWERSKY as attorney for Defendant BERKSHIRE FINANCIAL GROUP INC. and as the settlement agent designated on the HUD-1, acknowledged on said document that all the statements made therein were true and correct.

52.    Defendant JONATHAN J. MASON-KINSEY represented Defendant FARHAAD YACOOB at the closing of the Premises on January 26, 2004.

53.    Defendant AUGUSTA UWECHUE is an employee, agent or otherwise authorized to act on behalf of Defendant DECISION 2000 REAL ESTATE SERVICES, INC. who acted as agent for Defendant CHICAGO TITLE INSURANCE COMPANY.

54.    Defendants AUGUSTA UWECHUE, DECISION 2000 REAL ESTATE SERVICES, INC. and/or CHICAGO TITLE INSURANCE COMPANY delivered the

above described deed and the mortgage then held by Defendant BERKSHIRE FINANCIAL GROUP, INC., among other documents, for recording to the New York City Register.

55.    Defendant SPAULDING PROPERTIES INC. received real estate brokerage commissions from the above-described transaction although no sale of the Premises was intended by Plaintiff, said Defendant was never retained by Plaintiff and said Defendant was not the procuring cause of said purported sale.

### AS AND FOR A FIRST CAUSE OF ACTION:
### Actual and Constructive fraud and conspiracy to defraud;
### against Defendants FARHAAD YACOOB, NADIA YACOOB
### and GUARANTEED HOME MORTGAGE COMPANY INC.

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55 of this complaint as if more fully set forth herein at length.

57.    Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., as Plaintiff's mortgage broker and in concert with FARHAAD YACOOB, represented to Plaintiff that they would help her refinance the mortgage on the Premises.

58.    As Plaintiff's mortgage broker, Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., acted in fiduciary or confidential capacity with regards to the refinancing of the Plaintiff's mortgage on the Premises.

59.    At the time said representation was made, Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB knew that said representation was false

11

when they made it and that they never intended to help Plaintiff refinance the mortgage on the Premises, but instead, that they intended to convey the Premises to FARHAAD YACOOB.

60.    Notwithstanding such knowledge, Defendants NADIA YACOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB made various material misrepresentations to Plaintiff, among which were the misrepresentations that the mortgage on the Premises will be refinanced and that Defendant FARHAAD YACOOB was signing documents at the closing to help Plaintiff in the refinancing.

61.    Such material misrepresentations were made by Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB with intent of deceiving Plaintiff and inducing her into signing the documents she did not understand, so that she would convey the Premises to Defendant FARHAAD YACOOB.

62.    Plaintiff reasonably relied on these material misrepresentations and was induced thereby to sign the documents which she did not understand, which conveyed the Premises to FARHAAD YACOOB.

63.    Defendants NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., and FARHAAD YACOOB induced Plaintiff into believing that the documents she was signing were necessary to complete the refinance of her mortgage on the Premises, while the documents were being signed for the purpose of effectively conveying the Premises to

Defendant FARHAAD YACOOB without the intention of refinancing Plaintiff's mortgage on the Premises.

64.    Plaintiff would not have signed any of the documents at the closing, had she known of the Defendants NADIA YACOOB's, GUARANTEED HOME MORTGAGE COMPANY INC.'s and FARHAAD YACOOB's intentions of conveying the Premises to FARHAAD YACOOB.

65.    Once Plaintiff became suspicious that the broker's husband, Defendant FARHAAD YACOOB was signing the documents at the closing, she stopped the closing and walked out thinking it was never completed.

66.    Plaintiff never received any of the net proceeds from the transaction.

67.    Plaintiff did not learn of the conveyance and Defendants NADIA YACOOB's, GUARANTEED HOME MORTGAGE COMPANY INC.'s and FARHAAD YACOOB's true intentions until she received a letter to the address of the Premises from an insurance company, entitled "landlords insurance" and addressed to Defendant FARHAAD YACOOB.

68.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendant FARHAAD YACOOB:

(a)    declaring the deed conveying title to the Premises from the Plaintiff to defendant FARHAAD YACOOB fraudulent and declaring said deed null and void and of no effect, and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

13

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above described mortgage in the amount of $348,500.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance; and

(e)    awarding plaintiff all expenses of such re-conveyance.

## AS AND FOR A SECOND CAUSE OF ACTION
### Constructive Trust;
### against Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and FARHAAD YACOOB

69.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 68 of this complaint as if more fully set forth herein at length.

70.    As Plaintiff's mortgage broker, Defendants NADIA YAÇOOB, acting individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., acted in fiduciary or confidential capacity with regards to the refinancing of the Plaintiff's mortgage on the Premises.

71.    Plaintiff relied upon the representation made by Defendants NADIA YACOOB, acting individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC., in concert with FARHAAD YACOOB, that Defendant NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. would help Plaintiff refinance her mortgage on the Premises.

14

72.    Plaintiff relied upon the confidential relationship between Plaintiff and Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. in executing the documents at the closing.

73.    Plaintiff never intended to transfer her property either to Defendant FARHAAD YACOOB or otherwise, and only transferred it as a result of Defendants NADIA YACOOB's, GUARANTEED HOME MORTGAGE COMPANY INC.'s and FARHAAD YACOOB's misrepresentations.

74.    The actions of Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and FARHAAD YACOOB, inducing Plaintiff to convey the Premises to FARHAAD YACOOB are fraudulent and in direct violation of the trust created by the confidential relationship between Plaintiff and Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC.

75.    Defendant FARHAAD YACOOB would be unjustly enriched if the aforementioned deed were not declared a nullity or if the Premises are not reconveyed to Plaintiff pursuant to the constructive trust created by virtue of the confidential relationship created between Plaintiff and Defendants NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. and the fraud perpetrated against Plaintiff as a result.

76.    Plaintiff has no adequate remedy at law.

77.    As a result of the foregoing, Plaintiff requests and prays that a judgment be rendered impressing constructive trust upon Premises for the benefit of the Plaintiff:

(a) declaring the deed conveying title to the Premises from Plaintiff to Defendant FARHAAD YACOOB fraudulent and declaring said deed null and void and of no effect, and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above-described mortgage in the amount of $348,500.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance and,

(e)    any expenses of such re-conveyance.

### AS AND FOR THIRD CAUSE OF ACTION
#### Declaratory Judgment;
**against FARHAAD YACOOB, BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA and RESIDENTIAL FUNDING CORPORAITON**

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 77 of this complaint as if more fully set forth herein at length.

79.    Defendant FARHAAD YACOOB executed a mortgage on the Premises in favor of Defendant BERKSHIRE FINANCIAL GROUP, INC. upon the fraudulent conveyance thereof.

16

80.   As Defendant FAHAAD YACOOB held title as a result of the above-described fraudulent conduct, the mortgage given by BERKSHIRE FINANCIAL GROUP, INC. was used by Defendants FARHAAD YACOOB and NADIA YACOOB in the perpetration of such fraud and should likewise be set a side.

81.   Defendants NADIA YACOOB and GUARANTEED HOME MORTAGE COMPANY INC., acted as the mortgage broker and/or agent of . BERKSHIRE FINANCIAL GROUP, INC. at said closing at which Defendant ATARA HIRSH-TWERSKY acted as BERKSHIRE FINANCIAL GROUP, INC.'s attorney and/or settlement agent.

82.   Defendant BERKSHIRE FINANCIAL GROUP, INC. knew or should have known that the closing had not been completed, that Plaintiff never received the consideration set forth in the transfer documents and HUD-1 for executing said deed and conveying the Premises to Defendant FARHAAD YACOOB and that Plaintiff did not intend to transfer title to the Premises nor did Plaintiff receive the net mortgage proceeds for the mortgage loan made by Defendant BERKSHIRE FINANCIAL GROUP, INC.

83.   Defendant BERKSHIRE FINANCIAL GROUP, INC. then assigned said mortgage to FIRST NATIONAL BANK OF NEVADA who thereafter assigned said mortgage to RESIDENTIAL FUNDING CORPORATION.

84.   By reason of the foregoing, a judgment should be granted that said mortgage given by FARHAAD YACOOB be declared null and void and, accordingly directing that said mortgage be discharged of record by the City Register of the City of

New York, Kings County, as against BERKSHIRE FINANCIAL GROUP, FIRST NATIONAL BANK OF NEVADA and RESIDENTIAL FUNDING CORPORATION.

## AS AND FOR A FOURTH CAUSE OF ACTION
### against Defendants
### FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., BERKSHIRE FINANCIAL GROUP, INC., BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, ATARA HIRSCH-TWERSKY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC. and AUGUSTA UWECHUE

85.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 84 of this complaint as if more fully set forth herein at length.

86.    Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and BERKSHIRE FINANCIAL GROUP, INC. together with Defendant BENJAMIN JACOB TURNER, as Plaintiff's purported attorney at the closing on January 26, 2004, Defendant JONATHAN J. MASON-KINSEY, as Defendant FARHAAD YACOOB's attorney at said closing, Defendant ATARA HIRSCH-TWERSKY as the attorney for BERKSHIRE FINANCIAL GROUP, INC. and/or the settlement agent, Defendants BERKSHIRE FINANCIAL GROUP, INC., CHICAGO TITLE INSURANCE COMPANY, Defendant DECISION 2000 REAL ESTATE SERVICES, INC. and/or AUGUSTA UWECHUE submitted the deed conveying the Premises to FARHAAD YACOOB and the above-described mortgage for recordation, although said Defendants knew or should have known that the closing was never completed, that Plaintiff never received the consideration set forth in the transfer documents and HUD-1 for executing said deed and conveying the Premises to Defendant FARHAAD YACOOB and that Plaintiff did not intend to transfer title to the

18

Premises nor did Plaintiff receive the net mortgage proceeds for the mortgage loan made by Defendant BERKSHIRE FINANCIAL GROUP, INC.

87.    Despite such actual or constructive knowledge, said Defendants caused the deed and the above-described mortgage to be recorded with the New York City Register, and/or submitted for recordation the documents reflecting and/or based upon numerous material misrepresentations.

88.    Plaintiff has been damaged in the amount to be determined by this Court.

89.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendants in the amount to be determined by this Court.

### AS AND FOR A FIFTH CAUSE OF ACTION
### Conversion;
### against Defendants FARHAAD YACOOB and NADIA YACOOB

90.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 89 of this complaint as if more fully set forth herein at length.

91.    By a deed executed on January 26, 2004, the Premises were fraudulently conveyed to Defendant FARHAAD YACOOB.

92.    Defendant FARHAAD YACOOB converted the Premises to his own use by acting as the lawful owner thereof and interfering with Plaintiff's lawful ownership interest in the Premises, by he and Defendant NADIA YACOOB causing the Premises to be fraudulently conveyed to FARHAAD YACOOB without the payment of the full consideration set forth in the transfer documents, by placing the mortgage of Defendant BERKSHIRE FINANCIAL GROUP, INC. thereon and not delivering the net mortgage proceeds to Plaintiff.

93.    Accordingly, Plaintiff sustained damages in the amount to be determined by this Court.

94.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendant FARHAAD YACOOB and NADIA YACOOB in the amount to be determined by this Court.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Unjust Enrichment – against Defendants
### FARHAAD YACOOB and NADIA YACOOB

95.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 94 of this complaint as if more fully set forth herein at length.

96.    By inducing Plaintiff to sign the documents at the closing, fraudulently conveying the Premises to Defendant FARHAAD YACOOB, Defendants FARHAAD YACOOB and NADIA YACOOB were enriched by the fair market value of the Premises less any encumbrances thereon.

97.    Accordingly, said Defendants were unjustly enriched at the expense of Plaintiff.

98.    Defendants FARHAAD YACOOB and NADIA YACOOB should not obtain the benefit of the conveyance of the Premises to him, since such conveyance was obtained by fraud, perpetrated by Defendants FARHAAD YACOOB and NADIA YACOOB.

99.    Plaintiff has been damaged in an amount to be determined by the Court.

100.   As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendants FARHAAD YACOOB and NADIA YACOOB in an amount to be determined by the Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Unjust Enrichment;
### all Defendants

101.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 100 of this complaint as if more fully set forth herein at length.

102.   As a result of the fraudulent conveyance of the Premises to FARHAAD YACOOB, all Defendants have been unjustly enriched at Plaintiff's expense.

103.   Defendant FARHAAD YACOOB has been enriched in the amount of equitable interest he maintains on the Premises as of-the-record owner thereof, in an amount to be determined by the Court;

104.   Defendant NADIA YACOOB has been enriched as Defendant FARHAAD YACOOB's lawful spouse and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY INC. in the amount of the monies she received as a result of the fraudulent conveyance of the Premises, said sum to be determined by this Court;

105.   Defendant GUARANTEED MORTAGE COMPANY INC. was enriched as the  principal of NADIA YACOOB or otherwise, in the amount of the monies it received as a result of the fraudulent conveyance of the Premises, said sum to be determined by this Court;

106.   Defendant BERKSHIRE FINANCIAL GROUP, INC. was enriched in the amount of the monies it received as a result of the mortgage placed upon the

fraudulently conveyed Premises, and, subsequently, as a result of assigning the mortgage on said Premises to Defendant FIRST NATIONAL BANK OF NEVADA, said sum to be determined by this Court.

107. Defendant FIRST NATIONAL BANK OF NEVADA was enriched in the amount of the monies it received as a result of receiving and thereafter assigning the mortgage on the Premises to RESIDENTIAL FUNDING CORPORATION, said sum to be determined by this Court.

108. Defendant RESIDENTIAL FUNDING CORPORATION was enriched in the amount of the monies it received as payments made thereto, as a result of the assignment to them of the mortgage on the Premises, which would not have taken place had the Premises not been fraudulently conveyed, said sum to be determined by this Court.

109. Defendant BENJAMIN JACOB TURNER, Esq. was enriched in the amount of legal fees and other monies he received, allegedly, as a result of representing Plaintiff in the refinance transaction and/or at the closing on January 26, 2004, said sum to be determined by this Court.

110. Defendant ATARA HIRSCH-TWERSKY, Esq. was enriched in the amount of legal, settlement, closing fees or other monies she received at or as a result of the closing on January 26, 2004, said sum to be determined by this Court.

111. Defendant JONATHAN J. MASON-KINSEY, Esq. was enriched in the amount of legal fees and other monies he received, allegedly, as a result of representing Defendant FARHAAD YACOOB in the refinance transaction or at the closing on January 26, 2004, said sum to be determined by this Court.

112.    Defendant CHICAGO TITLE INSURANCE COMPANY was enriched in the amount of the monies it received as the insurer of title, the insurer of the above-described mortgage or otherwise as a result of the closing on January 26, 2004.

113.    Defendant DECISION 2000 REAL ESTATE SERVICES, INC. was enriched in the amount of the monies it received as a result of the closing on January 26, 2004, said sum to be determined by this Court

114.    Defendant AUGUSTA UWECHUE was enriched in the amount of monies she received as representative and/or agent of Defendant DECISION 2000 REAL ESTATE SERVICES, INC. as a result of the closing on January 26, 2004, said sum to be determined by this Court.

115.    Defendant SPAULDING PROPERTIES INC. was enriched in the amount of $24,000 and other monies it received, allegedly, as Seller's broker, as a result of the closing on January 26, 2004.

116.    Defendants should not obtain the benefit of the conveyance of the Premises, which was procured by fraud committed by Defendants FARHAAD YACOOB, NADIA YACOOB and/or GUARANTEED HOME MORTGAGE COMPANY INC. and Plaintiff should not be responsible for the monies Defendants received, directly or indirectly, as a result of such conveyance.

117.    Plaintiff has been damaged in the amount to be determined by this Court.

118.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against Defendants in an amount to be determined by this Court.

## AS AND FOR AN EIGHTH  CAUSE OF ACTION
### Negligence;
### Against Defendant BENJAMIN JACOB TURNER

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 118 of this complaint as if more fully set forth herein at length.

120.    Upon information and belief, Defendant BENJAMIN JACOB TURNER represented Plaintiff's interests at the closing on January 26, 2004.

121.    As such, Defendant BENJAMIN JACOB TURNER owed Plaintiff a duty of care that an attorney owes to his or her client.

122.    Defendant BENJAMIN JACOB TURNER violated his duty of care to Plaintiff by inadequately, incompetently and negligently representing the interests of Plaintiff in the refinance transaction insofar as (a) Plaintiff's mortgage on the Premises was never refinanced; (b) Plaintiff never received the net proceeds from the refinance or, for that matter, the conveyance of the Premises to FARHAAD YACOOB; (c) Defendant BENJAMIN JACOB TURNER never accurately described to Plaintiff the documents that she was signing at the closing on January 26, 2004, which had the unintended effect of conveying the Premises to Defendant FARHAAD YACOOB; (d) Defendant BENJMAIN JACOB TURNER caused the deed conveying the Premises to Defendant FARHAAD YACOOB be recorded even though Plaintiff stopped the closing and expressed her intention to Defendant BENJMAIN JACOB TURNER that she did not wish to go ahead with the closing; and (e) was otherwise negligent in representing Plaintiff.

123. But for Defendant BENJAMIN JACOB TURNER's above described actions, Plaintiff would not have conveyed the Premises to Defendant FARHAAD YACOOB and would have further avoided the damages arising from such conveyance, including the legal fees and expenses of this action.

124. Based on the foregoing, a judgment should be rendered against Defendant BENJAMIN JACOB TURNER and in favor of Plaintiff, in an amount to be determined by this Court.

## AS AND FOR A NINTH CAUSE OF ACTION
### against Defendant ATARA HIRSCH-TWERSKY

125. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 124 of this complaint as if more fully set forth herein at length.

126. According to the HUD-1 executed at the closing on January 26, 2004, Defendant ATARA HIRSCH-TWERSKY, Esq. acted as attorneys for defendant BERKSHIRE FINANCIAL GROUP, INC. and/or as the settlement agent at said closing.

127. As such, she represented and acknowledged on the HUD-1 that all the statements made thereon were true and correct.

128. However, the HUD-1 contained representations which Defendant ATARA HIRSCH-TWERSKY, Esq. knew or should have known were untrue and incorrect.

129. For instance, the HUD-1 reflects that $117,949,37 was paid to Plaintiff at the closing as "net proceeds". However, Plaintiff never received any portion of that amount, either at the closing or otherwise.

130. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined by the Court.

131.   As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendant in the amount to be determined by the Court.

## AS AND FOR A TENTH CAUSE OF ACTION
## against Defendant SPAUDLING PROPERTIES, INC.

132.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 131 of this complaint as if more fully set forth herein at length.

133.   Plaintiff never retained Defendant SPAULDING PROPERTIES, INC. as her real estate broker.

134.   Defendant SPAULDING PROPERTIES, INC. was not the procuring cause for the purported sale.

135.   Defendant SPAULDING PROPERTIES, INC. received $24,000.00 as a result of the purported sale of the Premises.

136.   However, no sale of the Premises has taken place, and Plaintiff never received the consideration for such alleged sale set forth in the transfer documents and HUD-1.

137.   Accordingly, Defendant SPAULDING PROPERTIES INC. is not entitled for a broker's fee of $24,000.00, which it received at the closing on January 26, 2004.

138.   Plaintiff has been damaged in the amount of $24,000.00.

139.   As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendant in the amount of $24,000.00.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Usury;
### against Defendant FARHAAD YACOOB

140.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 139 of this complaint as if more fully set forth herein at length.

141.    Among the documents executed at the closing on January 26, 2004, there was an agreement whereby Plaintiff could reacquire the Premises from Defendant FARHAAD YACOOB within a year of the closing date for the amount of the liens on the Premises, which was the new mortgage of $348,500.00 plus title charges, brokerage fees, purchaser's bank charges and other purchaser's charges which amounted to $35,514.38. See Exhibit D, HUD-1, and Exhibit E, the agreement, dated January 26, 2004, between Plaintiff and Defendant FARHAAD YACOOB.

142.    However, Plaintiff's payoff on her mortgage with Ocwen Federal Bank FSB was only $207,484.59.

143.    This amounts to an effective rate of interest of at least 80%, per annum, which is usurious.

144.    Based on the foregoing, the judgment should be rendered against Defendant FARHAAD YACOOB in an amount to be determined by this Court.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Unconscionability;
### against Defendant FARHAAD YACOOB

145.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 144 of this complaint as if more fully set forth herein at length.

146.   As more fully set forth in the preceding paragraphs, among the documents executed at the closing on January 26, 2004, there was an agreement, whereby Plaintiff could reacquire the Premises from Defendant FARHAAD YACOOB within a year of the closing date for the amount of the liens on the Premises, which was the new mortgage of $348,500.00 plus title charges, brokerage fees, purchaser's bank charges and other purchaser's charges amounting to $35,514.38.

147.   Plaintiff did not have a meaningful choice as to whether to sign the agreement or to negotiate its terms, since Defendant NADIA YACOOB represented to her that the agreement, like the other documents signed at the closing, were necessary to refinance the mortgage on the Premises.

148.   The agreement, however, is unenforceable due to the unconsionability of the above described terms, since Plaintiff is effectively incapable of complying with these terms, as she was unable to pay off a mortgage in the principal amount of $125,000.00, on which there was a purported amount due of $207,484.59 to Ocwen Federal Bank FSB who had as a result commenced a foreclosure proceeding against Plaintiff.

149.   Certainly, Plaintiff could not raise $348,500.00 plus expenses within one year to repurchase the Premises.

150.   Based on the foregoing, a judgment should be rendered against Defendant FARHAAD YACOOB in the amount to be determined by this Court.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Punitive damages;
### against NADIA YACOOB, FARHAAD YACOOB
### and GUARANTEED HOME MORTGAGE COMPANY INC.

151.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 150 of this complaint as if more fully set forth herein at length.

152.   The above described actions of Defendants FARHAAD YACOOB and NADIA YACOOB, individually and as an agent and/or employee of GUARANTEED HOME MORTGAGE COMPANY, INC., perpetrating fraud against Plaintiff and resulting in fraudulent conveyance of property, involve such a high degree of moral turpitude as to support the award of punitive damages against them.

153.   Based on the foregoing, a judgment should be rendered against Defendants FARHAAD YACOOB, NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY, INC. awarding Plaintiff punitive damages in an amount to be determined by this Court.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION:
### Permanent Injunction;
### Against Defendants FARHAAD YACOOB
### and RESIDENTIAL FUNDING CORPORATION

154.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 153 of this complaint as if more fully set forth herein at length.

155.   By reason of the foregoing Defendants FARHAAD YACOOB and RESIDENTIAL FUNDING CORPORATION should be permanently enjoined from:

(a)    prosecuting a holdover proceeding pending before the Civil Court of the City of New York, County of Kings, against the Plaintiff, L&T Index No. 98592-2005, and instituting or maintaining any other summary or other proceeding to evict or remove Plaintiff, members of Plaintiff's family or any other occupant from possession of the Premises known as 499 East 29th Street, Brooklyn, New York, a/k/a Block 5231 Lot 70;

(b)    entering into any contracts and/or agreements involving the Premises, offering for sale, selling, transferring, assigning, or in any way conveying the Premises to any person or entity other than Plaintiff;

(c)    executing or recording any deed transferring title to the above described premises to any person or entity other than Plaintiff;

(d)    selling, transferring, assigning, in any way conveying or foreclosing any existing mortgage or other encumbrance against the Premises;

(e)    executing, creating or recording any mortgage or other encumbrance affecting said Premises or any interest of any of the Defendants therein; and

(f)    entering into a lease with or permitting any person or entity other than Plaintiff to take possession of the said premises or collecting any rent from the 2nd floor tenant at the Premises on the grounds that the said acts of Defendants, if committed, will result in the immediate and irreparable harm, injury, loss and damage to Plaintiff.

156.    A permanent injunction so enjoining Defendants FARHAAD YACOOB and RESIDENTIAL FUNDING CORPORATION is necessary to protect Plaintiff's ownership interest in the Premises since Plaintiff has no adequate remedy at law as a money

judgment will not adequately compensate Plaintiff for the wrongs committed by Defendants.

157.    Based on the foregoing, a judgment should be rendered against Defendants FARHAAD YACOOB and RESIDENTIAL FUNDING CORPORATION, enjoining them as described above.

<u>**AS AND FOR A FIFTEENTH CAUSE OF ACTION**</u>
**<u>Attorney's fees;</u>**
**<u>against Defendants FARHAAD YACOOB, NADIA YACOOB</u>**
**<u>and GUARANTEED HOME MORTGAGE COMPANY, INC.</u>**

158.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 157 of this complaint as if more fully set forth herein at length.

159.    Defendants FARHAAD YACOOB, NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. are liable for Plaintiff's attorney's fees paid or incurred in connection with this proceeding, since Defendants underlying actions were not only in bad faith, but were culpable and dishonest and amounted to actual fraud.

160.    As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendants awarding Plaintiff reasonable attorney's fees.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### Attorney's Fees;
### against Defendants BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION, BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC.

161.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 160 of this complaint as if more fully set forth herein at length.

162.  By reason of the foregoing, Defendants BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION, BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. are liable for Plaintiff's attorney's fees paid or incurred in connection with this proceeding.

163.  As a result of the foregoing, a judgment should be rendered in favor of Plaintiff and against said Defendants awarding Plaintiff reasonable attorney's fees.

WHEREFORE, Plaintiff prays for a judgment of this Court,

(1)     On the first cause of action, against Defendants FARHAAD YACOOB, NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC. :

(a)     declaring the deed conveying title to the Premises from the Plaintiff to defendant FARHAAD YACOOB fraudulent and declaring said deed null and void and of no effect, and

32

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above described mortgage in the amount of $348,500.00 and to execute all other documents necessary to effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance; and

(e)    awarding plaintiff all expenses of such re-conveyance.

(2)    On the second cause of action against Defendants NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC. and FARHAAD YACOOB:

(a) declaring the deed conveying title to the Premises from Plaintiff to Defendant FARHAAD YACOOB fraudulent and declaring said deed null and void and of no effect, and

(b)    directing the City Register of the City of New York, County of Kings, to mark its records in accordance with the foregoing so as to cancel the aforesaid deed as a matter of record; or,

(c)    in the alternative, directing Defendant FARHAAD YACOOB to re-convey the Premises back to Plaintiff free of the above-described mortgage in the amount of $348,500.00 and to execute all other documents necessary to

33

effectuate the foregoing, including but not limited to, execution of a bargain and sale deed with covenants against grantor's acts and transfer documents, or,

(d)    in the alternative, appointing Plaintiff as receiver of the Premises for the purposes of making such re-conveyance and,

(e)    any expenses of such re-conveyance.

(3)    On the third cause of action against Defendants FARHAAD YACOOB, BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA and RESIDENTIAL FUNDING CORPORATION declaring the mortgage given to Defendant BERKSHIRE FINANCIAL GROUP, INC. assigned to FIRST NATIONAL BANK OF NEVADA and thereafter assigned to RESIDENTIAL FUNDING CORPORATION to be null and void and directing the City Register of the City of New York to discharge said mortgage of record.

(4)    On the fourth cause of action against Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., BERKSHIRE FINANCIAL GROUP, INC., BENJAMIN JACOB TURNER, JONATHAN J. MASON-KINSEY, ATARA HIRSCH-TWERSKY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES, INC. and AGUSTA UWECHUE, in an amount to be determined by this Court.

(5)    On the fifth cause of action against Defendants FARHAAD YACOOB and NADIA YACOOB in an amount to be determined by this Court.

(6)    On the sixth cause of action against Defendants FARHAAD YACOOB and NADIA YACOOB in an amount to be determined by this Court.

(7)    On the seventh cause of action against Defendants FARHAAD YACOOB, NADIA YACOOB, GUARANTEED HOME MORTGAGE COMPANY INC., BERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION, BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. in an amount to be determined by this Court.

(8)    On the eighth cause of action against Defendant BENJAMIN JACOB TURNER in an amount to be determined by this Court.

(9)    On the ninth cause of action against Defendant ATARA HIRSCH-TWERSKY, in an amount to be determined by this Court.

(10)    On the tenth cause of action against Defendant SPAULDING PROPERTIES, INC. in the amount of $24,000.00 with interest from January 26, 2004.

(11)    On the eleventh cause of action against Defendant FARHAAD YACOOB, in an amount to be determined by this Court.

(12)    On the twelfth cause of action against Defendant FARHAAD YACOOB, in an amount to be determined by this Court.

(13)    On the thirteenth cause of action against Defendants NADIA YACOOB, FARHAAD YACOOB and GUARANTEED HOME MORTGAGE COMPANY INC., in an amount to be determined by this Court.

(14)    On the fourteenth cause of action against Defendants FARHAAD YACOOB and RESIDENTIAL FUNDING CORPORATION, permanently enjoining said defendants from:

(a)    prosecuting a holdover proceeding pending before the Civil Court of the City of New York, County of Kings, against the Plaintiff, L&T Index No. 98592-2005, and instituting or maintaining any other summary or other proceeding to evict or remove Plaintiff, members of Plaintiff's family or any other occupant from possession of the Premises known as 499 East 29th Street, Brooklyn, New York, a/k/a Block 5231 Lot 70;

(b)    entering into any contracts and/or agreements involving the Premises, offering for sale, selling, transferring, assigning, or in any way conveying the Premises to any person or entity other than Plaintiff;

(c)    executing or recording any deed transferring title to the above described premises to any person or entity other than Plaintiff;

(d)    selling, transferring, assigning, in any way conveying or foreclosing any existing mortgage or other encumbrance against the Premises;

(e)    executing, creating or recording any mortgage or other encumbrance affecting said Premises or any interest of any of the Defendants therein; and

(f)    entering into a lease with or permitting any person or entity other than Plaintiff to take possession of the said premises or collecting any rent from the 2nd floor tenant at the Premises on the grounds that the said acts of Defendants, if committed, will result in the immediate and irreparable harm, injury, loss and damage to Plaintiff.

(15)    On the fifteenth cause of action against Defendants FARHAAD YACOOB, NADIA YACOOB and GUARANTEED HOME MORTGAGE COMPANY, INC., awarding Plaintiff attorneys fees incurred in connection with this proceeding.

36

(16)    On the sixteen cause of action against Defendants against Defendants ERKSHIRE FINANCIAL GROUP, INC., FIRST NATIONAL BANK OF NEVADA, RESIDENTIAL FUNDING CORPORATION, BENJAMIN JACOB TURNER, ATARA HIRSCH-TWERSKY, JONATHAN J. MASON-KINSEY, CHICAGO TITLE INSURANCE COMPANY, DECISION 2000 REAL ESTATE SERVICES INC., AUGUSTA UWECHUE and SPAULDING PROPERTIES INC. awarding Plaintiff attorneys fees incurred in connection with this proceeding.

Dated: New York, New York
       November 22, 2005

                              Yours, etc.

                              HOWARD W. RACHLIN, ESQ.
                              Attorney for the Plaintiff
                              11 Park Place, Suite 816
                              New York, New York 10007
                              (212) 964-2552