**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF STIPULATION OF WITHDRAWAL OF RESCAP LIQUIDATING TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO (A) AMENDED AND SUPERSEDED CLAIMS; (B) LATE FILED CLAIMS; AND (C) DUPLICATE CLAIMS SOLELY AS IT RELATES TO THE CLAIM FILED BY MONTY AND HEATHER ALLEN (CLAIM NO. 6768)**

**PLEASE TAKE NOTICE** that the ResCap Liquidating Trust has filed the attached *Stipulation of Withdrawal of ResCap Liquidating Trust's Seventy-Second Omnibus Objection to (A) Amended and Superseded Claims; (B) Late Filed Claims; and (C) Duplicate Claims Solely as it Relates to the Claim Filed by Monty and Heather Allen (Claim No. 6768)*.

ny-1159492

|  |  |
|---|---|
| Dated: September 23, 2014<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Liquidating Trust* |

ny-1159492

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION OF WITHDRAWAL OF RESCAP LIQUIDATING TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO (A) AMENDED AND SUPERSEDED CLAIMS; (B) LATE FILED CLAIMS; AND (C) DUPLICATE CLAIMS SOLELY AS IT RELATES TO THE CLAIM FILED BY MONTY AND HEATHER ALLEN (CLAIM NO. 6768)**

This stipulation ("Stipulation") is made and entered into between The ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases") and Monty and Heather Allen (the "Claimants", and together with the Trust, the "Parties"), through their respective counsel, if any, to withdraw, without prejudice, the Seventy-Second Omnibus Claims Objection (defined herein) to the Claimants' proof of claim filed against the Debtors.

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the debtors in the Chapter 11 Cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and

**WHEREAS**, on May 16, 2012, the Court entered an order [Docket No. 96]

ny-1158855

appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors (the "Claims Register"); and

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Trust was established [Docket No. 6137]; and

**WHEREAS**, on or about February 25, 2013, the Claimants filed a proof of claim against Residential Capital, LLC in an unliquidated amount, which was designated by KCC on the Claims Register as Claim No. 6768; and

**WHEREAS**, on August 22, 2014, the Trust filed the *ResCap Liquidating Trust's Seventy-Second Omnibus Objection to (A) Amended and Superseded Claims; (B) Late Filed Claims; and (C) Duplicate Claims* [Docket No. 7417] (the "Seventy-Second Omnibus Claims Objection"), asserting, among other things, that Claim No. 6768 should be disallowed and expunged on the basis that the Proof of Claim was filed after the bar date; and

**WHEREAS**, on September 11, 2014, the Claimants filed a response to the Seventy-Second Omnibus Claims Objection [Docket No. 7524] (the "Response"); and

**WHEREAS**, the Trust disputes the validity of the Proof of Claim.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

ny-1158855

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. Pursuant to Fed.R.Civ.P. 41(a)(1)(ii), made applicable herein by Fed.R.Bankr.P. 9014, the Trust in the above-captioned bankruptcy cases withdraws, without prejudice, the Seventy-Second Omnibus Claims Objection against the Claimants.

3. The withdrawal of the Seventy-Second Omnibus Claims Objection as to the Claimants does not constitute any admission or finding with respect to the allowance of claim number 6768 filed by the Claimants, and the Trust reserves all rights to object to all claims filed by the Claimants on any basis at a future point in time.

4. The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

5. This Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation.

6. This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement.  Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

7. This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or

their respective counsel, as applicable.

8. This Stipulation shall be binding upon the Parties as well as any successor in interest.

9. No notice to creditors or other parties in interest, or further approval by the Court, is required to effectuate the terms and conditions of this Stipulation.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date set out below.

Dated: September 23, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Liquidating Trust*

Dated: September 23, 2014

/s/ Jeffrey B. Austin
Jeffrey B. Austin
211 S. Cedar Street
Florence, AL 35630
Telephone: (256) 766-1354

*Counsel for Monty and Heather Allen*