MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S RESPONSE TO MOTION FOR RELIEF
FROM THE AUTOMATIC STAY FILED BY HSBC BANK USA, N.A. AS TRUSTEE**

ny-1159360

The ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the chapter 11 plan [Docket No. 6065] (the "**Plan**") confirmed in the above captioned bankruptcy cases (the "**Chapter 11 Cases**"), as successor in interest to the above captioned debtors (collectively, the "**Debtors**") with respect to these matters as provided for under the Plan, hereby submits this response (the "**Response**") to the *Motion for Relief from Automatic Stay* [Docket No. 7392] (the "**Motion**") filed by HSBC Bank USA, N.A. as trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2005-HE3, Asset Backed Pass-Through Certificates (the "**Movant**"). For its Response, the Liquidating Trust respectfully states as follows:

## RESPONSE

1. The Motion seeks relief from the automatic stay to resume litigation in a civil action filed by Lucienne Lombard ("**Plaintiff**") in the Supreme Court of the State of New York, County of Kings (the "**State Court**"), Case No. 2005/36016 (the "**Action**"). In the Action, Plaintiff asserted two claims against Debtor Residential Funding Company, LLC ("**RFC**"). First, Plaintiff sought to void a mortgage granted by defendant Farhaad Yacoob ("**Yacoob**") after Yacoob allegedly defrauded Plaintiff of her property, which mortgage was subsequently assigned to RFC and satisfied.[1] Second, "to the extent the [State] Court determines" that the mortgage previously held by RFC should not be voided, the Complaint sought disgorgement by RFC and certain other defendants that previously held the mortgage of "any and all monies said Defendants received pursuant to or as a result of" the mortgage.[2] On February 20, 2007, the State Court granted the Plaintiff's request for a default judgment against certain defendants including Yacoob (although not against RFC), and ordered that the deed conveying title to

---

[1] *See* Third Verified Amended Complaint (the "**Complaint**"), attached to the Motion as <u>Exhibit D</u>, at ¶¶ 86-93 (Cause of Action 3).
[2] *See* Complaint at ¶¶ 232-233 (Cause of Action 23).

2

ny-1159360

Yacoob and the mortgage subsequently granted by Yacoob and assigned to RFC were null and void *ab initio*. The Liquidating Trust submits that, to the extent that RFC was ever a necessary party to the Action, the court's order voiding the mortgage previously held by RFC renders Plaintiff's twenty-third cause of action moot and RFC is no longer a necessary party to the Action.[3]

2.  Moreover, while Movant has indicated its desire to pursue equitable or other relief in the Action in connection with its interest in the Property, the Liquidating Trust understands that RFC is not a necessary party in connection with Movant's request for such relief and Movant does not intend to name RFC as a defendant in connection with any counterclaim or cross-claim it may file.

3.  Based on the foregoing, the Liquidating Trust does not oppose the Court granting the Motion, including permitting any party in the Action to seek to sever RFC, as long as any order granting the Motion precludes the commencement or continuation in the Action of any cause of action for monetary damages or equitable relief against RFC or any other Debtor. In this regard, attached hereto as <u>Exhibit 1</u> is a form of order the entry of which has been agreed to by Movant and the Liquidating Trust.

---

[3] Additionally, even if Plaintiff's alternative request for relief in her twenty-third cause of action were not moot, RFC should not be required to participate in the Action or defend against that cause of action because it seeks only monetary relief and Plaintiff failed to file a proof of claim in these Chapter 11 Cases.

Dated: September 23, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Liquidating Trust*