**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER DENYING FRANKLIN MOTION TO COMPEL DISCOVERY

Pending before the Court is Tom Franklin's *Motion to Compel Discovery* (the "Motion," ECF Doc. # 7444). By his Motion, Franklin requests discovery in these proceedings. But Franklin has no claims pending before the Court. For the reasons provided below, Franklin's Motion is **DENIED**.

Franklin's first claim was expunged when the Court granted the Debtors' Twenty-First Omnibus Objection (*see* ECF Doc. # 5049). Franklin thereafter appealed the Court's order expunging Claim No. 1195 to the United States District Court for the Southern District of New York; that appeal was denied. His appeal of the district court's opinion is pending before the Second Circuit. Franklin then filed a motion to reinstate that claim with this Court; the Court denied Franklin's motion to reinstate Claim No. 1195 on July 1, 2014, and Franklin appealed that order to the United States District Court for the Southern District of New York. (*See* ECF Doc. ## 7209 (Order Denying Franklin Request that Case be Allowed to Continue), 7284 (Notice of Appeal).) The Court expunged Franklin's second claim, Claim No. 7355, when the Court granted the ResCap Liquidating Trust's Sixty-Third Omnibus Objection. (*See* ECF Doc. # 7096.) On June 27, 2014, Franklin appealed that order. (*See* ECF Doc. # 7096.)

Filing a notice of appeal confers jurisdiction on the appellate court, and divests a trial court of jurisdiction to act on the matters that are subject to the appeal. *See, e.g.*, *In Re Winimo*

*Realty Corp. et al. v. City of Albany, et al.*, 270 B.R. 99 (S.D.N.Y. 2001) (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (filing of notice of appeal divests lower court of jurisdiction over those aspects of the case involved in the appeal). "The divestiture rule applies to appeals of bankruptcy proceedings." *Id.* (citing *Hagel v. Drummand (In re Hagel)*, 184 B.R. 793, 798 (9th Cir. BAP 1995) ("A pending appeal . . . divests a bankruptcy court of jurisdiction."); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994)).

Franklin has no claims pending before the Court, and he has appealed the Court's prior orders expunging his claims and denying his request to reinstate Claim No. 1195. Consequently, he is not entitled to take discovery of the Debtors in this court. The Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2014
      New York, New York

                                      **/s/Martin Glenn**
                                        MARTIN GLENN
                             United States Bankruptcy Judge