THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*,) | | Case No. 12-12020)(MG) |

## MOTION TO ALLOW LATE FILED CLAIM TO BE TREATED AS TIMELY FILED

Now comes the mortgagee, Michael Dockery, (hereafter "Dockery") is pro se, in this matter, and respectfully requests to allow his late file to be treated as timely filed. In support of this motion the mortgagee submits the following:

1. The mortgagee, Michael Dockery, filed a law suit against then GMAC Mortgage, (hereafter "GMAC") in the Plymouth County Superior Court, Docket No. PLCV2007-01433,

2. There was a trial held and the jury returned a verdict in favor of GMAC on the issues presented, which included terms of the mortgage and whether or not the terms were violated by Dockery,

3. Dockery appealed the adverse verdict and filed a timely notice of appeal still pending.

4. During the appeal process, Dockery discovered some additional information in the form that allowed Dockery to file for Relief from

Judgment, due to fraud on the part of the attorney's representing GMAC, who had mislead the court on critical document disputes, which would change the decision of a jury, if said information was known at the time of trial and presented,

5. Dockery's Rule 60(b) Motion for Relief of Judgment is before the Plymouth Superior Court, Docket No. PLCV2007-01433, and currently on stay, pending the outcome in the matter of Residential Capital LLC, who is the parent company of GMAC, in particular, a mortgage in which Dockery is the Mortgagee with pending litigation in state court.

6. Attorneys representing GMAC or appearing in state court submitted a Motion to the Plymouth county Superior Court in opposition to Dockery's Motion for relief from Judgment ,(attached hereto),

7. Residential Capital, LLC. Filed the instant Bankruptcy, sold the asset to Ocwen Loan Servicing, LLC, who sold it to 21st Mortgage, who is ignoring the state litigation and making attempts to foreclose on the property, now in the possession of Dockery.

8. Residential Capital LLC, failed to notify the court of this pending litigation involving GMAC and reported to the Plymouth Superior Court, through their attorneys, that the property is before the US Bankruptcy

Court, Docket No. 12-12020. The attorney representing GMAC notified the trial attorney who represented Dockery at the trial. That attorney was not Dockery's attorney of record and Dockery was not being advised by any attorney during the period of the establishment of the court's bar dates.

9. Dockery therefore missed the bar date, due in part to the Superior Court order to stay the matter pending the results of the Bankruptcy conclusion.

10. Dockery followed the state court order to stay his pending pleading and the attorneys represented to the court that the property was in the bankruptcy stages, but neglected to inform the state court that their client, Residential Capital LLC, is representing that their company sold all the property with an understanding that the said properties, including Dockery's property located at 255 Court St, Brockton, Mass. 02302, under loan number 5901-0000-0601340930, was purchased by Ocwen Mortgage Servicing, LLC, free and clear of all actions against the property or GMAC. (See attached order to stay proceedings)

11. The attorneys of 21st Mortgage, filed foreclosure documents and sent notices to the tenants in the property, owned by Dockery, requesting

that the tenants move out immediately and that the property was being foreclosed. (See attached notice to tenants)

12. Dockery discovered that if the Bankruptcy Court was not made aware of the state pending litigation, the Bankruptcy Court would not be aware and allow Residential Capital LLC, to include Dockery's property in the Bankruptcy as "free and clear" and in affect make his case against GMAC Mortgage in state court a moot issue, violating the Due process Rights of Dockery.

13. The attorneys for 21st Mortgage, the new owner of the mortgaged property held by Dockery has represented to Dockery that they intend on foreclosing, despite the pending litigation, citing that the property was purchased through the Bankruptcy, free and clear and there is not successor agreement for Ocwen Mortgage Servicing, LLC, to honor pending litigation that was against GMAC, prior to and after their purchase of the properties.

14. Dockery was unaware that he had to make a claim in the Bankruptcy proceeding and although the attorneys for 21st Mortgage, was aware of the pending litigation, they failed to notify or inform the Bankruptcy

court of the pending litigation that was in "stay" status pending the outcome of the Bankruptcy.

15. As a result of the attorneys actions or inactions, Dockery risk losing his property, without Due Process and the new mortgage company, ignoring the pending litigation, gets to foreclose on the property because Dockery asserted his rights by filing an action against GMAC for mortgage breach of contract due to fraud.

16. The mortgage title holders, had refused to accept payments from Dockery, now being held in escrow and refuse to resolve the issue or make a reasonable agreement to resolve the matter.

17. This Bankruptcy Court should allow Dockery's late filing of claim as a matter of fairness, wherein Dockery followed the state court order to stay the proceedings, which were pending prior to Residential Capital LLC, purchase and filing of Bankruptcy and where there was excusable neglect and in fairness

18. Dockery has not been represented by an attorney during any of the proceedings and the state court order was controlling his decision on proceeding with the litigation against GMAC.

19. Dockery complied with the state court order to "check in" every six months to see if the Bankruptcy would be resolved in order to proceed on the state litigation and Residential Capital LLC, attorneys represented to the court that the issue was not resolved and still pending in the Bankruptcy process, leaving Dockery with uncertainty and his property in jeopardy.

20. Dockery summits his affidavit hereto in support of allowing him to file his untimely claim.

Respectfully Submitted,

*/s/ Michael Dockery*

Michael Dockery, Pro Se