# THE UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*,) | | Case No. 12-12020)(MG) |

### Plaintiff Affidavit in Support of motion to allow filed claim to be treated as timely filed

- On Aug 16 2005 Plaintiff, Michael Dockery and my wife, Marilyn Dockery executed a note and mortgage in the original amount of $348,000 on the property located at 255 Court Street in Brockton, Massachusetts. On the Closing Date the annual hazard insurance was $2,934 which was paid in full and proof was given.
- After the closing date, I tendered monthly payment to GMAC pursuant to my mortgage coupons, which included principle, interest and escrow funds for taxes and insurance
- Although the property was fully insured, GMAC purchased forced placed insurance on the property and charged me for the additional funds which increase the loan and the monthly payments.
- I attempted to give proof of insurance, and mortgage agreement, but GMAC refuse, and continued to put forced place insurance on the property.
- GMAC reported to the credit bureaus that I wasn't making payments, and that the property was being foreclosed, GMAC also refuse my monthly payments.
- Every time I tried to make a payment in good faith, GMAC refused it.
- After multiple attempts to resolve the issue with GMAC, it didn't work, so I contacted the Massachusetts Division of Banking.
- The Massachusetts Division of Banking investigated the matter between both parties saw all the evidence and proof.
- GMAC conceded to the Massachusetts Division of Banking that it would take my property out of foreclosure, fix my credit and show the loan as being current.

- Although GMAC made all those claims to the state agency the never fulfilled that agreement.
- On November of 2007 a lawsuit was filed against GMAC.
- On September 2011, one day before the trial GMAC Mortgage attorney filed a Motion call all my evidence hearsay.
- Although the judged claimed he read the summary judgment report, he never took notice that the defendant admitted the messed up my credit report and that they would also take the property out of foreclosure, the judge didn't rule on the motion and also didn't allow me to mention or show all the evidence regarding my credit and foreclosure.
- The defendant GMAC Mortgage never told the judge that they had made an agreement with a stated agency to do certain things which they required by law to announce any agreement with a government agency with the court.
- At trial GMAC told the judge and the jury that there was never any issues regarding my credit or foreclosure, and once they found out the property had insurance on the property the force place insurance was dropped.
- The trial was won by the defendant on all counts.
- After the trial a credit report was ran, which prove the defendant deceived the judge and the jury.
- A Rule 60 B Motion was file by me, Pro se Michael Dockery for the issue of fraud.
- In May 2012, defendant, GMAC, filed for bankruptcy
- In June of 2012 I received an order from the court stating all action regarding a pursuit of my case is on automatic stay.
- Within every 6 month I would notify the court that GMAC is still in bankruptcy and I'm still interested in pursuing the case once they're out of it.
- In January of 2013 my tenants told me on several occasion employees of 21st mortgage would come by the property and tell them, they would have to find a place to live because the property was being foreclosed on. The person also left a letter.
- Although GMAC/Rescap and 21st Mortgage knew that there were ongoing litigation regarding this property they did not notified me or the court

regarding the new owner of the property or the status on the case, even though they had the court and my contact information.

- It was by this letter that I found out who the new owners of the loan was and I called them afterward.
- After multiple phone conversations and mails from 21st mortgage and its attorneys, they gave the impression that the bankruptcy was over, so I requested a status hearing regarding the case.
- Before the status hearing on March 20 2014, 21st mortgage kept on harassing me and my tenants, so I sent them a letter explaining that they're violating the Automatic stay that was imposed by the court.
- At the status hearing on March 20, between Myself, Clerk Magistrate Adam Baler, and 21st Mortgage, 21st Mortgage Attorney claim that GMAC Mortgage no longer exist and he was there representing his clients interest in this lawsuit.
- After representing that GMAC/Rescap no longer exist, on May 14th 2014, 21st Mortgage attorney finally answered my complaint, but when he answered it he stated GMAC/Rescap was still in bankruptcy and that I had missed the bar date, and also 21st mortgage had no Successor Liability in this matter.
- I told the Clerk Magistrate, and 21st Attorney, I had received a noticed from the court barring anyone from interfering with the case by an impose automatic stay, and the court also have to be notified within every 6 months if an individual want to pursue the case, which I did.
- On July 2 2014, Plymouth Superior Court Judge verified that the bankruptcy is still ongoing and he would not act on this case until receive something official from the bankruptcy court stating that the bankruptcy, or any other information showing that this case is over before he would deal with this issue of the rule 60 b regarding fraud.
- In the mean-time I have tried to work out a deal with 21st mortgage regarding pay the mortgage but they have refused to deal with me, regarding this issue. They have stated on several occasions that I would have to drop the lawsuit and sign paperwork stating that no fraud was committed and I have no interest in a lawsuit.

- I have sent 21st Mortgage a check for the mortgage and they refused the money, and sent it back.
- They have also refused to pay the insurance on the property, which I am currently paying in good faith.
- Despite all the hostility and them refusing to accept the mortgage payment from me, unless I drop the lawsuit, I have create an escrow account with the monthly mortgage payment in it, until the case is resolved.
- As of this date, September 16, 2014, we are still waiting on a resolution.

# Commonwealth of Massachusetts

**PLYMOUTH, SS.**
**COUNTY**

**SUPERIOR COURT DEPARTMENT**

**CIVIL ACTION NO.: 07-1433A**

**Michael Dockery,**

      **Plaintiff,**

**v.**

**GMAC Mortgage, LLC,**

      **Defendant**



## AFFADAVIT OF PLAINTIFF, MICHAEL DOCKERY PRO, SE IN SUPPORT OF THE MOTION FOR RELIEF FROM JUDGMENT.

NOW COMES PLAINTIFF, Michael Dockery, in the above-captioned matter and states under the pains and penalties of perjury the following facts to support his Motion for Relief from Judgment.

Affidavit

- I Michael Dockery, the plaintiff in this case against the defendant, GMAC.
- On or about August 16, 2005 (the Closing Date), I executed a Secured Promissory Note (the Note) in the original principal amount of Three Hundred Forty-Eight Thousand (348,000) Dollars. The Note was secured by a Mortgage recorded against the real property located at 255 Court Street, Brockton, Massachusetts.
- On the Closing Date, Plaintiff annual hazard insurance was $2,934, as evidenced by Vargas & Vargas ("Agent") proof of insurance for the property from October 31, 2004 to October 31, 2005, which shown the policy was paid in full with a copy of the check. **(see exhibit 1 & 2)**
- Despite the fact that GMAC was in charge of my escrow account and the Property was insured through October 31, 2005, in September 2005 GMAC purchased forced placement insurance and charged to it to my account for $4,019 for the purchase of the forced placement

insurance. GMAC purchased the Plan under the falsity that I failed to provide GMAC with proof of insurance. At all times I had maintained insurance on the Property and GMAC was in charge of my escrow account for that property.

I made multiple attempts, to no avail, to resolve this error directly with GMAC's customer service department. I received a letter from the defendant dated September 22, 2005 asking for proof of insurance. Pursuant to that letter, I called the "help line" number on the letter and told the assistant that I had an insurance policy in force until October 31, 2005 that was self-renewing, and that they should contact my agent, Vargas and Vargas, as per the closing documents.

- I again, received a letter from the defendant dated November 6, 2005 again asking for proof of insurance. Pursuant to that letter, I called the "help line" number on the letter was told by the assistant that "sometimes it takes the system a while to catch up, just pay the coupon amount" and to disregard the letter.
- I began to receive forced placement insurance notices and default notices again until Vargas and Vargas sent GMAC a bill for the November 1, 2006 to October 31, 2007 policy, which GMAC paid in full.
- On January 2007 GMAC refused my monthly mortgage payment, there reason was that I was in arrears and a shortage, therefore the loan was being escalated to foreclosure. **(see exhibit 3)**
- January 2007 I found out from GMAC the reason why they were refusing my mortgage was because they claimed I didn't have insurance on the property, so they placed a Force Place Insurance on the property which caused my escrow account to have an arrearage and shortage.
- January 2007, Vargas and Vargas faxed over proof of Insurance for all the years GMAC claimed that the property wasn't covered, plus the November 2006 to October 2007 bill that GMAC had just paid.
- In January 2007, I tried to buy another property but I was denied the loan, the reason the mortgage lender told me was "due to my derogatory credit from my continuing late payment to GMAC ". **(See exhibit 4 &5)**

- In January 2007, I lost my credit line that I had with Bank of America, due to the derogatory card I had with GMAC. **(See exhibit 6)**

- Spoke to the help line at GMAC regarding the late payments on my credit report, they

told me the reason why there were late payment on my credit report, was based on the fact that GMAC was using my mortgage payment to supplement the Force place insurance, which made the payment short and that why the credit report had those late payments on it.

- I tried to resolve the issues of force place insurance and my derogatory credit on my own with GMAC ,I sent proof of my Insurance binder, the check from the previous year's closing, my current credit report, and they wouldn't acknowledge me.
- Despite assurances, GMAC indeed placed the supplemental policy on my property for a second consecutive year in September 2006. GMAC purchased the policy despite its acknowledgement of appropriate coverage as evidenced by letter from GMAC dated February 8, 2007. **(see exhibit .7 &8)**
- GMAC has had proof that 255 Court Street was indeed insured from the closing date until October 2007. It appears that the department that mailed the letters and the department that took the telephone calls were not communicating. GMAC was aware that my insurance agent was Vargas and Vargas the entire time, and never attempted to contact them for information on this annually renewing policy. (See Exhibit .1)
- After the February 8, 2007 acknowledgement, I attempted to resume payments in accordance with my obligation. Incredibly, my payments were rejection by GMAC due to the delinquent charge overruns created by the erroneous "supplemental" policy. In fact, there are several examples of this unfair treatment and miscommunication between departments. GMAC began foreclosure proceedings on the property. **(See exhibit 9)**
- Despite the letter of clarification from the Defendant, still the different internal departments within GMAC weren't communicating with each to update their system with my account information.
- In February 2007 I wrote the President of GMAC and also the Insurance Department to voice my concerns and they still didn't take my issues seriously a copy of the letter was also sent to Mass Division of Banking.
- In February 2007 I had to hire a lawyer Linda Champion in order to get some resolutions.
- In February 2007 I contacted The Massachusetts Division of Banking because GMAC was still acting in bad faith in resolving these issues. **(see exhibit .10)**
- Multiply phone calls, faxes and letters were made and sent between myself, Linda Champion and GMAC to resolve these issues.
- While my lawyer Linda Champion was dealing with GMAC to resolve the issues, I was also working with the mass division of banking rep Michael Tumsaroch, we exchange multiply

phone calls and letters to help assist me in this matter.

- In an effort to bring a conclusion to the issues and claims between me and GMAC, Mr. Tumsaroch from the Massachusetts Division of Banking made phone calls, sent and received letters from both parties dealing each claim.
- March 7 2007, after the due diligent investigation by Linda Champion into the escrow account and mortgage payment, a letter detailing the account history was sent to GMAC and Mass Division of Banking. Several documents were sent to both parties which help back up my claims, my credit report, denial letter from bank of America, Mortgage loan denial letter, copy of paid in full check for insurance for the entire year, etc.
- April 12,2007 After multiply phone conversations and paperwork between Plaintiff Attorney Linda Champion and Theresa M. Darst and the helpline staff of GMAC an agreement was made, GMAC agree to re-credit Plaintiff escrow account, take the property out of foreclosure, and repair my Credit Report to reflect no late payments, etc. This agreement was never carried out by the defendant, which is in writing. **(see exhibit .11)**
- April 17, 2007, after the Division of Banking thorough investigation in both claims, GMAC acknowledgement that they made numerous errors on my account, GMAC made multiply concessions to the state, which includes cease of foreclosure, amend credit report to reflect no late payments. **(See exhibit 12)**
- July 7, 2009, Defendant filed summary judgment motion, with brief and affidavit for Summary Judgment.
- July 7 2009, GMAC Mortgage, LLC memorandum of law in support of its motion for Summary Judgment, (page13), Defendant stated "Many of Plaintiff's allegations against GMAC relate to the fact that negative information was furnished to various credit reporting agencies but GMAC was entitled to do so per the terms of the contract".
- July 7, 2009, Affidavit of Scott Zeitz in support of defendant GMAC Mortgage, LLC motion for summary judgment, Mr Zeitz states, GMAC will fully refund Plaintiff escrow account, waive all foreclosure fees, amend credit report to reflect that no late payments were received from October 21, 2006 through April 2007, upon receipt of reinstatement funds.

- April 7, 2010, Deposition of Michael Dockery, I, with my counsel Keith Slattery, and for the Defendant GMAC, Attorney Ms. MCkelvey .
- April 7, 2010, During the Deposition, Defendant attorney Ms. MCkelvey asked me a majority of the question that revolved around the documents that were sent to GMAC and the

Mass Division of Banking i.e(My credit report, denial letter from bank of America, Mortgage loan denial letter), my dealings with the State division of banking, and that fact GMAC offered to re-credit my account and fix my credit. **(see exhibit .13)**

- April 7, 2010, During the Deposition,(page 283-284) Defendant attorney Ms. MCkelvey stated

Q. After their records reflect that they received proof of insurance, October 31, 2006 and they also offered to amend your credit to reflect no late payments received after October 31, 2006; is that right?

A. Yeah

Q. And they further agreed they will remove the fees, and that they will—payments received from October 31 to the present will reflect as timely made so that would have removed any negative credit reports on all of those payments?

A. Yeah

Q. But your issue with this offer, if I understand what you're saying, is that the numbers listed after that paragraph are incorrect?

A. Incorrect

- One business day before the start of the trial September 23, 2011, Defendant GMAC filed a motion in Limine to preclude any reference to my credit score, credit history and or denial of loan applications on the basis of hearsay. The court never took notice of the affidavit where the defendant agent admitted to certain facts that were undisputable. **(See exhibit 14)**

- Sept 26, 2011, Defendant never told the judge about the agreement that GMAC had made with official state office that investigate the incident The Massachusetts Division of Banking and that part of the agreement was to reinstate Plaintiff credit information.

- Sept 26, 2011 GMAC Counsel deceive and misrepresented credited information to the judge, GMAC Council Mr. Febella claimed it was GMAC first time receiving certain documents regarding my credit information, and that some of the documents were clear in its information.

- Sept 26, 2011, the documents that Mr. Febella misrepresented as hearsay were the same documents that were given to GMAC and the Mass Division of Banking when the initial investigation took place, the same documents that Defendant council read from during my deposition, which they made the agreement to restore my credit and take the property out of foreclosure.

- The defendant admitted that they made the error in a letter prior to trial in response from a state agency and they had agreed to correct the error on my credit report. This agreement was

in writing and within an affidavit submitted to the court. It was not introduced at trial. The court failed to take notice that the defendant or their agent gave a sworn statement in the form of an affidavit about the facts and the defendant's actions and that the defendant agreed to correct the credit report.

- The affiant, an employee of the defendant, failed to come to court even though I had my lawyer tried to get an address from the defendant to send a subpoena for that witness to appear before the court. The defendant claimed that the affiant no longer worked for the company on the day of trial.

- At trial my attorney, Mr. Slattery asked the judge "Yes. Your Honor, are you familiar with the case or would you like a brief back?"
The Court answered "I read the summary judgment motion so I think I have some grasp of it."
**(See exhibit 15)**

- The judge did not rule on the motion to preclude any reference to the plaintiff's credit score, credit history, or denial of loan application on the basis of hearsay, therefore every time I tried to present evidence about my credit or foreclosure, GMAC would object to it. **(See exhibit 16)**

- Peter Knapp, an attorney and also the Keeper of the Recorders for GMAC was allowed to testify, and mislead and deceived the judge and jury, regarding GMAC call log, my credit, foreclosure, the reinstatement figures that GMAC constantly got wrong and other vital information, because my evidence from the state agency, and other companies regarding my credit was not allow to be discussed on my behalf. **(See exhibit 17)**

- Peter Knapp testified that GMAC call log recorded every fax, letter, and phone calls made on a customer's behalf, and I didn't contact them until (Nov 06) 13 months later base on their call log, but GMAC Rep Theresa M. Darst letter to my attorney, contradicted their own timeline. **(See exhibit 11)**, also the letters, faxes, and phone call from the Mass Division of Banking and attorney Linda Champion proves that he was making a false statement, but I could not present my evidence because GMAC called it hearsay.

- Keeper of the Recorders for GMAC Peter Knapp, testified that there were never any issues regarding foreclosure, incorrect escrow funds, or credit damage to me, and once GMAC found out that I had insurance on the property they re-instate my account and I was all set, back

in good standings. **(see exhibit 17)**

- On December 5th 2011, I tried to buy another property and I was denied financing due to my derogatory credit from GMAC, which is listed in the new credit report that was ran, which contradict the testimony of Peter Knapp and the agreements that was made between the Massachusetts Division of Banking and GMAC and me. Although GMAC told the Mass Division of Banking that they would stop report the wrong information to the credit bureau, GMAC continued after the fact. **(see exhibit 18)**

I feel that the trial was unfair and denied my rights because the court allowed testimony from the defendant employee witness who had no personal knowledge of the facts and had not worked the capacities for which he testified.

I also believe that the court should allow me relief from judgment, a new trial and a fair trial after my relief from judgment, because justice was not done and in fairness the evidence of the facts were not presented in a fair manner, as stated in my motion and the laws of the Commonwealth.

Signed under the pains and penalties of perjury:

Dated: March 28, 2014

Respectfully submitted.
Micahel Dockery
Plaintiff,