COMMONWEALTH OF MASSACHUSETTS           SUPERIOR COURT
PLYMOUTH COUNTY

MICHAEL DOCKERY
    Plaintiff,

v.                                              C.A. No. PLCV2007-01433-B

GMAC MORTGAGE, LLC
    Defendant.



## DEFENDANT'S STATEMENT OF REASONS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

21st Mortgage Corporation, on behalf of Defendant GMAC Mortgage, LLC, in support of its Opposition to the *Pro Se* Plaintiff's misguided and unlawful Motion for Relief from Judgment submits the following Statement of Reasons:

1. On August 16, 2005, the Plaintiff and his wife, Marilyn Dockery, executed a Note and Mortgage in the original principal amount of $348,000 (the "Mortgage Loan") relative to the real estate and improvements that they jointly own located at 255 Court Street in Brockton, Massachusetts (the "Mortgaged Property").

2. The Mortgaged Property is a three-family residence. The Plaintiff does not live at the Mortgaged Property (indeed, it is questionable whether he *ever* lived there). He collects the rents from the tenants there and has done so since at least 2006, when he stopped making payments under the Mortgage Loan.

3. In November 2007, the Plaintiff, through his then counsel of record, initiated the subject action against Defendant GMAC Mortgage, LLC ("GMAC Mortgage"),

claiming that GMAC Mortgage breached the terms of the Mortgage Loan and alleging that GMAC Mortgage had engaged in conduct that violated M.G.L. Chapter 93A. At the time that the suit was commenced, GMAC Mortgage was the servicer of the Mortgage Loan.

4. The Plaintiff's Complaint sought <u>money damages only</u> against GMAC Mortgage. The Plaintiff sought damages from GMAC Mortgage for GMAC Mortgage's *acts and omissions* in servicing the Mortgage Loan from 2005 to 2007. There are no claims for equitable relief in this action.

5. The case went to trial before a jury in Plymouth County Superior Court in September 2011. A verdict was rendered in favor of GMAC Mortgage and against the Plaintiff on all counts.

6. Subsequent to the trial, GMAC Mortgage and its parent company, Residential Capital, LLC ("ResCap"), filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York on May 14, 2012. Accordingly, the Plaintiff's claims against GMAC Mortgage became subject to the automatic stay and the Bankruptcy Court's claims process in the ResCap / GMAC Mortgage bankruptcy proceeding.

7. The Plaintiff, through his then counsel of record at the time (Dilday and Associates, LLC of Boston, Massachusetts), was on the service list in the ResCap / GMAC Mortgage bankruptcy proceeding. The Plaintiff received notice from the Debtors' Claims and Noticing Agent of the Proof of Claim process as to GMAC Mortgage in Bankruptcy Court, as well as the Bar Date for claims against the bankruptcy estate.

8. The Case No. for GMAC Mortgage's jointly administered bankruptcy in the United States Bankruptcy Court for the Southern District of New York is 12-12020-mg. As of today's date, the bankruptcy proceeding **is still open and pending**.

9. On June 6, 2012, trial counsel for GMAC Mortgage filed a Notice of Bankruptcy and Effect of Automatic Stay with this Court.

10. On June 11, 2012, this Court (Gaziano, RAJ) issued an Order staying this action until further order of this Court.

11. On November 21, 2012, the Bankruptcy Court in for the Southern District of New York entered two (2) Orders: (i) approving the sale of all of the loans out of the ResCap Bankruptcy to Berkshire Hathaway, Inc.; and (ii) approving the sale of all of GMAC Mortgage's servicing rights to Ocwen Loan Servicing, LLC ("Ocwen").

12. True and correct copies of the Bankruptcy Court's Order and the Court-approved Asset Purchase Agreement between Ocwen and the bankrupt companies are attached hereto as <u>Exhibit A</u>.

13. Pursuant to the Court's Order and the terms of the Asset Purchase Agreement, Ocwen did not assume any of the liabilities of GMAC Mortgage in its servicing of any loans, including the Plaintiff's Mortgage Loan. The Order provides on page 2 that Ocwen bought the assets of GMAC Mortgage "free and clear of all Claims." "Claims" are defined in the Order and the Asset Purchase Agreement as "any right to payment" from GMAC Mortgage, "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown." Similarly, the Order at

Paragraph 23 on page 27 states that Ocwen has no successor liability for any claim against GMAC Mortgage that pre-dates November 21, 2012.

14. Any claims that the Plaintiff asserted against GMAC Mortgage in this action were "Claims," as defined in the Order and the Asset Purchase Agreement, and they remained in the claims process of the ResCap / GMAC Mortgage bankruptcy. Any potential liability for the Plaintiff's claims against GMAC Mortgage was <u>not</u> assumed by Ocwen.

15. The Plaintiff's Mortgage Loan was one of the loans acquired by Berkshire Hathaway, Inc. out of the bankruptcy estate, and the servicing of the Plaintiff's Mortgage Loan was acquired by Ocwen out of the bankruptcy estate.

16. In accordance with the transactions described above, the Plaintiff's Mortgage Loan was assigned by Mortgage Electronic Registration Systems, Inc. to Ocwen by an Assignment of Mortgage dated August 15, 2013. A true and correct copy of the Assignment of Mortgage from MERS to Ocwen Loan Servicing, LLC was recorded in the Plymouth County Registry of Deeds on September 6, 2013 at Book 43579, Page 221, and is attached hereto as <u>Exhibit B</u>. Thereafter, Ocwen assigned the Plaintiff's Mortgage Loan to 21st Mortgage Corporation by Assignment dated November 4, 2013. A true and correct copy of the Assignment of Mortgage from Ocwen to 21st Mortgage Corporation was recorded in the Plymouth County Registry of Deeds on November 12, 2013 at Book 43814, Page 198, and is attached hereto as <u>Exhibit C</u>.

17. 21st Mortgage Corporation presently owns the Mortgage Loan, and is the holder of the Note and the Mortgage.

18. 21st Mortgage Corporation contacted the Plaintiff in 2013 to collect amounts due and owing under the Mortgage Loan, as the Plaintiff has been consistently in default thereof since 2006. Despite not paying the real estate taxes, insurance or debt service on the Mortgaged Property for over eight (8) years, the Plaintiff has continuously collected and enjoyed the rents from the tenants at the Mortgaged Property.

19. Inexplicably – and in clear contempt of the Orders of the United States Bankruptcy Court for the Southern District of New York and of this Court – the *Pro Se* Plaintiff has apparently represented to this Court that the bankruptcy of GMAC Mortgage has recently concluded and that this Court should now consider his Motion for Relief from Judgment.

20. 21st Mortgage, as the current owner of the Mortgage Loan, has authorized the undersigned counsel to appear in the name of GMAC Mortgage, in order to apprise this Court that the stay remains in full force and effect and that the sole and exclusive forum for the Plaintiff to pursue his claims against GMAC Mortgage is the United States Bankruptcy Court for the Southern District of New York in Case No. 12-12020-mg (Jointly Administered).

21. The undersigned counsel indicated to the *Pro Se* Plaintiff in writing, by correspondence dated April 23, 2014, that Plaintiff's proposed Motion for Relief from Judgment was improper, unsupportable under the law, disingenuous and violative of the automatic stay in effect. The undersigned counsel also indicated to the *Pro Se* Plaintiff in that letter, that the Defendant would seek its legal fees incurred in having to oppose Plaintiff's specious Motion. Nonetheless, the Plaintiff chose to serve the undersigned counsel with the Motion for Relief from Judgment, as well as a

supporting Memorandum of Law, an Affidavit of Michael Dockery and voluminous exhibits, all pursuant to Superior Court Rule 9A.

WHEREFORE, 21st Mortgage Corporation, on behalf of Defendant GMAC Mortgage, LLC, requests that this Court: (i) DENY Plaintiff's Motion for Relief from Judgment; (ii) order that the Plaintiff is barred from filing any motions or other documents with this Court in this action and that the exclusive forum for the Plaintiff to pursue his claims against GMAC Mortgage is the United States Bankruptcy Court for the Southern District of New York in Case No. 12-12020-mg (Jointly Administered); (iii) award 21st Mortgage Corporation its attorneys' fees incurred in opposing Plaintiff's spurious Motion for Relief from Judgment; and (iv) issue such other and further relief as it deems just and appropriate.

21ST MORTGAGE CORPORATION, as holder of the subject loan and on behalf of the named Defendant,

GMAC MORTGAGE LLC,

By its attorneys,

_____
Randall L. Souza (BBO#552216)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)
rsouza@shslawfirm.com

Dated: May 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2014, I caused an original and a true and accurate copy of the within *Statement of Reasons in Support of the Defendant's Opposition* to be served on the *Pro Se* Plaintiff via first-class mail, postage prepaid to:

Michael Dockery, *Pro Se*
46 Sharon Street
Brockton, MA 02302

Randall L. Souza (BBO# 552216)