MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
|                                              | )  |                          |
| In re:                                       | )  | Case No. 12-12020 (MG)   |
|                                              | )  |                          |
| RESIDENTIAL CAPITAL, LLC, et al.,            | )  | Chapter 11               |
|                                              | )  |                          |
|                        Debtors.              | )  | Jointly Administered     |
--------------------------------------------------------------

**CERTIFICATE OF NO OBJECTION REGARDING THE RESCAP**
**LIQUIDATING TRUST'S SEVENTY-THIRD OMNIBUS CLAIMS**
**OBJECTION (NO LIABILITY CLAIMS)**

     1.     The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following claims objection, filed by the ResCap Liquidating Trust on August 22, 2014 (the "Claims Objection"):

> *The ResCap Liquidating Trust's Seventy-Third Omnibus Claims Objection* [Docket No. 7419].

     2.     The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any other answer, objection or other responsive pleading to the Claims Objection appears thereon. The deadline for filing responses to the Claims Objection, September 12, 2014, has passed.

     3.     In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2*

*Establishing Certain Notice, Case Management and Administrative Procedures* entered on May

23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this

Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.       Accordingly, for the reasons set forth in the Claims Objection, the ResCap

Liquidating Trust respectfully requests that the proposed order granting the Claims Objection,

annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case

Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26, 2014                    Respectfully submitted,
       New York, New York

                                             /s/ Norman S. Rosenbaum
                                             Norman S. Rosenbaum
                                             Jordan A. Wishnew
                                             MORRISON & FOERSTER LLP
                                             250 West 55th Street
                                             New York, New York 10019
                                             Telephone: (212) 468-8000
                                             Facsimile: (212) 468-7900

                                             *Counsel for the ResCap Liquidating Trust*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------

### ORDER GRANTING RESCAP LIQUIDATING TRUST'S
### SEVENTY-THIRD OMNIBUS CLAIMS OBJECTION
### <u>(NO LIABILITY CLAIMS)</u>

Upon the seventy-third omnibus objection to claims, dated August 22, 2014 [Docket No. 7419] (the "<u>Objection</u>")[1] of The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging (i) the Books and Records Claims on the basis that the Debtors' books and records reflect no liability for amounts owed for such claims against the Debtors' estates; (ii) the Paid and Satisfied Claims on the grounds that each claim represents an obligation for which the Debtors have no liability; and (iii) the No Basis Claim on the grounds that such claim fails to articulate any legal or factual justification for asserting a claim against the Debtors' estates, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Objection having been provided, and it appearing that no other or

further notice need be provided; upon consideration of the Objection and the *Declaration of

Deanna Horst in Support of ResCap Liquidating Trust's Seventy-Third Claims Objection (No

Liability Claims)*, annexed to the Objection as <u>Exhibit 1</u>, respectively; and the Court having

found and determined that the relief sought in the Objection is in the best interests of the

Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors and all parties in interest

and that the legal and factual bases set forth in the Objection establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Books and Records Claims</u>") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit B</u> annexed hereto (collectively, the "<u>Paid and Satisfied Claims</u>") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on <u>Exhibit C</u> annexed hereto (the "<u>No Basis Claim</u>") is hereby disallowed and expunged in

its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the No Liability Claims identified on the

schedules annexed hereto as <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> annexed to this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2014
        New York, New York


                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1 | City of New York Department of Finance Attn Yehuda Miller - Bankruptcy Unit TP&P Division/Office of Tax Audits 345 Adams Street, 5th Floor Brooklyn, NY 11201 | 404 | 08/10/2012 | Administrative Priority Administrative Secured Secured $4,254.00 Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | GMAC Mortgage was included in the General Motors Corporation NYC Combined General Corporation Tax Return until November 2006. From November 2006 through December 2013, GMAC was included in the Ally Financial Inc. (f/k/a GMAC, LLC) NYC1A - New York Tax Return for Banking Corporations combined return. For the time periods referenced in the POC, GMACM was never liable to claimant for taxes. |
| 2 | GARY KURON REAL ESTATE APPRAISER 4645 AIRPORT ROAD NEWPORT, VT 05855 | 545 | 09/17/2012 | Administrative Priority Administrative Secured Secured Priority $550.00 General Unsecured | Residential Capital, LLC | 12-12020 | Vendor, as property appraiser, submitted an invoice with the POC, and based its determination that it has a claim of $550.00 against ResCap for prepetition expenses. There is no record of this invoice in any of the Debtors' AP systems. There is also no record of the residential property address that the vendor purportedly appraised in ISS, FISERV, LPS, or other databases. |
| 3 | Hunt Leibert Jacobson, PC Linda J. St. Pierre 50 Weston Street Hartford, CT 06120 | 1599 | 10/24/2012 | Administrative Priority Administrative Secured Secured $41,558.06 Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Debtors' AP systems show no outstanding balance for Hunt Leibert Jacobson, and none of claimant's invoices included in the POC are in the Debtors' legal vendor payables system. The Debtors' records show that approximately $31k in prepetition invoices submitted by claimant were denied for various reasons, most on account of late submission, per the Debtors' Lender Processing Services database ("LPS"). For the approximately $6k of asserted post-petition claims, the Debtors reviewed their books and records and (i) $4.2k invoices are not reflected in the books and records: (ii) $1k amount was not approved because it exceeded the allowable amount for billing: and (iii) $753 was not allowed for claimant's late-billing after the cutoff date. The Debtors' books and records show no basis for a priority claim for claimant. |
| 4 | KEITH T MURPHY ATT AT LAW 324 Cranberry Beach Blvd White Lakes, MI 48386 | 865 | 09/28/2012 | Administrative Priority Administrative Secured Secured Priority $2,500.00 General Unsecured | Residential Capital, LLC | 12-12020 | Neither the Debtors' AP systems nor servicing records show any course of dealing with this claimant, or any record of invoices or invoice amounts owed to claimant by any Debtor. The Debtors contacted the claimant for a copy of the invoice/statement regarding the purported services performed for the benefit of the Debtors. Claimant has been unable to locate the invoice or any information relating to the services. |
| 5 | PASCOAG UTILITY DISTRICT PO BOX 1263 PROVIDENCE, RI 02901 | 696 | 09/24/2012 | Administrative Priority Administrative Secured Secured Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Books and records research found no invoice amounts owed to claimant by debtor. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 6 | Resource Title Agency Inc.<br>Christian M. Bates, Esq.<br>Corsaro & Associates Co., LPA<br>28039 Clemens Road<br>Westlake, OH 44145 | 6837 | 03/29/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$35,491.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Debtors' books and records reflect no record of invoices or invoice amounts owed to claimant by any Debtor. |
| 7 | Resource Title Agency Inc.<br>Christian M. Bates, Esq.<br>Corsaro & Associates Co., LPA<br>28039 Clemens Road<br>Westlake, OH 44145 | 6838 | 03/29/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$168,560.70 General Unsecured | Homecomings Financial, LLC | 12-12042 | The Debtors' books and records reflect no record of invoices or invoice amounts owed to claimant by any Debtor. |
| 8 | TOTAL AIR TECH<br>13235 W HART ST<br>WADSWORTH, IL 60083 | 4545 | 11/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$7,745.50 General Unsecured | Residential Capital, LLC | 12-12020 | Claimant's invoices relate to work performed in 2009 for Koenigh & Strey Offices, and thus is a claim against a non-debtor entity since no Debtor owned this firm as of the date the claim accrued.  The Debtors' books and records indicate that the Koenig family sold the brokerage firm of Koenig & Strey in 1999 to GMAC Home Services, a unit of General Motors Corp. ("GM"), which changed the firm's name to Koenig & Strey GMAC Real Estate.  In 2008, GM sold GMAC Home Services to Toronto-based Brookfield Asset Management, which owns the Prudential Real Estate and Real Living brands. In September of 2009, Brookfield sold Koenig & Strey to HomeServices, which prompted a change to Koenig & Strey Real Living. |

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Atascosa County<br>Thomas P. Cate<br>Law Office of Thomas P. Cate, P.C.<br>14636 S. FM 2790 W.<br>PO Box 216<br>Lytle, TX 78052 | 5786 | 11/20/2012 | $881.91 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | Butler County Revenue Commissioner, Deborah B Crews<br>700 Ct Square<br>Greenville, AL 36037 | 1554 | 10/23/2012 | $446.40 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | City and County of Denver / Treasury<br>Attn Karen Katros, Bankruptcy Analyst<br>201 W. Colfax Avenue, Department 1001<br>Denver, CO 80202 | 5963 | 11/28/2012 | $3,093.30 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | City of Alton<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5924 | 11/23/2012 | $580.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | City of Elsa<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5926 | 11/23/2012 | $1,767.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | City of Lake Dallas<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 467 | 09/12/2012 | $1,074.36 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | D2B SOLUTIONS APS<br>KOSTSKOLEVEJ 5-7<br>2880 BAGSVAERD<br>, DENMARK | 4752 | 11/14/2012 | $949.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | DELAWARE COUNTY TAX CLAIM BUREAU<br>201 W FRONT ST<br>MEDIA, PA 19063 | 4831 | 11/15/2012 | $2,814.31 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Edcouch - Elsa ISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5925 | 11/23/2012 | $2,246.30 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 10 | Effingham County Tax Commissioner<br>PO Box 787<br>Springfield, GA 31329 | 4422 | 11/08/2012 | $3,306.15 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Hidalgo Co ESD # 02<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5928 | 11/23/2012 | $64.46 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 12 | Imperial County Treasurer-Tax Collector<br>940 W. Main Street, Suite 106<br>El Centro, CA 92243 | 7318 | 01/08/2014 | $1,164.40 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 13 | Jones County Appraisal District<br>Laura J. Monroe<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 817<br>Lubbock, TX 79408 | 53 | 06/04/2012 | $3,452.46 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | Judson ISD<br>David G. Aelvoet<br>Linebarger Goggan Blair & Sampson, LLP<br>711 Navarro Ste 300<br>San Antonio, TX 78205 | 5780 | 11/19/2012 | $1,055.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 15 | Lee County Tax Collector<br>c/o Legal Department<br>P.O. Box 850<br>Fort Myers, FL 33902-0850 | 56 | 06/04/2012 | $568.51 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | South Texas College<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5917 | 11/23/2012 | $1,441.65 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 17 | South Texas ISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5922 | 11/23/2012 | $470.67 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 18 | State of Delaware, Division of Corporations<br>Delaware Division of Corporations<br>401 Federal Street, Ste 4<br>Dover, DE 19901 | 5959 | 11/28/2012 | $92.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 19 | State of Delaware, Division of Corporations<br>Delaware Division of Corporations<br>401 Federal Street, Ste 4<br>Dover, DE 19901 | 5961 | 11/28/2012 | $92.21 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 20 | Taxing Districts Collected by Randall County<br>DLayne Peeples Carter<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>PO Box 9132<br>Amarillo, TX 79105-9132 | 401 | 08/06/2012 | $1,317.42 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - PAID (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | The County of Anderson, Texas, Collecting Property Taxes for Itself and for The City of Palestine, Texas, Palestine Independe<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269 | 2042 | 11/01/2012 | $4,909.62 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 22 | The County of Hill, Texas, Collecting Property Taxes for Itself and for The City of Malone, Texas and Hill Junior College Dis<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269 | 2029 | 11/01/2012 | $672.59 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 23 | WINDHAM TOWN - REVENUE COLLECTIONS<br>979 MAIN ST<br>TAX COLLECTOR OF WINDHAM TOWN<br>WILLIMANTIC, CT 06226 | 4568 | 11/13/2012 | $3,327.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 24 | Young County<br>Harold Lerew<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 8188<br>Wichita Falls, TX 76307 | 251 | 07/05/2012 | $1,272.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**<u>Exhibit C</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SEVENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - LEGAL BASIS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Parkwest Homes, LLC<br>Robert B. Burns<br>Moffatt Thomas Barrett Rock & Fields<br>P.O. Box 829<br>Boise, Idaho 83702 | 1996 | 10/30/2012 | $478,754.04 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | The reason for disallowance is explained in further detail in paragraphs 22-27 of the Objection. |