MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING THE RESCAP
LIQUIDATING TRUST'S SEVENTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS (MODIFIED CLAIMS)**

1.  The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following claims objection, filed by the ResCap Liquidating Trust on August 29, 2014 (the "Claims Objection"):

    *The ResCap Liquidating Trust's Seventy-Fourth Omnibus Objection to Claims (Modified Claims)* [Docket No. 7454].

2.  The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any other answer, objection or other responsive pleading to the Claims Objection appears thereon. The deadline for filing responses to the Claims Objection, September 19, 2014, has passed.

3.  In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2*

ny-1159831

*Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4. Accordingly, for the reasons set forth in the Claims Objection, the ResCap Liquidating Trust respectfully requests that the proposed order granting the Claims Objection, annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26, 2014  
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the ResCap Liquidating Trust*

# EXHIBIT 1

ny-1159831

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------
)
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                    Debtors.                        )    Jointly Administered
                                                    )
----------------------------------------------------------------

**ORDER GRANTING RESCAP LIQUIDATING TRUST'S SEVENTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (MODIFIED CLAIMS)**

Upon the seventy-fourth omnibus objection to claims (the "<u>Objection</u>"),[1] of ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed plan filed in the above reference Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), modifying and allowing the Modified Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's Seventy-Fourth Omnibus Claims Objection (Modified Claims)*, annexed to the Objection as <u>Exhibit 1</u>; and the Court having found

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1153594

and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, Debtors and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Objection is granted to the extent provided herein; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 414 filed by Program Alliance LLC (the "Program Alliance Claim") is reclassified as a general unsecured claim against Debtor GMAC Mortgage, LLC ("GMACM") and allowed in the amount of $11,086.06; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 930 filed by Sierra Liquidity Fund, LLC – Assignee and Att-In-Fact for City Sprint-Assignor (the "Sierra Liquidity Claim") is redesignated and allowed as a general unsecured claim in the amount of $2,723.50 against GMACM and $3,075.79 against Residential Funding Company, LLC; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 3655 filed by Feiwell & Hannoy PC (the "Feiwell & Hannoy Claim") is redesignated and allowed as a general unsecured claim in the amount of $5,881.50 against GMACM; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 2482 filed by Hubbard Ruzicka Kreamer and Kincaid LC (the "First Hubbard Claim") is reduced to $4,668.00 and redesignated and allowed as a general unsecured claim against GMACM in such amount; and it is further

ny-1153594

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 1274 filed by McGlinchey Stafford PLLC (the "McGlinchey Claim") is reduced to $5,673.09 and redesignated and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 6428 filed by TW Telecom Inc. (the "TW Telecom Claim") is reduced to $18,928.80 and redesignated and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 2514 filed by Hubbard Ruzicka Kreamer and Kincaid LC (the "Second Hubbard Claim") is reduced to $4,975.20 and allowed as a general unsecured claim against GMACM in such amount; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, claim number 273 filed by the Commonwealth of Virginia Department of Taxation (the "Virginia Claim") is reclassified in its entirety as a general unsecured claim and redesignated and allowed in the amount of $35,325.55 against Homecomings Financial, LLC; and it is further

**ORDERED** that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

3

ny-1153594

**ORDERED** that this Order shall be a final order with respect to each of the Modified Claims as if each such Claim had been individually objected to; and it is further

**ORDERED** that the Liquidating Trust and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim not identified in this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

 

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE