UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## MEMORANDUM OPINION AND ORDER SUSTAINING BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBERS 283, 1353, 1696, 4629, AND 6281 FILED BY PATRICK LORNE FARRELL

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is *The ResCap Borrower Claims Trust's Objection to Claim Numbers 283, 1353, 1696, 4692, and 6281 Filed by Patrick Lorne Farrell* (the "Objection," ECF Doc. # 7208). In support of the Objection, the ResCap Borrower Claims Trust (the "Trust") filed the Declaration of Lauren Graham Delehey (the "Delehey Decl.," ECF Doc. # 7208-7).[1] The Trust asserts that Farrell's five claims in these bankruptcy cases should be disallowed and

---

[1]    Appended to the Delehey Declaration are a number of exhibits: (1) the request letter sent by the Debtors to Farrell (Delehey Decl. Ex. A); (2) the Farrell complaint filed with the Florida state court (*id.* Ex. B-1); (3) an order issued by the Florida state court granting Farrell's motion for default judgment against Pinnacle (defined below) (*id.* Ex. B-2); (4) Farrell's fourth amended complaint in the Florida state court (*id.* Ex. C); (5) Wells Fargo's foreclosure complaint against Farrell in the Florida state foreclosure action (*id.* Ex. D); (6) the Florida state court's order vacating the foreclosure judgment (*id.* Ex. E); (7) GMACM's notice of bankruptcy dated September 13, 2012 (*id.* Ex. F); (8) a summary judgment motion in the consolidated state action (*id.* Ex. G); (9) the final judgment of foreclosure in the consolidated state action (*id.* Ex. H); (10) Farrell's first notice of appeal, dated May 5, 2014 (*id.* Ex. I-1); (11) the docket and Second District Court of Appeal's Order referencing Farrell's second notice of appeal, dated May 30, 2014 (*id.* Ex. I-2); (12) GMACM's notice of bankruptcy dated May 30, 2013 (*id.* Ex. J); (13) the Middle District of Florida's order dismissing Farrell's district court complaint without prejudice (*id.* Ex. K); (14) Farrell's amended complaint in the Florida Federal Action (*id.* Ex. L); (15) the order dismissing Farrell's first bankruptcy case (*id.* Ex. M); (16) the order dismissing Farrell's second bankruptcy case (*id.* Ex. N); (17) the order dismissing Farrell's third bankruptcy case (*id.* Ex. O); (18) the order dismissing Farrell's fourth bankruptcy case (*id.* Ex. P); (19) Farrell's fifth bankruptcy petition (*id.* Ex. Q); (20) Farrell's Mortgage (*id.* Ex. R); and (21) the order striking Farrell's fifth amended complaint (*id.* Ex. S).

expunged because they are barred by res judicata and/or claim preclusion, and they fail to state a

claim against GMACM.[2]

Farrell, a self-proclaimed "state sovereign national," filed an opposition to the Objection

(the "Opp.," ECF Doc. # 7260). Appended to the Objection is an "addendum" (the "Farrell

Addendum," Opp. Ex. A). Farrell's 132-page Opposition and Addendum, most of which

contains outrageous invective completely unrelated to the ResCap bankruptcy cases, was sealed

by the Court. The Trust filed a reply to the Opposition and Addendum (the "Reply," ECF Doc.

# 7409). Farrell filed a letter in response to the Trust's Reply on August 21, 2014 (ECF Doc.

# 7403); this letter was also sealed by the Court because of its inappropriate content. After the

August 26, 2014 hearing (the "Hearing") on the Objection, Farrell submitted three unsanctioned

documents: (1) a "Notice of Fraud Upon the Court" (ECF Doc. # 7489), (2) a "Notice in Support

of Argument Regarding GMAC's Lack of Standing to Sue or Procure Summary Judgment"

(ECF Doc. # 7491), and (3) "Request for Judicial Notice" (ECF Doc. # 7507). At the Court's

request, the Trust filed a recent opinion and order from the United States District Court for the

Middle District of Florida (the "Florida District Court in *Patrick Lorne Farrell v. GMAC*

*Mortgage, State of Florida, Bear-Sterns, Impac Funding, John Doe and Ocwen Loan Servicing*

(Case No. 2:13-cv-140-FTM-29DNF, the "Florida Federal Action") (ECF Doc. ## 7433, 7434).

In the five claims Farrell filed in these bankruptcy cases (the "Claims")[3] there are hardly

any causes of action that Farrell does not assert. Farrell alleges no less than fourteen causes of

action, including violations of (1) HOEPA, (2) RESPA, (3) TILA, (4) FCRA, and (5) Florida's

deceptive and unfair trade practices act; (6) Florida mortgage fraud; (7) fraudulent

---

[2]     Farrell was originally subject to the Fiftieth Omnibus Objection (ECF Doc. # 5162). The Debtors withdrew
that objection (*see* ECF Doc. # 6241) and subsequently filed the current Objection.

[3]     Farrell filed claim numbers 283, 1353, 1696, 4692, and 6281 against GMACM.

misrepresentation; (8) breach of fiduciary duty; (9) unjust enrichment; (10) civil RICO;

(11) fraud; (12) violations of "TILA-RESPA"; (13) violations of the federal False Claims Act for

TARP and securities fraud; and (14) copyright infringement for use of Farrell's name to collect a

debt. According to Farrell, he is owed damages from debtor GMAC Mortgage, LLC

("GMACM"), which serviced Farrell's loan from March 9, 2006 until February 15, 2013,

because (1) the non-debtor originating lender should not have approved his loan based on his

income; (2) a property appraisal used when his loan was originated was wrongfully inflated; (3)

he copyrighted his name and he is owed damages based on its use in litigation; (4) the mortgage

securitization process extinguished his loan; and (5) the mortgage industry engaged in a massive

conspiracy to commit fraud against Farrell.

As described in greater detail below, the Florida state court entered a foreclosure

judgment (the "Foreclosure Judgment") against Farrell in favor of trustee Wells Fargo, N.A.

("Wells Fargo"). Consolidated before the Florida foreclosure court were the above-referenced

causes of action, originally asserted by Farrell in a separate Florida state court proceeding,

against a number of defendants, including Wells Fargo and debtor GMACM. The Foreclosure

Judgment ended this consolidated state action. Farrell has since appealed the Foreclosure

Judgment.

As a result of the Foreclosure Judgment, to the extent Farrell sought equitable relief

based on the same causes of action he asserts in this Court, his claims are barred by res judicata.

To the extent he sought damages in the Florida courts, however, those claims were stayed by

GMACM's bankruptcy, and are not barred by res judicata. However, Farrell's Claims fail to

state claims upon which relief can be granted. Additionally, Claim No. 6281, which does not

purport to amend or supersede any of Farrell's previously filed claims (and for which Farrell did

not request the Court's permission to file), was filed after the Bar Date and is untimely.  The

Court therefore **SUSTAINS** the Trust's Objection.  Farrell's Claims are **DISALLOWED** and

**EXPUNGED**.

## I.    BACKGROUND

### A.    Chapter 11 Proceedings

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in

this Court for relief under chapter 11 of the Bankruptcy Code.  The General Bar Date to file

proofs of claim was originally set as November 9, 2012, and was extended to November 16,

2012 at 5:00 p.m. (Prevailing Eastern Time) (ECF Doc. # 2093).

On March 21, 2013, the Court entered the Procedures Order, approving, among other

things, procedures to be applied in connection with objections to claims filed by current or

former Borrowers (the "Borrower Claims Procedures") (ECF Doc. # 3294).  The Procedures

Order also includes specific protections for Borrowers and sets forth a process for the Debtors

(and now the Trust) to follow before objecting to certain categories of Borrower Claims.  For

example, the Borrower Claims Procedures require that before objecting to certain Borrower

Claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional

documentation in support of the purported claim.  (*See* Procedures Order at 4.)  On June 21,

2013, the Debtors mailed a Request Letter to Farrell, requesting information and documentation

in support of his claims.  (Delehey Decl. ¶ 7.)  Farrell filed two responses to the Request Letter.

(*Id.*)

On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint*

*Chapter11 Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of*

4

*Unsecured Creditors* (the "Confirmed Plan," ECF Doc. # 6065). The Confirmed Plan became effective on December 17, 2013. (ECF Doc. # 6137.)

### B.    Farrell's Loan

On October 1, 2005, Pinnacle Financial Corporation d/b/a/ Tri-Star Lending Group ("Pinnacle") originated a residential mortgage loan (the "Loan") for Farrell, evidenced by a note in the amount of $283,000 (the "Note"), secured by real property located at 2904 NW 14th Terrace, Cape Coral, Florida, 33993 (the "Property"). (*See* Delehey Decl. ¶ 8.) GMACM began servicing the Loan on or about March 9, 2006, and continued servicing the Loan until GMACM's servicing platform was transferred to Ocwen Loan Servicing, LLC on February 15, 2013. (*Id.*) Wells Fargo is the investor for the Loan, as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2005-2. (*Id.*)

Farrell defaulted on the Note in August 2007 by failing to make his monthly mortgage payment. (*Id.* ¶ 9.) He has not made any payments since August 2007. (*Id.*)

### C.    Farrell's Lawsuits

Farrell has been a very active litigant since he defaulted on his Note. To the extent necessary for this Order, the Court will summarize his voluminous state, federal, and bankruptcy court proceedings.

#### 1.    *The Florida State Action*

First, on November 14, 2007, Farrell filed a complaint (the "Complaint") against, among others, GMACM and Pinnacle, in the Circuit Court of the 20th Judicial District in and for Lee County, Florida (the "Florida State Court"), Case No. 07-CA-14942 (the "Florida State Action"). (Delehey Decl. ¶ 11, Ex. B-1.) Farrell sought damages relating to alleged fraud and conspiracy,

as well as quiet title to the Property. (*Id.* ¶ 11, Ex. B-1.) The Florida State Court granted

Farrell's motion for default judgment against Pinnacle on July 15, 2008, after Pinnacle failed to

respond to the Complaint. (*Id.* ¶ 12, Ex. B-2.) Farrell thereafter filed a number of amended

complaints in the Florida State Action, culminating with the fourth amended Complaint, filed on

November 30, 2009.[4] (*See id.* ¶ 13, Ex. C ("4th Amended Complaint Action to Quiet Title,

Criminal Complaint for Mortgage Fraud").)

As explained below, the Florida State Action was subsequently merged with the Florida

State Foreclosure Action (defined below) in a consolidated proceeding. When the Florida

foreclosure court issued the Foreclosure Judgment, the Florida State Action terminated.

2. *The Florida State Foreclosure Action*

On December 7, 2007, after four months of missed mortgage payments, Wells Fargo,

acting as trustee, filed a complaint (the "Foreclosure Complaint") against Farrell in the Florida

State Court, Case No. 07-CA-016767 (the "Florida State Foreclosure Action"), to foreclose on

the Property. (*Id.* ¶ 14, Ex. D.) GMACM is not a party to the Florida State Foreclosure Action.

(*Id.*) The Florida State Court granted summary judgment of foreclosure in favor of Wells Fargo

on March 24, 2009. (*Id.* ¶ 15.) Farrell filed an appeal of the Florida State Court's judgment with

the Second District Court of Appeal. (*Id.* ¶ 16.) With the consent of both Farrell and Wells

Fargo, the Florida State Court granted an order on November 22, 2010 vacating the foreclosure

judgment in order to address issues raised regarding a declaration submitted in the Foreclosure

Action signed by Jeffrey Stephan, a former GMACM employee and admitted robo-signer, as

---

[4]     On November 28, 2012, Farrell filed a fifth amended complaint ("Patrick Farrell's 5th Amended Complaint
for Mortgage Fraud, Qui Tam, Quiet Title, Damages, And Other Statutory Relief," *see* Claim No. 6281). This
amended Complaint, which was filed after the Florida State Action was consolidated with the Florida State
Foreclosure Action (defined below), was stricken by order of the Florida State Court on May 23, 2013. (*See*
Delehey Decl. Ex. S.)

well as to allow Farrell to dismiss his other federal cases and his bankruptcy cases so the parties
could proceed with one consolidated case in 2010.[5]  (*Id.* ¶ 17; Aug. 26, 2014 Tr. 22:21–23:9.)

### 3.  The Consolidated State Action

On March 12, 2012, the Florida State Court issued an order consolidating the Florida
State Action and the Florida State Foreclosure Action (together, the "Consolidated State
Action").  (Delehey Decl. ¶ 18.)  Shortly thereafter, GMACM filed for bankruptcy protection.
GMACM filed its Notice of Bankruptcy with the Florida State Court on September 13, 2012.
(*Id.* ¶ 19, Ex. F.)  Included with its filing was the Court's July 13, 2012 supplemental servicing
order, which identified the nature of permitted claims (claims relating exclusively to a property
subject to a loan owned or serviced by GMACM that, if granted, would terminate or preclude
prosecution or completion of a foreclosure action) and indicated that only those claims could
proceed (the "Supplemental Servicing Order," ECF Doc. # 774.)  (*Id.* Ex. F.)  In its Notice of
Bankruptcy, GMACM also indicated that it believed the Fourth Amended Complaint contained a
variety of claims that were not permitted claims, including Farrell's HOEPA, RESPA, TILA,
Florida Unfair Trade Practices Act, Fraud, Fraudulent Misrepresentation, Breach of Fiduciary
Duty, Unjust Enrichment, and Civil RICO claims, because they sought recovery of monetary
damages.  (*Id.* Ex. F ¶ 6.)  Those claims remained subject to the automatic stay.  (*Id.*)  Farrell's
"remaining allegations," including "improper placement of lender-placed insurance, fraud,
payoff, settlement, and res judicata," to the extent "these allegations seek to enjoin or preclude
foreclosure by GMACM" were, according to GMACM, permitted claims under the
Supplemental Servicing Order.  (*Id.* Ex. F ¶ 7.)

---

[5]      By this point, Farrell had filed several suits against GMACM and Wells Fargo in state court, federal court,
and several of his own bankruptcy proceedings.  (Aug. 26, 2014 Tr. 23:1–3.)  In order to narrow the claims and
consolidate them into one case, the parties agreed to vacate the original foreclosure judgment and Wells Fargo
restarted the foreclosure process.  (*Id.* 23:3–6.)

On April 30, 2014, the Florida State Court issued the Foreclosure Judgment against Farrell, ending the Consolidated State Action for all parties. (*Id.* ¶ 21, Ex. H.) The Florida State Court determined that Wells Fargo was owed a total of $450,474.45 in principal, unpaid interest, taxes, escrow advances, brokers price opinions, bankruptcy fees and costs, property inspections, pre acceleration late charges, property preservation, and attorneys' fees. (*Id.* Ex. H at 1–2.) The Florida State Court additionally determined that Wells Fargo's lien was superior to all of Farrell's claims or estates. (*Id.* at 2.) Farrell filed a notice of appeal of the Foreclosure Judgment on May 7, 2014 with Florida's Second District Court of Appeal, Case No. 2D14-2139, which remains pending. (*Id.* ¶ 22, Ex. I-1.) Inexplicably, he filed a second notice of appeal of the same order on May 30, 2014 with the Second District Court of Appeal, Case No. 2D14-2589, which is also pending. (*Id.* ¶ 23, Ex. I-2.)

### 4. *The Florida Federal Action*

On February 27, 2013, while the Consolidated State Action was pending, after the Petition Date, and without first requesting that this Court lift the automatic stay, Farrell filed the Florida Federal Action. (*Id.* ¶ 24.) GMACM filed its Notice of Bankruptcy in the Florida Federal Action on May 30, 2013. (*Id.* ¶ 25, Ex. J.) On October 1, 2013, the Florida District Court dismissed Farrell's complaint without prejudice, striking some of Farrell's filings in the Florida Federal Court and granting Farrell 30 days to file an amended complaint. (*Id.* ¶ 26, Ex. K.)

Farrell filed an amended complaint in the Florida Federal Action on October 21, 2013, alleging that GMACM and other defendants engaged in mortgage loan fraud, entitling Farrell to "a refund, treble damages and costs." (*Id.* ¶ 27, Ex. L.) Farrell's amended complaint contains nine counts: (1) fraud; (2) violations of TILA; (3) fraudulent misrepresentation; (4) unjust

8

enrichment; (5) common law conspiracy; (6) RICO; (7) quiet title; (8) usury laws; and

(9) copyright infringement (against GMACM, Wells Fargo, and Ocwen only).

The Florida District Court dismissed Farrell's amended complaint on August 21, 2014.

(*See* ECF Doc. ## 7433, 7434.)  The Florida District Court refused to consider Farrell's

"sovereign citizen" or "secured-party creditor allegations."  (ECF Doc. # 7433 at 5 n.2 (citing

*United States v. Benabe*, 654 F.3d 767 (7th Cir. 2011); *Santiago v. Century 21/PHH Mortgage*,

1:12-cv-02792-KOB, 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013) (noting that

"conspiracy and legal revisionist theories of 'sovereign citizens' are not established law in this

court or anywhere in this country's valid legal system").)  The Florida District Court dismissed

Farrell's amended complaint for failure to comply with applicable pleading standards under

Federal Rules of Civil Procedure 8 and 9.  (*Id.* at 6.)  Additionally, the court found that Farrell's

TILA claim was time-barred, dismissing that claim with prejudice.  (*Id.* at 10.)  The court

dismissed Farrell's RICO claim without prejudice because he failed to allege who the individual

conspirators were, or their individual roles in the conspiracy, and failed to allege the agreement

or objective of the conspiracy.  (*Id.* at 11.)  He also failed to allege any predicate acts; his

allegations of fraud by intentional nondisclosure, material misrepresentation, and the creation of

fraudulent loan documents were insufficient.  (*Id.*)  Farrell's copyright infringement claim was

dismissed with prejudice because he did not include any "allegations . . . to support that

"PATRICK LORNE FARRELL©" is a valid and registered work."  (*Id.* at 12; *see also id.* (citing

*Santiago v. Century 21/PHH Mortgage*, 1:12-cv-02792-KOB, 2013 WL 1281776, at *5 ("The

attempt to divide oneself into two separate entities, with only one being liable for incurring

debts, is a legal fiction and has been struck down consistently in courts around the country.").)

The Florida District Court declined to exercise supplemental jurisdiction over the remaining state

law counts (1, 3, 4, 5, 7, and 8), which it dismissed without prejudice to the extent they were not

otherwise statutorily barred.  (*Id.* at 14.)

     5.  *Farrell's Bankruptcy Cases*

During the Consolidated State Action and Florida Federal Action, Farrell filed five

chapter 13 bankruptcy cases in the United States Bankruptcy Court for the Middle District of

Florida (the "Florida Bankruptcy Court").  (*Id.* ¶ 28.)  Farrell filed his first bankruptcy petition

on May 19, 2009; it was dismissed on June 8, 2009 for failure to file required information.  (*Id.*

¶¶ 29–30, Ex. M.)  He filed his second petition on July 2, 2009; it was dismissed on August 11,

2009, again for failure to file required information.  (*Id.* ¶¶ 31–32, Ex. N.)  Farrell filed a third

petition on September 14, 2009; it was dismissed on September 28, 2009 for failure to file

required information.  (*Id.* ¶¶ 33–34, Ex. O.)  He filed his fourth petition on July 8, 2010 (before

his third petition was dismissed); it was dismissed on September 20, 2010.  (*Id.* ¶¶ 35–36, Ex. P.)

Farrell filed his fifth and final chapter 13 bankruptcy case on May 27, 2014, after the

Foreclosure Judgment was entered.  (*Id.* ¶ 37, Ex. Q.)  On September 4, 2014, the Florida

Bankruptcy Court granted the chapter 13 trustee's motion to dismiss his bankruptcy case on the

basis that it was filed in bad faith.  (*See* Case 9:14-bk-05989-FMD, ECF Doc. # 36.)  Farrell filed

a motion for reconsideration and rehearing regarding the Florida Bankruptcy Court's dismissal

order (*see* Case 9:14-bk-05989-FMD, ECF Doc. # 38); the court has scheduled oral argument on

the merits of Farrell's motion for October 16, 2014 (*see* Case 9:14-bk-05989-FMC, ECF Doc. #

39).

D.    **Farrell's Claims**

As noted above, Farrell filed five Claims against GMACM.

1.    *Claim No. 283*

Farrell filed his first claim on July 16, 2012 as a general unsecured claim against

GMACM in an unliquidated amount.  (Obj. Ex. 1-A.)  He did not include a proof of claim form

with his filing.  Instead, he attached various documents, including:  (1) filings in the Florida State

Action and the Foreclosure Action; (2) letters from Impac Mortgage Holdings, Inc. ("Impac"), as

master servicer of the Note, regarding Farrell's option to modify his Loan payments; and

(3) letters from Impac regarding the I-PASS (Impac's Pre Approved Short Sale) program.  (*Id.*)

2.    *Claim No. 1353*

Farrell filed his second claim on October 19, 2012 as a fully secured claim against

GMACM in the amount of $400,000.  (*Id.* Ex. 1-B.)  Farrell identifies the basis of his claim as

"Mortgage Fraud Lawsuit + UCC-1 Liens" and asserts "Quiet Title" as the basis for the claim's

perfection.  Attached to the proof of claim form (which was included with the second claim)

were the following:  (1) a copy of the KCC website for GMACM customers; (2) two UCC

financing statements filed in January 2008 in Washington State, which Farrell submits add

collateral including Farrell's involvement as plaintiff in a number of lawsuits; (3) a security

agreement, a hold harmless and indemnity agreement, a common law copyright notice, power of

attorney, and collateral record documents relating to Farrell apparently loaning money to

himself; and (4) filings in the Florida State Action.  (*Id.*)

3.    *Claim No. 1696*

Farrell filed his third claim on October 23, 2012 as a general unsecured claim against

GMACM in an unliquidated amount.  (*Id.* Ex. 1-C.)  Like Claim No. 283, Farrell did not file a

proof of claim form but instead included filings from the Florida State Action and the

Foreclosure Action.  (*Id.*)

### 4.  *Claim No. 4692*

Farrell filed his fourth claim on November 13, 2012 as a secured claim against GMACM

in the amount of $400,000.  (*Id.* Ex. 1-D.)  Like Claim No. 1353, Farrell did file a proof of claim

form for this claim, again indicating its basis as "Mortgage Fraud Lawsuit + UCC-1 Liens" and

asserting "Quiet Title" as the basis for his claim's perfection.  In support of this claim, Farrell

attached a Demand for Judicial Notice of his litigation against GMACM since 2007, as well as

his claim against GMACM for mortgage fraud.  (*Id.*)

### 5.  *Claim No. 6281*

Farrell filed his final claim on December 3, 2012, several weeks after the General Bar

Date, as a general unsecured claim against GMACM in an unliquidated amount.  (*Id.* Ex. 1-E.)

He did not file a proof of claim form, instead including his "5th Amended Complaint for

Mortgage Fraud, Qui Tam, Quiet Title, Damages and Other Statutory Relief"—the same

amended complaint he filed on November 28, 2012 in the Florida State Action.  Claim No. 6281

does not purport to amend any prior claim and Farrell did not request to the Court's permission

to file an untimely proof of claim or an untimely amendment.

### E.    **The Pleadings**

The Trust filed the Objection on June 30, 2014, asserting that, after reviewing the

Debtors' books and records, it concluded that Farrell's Claims fail to state a basis for GMACM's

alleged liability and should be disallowed and expunged because they are (1) barred by res

judicata, (2) barred by collateral estoppel, and (3) fail to state a claim as a matter of law.

Furthermore, with respect to Claim No. 6281, the Trust asserts that it is a late-filed claim and should be disallowed and expunged on that basis, in addition to the bases stated above.

Farrell filed his Opposition on July 11, 2014.  The Court will not address Farrell's outrageous filing, which the Court sealed due to its questionable content, other than to say that the Court considered all of Farrell's arguments to the extent they apply to the merits of the Trust's Objection—Farrell's Opposition is **OVERRULED**.

The Trust filed its Reply on August 21, 2014.  The Court conducted a hearing on August 26, 2014, and Farrell appeared by telephone.  The Court took the matter under submission.

## II.    DISCUSSION

### A.    Claims Objections

Claims objections have a shifting burden of proof.  Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."  *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed."  *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12–13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted).  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."  4 COLLIER ON BANKRUPTCY ¶ 502.02 (16th rev. ed. 2013).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Federal pleading standards apply when assessing the validity of a proof of claim. *See, e.g.*, *In re DJK Residential* LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)). For his claim to survive, Farrell must allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted). The court must accept all factual allegations as true, discounting legal conclusions clothed in factual garb. *See, e.g.*, *id.* at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal*, 556 U.S. at 678). The court must then determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

14

(citation omitted).  A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  A claim that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement.  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).  "The pleadings must create the possibility of a right to relief that is more than speculative."  *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

To support his fraud claims, Farrell "must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  "In order to meet the particularity requirement of Rule 9(b), a plaintiff [must] allege the time, place, and content of the misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d. 498, 503 (6th Cir. 2013) (alteration in original) (internal quotation marks omitted).

Although "[claims] drafted by *pro se* [claimants] are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with 'a fair understanding of what the [claimant] is complaining about and . . . whether there is a legal basis for recovery.'"  *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (quoting *Iwachiw v. New York City Bd. of Elections*, 126 Fed. App'x 27, 29 (2d Cir. 2005) (ellipsis in original)).

15

**B.      Only Farrell's Equitable Claims are Barred by Res Judicata**

Res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738).  "In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted).  *See also Residential Capital*, 507 B.R. at 491–92.

For res judicata to apply based on a Florida judgment, a court must find "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made." *Holt v. Brown's Repair Serv., Inc.*, 780 So. 2d 180, 181–82 (Fla. Dist. Ct. App. 2001) (citation omitted).

There is "identity of the thing sued for" if both lawsuits seek the same kind of relief. *See Jenkins v. Lennar Corp.*, 972 So. 2d 1064, 1065 (Fla. Dist. Ct. App. 2008).  The Trust asserts that this prong is satisfied since Farrell sought money damages in connection with alleged mortgage loan fraud and related claims in both in his Claims and in the Consolidated State Action. *See* Obj. ¶ 59.  However, while it is true that Farrell *sued* for money damages in the Florida State Action (eventually merged to the Consolidated State Action), the automatic stay applicable in this bankruptcy case prevented the Florida State Court from reaching a final determination on Farrell's damages claims against GMACM.  Consequently, res judicata cannot

16

apply to bar his damages claims here—that was the whole point of requiring claimants to assert

damages claims during the claims resolution process, while allowing them to assert their

equitable defenses to foreclosure in any pending proceedings.

### C.    To the Extent Farrell Seeks Damages, He Fails to State a Basis for Liability Against GMACM

1.    *Claim No. 283*

This Claim contains two filings from the Consolidated State Action:  (1) "Plaintiff's

Notice of Fraud, Copyright Infringement for $500,000" and (2) "Patrick Farrell's Answer to

Mortgage Foreclosure Complaint, Affirmative Defenses; Res Judicata; Request for Judicial

Notice of IMPAC Letters."  (Obj. Ex. 1-A.)

The first document fails to state a cause of action under any law.  Farrell's assertion that

he can copyright his name and receive payment for its use by creditors attempting to collect a

debt appears to arise out of his "sovereign citizen" argument.  Farrell asserts that, pursuant to his

January 2008 "SOVEREIGNTY DOCUMENTATION," he copyrighted his name under the

"common law," punishing unauthorized use of his name.  (Claim No. 283 ¶¶ 10–11.)  "Anyone

who puts the title PATRICK FARRELL© on a piece of paper, in an attempt to charge said title

an amount of money, or move equity in any way shape or form, gets sued for COPYRIGHT

INFRINGEMENT for the amount of $500,000."  (*Id.* ¶ 13.)  This "common law" doctrine is not

recognized by any law of the United States, and therefore fails to state a cause of action against

GMACM.

Moreover, his *allegation* that GMACM's placement of flood insurance on his Property

was fraudulent and resulted in attempted overcharges on his bills does not state a cause of action.

GMACM placed flood insurance on the Property to protect its interest in the Property in 2010; it

was required to do so by the terms of the Mortgage and Deed of Trust because Farrell did not

17

provide GMACM with proof that he had a valid flood insurance policy on his property.
Specifically, the Mortgage provides that if Farrell "fails to maintain any of the coverages
described above, Lender may obtain insurance coverage, at Lender's option and Borrower's
expense." *See* Mortgage at 5.  GMACM provided evidence that rebutted Farrell's allegations
regarding forced place insurance; this shifted the burden back to Farrell to support his claim; he
failed to do so.

The remaining portions of this document contain Farrell's various "beliefs" and
assertions about the mortgage industry and the Consent Orders entered into by GMACM with the
Federal Reserve Board.  These assertions do not state valid claims against GMACM.

Farrell's second attachment to this claim is a responsive pleading in the Florida
Foreclosure Action, filed on March 30, 2012.  He alleges a number of causes of action and/or
affirmative defenses to foreclosure in this document, including that $18,000 was stolen from him
at closing; his Property was fraudulently appraised at closing; the Note and Mortgage are void
due to "non-disclosure" of the "real lender"; the securitization of the Note into a trust was
fraudulent; monthly payments were increased because GMACM force-placed insurance
premiums on the Property; GMACM committed "mortgage fraud"; and Farrell is a "qui tam
relator-whistleblower" who "exposed the Mortgage industry as a colossal Fraud."[6]  (*Id.*)

Farrell's assertions relating to the origination of the Loan cannot properly be asserted
against GMACM, which only serviced and never owned the Loan.  In order to succeed on a
claim for fraudulent inducement, Farrell must be able to show that (1) GMACM made a false

---

[6]    In addition to these causes of action, Farrell lists a number of federal and state statutes, without any specific
allegations or facts as to how each statute was allegedly violated or how each relates to any of Farrell's claims.  (*See*
Obj. Ex. 1-A "Answer, Affirmative Defenses, and Countercl." ¶¶ 21 (U.C.C. Article 3), 33 (FS 817.545 – Mortgage
Fraud; RESPA, Reg. Z; TILA), 36 (HOEPA), 38 (GAAP; FAS 140; HJR-192, U.C.C.), 74 (UCC; HJR-192; FAS
140-Private Trust), 87 (Uniform Commercial Code, section 3-302), and 104 (RICO).)  These pleadings cannot give
rise to valid causes of action; mere references to various statutes do not contain sufficient factual allegations to place
GMACM on notice of the allegations against it, and they fail as a matter of law.  *See Trevisani v. Dep't of Health*,
908 So. 2d 1108, 1109 (Fla. Dist. Ct. App. 2005).

statement concerning a material fact; (2) GMACM knew or should have known that the statement was false; (3) GMACM intended that Farrell would rely on the false statement; and (4) Farrell was injured by his justifiable reliance on the false statement.  *See Rose v. ADT Sec. Servs., Inc.*, 989 So. 2d 1244, `147 (Fla. Dist. Ct. App. 2008).  To state a claim for fraudulent misrepresentation, Farrell would need to allege (1) GMACM made a false statement concerning a material fact; (2) GMACM knew that the representation was false; (3) GMACM intended to induce Farrell to act on the false statement; and (4) Farrell was injured by relying on the representation.  *See Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010).  Even assuming that Farrell meets the requirements for stating a claim for fraud, he fails to state a claim against *GMACM*, because all of his allegations relate to the conduct of the loan originator, not GMACM.  His claims against GMACM for this conduct therefore fail as a matter of law.

Farrell's allegation that he was not provided with notice of the "real" lender at closing and was therefore deprived of his right of rescission because he could not determine whether the "real" lender was registered or chartered to do business as a lender in Florida, also fails.  Though it is not clear, the Court assumes that Farrell means to assert a claim under Florida Statute § 607.1501, which states that a foreign corporation may not do business in Florida unless it obtains a certificate of authority.  However, as the Trust notes, GMACM and Wells Fargo (the actual plaintiff in the State Foreclosure Action) are specifically exempted from this provision because, as foreign corporations, they can sue on notes executed and delivered in Florida without qualifying to do business in Florida.  *See* Fla. Stat. § 607.1501(2)(h).  "[S]ecuring or collecting debts or enforcing mortgages and security interests in property securing the debts" does not constitute "transacting business" under the statute.  *Id.*

Farrell's allegations that securitization of the Note was fraudulent and should void his
foreclosure are meritless.  Any transfer of Farrell's Note did not relieve Farrell of the obligation
to pay the amount owed to the transferee.  Similar arguments have been repeatedly dismissed by
Florida courts.  *See, e.g.*, *Altier v. Federal Nat'l Mortg. Ass'n*, No. 1:13-cv-164-MW/GRJ, 2013
WL 6388521, at *4 (Dec. 6, 2013) (Division of a note and mortgage "does not mean . . . that a
mortgage is invalid, resulting in clear title to the homeowner, merely as a result of assigning it
without the assignment of the note to the same entity." (citation omitted)).  Additionally, Farrell
is not a party to the trust agreement, nor is he a third-party beneficiary to the trust that owns his
Loan; he therefore lacks standing to raise issues related to the trust.  *See, e.g.*, *Castillo v.
Deutsche Bank Nat'l Trust Co.*, No. 3D11-2132, 2012 WL 2009701 (Fla. Dist. Ct. App. June 6,
2012).

As noted above, Farrell's bald assertion, without any documentary support, that GMACM
force-placed insurance on his Property fails to state a claim.  Contrary to Farrell's unsupported
claim, GMACM affirmatively rebutted Farrell's allegation; GMACM did not place insurance
coverage on the Property in 2005, 2006 or 2007.  *See* Delehey Decl. ¶ 10.  The burden shifted
back to Farrell to support this claim; he failed to meet his burden.

Farrell's final assertions in this Claim—that he is a victim of the fraud committed by the
"entire Mortgage industry" and that he is a "qui tam relator-whistleblower"—do not state a cause
of action against GMACM.  These are conclusory and unsupported allegations.

Because none of the allegations in Claim No. 283 support any liability against GMACM,
this Claim is **DISALLOWED** and **EXPUNGED**.

2.    *Claim No. 1353*

As noted above, Claim No. 1353 contains a variety of pleadings.  These documents do
not state a viable cause of action against GMACM.  Farrell cannot unilaterally modify the terms
of his loan by filing various UCC financing statements.  The default judgment entered against
Pinnacle for failing to respond to his Complaint does not state any cause of action against
GMACM.  The inclusion of his Note is not a statement of a claim against GMACM.  Documents
from his loan closing—the TILA disclosure statement and the "Earnest Money" note—without
more, do not state a cause of action against GMACM.  The warranty deed recorded in Lee
County and the copy of the Mortgage likewise fail to state a cause of action against GMACM.
Farrell's assertion in the Florida State Action that he is a "sovereign" and revokes his signature
to all "contracts, agreements, forms or any instrument which may be construed in any way to
give any agency or department of any federal or state government authority, venue, or
jurisdiction over" Farrell is not recognized by any Florida or federal law, and cannot represent a
basis for liability on the part of GMACM.  Finally, Farrell's "Motion for Summary Judgment
and Quiet Title," filed in the State Foreclosure Action, was rejected by the Florida State Court.

Farrell fails to allege any basis of liability for GMACM in Claim No. 1353 and it is
**DISALLOWED** and **EXPUNGED**.

3.    *Claim No. 1696*

The first filing from the Consolidated State Action attached to this Claim a document he
labeled as "Notice to Principal is Notice to Agent Notice to Agent is Notice to Principal."  In this
document, Farrell claims that his Loan was discharged due to the Emergency Economic
Stabilization Act on October 11, 2008.  This document fails to specify any facts specific to the
Loan that would entitle Farrell to the relief he seeks.

21

The second document from the Consolidated State Action attached to this Claim is the "Appellant's Motion for Dismissal for Fraud." In this document, Farrell moves for dismissal of the Florida State Foreclosure Action because Farrell discharged his loan by "redeeming" his birth certificate for $1,000,000. This is not a valid claim recognized by any law, federal or state.

Claim No. 1696 does not provide a basis for liability against GMACM. It is therefore **DISALLOWED** and **EXPUNGED**.

4. *Claim No. 4692*

As noted above, attached to this Claim was Farrell's Demand for Judicial Notice, requesting the Court to take judicial notice of his years of litigation against GMACM (Farrell filed another similar motion on the docket, *see* ECF Doc. # 6838). In this document, Farrell alleges that GMACM "is NOT a debtor in possession of anything that belongs" to him, including the Property, that GMACM "is NOT a servicer" of the Mortgage, and that a mortgage-backed security was discharged in a separate bankruptcy action involving American Home Mortgage. The other causes of action Farrell references in this Claim are already discussed above with respect to Claim No. 283. His additional statements of belief and opinion do not state a valid cause of action against GMACM. *See Morgan v. Cont'l Cas. Co.*, 382 So. 2d 351, 353 (Fla. Dist. Ct. App. 1980) (holding that averments based upon speculation, surmise, and conjecture without evidence are insufficient to create a disputed issue of fact in opposition to a motion for summary judgment).

Claim No. 4692 does not state a valid claim against GMACM and is therefore **DISALLOWED** and **EXPUNGED**.

5. *Claim No. 6281*

The Trust asserts that Claim No. 6281 was not timely filed and does not represent a valid

amendment to any of Farrell's previous claims because it does not "relate back." However, even

assuming that this Claim had been timely filed, Farrell fails to state a cause of action against

GMACM in any of the twelve asserted causes of action included in the 358 paragraphs included

in his "Fifth Amended Complaint," attached to Claim No. 6281.

*First*, any HOEPA claim Farrell asserts is time-barred: any action brought under HOEPA

must be brought within one (1) year "from the date of the occurrence of the violation." 15

U.S.C. § 1640(e). Farrell fails to state a claim under HOEPA.

*Second*, Farrell's RESPA claim for allegedly overcharged amounts "for the rendering of

real estate services"—including his allegation that $18,000 of his money was stolen when the

Loan closed in October 2005—is barred by either the one (1) or three (3) year statute of

limitations under RESPA. 12 U.S.C. § 2614. RESPA claims must be raised within either one

(1) or three (3) years of the date a violation occurred, depending on the provision alleged to have

been violated. *See id.* Not only does Farrell fail to specify how any damages were caused by a

particular violation of RESPA, his claim would be time-barred in any event, and he fails to state

a RESPA claim.

*Third*, Farrell seeks rescission of the Loan for alleged violations of TILA based on

failures to include and disclose charges on the Loan's TILA statement. This claim likewise fails

under the statute of limitations, which is one (1) year and begins to run when the loan transaction

is consummated. 15 U.S.C. § 1640(e).

*Fourth*, Farrell's claim that GMACM violated FCRA by "wrongfully and illegally"

reporting information to credit agencies does not state a valid claim under FCRA. To comply

with FCRA, (1) furnishers of credit information are required to submit accurate information to credit reporting agencies and correct any known inaccurate information that has been furnished, *see* 15 U.S.C. § 1681s-2(a), and (2) furnishers of credit information must investigate and promptly respond to notice of consumer disputes, *see id.* § 1681s-2(b).  The FCRA only provides a limited private right of action to enforce violations.  Farrell fails to allege what false information GMACM reported (but merely asserts that GMACM "wrongfully and illegally reported negative information" to credit agencies), and cannot state a private right of action under the FCRA.

*Fifth*, Farrell's FDUTPA claim fails because the damages he alleges—treble damages for taking advantage of his failure to understand the nature of his Loan and various documents as well as injunctive relief—are consequential and special damages.  The FDUTPA only provides for recovery of "actual damages" incurred "as a consequence of a violation of the statute," and cannot be consequential or special damages.  *Smith v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. Dist. Ct. App. 2004); FLA. STAT. § 501.211(1).  Additionally, this cause of action is premised on the alleged misrepresentations made by the originator, Pinnacle, and not GMACM.

*Sixth*, Farrell alleges mortgage fraud based on alleged misrepresentations and Florida Statute 817.545.  This statute is a criminal statute and does not provide a basis for a civil complaint.  Additionally, it is also based on the alleged actions of the originator, and cannot state a claim against GMACM.

*Seventh*, Farrell's claim for fraudulent misrepresentation fails, as explained above under Claim No. 283, because GMACM was not the original lender; Farrell cannot show that GMACM

made a misrepresentation of material fact related to the origination of his Loan because
GMACM was not involved.

*Eighth*, Farrell's claim for breach of fiduciary duty based on fraudulent inducement to
enter into a mortgage transaction fails because this claim is properly asserted against the Loan's
originator, not GMACM.  Additionally, absent special circumstances not present here, Florida
law does not recognize a fiduciary duty between borrowers and lenders.  *See Watkins v. NCNB
Nat'l Bank of Fla., Inc.*, 622 So. 2d 1063, 1065 (Fla. Dist. Ct. App. 1993).

*Ninth*, Farrell's claim for unjust enrichment based on mortgage securitization and Federal
Reserve "scams" does not state a valid claim against GMACM.  Farrell's subjective beliefs and
personal opinions, without supporting facts or documents, do not constitute any cognizable
action under law.  Additionally, Florida courts have repeatedly denied challenges to foreclosures
based on the securitization process.  *See Altier*, 2013 WL 6388521, at *4.

*Tenth*, Farrell does not state a civil RICO claim.  To establish a claim under RICO, a
plaintiff must allege (1) a person who engages in (2) a pattern of racketeering activity
(3) connected to the acquisition, establishment, conduct, or control of an enterprise.  18 U.S.C.
§ 1962.  His allegations of a massive government conspiracy are insufficient to support his
allegations.

*Eleventh*, this claim once again asserts a cause of action based on forced-placed insurance
on the Property.  As explained above, this does not state a claim against GMACM.

*Finally*, Farrell's last cause of action is based on RESPA and TILA.  As already
explained above, any claim Farrell could have brought under these statutes is time-barred.

None of the causes of action asserted by Farrell in the state court pleading submitted as Claim No. 6281 supports liability against GMACM.  It is therefore **DISALLOWED** and **EXPUNGED**.

### III.    CONCLUSION

For the reasons stated above, the Trust's Objection is **SUSTAINED**.  By its Objection, the Trust produced sufficient evidence and legal argument to shift the burden to Farrell, who failed to provide any evidence supporting the validity of his Claims by a preponderance of the evidence.  Farrell's Claims are therefore **DISALLOWED** and **EXPUNGED** because they are either barred by res judicata or they fail, as a matter of law, to state any cognizable claim against GMACM.

The Court has carefully considered each of Farrell's legal arguments and the allegations purportedly supporting each of his claims.  Farrell, like all claimants, is entitled to assert good faith claims against the Debtors, and to have this Court judge each claim fairly on the merits. The Court has done so here, ignoring Farrell's incendiary filings including numerous entirely specious claims and arguments.  Many or most of Farrell's arguments were previously considered and rejected by the state and federal courts in which he raised the same or similar claims before.  Because this is the first time this Court has considered Farrell's claims, the Court has patiently dealt with each of his claims and arguments.   Future scurrilous pleadings will result in summary disposition, including if appropriate the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: September 30, 2014
     New York, New York


_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge