**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SEVENTY-SECOND OMNIBUS OBJECTION TO (A) AMENDED AND SUPERSEDED CLAIMS; (B) LATE-FILED CLAIMS; AND (C) DUPLICATE CLAIMS

Upon the seventy-second omnibus claims objection, (the "Objection"),[1] of The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF Doc. # 3294] (the "Procedures Order"), disallowing and expunging the (i) Amended and Superseded Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim; (ii) Late-Filed Claims on the basis that they were filed after the applicable Bar Date; and (iii) Duplicate Claims on the basis that they assert claims against are either identical to a corresponding claim filed by the same claimant or substantially similar to a corresponding claim filed by the same claimant; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fifty-Eighth Omnibus Claims Objection.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Seventy-Second Objection to (A) Amended and Superseded Claims; (B) Late-Filed Claims; and (C) Duplicate Claims* annexed thereto as Exhibit 1-A; and the *Declaration of P. Joseph Morrow IV in Support of The ResCap Liquidating Trust's Seventy-Second Omnibus Objection to Claims (Late-Filed Claims)*, annexed thereto as Exhibit 1-B; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading "Surviving Claims " (collectively, the "Surviving Claims") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time; and it is further

2

ORDERED that the disallowance and expungement of the Amended and Superseded Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (the "Late-Filed Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C annexed hereto (the "Duplicate Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit C annexed hereto under the heading "Surviving Claims" (collectively, the "Surviving Claims") will remain on the Claims Register, and such claims are neither allowed nor disallowed at this time; and it is further

ORDERED that the disallowance and expungement of the Duplicate Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded, Late-Filed, and Duplicate Claims identified on the schedule attached as Exhibit A, Exhibit B, and Exhibit C hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [ECF Doc. # 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of (1) any Surviving Claim, and (ii) any claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such Surviving Claim and any claim that is not listed on Exhibit A, Exhibit B, or Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Claims, Late-Filed Claims, or Duplicate Claims identified on Exhibit A, Exhibit B, or Exhibit C annexed hereto, as if each such Amended and Superseded, Late-Filed, or Duplicate Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED:**

Dated:   September 30, 2014
         New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                                United States Bankruptcy Judge

4

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-SECOND OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | AT&T Corp<br>James Grudus, Esq.<br>AT&T Services, Inc<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921 | 393 | 08/13/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$17,987.03 General Unsecured | Residential Capital, LLC | 12-12020 | AT&T Corp<br>Karen A. Cavagnaro - Lead Paralegal<br>AT&T Services, Inc<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921 | 7352 | 01/29/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$55,618.86 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | City of Cincinnati<br>801 Plum Street, Room No 202<br>Cincinnati, OH 45202 | 247 | 07/02/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$17,141.85 General Unsecured | Residential Capital, LLC | 12-12020 | City of Cincinnati<br>801 Plum Street, Room No 202<br>Cincinnati, OH 45202 | 291 | 07/16/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$27,041.85 General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | GE Capital Information Technology Solutions, Inc.<br>Attn Bankruptcy Administration<br>PO Box 13708<br>Macon, GA 31208 | 6888 | 07/26/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$6,786.79 General Unsecured | Residential Capital, LLC | 12-12020 | GE Capital InformationTechnology Solutions, Inc.<br>Attn Bankruptcy Administration<br>GECITS<br>PO Box 13708<br>Macon, GA 31208 | 7468 | 06/23/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$5,688.54 General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 5819 | 11/19/2012 | Administrative Priority<br>Administrative Secured<br>$33,243.60 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 6955 | 08/13/2013 | Administrative Priority<br>Administrative Secured<br>$9,313.93 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | Imperial County Treasurer-Tax Collector<br>940 W. Main Street, Suite 106<br>El Centro, CA 92243 | 6861 | 05/28/2013 | UNLIQUIDATED Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Imperial County Treasurer-Tax Collector<br>940 W. Main Street, Suite 106<br>El Centro, CA 92243 | 7318 | 01/08/2014 | $1,164.40 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 6 | New York Department of Taxation and Finance<br>Bankruptcy Section<br>P O Box 5300<br>Albany, NY 12205-0300 | 65 | 06/06/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>$45.37 Priority<br>$55.27 General Unsecured | GMAC Mortgage, LLC | 12-12032 | New York State Department of Taxation and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | 6852 | 05/16/2013 | Administrative Priority<br>Administrative Secured<br>Secured<br>$151.55 Priority<br>$496.02 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | WAKE COUNTY<br>WAKE COUNTY TAX COLLECTOR<br>421 FAYETTEVILLE ST. SUITE 200<br>RALEIGH, NC 27601 | 676 | 09/24/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>$10,804.17 Priority<br>$1,034.71 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wake County Revenue Department<br>Wake County Justice Center<br>301 S McDowell Street, Suite 3800<br>PO Box 2331<br>Raleigh, NC 27602 | 7350 | 01/16/2014 | $712.34 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-SECOND OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Lamun Mock Cunnyngham & Davis, PC<br>Attn Bret D. Davis<br>5613 N. Classen Blvd<br>Oklahoma City, OK 73118 | 7348 | 01/22/2014 | $3,308.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | LENDOW INC<br>2405 PENTLAND DR<br>BIRMINGHAM, AL 35235 | 7174 | 09/19/2013 | $65,000.00<br>$10,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Metropolitan Trustee of Metropolitan Government of Nashville & Davidson County<br>Metropolitan Trustee<br>PO Box 196358<br>Nashville, TN 37219-6358 | 7185 | 10/03/2013 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | New Hampshire Department of Revenue Administration<br>Attn Legal Bureau<br>109 Pleasant Street<br>PO Box 457<br>Concord, NH 03302-0457 | 7462 | 04/01/2014 | $85,164.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

**<u>Exhibit C</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SEVENTY-SECOND OMNIBUS OBJECTION - DUPLICATE/REDUNDANT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Surviving Claim Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Western Massachusetts Electric Company<br>Northeast Utilities, Credit and Collection Center<br>PO Box 2899<br>Hartford, CT 06101-8307 | 653 | 09/24/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$2.54 General Unsecured | GMAC Mortgage, LLC | 12-12032 | 657 | Claim duplicative of and identical to the surviving Claim 657 filed by Western Massachusetts Electric Company |
| 2 | Wilentz, Goldman & Spitzer, P.A.<br>Attn Deirdre Woulfe Pacheco, Esq.<br>90 Woodbridge Center Drive<br>Suite 900, Box 10<br>Woodbridge, NJ 07095 | 1885 | 10/29/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$6,207.50 General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | 1891 | Substantially similar claim filed against an incorrect debtor. |