## Exhibit 2

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF**
**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 4664 OF**
**JAMES C. JACKSON**

I, Lauren Graham Delehey, hereby declare as follows:

1.      I serve as Chief Litigation Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors [Dockt No. 6030] in the above-captioned Chapter 11 Cases.  During the Chapter 11 cases, I served as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I joined ResCap on August 1, 2011 as in-house litigation counsel.

2.      In my role as Chief Litigation Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation.  In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court.  In my current position as Chief Litigation Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and

1

Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1]  I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Objection to Claim No. 4664 of James C. Jackson* (the "Objection").[2]

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4.      In my current and former capacities as Chief Litigation Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim forms and supporting documentation filed by the Claimant.  Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims

---

[1]      The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.    The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order. A Request Letter was sent to the Claimant on June 21, 2013. A response was received on July 23, 2013 (the "Diligence Response"). The form of the Request Letter and Diligence Response are attached hereto as Exhibit A.

6.    According to the Note (the "Note"), on January 10, 2005, New State Mortgage LLC originated a mortgage to the Claimant in the amount of $135,860 (the "Loan"). See Note, as well as the Mortgage, attached hereto as Exhibits B and C, respectively. As reflected in the Debtors' servicing notes, Residential Funding Corporation LLC, now known as Residential Funding Company, LLC ("RFC") purchased the loan from New State Mortgage on February 25, 2005 before endorsing it to JP Morgan Chase before it was securitized on or around March 2005. On or around March 12, 2005, Homecomings Financial LLC ("Homecomings") began servicing the Loan. See Homecomings servicing notes, attached hereto as Exhibit D. On or around May 8, 2007, Homecomings transferred servicing to GMAC Mortgage, LLC. See GMACM servicing notes, attached hereto as Exhibit E. On February 16, 2013, servicing of the Loan was transferred to Ocwen. See Ocwen Transfer Letter, attached hereto as Exhibit F. The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York

Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential

Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-

RS3 is the investor in the Loan.[3]

       7.     ResCap was not the seller of the property to the Claimant and was not

party to the Note.  RFC only briefly held the Note on the real property from February 25, 2005 to

approximately March 2005, at which time it was endorsed to JP Morgan Chase.  A review of the

Books and Records did not find anything noted in the servicing notes related to alleged facts that

form the basis of the Claimant's purported grounds for his dispute.[4]  In fact, the servicing notes

reflect that the Claimant was making monthly payments and received a traditional loan

modification on November 3, 2009.  See GMACM Servicing Notes dated November 3, 2009, as

well as the Claimants' Fixed Rate Loan Modification Agreement, attached hereto as Exhibit G.


*(Signature Page to Follow)*

---

[3] In the ordinary course of its regular operations, the Debtors maintain an internal database of information on loans that were serviced by the Debtors.  This database includes information on the investors in the loans and the approximate date the loans were securitized, but it is too voluminous to produce.  Therefore, only relevant information is summarized here.

[4] While the Servicing Notes attached only relate to the events relevant to the Claim, the Liquidating Trust can provide the full servicing notes upon the Court's request.

ny-1135307

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  October 2, 2014

         /s/ Lauren Graham Delehey
        Lauren Graham Delehey
        Chief Litigation Counsel for ResCap
        Liquidating Trust

## <u>Exhibit A</u>
**Request Letter and Diligence Response**



MORRISON | FOERSTER

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**     **Claims.Management@gmacrescap.com; or**

      **(ii)**    **Residential Capital, LLC**
              **P.O. Box 385220**
              **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

## Faccioli, Richard - PA

| | |
|---|---|
| **From:** | Clarissa D. Cu [CCu@kccllc.com] |
| **Sent:** | Tuesday, July 23, 2013 3:23 PM |
| **To:** | Claims Management |
| **Cc:** | !NA KCC Rescap |
| **Subject:** | ResCap Claim Information Forms |
| **Attachments:** | ResCap Claim Information Form Claim  No. 2429.pdf; ResCap Claim Information Form Claim No. 4664.pdf |

Rescap Team,

Please find attached two Claim Information Forms regarding Claim Nos. 2429 and 4664 received in our office today.

Thanks,
Clarissa

Clarissa Cu
KCC
2335 Alaska Avenue
El Segundo, CA 90245
tel 310.776.7378
fax 310.751.1878
ccu@kccllc.com
www.kccllc.com

*********************************************************************
Please visit the following website to read the KCC legal notice:
http://www.kccllc.com/Email-Disclaimer/
*********************************************************************

# RESCAP

MORRISON | FOERSTER

## Claim Information

| Claim Number | 4664 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | GMAC was Lender to Jackson and Jackson has claim against property owners SEE ATTACHED complaint AND Exhibits |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: |
|---|

Address of property related to the above loan number:

| City: | State: | ZIP Code: |
|---|---|---|

**RECEIVED**

JUL 2 3 2013

KURTZMAN CARSON CONSULTANTS

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

Claim Number: 4664
James Jackson
Type: POC

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020** |
|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**James Jackson**

Name and address where notices should be sent:

c/o Jessica Tovrov
Goodman Law Offices
105 West Madison St.
Suite 1500
Chicago IL 60602

Telephone number: 312.252.7362    email: jessica@tovrovlaw.com

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ **unknown**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** debtor holds mortgage on property sold to creditor fraudulently or negligently (see attached complaint)
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| __ __ __ __ | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate_____ % ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.
☐ I am the creditor. ■ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.) their authorized agent. indorser, or other codebtor.
(See Bankruptcy Rule 3004.) (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Jessica Tovrov    November 9, 2012
Title: attorney
Company: Goodman Law Offices    (Signature)    (Date)    *Nov 9, 2012*
Address and telephone number (if different from notice address above):

Telephone number: 312.252.7362    Email: jessica@tovrovlaw.com

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FILED - FIRM ID #36443

## CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION   PM 3: 07

| | |
|---|---|
| WINIFRED COLLINS-LEE, RASHEEDA L. FISHER, AND JAMES JACKSON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11 L 8162 |
| FOREIT PROPERTIES, LLC AND MARK FOREIT | ) ) ) |
| Defendants. | ) |

## FOURTH AMENDED COMPLAINT

Plaintiffs Winifred Collins-Lee, Rasheeda L. Fisher and James Jackson, by and through

their attorneys, Goodman Law Offices LLC, for their complaint against Foreit Properties, LLC

("Foreit") and Mark Foreit ("Mark") state and allege as follows:

### Facts Common to All Counts

1.    This matter arises out of the development of a condominium building and sale

of condominiums located at 5936-5948 South King Drive, Chicago, Illinois, commonly

referred to as the Courtyard on the Park Condominiums (the "Building").

2.    Beginning sometime prior to December 31, 2004, Foreit was the developer of

the Building.

3.    Presently and at all times referred to herein, Mark is and was a Foreit manager.

4.    Sometime prior to December 31, 2004, Foreit reconfigured and renovated the

Building, including modifying the Building's lower levels from spaces not designed as living

quarters into garden apartments (the "Garden Units").

1


EXHIBIT
A

5.      The Garden Units are partially below ground and the front door of each Garden Unit faces the Building's open courtyard.

6.      On or about January 10, 2005, Foreit sold one of the Garden Units, specifically the unit located at 5940 S. King Drive, Unit 1W ("One West") to James Jackson. (Copy of Deed attached as Exhibit 1.)

7.      At some point prior to September 11, 2006, Foreit sold one of the Garden Units, specifically the unit located at 5948 S. Martin Luther King Drive Unit 1 ("One") to Claire Okula.

8.      On or about September 13, 2006, the Garden Units flooded during a rainfall.

9.      Drainage from the Building's gutters collected and rainwater fell into the courtyard, and flowed into unit One, unit One West and the Garden Unit located at 5944 S. Martin Luther King Dr. Unit 1E ("One East").

10.     Rainwater from the gutters located in the rear of the Building drained into unit One, unit One West and unit One East through the units' doors.

11.     Many of Jackson's personal belongings were damaged or destroyed as a result of this flooding.

12.     Many of Okula's personal belongings were damaged or destroyed as a result of this flooding.

13.     Following the flooding, Foreit, through its agents and representatives, including Mark, promised Jackson that the water damage would be properly repaired and that the Building would be reconfigured to ensure that Garden Units would not flood again.

2

14.    In reliance upon these promises, Jackson continued to live in unit One West, did not investigate or attempt to remediate the cause of the flooding, and did not take other action to compel Foreit to do so or seek other remedies against Defendants.

15.    At some point after September 11, 2006 but before June 14, 2007, Defendants installed a sump pump at the Building in such a way that it would not prevent the Garden Units from flooding again in the same manner as in the September 11, 2006 flood.

16.    At some point after September 11, 2006 but before June 14, 2007, Foreit purchased unit One back from Okula.

17.    On or about June 14, 2007, Foreit resold unit One to Winifred Collins-Lee ("Lee").  (Copy of Purchase Agreement attached as Exhibit 2.)

18.    Prior to the sale, Foreit, through its agents and representatives, including Mark, told Lee that unit One was brand new and had not been previously owned or occupied.

19.    Defendants did not disclose to Lee that the unit had previously been owned and occupied by Okula or that Foreit had purchased unit One back from Okula after the unit flooded.

20.    Prior to the sale, Foreit, through its agents and representatives, including Mark, informed Lee that unit One had experienced water infiltration caused by a backup of the city storm drain system that caused water to infiltrate unit One from underneath the unit's back door, that the city had corrected the problem and that Defendants had installed a sump pump to prevent this occurrence from happening again.  (Copy of Residential Real Property Disclosure Report attached as Exhibit 3.)

21.    At the time of this representation, Defendants knew or should have known that back-up of a city storm drain was not the sole cause of the flooding.

3

22.    At the time of this representation, Defendants knew or should have known that the sump pump was not properly installed, was installed without a permit and would not prevent the Garden Units from flooding again in the same manner as in the September 13, 2006 flood.

23.    At the time of this representation, Defendants knew or should have known that the cause of the flooding was latent defects in the design, construction and management of the reconfiguration of the Building's lower level into residential condominiums, which caused the Building's drain water to drain into units One, One West and One East.

24.    Defendants did not disclose to Lee that the Garden Units, including unit One, had had substantial flooding.

25.    Defendants did not disclose to Lee that the Garden Units, including unit One, had experienced flooding due to latent defects in the design, construction and management of the reconfiguration and renovation of the Building's lower level into residential condominiums.

26.    Defendants did not disclose to Lee that Defendants did not properly install a sump pump or that the sump pump installed would not prevent flooding from happening again.

27.    In reliance upon these representations and omissions, Lee purchased unit One from Foreit.

28.    On or about October 8, 2007, Foreit sold unit One East to Rasheeda Fisher. (Copy of Deed attached as Exhibit 4.)

29.    Prior to the sale, Foreit, through its agents and representatives, including Mark, informed Fisher that unit One East had experienced water infiltration caused by a backup of

4

the city storm drain system that caused water to infiltrate unit One East from underneath the unit's back door, that the city had corrected the problem and that Defendants had installed a sump pump to prevent this occurrence from happening again.   (Copy of Residential Real Property Disclosure Report attached as Exhibit 5.)

30.     At the time of this representation, Defendants knew or should have known that back-up of a city storm drain was not the sole cause of the flooding.

31.     At the time of this representation, Defendants knew or should have known that the sump pump was not properly installed, was installed without a permit and would not prevent the Garden Units from flooding again in the same manner as in the September 13, 2006 flood.

32.     At the time of this representation, Defendants knew or should have known that the cause of the flooding was latent defects in the design, construction and management of the reconfiguration of the Building's lower level into residential condominiums, which caused the Building's drain water to drain into units One, One West and One East.

33.     Defendants did not disclose to Fisher that the Garden Units, including unit One East, had had substantial flooding.

34.     Defendants did not disclose to Fisher that the Garden Units, including unit One East, had experienced flooding due to latent defects in the design, construction and management of the reconfiguration and renovation of the Building's lower level into residential condominiums.

35.     Defendants did not disclose to Fisher that Defendants did not properly install a sump pump or that the sump pump installed would not prevent flooding from happening again.

36.    In reliance upon these representations and omissions, Fisher purchased unit One East from Foreit.

37.    On or about August 11, 2008, units One, One West and One East all flooded in the same manner as in the September 13, 2006 flood.

38.    On or about July 13, 2010, units One, One West and One East all flooded again in the same manner.

39.    On or about July 24, 2011, units One, One West and One East all flooded again in the same manner.

40.    At some point following the August 11, 2008 flood, units One, One West and One East became infested with mold.

41.    On or about October 5, 2010, the Defendants were ordered by the City of Chicago Department of Buildings to remove the sump pump they had installed. (Copy of City of Chicago Department of Buildings citation instructing Defendants to remove sump pump and other outdoor plumbing attached as Exhibit 6.)

42.    On or about April 8, 2011, the Building was inspected by a private inspection company that determined that the cause of flooding was latent defects in the design, construction and management of the reconfiguration of the Building's lower level into residential condominiums, which caused the Building's drain water to drain into units One, One West and One East. (Copy of inspection report attached as Exhibit 7.)

43.    As a result of the August 11, 2008, July 13, 2010 and July 24, 2011 flooding and of the mold infestation, many of Jackson's, Lee's and Fisher's personal belongings were damaged or destroyed; units One, One West and One East were damaged and lost value;

Plaintiffs suffered emotional distress and Lee suffered severe physical injuries requiring significant past and ongoing medical treatment.

### Count I – Negligence
### Jackson v. Foreit

44.    Jackson re-allege paragraphs 1-43.

45.    Jackson brings Count I against Foreit.

46.    Sometime prior to December 31, 2004, Foreit reconfigured and renovated the Building, including modifying the Building's lower levels from spaces not designed as living quarters into garden apartments.

47.    The Garden Units are partially below ground and the front door of each Garden Unit faces the Building's open courtyard.

48.    On or about January 10, 2005, Foreit sold one of the Garden Units, specifically the unit One West, to Jackson.

49.    As developer of the Building and the Garden Units, Foreit had a duty to Jackson to properly design and manage the construction of the reconfiguration of the Building's lower levels into garden unit condominiums, including a duty to design and manage the reconfiguration of the Building in such a way that would not cause the Garden Units, including Jackson's unit, to experience flooding in the manner described herein.

50.    As developer of the Building and the Garden Units and due to its promises and affirmative undertakings described herein, Foreit had a duty to properly repair and manage the repairs to Jackson's units following the flooding.

51.    As developer of the Building and the Garden Units and due to its statements and affirmative undertakings described herein, Foreit had a duty to investigate the source of the

7

flooding and correctly reconfigure the Building as necessary to prevent the Garden Units, including Jackson's unit from flooding in the manner described herein.

52.     Foreit breached its duties by designing, managing the design, modifying and supervising the modification of the Building improperly, in such a way that caused the Garden Units, including Jackson's unit, to experience flooding in the manner described herein.

53.     Foreit breached its duties by failing to repair and manage the repairs to clean and dry Jackson's units following the flooding.

54.     Foreit breached its duties by failing to investigate the source of the September 13, 2006 flooding or to correctly reconfigure the Building as necessary to prevent the Garden Unit, including Jackson's unit, from subsequent flooding in the manner described herein (as it did on August 11, 2008, July 23, 2010, and July 24, 2011).

55.     Foreit breached its duties by failing to correct the condition of the Building to prevent additional flooding to Jackson's unit.

56.     As a direct and proximate result of one or more of the aforesaid breaches, Jackson's condominium unit was damaged, his personal belongings were damaged or destroyed and the value of his condominium greatly reduced.

57.     As a direct and proximate result of one or more of the aforesaid breaches Jackson suffered real and compensatory damages.

WHEREFORE, Plaintiff, James Jackson, requests judgment against Foreit Properties, LLC and in his behalf, in excess of $50,000 as shall represent fair and just compensation.

## Count II – Negligence
### Lee v. Foreit

58.     Lee re-allege paragraphs 1-43.

59.     Lee brings Count II against Foreit.

8

60.    Sometime prior to December 31, 2004, Foreit reconfigured and renovated the Building, including modifying the Building's Garden Units.

61.    The Garden Units are partially below ground and the front door of each Garden Unit faces the Building's open courtyard.

62.    On or about June 14, 2006, Foreit sold unit One to Lee.

63.    As developer of the Building and the Garden Units, Foreit had a duty to Lee to properly design and manage the construction of the reconfiguration of the Building's lower levels into garden unit condominiums, including a duty to design and manage the reconfiguration of the Building in such a way that would not cause the Garden Units, including Lee's unit, to experience flooding in the manner described herein (flooding on August 11, 2008, July 13, 2010, and July 24, 2011).

64.    Foreit breached its duties by designing, managing the design, modifying and supervising the modification of the Building improperly, in such a way that caused the Garden Units, including Lee's unit, to experience flooding in the manner described herein.

65.    As a direct and proximate result of one or more of the aforesaid breaches, Lee's condominium unit became infested with toxic mold.

66.    As a direct and proximate result of one or more of the aforesaid breaches, Lee's condominium units was damaged, her personal belongings were damaged or destroyed and the value of his condominium unit is greatly reduced.

67.    As a direct and proximate result of one or more of the aforesaid breaches Lee suffered real and compensatory damages including damage to his personal property, decreased value of her condominium, and mental anguish.

68.    As a direct and proximate result of one or more of the aforesaid breaches, Plaintiff Lee suffered severe physical injuries, required significant medical treatment, and will require ongoing medical treatment.

WHEREFORE, Plaintiff Lee requests judgment against Foreit and in her behalf, in excess of $50,000 as shall represent fair and just compensation.

### Count III Negligence
### Fisher v. Foreit

69.    Fisher re-allege paragraphs 1-43.

70.    Fisher brings Count III against Foreit.

71.    Sometime prior to December 31, 2004, Foreit reconfigured and renovated the Building, including modifying the Building's Garden Units.

72.    The Garden Units are partially below ground and the front door of each Garden Unit faces the Building's open courtyard.

73.    On or about October 8, 2007, Foreit sold unit One East to Fisher.

74.    As developer of the Building and the Garden Units, Foreit had a duty to Fisher to properly design and manage the construction of the reconfiguration of the Building's lower levels into garden unit condominiums, including a duty to design and manage the reconfiguration of the Building in such a way that would not cause the Garden Units, including Fisher's unit, to experience flooding in the manner described herein (flooding on August 11, 2008, July 13, 2010, and July 24, 2011).

75.    Foreit breached its duties by designing, managing the design, modifying and supervising the modification of the Building improperly, in such a way that caused the Garden Units, including Fisher's unit, to experience flooding in the manner described herein.

76. As a direct and proximate result of one or more of the aforesaid breaches, Fisher's condominium unit became infested with toxic mold.

77. As a direct and proximate result of one or more of the aforesaid breaches, Fisher's condominium units was damaged, her personal belongings were damaged or destroyed and the value of his condominium unit is greatly reduced.

78. As a direct and proximate result of one or more of the aforesaid breaches Fisher suffered real and compensatory damages including damage to his personal property, decreased value of her condominium, and mental anguish.

WHEREFORE, Plaintiff Fisher requests judgment against Foreit and in her behalf, in excess of $50,000 as shall represent fair and just compensation.

### Count IV – Breach of Implied Warranty of Workmanship
#### Jackson v. Foreit

79. Jackson re-alleges paragraphs 1-43.

80. Jackson brings Count IV against Foreit.

81. In developing and reconfiguring the Building to include the Garden Units, Foreit impliedly warranted to perform the work in a reasonably workmanlike manner.

82. In agreeing to repair Jackson's units and modify his unit and the Building to prevent future flooding, Foreit impliedly warranted to perform the work in a reasonably workmanlike manner.

83. The development and reconfiguration of the Building and Jackson's unit were not performed in a reasonable workmanlike manner.

84. Repairs to Jackson's unit were not performed in a reasonably workmanlike manner.

11

85.     Repairs to and reconfiguration of Jackson's units and the Building to prevent additional flooding were not performed in a reasonably workmanlike manner.

86.     As a result of Foreit's breaches of the implied warranty Jackson suffered pecuniary damages and the loss of value of the Property.

WHEREFORE, Jackson requests judgment against Foreit Properties, LLC and in her behalf, in excess of $50,000 as shall represent fair and just compensation.

### Count V – Fraud
**Lee and Fisher v. Foreit and Mark**

87.     Lee and Fisher re-allege paragraphs 1-43.

88.     Lee and Fisher bring Count III against Foreit and Mark.

89.     During Lee's and Fisher's respective purchases of their Garden Units, Foreit, through its agents and representatives, including Mark, made the following misrepresentations:

  a.  failed to disclose at any time the latent defects described above;

  b.  failed to disclose to Lee and Fisher the extent to which the Garden Units they purchased had previously flooded;

  c.  incorrectly informed Lee and Fisher that the defect that had caused water to infiltrate the units had been corrected;

  d.  stated in writing to Lee and Fisher that "water infiltration" into the units had been caused by a backup of the city storm drain, that the city had corrected the problem and that Defendants had installed a sump pump to prevent future flooding;

  e.  told Lee that unit One was brand new and had never been lived in.

90.     At the time Defendants made these statements they knew or should have known:

  a.  that back-up of a city storm drain was not the sole cause of the flooding;

12

b. that the sump pump was not properly installed, was installed without a permit and would not prevent the Garden Units from flooding again in the same manner as in the September 11, 2006 flood;

c. that the cause of flooding in the Garden Units was latent defects in the design, construction and management of the reconfiguration of the Building's lower level into residential condominiums, which caused the Building's drain water to drain into units One, One West and One East.

d. that unit One had previously been owned and occupied by Okula and that Foreit had purchased unit One back from Okula after the unit flooded.

91.    All of the misrepresentations and omissions were made with the intention of inducing Lee and Fisher to purchase Garden Units.

92.    Lee and Fisher relied on the misrepresentations listed above in deciding to purchase Garden Units.

93.    As a result, Lee and Fisher have each suffered pecuniary damages, emotional distress and the loss of value of the Property and Lee suffered personal injury.

WHEREFORE, Plaintiffs, Winifred Collins-Lee and Rasheeda L. Fisher, each request judgment against Foreit Properties, LLC and Mark Foreit and in their behalf in excess of $50,000 as shall represent fair and just compensation.

### Count VI -- Consumer Fraud Act
### Lee and Fisher v. Foreit and Mark

94.    Plaintiffs re-allege paragraphs 1-43.

95.    Plaintiffs Lee and Fisher bring Count IV against Foreit and Mark.

96.    During the purchase of their Garden Units, Defendants made the following misrepresentations to Lee and Fisher:

a. failed to disclose at any time the latent defects described above;

b. failed to disclose to Lee and Fisher the extent to which the Garden Units they purchased had previously flooded;

13

    c.  provided false statements to Lee and Fisher that the defect that had caused water to infiltrate the units had been corrected;

    d.  stated in writing to Lee and Fisher that the "water infiltration" had been caused by a back-up of the city storm drain, that the city had corrected the problem and that Defendants had installed a sump pump to prevent future flooding;

    e.  provided false statements to Lee that unit One was brand new and had never been lived in.

97.    All of the misrepresentations were made with the intention of inducing Lee and Fisher to purchase Garden Units.

98.    Lee and Fisher relied on the misrepresentations listed above in deciding to purchase Garden Units.

99.    At the time Defendants made these statements they knew or should have known:

    a.  that the flooding was not solely the result of a backup of a city storm drain;

    b.  that the sump pump was not properly installed, was installed without a permit and would not prevent future flooding;

100.    As a result, Lee and Fisher have each suffered pecuniary damages, emotional distress and the loss of value of the Property, and Lee suffered personal injury.

WHEREFORE, Plaintiffs, Winifred Collins-Lee and Rasheeda L. Fisher, each request judgment against Foreit Properties, LLC., and Mark Foreit and in their behalf in excess of $50,000 as shall represent fair and just compensation, plus attorneys' fees, exemplary damages and court costs.

Respectfully submitted,

By: _____
One of the attorneys for Plaintiffs, Winifred
Collins-Lee, Rasheeda L. Fisher and James
Jackson

Gabriel P. Hardy
Adam Goodman
Jessica Tovrov
Wesley Johnson
Alexis Hawker
GOODMAN LAW OFFICES LLC
105 West Madison Street, Suite 1500
Chicago, IL 60602
(312) 752-4756
Fax: (312)264-2535
gabe@thehardylawoffices.com

## CERTIFICATE OF SERVICE

I, Gabriel Hardy, an attorney, hereby certify that a copy of the attached Fourth Amended Complaint was served on November 6, 2012 via U.S. mail upon the following:

Jaffe & Berlin, L.L.C.
111 W. Washington, Suite 900
Chicago, Illinois 60602
*Counsel for Foreit Properties, LLC*

Gabriel Hardy

Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

————————————————————{Space Above This Line For Recorder's Use}————————————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this December 9, 2009 ("Effective Date") between JAMES C JACKSON          ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated January 10, 2005 in the original principal sum of One Hundred Thirty Five Thousand Eight Hundred Sixty Dollars and No Cents ($ 135,860.00)executed by Borrower except that since Borrower has received a chapter 7 bankruptcy discharge, this Agreement will not create personal liability under the Note.. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book and/or Page Number  of the real property records of COOK County, IL. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 5940 SOUTH KING DRIVE #1W   CHICAGO IL 60637, which real property is more particularly described as follows:

### (Legal Description -- Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Borrower understands that Borrower is not personally obligated to repay the mortgage loan and that [GMAC Mortgage, LLC] is not attempting to collect any debt from Borrower. Signing this Agreement will not make Borrower personally liable for the mortgage loan. Borrower understands that [GMAC Mortgage, LLC] will continue to retain its lien on the Property, along with all rights to enforce such lien against the Property. Whether Borrower chooses to make voluntary payments in the amount of the original monthly payment as set forth in the Note or the modified monthly payments as set forth in this Agreement, such payments will reduce the amount of the lien.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is One Hundred Thirty Thousand Six Hundred Fifty Four Dollars and Seventy Cents $ 130,654.70.

EXHIBIT

B

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of 3.25000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 635.32, beginning on January 9, 2010, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on January 9, 2035 (the "Maturity Date"), amounts remain due under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, except that since Borrower has received a chapter 7 bankruptcy discharge, this Agreement will not create personal liability under the Note. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument. **Notwithstanding the foregoing, Lender cannot enforce the debt against Borrower personally and Lender's only remedy upon default is to enforce the lien against the Property.**

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____
JAMES C JACKSON

**BORROWER ACKNOWLEDGMENT**

State of _Illinois_
County of _Cook_

On this 23rd day of _Nov_ 2009, before me, the undersigned, a Notary Public in and for said county and state, personally appeared JAMES C JACKSON   personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _5-9-2011_

"OFFICIAL SEAL"
CATRICE D. THOMAS
Notary Public, State of Illinois
My Commission Expires May 09, 2011

**<u>Exhibit B</u>**
**The Note**

MIN: 1002725-0200006690-6                         Loan Number: ████

# ADJUSTABLE RATE NOTE

## (LIBOR One-Year Index (As Published In *The Wall Street Journal*)NRate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE
AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE
CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

JANUARY 10, 2005        MERRILLVILLE              INDIANA
    [Date]                  [City]                 [State]

15940 SOUTH KING DRIVE #1W, CHICAGO, ILLINOIS 60637
                    [Property Address]

## 1.    BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $135,860.00        (this amount is
called "Principal"), plus interest, to the order of the Lender. The Lender is NEW STATE MORTGAGE,
LLC, AN INDIANA LLC (CFL # 97-0347-LB)
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer
and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.    INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of        6.500 %. The interest rate I will pay will change in accordance with Section 4 of this
Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after
any default described in Section 7(B) of this Note.

## 3.    PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  9th  day of each month beginning on FEBRUARY 9     ,
2005   . I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on  JANUARY 9, 2035        , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 8401 VIRGINIA STREET, MERRILLVILLE,
INDIANA 46410
                                        or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $858.73            . This
amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate
that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly
payment in accordance with Section 4 of this Note.

MULTISTATE ADJUSTABLE RATE NOTENWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3526  6/01                        Page 1 of 5

DocMagic €₱₅₥₥₅ 800-649-1362
www.docmagic.com

## 4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the 9th day of JANUARY, 2008 . and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding FOUR AND 250/1000 percentage points ( 4.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 8.500 % or less than 4.500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than TWO AND 000/1000 percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 12.500 %. My interest rate will never be less than 4.250 %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

---

MULTISTATE ADJUSTABLE RATE NOTENWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3526  6/01                                             Page 2 of 5

DocMagic ℰℛⁱⁱⁱ⁰⁰ 800-649-1362
www.docmagic.com

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

MULTISTATE ADJUSTABLE RATE NOTE─WSJ One-Year LIBOR
Single Family─Fannie Mae MODIFIED INSTRUMENT
Form 3526 6/01              Page 3 of 5

DocMagic ℰℱⓡⓜⓢ 800-649-1362
www.docmagic.com

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE ADJUSTABLE RATE NOTENWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3526 6/01             Page 4 of 5

DocMagic €Fℓℓ℧℧℧ 800-649-1362
www.docmagic.com

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.


_____ X (Seal)          _____ (Seal)
JAMES C. JACKSON        -Borrower                              -Borrower



PAY TO THE ORDER OF ___ (Seal)          _____ (Seal)
                                  -Borrower                              -Borrower
RESIDENTIAL FUNDING CORPORATION

WITHOUT RECOURSE
NEW STATE MORTGAGE LLC
_____ (Seal)          _____ (Seal)
                           -Borrower                              -Borrower
BY: _____
MILOS TORBICA, S V P


PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation

By _____
Judy Faber, Vice President


                                                            *[Sign Original Only]*


MULTISTATE ADJUSTABLE RATE NOTENWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3528  6/01                          Page 5 of 5

DocMagic ℰℱℴℛℳℴℴ 800-649-1362
www.docmagic.com

## **Exhibit C**
**The Mortgage**

This Instrument Prepared By:
NEW STATE MORTGAGE,

Doc#: 0501440207
Eugene "Gene" Moore  Fee: $64.00
Cook County Recorder of Deeds
Date: 01/14/2005 01:35 PM Pg: 1 of 21

STEWART TITLE OF ILLINOIS
2 N. LaSALLE STREET
SUITE 1920
CHICAGO, IL 60602

After Recording Return To:
NEW STATE MORTGAGE, LLC
8401 VIRGINIA STREET
MERRILLVILLE, INDIANA
46410
Loan Number: 04-6465

1¢
2·25·05
RFC

STEWART TITLE OF ILLINOIS
2 N. LaSALLE STREET
SUITE 1920
CHICAGO, IL 60602

[Space Above This Line For Recording Data]

# MORTGAGE

MIN: 1002725-0200006690-6

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "**Security Instrument**" means this document, which is dated  JANUARY 10, 2005  , together with all Riders to this document.
**(B)** "**Borrower**" is JAMES C JACKSON A SINGLE PERSON

Borrower is the mortgagor under this Security Instrument.
**(C)** "**MERS**" is  Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI  48501-2026, tel. (888) 679-MERS.
**(D)** "**Lender**" is  NEW STATE MORTGAGE, LLC

Lender is a  LLC                                                           organized
and existing under the laws of   INDIANA
Lender's address is  8401 VIRGINIA STREET, MERRILLVILLE, INDIANA 46410

**(E)** "**Note**" means the promissory note signed by Borrower and dated  JANUARY 10, 2005  .
The Note states that Borrower owes Lender ONE HUNDRED THIRTY FIVE THOUSAND EIGHT HUNDRED SIXTY AND 00/100     Dollars (U.S. $ 135,860.00     ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JANUARY 9, 2035       .
**(F)** "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

STEWART TITLE OF ILLINOIS
2 N. LaSALLE STREET
SUITE 1920
CHICAGO, IL 60602

(G)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H)  "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider    ☒ Condominium Rider              ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider    ☐ Other(s) [specify]
☐ 1-4 Family Rider         ☐ Biweekly Payment Rider

(I)  "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J)  "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K)  "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L)  "Escrow Items" means those items that are described in Section 3.

(M)  "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N)  "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O)  "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P)  "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q)  "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the

        COUNTY                          of          COOK
   [Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".
A.P.N. | #: 20-15-305-028-0000

which currently has the address of 5940 SOUTH KING DRIVE #1W
                                           [Street]

        CHICAGO                          , Illinois    60637      ("Property Address"):
            [City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of
record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject
to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall
pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late
charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due
under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not
obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of
its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds
until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of
time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be
applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim

ALTA COMMITMENT
Schedule A - Legal Description
File Number:    TM163663
Assoc. File No:

# STEWART TITLE
**GUARANTY COMPANY**
HEREIN CALLED THE COMPANY

## COMMITMENT - LEGAL DESCRIPTION

Unit 5940-1W and P- , a limited common element, together with its undivided percentage interest in the common elements in Courtyard on the Park Condominiums, as delineated and defined in the Declaration recorded as document number ████████ in the Southwest Quarter of Section 15, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

STEWART TITLE GUARANTY
COMPANY

which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds. Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3014 1/01                                    Page 4 of 14

*DocMagic* 800-649-1362
www.docmagic.com

in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3014 1/01        Page 5 of 14        DocMagic *eForms* 800-649-1362
www.docmagic.com

form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.    Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.    Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.    Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10.  **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying

the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3014 1/01               Page 8 of 14                 DocMagic *electronic* 800-649-1362
www.docmagic.com

rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.

If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to Section 22 of this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged unless as otherwise provided under Applicable Law. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3014 1/01                  Page 10 of 14                        DocMagic ☎800-649-1362
www.docmagic.com

the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations
to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed
by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual
litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that
alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument,
until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements
of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such
notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action
can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of
acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given
to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action
provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances
defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances:
gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents,
materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal
laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection;
(c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in
Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or
otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances,
or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else
to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an
Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a
condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the
presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized
to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to,
hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other
action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance
or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not
limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any
condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the
Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that
any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall
promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any
obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following
Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under
Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action
required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by
which the default must be cured; and (d) that failure to cure the default on or before the date specified in the
notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial
proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after
acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other
defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified
in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security
Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender**

shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. **Release**. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waiver of Homestead**. In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

25. **Placement of Collateral Protection Insurance**. Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in Borrower's collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower's and Lender's agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
JAMES C JACKSON            -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                 -Borrower

Witness:                               Witness:

_____                 _____

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic €Fəɔᴍ⊠ 800-649-1362
Form 3014 1/01                                          Page 13 of 14                                        www.docmagic.com

State of Illinois
County of, COOK

The foregoing instrument was acknowledged before me this JANUARY 10, 2005
by JAMES C JACKSON

_____
Signature of Person Taking Acknowledgment

"OFFICIAL SEAL"
Margaret Henderson
Notary Public, State of Illinois
My Commission Exp. 04/22/2007

_____
Title

(Seal)

_____
Serial Number, if any

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3014 1/01                                          Page 14 of 14

DocMagic *Plug* 800-649-1362
www.docmagic.com

MIN: 1002725-0200006690-6            Loan Number: 

# ADJUSTABLE RATE RIDER

### (LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 10th day of JANUARY
2005 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to NEW STATE MORTGAGE, LLC, AN INDIANA LLC
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

5940 SOUTH KING DRIVE #1W, CHICAGO, ILLINOIS 60637
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of        6.500 %. The Note provides for changes in the interest rate and the monthly payments as follows:

## 4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A)    Change Dates
The interest rate I will pay may change on the 9th day of JANUARY 2008 .
and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."
### (B)    The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.
### (C)    Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding FOUR AND 250/1000                    percentage points (        4.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

MULTISTATE ADJUSTABLE RATE RIDERNWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3189  6/01                          Page 1 of 3

*DocMagic* ℰℱℴℛ𝕞𝕤 800-649-1362
www.docmagic.com

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D)   **Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 8.500 % or less than      4.500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than TWO AND 000/1000

percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than      12.500 %.
My interest rate will never be less than    4.250          %.

(E)   **Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F)   **Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B.   TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Section 18 of the Security Instrument is amended to read as follows:

     **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

     If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

     To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

MULTISTATE ADJUSTABLE RATE RIDERNWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3189. 6/01              Page 2 of 3

DocMagic *CRmmo* 800-649-1362
www.docmagic.com

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
JAMES C JACKSON          -Borrower                                                    -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                                    -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                                    -Borrower

MULTISTATE ADJUSTABLE RATE RIDERNWSJ One-Year LIBOR
Single FamilyNFannie Mae MODIFIED INSTRUMENT
Form 3189 6/01          Page 3 of 3

DocMagic EFarms 800-649-1362
www.docmagic.com

Loan Number:

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this 10th day of JANUARY, 2005 .
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to NEW STATE MORTGAGE, LLC, AN INDIANA LLC

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

5940 SOUTH KING DRIVE #1W, CHICAGO, ILLINOIS 60637
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

COURTYARD ON THE PARK
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds
and benefits of Borrower's interest.

CONDOMINIUM COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A. Condominium Obligations. Borrower shall perform all of Borrower's obligations under the
Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or
any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and (iv)
other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments imposed
pursuant to the Constituent Documents.

B. Property Insurance. So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender
and which provides insurance coverage in the amounts (including deductible levels), for the periods, and
against loss by fire, hazards included within the term "extended coverage," and any other hazards, including,
but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives
the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for
property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property
insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided
by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
JAMES C JACKSON                        -Borrower                                                    -Borrower


_____ (Seal)          _____ (Seal)
                                                    -Borrower                                                    -Borrower


_____ (Seal)          _____ (Seal)
                                                    -Borrower                                                    -Borrower

MULTISTATE CONDOMINIUM RIDER
Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01                                              Page 3 of 3

DocMagic *eFarms* 800-649-1362
www.docmagic.com

**<u>Exhibit D</u>**
**Homecomings Servicing Notes**

```
TRN497CR-02                                                                              5/21/07 14:19:39
MPRICE                                    DETAIL TRANSACTION HISTORY                      JOB DT:   5/01/07
                                    * For Internal Use Only Not Transaction History *              PAGE:    1
```

```
LOAN#         [REDACTED]      INV# 790    POOL# 0200503  INV IN# [REDACTED]   NEXT DUE  5/09/07    INTEREST RATE  6.500   PRIN.BAL   132,299.41
BORR1  James C. Jackson                   TYPE: 05-00 CONVENTION   STATUS R TOT.DELQ      .00      SUSP-235B        .00   ESC.BAL          .00
BORR2                                     MSGS: 30         #PMT 1000000  P&I     .00      SUSP-SUBS        .00   ESC.ADV          .00
PROP: 5940 South King Drive #1W  MAIL: 5940 South King Drive #1W             SRVFEES  .02500   SUSP-HAZ         .00   TOT.PMT       858.73
                                                                            YDIFF   .00000   SUSP-FOR         .00   P&I           858.73
       Chicago    IL 60637             Chicago        IL 60637        INT PD TO  4/09/07   SUSP-MIS         .00   ESC.PMT          .00
                                                                                          P&I SHORT        .00   CORP AD          .00
```

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 2/25/05 | 0102 | LOAN TRANSFER | 3/05 | 135737.18 | .00 | 135737.18- | 135737.18- | .00 | .00 | .00 | |
|  |  | S/F | REF# | | | | | | | | | |
| 11 | 2/28/05 | 8199 | OLD INV 990/0200503 | 3/05 | .00 | .00 | 135737.18 | 135737.18- | .00 | .00 | .00 | |
|  |  | S/F TR | REF# | | Eff Dt: 02/28/2005 | | Batch: MASSXFER | | | | | |
| 12 | 2/28/05 | 8199 | NEW INV 790/0200503 | 3/05 | 135737.18 | .00 | 135737.18- | 135737.18- | .00 | .00 | .00 | |
|  |  | S/F TR | REF# | | | | | | | | | |
| 13 | 3/15/05 | 02 | PAYMENT | 4/05 | 135613.69 | .00 | 858.73 | 123.49 | 735.24 | .00 | .00 | 28.28 11 |
|  | Days since last Paymt on: 02/26/2005 | 15 | | | Eff Dt: 03/15/2005 | | Batch: 0315LB04 | IPT Dt: 2/09/05 | | | | |
|  |  | S/F LB | REF# | | | | | | | | | |
| 14 | 4/14/05 | 02 | PAYMENT | 5/05 | 135489.53 | .00 | 858.73 | 124.16 | 734.57 | .00 | .00 | 28.25 11 |
|  | Days since last Paymt on: 03/15/2005 | 30 | | | Eff Dt: 04/14/2005 | | Batch: 0414LB04 | IPT Dt: 4/09/05 | | | | |
|  |  | S/F LB | REF# | | | | | | | | | |
| 15 | 5/24/05 | 1499 | Late Charge | 5/05 | 135489.53 | .00 | 42.94 | .00 | .00 | .00 | .00 | 42.94 01 |
|  |  | S/F | REF# | | | | | | | | | |
| 16 | 6/06/05 | 02 | PAYMENT | 6/05 | 135364.70 | .00 | 901.67 | 124.83 | 733.90 | .00 | .00 | 42.94 01 |
|  | Days since last Paymt on: 04/14/2005 | 51 | | | Eff Dt: 06/04/2005 | | Batch: 0604LB01 | IPT Dt: 5/09/05 | | | | |
|  |  |  |  | | | | | | | | | 28.23 11 |
|  |  | S/F LB | REF# | | | | | | | | | |
| 17 | 6/24/05 | 1499 | Late Charge | 6/05 | 135364.70 | .00 | 42.94 | .00 | .00 | .00 | .00 | 42.94 01 |
| 18 | 7/05/05 | 02 | PAYMENT | 7/05 | 135239.20 | .00 | 901.67 | 125.50 | 733.23 | .00 | .00 | 42.94 01 |
|  | Days since last Paymt on: 06/04/2005 | 31 | | | Eff Dt: 07/05/2005 | | Batch: 0706LB51 | IPT Dt: 6/09/05 | | | | |
|  |  |  |  | | | | | | | | | 28.20 11 |
|  |  | S/F LB | REF# | | | | | | | | | |
| 19 | 7/25/05 | 1499 | Late Charge | 7/05 | 135239.20 | .00 | 42.94 | .00 | .00 | .00 | .00 | 42.94 01 |
| 20 | 8/05/05 | 02 | PAYMENT | 8/05 | 135113.02 | .00 | 901.67 | 126.18 | 732.55 | .00 | .00 | 42.94 01 |
|  | Days since last Paymt on: 07/05/2005 | 30 | | | Eff Dt: 08/04/2005 | | Batch: 0805LB51 | IPT Dt: 7/09/05 | | | | |
|  |  |  |  | | | | | | | | | 28.18 11 |
|  |  | S/F LB | REF# | | | | | | | | | |
| 21 | 8/24/05 | 1499 | Late Charge | 8/05 | 135113.02 | .00 | 42.94 | .00 | .00 | .00 | .00 | 42.94 01 |
| 22 | 9/06/05 | 02 | PAYMENT | 9/05 | 134986.15 | .00 | 901.67 | 126.87 | 731.86 | .00 | .00 | 42.94 01 |
|  | Days since last Paymt on: 08/04/2005 | 29 | | | Eff Dt: 09/02/2005 | | Batch: 0906LB51 | IPT Dt: 8/09/05 | | | | |
|  |  |  |  | | | | | | | | | 28.15 11 |
|  |  | S/F LB | REF# | | | | | | | | | |
| 23 | 9/26/05 | 02 | PAYMENT | 10/05 | 134858.60 | .00 | 858.73 | 127.55 | 731.18 | .00 | .00 | 28.12 11 |
|  | Days since last Paymt on: 09/02/2005 | 21 | | | Eff Dt: 09/23/2005 | | Batch: 0926LB51 | IPT Dt: 9/09/05 | | | | |
|  |  | S/F LB | REF# | | | | | | | | | |
| 24 | 10/24/05 | 1499 | Late Charge | 10/05 | 134858.60 | .00 | 42.94 | .00 | .00 | .00 | .00 | 42.94 01 |

```
TRN497CR-02                                                                          5/21/07 14:19:39
MPRICE                           DETAIL TRANSACTION HISTORY                          JOB DT:   5/01/07
                              * For Internal use only. Transaction history *                 PAGE:    2
```

| ---TRANSACTION---- NBR  DATE   CODE   -----DESCRIPTION------ | NEXT DUE | -AFTER TRANS.BALANCES- PRINCIPAL      ESCROW | TOTAL AMOUNT | ----------------APPLIED------------------- PRINCIPAL   INTEREST    ESCROW   SUSPENSE/CD | --- MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|
| LOAN#          S/F     REF# CONTINUED | | | | | |
| 25 11/07/05 02   PAYMENT | 11/05 | 134730.35      .00 | 901.67 | 128.25   730.48      .00 | .00 | 42.94 01 |
| Days since last Paymt on: 09/23/2005 | 42 | Eff Dt: 11/04/2005 | | Batch: 1107LB51   IPT Dt: 10/09/05 | | |
| S/F LB   REF# | | | | | 28.10 11 |
| 26 11/28/05 1499 Late Charge | 11/05 | 134730.35      .00 | 42.94 | .00      .00      .00 | .00 | 42.94 01 |
| S/F    REF# | | | | | |
| 27 12/07/05 02   PAYMENT | 12/05 | 134601.41      .00 | 901.67 | 128.94   729.79      .00 | .00 | 42.94 01 |
| Days since last Paymt on: 11/04/2005 | 33 | Eff Dt: 12/07/2005 | | Batch: 1207LB01   IPT Dt: 11/09/05 | | |
| S/F LB   REF# | | | | | 28.07 11 |
| 28 12/27/05 1499 Late Charge | 12/05 | 134601.41      .00 | 42.94 | .00      .00      .00 | .00 | 42.94 01 |
| S/F    REF# | | | | | |
| 29  1/03/06 02   PAYMENT | 1/06 | 134471.77      .00 | 901.67 | 129.64   729.09      .00 | .00 | 42.94 01 |
| Days since last Paymt on: 12/07/2005 | 27 | Eff Dt: 01/03/2006 | | Batch: 0103LB01   IPT Dt: 12/09/05 | | |
| S/F LB   REF# | | | | | 28.04 11 |
| 30  1/24/06 1499 Late Charge | 1/06 | 134471.77      .00 | 42.94 | .00      .00      .00 | .00 | 42.94 01 |
| S/F    REF# | | | | | |
| 31  2/21/06 0283 PAYMENT | 2/06 | 134341.43      .00 | 858.73 | 130.34   728.39      .00 | .00 | 28.02 11 |
| Days since last Paymt on: 01/03/2006 | 45 | Eff Dt: 02/17/2006 | | Batch: 0217LB01   IPT Dt: 1/09/06 | | |
| S/F LB   REF# | | | | | |
| 32  2/21/06 02   PAYMENT | 3/06 | 134210.38      .00 | 858.73 | 131.05   727.68      .00 | .00 | 27.99 11 |
| Days since last Paymt on: 02/17/2006 | 0 | Eff Dt: 02/17/2006 | | Batch: 0217LB01   IPT Dt: 2/09/06 | | |
| S/F LB   REF# | | | | | |
| 33  2/21/06 2664 NON CASH FEE ADJ | 3/06 | 134210.38      .00 | 42.94- | .00      .00      .00 | .00 | 42.94-01 |
| S/F D   REF# | | | | | |
| 34  3/06/06 02   PAYMENT | 4/06 | 134078.62      .00 | 858.73 | 131.76   726.97      .00 | .00 | 27.56 11 |
| Days since last Paymt on: 02/17/2006 | 14 | Eff Dt: 03/03/2006 | | Batch: 0306LB01   IPT Dt: 3/09/06 | | |
| S/F LB   REF# | | | | | |
| 35  4/06/06 02   PAYMENT | 5/06 | 133946.15      .00 | 858.73 | 132.47   726.26      .00 | .00 | 27.53 11 |
| Days since last Paymt on: 03/03/2006 | 34 | Eff Dt: 04/06/2006 | | Batch: 0406LB01   IPT Dt: 4/09/06 | | |
| S/F LB   REF# | | | | | |
| 36  5/08/06 02   PAYMENT | 6/06 | 133812.96      .00 | 858.73 | 133.19   725.54      .00 | .00 | 27.91 11 |
| Days since last Paymt on: 04/06/2006 | 29 | Eff Dt: 05/05/2006 | | Batch: 0505LB01   IPT Dt: 5/09/06 | | |
| S/F LB   REF# | | | | | |
| 37  6/19/06 02   PAYMENT | 7/06 | 133679.05      .00 | 858.73 | 133.91   724.82      .00 | .00 | 27.88 11 |
| Days since last Paymt on: 05/05/2006 | 42 | Eff Dt: 06/16/2006 | | Batch: 0616LB01   IPT Dt: 6/09/06 | | |
| S/F LB   REF# | | | | | |
| 38  7/20/06 02   PAYMENT | 8/06 | 133544.41      .00 | 858.73 | 134.64   724.09      .00 | .00 | 27.85 11 |
| Days since last Paymt on: 06/16/2006 | 34 | Eff Dt: 07/20/2006 | | Batch: 0720LB01   IPT Dt: 7/09/06 | | |
| S/F LB   REF# | | | | | |
| 39  8/24/06 1499 Late Charge | 8/06 | 133544.41      .00 | 42.94 | .00      .00      .00 | .00 | 42.94 01 |
| S/F    REF# | | | | | |
| 40  9/11/06 0283 PAYMENT | 9/06 | 133409.05      .00 | 858.73 | 135.36   723.37      .00 | .00 | 27.82 11 |
| Days since last Paymt on: 07/20/2006 | 50 | Eff Dt: 09/08/2006 | | Batch: 0911LB51   IPT Dt: 8/09/06 | | |
| S/F LB   REF# | | | | | |
| 41  9/25/06 1499 Late Charge | 9/06 | 133409.05      .00 | 42.94 | .00      .00      .00 | .00 | 42.94 01 |
| S/F    REF# | | | | | |

```
TRN497CR-02                                                                              5/21/07 14:19:39
MPRICE                                                                                   JOB DT:  5/01/07
                                       DETAIL TRANSACTION HISTORY                               PAGE:    3
```

| ---TRANSACTION---- NBR  DATE  CODE  -----DESCRIPTION----- LOAN# | NEXT DUE | -AFTER TRANS.BALANCES- PRINCIPAL  ESCROW | TOTAL AMOUNT | -----------APPLIED----------- PRINCIPAL  INTEREST  ESCROW | SUSPENSE/CD | --- MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|
| 42 10/09/06 1325 PMT-MISC SUSP | 9/06 | 133409.05    .00 | 1803.34 | .00    .00    .00 | 1803.34 PP | |
|    Effective date: 10/06/06 |  |  |  |  |  |  |
|    S/F LB  REF# |  |  |  |  |  |  |
| 43 10/09/06 2625 MISC ADJ | 9/06 | 133409.05    .00 | 858.73- | .00    .00    .00 | 858.73-PP | |
| 44 10/09/06 0283 PAYMENT | 10/06 | 133272.95    .00 | 858.73 | 136.10  722.63    .00 | .00 | 27.79 11 |
|    Days since last Paymt on: 09/08/2006  31    Eff Dt: 10/09/2006    Batch: 1009SUSP    IPT Dt:  9/09/06 |  |  |  |  |  |  |
|    S/F CK  REF# |  |  |  |  |  |  |
| 45 10/09/06 2625 MISC ADJ | 10/06 | 133272.95    .00 | 858.73- | .00    .00    .00 | 858.73-PP | |
|    S/F CK  REF# |  |  |  |  |  |  |
| 46 10/09/06 O2    PAYMENT | 11/06 | 133136.12    .00 | 858.73 | 136.83  721.90    .00 | .00 | 27.77 11 |
|    Days since last Paymt on: 10/09/2006   0    Eff Dt: 10/09/2006    Batch: 1009SUSP    IPT Dt: 10/09/06 |  |  |  |  |  |  |
|    S/F CK  REF# |  |  |  |  |  |  |
| 47 10/09/06 2625 MISC ADJ | 11/06 | 133136.12    .00 | 85.88- | .00    .00    .00 | 85.88-PP | |
|    S/F CK  REF# |  |  |  |  |  |  |
| 48 10/09/06 1401 Late Charge | 11/06 | 133136.12    .00 | 42.94 | .00    .00    .00 | .00 | 42.94 01 |
|    S/F D   REF# |  |  |  |  |  |  |
| 49 10/09/06 1401 Late Charge | 11/06 | 133136.12    .00 | 42.94 | .00    .00    .00 | .00 | 42.94 01 |
|    S/F D   REF# |  |  |  |  |  |  |
| 50 11/27/06 O2    PAYMENT | 12/06 | 132998.54    .00 | 858.73 | 137.58  721.15    .00 | .00 | 27.74 11 |
|    Days since last Paymt on: 10/09/2006  44    Eff Dt: 11/22/2006    Batch: 1127LB51    IPT Dt: 11/09/06 |  |  |  |  |  |  |
|    S/F LB  REF# |  |  |  |  |  |  |
| 51 12/26/06 1499 Late Charge | 12/06 | 132998.54    .00 | 42.94 | .00    .00    .00 | .00 | 42.94 01 |
|    S/F  REF# |  |  |  |  |  |  |
| 52 12/28/06 0283 PAYMENT | 1/07 | 132860.22    .00 | 858.73 | 138.32  720.41    .00 | .00 | 27.71 11 |
|    Days since last Paymt on: 11/22/2006  36    Eff Dt: 12/28/2006    Batch: 1228LB01    IPT Dt: 12/09/06 |  |  |  |  |  |  |
|    S/F LB  REF# |  |  |  |  |  |  |
| 53  1/22/07 O2    PAYMENT | 2/07 | 132721.15    .00 | 858.73 | 139.07  719.66    .00 | .00 | 27.68 11 |
|    Days since last Paymt on: 12/28/2006  22    Eff Dt: 01/19/2007    Batch: 0119LB01    IPT Dt:  1/09/07 |  |  |  |  |  |  |
|    S/F LB  REF# |  |  |  |  |  |  |
| 54  1/22/07 1401 Late Charge | 2/07 | 132721.15    .00 | 42.94 | .00    .00    .00 | .00 | 42.94 01 |
|    Effective date:  1/19/07 |  |  |  |  |  |  |
|    S/F  REF# |  |  |  |  |  |  |
| 55  2/20/07 O2    PAYMENT | 3/07 | 132581.33    .00 | 858.73 | 139.82  718.91    .00 | .00 | 27.65 11 |
|    Days since last Paymt on: 01/19/2007  31    Eff Dt: 02/19/2007    Batch: 0220LB51    IPT Dt:  2/09/07 |  |  |  |  |  |  |
|    S/F LB  REF# |  |  |  |  |  |  |
| 56  3/19/07 O2    PAYMENT | 4/07 | 132440.75    .00 | 858.73 | 140.58  718.15    .00 | .00 | 27.62 11 |
|    Days since last Paymt on: 02/19/2007  26    Eff Dt: 03/17/2007    Batch: 0317LB01    IPT Dt:  3/09/07 |  |  |  |  |  |  |
|    S/F LB  REF# |  |  |  |  |  |  |
| 57  4/12/07 1325 PMT-MISC SUSP | 4/07 | 132440.75    .00 | 858.73 | .00    .00    .00 | 858.73 PP | |
|    S/F LB  REF# |  |  |  |  |  |  |
| 58  4/13/07 2625 MISC ADJ | 4/07 | 132440.75    .00 | 858.73- | .00    .00    .00 | 858.73-PP | |
|    S/F CK  REF# |  |  |  |  |  |  |
| 59  4/13/07 2525 MISC ADJ | 4/07 | 132440.75    .00 | 858.73 | .00    .00    .00 | 858.73 UF | |
|    S/F CK  REF# |  |  |  |  |  |  |
| 60  4/13/07 2625 MISC ADJ | 4/07 | 132440.75    .00 | 858.73- | .00    .00    .00 | 858.73-UF | |
|    Effective date:  4/12/07 |  |  |  |  |  |  |
|    S/F CK  REF# |  |  |  |  |  |  |
| 61  4/13/07 O2    PAYMENT | 5/07 | 132299.41    .00 | 858.73 | 141.34  717.39    .00 | .00 | 27.59 11 |

```
TRN497CK-02                                                                              5/21/07 14:19:39
MPRICE                          * For Internal Use Only - All Transaction Not Showed *   JOB DT:   5/01/07
                                     DETAIL TRANSACTION HISTORY                           PAGE:          4
---TRANSACTION----                      NEXT -AFTER TRANS.BALANCES-    TOTAL  ------------------APPLIED-----------------  MISC.PMTS
NBR    DATE    CODE  -----DESCRIPTION------  DUE   PRINCIPAL   ESCROW  AMOUNT   PRINCIPAL INTEREST    ESCROW SUSPENSE/CD &SRV.FEES
LOAN#                          CONTINUED
   Days since last Paymt on: 03/17/2007   26      Eff Dt: 04/12/2007  Batch: 0413BANK    IPT Dt:  4/09/07
           S/F CK  REF#
               * * * * TOTALS * * * *                                        132299.41-18889.21
```

**<u>Exhibit E</u>**
**GMACM Servicing Notes**

| Account Number | Trans Added Date | Date Interest Paid Current | Prin Bal after trans | Transaction Description | Transaction Reason Code | Trans Type | Trans Amount | To Principal | To Interest Amt | To Escrow Amt | To Fee Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 09/02/2013 | 04/09/2013 | $0.00 | FEE | 011 | FWV | ($409.00) | $0.00 | $0.00 | $0.00 | ($409.00) |
| | 09/02/2013 | 04/09/2013 | $0.00 | FEE | 040 | FWV | ($186.00) | $0.00 | $0.00 | $0.00 | ($186.00) |
| | 09/02/2013 | 04/09/2013 | $0.00 | FEE | 164 | FWV | ($332.00) | $0.00 | $0.00 | $0.00 | ($332.00) |
| | 09/02/2013 | 04/09/2013 | $0.00 | FEE | 171 | FWV | ($25.00) | $0.00 | $0.00 | $0.00 | ($25.00) |
| | 09/02/2013 | 04/09/2013 | $0.00 | Service Release | | SV | $0.00 | $118,780.61 | $0.00 | $0.00 | $0.00 |
| | 09/02/2013 | 04/09/2013 | $118,780.61 | Service Release | | SVT | ($320.88) | $0.00 | $0.00 | ($320.88) | $0.00 |
| | 09/02/2013 | 04/09/2013 | $0.00 | Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 09/02/2013 | | $0.00 | | | NBW | ($85.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| | 08/30/2013 | 04/09/2013 | $0.00 | FEE | 011 | FB | $28.75 | $0.00 | $0.00 | $0.00 | $28.75 |
| | 08/27/2013 | 04/09/2013 | $0.00 | Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 08/12/2013 | 04/09/2013 | $0.00 | FEE | 040 | FB | $186.00 | $0.00 | $0.00 | $0.00 | $186.00 |
| | 08/05/2013 | 04/09/2013 | $0.00 | FEE | 011 | FB | $28.75 | $0.00 | $0.00 | $0.00 | $28.75 |
| | 08/02/2013 | | $0.00 | | | IPR | ($85.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| | 08/02/2013 | | $0.00 | | | NPP | $85.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 07/29/2013 | | $0.00 | | | IPP | $85.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 07/25/2013 | 04/09/2013 | $0.00 | Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 07/24/2013 | 04/09/2013 | $0.00 | FEE | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| | 07/08/2013 | 04/09/2013 | $118,780.61 | Escrow Disb-Tax County | | E90 | ($842.29) | $0.00 | $0.00 | ($842.29) | $0.00 |
| | 06/27/2013 | 04/09/2013 | $0.00 | FEE | 011 | FB | $28.75 | $0.00 | $0.00 | $0.00 | $28.75 |
| | 06/25/2013 | 04/09/2013 | $0.00 | Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 06/07/2013 | 04/09/2013 | $0.00 | FEE | 011 | FB | $16.50 | $0.00 | $0.00 | $0.00 | $16.50 |
| | 05/31/2013 | 04/09/2013 | $0.00 | FEE | 171 | FB | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| | 05/31/2013 | 04/09/2013 | $0.00 | FEE | 171 | FEA | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| | 05/31/2013 | 04/09/2013 | $118,780.61 | PAYMENT | | AP | $770.79 | $312.78 | $322.54 | $135.47 | $0.00 |
| | 05/31/2013 | 04/09/2013 | $0.00 | Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 05/25/2013 | 03/09/2013 | $0.00 | Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 04/25/2013 | 03/09/2013 | $0.00 | Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 03/29/2013 | 02/09/2013 | $0.00 | FEE | 171 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 |
| | 03/29/2013 | 02/09/2013 | $119,405.32 | PAYMENT | | SRA | $400.40 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 03/29/2013 | 02/09/2013 | $0.00 | Unapplied | | UFU | $400.40 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 03/29/2013 | 03/09/2013 | $119,093.39 | PAYMENT | | AP | $385.40 | $311.93 | $323.39 | $135.47 | $0.00 |
| | 03/29/2013 | 03/09/2013 | $0.00 | Unapplied | | UFU | ($400.40) | $0.00 | $0.00 | $0.00 | $0.00 |
| | 03/29/2013 | 03/09/2013 | $0.00 | Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 03/26/2013 | 02/09/2013 | $0.00 | Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 02/05/2013 | 02/09/2013 | $0.00 | FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| | 02/05/2013 | 02/09/2013 | $0.00 | FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| | 02/05/2013 | 02/09/2013 | $119,405.32 | PAYMENT | | AP | $770.79 | $311.09 | $324.23 | $135.47 | $0.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/10/2013 | 01/09/2013 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 01/10/2013 | 01/09/2013 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 01/10/2013 | 01/09/2013 | $119,716.41 PAYMENT | | AP | $770.79 | $310.25 | $325.07 | $135.47 | $0.00 |
| 01/04/2013 | 12/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 01/04/2013 | 12/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 01/04/2013 | 12/09/2012 | $120,026.66 PAYMENT | | AP | $770.79 | $309.41 | $325.91 | $135.47 | $0.00 |
| 01/04/2013 | 12/09/2012 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/27/2012 | 11/09/2012 | $0.00 FEE | 011 | FB | $34.00 | $0.00 | $0.00 | $0.00 | $34.00 |
| 12/25/2012 | 11/09/2012 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/10/2012 | 11/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 12/10/2012 | 11/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 12/10/2012 | 11/09/2012 | $120,336.07 PAYMENT | | AP | $770.79 | $308.57 | $326.75 | $135.47 | $0.00 |
| 12/10/2012 | 11/09/2012 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/27/2012 | 10/09/2012 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/2012 | 10/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 11/16/2012 | 10/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 11/16/2012 | 10/09/2012 | $120,644.64 PAYMENT | | AP | $770.79 | $307.74 | $327.58 | $135.47 | $0.00 |
| 11/16/2012 | 10/09/2012 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/25/2012 | 09/09/2012 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/01/2012 | 09/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 10/01/2012 | 09/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 10/01/2012 | 09/09/2012 | $120,952.38 PAYMENT | | AP | $770.79 | $306.91 | $328.41 | $135.47 | $0.00 |
| 10/01/2012 | 09/09/2012 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/25/2012 | 08/09/2012 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/23/2012 | 08/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 08/23/2012 | 08/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 08/23/2012 | 08/09/2012 | $121,259.29 PAYMENT | | AP | $750.79 | $306.08 | $329.24 | $115.47 | $0.00 |
| 07/31/2012 | 07/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 07/31/2012 | 07/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 07/31/2012 | 07/09/2012 | $121,565.37 PAYMENT | | AP | $750.79 | $305.25 | $330.07 | $115.47 | $0.00 |
| 07/31/2012 | 07/09/2012 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/25/2012 | 06/09/2012 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/10/2012 | 06/09/2012 | $121,870.62 Escrow Disb-Tax County | | E90 | ($333.12) | $0.00 | $0.00 | ($333.12) | $0.00 |
| 07/04/2012 | 06/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 07/04/2012 | 06/09/2012 | $0.00 FEE | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| 07/04/2012 | 06/09/2012 | $121,870.62 PAYMENT | | AP | $750.79 | $304.43 | $330.89 | $115.47 | $0.00 |
| 07/04/2012 | 06/09/2012 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/26/2012 | 05/09/2012 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/16/2012 | 05/09/2012 | $0.00 FEE | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |

| | Date 1 | Date 2 | Amount | Type | | Code | Col A | Col B | Col C | Col D | Col E |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ■ | 05/16/2012 | 05/09/2012 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 05/16/2012 | 05/09/2012 | $122,175.05 PAYMENT | | | AP | $750.79 | $303.61 | $331.71 | $115.47 | $0.00 |
| ■ | 04/09/2012 | 04/09/2012 | $0.00 FEE | | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 04/09/2012 | 04/09/2012 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 04/09/2012 | 04/09/2012 | $122,478.66 PAYMENT | | | AP | $750.79 | $302.79 | $332.53 | $115.47 | $0.00 |
| ■ | 03/08/2012 | 03/09/2012 | $122,781.45 PAYMENT | | | AP | $750.79 | $301.97 | $333.35 | $115.47 | $0.00 |
| ■ | 02/07/2012 | 02/09/2012 | $123,083.42 Escrow Disb-Tax County | | | E90 | ($777.08) | $0.00 | $0.00 | ($777.08) | $0.00 |
| ■ | 02/03/2012 | 02/09/2012 | $0.00 FEE | | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 02/03/2012 | 02/09/2012 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 02/03/2012 | 02/09/2012 | $123,083.42 PAYMENT | | | AP | $750.79 | $301.15 | $334.17 | $115.47 | $0.00 |
| ■ | 01/06/2012 | 01/09/2012 | $0.00 FEE | | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 01/06/2012 | 01/09/2012 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 01/06/2012 | 01/09/2012 | $123,384.57 PAYMENT | | | AP | $750.79 | $300.34 | $334.98 | $115.47 | $0.00 |
| ■ | 01/05/2012 | 12/09/2011 | $0.00 FEE | | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 01/05/2012 | 12/09/2011 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 01/05/2012 | 12/09/2011 | $123,684.91 PAYMENT | | | AP | $750.79 | $299.53 | $335.79 | $115.47 | $0.00 |
| ■ | 01/05/2012 | 12/09/2011 | $0.00 Unapplied | | | UFU | ($1.75) | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 01/05/2012 | 12/09/2011 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/27/2011 | 11/09/2011 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/16/2011 | 11/09/2011 | $0.00 FEE | | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 12/16/2011 | 11/09/2011 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 12/16/2011 | 11/09/2011 | $123,984.44 PAYMENT | | | AP | $749.04 | $298.72 | $336.60 | $115.47 | $0.00 |
| ■ | 12/16/2011 | 11/09/2011 | $123,984.44 PAYMENT | | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/16/2011 | 11/09/2011 | $0.00 Unapplied | | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/16/2011 | 11/09/2011 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/10/2011 | 10/09/2011 | $0.00 FEE | | 171 | FB | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 12/10/2011 | 10/09/2011 | $0.00 FEE | | 171 | FEA | $7.50 | $0.00 | $0.00 | $0.00 | $7.50 |
| ■ | 12/10/2011 | 10/09/2011 | $124,283.16 PAYMENT | | | AP | $749.04 | $297.91 | $337.41 | $115.47 | $0.00 |
| ■ | 12/10/2011 | 10/09/2011 | $124,283.16 PAYMENT | | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/10/2011 | 10/09/2011 | $0.00 Unapplied | | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 12/10/2011 | 10/09/2011 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 11/28/2011 | 09/09/2011 | $124,581.07 PAYMENT | | | AP | $749.04 | $297.11 | $338.21 | $115.47 | $0.00 |
| ■ | 11/28/2011 | 09/09/2011 | $124,581.07 PAYMENT | | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 11/28/2011 | 09/09/2011 | $0.00 Unapplied | | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 11/28/2011 | 09/09/2011 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 11/25/2011 | 08/09/2011 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 11/10/2011 | 08/09/2011 | $0.00 FEE | | 011 | FB | $20.00 | $0.00 | $0.00 | $0.00 | $20.00 |
| ■ | 10/26/2011 | 08/09/2011 | $124,878.18 PAYMENT | | | AP | $756.50 | $296.31 | $339.01 | $122.93 | $0.00 |
| ■ | 10/26/2011 | 08/09/2011 | $124,878.18 PAYMENT | | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ▉ | 10/26/2011 | 08/09/2011 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 10/26/2011 | 08/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 10/25/2011 | 07/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 10/12/2011 | 07/09/2011 | $0.00 FEE | 011 | FB | $16.50 | $0.00 | $0.00 | $0.00 | $16.50 |
| ▉ | 10/10/2011 | 07/09/2011 | $125,174.49 Escrow Disb-Tax County | | E90 | ($664.97) | $0.00 | $0.00 | ($664.97) | $0.00 |
| ▉ | 09/27/2011 | 07/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 09/26/2011 | 07/09/2011 | $0.00 FEE | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| ▉ | 09/21/2011 | 07/09/2011 | $125,174.49 PAYMENT | | AP | $756.50 | $295.51 | $339.81 | $122.93 | $0.00 |
| ▉ | 09/21/2011 | 07/09/2011 | $125,174.49 PAYMENT | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 09/21/2011 | 07/09/2011 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 09/21/2011 | 07/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/25/2011 | 06/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/18/2011 | 06/09/2011 | $125,470.00 PAYMENT | | AP | $756.50 | $294.71 | $340.61 | $122.93 | $0.00 |
| ▉ | 08/18/2011 | 06/09/2011 | $125,470.00 PAYMENT | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/18/2011 | 06/09/2011 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/18/2011 | 06/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/05/2011 | 05/09/2011 | $125,764.71 PAYMENT | | AP | $756.50 | $293.91 | $341.41 | $122.93 | $0.00 |
| ▉ | 08/05/2011 | 05/09/2011 | $125,764.71 PAYMENT | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/05/2011 | 05/09/2011 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 08/05/2011 | 05/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 07/26/2011 | 04/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 07/21/2011 | 04/09/2011 | $0.00 FEE | 011 | FB | $13.00 | $0.00 | $0.00 | $0.00 | $13.00 |
| ▉ | 06/25/2011 | 04/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 06/22/2011 | 04/09/2011 | $0.00 FEE | 011 | FB | $13.00 | $0.00 | $0.00 | $0.00 | $13.00 |
| ▉ | 06/22/2011 | 04/09/2011 | $126,058.62 PAYMENT | | AP | $756.50 | $293.12 | $342.20 | $122.93 | $0.00 |
| ▉ | 06/22/2011 | 04/09/2011 | $126,058.62 PAYMENT | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 06/22/2011 | 04/09/2011 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 06/22/2011 | 04/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 05/26/2011 | 03/09/2011 | $126,351.74 PAYMENT | | AP | $758.25 | $292.33 | $342.99 | $122.93 | $0.00 |
| ▉ | 05/26/2011 | 03/09/2011 | $126,351.74 PAYMENT | | SWA | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 05/26/2011 | 03/09/2011 | $0.00 Unapplied | | UFU | $1.75 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 05/26/2011 | 03/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 05/25/2011 | 02/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 05/19/2011 | 02/09/2011 | $0.00 FEE | 011 | FB | $16.50 | $0.00 | $0.00 | $0.00 | $16.50 |
| ▉ | 04/26/2011 | 02/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 04/18/2011 | 02/09/2011 | $0.00 FEE | 011 | FB | $13.00 | $0.00 | $0.00 | $0.00 | $13.00 |
| ▉ | 04/18/2011 | 02/09/2011 | $126,644.07 PAYMENT | | AP | $758.25 | $291.54 | $343.78 | $122.93 | $0.00 |
| ▉ | 04/18/2011 | 02/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▉ | 03/25/2011 | 01/09/2011 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Date | Date | Amount / Description | Ref | Code | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/22/2011 | 01/09/2011 | $0.00 FEE | | | $0.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| 03/15/2011 | 01/09/2011 | $126,935.61 PAYMENT | | AP | $758.25 | $290.75 | $344.57 | $122.93 | $0.00 |
| 03/15/2011 | 01/09/2011 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/08/2011 | 12/09/2010 | $0.00 FEE | 011 | FB | $13.00 | $0.00 | $0.00 | $0.00 | $13.00 |
| 02/25/2011 | 12/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2011 | 12/09/2010 | $127,226.36 Escrow Disb-Tax County | | E90 | ($747.91) | $0.00 | $0.00 | ($747.91) | $0.00 |
| 01/25/2011 | 12/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/10/2011 | 11/09/2010 | $127,516.32 PAYMENT | | AP | $768.26 | $289.18 | $346.14 | $132.94 | $0.00 |
| 01/10/2011 | 11/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/10/2011 | 12/09/2010 | $127,226.36 PAYMENT | | AP | $768.26 | $289.96 | $345.36 | $132.94 | $0.00 |
| 01/10/2011 | 12/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/25/2010 | 10/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/20/2010 | 10/09/2010 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 12/01/2010 | 09/09/2010 | $128,093.90 PAYMENT | | AP | $768.26 | $287.62 | $347.70 | $132.94 | $0.00 |
| 12/01/2010 | 09/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/01/2010 | 10/09/2010 | $127,805.50 PAYMENT | | AP | $768.26 | $288.40 | $346.92 | $132.94 | $0.00 |
| 12/01/2010 | 10/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/25/2010 | 08/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/18/2010 | 08/09/2010 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 11/16/2010 | 08/09/2010 | $128,381.52 Escrow Disb-Tax County | | E90 | ($551.18) | $0.00 | $0.00 | ($551.18) | $0.00 |
| 10/27/2010 | 07/09/2010 | $128,668.36 PAYMENT | | RT | ($888.15) | ($286.84) | ($348.48) | ($252.83) | $0.00 |
| 10/27/2010 | 08/09/2010 | $128,381.52 PAYMENT | | PT | $888.15 | $286.84 | $348.48 | $252.83 | $0.00 |
| 10/26/2010 | 08/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/20/2010 | 08/09/2010 | $128,381.52 PAYMENT | | AP | $768.26 | $286.84 | $348.48 | $132.94 | $0.00 |
| 10/20/2010 | 08/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/2010 | 07/09/2010 | $0.00 FEE | 011 | FB | $14.75 | $0.00 | $0.00 | $0.00 | $14.75 |
| 09/25/2010 | 07/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/22/2010 | 07/09/2010 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 08/25/2010 | 07/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/23/2010 | 06/09/2010 | $128,954.43 PAYMENT | | AP | $768.26 | $285.30 | $350.02 | $132.94 | $0.00 |
| 08/23/2010 | 06/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/23/2010 | 07/09/2010 | $0.00 FEE | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| 08/23/2010 | 07/09/2010 | $128,668.36 PAYMENT | | AP | $768.26 | $286.07 | $349.25 | $132.94 | $0.00 |
| 08/23/2010 | 07/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/04/2010 | 05/09/2010 | $0.00 FEE | 011 | FB | $14.75 | $0.00 | $0.00 | $0.00 | $14.75 |
| 07/27/2010 | 05/09/2010 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/07/2010 | 05/09/2010 | $129,239.73 PAYMENT | | AP | $768.26 | $284.53 | $350.79 | $132.94 | $0.00 |
| 07/07/2010 | 05/09/2010 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/02/2010 | 04/09/2010 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |

| Date | Date | Amount | Type | | Code | Col | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/25/2010 | 04/09/2010 | $0.00 Comment | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/25/2010 | 04/09/2010 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/24/2010 | 04/09/2010 | $129,524.26 PAYMENT | | | AP | $768.26 | $283.76 | $351.56 | $132.94 | $0.00 |
| 05/24/2010 | 04/09/2010 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/27/2010 | 03/09/2010 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/14/2010 | 03/09/2010 | $129,808.02 PAYMENT | | | AP | $168.26 | $282.99 | $352.33 | $132.94 | $0.00 |
| 04/14/2010 | 03/09/2010 | $0.00 Unapplied | | | UFU | ($600.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/14/2010 | 03/09/2010 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/07/2010 | 02/09/2010 | $130,091.01 PAYMENT | | | SRA | $600.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/07/2010 | 02/09/2010 | $0.00 Unapplied | | | UFU | $600.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/25/2010 | 02/09/2010 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/23/2010 | 02/09/2010 | $130,091.01 PAYMENT | | | AP | $768.26 | $282.23 | $353.09 | $132.94 | $0.00 |
| 02/04/2010 | 01/09/2010 | $130,373.24 Escrow Disb-Tax County | | | E90 | ($808.65) | $0.00 | $0.00 | ($808.65) | $0.00 |
| 01/18/2010 | 01/09/2010 | $130,373.24 PAYMENT | | | AP | $768.26 | $281.46 | $353.86 | $132.94 | $0.00 |
| 12/08/2009 | 12/09/2009 | $0.00 FEE | | 011 | FE | $32.00 | $0.00 | $0.00 | $0.00 | $32.00 |
| 12/08/2009 | 12/09/2009 | $0.00 FEE | | 040 | FE | $188.00 | $0.00 | $0.00 | $0.00 | $188.00 |
| 12/08/2009 | 12/09/2009 | $130,654.70 PAYMENT | | | SR | ($220.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/08/2009 | 12/09/2009 | $0.00 Unapplied | | | UFZ | ($220.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/04/2009 | 12/09/2009 | $0.00 FEE | | 040 | FB | $188.00 | $0.00 | $0.00 | $0.00 | $188.00 |
| 12/02/2009 | 12/09/2009 | $0.00 FEE | | 093 | FP | ($220.00) | $0.00 | $0.00 | $0.00 | ($220.00) |
| 12/02/2009 | 12/09/2009 | $130,654.70 Non-Cash | | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/02/2009 | 12/09/2009 | $130,654.70 PAYMENT | | | SR | $220.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/02/2009 | 12/09/2009 | $0.00 Unapplied | | | UFZ | $220.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/02/2009 | 12/09/2009 | $0.00 Unapplied | | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/30/2009 | 04/09/2009 | $0.00 FEE | | 040 | FWV | ($3,351.00) | $0.00 | $0.00 | $0.00 | ($3,351.00) |
| 11/30/2009 | 04/09/2009 | $0.00 FEE | | 164 | FWV | ($249.00) | $0.00 | $0.00 | $0.00 | ($249.00) |
| 11/30/2009 | 04/09/2009 | $130,654.70 Non-Cash | | | AA | $0.00 | $0.00 | ($3,678.57) | $3,222.04 | $0.00 |
| 11/25/2009 | 04/09/2009 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/13/2009 | 04/09/2009 | $0.00 FEE | | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 11/05/2009 | 04/09/2009 | $130,654.70 Escrow Disb-Tax County | | | E90 | ($736.16) | $0.00 | $0.00 | ($736.16) | $0.00 |
| 10/27/2009 | 04/09/2009 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/20/2009 | 04/09/2009 | $0.00 FEE | | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| 10/01/2009 | 04/09/2009 | $0.00 FEE | | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 09/30/2009 | 04/09/2009 | $0.00 FEE | | 040 | FB | $3,351.00 | $0.00 | $0.00 | $0.00 | $3,351.00 |
| 09/25/2009 | 04/09/2009 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/07/2009 | 04/09/2009 | $0.00 FEE | | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 08/25/2009 | 04/09/2009 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/05/2009 | 04/09/2009 | $0.00 FEE | | 011 | FB | $25.25 | $0.00 | $0.00 | $0.00 | $25.25 |
| 07/27/2009 | 04/09/2009 | $0.00 Comment | | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ███ | 07/22/2009 | 04/09/2009 | $0.00 FEE | 164 | | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| ███ | 07/07/2009 | 04/09/2009 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| ███ | 05/19/2009 | 04/09/2009 | $130,654.70 Escrow Disb-Tax County | | M90 | ($2,487.92) | $0.00 | $0.00 | ($2,487.92) | $0.00 |
| ███ | 04/22/2009 | 04/09/2009 | $130,654.70 PAYMENT | | AP | $696.25 | $232.69 | $463.56 | $0.00 | $0.00 |
| ███ | 04/07/2009 | 03/09/2009 | $130,887.39 PAYMENT | | AP | $731.06 | $231.87 | $464.38 | $0.00 | $0.00 |
| ███ | 04/07/2009 | 03/09/2009 | $0.00 Unapplied | | UFU | ($34.81) | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 04/07/2009 | 03/09/2009 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 03/09/2009 | 02/09/2009 | $131,119.26 PAYMENT | | AP | $696.25 | $231.05 | $465.20 | $0.00 | $0.00 |
| ███ | 03/09/2009 | 02/09/2009 | $131,119.26 PAYMENT | | SWA | $34.81 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 03/09/2009 | 02/09/2009 | $0.00 Unapplied | | UFU | $34.81 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 03/09/2009 | 02/09/2009 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 02/05/2009 | | $131,350.31 PAYMENT | | AP | $731.06 | $230.24 | $466.01 | $0.00 | $0.00 |
| ███ | 12/24/2008 | 12/09/2008 | $131,580.55 PAYMENT | | AP | $696.25 | $229.42 | $466.83 | $0.00 | $0.00 |
| ███ | 11/19/2008 | 11/09/2008 | $131,809.97 PAYMENT | | AP | $696.25 | $228.61 | $467.64 | $0.00 | $0.00 |
| ███ | 11/01/2008 | 10/09/2008 | $132,038.58 PAYMENT | | AP | $696.25 | $227.81 | $468.44 | $0.00 | $0.00 |
| ███ | 11/01/2008 | 10/09/2008 | $132,038.58 PAYMENT | | SRA | $34.81 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 11/01/2008 | 10/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 10/16/2008 | 09/09/2008 | $132,266.39 Curtailment | | CT | $0.00 | $85.86 | $0.00 | $0.00 | $0.00 |
| ███ | 10/16/2008 | 09/09/2008 | $132,352.25 Non-Cash | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 10/16/2008 | 09/09/2008 | $0.00 Unapplied | | UFN | ($85.86) | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 10/16/2008 | 09/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 10/14/2008 | 09/09/2008 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| ███ | 10/10/2008 | 06/09/2008 | $0.00 FEE | 164 | FWV | ($85.00) | $0.00 | $0.00 | $0.00 | ($85.00) |
| ███ | 10/10/2008 | 06/09/2008 | $132,352.25 Non-Cash | | AA | $0.00 | ($2,113.88) | ($2,113.88) | $0.00 | $0.00 |
| ███ | 09/18/2008 | 06/09/2008 | $0.00 FEE | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 |
| ███ | 08/22/2008 | 06/09/2008 | $130,238.37 PAYMENT | | SR | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 08/22/2008 | 06/09/2008 | $0.00 Unapplied | | UFN | $85.86 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 08/22/2008 | 06/09/2008 | $0.00 Unapplied | | UFU | ($85.86) | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 08/14/2008 | 06/09/2008 | $130,238.37 Non-Cash | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 08/14/2008 | 06/09/2008 | $0.00 Unapplied | | UFF | ($85.86) | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 08/14/2008 | 06/09/2008 | $0.00 Unapplied | | UFU | $85.86 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 07/28/2008 | 06/09/2008 | $130,238.37 PAYMENT | | AP | $858.72 | $152.44 | $706.28 | $0.00 | $0.00 |
| ███ | 07/28/2008 | 06/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 07/28/2008 | 07/27/2008 | $0.00 Comment | | RPL | $858.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 06/27/2008 | 05/09/2008 | $130,390.81 PAYMENT | | AP | $858.72 | $151.62 | $707.10 | $0.00 | $0.00 |
| ███ | 06/27/2008 | 05/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 06/27/2008 | 06/27/2008 | $0.00 Comment | | RPL | $858.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| ███ | 06/04/2008 | 04/09/2008 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| ███ | 06/04/2008 | 04/09/2008 | $130,542.43 PAYMENT | | SR | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 06/04/2008 | 04/09/2008 | $0.00 Unapplied | | UFU | ($85.86) | $0.00 | $0.00 | $0.00 |
| 06/04/2008 | 04/09/2008 | $0.00 Unapplied | | UFU | ($85.86) | $0.00 | $0.00 | $0.00 |
| 06/02/2008 | 04/09/2008 | $130,542.43 PAYMENT | | AP | $815.79 | $150.80 | $707.92 | $0.00 | $0.00 |
| 06/02/2008 | 04/09/2008 | $130,542.43 PAYMENT | | SWA | $85.86 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/02/2008 | 04/09/2008 | $0.00 Unapplied | | UFU | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/02/2008 | 04/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/19/2008 | 03/09/2008 | $130,693.23 PAYMENT | | PT | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/19/2008 | 03/09/2008 | $130,693.23 PAYMENT | | RT | ($42.93) | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/19/2008 | 03/09/2008 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/06/2008 | 03/09/2008 | $130,693.23 PAYMENT | | AP | $858.72 | $149.99 | $708.73 | $0.00 | $0.00 |
| 05/06/2008 | 03/09/2008 | $130,693.23 PAYMENT | | SWA | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/06/2008 | 03/09/2008 | $0.00 Unapplied | | UFU | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/06/2008 | 03/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/16/2008 | 02/09/2008 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 04/11/2008 | 02/09/2008 | $130,843.22 PAYMENT | | PA | $0.00 | $149.18 | $709.54 | $0.00 | $0.00 |
| 04/11/2008 | 02/09/2008 | $0.00 Unapplied | | UFU | ($901.65) | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/10/2008 | 01/09/2008 | $130,992.40 Non-Cash | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/10/2008 | 01/09/2008 | $0.00 Unapplied | | UFF | ($42.93) | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/10/2008 | 01/09/2008 | $0.00 Unapplied | | UFU | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/08/2008 | 01/09/2008 | $130,992.40 PAYMENT | | SRA | $858.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/08/2008 | 01/09/2008 | $0.00 Unapplied | | UFU | $858.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/10/2008 | 01/09/2008 | $0.00 FEE | 164 | FB | $85.00 | $0.00 | $0.00 | $0.00 | $85.00 |
| 03/06/2008 | 01/09/2008 | $130,992.40 PAYMENT | | AP | $858.72 | $148.37 | $710.35 | $0.00 | $0.00 |
| 03/06/2008 | 01/09/2008 | $130,992.40 PAYMENT | | SRA | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/06/2008 | 01/09/2008 | $0.00 Unapplied | | UFF | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/06/2008 | 01/09/2008 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/06/2008 | 03/06/2008 | $0.00 Comment | | RPL | $901.65 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/20/2008 | 12/09/2007 | $131,140.77 PAYMENT | | PA | $0.00 | $147.57 | $711.15 | $0.00 | $0.00 |
| 02/20/2008 | 12/09/2007 | $0.00 Unapplied | | UFU | ($901.65) | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/06/2008 | 11/09/2007 | $131,288.34 PAYMENT | | SRA | $901.65 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/06/2008 | 11/09/2007 | $0.00 Unapplied | | UFU | $901.65 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/31/2008 | 11/09/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 |
| 12/12/2007 | 11/09/2007 | $131,288.34 PAYMENT | | AP | $858.73 | $146.79 | $711.94 | $0.00 | $0.00 |
| 12/12/2007 | 11/09/2007 | $131,288.34 PAYMENT | | SRA | ($500.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/12/2007 | 11/09/2007 | $0.00 Unapplied | | UFF | ($500.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/12/2007 | 11/09/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/12/2007 | 12/12/2007 | $0.00 Comment | | RPD | $358.73 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/10/2007 | 10/09/2007 | $131,435.13 PAYMENT | | SR | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/10/2007 | 10/09/2007 | $131,435.13 PAYMENT | | SRA | $500.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 12/10/2007 | 10/09/2007 | $0.00 Unapplied | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 12/10/2007 | 10/09/2007 | $0.00 Unapplied | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 11/05/2007 | 10/09/2007 | $131,435.13 PAYMENT | AP | $858.73 | $146.00 | $712.73 | $0.00 | $0.00 |
| | 11/05/2007 | 10/09/2007 | $131,435.13 PAYMENT | SRA | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 11/05/2007 | 10/09/2007 | $0.00 Unapplied | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 10/05/2007 | 09/09/2007 | $131,581.13 PAYMENT | AP | $858.73 | $145.21 | $713.52 | $0.00 | $0.00 |
| | 10/05/2007 | 09/09/2007 | $131,581.13 PAYMENT | SRA | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 10/05/2007 | 09/09/2007 | $0.00 Unapplied | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 08/30/2007 | 08/09/2007 | $131,726.34 PAYMENT | AP | $858.73 | $144.43 | $714.30 | $0.00 | $0.00 |
| | 08/30/2007 | 08/09/2007 | $131,726.34 PAYMENT | SRA | $42.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 08/30/2007 | 08/09/2007 | $0.00 Unapplied | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 08/06/2007 | 07/09/2007 | $131,870.77 PAYMENT | AP | $901.66 | $143.65 | $715.08 | $0.00 | $0.00 |
| | 06/22/2007 | 06/09/2007 | $132,014.42 PAYMENT | AP | $858.73 | $142.88 | $715.85 | $0.00 | $0.00 |
| | 06/22/2007 | 06/09/2007 | $0.00 PAYMENT | POS | $858.73 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 05/21/2007 | 05/09/2007 | $132,157.30 PAYMENT | AP | $858.73 | $142.11 | $716.62 | $0.00 | $0.00 |
| | 05/21/2007 | 05/09/2007 | $0.00 PAYMENT | POS | $858.73 | $0.00 | $0.00 | $0.00 | $0.00 |

Comments:

| Account Number | Area ID | Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|---|---|
| | INQ30 | 10/16/2013 | NT | Issued Correspondence Acknowledgement | RACHEL KRUGER |
| | INQ30 | 10/16/2013 | NT | Letter. | RACHEL KRUGER |
| | | 10/16/2013 | OL | WDOYCorr recvd-response pending1 | RACHEL KRUGER |
| | INQ30 | 10/16/2013 | CIT | 039 DONE 10/16/13 BY TLR 01162 | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | TSK TYP 255-CC COR TRACKING | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | 039 closing cit 255--dup auth req, alrdy fwd to | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | OcwenReal on 10/14. no furthr action tkn. | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | sharina w/5264 | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | 034 DONE 10/16/13 BY TLR 01162 | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | TSK TYP 122-CC COR TRACKING | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | 034 closing cit 122--copy of bky disch docs, | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | corr on system. Fwd to OcwenReal. sharina | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | w/5264 | SHARINA WILLIAMS |
| | INQ30 | 10/16/2013 | CIT | 037 DONE 10/16/13 BY TLR 01349 | LISA HEFFNER |
| | INQ30 | 10/16/2013 | CIT | TSK TYP 122-CC COR TRACKING | LISA HEFFNER |
| | INQ30 | 10/16/2013 | CIT | 037 Closing CIT 122 - recvd copy of bkr dischrg | LISA HEFFNER |
| | INQ30 | 10/16/2013 | CIT | docs that were in a mod package. this info is | LISA HEFFNER |
| | INQ30 | 10/16/2013 | CIT | already loaded onto the acct. No response | LISA HEFFNER |
| | INQ30 | 10/16/2013 | CIT | reqrd. Docs will be forwarded to OcwenReal in | LISA HEFFNER |
| | INQ30 | 10/16/2013 | CIT | mod package. lisah/7658 | LISA HEFFNER |
| | | 10/15/2013 | CBR | CR BUR RPT STATUS=L;EXPIRE DT = 08/31/43 | SYSTEM ID |
| | | 10/15/2013 | CBR | SERVICE RELEASE: EFFECTIVE DATE =08/31/43 | SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| INQ70 | 10/14/2013 | CIT | 036 DONE 10/14/13 BY TLR 18815 | SHAWNA RINK |
| INQ70 | 10/14/2013 | CIT | TSK TYP 255-CC COR TRACKING | SHAWNA RINK |
| INQ70 | 10/14/2013 | CIT | 036 Closing CIT 255 Forwarded auth to Ocwen REAL. | SHAWNA RINK |
| INQ70 | 10/14/2013 | CIT | shawnar/2367657 | SHAWNA RINK |
| INQ30 | 10/11/2013 | CIT | 038 DONE 10/11/13 BY TLR 02898 | JOHN BOMBELLA |
| INQ30 | 10/11/2013 | CIT | TSK TYP 255-CC COR TRACKING | JOHN BOMBELLA |
| INQ30 | 10/11/2013 | CIT | 038 Closing cit 255: Recvd auth ltr to auth HLP | JOHN BOMBELLA |
| INQ30 | 10/11/2013 | CIT | Homeowner Connect Support; loan is svc rel; | JOHN BOMBELLA |
| INQ30 | 10/11/2013 | CIT | can't authorize; fwd to Real Ocwen for | JOHN BOMBELLA |
| INQ30 | 10/11/2013 | CIT | handling; jb5572 | JOHN BOMBELLA |
| AUTHD | 10/11/2013 | NT | Recvd auth ltr from b1 to auth HLP Homeowner | JOHN BOMBELLA |
| AUTHD | 10/11/2013 | NT | Connect Support; AUTH denied; can't auth a | JOHN BOMBELLA |
| AUTHD | 10/11/2013 | NT | business and loan is service released to Real | JOHN BOMBELLA |
| AUTHD | 10/11/2013 | NT | Ocwen; fwd corr to Real Ocwen; jb5572 | JOHN BOMBELLA |
| INQ30 | 10/11/2013 | CIT | 039 NEW CIT255-CC COR TRACKING:3RD PARTY AUTHORIZA | LISA HEFFNER |
| INQ30 | 10/11/2013 | CIT | corres recvd | LISA HEFFNER |
| INQ30 | 10/11/2013 | CIT | 038 NEW CIT255-CC COR TRACKING:3RD PARTY AUTHORIZA | LISA HEFFNER |
| INQ30 | 10/11/2013 | CIT | corres recvd | LISA HEFFNER |
| AUTH | 10/11/2013 | NT | NOT ADDING AUTH, SENT TO CORRSP FOR REVIEW | DANA NIEMAN |
| DSPRT | 10/11/2013 | NT | NO BRA CODING ADDED AS NO INDICATION OF ATTORNEY | DANA NIEMAN |
| DSPRT | 10/11/2013 | NT | REPRESENTATION | DANA NIEMAN |
| AUTH | 10/11/2013 | NT | ADDED AUTH FOR HLP HOMEOWNER CONNECT SUPPORT | DANA NIEMAN |
| | 10/11/2013 | LMT | FILE CLOSED        (7)    COMPLETED 10/11/13 | BLAKE JAGGERS |
| HPORT | 10/10/2013 | NT | Tracking Mod request through Hope Loan | ANN MCCAHEN |
| HPORT | 10/10/2013 | NT | portal. | ANN MCCAHEN |
| PARPK | 10/09/2013 | NT | Fax rcvd, loan is inactive close code does not | FREDDY FUENTES |
| PARPK | 10/09/2013 | NT | equal 1 or 9. Docs imaged as WOUT. KSteimel 4673 | FREDDY FUENTES |
| | 10/09/2013 | DM | ACTION/RESULT CD CHANGED FROM NOTE TO NOTE | FREDDY FUENTES |
| COL07 | 10/09/2013 | CIT | 037 NEW CIT990-IMAGED CORRESPONDENCE | FREDDY FUENTES |
| COL07 | 10/09/2013 | CIT | Item forwarded to Correspondence for review. | FREDDY FUENTES |
| COL07 | 10/09/2013 | CIT | Pag: 15 & 16. Imaged within WOUT. Ksteimel4673 | FREDDY FUENTES |
| COL07 | 10/09/2013 | CIT | 036 NEW CIT255-CC COR TRACKING:3RD PARTY AUTHORIZA | FREDDY FUENTES |
| COL07 | 10/09/2013 | CIT | Auth received, imaged as WOUT. Pag: 22. | FREDDY FUENTES |
| INQ30 | 10/08/2013 | NT | Issued Correspondence Acknowledgement | RACHEL KRUGER |
| INQ30 | 10/08/2013 | NT | Letter. | RACHEL KRUGER |
| | 10/08/2013 | OL | WDOYCorr recvd-response pending1 | RACHEL KRUGER |
| INQ45 | 10/04/2013 | CIT | 035 DONE 10/04/13 BY TLR 22296 | JULIET ODULIO |
| INQ45 | 10/04/2013 | CIT | TSK TYP 255-CC COR TRACKING | JULIET ODULIO |
| INQ45 | 10/04/2013 | CIT | 035 closing cit 255, forward the | JULIET ODULIO |
| INQ45 | 10/04/2013 | CIT | auth../julieto2001082 | JULIET ODULIO |
| HPORT | 10/02/2013 | NT | Tracking Mod reqeust through Hope Loan | ANN MCCAHEN |
| HPORT | 10/02/2013 | NT | portal. | ANN MCCAHEN |
| COL07 | 10/01/2013 | CIT | 035 NEW CIT255-CC COR TRACKING:3RD PARTY AUTHORIZA | BLANCA LAMBOURG |

| | COL07 | 10/01/2013 | CIT | Auth received, imaged as WOUT. Pg#22 | BLANCA LAMBOURG |
|---|---|---|---|---|---|
| | COL07 | 10/01/2013 | CIT | 034 NEW CIT990-IMAGED CORRESPONDENCE | BLANCA LAMBOURG |
| | COL07 | 10/01/2013 | CIT | Item forwarded to Correspondence for review, | BLANCA LAMBOURG |
| | COL07 | 10/01/2013 | CIT | imaged within wout pg#15-16. Ksteimel 4673 | BLANCA LAMBOURG |
| | PARPK | 10/01/2013 | NT | Fax rcvd, loan is inactive close code does not | BLANCA LAMBOURG |
| | PARPK | 10/01/2013 | NT | equal 1 or 9. Docs imaged as WOUT. KSteimel 4673 | BLANCA LAMBOURG |
| | | 10/01/2013 | DM | DFLT REASON 1 CHANGED TO: PROPERTY PROBLEM | BLANCA LAMBOURG |
| | | 10/01/2013 | DM | ACTION/RESULT CD CHANGED FROM BRLM TO NOTE | BLANCA LAMBOURG |
| | | 09/12/2013 | CBR | CR BUR RPT STATUS=L;EXPIRE DT =  08/31/43 | SYSTEM ID |
| | | 09/12/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | | 09/12/2013 | CBR | DELINQUENT:  90  DAYS | SYSTEM ID |
| | | 09/05/2013 | PPT | FILE CLOSED        (2)   COMPLETED 09/05/13 | KERRY MARSHALL |
| | | 09/05/2013 | PPT | CV-CODE VIO COMPL   (2001) COMPLETED 09/05/13 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 033 DONE 09/05/13 BY TLR 13735 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | TSK TYP 766-CV - SERVICE RE | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 033 new 766 - account service released - sent | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | email to reocodeviolations@altisource.com and | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | not interest letter to: | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | City of Chicago Department of Law | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | Building and License Enforcement Division | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 30 LaSalle Street, Room 700 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | Chicago, IL  60602 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | KM*TX | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 033 NEW CIT766-CV - SERVICE RELEASED | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | new 766 - account service released - sent | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | email to reocodeviolations@altisource.com and | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | not interest letter to: | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | City of Chicago Department of Law | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | Building and License Enforcement Division | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 30 LaSalle Street, Room 700 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | Chicago, IL  60602 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | KM*TX | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 028 DONE 09/05/13 BY TLR 13735 | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | TSK TYP 701-CODE VIOLATION | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | 028 closing cit 701 - account service released - | KERRY MARSHALL |
| | COL40 | 09/05/2013 | CIT | KM*TX | KERRY MARSHALL |
| | COL40 | 09/04/2013 | CIT | 032 DONE 09/04/13 BY TLR 03121 | BARBARA BROWN |
| | COL40 | 09/04/2013 | CIT | TSK TYP 825-CANCEL UTILITIE | BARBARA BROWN |
| | COL40 | 09/04/2013 | CIT | 032 closing cit 825/72--no utilities were turned | BARBARA BROWN |
| | COL40 | 09/04/2013 | CIT | on in GMAC's Name. bjbrown tx 4930 | BARBARA BROWN |
| | | 09/03/2013 | PPT | mtr | MADHUSUDHAN SARASAM |
| | | 09/03/2013 | PPT | TASK:0002-FSV-CHANGD FUPDT  10/01/13 | MADHUSUDHAN SARASAM |
| | FSV | 09/03/2013 | NT | ***Working on 2 task, Prop is in FCL, | MADHUSUDHAN SARASAM |

| | | | | |
|---|---|---|---|---|
| FSV | 09/03/2013 | NT | Acc in  serviced released, due to code | MADHUSUDHAN SARASAM |
| FSV | 09/03/2013 | NT | violation not Shutdown P\P&Inspns. Cancel & Stop | MADHUSUDHAN SARASAM |
| FSV | 09/03/2013 | NT | all.Smadhu-3395 | MADHUSUDHAN SARASAM |
| | 09/02/2013 | NBW | 7438965501REV1  CORP N EXP 041   AMT     85.00 | |
| | 08/30/2013 | FSV | INSP TP D RESULTS RCVD;   ORD DT=08/23/13 | SYSTEM ID |
| | 08/29/2013 | FSV | INSP TYPE D CANCELLED;   REQ CD =AUTO DELQ | SYSTEM ID |
| COL40 | 08/29/2013 | CIT | 032 NEW CIT825-CANCEL UTILITIES | VENNAM NARESH |
| COL40 | 08/29/2013 | CIT | New CIT 825, Please cancel all utilities as | VENNAM NARESH |
| COL40 | 08/29/2013 | CIT | this property went for sale . | VENNAM NARESH |
| FSV | 08/29/2013 | NT | Loan on SR2 report- Cannot shutdown PP due to CODE | VENNAM NARESH |
| FSV | 08/29/2013 | NT | VOILATION, Place stop all with CFS and SG. -Naresh | VENNAM NARESH |
| FSV | 08/29/2013 | NT | 13103 | VENNAM NARESH |
| INQ70 | 08/27/2013 | CIT | 031 DONE 08/27/13 BY TLR 01504 | RACHEL KRUGER |
| INQ70 | 08/27/2013 | CIT | TSK TYP 155-CC TRACK - LM F | RACHEL KRUGER |
| INQ70 | 08/27/2013 | CIT | 031 Closing CIT 155. | RACHEL KRUGER |
| | 08/27/2013 | PPT | mtr | KERRY MARSHALL |
| | 08/27/2013 | PPT | TASK:2001-FSV-CHANGD FUPDT  09/24/13 | KERRY MARSHALL |
| COL40 | 08/27/2013 | CIT | 028 701 update - account in collections - reports | KERRY MARSHALL |
| COL40 | 08/27/2013 | CIT | occupied - breach letter expires Sept 12 - | KERRY MARSHALL |
| COL40 | 08/27/2013 | CIT | account pending service release - will | KERRY MARSHALL |
| COL40 | 08/27/2013 | CIT | continue to monitor - KM*TX | KERRY MARSHALL |
| | 08/27/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 08/26/2013 | PPT | mtr | NALLI SURESH |
| | 08/26/2013 | PPT | TASK:0002-FSV-CHANGD FUPDT  08/28/13 | NALLI SURESH |
| 155 | 08/26/2013 | NT | CIT 155-DNR BK LM package sent. | API CSRV |
| | 08/23/2013 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| INQ30 | 08/23/2013 | CIT | 030 DONE 08/23/13 BY TLR 01373 | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | TSK TYP 228-DEFAULT CORRESP | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | 030 clsoing cit 228-cus corr stating sorry missed | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | inspector. adv us of the hardship and int in | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | dil, also pursueing other help. sent letter to | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | adv unfortunately dil denied, ordered finan | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | pkt and may cont lmt to discuss. sent to image | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | as corr. lynnej/42924 | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | 030 clsoing cit 228 | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | 031 NEW CIT155-CC TRACK - LM FINANCIAL PACKAGE | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | B1 cld, advised will mail financial package | LYNNE JOHNSON |
| INQ30 | 08/23/2013 | CIT | information. Provided expectations. | LYNNE JOHNSON |
| DENYD | 08/21/2013 | NT | 13006 teller id denied the LIQ request for the | CHRISTOPHER QUIGLEY |
| DENYD | 08/21/2013 | NT | following reason(s): The Investor has denied the | CHRISTOPHER QUIGLEY |
| DENYD | 08/21/2013 | NT | liquidation request. | CHRISTOPHER QUIGLEY |
| | 08/21/2013 | OL | WDOYShort Sale/DIL Denial w/ no mini | CHRISTOPHER QUIGLEY |
| | 08/20/2013 | LMT | LMT SOLUTN PURSUED   (6)   COMPLETED 08/20/13 | API TRANS TELLER 1 |

| | | | | |
|---|---|---|---|---|
| | 08/20/2013 | LMT | COMPLETE FIN PKG REC (3)    COMPLETED 08/20/13 | API TRANS TELLER 1 |
| | 08/20/2013 | LMT | ASSESS FINANCL PKG    (2)    COMPLETED 08/20/13 | API TRANS TELLER 1 |
| | 08/20/2013 | LMT | CLEAR TITLE CONFIRM  (2002) COMPLETED 08/20/13 | API TRANS TELLER 1 |
| | 08/20/2013 | LMT | FWRD FILE TO ATTY    (2001) COMPLETED 08/20/13 | API TRANS TELLER 1 |
| | 08/20/2013 | LMT | REFERRD TO LOSS MIT  (1)    COMPLETED 08/20/13 | API TRANS TELLER 1 |
| | 08/20/2013 | LMT | APPROVED FOR LMT 08/20/13 | API TRANS TELLER 1 |
| DENYD | 08/20/2013 | NT | * Loan already in for today. | JUSTIN BIZJACK |
| DENYD | 08/20/2013 | NT | Update Complete! | JUSTIN BIZJACK |
| DENYD | 08/20/2013 | NT | Account Number - ███████ | JUSTIN BIZJACK |
| DENYD | 08/20/2013 | NT | The following Denial Reasons have been updated and | JUSTIN BIZJACK |
| DENYD | 08/20/2013 | NT | will be scripted to Firserv in tomorrow's daily | JUSTIN BIZJACK |
| DENYD | 08/20/2013 | NT | file      Other - The Investor has denied the | JUSTIN BIZJACK |
| DENYD | 08/20/2013 | NT | liquidation request. | JUSTIN BIZJACK |
| | 08/20/2013 | DM | LMOM FOR B1 INREGARDS TO DIL, UNABLE TO MOVE | JUSTIN BIZJACK |
| | 08/20/2013 | DM | FORWARD WITH DIL PROP AVLUE LESS THNA | JUSTIN BIZJACK |
| | 08/20/2013 | DM | 45K.JBIZJACK13006 | JUSTIN BIZJACK |
| | 08/20/2013 | DM | ACTION/RESULT CD CHANGED FROM BRUN TO BRLM | JUSTIN BIZJACK |
| COL10 | 08/20/2013 | CIT | 029 DONE 08/20/13 BY TLR 13006 | JUSTIN BIZJACK |
| COL10 | 08/20/2013 | CIT | TSK TYP 709-DEED IN LIEU RE | JUSTIN BIZJACK |
| COL40 | 08/19/2013 | CIT | 028 701 - received request for status update from | KERRY MARSHALL |
| COL40 | 08/19/2013 | CIT | building court - replied still occupied - | KERRY MARSHALL |
| COL40 | 08/19/2013 | CIT | breach letter expires Sept - and pending | KERRY MARSHALL |
| COL40 | 08/19/2013 | CIT | service release - will continue to monitor - | KERRY MARSHALL |
| COL40 | 08/19/2013 | CIT | KM*TX | KERRY MARSHALL |
| COL07 | 08/19/2013 | CIT | 030 NEW CIT990-IMAGED CORRESPONDENCE | ANA DOMINGUEZ |
| COL07 | 08/19/2013 | CIT | Item forwarded to Correspondence for review. | ANA DOMINGUEZ |
| COL07 | 08/19/2013 | CIT | Imaged as WOUT. Ksteimel 4673 | ANA DOMINGUEZ |
| COL07 | 08/19/2013 | CIT | 029 NEW CIT709-DEED IN LIEU REFERRAL | ANA DOMINGUEZ |
| COL07 | 08/19/2013 | CIT | Financial Package Rcvd, imaged as -WOUT-. | ANA DOMINGUEZ |
| COL07 | 08/19/2013 | CIT | KSteimel 4673 | ANA DOMINGUEZ |
| PARPK | 08/19/2013 | NT | Financial Package Rcvd, imaged as -WOUT-.  Package | ANA DOMINGUEZ |
| PARPK | 08/19/2013 | NT | sent for review.  KSteimel 4673 | ANA DOMINGUEZ |
| | 08/12/2013 | DM | EARLY IND: SCORE 171 MODEL EI90S | SYSTEM ID |
| DIS | 08/12/2013 | NT | FEMA moratorium has expired. | ASHLEY BONNER |
| DIS | 08/12/2013 | NT | Disaster coding being removed. | ASHLEY BONNER |
| IL30 | 08/12/2013 | NT | IL GPN SENT PER STATE REQ; | MELISSA KNUTSON |
| IL30 | 08/12/2013 | NT | 4:05 LETTER RETAINED IN XNET. | MELISSA KNUTSON |
| | 08/12/2013 | OL | WDOYDEF - IL GPN DNR | MELISSA KNUTSON |
| | 08/12/2013 | FOR | FORECLOSURE    LA VENDOR 000070727 ADDED | HEATHER KERN |
| | 08/09/2013 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 08/08/2013 | CBR | CR BUR RPT STATUS=L;EXPIRE DT =  00/00/00 | SYSTEM ID |
| | 08/08/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 08/08/2013 | CBR | DELINQUENT:  60  DAYS | SYSTEM ID |

| | 08/05/2013 | FSV | INSP TP D RESULTS RCVD; ORD DT=07/24/13 | |
| | 08/02/2013 | IPR | INV RECOVERABLE REVERSED | 85.00 | |
| | 08/02/2013 | NPP | NON RECOVERABLE | 85.00 | ANDREA FISHER-SCRIPT |
| HHFSL | 08/01/2013 | NT | Adv hhf prog in the state of IL | | ANDREA FISHER-SCRIPT |
| | 08/01/2013 | DM | TT B1 SD HE GOT SOME LEGAL ISSUES WITH PROP I EDUC | DANIEL ROXAS |
| | 08/01/2013 | DM | B1 ABOUT THE PROP INSPCTN ADV ESC CHNGE ADV | DANIEL ROXAS |
| | 08/01/2013 | DM | HOMEOWNERCONNECT.ORG ADV CN FAX A LTR TO THE PROP | DANIEL ROXAS |
| | 08/01/2013 | DM | DPT WITH A SCHED SO ONCE THEY INSPECT THE PROP | DANIEL ROXAS |
| | 08/01/2013 | DM | HE'S INSIDE SD HE HVE A FLOODING PROB IN THE RAINY | DANIEL ROXAS |
| | 08/01/2013 | DM | SEASON FOR 7 YRS | DANIEL ROXAS |
| | 08/01/2013 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRUN | DANIEL ROXAS |
| | 08/01/2013 | DM | ADV TO CONTACT THE INS DPT PH# & OFC HRS | DANIEL ROXAS |
| | 08/01/2013 | DM | DANR/8412291 | DANIEL ROXAS |
| | 08/01/2013 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | DANIEL ROXAS |
| | 08/01/2013 | DM | PAYMENT ARRANGEMENTS WERE NOT MADE (RPC MUST BE | DANIEL ROXAS |
| | 08/01/2013 | DM | OBTAINED). INBOUND CALL | DANIEL ROXAS |
| | 08/01/2013 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO OAAI | DANIEL ROXAS |
| | 07/29/2013 | IPP | INVESTOR RECOVERABLE CODE | 85.00 | VICKI ANDERSON |
| | 07/29/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| CBR | 07/26/2013 | NT | CBR - Discharge Ch 7 BK has already rptd to the | API CSRV |
| CBR | 07/26/2013 | NT | bureaus; BKR did not reaffirm; tradeline | API CSRV |
| CBR | 07/26/2013 | NT | suppressed; Do not unsuppress credit to report | API CSRV |
| CBR | 07/26/2013 | NT | this loan again | API CSRV |
| | 07/25/2013 | PPT | mtr | KERRY MARSHALL |
| | 07/25/2013 | PPT | TASK:2001-FSV-CHANGD FUPDT  08/24/13 | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | 028 Some tenants were also present and complained | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | of flooding problems - the Condo assocwas | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | ordered to arrange for inspections. New owners | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | were implead - case has been continued to | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | November 18th at 9:30 - returned email asking | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | if building court thinks they should attend | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | the next hearing - KM*TX | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | 028 update 701 - received email from building | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | court stating they did not appear at the | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | hearing because they did not get approval to | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | attend before 7/22 - approval was granted 7/23 | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | Counsel for the condo association was present | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | in court. The Association passed a special | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | assessment to pay for required porch work and | KERRY MARSHALL |
| COL40 | 07/25/2013 | CIT | repairs are in the works  TBC next page | KERRY MARSHALL |
| | 07/24/2013 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 07/23/2013 | PPT | mtr | KERRY MARSHALL |
| | 07/23/2013 | PPT | TASK:2001-FSV-CHANGD FUPDT  07/26/13 | KERRY MARSHALL |

| | COL40 | 07/23/2013 | CIT | 028 update 701 - approved fees  $375.00 for the | KERRY MARSHALL |
|---|---|---|---|---|---|
| | COL40 | 07/23/2013 | CIT | initial hearing and $225.00 for any | KERRY MARSHALL |
| | COL40 | 07/23/2013 | CIT | continuance.  (The County Clerk will charge | KERRY MARSHALL |
| | COL40 | 07/23/2013 | CIT | between $176.00 - $206.00 to file the | KERRY MARSHALL |
| | COL40 | 07/23/2013 | CIT | appearance). await trial results - KM*TX | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | 028 update 701 - forwarded copy of mortgage and | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | account status to building court - await reply | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | - KM*TX | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | 028 Please provide us with a copy of the mortgage | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | and all updated loan information so that we | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | can open a file and provide our fees. Please | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | let me know if you have any questions. working | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | on copy of mortgage to send to building court | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | - KM*TX | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | 028 update 701 - received reply from building | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | court stating this case involves 28 dwelling | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | units and if you received the attachment that | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | was sent then you must be named on the service | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | list somewhere - If you have any units in this | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | property and you would like our firm to | KERRY MARSHALL |
| | COL40 | 07/22/2013 | CIT | represent you, please advise - continued | KERRY MARSHALL |
| | VLRVC | 07/22/2013 | NT | THE SUBJECT IS A CONDO  LOCATED IN AN URBAN AREA | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | OF CHICAGO IL. GOOGLE SATELLITE VIEW OF THE | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | PROPERTY WAS REVIEWED AND NO EXTERNAL OBSOLESCENCE | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | WAS NOTED.  THE PROPERTY CHARACTERISTICS WERE | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | VERIFIED WITH PRIOR REPORTS AND ONLINE SOURCES. | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | THE EXTERIOR BPO DATED 7/10/2013 WITH A VALUE OF | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | $29K WITH THE SUBJECT IN AVERAGE CONDITION WITH NO | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | NOTED REPAIRS. PER THE EXTERIOR BPO THE MARKET | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | TREND IS STABLE WITH SUPPLY/DEMAND STABLE AND | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | MARKETING TIME IS LESS THAN 3 MONTH. PRIOR REPORT | DONNA ARGEROS-SCRIPT |
| | VLRVC | 07/22/2013 | NT | DATED 10/11/2011 WI | DONNA ARGEROS-SCRIPT |
| | COL50 | 07/22/2013 | NT | 07/22/13 COMP EXT BPO  Farvw-sourceone | DONNA ARGEROS-SCRIPT |
| | COL50 | 07/22/2013 | NT | SEE VMA | DONNA ARGEROS-SCRIPT |
| | | 07/19/2013 | PPT | mtr | KERRY MARSHALL |
| | | 07/19/2013 | PPT | TASK:0002-FSV-CHANGD FUPDT  08/18/13 | KERRY MARSHALL |
| | | 07/19/2013 | PPT | mtr | KERRY MARSHALL |
| | | 07/19/2013 | PPT | TASK:2001-FSV-CHANGD FUPDT  07/22/13 | KERRY MARSHALL |
| | | 07/19/2013 | PPT | CV-PURSUE CODE VIO   (2000) COMPLETED 07/19/13 | KERRY MARSHALL |
| | | 07/19/2013 | PPT | PURSUE PROP PRES    (1)   COMPLETED 07/19/13 | KERRY MARSHALL |
| | COL40 | 07/19/2013 | CIT | 028 NEW CIT701-CODE VIOLATION COSMETIC SEVERE | KERRY MARSHALL |
| | COL40 | 07/19/2013 | CIT | new cit 701 - received NOV for this or simular | KERRY MARSHALL |
| | COL40 | 07/19/2013 | CIT | address - emailed building court to see if | KERRY MARSHALL |

| | | | | |
|---|---|---|---|---|
| COL40 | 07/19/2013 | CIT | they can help define the address or account | KERRY MARSHALL |
| COL40 | 07/19/2013 | CIT | number - await reply - KM*TX | KERRY MARSHALL |
| VLRVW | 07/15/2013 | NT | BPO is in review. | DONNA ARGEROS-SCRIPT |
| | 07/11/2013 | ET | 07/11/13 ORD    AVM  FA | SYSTEM ID |
| COL50 | 07/11/2013 | NT | 07/11/13 ORD  EXT BPO  Farvw-sourceone | DONNA ARGEROS-SCRIPT |
| | 07/10/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 07/10/2013 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 07/10/2013 | DM | EARLY IND: SCORE 203 MODEL EI30S | SYSTEM ID |
| VLORD | 07/10/2013 | NT | Valuation Request Placed BLKD BPO Exterior | DONNA ARGEROS |
| VLBLK | 07/10/2013 | NT | Weekly Servicing Valuation request pending BLKD | DONNA ARGEROS |
| VLBLK | 07/10/2013 | NT | BPO Exterior | DONNA ARGEROS |
| | 07/05/2013 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 06/27/2013 | FSV | INSP TP D RESULTS RCVD;  ORD DT=06/24/13 | SYSTEM ID |
| | 06/27/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| NONON | 06/25/2013 | NT | Reviewed mortgage imaged in ISS, no | MELISSA KNUTSON |
| NONON | 06/25/2013 | NT | additional borrowers found. | MELISSA KNUTSON |
| | 06/24/2013 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 06/13/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 06/13/2013 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 06/11/2013 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| | 06/07/2013 | FSV | INSP TP D RESULTS RCVD;  ORD DT=05/24/13 | SYSTEM ID |
| | 06/03/2013 | DM | EARLY IND: SCORE 005 MODEL EI16T | SYSTEM ID |
| | 05/28/2013 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 05/24/2013 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| DIS | 05/22/2013 | NT | FEMA declaration due to severe storms straight | API CSRV |
| DIS | 05/22/2013 | NT | line winds and flooding.  Individual assistance | API CSRV |
| DIS | 05/22/2013 | NT | declared on 5/10/13. | API CSRV |
| | 05/22/2013 | DM | BREACH HOLD PLACED-EXPIRATION DATE 08/08/13 | API CSRV |
| DIS | 05/16/2013 | NT | "FEMA declaration due to severe storms, | API CSRV |
| DIS | 05/16/2013 | NT | straight-line winds, and flooding.  Individual | API CSRV |
| DIS | 05/16/2013 | NT | assistance declared on 5/10/13." | API CSRV |
| | 05/16/2013 | DM | BREACH HOLD PLACED-EXPIRATION DATE 08/08/00 | API CSRV |
| | 05/10/2013 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| | 05/09/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 05/09/2013 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 04/29/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 04/15/2013 | DM | EARLY IND: SCORE 026 MODEL EI16T | SYSTEM ID |
| | 04/11/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 04/11/2013 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 03/27/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 03/18/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 03/18/2013 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 03/13/2013 | DM | EARLY IND: SCORE 026 MODEL EI16T | SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 02/26/2013 | DM | BREACH HOLD REMOVED MANUALLY | LEIGH FRAME |
| INQ55 | 02/26/2013 | CIT | 027 DONE 02/26/13 BY TLR 08283 | LEIGH FRAME |
| INQ55 | 02/26/2013 | CIT | TSK TYP 828-LM DO NOT REFER | LEIGH FRAME |
| | 02/26/2013 | LIT | removed litigation codes per Legal Manager | LEIGH FRAME |
| TAX | 02/21/2013 | NT | Corelogic tax amount report dated 2/15/13 | LIYAKHATH HUSSIAN |
| TAX | 02/21/2013 | NT | reporting 03/01/13 taxes-Parcel# 20153050351002 | LIYAKHATH HUSSIAN |
| TAX | 02/21/2013 | NT | as Low Assessment. The full year tax amount will | LIYAKHATH HUSSIAN |
| TAX | 02/21/2013 | NT | be due during the 2nd installment of 09/01/13. | LIYAKHATH HUSSIAN |
| TAX | 02/21/2013 | NT | Estimate screen has been adjusted for analysis | LIYAKHATH HUSSIAN |
| TAX | 02/21/2013 | NT | purposes only. | LIYAKHATH HUSSIAN |
| | 02/14/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 02/14/2013 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| BKDAT | 02/07/2013 | NT | BKR Historical Legal Case Number 0705967 -- | API CSRV |
| BKDAT | 02/07/2013 | NT | Borrower Attorney Info -- Vendor ID: 9001197 | API CSRV |
| BKDAT | 02/07/2013 | NT | --Vendor Name: ERNESTO D BORGES ATT AT LAW -- | API CSRV |
| BKDAT | 02/07/2013 | NT | Vendor Address: 105 W MADISON STE 2300 23rd Floor | API CSRV |
| BKDAT | 02/07/2013 | NT | CHICAGO  IL 60602 -- Vendor Phone: 312-853-0200 -- | API CSRV |
| BKDAT | 02/07/2013 | NT | Date Relief Granted N/A -- Date Dismissed N/A -- | API CSRV |
| BKDAT | 02/07/2013 | NT | Date Discharged 07/09/2007 -- Date Released | API CSRV |
| BKDAT | 02/07/2013 | NT | 07/09/2007. | API CSRV |
| | 02/06/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 01/10/2013 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 01/10/2013 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 01/07/2013 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| FSV | 01/03/2013 | NT | per Michelle with property management company | AMY BRUNE |
| FSV | 01/03/2013 | NT | 312-425-9400 ext 2225 property is occupied by | AMY BRUNE |
| FSV | 01/03/2013 | NT | James Jackson | AMY BRUNE |
| FSV | 01/03/2013 | NT | amy tx 3945 | AMY BRUNE |
| UTIL | 01/02/2013 | NT | spk w/Jennifer@ComEd(800 334 7661) elect is on at | BARBARA BROWN |
| UTIL | 01/02/2013 | NT | this location. bjbrown tx 4930 | BARBARA BROWN |
| INQ55 | 12/28/2012 | CIT | 027 New cit 828   Do not refer to FCL as the | NATHAN MARTIN |
| INQ55 | 12/28/2012 | CIT | account is in litigation | NATHAN MARTIN |
| INQ55 | 12/28/2012 | CIT | 026 DONE 12/28/12 BY TLR 02163 | NATHAN MARTIN |
| INQ55 | 12/28/2012 | CIT | TSK TYP 828-LM DO NOT REFER | NATHAN MARTIN |
| INQ55 | 12/28/2012 | CIT | 026 closing to refresh | NATHAN MARTIN |
| | 12/27/2012 | FSV | INSP TP D RESULTS RCVD;   ORD DT=12/24/12 | SYSTEM ID |
| FSV | 12/24/2012 | NT | Recd email from pmc to order a rush inspection. | MIKE TANYAVIRIYA |
| FSV | 12/24/2012 | NT | MT tx 3184 | MIKE TANYAVIRIYA |
| | 12/14/2012 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 12/14/2012 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 12/11/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 12/10/2012 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| | 11/19/2012 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 11/19/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 11/12/2012 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| | 11/09/2012 | CBR | LOAN MODIFIED-NON GOVERNMENT PLAN | SYSTEM ID |
| | 11/09/2012 | CBR | CURRENT:   < 30 DAYS | SYSTEM ID |
| | 10/15/2012 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| INQ55 | 10/10/2012 | CIT | 026 New cit 828   Do not refer to FCL as the | NATHAN MARTIN |
| INQ55 | 10/10/2012 | CIT | account is in litigation | NATHAN MARTIN |
| INQ55 | 10/10/2012 | CIT | 025 DONE 10/10/12 BY TLR 02163 | NATHAN MARTIN |
| INQ55 | 10/10/2012 | CIT | TSK TYP 828-LM DO NOT REFER | NATHAN MARTIN |
| INQ55 | 10/10/2012 | CIT | 025 closing to refresh | NATHAN MARTIN |
| | 10/02/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 09/27/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 09/13/2012 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| | 08/24/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 08/22/2012 | LIT | sent fact package to legal manager | NICOLE KLATT |
| | 08/15/2012 | LIT | added lit coding per legal | NATHAN MARTIN |
| INQ55 | 08/15/2012 | CIT | 025 New cit 828   Do not refer to FCL as the | NATHAN MARTIN |
| INQ55 | 08/15/2012 | CIT | account is in litigation | NATHAN MARTIN |
| | 08/15/2012 | DM | BREACH HOLD PLACED-EXPIRATION DATE 01/01/35 | NATHAN MARTIN |
| | 08/14/2012 | DM | EARLY IND: SCORE 070 MODEL EI16T | SYSTEM ID |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11657794. | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11657796. | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11657791. | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11657795. | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11657792. | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11665795. | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | Rule 14 MERS Maildoc was auto-forwarded to Service | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | of Process - Minneapolis (8/13/2012) ICN# | WILLIAM JENSEN |
| OTH10 | 08/13/2012 | NT | 11657793. | WILLIAM JENSEN |
| | 07/13/2012 | DM | EARLY IND: SCORE 070 MODEL EI16T | SYSTEM ID |
| | 07/05/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | | 06/27/2012 | D28 | BILLING STATEMENT FROM REPORT R628 |
| INFRQ | | 06/25/2012 | NT | Modification Incentive Fee Requested | JOHN CHARLESWORTH |
| | | 06/13/2012 | DM | EARLY IND: SCORE 005 MODEL EI16T | SYSTEM ID |
| | | 05/17/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 05/15/2012 | DM | EARLY IND: SCORE 005 MODEL EI16T | SYSTEM ID |
| | | 04/10/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 03/09/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 02/06/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 01/13/2012 | CBR | PREVIOUSLY REPORTED DELINQUENT:NOW CURRENT | SYSTEM ID |
| | | 01/06/2012 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| FSV | | 12/21/2011 | NT | "Loan on Current Loan with Prop Pres Module Open | GARIMELLA CHAKRAVART |
| FSV | | 12/21/2011 | NT | will shut down prop pres unless a CV task is | GARIMELLA CHAKRAVART |
| FSV | | 12/21/2011 | NT | opened. Place cancel all on insp and maintenance" | GARIMELLA CHAKRAVART |
| FSV | | 12/21/2011 | NT | Kalyan | GARIMELLA CHAKRAVART |
| | | 12/21/2011 | PPT | FILE CLOSED        (2)    COMPLETED 12/21/11 | GARIMELLA CHAKRAVART |
| FSV | | 12/21/2011 | NT | Loan on - Current loans on Module | BABY NAGA MALLESWARI |
| FSV | | 12/21/2011 | NT | report - refreshed and sent to | BABY NAGA MALLESWARI |
| FSV | | 12/21/2011 | NT | distribution list, ran script dsusc053, | BABY NAGA MALLESWARI |
| FSV | | 12/21/2011 | NT | Malli 26711 | BABY NAGA MALLESWARI |
| | | 12/19/2011 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| FSV | | 12/15/2011 | NT | Rec'd on Task 2, Act.in coll, last insp.,Back to | CHAKRAPANI MUNDHAPUR |
| FSV | | 12/15/2011 | NT | Back  No Access. will mtr. chakrapani-31372 | CHAKRAPANI MUNDHAPUR |
| | | 12/15/2011 | PPT | mtr | CHAKRAPANI MUNDHAPUR |
| | | 12/15/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  01/13/12 | CHAKRAPANI MUNDHAPUR |
| | | 12/13/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 12/12/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | | 12/12/2011 | FSV | INSP TP D RESULTS RCVD;  ORD DT=12/05/11 | SYSTEM ID |
| | | 12/12/2011 | DM | EARLY IND: SCORE 203 MODEL EI30S | SYSTEM ID |
| | | 12/09/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | | 12/07/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| DODV | | 12/06/2011 | NT | Per DOD website search 12/1/11 borrower JAMES | API CSRV |
| DODV | | 12/06/2011 | NT | JACKSON is not active duty.  Copy of website is | API CSRV |
| DODV | | 12/06/2011 | NT | imaged in Looking Glass. | API CSRV |
| | | 12/05/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| EOY50 | | 11/29/2011 | CIT | 024 DONE 11/29/11 BY TLR 01504 | RACHEL KRUGER |
| EOY50 | | 11/29/2011 | CIT | TSK TYP 155-CC TRACK - LM F | RACHEL KRUGER |
| EOY50 | | 11/29/2011 | CIT | 024 Closing CIT 155. | RACHEL KRUGER |
| | | 11/29/2011 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 11/28/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| CIT | | 11/28/2011 | NT | CIT 155 - DNR BK LM Package Sent | API CSRV |
| | | 11/25/2011 | DM | SW B1 , JUST SW REP , WNTD TO MKE 1 PYMT N ADVSD | JULIO MALDONADO |
| | | 11/25/2011 | DM | 1.5 THIS MTH IS PAR N 2 NXT MNTH AS LNG AS NT RFRD | JULIO MALDONADO |
| | | 11/25/2011 | DM | TO ATTNY , ADVSD TAD/BRCH/UNAP , HE ADVS CAN MKE 1 | JULIO MALDONADO |

|  |  |  |  |  |
|---|---|---|---|---|
|  | 11/25/2011 | DM | PYMT TODY N ANTHR NXT FRIDY N ADVSD BS..TO MKE PTT | JULIO MALDONADO |
|  | 11/25/2011 | DM | 2GTHR TO CNCNL BRCH , HE ADVS WILL THNK BOUT IT , | JULIO MALDONADO |
|  | 11/25/2011 | DM | JCM 6428 | JULIO MALDONADO |
|  | 11/25/2011 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRSS | JULIO MALDONADO |
|  | 11/25/2011 | DM | OCCUPANCY_OBTAINED | JULIO MALDONADO |
|  | 11/25/2011 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO OAAI | JULIO MALDONADO |
|  | 11/25/2011 | DM | INB CLL...B1 STTD WAS NOT ABLE TO MAKE PAYMENT | JOHNNY ADKINS |
|  | 11/25/2011 | DM | ONLINE...ADV OF PAYMENT IN A HALF...B1 STTD CAN | JOHNNY ADKINS |
|  | 11/25/2011 | DM | NOT DO..ADV OF MOD AND TERMS AND TTT,UNAP | JOHNNY ADKINS |
|  | 11/25/2011 | DM | BAL,BREACH,TAD | JOHNNY ADKINS |
|  | 11/25/2011 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRSS | JOHNNY ADKINS |
|  | 11/25/2011 | DM | LOSS_MIT_OPTIONS/HAMP_DISCUSSED | JOHNNY ADKINS |
|  | 11/25/2011 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | JOHNNY ADKINS |
|  | 11/25/2011 | DM | PAYMENT_ARRANGEMENTS_DISCUSSED | JOHNNY ADKINS |
|  | 11/25/2011 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | JOHNNY ADKINS |
|  | 11/25/2011 | DM | OCCUPANCY_OBTAINED | JOHNNY ADKINS |
|  | 11/25/2011 | DM | ACTION/RESULT CD CHANGED FROM NOTE TO OAAI | JOHNNY ADKINS |
| COL05 | 11/25/2011 | CIT | 024 B1 cld, advised will mail financial package | JOHNNY ADKINS |
| COL05 | 11/25/2011 | CIT | information. Provided expectations. | JOHNNY ADKINS |
| FSV | 11/17/2011 | NT | **Working #2 task. Acct in COL. . | K CHEEMALAKONDA |
| FSV | 11/17/2011 | NT | Last Inspn. status is Double No | K CHEEMALAKONDA |
| FSV | 11/17/2011 | NT | Access**.Mtr for next Inspns. Krishn | K CHEEMALAKONDA |
| FSV | 11/17/2011 | NT | a 14215 | K CHEEMALAKONDA |
|  | 11/17/2011 | PPT | **Working #2 task. Acct in COL. . | K CHEEMALAKONDA |
|  | 11/17/2011 | PPT | Last Inspn. status is Double No | K CHEEMALAKONDA |
|  | 11/17/2011 | PPT | Access**.Mtr for next Inspns. Krishn | K CHEEMALAKONDA |
|  | 11/17/2011 | PPT | a 14215 | K CHEEMALAKONDA |
|  | 11/17/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  12/14/11 | K CHEEMALAKONDA |
|  | 11/11/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
|  | 11/11/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
|  | 11/10/2011 | FSV | INSP TP D RESULTS RCVD;  ORD DT=11/04/11 | SYSTEM ID |
|  | 11/10/2011 | DM | EARLY IND: SCORE 203 MODEL EI30S | SYSTEM ID |
|  | 11/07/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
|  | 11/04/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| DODV | 11/03/2011 | NT | Per DOD website review 11/1/11 borrower(s) are not | API CSRV |
| DODV | 11/03/2011 | NT | active duty. Copy of DOD website is imaged in | API CSRV |
| DODV | 11/03/2011 | NT | Looking Glass | API CSRV |
|  | 10/27/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
|  | 10/26/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| FSV | 10/19/2011 | NT | **Working #2 task. Acct in COL. . | K CHEEMALAKONDA |
| FSV | 10/19/2011 | NT | Last Inspn. status is Double No | K CHEEMALAKONDA |
| FSV | 10/19/2011 | NT | Access**.Mtr for next Inspns. Krishn | K CHEEMALAKONDA |
| FSV | 10/19/2011 | NT | a 14215 | K CHEEMALAKONDA |

| | | | | |
|---|---|---|---|---|
| | 10/19/2011 | PPT | **Working #2 task. Acct in COL . | K CHEEMALAKONDA |
| | 10/19/2011 | PPT | Last Inspn. status is Double No | K CHEEMALAKONDA |
| | 10/19/2011 | PPT | Access**.Mtr for next Inspns. Krishn | K CHEEMALAKONDA |
| | 10/19/2011 | PPT | a 14215 | K CHEEMALAKONDA |
| | 10/19/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  11/16/11 | K CHEEMALAKONDA |
| | 10/14/2011 | CBR | DELINQUENT:   30  DAYS | SYSTEM ID |
| | 10/12/2011 | FSV | INSP TP A RESULTS RCVD;   ORD DT=10/05/11 | SYSTEM ID |
| | 10/12/2011 | LMT | LMT BPO/APPRAISAL REC ADDED | DONNA ARGEROS |
| | 10/11/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 10/10/2011 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| | 10/07/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 10/05/2011 | FSV | INSP TYPE A ORDERED;    REQ CD =SCRIPT | SYSTEM ID |
| DODV | 10/05/2011 | NT | Per DOD website review 10-3-11 borrower(s) are not | API CSRV |
| DODV | 10/05/2011 | NT | active duty. | API CSRV |
| FSV | 10/05/2011 | NT | Loan on HFN 2501 Report. Ran script to order | ABBEY AKIN-SCRIPT ID |
| FSV | 10/05/2011 | NT | inspection if needed. | ABBEY AKIN-SCRIPT ID |
| CBR | 09/23/2011 | NT | Removed Credit Suppression Flag | API CSRV |
| | 09/22/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 09/21/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 09/21/2011 | FSV | INSP TP D RESULTS RCVD;   ORD DT=09/09/11 | SYSTEM ID |
| | 09/21/2011 | FSV | INSP TP R RESULTS RCVD;   ORD DT=09/15/11 | DONNA ARGEROS |
| | 09/16/2011 | CBR | DELINQUENT:   30  DAYS | SYSTEM ID |
| | 09/16/2011 | BKR | BANKRUPTCY  C1 CHANGED FROM 0131925 TO 0012468 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | BKR | BANKRUPTCY  C2 CHANGED FROM 0012468 TO 0012503 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | BKR | BANKRUPTCY  C3 CHANGED FROM 0012503 TO 0131925 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | FOR | FORECLOSURE C1 CHANGED FROM 0131925 TO 0012468 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | FOR | FORECLOSURE C2 CHANGED FROM 0012468 TO 0012503 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | FOR | FORECLOSURE C3 CHANGED FROM 0012503 TO 0131925 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | BKR | BANKRUPTCY  C1 CHANGED FROM 0012468 TO 0131925 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | BKR | BANKRUPTCY  C2 CHANGED FROM 0012503 TO 0012468 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | BKR | BANKRUPTCY  C3 CHANGED FROM 0131925 TO 0012503 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | FOR | FORECLOSURE C1 CHANGED FROM 0012468 TO 0131925 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | FOR | FORECLOSURE C2 CHANGED FROM 0012503 TO 0012468 | HEATHER KERN-SCRIPT |
| | 09/16/2011 | FOR | FORECLOSURE C3 CHANGED FROM 0131925 TO 0012503 | HEATHER KERN-SCRIPT |
| | 09/15/2011 | FSV | INSP TYPE R ORDERED;    REQ CD =1150 | SYSTEM ID |
| | 09/14/2011 | PPT | Loan on Sept Wint list, Acct in CoL, | SOUMYA MUNUKUTI |
| | 09/14/2011 | PPT | Rep @ prop 08/19/11, Last insp found | SOUMYA MUNUKUTI |
| | 09/14/2011 | PPT | No Access, Will MTR for  Results. | SOUMYA MUNUKUTI |
| | 09/14/2011 | PPT | Somu 18619. | SOUMYA MUNUKUTI |
| | 09/14/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  10/13/11 | SOUMYA MUNUKUTI |
| | 09/14/2011 | PPT | PURSUE PROP PRES    (1)   COMPLETED 09/14/11 | SOUMYA MUNUKUTI |
| FSV | 09/14/2011 | NT | Loan on Sept Wint list, Acct in CoL, Rep @ prop | SOUMYA MUNUKUTI |
| FSV | 09/14/2011 | NT | 08/19/11, Last insp found No Access, Will MTR for | SOUMYA MUNUKUTI |

| | | | | |
|---|---|---|---|---|
| FSV | 09/14/2011 | NT | Results. Somu 18619. | |
| | 09/12/2011 | DM | EARLY IND: SCORE 203 MODEL EI30S | SYSTEM ID |
| | 09/12/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 09/09/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| DODV | 09/08/2011 | NT | Per DOD website review 9-1-11 borrower(s) are not | API CSRV |
| DODV | 09/08/2011 | NT | active duty. | API CSRV |
| | 09/06/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 08/23/2011 | FSV | INSP TP D RESULTS RCVD;   ORD DT=08/10/11 | SYSTEM ID |
| | 08/18/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 08/12/2011 | CBR | DELINQUENT:  60  DAYS | SYSTEM ID |
| | 08/11/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 08/10/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 08/10/2011 | DM | EARLY IND: SCORE 178 MODEL EI30S | SYSTEM ID |
| WEB | 08/08/2011 | NT | PO Total Amount =128769.23 | API WEB |
| WEB | 08/08/2011 | NT | PO Principal =125764.71 | API WEB |
| WEB | 08/08/2011 | NT | PO Interest =1346.58 | API WEB |
| WEB | 08/08/2011 | NT | PO Latecharge =571.68 | API WEB |
| WEB | 08/08/2011 | NT | PO Unpaid Fees  =440.25 | API WEB |
| WEB | 08/08/2011 | NT | PO Escrow Balance =647.76 | API WEB |
| WEB | 08/08/2011 | NT | PO Interest To Date =09/07/11 | API WEB |
| WEB | 08/08/2011 | NT | PO Deferred Amt =0.00 | API WEB |
| WEB | 08/08/2011 | NT | PO P&I Advance =0.00 | API WEB |
| WEB | 08/08/2011 | NT | PO PHN =7734938693 | API WEB |
| WEB | 08/08/2011 | NT | PO FAX = | API WEB |
| WEB | 08/08/2011 | NT | PO TYPE =VERBAL | API WEB |
| | 08/08/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| DODV | 08/03/2011 | NT | "Per DOD website review 8-1-11, borrower(s) are | API CSRV |
| DODV | 08/03/2011 | NT | not active duty" | API CSRV |
| | 07/27/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 07/21/2011 | FSV | INSP TP D RESULTS RCVD;   ORD DT=07/11/11 | SYSTEM ID |
| | 07/15/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| ESC | 07/15/2011 | NT | shortage spread 40 months eff 9/11 | MARIAH UHLING |
| | 07/15/2011 | VEA | ONLINE ESCROW ANALYSIS SENT TO PRINT VENDO | MARIAH UHLING |
| | 07/12/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 07/11/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 07/11/2011 | DM | EARLY IND: SCORE 235 MODEL EI30S | SYSTEM ID |
| | 07/07/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| DIS | 06/29/2011 | NT | REMOVING DISASTER CODING AS | BROCK NIEBUHR |
| DIS | 06/29/2011 | NT | THE MORATORIUM HAS EXPIRED | BROCK NIEBUHR |
| | 06/23/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 06/22/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 06/22/2011 | FSV | INSP TP D RESULTS RCVD;   ORD DT=06/10/11 | SYSTEM ID |
| | 06/13/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 06/10/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 06/10/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 06/10/2011 | DM | EARLY IND: SCORE 178 MODEL EI30S | SYSTEM ID |
| | 06/07/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 05/27/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 05/26/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 05/19/2011 | FSV | INSP TP D RESULTS RCVD;  ORD DT=05/11/11 | SYSTEM ID |
| | 05/13/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 05/11/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 05/11/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 05/10/2011 | DM | EARLY IND: SCORE 178 MODEL EI30S | SYSTEM ID |
| | 05/06/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| CBR | 05/04/2011 | NT | BKR HFN Project Innovis reported CII E for JAMES C | API CSRV |
| CBR | 05/04/2011 | NT | JACKSON Acct #            ; Filing Date 04/03/07 ; | API CSRV |
| CBR | 05/04/2011 | NT | Discharge Date 07/09/07 | API CSRV |
| FSV | 04/26/2011 | NT | Working  Task#2, Acct in COL. Last 2 insp | JANGA REDDY NIMMALA |
| FSV | 04/26/2011 | NT | status was Back to back Occupied. Shutdown p/p. | JANGA REDDY NIMMALA |
| FSV | 04/26/2011 | NT | Inspns. going on. JANGA-18621 | JANGA REDDY NIMMALA |
| | 04/26/2011 | PPT | FILE CLOSED        (2)   COMPLETED 04/26/11 | JANGA REDDY NIMMALA |
| | 04/19/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 04/18/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 04/18/2011 | FSV | INSP TP D RESULTS RCVD;  ORD DT=04/11/11 | SYSTEM ID |
| | 04/15/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 04/13/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 04/11/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 04/11/2011 | DM | EARLY IND: SCORE 235 MODEL EI30S | SYSTEM ID |
| | 04/08/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 03/28/2011 | LMT | LMT BPO/APPRAISAL REC ADDED | COLLEEN HILL |
| | 03/16/2011 | BKR | BANKRUPTCY  C1 CHANGED FROM 0131925 TO 0012468 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | BKR | BANKRUPTCY  C2 CHANGED FROM 0012468 TO 0012503 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | BKR | BANKRUPTCY  C3 CHANGED FROM 0012503 TO 0131925 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | FOR | FORECLOSURE C1 CHANGED FROM 0131925 TO 0012468 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | FOR | FORECLOSURE C2 CHANGED FROM 0012468 TO 0012503 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | FOR | FORECLOSURE C3 CHANGED FROM 0012503 TO 0131925 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | BKR | BANKRUPTCY  C1 CHANGED FROM 0012468 TO 0131925 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | BKR | BANKRUPTCY  C2 CHANGED FROM 0012503 TO 0012468 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | BKR | BANKRUPTCY  C3 CHANGED FROM 0131925 TO 0012503 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | FOR | FORECLOSURE C1 CHANGED FROM 0012468 TO 0131925 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | FOR | FORECLOSURE C2 CHANGED FROM 0012503 TO 0012468 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | FOR | FORECLOSURE C3 CHANGED FROM 0131925 TO 0012503 | JEANNIE HOLSCHLAG-SC |
| | 03/16/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 03/15/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 03/15/2011 | FSV | INSP TP R RESULTS RCVD;  ORD DT=03/10/11 | COLLEEN HILL |

| | | | | |
|---|---|---|---|---|
| | | 03/14/2011 | BKR | BANKRUPTCY C1 CHANGED FROM 0131925 TO 0012468 | HEATHER KERN-SCRIPT |
| | | 03/14/2011 | BKR | BANKRUPTCY C2 CHANGED FROM 0012468 TO 0012503 | HEATHER KERN-SCRIPT |
| | | 03/14/2011 | BKR | BANKRUPTCY C3 CHANGED FROM 0012503 TO 0131925 | HEATHER KERN-SCRIPT |
| | | 03/14/2011 | FOR | FORECLOSURE C1 CHANGED FROM 0131925 TO 0012468 | HEATHER KERN-SCRIPT |
| | | 03/14/2011 | FOR | FORECLOSURE C2 CHANGED FROM 0012468 TO 0012503 | HEATHER KERN-SCRIPT |
| | | 03/14/2011 | FOR | FORECLOSURE C3 CHANGED FROM 0012503 TO 0131925 | HEATHER KERN-SCRIPT |
| | | 03/11/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | | 03/10/2011 | FSV | INSP TYPE R ORDERED;    REQ CD =1150 | SYSTEM ID |
| | | 03/10/2011 | DM | EARLY IND: SCORE 178 MODEL EI30S | SYSTEM ID |
| | | 03/09/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | | 03/08/2011 | FSV | INSP TP D RESULTS RCVD;  ORD DT=02/23/11 | SYSTEM ID |
| | FSV | 03/08/2011 | NT | Recvd on Chicago Vacant Report, acct in COL, last | M S REDDY |
| | FSV | 03/08/2011 | NT | insp Occupied, **Will Monitor**, 14213 M.S.Reddy | M S REDDY |
| | | 03/08/2011 | PPT | mtr | M S REDDY |
| | | 03/08/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  04/22/11 | M S REDDY |
| | FSV | 03/08/2011 | NT | Loan on Chicago Vacant Report- Refreshed | LAKITTA PANNELL |
| | FSV | 03/08/2011 | NT | and sent to distribution list. Ran | LAKITTA PANNELL |
| | FSV | 03/08/2011 | NT | script Globe770. | LAKITTA PANNELL |
| | FSV | 03/08/2011 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| | FSV | 03/01/2011 | NT | Received on Chicago Vacant. Acct in COL. Last insp | K CHEEMALAKONDA |
| | FSV | 03/01/2011 | NT | was V/L on 12/16/11. No vacant letter sent due to | K CHEEMALAKONDA |
| | FSV | 03/01/2011 | NT | DNR coded.  Krishna 14215 | K CHEEMALAKONDA |
| | FSV | 03/01/2011 | NT | Loan on- Chicago Vacant Report- Rec'd | DIETRICH HAMPTON |
| | FSV | 03/01/2011 | NT | from IA and sent to Distribution list | DIETRICH HAMPTON |
| | FSV | 03/01/2011 | NT | ran script dsusc053. | DIETRICH HAMPTON |
| | FSV | 03/01/2011 | NT | Lpannell tx 3911 | DIETRICH HAMPTON |
| | | 03/01/2011 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 02/24/2011 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | | 02/23/2011 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | FSV | 02/22/2011 | NT | Received on Chicago Vacant Account in Collection. | K CHEEMALAKONDA |
| | FSV | 02/22/2011 | NT | Rep at Property on 12/16/10, Not Sent Vacant | K CHEEMALAKONDA |
| | FSV | 02/22/2011 | NT | Letter, DNR***. Krishna 14215 | K CHEEMALAKONDA |
| | FSV | 02/22/2011 | NT | Loan on- Chiacago Vacant Report- | LAKITTA PANNELL |
| | FSV | 02/22/2011 | NT | Refreshed and sent to distribubtion list | LAKITTA PANNELL |
| | FSV | 02/22/2011 | NT | Ran Script Dsusc053. | LAKITTA PANNELL |
| | FSV | 02/22/2011 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| | FSV | 02/15/2011 | NT | Recvd on Chicago Vacant report. acct in COI, Did | M S REDDY |
| | FSV | 02/15/2011 | NT | not Sent V/L Due to DNR Code, No Action taken, | M S REDDY |
| | FSV | 02/15/2011 | NT | M.S.Reddy 14213 | M S REDDY |
| | | 02/15/2011 | PPT | mtr | M S REDDY |
| | | 02/15/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  04/10/11 | M S REDDY |
| | FSV | 02/15/2011 | NT | Loan on- Chicago Vacant Report | LAKITTA PANNELL |
| | FSV | 02/15/2011 | NT | Rec'd from IA and sent to distribution | LAKITTA PANNELL |

| | | | | |
|---|---|---|---|---|
| ▮ | FSV | 02/15/2011 | NT | List ran script dsusc053 | LAKITTA PANNELL |
| ▮ | FSV | 02/15/2011 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| ▮ | | 02/11/2011 | CBR | PREVIOUSLY REPORTED DELINQUENT:NOW CURRENT | SYSTEM ID |
| ▮ | | 02/10/2011 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| ▮ | FSV | 02/08/2011 | NT | Recvd on Chicago Vacant report. acct in COI, Did | M S REDDY |
| ▮ | FSV | 02/08/2011 | NT | not Sent V/L Due to DNR Code, No Action taken, | M S REDDY |
| ▮ | FSV | 02/08/2011 | NT | M.S.Reddy 14213 | M S REDDY |
| ▮ | | 02/08/2011 | PPT | mtr | M S REDDY |
| ▮ | | 02/08/2011 | PPT | TASK:0002-FSV-CHANGD FUPDT  03/10/11 | M S REDDY |
| ▮ | | 02/08/2011 | PPT | PURSUE PROP PRES    (1)   COMPLETED 02/08/11 | M S REDDY |
| ▮ | FSV | 02/08/2011 | NT | Loan on- Chicago Vacant Report- Rec'd | LAKITTA PANNELL |
| ▮ | FSV | 02/08/2011 | NT | From IA and sent to distribution list | LAKITTA PANNELL |
| ▮ | FSV | 02/08/2011 | NT | ran script dsusc053. | LAKITTA PANNELL |
| ▮ | FSV | 02/08/2011 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| ▮ | FSV | 02/02/2011 | NT | Recvd on Chicago Vacant report. acct in COLL, | RAJENDER LAKKA |
| ▮ | FSV | 02/02/2011 | NT | No Vacant Letter, Due to DNR coded, **Mtr for | RAJENDER LAKKA |
| ▮ | FSV | 02/02/2011 | NT | results. RAJ **31373 | RAJENDER LAKKA |
| ▮ | FSV | 02/02/2011 | NT | Loan on Chicago Vacant report. Refreshed and sent | BARBARA BROWN |
| ▮ | FSV | 02/02/2011 | NT | to distribution list. Bjbrown tx 4930 | BARBARA BROWN |
| ▮ | FSV | 01/25/2011 | NT | Recvd on Chigaco Vacant Report. acct in CoL, | TEMP TELLER FOR CIT |
| ▮ | FSV | 01/25/2011 | NT | not sent V/L as DNR coded, | TEMP TELLER FOR CIT |
| ▮ | FSV | 01/25/2011 | NT | srinivas*14211 | TEMP TELLER FOR CIT |
| ▮ | FSV | 01/25/2011 | NT | Recvd on Chigaco Vacant Report. acct in FCL, | TEMP TELLER FOR CIT |
| ▮ | FSV | 01/25/2011 | NT | not sent V/L as DNR coded, | TEMP TELLER FOR CIT |
| ▮ | FSV | 01/25/2011 | NT | srinivas*14211 | TEMP TELLER FOR CIT |
| ▮ | FSV | 01/25/2011 | NT | Loan on Chicago Vacant Report- Refresh | DIETRICH HAMPTON |
| ▮ | FSV | 01/25/2011 | NT | and sent to distribution list ran | DIETRICH HAMPTON |
| ▮ | FSV | 01/25/2011 | NT | script dsusc053. | DIETRICH HAMPTON |
| ▮ | FSV | 01/25/2011 | NT | lpannell tx 3911 | DIETRICH HAMPTON |
| ▮ | FSV | 01/19/2011 | NT | Recvd on Chicago Vacant Report, acct in Next due | M S REDDY |
| ▮ | FSV | 01/19/2011 | NT | on 01/09/11, No action taken. 14213 M.S.Reddy | M S REDDY |
| ▮ | FSV | 01/18/2011 | NT | Loan on Chicago Vacant report- Rec'd | DIETRICH HAMPTON |
| ▮ | FSV | 01/18/2011 | NT | from IA and sent to distribution list. | DIETRICH HAMPTON |
| ▮ | FSV | 01/18/2011 | NT | ran script dsusc053. | DIETRICH HAMPTON |
| ▮ | FSV | 01/18/2011 | NT | lpannell tx 3911 | DIETRICH HAMPTON |
| ▮ | | 01/14/2011 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| ▮ | | 01/13/2011 | DM | EARLY IND: SCORE 003 MODEL EI16T | SYSTEM ID |
| ▮ | FSV | 01/11/2011 | NT | Received on Chicago Vacant. Acct in COL. Last insp | C DUPALAPUDI |
| ▮ | FSV | 01/11/2011 | NT | was V/L on 12/16/2010 . No vacant letter sent due | C DUPALAPUDI |
| ▮ | FSV | 01/11/2011 | NT | to DNR coded.  Chandra 14217 | C DUPALAPUDI |
| ▮ | FSV | 01/11/2011 | NT | Loan on Chicago Vacant Report- Refreshed | LAKITTA PANNELL |
| ▮ | FSV | 01/11/2011 | NT | and sent to distribution list. | LAKITTA PANNELL |
| ▮ | FSV | 01/11/2011 | NT | Ran Script Dsusc053 | LAKITTA PANNELL |

| | FSV | 01/11/2011 | NT | Lpannell tx 3911 | LAKITTA PANNELL |
| | | 01/11/2011 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 01/10/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | | 01/10/2011 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| | | 01/07/2011 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | FSV | 01/05/2011 | NT | Recvd on Chicago Vacant,Acct in COL, Not Sent | N K KUSUMA |
| | FSV | 01/05/2011 | NT | V/L due to DNR..NAVI-14216 | N K KUSUMA |
| | FSV | 01/04/2011 | NT | Loan on- Chicago Vacant Report- | LAKITTA PANNELL |
| | FSV | 01/04/2011 | NT | Rec'd From IA and sent to distribtuion | LAKITTA PANNELL |
| | FSV | 01/04/2011 | NT | list. Ran script dsusc053 | LAKITTA PANNELL |
| | FSV | 01/04/2011 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| | FSV | 12/28/2010 | NT | Received on Chicago Vacant. Acct in COL. Last insp | TEMP TELLER FOR CIT |
| | FSV | 12/28/2010 | NT | was V/L. No vacant letter sent due  to | TEMP TELLER FOR CIT |
| | FSV | 12/28/2010 | NT | DNR coded.  srinivas*14211 | TEMP TELLER FOR CIT |
| | FSV | 12/28/2010 | NT | Loan on- Chicago Vacant Report- | LAKITTA PANNELL |
| | FSV | 12/28/2010 | NT | Refreshed and sent to distribution list. | LAKITTA PANNELL |
| | FSV | 12/28/2010 | NT | Ran script Dsusc053. | LAKITTA PANNELL |
| | FSV | 12/28/2010 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| | FSV | 12/21/2010 | NT | Received on Chicago Vacant. Acct in COL. Last insp | C DUPALAPUDI |
| | FSV | 12/21/2010 | NT | was V/L on 12/16/2010 . No vacant letter sent due | C DUPALAPUDI |
| | FSV | 12/21/2010 | NT | to DNR coded.  Chandra 14217 | C DUPALAPUDI |
| | FSV | 12/21/2010 | NT | Loan on- Chicago Vacant Report- Rec'd | LAKITTA PANNELL |
| | FSV | 12/21/2010 | NT | from IA and sent to distribution list. | LAKITTA PANNELL |
| | FSV | 12/21/2010 | NT | Ran script dsusc053. | LAKITTA PANNELL |
| | FSV | 12/21/2010 | NT | lpannell tx 3911 | LAKITTA PANNELL |
| | | 12/20/2010 | FSV | INSP TP A RESULTS RCVD;   ORD DT=12/13/10 | SYSTEM ID |
| | | 12/13/2010 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | | 12/10/2010 | CBR | DELINQUENT:  60  DAYS | SYSTEM ID |
| | | 12/10/2010 | CBR | CHANGE IN PRIMARY BORROWERS ADDR | SYSTEM ID |
| | | 12/10/2010 | DM | EARLY IND: SCORE 265 MODEL EI30S | SYSTEM ID |
| | | 12/02/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 12/01/2010 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | | 12/01/2010 | DM | TTU3P MELANIE JACKSON,ADV NO AUTH SD JUST NEEDS WU | AMIE DAVIE |
| | | 12/01/2010 | DM | CITY CODE ADV HOME,STATE IA | AMIE DAVIE |
| | | 12/01/2010 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO NOTE | AMIE DAVIE |
| | | 11/29/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | COL81 | 11/23/2010 | CIT | 023 DONE 11/23/10 BY TLR 13703 | ROBIN TREICHEL |
| | COL81 | 11/23/2010 | CIT | TSK TYP 955-401K LETTER REQ | ROBIN TREICHEL |
| | COL81 | 11/23/2010 | CIT | 023 faxed 401k letter to b1 at 773-493-8731. | ROBIN TREICHEL |
| | COL81 | 11/23/2010 | CIT | rt*4713 | ROBIN TREICHEL |
| | | 11/23/2010 | OL | WDOYDEF - 401K HARDSHIP WITHDRAWAL | ROBIN TREICHEL |
| | | 11/22/2010 | DM | B1 CI VI ADV OF THE OF THE BRE LTR EXP POSS FCL | LAWRENCE SCOTT |
| | | 11/22/2010 | DM | ADV OF THE OF AMOUNT DUE SD THAT RFC TO VI THAT | LAWRENCE SCOTT |

| | | | | |
|---|---|---|---|---|
| | 11/22/2010 | DM | FAX WAS NOTING COME THRU ADV CAN REQUEST RECEY AND | LAWRENCE SCOTT |
| | 11/22/2010 | DM | ADV ONE WAS MAIL RECAP XREF LSCOTT2709 | LAWRENCE SCOTT |
| | 11/22/2010 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | LAWRENCE SCOTT |
| COL05 | 11/22/2010 | CIT | 023 New cit 955- Urgent today Please fax over 401k | LAWRENCE SCOTT |
| COL05 | 11/22/2010 | CIT | letter  Attention : James Jackson Fax# | LAWRENCE SCOTT |
| COL05 | 11/22/2010 | CIT | 773-493-8731 | LAWRENCE SCOTT |
| | 11/18/2010 | FSV | INSP TP A RESULTS RCVD;   ORD DT=11/12/10 | SYSTEM ID |
| | 11/18/2010 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| ESC | 11/18/2010 | NT | new pmt eff 01/11 758.25, spread shortage 48 mos | SHADLEE GOODELL |
| | 11/18/2010 | VEA | ONLINE ESCROW ANALYSIS SENT TO PRINT VENDO | SHADLEE GOODELL |
| COL81 | 11/18/2010 | CIT | 022 DONE 11/18/10 BY TLR 13703 | ROBIN TREICHEL |
| COL81 | 11/18/2010 | CIT | TSK TYP 955-401K LETTER REQ | ROBIN TREICHEL |
| COL81 | 11/18/2010 | CIT | 022 mailed and faxed 401k letter to b1 at | ROBIN TREICHEL |
| COL81 | 11/18/2010 | CIT | 7734938731. rt*4713 | ROBIN TREICHEL |
| | 11/18/2010 | OL | WDOYDEF - 401K HARDSHIP WITHDRAWAL | ROBIN TREICHEL |
| | 11/18/2010 | OL | WDOYDEF - 401K HARDSHIP WITHDRAWAL | ROBIN TREICHEL |
| | 11/17/2010 | DM | TT B1, VI, ADV TAD, B1 CI FOR BRCH LTR FOR 401K | BOBBY CHANDLER |
| | 11/17/2010 | DM | WITHDRAWAL, ADV NO BRCH LTR HAS BEEN GENERATED, | BOBBY CHANDLER |
| | 11/17/2010 | DM | OFFERED 401K LTR, OPENED CIT 955, ADV TAT | BOBBY CHANDLER |
| | 11/17/2010 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO OAAI | BOBBY CHANDLER |
| COL05 | 11/17/2010 | CIT | 022 NEW CIT 955: Please fax 401K letter to B1 at | BOBBY CHANDLER |
| COL05 | 11/17/2010 | CIT | the following number: (773)493-8731. Please | BOBBY CHANDLER |
| COL05 | 11/17/2010 | CIT | also mail a copy also to the mailing address | BOBBY CHANDLER |
| COL05 | 11/17/2010 | CIT | on file. Thank you. | BOBBY CHANDLER |
| | 11/12/2010 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 11/12/2010 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 11/10/2010 | DM | EARLY IND: SCORE 203 MODEL EI30S | SYSTEM ID |
| | 11/05/2010 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 10/21/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 10/20/2010 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 10/19/2010 | FSV | INSP TP A RESULTS RCVD;   ORD DT=10/13/10 | SYSTEM ID |
| | 10/13/2010 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 10/11/2010 | DM | EARLY IND: SCORE 235 MODEL EI30S | SYSTEM ID |
| | 10/08/2010 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 10/07/2010 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 09/28/2010 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 09/22/2010 | FSV | INSP TP A RESULTS RCVD;   ORD DT=09/13/10 | SYSTEM ID |
| | 09/13/2010 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 09/10/2010 | CBR | PREVIOUSLY REPORTED DELINQUENT:NOW CURRENT | SYSTEM ID |
| | 09/10/2010 | DM | EARLY IND: SCORE 235 MODEL EI30S | SYSTEM ID |
| DIS | 08/25/2010 | NT | FEMA declaration due to storms & floods; | TEMP MSR J NOLAN |
| DIS | 08/25/2010 | NT | DEC 8/19/10; Individual Assistance. | TEMP MSR J NOLAN |
| | 08/25/2010 | DM | BREACH HOLD PLACED-EXPIRATION DATE 11/17/10 | TEMP MSR J NOLAN |

| | | | | |
|---|---|---|---|---|
| | 08/24/2010 | DM | EARLY IND: SCORE 006 MODEL EI16T | BKY COURT ORDER RCVD |
| | 08/24/2010 | LMT | LMT BPO/APPRAISAL REC ADDED | BKY COURT ORDER RCVD |
| | 08/24/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 08/23/2010 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 08/17/2010 | FSV | INSP TP R RESULTS RCVD;   ORD DT=08/12/10 | BKY COURT ORDER RCVD |
| | 08/13/2010 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 08/12/2010 | FSV | INSP TYPE R ORDERED;    REQ CD =1150 | SYSTEM ID |
| | 08/11/2010 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 08/10/2010 | DM | EARLY IND: SCORE 211 MODEL EI30S | SYSTEM ID |
| | 08/06/2010 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 08/04/2010 | FSV | INSP TP A RESULTS RCVD;   ORD DT=07/23/10 | SYSTEM ID |
| | 07/23/2010 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 07/12/2010 | DM | EARLY IND: SCORE 273 MODEL EI30S | SYSTEM ID |
| | 07/09/2010 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 07/08/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 07/02/2010 | FSV | INSP TP D RESULTS RCVD;   ORD DT=06/23/10 | SYSTEM ID |
| | 06/29/2010 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| FSV | 06/28/2010 | NT | Loan on DNR catch file. Per loan audit inspections | JEANNIE HOLSCHLAG-SC |
| FSV | 06/28/2010 | NT | need to be done with no contact.  Re-ran scripts | JEANNIE HOLSCHLAG-SC |
| FSV | 06/28/2010 | NT | to code inspection as type A - No Contact. | JEANNIE HOLSCHLAG-SC |
| | 06/23/2010 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| PRCAP | 06/16/2010 | NT | Capitalization mod previously executed | JASON RICHE |
| | 06/10/2010 | DM | EARLY IND: SCORE 302 MODEL EI30S | SYSTEM ID |
| | 05/25/2010 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| | 05/25/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 05/11/2010 | DM | EARLY IND: SCORE 302 MODEL EI30S | SYSTEM ID |
| | 05/10/2010 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| | 04/15/2010 | DM | PROMISE BROKEN 04/15/10 PROMISE DT 04/15/10 | SYSTEM ID |
| | 04/15/2010 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| | 04/15/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 04/14/2010 | DM | TT B1 VAI, ADV OF TAD, B1 CI TO LET US KNOW HE IS | VICKY AWALE |
| | 04/14/2010 | DM | MAKING A WSTRN UNION PMT IAO 168.26 TO COMPLETE | VICKY AWALE |
| | 04/14/2010 | DM | PMT ADV THAT NOT PAYING LATE IT WILL GO ONTO | VICKY AWALE |
| | 04/14/2010 | DM | UNCOLLECTED FEES | VICKY AWALE |
| | 04/14/2010 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO BRSS | VICKY AWALE |
| | 04/12/2010 | DM | EARLY IND: SCORE 302 MODEL EI30S | SYSTEM ID |
| | 03/29/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| NA10 | 03/18/2010 | NT | Tracking Purposes ONLY (script): | BRANDY MIKULENKA |
| NA10 | 03/18/2010 | NT | This account was referred to GMAC Mortg | BRANDY MIKULENKA |
| NA10 | 03/18/2010 | NT | by NACA (Neighborhood Acceptance Corp | BRANDY MIKULENKA |
| NA10 | 03/18/2010 | NT | of America).  Account has been | BRANDY MIKULENKA |
| NA10 | 03/18/2010 | NT | submited for invoicing per the | BRANDY MIKULENKA |
| NA10 | 03/18/2010 | NT | guidelines in the NACA/GMAC contract. | BRANDY MIKULENKA |

| | | | | | |
|---|---|---|---|---|---|
| ▮ | NA10 | 03/18/2010 | NT | Reviewed by GMAC - HOPE Team- | BRANDY MIKULENKA |
| ▮ | NA10 | 03/18/2010 | NT | Operations Manager. | BRANDY MIKULENKA |
| ▮ | | 03/15/2010 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| ▮ | | 02/24/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| ▮ | | 02/23/2010 | DM | PROMISE KEPT 02/23/10 PROMISE DT 02/28/10 | SYSTEM ID |
| ▮ | CSH | 02/23/2010 | NT | b1 ci to knw if pymtn ws recvd ws tld wll be recvd | ESPERANZA ESPINOZA |
| ▮ | CSH | 02/23/2010 | NT | today,adv allw us time cbck if pymtn | ESPERANZA ESPINOZA |
| ▮ | CSH | 02/23/2010 | NT | refctd,espe/8977076 | ESPERANZA ESPINOZA |
| ▮ | | 02/22/2010 | DM | B1 CI WILL MKE A WESTRN UNION PMT OR WILL SND PMT | ROSALBA A P RAMOS |
| ▮ | | 02/22/2010 | DM | VIA EXPRESS MAIL ON OR BFRE THE MNTH ENDS,B1 ALSO | ROSALBA A P RAMOS |
| ▮ | | 02/22/2010 | DM | ASKED FR WIRING INSTRCTION FR WSTRN UNION, | ROSALBA A P RAMOS |
| ▮ | | 02/22/2010 | DM | ANNP\89789158 | ROSALBA A P RAMOS |
| ▮ | | 02/22/2010 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO BRSS | ROSALBA A P RAMOS |
| ▮ | | 02/15/2010 | DM | EARLY IND: SCORE 008 MODEL EI16T | SYSTEM ID |
| ▮ | | 01/19/2010 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| ▮ | | 01/15/2010 | DM | PROMISE BROKEN 01/15/10 PROMISE DT 01/15/10 | SYSTEM ID |
| ▮ | | 01/14/2010 | DM | EARLY IND: SCORE 000 MODEL EI16T | SYSTEM ID |
| ▮ | | 01/14/2010 | DM | B1 CI.VI.TAD.UNCOL FEE.B1 CI TO DISCUSS FEE ORIGIN | TONYA TILLMAN |
| ▮ | | 01/14/2010 | DM | ADV IS A PROP INSPECTION FEE.SD OKAY WILL MAKE A | TONYA TILLMAN |
| ▮ | | 01/14/2010 | DM | PYMNT TDY FOR 768.26 VI QC.WLL NT BE ABLE TO PAY | TONYA TILLMAN |
| ▮ | | 01/14/2010 | DM | FEE AS OF NOW | TONYA TILLMAN |
| ▮ | | 01/14/2010 | DM | ACTION/RESULT CD CHANGED FROM BRTR TO BRSS | TONYA TILLMAN |
| ▮ | | 01/14/2010 | DM | TT B1,V/I,DNR ACCT,SD HE WAS ABT TO SEND THRU QC | ANN FAURILLO |
| ▮ | | 01/14/2010 | DM | TODAY & ASKING Y HE HAS IAO 851.51, ADV DUE TO UNC | ANN FAURILLO |
| ▮ | | 01/14/2010 | DM | FEE, ASKING FOR THE FEE,XFRD CALL TO SPCL | ANN FAURILLO |
| ▮ | | 01/14/2010 | DM | SERVICING, ADV PH# & NEEDS TO VRFY INFO, | ANN FAURILLO |
| ▮ | | 01/14/2010 | DM | DFLT REASON 1 CHANGED TO: EXCESSIVE OBLIGATIONS | ANN FAURILLO |
| ▮ | | 01/14/2010 | DM | ACTION/RESULT CD CHANGED FROM BRUN TO BRTR | ANN FAURILLO |
| ▮ | CSH | 01/14/2010 | NT | b1 ci inq for the quick collect info to send t he | GLEN VILLANUEVA |
| ▮ | CSH | 01/14/2010 | NT | payment adv the code city which Home and the state | GLEN VILLANUEVA |
| ▮ | CSH | 01/14/2010 | NT | is IA adv me that he will send the payment today | GLEN VILLANUEVA |
| ▮ | CSH | 01/14/2010 | NT | inq for the add charge on his acct xfer to | GLEN VILLANUEVA |
| ▮ | CSH | 01/14/2010 | NT | collection  // glen v8978178 | GLEN VILLANUEVA |
| ▮ | | 01/13/2010 | DM | EARLY IND: SCORE 000 MODEL EI16T | SYSTEM ID |
| ▮ | | 12/16/2009 | PPT | FILE CLOSED      (2)  COMPLETED 12/16/09 | CHAKRAPANI MUNDHAPUR |
| ▮ | | 12/16/2009 | PPT | PURSUE PROP PRES    (1)  COMPLETED 12/16/09 | CHAKRAPANI MUNDHAPUR |
| ▮ | | 12/16/2009 | PPT | CONV-IL-MTR      (9000) COMPLETED 12/16/09 | CHAKRAPANI MUNDHAPUR |
| ▮ | | 12/11/2009 | CBR | PREVIOUSLY REPORTED DELINQUENT:NOW CURRENT | SYSTEM ID |
| ▮ | ALT03 | 12/08/2009 | CIT | 019 Closed cit 431-corrected loan per imaged mod. | DIANE KOHRS |
| ▮ | ALT03 | 12/08/2009 | CIT | 019 DONE 12/08/09 BY TLR 02006 | DIANE KOHRS |
| ▮ | ALT03 | 12/08/2009 | CIT | TSK TYP 431-ARM LOSS MIT | DIANE KOHRS |
| ▮ | | 12/08/2009 | NT | CONTRACT CHANGED NO NOTES ENTERED | DIANE KOHRS |
| ▮ | | 12/04/2009 | BKR | FILE CLOSED      (30)  COMPLETED 12/04/09 | NEETHI NARAYANA |

| | | | | |
|---|---|---|---|---|
| | 12/04/2009 | BKR | FILE CLOSED      (30)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | FINAL INVOICE PAID?  (34)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | RQST ABANDONMENT?   (7)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | DISCHARGED         (5)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | TNAR FILED ?      (3)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | OBJECTIONS DEADLINE  (102) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | POC BAR DATE       (32) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | MEETING OF CREDITORS (101) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | SETUP POST PET REPMT (33) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | REVIEW FOR ASSET CS  (31)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | BAR DISCHARGE DATE   (4)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | FILING NOTIFICATION  (2)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | DELQ POST PET PYMT  (35)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | BANKRUPTCY FILED   (1)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | FILE CLOSED       (30)  COMPLETED 12/04/09 | NEETHI NARAYANA |
| | 12/04/2009 | BKR | BANKRUPTCY  LA CHANGED FROM 0070727 TO 0111874 | NEETHI NARAYANA |
| | 12/04/2009 | BKR | FILE CLOSED       (30)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | FINAL INVOICE PAID?  (34)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | RQST ABANDONMENT?   (7)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | DISCHARGED         (5)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | TNAR FILED ?      (3)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | OBJECTIONS DEADLINE  (102) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | POC BAR DATE       (32) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | MEETING OF CREDITORS (101) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | SETUP POST PET REPMT (33) DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | REVIEW FOR ASSET CS  (31)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | BAR DISCHARGE DATE   (4)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | FILING NOTIFICATION  (2)   DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | DELQ POST PET PYMT  (35)  DE-ARCHIVED | SYSTEM ID |
| | 12/04/2009 | BKR | BANKRUPTCY FILED   (1)  DE-ARCHIVED | SYSTEM ID |
| | 12/03/2009 | D28 | MANUAL BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| ESC | 12/02/2009 | NT | analyze eff 1/10 768.26 | TAMMI MOOTHART |
| ESC | 12/02/2009 | NT | spread shtge 60 months | TAMMI MOOTHART |
| ESC05 | 12/02/2009 | CIT | 021 DONE 12/02/09 BY TLR 13405 | TAMMI MOOTHART |
| ESC05 | 12/02/2009 | CIT | TSK TYP 318-FINAL OBAMA PLA | TAMMI MOOTHART |
| ESC05 | 12/02/2009 | CIT | 021 closing cit 318 - analyze eff 1/10 768.26 | TAMMI MOOTHART |
| ESC05 | 12/02/2009 | CIT | spread shtge 60 months | TAMMI MOOTHART |
| | 12/02/2009 | VEA | ONLINE ESCROW ANALYSIS SENT TO PRINT VENDO | TAMMI MOOTHART |
| INV | 12/02/2009 | CIT | 020 DONE 12/02/09 BY TLR 17985 | STELLA BELOV |
| INV | 12/02/2009 | CIT | TSK TYP 917-PRIV INV LOSS M | STELLA BELOV |
| COL27 | 12/02/2009 | CIT | 021 New CIT 318, please finalize analysis | SARATH SASI |
| COL27 | 12/02/2009 | CIT | effective 1/9/2010 "if there is an additional | SARATH SASI |
| COL27 | 12/02/2009 | CIT | escrow shortage spread 60 months". | SARATH SASI |

| | | | | |
|---|---|---|---|---|
| | 12/02/2009 | LMT | FILE CLOSED        (7)  COMPLETED 12/02/09 | SARATH SASI |
| COL27 | 12/02/2009 | CIT | 020 NEW CIT 917...Sysytem changes will made as per | SARATH SASI |
| COL27 | 12/02/2009 | CIT | Modifications New Upb $130,654.70, old Upb | SARATH SASI |
| COL27 | 12/02/2009 | CIT | $130,654.70, New Term 301, new rate 3.25000% | SARATH SASI |
| COL27 | 12/02/2009 | CIT | monthly PI: $635.32, Effective date 12/9/2009 | SARATH SASI |
| COL27 | 12/02/2009 | CIT | Debt Forgiveness: $3,678.57 Del int, $220.00 | SARATH SASI |
| COL27 | 12/02/2009 | CIT | Attorney fees, $3,351.00 Default fees, | SARATH SASI |
| COL27 | 12/02/2009 | CIT | $3,222.04 Escrow, $249.00 Corp fees. | SARATH SASI |
| | 12/02/2009 | FSV | DELINQ INSP HOLD RELEASED | SARATH SASI |
| | 12/01/2009 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| ALT03 | 12/01/2009 | CIT | 019 Open CIT#431 new cit 431 arm trailers loaded | DIANE KOHRS |
| ALT03 | 12/01/2009 | CIT | by script, arm parameters loaded per mod docs | DIANE KOHRS |
| | 12/01/2009 | ET | ARM CHANGE NOTICE SCHEDULED FOR 08/01/13 | CARRIE PFLEGER |
| | 11/30/2009 | FOR | 11/28/09 - 10:48 - 68395 | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | Process opened 11/28/2009 by user | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | Rajesh Kumar. | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | 11/28/09 - 10:48 - 68395 | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | following event: Attorney Notified | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | to Close and Bill, completed on | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | 11/28/2009 | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | 11/30/09 - 14:59 - 87300 | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | following event: Attorney Confirmed | NEW TRAK SYSTEM ID |
| | 11/30/2009 | FOR | File Closed, completed on 11/30/2009 | NEW TRAK SYSTEM ID |
| | 11/28/2009 | FOR | FILE CLOSED        (1000) COMPLETED 11/27/09 | RAJESH KUMAR |
| | 11/28/2009 | LMT | LN MODIFICATION CMP  (1002) COMPLETED 11/28/09 | RAJESH KUMAR |
| LMT | 11/28/2009 | NT | Recd Docs & Funds, Updated System with Mod Terms.& | RAJESH KUMAR |
| LMT | 11/28/2009 | NT | Stopped FCL | RAJESH KUMAR |
| | 11/28/2009 | LMT | RECV EXEC DOCS        (1031) COMPLETED 11/27/09 | RAJESH KUMAR |
| COL27 | 11/28/2009 | CIT | 018 DONE 11/28/09 BY TLR 31287 | RAJESH KUMAR |
| COL27 | 11/28/2009 | CIT | TSK TYP 006-LOSS MIT MAIL M | RAJESH KUMAR |
| LMT | 11/27/2009 | NT | Signed mod docs sent to image. | SHERI HEIDEMAN |
| | 11/27/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| COL21 | 11/25/2009 | CIT | 018 Open CIT#6 RCVD SIGND MOD DOC, NOTIFIED CLOSER | ARMANDO OCCELLI |
| COL21 | 11/25/2009 | CIT | TO WORK | ARMANDO OCCELLI |
| | 11/23/2009 | FOR | 11/23/09 - 08:32 - 40046 | NEW TRAK SYSTEM ID |
| | 11/23/2009 | FOR | nd will follow up 12.1.09 for the | NEW TRAK SYSTEM ID |
| | 11/23/2009 | FOR | hearing date.    . Status: Active, | NEW TRAK SYSTEM ID |
| | 11/23/2009 | FOR | approval not required. | NEW TRAK SYSTEM ID |
| | 11/23/2009 | FOR | 11/23/09 - 08:32 - 40046 | NEW TRAK SYSTEM ID |
| | 11/23/2009 | FOR | ok County we have to wait until the | NEW TRAK SYSTEM ID |
| | 11/23/2009 | FOR | 61st day passed service in order to | NEW TRAK SYSTEM ID |

| | | | | | |
|---|---|---|---|---|---|
| | | 11/23/2009 | FOR | set a judgment date. Request will | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | be sent out 11.22.09 to the courts a | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | 11/23/09 - 08:32 - 40046 | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | step Judgment Entered to 12/1/2009. | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | Reason: Court Delay. Comments: In Co | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | 11/23/09 - 08:31 - 40046 | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | .09 to the courts and will follow | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | up 12.1.09 for the hearing date. | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | . Status: Active, approval not | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | required. | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | 11/23/09 - 08:31 - 40046 | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | omments: In Cook County we have to | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | wait until the 61st day passed | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | service in order to set a judgment | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | date. Request will be sent out 11.22 | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | 11/23/09 - 08:31 - 40046 | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | step Judgment Figure Data Requested | NEW TRAK SYSTEM ID |
| | | 11/23/2009 | FOR | to 12/1/2009. Reason: Court Delay. C | NEW TRAK SYSTEM ID |
| | | 11/18/2009 | DM | B1 CLLD IN VI, OCC, FORE, BREACH, CERT FUN, MOD | GEOFFREY GABEL |
| | | 11/18/2009 | DM | PENDING, CBR, FEE, B1 ACCEPTING THE MOD OFFER AND | GEOFFREY GABEL |
| | | 11/18/2009 | DM | WAITING FOR NOTARY, AND WILL HAVE THE PCKG IN | GEOFFREY GABEL |
| | | 11/18/2009 | DM | ASAP. CLLD NATIONS DIRECT, AND WILL GIVE THEM THE | GEOFFREY GABEL |
| | | 11/18/2009 | DM | OPPORTUNITY, CALLED AND LEFT MESSAGE AND WILL CALL | GEOFFREY GABEL |
| | | 11/18/2009 | DM | AGAIN ON 11/19. GGABEL | GEOFFREY GABEL |
| | | 11/18/2009 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRUN | GEOFFREY GABEL |
| | | 11/13/2009 | CBR | FORECLOSURE STARTED | SYSTEM ID |
| | | 11/13/2009 | CBR | DELINQUENT:  150  DAYS | SYSTEM ID |
| | | 11/13/2009 | FSV | INSP TP F RESULTS RCVD;   ORD DT=11/02/09 | SYSTEM ID |
| | | 11/12/2009 | PPT | mtr | ALEXANDRA BALINT |
| | | 11/12/2009 | PPT | TASK:0002-FSV-CHANGD FUPDT  03/19/10 | ALEXANDRA BALINT |
| | | 11/12/2009 | PPT | mtr | ALEXANDRA BALINT |
| | | 11/12/2009 | PPT | TASK:9000-FSV-CHANGD FUPDT  12/09/09 | ALEXANDRA BALINT |
| | FSV | 11/12/2009 | NT | fell in que...acct in fcl. mod apporved. no work | ALEXANDRA BALINT |
| | FSV | 11/12/2009 | NT | ordered at this time. **mtr** | ALEXANDRA BALINT |
| | FSV | 11/12/2009 | NT | alex tx 3737 | ALEXANDRA BALINT |
| | LMT | 11/11/2009 | NT | Mail Merged docs are located in | NADA UMBER |
| | LMT | 11/11/2009 | NT | 11-10-09. | NADA UMBER |
| | | 11/10/2009 | DM | EARLY IND: SCORE 119 MODEL EI90S | SYSTEM ID |
| | STOP | 11/07/2009 | NT | MOD DOCS DUE BACK 12/9/2009 WITH THE CONTRUBTION | NICHOLAS LIVERMORE |

| | STOP | 11/07/2009 | NT | OF $0.00 | NICHOLAS LIVERMORE |
|---|---|---|---|---|---|
| | | 11/07/2009 | FSV | DELINQ INSP HOLD PLACED; REL DT =01/06/10 | NICHOLAS LIVERMORE |
| | | 11/07/2009 | LMT | TASK:1031-LMT-CHANGD FUPDT 12/06/09 | NICHOLAS LIVERMORE |
| | | 11/07/2009 | LMT | SEND EXEC DOCS     (1040) COMPLETED 11/06/09 | NICHOLAS LIVERMORE |
| | | 11/03/2009 | FOR | 11/03/09 - 08:20 - 58548 | NEW TRAK SYSTEM ID |
| | | 11/03/2009 | FOR | A fees and costs request has been | NEW TRAK SYSTEM ID |
| | | 11/03/2009 | FOR | completed for this loan by Landon | NEW TRAK SYSTEM ID |
| | | 11/03/2009 | FOR | Huck | NEW TRAK SYSTEM ID |
| | | 11/03/2009 | FOR | 11/03/09 - 08:35 - 58548 | NEW TRAK SYSTEM ID |
| | | 11/03/2009 | FOR | Intercom From: hoffman, brett - To: | NEW TRAK SYSTEM ID |
| | | 11/03/2009 | FOR | Huck, Landon; / | NEW TRAK SYSTEM ID |
| | FARRD | 11/03/2009 | NT | FA Fixed Rate - DNR -7 | LANDON HUCK |
| | STOP | 11/03/2009 | NT | lmt2-1, non hmp mod approved. zero DP, | LANDON HUCK |
| | STOP | 11/03/2009 | NT | docs due 12/09/09. pls fwd notarized docs to | LANDON HUCK |
| | STOP | 11/03/2009 | NT | waterloo loss mit. Pls spread shortage over 60 | LANDON HUCK |
| | STOP | 11/03/2009 | NT | months. | LANDON HUCK |
| | STOP | 11/03/2009 | NT | Please  waive any/all late fees that are due at | LANDON HUCK |
| | STOP | 11/03/2009 | NT | ececution. any corp advances as well. | LANDON HUCK |
| | STOP | 11/03/2009 | NT | Arm to Fix | LANDON HUCK |
| | STOP | 11/03/2009 | NT | Rate 3.25000% for remaining term | LANDON HUCK |
| | STOP | 11/03/2009 | NT | No Amort or term extension. | LANDON HUCK |
| | STOP | 11/03/2009 | NT | thank you. lhuck 6154 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Prin. Forb 0.00 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | RFD: Curtailment of Income | LANDON HUCK |
| | LMT | 11/03/2009 | NT | POST MOD LTV 146% | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Income $4394.76 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Expesnses $997.75 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Source of Financial: POI/credit report/Naca | LANDON HUCK |
| | LMT | 11/03/2009 | NT | The Servicer attests that these are true and | LANDON HUCK |
| | LMT | 11/03/2009 | NT | accurate figures and the modification will fully | LANDON HUCK |
| | LMT | 11/03/2009 | NT | amortize per PSA requirements. | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Justification : | LANDON HUCK |
| | LMT | 11/03/2009 | NT | $0 down pmt is due on 12/09/09 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | direct PM with Debt forg of $10,720.61 due to DNR | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Amort Term 301 mnths | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Mat Term 301 mnths | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Arm to Fix | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Rate 3.25000% for remaining term | LANDON HUCK |
| | | 11/03/2009 | LMT | MODIFCATN APPRVD INV (1232) COMPLETED 11/03/09 | LANDON HUCK |
| | | 11/03/2009 | LMT | MODIFCATN RECMMD INV (1231) COMPLETED 11/03/09 | LANDON HUCK |
| | | 11/03/2009 | LMT | LOAN MOD STARTED     (1001) COMPLETED 11/03/09 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | MOD APPRVD: PM CNTRBTN OF $0.00 DUE 12/9/2009; NEW | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | UPB $130,654.70, TTL CPPD $0.00 (INT $0.00 / ESC | API LOSS MITIGATION |

| | LMT | 11/03/2009 | NT | $0.00), OLD PPTD 05/09, NEW 12/09, OLD RATE | API LOSS MITIGATION |
|---|---|---|---|---|---|
| | LMT | 11/03/2009 | NT | 4.2500%, NEW RATE 3.2500%, ORGNL TERM 326, CRRNT | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | TERM 309, MOD TERM 301, MAT DATE 1/9/2035 , OLD PI | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | $696.25, NEW PI $635.32, OLD PITI $696.25, NEW | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | PITI $757.67 INC RATIO 0.00% WITH SRPLS OF $0.00; | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | RFD: Curtailment of Income- SUBMITTED BY: Landon | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | Huck APPROVED BY: Landon Huck | API LOSS MITIGATION |
| | LMT | 11/03/2009 | NT | Escrow Analysis Completed | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Escrow Shortage=$0 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Escrow Capped=$3222.04 | LANDON HUCK |
| | LMT | 11/03/2009 | NT | Escrow Pmt w/ 1/60=$122.35 | LANDON HUCK |
| | | 11/02/2009 | FSV | INSP TYPE F ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | | 10/28/2009 | FOR | 10/28/09 - 09:46 - 42118 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | rocesses. | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | 10/28/09 - 09:46 - 42118 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | Intercom From: brett hoffman, | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | at-llnil - To: Landon Huck (GMAC) / | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | Message: Fees and costs have been | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | submitted for all of the requested p | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | 10/28/09 - 09:46 - 42118 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | A fees and costs Response Comment | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | has been completed for this loan by | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | brett hoffman | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | 10/28/09 - 09:46 - 42118 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | fees and costs good beyond 30 days | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | of the current date. As such the | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | fees and costs provided are only | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | good through 11/27/09. Thank you. | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | 10/28/09 - 09:46 - 42118 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | Fees and costs response:  Good | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | Through:12/1/2009 Fees: 220.00 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | Costs: 0 Comment: Please be advised | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | that our office is unable to provide | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | 10/28/09 - 09:40 - 58548 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | A fees and costs request has been | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | entered for this loan by Landon | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | FOR | Huck, good through 12/1/2009 | NEW TRAK SYSTEM ID |
| | | 10/28/2009 | LMT | LMT BPO/APPRAISAL REC ADDED | CHRISTINE PRESTON |
| | | 10/27/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | COL19 | 10/23/2009 | CIT | 017 DONE 10/23/09 BY TLR 21136 | LANDON HUCK |
| | COL19 | 10/23/2009 | CIT | TSK TYP 711-NON HMP MOD REV | LANDON HUCK |
| | COL19 | 10/23/2009 | CIT | 017 closing cit 711. working naca mod. requires | LANDON HUCK |
| | COL19 | 10/23/2009 | CIT | special attention. lhuck 6154 | LANDON HUCK |

| | | | | |
|---|---|---|---|---|
| COL19 | 10/23/2009 | CIT | 017 closing cit 711. working naca mod. requires | |
| COL19 | 10/23/2009 | CIT | special attention. lhuck 6154 | LANDON HUCK |
| COL19 | 10/23/2009 | CIT | 013 DONE 10/23/09 BY TLR 21136 | LANDON HUCK |
| COL19 | 10/23/2009 | CIT | TSK TYP 155-CC TRACK - LM F | LANDON HUCK |
| COL10 | 10/20/2009 | CIT | 017 New CIT 711: Non-HMP Modification Review | SHEILA MAY DEGAYO |
| COL10 | 10/20/2009 | CIT | 016 DONE 10/20/09 BY TLR 13304 | SHEILA MAY DEGAYO |
| COL10 | 10/20/2009 | CIT | TSK TYP 710-MOD REVIEW IN P | SHEILA MAY DEGAYO |
| COL10 | 10/20/2009 | CIT | 016 Closing CIT 710: HMP Modification denied as | SHEILA MAY DEGAYO |
| COL10 | 10/20/2009 | CIT | loan does not meet pre-qualification criteria. | SHEILA MAY DEGAYO |
| COL10 | 10/20/2009 | CIT | Loan will be reviewed for Non-HMP | SHEILA MAY DEGAYO |
| COL10 | 10/20/2009 | CIT | Modification | SHEILA MAY DEGAYO |
| NHMPI | 10/20/2009 | NT | HMP Modification denied, Borrower front-end DTI | SHEILA MAY DEGAYO |
| NHMPI | 10/20/2009 | NT | before modfication is below 31% | SHEILA MAY DEGAYO |
| | 10/17/2009 | PPT | mtr | ALEXANDRA BALINT |
| | 10/17/2009 | PPT | TASK:0002-FSV-CHANGD FUPDT  12/14/09 | ALEXANDRA BALINT |
| FSV | 10/17/2009 | NT | fell in que...acct in fcl. no access. DNR. poss | ALEXANDRA BALINT |
| FSV | 10/17/2009 | NT | mod. **mtr** | ALEXANDRA BALINT |
| FSV | 10/17/2009 | NT | alex tx 3737 | ALEXANDRA BALINT |
| | 10/16/2009 | CBR | CR BUR RPT STATUS=N;EXPIRE DT =  10/17/09 | SYSTEM ID |
| | 10/16/2009 | FOR | 10/16/09 - 16:37 - 38779 | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | /Hold Action / Subject: Issue | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | Request / | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | 10/16/09 - 16:37 - 38779 | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | Intercom Message: / Read: | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | 10/16/2009 4:36:40 PM / From: | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | Jablonski, Glenda / To: lejcar, | NEW TRAK SYSTEM ID |
| | 10/16/2009 | FOR | derek; / CC: / Intercom Type: Stop | NEW TRAK SYSTEM ID |
| | 10/12/2009 | DM | EARLY IND: SCORE 127 MODEL EI90S | SYSTEM ID |
| | 10/12/2009 | LMT | BPO OBTAINED      (5)    COMPLETED 10/12/09 | LANDON HUCK |
| | 10/09/2009 | FOR | 10/09/09 - 08:03 - 51307 | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | to NewTrak Imaging. | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | 10/09/09 - 08:03 - 51307 | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | ect: allonge / Message: Please open | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | the  COPY OF NOTE  issue and fill | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | in the following message: Need full | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | endorsement chain note copy uploaded | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | 10/09/09 - 08:03 - 51307 | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | Intercom Message: / Sent: 10/9/2009 | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | 8:03:02 AM / From: Trina Wilbank / | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | To: lejcar,derek;  / CC: / | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | Intercom Type: General Update / Subj | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | 10/09/09 - 13:56 - 00000 | NEW TRAK SYSTEM ID |
| | 10/09/2009 | FOR | Endorsement/Allonge Needed. Issue | NEW TRAK SYSTEM ID |

| | | | |
|---|---|---|---|
| 10/09/2009 | FOR | Comments: Need full endorsement | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | chain note copy uploaded to NewTrak | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Imaging.  Thank you. Status: Active | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 13:56 - 00000 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | event: User has updated a | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Process-Level issue for this loan. | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Issue updated to: Issue Type: Note | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 13:57 - 87421 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Active, Approved. | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 13:57 - 87421 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | event: User has approved the issue. | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | issue type: Note | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Endorsement/Allonge Needed. Status: | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 15:29 - 45498 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | d. Comments: Sent original note, | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | original recorded mortgage, and | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | original title to Jonathan Lee Fed | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Ex # 796936938227 . | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 15:29 - 45498 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | event: User has ended the Issue | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Type: Note Endorsement/Allonge Neede | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 08:58 - 38779 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Comments: Need full endorsement | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | chain note copy uploaded to NewTrak | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Imaging.  Thank you. Status: Active | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 08:58 - 38779 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | loan.Issue Type: Copy of Note. Issue | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 08:57 - 38779 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | ect: allonge / | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 10/09/09 - 08:57 - 38779 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Intercom Message: / Read: 10/9/2009 | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | 8:56:56 AM / From: Wiltbank, Trina | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | / To: lejcar, derek;  / CC:  / | NEW TRAK SYSTEM ID |
| 10/09/2009 | FOR | Intercom Type: General Update / Subj | NEW TRAK SYSTEM ID |
| 10/08/2009 | FOR | 10/08/09 - 11:00 - 51307 | NEW TRAK SYSTEM ID |
| 10/08/2009 | FOR | ay 10/8/09 | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | | 10/08/2009 | FOR | 10/08/09 - 11:00 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | User has completed the  Document | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Type Returned to Attorney data form | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | with the following entries:  Type | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | of Document: : aom being sent thursd | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:00 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Close from DDF | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:00 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | following event: Doc | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Executed/Notarized and Sent to | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Attorney, completed on 10/8/2009Auto | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:01 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | The user has re-opened the process. | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:01 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | following event: Doc | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Executed/Notarized and Sent to | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Attorney, completed on 10/8/2009Auto | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:01 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | User has completed the  Document | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Type Returned to Attorney data form | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | with the following entries:  Type | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | of Document: : aom being sent thursd | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:01 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Close from DDF | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:01 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | ay 10/8/09 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/08/09 - 11:02 - 51307 | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | User has cleared the following | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | values from the Data Form:  Type of | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | Document: aom being sent thursday | NEW TRAK SYSTEM ID |
| | | 10/08/2009 | FOR | 10/8/09 | NEW TRAK SYSTEM ID |
| COL19 | | 10/07/2009 | CIT | 016 710 | RACHEL WELCH |
| COL19 | | 10/07/2009 | CIT | 015 DONE 10/07/09 BY TLR 20598 | RACHEL WELCH |
| COL19 | | 10/07/2009 | CIT | TSK TYP 316-TRIAL HMP NON-E | RACHEL WELCH |
| | | 10/06/2009 | FOR | 10/06/09 - 08:32 - 98803 | NEW TRAK SYSTEM ID |
| | | 10/06/2009 | FOR | Process opened 10/6/2009 by user | NEW TRAK SYSTEM ID |
| | | 10/06/2009 | FOR | Cameon Burkholder. | NEW TRAK SYSTEM ID |
| | | 10/06/2009 | FOR | 10/06/09 - 08:32 - 98803 | NEW TRAK SYSTEM ID |
| | | 10/06/2009 | FOR | Type of document: : aom  Comment: : | NEW TRAK SYSTEM ID |
| | | 10/06/2009 | FOR | 10/06/09 - 08:32 - 98803 | NEW TRAK SYSTEM ID |
| | | 10/06/2009 | FOR | User has completed the  Document | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 10/06/2009 | FOR | Execution data form with the | NEW TRAK SYSTEM ID |
| | 10/06/2009 | FOR | following entries:  Document | NEW TRAK SYSTEM ID |
| | 10/06/2009 | FOR | Execution: : Printed for Execution | NEW TRAK SYSTEM ID |
| | 10/06/2009 | FOR | 10/06/09 - 08:32 - 98803 | NEW TRAK SYSTEM ID |
| | 10/06/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | 10/06/2009 | FOR | following event: Document | NEW TRAK SYSTEM ID |
| | 10/06/2009 | FOR | Execution, completed on 10/6/2009 | NEW TRAK SYSTEM ID |
| ESC05 | 10/06/2009 | CIT | 015 cap amt:  2977.34 | MARIAH UHLING |
| ESC05 | 10/06/2009 | CIT | shtg amt:   734.14 | MARIAH UHLING |
| ESC05 | 10/06/2009 | CIT | esc pmt w 1/60 shtg:   134.58 | MARIAH UHLING |
| | 10/06/2009 | FSV | INSP TP R RESULTS RCVD;   ORD DT=10/01/09 | CORY STARR |
| ESC05 | 10/06/2009 | CIT | 015 Retargeting to CIT 326. No escrow changes. | MARLA LIMBRECHT |
| HAZ60 | 10/06/2009 | CIT | 015 CIT 316- Balboa - loan is condo, no insurance | RHONDA ZILK |
| HAZ60 | 10/06/2009 | CIT | info to pay. Thank you. RZilk X 3605 | RHONDA ZILK |
| TAX20 | 10/06/2009 | CIT | 015 cit 316-taxes already escrowed/dv | DIEGO MURGUIA |
| COL19 | 10/05/2009 | CIT | 015 New cit 316. Special Servicing HMP Mod Set up | LANDON HUCK |
| COL19 | 10/05/2009 | CIT | all escrow lines. Assume receipt of 2 | LANDON HUCK |
| COL19 | 10/05/2009 | CIT | payments to roll during trial. Thank you. | LANDON HUCK |
| COL19 | 10/05/2009 | CIT | lhuck 6154 | LANDON HUCK |
| LMT | 10/05/2009 | NT | 3/25/2035 | LANDON HUCK |
| LMT | 10/05/2009 | NT | The Servicer may add or capitalize amounts owing | LANDON HUCK |
| LMT | 10/05/2009 | NT | to the unpaid principal balance of a mortgage loan | LANDON HUCK |
| LMT | 10/05/2009 | NT | only once during the life of the loan. | LANDON HUCK |
| | 10/05/2009 | DM | RFD NOT FOR MODIFICATION. LHUCK 6154 | LANDON HUCK |
| | 10/05/2009 | DM | DFLT REASON 1 CHANGED TO: CURTAILMENT OF INCOME | LANDON HUCK |
| | 10/05/2009 | DM | DFLT REASON 2 CHANGED TO: PAYMENT ADJUSTMENT | LANDON HUCK |
| | 10/05/2009 | DM | ACTION/RESULT CD CHANGED FROM BRUN TO OAAI | LANDON HUCK |
| | 10/05/2009 | LMT | BPO ORDERED      (4)    COMPLETED 10/05/09 | LANDON HUCK |
| | 10/05/2009 | LMT | LMT SOLUTN PURSUED   (6)    COMPLETED 10/05/09 | LANDON HUCK |
| | 10/05/2009 | LMT | PURSUE LN MODIFCATN  (1000) COMPLETED 10/05/09 | LANDON HUCK |
| | 10/05/2009 | LMT | REFERRD TO LOSS MIT  (1)    COMPLETED 10/05/09 | LANDON HUCK |
| | 10/05/2009 | LMT | APPROVED FOR LMT 10/05/09 | LANDON HUCK |
| | 10/05/2009 | FOR | LMT BORR FIN REC ADDED | LANDON HUCK |
| LMT | 10/05/2009 | NT | HMP POI Calculator: Total Calculated Gross Income | LANDON HUCK |
| LMT | 10/05/2009 | NT | of $4394.76 using amounts obtained from YTD | LANDON HUCK |
| LMT | 10/05/2009 | NT | information.Borrower 1's Monthly Gross is $4394.76 | LANDON HUCK |
| LMT | 10/05/2009 | NT | using the YTD information from the paystubs ending | LANDON HUCK |
| LMT | 10/05/2009 | NT | with Pay Through Date of 07/25/09.  Paid | LANDON HUCK |
| LMT | 10/05/2009 | NT | .Additional Income from other employment totals | LANDON HUCK |
| LMT | 10/05/2009 | NT | $0.00 and $0.00.Other Verified Income includes | LANDON HUCK |
| LMT | 10/05/2009 | NT | Social Security of $0.00, Disability of $0.00, | LANDON HUCK |
| LMT | 10/05/2009 | NT | Pension of $0.00, Child Support/Alimony of $0.00, | LANDON HUCK |
| LMT | 10/05/2009 | NT | and Self Employment Inc of $0.00. | LANDON HUCK |

| | | | |
|---|---|---|---|
| 10/01/2009 | FSV | INSP TYPE R ORDERED;    REQ CD =1150 | SYSTEM ID |
| 10/01/2009 | FSV | INSP TP F RESULTS RCVD;   ORD DT=09/23/09 | SYSTEM ID |
| 10/01/2009 | FOR | 10/01/09 - 17:21 - 59125 | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | on: other delay. Comments: .   . | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | Status: Active, approval not | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | required. | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | 10/01/09 - 17:21 - 59125 | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | step Doc Executed/Notarized and | NEW TRAK SYSTEM ID |
| 10/01/2009 | FOR | Sent to Attorney to 10/13/2009. Reas | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | 09/29/09 - 15:07 - 51862 | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | following event: Upload Document, | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | completed on 9/29/2009 | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | 09/29/09 - 15:07 - 51862 | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | User has completed the  Upload | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | Document data form with the | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | following entries:  Select File: : | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | 09025678.pdf  Comment: : | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | 09/29/09 - 15:06 - 51862 | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | Process opened 9/29/2009 by user | NEW TRAK SYSTEM ID |
| 09/29/2009 | FOR | krystle hoselton. | NEW TRAK SYSTEM ID |
| 09/29/2009 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| 09/28/2009 | DM | B1 CLLD. VRFD INFO, OWNER OCCUPIED, ADV BREACH | VINCENT FREEMAN |
| 09/28/2009 | DM | EXPIRED & IN FCL. B1 WNTD TO KNOW IF WE RCVD DOCS | VINCENT FREEMAN |
| 09/28/2009 | DM | FROM NACA. ADV YES & REFERRAL SENT TO NEGO | VINCENT FREEMAN |
| 09/28/2009 | DM | (L.HUCK). ADV B1 TO F/U WKLY FOR MOD STATUS. ADV | VINCENT FREEMAN |
| 09/28/2009 | DM | B1 THERE IS NO FCL SALE AT THIS TIME.     VF6271 | VINCENT FREEMAN |
| 09/28/2009 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRUN | VINCENT FREEMAN |
| 09/25/2009 | FOR | 09/25/09 - 14:05 - 40046 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | sandra sonanes - (Cont) - not | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | required. | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | SERVICE COMPLETED    (625)  COMPLETED 09/22/09 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 13:55 - 62515 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | bject: Issue Request / | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 13:55 - 62515 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | Intercom Message: / Read: 9/25/2009 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 1:55:13 PM / From: Loya, Miriam / | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | To: Arjona , David;  / CC:  / | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | Intercom Type: Stop/Hold Action / Su | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 14:05 - 40046 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | ext available business day. Date | NEW TRAK SYSTEM ID |

| | | | |
|---|---|---|---|
| 09/25/2009 | FOR | moved from 11/22/2009 to | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 11/23/2009.. Status: Active, | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | approval | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 14:05 - 40046 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | , we will be unable to obtain a | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | judgment date in this case until | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | after 11-22-09   Due date pushed | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | forward from weekend or holiday to n | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 14:05 - 40046 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | Comments: Due to the rule in Cook | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | County, which does not allow us to | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | schedule a hearing date for | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | judgment until 61 days after service | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 14:05 - 40046 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | step Judgment Figure Data Requested | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | to 11/22/2009. Reason: Court Delay. | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 13:32 - 59754 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | following event: Service Complete, | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | completed on 9/22/2009 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | 09/25/09 - 13:32 - 59754 | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | Process opened 9/25/2009 by user | NEW TRAK SYSTEM ID |
| 09/25/2009 | FOR | maria alhasoon. | NEW TRAK SYSTEM ID |
| 09/23/2009 | FSV | INSP TYPE F ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| 09/23/2009 | FOR | 09/23/09 - 11:38 - 26166 | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | 9/09, will follow up then.  . | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | Status: Active, approval not | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | required. | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | 09/23/09 - 11:38 - 26166 | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | ently awaiting publication dates | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | and service returns to verify the | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | service complete date.  We expect | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | to have the publication dates by 9/2 | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | 09/23/09 - 11:38 - 26166 | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | step Service Complete to 9/29/2009. | NEW TRAK SYSTEM ID |
| 09/23/2009 | FOR | Reason: Other. Comments: We are curr | NEW TRAK SYSTEM ID |
| 09/18/2009 | FOR | 09/18/09 - 15:39 - 83142 | NEW TRAK SYSTEM ID |
| 09/18/2009 | FOR | bject: Issue Request / | NEW TRAK SYSTEM ID |
| 09/18/2009 | FOR | 09/18/09 - 15:39 - 83142 | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 09/18/2009 | FOR | Intercom Message: / Read: 9/18/2009 | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | 3:38:53 PM / From: Masas, Joan / | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | To: portwood, sean; / CC: / | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | Intercom Type: Stop/Hold Action / Su | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | 09/18/09 - 15:39 - 83142 | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | bject: Issue Request / | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | 09/18/09 - 15:39 - 83142 | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | Intercom Message: / Read: 9/18/2009 | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | 3:38:53 PM / From: Masas, Joan / | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | To: portwood, sean; / CC: / | NEW TRAK SYSTEM ID |
| | 09/18/2009 | FOR | Intercom Type: Stop/Hold Action / Su | NEW TRAK SYSTEM ID |
| | 09/16/2009 | FOR | LMT BORR FIN REC ADDED | JAMES LEYBA |
| HPRP | 09/16/2009 | NT | naca referral from jleyba to lhuck | JAMES LEYBA |
| COL10 | 09/16/2009 | CIT | 014 cit#997 - naca referral to platform | JAMES LEYBA |
| NACA | 09/16/2009 | NT | updated fins, rfd - excessive obligations, | JAMES LEYBA |
| NACA | 09/16/2009 | NT | submitted file for mod review, updated naca | JAMES LEYBA |
| NACA | 09/16/2009 | NT | website. jleyba/hope | JAMES LEYBA |
| NAC1 | 09/16/2009 | NT | 09-15-09 | JAMES LEYBA |
| | 09/16/2009 | FOR | LMT BORR FIN REC ADDED | GREGORY HEILER |
| | 09/15/2009 | PPT | mtr | ALEXANDRA BALINT |
| | 09/15/2009 | PPT | TASK:0500-FSV-CHANGD FUPDT  10/10/09 | ALEXANDRA BALINT |
| FSV | 09/12/2009 | NT | Working 2501 Task.  Acct in FCL Property Found 2 | C DUPALAPUDI |
| FSV | 09/12/2009 | NT | Consecutive No Access orders. FICH - Chandra | C DUPALAPUDI |
| | 09/12/2009 | PPT | mtr | C DUPALAPUDI |
| | 09/12/2009 | PPT | TASK:0501-FSV-CHANGD FUPDT  09/16/09 | C DUPALAPUDI |
| | 09/11/2009 | CBR | CR BUR RPT STATUS=N;EXPIRE DT =  10/17/09 | SYSTEM ID |
| | 09/11/2009 | FOR | 09/11/09 - 14:20 - 45964 | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | original note, original recorded | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | mortgage, and original title to | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | Jonathan Lee Fed Ex # 796936938227 | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | 09/11/09 - 14:20 - 45964 | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | event: User has ended the Issue | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | Type: Original Note. Comments: Sent | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | 09/11/09 - 14:19 - 45964 | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | s: Sent original note, original | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | recorded mortgage, and original | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | title to Jonathan Lee Fed Ex # | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | 796936938227  . | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | 09/11/09 - 14:19 - 45964 | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 09/11/2009 | FOR | event: User has ended the Issue | NEW TRAK SYSTEM ID |

| | 09/11/2009 | FOR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
|---|---|---|---|---|
| | 09/11/2009 | FOR | Type: Original Mortgage/DOT. Comment | NEW TRAK SYSTEM ID |
| | 09/10/2009 | DM | EARLY IND: SCORE 132 MODEL EI90S | SYSTEM ID |
| | 09/08/2009 | FOR | 09/08/09 - 15:52 - 39478 | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | Process opened 9/8/2009 by user | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | Yolanda Richards. | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | 09/08/09 - 15:52 - 39478 | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | Type of document: :   Comment: : | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | 09/08/09 - 15:52 - 39478 | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | User has completed the  Document | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | Execution data form with the | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | following entries:  Document | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | Execution: : Printed for Execution | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | 09/08/09 - 15:52 - 39478 | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | following event: Document | NEW TRAK SYSTEM ID |
| | 09/08/2009 | FOR | Execution, completed on 9/8/2009 | NEW TRAK SYSTEM ID |
| OTH | 09/08/2009 | NT | Removed MERS codes and deactivated on MERS | JOSE MONZON |
| OTH | 09/08/2009 | NT | websiteper foreclosure first legal notice | JOSE MONZON |
| | 09/07/2009 | FSV | INSP TP A RESULTS RCVD;   ORD DT=08/24/09 | SYSTEM ID |
| | 09/04/2009 | FOR | FIRST LEGAL ACTION   (601)  COMPLETED 09/03/09 | NEW TRAK SYSTEM ID |
| | 09/04/2009 | FOR | 09/04/09 - 14:54 - 26442 | NEW TRAK SYSTEM ID |
| | 09/04/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | 09/04/2009 | FOR | following event: Complaint Filed, | NEW TRAK SYSTEM ID |
| | 09/04/2009 | FOR | completed on 9/3/2009 | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | 09/03/09 - 07:53 - 40046 | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR |  approval not required. | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | 09/03/09 - 07:53 - 40046 | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | nt was sent for filing on 9.2.09 | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | but has not been recorded at the | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | clerk's office. Will follow up for | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | status 9.10.09.    . Status: Active, | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | 09/03/09 - 07:53 - 40046 | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | step Complaint Filed to 9/10/2009. | NEW TRAK SYSTEM ID |
| | 09/03/2009 | FOR | Reason: Other. Comments: The complai | NEW TRAK SYSTEM ID |
| | 09/02/2009 | FOR | 09/02/09 - 07:03 - 49153 | NEW TRAK SYSTEM ID |
| | 09/02/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 09/02/2009 | FOR | event: User has approved the issue. | NEW TRAK SYSTEM ID |
| | 09/02/2009 | FOR | issue type: Original Note. Status: | NEW TRAK SYSTEM ID |
| | 09/02/2009 | FOR | Active, Approved. | NEW TRAK SYSTEM ID |
| | 09/02/2009 | FOR | 09/02/09 - 06:59 - 49153 | NEW TRAK SYSTEM ID |

| | | | |
|---|---|---|---|
| 09/02/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | event: User has approved the issue. | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | issue type: Original Mortgage/DOT. | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | Status: Active, Approved. | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | 09/02/09 - 10:07 - 26166 | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | / Subject: process not needed / | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | Message: Hi Trent    We no longer | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | need this document executed.  Can | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | you close this process?  Thank you. | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | 09/02/09 - 10:07 - 26166 | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | Intercom Message: / Sent: 9/2/2009 | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | 10:06:44 AM / From: Sara | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | Cauliflower / To: Stamer,Trent;  / | NEW TRAK SYSTEM ID |
| 09/02/2009 | FOR | CC:  / Intercom Type: General Update | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 10:42 - 83142 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | OT. Issue Comments: Please forward | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | original mortgage. Status: Active | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 10:42 - 83142 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | loan.Issue Type: Original Mortgage/D | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 10:43 - 83142 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | e Comments: Please forward original | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | note. Status: Active | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 10:43 - 83142 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | loan.Issue Type: Original Note. Issu | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 16:45 - 38779 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | ment: : Please execute allonge. | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | Thank you. | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 16:45 - 38779 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | User has completed the  Upload | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | Document data form with the | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | following entries: Select File: : | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | Allonge_JPMorgan_to_BONYMTC.doc  Com | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 16:45 - 38779 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | following event: Upload Document, | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | completed on 9/1/2009 | NEW TRAK SYSTEM ID |
| 09/01/2009 | FOR | 09/01/09 - 16:44 - 38779 | NEW TRAK SYSTEM ID |

| | 09/01/2009 | FOR | Process opened 9/1/2009 by user | NEW TRAK SYSTEM ID |
| | 09/01/2009 | FOR | derek lejcar. | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | 08/27/09 - 10:29 - 40046 | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | s being drafted, will follow up | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | 9/3/09  . Status: Active, approval | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | not required. | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | 08/27/09 - 10:29 - 40046 | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | step Complaint Filed to 9/3/2009. | NEW TRAK SYSTEM ID |
| | 08/27/2009 | FOR | Reason: Other. Comments: complaint i | NEW TRAK SYSTEM ID |
| | 08/27/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 08/25/2009 | FOR | 08/24/09 - 18:16 - 94884 | NEW TRAK SYSTEM ID |
| | 08/25/2009 | FOR | User has updated the system for the | NEW TRAK SYSTEM ID |
| | 08/25/2009 | FOR | following event: Title Report | NEW TRAK SYSTEM ID |
| | 08/25/2009 | FOR | Received, completed on 8/24/2009 | NEW TRAK SYSTEM ID |
| | 08/25/2009 | FOR | TITLE RECEIVED      (623)  COMPLETED 08/24/09 | NEW TRAK SYSTEM ID |
| | 08/25/2009 | FOR | DEED EXECT-RETRN ATT (622)  COMPLETED 08/25/09 | VANYA MCINTYRE |
| | 08/24/2009 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 08/20/2009 | FOR | 08/20/09 - 08:56 - 40046 | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | Active, approval not required. | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | 08/20/09 - 08:56 - 40046 | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | dvised that we are awaiting the | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | title report to be received before | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | drafting and filing the complaint, | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | will follow up 8.27.09  . Status: | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | 08/20/09 - 08:56 - 40046 | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | step Complaint Filed to 8/27/2009. | NEW TRAK SYSTEM ID |
| | 08/20/2009 | FOR | Reason: Other. Comments: Please be a | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | 08/18/09 - 11:12 - 92054 | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | on / Subject: Issue Request / | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | 08/18/09 - 11:12 - 92054 | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | Intercom Message: / Read: 8/18/2009 | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | 11:11:41 AM / From: Jablonski, | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | Glenda / To: spraker, melissa; / | NEW TRAK SYSTEM ID |
| | 08/18/2009 | FOR | CC: / Intercom Type: Stop/Hold Acti | NEW TRAK SYSTEM ID |
| LMT | 08/18/2009 | NT | b1 said he received ln md pkt. he said has | NANCY DURNAN |
| LMT | 08/18/2009 | NT | appointment with housing coucelor to go over | NANCY DURNAN |
| LMT | 08/18/2009 | NT | paperwork.  nancyd/2364038 | NANCY DURNAN |
| | 08/17/2009 | FOR | 08/14/09 - 17:48 - 72913 | NEW TRAK SYSTEM ID |
| | 08/17/2009 | FOR | Active, Approved. | NEW TRAK SYSTEM ID |

| | | | | | |
|---|---|---|---|---|---|
| ▇ | 08/17/2009 | FOR | 08/14/09 - 17:48 - 72913 | NEW TRAK SYSTEM ID | |
| ▇ | 08/17/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID | |
| ▇ | 08/17/2009 | FOR | event: User has approved the issue. | NEW TRAK SYSTEM ID | |
| ▇ | 08/17/2009 | FOR | issue type: Note | NEW TRAK SYSTEM ID | |
| ▇ | 08/17/2009 | FOR | Endorsement/Allonge Needed. Status: | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | CBR | CR BUR RPT STATUS=N;EXPIRE DT = 10/17/09 | SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | 08/14/09 - 15:12 - 26430 | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | . as Trustee for RAMP 2005RS13. | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | Please provide note endorsed to | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | plaintiff or in blank. Thank you. | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | Status: Active | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | 08/14/09 - 15:12 - 26430 | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | llon Trust Company, National | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | Association fka The Bank of New | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | York Trust Company, N.A. as | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | Successor to JPMorgan Chase Bank N.A | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | 08/14/09 - 15:12 - 26430 | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | longe Needed. Issue Comments: The | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | note provided is endorsed to | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | JPMorgan Chase Bank, but our | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | plaintiff is The Bank of New York Me | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | 08/14/09 - 15:12 - 26430 | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID | |
| ▇ | 08/14/2009 | FOR | loan.Issue Type: Note Endorsement/Al | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | 08/13/09 - 08:44 - 40046 | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | ctive, approval not required. | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | 08/13/09 - 08:44 - 40046 | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | dvised that we are awaiting the | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | title report to be received before | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | drafting and filing the complaint, | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | will follow up 8.20.09 . Status: A | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | 08/13/09 - 08:44 - 40046 | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | event: User has reprojected the | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | step Complaint Filed to 8/20/2009. | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | Reason: Other. Comments: Please be a | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | 08/13/09 - 12:42 - 00007 | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | Foreclosure (NIE Id# 13588714) | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | picked up by firm Fisher & Shapiro, | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | LLC at 8/13/2009 12:41:31 PM by | NEW TRAK SYSTEM ID | |
| ▇ | 08/13/2009 | FOR | Luis Rivera | NEW TRAK SYSTEM ID | |

| | | | |
|---|---|---|---|
| 08/13/2009 | FOR | 08/13/09 - 12:26 - 00007 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Foreclosure (NIE Id# 13588714) sent | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | to Fisher & Shapiro, LLC at | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 8/13/2009 12:25:31 PM by Glenda | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Jablonski | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 08/13/09 - 12:25 - 45498 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | s issue signing the allonge.. | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 08/13/09 - 12:25 - 45498 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | o NIE for signature required.  If | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | the loan is in Foreclosure contact | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Jeffrey Stephan or the loan is in | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Bankruptcy contact Joe Lyons for thi | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 08/13/09 - 12:25 - 45498 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | d. Comments: Uploaded the Note | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | w/all allonges into NIE.  Attorney | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | can create an Allonge if there is | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | another one is needed and upload int | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 08/13/09 - 12:25 - 45498 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | event: User has ended the Issue | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Type: Note Endorsement/Allonge Neede | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 08/12/09 - 19:47 - 00007 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Foreclosure (NIE Id# 13588714) sent | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | to Fisher & Shapiro, LLC at | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 8/12/2009 7:46:31 PM by Automated | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Tasks | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | 08/13/09 - 07:18 - 00007 | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Foreclosure (NIE Id# 13588714) | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | picked up by firm Fisher & Shapiro, | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | LLC at 8/13/2009 7:17:32 AM by Luis | NEW TRAK SYSTEM ID |
| 08/13/2009 | FOR | Rivera | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | 08/11/09 - 15:29 - 92054 | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | Intercom From: Reddy, Subramani - | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | To: spraker, melissa, / Subject: | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | Issue Request/ | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | 08/11/09 - 16:11 - 92054 | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | Intercom From: Loya, Miriam - To: | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | spraker, melissa, / Subject: Issue | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | Request/ | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | 08/11/09 - 16:28 - 92054 | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | Intercom From: Reddy, Subramani - | NEW TRAK SYSTEM ID |
| 08/11/2009 | FOR | To: spraker, melissa, / Subject: | NEW TRAK SYSTEM ID |

| | | 08/11/2009 | FOR | Issue Request/ | NEW TRAK SYSTEM ID |
|---|---|---|---|---|---|
| CIT | | 08/11/2009 | NT | CIT 155-DNR BK LM Package Sent | DAWN STONER |
| CBR | | 08/11/2009 | NT | Suppressed Credit due to (Loan Modification). | API CSRV |
| CBR | | 08/11/2009 | NT | Suppression will expire (10/17/09). | API CSRV |
| | | 08/10/2009 | DM | EARLY IND: SCORE 149 MODEL EI90S | SYSTEM ID |
| | | 08/10/2009 | FOR | 08/10/09 - 07:06 - 72394 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | ments: UPloaded. | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/10/09 - 07:06 - 72394 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | event: User has ended the Issue | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Type: Copy of ACT/Demand Letter. Com | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/10/09 - 07:07 - 72394 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | ed. Comments: I have uploaded | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Demand letter, please advice what | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | do you mean by grace period letter, | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | thanks | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/10/09 - 07:07 - 72394 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | event: User has denied the request | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | for the issue. Issue type: Copy of | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | ACT/Demand Letter Status: Issue Deni | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/10/09 - 07:21 - 00007 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Foreclosure (NIE Id# 13588714) | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | picked up by firm Fisher & Shapiro, | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | LLC at 8/10/2009 7:21:05 AM by Luis | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Rivera | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/10/09 - 07:07 - 00007 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Foreclosure (NIE Id# 13588714) sent | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | to Fisher & Shapiro, LLC at | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 8/10/2009 7:07:22 AM by Subramani | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Reddy | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/07/09 - 21:57 - 72914 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | : Uploaded Recorded Mortgage to NIE. | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/07/09 - 21:57 - 72914 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | event: User has ended the Issue | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Type: Copy of Mortgage/DOT. Comments | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 08/07/09 - 21:57 - 00007 | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | Foreclosure (NIE Id# 13588714) sent | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | to Fisher & Shapiro, LLC at | NEW TRAK SYSTEM ID |
| | | 08/10/2009 | FOR | 8/7/2009 9:57:03 PM by Miriam Loya | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 08/10/2009 | FOR | 08/08/09 - 10:49 - 00007 | NEW TRAK SYSTEM ID |
| | 08/10/2009 | FOR | Foreclosure (NIE Id# 13588714) | NEW TRAK SYSTEM ID |
| | 08/10/2009 | FOR | picked up by firm Fisher & Shapiro, | NEW TRAK SYSTEM ID |
| | 08/10/2009 | FOR | LLC at 8/8/2009 10:48:37 AM by Luis | NEW TRAK SYSTEM ID |
| | 08/10/2009 | FOR | Rivera | NEW TRAK SYSTEM ID |
| | 08/10/2009 | PPT | mtr | ALEXANDRA BALINT |
| | 08/10/2009 | PPT | TASK:0500-FSV-CHANGD FUPDT  09/10/09 | ALEXANDRA BALINT |
| FSV | 08/10/2009 | NT | closing cit 830...New cit 830- Please cancel | ALEXANDRA BALINT |
| FSV | 08/10/2009 | NT | cust live and maintain prpty lscott2709. | ALEXANDRA BALINT |
| FSV | 08/10/2009 | NT | acct in fcl. per cit occ. **mtr** | ALEXANDRA BALINT |
| FSV | 08/10/2009 | NT | alex tx 3737 | ALEXANDRA BALINT |
| COL40 | 08/10/2009 | CIT | 012 DONE 08/10/09 BY TLR 31064 | ALEXANDRA BALINT |
| COL40 | 08/10/2009 | CIT | TSK TYP 830-CANCEL PRESERVA | ALEXANDRA BALINT |
| COL40 | 08/10/2009 | CIT | 012 closing cit 830...New cit 830- Please cancel | ALEXANDRA BALINT |
| COL40 | 08/10/2009 | CIT | cust live and maintain prpty lscott2709. | ALEXANDRA BALINT |
| COL40 | 08/10/2009 | CIT | acct in fcl. per cit occ. **mtr** | ALEXANDRA BALINT |
| COL40 | 08/10/2009 | CIT | alex tx 3737 | ALEXANDRA BALINT |
| | 08/08/2009 | DM | B1 CI ADV OF THE NEG CBR AND LC ADV OF THE DNR BK | LAWRENCE SCOTT |
| | 08/08/2009 | DM | ADV OF THE FCL AND OF THE PREASON WHY REC POPRTY | LAWRENCE SCOTT |
| | 08/08/2009 | DM | PRES LETTER CANCEL BC CUST LIVES AND MAINTIAN PRTY | LAWRENCE SCOTT |
| | 08/08/2009 | DM | ADV OF THE THE WOUT PKY FORWAR TBX HE REQUEST FOR | LAWRENCE SCOTT |
| | 08/08/2009 | DM | MOD ADV OF THE FAX IN ADV WEB OPTION AS WELL | LAWRENCE SCOTT |
| | 08/08/2009 | DM | LSCOTT2709 | LAWRENCE SCOTT |
| | 08/08/2009 | DM | ACTION/RESULT CD CHANGED FROM OAPC TO OAAI | LAWRENCE SCOTT |
| COL05 | 08/08/2009 | CIT | 013 New Cit 155- Customer request for wout contact | LAWRENCE SCOTT |
| COL05 | 08/08/2009 | CIT | cell 773-406-3973 and cust want to keep prprty | LAWRENCE SCOTT |
| COL05 | 08/08/2009 | CIT | lscott2709 | LAWRENCE SCOTT |
| COL05 | 08/08/2009 | CIT | 012 New cit 830- Please cancel cust live and | LAWRENCE SCOTT |
| COL05 | 08/08/2009 | CIT | maintain prpty lscott2709 | LAWRENCE SCOTT |
| | 08/07/2009 | FOR | 08/07/09 - 17:42 - 72914 | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | Active, Approved. | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | 08/07/09 - 17:42 - 72914 | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | event: User has approved the issue. | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | issue type: Note | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | Endorsement/Allonge Needed. Status: | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | 08/07/09 - 17:19 - 00000 | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | event: User has updated a | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | Process-Level issue for this loan. | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | Issue updated to: Issue Type: Note | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | 08/07/09 - 17:16 - 72914 | NEW TRAK SYSTEM ID |
| | 08/07/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |

| | | | |
|---|---|---|---|
| 08/07/2009 | FOR | event: User has approved the issue. | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | issue type: Copy of Mortgage/DOT. | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Status: Active, Approved. | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 17:19 - 00000 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Endorsement/Allonge Needed. Issue | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Comments: Please provide copy of | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | the NOTE with Endorsement. Thank | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | you. Status: Active | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:49 - 92054 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Letter. Issue Comments: Please | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | provide a copy of the Grace Period | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Letter. Thank you. Status: Active | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:49 - 92054 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | loan.Issue Type: Copy of ACT/Demand | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:51 - 92054 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Comments: Please provide copy of | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | the NOTE with Endorsement. Thank | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | you. Status: Active | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:51 - 92054 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | loan.Issue Type: Copy of Note. Issue | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 08:23 - 62515 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | sure until this information is | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | obtained Status: Active | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 08:23 - 62515 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | of. Issue Comments: The referral | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | does not state the name in which to | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | foreclose, please provide this name | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | ASAP. We cannot proceed with foreclo | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 08:23 - 62515 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | System updated for the following | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | event: User has created a | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | loan.Issue Type: Action in the Name | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:41 - 72914 | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | r to JPMorgan Chase Bank N.A. as | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Trustee for RAMP 2005RS13. | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:41 - 72914 | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| 08/07/2009 | FOR | s: Foreclose in The Bank of New | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | York Mellon Trust Company, National | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Association fka The Bank of New | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | York Trust Company, N.A. as successo | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:41 - 72914 | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | System updated for the following | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | event: User has ended the Issue | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | associated with this loan. Issue | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Type: Action in the Name of. Comment | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:50 - 92054 | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Letter. Issue Comments: Please | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | provide copy of the Demand Letter. | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Thank you. Status: Active | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:50 - 92054 | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | System updated for the following | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | event: User has created a | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Process-Level issue for this | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | loan.Issue Type: Copy of ACT/Demand | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:50 - 92054 | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | T. Issue Comments: Please provide | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | copy of the Mortgage. Thank you. | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Status: Active | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | 08/07/09 - 15:50 - 92054 | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | System updated for the following | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | event: User has created a | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | Process-Level issue for this | | NEW TRAK SYSTEM ID |
| 08/07/2009 | FOR | loan.Issue Type: Copy of Mortgage/DO | | NEW TRAK SYSTEM ID |
| 08/06/2009 | MFI | MERS NOTIFIED FRCLSR INITIATED | 08/06/09 | |
| 08/06/2009 | FOR | 08/06/09 - 16:44 - 00007 | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | User has updated the system for the | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | following event: File Referred To | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | Attorney, completed on 8/6/2009 | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | 08/06/09 - 16:33 - 00007 | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | Foreclosure (NIE Id# 13588714) sent | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | to Fisher & Shapiro, LLC at | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | 8/6/2009 4:33:09 PM by Automated | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | Tasks | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | 08/06/09 - 17:03 - 00007 | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | User has updated the system for the | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | following event: File Received By | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | Attorney, completed on 8/6/2009 | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | 08/06/09 - 16:52 - 00007 | | NEW TRAK SYSTEM ID |
| 08/06/2009 | FOR | Foreclosure (NIE Id# 13588714) | | NEW TRAK SYSTEM ID |

| | Date | Code | Description | User |
|---|---|---|---|---|
| | 08/06/2009 | FOR | picked up by firm Fisher & Shapiro, | NEW TRAK SYSTEM ID |
| | 08/06/2009 | FOR | LLC at 8/6/2009 4:51:56 PM by David | NEW TRAK SYSTEM ID |
| | 08/06/2009 | FOR | Arjona | NEW TRAK SYSTEM ID |
| | 08/06/2009 | FOR | 08/06/09 - 09:19 - 00007 | NEW TRAK SYSTEM ID |
| | 08/06/2009 | FOR | Process opened 8/6/2009 by user | NEW TRAK SYSTEM ID |
| | 08/06/2009 | FOR | Fidelity AutoProc. | NEW TRAK SYSTEM ID |
| | 08/06/2009 | FOR | REFERRED TO ATTORNEY (2)   COMPLETED 08/06/09 | NEW TRAK SYSTEM ID |
| FSV | 08/06/2009 | NT | Loan on DNR report. Per loan audit inspections | CLAIM TELLER - TEMP |
| FSV | 08/06/2009 | NT | need to be done with no contact.   Coded as | CLAIM TELLER - TEMP |
| FSV | 08/06/2009 | NT | inspection type A - No Contact. | CLAIM TELLER - TEMP |
| | 08/05/2009 | FSV | INSP TP A RESULTS RCVD;  ORD DT=07/23/09 | SYSTEM ID |
| | 08/05/2009 | FOR | FORECLOSURE APPROVAL (1)   COMPLETED 08/05/09 | API CSRV |
| FCL | 08/05/2009 | NT | Foreclosure Referral Review Completed | API CSRV |
| FCL | 08/05/2009 | NT | and Management Approved | API CSRV |
| | 08/05/2009 | FOR | APPROVED FOR FCL 08/05/09 | API CSRV |
| | 07/30/2009 | PPT | mtr | ALEXANDRA BALINT |
| | 07/30/2009 | PPT | TASK:0002-FSV-CHANGD FUPDT  11/14/09 | ALEXANDRA BALINT |
| | 07/30/2009 | PPT | mtr | ALEXANDRA BALINT |
| | 07/30/2009 | PPT | TASK:0500-FSV-CHANGD FUPDT  08/09/09 | ALEXANDRA BALINT |
| | 07/30/2009 | PPT | PURSUE PROP PRES   (1)   COMPLETED 07/30/09 | ALEXANDRA BALINT |
| | 07/30/2009 | OL | WDOYDEF - VACANT PROPERTY | ALEXANDRA BALINT |
| FSV | 07/30/2009 | NT | on 99999 report...acct in coll. past due. no | ALEXANDRA BALINT |
| FSV | 07/30/2009 | NT | access. sent vacant letter. **mtr** | ALEXANDRA BALINT |
| FSV | 07/30/2009 | NT | alex tx 3737 | ALEXANDRA BALINT |
| | 07/28/2009 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 07/23/2009 | FSV | INSP TYPE A ORDERED;    REQ CD =SCRIPT | SYSTEM ID |
| FSV | 07/23/2009 | NT | Loan on HFN 2501 report.  Ran script to order | SCRIPT-DEB MCCREA |
| FSV | 07/23/2009 | NT | inspection if needed. | SCRIPT-DEB MCCREA |
| | 07/20/2009 | FSV | INSP TP R RESULTS RCVD;  ORD DT=07/16/09 | JONATHAN VEGA |
| | 07/20/2009 | LMT | LMT BPO/APPRAISAL REC ADDED | JONATHAN VEGA |
| | 07/16/2009 | FSV | INSP TYPE R ORDERED;    REQ CD =1150 | JONATHAN VEGA |
| | 07/10/2009 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 07/10/2009 | DM | EARLY IND: SCORE 298 MODEL EI30S | SYSTEM ID |
| | 07/07/2009 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 07/07/2009 | FSV | INSP TP A RESULTS RCVD;  ORD DT=06/23/09 | SYSTEM ID |
| | 06/29/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 06/23/2009 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 06/11/2009 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 06/10/2009 | DM | EARLY IND: SCORE 355 MODEL EI30S | SYSTEM ID |
| INQ | 06/03/2009 | NT | b1 call to asked info of escrow shortage info | DAVID SAMANO |
| INQ | 06/03/2009 | NT | provide david s/8977111 | DAVID SAMANO |
| ESC | 05/28/2009 | NT | spread shtg 24 months eff 07/09 pmnt, added esc | JANYCE LITA HALL |
| ESC | 05/28/2009 | NT | code 7 amandaw/7550 | JANYCE LITA HALL |

| | | | | |
|---|---|---|---|---|
| INQ25 | 05/28/2009 | CIT | 011 DONE 05/28/09 BY TLR 19258 | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | TSK TYP 130-MANUAL ESCROW A | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | 011 closing cit 130- completed analy eff 07/09 iao | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | 947.75 sent 2:88 ltr to cust to advise. please | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | note will also be sending orig ltr to cust to | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | advise this is exception for sprding shtg and | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | will not be able to do again next yr. | JANYCE LITA HALL |
| INQ25 | 05/28/2009 | CIT | amandaw/7550 | JANYCE LITA HALL |
| | 05/28/2009 | OL | WDOYCUS - ADJUSTMENT LETTER | JANYCE LITA HALL |
| | 05/28/2009 | VEA | ONLINE ESCROW ANALYSIS SENT TO PRINT VENDO | JANYCE LITA HALL |
| | 05/27/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| TAX20 | 05/19/2009 | CIT | 011 new cit 130 | MICHAEL NOYES |
| TAX20 | 05/19/2009 | CIT | please do a new analysis due to paying | MICHAEL NOYES |
| TAX20 | 05/19/2009 | CIT | delqunt taxes. H/O asks us to spread shortage | MICHAEL NOYES |
| TAX20 | 05/19/2009 | CIT | over 24 or 36 months if possible. | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | recvd documentation from h/o asking us to pay | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | taxes and convert to escrow. per pearl at | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | redemption center there are no sold taxes. paid | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | march 2008 base of 735.68 and sept 2008 base of | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | 732.56 now due is 1710.77 plus 5.00 duplicate bill | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | fee, march 2009 base of 734.12 now due 767.15 plus | MICHAEL NOYES |
| TAX | 05/19/2009 | NT | 5.00 duplicate bill fee. | MICHAEL NOYES |
| TAX | 05/14/2009 | NT | b1 xferd to CS  from tax dept abt del taxes.  b1 | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | adv owes for all of 2007 and half of 2008.  rvrwed | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | del amts including int and penalties, escrw | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | cushion,  and add funds to complete nxt  09/09 | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | pmt,   and  basic amt per month.  adv b1 to send | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | all delq info and wrttn req to pay taxes and set | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | up escrw.  also due to fin difficulties adv b1 to | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | request we spread the escrw shrtg 24 months.  adv | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | b1 once escrw complete can inq for new loan mod. | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | faithh/4090 | SCRIPT TERA BROWN |
| TAX | 05/14/2009 | NT | b1 ci re delq taxes he wanting to know if we can | LASHUN WILLIAMS |
| TAX | 05/14/2009 | NT | pd his delq taxes adv h/o what we need to pd his | LASHUN WILLIAMS |
| TAX | 05/14/2009 | NT | delq taxes and convert to esc provide fax # x-fer | LASHUN WILLIAMS |
| TAX | 05/14/2009 | NT | to cc for mortgage pmt infor and est esc pmt | LASHUN WILLIAMS |
| TAX | 05/14/2009 | NT | lashunw/fa/3766 | LASHUN WILLIAMS |
| TAX | 05/14/2009 | NT | b1 ci re taxes he sts his taxes were already del | LORNA TINOSO |
| TAX | 05/14/2009 | NT | and he wld liek to send  proof so that we can | LORNA TINOSO |
| TAX | 05/14/2009 | NT | escrw the accnt xferd to tax  and also re the | LORNA TINOSO |
| TAX | 05/14/2009 | NT | obama plan adv to cb when the accnt is alredy | LORNA TINOSO |
| TAX | 05/14/2009 | NT | escrwed,  lorna t8978286 | LORNA TINOSO |
| | 05/13/2009 | DM | EARLY IND: SCORE 016 MODEL EI16T | SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | | 04/14/2009 | DM | EARLY IND: SCORE 011 MODEL EI16T | SYSTEM ID |
| | | 04/08/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 03/13/2009 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| | | 03/10/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 02/13/2009 | DM | EARLY IND: SCORE 030 MODEL EI16T | SYSTEM ID |
| | | 02/06/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 01/27/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 01/13/2009 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| | | 12/25/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 12/15/2008 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| | | 11/13/2008 | DM | EARLY IND: SCORE 070 MODEL EI16T | SYSTEM ID |
| | | 11/04/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 10/31/2008 | DM | PROMISE BROKEN 10/31/08 PROMISE DT 10/31/08 | SYSTEM ID |
| | | 10/29/2008 | DM | B1 CI TO NOTIFY THAT HE ALREADY SENT CHECK FOR | JILLIE DE LEMOS |
| | | 10/29/2008 | DM | 731.06. JILLIE D8976804 | JILLIE DE LEMOS |
| | | 10/29/2008 | DM | DFLT REASON 1 CHANGED TO: OTHER | JILLIE DE LEMOS |
| | | 10/29/2008 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO BRSS | JILLIE DE LEMOS |
| | INV | 10/20/2008 | CIT | 010 DONE 10/20/08 BY TLR 12928 | JAYME HALL |
| | INV | 10/20/2008 | CIT | TSK TYP 917-PRIV INV LOSS M | JAYME HALL |
| | ALT03 | 10/17/2008 | CIT | 009 Closed cit 431-Corrected arm loan screen to | DIANE KOHRS |
| | ALT03 | 10/17/2008 | CIT | match DNR letter. | DIANE KOHRS |
| | ALT03 | 10/17/2008 | CIT | 009 DONE 10/17/08 BY TLR 02006 | DIANE KOHRS |
| | ALT03 | 10/17/2008 | CIT | TSK TYP 431-ARM LOSS MIT | DIANE KOHRS |
| | | 10/17/2008 | D28 | MANUAL BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 10/16/2008 | LMT | FILE CLOSED        (7)    COMPLETED 10/16/08 | SREENI SRESANKAR |
| | LMT | 10/16/2008 | NT | Moved money from 4N to interest | SREENI SRESANKAR |
| | LMT | 10/16/2008 | NT | curtailment:$85.86 | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | 010 New cit 917. System changes will be made due | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | to the loan mod. | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | Old upb:$130,238.37 , | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | New upb:$132,266.39 ,rate:4.2500%  ,Term:316 , | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | P&I:$696.25 ,Rate effective date:9/9/2008 , | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | Capped amounts-Interest amount:$2,028.02 , | SREENI SRESANKAR |
| | COL07 | 10/16/2008 | CIT | Debt forgiven Corp adv:$85.00 | SREENI SRESANKAR |
| | | 10/15/2008 | PPT | mtr | JOHN REDZIAK |
| | | 10/15/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  11/15/08 | JOHN REDZIAK |
| | COL10 | 10/15/2008 | CIT | 009 new cit 431----will remain ARM | JAYALAKSHMI K |
| | COL10 | 10/15/2008 | CIT | New rate 4.2500%  effective 9/9/2008 | JAYALAKSHMI K |
| | COL10 | 10/15/2008 | CIT | P/I $696.25  effective 10/9/2008 | JAYALAKSHMI K |
| | COL10 | 10/15/2008 | CIT | Next rate chg 9/9/2013 | JAYALAKSHMI K |
| | COL10 | 10/15/2008 | CIT | Next pmt chg 10/9/2013 | JAYALAKSHMI K |
| | COL10 | 10/15/2008 | CIT | Margin of 4.2500% | JAYALAKSHMI K |
| | COL10 | 10/15/2008 | CIT | Max rate of 12.5000% | JAYALAKSHMI K |

| | | | | |
|---|---|---|---|---|
| COL10 | 10/15/2008 | CIT | Cap of 1.0000% to subsequent chg dates | JON HALVERSON |
| | 10/14/2008 | FSV | INSP TP A RESULTS RCVD;   ORD DT=10/01/08 | SYSTEM ID |
| | 10/14/2008 | DM | EARLY IND: SCORE 000 MODEL EI16T | SYSTEM ID |
| | 10/10/2008 | CBR | PREVIOUSLY REPORTED DELINQUENT:NOW CURRENT | SYSTEM ID |
| | 10/10/2008 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 10/10/2008 | FSV | INSP TYPE A CANCELLED;   REQ CD =AUTO DELQ | SYSTEM ID |
| | 10/10/2008 | DM | EARLY IND: SCORE 204 MODEL EI90S | SYSTEM ID |
| LMT | 10/10/2008 | NT | File to 917 n due for Oct...DNR loan... | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | LN MODIFICATION CMP  (1002) COMPLETED 10/10/08 | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | RECV EXEC DOCS      (1031) COMPLETED 10/10/08 | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | LOAN MOD STARTED     (1001) COMPLETED 10/10/08 | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | PURSUE LN MODIFCATN  (1000) COMPLETED 10/10/08 | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | 0000000000 TASK:0000-LMT-REJECTED OPTION  10/10/08 | VIJAY GOPINATHA |
| | 10/10/2008 | LMT |    REJECTED BY:SERVICER | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | REJECT REASON: OTHER | VIJAY GOPINATHA |
| | 10/10/2008 | LMT | MOD RELOADED | VIJAY GOPINATHA |
| COL01 | 10/08/2008 | CIT | 008 DONE 10/08/08 BY TLR 01601 | JESSICA BULLERMAN |
| COL01 | 10/08/2008 | CIT | TSK TYP 805-BREACH RQST-MAN | JESSICA BULLERMAN |
| COL01 | 10/08/2008 | CIT | 008 closing 805, faxed & mailed copy of breach per | JESSICA BULLERMAN |
| COL01 | 10/08/2008 | CIT | req | JESSICA BULLERMAN |
| | 10/08/2008 | OL | WDOYCUS - GENERAL INQUIRY INFO ENCLOSED | JESSICA BULLERMAN |
| | 10/07/2008 | DM | B1 CLD IN TO CHK IF THE REQUEST IS SENT TO THE | ABDUL SAHIL |
| | 10/07/2008 | DM | PERTICULAR DEPT FOR HIS BREACH LETTER, ADVC DHIM | ABDUL SAHIL |
| | 10/07/2008 | DM | THE REQST IS ALREADY SENT AND HAS TO WAIT FOR FEW | ABDUL SAHIL |
| | 10/07/2008 | DM | MORE DAYS,,,,,, ASAHIL | ABDUL SAHIL |
| | 10/07/2008 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO LMDC | ABDUL SAHIL |
| LMT | 10/06/2008 | NT | B1 STTD DIDN'T RECEIVE A COPY OF BREACH LETTER, | VANISHA PATEL |
| LMT | 10/06/2008 | NT | ADVD REQUEST HAS BEEN PUT IN, TAKES 24-48 HRS TO | VANISHA PATEL |
| LMT | 10/06/2008 | NT | PROCESS AND SOMETIMES LONGER, B1 STTD OK - VPATEL | VANISHA PATEL |
| LMT | 10/06/2008 | NT | 6870 | VANISHA PATEL |
| FCL | 10/06/2008 | NT | b1 ci re letter tat prop will be fcl.. xferred to | MARK CORNELIUS |
| FCL | 10/06/2008 | NT | loss mit../cristinep83068 | MARK CORNELIUS |
| | 10/06/2008 | DM | SOUNDS LIKE HE IS NEEDING A BREACH LETTER REQ A | BENJAMIN WILLS |
| | 10/06/2008 | DM | DUPLICARE BREACH TO BE SNT TO PROP ADDRESS WITH | BENJAMIN WILLS |
| | 10/06/2008 | DM | CIT AND ALSO REQ ONE BE FAXED BWILLS6152 | BENJAMIN WILLS |
| | 10/06/2008 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO OAAI | BENJAMIN WILLS |
| | 10/06/2008 | DM | TT B1 VAI ADV ACT STATUS BREACH STD HIS RETIREMENT | BENJAMIN WILLS |
| | 10/06/2008 | DM | IS REQ A CURRENT MTG STMNT IN ORDER TO REL FUNDS | BENJAMIN WILLS |
| | 10/06/2008 | DM | TO HIM THEY WANT SOMETHING SHOWING ACCELERATION OF | BENJAMIN WILLS |
| | 10/06/2008 | DM | MTG AND AMNT DUE SOUNDS LIKE HE IS NEEDING A | BENJAMIN WILLS |
| | 10/06/2008 | DM | BREACH LETTER REQ A DUPLICARE BREACH TO BE SNT TO | BENJAMIN WILLS |
| | 10/06/2008 | DM | PROP ADDRESS WITH CIT AND ALSO REQ | BENJAMIN WILLS |
| | 10/06/2008 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC | BENJAMIN WILLS |

| | | | | |
|---|---|---|---|---|
| COL10 | 10/06/2008 | CIT | 008 new cit#805-please send out a duplicate copy | BENJAMIN WILLS |
| COL10 | 10/06/2008 | CIT | of the breach letter to the property address | BENJAMIN WILLS |
| COL10 | 10/06/2008 | CIT | as well as fax one to 773.493.8731 attn:james | BENJAMIN WILLS |
| COL10 | 10/06/2008 | CIT | jackson b1 did not rcv one and needs it to | BENJAMIN WILLS |
| COL10 | 10/06/2008 | CIT | draw funds from retirement | BENJAMIN WILLS |
| FCL | 10/06/2008 | NT | b1 ci and wants to inq about the status of the | CRYST BLANCIA |
| FCL | 10/06/2008 | NT | loan mod,, and wants to recv a letter for fcl adv | CRYST BLANCIA |
| FCL | 10/06/2008 | NT | xfer the call to LM dept crystb.83156 | CRYST BLANCIA |
| | 10/06/2008 | DM | TT B WANTS TO GET A PMNT INFO LETTER FOR REFI, | BHARATHI KESAGALLA |
| | 10/06/2008 | DM | TRANSFERRED TO CUST SERV..BK | BHARATHI KESAGALLA |
| | 10/06/2008 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC | BHARATHI KESAGALLA |
| | 10/02/2008 | PPT | mtr | JOHN REDZIAK |
| | 10/02/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT 10/11/08 | JOHN REDZIAK |
| | 10/01/2008 | FSV | INSP TYPE A ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | 10/01/2008 | FSV | DELINQ INSP HOLD RELEASED | SYSTEM ID |
| | 09/29/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| COL | 09/15/2008 | NT | BPO VALUE RECEIVED FROM CLEAR CAPITAL | ADAM BJORKLUND |
| | 09/15/2008 | LMT | LMT BPO/APPRAISAL REC ADDED | CHRISTINE PRESTON |
| | 09/12/2008 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 09/11/2008 | PPT | mtr | JOHN REDZIAK |
| | 09/11/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT 09/21/08 | JOHN REDZIAK |
| FSV | 09/11/2008 | NT | fell in que. loan mod approved. will mtr | JOHN REDZIAK |
| FSV | 09/11/2008 | NT | amy tx 3945 | JOHN REDZIAK |
| | 09/10/2008 | DM | EARLY IND: SCORE 291 MODEL EI30S | SYSTEM ID |
| | 09/05/2008 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 09/02/2008 | LMT | TASK:1031-LMT-CHANGD FUPDT 10/02/08 | JUAN AMEZQUITA |
| | 09/02/2008 | LMT | SEND EXEC DOCS    (1040) COMPLETED 09/02/08 | JUAN AMEZQUITA |
| COL10 | 09/02/2008 | CIT | 007 DONE 09/02/08 BY TLR 23709 | JUAN AMEZQUITA |
| COL10 | 09/02/2008 | CIT | TSK TYP 973-AUDIT MOD DOC | JUAN AMEZQUITA |
| COL10 | 09/02/2008 | CIT | 007 DNR Letter sent to TH. | JUAN AMEZQUITA |
| LMT | 08/27/2008 | NT | .docs audited. | SUBHANI SHAIK |
| | 08/27/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| COL08 | 08/22/2008 | CIT | 007 New CIT 973 - Documents are ready in FIS | RICKY COLASITO |
| COL08 | 08/22/2008 | CIT | Desktop to be audited. | RICKY COLASITO |
| | 08/22/2008 | FSV | DELINQ INSP HOLD PLACED; REL DT =09/21/08 | RICKY COLASITO |
| LMT | 08/22/2008 | NT | DNR letter sent to the borrower, system changes | RICKY COLASITO |
| LMT | 08/22/2008 | NT | scheduled for 09/22/08. | RICKY COLASITO |
| | 08/22/2008 | LMT | TASK:1002-LMT-CHANGD FUPDT 09/22/08 | RICKY COLASITO |
| | 08/15/2008 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| LMT | 08/14/2008 | NT | MOD APPRVD: PM CNTRBTN OF $0.00 DUE 8/30/2008; NEW | API LOSS MITIGATION |
| LMT | 08/14/2008 | NT | UPB $132,266.39, TTL CPPD $2,028.02 (INT $2,028.02 | API LOSS MITIGATION |
| LMT | 08/14/2008 | NT | / ESC $0.00), OLD PPTD 07/08, NEW 09/08, OLD RATE | API LOSS MITIGATION |
| LMT | 08/14/2008 | NT | 6.5000%, NEW RATE 4.2500%, ORGNL TERM 326, CRRNT | API LOSS MITIGATION |

| | | | | |
|---|---|---|---|---|
| ▬ | LMT | 08/14/2008 | NT | TERM 319, MOD TERM 316, MAT DATE 1/9/2035, OLD PI | API LOSS MITIGATION |
| ▬ | LMT | 08/14/2008 | NT | $858.72, NEW PI $696.25, OLD PITI $858.72, NEW | API LOSS MITIGATION |
| ▬ | LMT | 08/14/2008 | NT | PITI $696.25 INC RATIO 0.00% WITH SRPLS OF $0.00; | API LOSS MITIGATION |
| ▬ | LMT | 08/14/2008 | NT | RFD: Excessive Obligation- SUBMITTED BY: Cynthia | API LOSS MITIGATION |
| ▬ | LMT | 08/14/2008 | NT | Merrell APPROVED BY: Rachel Welch | API LOSS MITIGATION |
| ▬ | MOD | 08/14/2008 | NT | The terms of the modification are as follows:  Mod | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | Type: Cap; Interest Rate Type: ARM to ARM; | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | Interest Rate: 0.0425; Index Rate: 0.0425; Margin: | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | 0; Next Change Date: 10/9/2013; Floor Change: N; | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | NPV: $8569;  Additional Notes: The borrower does | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | not have enough savings to reinstate the loan and | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | their financials do not support a repayment plan. | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | The credit report has been reviewed.;  Additional | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | Lien(s): None;  Policy Exceptions: discharged BK 7 | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | " | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | "Modification Justification: | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | Hardship: Bankruptcy filed; Date: | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | 1/1/2007-8/14/2008; Monetary Impact: $5000; Income | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | : $2932; Non-Mortgage Expenses: $1907; Current | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | Payment: $858; Cushion: $293.2; Target Payment: | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | $731.8; BPO : $100000; Total Debt: $122256; LTV : | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | 1.22; Proposed Solution: Based on the financial | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | review, property assessment and the payment | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | history, GMAC Mortgage recommends a modification | RACHEL WELCH |
| ▬ | MOD | 08/14/2008 | NT | for the subject property. | RACHEL WELCH |
| ▬ | STOP | 08/14/2008 | NT | LMT2-1, permanent mod approved. $0.00 due by | RACHEL WELCH |
| ▬ | STOP | 08/14/2008 | NT | 8/30/08. No documents required discharged bk 7. | RACHEL WELCH |
| ▬ | STOP | 08/14/2008 | NT | interest rate 4.25%, margin 4.25%, no change to | RACHEL WELCH |
| ▬ | STOP | 08/14/2008 | NT | ceiling or floor, next change date 10/9/2013. | RACHEL WELCH |
| ▬ | STOP | 08/14/2008 | NT | rwelch x2563 | RACHEL WELCH |
| ▬ | | 08/14/2008 | LMT | MODIFCATN APPRVD INV (1232) COMPLETED 08/14/08 | RACHEL WELCH |
| ▬ | | 08/14/2008 | LMT | MODIFCATN RECMMD INV (1231) COMPLETED 08/14/08 | RACHEL WELCH |
| ▬ | | 08/14/2008 | LMT | LOAN MOD STARTED    (1001) COMPLETED 08/14/08 | RACHEL WELCH |
| ▬ | | 08/14/2008 | LMT | BPO OBTAINED      (5)    COMPLETED 08/14/08 | RACHEL WELCH |
| ▬ | | 08/14/2008 | LMT | BPO ORDERED      (4)    COMPLETED 08/14/08 | RACHEL WELCH |
| ▬ | | 08/14/2008 | ET | 10170 REPAYMENT PLAN CANCEL LETTER   08/14 | RACHEL WELCH |
| ▬ | | 08/14/2008 | FOR | 0000000000 TASK:0000-LMT-REJECTED OPTION  08/14/08 | RACHEL WELCH |
| ▬ | | 08/14/2008 | FOR | REJECTED BY:SERVICER | RACHEL WELCH |
| ▬ | | 08/14/2008 | FOR | REJECT REASON: OTHER | RACHEL WELCH |
| ▬ | | 08/14/2008 | FOR | CONVERTING TO PM | RACHEL WELCH |
| ▬ | | 08/14/2008 | DM | REPAY PLAN CANCELED MANUALLY | RACHEL WELCH |
| ▬ | | 08/14/2008 | LMT | PURSUE LN MODIFCATN  (1000) COMPLETED 08/14/08 | RACHEL WELCH |
| ▬ | FSV | 08/14/2008 | NT | repay current. monitor for pymt | JOHN REDZIAK |

| | FSV | 08/14/2008 | NT | amy tx 3945 | JOHN REDZIAK |
|---|---|---|---|---|---|
| | | 08/14/2008 | PPT | mtr | JOHN REDZIAK |
| | | 08/14/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  10/14/08 | JOHN REDZIAK |
| | | 08/14/2008 | PPT | mtr | JOHN REDZIAK |
| | | 08/14/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  09/07/08 | JOHN REDZIAK |
| | | 08/12/2008 | DM | EARLY IND: SCORE 341 MODEL EI30S | SYSTEM ID |
| | | 08/11/2008 | DM | EARLY IND: SCORE 005 MODEL EI16T | SYSTEM ID |
| | | 07/29/2008 | DM | EARLY IND: SCORE 005 MODEL EI16T | SYSTEM ID |
| | | 07/29/2008 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 07/18/2008 | CBR | PREVIOUSLY REPORTED DELINQUENT:NOW CURRENT | SYSTEM ID |
| | FSV | 07/16/2008 | NT | repay current. monitor for pymt | JOHN REDZIAK |
| | | 07/16/2008 | PPT | mtr | JOHN REDZIAK |
| | | 07/16/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  09/08/08 | JOHN REDZIAK |
| | | 07/16/2008 | PPT | mtr | JOHN REDZIAK |
| | | 07/16/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  08/07/08 | JOHN REDZIAK |
| | | 07/10/2008 | DM | EARLY IND: SCORE 341 MODEL EI30S | SYSTEM ID |
| | | 06/30/2008 | DM | EARLY IND: SCORE 005 MODEL EI16T | SYSTEM ID |
| | LMT | 06/30/2008 | NT | Repay Deposit Received. | BEVERLY STEPHENSON |
| | | 06/30/2008 | LMT | TEMP REPAY STARTED  (4252) COMPLETED 06/30/08 | BEVERLY STEPHENSON |
| | | 06/30/2008 | LMT | REC'D EXECUTED DOCS  (4100) COMPLETED 06/30/08 | BEVERLY STEPHENSON |
| | COL10 | 06/11/2008 | CIT | 006 DONE 06/11/08 BY TLR 20547 | JUSTIN ANDERSON |
| | COL10 | 06/11/2008 | CIT | TSK TYP 847-LOAN MOD REFERR | JUSTIN ANDERSON |
| | | 06/10/2008 | DM | EARLY IND: SCORE 341 MODEL EI30S | SYSTEM ID |
| | | 06/06/2008 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | FSV | 06/05/2008 | NT | on 9999 report. repay current. mtr for pymt | JOHN REDZIAK |
| | FSV | 06/05/2008 | NT | amy tx 3945 | JOHN REDZIAK |
| | | 06/05/2008 | PPT | mtr | JOHN REDZIAK |
| | | 06/05/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  08/05/08 | JOHN REDZIAK |
| | | 06/05/2008 | PPT | mtr | JOHN REDZIAK |
| | | 06/05/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  07/07/08 | JOHN REDZIAK |
| | | 06/05/2008 | PPT | PURSUE PROP PRES    (1)    COMPLETED 06/05/08 | JOHN REDZIAK |
| | | 06/04/2008 | FSV | INSP TP A RESULTS RCVD;  ORD DT=05/26/08 | SYSTEM ID |
| | | 06/04/2008 | DM | TT B1; STATED THAT THE BORROWER WANTED TO GET ON A | BRIAN CASEY RAY |
| | | 06/04/2008 | DM | MOD, AFEETER TAKING FINA, WE MIGHT BE ALBE TO TAKE | BRIAN CASEY RAY |
| | | 06/04/2008 | DM | DLQ BALANCE AND PUT TOWARDS THE END OF THE LOAN, | BRIAN CASEY RAY |
| | | 06/04/2008 | DM | UNDERSTOOD, SEE GLO NOTES BRAY/6775 | BRIAN CASEY RAY |
| | | 06/04/2008 | DM | ACTION/RESULT CD CHANGED FROM BRUN TO LMDC | BRIAN CASEY RAY |
| | STOP | 06/04/2008 | NT | LMT2-1 | BRIAN CASEY RAY |
| | STOP | 06/04/2008 | NT | Please take 858.27 due 06/27,07/27,08/27,09/27 and | BRIAN CASEY RAY |
| | STOP | 06/04/2008 | NT | bal due 10/27 for temp plan to mod, no breach or | BRIAN CASEY RAY |
| | STOP | 06/04/2008 | NT | fcl bray/6775 | BRIAN CASEY RAY |
| | MOD | 06/04/2008 | NT | TEMP PLAN TO MOD | BRIAN CASEY RAY |
| | MOD | 06/04/2008 | NT | Borrower had an unexpected expense for daughters | BRIAN CASEY RAY |

| | | | | |
|---|---|---|---|---|
| MOD | 06/04/2008 | NT | college and has been running behind since Dec07 | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | oop at least 1.5k, hs over PLAN: 858.72 due | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | 06/27,07/27,08/27,09/27 and bal due 10/27 for | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | trial to mod BPO: on file HAZ:borrower provided | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | TAX:nonescrowed 401K/Sav: does not have, depleated | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | -cred,lf,breach and fcl explained FINA: supports a | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | mod RFD:matches pay history sof:paychecks, left | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | remainder of surplus with borrower behind on all | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | bills, explained escrow of pmt, understood, bk may | BRIAN CASEY RAY |
| MOD | 06/04/2008 | NT | not allow for ppln to be sent bray/6775 | BRIAN CASEY RAY |
| COL10 | 06/04/2008 | CIT | 006 CIT 847 Mod referral bray/6775 | BRIAN CASEY RAY |
| 00 | 06/04/2008 | RPA | REPAY PLAN SET UP | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | LMT SOLUTN PURSUED   (6)   COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | COMPLETE FIN PKG REC (3)   COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | REPAY PLAN STARTED   (4001) COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | REPAY APPRV BY INV   (4232) COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | REPAY RECOMD TO INV (4231) COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | ASSESS FINANCL PKG   (2)   COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | REFERRD TO LOSS MIT   (1)   COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | PURSUE REPAY PLAN    (4000) COMPLETED 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | LMT | APPROVED FOR LMT 06/04/08 | BRIAN CASEY RAY |
| | 06/04/2008 | FOR | LMT BORR FIN REC ADDED | BRIAN CASEY RAY |
| FCL | 06/04/2008 | NT | b1  and james/educatn house prgm wntd info on why | SHERRY HEGENBARTH |
| FCL | 06/04/2008 | NT | mod declnd adv of loss mit numb and trans | SHERRY HEGENBARTH |
| FCL | 06/04/2008 | NT | sherry421 | SHERRY HEGENBARTH |
| | 06/03/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 05/26/2008 | FSV | INSP TYPE A ORDERED;   REQ CD =AUTO DELQ | SYSTEM ID |
| FSV | 05/23/2008 | NT | Loan on pres DNR bky report. Per Audit, | KIM BERRY |
| FSV | 05/23/2008 | NT | insp need to be no contact insp. Coded | KIM BERRY |
| FSV | 05/23/2008 | NT | C,A,A on FIE ORD = no contact insp. | KIM BERRY |
| | 05/13/2008 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 05/12/2008 | DM | EARLY IND: SCORE 341 MODEL EI30S | SYSTEM ID |
| | 05/09/2008 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 05/07/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 05/06/2008 | DM | TTB1, VAI, LTCH, NEG CRED,TAD,CGEDDES,BRCH 6838, | CHRISTOPHER GEDDES |
| | 05/06/2008 | DM | RFD AND FINB DCLD, STD WAS @ THE LOCATION SEND THE | CHRISTOPHER GEDDES |
| | 05/06/2008 | DM | MONEY NO TIME TO SPK...AND HU. | CHRISTOPHER GEDDES |
| | 05/06/2008 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO BRUN | CHRISTOPHER GEDDES |
| | 05/05/2008 | DM | PROMISE BROKEN 05/05/08 PROMISE DT 05/05/08 | SYSTEM ID |
| | 05/02/2008 | DM | TT B1 VI TAD RFD:WAS WAITING FOR A LOAN | TERRI JONES |
| | 05/02/2008 | DM | MODI:DECLINE:DUE TO BUSH LOAN:ADV OF BREACH/LTE | TERRI JONES |
| | 05/02/2008 | DM | FEES FOR MARCH/APRIL/CREDIT:WILL BE MKING MARCH | TERRI JONES |
| | 05/02/2008 | DM | PMT ON 05/03 FOR 901.65:ADDIT PMT ON 05/16 FOR | TERRI JONES |

| | Date | Code | Description | User |
|---|---|---|---|---|
| | 05/02/2008 | DM | 1095.01:DECLINE SPEEDPAY:TJONES22909 | TERRI JONES |
| | 05/02/2008 | DM | ACTION/RESULT CD CHANGED FROM BRLM TO BRSS | TERRI JONES |
| | 04/25/2008 | CBR | DELINQUENT: 30 DAYS | SYSTEM ID |
| | 04/16/2008 | FSV | INSP TP D RESULTS RCVD; ORD DT=04/07/08 | SYSTEM ID |
| | 04/14/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 04/14/2008 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | 04/11/2008 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 04/11/2008 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| CSH05 | 04/11/2008 | CIT | 005 DONE 04/11/08 BY TLR 18928 | KAREE DIXON |
| CSH05 | 04/11/2008 | CIT | TSK TYP 827-LOSS MIT INSTRU | KAREE DIXON |
| | 04/10/2008 | DM | EARLY IND: SCORE 291 MODEL EI30S | SYSTEM ID |
| COL10 | 04/10/2008 | CIT | 005 retargeting cit:please post funds nad | TANISHIA ALBERT-MOSL |
| COL10 | 04/10/2008 | CIT | remaining funds in 1u to the 02/08 pmt. thank | TANISHIA ALBERT-MOSL |
| COL10 | 04/10/2008 | CIT | you | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | LMT | FILE CLOSED (7) COMPLETED 04/10/08 | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | ET | 10170 REPAYMENT PLAN CANCEL LETTER 04/10 | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | FOR | 0000000000 TASK:0000-LMT-REJECTED OPTION 04/10/08 | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | FOR | REJECTED BY:SERVICER | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | FOR | REJECT REASON: OTHER | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | FOR | BALLOON PMT DUE-PREV MOD, NOT ABLE TO SETUP AGAIN | TANISHIA ALBERT-MOSL |
| | 04/10/2008 | DM | REPAY PLAN CANCELED MANUALLY | TANISHIA ALBERT-MOSL |
| CSH05 | 04/09/2008 | CIT | 005 New cit 827 - Received $858.72 in 1u please | KAREE DIXON |
| CSH05 | 04/09/2008 | CIT | advise if fund should be posted or returned. | KAREE DIXON |
| | 04/08/2008 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 04/07/2008 | DM | PROMISE BROKEN 04/07/08 PROMISE DT 04/06/08 | SYSTEM ID |
| | 04/07/2008 | FSV | INSP TYPE D ORDERED; REQ CD =AUTO DELQ | SYSTEM ID |
| | 04/07/2008 | FSV | DELINQ INSP HOLD RELEASED | SYSTEM ID |
| | 03/27/2008 | DM | CLLD B1...ADVSD THAT ANOTHER LN MOD WAS DONE | HANS JACOBS |
| | 03/27/2008 | DM | 11/09/07 & THIS MOD THATS PENDING MAY BE CANCELLED | HANS JACOBS |
| | 03/27/2008 | DM | PER ONLY 1 MOD PRE LOAN. SENT EMAILTO PTRAYLOR FOR | HANS JACOBS |
| | 03/27/2008 | DM | STTUS. HJACOBS//6229 | HANS JACOBS |
| | 03/27/2008 | DM | ACTION/RESULT CD CHANGED FROM BRLM TO BRLM | HANS JACOBS |
| | 03/26/2008 | DM | CLLD B1...ADVSD THAT MOD IS PENDING. ALSO I WILL | HANS JACOBS |
| | 03/26/2008 | DM | CALL 3/27/08 W/POSSIBLE STTUS OF MOD. | HANS JACOBS |
| | 03/26/2008 | DM | HJACOBS//6229 | HANS JACOBS |
| | 03/26/2008 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRLM | HANS JACOBS |
| | 03/26/2008 | DM | B1 CI.VI.XFEREED TO LM. GAVE EXT.ADV CC,CL,LC,-CR, | CATHERINE AMURAO |
| | 03/26/2008 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | CATHERINE AMURAO |
| LMT | 03/25/2008 | NT | rcvd forb. image as forb. fwd to cwest. | SONYA WALTON |
| LMT | 03/25/2008 | NT | swalton2756 | SONYA WALTON |
| | 03/25/2008 | DM | CORR.B1 CI VRFD ADV THAT ACCNT IS NOW HANDLE BY | CHRISTINE OJERIO |
| | 03/25/2008 | DM | LM, AND HE WAS SU RPP BY LM, B1 SAID THAT RPP IS | CHRISTINE OJERIO |
| | 03/25/2008 | DM | NOT CORRECT | CHRISTINE OJERIO |

| | | | | |
|---|---|---|---|---|
| | 03/25/2008 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | CHRISTINE OJERIO |
| | 03/25/2008 | DM | LM, AND HE WAS SU RPP BY LM, B1 SAID THAT RPP IS | CHRISTINE OJERIO |
| | 03/25/2008 | DM | NOT CORRECT | CHRISTINE OJERIO |
| | 03/25/2008 | DM | ACTION/RESULT CD CHANGED FROM BRTR TO OAAI | CHRISTINE OJERIO |
| LMT | 03/25/2008 | NT | recd repayment plan, imaged as forb, sent to | GEVONA LEE |
| LMT | 03/25/2008 | NT | Clayton West, glee1@2863. | GEVONA LEE |
| LMT | 03/25/2008 | NT | recd repayment plan, imaged as forb, sent to | GEVONA LEE |
| LMT | 03/25/2008 | NT | Clayton West, 359323716 | GEVONA LEE |
| | 03/21/2008 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 03/14/2008 | LMT | LMT BPO/APPRAISAL REC ADDED | ADAM BJORKLUND |
| | 03/11/2008 | DM | EARLY IND: SCORE 325 MODEL EI30S | SYSTEM ID |
| | 03/10/2008 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| FSV | 03/10/2008 | NT | on chicago v/o report. repay current. monitor for | JOHN REDZIAK |
| FSV | 03/10/2008 | NT | pymt | JOHN REDZIAK |
| FSV | 03/10/2008 | NT | amy tx 3945 | JOHN REDZIAK |
| | 03/10/2008 | PPT | mtr | JOHN REDZIAK |
| | 03/10/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  05/10/08 | JOHN REDZIAK |
| | 03/10/2008 | PPT | mtr | JOHN REDZIAK |
| | 03/10/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  04/16/08 | JOHN REDZIAK |
| | 03/07/2008 | NT | mort, ver the sys has been updated that the | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | utilities are on. adv when we inspected the prop @ | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | the end of jan it appeared vacant & we got report | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | that utiilies were off so we were in the process | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | of securing the prop. ver we have a way to ck to | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | see if util are on, adv I don't know why report | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | came back wrong b/c he says they have never been | GWENDOLYN WHEATON |
| | 03/07/2008 | NT | off. ver pymt was recvd yest...gwheaton6949 | GWENDOLYN WHEATON |
| FCL | 03/07/2008 | NT | b1 ci to verify if we already rcvd proof of | KENNETH ROSALES |
| FCL | 03/07/2008 | NT | occupancy...xfrd to loss mit dept. kenneth/r. | KENNETH ROSALES |
| FCL | 03/07/2008 | NT | 73550 | KENNETH ROSALES |
| | 03/07/2008 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| INQ50 | 03/04/2008 | CIT | 004 DONE 03/04/08 BY TLR 02071 | NORMAN KENNEDY |
| INQ50 | 03/04/2008 | CIT | TSK TYP 121-UPDATE CURRENT | NORMAN KENNEDY |
| INQ50 | 03/04/2008 | CIT | 004 new cit 121 - recvd copy of gas and util bill | NORMAN KENNEDY |
| INQ50 | 03/04/2008 | CIT | showing prop is occ. updated occ code. closing | NORMAN KENNEDY |
| INQ50 | 03/04/2008 | CIT | cit james w | NORMAN KENNEDY |
| 00 | 03/04/2008 | EDR | RFCN  ACTION CODE 1 CHANGED FROM 28 TO | NORMAN KENNEDY |
| 00 | 03/04/2008 | EDR | RFCN  ACTION DT 1 CHANGED 01/11/08 TO 00/00/00 | NORMAN KENNEDY |
| 00 | 03/04/2008 | EDR | PROPERTY OCCUPANCY STATUS CHANGED FROM 3 TO 1 | NORMAN KENNEDY |
| FCL | 03/03/2008 | NT | b1 ci requesting to be transferred to loss mit. | JOAN SADDLER |
| FCL | 03/03/2008 | NT | transferred cus. jose/71613 | JOAN SADDLER |
| | 02/28/2008 | PPT | mtr | JOHN REDZIAK |
| | 02/28/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  04/28/08 | JOHN REDZIAK |

| | 02/28/2008 | PPT | mtr | JOHN REDZIAK |
| | 02/28/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  03/16/08 | JOHN REDZIAK |
| FSV | 02/28/2008 | NT | repay current. monitor for pymt | JOHN REDZIAK |
| FSV | 02/28/2008 | NT | amy tx 3945 | JOHN REDZIAK |
| | 02/25/2008 | FSV | INSP TP R RESULTS RCVD;   ORD DT=02/21/08 | ADAM BJORKLUND |
| COL | 02/25/2008 | NT | BPO VALUE RECEIVED FROM CLEAR CAPITAL | ADAM BJORKLUND |
| | 02/22/2008 | CBR | DELINQUENT:  30  DAYS | SYSTEM ID |
| | 02/21/2008 | FSV | INSP TYPE R ORDERED;     REQ CD =1150 | ADAM BJORKLUND |
| | 02/21/2008 | D28 |      BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 02/20/2008 | DM | AUTOMATED INTEREST ACCRUAL HOLD INACTIVE | SYSTEM ID |
| | 02/20/2008 | LMT | REPAY PLAN STARTED   (4001) COMPLETED 02/20/08 | CHRISTINE SIMPSON |
| 00 | 02/20/2008 | RPA | REPAY PLAN SET UP | CHRISTINE SIMPSON |
| | 02/20/2008 | LMT | TEMP REPAY STARTED  (4252) COMPLETED 02/20/08 | CHRISTINE SIMPSON |
| | 02/20/2008 | LMT | BPO ORDERED       (4)    COMPLETED 02/20/08 | CHRISTINE SIMPSON |
| | 02/20/2008 | LMT | REPAY APPRV BY INV  (4232) COMPLETED 02/20/08 | CHRISTINE SIMPSON |
| | 02/20/2008 | LMT | REPAY RECOMD TO INV (4231) COMPLETED 02/20/08 | CHRISTINE SIMPSON |
| | 02/20/2008 | LMT | PURSUE REPAY PLAN   (4000) COMPLETED 02/20/08 | CHRISTINE SIMPSON |
| COL10 | 02/20/2008 | CIT | 003 DONE 02/20/08 BY TLR 21579 | CHRISTINE SIMPSON |
| COL10 | 02/20/2008 | CIT | TSK TYP 840-FUNDS RECEIVED | CHRISTINE SIMPSON |
| | 02/20/2008 | DM | B1 CI VI..ASKED FOR THE FAX NUMEBR OF THE LOSS | CARMELA MONTE |
| | 02/20/2008 | DM | MIT..GAVE THE FAX NUMBER OF LOSS MIT | CARMELA MONTE |
| | 02/20/2008 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO BRTR | CARMELA MONTE |
| | 02/15/2008 | ARC | AUTO RESET STOP CODE 2 = 1 | SYSTEM ID |
| | 02/14/2008 | PPT | mtr | JOHN REDZIAK |
| | 02/14/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  02/18/08 | JOHN REDZIAK |
| | 02/11/2008 | DM | EARLY IND: SCORE 343 MODEL EI30S | SYSTEM ID |
| FSV | 02/11/2008 | NT | Loan on Repay - Attempted to cancel | KIM BERRY |
| FSV | 02/11/2008 | NT | all open inspection orders. | KIM BERRY |
| LMT | 02/11/2008 | NT | Repayment plan mailed FedEx, trk# | CHARLESETTA LEWIS |
| LMT | 02/11/2008 | NT | 7992 7041 6496.........Clewis 8746609 | CHARLESETTA LEWIS |
| | 02/11/2008 | OL | WDOYDEF - REPAY ARRANGEMENTS | CHARLESETTA LEWIS |
| | 02/11/2008 | RES | ON-LINE REPAYMENT SCHEDULE | CHARLESETTA LEWIS |
| | 02/08/2008 | DM | CLLD B1...ADVSD I WILL MAIL 3-MO TEMP PLAN TO HIM | HANS JACOBS |
| | 02/08/2008 | DM | TO SIGN & FAX BACK. HJACOBS//6229 | HANS JACOBS |
| | 02/08/2008 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC | HANS JACOBS |
| | 02/08/2008 | RES | ON-LINE REPAYMENT SCHEDULE | HANS JACOBS |
| | 02/08/2008 | LMT | REPAY PLAN STARTED   (4001) COMPLETED 02/08/08 | HANS JACOBS |
| 00 | 02/08/2008 | RPA | REPAY PLAN SET UP | HANS JACOBS |
| FSV | 02/08/2008 | NT | on chicago v/o report. already monitoring | JOHN REDZIAK |
| CSH05 | 02/07/2008 | CIT | 003 New cit 840 - recvd $901.65   on 02/06/08 | CLAIM TELLER - TEMP |
| CSH05 | 02/07/2008 | CIT | funds in 1u | CLAIM TELLER - TEMP |
| | 02/06/2008 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| | 02/06/2008 | PPT | mtr | JOHN REDZIAK |

| | 02/06/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT 02/12/08 | |
| | 01/31/2008 | FSV | INSP TP D RESULTS RCVD;  ORD DT=01/23/08 | SYSTEM ID |
| | 01/31/2008 | PPT | mtr | JOHN REDZIAK |
| | 01/31/2008 | PPT | TASK:0002-FSV-CHANGD FUPDT  04/01/08 | JOHN REDZIAK |
| | 01/31/2008 | PPT | mtr | JOHN REDZIAK |
| | 01/31/2008 | PPT | TASK:0500-FSV-CHANGD FUPDT  02/03/08 | JOHN REDZIAK |
| | 01/31/2008 | PPT | PURSUE PROP PRES    (1)   COMPLETED 01/31/08 | JOHN REDZIAK |
| FSV | 01/31/2008 | NT | recd on vacant que. r@p on 1/28/08. v/o. utils | JOHN REDZIAK |
| FSV | 01/31/2008 | NT | off. no damage. for sale. loan mod pending. acct | JOHN REDZIAK |
| FSV | 01/31/2008 | NT | due for 12/9/07. will monitor | JOHN REDZIAK |
| FSV | 01/31/2008 | NT | amy tx 3945 | JOHN REDZIAK |
| COL10 | 01/30/2008 | CIT | 002 DONE 01/30/08 BY TLR 30193 | SHERI HEIDEMAN |
| COL10 | 01/30/2008 | CIT | TSK TYP 841-MONITOR REPAY N | SHERI HEIDEMAN |
| COL10 | 01/30/2008 | CIT | 001 DONE 01/30/08 BY TLR 20027 | PHILIP TRAYLOR |
| COL10 | 01/30/2008 | CIT | TSK TYP 847-LOAN MOD REFERR | PHILIP TRAYLOR |
| | 01/29/2008 | DM | A3RDPTY (DAVID) & B1 CALLED TO GET MOD. TOOK | HANS JACOBS |
| | 01/29/2008 | DM | FIN-SURP=$55.00...SUBMITTED FOR MOD REF - DWNPY | HANS JACOBS |
| | 01/29/2008 | DM | IAO $901.65 DUE 02/06/08. ADVSD OF BUSH RATE FRZ. | HANS JACOBS |
| | 01/29/2008 | DM | HJACOBS//6228 | HANS JACOBS |
| | 01/29/2008 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO LMDC | HANS JACOBS |
| STOP | 01/29/2008 | NT | LMT=21 - Loan Mod. Deposit iao $901.65 due | HANS JACOBS |
| STOP | 01/29/2008 | NT | 02/06/08. | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | 002 NEW CIT#841 - Loan Mod. Deposit iao $901.65 | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | due 02/06/08. No FCL date set. Stop-Gap. | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | 001 NEW CIT#847 - Loan Mod | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | RFD: Off from wk due to FMLA. | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | START: Jan'07 - END: Jan'08 | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | MONETARY: $1100/mo...No 401K available. | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | REFI: No avail due to Crdt (Bkrptcy Jul'07) | HANS JACOBS |
| COL10 | 01/29/2008 | CIT | BPO: Ordered 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | LMT SOLUTN PURSUED   (6)    COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | COMPLETE FIN PKG REC (3)    COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | REPAY APPRV BY INV   (4232) COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | REPAY RECOMD TO INV (4231) COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | ASSESS FINANCL PKG   (2)    COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | REFERRD TO LOSS MIT  (1)    COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | PURSUE REPAY PLAN    (4000) COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | PURSUE LN MODIFCATN  (1000) COMPLETED 01/29/08 | HANS JACOBS |
| | 01/29/2008 | LMT | APPROVED FOR LMT 01/29/08 | HANS JACOBS |
| MOD | 01/29/2008 | NT | MOD REFERRAL: | HANS JACOBS |
| MOD | 01/29/2008 | NT | RFD: B1 off from wk (FMLA) due to Spinal | HANS JACOBS |
| MOD | 01/29/2008 | NT | injury, misses days here & there, thus losing pay | HANS JACOBS |
| MOD | 01/29/2008 | NT | START: Jan'07 - END: Jan'08 | HANS JACOBS |

| | MOD | 01/29/2008 | NT | MONETARY: $1100/mo...No 401K available. | HANS JACOBS |
|---|---|---|---|---|---|
| | MOD | 01/29/2008 | NT | REFI: No available due to Credit (Bkrptcy Jul'07) | HANS JACOBS |
| | MOD | 01/29/2008 | NT | BPO Ordered: Yes...01/29/08 | HANS JACOBS |
| | | 01/29/2008 | FOR | LMT BORR FIN REC ADDED | HANS JACOBS |
| | | 01/29/2008 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | | 01/23/2008 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| | | 01/21/2008 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| | | 01/21/2008 | DMD | 01/21/08 17:40:26 ANS MACH | DAVOX INCOMING FILE |
| | | 01/21/2008 | DMD | 01/21/08 17:39:46 ANS MACH | DAVOX INCOMING FILE |
| | | 01/18/2008 | DMD | 01/18/08 13:47:11 NO ANS | DAVOX INCOMING FILE |
| | | 01/18/2008 | DMD | 01/18/08 08:03:10  2 | DAVOX INCOMING FILE |
| | | 01/18/2008 | DMD | 01/18/08 08:02:42 ANS MACH | DAVOX INCOMING FILE |
| | | 01/17/2008 | DMD | 01/17/08 14:39:23 ANS MACH | DAVOX INCOMING FILE |
| | | 01/17/2008 | DMD | 01/17/08 08:03:00 ANS MACH | DAVOX INCOMING FILE |
| | | 01/17/2008 | DMD | 01/17/08 08:02:07 ANS MACH | DAVOX INCOMING FILE |
| | | 01/16/2008 | DMD | 01/16/08 18:06:57 ANS MACH | DAVOX INCOMING FILE |
| | | 01/16/2008 | DMD | 01/16/08 13:20:19 ANS MACH | DAVOX INCOMING FILE |
| | | 01/16/2008 | DMD | 01/16/08 13:19:47 NO ANS | DAVOX INCOMING FILE |
| | | 01/14/2008 | LMT | FILE CLOSED        (7)   COMPLETED 01/14/08 | PAUL WILLIAMS |
| | | 01/11/2008 | D19 | BREACH JAMES C JACKSON | SYSTEM ID |
| | | 01/11/2008 | LMT | TIRA EXECUTED        (1075) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TIRA COMPLETED      (1074) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TIRA FAILED        (1073) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TRIAL MOD EXECUTED  (1055) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TRIAL MOD COMPLETED (1054) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TRIAL MOD FAILED    (1053) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | PREEMPTV MOD SOLICTN (1095) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TIRA APPROVED        (1072) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | TRIAL MOD APPROVED   (1052) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | BPO OBTAINED         (5)   DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | BPO ORDERED          (4)   DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | FILE CLOSED        (7)   DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | LN MODIFICATION CMP  (1002) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | LMT SOLUTN PURSUED   (6)   DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | RECV EXEC DOCS       (1031) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | COMPLETE FIN PKG REC (3)  DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | MODIFCATN APPRVD INV (1232) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | MODIFCATN RECMMD INV (1231) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | SEND EXEC DOCS      (1001) DE-ARCHIVED | SYSTEM ID |
| zx | | 01/11/2008 | LMT | ASSESS FINANCL PKG   (2)  DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | PURSUE LN MODIFCATN  (1000) DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | REFERRD TO LOSS MIT  (1)  DE-ARCHIVED | SYSTEM ID |
| | | 01/11/2008 | LMT | FILE CLOSED        (7)   COMPLETED 01/11/08 | LARA DORSEY |

| | 01/11/2008 | LMT | LN MODIFICATION CMP (1002) COMPLETED 01/11/08 | |
| | 01/11/2008 | LMT | SEND EXEC DOCS    (1001) COMPLETED 01/11/08 | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | 12/21/07 ltr sent adv the account | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | qualifies for 5 yr rate freeze under the | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | servicer pre-emptive mod program. This | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | account is an owner occupied ARM loan. | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | in order to qualify this acct must be | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | current at the time of the 1st pmt chg | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | w/ at least 1 30d late in the past 12 mo | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | the LTV must > 75%; the pend pmt chg must increase | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | 20% over the current pmt and the FICO score is | LARA DORSEY |
| PRMOD | 01/11/2008 | NT | less than 700. | LARA DORSEY |
| | 01/10/2008 | DM | EARLY IND: SCORE 346 MODEL EI30S | SYSTEM ID |
| ALT | 01/08/2008 | NT | Received signed ARM Rate Freeze Letter | JACOB HUTCHISON |
| ALT | 01/08/2008 | NT | from borrower(s); sent to be imaged | JACOB HUTCHISON |
| | 12/26/2007 | DM | PROMISE BROKEN 12/26/07 PROMISE DT 12/26/07 | SYSTEM ID |
| | 12/26/2007 | FSV | DELINQ INSP HOLD RELEASED | SYSTEM ID |
| ALT | 12/21/2007 | NT | Loss Mit work out. Rate Freeze. letter | ANN MCCAHEN |
| ALT | 12/21/2007 | NT | sent to customer. | ANN MCCAHEN |
| | 12/19/2007 | LMT | PURSUE LN MODIFCATN (1000) COMPLETED 12/19/07 | PAUL WILLIAMS |
| | 12/19/2007 | LMT | APPROVED FOR LMT 12/19/07 | PAUL WILLIAMS |
| | 12/14/2007 | OL | WDOYCREDIT AMEND LTR FROM CR AMEND SCRIP | JOAQUIN MARTELLI |
| INQ | 12/14/2007 | NT | Via script, credit amend completed for as 1time | JOAQUIN MARTELLI |
| INQ | 12/14/2007 | NT | courtesy w/ goodrating.. Year:2007 Month:11 | JOAQUIN MARTELLI |
| INQ | 12/14/2007 | NT | Days:34 | JOAQUIN MARTELLI |
| | 12/13/2007 | DM | EARLY IND: SCORE 006 MODEL EI16T | SYSTEM ID |
| | 12/13/2007 | DM | B1 CI, V/I. ADV ON REPAY. SD HE WUQC A PMT FOR | SARAH ALORIA |
| | 12/13/2007 | DM | $358.73 W/ MTCN: 170-1770-4818 LAST 12/12. RFD | SARAH ALORIA |
| | 12/13/2007 | DM | -DAUGHTER IN COLLEGE, HAS FILED BKR BEFORE. SD HE | SARAH ALORIA |
| | 12/13/2007 | DM | HAS BN ADV THAT CR FOR NOV WIL BE AMENDED. ADV YES | SARAH ALORIA |
| | 12/13/2007 | DM | IT WS NOTED. ADV CC,LTRS,LC,CR. | SARAH ALORIA |
| | 12/13/2007 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO OAAI | SARAH ALORIA |
| | 12/13/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 12/11/2007 | DM | EARLY IND: SCORE 370 MODEL EI30S | SYSTEM ID |
| | 12/10/2007 | DM | EARLY IND: SCORE 030 MODEL EI16T | SYSTEM ID |
| | 12/10/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| | 12/10/2007 | DMD | 12/10/07 08:44:30 SUCCESSFUL | DAVOX INCOMING FILE |
| | 12/10/2007 | DMD | 12/10/07 08:37:43 NO ANS | DAVOX INCOMING FILE |
| | 12/10/2007 | DM | TT B1 OB VAI; H/O STATED THAT HE WP $358.73 ON | KEWANNA FREENEY |
| | 12/10/2007 | DM | 12/12 AND 858.73 ON 12/26 VIA WU. KFREENEY 6836 | KEWANNA FREENEY |
| | 12/10/2007 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRSS | KEWANNA FREENEY |
| 00 | 12/10/2007 | RPA | REPAY PLAN SET UP | KEWANNA FREENEY |
| | 12/07/2007 | DM | B1 CI WITH MTCN-7970561743 FOR $500.00 | TRAVIS HAYES |

|     |     | 12/07/2007 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO BUN | JOAQUIN MARTELLI |
| --- | --- | --- | --- | --- | --- |
|     |     | 12/07/2007 | DM | TT B1,V/I, ADV TAD,SD HAVING FIN DIFFICULTY.SD | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | WILL BE SENDNG PARTIAL PMT TODAY IAO $500.00 THRU | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | W/U.THE REM BAL WILL BE ON 12/12/07 THRU | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | W/U,12/26/07 FOR DEC'S DUE THRU W/U.ADV | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | AMEND THE CRDT FOR NOV.RFD: FIN DIFFICULTY.ADV | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | LC,CC,LTRS. | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | DFLT REASON 1 CHANGED TO: EXCESSIVE OBLIGATIONS | JOAQUIN MARTELLI |
|     |     | 12/07/2007 | DM | ACTION/RESULT CD CHANGED FROM BRUN TO BRSS | JOAQUIN MARTELLI |
| COL |     | 12/07/2007 | NT | b1 ci said cannot settle pymnt adv xrf to | CARLA GARCES |
| COL |     | 12/07/2007 | NT | collections carla g83167 | CARLA GARCES |
|     |     | 12/03/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 12/03/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 12/03/2007 | D19 | ARM CHANGE NOTICE CREATED - LETTER | SYSTEM ID |
|     |     | 12/03/2007 | DM | TT B1 VI STTD HE WANTED TO MK A PYMT BUT DIDN'T | ERICKA ELLIS |
|     |     | 12/03/2007 | DM | HAVE THE TAD,  RFD: B1 STTD THT HE HAS BEHIND FOR | ERICKA ELLIS |
|     |     | 12/03/2007 | DM | SEVERAL MNTHS- HE HAVE A DAUGHTER IN COLLEGE AND | ERICKA ELLIS |
|     |     | 12/03/2007 | DM | HE WAS OOW DUE TO BE SICK. STARTED: OVER A COURSE | ERICKA ELLIS |
|     |     | 12/03/2007 | DM | OF MONTHS. B1 WIL TRY TO MK BOTH PYMT BY THE EOM | ERICKA ELLIS |
|     |     | 12/03/2007 | DM | IN DEC.ELLIS 6983 | ERICKA ELLIS |
|     |     | 12/03/2007 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO BRUN | ERICKA ELLIS |
|     |     | 11/30/2007 | ET | ARM CHANGE NOTICE SCHEDULED FOR   11/30/07 | SYSTEM ID |
|     |     | 11/30/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/30/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/29/2007 | DMD | 11/29/07 09:46:10 | NO ANSWER | DAVOX INCOMING FILE |
|     |     | 11/29/2007 | DMD | 11/29/07 12:53:26 | NO ANSWER | DAVOX INCOMING FILE |
|     |     | 11/29/2007 | DMD | 11/29/07 09:46:10 | NO ANSWER | DAVOX INCOMING FILE |
|     |     | 11/28/2007 | DMD | 11/28/07 13:03:42 ANS MACH | DAVOX INCOMING FILE |
|     |     | 11/28/2007 | DMD | 11/28/07 08:15:38 ANS MACH | DAVOX INCOMING FILE |
|     |     | 11/28/2007 | DMD | 11/28/07 08:15:05 ANS MACH | DAVOX INCOMING FILE |
|     |     | 11/27/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/27/2007 | DMD | 11/27/07 19:45:22 | LEFT MESSAGE | DAVOX INCOMING FILE |
|     |     | 11/27/2007 | DMD | 11/27/07 14:58:10 | NO ANSWER | DAVOX INCOMING FILE |
|     |     | 11/26/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/26/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/23/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/23/2007 | DMD | 11/23/07 17:22:20 | LEFT MESSAGE | DAVOX INCOMING FILE |
|     |     | 11/23/2007 | DMD | 11/23/07 13:12:19 | NO ANSWER | DAVOX INCOMING FILE |
|     |     | 11/21/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|     |     | 11/21/2007 | DMD | 11/21/07 14:59:27 | PAR3 CONNECT | DAVOX INCOMING FILE |
|     |     | 11/21/2007 | DMD | 11/21/07 11:37:33 | DAVOX INCOMING FILE |
|     |     | 11/13/2007 | DM | EARLY IND: SCORE 030 MODEL EI16T | SYSTEM ID |
|     |     | 11/06/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |

| | | | | | |
|---|---|---|---|---|---|
| | 11/02/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 11/02/2007 | DMD | 11/02/07 08:05:23 ANS MACH | | DAVOX INCOMING FILE |
| | 11/02/2007 | DMD | 11/02/07 08:04:48 ANS MACH | | DAVOX INCOMING FILE |
| | 11/02/2007 | DM | AS PER B1 MAILED THE PAYMENT TODAY...TOMAS R 73588 | | TOMAS RAGOT |
| | 11/02/2007 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO BRSS | | TOMAS RAGOT |
| | 11/01/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 11/01/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 11/01/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 11/01/2007 | DMD | 11/01/07 14:09:52 ANS MACH | | DAVOX INCOMING FILE |
| | 11/01/2007 | DMD | 11/01/07 14:09:06 ANS MACH | | DAVOX INCOMING FILE |
| | 10/30/2007 | DMD | 10/30/07 14:02:37 ANS MACH | | DAVOX INCOMING FILE |
| | 10/30/2007 | DMD | 10/30/07 09:45:51 ANS MACH | | DAVOX INCOMING FILE |
| | 10/30/2007 | DMD | 10/30/07 09:45:14 ANS MACH | | DAVOX INCOMING FILE |
| | 10/29/2007 | DMD | 10/29/07 17:56:16 | LEFT MESSAGE | DAVOX INCOMING FILE |
| | 10/29/2007 | DMD | 10/29/07 14:05:07 | NO ANSWER | DAVOX INCOMING FILE |
| | 10/29/2007 | DMD | 10/29/07 11:06:27 | NO ANSWER | DAVOX INCOMING FILE |
| | 10/29/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/29/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| PERM | 10/29/2007 | NT | NO MORE LFS WAIVED DUE TO NOT GETTING MBS | | API CSRV |
| | 10/26/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/26/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/25/2007 | DMD | 10/25/07 11:24:25 | NO ANSWER | DAVOX INCOMING FILE |
| | 10/25/2007 | DMD | 10/25/07 15:56:37 | NO ANSWER | DAVOX INCOMING FILE |
| | 10/25/2007 | DMD | 10/25/07 11:24:25 | NO ANSWER | DAVOX INCOMING FILE |
| | 10/24/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/24/2007 | DMD | 10/23/07 20:46:06 | LEFT MESSAGE | DAVOX INCOMING FILE |
| | 10/24/2007 | DMD | 10/23/07 15:38:35 | NO ANSWER | DAVOX INCOMING FILE |
| | 10/15/2007 | DM | EARLY IND: SCORE 035 MODEL EI16T | | SYSTEM ID |
| | 10/08/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/08/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| PRD | 10/08/2007 | NT | b1 ci re refi xfrd to direct lending beltz b73710 | | BELTZ BAGO |
| | 10/08/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | | SYSTEM ID |
| | 10/05/2007 | DM | PROMISE KEPT 10/05/07 PROMISE DT 10/11/07 | | SYSTEM ID |
| | 10/04/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/04/2007 | DMD | 10/04/07 08:03:20 ANS MACH | | DAVOX INCOMING FILE |
| | 10/04/2007 | DMD | 10/04/07 08:02:48 ANS MACH | | DAVOX INCOMING FILE |
| | 10/04/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/04/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| | 10/04/2007 | DM | B1 SAID MAILED PRIORITY IAO$906.66 US POSTAL | | ANGELICA HILARIO |
| | 10/04/2007 | DM | SERVICE TCKNG#03071790000109017285 ANGELH73511 | | ANGELICA HILARIO |
| | 10/04/2007 | DM | ACTION/RESULT CD CHANGED FROM BRAP TO BRSS | | ANGELICA HILARIO |
| | 10/04/2007 | DM | PTP IN VRU | | API VRU |
| | 10/04/2007 | DM | ACTION/RESULT CD CHANGED FROM OAPC TO BRAP | | API VRU |

| | | | | |
|---|---|---|---|---|
| 10/03/2007 | DMD | 10/03/07 18:49:26 ANS MACH | | DAVOX INCOMING FILE |
| 10/03/2007 | DMD | 10/03/07 08:03:17 ANS MACH | | DAVOX INCOMING FILE |
| 10/03/2007 | DMD | 10/03/07 08:02:44 ANS MACH | | DAVOX INCOMING FILE |
| 10/02/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 10/02/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 10/02/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 10/02/2007 | DMD | 10/02/07 08:02:46 ANS MACH | | DAVOX INCOMING FILE |
| 10/02/2007 | DMD | 10/02/07 08:02:13 NO ANS | | DAVOX INCOMING FILE |
| 10/01/2007 | DMD | 10/01/07 09:25:20 | NO ANSWER | DAVOX INCOMING FILE |
| 10/01/2007 | DMD | 10/01/07 12:32:29 | NO ANSWER | DAVOX INCOMING FILE |
| 10/01/2007 | DMD | 10/01/07 09:25:20 | NO ANSWER | DAVOX INCOMING FILE |
| 09/27/2007 | DMD | 09/27/07 10:40:27 | NO ANSWER | DAVOX INCOMING FILE |
| 09/27/2007 | DMD | 09/27/07 13:04:38 | NO ANSWER | DAVOX INCOMING FILE |
| 09/27/2007 | DMD | 09/27/07 10:40:27 | NO ANSWER | DAVOX INCOMING FILE |
| 09/27/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | | SYSTEM ID |
| 09/26/2007 | DMD | 09/26/07 17:08:53 NO ANS | | DAVOX INCOMING FILE |
| 09/26/2007 | DMD | 09/26/07 09:14:49 NO ANS | | DAVOX INCOMING FILE |
| 09/26/2007 | DMD | 09/26/07 09:14:08 ANS MACH | | DAVOX INCOMING FILE |
| 09/25/2007 | DMD | 09/25/07 18:43:10 | LEFT MESSAGE | DAVOX INCOMING FILE |
| 09/25/2007 | DMD | 09/25/07 14:13:58 | NO ANSWER | DAVOX INCOMING FILE |
| 09/25/2007 | DMD | 09/25/07 11:14:38 | NO ANSWER | DAVOX INCOMING FILE |
| 09/13/2007 | DM | EARLY IND: SCORE 056 MODEL EI16T | | SYSTEM ID |
| 09/03/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 09/03/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 08/30/2007 | DM | PROMISE KEPT 08/30/07 PROMISE DT 08/31/07 | | SYSTEM ID |
| 08/28/2007 | DMD | 08/28/07 16:06:18 NO ANS | | DAVOX INCOMING FILE |
| 08/28/2007 | DMD | 08/28/07 10:50:48 NO ANS | | DAVOX INCOMING FILE |
| 08/28/2007 | DMD | 08/28/07 10:50:15 NO ANS | | DAVOX INCOMING FILE |
| 08/28/2007 | DM | B1 SAID HAS MAILED PMT PATS4035 | | PATRICIA SUMNER |
| 08/28/2007 | DM | DFLT REASON 1 CHANGED TO: OTHER | | PATRICIA SUMNER |
| 08/28/2007 | DM | ACTION/RESULT CD CHANGED FROM OAPC TO BRSS | | PATRICIA SUMNER |
| 08/27/2007 | DMD | 08/27/07 10:01:52 | NO ANSWER | DAVOX INCOMING FILE |
| 08/27/2007 | DMD | 08/25/07 05:01:07 | LEFT MESSAGE | DAVOX INCOMING FILE |
| 08/27/2007 | DMD | 08/25/07 01:13:19 | NO ANSWER | DAVOX INCOMING FILE |
| 08/24/2007 | NT | VRU xfered to Debit Card. Validate txn on CSI~ | | API VRU |
| 08/14/2007 | DM | EARLY IND: SCORE 025 MODEL EI16T | | SYSTEM ID |
| 08/10/2007 | CBR | PB  DISCHARGED THRU BANKRUPTCY CH 7 | | SYSTEM ID |
| 08/07/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | | SYSTEM ID |
| 08/06/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 08/06/2007 | DMD | 00/00/00 00:00:00 | | DAVOX INCOMING FILE |
| 08/06/2007 | DMD | 08/04/07 03:03:32 | | DAVOX INCOMING FILE |
| 08/03/2007 | DMD | 08/03/07 01:00:27 | NO ANSWER | DAVOX INCOMING FILE |
| 08/03/2007 | DMD | 08/03/07 04:37:28 | NO ANSWER | DAVOX INCOMING FILE |

|  |  | 08/03/2007 | DMD | 08/03/07 01:00:27          NO ANSWER | DAVOX INCOMING FILE |
|  |  | 08/02/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|  |  | 08/02/2007 | DMD | 08/02/07 05:31:20 | DAVOX INCOMING FILE |
|  |  | 08/02/2007 | DMD | 08/02/07 01:10:52          NO ANSWER | DAVOX INCOMING FILE |
| CSH |  | 08/02/2007 | NT | b1 ci informing us that he already mailed the pmt | MAE BASALLOTE |
| CSH |  | 08/02/2007 | NT | for july iao $901.66..maeb 73644 | MAE BASALLOTE |
|  |  | 08/01/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|  |  | 08/01/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|  |  | 08/01/2007 | DMD | 08/01/07 06:53:19 | DAVOX INCOMING FILE |
|  |  | 07/31/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|  |  | 07/31/2007 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
|  |  | 07/31/2007 | DMD | 07/31/07 04:48:15          PAR3 CONNECT | DAVOX INCOMING FILE |
|  |  | 07/27/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:57 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | System updated for the following | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | event: User has ended the Issue | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | associated with this loan. Issue | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | Type: BK Close. Comments: BK case 07 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:57 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 05967 discharged 7/9/07. Terminated | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 7/19/07.. | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | User has updated the system for the | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | following event: Chapter 7 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | Processes Closed in NewTrak, | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | completed on 7/25/2007 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | User has updated the system for the | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | following event: Chapter 7 Closing | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | Reason Effective Date, completed on | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 7/9/2007 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | User has completed the  Ch 7 BK | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | Closing data form with the | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | following entries:  Reason for | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | Closing Ch 7 Bankruptcy File?: : Dis | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | charged | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | User has updated the system for the | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | following event: Trustee Notice of | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | No Assets Filed Date, completed on | NEW TRAK SYSTEM ID |
|  |  | 07/25/2007 | BKR | 5/8/2007 | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | User has completed the | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | B_CourtClosing data form with the | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | following entries:  Court Case | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Closing Required?: : No | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:56 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Process opened 7/25/2007 by user | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Andrew Riemenschneider. | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:55 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | User has updated the system for the | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | following event: Chapter 7 Asset | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Review Complete, completed on | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 7/25/2007 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:55 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | User has completed the  Ch 7 Assets | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | data form with the following | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | entries: Chapter 7 Asset Case?: : | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | No  Separate TRNA and Abanondment Re | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:55 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | quired?: : No | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:55 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Process opened 7/25/2007 by user | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Andrew Riemenschneider. | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:54 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | User has updated the system for the | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | following event: Chapter 7 Closing | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Reason, completed on 7/9/2007 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:54 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | User has completed the  Ch 7 Reason | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | data form with the following | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | entries:  Reason for Closing Ch 7 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Bankruptcy File?: : Discharged  Date | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:54 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR |  of Discharge Order, if Discharged: | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | : 7/9/07  Date of Dismissal Order, | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | if Dismissed: :  If Dismissed, was | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | it with Prejudice?: : False | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | 07/25/07 - 14:54 - 40300 | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Process opened 7/25/2007 by user | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | Andrew Riemenschneider. | | NEW TRAK SYSTEM ID |
| 07/25/2007 | BKR | REVIEW & CLOSE FILE  (30)  COMPLETED 07/25/07 | | RENE MCGORY |
| 07/25/2007 | BKR | DISCHARGED        (5)    COMPLETED 07/09/07 | | RENE MCGORY |
| 07/23/2007 | BKR | 07/23/07 - 11:23 - 42367 | | NEW TRAK SYSTEM ID |

| | | | | |
|---|---|---|---|---|
| | 07/23/2007 | BKR | System updated for the following | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | event: User has created a | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | Process-Level issue for this | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | loan.Issue Type: BK Close. Issue Com | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | 07/23/07 - 11:23 - 42367 | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | ments: Mail item rcvd-verfcatn req: | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | Rcvd order regarding case 07-05967, | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | discharged 07/09/07, scanned as | NEW TRAK SYSTEM ID |
| | 07/23/2007 | BKR | Discharge. Status: Active | NEW TRAK SYSTEM ID |
| | 07/13/2007 | CBR | CURRENT ACCOUNT - ACTIVE BANKRUPTCY | SYSTEM ID |
| | 07/13/2007 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| | 06/25/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 06/22/2007 | CBR | CURRENT ACCOUNT - ACTIVE BANKRUPTCY | SYSTEM ID |
| | 06/13/2007 | DM | EARLY IND: SCORE 069 MODEL EI16T | SYSTEM ID |
| INQ | 05/30/2007 | NT | email - advised b1 of user name for web. lisa | LISA KRUSE |
| INQ | 05/30/2007 | NT | d/5238 | LISA KRUSE |
| | 05/25/2007 | CBR | PURCHASED LOAN:  SERVICING DATE =03/12/05 | SYSTEM ID |
| | 05/22/2007 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| | 05/15/2007 | DM | EARLY IND: SCORE 000 MODEL EI16T | SYSTEM ID |
| | 05/08/2007 | BKR | BANKRUPTCY  TR CHANGED FROM 0110381 TO 0014377 | SYSTEM ID |
| | 05/08/2007 | BKR | UPDATED BY INTERFACE | |
| | 05/08/2007 | BKR | TASK:0004-BKR-CHANGD FUPDT  07/06/07 | SYSTEM ID |
| | 05/08/2007 | BKR | UPDATED BY INTERFACE | |
| COL | 05/08/2007 | NT | "talked to James Jackson, asking if he can have an | API CSRV |
| COL | 05/08/2007 | NT | affirmation agreement sent to his lawyer, stated | API CSRV |
| COL | 05/08/2007 | NT | that the request for that will not be processed | API CSRV |
| COL | 05/08/2007 | NT | until Monday, I cannot do it now due to system | API CSRV |
| COL | 05/08/2007 | NT | conversion" | API CSRV |

| To Unapplied Funds Amt | To Credit Insurance Amt | To Late Charge Amt |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $936.04 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $936.04 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $400.40 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($400.40) | $0.00 | $15.01 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($16.75) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $1.75 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($30.01) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($1.75) | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $1.75 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $0.00 | $0.00 | $0.00 |
| ($600.00) | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($31.76) |
| $600.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($220.00) | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $300.51 |
| $220.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $300.51 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($34.81) | $0.00 | $69.62 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $34.81 |
| $0.00 | $0.00 | $0.00 |
| $34.81 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($34.81) |
| $0.00 | $0.00 | $34.81 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $34.81 |
| $0.00 | $0.00 | $0.00 |
| ($85.86) | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($42.93) | $0.00 | $0.00 |
| $85.86 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $42.93 | $0.00 | $0.00 |
| ($42.93) | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $42.93 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| ($901.65) | $0.00 | $42.93 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $858.72 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $42.93 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| ($901.65) | $0.00 | $42.93 |
| $0.00 | $0.00 | $0.00 |
| $901.65 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| ($500.00) | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | ($42.93) |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $500.00 | $0.00 | $0.00 |

| | | |
|---|---|---|
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $42.93 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $42.93 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $42.93 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $42.93 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |

**<u>Exhibit F</u>**
**Ocwen Transfer Letter**

ny-1135307



**GMAC Mortgage**

## Notice of Servicing Transfer and Welcome to Ocwen Loan Servicing, LLC

February 7, 2013



JAMES C JACKSON
5940 SOUTH KING DRIVE #1W
CHICAGO IL  60637-1357

---

**Your Loan Account Details
as of 02/04/2013**

Account Number
▮▮▮▮▮▮

Property Address
5940 SOUTH KING DRIVE #1W
CHICAGO IL  60637

Transfer Date
02/16/2013

Principal Balance
$119,716.41

Escrow Balance
$756.76

Loan Rate
3.250%

Next Payment Due
2/9/2013

Payment Amount
$770.79

**Ocwen Loan Servicing, LLC
Customer Care
Contact Information**

➤Phone:
800-766-4622

Personal assistance

6 00 a.m. - 10 00 p.m. CT M-F
and 8 00 a.m. - 2 00 p.m. Sat

24-hour automated service

Email
ocwen@mortgagebanksite.com

Web
ocwen.mortgagebanksite.com

Mail
PO Box 780
Waterloo, IA  50704-0780

02-1x85-7300(1/13)

---

Dear JAMES C JACKSON,

The servicing of your mortgage loan, that is, the right to collect payments from you, is transferring from your current servicer, GMAC Mortgage ("GMACM") to your new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective February 16, 2013.

Rest assured this transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan. There will be no change to your account number or payment address; only to the name of the company to which you make your payment. All mailing addresses and phone numbers you previously used to contact GMACM will remain the same but, as of February 16, 2013, they will be maintained by Ocwen. You will continue to be served in a knowledgeable and professional manner, just as you have in the past.

GMACM will stop accepting payments on February 15, 2013. Ocwen will begin to accept payments on February 16, 2013. Send all payments due on or after that date to Ocwen. A temporary coupon is provided below for your convenience. Any account notices prepared prior to February 16, 2013 will reflect GMACM; all notices prepared on or after February 16, 2013 will reflect Ocwen. In addition any payments received by GMACM after February 15, 2013 will automatically be processed by Ocwen.

If you are currently using GMACM's automatic payment service, this program will continue with no lapse in service. If you previously made your payment through GMACMortgage.com, on or after February 16, 2013 you can go to ocwen.mortgagebanksite.com and use your same login ID and password for account access. If you use a third party payment service, please request they update their records to have payments made payable to Ocwen Loan Servicing, LLC effective February 16, 2013.

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 30 days after the effective date of the transfer of the servicing of your loan. In this case, all necessary information is combined in this one notice. Please review the reverse side of this letter for legal disclosures, notices and state requirements. It's our goal to make this transfer as seamless as possible.

Enclosed are your (1) final **GMAC Mortgage annual privacy notice** and (2) your **Ocwen initial privacy notice** that becomes effective with the start of your new customer relationship with Ocwen. Please see the Ocwen initial privacy notice for important opt-out elections.

We appreciate the opportunity to serve your home loan needs. If you have questions relating to the transfer of servicing please contact our Transfer Hotline at 1-888-926-3479 weekdays from 8:00 AM to 7:00 PM, Central Time. If you have questions about the general servicing of your loan please call GMACM Customer Care at 800-766-4622, 6:00 a.m. - 10:00 p.m. CT M-F and 8:00 - 2:00 p.m. Sat.

Sincerely,                                          Sincerely,

Charles R. Hoecker                        William C. Erbey
Sr. Vice President, Customer Care    President and Chief Executive Officer
GMAC Mortgage                             Ocwen Loan Servicing, LLC

Enclosure(s)

---

## Mortgage Payment Coupon

  **Ocwen Loan Servicing, LLC**

**Account Number:**
▮▮▮▮▮▮

**Due Date:**
2/9/2013

**Mortgage Payment:**
$770.79

JAMES C JACKSON

| Please assist us in applying your payment | |
|---|---|
| Full Payments | $.............. |
| ADDITIONAL Principal | $.............. |
| ADDITIONAL Escrow | $.............. |
| Late Charge | $.............. |
| Other Fees (specify) | $.............. |
| **Total Amount Enclosed** | $.............. |

Extra Funds

OCWEN
PO BOX 9001719
LOUISVILLE, KY  40290-1719



### Important Information About This Transfer

**RESPA Notice:** You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a qualified written request to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number and your reasons for the request.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60-BusinessDay period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

**Qualified Written Request:** Effective with the transfer date, please send all qualified written requests to: Ocwen, ATTN: Customer Care, P.O. Box 1330, Waterloo, IA 50704-1330.

**Optional Insurance:** The transfer of servicing rights may affect the term or the continued availability of mortgage life or disability or any other type of optional insurance. If you have been paying premiums for optional insurance coverage such as accidental death, life or disability, your coverage will likely continue at the same or a comparable premium. If a change of provider is necessary, you will receive new policy information in a separate letter. If Ocwen is not able to continue your coverage, Ocwen or GMACM will notify you in writing.

### Additional Information

**Online Services:** If you were previously using the GMACM website, you should continue to use your same username and password. You will be redirected to ocwen.mortgagebanksite.com to complete the login process. You do not need to re-enroll to continue using the same online payment programs. Any current online payment arrangements will continue uninterrupted through Ocwen.

**Payment by Phone:** If you previously scheduled a payment by phone through GMACM, this deduction will continue as scheduled.

**Automatic Payment:** If you were previously using GMACM's automatic payment service, this program will continue with Ocwen with no lapse in service. If you use a third party payment service, please request they update their records to have payments made to Ocwen Loan Servicing, LLC.

**Payment by Check:** If sending payment by check, please be aware you are authorizing Ocwen to use information on this check to make a one-time electronic debit to the account at the financial institution indicated on the check. This electronic debit will be for the amount on your check and no additional amount will be debited. Please be aware this bank account may be debited the same day Ocwen receives the check.

**Homeowner's Insurance:** Notice will be sent to your insurance carrier to provide the Ocwen address information following the transfer.

**Year-End:** GMACM will provide a 2012 year-end IRS form 1098 statement consistent with how you may have received it in prior years. Ocwen will provide a 2013 year-end IRS form 1098 that will include payments received in 2013 by GMACM and Ocwen.

**Loan Modifications:** Ocwen is committed to helping homeowners. If you are currently on a trial modification plan or have a modification review underway, this process will continue. You should continue making your payments as required in the modification plan. If you recently submitted financial documentation to be considered for payment options, it is not necessary to re-send the documents to Ocwen, as the information will automatically transfer.

**Short Sale:** Any previously approved short sale offers or pending short sale negotiations will continue. The original expiration date for a previous short sale approval still applies; if it has expired, the approval is no longer valid.

**Identity Theft Notice:** If you would like to obtain information regarding identity theft, you may contact the Federal Trade Commission at http://www.ftc.gov/bcp/edu/microsites/idtheft/ OR by calling 1-877-ID-THEFT (1-877-438-4338).

**Members of the Military and their Families:** Ocwen is committed to supporting its customers in the military. If you or a member of your family are in the military, please contact Ocwen effective with the transfer date. You may be eligible for certain rights and protections under the Servicemembers Civil Relief Act (SCRA). Even if you are not eligible under SCRA, Ocwen encourages you to contact us if you have questions or problems relating to your mortgage. Call 1-866-961-1412 or email us at Military.Families@mortgagebanksite.com

**Notice Regarding Debt Collection:** This is an attempt to collect a debt, and any information obtained will be used for that purpose, provided if you have an active bankruptcy case or have received a discharge, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** If you are a debtor in an active bankruptcy case, this letter is not an attempt to collect either a pre-petition, post-petition or discharged debt, and no action will be taken in willful violation of the Automatic Stay that may be in effect in your bankruptcy case. Furthermore, if you have received a Discharge in a Chapter 7 case, any action taken by GMACM or Ocwen is for the sole purpose of protecting the lien interest in your property and is not an attempt to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice. Finally, if you are in an active Chapter 11, 12 or 13 case, and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your bankruptcy plan.

# IMPORTANT INFORMATION

## Schedule of Standard Servicing Fees for Illinois

| Fee Name | Fee Description | Estimated Fee Amount |
|---|---|---|
| Balloon Reset/Cast | Fee required to reset balloon loans or recast a loan when loan documents allow for this function. | $170 – $1200 (includes hard dollar costs which range by county) |
| Broker Price Opinion (BPO) | Brokers or other qualified individuals provide an estimate of the market value of property. | $83.00 – $150.00 |
| Inspection | Inspections are performed to ensure that the property is occupied and appropriately maintained. | $16.50 – $42.00 |
| Late Charges | Penalty charged to the borrower if a payment is received past the grace days. | Fees assessed according to loan documents |
| Non Sufficient Funds (NSF) Fee | Fee charged for a check that was applied to the borrower's account but returned unpaid by the borrower's depository institution (bank, savings bank, etc). | $25.00 |
| Pay by Phone | One time charge to a borrower to make a payment using the pay by phone service. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 via phone $12.50 via customer service |
| Payoff Statement | Fee charged when a payoff statement is requested to be mailed or faxed. | NO CHARGE |
| Recording Fee | Fee charged by the county recorder's office to record the release / satisfaction when the loan is paid-in-full. | $28.00 – $75.00 |
| Subordination | Processing/underwriting fee to review new loan details and our existing second lien loan to consider permitting the new loan to have priority, or first lien position, over our existing second lien loan. | $100.00 |
| Wire | Fee assessed for wired payments. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 |
| All fees and amounts are subject to change without prior notice. Additional fees and amounts may apply depending on your specific request and the status of your loan. | | |

**Properties in Illinois:** Ocwen is regulated by the Illinois Department of Financial and Professional Regulation, Division of Banking, 122 S. Michigan Avenue, Suite 1900, Chicago, Illinois 60603.



**<u>Exhibit G</u>**
**Fixed Rate Loan Modification Agreement**

Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

*F/C*

————————————[Space Above This Line For Recorder's Use]—

## FIXED RATE LOAN MODIFICATION AGREEMENT

        This Loan Modification Agreement ("Agreement") made this December 9, 2009 ("Effective Date")
between JAMES C JACKSON      ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and
supplements that certain promissory note ("Note") dated January 10, 2005 in the original principal sum of One
Hundred Thirty Five Thousand Eight Hundred Sixty Dollars and No Cents (\$ 135,860.00)executed by Borrower
except that since Borrower has received a chapter 7 bankruptcy discharge, this Agreement will not create personal
liability under the Note.. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security
Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book
and/or Page Number  of the real property records of  COOK County, IL. Said Security Instrument covers the real
and personal property described in such Security Instrument (the "Property") located at 5940 SOUTH KING
DRIVE #1W   CHICAGO IL 60637, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

        Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument
and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be
the "Lender" as defined in this Agreement.

        Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

        Borrower understands that Borrower is not personally obligated to repay the mortgage loan and that
[GMAC Mortgage, LLC] is not attempting to collect any debt from Borrower. Signing this Agreement will not
make Borrower personally liable for the mortgage loan. Borrower understands that [GMAC Mortgage, LLC] will
continue to retain its lien on the Property, along with all rights to enforce such lien against the Property. Whether
Borrower chooses to make voluntary payments in the amount of the original monthly payment as set forth in the
Note or the modified monthly payments as set forth in this Agreement, such payments will reduce the amount of
the lien.

        Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good
and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be
legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or
Security Instrument):

        1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by
the Security Instrument (the "Principal Balance") is One Hundred Thirty  Thousand Six Hundred Fifty Four Dollars
and Seventy  Cents \$  130,654.70.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of 3.25000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 635.32, beginning on January 9, 2010, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on January 9, 2035 (the "Maturity Date"), amounts remain due under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue amount of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, except that since Borrower has received a chapter 7 bankruptcy discharge, this Agreement will not create personal liability under the Note. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument. **Notwithstanding the foregoing, Lender cannot enforce the debt against Borrower personally and Lender's only remedy upon default is to enforce the lien against the Property.**

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN.  THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____
JAMES C JACKSON

**BORROWER ACKNOWLEDGMENT**

State of _Illinois_
County of _Cook_

On this _23rd_ day of _Nov_ _2009_, before me, the undersigned, a Notary Public in and for said county and state, personally appeared JAMES C JACKSON    personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _5-9-2011_

```
**************************
   "OFFICIAL SEAL"
   CATRICE D. THOMAS
 Notary Public, State of Illinois
 My Commission Expires May 09, 2011
**************************
```

GMAC Mortgage, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, _____, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of GMAC Mortgage, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____