**Case 12-12020 (MG)**          Page 36 of 267          **Exhibit 1**

# EXHIBIT 1

1  KAREN MICHELE ROZIER
   7957 DAHLIA CIRCLE
2  BUENA PARK, CA 90620
   (714) 512-5740
3  *Propria Persona*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 27 2012

ALAN CARLSON, Clerk of the Court

4

5             IN THE SUPERIOR COURT OF CALIFORNIA

6                         ORANGE COUNTY

7  Karen Michele Rozier, an Individual

                                         **30-2012**
            Plaintiff,              Case No.  **00601310**

8  vs.

   VERIFIED COMPLAINT FOR INJUNCTIVE
9  GMAC Mortgage, LLC; Mortgage Electronic   RELIEF TO SET ASIDE TRUSTEE SALE, ENJOIN
   Registration Systems; Bank of America, National   FORECLOSURE SALE AND FRAUD FOR:
10 Association as successor by merger to LaSalle Bank
   National Association as Trustee for RAAC 2007RP1;     1) **TEMPORARY AND PERMANENT**
11 U.S. Bank National Association, As Trustee, As           **INUNCTIVE RELIEF**
   Successor in Interest to Bank of America, National     2) **SET ASIDE TRUSTEE'S SALE**
12 Association, As Trustee, Successor by Merger to         3) **NEGLIGENCE**
   LaSalle Bank National Association, As Trustee for      4) **WRONGFUL FORECLOSURE**
   RAAC 2007RPJ; JOHN DOES 1-97; *EXECUTIVE*              5) **FRAUD**
   *TRUSTEE SERVICES, LLC*                                6) **VIOLATION OF CALIFORNIA LAW**
13             Defendants.                                7) **VIOLATION OF CAL. CIV. CODE 2924**
                                                          8) **VOID OR CANCEL TRUSTEE'S DEED**
14                                                           **UPON SALE**
                                                          9) **QUIET TITLE**
15                                                    **JUDGE DEREK W. HUNT**
                                                           **DEPT. C24**
16

17

18

19

20                         COMPLAINT- 1

1   KAREN MICHELE ROZIER
    7957 DAHLIA CIRCLE
2   BUENA PARK, CA 90620
    (714) 512-5740
3   *Propria Persona*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 29 2012**

ALAN CARLSON, Clerk of the Court

4

5                    IN THE SUPERIOR COURT OF CALIFORNIA

                            ORANGE COUNTY

6

7   Karen Michele Rozier, an Individual

8   Plaintiff- Trustor,

    vs.

9   Bank of America, National Association
    as successor by merger to LaSalle
10  Bank National Association as Trustee
    for RAAC 2007RP1;

11  GMAC Mortgage, LLC;

12  Executive Trustee Services, LLC ;

13  JOHN DOES 1-100.

14  Defendants.

Case No. 30 2012  0 0 6 0 1 3 1 0
*FIRST AMENDED COMPLAINT*
**VERIFIED COMPLAINT FOR INJUNCTIVE
RELIEF TO SET ASIDE TRUSTEE SALE,
ENJOIN FORECLOSURE SALE AND FRAUD
FOR:**

1) WRONGFUL FORECLOSURE
2) TEMPORARY AND PERMANENT
   INJUNCTIVE RELIEF
3) VIOLATION OF CAL CIV CODE 2923.5
4) VIOLATION OF CAL CIV CODE 2924
5) SLANDER OF TITLE
6) VIOLATION OF CAL BUS & PROF CODE
   17200 *et seq*
7) NEGLIGENCE
8) DEFAMATION OF CHARACTER
9) QUIET TITLE

**JURY TRIAL DEMANDED**

15

16

17

18

19

20                          VERIFIED COMPLAINT- 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/04/2013** at 12:32:00 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

1    KAREN MICHELE ROZIER
     7957 DAHLIA CIRCLE
2    BUENA PARK, CA 90620
     (714) 512-5740
     *Propria Persona*
3

4

5                    IN THE SUPERIOR COURT OF CALIFORNIA

                              ORANGE COUNTY
6

7    KAREN MICHELE ROZIER, an Individual

8    DAVID EUGENE ROZIER, as Trustee, DAVID          Case No. 30-2012-00601310-CU-OR-CJC
     BEAR IRREVOCABLE LIVING TRUST
                                                     Honorable Derek W. Hunt, Presiding
9    DAVID EUGENE ROZIER, an Individual
                                                     **SECOND AMENDED VERIFIED COMPLAINT**
                              Plaintiff,             **FOR** ~~INJUNCTIVE RELIEF TO SET ASIDE~~
10                                                   ~~TRUSTEE SALE, ENJOIN FORECLOSURE~~
     vs.                                             ~~SALE AND~~ **FRAUD** ~~FOR~~ **AND:**
11
     BANK OF AMERICA, NATIONAL ASSOCIATION              1) WRONGFUL FORECLOSURE
     as successor by merger to LASALLE BANK             2) (DELETED)
12   NATIONAL ASSOCIATION as Trustee RAMP               3) (DELETED)
     2007RP1;                                           4) (DELETED)
13                                                      5) SLANDER OF TITLE
     RESIDENTIAL FUNDING COMPANY, LLC fka               6) VIOLATION OF CAL BUS & PROF CODE
     RESIDENTIAL FUNDING CORPORATION,                      17200 *et seq*
14   Attorney-in-Fact;                                  7) NEGLIGENCE
                                                        8) DEFAMATION OF CHARACTER
     GMAC MORTGAGE, LLC                                 9) QUIET TITLE
15
     EXECUTIVE TRUSTEE SERVICES, LLC dba ETS
16   SERVICES, LLC as Trustee ;

17   ADAM BARASCH, an Individual;

18   LUIS RODRIGUEZ, an Individual;

     SALLY BELTRAN, an Individual;
19

20                    VERIFIED SECOND AMENDED COMPLAINT- 1

21

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/10/2013** at 11:41:00 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

1  KAREN MICHELE ROZIER
   7957 DAHLIA CIRCLE
2  BUENA PARK, CA 90620
   (714) 512-5740
   *Propria Persona*

3

4

5              IN THE SUPERIOR COURT OF CALIFORNIA

                        ORANGE COUNTY
6

7

8  | KAREN MICHELE ROZIER, an Individual | Case No. 30-2012-00601310-CU-OR-CJC |
   | DAVID EUGENE ROZIER, SR. an Individual | Honorable Derek W. Hunt, Presiding |

9  Plaintiffs.                          PLAINTIFFS' VERIFIED THIRD AMENDED
                                        COMPLAINT FOR:
   vs.
10                                      (1) FRAUD;
   BANK OF AMERICA, NATIONAL ASSOCIATION   (2) CONSPIRACY TO COMMIT FRAUD;
11 as successor by merger to LASALLE BANK    (3) TO VOID OR CANCEL RECORDED
   NATIONAL ASSOCIATION as Trustee RAMP   INSTRUMENTS;
12 2007RP1 aka BANK OF AMERICA, NATIONAL   (4) WRONGFUL FORECLOSURE;
   ASSOCIATION as successor by merger to LASALLE   (5) CANCELLATION OF A VOID CONTRACT
   BANK NATIONAL ASSOCIATION as Trustee   PURSUANT TO CAL.CIV.CODE § 3412
13 RAAC 2007RP1                          (6) CANCELLATION OF A VOIDABLE
                                         CONTRACT PURSUANT TO CAL.CIV.CODE §
14 U.S. BANK NATIONAL ASSOCIATION as      3412
   successor in interest to BANK OF AMERICA,   (7) VIOLATIONS OF CAL. BUS & PROF 12200 ET
   NATIONAL ASSOCIATION as Trustee, successor by   SEQ.
15 merger to LASALLE BANK NATIONAL        (9) INTENTIONAL INFLICTION OF EMOTIONAL
   ASSOCIATION as Trustee for RAAC 2007RP1   DISTRESS;
16                                        (9) DEFAMATION OF CHARACTER
   OCWEN HOME LOAN SERVCING COMPANY
                                         Action Filed: September 27, 2012
17 RESIDENTIAL FUNDING COMPANY, LLC fka    FAC Filed:   October cc, 2012
   RESIDENTIAL FUNDING COMPANY,           SAC Filed:   February xx, 2013
   ATTORNEY-IN-FACT                       TAC Filed :  June 10, 2013
18
                                         Trial Date: September 23, 2013
19

20              VERIFIED THIRD AMENDED COMPLAINT- 1

**Case 12-12020 (MG)**          Page ⩝ of 269          **Exhibit 2**

# EXHIBIT 2

10/9/12

Subject:    Re: Defective Notice of Sale

From:       Karen Rozier (rozier.karen@yahoo.com)

To:         anb@severson.com;

Date:       Monday, October 1, 2012 8:40 PM

---

**From: Adam N. Barasch <anb@severson.com>**
**To: 'Karen Rozier' <rozier.karen@yahoo.com>**
**Cc: Bernard J. Kornberg <bjk@severson.com>**
**Sent: Friday, September 28, 2012 11:57 AM**
**Subject: RE: Defective Notice of Sale**

Dear Ms. Rozier,

I have discussed your concerns with my client. My client will agree to rescind the Trustee's Deed Upon Sale and Re-Notice the Trustee's Sale on the condition that you grant me a four week extension of time to respond to your appeal. If this is agreeable, please advise. I am leaving my office at 2:00 PM, so please advise me prior to that time.

Thanks,

**Adam N. Barasch**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
(415) 677-5533
www.severson.com

**Case 12-12020 (MG)**          **Page** 13 **of** 269                    **Exhibit 3**

# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/09/2012                    TIME: 01:30:00 PM         DEPT: C10

JUDICIAL OFFICER PRESIDING: Tam Nomoto Schumann
CLERK: Lenora Silva
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Giovanni Galon

CASE NO: 30-2012-00601310-CU-OR-CJC  CASE INIT.DATE: 09/27/2012
CASE TITLE: **Rozier vs. GMAC Mortgage, LLC**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71598257,91377778

**EVENT TYPE: Ex Parte**
MOVING PARTY: Karen Michele Rozier
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/09/2012

**APPEARANCES**
Karen Michele Rozier, self represented Plaintiff, present.
Attorney Ben A. Ellenberg appearing for defendant GMAC

**DUTY MATTER FOR JUDGE DEREK HUNT W. HUNT, DEPARTMENT C24**

***PLAINTIFF'S EX-PARTE APPLICATION FOR REQUEST FOR TEMPORARY RESTRAINING ORDER
AND INJUNCTIVE RELIEF.***

Ex-Parte Application and Opposition are read and considered.

Plaintiff's ex-parte request for Temporary Restraining Order is denied without prejudice.

Responding party to give notice.

DATE: 11/09/2012                         MINUTE ORDER                              Page 1
DEPT: C10                                                                 Calendar No.

**Case 12-12020 (MG)**          Page 45 of 267                    **Exhibit 4**

# EXHIBIT 4

KAREN MICHELE ROZIER
7957 DAHLIA CIRCLE
BUENA PARK, CA 90620
(714) 512-5740
*Propria Persona*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 31 2012

ALAN CARLSON, Clerk of the Court

IN THE SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY

Karen Michele Rozier, an Individual

               Plaintiff,

vs.

Bank of America, National Association, As Trustee,
Successor by Merger to LaSalle Bank National
Association, As Trustee for RAAC 2007RP1;

GMAC Mortgage, LLC,

Executive Trustee Services, LLC

JOHN DOES 1-100.

               Defendants.

Case No. 30-2012-00601310-CU-OR-CJC

**NOTICE OF HEARING AND EX PARTE REQUEST FOR
PRELIMINARY INJUNCTION/ DECLARATION OF KAREN
M. ROZIER IN SUPPORT OF REQUEST/ DECLARATION OF
DAVID E. ROZIER IN SUPPORT OF REQUEST**

**Date: January 2, 2013**

**Time: 1:30 P.M.**
**Dept: C24**

PLEASE TAKE NOTICE that on Wednesday January 2, 2013 at 1:30 P.M. or as soon thereafter as possible,

Plaintiff intends to request a Preliminary Injunction preventing all parties from selling, transferring, or

otherwise encumbering the title or deed for the property commonly known as 7957 Dahlia Circle Buena Park,

CA 90620. The hearing will take place in Department C24 of the above mentioned court, located at 700 Civic

Center Drive West in the city of Santa Ana, California.

REQUEST FOR PRELIMINARY INJUNCTION- 1

Plaintiff f Karen Michele Rozier, an individual ("Ms Rozier") requests that an injunction be issued against Defendants Executive Trustee Services, Inc and GMAC Mortgage, LLC, as well as against U.S. Bank National Association, as Trustee, As Successor in interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, As Trustee for RAAC 2007RP1. Plaintiff has studied the GMAC Bankruptcy filings and nothing in it suggests that they are immune from future criminal activity. Plaintiff intends to file her opposition to U.S. Bank's demurrer to the complaint and her opposition to Defendants GMACM and ETS's claim of bankruptcy protection shortly. Plaintiff filed her Request for Default against Defendant Bank of America on December 27, 2012.

## TABLE OF CONTENTS

Introduction ....................................................................................................................................... 3

Notification of Parties ........................................................................................................................ 5

Injunctive Relief is Appropriate ........................................................................................................ 5

Applicable Law .................................................................................................................................. 9

Defendants and U.S. Bank Have a Defective Deed of Trust ............................................................ 10

Summary............................................................................................................................................. 11

Prayer. ................................................................................................................................................ 12

Verification. ....................................................................................................................................... 13

1

2

3

4

5    THIS PAGE

6    LEFT BLANK

7

8    INTENTIONALLY

9

10

11

12

13

14

15

16

17

18

19

20    **REQUEST FOR PRELIMINARY INJUNCTION- 3**

**INTRODUCTION**

1. Plaintiff initiated this case against Bank of America for the wrongful foreclosure, constructive

   eviction, harassment, and other violations as described in her complaint. Plaintiff also sued

   Defendants GMAC Mortgage, LLC and Executive Trustee, Services for their illegal actions which took

   place beginning in July 10, 2012.  U.S. Bank voluntarily entered into these proceedings on December

   4, 2012 when they demurred to the complaint despite not being named as a defendant. Plaintiff

   intends to file her opposition to U.S. Bank's demurrer shortly as she knows she sued the party she

   intended to sue,  which is Defendant Bank of America. Plaintiff likewise intends to submit her

   opposition to Defendants' GMACM and ETS claims that the Chapter 11 bankruptcy stay protected

   them from being sued for criminal activity that occurred after the stay went into effect, particularly

   since Plaintiff denies that she is a borrower under the rescinded December 23, 2005 note

   Defendant's have offered into evidence. Plaintiff has demanded a copy of the May 2006 note and

   deed of trust she executed to replace the rescinded note.

2. Effective January 1, 2013 SB 900 goes into effect in the state of California, making it illegal for the

   Defendants and U.S. Bank to file false and fraudulent documents, use robo-signers, and otherwise

   break the law.

3. Plaintiff  Karen Michele Rozier signed a note in favor of WMC Mortgage Corporation on December

   23, 2005 but that note was legally rescinded on February 28, 2006 [ Complaint Exhibit 5] and

   replaced with a new note and DOT in May 2006. [Complaint Exhibit 7]

4. Defendant U.S. Bank National Association, As Trustee, As Successor in interest to Bank of America,

   National Association, As Trustee, Successor by Merger to LaSalle Bank National Association, As

   Trustee for RAAC 2007RP1 (here called "U.S. Bank) is attempting to use this void instrument to

seeks an injunction to prevent U.S. Bank from attempting to enforce this void instrument.

5. The lender – WMC Mortgage Company, failed to properly void the December 23, 2005 Deed of Trust, thus creating a cloud on Plaintiff's real property. Plaintiffs allege that US. Bank is unjustly attempting to enrich itself by exploiting this cloud.

6. U.S Bank was granted relief from the automatic stay on December 18, 2012. They scheduled a foreclosure sale for December 28, 2012 at noon.

7. The property is owned by the David Bear Irrevocable Living Trust. The Trust filed lawsuit 30-2012 00619543 on December 19, 2012 against U.S. Bank. Plaintiffs scheduled a preliminary injunction hearing for December 27, 2012 at 1:30 P.M. At noon, GMACM directed ETS through their mutual agent attorney Adam Barasch to postpone the sale until January 16, 2013.

8. Due to the postponed, there was no Ex Parte hearing. Plaintiffs informed Mr. Barasch of their intent to hold the hearing on shortened times.

9. That evening, Mr. Barasch instructed ETS to advance the sale to January 3, 2013. He then left for vacation. His conduct is a violation of Business and Professions Code 17,200 et seq. He has repeatedly failed to meet or confer with the Pro Se Plaintiff.

10. U.S Bank based its so-called monetary exposure of loss on a rescinded note, false and fraudulent assignments, and a declaration from Mina Ali. [Complaint Exhibit 14] Plaintiff Karen Rozier demonstrated that this is a false declaration as follows [Complaint Exhibit 17]:

    a. No such person as "Mina Ali" registered with the California Department of Real Estate.

    b. The individual identified as holding the license belong to "Mehraz Ali" is actually a salesperson and not a broker, according to the California DRE.

REQUEST FOR PRELIMINARY INJUNCTION- 5

c.   "Mina Ali" based her valuation on a 2,096 square foot home. According to the Orange

County Tax Assessor's Office, the subject property is over 4,000 square feet. Therefore, the

value they assigned to the subject property was grossly understated.

11.  Faced with the evidence that this was a false declaration, U.S. Bank stopped submitting this false

declaration. However, they did not disgorge themselves of the benefit they received, i.e. the relief

from stay, by using this perjured testimony.

**NOTIFICATION OF PARTIES**

12.  Plaintiff has repeatedly attempted to communicate with U.S. Bank in good faith.

13.  On December 28, 2012 Plaintiff Karen M Rozier left voicemails and emails with Adam Barasch, Yaron

Shaham, Robert Gandy and John Sullivan, all with  Severson and Werson, a Professional Law

Corporation. Both Executive Trustee Services, LLC and GMAC Mortgage, LLC have confirmed that

Severson and Werson represent their interests.

14.  On December 31, 2012 Plaintiff Karen M Rozier mailed a copy of the Notice of Hearing and request

to both the Irvine and San Francisco offices of Severson and Werson.

15.  On December 31, 2012, Plaintiff also informed Severson and Werson of their Material Violations

under California's Newly Enacted Homeowner's Bill of Rights pursuant to California Civil Code

sections 2923.55, 2924.12, and 2924.17.

**INJUNCTIVE RELIEF IS APPROPRIATE**

16.  Beginning in March 2009 and at least two dozen times since then, Plaintiff Karen Michele Rozier has

demanded that Defendants GMACM and ETS stop their wrongful conduct described above herein, in

her multiple lawsuits against them, her statements to the Independent Foreclosure Review, to the

Consumer Financial Protection Bureau and in the declaration in support of this request.

REQUEST FOR PRELIMINARY INJUNCTION- 6

17. On or about June 18, 2012, and a number of times since then, Plaintiff Karen Michele Rozier has demanded that U.S Bank stop their wrongful conduct described above herein and in the declaration in support of this request.

18. Defendants and U.S. Bank, and each of them, have refused and still refuse to refrain from their wrongful conduct.

19. Defendants and U.S. Bank's wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to the Plaintiff Karen Michele Rozier in that her real property and primary residence will be sold at foreclosure auction on January 3, 2013 in violation of California law as described in the underlying complaint, and also in violation of the newly enacted California SB 900.

20. Ms. Rozier has no adequate remedy at law for the injuries currently being suffered and it will be impossible for Ms Rozier to determine the precise amount of damage which she will suffer if Defendants' and U.S. Bank's conduct is not restrained. Plaintiff, who already has a multiplicity of suits against the Defendants' and U.S. Bank, will have to instate more lawsuits to obtain adequate compensation for her monetary and emotional injuries.

21. As a result of Defendants' and U.S. Bank wrongful conduct, Plaintiff has been damaged in the sum of $666,000 as described in the underlying complaint. Plaintiff will be further damaged in like manner so long as Defendants' conduct continues. The full amount of such damage is not now known to Plaintiff and Plaintiff will amend this complaint to state such amount when the same becomes known to her, or on proof thereof.

22. Cal. Civ. Code § 2924 and California's foreclosure laws impose procedural obligations on foreclosing Lenders and provide due process rights to homeowners in order to ensure that the non-judicial foreclosure process is not abused. Because non-judicial foreclosure is a drastic sanction and a

draconian remedy, courts have generally required strict compliance with statutory requirements.
*Miller v. Cote, 127 Cal. App. 3d 888, 894 (1982).*

23. U.S. Bank continues to schedule foreclosure sales for the subject property but has failed to follow the steps prior to recording a sale. U.S. Bank has no standing to conduct a foreclosure sale on the subject property in accordance with California law.

24. Cal. Code Civ. Proc. § 526(a)(1) provides that an injunction may be granted when it appears by the complaint that the plaintiff is entitled to the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

25. Plaintiff is entitled to the relief demanded in the underlying Complaint including injunctive relief as the party attempting to foreclose has failed to demonstrate that they have the legal right to do so under California law. An injunction should be granted stopping any further action. The pending sale should be cancelled due to the defects discussed in the complaint, the affidavit in support of this request, and as described below.

26. Cal. Code Civ. Proc. § 526(a)(3) provides that an injunction may be granted when it appears, during litigation, that a party to the action is doing, or threaten or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tendering to render the judgment ineffectual.

27. Cal. Code Civ. Proc. § 526(a)(4) provides that an injunction may be granted when pecuniary compensation would not afford adequate relief. The property that is subject of this action is unique. It is a custom-built home built by Plaintiff's spouse David Rozier for his family's personal use and enjoyment. Mr. Rozier constructed the residence using only his labor. He has a Mechanic's Lien recorded in the Orange County Recorder's Office identifying his position. [Complaint Exhibit 18] The

Page 57 of 267

1    property was placed in trust specifically to protect their disabled child. As such, an injunction is

2    necessary, as a pecuniary compensation would not afford adequate relief.

3    28. enacted Cal. Code Civ. § 2924.17 requires any notice of default, notice of sale, assignment of deed of

     trust, or substitution of trustee recorded on behalf of a servicer in connection with a foreclosure, or

4    any declaration or affidavit filed in any court regarding a foreclosure, to be "accurate and

5    complete and supported by competent and reliable evidence." It further requires the servicer to

6    ensure it has reviewed competent and reliable evidence to substantiate the borrower's so-called

     default and the right to foreclose. The documents currently recorded in the Orange County

7    Recorder's Office and which Defendants and U.S. Bank are attempting to use in order to foreclose on

8    the subject property violate this provision.

9    29. Newly enacted Cal. Code Civ. § 2924.12 authorizes actions to enjoin foreclosures, or for damages

     after foreclosures, for breach of §§ 2923.55 or 2924.17.

10   30. Cal. Civ. Code § 2923.55 requires a servicer to provide borrowers with their note and certain other

11   documents, if the borrowers request them.  Plaintiff sent a Qualified Written Request to Severson

     and Werson via personal mail and email on December 31, 2012 requesting a copy of her May 2006

12   note and Deed of Trust. As shown in the Complaint, the December 23, 2005 note was rescinded, thus

13   making the December 23, 2005 DOT void.

14   31. As set forth above, Plaintiffs will suffer irreparable harm consisting of the loss of their unique and

     valuable residential real estate should the relief requested herein not be granted, for which there is

15   no adequate remedy at law.

16   32. U.S Bank has not and cannot demonstrate any harm, damages or impairment of any interest with the

17   granting of the requested relief as U.S. Bank has no demonstrated interest in any valid Note

     executed by Plaintiff Karen Michele Rozier. The DOT only calls out the rescinded note. Defendant has

18

19

20                        REQUEST FOR PRELIMINARY INJUNCTION- 9

Page SS of 269

instituted a fraudulent foreclosure. Plaintiffs are requesting a brief injunction until a full hearing can

be held.

33. Even if they were authorized, there is no record of any entity filing a Notice of Default known to the

unnamed beneficiary U.S. Bank in the Complaint Exhibit 12 Notice of Trustee Sale in violation of Cal.

Civ. Code § 2924 (a)(1) (C).

**APPLICABLE LAW**

California Civil Code [Cal. Civ. Code]

34. Under Cal Civ. Code § 1623, where a contract which is required to be put in writing is prevented from

being put into writing by the fraud of a party thereto (Lender), and other party (Plaintiff) who is by

such fraud led to believe that it is in writing and acts upon such belief to his prejudice, may enforce it

against the fraudulent party (Lender and its successors).

35. Under Cal Civ. Code § 1624(b)(D), a note or other writing by the agent is sufficient to indicate that a

contract has been made.

36. § 1688. A contract is extinguished by its rescission. A rescission is a remedy that disaffirms the

contract. It means that no contract was formed.

37. § 1689.a) A contract may be rescinded if all the parties thereto consent.

38. § 1691 Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon

discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence

or disability and is aware of his right to rescind: (a) Give notice of rescission to the party as to whom

he rescinds; and (b) Restore to the other party everything of value which he has received from him

under the contract or offer to restore the same upon condition that the other party do likewise,

unless the latter is unable or positively refuses to do so. When notice of rescission has not otherwise

been given or an offer to restore the benefits received under the contract has not otherwise been

REQUEST FOR PRELIMINARY INJUNCTION- 10

made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall

be deemed to be such notice or offer or both.

### DEFENDANTS AND U.S. BANK HAVE A DEFECTIVE DEED OF TRUST

39. Plaintiff and Defendant agree that Defendants are attempting to enforce the DOT described in

paragraph 34 below. The parties disagree as to the DOT's validity.

40. The relevant portion of the DOT definitions:

    a. "Security Instrument" means this document, which is dated December 23, 2005, together

       with all Riders to this document.

    b. "Borrower" is Karen Michele Rozier, a Married Woman as Her Sole and Separate Property.

       Borrower is the trustor under this Securing Instrument.

    c. "Lender" is WMC Mortgage Corp, Lender is a Corporation.

    d. "Trustee" is Westwood Associates, a California Corporation,

    e. "MERS" is Mortgage Electronic Registration Systems, Inc and the beneficiary under the

       security instrument. MERS is a separate corporation that is acting solely as nominee for

       Lender and Lender's successors and assigns. MERS is the beneficiary under this Security

       Instrument.

    f. "Note" means the promissory note signed by Borrower and dated **December 23, 2005**.

       **[emphasis added]**

41. Plaintiff-Borrower has alleged and loan servicer GMAC Mortgage, LLC has confirmed that Lender and

Borrower rescinded the December 2005 note. Plaintiff therefore denies that the DOT constitutes a

perfected lien against the subject property and further denies that the power of sale contained in

the DOT can be exercised, particularly without a trial in which evidence is presented with proper

foundation through testimony of competent witnesses that Plaintiff can cross-examine.

### REQUEST FOR PRELIMINARY INJUNCTION- 11

Page S7 of F269

42. Borrower states on information and belief that between December 2005 and June 2006 she and Lender had a "meeting of the minds" that the December note was rescinded and replaced with the May note and DOT. Plaintiff is unaware of any law that would allow a third party to change the meaning of the terms or the underlying statues to the detriment of one party for the benefit of any other party.

43. At no time did Borrower agree that her rescinded note would take precedence over her legal subsequent note.

**SUMMARY**

44. A rescinded note is a nullity A Deed of Trust that specifies a rescinded note is void and voidable.

45. California foreclosure laws require that the foreclosing entity hold a mortgage or perfected lien and U.S. Bank holds neither. Newly enacted California laws require that bankers, lawyers and their agents stop lying, committing perjury, filing false and perjured documents, or otherwise break the law.

46. Even if the note and Deed of Trust were valid, U.S. Bank's assignment was done in violation of the federal bankruptcy stay in effect at the time. Their standing in to seek relief is presently under review in Federal Appeals Court Case CC-12-1359.

47. Plaintiff is entitled to temporary injunctive relief to prevent further damages until a full hearing can be heard on the matter.

**PRAYER**

WHEREFORE, Plaintiff prays as follows:

48. For an order requiring defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action;

Page 58 of 269

49. For an order requiring defendants to resubmit all previously filed declarations, affidavits, and recorded documents under the newly enacted, more stringent California laws;

50. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, U.S. Bank, and each of them, and their agents servants, and employees, and all persons acting under, in concert, or for them from today until a full hearing can be heard;

51. For costs of bringing this injunction in the amount of $90.86 for printing, copying, serving and traveling to and fro court to file;

52. For such other and further relief as the court may deem proper.


**VERIFICATION**

I declare under penalty of perjury under the laws of the State of California that I have read the above complaint and I know it is true of my own knowledge, except as to those things stated upon information and belief, and as to those I believe it to be true.

Executed December 31, 2012 at Buena Park, California

*Karen Mahile Rozier*

Karen M. Rozier, Plaintiff in Pro Per

REQUEST FOR PRELIMINARY INJUNCTION- 13

**Case 12-12020 (MG)**          Page 59 of 269                    **Exhibit 5**

# EXHIBIT 5

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 01/02/2013                    TIME: 01:30:00 PM        DEPT: C24

JUDICIAL OFFICER PRESIDING: Derek W. Hunt
CLERK: Lori Pickrell
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Elizabeth A Perreault

CASE NO: **30-2012-00601310-CU-OR-CJC** CASE INIT.DATE: 09/27/2012
CASE TITLE: **Rozier vs. GMAC Mortgage, LLC**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71628891,91760140

**EVENT TYPE**: Ex Parte
MOVING PARTY: Karen Michele Rozier
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other for Preliminary Injunction, 12/31/2012

**APPEARANCES**
Karen Michele Rozier, self represented Plaintiff, present.
Yaron Shaham, from Severson & Werson, present for Defendant(s).

Ex-Parte application for preliminary injunction is requested by plaintiff.

The Court takes this matter under submission.

DATE: 01/02/2013                    MINUTE ORDER                    Page 1
DEPT: C24                                                           Calendar No.

**Case 12-12020 (MG)**          **Page 61 of 269**                    **Exhibit 6**

# EXHIBIT 6

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 01/11/2013                    TIME: 01:30:00 PM        DEPT: C24

JUDICIAL OFFICER PRESIDING: Derek W. Hunt
CLERK: Lori A Pickrell
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Tamara Stiltz

CASE NO: **30-2012-00601310-CU-OR-CJC** CASE INIT.DATE: 09/27/2012
CASE TITLE: **Rozier vs. GMAC Mortgage, LLC**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71636057

**EVENT TYPE:** Ex Parte
MOVING PARTY: U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of
America, National Assoiation, as Trustee, Successor by Merger to LaSlle Bank National Association, as
Trustee for RAAC 2007RP1
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 01/11/2013

**APPEARANCES**
Karen Michele Rozier, self represented Plaintiff, present.
Yaron Shaham, from Severson & Werson, present for Defendant(s).

Ex-Parte application for order to set aside default of Bank of America is requested by defendants U.S.
Bank National Association.

Ex parte denied without prejudice.

Application and order to waive e-filing requirements by plaintiff in order to file opposition to 1-11-13 ex
parte signed and filed this date. Copy of order given to plaintiff in open court.

Opposition filed this date. Waiver of e-filing requirements granted for one time filing by plaintiff for this ex
parte hearing only.

**Case 12-12020 (MG)**          Page ⁀63 of ‿269                    **Exhibit 7**

# EXHIBIT 7

**MC–050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sean D. Muntz, CBN 223549<br>Kiersten A. Kropp, CBN 271968<br>Bryan Cave LLP<br>3161 Michelson Drive, Suite 1500, Irvine, CA 92612<br>TELEPHONE NO.: 949-223-7000    FAX NO. *(Optional)*: 949-223-7100<br>E-MAIL ADDRESS *(Optional)*: kroppk@bryancave.com<br>ATTORNEY FOR *(Name)*: Defendant Bank of America, N.A. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**01/16/2013** at 09:53:00 AM<br><br>Clerk of the Superior Court<br>By James M Haines, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Orange
 STREET ADDRESS: 700 Civic Center Drive West
 MAILING ADDRESS: P.O. Box 22014
 CITY AND ZIP CODE: Santa Ana, CA 92701
 BRANCH NAME: Central Justice Center

| CASE NAME:<br>Karen Rozier v. Bank of America, National Association et al. | |
|---|---|
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | CASE NUMBER:<br>30-2012-00601310 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Bank of America, N.A.    makes the following substitution:

1. Former legal representative ☐ Party represented self ☑ Attorney *(name)*: Yaron Shaham of Severson
2. New legal representative ☐ Party is representing self* ☑ Attorney
   a. Name: Sean D. Muntz
   b. State Bar No. *(if applicable)*: 223549
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
      Bryan Cave LLP, 3161 Michelson Drive, Suite 1500, Irvine, CA 92612

   d. Telephone No. *(include area code)*: 949-223-7000
3. The party making this substitution is a   ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify)*:
   Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank N.A., as Trustee for RAAC 2007

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: January 15, 2012

   Jesse Randolph of Bank of America, N.A.
   _____
   (TYPE OR PRINT NAME)

   ► _____
   (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: January 15, 2012

   Yaron Shaham of Severson & Werson
   _____
   (TYPE OR PRINT NAME)

   ► _____
   (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: January 15, 2012

   Sean D. Muntz of Bryan Cave, LLP
   _____
   (TYPE OR PRINT NAME)

   ► _____
   (SIGNATURE OF NEW ATTORNEY)

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88

***ROZIER VS. BANK OF AMERICA*** (Case No. 30-2012-00601310)

1  STATE OF CALIFORNIA, COUNTY OF ORANGE

2      I am employed in the County of Orange, State of California. I am over the age of 18 and
   not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500,
3  Irvine, CA 92612-4414.

4      On January 16, 2013, I served the following document(s) described as **SUBSTITUTION
   OF ATTORNEY** on all interested parties in this action by placing [X] a true copy [ ] the
5  original thereof enclosed in sealed envelopes addressed as follows:

6      Karen Michele Rozier              *In Pro Per Plaintiff KAREN ROZIER*
       7957 Dahlia Circle                Phone:    (714) 512-5740
7      Buena Park, CA 90620              Fax:
8                                        E-mail:

9

10     Yaron Shaham                      Phone:    (949) 442-7110
       Severson & Werson                 Fax:      (949) 442-7118
11     19100 Von Karman Ave.             E-mail:   ys@severson.com
12     Suite 700
       Irvine, Ca 92612

13
       [X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection
14  and processing correspondence for mailing. Under that practice it would be deposited with U.S.
   Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the
15  ordinary course of business. I am aware that on motion of the party served, service is presumed
   invalid if postal cancellation date or postage meter date is more than one day after date of deposit
16  for mailing in affidavit.

17     [X] STATE - I declare under penalty of perjury under the laws of the State of California
   that the foregoing is true and correct.
18
19     Executed on January 16, 2013, at Irvine, California.
20
21                                       *Ashley J. Burt*
                                         Ashley J. Burt
22

23

24

25

26

27

28

PROOF OF SERVICE

**Case 12-12020 (MG)**          Page 66 of 269                    **Exhibit 8**

# EXHIBIT 8

1   KAREN MICHELE ROZIER
    7957 DAHLIA CIRCLE
2   BUENA PARK, CA 90620
    (714) 512-5740
3   *Propria Persona*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/04/2013** at 12:01:00 PM
Clerk of the Superior Court
By Sonya Wilson,Deputy Clerk

4

5              IN THE SUPERIOR COURT OF CALIFORNIA

                        ORANGE COUNTY
6

7   KAREN MICHELE ROZIER, an Individual

                    Plaintiff,              Case No. 30-2012-00601310-CU-OR-CJC
8
    vs.                                     Honorable Derek W. Hunt, Presiding

9   BANK OF AMERICA, NATIONAL ASSOCIATION   **NOTICE OF EX PARTE APPLICATION
    as successor by merger to LASALLE BANK   HEARING AND EX PARTE APPLICATION
10  NATIONAL ASSOCIATION as Trustee RAAC     TO OPPOSE SUBSTITUTION OF
    2007RP1;                                 ATTORNEY**

11  GMAC MORTGAGE, LLC
                                                042/04/13
    EXECUTIVE TRUSTEE SERVICES, LLC dba ETS     1:30p.m.
12  SERVICES, LLC as Trustee ;                  C24

13  JOHN DOES 1-100.

                    Defendants.
14

15

16  TO THE HONORABLE COURT, DEFENDANTS, AND ALL OTHER INTERESTED PARTIES:

17  PLEASE TAKE NOTICE that on February 4, 2012 at 1:30 p.m. in Department C24 of the

18  Orange County Superior Court, located at 700 West Civic Center Drive, Santa, Ana

19

20              Ex Parte Application to Oppose Substitution of Attorney- 1

21

1 | California 92701, Karen Michele Rozier will apply ex parte for an order setting aside the

2 | Substitution of Attorney submitted by BRYAN CAVE LLP on behalf of Defendant Bank of

America, National Association as successor by merger to LASALLE BANK NATIONAL

3 | ASSOCIATION as Trustee RAAC 2007RP1.

4 | Plaintiff submitted her Opposition to this Substitution on January 18, 2012 and that

5 | item is identified as Docket #82. This document is blatantly false as Mr. Yaron Shaham

6 | admitted in open court that he never represented Defendant BANA, yet he executed

this document claiming that he did. Also, this document is false because it claims that a

7 | BRYAN CAVE, LLP employee is a BANA employee when he is not.

8 | The expart application is based upon this notice and ex parte application, the

9 | memorandum of points and authorities, the declaration of Karen Michele Rozier, the

10 | pleadings and papers on file in the captioned matter, and on the oral or documentary

evidence and argument requested or presented at the hearing.

11

12

13 | ### RULE 3.1202(a) STATEMENT

14 | Defendants are allegedly represented by counsel:

15 | BANA: BRYAN CAVE, LLP

16 | GMACS/ETS: Mr. Yaron Shaham of Severson and Werson

17 | ### RULE 3.1203 STATEMENT

18

19

20 | Ex Parte Application to Oppose Substitution of Attorney- 2

21

Page 69 of 269

As set forth in the declaration of Karen Michele Rozier attached to this application,

Defendants were notified of this ex parte application by email. Ms. Kiersten Kropp of

BRYAN CAVE confirmed her attendance via email on Monday February 4, at

approximately 11:30 am. Mr. Yaron Shaham of Severson and Werson opened his email

at approximately 7:50 am. He did not respond to email nor did he return any of

Plaintiff's messages.

Executed February 4, 2012 at Buena Park, California


                                    _KAREN MICHELE ROZIER_____
                                    Karen M. Rozier, Plaintiff in Pro Per


Ex Parte Application to Oppose Substitution of Attorney- 3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

COMES NOWPLAINTIFF KAREN MICHELE ROZIER, an Individual without benefit of counsel,

3

hereinafter known as the Plaintiff, moves this court to instruct the attorneys for the

4

Defendants to prove he/she is duly authorized to represent the party of which he/she claims.

5

The Plaintiff asks for a continuance until which time, the acting attorneys brings forth and files

6

in the record, certified documented proof of such authority or in the alternative, the Plaintiff

7

asks for a default judgment for all counts, as the Defendants have failed to answer the

Complaint.

8

### (1) The Law Firm of Bryan Cave, LLP

9

10

Plaintiff opposes to the Substitution of Attorney submitted by Bryan

Cave LLP. Plaintiff submitted her objection alleging that the substitution

11

contains false material statements and constitutes a fraud upon the court:

12   -   In paragraph 1, the parties state that "Yaron Shaham of Severson"

was the "former legal representative" of "Bank of America, N.A." and

13

the document is signed by Yaron Shaham of Severson and Werson. This

14

directly contradicts the statements Mr. Shaham made in open court on

January 18, 2012 when Judge Derek Hunt asked him directly if

15

Severson and Werson represented BANA. Mr. Shaham's denial is

16

reflected in the Minute Order.

17   -   Plaintiff alleges that the person pretending to be "Jesse Randolph

of Bank of America, N.A." is not a BANA employee but instead a

18

19

20

21

Page 71 of 269

1    junior attorney with Bryan Cave LLP. Plaintiff alleges that he lacks

     the proper authority to approve such the Substitution of Attorney.
2
     Mr. Randolph is not the Agent for Proof of Service, and BANA does

3    not list him as an officer with the corporation. As the name "Jesse

4    Randolph" is quite common, the attorneys should have to provide

     evidence that the "Jesse Randolph" that executed this "Substitution
5
     of Attorney" is authorized to commit Bank of America and not the

6    Jesse Randolph [CBN 221060] who is a low-level attorney with Bryan

     Cave, LLP as evidenced by his Linked In profile. [Exhibit 1]
7
   **(2) Attorney Yaron Shaham of Severson and Werson representing U.S. Bank National**
8
   **Association as successor in interest to Defendant BANA.**

9  -    There is no evidence that Severson and Werson ever represented Bank of America.

10 -    Only Defendants GMACM and ETS have confirmed that Severson and Werson

11      represent them.

12 -    There is no evidence that Severson and Werson ever represented U.S Bank National

13      Association. There is evidence that U.S. Bank is the largest unsecured creditor of

14      Defendant GMACM. As such, there appears to be a conflict of interest with Severson

15      and Werson presenting any arguments on behalf of U.S. Bank when they in fact

        represent Defendants GMACM and ETS.

16
   In order to prevent non-Defendant U.S. Bank from continuing to harass and annoy
17
   Plaintiff, Plaintiff respectfully requests that the Court grants its ex parte application and

18 overrule the Substitution of Attorney.

19

20                      Ex Parte Application to Oppose Substitution of Attorney- 5

21

1

2    February 4, 2012

3

4

5                              ___KAREN MICHELE ROZIER_____
                               Karen M. Rozier, Plaintiff in Pro Per

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20            Ex Parte Application to Oppose Substitution of Attorney- 6

21

Page 73 of 269

# DECLARATION OF KAREN MICHELE ROZIER

I, Karen Michele Rozier, declare as follows:

1. I am the Pro Se Litigant suing Defendants.
2. I submit this declaration in support of the ex parte application to overrule the Substitution of Attorney submitted by Severson and Werson and BRYAN CAVE LLP.
3. Mr. Shaham admitted to Judge Derek Hunt that he never represented Defendant Bank of America (BANA) a hearing when Mr. Shaham attempted to have the Plaintiff's default set aside. Despite his truthful admission on the record, Mr. Shaham submitted a false document to the court claiming that he did represent BANA.
4. BRYAN CAVE, LLP represented to the court that this Substitution was approved by Defendant BANA when in fact it was approved by a low-level BRYAN CAVE employee.
5. U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee RAMP 2007RP1 is not a party to this suit. They are, however, the largest unsecured non-priority creditor to bankrupt Defendant GMAC Mortgage, LLC. Plaintiff believes that U.S. Bank is attempting to profit from their wrong-doing by confusing the courts and attempting to have fake and fraudulent documents judicially noticed.
6. I notified opposing counsel by telephone and email of this ex parte hearing, which was originally scheduled for Friday. I notified all parties on Friday that I would ask for the ex parte application on Monday 4 February 2012.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Because I do not yet know how to sign documents and efile them, I will bring my signed declaration to the court.


_____KAREN MICHELE ROZIER_____
Karen M. Rozier, Plaintiff in Pro Per

**Case 12-12020 (MG)**              **Page 74 of 269**                    **Exhibit 9**

# EXHIBIT 9

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 02/04/2013                    TIME: 01:30:00 PM        DEPT: C24

JUDICIAL OFFICER PRESIDING: Derek W. Hunt
CLERK:  Lori A Pickrell
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Elizabeth A Perreault

CASE NO: **30-2012-00601310-CU-OR-CJC** CASE INIT.DATE: 09/27/2012
CASE TITLE: **Rozier vs. GMAC Mortgage, LLC**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71650725
**EVENT TYPE**: Ex Parte
MOVING PARTY: Karen Michele Rozier
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 02/04/2013

**APPEARANCES**
Karen Michele Rozier, self represented Plaintiff, present.
Kiersten Kropp, Yaron Shaham, from BRYAN CAVE LLP, present for Defendant(s).

Ex-Parte application for hearing to oppose substitution of attorney is requested by plaintiff.

Ex parte is not the type of motion heard ex parte. Plaintiff may set bring a motion on the regular law & motion calendar for Dept. C24.

Ex parte denied without prejudice.

**Case 12-12020 (MG)**          **Page $76$ of $269$**                    **Exhibit 10**

# EXHIBIT 10

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 02/05/2013                    TIME: 08:30:00 AM        DEPT:  C24

JUDICIAL OFFICER PRESIDING: Derek W. Hunt
CLERK: Lori A Pickrell
REPORTER/ERM: Edward V. Serrano-7469 CSR# 7469
BAILIFF/COURT ATTENDANT:  Elizabeth A Perreault

CASE NO: **30-2012-00601310-CU-OR-CJC** CASE INIT.DATE: 09/27/2012
CASE TITLE: **Rozier vs. GMAC Mortgage, LLC**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71644977,91277486

**EVENT TYPE:** Motion for Preliminary Injunction
MOVING PARTY: Karen Michele Rozier
CAUSAL DOCUMENT/DATE FILED: Amended Complaint, 10/29/2012

EVENT ID/DOCUMENT ID: 71644978,91277486

**EVENT TYPE:** Trial Setting Conference
MOVING PARTY: Karen Michele Rozier
CAUSAL DOCUMENT/DATE FILED: Amended Complaint, 10/29/2012

**APPEARANCES**
Karen Michele Rozier, self represented Plaintiff, present.
Yaron Shaham, from Severson & Werson, present for Defendant(s).
Kiersten Kropp, from BRYAN CAVE LLP, present for Defendant(s) telephonically.

Plaintiff's Ex parte Motion for Preliminary Injunction

Ruling. As more fully discussed on the record, Preliminary injunction granted against defendant Bank of America only banning future foreclosure activities on plaintiff's home located at 7957 Dahlia Circle, Buena Park, CA 90620.

Injunction order will be prepared by the court.

The Jury Trial is scheduled for 09/23/2013 at 09:00 AM in Department C24.

The estimated length of trial: 5 day jury trial.

Court orders Counsel for defendant Bank of America to give notice.

DATE: 02/05/2013                        MINUTE ORDER                            Page 1
DEPT: C24                                                                Calendar No.

**Case 12-12020 (MG)**                    Page $\underline{78}$ of $\underline{269}$                    **Exhibit 11**

# EXHIBIT 11

ROZIER v. GMAC MORTGAGE, et al.
30-2012
00 601 310

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 05 2013

ALAN CARLSON, Clerk of the Court

BY L. PISSELL

## ORDER OF PRELIMINARY INJUNCTION

The above-entitled cause came on for hearing on plaintiff's motion for preliminary injunction in the above-entitled court on February 5, 2013 in Department C-24, Honorable Derek W. Hunt judge presiding. Karen Rozier in propria persona appeared on behalf of plaintiff; Kiersten Kropp, Attorney at Law, of Bryan Cave LLP appeared telephonically on behalf of defendant Bank of America National Association, as successor by merger to LaSalle Bank, etc. ("Bank of America"); and Yaron Shaham, Esq. of Severson & Werson appeared for defendants GMAC Mortgage LLC, and Executive Trustee Service ("ETS") and also for U.S. Bank National Association.

The court, having considered the evidence, the briefs, and the arguments of counsel, and it appearing to the satisfaction of the court that under Civ. C § 3368 this is a proper case for granting such preliminary injunction limited to defendant Bank of America, and that unless the said preliminary injunction be granted, great and irreparable injury will result to plaintiff before trial can be had,

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Defendant Bank of America and each of its officers, agents, assigns, attorneys, representatives, employees, sales representatives, and all persons acting under, in connection with, or for them are hereby preliminarily enjoined and restrained pending trial of this action from engaging in, committing, or performing, directly or indirectly, any and all of the following acts:

Selling or attempting to sell or causing to be sold, by foreclosure or otherwise, that certain real estate commonly known as 7957 Dahlia Circle in Buena Park or authorizing or procuring others to do so.

2. IT IS FURTHER ORDERED that plaintiff is ordered to make personal service of this order on each defendant herein no later than 10 a.m. on February 13, 2013 and thereafter to file written proof of said service in court within seven days thereafter.

3. IT IS FURTHER ORDERED that bond on this preliminary injunction be hereby fixed in the sum of $5,000.

4. Trial of the action, heretofore scheduled for September 23, 2013, will remain.

5. Clerk to give notice.

Dated: 2-5-13

Judge of the Superior Court
**DEREK W. HUNT**

1

**Case 12-12020 (MG)**          **Page $80$ of $269$**          **Exhibit 12**

# EXHIBIT 12

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 02/06/2013                    TIME: 08:00:00 AM          DEPT: CX103

JUDICIAL OFFICER PRESIDING: Ronald L. Bauer
CLERK: Janet E Frausto
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Carolyn J Reza

CASE NO: 30-2012-00619543-CU-OR-CJC CASE INIT.DATE: 12/19/2012
CASE TITLE: **Rozier vs. U.S. Bank National Association, As Trustee, As Successor in Interest to
Bank of America, National Association, As Trustee, Successor by Merger to LaSalle Bank
National Association, As Trustee for RAAC 2007RP1**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71652303

**EVENT TYPE: Ex Parte**
MOVING PARTY: David Eugene Rozier, Sr., as Trustee for the David Bear Irrevocable Living Trust
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 02/05/2013

**APPEARANCES**
David Eugene Rozier, Sr., as Trustee for the David Bear Irrevocable Living Trust , self represented
Plaintiff, present.
Yaron Shaham of SEVERSON & WERSON for defendants.

Plaintiff's seeks an ex-parte application for a Preliminary Injunction/TRO.

The court grants a Tempoarary Restraining Order against U.S. Bank National Assocation As Trustee as
Successor in Interest to Bank of America, National Assocaiton, As trustee Successor by Merger to
LaSalle Bank National Assocaition as Trusttee for RAAC 2007RP1 to restrain the foreclose of said
premise for a 15 day period.

Karen Rozier shall prepare and submit an order for the court.

This case is reassigned to the Honorable Derek W. Hunt for all purposes, to be handled in
conjunction with case number 30 2012 601310  ROZIER ETAL VS GMAC MORTGAGE
ETAL

The matter is reassigned from Department CX103 to Department C24.

**Case 12-12020 (MG)**                    Page 82 of 269                    **Exhibit 13**

# EXHIBIT 13

**ELECTRONICALLY RECEIVED**
Superior Court of California,
County of Orange

**02/08/2013** at 01:39:55 PM

Clerk of the Superior Court
By Amy Van Arkel, Deputy Clerk

1    DAVID EUGENE ROZIER, SR.
     DAVID BEAR IRREVOCABLE LIVING TRUST
2    7957 DAHLIA CIRCLE
     BUENA PARK, CA 90620
3    (410) 458-3772
     *Propria Persona*

*FILED*

*FEB 13 2013*

4

5            IN THE SUPERIOR COURT OF CALIFORNIA

6                ORANGE COUNTY

7

8    David Eugene Rozier, Sr., as Trustee for the
     DAVID BEAR IRREVOCABLE LIVING TRUST      Case No. 30-2012 00619543

9               Plaintiffs,      **ORDER GRANTING TEMPORARY**
     vs.      **RESTRAINING ORDER**

10    U.S. BANK NATIONAL ASSOCIATION, As
     Trustee, As Successor in Interest to BANK OF
11    AMERICA, NATIONAL ASSOCIATION, As
     Trustee, Successor by Merger to LASALLE
12    BANK NATIONAL ASSOCIATION; As Trustee
     RAMP 2007RP1; BANK OF AMERICA,
     NATIONAL ASSOCIATION, As Trustee,
13    Successor by Merger to LASALLE BANK
     NATIONAL ASSOCIATION; As Trustee RAMP
14    2007RP1; LASALLE BANK NATIONAL
     ASSOCIATION; As Trustee RAMP 2007RP1;
15    WMC MORTGAGE COMPANY;PROSPER
     MARKETPLACE, INC.;WACHOVIA DEALER
     SERVICES;JOHN DOES 1-30.
16
              Defendants.

17

18

19

20                   ORDER- 1

21

Page 84 of 269

1    Plaintiff sought an ex parte temporary restraining order to enjoin the foreclosure

2  sale of its property. Plaintiff alleges the house was scheduled for a foreclosure sale on

    February 6, 2013, twenty-four (24) hours after postponement of a foreclosure sale from

3  February 5, 2013. Amongst other arguments, Plaintiff alleges defendants failed to

4  record all assignments of the trust, forged and falsified assignments of the trust and

5  substitution of the trustee, securitized any and all notes securing any interest in the

    Deed. Plaintiff also alleges that defendant U.S. Bank National Association As Trustee, As

6  Successor in Interest to BANK OF AMERICA, NATIONAL ASSOCIATION, As Trustee,

7  Successor by Merger to LASALLE BANK NATIONAL ASSOCIATION; As Trustee RAMP

8  2007RP1 has not complied with the legal requirements for a valid non-judicial

    foreclosure and violated a federal bankruptcy stay in order to record their interest in

9  the Deed in the county land records prior to initiating the foreclosure proceedings

10  Defendant U.S. Bank opposed the Plaintiff's motion. ~~However, Defendant U.S. Bank~~

11  ~~wanted the court to believe that it did not receive notice of the *Ex Parte* hearing. The~~

12  ~~court does not accept that argument as the *Ex Parte* hearing was held at 8:00 AM in a~~

    ~~courtroom where neither party has previously appeared yet U.S. Bank was represented~~

13  ~~by counsel. Defendant U.S. Bank, through its counsel, admitted to being in court on~~

14  ~~Monday and Tuesday with the same Plaintiff, yet claimed it did not know the new sale~~

15  ~~date when asked something the court also has difficulty accepting given the urgency of~~

    ~~the hearing. Therefore, the court must rely on Plaintiff's assertion that the sale was~~

16  ~~scheduled for later that same day.~~

17  ~~Defendant U.S. Bank requested that the court order the Plaintiff to issue a bond but~~

18  ~~failed to provide any evidence that it was in a position to make such a request. This~~

19

20                                    ORDER- 2

21

Page 85 of 269

1    ~~court finds it particularly troubling that U.S. Bank has failed to correct the property~~

2    ~~description of the subject property given the clear records from the Orange County Tax~~
     ~~Assessor.~~

3    *After weighing the relevant factors, the court ordered that*
     ~~Because of the alleged imminent foreclosure sale, and because likelihood of success on~~

4    ~~the merits of her claim that defendants did securitize, assign, or sell or transferred any~~

5    ~~and all debt, loan or promissory note,~~ Defendants, and their officers and agents, and

6    other persons in active concert or participation with defendants, who receive actual

     notice of this order, are restrained from conducting a foreclosure sale for the following

7    property: **7597 Dahlia Circle Buena Park, California 90620**, from this day until

8    Thursday, February 21, 2012, at 5:00 p.m. ~~Furthermore, finding good cause exists,~~

9    ~~this court expressively prohibits the conduct of the sale within the seven-day period~~

     ~~after the expiration or termination of this order.~~ *The court further directed plaintiffs*

10   *to prepare and submit an appropriate written TRO before the scheduled sale set next*
     *on February 6, 2013*
     ~~A hearing will be held on whether to issue a preliminary injunction at 8:30 a.m. on~~

11   ~~February 21, 2013, in Department C24 of 700 Civic Center Drive in Santa Ana, CA.~~

12   *This case was transferred to Department C-24, with plaintiffs to seek and*
     ~~IT IS SO ORDERED.~~

13   *arrange a hearing there in order to obtain a preliminary injunction.*
     ~~Plaintiff's allegations demonstrate a sufficient, I grant Plaintiff's request for a~~

14   ~~temporary restraining order.~~

15

16   *February 13, 2013*                    Honorable Ronald Bauer

17

18

19

20                                          ORDER- 3

21

**Case 12-12020 (MG)**                 Page 86 of 269                 **Exhibit 14**

# EXHIBIT 14



# FULLERTON POLICE DEPARTMENT
# REQUEST FOR WRITTEN REPORT and/or PHOTOS

---

**To be completed by party requesting information:**

<u>Requested Item(s):</u>                                      Case Number: <u>13 - 30413</u>

☒ Crime Report – $15.00 (1ˢᵗ 20 pages, $ .15 each page thereafter)
☐ CAD Incident Report – $ .15 per page
☐ Photographs – $26.00 photo CD
☐ Booking Photo (Bail Bond Agents Only) – $5.00

*If case number is not known please provide the following:*

Date: _____    Time: _____    Type/Location of Incident: _____

Requested By: _Karen Rozier_

Address: _7957 Dahlia Circle_    City: _Buena Park_    Zip: _90620_

Home Phone: ( _714_ ) _512 5740_    Work/Cell Phone: ( _____ ) _____

INVOLVEMENT:    ☒ Victim    ☐ Attorney (Must provide authorization for release of information)
                ☐ Other    ☐ Insurance Company (Must show proof of representation)

Representing/Describe: _____

Signature: _Karen M Rozier_    Date: _10/1/2014_
*(I am legally entitled to receive information on this case)*

---

**To be completed by Supervisor:**

Release of report is:    ☐ Approved    ☐ Denied

Reason for denial:

☐ Individual is only witness and not considered "involved" in incident.
☐ Release to arrested persons/suspects prohibited by Department Policy; copies may be obtained upon arraignment or through a subpoena.
☐ Release of report would endanger the successful completion of the investigation.
☐ Release of report would endanger the safety of a witness.
☐ Report contains information on juveniles; Court Order required to release the report.
☐ Miscellaneous Reports not available for release without a subpoena.
☐ Other: _____
☐ Special Instructions to Records: _____

Supervisor: _____    Date: _____
                        *Signature*

---

**Notification:**    (Attempt notification three different times.  If unable to make notification, scan Request for Written Report to the appropriate file.)

1. _____    _____    _____
        Date/Time                Initials                    Results
2. _____    _____    _____
        Date/Time                Initials                    Results
3. _____    _____    _____
        Date/Time                Initials                    Results

---

**Report Released:**    Date: _____    Initials: _____

# EXHIBIT 15



# BUENA PARK POLICE DEPARTMENT

Officer Report for Incident 13-18125

| | |
|---|---|
| **Nature:** CITAST | **Address:** 7957 DAHLIA CIR |
| **Location:** 88 | Buena Park CA 90620 |

**Offense Codes:** OTH2

| | | |
|---|---|---|
| **Received By:** Taniguchi M | **How Received:** O | **Agency:** BPPD |
| **Responsible Officer:** Dieringer R | **Disposition:** CLO 05/23/13 | |
| **When Reported:** 12:05:42 05/23/13 | **Occurred Between:** 12:05:42 05/23/13 and 12:05:42 05/23/13 | |

| | | |
|---|---|---|
| **Assigned To:** | **Detail:** | **Date Assigned:** **/**/** |
| **Status:** | **Status Date:** **/**/** | **Due Date:** **/**/** |

## Offense Codes

**Primary Offense:** OTH2 All Other Reportable Offenses

**Additional Offense:** OTH2 All Other Reportable Offenses

## Circumstances

**Responding Officers:**      **Unit :**

Dieringer R      026

BUENA PARK POLICE DEPARTMENT AUTHORIZED COPY
RELEASED TO: _Karen Rozier_
(NAMES OF PERSON AND/OR AGENCY)
NOTICE: This copy is not to be duplicated or transferred to
another person or agency and is to be destroyed by the above
named individual or agency upon completion of its original
intended purpose.

_10/1/14_     CHIEF OF POLICE _P.1062_
(DATE OF RELEASE/RELEASING PERSONS NAME)

| | |
|---|---|
| **Responsible Officer:** Dieringer R | **Agency:** BPPD |
| **Received By:** Taniguchi M | **Last Radio Log:** **:**:** **/**/** |
| **How Received:** O Officer Report | **Dispatch Clearance:** RPT Report to Follow/Crime/Arrest |
| **When Reported:** 12:05:42 05/23/13 | **Records Disposition:** CLO Date: 05/23/13 |
| **Judicial Status:** | **Occurred between:** 12:05:42 05/23/13 |
| **Misc Entry:** | **and:** 12:05:42 05/23/13 |

**Modus Operandi:**      **Description :**      **Method :**

## Involvements

| Date | Type | Description | |
|---|---|---|---|
| 05/29/13 | Name | ROZIER, KAREN MICHELE | REPORTING PERSON |

## Narrative

DICTATED BY: R. Dieringer, ID 799    CR No. 13-18125

SYNOPSIS:

Reporting party believes that her name was forged on her loan file.

NARRATIVE:

On 5-23-2013, at approximately 1120 hours, I responded to the front counter of the Buena Park Police Department where I spoke with reporting party, Karen Rozier.

Rozier stated she believed her name was fraudulently signed in her loan file and that this incident had occurred on December 3rd, 2005.

Rozier provided me a handwritten statement signed by her, Karen Rozier, outlining the violations which she believed had occurred. The following is a brief synopsis of that signed statement:

According to Rozier, someone had forged her name on the attached documents which were provided to the Buena Park Police Department. She stated that they're bad forgeries and they don't even look close to her signature. She also stated she did not type or sign the December 28th, 2005, note which was signed by an unknown person three days after the so-called loan closed and funded on December 23rd, 2005. The loan was rescinded on February 28th, 2006.

According to Rozier, she first became aware of this forgery around February 28th, 2013, when she received a copy of the loan file from Yaron Shaham. She stated that she previously suspected fraud in her file and thought it was limited to an attached notarized document with her middle name misspelled. She did not become aware of the forged signatures. She immediately contacted Shaham to make him aware of the forgeries. According to Rozier, he ignored her attempt to contact.

For further information, refer to attached signed statement.

Rozier also provided me with several copies of that loan file, where she stated the signatures were forged. I collected the copies and later scanned in the handwritten statement along with the photocopies into the Buena Park Police Department Records Management System.

Rozier requested that this report be taken for documentation purposes in accordance with the direction she received from the Orange County District Attorney's Office, who told her to go to the Buena Park Police Department and file this report.

Transcribed by: M. Kuhn, 06-02-13, 1544 hours

DICTATED BY: R. Dieringer, ID 799

Approved by: Sgt. M. Jones #572, Sun Jun 02 15:57:11 PDT 2013

## Name Involvements:

**REPORTING** 1523
**PERSON :**

|  |  |  |
|---|---|---|
| **Last:** ROZIER | **First:** KAREN | **Mid:** MICHELE |
| **DOB:** 06/26/62 | **Dr Lic:** B3260044 | **Address:** 7957 DAHLIA CIR |
| **Race:** B    **Sex:** F | **Phone:** (714)522-4188 | **City:** Buena Park, CA 90620 |

# EXHIBIT 16

# FEDERAL "Z" TRUTH-IN-LENDING DISCLOSURE STATEMENT

Name of Borrower(s): KAREN M ROZIER
CPUS 983 5824
CPUS 624332468
Loan Number: 11432468

Borrower Mailing: 7957 DAHLIA CIRCLE, BUENA PARK, CA 90620
Property Location: 7957 DAHLIA CIRCLE, BUENA PARK, CA 90620
Lender: WMC MORTGAGE CORP., 3100 THORNTON AVENUE, BURBANK, CA 91504 *UPDATED MAY 31, 2006

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 9.902 % | $1,392,567.70 | $576,326.66 | $1,968,894.36 |

You have the right to receive at this time an itemization of the Amount Financed.
[X] I want an itemization.    [ ] I do not want an itemization.

## Payment Schedule

| Number of Payments | Monthly Payments of | Payments are Due Monthly beginning: | Number of Payments | Monthly Payments of | Payments are Due Monthly beginning: |
|---|---|---|---|---|---|
| 36 | 3,312.00 | February 1, 2006 | | | |
| 6 | 4,752.00 | February 1, 2009 | | | |
| 6 | 5,232.00 | August 1, 2009 | | | |
| 12 | 5,400.00 | February 1, 2010 | | | |
| 299 | 5,749.86 | February 1, 2011 | | | |
| 1 | 5,750.22 | January 1, 2036 | | | |

NOTICE: DURING THE FIRST     Sixty          ( 60 ) MONTHS INTEREST ONLY PAYMENTS WILL BE
REQUIRED TO BE MADE.  THIS MEANS THAT THE REGULAR MONTHLY PAYMENT WILL NOT REDUCE THE
AMOUNT OWED DURING THE FIRST                 Sixty          ( 60 ) MONTHS OF YOUR LOAN.
YOUR INTEREST RATE MAY CHANGE DURING THE "INTEREST ONLY PERIOD" EVERY 6  MONTHS BEGINNING AFTER THE
FIRST CHANGE DATE AS DESCRIBED IN SECTION 4 OF THE NOTE.

Assuming the index remains unchanged for the life of the loan. The index used to calculate the APR is  4.990     %.

[ ]  This loan has a demand feature
[X]  Variable Rate: Disclosures about the variable rate feature have been provided to you earlier.
[ ]  Variable Rate Not Applicable
Security:    [ ] You are giving a security interest in the property being purchased
             [X] Other (describe): 7957 DAHLIA CIRCLE, BUENA PARK, CA 90620

Late Charge:  If payment is  15   days late, the penalty charge is  5.000         % of the payment.
              The minimum late charge is  N/A        .  The maximum late charge is  N/A

Filing Fees/Recording Fees:   $

Prepayment:  If you pay off your loan early, you [X] may' [ ] will not  have to pay a penalty.  And you  [ ] may  [X] will not
             be entitled to a refund of part of the finance charge.
Assumption:  Someone buying your home
             [X] will not be allowed to assume the remainder of this mortgage on the original terms.
             [ ] may, subject to conditions, be allowed to assume the remainder of this mortgage on the original terms.
Required Deposit:  The annual percentage rate does not take into account your required deposit.
Property Insurance is required to obtain credit and may be obtained from anyone you want who is acceptable to this Lender.
[X] Property Insurance is not available through Lender.
[ ] If you obtain Property Insurance from _____, you will pay $ _____ for a term of _____.
CREDIT LIFE AND DISABILITY INSURANCE are not required to obtain credit and will not be provided at the time of closing.
You may be offered these plans after closing, but they are not in effect at this time.  No such insurance will be in force until you have
completed an application, the insurance company has issued the policy, and the effective date of that policy has been provided.

See your loan documents for any additional information about nonpayment, default, any required repayment in full before the
scheduled date, and prepayment refunds and penalties.

'e' means estimate

I / we acknowledge receipt of a completed copy of this disclosure. SIGNED AND DATED:

_Karen M Rozier_    1 JUNE 06
- Borrower -  KAREN M ROZIER - DATE -

DOCUPREP
DECLPREP.VTR  08/28/2006

**WMC MORTGAGE CORP.**
3100 THORNTON AVENUE    NR, CA 94804

DATE:  December 23, 2005

BORROWER(S): KAREN M ROZIER

\* UPDATED MAY 31, 2006

PROPERTY ADDRESS: 7957 DAHLIA CIRCLE, BUENA PARK, CA 90620

ITEMIZATION OF THE AMOUNT FINANCED OF $ ____576,326.66____

☐ Amount given to you directly
☐ Amount paid on or credited to your account

| Amount Paid to Others on Your Behalf | Amount | Amount Included in Finance Charge and APR |
|---|---|---|
| Origination Fee to     WMC MORTGAGE CORP. | $ | |
| Discount Fee to     WMC MORTGAGE CORP. | $ | |
| Appraisal Fee to     (United By Lending) | $ | |
| Credit Report Fee to:     (United By Lending) | $ | |
| Lender's Inspection Fee to:     WMC MORTGAGE CORP. | $ | |
| Mortgage Ins. Application Fee to: | $ | |
| Assumption Fee:     WMC MORTGAGE CORP. | $ | |
| Buydown Fee to:     Buydown Fee | $ | |
| Interest  From:     January 4, 2006    To:     January 1, 2006 | $  -326.66    (8) | * |
| PMI/MIP Fee: | $ | |
| Mortgage Insurance Fee to: | $ | |
| Hazard Insurance Premium | $ | |
| VA Funding Fee: | $ | |
| Settlement Fee to:     Settlement Fee | $ | |
| Abstract or Title Search to: | $ | |
| Title Examination Fee to: | $ | |
| Title Insurance Binder to: | $ | |
| Document Preparation Fee to: | $ | |
| Notary Fee to: | $ | |
| Attorney's Fee to: | $ | |
| Title Insurance Fee to: | $ | |
| Lender Coverage to:     Lender Coverage | $ | |
| Owner Coverage to:     Owner Coverage | $ | |
| Recording Fees to: | $ | |
| City/County/Stamps to: | $ | |
| State Tax/Stamps to: | $ | |
| Survey Fee to: | $ | |
| Pest Inspection Fee to: | $ | |
| Other Fee to: Origination Fee to Broker (United By Lending) | $ | |
| Other Fee to: SRR CORP-GOODS & SERVICES 0%-3% POC by LNDR $8,640.00 (Unite | $ | |
| Other Fee to: *Tax Contract Fee to Fidelity National | $ | |
| Other Fee to: Processing Fee to Broker (United By Lending) | $ | |
| Other Fee to: *Document Preparation Fee to WMC | $ | |
| Other Fee to: *Flood Determination to First American Flood Data SS | $ | |
| Other Fee to: *Administration Fee to WMC | $ | |
| Other Fee to: Application Fee to Broker (United By Lending) | $ | |
| Other Fee to: BROKER FEE | $ | |
| Other Fee to: | $ | |
| Other Fee to: Misc. Insurance | $ | |
| Other Fee to: Courier Fee to Settlement Agent | $ | |
| Other Fee to: | $ | |
| Other Fee to: | $ | |
| Other Fee to: | $ | |
| Other Fee to: | $ | |
| Other Fee to: | $ | |
| Other Fee to: | $ | |
| Other Fee to: | $ | |
| Total Prepaid Finance Charges: | | $  -326.66 |

_Karen M Rozier_  1 JUNE 06
- Borrower - KAREN M ROZIER - Date -

DOCISRY
DOCISRY.VTX  09/28/2005

## NOTICE OF RIGHT TO CANCEL

Servicing by: [redacted]
LENDER: VMC MORTGAGE CORP.

DATE: [redacted] 27, 2006
LOAN NO: [redacted]
TYPE: Conventional

3100 THORNTON AVENUE BURBANK, CA 91504
BORROWERS: KAREN M NOZIER

UPDATED MAY 31, 2006

ADDRESS: 7937 DAHLIA CIRCLE
CITY/STATE/ZIP: BUENA PARK, CA 90620
PROPERTY: 7937 DAHLIA CIRCLE, BUENA PARK, CA 90620

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs LAST:

(1) The date of the transaction, which is ___06/01/06___ ; or
(2) The date you receive your Truth in Lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:
3100 Thornton Ave. (Call Center)
Burbank, CA 91504

You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ___Jun 5, 2006___ (or MIDNIGHT of the THIRD BUSINESS DAY following the date of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

CONSUMER'S SIGNATURE _____ DATE _____

---

Each of the borrowers in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

I acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL.

_Karen M Nozier_   _1 June 06_
BORROWER - KAREN M NOZIER - DATE

[barcode]

# EXHIBIT 17