Page 125 of 269                                        28

1       MRS. ROZIER:  FIFTEEN DAYS?  TWENTY DAYS?  IT

2  SHOULDN'T TAKE ME MORE THAN TWO, THREE WEEKS.

3       THE COURT:  DO YOU HAVE ANY --

4       MR. SHAHAM:  I DON'T HAVE A PROBLEM WITH THAT, YOUR

5  HONOR.

6       THE COURT:  OKAY, 15 DAYS?

7       MRS. ROZIER:  OKAY.

8       THE COURT:  OKAY, 15 DAYS TO FILE A THIRD AMENDED

9  COMPLAINT NAMING U.S. BANK FOR WRONGFUL FORECLOSURE ONLY.

10      MRS. ROZIER:  OKAY.

11      THE COURT:  OKAY.  THANK YOU, LADIES AND GENTLEMEN.

12      MR. LEE:  BUT --

13      MRS. ROZIER:  THE ONLY OTHER ISSUE I HAVE IS THAT,

14  SINCE THE TEMPORARY RESTRAINING ORDER AND INJUNCTION WAS

15  IN PLACE, U.S. BANK HAS BEEN SCHEDULING SALES EVERY WEEK,

16  SOMETIMES TWICE A WEEK.

17      THE COURT:  THEY CAN DO IT.  THEY HAVEN'T SOLD IT

18  YET.

19      MR. SHAHAM:  I CAN -- I'LL HELP THE PLAINTIFF WITH

20  THAT, TOO, YOUR HONOR.  THE SALE HAS BEEN CANCELED.

21  THERE WAS A SALE SET FOR MONDAY THE 13TH.  THE SALE HAS

22  BEEN CANCELED.

23      THE COURT:  JUST TOTALLY OFF CALENDAR?

24      MR. SHAHAM:  WELL, LIKE MY CLIENT CONTACT TOLD ME,

25  THE SALE HAS BEEN CANCELED, SO.

26      MRS. ROZIER:  THANK YOU.

Page 126 of 269                    29

1        THE COURT:  SO SHE WILL GET NEW NOTICE, THEN, WHEN

2   A FORECLOSURE SALE IS TO HAPPEN.

3        MR. SHAHAM:  I CAN ONLY ASSUME SO, YOUR HONOR.  I

4   DON'T KNOW.

5        THE COURT:  OKAY.  WE DON'T KNOW BUT SO FAR MONDAY

6   IS NOT HAPPENING.

7        MR. SHAHAM:  BUT ON MONDAY, THE 13TH, THE

8   FORECLOSURE SALE WILL NOT OCCUR.

9        MRS. ROZIER:  THAT'S WHAT I NEEDED TO HEAR.  THANK

10  YOU.

11       MR. SHAHAM:  DID THE COURT WANT TO HEAR NUMBER 13,

12  YOUR HONOR?

13       THE COURT:  I DO WANT TO HEAR NUMBER 13, BUT I WANT

14  TO MAKE SURE NUMBER 12 IS OVER.

15       MR. SHAHAM:  I THINK IT'S OVER.

16       MR. LEE:  I THINK IT'S OVER, TOO, YOUR HONOR.

17       THE ONLY THING IS, OUT OF AN ABUNDANCE OF

18  CAUTION, IS BECAUSE MR. ROZIER WAS NAMED AS A PLAINTIFF

19  IN NUMBER 12, I WANT HIM TO ALSO GO ON THE RECORD THAT HE

20  IS NO LONGER IN THAT ACTION.

21       THE COURT:  I'M TELLING YOU HE'S NO LONGER IN THAT

22  ACTION.

23       MR. LEE:  OKAY, YOUR HONOR.

24       THE COURT:  HE'S BEEN DELETED AS OF TODAY.

25       MR. LEE:  YOUR HONOR, I JUST WANTED TO CLARIFY.

26              (END OF PROCEEDINGS.)

Page 127 of 269

REPORTER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       )
COUNTY OF ORANGE       )

        I, ALICIA ANN DUBOIS, CSR #6164, DO HEREBY
CERTIFY THAT THE WITHIN AND FOREGOING TRANSCRIPT IS A
TRUE AND CORRECT TRANSCRIPTION OF MY SHORTHAND NOTES
THEREOF AND A FULL, TRUE AND CORRECT STATEMENT OF THE
TESTIMONY AND PROCEEDINGS HAD IN SAID CAUSE.

        DATE:  MAY 20, 2013

ALICIA DUBOIS, CSR NO. 6164

OFFICIAL COURT REPORTER

Case 12-12020 (MG)            Page 128 of 267            Exhibit 18

# EXHIBIT 18

1 | ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
2 | YARON SHAHAM (State Bar No. 217192)
ys@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | The Atrium
19100 Von Karman Avenue, Suite 700
5 | Irvine, California 92612
Telephone: (949) 442-7110
6 | Facsimile: (949) 442-7118

7 | JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
8 | A Professional Corporation
One Embarcadero Center, Suite 2600
9 | San Francisco, California 94111
Telephone: (415) 398-3344
10 | Facsimile: (415) 956-0439

11 | Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION, as Trustee, as successor in
12 | interest to Bank of America, National Association, as Trustee, successor by
merger to LaSalle Bank National Association, as Trustee for RAAC
13 | 2007RP1; and RESIDENTIAL FUNDING COMPANY, LLC

14 | **SUPERIOR COURT OF CALIFORNIA**

15 | **COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

16 | Karen Michele Rozier, an Individual,

17 |               Plaintiff,

18 |      vs.

19 | Bank of America, National Association as
successor by merger to LaSalle Bank National
20 | Association as Trustee RAMP 2007RP1 aka
Bank of America, National Association as
21 | successor by merger to LaSalle Bank National
Association as Trustee RAAC 2007RP1; U.S.
22 | Bank National Association as successor in
interest to Bank of America National
23 | Association as Trustee, successor by merger to
LaSalle Bank National Association as Trustee
24 | for RAAC 2007RP1; Residential Funding
Company, LLC fka Residential Funding
25 | Company, Attorney-In-Fact; JOHN DOES 18-
50,
26 |
27 |               Defendants.
28 |

Case No. 30-2012-00601310-CU-OR-CJC
Assigned for All Purposes to:
Hon. Sheila B. Fell
Dept. C22

**DEFENDANT RESIDENTIAL FUNDING
COMPANY, LLC'S REQUESTS FOR
ADMISSION PROPOUNDED ON
PLAINTIFF KAREN MICHELE ROZIER
- SET ONE**

Action Filed:      September 27, 2012
FAC Filed:         October 29, 2012
SAC Filed:         February 4, 2013
TAC Filed:         June 11, 2013
Trial Date:        April 28, 2014

19000.1432/2847479.1

DEFENDANT RFC'S REQUESTS FOR ADMISSION TO PLAINTIFF KAREN M. ROZIER - SET ONE

1 | PROPOUNDING PARTY:        DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC

2 | RESPONDING PARTY:        PLAINTIFF KAREN MICHELE ROZIER

3 | SET NO.:        ONE

4 | **TO PLAINTIFF KAREN MICHELE ROZIER:**

5 |       Pursuant to California Code of Civil Procedure § 2033.010 et seq., defendant Residential

6 | Funding Company, LLC ("RFC" or "Defendant") requests that Plaintiff Karen Michele Rozier

7 | ("Plaintiff") admit, under oath, within thirty (30) days after service that each of the following

8 | specified matters of fact, opinion relating to fact, or application of law to fact are true.

9 |       In the event the responses to the following requests for admission are not timely served,

10 | U.S. Bank may, reserve the right to, and will, move for an order deeming the truth of any matter

11 | specified in these Requests as having been admitted pursuant to Code of Civil Procedure

12 | §2033.280.

13 |       In the event the truth of any matter denied in your responses to these requests for

14 | admissions is later proven at trial, defendant may, reserves the right to, and will, seek recovery of

15 | all expenses including reasonable attorneys' fees, incurred in proving the truth of such matter.

16 | **DEFINITIONS**

17 |     1.     "COMMUNICATION" refers to any transmittal or receipt of information, or

18 | contact between two or more persons or entities, whether such was oral or written, by chance, pre-

19 | arrangement, formal or informal, and specifically includes conversations in person, telephone,

20 | conversations, telegraphs, letters or memoranda, electronic mail messages, facsimile

21 | transmissions, formal statements and press releases, and newspaper stories.

22 |     2.     "YOU," whether used singly as a noun or as part of the word "YOUR," shall refer

23 | to Karen Michele Rozier, and each of her attorneys and other representatives, if any, who are or

24 | were authorized to make COMMUNICATIONS on her behalf.

25 |     3.     "DOCUMENT" or "DOCUMENTS" shall mean and include the originals, non-

26 | identical copies, and drafts of all written, recorded, graphic or photographic matter, however

27 | produced or reproduced, pertaining in any manner to the subject matter indicated and includes,

28 | without limiting the generality of the foregoing, all agreements, appointment books, bills, books,

1 | cablegrams, calendars, cards, charts, checks, computer hard copies, computer printouts, computer

2 | diskettes, contracts, correspondence, credit memoranda, diaries, expense accounts, file cards,

3 | films, financial statements and reports, insurance forms, invoices, journals, ledgers, letters, logs,

4 | memoranda, memorials of telephone conversation, microfilm, minutes, notes, notices, papers,

5 | purchase orders, receipts, recordings by any medium, records, reports, slides, statements,

6 | telegrams, telexes, time sheets, and any pertinent information set forth in written language or an

7 | electronic representation thereof.

8 |     4.    "IDENTIFY" means, with respect to a person, to state the person's full name, last

9 | known business and residence addresses, and last known employer.

10 |     5.    "IDENTIFY" means, with respect to a DOCUMENT, to identify the author,

11 | recipient, and present custodian, if any, of the document, and to state the document's date, type

12 | (e.g., letter, memorandum, notes) and subject.

13 |     6.    "IDENTIFY" means, with respect to a fact, to state each fact which YOU intend to

14 | offer evidence in support of at the trial of this action.

15 |     7.    "PERSON" or "PERSONS" includes a natural person, firm, association,

16 | organization, partnership, business trust, corporation, or public entity.

17 | **REQUESTS FOR ADMISSION**

18 | **REQUEST FOR ADMISSION NO. 1:**

19 |     Admit Plaintiff does not have a viable Wrongful Foreclosure claim against RFC.

20 | **REQUEST FOR ADMISSION NO. 2:**

21 |     Admit Plaintiff is not entitled to any monetary damages from RFC.

22 | **REQUEST FOR ADMISSION NO. 3:**

23 |     Admit Plaintiff is not entitled to any equitable relief from RFC.

24 | **REQUEST FOR ADMISSION NO. 4:**

25 |     Admit RFC was not involved with the origination of the Subject Loan. Hereinafter,

26 | "Subject Loan" shall refer to the loan obtained by Plaintiff from WMC Mortgage Corp. on or

27 | about December 23, 2005, in the amount of $576,000.00.

28 |

19000.1432/2847479.1          3

DEFENDANT RFC'S REQUESTS FOR ADMISSION TO PLAINTIFF KAREN M. ROZIER - SET ONE

1 | **REQUEST FOR ADMISSION NO. 5:**

2 | Admit RFC was not involved with the modification of the Subject Loan on or about May

3 | 16, 2006.

4 | **REQUEST FOR ADMISSION NO. 6:**

5 | Admit Plaintiff has not alleged she can tender the amounts due and owing on the Subject

6 | Loan within her Third Amended Complaint.

7 | **REQUEST FOR ADMISSION NO. 7:**

8 | Admit Plaintiff cannot tender the amounts due and owing on the Subject Loan.

9 | **REQUEST FOR ADMISSION NO. 8:**

10 | Admit Plaintiff has not made a mortgage payment concerning the Subject Loan in over

11 | four years.

12 | **REQUEST FOR ADMISSION NO. 9:**

13 | Admit title to the real property located at 7957 Dahlia Circle, Buena Park, California

14 | 90620 ("Subject Property") is currently held by David Bear Rozier Irrevocable Trust.

15 | **REQUEST FOR ADMISSION NO. 10:**

16 | Admit Plaintiff is not the trustee of the David Bear Rozier Irrevocable Trust.

17 | **REQUEST FOR ADMISSION NO. 11:**

18 | Admit Plaintiff transferred her interest in the Subject Property to the David Bear Rozier

19 | Irrevocable Trust on or about July 25, 2011.

20 | **REQUEST FOR ADMISSION NO. 12:**

21 | Admit the foreclosure sale conducted on September 24, 2012 concerning the Subject

22 | Property was rescinded on October 3, 2012.

23 | **REQUEST FOR ADMISSION NO. 13:**

24 | Admit Plaintiff has not made a mortgage payment concerning the Subject Loan in over

25 | five years.

26 | **REQUEST FOR ADMISSION NO. 14:**

27 | Admit that Plaintiff continued to reside at the Subject Property between September 24,

28 | 2013 through October 3, 2013.

19000.1432/2847479.1

4

1 | **REQUEST FOR ADMISSION NO. 15:**

2 |     Admit that Plaintiff continues to reside at the Subject Property to this day.

3 | **REQUEST FOR ADMISSION NO. 16:**

4 |     Admit that on or about September 24, 2012 the Subject Property did not have any equity.

5 | **REQUEST FOR ADMISSION NO. 17:**

6 |     Admit that on or about October 3, 2012 the Subject Property did not have any equity.

7 | **REQUEST FOR ADMISSION NO. 18:**

8 |     Admit that as of August 31, 2013 the Subject Property did not have any equity.

9 |

10 | DATED: August 28, 2013

              SEVERSON & WERSON
              A Professional Corporation

13 |               By: _____
                        Yaron Shaham

              Attorneys for Defendants U.S. BANK NATIONAL
              ASSOCIATION, as Trustee, as successor in interest to
              Bank of America, National Association, as Trustee,
              successor by merger to LaSalle Bank National
              Association, as Trustee for RAAC 2007RP1; and
              RESIDENTIAL FUNDING COMPANY, LLC

**PROOF OF SERVICE**
**Rozier v. Bank of America, et al.**
**OCSC Case No. 30-2012-00601310-CU-OR-CJC**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On August 28 2013, I served true copies of the following document(s):

**DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC'S REQUESTS FOR ADMISSION PROPOUNDED ON PLAINTIFF KAREN MICHELE ROZIER - SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28 2013, at Irvine, California.

Stephanie A. Crisp

19000.1432/2847479.1

DEFENDANT RFC'S REQUESTS FOR ADMISSION TO PLAINTIFF KAREN M. ROZIER - SET ONE

1

2

## SERVICE LIST
### Rozier v. Bank of America, et al.
### OCSC Case No. 30-2012-00601310-CU-OR-CJC

3  | Karen Michele Rozier                 Plaintiff, In Pro Per
   | 7957 Dahlia Circle
4  | Buena Park, CA 90620                 Telephone:    (714) 512-5740

5  | David Eugene Rozier                  Plaintiff, In Pro Per
   | 7957 Dahlia Circle
6  | Buena Park, CA 90620                 Telephone:    (714) 512-5740

7  | Frank Kim                            Telephone:    (949) 223 7000
   | BRYAN CAVE                           Facsimile:    (949) 223 7100
8  | 3161 Michelson Drive, Suite 1500
   | Irvine, CA 92612-4414

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RFC'S REQUESTS FOR ADMISSION TO PLAINTIFF KAREN M. ROZIER - SET ONE

1  ROBERT J. GANDY (State Bar No. 225405)
   rjg@severson.com
2  YARON SHAHAM (State Bar No. 217192)
   ys@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
8  A Professional Corporation
   One Embarcadero Center, Suite 2600
9  San Francisco, California 94111
   Telephone: (415) 398-3344
10 Facsimile: (415) 956-0439

11 Attorneys for Defendants
   U.S. BANK NATIONAL ASSOCIATION, as Trustee, as successor in
12 interest to Bank of America, National Association, as Trustee, successor by
   merger to LaSalle Bank National Association, as Trustee for RAAC
13 2007RP1; and RESIDENTIAL FUNDING COMPANY, LLC

14               **SUPERIOR COURT OF CALIFORNIA**

15        **COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

16 Karen Michele Rozier, an Individual,          Case No. 30-2012-00601310-CU-OR-CJC
                                                 Assigned for All Purposes to:
17              Plaintiff,                        Hon. Sheila B. Fell
                                                 Dept. C22
18         vs.

19 Bank of America, National Association as      **DEFENDANT RESIDENTIAL FUNDING**
   successor by merger to LaSalle Bank National  **COMPANY, LLC'S SPECIAL**
20 Association as Trustee RAMP 2007RP1 aka        **INTERROGATORIES PROPOUNDED**
   Bank of America, National Association as       **ON PLAINTIFF KAREN MICHELE**
21 successor by merger to LaSalle Bank National   **ROZIER - SET ONE**
   Association as Trustee RAAC 2007RP1; U.S.
22 Bank National Association as successor in      Action Filed:    September 27, 2012
   interest to Bank of America National          FAC Filed:       October 29, 2012
23 Association as Trustee, successor by merger to SAC Filed:       February 4, 2013
   LaSalle Bank National Association as Trustee  TAC Filed:       June 11, 2013
24 for RAAC 2007RP1; Residential Funding          Trial Date:      April 28, 2014
   Company, LLC fka Residential Funding
25 Company, Attorney-In-Fact; JOHN DOES 18-
   50,
26
                Defendants.
27

28

19000.1432/2847486.1

DEFENDANT RFC'S SPECIAL INTERROGATORIES TO PLAINTIFF KAREN M. ROZIER - SET ONE

1 | PROPOUNDING PARTY:          DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC

2 | RESPONDING PARTY:          PLAINTIFF KAREN MICHELE ROZIER

3 | SET NO.:                            ONE

4 | **TO PLAINTIFF KAREN MICHELE ROZIER:**

5 |          Pursuant to California Code of Civil Procedure § 2034.010 et seq., Defendant Residential

6 | Funding Company, LLC ("RFC" or "Defendant") hereby requests that Plaintiff Karen Michele

7 | Rozier ("Plaintiff") respond to the following Special Interrogatories, under oath, within 30 days of

8 | service. Please send your responses to Severson & Werson, A Professional Corporation, located

9 | at 19100 Von Karman Avenue, Suite 700, Irvine, California 92612.

10 |                                      **DEFINITIONS**

11 |          1.          "COMMUNICATION" refers to any transmittal or receipt of information, or

12 | contact between two or more persons or entities, whether such was oral or written, by chance, pre-

13 | arrangement, formal or informal, and specifically includes conversations in person, telephone,

14 | conversations, telegraphs, letters or memoranda, electronic mail messages, facsimile

15 | transmissions, formal statements and press releases, and newspaper stories.

16 |          2.          "YOU," whether used singly as a noun or as part of the word "YOUR," shall refer

17 | to Karen Michele Rozier, and each of his attorneys and other representatives who are or were

18 | authorized to make COMMUNICATIONS on its behalf.

19 |          3.          "RFC" refers to Defendant Residential Funding Company, LLC.

20 |          4.          "DOCUMENT" or "DOCUMENTS" shall mean and include the originals, non-

21 | identical copies, and drafts of all written, recorded, graphic or photographic matter, however

22 | produced or reproduced, pertaining in any manner to the subject matter indicated and includes,

23 | without limiting the generality of the foregoing, all agreements, appointment books, bills, books,

24 | cablegrams, calendars, cards, charts, checks, computer hard copies, computer printouts, computer

25 | diskettes, contracts, correspondence, credit memoranda, diaries, expense accounts, file cards,

26 | films, financial statements and reports, insurance forms, invoices, journals, ledgers, letters, logs,

27 | memoranda, memorials of telephone conversation, microfilm, minutes, notes, notices, papers,

28 | purchase orders, receipts, recordings by any medium, records, reports, slides, statements,

1  telegrams, telexes, time sheets, and any pertinent information set forth in written language or an

2  electronic representation thereof.

3    5.    "IDENTIFY" means, with respect to a person, to state the person's full name, last

4  known business and residence addresses, and last known employer.

5    6.    "IDENTIFY" means, with respect to a DOCUMENT, to identify the author,

6  recipient, and present custodian, if any, of the document, and to state the document's date, type

7  (e.g., letter, memorandum, notes) and subject.

8    7.    "IDENTIFY" means, with respect to a fact, to state each fact which YOU intend to

9  offer evidence in support of at the trial of this action.

10    8.    "PERSON" or "PERSONS" includes a natural person, firm, association,

11  organization, partnership, business trust, corporation, or public entity.

12  **SPECIAL INTERROGATORIES**

13  **SPECIAL INTERROGATORY NO. 1:**

14  State all facts in support of Plaintiff's Wrongful Foreclosure claim against RFC.

15  **SPECIAL INTERROGATORY NO. 2:**

16  IDENTIFY all DOCUMENTS in support of Plaintiff's Wrongful Foreclosure claim

17  against RFC.

18  **SPECIAL INTERROGATORY NO. 3:**

19  IDENTIFY all persons (and state their contact information) who can testify in support of

20  Plaintiff's Wrongful Foreclosure claim against RFC.

21  **SPECIAL INTERROGATORY NO. 4:**

22  State all facts in support of Plaintiff's request for monetary damages from RFC.

23  **SPECIAL INTERROGATORY NO. 5:**

24  IDENTIFY all DOCUMENTS in support of Plaintiff's request for monetary damages from

25  RFC.

26  **SPECIAL INTERROGATORY NO. 6:**

27  IDENTIFY all persons (and state their contact information) who can testify in support of

28  Plaintiff's request for monetary damages from RFC.

1  **SPECIAL INTERROGATORY NO. 7:**

2      State all facts in support of Plaintiff's request for equitable relief from RFC.

3  **SPECIAL INTERROGATORY NO. 8:**

4      IDENTIFY all DOCUMENTS in support of Plaintiff's request for equitable relief from

5  RFC.

6  **SPECIAL INTERROGATORY NO. 9:**

7      IDENTIFY all persons (and state their contact information) who can testify in support of

8  Plaintiff's request for equitable relief from RFC.

9  **SPECIAL INTERROGATORY NO. 10:**

10      State the dollar amount of damages Plaintiff contends she is entitled to recover in this

11  lawsuit.

12  **SPECIAL INTERROGATORY NO. 11:**

13      State all facts to support Plaintiff's loss of equity in the real property located at 7957

14  Dahlia Circle, Buena Park, California 90620 ("Subject Property") as a result of the foreclosure

15  sale conducted on September 24, 2012.

16  **SPECIAL INTERROGATORY NO. 12:**

17      State all facts to support Plaintiff's tender of the amounts due and owing on the Subject

18  Loan. "Subject Loan" shall refer to the loan obtained by Plaintiff from WMC Mortgage Corp. on

19  or about December 23, 2005, in the amount of $576,000.00.

20  **SPECIAL INTERROGATORY NO. 13:**

21      State all facts to support Plaintiff's offer to tender the amounts due and owing on the

22  Subject Loan.

23  **SPECIAL INTERROGATORY NO. 14:**

24      State the value of the Subject Property as of September 24, 2012.

25  **SPECIAL INTERROGATORY NO. 15:**

26      State the value of the Subject Property as of October 3, 2012.

27  **SPECIAL INTERROGATORY NO. 16:**

28      State the value of the Subject Property as of August 31, 2013.

DEFENDANT RFC'S SPECIAL INTERROGATORIES TO PLAINTIFF KAREN M. ROZIER - SET ONE

1    **SPECIAL INTERROGATORY NO. 17:**

2         State how Plaintiff calculated the amount of her damages stated in response to Special

3    Interrogatory No. 10.

4

5    DATED: August 28, 2013                    SEVERSON & WERSON
                                               A Professional Corporation
6

7

8    By: _____
                                               Yaron Shaham
9

10   Attorneys for Defendants U.S. BANK NATIONAL
     ASSOCIATION, as Trustee, as successor in interest to
     Bank of America, National Association, as Trustee,
11   successor by merger to LaSalle Bank National
     Association, as Trustee for RAAC 2007RP1; and
12   RESIDENTIAL FUNDING COMPANY, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19000.1432/2847486.1                          5
DEFENDANT RFC'S SPECIAL INTERROGATORIES TO PLAINTIFF KAREN M. ROZIER - SET ONE

1

**PROOF OF SERVICE**
**Rozier v. Bank of America, et al.**
2    **OCSC Case No. 30-2012-00601310-CU-OR-CJC**

3        At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
4    19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

5        On August 28 2013, I served true copies of the following document(s):

6    **DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC'S SPECIAL**
**INTERROGATORIES PROPOUNDED ON PLAINTIFF KAREN MICHELE**
7    **ROZIER - SET ONE**

8    on the interested parties in this action as follows:

9                        **SEE ATTACHED SERVICE LIST**

10        **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
11    mailing, following our ordinary business practices. I am readily familiar with Severson &
Werson's practice for collecting and processing correspondence for mailing. On the same day that
12    the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13
        I declare under penalty of perjury under the laws of the State of California that the
14    foregoing is true and correct.

15        Executed on August 28 2013, at Irvine, California.

16

17

18                                    Stephanie A. Crisp

19

20

21

22

23

24

25

26

27

28

19000.1432/2847486.1

DEFENDANT RFC'S SPECIAL INTERROGATORIES TO PLAINTIFF KAREN M. ROZIER - SET ONE

P3 - 142 of 269

1

## SERVICE LIST
## Rozier v. Bank of America, et al.
## OCSC Case No. 30-2012-00601310-CU-OR-CJC

2

3   | Karen Michele Rozier                    Plaintiff, In Pro Per
    7957 Dahlia Circle
4   | Buena Park, CA  90620                    Telephone:    (714) 512-5740

5   | David Eugene Rozier                      Plaintiff, In Pro Per
    7957 Dahlia Circle
6   | Buena Park, CA  90620                    Telephone:    (714) 512-5740

7   | Frank Kim                                Telephone:    (949) 223 7000
    BRYAN CAVE                                Facsimile:    (949) 223 7100
8   | 3161 Michelson Drive, Suite 1500
    Irvine, CA 92612-4414

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19000.1432/2847486.1

DEFENDANT RFC'S SPECIAL INTERROGATORIES TO PLAINTIFF KAREN M. ROZIER - SET ONE

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Yaron Shaham (SBN 217192)
SEVERSON & WERSON
The Atrium
19100 Von Karman, Suite 700
Irvine, CA 92612

TELEPHONE NO.: (949) 442-7110

FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Defendants U.S. Bank National Association, as Trustee as Successor in interest to Bank of America, National Association, as Trustee,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

Successor by merger to LaSalle Bank National Association, as Trustee for RAAC 2007RP1; & Residential Funding Company, LLC

SHORT TITLE OF CASE: ROZIER v. BANK OF AMERICA, et al.

---

## FORM INTERROGATORIES—GENERAL

**Asking Party:** RESIDENTIAL FUNDING COMPANY, LLC

**Answering Party:** KAREN MICHELE ROZIER

**Set No.:** ONE

CASE NUMBER:

30-2012-00601310-CU-OR-CJC

---

### Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
*(DATE)*                                         *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Legal Solutions Plus

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

☐ **(2) INCIDENT** means *(insert your definition here* on a separate, attached sheet labeled "Sec. 4(a)(2)"):

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0   Identity of Persons Answering These Interrogatories
2.0   General Background Information—Individual
3.0   General Background Information—Business Entity
4.0   Insurance
5.0   *[Reserved]*
6.0   Physical, Mental, or Emotional Injuries
7.0   Property Damage
8.0   Loss of Income or Earning Capacity
9.0   Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Denials and Special or Affirmative Defenses
16.0  Defendant's Contentions Personal Injury
17.0  Responses to Request for Admissions
18.0  *[Reserved]*
19.0  *[Reserved]*
20.0  How the Incident Occurred—Motor Vehicle
25.0  *[Reserved]*
30.0  *[Reserved]*
40.0  *[Reserved]*
50.0  Contract
60.0  *[Reserved]*
70.0  Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
      Family Law *[See separate form FL-145]*

**Sec. 4(a)(2) continued** | **Identity of Persons Answering These Interrogatories**

☒ **1.1** State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

☒ **2.1** State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ **2.2** State the date and place of your birth.

☒ **2.3** At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ **2.4** At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ **2.5** State:
(a) your present residence **ADDRESS**;
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS**.

☒ **2.6** State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ **2.7** State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ **2.8** Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ **2.9** Can you speak English with ease? If not, what language and dialect do you normally use?

☒ **2.10** Can you read and write English with ease? If not, what language and dialect do you normally use?

2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
(a) the name, ADDRESS, and telephone number of that PERSON: and
(b) a description of your duties.

X 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

X 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the ADDRESS where each substance was used or taken;
(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information — Business Entity

3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and ADDRESS of each general partner; and
(e) the ADDRESS of the principal place of business.

3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and ADDRESS of each joint venturer; and
(d) the ADDRESS of the principal place of business.

3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the ADDRESS of the principal place of business.

3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the ADDRESS of the principal place of business.

3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

## 4.0 Insurance

X 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
(a) the kind of coverage;
(b) the name and ADDRESS of the insurance company;
(c) the name, ADDRESS, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, ADDRESS, and telephone number of the custodian of the policy.

X 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

## 5.0 [Reserved]

## 6.0 Physical, Mental, or Emotional Injuries

6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

---

6.3 Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

## 7.0  Property Damage

7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

## 8.0  Loss of Income or Earning Capacity

8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

8.3 State the last date before the **INCIDENT** that you worked for compensation.

8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the **INCIDENT.**

8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

8.8 Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

## 9.0 Other Damages

☒ 9.1   Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

☒ 9.2   Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 10.0 Medical History

☐ 10.1   At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

☐ 10.2   List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3   At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☐ 11.1   Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2   In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation—General

☒ 12.1   State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☒ 12.2   Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☒ 12.3   Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

[X] **12.4 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] **12.5 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

[X] **12.6** Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

[X] **12.7 Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

## 13.0   Investigation—Surveillance

[X] **13.1 Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS**, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

## 14.0   Statutory or Regulatory Violations

[ ] **14.1   Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[ ] **14.2** Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0   Denials and Special or Affirmative Defenses

[ ] **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 16.0   Defendant's Contentions—Personal Injury

[ ] **16.1** Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] **16.2** Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.3** Do you contend that the injuries (as disclosed in discovery injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.4** Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.5** Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.6** Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.7** Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.8** Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.9** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.10** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0 Responses to Request for Admissions**

[X] **17.1** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

**20.1** State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

**20.2** For each vehicle involved in the **INCIDENT**, state:
(a) the year, make, model, and license number;
(b) the name, **ADDRESS**, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3  State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4  Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5  State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6  Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7  Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8  State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the **INCIDENT**;

(b) at the time of the **INCIDENT**; and

(c) just after the **INCIDENT**.

☐ 20.9  Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**?  If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**?  If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0**  *[Reserved]*

**30.0**  *[Reserved]*

**40.0**  *[Reserved]*

**50.0  Contract**

☐ 50.1  For each agreement alleged in the pleadings:

(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☐ 50.2  Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3  Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4  Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation?  If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5  Is any agreement alleged in the pleadings unenforceable?  If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6  Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0**  *[Reserved]*

1

## PROOF OF SERVICE
### Rozier v. Bank of America, et al.
### OCSC Case No. 30-2012-00601310-CU-OR-CJC

2

3    At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
4    19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

5    On August 28 2013, I served true copies of the following document(s):

6    **FORM INTERROGATORIES - SET ONE**

7    on the interested parties in this action as follows:

8    ### SEE ATTACHED SERVICE LIST

9    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
10    mailing, following our ordinary business practices. I am readily familiar with Severson &
Werson's practice for collecting and processing correspondence for mailing. On the same day that
11    the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12

I declare under penalty of perjury under the laws of the State of California that the
13    foregoing is true and correct.

14    Executed on August 28 2013, at Irvine, California.

15

16

17                                         Stephanie A. Crisp

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST
### Rozier v. Bank of America, et al.
### OCSC Case No. 30-2012-00601310-CU-OR-CJC

1

2

3 | Karen Michele Rozier                    Plaintiff, In Pro Per
7957 Dahlia Circle
4 | Buena Park, CA  90620                    Telephone:    (714) 512-5740

5 | David Eugene Rozier                      Plaintiff, In Pro Per
7957 Dahlia Circle
6 | Buena Park, CA  90620                    Telephone:    (714) 512-5740

7 | Frank Kim                                Telephone:    (949) 223 7000
BRYAN CAVE                                Facsimile:    (949) 223 7100
8 | 3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE <br> MAILING ADDRESS: P.O. Box 22014 <br> CITY AND ZIP CODE: Santa Ana, CA 92702 <br> BRANCH NAME: Central Justice Center | |
| SHORT TITLE: Rozier vs. Bank of America | |

| NOTICE OF REJECTION OF ELECTRONIC FILING | CASE NUMBER: <br> 30-2012-00601310-CU-OR-CJC |
|---|---|

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Karen Rozier
On Behalf of:

Transaction Number:      471676
Court received Date:      09/01/2013
Court received Time:      10:32:28 PM

## Documents Electronically Filed

RequestDefault_ResCap

Declaration_Support_Default_ResCap

POS_Default_ResCap

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**  other
       Clerk's Comments to Submitter:
       A pleading or notice has been filed that prevents entry of default. [Code
       Civ. Proc., 585(a)]  A notice of stay was filed 6/18/13.

## E-Filing Service Provider Information
Name:            AmericanLegalNet
Email:             ocefilingsupport@americanlegalnet.com
Contact Person:  eFiling Support
Phone:           8188179225

**Case 12-12020 (MG)**          **Page 151 of 269**          **Exhibit 19**

# EXHIBIT 19

1 | ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
2 | YARON SHAHAM (State Bar No. 217192)
ys@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | The Atrium
19100 Von Karman Avenue, Suite 700
5 | Irvine, California 92612
Telephone: (949) 442-7110
6 | Facsimile: (949) 442-7118

7 | JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
8 | A Professional Corporation
One Embarcadero Center, Suite 2600
9 | San Francisco, California 94111
Telephone: (415) 398-3344
10 | Facsimile: (415) 956-0439

11 | Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION, as Trustee, as successor in interest
12 | to Bank of America, National Association, as Trustee, successor by merger to
LaSalle Bank National Association, as Trustee for RAAC 2007RP1; and
13 | RESIDENTIAL FUNDING COMPANY, LLC

14 | **SUPERIOR COURT OF CALIFORNIA**

15 | **COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

| | |
|---|---|
| 16 \| Karen Michele Rozier, an Individual, | Case No. 30-2012-00601310-CU-OR-CJC |
| 17 \|          Plaintiff, | Assigned for All Purposes to: Hon. Sheila B. Fell Dept. C22 |
| 18 \|          vs. | |
| 19 \| Bank of America, National Association as | **DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON PLAINTIFF KAREN MICHELE ROZIER - SET ONE** |
| 20 \| successor by merger to LaSalle Bank National Association as Trustee RAMP 2007RP1 aka | |
| 21 \| Bank of America, National Association as successor by merger to LaSalle Bank National Association as Trustee RAAC 2007RP1; U.S. | |
| 22 \| Bank National Association as successor in interest to Bank of America National | Action Filed: September 27, 2012 |
| 23 \| Association as Trustee, successor by merger to LaSalle Bank National Association as Trustee | FAC Filed: October 29, 2012 SAC Filed: February 4, 2013 |
| 24 \| for RAAC 2007RP1; Residential Funding Company, LLC fka Residential Funding | TAC Filed: June 11, 2013 Trial Date: April 28, 2014 |
| 25 \| Company, Attorney-In-Fact; JOHN DOES 18-50, | |
| 26 \| | |
| 27 \|          Defendants. | |

28

19000.1432/2847470.1

DEFENDANT RFC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KAREN M. ROZIER - SET ONE

1  PROPOUNDING PARTY:    DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC

2  RESPONDING PARTY:    PLAINTIFF KAREN MICHELE ROZIER

3  SET NO.:    ONE

4  **TO PLAINTIFF KAREN MICHELE ROZIER:**

5        Pursuant to the provisions of the Code of Civil Procedure § 2031.010, et seq., demand is

6  herewith made that Plaintiff Karen Michele Rozier ("Plaintiff") produce, for this demanding

7  party's inspection and/or photocopying, thirty (30) days after service, allowing for such additional

8  time under Code of Civil Procedure § 1013, at Severson & Werson, 19100 Von Karman, Suite

9  700, Irvine, CA 92612, each of the following requested items.  If you withhold from production

10  any documents on the basis of privilege, you must provide with such production a privilege log

11  identifying the documents, its author, each recipient, the privilege asserted, and a description of

12  the document sufficient to support your claim of privilege.

13                            **DEFINITIONS**

14        1.    "COMMUNICATION" refers to any transmittal or receipt of information, or

15  contact between two or more persons or entities, whether such was oral or written, by chance, pre-

16  arrangement, formal or informal, and specifically includes conversations in person, telephone,

17  conversations, telegraphs, letters or memoranda, electronic mail messages, facsimile

18  transmissions, formal statements and press releases, and newspaper stories.

19        2.    "YOU," whether used singly as a noun or as part of the word "YOUR," shall refer

20  to Karen Michele Rozier, and each of his attorneys and other representatives who are or were

21  authorized to make COMMUNICATIONS on its behalf.

22        3.    "RFC" refers to Defendant Residential Funding Company, LLC.

23        4.    "DOCUMENT" or "DOCUMENTS" shall mean and include the originals, non-

24  identical copies, and drafts of all written, recorded, graphic or photographic matter, however

25  produced or reproduced, pertaining in any manner to the subject matter indicated and includes,

26  without limiting the generality of the foregoing, all agreements, appointment books, bills, books,

27  cablegrams, calendars, cards, charts, checks, computer hard copies, computer printouts, computer

28  diskettes, contracts, correspondence, credit memoranda, diaries, expense accounts, file cards,

19000.1432/2847470.1                                    2

1 │ films, financial statements and reports, insurance forms, invoices, journals, ledgers, letters, logs,

2 │ memoranda, memorials of telephone conversation, microfilm, minutes, notes, notices, papers,

3 │ purchase orders, receipts, recordings by any medium, records, reports, slides, statements,

4 │ telegrams, telexes, time sheets, and any pertinent information set forth in written language or an

5 │ electronic representation thereof.

6 │    5.    "IDENTIFY" means, with respect to a person, to state the person's full name, last

7 │ known business and residence addresses, and last known employer.

8 │    6.    "IDENTIFY" means, with respect to a DOCUMENT, to identify the author,

9 │ recipient, and present custodian, if any, of the document, and to state the document's date, type

10 │ (e.g., letter, memorandum, notes) and subject.

11 │    7.    "IDENTIFY" means, with respect to a fact, to state each fact which YOU intend to

12 │ offer evidence in support of at the trial of this action.

13 │    8.    "PERSON" or "PERSONS" includes a natural person, firm, association,

14 │ organization, partnership, business trust, corporation, or public entity.

15 │ **REQUESTS FOR PRODUCTION OF DOCUMENTS**

16 │ **REQUEST FOR PRODUCTION NO. 1:**

17 │    Produce all documents in support of your Wrongful Foreclosure claim against RFC.

18 │ **REQUEST FOR PRODUCTION NO. 2:**

19 │    Produce all documents in support of your claim for monetary damages from RFC.

20 │ **REQUEST FOR PRODUCTION NO. 3:**

21 │    Produce all documents in support of your claim for equitable relief from RFC.

22 │ **REQUEST FOR PRODUCTION NO. 4:**

23 │    Produce all documents which show you can tender the amounts due and owing on the

24 │ Subject Loan. "Subject Loan" shall refer to the loan obtained by Plaintiff from WMC Mortgage

25 │ Corp. on or about December 23, 2005, in the amount of $576,000.00.

26 │ **REQUEST FOR PRODUCTION NO. 5:**

27 │    Produce all documents concerning your modification of the Subject Loan in May 2006.

28 │

1    **REQUEST FOR PRODUCTION NO. 6:**

2        Produce all documents regarding your communications with RFC.

3    **REQUEST FOR PRODUCTION NO. 7:**

4        Produce all documents regarding your payments made concerning the Subject Loan.

5    **REQUEST FOR PRODUCTION NO. 8:**

6        Produce all documents regarding the value of the real property located at 7957 Dahlia

7    Circle, Buena Park, California 90620 ("Subject Property") on or about September 24, 2012.

8    **REQUEST FOR PRODUCTION NO. 9:**

9        Produce all documents regarding the value of the Subject Property on or about October 3,

10    2012.

11    **REQUEST FOR PRODUCTION NO. 10:**

12        Produce all documents regarding the current value of the Subject Property.

13    **REQUEST FOR PRODUCTION NO. 11:**

14        Produce all documents regarding the value of the Subject Property while you have lived at

15    the Subject Property.

16    **REQUEST FOR PRODUCTION NO. 12:**

17        Produce all documents regarding your current legal interest in the Subject Property.

18    **REQUEST FOR PRODUCTION NO. 13:**

19        Produce all documents regarding the value of the Subject Property on or about September

20    24, 2012.

21    DATED: August 28, 2013        SEVERSON & WERSON
                                    A Professional Corporation
22
23                                  By: *Yaron Shaham*
                                        Yaron Shaham
24
25                                  Attorneys for Defendants U.S. BANK NATIONAL
                                    ASSOCIATION, as Trustee, as successor in interest to
                                    Bank of America, National Association, as Trustee,
26                                  successor by merger to LaSalle Bank National
                                    Association, as Trustee for RAAC 2007RP1; and
27                                  RESIDENTIAL FUNDING COMPANY, LLC

28

1

**PROOF OF SERVICE**
**Rozier v. Bank of America, et al.**
**OCSC Case No. 30-2012-00601310-CU-OR-CJC**

2

3        At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
4   19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

5        On August 28, 2013, I served true copies of the following document(s):

6   **DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC'S REQUESTS FOR
PRODUCTION OF DOCUMENTS PROPOUNDED ON PLAINTIFF KAREN
7   MICHELE ROZIER - SET ONE**

8   on the interested parties in this action as follows:

9                      **SEE ATTACHED SERVICE LIST**

10       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
11  mailing, following our ordinary business practices. I am readily familiar with Severson &
Werson's practice for collecting and processing correspondence for mailing. On the same day that
12  the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13

        I declare under penalty of perjury under the laws of the State of California that the
14  foregoing is true and correct.

15       Executed on August 28, 2013, at Irvine, California.

16

17

18                                      Stephanie A. Crisp

19

20

21

22

23

24

25

26

27

28

19000.1432/2847470.1

DEFENDANT RFC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KAREN M. ROZIER -
SET ONE

Page 160 of 269

## SERVICE LIST
### Rozier v. Bank of America, et al.
### OCSC Case No. 30-2012-00601310-CU-OR-CJC

1

2

3 | Karen Michele Rozier                          Plaintiff, In Pro Per
   | 7957 Dahlia Circle
4 | Buena Park, CA  90620                         Telephone:    (714) 512-5740

5 | David Eugene Rozier                           Plaintiff, In Pro Per
   | 7957 Dahlia Circle
6 | Buena Park, CA  90620                         Telephone:    (714) 512-5740

7 | Frank Kim                                     Telephone:    (949) 223 7000
   | BRYAN CAVE                                    Facsimile:    (949) 223 7100
8 | 3161 Michelson Drive, Suite 1500
   | Irvine, CA 92612-4414

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RFC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KAREN M. ROZIER -
SET ONE

**Case 12-12020 (MG)**          **Page 161 of 269**          **Exhibit 20**

# EXHIBIT 20

KAREN MICHELE ROZIER
7957 DAHLIA CIRCLE
BUENA PARK, CA 90620
(714) 512-5740
*Propria Persona*

IN THE SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY

| | |
|---|---|
| KAREN MICHELE ROZIER, an Individual<br><br>Plaintiff- Trustor,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION as successor by merger to LASALLE BANK NATIONAL ASSOCIATION as Trustee for RAMP 2007RP1;<br><br>U.S. BANK NATIONAL ASSOCIATION, as successor in interest to BANK OF AMERICA, NATIONAL ASSOCIATION as Trustee, successor by merger to LASALLE BANK NATIONAL ASSOCIATION as Trustee for RAAC 2007RP1;<br><br>RESIDENTIAL FUNDING COMPANY, LLC fka RESIDENTIAL FUNDING COMPANY, Attorney-in-Fact;<br><br>JOHN DOES 18-50.<br><br>Defendants. | Case No. 30-2012 00601310-CU-OR-CJC<br><br>Assigned for all purposes to: The Honorable Sheila E. Fell<br><br>**DECLARATION OF KAREN MICHELE ROZIER IN SUPPORT OF REQUEST FOR DISMISSAL AGAINST DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC fka RESIDENTIAL FUNDING COMPANY, ATTORNEY-IN-FACT**<br><br>**NO APPEARANCES NECESSARY**<br><br>**Dept: C22**<br><br>**Trial Date: April 28, 2014** |

1     1    I am <u>KAREN MICHELE ROZIER</u>, the Plaintiff in the aforementioned

2           case and over the age of 18. I am a resident of the State of

             California. I have personal knowledge of the facts herein, and,

3           if called as a witness, could testify competently thereto.

4     2    I filed my initial complaint on September 27, 2012, a First

             Amended Complaint (FAC) on October 29, 2012, a Second Amended

5           Complaint on February 4, 2013 and my Third Amended Complaint

6           (TAC) on June 10, 2013.

7     3    Defendant RESIDENTIAL FUNDING COMPANY, LLC fka RESIDENTIAL

             FUNDING COMPANY, Attorney-in-Fact ("RFC" or "Residential Funding

8           Company") was added, along with the following other Defendants:

9           (1) U.S. BANK NATIONAL ASSOCIATION, as successor in interest to

             BANK OF AMERICA, NATIONAL ASSOCIATION as Trustee, successor by

10          merger to LASALLE BANK NATIONAL ASSOCIATION as Trustee for RAAC

11          2007RP1 ("U.S. Bank"); and (2) OCWEN HOME LOAN SERVICING COMPANY

             ("Ocwen"). The court has stricken Ocwen.

12     4    On 11/14/2012, I filed my initial proof of claim (POC) against

13          GMAC Mortgage, LLC ("GMACM") in New York State Bankruptcy Court

             Southern District of New York Case 12-12020 (MG) In re:

14          Residential Capital, LLC, et.al ("New York bankruptcy case").

15          This POC did not include any allegation for the wrongful

             foreclosure, as it occurred post-petition. GMACM did not contest

16          any of my allegations.

17     5    On 11/16/2012, I filed my initial proof of claim against

18          Executive Trustee Services, LLC dba ETS, LLC ("ETS") in the New

19

20               DECLARATION IN SUPPORT OF REQUEST FOR DEFAULT- 2

21

1   York State bankruptcy case. This POC did not include any

2   allegation for the wrongful foreclosure, as it occurred post-
    petition. ETS did not contest any of my allegations.

3   6   Residential Funding Company filed a suggestion of bankruptcy stay

4   in this proceeding on June 18, 2013. That stay was still in

5   effect as of 09/01/2013. [EXHIBIT 1] I have checked the register
    and I did not see anything lifting the stay.

6   7   On or about July 16, 2013 I spoke with someone from the Official

7   Committee of Unsecured Creditors in the Residential Capital and
    GMAC Mortgage bankruptcy proceeding. He encouraged me to amend my

8   proof of claim to include the Defendant RFC's wrongful behavior.

8   On July 22, 2013, I filed my final LEGAL AND FACTUAL REASONS IN SUPPORT
9   OF CLAIMANTS PROOF OF CLAIM AND DEMAND against GMAC Mortgage, LLC in

10  their New York State Bankruptcy. This demand included all

11  allegations for the wrongful foreclosure, as Residential Funding
    had invoked the bankruptcy stay in California. The claim remains

12  unopposed as of Friday November 22, 2013, the fourth day of

13  confirmation hearings.

9   On July 22, 2013, I also filed my final proof of claim against
14  ETS in the New York State bankruptcy. The claim remains

15  unopposed.

10  One condition of the settlement agreement is that I release all
16  claims against the following: GMAC Mortgage, LLC; Executive

17  Trustee Services, LLC dba ETS, LLC; RESIDENTIAL FUNDING COMPANY,

18  LLC fka RESIDENTIAL FUNDING COMPANY, Attorney-in-Fact.

19

20  DECLARATION IN SUPPORT OF REQUEST FOR DEFAULT- 3

21

11    I made no Discovery demands of Defendant RFC in this litigation.
I made Discovery demands of Defendants U.S. Bank and Bank of
America on or about July 7, 2013. I have been treating RFC as
though they are not part of this litigation since they invoked
the bankruptcy stay and since their parent company failed to
oppose my final demand against GMACM and ETS in the New York
bankruptcy. I intend to accept the New York settlement offer if
they pay my scheduled True-Up demands.

12    I have no demands in this case against RESIDENTIAL FUNDING
COMPANY, LLC fka RESIDENTIAL FUNDING COMPANY, Attorney-in-Fact
that are not addressed in the New York litigation other than
their continued harassment of me in this matter.

13    I respectfully request this court to rule once and for all that
Residential Funding Company has not been a party to this
litigation since the day they filed their suggestion of stay,
which was 06/18/2013.

I declare under penalty of perjury in the State of California that the
above is true to the best of my knowledge.

Executed in Buena Park, California

November 25, 2013                      By,

                              _Karen Michele Rozier___

                              KAREN MICHELE ROZIER, Plaintiff in Pro Per

DECLARATION IN SUPPORT OF REQUEST FOR DEFAULT- 4

## PROOF OF SERVICE

### CCP 1013A(3) Revised 5/1/88

### ROZIER vs. BANK OF AMERICA (CASE No. 30-2012 00601310)

I am a resident of the State of California. I am over the age of 18 and not a party to the within action. My business address is 7957 Dahlia Circle, Buena Park, CA 90620.

- **REQUEST FOR DISMISSAL**
- **DECLARATION OF KAREN MICHELE ROZIER IN SUPPORT OF REQUEST FOR DISMISSAL AGAINST DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC fka RESIDENTIAL FUNDING COMPANY, ATTORNEY-IN-FACT**

On all interest parties in this action by adding them to electronic mail through e-filing addressed as follows:

Yaron Shaham, Severson and Werson, APC Attorney for Defendant U.S. Bank
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612
ys@severson.com

Trevor Allen, BRYAN CAVE, LLP, Attorney for Defendant Bank of America
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Trevor.Allen@bryancave.com

Brian Powers, Silverman Acampora, LLP, Special counsel to the Official Committee of Unsecured Creditors
       in the Residential Capital and GMAC Mortgage bankruptcy proceedings
100 Jericho Quadrangle Suite 300
Jericho, New York 11753
BPowers@SilvermanAcampora.com

Karen M. Rozier, Plaintiff in Pro Per
7957 Dahlia Circle
Buena Park, CA 90620
Rozier.Karen@yahoo.com

I declared under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 25, 2013

                                    DAVID E. ROZIER
                                    David E. Rozier, Sr

**Case 12-12020 (MG)**          Page 67 of 269          **Exhibit 21**

# EXHIBIT 21

26 December 2013

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, California 94119-3939

**Subj: Concern Re Apparent Fraudulent Billing of Severson and Werson, APC in Bankruptcy Case 8:11-bk-21727-CB, Bankruptcy Appellate Case CC-12-1359-KiPaD and Appeals Case 13-60106**

To Clerk of the Appeals Court:

I am very concerned about the participation of the law firm Severson and Werson, APC ("SWA") in this appeal. They claim they are representing U.S. Bank, yet they are billing the Residential Capital, LLC et al. bankruptcy case. One particular bill is identified as docket item 3338 in Case 12-12020 (MG), In re Residential Capital, LLC, et. al. filed in the Southern District of New York. The document is entitled **ERRATA AND REPLY OF SEVERSON & WERSON, P.C. AS SPECIAL CALIFORNIA LITIGATION COUNSEL FOR DEBTORS TO THE OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE REGARDING SECOND APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012.** In this bill to the Debtors Residential Capital, SWA includes billing to defend my appeals case CC-12-1359-KiPaD against U.S. Bank. Isn't that illegal? I fear they are also billing ResCap for this appeal, which is improper at best, illegal at worst.

I am concerned because my case deals with fraud and this seems to be a clear cut example of fraudulent misrepresentation and false billing. I request that you order them to prove that they are indeed representing U.S. Bank and not Residential Capital in my case. I have a right to know who I am fighting in Federal court. For the record, I have two undisputed claims in the ResCap bankruptcy: Claim 4738 against GMAC Mortgage, LLC and Claim 5632 against Executive Trustee Services, Inc. ResCap has submitted over fifty-one omnibus objections to date in their bankruptcy but has not disputed any of my allegations nor claims; nor has it asked for my claims to be reduced. I am not nor have I ever been a Borrower of GMAC Mortgage and I had no control over how they classified my demands, but I was allowed two votes on their Confirmation Plan under "Allowed Borrower Claims". I have filed my request for payment for both claims.

I apologize for the massive distribution of this request. It is not my intent to put you on the spot, but given the fact that Severson and Werson ("SWA") lied about me and my husband and had us robbed of our Second Amendment gun rights through the use of adulterer and suspected quid pro quoi sex-for-grades/ jobs judge Scott Steiner, I don't like keeping secrets. I used to. I was an engineer for the Navy and quite willing to keep our nation's secrets, but I feel these lawyers and bankers are domestic terrorists unworthy of protection. As it stands, my appeal to the Bankruptcy Appellant Panel was heard by Judge Ralph Kirschner while he was under criminal investigation.

In our cases G048311, G048312, G048316, G048321 , my husband and I were convicted of threatening harm to US Bank's lawyers. That case is under appeal. On the tapes the (dis)Honorable Scott Steiner[1] refused to admit into evidence, I could be clearly heard threatening to *"put them in jail for their crimes."* For that, I was convicted of making physical threats and we were both robbed of our 2nd Amendment Constitution Rights. We suspect that is because we are Black and in Orange County since we were compared to Chris Dorner while the

---

[1] As you may not be aware, Scott Steiner admitted to abusing the public trust by engaging in extra-marital sexual activity within the confines of the courtroom. Who is he to judge someone's character?

12-12020-mg    Doc 7620-6    Filed 10/03/14    Entered 10/07/14 09:39:48    Exhibit    Page 169 of
                                                                                                    269

12-12020-mg    Doc 6189-3    Filed 12/30/13    Entered 12/31/13 09:35:21    Exhibit B
Exhibit B (Part 4) Continued    Pg 2 of 2
Fraudulent Billing                Pg 45 of 69

manhunt was still hot, but that is another fight for another organization. This abuse of our constitutional rights
using the Prison Industrial Complex is troubling, and I pray that you decide to investigate all matters involving
Severson and Werson, APC and U.S. Bank more carefully, especially the billing and involvement in this case.

I have been in frequent communication with Silverman Acampo, Counsel to the Official Committee of
Unsecured Creditors and with Mr. Luis Altamirano from the Orange County office of the F.B.I. regarding my
claims and my allegations against SWA. I have recently renewed contact with Kurtzman Carson Consultants,
consultant to the Morrison & Foerster, LLP, counsel to Debtors Res Cap. Due to the size of my claims and the
nature of these allegations, I am also including the presiding judge, Honorable Judge Martin Glenn on the
distribution list of this letter as well as filing a copy of this letter in the bankruptcy court. I can be reached at
(410) 458-3772 or rozier.karen@yahoo.com. I can also be reached via snail mail at my address of record: 7957
Dahlia Circle Buena Park, CA 90620. I look forward to seeing your findings, especially as they pertain to who
I am fighting in court. Thank you.


With Hope,

Karen Michele Rozier,
Master of Public Administration, Harvard University
MS Industrial Administration/ BS Electrical Engineering, Carnegie Mellon University

**Case 12-12020 (MG)**          **Page 70 of 269**                    **Exhibit 22**

# EXHIBIT 22

1 | MURRAY S. BERNS (#070158)
2 | 3835 E. Thousand Oaks Blvd., Suite R300
3 | Westlake Village, California 91362
  | (805) 660-2858; FAX (805) 285-0918

4 | Attorney for Defendant KAREN MICHELE ROZIER

5 |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2013

Sherri R. Carter, Executive Officer/Clerk
By L. Valdez, Deputy

6 |

7 |

8 |                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                      FOR THE COUNTY OF LOS ANGELES

10 |

11 |

12 |

13 | PEOPLE OF THE STATE              )        CASE NUMBER 0CA01173
   | OF CALIFORNIA,                   )
14 |                                  )        ORDER OF COURT
   |                                  )        ACKNOWLEDGING
15 |                                  )        DEFENDANT'S ATTENDANCE
   |                     Plaintiff,   )        AT TRIAL
16 |                                  )
17 |             vs.                  )
   |                                  )
18 | KAREN MICHELE ROZIER,            )
   |                                  )        Department 45
19 |                     Defendant.   )        The Honorable Renee Korn
   | _____ )
20 |

21 | FOR GOOD CAUSE APPEARING:

22 |        THE COURT HEREBY ORDERS and sets forth herein that Defendant KAREN

23 | MICHELE ROZIER, a co-defendant in the above-referenced matter, was ordered by this Court

24 | to appear for trial and did appear the trial in the above-referenced matter in Department 45 of the

25 |

26 | above-referenced court on the following dates:

27 | December 5, 9, 10, 11, 12, and 13, 2013.

28 | ///

                                    ORDER - 1

Page 172 of 269

1    DATED:        January 16 , 2014.

2

3

4    _____
     JUDGE OF THE SUPERIOR COURT

5

6                                         RENEE KORN

7

8    

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 2

**Case 12-12020 (MG)**          Page 73 of 269          **Exhibit 23**

# EXHIBIT 23

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

9.00

2012000022516 04:07pm 01/13/12

93 401 A32 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

**RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY**
RECORDING REQUESTED BY:
Bank of America, National Association as successor by
merger to LaSalle Bank National Association as Trustee
RAMP 2007RP1

PREPARED BY AND WHEN
RECORDED MAIL TO:
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7700    6451314

Property Address: 7957 Dahlia Circle, Buena Park, California 90620

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to U.S. Bank
National Association, as Trustee, as successor in interest to Bank of America, National Association,
as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for RAAC
2007RP1 all beneficial interest under that certain Deed of Trust dated December 23, 2005, executed
by Karen M. Rozier, a married woman as her sole and separate property, to Westwood Associates, a
California Corporation as trustee, for Mortgage Electronic Registration Systems Inc. as nominee for
WMC Mortgage Corp., its successors and/or assigns, as beneficiary, and recorded as Instrument No.
2006000006922 on January 4, 2006, in the State of California, Orange County Recorder's Office.

Dated: 01/04/12     Bank of America, National Association as successor by
merger to LaSalle Bank National Association as Trustee
RAMP 2007RP1
By: Helen Tyson
Name: **Helen Tyson**
Title: **Authorized Officer**

State of PENNSYLVANIA )
County of MONTGOMERY )
On 1-4-12 before me, JOHN J. CASTAGNA, a Notary Public,
personally appeared **Helen Tyson**, who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of PA that the foregoing
paragraph is true and correct.
WITNESS my hand and official seal.

Notary Public    2.2574

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
John J. Castagna, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Feb. 25, 2014
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

(This Area for Official Notary Seal)

**Case 12-12020 (MG)**          Page 175 of 269          **Exhibit 24**

# EXHIBIT 24

**Yaron Shaham**

| | |
|---|---|
| **From:** | Yaron Shaham |
| **Sent:** | Wednesday, June 18, 2014 2:50 PM |
| **To:** | 'rozier.karen@yahoo.com'; 'Muntz, Sean' |
| **Cc:** | Robert J. Gandy |
| **Subject:** | Karen Rozier v. Bank of America (OCSC Case No. 2012-00601310) |

Dear Ms. Rozier and Mr. Muntz,

This correspondence shall provide you with notice that on Friday, June 20, 2014, at 8:30 a.m., before the Honorable Sheila Fell, in Department in C22, located at 700 Civic Center Drive West
Santa Ana, CA 92701, Defendant U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for RAAC 2007RP1 ("U.S. Bank") will appear ex parte seeking an order to modify the Court's February 5, 2013 Preliminary Injunction Order so that it no longer applies to U.S. Bank, and its successors and assigns. Please let me know if you intend to oppose or support the relief requested by my client.

Yaron Shaham


Severson & Werson
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Direct Line: (949) 225-7963
Facsimile: (949) 442-7118
ys@severson.com

NOTICE:  This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information herein is confidential, privileged and exempt from disclosure under applicable law. This E-mail (including attachments) are intended solely for the use of the addressee hereof.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system.

1

## PROOF OF SERVICE
**Rozier v. Bank of America, et al.**
**OCSC Case No. 30-2012-00601310-CU-OR-CJC**

2

3    At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
4    19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

5    On June 18 2014, I served true copies of the following document(s):

6    **DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE COURT'S
FEBRUARY 5, 2013 ORDER OF PRELIMINARY INJUNCTION;**
7    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
DECLARATION OF YARON SHAHAM IN SUPPORT THEREOF**

8
on the interested parties in this action as follows:
9

## SEE ATTACHED SERVICE LIST
10

11    **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package
provided by The overnight service carrier and addressed to the persons at the addresses listed in
the Service List. I placed the envelope or package for collection and overnight delivery at an
12    office or a regularly utilized drop box of The overnight service carrier or delivered such
document(s) to a courier or driver authorized by The overnight service carrier to receive
13    documents.

14    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
15

16    Executed on June 18 2014, at Irvine, California.

17

18                                                    Stephanie A. Crisp

19

20

21

22

23

24

25

26

27

28

19000.1432/3313236.1

EX PARTE APPLICATION

**Subject:** EX PARTE APPLICATION TO ADVANCE DATE OF HEARING AND FOR TEMPORARY RESTRAINING ORDER

**From:** Karen Rozier (rozier.karen@yahoo.com)

**To:** ys@severson.com; sean.muntz@bryancave.com;

**Bcc:**

**Date:** Friday, July 11, 2014 3:27 PM

Gentleman:

I will be applying Ex Parte on Tuesday July 15, 2014 to the Court to advance the scheduled date of the September 3, 2014 MOTION TO VACATE and, in the interim, a Temporary Restraining Order against U.S. Bank to protect the property subject to dispute - 7957 Dahlia Circle Buena Park, CA 90620.

Please let me know if you plan to oppose. The application will be made in Department 24 before the Honorable Sheila Fell at the Orange County Superior Court located at 700 Civic Center Drive West in Santa Ana. The hearing will be held at 08:30 or as soon thereafter as the matter can be heard. I will electronically file all moving papers in accordance with Judge Fell's rules. All opposition must also be in writing.

Karen M. Rozier
(714) 512-5740

**Case 12-12020 (MG)**          Page 179 of 269          **Exhibit 25**

# EXHIBIT 25

Page 1830 of 269

## AFFIDAVIT

### Of

### William J. WAGENER

I am over the age of 60, of competent mind, and I have produced a TV show, which broadcasted live, on Comcast cable TV in Santa Barbara County, for 14 years, weekly.

I was also a scoutmaster to a inner L.A. city Boy Scout troop that met at the Methodist Church at the corner of Wilshire & Plymouth for almost three years. I took the oath (to be trustworthy, brave, loyal, friendly, etc.) very seriously. I had no children of my own at the time, and led this scout troop as a public service when no one else would take on the task. Now, I do my public service on television, exposing some of the criminals in office, by video taping and letting the footage itself show people what is happening.

I have been to over 400 court cases in 32 states observing various defense lawyers intentionally and unintentionally throwing their clients under the proverbial bus. I have viewed too many cases to name them all, but some of my video footage is now on YouTube.

From my personal observations of the Michael Jackson trial of 2005, I correctly predicted the following (in early April of 2005): Michael Jackson would be cleared of all ten (10) felonies. I attended nearly every day in the courtroom, in the media section, and I saw the fabricated set up, in which two of the defense attorneys (Mesereau & Yu) dissected and proved felonious lies by the prosecutors themselves, and their witnesses.

I stood alone on my convictions in early April. That alone (not forgetting all the corporate over-paid media predicting a long prison sentence for Michael Jackson) should tell you my veracity for the truth.

I was not an "MJ Fanatic" in 2005, I was just reporting the truth as I observed it. I am also the only television show host who cared to put the following on public display: the sentencing of a member of the State BAR of California, who was allegedly one of the best

attorneys in Santa Barbara.  Alan W. Courtney, who got a "very light sentence" for seven
felonies, according to multiple victims' statements at the sentencing.  Mr. Courtney
bamboozled two elderly people out of their property, leading to their financial ruin and the
eventual death of them, as well.  Local C.B.S. news also videotaped this case, but did not
publish much of it.  I did.  I believe this nation cannot sustain continual crimes by officers
of the court, without becoming a disgrace to Common Law and humanity.  Transparency
is therapeutic, and sorely missing in our justice system.

My Television show has been copied and re-published by dozens of people.  It is **About**
the Corruption of our three levels of federal, State, and County governments.

On or about 16th of June 2014, I had submitted a Media Request, form MC 500 &
MC510, to record the proceedings in Los Angeles Criminal Court Building regarding
David & Karen Rozier.

The judge in the proceeding denied the media request, without stating why.  But it was
soon very obvious why.  Karen Rozier, a civilian working for the U.S. Navy (in a high
level capacity) was in a battle with one or several banking institutions.  From her
appearance on my cable TV, show several months earlier, she claimed to have won back
the legal possession of her home in Orange County, California, located at 7957 Dahlia
Circle, Buena park, ca.  This was apparently because she caught (one or all of) the
banking institutions in fraudulent acts with the paper work.

Remembering a massive injunction against one of America's largest banks, I decided to
document the possible crimes being committed in the Rozier case, by one or both sides.
The Rozier's won their home back.  In my estimation, not one prosecutor in Orange
County (nor Los Angeles county) seems to want to bring criminal charges against any
bank institutions (or their officers) for their felony acts of fraud.  I wondered if Carmen
Trutanich, is extorting money from a Rozier business in a pay to play scheme.  Pay bogus
fine, or go to jail on trumped up charges.  Without proceedings captured on video, it is
difficult to discern.  I believe this process impacts Roziers & millions of home owners.

2

The banks cash the homeowners note, usually at the Federal discount window, usually within 90 days, and then still demand payment.   I sent my part-time director (my son Adam Wagener) to videotape a minor proceeding, only to have his efforts wrongfully obstructed.  Then I appeared at the court in person.  I was shocked that my media requests were denied, too, having had them approved in 4th California Dist. Appeals court and many lower jurisdictions .

  If this was a case of child abuse, neglect, or molestation (for example),  it would be understandable to me, that the judge would restrict any media for the safety of the child. But seeing how we are only talking about one misdemeanor  about work contract dispute, The Denial of my reasonable media request only further piqued my interest.  Thus, I sat and watched an assistant district Attorney Of Los Angeles (by the name of "de La Rosa" ) try to make this  key U.S. Navy person, Karen M. Rozier,  appear to be  "dangerous".

       A lot of obvious, slander was put to the judge.  Karen M. Rozier was in custody already about a day.  Seeing there was no substantial evidence presented or referenced other than a police report, what I was seeing was in total disregard for Civil rights and abuse of  process.   Brad & Carol had not spoken yet, nor Karen Rozier.

  Furthermore, after a lot of  unsworn words, not sworn testimony,  the hearing was over. Karen was remanded back to jail, when it was obvious she was no real threat to any one.

The  judge was obviously unhappy that I was there observing in silence, even without a camera rolling.   Letting things stand as they were.  Karen  M.  Rozier in jail pending bail. David Rozier free to leave, out of custody.    Rozier's had a new attorney, and she made one good point,  that no specific act had been done by either David or Karen M. Rozier to threaten Anyone.  Then judge left the bench,  and I thought it was over, so  I  walked over to near Mr. De La Rosa and asked for his name.   I  was not sure if he was employed by a state agency which had been mentioned or the County D. A.

**Page 3**

Page 183 of 269

Then I started to leave to interview David Rozier, but sensed something else was not "settled", so I stopped by the back wall and waited. Mr. De La Rosa came to a woman named Carol and a man named Brad, and blatantly urged them to testify against David Rozier.

Words escalated in declarative style.    Said De La Rosa....

"you're here, you should say something, or David Rozier is going free." Also, words to the effect, "don't you want to say something, you must say something, anything. " Or words to that effect.    If I had been allowed to video tape, we would have The exact words and intonation. De La Rosa went on, "I'll call the judge back, talked about the axe, you must say something about swinging the axe."

Then, I left briefly to tell Mr. David Rozier in the hall way, that I had a strong feeling this hearing was NOT over, and we both returned.  De La Rose was urging Carol & Brad to say "something" to get David & Karen both in custody.    I had seen this before, in Maryland court, New jersey, and Santa Barbara.    In the coarse of a few minutes Karen M. Rozier, was brought back under guard from the Jail.

Then the judge came back out to the bench, He basically, turned this into a star chambers proceeding...by letting Mr. de la Rose call Carol and Brad step forward, and without being sworn in under Penalty of Perjury, make false statements not under oath. They made what turned out to be unsupported lies, and I knew why the judge did not want me catching this and the judges participation in this recorded on video tape.    Judge and Prosecutor were working to appear to be doing a legal hearing when in fact they were not.    Carol and Brad spoke about being on, at, the rozier home on Dahlia Circle, and accused David of "swinging" the axe in a threatening manner at Carol or Brad or both.    I made a mental note that none of their statements were said under oath. Also, the judge acknowledged that he had a copy of the police report.

Nothing changed.  David Rozier and I went outside and did a video interview for my TV show about their case. Mr. De La Rosa and 3 others attending and coaching him left obviously unhappy, that the Judge would not incarcerate David Rozier. It was clear to

4

Page 184 of 269

me that if both could be incarcerated, no one would be free to raise bail, and the Rozier's son would then be taken from them as well. All this about 1 misdemeanor conviction in what, on the face of it appears to be another injustice heaped on the Roziers for the crime of beating the bank and manifesting, the apparent felonies and frauds of the banks. But it was troubling to me to see Los Angeles county knocking themselves out to do this, while the felony-committing fraudulent agents of the banks get a free pass. This needs to be seen by the public. I appear to be the only eye of the public, however, I know many people will be interested in this case, if they can see it on TV or You Tube. It would behoove the court to approve my future media requests, so that the court doesn't appear to the public to be specious. Then the precise words spoken could have been recorded. I have zero doubt that was exactly why the Judge denied it.


I, William Wagener, host and producer of two Tv shows in Santa Barbara County, On Second thought, And Take back America, do affirm to the best of my memory that the foregoing statement is true and correct, under Penalty of perjury to the best of my memory. I am of competent mind and over 60 years of Age. And if called to testify, I would say this and more.

Wiliam J. Wagener

805-928-1100


Dated this 14th day of August, 2014

5

**Case 12-12020 (MG)**          Page ⅛ of _269_          **Exhibit 26**

# EXHIBIT 26

**Case 12-12020 (MG)**          Page 187 of 269                    **Exhibit 27**

# EXHIBIT 27

FILED

SEP 0 5 2014

Deputy Clerk _____

## COURT OF APPEAL - STATE OF CALIFORNIA
### FOURTH APPELLATE DISTRICT
### DIVISION THREE

KAREN MICHELE ROZIER,
Plaintiff and Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
Defendant and Respondent.

**G050520**
**Orange County No. 30-2012-00601310**

_____

Appellant failed to file a Civil Case Information Statement pursuant to California Rules of Court, rule 8.100(g), after notice that appellant was in default. Accordingly, the appeal is DISMISSED.

Appellant is advised that this dismissal will become final as to this court 30 days after the date of this order, at which time this court will lose the power to vacate, reconsider or modify it. (See Cal. Rules of Court, rule 8.264(b)(1).) A motion to vacate dismissal requires a showing of good cause. To allow the court sufficient time to review and evaluate the showing of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional deadline.

**O'Leary, P.J.**
_____
Presiding Justice

cc:  See attached list



G050520
Rozier v. U.S. Bank National Association

Superior Court of Orange County

Karen Michele Rozier
7957 Dahlia Circle
Buena Park, CA 90620

Robert James Gandy
Severson & Werson, APC
19100 Von Karman Ave, Ste 700
Irvine, CA 92612

John Brendan Sullivan
Severson, Werson
1 Embarcadero Ctr, Ste 2600
San Francisco, CA 94111

I was at the court and
Dave said it could
be filed electronically
Attached is the proof that
the Civil Case Info sheet
was filed electronically

Case 12-12020 (MG)          Page 190 of 269          Exhibit 28

# EXHIBIT 28

COURT OF APPEAL OF THE STATE OF CALIFORNIA
FOR THE FOURTH APPELLATE DISTRICT
DIVISION 3

KAREN MICHELE ROZIER,
    Plaintiff and Appellant,

      v.

U.S. BANK NATIONAL ASSOCIATION,
    Defendant and Respondent.

| | |
|---|---|
| CASE NUMBER: | G050520 |
| NOA/PET DATE: | 07/02/2014 |
| STATUS: | active |
| PRIORITY: | std |
| CAUSE: | Appeal |
| CASE TYPE: | Civil |
| DISPO DATE: | 09/05/2014 |
| FINAL DISP: | Appeal dismissed - case information statement not filed |
| ORIGIN: | Superior |
| CATEGORY: | civo     Civil complaints - other |
| RELATED CASES: | G050127 |

## TRIAL COURT INFORMATION

| | |
|---|---|
| Case No: | 30-2012-00601310 |
| County: | Orange |
| Court: | Orange County Superior Court  -  Main |
| Judge: | Fell, Sheila |
| Jud. Date: | 2014-04-30 00:00:00.0 |

## ATTORNEY - PARTY

In propria persona

    Plaintiff and Appellant
    Karen Michele Rozier
    7957 Dahlia Circle
    Buena Park, CA  90620

Robert James Gandy (Bar No. 00225405)
Severson & Werson, APC
19100 Von Karman Ave, Ste 700
Irvine, CA   92612

       Defendant and Respondent
       U.S. Bank National Association

John Brendan Sullivan (Bar No. 00096742)
Severson, Werson
1 Embarcadero Ctr, Ste 2600
San Francisco, CA   94111

       Defendant and Respondent
       U.S. Bank National Association

## DOCKET ENTRIES

08/04/2014
Notice of appeal lodged/received.
Appellant Karen Michele Rozier

08/15/2014
Default letter sent; no case information statement filed.

09/05/2014
Appeal dismissed - case information statement not filed.
Appellant failed to file a Civil Case Information Statement pursuant to California Rules of Court,
rule 8.100(g), after notice that appellant was in default.   Accordingly, the appeal is
DISMISSED. Appellant is advised that this dismissal will become final as to this court 30 days
after the date of this order, at which time this court will lose the power to vacate, reconsider or
modify it.   (See Cal. Rules of Court, rule 8.264(b)(1).)   A motion to vacate dismissal requires a
showing of good cause.   To allow the court sufficient time to review and evaluate the showing
of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional
deadline.

09/15/2014
Motion for relief from default filed.
by aplt (ccis attached as part of the mtn)

*Viewable in system*

09/15/2014
To court.
aplt's mtn to be relieved from default, vacate the dismissal and reinstate the appeal - ccis attached

G050520 as of September 17, 2014

as part of the motion

## CASE DISPOSITION / JUDGES PANEL INFORMATION

Disposition:         Appeal dismissed - case information statement not filed
Date:                09/05/2014
Status:              Final
Opinion Type:
Citation:

No notes

No case opinion vote

## COURT REPORTER INFORMATION

No court reporters

## END OF DOCKET SHEET

**Case 12-12020 (MG)**                    Page 195 of 269                    **Exhibit 29**

# EXHIBIT 29