**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------------------

## FOURTH STIPULATION AND ORDER
## TOLLING STATUTE OF LIMITATIONS

**WHEREAS**, commencing on May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, "ResCap" or the "Debtors") voluntarily filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), jointly administered under Case No. 12-12020 (MG) (the "Bankruptcy Cases");

**WHEREAS**, pursuant to that certain *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors*, dated December 11, 2013 (the "Confirmation Order"), and that certain *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date*, dated December 17, 2013, the Liquidating Trust was established on the Effective Date and is currently being administered pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan");[1]

**WHEREAS**, pursuant to the Plan, the Liquidating Trust is responsible for bringing any and all Liquidating Trust Causes of Action;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**WHEREAS**, the Liquidating Trust Board believes that the Liquidating Trust may have certain causes of action against Cerberus Capital Management, L.P. ("Cerberus Capital"), Cerberus Partners, L.P., Cerberus ResCap Assets Investors LLC, Cerberus ResCap Financing LLC, and certain affiliates or subsidiaries of Cerberus Capital (collectively "Cerberus" and, together with the Liquidating Trust, the "Parties") arising from or relating to June 2008 transactions in connection with ResCap's model home finance business, specifically and for the avoidance of doubt being those causes of action set forth in a draft complaint provided to Cerberus's counsel prior to the execution of the Initial Tolling Agreement (as defined below) (together with any amendments found by the Court to relate back to the draft complaint pursuant to Federal Rule of Civil Procedure 15(c)) (the "Causes of Action");

**WHEREAS**, on May 6, 2014, the Parties executed the *Stipulation and Order Tolling the Statute of Limitations* (the "Initial Tolling Agreement").  By the Initial Tolling Agreement, the Parties agreed to, *inter alia*, extend any and all statutes of limitation as to such Causes of Action through and including July 14, 2014, to permit the Parties to exchange information and otherwise seek to consensually resolve issues related to the potential Liquidating Trust Causes of Action by establishing a Tolling Period (as defined in the Initial Tolling Agreement);

**WHEREAS**, on May 9, 2014, the Initial Tolling Agreement was entered by the Bankruptcy Court [Docket No. 6876];

**WHEREAS**, on July 7, 2014, the Parties executed the *Second Stipulation and Order Tolling Statute of Limitations* (the "Second Tolling Agreement").  By the Second Tolling Agreement, the Parties agreed to further extend any and all statutes of limitation as to such Causes of Action through and including September 12, 2014;

2

**WHEREAS**, on July 8, 2014, the Second Tolling Agreement was entered by the Bankruptcy Court [Docket No. 7235];

**WHEREAS**, on August 27, 2014, the Parties executed the *Third Stipulation and Order Tolling Statute of Limitations* (the "Third Tolling Agreement").  By the Third Tolling Agreement, the Parties agreed to further extend any and all statutes of limitation as to such Causes of Action through and including October 13, 2014;

**WHEREAS**, on September 2, 2014, the Third Tolling Agreement was entered by the Bankruptcy Court [Docket No. 7465];

**WHEREAS**, the Parties have engaged in, and intend to continue to engage in, discussions regarding the Causes of Action, and to that end have determined that a further extension of the Tolling Period is in the best interests of the Parties; and

**WHEREAS**, pursuant to this Fourth Stipulation and Order Tolling Statute of Limitations, the Parties have agreed to further extend the Tolling Period.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the Parties hereto as follows:

1.    The Tolling Period.  Paragraph 1 of the Initial Tolling Agreement is amended by changing the Termination Date, as defined therein, for the Tolling Period to **November 17, 2014**.

2.    Further Extension. The Parties may agree by a writing executed by both Parties to further extend the Termination Date for the Tolling Period, subject to further approval of the Bankruptcy Court.

3.    All Terms Incorporated.  In all other respects, the Initial Tolling Agreement shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date(s) set forth below.

3

Dated:  October 2, 2014
      New York, New York

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ Gregory A. Horowitz
Gregory A. Horowitz
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**SCHULTE ROTH & ZABEL LLP**

By: /s/ Adam Harris
Adam Harris
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000
Fax: (212) 593-5955

*Counsel for Cerberus*

**IT IS SO ORDERED.**

Dated: October 7, 2014
      New York, New York

          **/s/Martin Glenn**
          MARTIN GLENN
      United States Bankruptcy Judge