**Hearing Date and Time: October 22, 2014 at 10:00 a.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**REPLY OF THE RESCAP LIQUIDATING TRUST IN SUPPORT OF ITS SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor to the debtors (the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this reply (the "**Reply**") in support of the *ResCap Liquidating Trust's Seventy-First Omnibus Objection to Claims (No Liability Claims)* [Docket No. 7305] (the "**Claims Objection**") to Claim No. 4872 of OneWest Bank ("**OneWest**") and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR23, Mortgage Pass-Through Certificates, Series 2005-AR23 under the Pooling and Servicing Agreement dated September 1, 2005 ("**Deutsche Bank**," and together with OneWest and IndyMac Bank, F.S.B ("**IndyMac**"), the "**OneWest Claimants**") against Debtor Homecomings Financial, LLC ("**Homecomings**"), and in response to the *Response of the OneWest Claimants in Opposition to ResCap Liquidating Trust's Seventy-*

*First Omnibus Objection to Claims (No Liability Claims)* [Docket No. 7436] (the "**Response**").[1]

In support of this Reply, the Liquidating Trust respectfully represents as follows:

### REPLY

1. As stated in the Claims Objection, the OneWest Claimants neglected to identify any specific relevant law, contract or duty that gave rise to a liability against the Debtors in their original proof of claim. Now, in the Response and in an effort to substantiate a claim, the OneWest Claimants raise a variety of legal theories, none of which are the basis for a valid claim.

2. As an initial matter, each of the OneWest Claimants' putative claims are barred by the applicable statute of limitations. As described in the Claims Objection and the Reply, the basis of the OneWest Claimants' claim is a refinancing transaction (the "**Refinancing**") they undertook with a borrower in September 2005 – almost seven years prior to the Petition Date, and well beyond any of the applicable statutes of limitation under Arizona law.

3. Furthermore, any damage suffered by the OneWest Claimants as the result of the failure by Homecomings to release the lien securing the HELOC that was the subject of the Refinancing is the result of the OneWest Claimants' own negligence. Upon information and belief, the OneWest Claimants purchased a title insurance policy from Fidelity National Title Insurance Company, their escrow agent responsible for the mechanics of the Refinancing (the "**Escrow Agent**"), including the release of the lien securing the HELOC. Yet, for some unexplained reason, when the lien securing the HELOC was not released, the OneWest Claimants failed to pursue any claim under the title insurance policy or against the Escrow

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Claims Objection or Response, as applicable. On August 26, 2014, the Court granted the Claims Objection with respect to all claims other than the OneWest Claim [Docket No. 7439], with the hearing on the OneWest Claim adjourned by mutual agreement.

Agent. Had the OneWest Claimants done so, they would have been made whole from any alleged damages incurred as the result of the HELOC lien not being released. Accordingly, the OneWest Claimants fail to establish a valid basis for a claim, and their claim should be disallowed.

I. **The OneWest Claim is Barred by Statutes of Limitation**

4. Each of the legal theories advanced by the OneWest Claimants is barred by the relevant statute of limitations under Arizona law. The following chart details each of the OneWest Claimants' legal theories and the applicable statute of limitations period under Arizona law:

| Legal Theory | Applicable Statute of Limitations |
| --- | --- |
| Negligence (*See* Reply at ¶¶ 7-10) | 2 years (*See* Ariz. Rev. Stat. § 12-542) |
| Breach of Contract (*See* Reply at ¶¶ 11-12) | 6 years for breach of written contract (*See* Ariz. Rev. Stat. § 12-548)<br><br>3 years for breach of oral contract (*See* Ariz. Rev. Stat. § 12-543(1)) |
| Promissory Estoppel (*See* Reply at ¶¶ 13-15) | 3 years (*See Kersten v. Continental Bank*, 129 Ariz. 44, 47-48 (Ariz. Ct. App. 1981) (claim based on promissory estoppel subject to same three-year statute of limitations period as claim based on breach of oral contract)) |
| Unjust Enrichment (*See* Reply at ¶¶ 16-18) | 3 years (*See* Ariz. Rev. Stat. § 12-543(1); *Frew v. Coit Services, Inc.*, 2007 U.S. Dist. LEXIS 74027 (D. Ariz. 2007) (three-year statute of limitations period set forth in Ariz. Rev. Stat. § 12-543 applies to unjust enrichment claims) |
| Conversion (*See* Reply at ¶ 19) | 2 years (*See* Ariz. Rev. Stat. § 12-542(5)) |

5. Thus, even assuming that the OneWest Claimants have a valid basis for asserting a breach of a written contract claim, *i.e.*, the claim with the longest statute of limitations period of six years, the OneWest Claim should be disallowed, because the Refinancing occurred nearly seven years prior to the Petition Date. Accordingly, each theory asserted by the OneWest Claimants is time-barred.[2]

---

[2] Under Arizona law, the relevant statutes of limitations began to run once the OneWest Claimants had the ability to bring their putative causes of action – immediately following the Refinancing in September 2005. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (Ariz.1995) ("[A] cause of action accrues, and the statute of limitations commences, when one party is able to sue another. . . The traditional construction of that rule has been that the period of limitations begins to run when the act upon which legal action is based took place, even though the plaintiff may be unaware of the facts underlying his or her claim.") (internal citations

- 3 -

**II.     The OneWest Claims Lack Merit under Substantive Law**

6. Even if the OneWest Claimants' putative claims were not barred by the applicable statutes of limitations, the OneWest Claimants still fail to establish any basis for a claim under the substantive law they cite in the Response.[3]

**A.     Negligence**

7. The negligence claim must fail for a number of reasons. As an initial matter, the OneWest Claimants cite section 1.6(c) of the Restatement (Third) of Property (Mortgages) for the proposition that a mortgagee has a duty to avoid disclosing erroneous information. *See* Response at 9. However, the OneWest Claimants selectively cite this section of the Restatement, ignoring that the duty relates solely to seven specific types of information, none of which are at issue in the Payoff Letter.[4]

8. Moreover, the information in the Payoff Letter is not erroneous.[5] The OneWest Claimants also selectively quote from the Payoff Letter, asserting that Homecomings disclosed that if sufficient funds were received, it would close the HELOC and release its lien. *See* Response at 9. However, the OneWest Claimants ignore that additional steps outlined in the

---

omitted). Even under the more lenient "discovery" rule, the statutes of limitations began to run because the OneWest Claimants should have known the HELOC lien was not released in the "exercise of reasonable diligence." *Id*.

[3] The Liquidating Trust believes that the Claim should be expunged on the basis that each of the theories advanced by the OneWest Claimants is barred by the relevant statute of limitations, and furthermore must fail as a matter of law for the reasons articulated herein. In the event that the Court declines to expunge the Claim on these bases, the Liquidating Trust reserves its right to seek discovery from the OneWest Claimants and to supplement this Reply based on information learned in discovery.

[4] *See* Restatement (Third) of Property (Mortgages) § 1.6(a) (providing that a mortgagee must disclose "(1) the amount owing on the obligation whose performance is secured by the mortgage; (2) the current interest rate on the obligation, and the basis for adjustment if the rate is adjustable; (3) the amount of any additional fees or charges owed to the mortgagee in connection with the mortgage; (4) whether the mortgagee considers the obligation to be in default or to be accelerated; (5) if the mortgage provides for future advances or reserves a right in the mortgagee to modify the mortgage, whether any notice has been issued to the mortgagee under § 2.3(b) or § 7.3(d); (6) the amounts of any funds held by the mortgagee in escrow or impound accounts in connection with the mortgage; and (7) the identity and address, if known to the mortgagee, of any person who has acquired an interest in the mortgage or the obligation.").

[5] A copy of the Payoff Letter was attached as <u>Exhibit 1</u> to the *Declaration of Rebecca Marks in Support of Response of OneWest Claimants in Opposition to Claim Objection* [Docket No. 7437].

Payoff Letter were required to close the HELOC. For example, the Payoff Letter provides that an address confirmation form must be completed to process a loan payoff. *See* Payoff Letter at 1 ("Any funds received MUST reference the Homecomings loan number and include the Address Information Form on the last page of this document."). The OneWest Claimants have not provided any evidence that the required information was submitted in connection with the Refinancing.[6] Accordingly, Homecomings was under no obligation to release its lien because all required steps to close the HELOC were not taken.[7]

9. Further, any harm suffered by the OneWest Claimants could have been prevented had they simply confirmed whether the HELOC was released following the Refinancing. In essence, the OneWest Claimants' real claim is against the Escrow Agent whose responsibility it was to ensure that the lien was released and who also provided the OneWest Claimants with a title insurance policy. "In a cause of action for negligence, plaintiff must show some reasonable connection between defendant's act or omission and plaintiff's damages or injuries." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (Ariz. 1990). Thus, the OneWest Claimants bear "the burden of proof on the issue of proximate cause, which Arizona courts unvaryingly define as follows: the proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Id*. (internal quotations omitted).

---

[6] *See also* Deed of Trust ¶ 18 ("Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released."). A copy of the Deed of Trust was attached to the Response as Exhibit 1.

[7] *See* Restatement (Third) of Property (Mortgages) § 6.4(d), cmt. e. ("Sometimes the parties to a mortgage transaction do not desire that the mortgage be extinguished, even though the borrower has made payments that reduce the balance owing on the obligation to zero. This is most commonly the case with a "line of credit" mortgage loan, under which the mortgagor has the right to borrow and repay funds on multiple occasions at his or her discretion over some fixed period of time. In such a transaction, it would be very inconvenient if the mortgage were extinguished simply because the borrower paid the outstanding balance down to zero, since future borrowing would require the execution and recording of a new mortgage.").

10. As such, the OneWest Claimants' failure to ensure that the HELOC lien was released following the Refinancing (and their related failure to pursue the matter with the Escrow Agent) is an intervening cause relieving the Debtors of liability. An intervening cause is "an independent cause that intervenes between defendant's original negligent act or omission and the final result and is necessary in bringing about that result." *Id*. An intervening cause is a "superseding cause" relieving a defendant of liability when the intervening cause was "unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Id*. Because the OneWest Claimants' failure to confirm the release of the HELOC lien was extraordinary, there is no basis for the OneWest Claimants to assert a negligence claim against the Debtors.[8]

B. **Breach of Contract**

11. The OneWest Claimants cannot maintain an action for breach of contract for a very basic reason – there was no contract. Although the OneWest Claimants appear to view the Payoff Letter as the contract which was allegedly breached, such a position is strained at best. There is no evidence of acceptance on the part of the borrower, just as there is no evidence that the borrower complied with the terms necessary to close the account as stated in the Payoff Letter.

12. Further, even if the Payoff Letter can be considered a contract, the OneWest Claimants gloss over the fact that they were not even a party to the Payoff Letter. Under Arizona law, the OneWest Claimants could not be considered a third-party beneficiary. "For a person to recover as a third-party beneficiary in Arizona, the contracting parties must

---

[8] In addition, the OneWest Claimants' failure to confirm whether the HELOC lien was released would result in the complete reduction of damages under the Arizona comparative negligence doctrine. *See* Ariz. Rev. Stat. § 12-2506(A) (providing that "[e]ach defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.").

intend to directly benefit that person and must indicate that intention in the contract itself." *Sherman v. First Am. Title Ins. Co.*, 201 Ariz. 564, 567 (Ariz. Ct. App. 2002). In addition, "the third person must be the real promisee. The promise must be made to him in fact . . . and it is not enough that the contract may operate to his benefit but it must appear that the parties intended to recognize him as the primary party in interest and as privy to the promise." *Id*. Here, there is simply no evidence that Homecomings was even aware of the OneWest Claimants' interest in the underlying property, let alone that it intended the Payoff Letter for their benefit.

### C. Promissory Estoppel

13. The claim based on promissory estoppel also must fail as a matter of law. To prove promissory estoppel, the OneWest Claimants must demonstrate that Homecomings made a promise, should have reasonably foreseen reliance on that promise, that the OneWest Claimants actually relied on the promise, and that the OneWest Claimants had a justifiable right to rely on the alleged promise.[9] If these elements are proven, the promise "is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90(1).

14. Here, even if the OneWest Claimants can establish that the Payoff Letter constituted a "promise," there is no evidence that the borrower complied with the terms of the Payoff Letter, such as returning the address change form to Homecomings. Further, the OneWest Claimants had no justifiable right to rely on the alleged promise, because they were, at best, a third party beneficiary to the Payoff Letter. *See id.*, cmt. c ("Justifiable reliance by third persons who are not beneficiaries is less likely, but may sometimes reinforce the claim of the promisee or beneficiary.").

---

[9] *See Higginbottom v. State*, 203 Ariz. 139, 144 (Ariz. Ct. App. 2002) ("To prove promissory estoppel, [plaintiff] must show that the defendants made a promise and should have reasonably foreseen that he would rely on that promise; [plaintiff] must also show that he actually relied on the promise to his detriment . . . [and] he had a justifiable right to rely on the alleged promise.") (internal citations omitted).

15. Finally, any putative promise contained in the Payoff Letter did not relieve the OneWest Claimants from their own obligation to confirm whether the HELOC was released prior to funding the Refinancing. Accordingly, any reliance was unjustified and should not have been reasonably foreseen.[10]

### D. Unjust Enrichment

16. To prevail on an unjust enrichment claim, the OneWest Claimants must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law. *See* Response at 12; *Loiselle v. Cosas Mgmt. Group, LLC*, 224 Ariz. 207, 210 (Ariz. Ct. App. 2010).

17. The OneWest Claimants cannot establish an absence of justification for the alleged "enrichment," as Homecomings and the borrower were acting in the ordinary course of their commercial relationship. "To be the subject of a claim in restitution, the benefit conferred must be something in which the claimant has a legally protected interest, and it must be acquired or retained in a manner that the law regards as unjustified. Otherwise, the fact that we derive advantage from the efforts and expenditures of others is not 'unjust enrichment' but one of the advantages of civilization." Restatement (Third) of Restitution and Unjust Enrichment, § 2, cmt. b. As detailed above, the OneWest Claimants have failed to establish that Homecomings was under any obligation to release the HELOC lien because there is no evidence that the borrower complied with the terms of the Payoff Letter. Thus, it cannot be asserted that the Debtors were enriched "unjustly."

---

[10] *See* Restatement (Second) of Contract § 90, cmt. b ("The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channeling functions of form are met by the commercial setting or otherwise, and on the extent to which such other policies as the enforcement of bargains and the prevention of unjust enrichment are relevant.").

18. Further, the OneWest Claimants' unjust enrichment claim must fail as a matter of law because there is no connection between the alleged enrichment and impoverishment, as any impoverishment was caused by the OneWest Claimants' failure to pursue the release of the HELOC lien with the Escrow Agent.

### E. Conversion

19. Conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *See* Response at 13; *Mobile Discount Corp. v. Schumacher*, 139 Ariz. 15, 17 (Ariz. Ct. App. 1983) (citing Restatement (Second) of Torts, § 222A(1)). Because there is no evidence that the borrower complied with the terms of the Payoff letter, there is simply no evidence that Homecomings was under any obligation to release the HELOC lien, let alone that Homecomings acted intentionally to interfere with any interest held by the OneWest Claimants, or that Homecomings even had any knowledge of such interest since Homecomings was not a party to the Refinancing.

### CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Claims Objection be granted, the Response be overruled, and such other and further relief as is just and proper.

Dated:   New York, New York
         October 15, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the ResCap Liquidating Trust*