**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    Residential Capital, LLC, *et. al.*

                                Debtors.

Chapter 11

Case No. 12-12020

**ORDER SUSTAINING THE DEBTORS' OBJECTION TO CLAIM 292 FILED BY**
**NANCY AND LINTON LAYNE**

      Pending before the Court is the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7188). In support of the Objection, the Trust attached the Declarations of Deanna Horst (Obj. Ex. 2), P. Joseph Morrow IV (*id.* Ex. 3), and Norman Rosenbaum (*id.* Ex. 4). This Order pertains only to Claim Number 292 (the "Claim") filed by Nancy and Linton Layne (the "Claimants"). Through the Objection, the Debtors seek to expunge the Claim, which asserts a $35,200.00 claim against GMAC Mortgage, LLC ("GMACM") for a stated basis of "promissory note at closing, no credit given." The Claimants filed an opposition to the Objection (the "Opp.," ECF Doc. # 7301) and the ResCap Borrower Claims Trust (the "Trust") filed a reply (the "Reply," ECF Doc. # 7410), supported by the Supplemental Declaration of Deanna Horst (the "Horst Supp.," ECF Doc. # 7410-1). The Court heard oral argument on the Objection on August 26, 2014 (the "Hearing") and took the matter under submission. Subsequent to the Hearing, the Trust also provided a supplemental Declaration of Deanna Horst (the "Supp. Horst Decl.," ECF Doc. # 7469).

      The Claimants took out a second mortgage loan (the "Loan") on certain real property (the "Property") on March 8, 2006, borrowing $35,200 from Sierra Pacific Mortgage Company, Inc. ("Sierra"). (*Id.* at 8.) The Loan was evidenced by a note (the "Note," Horst Supp. Ex. C) secured by a deed of trust (the "Deed," Horst Supp. Ex. D) that created a lien (the "Lien") on the

Property.  After origination, Sierra transferred the Loan to Residential Funding Company ("RFC"), which transferred the Loan to a securitization trust on or about August 31, 2006. (Horst Supp. ¶ 8.)  The Debtors do not have any interest in the Loan.

In addition to RFC's brief ownership of the Loan, GMACM serviced the Loan from August 2006 until transferring the servicing rights to Ocwen Loan Servicing ("Ocwen") on February 16, 2013.  (*See* Horst Supp. Ex. E.)  The Claimants' last payment on the Loan was on December 3, 2008.  (*See id.*)  On June 29, 2009, GMACM charged off the Loan due to insufficient equity supporting the Lien.  (*See id*.)  The charge-off did not remove the Lien and did not extinguish any obligations under the Note.  (*See* Horst Supp. ¶ 9.)  GMACM continued collection efforts after the charge-off.  (*See* Horst Supp. Ex. E.)

Claimant Mr. Layne filed a chapter 7 bankruptcy petition on December 14, 2010.  (Horst Supp. ¶ 10.)  Mr. Layne's schedules listed GMACM as a secured creditor, but he did not list any claims against GMACM or any other Debtor similar to those alleged in the Claim subject to the Objection.  (*See* Horst Supp. Ex. E.)

After receiving a Request Letter from the Trust in the present case, the Claimants submitted a statement stating that their second mortgage was "paid off in 2006, by GMAC[M]." (Horst Supp. Ex. A-1 at 2.)  The statement also states that if GMACM bought the loan, it would have filed a new deed, but there is no recording, so "no one has beneficial interest in this property."  (*Id.*)

The Trust objects to the Claim on the grounds that the Claimants fail to state a valid basis for liability against Debtor GMACM, arguing that (1) RFC only briefly owned the Loan and was never required to record a lien on the Claimants' property; (2) GMACM serviced the Loan on behalf of a securitization trustee and had authority to collect Loan payments; and (3) even if the

2

Claimants had a claim against the Debtors for improper Loan collection, their last Loan payment was in 2008, before the Claimants' bankruptcy proceeding, so they are estopped from raising a claim for improper debt collection now.  (Obj. Ex 1 at 50.)

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")  Once this is done, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

In their Opposition, the Claimants assert that they have not been provided a copy of their Note, and they do not know who owns the Loan.  (Layne Opp. at 2.)  They also assert that they were never provided with proper notification of transfers of the servicing of their Loan.  (*See id.* ¶¶ 3, 5, 9–10.)  The Claimants reference letters they evidently sent to GMACM asking for an account statement in June 2013 and account statements they claim they received from GMACM in 2014, indicating in Claimants' view that GMACM still serviced the Loan as of 2014.  (*See id.* ¶¶ 5, 7.)  GMACM had already transferred the servicing rights to Ocwen by the time the Claimants sent their request for an account statement.  Although the Claimants state that GMACM sent them account statements in 2014, this appears to be an error because the exhibits attached to their Opposition are dated 2012.  (*See* Opp. ¶ 7, Opp. Ex. E.)

3

The Claimants argue that to protect an asserted property interest, Oregon law encourages lienholders to record their property interests. (*See* Opp. at 7–8.) The Claimants concede, however, that Oregon does not require a recording to transfer a beneficial interest in a security interest. (*Id.*) The Claimants also argue that GMACM was unjustly enriched by collecting payments without the right to enforce a valid debt. (*Id.* at 8.)

In its Reply, the Trust asserts that charging off the Loan did not absolve the Claimants of their financial obligation under the Loan. (Reply ¶ 16.) Thus, GMACM was entitled to attempt to enforce the Loan even after the charge-off. (*See id.*) Moreover, the fact that the Debtors never recorded an assignment of the Loan does not reflect any liability to the Debtors because (1) RFC only owned the Loan briefly in 2006, and (2) Oregon law does not require an assignment to be recorded. (Id. ¶¶ 40–41.) The Trust also argues that Mr. Layne is estopped from asserting the Claim because he did not schedule the claim in his bankruptcy.[1] (Id. ¶ 42.)

The asserted basis for the Layne Claim is not supported by any competent evidence. The Trust's Objection to the Claim is supported by evidence establishing that GMAC had authority to service the Loan, that the Lien was not removed from the Property, and that the obligation under the Note was not extinguished. The burden then shifted back to the Claimants to prove the validity of their Claim. They failed to carry their burden.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors' Objection is **SUSTAINED** as to the Claim, and the Claim is **DISALLOWED** and **EXPUNGED**.

---

[1] "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.". *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted). Courts in this District have applied this doctrine to bankruptcy proceedings. *In re Adelphia Recovery Trust*, 634 F.3d 678, 695–6 (2d Cir. 2011); *In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 280–1 (Bankr. S.D.N.Y. 2013). The Court need not reach the issue whether Mr. Layne is estopped from asserting claims against the Debtors arising prior to his bankruptcy filing, because the Laynes have failed to carry their burden of establishing the validity of their Claim.

2. This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: October 15, 2014
      New York, New York

      **/s/Martin Glenn**
      MARTIN GLENN
      United States Bankruptcy Judge