Ariel Barel, Sui Juris
114 Warbler Drive
Wayne, New Jersey 07470
(973) 790-1427 - Phone

FILED
U.S. BANKRUPTCY COURT

2014 OCT -8 P 12: 47

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| Residential Capital, LLC, et al. | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |

## RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS

### BACKGROUND

*Pertinent Case Background:*

1.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.      On June 12, 2012, Debtors filed 6003 page document (Doc 336) listing its creditors and on page 360 (Doc 336-3) Ariel Barel and Karen Barel were included as Creditors in the debtors' bankruptcy petition.

3.      On or about November 7, 2012, as required, creditors filed timely Proof of Claim in the amount of $534,000.

4.      On July 4, 2013, Debtors' filed Twentieth Omnibus Objection to Claims (Borrower Claims With Insufficient Documentation) Doc 4156, seeking to disallow and expunge

certain proofs of claim. Creditors' names were listed within as part of Debtors Exhibit A on page 33 of 62.

5.  On  August 5, 2013, Creditors filed a Response in Opposition to Debtors Twentieth Debtor Omnibus Objection to Claims (Borrower Claims With Insufficient Documentation) Doc 4515. Within the objection Creditors included as Exhibit A copy of the Proof of Claim and as Exhibit B, Creditors' included Compulsory Counterclaim filed in New Jersey Superior Court on December 6, 2010.

6.  On August 30, 2013, Debtors filed Notice of Presentment of Proposed Order Granting Debtors' Twentieth Omnibus Objection To Claims (Borrower Claims With Insufficient Documentation) Doc 4906.

7.  Shortly thereafter on September 20, 2013, after couple of adjournments of the scheduled hearing on the Twentieth Objection (Doc 4156) debtors withdrew their objection. See Doc 5146.

8.  Almost full year went by and suddenly Debtors decided to try again by using different tactic and strategy and on September 17, 2014, Debtors filed the instant Seventy-Fifth Omnibus Objection to Claims claiming *Res Judicata* basing the instant Objection on Summary judgment order issued by New Jersey Superior court. Doc 7552.

9.  As a result the following Response in Opposition to RESCAP Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims is submitted.

## DEBTORS INTENTIONALLY DECEIVE BANKRUPTCY COURT OR STATE COURT IN THEIR PLEADINGS AND AS A RESULT ARE IN VIOLATION OF 18 U.S.C. § 152 AND FRAUD ON THE COURT

10.  The instant objection filed by the Debtors intentionally, in a concerted conspiratorial effort to deceive the court and the Creditors, Debtors withhold and intentionally

omit pertinent material information from this court and misrepresent to this court the events and

filings in state court and are criminally in violation 18 U.S.C. § 152(2); 18 U.S.C. § 152(8); 18

U.S.C. § 152(9) and;

11.    Debtors are in violation of 18 U.S.C. § 152 whereas "attempts to cover *all the*

*possible methods* by which a bankrupt *or any other person* may attempt to defeat the Bankruptcy

Act through an effort to keep assets from being equitably distributed among creditors." (Source:

2 Collier on Bankruptcy 1151 (14th ed. 1968)) (emphasis added).

12.    In their Seventy Fifth Omnibus Objection on page 27 of 64 Doc 7552-2 under the

column "No Liability Summaries" Debtors make the following statement:

> "Claimant references litigation in her proof of claim in the Superior Court of New
> Jersey, Passaic County, Case No. F-37098-08. Claimant had filed an answer,
> affirmative defenses and 3rd party claims in that lawsuit. Debtor, GMAC
> Mortgage, LLC filed for Summary Judgment and an order was granted December
> 10, 2012 striking the answer and dismissing the claim with prejudice. A copy of
> the Order is attached to the Objection as Exhibit 5-3. The matter was referred
> back to the foreclosure division to proceed as an uncontested matter for entry of
> final judgment." The page is reproduced and incorporated hereto as **Exhibit A**.

Debtors' objection to creditors' claim is based on the alleged *Res Judicata*, however

Debtors intentionally omit the fact that on June 2, 2014, debtors *on their own* **filed Notice of**

**Voluntary Dismissal of the state court foreclosure action thus rendering any alleged *Res***

***Judicata* claim in these or any other court proceedings nonexistent, intentionally false**

**pleadings were created and filed through conspiratorial criminal effort to mislead and**

**misrepresent to the bankruptcy court the facts effectively committing fraud upon the court**

**and in violation of 18 U.S.C. § 152.** The dismissal is incorporated hereto as **Exhibit B**.

13.    However, even if the state court case would not have been dismissed, Debtors by

filing the instant bankruptcy petition on May 14, 2012 rendered the state court without

jurisdiction. The provisions of automatic stay prohibit Creditors to attempt to prosecute their claim in state court. GMAC Mortgage LLC became a non entity whose board of directors resigned immediately after the bankruptcy filing. The motion for Summary Judgment in state court was filed on or about June 1, 2012, Debtor GMAC Mortgage LLC at the time of filing of the motion for summary judgment could not be in the bankruptcy court and state court simultaneously. The alleged counsel for debtor at the time, Fleischer, Fleischer & Suglia filed motion for summary judgment in state court falsely claiming they represent the debtor GMAC Mortgage LLC. Neither Fleischer Fleischer and Suglia nor any one of their attorneys, were on the list of approved attorneys to represent GMACM in bankruptcy proceedings or anywhere else. This was another misrepresentation made by the Debtor to the state court where the only designated counsel for the Debtor was the current counsel of record Morrison & Foerster LLP.

14.    The Third-Party Interloper Fleischer Fleischer and Suglia and their attorneys pretended to be the counsel to a debtor GMAC Mortgage LLC, are also have been listed as a GMAC Mortgage LLC's creditors which is clear conflict of interest and could easily be construed as collusion between the debtor and the creditor.

15.    GMAC Mortgage LLC being under the orders of the Bankruptcy Court could still operate under its name however it does not exist as a viable entity, the existence of GMAC Mortgage LLC is limited by the Bankruptcy Court's orders to the payment of certain bills and expenses and no more. And as such lacks capacity and authority to sue or be sued. Only the Trustee on behalf of the bankruptcy estate can file an action.

16.    The Superior Court of New Jersey and Passaic County Vicinage upon learning via Barels' Notice to the court about GMAC Mortgage LLC bankruptcy had to exercise mandatory abstention which applied to the case in the state court.

17.    The consequent importance to the total bankruptcy scheme of permitting the
trustee in bankruptcy to assert counterclaims against claimants, and resolving those
counterclaims in a bankruptcy court, is reflected in the fact that Congress included
"counterclaims by the estate against persons filing claims against the estate" on its list of "[c]ore
proceedings." 28 U. S. C. §157(b)(2)(C).

GMAC MORTGAGE, LLC – AS THE SERVICER OF THE LOAN

18.    Debtors in their objection on page 27 of 64 Doc 7552-2 make the following **false
representations to the court in pleadings:**

> "Debtors' involvement with Claimant's loan was limited to its roles as purchaser
> and servicer of the loan. Atlantic Stewardship Bank originated the loan on March
> 8, 2006. **Non-Debtor GMAC Bank purchased from Atlantic Stewardship and
> subsequently transferred its interest to Debtor GMAC Mortgage. GMAC
> Mortgage transferred its interest to Fannie Mae on or about April 11, 2006.**
> Debtor GMAC Mortgage, LLC serviced the loan from March 20, 2006 until
> servicing transferred to Ocwen Loan Servicing on February 16, 2013." See
> **Exhibit A**. [Bold emphases added]

## THE RECORD IS VOID OF WHEN AND HOW THE DEBTOR GMAC MORTGAGE LLC TRANSFERRED ITS INTEREST IN THE MORTGAGE TO FANNIE MAE

19.    In all state court filings including the last (fourth) motion for summary judgment
Debtors GMAC Mortgage LLC always claimed they have full possession of the original Note
and Mortgage and as a result own full interest in the mortgage by way of several assignments to
the debtors. The following are uncontested facts and the events that took place.

20.    On March 8, 2006, Karen Barel executed a Note in favor of Atlantic Stewardship
Bank (hereinafter "Atlantic"). The Note as initially filed by the Debtor in the state case only
bears one indorsement indicating sale to GMAC Bank, the indorsement is dated March 14, 2006.
The Note is incorporated hereto as **Exhibit C**.

21.     The newly submitted Note shows two additional indorsements, these two new indorsements were never present on any document filed by plaintiff in this case, in fact even as late as September 19, 2011, when Debtors filed motion in Federal Court to remand the matter to state court, Debtors attached to the motion a true copy of the Note which lacks the two additional indorsements. Unlike the first indorsement, the two additional indorsements are undated. The Note with additional indorsements is incorporated hereto as **Exhibit D**.

22.     On March 14, 2006 James M. O'Brien, Assistant Vice President of Atlantic Stewardship Bank executed an indorsement of the original Note making it "PAY TO THE ORDER OF GMAC BANK WITHOUT RECOURSE". The assignment of the mortgage was recorded to Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Bank, its successors and assigns, located at 100 Witmer Road, Suite 91, Horsham, PA 19044. The assignment of mortgage is incorporated hereto as **Exhibit E**.

23.     Upon checking the records of the Secretary of State of Commonwealth of Pennsylvania Creditors **discovered that there was no record of GMAC Bank, no such entity was in existence or registered to do business in Pennsylvania in March of 2006. Fictitious name filing for GMAC Bank occurred on November 7, 2006.** The Certified Corporate filing is incorporated hereto as **Exhibit F**. Pursuant to Fed R. of Evid. 201 creditors request that the court take judicial notice of **Exhibit F** being a public record that was certified and provided by the Secretary of the Commonwealth of Pennsylvania that GMAC Bank did not exist in Pennsylvania (contrary to the assignment's claim) at the time of the assignment of the mortgage and the negotiation of the Note. Mortgage Electronic Registration Systems, Inc. never had nor will it ever have the capacity or the authority to assign the Mortgage and at the same time to negotiate the Note to GMAC MORTGAGE, LLC.

24.      The second recorded assignment of mortgage was done on September 19, 2008 and recorded in Passaic County Recorder's office on October 9, 2008. This assignment purports to assign the mortgage from GMAC Bank to the Debtor GMAC Mortgage, LLC. The second assignment is incorporated hereto as **Exhibit G.**

25.      The statement made in support of the instant Omnibus Objection on page 27 of 64 Doc 7552-2 that **"GMAC Mortgage transferred its interest to Fannie Mae on or about April 11, 2006."** contradicts the recorded in the county manufactured by the Debtors and/or their agents' assignments and is clearly a conspiratorial criminal effort to mislead and misrepresent to the bankruptcy court by making **false representations to the court in pleadings,** is fraud upon the court and violation of 18 U.S.C. § 152.

26.      The statement made in support of the instant Omnibus Objection on page 27 of 64 Doc 7552-2 that the **"Non-Debtor GMAC Bank purchased from Atlantic Stewardship and subsequently transferred its interest to Debtor GMAC Mortgage."** is clearly a conspiratorial criminal effort to mislead and misrepresent to the bankruptcy court by making **false representations to the court in pleadings,** is fraud upon the court and violation of 18 U.S.C. § 152.

27.      Debtors are in violation of 18 U.S.C. § 152(2); 18 U.S.C. § 152(8); 18 U.S.C. § 152(9) and make a concerted effort to deceive the Bankruptcy court and the Creditors, Debtors intentionally and in conspiratorial manner withheld pertinent material information from the court.

28.      18 U.S.C. § 152 "attempts to cover *all the possible methods* by which a bankrupt *or any other person* may attempt to defeat the Bankruptcy Act through an effort to keep

assets from being equitably distributed among creditors." (Source: 2 Collier on Bankruptcy 1151 (14th ed. 1968)) (emphasis added).

29.    "[A]n act is done with intent to defraud if it is done with the intent to deceive any creditor, trustee, or bankruptcy judge." *U.S. v. Sabbeth,* 262 F.3d 207, 216 (2d Cir. 2000) at 217 (statement made by the District Court to the jury). "The plain language of the false-oath provision punishes a person for making a false statement "knowingly and fraudulently." The common understanding of the term "fraudulently" includes the intent to deceive. *See* Black's Law Dictionary 662 (6th ed. 1990) ("A statement... is 'fraudulent' if it was falsely made, or caused to be made, with the intent to deceive." *United States v. Gellene*, 182 F.3d 578, 586-87 (7th Cir. 1999).

30.    When on or about June 1, 2012, Debtors filed their FOURTH Motion for Summary judgment in State Court, three previous motions were denied, they represented to the court once again that they are by way of the assignment(s) are the owners of the Note and Mortgage and as such hold full interest in the Creditors' loan contrary to the page 27 of 64 Doc 7552-2 statement made above advising this court that the loan was sold Fannie Mae on April 11, 2006. Although no evidence was provided when and for how much the loan was sold to Fannie Mae on April 11, 2006.

31.    The continuous criminal misrepresentations in both the state and Federal courts are beyond the simple violations of Rules of Professional Conduct but fall directly into criminal felonious conduct by lawyers claiming to represent the Debtor whether they are in the state court or in Bankruptcy court.

32.    Making such criminal misrepresentations and statements in their pleadings in an attempt to mislead the court knowing full well the facts and the filings of the case in state court

should subject the lawyers involved in this Objection at the minimum to sanctions and possibly to criminal prosecution as a members of criminal enterprise.

## CONCLUSION

Upon the foregoing Creditors respectfully request that Debtors' Seventy Fifth Omnibus Objection to Claims be Overruled and that this Court direct that Debtors be ordered to appear before this Court for under oath testimony concerning the details and particulars of the Sale of the Mortgage and the Note to Fannie Mae on April 11, 2006 and to answer questions under oath regarding all indorsements manufactured and placed on Creditors' Note and all assignments of mortgage and Order that Creditors claim be paid in its entirety. As a result of their actions and unclean hands and by filing an Objection based on *Res Judicata* where in fact *Res Judicata* does not exists, Debtors should be estopped from any further attempts to object to these Creditors' claim.

Date: October 8, 2014

Ariel Barel, Sui juris
114 Warbler Drive
Wayne, NJ 07470
973-460-4444
abar4444@gmail.com

Ariel Barel, Sui Juris
114 Warbler Drive
Wayne, New Jersey 07470
(973) 790-1427 - Phone

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| Residential Capital, LLC, et al. | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |

### CERTIFICATION OF SERVICE

The foregoing was mailed by certified RR mail # 7008 0150 0000 2617 0164 to Norman
Rosenbaum of Morrison & Foerster LLP attorneys for Debtor, located at 1290 Avenue of the
Americas, New York, NY 10104, by depositing same in the U.S. Post Office.

Dated: October 8, 2014

Ariel Barel, Sui juris
114 Warbler Drive
Wayne, NJ 07470
973-460-4444
abar4444@gmail.com

| | Name of Claimant | Claim Number and Date Filed | Claim Amount | Asserted Debtor Name and Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|---|---|
| 11 | Karel Barel Ariel Barel Sui Juris Third Party Interpleader and Third Party Plaintiffs v GMAC Mortgage LLC Mortgage et al  114 WARBLER DR  WAYNE, NJ 7470 | 4118 11/09/2012 | $534,000.00 General Unsecured | GMAC Mortgage, LLC 12-12032 | Res Judicata | however the packet was missing a paystub and Debtor could not complete the modification review.  Debtors have no liability for Claimant's wrongful foreclosure claims because the Debtor's records show that no payment was made under the Modification.  Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of violation of the NJ Consumer Fraud Act, fraud, unconscionability, unjust enrichment, breach of fiduciary duty, violation of good faith and fair dealing, or the NJ Home Ownership Security Act.  Debtors' involvement with Claimant's loan was limited to its roles as purchaser and servicer of the loan. Atlantic Stewardship Bank originated the loan on March 8, 2006. Non-Debtor GMAC Bank purchased from Atlantic Stewardship and subsequently transferred its interest to Debtor GMAC Mortgage.  GMAC Mortgage transferred its interest to Fannie Mae on or about April 11, 2006.  Debtor GMAC Mortgage, LLC serviced the loan from March 20, 2006 until servicing transferred to Ocwen Loan Servicing on February 16, 2013.  Claimant references litigation in her proof of claim in the Superior Court of New Jersey, Passaic County, Case No. F-37098-08. Claimant had filed an answer, affirmative defenses and 3rd party claims in that lawsuit. Debtor, GMAC Mortgage, LLC filed for Summary Judgment and an order was granted December 10, 2012 striking the answer and dismissing the claim with prejudice. A copy of the Order is attached to the Objection as Exhibit 5-3. The matter was referred back to the foreclosure division to proceed as an uncontested matter for entry of final judgment. | 15 |

-22-

**Exhibit A**

12-12020-mg    Doc 7639    Filed 10/08/14    Entered 10/16/14 16:08:14    Main Document
RECEIVED, MONDAY 6/2/2014 1:33:40 PM 12034628
Pg 12 of 26

FILED Jun 02, 2014

GMAC-2443
**PHELAN HALLINAN & DIAMOND, PC**
Vladimir Palma, Esq. ID No. 004742001
400 Fellowship Road Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorney for Plaintiff

| | |
|---|---|
| GMAC MORTGAGE, LLC<br>PLAINTIFF | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>PASSAIC COUNTY |
| VS. | DOCKET NO: F-37098-08 |
| KAREN BAREL, ET AL.<br>DEFENDANT (S) | CIVIL ACTION<br>NOTICE OF VOLUNTARY DISMISSAL |

GMAC MORTGAGE, LLC, the plaintiff herein, hereby requests that the within matter

be voluntarily dismissed.

PHELAN HALLINAN & DIAMOND, PC

/s/ Vladimir Palma
Vladimir Palma, Esq.
Attorney for Plaintiff

May 30, 2014

**Exhibit B**

LOAN NO. 601477402                          MIN NO. 100037506014774021

# NOTE

MARCH 8        , 2006              POMPTON PLAINS                    NJ
[Date]                               [City]                       [State]

                                  114 WARBLER DRIVE
                                  WAYNE, NJ 07470
                                  (Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 255,000.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
**ATLANTIC STEWARDSHIP BANK,
ITS SUCCESSORS AND/OR ASSIGNS**                                        . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      8.250 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  1ST      day of each month beginning on   MAY 1       , 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  APRIL 1      ,  2036  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
630 GODWIN AVENUE, MIDLAND PARK, NEW JERSEY 07432
                                                    or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,570.08

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

MULTISTATE FIXED RATE NOTE • Single Family • Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  FORM 3200  1/01

PNMA3200 (10/00)                   Page 1 of 3           Initial _____        Initial _____

**Exhibit C**

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT FORM 3200 1/01

FNMA3200 (10/00)                          Page 2 of 3                    Initial _____      Initial _____

**Exhibit C**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Karen Barel_ _____ (Seal)
KAREN BAREL                    -Borrower

Social Security Number 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

_____ (Seal)
                           -Borrower

Social Security Number _____

_____ (Seal)
                           -Borrower

Social Security Number _____

_____ (Seal)
                           -Borrower

Social Security Number _____

[Sign Original Only]

PAY TO THE ORDER OF GMAC BANK WITHOUT RECOURSE
THIS 14TH DAY OF MARCH, 2006.

ATLANTIC STEWARDSHIP BANK

_James M. O'Brien_ _____
JAMES M. O'BRIEN
ASSISTANT VICE PRESIDENT

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT FORM 3200 1/01
FNMA3200 (10/00)                    Page 3 of 3

**Exhibit C**

MARCH 8          2006                POMPTON PLAINS                    NJ
   [Date]                              [City]                        [State]

114 WARBLER DRIVE
WAYNE, NJ 07470
[Property Address]

## 1  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 255,000.00 (this amount is called "Principal") plus interest, to the order of the Lender. The Lender is

ATLANTIC STEWARDSHIP BANK,
ITS SUCCESSORS AND/OR ASSIGNS                                       I will make
all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.250 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3  PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  1ST  day of each month beginning on   MAY 1         , 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  APRIL 1          , 2036 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
630 GODWIN AVENUE, MIDLAND PARK, NEW JERSEY 07432
                                                      or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,570.08

## 4  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

MULTISTATE FIXED RATE NOTE · Single Family · Fannie Mae/Freddie Mac UNIFORM INSTRUMENT FORM 3200 1/01

FNMA3200 (10/00)                    Page 1 of 3                    Initial _KB_

**Exhibit D**

6.  BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000 %    of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    FORM   3200 1/01

Exhibit D

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)                    _____ (Seal)
KAREN BAREL                  Borrower                                     Borrower

                   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
Social Security Number _____    Social Security Number _____


_____ (Seal)                    _____ (Seal)
                             Borrower                                     Borrower

Social Security Number _____    Social Security Number _____


                                                   (Sign Original Only)


PAY TO THE ORDER OF GMAC BANK WITHOUT RECOURSE
THIS 14TH DAY OF MARCH, 2006.

ATLANTIC STEWARDSHIP BANK

_____
JAMES M. O'BRIEN
ASSISTANT VICE PRESIDENT

                              Pay to the Order of
                              GMAC Mortgage Corporation
                              Without Recourse

                              _____
                              Joanne Wight, Vice President
                              Acting Agent for GMAC Bank


                    PAY TO THE ORDER OF

                    WITHOUT RECOURSE

                    _____
                    D Chavo
                    Limited Signing Officer
                    Acting Agent for
                 GMAC MORTGAGE CORPORATION

                                                   ┌─────────────────┐
                                                   │   **Exhibit D**  │
                                                   └─────────────────┘



RECORD AND RETURN TO:
ATLANTIC STEWARDSHIP BANK
RESIDENTIAL MORTGAGE DEPT.
630 GODWIN AVENUE
MIDLAND PARK, NJ 07432



009UMC

## ASSIGNMENT OF MORTGAGE

Lender's Loan Number: 601477402
MIN: 100037506014774021

MERS Phone:1-888-679-6377

FOR VALUE RECEIVED, Atlantic Stewardship Bank, its successors and assigns, hereby assigns and transfers to Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for GMAC Bank, its successors and assigns, 100 Witmer Road, Suite 91, Horsham, PA 19044, all its right, title and interest in and to a certain mortgage executed by KAREN BAREL AND ARIEL BAREL, to Atlantic Stewardship Bank for and in consideration of the sum of $255000.00 and bearing the date of March 8, 2006. Said Mortgage is to be recorded simultaneously in the Clerk/Register's Office of the County of PASSAIC, State of New Jersey.

M-7362  pg  287

ATLANTIC STEWARDSHIP BANK

By JAMES M. O'BRIEN
ASSISTANT VICE PRESIDENT

State of New Jersey, County of Bergen

I certify that on March 8, 2006 JOHN S. KRANTZ
personally came before me and stated under oath to my satisfaction that:

a) this person was the subscribing witness to the signing of this instrument
b) this instrument was signed by JAMES M. O'BRIEN
who is ASSISTANT VICE PRESIDENT of Atlantic Stewardship Bank, the entity named in this instrument, and was fully authorized to and did execute this instrument on its behalf;
c) the subscribing witness signed this proof under oath to attest to the truth of these facts.

**Exhibit E**

Signed and sworn to before me on
March 8, 2006

Notary

JOHN S. KRANTZ
ASSISTANT VICE PRESIDENT

Intervening Assignment: This assignment is not subject to the requirements of section 275 of the real property law because it is an assignment in the secondary mortgage market.

ELIZABETH M. LAMB
NOTARY PUBLIC OF NEW JERSEY
COUNTY OF PASSAIC
MY COMMISSION EXPIRES NOV. 4, 2009
ID # 2171730

INST. NO: 2006.026231  REC. DATE 3-22-06

END OF DOCUMENT

KAREN BROWN
CLERK
PASSAIC COUNTY
New Jersey

INSTRUMENT NUMBER
2006026232
RECORDED ON
Mar 22, 2006
9:38:40 AM
BOOK:AS206
PAGE:289
Total Pages: 1

NJ PRESERVATION ACCOUNT          $10.00
RECORDING FEES - RECORDER OF DEEDS  $30.00
TOTAL                            $40.00

INM: 50710 USER: PL

# COMMONWEALTH OF PENNSYLVANIA

## DEPARTMENT OF STATE

### NOVEMBER 29, 2010

### TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

### GMAC BANK

I, Basil L Merenda, Secretary of the Commonwealth of Pennsylvania

do hereby certify that the foregoing and annexed is a true and correct

copy of

FICTITIOUS NAME filed on November 7, 2006

which appear of record in this department.



IN TESTIMONY WHEREOF, I have
hereunto set my hand and caused
the Seal of the Secretary's Office to
be affixed, the day and year above
written.

*Basil L. Merenda*
_____
**Secretary of the Commonwealth**

**Exhibit F**

Date Filed: 11/07/2006
Pedro A. Cortés
Secretary of the Commonwealth

**PENNSYLVANIA DEPARTMENT OF STATE**
**CORPORATION BUREAU**

### Application for Registration of Fictitious Name
54 Pa.C.S. § 311

Document will be returned to the
name and address you enter to
the left.
⇐

Corporation Service Company

Commonwealth of Pennsylvania
FICTITIOUS NAME 4 Page(s)

T0631264012

Fee: $70

In compliance with the requirements of 54 Pa.C.S. § 311 (relating to registration), the undersigned entity(ies) desiring to register a fictitious name under 54 Pa.C.S. Ch. 3 (relating to fictitious names), hereby state(s) that:

1. The fictitious name is:
GMAC Bank

2. A brief statement of the character or nature of the business or other activity to be carried on under or through the fictitious name is:
Please see attached.

3. The address, including number and street, if any, of the principal place of business (P.O. Box alone is not acceptable):

| 6985 Union Park Center, Suite 435 | Midvale | Utah | 87047 | |
|---|---|---|---|---|
| Number and street | City | State | Zip | County |

4. The name and address, including number and street, if any, of each individual interested in the business is:

| Name | Number and Street | City | State |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

PA. DEPT OF STATE

2006 OCT 25 PM 12: 23

PA. DEPT OF STATE

2006 NOV - 7 PM 4: 29

**Exhibit F**

DSCB:54-311-2

**5. Each entity, other than an individual, interested in such business is (are):**

| GMAC Automotive Bank | Corporation | Utah |
|---|---|---|
| Name | Form of Organization | Organizing Jurisdiction |

6985 Union Park Center, Suite 435,  Midvale, UT  87047
Principal Office Address

c/o Corporation Service Company                    Dauphin County, PA
PA Registered Office, if any

| | | |
|---|---|---|
| Name | Form of Organization | Organizing Jurisdiction |

Principal Office Address

PA Registered Office, if any

**6.** The applicant is familiar with the provisions of 54 Pa.C.S. § 332 (relating to effect of registration) and understands that filing under the Fictitious Names Act does not create any exclusive or other right in the fictitious name.

**7. Optional):** The name(s) of the agent(s), if any, any one of whom is authorized to execute amendments to, withdrawals from or cancellation of this registration in behalf of all then existing parties to the registration, is (are):
N/A

IN TESTIMONY WHEREOF, the undersigned have caused this Application for Registration of Fictitious Name to be executed this
16th day of October, 2006

_____          _____
Individual Signature                              Individual Signature

_____          _____
Individual Signature                              Individual Signature

GMAC Automotive Bank Corp.
_____          _____
Entity Name                                   Entity Name

By: _Donna M. DiCicco_____                 _____
Signature                                     Signature

Donna M. DiCicco, Assistant Secretary
_____          _____
Title                                         Title

**Exhibit F**

### Trade Name Application

The institution will engage in the purchase, origination or sale of loans, including mortgage loans, residential construction and lot loans, commercial real estate loans, educational loans, and lines of credit; conduct wholesale floor-plan financing and mortgage warehouse lending operations; purchase retail installment sale and lease contracts; and engage in custodial trust services and other fee-based services.

**Exhibit F**



# pennsylvania
### DEPARTMENT OF BANKING

MARKET SQUARE PLAZA | 17 N SECOND STREET, SUITE 1300 | HARRISBURG, PA 17101-2290
Ph 717.787.2665 Fx 717.787.8773 w www.banking.state.pa.us

November 6, 2006                    (717) 783-2253


Ms. Wendy Smith
CBC - Harrisburg
Suite B
2704 Commerce Dr.
Harrisburg, PA 17110

Dear Ms. Smith:

This will advise you that the Department of Banking (the "Department")
does not object to the use of the fictitious name "GMAC Bank."

It is understood that your client is GMAC Automotive Bank, a Utah
state-chartered bank that wishes to engage in the purchase,
origination, or sale of loans including mortgage loans, residential
construction and lot loans, commercial real estate loans, educational
loans, and lines of credit. It is further understood that your client
is authorized to do business in the Commonwealth of Pennsylvania.

The Department's position is based on the facts, conditions, and
representations made in your facsimile of October 31, 2006, and
subsequent statements you made to me over the telephone on November 6,
2006. Any changes in those facts, conditions, or representations
could result in a reversal of the Department's position.

                                Very truly yours,

                                Leonard C. Bayich
                                Administrator - Corporate
                                Applications Division

LCB:kse

**Exhibit F**



*WHEN RECORDED MAIL TO:*
*PHELAN HALLINAN & SCHMIEG*
*400 Fellowship Road*
*Suite 100*
*Mt. Laurel, NJ 08054*
*LOAN NO.*
*F & P #GMAC-2443*



## *ASSIGNMENT OF MORTGAGE*

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems Inc. as a nominee for GMAC Bank its successors and assigns, the undersigned, as beneficiary or successor thereto, whose address is **P.O. Box 2026 Flint MI 48501**, hereby grants, conveys, assigns and transfers unto GMAC MORTGAGE, LLC, whose address is c/o of GMAC Mortgage Corporation, 1100 Virginia Drive, Fort Washington, PA 19034, its successors and assigns, all beneficial interest under that certain Mortgage dated March 8, 2006. Said Mortgage is recorded in the State of New Jersey, County of PASSAIC.

*Mortgage Recorded: March 22, 2006*
*Original Mortgage Company: ATLANTIC STEWARDSHIP BANK, ITS SUCCESSORS AND ASSIGNS*
*Original Mortgagors: KAREN BAREL AND ARIEL BAREL*
*Original Loan Amount: $255,000.00*
*Book: M7362*
*Page: 281*
*Property Address: 114 WARBLER DRIVE, WAYNE, 07470*

TOGETHER with the Bond, Note, or other Obligation therein described or referred to, and the money due and to become due thereon, with the interest.

TO HAVE AND TO HOLD the same unto the said Assignee, its successor and assigns, forever subject only to all the provisions contained in the said Mortgage and the Bond, Note or other Obligation. And the said Assignor hereby constitutes and appoints the Assignee as the Assignor's true and lawful attorney, irrevocable in law or in equity, in the Assignor's name, place and stead but at the Assignee's cost and expense to have, use and take all lawful ways and means for the recovery of all the said money and interest; and in case of payment, to discharge the same as fully as the Assignor might or could do if these presents were not made.

## Exhibit G

*I AGREE TO THE TERMS OF THIS ASSIGNMENT.*

*Witnessed or Attested by:*

*Judith T. Romano* (Seal)

Judith T Romano,    Assistant Secretary
and Vice President

## NOTARY ACKNOWLEDGMENT

**CAPACITY CLAIMED BY SIGNER:** Assistant Secretary and Vice President

**OF**    Mortgage Electronic Registration Systems Inc. as a nominee for GMAC Bank its successors and assigns

**STATE OF**    *Pennsylvania*
**COUNTY OF** *Philadelphia*

On,    9/19/08    , before me, **Eugene Jaskiewicz**, a Notary Public, personally appeared Judith T Romano Assistant Secretary and Vice President, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same in her authorized capacity and that by her signature on the instrument, the entity upon behalf of which the person acted executed the instrument.

*WITNESS my hand and official seal.*

Eugene
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
EUGENE JASKIEWICZ, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 13, 2012



END OF DOCUMENT

**Exhibit G**