1   Alan Moss
    P.O. Box 721
2   Moss Beach CA 94038
    Telephone:  (415)494-8314
3   Facsimile:  (650)728-0738

4   Attorney *In Pro Per*

5

6

7

8       OCT 16 2014

9       U.S. BANKRUPTCY COURT
        SO DIST OF NEW YORK

10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

11

12                                    )   BANKRUPTCY CASE No. 12-12020-MG
                                      )   CHAPTER 11
13  IN RE:                            )
                                      )   Jointly Administered
                                      )   (Executive Trustee Services, Case No. 12-
14                                    )   12028)
                                      )
15  RESIDENTIAL CAPITAL, LLC, *ET*    )   RESPONSE IN OPPOSITION TO RESCAP
    *AL.*                             )   BORROWER CLAIMS TRUST'S *SEVENTY-
16                                    )   FIFTH* OMNIBUS OBJECTION TO CLAIMS
                                      )   [Claim No. 4445]
17                        Debtors.)       Hearing Date: November 13, 2014
                                      )   Hearing Time: 10:00 A.M.
18

19          Claimant, **ALAN MOSS**, otherwise identified in the Notice to this motion,

20  dated September 17, 2014, as Claim No. 4445, hereby opposes and objects to the debtor's

21  Seventy-Fifth Omnibus Objection as it applies to him.[1]

22  ─────────────────────

23      [1] It is unclear to claimant the procedural aspects of this motion.  Admittedly not know-
    ledgeable in the bankruptcy process, it nonetheless appears unfair to appoint counsel to represent a
24  class of claimants in this complex litigation process, have these counsel supposedly advise these
    claimants, advise and recommend to these claimants that they vote to approve a reduction in their
25  claims to 31% of the value of their claims, without being informed that their claims would then be

26  ─────────────────────
    OPPOSITION OF ALAN MOSS [CLAIM No. 4445]
    TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
    TION TO CLAIMS                                    BANKRUPTCY ACTION No. 12-12020-MG

1    The debtor fundamentally misunderstands the nature and basis of this claim,

2  and as a result, wrongfully opposes the claim. Debtor's objection to this claim is unfounded

3  and cannot serve as a basis to disallow this claim.

4    Debtor evidently believes, and so argues(from its asserted diligent review of

5  all the files[2]), that the basis of this claim is essentially a wrongful foreclosure claim. From

6  that, the debtor argues that the claim is fallacious. In taking such an untenable position,

7  debtor ignores the years of litigation involved in this matter, and essentially sweeps it away

8  in but a few sentences.

9    Even a cursory review of the relevant documents, attached to the Moss De-

10  claration filed herewith, demonstrates that is not the case. Rather, this claim is founded on

11  the *negligence* of debtor's subsidiary, Executive Trustee Services(hereinafter "ETS"), pur-

12  suant to California law. It is not based on wrongful foreclosure. ETS was made a part of this

13  action, as Action No. 12-12028, when this action became jointly administered.

14

15

16  subsequently challenged, and told that the claims would be paid by the fourth quarter of 2014. When
this motion was received, the undersigned called who he thought were his counsel and was told they

17  are no longer involved in the case, and that the counsel for the debtor should be called—counsel who
were adverse to his interests. And this is after the counsel for debtor sought additional time within

18  which to review the pending claims, and the court grants it, notwithstanding that during the entire
process, and central to the advice received by the claimants, was the time limits within which these

19  matters would be resolved. This does not appear to be fair or in the best interests of these claimants.

20  Counsel for the unsecured creditors were evidently no longer involved in this matter, already having
been paid, and thus this group of claimants were essentially unrepresented when further time was

21  sought. In addition, the undersigned received the motion for additional time on the very date that
any opposition was due, thus making it impossible to bring this to the attention of the court.

22

23  [2] "To assess the validity of these claims, the Trust reviewed the Debtors' books and
records, including the claimant's mortgage or deed of trust, documents relating to chain of

24  ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal
Servicing Notes. See Horst Decl. at ¶ 7(vi). Based on its review, the Trust has determined

25  that the Debtors are not liable...." *See* Debtor's supporting Memorandum at P. 10 thereof.

26

# I.

## UNDERLYING FACTS RELEVANT TO THIS MOTION

On July 22, 2009, this claimant filed a lawsuit against The Bank Of New York, who as the latest assignee on title, was attempting to foreclose on claimant's home. *See Moss vs. The Bank of New York*, Action No. 486130, Superior Court of California, County of San Mateo (hereinafter the "BONY Complaint").[3] The complaint alleged multiple causes of action, asserting essentially wrongful foreclosure and related causes of action.[4] The action was removed to Federal District Court shortly thereafter.[5] The action remained there until July 5, 2012 when it was remanded back to the California Superior Court, San Mateo County.[6] During the time that the action was in the District Court, it was subjected to three motions pursuant to FRCP 12(b)(6), and was amended three more times, resulting in the operative complaint entitled Fourth Amended Complaint, filed in the U.S. District Court on November 22, 2011. This action was resolved four years later, by agreement of the parties, in November 2013.

As a separate and distinct matter, claimant filed a separate lawsuit against a dif-

---

[3] *See* the Declaration of Alan Moss(hereinafter "Moss Declaration"), attached hereto and made a part hereof, at **Exhibit 2** . This is the original complaint. It was later amended at **Exhibit 3.** As set forth therein, the matter was removed to Federal Court, where the complaint was the subject of three motions pursuant to FRCP 12(b)(6) which resulted in the Fourth Amended Complaint, the operative complaint in this litigation, which is **Exhibit 4,** and after a period of two-plus years, was then remanded back to State court.

[4] The original complaint, as filed, alleged causes of action for (1) set aside trustee sale due to sale being void, (2) set aside trustee sale due to sale being voidable, (3) set aside sale as to Lot 20 as void, (4)estoppel, (5) quiet title, (6) intentional infliction of emotional distress, (7) breach of contract, (8) violation of one action rule, (9) accounting, and (10)cancellation of recorded documents.

[5] The Federal court assigned the action number of CV-10-1734 JSW to this action.

[6] Once the action returned to the California Superior Court, it recaptured its original action number.

---

1    ferent entity, Executive Trustee Services, LLC(hereinafter "ETS"), the alleged trustee on the

2    note, for *negligence*. *See Moss vs. Executive Trustee Services, LLC et al.*, Action No.

3    505386, filed May 5, 2011.[7] This lawsuit was based on theories of negligence, negligence

4    *per se*, fraud, and intentional infliction of emotional distress. It was not founded on anything

5    to do with wrongful foreclosure. It did not seek to undo the foreclosure sale. It sought mo-

6    netary damages only. When defendant failed to answer, Claimant herein took the default of

7    ETS. In California, default is taken first, then judgment by default is taken as a separate

8    matter. Claimant filed papers seeking judgment by default, and a few days before the

9    scheduled hearing regarding entry of judgment on this was to be held in court, ResCap filed

10   a motion to set aside the default, delaying the hearing, and then this bankruptcy action

11   followed. ETS then filed its motion for a stay, the present posture of the case.

12

13                                  **II.**

14                    **BASES OF DEBTOR'S MOTION**

15            Debtor submits that this claim is a "standing issue" claim, and that there is no

16   liability on the part of debtor because the debtor's attorneys have reviewed the necessary files

17   and so "determined" there is no liability[8]

18            There are three separate bases set forth in debtor's motion: (1) the supporting

19   memorandum, (2) the supporting Declaration of Deanna Horst, and (3) the proposed Order.

20   ///

21

22        ───────────────
         [7] *See* **Exhibit One**, Moss Declaration, attached hereto and made a part hereof.

23        [8] One reasonably wonders how such review could reasonably be accomplished when so

24       many cases have had to be reviewed, on files of such complexity, that had been litigated for so long
         in so many different jurisdictions. For example, in the instant case, the basic facts set forth are com-

25       pletely wrong–including even so basic fact as the filing dates.

26   ───────────────────────────────────────────
     Opposition Of Alan Moss [Claim No. 4445]
     To Debtor's Seventy-Fifth Omnibus Objec-
     tion To Claims                          - 4 -        BANKRUPTCY ACTION NO. 12-12020-MG

## A. DEBTOR'S SUPPORTING MEMORANDUM TO ITS MOTION

This "standing issue" is more fully set forth in the memorandum to the motion at P. 10 thereof(As filed, P. 14 of 21 to the "main document") as:

> "(vi). **_Standing Issues._** This category includes claims alleging that the Debtors lacked the standing to service, foreclose or otherwise enforce the terms of the claimant's loan(the "Standing Issues Claims"). To assess the validity of these claims, the Trust reviewed the Debtors' books and records, including the claimant's mortgage or deed of trust, documents relating to chain of ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal Servicing Notes. See Horst Decl. at ¶ 7(vi). Based on its review, the Trust has determined that the Debtors are not liable for the Standing Issues Claims because the Debtors had proper authority to service or foreclose the loan and to enforce the terms of the claimant's loan on behalf of the owner of the loan. See id.

> To substantiate this determination, the Trust is prepared to provide the Court sand each claimant whose claim is identified as a Standing Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the fol-lowing types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted busi-ness activities: [list of documents(8) omitted]."

## B. THE HORST DECLARATION

The "Horst Declaration" referenced immediately hereinabove refers to the Declaration of Deanna Horst, which is attached to the motion as Doc 7552-3; Ms. Horst states she is the "Chief Claims Officer for The ResCap Liquidating Trust." This document states, in relevant part, as follows(at P. 5 of 11):

> "(ii). **_General Standing Issues._** This category includes claims based on general servicing issues, including assertions that a Debtor misapplied mortgage payments, provided incorrect information or reporting to the claimant, made improper collection calls, failed to release a lien on a timely basis, failed to respond to Qualified Written Requests, wrongfully transferred servicing or wrongfully sold the claimant's loan(the "General Servicing Issues Claims."). To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed Debtors'

1   books and records that were prepared and kept by the Debtors in
the course of their regularly conducted business activities, in-
2   cluding the Internal Servicing Notes, Loan Payment History,
letters between the Debtor and the applicable Borrower(s), exe-
3   cuted mortgage notes and deed of trust, and other relevant docu-
ments that are specifically identified in the Objection. See Ob-
4   jection at pp. 8-9.

5   Based on this review, the General Servicing Issues Claims are
not valid obligations of the Debtors because: (a) the alleged
6   events involving General Servicing Issues never took place; (b)
the Debtor remedied the alleged error or mishandling, and as a
7   result, the Claimant did not incur any damages or failed to pro-
vide evidence of damages; and/or © the Debtor acted properly
8   in servicing the loan, in accordance with the Debtors' standard
policies and procedures and the terms of the executed note and
9   deed of trust."

10

## C. THE PROPOSED ORDER

11
At Doc 7552-2, filed September 17, 2014, Exhibit One, Proposed Order, Page
12
21 of 64, (Page 16 of 59 of Exhibit 1), Item #8, debtor states the *sole* basis of its motion as
13
applies to the undersigned:
14
"Debtor, Executive Trustee Services ("ETS"), involvement with Claim-
15   ant's loan was limited to acting as substitute trustee to conduct a non-
judicial foreclosure. CJ Mortgage Inc. originated the loan on June 22,
16   2005. Debtor GMAC Mortgage, LLC serviced the loan from March
14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on
17   February 16, 2013.

18   On May 5, 2011 Claimant filed litigation against Bank of New York,
Superior Court, San Mateo County, CA Case No. CIV486130, as inves-
19   tor of the loan. In the complaint, Claimant seeks to void the foreclosure
because Claimant states ETS lacked authority to foreclose. Speci-
20   fically, Claimant asserts that ETS lacked authority to foreclose. Speci-
fically, Claimant asserts that ETS lacked authority because the appoint-
21   ment of substitute trustee was invalid.

22   Also on May 5, 2011, Claimant filed a parallel lawsuit against ETS, Su-
perior Court, San Mateo County, CA, Case No. CIV505386, with the
23   same allegations. For unknown reasons, ETS did not enter an appear-
ance and on June 17, 2011 default was entered. A Motion To Set Aside
24   the Default was filed on April 4, 2012 and was not heard by the court
before the case was stayed.

25

26
OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
TION TO CLAIMS                                    - 6 -          BANKRUPTCY ACTION NO. 12-12020-MG

In November 2013, Bank of New York, through Ocwen as successor servicer, completed a settlement with the Claimant which included a dismissal with prejudice of the case against Bank of New York(which included the same claims as in the ETS lawsuit).

***Debtor has no liability for Claimant's lack of standing claim related to the authority of ETS to act as substitute trustee.*** California Civil Code §2934a, subdivision (d), which provides in salient part: "A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents. Nothing herein requires that a trustee under a recorded substitution accept the substitution. Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."(Emphasis supplied.)"[9]

# III.

# ARGUMENT

## A.   RESCAP ERRONEOUSLY CONFLATES THE "ETS" COMPLAINT WITH THE "BONY" COMPLAINT

Even a cursory review of the BONY complaint((Exhibits 1 and 2) reveals that ETS is never mentioned.  ETS was not faulted in these BONY complaints.  ETS was mentioned once in Exhibit 4, but only as to its appearance in the recorded title documents

ResCap's statements in its supporting documents concerning ETS are simply wrong.

It is true that ResCap and its predecessors did many things wrong regarding the attempted foreclosure on claimant's home.  And how the attorneys for ResCap can so smugly insinuate that they have reviewed the entire process and they are confident that the process

---

[9]  The dates set forth are patently incorrect, even on so simple a matter as the filing date of the various complaints, which is verifiable from the documents attached to the Declaration of Alan Moss filed herewith.

1   was legal and correct and error-free is beyond the understanding of claimant. This matter

2   was litigated for four-plus years, encompassing volumes and volumes of docket entries in

3   both state(*see* **Exhibit 6**, which covers July 2009 - May 2010 and July 2012 - January 2014)

4   and Federal court(*see* **Exhibit 7** which covers April 2010 - July 2012 ).[10]  It was hardly a

5   simple matter, and it was hardly centered on California Civil Code §2934a, which is the basis

6   of debtor's conclusion that it had done everything right, and claimant's claim was without

7   basis.[11]

8         In comparison, the ETS matter was based solely on California law, which gives

9   rise to a complaint for negligence arising out of a trustee's duties. This is of particular note

10   since California is not a mortgage state, it is a deed of trust state. But nowhere in ResCap's

11   papers has this been explained to the Court.

12         The parties and causes of action can be succinctly summarized as follows:

13

14

| CASE NAME DEFENDANT | CAPTIONED PARTIES | CAUSES OF ACTION LISTED IN CAPTION OF COMPLAINT |
|---|---|---|
| State Lawsuit: "ETS" Superior Court, County of San Mateo, Action No. CIV505386 | ALAN IRVING MOSS VS. EXECUTIVE TRUSTEE SERVICES, LLC F/K/A/ EXECUTIVE TRUSTEE SERVICES, INC. | COMPLAINT FOR (1). Negligence (2). Negligence *per se* (3). Fraud (4). Intentional Infliction of Emotional Distress (5). Negligent Infliction of Emotional Distress |

15

16

17

18

19

20

21

22

23    [10]  The docket sheet for the ETS matter is enclosed as Exhibit 5.

24    [11]  California Civil Code §2934a is an extremely complex statute, and has been the subject

25   of years of litigation, interpretation, treatise review and numerous court decisions. It is unclear how counsel for debtor can acquire such expertise so quickly as to opine as it does.

26

| Federal Lawsuit: "BANK OF NEW YORK" ("BONY")<br><br>U.S. District Court, Northern District of California, Action No. CIV 10-1734 | ALAN IRVING MOSS<br>VS.<br>THE BANK OF NEW YORK | FIRST AMENDED COMPLAINT<br>1. Set Aside Trustee Sale<br>2. Fraud<br>3. Estoppel<br>4. Quiet Title<br>5. Intentional Infliction of Emotional Distress<br>6. Declaratory Relief<br>7. Accounting |
|---|---|---|

The bottom line is that the two actions are not similar, are based on different legal theories, and ResCap is totally wrong. In the BONY matter, claimant was invoking equity. In the ETS matter, claimant was, and is, seeking monetary damages, not equitable relief.

Thus, ResCap's motion must be denied as to this claimant.

**B.    THE "BONY" COMPLAINT SOUNDS IN EQUITY, THE ETS COMPLAINT SOUNDS IN NEGLIGENCE.**

As can be seen from even a cursory review of the exhibits provided, the BONY complaints(i.e., the original complaint(Exhibit 2), the First Amended Complaint(Exhibit 3), and the operative complaint, the Fourth Amended Complaint(Exhibit 4) all seek equitable relief. They do not seek damages. They seek to set aside a foreclosure sale and restore the undersigned to his rightful position as the owner of the property, his residence of thirty years.

In contrast, the ETS complaint(Exhibit 1) is a tort case, sounds in negligence only, and is only seeking monetary damages. Pointedly, it does not seek equitable relief. The complaint seeks damages, under California law, for the negligent behavior of ETS, who was purported to be serving as the trustee on the foreclosure sale. Whereas the two complaints may arise from the same general facts, the theories of recovery, and the recovery sought, are

1  totally different.

2       The debtor's arguments to strike the instant claim may be pertinent as to the

3  BONY complaint, *which is not the basis of this claim,* but they are clearly irrelevant to the

4  ETS complaint, which is the basis of this claim.  Whether or not the foreclosure process, un-

5  der California law, was done properly or not, *the sole basis of debtor's objection,* has nothing

6  to do with the legitimacy of this claim pursuant to the ETS complaint.  The ETS complaint

7  sought monetary damages for negligent activities.  The claim is proper in all respects.

8

9  C.    **THE DEBTOR'S ASSERTED DEFENSE TO THIS CLAIM IS ERRONEOUS IF NOT**

10       **IRRELEVANT.**

11       The bases asserted by debtor in its Motion are entirely misplaced.

12       In its supporting Memorandum, the debtor asserts in relevant part:

13           "Based on its review, the Trust has determined that the
             Debtors are not responsible for the Standing Issues
14           Claims *because the Debtors had proper authority to
             service or foreclose the loan and to enforce the terms of*
15           *the claimant's loan on behalf of the owner of the loan."*

16
   As pointed out above, this claim has nothing to do with servicing the loan.  The claim in the
17
   ETS complaint is founded on negligence.  And even if this were not so, the debtor would
18
   seem to have an inherent conflict of interest in making such a conclusionary statement based
19
   on its own "review" of the supposed files.  In this case, the litigation took place over four and
20
   a half years, and included volumes of documents, not including the internal documents of the
21
   servicer.  And in the end, the case resolved by way of settlement.  It would not be misplaced
22
   to conclude that the servicer would not have settled the case if it had done everything
23
   properly.  How then can the debtor assert that their review demonstrated that everything had
24
   been properly done.  And this ignores the fact that this servicer was held in contempt in
25

26

1   numerous courts throughout the United States, and done so because of lying under oath,

2   deliberately falsifying notary records and notarizations, and more. Such an argument simply

3   begs credulity.

4        Further, the Horst declaration does not add any substance and support to the

5   debtor's argument–for the very same reasons as the Memorandum. The Horst Declaration

6   states in relevant part:

7             "Based on its review, the Trust has determined that the
                Debtors are not liable for the Standing Issues Claims
8             because the Debtors had proper authority to service or
                foreclose the loan and to enforce the terms of the
9             claimant's loan on behalf of the owner of the loan."

10

11   This is identical to the language of the Memorandum, and thus the arguments asserted

    hereinabove as to the Memorandum equally apply here, and are incorporated by reference.
12

13        Lastly, the proposed Order served with the Motion contains the same language

    and should be stricken for the reasons asserted hereinabove.
14

15

16   **D.**   **DEFAULT WAS DULY ENTERED AGAINST DEBTOR ON THE ETS COMPLAINT AND**

17        **BUT FOR THE FILING OF THIS BANKRUPTCY ACTION, WOULD HAVE GONE TO**

         **JUDGMENT FOR THE AMOUNT PRAYED FOR.**
18

19

20        Had the ETS matter gone to judgment, claimant would be a secured creditor.

21   Claimant had completed all of the procedural aspects of obtaining a judgment, save for

22   hearing required. This hearing date was scheduled with the court, but this bankruptcy filing

    occurred prior to that date.
23

24        In California, entry of judgment by default is preceded by the entry of default.

25   In a negligence action, a Statement of Damages must be filed prior to seeking a judgment by

26

default. The dates relevant to this motion are as follows:[12]

    1. ETS COMPLAINT FILED: . . . . . . . . . . . . . . . . . . . . . . . . . . . 5/5/11

    2. ETS COMPLAINT SERVED: . . . . . . . . . . . . . . . . . . . . . . . . . . . 5/11/11

    3. ETS POS FILED: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6/2/11

    4. DEFAULT ENTERED: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6/17/11

    5. ETS STATEMENT OF DAMAGES SERVED: . . . . . . . . . . . . . . . . . . . . 8/9/11

    6. STATEMENT OF DAMAGES POS FILED: . . . . . . . . . . . . . . . . . . . 8/22/11

    7. DEADLINE TO GET JUDGMENT *PER* COURT ORDER: . . . . . . . . . . . . 3/ 7/12

    8. PROVE-UP HEARING SCHEDULED: . . . . . . . . . . . . . . . . 3/1/12 FOR 3/9/12

ETS filed a motion to set aside the default which placed on the hold the prove-up hearing.
It withdrew that motion and filed a second motion on April 4, 2012 to be heard May 31,
2012.

    This bankruptcy filing was done on May 11, 2012, thus halting the entire
process before the hearing could be held on entering an actual money judgment. But the
documents to do so were duly and timely filed with the court and remain there to this day.

## CONCLUSION

    It would be interesting to discover just how much time the debtor spent
reviewing the files on this claim. The debtor so fundamentally misunderstood this claim that
it calls into question the validity of its representations to the court of how it made its
determinations. But it is beyond cavil that debtor's challenge to this claim is inappropriate
and just plain wrong, and that debtor has totally misconstrued this claim.

---

[12] *See* Declaration of Alan Moss filed herewith, ¶2.

1           For the foregoing reasons, and each of them, the debtor's motion as to this

2    claimant and claim should be denied, and the claim allowed.

3

4    Dated: October *13*, 2014.                              Respectfully submitted,

5

6    _____

7                                                            ALAN MOSS

8                                                         Attorney In Pro Per
                                                            P.O. Box 721
9                                                        Moss Beach CA 94038

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone: (415)494-8314
3  Facsimile:   (650)728-0738

4  Attorney *In Pro Per*

RECEIVED

OCT 16 2014

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| IN RE:<br><br>RESIDENTIAL CAPITAL, LLC, *ET AL.*<br><br>                        Debtors. | BANKRUPTCY CASE NO. 12-12020-MG<br>CHAPTER 11<br><br>Jointly Administered<br>(Executive Trustee Services, Case No. 12-12028)<br><br>**DECLARATION OF ALAN MOSS IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S *SEVENTY-FIFTH* OMNIBUS OBJECTIONS TO CLAIMS**<br>[Claim No. 4445]<br>Hearing Date: November 13, 2014<br>Hearing Time: 10:00 A.M. |

Claimant, ALAN MOSS, declares as follows:

I am the Claimant in Claim NO. 4445. If called to testify, I would aver as follows:

1. Attached hereto and made a part hereof as **Exhibit 1** is a true and correct copy of the complaint I filed *in pro per* in the case of *Alan Moss vs. Executive Trustee Services et al.*, Action No. CIV505386, State of California, County of San Mateo Superior

1   Court, denoted hereinafter as the "ETS complaint." This document bears the official "file"

2   stamp of the clerk of the court, with the file date of May 5, 2011;

3        2.   As set forth on the first page of the ETS complaint, it alleges causes of

4   action only for (1) negligence, (2) negligence *per se*, (3) fraud, (4) Intentional Infliction of

5   emotional distress, and (5) negligent infliction of emotional distress.

6        3.   The ETS complaint is still pending in California's San Mateo County

7   Superior Court, but has been "stayed" because of this bankruptcy.

8        4.   Attached hereto and made a part hereof as **Exhibit 2** is a true and correct

9   copy of the original complaint I caused to be filed in the case of *Alan Moss vs. The Bank Of*

10  *New York Trust Company et al.*, Action No. CIV 486130, Superior Court of California,

11  County of San Mateo, denoted hereinafter as the "BONY Complaint." This document bears

12  the official "file" stamp of the clerk of the court, with the file date of July 22, 2009.

13       5.   I amended this Complaint on March 16, 2010 when I filed *in pro per* my

14  First Amended Complaint against The Bank of New York Trust Company.   A true and

15  correct copy of this complaint is attached hereto and made a part hereof as **Exhibit 3.**

16       6. This action was removed to the United States District Court for the Northern

17  District of California on April 22, 2010.

18       7.   Attached hereto and made a part hereof as **Exhibit 4** is a true and correct

19  copy of the Fourth Amended Complaint I filed *in pro per* in the case of *Alan Moss vs. The*

20  *Bank Of New York Trust Company et al.*, Civil Action No. CV 10 1734 JSW, United States

21  District Court, Northern District of California, denoted hereinafter as the "BONY

22  Complaint." This document bears the official "file" stamp of the clerk of the court, with the

23  file date of November 2, 2011.   This complaint is the result of three separate motions

24  pursuant to FRCP 12(b)(6).   **Exhibit 4** was the operative complaint in this matter.   This

25

26

1  complaint alleged causes of action for (1) Set Aside Trustee Sale Due To Sale Being Void;

2  (2) Estoppel; (3) Intentional Infliction of Emotional Distress; (4) Breach of Contract; and (5)

3  Cancellation of Recorded Documents.

4         8.  Attached hereto and made a part hereof as **Exhibit 5** is a true and correct

5  copy of the docket sheet in *Moss vs. ETS*, Action No. 505386, State of California, San Mateo

6  County Superior Court.

7         9. Attached hereto and made a part hereof as **Exhibit 6** is a true and correct

8  copy of the docket sheet in *Moss vs. The Bank of New York Trust Company*, Action No.

9  486130, State of California, San Mateo County Superior Court.

10        10.  Attached hereto and made a part hereof as **Exhibit 7** is a true and correct

11  copy of the docket sheet in *Moss vs. The Bank of New York Trust Company*, Action No. 10-

12  1734, U.S. District Court, Northern District of California..

13

14       I declare under penalty of perjury under the laws of California that the foregoing is

15  true and correct and that this Declaration was executed on the _13_ th day of October,

16  2014.

17

18

19                   ALAN MOSS

20

21

22

23

24

25

26

# EXHIBIT ONE

1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:  (415)296-7500
3  Facsimile:   (650)728-0738

4  Attorney *In Pro Per*

(ENDORSED)
**FILED**
SAN MATEO COUNTY

MAY 5 ~ 2011

Clerk of the Superior Court
By        G. Lacey
         DEPUTY CLERK

5

6

7

8              SUPERIOR COURT OF CALIFORNIA
9          IN AND FOR THE COUNTY OF SAN MATEO

10

11  ALAN IRVING MOSS,               )      **CIV 5 0 5 3 8 6**
                                    )
                                    )      Action No.
12                    Plaintiff,)
                                    )
13                                  )      COMPLAINT FOR
                                    )      (1). Negligence
          vs.                       )      (2). Negligence *per se*
14                                  )      (3). Fraud
                                    )      (4). Intentional Infliction of
15  EXECUTIVE TRUSTEE SERVICES, LLC )          Emotional Distress
    F/K/A EXECUTIVE TRUSTEE SERVICES,)      (5). Negligent Infliction of
16  INC., AND DOES 1-50, INCLUSIVE  )          Emotional Distress
                                    )
17                                  )
                      Defendants.)
18  _____)

19  Plaintiff ALAN IRVING MOSS alleges as follows:

20        1. Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned

21  was, an individual residing in the County of San Mateo, California.

22        2. Defendant  EXECUTIVE TRUSTEE SERVICES, LLC F/K/A EXECU-

23  TIVE TRUSTEE SERVICES, INC., (hereinafter "ETS") is, and at all times hereinafter men-

24  tioned was, a business of unknown legal origin and form.

25        3. The true names and capacities, whether individual, corporate, associate or

26

COMPLAINT                                                    ACTION NO.

1   otherwise, of defendants sued herein as Does I through 50, inclusive, are unknown to plaintiff,

2   who sue said defendants by such fictitious names; plaintiff will amend this Complaint to show

3   the true names and capacities if and when the same are ascertained; and plaintiff is informed

4   and believes, and thereon alleges, that said defendants, and each of them, are responsible in

5   some manner for plaintiff's damages as herein alleged.

6        4. Plaintiff is informed and believes, and thereon alleges, that at all times herein

7   mentioned, each of the defendants was the agent of the remaining defendants and, in doing

8   the things herein alleged, was acting within the course and scope of such agency.

9        5. Plaintiff has owned and resided in the property located at 86 San Lucas,

10  Moss Beach, California(the "property"), within the County of San Mateo, continuously from

11  1984 to the present. The legal description of the property, as contained in the official records

12  of San Mateo County, is APN No. 037-275-120, Lots 22 and 23, Blk. 13, Riviera Ocean

13  Villa.

14       6. According to actions taken by defendant hereinafter described, the subject

15  property also included Parcel No. 037-275-170, Lot 20 when it was encumbered by the finan-

16  cial instrument which is the subject of this lawsuit. Lot 20 is not contiguous to Lots 22 and

17  23, but rather is separated by a legally separate lot, Lot 21.

18       7. On or about June 22, 2005, plaintiff took out a loan against the subject pro-

19  perty, as evidenced by a Note. Plaintiff was the borrower. CJ Mortgage, Inc. was the lender.

20       8. The Note was secured by a Deed of Trust, in which the purported parties

21  were: CJ Mortgage, Inc. as the beneficiary, Alliance Title was the trustee, and plaintiff was

22  the trustor. Said Deed of Trust described the property as APN 037-275-170-6. Said instru-

23  ment was recorded on July 5, 2005.

24       9. The County of San Mateo does not contain any APN number with the des-

25  cription 037-275-170-6.

26

COMPLAINT                                    - 2 -                                    ACTION NO.

1        10.  The original lender, CJ Mortgage, Inc. drafted both the Note and Deed of

2    Trust.  Plaintiff took no part in the drafting of these documents, which were drafted so as to

3    bifurcate the debt(Note) from the security(Deed of Trust) in order to, on information and be-

4    lief, facilitate the creation of certain securitized investment vehicles.

5        11.  According to public records on file with the Recorders Office of San Mateo

6    County, on or about June 27, 2005, said property was allegedly assigned to Option One Mort-

7    gage Corporation by CJ Mortgage Inc.  The trustee listed in said assignment was Alliance

8    Title.  Said alleged assignment was recorded on April 4, 2007.  A true and correct copy of said

9    assignment as contained in the official records of the County of San Mateo is attached hereto

10    as Exhibit 2.  Plaintiff herein never received notice of said assignment.  Said instru-ment was

11    recorded on July 5, 2005.

12        12.  On or about October 26, 2005, Option One Mortgage Corporation prepared

13    a document entitled "Substitution of Trustee," in which it substituted Premier Trust Deed Ser-

14    vices Inc. as trustee in place and stead of Alliance Title.  Said document was recorded on

15    February 3, 2006.  A true and correct copy of said assignment as contained in the official re-

16    cords of the County of San Mateo is attached hereto as Exhibit 3.

17        13.  On or about October 26, 2005, an entity set forth as "TCIF REO2, LLC"

18    prepared a document entitled "Substitution of Trustee," in which it claims to be the "present

19    beneficiary" and claims to substitute "Executive Trust Deed Services, LLC FKA Executive

20    Trust Deed Services, Inc." as trustee in place and stead of, on information and belief, Premier

21    Trust Deed Services Inc.  Said document was recorded on November 10, 2006.  This docu-

22    ment was signed in Pennsylvania by a Margie Kwaitanowski, as vice-president of TCIP

23    REO2, LLC. On or about October 25, 2005, Ms. Kwaitanowski was actually employed by

24    GMAC in Pennsylvania, a business entity of unknown legal form.  In addition, the notary on

25    the document was Brenda Staehle, who was also an employee of GMAC.  A true and correct

26

1  copy of said assignment as contained in the official records of the County of San Mateo is at-

2  tached hereto as Exhibit 4.

3        14. On or about October 26, 2005, TCIF REO2, LLC was not the present bene-

4  ficiary under the deed of trust referred to hereinabove, nor had it been assigned the deed of

5  trust as of that date.

6        15. On or about November 10, 2006, TCIF REO2, LLC was not the present be-

7  neficiary under the deed of trust, nor had it been assigned the deed of trust as of that date.

8        16. According to public records on file with the Recorders Office of San Mateo

9  County, on or about September 15, 2007, said property was allegedly assigned to "TCIF,

10  LLC" by Option One Mortgage Inc.  The signature of the officer of the assignor was notar-

11  ized more than four months prior to the signature of the representative of the assignor, on May

12  7, 2007; the date of May 7, 2007 was interlineated by handwriting after a typed date of May

13  8, 2008 was crossed out.  The document was allegedly notarized on May 7, 2007; the "7" of

14  the "2007" date was written by hand over the "8" of the typed "2008."  Plaintiff is informed

15  and believes, and on that basis alleges, that this document was actually signed and notarized

16  on My 8, 2008.  Said alleged assignment was recorded on June 16, 2008.  A true and correct

17  copy of said assignment as contained in the official records of the County of San Mateo is at-

18  tached hereto as Exhibit 5.  Plaintiff herein never received notice of said assignment.

19        17. According to public records on file with the Recorders Office of San Mateo

20  County, on or about September 17, 2007, a Notice of Default was recorded against said pro-

21  perty.  Said document was issued by "TCIF REO2, LLC c/o Executive Trustee Services

22  LLC."  The document was signed by "Executive Trustee Services, LLC as agent for benefi-

23  ciary."  The document was recorded on September 18, 2007.  A true and correct copy of said

24  assignment as contained in the official records of the County of San Mateo is attached hereto

25  as Exhibit 6.

26

1    18. Plaintiff never received notice of any Notice of Default up to and including

2 the present time.

3    19. According to public records on file with the Recorders Office of San Mateo

4 County, on or about April 29, 2008, said property was allegedly assigned to The Bank of New

5 York Trust Company by TCIF, LLC. Said alleged assignment was recorded on June 16, 2008.

6 A true and correct copy of said assignment as contained in the official records of the County

7 of San Mateo is attached hereto as Exhibit 7. Plaintiff herein never received notice of said

8 assignment.

9    20. According to public records on file with the Recorders Office of San Mateo

10 County, on or about May 19, 2008, a Notice of Trustees Sale was recorded on said property

11 by ETS Services, LLC , which was, on information and belief, a sub-entity of Executive Trus-

12 tee Services. A true and correct copy of this document as contained in the official records of

13 the County of San Mateo is attached hereto as Exhibit 8.

14    21. On or about May 7, 2009, unbeknownest to plaintiff, a Trustee Sale took

15 place, conducted by defendant ETS, pursuant to the Notice of Default and Notice of Trustees

16 Sale, regarding the foreclosure on the property, in which defendant ETS as trustee, sold the

17 property.

18    22. On or about May 12, 2009, defendant ETS prepared a document entitled

19 Trustee's Deed Upon Sale which purported to grant to The Bank of New York Trust Com-

20 pany, title to said property. The document states that "grantee was the foreclosing benefi-

21 ciary." On information and belief, this was a full credit purchase sale, and no cash changed

22 hands, in derogation of the specific language of the Notice of Trustees Sale. The Bank of

23 New York Trust Company was not a BFP. A true and correct copy of this document as con-

24 tained in the official records of the County of San Mateo is attached hereto as Exhibit 9.

25

26

# FIRST CAUSE OF ACTION

## (NEGLIGENCE)

23.  Plaintiff re-alleges and re-asserts, as though fully set forth herein, Paragraphs 1 - 22 inclusive.

24.  At all relevant times herein, defendant ETS, acting as trustee, owed plaintiff an affirmative duty of care, that in fulfilling its responsibilities as trustee, and in particular to exercise the power of sale of residential real property, to faithfully comply and strictly comport with the laws of California and the provisions of the deed of trust referred to hereinabove.  In particular, because ETS was acting under a power of sale whose actions could result in the removal of plaintiff from his residence, and because ETS had an affirmative duty of care to plaintiff, ETS had an affirmative duty of care to plaintiff to treat plaintiff fairly, in a manner equal to the manner in which it was treating the alleged beneficiary, and in conformance with the law.

25.  Prior to issuing the Notice of Default and the Notice of Trustees Sale, defendant ETS negligently failed to examine the chain-of-title of the subject property and negligently failed to determine that it had not in fact been legally and properly substituted in as trustee, and had no power and authority to issue said Notice of Default and Notice of Trustee Sale.

26.  At the time that defendant ETS was allegedly made trustee by virtue of said substitution of trustee prepared and recorded by TCIF REO2, LLC , TCIF REO2, LLC was not the present beneficiary of the deed of trust.  Therefore, defendant ETS could not, and did not, legally acquire the power of sale from the purported substitution;  therefore, ETS had no power and authority to issue said notices.

27.  Prior to conducting the trustee's sale which resulted in plaintiff allegedly

1  losing his property, defendant ETS negligently failed to examine the chain-of-title of the sub-

2  ject property and negligently failed to determine that it had in fact been legally and properly

3  substituted in as trustee, and had the power and authority to conduct said trustee's sale.

4          28. At the time that defendant ETS was allegedly made trustee by virtue of said

5  substitution of trustee prepared and recorded by TCIF REO2, TCIF REO2, LLC was not the

6  present beneficiary of the deed of trust. Therefore, defendant ETS could not, and did not, le-

7  gally acquire the power of sale from the purported substitution; therefore, ETS had no power

8  and authority to conduct said trustee sale.

9          29. Prior to issuing the Trustees Deed referred to hereinabove, defendant ETS

10  negligently failed to examine the chain-of-title of the subject property and negligently failed

11  to determine that it had in fact been legally and properly substituted in as trustee, and had the

12  power and authority to issue said Trustees Deed.

13          30. At the time that defendant ETS was allegedly made trustee by virtue of said

14  substitution of trustee prepared and recorded by TCIF REO2, TCIF REO2, LLC was not the

15  present beneficiary of the deed of trust Therefore, ETS could not, and did not, legally acquire

16  the power of sale from the purported substitution; therefore, ETS had no power and authority

17  to issue said Trustees Deed.

18          31. By doing the acts aforementioned mentioned, and each of them, defendant

19  ETS breached the duty of care it owed to plaintiff.

20          32. As a direct and proximate result of the negligence of defendant ETS, as set

21  forth hereinabove, plaintiff sustained damage, both physically, emotionally and financially,

22  and plaintiff prays judgment against defendant as hereinafter set forth.

23  **SECOND CAUSE OF ACTION**

24  **(NEGLIGENCE *PER SE*)**

25          33. Plaintiff re-alleges and re-asserts, as though fully set forth herein, para-

26

1  graphs 1 - 32 inclusive.

2        34. On or about September 21, 2006, defendant ETS was allegedly substituted

3  in as trustee of the Note and Deed of Trust as set forth hereinabove.

4        35. As the purported trustee under a Deed of Trust, ETS believed it had ac-

5  quired the powers enunciated in the Deed of Trust and the relevant statutes of the State of

6  California, i.e., Civil Code §§ 2924b and 2934, including the power of sale.

7        36. Acting under this supposed power, defendant ETS negligently issued a No-

8  tice of Default dated September 17, 2007 regarding the subject property.

9        37. Acting under this supposed power, ETS negligently issued a Notice of Trus-

10  tees Sale dated May 19, 2008.

11        38. Acting under this supposed power, defendant ETS negligently conducted

12  a Trustees Sale on said property, in which The Bank of New York Trust Company "bought"

13  the property on a credit bid and acting as the "foreclosing beneficiary."

14        39. Acting under this supposed power, defendant ETS negligently issued a

15  Trustees Deed to the Bank of New York Trust Company, purporting to pass title to said pro-

16  perty to The Bank of New York Trust Company.

17        40. At all relevant times herein, there was in effect California Civil Code §§

18  2924b and 2934 which provided the only method by which a beneficiary could substitute in

19  a new trustee and instill on said trustee all the powers of the previous trustee and trust deed.

20  Pursuant to said statute, only the beneficiary or beneficiaries had the power to substitute a new

21  trustee. On the date that ETS was substituted in as new trustee by TCIF REO2, LLC, TCIF

22  REO2, LLC was not the beneficiary under said Deed of Trust, because it was not assigned the

23  deed of trust until May 7, 2007 at the earliest.

24        41. Civil Code §§ 2924b and 2934 are a statutory scheme designed specifically

25  for the protection of trustors under a deed of trust, specifically in this case the plaintiff herein.

26

                              - 8 -                          

42.  As a result of defendant ETS acting in derogation of the aforementioned statutes, plaintiff was directly and proximately injured as hereinafter prayed and set forth.

43.  As a direct and proximate result of the negligence of defendant ETS, as set forth hereinabove, plaintiff sustained damaged, both physically, emotionally and financially, and plaintiff prays judgment against defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (FRAUD)

44.  Plaintiff re-alleges and re-asserts, as though fully set forth herein, paragraphs 1 - 43 inclusive.

45.  At the time that defendant ETS issued the Notice of Default and the Notice of Trustee Sale, defendant ETS knew or should have known, that it did not have the legal authority to issue said notices.

46.  At the time that defendant ETS conducted the trustees sale set forth hereinabove, defendant ETS knew or should have known, that it did not have the legal authority to conduct said sale.

47.  At the time that defendant ETS issued the Trustees Deed on said property, as set forth hereinabove, defendant ETS knew or should have known, that it did not have the legal authority to issue said Trustees Deed.

48.  As a direct result of these aforementioned actions of defendant ETS, and because of direct representations of defendant ETS to plaintiff, plaintiff was caused to believe that his property was subject to being sold at a trustees sale and that said sale would not be cancelled unless and until plaintiff reached an agreement with the loan servicer, GMAC.

49. Defendant ETS, by doing the acts hereinabove complained of, intended that plaintiff rely on its official capacity and representations, and that plaintiff had to reach agree-

1   ment with GMAC to cancel said sale.

2       50.  Due to the fraudulent misrepresentations made to plaintiff by defendant

3   ETS, and others purporting to act on behalf of those purporting to hold a beneficial interests

4   in the property, and their principals, agents, assignors, assignees and predecessor, plaintiff was

5   induced to reasonably rely on their express and implied assurance regarding loan forbearance

6   and forgiveness, cancellation and postponement of the foreclosure process.

7       51.  Plaintiff reasonably relied on said representations in paying $50,000.00 to

8   the loan servicer in order to cancel said sale; plaintiff reasonably and in good faith relied on

9   said representations that the sale would be cancelled; as a direct result, plaintiff believed that

10  defendant ETS cancelled said scheduled trustees sale.

11      52.  In reliance on said representations, Plaintiff did not receive notice of any

12  subsequently scheduled trustee sale.

13      53.  As a result of the fraudulent activities by defendant ETS, Does 1 through

14  50 and their assignors ad predecessors in interest, plaintiff has been damaged in an amount

15  to be determined at trial, both as to compensatory and punitive damages.

16      54.  As a direct and proximate result of the negligence of defendant ETS, as set

17  forth hereinabove, plaintiff sustained damaged, both physically, emotionally and financially,

18  and plaintiff prays judgment against defendant as hereinafter set forth.

19

20              **FOURTH CAUSE OF ACTION**

21          **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

22

23      55.  Plaintiff re-alleges and re-asserts, as though fully set forth herein, para-

24  graphs 1 through 54 inclusive.

25      56.  Defendant's conduct, as hereinabove set forth, was intentional and mali-

26

COMPLAINT                          - 10 -                        ACTION NO.

# **EXHIBIT  TWO**

AB9 | MBA

1  Michael B. Allen, Esq.; SBN: 81550
   Marc D. Bender, Esq.; SBN: 156923
2  Jonathan D. Bishop, Esq.; SBN: 233496
   MICHAEL B. ALLEN LAW GROUP, INC.
3  520 South El Camino Real, Suite 840
   San Mateo, California 94402
4  Telephone:   (650) 347-5000
   Facsimile:   (650) 340-6350
5
   Attorneys for Plaintiff ALAN IRVING MOSS
6

**FILED**
**SAN MATEO COUNTY**

JUL 22 2009

Clerk of the Superior Court
By_____
DEPUTY CLERK

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN MATEO, UNLIMITED JURISDICTION

10

11  ALAN IRVING MOSS                    )    CASE NO:  **CIV 486130**
                                        )
12          Plaintiff,                  )    COMPLAINT
                                        )
13  v.                                  )    1.  Set Aside Trustee Sale
                                        )    2.  Fraud
14  THE BANK OF NEW YORK TRUST          )    3.  Quiet Title
    COMPANY, N.A.; and Does 1 through 50, )  4.  Declaratory Relief
15  inclusive,                          )
                                        )
16          Defendants.                 )
                                        )
17  _____  )

18

19      Plaintiff ALAN IRVING MOSS alleges as follows:

20                      **GENERAL ALLEGATIONS**

21      1.   Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned was, an

22  individual residing in the County of San Mateo, State of California.

23      2.   Defendant THE BANK OF NEW YORK TRUST COMPANY, N.A. ("BANK OF NEW

24  YORK") is, and at all times hereinafter mentioned was, a banking institution with its principal offices

25  in the State of New York which is qualified to do business in the State of California.

26      3.   The true names and capacities, whether individual, corporate, associate or otherwise, of

27  defendants sued herein as Doe 1 through Doe 50, inclusive, are unknown to plaintiff, who sue said

28  defendants by such fictitious names; plaintiff will amend this Complaint to show the true names and

COMPLAINT                              1

1    capacities if and when the same are ascertained; and plaintiff is informed and believes, and thereon

2    alleges, that said defendants, and each of them, are responsible in some manner for plaintiff's damages

3    as herein alleged.

4        4.    Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned,

5    each of the defendants was the agent of the remaining defendants and, in doing the things herein alleged,

6    was acting within the course and scope of such agency.

7        5.    Plaintiff owned and resided in the property located at 86 San Lucas Avenue, Moss Beach,

8    California ("the property") from 1984 to May, 2009. A legal description of the property is attached

9    hereto as Exhibit "A".

10        6.    On or about May 7, 2009, a Trustee Sale took place regarding a foreclosure on the

11    property, in which Executive Trustee Service, LLC acquired title to the property.

12        7.    On or about May 12, 2009, Executive Trustee Services, LLC transferred title to Defendant

13    BANK OF NEW YORK and Does 1 through 50.

14        8.    The Trustee Sale was invalid, due to improper notice of sale and default to Plaintiff MOSS,

15    and improper transfers and assignments of beneficial interests in the property, thereby voiding actions

16    by subsequent entities who wrongfully acquired said interests, fraudulent misrepresentations by holders

17    of beneficial interests, and acceptance of funds paid by Plaintiff,

18                                    **FIRST CAUSE OF ACTION**

19                                    **(SET ASIDE TRUSTEE SALE)**

20        9.    Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

21    8, inclusive.

22        10.    The Trustee Sale of the property on or about May 7, 2009 must be set aside, due to the

23    failures by parties holding beneficial interests in the property, including Defendant BANK OF NEW

24    YORK and its principals, agents, assignors, assignees and predecessor, to properly follow the required

25    procedures set forth in Civil Code Section 2924 et seq.

26        11.    The Trustee Sale of the property on or about May 7, 2009 must be set aside, due to

27    fraudulent misrepresentations made to Plaintiff by parties holding beneficial interests in the property,

28    including Defendant BANK OF NEW YORK, DOES 1 through 50, and their principals, agents,

COMPLAINT                                2

1   assignors, assignees and predecessor, which induced Plaintiff to reasonably rely on their express and

2   implied assurance regarding loan forbearance and forgiveness, cancellation and postponement of the

3   foreclosure process.

4       12.  The Trustee Sale of the property on or about May 7, 2009 must be set aside, due to

5   acceptance of funds paid by Plaintiff thereby changing the amount of indebtedness and rendering prior

6   notices stating indebtedness to be invalid.

7       13.  Plaintiff reserves the right to claim and articulate further grounds for setting aside the

8   Trustee Sale upon discovery and/or realization of said claims.

9                 **SECOND CAUSE OF ACTION**

10                      **(FRAUD)**

11       14.  Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

12   13, inclusive.

13       15.  In or about July, 2008, Defendant BANK OF NEW YORK's agents, principals,

14   assignors and/or predecessors in interest represented to Plaintiff that said entity would forebear and

15   rescind foreclosure on the property in exchange for a specified payment by Plaintiff.

16       16.  Plaintiff reasonably relied on said representation in paying the specified sum, and on

17   said entities' action acceptance of said payment without objection and cancellation of a scheduled

18   Trustee Sale date.

19       17.  Plaintiff did not receive notice of any subsequently-scheduled Trustee Sale.

20       18.  As a result of the fraudulent activities by Defendant BANK OF NEW YORK, Does 1

21   through 50 and their assignors and predecessors in interest, Plaintiff has been damaged in an amount

22   to be determined at trial.

23                 **THIRD CAUSE OF ACTION**

24                   **(QUIET TITLE)**

25       19.  Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

26   18, inclusive.

27       20.  Plaintiff has valid claims to quiet title to the property which is legally described in

28   Exhibit "A" hereto, due to the invalidity of the Trustee Sale on or about May 7, 2008 arising from

COMPLAINT                             3

1  numerous violations of Civil Code §2924 et seq., fraudulent misrepresentations regarding forbearance

2  and cancellation of foreclosure process,

3  improper notice, and invalid transfers of interests, as more fully described herein.

4       21.   Wherefore, Plaintiff prays for a judgment quieting title to the property to Plaintiff

5  adverse to the claims of Defendant BANK OF NEW YORK, Does 1 through 50 and any of their agents,

6  principals, assignors, assignees, predecessor and related entities.

7                    **FOURTH CAUSE OF ACTION**

8                       **(DECLARATORY RELIEF)**

9       22.   Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

10  21, inclusive.

11       23.   An actual controversy has arisen between plaintiff and Defendants BANK OF NEW

12  YORK and Does 1 through 50, in that Plaintiff maintains that the Trustee Sale of the property on or

13  about May 7, 2008 was invalid, and Defendants BANK OF NEW YORK and Does 1 through 50

14  maintain that said Trustee Sale was valid.

15       24.   Plaintiff desires a judicial determination and declaration of regarding the validity of said

16  Trustee Sale and Plaintiff's associated rights to title to the property and monetary damages.

17       WHEREFORE, Plaintiff prays for judgment against Defendants BANK OF NEW YORK and

18  Does 1 through 50 as follows:

19       **AS TO THE FIRST CAUSE OF ACTION**

20       1.   For an order setting aside the Trustee Sale of the property that took place on or about May

21  7, 2009.

22       2.   For incidental damages in an amount to be determined at trial;

23       3.   For reasonable attorneys fees;

24       4.   For costs of suit incurred; and

25       5.   For such other and further relief as the court may deem just and proper.

26       **AS TO THE SECOND CAUSE OF ACTION**

27       1.   For monetary damages in an amount to be determined at trial;

28       2.   For reasonable attorneys fees;

1    3.    For costs of suit incurred; and

2    4.    For such other and further relief as the court may deem just and proper.

3    **AS TO THE THIRD CAUSE OF ACTION**

4    1.    For a judgment quieting title to the property to Plaintiff

5    adverse to the claims of Defendant BANK OF NEW YORK and any of its agents, principals, assignors,

6    assignees, predecessor and related entities.

7    2.    For reasonable attorney's fees;

8    3.    For costs of suit incurred; and

9    4.    For such other and further relief as the court may deem just and proper.

10   **AS TO THE FOURTH CAUSE OF ACTION**

11   1.    For a declaration of the validity of the Trustee Sale of the property;

12   2.    For reasonable attorneys fees as allowed under plaintiff's governing documents;

13   3.    For costs of suit incurred; and

14   4.    For such other and further relief as the court may deem just and proper.

15

16

17   Dated: 7/22/09

     MICHAEL B. ALLEN LAW GROUP, INC.

18

19   By: _____

     MARC D. BENDER
     Attorneys for Plaintiff ALAN IRVING MOSS

20

21

22

23

24

25

26

27

28

COMPLAINT                              5

Page No. 6
No. 15070373-099

## Exhibit A
## LEGAL DESCRIPTION

All that certain real property in the County of San Mateo, State of California, described as follows:

Lots 20, 22 and 23, Block 13, as designated on that certain map entitled, "Map of Riviera Ocean Villa Tract, San Mateo County, California", which map was filed in the Office of the Recorder of the County of San Mateo, State of California on June 15, 1908, in Book 6 of Maps at Page 20.

APN No:  037-275-120-6

CERTIFIED TO BE A TRUE AND EXACT
COPY OF THE ORIGINAL.
FIDELITY NATIONAL TITLE INS. CO.

BY

# **EXHIBIT THREE**

1   Alan Moss
    In Pro Per
2   P.O. Box 721
    Moss Beach CA 94038
3   Telephone: (415)296-7500
    Facsimile:   (415)296-9034
4
    In Propria Personum
5

**FILED**
SAN MATEO COUNTY

MAR 1 6 2010

Clerk of the Superior Court

By _____
          DEPUTY CLERK

5/18
CMC

6
                    SUPERIOR COURT OF CALIFORNIA
7              IN AND FOR THE COUNTY OF SAN MATEO
8

9   ALAN IRVING MOSS,                    )   Action No.  CIV486130
                                         )
10                          Plaintiff,)   FIRST AMENDED COMPLAINT TO
                                         )   1. SET ASIDE TRUSTEE SALE
11                                       )   2. SET ASIDE TRUSTEE SALE AS TO LOT
               vs.                       )   3. FRAUD
12                                       )   4. ESTOPPEL
                                         )   5. QUIET TITLE
13  THE BANK OF NEW YORK TRUST           )   6. INTENTIONAL INFLICTION OF
    COMPANY, AND DOES 1-50,              )      EMOTIONAL DISTRESS
14  INCLUSIVE                            )   7. DECLARATORY RELIEF
                                         )   8. BREACH OF CONTRACT
15                                       )   9. ONE ACTION RULE
                          Defendants.)   10. ACCOUNTING
16  _____)

17  Plaintiff ALAN IRVING MOSS alleges as follows:

18          1. Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned

19  was, an individual residing in the County of San Mateo, California.

20          2. Defendant BANK OF NEW YORK TRUST COMPANY, N.A.(hereinafter

21  "BNY") is, and at all times hereinafter mentioned was, is a business of unknown legal origin

22  and form, and on information and belief, a banking institution with its principal offices in the

23  State of New York, which is qualified to do business in the State of California.

24          3. The true names and capacities, whether individual, corporate, associate or

25  otherwise, of defendants sued herein as Does 1 through 50, inclusive, are unknown to plaintiff.

26

---

FIRST AMENDED COMPLAINT                                          ACTION NO. CIV486130

1  who sue said defendants by such fictitious names; plaintiff will amend this Complaint to show

2  the true names and capacities if and when the same are ascertained; and plaintiff is informed

3  nd belies, and thereon alleges, that said defendants, and each of them, are responsible in some

4  manner for plaintiff's damages as herein alleged.

5          4. Plaintiff is informed and believes, and thereon alleges, that at all times herein

6  mentioned, each of the defendants was the agent of the remaining defendants nd, in doing the

7  things herein alleged, was acting within the course and scope of such agency.

8          5. Plaintiff has owned and resided in the property located at 86 an Lucas, Moss

9  Beach, California(the "property") continuously from 1984 to May, 2009. A legal description

10  of the property is attached hereto as Exhibit 1.

11          6. . According to public records on file with the Recorders Office of San Mateo

12  County, on or about June 27, 2005, said property was allegedly assigned to Option One Mort-

13  gage by CJ Mortgage Inc. The trustee listed in said assignment was Alliance Title. Said al-

14  leged assignment was recorded on April 4, 2007. A true and correct copy of said assignment

15  as contained in the official records of the County of San Mateo is attached hereto as Exhibit

16  2. Plaintiff herein never received notice of said assignment.

17          7. According to public records on file with the Recorders Office of San Mateo

18  County, on or about September 18, 2007, a Notice of Default was recorded against said pro-

19  perty. Said recordation was done by Executive Trustee Services LLC, on behalf of "TCIF

20  REO2, LLC." A true and correct copy of said assignment as contained in the official records

21  of the County of San Mateo is attached hereto as Exhibit 3.

22          8. Plaintiff never received notice of any Notice of Default or Amended Notice

23  of Default up to and including the present time.

24          9. According to public records on file with the Recorders Office of San Mateo

25  County, on or about September 15, 2007, said property was allegedly assigned to TCIF, LLC

26

1   by Option One Mortgage Inc. The signature of the assignor was notarized more than four

2   months prior to the signature of the representative of the assignor, on May 7, 2007. The

3   trustee listed in said assignment was Alliance Title. Said alleged assignment was recorded

4   on June 16, 2008. A true and correct copy of said assignment as contained in the official re-

5   cords of the County of San Mateo is attached hereto as Exhibit 4. Plaintiff herein never re-

6   ceived notice of said assignment

7            10. According to public records on file with the Recorders Office of San Mateo

8   County, on or about April 29, 2008, said property was allegedly assigned to defendant BNY

9   by TCIF, LLC. The trustee listed in said assignment was Alliance Title. Said alleged assign-

10  ment was recorded on June 16, 2008. A true and correct copy of said assignment as con-

11  tained in the official records of the County of San Mateo is attached hereto as Exhibit 5.

12  Plaintiff herein never received notice of said assignment.

13           11. According to public records on file with the Recorders Office of San Mateo

14  County, on or about May 19, 2008, a Notice of Trustees Sale was recorded on said property

15  by ETS Services, LLC , which was, on information and belief, a sub-entity of Executive

16  Trustee Services. A true and correct copy of this document as contained in the official records

17  of the County of San Mateo is attached hereto as Exhibit 6.

18           12. On or about May 7, 2009, a Trustee Sale took place regarding a foreclosure

19  on the property, in which Executive Trustee Services, LLC, as trustee, acquired title to the

20  property.

21           13. On or about May 12, 2009, Executive Trustee Services, LLC prepared a do-

22  cument entitled Trustee's Deed Upon Sale which purported to grant to defendant herein,

23  BNY, title to said property. A true and correct copy of this document as contained in the offi-

24  cial records of the County of San Mateo is attached hereto as Exhibit 7.

25

26

FIRST AMENDED COMPLAINT                          - 3 -                    ACTION NO. CIV486130

## FIRST CAUSE OF ACTION

## (SET ASIDE TRUSTEE SALE)

14. Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 - 13 inclusive.

15. The trustee sale of the property on or about May 7, 2009 must be set aside, due to the failures by parties holding beneficial interests in the property, including Defendant BNY and its principals, agents, assignors, assignees and predecessors in interest, to properly follow the procedures required by Civil Code §2924 *et seq.,* including *inter alia*:

      A.    Failure to publish notice of the trustees sale in a newspaper of general circulation in the County of San Mateo, for three consecutive weeks at least twenty days prior to the noticed sale date;

      B.    Failure to comply with Civil Code §2923.5, sub-part c, in that the Notice of Sale did not evidence any efforts to contact plaintiff, as required by said section;

      C.    Failure to post any notice of sale on non-contiguous parcels, to wit Parcel No. 037-275-170, as required by Civil Code §2924;

      D.    Failure to continue the noticed date of sale with the procedures set forth in Civil Code §2924, including but not limited to exceeding the number of allowable continuances, hence the sale date as carried out was illegal and of no effect;

      E.    Failure to conduct the sale in a manner designed to protect the best interests of the trustor, plaintiff herein, as required by law;

      F.    Failure to file, serve, and record an amended Notice of Default as a result of assignments subsequent to the Notice of Default and prior to

the sale of the property, as required by Civil Code §2924c.

G.  Failure to file an amended Notice of Trustee Sale, as required by Civil Code §2934a(e), regarding the substitution of trustee;

H.  The trustee sale of the property on or about May 7, 2009 must be set aside, due to acceptance of funds paid by plaintiff thereby changing the amount of indebtedness and rendering prior notices listing indebtedness to be invalid;

I.  Failure to comply with statutory mandates regarding the proper trustee to conduct a sale and to convey title, and

J.  The defendant herein did not have clear title to the property at the time of the Notice of Default, the Notice of Trustees Sale, or at the time of the sale itself, in that defendant's assignor did not have clear title, the assignment received being null and void because there was, in effect, no signature conveying title appearing on said document, the sig-nature having been notarized four months previously.

16.  For each of the foregoing reasons and failure to comply with the strict statutory requirements required as a prerequisite for a sale, the trustee sale must be set aside.

## SECOND CAUSE OF ACTION

## (SET ASIDE SALE AS TO LOT 20)

17.  Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 - 15 inclusive.

18.  Said trustee's sale sold Lots 20, 22, and 23 as therein described. Plaintiff's home sits on Lots 22 and 23. Lot 20 is a non-contiguous parcel which was mistakenly made part of the deed of trust which is the subject of this action.

19. No notice of trustees sale was posted on or about Lot 20. The only notice of trustees sale which was served and posted and served as the basis for the trustees sale posted a notice only on the front door of plaintiff's home.

20. Failure to post a separate notice of trustees sale on non-contiguous parcels renders any sale of said parcels null and void pursuant to Civil Code §2924.

21. The trustees sale of Lot 20 was therefore illegal and must be set aside.

## THIRD CAUSE OF ACTION

### (FRAUD)

22. Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 - 20 inclusive.

23. The trustee sale of the property on or about May 7, 2009 must be set aside, due to fraudulent misrepresentations made to plaintiff by parties holding beneficial interests in the property, including Defendant BNY, Does 1 through 50, and their principals, agents, assignors, assignees and predecessor, which induced plaintiff to reasonably rely on their express and implied assurance regarding loan forbearance and forgiveness, cancellation and postponement of the foreclosure process.

24. Prior to the date of sale included in the Notice of Trustees Sale, plaintiff telephoned the trustee and was instructed to call GMAC Mortgage to discuss postponement and other possible remedies. GMAC was the servicer on the loan. As a result of said conversations, plaintiff was assured that by tendering $50,000.00, the sale would be put off. Said funds were forwarded in reliance thereon and confirmed in writing that they were received, and that as a result, the sale would be cancelled. Plaintiff did not receive any further communication from GMAC, the trustee, the assignee or any other representative of BNY(although BNY was unknown to plaintiff at the time). Plaintiff, on multiple occasions, attempted to

1  communicate with GMAC, in writing and otherwise, all to no avail.

2      25. In or about June 2008, Defendant BNY 's agents, principals, assignors and/

3  or predecessors in interest represented to Plaintiff that said entity would forebear and rescind

4  foreclosure on the property in exchange for a specified payment by plaintiff.

5      26. Plaintiff reasonably relied on said representation in paying the specified

6  sum, and n said entities' action acceptance of said payment without objection and cancellation

7  of a scheduled trustee sale date.

8      27. The trustee sale of the property on or about May 7, 2009 must be set aside,

9  due to acceptance of funds paid by plaintiff thereby changing the amount of indebtedness and

10  rendering prior notices sting indebtedness to be invalid.

11      28. Plaintiff did not receive notice of any subsequently scheduled trustee sale.

12      29. As a result of the fraudulent activities by defendant BNY, Does 1 through

13  50 and their assignors ad predecessors in interest, plaintiff has been damaged in an amount

14  to be determined at trial.

15

16                    **FOURTH CAUSE OF ACTION**

17                         **(ESTOPPEL)**

18

19      30. Plaintiff incorporates and realleges, as though fully set forth herein, para-

20  graphs 1 through 28 inclusive.

21      31. Plaintiff was promised by defendant and its agents that his property would

22  not be sold provided he tendered $50,000.00 in certified funds. Said agreement was me-

23  morialized in writing. Plaintiff tendered said funds in reliance on said promise.

24      32. Notwithstanding said fulfillment of their agreement and detrimental reliance

25  thereon, all as confirmed in writing, defendant and its agents sold the property to itself, at an

26

1   unannounced and unnoticed sale, unbeknownest to plaintiff.

2       33. As a direct and proximate result of the foregoing, plaintiff suffered and con-

3   tinues to suffer great irreparable harm, including the loss of his residence for over twenty-four

4   years.

5       34. As a result of these activities by defendant BNY, Does 1 through 50 and

6   their assignors ad predecessors in interest, defendant should be estopped to hold title to said

7   property and it should be returned to plaintiff forthwith, together with damages as hereinafter

8   set forth.

9

10  ## FIFTH CAUSE OF ACTION

11  ## (QUIET TITLE)

12

13      35. Plaintiff incorporates and realleges, as though fully set forth herein, para-

14  graphs 1 through 34 inclusive.

15      36. Plaintiff has valid claims to quiet title to the property which is legally des-

16  cribed in Exhibit "A" hereto, due to the invalidity of the trustee sale on or about May 7, 2009

17  arising from numerous violations of Civil Code §2924 *et seq.* , fraudulent misrepresentations

18  regarding forbearance and cancellation of foreclosure process, improper notice, and invalid

19  transfers of interests, as more fully described herein.

20      37. Wherefore, Plaintiff prays for a judgment quieting title to the property to

21  plaintiff adverse to the claims of defendant BNY, Does 1 through 50 and any of their agents,

22  principals, assignors, assignees, predecessor and related entities.

23

24  ## SIXTH CAUSE OF ACTION

25  ## (DECLARATORY RELIEF)

26

FIRST AMENDED COMPLAINT          - 8 -          ACTION NO. CIV486130

38. Plaintiff incorporates and realleges, as though fully set forth herein, para-graphs 1 through 37 inclusive.

39. An actual controversy has arisen between plaintiff and defendants BNY and Does 1 through 50, in that plaintiff maintains that the trustee sale of the property on or about May 7, 2009 was invalid, and defendants BNY and Does 1 through 50 maintain that said trustee sale was valid.

40. Plaintiff desires a judicial determination and declaration of regarding the validity of said trustee sale and plaintiff's that took place on or about May 7, 2009.

## SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

41. Plaintiff incorporates and realleges, as though fully set forth herein, para-graphs 1 through 40 inclusive.

42. Defendant BNY, Does 1 through 50 and any of their agents, principals, assignors, assignees, predecessor and related entities are in the business of real estate and knew or should have known of the requirements of State law regarding the sale of real pro-perty. Defendants, and each of them, deliberately and carelessly, or with such callous dis-regard for State law that it amounted to deliberateness, violated the requirements of State law as set forth hereinabove.

43. Defendants intentionally, with callous disregard for plaintiff, and with malice aforethought violated numerous requirements of State law, and as a direct and proximate result, plaintiff was severely injured and made to suffer for months on end as this process went forward.

1       44. As further evidence of said malice and deliberate indifference, plaintiff was

2   unable to communicate with anyone at defendant BNY concerning these events, including at-

3   torneys then representing plaintiff. As further evidence of this, defendants attorney failed and

4   refused to return telephone messages left by plaintiff's attorneys, despite a court order to do

5   so, and in addition, failed and refused to return messages and written requests from plaintiff

6   herein.

7       45. Wherefore, plaintiff prays as hereinafter set forth.

8

9   ### EIGHTH CAUSE OF ACTION

10  ### (BREACH OF CONTRACT)

11

12      46. Plaintiff incorporates and realleges, as though fully set forth herein, para-

13  graphs 1 through 45 inclusive.

14      47. At all times relevant herein, defendant, on information and belief, defendant

15  employed GMAC to act as a loan servicer on behalf of defendant, and in all material ways,

16  gave GMAC full authority to act on its behalf, such that the actions of GMAC regarding the

17  loan at issue herein, became the actions of defendant.

18      48. On or about June 18, 2010, plaintiff and employees of GMAC entered into

19  a contract, pursuant to which GMAC would cancel the trustees sale presently scheduled in

20  exchange for the payment of $50,000.00 in certified funds. Said contract was confirmed in

21  writing by plaintiff. At no time, up to and including the present time, has GMAC or defendant

22  ever challenged the existence of said contract or in any way, undertook any actions to rescind

23  said contract.

24      49. Plaintiff, in reliance thereon, tendered $50,000.00 in certified funds to

25  GMAC, the receipt of which was confirmed.

26

50. The trustees sale aforementioned hereinabove was therefore a breach of the contract entered into between plaintiff and defendants agents.

51. Wherefore, plaintiff prays as hereinafter set forth

## NINTH CAUSE OF ACTION

## (VIOLATION OF ONE ACTION RULE)

52. Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through 51 inclusive.

53. CCP §726 requires that there be one form of action for recovery of any debt or the enforcement of any right secured by mortgage upon real property.

54. Defendant sought from plaintiff and obtained the payment of monies, as set forth hereinabove.

55. Defendant, at the same time, sought to, and did, foreclose on the subject property.

56. By taking the actions set forth herein, defendant violated CCP §726.

57. Wherefore, plaintiff prays as hereinafter set forth.

## TENTH CAUSE OF ACTION

## (ACCOUNTING)

58. Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through 57 inclusive.

59. The amounts of money set forth in the Notice of Default, the Notice of Trustees Sale, and the Trustees Deed Upon Sale are erroneous and incorrect. In addition, any fees charged by the trustee or other agents are incorrect.

1           60. Wherefore, plaintiff prays as hereinafter set forth.

2

3

4 WHEREFORE, plaintiff prays for judgment against Defendants BNY and Does 1 through 50

5 as follows:

6

7 AS TO THE FIRST CAUSE OF ACTION:

8 1. For an order setting aside the trustee sale of the property that took place on or about May

9 7, 2009.

10 2. For incidental damages in an amount to be determined at trial;

11 3. For reasonable attorney fees;

12 4. For costs of suit incurred; and

13 5. For such other and further relief as the court may deem just and proper.

14

15 AS TO THE SECOND CAUSE OF ACTION:

16 1. For an order setting aside the trustee sale of the property as to Lot 20 that took place on or

17 about May 7, 2009.

18 2. For incidental damages in an amount to be determined at trial;

19 3. For reasonable attorney fees;

20 4. For costs of suit incurred; and

21 5. For such other and further relief as the court may deem just and proper.

22

23 AS TO THE THIRD CAUSE OF ACTION:

24 1. For monetary damages, both compensatory and punitive, in an amount to be determined

25 at trial;

26

FIRST AMENDED COMPLAINT          - 12 -          ACTION NO. CIV486130

1    2. For reasonable attorney fees;

2    3. For costs of suit incurred; and

3    4. For such other and further relief as the court may deem just and proper.

4

5    AS TO THE FOURTH CAUSE OF ACTION:

6    1. For an order setting aside the trustee sale of the property that took place on or about May

7    7, 2009.

8    2. For incidental damages in an amount to be determined at trial;

9    3. For reasonable attorney fees;

10    4. For costs of suit incurred; and

11    5. For such other and further relief as the court may deem just and proper.

12

13    AS TO THE FIFTH CAUSE OF ACTION:

14    1. For a judgment quieting title to the property to plaintiff adverse to the claims of defendant

15    Bank of New York and any of its agents, principals, assignors, assignees, predecessor and

16    related entities.

17    2. For reasonable attorney fees;

18    3. For costs of suit incurred; and

19    4. For such other and further relief as the court may deem just and proper.

20

21    AS TO THE SIXTH CAUSE OF ACTION:

22    1. For a declaration that  the trustee sale of the property was invalid *ab initio* and null and

23    void.

24    2. For reasonable attorneys fees as allowed under plaintiff's governing documents;

25    3. For costs of suit incurred; and

26

FIRST AMENDED COMPLAINT      - 13 -      ACTION NO. CIV486130

1   4. For suck other and further relief as the court may deem just and proper.

2

3   AS TO THE SEVENTH CAUSE OF ACTION:

4   1.  For monetary damages, both compensatory and punitive, in an amount to be determined

5   at trial;

6   2. For reasonable attorney fees;

7   3.  For costs of suit incurred; and

8   4. For such other and further relief as the court may deem just and proper.

9

10  AS TO THE EIGHTH CAUSE OF ACTION:

11  1. For an order setting aside the trustee sale of the property that took place on or about May

12  7, 2009.

13  2. For damages in an amount to be determined at trial;

14  3. For reasonable attorney fees;

15  4. For costs of suit incurred; and

16  5. For such other and further relief as the court may deem just and proper.

17

18  AS TO THE NINTH CAUSE OF ACTION:

19  1. For an order setting aside the trustee sale of the property that took place on or about May

20  7, 2009.

21  2. For damages in an amount to be determined at trial;

22  3. For reasonable attorney fees;

23  4. For costs of suit incurred; and

24  5. For such other and further relief as the court may deem just and proper.

25

26

FIRST AMENDED COMPLAINT                              - 14 -                         ACTION NO. CIV486130

AS TO THE TENTH CAUSE OF ACTION:

1. For a certified accounting of all amounts set forth and charged or claimed to be owing since the onset of the note which is the subject of this action;

2. For reasonable attorney fees;

3. For costs of suit incurred; and

4. For such other and further relief as the court may deem just and proper.

Dated: March _15_, 2010.

Respectfully submitted,

ALAN MOSS
In Propria Persona

# EXHIBIT  FOUR

Alan Moss
In Propria Personum
P.O. Box 721
Moss Beach CA 94038
Telephone: (415)296-7500
Facsimile:  (650)728-0738

In Propria Personum

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALAN IRVING MOSS,                          )    Civil Action No.  CV 10 1734 JSW
                                           )
                         Plaintiff,)
                                           )
              vs.                          )
                                           )    FOURTH AMENDED COMPLAINT
                                           )    (Per Court Order dated October 13, 2011)
THE BANK OF NEW YORK TRUST                 )
COMPANY, AND DOES 1-50,                    )
INCLUSIVE                                  )
                                           )
                                           )
                         Defendants.)
                                           )

Plaintiff ALAN IRVING MOSS alleges as follows:

        1. Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned

was, an individual residing in the County of San Mateo, California.

        2. Defendant BANK OF NEW YORK TRUST COMPANY, N.A.(hereinafter

"BNY") is, and at all times hereinafter mentioned was, a business of unknown legal origin

1  and form, and on information and belief, a banking institution with its principal offices in

2  the State of New York, which is qualified to do business in the State of California.

3       3.  GMAC, a business entity of unknown form and residency, was the

4  servicer on the note and deed of trust which is the subject of this action, and at all times

5  relevant herein, was acting as, and was in fact, the agent of Defendant BNY.

6       4.  The true names and capacities, whether individual, corporate, associate

7  or otherwise, of defendants sued herein as Does I through 50, inclusive, are unknown to

8  plaintiff, who sue said defendants by such fictitious names; plaintiff will amend this

9  Complaint to show the true names and capacities if and when the same are ascertained;

10  and plaintiff is informed nd belies, and thereon alleges, that said defendants, and each of

11  them, are responsible in some manner for plaintiff's damages as herein alleged.

12       5.  Plaintiff is informed and believes, and thereon alleges, that at all times

13  herein mentioned, each of the defendants was the agent of the remaining defendants and

14  in doing the things herein alleged, was acting within the course and scope of such agency

15       6.  Plaintiff has owned and resided in the property located at 86 San Lucas

16  Moss Beach, California(the "property") continuously from 1984 to the present time.

17       7.  The legal description of the property is APN No. 037-275-120, Lots 22

18  and 23, Blk. 13, Riviera Ocean Villa.. According to actions hereinafter described, the

19  subject property also included Parcel No. 037-275-170, Lot 20 when it was encumbered

20  by the financial instrument which is the subject of this lawsuit. Lot 20 is not contiguous

21  to Lots 22 and 23.

22       8.  On or about June 22, 2005, plaintiff took out a loan against the subject

23  property, as evidenced by a Note. Plaintiff was the borrower. CJ Trust, Inc. was the

24  lender.

25

26

FOURTH AMENDED COMPLAINT
(PER COURT ORDER DATED OCTOBER 13, 2011)

- 2 -

CIVIL NO.CV 10 1734 JSW

1         9. The Note was secured by a Deed of Trust, in which the purported

2  parties were: CJ Trust, Inc. as the beneficiary, Alliance Title was the trustee, and plaintiff

3  was the trustor. Said Deed of Trust described the property as APN 037-275-170-6.

4         10. The original lender, CJ Trust, Inc. drafted both the Note and Deed of

5  Trust. Plaintiff took no part in the drafting of these documents, which were drafted so

6  as to bifurcate the debt(Note) from the security(Deed of Trust) in order to, on

7  information and belief, facilitate the creation of certain investment vehicles.

8        11. According to public records on file with the Recorders Office of San

9  Mateo County, on or about June 22, 2005, said property was encumbered by a Deed of

10  Trust, in which CJ Trust, Inc. was the beneficiary, Alliance Title was the trustee and the

11  property was described as APN. 037-275-170-6. Said instrument was recorded on July

12  5, 2005.

13        12. According to public records on file with the Recorders Office of San

14  Mateo County, on or about June 27, 2005, CJ Mortgage Inc. purported to assign said

15  Deed of Trust to Option One Mortgage. The trustee listed in said assignment was

16  Alliance Title. Said purported assignment was not recorded for twenty-two months, or

17  until April 4, 2007. The legal description of the property was set forth as APN. 037-275-

18  170-6; an attachment to the purported assignment set forth an additional description of

19  the property as Lots 20, 22 and 23. No copy of said purported assignment was provided

20  to plaintiff, nor was plaintiff provided with any notice of said purported assignment.

21        13. According to public records on file with the Recorders Office of San

22  Mateo County, on or about September 17, 2007, a Notice of Default was issued against

23  said property. Said notice contains the caption "TCIF REO2, LLC C/O Executive Trustee

24  Services LLC." Said notice was recorded on September 18, 2007. Said notice was

25

26

1  purportedly issued by "Executive Trustee Services LLC as agent for beneficiary." The
2  notice stated that "...the present beneficiary under such Deed of Trust, as executed and
3  delivered to said duly appointed Trustee, a written Declaration of Default and Demand for
4  same, and has deposited with said duly appointed Trustee, such deed of trust and all
5  documents evidencing obligations secured thereby, and has declared and does hereby
6  declare all sums secured thereby be sold to satisfy the obligations secured thereby."
7  Executive Trustee Services LLC(hereinafter "ETS")was not the duly appointed substitute
8  trustee and had no power to issue said notice or any other notice.

9       14.  Plaintiff never received notice of any Notice of Default or Amended
10  Notice of Default up to and including the present time.

11       15.  According to public records on file with the Recorders Office of San
12  Mateo County, Option One Mortgage purported to assign said Deed of Trust to TCIF,
13  LLC. The date of the purported assignment cannot be determined because the signature
14  of the agent for the assignor was interlineated as September 15, 2007 after the typed date
15  of May 7, 2008 was crossed out.  The signature on behalf of the assignor is purported
16  to be that of a Brian D. McConnell as Assistant Secretary. The signature was purported
17  to be notarized on May 7, 2007, some four months prior to the assignor signing the
18  document;  however, the typed date of May 7, 2008 was changed by hand to May 7,
19  2007. The date the assignment was recorded was at least nine months later on June 16,
20  2008.  The trustee listed in said assignment was Alliance Title.  Plaintiff herein never
21  received notice of said purported assignment

22       16.  According to public records on file with the Recorders Office of San
23  Mateo County, TCIF, LLC purported to assign said Deed of Trust to defendant BNY.
24  The date of the purported assignment is unclear because the agent for the assignor

25

26

1  purportedly signed the document on April 29, 2008 in California. The document was

2  purportedly notarized on April 30, 2008 in Pennsylvania. At the time of this purported

3  assignment, the purported assignment to this assignor had not yet been recorded. The

4  trustee listed in said assignment was Alliance Title. Said alleged assignment was recorded

5  on June 16, 2008. Plaintiff herein never received notice of said purported assignment.

6      17.  According to public records on file with the Recorders Office of San

7  Mateo County, on or about May 19, 2008, a Notice of Trustees Sale was recorded on

8  said property by ETS Services, LLC , which was, on information and belief, a sub-entity

9  of Executive Trustee Services.  The date of sale was set forth as June 13, 2008.

10  Executive Trustee Services was not the duly appointed substitute trustee and had no

11  power to issue said notice or any other notice.

12      18.  The trustees sale set for June 13, 2008 did not occur, as the sale was

13  cancelled per agreement between plaintiff herein and GMAC, who was the servicer on the

14  loan and purporting to act as agent of defendant BNY.  Said agreement was duly

15  documented and confirmed in a writing prepared by plaintiff herein and telefaxed to

16  GMAC, with written confirmation of receipt by GMAC. The terms of said confirmation

17  have never been contested or disputed.

18      19.  On or about May 7, 2009, without any further notice to plaintiff herein,

19  a Trustee Sale took place on the property, in which Executive Trustee Services, LLC,

20  purporting to act as trustee, acquired title to the property, and subsequently passed title

21  to BNY, defendant herein.  On information and belief, this transaction was done on the

22  basis of a credit bid.  Contrary to the terms of the Notice of Trustees Sale, no cash

23  changed hands in this transaction.  BNY was not a bona fide purchaser for value.

24      20.  On or about May 12, 2009, Executive Trustee Services, LLC prepared

25

26

1 a document entitled Trustee's Deed Upon Sale which purported to grant to defendant

2 herein, BNY, title to said property.  Said trustee's deed states: "Grantee herein was the

3 foreclosing beneficiary."

4      21.  According to public records on file with the Recorders Office of San

5 Mateo County, Sand Canyon Corporation f/k/a Option One Mortgage Corporation

6 purported to assign said Deed of Trust to TCIF, LLC.  The date of the purported

7 assignment is unclear because the agent for the assignor, an individual different than the

8 individual who signed the previous assignment referred to in Paragraph 15, purportedly

9 signed the document on April 14, 2009.  The document was purportedly notarized on

10 September 2, 2009. The trustee listed in said assignment was Alliance Title.  Said alleged

11 assignment was recorded on September 17, 2009.  At the time of said purported

12 assignment, the assignor did not have any interest, right to or title in the Deed of Trust

13 which is the subject of this purported ssignment  Plaintiff herein never received notice of

14 said purported assignment.

15

16 **FIRST CAUSE OF ACTION**

17 **(SET ASIDE TRUSTEE SALE DUE TO SALE BEING VOID)**

18

19      '22.  Plaintiff incorporates and realleges, as though fully set forth herein

20 para-graphs 1 - 21 inclusive.

21      23.  The trustee sale of the property on or about May 7, 2009 must be set

22 aside as being void, due to the violations of law by the purported foreclosing beneficiary

23 BNY, and its principals, agents, assignors, assignees and predecessors in interest, as well

24 as prior purported beneficiaries who attempted to pass title by way of assignment, but

25

26

1  which was in actuality of no effect.   Among these violations, which are not procedural

2  irregularities but substantive violations of law, are *inter alia*:

3           A. The purported assignment from CJ Mortgage Inc. to Option One

4  Mortgage attempted to assign a parcel of land that was not a part of the Deed of Trust;

5           B.   The purported assignment from Option One Mortgage to

6  TCIF,LLC is null and void as the purported assignment contains no valid notarized

7  acknowledgment; and further that the purported assignment was notarized prior to

8  signature of the assignor; and further because the purported assignment has altered dates

9  on the signatures of both the assignor and the notary, in violation of California Civil Code

10 §2932.5;

11          C. The purported assignment from TCIF,LLC to defendant BNY is

12 null and void as the purported assignment contains no valid notarized acknowledgment;

13 and further that the purported assignment was notarized prior to signature of the assignor;

14 and further because the agent signing for the assignor was in a different state than the

15 person allegedly notarizing the signature; and further because at the time of purported

16 assignment, the prior purported assignment had not yet been recorded,  in violation of

17 *inter alia* California Civil Code §2932.5;

18          D. The entity issuing the Notice of Default had no authority to issue

19 said notice under the law and therefore said Notice is null and void and any further actions

20 to acquire title to said property are null and void;

21          E. The entity issuing the Notice of Default failed to file, serve, and

22 record an amended Notice of Default as a result of assignments subsequent to the Notice

23 of Default and prior to the sale of the property, as required by Civil Code §2924c;

24          F.   No election to sell was made by the purported foreclosing

25

26

1  beneficiary, as required by law;

2       G. Failure to file an amended Notice of Trustee Sale, as required by

3  Civil Code §2934a(e), regarding the substitution of trustee;

4       H. The trustee sale of the property on or about May 7, 2009 must

5  be set aside, due to acceptance of funds paid by plaintiff in furtherance of an agreement

6  between the parties to cancel said sale;

7       I. Failure of the beneficiary, at the time of the sale, to make an

8  election to sell the property as required by Civil Code §2924(a)(1)(c); '

9       J. The defendant herein did not have clear title to the property at the

10  time of the Notice of Default, the Notice of Trustees Sale, or at the time of the sale itself,

11  in that defendant's assignor did not have clear title, the assignment received being null and

12  void because there was, in effect, no signature conveying title appearing on said

13  document, the signature having been notarized four months previously.

14       K. The defendant did not have title to the subject property due to

15  unacknowledged signatures on assignments which purported to convey interest in the

16  property; thus, this defendant did not have the powers of a beneficiary, did not have the

17  power to elect to sell the property, and did not have authority to authorize the trustee to

18  conduct a sale of the property.

19       L. The defendant did not have, and cannot demonstrate, a clear chain

20  of title to the property; thus, this defendant did not have clear title to the property and thus

21  had no power to elect to sell the property.

22       M. The purported beneficiary at the time of the Notice of Default

23  was not the beneficiary at the time of notice of sale or sale.

24       N. The sale violated the clear and explicit terms of the Notice of Sale

25

26

1  pursuant to which the sale was conducted in that the property was sold under

2  impermissible terms compelled by the said Notice.

3              O.  The entity who purported to be the duly appointed trustee, ETS,

4  who issued the notice of default, the notice of trustee sale and conducted the sale, was

5  in fact not duly appointed and had no authority or power to do any of these acts, nor to

6  issue the trustee's deed.

7          24.  Because said trustee sale was void as a matter of law, no tender is

8  required under California law as a pre-condition to maintain this cause of action.

9          25.  For each of the foregoing reasons and failure to comply with the strict

10  sta-tutory requirements required as a prerequisite for a trustee sale in California, the

11  trustee sale must be set aside as hereinafter prayed for.

12

13                  **SECOND CAUSE OF ACTION**

14          **(SET ASIDE TRUSTEE SALE DUE TO SALE BEING VOIDABLE)**

15              **[DELETED PER COURT ORDER OF March 7, 2011]**

16                      (Paragraphs 26 - 31 deleted.)

17

18                      **THIRD CAUSE OF ACTION**

19              **'(SET ASIDE SALE AS TO LOT 20 AS VOID)**

20              **[DELETED PER COURT ORDER OF March 7, 2011]**

21                      (Paragraphs 32 - 39 deleted.)

22

23                  **FOURTH CAUSE OF ACTION**

24                          **(ESTOPPEL)**

25

26

40. Plaintiff incorporates and re-alleges, as though fully set forth herein, para-graphs 1 through 39 inclusive.

41. Plaintiff offers to tender on the same bases as set forth hereinabove.

42. Plaintiff was promised by defendant and its agents that the trustees sale would be cancelled and his property would not be sold provided he tendered $50,000.00 in certified funds.  Said agreement was memorialized in writing.  Plaintiff tendered said funds in reliance on said promise.

43. Notwithstanding said fulfillment of their agreement and detrimental reliance thereon, all as confirmed in writing, defendant and its agents sold the property to itself, at an unannounced and unnoticed sale, unbeknownst to plaintiff.

44. As a direct and proximate result of the foregoing, plaintiff suffered and con-tinues to suffer great irreparable harm, including the loss of his residence for over twenty-four years.

45. As a result of these activities by defendant BNY, Does 1 through 50 and their assignors ad predecessors in interest, defendant should be estopped to hold title to said property and it should be returned to plaintiff forthwith, together with damages as hereinafter prayed for..

## FIFTH CAUSE OF ACTION
### (QUIET TITLE)

(Paragraphs 46-48 Deleted per Response to Motion To Dismiss, Doc.#75, filed August 8, 2011).

1

2    **SIXTH CAUSE OF ACTION**

3    **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

4

5        49. Plaintiff incorporates and re-alleges, as though fully set forth herein, the

6    remaining paragraphs 1 through 48 inclusive.

7        50. Defendant BNY, GMAC, ETS and Does 1 through 50 are corporations

8    or other entities whose precise name(s) or business forms are presently unknown to

9    plaintiff. The defendants, and each of them, were at all times relevant herein, subsidiaries,

10   parent companies, affiliates, co-venturers, agents, sub-entities, assignors, assignees,

11   predecessors, partners, employees, employers, principals, agents, masters and/or servants

12   of each other, and the acts or omissions herein alleged were within the course and scope

13   of such relationship(s). Plaintiff is informed and believes, and on such basis, alleges that

14   the acts and omissions of each such defendant sued herein as Does was a proximate

15   cause of the injuries to plaintiff  hereinafter alleged, thereby rendering each such

16   defendant liable to plaintiff.

17       51. Each such defendant hereinabove referred to was, at all times relevant

18   herein, in the business of, and specialized in, real estate ownership, real estate financing,

19   real estate financing remedies, and foreclosure procedures required by State law,

20   specifically the requirements of California law pertaining to non-judicial foreclosure.

21       52.  On information and belief, Defendant BNY hired, employed, or

22   otherwise contracted for the services of GMAC as the servicer on the subject loan

23   referred to hereinabove. In taking any and all actions on said loan, including but not

24   limited to the foreclosure proceedings referenced hereinabove, GMAC was acting as the

25

26

1  agent for defendant BNY. In addition, on information and belief, BNY hired other entities

2  through GMAC, whose identities are presently unknown, to act as agents of defendant

3  BNY to take actions to further the foreclosure proceedings referenced hereinabove. In

4  doing said actions, GMAC and other entities were acting as the agent for defendant BNY.

5       53.  Defendant BNY and its agents, and each of them, individually and

6  collectively, had a duty under California law to trustors such as plaintiff to comply with

7  the requirements of California law in taking any action regarding real property to which

8  they claimed an interest, specifically when claiming an interest via assignment and in

9  undertaking foreclosure proceedings against real property to which they claimed an

10 interest. Defendant BNY and its agents, and each of them, breached their duty to plaintiff

11 by violating several provisions of California law, specifically several provisions of the

12 California Civil Code, as hereinabove alleged in Count One of this Complaint, specifically

13 but not limited to, failing to take title to said property because of faulty and illegal

14 assignment so that there was, and is, no clear chain of title residing in defendant herein

15 and each of them, and thus, could not maintain any action to non-judicially sell plaintiff's

16 property, by causing assignment documents to be illegally notarized and filed with the

17 Recorders Office of San Mateo County multiple times, thereby rendering any of such

18 several assignments void and of no force and effect, by employing the services of an

19 alleged trustee who was not legally appointed to said position under the terms of the deed

20 of trust or California law, and thus had no power to conduct any trustee sale as to the

21 subject property of plaintiff. All of said aforementioned breaches were, and are, evident

22 from the face of documents prepared by defendants and each of them, or their

23 predecessors, and filed with the Recorder of San Mateo County.

24      54.  After defendant BNY allegedly took title to plaintiff's property by way

25

26

1   of foreclosure proceedings, Defendant hired an attorney to evict plaintiff from his home.

2   Said attorney in turn hired a process server to serve plaintiff with an unlawful detainer

3   action to evict plaintiff from his home. The process server first used abusive and illegal

4   tactics but ultimately lied in a sworn affidavit of service to the court, and the court

5   suppressed the supposed service. The attorney for defendant BNY then dismissed this

6   lawsuit and filed another lawsuit for unlawful detainer, and these same actions by the very

7   same process server continued with ferocity and to a more abusive degree than before.

8   Said process server, in attempting to serve plaintiff with this second lawsuit, intensified

9   his efforts to serve plaintiff by any means necessary, then acted maliciously and with

10  intent to scare and terrify plaintiff. Said process server acted abusively by attempting

11  service as early as 6 A.M. and as late as 2A.M. Said process server would literally stomp

12  up to the front door on a wooden walkway, deliberately making menacing noises, pound

13  loudly and repeatedly on the front door, literally shaking the door which would reverberate

14  throughout the house, scream plaintiff's name at the top of his voice, literally screaming

15  later than 11 P.M. from the roadway and walkway, knowing that his voice would carry

16  throughout the neighborhood and embarrass plaintiff before his neighbors. Plaintiff's

17  home is located on a quiet country street where sound carries for blocks. Specifically,

18  plaintiff was awakened from sleep on several occasions as a result of the process server

19  screaming his name from in front of the house, as well as pounding loudly and repeatedly

20  on the front door, all of which happened when lights had been turned off for the night.

21  In addition, with callous disregard for plaintiff, and with malice aforethought violated

22  numerous requirements of State law, and as a direct and proximate result, plaintiff was

23  severely injured and made to suffer for almost two years as this process went forward,

24  including multiple attempts to evict plaintiff from his property, employing process servers

25

26

FOURTH AMENDED COMPLAINT
(PER COURT ORDER DATED OCTOBER 13, 2011)

- 13 -                              CIVIL NO. CV 10 1734 JSW

1  who violated California law and Orders from the San Mateo Superior Court regarding

2  service, violating Orders from the San Mateo County Superior Court by appearing in

3  court for trial on an unlawful detainer action with witnesses when defendant knew that

4  said action had been stayed by order of the court, by employing a law firm to conduct

5  said proceedings who, through some fifteen court proceedings, always employed

6  specially appearing attorneys and never once appeared in court on their clients behalf, by

7  forcing plaintiff to expend resources to defend against defendant's illegal activities, by

8  causing plaintiff to suffer great emotional distress as a result of illegal activities on the part

9  of defendants and each of them.

10        55.  In committing the aforementioned acts, said process server acted

11 intentionally to inflict great and extreme mental suffering in plaintiff, as a way of scaring

12 plaintiff into accepting service, and as a method to punish plaintiff for challenging his

13 honesty to the court, specifically that he had lied under oath in papers he had filed with

14 the court.

15        56.  In addition, in furtherance of the plot of defendant BNY and its agents

16 to oust plaintiff from his home, defendant and its agents, including but not limited to

17 GMAC, contrived assignments of title that were illegal and of no effect in that

18 assignments were "robo-signed", multiple assignments were illegally notarized, in one

19 case, more than six months prior to the corporate officer signing the document purporting

20 to assign the property, and which was done by an employee who had already been

21 censured by a Florida court for this very activity, and the actions of defendant and its

22 agents to deliberately and with malice aforethought, contrived to, and changed dates on

23 official documents, to conduct a foreclosure sale by an alleged trustee who had been

24 appointed by a supposed beneficiary who would not become a beneficiary for over a year

25

26

1  and a half. All of these actions pre-dated the initiation of any litigation in this matter, and

2  was done for the sole purpose of harassing plaintiff, causing him extreme emotional

3  distress, frightening him from his home, and deliberately attempting to take plaintiff's

4  home in derogation of the law of California.

5      57. All of these actions caused plaintiff to spend significant sums of money

6  on legal representation in an attempt to stave off eviction proceedings and reverse the

7  foreclosure proceedings. Defendant and its agents refused to reverse and abate said

8  aforementioned illegal activities when pointed out to them through legal counsel, and

9  caused plaintiff to suffer continuing extreme mental distress.

10      58. As a direct and proximate result of the intentional, outrageous and

11  unreasonable conduct of the defendant and its agents, plaintiff became frightened, upset,

12  nervous, and humiliated, and as a result, suffered extreme and severe mental suffering and

13  duress. Defendants, and each of them, deliberately and carelessly, or with such callous

14  disregard for State law that it amounted to deliberateness, violated the requirements of

15  State law as set forth hereinabove. Said emotional distress and damage was substantial,

16  enduring, and continuous from the point in time that plaintiff found a notice on his front

17  door that his property had been sold without notice to the present day, and was, and is

18  of such debilitating quality that no reasonable person in a civilized society should be

19  expected to endure it.

20      59. The damage suffered by plaintiff was proximately caused by the actions

21  of defendants and each of them, who acted knowing that said conduct was substantially

22  certain to result from their conduct, or with reckless disregard of the probability of

23  causing plaintiff severe emotional distress. Plaintiff suffered loss of sleep, extreme

24  nervousness, inability to focus on current events but instead dwelt on the forced eviction

25

26

1  from his home, an inability to relate to acquaintances and family members and close

2  relationships, to such an extent that it caused serious consequences to plaintiff's

3  relationships and health, and a withdrawal from his normal social life. As a result of the

4  aforementioned, plaintiff was caused to suffer great emotional harm as set forth

5  hereinabove, all to his detriment.

6      60.  Wherefore, plaintiff prays as hereinafter set forth.

7

8  ## SEVENTH CAUSE OF ACTION

9  ## (BREACH OF CONTRACT)

10

11      61.  Plaintiff incorporates and realleges, as though fully set forth herein,

12  para-graphs 1 through 60 inclusive.

13      62.  At all times relevant herein, on information and belief, defendant

14  employed GMAC to act as a loan servicer on behalf of defendant, and in all material ways,

15  gave GMAC full authority to act on its behalf, such that the actions of GMAC regarding

16  the loan at issue herein, became the actions of defendant.

17      63.  On or about June 18, 2010, plaintiff and employees of GMAC entered

18  into a contract, pursuant to which GMAC would cancel the trustees sale then presently

19  scheduled in exchange for the payment of $50,000.00 in certified funds. Said contract

20  was confirmed in writing by plaintiff. Said confirmation was telefaxed to GMAC, and

21  confirmation of receipt received by plaintiff. At no time, up to and including the present

22  time, has GMAC or defendant ever challenged the existence of said contract or in any

23  way, undertook any actions to dispute or rescind said contract.

24      64.  Plaintiff, in reliance thereon, tendered $50,000.00 in certified funds to

25

26

1  GMAC, the receipt of which was confirmed in writing.

2      65.  The trustees sale aforementioned hereinabove was therefore a breach

3  of the contract entered into between plaintiff and defendants agents.

4      66.  Wherefore, plaintiff prays as hereinafter set forth

5

6               **EIGHTH CAUSE OF ACTION**

7         **(VIOLATION OF ONE ACTION RULE)**

8

9  (Paragraphs 67- 72 Deleted per Response to Motion To Dismiss, Doc. #75, filed August

10  8, 2011.).

11

12               **NINTH CAUSE OF ACTION**

13             **(ACCOUNTING)**

14  Paragraphs 73-75 Deleted per Response to Motion To Dismiss, Doc.#75, filed August 8,

15  2011).

16

17               **TENTH CAUSE OF ACTION**

18      **(CANCELLATION OF RECORDED DOCUMENTS)**

19      76.  Plaintiff incorporates and re-alleges, as though fully set forth herein

20  para-graphs 1 through 75 inclusive.

21      77.  According to public records on file with the Recorders Office of San

22  Mateo County, on or about September 21, 2006, the purported beneficiary on this date,

23  TCIF REO2, LLC attempted to substitute a trustee, to wit Executive Trustee Services

24  LLC fka Executive Trustee Services, Inc. Said attempted Substitution of Trustee was

25

26

recorded on November 10, 2006.  Said substitution was ineffective and illegal in that the signature of the agent of the purported beneficiary was not duly acknowledged and noticed under California law.  In addition, the purported beneficiary was without power to issue such a document in that it was illegally and improperly assigned the Deed of Trust as set forth hereinabove.

78.  The following documents, referenced hereinabove, are null and void, in that each and every one was issued by an entity without any power in California to issue said documents, to wit Executive Trustee Services:

      A.  The Notice of Default referenced hereinabove;

      B.  The Notice of Trustees Sale;

      C.  The Trustees Deed Upon Sale.

**WHEREFORE,** plaintiff prays for judgment against Defendants BNY and Does 1 through 50 as follows:

## AS TO THE FIRST CAUSE OF ACTION:

1.  For an order setting aside and invalidating the trustee sale of the property that took place on or about May 7, 2009.

2.  For an Order returning title to said property to plaintiff.

3.  For incidental damages in an amount to be determined at trial;

4.  For costs of suit incurred; and

5.  For such other and further relief as the court may deem just and proper.

## AS TO THE SECOND CAUSE OF ACTION: [Deleted Per Court Order]

1   AS TO THE THIRD CAUSE OF ACTION: [Deleted Per Court Order]

2

3   **AS TO THE FOURTH CAUSE OF ACTION:**

4   1.  For an order setting aside the trustee sale of the property that took place on or about

5   May 7, 2009.

6   2.  For incidental damages in an amount to be determined at trial;

7   3.  For costs of suit incurred; and

8   4.  For such other and further relief as the court may deem just and proper.

9

10   AS TO THE FIFTH CAUSE OF ACTION: [Deleted per Doc. #75]

11

12   **AS TO THE SIXTH CAUSE OF ACTION:**

13   1.   For monetary damages, both compensatory and punitive, in an amount to be

14   determined at trial;

15   2.  For costs of suit incurred; and

16   3.  For such other and further relief as the court may deem just and proper.

17

18   **AS TO THE SEVENTH CAUSE OF ACTION:**

19   1.  For an order setting aside the trustee sale of the property that took place on or about

20   May 7, 2009.

21   2.  For damages in an amount to be determined at trial;

22   3.  For costs of suit incurred; and

23   4.  For such other and further relief as the court may deem just and proper.

24

25

26

1  AS TO THE EIGHTH CAUSE OF ACTION: [Deleted per Doc. #75]

2

3  AS TO THE NINTH CAUSE OF ACTION: [Deleted per Doc.# 75]

4

5  **AS TO THE TENTH CAUSE OF ACTION:**

6  1. For an order setting aside the trustee sale of the property that took place on or about

7  May 7, 2009.

8  2. For an order cancelling and expunging from the official records of San Mateo County

9  the Notice of Default, the Notice of Trustees Sale and the Trustees Deed Upon Sale;

10  3. For damages in an amount to be determined at trial;

11  4. For costs of suit incurred; and

12  5. For such other and further relief as the court may deem just and proper.

13

14  Dated: November ___2___ , 2011.                    Respectfully submitted,

15

16

17

18                                                         ALAN MOSS

19                                                      In Propria Persona

20

21

22

23

24

25

26

1                              PROOF OF SERVICE

2   Court:         U.S. District Court, Northern District of California

3   Case name:  Alan Moss vs. Bank Of New York Trust Company, et al..

4   Action no.:   CV 10-1734 VRW

5              I am employed in the county of San Mateo, California.  I am over the age
    of 18 and not a party to the within action   on this date, I served the foregoing
6   document(s) described as:

7              Plaintiff's FOURTH AMENDED COMPLAINT(Corrected per court order
               of October 13, 2011)

8
    on the party(ies) set out in said document by causing a true copy thereof to be:
9
    [   ]        telecopied via facsimile to the addressee's telephone number listed below.
10  [   ]        telecopied via facsimile to the addressee's telephone number listed below
               and thereafter mailed according to the procedures set forth immediately
11             hereinbelow.
    [ x  ]      by U.S. mail, by placing said document(s) in a sealed envelope with first
12             class postage thereon fully prepaid, and then placed in a mailbox of the U.S
               postal service.
13  [   ]      by U.S. mail, return receipt requested, by placing said document(s) in a
               sealed envelope with appropriate postage thereon fully prepaid and then
14             placed in the designated office area for outgoing mail.
    [   ]      delivered by hand to the person set forth below, or by handing said
15             document in a sealed envelope to a messenger service for delivery as
               addressed.
16  [   ]      sent via federal express, by handing said document in a sealed envelope to
               a federal express agent, for overnight delivery.
17
    and if mailed, addressed as follows and sent to the following address(es):
18
19      Elena Kouvabina Esq.
        Severson & Werson
        One Embarcadero Center
20      San Francisco CA 94111

21             I declare under penalty of perjury under the laws of the state of California
    that the foregoing is true and correct.
22
               Executed this 2nd day of November, 2011, at Moss Beach, California.
23

24                                        _____

25

26
    Fourth Amended Complaint
    (Per Court Order Dated October 13,2011)           - 21 -              CIVIL NO. CV 10 1734 JSW

# EXHIBIT FIVE

CIV505386 Actions – San Mateo Civil                                                    7/20/13 10:06 AM



# Actions

**Home**                          **Actions**

Case Type:                        :

Case Number:              Search

## Case CIV505386 - ALAN IRVING MOSS VS EXECUTIVE TRUSTEE SER., LLC

Move To This Date

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 06/08/2012 9:00 AM DEPT. 7 | CASE MANAGEMENT CONFERENCE | VACATED | N/A |
| | 05/31/2012 9:00 AM DEPT. LM | HEARING: MOTION RE: TO SET ASIDE ENTRY OF DEFAULT FILED BY EXECUTIVE TRUSTEE SERVICES, LLC - Minutes | COMPLETED | |
| | 05/23/2012 | NOTICE OF STAY OF PROCEEDINGS FILED BY EXECUTIVE TRUSTEE SERVICES, LLC. | | |
| | 05/23/2012 | CASE DISPO'D - BANKRUPTCY/FEDERAL COURT NOTIFICATION RECEIVED | | |
| | 05/17/2012 | DECLARATION OF ALAN MOSS IN SUPPORT OF PLAINTIFFS RESPONSE TO MOTION TO SET ASIDE DEFAULT | | |
| | 05/17/2012 | ALAN IRVING MOSS`S RESPONSE TO DEFENDANTS MOTION TO SET ASIDE DEFAULT FILED. | | |
| | 04/18/2012 9:00 AM DEPT. LM | HEARING: MOTION RE: TO SET ASIDE ENTRY OF DEFAULT FILED BY EXECUTIVE TRUSTEE SERVICES, LLC - | OFF-CALENDAR | |
| | 04/04/2012 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT | | |
| | 04/04/2012 | DECLARATION OF CAROL BONELLO IN SUPPORT OF EXECUTIVE TRUSTEE SERVICES MOTION TO SET ASIDE DEFAULT | | |
| | 04/04/2012 | NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT BASED ON EXTRINSIC FRAUD OR MISTAKE FILED BY EXECUTIVE TRUSTEE SERVICES, LLC | | |
| | 04/04/2012 | MOTION FEE PAID BY EXECUTIVE TRUSTEE SERVICES, LLC. | | |
| | 04/04/2012 | NOTICE OF WITHDRAWAL OF MOTION TO SET ASIDE ENTRY OF DEFAULT FILED BY EXECUTIVE TRUSTEE SERVICES, LLC. | | |
| | 03/09/2012 9:00 AM DEPT. PJ | HEARING DEFAULT PROVE-UP. - | COMPLETED | |
| | 03/07/2012 9:00 AM | CASE MANAGEMENT CONFERENCE - | CONTINUED | N/A |

CIV505386 Actions - San Mateo Civil                                                                    7/20/13 10:06 AM

| | DEPT. 7 | | | |
|---|---|---|---|---|
| | 03/06/2012 | PROOF OF SERVICE OF DEFENDANTS NOTICE OF MOTION, ETC. SERVED ON MR. ALAN IRVING MOSS BY USPS WITH A SERVICE DATE OF 03/06/12. | - | |
| | 03/06/2012 | DECLARATION OF CAROL BONELLO IN SUPPORT OF EXECUTIVE TRUSTEE SERVICES, LLCS MOTION TO SET ASIDE | | |
| | 03/06/2012 | DECLARATION OF ILENA KOUVABINA INSUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT | | |
| | 03/06/2012 | NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT BASED ON EXCUSABLE MISTAKE FILED BY EXECUTIVE TRUSTEE SERVICES, LLC | | |
| | 03/06/2012 | FIRST PAPER FEE PAID BY EXECUTIVE TRUSTEE SERVICES, LLC. | - | |
| | 03/01/2012 | REQUEST TO SET HEARING ON UNCONTESTED CALENDAR (DEFAULT PROVE-UP), FILED. | - | |
| | 12/02/2011 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE - | CONTINUED | N/A |
| | 12/01/2011 | HCMC1I CALENDARED ON 12/02/11 IN DEPT. 7. HAS BEEN UPDATED TO 12/02/11 IN DEPT. 21. | - | |
| | 11/28/2011 | CASE MANAGEMENT STATEMENT FILED BY ALAN IRVING MOSS. | - | |
| N | 08/26/2011 9:00 AM DEPT. 7 | CASE MANAGEMENT CONFERENCE - | CONTINUED | ⊙ |
| | 08/22/2011 | PROOF OF SERVICE (PERSONAL) OF STATEMENT OF DAMAGES * SERVED ON EXECUTIVE TRUSTEE SERVICES, LLC WITH SERVICE DATE OF 08/09/11 FILED. | - | |
| | 08/22/2011 | STATEMENT OF OF DAMAGES FILED BY ALAN IRVING MOSS | - | |
| | 06/17/2011 | DEFAULT ENTERED AS TO EXECUTIVE TRUSTEE SERVICES, LLC | - | |
| | 06/17/2011 | REQUEST FOR DEFAULT FILED AND DEFAULT ENTERED ON COMPLAINT FILED 05/05/2011 OF ALAN MOSS AS TO EXECUTIVE TRUSTEE SERVICES, LLC. | | |
| | 06/02/2011 | PROOF OF PERSONAL SERVICE OF SUMMONS AND COMPLAINT FILED 05/05/2011 OF ALAN MOSS SERVED ON EXECUTIVE TRUSTEE SERVICES, LLC BY SERVING BRADLEY ELLISON, AGENT FOR SERVICE WITH SERVICE DATE OF 05/09/11 | - | |
| N | 05/05/2011 | 30 DAY SUMMONS, ISSUED AND FILED. | - | ⊙ |
| N | 05/05/2011 | CIVIL CASE COVERSHEET RECEIVED | - | ⊙ |
| N | 05/05/2011 | (S) COMPLAINT FILED | - | ⊙ |

# EXHIBIT SIX



# Actions



Home    ...............Parties    **Actions**    Minutes    Pending Hearings    Case Report    .........

Case Type:                    :

Case Number:    ...........    ⌐ Search ⌐

## C.ase CIV486130 - ALAN MOSS VS. THE BANK OF NEW YORK TRUST ET AL.

⌐ Move To This Date ⌐

Previous 50

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 12/28/2009 | HCMC1I CALENDARED ON 01/26/10 IN DEPT. 7. HAS BEEN UPDATED TO 01/26/10 IN DEPT. 21. | - | |
| | 12/10/2009 | NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE FILED BY ALAN IRVING MOSS. | - | |
| N | 12/08/2009 9:00 AM DEPT. 25 | CASE MANAGEMENT CONFERENCE - Minutes | CONTINUED | |
| | 12/03/2009 | PLTF.S FAXED REQUEST TO CONTINUE THE 12/8/09 CMC FORWARDED TO DEPT. 25 FOR CONSIDERATION. | - | |
| | 11/20/2009 | AMENDED NOTICE OF HEARING ON MOTION TO BE RELIEVED AS COUNSEL FILED BY ALAN IRVING MOSS. | - | |
| | 11/20/2009 | CASE MANAGEMENT STATEMENT FILED BY ALAN IRVING MOSS. | - | |
| | 11/16/2009 | DECLARATION IN SUPORT OF ATTORNEYS MOTION TO BE RELIEVED AS COUNSEL - CIVIL FILED BY ALAN IRVING MOSS | - | |
| | 11/16/2009 | NOTICE OF MOTION TO BE RELIEVED AS COUNSEL - CIVIL FILED BY ALAN IRVING MOSS | - | |
| N | 07/22/2009 | AFFIDAVIT OF PERSONAL DELIVERY BY A. DEGLIANTONI FILED | - | |
| N | 07/22/2009 | 30 DAY SUMMONS, ISSUED AND FILED. | - | |
| N | 07/22/2009 | CIVIL CASE COVERSHEET RECEIVED | - | |
| N | 07/22/2009 | (S) COMPLAINT FILED | - | |

Previous 50

CIV4 86130 Actions – San Mateo Civil

| | | IRVING MOSS IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS | | |
|---|---|---|---|---|
| | 04/15/2010 | NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS FILED BY ALAN IRVING MOSS | | |
| | 04/15/2010 | ORDER GRANTING ORDER SHORTENINT TIME TO HAVE MOTION TO CONSOLIDATE HEARD, SIGNED BY JUDGE CRETAN ON 04/15/10 FILED. | | |
| | 04/15/2010 | DECLARATION AND NOTICE OF ALAN MOSS IN SUPPORT OF EXPARTE APL. TO FOR ORDER SHORT. TIME TO HEAR MOTION FILED BY ALAN IRVING MOSS | | |
| | 04/15/2010 | DECLARATION OF ALAN MOSS IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FILED BY ALAN IRVING MOSS | | |
| | 04/15/2010 | EX-PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR NOTICE OF MOTION TO CONSOLIDATE ACTIONS FILED BY ALAN IRVING MOSS | | |
| N | 03/22/2010 | 30 DAY SUMMONS, ISSUED AND FILED. | | 📷 |
| N | 03/16/2010 | (U) 1ST AMENDED COMPLAINT OF ALAN MOSS FILED (AMENDED COMPLAINT) | | 📷 |
| | 03/09/2010 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE - Minutes | CONTINUED | N/A |
| | 03/03/2010 | CASE MANAGEMENT STATEMENT FILED BY ALAN IRVING MOSS. | | |
| | 02/10/2010 | ORDER FOR WITHDRAWAL AS ATTORNEY OF RECORD ON COMPLAINT FILED 07/22/2009 OF ALAN MOSS FILED; MICHAEL B. ALLEN REMOVED AS TO ALAN IRVING MOSS AND REPLACED WITH PRO/PER, SIGNED BY JUDGE CRETAN, ON 02/09/10. | | |
| | 01/26/2010 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE - Minutes | CONTINUED | N/A |
| | 01/25/2010 | (PROPOSED) ORDER GRANTING ATTY MOT. TO BE RELIEVED AS COUNSEL SENT TO D-6-CRETAN. | | |
| | 01/06/2010 9:00 AM DEPT. LM | HEARING: MOTION RE: TO BE RELIEVED AS COUNSEL - CIVIL FILED BY ALAN IRVING MOSS - Minutes | COMPLETED | |

Previous 50    Next 12

| | | | | |
|---|---|---|---|---|
| N | 08/28/2012 | BANK OF NEW YORK MELLONS REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF PLAINTIFF, FILED. | - | 📷 |
| N | 08/22/2012 | DECLARATION OF ALAN MOSS IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO COMPEL FILED BY ALAN IRVING MOSS | | 📷 |
| N | 08/22/2012 | OPPOSITION TO DEFENDANTS MOTION TO COMPEL DEPOSITION FILED BY ALAN IRVING MOSS | | 📷 |
| N | 08/08/2012 | NOTICE OF MOTION AN MOTION TO COMPEL DEPOSITION OF PA MOSS FILED BY ALAN IRVING MOSS | | 📷 |
| N | 08/08/2012 | DECLARATION OF ELENA KOUVABINI IN SUPPORT OF THE BANK OF NY=ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | | 📷 |
| N | 07/05/2012 | CERTIFIED COPY OF ORDER GRANTING MOTION FOR REMAND FROM FEDERAL COURT FILED. | | 📷 |
| N | 07/05/2012 | CERTIFIED COPY OF CIVIL DOCKET RE REMAN FROM FEDERAL COURT FILED. | | 📷 |
| N | 07/05/2012 | TRANSMITTAL LTR FROM U. S. DISTRICT COURT, NORTHERN DISTRICT, RECEIVED. | | 📷 |
| | 07/05/2012 | ATTORNEY ADDED FOR THE DEFENDANT(S)/RESPONDENT(S) THE BANK OF NEW YORK TRUST COMPANY, N.A.. ATTORNEY: ERIC G FERNANDEZ. | | |
| | 07/05/2012 | ATTORNEY ADDED FOR THE DEFENDANT(S)/RESPONDENT(S) THE BANK OF NEW YORK TRUST COMPANY, N.A.. ATTORNEY: ELENA K KOUVABINA. | | |
| | 07/05/2012 | ATTORNEY ADDED FOR THE DEFENDANT(S)/RESPONDENT(S) THE BANK OF NEW YORK TRUST COMPANY, N.A.. ATTORNEY: EDWARD R BUELL. | - | |
| | 07/05/2012 | ATTORNEY ADDED FOR THE DEFENDANT(S)/RESPONDENT(S) THE BANK OF NEW YORK TRUST COMPANY, N.A.. ATTORNEY: DAVID R ENDRES. | | |
| | 07/05/2012 | ATTORNEY ADDED FOR THE PLAINTIFF(S)/PETITIONER(S) ALAN IRVING MOSS. ATTORNEY: PRO/PER. | | |
| | 05/18/2010 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE | VACATED | N/A |
| | 05/12/2010 | CASE DISPOD - BANKRUPTCY/FEDERAL COURT NOTIFICATION RECEIVED. | | |
| | 05/12/2010 | STAGE AT DISPOSITION - DISMISSAL OR TRANSFER. | - | |
| | 04/23/2010 9:01 AM DEPT. LM | HEARING: MOTION RE: TO CONSOLIDATE ACTIONS FILED BY ALAN IRVING MOSS - | COMPLETED | |
| | 04/20/2010 | OPPOSITION TO TO MOTION TO CONSOLIDATE UNLAWFUL DETAINER (CLJ199935) FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | | |
| | 04/15/2010 | MOTION FEE PAID BY ALAN IRVING MOSS. | - | |
| | 04/15/2010 | MOTION FEE PAID BY ALAN IRVING MOSS. | - | |
| | 04/15/2010 | DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS FILED BY ALAN IRVING MOSS | | |
| | 04/15/2010 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN | - | |



# Actions

Home    Add Parties    **Actions**    Minutes    Pending Hearings    Case Report

Case Type:                                 :

Case Number:                    │ Search │

## CIV486130 - ALAN MOSS VS. THE BANK OF NEW YORK TRUST ET AL.

│ Move To This Date │

Previous 50    Next 12

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 10/18/2012 | OPPOSITION TO PLAINTIFFS MOTION TO COMPEL; REQUEST FOR MONETARY SANCTIONS FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | |
| N | 10/05/2012 | PROOF OF SERVICE OF DEFTS MOT FOR AN ORD ORDERING PLTF TO PRODUCE DOCUMENTS; ETC, FILED. | - | |
| N | 10/01/2012 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF BANK OF NEW YORK MOTION FOR ORDER TO COMPEL RESPONSES | - | |
| N | 10/01/2012 | DEFENDANTS SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES, FILED. | - | |
| N | 10/01/2012 | NOTICE OF MOTION TO PRODUCE DOOCUMENTS AND TO RESPOND TO REQUESTS FOR PRODUCTION FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | |
| | 10/01/2012 | COURT REPORTER FEE OF $30.00 PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |
| | 10/01/2012 | FIRST PAPER FEE PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |
| N | 10/01/2012 | SEPARATE STATEMENT PURSUANT TO CRC 3.1345 IN SUPPORT OF MOTION TO COMPEL, FILED. | - | |
| N | 10/01/2012 | DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION TO COMPEL RESPONSES | - | |
| N | 10/01/2012 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN SUPPORT OF MOTION TO COMPEL RESPONSES | - | |
| N | 10/01/2012 | NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO DISCOVERY FILED BY ALAN IRVING MOSS | - | |
| | 10/01/2012 | COURT REPORTER FEE OF $30.00 PAID BY ALAN IRVING MOSS. | - | |
| | 10/01/2012 | MOTION FEE PAID BY ALAN IRVING MOSS. | - | |
| | 09/04/2012 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL DEPOSITION OF PLAINTIFF FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - | GRANTED | |
| N | 08/30/2012 | NOTICE OF LODGING OF DEPOSITION TRANSCRIPT FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |

| N | 11/13/2012 | CASE MANAGEMENT STATEMENT FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | 📷 |
| | 11/05/2012 9:00 AM DEPT. LM | HEARING: MOTION RE: ORDER TO RESPOND TO REQUESTS FOR PRODUCTION FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | COMPLETED | |
| | 10/31/2012 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO DISCOVERY FILED BY ALAN IRVING MOSS - Minutes | COMPLETED | |
| N | 10/29/2012 | PROOF OF SERVICE OF REPLY BRIEF; SUPPLEMENTAL DECLARATION SERVED ON ALAN IRVING MOSS BY MAIL; EMAIL WITH A SERVICE DATE OF 10/29/12. | - | 📷 |
| N | 10/29/2012 | SUPPLEMENTAL DECLARATION OF ELENA KOUIVABINA IN SUPPORT OF BANK OF NEW YORK MOTION TO COMPEL FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | 📷 |
| N | 10/29/2012 | BANK OF NEW YORK MELLON TRUST COMPANYS REPLY IN SUPPORT OF MOTION TO COMPEL, FILED. | - | 📷 |
| N | 10/24/2012 | FURTHER DECLARATION OF ALAN MOSS IN SUPPORT OF REPLY MEMORANDUM RE MOTION TO COMPEL, FILED. | - | 📷 |
| N | 10/24/2012 | REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO COMPEL RESPONSES, FILED. | - | 📷 |
| N | 10/24/2012 | ALAN IRVING MOSS`S RESPONSE IN OPPOSITION TO DEFENDANTS SEPARATE STATEMENT RE MOTION TO COMPEL FILED. | - | 📷 |
| N | 10/24/2012 | AMENDED MEMO OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL AND MOTION TO STRIKE FILED BY ALAN IRVING MOSS. | - | 📷 |
| N | 10/23/2012 | DECLARATION OF ALAN MOSS IN SUPPORT OF PLAINTIFFS OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS | - | 📷 |
| N | 10/23/2012 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL DEPOSITION AND MOTION TO STRIKE | - | 📷 |
| N | 10/18/2012 | PROOF OF SERVICE OF BANK OF NEW YORK OPPOSITION, ETC. SERVED ON ALAN IRVING MOSS BY MAIL AND EMAIL WITH A SERVICE DATE OF 10/18/12. | - | 📷 |
| N | 10/18/2012 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF BANK OF NY MELLONS OPPOSITION TO PLAINTIFFS MOTION | - | 📷 |
| N | 10/18/2012 | THE BANK OF NEW YORK TRUST COMPANY, N.A.`S RESPONSE AND OPPOSITION TO PLAINTIFFS SEPARATE STATEMENT FILED. | - | 📷 |

Previous 50    Next 50

| N | 03/18/2013 | COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET ONE FILED BY ALAN IRVING MOSS | - | |
| N | 03/18/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET ONE | - | |
| | 03/18/2013 | COURT REPORTER FEE OF $30.00 PAID BY ALAN IRVING MOSS. | - | |
| N | 03/18/2013 | NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO DISCOVERY: SPECIAL INTERROGATORIES SET ONE FILED BY ALAN IRVING MOSS | - | |
| | 03/13/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: MOTION FOR TERMINATING SANCTIONS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | CONTINUED | |
| N | 03/11/2013 | FURTHER DECLARATION OF ALAN MOSS IN SUPPORT OF PLAINTIFFS OPPOSITION TO MOTION TO COMPEL, FILED. | - | |
| N | 03/11/2013 | PLAINTIFFS SUR REPLY BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL, FILED. | - | |
| | 02/14/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: MOTION FOR TERMINATING SANCTIONS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | CONTINUED | |
| N | 02/06/2013 | DEFENDANTS REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS, OR TO COMPEL DISCOVERY, FILED. | - | |
| N | 02/01/2013 | PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS SEPARATE STATMENT, FILED. | - | |
| N | 02/01/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS | - | |
| N | 02/01/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL | - | |
| N | 01/09/2013 | DECLARATION OF ALISA A GIVENTAL IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | |
| N | 01/09/2013 | SEPARATE STATEMENT OF IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR IN THE ALTERNATIVE TO COMPEL RESPONSES, FILED. | - | |
| | 01/09/2013 | COURT REPORTER FEE OF $30.00 PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |
| N | 01/09/2013 | NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS OR IN THE ALTERNATIVE TO COMPEL RESPONSES FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | |
| N | 12/10/2012 | ORDER RE: PLAINTIFFS MOTION TO COMPEL RESPONSES TO DISCOVERY, SIGNED BY JUDGE BERGERON ON 11/26/12 FILED. | - | |
| N | 12/10/2012 | ORDER RE: DEFENDANTS MOTION TO COMPEL RESPONSES TO DISCOVERY, SIGNED BY JUDGE BERGERON ON 11/26/12 FILED. | - | |
| N | 11/20/2012 | PRINT COMBINED MANDATORY SETTLEMENT CONFERENCE AND JURY TRIAL OR COURT TRIAL NOTICE | - | |
| N | 11/20/2012 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE - Minutes | COMPLETED | |
| N | 11/13/2012 | CASE MANAGEMENT STATEMENT FILED BY ALAN IRVING MOSS. | - | |

# Actions

**Home**   Summary/Parties   **Actions**   Minutes   Pending Hearings   Case Report   Images

Case Type:                    :

Case Number:                    | Search |

## CIV486130 - ALAN MOSS VS. THE BANK OF NEW YORK TRUST ET AL.

| Move To This Date |

Previous 50    Next 50

| Viewed | Date | Action Text | Disposition | Image |
|--------|------|-------------|-------------|-------|
| N | 05/06/2013 | NOTICE OF ENTRY OF ORDER CONTINUING DATE OF TRIAL FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | 📷 |
| | 05/06/2013 | ORDER AFTER HEARING FOR 04/09/13 RECEIVED AND FORWARDED TO DEPT. 23. | - | |
| | 04/17/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: MOTION TO COMPEL RESPONSES TO DISCOVERY: SPECIAL INTERROGATORIES SET ONE BY ALAN IRVING MOSS - Minutes | COMPLETED | |
| N | 04/15/2013 | STIPULATION AMONG PARTIES TO WITHDRAW AND RESET MOTION TO COMPEL RESPONSES, FILED. | - | 📷 |
| N | 04/12/2013 | PRINT COMBINED MANDATORY SETTLEMENT CONFERENCE AND JURY TRIAL OR COURT TRIAL NOTICE | - | 📷 |
| | 04/10/2013 | EX-PARTE FEE PAID BY THE BANK OF NEW YORK. | - | |
| N | 04/10/2013 | ORDER TO CONTINUE TRIAL, SIGNED BY JUDGE FOILES ON 04/10/13, FILED. | - | 📷 |
| N | 04/10/2013 | DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE TRIAL | - | 📷 |
| N | 04/10/2013 | EX PARTE APPLICATION TO CONTINUE TRIAL FILED. | - | 📷 |
| N | 04/09/2013 | DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF OPPOSITION TO PLAINTIFFS MOTION TO COMPEL FURTHER RESPONSES | - | 📷 |
| N | 04/09/2013 | OPPOSITION TO PLAINTIFFS MOTION TO COMPEL FURTHER RESPONSES FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 📷 |
| | 04/09/2013 9:01 AM DEPT. LM | HEARING: MOTION RE: MOTION FOR TERMINATING SANCTIONS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | COMPLETED | |
| | 04/09/2013 9:00 AM DEPT. 23 | HEARING: MOTION RE: MOTION FOR TERMINATING SANCTIONS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | CONTINUED | |
| N | 03/18/2013 | SEPARATE STATEMENT OF PURSUANT TO CRC 3.1345 IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY, FILED. | - | 📷 |
| | | DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION TO | | |

| | 09/12/2013 | MOTION FEE PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |
| N | 06/19/2013 | ORDER RE: PLAINTIFFS MOTION TO COMPEL DISCOVERY HEARD ON MAY 20, 2013, SIGNED BY JUDGE BERGERON ON 06/13/13 FILED. | - | 📷 |
| | 06/14/2013 9:00 AM DEPT. LM | HEARING RE: MOTION TO COMPEL RESPONSES TO DISCOVERY: SPECIAL INTERROGATORIES SET ONE. - Minutes | OFF-CALENDAR | |
| N | 06/13/2013 | NOTICE OF WITHDRAWAL OF MOTION TO COMPEL DISCOVERY FILED BY ALAN IRVING MOSS. | - | 📷 |
| N | 06/11/2013 | AMENDED SEPERATE STATEMENT IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY FILED BY ALAN IRVING MOSS. | - | 📷 |
| N | 06/11/2013 | PLAINTIFFS REQUEST TO PROVIDE ORAL EVIDENCE AT HEARING ON MOTION TO COMPEL, FILED. | - | 📷 |
| | 06/10/2013 9:00 AM DEPT. PJ | JURY TRIAL. TIME ESTIMATE: 4 DAYS 00:00 HOURS. - Minutes | CONTINUED NOT HEARD | N/A |
| | 05/23/2013 9:30 AM DEPT. 7 | MANDATORY SETTLEMENT CONFERENCE - Minutes | CONTINUED NOT HEARD | N/A |
| | 05/20/2013 9:00 AM DEPT. LM | HEARING RE: MOTION TO COMPEL RESPONSES TO DISCOVERY: SPECIAL INTERROGATORIES SET ONE. - Minutes | CONTINUED NOT HEARD | |
| N | 05/16/2013 | NOTICE OF ENTRY OF ORDER ON DEFENDANTS MOTION FOR TERMINATING SANCTIONS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | 📷 |
| N | 05/16/2013 | STIPULATION TO CONTINUE HEARING DATE ON PLTFS MOTION TO COMPEL RESPONSES FOR 5/20/13; RECEIVED. | - | 📷 |
| N | 05/13/2013 | FURTHER DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION TO COMPEL RESPONSES, FILED. | - | 📷 |
| N | 05/13/2013 | DECLARATION OF JILL HERNANDEZ IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES | - | 📷 |
| N | 05/13/2013 | REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES, FILED. | - | 📷 |
| N | 05/13/2013 | ORDER ON MOTION FOR SANCTIONS/TO COMPEL RESPONSES, SIGNED BY JUDGE SWOPE ON 05/10/13, FILED. | - | 📷 |
| N | 05/10/2013 | LETTER DATED MAY 6, 2013 FROM ALAN MOSS RECEIVED. | - | 📷 |

Previous 50    Next 50

CIV486130 Actions - San Mateo Civil

| | | REQUEST FOR SANCTIONS | | |
|---|---|---|---|---|
| | | | | N/A |
| | 10/04/2013 | PROPOSED ORDER RECEIVED. | - | N/A |
| N | 10/04/2013 | PROPOSED ORDER RECEIVED. | - | 🔾 |
| N | 10/04/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION TO AMEND COMPLAINT | | 🔾 |
| N | 10/04/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN SUPPORT OF PLAINTIFFS MOTION TO AMEND COMPLAINT | - | 🔾 |
| N | 10/04/2013 | NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT FILED BY ALAN IRVING MOSS | - | 🔾 |
| | 10/04/2013 | COURT REPORTER FEE OF $30.00 PAID BY ALAN IRVING MOSS. | | |
| N | 09/24/2013 | PROOF OF SERVICE (BY MAIL) OF DEFENDANTS NOTICE OF MOTION FOR SUMMARY JUDGMENT, ETC. SERVED ON MR. ALAN IRVING MOSS WITH A SERVICE DATE OF 09/24/13 FILED. | - | 🔾 |
| N | 09/24/2013 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION. | - | 🔾 |
| N | 09/24/2013 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF BANK OF NEW YORK MOTION FOR SUMMARY JUDGMENT | - | 🔾 |
| N | 09/24/2013 | DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT | - | 🔾 |
| N | 09/24/2013 | SEPARATELY BOUND VOLUME OF EVIDENCE IN SUPPORT OF DEFENDANTS MSJ/MSA, FILED. | - | 🔾 |
| N | 09/24/2013 | SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, FILED. | - | 🔾 |
| | 09/24/2013 | MOTION FOR SUMMARY JUDGMENT SET BY EARLIER NOTICE FILED; FEES PAID. | | |
| N | 09/24/2013 | MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. AGAINST THE BANK OF NEW YORK TRUST COMPANY, N.A.. | | 🔾 |
| N | 09/23/2013 | PROOF OF SERVICE (BY MAIL) OF NOTICE OF MOTION TO COMPEL RESPONSES; STATEMENT; DECLARATION SERVED ON ALAN IRVING MOSS WITH A SERVICE DATE OF 09/20/13 FILED. | - | 🔾 |
| N | 09/23/2013 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF BANK OF NY MOTION TO COMPEL RESPONSES TO DISCOVERY | | 🔾 |
| | 09/23/2013 | COURT REPORTER FEE OF $30.00 PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | | |
| | 09/23/2013 | MOTION FEE PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | | |
| N | 09/20/2013 | DEFENDANTS SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL, FILED. | | 🔾 |
| N | 09/20/2013 | MOTION TO COMPEL RESPONSES TO DISCOVERY, TO DEEM MATTERS ADMITTED AND FOR AWARD OF SANCTIONS FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | | 🔾 |
| N | 09/12/2013 | (S) MOTION FOR SUMMARY JUDGMENT AS TO 1ST AMENDED COMPLAINT OF ALAN MOSS FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | | 🔾 |
| | 09/12/2013 | COURT REPORTER FEE OF $30.00 PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | | |

# Actions

Home      Accounts/Parties      **Actions**      Minutes      Pending Hearings      Case Report      Image(s)

Case Type: 

Case Number:                              Search

## CIV486130 - ALAN MOSS VS. THE BANK OF NEW YORK TRUST ET AL.

Move To This Date

Previous 50     Next 50

| Viewed | Date | Action Text | Disposition | Image |
|--------|------|-------------|-------------|-------|
| | 10/25/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO DISCOVERY, TO DEEM MATTERS ADMITTED, AND AWARDING SANCTIONS BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | COMPLETED | |
| N | 10/22/2013 | PROOF OF SERVICE OF DEFENDANTS OPPOSITION, ETC SERVED ON ALAN IRVING MOSS BY MAIL; EMAIL WITH A SERVICE DATE OF 10/22/13. | - | 📷 |
| N | 10/22/2013 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF DEFENDANTS OPPOSITION TO MOTION TO AMEND COMPLAINT | - | 📷 |
| N | 10/22/2013 | DECLARATION OF PETER KNAPP IN SUPPORT OF OPPOSITION TO PLAINTIFFS MOTION TO AMEND | - | 📷 |
| N | 10/22/2013 | OPPOSITION TO PLAINTIFF MOSSS MOTION TO AMEND THE FOURTH AMENDED COMPLAINT FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 📷 |
| N | 10/18/2013 | REPLY TO IN SUP OF ITS MOTION TO COMPEL RESPONSES TO DISCOVERY TO DEEM MATTERS, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 📷 |
| N | 10/18/2013 | PROOF OF SERVICE (BY MAIL) OF DEFTS REP SEP STMNT, DEC IN SUP OF MOTION TO COMPEL, RELATED DOCUMENTS SERVED ON SEE LIST WITH A SERVICE DATE OF 10/18/13 FILED. | - | 📷 |
| N | 10/18/2013 | SUPPLEMENTAL DEC IN SUP OF MOTION TO COMPEL RESPONSES TO DISCOVERY TO DEEM MATTERS SPECIFIED, ETC FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | 📷 |
| N | 10/18/2013 | REPLY TO SEPARATE STATEMENT FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 📷 |
| N | 10/15/2013 | DECLARATION OF ALAN MOSS IN SUPPOR OF PLTFS OPPOSITION TO DEFS MOTION TO COMPEL DISCOVERY FILED BY ALAN IRVING MOSS | - | 📷 |
| N | 10/15/2013 | ALAN IRVING MOSS'S RESPONSE IN OPPOSITION TO DEFS SEPARATE STATEMENT RE: MOTION TO COMPEL DISCOVERY FILED. | - | 📷 |
| N | 10/15/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN OPPOSITION TO DEFS MOTION TO COMPEL& | - | 📷 |

CIV486130 Actions - San Mateo CMP    12-12020-mg    Doc 7642    Filed 10/16/14    Entered 10/16/14 16:58:40    Main Document 4, 1:35 PM

Pg 88 of 107

| | | | | |
|---|---|---|---|---|
| | | MOSS | | |
| N | 11/12/2013 | PROOF OF SERVICE OF OPPOSITION TO MOTION TO QUASH, ETC. SERVED ON MR. ALAN IRVING MOSS BY MAIL; ELECTRONIC WITH A SERVICE DATE OF 11/12/13. | - | 📷 |
| N | 11/12/2013 | DECLARATION OF ELENA KOUIVABINA IN SUPPORT OF BANK OF NEW YORK MELLON OPPOSITION TO MOTION TO QUASH | - | 📷 |
| N | 11/12/2013 | DECLARATION OF GINA JOHNSON ISO MOTION FOR SUMMARY JUDGMENT | - | 📷 |
| N | 11/12/2013 | OPPOSITION TO PLAINTIFFS MOTION TO QUASH SUBPOENAS AND A REQUEST FOR AWARD OF EXPENSES FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 📷 |
| N | 11/07/2013 | PROOF OF SERVICE OF NOTICE OF MOTION TO COMPEL, ETC. SERVED ON MR. ALAN IRVING MOSS BY MAIL; ELECTRONIC MAIL WITH A SERVICE DATE OF 11/07/13. | - | 📷 |
| N | 11/07/2013 | DECLARATION OF ELENA KOUBABINA IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SUBPOENA | - | 📷 |
| | 11/07/2013 | COURT REPORTER FEE OF $30.00 PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |
| | 11/07/2013 | MOTION FEE PAID BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | |
| N | 11/07/2013 | NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENA BY SAND CANYON CORPORATION FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 📷 |
| | 11/04/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: FOR LEAVE TO FILE AMENDED COMPLAINT FILED BY ALAN IRVING MOSS - Minutes | COMPLETED | |
| | 11/01/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO DISCOVERY, TO DEEM MATTERS ADMITTED, AND AWARDING SANCTIONS BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | CONTINUED | |
| N | 10/28/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF PLTFS MOTION TO AMEND COMPLAINT FILED BY ALAN IRVING MOSS | - | 📷 |
| N | 10/28/2013 | REPLY TO MEMO OF P & A IN SUPPORT OF PLTFS MOTION TO AMEND COMPLAINT FILED BY ALAN IRVING MOSS | - | 📷 |
| N | 10/28/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENAS DUCES TECUM | - | 📷 |
| N | 10/28/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA DUCES TECUM | - | 📷 |
| N | 10/28/2013 | NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS ISSUED BY DEFENDANT THE BANK OF NEW YORK TRUST FILED BY ALAN IRVING MOSS | - | 📷 |

Next 50

| N | 11/27/2013 | PROOF OF SERVICE OF OPPOSITION TO MOTION TO COMPEL WITH SUP DOCS SERVED ON SEE SERVICE LIST BY MAIL/EMAIL WITH A SERVICE DATE OF 11/27/13. | | 🔊 |
| N | 11/27/2013 | DECLARATION OF ELENA KOUVABINA IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL | - | 🔊 |
| N | 11/27/2013 | SEPARATE STATEMENT OF IN OPPOSITION TO PLAINTIFFS MOTION TO COMPEL RESPONSES TO DISCOVERY, FILED. | - | 🔊 |
| N | 11/27/2013 | OPPOSITION TO PLAINTIFFS MOTION TO COMPEL FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. | - | 🔊 |
| | 11/27/2013 | COURT RECORD CORRECTED AS TO HEARING DATE OF MOTION TO COMPEL RESPONSES TO SUBPOENA. | | |
| N | 11/27/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT | - | 🔊 |
| N | 11/27/2013 | OBJECTION TO EVIDENCE PROFFERED BY DEFEDNANT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED BY ALAN IRVING MOSS. | - | 🔊 |
| N | 11/27/2013 | ALAN IRVING MOSS`S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED. | - | 🔊 |
| N | 11/27/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF REQUEST FOR CONTINUANCE RE: MOTION FOR SUMMARY JUDGMENT | - | 🔊 |
| N | 11/27/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION | - | 🔊 |
| | 11/25/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: MOTION TO QUASH SUBPOENAS ISSUED BY THE BANK OF NEW YORK BY ALAN IRVING MOSS - Minutes | CONTINUED | |
| N | 11/22/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF REPLY MEMORANDUM RE: MOTION FOR ORDER QUASHING SUBPOENA | - | 🔊 |
| N | 11/22/2013 | REPLY MPA IN SUPPORT OFMOTIO FOR ORDER QUASHING SUBPOENAS DUCES TECUM, FILED. | - | 🔊 |
| | 11/21/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO DISCOVERY, TO DEEM MATTERS ADMITTED, AND AWARDING SANCTIONS BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | CONTINUED | |
| | 11/21/2013 | (PROPOSED) ORDER AND STIP RE: MOTION TO COMPEL SENT TO JUDGE BUCHWALD FOR REVIEW. | - | |
| N | 11/14/2013 | ONE LEGAL PROOF OF SERVICE OF MOTION TO COMPEL RESPONSES TO SUBPOENA, FILED. | - | 🔊 |
| N | 11/13/2013 | DECLARATION OF ALAN MOSS IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES | - | 🔊 |
| N | 11/13/2013 | SEPARATE STATEMENT PURSUANT TO CRC 3.1345 IN SUPPORT OF MOTION TO COMPEL RESPONSES, FILED. | - | 🔊 |
| N | 11/13/2013 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ALAN IRVING MOSS IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET ONE | - | 🔊 |
| | 11/13/2013 | COURT REPORTER FEE OF $30.00 PAID BY ALAN IRVING MOSS. | - | |
| | 11/13/2013 | MOTION FEE PAID BY ALAN IRVING MOSS. | - | |
| N | 11/13/2013 | NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO DISCOVERY SPECIAL INTERROGATORIES FILED BY ALAN IRVING | - | 🔊 |



# Actions

Case Type:                                   :

Case Number:                        Search

## CIV486130 - ALAN MOSS VS. THE BANK OF NEW YORK TRUST ET AL.

Move To This Date

Next 50

| Viewed | Date | Action Text | Disposition | Image |
|--------|------|-------------|-------------|-------|
|  | 01/13/2014 9:00 AM DEPT. PJ | JURY TRIAL. TIME ESTIMATE: 4 DAYS 00:00 HOURS. | VACATED | N/A |
| N | 12/23/2013 | PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS, FILED. | - | 📷 |
| N | 12/23/2013 | ORDER AND STIPULATION TO RE-SET TIME LIMIT FOR DEFS. TO FILE RESPONSE, SIGNED BY JUDGE SCOTT ON 12/19/13 FILED. | - | 📷 |
|  | 12/16/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO SUBPOENA BY SAND CANYON CORPORATION AND FOR SANCTIONS BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | COMPLETED |  |
|  | 12/13/2013 9:30 AM DEPT. 7 | MANDATORY SETTLEMENT CONFERENCE | VACATED | N/A |
|  | 12/13/2013 9:00 AM DEPT. LM | MOTION FOR SUMMARY JUDGMENT AS TO 1ST AMENDED COMPLAINT OF ALAN MOSS FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | COMPLETED |  |
| N | 12/09/2013 | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY THE BANK OF NEW YORK TRUST COMPANY, N.A.. | - | 📷 |
|  | 12/09/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: MOTION TO QUASH SUBPOENAS ISSUED BY THE BANK OF NEW YORK BY ALAN IRVING MOSS - Minutes | OFF-CALENDAR |  |
|  | 12/09/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO DISCOVERY, TO DEEM MATTERS ADMITTED, AND AWARDING SANCTIONS BY THE BANK OF NEW YORK TRUST COMPANY, N.A. - Minutes | OFF-CALENDAR |  |
|  | 12/09/2013 9:00 AM DEPT. LM | HEARING: MOTION RE: TO COMPEL RESPONSES TO DISCOVERY; SPECIAL INTERROGATORIES BY ALAN IRVING MOSS - Minutes | OFF-CALENDAR |  |
| N | 12/05/2013 | REQUEST FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE FILED AND ENTERED. | - | 📷 |
| N | 12/02/2013 | PLAINTIFFS REPLY MPA IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SPEC. INTERRATORIES, FILED. | - | 📷 |

# EXHIBIT SEVEN

ADRMOP,CLOSED,E-Filing,MEDTERM,PROTO,ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10-cv-01734-JSW

Moss v. The Bank of New York Trust Company
Assigned to: Hon. Jeffrey S. White
Case in other court: San Mateo County Superior Court,
    CIV486130
Cause: 28:1441 Petition For Removal--Other Contract

Date Filed: 04/22/2010
Date Terminated: 06/26/2012
Jury Demand: None
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

### Plaintiff

**Alan Irving Moss**

represented by **Alan Irving Moss**
P.O. Box 721
Moss Beach, CA 94038
415-296-7500
Fax: 415-296-9034
PRO SE

V.

### Defendant

**The Bank of New York Trust Company**

represented by **David R Endres**
TFLG, A Law Corporation
2121 2nd Street, Ste C105
Davis, CA 95618
530-750-3700
Email: dendres@dre-apc.com
*TERMINATED: 05/05/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Rick Buell , III**
Sevrson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
415-398-3344
Fax: 415-956-0439
Email: erb@severson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elena Konstantinovna Kouvabina**
Severson and Werson
One Embarcadero Center
26th Floor
San Francisco, CA 94111
415-677-5512
Fax: 415-956-0439
Email: ekk@severson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Gene Fernandez**
TFLG, A Law Corporation
202 Cousteau Place
Suite 260
Davis, CA 95618
530-750-3700
Fax: 530-750-3344
Email: eric.fernandez@tflglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Lewis Beckmann**
TFLG, A Law Corporation
2121 2nd Street, Ste C105
Davis, CA 95618
530-750-3700
Email: james.beckmann@dre-apc.com
*TERMINATED: 05/05/2011*
*ATTORNEY TO BE NOTICED*

**Noah M Bean**
TFLG, A Law Corporation
202 Cousteau Place
Suite 260
Davis, CA 95618
530-750-3700
Fax: 530-750-3366
Email: noah.bean@tflglaw.com
*TERMINATED: 05/05/2011*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/22/2010 | | NOTICE OF REMOVAL from San Mateo County Superior Court. Their case number is CIV486130. (Filing fee $350 receipt number 34611044970). Filed byThe Bank of |

| | New York Trust Company. (far, COURT STAFF) (Filed on 4/22/2010) (far, COURT STAFF). (Entered: 04/23/2010) |
|---|---|
| 04/22/2010 | CASE DESIGNATED for Electronic Filing. (far, COURT STAFF) (Filed on 4/22/2010) (Entered: 04/23/2010) |
| 04/22/2010 | ADR SCHEDULING ORDER: Case Management Statement due by 7/29/2010. Case Management Conference set for 8/5/2010 03:30 PM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # 1 Standing Order)(far, COURT STAFF) (Filed on 4/22/2010) (Entered: 04/23/2010) |
| 05/06/2010 | Summons Issued as to The Bank of New York Trust Company. (far, COURT STAFF) (Filed on 5/6/2010) (Entered: 05/07/2010) |
| 05/14/2010 | **ERRONEOUSLY E-FILED, DISREGARD - SEE DOC** 5 MOTION to Dismiss filed by The Bank of New York Trust Company. Motion Hearing set for 6/24/2010 10:00 AM in Courtroom 6, 17th Floor, San Francisco. (Beckmann, James) (Filed on 5/14/2010) Modified on 6/8/2010 (far, COURT STAFF). (Entered: 05/14/2010) |
| 05/14/2010 | MOTION to Dismiss filed by The Bank of New York Trust Company. Motion Hearing set for 6/24/2010 10:00 AM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # Memorandum of Points and Authorities)(Beckmann, James) (Filed on 5/14/2010) (Entered: 05/14/2010) |
| 05/19/2010 | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re Notice of Removal (Beckmann, James) (Filed on 5/19/2010) (Entered: 05/19/2010) |
| 06/03/2010 | Memorandum in Opposition re 5 MOTION to Dismiss filed byAlan Irving Moss. (far, COURT STAFF) (Filed on 6/3/2010) (Entered: 06/08/2010) |
| 06/14/2010 | ORDER TO SHOW CAUSE. Show Cause Response due by Wednesday, 6/16/2010 at 5PM. (vrwlc2, COURT STAFF) (Filed on 6/14/2010) (Entered: 06/14/2010) |
| 06/16/2010 | MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO ORDER TO SHOW CAUSE filed by The Bank of New York Trust Company. (Attachments: # Exhibit Copy of U.S. District Court Order, # 2 Exhibit Declaration)(Beckmann, James) (Filed on 6/16/2010) Modified on 6/17/2010 (far, COURT STAFF). (Entered: 06/16/2010) |
| 06/17/2010 | REQUEST for Leave to File Response to Defendant's Reply to Order to Show Cause filed by Alan Irving Moss. (far, COURT STAFF) (Filed on 6/17/2010) (Entered: 06/18/2010) |
| 06/18/2010 | ORDER granting Motion for Leave to File. Plaintiff may file a response of no more than 10 pages on or before Tuesday, June 22, 2010 at 5PM. (vrwlc2, COURT STAFF) (Filed on 6/18/2010) (Additional attachment(s) added on 6/18/2010: # certificate of service) (sis, COURT STAFF). (Entered: 06/18/2010) |
| 06/21/2010 | CLERKS NOTICE Continuing Motion Hearing. The hearing on Defendant's motion to dismiss and motion to expunge, doc #5 has been continued from 6/24/2010 to 8/5/2010 at 10:00 AM. The 6/24/2010 hearing is vacated. Motion Hearing set for |

|  | |
|---|---|
|  | 8/5/2010 10:00 AM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # proof of service) (cgk, COURT STAFF) (Filed on 6/21/2010) (Entered: 06/21/2010) |
| 06/22/2010 | REPLY to Defendant's Response to Order to Show Cause filed byAlan Irving Moss. (far, COURT STAFF) (Filed on 6/22/2010) (Entered: 06/23/2010) |
| 06/22/2010 | DECLARATION of Alan Moss in Support of 13 Reply filed byAlan Irving Moss. (Related document(s) 13 ) (far, COURT STAFF) (Filed on 6/22/2010) (Entered: 06/23/2010) |
| 06/30/2010 | ORDER granting in part and denying in part 5 Motion to Dismiss; vacating August 5, 2010 hearing. Plaintiff may amend his complaint, consistent with this order, on or before August 26, 2010. (vrwlc2, COURT STAFF) (Filed on 6/30/2010) (Entered: 06/30/2010) |
| 06/30/2010 | ***Deadlines terminated. (far, COURT STAFF) (Filed on 6/30/2010) (Entered: 07/01/2010) |
| 07/01/2010 | CERTIFICATE OF SERVICE re 15 Order on Motion to Dismiss. (cgk, COURT STAFF) (Filed on 7/1/2010) (Entered: 07/01/2010) |
| 08/19/2010 | MOTION for Extension of Time to File Amended Complaint filed by Alan Irving Moss. (far, COURT STAFF) (Filed on 8/19/2010) (Entered: 08/23/2010) |
| 08/25/2010 | ORDER by Judge Vaughn R Walker granting doc 17 Plaintiff's Motion for Extension of Time to File Amended Complaint for additional 30 days. The amended complaint is due on or before 9/27/2010. (cgk, COURT STAFF) (Filed on 8/25/2010) (Entered: 08/25/2010) |
| 09/27/2010 | AMENDED COMPLAINT against The Bank of New York Trust Company. Filed byAlan Irving Moss. (far, COURT STAFF) (Filed on 9/27/2010) (Entered: 09/28/2010) |
| 10/12/2010 | CLERKS NOTICE. Case Management Conference has been scheduled in this case for January 6, 2011 at 3:30 PM. The parties are directed to file a Joint Case Management Conference Statement one week prior to the conference. Parties requesting a continuation shall file a stipulation with a proposed order. If parties are unable to get a stipulation, the requesting party shall file an exparte application with a proposed order. DEFENDANT shall serve this Notice and file with the Court, proof of service, on the Plaintiff and/or any party in this action not appearing on the courts electronic mail notification and/or the certificate of service. (cgk, COURT STAFF) (Filed on 10/12/2010) (Entered: 10/12/2010) |
| 10/12/2010 | Set Deadlines/Hearings: Case Management Statement due by 12/30/2010. Case Management Conference set for 1/6/2011 03:30 PM in Courtroom 6, 17th Floor, San Francisco. (cgk, COURT STAFF) (Filed on 10/12/2010) (Entered: 10/12/2010) |
| 10/18/2010 | Second MOTION to Dismiss *Second Amended Complaint* filed by The Bank of New York Trust Company. Motion Hearing set for 12/23/2010 10:00 AM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # 1 Supplement Request for Judicial Notice in Support of Motion to Dismiss, # 2 Exhibit Exhibit 1 to RJN, #  Exhibit Exhibit 2 |

| | | |
|---|---|---|
| | | to RJN, #   Exhibit Exhibit 3 to RJN, #   Exhibit Exhibit 4 to RJN, #   Exhibit Exhibit 5 to RJN, #   Exhibit Exhibit 6 to RJN, # 8 Exhibit Exhibit 7 to RJN) (Fernandez, Eric) (Filed on 10/18/2010) (Entered: 10/18/2010) |
| 10/19/2010 | | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re Second MOTION to Dismiss *Second Amended Complaint* (Fernandez, Eric) (Filed on 10/19/2010) (Entered: 10/19/2010) |
| 10/26/2010 | | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re   Clerks Notice,, (Fernandez, Eric) (Filed on 10/26/2010) (Entered: 10/26/2010) |
| 12/03/2010 | | MEMORANDUM OF POINTS AND AUTHORITIES in OPPOSITION to   Second MOTION to Dismiss *Second Amended Complaint* filed by Alan Irving Moss. (far, COURT STAFF) (Filed on 12/3/2010) (Entered: 12/06/2010) |
| 12/03/2010 | | Request for Judicial Notice re 25 Memorandum in Opposition filed by Alan Irving Moss. (Related document(s) 25 ) (far, COURT STAFF) (Filed on 12/3/2010) (Entered: 12/06/2010) |
| 12/03/2010 | | MOTION Pursuant to Local Rule of Court 6-3 for Additional Time within which to file response to motion to dismiss filed by Alan Irving Moss. (Attachments: # Proposed Order(far, COURT STAFF) (Filed on 12/3/2010) (Entered: 12/06/2010) |
| 12/06/2010 | | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceeding. Judge Hon. Vaughn R. Walker no longer assigned to the case. Signed by Executive Committee on 12/6/10. (mab, COURT STAFF) (Filed on 12/6/2010) (Entered: 12/06/2010) |
| 12/10/2010 | | Second MOTION to Dismiss *Second Amended Complaint* filed by The Bank of New York Trust Company. Motion Hearing set for 2/4/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco. (Attachments: # 1 Supplement Request for Judicial Notice in Support of Motion to Dismiss, # 2 Exhibit Exhibit 1 to RJN, #   Exhibit Exhibit 2 to RJN, #   Exhibit Exhibit 3 to RJN, # 5 Exhibit Exhibit 4 to RJN, #   Exhibit Exhibit 5 to RJN, # 7 Exhibit Exhibit 6 to RJN, # 8 Exhibit Exhibit 7 to RJN)(Bean, Noah) (Filed on 12/10/2010) (Entered: 12/10/2010) |
| 12/10/2010 | | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re Second MOTION to Dismiss *Second Amended Complaint* (Bean, Noah) (Filed on 12/10/2010) (Entered: 12/10/2010) |
| 12/13/2010 | | ORDER SETTING BRIEFING SCHEDULE. Signed by Judge JEFFREY S. WHITE on 12/13/10. (jjoS, COURT STAFF) (Filed on 12/13/2010) (Entered: 12/13/2010) |
| 12/21/2010 | | STIPULATION re   Second MOTION to Dismiss *Second Amended Complaint, Order and [Proposed] Order Extending Briefing Schedule* by Alan Moss and by The Bank of New York Trust Company. (Bean, Noah) (Filed on 12/21/2010) (Entered: 12/21/2010) |
| 12/21/2010 | | ORDER GRANTING   Stipulation to Continue Filing Deadlines. Signed by Judge Jeffrey S. White on December 21, 2010. (jswlc2, COURT STAFF) (Filed on 12/21/2010) (Entered: 12/21/2010) |

| 01/10/2011 | MEMORANDUM in Opposition re   Second MOTION to Dismiss *Second Amended Complaint* filed byAlan Irving Moss. (Related document(s)   ) (hdj, COURT STAFF) (Filed on 1/10/2011) (Entered: 01/12/2011) |
| --- | --- |
| 01/10/2011 | Request for Judicial Notice re 33 Memorandum in Opposition filed byAlan Irving Moss. (Related document(s) 33 ) (hdj, COURT STAFF) (Filed on 1/10/2011) Modified on 1/12/2011 (hdj, COURT STAFF). (Entered: 01/12/2011) |
| 01/10/2011 | Declaration of Alan Moss in Support of 33 Memorandum in Opposition filed byAlan Irving Moss. (Related document(s) 33 ) (hdj, COURT STAFF) (Filed on 1/10/2011) (Entered: 01/12/2011) |
| 01/21/2011 | Reply to Opposition re 28 Second MOTION to Dismiss *Second Amended Complaint* filed byThe Bank of New York Trust Company. (Bean, Noah) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 02/02/2011 | ORDER VACATING HEARING. Signed by Judge Jeffrey S. White on 2/1/11. (jjoS, COURT STAFF) (Filed on 2/2/2011) (Entered: 02/02/2011) |
| 02/11/2011 | NOTICE by The Bank of New York Trust Company *of Change of Firm Name* (Bean, Noah) (Filed on 2/11/2011) (Entered: 02/11/2011) |
| 03/07/2011 | ORDER by Judge Jeffrey S. White granting in part and denying in part   Motion to Dismiss; setting deadline/hearing dates. (Attachments: # 1 COS) (sis, COURT STAFF) (Filed on 3/7/2011) (Entered: 03/07/2011) |
| 03/07/2011 | Set Deadlines/Hearings: Case Management Statement due by 4/15/2011. Case Management Conference set for 4/22/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. (sis, COURT STAFF) (Filed on 3/7/2011) (Entered: 03/07/2011) |
| 03/25/2011 | ANSWER to Amended Complaint *(Second)* byThe Bank of New York Trust Company. (Bean, Noah) (Filed on 3/25/2011) (Entered: 03/25/2011) |
| 03/25/2011 | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re Answer to Amended Complaint *(Second)* (Bean, Noah) (Filed on 3/25/2011) (Entered: 03/25/2011) |
| 03/25/2011 | MOTION to Amend/Correct Complaint filed by Alan Irving Moss. Motion Hearing set for 5/13/2011 09:00 AM before Hon. Jeffrey S. White. (hdj, COURT STAFF) (Filed on 3/25/2011) (Entered: 03/29/2011) |
| 03/25/2011 | MEMORANDUM in Support re 12 MOTION to Amend/Correct filed byAlan Irving Moss. (Related document(s) 12 ) (hdj, COURT STAFF) (Filed on 3/25/2011) (Entered: 03/29/2011) |
| 03/25/2011 | Declaration of Alan Moss in Support of 12 MOTION to Amend/Correct filed byAlan Irving Moss. (Related document(s) 12 ) (hdj, COURT STAFF) (Filed on 3/25/2011) (Entered: 03/29/2011) |
| 03/25/2011 | Received Document Second Amended Complaint by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 3/25/2011) (Entered: 03/29/2011) |
| 04/12/2011 | ORDER VACATING CASE MANAGEMENT CONFERENCE. Signed by Judge |

| | |
|---|---|
| | Jeffrey S. White on 4/12/11. (jjoS, COURT STAFF) (Filed on 4/12/2011) (Entered: 04/12/2011) |
| 04/25/2011 | ORDER TO SHOW CAUSE AND VACATING HEARING DATE. Signed by Judge Jeffrey S. White on 4/25/11. (jjoS, COURT STAFF) (Filed on 4/25/2011) (Entered: 04/25/2011) |
| 05/02/2011 | NOTICE of Substitution of Counsel by Edward Rick Buell, III *for Defendant Bank of New York Trust and [Proposed] Order* (Buell, Edward) (Filed on 5/2/2011) (Entered: 05/02/2011) |
| 05/02/2011 | RESPONSE TO ORDER TO SHOW CAUSE by The Bank of New York Trust Company *and Notice of Non-Opposition to Motion for Leave to File Second Amended Complaint.* (Buell, Edward) (Filed on 5/2/2011) (Entered: 05/02/2011) |
| 05/04/2011 | MOTION to File Motion for Reconsideration filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 5/4/2011) (Entered: 05/06/2011) |
| 05/04/2011 | Declaration of Alan Moss in Support of 52 MOTION filed byAlan Irving Moss. (Related document(s) 52 ) (hdj, COURT STAFF) (Filed on 5/4/2011) (Entered: 05/06/2011) |
| 05/04/2011 | Proposed Order re 52 MOTION by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 5/4/2011) (Entered: 05/06/2011) |
| 05/05/2011 | ORDER GRANTING 48 Notice of Substitution of Counsel. Defendant is Ordered to Serve a copy of Order on Plaintiff. Signed by Judge Jeffrey S. White on May 3, 2011. (jswlc3, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/05/2011) |
| 05/06/2011 | ORDER DISCHARGING ORDER TO SHOW CAUSE; GRANTING IN PART MOTION to Amend/Correct ; and SETTING INITIAL CASE MANAGEMENT: Case Management Statement due by 6/24/2011. Case Management Conference set for 7/1/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco.. Signed by Judge JEFFREY S.WHITE on 5/6/11. (jjoS, COURT STAFF) (Filed on 5/6/2011) (Entered: 05/06/2011) |
| 05/10/2011 | ORDER by Judge Jeffrey S. White denying 52 Motion for Reconsideration (jjoS, COURT STAFF) (Filed on 5/10/2011) (Entered: 05/10/2011) |
| 05/13/2011 | (Second) AMENDED COMPLAINT against The Bank of New York Trust Company. Filed byAlan Irving Moss. (hdj, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/16/2011) |
| 05/31/2011 | MOTION to Dismiss *Plaintiff's Second Amended Complaint; Motion to Strike Portions of Second Amended Complaint* filed by The Bank of New York Trust Company. Motion Hearing set for 8/12/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. (Attachments: # Proposed Order, # Certificate of Service)(Kouvabina, Elena) (Filed on 5/31/2011) (Entered: 05/31/2011) |
| 05/31/2011 | Request for Judicial Notice re 57 MOTION to Dismiss *Plaintiff's Second Amended Complaint; Motion to Strike Portions of Second Amended Complaint* filed byThe Bank of New York Trust Company. (Attachments: # Exhibit A-K)(Related |

| | | |
|---|---|---|
| | | document(s)    ) (Kouvabina, Elena) (Filed on 5/31/2011) (Entered: 05/31/2011) |
| 06/01/2011 | | ORDER SETTING BRIEFING SCHEDULE REGARDING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT. Signed by Judge Jeffrey S. White on 6/1/11. (jjoS, COURT STAFF) (Filed on 6/1/2011) (Entered: 06/01/2011) |
| 06/15/2011 | | STIPULATION *TO VACATE ORDER SETTING BRIEFING SCHEDULE REGARDING THE BANK OF NEW YORK TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS SECOND AMENDED COMPLAINT; [PROPOSED] ORDER* by Alan Irving Moss, The Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 6/15/2011) (Entered: 06/15/2011) |
| 06/16/2011 | | ORDER GRANTING AS MODIFIED 60 Stipulation TO VACATE ORDER SETTING BRIEFING SCHEDULE REGARDING THE BANK OF NEW YORK TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS SECOND AMENDED COMPLAINT. Signed by Judge Jeffrey S. White on 6/16/11. (jjoS, COURT STAFF) (Filed on 6/16/2011) (Additional attachment(s) added on 6/16/2011: # Certificate of Service) (jjoS, COURT STAFF). (Entered: 06/16/2011) |
| 06/24/2011 | | CLERKS NOTICE CONTINUING CASE MANAGEMENT CONFERENCE: Case Management Statement due by 9/2/2011. Case Management Conference set for 9/9/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. (jjoS, COURT STAFF) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 06/24/2011 | | NOTICE by The Bank of New York Trust Company *OF PENDENCY OF OTHER ACTION OR PROCEEDING [L.R. 3-14]* (Kouvabina, Elena) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 07/01/2011 | | MOTION to Amend/Correct Second Amended Complaint filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 7/1/2011) (Entered: 07/05/2011) |
| 07/01/2011 | | Proposed Order re 64 MOTION to Amend/Correct by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 7/1/2011) (Entered: 07/05/2011) |
| 07/01/2011 | | Memorandum of Points in Opposition to Third Motion to Dismiss filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 7/1/2011) (Entered: 07/06/2011) |
| 07/06/2011 | | ORDER by Judge JEFFREY S. WHITE striking 57 Motion to Dismiss; granting Motion to Amend/Correct ; (jjoS, COURT STAFF) (Filed on 7/6/2011) (Entered: 07/06/2011) |
| 07/07/2011 | | SECOND AMENDED COMPLAINT (Corrected pursuant to    Order) against The Bank of New York Trust Company. Filed by Alan Irving Moss. (slh, COURT STAFF) (Filed on 7/7/2011) (Entered: 07/11/2011) |
| 07/07/2011 | | RESPONSE to defendant's Notice of Related Case by Alan Irving Moss. (slh, COURT STAFF) (Filed on 7/7/2011) (Entered: 07/11/2011) |
| 07/13/2011 | | Certificate of Interested Entities by The Bank of New York Trust Company identifying Corporate Parent The Bank of New York Mellon Trust Company, N.A., Corporate |

| | |
|---|---|
| | Parent The Bank of New York Mellon Corporation for The Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 7/13/2011) (Entered: 07/13/2011) |
| 07/20/2011 | MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* filed by The Bank of New York Trust Company. Motion Hearing set for 10/7/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. Responses due by 8/3/2011. Replies due by 8/10/2011. (Attachments: # 1 Proposed Order [Proposed] Order)(Kouvabina, Elena) (Filed on 7/20/2011) (Entered: 07/20/2011) |
| 07/20/2011 | Request for Judicial Notice re 71 MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* filed byThe Bank of New York Trust Company. (Attachments: #   Exhibit Exhibits A-K)(Related document(s) 71 ) (Kouvabina, Elena) (Filed on 7/20/2011) (Entered: 07/20/2011) |
| 07/20/2011 | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re Request for Judicial Notice, 71 MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* (Kouvabina, Elena) (Filed on 7/20/2011) (Entered: 07/20/2011) |
| 08/08/2011 | RESPONSE (re 71 MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* ) filed byAlan Irving Moss. (hdj, COURT STAFF) (Filed on 8/8/2011) (Entered: 08/10/2011) |
| 08/10/2011 | NOTICE by The Bank of New York Trust Company *of Non-Receipt of Opposition to its Motion to Dismiss Plaintiff's Second Amended Complaint* (Buell, Edward) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/17/2011 | REPLY (re 71 MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* ) *in Support of Its Request for Judicial Notice* filed byThe Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/17/2011 | REPLY (re 71 MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* MOTION to Dismiss *Plaintiff's (Corrected) Second Amended Complaint* ) filed byThe Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/29/2011 | STIPULATION re 62 Clerks Notice *TO VACATE ORDER RE-SCHEDULING CASE MANAGEMENT CONFERENCE, TO RE-SCHEDULE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER* by The Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 8/29/2011) (Entered: 08/29/2011) |
| 08/29/2011 | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re Stipulation *TO VACATE ORDER RE-SCHEDULING CASE MANAGEMENT CONFERENCE, TO RE-SCHEDULE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER* (Kouvabina, Elena) (Filed on 8/29/2011) (Entered: 08/29/2011) |
| 08/29/2011 | ORDER GRANTING  Stipulation TO VACATE ORDER RE-SCHEDULING |

| | |
|---|---|
| | CASE MANAGEMENT CONFERENCE, TO RE-SCHEDULE CASE MANAGEMENT CONFERENCE: Case Management Statement due by 9/9/2011. Case Management Conference set for 9/16/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco.. Signed by Judge Jeffrey S. White on 8/29/11. (jjoS, COURT STAFF) (Filed on 8/29/2011) (Additional attachment(s) added on 8/29/2011: # CERTIFICATE OF SERVICE) (jjoS, COURT STAFF). (Entered: 08/29/2011) |
| 08/30/2011 | CLERKS NOTICE Continuing Hearing on Motion to Dismiss. Motion Hearing set for 10/21/2011 09:00 AM before Hon. Jeffrey S. White. (jjoS, COURT STAFF) (Filed on 8/30/2011) (Entered: 08/30/2011) |
| 09/09/2011 | JOINT CASE MANAGEMENT STATEMENT *AND 26(F) REPORT* filed by The Bank of New York Trust Company. (Attachments: # 1 Certificate/Proof of Service) (Kouvabina, Elena) (Filed on 9/9/2011) (Entered: 09/09/2011) |
| 09/12/2011 | CLERKS NOTICE CONTINUING THE CASE MANAGEMENT CONFERENCE: Case Management Statement due by 10/28/2011. Case Management Conference set for 11/4/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. (jjoS, COURT STAFF) (Filed on 9/12/2011) (Entered: 09/12/2011) |
| 10/13/2011 | ORDER by Judge JEFFREY S. WHITE granting 71 Motion to Dismiss (jjoS, COURT STAFF) (Filed on 10/13/2011) (Entered: 10/13/2011) |
| 10/28/2011 | CLERKS NOTICE CONTINUING CASE MANAGEMENT CONFERENCE: Case Management Statement due by 12/2/2011. Case Management Conference set for 12/9/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. (jjoS, COURT STAFF) (Filed on 10/28/2011) (Entered: 10/28/2011) |
| 11/02/2011 | (FOURTH) AMENDED COMPLAINT against The Bank of New York Trust Company. Filed byAlan Irving Moss. (hdj, COURT STAFF) (Filed on 11/2/2011) (Entered: 11/07/2011) |
| 11/21/2011 | ***erroneous docket entry*** ANSWER to Amended Complaint ; *Motion to Dismiss; Motion to Strike Portions* byThe Bank of New York Trust Company. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 11/21/2011) Modified on 11/22/2011 (hdj, COURT STAFF). (Entered: 11/21/2011) |
| 11/22/2011 | MOTION to Dismiss *PLAINTIFF'S FOURTH AMENDED COMPLAINT; MOTION TO STRIKE PORTIONS OF FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF* filed by The Bank of New York Trust Company. Motion Hearing set for 3/2/2012 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. Responses due by 12/6/2011. Replies due by 12/13/2011. (Kouvabina, Elena) (Filed on 11/22/2011) (Entered: 11/22/2011) |
| 11/22/2011 | Proposed Order re MOTION to Dismiss *PLAINTIFF'S FOURTH AMENDED COMPLAINT; MOTION TO STRIKE PORTIONS OF FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF* by The Bank of New York Trust Company. (Attachments: # Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 11/22/2011) (Entered: |

| | 11/22/2011) |
|---|---|
| 11/30/2011 | STIPULATION *(Joint) Re-Setting Response/Reply Brief Due Dates and Vacating/Re-Setting CMC Date* by The Bank of New York Trust Company. (Attachments: # Proposed Order Re-Setting Response/Reply Brief Due Dates and Vacating/Re-Setting CMC Date, # Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 11/30/2011) (Entered: 11/30/2011) |
| 12/02/2011 | ORDER Granting as modified 90 Stipulation Re-Setting Response/Reply Brief Due Dates and Vacating/Re-Setting CMC Date: Case Management Statement due by 2/24/2012. Case Management Conference set for 3/2/2012 01:30 PM in Courtroom 11, 19th Floor, San Francisco.. Signed by Judge Jeffrey S. White on 12/2/11. (jjoS, COURT STAFF) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/13/2011 | RESPONSE (re 88 MOTION to Dismiss *PLAINTIFF'S FOURTH AMENDED COMPLAINT; MOTION TO STRIKE PORTIONS OF FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF* ) filed byAlan Irving Moss. (hdj, COURT STAFF) (Filed on 12/13/2011) (Entered: 12/15/2011) |
| 12/20/2011 | REPLY (re 88 MOTION to Dismiss *PLAINTIFF'S FOURTH AMENDED COMPLAINT; MOTION TO STRIKE PORTIONS OF FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF* ) filed byThe Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 12/20/2011) (Entered: 12/20/2011) |
| 02/16/2012 | ORDER by Judge JEFFREY S. WHITE denying 88 Motion to Dismiss (jjoS, COURT STAFF) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/24/2012 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) (Attachments: # Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/24/2012 | JOINT CASE MANAGEMENT STATEMENT filed by The Bank of New York Trust Company. (Attachments: # 1 Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/24/2012 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Attachments: # Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/24/2012 | CERTIFICATE OF SERVICE by The Bank of New York Trust Company re    Joint Case Management Statement *UPDATED* (Kouvabina, Elena) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/28/2012 | ADR Clerk Notice Setting ADR Phone Conference on 3/1/12 at 10:00 a.m Pacific. The attached document contains instructions for connecting to the call for parties to the case. (sgd, COURT STAFF) (Filed on 2/28/2012) (Entered: 02/28/2012) |
| 03/01/2012 | ADR Remark: ADR Phone Conference held by RWS on 3/1/12. (sgd, COURT STAFF) (Filed on 3/1/2012) (Entered: 03/01/2012) |

| 03/05/2012 | Minute Entry: Initial Case Management Conference held on 3/2/2012 before Judge Jeffrey S. White (Date Filed: 3/5/2012). (Court Reporter Jim Yeomans.) (jjoS, COURT STAFF) (Date Filed: 3/5/2012) (Entered: 03/05/2012) |
|---|---|
| 03/05/2012 | ANSWER to Complaint *(FOURTH AMENDED COMPLAINT)* byThe Bank of New York Trust Company. (Attachments: # 1 Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 3/5/2012) (Entered: 03/05/2012) |
| 03/06/2012 | ADR Clerks Notice Appointing Robert Hirsch as Mediator. (af, COURT STAFF) (Filed on 3/6/2012) (Entered: 03/06/2012) |
| 03/12/2012 | ADR Clerks Notice Vacating Appointment of Mediator, Robert Hirsch. The ADR Program will appoint another mediator as soon as possible. (af, COURT STAFF) (Filed on 3/12/2012) (Entered: 03/12/2012) |
| 03/13/2012 | ADR Clerks Notice Appointing John E. F. DiNapoli as Mediator. (af, COURT STAFF) (Filed on 3/13/2012) (Entered: 03/13/2012) |
| 03/26/2012 | Pre MED phone conference scheduled on Tuesday, March 27, 2012 at 11:00 a.m. (af, COURT STAFF) (Filed on 3/26/2012) (Entered: 03/26/2012) |
| 03/28/2012 | STIPULATION WITH PROPOSED ORDER *TO EXTEND DATE, etc.* filed by The Bank of New York Trust Company. (Attachments: # 1 Certificate/Proof of Service) (Kouvabina, Elena) (Filed on 3/28/2012) (Entered: 03/28/2012) |
| 03/29/2012 | ORDER GRANTING 105 STIPULATION TO EXTEND DATE 1) TO COMPLETE MEDIATION AND 2) TO FILE MOTION FOR REMAND. Signed by Judge Jeffrey S. White on 3/29/12. (jjoS, COURT STAFF) (Filed on 3/29/2012) (Additional attachment(s) added on 3/29/2012: # 1 Certificate of Service) (jjoS, COURT STAFF). (Entered: 03/29/2012) |
| 05/01/2012 | MOTION to Remand filed by The Bank of New York Trust Company. Responses due by 5/15/2012. Replies due by 5/22/2012. (Attachments: # 1 Declaration, # Proposed Order, # Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 5/1/2012) (Entered: 05/01/2012) |
| 05/01/2012 | Request for Judicial Notice re 107 MOTION to Remand filed byThe Bank of New York Trust Company. (Related document(s) 107 ) (Kouvabina, Elena) (Filed on 5/1/2012) (Entered: 05/01/2012) |
| 05/01/2012 | Set/Reset Deadlines as to 107 MOTION to Remand . Motion Hearing set for 6/29/2012 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. (jjoS, COURT STAFF) (Filed on 5/1/2012) (Entered: 05/01/2012) |
| 05/04/2012 | ORDER. Signed by Judge Donna M. Ryu on 5/4/2012. (dmrlc2, COURT STAFF) (Filed on 5/4/2012) (Entered: 05/04/2012) |
| 05/09/2012 | ORDER. Signed by Magistrate Judge Donna M. Ryu on 5/9/2012. (dmrlc2, COURT STAFF) (Filed on 5/9/2012) (Entered: 05/09/2012) |
| 05/11/2012 | MOTION for Extension of Time to File Response filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 5/11/2012) (Entered: 05/15/2012) |

| 05/16/2012 | RESPONSE (re    MOTION for Extension of Time to File ) *OPPOSITION TO MOTION* filed by The Bank of New York Trust Company. (Attachments: # Declaration, # Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| --- | --- |
| 05/16/2012 | ORDER by Judge Susan Illston for Jeffrey S. White granting 111 Motion for Extension as modified (jjoS, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/18/2012 | RESPONSE (re 107 MOTION to Remand ) filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 5/18/2012) (Entered: 05/21/2012) |
| 05/18/2012 | Declaration of Alan Moss in Support of 114 Opposition/Response to Motion filed by Alan Irving Moss. (Related document(s) 114 ) (hdj, COURT STAFF) (Filed on 5/18/2012) (Entered: 05/21/2012) |
| 05/31/2012 | CERTIFICATION OF MEDIATION Session 5/29/2012, case not settled, mediation complete. Signed by Mediator, John E.F. DiNapoli, dated 5/29/2012. (af, COURT STAFF) (Filed on 5/31/2012) (Entered: 05/31/2012) |
| 06/08/2012 | RESPONSE (re 107 MOTION to Remand ) filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 6/8/2012) (Entered: 06/11/2012) |
| 06/08/2012 | Declaration of Alan Moss in Support of 117 Opposition/Response to Motion filed by Alan Irving Moss. (Related document(s) 117 ) (hdj, COURT STAFF) (Filed on 6/8/2012) (Entered: 06/11/2012) |
| 06/13/2012 | REPLY (re 107 MOTION to Remand ) *IN SUPPORT OF ITS MOTION TO REMAND; OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME WITHIN WHICH TO RESPOND* filed by The Bank of New York Trust Company. (Attachments: # 1 Certificate/Proof of Service)(Kouvabina, Elena) (Filed on 6/13/2012) (Entered: 06/13/2012) |
| 06/13/2012 | ERRATA re 108 Request for Judicial Notice, 107 MOTION to Remand *PART 1* by The Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 6/13/2012) (Entered: 06/13/2012) |
| 06/13/2012 | ERRATA re 108 Request for Judicial Notice, 107 MOTION to Remand *PART 2* by The Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 6/13/2012) (Entered: 06/13/2012) |
| 06/13/2012 | ERRATA re 108 Request for Judicial Notice, 107 MOTION to Remand *PART 3* by The Bank of New York Trust Company. (Kouvabina, Elena) (Filed on 6/13/2012) (Entered: 06/13/2012) |
| 06/25/2012 | Ex Parte Application Pursuant to Local Rule 6-3 to Enlarge Time on Motion to Remand filed by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 6/25/2012) (Entered: 06/27/2012) |
| 06/25/2012 | Declaration of Alan Moss in Support of 120 Ex Parte Application filed by Alan Irving Moss. (Related document(s) 120 ) (hdj, COURT STAFF) (Filed on 6/25/2012) (Entered: 06/27/2012) |

| 06/25/2012 | Proposed Order re ___ Ex Parte Application, ___ Declaration in Support by Alan Irving Moss. (hdj, COURT STAFF) (Filed on 6/25/2012) (Entered: 06/27/2012) |
| 06/26/2012 | ORDER GRANTING 107 MOTION to Remand. Signed by Judge JEFFREY S. WHITE on 6/26/12. (jjoS, COURT STAFF) (Filed on 6/26/2012) (Entered: 06/26/2012) |
| 06/27/2012 | Remanded to San Mateo County Superior Court. (hdj, COURT STAFF) (Filed on 6/27/2012) (Entered: 06/27/2012) |
| 07/09/2012 | Receipt from San Mateo County Superior Court. (hdj, COURT STAFF) (Filed on 7/9/2012) (Entered: 07/13/2012) |
| 07/23/2012 | MOTION for Leave to File Motion for Reconsideration re: Ruling on Remand filed by Alan Irving Moss. (dsc, COURT STAFF) (Filed on 7/23/2012) (Entered: 07/24/2012) |
| 07/23/2012 | Declaration of Alan Moss in Support of 129 MOTION for Leave to File Motion for Reconsideration re: Ruling on Remand filed byAlan Irving Moss. (Related document(s) 129 ) (dsc, COURT STAFF) (Filed on 7/23/2012) (Entered: 07/24/2012) |
| 07/23/2012 | Proposed Order re 129 MOTION for Leave to File by Alan Irving Moss. (dsc, COURT STAFF) (Filed on 7/23/2012) (Entered: 07/24/2012) |
| 08/07/2012 | ORDER by Judge Jeffrey S. White denying 129 Motion for Leave to File Motion for Reconsideration (jjoS, COURT STAFF) (Filed on 8/7/2012) (Entered: 08/07/2012) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 10/02/2014 13:01:27 | | | |
| PACER Login: | am0661:2505981:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:10-cv-01734-JSW |
| Billable Pages: | 10 | Cost: | 1.00 |

1

## PROOF OF SERVICE

2   **COURT:** U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

3

**CASE NAME:** *RESCAP*

4

OCT 16 2014

ACTION NO.:   BANKRUPTCY NO. 12-12020-MG

5

U.S. BANKRUPTCY COURT

I am employed in the County of San Francisco, California. I am over the age

6   of 18 and not a party to the within action. On this date, I served the foregoing document(s)
described as:

7

1. **RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S**

8   **SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**

2. **DECLARATION OF ALAN MOSS IN SUPPORT OF HIS RESPONSE IN**

9   **OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S SEVENTY-**
**FIFTH OMNIBUS OBJECTIONS TO CLAIMS**

10

11   on the party(ies) set out in said document by causing a true copy thereof to be:

12   [  ]   Telecopied via facsimile to the addressee's facsimile number listed below per
CRC 2008(b).

13   [  ]   Telecopied via facsimile to the addressee's telephone number listed below, and
thereafter mailed according to the procedures set forth immediately

14       hereinbelow.

[ X ]   By U.S. priority mail, by placing said document(s) in a sealed envelope with

15       first class postage thereon fully prepaid, and then deposited in a U.S. Post
Office.

16   [  ]   By U.S. mail, Return Receipt Requested, by placing said document(s) in a
sealed envelope with appropriate postage thereon fully prepaid and then placed

17       in the designated office area for outgoing mail.

[  ]   Delivered by hand to the person set forth below, or by handing said document

18       in a sealed envelope to a messenger service for delivery as addressed.

[  ]   Sent via Priority overnight mailing, by handing said document in a sealed

19       envelope to an agent for the USPS for overnight delivery.

20   and if mailed, addressed as follows and sent to the following address(es):

21   Hon. Martin Glenn(Chambers Copy)
Judge of the U.S. Bankruptcy Court in and for the

22       Southern District of New York
Alexander Hamilton Custom House

23   One Bowling Green
New York New York 10004-1408

24

25

26

1   Clerk's Office(Filing Copy)
    U.S. Bankruptcy Court in and for the
2       Southern District of New York
    Alexander Hamilton Custom House
3   One Bowling Green
    New York New York 10004-1408

4

5   Morrison and Foerster LLP
    ATTN: Norman S. Rosenbaum
6   250 West 55th Street
    New York New York 10019

7

8   ResCap Borrowers Trust
    Polsinelli PC
    ATTN: Daniel J. Flanigan
9   900 Third Avenue, 21st Floor
    New York New York 10022

10

    Office of the U.S. Trustee for the
11      Southern District of New York
    ATTN: Linda A. Rifkin & Brian S. Masumoto
12  U.S. Federal Office Building
    201 Varick Street, Suite 1006
13  New York New York 10014

14          I declare under penalty of perjury under the laws of the State of California that
    the foregoing is true and correct.

15          Executed this 13th day of October, 2014, at San Francisco, California.

16

17

18

19

20

21

22

23

24

25

26