**Hearing Date: November 20, 2014 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 6, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 5800 FILED BY WEKESA MADZIMOYO**

ny-1156370

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................2
JURISDICTION, VENUE, AND STATUTORY PREDICATE .................................................3
BACKGROUND ........................................................................................................................3
RELIEF REQUESTED ...............................................................................................................5
OBJECTION ...............................................................................................................................5
    Background Facts ...........................................................................................................6
    Bad Faith and Fraud .....................................................................................................10
    Wrongful Foreclosure ...................................................................................................13
NOTICE ....................................................................................................................................16
CONCLUSION .........................................................................................................................16

## TABLE OF AUTHORITIES

**Cases**                                                                 Page(s)

Aetna Fin. Co. v. Culpepper,
    320 S.E. 2d 228 (Ga. Ct. App. 1984) ....................................................................... 14

Coast v. Bank of New York Mellon Trust, N.A.,
    2013 WL 5945085 (N.D. Ga. Nov. 6, 2013) ............................................................ 11

Connolly v. Ga.,
    406 S.E. 2d 222 (1991) ............................................................................................ 15

Dockens v. Runkle Consulting, Inc.,
    648 S.E. 2d 80 (Ga. Ct. App. 2007) ......................................................................... 10

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ....................................................................... 6

Harris v. Chase Home Fin., LLC,
    524 Fed. Appx. 590 (11th Cir. 2013) ....................................................................... 11

Hay v. Bank of Am., N.A.,
    No. 1:12-CV-01596-RWS, 2013 U.S. Dist. LEXIS 49052 (N.D. Ga. Mar. 29, 2013) ........... 13

Heritage Creek Dev. Corp. v. Colonial Bank,
    601 S.E. 2d 842 (Ga. Ct. App. 2004) ....................................................................... 13

Hines v. MidFirst Bank,
    2013 WL 609401 (N.D. Ga. Jan. 8, 2013) .......................................................... 11, 12

Howard v. Mortg. Elec. Registration Sys., Inc.,
    No. 1:10-cv-01630-WSD, 2012 U.S. Dist. LEXIS 116366 (N.D. Ga. Aug. 17, 2012) .......... 13

McCarter v. Bankers Trust. Co.,
    543 S.E. 2d 755 (Ga . Ct. App. 2000) ...................................................................... 13

Merceron v. Bank of New York Mellon Trust, N.A.,
    No. 1:11-cv-2831-WSD-AJB, 2012 U.S. Dist. LEXIS 116544 (N.D. Ga. Aug. 7,
    2012) ........................................................................................................................ 13

Montgomery v. Bank of Am.,
    740 S.E. 2d 434 (Ga. Ct. App. 2013) ....................................................................... 12

R.W. Holdco, Inc. v. Johnson,
    601 S.E. 2d 177 (Ga. Ct. App. 2004) ....................................................................... 10

Roylston v. Bank of Am., N.A.,
   660 S.E. 2d 412 (Ga. Ct. App. 2008) ...................................................................................... 14

Smith v. Ga. Kaolin Co.,
   498 S.E. 2d 266 (Ga. 1988) ...................................................................................................... 15

You v. JPMorgan Chase Bank, N.A.,
   743 S.E. 2d 428 (Ga. 2013) ...................................................................................................... 11

**STATUTES**

11 U.S.C. 502(b)(1) ......................................................................................................................... 6

11 U.S.C. §502(a) ........................................................................................................................... 5

O.C.G.A. 44-5-30 ......................................................................................................................... 11

O.C.G.A. §44-2-21 (a)(4), (b) ...................................................................................................... 11

O.C.G.A. §44-14-162(b) ............................................................................................................... 11

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (as defined below), hereby submits this objection (the "Objection") seeking to disallow and expunge, without leave to amend, proof of claim no. 5800 (the "Claim") filed by Wekesa Madzimoyo (the "Claimant") against Debtor GMAC Mortgage, LLC for $2,275,000.00 pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the grounds that the Claim fails to state a basis for liability against the Debtors.[1]  The Borrower Trust seeks entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the requested relief.  In support of the Objection, the Borrower Trust submits the declaration of Kathy Priore, Associate Counsel for the ResCap Liquidating Trust (the "Priore Declaration"), attached hereto as Exhibit 2, the declaration of Alexandria Reyes, Co-Counsel to the ResCap Liquidating Trust (the "Reyes Declaration"), attached hereto as Exhibit 3, and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Borrower Trust (the "Rosenbaum Declaration"), attached hereto as Exhibit 4.

---

[1]  The Borrower Trust reserves all of its rights to object on any other basis to the Claim not set forth in this Objection, and the Borrower Trust reserves all of its rights to amend this Objection should any further bases come to light.

ny-1156370

**PRELIMINARY STATEMENT**

1. The Borrower Trust examined the Claim and the statements and exhibits submitted in support thereof. A copy of the Claim is attached hereto as Exhibit 5. The asserted basis for liability for the Claim is "Wrongful Foreclosure, Bad Faith, Fraud, Civil Action File 09CV9136-10." The Borrower Trust conducted an exhaustive examination of the Debtors' books and records to assess the allegations made in the Claim and the Diligence Response (defined herein), and determined that the Claimant's allegations of liability are without merit.

2. The Claimant has failed to sufficiently allege how the Debtors' actions give rise to liability for the stated causes of action. Specifically, the Claimant fails to substantiate his claims for fraud with any evidence that the Debtors made a false representation. Moreover, the Claimant fails to allege a cause of action for wrongful foreclosure because no foreclosure has occurred to date and the Claimant remains in possession of his home. Additionally, the Claimant fails to allege a cause of action for wrongful attempted foreclosure because he has not shown that the foreclosure notice contained any untrue statement when it was published. Finally, the Claimant fails to allege a cause of action for quiet title because once he executed the security deed to the underlying real property; he conveyed title to the property to the lender. Accordingly, for the reasons discussed herein and in the Priore and Reyes Declarations, the relief sought in the Objection should be granted with respect to the Claimant.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

3. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

5. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

7. On November 8, 2012, the Claimant filed the Claim.

8. On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"). The Procedures Order includes specific protections for

3

Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

9.     The Debtors sent Request Letters to certain Borrowers, including the Claimant, requesting additional documentation in support of their claims. See Priore Declaration ¶ 5. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. A Request Letter was sent to the Claimant and the Borrower Trust received a response (the "Diligence Response") on July 19, 2013, a copy of which is attached to the Priore Declaration as Exhibit A.

10.    On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

11.    The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such

---

[2] As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan (defined below).

claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

12. The Debtors previously objected to another claim filed by the Claimant, claim no. 3691, in the *Debtors' Eighth Omnibus Objection to Claims (Redundant Claims)* [Docket No. 3927] (the "Omnibus Objection") on the grounds that it was substantially duplicative of the Claim. The Court granted the Omnibus Objection and expunged claim no. 3691 in its *Order Granting Debtors' Eighth Omnibus Objection to Claims (Redundant Borrower Claims)* [Docket No. 4242].

## RELIEF REQUESTED

13. The Borrower Trust files this Objection, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the Claim with prejudice from the Claims Register.

## OBJECTION

14. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. §502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or

5

applicable law…." 11 U.S.C. 502(b)(1). Furthermore, the burden of persuasion once an objection refutes an essential allegation of the claim is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

*Background Facts*

15.     On March 23, 1999, non-Debtor FT Mortgage Companies d/b/a/ Equibanc Mortgage Corporation ("Equibanc") originated a loan to the Claimant in the amount of $140,600.00 (the "Loan"), evidenced by a note (the "Note") and secured by a security deed (the "Security Deed") on property located at 852 Brafferton Place, Stone Mountain, GA 30083 (the "Property"). Copies of the Note and the Security Deed are attached to the Priore Declaration as Exhibit B and Exhibit C, respectively. Debtor Residential Funding Corp. purchased the Loan from Equibanc and transferred its interest when the loan was securitized on or about June 1, 1999 wherein First National Bank of Chicago was appointed as Trustee. See Priore Declaration ¶ 6. Equibanc assigned the Security Deed to First National Bank of Chicago and the assignment was recorded on February 5, 2001. See 1999 Assignment, attached to the Priore Declaration as Exhibit D. The loan was pulled out of the securitization in late 2005 and was put into another securitization on or about April 1, 2006 where JP Morgan Chase Bank, NA was appointed as trustee. See Priore Declaration ¶ 6. The Bank of New York Mellon Trust Company, N.A. ("Bank of New York") was subsequently appointed as successor trustee and is the current holder of the Security Deed, as documented in an assignment executed on January

6

ny-1156370

18th, 2011 (the "2011 Assignment").³  See 2011 Assignment, attached to the Priore Declaration as Exhibit E.

16. Debtor Homecomings Financial, LLC ("Homecomings") serviced the Loan from July 6, 1999 until servicing of the Loan was transferred to Debtor GMAC Mortgage, LLC ("GMACM") on July 1, 2009.  GMACM transferred servicing to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013.  See Priore Declaration ¶ 7.

17. The Claimant has not made a mortgage payment since March 2009, and the loan is currently past due for April 1, 2009.  See Priore Declaration ¶ 8.  GMACM referred the account to foreclosure on or about June 23, 2009.  See id.

18. On July 29, 2009, the Claimant filed a petition for a temporary restraining order to halt the sale (the "First Action") in the Superior Court of Dekalb County (the "State Court") naming as defendants GMACM, Bank of New York, JP Morgan Chase Bank, McCurdy and Candler, LLC, and Anthony Demarlo.  See State Court Docket, attached to the Reyes Declaration as Exhibit A.  The First Action sought to halt the foreclosure sale on the basis that the defendants' alleged failure to produce the original Note for his review prior to initiating foreclosure proceedings purportedly rendered the scheduled foreclosure sale unlawful and wrongful.  See Reyes Declaration ¶ 5.  On July 29, 2009, the State Court granted Claimant's petition for a temporary restraining order and scheduled a hearing on the petition to prevent the foreclosure.  See id.

---

³ The 1999 and 2011 Assignments demonstrate a proper chain of title from Equibanc to Bank of New York as trustee.

7
ny-1156370

19. On August 27, 2009, the First Action was removed by GMACM and the other defendants to the U.S. District Court for the Northern District of Georgia (the "District Court"), case number 09-CV-02355. See District Court Docket, attached to the Reyes Declaration as Exhibit B.

20. On October 12, 2010, GMACM and the Bank of New York moved for judgment on the pleadings. See id. On January 6, 2011, Magistrate Judge Gerrilyn G. Brill issued a Final Report and Recommendation (the "Report and Recommendation") recommending that the District Court grant GMACM's motion for judgment on the pleadings because the Complaint is "utterly frivolous and lacks any legal foundation whatsoever." See Report and Recommendation, attached to the Reyes Declaration as Exhibit C. The District Court adopted the Report and Recommendation and dismissed the First Action with prejudice (the "District Court Order") on February 1, 2011. See District Court Order, attached to the Reyes Declaration as Exhibit D.

21. The Claimant appealed the District Court Order on February 28, 2011. See District Court Docket. On September 7, 2011, the United States Court of Appeals for the Eleventh Circuit vacated the District Court Order on jurisdictional grounds and ordered the District Court to remand the case back to the State Court.[4] See Court of Appeals Order, attached to the Reyes Declaration as Exhibit E.

---

[4] The case was originally removed to the district court on the basis of federal question jurisdiction, given that the complaint filed by the Claimant referenced the Fair Debt Collection Practices Act and the Truth in Lending Act. However, the Eleventh Circuit determined that because none of the causes of action in the Complaint actually relied on the interpretation of federal law, federal question jurisdiction did not apply, and the district court did not have subject matter jurisdiction to determine the matter. See Court of Appeals Order, p. 5.

8

ny-1156370

22.    While the First Action was pending, the Claimant filed a second complaint in State Court (the "Complaint")[5] commencing a new action against the same defendants, including GMACM.  See Reyes Declaration ¶ 13.  After the order in the First Action was vacated and the case was remanded, the State Court consolidated the two actions on March 26, 2012 (the "Consolidated Action"), Madzimoyo v. The Bank of New York Mellon Trust Company, N.A. et al, case No. 09-CV-9136-10.  See Consolidation Order, attached to the Reyes Declaration as Exhibit F.  On June 15, 2012, the State Court stayed the Consolidated Action pending the resolution of this bankruptcy proceeding.  See State Court Docket.

23.    On May 20, 2013, the Debtors filed an Amended Notice of Bankruptcy asserting that all claims for monetary relief against GMACM remain stayed but that non-monetary claims concerning the property could proceed.  See State Court Docket.

24.    On August 29, 2013, the State Court granted the non-Debtor defendants' motion to reopen the case.  See State Court Docket.  On June 5, 2014, the State Court entered a judgment in favor of all defendants, including GMACM, dismissing the Complaint with prejudice.[6]  See State Court Order, attached to the Reyes Declaration as Exhibit G.  On July 2, 2014, the Claimant appealed the decision to the Georgia Court of Appeals.  See State Court Docket.  That appeal is pending.

25.    The Complaint seeks to prevent the foreclosure on the property and recover damages for past foreclosure attempts.  The Claimant alleges that Bank of New

---

[5] The Complaint in the Second Action is the complaint attached to the Proof of Claim.
[6] The State Court did not make any specific findings as to which claims were non-monetary.

York was not the "secured creditor" because Bank of New York did not possess the Note and the assignments of the Security Deed were improperly executed and not recorded at the time of foreclosure. Therefore Bank of New York did not have standing to foreclose. As a result, the Claimant alleges causes of action against GMACM for wrongful foreclosure, bad faith, fraud and quiet title.

*Bad Faith and Fraud*

26. The Claimant fails to point to any authority for an independent cause of action for "bad faith," and the Borrower Trust was unable to find authority for such cause of action under Georgia law. As a result, the Borrower Trust considered the allegations for bad faith as part of the fraud claim.

27. The elements for fraud in Georgia are: (1) false representation by the defendant; (2) scientur, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance, and (5) damage to the plaintiff. See Dockens v. Runkle Consulting, Inc., 648 S.E. 2d 80, 83 (Ga. Ct. App. 2007). "It is well settled that a general allegation of fraud … amounts to nothing – it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged." R.W. Holdco, Inc. v. Johnson, 601 S.E. 2d 177, 185 (Ga. Ct. App. 2004) (citations omitted in original).

28. While it is unclear from the Complaint, it appears that the Claimant is arguing that GMACM misrepresented to him that Bank of New York was the secured creditor for the note when this was untrue. To support this allegation, the Claimant points to the allegation that at the time the foreclosure was noticed, the assignment of the Security Deed to Bank of New York had not been recorded and Bank of New York did not possess

10

ny-1156370

the Note. Additionally, the Claimant contests the assignment of the Security Deed to Bank of New York, alleging that it was executed by Jeffrey Stephan, a "known robo-signer."

29.  "Under current Georgia law, the holder of a deed to secured debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." You v. JPMorgan Chase Bank, N.A., 743 S.E. 2d 428, 428 (Ga. 2013) (answering a certified question from the U.S. District Court of the N. Dist. of Georgia); see also Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 592-93 (11th Cir. 2013) (applying You and finding that the holder of a security deed had authority to foreclose even though it did not hold the note). Furthermore, Georgia law does not require that an assignment of a security deed to a foreclosing party be recorded until the time of the sale. See O.C.G.A. §44-14-162(b). As was found by the State Court, an assignment of the Security Deed was recorded in favor of the Bank of New York prior to any foreclosure sale, as none had yet occurred. See State Court Order p. 3. Additionally, because Georgia is a non-judicial foreclosure state, the assignment is not a sworn document requiring personal knowledge of its contents, but rather it is simply a conveyance of the property interest. See O.C.G.A. 44-5-30 ("A deed to lands must be in writing, signed by the maker, and attested by at least two witnesses."); see also O.C.G.A. §44-2-21 (a)(4), (b) (one of two required attesting witnesses may be a notary public). As a result, courts in Georgia have dismissed fraud claims premised on "robo-signing" because "such allegations generally do not establish, among other things, that the individual who purported to sign did not actually sign and/or misrepresented their authority to sign." Hines v. MidFirst Bank, 2013 WL 609401, at *8 (N.D. Ga. Jan. 8, 2013). See also Coast v. Bank of New York Mellon Trust, N.A.,

2013 WL 5945085, at *4 (N.D. Ga. Nov. 6, 2013) (rejecting Plaintiffs' fraud claim based on "robo-signing"). Therefore, the Claimant has not demonstrated a false representation that was made by any of the Debtors.

30.     Additionally, assuming arguendo that the Claimant had shown that a misrepresentation occurred (which he has not), he has not alleged the other elements of fraud. The Claimant has not alleged that the Debtors made these alleged misrepresentations to induce him to act or not to act. Furthermore, he has not proffered any specific allegations as to how he relied on or was damaged by these purported misrepresentations. See State Court Order, p. 4. As a result, the Claimant has failed to state a cause of action for fraud under Georgia law.

31.     Moreover, the Claimant's allegations against the Debtor relating to the assignment of the Security Deed are improper and invalid because the Claimant, as a borrower under a note and a security deed with Equibanc, does not have standing to contest an assignment of his loan. See Montgomery v. Bank of Am., 740 S.E. 2d 434 (Ga. Ct. App. 2013) (plaintiff borrower lacked standing to challenge the assignment of a security deed even if the assignment was flawed); Hines, 2013 WL 609401, at *8 ("Plaintiff cannot base her claim of fraud on her allegation that the assignment was forged or fraudulent, because she was not a party to the assignment and does not allege any facts indicating that she relied on the assignment to her detriment."); see also State Court Order p. 3. The Claimant is not a party to the assignment, nor is he a beneficiary. As a result, the Claimant does not have standing to contest the assignment of his loan to the Bank of New York.

*Wrongful Foreclosure*

33.     "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842, 844 (Ga. Ct. App. 2004) (citing Calhoun First Nat'l Bank v. Dickens, 443 S.E. 2d 837, 838 (Ga. 1994)). "[A] violation of the [foreclosure] statute is necessary to constitute a wrongful foreclosure." McCarter v. Bankers Trust. Co., 543 S.E. 2d 755, 758 (Ga . Ct. App. 2000) (citing O.C.G.A. §§ 23-2-114, 44-14-160 et seq.). In addition, there must be a causal link between the breach and the borrower's alleged damages. Merceron v. Bank of New York Mellon Trust, N.A., No. 1:11-cv-2831-WSD-AJB, 2012 U.S. Dist. LEXIS 116544, at *15 (N.D. Ga. Aug. 7, 2012).

33.     At the outset, the Claimant's claim for wrongful foreclosure fails because no foreclosure sale has occurred in this case. "Under Georgia law, a party may not state a claim for wrongful foreclosure where no foreclosure sale has occurred." Hay v. Bank of Am., N.A., No. 1:12-CV-01596-RWS, 2013 U.S. Dist. LEXIS 49052, at *8-9 (N.D. Ga. Mar. 29, 2013). Additionally, because the foreclosure actions were properly commenced, as discussed above, and were caused by the Claimant's failure to make the necessary payments on the Loan, the Claimant has not demonstrated causation. See Howard v. Mortg. Elec. Registration Sys., Inc., No. 1:10-cv-01630-WSD, 2012 U.S. Dist. LEXIS 116366, at *21 (N.D. Ga. Aug. 17, 2012) ("Here, the undisputed evidence is that Plaintiff defaulted on his loan obligations and failed to cure the default before foreclosure. Plaintiff

13

thus cannot show causation because any alleged injury was solely attributable to his own actions.")

34.  Finally, the proper measure of damages for wrongful foreclosure is "the full difference between the fair market value of the property at the time of the sale and the indebtedness to the seller if the fair market value exceeded the amount of the indebtedness." Roylston v. Bank of Am., N.A., 660 S.E. 2d 412, 417 (Ga. Ct. App. 2008) (citing Dickens v. Calhoun First Nat'l Bank, 431 S.E. 2d 121, 123 (Ga. Ct. App. 1993), rev'd on other grounds, 443 S.E. 2d 837 (Ga. 1994)).  As no foreclosure has occurred, there can be no measure of damages incurred.  Additionally, the Claimant has not alleged that he currently has any equity interest in the property.

35.  The Claimant also references a cause of action for wrongful attempted foreclosure.  In order to establish a claim for wrongful attempted foreclosure, the Claimant must establish "a knowing and intentional publication of untrue and derogatory information concerning his financial condition, and that those damages were sustained as a result of this publication." Aetna Fin. Co. v. Culpepper, 320 S.E. 2d 228, 232 (Ga. Ct. App. 1984).  No such cause of action arises where the foreclosure notice is truthful when published  See id. The Claimant points to the notices that stated his home would be auctioned, but does not point to any inaccuracy in the notice, which states that "a failure to comply with the terms of the Loan . . . has created a default" and that the home will be auctioned.  See Notification Letters, attached to the Complaint as Exhibit 1 and Exhibit 9.  In the Complaint, the Claimant admits to not making payments on the loan, which caused the loan to go into default.  See Complaint, ¶ 10. Therefore, any publication referencing the defaulted status of the loan was accurate, and Claimant has not shown the predicate false statement.  See id at

14

ny-1156370

319 (finding that where the plaintiff admits to a default on the loan, a notice stating there has been a default is not a false statement). Additionally, even if the Claimant had alleged that a statement in the notification was false, which he has not, the Claimant has not alleged that the Debtors had knowledge of any purported false statements in the notification. As a result, the Claimant has failed to sufficiently allege a cause of action for wrongful attempted foreclosure.

36. The Claimant has also failed to state a cause of action for quiet title. In Georgia, in order to pursue a quiet title action, the claimant would need to assert that he holds "some current record title or current prescriptive title, in order to maintain his suit." Smith v. Ga. Kaolin Co., 498 S.E. 2d 266, 267-68 (Ga. 1988). Since the Claimant transferred the property via the Security Deed, which is now held by Bank of New York, he cannot show that he holds title in the property. See Connolly v. Ga., 406 S.E. 2d 222, 224 (1991) ("A purchase-money security deed operates as an absolute conveyance of title until the secured indebtedness is fully paid.") As a result, the Claimant cannot maintain a cause of action for quiet title under Georgia law.

37. In sum, the Claim patently fails to link any Debtor to any action or inaction upon which liability for the Claim could be based. If the Claim is not disallowed and expunged in its entirety, the Claimant may potentially receive a wholly improper recovery to the detriment of the Borrower Trust's beneficiaries. Accordingly, the Borrower Trust requests that the Court disallow and expunge the Claim in its entirety. Further, the Borrower Trust reserves the right to object on any other basis to the Claim should the Court not grant the relief requested herein.

## NOTICE

38. The Borrower Trust has provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

Dated:  October 16, 2014
 New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*