## **Exhibit 3**

**Reyes Declaration**

ny-1156370

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

### DECLARATION OF ALEXANDRIA REYES IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 5800 FILED BY WEKESA MADZIMOYO

I, Alexandria Reyes, hereby declare as follows:

1.      I am an attorney with Troutman Sanders, LLP law firm ("Troutman"). Troutman serves as counsel to The ResCap Borrower Claims Trust (the "Borrower Trust").[1] I have been practicing law in the State of Georgia and with Troutman since January 2010, and I have no record of discipline with the State Bar of Georgia.  My practice focuses primarily on financial services and mortgage related litigation defense, as well as general business litigation.

2.      I currently represent defendant and debtor GMAC Mortgage, LLC ("GMACM") in litigation between the Debtors  and Wekesa Madzimoyo (the "Claimant") before the Superior Court of Dekalb County, Georgia.

3.      I submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Objection to Claim No. 5800 filed by Wekesa Madzimoyo* (the "Objection").[2]

---

[1]   The ResCap Liquidating Trust (the "Liquidating Trust") and the Borrower Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2]   Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

4.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' litigation with the Claimant and if I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

5.    On July 29, 2009, the Claimant filed a petition for a temporary restraining order to halt the sale (the "First Action") in the Superior Court of Dekalb County (the "State Court") naming as defendants GMACM, the Bank of New York Mellon Trust Company, N.A. (the "Bank of New York"), JP Morgan Chase Bank, McCurdy and Candler, LLC, and Anthony Demarlo.  See State Court Docket, attached hereto as Exhibit A.  The First Action sought to halt the foreclosure sale on the basis that the defendants' alleged failure to produce the original Note for his review prior to initiating foreclosure proceedings purportedly rendered the scheduled foreclosure sale unlawful and wrongful.  On July 29, 2009, the State Court granted Claimant's petition for a temporary restraining order and scheduled a hearing on the petition to prevent the foreclosure.  See id.

6.    On August 27, 2009, the First Action was removed by GMACM and the other defendants to the U.S. District Court for the Northern District of Georgia (the "District Court"), case number 09-CV-02355.  See District Court Docket, attached hereto as Exhibit B.

7.    On October 12, 2010, GMACM and the Bank of New York moved for judgment on the pleadings. See id. On January 6, 2011, Magistrate Judge Gerrilyn G. Brill issued a Final Report and Recommendation (the "Report and Recommendation") recommending that the District Court grant GMACM's motion for judgment on the pleadings because the Complaint is "utterly frivolous and lacks any legal foundation whatsoever."  See Report and Recommendation, attached hereto as Exhibit C. The District Court adopted the Report and

2

Recommendation and dismissed the First Action with prejudice (the "District Court Order") on

February 1, 2011. See District Court Order, attached hereto as Exhibit D.

       8.     The Claimant appealed the District Court Order on February 28, 2011.

See District Court Docket. On September 7, 2011, the United States Court of Appeals for the

Eleventh Circuit vacated the District Court Order on jurisdictional grounds and ordered the

District Court to remand the case back to the State Court.[3] See Court of Appeals Order, attached

hereto as Exhibit E.

       9.     While the First Action was pending, the Claimant filed a second complaint

in State Court (the "Complaint")[4] commencing a new action against the same defendants,

including GMACM. After the order in the First Action was vacated and the case was remanded,

the State Court consolidated the two actions on March 26, 2012 (the "Consolidated Action"),

Madzimoyo v. The Bank of New York Mellon Trust Company, N.A. et al, case No. 09-CV-

9136-10. See Consolidation Order, attached hereto as Exhibit F. On June 15, 2012, the State

Court stayed the Consolidated Action pending the resolution of this bankruptcy proceeding. See

State Court Docket.

      10.     On May 20, 2013, the Debtors filed an Amended Notice of Bankruptcy

asserting that all claims for monetary relief against GMACM remain stayed but that non-

monetary claims concerning the property could proceed. See State Court Docket.

      11.     On August 29, 2013, the State Court granted the non-Debtor defendants'

motion to reopen the case. See State Court Docket. On June 5, 2014, the State Court entered a

---

[3]     The case was originally removed to the district court on the basis of federal question jurisdiction, given that the complaint filed by the Claimant referenced the Fair Debt Collection Practices Act and the Truth in Lending Act. However, the Eleventh Circuit determined that because none of the causes of action in the Complaint actually relied on the interpretation of federal law, federal question jurisdiction did not apply, and the district court did not have subject matter jurisdiction to determine the matter. See Court of Appeals Order, p. 5.

[4]     The Complaint in the Second Action is the complaint attached to the Proof of Claim.

judgment in favor of all defendants, including GMACM, dismissing the Complaint with prejudice.[5]  See State Court Order, attached hereto as Exhibit G.  On July 2, 2014, the Claimant appealed the decision to the Georgia Court of Appeals.  See State Court Docket.  That appeal is pending.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 16, 2014

 ./s/ Alexandria Reyes
Alexandria Reyes, Esq.
Counsel to The ResCap Borrower Claims Trust

---

[5] The State Court did not make any specific findings as to which claims were non-monetary.

**<u>Exhibit A to Reyes Declaration</u>**

# Georgia Superior Courts

## GA Superior - DeKalb
### (Superior Court)

## 09CV9136

## Madzimoyo VS The Bank of New York

**This case was retrieved from the court on Wednesday, September 24, 2014**

### Header

|  |  |
|---|---|
| **Case Number:** | 09CV9136 |
| **Date Filed:** | 07/29/2009 |
| **Date Full Case Retrieved:** | 09/24/2014 |
| **Status:** | Closed |
| **Misc:** | (96) Real Property; Superior General Civil |

[Summary] [Associated Case] [Participants] [Proceedings] [Bond Information] [Charges] [Assigned Staff]

### Summary

**Judge:** TANGELA M BARRIE

### Associated Case

| Associated Case Number | Case Title | File Date | Relationship |
|---|---|---|---|
| 11cv9150 | Madzimoyo VS The Bank of New York (Vaa) | 09/01/2011 | Related Case |

### Participants

| Litigants | Attorneys |
|---|---|
| Madzimoyo, Wekesa O.<br>Plaintiff<br>Mailing Address: 852 BRAFFERTON PLACE<br>Stone Mountain, GA 30083 |  |
| The Bank of New York Mellon Trust Company, N.A.<br>Defendant<br><br>Formerly Known As: THE BANK OF NEW YORK TRUST COMPANY, N.A. | Reyes, Alexandria J<br>Mailing Address: BANK OF AMERICA PLAZA<br>Suite 5200<br><br>600 Peachtree Street, NE<br>Atlanta, GA 30308-2216<br><br>Windham, Mark J.<br>Mailing Address: 600 PEACHTREE ST NE |

Suite 5200

Atlanta, GA 30308

Reyes, Alexandria J
Mailing Address: BANK OF AMERICA
PLAZA
Suite 5200
600 Peachtree Street, NE
Atlanta, GA 30308-2216

Windham, Mark J.
Mailing Address: 600 PEACHTREE ST NE
Suite 5200
Atlanta, GA 30308

**Jp Morgan Chase Bank, NA**
Defendant

Windham, Mark J.
Mailing Address: 600 PEACHTREE ST NE
Suite 5200
Atlanta, GA 30308

**Gmac Mortgage, Llc.**
Defendant

**Mccurdy & Candler, L.L.C.**
Defendant

Olson, Frank R
Mailing Address: COBB OLSON &
ANDRLE, LLC
PO Box 500245
Atlanta, GA 31150

**Demarlo, Anthony**
Defendant

Olson, Frank R
Mailing Address: COBB OLSON &
ANDRLE, LLC
PO Box 500245
Atlanta, GA 31150

### Proceedings

| Date | Details | Related Details | Associated Party |
|------|---------|-----------------|------------------|
| 29-Jul-2009 | Order Filed | Granting Plaintiff's Emergency EX Parte Motion For Restraining Order to Stop Foreclosure And Scheduling Hearing, Signed by Judge Barrie (Jlc) | None |
| 29-Jul-2009 | Petition | Emergency Petition For Temporary Restraining Order to Stop Foreclosure, With Exhibits A-F, Receipt #4000551371, Amt $133.50 (Jlc) | None |
| 03-Aug-2009 | Service, Notorious | Service Upon Mccurdy & Candler, Llc by Leaving With Anthony Demarlo (R/A) on July 31, 2009 (Tsd) | None |

| | | | |
|---|---|---|---|
| 11-Aug-2009 | Return Certified Receipt | Received by Bank of New York Alex Harper on July 31, 2009 (Tsd) | None |
| 11-Aug-2009 | Service, Notorious | Officer's Return: Service Upon The Bank of New York Million Trust Company, N.A., Scott Poster by Delivering to R.A. CT Corporation on July 31, 2009 (Tsd) | None |
| 11-Aug-2009 | Service, Notorious | Service Upon Gmac Mortgage, Llc by Leaving With Jaimil Bumbalow on July 31, 2009 (Tsd) | None |
| 11-Aug-2009 | Service, Notorious | Service Upon J.P. Morgan Chase Bank by Leaving With C/O Ct. Corp. N. Thompson on Aug. 4, 2009 (Tsd) | None |
| 14-Aug-2009 | Certificate of Service | Of Special Appearance Answer And Affirmative Defenses of Mccurdy & Candler Llc to Complaint (Tsd) | None |
| 14-Aug-2009 | Answer Filed | Special Appearance Answer And Affirmative Defenses of Mccurdy & Candler Llc to Complaint (Tsd) | None |
| 14-Aug-2009 | Certificate of Service | Of Special Appearance Answer And Affirmative Defenses of Anthony Demarlo to Complaint (Tsd) | None |
| 14-Aug-2009 | Answer Filed | Special Appearance Answer And Affirmative Defenses of Anthony Demarlo to Complaint (Tsd) | None |
| 27-Aug-2009 | Certificate of Service | Of Defendant Gmac Mortgage, Llc's Notice of Filing Notice of Removal (Tsd) | None |
| 27-Aug-2009 | Notice of Filing | Defendant Gmac Mortgage, Llc's Notice of Filing Notice of Removal With Exhibits A & B (Tsd) | None |
| 31-Aug-2009 | Final Order | Order Staying Action And Administratively Closing Case, so Ordered on This 31st Day of Aug. 2009, Signed by Judge Barrie (Tsd) | None |
| 16-Nov-2011 | Certificate of Service | Of Special Appearance Answer And Affirmative Defenses of Mccurdy & Candler Llc And Anthony Demarlo to Complaint (Nw) | None |
| 16-Nov-2011 | Special Appearance | Answer And Affirmative Defenses of Mccurdy & Candler Llc And Anthony Demarlo to Complaint (Nw) | None |
| 19-Dec-2011 | Order Filed | Remittitur Order And Reopening of The Case, Case is Hereby Reopened. Signed Judge Barrie 12-14-2011 (Nw) | None |
| 01-May-2012 | Certificate of Service | Of Notice of Taking Deposition | None |
| 01-May-2012 | Notice | Of Taking Deposition | None |
| 01-May-2012 | Request | Defendant''s Frist Request For Admissions of Fact to Plaintiff | None |
| 01-May-2012 | Certificate of Service | Of Plaintiff's First Interrogatories to Defendant After Consolidated And Amended Complaint to All Defendants | None |
| | Interrogatories | Plaintiff's First Interrogatories to Defendant After Consolidated And Amended Complaint to All Defendants | None |

| | | | |
|---|---|---|---|
| 01-May-2012 | | | |
| 01-May-2012 | Certificate of Service | Of Consolidated And Amended Complaint Wrongful Foreclosure, Bad Faith, Fraud (Assignment And Title), Quiet Title/Slander of Title, Claim For Damages, Litigation Fees And Costs | None |
| 01-May-2012 | Amended | Consolidated And Amended Complaint Wrongful Foreclosure, Bad Faith, Fraud (Assignment And Title), Quiet Title/Slander of Title, Claim For Damages, Litigation Fees And Costs | None |
| 01-May-2012 | Certificate of Service | Of Notice of Deposition | None |
| 01-May-2012 | Notice | Of Deposition (Nw) | None |
| 04-Jun-2012 | Certificate of Service | Of Notice of Bankruptcy And Effect of Automatic Stay (Nw) | None |
| 04-Jun-2012 | Notice | Of Bankrpputcy And Effect of Automatic Stay (Nw) | None |
| 04-Jun-2012 | Certificate of Service | Of Notice of Entry of Appearance And Substitution of Counsel (Nw) | None |
| 04-Jun-2012 | Notice of Appearance | And Substitution of Counsel (Nw) | None |
| 15-Jun-2012 | Order Filed | Staying Proceedings, Signed Judge Hancock (Nw) | None |
| 09-Apr-2013 | Certificate of Service | Of Notice of Appearance of Mark J Windham (Nw) | None |
| 09-Apr-2013 | Notice of Appearance | Of Counsel Mark J Windham For Defendants (Nw) | None |
| 20-May-2013 | Certificate of Service | Of Motion to Reopen Proceedings With Supporting Brief (Nw) | None |
| 20-May-2013 | Motion | To Reopen Proceedings With Supporting Brief, With Exhibits Submitted by Defendant/Counsel (Nw) | None |
| 20-May-2013 | Certificate of Service | Of Amended Notice of Banruptcy And Effect of Automatic Stay (Nw) | None |
| 20-May-2013 | Amended | Notice of Banruptcy And Effect of Automatic Stay (Nw) | None |
| 21-Jun-2013 | Certificate of Service | Upon Defendants (Nw) | None |
| 21-Jun-2013 | Opposition | Plaintiff's Opposition to Defendants' Motion to Reopen Proceedings (Nw) | None |
| | Certificate of Service | Upon Plaintiff/Counsel (Nw) | None |

| | | | |
|---|---|---|---|
| 24-Jul-2013 | | | |
| 24-Jul-2013 | Reply | Brief in Support of Defendant's Motion to Reopen Proceedings (Nw) | None |
| 31-Jul-2013 | Reply | Plaintiff's Reply Brief Opposing Defendant's Motion to Reopen Proceedings; Plaintiff/Creditor in US Southern District of New York Bankruptcy Court (Nw) | None |
| 29-Aug-2013 | Order Filed | Reopening Proceddings, Signed Judge Barrie (Nw) | None |
| 23-Oct-2013 | Certificate of Service | Of Affidavit of Frank R Olson (Nw) | None |
| 23-Oct-2013 | Affidavit | Of Frank R Olson (Nw) | None |
| 24-Oct-2013 | Response | Defendants Mccurdy & Candler Llc And Anthony Demarlo's Response in Opposition to Plaintiff's September 25 2013 Motion to Compel Discovery (Nw) | None |
| 28-Oct-2013 | Response | To Plaintiff's Motion to Compel Responses by Defendant; Request For Hearing With Exhibits (Nw) | None |
| 28-Oct-2013 | Motion For Judgment on Pleadng | With Brief in Support, Submitted by Defendants (Nw) | None |
| 05-Nov-2013 | Certificate of Service | Of Defendants Mccurdy & Candler Llc And Anthony Demarlo's Notice of Joinder in Defendants Bank of New York Mellon Trust Company, N.A. JP Morgan Chase Bank, N.A. And Gmac Mortgage Llc's Motion For Judgment on The Pleadings (Nw) | None |
| 05-Nov-2013 | Notice | Defendants Mccurdy & Candler Llc And Anthony Demarlo's Notice of Joinder in Defendants Bank of New York Mellon Trust Company, N.A. JP Morgan Chase Bank, N.A. And Gmac Mortgage Llc's Motion For Judgment on The Pleadings (Nw) | None |
| 02-Dec-2013 | Certificate | In Support of Amended Motion to Compel Discovery (Nw) | None |
| 02-Dec-2013 | Amended | Motion to Compel Responses by Defendants; Motion For Sanctions And Request For Hearing, Submitted by Plaintiff (Nw) | None |
| 02-Dec-2013 | Certificate of Service | Of Plaintiff's Opposition to Defendants' Motion For Judgment on The Pleadings (Nw) | None |
| 02-Dec-2013 | Opposition | Plaintiff's Opposition to Defendants' Motion For Judgment on The Pleadings (Nw) | None |
| 10-Dec-2013 | Certificate of Service | Of Plaintiff's Opposition to Defendants' Mccurdy And Candler, Llcand Anthony Demarlo Motion For Judgment on The Pleadings (Nw) | None |
| 10-Dec-2013 | Opposition | Plaintiff's Opposition to Defendants' Mccurdy And Candler, Llcand Anthony Demarlo Motion For Judgment on The Pleadings (Nw) | None |
| 16-Dec-2013 | Certificate of Service | Of Defendants Mccurdy & Candler Llc And Anthony Demarlo's Motion to Dismiss Defendant Anthony Demarlo F Rom Complaint | None |

| Date | Type | Description | |
|---|---|---|---|
| | | For Failure to Servce Process, With Incorporated Brief in Support (Nw) | |
| 16-Dec-2013 | Motion to Dismiss | Defendants Mccurdy & Candler Llc And Anthony Demarlo's Motion to Dismiss Defendant Anthony Demarlo F Rom Complaint For Failure to Servce Process, With Incorporated Brief in Support (Nw) | None |
| 16-Dec-2013 | Certificate of Service | Of Defendants Mccurdy & Candler Llc And Anthony Demarlo's Response in Opposition to Plaintiff's December 2 2013 Amended Motion to Compel Discovery And Motion For Sanctions (Nw) | None |
| 16-Dec-2013 | Response | Defendants Mccurdy & Candler Llc And Anthony Demarlo's Response in Opposition to Plaintiff's December 2 2013 Amended Motion to Compel Discovery And Motion For Sanctions (Nw) | None |
| 06-Jan-2014 | Certificate of Service | Upon Plaintiff (Nw) | None |
| 06-Jan-2014 | Reply | Defendants Reply Brief in Support of Their Motion For Judgment on The Pleadings (Nw) | None |
| 06-Jan-2014 | Certificate of Service | Upon Plaintiff (Nw) | None |
| 06-Jan-2014 | Response | To Plaintiff's Amended Motion to Compel Responses by Defendants;request For Hearing (Nw) | None |
| 06-Jan-2014 | Certificate of Service | Upon Plaintiff (Nw) | None |
| 06-Jan-2014 | Certificate of Service | Upon Plaintiff (Nw) | None |
| 06-Jan-2014 | Certificate of Service | Upon Plaintiff (Nw) | None |
| 06-Jan-2014 | Certificate of Service | Upon Plaintiff (Nw) | None |
| 08-Jan-2014 | Notice of Hearing | February 10-11 2014 9am in Courtroom 5C (Nw) | None |
| 04-Apr-2014 | Notice of Hearing | April 23 2014 8:30 AM in Courtroom 5C (Nw) | None |
| 22-Apr-2014 | Certificate of Service | Second Amended Complaint Wrongful Foreclosure , Bad Faith Quiet Title/Slander of Title Claim For Damages Litigation Fees And Costs Exhibits Attached (Nw) | None |
| 22-Apr-2014 | Amended | Second Amended Complaint Wrongful Foreclosure , Bad Faith Quiet Title/Slander of Title Claim For Damages Litigation Fees And Costs Exhibits Attached (Nw) | None |
| 23-Apr-2014 | Notice | Of Supplemental Authority in Support of Plaintiff's Amended Complaint And Opposition to Defendants Motion For Judgment on The Pleadings (Nw) | None |
| 23-Apr-2014 | Order Filed | Court Reporter Order, Parties to Shre in Costs of Hearing Held on February 10 2014, Signed Judge Barrie (Nw) | None |
| | Order Filed | Parties to Share Costs of Hearing Held on April 23 2014, Signed Judge Barrie (Nw) | None |

| | | | |
|---|---|---|---|
| 23-Apr-2014 | | | |
| 01-May-2014 | Certificate of Service | Of Plaintiff's Motion to Add Defendants to Its Amended Complaint And Brief in Support of Plaintiff's Motion (Nw) | None |
| 01-May-2014 | Motion | Plaintiff's Motion to Add Defendants to Its Amended Complaint And Brief in Support of Plaintiff's Motion (Nw) | None |
| 02-Jun-2014 | Certificate of Service | Of The Foregoing Response Plaintiff's Motion to Add Defendant (Sh) | None |
| 02-Jun-2014 | Response | Response to Plaintiff's Motion to Add Defendants (Sh) | None |
| 05-Jun-2014 | Case Closed | (NW)Plaintiff Compensatory Award = $ Plaintiff Punitive Award = $ Counter Claim Compensatory Award = $ Counter Claim Punitive Award = $ Award Modified = (Y OR N) Attorney Fees Awarded = (Y OR N) Judgment Favor = (PL=Plaintiff, DF=Defendant) Punitive Damages Pleaded = (Y OR N) | None |
| 05-Jun-2014 | Final Order | And Judgment. Plaintiff's Motion to Add Defendants is Denied in Its Entirety. Banks Defendant's Motion For Judgment on Pleadings is Granted in Its Entirety, Plaintiff's Consolidated And Amended Complaint And Plaintiff's Second Amended Complaint be Dismissed With Prejudice. Signed Judge Barrie (Nw) | None |
| 27-Jun-2014 | Certificate of Service | Of Request For Extension to File Notice of Appeal, Submitted by Plaintiff (Nw) | None |
| 27-Jun-2014 | Request | For Extension to File Notice of Appeal, Submitted by Plaintiff (Nw) | None |
| 02-Jul-2014 | Amended | Ammended Notice of Appeal (Ad) | None |
| 17-Jul-2014 | Certificate of Service | Of Defendant's Designation of Record on Appeal (Nw) | None |
| 17-Jul-2014 | Pleadings Filed | Defendant's Designation of Record on Appeal (Nw) | None |
| 01-Aug-2014 | Transcript | Hearing in Front of Judge Barrie 4-23-2014 8:37 AM (Nw) | None |
| 01-Aug-2014 | Transcript | Hearing in Front of Judge Barrie April 23 2014 8:37 AM (Nw) | None |
| 01-Aug-2014 | Transcript | Proceedings Before Judge Barrie 2-10-2014 Commencing 11:36 AM (Nw) | None |
| 01-Aug-2014 | Transcript | Proceedings Before Judge Barrie 2-10-2014 Commencing 11:36 AM (Nw) | None |
| 01-Aug-2014 | Transcript | Hearing in Fron if Judge Barrie 4-23-2014 8:37 AM (Nw) | None |
| | | | None |

| | | | |
|---|---|---|---|
| 06-Aug-2014 | Return Certified Receipt | Return receipt signed on 7/30/14 and received on 8/6/14 #70121640000129347379/MR | |
| 06-Aug-2014 | Return Certified Receipt | Upon Wekesa O Madzimoyo (Nw) | None |
| 19-Aug-2014 | App to Court of Appeals | Hand delivered to Court of Appeals August 19, 2014 (MR) | None |
| 02-Sep-2014 | Affidavit | Paupers affidavit as per Weskesa Madzimoyo (RJ) | None |
| 04-Sep-2014 | Affidavit | Pauper's Affidavit as to Wekesa O Madzimoyo. (Ch) | None |
| 22-Sep-2014 | Notice of Docketing - SA | Notice of Docketing as to 09cv 9136-10 , Court of appeals has received the record. (A15A0221) (RJ) | None |

## Bond Information

### No Information is Available for this case

## Charges

### No Information is Available for this case

## Assigned Staff

### No Information is Available for this case

Copyright © 2014 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

## Exhibit B to Reyes Declaration

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:09−cv−02355−CAP

Madzimoyo v. The Bank of New York Mellon Trust Company,
N.A. et al
Assigned to: Judge Charles A. Pannell, Jr
Case in other court:  Superior Court of Dekalb County,
09CV913610
USCA, 11−10978−CC
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 08/27/2009
Date Terminated: 10/19/2011
Jury Demand: None
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**Wekesa O Madzimoyo**                   represented by   **Wekesa O Madzimoyo**
852 Brafferton Place
Stone Mountain, GA 30083
PRO SE

V.

**Defendant**

**The Bank of New York Mellon Trust**    represented by   **D. Brian O'Dell**
**Company, N.A.**                                         Bradley Arant Boult Cummings, LLP−AL
*formerly known as*                                       One Federal Place
The Bank of New York Trust Company,                       1819 Fifth Avenue North
N.A.                                                      Birmingham, AL 35203−2104
                                                          205−521−8000
                                                          Fax: 205−458−5400
                                                          Email: bodell@babc.com
                                                          *TERMINATED: 06/09/2010*
                                                          *LEAD ATTORNEY*

                                                          **Alan William Loeffler**
                                                          Troutman Sanders
                                                          600 Peachtree Street, N.E.
                                                          Suite 5200
                                                          Atlanta, GA 30308−2216
                                                          404−885−3000
                                                          Email: bill.loeffler@troutmansanders.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kelly Lane Atkinson**
                                                          Troutman Sanders, LLP−ATL
                                                          Bank of America Plaza, Suite 5200
                                                          600 Peachtree Street, N.E.
                                                          Atlanta, GA 30308−2216
                                                          404−885−2741
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**JP Morgan Chase Bank, NA**             represented by   **D. Brian O'Dell**
                                                          (See above for address)
                                                          *TERMINATED: 06/09/2010*
                                                          *LEAD ATTORNEY*

                                                          **Alan William Loeffler**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kelly Lane Atkinson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GMAC Mortgage, LLC**                    represented by   **D. Brian O'Dell**
(See above for address)
*TERMINATED: 06/09/2010*
*LEAD ATTORNEY*

**Alan William Loeffler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly Lane Atkinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**McCurdy &Candler, L.L.C.**             represented by   **Frank Reid Olson**
Olson &Andrle, LLC
Suite A
1847 Peeler Road
Atlanta, GA 30338
404−784−4135
Fax: 404−373−2471
Email: folson@olsonandrle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Dale Andrle**
Olson &Andrle, LLC
Suite A
1847 Peeler Road
Atlanta, GA 30338
404−373−1612
Email: jandrle@olsonandrle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Demarlo**                        represented by   **Frank Reid Olson**
*Attorney*                                                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Dale Andrle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2009 | 1 | NOTICE OF REMOVAL with COMPLAINT. (Filing fee $ 350 receipt number 15723), filed by The Bank of New York Mellon Trust Company, N.A., JP Morgan Chase Bank, NA, GMAC Mortgage, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(tcc) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/28/2009) |
| 08/27/2009 | 2 | Certificate of Removal by The Bank of New York Mellon Trust Company, N.A., JP Morgan Chase Bank, NA, GMAC Mortgage, LLC (tcc) (Entered: 08/28/2009) |

12-12020-mg    Doc 7643-5    Filed 10/16/14    Entered 10/16/14 17:16:19    Exhibit 3 -
Declaration of Alexandria Reyes    Pg 18 of 56
Case: 1:09-cv-02355-CAP    Document 1-9    Filed 08/31/09    Page 18 of 44

| 08/27/2009 | 3 | Certificate of Interested Persons and Corporate Disclosure Statement by The Bank of New York Mellon Trust Company, N.A. identifying Corporate Parent The Bank of New York Mellon Corporation for The Bank of New York Mellon Trust Company, N.A.. (tcc) (Entered: 08/28/2009) |
| --- | --- | --- |
| 08/27/2009 | 4 | Certificate of Interested Persons and Corporate Disclosure Statement by GMAC Mortgage, LLC identifying Corporate Parent General Motors Corporation, Corporate Parent GMAC Residential Holding Company, LLC for GMAC Mortgage, LLC. (tcc) (Entered: 08/28/2009) |
| 08/27/2009 | 5 | CONSENT to 1 Notice of Removal by McCurdy &Candler, L.L.C. (tcc) (Entered: 08/28/2009) |
| 08/27/2009 | 6 | CONSENT to 1 Notice of Removal by Anthony Demarlo. (tcc) (Entered: 08/28/2009) |
| 08/27/2009 | 7 | ANSWER to 1 NOTICE OF REMOVAL by McCurdy &Candler, L.L.C. (filed at state court and contained w/in 1 Notice of Removal). Discovery ends on 1/25/2010.(tcc) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/28/2009) |
| 08/27/2009 | 8 | ANSWER to 1 NOTICE OF REMOVAL by Anthony Demarlo (filed at state court and contained w/in 1 Notice of Removal). (tcc) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/28/2009) |
| 09/25/2009 | 9 | MOTION to Remand to State Court filed by Wekesa O Madzimoyo. (Attachments: # 1 Memorandum of Law in Support, # 2 Exhibits (Part 1), # 3 Exhibits (Part 2))(aaq) (Entered: 09/28/2009) |
| 10/14/2009 | | Submission of the 9 MOTION to Remand to State Court to Magistrate Judge Gerrilyn G. Brill. (aaq) (Entered: 10/14/2009) |
| 01/25/2010 | | Case Reassigned to Judge Charles A. Pannell, Jr. Judge Beverly B. Martin no longer assigned to case. (adg) (Entered: 01/25/2010) |
| 01/26/2010 | | Submission of 9 MOTION to Remand to State Court, submitted to Magistrate Judge Gerrilyn G. Brill. (adg) (Entered: 01/26/2010) |
| 01/27/2010 | 10 | NOTICE TO ALL COUNSEL OF RECORD regarding case reassignment. (aaq) (Entered: 01/27/2010) |
| 01/27/2010 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 10 Notice. (aaq) (Entered: 01/27/2010) |
| 03/08/2010 | 11 | ANSWER to 1 NOTICE OF REMOVAL *Answer and Affirmative Defenses* by The Bank of New York Mellon Trust Company, N.A., JP Morgan Chase Bank, NA, GMAC Mortgage, LLC.(O'Dell, D.) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 03/08/2010) |
| 03/08/2010 | 12 | MOTION for Extension of Time Deadlines for Discovery and Dispositive Motions by The Bank of New York Mellon Trust Company, N.A., JP Morgan Chase Bank, NA, GMAC Mortgage, LLC. (O'Dell, D.) (Entered: 03/08/2010) |
| 03/18/2010 | 13 | ORDER DENYING 9 Motion to Remand to State Court. Signed by Magistrate Judge Gerrilyn G. Brill on 3/18/2010. (adg) (Entered: 03/18/2010) |
| 03/18/2010 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 13 Order on Motion to Remand to State Court (adg) (Entered: 03/18/2010) |
| 03/30/2010 | | Submission of 12 MOTION for Extension of Time Deadlines for Discovery and Dispositive Motions, submitted to Magistrate Judge Gerrilyn G. Brill. (adg) (Entered: 03/30/2010) |
| 04/12/2010 | 14 | ORDER GRANTING 12 Motion for Extension of Time to Complete Discovery through and including 8/15/2010. Motions for summary judgment are due by 9/14/2010. Signed by Magistrate Judge Gerrilyn G. Brill on 4/12/2010. (adg) (Entered: 04/12/2010) |
| 04/12/2010 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 14 Order on Motion for Extension of Time (adg) (Entered: 04/12/2010) |

12-12020-mg   Doc 7643-5   Filed 10/16/14   Entered 10/16/14 17:16:10   Exhibit 3 -
Declaration of Alexandria Reyes    Pg 19 of 56
Case: 1:09-cv-00355-JOF   (1 of 9)   Entered 04/16/14   17:16:10   (N of ) of

| 04/14/2010 | 15 | MOTION for Reconsideration re 13 Order on Motion to Remand to State Court by Wekesa O Madzimoyo. (adg) (Entered: 04/15/2010) |
|---|---|---|
| 04/15/2010 | 16 | MOTION for Judgment on the Pleadings with Brief In Support by Anthony Demarlo, McCurdy &Candler, L.L.C.. (Olson, Frank) (Entered: 04/15/2010) |
| 04/28/2010 | 17 | RESPONSE in Opposition re 15 MOTION for Reconsideration re 13 Order on Motion to Remand to State Court filed by The Bank of New York Mellon Trust Company, N.A., JP Morgan Chase Bank, NA, GMAC Mortgage, LLC. (O'Dell, D.) (Entered: 04/28/2010) |
| 05/18/2010 | | Submission of 15 MOTION for Reconsideration re 13 Order on Motion to Remand to State Court, 16 MOTION for Judgment on the Pleadings, submitted to Magistrate Judge Gerrilyn G. Brill. (adg) (Entered: 05/18/2010) |
| 06/09/2010 | 18 | Certification of Consent to Substitution of Counsel. Kelly Lane Atkinson replacing attorney D. Brian O'Dell. (Atkinson, Kelly) (Entered: 06/09/2010) |
| 06/10/2010 | 19 | Certification of Consent to Substitution of Counsel. Alan William Loeffler added as attorney. (Loeffler, Alan) (Entered: 06/10/2010) |
| 09/23/2010 | 20 | MOTION for Leave to File Dispositive Motionby GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A.. (Atkinson, Kelly) (Entered: 09/23/2010) |
| 09/29/2010 | 21 | ORDER DENYING 15 Motion for Reconsideration ; GRANTING 20 Motion for Leave to File Dispositive Motion; Defendants may file their dispositive motion within 14 days of the date of entry of this order. Signed by Magistrate Judge Gerrilyn G. Brill on 9/29/2010. (adg) (Entered: 09/30/2010) |
| 09/30/2010 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 21 Order on Motion for Leave to File, Order on Motion for Reconsideration. (adg) (Entered: 09/30/2010) |
| 10/12/2010 | 22 | MOTION for Leave to File Answer to Motion for Judgment by Wekesa O Madzimoyo. (adg) (Entered: 10/12/2010) |
| 10/12/2010 | 23 | MOTION for Judgment on the Pleadings with Brief In Support by GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A.. (Attachments: # 1 Brief In Support)(Atkinson, Kelly) (Entered: 10/12/2010) |
| 10/13/2010 | 24 | Notice for Leave of Absence for the following date(s): 11/30/10 through 12/19/10, by Kelly Lane Atkinson. (Atkinson, Kelly) (Entered: 10/13/2010) |
| 10/27/2010 | 25 | RESPONSE in Opposition re 23 MOTION for Judgment on the Pleadings filed by Wekesa O Madzimoyo. (Attachments: # 1 Affidavit of Wekesa O. Madzimoyo, # 2 Affidavit of Afiya C. Madzimoyo)(adg) (Entered: 10/28/2010) |
| 10/27/2010 | 26 | STRICKEN PER 38 RAMENDED COMPLAINT for Emergency Temporary and Permanent Injunctive Relief, Declaratory Relief and Judgment, Fraud, Assignment and Title Frauds/Slander of Title, Violations of Fair Debt Collections Act, Violation of Duty of Good Faith and Fair Dealing, Claim for Litigation Fees and Costs against Anthony Demarlo, GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, McCurdy &Candler, L.L.C., The Bank of New York Mellon Trust Company, N.A., filed by Wekesa O Madzimoyo.(adg) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 1/6/2011 (mdy). (Entered: 10/28/2010) |
| 10/29/2010 | 27 | ORDER GRANTING 22 Motion for Leave to File Answer to Motion for Judgment. Plaintiff shall have 14 days from the date of this order to file his response, if any, and responsive memorandum. Signed by Magistrate Judge Gerrilyn G. Brill on 10/29/2010. (adg) (Entered: 10/29/2010) |
| 10/29/2010 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 27 Order on Motion for Leave to File (adg) (Entered: 10/29/2010) |
| 10/29/2010 | 28 | RESPONSE in Opposition re 16 MOTION for Judgment on the Pleadings filed by Wekesa O Madzimoyo. (adg) (Entered: 11/02/2010) |

| 10/29/2010 | 29 | Summons Issued as to GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, McCurdy &Candler, L.L.C., The Bank of New York Mellon Trust Company, N.A.. (adg) (Entered: 11/02/2010) |
|---|---|---|
| 11/23/2010 | 30 | Initial Disclosures by GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A..(Loeffler, Alan) (Entered: 11/23/2010) |
| 11/23/2010 | | Submission of 23 MOTION for Judgment on the Pleadings, submitted to Magistrate Judge Gerrilyn G. Brill. (adg) (Entered: 11/23/2010) |
| 11/24/2010 | 31 | MOTION to Strike *Plaintiff's Amended Complaint* with Brief In Support by GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A.. (Attachments: # 1 Brief In Support of Motion to Strike Amended Complaint)(Loeffler, Alan) (Entered: 11/24/2010) |
| 12/09/2010 | 32 | NOTICE by Anthony Demarlo, McCurdy &Candler, L.L.C. re 31 MOTION to Strike *Plaintiff's Amended Complaint Notice of Joinder in the Remaining Defendants' Motion to Strike Amended Complaint* (Olson, Frank) (Entered: 12/09/2010) |
| 12/09/2010 | 33 | RESPONSE in Opposition re 31 MOTION to Strike *Plaintiff's Amended Complaint* filed by Wekesa O Madzimoyo. (adg) (Entered: 12/10/2010) |
| 12/15/2010 | 34 | REPLY BRIEF re 31 MOTION to Strike *Plaintiff's Amended Complaint* filed by GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A.. (Loeffler, Alan) (Entered: 12/15/2010) |
| 12/15/2010 | | Submission of 31 MOTION to Strike *Plaintiff's Amended Complaint*, submitted to Magistrate Judge Gerrilyn G. Brill. (adg) (Entered: 12/15/2010) |
| 12/20/2010 | 35 | Request for Leave of Absence for Plaintiff Wekesa O. Madzimoyo for the following date(s): 2/1/2011–2/19/2011. (adg) (Entered: 12/22/2010) |
| 12/20/2010 | 36 | RESPONSE in Opposition re 31 MOTION to Strike *Plaintiff's Amended Complaint* filed by Wekesa O Madzimoyo. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(adg) (Entered: 12/22/2010) |
| 01/03/2011 | 37 | MOTION for Summary Judgment, or alternatively, MOTION for Acceptance of 26 Amended Complaint, and MOTION for Extension of Time to Complete Discovery with Brief In Support by Wekesa O Madzimoyo. (adg) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 01/05/2011) |
| 01/05/2011 | 38 | FINAL REPORT AND RECOMMENDATION Recommending that the 16 MOTION for Judgment on the Pleadings and 23 MOTION for Judgment on the Pleadings be GRANTED.Signed by Magistrate Judge Gerrilyn G. Brill on 1/3/2011. (Attachments: # 1 Order for Service)(mdy) (Entered: 01/06/2011) |
| 01/05/2011 | | ORDER granting 31 Motion to Strike 26 Amended Complaint. Signed by Magistrate Judge Gerrilyn G. Brill on 1/3/2011. (Ruling included within 38 R(mdy) (Entered: 01/06/2011) |
| 01/06/2011 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 38 FINAL REPORT AND RECOMMENDATION. (mdy) (Entered: 01/06/2011) |
| 01/19/2011 | 39 | RESPONSE in Opposition re 37 MOTION for Summary Judgment, MOTION for Acceptance 26 Amended Complaint, MOTION for Extension of Time to Complete Discovery , filed by GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A.. (Attachments: # 1 Affidavit)(Loeffler, Alan) Modified on 1/21/2011 to remove excess wording (adg). (Entered: 01/19/2011) |
| 01/21/2011 | 40 | OBJECTIONS to 38 Report and Recommendation filed by Wekesa O Madzimoyo. (adg) (Entered: 01/24/2011) |
| 01/24/2011 | | Submission of 38 FINAL REPORT AND RECOMMENDATION, 40 Objections to Report and Recommendation, 16 MOTION for Judgment on the Pleadings, 23 MOTION for Judgment on the Pleadings, submitted to District Judge Charles A. |

12-12020-mg Doc 7643-5 Filed 10/16/14 Entered 10/16/14 17:16:10 Exhibit 3 -
Declaration of Alexandria Reyes   Pg 21 of 56
Case: 1:09-cv-02355 ... of ...

| | | Pannell. (adg) (Entered: 01/24/2011) |
|---|---|---|
| 01/24/2011 | 41 | NOTICE Of Filing – Notice of Joinder in Remaining Defendants' Response to Plaintiff's Motion for Summary Judgment by Anthony Demarlo, McCurdy &Candler, L.L.C. re 39 Response in Opposition to Motion, 37 MOTION for Summary JudgmentMOTION for Acceptance 26 Amended Complaint,, MOTION for Extension of Time to Complete DiscoveryMOTION for Acceptance 26 Amended Complaint,, (Olson, Frank) (Entered: 01/24/2011) |
| 02/01/2011 | 42 | ORDER ADOPTING 38 Final Report and Recommendation; granting 23 Motion for Judgment on the Pleadings; denying 37 Motion for Summary Judgment or in the alternative, Motion for Acceptance of 26 Amended Complaint, and Motion for Extension of Time to Complete Discovery; granting 16 Motion for Judgment on the Pleadings. Signed by Judge Charles A. Pannell, Jr on 2/1/2011. (mdy) (Entered: 02/01/2011) |
| 02/01/2011 | 43 | CLERK'S JUDGMENT entered in favor of Defendants against Plaintiff. (mdy)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 02/01/2011) |
| 02/01/2011 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 42 Order and 43 Clerk's Judgment. (mdy) (Entered: 02/01/2011) |
| 02/01/2011 | | Civil Case Terminated. (mdy) (Entered: 02/01/2011) |
| 02/28/2011 | 44 | NOTICE OF APPEAL as to 42 Order on Motion for Judgment on the Pleadings, Order on Motion for Summary Judgment, Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to Complete Discovery, Order on Final Report and Recommendation, 43] Clerk's Judgment by Wekesa O Madzimoyo. Filing fee $ 455, receipt number GAN100033037. Transcript Order Form due on 3/14/2011 (fem) (Entered: 03/03/2011) |
| 03/03/2011 | 45 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order, Report and Recommendation, and Docket Sheet to US Court of Appeals re 44 Notice of Appeal, (fem) (Additional attachment(s) added on 3/3/2011: # 1 Corrected PDF) (fem). (Entered: 03/03/2011) |
| 03/08/2011 | 46 | EMERGENCY MOTION to Stay Pending Appeal by Wekesa O Madzimoyo. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(adg) (Entered: 03/09/2011) |
| 03/10/2011 | 47 | RESPONSE in Opposition re 46 MOTION to Stay *Pending Appeal* filed by GMAC Mortgage, LLC, JP Morgan Chase Bank, NA, The Bank of New York Mellon Trust Company, N.A.. (Loeffler, Alan) (Entered: 03/10/2011) |
| 03/18/2011 | 48 | REPLY to Response to Motion re 46 EMERGENCY MOTION to Stay Pending Appeal filed by Wekesa O Madzimoyo. (adg) (Entered: 03/18/2011) |
| 03/18/2011 | | Submission of 46 EMERGENCY MOTION to Stay Pending Appeal, submitted to District Judge Charles A. Pannell. (adg) (Entered: 03/18/2011) |
| 03/18/2011 | 49 | USCA Acknowledgment of receipt of 44 Notice of Appeal, filed by Wekesa O Madzimoyo. Case Appealed to USCA Case Number 11–10978–CC (fem) (Entered: 03/22/2011) |
| 03/24/2011 | 50 | ORDER DENYING 46 Emergency Motion to Stay Pending Appeal. Signed by Judge Charles A. Pannell, Jr on 3/24/2011. (adg) (Entered: 03/24/2011) |
| 03/24/2011 | | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 50 Order on Motion to Stay (adg) (Entered: 03/24/2011) |
| 04/05/2011 | 51 | Certified copy of ORDER of USCA DENYING appellant's "Emergency Ex parte Motion for Stay Pending Appeal" re: 44 Notice of Appeal, filed by Wekesa O Madzimoyo Case Appealed to USCA Case Number 11–10978–CC. (fem) (Entered: 04/07/2011) |
| 04/28/2011 | | CERTIFICATE OF READINESS of Appeal Record re 44 Notice of Appeal, filed by Wekesa O Madzimoyo. Case Appealed to USCA Case Number 11–10978–CC. (fem) (Entered: 04/28/2011) |

12-12020-mg    Doc 7643-4    Filed 10/16/14    Entered 10/16/14 17:16:19    Exhibit 3 -
Declaration of Alexandria Reyes    Pg 22 of 56
Case: 1:09-cv-62355-CAP   V3 of 4   09/Entered 10/19/14 17:19 of Exhibit 3 -

| 04/28/2011 | 52 | Certified copy of CERTIFICATE OF READINESS transmitted to USCA re 44 Notice of Appeal,. Case Appealed to USCA Case Number 11–10978–CC (fem) (Entered: 04/28/2011) |
| 05/05/2011 | 53 | FORTHWITH LETTER from USCA re 44 Notice of Appeal, filed by Wekesa O Madzimoyo. Case Appealed to USCA Case Number 11–10978–CC. Appeal Record due by 5/16/2011. (fem) (Entered: 05/12/2011) |
| 05/16/2011 | 54 | Certified and Transmitted Record on Appeal to US Court of Appeals re 44 Notice of Appeal, Case Appealed to USCA Case Number 11–10978–C. (fem) (Entered: 05/16/2011) |
| 05/26/2011 | 55 | USCA Acknowledgment of receipt of record on appeal re 44 Notice of Appeal, filed by Wekesa O Madzimoyo. Case Appealed to USCA Case Number 11–10978–C. (fem) (Entered: 05/31/2011) |
| 10/13/2011 | 56 | Certified copy of JUDGMENT of USCA VACATING and REMANDING to the District Court with instructions that the District Court remand the proceedings to the state court re: 44 Notice of Appeal, filed by Wekesa O Madzimoyo Case Appealed to USCA 11th Circuit Case Number 11–10978. (adg) (Entered: 10/18/2011) |
| 10/18/2011 | 57 | PROPOSED MANDATE ORDER re: 56 USCA Judgment. (Prepared by Clerk) (adg) (Entered: 10/18/2011) |
| 10/18/2011 |  | Submission of 56 USCA Judgment, 57 Proposed Mandate Order, submitted to District Judge Charles A. Pannell. (adg) (Entered: 10/18/2011) |
| 10/18/2011 | 60 | Appeal Record Returned: 44 Notice of Appeal, Case Appealed to USCA Case Number 11–10978–CC. (fem) (Entered: 10/21/2011) |
| 10/19/2011 | 58 | ORDER making the USCA mandate the judgment of this Court re 44 Notice of Appeal, Case Appealed to USCA 11th Circuit Case Number 11–10978. The Clerk is DIRECTED to remand this action to the Superior Court of DeKalb County, Georgia. Signed by Judge Charles A. Pannell, Jr. on 10/19/2011. (jtj) (Entered: 10/19/2011) |
| 10/19/2011 |  | Civil Case Terminated. (jtj) (Entered: 10/19/2011) |
| 10/19/2011 | 59 | Remand Letter sent to the Clerk of Superior Court of Dekalb County, Georgia. (jtj) (Entered: 10/19/2011) |
| 10/19/2011 |  | Clerks Certificate of Mailing as to Wekesa O Madzimoyo re 58 USCA Mandate. (jtj) (Entered: 10/19/2011) |

**<u>Exhibit C to Reyes Declaration</u>**

12-12020-mg   Doc 7643-5   Filed 10/16/14   Entered 10/16/14 17:16:10   Exhibit 3 -
Declaration of Alexandria Reyes   Pg 24 of 56
Case 1:09-cv-02355-CAP   Document 38   Filed 01/05/11   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WEKESA O. MADZIMOYO,

    Plaintiff,

    v.

THE BANK OF NEW YORK
MELLON TRUST COMPANY,
N.A., formerly known as The Bank of
New York Trust Company, N.A., JP
MORGAN CHASE BANK, NA,
GMAC MORTGAGE, LLC,
MCCURDY & CANDLER, L.L.C.,
and ANTHONY DEMARLO,
Attorney,

    Defendants.

CIVIL ACTION FILE

NO. 1:09-CV-02355-CAP-GGB

## **FINAL REPORT AND RECOMMENDATION AND ORDER**

This case is before the Court on Defendants McCurdy & Candler, L.L.C., and

Anthony DeMarlo's (collectively "DeMarlo's") Motion for Judgment on the Pleadings

(Doc. 16); Defendants GMAC Mortgage, LLC; JP Morgan Chase Bank, NA; and the

Bank of New York Mellon Trust Company, N.A.'s (collectively "GMAC's") Motion

for Judgment on the Pleadings (Doc. 23); and GMAC's Motion to Strike Plaintiff's

Amended Complaint (Doc. 31), to which DeMarlo joins (Doc. 32).  Having reviewed

the pleadings and arguments of the parties, and for the reasons discussed below, I

**RECOMMEND** that Defendants' Motions for Judgment on Pleadings  (Docs. 16 and

23) be **GRANTED**.  I further **ORDER** that Defendants' Motion to Strike Plaintiff's

Amended Complaint (Doc. 31) be **GRANTED**.

## I.    Background

On March 23, 1999, Plaintiff Wekesa Madzimoyo ("Plaintiff") obtained a

mortgage loan from FT Mortgage Companies d/b/a Equibanc Mortgage Corporation

in the principal amount of $140,600, which was secured by real property at 852

Brafferton Place, Stone Mountain, Georgia, 30083 (the "Property").  (Doc. 1-1.)  On

July 6, 1999, servicing rights for the loan were transferred to Homecomings Financial

Network.  The servicing rights were subsequently transferred to GMAC Mortgage,

LLC ("GMAC").  The loan and deed were subsequently assigned to JPMorgan Chase

Bank, and on April 7, 2006, The Bank of New Your Mellon Trust Company, N.A.

acquired JPMorgan's business.  (Doc. 23-1 at 2.)

On July 3, 2009, the law firm McCurdy & Candler, L.L.C. sent Plaintiff an

initial communication letter pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, et seq. ("FDCPA").  (Doc. 1-1 at 39.)  On the same date, Anthony

DeMarlo with the law firm McCurdy & Candler, L.L.C. sent Plaintiff a Notice of

Foreclosure Sale.  (Id. at 40.)

On July 17, 2009, Plaintiff filed in the Superior Court of DeKalb County,

2

Case 1:09-cv-02355-CAP    Document 58    Filed 01/05/11    Page 3 of 5

Georgia a document titled "Affidavit of Notice of Demand for Cease and Desist of Foreclosure Procedures." (Id. at 20.) In this document Plaintiff demanded that the defendants cease and desist all foreclosure procedures set for the Property. (Id. at 21.) Plaintiff also demanded that "all parties and associates named and unnamed . . . provide verification of their authority as agent, attorney, debt collector, lender, note holder, services, investor, trustee, attorney in fact, etc." (Id.) Plaintiff stated that this information was requested pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"). (Id.) Plaintiff also stated that failure to respond to his demand would constitute the defendants' agreement that they waive all claims against him. (Id. at 24.)

On July 29, 2009, Plaintiff filed an Emergency Petition for Temporary Restraining Order to Stop Foreclosure. (Id. at 3.) Plaintiff noted that none of the defendants had provided the verification he sought. (Id. at 4.) That same day, a DeKalb County Superior Court judge granted Plaintiff's petition for a temporary restraining order and restrained the defendants from proceeding with the scheduled foreclosure on the Property on August 4, 2009. (Id. at 50.)

On August 27, 2009, the defendants removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1.) Plaintiff filed a motion to remand (Doc. 9),

3

Case 1:09-cv-02335-CAP    Document 38    Filed 01/05/11    Page 4 of 9

which I denied (Doc. 13).    Subsequently, I denied Plaintiff's Motion for Reconsideration of Order on Motion to Remand to State Court (Doc. 15) and granted GMAC's Motion for Leave to File Dispositive Motion (Doc. 20).    (See Order, Doc. 21.)

GMAC filed its Motion for Judgment on the Pleadings (Doc. 22) on October 12, 2010, while DeMarlo filed its Motion for Judgment on the Pleadings (Doc. 16) earlier in the litigation on April 15, 2010.    Plaintiff filed his opposition to GMAC's motion on October 25, 2010 (Doc. 25), and simultaneously filed an Amended Complaint (Doc. 26).    Two days later, Plaintiff filed his untimely opposition to DeMarlo's motion. (Doc. 28.)    On November 24, 2010, GMAC filed its Motion to Strike Plaintiff's Amended Complaint (Doc. 31), to which DeMarlo filed a Notice of Joinder (Doc. 32) on December 9, 2010.    Plaintiff filed a response that objects to DeMarlo's Notice of Joinder as untimely.    (Doc. 36.)

## II.    Motions for Judgment on the Pleadings

Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.    Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1232-33 (11th Cir. 2005).    In ruling on a motion for judgment on

AO 72A
(Rev.8/8
2)

the pleadings, courts must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff. <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1359 (11th Cir. 2006).

Plaintiff's original complaint filed in state court brings claims under the FDCPA, the TILA, and Georgia law. (Doc. 1-1.) Defendants move for judgment on the pleadings against Plaintiff on the basis that he fails to state a claim against them. Specifically, the defendants argue that Plaintiff is not entitled to injunctive relief related to a foreclosure under Georgia law because he has not tendered the arrearages to the creditor, and there is no cause of action that exists for the defendants' alleged failure to produce an original copy of the promissory note prior to foreclosure. (Docs. 16 and 23.) GMAC also argues that Plaintiff's FDCPA and TILA claims fail because Plaintiff fails to specifically allege any violations of those statutes in his complaint, and any TILA claims are barred by the one-year statute of limitations. (Doc. 23.)

Plaintiff has filed what can be deemed, at best, a "shotgun complaint." As the Eleventh Circuit has stated, shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief." <u>Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.</u>, 162 F.3d 1290, 1333 (11th Cir. 1998). "Shotgun pleadings, if tolerated, harm the court by impeding its ability to

5

Case 1:09-cv-02355-CAP   Document 38   Filed 01/05/11   Page 6 of 9

administer justice." Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001). Plaintiff's complaint appears to be a form complaint, similar, if not identical, to others previously filed by borrowers against their lenders in this court (and in a number of other federal district courts across the country) in an admitted effort to forestall the foreclosure process.

While I have attempted to interpret Plaintiff's complaint leniently, I conclude that the complaint is utterly frivolous and lacks any legal foundation whatsoever. It would be a waste of limited judicial resources to delve into the voluminous (and nonsensical) allegations contained in Plaintiff's complaint. Plaintiff's formulaic and often incomprehensible allegations are replete with legal conclusions, non-sequiturs, and descriptions of alleged unlawful activities taken by unidentified parties (and non-parties).

To the extent Plaintiff's factual allegations can be discerned, they are far from sufficient to support any of the federal or state claims that Plaintiff has asserted against the defendants with regard to the loan transaction at issue in this case. Plaintiff's complaint fails to satisfy the rudimentary pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and, with respect to Plaintiff's fraud claims, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

6

AO 72A
(Rev.8/8
2)

Case 1:09-cv-02355-CAP   Document 38   Filed 01/05/11   Page 7 of 9

Consequently, I **RECOMMEND** that Defendants' motions for judgment on the pleadings be **GRANTED**.

### III.   <u>Motion to Strike Amended Complaint</u>

Defendants move to strike Plaintiff's Amended Complaint because he filed it after the 21-day period allowed under Rule 15 of the Federal Rules of Civil Procedure and without either the defendants' consent or leave of the Court.   (Doc. 31.) Additionally, the defendants urge the Court to deny Plaintiff leave to amend because (1) Plaintiff's late filing is unduly prejudicial, having come after all defendants have filed dispositive motions and after the close of discovery, and (2) the amended complaint is futile, as it is another shotgun complaint that fails to state a claim.  (<u>Id.</u>) Plaintiff opposes the motion to strike and urges the Court to grant him leave to file his Amended Complaint.  He asserts that there is no harm to the defendants and it includes FDCPA and TILA claims that were not part of his original complaint.  (Doc. 33.)

Rule 15 of the Federal Rules of Civil Procedure states in pertinent part:

**(1)  Amending as a Matter of Course.**  A party may amend its pleading once as a matter of course within:
**(A)** 21 days after serving it, or
**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
**(2)   Other Amendments.**  In all other cases, a party may amend its

7

> pleading only with the opposing party's written consent or the court's
> leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Plaintiff failed to comply with the requirements of Rule 15(a) in filing his
Amended Complaint.  Plaintiff filed his Amended Complaint (Doc. 26) more than
fourteen (14) months after he filed his original complaint, long after dispositive
motions have been filed, and over two months past the close of discovery.  Plaintiff did
not obtain Defendants' consent or leave of Court to file the Amended Complaint.
Additionally, Plaintiff has not shown good cause to excuse his delay in filing the
Amended Complaint or that justice requires leave to amend be given.  Plaintiff's
Amended Complaint alleges claims for violations of Georgia law, FDCPA, TILA,
mortgage fraud, bad faith, and quiet title/slander title.  (Doc. 26.)  Although Plaintiff
has recast some of his allegations from his original complaint, the substance of the
complaint is largely the same and again amounts to a "shotgun complaint" that would
be futile.  Accordingly, I **GRANT** GMAC's Motion to Strike Plaintiff's Amended
Complaint.

**IV.**   **Conclusion**

For the reasons discussed above, I **RECOMMEND** that Defendants' Motions

8

Case 1:09-cv-02355-CAP    Document 38    Filed 01/05/11    Page 9 of 9

for Judgment on Pleadings (Docs. 16 and 23) be **GRANTED**. I further **ORDER** that Defendants' Motion to Strike Plaintiff's Amended Complaint (Doc. 31) be **GRANTED**.

        **IT IS SO ORDERED AND RECOMMENDED** this 3rd day of January, 2011.

                         _Gerrilyn G. Brill_

                         GERRILYN G. BRILL
                         UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WEKESA O. MADZIMOYO, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:09-CV-02355-CAP-GGB |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., formerly known as The Bank of New York Trust Company, N.A., JP MORGAN CHASE BANK, NA, GMAC MORTGAGE, LLC, MCCURDY & CANDLER, L.L.C., and ANTHONY DEMARLO, Attorney, | |
| Defendants. | |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's LR 72. Let the same be filed and a copy, with a copy of this order, be served upon Plaintiff.

The parties may file written objections, if any, to the report and recommendation within fourteen days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing

the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED** this 3rd day of January, 2011.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/8
2)

**Exhibit D to Reyes Declaration**

12-12020-mg    Doc 7643-5    Filed 10/16/14    Entered 10/16/14 17:16:10    Exhibit 3 -
Declaration of Alexandria Reyes    Pg 36 of 56
Case 1:09-cv-02355-CAP    Document 42    Filed 02/01/11    Page 1 of 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WEKESA O. MADZIMOYO,

       Plaintiff,

     v.

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., et al.,

     Defendants.

CIVIL ACTION

NO. 1:09-CV-2355-CAP-GGB

**O R D E R**

This matter is currently before the court on the Final Report
and Recommendation of the Magistrate Judge [Doc. No. 38] dated
January 3, 2011. After carefully considering the Final Report and
Recommendation [Doc. No. 38] and the plaintiff's objection thereto
[Doc. No. 40], the court receives the Final Report and
Recommendation with approval and ADOPTS it as the opinion and order
of this court.

Because this court has granted judgment on the pleadings to
the defendants, summary judgment for the plaintiff is
inappropriate, and the plaintiff's motion for summary judgment
[Doc. No. 37] is DENIED. Similarly, the plaintiff's motion for
acceptance of the amended complaint [Doc. No. 37] is DENIED for the

reasons set out in the R&R regarding why the Magistrate Judge

struck the amended complaint [Doc. No. 38, pp. 7-8].

SO ORDERED, this <u>1st</u> day of February, 2011.


<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge

**Exhibit E to Reyes Declaration**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 07, 2011
JOHN LEY
CLERK

No. 11-10978
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-02355-CAP

WEKESA O. MADZIMOYO,

Plaintiff-Appellant,

versus

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
f.k.a. The Bank of New York Trust Company, N.A.,
JP MORGAN CHASE BANK, N.A.,
GMAC MORTGAGE, LLC,
MCCURDY & CANDLER, LLC,
ANTHONY DEMARLO, Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 7, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Wekesa Madzimoyo, proceeding *pro se*, appeals the district court's

judgment on the pleadings in favor of the defendants. Because we conclude that

the district court lacked removal jurisdiction, we vacate and remand.

In July 2009, Madzimoyo filed an emergency petition in state court seeking

a temporary restraining order (TRO) to stop foreclosure proceedings on his home

by defendants Bank of New York Mellon Trust Company, JP Morgan Chase Bank,

McCurdy & Candler, and attorney Anthony DeMarlo. According to the petition,

none of the defendants was the original lender and there was no evidence that the

original lender had transferred its rights to any defendant. In support of his

petition, Madzimoyo submitted correspondence sent to the defendants in which he

sought to verify their rights over the mortgage. Some of the correspondence

referenced the Fair Debt Collection Practice Act (FDCPA) and Regulation Z, the

Truth-in-Lending regulations. The state court issued the TRO and scheduled a

hearing on the petition to stop the foreclosure.

The day before the scheduled hearing in state court, the defendants removed

the petition to federal district court in the Northern District of Georgia, asserting

federal-question jurisdiction because Madzimoyo had alleged violations of the

FDCPA and Regulation Z. Madzimoyo moved to remand to state court, disputing

that he raised any basis for federal jurisdiction.

The magistrate judge denied the motion to remand, finding that Madzimoyo's petition raised federal questions under the FDCPA and Regulation Z. The defendants then moved for judgment on the pleadings. In a brief in support of the motion, the defendants argued that the FDCPA and Regulation Z claims failed because Madzimoyo had not alleged any violation of these statutes.

The magistrate judge recommended that the motion for judgment on the pleadings be granted. The district court adopted the recommendation, over Madzimoyo's objections, and granted judgment on the pleadings. This appeal followed.

On appeal, both parties address the merits of the order granting judgment on the pleadings, and there is no discussion of the district court's jurisdiction over Madzimoyo's action. Nevertheless, we are "obliged to notice any lack of jurisdiction regardless of whether the question is raised by the parties themselves." *Edge v. Sumter Cnty. Sch. Dist.*, 775 F.2d 1509, 1513 (11th Cir. 1985).

We review questions of subject-matter jurisdiction *de novo*. *Romero v. Drummond Co.,* 552 F.3d 1303, 1313 (11th Cir. 2008). We consider *sua sponte* whether the district court had removal jurisdiction. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1280 (11th Cir. 2005).

3

Under the removal statute:

Any civil action of which the district courts have original jurisdiction
founded on a claim or right arising under the Constitution, treaties or
laws of the United States shall be removable without regard to the
citizenship or residence of the parties. Any other such action shall be
removable only if none of the parties in interest properly joined and
served as defendants is a citizen of the State in which such action is
brought.

28 U.S.C. § 1441(b).  In other words, to be removable on federal-question

jurisdiction grounds, the case must arise under federal law.  *See Merrell Dow*

*Pharm. Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986).  The "well-pleaded"

complaint" rule instructs that a case does not arise under federal law unless a

federal question is presented on the face of the plaintiff's complaint.  *Id*. at 808;

*Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 11 (1983)).

A federal question is presented by the complaint when the suit relies on a

federal cause of action or where "the vindication of a right under state law

necessarily turned on some construction of federal law."  *See Merrell Dow*, 478

U.S. at 808.  Under this latter analysis, federal question jurisdiction should be

narrowly construed.  *See id*. at 810-14.  "[T]he mere presence of a federal issue in

a state cause of action does not automatically confer federal-question jurisdiction,"

even where the interpretation of federal law may constitute an element of the state

4

cause of action.  *Id*. at 813.  More recently, the Supreme Court fashioned another test for deciding whether federal courts should exercise federal question jurisdiction over removed state court proceedings: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court."  *Kemp*, 109 F.3d at 712.

Upon review of the record, we conclude that the district court should not have exercised federal-question jurisdiction upon the removal of this case. Although Madzimoyo's petition referenced federal laws in passing, none of his causes of action relied on even the interpretation of federal law.  Rather, Madzimoyo merely asserted that he requested his loan information from the mortgage companies in accordance with federal law to show that he had acted diligently and merited state relief.  Accordingly, we vacate the judgment of the district court and remand with instructions that the district court remand the proceeding to the state court.

**VACATED AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 07, 2011

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-10978-CC
Case Style: Wekesa Madzimoyo v. Bank of New York Mellon Trust, et al
District Court Docket No: 1:09-cv-02355-CAP

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered
pursuant to Rule 36 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 39, 40 and 41, and the
corresponding circuit rules govern costs and attorney's fees, petitions for rehearing, and mandate,
respectively.

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a
petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP
25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the
clerk's office within the time specified in the rules. The timing, format, and content of a motion for
attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a
complete list of all persons and entities listed on all certificates previously filed by any party in the
appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included
in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-6(k) and 40-1

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming
compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing
with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, each party bears their own costs on appeal.

For questions concerning the issuance of the decision of this court, please call the number referenced in
the signature block below. For all other questions, please call Brenda F. Wiegmann, CC at (404)
335-6174.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Nancy M. Gilman
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

## Exhibit F to Reyes Declaration

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

WEKESA O. MADZIMOYO,                          )
                                              )
         Plaintiff,                           )
                                              )
    v.                                        )        CIVIL ACTION FILE
                                              )        NO. 11CV9150-10
THE BANK OF NEW YORK                          )
MELLON TRUST COMPANY                          )
(NYBMT), NA., *et al.*,                       )
                                              )
         Defendants.                          )

## PROPOSED CONSENT ORDER

Plaintiff Wekesa Madzimoyo ("Plaintiff") and Defendants the Bank of New York Mellon

Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A. ("The Bank of New

York"), JP Morgan Chase Bank N.A. ("JP Morgan"), GMAC Mortgage, LLC ("GMAC") ,

McCurdy & Candler, LLC ("McCurdy"), and Anthony DeMarlo ("DeMarlo"), having reached an

agreement concerning the matters before this Court on March 12, 2012, it is hereby ORDERED as

follows:

(a) The Plea in Abatement and Motion to Dismiss with Supporting Brief filed by

     Defendants The Bank of New York, JP Morgan, and GMAC is hereby withdrawn;

(b) The Motion to Dismiss Complaint with Brief in Support filed by Defendants McCurdy

     and DeMarlo is hereby withdrawn;

(c) The Motion to Extend Discovery and to Compel Responses from Defendants filed by

     Plaintiff is hereby withdrawn;

(d) The instant action, civil action no. 11CV9150-10, is hereby consolidated into and with

     <u>Madzimoyo v. The Bank of New York Mellon Trust Company, et al.</u>, civil action no.

09CV9136-10, initiated by Plaintiff on July 29, 2009, and the undersigned shall preside

over the consolidated action.  The consolidated action shall bear the civil action file

no. 09CV9136-10;

(e)  The discovery period in the new, consolidated case shall close ninety (90) days from the

date of entry of this Order; and

(f)  Once consolidation of the two cases has been effected, the parties will submit a new

proposed scheduling order to the Court.


IT IS SO ORDERED this ___ day of __March__, 2012.

Tangela M. Barrie, Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit


**Consented to by:**

Wekesa O. Madzimoyo
Pro Se Plaintiff    _with express_
wekesa@gmail.com  _permission by_
852 Brafferton Place    _AJR_
Stone Mountain, GA 30083
(404) 201-2356

A. William Loeffler
Georgia Bar No. 755699
bill.loeffler@troutmansanders.com
Teah N. Glenn
Georgia Bar No. 430412
teah.glenn@troutmansanders.com
Alexandria J. Reyes
Georgia Bar No. 428936
alex.reyes@troutmansanders.com
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)

Counsel for Defendants
The Bank of New York Mellon Trust Company,
JPMorgan Chase Bank, and GMAC Mortgage,
LLC

_Frank R. Olson_

Frank R. Olson
Georgia Bar No. 553077        *with express permission by AJR*
folson@mccurdycandler.com
MCCURDY & CANDLER, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 373-1612

Counsel for Defendants McCurdy
& Candler, LLC and Anthony DeMarlo

Prepared by:
A. William Loeffler
Georgia Bar No. 755699
bill.loeffler@troutmansanders.com
Teah N. Glenn
Georgia Bar No. 430412
teah.glenn@troutmansanders.com
Alexandria J. Reyes
Georgia Bar No. 428936
alex.reyes@troutmansanders.com
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)
Counsel for Defendants
The Bank of New York Mellon Trust Company,
JPMorgan Chase Bank, and GMAC Mortgage. LLC

### Exhibit G to Reyes Declaration

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

WEKESA O. MADZIMOYO,            )
                                            )
         Plaintiff,             )
                                            )        CIVIL ACTION FILE
        v.                         )
                                            )        NO. 09-CV-9136-10
THE BANK OF NEW YORK MELLON TRUST   )
COMPANY (NYBMT), NA., formerly known as   )
THE BANK OF NEW YORK TRUST           )
COMPANY, N.A., JP MORGAN CHASE        )
BANK, N.A., GMAC MORTGAGE, LLC,      )
MCCURDY AND CANDLER, LLC, and       )
ANTHONY DEMARLO,                  )
                                            )
         Defendants.        )

## FINAL ORDER AND JUDGMENT

Plaintiff filed this action to halt a non-judicial foreclosure sale of his residence in 2009.

After removal to federal court, followed by remand to this Court and a bankruptcy filing by one

of the defendants, the case is now ripe for a dispositive motion.  On October 28, 2013,

Defendants The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon"), JP Morgan

Chase Bank N.A. ("JP Morgan"), and GMAC Mortgage, LLC ("GMACM"; together with BNY

Mellon and JP Morgan, the "Bank Defendants") filed a motion for judgment on the pleadings

(the "Bank Defendants' Motion"), in which Defendants McCurdy and Candler, LLC

("McCurdy") and Anthony DeMarlo ("DeMarlo"; together with McCurdy, the "McCurdy

Defendants") have joined (all defendants are collectively referred to herein as "Defendants").[1]

The Court held hearings on all pending motions on February 10 and April 23, 2014.  Based on

the arguments and representations of the parties and a review of the pleadings, the Bank

---

[1] On December 13, 2013, the McCurdy Defendants also filed a motion to dismiss DeMarlo from
this action pursuant to O.C.G.A. § 9-11-26(b)(5), which motion is hereby GRANTED due to
Plaintiff's failure to effect service on DeMarlo.

Defendants' Motion is hereby GRANTED. The Court makes the following findings of fact and conclusions of law.

On March 23, 1999, Plaintiff obtained a residential mortgage loan (the "Loan") from FT Mortgage Companies d/b/a Equibanc Mortgage Corporation. Plaintiff executed a promissory note (the "Note") and a security deed (the "Security Deed"). The Security Deed grants the holder a security interest in the real property located at 852 Brafferton Place, Stone Mountain, Georgia 30083 (the "Property"). The Security Deed is assignable and contains a power of sale. BNY Mellon is the current holder of the Security Deed by assignment.

In 2009 the servicer retained McCurdy to initiate non-judicial foreclosure proceedings. McCurdy has noticed sale dates for August 4, 2009, April 5, 2011, and September 6, 2011, each of which was ultimately cancelled. Plaintiff filed this action on July 29, 2009, to halt the first scheduled sale.[2] Following reopening of the case on August 29, 2013, Defendants moved for judgment on the pleadings based on the allegations and claims asserted in Plaintiff's Consolidated and Amended Complaint, filed May 1, 2012 (the "Amended Complaint"). On April 22, 2014 – one day before the second hearing on Defendants' Motion – Plaintiff filed his Second Amended Complaint (the "Second Amended Complaint").

---

[2] On August 27, 2009, Defendants removed the action to the U.S. District Court for the Northern District of Georgia, Atlanta Division, No. 1:09-CV-02355-CAP, which remanded the action to this Court on jurisdictional grounds on October 19, 2011. In 2011 while this action was pending in federal court, Plaintiff filed another wrongful foreclosure action in this Court against these Defendants, Civil Action File No. 11-CV-9150-10. Upon remand, the Court consolidated the two actions under the instant civil action file number on March 26, 2012. On June 4, 2012, GMACM filed a Notice of Bankruptcy asserting that all claims for monetary relief against GMACM are stayed as a result of its chapter 11 bankruptcy filing in the U.S. Bankruptcy Court for the Southern District of New York. On June 15, 2012, the Court stayed the case pending resolution of GMACM's bankruptcy proceeding. On May 20, 2013, GMACM filed an Amended Notice of Bankruptcy asserting that all claims for monetary relief against GMACM remain stayed but that non-monetary claims concerning the Property could proceed. The Court granted the Bank Defendants' motion to reopen the case on August 29, 2013.

The Amended Complaint and the Second Amended Complaint are largely identical.
Both pleadings allege that certain assignments of the Security Deed were fraudulently executed,
or "robo-signed," and that multiple assignments of the Note have extinguished the Loan as a
result of the "one satisfaction" rule. Plaintiff also focused on these theories at the hearings on the
Bank Defendants' Motion. The pleadings enumerate counts for wrongful foreclosure, bad faith,
fraud, quiet title, slander of title, emotional damages, punitive damages, litigation fees and costs.
For relief Plaintiff seeks (1) damages for past foreclosure attempts, (2) a declaratory judgment
stating that Defendants have no standing or interest in the Note or Security Deed to proceed with
foreclosure, and (3) injunctive relief in the form of a quiet title action awarding title to the
Property to Plaintiff.

Defendants are entitled to judgment on the pleadings.[3]  Plaintiff admits that an
assignment has been recorded in favor of BNY Mellon. As a non-party to that contract, Plaintiff
lacks standing to challenge its validity, even based on allegations of fraud, as Plaintiff here
asserts. *See Montgomery v. Bank of Am.*, 321 Ga. App. 343 (2013). As the deed holder, BNY
Mellon is the "secured creditor" entitled to exercise the power of sale under Georgia law. *See
You v. JPMorgan Chase Bank, N.A.*, 293 Ga. 67 (2013).

Plaintiff's "one satisfaction" theory concerning the Note has no merit. First, under *You*,
BNY Mellon is entitled to foreclose without regard to the identity of the note holder. *See id.* at
74. Second, Plaintiff points to no authority prohibiting assignment of the Note, which is freely
assignable absent some provision to the contrary, which Plaintiff does not allege. *See Corbin v.
Regions Bank*, 258 Ga. App. 490, 493 (2002). Third, Plaintiff's contention that multiple
assignments of the Note have somehow paid off his mortgage Loan is contrary to Georgia law.

---

[3] Accordingly, Plaintiff's "Amended Motion to Compel Responses by Defendants; Motion for
Sanctions and Request for Hearing," filed December 2, 2013, is hereby DENIED as moot.

*See* generally O.C.G.A. § 11-3-301 *et seq.*  In short, Plaintiff's own allegations show that the Loan remains outstanding and that BNY Mellon is entitled to exercise the Security Deed's the power of sale upon his default.

Plaintiff's individual claims fail for the following additional reasons.  Plaintiff cannot state a claim for wrongful foreclosure because no foreclosure has occurred.  *See, e.g., Hay v. Bank of Am.*, No. 1:12-CV-01596-RWS, 2013 U.S. Dist. LEXIS 49052, *8-9 (N.D. Ga. Mar. 29, 2013).  Plaintiff fails to state a claim for wrongful attempted foreclosure because he fails to allege "a knowing and intentional publication of untrue and derogatory information concerning [his] financial condition, and that damages were sustained as a direct result of this publication." *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319 (1984).

Plaintiff's claims for fraud and "bad faith" claims fail for lack of every element.[4]  In relation to prior foreclosure notices and the chain of assignments, Plaintiff fails to show how any alleged false statement involved "scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by [the] plaintiff, and damage to [P]laintiff." *Johnson v. Rodier*, 242 Ga. App. 496 (2000).  As such, Plaintiff has failed to plead fraud with particularity.  *See Fairfax v. Wells Fargo Bank, N.A.*, 312 Ga. App. 171 (2011); *see also* O.C.G.A. § 9-11-9(b).

Plaintiff cannot state a claim for emotional distress because he has failed to show a breach involving intentional or reckless conduct.  *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481 (2001).  In point of fact, Plaintiff's allegations show that BNY Mellon has merely sought to exercise its contractual rights in the Property.

Plaintiff cannot state a quiet title claim because his own allegations show that BNY Mellon holds record title.  *See, e.g., Connolly v. State*, 199 Ga. App. 887 (1991).  Therefore, he lacks

---

[4] Plaintiff has offered no authority establishing a claim for "bad faith" under Georgia law.

standing to bring a quiet title action. *Smith v. Ga. Kaolin Co., Inc.,* 269 Ga. 475 (1998).

Furthermore, he has failed to comply with the procedural requirements for filing such an action,

including attaching a plat of survey to the petition. *See Mann v. Blalock*, 286 Ga. 541 (2010).

Moreover, courts in Georgia have explicitly rejected quiet title claims based on mortgage

securitization allegations. *See, e.g., Davis v. Bank of Am., N.A.*, No. 1:11-cv-04552-JEC-RGV,

2012 U.S. Dist. LEXIS 128287, *27 (N.D. Ga. May 17, 2012); *Demilio v. Citizens Home Loans,*

*Inc.*, No. 3:12-CV-81 (CAR), 2013 U.S. Dist. LEXIS 11469, *11-12 (M.D. Ga. Jan. 29, 2013).

Plaintiff fails to state a claim for slander of title because he has not alleged that

Defendants published slanderous words that were malicious and caused special damages. *See*

*Latson v. Boaz*, 278 Ga. 113, 114 (2004).

Plaintiff is barred from all equitable relief in relation to the Loan because he has

admittedly not tendered the amounts due under the Loan. *See, e.g., Hill v. Filsoof,* 274 Ga. App.

474 (2005); *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848 (2003).

As to declaratory relief, there is no controversy that a declaratory judgment could resolve,

as Plaintiff's Loan remains valid and BNY Mellon is the "secured creditor" under Georgia law.

Therefore, Plaintiff is not entitled to a declaratory judgment. *See Barksdale v. DeKalb County*,

254 Ga. App. 7 (2002).

As to all claims against McCurdy acting as foreclosure counsel, Plaintiff does not allege

facts establishing an independent duty to Plaintiff. *See McCalla, Raymer, Padrick, Nichols &*

*Clark, L.L.C. v. C.I.T. Fin. Servs., Inc.*, 235 Ga. App. 95 (1998); *McCarter v. Bankers Trust Co.,*

247 Ga. App. 129 (2000).

Plaintiff's derivative claims for punitive damages and litigation fees and costs because his

substantive claims fail. *See Moore-Sapp Investors v. Richards*, 240 Ga. App. 798 (1999);

*Durham v. Mooney*, 234 Ga. App. 772 (1998). In addition, as a *pro se* litigant, Plaintiff is not entitled to attorney's fees. *See Jarallah v. Am. Culinary Fed., Inc.*, 242 Ga. App. 595 (2000).

Finally, on May 1, 2014, Plaintiff filed a motion to join four new defendants to this action: Ocwen Loan Services, LLC, HLSS Holdings, LLC, Home Loan Servicing Solutions, LLC, and Berkshire Hathaway. Plaintiff asserts that all or some of these entities have acquired GMACM's assets following its chapter 11 bankruptcy. Plaintiff's Second Amended Complaint also includes these parties in the case caption and certificate of service. As set forth above, Georgia law provides no cause of action against any party based on Plaintiff's allegations. Therefore, granting Plaintiff leave to add these new defendants would be futile and instead serve only to prejudice these additional parties. *See Aircraft Radio Systems, Inc. v. Von Schlegell*, 168 Ga. App. 109 (1983). Accordingly, Plaintiff's motion to join these new parties as defendants is hereby DENIED.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Add Defendants is DENIED in its entirety, that the Bank Defendants' Motion for Judgment on the Pleadings is GRANTED in its entirety, that judgment be entered in favor of all Defendants and against Plaintiff on all claims asserted herein, that Plaintiff's Consolidated and Amended Complaint and Plaintiff's Second Amended Complaint be DISMISSED with prejudice, and that the parties shall bear their own attorney's fees and costs in connection with this case.

IT IS SO ORDERED this 5 day of _____, 2014.

Tangela M. Barrie, Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit

**Order prepared and presented by:**

Alexandria J. Reyes
Georgia Bar No. 428936
*alex.reyes@troutmansanders.com*
Mark J. Windham
Georgia Bar No. 113194
*mark.windham@troutmansanders.com*
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)
*Counsel for Defendants The Bank of New York Mellon Trust Company,*
*JPMorgan Chase Bank, and GMAC Mortgage, LLC*

Frank R. Olson
Georgia Bar No. 553077
*folson@mccurdycandler.com*
MCCURDY & CANDLER, LLC
3525 Piedmont Rd., N.E.
Bldg. 6, Suite 700
Atlanta, GA 30305
(404) 373-1612
(404) 373-2471 (fax)
*Counsel for Defendants McCurdy and Candler, LLC and Anthony DeMarlo*