## **Exhibit 4**

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 5800 FILED**
**BY WEKESA MADZIMOYO**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am a partner in the law firm of Morrison & Foerster LLP ("M&F"). M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 250 West 55th Street, New York, New York 10019. I am an attorney duly admitted to practice before this Court and the courts of the State of New York. By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Debtors,[1] and subsequent to the effectiveness of the confirmed Plan, M&F has been engaged by the Borrower Trust.

2. I submit this declaration (the "Declaration") in support of the *ResCap Borrower*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

ny-1159835

*Claims Trust's Objection to Claim No. 5800 Filed by Wekesa Madzimoyo* (the "Objection") and in compliance with this Court's Order entered on March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objection Procedures Order").

3.   It is my understanding that in connection with the filing of the Objection, prior to the Effective Date of the Plan, the Debtors complied with the Borrower Claim Procedures. I have been advised by M&F attorneys under my supervision that, prior to the Plan's Effective Date, in accordance with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors' personnel mailed a request letter to Wekesa Madzimoyo ("Madzimoyo") to request additional supporting documentation and explanation in support of claim number 5800 (the "Madzimoyo Claim"). I am further advised that the Debtors conferred with SilvermanAcampora LLP then acting as Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") in drafting the request letter and provided Special Counsel with copies of the request letter sent to the Madzimoyo.

4.   Except as otherwise set forth herein, to the best of my knowledge, prior to the filing of the Objection, the Debtors and the Borrower Trust fully complied with all other relevant terms of the Claims Objection Procedures.[2]

---

[2]   The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel. As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.). Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Borrower Trust did not consult with Special Counsel prior to filing the Objection.

ny-1159835

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on October 16, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum